# BELL, McANDREWS & HILTACHK, LLP
Attorneys and Counselors at Law

455 CAPITOL MALL, SUITE 600
SACRAMENTO, CA 95814

(916) 442-7757
FAX (916) 442-7759

August 14, 2020

Via email dissolution@doj.ca.gov

California Attorney General's Office
Registry of Charitable Trusts
ATTN: Dissolution Program
1300 I Street
Sacramento, CA 95814

      RE:    Up from the Ashes (Corp. No. 4140559)
                Request for Waiver of Objections to Dissolution

Dear Sir or Madame:

      All Members of the Board of Directors of the above-referenced corporation have elected to dissolve the corporation. The corporation requests the Attorney General issue a Waiver of Objections to the dissolution.

      The corporation has $6,569.45 remaining after satisfying its known debts and liabilities, and requests a Waiver of Objections as to its proposal to distribute the full amount of the funds to the following organization, which is consistent with the corporation's Articles and Bylaws:

| | |
|---|---|
| United Policyholders | Corporate Number C1521679 |
| 381 Bush Street, 8th Floor | RCT Number 084806 |
| San Francisco, CA 94104 | EIN 94-3162024 |
| Phone (415) 393-3990 | Email info@uphelp.org |

To enable you to issue the Waiver of Objections, enclosed please find the following:

- copy of the Certificate of Dissolution
- IRS Form 990 for the last three accounting periods
- financial statement and balance sheet for the current accounting period

A filed copy of the Certificate of Dissolution will be submitted after it is processed by the Secretary of State.

      Please don't hesitate to contact me if any additional information is needed to complete the dissolution process.

Very truly yours,

*[signature]*

Ashlee N. Titus, Attorney/Agent



# Secretary of State
# Nonprofit Certificate of Dissolution
(California Nonprofit Corporation ONLY)

**DISS NP**

**IMPORTANT — Read Instructions before completing this form.**

There is **No Fee** for filing a Nonprofit Certificate of Dissolution

**Copy Fees** – First page $1.00; each attachment page $0.50; Certification Fee - $5.00 plus copy fees

**Attorney General Letter:** All nonprofit **public benefit** and **religious** nonprofit corporations are required to get a letter from the California Attorney General's office waiving objections to the nonprofit corporation's distribution of assets, or confirming the nonprofit corporation has no assets. If your corporation is a public benefit or religious corporation, you **must** attach that letter to this Nonprofit Certificate of Dissolution (see instructions).

**This Space For Office Use Only**

**1. Corporate Name** (Enter the exact name of the nonprofit corporation as it is recorded with the California Secretary of State.)

Up from the Ashes

**2. 7-Digit Secretary of State File Number**

4140559

**3. Election**

[✓] The dissolution was made by a vote of **ALL** of the members, or if there are no members, by a vote of **ALL** of the directors of the California nonprofit corporation.

Note: If the above box is **not** checked, a **Nonprofit Certificate of Election to Wind Up and Dissolve** (Form ELEC NP) must be filed prior to or together with this Nonprofit Certificate of Dissolution. (California Corporations Code sections 6611, 8611, 9680 and 12631.)

**4. Debts and Liabilities** (Check the applicable statement. Only **one box** may be checked. If second box is checked, you must include the required information in an attachment.)

[✓] The known debts and liabilities have been actually paid or paid as far as its assets permitted.

[ ] The known debts and liabilities have been adequately provided for in full or as far as its assets permitted by their assumption. Included in the **attachment** to this certificate, incorporated herein by this reference, is a description of the provisions made and the name and address of the person, corporation or government agency that has assumed or guaranteed the payment, or the depository institution with which deposit has been made.

[ ] The nonprofit corporation never incurred any known debts or liabilities.

**5. Required Statements** (Do not alter the Required Statements – ALL must be true to file Form DISS NP.)

a. The nonprofit corporation has been completely wound up and is dissolved.
b. All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.
c. For Mutual Benefit or General Cooperative Corporations ONLY: The known assets have been distributed to the persons entitled thereto or the nonprofit corporation acquired no known assets.

**6. Read, Verify, Date and Sign Below** (See Instructions for signature requirements. Do not use a computer generated signature.)

The undersigned is the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

| Date | Signature | See Attachment<br>Type or Print Name |
|---|---|---|
| Date | Signature | Type or Print Name |
| Date | Signature | Type or Print Name |

ATTACHMENT TO

NONPROFIT CERTIFICATE OF DISSOLUTION

Up from the Ashes

VERIFICATION & EXECUTION

I declare under penalty of perjury under the laws of the State of California that the matters set forth in the certificate are true and correct of my own knowledge.

| August 6, 2020 | *(signature)* | Michael Kelly |
|---|---|---|
| Date | Signature | Type or Print Name |

ATTACHMENT TO

NONPROFIT CERTIFICATE OF DISSOLUTION

Up from the Ashes

VERIFICATION & EXECUTION

I declare under penalty of perjury under the laws of the State of California that the matters set forth in the certificate are true and correct of my own knowledge.

AUG 6 2020
Date

Signature

Frank Pitre
Type or Print Name

## ATTACHMENT TO

## NONPROFIT CERTIFICATE OF DISSOLUTION

Up from the Ashes

## VERIFICATION & EXECUTION

I declare under penalty of perjury under the laws of the State of California that the matters set forth in the certificate are true and correct of my own knowledge.

8/6/2020
Date

Signature

Steve Campora
Type or Print Name

Up from the Ashes
FINANCIAL SUMMARY
Ending August 2020

|  | August | YTD |
|---|---|---|
| **Beginning Cash on Hand** | $8,116.17 | $43,775.44 |
| **INCOME:** | | |
| Contributions and Grants Received | $0.00 | $0.00 |
| Membership and Dues | $0.00 | $0.00 |
| In-Kind Contributions Received | $0.00 | $0.00 |
| Program Service Revenue | $0.00 | $0.00 |
| Investment Income | $0.00 | $0.00 |
| Other Revenue | $0.00 | $0.00 |
| **Total Income:** | $0.00 | $0.00 |
| **EXPENDITURES:** | | |
| 1 Grants and Similar Amounts Paid | $0.00 | $0.00 |
| 2 Benefits Paid To or For Members | $0.00 | $0.00 |
| 3 Salaries, Other Compensation, Employee Benefits | $0.00 | $0.00 |
| 4 Fees for Services | $0.00 | $0.00 |
| 4.1 Management | $0.00 | $0.00 |
| 4.2 Legal | $1,546.72 | $6,124.99 |
| 4.3 Accounting | $0.00 | $1,000.00 |
| 4.4 Lobbying | $0.00 | $30,000.00 |
| 4.5 Professional Fundraising Services | $0.00 | $0.00 |
| 4.6 Other | $0.00 | $0.00 |
| 5 Advertising and Promotion | $0.00 | $0.00 |
| 6 Office Expenses | $0.00 | $81.00 |
| 7 Information Technology | $0.00 | $0.00 |
| 8 Travel | $0.00 | $0.00 |
| 9 Payments of Travel/Entertainment Expenses for Any Public Officials | $0.00 | $0.00 |
| 10 Conferences, Conventions, and Meetings | $0.00 | $0.00 |
| 11 Insurance | $0.00 | $0.00 |
| 12 Other Expenses | $0.00 | $0.00 |
| 12.1 Campaign Paraphernalia | $0.00 | $0.00 |
| 12.2 Postage and Shipping | $0.00 | $0.00 |
| 12.3 Literature | $0.00 | $0.00 |
| 12.4 Phone Banks | $0.00 | $0.00 |
| 12.5 Polling and Survey Research | $0.00 | $0.00 |
| **Total Expenses:** | $1,546.72 | $37,205.99 |
| **ADJUSTMENTS:** | | |
| Accounts Payable | $0.00 | $0.00 |
| Bank Service Charges | $0.00 | $0.00 |
| Transfer | $0.00 | $0.00 |
| Voided Checks - Prior Period | $0.00 | $0.00 |
| **Ending Cash on Hand as of 08/31/20** | $6,569.45 | $6,569.45 |
| **ASSETS** | | |
| Checking Account | $6,569.45 | |
| Money Market Account | $0.00 | |
| **Total Assets:** | $6,569.45 | |
| **LIABILITIES** | | |
| Accounts Payable | $0.00 | |
| Loans Outstanding | $0.00 | |
| **Total Liabilities:** | $0.00 | |

# Up from the Ashes
# Transaction Detail by Account
### January 1 through August 14, 2020

| Date | Num | Name | Memo | Account | Amount |
|---|---|---|---|---|---:|
| **Income** | | | | | |
| **Expense** | | | | | |
| **4-Fees for Services** | | | | | |
| 01/13/2020 | 10084 | Bell, McAndrews & ... | 2793.01 - Oct... | 4-Fees for Services | 1,046.52 |
| 03/12/2020 | 10086 | Bell, McAndrews & ... | 2793.01 - Ja... | 4-Fees for Services | 1,348.95 |
| 04/10/2020 | 10088 | Bell, McAndrews & ... | 2793.01 - Ma... | 4-Fees for Services | 400.86 |
| 05/11/2020 | 10091 | Bell, McAndrews & ... | 2793.01 - Apr... | 4-Fees for Services | 684.93 |
| 06/10/2020 | 10092 | Bell, McAndrews & ... | 2793.01 - Ma... | 4-Fees for Services | 398.31 |
| 07/10/2020 | 10094 | Bell, McAndrews & ... | 2793.01 - Ju... | 4-Fees for Services | 698.70 |
| 08/14/2020 | 10096 | Bell, McAndrews & ... | 2793.01 - Jul... | 4-Fees for Services | 546.72 |
| 08/14/2020 | 10097 | Bell, McAndrews & ... | 2793.01 - Cli... | 4-Fees for Services | 1,000.00 |
| **Total 4-Fees for Services** | | | | | 6,124.99 |
| **4.3-Accounting** | | | | | |
| 06/15/2020 | 10093 | John Waddell & Co.... | Client No. 84... | 4.3-Accounting | 1,000.00 |
| **Total 4.3-Accounting** | | | | | 1,000.00 |
| **4.4-Lobbying** | | | | | |
| 01/07/2020 | 10083 | McCallum Group, Inc. | Invoices 102... | 4.4-Lobbying | 23,000.00 |
| 03/04/2020 | 10085 | McCallum Group, Inc. | Invoices 103... | 4.4-Lobbying | 7,000.00 |
| 07/28/2020 | 10083 | McCallum Group, Inc. | VOID - CHE... | 4.4-Lobbying | -23,000.00 |
| 07/28/2020 | 10095 | McCallum Group, Inc. | Check Re-Iss... | 4.4-Lobbying | 23,000.00 |
| **Total 4.4-Lobbying** | | | | | 30,000.00 |
| **6-Office Expenses** | | | | | |
| 03/23/2020 | 10087 | Secretary of State | C4140559 - ... | 6-Office Expenses | 21.00 |
| 05/04/2020 | 10089 | Franchise Tax Board | Filing Fee - E... | 6-Office Expenses | 10.00 |
| 05/04/2020 | 10090 | Attorney General's ... | Filing Fee - E... | 6-Office Expenses | 50.00 |
| **Total 6-Office Expenses** | | | | | 81.00 |
| **Total Expense** | | | | | 37,205.99 |
| **Net Income** | | | | | **-37,205.99** |

**ATTACHMENT E**

# COMPLAINT AND REQUEST FOR INVESTIGATION OF VIOLATIONS OF THE POLITICAL REFORM ACT

The International Brotherhood of Electrical Workers Local # 1245 hereby files this Complaint against Up from the Ashes and unknown persons for violations of the Political Reform Act.

Up from the Ashes (UFTA) is a front organization created to conceal the identities of law firms who do not want the public to know they are paying a lobbyist to persuade the government to preserve billions of dollars in legal fees. This deprives the public of their right under California law to know who is paying to influence their government so they can evaluate those efforts and the behavior of their government. We urge the FPPC to enforce the law and vindicate the public's rights by investigating UFTA and its backers, and compelling those behind it to disclose their identities.

## BACKGROUND

UFTA was registered on April 11, 2018 with the California Secretary of State as a California nonprofit organization. (See Exhibit 1.) A lobbyist then disclosed that—on that very same day—he began lobbying on behalf UFTA and that its address is 650 California Street, 6th Floor, in San Francisco. (See Exhibit 2.) UFTA's San Francisco address is also the address of the person it disclosed as its 'responsible officer,' Frank Pitre.

Mr. Pitre is a trial lawyer with the firm of Cotchett, Pitre & McCarthy, LLP. He is a past President of the Consumer Attorneys of California (CAOC), an association of plaintiff's attorneys, and his firm is currently identified as a "Benefactor" of the CAOC's "President's Club." Mr. Pitre's biography on his firm website also states that he was "appointed as Co-Lead Counsel on behalf of the victims of the North Bay Wild Fires." (https://www.cpmlegal.com/attorneys-Frank-Pitre.html.) On April 30, 2018, on a segment of the 10:00 p.m. news on KTVU2, Mr. Pitre attacked PG&E for lobbying the California government with regard to its potential liability for damage caused by fires in the future.

Patrick McCallum of the McCallum Group, a lobbyist who is also a victim of the North Bay fires, has begun a campaign to influence California's government to advance the trial lawyers' interests. Although Mr. McCallum's personal experience during the fires deserves sympathy, it does not give him license to help Mr. Pitre and UFTA's other backers deceive the people of California and violate the law. And yet, from its inception, Mr. McCallum's lobbying campaign

on behalf of UFTA has included explicit efforts to misinform the public about the nature of UFTA.

On April 12, the day after UFTA registered itself as a nonprofit corporation with the Secretary of State, McCallum falsely claimed in an opinion piece published by the Sacramento Bee that UFTA is "a coalition of wine country fire victims." Patrick McCallum, *If PG&E started the wine country fires, they should pay. Don't blame climate change*, SACRAMENTO BEE (April 12, 2018) http://www.sacbee.com/opinion/california-forum/article208662829.html. On April 26, McCallum was quoted in an article about insurance claims arising from the North Bay fires published by Fox KTVU. http://www.ktvu.com/news/wine-country-insurance-wars-the-clock-is-ticking. In the article, he deceptively omits the fact he is a lobbyist for UFTA and instead identifies himself as merely a higher education lobbyist. He mentions UFTA, but only to falsely describe it as a group "created by [fire] victims."

McCallum subsequently testified on behalf of UFTA before the Senate Standing Committee on Energy, Utilities and Communications on April 18th, before the Senate Standing Committee on Governmental Organization on April 23rd, and before the Senate Standing Committee on Insurance on April 25th. As with his other public statements, during his testimony on behalf of UFTA, Mr. McCollum claimed that he represented "a coalition of the thousands of fire victims of the recent fires."

As UFTA's paid lobbyist, Mr. McCallum's claims about the nature of the UFTA and the interests it serves are betrayed by the fact that, the day before the Sacramento Bee published his commentary on April 12, he wrote in an email that he was "hired by a group funded by the consumer attorneys . . . The name of the group is Up From the Ashes." Email from Patrick McCollum (April 11, 2018) (Exhibit 3). Indeed, an Amendment to Registration Statement filed by Mr. McCallum on April 12, 2018, included a lobbying a Lobbying Firm Activity Authorization signed by Frank Pitre himself that states that UFTA is in fact a group "with a common economic interest which is principally represented or from which membership or financial support is principally derived" and that interest group is a "[g]roup of individual Law Firms." (Exhibit 4.)

The public has a right to determine if UFTA is nothing more than a means for a group of trial lawyers to profit off of the tragic fires, one part of a public misinformation campaign conducted while hiding their identities behind UFTA. Or if its lobbyist is publicly and repeatedly misrepresenting the nature of the

group he serves.  Only the FPPC has the authority to determine whether UFTA's advocacy or its filings are accurate, because both cannot be.

## LEGAL ANALYSIS

Trial lawyers are paying a seasoned lobbyist to wage an influence campaign on their behalf and using UFTA as a front company to conceal their involvement while their lobbyist publicly misrepresents the nature of that front company as an association of fire victims.  At the close of the next quarter, those law firms must either identify themselves and disclose their conduit payments through UFTA to Mr. McCallum, or the FPPC should compel Mr. McCallum to disclose his true clients and their interests pursuant to Cal. Gov't Code § 86104(d).

Contract lobbyists like Mr. McCallum must register as lobbyists if they are paid or promised $2,000 to lobby in a calendar month.  (2 Cal. Code Regs. § 8239(b).)  Mr. McCallum registered as a lobbyist for UFTA.  When hired by a person, a lobbyist's registration must include the full name, business address, and telephone number of the person employing the lobbyist and "[i]nformation sufficient to identify the nature and interests of the person[.]"  (Cal. Gov't Code § 86104(d).)

Here, Mr. McCallum's registration statement disclosed he represented UFTA but the written authorization for his work was signed by Frank Pitre—as noted above the past President of the Consumer Attorneys of California and Co-Lead Counsel for victims of the North Bay Wild Fires.  In fact, instead of stating that UFTA was a coalition OF wild fire victims, as Mr. McCallum does during his lobbying efforts, Mr. Pitre's authorization for Mr. McCollum's advocacy states that UFTA is a coalition FOR victims of wild fires and, further, that the interest "principally represented or from which membership or financial support [of UFTA] is principally derived" is actually a "[g]roup of individual law firms."

Consequently, either UFTA is publicly misrepresenting itself as a group *of fire victims* when in fact it is *a group of trial lawyers*—or the documents filed by UFTA regarding its nature and interests are inaccurate.  Moreover, if UFTA is a group of trial lawyers "principally represented or from which membership or financial support is principally derived," then the statement of its nature and purpose ("Coalition for victims of California wild fires") on its Lobbying Firm Activity Authorization is also of doubtful accuracy.

UFTA's lobbying authorization form begs the question as to whether the actual clients, or "lobbyist employers" under California Government Code § 82039.5, are the mysterious group of law firms purportedly shielded from view by the creation of a sham organization. If the law firms number ten or more, they could have qualified and registered as a lobbying coalition. (2 Cal. Code Regs. § 18616.4) Members of a lobbying coalition, are required to also disclose the names and addresses of each member and the amount they paid to the coalition. California Government Code § 18616.4(b). If the law firms are not a lobbying coalition, or number fewer than ten, then <u>each</u> must authorize the lobbying firm as a lobbyist employer. UFTA's authorization of McCallum to lobby on its behalf indicates that it is NOT a lobbying coalition. Accordingly, all of the law firms should have filed Lobbying Firm Activity Authorizations (Form 602).

The circumstances will certainly be clarified after the close of the current quarter because California Government Code § 86115 states that "[a]ny person who <u>directly or indirectly</u> makes payments to influence legislative or administrative action of five thousand dollars ($5,000) or more in value in any calendar quarter" must file reports required by California Government Code § 86116 (underscoring added). Payments triggering this reporting obligation include:

(a) Direct or indirect payment to a lobbyist . . . by a person employing or contracting for the services of the lobbyist separately or jointly with other persons;

(b) Payment in support or assistance of a lobbyist or his activities, including but not limited to the direct payment of expenses incurred at the request or suggestion of the lobbyist;

California Government Code § 82045. Persons who trigger this reporting obligation must disclose:

(a) Their name, business address, and telephone number of the lobbyist employer or other person filing the report.

(b) The total amount of payments to each lobbying firm.

(c) The total amount of all payments to lobbyists employed by the filer.

(d) A description of the specific lobbying interests of the filer.

(e) A periodic report completed and verified by each lobbyist employed by a lobbyist employer pursuant to Section 86113.

(f) Each activity expense of the filer. A total of all activity expenses of the filer shall be included.

(g) The date, amount, and the name of the recipient of any contribution of one hundred dollars ($100) or more made by the filer to an elected state officer, a state candidate, or a committee controlled by an elected state officer or state candidate, or a committee primarily formed to support the officer or candidate. If this contribution is reported by the filer or by a committee sponsored by the filer in a campaign statement filed pursuant to Chapter 4 which is required to be filed with the Secretary of State, the filer may report only the name of the committee, and the identification number of the committee.

(h) . . . the total of all other payments to influence legislative or administrative action including overhead expenses[.]

California Government Code § 86116.

These lobbying disclosure requirements prevent lobbyists from "[a]ttempt[ing] to create a fictitious appearance of public favor or disfavor of any proposed legislative or administrative action . . ." California Government Code § 86205(d).

## CONCLUSION

Unknown law firms seeking to influence the people and government of California have concocted UFTA as a front organization to conceal themselves from the public scrutiny the law was designed to enable. In recent years the FPPC has laudably acted to reveal "shadow lobbying" by unregistered consultants and undisclosed entertainment. In the context of campaigns, the FPPC has long made disclosure of the true source of funding of political spending its top priority. By requiring Up from the Ashes to fully disclose the identity of the trial lawyers purporting to be a group of fire victims and the true source of its funding, or forcing UFTA to disavow the misrepresentations made in the course of its lobbying, the FPPC will help the public understand and evaluate the driving force behind the organization's messages.





7/7/19

## Wildfire Legislative Talking Points A

We are here today to ask the Legislature to take action and support AB 1054 to help prevent future tragedies, and provide protections for future wildfire victims.

As we know all too well, when a devastating wildfire strikes a community, it is all consuming, requiring a full scale response that lasts years.

(Share personal impact of wildfire and recovery on family, community)

AB 1054 is an important step in creating a safer California and helping to prevent future fires.

AB 1054 imposes strict new safety and accountability standards to avoid future wildfires.

This bill will help to speed resolution for current wildfire victims — so they can finally begin rebuilding their lives.

California can't afford to wait, we as wildfire victims urge the Legislature to pass AB 1054 before the Summer Recess.

7/7/19

## Wildfire Victims Talking Points B

As a wildfire survivor in the process of rebuilding, I can speak from experience that California wildfire victims deserve a clear path forward when tragedy strikes.

I believe that AB 1054 is an important step on that path.

(Personal statement about experiences and troubles navigating forward, how unstable utilities would compound issue)

This bill enforces safety standards on utilities and creates a clearer process for costs associated with utility caused wildfires – a process that is fair to victims and rate payers and provides certainty for utilities.

This measure also allows for the delivery of safe, affordable and reliable energy, and provides necessary stability to our energy market while protecting rate payers.

California needs a Wildfire Fund. It needs stable utility companies and our communities and wildfire victims need a path forward.

Passing AB 1054 is right for wildfire victims and right for our communities as we rise from the ashes and anticipate future needs of Californians and California communities.



**Up from the Ashes**
A COALITION OF VICTIMS AGAINST UTILITY ABUSE



# Meeting with State Legislators
## *Tips and Talking Points*

Meeting with State Legislators isn't something everyone does on a regular basis, but it's also not something to be intimidated by — they are just people, too.

One thing to note as you walk into your first legislator meeting: Don't be insulted if you end up talking with a staff member. The staff member will make sure your concerns are conveyed to the legislator. In many cases, the staff member assigned to a particular bill or policy issue will be the person determining his or her boss' policy position.

### MEETING "HOW TO'S"

**Introduce yourself.** Give your name, your city, the fire you experienced, as well as the organization you are with today — Up from the Ashes.

**Addressing legislators.** When addressing state legislators, call them "Assembly-member [last name]" or "Senator [last name]," depending on the office they hold. When addressing staff, Mr. or Ms. is appropriate.

**Remain focused.** Although the office was given a reason for your visit when scheduling the appointment, make sure it is clear that you are specifically interested in protecting the legal rights of fire victims, and urging appropriate fire protection for the future. If visiting with another person(s), allow enough time for each of you to talk, and try not to repeat each other.

**Allow time for questions and be prepared to respond.** We only expect for you to tell your own story, and respond to questions about yourself, not to answer legislative or policy questions. If you do not know the answer to a question, it is fine to say so — and encourage the member to contact the number on the bottom of the "leave-behind" for answers to policy-related questions.

**Ask the legislator for his or her position on fire victims' legal rights.** Although you may be hesitant to do this, it is important to determine each legislator's position. Please

– more –

note their answer, as you will turn in a form and we will follow up with you after the event.

- Tell those in favor of protecting victims' rights and aggressive prevention measures how much you appreciate their stance.
- Let those who tend to favor protecting utilities know that, although you disagree with them, you hope that they will remain openminded through the process.
- For those who won't give their position, provide them with the "leave-behind" and explain that more information will be forthcoming to help them make up their mind.

### TALKING POINTS

- As a fire victim, my family and I have suffered terrible loss (briefly describe the fire's impact on your life).
- We're asking you to protect our constitutional right to recover for our loss — and to protect the rights of future victims as well. This is a long and painful process. The governor's plan would make it even worse for future victims.
- Reports show many of these fires could have been prevented if the utilities had done what they were supposed to do. I'm not a lawyer, but I understand fairness and common-sense. If someone burns down my property, they need to assume financial responsibility.
- In addition to protecting victim rights, any solution must focus on preventing future fires — and on holding the utilities accountable for following the new fire prevention guidelines.
- Please remember victims when you vote. What you do will have a tremendous impact on our lives.