Kenneth Roy Viney
2425 Soda Canyon Road,
Napa Ca. 94558
Phone Number: 707-237-3433
ken@coastalgen.com

PRIME CLERK CREDITOR # 11386

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT
# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: | |
| PG&E CORPORATION | Bankruptcy Case No. 19-30088-DM |
| -and- | Chapter 11 |
| | (Lead Case) |
| PG&E GAS AND ELECTRIC COMPANY | (Jointly Administered) Case |
| Debtors | No. 19-30089-DM |
| vs. | |
| Kenneth Roy Viney | Proof of Claim No. 54975 |
| Creditor | Filed October 21, 2019 |
| | Camp Fire |
| | Judge: Honorable Dennis Montali |
| | |
| | Emergency Pleading: Request for Reconsideration of the Order Granting the Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Tax Election (Dkt. 10497) |

1

Relief Requested: Require that the existing order of April 28th 2021 be an interim order until the Exchange Definititive Agreement complete with Term Sheet have both been executed by both Parties because as victims we want to know the trustee will be able to sell shares before the next fire season & not be bound by a cunning agreement that would restrain the trustee and be subjected to Appeal.

I am requesting that the court reconsider its decision to grant the motion to allow the Fire Victim Trustee and PG&E to enter into the Exchange Transaction Agreement which has not been finalized but must address the following issues:

1) The PLR/ IRS Letter & the additional (security exchange letter) must be made an exhibit to the revised motion, as shares have decreased in value today under $ 10.00
2) Trustee is not constrained from holding or hedging 478 million old plan shares &/or pays no penalties for failure to execute trades on new plan trades within 2 days,
3) Appointment of an additional qualified trustee to deal with this huge $6,500 million dollar trading fund who has personal stock market expertise
4) All old plan & new shares to be liquidated within 2 years or less,
5) Trustees able to satisfy determinations with new or old plan shares or cash or both.

ARGUMENT:

The utility has not provided a cost to complete the required accounting & staff to complete repeated audits of the sale of new shares. Because we have no way of knowing the future price of these shares which could fall below the $ 9.05 taxed declared amount this argument is moot unless the trust can hold the old plan shares & sell one year calls to hedge the price. I bought PCG shares yesterday for $ 9.96 & the trust has not as yet sold shares to my knowledge. If I sell $10.00 calls on these share for delivery Jan. 1, 2022, I earn $ 2.00 a share which makes any capital gain which "MAY OCCUR" or may not occur a wash considering the costs of this accounting. My broker assures me my shares will be reduced in

2

Case: 19-30088    Doc# 10720    Filed: 05/27/21    Entered: 05/27/21 13:59:38    Page 2 of 4

value when the market is diluted by an increase of 25% over a one year period. It did cost PG&E over $ 4.1 billion in Nov-Dec. 2020 to push it's shares up over $ 12.50 as approx.. 372 million shares were bought in support of this motion.

Page 8 line 8 of the filed motion reads " Trustee's authority to marshal, manage, monetize, & ultimately distribute --- the Consideration to victims" does not mention the constraints written into the motion page 16 line 24 " Trust agreeing to limitations on hedging" & same page (b) – (1) " the delivery by PG&E to the trust of A NOTICE TO SUSPEND TRADING" so after this exchange agreement is executed the utility will have physical control of its share & virtual control of the proposed new shares as well.

    It is our position the Honorable Judge Trotter is not qualified to administer this $ 6,700 million dollar share fund. His Declaration in support page 2 line 15 states " I intend to finalize an agreement based on substantially the same terms as --- exhibit B ( the TERM SHEET). Exhibit B page 31 HEDGING TRASACTIONS: A " the trust may enter into either a purchase put option or a written call option – if such option is not in the money" While page 16 line 24 of the motion reads " the Trust agreeing to LIMITATIONS ON HEDGING & SIMULAR ACTIVITIES" It would be very risky for the Trustee to hedge the market with naked calls or puts. He must have the Old Shares in his possession at all times. If he does not realize these constraints perhaps he has enough on this plate & another Trustee should be appointed using this victim's advice.

    Us fire victims would like to see all the shares liquidated in 2 years or less. If this exchange agreement is executed without the changes above & Trustee cannot satisfy the determination offers with both cash & old plan stock we believe the shares will not be sold for 3 to 5 years ( see Trustee's April 5 year schedule) & us elderly will never be made whole

Respectfully submitted, Mat 26, 2021 by KENNETH VINEY

May 27th
Date

Signature

1