

**Signed and Filed: June 1, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTION BY WILLIAM B. ABRAMS AND REQUEST BY KENNETH ROY VINEY

The following have been received recently:

- Dkt. No. 10715 – *Motion to Amend Judgement and Replace All the Members of the Fire Victim Trust Oversight Committee and to Support Efficient Trust Administration Pursuant to U.S.C. §§ 1123(A)(4) and*

*Bankruptcy Rule 9023 and 9024* (the "Motion"), filed by William B. Abrams.

- Dkt. No. 10720 – *Request for Reconsideration of the Order Granting the Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Tax Election* (the "Request"), filed by Kenneth Roy Viney.

Mr. Abrams raises a number of diverse issues covering many matters of concern to him. Foremost appear to be the current constitution of the Fire Victim Trust Oversight Committee and the possibility of broader judicial oversight and review of the treatment of claims of fire victims. Mr. Viney is more focused on the court's decision, *Order Granting Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Tax Election* (Dkt. No. 10598). He also seeks appointment of an additional trustee of the Fire Victim Trust and a two-year deadline for liquidation of the old or new shares of PG&E Corporation held in the Fire Victim Trust.

The court has no reason to presume from these filings that these two gentlemen have been working together. Further, both appear to be acting without the benefit of counsel, and the court is quite willing to provide significant leniency to parties acting *in pro se.* That said, it will not act further on either the Motion or the Request. Instead, it will explain to Mr. Abrams and to Mr. Viney, and any other similar parties who seek relief in the future, that the court will not act on

-2-

motions such as these that do not come anywhere close to complying with substantive and procedural requirements for any such requests, whether submitted by unrepresented fire victims or experienced bankruptcy counsel.

Those requirements include a preliminary statement, with proper citation to authority, of the jurisdiction and ability of this court to afford them whatever relief they may be seeking. Both seek some sort of relief from prior orders of the court, some of which are final, and some of which, while on appeal, have not been stayed. For example, Mr. Abrams cites Fed. R. Bankr. P. 9023 and 9024, without explaining how his request comes with the reach of any part of either or both of those rules. Similarly, his citation to 11 U.SC. § 1123(a)(4) is unexplained and is not applicable at this stage of these cases.

Mr. Viney cites no statute or rule at all, overlooks the fact that the order he complains about is final, did not file within the fourteen days required under Fed. R. Bamkr. P. 9023 and offers no explanation to support reconsideration or other relief under the six well-established options of Fed. R. Bankr. P. 9024.

Next, they must identify the parties against whom they seek relief and serve those parties and their counsel with their motions and supporting papers. Supporting papers include a memorandum of points and authorities, a statement of the issues to be decided, a succinct statement of relevant facts, the argument of the submitting party, and properly executed affidavits or declarations under penalty of perjury that include

Case: 19-30088    Doc# 10738    Filed: 06/01/21    Entered: 06/02/21 12:25:08    Page 3 of 5

admissible evidence, adequate foundation for facts alleged and free from objectionable hearsay.

Further, it is their responsibility to comply with other applicable national and local rules[1] and set their motions or requests for hearing on the court's regular PG&E calendar, with proper notice to any adverse parties of their need to file timely responses in opposition to the motions or requests. They should also refer to the *Second Amended Order Implementing Certain Notice and Case Management Procedures* (Dkt. No. 1996).

Because of these deficiencies, the Motion and the Request are DENIED, without prejudice to either being renewed in accordance with applicable procedures summarized above.

**\*\*END OF ORDER\*\***

---

[1] For example, *see* Fed. R. Bankr. P. 9013 and 9014 and B.L.R. 9013-1, 9013-2, 9013-3 and 9014-1.

COURT SERVICE LIST

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA  95409

Kenneth Roy Viney
2425 Soda Canyon Road
Napa, CA  94558