WEIL, GOTSHAL & MANGES LLP
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

 - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION MODIFYING PLAN INJUNCTION (JUAN M. PEREZ)**

[No Hearing Requested]

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Juan M. Perez ("**Perez**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) solely to permit the Court of Appeal of the State of California, First Appellate District, Division Two (the "**Court of Appeal**") to issue its decision (the "**Decision**") in the fully-briefed and submitted appeal pending before it in the case titled *Perez v. Pacific Gas and Electric Company, et al.*, Case No. A151868 (the "**Perez Appeal**"). The Parties hereby stipulate and agree as follows:

## RECITALS

A. On December 8, 2014, Perez filed a complaint in the California Superior Court for the County of San Francisco (the "**Superior Court**"), asserting negligence and personal injury claims against the Utility and co-defendant, Snelson Companies, Inc., which case is currently pending as Case No. CGC-14-543168 (the "**State Court Action**").

B. On May 25, 2017, the Superior Court granted the Utility's motion for summary judgment.

C. On June 28, 2017, Perez filed a timely notice of appeal, and the Court of Appeal opened the Perez Appeal.

D. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

E. Prior to the Petition Date, all briefing and oral argument by the Parties had been completed and submitted in the Perez Appeal, and the Parties were awaiting the Decision from the Court of Appeal.

F. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims. The Original Bar Date was later extended for certain claims that are not relevant or applicable to the Parties or this Agreement.

G. On August 20, 2019, Perez timely filed a proof of claim against PG&E Corp. for $4,000,000.00 [Claim No. 7666] (the "**Proof of Claim**").

H. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

I. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

J. The Parties hereto desire to modify the Plan Injunction solely in order to allow the Court of Appeal to issue its Decision in the Perez Appeal.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order or the Plan (as defined below), as applicable.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Plan Injunction shall be modified solely to permit the Court of Appeal to issue its Decision in the Perez Appeal, and to communicate such Decision to the Superior Court, as consistent with its ordinary procedures.

2. Perez shall remain enjoined from continuing the State Court Action in any manner, directly or indirectly.

3. Perez shall remain enjoined from making any motion for rehearing or similar motion before the Court of Appeal, or pursuing any appeal of the Decision to the Supreme Court of California, or from engaging in any further proceedings with respect to the State Court Action, the Perez Appeal, or any related action.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on Next Page*]

Dated: _____June 2_, 2021

WEIL, GOTSHAL & MANGES LLP
GOUGH & HANCOCK LLP
KELLER BENVENUTTI KIM LLP

/s/ Jane Kim
Jane Kim

*Attorneys for Debtors
and Reorganized Debtors*

Dated: May 25, 2021

THE GILLEON LAW FIRM

James C. Mitchell

*Attorneys for Juan M. Perez*