

**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

**CHANGES MADE BY COURT**

Signed and Filed: June 3, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

   - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

              **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND BRIAN ANTHONY FREITAS**

The Court having considered the *Stipulation By and Between Reorganized Debtors and Brian Anthony Freitas*, dated May 28, 2021 [Dkt. No. 10729] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Brian Anthony Freitas, ("**Freitas**," and, together with the Reorganized Debtors, the "**Parties**"); and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Stipulation is approved.

2. Upon the date of the entry of this Order, the Plan Injunction is modified, to the extent necessary, solely to permit Freitas to liquidate the claims asserted in the Proof of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

3. Upon the date of the entry of this Order, the Stipulation shall be deemed an objection by the Reorganized Debtors to the Proof of Claim, and the Proof of Claim shall be considered a Disputed Claim. The Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) sixty (60) days after either Party files notice in the Bankruptcy Court that a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 3(a) hereof, the Reorganized Debtors further object to the Proof of Claim for any portion of the underlying claim by Freitas that has not been resolved by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Court. Any objection to the Proof of Claim allowed under this Paragraph shall be filed no later than sixty (60) days after either Party files notice in the Bankruptcy Court that a judgment liquidating the underlying claim has been entered in the State Court Action and the time to appeal such judgment has expired, and no appeal is pending.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proof of Claim for any portion of the underlying claim by Freitas that has not been resolved by a final judgment in the State Court Action, or

    b. a waiver by Freitas of his rights to oppose any asserted challenge to any Proof of Claim, or

    c. a waiver by any Party of any claim or defense in the State Court Action.

5. The Stipulation shall be binding on the Parties and each of their successors in interest.

6. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

8. The motion for Relief From Stay filed by Mr. Freitas (Dkt 10646) is DROPPED from the June 15, 2021, calendar as moot.

Dated: May 28, 2021

APPROVED AS TO FORM AND CONTENT:

KATZ LAW, APC

/s/ Lior Katz
Lior Katz

*Attorney for Brian Anthony Freitas*

** END OF ORDER **