| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Theodore Tsekerides (*pro hac vice*) (theodore.tsekerides@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue<br>New York, NY 10153-0119 |
| 6 | Tel: 212 310 8000<br>Fax: 212 310 8007 |
| 7 | KELLER BENVENUTTI KIM LLP |
| 8 | Tobias S. Keller (#151445) (tkeller@kbkllp.com) |
| 9 | Peter J. Benvenutti (#60566) (pbenvenutti@kbkllp.com) |
| 10 | Jane Kim (#298192) (jkim@kbkllp.com) |
| 11 | 650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| 12 | Tel: (415) 496-6723<br>Fax: (650) 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| **PG&E CORPORATION,** | |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **STIPULATION MODIFYING PLAN INJUNCTION; GRANTING RELATED RELIEF [Montellano]** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | [No Hearing Requested] |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Max M. Montellano and Cheryl Montellano ("**Claimants**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit Claimants to prosecute a pending lawsuit to liquidate their claim against the Utility, and granting related relief. The Reorganized Debtors and Claimant are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019, the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On October 26, 2017, Claimants filed, in San Luis Obispo County Superior Court (the "**State Court**") a civil action entitled *Montellano, et al, v Pacific Gas and Electric Company; Michael John Roben; and Does I to 50, inclusive,* Case No. 17CVP-0290 (the "**State Court Action**"). In the State Court Action, the Claimants seek damages for personal injuries from the Utility and a Utility employee, Michael John Roben ("**Roben**"), arising from a vehicle accident on February 17, 2017, that Claimants assert was caused by Roben, acting in the course and scope of his duties as an employee of the Utility.

C. On October 13, 2019, Claimants timely filed proofs of claim against PG&E Corp. [Claim No. 8947] (the "**PG&E Corp. Proof of Claim**") and the Utility [Claim No. 8951] (the "**Utility Proof of Claim**"), seeking to recover on the same personal injury claims asserted in the State Court Action. Claimants have filed no other proofs of claim against either Reorganized Debtor.

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from

time to time, and together with any exhibits or scheduled thereto, the "**Plan**").¹ The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "Plan Injunction," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F. By Amended Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifth Omnibus Objection to Claims (Duplicate Claims), entered September 25, 2020 [Dkt. No. 9150] (the "**Claims Disallowance Order**"), the Bankruptcy Court disallowed the PG&E Corp. Proof of Claim on the basis that it was filed against the incorrect debtor entity. The Claims Disallowance Order did not affect the Utility Proof of Claim, which remains pending.

G. Claimants acknowledge that the claims that are the subject of the Utility Proof of Claim are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases; and (iii) currently enjoined by the Plan Injunction from prosecution in the State Court Action or any forum other than the Bankruptcy Court.

H. The Reorganized Debtors acknowledge that the Utility Proof of Claim was timely filed.

I. On February 19, 2021, the Parties attempted to resolve the claims that are the subject of the Utility Proof of Claim through a mediation pursuant to the Bankruptcy Court's September 25, 2020 *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148]. The mediation was unsuccessful.

---

¹ Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. On the date of entry of an order approving this Stipulation (the "**Approval Order**"), the Plan Injunction shall be modified solely to permit Claimants to liquidate the Utility Proof of Claim by prosecuting the State Court Action against the Utility through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Claimants, by and through their attorneys, agree (a) promptly after entry of the Approval Order to dismiss the State Court Action as to Roben with prejudice, and (b) not to sue any other individual employees or former employees of either Reorganized Debtor or any affiliated corporate defendant, in the State Court Action or in any other action or proceeding, on any of the claims alleged in the State Court Action or the Utility Proof of Claim, or on any other claims based on or arising from the same or materially the same common nucleus of facts, events, and circumstances alleged in the State Court Action or the Utility Proof of Claim.

3. On the date of entry of the Approval Order, this Stipulation shall be deemed an objection by the Reorganized Debtors to the Utility Proof of Claim, and the Utility Proof of Claim shall be considered a Disputed Claim. The Utility Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Utility Proof of Claim becomes an Allowed Claim pursuant to written agreement between the Claimants and the Reorganized Debtors, or (b) as provided in a final judgment in the State Court Action, sixty (60) days after either Party files notice in the Bankruptcy Court certifying accurately that a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 4(a) hereof, the Reorganized Debtors further object to the Utility Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Utility Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

4. Nothing herein is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest of any right to object to the Utility Proof of Claim on any grounds other than the untimely filing thereof, or

   b. a waiver by any Party of any claim or defense in the State Court Action other than as provided in paragraph 2 above or paragraph 5 below.

5. For purposes of conduct of the State Court Action, the Parties through their counsel may enter into other stipulations in or with regard to the State Court Action, including without limitation stipulations relating to discovery matters, motion practice, the form or presentation of evidence, or the conduct of the trial. Such stipulations shall be enforceable by the State Court (not the Bankruptcy Court) in accordance with statutes, rules and procedures applicable to the State Court Action.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof. For avoidance of doubt, this provision shall not apply to stipulations in the State Court Action as contemplated in paragraph 5 above.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: ~~May~~ June 8, 2021

KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti
*Attorneys for Debtors and Reorganized Debtors*

Dated: ~~May~~ June 1, 2021

FARMER & READY

/s/
Paul F. Ready
*Attorneys for Claimants Max M. Montellano and Cheryl Montellano*

Dated: ~~May~~ June 8, 2021

GOUGH & HANCOCK

/s/ *Gayle Gough*
Gayle Gough
*Attorneys for the Utility and Michael John Roben in State Court Action*

Dated: May 31, 2021

ERNST LAW GROUP

/s/ *Nigel Whitehead*
Nigel Whitehead
*Attorneys for Claimants Max M. Montellano and Cheryl Montellano in State Court Action*