## United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

---

<u>Official Form 410</u>

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

---

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company; HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company and HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

*Where should notices to the creditor be sent?*

PWOUUÞ ÀJSÝUUÜVÀJSŒ ŒŠÖ Œ|æ¿ æ^Áá ãÃ |æ¿ãã¿Á{[ ]æ} `ŒPWÕUUÞ ÀJSÝUUÜVÀJSŒ ŒŠ Ö ÆÁ ŠŠÖŒ^Á|æ¿ æ^Áá ã^áÃæ ã ã¿Á{[ ]æ} `Áæ} áÆPWÕUUÞ/ ÚŒ ŒŒŒÃ ÚÁ JUUÜVÕUVŒ ŒÆ Œ ŠŒ Ì æ^ |æ¿ á Á{[ ¦] [ !æ}

c/o Binder & Malter, LLP.Á
2775 Park Ave.
Santa Clara Ca 95050ÁAtten:
Robert Harris

*Where should payments to the creditor be sent?* (if different)

PWOUUÞ ÀJSÝUUÜVÀJSŒ ŒŠÖ Œ|æ¿ æ^Áá ã^áÃáæ /&{[ ]æ} `ŒPWÕUUÞ ÀJSÝUUÜVÀJSŒ ŒŠÖ Ö ŠŠÖ Œ Á Ö^|æ¿ æ^Áá ã^áÃ|æ¿ æ^ÁPWÕUUÞ ÀJ ŒŒ ŒŒŒÁ ÚUUÜUÕUÝŒ ÜENC., a Maryland corporation

11601 Wilshire Blvd., 9th FloorÁ
Los Angeles, CA 90025

Contact phone 408-295-1700
Contact email rob@bindermalter.com

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Case: 19-30088   Doc# 1056411   Filed: 06/09/21   Entered: 06/09/21 11:11:31   Page 1 of 70

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| **7. How much is the claim?** | $ Unliquidated _____ **Does this amount include interest or other charges?**<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Contribution and indemnity in connection with claims asserted against claimant in connection with Case no. 17-cv-03579, Mendoza v. City of San Jose et al, U.S. District Court, N. California, San Jose Division

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ____ ) that applies.  $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    10/16/2019          (mm/dd/yyyy)

/s/ Robert G. Harris
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name         Robert G. Harris
             First name            Middle name            Last name

Title        Partner

Company      Binder & Malter, LLP.
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      2775 Park Ave.
             Number        Street
             Santa Clara                          Ca        95050
             City                                 State     ZIP Code

Contact phone    408-295-1700                  Email    rob@bindermalter.com

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CRISTINA MENDOZA

## DEFENDANTS

CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPERTIES LP, a California limited partnership, EOP OPERATING LIMITED PARTNERSHIP, LP, a Delaware limited partnership; SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1-100, Inclusive, Defendants

**(b)** County of Residence of First Listed Plaintiff | Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STEVEN L. DERBY, Esq., ANTHONY GOLDSMITH, Esq., CELIA MCGUINNESS, Esq.
DERBY, McGUINNESS & GOLDSMITH, 200 Lakeside Drive, Suite A, Oakland, CA 94612
Telephone: 510/987-8778; Fax: 510/359-4419

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment Of Veteran's Benefits<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | 625 Drug Related Seizure of Property 21 USC § 881<br>690 Other | 422 Appeal 28 USC § 158<br>423 Withdrawal 28 USC § 157<br><br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC § 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act |
| **REAL PROPERTY** | **PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | | 710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act | 861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>[x] 445 Amer. w/Disabilities- Employment<br>[x] 446 Amer. w/Disabilities- Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee- Conditions of Confinement | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS-Third Party 26 USC § 7609 | |
| | | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation-Transfer
- [ ] 8  Multidistrict Litigation-Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans With Disabilities Act of 1990; 42 USC 12101ff; including 42 USC 12181 et seq

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*

JUDGE                     DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only)     [ ] SAN FRANCISCO/OAKLAND   [x] SAN JOSE   [ ] EUREKA-MCKINLEYVILLE

DATE: 06/21/2017     SIGNATURE OF ATTORNEY OF RECORD: /s/ Celia McGuinness

Case 19-30088   Doc# 10764-1   Filed 06/09/21   Entered 06/09/21 11:31   Page 4 of 670
Case 19-30088   Claim 3574-1 Part 2   Filed 10/28/19   Page 4

ATTACHMENT 1

1   Robert Kopelson, Esq. (SBN 83523)
    Law Office of Robert B. Kopelson
2   75 E. Santa Clara Street, Suite 1180
    San Jose, CA  95113
3   Telephone:  (408) 293-4000
    Facsimile:  (408) 293-8369
4   Email: kopelaw@hotmail.com

5   Steven L. Derby, Esq. (SBN 148372)
    Anthony E. Goldsmith, Esq. (SBN 125621)
6   Celia McGuinness, Esq. (SBN 159420)
    DERBY McGUINNESS & GOLDSMITH LLP
7   200 Lakeside Drive, Suite A
    Oakland, CA  94612
8   Telephone:  (510) 987-8778
    Facsimile:  (510) 359-4419
9   Email: info@dmglawfirm.com

10  Attorney for Plaintiff
    CRISTINA MENDOZA

11

12                     UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15  CRISTINA MENDOZA,                    | CASE NO.

                     Plaintiff,          | <u>Civil Rights</u>
16
         v.
17                                       | **COMPLAINT FOR INJUNCTIVE RELIEF**
    CITY OF SAN JOSE, PACIFIC GAS &      | **AND DAMAGES**
18  ELECTRIC COMPANY, a California
    registered domestic stock corporation,
19  HUDSON SKYPORT PLAZA, LLC, a         | <u>DEMAND FOR JURY TRIAL</u>
    Delaware limited liability company,
20  HUDSON SKYPORT PLAZA LAND,
    LLC, a Delaware limited liability company,
21  HUDSON PACIFIC PROPERTIES, INC.,
    a Maryland corporation, SPIEKER
22  PROPERTIES LP, a California limited
    partnership, EOP OPERATING LIMITED
23  PARTNERSHIP, LP, a Delaware limited
    partnership CA – SKYPORT I LIMITED
24  PARTNERSHIP, a Delaware limited
    partnership; and DOES 1-100, Inclusive,
25  Defendants

                     Defendants.
26

27

28

                                  1

Case 19-30088   Doc# 1354-1 Part 2 Filed 06/21/17   Entered 06/21/17 ...
Case 19-30088   Claim 1354-1 Part 2 Filed 10/18/19   Desc Attachment 1   Page 5 of 70

**ATTACHMENT 1**

1     Plaintiff CRISTINA MENDOZA complains of Defendants CITY OF SAN JOSE Hudson

2     Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker

3     Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership, Pacific

4     Gas & Electric Company and DOES 1-100, inclusive, and each of them, and alleges as follows:

5

6                                 **INTRODUCTION**

7          1.     This case involves the denial of accessible and safe sidewalks, walkways, and

8     paths of travel to Plaintiff CRISTINA MENDOZA ("Plaintiff" or "Ms. Mendoza"), a qualified

9     person with a disability, in connection with a sidewalk and walkways or portions thereof that

10    were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or

11    inspected and/or subject to modifications and alterations by Defendants; as well as Plaintiff

12    having been subjected to and severely injured by hazardous conditions created or allowed to exist

13    by such Defendants. Additionally, Plaintiff is informed and believes and based thereon alleges

14    that other inaccessible conditions, including, but not limited to, excessively sloped routes and

15    pedestrian surfaces and paths of travel, exist at and about the property commonly known as 1650

16    Technology Drive, San Jose California and developed common areas associated therewith and

17    create a violation of her State and federal civil rights as well as posing a hazard to her and other

18    similarly situated persons.

19         2.     As a result of the inaccessible and hazardous facilities, conditions and elements

20    and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries as

21    well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person

22    with a disability" or "physically handicapped person," who is mobility impaired, and unable to

23    safely use portions of walkways, sidewalks and other public facilities that are not fully accessible

24    to physically disabled persons.

25         3.     Plaintiff seeks injunctive relief; recovery of damages for both the personal injuries

26    she incurred and the violation of her civil rights as well as the recovery of reasonable attorney

27    fees, litigation expenses and costs.

28

2

**ATTACHMENT 1**

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction of this action pursuant to:  (a) 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973; and (c) 28 U.S.C. § 1367 for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1, violations of California Government Code §§ 815.6, and 835 and common law negligence.  This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure and State law authorizing injunctive relief.

5.      Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California. This case is properly filed in the San Jose intradistrict as the incident occurred in the City of San Jose, the property at issue is located in the City of San Jose and one or more of the Defendants resides in the City of San Jose.


**PARTIES**

6.      Plaintiff is and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and the ADA. The terms "physically disabled person," "person with a disability" and a "person with disabilities" will be used interchangeably throughout this Complaint.  Ms. Mendoza requires the use of a wheelchair for mobility.

7.      Defendant CITY OF SAN JOSE and DOES 1-3 (collectively, the "Government Defendants") are public entities that on information and belief, at all times relevant to this Complaint designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3

**ATTACHMENT 1**

1    inspection or modification of the sidewalk / walkway area where Plaintiff was injured.  At all

2    relevant times, Defendant PACIFIC GAS & ELECTRIC COMPANY, a California registered

3    domestic stock corporation (hereinafter, PG&E) and DOES 4-20 are entities that, on information

4    and belief, at all times relevant to this Complaint, designed and/or constructed and/or modified

5    and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the

6    design, construction, maintenance, inspection or modification of the sidewalk/walkway area

7    where Plaintiff was injured or some portion thereof. Defendants  HUDSON SKYPORT PLAZA,

8    LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a

9    Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland

10   corporation, SPIEKER PROPERTIES, LP, a California limited partnership, EOP OPERTAING

11   LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED

12   PARTNERSHIP, a Delaware limited partnership and DOES 21-50 (collectively, the "Skyport

13   Defendants") are on information and belief entities that, at all times relevant to this Complaint,

14   designed and/or  constructed and/or altered and/or modified and currently own and/or operate (or

15   at relevant times in the past, owned and/or operated) a property used as a place of public

16   accommodation located in the city of San Jose, California at 1650 Skyport Drive and commonly

17   known as Skyport Plaza (including ownership and operation of the sidewalk / walkway area

18   where Plaintiff was injured). The property located at 1650 Skyport Drive in the City of San Jose

19   (including all walks, sidewalks and paths of travel threat) shall be referred to herein as the

20   "Property" or the "Facility." On information and belief, Defendant DOES 51-65 are or were

21   agents, contractors, subcontractors or employees of Defendant CITY OF SAN JOSE or other

22   DOE Defendants; DOES 66-80 are or were agents, contractors, subcontractors or employees of

23   PG&E or other DOE Defendants; and DOES 80-100 are or were agents, contractors,

24   subcontractors or employees of one or more of the Skyport Defendants or other DOE Defendants.

25   On information and belief, Defendants CITY OF SAN JOSE, the Skyport Defendants and DOES

26   1-3 and 21-50 wrongfully discriminated against Plaintiff on the basis of her disability as part of a

27   joint venture and common enterprise.  Based on information and belief, Plaintiff alleges that all

28   the named Defendants and DOE Defendants were negligent in connection with the manner in

4

1  which they designed and/or constructed and/or modified and/or maintained and/or inspected

2  and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3  inspection or modification, alteration of the sidewalk / walkway area where Plaintiff was injured.

4      8.      Plaintiff does not know the identities of DOES 1-100 at this time and prays leave

5  to substitute the true names of each such Defendant when they have been ascertained.

6      9.      Plaintiff does not know the relative responsibilities of the Defendants with respect

7  to the responsibility for the  design, construction, modification, alteration, maintenance or

8  inspection of the operation of the programs, services, activities, public accommodations, facilities

9  and elements herein complained of, and alleges a joint venture and common enterprise by

10 Defendants  in the ownership and/or operation of each such program, service, activity, public

11 accommodation public accommodations, facilities and elements.  Plaintiff is informed and

12 believes that each of the Defendants herein is the agent, servant, employee, representative, joint

13 venturer and/or common enterprise affiliate of each of the other Defendants, and performed all

14 acts and omissions stated herein within the scope of such agency or employment or representative

15 capacity or joint venture or common enterprise and is responsible, in some manner, for the acts

16 and omissions of the other Defendants in proximately causing the damages complained of herein.

17     10.     Plaintiff is informed and believes and on that basis alleges that each of the named

18 Defendants and each of the fictitiously named Defendants are legally responsible in some manner

19 for the occurrences herein alleged and that the injuries as alleged herein were caused by the acts

20 and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these

21 certain Defendants as an entity distinct from certain other Defendants would permit an abuse of

22 the corporate privilege and would sanction fraud and/or promote injustice.

23

24                    **GOVERNMENT CLAIM FILED**

25     11.     Plaintiff made timely claims for damages to Defendant CITY OF SAN JOSE on

26 December 13, 2016.  The Defendant CITY OF SAN JOSE rejected Plaintiff's claim effective

27 December 22, 2016.

28

5

ATTACHMENT 1

1

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

2     12.     On the evening of June 16, 2016, Plaintiff had dinner at the Sonoma Chicken Coop

3   restaurant located at the Property.  Plaintiff left the restaurant at about 8:30 p.m. from the doors

4   that lead out to the parking lot of the Property. She was accompanied by her roommate. Plaintiff

5   had called for an Uber ride to pick her and her roommate up and take them home. Plaintiff and

6   her roommate decided to head to the corner of Skyport Drive and Technology Drive to meet their

7   ride. They transited the walkway that led from the south door of the restaurant to the main

8   sidewalk/walkway on the east side of Technology Drive. They proceeded north on the sidewalk/

9   walkway. Before reaching the southeast corner of Technology Drive and Skyport Drive, the front

10   wheels of Plaintiff's wheelchair hit a raised portion the south edge of the sidewalk/walkway

11   section immediately north of a utility vault lid or cover. The section of sidewalk/walkway she was

12   on demonstrated concrete chipping and spalling, leaving dangerous gouges/divots such that the

13   sidewalk section just north of and adjacent to the divot/gouge was 1 ½" or higher.  The section of

14   sidewalk/ walkways she was on was lower than the adjoining section to the north, particularly on

15   its left side. When Plaintiff's wheelchair wheels struck the higher edge of the sidewalk/walkway,

16   it caused Plaintiff's wheelchair to abruptly stop, which caused her to fall forward out of her

17   wheelchair onto the sidewalk / walkway, fracturing her right femur. The sidewalk/walkway in

18   question was in a patently dangerous condition, as well as exhibiting non-compliance with State

19   and federal disability rights laws, codes and regulations as set forth herein, in the area where

20   Plaintiff was injured. At all relevant times, the Property, including the area of sidewalk/walkway

21   on which Plaintiff was injured, was required to meet the standards of the ADA, including but not

22   limited to the regulations set forth in 28 C.F.R. Part 36 (as to public accommodations) and 28

23   C.F.R. Part 35 (as to governmental entities).  Compliance with the above regulations includes but

24   is not limited to compliance Americans with Disabilities Act Accessibility Guidelines (as the

25   same have been set forth, modified and incorporated into 28 C.F.R. Part 36 and 28 C.F.R. Part

26   35).  In addition, at all relevant times, all construction, modifications, alterations, structural

27   repairs and the like have been governed by the provisions of Title 24-2 of the California Code of

28   Regulations (the "California Building Code"). At all relevant times both federal and State

6

**ATTACHMENT 1**

1  regulations required that accessible routes (including the sidewalk/walkway where Plaintiff was

2  injured, demonstrate compliant slopes and cross slopes and avoid demonstrating abrupt changes

3  in level in excess of ¼" (or ½" if beveled at 2:1).

4       13.     There were no signs that warned of the dangerous conditions that caused

5  Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk/walkway with

6  due care), adequate time to prepare for and/or avoid the dangerous condition.

7       14.     Plaintiff sustained the injuries and loses described herein as a result of the

8  negligence and violation of disabled access and safety standards protecting disabled persons and

9  others by Defendants and their employees and/or agents and/or contractor and/ or subcontractors

10  and the acts and omissions of Defendants and their employees and/or agents and/or contractors

11  and/ or subcontractors were a substantial factor in Plaintiff's injuries and other damages.

12       15.     As a result of the aforementioned incident, Plaintiff sustained serious and

13  permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for,

14  *inter alia* medical care, medicines, medical imaging, hospitalizations, surgeries and related care,

15  and will, in the future, be compelled to incur additional obligations.  Plaintiff's income and career

16  as a real estate professional have been impacted by the injuries she sustained and her loss of

17  income continues to accrue and on information and belief, impact her future earning capacity.

18       16.     As a result of Defendants' failures to provide a safe and accessible

19  sidewalk/walkway, Plaintiff has, in addition to the injuries and losses described in paragraph 15

20  and elsewhere herein, suffered denial of her civil rights; including the denial to her right to full

21  and equal access to public facilities and public accommodations, and programs services and

22  activities, all to her general, special and statutory damages.  Moreover, as a result of her injuries

23  and the inaccessible condition of the Property and sidewalk/walkway, Plaintiff has been deterred

24  from returning to use the Property, sidewalks, walkways, and paths of travel in question and thus

25  suffered a denial of her civil rights that continues to the date of filing this Complaint.

26       17.     On information and belief, Plaintiff alleges that at all times herein mentioned,

27  Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of

28  injury of the type suffered by Plaintiff, with sufficient time to eliminate the defects and dangers in

7

ATTACHMENT 1

1    question and failed to eliminate said defects and dangers.  The subject sidewalks, walkways, and

2    paths of travel, and their signing, configuration, and construction, which resulted from negligent,

3    inadequate and/or incomplete property design, construction and/or maintenance, and/or

4    modification or alteration, and/or inspection and/or other unusual conditions, in conjunction with

5    the lack of warnings, given what the  Defendants knew or should have known about the

6    conditions of use, constituted a trap for wheelchair users and others traveling on the

7    aforementioned sidewalk/walkway and exposed wheelchair users and others, including Plaintiff,

8    to a significant risk of being injured by the dangerous conditions set forth above. Though the

9    dangerous conditions in question posed a special and unique risk to people who use wheelchairs,

10   the conditions were so hazardous as to pose a danger to any member of the general public.

11          18.    Plaintiff is informed and believes and on that basis alleges, that Defendants owed a

12   duty of care to Plaintiff to design, construct, alter, modify, inspect and maintain the subject

13   property with reasonable care, that Defendants failed to exercise such care and diligence, and that

14   the result of Defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant

15   damages.  Additionally, Plaintiff avers that the condition of the sidewalk/walkway on which she

16   was injured was so patently dangerous that Defendants intentionally allowed the condition to

17   exist or that it was allowed to exist because of deliberate indifference on the part of Defendants to

18   the fate of Plaintiff and people similarly situated.

19          19.    Plaintiff is informed and believes that Defendants owned and/or operated and/or

20   designed and/or constructed and/or modified/altered and/or maintained and/or inspected and/or

21   exerted control over the design, construction, maintenance, inspection, modification of the

22   sidewalk/ walkway area where Plaintiff was injured at all times relevant in this Compliant.

23

24              **CLAIMS AGAINST THE GOVERNMENT DEFENDANTS**

25                          **<u>FIRST CLAIM</u>**

26          **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

27       [FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH

28                     DISABILITIES ACT OF 1990]

8

ATTACHMENT 1

1    20.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

2    facts and allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates

3    them herein.

4    21.    At all times herein mentioned, Plaintiff was entitled to the protections of the

5    "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by

6    any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section

7    202 of Title II, no qualified individual with a disability shall, by reason of such disability, be

8    excluded from participation in or be denied the benefits of the "services, programs or activities"

9    of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times

10   relevant herein, a qualified individual with a disability for all purposes under the ADA.

11   22.    In violation of Title II of the ADA, the Government Defendants have failed to

12   ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the

13   "services, programs and activities" of its public sidewalk, walkway, and pathway system and

14   facilities.  By reason of Defendants' discriminatory policies regarding the failure to provide

15   accessible and useable elements, features and conditions in and to its public sidewalk, walkway,

16   and pathway system, so as to render them "accessible to and useable by" mobility impaired

17   persons, the Government Defendants have intentionally discriminated against Plaintiff in

18   violation of Title II of the ADA and the regulations adopted to implement the ADA:  including

19   those regulations governing: (i) the design, construction, modification and alteration of elements,

20   features and facilities in the public right or on or at other public properties; (ii) the inspection and

21   maintenance of said elements, features, facilities or other public properties so that they remain in

22   an accessible and useable condition; and (iii) and the provision of accessible programs, services

23   and activities; all as set forth and mandated  in 28 C.F.R. Part 35.

24   23.    On information and belief, to the date of filing of this Complaint, the Government

25   Defendants have failed to make the subject sidewalk/walkway where Plaintiff was injured

26   accessible to and useable by people with disabilities and/or assure that both said Defendants and

27   third parties design, construct, alter, inspect and maintain sidewalks/walkways and features within

28   and connected to sidewalks/walkways (including utility vaults), in a useable and accessible

9

ATTACHMENT 1

1    condition, as required by law.

2         24.    Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

3    walkway, and path of travel programs, services, activities, and facilities complained of herein,

4    and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

5    services, activities, and facilities until they are made accessible; particularly with respect to the

6    conditions where features in or connected to sidewalks and walkways create inaccessible and

7    hazardous abrupt changes in level.  Plaintiff avers that, based on the condition of the features she

8    encountered, that Defendants intentionally violated the ADA and other disability rights laws as

9    demonstrated, at the least, through deliberate indifference to the needs and safety of people with

10   disabilities as to the condition of sidewalks and walkways and elements and features contained

11   therein.

12

13                              **SECOND CLAIM**

14                   **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

15   [FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

16        25.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

17   facts and allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates

18   them herein.

19        26.    Plaintiff avers, on information and belief, that the Defendants CITY OF SAN

20   JOSE and DOES 1-3 are each a government agency existing under the laws of the State of

21   California with responsibility for, *inter alia*, owning, operating and maintaining the subject public

22   sidewalk, walkway, and path of travel programs, services, activities, and facilities described

23   hereinabove.  Plaintiff is informed and believes and thereon alleges that the Government

24   Defendants, and each of them, has been a recipient of federal financial assistance and that part of

25   that financial assistance was and is used to fund the construction, alteration, and operations of the

26   subject public sidewalk, walkway, and path of travel programs, services, activities, facilities and

27   other related functions.

28        27.    The Government Defendants have, on information and belief, failed to ensure that

                                        10

1  individuals with physical disabilities such as Plaintiff are not excluded from the "services,

2  programs and activities" of its public sidewalk, walkway, and pathway system and facilities.  By

3  reason of Defendants' discriminatory policies regarding  the failure to provide  accessible

4  elements, features and conditions in and to its public sidewalk, walkway, and pathway system, so

5  as to render them "accessible to and useable by" mobility impaired persons, Defendants have

6  intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act

7  of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder:  including those

8  regulations governing: (i) the design, construction, modification and alteration of elements and

9  facilities in the public right of way or other public properties;  (ii) the inspection and maintenance

10  of said elements and facilities so that they remain in an accessible and useable condition; and (iii)

11  and the provision of accessible programs, services and activities.

12      28.      Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

13  walkway, and path of travel programs, services, activities, and facilities complained of herein,

14  and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

15  services, activities, and facilities until they are made accessible; particularly with respect to the

16  conditions where features in or connected to sidewalks and walkways create inaccessible and

17  hazardous abrupt changes in level.

18

19                          **THIRD CLAIM**

20                  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

21      [FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT

22      AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT

23                          CODE § 815.6)]

24      29.      Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

25  facts and allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates

26  them herein.

27      30.      Section 815.6 of the California Government Code provides that, where a public

28  entity is under a mandatory duty imposed by an enactment that is designed to protect against the

**ATTACHMENT 1**

1  risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately

2  caused by its failure to discharge the duty unless the public entity establishes that it exercised

3  reasonable diligence to discharge the duty.

4        31.    On information and belief, the Government Defendants did not discharge a

5  number of statutorily mandated duties imposed by federal and State statutes and regulations, as

6  enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff

7  and other people with disabilities from discrimination and injuries.  These duties include those set

8  forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation

9  of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of

10  sections 51, 54 and 54.1 of the California Civil Code.  Each of these laws, statutes and regulations

11  were designed to prevent the acts of discrimination and injuries, including the physical injuries,

12  suffered by Plaintiff.

13        32.    Discovery has not commenced; investigation is only in its initial stages and is

14  limited because Defendants have control of access to staff and records and information material

15  to these claims.  After discovery is underway, Plaintiff may learn more about other and additional

16  mandatory duties that were violated and had a causal effect on the events and damages

17  complained of herein.  Therefore, Plaintiff intends to seek leave to amend this Complaint

18  accordingly, as may become appropriate, up to the time of trial.

19        33.    As set forth herein, Plaintiff is a person with a disability and is in all respects

20  qualified and able to use public sidewalks, walkways, and paths of travel.  The Government

21  Defendants have (and at all relevant times herein had) a duty to provide safe and accessible paths

22  of travel on sidewalks, walkways and paths of travel that they own, operate, and maintain or over

23  which they otherwise exert control or responsibility.  Plaintiff is informed and believes and based

24  thereon alleges that the Government Defendants were/are aware of the discriminatorily

25  inaccessible and hazardous conditions of subject sidewalk/walkway where Plaintiff was injured.

26  Plaintiff is informed and believes and based thereon alleges that, despite knowing of these

27  discriminatorily inaccessible and hazardous conditions, the Government Defendants did not

28  exercise reasonable diligence or take appropriate steps to eliminate or mitigate these conditions.

**ATTACHMENT 1**

34.     On information and belief, the Government Defendants failed to discharge the duties referenced herein, thereby discriminating against Plaintiff and endangering her as well as other persons similarly situated.

35.     The Government Defendants are statutorily liable under sections 815.2 and 815.4 of the California Government Code for the negligence and misconduct of their employees and contractors in violating Government Code section 815.6, as such negligence and misconduct occurred within the scope of their employment.  The failure and refusal of the employees or contractors of the Government Defendants to abide by the mandates of California Government Code section 815.6 was, on information and belief, not the result of any exercise of discretion vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of contractors of Defendants had a duty to abide by the mandates of section 815.6 and all similar statutes designed to prevent the types of injuries suffered by Plaintiff.

36.     The violations of mandatory duties enunciated above were a substantial factor in causing Plaintiffs injuries, harms, losses, and discrimination set forth in this Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff was, in no way, at fault for the incident wherein she sustained said injuries.

37.     Plaintiff's injuries, including her physical injuries and denial of her civil rights, could have been prevented if the Government Defendants had discharged affirmative obligations required under statutes and regulations.  The occurrences and harm alleged herein are within the scope of concerns, injuries, or harm precisely targeted for prevention by the statutes and regulations cited in this Claim and as set forth in this Complaint.

## **FOURTH CLAIM**

### **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

[FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA GOVERNMENT CODE § 835]

38.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates

13

ATTACHMENT 1

1    them herein.

2        39.     Section 835 of the California Government Code provides that, except as otherwise

3    provided by statute, a public entity is liable for injury caused by a dangerous condition of its

4    property if the plaintiff establishes that the property was in a dangerous condition at the time of

5    the injury, that the injury was proximately caused by the dangerous condition, that the dangerous

6    condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that

7    either: (a) a negligent or wrongful act or omission of an employee of the public entity within the

8    scope of his or her employment created the dangerous condition; or (b) The public entity had

9    actual or constructive notice of the dangerous condition for a sufficient time prior to the injury to

10    have taken measures to protect against the dangerous condition.

11        40.     On information and belief, at relevant times set forth in this Complaint, the

12    Government Defendants owned and/or controlled the portion of the sidewalk/walkway where

13    Plaintiff was injured.

14        41.     Plaintiff alleges, on information and belief, that the dangerous condition of the

15    sidewalk/walkway where Plaintiff was injured: (a) was created by the negligent or wrongful acts

16    or omissions of one or more employees of one or more of the Government Defendants acting

17    within the course and scope of their employment and/or (b) Defendants City of San Jose and/or

18    DOES 1-3 had notice of the dangerous conditions that injured Plaintiff for a long enough period

19    of time to have corrected said conditions.

20        42.     The condition of the sidewalk/walkway on which Plaintiff was injured and the acts

21    or omissions of Defendants (including the acts or omissions of their employees acting within the

22    course and scope of their duties) created a reasonably foreseeable risk that Plaintiff would

23    experience the type of fall and suffer the sorts of injuries alleged herein.

24        43.     The violations of the duties enunciated above were the proximate cause of and a

25    substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination set forth in this

26    Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff

27    was, in no way, at fault for the incident wherein she sustained said injuries.

28

14

**ATTACHMENT 1**

**FIFTH CLAIM**

**(Against Defendant City of San Jose and DOES 1-3)**

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND

CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

44.     Plaintiff repleads and incorporate by reference, as if fully set forth hereafter, the

allegations contained in Paragraphs 1 through 43 of this Complaint and incorporate them herein.

45.     At all times relevant to this Complaint, California Civil Code section 54(a) has

provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the

same right as the general public to the full and free use of the streets, highways, sidewalks,

walkways, public buildings. . . public facilities and other public places."

46.     At all times relevant to this Complaint, California Civil Code section 54.1 has

provided that physically disabled persons are not to be discriminated against because of physical

handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as
> other members of the general public, to accommodations, advantages, facilities
> and privileges of all common carriers, airplanes, motor vehicles.. . . or any other
> public conveyances or modes of transportation, telephone facilities, hotels,
> lodging places, places of public accommodation, and amusement or resort, and
> other places to which the general public is invited, subject only to the conditions
> or limitations established by law, or state or other federal regulations, and
> applicable alike to all other persons.

47.     At all times relevant to this Complaint, California Civil Code section 51(b)

provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter
> what their sex, race, color, religion, ancestry, national origin, disability, or medical
> conditions, are entitled to the full and equal accommodations, advantages,
> facilities, privileges, or services in all business establishments of every kind
> whatsoever.

48.     Plaintiff is informed and believes and therefore alleges that the specified public

sidewalk/walkway elements on which she was injured (or related facilities or elements) and the

Government Defendants programs, services and activities of operating a sidewalk are and were

required to be accessible within the meaning of California Government Code sections 4450 and

4451 *et seq.*  Plaintiff is further informed and believes and therefore alleges that the Government

15

ATTACHMENT 1

1  Defendants constructed and/or conducted alterations, structural repairs or additions of the

2  sidewalk/walkway on which Plaintiff was injured or on other property connected therewith, since

3  1968 within the meaning of Government Code sections 4450 *et seq*., including section 4456,

4  thereby requiring provision of access to persons with disabilities, as required by law.

5  Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements

6  that are required to be accessible must be maintained in an accessible condition.  Further, Plaintiff

7  alleges that, at all relevant times, the Government Defendants were required to comply with Title

8  II of the ADA, as more fully set forth in the First Claim, above and failed to do so; including,

9  without limitation, failures in: (i) the design, construction, modification and alteration of elements

10  and facilities in the public right of way or other public properties; (ii) the inspection and

11  maintenance of said elements and facilities so that they remain in an accessible and useable

12  condition; and (iii) the provision of accessible programs, services and activities.

13       49.       Plaintiff and other similarly situated people with mobility disabilities, are unable to

14  use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses

15  and public accommodations on a "full and equal" basis unless each such facility is in compliance

16  with the provisions of California Health & Safety Code sections 4450 *et seq*. and the ADA.

17  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

18  Health & Safety Code sections 4450 *et seq*.

19       50.       On information and belief, the actions and omissions of the Government

20  Defendants, as herein alleged, constitute a denial of access to and use of the described to and use

21  of the described sidewalks, walkways, public buildings, public facilities and other public

22  facilities, businesses and public accommodations by Plaintiff and other similarly situated

23  physically disabled persons within the meaning of Government Code sections 4450 *et seq*.  As a

24  result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in

25  violation of Government Code sections 4450 *et seq*., and of the regulations adopted to implement

26  section 4450 as set forth in the California Code of Regulations, Title 24-2.  A violation of sections

27  4450 *et seq*. constitutes a violation of general anti-discrimination provisions Civil Code sections

28  51(b), 54 and 54.1.

**ATTACHMENT 1**

51.     Each violation of the Americans With Disabilities Act of 1990 (as pled in the First Claim) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA.

52.     Each violation of Plaintiff's rights under section 51 of the Civil Code entitles Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to § 52 of the Civil Code.  Each violation of Plaintiff's rights under §§54 or 54.1 of the Civil Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to §54.3 of the Civil Code.

## CLAIMS AGAINST THE SKYPORT DEFENDANTS RELATING TO THE FAILURE TO PROVIDE ACCESSIBLE PLACES OF PUBLIC ACCOMMODATION IN VIOLATION OF FEDERAL AND STATE CIVIL RIGHTS LAWS

### SIXTH CLAIM

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 21-50)**

[FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

53.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 52 of this Complaint and incorporates them herein.

54.     Based on the facts and allegations above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to the Skyport Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that the Skyport Defendants owned or own, leased or lease and/or

17

ATTACHMENT 1

1   operated or operate a place of public accommodation as the term public accommodation is defined

2   in 42 U.S.C. section12181(7).  The condition of Skyport Defendants' Facility and/or the manner in

3   which Skyport Defendants provided services, failed to provide full and equal access to

4   Defendants' goods and services in public accommodations as required, generally, by the

5   provisions of 42 U.S.C. section12182(a) and 42 U.S.C. section12182(b)(1)(A).  As set forth in this

6   Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U. S.C.

7   sections 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182 (b)(2)(A)(iii), 12183, and 12188 because

8   Plaintiff was denied equal access to and enjoyment of the Facility.

9        55.    Plaintiff has physical disabilities as alleged above because Plaintiff's conditions

10   affect one or more of the following body systems: Neurological, musculoskeletal, special sense

11   organs, and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major

12   life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life

13   activities in the manner, speed and duration when compared to the average person.  Moreover,

14   Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment

15   as required by 42 U.S.C. section 12102(2)(A).

16        56.    One of the specific prohibitions against discrimination under the ADA is set forth

17   in 42 U.S.C. section 12182(b)(2)(A)(iv).  That Section prohibits, in pertinent part: "A failure to

18   remove architectural barriers, and communication barriers that are structural in nature, in existing

19   facilities ... where such removal is readily achievable."

20        57.    Plaintiff alleges, on information and belief, that the removal of each of the specific

21   barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable"

22   pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United

23   States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36).

24   Further, assuming, *arguendo*, that the Skyport Defendants were able to meet their burden of proof

25   that the removal of the defined architectural barriers (or any of them) was or is not "readily

26   achievable," the Skyport Defendants have conspicuously failed to make their goods, services,

27   facilities, privileges, advantages and/or accommodations available through alternative readily

28   achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

18

**ATTACHMENT 1**

58.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . . "

59.     Based on the facts and allegations pled herein, the Skyport Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA.  Additionally, the Skyport Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively and safely navigate the Property.

60.     Plaintiff is informed and believes and based thereon alleges that the Skyport Defendants designed, built and constructed the Facility on or after January 26, 1993, and modified and altered the Facility on or after January 26, 1992, in a manner that affects the usability and accessibility of the Facility.  The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of covered public accommodation properties and commercial facilities.  In this regard, 42 U.S.C. section 12183(a)(1) states that discrimination includes a failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable.  In the instant case, Plaintiff is informed and believes and based thereon alleges that the Facility was constructed after January 26, 1993, and that the barrier that caused her physical injuries and /or the other barriers at the Property, were in existence at the time the Facility was constructed.

61.     As to alterations and modifications of covered public accommodation properties and commercial facilities, the ADA specifically prohibits discrimination caused by failing to design and conduct alterations and modifications in compliance with the Act.  On information and belief Plaintiff alleges that the Skyport Defendants, at times relevant to this Complaint, conducted alterations and modifications at the Property that would have required the elimination of the

19

1   barrier on the sidewalk/walkway that injured Plaintiff and the other surface slope and condition

2   barriers that she has been informed and believes exist at the Facility.  In this regard 42 U.S.C.

3   section 12183(a)(2) states:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

12      62.     Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for

13   and referenced in 42 U.S.C. section12183(a)(2).  As enforceable at the time of the incident

14   alleged herein, Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)    General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>     (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>     (1)    Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>     (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

24      63.     Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel"

25   accessibility work to be conducted in connection with certain alterations. That section, as

26   enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the

20

ATTACHMENT 1

restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e)  Path of Travel.

(1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2)  An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3)  For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

64.      Section 36.403(f), as enforceable as of the time of the incidents alleged herein limits required changes to the path of travel to those changes that are not "disproportionate" to the work being conducted in the area of primary function. Section 36.403(f) states, in pertinent part: "(f) Disproportionality.  (1) Alterations made to provide an accessible path of travel to the altered area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the cost of the alteration to the primary function area."

65.      In the instant case, Plaintiff is informed and believes and based thereon alleges that the Facility was modified and/or altered after January 26, 1992, and that the barrier that caused her physical injuries and/or the other barriers at the Property were created by or should have been remediated or eliminated in connection with said modifications and alterations.

66.      Plaintiff has a need to, and wishes to return to and use the subject Facility but is deterred from doing so; particularly with respect to the conditions where features in or connected to sidewalks, walkways and paths of travel create inaccessible and hazardous abrupt changes in level or demonstrate non-compliant slopes and cross slopes.

//

//

21

**ATTACHMENT 1**

1

**SEVENTH CLAIM**

2

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

3

**Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

4

**Skyport I Limited Partnership and DOES 21-50)**

5

[FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 and CALIFORNIA

6

HEALTH & SAFETY CODE §§ 19953 et seq.]

7

     67.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

8

facts and allegations contained in Paragraphs 1 through 66 of this Complaint and incorporates

9

them herein.

10

     68.     At all times relevant to this Complaint, California Civil Code section 54(a) has

11

provided that:

12

    (a) Individuals with disabilities or medical conditions have the same right as the
    general public to the full and free use of the streets, highways, sidewalks,

13

    walkways, public buildings..., public facilities and other public places.

14

     69.     At all times relevant to this Complaint, California Civil Code section 54.1 has

15

provided that physically disabled persons are not to be discriminated against because of physical

16

handicap or disability in the use of a public accommodation:

17

    . . . [P]hysically disabled persons shall be entitled to full and equal access, as other
    members of the general public, to accommodations, advantages, facilities and

18

    privileges of all common carriers, airplanes, motor vehicles.. . . or any other public
    conveyances or modes of transportation, telephone facilities, hotels, lodging

19

    places, places of public accommodation, and amusement or resort, and other places
    to which the general public is invited, subject only to the conditions or limitations

20

    established by law, or state or other federal regulations, and applicable alike to all
    other persons.

21

     70.     At all times relevant to this Complaint, California Civil Code section 51(b) has

22

provided, in pertinent part:

23

24

    (b) All persons within the jurisdiction of this state are free and equal and no matter
    what their sex, race, color, religion, ancestry, national origin, disability, or medical

25

    conditions, are entitled to the full and equal accommodations, advantages,
    facilities, privileges, or services in all business establishments of every kind

26

    whatsoever.

27

     71.     Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that

28

public accommodations or facilities constructed in this state with private funds adhere to the

**ATTACHMENT 1**

1   provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the

2   Government Code." On information and belief, the provisions of both Health and Safety Code

3   sections 19955 and 19955.5, apply to the Property. Title 24, California Code of Regulations, was

4   in effect at the time of the construction of the Facility and at each alteration, structural repair or

5   modification which, on information and belief, occurred at such Facility, thus requiring access

6   complying with the specifications of Title 24 whenever new construction was undertaken or each

7   such alterations, structural repairs or additions were carried out. On information and belief, the

8   Skyport Defendants designed and constructed the Facility, including but not limited to the

9   sidewalk/walkway on which Plaintiff was injured and/or carried out alterations, structural repairs,

10   or additions to the Facility buildings and other facilities and elements during the period Title 24

11   has been in effect that would have required them to assure the existence of accessible routes,

12   including the sidewalk/walkway where Plaintiff was injured. Additionally, Title 24 requires that

13   buildings, facilities and elements that are required to be accessible must be maintained in an

14   accessible condition. Further, Plaintiff alleges that, at all relevant times, the Skyport Defendants

15   were required to comply with Title III of the ADA, as more fully set forth in the Sixth Claim,

16   above, and on information and belief, failed to do so, including without limitation:  (i) failures in

17   the design, construction, modification and alteration of elements of the Facility;  (ii) failure to

18   remove barriers at the Facility to the extent that the same was readily achievable; (iii) failure to

19   adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies

20   practices and procedures to assure access at the Facility; and (v) failure to maintain elements and

21   features required to be accessible in an accessible and useable condition.

22        72.    Plaintiff and other similarly situated physically disabled persons, including those

23   who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings,

24   public facilities and other public facilities, businesses and public accommodations on a "full and

25   equal" basis unless each such facility is in compliance with the provisions of California Health &

26   Safety Code sections 19953 *et seq*. Plaintiff is a member of that portion of the public whose rights

27   are protected by the provisions of Health & Safety Code sections 19953 *et seq*.

28        73.    The actions and omissions of these Defendants, as herein alleged, constitute a

23

Case 19-30088   Claim# 364 Part 2   Filed 10/21/19   Desc Exhibit A-1   Page 24 of 70

**ATTACHMENT 1**

1  denial of access to and use of the described sidewalks, walkways, public buildings, public facilities

2  and other public facilities, businesses and public accommodations by Plaintiff and other similarly

3  situated physically disabled persons within the meaning of Government Code sections 19953 *et*

4  *seq.*  As a proximate result of Defendants' action and omissions, Defendants have discriminated

5  against Plaintiff in violation of Government Code sections 19953 *et seq.*, and of regulations set

6  forth in the California Code of Regulations, Title 24-2 adopted to implement section 4450.  A

7  violation of these sections and the Title 24-2 regulations adopted thereunder constitutes a violation

8  of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

9      74.     Each violation of the Americans With Disabilities Act of 1990 (as pled in the Sixth

10  Cause of Action) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California

11  Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to

12  California law.  Plaintiff alleges that she has been denied such full and equal access as required by

13  California law which incorporates Title III of the ADA.

14      75.     Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

15  Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to section

16  52 of the Civil Code.  Each violation of Plaintiff's rights under sections 54 or 54.1 of the Civil

17  Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to section 54.3

18  of the Civil Code.

19

20      **EIGHTH CLAIM**

21  **(Against Defendants Pacific Gas & Electric Company, Hudson Skyport Plaza, LLC,**

22  **Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP,**

23  **EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 4-**

24  **100)**

25  [NEGLIGENCE AND NEGLIGENCE PER SE]

26      76.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

27  facts and allegations contained in Paragraphs 1 through 75 of this Complaint and incorporates

28  them herein.

24

**ATTACHMENT 1**

1   77.   At all times herein mentioned the Property where the subject incident that forms the

2   basis of this lawsuit occurred created and/or was in a dangerous condition due to the negligence

3   and other breaches of duty owed to Plaintiff by Defendants.

4   78.   As a proximate result of the dangerous conditions, Plaintiff sustained serious and

5   permanent injuries and attendant damages as set forth herein.

6   79.   The known dangerous conditions, as described above, created a substantial risk of

7   the type of injury alleged herein when the Property was used with due care in a manner in which it

8   was reasonably foreseeable that such Property would be used.

9   80.   At all times relevant to this Complaint, on information and belief, Defendants, and

10   each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified,

11   equipped, supervised, and administered the area which is the subject of this Complaint, such that

12   they were in some manner substantially responsible for property design, construction,

13   maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in

14   the subject area or in the area surrounding the place where the Plaintiff was injured.

15   81.   Defendants, and each of them, through their acts and omissions, created the

16   dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the

17   dangerous conditions.

18   82.   Defendants, and each of them, had the authority and the funds and other means

19   available to take alternative action that would not have created the dangerous conditions.

20   83.   Defendants, and each of them, had the authority and the responsibility to take

21   adequate measures to protect against the dangerous conditions that caused Plaintiff's injuries.

22   84.   Although these Defendants had actual and/or constructive knowledge of the

23   dangerous conditions of the Property they failed to warn the public of the dangerous conditions.

24   85.   Prior to or on or about the date of Plaintiff's injury, these Defendants, their

25   employees, contractors, subcontractors and agents, and each of them, acting within the scope of

26   their employment, were negligent and careless in doing the acts set forth above, which negligence

27   created the dangerous conditions as described herein.

28   86.   These Defendants, and each of them, were further negligent in that they failed to

25

1  monitor and/or inspect their work or the area so as to determine if there were conditions which

2  would develop that would pose a risk of harm to individuals that would be using the public

3  property in a foreseeable manner.  Additionally, Defendants, and each of them, failed to inspect,

4  warn, and perform adequate repair and/or maintenance of the Property.

5      87.    Defendants, their employees, contractors, subcontractors and agents, and each of

6  them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and

7  knew or should have known of their dangerous character in that the condition had existed for a

8  sufficient period of time, and was of such a nature that Defendants, in the exercise of due care

9  should have discovered the conditions and their dangerous character within a sufficient period of

10 time prior to the occurrence of the accident to have taken measures to protect against the

11 dangerous conditions.

12     88.    At all times, Defendants failed to install any safety and/or preventative measures to

13 guard against accidents in the area of the Property at issue.

14     89.    As a result of such negligence, Plaintiff has sustained damages.

15     90.    At all times, Plaintiff was owed a duty of reasonable care to prevent injury to

16 members of the public, including Plaintiff, by Defendants.  Through their acts and omissions,

17 Defendants breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such

18 acts and/or omissions by Defendants, Plaintiff suffered personal injuries and attendant damages.

19 As such, Defendants are liable to Plaintiff.

20     91.    Plaintiff in no way contributed nor was she in any way at fault for any of the

21 injuries she sustained and the negligence of defendants as alleged herein above was a substantial

22 factor in Plaintiff's fall and injury.

23     92.    As and to the extent that the Skyport Defendants, PG&E, as well as any other

24 Defendant, violated any statute, law or ordinance designed to protect against the sorts of risks that

25 caused Plaintiff's fall and injuries, including but not limited to the ADA, sections 51, 54, 54.1 of

26 the California Civil Code, sections 19953 *et seq*. of the California Government Code, Title 24-2 of

27 the California Code of Regulations and section 14.16.2200 of the San Jose Municipal Code

28 concerning the construction, modification, alteration, inspection and maintenance of features

Case 19-30088   Doc# 3270-1   Filed 06/30/21   Entered 06/30/21 11:31:  Page 7 of
Case 19-30088   Claim# 39764 Part 2   Filed 10/23/19   Desc Main Document   Page
30 of 70

ATTACHMENT 1

1  designed to provide for safe and accessible conditions for people with disabilities or the general

2  public the negligence of said Defendants constitutes negligence *per se.*

3      93.     To the extent that any of the negligent acts or omissions alleged herein were the

4  result of the negligence of any Defendant's employees acting in the course and scope of their

5  employment, said Defendants are liable for the acts or omissions of said employees under the

6  principles of *respondeat superior.*

7                          **NINTH CLAIM**

8      **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

9  **Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

10                 **Skyport I Limited Partnership and DOES 21-50)**

11      [FOR VIOLATION OF SAN JOSE MUNICIAPAL CODE SECTION 14.16.2200]

12      94.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

13  facts and allegations contained in Paragraphs 1 through 93 of this Complaint and incorporates

14  them herein.

15      95.     At all times relevant to this Complaint, Subsection B of section 14.16.2200 of the

16  San Jose Municipal Code has stated:

17      B. The owners of lots or portions of lots adjacent to or fronting on any portion of
       a sidewalk area between the property line of the lots and the street line, including
18      parking strips, sidewalks, curbs and gutters, and persons in possession of such lots
       by virtue of any permit or right shall repair and maintain such sidewalk areas and
19      pay the costs and expenses therefore, including a charge for the city of Jose's
       costs of inspection and administration whenever the city awards a contract for
20      such maintenance and repair and including the costs of collection of assessments
       for the costs of maintenance and repair under subsection A of this section or
21      handling of any lien places on the property due to failure of the property owner to
       promptly pay such assessments.
22

23      96.     At all times relevant to this Complaint, Subsection C of section 14.16.2200 of the

24  San Jose Municipal Code has stated:

25      C.  For the purposes of this part, maintenance and repair of sidewalk area shall
       include, but not be limited to, maintenance and repair of surfaces including
26      grinding, removal and replacement of sidewalks, repair and maintenance of curb
       and gutters, removal and filling or replacement of parking strips, removal of
27      weeds and/or debris, supervision and maintenance of signs allowed pursuant to
       Section 23.04.340 and Section 23.04.830, tree root pruning and installing root
28      barriers, trimming of shrubs and/or ground cover and trimming shrubs within the

                                   27

ATTACHMENT 1

area between the property line of the adjacent property and the street pavement line, including parking strips and curbs, so that the sidewalk area will remain in a condition that is not dangerous to property or persons using the sidewalk in a reasonable manner and will be in a condition which will not interfere with the public convenience in the use of said sidewalk area.

97.     At all times relevant to this Complaint, Section 14.16.2205 of the San Jose Municipal Code has stated:

14.16.2205 Liability for injury to public.  The property owner required by Section 14.16.2200 to maintain and repair the sidewalk area shall owe a duty to members of the public to maintain the sidewalk area in a safe and nondangerous condition. If, as a result of any property owner to maintain the sidewalk area in a nondangerous condition as required by Section 14.16.2200, any person suffers injury or damage to person or property, the property owner shall be liable to such person for the resulting damages or injury.

98.     At all times relevant to this Complaint, one or more of the Skyport Defendants owns and/or owned the Property and was required to maintain the sidewalk/walkway where the Plaintiff was injured in a safe and nondangerous condition.  The failure of the Skyport Defendants to discharge this duty resulted in the injuries to Plaintiff set forth herein and said defendants are therefore liable for Plaintiff's injuries per section 14.16.2205 of the San Jose Municipal Code.

WHEREFORE, Plaintiff prays that this Court:

## PRAYER FOR RELIEF

### AS TO CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CLIAMS

1.     Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address violations  of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim) directing that the Government Defendants -- as current owners and operators of the subject public sidewalk, walkway, and path of travel programs, services, activities, and facilities -- modify the above-described subject public sidewalk, walkway, and path of travel programs, services, activities, and facilities so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to these programs, services and activities in a "full and equal" manner; and to maintain each such subject public sidewalk, walkway, and path of travel program, service,

28

**ATTACHMENT 1**

1   activity and facility in an accessible and non-hazardous condition; and to continue to maintain

2   adequate subject public sidewalks, walkways, and path of travel programs, services, activities,

3   and facilities for use by disabled persons so long as any such public sidewalks, walkways, and

4   path of travel programs, services, activities, and facilities are maintained for the use of able-

5   bodied persons. Particularly, Plaintiff seeks an injunction that would require said Defendants to

6   provide sidewalk and walkway features that do not contain inaccessible abrupt changes of level in

7   excess of ¼"and to establish protocols for the inspection of sidewalks and walkways that would

8   detect and eliminate said barriers;

9       2.    Retain jurisdiction over the Government Defendants until such time as the Court is

10   satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance

11   of inaccessible subject public sidewalk, walkway, and path of travel programs, services, activities,

12   and facilities as complained of herein no longer occur, and will not recur;

13       3.    Award to Plaintiff all appropriate damages, including but not limited to statutory

14   damages, special damages, general damages in an amount within the jurisdiction of the Court,

15   according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set

16   forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the

17   Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under

18   sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth

19   Claims, respectively).  Additionally, Plaintiff seeks up to three times her actual damages for each

20   violation of section 51 of the California Civil Code (per section 52 of the California Civil Code)

21   and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the

22   California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an

23   award of damages under section 52 or section 54.3;

24       4.    Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this

25   proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29

26   U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under

27   section 52 of the California Civil Code for violation of section 51 of the California Civil Code,

28   and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under

**ATTACHMENT 1**

1    California Code of Civil Procedure 1021.5;

2         5.       Award prejudgment interest pursuant to California Civil Code section 3291; and

3         6.       Grant such other and further relief as this Court may deem just and proper.

4

5    **AS TO CLAIMS AGAINST THE SKYPORT DEFENDANTS FOR THE SIXTH AND**

6    **SEVENTH CLAIMS AND NINTH CLAIMS**

7         1.       Issue a preliminary and permanent injunction under 42 U.S.C. section 12188 to

8    address violations  of Title III of the ADA as pled in the Sixth Claim, under section 52 of the

9    California Civil Code to address violations of section 51 as pled in the Seventh Claim; and under

10   section 55 of the Civil Code to address violations of section 54 *et seq*. of the California Civil

11   Code as pled in the Seventh Claim and directing those of the Skyport Defendants that currently

12   own or operate the Property to eliminate all barriers access at the Property including, without

13   limitation, the sidewalk/walkway barrier that caused Plaintiff's injuries and other surface slope

14   barriers at the Property;

15        2.       Retain jurisdiction over those of the Skyport Defendants that currently own or

16   operate the Property until such time as the Court is satisfied that said Defendants' unlawful

17   policies, practices, acts and omissions, and maintenance of inaccessible subject sidewalk,

18   walkway, and paths of travel as complained of herein no longer occur, and will not recur;

19        3.       Award to Plaintiff all appropriate damages, including but not limited to statutory

20   damages, special damages, and general damages and up to three times her actual damages for

21   each violation of section 51 (per section 52 of the Civil Code) and each violation of section 54

22   and section 54.1 of the California Civil Code (per section 54.3 of the California Civil Code);

23   provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under

24   section 52 or section 54.3 and award Plaintiff all of her general and special damages under per

25   section 14.16.2205 of the San Jose Municipal Code;

26        4.       Award to Plaintiff all reasonable attorneys' fees, litigation expenses and costs of

27   this proceeding, as provided by 42 U.S.C. section 12205 for violations of Title III of the ADA;

28   section 52 of the Civil Code for violation of section 51 of the Civil Code, under section 54.3 of the

**ATTACHMENT 1**

1   California Civil Code for violation of sections 54 and 54.1 of the California Civil Code and under

2   California Code of Civil Procedure 1021.5;

3        5.     Award prejudgment interest pursuant to Civil Code section 3291; and

4        6.     Grant such other and further relief as this Court may deem just and proper.

5

6    **AS TO CLAIMS AGAINST ALL DEFENDANTS OTHER THAN THE GOVRNMENT**

7                **DEFENDNATS FOR THE EIGHTH CLAIM**

8        1.     For general and special damages pursuant to California Civil Coder sections 3281

9   and 3333, and/or under common law;

10       2.     Award prejudgment interest pursuant to Civil Code section 3291; and

11       3.     Grant such other and further relief as this Court may deem just and proper.

12

13   DATED:  June 21, 2017           DERBY McGUINNESS & GOLDSMITH LLP

14

15

16                          By  */s/ Celia McGuinness*

17                              Celia McGuinness, Esq.
                             Attorney for Plaintiff

18

19                    **DEMAND FOR JURY**

20     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

21

22                         DERBY McGUINNESS & GOLDSMITH LLP

23   DATED:  June 21, 2017

24

25                          By  */s/ Celia McGuinness*
                             Celia McGuinness, Esq.

26                              Attorney for Plaintiff

27

28

**ATTACHMENT 1**

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CRISTINA MENDOZA

**(b)** County of Residence of First Listed Plaintiff | Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

STEVEN L. DERBY, Esq., ANTHONY GOLDSMITH, Esq., CELIA MCGUINNESS, Esq.
DERBY, McGUINNESS & GOLDSMITH, 200 Lakeside Drive, Suite A, Oakland, CA 94612
Telephone: 510/987-8778; Fax: 510/359-4419

## DEFENDANTS

CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPERTIES LP, a California limited partnership, EOP OPERTAING LIMITED PARTNERSHIP, LP, a Delaware limited partnership; SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1-100, Inclusive, Defendants

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' / Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | Liability / 368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans | 340 Marine / Injury Product Liability | | 840 Trademark | 460 Deportation |
| (Excludes Veterans) | 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal / 380 Other Personal | 751 Family and Medical | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | Injury / Property Damage | Leave Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | 362 Personal Injury - / 385 Property Damage | 790 Other Labor Litigation | | 893 Environmental Matters |
| **REAL PROPERTY** | Medical Malpractice / Product Liability | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 440 Other Civil Rights | **Habeas Corpus:** | 871 IRS–Third Party 26 USC § 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 441 Voting | 463 Alien Detainee | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 442 Employment | 510 Motions to Vacate Sentence | | |
| 245 Tort Product Liability | 443 Housing/ Accommodations | 530 General | | |
| 290 All Other Real Property | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | |
| | [x] 446 Amer. w/Disabilities– Other | **Other:** | | |
| | 448 Education | 540 Mandamus & Other | | |
| | | 550 Civil Rights | **IMMIGRATION** | |
| | | 555 Prison Condition | 462 Naturalization Application | |
| | | 560 Civil Detainee– Conditions of Confinement | 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation–Transfer
- [ ] 8  Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans With Disabilities Act of 1990; 42 USC 12101ff; including 42 USC 12181 et seq

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE                              DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only)   [ ] SAN FRANCISCO/OAKLAND   [x] SAN JOSE   [ ] EUREKA-MCKINLEYVILLE

DATE: 06/21/2017        SIGNATURE OF ATTORNEY OF RECORD: /s/ Celia McGuinness

**ATTACHMENT 1**

# United States Bankruptcy Court, Northern District of California

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

## Official Form 410

> Debtor Pacific Gas and Electric Company has listed your claim on Schedule E/F, Part 2 as a Contingent, Unliquidated and Disputed General Unsecured claim in an Undetermined amount. You must timely file a proof of claim or be forever barred from recovery.

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Mendoza, Cristina |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |
| 2 | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? _____ |
| 3 | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |

Cristina Mendoza
c/o Law Office of Robert B. Kopelson
75 E. Santa Clara Street, Suite 1180
San Jose, CA 95113

Christina Mendoza
c/o Derby, McGuiness, and Goldsmith
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Contact phone _____

Contact email _____       Contact email _____

| | | |
|---|---|---|
| 4 | Does this claim amend one already filed? | ☒ No<br>☐ Yes. Claim number on court claims registry (if known)_____ |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

Filed on _____
MM / DD / YYYY

193008900923755

6. Do you have any number you use to identify the debtor?

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. How much is the claim?  $ ___3,000,000.00___  Does this amount include interest or other charges?

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

___Personal Injury___

9. Is all or part of the claim secured?

☒ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured:  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.

Amount necessary to cure any default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

10. Is this claim based on a lease?

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

11. Is this claim subject to a right of setoff?

☒ No

☐ Yes. Identify the property _____

**ATTACHMENT 1**

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

Amount entitled to priority

$ _____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7)

$ _____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8)

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.

$ _____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box.

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/25/2019   (mm/dd/yyyy)

Signature

Print the name of the person who is completing and signing this claim:

Name          Robert B. Kopelson

First name                  Middle name                  Last name

Title          Attorney at Law

Company        _____

Identify the corporate servicer as the company if the authorized agent is a servicer

Address        75 E. Santa Clara Street, Suite 1180

Number        Street

San Jose                                  CA          95113

City                                      State      ZIP Code

Contact phone  (408) 293-4000                Email   kopelaw@hotmail.com

Case: 19-30088   Doc# 10764-1   Filed: 06/09/21   Entered: 06/09/21 11:21:21   Page
Case: 19-30088   Claim# 34-2 Part 1   Filed 09/30/2019   Desc Main Document   Page 8 of 9
Proof of Claim
39 of 70

**ATTACHMENT 1**

1  Robert Kopelson, Esq. (SBN 83523)
   Law Office of Robert B. Kopelson
2  75 E. Santa Clara Street, Suite 1180
   San Jose, CA  95113
3  Telephone:  (408) 293-4000
   Facsimile:  (408) 293-8369
4  Email: kopelaw@hotmail.com

5  Steven L. Derby, Esq. (SBN 148372)
   Anthony E. Goldsmith, Esq. (SBN 125621)
6  Celia McGuinness, Esq. (SBN 159420)
   DERBY McGUINNESS & GOLDSMITH LLP
7  200 Lakeside Drive, Suite A
   Oakland, CA  94612
8  Telephone:  (510) 987-8778
   Facsimile:  (510) 359-4419
9  Email: info@dmglawfirm.com

10 Attorney for Plaintiff
   CRISTINA MENDOZA

11

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15 CRISTINA MENDOZA,                    CASE NO.

                 Plaintiff,            Civil Rights
16
        v.                            COMPLAINT FOR INJUNCTIVE RELIEF
17 CITY OF SAN JOSE, PACIFIC GAS &     AND DAMAGES
   ELECTRIC COMPANY, a California
18 registered domestic stock corporation,
   HUDSON SKYPORT PLAZA, LLC, a        DEMAND FOR JURY TRIAL
19 Delaware limited liability company,
   HUDSON SKYPORT PLAZA LAND,
20 LLC, a Delaware limited liability company,
   HUDSON PACIFIC PROPERTIES, INC.,
21 a Maryland corporation, SPIEKER
   PROPERTIES LP, a California limited
22 partnership, EOP OPERTAING LIMITED
   PARTNERSHIP, LP, a Delaware limited
23 partnership CA – SKYPORT I LIMITED
   PARTNERSHIP, a Delaware limited
24 partnership; and DOES 1-100, Inclusive,
   Defendants
25
                 Defendants.
26

27

28

                              1
       COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff CRISTINA MENDOZA complains of Defendants CITY OF SAN JOSE Hudson

2   Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker

3   Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership, Pacific

4   Gas & Electric Company and DOES 1-100, inclusive, and each of them, and alleges as follows:

5

6   **INTRODUCTION**

7   1.      This case involves the denial of accessible and safe sidewalks, walkways, and

8   paths of travel to Plaintiff CRISTINA MENDOZA ("Plaintiff" or "Ms. Mendoza"), a qualified

9   person with a disability, in connection with a sidewalk and walkways or portions thereof that

10  were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or

11  inspected and/or subject to modifications and alterations by Defendants; as well as Plaintiff

12  having been subjected to and severely injured by hazardous conditions created or allowed to exist

13  by such Defendants. Additionally, Plaintiff is informed and believes and based thereon alleges

14  that other inaccessible conditions, including, but not limited to, excessively sloped routes and

15  pedestrian surfaces and paths of travel, exist at and about the property commonly known as 1650

16  Technology Drive, San Jose California and developed common areas associated therewith and

17  create a violation of her State and federal civil rights as well as posing a hazard to her and other

18  similarly situated persons.

19  2.      As a result of the inaccessible and hazardous facilities, conditions and elements

20  and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries as

21  well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person

22  with a disability" or "physically handicapped person," who is mobility impaired, and unable to

23  safely use portions of walkways, sidewalks and other public facilities that are not fully accessible

24  to physically disabled persons.

25  3.      Plaintiff seeks injunctive relief; recovery of damages for both the personal injuries

26  she incurred and the violation of her civil rights as well as the recovery of reasonable attorney

27  fees, litigation expenses and costs.

28

2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction of this action pursuant to:  (a) 28 USC §
1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42
U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the
Rehabilitation Act of 1973; and (c) 28 U.S.C. § 1367 for supplemental jurisdiction over attendant
and related causes of action arising from the same nucleus of facts and brought under California
law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1, violations of
California Government Code §§ 815.6, and 835 and common law negligence.  This court also has
jurisdiction over Plaintiff's claims for declaratory or injunctive relief pursuant to the ADA, the
Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure
and State law authorizing injunctive relief.

5.    Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's
claims arose within the Judicial District of the United States District Court of the Northern
District of California. This case is properly filed in the San Jose intradistrict as the incident
occurred in the City of San Jose, the property at issue is located in the City of San Jose and one or
more of the Defendants resides in the City of San Jose.

**PARTIES**

6.    Plaintiff is and at all times relevant to this Complaint was, a "physically disabled
person" and a "person with disabilities," as these terms are used under California law and under
federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and the ADA.
The terms "physically disabled person," "person with a disability" and a "person with
disabilities" will be used interchangeably throughout this Complaint.  Ms. Mendoza requires the
use of a wheelchair for mobility.

7.    Defendant CITY OF SAN JOSE and DOES 1-3 (collectively, the "Government
Defendants") are public entities that on information and belief, at all times relevant to this
Complaint designed and/or constructed and/or modified and/or maintained and/or inspected
and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3

Case 19-30088   Doc# 7614-1   Filed 06/09/21   Entered 06/09/21 11:21:81   Page 91
42 of 70

ATTACHMENT 1

1    inspection or modification of the sidewalk / walkway area where Plaintiff was injured.  At all

2    relevant times, Defendant PACIFIC GAS & ELECTRIC COMPANY, a California registered

3    domestic stock corporation (hereinafter, PG&E) and DOES 4-20 are entities that, on information

4    and belief, at all times relevant to this Complaint, designed and/or constructed and/or modified

5    and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the

6    design, construction, maintenance, inspection or modification of the sidewalk/walkway area

7    where Plaintiff was injured or some portion thereof. Defendants  HUDSON SKYPORT PLAZA,

8    LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a

9    Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland

10   corporation, SPIEKER PROPERTIES, LP, a California limited partnership, EOP OPERTAING

11   LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED

12   PARTNERSHIP, a Delaware limited partnership and DOES 21-50 (collectively, the "Skyport

13   Defendants") are on information and belief entities that, at all times relevant to this Complaint,

14   designed and/or  constructed and/or altered and/or modified and currently own and/or operate (or

15   at relevant times in the past, owned and/or operated) a property used as a place of public

16   accommodation located in the city of San Jose, California at 1650 Skyport Drive and commonly

17   known as Skyport Plaza (including ownership and operation of the sidewalk / walkway area

18   where Plaintiff was injured). The property located at 1650 Skyport Drive in the City of San Jose

19   (including all walks, sidewalks and paths of travel threat) shall be referred to herein as the

20   "Property" or the "Facility." On information and belief, Defendant DOES 51-65 are or were

21   agents, contractors, subcontractors or employees of Defendant CITY OF SAN JOSE or other

22   DOE Defendants; DOES 66-80 are or were agents, contractors, subcontractors or employees of

23   PG&E or other DOE Defendants; and DOES 80-100 are or were agents, contractors,

24   subcontractors or employees of one or more of the Skyport Defendants or other DOE Defendants.

25   On information and belief, Defendants CITY OF SAN JOSE, the Skyport Defendants and DOES

26   1-3 and 21-50 wrongfully discriminated against Plaintiff on the basis of her disability as part of a

27   joint venture and common enterprise.  Based on information and belief, Plaintiff alleges that all

28   the named Defendants and DOE Defendants were negligent in connection with the manner in

4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   which they designed and/or constructed and/or modified and/or maintained and/or inspected

2   and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3   inspection or modification, alteration of the sidewalk / walkway area where Plaintiff was injured.

4        8.      Plaintiff does not know the identities of DOES 1-100 at this time and prays leave

5   to substitute the true names of each such Defendant when they have been ascertained.

6        9.      Plaintiff does not know the relative responsibilities of the Defendants with respect

7   to the responsibility for the  design, construction, modification, alteration, maintenance or

8   inspection of the operation of the programs, services, activities, public accommodations, facilities

9   and elements herein complained of, and alleges a joint venture and common enterprise by

10  Defendants  in the ownership and/or operation of each such program, service, activity, public

11  accommodation public accommodations, facilities and elements.  Plaintiff is informed and

12  believes that each of the Defendants herein is the agent, servant, employee, representative, joint

13  venturer and/or common enterprise affiliate of each of the other Defendants, and performed all

14  acts and omissions stated herein within the scope of such agency or employment or representative

15  capacity or joint venture or common enterprise and is responsible, in some manner, for the acts

16  and omissions of the other Defendants in proximately causing the damages complained of herein.

17       10.     Plaintiff is informed and believes and on that basis alleges that each of the named

18  Defendants and each of the fictitiously named Defendants are legally responsible in some manner

19  for the occurrences herein alleged and that the injuries as alleged herein were caused by the acts

20  and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these

21  certain Defendants as an entity distinct from certain other Defendants would permit an abuse of

22  the corporate privilege and would sanction fraud and/or promote injustice.

23

24                     **GOVERNMENT CLAIM FILED**

25       11.     Plaintiff made timely claims for damages to Defendant CITY OF SAN JOSE on

26  December 13, 2016.  The Defendant CITY OF SAN JOSE rejected Plaintiff's claim effective

27  December 22, 2016.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1      **FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS**

2        12.    On the evening of June 16, 2016, Plaintiff had dinner at the Sonoma Chicken Coop

3 restaurant located at the Property.  Plaintiff left the restaurant at about 8:30 p.m. from the doors

4 that lead out to the parking lot of the Property. She was accompanied by her roommate. Plaintiff

5 had called for an Uber ride to pick her and her roommate up and take them home. Plaintiff and

6 her roommate decided to head to the corner of Skyport Drive and Technology Drive to meet their

7 ride. They transited the walkway that led from the south door of the restaurant to the main

8 sidewalk/walkway on the east side of Technology Drive. They proceeded north on the sidewalk/

9 walkway. Before reaching the southeast corner of Technology Drive and Skyport Drive, the front

10 wheels of Plaintiff's wheelchair hit a raised portion the south edge of the sidewalk/walkway

11 section immediately north of a utility vault lid or cover. The section of sidewalk/walkway she was

12 on demonstrated concrete chipping and spalling, leaving dangerous gouges/divots such that the

13 sidewalk section just north of and adjacent to the divot/gouge was 1 ½" or higher.  The section of

14 sidewalk/ walkways she was on was lower than the adjoining section to the north, particularly on

15 its left side. When Plaintiff's wheelchair wheels struck the higher edge of the sidewalk/walkway,

16 it caused Plaintiff's wheelchair to abruptly stop, which caused her to fall forward out of her

17 wheelchair onto the sidewalk / walkway, fracturing her right femur. The sidewalk/walkway in

18 question was in a patently dangerous condition, as well as exhibiting non-compliance with State

19 and federal disability rights laws, codes and regulations as set forth herein, in the area where

20 Plaintiff was injured. At all relevant times, the Property, including the area of sidewalk/walkway

21 on which Plaintiff was injured, was required to meet the standards of the ADA, including but not

22 limited to the regulations set forth in 28 C.F.R. Part 36 (as to public accommodations) and 28

23 C.F.R. Part 35 (as to governmental entities).  Compliance with the above regulations includes but

24 is not limited to compliance Americans with Disabilities Act Accessibility Guidelines (as the

25 same have been set forth, modified and incorporated into 28 C.F.R. Part 36 and 28 C.F.R. Part

26 35).  In addition, at all relevant times, all construction, modifications, alterations, structural

27 repairs and the like have been governed by the provisions of Title 24-2 of the California Code of

28 Regulations (the "California Building Code"). At all relevant times both federal and State

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  regulations required that accessible routes (including the sidewalk/walkway where Plaintiff was

2  injured, demonstrate compliant slopes and cross slopes and avoid demonstrating abrupt changes

3  in level in excess of ¼" (or ½" if beveled at 2:1).

4      13.    There were no signs that warned of the dangerous conditions that caused

5  Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk/walkway with

6  due care), adequate time to prepare for and/or avoid the dangerous condition.

7      14.    Plaintiff sustained the injuries and loses described herein as a result of the

8  negligence and violation of disabled access and safety standards protecting disabled persons and

9  others by Defendants and their employees and/or agents and/or contractor and/ or subcontractors

10  and the acts and omissions of Defendants and their employees and/or agents and/or contractors

11  and/ or subcontractors were a substantial factor in Plaintiff's injuries and other damages.

12      15.    As a result of the aforementioned incident, Plaintiff sustained serious and

13  permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for,

14  *inter alia* medical care, medicines, medical imaging, hospitalizations, surgeries and related care,

15  and will, in the future, be compelled to incur additional obligations.  Plaintiff's income and career

16  as a real estate professional have been impacted by the injuries she sustained and her loss of

17  income continues to accrue and on information and belief, impact her future earning capacity.

18      16.    As a result of Defendants' failures to provide a safe and accessible

19  sidewalk/walkway, Plaintiff has, in addition to the injuries and losses described in paragraph 15

20  and elsewhere herein, suffered denial of her civil rights; including the denial to her right to full

21  and equal access to public facilities and public accommodations, and programs services and

22  activities, all to her general, special and statutory damages.  Moreover, as a result of her injuries

23  and the inaccessible condition of the Property and sidewalk/walkway, Plaintiff has been deterred

24  from returning to use the Property, sidewalks, walkways, and paths of travel in question and thus

25  suffered a denial of her civil rights that continues to the date of filing this Complaint.

26      17.    On information and belief, Plaintiff alleges that at all times herein mentioned,

27  Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of

28  injury of the type suffered by Plaintiff, with sufficient time to eliminate the defects and dangers in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case 1:19-00083   Doc#39-4 Filed 06/09/21 Entered 06/09/21 11:13:10 Desc
46 of 70   **ATTACHMENT 1**

1   question and failed to eliminate said defects and dangers.  The subject sidewalks, walkways, and

2   paths of travel, and their signing, configuration, and construction, which resulted from negligent,

3   inadequate and/or incomplete property design, construction and/or maintenance, and/or

4   modification or alteration, and/or inspection and/or other unusual conditions, in conjunction with

5   the lack of warnings, given what the  Defendants knew or should have known about the

6   conditions of use, constituted a trap for wheelchair users and others traveling on the

7   aforementioned sidewalk/walkway and exposed wheelchair users and others, including Plaintiff,

8   to a significant risk of being injured by the dangerous conditions set forth above. Though the

9   dangerous conditions in question posed a special and unique risk to people who use wheelchairs,

10  the conditions were so hazardous as to pose a danger to any member of the general public.

11      18.      Plaintiff is informed and believes and on that basis alleges, that Defendants owed a

12  duty of care to Plaintiff to design, construct, alter, modify, inspect and maintain the subject

13  property with reasonable care, that Defendants failed to exercise such care and diligence, and that

14  the result of Defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant

15  damages.  Additionally, Plaintiff avers that the condition of the sidewalk/walkway on which she

16  was injured was so patently dangerous that Defendants intentionally allowed the condition to

17  exist or that it was allowed to exist because of deliberate indifference on the part of Defendants to

18  the fate of Plaintiff and people similarly situated.

19      19.      Plaintiff is informed and believes that Defendants owned and/or operated and/or

20  designed and/or constructed and/or modified/altered and/or maintained and/or inspected and/or

21  exerted control over the design, construction, maintenance, inspection, modification of the

22  sidewalk/ walkway area where Plaintiff was injured at all times relevant in this Compliant.

23

24  **CLAIMS AGAINST THE GOVERNMENT DEFENDANTS**

25  **FIRST CLAIM**

26  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

27  [FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH

28  DISABILITIES ACT OF 1990]

8

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1       20.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

2   facts and allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates

3   them herein.

4       21.    At all times herein mentioned, Plaintiff was entitled to the protections of the

5   "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by

6   any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section

7   202 of Title II, no qualified individual with a disability shall, by reason of such disability, be

8   excluded from participation in or be denied the benefits of the "services, programs or activities"

9   of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times

10  relevant herein, a qualified individual with a disability for all purposes under the ADA.

11      22.    In violation of Title II of the ADA, the Government Defendants have failed to

12  ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the

13  "services, programs and activities" of its public sidewalk, walkway, and pathway system and

14  facilities.  By reason of Defendants' discriminatory policies regarding the failure to provide

15  accessible and useable elements, features and conditions in and to its public sidewalk, walkway,

16  and pathway system, so as to render them "accessible to and useable by" mobility impaired

17  persons, the Government Defendants have intentionally discriminated against Plaintiff in

18  violation of Title II of the ADA and the regulations adopted to implement the ADA:  including

19  those regulations governing: (i) the design, construction, modification and alteration of elements,

20  features and facilities in the public right or on or at other public properties; (ii) the inspection and

21  maintenance of said elements, features, facilities or other public properties so that they remain in

22  an accessible and useable condition; and (iii) and the provision of accessible programs, services

23  and activities; all as set forth and mandated  in 28 C.F.R. Part 35.

24      23.    On information and belief, to the date of filing of this Complaint, the Government

25  Defendants have failed to make the subject sidewalk/walkway where Plaintiff was injured

26  accessible to and useable by people with disabilities and/or assure that both said Defendants and

27  third parties design, construct, alter, inspect and maintain sidewalks/walkways and features within

28  and connected to sidewalks/walkways (including utility vaults), in a useable and accessible

9

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  condition, as required by law.

2      24.    Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

3  walkway, and path of travel programs, services, activities, and facilities complained of herein,

4  and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

5  services, activities, and facilities until they are made accessible; particularly with respect to the

6  conditions where features in or connected to sidewalks and walkways create inaccessible and

7  hazardous abrupt changes in level.  Plaintiff avers that, based on the condition of the features she

8  encountered, that Defendants intentionally violated the ADA and other disability rights laws as

9  demonstrated, at the least, through deliberate indifference to the needs and safety of people with

10  disabilities as to the condition of sidewalks and walkways and elements and features contained

11  therein.

12

13  **SECOND CLAIM**

14  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

15  [FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

16      25.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

17  facts and allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates

18  them herein.

19      26.    Plaintiff avers, on information and belief, that the Defendants CITY OF SAN

20  JOSE and DOES 1-3 are each a government agency existing under the laws of the State of

21  California with responsibility for, *inter alia*, owning, operating and maintaining the subject public

22  sidewalk, walkway, and path of travel programs, services, activities, and facilities described

23  hereinabove.  Plaintiff is informed and believes and thereon alleges that the Government

24  Defendants, and each of them, has been a recipient of federal financial assistance and that part of

25  that financial assistance was and is used to fund the construction, alteration, and operations of the

26  subject public sidewalk, walkway, and path of travel programs, services, activities, facilities, and

27  other related functions.

28      27.    The Government Defendants have, on information and belief, failed to ensure that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1   individuals with physical disabilities such as Plaintiff are not excluded from the "services,

2   programs and activities" of its public sidewalk, walkway, and pathway system and facilities.  By

3   reason of Defendants' discriminatory policies regarding  the failure to provide  accessible

4   elements, features and conditions in and to its public sidewalk, walkway, and pathway system, so

5   as to render them "accessible to and useable by" mobility impaired persons, Defendants have

6   intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act

7   of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder:  including those

8   regulations governing: (i) the design, construction, modification and alteration of elements and

9   facilities in the public right of way or other public properties;  (ii) the inspection and maintenance

10  of said elements and facilities so that they remain in an accessible and useable condition; and (iii)

11  and the provision of accessible programs, services and activities.

12       28.     Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

13  walkway, and path of travel programs, services, activities, and facilities complained of herein,

14  and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

15  services, activities, and facilities until they are made accessible; particularly with respect to the

16  conditions where features in or connected to sidewalks and walkways create inaccessible and

17  hazardous abrupt changes in level.

18

19                              **THIRD CLAIM**

20              **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

21       [FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT

22      AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT

23                            CODE § 815.6)]

24       29.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

25  facts and allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates

26  them herein.

27       30.     Section 815.6 of the California Government Code provides that, where a public

28  entity is under a mandatory duty imposed by an enactment that is designed to protect against the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately

2    caused by its failure to discharge the duty unless the public entity establishes that it exercised

3    reasonable diligence to discharge the duty.

4        31.    On information and belief, the Government Defendants did not discharge a

5    number of statutorily mandated duties imposed by federal and State statutes and regulations, as

6    enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff

7    and other people with disabilities from discrimination and injuries.  These duties include those set

8    forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation

9    of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of

10   sections 51, 54 and 54.1 of the California Civil Code.  Each of these laws, statutes and regulations

11   were designed to prevent the acts of discrimination and injuries, including the physical injuries,

12   suffered by Plaintiff.

13       32.    Discovery has not commenced; investigation is only in its initial stages and is

14   limited because Defendants have control of access to staff and records and information material

15   to these claims.  After discovery is underway, Plaintiff may learn more about other and additional

16   mandatory duties that were violated and had a causal effect on the events and damages

17   complained of herein.  Therefore, Plaintiff intends to seek leave to amend this Complaint

18   accordingly, as may become appropriate, up to the time of trial.

19       33.    As set forth herein, Plaintiff is a person with a disability and is in all respects

20   qualified and able to use public sidewalks, walkways, and paths of travel.  The Government

21   Defendants have (and at all relevant times herein had) a duty to provide safe and accessible paths

22   of travel on sidewalks, walkways and paths of travel that they own, operate, and maintain or over

23   which they otherwise exert control or responsibility.  Plaintiff is informed and believes and based

24   thereon alleges that the Government Defendants were/are aware of the discriminatorily

25   inaccessible and hazardous conditions of subject sidewalk/walkway where Plaintiff was injured.

26   Plaintiff is informed and believes and based thereon alleges that, despite knowing of these

27   discriminatorily inaccessible and hazardous conditions, the Government Defendants did not

28   exercise reasonable diligence or take appropriate steps to eliminate or mitigate these conditions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     On information and belief, the Government Defendants failed to discharge the duties referenced herein, thereby discriminating against Plaintiff and endangering her as well as other persons similarly situated.

35.     The Government Defendants are statutorily liable under sections 815.2 and 815.4 of the California Government Code for the negligence and misconduct of their employees and contractors in violating Government Code section 815.6, as such negligence and misconduct occurred within the scope of their employment.  The failure and refusal of the employees or contractors of the Government Defendants to abide by the mandates of California Government Code section 815.6 was, on information and belief, not the result of any exercise of discretion vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of contractors of Defendants had a duty to abide by the mandates of section 815.6 and all similar statutes designed to prevent the types of injuries suffered by Plaintiff.

36.     The violations of mandatory duties enunciated above were a substantial factor in causing Plaintiffs injuries, harms, losses, and discrimination set forth in this Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff was, in no way, at fault for the incident wherein she sustained said injuries.

37.     Plaintiff's injuries, including her physical injuries and denial of her civil rights, could have been prevented if the Government Defendants had discharged affirmative obligations required under statutes and regulations.  The occurrences and harm alleged herein are within the scope of concerns, injuries, or harm precisely targeted for prevention by the statutes and regulations cited in this Claim and as set forth in this Complaint.

## FOURTH CLAIM

### (Against Defendant CITY OF SAN JOSE and DOES 1-3)

[FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA GOVERNMENT CODE § 835]

38.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates

13

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1   them herein.

2       39.    Section 835 of the California Government Code provides that, except as otherwise

3   provided by statute, a public entity is liable for injury caused by a dangerous condition of its

4   property if the plaintiff establishes that the property was in a dangerous condition at the time of

5   the injury, that the injury was proximately caused by the dangerous condition, that the dangerous

6   condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that

7   either: (a) a negligent or wrongful act or omission of an employee of the public entity within the

8   scope of his or her employment created the dangerous condition; or (b) The public entity had

9   actual or constructive notice of the dangerous condition for a sufficient time prior to the injury to

10   have taken measures to protect against the dangerous condition.

11       40.    On information and belief, at relevant times set forth in this Complaint, the

12   Government Defendants owned and/or controlled the portion of the sidewalk/walkway where

13   Plaintiff was injured.

14       41.    Plaintiff alleges, on information and belief, that the dangerous condition of the

15   sidewalk/walkway where Plaintiff was injured: (a) was created by the negligent or wrongful acts

16   or omissions of one or more employees of one or more of the Government Defendants acting

17   within the course and scope of their employment and/or (b) Defendants City of San Jose and/or

18   DOES 1-3 had notice of the dangerous conditions that injured Plaintiff for a long enough period

19   of time to have corrected said conditions.

20       42.    The condition of the sidewalk/walkway on which Plaintiff was injured and the acts

21   or omissions of Defendants (including the acts or omissions of their employees acting within the

22   course and scope of their duties) created a reasonably foreseeable risk that Plaintiff would

23   experience the type of fall and suffer the sorts of injuries alleged herein.

24       43.    The violations of the duties enunciated above were the proximate cause of and a

25   substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination set forth in this

26   Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff

27   was, in no way, at fault for the incident wherein she sustained said injuries.

28

14

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ATTACHMENT 1

**FIFTH CLAIM**

**(Against Defendant City of San Jose and DOES 1-3)**

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND

CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

44.   Plaintiff repleads and incorporate by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporate them herein.

45.   At all times relevant to this Complaint, California Civil Code section 54(a) has provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings. . . public facilities and other public places."

46.   At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

47.   At all times relevant to this Complaint, California Civil Code section 51(b) provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

48.   Plaintiff is informed and believes and therefore alleges that the specified public sidewalk/walkway elements on which she was injured (or related facilities or elements) and the Government Defendants programs, services and activities of operating a sidewalk are and were required to be accessible within the meaning of California Government Code sections 4450 and 4451 et seq.  Plaintiff is further informed and believes and therefore alleges that the Government

15

Case 19-30088   Doc 10764   Filed 06/09/21   Entered 06/09/21 11:11:31   Page 54 of 70   **ATTACHMENT 1**

1  Defendants constructed and/or conducted alterations, structural repairs or additions of the

2  sidewalk/walkway on which Plaintiff was injured or on other property connected therewith, since

3  1968 within the meaning of Government Code sections 4450 *et seq.*, including section 4456,

4  thereby requiring provision of access to persons with disabilities, as required by law.

5  Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements

6  that are required to be accessible must be maintained in an accessible condition.  Further, Plaintiff

7  alleges that, at all relevant times, the Government Defendants were required to comply with Title

8  II of the ADA, as more fully set forth in the First Claim, above and failed to do so; including,

9  without limitation, failures in: (i) the design, construction, modification and alteration of elements

10  and facilities in the public right of way or other public properties; (ii) the inspection and

11  maintenance of said elements and facilities so that they remain in an accessible and useable

12  condition; and (iii) the provision of accessible programs, services and activities.

13       49.    Plaintiff and other similarly situated people with mobility disabilities, are unable to

14  use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses

15  and public accommodations on a "full and equal" basis unless each such facility is in compliance

16  with the provisions of California Health & Safety Code sections 4450 *et seq.* and the ADA.

17  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

18  Health & Safety Code sections 4450 *et seq.*

19       50.    On information and belief, the actions and omissions of the Government

20  Defendants, as herein alleged, constitute a denial of access to and use of the described to and use

21  of the described sidewalks, walkways, public buildings, public facilities and other public

22  facilities, businesses and public accommodations by Plaintiff and other similarly situated

23  physically disabled persons within the meaning of Government Code sections 4450 *et seq.*  As a

24  result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in

25  violation of Government Code sections 4450 *et seq.*, and of the regulations adopted to implement

26  section 4450 as set forth in the California Code of Regulations, Title 24-2.  A violation of sections

27  4450 *et seq.* constitutes a violation of general anti-discrimination provisions Civil Code sections

28  51(b), 54 and 54.1.

16

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1    51.    Each violation of the Americans With Disabilities Act of 1990 (as pled in the First

2    Claim) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California Civil

3    Code, thus independently justifying an award of damages and injunctive relief pursuant to

4    California law.  Plaintiff alleges that she has been denied such full and equal access as required

5    by California law which incorporates Title II of the ADA.

6    52.    Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

7    Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to § 52

8    of the Civil Code.  Each violation of Plaintiff's rights under §§54 or 54.1 of the Civil Code

9    entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to §54.3 of the Civil

10   Code.

11

12   **CLAIMS AGAINST THE SKYPORT DEFENDANTS RELATING TO THE FAILURE**

13   **TO PROVIDE ACCESSIBLE PLACES OF PUBLIC ACCOMMODATION IN**

14   **VIOLATION OF FEDERAL AND STATE CIVIL RIGHTS LAWS**

15

16   **SIXTH CLAIM**

17   **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific**

18   **Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport**

19   **I Limited Partnership and DOES 21-50)**

20   [FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH

21   DISABILITIES ACT OF 1990]

22   53.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

23   facts and allegations contained in Paragraphs 1 through 52 of this Complaint and incorporates

24   them herein.

25   54.    Based on the facts and allegations above (which Plaintiff re-pleads and incorporates

26   herein by reference), Plaintiff was denied full and equal enjoyment of and access to the Skyport

27   Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of

28   the ADA.  Plaintiff alleges that the Skyport Defendants owned or own, leased or lease and/or

17

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  operated or operate a place of public accommodation as the term public accommodation is defined

2  in 42 U.S.C. section12181(7).  The condition of Skyport Defendants' Facility and/or the manner in

3  which Skyport Defendants provided services, failed to provide full and equal access to

4  Defendants' goods and services in public accommodations as required, generally, by the

5  provisions of 42 U.S.C. section12182(a) and 42 U.S.C. section12182(b)(1)(A).  As set forth in this

6  Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U. S.C.

7  sections 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182 (b)(2)(A)(iii), 12183, and 12188 because

8  Plaintiff was denied equal access to and enjoyment of the Facility.

9       55.    Plaintiff has physical disabilities as alleged above because Plaintiff's conditions

10 affect one or more of the following body systems: Neurological, musculoskeletal, special sense

11 organs, and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major

12 life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life

13 activities in the manner, speed and duration when compared to the average person.  Moreover,

14 Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment

15 as required by 42 U.S.C. section 12102(2)(A).

16      56.    One of the specific prohibitions against discrimination under the ADA is set forth

17 in 42 U.S.C. section 12182(b)(2)(A)(iv).  That Section prohibits, in pertinent part: "A failure to

18 remove architectural barriers, and communication barriers that are structural in nature, in existing

19 facilities ... where such removal is readily achievable."

20      57.    Plaintiff alleges, on information and belief, that the removal of each of the specific

21 barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable"

22 pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United

23 States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36).

24 Further, assuming, *arguendo*, that the Skyport Defendants were able to meet their burden of proof

25 that the removal of the defined architectural barriers (or any of them) was or is not "readily

26 achievable," the Skyport Defendants have conspicuously failed to make their goods, services,

27 facilities, privileges, advantages and/or accommodations available through alternative readily

28 achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

1    58.    The specific prohibitions against discrimination under the ADA, as set forth in 42

2  U.S.C. section12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable

3  modifications in policies, practices and procedures when such modifications are necessary to

4  afford such goods, services, facilities, privileges, advantages or accommodations to individuals

5  with disabilities . . . "

6    59.    Based on the facts and allegations pled herein, the Skyport Defendants failed and

7  refused to reasonably modify their policies, practices and procedures in that they failed to have a

8  scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing

9  Defendants' services, facilities, privileges, advantages or accommodations, as required by the

10 ADA. Additionally, the Skyport Defendants conspicuously failed to adopt required policies and

11 procedures to allow people with disabilities to effectively and safely navigate the Property.

12   60.    Plaintiff is informed and believes and based thereon alleges that the Skyport

13 Defendants designed, built and constructed the Facility on or after January 26, 1993, and modified

14 and altered the Facility on or after January 26, 1992, in a manner that affects the usability and

15 accessibility of the Facility. The ADA specifically prohibits discrimination against persons with

16 disabilities in the construction and alteration of covered public accommodation properties and

17 commercial facilities. In this regard, 42 U.S.C. section 12183(a)(1) states that discrimination

18 includes a failure to design and construct facilities for first occupancy later than January 26, 1993,

19 that are readily accessible to and usable by individuals with disabilities, except where an entity can

20 demonstrate that it is structurally impracticable. In the instant case, Plaintiff is informed and

21 believes and based thereon alleges that the Facility was constructed after January 26, 1993, and

22 that the barrier that caused her physical injuries and /or the other barriers at the Property, were in

23 existence at the time the Facility was constructed.

24   61.    As to alterations and modifications of covered public accommodation properties

25 and commercial facilities, the ADA specifically prohibits discrimination caused by failing to

26 design and conduct alterations and modifications in compliance with the Act. On information and

27 belief Plaintiff alleges that the Skyport Defendants, at times relevant to this Complaint, conducted

28 alterations and modifications at the Property that would have required the elimination of the

19

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

barrier on the sidewalk/walkway that injured Plaintiff and the other surface slope and condition

barriers that she has been informed and believes exist at the Facility.  In this regard 42 U.S.C.

section 12183(a)(2) states:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

62.    Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for

and referenced in 42 U.S.C. section12183(a)(2).  As enforceable at the time of the incident

alleged herein, Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)    General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
> (2)  An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b)  Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
> (1)  Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
> (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

63.    Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel"

accessibility work to be conducted in connection with certain alterations. That section, as

enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the

20

Case 19-30088    Doc# 10764  Filed 06/09/21  Entered 06/09/21 14:13:33  Page

59 of 70

ATTACHMENT 1

restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e) Path of Travel.

(1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

64.    Section 36.403(f), as enforceable as of the time of the incidents alleged herein limits required changes to the path of travel to those changes that are not "disproportionate" to the work being conducted in the area of primary function. Section 36.403(f) states, in pertinent part: "(f) Disproportionality. (1) Alterations made to provide an accessible path of travel to the altered area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the cost of the alteration to the primary function area."

65.    In the instant case, Plaintiff is informed and believes and based thereon alleges that the Facility was modified and/or altered after January 26, 1992, and that the barrier that caused her physical injuries and/or the other barriers at the Property were created by or should have been remediated or eliminated in connection with said modifications and alterations.

66.    Plaintiff has a need to, and wishes to return to and use the subject Facility but is deterred from doing so; particularly with respect to the conditions where features in or connected to sidewalks, walkways and paths of travel create inaccessible and hazardous abrupt changes in level or demonstrate non-compliant slopes and cross slopes.

//

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case 19-30088    Doc# 4076-1  Filed 06/09/21  Entered 06/09/21 11:13:14  Page 60 of 70

ATTACHMENT 1

**SEVENTH CLAIM**

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 21-50)**

[FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 and CALIFORNIA HEALTH & SAFETY CODE §§ 19953 et seq.]

67.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 66 of this Complaint and incorporates them herein.

68.     At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings..., public facilities and other public places.

69.     At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

70.     At all times relevant to this Complaint, California Civil Code section 51(b) has provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

71.     Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the

22

1  provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the

2  Government Code."  On information and belief, the provisions of both Health and Safety Code

3  sections 19955 and 19955.5, apply to the Property.  Title 24, California Code of Regulations, was

4  in effect at the time of the construction of the Facility and at each alteration, structural repair or

5  modification which, on information and belief, occurred at such Facility, thus requiring access

6  complying with the specifications of Title 24 whenever new construction was undertaken or each

7  such alterations, structural repairs or additions were carried out.  On information and belief, the

8  Skyport Defendants designed and constructed the Facility, including but not limited to the

9  sidewalk/walkway on which Plaintiff was injured and/or carried out alterations, structural repairs,

10  or additions to the Facility buildings and other facilities and elements during the period Title 24

11  has been in effect that would have required them to assure the existence of accessible routes,

12  including the sidewalk/walkway where Plaintiff was injured.  Additionally, Title 24 requires that

13  buildings, facilities and elements that are required to be accessible must be maintained in an

14  accessible condition.  Further, Plaintiff alleges that, at all relevant times, the Skyport Defendants

15  were required to comply with Title III of the ADA, as more fully set forth in the Sixth Claim,

16  above, and on information and belief, failed to do so, including without limitation:  (i) failures in

17  the design, construction, modification and alteration of elements of the Facility;  (ii) failure to

18  remove barriers at the Facility to the extent that the same was readily achievable; (iii) failure to

19  adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies

20  practices and procedures to assure access at the Facility; and (v) failure to maintain elements and

21  features required to be accessible in an accessible and useable condition.

22      72.    Plaintiff and other similarly situated physically disabled persons, including those

23  who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings,

24  public facilities and other public facilities, businesses and public accommodations on a "full and

25  equal" basis unless each such facility is in compliance with the provisions of California Health &

26  Safety Code sections 19953 *et seq*.  Plaintiff is a member of that portion of the public whose rights

27  are protected by the provisions of Health & Safety Code sections 19953 *et seq*.

28      73.    The actions and omissions of these Defendants, as herein alleged, constitute a

23

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  denial of access to and use of the described sidewalks, walkways, public buildings, public facilities

2  and other public facilities, businesses and public accommodations by Plaintiff and other similarly

3  situated physically disabled persons within the meaning of Government Code sections 19953 *et*

4  *seq*. As a proximate result of Defendants' action and omissions, Defendants have discriminated

5  against Plaintiff in violation of Government Code sections 19953 *et seq*., and of regulations set

6  forth in the California Code of Regulations, Title 24-2 adopted to implement section 4450.  A

7  violation of these sections and the Title 24-2 regulations adopted thereunder constitutes a violation

8  of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

9     74.    Each violation of the Americans With Disabilities Act of 1990 (as pled in the Sixth

10  Cause of Action) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California

11  Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to

12  California law.  Plaintiff alleges that she has been denied such full and equal access as required by

13  California law which incorporates Title III of the ADA.

14     75.    Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

15  Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to section

16  52 of the Civil Code.  Each violation of Plaintiff's rights under sections 54 or 54.1 of the Civil

17  Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to section 54.3

18  of the Civil Code.

19

20                    **EIGHTH CLAIM**

21     **(Against Defendants Pacific Gas & Electric Company, Hudson Skyport Plaza, LLC,**

22  **Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP,**

23  **EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 4-**

24                         **100)**

25             [NEGLIGENCE AND NEGLIGENCE PER SE]

26     76.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

27  facts and allegations contained in Paragraphs 1 through 75 of this Complaint and incorporates

28  them herein.

77. At all times herein mentioned the Property where the subject incident that forms the basis of this lawsuit occurred created and/or was in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiff by Defendants.

78. As a proximate result of the dangerous conditions, Plaintiff sustained serious and permanent injuries and attendant damages as set forth herein.

79. The known dangerous conditions, as described above, created a substantial risk of the type of injury alleged herein when the Property was used with due care in a manner in which it was reasonably foreseeable that such Property would be used.

80. At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiff was injured.

81. Defendants, and each of them, through their acts and omissions, created the dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the dangerous conditions.

82. Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous conditions.

83. Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous conditions that caused Plaintiff's injuries.

84. Although these Defendants had actual and/or constructive knowledge of the dangerous conditions of the Property they failed to warn the public of the dangerous conditions.

85. Prior to or on or about the date of Plaintiff's injury, these Defendants, their employees, contractors, subcontractors and agents, and each of them, acting within the scope of their employment, were negligent and careless in doing the acts set forth above, which negligence created the dangerous conditions as described herein.

86. These Defendants, and each of them, were further negligent in that they failed to

25

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  monitor and/or inspect their work or the area so as to determine if there were conditions which

2  would develop that would pose a risk of harm to individuals that would be using the public

3  property in a foreseeable manner.  Additionally, Defendants, and each of them, failed to inspect,

4  warn, and perform adequate repair and/or maintenance of the Property.

5      87.    Defendants, their employees, contractors, subcontractors and agents, and each of

6  them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and

7  knew or should have known of their dangerous character in that the condition had existed for a

8  sufficient period of time, and was of such a nature that Defendants, in the exercise of due care

9  should have discovered the conditions and their dangerous character within a sufficient period of

10  time prior to the occurrence of the accident to have taken measures to protect against the

11  dangerous conditions.

12      88.    At all times, Defendants failed to install any safety and/or preventative measures to

13  guard against accidents in the area of the Property at issue.

14      89.    As a result of such negligence, Plaintiff has sustained damages.

15      90.    At all times, Plaintiff was owed a duty of reasonable care to prevent injury to

16  members of the public, including Plaintiff, by Defendants.  Through their acts and omissions,

17  Defendants breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such

18  acts and/or omissions by Defendants, Plaintiff suffered personal injuries and attendant damages.

19  As such, Defendants are liable to Plaintiff.

20      91.    Plaintiff in no way contributed nor was she in any way at fault for any of the

21  injuries she sustained and the negligence of defendants as alleged herein above was a substantial

22  factor in Plaintiff's fall and injury.

23      92.    As and to the extent that the Skyport Defendants, PG&E, as well as any other

24  Defendant, violated any statute, law or ordinance designed to protect against the sorts of risks that

25  caused Plaintiff's fall and injuries, including but not limited to the ADA, sections 51, 54, 54.1 of

26  the California Civil Code, sections 19953 *et seq.* of the California Government Code, Title 24-2 of

27  the California Code of Regulations and section 14.16.2200 of the San Jose Municipal Code

28  concerning the construction, modification, alteration, inspection and maintenance of features

Case 19-30088   Doc# 3764-1   Filed 08/29/19   Entered 08/29/19 14:11:31   Page 66 of 70

ATTACHMENT 1

1   designed to provide for safe and accessible conditions for people with disabilities or the general

2   public the negligence of said Defendants constitutes negligence *per se*.

3       93.    To the extent that any of the negligent acts or omissions alleged herein were the

4   result of the negligence of any Defendant's employees acting in the course and scope of their

5   employment, said Defendants are liable for the acts or omissions of said employees under the

6   principles of *respondeat superior*.

7   **NINTH CLAIM**

8   **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

9   **Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

10  **Skyport I Limited Partnership and DOES 21-50)**

11  [FOR VIOLATION OF SAN JOSE MUNICIAPAL CODE SECTION 14.16.2200]

12      94.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

13  facts and allegations contained in Paragraphs 1 through 93 of this Complaint and incorporates

14  them herein.

15      95.    At all times relevant to this Complaint, Subsection B of section 14.16.2200 of the

16  San Jose Municipal Code has stated:

17          B. The owners of lots or portions of lots adjacent to or fronting on any portion of

18          a sidewalk area between the property line of the lots and the street line, including
    parking strips, sidewalks, curbs and gutters, and persons in possession of such lots

19          by virtue of any permit or right shall repair and maintain such sidewalk areas and
    pay the costs and expenses therefore, including a charge for the city of Jose's

20          costs of inspection and administration whenever the city awards a contract for
    such maintenance and repair and including the costs of collection of assessments

21          for the costs of maintenance and repair under subsection A of this section or
    handling of any lien places on the property due to failure of the property owner to

22          promptly pay such assessments.

23      96.    At all times relevant to this Complaint, Subsection C of section 14.16.2200 of the

24  San Jose Municipal Code has stated:

25          C. For the purposes of this part, maintenance and repair of sidewalk area shall
    include, but not be limited to, maintenance and repair of surfaces including

26          grinding, removal and replacement of sidewalks, repair and maintenance of curb
    and gutters, removal and filling or replacement of parking strips, removal of

27          weeds and/or debris, supervision and maintenance of signs allowed pursuant to
    Section 23.04.340 and Section 23.04.830, tree root pruning and installing root

28          barriers, trimming of shrubs and/or ground cover and trimming shrubs within the

27

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  area between the property line of the adjacent property and the street pavement
   line, including parking strips and curbs, so that the sidewalk area will remain in a
2  condition that is not dangerous to property or persons using the sidewalk in a
   reasonable manner and will be in a condition which will not interfere with the
3  public convenience in the use of said sidewalk area.

4      97.    At all times relevant to this Complaint, Section 14.16.2205 of the San Jose

5  Municipal Code has stated:

6      14.16.2205 Liability for injury to public.  The property owner required by Section
       14.16.2200 to maintain and repair the sidewalk area shall owe a duty to members
7      of the public to maintain the sidewalk area in a safe and nondangerous condition.
       If, as a result of any property owner to maintain the sidewalk area in a
8      nondangerous condition as required by Section 14.16.2200, any person suffers
       injury or damage to person or property, the property owner shall be liable to such
9      person for the resulting damages or injury.

10     98.    At all times relevant to this Complaint, one or more of the Skyport Defendants

11 owns and/or owned the Property and was required to maintain the sidewalk/walkway where the

12 Plaintiff was injured in a safe and nondangerous condition.  The failure of the Skyport Defendants

13 to discharge this duty resulted in the injuries to Plaintiff set forth herein and said defendants are

14 therefore liable for Plaintiff's injuries per section 14.16.2205 of the San Jose Municipal Code.

15

16 WHEREFORE, Plaintiff prays that this Court:

17                         **PRAYER FOR RELIEF**

18 **AS TO CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST,**

19              **SECOND, THIRD, FOURTH AND FIFTH CLIAMS**

20     1.    Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address

21 violations of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to

22 address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim)

23 directing that the Government Defendants -- as current owners and operators of the subject public

24 sidewalk, walkway, and path of travel programs, services, activities, and facilities -- modify the

25 above-described subject public sidewalk, walkway, and path of travel programs, services,

26 activities, and facilities so that Plaintiff and similarly situated persons with disabilities may obtain

27 the benefits of, and access to these programs, services and activities in a "full and equal" manner;

28 and to maintain each such subject public sidewalk, walkway, and path of travel program, service,

                                    28

1  activity and facility in an accessible and non-hazardous condition; and to continue to maintain

2  adequate subject public sidewalks, walkways, and path of travel programs, services, activities,

3  and facilities for use by disabled persons so long as any such public sidewalks, walkways, and

4  path of travel programs, services, activities, and facilities are maintained for the use of able-

5  bodied persons. Particularly, Plaintiff seeks an injunction that would require said Defendants to

6  provide sidewalk and walkway features that do not contain inaccessible abrupt changes of level in

7  excess of ¼"and to establish protocols for the inspection of sidewalks and walkways that would

8  detect and eliminate said barriers;

9       2.     Retain jurisdiction over the Government Defendants until such time as the Court is

10  satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance

11  of inaccessible subject public sidewalk, walkway, and path of travel programs, services, activities,

12  and facilities as complained of herein no longer occur, and will not recur;

13       3.     Award to Plaintiff all appropriate damages, including but not limited to statutory

14  damages, special damages, general damages in an amount within the jurisdiction of the Court,

15  according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set

16  forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the

17  Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under

18  sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth

19  Claims, respectively).  Additionally, Plaintiff seeks up to three times her actual damages for each

20  violation of section 51 of the California Civil Code (per section 52 of the California Civil Code)

21  and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the

22  California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an

23  award of damages under section 52 or section 54.3;

24       4.     Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this

25  proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29

26  U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under

27  section 52 of the California Civil Code for violation of section 51 of the California Civil Code,

28  and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under

Case 19-30088   Doc 14076-4   Filed 06/09/21   Entered 06/09/21 11:13:02   Desc
68 of 70

ATTACHMENT 1

1   California Code of Civil Procedure 1021.5;

2       5.   Award prejudgment interest pursuant to California Civil Code section 3291; and

3       6.   Grant such other and further relief as this Court may deem just and proper.

4

5   **AS TO CLAIMS AGAINST THE SKYPORT DEFENDANTS FOR THE SIXTH AND**

6   **SEVENTH CLAIMS AND NINTH CLAIMS**

7       1.   Issue a preliminary and permanent injunction under 42 U.S.C. section 12188 to

8   address violations  of Title III of the ADA as pled in the Sixth Claim, under section 52 of the

9   California Civil Code to address violations of section 51 as pled in the Seventh Claim; and under

10   section 55 of the Civil Code to address violations of section 54 *et seq*. of the California Civil

11   Code as pled in the Seventh Claim and directing those of the Skyport Defendants that currently

12   own or operate the Property to eliminate all barriers access at the Property including, without

13   limitation, the sidewalk/walkway barrier that caused Plaintiff's injuries and other surface slope

14   barriers at the Property;

15       2.   Retain jurisdiction over those of the Skyport Defendants that currently own or

16   operate the Property until such time as the Court is satisfied that said Defendants' unlawful

17   policies, practices, acts and omissions, and maintenance of inaccessible subject sidewalk,

18   walkway, and paths of travel as complained of herein no longer occur, and will not recur;

19       3.   Award to Plaintiff all appropriate damages, including but not limited to statutory

20   damages, special damages, and general damages and up to three times her actual damages for

21   each violation of section 51 (per section 52 of the Civil Code) and each violation of section 54

22   and section 54.1 of the California Civil Code (per section 54.3 of the California Civil Code);

23   provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under

24   section 52 or section 54.3 and award Plaintiff all of her general and special damages under per

25   section 14.16.2205 of the San Jose Municipal Code;

26       4.   Award to Plaintiff all reasonable attorneys' fees, litigation expenses and costs of

27   this proceeding, as provided by 42 U.S.C. section 12205 for violations of Title III of the ADA;

28   section 52 of the Civil Code for violation of section 51 of the Civil Code, under section 54.3 of the

California Civil Code for violation of sections 54 and 54.1 of the California Civil Code and under California Code of Civil Procedure 1021.5;

     5.     Award prejudgment interest pursuant to Civil Code section 3291; and

     6.     Grant such other and further relief as this Court may deem just and proper.

## AS TO CLAIMS AGAINST ALL DEFENDANTS OTHER THAN THE GOVRNMENT DEFENDNATS FOR THE EIGHTH CLAIM

     1.     For general and special damages pursuant to California Civil Coder sections 3281 and 3333, and/or under common law;

     2.     Award prejudgment interest pursuant to Civil Code section 3291; and

     3.     Grant such other and further relief as this Court may deem just and proper.

DATED: June 21, 2017          DERBY McGUINNESS & GOLDSMITH LLP

By   _/s/ Celia McGuinness_
     Celia McGuinness, Esq.
     Attorney for Plaintiff

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

DATED: June 21, 2017          DERBY McGUINNESS & GOLDSMITH LLP

By   _/s/ Celia McGuinness_
     Celia McGuinness, Esq.
     Attorney for Plaintiff

31

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES