## United States Bankruptcy Court, Northern District of California

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|
| ☐ PG&E Corporation (19-30088) |
| ☒ Pacific Gas and Electric Company (19-30089) |

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company; HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company and HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Contact phone 408-295-1700 | Contact phone _____ |
| Contact email rob@bindermalter.com | Contact email rob@bindermalter.com |

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Case: 19-30088    Doc# 10765-1    Filed: 06/09/21    Entered: 06/09/21 11:22:26    Page 1 of 74

Claim Number: 63715

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ Unliquidated .  **Does this amount include interest or other charges?** <br> ☒ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br><br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> Limit disclosing information that is entitled to privacy, such as health care information. <br><br> _____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br><br> **Nature of property:** <br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:** $_____ <br><br> **Amount of the claim that is secured:** $_____ <br><br> **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $_____ <br><br> **Annual Interest Rate** (when case was filed) _____% <br> ☐ Fixed <br> ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No <br> ☐ Yes. Identify the property: _____ |

Case: 19-30088   Doc# 10765-1   Filed: 06/09/21   Entered: 06/09/21 11:22:26   Page 2
of 74
Proof of Claim

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | | **Amount entitled to priority** |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ | Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ | Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:**  */s/ Robert G. Harris/*
/s/ Robert G. Harris1 (Oct 17, 2019)

**Email:**  natalie@bindermalter.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | **Robert G. Harris** |
| | First name          Middle name          Last name |
| Title | _____ |
| Company | **c/o Binder & Malter, LLP** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **2775 Park Ave.** |
| | Number          Street |
| | **Santa Clara**          **CA**          **95050** |
| | City          State          ZIP Code |
| Contact phone | **4082951700**          Email  **rob@bindermalter.com** |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
    **(attach below)**

☐ **I do _not_ have supporting documentation.**

 Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA  95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CRISTINA MENDOZA

### DEFENDANTS

CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPERTIES LP, a California limited partnership, EOP OPERTAING LIMITED PARTNERSHIP, LP, a Delaware limited partnership, SKYPORT PLAZA PARTNERSHIP, a Delaware limited partnership; and DOES 1-100, Inclusive, Defendants

**(b)** County of Residence of First Listed Plaintiff | Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant |
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STEVEN L. DERBY, Esq., ANTHONY GOLDSMITH, Esq., CELIA MCGUINNESS, Esq.
DERBY, McGUINNESS & GOLDSMITH, 200 Lakeside Drive, Suite A, Oakland, CA 94612
Telephone: 510/987-8778; Fax: 510/359-4419

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | **PERSONAL PROPERTY** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | 370 Other Fraud | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | 371 Truth in Lending | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 380 Other Personal Property Damage | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 385 Property Damage Product Liability | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 440 Other Civil Rights | **Habeas Corpus:** | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 441 Voting | 463 Alien Detainee | | |
| 290 All Other Real Property | 442 Employment | 510 Motions to Vacate Sentence | | |
| | 443 Housing/ Accommodations | 530 General | | |
| | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | |
| | ☒ 446 Amer. w/Disabilities– Other | **Other:** | | |
| | 448 Education | 540 Mandamus & Other | | |
| | | 550 Civil Rights | | |
| | | 555 Prison Condition | | |
| | | 560 Civil Detainee– Conditions of Confinement | **IMMIGRATION** | |
| | | | 462 Naturalization Application | |
| | | | 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer | | ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans With Disabilities Act of 1990; 42 USC 12101ff; including 42 USC 12181 et seq

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE                      DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only)     ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

DATE: 06/21/2017        SIGNATURE OF ATTORNEY OF RECORD: /s/ Celia McGuinness

ATTACHMENT 1

1  Robert Kopelson, Esq. (SBN 83523)
   Law Office of Robert B. Kopelson
2  75 E. Santa Clara Street, Suite 1180
   San Jose, CA  95113
3  Telephone:  (408) 293-4000
   Facsimile:  (408) 293-8369
4  Email: kopelaw@hotmail.com

5  Steven L. Derby, Esq. (SBN 148372)
   Anthony E. Goldsmith, Esq. (SBN 125621)
6  Celia McGuinness, Esq. (SBN 159420)
   DERBY McGUINNESS & GOLDSMITH LLP
7  200 Lakeside Drive, Suite A
   Oakland, CA  94612
8  Telephone:  (510) 987-8778
   Facsimile:  (510) 359-4419
9  Email: info@dmglawfirm.com

10 Attorney for Plaintiff
   CRISTINA MENDOZA

11

12                    UNITED STATES DISTRICT COURT

13       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15 CRISTINA MENDOZA,                     CASE NO.

                Plaintiff,               Civil Rights
16
        v.                               COMPLAINT FOR INJUNCTIVE RELIEF
17 CITY OF SAN JOSE, PACIFIC GAS &       AND DAMAGES
   ELECTRIC COMPANY, a California
18 registered domestic stock corporation,
   HUDSON SKYPORT PLAZA, LLC, a          DEMAND FOR JURY TRIAL
19 Delaware limited liability company,
   HUDSON SKYPORT PLAZA LAND,
20 LLC, a Delaware limited liability company,
   HUDSON PACIFIC PROPERTIES, INC.,
21 a Maryland corporation, SPIEKER
   PROPERTIES LP, a California limited
22 partnership, EOP OPERATING LIMITED
   PARTNERSHIP, LP, a Delaware limited
23 partnership CA – SKYPORT I LIMITED
   PARTNERSHIP, a Delaware limited
24 partnership; and DOES 1-100, Inclusive,
   Defendants
25
                Defendants.
26

27

28

                              1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1    Plaintiff CRISTINA MENDOZA complains of Defendants CITY OF SAN JOSE Hudson

2    Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker

3    Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership, Pacific

4    Gas & Electric Company and DOES 1-100, inclusive, and each of them, and alleges as follows:

5

6                                   **INTRODUCTION**

7        1.      This case involves the denial of accessible and safe sidewalks, walkways, and

8    paths of travel to Plaintiff CRISTINA MENDOZA ("Plaintiff" or "Ms. Mendoza"), a qualified

9    person with a disability, in connection with a sidewalk and walkways or portions thereof that

10   were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or

11   inspected and/or subject to modifications and alterations by Defendants; as well as Plaintiff

12   having been subjected to and severely injured by hazardous conditions created or allowed to exist

13   by such Defendants. Additionally, Plaintiff is informed and believes and based thereon alleges

14   that other inaccessible conditions, including, but not limited to, excessively sloped routes and

15   pedestrian surfaces and paths of travel, exist at and about the property commonly known as 1650

16   Technology Drive, San Jose California and developed common areas associated therewith and

17   create a violation of her State and federal civil rights as well as posing a hazard to her and other

18   similarly situated persons.

19       2.      As a result of the inaccessible and hazardous facilities, conditions and elements

20   and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries as

21   well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person

22   with a disability" or "physically handicapped person," who is mobility impaired, and unable to

23   safely use portions of walkways, sidewalks and other public facilities that are not fully accessible

24   to physically disabled persons.

25       3.      Plaintiff seeks injunctive relief; recovery of damages for both the personal injuries

26   she incurred and the violation of her civil rights as well as the recovery of reasonable attorney

27   fees, litigation expenses and costs.

28

**ATTACHMENT 1**

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction of this action pursuant to:  (a) 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973; and (c) 28 U.S.C. § 1367 for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1, violations of California Government Code §§ 815.6, and 835 and common law negligence.  This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure and State law authorizing injunctive relief.

5.      Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California. This case is properly filed in the San Jose intradistrict as the incident occurred in the City of San Jose, the property at issue is located in the City of San Jose and one or more of the Defendants resides in the City of San Jose.

**PARTIES**

6.      Plaintiff is and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and the ADA. The terms "physically disabled person," "person with a disability" and a "person with disabilities" will be used interchangeably throughout this Complaint.  Ms. Mendoza requires the use of a wheelchair for mobility.

7.      Defendant CITY OF SAN JOSE and DOES 1-3 (collectively, the "Government Defendants") are public entities that on information and belief, at all times relevant to this Complaint designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  inspection or modification of the sidewalk / walkway area where Plaintiff was injured.  At all

2  relevant times, Defendant PACIFIC GAS & ELECTRIC COMPANY, a California registered

3  domestic stock corporation (hereinafter, PG&E) and DOES 4-20 are entities that, on information

4  and belief, at all times relevant to this Complaint, designed and/or constructed and/or modified

5  and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the

6  design, construction, maintenance, inspection or modification of the sidewalk/walkway area

7  where Plaintiff was injured or some portion thereof. Defendants  HUDSON SKYPORT PLAZA,

8  LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a

9  Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland

10  corporation, SPIEKER PROPERTIES, LP, a California limited partnership, EOP OPERTAING

11  LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED

12  PARTNERSHIP, a Delaware limited partnership and DOES 21-50 (collectively, the "Skyport

13  Defendants") are on information and belief entities that, at all times relevant to this Complaint,

14  designed and/or  constructed and/or altered and/or modified and currently own and/or operate (or

15  at relevant times in the past, owned and/or operated) a property used as a place of public

16  accommodation located in the city of San Jose, California at 1650 Skyport Drive and commonly

17  known as Skyport Plaza (including ownership and operation of the sidewalk / walkway area

18  where Plaintiff was injured). The property located at 1650 Skyport Drive in the City of San Jose

19  (including all walks, sidewalks and paths of travel threeat) shall be referred to herein as the

20  "Property" or the "Facility." On information and belief, Defendant DOES 51-65 are or were

21  agents, contractors, subcontractors or employees of Defendant CITY OF SAN JOSE or other

22  DOE Defendants; DOES 66-80 are or were agents, contractors, subcontractors or employees of

23  PG&E or other DOE Defendants; and DOES 80-100 are or were agents, contractors,

24  subcontractors or employees of one or more of the Skyport Defendants or other DOE Defendants.

25  On information and belief, Defendants CITY OF SAN JOSE, the Skyport Defendants and DOES

26  1-3 and 21-50 wrongfully discriminated against Plaintiff on the basis of her disability as part of a

27  joint venture and common enterprise.  Based on information and belief, Plaintiff alleges that all

28  the named Defendants and DOE Defendants were negligent in connection with the manner in

4

**ATTACHMENT 1**

1   which they designed and/or constructed and/or modified and/or maintained and/or inspected

2   and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3   inspection or modification, alteration of the sidewalk / walkway area where Plaintiff was injured.

4          8.      Plaintiff does not know the identities of DOES 1-100 at this time and prays leave

5   to substitute the true names of each such Defendant when they have been ascertained.

6          9.      Plaintiff does not know the relative responsibilities of the Defendants with respect

7   to the responsibility for the  design, construction, modification, alteration, maintenance or

8   inspection of the operation of the programs, services, activities, public accommodations, facilities

9   and elements herein complained of, and alleges a joint venture and common enterprise by

10  Defendants  in the ownership and/or operation of each such program, service, activity, public

11  accommodation public accommodations, facilities and elements.  Plaintiff is informed and

12  believes that each of the Defendants herein is the agent, servant, employee, representative, joint

13  venturer and/or common enterprise affiliate of each of the other Defendants, and performed all

14  acts and omissions stated herein within the scope of such agency or employment or representative

15  capacity or joint venture or common enterprise and is responsible, in some manner, for the acts

16  and omissions of the other Defendants in proximately causing the damages complained of herein.

17         10.     Plaintiff is informed and believes and on that basis alleges that each of the named

18  Defendants and each of the fictitiously named Defendants are legally responsible in some manner

19  for the occurrences herein alleged and that the injuries as alleged herein were caused by the acts

20  and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these

21  certain Defendants as an entity distinct from certain other Defendants would permit an abuse of

22  the corporate privilege and would sanction fraud and/or promote injustice.

23

24                              **GOVERNMENT CLAIM FILED**

25         11.     Plaintiff made timely claims for damages to Defendant CITY OF SAN JOSE on

26  December 13, 2016.  The Defendant CITY OF SAN JOSE rejected Plaintiff's claim effective

27  December 22, 2016.

28

5

**ATTACHMENT 1**

1

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

2    12.    On the evening of June 16, 2016, Plaintiff had dinner at the Sonoma Chicken Coop

3    restaurant located at the Property.  Plaintiff left the restaurant at about 8:30 p.m. from the doors

4    that lead out to the parking lot of the Property. She was accompanied by her roommate. Plaintiff

5    had called for an Uber ride to pick her and her roommate up and take them home. Plaintiff and

6    her roommate decided to head to the corner of Skyport Drive and Technology Drive to meet their

7    ride. They transited the walkway that led from the south door of the restaurant to the main

8    sidewalk/walkway on the east side of Technology Drive. They proceeded north on the sidewalk/

9    walkway. Before reaching the southeast corner of Technology Drive and Skyport Drive, the front

10   wheels of Plaintiff's wheelchair hit a raised portion the south edge of the sidewalk/walkway

11   section immediately north of a utility vault lid or cover. The section of sidewalk/walkway she was

12   on demonstrated concrete chipping and spalling, leaving dangerous gouges/divots such that the

13   sidewalk section just north of and adjacent to the divot/gouge was 1 ½" or higher.  The section of

14   sidewalk/ walkways she was on was lower than the adjoining section to the north, particularly on

15   its left side. When Plaintiff's wheelchair wheels struck the higher edge of the sidewalk/walkway,

16   it caused Plaintiff's wheelchair to abruptly stop, which caused her to fall forward out of her

17   wheelchair onto the sidewalk / walkway, fracturing her right femur. The sidewalk/walkway in

18   question was in a patently dangerous condition, as well as exhibiting non-compliance with State

19   and federal disability rights laws, codes and regulations as set forth herein, in the area where

20   Plaintiff was injured. At all relevant times, the Property, including the area of sidewalk/walkway

21   on which Plaintiff was injured, was required to meet the standards of the ADA, including but not

22   limited to the regulations set forth in 28 C.F.R. Part 36 (as to public accommodations) and 28

23   C.F.R. Part 35 (as to governmental entities).  Compliance with the above regulations includes but

24   is not limited to compliance Americans with Disabilities Act Accessibility Guidelines (as the

25   same have been set forth, modified and incorporated into 28 C.F.R. Part 36 and 28 C.F.R. Part

26   35).  In addition, at all relevant times, all construction, modifications, alterations, structural

27   repairs and the like have been governed by the provisions of Title 24-2 of the California Code of

28   Regulations (the "California Building Code"). At all relevant times both federal and State

1   regulations required that accessible routes (including the sidewalk/walkway where Plaintiff was

2   injured, demonstrate compliant slopes and cross slopes and avoid demonstrating abrupt changes

3   in level in excess of ¼" (or ½" if beveled at 2:1).

4       13.     There were no signs that warned of the dangerous conditions that caused

5   Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk/walkway with

6   due care), adequate time to prepare for and/or avoid the dangerous condition.

7       14.     Plaintiff sustained the injuries and loses described herein as a result of the

8   negligence and violation of disabled access and safety standards protecting disabled persons and

9   others by Defendants and their employees and/or agents and/or contractor and/ or subcontractors

10  and the acts and omissions of Defendants and their employees and/or agents and/or contractors

11  and/ or subcontractors were a substantial factor in Plaintiff's injuries and other damages.

12      15.     As a result of the aforementioned incident, Plaintiff sustained serious and

13  permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for,

14  *inter alia* medical care, medicines, medical imaging, hospitalizations, surgeries and related care,

15  and will, in the future, be compelled to incur additional obligations.  Plaintiff's income and career

16  as a real estate professional have been impacted by the injuries she sustained and her loss of

17  income continues to accrue and on information and belief, impact her future earning capacity.

18      16.     As a result of Defendants' failures to provide a safe and accessible

19  sidewalk/walkway, Plaintiff has, in addition to the injuries and losses described in paragraph 15

20  and elsewhere herein, suffered denial of her civil rights; including the denial to her right to full

21  and equal access to public facilities and public accommodations, and programs services and

22  activities, all to her general, special and statutory damages.  Moreover, as a result of her injuries

23  and the inaccessible condition of the Property and sidewalk/walkway, Plaintiff has been deterred

24  from returning to use the Property, sidewalks, walkways, and paths of travel in question and thus

25  suffered a denial of her civil rights that continues to the date of filing this Complaint.

26      17.     On information and belief, Plaintiff alleges that at all times herein mentioned,

27  Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of

28  injury of the type suffered by Plaintiff, with sufficient time to eliminate the defects and dangers in

7

1   question and failed to eliminate said defects and dangers.  The subject sidewalks, walkways, and

2   paths of travel, and their signing, configuration, and construction, which resulted from negligent,

3   inadequate and/or incomplete property design, construction and/or maintenance, and/or

4   modification or alteration, and/or inspection and/or other unusual conditions, in conjunction with

5   the lack of warnings, given what the  Defendants knew or should have known about the

6   conditions of use, constituted a trap for wheelchair users and others traveling on the

7   aforementioned sidewalk/walkway and exposed wheelchair users and others, including Plaintiff,

8   to a significant risk of being injured by the dangerous conditions set forth above. Though the

9   dangerous conditions in question posed a special and unique risk to people who use wheelchairs,

10  the conditions were so hazardous as to pose a danger to any member of the general public.

11      18.     Plaintiff is informed and believes and on that basis alleges, that Defendants owed a

12  duty of care to Plaintiff to design, construct, alter, modify, inspect and maintain the subject

13  property with reasonable care, that Defendants failed to exercise such care and diligence, and that

14  the result of Defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant

15  damages.  Additionally, Plaintiff avers that the condition of the sidewalk/walkway on which she

16  was injured was so patently dangerous that Defendants intentionally allowed the condition to

17  exist or that it was allowed to exist because of deliberate indifference on the part of Defendants to

18  the fate of Plaintiff and people similarly situated.

19      19.     Plaintiff is informed and believes that Defendants owned and/or operated and/or

20  designed and/or constructed and/or modified/altered and/or maintained and/or inspected and/or

21  exerted control over the design, construction, maintenance, inspection, modification of the

22  sidewalk/ walkway area where Plaintiff was injured at all times relevant in this Compliant.

23

24                  **CLAIMS AGAINST THE GOVERNMENT DEFENDANTS**

25                              **<u>FIRST CLAIM</u>**

26                  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

27              [FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH

28                              DISABILITIES ACT OF 1990]

8

**ATTACHMENT 1**

20.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates them herein.

21.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

22.     In violation of Title II of the ADA, the Government Defendants have failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the "services, programs and activities" of its public sidewalk, walkway, and pathway system and facilities.  By reason of Defendants' discriminatory policies regarding the failure to provide accessible and useable elements, features and conditions in and to its public sidewalk, walkway, and pathway system, so as to render them "accessible to and useable by" mobility impaired persons, the Government Defendants have intentionally discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA:  including those regulations governing: (i) the design, construction, modification and alteration of elements, features and facilities in the public right or on or at other public properties; (ii) the inspection and maintenance of said elements, features, facilities or other public properties so that they remain in an accessible and useable condition; and (iii) and the provision of accessible programs, services and activities; all as set forth and mandated  in 28 C.F.R. Part 35.

23.     On information and belief, to the date of filing of this Complaint, the Government Defendants have failed to make the subject sidewalk/walkway where Plaintiff was injured accessible to and useable by people with disabilities and/or assure that both said Defendants and third parties design, construct, alter, inspect and maintain sidewalks/walkways and features within and connected to sidewalks/walkways (including utility vaults), in a useable and accessible

9

**ATTACHMENT 1**

1   condition, as required by law.

2       24.     Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

3   walkway, and path of travel programs, services, activities, and facilities complained of herein,

4   and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

5   services, activities, and facilities until they are made accessible; particularly with respect to the

6   conditions where features in or connected to sidewalks and walkways create inaccessible and

7   hazardous abrupt changes in level.  Plaintiff avers that, based on the condition of the features she

8   encountered, that Defendants intentionally violated the ADA and other disability rights laws as

9   demonstrated, at the least, through deliberate indifference to the needs and safety of people with

10   disabilities as to the condition of sidewalks and walkways and elements and features contained

11   therein.

12

13                           **SECOND CLAIM**

14                   **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

15   [FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

16       25.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

17   facts and allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates

18   them herein.

19       26.     Plaintiff avers, on information and belief, that the Defendants CITY OF SAN

20   JOSE and DOES 1-3 are each a government agency existing under the laws of the State of

21   California with responsibility for, *inter alia*, owning, operating and maintaining the subject public

22   sidewalk, walkway, and path of travel programs, services, activities, and facilities described

23   hereinabove.  Plaintiff is informed and believes and thereon alleges that the Government

24   Defendants, and each of them, has been a recipient of federal financial assistance and that part of

25   that financial assistance was and is used to fund the construction, alteration, and operations of the

26   subject public sidewalk, walkway, and path of travel programs, services, activities, facilities and

27   other related functions.

28       27.     The Government Defendants have, on information and belief, failed to ensure that

10

**ATTACHMENT 1**

1   individuals with physical disabilities such as Plaintiff are not excluded from the "services,

2   programs and activities" of its public sidewalk, walkway, and pathway system and facilities.  By

3   reason of Defendants' discriminatory policies regarding  the failure to provide  accessible

4   elements, features and conditions in and to its public sidewalk, walkway, and pathway system, so

5   as to render them "accessible to and useable by" mobility impaired persons, Defendants have

6   intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act

7   of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder:  including those

8   regulations governing: (i) the design, construction, modification and alteration of elements and

9   facilities in the public right of way or other public properties;  (ii) the inspection and maintenance

10  of said elements and facilities so that they remain in an accessible and useable condition; and (iii)

11  and the provision of accessible programs, services and activities.

12          28.      Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

13  walkway, and path of travel programs, services, activities, and facilities complained of herein,

14  and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

15  services, activities, and facilities until they are made accessible; particularly with respect to the

16  conditions where features in or connected to sidewalks and walkways create inaccessible and

17  hazardous abrupt changes in level.

18

19                                  **<u>THIRD CLAIM</u>**

20                  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

21          [FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT

22      AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT

23                                  CODE § 815.6)]

24          29.      Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

25  facts and allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates

26  them herein.

27          30.      Section 815.6 of the California Government Code provides that, where a public

28  entity is under a mandatory duty imposed by an enactment that is designed to protect against the

1  risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately

2  caused by its failure to discharge the duty unless the public entity establishes that it exercised

3  reasonable diligence to discharge the duty.

4       31.    On information and belief, the Government Defendants did not discharge a

5  number of statutorily mandated duties imposed by federal and State statutes and regulations, as

6  enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff

7  and other people with disabilities from discrimination and injuries.  These duties include those set

8  forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation

9  of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of

10  sections 51, 54 and 54.1 of the California Civil Code.  Each of these laws, statutes and regulations

11  were designed to prevent the acts of discrimination and injuries, including the physical injuries,

12  suffered by Plaintiff.

13       32.    Discovery has not commenced; investigation is only in its initial stages and is

14  limited because Defendants have control of access to staff and records and information material

15  to these claims.  After discovery is underway, Plaintiff may learn more about other and additional

16  mandatory duties that were violated and had a causal effect on the events and damages

17  complained of herein.  Therefore, Plaintiff intends to seek leave to amend this Complaint

18  accordingly, as may become appropriate, up to the time of trial.

19       33.    As set forth herein, Plaintiff is a person with a disability and is in all respects

20  qualified and able to use public sidewalks, walkways, and paths of travel.  The Government

21  Defendants have (and at all relevant times herein had) a duty to provide safe and accessible paths

22  of travel on sidewalks, walkways and paths of travel that they own, operate, and maintain or over

23  which they otherwise exert control or responsibility.  Plaintiff is informed and believes and based

24  thereon alleges that the Government Defendants were/are aware of the discriminatorily

25  inaccessible and hazardous conditions of subject sidewalk/walkway where Plaintiff was injured.

26  Plaintiff is informed and believes and based thereon alleges that, despite knowing of these

27  discriminatorily inaccessible and hazardous conditions, the Government Defendants did not

28  exercise reasonable diligence or take appropriate steps to eliminate or mitigate these conditions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1      34.    On information and belief, the Government Defendants failed to discharge the

2   duties referenced herein, thereby discriminating against Plaintiff and endangering her as well as

3   other persons similarly situated.

4      35.    The Government Defendants are statutorily liable under sections 815.2 and 815.4

5   of the California Government Code for the negligence and misconduct of their employees and

6   contractors in violating Government Code section 815.6, as such negligence and misconduct

7   occurred within the scope of their employment.  The failure and refusal of the employees or

8   contractors of the Government Defendants to abide by the mandates of California Government

9   Code section 815.6 was, on information and belief, not the result of any exercise of discretion

10  vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of

11  contractors of Defendants had a duty to abide by the mandates of section 815.6 and all similar

12  statutes designed to prevent the types of injuries suffered by Plaintiff.

13     36.    The violations of mandatory duties enunciated above were a substantial factor in

14  causing Plaintiffs injuries, harms, losses, and discrimination set forth in this Complaint for which

15  the Government Defendants, and each of them, are responsible.  Plaintiff was, in no way, at fault

16  for the incident wherein she sustained said injuries.

17     37.    Plaintiff's injuries, including her physical injuries and denial of her civil rights,

18  could have been prevented if the Government Defendants had discharged affirmative obligations

19  required under statutes and regulations.  The occurrences and harm alleged herein are within the

20  scope of concerns, injuries, or harm precisely targeted for prevention by the statutes and

21  regulations cited in this Claim and as set forth in this Complaint.

22

23  **<u>FOURTH CLAIM</u>**

24  **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

25  [FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA

26  GOVERNMENT CODE § 835]

27     38.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

28  facts and allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates

13

**ATTACHMENT 1**

1    them herein.

2         39.    Section 835 of the California Government Code provides that, except as otherwise

3    provided by statute, a public entity is liable for injury caused by a dangerous condition of its

4    property if the plaintiff establishes that the property was in a dangerous condition at the time of

5    the injury, that the injury was proximately caused by the dangerous condition, that the dangerous

6    condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that

7    either: (a) a negligent or wrongful act or omission of an employee of the public entity within the

8    scope of his or her employment created the dangerous condition; or (b) The public entity had

9    actual or constructive notice of the dangerous condition for a sufficient time prior to the injury to

10   have taken measures to protect against the dangerous condition.

11        40.    On information and belief, at relevant times set forth in this Complaint, the

12   Government Defendants owned and/or controlled the portion of the sidewalk/walkway where

13   Plaintiff was injured.

14        41.    Plaintiff alleges, on information and belief, that the dangerous condition of the

15   sidewalk/walkway where Plaintiff was injured: (a) was created by the negligent or wrongful acts

16   or omissions of one or more employees of one or more of the Government Defendants acting

17   within the course and scope of their employment and/or (b) Defendants City of San Jose and/or

18   DOES 1-3 had notice of the dangerous conditions that injured Plaintiff for a long enough period

19   of time to have corrected said conditions.

20        42.    The condition of the sidewalk/walkway on which Plaintiff was injured and the acts

21   or omissions of Defendants (including the acts or omissions of their employees acting within the

22   course and scope of their duties) created a reasonably foreseeable risk that Plaintiff would

23   experience the type of fall and suffer the sorts of injuries alleged herein.

24        43.    The violations of the duties enunciated above were the proximate cause of and a

25   substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination set forth in this

26   Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff

27   was, in no way, at fault for the incident wherein she sustained said injuries.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1

**FIFTH CLAIM**

2

**(Against Defendant City of San Jose and DOES 1-3)**

3

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND

4

CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

5

    44.    Plaintiff repleads and incorporate by reference, as if fully set forth hereafter, the

6

allegations contained in Paragraphs 1 through 43 of this Complaint and incorporate them herein.

7

    45.    At all times relevant to this Complaint, California Civil Code section 54(a) has

8

provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the

9

same right as the general public to the full and free use of the streets, highways, sidewalks,

10

walkways, public buildings. . . public facilities and other public places."

11

    46.    At all times relevant to this Complaint, California Civil Code section 54.1 has

12

provided that physically disabled persons are not to be discriminated against because of physical

13

handicap or disability in the use of a public accommodation:

14

    . . . [P]hysically disabled persons shall be entitled to full and equal access, as
other members of the general public, to accommodations, advantages, facilities

15

and privileges of all common carriers, airplanes, motor vehicles.. . . or any other
public conveyances or modes of transportation, telephone facilities, hotels,

16

lodging places, places of public accommodation, and amusement or resort, and
other places to which the general public is invited, subject only to the conditions

17

or limitations established by law, or state or other federal regulations, and
applicable alike to all other persons.

18

19

    47.    At all times relevant to this Complaint, California Civil Code section 51(b)

20

provided, in pertinent part:

21

    (b) All persons within the jurisdiction of this state are free and equal and no matter
what their sex, race, color, religion, ancestry, national origin, disability, or medical

22

conditions, are entitled to the full and equal accommodations, advantages,
facilities, privileges, or services in all business establishments of every kind

23

whatsoever.

24

    48.    Plaintiff is informed and believes and therefore alleges that the specified public

25

sidewalk/walkway elements on which she was injured (or related facilities or elements) and the

26

Government Defendants programs, services and activities of operating a sidewalk are and were

27

required to be accessible within the meaning of California Government Code sections 4450 and

28

4451 *et seq.*  Plaintiff is further informed and believes and therefore alleges that the Government

15

**ATTACHMENT 1**

1   Defendants constructed and/or conducted alterations, structural repairs or additions of the

2   sidewalk/walkway on which Plaintiff was injured or on other property connected therewith, since

3   1968 within the meaning of Government Code sections 4450 *et seq*., including section 4456,

4   thereby requiring provision of access to persons with disabilities, as required by law.

5   Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements

6   that are required to be accessible must be maintained in an accessible condition.  Further, Plaintiff

7   alleges that, at all relevant times, the Government Defendants were required to comply with Title

8   II of the ADA, as more fully set forth in the First Claim, above and failed to do so; including,

9   without limitation, failures in: (i) the design, construction, modification and alteration of elements

10   and facilities in the public right of way or other public properties; (ii) the inspection and

11   maintenance of said elements and facilities so that they remain in an accessible and useable

12   condition; and (iii) the provision of accessible programs, services and activities.

13         49.     Plaintiff and other similarly situated people with mobility disabilities, are unable to

14   use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses

15   and public accommodations on a "full and equal" basis unless each such facility is in compliance

16   with the provisions of California Health & Safety Code sections 4450 *et seq*. and the ADA.

17   Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

18   Health & Safety Code sections 4450 *et seq.*

19         50.     On information and belief, the actions and omissions of the Government

20   Defendants, as herein alleged, constitute a denial of access to and use of the described to and use

21   of the described sidewalks, walkways, public buildings, public facilities and other public

22   facilities, businesses and public accommodations by Plaintiff and other similarly situated

23   physically disabled persons within the meaning of Government Code sections 4450 *et seq.*  As a

24   result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in

25   violation of Government Code sections 4450 *et seq.*, and of the regulations adopted to implement

26   section 4450 as set forth in the California Code of Regulations, Title 24-2.  A violation of sections

27   4450 *et seq.* constitutes a violation of general anti-discrimination provisions Civil Code sections

28   51(b), 54 and 54.1.

16

**ATTACHMENT 1**

51.    Each violation of the Americans With Disabilities Act of 1990 (as pled in the First Claim) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA.

52.    Each violation of Plaintiff's rights under section 51 of the Civil Code entitles Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to § 52 of the Civil Code.  Each violation of Plaintiff's rights under §§54 or 54.1 of the Civil Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to §54.3 of the Civil Code.

**CLAIMS AGAINST THE SKYPORT DEFENDANTS RELATING TO THE FAILURE TO PROVIDE ACCESSIBLE PLACES OF PUBLIC ACCOMMODATION IN VIOLATION OF FEDERAL AND STATE CIVIL RIGHTS LAWS**

**SIXTH CLAIM**

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 21-50)**

[FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

53.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 52 of this Complaint and incorporates them herein.

54.    Based on the facts and allegations above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to the Skyport Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that the Skyport Defendants owned or own, leased or lease and/or

17

**ATTACHMENT 1**

1   operated or operate a place of public accommodation as the term public accommodation is defined

2   in 42 U.S.C. section12181(7).  The condition of Skyport Defendants' Facility and/or the manner in

3   which Skyport Defendants provided services, failed to provide full and equal access to

4   Defendants' goods and services in public accommodations as required, generally, by the

5   provisions of 42 U.S.C. section12182(a) and 42 U.S.C. section12182(b)(1)(A).  As set forth in this

6   Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U. S.C.

7   sections 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182 (b)(2)(A)(iii), 12183, and 12188 because

8   Plaintiff was denied equal access to and enjoyment of the Facility.

9       55.     Plaintiff has physical disabilities as alleged above because Plaintiff's conditions

10   affect one or more of the following body systems: Neurological, musculoskeletal, special sense

11   organs, and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major

12   life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life

13   activities in the manner, speed and duration when compared to the average person.  Moreover,

14   Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment

15   as required by 42 U.S.C. section 12102(2)(A).

16      56.     One of the specific prohibitions against discrimination under the ADA is set forth

17   in 42 U.S.C. section 12182(b)(2)(A)(iv).  That Section prohibits, in pertinent part: "A failure to

18   remove architectural barriers, and communication barriers that are structural in nature, in existing

19   facilities ... where such removal is readily achievable."

20      57.     Plaintiff alleges, on information and belief, that the removal of each of the specific

21   barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable"

22   pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United

23   States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36).

24   Further, assuming, *arguendo*, that the Skyport Defendants were able to meet their burden of proof

25   that the removal of the defined architectural barriers (or any of them) was or is not "readily

26   achievable," the Skyport Defendants have conspicuously failed to make their goods, services,

27   facilities, privileges, advantages and/or accommodations available through alternative readily

28   achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

18

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ATTACHMENT 1

1    58.    The specific prohibitions against discrimination under the ADA, as set forth in 42

2    U.S.C. section12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable

3    modifications in policies, practices and procedures when such modifications are necessary to

4    afford such goods, services, facilities, privileges, advantages or accommodations to individuals

5    with disabilities . . . "

6    59.    Based on the facts and allegations pled herein, the Skyport Defendants failed and

7    refused to reasonably modify their policies, practices and procedures in that they failed to have a

8    scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing

9    Defendants' services, facilities, privileges, advantages or accommodations, as required by the

10   ADA.  Additionally, the Skyport Defendants conspicuously failed to adopt required policies and

11   procedures to allow people with disabilities to effectively and safely navigate the Property.

12   60.    Plaintiff is informed and believes and based thereon alleges that the Skyport

13   Defendants designed, built and constructed the Facility on or after January 26, 1993, and modified

14   and altered the Facility on or after January 26, 1992, in a manner that affects the usability and

15   accessibility of the Facility.  The ADA specifically prohibits discrimination against persons with

16   disabilities in the construction and alteration of covered public accommodation properties and

17   commercial facilities.  In this regard, 42 U.S.C. section 12183(a)(1) states that discrimination

18   includes a failure to design and construct facilities for first occupancy later than January 26, 1993,

19   that are readily accessible to and usable by individuals with disabilities, except where an entity can

20   demonstrate that it is structurally impracticable.  In the instant case, Plaintiff is informed and

21   believes and based thereon alleges that the Facility was constructed after January 26, 1993, and

22   that the barrier that caused her physical injuries and /or the other barriers at the Property, were in

23   existence at the time the Facility was constructed.

24   61.    As to alterations and modifications of covered public accommodation properties

25   and commercial facilities, the ADA specifically prohibits discrimination caused by failing to

26   design and conduct alterations and modifications in compliance with the Act.  On information and

27   belief Plaintiff alleges that the Skyport Defendants, at times relevant to this Complaint, conducted

28   alterations and modifications at the Property that would have required the elimination of the

19

**ATTACHMENT 1**

barrier on the sidewalk/walkway that injured Plaintiff and the other surface slope and condition

barriers that she has been informed and believes exist at the Facility.  In this regard 42 U.S.C.

section 12183(a)(2) states:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

62.     Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for

and referenced in 42 U.S.C. section12183(a)(2).  As enforceable at the time of the incident

alleged herein, Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)     General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>         (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b)  Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>         (1)   Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>         (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

63.     Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel"

accessibility work to be conducted in connection with certain alterations. That section, as

enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the

20

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e)  Path of Travel.

(1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2)  An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3)  For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

64.       Section 36.403(f), as enforceable as of the time of the incidents alleged herein limits required changes to the path of travel to those changes that are not "disproportionate" to the work being conducted in the area of primary function. Section 36.403(f) states, in pertinent part: "(f) Disproportionality.  (1) Alterations made to provide an accessible path of travel to the altered area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the cost of the alteration to the primary function area."

65.       In the instant case, Plaintiff is informed and believes and based thereon alleges that the Facility was modified and/or altered after January 26, 1992, and that the barrier that caused her physical injuries and/or the other barriers at the Property were created by or should have been remediated or eliminated in connection with said modifications and alterations.

66.       Plaintiff has a need to, and wishes to return to and use the subject Facility but is deterred from doing so; particularly with respect to the conditions where features in or connected to sidewalks, walkways and paths of travel create inaccessible and hazardous abrupt changes in level or demonstrate non-compliant slopes and cross slopes.

//

//

21

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

**SEVENTH CLAIM**

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

**Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

**Skyport I Limited Partnership and DOES 21-50)**

[FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 and CALIFORNIA

HEALTH & SAFETY CODE §§ 19953 et seq.]

67.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

facts and allegations contained in Paragraphs 1 through 66 of this Complaint and incorporates

them herein.

68.     At all times relevant to this Complaint, California Civil Code section 54(a) has

provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings..., public facilities and other public places.

69.     At all times relevant to this Complaint, California Civil Code section 54.1 has

provided that physically disabled persons are not to be discriminated against because of physical

handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

70.     At all times relevant to this Complaint, California Civil Code section 51(b) has

provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

71.     Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that

public accommodations or facilities constructed in this state with private funds adhere to the

22

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1   provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the

2   Government Code."  On information and belief, the provisions of both Health and Safety Code

3   sections 19955 and 19955.5, apply to the Property.  Title 24, California Code of Regulations, was

4   in effect at the time of the construction of the Facility and at each alteration, structural repair or

5   modification which, on information and belief, occurred at such Facility, thus requiring access

6   complying with the specifications of Title 24 whenever new construction was undertaken or each

7   such alterations, structural repairs or additions were carried out.  On information and belief, the

8   Skyport Defendants designed and constructed the Facility, including but not limited to the

9   sidewalk/walkway on which Plaintiff was injured and/or carried out alterations, structural repairs,

10  or additions to the Facility buildings and other facilities and elements during the period Title 24

11  has been in effect that would have required them to assure the existence of accessible routes,

12  including the sidewalk/walkway where Plaintiff was injured.  Additionally, Title 24 requires that

13  buildings, facilities and elements that are required to be accessible must be maintained in an

14  accessible condition.  Further, Plaintiff alleges that, at all relevant times, the Skyport Defendants

15  were required to comply with Title III of the ADA, as more fully set forth in the Sixth Claim,

16  above, and on information and belief, failed to do so, including without limitation:  (i) failures in

17  the design, construction, modification and alteration of elements of the Facility;  (ii) failure to

18  remove barriers at the Facility to the extent that the same was readily achievable; (iii) failure to

19  adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies

20  practices and procedures to assure access at the Facility; and (v) failure to maintain elements and

21  features required to be accessible in an accessible and useable condition.

22          72.     Plaintiff and other similarly situated physically disabled persons, including those

23  who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings,

24  public facilities and other public facilities, businesses and public accommodations on a "full and

25  equal" basis unless each such facility is in compliance with the provisions of California Health &

26  Safety Code sections 19953 *et seq*.  Plaintiff is a member of that portion of the public whose rights

27  are protected by the provisions of Health & Safety Code sections 19953 *et seq*.

28          73.     The actions and omissions of these Defendants, as herein alleged, constitute a

23

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

**ATTACHMENT 1**

1   denial of access to and use of the described sidewalks, walkways, public buildings, public facilities

2   and other public facilities, businesses and public accommodations by Plaintiff and other similarly

3   situated physically disabled persons within the meaning of Government Code sections 19953 *et*

4   *seq.*  As a proximate result of Defendants' action and omissions, Defendants have discriminated

5   against Plaintiff in violation of Government Code sections 19953 *et seq.*, and of regulations set

6   forth in the California Code of Regulations, Title 24-2 adopted to implement section 4450.  A

7   violation of these sections and the Title 24-2 regulations adopted thereunder constitutes a violation

8   of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

9         74.     Each violation of the Americans With Disabilities Act of 1990 (as pled in the Sixth

10   Cause of Action) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California

11   Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to

12   California law.  Plaintiff alleges that she has been denied such full and equal access as required by

13   California law which incorporates Title III of the ADA.

14         75.     Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

15   Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to section

16   52 of the Civil Code.  Each violation of Plaintiff's rights under sections 54 or 54.1 of the Civil

17   Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to section 54.3

18   of the Civil Code.

19

20                             **EIGHTH CLAIM**

21   **(Against Defendants Pacific Gas & Electric Company, Hudson Skyport Plaza, LLC,**

22   **Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP,**

23   **EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 4-**

24                               **100)**

25                 [NEGLIGENCE AND NEGLIGENCE PER SE]

26         76.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

27   facts and allegations contained in Paragraphs 1 through 75 of this Complaint and incorporates

28   them herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

77.     At all times herein mentioned the Property where the subject incident that forms the basis of this lawsuit occurred created and/or was in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiff by Defendants.

78.     As a proximate result of the dangerous conditions, Plaintiff sustained serious and permanent injuries and attendant damages as set forth herein.

79.     The known dangerous conditions, as described above, created a substantial risk of the type of injury alleged herein when the Property was used with due care in a manner in which it was reasonably foreseeable that such Property would be used.

80.     At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiff was injured.

81.     Defendants, and each of them, through their acts and omissions, created the dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the dangerous conditions.

82.     Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous conditions.

83.     Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous conditions that caused Plaintiff's injuries.

84.     Although these Defendants had actual and/or constructive knowledge of the dangerous conditions of the Property they failed to warn the public of the dangerous conditions.

85.     Prior to or on or about the date of Plaintiff's injury, these Defendants, their employees, contractors, subcontractors and agents, and each of them, acting within the scope of their employment, were negligent and careless in doing the acts set forth above, which negligence created the dangerous conditions as described herein.

86.     These Defendants, and each of them, were further negligent in that they failed to

25

COMPLAINT FOR DECLARATIVE RELIEF AND

ATTACHMENT 1

1  monitor and/or inspect their work or the area so as to determine if there were conditions which

2  would develop that would pose a risk of harm to individuals that would be using the public

3  property in a foreseeable manner.  Additionally, Defendants, and each of them, failed to inspect,

4  warn, and perform adequate repair and/or maintenance of the Property.

5         87.    Defendants, their employees, contractors, subcontractors and agents, and each of

6  them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and

7  knew or should have known of their dangerous character in that the condition had existed for a

8  sufficient period of time, and was of such a nature that Defendants, in the exercise of due care

9  should have discovered the conditions and their dangerous character within a sufficient period of

10  time prior to the occurrence of the accident to have taken measures to protect against the

11  dangerous conditions.

12         88.    At all times, Defendants failed to install any safety and/or preventative measures to

13  guard against accidents in the area of the Property at issue.

14         89.    As a result of such negligence, Plaintiff has sustained damages.

15         90.    At all times, Plaintiff was owed a duty of reasonable care to prevent injury to

16  members of the public, including Plaintiff, by Defendants.  Through their acts and omissions,

17  Defendants breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such

18  acts and/or omissions by Defendants, Plaintiff suffered personal injuries and attendant damages.

19  As such, Defendants are liable to Plaintiff.

20         91.    Plaintiff in no way contributed nor was she in any way at fault for any of the

21  injuries she sustained and the negligence of defendants as alleged herein above was a substantial

22  factor in Plaintiff's fall and injury.

23         92.    As and to the extent that the Skyport Defendants, PG&E, as well as any other

24  Defendant, violated any statute, law or ordinance designed to protect against the sorts of risks that

25  caused Plaintiff's fall and injuries, including but not limited to the ADA, sections 51, 54, 54.1 of

26  the California Civil Code, sections 19953 *et seq*. of the California Government Code, Title 24-2 of

27  the California Code of Regulations and section 14.16.2200 of the San Jose Municipal Code

28  concerning the construction, modification, alteration, inspection and maintenance of features

COMPLAINT FOR DECLARATIVE RELIEF AND...

**ATTACHMENT 1**

1    designed to provide for safe and accessible conditions for people with disabilities or the general

2    public the negligence of said Defendants constitutes negligence *per se.*

3         93.      To the extent that any of the negligent acts or omissions alleged herein were the

4    result of the negligence of any Defendant's employees acting in the course and scope of their

5    employment, said Defendants are liable for the acts or omissions of said employees under the

6    principles of *respondeat superior.*

7                                  **NINTH CLAIM**

8        **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

9    **Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

10                **Skyport I Limited Partnership and DOES 21-50)**

11        [FOR VIOLATION OF SAN JOSE MUNICIAPAL CODE SECTION 14.16.2200]

12         94.      Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

13    facts and allegations contained in Paragraphs 1 through 93 of this Complaint and incorporates

14    them herein.

15         95.      At all times relevant to this Complaint, Subsection B of section 14.16.2200 of the

16    San Jose Municipal Code has stated:

17        B. The owners of lots or portions of lots adjacent to or fronting on any portion of

18        a sidewalk area between the property line of the lots and the street line, including
parking strips, sidewalks, curbs and gutters, and persons in possession of such lots

19        by virtue of any permit or right shall repair and maintain such sidewalk areas and
pay the costs and expenses therefore, including a charge for the city of Jose's

20        costs of inspection and administration whenever the city awards a contract for
such maintenance and repair and including the costs of collection of assessments

21        for the costs of maintenance and repair under subsection A of this section or
handling of any lien places on the property due to failure of the property owner to

22        promptly pay such assessments.

23         96.      At all times relevant to this Complaint, Subsection C of section 14.16.2200 of the

24    San Jose Municipal Code has stated:

25        C. For the purposes of this part, maintenance and repair of sidewalk area shall

26        include, but not be limited to, maintenance and repair of surfaces including
grinding, removal and replacement of sidewalks, repair and maintenance of curb
and gutters, removal and filling or replacement of parking strips, removal of

27        weeds and/or debris, supervision and maintenance of signs allowed pursuant to
Section 23.04.340 and Section 23.04.830, tree root pruning and installing root

28        barriers, trimming of shrubs and/or ground cover and trimming shrubs within the

27

1
2
3

area between the property line of the adjacent property and the street pavement line, including parking strips and curbs, so that the sidewalk area will remain in a condition that is not dangerous to property or persons using the sidewalk in a reasonable manner and will be in a condition which will not interfere with the public convenience in the use of said sidewalk area.

4      97.     At all times relevant to this Complaint, Section 14.16.2205 of the San Jose

5   Municipal Code has stated:

6
7
8
9

14.16.2205 Liability for injury to public.  The property owner required by Section 14.16.2200 to maintain and repair the sidewalk area shall owe a duty to members of the public to maintain the sidewalk area in a safe and nondangerous condition. If, as a result of any property owner to maintain the sidewalk area in a nondangerous condition as required by Section 14.16.2200, any person suffers injury or damage to person or property, the property owner shall be liable to such person for the resulting damages or injury.

10      98.     At all times relevant to this Complaint, one or more of the Skyport Defendants

11   owns and/or owned the Property and was required to maintain the sidewalk/walkway where the

12   Plaintiff was injured in a safe and nondangerous condition.  The failure of the Skyport Defendants

13   to discharge this duty resulted in the injuries to Plaintiff set forth herein and said defendants are

14   therefore liable for Plaintiff's injuries per section 14.16.2205 of the San Jose Municipal Code.

15

16   WHEREFORE, Plaintiff prays that this Court:

17                                **PRAYER FOR RELIEF**

18       **AS TO CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST,**

19                      **SECOND, THIRD, FOURTH AND FIFTH CLIAMS**

20      1.     Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address

21   violations  of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to

22   address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim)

23   directing that the Government Defendants -- as current owners and operators of the subject public

24   sidewalk, walkway, and path of travel programs, services, activities, and facilities -- modify the

25   above-described subject public sidewalk, walkway, and path of travel programs, services,

26   activities, and facilities so that Plaintiff and similarly situated persons with disabilities may obtain

27   the benefits of, and access to these programs, services and activities in a "full and equal" manner;

28   and to maintain each such subject public sidewalk, walkway, and path of travel program, service,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1    activity and facility in an accessible and non-hazardous condition; and to continue to maintain

2    adequate subject public sidewalks, walkways, and path of travel programs, services, activities,

3    and facilities for use by disabled persons so long as any such public sidewalks, walkways, and

4    path of travel programs, services, activities, and facilities are maintained for the use of able-

5    bodied persons. Particularly, Plaintiff seeks an injunction that would require said Defendants to

6    provide sidewalk and walkway features that do not contain inaccessible abrupt changes of level in

7    excess of ¼"and to establish protocols for the inspection of sidewalks and walkways that would

8    detect and eliminate said barriers;

9         2.     Retain jurisdiction over the Government Defendants until such time as the Court is

10   satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance

11   of inaccessible subject public sidewalk, walkway, and path of travel programs, services, activities,

12   and facilities as complained of herein no longer occur, and will not recur;

13        3.     Award to Plaintiff all appropriate damages, including but not limited to statutory

14   damages, special damages, general damages in an amount within the jurisdiction of the Court,

15   according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set

16   forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the

17   Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under

18   sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth

19   Claims, respectively).  Additionally, Plaintiff seeks up to three times her actual damages for each

20   violation of section 51 of the California Civil Code (per section 52 of the California Civil Code)

21   and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the

22   California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an

23   award of damages under section 52 or section 54.3;

24        4.     Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this

25   proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29

26   U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under

27   section 52 of the California Civil Code for violation of section 51 of the California Civil Code,

28   and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under

1  California Code of Civil Procedure 1021.5;

2       5.    Award prejudgment interest pursuant to California Civil Code section 3291; and

3       6.    Grant such other and further relief as this Court may deem just and proper.

4

5  **AS TO CLAIMS AGAINST THE SKYPORT DEFENDANTS FOR THE SIXTH AND**

6  **SEVENTH CLAIMS AND NINTH CLAIMS**

7       1.    Issue a preliminary and permanent injunction under 42 U.S.C. section 12188 to

8  address violations  of Title III of the ADA as pled in the Sixth Claim, under section 52 of the

9  California Civil Code to address violations of section 51 as pled in the Seventh Claim; and under

10  section 55 of the Civil Code to address violations of section 54 *et seq.* of the California Civil

11  Code as pled in the Seventh Claim and directing those of the Skyport Defendants that currently

12  own or operate the Property to eliminate all barriers access at the Property including, without

13  limitation, the sidewalk/walkway barrier that caused Plaintiff's injuries and other surface slope

14  barriers at the Property;

15       2.    Retain jurisdiction over those of the Skyport Defendants that currently own or

16  operate the Property until such time as the Court is satisfied that said Defendants' unlawful

17  policies, practices, acts and omissions, and maintenance of inaccessible subject sidewalk,

18  walkway, and paths of travel as complained of herein no longer occur, and will not recur;

19       3.    Award to Plaintiff all appropriate damages, including but not limited to statutory

20  damages, special damages, and general damages and up to three times her actual damages for

21  each violation of section 51 (per section 52 of the Civil Code) and each violation of section 54

22  and section 54.1 of the California Civil Code (per section 54.3 of the California Civil Code);

23  provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under

24  section 52 or section 54.3 and award Plaintiff all of her general and special damages under per

25  section 14.16.2205 of the San Jose Municipal Code;

26       4.    Award to Plaintiff all reasonable attorneys' fees, litigation expenses and costs of

27  this proceeding, as provided by 42 U.S.C. section 12205 for violations of Title III of the ADA;

28  section 52 of the Civil Code for violation of section 51 of the Civil Code, under section 54.3 of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  California Civil Code for violation of sections 54 and 54.1 of the California Civil Code and under

2  California Code of Civil Procedure 1021.5;

3       5.    Award prejudgment interest pursuant to Civil Code section 3291; and

4       6.    Grant such other and further relief as this Court may deem just and proper.

5

6  **AS TO CLAIMS AGAINST ALL DEFENDANTS OTHER THAN THE GOVRNMENT**

7  **DEFENDNATS FOR THE EIGHTH CLAIM**

8       1.    For general and special damages pursuant to California Civil Coder sections 3281

9  and 3333, and/or under common law;

10       2.    Award prejudgment interest pursuant to Civil Code section 3291; and

11       3.    Grant such other and further relief as this Court may deem just and proper.

12

13  DATED:  June 21, 2017          DERBY McGUINNESS & GOLDSMITH LLP

14

15

16       By___ */s/ Celia McGuinness*_____

17       Celia McGuinness, Esq.

     Attorney for Plaintiff

18

19  **<u>DEMAND FOR JURY</u>**

20      Plaintiff hereby demands a jury for all claims for which a jury is permitted.

21

22            DERBY McGUINNESS & GOLDSMITH LLP

23  DATED:  June 21, 2017

24

25       By___ */s/ Celia McGuinness*_____

     Celia McGuinness, Esq.

26       Attorney for Plaintiff

27

28

**ATTACHMENT 1**

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CRISTINA MENDOZA

**DEFENDANTS**

CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPERTIES LP, a California limited partnership, EOP OPERTAING LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1-100, Inclusive, Defendants

**(b)** County of Residence of First Listed Plaintiff    Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STEVEN L. DERBY, Esq., ANTHONY GOLDSMITH, Esq., CELIA MCGUINNESS, Esq.
DERBY, McGUINNESS & GOLDSMITH, 200 Lakeside Drive, Suite A, Oakland, CA 94612
Telephone: 510/987-8778; Fax: 510/359-4419

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC § 881 | ☐ 422 Appeal 28 USC § 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 423 Withdrawal 28 USC § 157 | ☐ 376 Qui Tam (31 USC § 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 690 Other | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment Of Veteran's Benefits | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities– Employment | ☐ 535 Death Penalty | ☐ 871 IRS–Third Party 26 USC § 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities– Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee– Conditions of Confinement | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer | ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act of 1990; 42 USC 12101ff; including 42 USC 12181 et seq

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE                                    DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

*(Place an "X" in One Box Only)*    ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

DATE: 06/21/2017    SIGNATURE OF ATTORNEY OF RECORD: /s/ Celia McGuinness

ATTACHMENT 1

# United States Bankruptcy Court, Northern District of California

| Fill in this information to identify the case (Select only one Debtor per claim form): |
| --- |
| ☐ PG&E Corporation (19-30088) |
| ☒ Pacific Gas and Electric Company (19-30089) |

## Official Form 410

> Debtor Pacific Gas and Electric Company has listed your claim on Schedule E/F, Part 2 as a Contingent, Unliquidated and Disputed General Unsecured claim in an Undetermined amount. You must timely file a proof of claim or be forever barred from recovery.

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

## Part 1: Identify the Claim

| | | |
| --- | --- | --- |
| 1. | Who is the current creditor? | Mendoza, Cristina |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |
| 2 | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? _____ |
| 3 | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Cristina Mendoza<br>c/o Law Office of Robert B. Kopelson<br>75 E. Santa Clara Street, Suite 1180<br>San Jose, CA 95113<br><br>Christina Mendoza<br>c/o Derby, McGuiness, and Goldsmith<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br><br>Contact email _____ | Where should payments to the creditor be sent? (if different)<br><br><br><br><br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| 4 | Does this claim amend one already filed? | ☒ No<br>☐ Yes. Claim number on court claims registry (if known)_____ |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

Filed on
MM / DD / YYYY

193008900923755

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ _3,000,000.00_____

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Personal Injury_

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:                 $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property _____

**ATTACHMENT 1**

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. Check one:

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units  11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies.  $ _____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box.

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/25/2019   (mm/dd/yyyy)

Signature

Print the name of the person who is completing and signing this claim:

Name      Robert B. Kopelson
          First name          Middle name          Last name

Title     Attorney at Law

Company
          Identify the corporate servicer as the company if the authorized agent is a servicer

Address   75 E. Santa Clara Street, Suite 1180
          Number      Street
          San Jose                      CA          95113
          City                          State       ZIP Code

Contact phone   (408) 293-4000          Email   kopelaw@hotmail.com

**ATTACHMENT 1**

1   Robert Kopelson, Esq. (SBN 83523)
    Law Office of Robert B. Kopelson
2   75 E. Santa Clara Street, Suite 1180
    San Jose, CA  95113
3   Telephone:  (408) 293-4000
    Facsimile:  (408) 293-8369
4   Email: kopelaw@hotmail.com

5   Steven L. Derby, Esq. (SBN 148372)
    Anthony E. Goldsmith, Esq. (SBN 125621)
6   Celia McGuinness, Esq. (SBN 159420)
    DERBY McGUINNESS & GOLDSMITH LLP
7   200 Lakeside Drive, Suite A
    Oakland, CA  94612
8   Telephone:  (510) 987-8778
    Facsimile:  (510) 359-4419
9   Email: info@dmglawfirm.com

10  Attorney for Plaintiff
    CRISTINA MENDOZA

11

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15  CRISTINA MENDOZA,                    | CASE NO.

16                    Plaintiff,         | Civil Rights

17          v.                           | COMPLAINT FOR INJUNCTIVE RELIEF
                                         | AND DAMAGES
18  CITY OF SAN JOSE, PACIFIC GAS &
    ELECTRIC COMPANY, a California
19  registered domestic stock corporation, | DEMAND FOR JURY TRIAL
    HUDSON SKYPORT PLAZA, LLC, a
20  Delaware limited liability company,
    HUDSON SKYPORT PLAZA LAND,
21  LLC, a Delaware limited liability company,
    HUDSON PACIFIC PROPERTIES, INC.,
22  a Maryland corporation, SPIEKER
    PROPERTIES LP, a California limited
23  partnership, EOP OPERTAING LIMITED
    PARTNERSHIP, LP, a Delaware limited
24  partnership CA – SKYPORT I LIMITED
    PARTNERSHIP, a Delaware limited
25  partnership; and DOES 1-100, Inclusive,
    Defendants
26
                    Defendants.
27

28

                              1
         COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

Plaintiff CRISTINA MENDOZA complains of Defendants CITY OF SAN JOSE Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport I Limited Partnership, Pacific Gas & Electric Company and DOES 1-100, inclusive, and each of them, and alleges as follows:

## INTRODUCTION

1.     This case involves the denial of accessible and safe sidewalks, walkways, and paths of travel to Plaintiff CRISTINA MENDOZA ("Plaintiff" or "Ms. Mendoza"), a qualified person with a disability, in connection with a sidewalk and walkways or portions thereof that were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants; as well as Plaintiff having been subjected to and severely injured by hazardous conditions created or allowed to exist by such Defendants. Additionally, Plaintiff is informed and believes and based thereon alleges that other inaccessible conditions, including, but not limited to, excessively sloped routes and pedestrian surfaces and paths of travel, exist at and about the property commonly known as 1650 Technology Drive, San Jose California and developed common areas associated therewith and create a violation of her State and federal civil rights as well as posing a hazard to her and other similarly situated persons.

2.     As a result of the inaccessible and hazardous facilities, conditions and elements and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries as well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person with a disability" or "physically handicapped person," who is mobility impaired, and unable to safely use portions of walkways, sidewalks and other public facilities that are not fully accessible to physically disabled persons.

3.     Plaintiff seeks injunctive relief; recovery of damages for both the personal injuries she incurred and the violation of her civil rights as well as the recovery of reasonable attorney fees, litigation expenses and costs.

2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1    **JURISDICTION AND VENUE**

2       4.      This Court has subject matter jurisdiction of this action pursuant to:  (a) 28 USC §

3    1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42

4    U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the

5    Rehabilitation Act of 1973; and (c) 28 U.S.C. § 1367 for supplemental jurisdiction over attendant

6    and related causes of action arising from the same nucleus of facts and brought under California

7    law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1, violations of

8    California Government Code §§ 815.6, and 835 and common law negligence.  This court also has

9    jurisdiction over Plaintiff's claims for declaratory or injunctive relief pursuant to the ADA, the

10   Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure

11   and State law authorizing injunctive relief.

12       5.      Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's

13   claims arose within the Judicial District of the United States District Court of the Northern

14   District of California. This case is properly filed in the San Jose intradistrict as the incident

15   occurred in the City of San Jose, the property at issue is located in the City of San Jose and one or

16   more of the Defendants resides in the City of San Jose.

17

18   **PARTIES**

19       6.      Plaintiff is and at all times relevant to this Complaint was, a "physically disabled

20   person" and a "person with disabilities," as these terms are used under California law and under

21   federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and the ADA.

22   The terms "physically disabled person," "person with a disability" and a "person with

23   disabilities" will be used interchangeably throughout this Complaint.  Ms. Mendoza requires the

24   use of a wheelchair for mobility.

25       7.      Defendant CITY OF SAN JOSE and DOES 1-3 (collectively, the "Government

26   Defendants") are public entities that on information and belief, at all times relevant to this

27   Complaint designed and/or constructed and/or modified and/or maintained and/or inspected

28   and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

1    inspection or modification of the sidewalk / walkway area where Plaintiff was injured.  At all

2    relevant times, Defendant PACIFIC GAS & ELECTRIC COMPANY, a California registered

3    domestic stock corporation (hereinafter, PG&E) and DOES 4-20 are entities that, on information

4    and belief, at all times relevant to this Complaint, designed and/or constructed and/or modified

5    and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the

6    design, construction, maintenance, inspection or modification of the sidewalk/walkway area

7    where Plaintiff was injured or some portion thereof. Defendants  HUDSON SKYPORT PLAZA,

8    LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a

9    Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland

10    corporation, SPIEKER PROPERTIES, LP, a California limited partnership, EOP OPERTAING

11    LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED

12    PARTNERSHIP, a Delaware limited partnership and DOES 21-50 (collectively, the "Skyport

13    Defendants") are on information and belief entities that, at all times relevant to this Complaint,

14    designed and/or  constructed and/or altered and/or modified and currently own and/or operate (or

15    at relevant times in the past, owned and/or operated) a property used as a place of public

16    accommodation located in the city of San Jose, California at 1650 Skyport Drive and commonly

17    known as Skyport Plaza (including ownership and operation of the sidewalk / walkway area

18    where Plaintiff was injured). The property located at 1650 Skyport Drive in the City of San Jose

19    (including all walks, sidewalks and paths of travel threat) shall be referred to herein as the

20    "Property" or the "Facility." On information and belief, Defendant DOES 51-65 are or were

21    agents, contractors, subcontractors or employees of Defendant CITY OF SAN JOSE or other

22    DOE Defendants; DOES 66-80 are or were agents, contractors, subcontractors or employees of

23    PG&E or other DOE Defendants; and DOES 80-100 are or were agents, contractors,

24    subcontractors or employees of one or more of the Skyport Defendants or other DOE Defendants.

25    On information and belief, Defendants CITY OF SAN JOSE, the Skyport Defendants and DOES

26    1-3 and 21-50 wrongfully discriminated against Plaintiff on the basis of her disability as part of a

27    joint venture and common enterprise.  Based on information and belief, Plaintiff alleges that all

28    the named Defendants and DOE Defendants were negligent in connection with the manner in

4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   which they designed and/or constructed and/or modified and/or maintained and/or inspected

2   and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

3   inspection or modification, alteration of the sidewalk / walkway area where Plaintiff was injured.

4        8.     Plaintiff does not know the identities of DOES 1-100 at this time and prays leave

5   to substitute the true names of each such Defendant when they have been ascertained.

6        9.     Plaintiff does not know the relative responsibilities of the Defendants with respect

7   to the responsibility for the  design, construction, modification, alteration, maintenance or

8   inspection of the operation of the programs, services, activities, public accommodations, facilities

9   and elements herein complained of, and alleges a joint venture and common enterprise by

10  Defendants  in the ownership and/or operation of each such program, service, activity, public

11  accommodation public accommodations, facilities and elements.  Plaintiff is informed and

12  believes that each of the Defendants herein is the agent, servant, employee, representative, joint

13  venturer and/or common enterprise affiliate of each of the other Defendants, and performed all

14  acts and omissions stated herein within the scope of such agency or employment or representative

15  capacity or joint venture or common enterprise and is responsible, in some manner, for the acts

16  and omissions of the other Defendants in proximately causing the damages complained of herein.

17       10.    Plaintiff is informed and believes and on that basis alleges that each of the named

18  Defendants and each of the fictitiously named Defendants are legally responsible in some manner

19  for the occurrences herein alleged and that the injuries as alleged herein were caused by the acts

20  and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these

21  certain Defendants as an entity distinct from certain other Defendants would permit an abuse of

22  the corporate privilege and would sanction fraud and/or promote injustice.

23

24              **GOVERNMENT CLAIM FILED**

25       11.    Plaintiff made timely claims for damages to Defendant CITY OF SAN JOSE on

26  December 13, 2016.  The Defendant CITY OF SAN JOSE rejected Plaintiff's claim effective

27  December 22, 2016.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

**FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS**

12.    On the evening of June 16, 2016, Plaintiff had dinner at the Sonoma Chicken Coop restaurant located at the Property.  Plaintiff left the restaurant at about 8:30 p.m. from the doors that lead out to the parking lot of the Property. She was accompanied by her roommate. Plaintiff had called for an Uber ride to pick her and her roommate up and take them home. Plaintiff and her roommate decided to head to the corner of Skyport Drive and Technology Drive to meet their ride. They transited the walkway that led from the south door of the restaurant to the main sidewalk/walkway on the east side of Technology Drive. They proceeded north on the sidewalk/walkway. Before reaching the southeast corner of Technology Drive and Skyport Drive, the front wheels of Plaintiff's wheelchair hit a raised portion the south edge of the sidewalk/walkway section immediately north of a utility vault lid or cover. The section of sidewalk/walkway she was on demonstrated concrete chipping and spalling, leaving dangerous gouges/divots such that the sidewalk section just north of and adjacent to the divot/gouge was 1 ½" or higher.  The section of sidewalk/ walkways she was on was lower than the adjoining section to the north, particularly on its left side. When Plaintiff's wheelchair wheels struck the higher edge of the sidewalk/walkway, it caused Plaintiff's wheelchair to abruptly stop, which caused her to fall forward out of her wheelchair onto the sidewalk / walkway, fracturing her right femur. The sidewalk/walkway in question was in a patently dangerous condition, as well as exhibiting non-compliance with State and federal disability rights laws, codes and regulations as set forth herein, in the area where Plaintiff was injured. At all relevant times, the Property, including the area of sidewalk/walkway on which Plaintiff was injured, was required to meet the standards of the ADA, including but not limited to the regulations set forth in 28 C.F.R. Part 36 (as to public accommodations) and 28 C.F.R. Part 35 (as to governmental entities).  Compliance with the above regulations includes but is not limited to compliance Americans with Disabilities Act Accessibility Guidelines (as the same have been set forth, modified and incorporated into 28 C.F.R. Part 36 and 28 C.F.R. Part 35).  In addition, at all relevant times, all construction, modifications, alterations, structural repairs and the like have been governed by the provisions of Title 24-2 of the California Code of Regulations (the "California Building Code"). At all relevant times both federal and State

6

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case 19-30088    Doc# 10765-1    Filed 06/26/09/21    Best Entered 06/08/21 11:22:26    Page    **ATTACHMENT 1**

1   regulations required that accessible routes (including the sidewalk/walkway where Plaintiff was

2   injured, demonstrate compliant slopes and cross slopes and avoid demonstrating abrupt changes

3   in level in excess of ¼" (or ½" if beveled at 2:1).

4        13.    There were no signs that warned of the dangerous conditions that caused

5   Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk/walkway with

6   due care), adequate time to prepare for and/or avoid the dangerous condition.

7        14.    Plaintiff sustained the injuries and loses described herein as a result of the

8   negligence and violation of disabled access and safety standards protecting disabled persons and

9   others by Defendants and their employees and/or agents and/or contractor and/ or subcontractors

10  and the acts and omissions of Defendants and their employees and/or agents and/or contractors

11  and/ or subcontractors were a substantial factor in Plaintiff's injuries and other damages.

12       15.    As a result of the aforementioned incident, Plaintiff sustained serious and

13  permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for,

14  *inter alia* medical care, medicines, medical imaging, hospitalizations, surgeries and related care,

15  and will, in the future, be compelled to incur additional obligations.  Plaintiff's income and career

16  as a real estate professional have been impacted by the injuries she sustained and her loss of

17  income continues to accrue and on information and belief, impact her future earning capacity.

18       16.    As a result of Defendants' failures to provide a safe and accessible

19  sidewalk/walkway, Plaintiff has, in addition to the injuries and losses described in paragraph 15

20  and elsewhere herein, suffered denial of her civil rights; including the denial to her right to full

21  and equal access to public facilities and public accommodations, and programs services and

22  activities, all to her general, special and statutory damages.  Moreover, as a result of her injuries

23  and the inaccessible condition of the Property and sidewalk/walkway, Plaintiff has been deterred

24  from returning to use the Property, sidewalks, walkways, and paths of travel in question and thus

25  suffered a denial of her civil rights that continues to the date of filing this Complaint.

26       17.    On information and belief, Plaintiff alleges that at all times herein mentioned,

27  Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of

28  injury of the type suffered by Plaintiff, with sufficient time to eliminate the defects and dangers in

7

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

question and failed to eliminate said defects and dangers.  The subject sidewalks, walkways, and paths of travel, and their signing, configuration, and construction, which resulted from negligent, inadequate and/or incomplete property design, construction and/or maintenance, and/or modification or alteration, and/or inspection and/or other unusual conditions, in conjunction with the lack of warnings, given what the  Defendants knew or should have known about the conditions of use, constituted a trap for wheelchair users and others traveling on the aforementioned sidewalk/walkway and exposed wheelchair users and others, including Plaintiff, to a significant risk of being injured by the dangerous conditions set forth above. Though the dangerous conditions in question posed a special and unique risk to people who use wheelchairs, the conditions were so hazardous as to pose a danger to any member of the general public.

18.    Plaintiff is informed and believes and on that basis alleges, that Defendants owed a duty of care to Plaintiff to design, construct, alter, modify, inspect and maintain the subject property with reasonable care, that Defendants failed to exercise such care and diligence, and that the result of Defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant damages.  Additionally, Plaintiff avers that the condition of the sidewalk/walkway on which she was injured was so patently dangerous that Defendants intentionally allowed the condition to exist or that it was allowed to exist because of deliberate indifference on the part of Defendants to the fate of Plaintiff and people similarly situated.

19.    Plaintiff is informed and believes that Defendants owned and/or operated and/or designed and/or constructed and/or modified/altered and/or maintained and/or inspected and/or exerted control over the design, construction, maintenance, inspection, modification of the sidewalk/ walkway area where Plaintiff was injured at all times relevant in this Compliant.

## CLAIMS AGAINST THE GOVERNMENT DEFENDANTS
### FIRST CLAIM
#### (Against Defendant CITY OF SAN JOSE and DOES 1-3)
[FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

8

**ATTACHMENT 1**

1      20.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

2  facts and allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates

3  them herein.

4      21.     At all times herein mentioned, Plaintiff was entitled to the protections of the

5  "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by

6  any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section

7  202 of Title II, no qualified individual with a disability shall, by reason of such disability, be

8  excluded from participation in or be denied the benefits of the "services, programs or activities"

9  of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times

10  relevant herein, a qualified individual with a disability for all purposes under the ADA.

11      22.     In violation of Title II of the ADA, the Government Defendants have failed to

12  ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the

13  "services, programs and activities" of its public sidewalk, walkway, and pathway system and

14  facilities.  By reason of Defendants' discriminatory policies regarding the failure to provide

15  accessible and useable elements, features and conditions in and to its public sidewalk, walkway,

16  and pathway system, so as to render them "accessible to and useable by" mobility impaired

17  persons, the Government Defendants have intentionally discriminated against Plaintiff in

18  violation of Title II of the ADA and the regulations adopted to implement the ADA:  including

19  those regulations governing: (i) the design, construction, modification and alteration of elements,

20  features and facilities in the public right or on or at other public properties; (ii) the inspection and

21  maintenance of said elements, features, facilities or other public properties so that they remain in

22  an accessible and useable condition; and (iii) and the provision of accessible programs, services

23  and activities; all as set forth and mandated  in 28 C.F.R. Part 35.

24      23.     On information and belief, to the date of filing of this Complaint, the Government

25  Defendants have failed to make the subject sidewalk/walkway where Plaintiff was injured

26  accessible to and useable by people with disabilities and/or assure that both said Defendants and

27  third parties design, construct, alter, inspect and maintain sidewalks/walkways and features within

28  and connected to sidewalks/walkways (including utility vaults), in a useable and accessible

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1   condition, as required by law.

2       24.    Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

3   walkway, and path of travel programs, services, activities, and facilities complained of herein,

4   and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

5   services, activities, and facilities until they are made accessible; particularly with respect to the

6   conditions where features in or connected to sidewalks and walkways create inaccessible and

7   hazardous abrupt changes in level.  Plaintiff avers that, based on the condition of the features she

8   encountered, that Defendants intentionally violated the ADA and other disability rights laws as

9   demonstrated, at the least, through deliberate indifference to the needs and safety of people with

10  disabilities as to the condition of sidewalks and walkways and elements and features contained

11  therein.

12

13                        **SECOND CLAIM**

14          **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

15  [FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

16      25.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

17  facts and allegations contained in Paragraphs 1 through 24 of this Complaint and incorporates

18  them herein.

19      26.    Plaintiff avers, on information and belief, that the Defendants CITY OF SAN

20  JOSE and DOES 1-3 are each a government agency existing under the laws of the State of

21  California with responsibility for, *inter alia*, owning, operating and maintaining the subject public

22  sidewalk, walkway, and path of travel programs, services, activities, and facilities described

23  hereinabove.  Plaintiff is informed and believes and thereon alleges that the Government

24  Defendants, and each of them, has been a recipient of federal financial assistance and that part of

25  that financial assistance was and is used to fund the construction, alteration, and operations of the

26  subject public sidewalk, walkway, and path of travel programs, services, activities, facilities and

27  other related functions.

28      27.    The Government Defendants have, on information and belief, failed to ensure that

                                10

1   individuals with physical disabilities such as Plaintiff are not excluded from the "services,

2   programs and activities" of its public sidewalk, walkway, and pathway system and facilities. By

3   reason of Defendants' discriminatory policies regarding the failure to provide accessible

4   elements, features and conditions in and to its public sidewalk, walkway, and pathway system, so

5   as to render them "accessible to and useable by" mobility impaired persons, Defendants have

6   intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act

7   of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder: including those

8   regulations governing: (i) the design, construction, modification and alteration of elements and

9   facilities in the public right of way or other public properties; (ii) the inspection and maintenance

10  of said elements and facilities so that they remain in an accessible and useable condition; and (iii)

11  and the provision of accessible programs, services and activities.

12      28.   Plaintiff has a need to, and wishes to return to and use the subject public sidewalk,

13  walkway, and path of travel programs, services, activities, and facilities complained of herein,

14  and is deterred from use of these subject public sidewalks, walkways and path of travel programs,

15  services, activities, and facilities until they are made accessible; particularly with respect to the

16  conditions where features in or connected to sidewalks and walkways create inaccessible and

17  hazardous abrupt changes in level.

18

19                          **THIRD CLAIM**

20          **(Against Defendant CITY OF SAN JOSE and DOES 1-3)**

21      [FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT

22      AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT

23                          CODE § 815.6)]

24      29.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

25  facts and allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates

26  them herein.

27      30.   Section 815.6 of the California Government Code provides that, where a public

28  entity is under a mandatory duty imposed by an enactment that is designed to protect against the

1   risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately

2   caused by its failure to discharge the duty unless the public entity establishes that it exercised

3   reasonable diligence to discharge the duty.

4       31.     On information and belief, the Government Defendants did not discharge a

5   number of statutorily mandated duties imposed by federal and State statutes and regulations, as

6   enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff

7   and other people with disabilities from discrimination and injuries.  These duties include those set

8   forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation

9   of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of

10   sections 51, 54 and 54.1 of the California Civil Code.  Each of these laws, statutes and regulations

11   were designed to prevent the acts of discrimination and injuries, including the physical injuries,

12   suffered by Plaintiff.

13       32.     Discovery has not commenced; investigation is only in its initial stages and is

14   limited because Defendants have control of access to staff and records and information material

15   to these claims.  After discovery is underway, Plaintiff may learn more about other and additional

16   mandatory duties that were violated and had a causal effect on the events and damages

17   complained of herein.  Therefore, Plaintiff intends to seek leave to amend this Complaint

18   accordingly, as may become appropriate, up to the time of trial.

19       33.     As set forth herein, Plaintiff is a person with a disability and is in all respects

20   qualified and able to use public sidewalks, walkways, and paths of travel.  The Government

21   Defendants have (and at all relevant times herein had) a duty to provide safe and accessible paths

22   of travel on sidewalks, walkways and paths of travel that they own, operate, and maintain or over

23   which they otherwise exert control or responsibility.  Plaintiff is informed and believes and based

24   thereon alleges that the Government Defendants were/are aware of the discriminatorily

25   inaccessible and hazardous conditions of subject sidewalk/walkway where Plaintiff was injured.

26   Plaintiff is informed and believes and based thereon alleges that, despite knowing of these

27   discriminatorily inaccessible and hazardous conditions, the Government Defendants did not

28   exercise reasonable diligence or take appropriate steps to eliminate or mitigate these conditions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

34.     On information and belief, the Government Defendants failed to discharge the duties referenced herein, thereby discriminating against Plaintiff and endangering her as well as other persons similarly situated.

35.     The Government Defendants are statutorily liable under sections 815.2 and 815.4 of the California Government Code for the negligence and misconduct of their employees and contractors in violating Government Code section 815.6, as such negligence and misconduct occurred within the scope of their employment.  The failure and refusal of the employees or contractors of the Government Defendants to abide by the mandates of California Government Code section 815.6 was, on information and belief, not the result of any exercise of discretion vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of contractors of Defendants had a duty to abide by the mandates of section 815.6 and all similar statutes designed to prevent the types of injuries suffered by Plaintiff.

36.     The violations of mandatory duties enunciated above were a substantial factor in causing Plaintiffs injuries, harms, losses, and discrimination set forth in this Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff was, in no way, at fault for the incident wherein she sustained said injuries.

37.     Plaintiff's injuries, including her physical injuries and denial of her civil rights, could have been prevented if the Government Defendants had discharged affirmative obligations required under statutes and regulations.  The occurrences and harm alleged herein are within the scope of concerns, injuries, or harm precisely targeted for prevention by the statutes and regulations cited in this Claim and as set forth in this Complaint.

## FOURTH CLAIM

### (Against Defendant CITY OF SAN JOSE and DOES 1-3)

[FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA GOVERNMENT CODE § 835]

38.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 37 of this Complaint and incorporates

13

1    them herein.

2        39.     Section 835 of the California Government Code provides that, except as otherwise

3    provided by statute, a public entity is liable for injury caused by a dangerous condition of its

4    property if the plaintiff establishes that the property was in a dangerous condition at the time of

5    the injury, that the injury was proximately caused by the dangerous condition, that the dangerous

6    condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that

7    either: (a) a negligent or wrongful act or omission of an employee of the public entity within the

8    scope of his or her employment created the dangerous condition; or (b) The public entity had

9    actual or constructive notice of the dangerous condition for a sufficient time prior to the injury to

10    have taken measures to protect against the dangerous condition.

11        40.     On information and belief, at relevant times set forth in this Complaint, the

12    Government Defendants owned and/or controlled the portion of the sidewalk/walkway where

13    Plaintiff was injured.

14        41.     Plaintiff alleges, on information and belief, that the dangerous condition of the

15    sidewalk/walkway where Plaintiff was injured: (a) was created by the negligent or wrongful acts

16    or omissions of one or more employees of one or more of the Government Defendants acting

17    within the course and scope of their employment and/or (b) Defendants City of San Jose and/or

18    DOES 1-3 had notice of the dangerous conditions that injured Plaintiff for a long enough period

19    of time to have corrected said conditions.

20        42.     The condition of the sidewalk/walkway on which Plaintiff was injured and the acts

21    or omissions of Defendants (including the acts or omissions of their employees acting within the

22    course and scope of their duties) created a reasonably foreseeable risk that Plaintiff would

23    experience the type of fall and suffer the sorts of injuries alleged herein.

24        43.     The violations of the duties enunciated above were the proximate cause of and a

25    substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination set forth in this

26    Complaint for which the Government Defendants, and each of them, are responsible. Plaintiff

27    was, in no way, at fault for the incident wherein she sustained said injuries.

28

14

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ATTACHMENT 1

**FIFTH CLAIM**

**(Against Defendant City of San Jose and DOES 1-3)**

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND

CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

44.    Plaintiff repleads and incorporate by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporate them herein.

45.    At all times relevant to this Complaint, California Civil Code section 54(a) has provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings. . . public facilities and other public places."

46.    At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

47.    At all times relevant to this Complaint, California Civil Code section 51(b) provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

48.    Plaintiff is informed and believes and therefore alleges that the specified public sidewalk/walkway elements on which she was injured (or related facilities or elements) and the Government Defendants programs, services and activities of operating a sidewalk are and were required to be accessible within the meaning of California Government Code sections 4450 and 4451 et seq.  Plaintiff is further informed and believes and therefore alleges that the Government

15

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ATTACHMENT 1

1    Defendants constructed and/or conducted alterations, structural repairs or additions of the

2    sidewalk/walkway on which Plaintiff was injured or on other property connected therewith, since

3    1968 within the meaning of Government Code sections 4450 *et seq.*, including section 4456,

4    thereby requiring provision of access to persons with disabilities, as required by law.

5    Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements

6    that are required to be accessible must be maintained in an accessible condition.  Further, Plaintiff

7    alleges that, at all relevant times, the Government Defendants were required to comply with Title

8    II of the ADA, as more fully set forth in the First Claim, above and failed to do so; including,

9    without limitation, failures in: (i) the design, construction, modification and alteration of elements

10    and facilities in the public right of way or other public properties; (ii) the inspection and

11    maintenance of said elements and facilities so that they remain in an accessible and useable

12    condition; and (iii) the provision of accessible programs, services and activities.

13          49.    Plaintiff and other similarly situated people with mobility disabilities, are unable to

14    use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses

15    and public accommodations on a "full and equal" basis unless each such facility is in compliance

16    with the provisions of California Health & Safety Code sections 4450 *et seq.* and the ADA.

17    Plaintiff is a member of that portion of the public whose rights are protected by the provisions of

18    Health & Safety Code sections 4450 *et seq.*

19          50.    On information and belief, the actions and omissions of the Government

20    Defendants, as herein alleged, constitute a denial of access to and use of the described to and use

21    of the described sidewalks, walkways, public buildings, public facilities and other public

22    facilities, businesses and public accommodations by Plaintiff and other similarly situated

23    physically disabled persons within the meaning of Government Code sections 4450 *et seq.*  As a

24    result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in

25    violation of Government Code sections 4450 *et seq.*, and of the regulations adopted to implement

26    section 4450 as set forth in the California Code of Regulations, Title 24-2.  A violation of sections

27    4450 *et seq.* constitutes a violation of general anti-discrimination provisions Civil Code sections

28    51(b), 54 and 54.1.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1    51.    Each violation of the Americans With Disabilities Act of 1990 (as pled in the First

2    Claim) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California Civil

3    Code, thus independently justifying an award of damages and injunctive relief pursuant to

4    California law.  Plaintiff alleges that she has been denied such full and equal access as required

5    by California law which incorporates Title II of the ADA.

6    52.    Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

7    Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to § 52

8    of the Civil Code.  Each violation of Plaintiff's rights under §§54 or 54.1 of the Civil Code

9    entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to §54.3 of the Civil

10   Code.

11

12   **CLAIMS AGAINST THE SKYPORT DEFENDANTS RELATING TO THE FAILURE**

13   **TO PROVIDE ACCESSIBLE PLACES OF PUBLIC ACCOMMODATION IN**

14   **VIOLATION OF FEDERAL AND STATE CIVIL RIGHTS LAWS**

15

16   **SIXTH CLAIM**

17   **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific**

18   **Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA – Skyport**

19   **I Limited Partnership and DOES 21-50)**

20   [FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH

21   DISABILITIES ACT OF 1990]

22   53.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

23   facts and allegations contained in Paragraphs 1 through 52 of this Complaint and incorporates

24   them herein.

25   54.    Based on the facts and allegations above (which Plaintiff re-pleads and incorporates

26   herein by reference), Plaintiff was denied full and equal enjoyment of and access to the Skyport

27   Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of

28   the ADA.  Plaintiff alleges that the Skyport Defendants owned or own, leased or lease and/or

17

1  operated or operate a place of public accommodation as the term public accommodation is defined

2  in 42 U.S.C. section12181(7).  The condition of Skyport Defendants' Facility and/or the manner in

3  which Skyport Defendants provided services, failed to provide full and equal access to

4  Defendants' goods and services in public accommodations as required, generally, by the

5  provisions of 42 U.S.C. section12182(a) and 42 U.S.C. section12182(b)(1)(A).  As set forth in this

6  Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U. S.C.

7  sections 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182 (b)(2)(A)(iii), 12183, and 12188 because

8  Plaintiff was denied equal access to and enjoyment of the Facility.

9      55.    Plaintiff has physical disabilities as alleged above because Plaintiff's conditions

10  affect one or more of the following body systems: Neurological, musculoskeletal, special sense

11  organs, and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major

12  life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life

13  activities in the manner, speed and duration when compared to the average person.  Moreover,

14  Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment

15  as required by 42 U.S.C. section 12102(2)(A).

16      56.    One of the specific prohibitions against discrimination under the ADA is set forth

17  in 42 U.S.C. section 12182(b)(2)(A)(iv).  That Section prohibits, in pertinent part: "A failure to

18  remove architectural barriers, and communication barriers that are structural in nature, in existing

19  facilities ... where such removal is readily achievable."

20      57.    Plaintiff alleges, on information and belief, that the removal of each of the specific

21  barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable"

22  pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United

23  States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36).

24  Further, assuming, *arguendo*, that the Skyport Defendants were able to meet their burden of proof

25  that the removal of the defined architectural barriers (or any of them) was or is not "readily

26  achievable," the Skyport Defendants have conspicuously failed to make their goods, services,

27  facilities, privileges, advantages and/or accommodations available through alternative readily

28  achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

18

58.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . . "

59.     Based on the facts and allegations pled herein, the Skyport Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA.  Additionally, the Skyport Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively and safely navigate the Property.

60.     Plaintiff is informed and believes and based thereon alleges that the Skyport Defendants designed, built and constructed the Facility on or after January 26, 1993, and modified and altered the Facility on or after January 26, 1992, in a manner that affects the usability and accessibility of the Facility.  The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of covered public accommodation properties and commercial facilities.  In this regard, 42 U.S.C. section 12183(a)(1) states that discrimination includes a failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable.  In the instant case, Plaintiff is informed and believes and based thereon alleges that the Facility was constructed after January 26, 1993, and that the barrier that caused her physical injuries and /or the other barriers at the Property, were in existence at the time the Facility was constructed.

61.     As to alterations and modifications of covered public accommodation properties and commercial facilities, the ADA specifically prohibits discrimination caused by failing to design and conduct alterations and modifications in compliance with the Act.  On information and belief Plaintiff alleges that the Skyport Defendants, at times relevant to this Complaint, conducted alterations and modifications at the Property that would have required the elimination of the

19

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ATTACHMENT 1

barrier on the sidewalk/walkway that injured Plaintiff and the other surface slope and condition

barriers that she has been informed and believes exist at the Facility.  In this regard 42 U.S.C.

section 12183(a)(2) states:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

62.     Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for

and referenced in 42 U.S.C. section12183(a)(2).  As enforceable at the time of the incident

alleged herein, Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)     General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
> (1)    Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
> (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

63.     Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel"

accessibility work to be conducted in connection with certain alterations. That section, as

enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the

**ATTACHMENT 1**

1    restrooms, telephones, and drinking fountains serving the altered area, are readily
2    accessible to and usable by individuals with disabilities, including individuals who
     use wheelchairs, unless the cost and scope of such alterations is disproportionate to
3    the cost of the overall alteration.

4    Section 36.403(e) defines a path of travel as follows:

5    (e) Path of Travel.

6    (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian
     passage by means of which the altered area may be approached, entered, and
7    exited, and which connects the altered area with an exterior approach (including
     sidewalks, streets, and parking areas), an entrance to the facility, and other parts
     of the facility.
8
     (2) An accessible path of travel may consist of walks and sidewalks, curb ramps
9    and other interior or exterior pedestrian ramps; clear floor paths through lobbies,
     corridors, rooms, and other improved areas; parking access aisles; elevators and
10   lifts; or a combination of these elements.

11   (3)  For the purposes of this part, the term 'path of travel' also includes the
     restrooms, telephones, and drinking fountains serving the altered area.
12

13   64.     Section 36.403(f), as enforceable as of the time of the incidents alleged herein

14   limits required changes to the path of travel to those changes that are not "disproportionate" to the

15   work being conducted in the area of primary function. Section 36.403(f) states, in pertinent part:

16   "(f) Disproportionality.  (1) Alterations made to provide an accessible path of travel to the altered

17   area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the

18   cost of the alteration to the primary function area."

19   65.     In the instant case, Plaintiff is informed and believes and based thereon alleges

20   that the Facility was modified and/or altered after January 26, 1992, and that the barrier that

21   caused her physical injuries and/or the other barriers at the Property were created by or should

22   have been remediated or eliminated in connection with said modifications and alterations.

23   66.     Plaintiff has a need to, and wishes to return to and use the subject Facility but is

24   deterred from doing so; particularly with respect to the conditions where features in or connected

25   to sidewalks, walkways and paths of travel create inaccessible and hazardous abrupt changes in

26   level or demonstrate non-compliant slopes and cross slopes.

27   //

28   //

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

**SEVENTH CLAIM**

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

**Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

**Skyport I Limited Partnership and DOES 21-50)**

[FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 and CALIFORNIA

HEALTH & SAFETY CODE §§ 19953 et seq.]

67.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in Paragraphs 1 through 66 of this Complaint and incorporates them herein.

68.     At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings..., public facilities and other public places.

69.     At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

70.     At all times relevant to this Complaint, California Civil Code section 51(b) has provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

71.     Health & Safety Code sections 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the

22

**ATTACHMENT 1**

provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief, the provisions of both Health and Safety Code sections 19955 and 19955.5, apply to the Property. Title 24, California Code of Regulations, was in effect at the time of the construction of the Facility and at each alteration, structural repair or modification which, on information and belief, occurred at such Facility, thus requiring access complying with the specifications of Title 24 whenever new construction was undertaken or each such alterations, structural repairs or additions were carried out. On information and belief, the Skyport Defendants designed and constructed the Facility, including but not limited to the sidewalk/walkway on which Plaintiff was injured and/or carried out alterations, structural repairs, or additions to the Facility buildings and other facilities and elements during the period Title 24 has been in effect that would have required them to assure the existence of accessible routes, including the sidewalk/walkway where Plaintiff was injured. Additionally, Title 24 requires that buildings, facilities and elements that are required to be accessible must be maintained in an accessible condition. Further, Plaintiff alleges that, at all relevant times, the Skyport Defendants were required to comply with Title III of the ADA, as more fully set forth in the Sixth Claim, above, and on information and belief, failed to do so, including without limitation: (i) failures in the design, construction, modification and alteration of elements of the Facility; (ii) failure to remove barriers at the Facility to the extent that the same was readily achievable; (iii) failure to adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies practices and procedures to assure access at the Facility; and (v) failure to maintain elements and features required to be accessible in an accessible and useable condition.

72.     Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses and public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 *et seq*. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq*.

73.     The actions and omissions of these Defendants, as herein alleged, constitute a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  denial of access to and use of the described sidewalks, walkways, public buildings, public facilities

2  and other public facilities, businesses and public accommodations by Plaintiff and other similarly

3  situated physically disabled persons within the meaning of Government Code sections 19953 *et*

4  *seq*. As a proximate result of Defendants' action and omissions, Defendants have discriminated

5  against Plaintiff in violation of Government Code sections 19953 *et seq*., and of regulations set

6  forth in the California Code of Regulations, Title 24-2 adopted to implement section 4450.  A

7  violation of these sections and the Title 24-2 regulations adopted thereunder constitutes a violation

8  of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

9      74.    Each violation of the Americans With Disabilities Act of 1990 (as pled in the Sixth

10  Cause of Action) also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California

11  Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to

12  California law.  Plaintiff alleges that she has been denied such full and equal access as required by

13  California law which incorporates Title III of the ADA.

14      75.    Each violation of Plaintiff's rights under section 51 of the Civil Code entitles

15  Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to section

16  52 of the Civil Code.  Each violation of Plaintiff's rights under sections 54 or 54.1 of the Civil

17  Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to section 54.3

18  of the Civil Code.

19

20  ## EIGHTH CLAIM

21  **(Against Defendants Pacific Gas & Electric Company, Hudson Skyport Plaza, LLC,**

22  **Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Spieker Properties LP,**

23  **EOP Operating Limited Partnership, CA – Skyport I Limited Partnership and DOES 4-**

24  **100)**

25  [NEGLIGENCE AND NEGLIGENCE PER SE]

26      76.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

27  facts and allegations contained in Paragraphs 1 through 75 of this Complaint and incorporates

28  them herein.

**ATTACHMENT 1**

77. At all times herein mentioned the Property where the subject incident that forms the basis of this lawsuit occurred created and/or was in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiff by Defendants.

78. As a proximate result of the dangerous conditions, Plaintiff sustained serious and permanent injuries and attendant damages as set forth herein.

79. The known dangerous conditions, as described above, created a substantial risk of the type of injury alleged herein when the Property was used with due care in a manner in which it was reasonably foreseeable that such Property would be used.

80. At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiff was injured.

81. Defendants, and each of them, through their acts and omissions, created the dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the dangerous conditions.

82. Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous conditions.

83. Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous conditions that caused Plaintiff's injuries.

84. Although these Defendants had actual and/or constructive knowledge of the dangerous conditions of the Property they failed to warn the public of the dangerous conditions.

85. Prior to or on or about the date of Plaintiff's injury, these Defendants, their employees, contractors, subcontractors and agents, and each of them, acting within the scope of their employment, were negligent and careless in doing the acts set forth above, which negligence created the dangerous conditions as described herein.

86. These Defendants, and each of them, were further negligent in that they failed to

25

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  monitor and/or inspect their work or the area so as to determine if there were conditions which

2  would develop that would pose a risk of harm to individuals that would be using the public

3  property in a foreseeable manner.  Additionally, Defendants, and each of them, failed to inspect,

4  warn, and perform adequate repair and/or maintenance of the Property.

5         87.    Defendants, their employees, contractors, subcontractors and agents, and each of

6  them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and

7  knew or should have known of their dangerous character in that the condition had existed for a

8  sufficient period of time, and was of such a nature that Defendants, in the exercise of due care

9  should have discovered the conditions and their dangerous character within a sufficient period of

10  time prior to the occurrence of the accident to have taken measures to protect against the

11  dangerous conditions.

12         88.    At all times, Defendants failed to install any safety and/or preventative measures to

13  guard against accidents in the area of the Property at issue.

14         89.    As a result of such negligence, Plaintiff has sustained damages.

15         90.    At all times, Plaintiff was owed a duty of reasonable care to prevent injury to

16  members of the public, including Plaintiff, by Defendants.  Through their acts and omissions,

17  Defendants breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such

18  acts and/or omissions by Defendants, Plaintiff suffered personal injuries and attendant damages.

19  As such, Defendants are liable to Plaintiff.

20         91.    Plaintiff in no way contributed nor was she in any way at fault for any of the

21  injuries she sustained and the negligence of defendants as alleged herein above was a substantial

22  factor in Plaintiff's fall and injury.

23         92.    As and to the extent that the Skyport Defendants, PG&E, as well as any other

24  Defendant, violated any statute, law or ordinance designed to protect against the sorts of risks that

25  caused Plaintiff's fall and injuries, including but not limited to the ADA, sections 51, 54, 54.1 of

26  the California Civil Code, sections 19953 *et seq.* of the California Government Code, Title 24-2 of

27  the California Code of Regulations and section 14.16.2200 of the San Jose Municipal Code

28  concerning the construction, modification, alteration, inspection and maintenance of features

26

1    designed to provide for safe and accessible conditions for people with disabilities or the general

2    public the negligence of said Defendants constitutes negligence *per se*.

3        93.     To the extent that any of the negligent acts or omissions alleged herein were the

4    result of the negligence of any Defendant's employees acting in the course and scope of their

5    employment, said Defendants are liable for the acts or omissions of said employees under the

6    principles of *respondeat superior*.

7                    **NINTH CLAIM**

8    **(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson**

9    **Pacific Properties, Inc., Spieker Properties LP, EOP Operating Limited Partnership, CA –**

10    **Skyport I Limited Partnership and DOES 21-50)**

11    [FOR VIOLATION OF SAN JOSE MUNICIAPAL CODE SECTION 14.16.2200]

12        94.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

13    facts and allegations contained in Paragraphs 1 through 93 of this Complaint and incorporates

14    them herein.

15        95.     At all times relevant to this Complaint, Subsection B of section 14.16.2200 of the

16    San Jose Municipal Code has stated:

17       B. The owners of lots or portions of lots adjacent to or fronting on any portion of

18       a sidewalk area between the property line of the lots and the street line, including
        parking strips, sidewalks, curbs and gutters, and persons in possession of such lots

19       by virtue of any permit or right shall repair and maintain such sidewalk areas and
        pay the costs and expenses therefore, including a charge for the city of Jose's

20       costs of inspection and administration whenever the city awards a contract for
        such maintenance and repair and including the costs of collection of assessments

21       for the costs of maintenance and repair under subsection A of this section or
        handling of any lien places on the property due to failure of the property owner to

22       promptly pay such assessments.

23        96.     At all times relevant to this Complaint, Subsection C of section 14.16.2200 of the

24    San Jose Municipal Code has stated:

25       C. For the purposes of this part, maintenance and repair of sidewalk area shall
        include, but not be limited to, maintenance and repair of surfaces including

26       grinding, removal and replacement of sidewalks, repair and maintenance of curb
        and gutters, removal and filling or replacement of parking strips, removal of

27       weeds and/or debris, supervision and maintenance of signs allowed pursuant to
        Section 23.04.340 and Section 23.04.830, tree root pruning and installing root

28       barriers, trimming of shrubs and/or ground cover and trimming shrubs within the

27

1    area between the property line of the adjacent property and the street pavement line, including parking strips and curbs, so that the sidewalk area will remain in a condition that is not dangerous to property or persons using the sidewalk in a reasonable manner and will be in a condition which will not interfere with the public convenience in the use of said sidewalk area.

97.    At all times relevant to this Complaint, Section 14.16.2205 of the San Jose Municipal Code has stated:

> 14.16.2205 Liability for injury to public. The property owner required by Section 14.16.2200 to maintain and repair the sidewalk area shall owe a duty to members of the public to maintain the sidewalk area in a safe and nondangerous condition. If, as a result of any property owner to maintain the sidewalk area in a nondangerous condition as required by Section 14.16.2200, any person suffers injury or damage to person or property, the property owner shall be liable to such person for the resulting damages or injury.

98.    At all times relevant to this Complaint, one or more of the Skyport Defendants owns and/or owned the Property and was required to maintain the sidewalk/walkway where the Plaintiff was injured in a safe and nondangerous condition. The failure of the Skyport Defendants to discharge this duty resulted in the injuries to Plaintiff set forth herein and said defendants are therefore liable for Plaintiff's injuries per section 14.16.2205 of the San Jose Municipal Code.

WHEREFORE, Plaintiff prays that this Court:

## PRAYER FOR RELIEF

### AS TO CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CLIAMS

1.    Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address violations of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim) directing that the Government Defendants -- as current owners and operators of the subject public sidewalk, walkway, and path of travel programs, services, activities, and facilities -- modify the above-described subject public sidewalk, walkway, and path of travel programs, services, activities, and facilities so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to these programs, services and activities in a "full and equal" manner; and to maintain each such subject public sidewalk, walkway, and path of travel program, service,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1   activity and facility in an accessible and non-hazardous condition; and to continue to maintain

2   adequate subject public sidewalks, walkways, and path of travel programs, services, activities,

3   and facilities for use by disabled persons so long as any such public sidewalks, walkways, and

4   path of travel programs, services, activities, and facilities are maintained for the use of able-

5   bodied persons. Particularly, Plaintiff seeks an injunction that would require said Defendants to

6   provide sidewalk and walkway features that do not contain inaccessible abrupt changes of level in

7   excess of ¼"and to establish protocols for the inspection of sidewalks and walkways that would

8   detect and eliminate said barriers;

9        2.     Retain jurisdiction over the Government Defendants until such time as the Court is

10  satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance

11  of inaccessible subject public sidewalk, walkway, and path of travel programs, services, activities,

12  and facilities as complained of herein no longer occur, and will not recur;

13       3.     Award to Plaintiff all appropriate damages, including but not limited to statutory

14  damages, special damages, general damages in an amount within the jurisdiction of the Court,

15  according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set

16  forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the

17  Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under

18  sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth

19  Claims, respectively). Additionally, Plaintiff seeks up to three times her actual damages for each

20  violation of section 51 of the California Civil Code (per section 52 of the California Civil Code)

21  and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the

22  California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an

23  award of damages under section 52 or section 54.3;

24       4.     Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this

25  proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29

26  U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under

27  section 52 of the California Civil Code for violation of section 51 of the California Civil Code,

28  and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

1  California Code of Civil Procedure 1021.5;

2       5.    Award prejudgment interest pursuant to California Civil Code section 3291; and

3       6.    Grant such other and further relief as this Court may deem just and proper.

4

5  **AS TO CLAIMS AGAINST THE SKYPORT DEFENDANTS FOR THE SIXTH AND**

6  **SEVENTH CLAIMS AND NINTH CLAIMS**

7       1.    Issue a preliminary and permanent injunction under 42 U.S.C. section 12188 to

8  address violations  of Title III of the ADA as pled in the Sixth Claim, under section 52 of the

9  California Civil Code to address violations of section 51 as pled in the Seventh Claim; and under

10  section 55 of the Civil Code to address violations of section 54 *et seq*. of the California Civil

11  Code as pled in the Seventh Claim and directing those of the Skyport Defendants that currently

12  own or operate the Property to eliminate all barriers access at the Property including, without

13  limitation, the sidewalk/walkway barrier that caused Plaintiff's injuries and other surface slope

14  barriers at the Property;

15       2.    Retain jurisdiction over those of the Skyport Defendants that currently own or

16  operate the Property until such time as the Court is satisfied that said Defendants' unlawful

17  policies, practices, acts and omissions, and maintenance of inaccessible subject sidewalk,

18  walkway, and paths of travel as complained of herein no longer occur, and will not recur;

19       3.    Award to Plaintiff all appropriate damages, including but not limited to statutory

20  damages, special damages, and general damages and up to three times her actual damages for

21  each violation of section 51 (per section 52 of the Civil Code) and each violation of section 54

22  and section 54.1 of the California Civil Code (per section 54.3 of the California Civil Code);

23  provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under

24  section 52 or section 54.3 and award Plaintiff all of her general and special damages under per

25  section 14.16.2205 of the San Jose Municipal Code;

26       4.    Award to Plaintiff all reasonable attorneys' fees, litigation expenses and costs of

27  this proceeding, as provided by 42 U.S.C. section 12205 for violations of Title III of the ADA;

28  section 52 of the Civil Code for violation of section 51 of the Civil Code, under section 54.3 of the

**ATTACHMENT 1**

1  California Civil Code for violation of sections 54 and 54.1 of the California Civil Code and under

2  California Code of Civil Procedure 1021.5;

3      5.      Award prejudgment interest pursuant to Civil Code section 3291; and

4      6.      Grant such other and further relief as this Court may deem just and proper.

5

6  **AS TO CLAIMS AGAINST ALL DEFENDANTS OTHER THAN THE GOVRNMENT**

7  **DEFENDNATS FOR THE EIGHTH CLAIM**

8      1.      For general and special damages pursuant to California Civil Coder sections 3281

9  and 3333, and/or under common law;

10     2.      Award prejudgment interest pursuant to Civil Code section 3291; and

11     3.      Grant such other and further relief as this Court may deem just and proper.

12

13 DATED:  June 21, 2017                    DERBY McGUINNESS & GOLDSMITH LLP

14

15

16                                         By___*/s/ Celia McGuinness*_____
                                              Celia McGuinness, Esq.
17                                            Attorney for Plaintiff

18

19                                **DEMAND FOR JURY**

20     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

21

22                                         DERBY McGUINNESS & GOLDSMITH LLP

23 DATED:   June 21, 2017

24

25                                         By___*/s/ Celia McGuinness*_____
                                              Celia McGuinness, Esq.
26                                            Attorney for Plaintiff

27

28

                                           31
                        COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**ATTACHMENT 1**

# Electronic Proof of Claim_YP!QV27386

Final Audit Report                                                2019-10-17

| | |
|---|---|
| Created: | 2019-10-17 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZdx3I302thu4BDAYK6S8v8WRjx2pMA1j |

## "Electronic Proof of Claim_YP!QV27386" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-17 - 11:16:18 PM GMT

/s/ Robert G. Harris1 (natalie@bindermalter.com) uploaded the following supporting documents:
   Attachment
2019-10-17 - 11:22:24 PM GMT

Web Form filled in by /s/ Robert G. Harris1 (natalie@bindermalter.com)
2019-10-17 - 11:22:24 PM GMT- IP address: 50.197.147.77

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/77.0.3865.120 Safari/537.36)
2019-10-17 - 11:22:28 PM GMT- IP address: 50.197.147.77

Signed document emailed to /s/ Robert G. Harris1 (natalie@bindermalter.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-17 - 11:22:28 PM GMT

Prime Clerk    POWERED BY Adobe Sign