**Entered on Docket
June 10, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 10, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

    - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

    Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND ROGELIO RAMIREZ LOPEZ**

[No Hearing Requested]

The Court having considered the *Stipulation By and Between Reorganized Debtors and Rogelio Ramirez Lopez*, dated May 11, 2021 [Dkt. No. 10640] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), and Rogelio Ramirez Lopez ("**Lopez**"); and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Stipulation is approved.

2. Lopez shall promptly dismiss the Superior Court Lawsuit with prejudice as against the Utility and the individual employee identified in the Complaint and shall not sue the individual employee identified in the Complaint, or any other current or former employees of either of the Reorganized Debtors or of any affiliated corporate defendant, in the Superior Court Lawsuit or in any other action or proceeding, on any of the claims alleged in the Superior Court Lawsuit, the Complaint, or on any other claims based on or arising from the same or materially the same common nucleus of facts, events, and circumstances alleged in the Superior Court Lawsuit or the Complaint (collectively, the "**Claims**"), whether such claims arose before or after the Petition Date.

3. Any proof of claim filed by Lopez in the Chapter 11 Cases based on the Claims shall be deemed timely filed if it is filed within 30 days of the date of the Stipulation (the "**Extended Deadline**"), and the Debtors and the Reorganized Debtors shall not object to any such proof of claim filed by the Extended Deadline on the basis of untimeliness or that such claims are barred by the dismissal of the Superior Court Lawsuit.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

4. The Parties expressly agree that the Bankruptcy Court shall have exclusive jurisdiction over the Claims and that any trial of the Claims shall be held in the Bankruptcy Court. In connection with this agreement, Lopez hereby waives his right to a jury trial.

5. Nothing herein is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest of any right to object to any proof of claim filed by Lopez consistent with this Stipulation on any grounds other than the untimely filing thereof, or

   b. a waiver by any party of any claim or defense in the Superior Court Action other than as provided in paragraph 1 above.

6. The Stipulation is binding on the Parties and each of their successors in interest.

7. The Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter thereof and shall supersede all prior agreements and understandings relating to the subject matter thereof.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119