**Entered on Docket
June 10, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



Signed and Filed: June 10, 2021

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING WILLIAM B. ABRAMS' MOTION TO ENFORCE THE VICTIM TRUST AGREEMENT AND REPLACE ALL MEMBERS OF THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE, ETC.

By order dated June 1, 2021, the court denied a request by William B. Abrams in his *Motion to Amend Judgement and Replace All the Members of the Fire Victim Trust Oversight Committee and to Support Efficient Trust Administration Pursuant to U.S.C. §§ 1123(A)(4) and Bankruptcy Rule 9023 and 9024* (Dkt. No. 10715).

Notwithstanding that order, Mr. Abrams has now filed the following largely repetitive documents:

- Dkt. No. 10748 – *William B. Abrams Motion to Enforce The Victim Trust Agreement and Replace All Members of The Fire Victim Trust Oversight Committee and to Support Efficient Trust Administration Pursuant to U.S.C. §§ 1123(A)(4) and Fire Victim Trust Agreement Section 6.2* ("Motion to Enforce").
- Dkt. No. 10750 – *Declaration of William B. Abrams in Support of William B. Abrams Motion to Enforce The Victim Trust Agreement and Replace All Members of The Fire Victim Trust Oversight Committee and to Support Efficient Trust Administration Pursuant to U.S.C. §§ 1123(A)(4) and Fire Victim Trust Agreement Section 6.2.* ("Declaration").
- Dkt. No. 10751 – *Memorandum of Points and Authorities in Support of William B. Abrams Motion to Enforce The Victim Trust Agreement and Replace All Members of The Fire Victim Trust Oversight Committee and to Support Efficient Trust Administration Pursuant to U.S.C. §§ 1123(A)(4) and Fire Victim Trust Agreement Section 6.2.* ("Memorandum"). Included are selected excerpts of the Fire Victim Trust Agreement ("VTA").

These three filings revisit the same concerns expressed by Mr. Abrams previously that were the subject of the June 1, 2021, Order. Also, the Declaration purports to set the Motion to Enforce (renamed by Mr. Abrams as his Motion for Trust

Oversight) on the court's calendar for July 13, 2021 at 10:00 AM.

His Memorandum cites various provisions of the VTA and repeats again almost verbatim his complaints about how the Fire Victims Trust Oversight Committee ("TOC") came into existence, how its members were not vetted, potential conflicts and his concern about an entity identified as Up From The Ashes ("UFTA")and its relationship to the fire victims.  He includes an undated and unauthenticated statement apparently from the International Brotherhood of Electrical Workers #1245 ("IBEW") to the California Fair Political Practices Committee describing UFTA's lobbying activity, but he also provides proof that UFTA appears to have been dissolved around the time the Plan was confirmed and the TOC took office.  He does not provide admissible evidence or any legal analysis explaining what, if anything, he would have the court do about this since the activity IBEW apparently complained about occurred some time ago despite Mr. Abrams' assertion that this is newly discovered evidence.

Then Mr. Abrams more specifically expresses his frustration that the Fire Claimant Professionals and TOC have not advanced the interests of the fire victims before the California Public Utilities Commission ("CPUC"), including their lack of activity and in, and not engaging to, connect the funding of the Fire Victim Trust with the approval by the CPUC of securitization of costs related to wildfires caused by Debtors' power lines in 2017 nor in Rule Making related to the Debtors' wildfire mitigation plan.  He also complains that neither the Fire Victim

-3-

Trustee nor the TOC members voiced their views to advance the victims of the Fire Victim Trust at the annual meeting of shareholders of PG&E Corporation. Nothing is added for the court to know if or whether it could or should do anything about these actions, or inactions, or whether they are relevant at all.

In conclusion, Mr. Abrams asks the court to assign new members of the TOC "who are willing to adhere to Bankruptcy Rule 2019 and fully disclose any conflicts they may have . . . ." and wants to make sure no members have any financial interest in this case to avoid real or perceived bias.

On top of that, Mr. Abrams recommends that the Fire Victim Trustee and the court seek a more equitable formula for fire victims' access to judicial review of victims' claims and other criteria that he mentions.

Notwithstanding the court's prior order, he offers no legal argument to support the relief he seeks from the court, nor any admissible evidence to substantiate relevant facts.

Further, Mr. Abrams does not indicate how this court could replace any or all members of the TOC in view of the following specific provisions the VTA he himself cites:

> Victim Trust Agreement Section 6.3(c) – *"A member of the TOC may be removed in the event that he or she becomes unable to discharge his or her duties hereunder due to accident, physical deterioration, mental incompetence, or a consistent pattern of neglect and failure to perform or to participate in performing the duties of such member hereunder, such as repeated non-attendance at scheduled meetings, or for other good cause. Such removal shall be made at the recommendation of the*

> *majority of the remaining members of the TOC and with the approval of the Trustee."*

Citation to VTA Section 1.6, regarding this court's exclusive jurisdiction regarding the Fire Victim Trust does not change the very specific provision of section 6.3(c) regarding any replacement of members of the TOC.

Mr. Abrams has been a tireless advocate for fire victims such as himself throughout this long, complex and difficult case. Along with others, he has expressed concerns about the costs and legal expenses that continue to accrue. But for that very reason, in part, the court is unwilling to allow this proactive *pro se* litigant to continue to file frivolous and unsubstantiated motions. The Motion to Enforce, if allowed to remain on the court's calendar and be considered, can only force numerous professional and the Trustee to have to spend money to oppose the Motion to Enforce and to defend these wide-sweeping criticisms. The simple fact is that at least eight professional members of the TOC (Mr. Abrams spared one) will undoubtedly be obliged to defend their reputations against these allegations. The Trustee, aided by experienced, yet high-priced counsel, will need to do likewise. And for the court even to place on calendar these unsubstantiated complaints, will only exacerbate the problem.

Mr. Abrams has cited irrelevant statutes and rules, impugned the integrity of the several professionals without foundation and failed to include any legal analysis as to how the court could afford him any of the broad relief he seeks. The court has long welcomed participation by unrepresented

-5-

parties, particularly victims of the PG&E wildfires, to participate and be heard, but this in not a town hall meeting, it is a federal court with rules and procedures that must be observed. Enough is enough.

The Motion to Enforce is DENIED. The matter is DROPPED from the July 13, 2021, calendar. The court will not set for further hearing any similar motion Mr. Abrams decides to file unless he first requests permission from the court to do so after a preliminary review of what he wants and his basis for doing so.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA  95409