G. LARRY ENGEL (SBN 53484)
**ENGEL LAW, PC**
12116 Horseshoe Lane
Nevada City, California 95959
Telephone: (415) 370-5943
larry@engeladvice.com

Attorneys for
Creditor (who is also the Creditor himself
and shares the same address and data for service
and otherwise, is the person with authority to reconcile,
settle, or otherwise resolve the Objection as to Creditor)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | CASE NO. 19-300833 (DM) |
| PG&E CORPORATION | Chapter 11 (Lead Case – Jointly Administered) |
| -and- | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |
| Affects both Debtors | |

**OBJECTION OF G. LARRY ENGEL TO DEBTORS' "EX PARTE MOTION OF REORGANIZED DEBTORS FOR LEAVE TO FILE REPLY IN SUPPORT OF REORGANIZED DEBTORS' FURTHER OBJECTION TO CLAIMS 80033 AND 80500" (DKT. 10771: THE "EX PARTE MOTION") TO FILE AN EXHIBIT "REPLY" IN SUPPORT OF "REORGANIZED DEBTOR' FURTHER OBJECTION TO CLAIMS 80033 AND 80500" (WHICH REPLY, COLLECTIVELY WITH THE EX PARTE MOTION, IS CALLED "OBJECTION #3) (DKT. 10771). RELATED DOCUMENTS INCLUDE COURT ORDER (DKT. 10471); DEBTORS' FORTY- SECOND OMNIBUS "OBJECTION #1" (DKT. 9460) AND "OBJECTION #2" (DKT. 10574); AND ENGEL'S "REPLY" (DKT. 10642) AND "RESPONSE" (DKT. 9653).**

To: (A) The Honorable Dennis Montali, United State Bankruptcy Judge; (B) The Office of the United States Trustee; (C) Debtors and Reorganized Debtors; and (D) Other Parties Entitled To Notice:

**I.        Preliminary Statement.**

Creditor G. Larry Engel objects to and moves to strike Debtors' unauthorized and untimely filing of their Ex Parte Motion and proposed Reply (Dkt. 10771) (herein called "Objection #3"),

purporting to supplement their earlier objections defined as Debtors' "Objection #1" (Dkt. 9460) and "Objection #2" (Dkt. 10574) in my incorporated May 11, 2021 "Reply" (Dkt. 10642) to Objection #2. Debtors could have easily said the same thing after my earlier December 1, 2020 "Response" to their Objection #1, since the data to which they seek now to provide at the last minute was equally at obvious issue even then. This claim dispute briefing process was the result of a negotiated stipulation resulting in this Court's Order at Dkt. 10471 (the "Stipulated Order"), which did not allow for Debtors' Objection #3. No emergency or excuse is explained by Debtors as a reason for this untimely Ex Parte Motion. Debtors filed no supporting declaration or meaningful justification. Debtors' only cited "cause" for this last-minute filing is that (at p.1, l.11-12) "PG&E believes [its attached Reply preemption issues] will assist the Court in adjudicating these claims" for some unexplained reason. (That is an allegation I could also make for more briefing, and, I suspect, that is true for all briefers in every case.)

Debtors have already made these same preemption arguments (with one interesting exception relating to adding a new cite to ESRB-8, of which PG&E has been aware as a key party to CPUC proceedings on that topic since at least 2019). They also still decline to address my controlling cases or respond to much else that is really at issue, except to continue again in this proposed "reply" their objectionable attempt at minimizing and ignoring many of my claims, my allegations, and the issues that are still pending under my Response and Reply. No such Ex Parte Motion is required for them to restate their Objection #2's incorrect interpretation of my claims as just another *Gantner* claim. Since the Debtors did that same exclusionary and incorrect re-write of my position in their Objection #2, I refer the Court to my Reply disputes of that tactic, which Objection #3 uses again to ignore entirely, for example, (i) my claims against PG&E Corp., (ii) many causes of action besides limited *Gantner* negligence only (e.g., my inverse condemnation, nuisance, unjust enrichment/restitution, B&PC 17200, and other claims whose merits are all ignored in Debtors' Objections #1, 2, and 3), and (iii) my Declarations #1 and #2 detailing the meaning and effect of my Proof of Claim in rebuttal to Debtors' repeated misreading and overlooking of inconvenient allegations.

As a result, Debtors' proposed "reply" arguments have already been thoroughly rebutted in

my prior Reply and Response, including as to my comprehensive discussion of ESRB-8 and other CPUC cites that the Debtors entirely ignored in their Objections #1 and #2, which relied solely on their general Tariff 14. That Tariff adds nothing to this PSPS debate under many key and more specific CPUC PSPS rules, guidelines, and documents that Debtors ignore, even though PG&E is the key party to those CPUC PSPS Related Proceedings. PG&E ignores those adverse CPUC results, rather than even attempt to debate them, using the same "nothing to see here" strategy of unworthy politicians who have no good answer for their wrongs. For example, my Declaration #2 attached to my Reply addressed scores of material PG&E PSPS and safety violations of the specific CPUC PSPS guidelines and rules that the CPUC found to be violations of Public Utilities Code §451, and I have previously explained why those matter to my claims. Importantly here, this Objection does not attempt to debate them; just to dismiss them again without addressing their merits.

While the Debtors think I say too much, I contend they say too little and ignore too much. For example, while my Reply and related filings comprehensively distinguished my case from *Gantner* (which only involved a limited negligence claim and did not address PG&E Corp's wrongs or my many other claims against Debtors), Debtors insist on this Ex Parte Motion (incorrectly) just telling the court again that my claim is "precisely the type of claim" at issue in *Gantner*. That, of course, also ignores entirely my Reply and Response cites to controlling cases that support my generator as proper mitigation, which explains why my current damages are less than they otherwise would have been. But the only case cited or even addressed in substance by Debtors in this new Objection #3 is *Gantner*, and the only filing of mine they even attempt to grapple with is my old Proof of Claim. Since they keep chanting *Gantner*, why don't the Debtors respond to what my Reply said about that Judge's own decision in *North Star Gas* (and cases cited therein for my result) or follow up on his discussion of *PegaStaff* and cases cited therein that also support my claims? In short, nothing in the Debtors' filings adds anything useful to the Court, and, therefore, there is no proper basis for this Ex Parte Motion. I believe that they should not be accommodated here, and this is a strategic distraction for both me and this court.

Thus, since there is no sufficient cause or excuse for this untimely and unauthorized filing,

I move to strike it. However, if the Court allows Objection #3 for some reason, then, in accordance with the Stipulated Order, I move for permission for me to file a proportional reply to that Objection #3, so that every Debtor objection may have a written record response by me to dispute it. Because I keep claiming an "apple" they keep claiming somehow must be an "orange," the best means of clarity in this case is to keep the border between reality and alternative reality clear on the record.

Moreover, since I have continuously asserted (see my Response and Reply) that these are continuing post-petition claims for which more damages may still come from more PSPS and EVM continuing wrongs, I do not understand why Debtors never address that threshold process question, or my pending request to apply adversary proceeding rules, or many other arguments that Debtors have overlooked in my filings. In my view both Debtors' post-petition wrongs and such regulatory and other legal "Related Proceedings" against PG&E are continuing and still revealing more facts, rulings, and admissions adverse to PG&E, including against PG&E's preemption arguments (e.g., exaggerated §1759 theories that ignore §2106 and the unrebutted authorities I cited in my Response and Reply.) So far, the CPUC has found many violations by PG&E of PSPS rules in both 2019 and 2020 events, as addressed in my filings and ignored by Debtors. Indeed, PG&E itself should have all along been addressing to the Court these regulatory and legal developments in such Related Proceedings directly involving PG&E, but Debtors' Objections #1 and #2 have ignored them all for these many months since Debtors' initial November 5, 2020 Objection #1. Because the CPUC and Judge Alsup (unavoidably) are always behind PG&E events in time, trying in vain to catch up with PG&E's continuing PSPS wrongs, the more recent developments in such Related Proceedings are the most important and adverse to PG&E, as I hope to prove to the Court at trial. For example, in recent weeks the CPUC has found PG&E guilty of PSPS related wrongs in 2019 and 2020 as further developments in Related Proceedings to which I have cited. Therefore, I will be asking the Court at this hearing for permission [or exercising my right] to bring to the Court's attention certain such new developments and more PG&E admissions from such continuing Related Proceedings pending before the CPUC and Judge Alsup, particularly as to how PG&E's new formula for 2021 follows a twisted version of my claim allegations regarding how fire risk is a function of both ignition (e.g., dangerous PG&E gear and wires) and fuel (e.g., adjacent trees and vegetation that

continue to exist in noncompliance with applicable laws and regulations). The point is that none of these important things have been addressed by Debtors, and this hearing should consider how best to deal with my arguing about my stated (and other such Related Proceeding) "apples" versus Debtors' argument that they are just *Gantner* "oranges."

**II.   Debtors' Untimely Objection #3 Is Neither Authorized by the Stipulated Order Nor By Applicable Rules Or Law.**

The Court's Stipulated Order allowed Debtors to file their Objection #2 on April 23, 2021, and allowed me to file my Reply by May 14, 2021. However, the Debtors' Objection #1 was filed on November 5, 2020. Following my December 1, 2020, filing of my still now pending and effective "Response" disputing that Debtors' Objection #1, at the March 24, 2021, status conference on that dispute (delayed by Debtors from the December 15, 2020, scheduled hearing), the Court was presented by Debtors with a negotiated stipulation that resulted in that Stipulated Order. That agreed Order allowed Debtors to file their Objection #2 and for me to file my Reply by those deadlines. There was no (and could not have been consensually any) contemplation of, or permission for, any further supplement thereafter to Debtors' such Objections. It was and remains important to me that I be able to dispute in writing each Debtor objection contention clearly on the record on my own stated terms (as distinct from however Debtors might again try to recharacterize or translate them).

I am aware of no sufficient justification or excuse for Debtors to give me notice of this anticipated Objection #3 on Friday afternoon before the Tuesday morning hearing and file this Ex Parte Motion on Sunday afternoon. Debtors knew about all this at least since December 1, 2020, when I filed my Response, and they could have addressed all this long ago in their Objection #2, including the only thing added: their belated cite to longstanding ESRB-8. Normally, one would expect compliance with the applicable procedures and timing, especially where this dispute has been pending since November 5, 2020, and there is no alleged emergency or other sufficient justification for this Debtor timing. Our email meet and confer thereafter provided no reason not to object as I do here, especially where someone in my situation could not expect to compete with Debtors, if this becomes their pattern. The apparent "no harm, no foul" logic of Debtors is neither

sufficient as a matter of law nor persuasive. If PG&E thinks it is sufficient for me to deal in oral argument with their Objection #3 at the next hearing after this one, then that same logic should apply to Debtors as to their Objection #3. They also could do the same and make their such arguments at that same next oral argument. At least that way they would not gain any inappropriate time advantage by this Objection #3, diverting me from explaining my "apple" to disputing them calling it an "orange." Again, especially when dealing with solvent debtors with such massive litigation resources in a context where they seem resolved to battle this to the end as a matter of their principles, a solo like me needs the benefit of the rules to balance things even a little in my resistance as a matter of my own principles. See, e.g., as to timing B.L.R. 7007-1(d) and 9014-1(c) and (3) (e.g., 7 days before hearings for replies).

**III.  There Is Nothing Useful To Anyone Besides Debtors Added By This Objection #3, And It Distracts From What We Should Be Arguing About: the Merits.**

So, why drop this new and untimely Objection #3 on me now without good cause, as demonstrated above? Certainly, the Court gains no new insight from this filing, except I hope from the repetition of Debtors' objectionable attempts to restate my claims and allegations as what Debtors wanted them to be, instead of what they actually are. Is all this just to add a Debtor cite to my already discussed ESRB-8 in CPUC proceedings PG&E has been dealing with for years? Reading thousands of pages of such filings by and against PG&E in such continuing Related Proceedings relevant to PSPS or EVM, it is remarkable to me how I never see PG&E (or anyone else) discussing (or confirming) Debtors' Tariff 14/preemption arguments on which Debtors (until now) have solely based their previous Objections. I assume that this whole Ex Parte Motion is just about belatedly adding in Debtors' subtle reference to ESRB-8, so that they can argue for more than their doomed Tariff 14 theory. I further assume that they are also trying to avoid what could become awkward inconsistencies in Debtors' approach in these Related Proceedings, where their strategic concerns there outweigh what they may argue here.

I do not believe that Debtors would commit such an obvious provocation, if it were just some nonconsequential errata or just another distraction for me in further incorrectly describing (or ignoring) my claims and allegations. There must be sufficiently strategic motivation for Debtors to

Case: 19-30088    Doc# 10775    Filed: 06/14/21    Entered: 06/14/21 15:22:51    Page 6 of 7

justify this kind of untimely motion under their cost-benefit calculations. Whatever is really going on, this much is clear to me from my long experience in and observing disputes with these Debtors: if this Objection #3 is that important for Debtors to assert it under these circumstances, then it must be even more important for me to dispute it with equal vigor. Maintaining as much as possible of a "level playing field" with these Debtors is important, considering their approach to their "long game." That is especially true, since (as shown in my Reply) the ***Covalt*** burden of proof is on the party asserting such preemption, i.e., Debtors.

Therefore, for the proper resolution of such disputes to occur, it is essential that the written record be clear as to both what objections Debtors assert and what my response is to each such objection. The Debtors' incorrect characterization of my claims, allegations, and positions (again) does not add any clarity, but only more confusion and distraction. If Debtors were allowed to assert this last-minute Objection #3, then I should be allowed to file a supplemental written reply to dispute it for that clear record. Otherwise, as Debtors would unfairly require, my only opportunity to reply effectively to this untimely and unauthorized Objection #3 would be for me to exhaust some of my precious oral argument time at the next (and, incorrectly according to Debtors, final) hearing dealing with this objectionable distraction. Even worse, without my filing a sufficient response to this Objection #3 (if it were somehow allowed), I would be again left to whatever I could manage to establish on the merits in that limited oral argument, thereby exposing me to another objectionable Debtor "rewriting" of my arguments, which I already had to dispute previously in my Reply filings.

### IV. Conclusion.

For the foregoing reasons, I respectfully request that the court deny any relief to Debtors as to Objection #3 and that it be stricken as untimely and unauthorized. Alternatively, if Objection #3 is somehow allowed, then I request the right to file a proportional written reply thereto.

Dated: June 14, 2021

ENGEL LAW, PC

*/s/ G. Larry Engel*
G. LARRY ENGEL for himself and the PC
Attorneys for Creditor