CRAIG S. SIMON (SBN 78158)
csimon@bergerkahn.com
BERGER KAHN, A Law Corporation
1 Park Plaza, Suite 340
Irvine, California 92614-8516
Tel: (949) 474-1880 • Fax: (949) 313-5029

Attorneys for Nationwide Insurance Company

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**CREDITOR NATIONWIDE AGRIBUSINESS INSURANCE COMPANY'S RESPONSE TO THE REORGANIZED DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS:**<br><br>1. **DECLARATION OF CHRISTOPHER J. SUTTON**<br>2. **MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Response Deadline:**<br>**June 16, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information:**<br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Creditor:** Nationwide Agribusiness Insurance Company<br>**Proof of Claim No:** 79284<br>**Claim Amount:** $56,500.00 |

Creditor Nationwide Agribusiness Insurance Company ("Nationwide") filed Proof of Claim No. 79284 for recovery in subrogation in the amount of $56,500.00. Nationwide paid its insured for fire, smoke and business interruption damages for property insured under a contract of Insurance.

Nationwide responds to PG&E's Objection to Claim Proof of Claim 79284 as follows:

**Declaration of Christopher Sutton, Authorized Representative for Nationwide**

I, Christopher Sutton, declare:

1. I have personal knowledge of the facts stated herein, unless stated on information and belief, and if called upon to testify to those facts I could and would competently do so. I am the Claims Director for Nationwide Agribusiness Insurance Company, a Nationwide company. I have reviewed the claim materials related to Claim No. 405468-GI which is the basis for Nationwide's Proof of Claim No. 79284. All statements herein are on information and belief based upon my past experience with Nationwide's claim system, policies and procedures, and my review of the Nationwide claim file documents, expert reports and notes in the Nationwide claim system.

2. The claim involves a fire on December 29, 2018, which destroyed a rental property (mobile home) located at 2332 Black Walnut Road, San Luis Obispo California owned by Nationwide's Insureds John and Mandi George (the "Insureds"). (See Declaration Page re: Nationwide Policy of Insurance attached hereto as Exhibit A).

3. Based upon information and belief, the fire was caused when electrical equipment, including but not limited to a PG&E smart meter, failed. The Insured Mandi George reported to Nationwide that PG&E personnel came out to the scene while the fire was still being extinguished. [See Claim Notes attached as Exhibit "B", Page 36; see photos of total loss mobile home in Reliant Draft Preliminary Field Report attached as Exhibit C, pages 7-11.]

4. Nationwide retained the services of an origin and cause expert, Michael Koster, MCFI, of Reliant Investigations Inc., to investigate the cause of the fire. An inspection was conducted of the fire scene on January 7, 2019, at which time evidence was taken into custody by Reliant including 1) one main electrical panel, 2) one electrical sub-panel, 3) one electrical service mast, 4) one electrical meter plate, 5) remains of PG&E smart meter and 6) remains of overhead service drop line. Following examination of the scene and evidence, Reliant concluded that the fire was determined to have originated within the attached carport associated with the Insured's mobile home. Based upon the fire movement, patters and corresponding witness statements, the fire originated in the southeaster quadrant of the attached carport, more specifically in the area encompassing the PG&E service drop, the electrical meter, the electrical panel and the power pole. (See Reliant Draft Preliminary Field Report attached as Exhibit C, Pages 13-74.) A complete excavation of the scene revealed the remains of the smart meter and various electrical components within the area of origin. The "most probably cause was determined to have been the result of an electrical event associated with PG&E equipment… All other ignition sources were examined and subsequently eliminated except for the building's electrical system." (See Reliant Draft Preliminary Field Report attached as Exhibit C, Page. 12)

5. As a result of the total loss of the mobile home, the Insureds suffered damage to real and personal property (contents), as well as loss of rental income.

6. A summary of all amounts paid to the Insured for replacement of the total loss mobile home, debris removal, landscaping and loss of rent resulting from the fire is attached hereto as Exhibit "D"[1]. The total indemnity paid by Nationwide on the claim is

---

[1] Note that Exhibit D contains expense payments issued by Nationwide in the adjustment of the claim; those amounts are not included in the subrogation claim to PG&E.

$56,500.00 broken down as follows:

| Payment Amount | Date Paid | Payee | Coverage/ Indemnity |
|---|---|---|---|
| $ 5,250.00 | 1/7/2019 | Mandi George | Payment to Insured under Farmowners Coverage: Fair Rental Value (FRV) payment of 3 months loss of rent (1/1/19 - 3/31/19) |
| $ 42,000.00 | 2/7/2019 | John and Mandi George | Payment to Insured: Limits on Mobile Home Dwelling Coverage $40,000 and Landscaping Limits $2,000 |
| $ 5,250.00 | 3/7/2019 | John and Mandi George | Payment to Insured under Farmowners Coverage: ALE payemnt of additional 3 months loss of rent (balance of 6 months FRV paid) |
| $ 4,000.00 | 6/17/2019 | John and Mandi George | Payment to Insured: Debris removal paid under Dwelling |
| **$ 56,500.00** | **Total Paid** | | |

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 15 day of June 2021 in Raleigh, NC.

                 *Christopher Sutton*
                 Christopher Sutton

# Memorandum of Law

## 1. PG&E Liability under Negligence

The elements of a cause of action for negligence are duty, breach, causation, and damages. See, e.g., *Friedman v. Merck & Co*. (2003) 107 Cal.App.4th 454, 463. PG&E is under a duty codified in California Civil Code §1714(a), which provides for the liability when the "want of ordinary care" causes injury. PG&E has a duty of safe construction, operation and maintenance of public utility facilities. In the case of the fire at the Insureds' mobile home, PG&E negligently installed, maintained and/or operated electrical equipment, including but not limited to a PG&E smart meter that caused the fire damage to the Insured's mobile home. PG&E is responsible for the damage to Nationwide's Insured's property and is liable to Creditor Nationwide under subrogation for all amounts paid under its policy of insurance for repairs.

## 2. PG&E Liability under Inverse Condemnation

Article 1, § 19 of the California Constitution imposes an obligation on the state to pay "just compensation" to property owners injured as a result of certain kinds of governmental actions.

The "just compensation" clause in the California Constitution applies to the state's exercise of its eminent domain power, constraining it by requiring that when the state takes private property for public use, the private property owner is justly compensated. *Customer Co. v. City of Sacramento* (1995) 10 Cal.4th, 368, 376-377[41 Cal.Rptr.2d 658, 895 P.2d 900)

One such action is "inverse condemnation", which may be initiated by a private property owner seeking compensation for a taking or damage to his or her property. (See *Customer Co. v. City of Sacramento* (1995) 10 Cal.4th, 368, 367-377[41 Cal.Rptr.2d 658, 895 P.2d 900)

The *Holtz v. Superior Court* case clarified that the just compensation clause is the distinct constitutional source that underlies a public entity's responsibility to compensate

homeowners for damages to private property resulting from the construction of a public improvement. (See *Holtz v. Superior Court* (1970) 3 Cal.3d 296, 302 [90 Cal.Rptr. 345, 475 P.2d 441).

In the *Holtz* case, an underground excavation project proximately caused damage to the plaintiffs' home by damaging the lateral support resulting in shifting. The Court determined that inverse condemnation applied because such injuries to Plaintiffs' real property were proximately caused by the excavation and construction work as deliberately designed and constructed by the public entity defendants.

Similarly, to *Holtz*, plaintiffs in this proof of claim suffered fire damage to property and loss of rental income which was proximately caused by Defendant PG&E's installation, maintenance or operation of electrical equipment, including but not limited to a PG&E smart meter, on the Insureds' mobile home.

More importantly, the *Albers v. County of Los Angeles* makes it clear that "any actual physical injury to real property proximately caused by the improvement as deliberately designed and constructed is compensable under article I, section 14 of [the CA] Constitution, whether foreseeable or not." (*Albers v. County of Los Angeles* (1965) 62 Cal.2d 250, 263-264 [42 Cal.Rptr. 89, 398 P.2d 129]).

In the *Belair v. Riverside County Flood Control District* (1988) 47 Cal.3d 550, 559 [253 Cal.Rptr. 693, P.2d 1070] the court restates the inverse test to eschew the term "proximate" with the term "substantial causation".

The Court moves on to explain that "the destruction or damaging of property is sufficiently connected with "public use" as required by the Constitution, if the injury is the result of dangers inherent in the construction of the public improvement. *Youngblood v. Los Angeles County Flood Control District* (1961) 56 Cal.2d 603, 610 [15 Cal.Rptr. 904, 364 P.2d 840].

Even though PG&E may claim the events leading up to the fire were not foreseeable, under *Albers* foreseeability is not an element to inverse condemnation. Furthermore, this case meets the test in *Youngblood*. PG&E deliberately installed,

BERGER KAHN
A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614

maintained and operated the electrical equipment, including the smart meter attached to the Insureds' mobile home. Part of that construction was the deliberate performance of excavation work that substantially caused Plaintiffs' damages. Damage to surrounding sewage lines while performing excavation work on a gas line provided the causal nexus between the risks inherent in PG&E's public improvement and the harm to Plaintiffs' property. This causal nexus was sufficiently robust to create a pronounced likelihood of damage. (See Customer Co, at 382).

The *City of Oroville* case is clear that "useful public improvements must eventually be maintained and not merely designed and built. So the 'inherent risk' aspect of inverse condemnation inquiry is not limited to deliberate design or construction of the public improvement. It also encompasses risks from maintenance or continued upkeep of the public work. (*City of Oroville* at 1107).

The damage to Plaintiffs' property was substantially caused by PG&E's maintenance and continued upkeep on its gas lines. This upkeep and need to maintain the gas lines encompassed performing excavation work that created a risk of causing damage to nearby sewage lines. Nationwide paid its Insured for the damages caused by sewage line crushed by PG&E's crews, and seeks recovery from PG&E in subrogation.

Thus, Plaintiffs' proof of claim meets the elements of inverse condemnation.

DATED: June 15, 2021

BERGER KAHN, A Law Corporation

By: /s/ Craig S. Simon
CRAIG S. SIMON
Attorneys for NATIONWIDE AGRIBUSINESS INSURANCE COMPANY