1                     UNITED STATES BANKRUPTCY COURT

2                    NORTHERN DISTRICT OF CALIFORNIA

3                                -oOo-

4    In Re:                          ) Case No. 19-30088
                                     ) Chapter 11
5    PG&E CORPORATION AND PACIFIC    )
     GAS AND ELECTRIC COMPANY, ET    ) San Francisco, California
6    AL.                             ) Tuesday, June 15, 2021
                                     ) 10:00 AM
7                      Debtors.      )
     _____ ) REORGANIZED DEBTORS' FORTY-
8                                      SECOND OMNIBUS OBJECTION TO
                                       CLAIMS (NO LIABILITY /
9                                      PASSTHROUGH CLAIMS) FILED BY
                                       PG&E CORPORATION [9460]

10

11                      TRANSCRIPT OF PROCEEDINGS
                    BEFORE THE HONORABLE DENNIS MONTALI
12                    UNITED STATES BANKRUPTCY JUDGE

13

     APPEARANCES (All present by video or telephone):
14

     For the Reorganized         OMID H. NASAB, ESQ.
15   Debtors:                    Cravath, Swaine & Moore LLP
                                  825 Eighth Avenue
16                                New York, NY 10019
                                  (212)474-1000
17

18   Also Present:              Larry Engel
                                 Claimant
19
                                 Mark Klein
20                               Claimant

21

22

23

24

25

escribers
(973)406-2250 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

| | |
|---|---|
| Court Recorder: | LORENA PARADA/ANKEY THOMAS |
15 | | United States Bankruptcy Court |
16 | | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |
17

18 Transcriber:         MICHAEL DRAKE
                       eScribers, LLC
19                     7227 N. 16th Street
                       Suite #207
20                     Phoenix, AZ 85020
                       (973) 406-2250
21

Proceedings recorded by electronic sound recording;
22 transcript provided by transcription service.

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1  SAN FRANCISCO, CALIFORNIA, TUESDAY, JUNE 15, 2021, 10:00 AM

2                              -oOo-

3     (Call to order of the Court.)

4          THE CLERK:  Calling the matter of PG&E Corporation.

5  I'll bring in Mr. Engel now.

6          And counsel for PG&E that will be appearing --

7          THE COURT:  I believe that's Mr. Nasab.  He has his

8  hand raised.

9          THE CLERK:  Oh.  Oh, there he is.  Joining now.

10         THE COURT:  And how about Mr. Klein?  Has he checked

11 in?

12         THE CLERK:  Mr. Mark Klein?  Yes.

13         THE COURT:  Well, Mr. Klein, you should raise your

14 hand.  I think we're expecting to bring you in unless you don't

15 intend to be brought in.

16         THE CLERK:  Yes, I'll bring him in now.

17         THE COURT:  All right.  Mr. Engel, why don't you turn

18 on your camera so I can say good morning to you and your mic?

19 And same, Mr. Nasab, and -- can you hear me all right?

20         MR. NASAB:  Yes, Your Honor.  Good morning.

21         THE COURT:  Okay.  Well, Mr. Engel has his hand

22 raised, but he also doesn't have his camera or his mic on, Ms.

23 Parada.

24         THE CLERK:  Yes.  I just asked Mr. Engel to unmute.

25 His microphone has been unmuted.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1        THE COURT:  Mr. Engel, can you hear me?

2        MR. ENGEL:  I can hear you, Your Honor.

3        THE COURT:  All right.  And do you have your hand

4   raised?

5        MR. ENGEL:  I do.

6        THE COURT:  Okay.  Well, I -- okay.  Are we going to

7   get to see you this morning or not?

8        MR. ENGEL:  I'm trying, Your Honor.  My computer

9   should be working.

10        THE COURT:  Well, tell me why you have your hand

11   raised.  And we'll see what -- unless that's the only problem.

12        Well, Mr. Nasab, have you heard from Mr. Klein?  We

13   don't see him on the screen.

14        MR. NASAB:  We've conferred prior to today's hearing,

15   but I have not heard from him today.

16        THE COURT:  Okay.  Mr. Engel, again, I can't see you.

17   But can you hear me still?

18        MR. ENGEL:  I can hear you, Your Honor.  Can you hear

19   me?

20        THE COURT:  Yeah, fine.  So I guess we should begin.

21   But, I mean, do you have your hand raised for some other

22   reason?

23        MR. ENGEL:  Just to make sure that I'm able to -- oh,

24   there we go.

25        THE COURT:  There you go.  There you go.  Okay.  Now,

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1  just take -- now, lower your hand  just because it's a

2  distraction when we try to keep track of the who wants in.

3        MR. ENGEL:  There we go.

4        THE COURT:  Got it, okay.

5        Now, Mr. Klein is in the conference room.  Can you

6  hear me, Mr. Klein?

7        MR. KLEIN:  I can, Your Honor.  Thank you.

8        THE COURT:  Okay.  And are you going to stay with your

9  camera off, or do you want to have it on?

10        MR. KLEIN:  I thought it's on.  And I'm not really

11  good at this -- this --

12        THE COURT:  Well, you should have a little -- a little

13  X across the video logo on the bottom left-hand.

14        MR. KLEIN:  Oh, I do.  I didn't see that.

15        THE COURT:  There you go.

16        MR. KLEIN:  Here I am.

17        THE COURT:  All right.  So let me just get three

18  counsels' appearances.  And then I'll have a question or two

19  preliminarily for Mr. Nasab.

20        So, Mr. Nasab, why don't you state your appearance?

21  And then the other two gentlemen after that.

22        MR. NASAB:   Omid Nasab from Cravath, Swaine & Moore

23  on behalf of the reorganized debtors.

24        MR. ENGEL:  Larry Engel for himself and via Engel Law,

25  P.C.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    MR. KLEIN:  Mark Klein, pro se, Your Honor.

2    THE COURT:  Okay.  So, Mr. Nasab, there seems to be a

3    difference of opinion on a couple of things here.  I'll come to

4    the question of the extra brief that you have requested.  But

5    what do you expect me to do on this morning's hearing, given

6    the fact that Mr. Engel has approached it one way and Mr. Klein

7    has approached it differently?  So what do you recommend that I

8    do for this session?

9    MR. NASAB:  Your Honor, I think it would be good to

10   chart a path forward for how we resolve these claims.  And the

11   parties have conferred with each other in advance of today's

12   hearing.  I think we're all in general agreement though --

13   obviously, Mr. Klein or Mr. Engel will correct me if I state

14   this incorrectly.

15   But in terms of the claims here, I think there's

16   obviously a number of disagreements between the parties.

17   There's some pretty broad and sweeping allegations of

18   negligence, for example, that lead to some very significant

19   factual disagreements that we have with one another.  There are

20   also significant legal disputes, including some threshold legal

21   disputes, that we think -- obviously, our position -- I know

22   the other parties will disagree, we believe will prove

23   dispositive.

24   And in talking to the parties, I think we have a

25   general consensus that what may make sense, if the Court

PG&E Corporation, et al.

1    agrees, is that we sent an argument date for those threshold

2    legal issues and argue those before Your Honor and get a ruling

3    on those threshold legal issues.  There's a couple of them.

4    But obviously, the most prominent from our perspective is

5    preemption.  And the arguments there, including the fact that

6    we think the Court here and Judge Gilliam in the District Court

7    has already basically in essence addressed the substance of the

8    claims here.

9         But if we get past those threshold legal issues --

10   which, obviously, we hope we do not.  But if we do get past

11   those threshold legal issues, then I think we'll have to get to

12   tackling how we are going to resolve the very significant and

13   wide-ranging factual disputes between the parties.

14        THE COURT:  Okay.  Mr. Klein, in your point of view,

15   your response was considered.  I mean, I've considered it.  And

16   it's discrete.  And I think your point even was made in the

17   last filing is why do we even need a status conference.  But

18   now I presume you've seen what Mr. Engel has filed.  And I

19   don't know whether you want to do a "me too" or you just want

20   to stand on your position.

21        But what's your response both to the request by the

22   debtor to -- for the brief -- supplemental brief and whether

23   you want that and then what do you think is the best way to

24   proceed?

25        MR. KLEIN:  Your Honor, I objected to the supplemental

PG&E Corporation, et al.

1    brief because I considered this hearing as the one that you can

2    address all of the legal issues.  There have been no factual

3    issues disputing any of the facts that I've stated in

4    declarations.  They have simply cited the legal positions that

5    they have.  And I think we can address those today.

6            So if the Court disagrees, I'll be happy to address

7    them on the 30th.  But at some point, we have to stop biting

8    into the apple, so to speak, and simply resolve it.

9            THE COURT:  If you're going to stick with the apple

10   metaphor, you have to reject Mr. Engel's orange metaphor.  But

11   leaving aside Mr. Engel for the moment -- we don't really want

12   to leave him aside -- but, Mr. Klein, it sounds to me like

13   you're prepared, whether it be this morning or some date in the

14   future, is to submit the matter on the briefs with oral

15   argument.

16           MR. KLEIN:  I do, Your Honor.  I am.

17           THE COURT:  Okay.  And do you -- you do not agree that

18   the debtor should be given an opportunity to file this brief

19   reply?

20           MR. KLEIN:  Your Honor, it wasn't part of our

21   agreement when we originally agreed to briefing.  Plus I even

22   consulted the local rules.  And it doesn't -- this is treated

23   as the hearing.  It doesn't --

24           THE COURT:  Yeah.

25           MR. KLEIN:  -- contemplate a brief one day, one

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1   business day before the hearing.  So I object to it.  Yet even

2   in objecting to it, I don't anything that they've cited in

3   their proposed brief -- I'm not really sure what to call it

4   until it's approved or disapproved -- maybe putative brief -- I

5   think I can address those issues too.  I don't think they're

6   applicable.

7          THE COURT:  Okay.  Well, I understand your point.  And

8   I'll put that -- until I hear from Mr. Engel.  I think from a

9   scheduling case management point of view, whether it was the

10  right thing to do or the wrong thing to do, this was teed up as

11  a status conference.  And I suspect that, if Mr. Engel hadn't

12  filed the papers that he filed and it were only you, Mr. Klein,

13  perhaps I would say, fine, let's -- some oral argument and the

14  matter is submitted.  And I'm not asking you to agree or

15  disagree with Mr. Engel.  I just -- you both start with a

16  similar starting point in terms of your claim.  But then after

17  that, the arguments get quite different.

18          Mr. Engel, what surprised me about the request for the

19  replies was I was surprised that it came so late because your

20  filings were just so overwhelmingly complex.  I mean, I have

21  never as long as I've known you and as long as I've been on

22  this court found such extensive briefing.  I mean, a

23  forty-seven page declaration of the claimant which repeats much

24  of the argument, which repeats much of the other things in

25  other courts, it's just more than I can handle.  It's almost

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    impossible to have gotten through all of that in time.  I mean,

2    I could have set aside a day or two a month ago, but in order

3    to prepare for this hearing, I just -- it didn't stop.

4         And so again, I'm not asking you to defend yourself.

5    I understand what you're doing.  I'm just saying that I'm still

6    unclear as to what you think should happen because you repeated

7    more than once that this is about post-petition conduct and you

8    think there should be an adversary proceeding and you believe

9    that there's an ongoing claim that you have.  And I'm also

10   wondering, well, why don't I just sever this out and tell you

11   to go file a brand-new lawsuit somewhere and litigate it?

12        In other words, what I'm frustrated by here -- maybe

13   frustrated is the wrong word.  I'm puzzled by how did this go

14   from a claims objection, which is what it was and you take

15   issue with the fact that they're acting like it's an adversary

16   proceeding -- this is a claim objection which is a standard

17   form traditional contested matter.  And you're the one that's

18   complaining about it should be an adversary proceeding and

19   there's on going harms that you're suffering.

20        Again, I don't want to belittle the arms that you

21   assert, but I don't know what I'm supposed to do about it.  In

22   other words, if I -- is there any closure in your mind, even if

23   I were to rule in your favor today, if you think it's an

24   ongoing harm that you're suffering and you should be

25   vindicated, your rights should be vindicated?  So tell me what

PG&E Corporation, et al.

1   you think I should do procedurally and then beyond that what

2   you want to add for me to understand.

3           MR. ENGEL:  Your Honor, thank you.  And I'm sorry for

4   burdening you too much.  The basic problem you're seeing me

5   wrestle with is this -- forgive the metaphor, apple versus

6   orange situation.  PG&E basically says this is just Gantner,

7   it's negligence only, and we're not going to let you about

8   inverse condemnation, nuisance, unjust enrichment, or anything

9   else that you've plead, right?

10          THE COURT:  Right.  Right.

11          MR. ENGEL:  So basically, they're rewriting my --

12  every time they object, they rewrite and say basically --

13          THE COURT:  Well, I know.

14          MR. ENGEL:  -- that (indiscernible).

15          THE COURT:  I know.  I know you've said --

16          MR. ENGEL:  And so every time --

17          THE COURT:  I know you say that.  But --

18          MR. ENGEL:  -- they do that, I try and go back and

19  say, Your Honor, here is what I'm pleading.  And I --

20          THE COURT:  But answer -- listen, answer my question.

21  If I overrule their objection to day and said your claim is

22  allowed for twenty-five thousand dollars, that's not what you

23  want.  You want more than --

24          MR. ENGEL:  No.  If we settled for twenty-five, we

25  could settle for twenty-five.  The problem is, if they're going

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    to make me spend two years going up to the Court of Appeals on

2    this issue, which seems to be what they want to do, then I'm

3    going to me making the argument about the value of my home on

4    the inverse case and the inverse damages, the mitigation, et

5    cetera, right?  So it's a question of how much they want to put

6    me to work here.

7            THE COURT:  Well, but I thought -- well, but they've

8    got a tiger by the tail because you're not bashful about

9    working.  And I -- again, I don't want you to take my comments

10   at a criticism, but you present a challenge for the judge too.

11           MR. ENGEL:  I understand.  And if I may just address

12   that.

13           THE COURT:  No.  But why don't I just send you off to

14   mediate this thing, at least to try?

15           MR. ENGEL:  I'd love that, Your Honor, but they don't

16   want to.

17           THE COURT:  Okay.

18           MR. NASAB:  Your Honor, if I could address that last

19   point.  The issue here -- the claims are not -- the claim --

20   Mr. Engel's claim is for twenty-five thousand or maybe it's for

21   something else, but it's ostensible for twenty-five thousand.

22   The issue from PG&E's perspective is that the policy, right,

23   that's saying that they -- that somebody like in Mr. Engel's

24   shoes has a right to have a generator installed at PG&E's

25   expense is a very significant principle.  And that is one that,

PG&E Corporation, et al.

1   from PG&E's perspective, has very serious policy implications

2   for what it views as a critical safety program which is PSPS

3   which is a program by the way --

4          THE COURT:  But Mr. -- but --

5          MR. NASAB:  -- that every utility in the state

6   conducts.

7          THE COURT:  But what's different about Mr. Klein?  Mr.

8   Klein is about 7,000 dollars lower.  It's the same claim I

9   think.  And --

10         MR. NASAB:  Absolutely.

11         THE COURT:  And he doesn't develop the arguments that

12  Mr. Engel does, but I'm not asking Mr. Klein to answer the

13  following question.  But my rhetorical question is, Mr. Klein,

14  wouldn't you settle this case if somebody paid you (audio

15  interference) thousand dollars?

16         I mean, Mr. Nasab, I understand your point about

17  policy which is why you go have mediation and have solutions.

18  And nobody admits to anything, and you move on.  We have a

19  robust mediation program in place for this case.  And if you're

20  telling me PG&E can't settle with the squeaky wheel, well, then

21  I guess you run the risk of having a squeaky wheel.  But if you

22  can settle the case, guess what?  A drop of oil on the wheel

23  and Mr. Engel rolls into the night quietly with a check.

24         So why isn't it worth at least exploring?  If you know

25  the company simply will not settle, then okay.  That's your

PG&E Corporation, et al.

1  position.  But I haven't heard you say that.

2  MR. NASAB:  Your Honor, I can -- I can obviously take

3  it back to my client.  The instructions we've -- all cross PSPS

4  matters, right, the company has not settled these type of

5  claims because the belief is that the principle is --

6  THE COURT:  Okay.

7  MR. NASAB:  -- from the company's perspective a

8  dangerous one because --

9  THE COURT:  That means you won't --

10  MR. NASAB:  -- if we have to buy --

11  THE COURT:  But that means --

12  MR. NASAB:  If we have to --

13  THE COURT:  -- you won't settle -- you won't settle

14  with Mr. Klein either then.

15  MR. NASAB:  I don't think there's a distinction

16  between the two.  Yes, Your Honor.  From our perspective, both

17  of these claims raise the principle that we're talking about

18  here.

19  THE COURT:  Okay.  Well, let me -- again, Mr. Klein

20  can make his own decision if he wants to have an agreement on a

21  time for briefing and argument.  And then I'll make a decision.

22  And if I rule in his favor, then he's the winner.  And if I

23  rule against him, well, obviously, PG&E will get what it wants.

24  And with Mr. Engel, it may be different because he has

25  indeed focused an argument that takes far -- is far broader

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    across suing the parent post-petition, ongoing (audio

2    interference).  And again, I'm not here to decide whether he is

3    right or wrong.  If you're telling me, Mr. Nasab, the company

4    is willing to gamble for that, then okay, fine.

5         But, Mr. Nasab, that may not be the right thing -- you

6    know, be careful what you wish for, they say.  I think Mr.

7    Klein actually made a very specific point that, in his point of

8    view -- and I think he made it (audio interference) is that

9    he's the only -- leaving aside Mr. Engel, he's the only proof

10   of claim that was done pre-petition.  Well, you take the view

11   that (audio interference) occurred before the tariff went into

12   effect, or maybe I've got that a little bit incorrect.  But you

13   believe that you could win on the merits there too.  But that's

14   what mediation and settlement is all about.

15        I won't (audio interference) to death.  Look, I'm not

16   going to -- I'll tell you what I'm not going to do.  I'm not

17   going to make a ruling today on either claimant, and certainly

18   in Mr. Engel's case because it's much more complex or at least

19   framed and argued in such a way.

20        Mr. Klein's case, Mr. Klein has said I don't need

21   anything more, I'd like to submit it on argument, and I don't

22   want the Court to consider PG&E's reply.  And I -- and in a

23   sense, I'd just say if I could -- if Mr. Engel were not here,

24   I'd say let's have argument up and down on Mr. Klein's claim,

25   and I'll make a ruling.  And if -- this is what I get paid the

PG&E Corporation, et al.

1  big bucks for, to make rulings.  The problem is I can't.  I

2  feel strongly that I have to let PG&E respond to the Engel

3  arguments that Mr. Engel, in turn, would like to respond

4  further on his side.  I don't think Mr. Klein wants that.

5       I can't -- I mean, I can say I'll take the argument

6  with Mr. Klein and we'll have a specific hearing date, but I'll

7  the Mr. Engel matter go forward.  I don't know that that's

8  constructive if there's at least chance for the company to

9  revisit the question on whether he wants to try to negotiate

10  with either or both of these gentlemen.

11       Mr. Engel, if I were to overrule your objection on the

12  reply brief, since your opposition itself had a title that was

13  nine lines long, give me a clue as to what a proportionate

14  response if I give you an opportunity to respond to their reply

15  but in a proportionate manner.

16       MR. ENGEL:  Let me answer your question this way, Your

17  Honor.  What I want to do, and the only thing I want to do and

18  I -- and a response to this ex parte reply, is to rebut the

19  false claim that I haven't alleged anything more than Gantner.

20  And so --

21       THE COURT:  Mr. Engel, you have --

22       MR. ENGEL:  I'm almost done.

23       THE COURT:  Okay.

24       MR. ENGEL:  If I were to defend this, I would have to

25  make an offer of proof that everything they said about my

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1   claim, their interpretation of it, is wrong.  And I have to

2   point to various places in the declaration that you noted, the

3   earlier declaration, and other -- the reply, et cetera, where I

4   specifically said things that they claim I haven't said.

5           So the question is, how do I make an offer of proof

6   that doesn't take up my whole time in oral argument just trying

7   to get us back to debating the apple?  If we debate the apple,

8   I win in my view on the law based on the cases that I've cited

9   in my reply.  And so if they're making a motion to dismiss on

10  the law, fine.  I can beat that.  The question is -- and

11  they're going to argue it's just about Gantner.  And I'm going

12  to say it's about all these other things.  Now where we go --

13          THE COURT:  But if we --

14          MR. ENGEL:  We're arguing --

15          THE COURT:  Mr. --

16          MR. ENGEL:  -- apples and oranges, right?

17          THE COURT:  Mr. Engel, you've said it repeatedly.

18          MR. ENGEL:  Yes.

19          THE COURT:  And that's where I'm having trouble with

20  what you have filed.  And you once again make reference to a

21  motion to dismiss.  There is no motion to dismiss pending.

22  This is the claims objection and a first hearing on the (audio

23  interference) objection.  So if I told you that we're going

24  to -- you were going to start over, what are you thinking?  I

25  mean, do we have to have an adversary proceeding?  Are you

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1   going to assert post-petition damages that are going to be --

2           MR. ENGEL:  Yes --

3           THE COURT:  -- (indiscernible)?

4           MR. ENGEL:  -- Your Honor.  If we can't settle this,

5   that's exactly what I'm doing.  That's why I did what I did.

6   Because they're telling me and they're telling the Public

7   Utilities Commission and everybody else, if you read their

8   filings, that this is going to go on for a decade, right?

9           THE COURT:  Well, that's what they say.  That's what

10  they say.  I read the newspaper.  You read the newspaper.  They

11  have a new CEO who's making public statements about the

12  company.  We all in Northern California know what we're

13  hearing.  You take issue with their motives.  And you're

14  blaming it on the desire to gain more profit.  But the fact is,

15  you, in your fire area, and I, in my less fire area, we both

16  are subject to PSPS and the inconveniences that follow and so

17  on.  And I understand Mr. Nasab's point about there's some big

18  (audio interference).  And if you want to fight that policy,

19  you have a right to.  The question is what I'm supposed to do

20  about it on this claims objection.

21          So my point is, why do I need another brief from you

22  to have you say what you've said twice?  And I'm not ignoring

23  what you're saying.  And I fully expect to be fully prepared if

24  we have oral argument, but not if it's going where every time I

25  turn around there's another fifty-page brief.  Look, you're

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1   prolific in citing stuff that I can't keep up with you.  I

2   can't keep up with everything Judge Alsup says that you say he

3   says and everything that the BOC does and the latest bulletin

4   and the latest this and the latest that.  I simply can't do it

5   (audio interference) person on a claims objection.  So --

6               MR. ENGEL:  Well --

7               THE COURT:  So I guess what I'm saying is, I don't

8   think if you file a further brief, you need to reinvent the

9   wheel again.  You could have a proportional response to

10  anything that PG&E has raised anew in its proposed reply brief.

11  That's the traditional way you deal with this sort of process.

12  Right?

13              MR. ENGEL:  Yes, Your Honor, although what they're

14  really trying to do is add in the ESRB-8 citation.

15              THE COURT:  I know.  And I don't even -- I haven't

16  even had time to look what ESRB stands for.

17              MR. ENGEL:  Your Honor, that's the basic rule for

18  PSPS.

19              THE COURT:  Yeah, I know it is.  I know.  But I'm

20  trying to tell you, I'm only one person.

21              MR. ENGEL:  Yeah.

22              THE COURT:  And it's true.  You did file this sometime

23  ago.  And if I had nothing else to do, I guess I could have

24  read everything.  But that's not the way I prepare, and that's

25  not the way -- and again, you keep saying, well, you'd have to

PG&E Corporation, et al.

1    have your precious time for oral argument.  I don't have to

2    give you any oral argument.  I can just take this on the papers

3    if I want to.

4          So let's switch gears and talk about something else.

5    You had stated repeatedly that what you would do at trial.

6    Well, what if I said, okay, we're going to have a trial?  When

7    would the trial be?  And how long do you think you have to put

8    on for a trial?

9          MR. ENGEL:  The answer is dependent on whether we can

10   get any reasonable stipulations on use of the related

11   proceedings evidence and a couple of 30(b)(6) witnesses.

12         THE COURT:  But what would the trial involve?  I mean,

13   would be going -- I take it we'd be going into all the

14   post-petition activities.

15         MR. ENGEL:  You'd be going into post-petition

16   activities.  Yes, Your Honor.

17         THE COURT:  You have to understand.  It's just not in

18   my genes, my DNA here, to think about a claims objection as

19   needing a trial for ongoing wrong --

20         MR. ENGEL:  Well, we -- but see --

21         THE COURT:  -- in the alleged --

22         MR. ENGEL:  Your Honor, I'm looking at this as a

23   post-petition claim.  You're looking at it as a pre-petition

24   claim.

25         THE COURT:  Well, that's the way it was filed.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    MR. ENGEL:  As a -- yes.  But it also said it was a

2  post-petition claim in the pre-petition claim and that that was

3  the backup.  All right?

4    THE COURT:  But, Mr. Engel, you know this well.

5  You've been around and practiced almost as long as I have.  And

6  we know how to draw the line at what is a pre-petition claim

7  and what is a -- either ongoing harm or a post-petition claim.

8  And there was a bar date.  You filed the claim by a bar date.

9  The claim -- company objected.  Your basic harm is the PSPS has

10  caused you to spend twenty-five grand to build a generator

11  system.  And again, I don't question it.  I believe you.  But

12  it seems to me that's the question for proof of claim purposes.

13    And if PG&E is doing something today ongoing that

14  gives you harm, causes you harm, that's perhaps some other

15  proceeding which hasn't been filed yet.  So, I mean, I don't

16  know how you can expect me just to morph this pre-petition

17  claim objection into a sort of a never-ending adversary

18  proceeding.  But it seems like it's what you want.

19    Well, let's try it a different way.  Suppose I -- we

20  got to that point and I say Engel wins.  What would the win

21  look like besides 25,000 dollars with the -- with the --

22    MR. ENGEL:  Well, I assume we would settle it at that

23  point for the twenty-five without having to go through PG&E's

24  appeal.

25    THE COURT:  No.  But I didn't ask you that.  What I

PG&E Corporation, et al.

1    asked you, that if you are a winner across the board, what do

2    you get by winning on top of the 25,000 dollars?

3             MR. ENGEL:  I guess I would have to prove up

4    additional damages if I were going to.

5             THE COURT:  Well, but Mr. Engel, the question is,

6    you're --

7             MR. ENGEL:  Here's the issue, Your Honor.  And I'm

8    sorry if I'm -- this is complex.  And I realize I'm putting a

9    lot of dots on the board and trying to connect them.  But every

10   cause of action that I've asserted, and I've asserted different

11   ones, as you know, has its own damage formulate and its own

12   damage claim.  Now, the mitigation argument fits in for inverse

13   condemnation and nuisance, but nuisance and inverse

14   condemnation have their own damage calculation which relates to

15   the depreciation of the value of my house.

16            So he's arguing -- PG&E is arguing that I can't have

17   mitigation.  And then I -- and that forces me into then saying,

18   well, all right, let's talk about the value of the house.

19   Right?

20            THE COURT:  Mr. Engel, I think you're missing my

21   point.  I'll go back again.  The bankruptcy occurred January

22   29th, 2019.  And on that day, you already had a theory of

23   damage, as did Mr. Klein, as did 80,000 other people.  And you

24   filed a proof of claim that said PG&E owes me 25,000 dollars

25   because I had to put in a generation system.  And if we just

PG&E Corporation, et al.

1    stopped right there, we would have a trial or a hearing on

2    whether you're entitled to anything or all of it, but that's

3    it.

4         But what you've done with these pleadings is you've

5    turned it into sort of a never-ending claim for ongoing damages

6    that you will prove at some point.  And I'm saying --

7         MR. ENGEL:  Right.

8         THE COURT:  -- fine.  But where do you expect to prove

9    it?  It hasn't even been pled yet as a complaint.  And if so --

10   for example, if PG&E had not filed bankruptcy, what would you

11   have done?  You would have filed a lawsuit presumably in the

12   Superior Court, right?

13        MR. ENGEL:  Yes.

14        THE COURT:  And you would have said you owe me for my

15   generator, and you owe me for the loss of value of my house

16   and --

17        MR. ENGEL:  Yes.

18        THE COURT:  -- for other theories.  Okay.  So you're

19   entitled to assert that.  But if you assert it in this court, I

20   have to figure out what am I supposed to do about it.  And I'm

21   not kidding.  I don't mean to sound like I can't do my job.

22   I'm saying I don't even -- I can't even define my job at this

23   point on the way you've pled it because, in your own comment,

24   you're talking about it's ongoing.  Well, ongoing, I mean,

25   that's my point.  If I ruled today that PG&E owes you

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1  everything you're asserting, what would that be?  You don't --

2  you can't even quantify it.

3          MR. ENGEL:  Well, I can quantify twenty-five of it.

4          THE COURT:  Of course.  That goes without saying.  You

5  can quantify twenty-five of it.  You can't -- if I said -- if

6  this were the pre-trial hearing in this nonexistent adversary

7  proceeding called Engel versus PG&E, I'd say, okay, counsel,

8  what are you damages that you're going to prove.  And you don't

9  have -- there's no answer at the moment.  Value --

10         MR. ENGEL:  Well, Your Honor, if I were to spend the

11 money, which I'm prepared to do, if it has to go that way to

12 hire the expert that I would talk to about the home value

13 question for the inverse condemnation and the nuisance and the

14 depreciation on the insurance and et cetera, I can do that.

15 And then I can give you a number.

16         THE COURT:  Yeah, but --

17         MR. ENGEL:  I haven't spent the money to do that yet.

18         THE COURT:  But, Mr. Engel, you haven't done anything

19 except write prolific briefs that say why it's true.  But I

20 still can't -- I still don't know what it is.  So I'll tell you

21 what.  Look, I'm going to put this -- I've got another heavy

22 calendar coming up.

23         MR. ENGEL:  Right.

24         THE COURT:  I am going to overrule your and Mr.

25 Klein's objections to PG&E's motion to file a leave -- a reply.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    It's already filed.  And it's brief.  I'm going to give Mr.

2    Klein an opportunity, if he wants to, but I don't think he

3    needs to.  And Mr. Engel, I will give you an opportunity to

4    file no more than ten pages, and I'm not kidding.  I want ten

5    pages of argument.  And don't give the same argument that's

6    over and over and over.  And don't say at page 9 that you're

7    incorporating by reference fifteen PUC decisions, seven

8    decisions by Judge Alsup.

9         I want no more than ten pages of good old Engel

10   argument as to why PG&E's reply doesn't -- without being

11   repetitive, in other words go back to the traditional rule, a

12   motion was filed, an opposition is filed, and a reply doesn't

13   repeat -- it replies to the (audio interference).  So I will

14   give you a ten-page reply -- or if you want to call it a

15   surreply to PG&E's reply.

16        And what I'm going to tell to both of you gentlemen is

17   this.  I'm going to invite Mr. Nasab to take up with his client

18   one more time is there an appetite to settle with either or

19   both of these gentlemen, not together.  I'm not linking Mr.

20   Engel and Mr. Klein anywhere together except they're in the

21   same boat procedurally.  And they both start with a theory of

22   claim that is consistent.  But Mr. Klein hasn't developed --

23   seems not to push the arguments.  And if he chooses to change

24   his tune, then he's entitled to do that.

25        But I'm going to set a date for oral argument on what

PG&E Corporation, et al.

1  I'll call the Klein claim.

2         And for you, Mr. Engel, I'm going to say that, if

3  the -- I'm going to invite the company and you both to attempt

4  to settle these -- either of these cases.  And if anybody

5  settles, you're out.  And if you haven't settled, whoever is

6  left, if it's Mr. Klein, I'll just schedule an oral argument

7  like I've got on the calendar this morning for (audio

8  interference).

9         And for you, Mr. Engel, I'll expect no so much

10  scheduling oral argument but scheduling, well, what do you

11  expect me to do procedurally because I'm not going to -- I'm

12  not going to fool myself into saying I should make a decision,

13  up or down, on the Engel 25,000-dollar theory if, in fact, Mr.

14  Engel, if you believe you're going to assert a bunch of other

15  theories which is your right.  And I want to repeat, it's your

16  right to do, but you can't do it in this context without

17  getting back into the more traditional way you prosecute a

18  lawsuit.  And I'm not kidding.  I might very well tell you to

19  file a new adversary proceeding.  And --

20         MR. ENGEL:  I'm prepared to file an adversary

21  proceeding, Your Honor.

22         THE COURT:  Okay.  Okay.  But I'd like to avoid that

23  for now if we can.

24         MR. ENGEL:  Yeah, I understand.

25         THE COURT:  So, Mr. Nasab, if you would talk to these

PG&E Corporation, et al.

1  gentlemen about a hearing on about June 30th.

2       I think what I'd rather do is give you a date to

3  report back that the company is willing to attempt a mediation.

4  And then I'll just stay out of it until you do it.  I would

5  suggest that perhaps it might -- I'll leave open how -- if

6  there's an appetite for mediation, should it be consistent with

7  the existing mediation program that's in place for PG&E or

8  should it be differently.

9       And again, Mr. Engel and Mr. Klein, PG&E is footing

10  the bill for the mediators in those.  And that's a good thing

11  unless you believe the mediators are all corrupt which I do not

12  believe.  And if PG&E is willing to mediate and fund the costs

13  of the mediator, then -- again, this is not necessarily one

14  mediation for the two of you.  Maybe that would be helpful.

15  That's not for me to decide.  But it might be better for me to

16  depart from the established mediation program we have in place

17  for PG&E and say that each side bear their own cost and go pick

18  your own mediator and do it or do it some other way.

19       Again, both of you argue -- Mr. Engel I know.  Mr.

20  Klein, I don't know you from before, but I presume you're an

21  experienced lawyer.  You certainly act like one.  And --

22       MR. KLEIN:  Thank you, Your Honor.

23       THE COURT:  You're smart enough to know the economics

24  of this probably doesn't justify staggering costs if there's a

25  consensual resolution.  But I can't force and I will not force

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1  PG&E to mediate.  I'll just let Mr. Nasab take it up with his

2  client and report back either we're going to go to mediation,

3  in which case we're put on hold, or we're not going to go

4  mediation.

5        And if you notify me of that fact, Mr. Nasab, or

6  notify my clerk and the other counsel, I will probably

7  specially set an argument for at least what I'm going to call

8  the Klein objection.  And Mr. Engel, if you decide in

9  anticipation of that date whether you want to, in effect,

10 proceed with what I'll call the more traditional adversarial

11 way or you want to just argue much like Mr. Klein's case -- but

12 I'll -- they would be separate arguments.  I'm not requiring

13 either of you to join the other.  You're welcome to.

14        But my point to you, Mr. Engel, is I got the story.  I

15 know the -- I know your theories.  And I want you to have an

16 opportunity to develop it in a robust oral argument.

17        So, Mr. Nasab -- so, Mr. Engel, I'll tell you what.

18 Let's do this.  Mr. Nasab, you've got to give me a date by

19 which you're either going to commit yes, there will be an

20 attempt to mediate or there's no interest in it.  And that'll

21 be the starting date.  And if the answer is yes, we'll try to

22 mediate, then I'm going to send you guys off to do it however

23 it is appropriate.  And if you say no, we won't, then, Mr.

24 Engel, that'll start let's say ten days for you to file a

25 ten-day -- ten-page reply.  I don't want you to file a reply if

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    you don't need to.

2            MR. ENGEL:  Right.

3            THE COURT:  So let's assume -- let's see the glass

4    half empty.  Let's assume that next week Mr. Nasab says PG&E is

5    not interested in settling with these gentlemen.  I'll say,

6    okay, then whatever date that is, you've got ten days to file

7    your ten-page response.

8            MR. ENGEL:  Yeah.

9            THE COURT:  And I will have my clerk contact all three

10   of you to set any date that'll be (audio interference) to some

11   period of time for oral argument.  But I'm not going to -- I'm

12   going to need to take time to prepare myself.  Again, Mr.

13   Engel, it's not -- it's not as though I lack the -- well, maybe

14   I do lack the intellectual --

15           MR. ENGEL:  Your Honor, I understand.  I understand.

16           THE COURT:  Yeah.  And I also haven't even asked you

17   to provide copies of it.  So I went -- I just -- okay.  So Mr.

18   Nasab, how much time do you need?

19           MR. NASAB:  The only issue, Your Honor, is I know my

20   client is going to be on vacation, although, frankly, somewhat

21   he's responsive.  But he's going to be on vacation through the

22   25th.  I will try to get you an answer before then.  But if we

23   could set it for early the week after that, that would just

24   make sure that --

25           THE COURT:  All right.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1        MR. NASAB:  -- I won't be held up by a vacation issue.

2        THE COURT:  Well, I mean, all we're talking about is

3    whether to tell me whether he's going to willing to be a -- one

4    second.  Let me just look at my calendar.  One second.  I'm

5    looking at a -- not at my court calendar.  I'm looking at

6    something else, just -- I'm having --

7        MR. NASAB:  I'll make -- sorry.

8        THE COURT:  No, go ahead.

9        MR. NASAB:  I was just going to say, whatever date

10   Your Honor thinks is appropriate, I'm sure I can make it work.

11       THE COURT:  Well, how about July -- I mean June 30th?

12   That's a little longer.  But -- so I want to hear --

13       MR. NASAB:  And I'll endeavor to get back to Your

14   Honor before then, but I appreciate it.

15       THE COURT:  And what I want you to do -- I mean, I'll

16   tell you what.  You can just submit a letter to my clerk or to

17   me to my clerk with copies to these two gentlemen and what your

18   position is.  And let's make it simple.  If your answer is

19   we're not interested in mediation, then I (audio interference)

20   from there.  If the answer is we're going to pursue mediation,

21   then I'll expect you to work with Mr. Klein and Mr. Engel to

22   work it out.  Again, they need to decide and you all need to

23   decide whether you want do it.

24       Frankly, if it were I, I'd take advantage of the --

25   let the other side pay for the mediator.  And I don't -- I

PG&E Corporation, et al.

1    don't have any personal feeling or fear that the gentlemen and

2    the lawyers who are being recruited to do the mediation (audio

3    interference) objectively and fairly.  But it's not my money,

4    and you guys have to decide what you're comfortable with.

5            And so let's be negative, Mr. Engel.  If by June 30th

6    Mr. Nasab says no, no mediation, then that starts the ten-day

7    clock running for you to file your reply.  And I will then -- I

8    will set it for argument either with Mr. Klein alone or with

9    you at that, so your choice.  Okay?

10           MR. ENGEL:  Okay.

11           THE COURT:  Are we all -- everybody clear?  Mr. Klein,

12   are you comfortable with that or clear on that?

13           MR. KLEIN:  I'm fine, Your Honor.  I'm not clear.

14   Since you're accepting their reply brief, does that mean that,

15   if they do not want to mediate, I would have also the

16   opportunity of briefly replying to their --

17           THE COURT:  Yeah, sure.  I didn't know that you wanted

18   to because, again, you seem to have identified and focused on

19   the issue narrowly.  No, of course.  So let's -- once again,

20   the company -- the debtor has already submitted its -- we'll

21   call it its proposed reply.  But, I mean, it's in the docket --

22   I mean, the docket.  So I'd consider it filed.  To use the

23   proper title, I mean, their document number 1071 is ex parte

24   motion for leave to file reply, et cetera.  So consider that

25   granted and say that if there is no mediation effort per this

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1    conversation, then ten days after there's a response, a

2    negative response on mediation, both Mr. Engel and Mr. Klein

3    have ten days to file a further brief limited to ten pages.

4         And if there is an attempt to mediate, then we'll put

5    everything on hold.  And if mediation is successful, we're

6    done.  And if it's unsuccessful, we'll restart that process

7    again if we have to.  So this is my way of saying to Mr. Nasab

8    I urge your client to get to the table with these two squeaky

9    wheels.  And if you do, there will be no repercussions.  And if

10   you settle, then I'll send you all virtual hugs and kisses.

11   And if you don't settle, then we'll kick back in the timing for

12   scheduling either up and down on Mr. Klein alone or Mr. Engel,

13   depending on what he wants to do.

14        But the bottom line is for you, Mr. Engel, you're

15   going to have to -- if it doesn't get mediated either because

16   they don't want to or it's unsuccessful, you're going to have

17   retool your case and somehow frame it --

18        MR. ENGEL:  I'm prepared to do that, Your Honor.

19        THE COURT:  -- more traditionally.  Okay.  Are we

20   clear for today?

21        MR. ENGEL:  Yes, Your Honor.

22        MR. KLEIN:  Thank you very much.

23        THE COURT:  Okay.  Thank you all for your time.

24        MR. ENGEL:  Thank you.

25        MR. KLEIN:  Bye-bye.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation, et al.

1          MR. NASAB:  Thank you, Your Honor.

2          THE COURT:  All right.

3      (Whereupon these proceedings were concluded)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

I N D E X

RULINGS:                                          PAGE LINE

Objections to PG&E's motion to file a reply      24    24

are overruled.

Motion for leave to file reply is granted.       31    25

(973) 406-2250 | operations@escribers.net | www.escribers.net

C E R T I F I C A T I O N

I, Michael Drake, certify that the foregoing transcript is a
true and accurate record of the proceedings.

_____

/s/ MICHAEL DRAKE, CER-513, CET-513

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date:  June 16, 2021

(973) 406-2250 | operations@escribers.net | www.escribers.net

# A

**able (1)**
4:23
**Absolutely (1)**
13:10
**accepting (1)**
31:14
**across (3)**
5:13;15:1;22:1
**act (1)**
27:21
**acting (1)**
10:15
**action (1)**
22:10
**activities (2)**
20:14,16
**actually (1)**
15:7
**add (2)**
11:2;19:14
**additional (1)**
22:4
**address (6)**
8:2,5,6;9:5;12:11,18
**addressed (1)**
7:7
**admits (1)**
13:18
**advance (1)**
6:11
**advantage (1)**
30:24
**adversarial (1)**
28:10
**adversary (8)**
10:8,15,18;17:25;
21:17;24:6;26:19,20
**again (19)**
4:16;10:4,20;12:9;
14:19;15:2;17:20;19:9,
25;21:11;22:21;27:9,
13,19;29:12;30:22;
31:18,19;32:7
**against (1)**
14:23
**ago (2)**
10:2;19:23
**agree (2)**
8:17;9:14
**agreed (1)**
8:21
**agreement (3)**
6:12;8:21;14:20
**agrees (1)**
7:1
**ahead (1)**
30:8
**allegations (1)**
6:17
**alleged (2)**

16:19;20:21
**allowed (1)**
11:22
**almost (3)**
9:25;16:22;21:5
**alone (2)**
31:8;32:12
**Alsup (2)**
19:2;25:8
**although (2)**
19:13;29:20
**anew (1)**
19:10
**anticipation (1)**
28:9
**appeal (1)**
21:24
**Appeals (1)**
12:1
**appearance (1)**
5:20
**appearances (1)**
5:18
**appearing (1)**
3:6
**appetite (2)**
25:18;27:6
**apple (5)**
8:8,9;11:5;17:7,7
**apples (1)**
17:16
**applicable (1)**
9:6
**appreciate (1)**
30:14
**approached (2)**
6:6,7
**appropriate (2)**
28:23;30:10
**approved (1)**
9:4
**area (2)**
18:15,15
**argue (4)**
7:2;17:11;27:19;
28:11
**argued (1)**
15:19
**arguing (3)**
17:14;22:16,16
**argument (25)**
7:1;8:15;9:13,24;
12:3;14:21,25;15:21,
24;16:5;17:6;18:24;
20:1,2;22:12;25:5,5,10,
25;26:6,10;28:7,16;
29:11;31:8
**arguments (6)**
7:5;9:17;13:11;16:3;
25:23;28:12
**arms (1)**
10:20
**around (2)**

18:25;21:5
**aside (4)**
8:11,12;10:2;15:9
**assert (5)**
10:21;18:1;23:19,19;
26:14
**asserted (2)**
22:10,10
**asserting (1)**
24:1
**assume (3)**
21:22;29:3,4
**attempt (2)**
26:3;27:3;28:20;
32:4
**audio (13)**
13:14;15:1,8,11,15;
17:22;18:18;19:5;
25:13;26:7;29:10;
30:19;31:2
**avoid (1)**
26:22

# B

**back (10)**
11:18;14:3;17:7;
22:21;25:11;26:17;
27:3;28:2;30:13;32:11
**backup (1)**
21:3
**bankruptcy (2)**
22:21;23:10
**bar (2)**
21:8,8
**based (1)**
17:8
**bashful (1)**
12:8
**basic (3)**
11:4;19:17;21:9
**basically (4)**
7:7;11:6,11,12
**bear (1)**
27:17
**beat (1)**
17:10
**begin (1)**
4:20
**behalf (1)**
5:23
**belief (1)**
14:5
**belittle (1)**
10:20
**besides (1)**
21:21
**best (1)**
7:23
**better (1)**
27:15
**beyond (1)**
11:1

**big (2)**
16:1;18:17
**bill (1)**
27:10
**bit (1)**
15:12
**biting (1)**
8:7
**blaming (1)**
18:14
**board (2)**
22:1,9
**boat (1)**
25:21
**BOC (1)**
19:3
**both (11)**
7:21;9:15;14:16;
16:10;18:15;25:16,19,
21;26:3;27:19;32:2
**bottom (2)**
5:13;32:14
**brand-new (1)**
10:11
**brief (16)**
6:4;7:22,22;8:1,18,
25;9:3,4;16:12;18:21,
25;19:8,10;25:1;31:14;
32:3
**briefing (3)**
8:21;9:22;14:21
**briefly (1)**
31:16
**briefs (2)**
8:14;24:19
**bring (3)**
3:5,14,16
**broad (1)**
6:17
**broader (1)**
14:25
**brought (1)**
3:15
**bucks (1)**
16:1
**build (1)**
21:10
**bulletin (1)**
19:3
**bunch (1)**
26:14
**burdening (1)**
11:4
**business (1)**
9:1
**buy (1)**
14:10
**Bye-bye (1)**
32:25

# C

**calculation (1)**

22:14
**calendar (4)**
24:22;26:7;30:4,5
**CALIFORNIA (2)**
3:1;18:12
**Call (7)**
3:3;9:3;25:14;26:1;
28:7,10;31:21
**called (1)**
24:7
**Calling (1)**
3:4
**came (1)**
9:19
**camera (3)**
3:18,22;5:9
**can (29)**
3:18,19;4:1,2,17,18,
18;5:5,7;8:1,5;9:5,25;
13:22;14:2,2,20;16:5;
17:10;20:2,9;21:16;
24:3,5,14,15;26:23;
30:10,16
**careful (1)**
15:6
**case (17)**
9:9;12:4;13:14,19,
22;15:18,20;28:3,11;
32:17
**cases (2)**
17:8;26:4
**cause (1)**
22:10
**caused (1)**
21:10
**causes (1)**
21:14
**CEO (1)**
18:11
**certainly (2)**
15:17;27:21
**cetera (4)**
12:5;17:3;24:14;
31:24
**challenge (1)**
12:10
**chance (1)**
16:8
**change (1)**
25:23
**chart (1)**
6:10
**check (1)**
13:23
**checked (1)**
3:10
**choice (1)**
31:9
**chooses (1)**
25:23
**citation (1)**
19:14
**cited (3)**

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 36
of 42

8:4;9:2;17:8
**citing (1)**
  19:1
**claim (27)**
  9:16;10:9,16;11:21;
  12:19,20;13:8;15:10,
  24;16:19;17:1,4;20:23,
  24;21:2,2,6,7,8,9,12,
  17;22:12,24;23:5;
  25:22;26:1
**claimant (1)**
  9:23;15:17
**claims (11)**
  6:10,15;7:8;10:14;
  12:19;14:5,17;17:22;
  18:20;19:5;20:18
**clear (4)**
  31:11,12,13;32:20
**CLERK (9)**
  3:4,9,12,16,24;28:6;
  29:9;30:16,17
**client (5)**
  14:3;25:17;28:2;
  29:20;32:8
**clock (1)**
  31:7
**closure (1)**
  10:22
**clue (1)**
  16:13
**comfortable (2)**
  31:4,12
**coming (1)**
  24:22
**comment (1)**
  23:23
**comments (1)**
  12:9
**Commission (1)**
  18:7
**commit (1)**
  28:19
**company (9)**
  13:25;14:4;15:3;
  16:8;18:12;21:9;26:3;
  27:3;31:20
**company's (1)**
  14:7
**complaining (1)**
  10:18
**complaint (1)**
  23:9
**complex (3)**
  9:20;15:18;22:8
**computer (1)**
  4:8
**concluded (1)**
  33:3
**condemnation (4)**
  11:8;22:13,14;24:13
**conduct (1)**
  10:7
**conducts (1)**

13:6
**conference (3)**
  5:5;7:17;9:11
**conferred (2)**
  4:14;6:11
**connect (1)**
  22:9
**consensual (1)**
  27:25
**consensus (1)**
  6:25
**consider (3)**
  15:22;31:22,24
**considered (3)**
  7:15,15;8:1
**consistent (2)**
  25:22;27:6
**constructive (1)**
  16:8
**consulted (1)**
  8:22
**contact (1)**
  29:9
**contemplate (1)**
  8:25
**contested (1)**
  10:17
**context (1)**
  26:16
**conversation (1)**
  32:1
**copies (2)**
  29:17;30:17
**Corporation (1)**
  3:4
**corrupt (1)**
  27:11
**cost (1)**
  27:17
**costs (2)**
  27:12,24
**counsel (3)**
  3:6;24:7;28:6
**counsels' (1)**
  5:18
**couple (3)**
  6:3;7:3;20:11
**course (2)**
  24:4;31:19
**Court (93)**
  3:3,7,10,13,17,21;
  4:1,3,6,10,16,20,25;
  5:4,8,12,15,17;6:2,25;
  7:6,6,14;8:6,9,17,24;
  9:7,22;11:10,13,15,17,
  20;12:1,7,13,17;13:4,7,
  11;14:6,9,11,13,19;
  15:22;16:21,23;17:13,
  15,17,19;18:3,9,19;19:7,
  15,19,22;20:12,17,21,
  25;21:4,25;22:5,5,20;
  23:8,12,14,18,19;24:4,
  16,18,24;26:22,25;

27:23;29:3,9,16,25;
  30:2,5,8,11,15;31:11,
  17;32:19,23;33:2
**courts (1)**
  9:25
**Cravath (1)**
  5:22
**critical (1)**
  13:2
**criticism (1)**
  12:10
**cross (1)**
  14:3

## D

**damage (4)**
  22:11,12,14,23
**damages (5)**
  12:4;18:1;22:4;23:5;
  24:8
**dangerous (1)**
  14:8
**date (13)**
  7:1;8:13;16:6;21:8,
  8;25:25;27:2;28:9,18,
  21;29:6,10;30:9
**day (5)**
  8:25;9:1;10:2;11:21;
  22:22
**days (4)**
  28:24;29:6;32:1,3
**deal (1)**
  19:11
**death (1)**
  15:15
**debate (1)**
  17:7
**debating (1)**
  17:7
**debtor (3)**
  7:22;8:18;31:20
**debtors (1)**
  5:23
**decade (1)**
  18:8
**decide (6)**
  15:2;27:15;28:8;
  30:22,23;31:4
**decision (3)**
  14:20,21;26:12
**decisions (2)**
  25:7,8
**declaration (3)**
  9:23;17:2,3
**declarations (1)**
  8:4
**defend (2)**
  10:4;16:24
**define (1)**
  23:22
**depart (1)**
  27:16

**dependent (1)**
  20:9
**depending (1)**
  32:13
**depreciation (2)**
  22:15;24:14
**desire (1)**
  18:14
**develop (2)**
  13:11;28:16
**developed (1)**
  25:22
**difference (1)**
  6:3
**different (5)**
  9:17;13:7;14:24;
  21:19;22:10
**differently (2)**
  6:7;27:8
**disagree (2)**
  6:22;9:15
**disagreements (2)**
  6:16,19
**disagrees (1)**
  8:6
**disapproved (1)**
  9:4
**discrete (1)**
  7:16
**dismiss (3)**
  17:9,21,21
**dispositive (1)**
  6:23
**disputes (3)**
  6:20,21;7:13
**disputing (1)**
  8:3
**distinction (1)**
  14:15
**distraction (1)**
  5:2
**District (1)**
  7:6
**DNA (1)**
  20:18
**docket (2)**
  31:21,22
**document (1)**
  31:23
**dollars (6)**
  11:22;13:8,15;21:21;
  22:2,24
**done (6)**
  15:10;16:22;23:4,11;
  24:18;32:6
**dots (1)**
  22:9
**down (3)**
  15:24;26:13;32:12
**draw (1)**
  21:6
**drop (1)**
  13:22

## E

**earlier (1)**
  17:3
**early (1)**
  29:23
**economics (1)**
  27:23
**effect (2)**
  15:12;28:9
**effort (1)**
  31:25
**either (12)**
  14:14;15:17;16:10;
  21:7;25:18;26:4;28:2,
  13,19;31:8;32:12,15
**else (6)**
  11:9;12:21;18:7;
  19:23;20:4;30:6
**empty (1)**
  29:4
**endeavor (1)**
  30:13
**Engel (103)**
  3:5,17,21,24;4:1,2,5,
  8,16,18,23;5:3,24,24,
  24;6:6,13;7:18;8:11;
  9:8,11,15,18;11:3,11,
  14,16,18,24;12:11,15;
  13:12,23;14:24;15:9,
  23;16:2,3,7,11,16,21,
  22,24;17:14,16,17,18;
  18:2,4;19:6,13,17,21;
  20:9,15,20,22;21:1,4,
  20,22;22:3,5,7,20;23:7,
  13,17;24:3,7,10,17,18,
  23;25:3,9,20;26:2,9,13,
  14,20,24;27:9;28:8,
  14,17,24;29:2,8,13,15;
  30:21;31:5,10;32:2,12,
  14,18,21,24
**Engel's (4)**
  8:10;12:20,23;15:18
**enough (1)**
  27:23
**enrichment (1)**
  11:8
**entitled (3)**
  23:2,19;25:24
**ESRB (1)**
  19:16
**ESRB-8 (1)**
  19:14
**essence (1)**
  7:7
**established (1)**
  27:16
**et (4)**
  12:4;17:3;24:14;
  31:24
**even (12)**
  7:16,17;8:21;9:1;

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 37
of 42

10:22;19:15,16;23:9,
22,22;24:2;29:16
**everybody (2)**
18:7;31:11
**evidence (1)**
20:11
**ex (2)**
16:18;31:23
**exactly (1)**
18:5
**example (2)**
6:18;23:10
**except (2)**
24:19;25:20
**existing (1)**
27:7
**expect (7)**
6:5;18:23;21:16;
23:8;26:9,11;30:21
**expecting (1)**
3:14
**expense (1)**
12:25
**experienced (1)**
27:21
**expert (1)**
24:12
**exploring (1)**
13:24
**extensive (1)**
9:22
**extra (1)**
6:4

**F**

**fact (6)**
6:6;7:5;10:15;18:14;
26:13;28:5
**facts (1)**
8:3
**factual (3)**
6:19;7:13;8:2
**fairly (1)**
31:3
**false (1)**
16:19
**far (2)**
14:25,25
**favor (2)**
10:23;14:22
**fear (1)**
31:1
**feel (1)**
16:2
**feeling (1)**
31:1
**fifteen (1)**
25:7
**fifty-page (1)**
18:25
**fight (1)**
18:18

**figure (1)**
23:20
**file (14)**
8:18;10:11;19:8,22;
24:25;25:4;26:19,20;
28:24,25;29:6;31:7,24;
32:3
**filed (14)**
7:18;9:12,12;17:20;
20:25;21:8,15;22:24;
23:10,11;25:1,12,12;
31:22
**filing (1)**
7:17
**filings (2)**
9:20;18:8
**fine (6)**
4:20;9:13;15:4;
17:10;23:8;31:13
**fire (2)**
18:15,15
**first (1)**
17:22
**fits (1)**
22:12
**focused (2)**
14:25;31:18
**follow (1)**
18:16
**following (1)**
13:13
**fool (1)**
26:12
**footing (1)**
27:9
**force (2)**
27:25,25
**forces (1)**
22:17
**forgive (1)**
11:5
**form (1)**
10:17
**formulate (1)**
22:11
**forty-seven (1)**
9:23
**forward (2)**
6:10;16:7
**found (1)**
9:22
**frame (1)**
32:17
**framed (1)**
15:19
**FRANCISCO (1)**
3:1
**frankly (2)**
29:20;30:24
**frustrated (2)**
10:12,13
**fully (2)**
18:23,23

**fund (1)**
27:12
**further (3)**
16:4;19:8;32:3
**future (1)**
8:14

**G**

**gain (1)**
18:14
**gamble (1)**
15:4
**Gantner (3)**
11:6;16:19;17:11
**gears (1)**
20:4
**general (2)**
6:12,25
**generation (1)**
22:25
**generator (3)**
12:24;21:10;23:15
**genes (1)**
20:18
**gentlemen (8)**
5:21;16:10;25:16,19;
27:1;29:5;30:17;31:1
**Gilliam (1)**
7:6
**given (2)**
6:5;8:18
**gives (1)**
21:14
**glass (1)**
29:3
**goes (1)**
24:4
**good (6)**
3:18,20;5:11;6:9;
25:9;27:10
**grand (1)**
21:10
**granted (1)**
31:25
**guess (6)**
4:20;13:21,22;19:7,
23;22:3
**guys (2)**
28:22;31:4

**H**

**half (1)**
29:4
**hand (7)**
3:8,14,21;4:3,10,21;
5:1
**handle (1)**
9:25
**happen (1)**
10:6
**happy (1)**

8:6
**harm (5)**
10:24;21:7,9,14,14
**harms (1)**
10:19
**hear (9)**
3:19;4:1,2,17,18,18;
5:6;9:8;30:12
**heard (3)**
4:12,15;14:1
**hearing (13)**
4:14;6:5,12;8:1,23;
9:1;10:3;16:6;17:22;
18:13;23:1;24:6;27:1
**heavy (1)**
24:21
**held (1)**
30:1
**helpful (1)**
27:14
**Here's (1)**
22:7
**himself (1)**
5:24
**hire (1)**
24:12
**hold (2)**
28:3;32:5
**home (2)**
12:3;24:12
**Honor (35)**
3:20;4:2,8,18;5:7;
6:1,9;7:2,25;8:16,20;
11:3,19;12:15,18;14:2,
16;16:17;18:4;19:13,
17;20:16,22;22:7;
24:10;26:21;27:22;
29:15,19;30:10,14;
31:13;32:18,21;33:1
**hope (1)**
7:10
**house (3)**
22:15,18;23:15
**hugs (1)**
32:10

**I**

**identified (1)**
31:18
**ignoring (1)**
18:22
**implications (1)**
13:1
**impossible (1)**
10:1
**including (2)**
6:20;7:5
**inconveniences (1)**
18:16
**incorporating (1)**
25:7
**incorrect (1)**

15:12
**incorrectly (1)**
6:14
**indeed (1)**
14:25
**indiscernible (2)**
11:14;18:3
**installed (1)**
12:24
**instructions (1)**
14:3
**insurance (1)**
24:14
**intellectual (1)**
29:14
**intend (1)**
3:15
**interest (1)**
28:20
**interested (2)**
29:5;30:19
**interference (13)**
13:15;15:2,8,11,15;
17:23;18:18;19:5;
25:13;26:8;29:10;
30:19;31:3
**interpretation (1)**
17:1
**into (10)**
8:8;13:23;15:11;
20:13,15;21:17;22:17;
23:5;26:12,17
**inverse (6)**
11:8;12:4,4;22:12,
13;24:13
**invite (1)**
25:17;26:3
**involve (1)**
20:12
**issue (9)**
10:15;12:2,19,22;
18:13;22:7;29:19;30:1;
31:19
**issues (7)**
7:2,3,9,11;8:2,3;9:5

**J**

**January (1)**
22:21
**job (2)**
23:21,22
**join (1)**
28:13
**Joining (1)**
3:9
**Judge (4)**
7:6;12:10;19:2;25:8
**July (1)**
30:11
**JUNE (4)**
3:1;27:1;30:11;31:5
**justify (1)**

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 38
of 42

27:24

# K

**keep (4)**
5:2;19:1,2,25
**kick (1)**
32:11
**kidding (3)**
23:21;25:4;26:18
**kisses (1)**
32:10
**Klein (49)**
3:10,12,13;4:12;5:5,
6,7,10,14,16;6:1,1,6,
13;7:14,25;8:12,16,20,
25;9:12,13;7,8,12,13;
14:14,19;15:7,20;16:4,
6;22:23;25:2,20,22;
26:1,6;27:9,20,22;
28:8;30:21;31:8,11,13;
32:2,12,22,25
**Klein's (4)**
15:20,24;24:25;
28:11
**known (1)**
9:21

# L

**lack (2)**
29:13,14
**Larry (1)**
5:24
**last (2)**
7:17;12:18
**late (1)**
9:19
**latest (3)**
19:3,4,4
**Law (3)**
5:24;17:8,10
**lawsuit (3)**
10:11;23:11;26:18
**lawyer (1)**
27:21
**lawyers (1)**
31:2
**lead (1)**
6:18
**least (5)**
12:14;13:24;15:18;
16:8;28:7
**leave (4)**
8:12;24:25;27:5;
31:24
**leaving (2)**
8:11;15:9
**left (1)**
26:6
**left-hand (1)**
5:13
**legal (8)**

6:20,20;7:2,3,9,11;
8:2,4
**less (1)**
18:15
**letter (1)**
30:16
**limited (1)**
32:3
**line (2)**
21:6;32:14
**lines (1)**
16:13
**linking (1)**
25:19
**listen (1)**
11:20
**litigate (1)**
10:11
**little (4)**
5:12,12;15:12;30:12
**local (1)**
8:22
**logo (1)**
5:13
**long (5)**
9:21,21;16:13;20:7;
21:5
**longer (1)**
30:12
**Look (6)**
15:15;18:25;19:16;
21:21;24:21;30:4
**looking (4)**
20:22,23;30:5,5
**loss (1)**
23:15
**lot (1)**
22:9
**love (1)**
12:15
**lower (2)**
5:1;13:8

# M

**making (3)**
12:3;17:9;18:11
**management (1)**
9:9
**manner (1)**
16:15
**Mark (2)**
3:12;6:1
**matter (5)**
3:4;8:14;9:14;10:17;
16:7
**matters (1)**
14:4
**may (4)**
6:25;12:11;14:24;
15:5
**maybe (6)**
9:4;10:12;12:20;

15:12;27:14;29:13
**mean (19)**
4:21;7:15;9:20,22;
10:1;13:16;16:5;17:25;
20:12;21:15;23:21,24;
30:2,11,15;31:14,21,
22,23
**means (2)**
14:9,11
**mediate (7)**
12:14;27:12;28:1,20,
22;31:15;32:4
**mediated (1)**
32:15
**mediation (17)**
13:17,19;15:14;27:3,
6,7,14,16;28:2,4;30:19,
20;31:2,6,25;32:2,5
**mediator (3)**
27:13,18;30:25
**mediators (2)**
27:10,11
**merits (1)**
15:13
**metaphor (3)**
8:10,10;11:5
**mic (2)**
3:18,22
**microphone (1)**
3:25
**might (3)**
26:18;27:5,15
**mind (1)**
10:22
**missing (1)**
22:20
**mitigation (3)**
12:4;22:12,17
**moment (2)**
8:11;24:9
**money (3)**
24:11,17;31:3
**month (1)**
10:2
**Moore (1)**
5:22
**more (13)**
9:25;10:7;11:23;
15:18,21;16:19;18:14;
25:4,9,18;26:17;28:10;
32:19
**morning (5)**
3:18,20;4:7;8:13;
26:7
**morning's (1)**
6:5
**morph (1)**
21:16
**most (1)**
7:4
**motion (6)**
17:9,21,21;24:25;
25:12;31:24

**motives (1)**
18:13
**move (1)**
13:18
**much (9)**
9:23,24;11:4;12:5;
15:18;26:9;28:11;
29:18;32:22
**myself (2)**
26:12;29:12

# N

**narrowly (1)**
31:19
**Nasab (38)**
3:7,19,20;4:12,14;
5:19,20,22,22;6:2,9;
12:18;13:5,10,16;14:2,
7,10,12,15;15:3,5;
25:17;26:25;28:1,5,17,
18;29:4,18,19;30:1,7,9,
13;31:6;32:7;33:1
**Nasab's (1)**
18:17
**necessarily (1)**
27:13
**need (9)**
7:17;15:20;18:21;
19:8;29:1,12,18;30:22,
22
**needing (1)**
20:19
**needs (1)**
25:3
**negative (2)**
31:5;32:2
**negligence (2)**
6:18;11:7
**negotiate (1)**
16:9
**never-ending (2)**
21:17;23:5
**new (2)**
18:11;26:19
**newspaper (2)**
18:10,10
**next (1)**
29:4
**night (1)**
13:23
**nine (1)**
16:13
**nobody (1)**
13:18
**nonexistent (1)**
24:6
**Northern (1)**
18:12
**noted (1)**
17:2
**notify (2)**
28:5,6

**nuisance (4)**
11:8;22:13,13;24:13
**number (3)**
6:16;24:15;31:23

# O

**object (2)**
9:1;11:12
**objected (2)**
7:25;21:9
**objecting (1)**
9:2
**objection (11)**
10:14,16;11:21;
16:11;17:22,23;18:20;
19:5;20:18;21:17;28:8
**objections (1)**
24:25
**objectively (1)**
31:3
**obviously (7)**
6:13,16,21;7:4,10;
14:2,23
**occurred (2)**
15:11;22:21
**off (3)**
5:9;12:13;28:22
**offer (2)**
16:25;17:5
**oil (1)**
13:22
**old (1)**
25:9
**Omid (1)**
5:22
**once (3)**
10:7;17:20;31:19
**one (14)**
6:6,19;8:1,25,25;
10:17;12:25;14:8;
19:20;25:18;27:13,21;
30:3,4
**ones (1)**
22:11
**ongoing (7)**
10:9,24;15:1;20:19;
21:7,13;23:5,24,24
**only (8)**
4:11;9:12;11:7;15:9,
9;16:17;19:20;29:19
**oOo- (1)**
3:2
**open (1)**
27:5
**opinion (1)**
6:3
**opportunity (6)**
8:18;16:14;25:2,3;
28:16;31:16
**opposition (2)**
16:12;25:12
**oral (11)**

Min-U-Script®

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

(4) keep - oral

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 39
of 42

8:14;9:13;17:6;
  18:24;20:1,2;25:25;
  26:6,10;28:16;29:11
**orange (2)**
  8:10;11:6
**oranges (1)**
  17:16
**order (2)**
  3:3;10:2
**originally (1)**
  8:21
**ostensible (1)**
  12:21
**out (5)**
  10:10;23:20;26:5;
  27:4;30:22
**over (4)**
  17:24;25:6,6,6
**overrule (5)**
  11:21;16:11;24:24
**overwhelmingly (1)**
  9:20
**owe (2)**
  23:14,15
**owes (2)**
  22:24;23:25
**own (7)**
  14:20;22:11,11,14;
  23:23;27:17,18

**P**

**page (2)**
  9:23;25:6
**pages (4)**
  25:4,5,9;32:3
**paid (2)**
  13:14;15:25
**papers (2)**
  9:12;20:2
**Parada (1)**
  3:23
**parent (1)**
  15:1
**part (1)**
  8:20
**parte (2)**
  16:18;31:23
**parties (5)**
  6:11,16,22,24;7:13
**past (2)**
  7:9,10
**path (1)**
  6:10
**pay (1)**
  30:25
**PC (1)**
  5:25
**pending (1)**
  17:21
**people (1)**
  22:23
**per (1)**

  31:25
**perhaps (3)**
  9:13;21:14;27:5
**period (1)**
  29:11
**person (2)**
  19:5,20
**personal (1)**
  31:1
**perspective (5)**
  7:4;12:22;13:1;14:7,
  16
**PG&E (19)**
  3:4,6;11:6;13:20;
  14:23;16:2;19:10;
  21:13;22:16,24;23:10,
  25;24:7;27:7,9,12,17;
  28:1;29:4
**PG&E's (8)**
  12:22,24;13:1;15:22;
  21:23;24:25;25:10,15
**pick (1)**
  27:17
**place (3)**
  13:19;27:7,16
**places (1)**
  17:2
**plead (1)**
  11:9
**pleading (1)**
  11:19
**pleadings (1)**
  23:4
**pled (2)**
  23:9,23
**Plus (1)**
  8:21
**point (20)**
  7:14,16;8:7;9:7,9,16;
  12:19;13:16;15:7,7;
  17:2;18:17,21;21:20,
  23;22:21;23:6,23,25;
  28:14
**policy (4)**
  12:22;13:1,17;18:18
**position (4)**
  6:21;7:20;14:1;
  30:18
**positions (1)**
  8:4
**post-petition (8)**
  10:7;15:1;18:1;
  20:14,15,23;21:2,7
**practiced (1)**
  21:5
**precious (1)**
  20:1
**preemption (1)**
  7:5
**preliminarily (1)**
  5:19
**prepare (3)**
  10:3;19:24;29:12

**prepared (5)**
  8:13;18:23;24:11;
  26:20;32:18
**pre-petition (5)**
  15:10;20:23;21:2,6,
  16
**present (1)**
  12:10
**presumably (1)**
  23:11
**presume (2)**
  7:18;27:20
**pre-trial (1)**
  24:6
**pretty (1)**
  6:17
**principle (3)**
  12:25;14:5,17
**prior (1)**
  4:14
**pro (1)**
  6:1
**probably (2)**
  27:24;28:6
**problem (4)**
  4:11;11:4,25;16:1
**procedurally (3)**
  11:1;25:21;26:11
**proceed (2)**
  7:24;28:10
**proceeding (9)**
  10:8;16,18;17:25;
  21:15,18;24:7;26:19,
  21
**proceedings (2)**
  20:11;33:3
**process (2)**
  19:11;32:6
**profit (1)**
  18:14
**program (5)**
  13:2,3,19;27:7,16
**prolific (1)**
  19:1;24:19
**prominent (1)**
  7:4
**proof (5)**
  15:9;16:25;17:5;
  21:12;22:24
**proper (1)**
  31:23
**proportional (1)**
  19:9
**proportionate (2)**
  16:13,15
**proposed (2)**
  9:3;19:10;31:21
**prosecute (1)**
  26:17
**prove (5)**
  6:22;22:3;23:6,8;
  24:8
**provide (1)**

  29:17
**PSPS (5)**
  13:2;14:3;18:16;
  19:18;21:9
**Public (2)**
  18:6,11
**PUC (1)**
  25:7
**purposes (1)**
  21:12
**pursue (1)**
  30:20
**push (1)**
  25:23
**put (7)**
  9:8;12:5;20:7;22:25;
  24:21;28:3;32:4
**putative (1)**
  9:4
**putting (1)**
  22:8
**puzzled (1)**
  10:13

**Q**

**quantify (3)**
  24:2,3,5
**quietly (1)**
  13:23
**quite (1)**
  9:17

**R**

**raise (2)**
  3:13;14:17
**raised (6)**
  3:8,22;4:4,11,21;
  19:10
**rather (1)**
  27:2
**read (4)**
  18:7,10,10;19:24
**realize (1)**
  22:8
**really (4)**
  5:10;8:11;9:3;19:14
**reason (1)**
  4:22
**reasonable (1)**
  20:10
**rebut (1)**
  16:18
**recommend (1)**
  6:7
**recruited (1)**
  31:2
**reference (2)**
  17:20;25:7
**reinvent (1)**
  19:8
**reject (1)**

  8:10
**related (1)**
  20:10
**relates (1)**
  22:14
**reorganized (1)**
  5:23
**repeat (2)**
  25:13;26:15
**repeated (1)**
  10:6
**repeatedly (2)**
  17:17;20:5
**repeats (2)**
  9:23,24
**repercussions (1)**
  32:9
**repetitive (1)**
  25:11
**replies (2)**
  9:19;25:13
**reply (19)**
  8:19;15:22;16:12,14,
  18;17:3,9;19:10;24:25;
  25:10,12,14,15;28:25,
  25;31:7,14,21,24
**replying (2)**
  31:16
**report (2)**
  27:3;28:2
**request (2)**
  7:21;9:18
**requested (1)**
  6:4
**requiring (1)**
  28:12
**resolution (1)**
  27:25
**resolve (3)**
  6:10;7:12;8:8
**respond (3)**
  16:2,3,14
**response (8)**
  7:15,21;16:14,18;
  19:9;29:7;32:1,2
**responsive (1)**
  29:21
**restart (1)**
  32:6
**retool (1)**
  32:17
**revisit (1)**
  16:9
**rewrite (1)**
  11:12
**rewriting (1)**
  11:11
**rhetorical (1)**
  13:13
**right (30)**
  3:17,19;4:3;5:17;
  9:10;11:9,10,10;12:5,
  22,24;14:4;15:3,5;

17:16;18:8,19;19:12;
21:3;22:18,19;23:1,7,
12;24:23;26:15,16;
29:2,25;33:2
**rights (1)**
10:25
**risk (1)**
13:21
**robust (2)**
13:19;28:16
**rolls (1)**
13:23
**room (1)**
5:5
**rule (5)**
10:23;14:22,23;
19:17;25:11
**ruled (1)**
23:25
**rules (1)**
8:22
**ruling (3)**
7:2;15:17,25
**rulings (1)**
16:1
**run (1)**
13:21
**running (1)**
31:7

## S

**safety (1)**
13:2
**same (4)**
3:19;13:8;25:5,21
**SAN (1)**
3:1
**saying (11)**
10:5;12:23;18:23;
19:7,25;22:17;23:6,22;
24:4;26:12;32:7
**schedule (1)**
26:6
**scheduling (4)**
9:9;26:10,10;32:12
**screen (1)**
4:13
**se (1)**
6:1
**second (2)**
30:4,4
**seeing (1)**
11:4
**seem (1)**
31:18
**seems (5)**
6:2;12:2;21:12,18;
25:23
**send (3)**
12:13;28:22;32:10
**sense (2)**
6:25;15:23

**sent (1)**
7:1
**separate (1)**
28:12
**serious (1)**
13:1
**session (1)**
6:8
**set (6)**
10:2;25:25;28:7;
29:10,23;31:8
**settle (13)**
11:25;13:14,20,22,
25;14:13,13;18:4;
21:22;25:18;26:4;
32:10,11
**settled (3)**
11:24;14:4;26:5
**settlement (1)**
15:14
**settles (1)**
26:5
**settling (1)**
29:5
**seven (1)**
25:7
**sever (1)**
10:10
**shoes (1)**
12:24
**side (3)**
16:4;27:17;30:25
**significant (4)**
6:18,20;7:12;12:25
**similar (1)**
9:16
**simple (1)**
30:18
**simply (4)**
8:4,8;13:25;19:4
**situation (1)**
11:6
**smart (1)**
27:23
**solutions (1)**
13:17
**somebody (2)**
12:23;13:14
**somehow (1)**
32:17
**sometime (1)**
19:22
**somewhat (1)**
29:20
**somewhere (1)**
10:11
**sorry (3)**
11:3;22:8;30:7
**sort (3)**
19:11;21:17;23:5
**sound (1)**
23:21
**sounds (1)**

8:12
**speak (1)**
8:8
**specially (1)**
28:7
**specific (2)**
15:7;16:6
**specifically (1)**
17:4
**spend (3)**
12:1;21:10;24:10
**spent (1)**
24:17
**squeaky (3)**
13:20,21;32:8
**staggering (1)**
27:24
**stand (1)**
7:20
**standard (1)**
10:16
**stands (1)**
19:16
**start (4)**
9:15;17:24;25:21;
28:24
**starting (2)**
9:16;28:21
**starts (1)**
31:6
**state (3)**
5:20;6:13;13:5
**stated (2)**
8:3;20:5
**statements (1)**
18:11
**status (2)**
7:17;9:11
**stay (2)**
5:8;27:4
**stick (1)**
8:9
**still (4)**
4:17;10:5;24:20,20
**stipulations (1)**
20:10
**stop (2)**
8:7;10:3
**stopped (1)**
23:1
**story (1)**
28:14
**strongly (1)**
16:2
**stuff (1)**
19:1
**subject (1)**
18:16
**submit (3)**
8:14;15:21;30:16
**submitted (2)**
9:14;31:20
**substance (1)**

7:7
**successful (1)**
32:5
**suffering (2)**
10:19,24
**suggest (1)**
27:5
**suing (1)**
15:1
**Superior (1)**
23:12
**supplemental (2)**
7:22,25
**Suppose (1)**
21:19
**supposed (2)**
10:21;18:19;23:20
**sure (5)**
4:23;9:3;29:24;
30:10;31:17
**surprised (2)**
9:18,19
**surreply (1)**
25:15
**suspect (1)**
9:11
**Swaine (1)**
5:22
**sweeping (1)**
6:17
**switch (1)**
20:4
**system (2)**
21:11;22:25

## T

**table (1)**
32:8
**tackling (1)**
7:12
**tail (1)**
12:8
**talk (4)**
20:4;22:18;24:12;
26:25
**talking (4)**
6:24;14:17;23:24;
30:2
**tariff (1)**
15:11
**teed (1)**
9:10
**telling (4)**
13:20;15:3;18:6,6
**ten (8)**
25:4,4,9;28:24;29:6;
32:1,3,3
**ten-day (2)**
28:25;31:6
**ten-page (3)**
25:14;28:25;29:7
**terms (2)**

6:15;9:16
**that'll (3)**
28:20,24;29:10
**theories (3)**
23:18;26:15;28:15
**theory (3)**
22:22;25:21;26:13
**thinking (1)**
17:24
**though (2)**
6:12;29:13
**thought (2)**
5:10;12:7
**thousand (4)**
11:22;12:20,21;
13:15
**three (2)**
5:17;29:9
**threshold (5)**
6:20;7:1,3,9,11
**tiger (1)**
12:8
**timing (1)**
32:11
**title (2)**
16:12;31:23
**today (7)**
4:15;8:5;10:23;
15:17;21:13;23:25;
32:20
**today's (2)**
4:14;6:11
**together (2)**
25:19,20
**told (1)**
17:23
**top (1)**
22:2
**track (1)**
5:2
**traditional (5)**
10:17;19:11;25:11;
26:17;28:10
**traditionally (1)**
32:19
**treated (1)**
8:22
**trial (7)**
20:5,6,7,8,12,19;23:1
**trouble (1)**
17:19
**true (2)**
19:22;24:19
**try (7)**
5:2;11:18;12:14;
16:9;21:19;28:21;
29:22
**trying (5)**
4:8;17:6;19:14,20;
22:9
**TUESDAY (1)**
3:1
**tune (1)**

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 41
of 42

25:24
**turn (3)**
    3:17;16:3;18:25
**turned (1)**
    23:5
**twenty-five (9)**
    11:22,24,25;12:20,
    21;21:10,23;24:3,5
**twice (1)**
    18:22
**two (8)**
    5:18,21;10:2;12:1;
    14:16;27:14;30:17;
    32:8
**type (1)**
    14:4

**U**

**unclear (1)**
    10:6
**unjust (1)**
    11:8
**unless (3)**
    3:14;4:11;27:11
**unmute (1)**
    3:24
**unmuted (1)**
    3:25
**unsuccessful (2)**
    32:6,16
**up (13)**
    9:10;12:1;15:24;
    17:6;19:1,2;22:3;
    24:22;25:17;26:13;
    28:1;30:1;32:12
**urge (1)**
    32:8
**use (2)**
    20:10;31:22
**Utilities (1)**
    18:7
**utility (1)**
    13:5

**V**

**vacation (3)**
    29:20,21;30:1
**value (6)**
    12:3;22:15,18;23:15;
    24:9,12
**various (1)**
    17:2
**versus (2)**
    11:5;24:7
**via (1)**
    5:24
**video (1)**
    5:13
**view (5)**
    7:14;9:9;15:8,10;
    17:8

**views (1)**
    13:2
**vindicated (2)**
    10:25,25
**virtual (1)**
    32:10

**W**

**wants (7)**
    5:2;14:20,23;16:4,9;
    25:2;32:13
**way (16)**
    6:6;7:23;13:3;15:19;
    16:16;19:11,24,25;
    20:25;21:19;23:23;
    24:11;26:17;27:18;
    28:11;32:7
**week (2)**
    29:4,23
**welcome (1)**
    28:13
**what's (2)**
    7:21;13:7
**wheel (4)**
    13:20,21,22;19:9
**wheels (1)**
    32:9
**Whereupon (1)**
    33:3
**whole (1)**
    17:6
**who's (1)**
    18:11
**wide-ranging (1)**
    7:13
**willing (4)**
    15:4;27:3,12;30:3
**win (3)**
    15:13;17:8;21:20
**winner (2)**
    14:22;22:1
**winning (1)**
    22:2
**wins (1)**
    21:20
**wish (1)**
    15:6
**without (4)**
    21:23;24:4;25:10;
    26:16
**witnesses (1)**
    20:11
**wondering (1)**
    10:10
**word (1)**
    10:13
**words (3)**
    10:12,22;25:11
**work (4)**
    12:6;30:10,21,22
**working (2)**
    4:9;12:9

**worth (1)**
    13:24
**wrestle (1)**
    11:5
**write (1)**
    24:19
**wrong (5)**
    9:10;10:13;15:3;
    17:1;20:19

**Y**

**years (1)**
    12:1

**1**

**1071 (1)**
    31:23
**15 (1)**
    3:1

**2**

**2019 (1)**
    22:22
**2021 (1)**
    3:1
**25,000 (3)**
    21:21;22:2,24
**25,000-dollar (1)**
    26:13
**25th (1)**
    29:22
**29th (1)**
    22:22

**3**

**30b6 (1)**
    20:11
**30th (4)**
    8:7;27:1;30:11;31:5

**7**

**7,000 (1)**
    13:8

**8**

**80,000 (1)**
    22:23

**9**

**9 (1)**
    25:6

Case: 19-30088    Doc# 10786    Filed: 06/16/21    Entered: 06/16/21 13:43:11    Page 42
of 42