WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF EDWARD J. RADETICH, JR. IN SUPPORT OF REORGANIZED DEBTORS' SEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (NO BASIS FOR CLAIM – FAILURE TO PROVIDE ANY TRADING INFORMATION)**<br><br>**Response Deadline:**<br>**July 14, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: July 28, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Edward J. Radetich, Jr., pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Kroll Settlement Administration LLC ("**KSA**"), an affiliate of Prime Clerk LLC ("**Prime Clerk**"). KSA's main office is located in Philadelphia, Pennsylvania.

2. I am providing this Declaration in support of the *Reorganized Debtors' Seventh Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith in the chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**," as applicable).

3. I have extensive experience and expertise in all aspects of claims administration, including direct notice, paper and electronic publication, nominee outreach, website design, claimant communication, claims intake and processing, distribution of payments, and tax reporting. Notably, I personally oversaw the very first securities class action, the Atlantic Department Stores class action lawsuit in 1975. Since then, our team has administered more than 3,000 matters involving securities fraud, antitrust, consumer, employment and labor, and government enforcement actions. Our team has handled all aspects of claims administration in many noteworthy securities class action settlements in recent years, including *In re Bank of America Corporation Securities Litigation*, No. 11-CV-00733-WHP (S.D.N.Y); *In re Longwei Petroleum Investment Holding Limited Securities Litigation*, No. 13 Civ. 214 (RMB) (S.D.N.Y); and *In re The Bank of New York Mellon ADR FX Litigation*, No. 1:16-cv-00212 (S.D.N.Y). A detailed description of my experience and qualifications is attached as **Exhibit A**.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other employees working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel and the Reorganized Debtors' various advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Declaration on behalf of the Reorganized Debtors.

**Identification of Claims Subject to the Omnibus Objection**

5.  KSA has been asked by the Reorganized Debtors and their counsel to assist with reviewing and analyzing the claims based on the purchase or acquisition of PG&E securities filed in the Chapter 11 Cases and identifying claims to be included in the Omnibus Objection. In furtherance thereof, our team has reviewed and established a database for these claims. The database contains information extracted from proofs of claim asserting such claims, including, where such details were included by the claimant, the trade-level data that forms the basis of the claim. Our database also tracks instances in which there has been no trade-level data submitted with a proof of claim and whether trading information is subsequently provided by a claimant.

6.  Based on our review of the proofs of claim filed in these Chapter 11 cases, we have identified certain claims submitted on proof of claim forms (the "**Rescission and Damage Proof of Claim Forms**") wherein the party asserting the claim (the "**Claimant**") did not provide any trading data whatsoever in respect of their asserted claims and for which no trading information has been subsequently provided as of the date of this declaration. These identified Claims and Claimants are set forth on **Exhibit 1** to the Omnibus Objection, which was prepared by our team under my general supervision, and I am familiar with its contents and the process under which it was prepared.

7.  The Claims were submitted on the Rescission and Damage Proof of Claim Forms that specifically required the Claimant to provide the relevant trade-level data, including the specific security traded, the dates of acquisition and/or sale (where applicable), the amount and cost of the securities, as well as the claimant's securities holdings at the beginning and end of the period from April 29, 2015 to November 15, 2018.

8.  None of the Claims identified on **Exhibit 1** contained any of the requested trading information in the Rescission and Damage Proof of Claim Form, nor was such information subsequently provided by the Claimants in response to requests by the Reorganized Debtors.

9.  In accordance with the Securities Claims Information Procedures, on March 12, 2021, my team mailed a request for trading information (the "**Trading Information Request Form**") and a copy of the Securities Claims Information Procedures (collectively, the "**Claim Information**

**Materials**") to the Claimants at every mailing address listed on their respective proofs of claim. *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.A. Each Trading Information Request Form requested that the Claimants provide all trading information initially requested by the Rescission and Damage Proof of Claim Form. Specifically, the Trading Information Request Form stated:

> *Trading Information*
>
> The additional information that you must provide about your trading in PG&E securities is set forth below:
>
> > **No Transactions Claimed:** Your Subordinated Securities Claim did not provide the trading information necessary to support your proof of claim.

10. Each Trading Information Request Form also contained a statement that: "**THE TRADING INFORMATION REQUESTED IS REQUIRED TO BE PROVIDED ACCORDING TO THE BANKRUPTCY COURT'S JANUARY 25, 2021 ORDER, AND THE PROVISION OF THIS TRADING INFORMATION IS A NECESSARY STEP IN RECEIVING AN OFFER FROM PG&E TO SETTLE YOUR CLAIM**."

11. The Trading Information Request Form also specified a return date, which pursuant to the Securities Claims Information Procedures, was forty-five (45) days from the mailing of the Trading Information Request Form (the "**Information Deadline**"). The Claim Information Materials further cautioned: "Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s) on the basis that the information provided is insufficient to establish the Debtors' liability or some other basis." *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D.

12. KSA established an online portal (the "**Porta**l") where Claimants could submit the information sought in the Trading Information Request Form. Details on how to access the Portal were included on the Trading Information Request Forms. KSA also provided paper copies of the Trading Information Request Forms to be completed and returned by anyone for whom electronic submission was impractical or impossible. The Trading Information Request Form also provided both an email address and a toll-free telephone number where claimants with questions could reach KSA for assistance.

13. None of the Claimants listed on **Exhibit 1** returned any of the information sought in the Claim Information Materials, whether by submission on the Portal or otherwise.

14. On May 12, 2021, in accordance with the Securities Claims Information Procedures, my team transmitted an information reminder (the "**Reminder**") to each Claimant. *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D. The Reminders were sent by e-mail and regular, first-class mail to every e-mail and mailing address listed on the proofs of claim. The Information Reminder provided each Claimant an additional fourteen (14) days from the Information Deadline to return the Trading Information Request Form (the "**Reminder Deadline**").

15. The Reminder cautioned: "**if you do not provide the requested information, your Subordinated Securities Claim may be subject to a formal objection seeking disallowance of your proof of claim in the Bankruptcy Court.**" The Reminder also contained both an email address and a toll-free telephone number where claimants with questions could reach KSA for assistance.

16. None of the Claimants returned any of the information requested by the Reorganized Debtors, whether by submission on the Portal or otherwise.

17. To date, KSA has not received any trading data from the Claimants. Without this information, KSA cannot determine whether the Claimants ever owned PG&E securities, the dates on which the Claimants may have acquired and/or disposed of those securities, or the value and amount of their securities holdings.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed June 16, 2021 in New Jersey.

/s/ Edward J. Radetich, Jr.
Edward J. Radetich, Jr.
Managing Director