KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DECLARATION OF MATTHEW G. DUDLEY IN SUPPORT OF THE REORGANIZED DEBTORS' EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (HINKLEY NO LIABILITY CLAIMS)** <br><br> **Response Deadline:** <br> **July 14, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: July 28, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Telephonic Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

I, Matthew G. Dudley, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Senior Counsel, Environmental, at Pacific Gas and Electric Company (the "**Utility**," and, with PG&E Corporation as debtors and reorganized debtors, the "**Debtors,**" or, as reorganized pursuant to the Plan, "**PG&E**" or the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**")). I submit this Declaration in support of the *Reorganized Debtors' Eighty-Eighth Omnibus Objection to Claims (Hinkley No Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I oversee substantive environmental legal matters for PG&E. This includes matters related to licensing and permitting, compliance, environmental remediation, and litigation. I am generally familiar with all matters relating to the actions taken by and against the Utility relating to the Hinkley Allegations. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other Utility personnel working under and alongside me on this matter, my discussions with PG&E's professionals and various other advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as the "Hinkley No Liability Claims." **Exhibit 1** was prepared by the AlixPartners, LLP team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the Hinkley No Liability Claims.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

1	        4.        The holders of the Hinkley No Liability Claims allege, under 42 U.S.C. § 1983, injuries stemming from alleged exposure to elevated levels of toxic chemicals in Hinkley, California (the "**Hinkley Allegations**"). Prior to the Petition Date, the United States District Court of the Central District of California dismissed these claims. The Claimants then secured relief from the automatic stay to finish briefing their appeals to the United States Court of Appeals for the Ninth Circuit.[2] The Ninth Circuit thereafter dismissed all of the appeals. The deadlines for *en banc* review of the claims in the Ninth Circuit, and for any petitions for *certiorari* in the United States Supreme Court, have all passed.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 15th day of June, 2021.

                                      */s/ Matthew G. Dudley*
                                      Matthew G. Dudley

---

[2] Three holders of Hinkley No Liability Claims passed away before the Petition Date (the "**Deceased Claimants**"). Although Proofs of Claim were filed by their apparent successors or representatives, no party sought to substitute into the underlying litigation as a successor or representative of the Deceased Claimants, nor did any party seek or obtain relief from the automatic stay to have the claims of the Deceased Claimants addressed by the Ninth Circuit.