1  KELLER BENVENUTTI KIM LLP
   Tobias S. Keller (#151445)
2  (tkeller@kbkllp.com)
   Peter J. Benvenutti (#60566)
3  (pbenvenutti@kbkllp.com)
   Jane Kim (#298192)
4  (jkim@kbkllp.com)
   650 California Street, Suite 1900
5  San Francisco, CA 94108
   Tel: 415 496 6723
6  Fax: 650 636 9251

7  *Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' NINETIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**July 14, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  July 28, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Ninetieth Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed and expunged, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

5. The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as "No Liability Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

6. Exhibit 1 also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as:

    a. "No Liability Subcontractor Claims," which all relate to Proofs of Claim asserted against the Debtors for amounts incurred by subcontractors indirectly retained by the Debtors. After reviewing their books and records and the information submitted with the Proofs of Claim, the Reorganized Debtors have determined that each of the No Liability Subcontractor Claims is attributable to the relevant general contractor on each project. The Reorganized Debtors determined this either from the face of the Proof of Claim listing the general contractor or by follow-up correspondence with the Claimant. In all cases, the Reorganized Debtors took the additional step of confirming that if the general

contractor had filed a Claim, it had already been satisfied, such that any payment on account of the No Liability Subcontractor Claims would be duplicative. The Reorganized Debtors thus do not have any direct liability for the No Liability Subcontractor Claims.

      b.      "<u>Protective Claims</u>." These are proofs of claim that assert protective, unliquidated claims potentially owing post-petition. The Reorganized Debtors have reviewed their books and records and have determined that they have no known liability as of the Petition Date with respect to the Protective Claims. Approval of the relief requested herein will not prejudice the holders of any of the Protective Claims because (a) the Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed and (b) the Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-petition failure of the Reorganized Debtors to perform or honor their obligations relating to such claims.

      c.      "<u>Rule 20A Claims</u>." These Claims are based on certain credits earned by cities or counties within the Debtors' service area as part of a program under the California Public Utilities Commission for placing overhead electric facilities underground. These credits accumulate annually and are calculated by the Debtors based on, among other things, the amount of the city or county's electric lines as a percentage of the lines within the Debtors' overall service area. Once a city or county has accumulated enough credits, it may then seek to draw from these credits to fund an undergrounding project that is shown to be in the public interest. Pursuant to the first-day order allowing the Debtors to continue their customer programs, the Debtors have maintained the Rule 20A program throughout the Chapter 11 Cases. However, these Rule 20A credits are not deposits or prepayments, and the Debtors have no liability to the Rule 20A Claimants for these credits. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged. For the avoidance of doubt, with respect to all of the Rule 20A Claims, the Reorganized Debtors will continue to honor the Claimants' participation in the Rule 20A program in the ordinary course as if the Chapter 11 Cases had not been commenced.[2]

---

[2] Claim nos. 79374, 79483, and 87909 also request amounts for franchise fees, for which the Reorganized Debtors have satisfied all pre-petition amounts and continue to pay as due in the ordinary course pursuant to the first-day order authorizing the payment of pre-petition taxes [Docket No. 698]. Accordingly, the Reorganized Debtors are not liable for any amounts asserted in the Rule 20A Claims.

d. "<u>Settlement No Liability</u>," referring to a Claim where the Debtors entered into a settlement agreement (the "**Settlement Agreement**") with the Claimant prior to the Petition Date that provides for installment payments to the Claimant. All installment payments due prior to the Petition Date were paid prior to the Chapter 11 Cases, and the Debtors continued make payments as they came due under the Settlement Agreement during the Chapter 11 Cases. Accordingly, the Reorganized Debtors do not have any liability with respect to this Claim, beyond making the future installment payments as provided in the Settlement Agreement. For the avoidance of doubt, the Reorganized Debtors will continue to make such payments pursuant to the Settlement Agreement in the ordinary course as if the Chapter 11 Cases had not been commenced.

As set forth in the letter attached to the Omnibus Objection as **Exhibit 2**, which is being sent to the holder of the Settlement No Liability Proof of Claim along with the individualized notice of this Objection, the Reorganized Debtors view the relief requested herein as purely administrative in nature and the expungement of the Settlement No Liability Proof of Claim from the Bankruptcy Court claims register does not affect the holder's underlying rights pursuant to the Settlement Agreement.

e. "<u>Miscellaneous No Liability Claims.</u>" These are Proofs of Claim where the Reorganized Debtors, after conducting a thorough review of the Proof of Claim, concluded that there is no basis for liability. The Reorganized Debtors' review of each Proof of Claim consisted of (i) a review of the Debtors' books and records, and (ii) a review of information submitted by the Claimant in connection with the respective Proof of Claim. In each instance, the Reorganized Debtors determined that the claim was not valid, and the review discovered no basis for the claim. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged.

7. Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and other professionals, each of the No Liability Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors do not have any liability.

/ / /

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this seventeenth day of June, 2021.

*/s/ Robb McWilliams*
Robb McWilliams