| | |
|---|---|
| 1 | KELLER BENVENUTTI KIM LLP |
| | Tobias S. Keller (#151445) |
| 2 | (tkeller@kbkllp.com) |
| | Peter J. Benvenutti (#60566) |
| 3 | (pbenvenutti@kbkllp.com) |
| | Jane Kim (#298192) |
| 4 | (jkim@kbkllp.com) |
| | 650 California Street, Suite 1900 |
| 5 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 6 | Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY ENERGY RATE CLAIMS)** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Response Deadline:**<br>**July 14, 2021, 4:00 p.m. (PT)** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Hearing Information If Timely Response Made:**<br>Date: July 28, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors,**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Ninety-First Omnibus Objections to Claims (Customer No Liability Energy Rate Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2.  In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3.  The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of Proofs of Claim filed by Customers that seek recovery for energy billing rates charged (*e.g.*, the Customers allege increases in their energy bills or that they were overcharged or overpaid for energy provided by PG&E). The Omnibus Objection is directed to those Proofs of Claim, which are identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objections as "Customer No Liability Energy Rate Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

5. The Reorganized Debtors' personnel conducted a rigorous review of their records to confirm that the holders of the Customer No Liability Energy Rate Claims did not hold any valid non-ordinary course prepetition Claims.[2] First, the Reorganized Debtors and their advisors either established that all Claimants were current or former Customers of the Utility or that the Claims sought amounts solely related to recovery of energy rates charged. Second, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked these Claims against records maintained with respect to non-energy billing issues and confirmed that they did

---

[2] As set forth in the *Reorganized Debtors' Sixty-Fifth Omnibus Objection to Claims (Customer No Liability / Passthrough Claims)* [Docket No. 10296], Customer claims arising from ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items are resolved in the ordinary course.

not correspond to known prepetition claims relating to these Customers. Third, the Reorganized Debtors' Customer Relations Department cross-checked the Claims against complaints made to the California Public Utilities Commission and excluded any claims where a formal complaint remained unresolved. Finally, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims. Any matches have been excluded and are not the subject of this Objection.

6. If not expunged, the Customer No Liability Energy Rate Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this seventeenth day of June, 2021.

*/s/ Robb McWilliams*
Robb McWilliams