KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>        - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**July 14, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:   July 28, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>           United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Ninety-Third Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the columns headed "Claims To Be Disallowed and Expunged" and "Claim To Be Reduced" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.    RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging or reducing Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Legal Liability Claims**"). **Exhibit 1**, which identifies the

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

No Legal Liability Claims, is comprised of the following:

- **Exhibit 1A** (which are Proofs of Claim to be disallowed and expunged filed by parties who are <u>not</u> current or former employees of the Debtors)
- **Exhibit 1B** (which are Proofs of Claim to be disallowed and expunged filed by parties who <u>are</u> current or former employees of the Debtors)[2]
- **Exhibit 1C** (which is the Proof of Claim to be reduced).

The No Legal Liability Claims are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1A** and **Exhibit 1B**, and "Claim to Be Reduced" in **Exhibit 1C**. **Exhibit 1** also specifically identifies in the "Basis for Objection" (including multiple bases, where applicable) that the No Legal Liability Claims are classified as any one or more of the following, as discussed further below:

1. Barred By Statute of Limitations
2. Barred By Court Order
3. Barred By Previous Settlement Agreement
4. Payroll Withholding Claims
5. Preempted By National Labor Relations Act ("**NLRA**")
6. No Liability Based on Investigation

## IV.     ARGUMENT

### A.     The No Legal Liability Claims Should be Disallowed and Expunged or Reduced

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants

---

[2] Concurrently with the filing of this Objection, the Reorganized Debtors will be seeking to redact the personally identifiable information of current and former employees. Accordingly, in the exhibits to this Objection, the Reorganized Debtors have segregated the Proofs of Claim filed by parties who are current or former employees of the Debtors from those filed by parties who are not current or former employees.

alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the No Legal Liability Claims identified on **Exhibit 1** and have determined, on one or more of the bases below, that each represents a Proof of Claim for which the Reorganized Debtors are not liable.

(1) "Barred By Statute of Limitations." These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations. Attached hereto as **Exhibit 2**, which is comprised of **Exhibit 2A** (which are Proofs of Claim filed by parties who are not current or former employees of the Debtors) and **Exhibit 2B** (which are Proofs of Claim filed by parties who are current or former employees of the Debtors), is a list of all Barred By Statute of Limitations Claims, together with a citation to the applicable California or federal statute, the applicable limitations period, and the date of incident for each claim (as determined from the Proof of Claim and/or through investigation by the Reorganized Debtors and their professionals). The claimants seek recovery from the Debtors based on allegations that include (i) personal injury, (ii) property damage, (iii) breach of contract, (iv) statutory liability, including penalties or forfeitures, (v) employment discrimination, and (vi) other miscellaneous causes of action. All of the Barred By Statute of Limitations Claims are governed by California or federal law. Under the applicable California or federal statute of limitations periods identified below, the claimants' right to bring such claims against the debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims should be reduced[3] or disallowed and expunged.

  a. Personal Injury – 2 years. Cal. Civ. Proc. Code § 335.1.
  b. Damage to Real or Personal Property – 3 years. Cal. Civ. Proc. Code § 338(b) or (c).
  c. Breach of Written Contract – 4 years. Cal. Civ. Proc. Code § 337.
  d. Statutory Liability – 3 years. Cal. Civ. Proc. Code § 338(a).
  e. Statutory Penalty or Forfeiture – 1 year. Cal. Civ. Proc. Code § 340(b).

---

[3] Claim No. 56868, identified on **Exhibit 1C** and **Exhibit 2A**, is the only No Legal Liability Claim that the Reorganized Debtors are seeking to reduce through this Objection, as a portion of the claim based on statutory liability is not barred by the applicable statute of limitations. All other No Legal Liability Claims are to be disallowed and expunged in their entirety.

    f. Employment Discrimination (California) – 1 year. Cal. Gov't Code § 12960 *et seq.*[4]

    g. Employment Discrimination (Federal) – 300 days. 42 U.S.C. § 2000e-5.

    h. "Catch-All" Statute – 4 years. Cal. Civ. Proc. Code § 343.

  (2) "<u>Barred by Court Order.</u>" These Proofs of Claim were also asserted by the Claimants and relate to prepetition litigation against the Debtors. The Reorganized Debtors are not liable for these claims because they were previously disposed of pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court. Therefore, the Barred By Court Order Claims should be disallowed and expunged.

  (3) "<u>Barred by Previous Settlement Agreement.</u>" These Proofs of Claim are each subject to a valid and enforceable settlement agreement with or on behalf of the claimant that has been satisfied in full by the Debtors, either in the ordinary course of business or pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court. Therefore, because the Reorganized Debtors have satisfied the underlying liability for these Claims pursuant to those settlement agreements, the Barred By Previous Settlement Agreement Claims should be disallowed and expunged.

  (4) "<u>Payroll Withholding Claims.</u>" These are Proofs of Claim for which the claimants – who were current or former employees of the Debtors – dispute the Debtors' legal authority to withhold payroll taxes, and therefore oppose the Debtors' compliance with the applicable federal and state laws regarding such withholding. The Debtors are unaware of any legal basis on which such a claim can be asserted. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged.[5]

  (5) "<u>Preempted by NLRA.</u>" Each of these employment-related claims is duplicative of a

---

[4] Cal. Gov't Code § 12960 was amended after the Petition Date, in October 2019, by Assembly Bill 9, which extended the period to file employment discrimination claims with the Department of Fair Employment and Housing from one year to three years. The amendment does not revive lapsed claims. All employment discrimination claims that are the subject of this Objection were time-barred under the 1-year statute as of the Petition Date.

[5] The Reorganized Debtors are aware of the previous filings by the Payroll Withholding Claimants in these Chapter 11 Cases. *See, e.g.*, Dkt. Nos. 10752, 10753, and 10754. The process for claims administration in these Chapter 11 Cases is controlled by the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and the Orders of this Court. The question of disallowance of the Payroll Withholding Claims is now before the Court, and the Payroll Withholding Claimants will have the opportunity to defend their Claims by responding to this Objection.

grievance filed pursuant to a collective bargaining agreement, or is a claim that is required to be filed as a grievance pursuant to a collective bargaining agreement, and, accordingly, these Proofs of Claim are preempted by the National Labor Relations Act, pursuant to which such grievance proceedings are the sole means through which the claimants may seek redress for their claims. Labor grievance proceedings arising under collective bargaining agreements were not subject to the automatic stay of 11 U.S.C. § 362(a) during these Chapter 11 Cases. *See Shugrue v. Airline Pilots Association, (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 990 (2d. Cir. 1990) ("Congress intended that the collective bargaining agreement remain in effect and that the collective bargaining process continue after the filing of a bankruptcy petition unless and until the debtor complies with the provisions of § 1113."). Pursuant to Section 8.6 of the Plan, the Debtors assumed the Collective Bargaining Agreements (as such term is defined in the Plan), and, as such, any right the claimants may have to pursue their grievances are not impacted by the Plan. Accordingly, the Reorganized Debtors have determined that the corresponding Proofs of Claim should be disallowed and expunged.

(6)     "No Liability Based on Investigation." These are Proofs of Claim where the Reorganized Debtors, after conducting a thorough review of the Proof of Claim, concluded that there is no basis for liability. The Reorganized Debtors' review of each Proof of Claim consisted of (i) a review of information submitted by the Claimant in connection with the respective Proof of Claim, and (ii) an investigation by PG&E of the facts alleged by the Claimant. In each instance, the Reorganized Debtors determined that the claim was not valid and the investigation discovered no basis for the claim. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the No Legal Liability Claims.

B.     **The Claimants Bear the Burden of Proof**

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[6] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the No Legal Liability Claims assert amounts for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety or reduced. If any Claimant believes that a No Legal Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein,

---

[6] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States has been further extended by stipulation and order [Docket Nos. 10459, 10463].

or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Legal Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Legal Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 17, 2021

**KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*