KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF A. ANNA CAPELLE IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)** |
| Debtors. | **Response Deadline:** July 14, 2021, 4:00 p.m. (PT) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*  All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Hearing Information If Timely Response Made:**<br>Date: July 28, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, A. Anna Capelle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed in this role since May 1, 2020, and prior to such date I was employed as Interim Managing Counsel, Strategy and Policy. I have been employed as an attorney for PG&E since October 2006. In my current role, I am responsible for supervising seven litigation attorneys, and advising leaders on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith, with respect to the claims listed on Exhibits 1A, 1C, and 2A to the Omnibus Objection.[2]

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection, which is comprised of the following:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

[2] I understand that the Proofs of Claim set forth on Exhibits 1B and 2B to the Omnibus Objection are supported by the Declaration of Stacy Campos that is being submitted concurrently with this Declaration, and they are not the subject of this Declaration.

a. **Exhibit 1A** (which are Proofs of Claim to be disallowed and expunged filed by parties who are <u>not</u> current or former employees of the Debtors)

b. **Exhibit 1B** (which are Proofs of Claim to be disallowed and expunged filed by parties who <u>are</u> current or former employees of the Debtors)

c. **Exhibit 1C** (which is the Proof of Claim to be reduced)

4. The No Legal Liability Claims that are the subject of this Declaration are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1A**, and "Claim to Be Reduced" in **Exhibit 1C**.

5. **Exhibit 1A**, **Exhibit 1C**, and **Exhibit 2A** were prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed them to confirm their accuracy. I am familiar with them, their contents, and the process under which they were prepared. To the best of my knowledge, information and belief, **Exhibit 1A** and **Exhibit 1C** accurately identify the No Legal Liability Claims, and **Exhibit 2A** accurately identifies the Barred By Statute of Limitations Claims described in Paragraph 6(a) below.

6. **Exhibit 1A** and **Exhibit 1C** specifically identify in the "Basis for Objection" (including multiple bases, where applicable) that the No Legal Liability Claims are classified as any one or more of the following:

a. "<u>Barred By Statute of Limitations</u>." These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations. Attached as **Exhibit 2A** to the Omnibus Objection, which is comprised of Proofs of Claim filed by parties who are not current or former employees of the Debtors, is a list of Barred By Statute of Limitations Claims, together with a citation to the applicable section of the California Code of Civil Procedure, the applicable limitations period, and the date of incident for each claim (as determined from the Proof of Claim and/or through investigation by the Reorganized Debtors and their professionals). The claimants seek recovery from the Debtors based on allegations that include (i) personal injury, (ii) property damage, (iii) breach of contract, and (iv) statutory liability, including penalties or forfeitures. All of the Barred By Statute of Limitations Claims included in **Exhibit 2A** are

governed by California law.  Under the applicable California statute of limitations periods identified below, the claimants' right to bring such claims against the Debtors expired prior to the Petition Date.  Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims identified on **Exhibits 1A**, **1C**, and **2A** should be disallowed and expunged or reduced.[3]

      (1)    Personal Injury – 2 years.  Cal. Civ. Proc. Code § 335.1.

      (2)    Damage to Real or Personal Property – 3 years.  Cal. Civ. Proc. Code § 338(b) or (c).

      (3)    Breach of Written Contract – 4 years.  Cal. Civ. Proc. Code § 337.

      (4)    Statutory Liability – 3 years.  Cal. Civ. Proc. Code § 338(a).

      (5)    Statutory Penalty or Forfeiture – 1 year.  Cal. Civ. Proc. Code § 340(b).

      b.    "<u>Barred by Court Order.</u>"  These Proofs of Claim were also asserted by the Claimants and relate to prepetition litigation against the Debtors.  The Reorganized Debtors are not liable for these claims because they were previously disposed of pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court.  Therefore, the Barred By Court Order Claims identified on **Exhibit 1A** should be disallowed and expunged.

      c.    "<u>Barred by Previous Settlement Agreement.</u>"  These Proofs of Claim are each subject to a valid and enforceable settlement agreement with or on behalf of the claimant that has been satisfied in full by the Debtors, either in the ordinary course of business or pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court.  Therefore, because the Reorganized Debtors have satisfied the underlying liability for these Claims pursuant to those settlement agreements, the Barred By Previous Settlement Agreement Claims identified on **Exhibit 1A** should be disallowed and expunged.

      d.    "<u>No Liability Based on Investigation.</u>"  These are Proofs of Claim where the Reorganized Debtors, after conducting a thorough review of the Proof of Claim, concluded that there is no basis for liability.  The Reorganized Debtors' review of each Proof of Claim consisted of (i) a review

---

[3] Claim No. 56868, identified on **Exhibit 1C** and **Exhibit 2A**, is the only No Legal Liability Claim that the Reorganized Debtors are seeking to reduce through the Omnibus Objection, as a portion of the claim based on statutory liability is not barred by the applicable statute of limitations.  All other No Legal Liability Claims are to be disallowed and expunged in their entirety.

of information submitted by the Claimant in connection with the respective Proof of Claim, and (ii) an investigation by PG&E of the facts alleged by the Claimant. In each instance, the Reorganized Debtors determined that the claim was not valid and the investigation discovered no basis for the claim. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding No Liability Based on Investigation Claims identified on **Exhibit 1A** should be disallowed and expunged.

7. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, each of the No Legal Liability Claims identified on **Exhibit 1A** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

8. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, the No Legal Liability Claim identified on **Exhibit 1C** represents a Proof of Claim for which the Reorganized Debtors are partially not liable because the applicable statute of limitations bars part of the claim, and, therefore, that Proof of Claim should be reduced as set forth on **Exhibit 1C**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this fifteenth day of June, 2021.

                                                                */s/ A. Anna Capelle*
                                                                A. Anna Capelle