KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DECLARATION OF STACY CAMPOS IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)** <br><br> **Response Deadline:** <br> **July 14, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: July 28, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Telephonic Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

I, Stacy Campos, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Employment, Labor and Workers' Compensation, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). In my current role, I am responsible for supervising three employment and labor attorneys, and advising leaders on human resource and labor issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith, with respect to the claims listed on Exhibits 1B and 2B to the Omnibus Objection.[2]

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection, which is comprised of the following:

   a. **Exhibit 1A** (which are Proofs of Claim to be disallowed and expunged filed by parties who are not current or former employees of the Debtors)

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

[2] I understand that the Proofs of Claim set forth on Exhibits 1A, 1C, and 2A to the Omnibus Objection are supported by the Declaration of A. Anna Capelle that is being submitted concurrently with this Declaration, and they are not the subject of this Declaration.

b. **Exhibit 1B** (which are Proofs of Claim to be disallowed and expunged filed by parties who <u>are</u> current or former employees of the Debtors)

c. **Exhibit 1C** (which is the Proof of Claim to be reduced)

4. The No Legal Liability Claims that are the subject of this Declaration are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1B**.

5. **Exhibit 1B** and **Exhibit 2B** were prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed them to confirm their accuracy. I am familiar with them, their contents, and the process under which they were prepared. To the best of my knowledge, information and belief, **Exhibit 1B** accurately identifies the No Legal Liability Claims, and **Exhibit 2B** accurately identifies the Barred By Statute of Limitations Claims described in Paragraph 6(a) below.

6. **Exhibit 1B** specifically identifies in the "Basis for Objection" (including multiple bases, where applicable) that the No Legal Liability Claims are classified as any one or more of the following:

a. "<u>Barred By Statute of Limitations.</u>" These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations. Attached as **Exhibit 2B** to the Omnibus Objection, which is comprised of Proofs of Claim filed by parties who are current or former employees of the Debtors, is a list of Barred By Statute of Limitations Claims, together with a citation to the applicable California or federal statute, the applicable limitations period, and the date of incident for each claim (as determined from the Proof of Claim and/or through investigation by the Reorganized Debtors and their professionals). The claimants seek recovery from the Debtors based on allegations that include (i) personal injury, (ii) breach of contract, (iii) employment discrimination, and (iv) other miscellaneous causes of action. All of the Barred By Statute of Limitations Claims are governed by California or federal law. Under the applicable California or federal statute of limitations periods identified below, the claimants' right to bring such claims against the Debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims identified on **Exhibits 1B** and **2B** should be disallowed and expunged.

     (1) Personal Injury – 2 years.  Cal. Civ. Proc. Code § 335.1.

     (2) Breach of Written Contract – 4 years.  Cal. Civ. Proc. Code § 337.

     (3) Employment Discrimination (California) – 1 year.  Cal. Gov't Code § 12960 *et seq.* [3]

     (4) Employment Discrimination (Federal) – 300 days.  42 U.S.C. § 2000e-5.

     (5) "Catch-All" Statute – 4 years.  Cal. Civ. Proc. Code § 343.

  b. "Barred by Court Order." These Proofs of Claim were also asserted by the Claimants and relate to prepetition litigation against the Debtors.  The Reorganized Debtors are not liable for these claims because they were previously disposed of pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court.  Therefore, the Barred By Court Order Claims identified on **Exhibit 1B** should be disallowed and expunged.

  c. "Barred by Previous Settlement Agreement." These Proofs of Claim are each subject to a valid and enforceable settlement agreement with or on behalf of the claimant that has been satisfied in full by the Debtors, either in the ordinary course of business or pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court.  Therefore, because the Reorganized Debtors have satisfied the underlying liability for these Claims pursuant to those settlement agreements, the Barred By Previous Settlement Agreement Claims identified on **Exhibit 1B** should be disallowed and expunged.

  d. "Payroll Withholding Claims." These are Proofs of Claim for which the claimants – who were current or former employees of the Debtors – dispute the Debtors' legal authority to withhold payroll taxes, and therefore oppose the Debtors' compliance with the applicable federal and state laws regarding such withholding.  The Debtors are unaware of any legal basis on which such a claim can be asserted.  Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Payroll Withholding Claims identified on **Exhibit 1B** should be disallowed and

---

[3] Cal. Gov't Code § 12960 was amended after the Petition Date, in October 2019, by Assembly Bill 9, which extended the period to file employment discrimination claims with the Department of Fair Employment and Housing from one year to three years.  The amendment does not revive lapsed claims.  All employment discrimination claims that are the subject of this Objection were time-barred under the 1-year statute as of the Petition Date.

expunged.

        e.    "<u>Preempted by NLRA.</u>"  Each of these employment-related claims is duplicative of a grievance filed pursuant to a collective bargaining agreement, or is a claim that is required to be filed as a grievance pursuant to a collective bargaining agreement, and, accordingly, these Proofs of Claim are preempted by the National Labor Relations Act ("**NLRA**"), pursuant to which such grievance proceedings are the sole means through which the claimants may seek redress for their claims.  Labor grievance proceedings arising under collective bargaining agreements were not subject to the automatic stay of 11 U.S.C. § 362(a) during these Chapter 11 Cases.  Pursuant to Section 8.6 of the Plan, the Debtors assumed the Collective Bargaining Agreements (as such term is defined in the Plan), and, as such, any right the claimants may have to pursue their grievances are not impacted by the Plan.  Accordingly, the Reorganized Debtors have determined that the corresponding Preempted by NLRA Claims identified on **Exhibit 1B** should be disallowed and expunged.

      7.    Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, each of the No Legal Liability Claims identified on **Exhibit 1B** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this twelfth day of June, 2021.

*/s/ Stacy Campos*
Stacy Campos