| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |
|---|---|---|
| 9<br>10<br>11 | **UNITED STATES BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF CALIFORNIA**<br>**SAN FRANCISCO DIVISION** | |
| 12 | **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 13 | | Chapter 11 |
| 14 | **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| 15 | - and - | **MOTION TO REDACT DOCUMENTS** |
| 16 | **PACIFIC GAS AND ELECTRIC COMPANY,** | **FILED IN SUPPORT OF REORGANIZED DEBTORS' OMNIBUS OBJECTIONS TO CLAIMS** |
| 17 | Debtors. | [No Hearing Requested] |
| 18<br>19 | ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| 20 | * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (a) authorizing the Reorganized Debtors to redact the names, addresses, and Claim numbers of the Reorganized Debtors' current or former employees (the "**Personal Information**") contained in (i) **Exhibit 1** to the *Reorganized Debtors' Eighty-Ninth Omnibus Objection to Claims (Books and Records Claims)* (the "**Books and Records Objection**"), (ii) **Exhibit 1B** and **Exhibit 2B** to the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* (the "**No Legal Liability Objection**"), and (iii) **Exhibit 1** to the *Reorganized Debtors' Ninety-Fifth Omnibus Objection to Claims (Plan Passthrough Proofs of Claim)* (the "**Plan Passthrough Objection**," and collectively with the Books and Records Objection and the No Legal Liability Objection, the "**Omnibus Objections**")[1] from the Omnibus Objections and any other document filed publicly in connection with the Omnibus Objections, except as specified below, (collectively, the "**Omnibus Objection Documents**") and (b) directing that the unredacted copies of the Omnibus Objection Documents provided to the Court shall remain under seal and confidential and not be made available without the consent of the Reorganized Debtors or further order from the Court. The Reorganized Debtors propose to share, on request, unredacted copies of the Omnibus Objection Documents containing Personal Information with the U.S. Trustee on a strictly confidential basis.

In support of the Motion, the Debtors submit the Declaration of A. Anna Capelle (the "**Capelle Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the Omnibus Objections.

"**Proposed Order**").

MEMORANDUM OF POINTS AND AUTHORITIES

I.   **JURISDICTION**

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

II.   **BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

III.   **THE OMNIBUS OBJECTIONS**

**Exhibit 1** to the Books and Records Objection, **Exhibit 1B** and **Exhibit 2B** to the No Legal Liability Objection, and **Exhibit 1** to the Plan Passthrough Objection (collectively, the "**Redacted Exhibits**") each contain the names, contact information, and Claim numbers (collectively, the "**Personal Information**") for a number of current and former employees of the Reorganized Debtors (the

"**Redacted Claimants**") who have pending Claims, many of which are directly connected with their prior or current employment with the Reorganized Debtors.

Out of concern for the privacy and safety of their employees, the Reorganized Debtors seek to avoid publicly disclosing the names, addresses, and Claim numbers of the Redacted Claimants on the Redacted Exhibits to the Omnibus Objections, or on other publicly filed Omnibus Objection Documents where the Redacted Claimants' names and addresses appear, including on the certificates of service filed by Prime Clerk in relation to the Omnibus Objections and any order entered by the Court in respect of the Omnibus Objections. While the Personal Information may otherwise be publicly available in other contexts and filings, both in these Chapter 11 Cases and in other forums, disclosure of the Personal Information in the Omnibus Objection Documents will directly connect the Redacted Claimants' name and address to their current or former employment status with the Reorganized Debtors, and may give rise to the harm discussed below.

The Reorganized Debtors have made a commitment to their employees to keep their information confidential. The Reorganized Debtors want to avoid providing contact information for their employees lest that information be used by members of the public to initiate unwanted contact. Furthermore, such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking.

However, the commitment of the Reorganized Debtors to keeping employee information confidential must be weighed against the practicality of actively litigating a Claim with the identity of the Claimant perpetually redacted, where the Claimant has made such information public. Accordingly, to the extent a Claimant files an unredacted opposition or response to an Omnibus Objection that includes their name or Claim number, the Reorganized Debtors request that they be excused from redacting from subsequent filings such name or Claim number. The Reorganized Debtors will continue to redact the address and other contact information of the Redacted Claimant and keep such information confidential regardless of whether the Redacted Claimant discloses such information in a public filing.

## IV.  ARGUMENT

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(c) of the Bankruptcy Code further provides:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c).

The Personal Information clearly falls within the definition of "any means of identification" in section 107(c)(1)(A). "Means of identification" is defined by section 1028(d)(7) of title 18 of the United States Code as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . . including any name." Further to this, the effect of section 107(c)(1)(B) is to expand the scope of information which may be protected from disclosure to any other information in a paper which contains a means of identification. *See, e.g.*, *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 750 (D. Del. 2018). The Delaware District Court there confirmed that a risk to privacy interests is an "unlawful injury" for the purposes of section 107(c) of the Bankruptcy Code, and even if steps were taken to "reduce[] the risk of identity theft or other injury" through the redaction of medical records and all but the last four digits of social security numbers, it did not "eliminate these risks." *2019 Statements*, 585 B.R. at 753.

Here, the Reorganized Debtors seek to protect their employees from the risk of unsolicited contact that may be perceived as intrusive or harassing as a result of their connection to the Reorganized Debtors or from the risk of identity theft, domestic violence, or stalking. Given the risk of unwanted contact and intrusion into the privacy of the Claimants, the Reorganized Debtors believe that they have satisfied their burden under Section 107(c). *See 2019 Statements*, 585 B.R. at 751 (noting that Section 107(c) only requires identifying a risk of unlawful injury). The Court has previously authorized

the Reorganized Debtors to seal or otherwise withhold such employee personal information for the same reasons stated here. *See, e.g.*, *Order Granting Motion to Redact Documents Filed in Support of Reorganized Debtors' Sixty-Seventh Omnibus Objection to Claims (Plan Passthrough Workers' Compensation Claims)* [Dkt. 10353].

Further, in an effort to balance the risk of harm with transparency, the Reorganized Debtors are prepared to file unredacted copies of the Omnibus Objection Documents with the Court under seal according to the Local Procedures and propose to share, on request, unredacted copies of the Omnibus Objection Documents with the U.S. Trustee on a strictly confidential basis.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 17, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*