1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Gerald Singleton, SBN 208783
   Gary LoCurto, SBN 270372
7  SINGLETON LAW FIRM, APC
   450 A Street, 5th Floor
8  San Diego, CA 92101
   Tel: (619) 771-3473
9  Email: gerald@slffirm.com
            glocurto@slffirm.com
10
   Attorneys for SLF Fire Victim Claimants

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>   Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case,<br>   No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY DYKE T. SHAFFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PATRICE DOYLE IN SUPPORT<br><br>Date: July 13, 2021<br>Time: 10:00 a.m. (Pacific)<br>Place: **Telephonic Appearances Only**<br>          United States Bankruptcy<br>Court:  Courtroom 17, 16th Floor<br>          San Francisco, CA 94102<br><br>Objection Deadline: June 29, 2021 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

1

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent thousands of victims ("SLF Claimants") of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire" and "LaFayette Fire").

SLF respectfully files this motion on behalf of Dyke T. Shaffer ("Mr. Shaffer" or "Movant") to deem timely late filed proof of claim ("Motion").

## I. Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the 2017 Nuns Fire (one of the twenty-five North Bay fires), Movant was unable to timely file his proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow this survivor to have his claims deemed timely. This Court must determine whether to grant the Motion.

## II. Factual Background

### A. Movant's Claims Arising From the Nuns Fire[1]

Mr. Shaffer is a survivor of the Nuns Fire that occurred in 2017. Specifically, Mr. Shaffer farm was located at 2276 Crane Canyon Rd., Santa Rosa, CA 95404 ("Property" or "Farm"). In the early morning on October 9, 2017, at approximately 2:30 a.m., Mr. Shaffer learned about the fast-moving Tubbs Fire and also the Nuns Fire which posed an immediate threat to his Property. His wife and their dogs evacuated from their home in Santa Rosa. Mr. Shaffer, then age 66, made his way to the Property where he prepared for the worst – his Farm to be ablaze. Fortunately, all 50+ horses had been evacuated with numerous trucks and trailers operated by local horse people. For a few hours, first with a shovel and then using his excavator, Mr. Shaffer cut a fire break to attempt to save the Farm's main residence. Finally, at around 4:00 a.m., fire engines and firefighters appeared to help suppress the fire and the subsequent massive flare ups that threatened the Farm. When the fire fight was over, the damage to the Farm was revealed - significant destruction to trees, vegetation, fencing,

---

[1] *See*, Declaration of Patrice Doyle ("Doyle Declaration"), ¶¶2-4.

automobiles, equipment, and farm supplies/building materials. Indeed, as a direct result of the Nuns Fire, Movant suffered great damages.

Due to trauma, relocation, and the immense pressure on Movant to reestablish his Farm – his livelihood - SLF did not receive the details necessary to complete Movant's claims. Accordingly, no proof of claim was *timely* filed on behalf of Movant. It was not until after the Extended Bar Date[2] and Claims Questionnaire Deadline[3] did Movant realize he could file a proof of claim for his losses.

### B. Pertinent Bankruptcy Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date. *See*, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I)

---

[2] *Infra*, Section II.B.

[3] The deadline for the filing of claims questionnaires with the Fire Victim Trust was February 26, 2021 ("Claims Questionnaire Deadline"). Movant did not retain SLF after the Claims Questionnaire Deadline. As such, a similar exception/extension to the Claims Questionnaire Deadline will be required and requested of the Fire Trustee through his counsel.

Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. *See*, Dk. No. 8053.

### C. Discovery of Movant's Claims[4]

Following the death of Movant's wife, counsel at SLF, Patrice Doyle ("Ms. Doyle") had occasion to speak with Movant. Specifically, on May 23, 2021, Movant and Ms. Doyle spoke at the Farm, where Movant looked out at all the dead and/or heavily damaged trees needing to be removed commenting how the Nuns Fire came through the 82.97 acres sparing the horse barns and main home, but destroyed the trees, vegetation, and fencing, and left significant ash and debris throughout.[5] To that end, Ms. Doyle explained that there was an avenue for seeking compensation for the damages suffered. Indeed, Mr. Shaffer did not file a proof of claim or sign up with any law firm because he did not know that there was an avenue for seeking compensation for these fire-related damages. Again, no proof of claim had been filed for Mr. Shaffer prior to SLF's retention. Thus, SLF recognized the immediate need to (i) file a proof of claim for Mr. Shaffer; and (ii) file the instant Motion to allow for the late-filed proof of claim to be deemed timely.

Accordingly, on June 14, 2021, SLF filed claim number DOPK@27402[[CSLT#4025#CF]], also known as claim no 107227, on behalf of Mr. Shaffer ("Subject Proofs of Claim"). A true and correct copy of the Subject Proof of Claim is attached to the Doyle Declaration as Exhibit "1."

Thus, SLF now brings Motion to have the Subject Proof of Claim deemed timely.

---

[4] *See*, Doyle Declaration, ¶¶5-10.
[5] At the time of the fire, Mr. Shaffer was the sole owner of the Farm and remains so today.

4

## III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movant.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re*

*Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering immediately upon becoming aware that his damages may be compensable Movant retained SLF and a proof of claim was filed by SLF on behalf of Movant. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not yet been made; and (b) the value of Movant's claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. Conclusion

For the reasons set forth above, the Movant respectfully requests that this Court enter an order pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure as follows:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed by Movant is to be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: June 17, 2021　　　　MARSHACK HAYS LLP

By: /s/ Laila Masud
　　RICHARD A. MARSHACK
　　LAILA MASUD
　　Attorneys for SLF CLAIMANTS

Dated: June 17, 2021　　　　SINGLETON LAW FIRM, APC

By: /s/ Gerald Singleton
　　GERALD SINGLETON
　　GARY LOCURTO
　　Attorneys for the SINGLETON LAW
　　FIRM FIRE VICTIM CLAIMANTS

# Declaration of Patrice Doyle

I, Patrice Doyle, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge or through information collected by my staff from Mr. Shaffer.

1. I am an attorney with Singleton Law Firm and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim ("Motion").

2. Dyke Shaffer is a survivor of the 2017 Nuns Fire ("Movant" or "Mr. Shaffer" or "Dyke").

3. Mr. Shaffer's farm is located at 2276 Crane Canyon Rd., Santa Rosa, CA 95404 ("Property" or "Farm"). In the early morning on October 9, 2017, at approximately 2:30 a.m., Mr. Shaffer learned about the fast-moving Tubbs Fire and also the Nuns Fire which posed an immediate threat to his Property. His wife and their dogs evacuated from their home in Santa Rosa. Mr. Shaffer, then age 66, made his way to the Property where he prepared for the worst – his Farm to be ablaze. Fortunately, all 50+ horses had been evacuated with numerous trucks and trailers operated by local horse people. For a few hours, first with a shovel and then using his excavator, Mr. Shaffer cut a fire break to attempt to save the Farm's main residence. Finally, at around 4:00 a.m., fire engines and firefighters appeared to help suppress the fire and the subsequent massive flare ups that threatened the Farm. When the fire fight was over, the damage to the Farm was revealed - significant destruction to trees, vegetation, fencing, automobiles, equipment, and farm supplies/building materials. Indeed, as a direct result of the Nuns Fire, Movant suffered great damages.

4. Due to trauma, relocation, and the immense pressure on Movant to reestablish his Farm – his livelihood - SLF did not receive the details necessary to complete Movant's claims. Accordingly, no proof of claim was *timely* filed on behalf of Movant. It was not until after the Extended Bar Date[6]

---

[6] *Infra*, Section II.B.

and Claims Questionnaire Deadline[7] did Movant realize he could file a proof of claim for his losses.

5. Following the death of Dyke's wife who was a friend, I had occasion to speak with Movant. Specifically, on May 23, 2021, Dyke and I spoke at the Farm, where Dyke looked out at all the dead and/or heavily damaged trees needing to be removed commenting how the Nuns Fire came through the 82.97 acres sparing the horse barns and main home, but destroyed the trees, vegetation, and fencing, and left significant ash and debris throughout.[8] To that end, I explained that there was an avenue for speaking compensation for the damages suffered. Dyke was unaware of this. Indeed, Dyke told me he did not file a proof of claim or sign up with any law firm because he did not know that there was an avenue for seeking compensation for these fire-related damages. Again, no proof of claim had been filed for Dyke prior to my firm's retention. Thus, I recognized the immediate need to (i) file a proof of claim for Dyke; and (ii) file the instant Motion to allow for the late-filed proof of claim to be deemed timely.

6. Accordingly, on June 14, 2021, I caused to be filed claim number DOPK@27402[[CSLT#4025#CF]], also known as Claim No. 107227, on behalf of Dyke ("Subject Proofs of Claim"). A true and correct copy of the Subject Proof of Claim is attached as Exhibit "1."

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 21, 2021.

*Patrice Doyle*
PATRICE DOYLE

---

[7] The deadline for the filing of claims questionnaires with the Fire Victim Trust was February 26, 2021 ("Claims Questionnaire Deadline"). Movant did not retain SLF after the Claims Questionnaire Deadline. As such, a similar exception/extension to the Claims Questionnaire Deadline will be required and requested of the Fire Trustee through his counsel.

[8] At the time of the fire, Mr. Shaffer was the sole owner of the Farm and remains so today.

8

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: | Bankruptcy Case |
| --- | --- |
| PG&E CORPORATION, | No. 19-30088 (DM) |
| - and - | |
| PACIFIC GAS AND ELECTRIC | Chapter 11 |
| COMPANY, | (Lead Case) |
| Debtors. | (Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Shaffer, Dyke T.
   Name of the current creditor (the person or entity to be paid for this claim)

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Are you filing this claim on behalf of your family?**
   ☑ No
   ☐ Yes
   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.
   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

4. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Name: Shaffer, Dyke T.
   Attorney Name (if applicable): Gerald Singleton
   Attorney Bar Number (if applicable): 208783
   Street Address: 450 A STREET FIFTH FLOOR
   City: SAN DIEGO
   State: CA
   Zip Code: 92101
   Phone Number: 7606971330
   Email Address: SLFBKCorres@SLFfirm.com

   Where should payments to the creditor be sent? (if different)
   Name: _____
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: _____
   City: _____
   State: _____
   Zip Code: _____
   Phone Number: _____
   Email Address: _____

5. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

6. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                                    Page 1

**Part 2: Give Information About the Claim as of the Date this Claim Form is Filed**

7. **What fire is the basis of your claim?**

   Check all that apply.

   - [ ] Camp Fire (2018)
   - [✓] North Bay Fires (2017)
   - [ ] Ghost Ship Fire (2016)
   - [ ] Butte Fire (2015)
   - [ ] Other (please provide date and brief description of fire: _____)

8. **What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

   Location(s): 2276 Crane Canyon Rd., Santa Rosa, CA 95404

9. **How were you and/or your family harmed?**

   Check all that apply

   - [✓] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
     - [✓] Owner [ ] Renter [ ] Occupant [ ] Other (Please specify): _____
   - [✓] Personal Injury
   - [ ] Wrongful Death (if checked, please provide the name of the deceased) _____
   - [✓] Business Loss/Interruption
   - [✓] Lost wages and earning capacity
   - [✓] Loss of community and essential services
   - [✓] Agricultural loss
   - [✓] Other (Please specify): Any and all other damages recoverable under California law

10. **What damages are you and/or your family claiming/seeking?**

    Check all that apply

    - [✓] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
    - [✓] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
    - [✓] Punitive, exemplary, and statutory damages
    - [✓] Attorney's fees and litigation costs
    - [✓] Interest
    - [✓] Any and all other damages recoverable under California law
    - [ ] Other (Please specify): _____

11. **How much is the claim?**

    - [ ] $_____ (optional)
    - [✓] Unknown / To be determined at a later date

Case: 19-30088  Doc# 10837  Filed: 06/22/21  Entered: 06/22/21 15:50:33  Page 11 of 16

EXHIBIT 1, PAGE 10

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Gerald Singleton*

**Email:** SLFBKCorres@SLFfirm.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | **Gerald Singleton** |
| | First name    Middle name    Last name |
| Title | **Attorney** |
| Company | **Singleton Law Firm** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **450 A STREET FIFTH FLOOR** |
| | Number    Street |
| | **SAN DIEGO**    **CA**    **92101** |
| | City    State    ZIP Code |
| Contact phone | **7606971330**    Email **SLFBKCorres@SLFfirm.com** |

Proof of Claim (Fire Related)     Page 3

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation. (attach below)    ☒ I do not have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

Proof of Claim Instructions (Fire Related)     Page 1

Case: 19-30088    Doc# 10837    Filed: 06/22/21    Entered: 06/22/21 15:50:33    Page 14 of 16

EXHIBIT 1, PAGE 13

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

# Electronic Proof of Claim_DOPK@27402[[CSLT#4025#CF]]

Final Audit Report 2021-06-14

| | |
|---|---|
| Created: | 2021-06-14 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA9YCh3RfHDjxE_L5cYoSkUkdw89hOHJT0 |

## "Electronic Proof of Claim_DOPK@27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2021-06-14 - 7:53:01 PM GMT

- Web Form filled in by Gerald Singleton (SLFBKCorres@SLFfirm.com)
  2021-06-14 - 7:56:00 PM GMT- IP address: 99.76.230.34

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/91.0.4472.101 Safari/537.36)
  2021-06-14 - 7:56:02 PM GMT- IP address: 99.76.230.34

- Agreement completed.
  2021-06-14 - 7:56:02 PM GMT

Prime Clerk | POWERED BY Adobe Sign