| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kellerbenvenutti.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>   - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REPLY IN SUPPORT OF REORGANIZED DEBTORS' OMNIBUS OBJECTIONS TO CLAIMS**<br><br>[Related to Docket Nos. 10673, 10691, 10697]<br><br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the June 30, 2021, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this omnibus reply brief in support of the following omnibus objections (collectively, the "**Omnibus Objections**")[1] to certain claims to be heard at the Hearing (the "**Contested Claims**"):

| Docket No. | Omnibus Objection and Formal and Informal Responses Received |
|---|---|
| 10673 | *Reorganized Debtors' Seventy Ninth Omnibus Objection to Claims (Books and Records Claims)* (the "**Seventy-Ninth Omnibus Objection**")[2] <br> 1. Fereshteh Jabbari (Claim No. 7154) |
| 10691 | *Reorganized Debtors' Eighty-Fifth Omnibus Objection to Claims (ADR No Liability Claims)* (the "**Eighty-Fifth Omnibus Objection**") <br> 1. Sandra Pedroia (Claim No. 87136) |
| 10697 | *Reorganized Debtors' Eighty-Seventh Omnibus Objection to Claims (Plan Passthrough Proofs of Claim)* (the "**Eighty-Seventh Omnibus Objection**") <br> 1. Mark Swendsen (Claim No. 93659) |

With respect to each of the Contested Claims, the Reorganized Debtors, by the Omnibus Objections, stated the legal grounds upon which they object to the Contested Claim, and presented facts in support of the Omnibus Objections by way of supporting declaration. The Reorganized Debtors having supported the Omnibus Objections by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). Although the Reorganized Debtors received formal or informal responses with respect to each of the Contested Claims (collectively, the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the applicable Omnibus Objection.

[2] A status conference will be held at the Hearing in connection with the claim of David Addington (Claim No. 3093), which was objected to in the Seventy-Ninth Omnibus Objection. The Reorganized Debtors will file a separate status conference statement prior to the Hearing.

2

"**Responses**"), none of the Responses even address the legal or factual bases upon which the Reorganized Debtors objected to the Contested Claims, much less meet the claimants' burden of persuasion that the Court should not disallow and/or expunge the Contested Claims.

## II. REPLIES TO RESPONSES RECEIVED TO OMNIBUS OBJECTIONS

### A. Seventy-Ninth Omnibus Objection (Books and Records)

#### 1. Fereshteh Jabbari (Claim No. 7154)

Ms. Jabbari did not file a formal response to the Seventy-Ninth Omnibus Objection. On June 14, 2021, she addressed the Seventy-Ninth Omnibus Objection in an e-mail to counsel for the Reorganized Debtors, but the e-mail simply stated that she objected to the Seventy-Ninth Omnibus Objection and did not address the grounds upon which the Reorganized Debtors Objected to Ms. Jabbari's claim. A copy of Ms. Jabbari's e-mail is attached hereto as **Exhibit A**. Counsel for the Reorganized Debtors contacted Ms. Jabbari requesting additional information to support her Claim, but have received no response as of this filing.

Because Ms. Jabbari does not contest the factual or legal grounds upon which the Reorganized Debtors objected to her claim, Ms. Jabbari's Response should be overruled at the Hearing and her claim should be disallowed and expunged.

### B. Eighty-Fifth Omnibus Objection (ADR No Liability)

#### 1. Sandra Pedroia (Claim No. 87136)

Ms. Pedroia did not file a formal response to the Eighty-Fifth Omnibus Objection. On June 16, 2021, she addressed the Eighty-Fifth Omnibus Objection in an e-mail to the Court and counsel for the Reorganized Debtors, but the e-mail did not address the specific arguments presented by the Reorganized Debtors in the Eighty-Fifth Omnibus Objection, specifically her failure to appear at the March 17 mediation that was properly noticed by the Reorganized Debtors.

On October 23, 2019, Ms. Pedroia filed Proof of Claim No. 87136, alleging that the Utility was responsible for $250,000 in property damage.

On September 25, 2020, the Court entered the ADR Procedures Order, which, among other things, states that if a claimant fails "to comply with the General ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the General ADR Procedures," the Court may,

"among other things, disallow and expunge" the claim after notice and a hearing. General ADR Procedures IV.E. (ADR Procedures Order, Ex. A-2, at p. 12).

On November 25, 2020, the Reorganized Debtors sent an Information Request[3] to Ms. Pedroia, to which she responded on December 29, 2020. The response indicated an Incident Date of "approx. 12-14-2011," and increased her claimed damages to $350,000.[4]

Rather than immediately object to her claim on the grounds that the statute of limitations had expired, the Reorganized Debtors first sought to mediate with Ms. Pedroia. On January 14, 2021, the Reorganized Debtors issued a Notice of Abbreviated Mediation, setting February 25, 2021, as the mediation date and Timothy Corcoran as the mediator. Thereafter — at Ms. Pedroia's request — the Reorganized Debtors agreed to reschedule the mediation to March 17, 2021. Pursuant to the ADR Procedures Order, the Reorganized Debtors submitted a Background Statement prior to the mediation in which they explained that, notwithstanding that the claim was likely barred by the statute of limitations, they would offer Ms. Pedroia a nominal amount to settle the claim. Ms. Pedroia did not submit a Response Statement or otherwise respond to the Reorganized Debtors' offer, as required by the ADR Procedures Order,[5] and she did not appear at the March 17 mediation or attempt to reschedule the mediation.

Ms. Pedroia's claim should be disallowed and expunged based on her failure "to comply with the General ADR Procedures" and to "cooperate as may be necessary to effectuate the General ADR Procedures" (General ADR Procedures, Section IV.E).

Because Ms. Pedroia does not contest the factual or legal grounds upon which the Reorganized Debtors objected to her claim, Ms. Pedroia's Response should be overruled at the Hearing and her claim should be disallowed and expunged.

---

[3] Capitalized terms not otherwise defined in this Section II.C.1 shall have the meanings ascribed to them in the ADR Procedures Order.

[4] Ms. Pedroia's June 16 e-mail asserts that her "demand against PG&E is for one million."

[5] Under the ADR Procedures Order, Ms. Pedroia was required to submit a response to the Reorganized Debtors' settlement offer three days prior to the mediation, and to appear at the scheduled mediation. (General ADR Procedures, Sections III.A.5., III.A.4., III.B.4.)

C.     **Eighty-Seventh Omnibus Objection (Plan Passthrough)**

    1.     **Mark Swendsen (Claim No. 93659)**

Mark Swendsen filed a formal response with the Court on June 14, 2021 [Docket No. 10773]. Mr. Swendsen does not dispute that his claim arises from the Kincade Fire, which occurred in Sonoma County in October and November of 2019.[6] Mr. Swendsen's claim is thus clearly post-petition, and expressly passes through these Chapter 11 Cases pursuant to Section 10.3 of the Plan – a fact that Mr. Swendsen's response does not address. Mr. Swendsen, who notes in his Response that he is an attorney, may pursue any such claim he may have outside of the Bankruptcy Court, and his rights with respect to any claim related to the Kincade Fire that he may have against the Reorganized Debtors are not impacted by the Chapter 11 Cases. Mr. Swendsen's claim is a Postpetition Fire Claim and Plan Passthrough Proof of Claim (each term as defined in the Eighty-Seventh Omnibus Objection) and should be expunged.

Because Mr. Swendsen does not contest the factual or legal grounds upon which the Reorganized Debtors objected to his claim, Mr. Swendsen's Response should be overruled at the Hearing and his claim should be expunged.

**III.  CONCLUSION**

For the foregoing reasons, and the reasons set forth in each of the Omnibus Objections and the declarations filed in support of each Omnibus Objection, the Reorganized Debtors respectfully request that the Court sustain the Omnibus Objections and disallow and/or expunge the Contested Claims.

Dated: June 23, 2021

          **KELLER BENVENUTTI KIM LLP**

          /s/ *Thomas B. Rupp*
          Thomas B. Rupp

          *Attorneys for Debtors and Reorganized Debtors*

---

[6] Mr. Swendsen also filed Claim No. 86428, alleging damages from the 2017 North Bay Fires. That claim has been channeled to the Fire Victim Trust pursuant to Section 4.26 of the Plan.