KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>　　- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS – CLAIM OF DAVID ADDINGTON (CLAIM NO. 3093)**<br><br>**[Related to Docket No. 10673]**<br><br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>　　　United States Bankruptcy Court<br>　　　Courtroom 17, 16th Floor<br>　　　San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the June 30, 2021, 10:00 a.m. omnibus hearing (the "**Status Conference**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of David Addington (Claim No. 3093) (the "**Addington Claim**") through the *Reorganized Debtors' Seventy Ninth Omnibus Objection to Claims (Books and Records Claims)* (the "**Seventy-Ninth Omnibus Objection**") [Docket No. 10673].[1]

Mr. Addington asserts a $3,548,941.93 prepetition claim against the Utility for a "High Voltage Utility-Specific Access Charge." In brief, Mr. Addington alleges[2] that, upon his purported termination in 2017 of an easement on his property dating from 1908, he became entitled to charge Pacific Gas and Electric Company for the electricity being transmitted through its power lines set on that easement. The Reorganized Debtors request the opportunity to submit briefing on their legal argument that Mr. Addington's attempt to terminate the easement unilaterally, without notice or hearing and without a judicial determination that the easement could be terminated, was invalid as a matter of law, and as such, Mr. Addington has no right to charge the Utility for electricity transmitted on power lines set on PG&E's easement.

## II. ADDITIONAL BRIEFING PRIOR TO AN EVIDENTIARY HEARING IS APPROPRIATE

By the Seventy-Ninth Omnibus Objection, the Reorganized Debtors objected to the Addington Claim on the basis that their books and records did not show any amount owed to Mr. Addington. In accordance with the Omnibus Objections Procedures Order, in the Seventy-Ninth

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Seventy-Ninth Omnibus Objection.

[2] Mr. Addington sent his response to the Seventy-Ninth Omnibus Objection to counsel for the Reorganized Debtors by e-mail on June 16, 2021, but it does not appear that he filed his response or sent it to the Court for docketing. For the Court's reference, a copy of Mr. Addington's response is attached hereto as **Exhibit A**. Mr. Addington's response includes a handwritten copy of the easement at issue. For the Court's reference, a copy of the actual typewritten, signed easement, as it is recorded in Alameda County, Book 1578, Deeds page 189, is attached hereto as **Exhibit B**.

Omnibus Objection, the Reorganized Debtors reserved their right to, among other things, supplement their objection and to object to the Books and Records Claims on any other grounds that the Reorganized Debtors deem appropriate.

The Reorganized Debtors submit that there is no genuine dispute as to material facts and that they are entitled to disallowance of the Addington Claim as a matter of law. Principally, the Reorganized Debtors will demonstrate that Mr. Addington's unilateral recording of the notice of termination of easement was facially invalid and legally insufficient to terminate PG&E's easement. Neither applicable law, nor even the language in the easement cited by Mr. Addington, creates a right in the original grantor or its successors to terminate the easement in their sole discretion.[3] The issues involved in determining the Addington Claim are issues of California law concerning real property, including easements, marketable record title, and recording of documents, as well as the laws relating to public utilities. The Reorganized Debtors request the opportunity to supplement the Seventy-Ninth Omnibus Objection and present further briefing on the controlling legal issues involved, so that the Court may rule on the Seventy-Ninth Omnibus Objection as it concerns the Addington Claim as a matter of law.

### III. PROPOSED BRIEFING SCHEDULE

At the Status Conference, the Reorganized Debtors will propose the briefing schedule set forth below (the "**Proposed Briefing Schedule**"). Prior to the filing of this Status Conference Statement, counsel for the Reorganized Debtors exchanged e-mails with Mr. Addington regarding the Proposed Briefing Schedule. Mr. Addington informed counsel for the Reorganized Debtors that he believes no further briefing on legal issues is necessary, and that an evidentiary hearing is the next step in the resolution of the Addington Claim. The Reorganized Debtors disagree and believe that the Court's consideration of the legal issues is the most efficient path forward for disposition of the Addington Claim. Moreover, the Reorganized Debtors have proposed a shortened briefing schedule in consideration of Mr. Addington's stated desire to proceed expeditiously. Of course, if the Court

---

[3] Mr. Addington does not disclose his reasons for allegedly terminating the easement, offering only that "PG&E and I became involved in a dispute of the continuing use of the easement." Addington Decl. ¶ 5.

determines that the Addington Claim and the Reorganized Debtors' objection to the Addington Claim cannot be resolved as a matter of law, the Reorganized Debtors will meet and confer with Mr. Addington regarding further proceedings, including the scheduling of an evidentiary hearing if necessary.

| Proposed Briefing Schedule | |
|---|---|
| **Date** | **Event** |
| July 9, 2021 | Reorganized Debtors' Supplemental Brief on Disposition of the Addington Claim as a matter of law |
| July 21, 2021 | Addington Response Brief |
| July 26, 2021 | Reorganized Debtors' Reply |
| July 28, 2021 | Hearing on legal issues addressed in briefing |

At the Status Conference, the Reorganized Debtors will request that the Court consider and adopt the Proposed Briefing Schedule or a similar procedure for resolving the Addison Claim.

Dated: June 24, 2021

                              **KELLER BENVENUTTI KIM LLP**

                              /s/ *Thomas B. Rupp*
                              Thomas B. Rupp

                              *Attorneys for Debtors and Reorganized Debtors*