David P. Addington
298 Saint James Drive
Piedmont, CA 94611

(415) 606-6552
david@cachamp.com

In pro per

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

   -and-

**PACIFIC GAS AND ELECTRIC COMPANY.**

   **Debtors.**

Affects Both Debtors

Case No. 219-30088 (DM)

Judge Dennis Montali

Chapter 11

(Lead Case) (Jointly Administered)

**CREDITOR DAVID P. ADDINGTON'S RESPONSE TO STATUS CONFERENCE STATEMENT OF THE REORGANIZED DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS); DECLARATION OF DAVID P. ADDINGTON**

**[Related to Docket No. 10673]**

**Hearing Information:**
Date: June 30, 2021
Time: 10:00 am (Pacific Time)
Place: (Telephonic Appearances Only)
   United States Bankruptcy Court
   Courtroom 17, 16th Floor
   San Francisco, CA 94102

David P. Addington responds to the Debtors' Status Conference Statement regarding the Seventy-Ninth Omnibus Objection to his Claim number 3093 as set forth below.

1. **Addington Requests Judicial Notice of Pages 189 to 197, Book 1578, Deeds, County of Alameda, 1106 Madison Street, Oakland CA 94607.**

Addington asserts that the true and correct copy of the above pages is the handwritten document, attached hereto as Exhibit A (10 pages including the county certifying seal), and constitutes the actual terminated Easement.

Addington asserts that the document produced by Debtor and attached to Debtors' Status Conference Statement as pages 35 to 42 is not a recorded document and is unknown to Addington.

2. **Addington Refutes Debtors' Assertion that the Easement's Termination was Invalid.**

The plain language of the Easement allows for termination. The Easement concludes with the following sentence:

> *Any violation of the conditions of this grant shall terminate and extinguish the easement hereby granted.*

Likewise, the agreement produced by the Debtor on pages 35 to 42 of its Status Conference Statement concludes with the following sentence:

> *Any violation of the conditions of this grant shall terminate and extinguish the easement hereby granted.*

As Debtor violated the conditions of the Easement, Addington validly terminated the Easement.

Despite Debtors' assertions otherwise, Addington's termination of the easement was not done in his sole discretion or unilaterally, rather the termination was the result of the Debtors' violation of the conditions of the Easement and its stated refusal to correct those violations.

Despite Debtors' assertions otherwise, Debtor was notified of the violated conditions. Debtors' violations of conditions are documented and detailed in correspondence between the parties. The violated conditions, of which Debtor was and is aware, were discussed in writing and in person.

Debtor was also given verbal and written notice of Addington's intention to terminate the Easement should the violated conditions not be corrected.

Lastly, Debtor was given notice of the Easement termination and the recording of the termination, in writing and in person, repeatedly.

Debtor's assertions that valid termination requires various forms of notice, some form of legal hearing, and/or a judicial determination are not substantiated by the language of the Easement.

**3.   Addington Requests that the Court Set an Evidentiary Hearing Without Additional Time as Requested by Debtor.**

Debtor has been aware of the termination of this Easement for over four years. Debtor has been aware of Addington's Claim 3093 for well over a year. Debtor appears to have unlimited legal resources available to it. The Debtors' request for nine additional days to brief "matters of law" issues seem disingenuous at best.

The Debtor's statement that Addington believes no briefing is necessary is false. Should such briefings be of value they can be submitted as part of the evidentiary hearing.

**4.   Addington Requests the Court set an Evidentiary Hearing on his Claim Pursuant to Local Rule of Bankruptcy Court 3007-1(b).**

Addington requests that the Court set an evidentiary hearing to determine the amount of his claim.

**Declaration of David P. Addington**

I, David P. Addington, declare:

1. I am the claimant for Claim 3093. I have personal knowledge of the facts in this matter, and I will testify to them if called upon to do so.

2. I own the real property located at 298 Saint James Drive, Piedmont, CA 94611.

3. I am seeking appropriate compensation for PG&E's use, without my permission, of my property for 607 days pre-petition. Additionally, I have an administrative claim for the 519 days of bankruptcy proceeding, and an ongoing claim for the 350 plus days since the proceedings.

4. I request the Court set an evidentiary hearing to consider the facts and determine appropriate compensation.

5. I have hundreds of pages of documents that can be produced which support the

statements made in this response.

I make this declaration under penalty of perjury, and I signed this declaration at Piedmont, California on June 29, 2021.

*David P. Addington*

_____
David P. Addington