**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case |
| PG&E CORPORATION, | No. 19-30088 (DM) |
| - and - | |
| PACIFIC GAS AND ELECTRIC | Chapter 11 |
| COMPANY, | (Lead Case) |
| Debtors. | (Jointly Administered) |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Hunter Neal, do declare and state as follows:

1. I am employed at Prime Clerk LLC ("*Prime Clerk*"), the claims and noticing agent for the debtors in the above-referenced chapter 11 bankruptcy cases.

2. On June 23, 2021, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the parties identified on the service list attached hereto as **Exhibit A**:

- Notice of Entry of Confirmation Order and Occurrence of Effective Date of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020, a copy of which is attached hereto as **Exhibit B**

3. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that if called upon as a witness, I could and would competently testify thereto.

Executed this 28th day of June 2021, at New York, NY.

*/s/ Hunter Neal*
Hunter Neal

**Exhibit A**

Exhibit A

Supplemental Service List

Served via first class mail

| MMLID | Name | Address1 | City | State | Postal Code |
|---|---|---|---|---|---|
| 5865888 | 1610 GOLDEN GATE G1, LP | ADDRESS ON FILE | | | |
| 4972636 | DESAI, NEAL | ADDRESS ON FILE | | | |
| 6134237 | SADERUP BRUCE | ADDRESS ON FILE | | | |
| 7943056 | WASTE MANAGEMENT - FRESNO | 8592 COMMERCIAL WAY | LOS ANGELES | CA | 90001 |
| 7943058 | WASTE MANAGEMENT - USA WASTE OF CALIF | 8592 COMMERCIAL WAY | LOS ANGELES | CA | 90061 |

**Exhibit B**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors*<br>*and Reorganized Debtors* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br><br>**NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE OF EFFECTIVE DATE OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 19, 2020** |

**PLEASE TAKE NOTICE** that:

1. **The Plan and Confirmation Order.** On June 20, 2020, the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") entered an order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**").[1]

2. **The Plan Effective Date**. The Effective Date of the Plan occurred on July 1, 2020, and as a result, the Plan has been substantially consummated.

3. **Plan Binding**. The Plan and all provisions of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and in the Confirmation Order) are binding on all holders of Claims against, or Interests in, the Debtors, whether or not the Claims or Interests of any such holder are impaired under the Plan and whether or not any such holder voted to accept the Plan. You are encouraged to review the Plan and the Confirmation Order in their entirety.

4. **CHANNELING INJUNCTION. In addition to the other provisions of the Plan and the Confirmation Order, the Plan and the Confirmation Order provide that the *sole* source of recovery for holders of Fire Victim Claims shall be from the Fire Victim Trust, and the *sole* source of recovery for holders of Subrogation Wildfire Claims shall be from the Subrogation Wildfire Trust. The holders of Fire Victim Claims and Subrogation Wildfire Claims shall have no recourse to or Claims whatsoever against the Debtors or the Reorganized Debtors or their assets and properties. Consistent with the foregoing and as provided in the Plan and the Confirmation Order, all Entities that have held or asserted, or that hold or assert any Fire Victim Claim or Subrogation Wildfire Claim shall be *permanently and forever stayed, restrained, and enjoined* from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments,**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Confirmation Order, as applicable.

**satisfaction, or recovery from any Debtor or Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:**

    a. **commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Debtor or Reorganized Debtor, or any property or interests in property of any Debtor or Reorganized Debtor with respect to any such Fire Claim;**

    b. **enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Debtor or Reorganized Debtor or against the property of any Debtor or Reorganized Debtor with respect to any such Fire Claim;**

    c. **creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Debtor or Reorganized Debtor or the property of any Debtor or Reorganized Debtor with respect to any such Fire Claims;**

    d. **asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Debtor or Reorganized Debtor or against the property of any Debtor or Reorganized Debtor with respect to any such Fire Claim; and**

    e. **taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.**

5. **Assumption of Executory Contracts and Unexpired Leases and Resolution of Cure Disputes**.

    a. Pursuant to Section 8.1(a) of the Plan and Paragraph 32a. of the Confirmation Order, as of July 1, 2020 and subject to the payment of any applicable Cure Amount, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) was the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before June 20, 2020, or (iv) is specifically designated as an executory contract or

3

unexpired lease to be rejected on the Schedule of Rejected Contracts (as such Schedule may be amended).

   b. Pursuant to Section 8.2(c) of the Plan and Paragraph 34 of the Confirmation Order, in the event of an unresolved dispute regarding (i) any Cure Amount, (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or (iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, a "**Cure Dispute**"), such Cure Dispute shall be preserved and may be resolved in due course either consensually without further order of the Bankruptcy Court, or, after notice and an opportunity to be heard, by a Final Order of the Bankruptcy Court, which may be entered after July 1, 2020.

  6. **Time for Filing Rejection Damage Claims; Further Amendments to the Schedules of Assumed and Rejected Contracts**.

   a. Pursuant to Section 8.3 of the Plan and Paragraph 35a. of the Confirmation Order, in the event that the rejection of an executory contract or unexpired lease under the Plan results in damages to the other party or parties to such contract or lease, any Claim for such damages, shall be forever barred and shall not be enforceable against the Debtors or the Reorganized Debtors, or their respective estates, properties or interests in property, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors or the Reorganized Debtors, **no later than thirty (30) days after the later of (i) June 20, 2020, or (ii) the effective date of the rejection of such executory contract or unexpired lease**, as set forth on the Schedule of Rejected Contracts or in an order of the Bankruptcy Court.

   b. Pursuant to Paragraph 32d. of the Confirmation Order:

    i. the Debtors or the Reorganized Debtors have thirty (30) days from June 20, 2020 to file amendments to the Schedule of Assumed Contracts (as defined in the Plan Supplement) and Schedule of Rejected Contracts, to remove executory contracts and unexpired leases previously listed on the Schedule of

4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Assumed Contracts and to add executory contracts and unexpired leases to the Schedule of Rejected Contracts;

    ii. any counterparty to an executory contract or unexpired lease that is added to the Schedule of Rejected Contracts or removed from the Schedule of Assumed Contracts shall have thirty (30) days from the date on which notice of such removal or addition is served on the counterparty to file an objection thereto, which objection may be resolved either consensually without further order of the Bankruptcy Court, or, by a Final Order of the Bankruptcy Court, with any rejection deemed approved as of July 1, 2020; and

    iii. the rejection of any executory contract or unexpired lease added to the Schedule of Rejected Contracts shall be deemed approved by the Bankruptcy Court as of July 1, 2020 if an objection to the addition of such executory contract or unexpired lease to the Schedule of Rejected Contracts is not timely filed as provided above.

For the avoidance of doubt, the counterparty to an executory contract or unexpired lease that is added to the Schedule of Rejected Contracts shall have thirty (30) days to file a claim for rejection damages following the later of (i) July 1, 2020 and (ii) if a timely objection to rejection is filed and is not consensually resolved by the parties, the entry of an order approving the rejection of such executory contract or unexpired lease.

7. **Final Fee Applications**. Pursuant to Section 2.2 of the Plan, all final requests for the payment of Professional Fee Claims against a Debtor, including any Professional Fee Claim incurred during the period from the Petition Date through and including July 1, 2020, must be filed and served on the Reorganized Debtors no later than sixty (60) days after July 1, 2020. All such final requests will be subject to approval by the Bankruptcy Court after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Interim Compensation Order, and any other prior orders of the Bankruptcy Court regarding the payment of Professionals in the Chapter 11 Cases.

5

8. **Certain Documents.** The Confirmation Order, the Plan, the Financing Approval Order, the Fire Victim Trust Agreement, the Fire Victim Claims Resolution Procedures,[2] and the Plan Supplement, can be viewed free of charge at the website for the Debtors' claims and noticing agent, Prime Clerk: https://restructuring.primeclerk.com/pge/. Additionally, copies of such documents may be obtained by accessing the Bankruptcy Court's website: http://www.canb.uscourts.gov. A PACER password and login are needed to access documents on the Bankruptcy Court's website, and can be obtained at http://www.pacer.psc.uscourts.gov.

Dated: July 2, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: */s/ Stephen Karotkin*
     Stephen Karotkin

*Attorneys for Debtors
and Reorganized Debtors*

---

[2] The Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures, among other documents related to the Fire Victim Trust, can also be viewed free of charge at the website for the Fire Victim Trust, https://www.firevictimtrust.com/.