BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSION OF SHARE EXCHANGE AND TAX MATTERS AGREEMENT** |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors** | [No Hearing Requested] |
| **All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

The Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"), hereby submits this motion (the "**Motion**") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Trustee to file the PG&E Fire Victim Trust Share Exchange and Tax Matters Agreement dated as of July 8, 2021 (including all annexes, exhibits, and schedules, the "**Share Exchange Agreement**")[1] by and among PG&E Corporation (the "**Company**"), Pacific Gas and Electric Company (the "**Utility**"), PG&E ShareCo LLC, a wholly-owned subsidiary of the Company the sole purpose of which will be to hold New Shares as described below ("**ShareCo**"), and the Trust (collectively, the "**Share Exchange Participants**"), as directed by the *Order Granting Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Tax Election* [Docket No. 10598] (the "**Approval Order**") with redactions to the annex and certain of the schedules attached to the Share Exchange Agreement (the "**Annex and Schedules**") and to post the Share Exchange Agreement to the Fire Victim Trust Website with the same redactions, (ii) authorizing the Trustee to file under seal an unredacted copy of the Share Exchange Agreement, and (iii) directing that the unredacted copies of the Share Exchange Agreement provided to the Court shall remain under seal and confidential and not be made available to anyone without the consent of the Share Exchange Participants or further order from the Court.

In support of the Motion, the Trustee submits the Declaration of the Honorable John K. Trotter (Ret.) in his capacity as Trustee of the Trust (the "**Trotter Declaration**"), filed contemporaneously

---

[1] The Share Exchange Agreement was referred to as the "Exchange Transaction Agreement" in the *Joint Motion of Reorganized Debtors and Fire Victim Trustee Regarding Exchange Transaction* [Docket No. 10497] (the "**Joint Motion**") and the Approval Order.

herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced the Chapter 11 cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") to address billions of dollars of liabilities related to the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire and to provide compensation to wildfire victims fairly and expeditiously. On June 19, 2020, the Reorganized Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as may be modified, supplemented, or amended from time to time, and together with all schedules and exhibits thereto, the "**Plan**").[2] The Plan addresses the claims of approximately eighty thousand Fire Victims.

On June 20, 2020, the Bankruptcy Court entered the *Order Confirming Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**") and the Effective Date of the Plan occurred on July 1, 2020. Pursuant to the Confirmation Order, on the Effective Date, the Trustee was appointed, and the Trust was established under the Trust Agreement and funded with approximately $5.4 billion in cash and approximately 477 million shares of PG&E Stock. The Confirmation Order provided that the issuance of PG&E common stock (the "**PG&E Stock**") to the Trust pursuant to the Plan was exempt from registration under the securities laws under section 1145 of the Bankruptcy Code, and that such securities would be freely

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

tradable by the recipients thereof subject to certain limited exceptions contained in the Confirmation Order.[3]

On April 5, 2021, the Trustee and the Reorganized Debtors filed the *Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of Grantor Trust Tax Election* [Docket No. 10497] (the "**Joint Motion**"), seeking Court authority to enter into the Share Exchange Agreement. As explained in the Joint Motion and discussed during the April 28, 2021 hearing on the Joint Motion, the Share Exchange Agreement would, among other things, provide a path for the Trust to monetize stock without paying significant taxes on any gain.

On April 29, 2021, the Court entered the Approval Order, which (i) authorized and approved the Share Exchange Agreement, (ii) authorized the Share Exchange Participants to execute, perform and implement the actions and transactions contemplated by the Share Exchange Agreement and ordered that the Trustee's execution of and performance under the Share Exchange Agreement and the implementation thereof is consistent with (a) the authorization provided to the Trustee under the Plan, Confirmation Order and the Trust Documents, and (b) the power, duties and responsibilities granted to the Trustee under the Plan, Confirmation Order and Trust Documents. The Approval Order also directed that "a copy of the fully executed [Share Exchange] Agreement shall be filed with the Court and posted to the Fire Victim Trust Website."

### III. THE SHARE EXCHANGE AGREEMENT

The Share Exchange Participants have now entered into the Share Exchange Agreement, pursuant to which the parties agreed to exchange the 477,743,590 shares of PG&E Stock issued to the Trust pursuant to the Plan (the "**Plan Shares**") for an equal number of newly-issued shares of the Company's Common Stock (the "**New Shares**"). As explained in the Joint Motion and further discussed during the April 28, 2021 hearing on the Joint Motion, the material terms of the Share Exchange Agreement are found in the Exchange Transaction Term Sheet attached to the Joint Motion as Exhibit B.

In order to effect the transactions contemplated by the Exchange Transaction Term Sheet, the Share Exchange Agreement incorporates the Annex and Schedules, certain terms of which are

---

[3] *See* Confirmation Order, ¶¶ 30(a), (b).

commercially sensitive and confidential (the "**Sensitive Information**"), including (i) certain highly confidential identifying data, including Employer Identification Numbers of certain of the Share Exchange Participants,[4] (ii) periodic information updates to be provided to PG&E in confidence, the nature and substance of which the Share Exchange Participants have agreed to keep confidential pursuant to Section 7.04 of the Share Exchange Agreement and the associated Confidentiality Agreement between the Company and the Trust dated April 21, 2021 (as amended by the Share Exchange Agreement)[5] and (iii) certain highly confidential data, such as account numbers and contact information for persons who have the ability to initiate Exchanges, that provides no substantive information related to the Share Exchange Agreement, but which could be used to facilitate actions that could be damaging to one or more of the Share Exchange Participants if publicly disclosed.[6]

The Share Exchange Participants do not believe that the Sensitive Information is necessary to understand the Share Exchange Agreement but believe that publication of the Sensitive Information would be commercially detrimental to one or more of the Share Exchange Participants. Therefore, to protect the Trust and its beneficiaries and the Share Exchange Participants, the Trustee requests that the Court allow the Trust to redact from the Annex and Schedules the Sensitive Information prior to filing the Share Exchange Agreement with the Bankruptcy Court and posting it to the Fire Victim Trust Website.

IV. **BASIS FOR RELIEF REQUESTED**

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

---

[4] This information is found in Annex I to the Share Exchange Agreement.
[5] This information comprises Schedule A to the Share Exchange Agreement.
[6] This information comprises Schedules C, D, E and F to the Share Exchange Agreement.

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors," *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

In these Chapter 11 Cases the Court has authorized the filing under seal of sensitive information in numerous instances. *See, e.g.,* Docket Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted contracts with Quanta Energy Services), 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters), 10626 ( authorizing the sealing and redaction

of documents filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* and partial redaction of that objection itself), and, most recently 10828 (authorizing the sealing and redaction of memorandum of law filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand*).

Here, the information the Trust seeks to redact from the Annex and Schedules is subject to confidentiality agreements between Share Exchange Participants and is commercially sensitive, because, if disclosed, it could be used in furtherance of, among other things, actions that could be damaging to one or more of the Share Exchange Participants if publicly disclosed.

Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. The Trust and its professionals have undertaken to redact only material they believe to be confidential commercial information, and will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the confidential materials *in camera*. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

For the reasons set forth herein, this Court should grant the Trustee's request to redact the Annex and Schedules as appropriate prior to filing the Share Exchange Agreement with the Bankruptcy Court or posting it to the Fire Victim Trust Website.

V. **NOTICE**

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the California Attorney General; (v) the California Public Utilities Commission; (vi) the Nuclear Regulatory Commission; (vii) the Federal Energy Regulatory Commission; (viii) the Office of the United States Attorney for the Northern District of California; and (ix) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the Trustee to this or any other court.

WHEREFORE the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: July 9, 2021

BROWN RUDNICK LLP

/s/ *Eric R. Goodman*
Eric R. Goodman (admitted *pro hac vice*)
David J. Molton (SBN 262075)
Joel S. Miliband (SBN 77438)

Attorneys for the Fire Victim Trustee