KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>        - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 87136, FILED BY SANDRA PEDROIA**<br><br>**Response Deadline:**<br>**July 27, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Date:**<br>Date:  August 10, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases, hereby submit this Objection (the "**Objection**") to Proof of Claim No. 87136 (the "**Claim**"), filed by Sandra Pedroia, solely on the specific ground asserted in the Objection—that the Claim is barred by the applicable statute of limitations. A true and correct copy of the Claim is attached hereto as **Exhibit 1**. The Reorganized Debtors reserve all rights to assert further grounds of objection and all other defenses to the Claim, or to supplement this Objection, should the Court not disallow and expunge the Claim as requested below.

## I. INTRODUCTION

The Claim seeks recompense for property damage that Ms. Pedroia alleges the Debtors caused some ten years ago. Ms. Pedroia was aware of the alleged incident at the time it occurred in 2011—indeed, she contacted the Debtors' claims department within weeks and received compensation from PG&E to repair the damage to her property that is the subject of the Claim—but failed to file suit within California's three-year limitations period for property damage claims, which period expired well before the Petition Date. Accordingly, the Court should disallow and expunge the Claim.

## II. FACTUAL BACKGROUND

1. On February 9, 2011, the Debtors' Law-Claims Section received notice from Ms. Pedroia that her home's water line was leaking, allegedly as a result of a PG&E gas line replacement project on or about January 18, 2011.[2] Declaration of Stephen Schirle, ¶ 3. Although the Debtors' investigation

---

[1] On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

[2] On December 29, 2020, in connection with the parties' formal efforts to resolve the Claim consensually, Ms. Pedroia described the damage as stemming from a "PG&E plastic pipe project" on "approx. 12-14-2011." The discrepancy between that date and the January 18, 2011 date reflected in the Reorganized Debtors' records is immaterial for purposes of this Objection.

2

| | |
|---|---|
| 1 | determined that the leak was likely caused by natural wear and tear of old galvanized pipes and was not |
| 2 | the fault of PG&E, the Debtors paid $3,200 for plumbing repairs. *Id.* ¶ 4. Ms. Pedroia demanded an |
| 3 | additional $5,000 for the inconvenience of being without water during the repairs; as an offer of |
| 4 | compromise, the Debtors hand-delivered a $1,000 check to her, which she destroyed. *Id.* In June 2011, |
| 5 | the Debtors issued her a check for $6,200 in an effort to finally resolve her claim. *Id.* |
| 6 | In late 2012, Ms. Pedroia informed the Debtors that she believed the 2011 leak had also caused |
| 7 | damage to her stair rail and a portion of sidewalk concrete. *Id.* ¶ 5. The Debtors advanced a |
| 8 | construction company $2,000 towards repair of her stairs. *Id.* When Ms. Pedroia elected to retain a |
| 9 | different construction firm for the work, PG&E additionally advanced the second firm $3,000. *Id.* Ms. |
| 10 | Pedroia was unsatisfied with the second firm's work, and terminated it in June 2013. *Id.* |
| 11 | Ms. Pedroia took no legal action with respect to the leak until October 23, 2019, when she filed |
| 12 | the Claim. The Claim alleges $250,000 in property damage stemming from the leak, including "water |
| 13 | damage, mold, mildew, wood rot, foundation damage." |

### III. ARGUMENT

Under section 502(b)(1) of the Bankruptcy Code, a claim must be disallowed if the claim is unenforceable under applicable non-bankruptcy law, including because it is barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, No. SC-14-1189-KuJuKi, 2015 Bankr. LEXIS 580, at *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)). In California, "[a] negligence claim involving damage to real property is governed by a three-year limitations period . . ., which commences to run when the plaintiff knows, or should have known, of the wrongful conduct at issue." *Angeles Chem. Co. v. Spencer & Jones*, 44 Cal. App. 4th 112, 119 (1996) (citing Cal. Code Civ. Proc. §338(b)). Ms. Pedroia concedes that the alleged wrongful conduct occurred in 2011. And she plainly knew of the conduct at the time: she contacted the Debtors' claims department promptly, in February 2011, and over the ensuing two years she sought and received recompense from the Debtors for the same damage to the pipe and her property that are the subject of the Claim. Under black-letter California law, if Ms. Pedroia wished to pursue a claim for any further amounts, she needed to do so

3

within the three-year limitations period. Cal. Code Civ. Proc. §338(b). She did not. Instead, she took no legal action of any sort until October 23, 2019, when she filed the Claim—and by that time the limitations period had long since run. The filing of PG&E's Chapter 11 Cases does not revive claims that were time-barred on the Petition Date. "When the statute of limitations on a claim has expired prior to the filing of the bankruptcy, that claim is barred from recovery in the bankruptcy case." *In re Johnson*, Case No. 1:11-bk-18629-GM, 2015 Bankr. LEXIS 52, at *17 (Bankr. C.D. Cal. Jan. 7, 2015) (citing *Banks v. Gill Distribution Centers, Inc. (In re Banks)*, 263 F.3d 862 (9th Cir. 2001)). Because the Claim is time-barred, it should be disallowed and expunged.

## IV. CONCLUSION

For the reasons stated, the Court should issue an Order disallowing and expunging the Claim.

Dated: July 9, 2021

**KELLER BENVENUTTI KIM LLP**

By: _/s/ David A. Taylor_
David A. Taylor

*Attorneys for Debtors and Reorganized Debtors*

4