| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEPHEN SCHIRLE IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 87136, FILED BY SANDRA PEDROIA**<br><br>**Response Deadline:**<br>**July 27, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Date:**<br>Date: August 10, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Stephen Schirle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Chief Counsel, Litigation, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Debtors**," or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**" in the above-captioned chapter 11 cases. I have been employed as an attorney for the Utility since March 1998. In my current role, I am responsible for managing litigation and pre-litigation matters. I submit this Declaration in support of the *Reorganized Debtors' Objection to Proof of Claim Number 87136, Filed by Sandra Pedroia* (the "**Objection**"), filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of my colleagues elsewhere in the Utility's Law Department, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. On February 9, 2011, the Debtors' Law-Claims Section received notice from Ms. Pedroia that her home's water line was leaking, allegedly as a result of a gas line replacement project by the Utility on or about January 18, 2011.

4. Although the Debtors' investigation determined that the leak was likely caused by natural wear and tear of old galvanized pipes and was not the fault of the Utility, the Debtors paid $3,200 for plumbing repairs. Ms. Pedroia demanded an additional $5,000 for the inconvenience of being without water during the repairs; as an offer of compromise, the Debtors hand-delivered a $1,000 check to her, which she destroyed. In June 2011, the Debtors issued her a check for $6,200 in an effort to finally resolve her claim.

---

[1] On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

5. In late 2012, Ms. Pedroia informed the Utility that she believed the 2011 leak had also caused damage to her stair rail and a portion of sidewalk concrete. The Debtors advanced a construction company $2,000 towards repair of her stairs. When Ms. Pedroia elected to retain a different construction firm for the work, the Utility additionally advanced the second firm $3,000. Ms. Pedroia was unsatisfied with the second firm's work, and terminated it in June 2013.

6. These facts are memorialized in a letter sent by Debtors' Law-Claims Section to Ms. Pedroia on March 2, 2018 and attached hereto as Exhibit 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 9th day of July, 2021.

*/s/ Stephen Schirle*
Stephen Schirle