ROBERT BONTA
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
ERICA LEE, SBN 288151
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov
Erica.Lee@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of
Housing and Community Development

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT'S RESPONSE TO PG&E'S OBJECTION TO PROOF OF CLAIM NO. 56868<br><br>Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: July 28, 2021<br>Time: 10:00 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

The California Department of Housing and Community Development (Department), a creditor in the above-referenced bankruptcy case (Proof of Claim No. 56868), hereby submits this response to the Ninety-third Omnibus Objection to Claims (No Legal Liability Claims) (Dkt. 10808) filed by PG&E Corporation and Pacific Gas and Electric Company (collectively, PG&E).[1]

**INTRODUCTION**

The Department's mission is to promote safe, affordable homes and inclusive, sustainable communities for all Californians. To achieve this end, the Department works to increase the supply of affordable housing, including protecting and regulating the use, construction, sales, occupational licensing, registration, and titling of mobilehomes, manufactured homes, and commercial modulars. Commercial modulars are transportable structures designed and equipped for human occupancy for industrial, professional, or commercial purposes. The Department regulates the titling and registration for commercial modulars pursuant to the Manufactured Housing Act of 1980 (Manufactured Housing Act). The Manufactured Housing Act created a separate specialized statutory scheme for registration and titling of mobilehomes and commercial modulars and provides for the establishment of "permanent title record" and for the "issuance of certificate of title," both of which contain current listings of all security interests. *See*, *T&O Mobilehomes Inc. vs. United California Bank*, 40 Cal. 3d 441, 454 (1985). In this way, the Department acts similarly to how the California's Department of Motor Vehicles acts when it manages titling and registration for automobiles. *Id*.

The Department's claim is based on PG&E's failure to pay the registration renewal fees for 92 commercial modulars between 1998 and 2018. As the registered owner of commercial modulars, PG&E must pay annual registration and licensing renewal fees. Failure to pay these fees results in additional fees and penalties. After 120 days of delinquency, the Department is authorized to assess a delinquency fee and place a lien on the commercial modular record title in favor of the State of California. Once the lien is placed on the record title, the Department of Housing is prohibited by the Manufactured Housing Act from amending the permanent title

---

[1] The Department reserves all rights to supplement this brief with additional legal argument and evidence to the extent PG&E raises additional grounds or arguments with regard to the Department's claim.

record, issuing any new or duplicate certificate of title or registration, or processing a sale or transfer of ownership, until the outstanding fees and penalties are paid.

PG&E objects to the Department's claim by relying on California Code of Civil Procedure section 338(a), which lists the statute of limitations for statutory liens as three years, and section 340(b), which lists the statute of limitations for a penalty owed to the state as one year. The Court should overrule PG&E's objection because the Manufactured Housing Act, and not the Code of Civil Procedure, applies to the liens at issue here. The Manufactured Housing Act is a specific statutory scheme designed to protect the economical transfer of registration and title for manufactured homes and commercial modular (Cal. Health & Safety Code, § 18075 subd. (b)), whereas the Code of Civil Procedure is a statute of general application. And in order to fulfill the Legislature's intent to provide for an orderly and economical transfer of registration and titling, the Manufactured Housing Act cannot be read to include a statute of limitations.

## RELEVANT FACTUAL BACKGROUND

Between June 1998 and December 2018, the registrations expired on 92 commercial modulars owned by and registered to PG&E. (Proof of Claim No. 56868.) After 120 days of delinquency, penalties accrued and the Department placed liens on the commercial modulars' record title pursuant to Health and Safety Code section 18116.1, subd. (b). *Id*. One of the highest amounts owed is $5,089.00 for a single commercial modular with a registration that expired in 1999, and the lowest amount owed is $261.00 for a single commercial modular with a registration that expired in 2018. *Id*. The total amount owed by PG&E is $330,432.00. *Id*.

The Department filed a timely proof of claim in the amount of $330,432.00 (Proof of Claim no. 56868). PG&E filed an objection seeking to reduce the Department's claim. (93rd Omnibus Obj., Dkt. No. 10808). PG&E's objection relies solely on a statute of limitations defense. (*Id*.). PG&E argues that the three-year statute of limitations provision for statutory liens in California Code of Civil Procedure section 338(a) and the one-year statute of limitations provision for statutory penalties in California Code of Civil Procedure section 340(b) reduce the Department's claim. (93rd Omnibus Obj., Ex. 1C & 2A, Dkt. No. 10808). PG&E does not object to the portion of the claim that PG&E concedes is not barred by the one- and three-year statute of

limitations, but PG&E does not calculate that amount. (93rd Omnibus Obj., p. 5, fn. 3).

## ARGUMENT

**I. THE MANUFACTURED HOUSING ACT PREVAILS OVER THE CODE OF CIVIL PROCEDURE AS THE MORE SPECIFIC AND MORE RECENT STATUTORY SCHEME**

California law determines the statute of limitations in this matter. *In re Vortex Fishing Sys.*, 277 F.3d 1057, 1069 (9th Cir. 2002). Under California law, "[i]f conflicting statutes cannot be reconciled, later enactments supersede earlier ones, and more specific provisions take precedence over more general ones." *Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 310 (2000) (*Rumsey*). "Statutes must be construed with reference to the entire statutory scheme of which they are a part so as to harmonize their effect in conformity with legislative intent." *Orange Unified Sch. Dist. v. Rancho Santiago Cmty. Coll. Dist.*, 54 Cal. App. 4th 750, 757 (1997). Courts construe each statute in accordance with its plain language. *Rumsey*, 24 Cal. 4th at 310. And "where statutory language is clear, there is no need to resort to any other indicia of intent." *In re Marriage of Cutler*, 79 Cal. App. 4th 460, 475 (2000), as modified (Apr. 14, 2000).

### A. The Manufactured Housing Act is more specific to the Department's proof of claim than the Code of Civil Procedure

"In seeking to determine which statute of limitations was intended to govern on facts such as those before [it], [the court's] goal is to discern the probable intent of the Legislature so as to effectuate the purpose of the laws in question." *Rumsey*, 24 Cal. 4th at 309-10. And when an irreconcilable conflict exists between statutes, courts apply the statute that is more specific to the case at hand. *See Id.* at 310.

*Rumsey* involved the liability of a widower for the hospital bills of his deceased wife. *Id.* The Supreme Court of California found that Probate Code provisions specifically prescribing a one-year statute of limitations regarding the liability of decedents to be more specific than the Code of Civil Procedure section that prescribed a general four-year limitations period applicable to all open book accounts. *Id.* at 313. In making this ruling, the Court "[examined] the statutes in their context and with other legislation on the same subject" and "in accordance with [each statute]'s plain language." *Id.* at 310; *Orange Unified Sch. Dist.*, 54 Cal. App. 4th at 757. In

looking at legislation on the same subject, the California Supreme Court noted that if it applied the more general statute of limitations set forth in the Code of Civil Procedure, it would lead to an anomalous result not intended by the Legislature, in short, one that would thwart the strong public policy of expeditious estate administration. *Rumsey*, 24 Cal. 4th at 312. The Court therefore applied the more specific provisions in the Probate Code to avoid the anomalous result. *Id.* at 313.

Here, the provisions of the Manufactured Housing Act are more specific to the liens created by them and to what can extinguish those liens. The Manufactured Housing Act is a specific statutory scheme designed to provide an orderly and economical transfer of registration and title for manufactured homes and commercial modulars. Cal. Health & Safety Code § 18075. The Manufactured Housing Act also includes the authority to establish a schedule of fees and penalties to pay the costs of administration and enforcement. *Id*. Under the Manufactured Housing Act, the failure to pay these mandatory fees results in a lien in favor of the State of California. Cal. Health & Safety Code, § 18116.1. On the other hand, Code of Civil Procedure sections 338(a) and 340(b) are general statutes applicable to all statutory liens and penalties paid to the State.

A plain reading of the Manufactured Housing Act shows that there is no statute of limitations regarding a lien incurred for failure to pay fees required by the Manufactured Housing Act. Section 18116.1(b) states that liability starts with the original registration and continues to accrue regardless of any other statute:

> *[n]otwithstanding any other provision of law,* the lien provided for in subdivision (a) shall include all fees and penalties due and unpaid *beginning with the fees for original registration* that became delinquent for 120 days or more and *continue to accrue to include all fees and penalties that subsequently become due and remain unpaid*.

This section specifically disregards the statute of limitations prescribed by California Code of Civil Procedure section 338 when it states "notwithstanding any other provision of law." In addition, the section does not contemplate that the amount owed under the lien would be reduced after a certain number of years. To the contrary, it specifically states that the lien includes all fees

and penalties, beginning with the *original* late fee and including *all* subsequent fees and penalties that become due.

The Department of Housing's liens are not the only debts that do not expire under state law. The Legislature has decided family law money judgments do not have a statute of limitations and exist until they are paid. Cal. Fam. Code § 291, subd. (a). A previous version of section 4502 of the Family Code, before it became governed by Family Code section 291, stated that a judgment for child support was fully enforceable until paid "notwithstanding any other provision of law" and the California Supreme Court held that this phrase "signal[ed] a broad application overriding all other code sections" unless it is specifically narrowed. *Cutler*, 79 Cal. App. 4th at 475. Thereafter, section 291 took the same meaning of "notwithstanding" and simply reworded it as "enforceable until paid in full or otherwise satisfied." Cal. Fam. Code § 4502.

Furthermore, applying the general statutes of limitations in the Code of Civil Procedure would lead to an anomalous result certainly not contemplated by the Legislature. Health and Safety Code section 18116.1(c) states that "[u]ntil the amount of a lien provided for in subdivision (a) or (b) *is paid to the department*, the department shall not [amend title or issue a duplicate certificate of title]." The section does not contain language allowing the Department to act if and when the lien expires. Therefore, if the liens expired according to the general one- and three-year statute of limitations which PG&E advocates, the Department would be in a situation in which it is unable to amend title for property for which the amount of liens had not been paid, but for which the Department could not bring a cause of action to foreclose on the property.

Along the same lines, imposing the general statutes of limitation would undermine and contradict Health and Safety Code section 18116.1(d)(3), which allows the Department to establish a "long term payment program of up to *five* years" for any amounts owed under the Manufactured Housing Act. This section further provides that the Department "may provide that any amounts owing under the [long term] payment program shall constitute a lien in favor of the State of California in the amount owing." The Legislature could not have meant for the lien to expire after 3 years under the Code of Civil Procedure if the Department of Housing is authorized to establish a long-term payment program of up to five years, and for the amounts owed under the

5

five-year payment program to constitute a lien. In this situation, section 18116.1(d)(3)'s five-year payment program would essentially be a program for which only the final one or two years of delinquent fees are paid. Therefore, PG&E's reading of the statutes would contravene the Legislature's intent as determined by plain reading of the section 18116.1. *California Tchrs. Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*, 14 Cal. 4th 627, 632 (1997) ("In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law, whatever may be thought of the wisdom, expediency, or policy of the act.").

The Manufactured Housing Act is the more specific statute and its plain language shows the Legislature did not intend for the liens to expire with the passage of time. To allow such could leave 92 commercial modulars with clouded titles, as the Department cannot amend the titles to show future new owners. Therefore, for these particular statutory liens, PG&E may not free itself of its obligation to pay the delinquent fees and penalties by simply waiting long enough.

**B. The Manufactured Housing Act is the more recent statute**

It is an established principle of statutory construction that a more recent statute will govern and take precedence over an earlier provision. *Palmer v. Agee*, 87 Cal.App.3d 377, 383 (1978). "It is presumed that the Legislature is aware of existing laws when enacting new legislation." *Id*.

Here, Section 18116.1(b) of Manufactured Housing Act, enacted in 1984, is the more recently enacted statute. It was also the most recently amended statute, as it was last amended in 2019, effective January 1, 2020. Section 338 of the Code of Civil Procedure was enacted in 1872 and its most recent amendment became effective January 1, 2019. Section 340 of the Code of Civil Procedure was also enacted in 1872. The legislature was therefore aware of the language of sections 338(a) and 340(b) when it enacted section 18116.1(b) and chose to impose a statutory lien that would include all fees owed "notwithstanding" the statutes of limitation in the Code of Civil Procedure.

//

//

//

# CONCLUSION

For the forgoing reasons, the Department respectfully requests that the Court overrule PG&E's objection to the Department's proof of claim.

Dated: July 14, 2021                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
ERICA LEE, SBN 288151
Deputy Attorney General

By: /s/ Erica Lee
Erica Lee
Deputy Attorney General


STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP


By: /s/ Paul J. Pascuzzi
Paul J. Pascuzzi

Attorneys for California Department of Housing and Community Development

# PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On July 14, 2021, I served the within documents:

**CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT'S RESPONSE TO PG&E'S OBJECTION TO PROOF OF CLAIM NO. 56868**

By Electronic Service only via CM/ECF.

*/s/ Susan R Darms*
Susan R. Darms