WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' EIGHTH SECURITIES CLAIMS OMNIBUS OBJECTION (NO BASIS FOR CLAIM – FAILURE TO PROVIDE ANY TRADING INFORMATION)**<br><br>**Response Deadline:** August 11, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: August 25, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

# TABLE OF CONTENTS

|      |                                                                                              | Page |
|------|----------------------------------------------------------------------------------------------|------|
| I.   | JURISDICTION                                                                                 | 2    |
| II.  | BACKGROUND                                                                                   | 2    |
| III. | RELIEF REQUESTED                                                                             | 5    |
| IV.  | ARGUMENT                                                                                     | 6    |
|      | A. The Claims Should be Disallowed and Expunged                                              | 6    |
|      |    1. The Claims are not Prima Facie Valid                                    | 7    |
|      |    2. The Claims are Subject to Disallowance as Unenforceable Against the Reorganized Debtors | 8 |
|      | B. The Claimants Bear the Burden of Proof                                                    | 10   |
|      | C. The Claims May Be Objected to by an Omnibus Objection                                     | 10   |
| V.   | RESERVATION OF RIGHTS                                                                        | 11   |
| VI.  | NOTICE                                                                                       | 11   |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Campbell v. Verizon Wireless S-CA (In re Campbell)*,
    336 B.R. 430 (B.A.P. 9th Cir. 2005) ................................................................................ 7, 8

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ............................................................................................................. 6

*Freeman Invs., L.P. v. Pac. Life. Ins. Co.*,
    704 F.3d 1110 (9th Cir. 2013) ............................................................................................. 6

*Ganas v. Wells Fargo Bank, N.A. (In re Ganas)*,
    513 B.R. 394 (Bankr. E.D. Cal. 2014) ................................................................................ 8

*Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*,
    331 B.R. 424 (B.A.P. 9th Cir. 2005) ............................................................................... 7, 8

*In re Lasky*,
    364 B.R. 385 (Bankr. C.D. Cal. 2007) ............................................................................ 8, 9

*Sepehry-Fard v. Nationstar Mortg. LLC*,
    No. 14-CV-03218-LHK, 2015 WL 332202 (N.D. Cal. Jan. 26, 2015) ............................... 6

*Sierra v. Hoskins*,
    530 F. App'x 619 (9th Cir. 2013) ........................................................................................ 8

**Statutes**

11 U.S.C. § 101 ............................................................................................................................. 3

11 U.S.C. § 502 ............................................................................................................... 2, 5, 6, 7

15 U.S.C. § 78u-4 ......................................................................................................................... 6

28 U.S.C. § 157 ............................................................................................................................. 2

28 U.S.C. § 1334 ........................................................................................................................... 2

28 U.S.C. § 1408 ........................................................................................................................... 2

28 U.S.C. § 1409 ........................................................................................................................... 2

Bankruptcy Code chapter 11 ................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 (PSLRA) ....................................................... 6

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Other Authorities**

Bankruptcy Local Rule 3007-1 ................................................................................................... 5

Bankruptcy Local Rule 5011-1 ................................................................................................... 2

Fed. R. Bankr. P. 2002 ............................................................................................................... 12

Fed. R. Bankr. P. 3001 ...................................................................................................... 7, 8, 10

Fed. R. Bankr. P. 3003 ............................................................................................................ 2, 5

Fed. R. Bankr. P. 3007 ..................................................................................................... 2, 5, 10

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this eighth securities claims omnibus objection (the "**Objection**") to the claims identified in the column headed "Claim to be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**" and the holders of the Claims, the "**Claimants**"). Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Edward J. Radetich, Jr., dated July 14, 2021 (the "**Radetich Declaration**").

This Objection seeks to expunge certain proofs of claim that on their face provide no basis for their asserted Claims and that were submitted by Claimants who have failed, despite multiple notices, to provide any trading data whatsoever that would indicate that they even traded in PG&E securities. Specifically, each of the Claimants submitted a proof of claim without any supporting trading information and failed, despite multiple requests by the Reorganized Debtors, to supply such information. Nevertheless, despite these multiple failures, if any Claimant supplies the necessary trading information in response to this Objection, the Reorganized Debtors will remove such Claim from the Objection and the proposed order.

Pursuant to this Court's *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, dated January 25, 2021 [Docket No. 10015] (the "**Securities Claims Procedures Order**"), the Reorganized Debtors sent out a notice to each of these Claimants to provide trading data. This notice provided each Claimant forty-five (45) days to provide this data. Having failed to provide any trading data following the expiration of this forty-five (45) day period, consistent with the Securities Claims Procedures Order, each Claimant was then sent a notice reminding them of their obligation to provide trading information and extending the date for such submission for an additional fourteen (14) days after the mailing of the reminder. Notwithstanding the requirement in the proof of claim form to provide this information and these two notices (allowing more than two months to provide the necessary trading information), the Claimants have not provided any trading information with respect

to their Claims. As such, the Claims on their face provide no basis whatsoever for any recovery against the Reorganized Debtors.

This Objection now provides a fourth opportunity for the Claimants to provide the necessary trading information. Any Claimant who still fails to provide the requested information should have their Claim disallowed and expunged.

This Objection does not raise a technical defect. Based on the Claims and the information (or lack of information) provided therein, there is no basis to find that the Claimants hold valid securities-based claims against the Reorganized Debtors. Accordingly, each of the Claims is subject to disallowance pursuant to section 502(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**").

The Reorganized Debtors have already submitted an objection to similarly situated claims in the *Reorganized Debtors' Seventh Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)*, dated June 16, 2021 [Docket No. 10788].

## I. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of the Bankruptcy Code and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date Order required any person who had a prepetition claim to file that claim by the Initial Bar Date. Notice of the Initial Bar Date was disseminated widely pursuant to the Bar Date Order, including, to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Initial Bar Date.

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") solely with respect to certain claimants that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"), who believed they may have claims (the "**Securities Claims**") against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). In so doing, the Court reasoned that it was appropriate to "set a reasonable bar date to allow class members to file individual proofs of claim." *Memorandum Decision Regarding Motion to Apply Rule 7023*, dated February 24, 2020 [Docket No. 5887].

Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims and a form of notice of the Extended Securities Bar Date (the "**Rescission and Damage Proof of Claim Form**"). Annex A of the Rescission and Damage Proof of Claim Form specifically requires a claimant under penalty of perjury to provide relevant information in trade-level detail, including the specific security traded, the dates of acquisition and/or sale (where applicable), the amount and cost of the securities, as well as the claimant's securities holdings at the

beginning and end of the Subject Period. In other words, to support a securities-related claim, the proof of claim form approved by the Court requires a claimant to, at a bare minimum, provide information establishing that the claimant traded in PG&E securities, identify the specific security, and identify the specific trades.

Notwithstanding this requirement of the Court and the plain language of the Rescission and Damage Proof of Claim Form requiring this information, thousands of securities claimants did not provide the required trading information, and many provided no trading information whatsoever.

On January 25, 2021, the Court entered the Securities Claims Procedures Order [Docket No. 10015], pursuant to which the Court approved, among other things, procedures to require claimants to provide the trading information necessary to allow the Reorganized Debtors to evaluate (and calculate potential damages for) each individual Securities Claim (the "**Securities Claims Information Procedures**"). *See* Securities Claims Procedures Order, Ex. A-1. These procedures thus required claimants who had failed to provide the necessary information with their Rescission and Damage Proof of Claim Form to correct this deficiency. The Court also approved procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"). *See* Securities Claims Procedures Order, Ex. A-3.

The Claimants, who are the subject of this Objection, filed proofs of claim that contained <u>no</u> trading information whatsoever with respect to their Claims—notwithstanding the plain instructions in the Rescission and Damage Proof of Claim Form. Pursuant to the Securities Claims Information Procedures, on March 12, 2021, the Reorganized Debtors mailed each Claimant—at every mailing address listed on their respective proofs of claim—a request for the trading information that should have been provided with the Rescission and Damage Proof of Claim Form (the "**Trading Information Request Form**") and a copy of the Securities Claims Information Procedures (collectively, the "**Claim Information Materials**"). *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.A; Radetich Decl. ¶ 9.

As the Claimants here provided no information, each Trading Information Request Form requested that they provide all trading information initially required by the Rescission and Damage Proof of Claim Form. *See* Radetich Decl. ¶ 9. Consistent with the Securities Claims Procedures Order, the Claim Information Materials informed the Claimants that they had forty-five (45) days to complete and

return the Trading Information Request Form (the "**Information Deadline**"). *See* Radetich Decl. ¶ 11; Securities Claims Procedures Order, Ex. A-1 ¶ I.A. The recipients of the Claim Information Materials were also expressly informed that: "Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s) on the basis that the information provided is insufficient to establish Debtors' liability or some other basis." *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D.

The Claimants did not comply with the Trading Information Request Forms and failed to provide any trading information. *See* Radetich Decl. ¶ 13. On May 12, 2021, pursuant to the Securities Claims Information Procedures, the Reorganized Debtors sent an information reminder (the "**Reminder**") to each Claimant with respect to each Claim. *See* Radetich Decl. ¶ 14; Securities Claims Procedures Order, Ex. A-1 ¶ I.D.[1] Consistent with the Securities Claims Information Procedures, the Reminder provided each Claimant a third opportunity to provide trading information that would support a claim against the Reorganized Debtors, and an additional fourteen (14) days to provide it (the "**Reminder Deadline**"). *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D. Notwithstanding the three prior opportunities to provide a basis for their claims and any trading information to support that basis, the Claimants did not provide trading information. *See* Radetich Decl. ¶ 16. As such, to date, the Reorganized Debtors have not received any trading information whatsoever from the Claimants. *See* Radetich Decl. ¶ 17.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003(c)(2) and 3007(d)(4), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and/or expunging certain claims where the Claimants have not provided any trading information and, as such, have left the Reorganized Debtors unable to assess whether the claims are potentially valid or determine the quantum of liability (if any) of the Reorganized Debtors. Absent such data, these Claims are not entitled to prima facie validity and are subject to disallowance on the basis of no liability. The Claims are identified on **Exhibit 1** hereto. For

---

[1] The Reorganized Debtors transmitted the Information Reminders by e-mail and regular, first-class mail to every e-mail and mailing address listed on the proofs of claim. *See* Radetich Decl. ¶ 14.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the reasons set forth herein, the Reorganized Debtors request that the Claims be disallowed and expunged under section 502(b)(1) of the Bankruptcy Code.

## IV. ARGUMENT

### A. The Claims Should be Disallowed and Expunged

The absence of any information establishing that the Claimants held PG&E securities and conducted any trading whatsoever is fatal to a potential claim. *See Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1117 (9th Cir. 2013) ("[O]nly purchasers and sellers of securities have standing to bring a private securities fraud action.") (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731–32, 749 (1975)); *Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *19 (N.D. Cal. Jan. 26, 2015) ("In general, '[o]nly a purchaser or seller of securities has standing to bring an action' for securities fraud.") (citing *Binder v. Gillespie*, 184 F.3d 1059, 1067 (9th Cir. 1999) (alteration in original)). Because none of the Claims present any trading data whatsoever, each of the Claimants have failed to allege, let alone demonstrate, the ownership and trading of PG&E securities necessary to establish the most essential building block of a potential claim. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005) ("In cases involving publicly traded securities and purchases or sales in public securities markets, [private securities fraud] action's basic elements include . . . (3) a connection with the purchase or sale of a security") (emphasis omitted). Similarly, the Private Securities Litigation Reform Act of 1995 recognizes that the provision of basic trading information as part of a securities claim is essential and requires plaintiffs to file a sworn certification that, amongst other things, "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). Without the basic information needed to establish an enforceable claim against the Debtors, each Claim is subject to disallowance pursuant to section 502(b)(1) of the Bankruptcy Code.

The Securities Claims Procedures Order is clear that the Reorganized Debtors may object to the Claims on the grounds that failure to provide necessary trading information creates a failure to establish the basic elements of a securities claim. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C.4. Indeed, when entering the Securities Claims Procedures Order, this Court observed: "if a securities fraud claimant is unwilling or unable to complete the trading information request form . . . [the appropriate

remedy] is to require the debtors to frame an objection along the lines of stating, for example, that the information is not sufficient to provide a basis to establish the liability." Dec. 4, 2020 Hr'g Tr. at 14:8–16. Accordingly, the Securities Claims Information Procedures state: "Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s) on the basis that the information provided is insufficient to establish Debtors' liability or some other basis." *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D. Here, there is no basis for establishing that the Claimants have securities claims against the Reorganized Debtors, and the Claims should thus be disallowed under section 502(b)(1) of the Bankruptcy Code.

### 1. The Claims are not Prima Facie Valid

Bankruptcy Rule 3001 requires that a proof of claim conform substantially to the appropriate form and contain supporting information.[2] A proof of claim that fails to comply with Bankruptcy Rule 3001 does not enjoy prima validity pursuant to Rule 3001(f). *See Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 433 (B.A.P. 9th Cir. 2005) ("Claims that do not meet the standards of Rule 3001(c) lack prima facie validity."); *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 432 (B.A.P. 9th Cir. 2005) ("[A] proof of claim filed without sufficient documentation does lack prima facie validity: the claim very likely will not survive a bona fide legal or factual objection absent an adequate response by the creditor."); *Ganas v. Wells Fargo Bank, N.A. (In re Ganas)*, 513 B.R. 394, 400 (Bankr. E.D. Cal. 2014) ("Not all Proof of Claims are deserving of this presumption of prima facie validity, however; only a properly completed and filed proof of claim is prima facie evidence of the validity and amount of a claim. A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f)."); *In re Lasky*, 364 B.R. 385, 389 (Bankr. C.D. Cal. 2007) ("[A] proof of claim that lacks sufficient support under Rule

---

[2] Bankruptcy Rule 3001(a) governs form and content: "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). Bankruptcy Rule 3001(c)(1) governs the required supporting information: "[W]hen a claim…is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c)(1).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3001(c) and (f) does so at its own risk. That proof of claim will lack prima facie validity."). Here, the form of securities-based claims in these Chapter 11 Cases is governed by the Extended Securities Bar Date Order and the Securities Claims Information Procedures.

Although required as part of the proof of claim and further mandated by the Securities Claims Information Procedures, the Claimants have not provided the Reorganized Debtors with any trading information to support their Claims. Without this underlying information, the Claims are not entitled to prima facie validity under Rule 3001(f). In the absence of prima facie validity, the burden of proof is on the Claimants to establish the validity of the Claims through affirmative evidence.

### 2. The Claims are Subject to Disallowance as Unenforceable Against the Reorganized Debtors

Ninth Circuit law is clear that, where a claim lacks supporting information, the filing creditor has an obligation to respond to formal or informal requests from the debtor for information to substantiate their claim. *See In re Heath*, 331 B.R at 436 ("[C]reditors have an obligation to respond to formal or informal requests for information."). If the creditor does not provide the requested information, especially when the debtor has made a specific request for certain information necessary to validate the claim, "that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim." *Id.* at 437. Indeed, the Ninth Circuit adopted *Heath*'s reasoning when affirming the disallowance of an unsupported proof of claim. *Sierra v. Hoskins*, 530 F. App'x 619, 620 (9th Cir. 2013) ("If the creditor does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim . . . thereby coming within Section 502(b)'s grounds to disallow the claim.").[3] Here, due to the Claimants' failure to respond to the

---

[3] *See also In re Campbell,* 336 B.R. at 436 ("We emphasize, as we did in *Heath*, that a creditor who files a proof of claim that lacks sufficient support under Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack prima facie validity, so any objection that raises a legal or factual ground to disallow the claim will likely prevail absent an adequate response by the creditor. Moreover, a creditor's lack of adequate response to a debtor's formal or informal inquiries 'in itself may raise an evidentiary basis to object to the unsupported aspects of the claim…thereby coming within Section 502(b)'s grounds to disallow the claim.'"); *In re Lasky*, 364 B.R. at 389 ("None of this is to say that debtors are without any remedy when presented with a proof of claim that is supported by scant to no evidence…a creditor's lack of adequate response to a debtor's formal or informal inquiries 'in itself

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Reorganized Debtors' information requests, each of the Claims is entirely unsupported and, thus, subject to disallowance.

The proofs of claim subject to this Objection do not contain *any* underlying trading data—which, as this Court recognized in entering the Securities Claims Procedures Order, is necessary to properly assess the prima facie validity, if any, of each securities-based claim. In an attempt to allow the Claimants to remedy this issue, on March 12, 2021, the Reorganized Debtors mailed separate Trading Information Request Forms to each Claimant with respect to each Claim. *See* Radetich Decl. ¶ 9. Each Trading Information Request Form contained a clear statement (in all capitalized letters to emphasize the importance of the requirement) that "THE TRADING INFORMATION REQUESTED IS REQUIRED TO BE PROVIDED ACCORDING TO THE BANKRUPTCY COURT'S JANUARY 25, 2021 ORDER, AND THE PROVISION OF THIS TRADING INFORMATION IS A NECESSARY STEP IN RECEIVING AN OFFER FROM PG&E TO SETTLE YOUR CLAIM." *See* Radetich Decl. ¶ 10. The Claim Information Materials further cautioned the Claimants that a failure to respond might subject the Claims to a formal objection and disallowance. *See* Securities Claims Procedures Order, Ex. A-1 ¶ I.D. Yet, the Claimants here did not provide any responses to these requests. *See* Radetich Decl. ¶ 13. On May 12, 2021, the Reorganized Debtors provided—by both first class mail and e-mail—each Claimant with the Reminder, affording each Claimant an additional opportunity to provide information required by both the original Rescission and Damage Proof of Claim Form and the Trading Information Request Form. The Reminder provided an additional fourteen (14) days to supply trading information. *See* Radetich Decl. ¶ 14. Approximately two months later—and four months after the Trading Information Request Form mailings—the Claimants have not provided the Reorganized Debtors with trading information. *See* Radetich Decl. ¶ 17.

Thus, based on the lack of any trading information provided by these Claimants, it is impossible to determine whether the Claimants have prima facie claims or traded in PG&E securities at all. As such, there is simply no legal or factual basis to conclude that these Claimants have any claims at all against the Reorganized Debtors or the basis for those claims. Here, because the Claimants have failed

---

may raise an evidentiary basis to object to the unsupported aspects of the claim…thereby coming within Section 502(b)'s grounds to disallow the claim.").

to provide any trade-level data, it is not only impossible to determine *whether* the Claimants ever owned PG&E securities, but also impossible to determine *when* they supposedly acquired or disposed of those securities.

As noted above, the Objection provides Claimants with a fourth opportunity to provide necessary trading information to substantiate their claims. If Claimants refuse to provide this information after a fourth opportunity, the Court should disallow the Claims.[4]

### B. The Claimants Bear the Burden of Proof

As set out above in subsection IV.A.1, because the Claimants have not provided the Reorganized Debtors with any trading information to support the Claims, the Claims are not entitled to prima facie validity under Bankruptcy Rule 3001(f). In the absence of prima facie validity, any Claimants who believe their claim is valid have the burden of proof to present affirmative evidence to demonstrate the validity of their claim.

### C. The Claims May Be Objected to by an Omnibus Objection

Bankruptcy Rules 3007(d) and (e) and the Securities Omnibus Objection Procedures govern omnibus objections to claims based on the purchase or acquisition of PG&E securities in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures, objections to more than one claim may be joined if the objections are based on a common basis under applicable bankruptcy or non-bankruptcy law. Rule 3007(d)(6) allows for objections on the basis that the "[claims] were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6). As set forth above, the basis of this Objection is that the Claims are not valid because they do not provide the necessary trading information required by the Rescission and Damage Proof of

---

[4] To be clear, this Objection does not encompass claimants who have provided *some*, albeit incomplete and in some cases materially incomplete, trading information, or even claimants who have contacted the Reorganized Debtors in response to the Trading Information Request Form or Information Reminder, but not yet provided any information. The Reorganized Debtors are continuing to work with these claimants to obtain the required and necessary information to be able to assess their claims, including whether there is any basis for such claims. If such required and necessary trading data is not provided, the Reorganized Debtors may seek to disallow such claims in a subsequent omnibus objection.

Claim Form, and thus do not provide any valid basis for the potential claim. These errors were then not corrected despite two notices, provided pursuant to this Court's Securities Omnibus Objection Procedures, designed to provide multiple opportunities for claimants to provide necessary trading information. As a result, the Claimants here have not set forth any discernable claims. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection. The Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Omnibus Objection Procedures ¶ I.J.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those

persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: July 14, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*
      Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*