KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF RENEE RECORDS IN SUPPORT OF REORGANIZED DEBTORS' NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (PASSTHROUGH CLAIMS)**<br><br>**Response Deadline:**<br>**August 11, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  August 25, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Renee Records, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Claims Manager at Pacific Gas and Electric Company (the "**Utility**" or "**PG&E**," and, with PG&E Corporation, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Ninety-Eighth Omnibus Objections to Claims (Passthrough Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith, with respect to the Proof of Claim listed on **Exhibit 1B** to the Omnibus Objection.[2]

2. As part of my job duties, I manage, administer, and monitor third-party claims, investigations, and incidents for final determination of property damage, bodily injury, and business interruption. I oversee department caseload to ensure integrity and regulatory compliance. I develop and present key analysis and reporting to enterprise officers, operations managers, and clients regarding third-party incidents.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E personnel working under and alongside me on this matter, my discussions with the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

4. The Omnibus Objection is directed to those Proofs of Claim (the "**Passthrough Proofs of Claim**"), which are identified in **Exhibit 1A** and **Exhibit 1B** to the Omnibus Objection, in the columns headed "Claims To Be Expunged," and referred to in the Omnibus Objection as either "Customer No Liability / Passthrough Claims" or "Post-Petition Claims." **Exhibit 1B** was prepared by the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

[2] I understand that objections to the Proofs of Claim set forth on **Exhibit 1A** to the Omnibus Objection are supported by the Declaration of Robb McWilliams that is being submitted concurrently with this Declaration, and they are not the subject of this Declaration.

AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared.

5. The Post-Petition Claim identified on **Exhibit 1B** is Proof of Claim No. 107052 by Clyde Morton, (the "**Morton Claim**"). Based on a review of the Morton Claim, the Reorganized Debtors have determined that the Morton Claim is based on damages that allegedly occurred post-petition, as a result of construction by a PG&E contractor that began in late January 2019 and continued through April 2019, and accordingly, the Reorganized Debtors object to the Morton Claim at this time on the basis that it does not assert a prepetition liability.

6. Claims for post-petition liability, to the extent that they are allowed in the ordinary course or pursuant to the Plan, will be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and Section 2.1 of the Plan, and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of such Claims should be expunged and the asserted claim may be resolved in the ordinary course of business.

7. If not expunged, the Passthrough Proof of Claim potentially could allow the applicable Claimant to receive recoveries to which he is not entitled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this fifteenth day of July, 2021, in San Ramon, California.

/s/ Renee Records
Renee Records