KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone:     (310) 409-0400
Facsimile:     (310) 409-0401

*Attorneys for PricewaterhouseCoopers LLP*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**OPPOSITION TO *EX PARTE* APPLICATION OF THE FIRE VICTIM TRUSTEE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON PRICEWATERHOUSECOOPERS LLP EMPLOYEE HUGH LE** |

PricewaterhouseCoopers LLP ("PwC") opposes the *Ex Parte* Application (the "Application") filed by the trustee of the PG&E Fire Victim Trust (the "Trustee") for entry of an order authorizing service of a subpoena for the examination of PwC employee Hugh Le through testimony and the production of documents (the "Deposition Subpoena"). The Application should be denied for the independent reason that it was brought in violation of this Court's clear rules regarding discovery applications. It should also be denied on the merits for failure to show that cause exists to issue the Deposition Subpoena at this time.

PwC understands that debtor PG&E has produced thousands of pages of documents to the Trustee related to PwC's consulting work for PG&E. Additionally, PwC itself has produced over 1,500 pages of documents to the Trustee following a year-long, cooperative meet-and-confer process with the two law firms that previously represented the Trustee and his predecessor, the Official Committee of Tort Claimants. Further, all three sets of counsel representing the Trustee or his predecessor have acknowledged that the scope of the Documents Subpoena is limited to causation of the wildfires at issue, the last of which occurred in 2018. Yet, despite all of this, the Trustee fails to offer any factual support for its statement in the Application that "Mr. Le acted in a key capacity for PwC in providing wildfire safety consulting services to PG&E." App. at 2:25-26.

The Application is a thinly veiled attempt by the Trustee to fully brief discovery disputes concerning the subpoena for documents previously served on PwC (the "Documents Subpoena") before the informal discovery conference with the Court, in violation of this Court's rules, policies and procedures. As such, the Court should summarily deny the Application, without prejudice. In the alternative, the Court should vacate the discovery conference set for tomorrow, July 16, 2021, and set this matter for hearing at least two weeks from the date of filing of the Application at a time that is convenient for the Court, with PwC's responsive brief due on July 23, 2021, to allow PwC a fair and reasonable opportunity to respond more fully to the Trustee's lengthy Application.[1]

---

[1] It seems the Trustee was preparing the Application over the past couple of weeks instead of meeting and conferring with PwC in good faith. PwC was forced to prepare this Opposition in less than two days. If the Trustee is authorized to serve the Deposition Subpoena, PwC will likely

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# I. THE PROCEDURALLY IMPROPER *EX PARTE* APPLICATION

The Trustee failed to provide any notice of the Application or engage in a meaningful meet-and-confer discussion with PwC's counsel regarding the specific request to depose Mr. Le on the same issues it seeks to place before the Court through a discovery conference. *See* Declaration of Matthew J. Cave ("Cave Decl.") ¶ 2. The Application is also improper in that it purports to address all of the ongoing discovery disputes regarding the Documents Subpoena, including those disputes subject to ongoing meet-and-confer efforts, under the guise of an ostensibly more limited *ex parte* request to take a single deposition. Stated simply, the Trust is attempting to bypass both the Local Rules and this Court's Policies and Procedures with respect to discovery disputes by filing in advance of the discovery conference an eleven-page brief and eight-page declaration (eighty-four pages with exhibits) instead of the required "brief email describing the dispute." Practices and Procedures in Judge Montali's Court, III.F; *see also* N.D. Cal. Local Civ. Rule 37-1.

# II. PWC'S COMPLIANCE WITH THE DOCUMENTS SUBPOENA

The premise of the Trustee's Application is that Hugh Le, a PwC employee, must be deposed because PwC has "blatantly failed to produce large categories of documents responsive to the [Documents Subpoena]." App. at 3:2-3. That is false.

### A. PwC has made extensive efforts to comply with the Deposition Subpoena.

PwC made seven productions of documents throughout 2020, totaling more than 1,500 pages, in response to the Documents Subpoena. Cave Decl. ¶ 3. PwC's productions followed extensive *and cooperative* meet-and-confer discussions with Baker Hostetler, representing the Official Committee of Tort Claimants, and then Brown Rudnick, representing the Trustee. *Id.* After PwC's seventh production in December 2020, PwC's counsel heard nothing further from the Trustee for nearly five months. *Id.* ¶ 4. PwC's counsel reasonably assumed that they had satisfied the Trustee's inquiries. *Id.* However, in late April 2021, the Trustee's current counsel surfaced

---

file a motion to quash.

and immediately accused PwC of "willful failure" to comply with the Documents Subpoena and demanded from PwC "all contracts" and "all deliverables" related to its work for PG&E over an eight-year period, including after the last wildfire at issue (the 2018 Camp Fire), in a "final effort to meet and confer." *See* Declaration of Sarah Kelly-Kilgore, Ex. 4.[2] They demanded "an unqualified written representation" that PwC would produce "all contracts" and "all deliverables"—completely ignoring the progress that had been made over the previous year with predecessor counsel—within a week. *See id.* The Trustee's current counsel apparently never spoke with predecessor counsel or has chosen to ignore this detailed history, opting instead to restart the entire meet-and-confer process just two months ago.

    **B. The parties are engaged in an ongoing meet-and-confer process that has resulted in PwC agreeing to produce additional documents.**

  During the past several weeks, PwC has been actively engaged in ongoing meet-and-confer efforts with the Trustee. Cave Decl. ¶ 5. Through those discussions, PwC and the Trustee have narrowed some of their disputes over the Documents Subpoena. The Trustee initially demanded from PwC "all contracts" and "all deliverables" related to its work for PG&E (a facially unreasonable demand) over an eight-year period, but the focus has since narrowed to four specific projects: (1) the Public Safety Power Shut-off program ("PSPS"); (2) the Engineering, Procurement, and Construction Cross-Cutting program ("EPC CC"); (3) the Community Wildfire Safety Program ("CWSP"); and (4) the General Rate Case ("GRC").

  PwC has informed the Trustee that all contracts with PG&E related to PSPS and the EPC CC either have been or will be produced, assuming that PG&E does not assert attorney-client privilege or work product protection over the few PSPS and EPC CC contracts that have not yet been produced.[3] *Id.* ¶ 6, Ex. A. PwC has also informed the Trustee that it cannot produce certain contracts related to CWSP because PG&E's counsel has asserted PG&E's attorney-client privilege or work-product protection over such documents. *Id.*

---

[2] The Declaration of Sarah Kelly-Kilgore was filed by the Trustee in support of the Application.

[3] The Trustee's statement that "PwC has still refused to commit to making any further production of documents to the Trust" is false. *See* App. at 7:9-10.

OPPOSITION TO *EX PARTE* APPLICATION OF THE FIRE VICTIM TRUSTEE

The Trustee states in the Application that PwC has not produced any contracts related to "CWSP or PSPS during the critical period leading up to the November 2018 Camp Fire." App. at 5:10-11. With respect to PSPS, that is because *there are no contracts* between PwC and PG&E that pre-date 2019, which PwC told the Trustee previously.[4] *Id.* With respect to CWSP, as noted above, PG&E has asserted attorney-client privilege or work-product protection over such documents, thereby precluding PwC from producing them.

The remaining disputes over the Documents Subpoena—to be discussed with the Court at the discovery conference—involve the GRC and deliverables for the aforementioned projects. PwC has declined to produce deliverables because the Trustee has not yet explained how any of the projects relate to *causation* of the wildfires at issue. For example, PSPS contracts post-dating the 2018 Camp Fire could not possibly relate to the cause of that wildfire.[5] And, PwC cannot produce deliverables for any project over which PG&E has asserted its own attorney-client privilege or work-product protection.

Finally, the Trustee's rationale for why documents related to the GRC are relevant to causation of the wildfires at issue—that *any* advice which would allocate funds to projects other than wildfire safety could establish causation—is an extreme stretch of causation, let alone logic.

Contrary to the Trustee's representations in the Application, PwC has engaged in good faith in the ongoing meet-and-confer process concerning the Documents Subpoena, and the parties have made progress in resolving at least some of their disputes. Nevertheless, the Trustee seems dead-set on forcing the Court to intervene in this process.[6] Of course, neither the Application nor

---

[4] Presumably the Trustee would know this from reviewing the thousands of pages of documents produced by PG&E.

[5] PwC agreed to produce these contracts as a show of good faith and notwithstanding its position that they fall outside the scope of the Documents Subpoena.

[6] The Trustee takes issue with the fact that a couple of months have passed while the parties have been meeting and conferring. *See* App. at 6:22-24. But the Trustee ignores the year-long meet-and-confer process that took place before its current counsel entered the scene and the nearly five months that passed at the beginning of this year while he was "investigating claims against PwC." *See id.* at 2:13-14. As the Trustee's counsel has conceded during meet-and-confer calls with the undersigned counsel, there is no real urgency such that the Court must intervene at this time.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

this Opposition is the appropriate place to address these disputes under the Court's rules, policies and procedures.

### III. NO CAUSE EXISTS TO ISSUE THE DEPOSITION SUBPOENA AT THIS TIME

#### A. The Court should resolve disputes over scope before issuing any deposition subpoena.

In the bankruptcy proceeding, Exhibit E of the Plan Supplement lists the rights and causes of action assigned to the Trust, including those that arose prior to the January 29, 2019 Petition Date "relating to the cause of any of the Fires that the Debtors [PG&E] may have against . . . consultants who performed services *before* the allegedly relevant fire and where such claims relate to an alleged *failure* of the . . . consultant *to provide the contracted services in the manner required by the applicable contract*." (ECF No. 7030 (emphases added).) During the year-long meet-and-confer process with the Trustee's predecessor counsel, both parties understood that the scope of the Documents Subpoena was limited to causation of the wildfires at issue. However, it seems that the Trustee's current counsel interprets the assigned claims, and thus the scope of any subpoenas, much more broadly. *See* App. at 7-9. This dispute should be resolved before the Court issues any more subpoenas, including the requested Deposition Subpoena, given that it will affect every discovery matter going forward.

#### B. The Trustee has failed to show cause to take Hugh Le's deposition.

As discussed above, the premise of the Application—that PwC has refused to produce documents—is false. The Court should allow the meet-and-confer process concerning the Documents Subpoena to finish before considering issuing the requested Deposition Subpoena.

The Trustee additionally argues that PwC employee Hugh Le should be deposed because (1) Mr. Le received a litigation hold notice from PG&E related to the 2017 North Bay Fires and (2) Mr. Le is on a few emails with PG&E addressing administrative issues before the Camp Fire. Neither ground provides cause for the Trustee to depose Mr. Le.

The litigation hold notice referenced by the Trustee was sent to 27 PwC employees (and presumably many more employees of other consultants to PG&E). Such a notice, as the Court knows, is merely to ensure preservation of potentially relevant documents. Indeed, as the Trustee

himself notes, Mr. Le received the notice simply because he "potentially" performed work related to the 2017 North Bay Fires. *See* App. at 3:21-26. The Trustee would be hard-pressed to argue that grounds exist for him to depose everyone who received a general, precautionary litigation hold notice; the Trustee fails to explain why Mr. Le (singled out from everyone else) should be deposed on this ground. Moreover, PwC understands that PG&E's litigation hold notice to PwC had nothing to do with work by PwC prior to the 2017 wildfires.

The Trustee also refers in the Application to "multiple emails between PG&E and PwC employees (including Hugh Le) during the period February 2018 through at least 2018" to support his position that Mr. Le should be deposed. App. at 6:16-18. Notably, however, the Trustee fails to describe or include any of these emails with the Application. If these emails clearly show Mr. Le's "key capacity . . . in providing wildfire safety consulting services to PG&E," App. at 2:25-26, presumably the Trustee would show them to the Court. But assuming these emails are the same ones previously shown to the undersigned counsel during the meet-and-confer process, they are, at most, ambiguous regarding Mr. Le's role in CWSP or PSPS. Certainly they do not provide cause to subject Mr. Le to deposition at this time.

Accordingly, the Trustee has failed to demonstrate that cause exists to issue the Deposition Subpoena and the Application should be denied on this ground as well.

## IV. CONCLUSION

For the foregoing reasons, PwC requests that the Court either summarily deny the Application, without prejudice, or vacate the discovery conference set for July 16, 2021 and set this matter for hearing at least two weeks from the date of filing of the Application at a time that is convenient for the Court, with PwC's responsive brief due on July 23, 2021.

Dated: July 15, 2021    KIBLER FOWLER & CAVE LLP

By: _____/s/ Matthew J. Cave_____
MICHAEL D. KIBLER
MATTHEW J. CAVE
Attorneys for PricewaterhouseCoopers LLP