# EXHIBIT A

| | |
|---|---|
| **From:** | Matthew Cave |
| **To:** | Sarah Kelly-Kilgore |
| **Cc:** | "brian.walsh@bclplaw.com"; Michael Kibler; Wayne Gross; Evan C. Borges; Colin Quinlan |
| **Subject:** | RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena |
| **Date:** | Wednesday, July 14, 2021 12:13:03 PM |
| **Attachments:** | image001.png |

Sarah:

*Fourteen days ago* we requested the "internal PG&E document" that you claim supports your client's requests. You ignored us and then, yesterday, informed us that "PG&E does not consent to our sharing PG&E's internal document with you." However, you previously characterized this document as a summary of work that PwC performed for PG&E. On what basis is this summary of PwC's services for PG&E being withheld *from PwC*? We previously told you that we would review this PG&E document once provided, evaluate whether the document supports your client's requests as you contend, and then respond to the open discovery issues. Your two-week delay and now outright refusal to produce this document has precluded any meaningful discussion on these open issues that you seem so keen to tee-up with Judge Montali.

PwC's responses to the questions you asked during our recent meet and confers follow:
Brian Walsh previously told you that there are no PwC PSPS contracts that pre-date 2019. We have confirmed this. We have identified two additional contracts related to PSPS that we will produce as soon as we confirm with PG&E and its counsel Cravath that PG&E does not assert attorney-client privilege or work-product protection over such documents. To be clear, all of the PwC PSPS contracts post-date the wildfires and, therefore, do not relate to causation of the wildfires at issue. Consistent with your position in our meet and confers as it pertains to the scope of the Subpoena, PwC will not produce deliverables related to its work under the PSPS contracts.
We also did find an additional contract for EPC CC that PwC will produce as soon as we confirm with PG&E/Cravath that PG&E does not assert attorney-client privilege or work-product protection over such documents. PwC's position remains that such documents do not relate in any way to causation of the wildfires at issue and, therefore, consistent with your position in our meet and confers such documents are also outside the scope of the Subpoena.

As we have repeatedly told you, PwC has not withheld *any* documents from production in response to the Subpoena on PwC-privilege grounds. Rather, as noted in Brian Walsh's December 10, 2020 letter to your predecessor counsel and Mr. Walsh's May 7, 2021 letter to your firm, certain documents were not produced by PwC previously based on an assertion of attorney-client privilege or work-product protection by PG&E/Cravath. Your predecessor counsel can provide you additional information about what was and was not produced after the PG&E/Cravath privilege review. We have identified some contracts between PwC and PG&E that fall under the general CWSP project umbrella but PG&E/Cravath has asserted PG&E's attorney-client privilege or work-product protection over such documents. We must defer to PG&E and its counsel on this point.

PwC will not produce contracts for the GRC. Your rationale for why these contracts are relevant—that any advice which would allocate funds to projects other than wildfire safety could establish causation—is an extreme stretch of causation, let alone logic.
Finally, PwC will not provide a list of all contracts with PG&E over the course of the past eight years.

During our last meet-and-confer call, your colleague Evan Borges suggested that the Trust would back off on this (unreasonable) request for now. We understand that you have similarly backed off on this request from other consultants (contrary to your prior representation to us about what other consultants have agreed to provide to the Trust).

Unfortunately, it seems that all of your emails—to us and to the court's staff—are written "for the record" rather than actually meeting and conferring in good faith. This is confirmed by the fact that over the past two weeks you were apparently drafting an eleven-page ex parte application supported by your eight-page declaration, which you improperly sent to the court last night without first notifying us and without even attempting to meet and confer regarding the Trust's request to depose Hugh Le. Nonetheless we are willing to continue in good faith working through as many disputes as possible, as we did with the Trust's prior counsel.

Let us know if you would like to have another call before the discovery conference on Friday.
Thank you,
Matt

_____

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Tuesday, July 13, 2021 1:58 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** 'brian.walsh@bclplaw.com' <brian.walsh@bclplaw.com>; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

PG&E's counsel has informed us that PG&E does not consent to our sharing PG&E's internal document with you. We are working with PG&E's counsel to determine whether a redacted version of that document could be shared, and we will update you as soon as possible.

In the meantime, we are still waiting for PwC's response to my letter of June 18, 2021. As discussed in my email immediately below, you previously represented that we would have a written response to that letter by the end of day on June 29, 2021, and you later represented that we would "certainly" have PwC's response "well before the continued discovery conference on July 9." Two weeks have since passed, and we have received nothing. Please provide PwC's response to my letter of June 18, 2021 immediately, so that the parties have an opportunity to discuss PwC's position in advance of Friday's continued discovery conference.

Thanks.

Best,
Sarah

---

**From:** Sarah Kelly-Kilgore
**Sent:** Tuesday, July 6, 2021 7:29 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thank you for following up regarding the internal PG&E document. In terms of the timing on this issue, any delay in providing you with internal PG&E materials stems from PwC's initial refusal to agree to be bound by the protective order. As you know, we first requested PwC's agreement to be bound by the protective order in this matter on June 23, 2021. You provided PwC's agreement to be so bound less than a week ago, after PG&E expressly decided not to share its internal communications with you in the absence of such agreement. We have since renewed our request for PG&E's consent to share internal PG&E materials with you and will send you the relevant document as soon as we receive PG&E's consent.

In the meantime, we are still waiting for a response to my June 18, 2021 letter. On June 25, you represented that you would discuss with your client the four open issues therein and the related eight PwC/PG&E communications we were able to provide, and you specifically requested that we postpone a scheduled meet-and-confer call to Monday, June 28, so that you would "have [y]our client's feedback before the call." (Email from M. Cave to S. Kilgore (Jun. 25, 2021 at 2:30 PM).) We agreed to postpone the call but asked that you respond to all points not specifically related to the eight PwC/PG&E communications. You never responded to that request. During the subsequent call on June 28, you represented that you could not yet respond to any of the four open issues but that you would endeavor to do so by the end of Tuesday, June 29, 2021. Based on that representation, we agreed to postpone the discovery conference. We did not receive anything from you on June 29; more significantly, since that date, we have received only the representation that a response would "certainly" be provided "well before the continued discovery conference on July 9." (Email from M. Cave to S. Kilgore (Jun. 30, 2021 at 11:50 AM).) Again, no such response has issued. We are now less than three days out from the continued discovery conference and have made no progress in the past three weeks, aside from *our* production to *you* of the PwC/PG&E communications.

In sum, it is becoming increasingly clear that PwC is focusing on delay, rather than its obligations to comply with the subpoena. At this point, we thus have no choice but to proceed with the discovery conference scheduled to occur on Friday, and we will update the Court accordingly.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com


GGLogo_sig

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Tuesday, July 6, 2021 3:12 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

I'm following up on our request for the "internal PG&E document" that we requested from you a week ago now.

Thanks,
Matt

_____
Matthew J. Cave
Partner

**Kibler Fowler & Cave** LLP
Direct: 310-409-0475

**From:** Matthew Cave
**Sent:** Wednesday, June 30, 2021 11:50 AM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

We're working on getting responses to your four questions below. As I made clear during our call on Monday, we could not commit to getting you answers by COB yesterday without speaking to our client first. Unfortunately our client contact is unavailable until later this week. We'll answer your questions as soon as we are able to, and certainly well before the continued discovery conference on July 9.

In the meantime, we received permission to sign Exhibit A to the protective order, which is attached. Please send us the PG&E document that you've referenced at your earliest convenience.

Thank you,
Matt

_____

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

---

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Monday, June 28, 2021 3:15 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thank you again for the call this morning. Based on your representation that you are working to respond to my letter of June 18, 2021 by end of day tomorrow, we intend to ask the Court for a brief continuance of the discovery conference. I will contact the court clerk momentarily.

Best,
Sarah

---

**From:** Sarah Kelly-Kilgore
**Sent:** Friday, June 25, 2021 3:29 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Thanks, Matt. While we're available on Monday to discuss the CWSP and pre-2019 PSPS issues, we do need your response as to the following, none of which are dependent upon review of the documents cited in our prior letters and provided to you this morning:

1. Will PwC provide the list of contracts previously requested—rather than the overly broad "areas of work" listed in your May 28, 2021 letter?
2. Will PwC confirm that it has produced all post-November 2018 Camp Fire contracts relating to PwC's work on PSPS and, if that production is not complete, will PwC agree to produce the remaining documents?
3. Will PwC commit to producing deliverables for the contracts relating to CWSP and PSPS that you have already identified?
4. Will PwC commit to producing its contracts and deliverables relating to PwC's work on the EPC CC and GRC?

Please let us know your response as to the above four items today. In the meantime, I will circulate a new calendar invite for our call regarding CWSP and pre-2019 PSPS for Monday at 10am PDT.

Thanks again.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com

GGLogo_sig

---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Friday, June 25, 2021 2:30 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Thank you for sending. We'll review and discuss with our client over the weekend. I suggest we push this afternoon's call to Monday morning, maybe 10 a.m., so we have our client's feedback before the call. Is your team available then?

_____
Matthew J. Cave

Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Friday, June 25, 2021 10:36 AM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

We received PG&E's consent this morning to share with you the attached documents, all of which consist of correspondence between PG&E and PwC. You will note that Cravath has applied a redaction to protect an internal PG&E communication at the top of PGE-BK-TAR-0001660351. We do not have consent to provide you with any internal PG&E documents or communications at this time, and, as discussed in my email below, we do not expect to receive any such consent in the absence of PwC's agreement to be bound by the protective order.

We look forward to discussing with you this afternoon.

Best,
Sarah

**From:** Sarah Kelly-Kilgore
**Sent:** Thursday, June 24, 2021 3:18 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thanks for your email. We don't understand your unwillingness to sign the protective order. As discussed yesterday, we have already asked Cravath for permission to share the documents with you and will do so as soon as we receive their sign-off, but executing the protective order to expedite that process seems not to impose much, if any, burden on you or your client.

While we agree that the protective order permits disclosure to the specific "author or recipient of a

document containing the information or a custodian or other person who otherwise possessed or knew the information" (Protective Order at ¶ 7.3(i)), we do not agree that the provisions you've cited allow us to provide PwC's counsel with the documents at issue, and, more importantly, PG&E's counsel has yet to agree to that position. Additionally, as we have already discussed, at least one of the documents is internal to PG&E, such that execution of the acknowledgement form appears to be the *only* means by which we could provide you with that document. (*See id.* at ¶ 7.3(k) [requiring both "[PG&E's] consent in writing *and* [your] sign[ature of] the 'Acknowledgment and Agreement to Be Bound'"].)

We have contacted Cravath again regarding the consent necessary to share all documents at issue. As soon as we have that consent, we will provide the documents. In the meantime, we are confident that your client could readily obtain the same documents from Hugh Le, Billy Raley, and Joshua Gottesman by referring to the specific dates of the emails at issue, which we provided in our letters of May 20, May 28, and June 18. (*See, e.g.*, Letter from W. Gross to B. Walsh (May 20, 2021) at 1-2, fn. 2.)

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com

GGLogo_sig

---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Thursday, June 24, 2021 1:17 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

Following up on our call yesterday, we've reviewed the protective order and it's clear that we do not need to sign Exhibit A in order for you to provide the documents we've requested, given that they are (according to your descriptions) emails involving PwC. *See* Protective Order ¶ 7.2(f) and ¶ 7.3(i). So, please send them over to us at your earliest convenience.

Thank you,
Matt

---

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

---

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Tuesday, June 22, 2021 9:53 PM
**To:** Matthew Cave <mcave@kfc.law>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

We are available at 12:30pm PDT. We can use the following dial-in for the call:
  **Call-in Number:** 1-605-475-5618
  **Guest Passcode:** 776316

Regarding your request for the evidentiary materials cited in our prior correspondence, PG&E produced those documents and designated them as "Confidential" pursuant to the attached protective order, such that we are prohibited from releasing the documents at this time. We have already contacted PG&E's counsel and requested permission to share those documents with you. Assuming that PG&E grants such permission, we will share the documents with you as soon as possible.

We look forward to speaking with you.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com


GGLogo_sig

---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 11:46 PM
**To:** Michael Kibler <mkibler@kfc.law>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio

<DVultaggio@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

We're available to meet and confer between 11:30 a.m. and 1 p.m. PT on Wednesday.

Regards,
Matt

Matthew J. Cave
Partner

# Kibler Fowler & Cave LLP
Direct: 310-409-0475

---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 11:39 AM
**To:** Michael Kibler <mkibler@kfc.law>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Subject:** Re: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

The proposed joint message is fine.

We'll get back to you later today regarding our availability on Wed.

Thanks,
Matt

Matthew J. Cave
Partner
Kibler Fowler & Cave LLP

Sent from my mobile device

---

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Monday, June 21, 2021 11:21:44 AM
**To:** Matthew Cave <mcave@kfc.law>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com <brian.walsh@bclplaw.com>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Subject:** [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

Please let us know whether we have your approval to send the following message to Judge Montali's clerk:

> Dear Ms. Parada:
>
> The parties are continuing to meet and confer, per Judge Montali's guidance last week, and they jointly request a one-week extension of the deadline by which to inform Judge Montali whether the discovery conference will need to proceed. The parties also request that the discovery conference currently scheduled for Wednesday, June 23, 2021 be continued to June 30, 2021 or a date thereafter that is convenient for the Court.
>
> Thank you.
>
> \*\*\*

Please also let us know what time on Wednesday you are available for a meet-and-confer call. Thanks.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



GGLogo_sig

---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 9:21 AM
**To:** Dana Vultaggio <DVultaggio@GGTrialLaw.com>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

Please see the attached correspondence.

Please send us your draft email to Judge Montali for approval before sending. Thank you.

Regards,
Matt

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

---

**From:** Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Sent:** Friday, June 18, 2021 3:19 PM
**To:** Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Matthew Cave <mcave@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Subject:** [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Dear Mr. Kibler,

Please see the attached letter from Sarah Kelly-Kilgore regarding the above-referenced matter.

Regards,

**Dana Vultaggio**
*Legal Secretary*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7061 | Fax 213.334.7001
DVultaggio@GGTrialLaw.com | www.GGTrialLaw.com



This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.