KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REPLY IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS**<br><br>**[Related to Docket No. 10808]**<br><br>Date: July 28, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tel./Video Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the July 28, 2021, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this omnibus reply brief in support of the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (Legal No Liability Claims)* (the "**Omnibus Objection**")[1] to the following claims to be heard at the Hearing (the "**Contested Claims**"), for which responses (collectively, the "**Responses**") were timely[2] received as set forth below:

| Docket No. | Claim and Claimant |
|---|---|
| 10919 | Chappell, Lamont (Claim No. 9946) |
| 10946 | Richards, Darwin (Claim Nos. 86933, 96962) |

With respect to each of the Contested Claims, the Reorganized Debtors, by the Omnibus Objection, stated the legal grounds upon which they object to the Contested Claim, and presented facts in support of the Omnibus Objection by way of supporting declaration.[3] The Reorganized Debtors having supported the Omnibus Objection by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). The Responses do not meet the claimants' burden of persuasion that the Court should not disallow and/or expunge the Contested Claims.

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Objection.

[2]    The Response of Darwin Richards was filed after the response deadline, but because Mr. Richards sent his Response to counsel for the Reorganized Debtors by email on July 14, before the response deadline, the Reorganized Debtors will not treat his Response as untimely.

[3]    In addition to the declarations of A. Anna Capelle [Docket No. 10809] and Stacy Campos [Docket No. 10810] filed in support of the Omnibus Objection, the Reorganized Debtors also submit the *Declaration of Jane Kim in Support of Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (Legal No Liability Claims)* (the "**Kim Declaration**"), filed contemporaneously herewith.

## II. REPLIES TO RESPONSES RECEIVED TO THE OMNIBUS OBJECTION

### A. Chappell, Lamont (Claim No. 9946) (the "Chappell Claim")

The Reorganized Debtors objected to the Chappell Claim on the basis that it was barred by a previous settlement agreement. Mr. Chappell's Response states that the settlement agreement in question is dated October 27, 2017, and his claim is for alleged discrimination for contractor positions that occurred in July 2019. This is supported by the e-mail correspondence attached to the Chappell Claim, which includes a July 18, 2019 e-mail from Mr. Chappell to a PG&E employee where he states that he has applied for four contract positions at PG&E over the previous three weeks.

After further review of the Chappell Claim and Mr. Chappell's Response, the Reorganized Debtors submit that, to the extent that the Chappell Claim is unrelated to his prior employment with PG&E and therefore not barred by the 2017 settlement agreement, it is clear that the Chappell Claim arose after the Petition Date.

The Chappell Claim is therefore a post-petition claim, and expressly passes through these Chapter 11 Cases consistent with Sections 2.1 and 10.3 of the Plan. Mr. Chappell may pursue any such claim he may have outside of the Bankruptcy Court, and his rights with respect to any claim that he may have against the Debtors with respect to alleged post-petition acts or omissions are not impacted by the Chapter 11 Cases.

Because the Chappell Claim arose after the Petition Date, Mr. Chappell's Response should be overruled at the Hearing and his claim should be expunged.

### B. Richards, Darwin (Claim Nos. 86933, 96962) (the "Richard Claims")

In the Omnibus Objection, the Reorganized Debtors objected to the Richards Claims on the basis that they were barred by the applicable statute of limitations.[4] In response to the Reorganized Debtors' grounds for objection as stated in the Omnibus Objection, Mr. Richards's sole assertion is

---

[4] Mr. Richards, in his Response, references only one of his claims, Claim No. 86933. The Omnibus Objection objects to both of the claims he filed. Although Mr. Richards does not indicate on the form for Claim No. 96962 – which was filed on February 14, 2020, after the applicable Bar Date – that it amends Claim No. 86933, the attachments to Claim No. 96962 bear the subject "Additional Support Requested for Claim Number 86933," and therefore the Reorganized Debtors are treating Claim No. 96962 as an amendment of Claim No. 86933.

that "my firm filed our opposition in time and in accordance with the Court response requirements and was validated by email time dated response." Docket No. 10946 at p. 1. That response does not address the statute of limitations for Mr. Richards's underlying claim – which, on its face, makes clear that it arises from events that occurred over 20 years ago – well beyond the reach of any statute of limitations that may apply.

On the first page of the attachment to Claim No. 96962, Mr. Richards states the following:

"The nature of my claim against Pacific Gas & Electric Company (PG&E) involved the City of Richmond in California contracting with my firm Symmetry Device Research Inc. (SDRI) for Natural Gas and Electrical Energy Services. This was around the 1997-1998 time frame." Claim No. 96962, page 3 (orig. emphasis removed, emphasis added).

In the Omnibus Objection, the Reorganized Debtors reference the four-year statute of limitations for breach of contract claims codified under section 337 of the California Code of Civil Procedure. Upon further review of the Richards Claims, it appears that Mr. Richards also alleges fraud and/or interference with economic advantage against PG&E. Fraud claims are subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). The statute of limitations for intentional interference with prospective economic advantage is two years. Cal. Civ. Proc Code. § 339(1); *see also Wild Rivers Waterpark Mgmt. LLC v. Katy WP Grp., LLC*, No. 18-6522, 2019 U.S. Dist. LEXIS 222554, at *20 (C.D. Cal. Feb. 26, 2019) ("The statute of limitations for intentional interference with prospective economic advantage is two years . . . .") (*citing* Cal. Civ. Proc. Code § 339(1)). In other words, any applicable statute of limitations is between two and four years – and, with respect to the Richards Claims that were, in Mr. Richards's own words, from "the 1997-1998 time frame," any applicable statute of limitations ran many years before the Petition Date.[5]

Mr. Richards's proofs of claim show that a court has already determined that his claims are barred by statute of limitations. Mr. Richards attaches to both of the Richards Claims two documents

---

[5]    Indeed, it appears that Mr. Richards's claims occurred before the petition date of the first PG&E chapter 11 case filed in 2001, and would have been discharged through the confirmation order approving the plan in that case.

that relate to a lawsuit that he filed against the City of Richmond and PG&E, which allege the same causes of action that form the basis of the Richards Claims: (1) a petition for review that he filed in January 2011 before the Supreme Court of California, and (2) a November 30, 2010 decision of the Court of Appeal of California (the "**Court of Appeal Decision**"). *See* Claim No. 86933 at 6, 12; Claim No. 96962 at 9, 16.

The Court of Appeal Decision sets forth the following facts that are relevant to the Omnibus Objection here:

- On October 27, 2008, Mr. Richards and SDRI filed an action against the City of Richmond before the Superior Court of California for Contra Costa County (the "**Superior Court**"), under Case No. C08-02598 (the "**SDRI State Court Action**"). *See* Claim No. 86933 at 13; Claim No. 96962 at 17.

- On October 6, 2009, Mr. Richards and SDRI filed a second amended complaint that alleged three causes of action:
    - A breach of contract cause of action against the City of Richmond;
    - A cause of action captioned "Fraud/Interf. With Econ. Advantage" against PG&E; and
    - A cause of action for unjust enrichment. *See* Claim No. 86933 at 13-14; Claim No. 96962 at 17-18.

- PG&E was named as a defendant but was never served in the SDRI State Court Action. *See* Claim No. 86933 at 14; Claim No. 96962 at 18.

- On January 21, 2010, the Superior Court dismissed Mr. Richards's and SDRI's complaint without leave to amend, on the grounds that Mr. Richards's and SDRI's causes of action against the City of Richmond and PG&E were time-barred under the applicable statute of limitations (the "**Superior Court Order**"). *See* Claim No. 86933 at 14; Claim No. 96962 at 18.

- On November 30, 2010, the Court of Appeal of the State of California, First Appellate District (the "**Court of Appeal**") affirmed the Superior Court Order and held that Mr. Richards and SDRI had not demonstrated that they should be excused from compliance

with the relevant statute of limitations.  *See* Claim No. 86933 at 16; Claim No. 96962 at 20.

A review of the court dockets indicates that the Supreme Court of California denied Mr. Richards's petition for review, and his case was closed.  *See* Kim Declaration, ¶ 2.

In sum, the Superior Court of California, as affirmed by the Court of Appeal, determined that Mr. Richards's claims were time-barred and dismissed them with prejudice.  Mr. Richards is estopped from relitigating his claims against PG&E in these Chapter 11 Cases.

"Collateral estoppel applies if (1) the issue decided in the prior case is identical with the one now presented; (2) there was a final judgment on the merits in the prior case; and (3) the party to be estopped was a party to the prior adjudication."  *Stolz v. Bank of America*, 15 Cal. App. 4th 217, 222 (Cal. Ct. App. 1993) (internal citations omitted); *see also* Rest. 2d of Judgments, § 29 (a party subject to collateral estoppel is also precluded from relitigating an issue against a party that was not party to the prior adjudication unless they "lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify" an opportunity to relitigate).  Here, Mr. Richards had full and fair opportunity to litigate his claims against the City of Richmond and PG&E, including the issue of whether such claims were time-barred, and indeed, he litigated such issues through a denial by the Supreme Court of California to review the Court of Appeal Decision.  The Chapter 11 Cases do not provide him a second bite of the apple.

Under section 502(b)(1) of the Bankruptcy Code, a claim must be disallowed if the claim is unenforceable under applicable non-bankruptcy law, including because it is barred by the applicable statute of limitations.  *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, No. 14-1189, 2015 Bankr. LEXIS 580, *9 (B.A.P. 9th Cir. Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)).  The filing of PG&E's Chapter 11 Cases does not revive claims that were time-barred on the Petition Date.  "When the statute of limitations on a claim has expired prior to the filing of the bankruptcy, that claim is barred from recovery in the bankruptcy case."  *In re Johnson*, No. 11-18629, 2015 Bankr. LEXIS 52, *17 (Bankr. C.D. Cal. Jan. 7, 2015) (citing *Banks v. Gill Distribution Centers, Inc. (In re Banks)*, 263 F.3d 862 (9th Cir. 2001)).

Because the Richards Claims are barred by the statute of limitations and is estopped by prior

1  court order, Mr. Richards's Response should be overruled at the Hearing and the Richards Claims

2  should be disallowed and expunged.

3  **III.  CONCLUSION**

4       For the foregoing reasons, and the reasons set forth in the Omnibus Objection and the

5  declarations filed in support of the Omnibus Objection, the Reorganized Debtors respectfully request

6  that the Court sustain the Omnibus Objection and disallow and/or expunge the Contested Claims.

7

8  Dated:  July 21, 2021

                    **KELLER BENVENUTTI KIM LLP**

9                      /s/ *Thomas B. Rupp*

10                     Thomas B. Rupp

11                     *Attorneys for Debtors and Reorganized Debtors*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28