1

KELLER BENVENUTTI KIM LLP
2   Tobias S. Keller (#151445)
    (tkeller@kbkllp.com)
3   Peter J. Benvenutti (#60566)
    (pbenvenutti@kbkllp.com)
4   Jane Kim (#298192)
    (jkim@kbkllp.com)
5   650 California Street, Suite 1900
    San Francisco, CA 94108
6   Tel: (415) 496-6723
    Fax: (650) 636-9251
7
    *Attorneys for Debtors and Reorganized*
8   *Debtors*

Jennifer L. Dodge (#195321)
LAW OFFICES OF JENNIFER L. DODGE INC.
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

9

## UNITED STATES BANKRUPTCY COURT
10  ## NORTHERN DISTRICT OF CALIFORNIA
    ## SAN FRANCISCO DIVISION

11

12  In re:

13  **PG&E CORPORATION,**

            **- and -**
14

15  **PACIFIC GAS AND ELECTRIC COMPANY,**

                **Debtors.**
16

17  ☐ Affects PG&E Corporation
    ☐ Affects Pacific Gas and Electric Company
    ☑ Affects both Debtors
18

19  * *All papers shall be filed in the Lead Case,*
    *No. 19-30088 (DM).*

20

21

22

23

24

25

26

27

28

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**REORGANIZED DEBTORS'
FURTHER OBJECTION TO
CLAIM NO. 77335 (TODD
GREENBERG)**

**-AND-**

**REQUEST TO SCHEDULE ONE
EVIDENTIARY HEARING FOR
THREE CLAIMS FILED BY
CLAIMANT TODD GREENBERG**

[Related to Dkt. Nos. 9455, 9646]

Hearing:  September 14, 2021
Time:     10:00 a.m. (Pacific Time)
Place:    United States Bankruptcy Court
          Courtroom 17, 16th Floor
          San Francisco, CA 94102

**Response Deadline: August 12, 2021**

## FURTHER OBJECTION

PG&E Corporation (**"PG&E Corp."**) and Pacific Gas and Electric Company (the **"Utility"**), as debtors and reorganized debtors (collectively, **"PG&E,"** the "**Debtors**," or the **"Reorganized Debtors"**) in the above-captioned Chapter 11 cases (the **"Chapter 11 Cases"**), hereby submit this Further Objection[1] to Proof of Claim number 77335 (the "**Claim**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**") (No. 77335) (the "**Claim**") pursuant to Section 502 of Title 11 of the United States Code (the **"Bankruptcy Code"**), on the grounds that (1) Claimant has failed to establish a causal connection between PG&E and his alleged damages, (2) the Claim is prohibited by paragraph 4 of Tariff Rule 14, Shortage of Supply and Interruption of Delivery, and (3) the damages sought by Claimant are not recoverable.

## REQUEST TO SCHEDULE ONE EVIDENTIARY
## HEARING FOR THREE CLAIMS FILED BY CLAIMANT

In addition to the claim at issue here, Claimant has filed two other Proofs of Claim (Claim Nos. 76018 and 78381). The parties attended mediation on July 22, 2021 and attempted to resolve all three Proofs of Claim. Because mediation was unsuccessful, the Reorganized Debtors now expect to object to Greenberg's two other Proofs of Claim within the next 60 days. The Reorganized Debtors believe that it makes sense, for the sake of judicial efficiency, to set one evidentiary hearing for all three of the Proofs of Claim filed by Claimant. Accordingly, the Reorganized Debtors request that this Court schedule a single evidentiary hearing to address the three claims filed by Claimant at the same time.

This Further Objection is supported by the *Memorandum of Points and Authorities* included herein and the Declaration of Jennifer L. Dodge filed concurrently herewith.

---

[1] The Reorganized Debtors initially objected to the Claim through the *Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability Passthrough Claims)* [Dkt. No. 9455].

LAW OFFICES OF
JENNIFER L. DODGE INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Greenberg filed three Proofs of Claim in the PG&E bankruptcy proceeding on October 21, 2019.  The Claim at issue here – Proof of Claim No. 77335 – seeks $37,635.04 for property damage related to the failure of a refrigerator compressor and/or starter assembly that Greenberg alleges was caused by power fluctuations and surges related to work conducted by PG&E in February 2016.  A true and correct copy of the Claim (without exhibits) is attached hereto as **Exhibit A**.  Greenberg's other Proofs of Claim (Claim Nos. 76018 and 78381) seek $299,228.89 and $209,694.09, respectively, for alleged property and redwood tree damage related to a gas service line retrofit and meter replacement project at his residence in Fairfax, California.

On November 5, 2020, the Reorganized Debtors filed the *Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability Passthrough Claims)* [Dkt. No. 9455] (the "**Omnibus Objection**"), which sought to disallow and expunge Proof of Claim No. 77335.  On December 1, 2020, Greenberg filed a response to the Omnibus Objection [Dkt. No. 9646].  The parties met and conferred and stipulated to a limited discovery schedule.  Greenberg propounded discovery requests (Interrogatories and Requests for Production of Documents) to PG&E on May 14, 2021, to which PG&E responded on June 16, 2021 by providing responses to the Interrogatories and producing non-privileged documents in response to the Requests for Production of Documents.

The Reorganized Debtors mediated all three Proofs of Claim filed by Greenberg on July 22, 2021; however, the claims were not resolved at mediation.  This Further Objection concerns Proof of Claim No. 77335 only; however, the Reorganized Debtors plan to object to the other two Proofs of Claim.  The Reorganized Debtors believe that it makes sense from a judicial efficiency

LAW OFFICES OF
JENNIFER L. DODGE INC.

standpoint to set one evidentiary hearing for all three of the claims filed by Greenberg, as set forth above.

The claim at issue in this Further Objection – No. 77335 – should be disallowed because Greenberg cannot establish a causal connection between the failure of his 12-year old refrigerator and PG&E. Moreover, even if Greenberg could establish such a connection (which he cannot and has not), the Claim is prohibited by paragraph 4 of Tariff Rule 14. (*See* Section III.B, *infra*) Tariff Rule 14 provides that an interruption to a customer's power cannot trigger liability when, in PG&E's "sole opinion," it is necessary for maintenance, improvements, repairs, or expansion of PG&E's distribution system. Greenberg does not – and cannot – argue that any such interruption was not necessary to maintain, improve, repair, or expand PG&E's distribution system. As a result, the Claim is barred under Tariff Rule 14. Lastly, the damages sought by Greenberg are not recoverable.

## II. BACKGROUND

Greenberg contends that PG&E is responsible for damage to a refrigerator and wood laminate flooring that allegedly occurred in 2016 when the compressor and/or starter assembly in the 12-year old refrigerator failed. Greenberg claims that he was out of town from February 14 through 21, 2016 and when he arrived home to 47 Bolinas Road, Fairfax, California, the refrigerator had stopped working and leaked onto the wood laminate flooring. A failed compressor and/or starter assembly was found to be the issue. However, Greenberg claims that work conducted by PG&E – installation of three phase 480-volt power at the commercial building next door, 31 Bolinas Road – caused power "fluctuations" and "surges," which in turn caused the refrigerator compressor to fail and required replacement of the starter assembly. Greenberg previously submitted a claim to the PG&E Claims Department in 2016 for these very same

LAW OFFICES OF
JENNIFER L. DODGE INC.

damages, alleging that they were due to a power outage. PG&E denied Greenberg's claim as there was no evidence of an outage on the applicable circuit.

The receipt from Appliance Repair Doctor included with the Claim shows the refrigerator at issue was manufactured by LG with serial number 404KRDJ00762; accordingly, the refrigerator was manufactured in April 2004, making it 12 years old in 2016. See Receipt and LG Appliance Serial number lookup attached collectively as **Exhibit A** to Declaration of Jennifer L. Dodge ("Dodge Decl.,"), ¶ 3. Many shelves, crispers and rails in the refrigerator were noted to be broken. *Id*.

The addresses of 47 Bolinas Road and 31 Bolinas Road are on the same electrical circuit, identified by PG&E as San Rafael 1108, which provides electrical power to those properties. *See* PG&E's Responses to Interrogatories, Requests for Production of Documents and documents produced attached collectively as **Exhibit B** to Dodge Decl., ¶ 4. Documents produced by PG&E in response to Greenberg's discovery requests demonstrate that no electrical work was scheduled or performed by PG&E on this circuit between February 14 and 21, 2016. *Id*. The work on this circuit was scheduled for and completed on March 16 and 17, 2016. *Id*. A calendar of all work scheduled by PG&E in the Fairfax area during the month of February 2016 shows that no work was conducted by PG&E on the San Rafael 1108 Circuit at any point between February 14 and 21, 2016. *Id*.

## III.    ARGUMENT

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the

LAW OFFICES OF
JENNIFER L. DODGE INC

objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988*)*.

### A. The Claim Should Be Disallowed Because A Failed Compressor/Starter Assembly in a 12-Year Old Refrigerator Is Not Attributable to PG&E As There Is No Evidence of Any Power "Fluctuation" or "Surge" on the Relevant Circuit.

PG&E vigorously contests any liability for this Claim. Greenberg simply attempts to revamp the "outage" claim denied by the PG&E Claims Department in 2016 as a "fluctuation" or "surge" claim, rather than just admitting that the compressor and/or starter assembly on a 12-year old refrigerator may very likely fail on its own. However it is presented, the Claim has no merit. The documents produced by PG&E conclusively establish that no work was being conducted by PG&E on the San Rafael 1108 Circuit (that provides power to 47 Bolinas Road) from February 14 through 21, 2016, the period during which Greenberg was out of town. *See* Exhibit B to Dodge Decl., ¶ 4. Consequently, there is no evidence that the claimed damages resulting from a failed compressor and/or starter assembly were caused by any power "fluctuation" or "surge."

LAW OFFICES OF
JENNIFER L. DODGE INC

**B. The Claim Should Be Disallowed Because Tariff Rule 14 Authorizes PG&E to Interrupt Service Without Liability When In PG&E's Sole Opinion It Is Necessary to Maintain, Improve, Repair or Expand Its Distribution System.**

Greenberg is a PG&E customer. Even if Greenberg was able to prove that there was any power "fluctuation" or "surge" while he was away on vacation (which he has failed to do), the Claim should be disallowed because it fails as a matter of law. PG&E's obligations to its customers are governed by its tariff rules. Utility tariffs are filed with and reviewed by the California Public Utilities Commission ("**CPUC**") and "have the force and effect of law." *Dollar-A-Day Rent-A-Car Sys. v. Pac. Tel. & Tel. Co.*, 26 Cal. App. 3d 454, 457 (1972); *Duggal v. G.E. Capital Commc'ns. Servs.*, 81 Cal. App. 4th 81, 82 (2000) ("filed tariffs are the equivalent of federal regulations which have the force of law"); *Dyke Water Co. v. Public Utilities Comm'n*, 56 Cal. 2d 105, 107 (1961) (noting that, when a tariff rule is published and filed with the CPUC, it has "the force and effect of a statute, and any deviations therefrom are unlawful unless authorized by the commission").

A plain reading of PG&E's Tariff Rule 14 provides that PG&E's service deliveries may be interrupted without liability when, in PG&E's "sole opinion," it is necessary to maintain, improve, repair or expand its distribution system.[2] (A copy of Tariff Rule No. 14 is attached for the Court's reference as **Exhibit C** to Dodge Decl., ¶ 5.) Paragraph 4 of Tariff Rule No. 14 provides that PG&E "maintains the right to interrupt its service deliveries, without liability to the Customers or electric service providers (ESPs) affected, when, *in PG&E's sole opinion*,

---

[2] In a case for damages arising from a power outage, a California court granted summary judgment in PG&E's favor based on a plain reading of the language of paragraph 4 of Tariff Rule 14. *Melvin L. Cockhren II vs. Pac. Gas & Elec. Co. et al.*, No. CGC-13-529137 (Cal. Sup. Ct. Aug. 27, 2014). Other reported cases dealing with service interruptions do not address paragraph 4 of Tariff Rule 14. *See Langley v. Pac. Gas & Elec. Co.*, 41 Cal. 2d 655, 660 (1953) (discussing paragraph 1 of Tariff Rule 14, which relates to PG&E's duty to exercise reasonable diligence in furnishing a sufficient supply to its customers); *Tesoro Refining & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1170 (N.D. Cal. 2015) (interpreting paragraph 3 of Tariff 14, a separate provision that relates to "transmission related outages" and does not contain the "sole opinion" provision in paragraph 4).

such interruption is necessary for . . . [m]aintenance, improvements, repairs, or expansion of PG&E's distribution system." PG&E Electric Rule No. 14, CPUC Sheet No. 19762-E (emphasis added) (A.P. Dkt. 8-18).

The Claim here is barred by paragraph 4 of Tariff Rule 14. Greenberg does not and cannot contend that any work conducted by PG&E falls outside the purview of Rule 14. Accordingly, the Claim fails to allege facts that could subject PG&E to liability to Greenberg for any service disruption.

**C. The Damages Sought by Greenberg Are Not Recoverable.**

Even if Greenberg had articulated a cognizable basis for his Claim (which he has not and cannot), he seeks damages that are clearly not recoverable. In addition to alleged damages for repairs to his refrigerator, cleaning costs, and approximately $19,000 to replace wood laminate flooring, Greenberg seeks $4,800 in compensation for his time at an hourly rate of $80. Greenberg's claim to be compensated for his time interacting with PG&E finds no basis in the law and, again, is simply of his own making. Furthermore, Greenberg has presented no evidence to support his claims of $9,025 for estimated lost rental income and tenant relocation costs during repairs.

///

///

///

///

///

///

LAW OFFICES OF
JENNIFER L. DODGE INC

## IV. CONCLUSION

For all of the foregoing reasons, the Reorganized Debtors respectfully request that the Court disallow the Claim.

July 29, 2021

KELLER BENVENUTTI KIM LLP

LAW OFFICES OF JENNIFER L. DODGE INC.

By: _____
Jennifer L. Dodge

Attorney for Defendant Pacific Gas and Electric Company