WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **MOTION TO FILE REDACTED VERSION OF REORGANIZED DEBTORS' REPLY IN SUPPORT OF *IPSO FACTO* OBJECTION TO CONSOLIDATED EDISON DEVELOPMENT, INC.'S AMENDED CURE PAYMENT CLAIM DEMAND**<br><br>[No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable) in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing them to file the *Reorganized Debtors' Reply in Support of Ipso Facto Objection to Consolidated Edison Development, Inc.'s Amended Cure Payment Claim Demand* (the "**Reply**") filed in further support of the *Memorandum of Law in Support of Reorganized Debtors' Objection to Consolidated Edison Development, Inc.'s Amended Cure Payment Claim Demand* [Docket No. 10827] (the "**Opening Brief**"),[1] with certain limited redactions, (ii) authorizing the Reorganized Debtors to file under seal an unredacted copy of the Reply, (iii) directing that the unredacted copies of the Reply provided to the Court shall remain under seal and confidential and not be made available to anyone other than Con Ed (as defined below), without the consent of the Reorganized Debtors or further order from the Court, and (iv) authorizing that any documents or memoranda subsequently filed by the Reorganized Debtors in connection with the Objection, the Opening Brief, or the Reply to be treated in the same fashion without further order of the Court.

In support of the Motion, the Debtors submit the Declaration of Tyson R. Smith (the "**Smith Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Reply, the Opening Brief, or the Objection (as defined below), as applicable.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

By order dated June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Docket No. 8252.

In August 2020, the Reorganized Debtors received the first cure demand (the "**First Cure Demand**") from Consolidated Edison Development, Inc., on behalf of itself and certain of its affiliates (collectively, "**Con Ed**") and, following an ultimately unsuccessful mediation, in March 2021 received an amended cure demand (the "**Demand**" and, together with the First Cure Demand, the "**Demands**"). The Demand asserts $11,844,598.00 in purported cure claims for breach of contract and indemnification in connection with the Reorganized Debtors' assumption of certain power purchase agreements ("**PPAs**") and inter-connection agreements ("**IAs**") between Con Ed and the Debtors (collectively, the "**CED Agreements**").

On May 3, 2021, the Reorganized Debtors filed the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* [Docket No. 10613] (the

"**Objection**"). By Order dated May 6, 2021 [Docket No. 10626] (the "**First Redaction Order**"), the Court granted the *Motion to File Certain Documents Under Seal and in Redacted Form in Support of Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* [Docket No. 10615], and approved the filing under seal and redaction of certain heavily negotiated and commercially sensitive documents filed in support of the Objection, as well as the partial redaction of certain references to such documents set forth in the Objection itself. These are the same heavily negotiated and commercially sensitive documents that comprise the Confidential Documents (as defined below) that are the subject of this Motion.

Pursuant to a stipulation dated May 27, 2021 [Docket No. 10721] (the "**Scheduling Stipulation**"), the parties agreed to brief the discrete legal issue relating to the Reorganized Debtors' objection that the Bankruptcy Code's prohibition on *ipso facto* clauses bars Con Ed from recovery on the Demand. The Opening Brief was filed on June 18, 2021 by the Reorganized Debtors to brief that discrete issue in accordance with the Scheduling Stipulation as approved by the Court. By Order dated June 21, 2021 [Docket No. 10834] (the "**Second Redaction Order**" and, together with the First Redaction Order, the "**Prior Redaction Orders**"), the Court granted the *Motion to File Redacted Version of Memorandum of Law in Support of Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* [Docket No. 10828] and approved the partial redaction of similar references to the same Confidential Information.

### III. THE REPLY

The Opening Brief in support of the Objection seeks to have Con Ed's Demand denied and the claims asserted therein in connection with the assumption of the CED Agreements disallowed. The subject matter of the Demands, the Objection, the Opening Brief, and the Reply involves interpreting the terms of several agreements between the parties (as well as certain agreements to which the Debtors were not parties) that were heavily negotiated and are commercially sensitive and include, among other things, the terms of the CED Agreements, certain financing agreements entered into by Con Ed and its third-party financing sources, certain Consents and Agreements executed in connection with those third-party financing transactions, and certain related notices and correspondence between Con Ed and its

lenders (collectively, the "**Confidential Documents**"). The Confidential Documents contain highly sensitive and confidential commercial information, including the pricing and terms for the Reorganized Debtors' purchase of electricity and ancillary products from Con Ed and Con Ed's financing terms and negotiations with its creditors. In fact, the PPAs specifically provide that "[n]either Party shall disclose the non-public terms or conditions of this Agreement or any Transaction hereunder," except in certain limited circumstances. PPA § 10.7. Similarly, the IAs provide that "each Party shall hold in confidence and shall not disclose to any person Confidential Information." LGIA Art. 22.1.1; *see also* SGIA Art. 9.2 ("Each Party receiving Confidential Information shall hold such information in confidence and shall not disclose it to any third party nor to the public without the prior written authorization from the Party providing that information, except to fulfill obligations under this Agreement, or to fulfill legal or regulatory requirements.").

Portions of the Reply refer to certain confidential provisions from or related to the Confidential Documents and the Demands, as well as other confidential and sensitive information related to Con Ed's financing agreements with its lenders. Con Ed has previously requested to the Reorganized Debtors that the Demands, Confidential Documents, and related confidential, sensitive information be filed under seal or redacted, as applicable. To preserve the confidentiality already sanctioned by the Court in the Prior Redaction Orders, the Reorganized Debtors request that the Court allow them to redact from the Reply the portions referencing specific provisions of the Confidential Documents as previously sanctioned by the Court.

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order … that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors," *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other **confidential** research, development, or **commercial information**." Fed. R. Bankr. P. 9018 (emphasis added); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

The Court in these Chapter 11 Cases has authorized the filing under seal of sensitive commercial information, including the Confidential Documents that are the subject of this Motion. *See* Docket Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted

contracts with Quanta Energy Services), 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters), 10626 (the First Redaction Order, authorizing the sealing and redaction of documents filed in support of the Objection and partial redaction of the Objection itself), and 10834 (the Second Redaction Order, authorizing the partial redaction of the Opening Brief). Here, the information to be redacted is commercially sensitive, because it contains, among other provisions, references to the rates and terms on which the Reorganized Debtors purchase electricity and related products from Con Ed, who is just one of the Reorganized Debtors' many different, competing PPA and IA counterparties.

Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. The Reorganized Debtors and their professionals have undertaken to redact only material they believe to be confidential commercial information, and will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the confidential materials *in camera*. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

In the event that the Court requests further briefing in connection with the Demand, the Objection, the Opening Brief, or the Reply, and such briefing includes necessary references to the Confidential Documents, the Reorganized Debtors request that any such documents or memoranda subsequently filed by the Reorganized Debtors be treated in the same fashion as the Reply without further order of the Court. This will promote judicial efficiency by obviating the need for future redaction motions concerning material that the Court has previously recognized to be confidential.

For the reasons set forth herein, this Court should grant the Reorganized Debtors' request to redact the Reply as appropriate.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the California Attorney General; (v) the California Public Utilities Commission; (vi) the Nuclear Regulatory Commission; (vii) the

Federal Energy Regulatory Commission; (viii) the Office of the United States Attorney for the Northern District of California; (ix) Con Ed; and (x) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 30, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors and Reorganized Debtors*