# ATTACHMENT 1

Email from Sarah Kelly-Kilgore to Matthew Cave on July 16, 2021 at 4:19 p.m. PDT

# Sarah Kelly-Kilgore

| | |
|---|---|
| **From:** | Sarah Kelly-Kilgore |
| **Sent:** | Friday, July 16, 2021 4:19 PM |
| **To:** | Matthew Cave |
| **Cc:** | Michael Kibler; Walsh, Brian; Wayne Gross; Evan C. Borges (EBorges@GGTrialLaw.com); Colin Quinlan |
| **Subject:** | RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External] PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena |

Matt:

Following up on this morning's discovery conference, and as set forth in our prior correspondence, the Trust seeks production of the following documents from PwC:

1. PwC's contracts with PG&E during the time period 2013 through March 17, 2020;
2. PwC's deliverables relating to the **Community Wildfire Safety Program ("CWSP")**, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020;
3. PwC's deliverables relating to the **Public Safety Power Shutoff program ("PSPS")**, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020;
4. PwC's deliverables relating to the **EPC Cross-Cutting program ("EPC CC")**, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020; and
5. PwC's deliverables relating to the **General Rate Case ("GRC")**, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020.

Further, to the extent that PwC withholds any document(s) on the basis of a privilege claim—whether such claim is asserted by PG&E or PwC—the Trust requests that PwC provide a privilege log sufficient to identify such document(s). As agreed during the discovery conference this morning, following receipt of PwC's privilege log, we will work with you and counsel for PG&E to resolve any issues regarding the asserted privilege.

The Trust's request for the above materials is not a waiver of any right to seek additional documents responsive to the existing Rule 2004 subpoena, and all such rights are expressly reserved.

We are available to discuss these issues on a call on Monday, Tuesday, or Thursday of next week. Please let us know whether there are any particular dates and times that work best for you. Thanks.

Best,
Sarah

---

**From:** Sarah Kelly-Kilgore
**Sent:** Thursday, July 15, 2021 5:44 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** Michael Kibler <mkibler@kfc.law>; Walsh, Brian <brian.walsh@bryancave.com>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges (EBorges@GGTrialLaw.com) <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

To follow up on the below, at 5:26pm PDT this evening, we received PG&E's consent to share the attached redacted version of the internal PG&E document.

As stated below, we are available for a meet-and-confer call tomorrow morning, should you wish to discuss further in advance of the discovery conference.

Best,
Sarah

**From:** Sarah Kelly-Kilgore
**Sent:** Thursday, July 15, 2021 11:49 AM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** Michael Kibler <mkibler@kfc.law>; Walsh, Brian <brian.walsh@bryancave.com>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges (EBorges@GGTrialLaw.com) <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thank you for finally confirming that there are additional responsive documents in PwC's possession. While we appreciate your commitment to producing additional EPC CC and PSPS contracts, subject to a privilege review by PG&E's counsel, your message below includes a number of inaccuracies, which we now take the opportunity to correct.

First, contrary to your representations below, we have never agreed that documents post-dating the November 2018 Camp Fire fall outside the scope of the Subpoena. To the contrary, as we have repeatedly discussed, PwC's work after the Camp Fire may not have *caused* the fires that are subject to the Trust's investigation, but such work may be directly relevant to establishing the *causation* for those fires, particularly where such work involved remediation efforts or retrospective analysis. Moreover, PwC's work on the CWSP, PSPS, EPC CC, and GRC falls directly within the Schedule of Assigned Rights and Causes of Action (the "Schedule"), Dkt. No. 7712-1, which establishes the scope of the Trust's investigation. I have attached that Schedule for your convenience. Of particular note are categories (j), (o), (p), and (t) under paragraph (1). *See* Dkt. No. 7712-1, at 2-3. While the Trust is entitled to the production of all contracts related to any of the broad categories of work identified in the Schedule, *see* Dkt. No. 7712-1, we specifically requested a list of PwC's contracts with PG&E for the purpose of identifying an agreed-upon set of contracts to be produced and eliminate unnecessary burden to PwC. As noted in your email below, we made similar offers to other business consultants. To the extent that we have "backed off" on those offers and not required a list of contracts from other consultants, it is because those consultants—in stark contrast to PwC—have actually produced documents and engaged in meaningful dialogue with us.

Second, regarding PwC's PSPS work, it is simply untrue that your co-counsel previously informed us that there are no PwC PSPS contracts that pre-date 2019. Instead, PwC's counsel initially represented, falsely, that PwC performed no work on either CWSP or PSPS at any time prior to 2019. After we cited to your client's own communications showing that such work began in the spring of 2018, you and your co-counsel represented that PwC could not confirm whether additional contracts existed but promised to make appropriate inquiries and revert to us. He never did. Your email below is the first purported "confirmation" that no PSPS contracts existed prior to 2019. As for your assertion that PwC's post-November 2018 Camp Fire contracts for PSPS work do not relate to the wildfires at issue, as discussed above, such documents may very well show remediation efforts or other work that is directly related not just to the fires themselves but also to the causation of the fires. The Trust is entitled to review the actual contracts and deliverables for

such information, and, given the previous false representations made by PwC's counsel, you can hardly demand that the Trust rely solely on your word.

Third, your email below makes no reference to the communications we produced to you, which show PwC performed work on CWSP and PSPS beginning in the spring of 2018. To the extent that PwC's pre-November 2018 Camp Fire work on those engagements was performed under a broader CWSP contract (rather than under a PSPS-specific contract), PwC's deliverables relating to that work are responsive and must be produced. Significantly, your email below acknowledges not only that contracts falling under the "general CWSP project umbrella" do, in fact, exist, but that PwC is withholding such contracts from production on the basis of PG&E's claim of attorney-client privilege or work-product protection. This is the first time that we are learning that PG&E has claimed privilege over documents related to PwC's CWSP work that pre-dated the Camp Fire. It is improper for PwC to withhold documents on the basis of privilege (even PG&E's privilege) without both expressly making the claim and providing information sufficient to enable the Trust "to assess the claim," which, at minimum, would include (1) the Project Name; (2) the contract (or CWA) number; and (3) the date of execution. Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii). To date, PwC has failed to provide any such information and, until your email below, refused even to acknowledge PwC's undisputed work on CWSP.

Fourth, regarding PwC's work on the GRC, we again refer you to the Assigned Rights and Causes of Action, Dkt. No. 7712-1, discussed above. PwC's GRC work falls well within the scope of potential claims that were assigned to the Trust. The Trust is therefore entitled to investigate such work and make an independent evaluation of causation based on its review of responsive documents.

Fifth, your email's emphasis on the "internal PG&E document" appears to be nothing but a smokescreen designed to deflect from PwC's failure to meet its discovery obligations under the Subpoena. As the record below demonstrates, I have repeatedly updated you regarding our request for PG&E's consent to share that document with you—including in my email earlier this week, in which I specifically stated: "PG&E does not consent to our sharing PG&E's internal document with you. We are working with PG&E's counsel to determine whether a redacted version of that document could be shared, and we will update you as soon as possible." As you appear to recognize, PG&E controls access to its own documents and I have no ability to provide you with access to the internal PG&E document absent PG&E's consent. More significantly, access to that document has never been tied to PwC's ability to respond to the various issues raised by the Trust. Indeed, we first referred to the internal PG&E document in our letter of April 30, 2021. We cited to that document, as well as communications between PG&E and PwC, in subsequent meet-and-confer correspondence; however, you expressed no interest in any of the cited documents until the end of June. When you did make a request for the documents, I immediately requested that you execute the agreement to be bound by the protective order, so as to expedite PG&E's consideration of your request. You refused. It was only after PG&E stated that it would not share internal documents with PwC that you finally relented and executed the agreement to be bound by the protective order on June 30, 2021. Even then, you never made any representation that PwC's response to my letter of June 18 or my email of June 25, 2021 would in some way depend upon access to the internal PG&E document. To the contrary, your email on June 30 specifically stated that you would provide answers by July 9, 2021 and requested only that we provide access to the internal PG&E document at our "earliest convenience."

Finally, with regard to our *ex parte* application, we did in fact notify you during our meet-and-confer call on June 23, 2021 of our intent to seek a Rule 2004 examination of Hugh Le. You unequivocally stated that you would not voluntarily make Mr. Le available for testimony and that you believed such testimony would be premature. You then canceled a scheduled follow-up call on June 25, 2021, claiming that you would respond to the open issues in a call on June 28, 2021. On June 28, 2021, you represented during our call that you could not yet provide answers but would endeavor to do so by the end of day on June 29, 2021. On June 30, 2021, you stated that you would have answers well before July 9, 2021. On July 7, 2021, you stated that you would have answers on or before July 9, 2021. No such answers were forthcoming. Your email of yesterday's date is the first time that we have received any purported answers from you, and, as discussed above, those purported answers provide little meaningful information.

In light of PwC's history of delays and continued refusal to comply with its obligations under the Subpoena, we are skeptical that further meet-and-confer efforts will be productive, and we continue to believe that judicial intervention is

necessary. Nonetheless, in the hopes of finally reaching a resolution, we are willing to further meet and confer in good faith in advance of tomorrow's discovery conference. We are available today, Thursday, before 2:30 p.m. PDT and tomorrow before 10:00 a.m. PDT. Please let us know if there is a time that works for you. Thanks.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Wednesday, July 14, 2021 12:13 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** 'brian.walsh@bclplaw.com' <brian.walsh@bclplaw.com>; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah:

*Fourteen days ago* we requested the "internal PG&E document" that you claim supports your client's requests. You ignored us and then, yesterday, informed us that "PG&E does not consent to our sharing PG&E's internal document with you." However, you previously characterized this document as a summary of work that PwC performed for PG&E. On what basis is this summary of PwC's services for PG&E being withheld *from PwC*? We previously told you that we would review this PG&E document once provided, evaluate whether the document supports your client's requests as you contend, and then respond to the open discovery issues. Your two-week delay and now outright refusal to produce this document has precluded any meaningful discussion on these open issues that you seem so keen to tee-up with Judge Montali.

PwC's responses to the questions you asked during our recent meet and confers follow:

Brian Walsh previously told you that there are no PwC PSPS contracts that pre-date 2019. We have confirmed this. We have identified two additional contracts related to PSPS that we will produce as soon as we confirm with PG&E and its counsel Cravath that PG&E does not assert attorney-client privilege or work-product protection over such documents. To be clear, all of the PwC PSPS contracts post-date the wildfires and, therefore, do not relate to causation of the wildfires at issue. Consistent with your position in our meet and confers as it pertains to the scope of the Subpoena, PwC will not produce deliverables related to its work under the PSPS contracts.

We also did find an additional contract for EPC CC that PwC will produce as soon as we confirm with PG&E/Cravath that PG&E does not assert attorney-client privilege or work-product protection over such documents. PwC's position remains that such documents do not relate in any way to causation of the wildfires at issue and, therefore, consistent with your position in our meet and confers such documents are also outside the scope of the Subpoena.

As we have repeatedly told you, PwC has not withheld *any* documents from production in response to the Subpoena on PwC-privilege grounds. Rather, as noted in Brian Walsh's December 10, 2020 letter to your predecessor counsel and Mr. Walsh's May 7, 2021 letter to your firm, certain documents were not produced by PwC previously based on an assertion

of attorney-client privilege or work-product protection by PG&E/Cravath. Your predecessor counsel can provide you additional information about what was and was not produced after the PG&E/Cravath privilege review. We have identified some contracts between PwC and PG&E that fall under the general CWSP project umbrella but PG&E/Cravath has asserted PG&E's attorney-client privilege or work-product protection over such documents. We must defer to PG&E and its counsel on this point.

PwC will not produce contracts for the GRC. Your rationale for why these contracts are relevant—that any advice which would allocate funds to projects other than wildfire safety could establish causation—is an extreme stretch of causation, let alone logic.

Finally, PwC will not provide a list of all contracts with PG&E over the course of the past eight years. During our last meet-and-confer call, your colleague Evan Borges suggested that the Trust would back off on this (unreasonable) request for now. We understand that you have similarly backed off on this request from other consultants (contrary to your prior representation to us about what other consultants have agreed to provide to the Trust).

Unfortunately, it seems that all of your emails—to us and to the court's staff—are written "for the record" rather than actually meeting and conferring in good faith. This is confirmed by the fact that over the past two weeks you were apparently drafting an eleven-page ex parte application supported by your eight-page declaration, which you improperly sent to the court last night without first notifying us and without even attempting to meet and confer regarding the Trust's request to depose Hugh Le. Nonetheless we are willing to continue in good faith working through as many disputes as possible, as we did with the Trust's prior counsel.

Let us know if you would like to have another call before the discovery conference on Friday.

Thank you,
Matt

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Tuesday, July 13, 2021 1:58 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** 'brian.walsh@bclplaw.com' <brian.walsh@bclplaw.com>; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

PG&E's counsel has informed us that PG&E does not consent to our sharing PG&E's internal document with you. We are working with PG&E's counsel to determine whether a redacted version of that document could be shared, and we will update you as soon as possible.

In the meantime, we are still waiting for PwC's response to my letter of June 18, 2021. As discussed in my email immediately below, you previously represented that we would have a written response to that letter by the end of day on June 29, 2021, and you later represented that we would "certainly" have PwC's response "well before the continued discovery conference on July 9." Two weeks have since passed, and we have received nothing. Please provide PwC's

response to my letter of June 18, 2021 immediately, so that the parties have an opportunity to discuss PwC's position in advance of Friday's continued discovery conference.

Thanks.

Best,
Sarah

**From:** Sarah Kelly-Kilgore
**Sent:** Tuesday, July 6, 2021 7:29 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thank you for following up regarding the internal PG&E document. In terms of the timing on this issue, any delay in providing you with internal PG&E materials stems from PwC's initial refusal to agree to be bound by the protective order. As you know, we first requested PwC's agreement to be bound by the protective order in this matter on June 23, 2021. You provided PwC's agreement to be so bound less than a week ago, after PG&E expressly decided not to share its internal communications with you in the absence of such agreement. We have since renewed our request for PG&E's consent to share internal PG&E materials with you and will send you the relevant document as soon as we receive PG&E's consent.

In the meantime, we are still waiting for a response to my June 18, 2021 letter. On June 25, you represented that you would discuss with your client the four open issues therein and the related eight PwC/PG&E communications we were able to provide, and you specifically requested that we postpone a scheduled meet-and-confer call to Monday, June 28, so that you would "have [y]our client's feedback before the call." (Email from M. Cave to S. Kilgore (Jun. 25, 2021 at 2:30 PM).) We agreed to postpone the call but asked that you respond to all points not specifically related to the eight PwC/PG&E communications. You never responded to that request. During the subsequent call on June 28, you represented that you could not yet respond to any of the four open issues but that you would endeavor to do so by the end of Tuesday, June 29, 2021. Based on that representation, we agreed to postpone the discovery conference. We did not receive anything from you on June 29; more significantly, since that date, we have received only the representation that a response would "certainly" be provided "well before the continued discovery conference on July 9." (Email from M. Cave to S. Kilgore (Jun. 30, 2021 at 11:50 AM).) Again, no such response has issued. We are now less than three days out from the continued discovery conference and have made no progress in the past three weeks, aside from *our* production to *you* of the PwC/PG&E communications.

In sum, it is becoming increasingly clear that PwC is focusing on delay, rather than its obligations to comply with the subpoena. At this point, we thus have no choice but to proceed with the discovery conference scheduled to occur on Friday, and we will update the Court accordingly.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Tuesday, July 6, 2021 3:12 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

I'm following up on our request for the "internal PG&E document" that we requested from you a week ago now.

Thanks,
Matt

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Matthew Cave
**Sent:** Wednesday, June 30, 2021 11:50 AM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

We're working on getting responses to your four questions below. As I made clear during our call on Monday, we could not commit to getting you answers by COB yesterday without speaking to our client first. Unfortunately our client contact is unavailable until later this week. We'll answer your questions as soon as we are able to, and certainly well before the continued discovery conference on July 9.

In the meantime, we received permission to sign Exhibit A to the protective order, which is attached. Please send us the PG&E document that you've referenced at your earliest convenience.

Thank you,
Matt

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Monday, June 28, 2021 3:15 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thank you again for the call this morning. Based on your representation that you are working to respond to my letter of June 18, 2021 by end of day tomorrow, we intend to ask the Court for a brief continuance of the discovery conference. I will contact the court clerk momentarily.

Best,
Sarah

**From:** Sarah Kelly-Kilgore
**Sent:** Friday, June 25, 2021 3:29 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Thanks, Matt. While we're available on Monday to discuss the CWSP and pre-2019 PSPS issues, we do need your response as to the following, none of which are dependent upon review of the documents cited in our prior letters and provided to you this morning:

1. Will PwC provide the list of contracts previously requested—rather than the overly broad "areas of work" listed in your May 28, 2021 letter?
2. Will PwC confirm that it has produced all post-November 2018 Camp Fire contracts relating to PwC's work on PSPS and, if that production is not complete, will PwC agree to produce the remaining documents?
3. Will PwC commit to producing deliverables for the contracts relating to CWSP and PSPS that you have already identified?
4. Will PwC commit to producing its contracts and deliverables relating to PwC's work on the EPC CC and GRC?

Please let us know your response as to the above four items today. In the meantime, I will circulate a new calendar invite for our call regarding CWSP and pre-2019 PSPS for Monday at 10am PDT.

Thanks again.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Friday, June 25, 2021 2:30 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Thank you for sending. We'll review and discuss with our client over the weekend. I suggest we push this afternoon's call to Monday morning, maybe 10 a.m., so we have our client's feedback before the call. Is your team available then?

Matthew J. Cave
Partner

Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Friday, June 25, 2021 10:36 AM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

We received PG&E's consent this morning to share with you the attached documents, all of which consist of correspondence between PG&E and PwC. You will note that Cravath has applied a redaction to protect an internal PG&E communication at the top of PGE-BK-TAR-0001660351. We do not have consent to provide you with any internal PG&E documents or communications at this time, and, as discussed in my email below, we do not expect to receive any such consent in the absence of PwC's agreement to be bound by the protective order.

We look forward to discussing with you this afternoon.

Best,
Sarah

**From:** Sarah Kelly-Kilgore
**Sent:** Thursday, June 24, 2021 3:18 PM
**To:** Matthew Cave <mcave@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Michael Kibler <mkibler@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Matt:

Thanks for your email. We don't understand your unwillingness to sign the protective order. As discussed yesterday, we have already asked Cravath for permission to share the documents with you and will do so as soon as we receive their sign-off, but executing the protective order to expedite that process seems not to impose much, if any, burden on you or your client.

While we agree that the protective order permits disclosure to the specific "author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information" (Protective Order at ¶ 7.3(i)), we do not agree that the provisions you've cited allow us to provide PwC's counsel with the documents at issue, and, more importantly, PG&E's counsel has yet to agree to that position. Additionally, as we have already discussed, at least one of the documents is internal to PG&E, such that execution of the acknowledgement form appears to be the *only* means by which we could provide you with that document. (*See id.* at ¶ 7.3(k) [requiring both "[PG&E's] consent in writing *and* [your] sign[ature of] the 'Acknowledgment and Agreement to Be Bound'"].)

We have contacted Cravath again regarding the consent necessary to share all documents at issue. As soon as we have that consent, we will provide the documents. In the meantime, we are confident that your client could readily obtain the same documents from Hugh Le, Billy Raley, and Joshua Gottesman by referring to the specific dates of the emails at issue, which we provided in our letters of May 20, May 28, and June 18. (*See, e.g.*, Letter from W. Gross to B. Walsh (May 20, 2021) at 1-2, fn. 2.)

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Thursday, June 24, 2021 1:17 PM
**To:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Sarah,

Following up on our call yesterday, we've reviewed the protective order and it's clear that we do not need to sign Exhibit A in order for you to provide the documents we've requested, given that they are (according to your descriptions) emails involving PwC. *See* Protective Order ¶ 7.2(f) and ¶ 7.3(i). So, please send them over to us at your earliest convenience.

Thank you,
Matt

Matthew J. Cave
Partner

# Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Tuesday, June 22, 2021 9:53 PM
**To:** Matthew Cave <mcave@kfc.law>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>
**Subject:** [External]RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

We are available at 12:30pm PDT. We can use the following dial-in for the call:
    **Call-in Number:** 1-605-475-5618
    **Guest Passcode:** 776316

Regarding your request for the evidentiary materials cited in our prior correspondence, PG&E produced those documents and designated them as "Confidential" pursuant to the attached protective order, such that we are prohibited from releasing the documents at this time. We have already contacted PG&E's counsel and requested permission to share those documents with you. Assuming that PG&E grants such permission, we will share the documents with you as soon as possible.

We look forward to speaking with you.

Best,
Sarah

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 11:46 PM
**To:** Michael Kibler <mkibler@kfc.law>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

We're available to meet and confer between 11:30 a.m. and 1 p.m. PT on Wednesday.

Regards,
Matt

**Matthew J. Cave**
*Partner*

11
Case: 19-30088    Doc# 11046-1    Filed: 08/10/21    Entered: 08/10/21 15:03:16    Page 12 of 15

# Kibler Fowler & Cave LLP
Direct: 310-409-0475

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 11:39 AM
**To:** Michael Kibler <mkibler@kfc.law>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Subject:** Re: [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

The proposed joint message is fine.

We'll get back to you later today regarding our availability on Wed.

Thanks,
Matt

Matthew J. Cave
Partner
Kibler Fowler & Cave LLP

Sent from my mobile device

---

**From:** Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Sent:** Monday, June 21, 2021 11:21:44 AM
**To:** Matthew Cave <mcave@kfc.law>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com <brian.walsh@bclplaw.com>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Subject:** [External]RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

Please let us know whether we have your approval to send the following message to Judge Montali's clerk:

> Dear Ms. Parada:
>
> The parties are continuing to meet and confer, per Judge Montali's guidance last week, and they jointly request a one-week extension of the deadline by which to inform Judge Montali whether the discovery conference will need to proceed. The parties also request that the discovery conference currently scheduled for Wednesday, June 23, 2021 be continued to June 30, 2021 or a date thereafter that is convenient for the Court.
>
> Thank you.
>
> ***

Please also let us know what time on Wednesday you are available for a meet-and-confer call. Thanks.

Best,
Sarah

12

Case: 19-30088    Doc# 11046-1    Filed: 08/10/21    Entered: 08/10/21 15:03:16    Page 13 of 15

**Sarah Kelly-Kilgore**
*Partner*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7065 | Fax 213.334.7001
SKellyKilgore@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Matthew Cave <mcave@kfc.law>
**Sent:** Monday, June 21, 2021 9:21 AM
**To:** Dana Vultaggio <DVultaggio@GGTrialLaw.com>; Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Subject:** [EXT] RE: [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Counsel:

Please see the attached correspondence.

Please send us your draft email to Judge Montali for approval before sending. Thank you.

Regards,
Matt

---

Matthew J. Cave
Partner

**Kibler Fowler & Cave LLP**
Direct: 310-409-0475

---

**From:** Dana Vultaggio <DVultaggio@GGTrialLaw.com>
**Sent:** Friday, June 18, 2021 3:19 PM
**To:** Michael Kibler <mkibler@kfc.law>
**Cc:** brian.walsh@bclplaw.com; Matthew Cave <mcave@kfc.law>; Wayne Gross <wgross@ggtriallaw.com>; Evan C. Borges <EBorges@GGTrialLaw.com>; Colin Quinlan <CQuinlan@GGTrialLaw.com>; Sarah Kelly-Kilgore <SKellyKilgore@GGTrialLaw.com>
**Subject:** [External]PricewaterhouseCoopers LLP's Non-Compliance with Rule 2004 Subpoena

Dear Mr. Kibler,

Please see the attached letter from Sarah Kelly-Kilgore regarding the above-referenced matter.

Regards,

**Dana Vultaggio**
*Legal Secretary*
Greenberg Gross LLP | 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
Tel 213.334.7061 | Fax 213.334.7001
DVultaggio@GGTrialLaw.com | www.GGTrialLaw.com



This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.