EVAN C. BORGES, State Bar No. 128706
  EBorges@GGTrialLaw.com
SARAH KELLY-KILGORE, State Bar No. 284571
  SKellyKilgore@GGTrialLaw.com
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 334-7000
Facsimile: (213) 334-7001

*Attorneys for The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **THE FIRE VICTIM TRUSTEE'S CORRECTED OBJECTION TO PRICEWATERHOUSECOOPERS LLP'S NOTICE OF [PROPOSED] ORDER** |

On August 9, 2021, PricewaterhouseCoopers LLP ("**PwC**") filed a notice of proposed order regarding PwC's own non-compliance with the Rule 2004 subpoena issued to it in March 2020. Regrettably, PwC's notice includes numerous statements that are belied by the record. Because PwC's proposed order relies on those misstatements, the Fire Victim Trustee (the "**Trustee**") hereby objects to PwC's notice and proposed order.[1]

First, PwC's notice wrongly suggests that the Trustee only requested "'work product' for the CWSP, PSPS, and EPC CC" engagements for the first time during an exchange on August 9, 2021. Dkt. No. 11041 at 2. This is simply untrue. The Trustee's request for such documents is contained in the subpoena itself and has been part of the parties' meet-and-confer discussions throughout the entirety of this discovery dispute. *See*, *e.g.*, Dkt. No. 6351-2 at 5 & 8 (subpoena's third document request and relevant defined term calling for production of documents constituting or memorializing "[PwC's] work for PG&E," including "any and all reports, analyses, summaries, or descriptions of [PwC's] work" and "all drafts or partial copies, . . . letters, emails, [and] memoranda" comprising or memorializing the same); Dkt. No. 10915-4 at 3 (requesting compliance with third document request in subpoena and defining such request as seeking "PwC Deliverables," for convenience). Following the discovery conference on July 16, 2021, and in recognition of the Court's guidance regarding clarification of the term "deliverables," the Trustee wrote to PwC and specifically requested the following:

1. PwC's contracts with PG&E during the time period 2013 through March 17, 2020;

2. PwC's deliverables relating to the **Community Wildfire Safety Program ("CWSP")**, meaning PwC's **_work product_** generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020;

3. PwC's deliverables relating to the **Public Safety Power Shutoff program ("PSPS")**, meaning PwC's **_work product_** generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020;

---

[1] The Trustee respectfully submits this corrected objection to address a typographical error that appeared at page 3, line 21 of his original objection, filed as Docket No. 11046. That filing inadvertently referred to "PG&E" rather than "PwC." *See* Dkt. No. 11046 at 3. The corrected term now appears in bold underline at page 4, line 2, *infra*.

4. PwC's deliverables relating to the **EPC Cross-Cutting program ("EPC CC")**, meaning PwC's _**work product**_ generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020; and

5. PwC's deliverables relating to the **General Rate Case ("GRC")**, meaning PwC's _**work product**_ generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020.

Email from S. Kilgore to M. Cave (Jul. 16, 2021 at 4:19 p.m. PDT) at 1 (bold in original) (bold, underlined, italics added).[2] The same requests were later set forth, verbatim, in the Trustee's status report of August 2, 2021, and the first through fourth requests were similarly set forth, verbatim, in the Trustee's proposed order of August 9, 2021. *See* Email from S. Kilgore to L. Parada (Aug. 2, 2021 at 11:18 a.m. PDT) at 1 (setting forth identical requests to those issued to PwC)[3]; Dkt. No. 11039 at 2-3 (same); Dkt. No. 11039-1 at 3-4 (same). PwC's purported "compromise offer," which was only extended on August 9, 2021 at 6:08 p.m. PDT, unreasonably narrows the scope of production and provides the Trustee with no assurances that additional documents might be provided in a timely manner. Further, PwC's proposed order would appear to relieve PwC of any obligation to provide a privilege log, as that proposed order calls only for the production of "non-privileged, final deliverables" and a privilege log only to the extent such "above-described documents [*i.e.*, non-privileged, final deliverables]" are withheld on the basis of privilege. Dkt. No. 11041 at 6.

Second, PwC's notice falsely asserts that "the Trustee has dropped [a] facially overbroad request to other consultants" for "documents sufficient to identify all of [their respective] contracts with PG&E." Dkt. No. 11041 at 2. There is no basis for such assertion. As discussed at length during the discovery conference on August 5, 2021, the Trustee has been engaged, and is currently

---

[2] A true and correct copy of this email is attached for the Court's convenience as **Attachment 1**.

[3] PwC improperly characterizes the Trustee's status report as having been submitted in violation of the Court's order because such status report was submitted unilaterally. PwC does not and cannot dispute, however, that it failed to respond to any of the Trustee's correspondence between July 22 and August 3, 2021, thus forcing the Trustee to submit a status report solely on behalf of himself in order to comply with the Court's August 2, 2021 deadline. As discussed during the discovery conference on August 5, 2021, PwC provided no response to the Trustee's discovery requests until 11:57 p.m. PDT on August 4, 2021, little more than ten hours before the conference was scheduled to begin.

engaged, in significant meet-and-confer discussions with other business consultants to PG&E, all of whom are working with the Trustee to reach a mutually agreeable scope of production. **PwC**, in stark contrast, has refused to work with the Trustee in any meaningful way. *See generally* Dkt. No. 10915 (describing PwC's discovery conduct to date). Given PwC's refusal to date to produce its contracts with PG&E, which are plainly responsive to the Rule 2004 subpoena,[4] or even to engage with the Trustee on this issue, the production of documents sufficient to identify PwC's contracts with PG&E (such as a list identifying the same) is a necessary first step to resolving the parties' discovery dispute on this issue.

Finally, PwC wrongly contends that the Trustee's request for a privilege log was raised "for the first time in the proposed order." Dkt. No. 11041 at 3. Not so. As with the issues discussed immediately above, the Trustee's request for a privilege log was set out in the Rule 2004 subpoena itself and included throughout the parties' meet-and-confer discussions. *See* Dkt. No. 6351-2 at 4 (incorporating Fed. R. Civ. P. 45(e)(2)); Dkt. No. 10915-4 (requesting privilege log); Dkt. No. 10915-6 (same); *see also* Attachment 1 (same). In order to avoid potential disputes regarding the sufficiency of PwC's offered privilege log, the Trustee's proposed order merely enumerates the information necessary to evaluate the basis for any privilege claim on which PwC relies, and requires PwC to provide such information to the Trustee. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii) (requiring privilege assertions to be supported by descriptions of "the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim")[5]; *In re Royce Homes, LP*, 449 B.R. 709, 729 (Bankr. S.D. Tex. 2011) (explaining that proponent of privilege "failed to carry his burden" because he produced a privilege log "riddled with bald assertions of the privilege" and refused to "describe each and every e-mail's subject matter and why each e-mail should be granted protection"); *see also* Dkt. No. 10915-6 at 6 (quoting Fed. R. Civ. P. 45(e)(2)(A)(ii) and *In re Royce Homes, LP* in discussing

---

[4] *See* Dkt. No. 6351-2 at 8 (subpoena request calling for the production of "any and all contracts and/or work agreements between [PwC] and PG&E, for the time period 2013 to the present").

[5] Contrary to PwC's claim, the same information is required of both parties and non-parties. *Compare* Fed. R. Civ. P. 26(b)(5)(a)(ii), *with* Fed. R. Civ. P. 45(e)(2)(A)(ii).

the Trustee's request for a privilege log).

For all the foregoing reasons, the Trustee objects to PwC's notice and proposed order, and respectfully requests that the Court enter an order in the form proposed by the Trustee.

DATED: August 10, 2021  GREENBERG GROSS LLP

By:    */s/ Sarah Kelly-Kilgore*
Evan C. Borges
Sarah Kelly-Kilgore

*Attorneys for The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*