William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant and*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

*Party to California Public Utilities Commission Proceeding A.20-06-011 which is the Application of Pacific Gas and Electric Company for Approval of Regionalization Proposal*

*Party to California Public Utilities Commission Proceeding R.18-10-007 which is the Order Instituting Rulemaking to Implement Electric Utility Wildfire Mitigation Plans Pursuant to Senate Bill 901*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the lead case, No. 19-30088 (DM) | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administrated)<br><br>***EX PARTE* MOTION OF WILLIAM B. ABRAMS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON WILLIAM B. ABRAMS MOTION TO ENFORCE DISCLOSURE REQUIREMENTS OR RECONSTITUTE THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE GIVEN NEW EVIDENCE OF SELF DEALING AND CONFLICTS OF INTEREST PURSUANT TO U.S.C. §§ 327(a) AND BANKRUPTCY RULE 2014**<br><br>No response is required until the court determines whether to permit further consideration of the motion<br><br>Related Documents: Dkt. 11005 |

William B. Abrams in the above-captioned chapter 11 case, hereby submits this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing at the convenience of the court, on the "*WILLIAM B. ABRAMS MOTION TO ENFORCE DISCLOSURE REQUIREMENTS OR RECONSTITUTE THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE GIVEN NEW EVIDENCE OF SELF DEALING AND CONFLICTS OF INTEREST PURSUANT TO U.S.C. §§ 327(a) AND BANKRUPTCY RULE 2014*" ("**Motion for TOC Disclosures**") filed contemporaneously herewith. William B. Abrams respectfully requests that in accordance with the "ORDER DENYING WILLIAM B. ABRAMS' MOTION TO ENFORCE THE VICTIM TRUST AGREEMENT AND REPLACE ALL MEMBERS OF THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE, ETC." [Dkt. 10768] that the court conduct the special "preliminary review" and set a date for the motion to be heard at the earliest convenience of the court given the compounding and time sensitive implications and a recent statement by the former President of the Up From the Ashes Coalition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.   RELIEF REQUESTED FOR THE WILLIAM B. ABRAMS MOTION TO ENFORCE DISCLOSURE REQUIREMENTS OR RECONSTITUTE THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE GIVEN NEW EVIDENCE OF SELF DEALING AND CONFLICTS OF INTEREST PURSUANT TO U.S.C. §§ 327(a) AND BANKRUPTCY RULE 2014**

Through this motion, I am requesting that the court require all members of the Trust Oversight Committee ("**TOC**") to provide written and public disclosures according to Bankruptcy Rule 2014 and specifically to disclose any adverse interests to victims in this case.[1] The Bankruptcy Code defines "disinterested" as an individual who "does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason."[2] Furthermore, Section 327(a) imposes two requirements for retention of professionals by a trustee. Professionals like those represented on the Trust Oversight Committee (TOC) must be both (1) disinterested and (2) not hold or represent any interest adverse to the estate.[3] All of the remedies by law should be considered by the court in relation to members of the TOC after each member has fully disclosed their conflicts of interest in this case. These considerations should include the replacement of any or all TOC members and the implementation of broader judicial review for Fire Victim Claims. Moreover, the court should additionally consider other remedies based on the substance of these disclosures up to and including the revocation of their employment and denial of their compensation if their disclosures are shown to not be timely or complete.[4]

I ask the court to consider the other points and authorities referenced within the Motion for TOC Disclosures and grant this motion requesting an order shortening time. Per the earlier order [Dkt. 10768] and subsequent instructions of the court, I will not request a specific hearing date or request a response from parties at this time. I await the court's preliminary review and appreciate the court's further consideration of this motion.

### III. SHORTENING TIME FOR HEARING ON THE MOTION FOR TOC DISCLOSURES IS WARRANTED

There are ongoing detrimental effects from the lack of disclosures in this case effecting the just administration and oversight of the Fire Victim Trust. I respectfully request that the court not

---

[1] *See* FED. R. BANKR. P. 2014.

[2] 11 U.S.C. § 101(14).

[3] 11 U.S.C. § 327(a); *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012)

[4] *Id.* (citing *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998)).

allow other parties in this case to twist this motion to scapegoat and further slow the trust administration process to shield investor interests. Importantly, this motion and the required disclosures should speed the administration of the Fire Victim Trust and increase the flow of compensation to victims. That said, every day that goes by without these disclosures causes additional harm to the Fire Victim Trust and the PG&E victims themselves. The Motion for TOC Disclosures should be considered by the court in parallel to the expeditious trust administration and to support just ends in this case.

On August 10, 2021, it was reported that Steve Campora Esq., Dreyer, Babich, Baccola, Wood and Campora Law Firm stated the following regarding the implications of the recent Wildfires on the PG&E Stock Price:

> **"People need to understand that as a result of AB 1054, PG&E's financial picture will not be damaged by the Dixie fire… The stock price hurts the prior victims because it lessens the money in the trust, but [there] is no real financial danger to PG&E."[5]**

The court should keep in mind that this statement comes from Steve Campora, Former President of Up From the Ashes ("**UFTA**") which is the "Shadow Lobbying" Organization referenced within my Motion for TOC Disclosures which helped shape legislation adverse to the interest of victims. As stated, actions of these UFTA "coalition members" were a disservice to Governor Newsom and the California Legislature who I believe made an honest attempt to strike a difficult balance between the interests of victims in this case with the broader safety and security interests for our communities. This statement from Mr. Campora provides yet another example of how certain attorneys in this case are still acting not in a "disinterested" manner as required by Bankruptcy Law but in a manner that should lead the court to require substantive and full disclosures of conflicts according to Bankruptcy Rule 2014. While it is true that Mr. Campora is not a member of the TOC, I point out in the Motion for TOC Disclosures that other former officers of UFTA are also members of the Trust Oversight Committee and that all TOC members bar-one are "coalition members" of UFTA. Therefore, these added statements of Mr. Campora should be troubling to the court and demonstrate the need for

---

[5] ABC10 Reports, Brandon Rittiman, August 10, 2021, https://www.abc10.com/article/news/local/abc10-originals/newsom-pge-protection/103-65ca1d41-8efe-45b4-87bc-0cdecc714378

setting a hearing date as soon as possible and based upon the "preliminary review" to address the issues raised in the Motion for TOC Disclosures.

IV.     NOTICE

Notice of this Motion to Shorten will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Timothy Laffredi, Esq.); (iii) counsel to the Trustee; (iv) counsel and members of the Trust Oversight Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; and (ix) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. As a Pro Se party to this proceeding, William B. Abrams respectfully submits that this will be accomplished through email to the service list and that no further notice is required. I have filed this Motion to Shorten and the Motion for TOC Disclosures according to the court COVID procedures for Pro Se parties.

This Motion to Shorten is being filed in compliance with B.L.R. 9006-1 along with the appropriate declaration. No other request for the relief sought herein has been made by William B. Abrams to this or any other court.

**WHEREFORE** William B. Abrams respectfully requests entry of an order granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated:  August 10, 2021

Respectfully submitted,

William B. Abrams
Pro Se Claimant