William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant and*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

*Party to California Public Utilities Commission Proceeding A.20-06-011 which is the Application of Pacific Gas and Electric Company for Approval of Regionalization Proposal*

*Party to California Public Utilities Commission Proceeding R.18-10-007 which is the Order Instituting Rulemaking to Implement Electric Utility Wildfire Mitigation Plans Pursuant to Senate Bill 901*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administrated)<br><br>**DECLARATION OF WILLIAM B. ABRAMS IN SUPPORT OF *EX PARTE* MOTION OF WILLIAM B. ABRAMS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON WILLIAM B. ABRAMS MOTION TO ENFORCE DISCLOSURE REQUIREMENTS OR RECONSTITUTE THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE GIVEN NEW EVIDENCE OF SELF DEALING AND CONFLICTS OF INTEREST PURSUANT TO U.S.C. §§ 327(a) AND BANKRUPTCY RULE 2014**<br><br>Related Documents: Dkt. 11005 |

I, William B. Abrams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a claimant and a PG&E Fire Survivor who has engaged in this proceeding as a Pro Se party to collaborate with core parties in good-faith towards a plan that provides a restructured PG&E oriented towards safe and reliable service and a Trust Agreement that provides just and expedited claims administration for victims.

2. I submit this declaration in support of the Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing at the convenience of the court, on the *WILLIAM B. ABRAMS MOTION TO ENFORCE DISCLOSURE REQUIREMENTS OR RECONSTITUTE THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE GIVEN NEW EVIDENCE OF SELF DEALING AND CONFLICTS OF INTEREST PURSUANT TO U.S.C. §§ 327(a) AND BANKRUPTCY RULE 2014* ("**Motion for TOC Disclosures**"), filed contemporaneously herewith.[1] William B. Abrams recognizes that any responses or objections to the Motion for TOC Disclosures will be in accordance with the "*ORDER DENYING WILLIAM B. ABRAMS' MOTION TO ENFORCE THE VICTIM TRUST AGREEMENT AND REPLACE ALL MEMBERS OF THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE, ETC.*" [Dkt. 10768] and will only be required after the court determines whether to permit further consideration of the motion.

3. I believe that approval of the Motion for TOC Disclosures as described therein is particularly time-sensitive, given the nature of the issues described and ongoing efforts that undermine the value of the Fire Victim Trust and delay effective and just Trust Administration. As described in the Motion for TOC Disclosures, these issues should be considered in parallel to the expeditious administration of the Fire Victim Trust and in accordance U.S.C. §§ 327(a) and Bankruptcy Rule 2014. To whatever extent there is uncertainty and disputes regarding these violations, these differences need to be resolved quickly to ensure the integrity of case and the just administration of the Fire Victim Trust.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion for TOC Disclosures or the Motion to Shorten, as applicable.

4. I believe that prompt resolutions of these violations are in the best interest of all parties and in particular the victim claimants who are a priority for this court. I believe that the court should set a hearing date and provide an adequate timeframe for all parties to file objections and to have substantive oral arguments.

5. The issues set forth in the Motion for TOC Disclosures and the Motion to Shorten are of paramount importance to the ongoing integrity of the case. Therefore, I have put forward the Motion for TOC Disclosures in good-faith to remedy these material issues for all parties and in particular for PG&E Fire Victims who deserve a fair, prompt and just administration of their claims.

6. After filing my Motion for TOC Disclosures, on August 2, 2021 and via email, I offered to meet and confer with the members of the Trust Oversight Committee to remedy the issues presented within the motion. Subsequently, on August 4, 2021, I requested via email that Trustee Counsel facilitate a meet and confer with the members of the Trust Oversight Committee to remedy the issues. Despite these repeated attempts in good faith to set a meeting, there has been no response from members of the TOC to resolve these critical issues.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at Santa Rosa, California on August 11, 2021.

William B. Abrams
Pro Se Claimant