1                   UNITED STATES BANKRUPTCY COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                              -oOo-

4    In Re:                       ) Case No. 19-30088
                                  ) Chapter 11
5    PG&E CORPORATION AND PACIFIC )
     GAS AND ELECTRIC COMPANY,    ) San Francisco, California
6                                 ) Tuesday, August 17, 2021
                        Debtor.   ) 10:00 AM
7    _____  )
                                  EX PARTE MOTION OF WILLIAM B.
8                                 ABRAMS PURSUANT TO B.L.R.
                                  9006-1 REQUESTING ORDER
9                                 SHORTENING TIME FOR HEARING
                                  ON WILLIAM B. ABRAMS' MOTION
10                                TO ENFORCE DISCLOSURE
                                  REQUIREMENTS OR RECONSTITUTE
11                                THE FIRE VICTIM TRUST
                                  OVERSIGHT COMMITTEE GIVEN NEW
12                                EVIDENCE OF SELF DEALING AND
                                  CONFLICTS OF INTEREST
13                                PURSUANT TO U.S.C. SECTION
                                  327(A) AND BANKRUPTCY RULE
14                                2014 FILED BY WILLIAM ABRAMS
                                  [11051]
15
                                  MOTION TO ENFORCE DISCLOSURE
16                                REQUIREMENTS OR RECONSTITUTE
                                  THE FIRE VICTIM TRUST
17                                OVERSIGHT COMMITTEE GIVEN NEW
                                  EVIDENCE OF SELF DEALING AND
18                                CONFLICTS OF INTEREST
                                  PURSUANT TO U.S.C. SECTION
19                                327(A) AND BANKRUPTCY RULE
                                  2014 FILED BY WILLIAM ABRAMS
20                                [11005]

21
                            TRANSCRIPT OF PROCEEDINGS
22                   BEFORE THE HONORABLE DENNIS MONTALI
                       UNITED STATES BANKRUPTCY JUDGE
23
     APPEARANCES (All present by video or telephone):
24
     Also Present:              William B. Abrams
25                              Movant and Individual Claimant

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18  Court Recorder:                    LORENA PARADA/ANKEY THOMAS
United States Bankruptcy
Court

19  450 Golden Gate Avenue
San Francisco, CA 94102

20

21  Transcriber:                          LINDA FERRARA
eScribers, LLC

22  7227 N. 16th Street
Suite #207

23  Phoenix, AZ 85020
(973)406-2250

24

25  Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

eScribers
(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  SAN FRANCISCO, CALIFORNIA, TUESDAY, AUGUST 17, 2021, 10:00 AM

2                              -oOo-

3      (Call to order of the Court.)

4           THE CLERK:  Court is now in session.  The Honorable

5  Dennis Montali presiding.

6           Calling the matter of PG&E Corporation.

7           I'll bring in Mr. Abrams now.

8           THE COURT:  Good morning, Mr. Abrams.

9           MR. ABRAMS:  Good morning, Your Honor.

10          THE COURT:  Yeah, just state your name for the record,

11  please.

12          MR. ABRAMS:  Will Abrams.

13          THE COURT:  All right.  Well, Ms. Parada, no one else

14  has raised a hand and participating, right?

15          THE CLERK:  No.  No, Your Honor.

16          THE COURT:  All right.  Okay.  For the record, Mr.

17  Abrams, you know what I am about to tell you but I'm just going

18  to clarify it for the record.  So I signed on order on August

19  12th setting this hearing.  And as I indicated in that order, I

20  originally intended to do a written disposition of your pending

21  motions, but based upon circumstances, I chose to move more

22  expeditiously, and so I am going to make an oral ruling on your

23  motions and explain myself.  I don't intend to write in any

24  detailed written (audio interference) I will issue a summary,

25  one- or two-sentence order that formally confirms my oral

PG&E Corporation and Pacific Gas and Electric Company

1  ruling.  And specifically this is a ruling on two motions you

2  filed on August 2nd, document number 11005 which I will use the

3  short title, William B. Abrams' motion to enforce disclosure

4  requirements.  And then a few days after that, you filed

5  document 11051 which is called an ex parte motion, your name,

6  pursuant to the rules and so on for a hearing to enforce the

7  same documents.

8       So I am taking those two together and I'm simply going

9  to make this an oral ruling.  Stick with me, I'll try to go

10  short and slowly.

11       So for the first time in less than three months, Mr.

12  Abrams has filed a lengthy criticism of many aspects of the

13  PG&E reorganization.  More specifically, the composition of the

14  Trust Oversight Committee, which I will refer to as the "TOC"

15  occasionally, afformed as of confirmation of the PG&E plan last

16  year.

17       His first attempt was rejected by this Court by an

18  order of June 1st, 2021.  The Court criticized Mr. Abrams for

19  relying on Federal Rule of Bankruptcy Procedure 9023 and 9024

20  generally and in reliance on the Bankruptcy Code Section

21  1123(a)(4).  That section relates to plan components and has no

22  bearing on the Fire Victim Trust or the membership of the TOC.

23       In rejecting that motion, that the Court pointed out

24  that Mr. Abrams needed to make proper citations to authority

25  and to explain the ability of the Court to offer whatever

PG&E Corporation and Pacific Gas and Electric Company

1  relief he sought.  He was also directed to identify the parties

2  against whom he sought relief.  In the first most -- excuse me,

3  in the most recent filing, he has at least done that; namely,

4  identified certain parties, focusing on all but one member of

5  the TOC.

6  His second attempt was rejected by an order of June

7  10th, 2021.  This time Mr. Abrams again cited Bankruptcy Code

8  Section 1123(a)(4) and Section 6.2 of the Fire Victim Trust.

9  In the text of his argument, he actually cited Section 6.3(c)

10  of the Fire Victim Trust.  He did not cite that provision in

11  his most recent filing.  Again, a little inconsistency in the

12  referencing to supporting authorities.

13  In the second motion, Mr. Abrams repeated his

14  criticism of the TOC, but his motion was lacking in admissible

15  evidence and legal analysis as to what the Court should do.  In

16  that same filing, he did cite Bankruptcy Rule 2019, again a

17  rule that has no role regarding post-confirmation activities

18  and does not appear to be relevant conduct of the members of

19  the TOC, yet he asked the Court to direct those members to

20  comply with that rule.  If he persists in invoking that rule,

21  he will need to establish how it applies.

22  In rejecting Mr. Abrams' second motion, the Court

23  pointed out the burdens placed on numerous professionals whom

24  he criticized who would need to deal with the wide sweeping

25  criticisms of them and be expected to defend their reputations.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  He might have a lot of time to make these allegations on his

2  own, but those professionals he attacks repeatedly should not

3  have to deal with specious arguments without merit.

4  After the Court denied the prior motions on June 10,

5  no excuse me, motion on June 10, it laid out for Mr. Abrams

6  what would be required were he to try again in an email from

7  the courtroom deputy of July 1st.  Here's a part of what (audio

8  interference) quote.

9  "Any such motion you file should not mix different

10  claims for relief as your prior motion did.  For example,

11  reconstitute the Trust Oversight Committee and alter the review

12  of damage claims.  Separate motions are needed for separate

13  outcomes.  Here again is a portion" -- and this is still within

14  the quote.  "Here, again, is a portion of the Court's order of

15  June 1st, docket number 10738.  'A motion must identify the

16  parties against whom they seek relief, supporting papers

17  include a memorandum of points and authorities, a statement of

18  the issues to be decided, a succinct statement of the relevant

19  facts, the argument of the submitting party and properly

20  executed affidavits or declarations under penalty of perjury

21  that include admissible evidence, adequate foundation for facts

22  alleged, and free from objectionable hearsay'".

23  As I noted -- as I noted, he has identified in his

24  prospective respondent's members of the TOC, but he's generally

25  failed to comply with those instructions otherwise.  In the

PG&E Corporation and Pacific Gas and Electric Company

1  present filing, he cites Bankruptcy Code Section 327 and

2  Bankruptcy Rule 2014, neither of which have any applicability.

3  Section 327 regulates the conduct of trustees or debtors-in-

4  possession or professionals hired by them.

5  Once the PG&E plan was confirmed on June 20th, 2020

6  and became effective ten days later, the debtor ceased to be a

7  debtor-in-possession and the Court ceased oversight of

8  professionals employed by it -- by the debtor.

9  The Trust Oversight Committee came into existence on

10  the very date the plan became effective.  There's no reason to

11  presume that Section 327 has any application to the Trust

12  Oversight Committee or to any professionals employed by it.

13  The same is true with respect to Bankruptcy Rule 2014.

14  The same is true with Mr. Abrams' complaint that

15  professionals must be "disinterested" and not be permitted to

16  hold or represent interests adverse to the estate.  Again,

17  those are legal rules that do not appear to have any

18  applicability to the Trust Oversight Committee.

19  Although Mr. Abrams cites Section 6.3(c) of the Fire

20  Victim Trust, he does not purport to bring his current motion

21  within any of the provisions of that that might support removal

22  of any of the members of that committee.  Removal is described

23  in that section and there was no compliance with its procedure

24  or even an attempt -- or even an argument with supporting law

25  explaining why the procedures can be bypassed.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    Further, Mr. Abrams provides no evidence that is

2    admissible or relevant to what the current members may have

3    done since they took their positions.  The bulk of his third

4    attack is a sweeping criticism of Governor Newsom, the

5    California legislature, the circumstances that led to the

6    passage of AB 1054, and what did or did not take place leading

7    up to the proposal for PG&E's reorganization plan and the

8    Court's ultimate confirmation of it.

9    Clues as to Mr. Abrams' motivations and concerns are

10   found by repeating a number of phrases he uses in his

11   preliminary statement:  hijacked, benefits certain rarified

12   utility investors, attorneys who have been influenced through

13   perversed incentives, conflicts of interest by those engaged in

14   "extrajudicial actions", efforts of attorneys and others to

15   undermine processes and procedures, profiteering from

16   California's utility-caused wildfires, the Victim Trust being

17   weaponized to advance financial interests of a few

18   stakeholders, conduct of the powerful and well-moneyed parties

19   in this case.  The list goes on and on and need not be repeated

20   here.

21   This Court is not dictating how Mr. Abrams should

22   express himself generally or before any other body.  What it is

23   concerned about is the lack of care and precision which he

24   asserts while making these allegations in this court.

25   More specifically, on page 6 of his latest filing, he

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  states, "There is clear evidence in this case that certain

2  members of the TOC have engaged in matters that have lessened

3  to the value of the trust and delayed the claims administration

4  process to advantage shareholders and others that have adverse

5  interests in this case".  He offers no support for that

6  statement.

7           On the next page he makes a sweeping invocation of

8  Bankruptcy Rule 2014 to contend that members of the Trust

9  Oversight Committee, the torts claimants committee, and the

10 fire claimants' professionals have hinted and indirectly

11 pointed to facts that bear on disinterestedness, but these

12 hints are not disclosed and don't meet the standards of

13 Bankruptcy Rule 2014.

14           He then goes onto discuss at length an inappropriate

15 Court of Appeals decision, Mitchell v. MetLife, that

16 disqualified an attorney because of an inherent conflict and

17 lack of compliance with the American Bar Association Code of

18 Professional Responsibility.  That argument has no relevance to

19 the issues in front of this Court.

20           One of the most troublesome statements Mr. Abrams

21 makes on page 12 is the following.  "I have direct firsthand

22 knowledge that the staff of this organization", presumably the

23 Up From The Ashes, "wrote parts of this legislation", referring

24 to AB 1054, "which were adverse to the interest of the victims,

25 beneficial to investors' interests, and beneficial to the

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  standing of certain attorneys in their ongoing efforts to

2  pursue other litigation outside the bounds of this case"; end

3  of quote.

4       This broad statement is completely unsupported by

5  competent evidence.  The only clue is Mr. Abrams' knowledge,

6  but he keeps it to himself.  But even if he shared with us that

7  knowledge, the relevance is lacking.  Apparently, Up From the

8  Ashes dissolved just weeks after the plan became effective and

9  of course, the plan was consistent with AB 1054 and

10 overwhelmingly approved by the voters of the plan.

11      So the history of how it came to be the law in

12 California and Mr. Abrams' disapproval of it is nothing more

13 than history.

14      The same must be said of who or what groups supported

15 the passage and what their motives were.  While some historical

16 context is always useful, the Court finds distracting and

17 unproductive Mr. Abrams repeatedly complaining about something

18 that is over and done with.  All that he should focus on here

19 is whether the Court agrees that some wrong has been done for

20 which there is a remedy.  That means if there has been misuse

21 by TOC members or any particular member, that wrong and not Mr.

22 Abrams' desire to revisit history should be addressed with

23 competent and admissible and relevant evidence, not repetitive

24 complaints about what might have been.

25      To be more specific, Mr. Abrams on pages 10 and 11 of

PG&E Corporation and Pacific Gas and Electric Company

1  his motion, faults the TOC members, criticized the efforts he

2  labels "shadow lobbying", promoting shares over cash,

3  preventing critical disclosures, leveraging victims' stock

4  positions to shield shareholders' interests, leveraging victims

5  to enable future wildfire litigation, trust design dysfunction.

6  Not very complimentary terms, but absolutely no meat on the

7  bones, just -- excuse me, just one man's obsession with wrongs

8  that he wants to right.

9       It is worth noting that the Court had no role in the

10  selection of the members of the TOC and maybe has no role in

11  replacing them for proven misconduct.  If Mr. Abrams persists

12  again, he must avoid the hyperbole and invective and his own

13  dislike for the process he is stuck with.  These are the rules

14  we all have here.

15       If specific TOC members have done something wrong as

16  members of that organization or even if applicable law was

17  violated and some consequences shall still apply, the

18  wrongdoers should be held accountable.  If paragraph 6.3(c)

19  won't work, Mr. Abrams will need to find what law does work and

20  whether and how this Court can apply that law.

21       Make some final comments.  More recent complaint --

22  Mr. Abrams' most recent complaint in his ex parte motion is

23  that a nonmember -- a nonmember, of the TOC made a brief three-

24  line statement about the Dixie Fire and the PG&E stock price

25  and Mr. Abrams saw fit to call that newly discovered evidence

PG&E Corporation and Pacific Gas and Electric Company

1    justifying relief on an expedited basis.

2           Well, that speaker owed no duty to the Court or to Mr.

3    Abrams or to the Fire Victims' Trust and this Court will not

4    pretend to stifle that person's First Amendment rights any more

5    than it would stifle Mr. Abrams' First Amendment rights.

6           That said, the Court wants Mr. Abrams to know that if

7    his repeated unfounded statements and his ignoring applicable

8    legal rules are getting tiresome and will not be permitted

9    again and again.  While he states repeatedly that he is not a

10   lawyer, a fact well-known to the Court, that is not a license

11   to continue again and again to throw as much criticism in his

12   complaints against the wall, hoping some of it will stick.  He

13   is cautioned that further filings lacking in merit may indeed

14   result in monetary sanctions under Rule 9011 or otherwise if

15   this conduct is repeated.

16          I don't -- I assume Mr. Abrams' good faith.  I am

17   aware of his history and his losses he suffered in the fires in

18   2011 and I don't want to and will not -- am not presently

19   labeling him a vexatious litigant.  I will concede and assume

20   that he is well-intended, but this is not a town hall or a

21   social media platform.  This is a federal court that has

22   procedures governed by well-established rules, virtually none

23   of which have been followed here.

24          If Mr. Abrams cannot or will not follow these

25   procedures, he will be turned away again and again and he will

of 22    (973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    just have to accept the consequences of once again ignoring the

2    rules I have attempted to outline.  It is not my style to come

3    down hard on litigants and particularly pro se litigants, but

4    enough is enough.  The baseless, full-blast, broadside attacks

5    without a shred of foundation or legal basis will not be

6    tolerated if this happens again.

7            The motions are denied.  The Court will issue an order

8    denying them, and that concludes the hearing.

9            MR. ABRAMS:  Can I ask Your Honor --

10           THE COURT:  Adjourn the Court.

11           MR. ABRAMS:  -- a couple of questions?

12           THE COURT:  Excuse me?

13           MR. ABRAMS:  Your Honor, may I ask a couple of

14   questions regarding your ruling?

15           THE COURT:  I don't think so.  The ruling is that the

16   motions are denied.  I may give you -- you can make a brief

17   statement, but I may not answer.

18           MR. ABRAMS:  Okay.  Thank you, Your Honor.  First of

19   all, I just want to clarify there is nothing in my filed papers

20   that points to the Governor or --

21           THE COURT:  Okay.  Mr. Abrams --

22           MR. ABRAMS:  -- any --

23           THE COURT:  -- I am going to interrupt you.  I don't

24   want argument.

25           MR. ABRAMS:  Okay.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1      THE COURT:  If I --

2      MR. ABRAMS:  I am not --

3      THE COURT:  I've made an --

4      MR. ABRAMS:  I am not going to argue my motion, Your

5  Honor.

6      THE COURT:  You're arguing your motion.  Your

7  documents speak for themselves.  Do you have another question?

8      MR. ABRAMS:  So Your Honor, you -- you threw a lot of

9  things at me, and I remember sitting in your courtroom where

10 attorneys passed a cocktail napkin up to you and everybody had

11 a big laugh as a --

12     THE COURT:  Okay.  Mr. Abrams --

13     MR. ABRAMS:  -- (indiscernible).

14     THE COURT:  -- I'm not interested in going back

15 over --

16     MR. ABRAMS:  And so --

17     THE COURT:  -- I'm sorry, sir.

18     MR. ABRAMS:  -- when all of these other --

19     THE COURT:  I'm sorry, Mr. Abrams.

20     MR. ABRAMS:  -- parties are doing those types of

21 things --

22     THE COURT:  I am going to --

23     MR. ABRAMS:  -- I have been respectful --

24     THE COURT:  Ms. Parada --

25     MR. ABRAMS:  -- I have completely been respectful --

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  -- would you please mute Mr. Abrams' --

2          MR. ABRAMS:  -- of you and the Court.

3          THE COURT:  -- microphone?

4          MR. ABRAMS:  I have continued to be respectful of you

5     and the Court, Your Honor and I wouldn't do any --

6          THE COURT:  Ms. Parada, please mute Mr. Abrams'

7     microphone.

8          Mr. Abrams, I have not said you have been rude or

9     impolite to the Court.  I have said you are misguided in the

10    way you're going about your attacks.  I am not going to discuss

11    it further.  I've issued my ruling and I'm warning you about

12    any future activity and what I'll expect of you.

13         And I will repeat again, I have made no criticism of

14    anything you've done in the past and I don't know what you're

15    referring to about something that happened during a prior

16    hearing sometime in the last two-and-a-half years.

17         So the Court is now adjourned.

18    (Whereupon these proceedings were concluded at 10:20 AM)

19

20

21

22

23

24

25

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

I N D E X

RULINGS:                                          PAGE  LINE

Ex parte motion and Motion to enforce of          13    7

Mr. Abrams are denied.

Case: 19-30088    Doc# 11071    Filed: 08/18/21    Entered: 08/18/21 09:51:58    Page 16
(973) 406-2250 | operations@escribers.net | www.escribers.net
of 22

C E R T I F I C A T I O N

I, Linda Ferrara, certify that the foregoing transcript is a
true and accurate record of the proceedings.



_____

/s/ LINDA FERRARA, CET-656


eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020


Date:  August 17, 2021

of 22 | operations@escribers.net | www.escribers.net
(973) 406-2250

## A

**AB (3)**
8:6;9:24;10:9
**ability (1)**
4:25
**Abrams (45)**
3:7,8,9,12,17;
4:12,18,24;5:7,13;6:5;
7:19;8:1,21;9:20;
10:17,25;11:11,19,25;
12:3,6,24;13:9,11,13,
18,21,22,25;14:2,4,8,
12,13,16,18,19,20,23,
25;15:2,4,8
**Abrams' (12)**
4:3;5:22;7:14;8:9;
10:5,12,22;11:22;12:5,
16;15:1,6
**absolutely (1)**
11:6
**accept (1)**
13:1
**accountable (1)**
11:18
**actions (1)**
8:14
**activities (1)**
5:17
**activity (1)**
15:12
**actually (1)**
5:9
**addressed (1)**
10:22
**adequate (1)**
6:21
**Adjourn (1)**
13:10
**adjourned (1)**
15:17
**administration (1)**
9:3
**admissible (4)**
5:14;6:21;8:2;10:23
**advance (1)**
8:17
**advantage (1)**
9:4
**adverse (3)**
7:16;9:4,24
**affidavits (1)**
6:20
**afformed (1)**
4:15
**again (17)**
5:7,11,16;6:6,13,14;
7:16;11:12;12:9,9,11,
11,25,25;13:1,6;15:13
**against (3)**
5:2;6:16;12:12
**agrees (1)**

10:19
**allegations (2)**
6:1;8:24
**alleged (1)**
6:22
**alter (1)**
6:11
**Although (1)**
7:19
**always (1)**
10:16
**Amendment (2)**
12:4,5
**American (1)**
9:17
**analysis (1)**
5:15
**Apparently (1)**
10:7
**Appeals (1)**
9:15
**appear (2)**
5:18;7:17
**applicability (2)**
7:2,18
**applicable (2)**
11:16;12:7
**application (1)**
7:11
**applies (1)**
5:21
**apply (2)**
11:17,20
**approved (1)**
10:10
**argue (1)**
14:4
**arguing (1)**
14:6
**argument (5)**
5:9;6:19;7:24;9:18;
13:24
**arguments (1)**
6:3
**Ashes (2)**
9:23;10:8
**aspects (1)**
4:12
**asserts (1)**
8:24
**Association (1)**
9:17
**assume (2)**
12:16,19
**attack (1)**
8:4
**attacks (3)**
6:2;13:4;15:10
**attempt (3)**
4:17;5:6;7:24
**attempted (1)**
13:2
**attorney (1)**

9:16
**attorneys (4)**
8:12,14;10:1;14:10
**audio (2)**
3:24;6:7
**AUGUST (3)**
3:1,18;4:2
**authorities (2)**
5:12;6:17
**authority (1)**
4:24
**avoid (1)**
11:12
**aware (1)**
12:17
**away (1)**
12:25

## B

**back (1)**
14:14
**Bankruptcy (9)**
4:19,20;5:7,16;7:1,2,
13;9:8,13
**Bar (1)**
9:17
**based (1)**
3:21
**baseless (1)**
13:4
**basis (2)**
12:1;13:5
**bear (1)**
9:11
**bearing (1)**
4:22
**became (3)**
7:6,10;10:8
**beneficial (2)**
9:25,25
**benefits (1)**
8:11
**big (1)**
14:11
**body (1)**
8:22
**bones (1)**
11:7
**bounds (1)**
10:2
**brief (2)**
11:23;13:16
**bring (2)**
3:7;7:20
**broad (1)**
10:4
**broadside (1)**
13:4
**bulk (1)**
8:3
**burdens (1)**
5:23

**bypassed (1)**
7:25

## C

**CALIFORNIA (3)**
3:1;8:5;10:12
**California's (1)**
8:16
**Call (2)**
3:3;11:25
**called (1)**
4:5
**Calling (1)**
3:6
**came (2)**
7:9;10:11
**can (4)**
7:25;11:20;13:9,16
**care (1)**
8:23
**case (4)**
8:19;9:1,5;10:2
**cash (1)**
11:2
**cautioned (1)**
12:13
**ceased (2)**
7:6,7
**certain (4)**
5:4;8:11;9:1;10:1
**chose (1)**
3:21
**circumstances (2)**
3:21;8:5
**citations (1)**
4:24
**cite (2)**
5:10,16
**cited (2)**
5:7,9
**cites (2)**
7:1,19
**claimants (1)**
9:9
**claimants' (1)**
9:10
**claims (3)**
6:10,12;9:3
**clarify (2)**
3:18;13:19
**clear (1)**
9:1
**CLERK (2)**
3:4,15
**clue (1)**
10:5
**Clues (1)**
8:9
**cocktail (1)**
14:10
**Code (4)**
4:20;5:7;7:1;9:17

**comments (1)**
11:21
**Committee (8)**
4:14;6:11;7:9,12,18,
22;9:9,9
**competent (2)**
10:5,23
**complaining (1)**
10:17
**complaint (3)**
7:14;11:21,22
**complaints (2)**
10:24;12:12
**completely (2)**
10:4;14:25
**compliance (2)**
7:23;9:17
**complimentary (1)**
11:6
**comply (2)**
5:20;6:25
**components (1)**
4:21
**composition (1)**
4:13
**concede (1)**
12:19
**concerned (1)**
8:23
**concerns (1)**
8:9
**concluded (1)**
15:18
**concludes (1)**
13:8
**conduct (4)**
5:18;7:3;8:18;12:15
**confirmation (2)**
4:15;8:8
**confirmed (1)**
7:5
**confirms (1)**
3:25
**conflict (1)**
9:16
**conflicts (1)**
8:13
**consequences (2)**
11:17;13:1
**consistent (1)**
10:9
**contend (1)**
9:8
**context (1)**
10:16
**continue (1)**
12:11
**continued (1)**
15:4
**Corporation (1)**
3:6
**couple (2)**
13:11,13

Case: 19-30088   Doc# 11071   Filed: 08/18/21   Entered: 08/18/21 09:51:58   Page 18
of 22

**course (1)**
10:9
**Court (51)**
3:3,4,8,10,13,16;
4:17,18,23,25;5:15,19,
22;6:4;7:7;8:21,24;
9:15,19;10:16,19;11:9,
20;12:2,3,6,10,21;13:7,
10,10,12,15,21,23;
14:1,3,6,12,14,17,19,
22,24;15:1,2,3,5,6,9,17
**courtroom (2)**
6:7;14:9
**Court's (2)**
6:14;8:8
**critical (1)**
11:3
**criticism (5)**
4:12;5:14;8:4;12:11;
15:13
**criticisms (1)**
5:25
**criticized (3)**
4:18;5:24;11:1
**current (2)**
7:20;8:2

**D**

**damage (1)**
6:12
**date (1)**
7:10
**days (2)**
4:4;7:6
**deal (2)**
5:24;6:3
**debtor (2)**
7:6,8
**debtor-in-possession (1)**
7:7
**debtors-in- (1)**
7:3
**decided (1)**
6:18
**decision (1)**
9:15
**declarations (1)**
6:20
**defend (1)**
5:25
**delayed (1)**
9:3
**denied (3)**
6:4;13:7,16
**Dennis (1)**
3:5
**denying (1)**
13:8
**deputy (1)**
6:7
**described (1)**
7:22

**design (1)**
11:5
**desire (1)**
10:22
**detailed (1)**
3:24
**dictating (1)**
8:21
**different (1)**
6:9
**direct (2)**
5:19;9:21
**directed (1)**
5:1
**disapproval (1)**
10:12
**disclosed (1)**
9:12
**disclosure (1)**
4:3
**disclosures (1)**
11:3
**discovered (1)**
11:25
**discuss (2)**
9:14;15:10
**disinterested (1)**
7:15
**disinterestedness (1)**
9:11
**dislike (1)**
11:13
**disposition (1)**
3:20
**disqualified (1)**
9:16
**dissolved (1)**
10:8
**distracting (1)**
10:16
**Dixie (1)**
11:24
**docket (1)**
6:15
**document (2)**
4:2,5
**documents (2)**
4:7;14:7
**done (6)**
5:3;8:3;10:18,19;
11:15;15:14
**down (1)**
13:3
**during (1)**
15:15
**duty (1)**
12:2
**dysfunction (1)**
11:5

**E**

**effective (3)**

7:6,10;10:8
**efforts (3)**
8:14;10:1;11:1
**else (1)**
3:13
**email (1)**
6:6
**employed (2)**
7:8,12
**enable (1)**
11:5
**end (1)**
10:2
**enforce (2)**
4:3,6
**engaged (2)**
8:13;9:2
**enough (2)**
13:4,4
**establish (1)**
5:21
**estate (1)**
7:16
**even (4)**
7:24,24;10:6;11:16
**everybody (1)**
14:10
**evidence (7)**
5:15;6:21;8:1;9:1;
10:5,23;11:25
**ex (2)**
4:5;11:22
**example (1)**
6:10
**excuse (4)**
5:2;6:5;11:7;13:12
**executed (1)**
6:20
**existence (1)**
7:9
**expect (1)**
15:12
**expected (1)**
5:25
**expedited (1)**
12:1
**expeditiously (1)**
3:22
**explain (2)**
3:23;4:25
**explaining (1)**
7:25
**express (1)**
8:22
**extrajudicial (1)**
8:14

**F**

**fact (1)**
12:10
**facts (3)**
6:19,21;9:11

**failed (1)**
6:25
**faith (1)**
12:16
**faults (1)**
11:1
**Federal (2)**
4:19;12:21
**few (2)**
4:4;8:17
**file (1)**
6:9
**filed (4)**
4:2,4,12;13:19
**filing (5)**
5:3,11,16;7:1;8:25
**filings (1)**
12:13
**final (1)**
11:21
**financial (1)**
8:17
**find (1)**
11:19
**finds (1)**
10:16
**Fire (7)**
4:22;5:8,10;7:19;
9:10;11:24;12:3
**fires (1)**
12:17
**first (6)**
4:11,17;5:2;12:4,5;
13:18
**firsthand (1)**
9:21
**fit (1)**
11:25
**focus (1)**
10:18
**focusing (1)**
5:4
**follow (1)**
12:24
**followed (1)**
12:23
**following (1)**
9:21
**formally (1)**
3:25
**found (1)**
8:10
**foundation (2)**
6:21;13:5
**FRANCISCO (1)**
3:1
**free (1)**
6:22
**front (1)**
9:19
**full-blast (1)**
13:4
**Further (3)**

8:1;12:13;15:11
**future (2)**
11:5;15:12

**G**

**generally (3)**
4:20;6:24;8:22
**goes (2)**
8:19;9:14
**Good (3)**
3:8,9;12:16
**governed (1)**
12:22
**Governor (2)**
8:4;13:20
**groups (1)**
10:14

**H**

**hall (1)**
12:20
**hand (1)**
3:14
**happened (1)**
15:15
**happens (1)**
13:6
**hard (1)**
13:3
**hearing (4)**
3:19;4:6;13:8;15:16
**hearsay' (1)**
6:22
**held (1)**
11:18
**Here's (1)**
6:7
**hijacked (1)**
8:11
**himself (2)**
8:22;10:6
**hinted (1)**
9:10
**hints (1)**
9:12
**hired (1)**
7:4
**historical (1)**
10:15
**history (4)**
10:11,13,22;12:17
**hold (1)**
7:16
**Honor (8)**
3:9,15;13:9,13,18;
14:5,8;15:5
**Honorable (1)**
3:4
**hoping (1)**
12:12
**hyperbole (1)**

Case: 19-30088    Doc# 11071    Filed: 08/18/21    Entered: 08/18/21 09:51:58    Page 19
of 22

11:12

# I

**identified (2)**
5:4;6:23
**identify (2)**
5:1;6:15
**ignoring (2)**
12:7;13:1
**impolite (1)**
15:9
**inappropriate (1)**
9:14
**incentives (1)**
8:13
**include (2)**
6:17,21
**inconsistency (1)**
5:11
**indeed (1)**
12:13
**indicated (1)**
3:19
**indirectly (1)**
9:10
**indiscernible (1)**
14:13
**influenced (1)**
8:12
**inherent (1)**
9:16
**instructions (1)**
6:25
**intend (1)**
3:23
**intended (1)**
3:20
**interest (2)**
8:13;9:24
**interested (1)**
14:14
**interests (5)**
7:16;8:17;9:5,25;
11:4
**interference (2)**
3:24;6:8
**interrupt (1)**
13:23
**into (1)**
7:9
**invective (1)**
11:12
**investors (1)**
8:12
**investors' (1)**
9:25
**invocation (1)**
9:7
**invoking (1)**
5:20
**issue (2)**
3:24;13:7

issued (1)
15:11
**issues (2)**
6:18;9:19

# J

**July (1)**
6:7
**June (6)**
4:18;5:6;6:4,5,15;7:5
**justifying (1)**
12:1

# K

**keeps (1)**
10:6
**knowledge (3)**
9:22;10:5,7

# L

**labeling (1)**
12:19
**labels (1)**
11:2
**lack (2)**
8:23;9:17
**lacking (3)**
5:14;10:7;12:13
**laid (1)**
6:5
**last (2)**
4:15;15:16
**later (1)**
7:6
**latest (1)**
8:25
**laugh (1)**
14:11
**law (5)**
7:24;10:11;11:16,19,
20
**lawyer (1)**
12:10
**leading (1)**
8:6
**least (1)**
5:3
**led (1)**
8:5
**legal (4)**
5:15;7:17;12:8;13:5
**legislation (1)**
9:23
**legislature (1)**
8:5
**length (1)**
9:14
**lengthy (1)**
4:12
**less (1)**

4:11
**lessened (1)**
9:2
**leveraging (2)**
11:3,4
**license (1)**
12:10
**line (1)**
11:24
**list (1)**
8:19
**litigant (1)**
12:19
**litigants (2)**
13:3,3
**litigation (2)**
10:2;11:5
**little (1)**
5:11
**lobbying (1)**
11:2
**losses (1)**
12:17
**lot (2)**
6:1;14:8

# M

**makes (2)**
9:7,21
**making (1)**
8:24
**man's (1)**
11:7
**many (1)**
4:12
**matter (1)**
3:6
**matters (1)**
9:2
**may (5)**
8:2;12:13;13:13,16,
17
**maybe (1)**
11:10
**means (1)**
10:20
**meat (1)**
11:6
**media (1)**
12:21
**meet (1)**
9:12
**member (2)**
5:4;10:21
**members (12)**
5:18,19;6:24;7:22;
8:2;9:2,8;10:21;11:1,
10,15,16
**membership (1)**
4:22
**memorandum (1)**
6:17

**merit (2)**
6:3;12:13
**MetLife (1)**
9:15
**microphone (2)**
15:3,7
**might (3)**
6:1;7:21;10:24
**misconduct (1)**
11:11
**misguided (1)**
15:9
**misuse (1)**
10:20
**Mitchell (1)**
9:15
**mix (1)**
6:9
**monetary (1)**
12:14
**Montali (1)**
3:5
**months (1)**
4:11
**more (7)**
3:21;4:13;8:25;
10:12,25;11:21;12:4
**morning (2)**
3:8,9
**most (5)**
5:2,3,11;9:20;11:22
**motion (15)**
4:3,5,23;5:13,14,22;
6:5,9,10,15;7:20;11:1,
22;14:4,6
**motions (7)**
3:21,23;4:1;6:4,12;
13:7,16
**motivations (1)**
8:9
**motives (1)**
10:15
**move (1)**
3:21
**much (1)**
12:11
**must (4)**
6:15;7:15;10:14;
11:12
**mute (2)**
15:1,6
**myself (1)**
3:23

# N

**name (2)**
3:10;4:5
**namely (1)**
5:3
**napkin (1)**
14:10
**need (4)**

5:21,24;8:19;11:19
**needed (2)**
4:24;6:12
**neither (1)**
7:2
**newly (1)**
11:25
**Newsom (1)**
8:4
**next (1)**
9:7
**none (1)**
12:22
**nonmember (2)**
11:23,23
**noted (2)**
6:23,23
**noting (1)**
11:9
**number (3)**
4:2;6:15;8:10
**numerous (1)**
5:23

# O

**objectionable (1)**
6:22
**obsession (1)**
11:7
**occasionally (1)**
4:15
**offer (1)**
4:25
**offers (1)**
9:5
**Once (2)**
7:5;13:1
**one (3)**
3:13;5:4;9:20;11:7
**one- (1)**
3:25
**ongoing (1)**
10:1
**only (1)**
10:5
**onto (1)**
9:14
**oOo- (1)**
3:2
**oral (3)**
3:22,25;4:9
**order (8)**
3:3,18,19,25;4:18;
5:6;6:14;13:7
**organization (2)**
9:22;11:16
**originally (1)**
3:20
**others (2)**
8:14;9:4
**otherwise (2)**
6:25;12:14

Min-U-Script®

Case: 19-30088    Doc# 11071    Filed: 08/18/21    Entered: 08/18/21 09:51:58    Page 20
of 22

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

(3) identified - otherwise

out (3)
　4:23;5:23;6:5
outcomes (1)
　6:13
outline (1)
　13:2
outside (1)
　10:2
over (3)
　10:18;11:2;14:15
Oversight (7)
　4:14;6:11;7:7,9,12,
　18;9:9
overwhelmingly (1)
　10:10
owed (1)
　12:2
own (2)
　6:2;11:12

**P**

page (3)
　8:25;9:7,21
pages (1)
　10:25
papers (2)
　6:16;13:19
Parada (3)
　3:13;14:24;15:6
paragraph (1)
　11:18
part (1)
　6:7
parte (2)
　4:5;11:22
participating (1)
　3:14
particular (1)
　10:21
particularly (1)
　13:3
parties (5)
　5:1,4;6:16;8:18;
　14:20
parts (1)
　9:23
party (1)
　6:19
passage (2)
　8:6;10:15
passed (1)
　14:10
past (1)
　15:14
penalty (1)
　6:20
pending (1)
　3:20
perjury (1)
　6:20
permitted (2)
　7:15;12:8

persists (2)
　5:20;11:11
person's (1)
　12:4
perversed (1)
　8:13
PG&E (5)
　3:6;4:13,15;7:5;
　11:24
PG&E's (1)
　8:7
phrases (1)
　8:10
place (1)
　8:6
placed (1)
　5:23
plan (8)
　4:15,21;7:5,10;8:7;
　10:8,9,10
platform (1)
　12:21
please (3)
　3:11;15:1,6
pointed (3)
　4:23;5:23;9:11
points (2)
　6:17;13:20
portion (2)
　6:13,14
positions (2)
　8:3;11:4
possession (1)
　7:4
post-confirmation (1)
　5:17
powerful (1)
　8:18
precision (1)
　8:23
preliminary (1)
　8:11
present (1)
　7:1
presently (1)
　12:18
presiding (1)
　3:5
presumably (1)
　9:22
presume (1)
　7:11
pretend (1)
　12:4
preventing (1)
　11:3
price (1)
　11:24
prior (3)
　6:4,10;15:15
pro (1)
　13:3
Procedure (2)

4:19;7:23
procedures (4)
　7:25;8:15;12:22,25
proceedings (1)
　15:18
process (2)
　9:4;11:13
processes (1)
　8:15
Professional (1)
　9:18
professionals (7)
　5:23;6:2;7:4,8,12,15;
　9:10
profiteering (1)
　8:15
promoting (1)
　11:2
proper (1)
　4:24
properly (1)
　6:19
proposal (1)
　8:7
prospective (1)
　6:24
proven (1)
　11:11
provides (1)
　8:1
provision (1)
　5:10
provisions (1)
　7:21
purport (1)
　7:20
pursuant (1)
　4:6
pursue (1)
　10:2

**Q**

quote (3)
　6:8,14;10:3

**R**

raised (1)
　3:14
rarified (1)
　8:11
reason (1)
　7:10
recent (4)
　5:3,11;11:21,22
reconstitute (1)
　6:11
record (3)
　3:10,16,18
refer (1)
　4:14
referencing (1)

5:12
referring (2)
　9:23;15:15
regarding (2)
　5:17;13:14
regulates (1)
　7:3
rejected (2)
　4:17;5:6
rejecting (2)
　4:23;5:22
relates (1)
　4:21
relevance (2)
　9:18;10:7
relevant (4)
　5:18;6:18;8:2;10:23
reliance (1)
　4:20
relief (5)
　5:1,2;6:10,16;12:1
relying (1)
　4:19
remedy (1)
　10:20
remember (1)
　14:9
removal (2)
　7:21,22
reorganization (2)
　4:13;8:7
repeat (1)
　15:13
repeated (4)
　5:13;8:19;12:7,15
repeatedly (5)
　6:2;10:17;12:9
repeating (1)
　8:10
repetitive (1)
　10:23
replacing (1)
　11:11
represent (1)
　7:16
reputations (1)
　5:25
required (1)
　6:6
requirements (1)
　4:4
respect (1)
　7:13
respectful (3)
　14:23,25;15:4
respondent's (1)
　6:24
Responsibility (1)
　9:18
result (1)
　12:14
review (1)
　6:11

revisit (1)
　10:22
right (4)
　3:13,14,16;11:8
rights (2)
　12:4,5
role (3)
　5:17;11:9,10
rude (1)
　15:8
Rule (10)
　4:19;5:16,17,20,20;
　7:2,13;9:8,13;12:14
rules (6)
　4:6;7:17;11:13;12:8,
　22;13:2
ruling (7)
　3:22;4:1,1,9;13:14,
　15;15:11

**S**

same (5)
　4:7;5:16;7:13,14;
　10:14
SAN (1)
　3:1
sanctions (1)
　12:14
saw (1)
　14:1
se (1)
　13:3
second (3)
　5:6,13,22
Section (10)
　4:20,21;5:8,8,9;7:1,
　3,11,19,23
seek (1)
　6:16
selection (1)
　11:10
separate (2)
　6:12,12
session (1)
　3:4
setting (1)
　3:19
shadow (1)
　11:2
shall (1)
　11:17
shared (1)
　10:6
shareholders (1)
　9:4
shareholders' (1)
　11:4
shares (1)
　11:2
shield (1)
　11:4
short (2)

Case: 19-30088　　Doc# 11071　　Filed: 08/18/21　　Entered: 08/18/21 09:51:58　　Page 21
of 22

4:3,10
shred (1)
13:5
signed (1)
3:18
simply (1)
4:8
sitting (1)
14:9
slowly (1)
4:10
social (1)
12:21
sometime (1)
15:16
sorry (2)
14:17,19
sought (2)
5:1,2
speak (1)
14:7
speaker (1)
12:2
specific (2)
10:25;11:15
specifically (3)
4:1,13;8:25
specious (1)
6:3
staff (1)
9:22
stakeholders (1)
8:18
standards (1)
9:12
standing (1)
10:1
state (1)
3:10
statement (7)
6:17,18;8:11;9:6;
10:4;11:24;13:17
statements (2)
9:20;12:7
states (2)
9:1;12:9
Stick (2)
4:9;12:12
stifle (2)
12:4,5
still (2)
6:13;11:17
stock (2)
11:3,24
stuck (1)
11:13
style (1)
13:2
submitting (1)
6:19
succinct (1)
6:18
suffered (1)

12:17
summary (1)
3:24
support (2)
7:21;9:5
supported (1)
10:14
supporting (3)
5:12;6:16;7:24
sweeping (3)
5:24;8:4;9:7

**T**

ten (1)
7:6
terms (1)
11:6
third (1)
8:3
three (1)
4:11
three- (1)
11:23
threw (1)
14:8
throw (1)
12:11
tiresome (1)
12:8
title (1)
4:3
TOC (12)
4:14,22;5:5,14,19;
6:24;9:2;10:21;11:1,
10,15,23
together (1)
4:8
tolerated (1)
13:6
took (1)
8:3
torts (1)
9:9
town (1)
12:20
troublesome (1)
9:20
true (2)
7:13,14
Trust (14)
4:14,22;5:8,10;6:11;
7:9,11,18,20;8:16;9:3,
8;11:5;12:3
trustees (1)
7:3
try (2)
4:9;6:6
TUESDAY (1)
3:1
turned (1)
12:25
two (2)

4:1,8
two-and-a-half (1)
15:16
two-sentence (1)
3:25
types (1)
14:20

**U**

ultimate (1)
8:8
under (2)
6:20;12:14
undermine (1)
8:15
unfounded (1)
12:7
unproductive (1)
10:17
unsupported (1)
10:4
up (4)
8:7;9:23;10:7;14:10
upon (1)
3:21
use (1)
4:2
useful (1)
10:16
uses (1)
8:10
utility (1)
8:12
utility-caused (1)
8:16

**V**

value (1)
9:3
vexatious (1)
12:19
Victim (5)
4:22;5:8,10;7:20;
8:16
victims (2)
9:24;11:4
victims' (2)
11:3;12:3
violated (1)
11:17
virtually (1)
12:22
voters (1)
10:10

**W**

wall (1)
12:12
wants (2)
11:8;12:6

warning (1)
15:11
way (1)
15:10
weaponized (1)
8:17
weeks (1)
10:8
well-established (1)
12:22
well-intended (1)
12:20
well-known (1)
12:10
well-moneyed (1)
8:18
Whereupon (1)
15:18
wide (1)
5:24
wildfire (1)
11:5
wildfires (1)
8:16
William (1)
4:3
within (2)
6:13;7:21
without (2)
6:3;13:5
work (2)
11:19,19
worth (1)
11:9
write (1)
3:23
written (2)
3:20,24
wrong (3)
10:19,21;11:15
wrongdoers (1)
11:18
wrongs (1)
11:7
wrote (1)
9:23

**Y**

year (1)
4:16
years (1)
15:16

**1**

10 (3)
6:4,5;10:25
10:20 (1)
15:18
1054 (3)
8:6;9:24;10:9
10738 (1)

6:15
10th (1)
5:7
11 (1)
10:25
11005 (1)
4:2
11051 (1)
4:5
1123a4 (2)
4:21;5:8
12 (1)
9:21
12th (1)
3:19
17 (1)
3:1
1st (3)
4:18;6:7,15

**2**

2011 (1)
12:18
2014 (4)
7:2,13;9:8,13
2019 (1)
5:16
2020 (1)
7:5
2021 (3)
3:1;4:18;5:7
20th (1)
7:5
2nd (1)
4:2

**3**

327 (3)
7:1,3,11

**6**

6 (1)
8:25
6.2 (1)
5:8
6.3c (3)
5:9;7:19;11:18

**9**

9011 (1)
12:14
9023 (1)
4:19
9024 (1)
4:19

Case: 19-30088    Doc# 11071    Filed: 08/18/21    Entered: 08/18/21 09:51:58    Page 22
of 22