Motion to Reconsider
Motion to Reverse Order

# NOT FOR PUBLIC VIEW

| | |
|---|---|
| 1   Ricky-Dean Horton | |
| 2   751 Rosemary Court | |
| 3   Fairfield, CA 94533 | |
| 4   707-386-9713 cell | |
| 5   RickyDHorton@gmail.com | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Ricky-Dean Horton, a living man,** **Claimant** vs. **PG&E CORPORATION,** - and - **PACIFIC GAS AND ELECTRIC COMPANY;** **Debtors.** Affects Both Debtors *All papers shall be filed in the Lead Case, No. 19-30088 (DM* | Bankruptcy Case No.: 19-30088 (DM) Chapter 11, Lead Case, Jointly Administered; Claim No. 87111, Electrocution of Rory-Nelson Horton; **Motion to Reconsider Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980];** **Motion and INTENT TO REVERSE The Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. No. 10980];** Response Deadline: September 24, 2021 4:00pm (PT) **Hearing Information If Timely Response Made:** Date: October 8, 2021 Time: 10:00am (Pacific Time) Place: (Telephonic Appearances Only) United States Bankruptcy Court |

<u>**THIS MOTION**</u> **To RECONSIDER AND Intent to REVERSE The Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980, et al.], <u>REPLACES PREVIOUS MOTION</u> BY CLAIMANT IN Dkt No. 11031 <u>IN ITS ENTIRETY.</u>**

# JURISDICTION

This federal Bankruptcy Court has jurisdiction over this matter and shall retain jurisdiction to resolve any disputes or controversies arising from any of the court's orders. *28 U.S.C. §§ 157*

**Fundamental self-evident truths, facts and assertion of Rights:**

1. People are born upon this world of life and creation and are living, breathing people because of creation. Therefore, it is known as a self-evident truth and fact that the living people are gifted by creation with fundamental natural and inherent rights.

2. **Refer to EXHIBIT 1.** (20 pages, Includes first page cover "Not for Public View") **EXHIBIT 1 IS HEREBY ENTERED INTO THE RECORD OF THIS BANKRUPTCY COURT AND SHALL CARRY OVER TO ALL OF ITS RELATED JURISDICTIONS**.

3. As a fact found within **EXHIBIT 1**, Ricky-Dean Horton is a man found to be living and is one of the people of California. (Hereinafter Claimant, or I, or me, or any other identifier to me, the living man, Ricky-Dean Horton).

4. Claimant did file his Claim into this Bankruptcy Court on or before October 21, 2019 with the understanding that this is a **federal court,** is **a court of record**, is bound to and proceeds according to the **Laws of the Land and the laws of nature (aka common law)**, and is mostly governed by the **Federal Rules of Civil Procedure. No rights are waived or in any way conceded that would diminish the inherent, unalienable, substantive, natural or any rights whatsoever of Ricky-Dean Horton, a living man**.

5. **The Judges and/or Magistrates in this Bankruptcy Court,** as bound by their oaths of office, are qualified to preside over these bankruptcy proceedings. The Judges and/or Magistrates in this Bankruptcy Court have, at a minimum, taken the Oath of Office to protect and defend the federal Constitution. Both federal and state Constitutions are ordained and established by the people to protect the inherent, unalienable and natural rights of the people. Governments, government agencies and employees thereof are entrusted with limited duties, responsibilities and authority. People who take the oath of office should recognize and maintain, to the best of their ability, the separation of the realm of the natural world and the people found to be living upon it, and the realm of the commercial world of codes, statutes, and other man-made laws that regulate such commerce.

6. **Claimant is not an attorney** nor is Claimant represented by an attorney. Claimant understands that he is allowed leeway as a **living man** in a court that is conducted mostly of codes, statutes and other man-made rules that are foreign to natural law.

**PLEASE TAKE NOTICE**

that the Bankruptcy Court will hold a hearing on **October 8, 2021, at 10:00 a.m. (Pacific Time)** to hear any opposition, support, or other witness testimony to Claimant's **Motion to Reconsider Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980, et al.]** and **INTENT TO REVERSE The Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. No. 10980]** before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's Sixth Amended General Order No. 38 In re: Coronavirus Disease Public Health Emergency, effective March 1, 2021 and until otherwise ordered, all hearings shall be conducted by video or teleconference. The Courtroom will be closed. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. **The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance or as a witness.** If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE**

that any opposition to Claimant's **Motion to Reconsider Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980, et al.]** and **INTENT TO REVERSE The Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. No. 10980]** must be in writing, filed with this Bankruptcy Court, and served on Claimant at the above-referenced address in the upper left corner of Page 1 of this document or by email to RickyDHorton@gmail.com so as to be received by Claimant no later than **4:00 p.m. (Pacific Time) on September 24, 2021**.

Any relief requested in Claimant's **MOTION AND INTENT** may be granted by default at the hearing if no opposition either appears at the hearing or there is no timely filed Objection served to Claimant in accordance with this Motion.

In deciding Claimant's **Motion to Reconsider Order Expunging and Disallowing Claim Number**

87111 **[Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980, et al.]** and **INTENT TO REVERSE The Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. No. 10980]**, the court may consider **any other documents or require witnesses**, with or without sworn Declarations filed in these Chapter 11 Cases and related Proceedings, to testify at the hearing.

<span style="color:red">ATTENTION:

WITNESSES and/or DOCUMENTS REQUIRING MANDATORY APPEARANCE at the Hearing are on Page 12 (Page 13) of this Motion and Intent document. It is the responsibility of debtors or Debtors Council to produce witnesses or things at the Hearing for testimony and questioning regarding their Omnibus Objection Dkt No 10808, 10809, 10810, et al. Failure to produce witnesses or evidence supporting their Omnibus Objection found in Dockets 10808, 10809, and 10810 may result in default judgment against Debtors.</span>

## LAWFUL AND/OR LEGAL ARGUMENT

    **1. Authority for Claimant to allow his MOTION TO RECONSIDER the Order Expunging and Disallowing Claim Number 87111 [Re: Dkt. Nos. 10808, 10809, 10810, 10960, 10980]** is a fundamental natural right of Claimant as a man found to be living;

    And

    **2. Claimant has made a mistake, inadvertence, surprise, or excusable neglect:**
*Federal Rules of Civil Procedures Rule 60: Relief from a Judgment or Order, subsection (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ;*

    And

    **3. Claimant's Motion is filed within a reasonable time from the order**:
*FRCivP 60 (c) Timing and Effect of the Motion. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.*

    Upon Claimant discovering his *mistake, inadvertence, surprise, or excusable neglect* on July 27, 2021 that he had not objected to the Omnibus Objection filed by Debtor's Council on docket 10808, and

realizing that the hearing to hear the matter was to be held the next morning on July 28, 2021 at 10:00am, Claimant attempted to correct the *mistake, inadvertence, surprise, or excusable neglect* **prior to the hearing** by immediately emailing Debtor's Council the evening of July 27, 2021 and stating one of his reasons for the *mistake, inadvertence, surprise, or excusable neglect*. Claimant attended the hearing via telephone the next morning on July 28, 2021 at 10:00am to declare his objection to the court and to the Presiding Judge regarding the Omnibus Objection filed by Debtor's Council and to make known on the record that his failure to respond by the court's and/or debtor's deadline was in fact a mistake and unintentional (refer to Hearing audio records of July 28, 2021 Dkt 10992). During the Hearing, some information was provided to Claimant on the procedures to make his motion to the court to reconsider the Order to Disallow and Expunge Claimant's Claim Number 87111 within Docket 10980. **Claimant was not provided a timeline** to file his Motion, but was advised to file his motion timely.

**Prior to knowing** the maximum allowed timeline in the FRCivP of one year as stated in **FRCivP Rule 60 above**, and in a worried state of mind, **Claimant <u>hastily</u> prepared and sent a Motion To Reconsider** on **August 2, 2021** to the following email addresses.

*PGETeam@primeclerk.com>,*
*tkeller@kbkllp.com,*
*pbenvenutti@kbkllp.com,*
*jkim@kbkllp.com,*
*trupp@kbkllp.com*

**AND CLAIMANT ALSO SENT CHAMBERS COPIES** on August 2, 2021 via US Postal Service Certified mail No. 70191120000192771730 to the Hon. Judge Montali.
The Chambers Copies were subsequentially **filed into the Case Docket as Dkt No. 11031**, of which **Filing was replaced in its entirety** by this current Motion and Intent Document.

4. **Refer to EXHIBIT 2** (9 pages, Includes first page cover "Not for Public View").
   Claimant has historically, to the best of his ability, met the deadlines for all previous filings and responses in this case.
   a. **EXHIBIT 2, page 2**: Declaration of Claimant and Copy of Certified mail receipt no. 7019 0700 0002 1176 9031 to PrimeClerk of the original claim for this case mailed on October 16, 2019 and copies of same hand delivered on October 21, 2019. This document page is already filed in Claim No. 87111.

As Claimant tracked the progress of the mailing, it was apparent that the claim would not be received by PrimeClerk in New York by October 21, 2019. Therefore, to meet the deadline of claim to be received by PrimeClerk on or before October 21, 2019, Claimant **personally hand delivered** a copy of the same mailed claim to the Service Center in Napa, California on the deadline date of October 21, 2019. This dual service of claims resulted in a duplicate claim being filed and given separate claim numbers 87111 and 87144. The two claims Dkt# 87111 and 87144 was survived by a single claim no. 87111 as found in the Docs# 8756 and 9155 in this PG&E case No. 19-30088(DM) and the order signed and filed by the Honorable Judge Montali on September 28, 2020 in where the duplicate claim no. 87144 was disallowed and expunged with no objection from Claimant.

    b. **EXHIBIT 2, pages 3-9: Copy of service** of Information Request Form. Via USPS Priority Mail Express No. EL862716486US and by Email to PGEinfo@primeclerk.com.

As Claimant tracked the progress of the **Information Request Form** that was sent via US Postal Service, it again appeared that the response would not have arrived to the PrimeClerk office by the deadline as noted in the letter requesting the **Information Request Form**.

Therefore, to meet the deadline, Claimant sent the **Information Request Form** via email to PGEinfo@primeclerk.com . In the text of the Email, Claimant stated that the supporting documents to the attached **Information Request Form** in the email are actual printed copies and already sent via USPS with the tracking number provided in the email for confirmation.

A response to Claimant's email that evening of November 20, 2020 confirmed that the **Information Request Form** was received. According to the tracking number, the hard copies of the supporting documents were received by PrimeClerk on November 25, 2020.

5. Claimant's mother is seriously ill and has been for over a year. During the past several months, Claimant has been spending time with his father and mother at their home in El Sobrante, California and Claimant's mother has been in and out of their home, hospital or

nursing facility. Claimant was distracted and, unaware of the deadline date, failed to respond by the deadline.

**Therefore** by the facts stated above, and Claimant, upon discovering his *mistake, inadvertence, surprise, or excusable neglect* attempted to immediately and forthright make his objection known **Prior to the Hearing Date <u>and</u> at the Hearing**; and showing a history of his efforts to maintain the court's deadlines; and correcting his *mistake, inadvertence, surprise, or excusable neglect* with **THIS Motion to Reconsider** within a reasonable time; and Claimant is a living man under the supreme law of the land and the law of nature;

**Claimant should be granted his Motion to Reconsider Order Expunging and Disallowing Claim Number 87111 found within Docket Number 10980.**

**MOTION TO RECONSIDER** ORDER EXPUNGING AND DISALLOWING CLAIM NUMBER 87111 [RE: DKT. NOS. 10808, 10809, 10810, 10960, 10980, et al.]

**Comes Now, Ricky-Dean Horton, a man found to be living, Claimant,** is now making this motion upon the court to **Reconsider the Order** on Docket No. 10980 dated July 22, 2021 Disallowing and Expunging his Claim no. 87111 as requested in Debtor's REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS) [Re: Dkt. Nos. 10808, 10809, 10810, et al.], for the reason that the Debtor alleges that Claimant did not file his Claim of "Personal Injury" prior to the statutory deadline of "2 years".

**Arguments Against Debtor's Omnibus Objection and request to Expunge and Disallow Claim Number 87111 [Re: Dkt. Nos. 10808] for not filing his claim for personal injury before the statutory deadline of 2 years:**

1. As stated in Debtor's docket information no. 10808, Page 5, around Line 5, it states: *"Barred By Statute of Limitations." These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations.";*

**AND**

      found in Debtor's docket information no. 10808 page 5 around Line 18:

*Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims should be reduced or disallowed and expunged.*

*a. Personal Injury – 2 years. Cal. Civ. Proc. Code § 335.1.*

*b. Damage to Real or Personal Property – 3 years. Cal. Civ. Proc. Code § 338(b) or (c).*

*c. Breach of Written Contract – 4 years. Cal. Civ. Proc. Code § 337.*

*d. Statutory Liability – 3 years. Cal. Civ. Proc. Code § 338(a).*

*e. Statutory Penalty or Forfeiture – 1 year. Cal. Civ. Proc. Code § 340(b).*

*f. Employment Discrimination (California) – 1 year. Cal. Gov't Code § 12960 et seq.*[4]

*g. Employment Discrimination (Federal) – 300 days. 42 U.S.C. § 2000e-5.*

*h. "Catch-All" Statute – 4 years. Cal. Civ. Proc. Code § 343. ;*

**AND**

      also found in Debtor's docket information no. 10808, Exhibit 1A and Exhibit 2A, Claim **87111** *"Barred by Statute of Limitations, Personal Injury, (Cal. Civ. Proc. Code § 335.1)"*;

It appears that Debtors are alleging that Claimant's Claim is barred by Statute of Limitations, *a. Personal Injury – 2 years. Cal. Civ. Proc. Code § 335.1;*

**There is none of the charges or claims found in *a-g* above ("*h*" excluded) that should be found within Claimant's filing. "Personal Injury" is NOT a charge or claim against PG&E, or any employees thereof, within Claimant's claim 87111. If anything to the contrary is found within Claimant's claim and information, it is a MISTAKE and Claimant reserves his right to review and correct any such mistake that could be construed as Personal Injury.**

**CLAIMANT HAS, TO THE BEST OF HIS ABILITY, PURPOSEFULLY REFRAINED IN ANY OF HIS FILINGS TO DECLARE ANY CHARGES, OTHER THAN THE CHARGE OF ELECTROCUTION TO THE DEATH OF RORY-NELSON HORTON, AGAINST PG&E AND THOSE REPONSIBLE, TO BE BROUGHT BEFORE A JURY.**

**2.** As seen and declared in Claimant's Claim No. 87111, **Claimant declared his charge against PG&E that Rory-Nelson Horton was electrocuted to his death by contact with an unsafe, uninsulated, overhead energized high voltage conductor.** Also in Claimant's Claim it has been **reserved that ADDITIONAL CHARGES are reasonable** and may be brought before a Jury. Additional charges at a trial for judgment by a jury may include, but are not limited to:

**Charge 1.** First Degree (Pre-Meditated) Murder: **intentional design, construction and operation** of overhead, high voltage, energized conductors, lying in wait for any unsuspecting contact by people and/or machinery **as a direct attempt to keep the high voltage lines from being damaged or destroyed** by killing of the people or severe damage to equipment and/or death of equipment operators from unintentional contact with the <u>uninsulated</u> High Voltage Energized Conductors.

**Charge 2.** Second Degree Murder

**Charge 3.** Voluntary Manslaughter

**Charge 4.** Involuntary manslaughter.

**Charge 5.** Violations of California Public Utilities Commission General Order 95, Rule 34F that lead to the Death by Electrocution of Rory-Nelson Horton. *CPUC GO 95, Section III Requirements for all Lines, Rule 34 F: Energized Conductor (Wire or Cable) All energized conductor (wire or cable) shall be covered with an insulation suitable for the voltage involved (See Rule 20.9–G).*

**Among other possible charges** that may be brought against PG&E and those responsible for the UNSAFE design, permit approvals, installation, and/or continued **UNSAFE** operation of Overhead High Voltage conductors. *Refer to Claimant's original Claim and reservation of rights to bring other charges against those responsible; Claim No. 87111.*

**3. Claimant is challenging DECLARATION OF A. ANNA CAPELLE** IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS) **Found within Docket Number 10809**, that Claimant's Claim No. 87111 should be Disallowed and Expunged;

**4. Claimant is Challenging the DECLARATION OF STACY CAMPOS** IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS) **Found within Docket Number 10810,** that Claimant's Claim No. 87111 should be Disallowed and Expunged;

**CLAIMANT DID FILE A CLAIM WITH PG&E PRIOR TO TWO YEARS.**

Although possibly mute and maybe irrelevant since there are no known or declared charges by Claimant that stated "Personal Injury" for the basis of his Claim against PG&E, the information in regards to Claimant filing his claim with PG&E prior to two years is in the paperwork already filed in this court's records of Claimant's Claim number 87111.

Claimant's understanding is that a Civil Action begins at the moment a Claim is filed against the wrongdoers. It is proper and just for a Claimant to seek a remedy against the wrongdoers and begin a Civil Action with the wrongdoers PRIOR to filing a suit in a court; and Claimant did file Civil Action against PG&E by seeking a remedy for the Electrocution to the death of Claimant's brother Rory-Nelson Horton prior to two years from the date of Rory's Electrocution.

**Supporting Facts**

**Refer to EXHIBIT 3**, (6 pages, Includes first page cover "Not for Public View")

1. **EXHIBIT 3, Pages 2 and 3**, Cover Notice of original Claim with **CERTIFICATE OF SERVICE on Page 3 dated August 25, 2018** sent via US Postal Service to two PG&E claims locations. This is a copy of the same document filed in this court's records and found within Claimant's original Claim number 87111.
2. **EXHIBIT 3, Page 4**, CERTIFICATE OF SERVICE of the Claim for injury sent via Email to two email addresses on August 31, 2018.
   This is a copy of the same document filed in this court already and found within Claimant's original Claim.
3. **EXHIBIT 3, Pages 5-6**, Copy of Claimant's email correspondences to PG&E Claims with response by PG&E Law-Claims Representative Maria De Luca acknowledging on August 31, 2018 that the claim has been received.

**THEREFORE by the Facts stated herein,**

**Ricky-Dean Horton, a living man, Claimant,** is now making this motion upon the court to **Reconsider the Order** on Docket No. 10980 dated July 22, 2021 Disallowing and Expunging his Claim no. 87111, **AND**
To **Reverse the Order Expunging and Disallowing Claim Number 87111.**

**Reservation of Rights**

It is known that Codes, Statutes, Rules and other man-made laws are **directed at Government agencies, courts, commercial activity, corporations, and others not proved to be living,** and such rules and man-made laws are foreign to the laws of the land and the laws of nature.

**Claimant is a man proven to be living, HAS MADE CLAIM TO HIS ESTATE AND HIS CERTIFICATE OF LIVE BIRTH (TITLE), and is under the Supreme Law of the land and the laws of nature. Claimant DOES NOT CONSENT** to the administration of his estate and/or any Commercial Law, Code, Statute, Rule or other legislation or man-made law that would diminish, nullify, or attempt to take away any rights of Claimant.

As stated within Claimant's Claim No. 87111, **Claimant is seeking a remedy under the law** in this Bankruptcy Court for the alleged unsafe conditions and/or the alleged violations of the law, and among other reasons, that resulted in the electrocution to the death of Claimant's brother Rory-Nelson Horton.

# DECLARATION

I, Ricky-Dean Horton, Claimant, and Rory's living natural brother, declare under penalty of perjury under the Supreme Law of the land, and in accordance with the natural laws of The United States of America and in accordance with the natural laws of California, that, to the best of my knowledge and understanding, the foregoing information is true and correct.

Signed and Sealed this 17th day of August, 2021 AD

_Ricky-Dean Horton_
Ricky-Dean Horton, a Living man, Californian

SEAL 

**MANDATORY APPEARANCE:**

**Witnesses, or Things to appear at the hearing on:**

**Date:** October 8, 2021

**Time:** 10:00 a.m. (Pacific Time)

**Place**: (Telephonic Appearances Only) United States Bankruptcy Court Courtroom 17, 16th Floor, San Francisco, CA 94102

**1.** **The people who conducted ANY Investigation of Claimant's Claim and any relevant documentation (if any)** in support of Debtor's Omnibus Objection Dkt 10808;

**2.** **A. Anna Cappelle, Re: Dkt no. 10809**;

**3.** **Stacy Campos, Re: Dkt no. 10810**;

**It is the responsibility of debtors or Debtors' Council** to insure witnesses or things are present at the Hearing for review, testimony and/or questioning regarding **their** Omnibus Objection Dkts No. 10808, 10809, 10810. Failure to produce supporting documents (if any) and/or witnesses being **Challenged of their Sworn Declarations** may result in **default judgment against Debtors**.