WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*



**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**REORGANIZED DEBTORS' TWELFTH SECURITIES CLAIMS OMNIBUS OBJECTION (UNAUTHORIZED BULK CLAIMS)**

**Response Deadline: September 15, 2021, 4:00 p.m. (PT)**

**Hearing Information If Timely Response Made:**
Date: September 29, 2021
Time: 10:00 a.m. (Pacific Time)
Place: (Telephonic Appearances Only)
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## TABLE OF CONTENTS

**Page**

I. JURISDICTION ..... 2
II. BACKGROUND ..... 2
III. RELIEF REQUESTED ..... 5
IV. ARGUMENT ..... 6
A. The Claims Should be Disallowed and Expunged ..... 6
**1.** The Claims Do Not Comply with Rule 3001 ..... 6
**2.** The Third Parties Have Not Established Proper Authorization and Therefore the Claims Are Subject to Disallowance ..... 7
**3.** Failure to Comply With Bankruptcy Rule 2019 ..... 9
B. The Claims May Be Objected to by an Omnibus Objection ..... 10
V. RESERVATION OF RIGHTS ..... 11
VI. NOTICE ..... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gulf States Expl. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 89 B.R. 358 (Bankr. S.D.N.Y. 1988), *aff'd*, 99 B.R. 543 (S.D.N.Y. 1989), *aff'd*, 896 F.2d 1384 (2d Cir. 1990) .......... 6, 8

*In re Baldwin-United Corp.*, 52 B.R. 146 (Bankr. S.D. Ohio 1985) .......... 10

*Hofman v. HSBC Bank USA, NA (In re Hofman)*, 488 B.R. 157 (Bankr. D. Mont. 2013) .......... 7

*In re Lyondell Chem. Co.*, No. 09-10023 (REG) (Bankr. S.D.N.Y. Oct. 1, 2009) [Docket No. 2883] .......... 10

*In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 443 (Bankr. S.D. Tex. 2009) .......... 7, 8, 10

*In re Orozco*, No. 2:13-bk-15745-NB, 2017 WL 3126797 (Bankr. C.D. Cal. July 21, 2017) .......... 7

*Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 457 B.R. 29 (B.A.P. 9th Cir. 2011) .......... *passim*

*In re Parrish*, 326 B.R. 708 (Bankr. N.D. Ohio 2005) .......... 9

*Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989) .......... 10

*In re Rickert*, No. 18-60937-13, 2019 WL 1959898 (Bankr. D. Mont. Apr. 29, 2019), *aff'd*, No. 2:18-bk-6037-BPH, 2020 WL 1170732 (B.A.P. 9th. Cir. Mar. 9, 2020) .......... 7

*Rivera v. Deutsche Bank Nat'l Tr. Co. (In re Rivera)*, BAP No. NC-13-1615-KuPaJu, 2014 WL 6675693 (B.A.P. 9th Cir. Nov. 24, 2014) .......... 8

*Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625 (10th Cir. 1987) .......... 6

*Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897 (B.A.P. 9th Cir. 2011) .......... 6, 7, 8

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

*In re Wells*,
407 B.R. 873 (Bankr. N.D. Ohio 2009) .......... 8

**Statutes**

11 U.S.C. § 101 .......... 3

11 U.S.C. § 502 .......... 2, 5

28 U.S.C. § 157 .......... 2

28 U.S.C. § 1334 .......... 2

28 U.S.C. § 1408 .......... 2

28 U.S.C. § 1409 .......... 2

**Other Authorities**

Fed. R. Bankr. P. 2002 .......... 11

Fed. R. Bankr. P. 2019 .......... 1, 5, 9, 10

Fed. R. Bankr. P. 3001 .......... 5, 6, 7, 8, 9

Fed. R. Bankr. P. 3003 .......... 2, 5

Fed. R. Bankr. P. 3004 .......... 6

Fed. R. Bankr. P. 3005 .......... 6

Fed. R. Bankr. P. 3007 .......... 2, 5, 10

Bankr. N.D. Cal. R. 3007-1 .......... 5

Bankr. N.D. Cal. R. 5011-1 .......... 2

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively "PG&E", the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this twelfth securities claims omnibus objection (the "**Objection**") to the claims identified in the column headed "Claim to be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Edward J. Radetich, Jr., dated August 18, 2021 (the "**Radetich Declaration**").

This Objection seeks to expunge certain proofs of claim that were filed in "bulk" by third party persons or entities (the "**Third Parties**"), supposedly on behalf of PG&E security holders (the "**Security Holders**"), without any evidence of authorization to file such claims on behalf of the Security Holders. In addition, notwithstanding that the filing of multiple "bulk" claims as an agent triggers a requirement set out in Bankruptcy Rule 2019 that such authorized agent file a verified statement (a "**2019 Statement**") with the Bankruptcy Court, none of the Third Parties here have done so. By itself, this is a strong indication that the Third Parties were not authorized to file these bulk claims on behalf of the Security Holders. Each individual Security Holder was sent notice of the Extended Securities Bar Date (as defined below) and had the opportunity to submit a proof of claim on their own behalf, but apparently chose not to do so. Courts have held that claims that have been submitted by third parties without contemporaneous authorization are subject to disallowance because those third parties do not have standing to bring the claims.

Although none of the Third Parties has filed a 2019 Statement and none has submitted any contemporaneous information establishing authorization to file their bulk claims, each of the Third Parties has been given the opportunity to provide this information. In accordance with the Securities Claims Omnibus Objection Procedures, on May 21, 2021, the Reorganized Debtors sent letters to the listed Third Parties specifically requesting evidence that the Third Parties were authorized at the time to file the proofs of claim on behalf of the Security Holders. Pursuant to Securities Claims Omnibus Objection Procedures, the Third Parties had forty-five (45) days to respond. This time period expired

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

on July 6, 2021. Yet as of the date of this filing—over a month after the deadline—none of the Third Parties have even responded, let alone provided the requested information. Moreover, none of the Third Parties have yet filed the 2019 Statements required to act as authorized agents for multiple parties in the Chapter 11 Cases.

Notwithstanding the above, if in response to this Objection a Third Party provides appropriate evidence of contemporaneous authorization to file these bulk claims, and also files the appropriate 2019 Statement, the Reorganized Debtors will adjourn the hearing with respect to that Third Party's Claim to review the submitted information and, if appropriate, remove that Claim from the Objection.

As set out in further detail below, none of the Third Parties has established their standing as authorized agents to file the Claims, and each of the Claims therefore lacks prima facie validity and is subject to disallowance.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## I. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a),*

*Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date Order required any person who had a prepetition claim to file that claim by the Bar Date. Notice of the Bar Date was disseminated widely pursuant to the Bar Date Order, including to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Bar Date.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

On February 27, 2020, the Court entered an order extending the Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**"), solely with respect to certain claimants that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive, who believed they may have claims (the "**Securities Claims**") against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**").

The Bankruptcy Court made clear that its decision to extend the Bar Date was predicated on concerns for due process regarding "the adequacy of actual or constructive notice of the claims bar date given to class members, and in particular to class members who were no longer securities or equity holders as of the Record Date." *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline*, dated February 3, 2020 [Docket No. 5604] at 2:5–7. This followed extensive briefing and argument that the Debtors' original noticing efforts were inadequate with respect to *individual* holders of Securities Claims who had not received actual notice of the Original Bar Date. *See, e.g. Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim*, dated December 9, 2019 [Docket No. 5042] at 18 ("[W]hether the members of the Class received notice of the Bar Date, is of critical importance here because the Debtors failed to provide constitutionally mandated

actual notice of the Bar Date to members of the Class."); *Securities Lead Plaintiff's Reply in Further Support of Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim*, dated January 22, 2020 [Docket No. 5452]. Nothing in the Court's Extended Securities Bar Date Order permitted brokerage firms and other nominees to simply file mass proofs of claim on behalf of thousands of customers, without any prior consultation with and direction by those claimants with respect to the filing of these claims. Indeed, if the intention of the Extended Securities Bar Date Order was simply to allow nominees to file bulk claims on behalf of securities holders, there would have been no need to extend the bar date at all since nominees received actual notice of original Bar Date.

Following entry of the Extended Securities Bar Date Order, the Debtors, through their noticing agent, coordinated with the various indenture trustees, transfer agents, and nominees to provide notice of the Extended Securities Bar Date to approximately 254,000 individual potential claimants in accordance with the approved procedures, thus satisfying the due process rights of each potential claimant and affording each potential claimant the opportunity to decide individually whether to file a proof of claim and providing instructions as to how to do so.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Court approved, among other things, procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"), including permitting the Reorganized Debtors to file omnibus objections to proofs of claim filed by persons or entities supposedly on behalf of PG&E security holders but without authorization from those holders ("**Unauthorized Bulk Claims**"). *See* Securities Claims Procedures Order, ¶ 8(c), Ex. A-3 ¶ I.C.3.

The Third Parties did not file the Claims subject to this Objection as holders of PG&E securities. Rather, the Third Parties filed the Claims on behalf of the Security Holders listed in Column D of **Exhibit 1**. Not one of the Claims, however, provides any evidence that the Third Parties were authorized at the time of the filing to act as agents for the Security Holders with respect to those Claims. In accordance with the Securities Omnibus Objection Procedures, on May 21, 2021 the Reorganized Debtors sent letters by first-class mail and email to the Third Parties at the mailing and email addresses listed on their

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

respective proofs of claim requesting support that the Third Parties had contemporaneous authorization to file proofs of claim on behalf of each Security Holder (collectively, the "**Authorization Requests**"). *See* Securities Claims Procedures Order ¶ 8(c), Ex. A-3 ¶ I.C.3; Radetich Decl. ¶ 8. Consistent with the Securities Claims Procedures Order, each Third Party had forty-five (45) days to respond to the Authorization Requests. *See* Securities Claims Procedures Order ¶ 8(c), Ex. A-3 ¶ I.C.3. On July 6, 2021, the 45-day deadline lapsed, and none of the Third Parties had responded with respect to the Claims, nor has any Third Party responded as of the date of this filing.[1] *See* Radetich Decl. ¶ 12.

## III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003(c)(2) and 3007(d)(4), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and expunging certain claims where the filing party does not have standing. The Third Parties filed the Claims supposedly on behalf of the Security Holders but have not established that they are authorized agents for their respective Security Holders. This failure has two consequences. First, the Claims do not comply with Bankruptcy Rule 3001(b) and thus do not enjoy prima facie validity under Bankruptcy Rule 3001(f), causing the burden of proof to shift to the Third Party to establish their Claim. Second, the Third Parties have not established their standing to pursue the Claims on behalf of the Security Holders. As such, in the absence of (i) any proof of standing, and (ii) with the burden of proof to provide such proof shifted to the Third Parties, the Claims are subject to disallowance. Further, the Third Parties have failed to comply with the requirements of Rule 2019 to file a verified statement regarding the Security Holders they represent, providing a separate basis for dismissal of the Claims. The Claims are identified on **Exhibit 1** hereto. For the reasons set forth herein, the Reorganized Debtors request that the Claims be disallowed and expunged under section 502(b)(1) of the Bankruptcy Code.

[1] Filers who responded to the Authorization Requests are not subject to this Objection. The Reorganized Debtors are reviewing the responses to determine whether the responses provide contemporaneous authorization for filing a proof of claim and reserve their right to seek to disallow those that do not in subsequent omnibus objections.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. ARGUMENT

### A. The Claims Should be Disallowed and Expunged

#### 1. The Claims Do Not Comply with Rule 3001

Bankruptcy Rule 3001 requires that a proof of claim conform substantially to the appropriate form and contain supporting information. Bankruptcy Rule 3001(b) sets out a requirement that a proof of claim be executed by a creditor or the creditor's authorized agent: "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005."[2] Fed. R. Bankr. P. 3001(b). The Claims do not purport to be filed by the Third Parties as creditors of the Reorganized Debtors, and must therefore satisfy the requirement that the Third Parties are authorized agents for the Security Holders. However, there has been no information provided with the Claims or subsequent to their filing that establishes the Third Parties had authority to act as authorized agents for the Security Holders. *See* Radetich Decl. ¶ 7.

As one Court explained: "each individual claimant or transferee of an unfiled claim must file a proof of claim, or expressly authorize an agent to do so on its behalf. Rule 3001(b) allows a creditor to instruct an agent to file a claim on its behalf, but it does not allow an agent to file a proof of claim and subsequently inform the creditor of that fact." *Gulf States Expl. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988), aff'd, 99 B.R. 543 (S.D.N.Y. 1989), aff'd, 896 F.2d 1384 (2d Cir. 1990); *see also Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 457 B.R. 29, 48 (B.A.P. 9th Cir. 2011) ("Rule 3001(b) does not allow an agent to decide to file a proof of claim and then inform the creditor after the fact.") (citing *Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 631 (10th Cir. 1987)).

A proof of claim that fails to comply with Bankruptcy Rule 3001(b) does not enjoy prima validity pursuant to Rule 3001(f). *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 922 (B.A.P. 9th Cir. 2011) ("Simply put, if a claim is challenged on the basis of standing, the party who filed the proof of claim must show that it is either the creditor or the creditor's authorized agent in order to obtain the benefits of Rule 3001(f) . . . . Rule 3001 conditions the availability of the presumptions

[2] Neither Rule 3004 (claims filed by the debtor or trustee) or Rule 3005 (claims, acceptances, or rejections filed by a guarantor, surety, endorser, or other codebtor) are relevant to this Objection.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

contained in Rule 3001(f) upon the creditor first satisfying the standing requirement contained within Rule 3001(b)."); *In re Rickert*, No. 18-60937-13, 2019 WL 1959898, at *5 (Bankr. D. Mont. Apr. 29, 2019), *aff'd*, No. 2:18-bk-6037-BPH, 2020 WL 1170732 (B.A.P. 9th. Cir. Mar. 9, 2020) ("[I]f a claim is challenged on the basis of standing the creditor must first satisfy the standing requirement of Rule 3001(b) to avail itself of the presumptions contained in Rule 3001(f)."); *In re Orozco*, No. 2:13-bk-15745-NB, 2017 WL 3126797, at *3 (Bankr. C.D. Cal. July 21, 2017) ("Suppose the debtor objects that the claimant lacks standing. . . . Such a hypothetical proof of claim fails to qualify for the presumption under Rule 3001(f)"); *Hofman v. HSBC Bank USA, NA (In re Hofman)*, 488 B.R. 157, 164 (Bankr. D. Mont. 2013) ("[I]f a claim is challenged on the basis of standing the creditor must first satisfy the standing requirement of Rule 3001(b) to avail itself of the presumptions contained in Rule 3001(f).").

By this Objection, the Reorganized Debtors have challenged each of the Claims on the basis of standing. In accordance with the Securities Claims Omnibus Objection Procedures, the Reorganized Debtors mailed to the Third Parties the Authorization Requests, which notified them of this defect and afforded them each forty-five (45) days to provide evidence that they were acting as authorized agents of the Security Holders. None of the Third Parties responded or otherwise demonstrated the existence of a valid agency relationship. *See* Radetich Decl. ¶ 12. Thus, to date, the Third Parties have not established their standing as authorized agents for the Security Holders with respect to the Claims.

Once challenged, the burden of proof is on the Third Parties to establish that they have standing—here, by demonstrating prior authorization—to bring the Claims on behalf of the Security Holders. *See In re N. Bay Gen. Hosp., Inc.,* 404 B.R. 443, 464 (Bankr. S.D. Tex. 2009) (in context of a standing challenge, the court observed: "[O]nce the debtor makes a valid objection to a deficient proof of claim, the claim's validity becomes a 'contested matter' and the burden shifts back to the creditor to prove the claim is valid by a preponderance of the evidence.") (internal citations omitted); *see also Veal*, 450 B.R. at 921–22; *Palmdale*, 457 B.R. at 48.

**2. The Third Parties Have Not Established Proper Authorization and Therefore the Claims Are Subject to Disallowance**

Standing is a threshold requirement that must be satisfied by each of the Third Parties in respect of their Claims. *See Veal*, 450 B.R. at 921–22 ("[S]tanding is an independent threshold issue in all

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

federal civil litigation . . . the plaintiff or movant bears the burden of proof with respect to its own standing, and [the claimant] did not meet that burden here.”). Standing as an authorized agent must be established *before* the proof of claim is filed. *See Palmdale*, 457 B.R. at 47–48 (“[I]f any authority existed for the [agent] to file the Disputed Claims such authority had to have existed prior to their filing.”); *see also Manville Forest*, 89 B.R. at 376. To be sufficient, the authorization to act on the Security Holder’s behalf must be express and not merely implied. *See N. Bay,* 404 B.R. at 459 (“Use of the qualification ‘authorized’ [in Bankruptcy Rule 3001(b)] reflects the Supreme Court's intention that an entity that files a proof of claim on another’s behalf have express—and not merely implied—permission to do so.”). To sufficiently empower the Third Parties to file proofs of claim on the Security Holder’s behalf, this express authorization must, at a minimum, authorize the Third Parties to act on behalf of and to pursue the interests of the Security Holders in the Chapter 11 Cases. *See Palmdale*, 457 B.R. at 48–50 (finding that Bankruptcy Rule 3001(b) requires proof of “a principal’s [general] authorization to its agent to pursue the principal’s interests in a debtor’s bankruptcy”).

The law within the Ninth Circuit is clear that the failure to establish standing under Rule 3001(b) is grounds to disallow a proof of claim. *See, e.g., Veal*, 450 B.R. at 920, 922 (vacating and remanding an order overruling a claim objection on the basis of standing for a further evidentiary hearing, noting where standing under Rule 3001(b) is challenged, the third party “must show it has an agency relationship with a ‘person entitled to enforce’ the note that is the basis of the claim . . . [i]f it does not, then the servicer has not shown that it has standing to file the proof of claim”); *Rivera v. Deutsche Bank Nat’l Tr. Co. (In re Rivera)*, BAP No. NC-13-1615-KuPaJu, 2014 WL 6675693, at *6 (B.A.P. 9th Cir. Nov. 24, 2014) (stating such an objection based on creditor’s standing should be sustained unless a party that filed a proof of claim establishes it is a creditor or an agent of a creditor, and that “[w]ithout such proof, as *In re Veal* generally teaches, [the claimant’s] failure to establish its standing would be fatal to its proof of claim”). Courts outside the Ninth Circuit also agree that a failure to establish standing is grounds to disallow a proof of claim. *See, e.g., N. Bay,* 404 B.R. at 466 (sustaining an objection to a proof of claim on the basis of lack of agency authority); *In re Wells*, 407 B.R. 873, No. 08-17639, 2009 WL 1872401 (Bankr. N.D. Ohio June 19, 2009) (claim disallowed because party who filed proof of

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

claim failed to show that it had standing to file a claim or that it was itself a creditor); *In re Parrish*, 326 B.R. 708, 720–21 (Bankr. N.D. Ohio 2005) (same).

Moreover, the Securities Claims Procedures Order and Securities Claims Omnibus Objection Procedures are clear that the Reorganized Debtors may object to claims such as those subject to this Objection, provided that the Third Parties are given forty-five (45) days to provide proof of authorization for filing the Claims. *See* Securities Claims Procedures Order, ¶ 8(c), Ex. A-3 ¶ I.C.3. As discussed above, none of the Third Parties has provided any information—either with or subsequent to the filing of their proofs of claim—that establishes that they are authorized agents for the Security Holders with respect to the Claims. The Authorization Requests notified the Third Parties of this defect and gave the Third Parties forty-five (45) days to demonstrate their authorization. However, the Third Parties failed to comply with the Authorization Requests and have not otherwise provided any evidence of a valid agency relationship, and thus their standing to pursue the Claims.

Accordingly, the Claims should be disallowed and expunged.

**3. Failure to Comply With Bankruptcy Rule 2019**

The Third Parties have also failed to comply with Bankruptcy Rule 2019. The filing of a verified 2019 Statement is required where a party purports to represent or act as an authorized agent on behalf of multiple creditors or equity holders in a chapter 11 case.[3] Fed. R. Bankr. P. 2019(b)(1).

Courts have found that parties are required to file a 2019 Statement if they file proofs of claim as authorized agents for multiple creditors. *See Palmdale*, 457 B.R. at 46 ("Under Rule 3001(b), 'a proof of claim shall be executed by the creditor or the creditor's authorized agent . . . ***Additionally***, any entity seeking to represent more than one creditor in a chapter 11 case must file a verified statement setting forth the names and addresses of the creditors, the nature and amount of the claims, and the relevant

[3] Rule 2019(b)(1) states: "In a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another." Fed. R. Bankr. P. 2019(b)(1). Per Rule 2019(c), the 2019 Statement must include information about the employment of the purported agent by the creditors and/or equity holders as well as a copy of the authorizing instrument (if any). The 2019 Statement also must include the names and addresses of the creditors and/or equity holders as well as information about the nature and amount of their economic interests in the debtor both at the time the agency relationship arose and when the 2019 Statement is filed. *See* Fed. R. Bankr. P. 2019(c)(1)–(4).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

facts and circumstances surrounding the employment of the agent.") (emphasis added); Order Regarding Debtors' Motion to Compel, *In re Lyondell Chem. Co.*, No. 09-10023 (REG) (Bankr. S.D.N.Y. Oct. 1, 2009) [Docket No. 2883] (court ordered a law firm to provide a 2019 Statement establishing its authorization to file proofs of claim). The Third Parties have failed to discharge this obligation.

Although the Court has broad discretion under Rule 2019(e)(2) to determine the consequence for failing to comply with Rule 2019, *see Palmdale*, 457 B.R. at 46, courts have disallowed proofs of claim filed by a purported agent who fails to file a 2019 Statement. *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989) ("Failure to comply with Rule 2019 is cause for denial of the proof of claim.") (citing *In re Baldwin-United Corp.*, 52 B.R. 146, 148 (Bankr. S.D. Ohio 1985)); *N. Bay*, 404 B.R. at 452 (sustaining objection to proof of claim because the agent's "failure to timely comply with Bankruptcy Rule 2019 precludes [it] from having authority to represent" unsecured creditors).

Given the Third Parties' failure to file 2019 Statements, as well as their repeated failure to establish their standing as authorized agents, the Claims should be disallowed and expunged as Unauthorized Bulk Claims.

**B. The Claims May Be Objected to by an Omnibus Objection**

Bankruptcy Rules 3007(d) and (e) and the Securities Omnibus Objection Procedures govern omnibus objections to claims based on the purchase or acquisition of PG&E securities in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph 8(c) of the Securities Claims Procedures Order and Paragraph I.C.3 of the Securities Omnibus Objection Procedures, objections to more than one claim may be joined if the objections are based on the ground that the claims are Unauthorized Bulk Claims and the Reorganized Debtors have given the subjects of the objection forty-five (45) days to provide proof of authorizing for filing the claims. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the Third Parties who submitted the proofs of claim subject to this Objection; (iii) the claim numbers of the proofs of claim that are the subject of this Objection; (iv) the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (v) the date each proof of claim was filed; and (vi) the grounds for this Objection. The Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Omnibus Objection Procedures ¶ I.J.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Claims at the address identified in the proofs of claim where notices should be sent (the "**Notice Address**"); (ii) separately to the Third Parties, if they provided a different address to the Notice Address; (iii) to holders of the Claims at any different address identified in the proofs of claim other than the Notice Address; (iv) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

and further relief as the Court may deem just and appropriate.

Dated: August 18, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*
Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119