**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND DON A. BESKRONE, AS CHAPTER 7 TRUSTEE FOR OUTER HARBOR TERMINAL, LLC**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Don A. Beskrone, as Chapter 7 Trustee for Outer Harbor Terminal, LLC (the "**Trustee**," and together with the Reorganized Debtors, the "**Parties**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit the Trustee to file a motion in the bankruptcy case of Outer Harbor Terminal, LLC, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval of a settlement agreement entered into between the Parties prior to these Chapter 11 Cases. The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. Don A. Beskrone is the duly appointed Chapter 7 Trustee for Outer Harbor Terminal, LLC in its bankruptcy case (the "**Outer Harbor Bankruptcy Case**") currently pending as Case No. 16-10283 in the United States Bankruptcy Court for the District of Delaware (the "**Delaware Bankruptcy Court**").

C. The Trustee filed an action against the Utility to avoid certain preferential transfers (the "**Preference Action**") that remains pending in the Delaware Bankruptcy Court as Adversary Proceeding No. 18-50904.

D. In January 2019, prior to the Petition Date, the Trustee and the Utility entered into a settlement agreement (the "**Settlement Agreement**") resolving the Trustee's claims in the Preference Action. Before the Trustee could obtain approval of the Settlement Agreement from

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

the Delaware Bankruptcy Court, the Debtors filed these Chapter 11 Cases, and the Trustee was stayed by section 362(a) of the Title 11 of the United States Code from continuing any action with respect to his claims against the Debtors.

E. The Trustee timely filed proof of claim number 62435 (the "**Trustee Claim**") for the amount of the compromise payment agreed to in the Settlement Agreement.

F. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

G. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

H. Pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court.

I. The Trustee Claim has been allowed and satisfied in accordance with the Plan through the Reorganized Debtors' claims review and administration process. However, the Trustee has advised the Reorganized Debtors of certain actions that he intends to take in the Outer Harbor Bankruptcy Case to bring the Preference Action to a close in the Delaware Bankruptcy Court, including filing a motion (the "**Rule 9019 Motion**") to obtain the Delaware Bankruptcy Court's approval of the Settlement Agreement, and filing a notice of dismissal (the "**Notice of Dismissal**") to dismiss the Preference Action.

J. The Reorganized Debtors believe that the Rule 9019 Motion and the Notice of Dismissal are administrative actions that are consistent with the resolution of the Trustee Claim and the Plan. Nevertheless, the Parties have agreed to request that, in an abundance of caution and to the

extent necessary, the Plan Injunction be modified to permit the Trustee to take the steps required to bring the Preference Action to a close.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, to the extent necessary, solely to permit the Trustee to take any action necessary to obtain approval of the Settlement Agreement from the Delaware Bankruptcy Court in the Outer Harbor Bankruptcy Case, including filing and prosecuting the Rule 9019 Motion, and, promptly after the Delaware Bankruptcy Court has approved the Settlement Agreement, to file the Notice of Dismissal in the Preference Action.

2. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

3. This Stipulation shall be binding on the Parties and each of their successors in interest.

4. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on Next Page*]

Dated: August 19, 2021

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

*/s/ Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors
and Reorganized Debtors*

Dated: August 19, 2021

ASHBY & GEDDES, P.A.

*/s/ Benjamin W. Keenan*
Benjamin W. Keenan

*Attorneys for Don A. Beskrone, as
Chapter 7 Trustee for Outer Harbor
Terminal, LLC*