KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS / SATISFIED CLAIMS / NO LIABILITY CLAIMS / PASSTHROUGH CLAIMS)**<br><br>**Response Deadline:**<br>**September 15, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: September 29, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Ninety-Ninth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed (i) "Claims To Be Reduced or Disallowed" on **Exhibit 1** annexed hereto, (ii) "Claims To Be Disallowed and Expunged" on **Exhibit 2** annexed hereto, (iii) "Claims To Be Disallowed and Expunged" on **Exhibit 3** annexed hereto, and (iv) "Claims To Be Expunged" on **Exhibit 4** annexed hereto.

**I.     JURISDICTION**

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**II.    BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in

the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

III. **RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"),

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

seeking entry of an order disallowing and expunging, or, where applicable, allowing in reduced amounts, the claims as further described below.

IV. **ARGUMENT**

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records." Omnibus Objections Procedures Order, ¶ 2(C)(i). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers.

Each of the Claimants on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Books and Records Claims, the Satisfied Claims, and the No Liability Claims, each as defined and described below.

A. **The Books and Records Claims Should be Disallowed and Expunged or Allowed in the Reduced Claim Amount**

The Reorganized Debtors seek entry of an order (i) disallowing and expunging the claims identified herein that the Reorganized Debtors have determined, based on a review of their books and records, assert amounts for which they are not liable (the "**Books and Records Claims**"). The Books and Records Claims are identified on **Exhibit 1**, in the row titled "Original Creditor," and the amount that corresponds to the Reorganized Debtors' books and records is listed in the row titled "Reduced Claim Amount." The Reorganized Debtors request that the Books and Records Claims be disallowed and expunged in their entirety if the Reduced Claim Amount is zero.

Each of the Books and Records Claims identified on **Exhibit 1** seeks an amount that contradicts the Reorganized Debtors' books and records. The Reorganized Debtors have determined that the Books and Records Claims assert liabilities for which the Reorganized Debtors are not liable. Accordingly, the Reorganized Debtors are seeking to reduce the filed claims to the amounts for which they are liable

based on their current books and records.

The Reorganized Debtors request that the Court disallow and expunge the Books and Records Claims in their entirety.

**B.     The Satisfied Claims Should Be Disallowed and Expunged**

The Reorganized Debtors seek entry of an order disallowing and expunging claims that the Reorganized Debtors have determined were satisfied or released during or prior to the commencement of these Chapter 11 Cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders (the "**Satisfied Claims**").  The Satisfied Claims are identified on **Exhibit 2**, in the column headed "Claims To Be Disallowed and Expunged," and are classified in the "Basis for Objection" column as either (i) "Cure Payments," referring to Claims paid in their entirety as a cure as part of the assumption of an executory contract that was assumed during the bankruptcy proceeding or on the Effective Date pursuant to the Plan and Confirmation Order, or (ii) "Other Satisfied," referring to Claims that have been satisfied prior to or during the pendency of these Chapter 11 Cases, in some cases by payments pursuant to an order granting one of the Debtors' first-day motions.[2]

Each of the Satisfied Claims identified on **Exhibit 2** has been satisfied prior to or over the course of the Chapter 11 Cases.  Accordingly, the Reorganized Debtors request that the Court disallow and expunge the Satisfied Claims in their entirety.

**C.     The No Liability Claims Should Be Disallowed and Expunged**

The Reorganized Debtors seek entry of an order disallowing and expunging Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Liability Claims**").  The No Liability Claims are identified on **Exhibit 3**, in the column headed "Claims To Be Disallowed and Expunged."  **Exhibit 3** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as "Protective Claims."  These Proofs of Claim assert protective claims that are potentially owing post-petition, and in some cases for unliquidated amounts.  The Reorganized Debtors have reviewed their books and records and have determined that they have no known liability as of the Petition Date with respect to the Protective Claims.  Approval of the relief requested herein will not prejudice the holders

---

[2] Proof of Claim No. 70804 was satisfied by both cure payments and by payments in the ordinary course.

of any of the Protective Claims because (a) the Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed and (b) the Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-petition failure of the Reorganized Debtors to perform or honor their obligations relating to such claims.

The Reorganized Debtors and their professionals have reviewed each of the No Liability Claims identified on **Exhibit 3** and have determined each represents a Proof of Claim for which the Reorganized Debtors do not have any liability. Accordingly, the Reorganized Debtors request that the Court disallow and expunge the No Liability Claims in their entirety.

### D. The Passthrough Claims Should Be Expunged

The Reorganized Debtors seek entry of an order expunging Proofs of Claim (the "**Passthrough Claims**") that, in accordance with the confirmed Plan, ride through the Chapter 11 Cases unimpaired such that the holders of these claims may continue to pursue them against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced. The Passthrough Claims are identified on **Exhibit 4**, in the column headed "Claims To Be Expunged." The Passthrough Claims are unimpaired under the Plan and may be pursued as if the Chapter 11 Cases had not been commenced. **Exhibit 4** also specifically identifies in the "Basis for Objection" that the Passthrough Claims are classified as a "Customer No Liability / Passthrough Claim" or a "Post-Petition Claim," as described below.

"Customer No Liability / Passthrough Claim." The Reorganized Debtors and their professionals have reviewed the Customer No Liability / Passthrough Claim identified on **Exhibit 4** and have determined that the Claim arises from a Customer Billing Dispute (here, "**Energy Billings**") and may be resolved in the ordinary course. If not expunged, the Customer No Liability / Passthrough Claim potentially could allow the applicable Claimant to receive recoveries to which they are not entitled.

As the Court is aware, in connection with the Bar Date Order, the Debtors served specially tailored and customized notices of the Bar Date (the "**Customer Bar Date Notice**") together with Proof of Claim forms on all of the Utility's nearly 6.2 million customers. *See* Docket Nos. 2806 and 3159. The simpler Customer Bar Date Notice made clear that Customers were not required to file Proofs of Claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items. Proof of Claim No. 1616 filed by Robert Fifer and listed on **Exhibit 4** arises from Energy

Billings.³

The Reorganized Debtors' personnel conducted a rigorous review of their records to confirm that the holder of the Customer No Liability / Passthrough Claim did not hold any valid non-ordinary course prepetition Claims. First, the Reorganized Debtors and their advisors established either that the Claimant was a current or former Customer of the Utility or that the Claim sought amounts arising from Energy Billings. Next, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked this Claim against records maintained with respect to non-energy billing issues and confirmed that it did not correspond to a known prepetition claim relating to this Customer. Finally, the Reorganized Debtors and their professionals checked the Claimant's name against parties with known litigation claims, Fire Victim Claims, and other property damage claims and confirmed there was no match.

Furthermore, under California's filed rate doctrine, public utilities whose rates are approved by a regulatory agency—here, the California Public Utilities Commission (the "**CPUC**")—"are insulated from lawsuits challenging those rates and from court orders having the effect of imposing a rate other than that filed with" or approved by the regulatory agency. *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 335 (1998). The rationale underlying this doctrine is preserving "agency autonomy in rate setting without court interference." *Id*. As the CPUC has approved the rates charged by PG&E, neither Customers nor the Court are "institutionally well suited to engage in retroactive rate setting." *Wegoland Ltd. v. NYNEX Corp.* 27 F.3d 17, 19 (2d Cir. 1994). Since the Effective Date, Mr. Fifer has attempted and failed to pursue his Claims in small claims court.⁴ On April 14, 2021, the Superior Court of California for Stanislaus County dismissed Mr. Fifer's claims against the Utility without prejudice, holding that the CPUC has exclusive jurisdiction over the dispute.

Accordingly, for the reasons set forth herein, the Customer No Liability / Passthrough Claim should be expunged because, in accordance with the Bar Date Order, it may be resolved in the ordinary course.

---

³ Mr. Fifer's claim is for $2,038.73, comprised of $38.73 for alleged overcharging and $2,000 "for [Mr. Fifer's] frustration and trouble due to [PG&E's] mistake."

⁴ *See* Cal. Super. Ct. Stanislaus Cty. Case No. SC-21-000100.

"Post-Petition Claim." This Proof of Claim asserts Claims for amounts that arose after the Petition Date and, thus, does not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities.

Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of such Claims should be expunged and the asserted claims may be resolved in the ordinary course of business.

### E. The Claimants Bear the Burden of Proof

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[5] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King,

---

[5] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors to seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States have twice been further extended by stipulation and order [Docket Nos. 10459, 10463, 10983, and 10986].

*Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.A above, the Reorganized Debtors are not liable on any of the Books and Records Claims beyond the "Reduced Claim Amount" listed on **Exhibit 1**—which, in all cases, is zero—and they deny any liability in excess of the Reduced Claim Amount. On that basis, the Reorganized Debtors submit that the Books and Records Claims should be disallowed and expunged in their entirety. If any Claimant believes that it is owed more than the Reduced Claim Amount, it must present affirmative evidence to establish its entitlement to such excess amount.

As set forth in Section IV.B above, the Reorganized Debtors submit that the Satisfied Claims already have been satisfied prior to or over the course of the Chapter 11 Cases and, therefore, should be disallowed and expunged. If any Claimant believes that a Satisfied Claim has not been satisfied in full, it must present affirmative evidence demonstrating the validity of that claim.

As set forth in Section IV.C above, the Reorganized Debtors submit that the No Liability Claims do not represent a current right to payment and, therefore, should be disallowed and expunged in their entirety. If any Claimant believes that a No Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

As set forth in Section IV.D above, the Reorganized Debtors submit that the Customer No Liability / Passthrough Claim should be expunged because, in accordance with the Bar Date Order, it may be resolved in the ordinary course. As set forth in the same section, the Reorganized Debtors submit that the Post-Petition Claim should be expunged because it seeks payment of amounts that arose after the Petition Date that are not due and payable and, to the extent allowed, will be paid in the ordinary course in accordance with Section 2.1 of the Plan.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein,

or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Books and Records Claims, Satisfied Claims, No Liability Claims, and Passthrough Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Books and Records Claims, Satisfied Claims, No Liability Claims, and Passthrough Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 19, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Thomas B. Rupp*
      Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*