```
 1  KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
 2  (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
 3  (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
 4  (jkim@kbkllp.com)
    650 California Street, Suite 1900
 5  San Francisco, CA 94108
    Tel: 415 496 6723
 6  Fax: 650 636 9251
 7
    *Attorneys for Debtors and Reorganized Debtors*
 8
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS / SATISFIED CLAIMS / NO LIABILITY CLAIMS / PASSTHROUGH CLAIMS)** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Response Deadline:**<br>September 15, 2021, 4:00 p.m. (PT) |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Hearing Information If Timely Response Made:**<br>Date: September 29, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Ninety-Ninth Omnibus Objection to Claims (Books and Records Claims / Satisfied Claims / Passthrough Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

### A. Books and Records Claims

4. As part of the claims review and reconciliation process described in Paragraph 3 above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of Proofs of Claim that list higher amounts than are reflected in the Reorganized Debtors' books and records.

5. The Omnibus Objection is directed to some of these claims—those identified on **Exhibit 1**, in the row titled "Original Creditor" (the "**Books and Records Claims**").

6. **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

7. Each of the Books and Records Claims identified on **Exhibit 1** seeks an amount that contradicts the Reorganized Debtors' books and records. The Reorganized Debtors have determined that the Books and Records Claims assert liabilities for which the Reorganized Debtors are not liable. Accordingly, the Reorganized Debtors are seeking to reduce the filed claims to the amounts for which they are liable based on their current books and records. Through the Omnibus Objection, the Reorganized Debtors seek to disallow and expunge the Books and Records Claims in their entirety if the Reduced Claim Amount is zero.

### B. Satisfied Claims

8. As part of the claims review and reconciliation process described in Paragraph 3 above,

the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed claims that have been fully paid—and thus completely satisfied and released—prior to the commencement of or over the course of these Chapter 11 Cases. The Omnibus Objection is directed to some of those claims—those specifically identified in **Exhibit 2** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as "Satisfied Claims." **Exhibit 2** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with it, its contents, and the process under which it was prepared.

9. **Exhibit 2** to the Omnibus Objection also identifies in the "Basis for Objection" that the Satisfied Claims are classified as either (i) "<u>Cure Payments</u>," referring to Claims paid in their entirety as a cure as part of the assumption of an executory contract that was assumed during the bankruptcy proceeding or on the Effective Date pursuant to the Plan and Confirmation Order, or (ii) "<u>Other Satisfied</u>," referring to Claims that have been satisfied prior to or during the pendency of these Chapter 11 Cases, in some cases by payments pursuant to an order granting one of the Debtors' first-day motions.

10. Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel, each of the Satisfied Claims identified on **Exhibit 2** to the Omnibus Objection has been satisfied prior to or over the course of the Chapter 11 Cases. Accordingly, through the Omnibus Objection, the Reorganized Debtors request that the Court disallow and expunge the Satisfied Claims in their entirety.

C. **No Liability Claims**

11. As part of the claims review and reconciliation process described in Paragraph 3 above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed and expunged, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

12. The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 3** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as "No Liability Claims." **Exhibit 3** to the

Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with it, its contents, and the process under which it was prepared.

13. **Exhibit 3** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as "<u>Protective Claims</u>." These Proofs of Claim assert protective claims that are potentially owing post-petition, and in some cases for unliquidated amounts. The Reorganized Debtors have reviewed their books and records and have determined that they have no known liability as of the Petition Date with respect to the Protective Claims. Approval of the relief requested herein will not prejudice the holders of any of the Protective Claims because (a) the Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed and (b) the Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-petition failure of the Reorganized Debtors to perform or honor their obligations relating to such claims.

14. Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel, each of the No Liability Claims identified on **Exhibit 3** represents a Proof of Claim for which the Reorganized Debtors do not have any liability.

**D. Passthrough Claims**

15. The Omnibus Objection is directed to those Proofs of Claim, which are identified in **Exhibit 4** to the Omnibus Objection, in the column headed "Claims To Be Expunged," and referred to in the Omnibus Objection as "Passthrough Claims." **Exhibit 4** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared. **Exhibit 4** also specifically identifies in the "Basis for Objection" that the Passthrough Claims are classified as a "<u>Customer No Liability / Passthrough Claim</u>" or a "<u>Post-Petition Claim</u>," as described below.

16. "<u>Customer No Liability / Passthrough Claim</u>." As part of the claims review and reconciliation process described in Paragraph 3 above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a Proof of Claim filed by a Customer that arises from a Customer Billing Dispute (here, "**Energy Billings**").

17. Customers were not required to file Proof(s) of Claim for Energy Billings. The Customer No Liability / Passthrough Claim may be resolved in the ordinary course.

18.     Since the Effective Date, the holder of the Customer No Liability / Passthrough Claim has attempted and failed to pursue his Claims in small claims court.[2]  On April 14, 2021, the Superior Court of California for Stanislaus County dismissed the Claimant's claims against the Utility without prejudice, holding that the CPUC has exclusive jurisdiction over the dispute.

19.     I am informed and believe that the Reorganized Debtors' personnel conducted a rigorous review of their records to confirm that the holder of the Customer No Liability / Passthrough Claim did not hold any valid non-ordinary course prepetition Claims.  First, the Reorganized Debtors and their advisors either established that the Claimant was a current or former Customer of the Utility or that the Claim sought amounts arising from Energy Billings.  Second, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked the Claim against records maintained with respect to non-energy billing issues and confirmed that they did not correspond to known prepetition claims relating to this Customers.  Finally, the Reorganized Debtors and their professionals checked the Claimant's name against parties with known litigation claims, Fire Victim Claims, and other property damage claims and confirmed there was no match.

20.     If not expunged, the Customer No Liability / Passthrough Claim potentially could allow the applicable Claimant to receive recoveries to which he is not entitled.

21.     "<u>Post-Petition Claim</u>."  This Proof of Claim asserts Claims for amounts that arose after the Petition Date and, thus, does not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process.  Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities.

22.     Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of such Claims should be expunged and the asserted claims may be resolved in the ordinary course of business.

---

[2] *See* Cal. Super. Ct. Stanislaus Cty. Case No. SC-21-000100.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this nineteenth day of August, 2021.

*/s/ Robb McWilliams*
Robb McWilliams