KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDREDTH OMNIBUS OBJECTION TO CLAIMS (THIRD-PARTY CLAIMS)**<br><br>**Response Deadline:**<br>**September 15, 2020, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: September 29, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this One Hundredth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the columns headed (i) "Claim/Schedule To Be Reduced or Disallowed" on **Exhibit 1** annexed hereto, (ii) "Claims To Be Disallowed and Expunged" on **Exhibit 2** annexed hereto, and (iii) "Claims To Be Expunged" on **Exhibit 3** annexed hereto.

**I.  JURISDICTION**

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the

*Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III. RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"),

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

seeking entry of an order either reducing, expunging, or disallowing and expunging Proofs of Claim for which the Reorganized Debtors are not liable (the "**Third-Party Claims**"). After reviewing their books and records and the limited information submitted with the Proofs of Claim, the Reorganized Debtors have determined that each of the Third-Party Claims either (i) asserts a Claim seeking payment of amounts for which the Reorganized Debtors are not liable and/or the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims, or (ii) seeks payment of amounts that arose after the Petition Date that are not due and payable and, to the extent allowed, will be paid in the ordinary course in accordance with Section 2.1 of the Plan.

Each of the Claimants on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Third-Party Claims.

IV.   **ARGUMENT**

    **A.   The Books and Records Claims and Reduced and Allowed Claim Should be Disallowed and Expunged or Allowed in the Reduced Claim Amount**

The <u>Books and Records Claims</u> identified on **Exhibit 1** are Proofs of Claim that seek an amount that contradicts the Reorganized Debtors' books and records. The Reorganized Debtors have determined, based on a review of their books and records, the Proofs of Claim, and any additional information provided by the holder of the Books and Records Claims, that the Books and Records Claims assert liabilities for which the Reorganized Debtors are not liable. In some instances, the holder of the Books and Records Claim has agreed with the Reorganized Debtors that it does not hold a valid Claim against the Reorganized Debtors, but failed to follow the procedures to withdraw their Proof of Claim when instructed to do so.

The Reorganized Debtors request that the Books and Records Claims be disallowed and expunged in their entirety.

The <u>Reduced and Allowed Claim</u> identified on **Exhibit 1** is Proof of Claim No. 7289 filed by Philip T. Gonsalves, which was asserted in an unliquidated amount for "personal injury hearing aids." Although the Debtors believe that they are not liable for this Claim, they engaged the Claimant in

settlement efforts pursuant to the *Order Approving ADR and Related Procedures for Resolving General Claims*, dated September 25, 2020 [Docket No. 9148] (the "**ADR Procedures Order**"). On May 3, 2021, the Reorganized Debtors received a signed response to a Settlement Offer (as defined in the ADR Procedures Order) from Mr. Gonsalves, accepting the Reorganized Debtors' offer to settle his claim for $100. Since that time, the Reorganized Debtors have attempted to contact Mr. Gonsalves to finalize the settlement with a fully-executed settlement agreement, but there has been no other communication from Mr. Gonsalves, and Mr. Gonsalves has not returned the signed settlement agreement necessary to formally resolve his Claim. The amount listed in **Exhibit 1** reflects the amount that the Reorganized Debtors agreed to pay, based upon Mr. Gonsalves's acceptance of the settlement offer.

The Reorganized Debtors request that the Reduced and Allowed Claim be allowed in the amount listed in the "Reduced Amount" row, and disallowed to the extent in excess of that amount.

**B. The Damage Not Caused By PG&E Claims and the Barred By Statute of Limitations Claims Should Be Disallowed and Expunged**

The Damage Not Caused by PG&E Claims identified on **Exhibit 2** are Proofs of Claim where the Reorganized Debtors, after reviewing their books and records and any information submitted in connection with the Proofs of Claim, have determined that the harm or damage described in the Proof of Claim was not caused by the Debtors. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged in their entirety.

**C. The Post-Petition Claims Should Be Expunged**

The Post-Petition Claim identified on **Exhibit 3** asserts a Claim for amounts that arose after the Petition Date and, thus, does not represent a prepetition liability of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of

such Claims should be expunged and the asserted claims may be resolved in the ordinary course of business.

### D. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.A above, the Reorganized Debtors are not liable on any of the Books and Records Claims, and are not liable on the Reduced and Allowed Claim beyond the "Reduced Claim Amount" listed on **Exhibit 1**, and they deny any liability in excess of the Reduced Claim Amount. On that basis, the Reorganized Debtors submit that the Books and Records Claims should be disallowed and expunged in their entirety, and the Reduced and Allowed Claim should be allowed in its Reduced Claim

---

[2] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors to seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States have twice been further extended by stipulation and order [Docket Nos. 10459, 10463, 10983, and 10986].

Amount and disallowed as to any and all amounts in excess thereof. If any Claimant believes that it is owed anything, and, in the case of the holder of the Reduced and Allowed Claim, if such Claimant believes that it is owed more than the Reduced Claim Amount, they must present affirmative evidence to establish their entitlement to such amounts.

As set forth in Section IV.B above, the Reorganized Debtors submit that the Damage Not Caused By PG&E Claims do not represent a current right to payment and, therefore, should be disallowed and expunged in their entirety. If any Claimant believes that a Damage Not Caused By PG&E Claim is valid or otherwise represents a current right to payment, it must present affirmative evidence demonstrating the validity of that claim.

As set forth in Section IV.C above, the Reorganized Debtors submit that the Post-Petition Claims pass through these Chapter 11 Cases and, therefore, should be expunged.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the Third-Party Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Third-Party Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous

request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 19, 2020

**KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*