KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| In re: | Chapter 11 |
| PG&E CORPORATION, | (Lead Case) (Jointly Administered) |
| - and - | **DECLARATION OF RENEE RECORDS IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDREDTH OMNIBUS OBJECTION TO CLAIMS (THIRD-PARTY CLAIMS)** |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | **Response Deadline:** September 15, 2020, 4:00 p.m. (PT) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Hearing Information If Timely Response Made:**<br>Date: September 29, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, Renee Records, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Claims Manager at Pacific Gas and Electric Company (the "**Utility**" or "**PG&E**," and, with PG&E Corporation, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the Reorganized Debtors' One Hundredth Omnibus Objections to Claims (Third-Party Claims) (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. As part of my job duties, I manage, administer, and monitor third-party claims, investigations, and incidents for final determination of property damage, bodily injury, and business interruption. I oversee department caseload to ensure integrity and regulatory compliance. I develop and present key analysis and reporting to enterprise officers, operations managers, and clients regarding third-party incidents.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E personnel working under and alongside me on this matter, my discussions with the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

4. The Third-Party Claims are identified in the columns headed (i) "Claim/Schedule To Be Reduced or Disallowed" on **Exhibit 1** annexed to the Omnibus Objection, (ii) "Claims To Be Disallowed and Expunged" on **Exhibit 2** annexed to the Omnibus Objection, and (iii) "Claims To Be Expunged" on **Exhibit 3** annexed to the Omnibus Objection. **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** were prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed them to confirm their accuracy. I am familiar with them, their contents, and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objections.

the process under which they were prepared.

5. The Books and Records Claims identified on **Exhibit 1** are Proofs of Claim that seek an amount that contradicts the Reorganized Debtors' books and records. The Reorganized Debtors have determined, based on a review of their books and records, the Proofs of Claim, and any additional information provided by the holder of the Books and Records Claims, that the Books and Records Claims assert liabilities for which the Reorganized Debtors are not liable. In some instances, the holder of the Books and Records Claim has agreed with the Reorganized Debtors that it does not hold a valid Claim against the Reorganized Debtors, but failed to follow the procedures to withdraw their Proof of Claim when instructed to do so.

6. The Reorganized Debtors request that the Books and Records Claims be disallowed and expunged in their entirety.

7. The Reduced and Allowed Claim identified on **Exhibit 1** is Proof of Claim No. 7289 filed by Philip T. Gonsalves, which was asserted in an unliquidated amount for "personal injury hearing aids." Although the Debtors believe that they are not liable for this Claim, they engaged the Claimant in settlement efforts pursuant to the *Order Approving ADR and Related Procedures for Resolving General Claims*, dated September 25, 2020 [Docket No. 9148] (the "**ADR Procedures Order**"). On May 3, 2021, the Reorganized Debtors received a signed response to a Settlement Offer (as defined in the ADR Procedures Order) from Mr. Gonsalves, accepting the Reorganized Debtors' offer to settle his claim for $100. Since that time, the Reorganized Debtors have attempted to contact Mr. Gonsalves to finalize the settlement with a fully-executed settlement agreement, but there has been no other communication from Mr. Gonsalves, and Mr. Gonsalves has not returned the signed settlement agreement necessary to formally resolve his Claim. The amount listed in **Exhibit 1** reflects the amount that the Reorganized Debtors agreed to pay, based upon Mr. Gonsalves's acceptance of the settlement offer.

8. The Reorganized Debtors request that the Reduced and Allowed Claim be allowed in the amount listed in the "Reduced Amount" row, and disallowed to the extent in excess of that amount.

9. The Damage Not Caused by PG&E Claims identified on **Exhibit 2** are Proofs of Claim where the Reorganized Debtors, after reviewing their books and records and any information submitted in connection with the Proofs of Claim, have determined that the harm or damage described in the Proof

of Claim was not caused by the Debtors. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be disallowed and expunged in their entirety.

10. The Post-Petition Claim identified on **Exhibit 3** asserts a Claim for amounts that arose after the Petition Date and, thus, does not represent a prepetition liability of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of such Claims should be expunged and the asserted claim may be resolved in the ordinary course of business.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this nineteenth day of August, 2021, in San Ramon, California.

*/s/ Renee Records*
Renee Records