KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' ONE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)** <br><br> **Response Deadline:** <br> **September 15, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: September 29, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this One Hundred Second Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

### I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.  RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging or reducing Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Legal Liability Claims**").

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

The No Legal Liability Claims are identified in the column headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**. **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Legal Liability Claims are classified as "Barred By Statute of Limitations" or "Barred By Court Order", as discussed further below.

IV. ARGUMENT

    A. **The No Legal Liability Claims Should be Disallowed and Expunged or Reduced**

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the No Legal Liability Claims identified on **Exhibit 1** and have determined, on one of the bases below, that each represents a Proof of Claim for which the Reorganized Debtors are not liable.

    a. "<u>Barred By Statute of Limitations.</u>" These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations. All of the Barred By Statute of Limitations Claims are governed by California law. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. Under the applicable California statute of limitations periods identified below, the claimants' right to bring such claims against the Debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims should be disallowed and expunged.

    (1) Proof of Claim No. 7939 was asserted by Claimant(s) "Adrianne Gomez Day Care- Gomez, Jose" ("**Gomez**") and alleges lost income from a daycare business and other expenses resulting from an interruption in gas service to Gomez. Information provided to the Reorganized Debtors by Gomez states that the date of the incident was March 2, 2015, almost four years before the Petition Date. Pursuant to section 339(1) of the California Code of Civil Procedure, an action upon a contract,

obligation or liability not founded upon an instrument of writing must be commenced within two years. No action was commenced prior to the Petition Date. Accordingly, Proof of Claim No. 7939 should be disallowed and expunged because it is barred by the applicable statute of limitations.

   (2) Proof of Claim No. 10281 was asserted by Claimant William F. Weidman III and alleges radiation-related injuries incurred by Mr. Weidman while working for Bechtel Power Corporation ("**Bechtel**") as a contractor at the Debtors' Diablo Canyon Power Plant from 1984 to 1985. Mr. Weidman and Bechtel are parties to a workers' compensation case that has been pending since June 11, 2001. In connection with that workers' compensation case, the Workers' Compensation Appeals Board found that Mr. Weidman received medical confirmation of the connection between his injuries and his work for Bechtel in June 2000 – over 18 years before the Petition Date (and indeed, prior to the petition date of the Utility's first chapter 11 case in 2001).[2] Mr. Weidman did not sue either of the Debtors, either in the pending workers' compensation case or elsewhere. Pursuant to applicable California law in effect at the time Mr. Weidman's claim arose, an action for injury to an individual caused by the wrongful act or neglect of another must have been commenced within one year.[3] No action was commenced against the Debtors prior to the Petition Date. Accordingly, Proof of Claim No. 10281 should be disallowed and expunged because it is barred by the applicable statute of limitations.

   (3) Proof of Claim No. 106732 was asserted by Claimant David Morrow and alleges property damage to a residence caused by a PG&E SmartMeter.[4] Information provided to the Reorganized

---

[2] In making that finding, the Workers' Compensation Appeals Board found that Mr. Weidman's claims against Bechtel were not time-barred under applicable California workers' compensation law. Because Mr. Weidman never sued either Debtor, the statute of limitations has long since run on his personal injury claims against the Debtors. Neither Debtor was a party to Mr. Weidman's workers' compensation case, and the Reorganized Debtors reserve all rights, arguments, and defenses with respect to Mr. Weidman's claims, including with respect to whether Mr. Weidman's claims accrued earlier than June 2000, as well as that Mr. Weidman's claims were discharged through the plan confirmed in the Utility's first chapter 11 case.

[3] The statute of limitations for personal injury was extended to two years effective January 1, 2003. Cal. Code Civ. Proc. § 335.1; 2002 Cal. Stat. ch. 448.

[4] A claim based on the same facts and alleging the same injury was filed as Proof of Claim No. 80872 by Alexander Eddie Morrow for David Morrow. That Proof of Claim was objected to in the *Reorganized Debtors' Sixty-Sixth Omnibus Objection to Claims (ADR No Liability Claims)* [Docket No. 10299] for failure to respond to the Information Request Form sent to the claimant. No response to the omnibus objection was received, and the claim was disallowed and expunged by the Order entered on April 5, 2021 [Docket No. 10496].

Debtors by Mr. Morrow shows that the date of the incident was January 2, 2016, more than three years before the Petition Date. Pursuant to sections 338(b) and (c) of the California Code of Civil Procedure, an action for injury to real or personal property must be commenced within three years. No action was commenced prior to the Petition Date. Accordingly, Proof of Claim No. 106732 should be disallowed and expunged because it is barred by the applicable statute of limitations.

    b. "<u>Barred by Court Order.</u>" This Proof of Claim (No. 76809) was asserted by Claimant Laurie Deuschel and relates to prepetition litigation against the Debtors and other defendants in the Superior Court of California for the County of Placer (the "**State Court**"). Ms. Deuschel obtained relief from the automatic stay to adjudicate her dispute with the Debtors in State Court by an order entered on April 24, 2020 [Docket No. 6930]. On February 8, 2021, the State Court issued an order and accompanying judgment sustaining the Debtors' demurrer as to Ms. Deuschel's claims against the Debtors and dismissing Ms. Deuschel's complaint without leave to amend. The Reorganized Debtors are therefore not liable for this claim, because it has been disposed of pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court. Therefore, the Barred By Court Order Claim identified on **Exhibit 1** should be disallowed and expunged.

  Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the No Legal Liability Claims.

  **B.** **The Claimants Bear the Burden of Proof**

  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[5] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim

---

[5] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors to seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States have twice been further extended by stipulation and order [Docket Nos. 10459, 10463, 10983, and 10986].

may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the No Legal Liability Claims assert amounts for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety. If any Claimant believes that a No Legal Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Legal Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Legal Liability Claims; (ii) the

Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 19, 2021

**KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
       Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*