KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | **DECLARATION OF A. ANNA CAPELLE IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | **Response Deadline:**<br>**September 15, 2021, 4:00 p.m. (PT)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Hearing Information If Timely Response Made:**<br>Date: September 29, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, A. Anna Capelle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed in this role since May 1, 2020, and prior to such date I was employed as Interim Managing Counsel, Strategy and Policy. I have been employed as an attorney for PG&E since October 2006. In my current role, I am responsible for supervising seven litigation attorneys, and advising leaders on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection. The No Legal Liability Claims that are the subject of this Declaration are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**.

4. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the No Legal Liability Claims.

5. **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Legal Liability Claims are classified as "Barred By Statute of Limitations" or "Barred By Court Order", as discussed further below.

6. "<u>Barred By Statute of Limitations.</u>" These are Proofs of Claim that fail to state a legal basis for recovery against the Debtors because the underlying causes of action are barred by an applicable statute of limitations. All of the Barred By Statute of Limitations Claims are governed by California law. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. Under the applicable California statute of limitations periods identified below, the claimants' right to bring such claims against the Debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable, and the Barred By Statute of Limitations Claims should be disallowed and expunged.

a. Proof of Claim No. 7939 was asserted by Claimant(s) "Adrianne Gomez Day Care-Gomez, Jose" ("**Gomez**") and alleges lost income from a daycare business and other expenses resulting from an interruption in gas service to Gomez. Information provided to the Reorganized Debtors by Gomez states that the date of the incident was March 2, 2015, almost four years before the Petition Date. Pursuant to section 339(1) of the California Code of Civil Procedure, an action upon a contract, obligation or liability not founded upon an instrument of writing must be commenced within two years. No action was commenced prior to the Petition Date. Accordingly, Proof of Claim No. 7939 should be disallowed and expunged because it is barred by the applicable statute of limitations.

b. Proof of Claim No. 10281 was asserted by Claimant William F. Weidman III and alleges radiation-related injuries incurred by Mr. Weidman while working for Bechtel Power Corporation ("**Bechtel**") as a contractor at the Debtors' Diablo Canyon Power Plant from 1984 to 1985. Mr. Weidman and Bechtel are parties to a workers' compensation case that has been pending since June 11, 2001. In connection with that workers' compensation case, the Workers' Compensation Appeals Board found that Mr. Weidman received medical confirmation of the connection between his injuries

and his work for Bechtel in June 2000 – over 18 years before the Petition Date (and indeed, prior to the petition date of the Utility's first chapter 11 case in 2001).[2] Mr. Weidman did not sue either of the Debtors, either in the pending workers' compensation case or elsewhere. Pursuant to applicable California law in effect at the time Mr. Weidman's claim arose, an action for injury to an individual caused by the wrongful act or neglect of another must have been commenced within one year.[3] No action was commenced against the Debtors prior to the Petition Date. Accordingly, Proof of Claim No. 10281 should be disallowed and expunged because it is barred by the applicable statute of limitations.

c. Proof of Claim No. 106732 was asserted by Claimant David Morrow and alleges property damage to a residence caused by a PG&E SmartMeter.[4] Information provided to the Reorganized Debtors by Mr. Morrow shows that the date of the incident was January 2, 2016, more than three years before the Petition Date. Pursuant to sections 338(b) and (c) of the California Code of Civil Procedure, an action for injury to real or personal property must be commenced within three years. No action was commenced prior to the Petition Date. Accordingly, Proof of Claim No. 106732 should be disallowed and expunged because it is barred by the applicable statute of limitations.

7. "Barred by Court Order." This Proof of Claim (No. 76809) was asserted by Claimant Laurie Deuschel and relates to prepetition litigation against the Debtors and other defendants in the Superior Court of California for the County of Placer (the "**State Court**"). Ms. Deuschel obtained relief

---

[2] In making that finding, the Workers' Compensation Appeals Board found that Mr. Weidman's claims against Bechtel were not time-barred under applicable California workers' compensation law. Because Mr. Weidman never sued either Debtor, the statute of limitations has long since run on his personal injury claims against the Debtors. Neither Debtor was a party to Mr. Weidman's workers' compensation case, and the Reorganized Debtors reserve all rights, arguments, and defenses with respect to Mr. Weidman's claims, including with respect to whether Mr. Weidman's claims accrued earlier than June 2000, as well as that Mr. Weidman's claims were discharged through the plan confirmed in the Utility's first chapter 11 case.

[3] The statute of limitations for personal injury was extended to two years effective January 1, 2003. Cal. Code Civ. Proc. § 335.1; 2002 Cal. Stat. ch. 448.

[4] A claim based on the same facts and alleging the same injury was filed as Proof of Claim No. 80872 by Alexander Eddie Morrow for David Morrow. That Proof of Claim was objected to in the *Reorganized Debtors' Sixty-Sixth Omnibus Objection to Claims (ADR No Liability Claims)* [Docket No. 10299] for failure to respond to the Information Request Form sent to the claimant. No response to the omnibus objection was received, and the claim was disallowed and expunged by the Order entered on April 5, 2021 [Docket No. 10496].

from the automatic stay to adjudicate her dispute with the Debtors in State Court by an order entered on April 24, 2020 [Docket No. 6930]. On February 8, 2021, the State Court issued an order and accompanying judgment sustaining the Debtors' demurrer as to Ms. Deuschel's claims against the Debtors and dismissing Ms. Deuschel's complaint without leave to amend. The Reorganized Debtors are therefore not liable for this claim, because it has been disposed of pursuant to an order by a court of competent jurisdiction other than the Bankruptcy Court. Therefore, the Barred By Court Order Claim identified on **Exhibit 1** should be disallowed and expunged.

8. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, each of the No Legal Liability Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

[Remainder of Page Left Blank Intentionally]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this nineteenth day of August, 2021.

_/s/ A. Anna Capelle_
A. Anna Capelle