**Entered on Docket**
**August 24, 2021**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: August 24, 2021**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|        - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|     Reorganized Debtors. | ) |
| | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * _All papers shall be filed in_ | ) |
| _the Lead Case, No. 19-30088 (DM)._ | ) |
| | ) |

**ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE**
**WITH RULE 2004 SUBPOENA IN RELATION TO**
**THE GENERAL RATE CASE DOCUMENTS**

The Court has considered the letter briefs dated August 19,

2021, from counsel for the Fire Victim Trust and

PricewaterhouseCoopers LLP ("PwC") (Dkt. Nos. 11109 and 11133).

It has also reviewed the definition of Assigned Rights and

Causes of Action (Confirmed Plan ¶ 1.8) and the broad reach of

Fed. R. Bankr. P. 2004(b) (". . . the acts, conduct, or

-1-

property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .")

The court disagrees with PwC's counsel's contention that the Trustee should not be allowed to obtain information unless relating in any way to "causation" of the wildfires. If, at the end of the day, PwC has no culpability or exposure because of the lack of causation, it might have no liability. But until then, the Court is not persuaded by the "you won't find anything so I don't have to give it to you" position being asserted.

It is worth noting that PwC's counsel letter stresses that "almost" all of PwC's work was conducted on equipment owned by Debtors. Again, that the management consulting work "consisted primarily of meeting with PG&E personnel, etc." Later he states that the work product "consists primarily" of PG&E documents.

These excerpts, even taken in context, invite further examination by the Trustee. If there is nothing gleaned of value, PwC has nothing to worry about other than the inconvenience and cost of having to comply with this discovery.

Another safeguard the Court expects counsel on both sides to keep in mind is as set forth in footnote 4 to the Trustee's counsel's August 19 letter. The operative deadlines set forth below should commence after PwC has produced the list of contracts to be provided and thereafter counsel have met and conferred as to which of those contracts relate to the General Rate Case and must be produced in accordance with this order.

1. Within twenty-one (21) days of the meet and confer following the production of the list referred to in Dkt. No.

-2-

11109 at footnote 4, unless otherwise agreed by the Trustee and to the extent such materials have not already been produced by PwC, PwC shall produce to the Trustee all documents and information described at No. 5 of the Trustee's status report of August 2, 2021: PwC's deliverables relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020.

2.     In the event that PwC withholds any of the above-described documents based on a claim of attorney-client privilege, work-product protection, or any other privilege, whether such privilege is asserted by PG&E or PwC, PwC shall provide a privilege log to the Trustee within seven (7) days after the time set forth in paragraph 1 above, unless otherwise agreed by the Trustee, identifying, as demanded by the subpoena: (a) the type, title and subject matter of the Document; (b) the place, date, and manner of preparation of the Document; (c) all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and (d) the legal privilege(s) and the factual basis for the claim.

3.     This Order is without prejudice to the Trustee's right to seek additional examinations or documents pursuant to Bankruptcy Rule 2004 or any other applicable law.

**\*\*END OF ORDER\*\***

Case: 19-30088     Doc# 11145     Filed: 08/24/21     Entered: 08/24/21 17:38:37     Page 3 of 4

1                              COURT SERVICE LIST

2
   ECF Recipients
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -4-