# EXHIBIT B

Case: 19-30088    Doc# 11169-2    Filed: 08/31/21    Entered: 08/31/21 14:49:59    Page 1 of 20

1  **KERR & WAGSTAFFE LLP**
   JAMES M. WAGSTAFFE (#95535)
2  FRANK BUSCH (#258288)
   101 Mission Street, 18th Floor
3  San Francisco, California 94105
   Telephone: (415) 371-8500
4  Facsimile: (415) 371-0500
   Email: wagstaffe@kerrwagstaffe.com
5          busch@kerrwagstaffe.com

6  *Proposed Liaison Counsel for the Class*

7  **LABATON SUCHAROW LLP**
   THOMAS A. DUBBS
8  LOUIS GOTTLIEB
   FRANCIS P. MCCONVILLE
9  WENDY TSANG
   140 Broadway
10 New York, New York 10005
   Telephone:  (212) 907-0700
11 Facsimile: (212) 818-0477
   Email: tdubbs@labaton.com
12         lgottlieb@labaton.com
           fmcconville@labaton.com
13         wtsang@labaton.com

14 *Counsel for the Public Employees Retirement Association*
   *of New Mexico and Proposed Lead Counsel for the Class*
15

16              **UNITED STATES DISTRICT COURT**

17           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  DAVID C. WESTON, on behalf of himself and all others similarly situated, | Case No. 3:18-cv-03509-RS |
| 19                     Plaintiff, | **CLASS ACTION** |
| 20                     v. | **NOTICE OF MOTION AND MOTION OF THE PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 21  PG&E CORPORATION, ANTHONY F. EARLEY, JR., JASON P. WELLS, GEISHA J. WILLIAMS, CHRISTOPHER P. JOHNS, DINYAR B. MISTRY, and DAVID S. THOMASON, | |
| 22 | |
| 23 | |
| 24                     Defendants. | |
| 25 | Date:        September 27, 2018<br>Time:        1:30 p.m.<br>Courtroom:   3, 17th Floor<br>Judge:       Hon. Richard Seeborg |
| 26 | |
| 27  *(Caption continues on next page)* | |
| 28 | |

| | | |
|---|---|---|
| 1 | JON PAUL MORETTI, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:18-cv-03545-VC |
| 2 | | Hon. Vince Chhabria |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | PG&E CORPORATION, ANTHONY F. EARLEY, JR., JASON P. WELLS, GEISHA J. WILLIAMS, CHRISTOPHER P. JOHNS, DINYAR B. MISTRY, and DAVID S. THOMASON, | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION ........................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 2

I.     STATES OF THE ISSUES TO BE DECIDED ................................................................. 2

II.    PRELIMINARY STATEMENT ........................................................................................ 2

III.   FACTUAL BACKGROUND ............................................................................................. 4

IV.   ARGUMENT ...................................................................................................................... 6

       A.    The Actions Should Be Consolidated ................................................................... 6

       B.    PERA Should Be Appointed Lead Plaintiff .......................................................... 6

              1.    The PSLRA Standard For Appointing Lead Plaintiff ............................... 7

       C.    PERA Is The "Most Adequate Plaintiff" .............................................................. 8

              1.    PERA Satisfied The PSLRA's Procedural Requirements ........................ 8

              2.    PERA Has The Largest Financial Interest In The Outcome Of The Action .............................................................................................. 8

              3.    As A Single Institutional Investor, PERA Is Precisely The Type of Lead Plaintiff Congress Envisioned When It passed The PSLRA ................................................................................... 9

              4.    PERA Otherwise Satisfies Rule 23's Typicality And Adequacy Requirements ......................................................................... 10

                   (a)    PERA's Claims Are Typical of Those of the Class ..................... 11

                   (b)    PERA Will Fairly and Adequately Protect the Interests of the Class ................................................................................... 11

       D.    The Court Should Approve PERA's Choice Of Counsel .................................... 12

CONCLUSION .................................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................7, 12

*In re Cohen v. U.S.*,
   586 F.3d 703 (9th Cir. 2009) ...............................................................................................12

*In re Critical Path, Inc. Sec. Litig.*,
   156 F. Supp. 2d 1102 (N.D. Cal. 2001) ................................................................................9

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ....................................9

*Hughes v. Experian Info. Sols., Inc.*,
   No. 16-cv-05681-JST, 2017 WL 975969 (N.D. Cal. Mar. 13, 2017) ....................................6

*In re Network Assocs., Inc., Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ..................................................................................9

*Perlmutter v. Intuitive Surgical, Inc.*,
   No. 10-cv-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ...................................9

*Richardson v. TVIA, Inc.*,
   No. C 06 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................8

*Russo v. Finisar Corp.*,
   No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ............................11

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
   MDL No. 2672 CRB (JSC), 2016 WL 5930844 (N.D. Cal. Oct. 11, 2016) ..........................8

*Westley v. Oclaro, Inc.*,
   No. C-11-2448-EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ..........................10, 11

**Rules & Statutes**

Fed. R. Civ. P. 23 .......................................................................................................... *passim*

15 U.S.C. § 78u-4(a) *et seq.*........................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.)..................................................................................................12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) .................................................................................................12

*In re Countrywide Fin. Corp. Sec. Litig.*,
   No. 07-cv-5295 (C.D. Cal.) ..................................................................................................12

*Eastwood Enters., LLC v. WellCare Health Plans, Inc.*,
   No. 07-cv-01940 (M.D. Fla.) ................................................................................................10

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
   No. 10-cv-03461 (S.D.N.Y.) .................................................................................................13

*In re WageWorks, Inc. Sec. Litig.*,
   No. 18-cv-01523 (N.D. Cal.) ................................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ............................9, 12

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant and Putative class member, the Public Employees Retirement Association of New Mexico ("PERA"), by and through its counsel, hereby moves this Court in Courtroom 3-17th Floor of the Honorable Richard Seeborg at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on September 27, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42; (2) appointing PERA as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving its selection of the law firm of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Kerr & Wagstaffe LLP as Liaison Counsel for the Class (the "Motion").

This Motion is made on the grounds that PERA believes it is the "most adequate plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff. Specifically, PERA believes it has the "largest financial interest" in the relief sought by the Class in this litigation. PERA is the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel. PERA also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of James M. Wagstaffe ("Wagstaffe Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATES OF THE ISSUES TO BE DECIDED

1. Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint PERA as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve of PERA's selection of Labaton Sucharow as Lead Counsel for the Class, and Kerr & Wagstaffe LLP as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.   PRELIMINARY STATEMENT

Presently pending in this District are two federal securities class actions[1] brought on behalf of all investors (the "Class") who purchased or otherwise acquired PG&E Corporation ("PG&E" or the "Company") securities between April 29, 2015, and June 8, 2018, inclusive (the "Class Period"). The Action charges PG&E and certain of its officers and/or directors (collectively, "Defendants") with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a); § IV.A., *infra*.

As soon as practicable after its decision on consolidation, pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which member of the Class has the "largest financial interest" in the relief sought in this litigation, and also whether that movant

---

[1] The actions are *Weston v. PG&E Corp.*, No. 18-cv-03509 (N.D. Cal. June 12, 2018) (the "*Weston* Action") and *Moretti v. PG&E Corp.*, No. 18-cv-03545 (N.D. Cal. June 14, 2018) (the "*Moretti* Action") (together, the "Action").

has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

PERA respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As set forth in detail below, PERA incurred *$3,921,415* in losses as a result of its transactions in PG&E securities during the Class Period.[2] In light of this significant loss, PERA has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.

PERA also meets the typicality and adequacy requirements of Rule 23 as required by the PSLRA, because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Additionally, PERA is the type of sophisticated institutional investor that Congress intended to empower to lead securities class actions. PERA oversees more than $15 billion in total assets, and possesses the capability, resources and experience to oversee this complex litigation. PERA has successfully represented injured investors in securities class actions, and is willing and able to undertake the responsibilities involved in acting as lead plaintiff to guarantee the vigorous prosecution of the Action. Accordingly, PERA is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

PERA has also demonstrated its adequacy through its selection of Labaton Sucharow as Lead Counsel on behalf of the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale. Moreover, Kerr & Wagstaffe LLP, a San Francisco based firm, also has a distinguished record representing plaintiffs in securities class actions such as the instant case.

---

[2] A Copy of the PSLRA-required Certification is attached as Exhibit A to the accompanying Wagstaffe Decl., which sets forth all of PERA's transactions in PG&E securities during the Class Period. In addition, a chart reflecting the calculation of PERA's losses as a result of its Class Period transactions in PG&E shares is attached as Exhibit B to the Wagstaffe Decl.

1  Accordingly, PERA requests that the Court appoint it Lead Plaintiff and otherwise grant
2  its Motion.

3  **III.    FACTUAL BACKGROUND**

4  PG&E was incorporated in California in 1995 as a holding company whose primary
5  operating subsidiary is Pacific Gas and Electric, a public utility operating in northern and central
6  California.  The Company generates revenues mainly through the sale and delivery of electricity
7  and natural gas to customers.

8  The Action alleges that throughout the Class Period, Defendants made false and
9  misleading statements and/or failed to disclose that: (i) PG&E had failed to maintain electricity
10 transmission and distribution networks in compliance with safety requirements and regulations
11 promulgated under state law; (ii) consequently, PG&E was in violation of state law regulation;
12 (iii) PG&E's electricity networks would cause numerous wildfires in California; and (iv) as a
13 result of the foregoing, Defendants' statements about the Company's business and operations
14 were materially false and misleading at all relevant times.  For example, throughout the Class
15 Period, Defendants misleadingly assured investors of the Company's commitment to "[step] up
16 vegetation management activities to mitigate wildfire risk."

17 On October 8, 2017, numerous wildfires started in California, burning at least 245,000
18 acres and devastating properties in Northern California's wine country.

19 On October 11, 2017, various media outlets reported that Californian authorities and
20 officials were looking at whether PG&E's power lines had caused the fires.  Officials from the
21 California Department of Forestry and Fire Protection ("Cal Fire") were the lead investigators
22 tasked with determining what caused the fires.  Then, on October 13, 2017, PG&E filed a Form
23 8-K with the Securities and Exchange Commission ("SEC") announcing an investigation.  The 8-
24 K cited the "possible role of power lines and other facilities of [PG&E]" as the cause of the fires
25 as well as PG&E's "$800 million in liability insurance for potential losses that may result from
26 these fires."

27
28

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION    4
CASE NO. 3:18-CV-03509-RS

1  　　　　As a result of this news and disclosures, PG&E's stock price fell $15.72 per share or 22.7
2  percent, from a close of $69.15 per share on October 11, 2017, to a close at $53.43 per share on
3  October 16, 2017.
4  　　　　On December 20, 2017, PG&E announced the suspension of its cash dividend "citing
5  uncertainty related to causes and potential liabilities associated with the extraordinary October
6  2017 Northern California wildfires."  On this news, PG&E's stock price fell $6.62 per share or
7  nearly 13 percent, to close at $44.50 per share on December 21, 2017.
8  　　　　On May 25, 2018, Cal Fire issued a press release announcing the cause of four wildfires
9  in Butte and Nevada counties, stating that it "has determined the fire was caused by a tree
10 contacting PG&E power lines.  The investigation found evidence that Public Resources Code
11 section 4293, which requires adequate clearance between trees and power lines, was allegedly
12 violated."  On this news, PG&E's stock price fell $2.32 per share or 5.19 percent, from a close of
13 $44.66 per share on May 25, 2018, to a close of $42.34 per share on May 29, 2018.
14 　　　　On June 8, 2018, after the market close, Cal Fire issued another press release announcing
15 that PG&E had been the cause of twelve wildfires in Mendocino, Humboldt, Butte, Sonoma,
16 Lake, and Napa Counties.  Cal Fire determined that the fire started in two locations: one location
17 where a large tree limb broke and came into contact with a PG&E power line; and a second
18 location where investigators determined a tree fell onto the same line.
19 　　　　On June 9, 2018, *Bloomberg* published an article entitled "PG&E May Face Criminal
20 Charges After Probe of Deadly Wildfires."  The article reported that following an investigation
21 into the causes of California wildfires in October 2017, Cal Fire "found evidence of alleged
22 violations of law by PG&E in connection with" the fires.
23 　　　　Finally, on June 11, 2018, before the market opened, the Company announced that it
24 expects to record a "significant liability" for losses stemming from the fatal fires in California
25 during October 2017.  The investigation and ultimate regulatory impact could have substantial
26 financial ramifications for PG&E if regulators and the courts determine the Company must bear
27 financial responsibility.  PG&E is facing dozens of lawsuits over the Northern California fires
28 that altogether killed 44 people and caused an estimated $10 billion in damages.

1  In reaction to this news, PG&E's stock price fell $1.69 per share or approximately 4
2  percent, from a close of $41.45 per share on June 8, 2018, to a close of $39.76 per share on June
3  11, 2018.
4  As a result of Defendants' false statements, and the precipitous decline in the market
5  value of the Company's shares, PERA and other Class members have suffered significant losses
6  and damages.

## IV. ARGUMENT

### A. The Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure states that "'[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.'" *Hughes v. Experian Info. Sols., Inc.*, No. 16-cv-05681-JST, 2017 WL 975969, at *1 (N.D. Cal. Mar. 13, 2017).  The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(B)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Consolidation of the above-captioned actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  Each of the actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act arising from the public dissemination of false and misleading information to investors.  Accordingly, the actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### B. PERA Should Be Appointed Lead Plaintiff

PERA respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1. The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [] will not fairly and adequately protect the interests of the

1  class'" or "is subject to unique defenses that render such plaintiff incapable of adequately
2  representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re: Volkswagen "Clean*
3  *Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2016 WL
4  5930844, at *2 (N.D. Cal. Oct. 11, 2016).

### C. PERA Is The "Most Adequate Plaintiff"

#### 1. PERA Satisfied The PSLRA's Procedural Requirements

PERA filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 12, 2018, counsel for the Plaintiff in the first-filed *Weston* Action caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely circulated, national, business-oriented news reporting service. *See* Notice, Wagstaffe Decl. Ex. C. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before August 13, 2018. PERA filed its motion within the required period.

#### 2. PERA Has The Largest Financial Interest In The Outcome Of The Action

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Richardson v. TVIA, Inc.*, No. C 06 06304-RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff appointment process).

During the Class Period, PERA suffered substantial losses of **$3,921,415** as a result of its transactions in PG&E securities. *See* Loss Analysis, Wagstaffe Decl. Ex. B. PERA is presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements, PERA is entitled to the legal presumption that it is the most adequate plaintiff.

### 3. As A Single Institutional Investor, PERA Is Precisely The Type of Lead Plaintiff Congress Envisioned When It passed The PSLRA

In addition to satisfying the requirements of Rule 23, PERA—a large, sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See Perlmutter v. Intuitive Surgical, Inc.*, No. 10-cv-03451-LHK, 2011 WL 566814, at *13 (N.D. Cal. Feb. 15, 2011) ("appoint[ing] an institutional investor, . . . comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs"); *see also Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (noting that "institutional investors [are] exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms") (citations omitted).

Furthermore, courts in this District have regularly favored a single large institutional investor like PERA as lead plaintiff. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1025 (N.D. Cal. 1999) (analyzing legislative history and noting "It seems clear that Congress intended a single, strong lead plaintiff to control counsel and the litigation"); *see also In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) (single institutional investor with losses of $2.3 million appointed over competing movants with aggregate losses of $14 million).

1   Here, PERA is precisely the type of lead plaintiff envisioned by Congress.  PERA was
2   established in 1947 and manages a retirement system for state, county, and municipal employees
3   including police, firefighters, judges, magistrates, legislators and volunteer firefighters.  PERA
4   oversees assets of more than $15 billion on behalf of its members, retirees, and beneficiaries.
5   PERA understands the fiduciary duties attendant upon a lead plaintiff and is willing to "provid[e]
6   testimony at deposition and trial, if necessary."  *See* Certification, Wagstaffe Decl., Ex. A.  In
7   addition, PERA's prior experience serving as lead plaintiff in other securities class actions under
8   the PSLRA will benefit the Class.  For example, PERA served as co-lead plaintiff in *Eastwood*
9   *Enterprises, LLC v. WellCare Health Plans, Inc.*, No. 07-cv-01940 (M.D. Fla.) (securing $27
10  million settlement with Labaton Sucharow as co-lead counsel).  PERA is also currently serving
11  as a lead plaintiff in this District in *In re WageWorks, Inc. Securities Litigation*, No. 18-cv-01523
12  (N.D. Cal.).
13  PERA has the sophistication and resources necessary to effectively litigate this matter
14  and supervise Class counsel.  Accordingly, PERA is the paradigmatic lead plaintiff as
15  contemplated by the PSLRA.

16              **4.      PERA Otherwise Satisfies Rule 23's Typicality And Adequacy Requirements**
17

18  In addition to the largest financial interest requirement, the PSLRA also directs that the
19  lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ."  15 U.S.C. § 78u-
20  (4)(a)(3)(B)(iii)(I)(cc).  With respect to class certification, Rule 23(a) requires that: (1) the class
21  is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact
22  common to the class; (3) such claims are typical of those of the class; and (4) the representative
23  will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  However,
24  at the lead-plaintiff-selection stage, all that is required is a preliminary showing that the lead
25  plaintiff's claims are typical and adequate.  *See, e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448-
26  EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary
27  showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).
28

1           **(a)     PERA's Claims Are Typical of Those of the Class**

2           The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "has

3   suffered the same injuries as other class members as a result of the same conduct by defendants

4   and has claims based on the same legal issues." *Westley*, 2011 WL 4079178, at *2 (citation

5   omitted).  Here, the claims that PERA asserts are typical of the claims of the other members of

6   the putative Class because, like all other Class members, PERA: (1) purchased PG&E securities

7   during the Class Period; (2) was adversely affected by Defendants' allegedly false and

8   misleading statements; and (3) suffered damages as a result thereof.  *See Russo v. Finisar Corp.*,

9   No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways

10  in which a lead plaintiff movant can meet the typicality requirement).  Since the claims that

11  PERA asserts are based on the same legal theories and arise "from the same event or practice or

12  course of conduct that gives rise to the claims of other class members," typicality is satisfied.

13  *See* Newberg, *et al.*, Newberg On Class Actions, §3:13 (4th ed. 2002).

14          **(b)     PERA Will Fairly and Adequately Protect the Interests of the Class**

15

16          With respect to adequacy, a movant is an adequate class representative when it possesses

17  common interests and an absence of conflict with fellow class members, and the movant's

18  attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Westley*,

19  2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must

20  evaluate whether "(1) the lead plaintiff's claims conflict with those of the class; and (2) class

21  counsel is qualified, experienced, and generally able to conduct the litigation") (citation omitted).

22          PERA will fairly and adequately represent the interests of the proposed Class.  No

23  antagonism exists between PERA's interests and those of the absent Class members; rather, the

24  interests of PERA and Class members are squarely aligned.  In addition, PERA retained counsel

25  highly experienced in prosecuting securities class actions vigorously and efficiently, and timely

26  submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§

27  78u-4(a)(3)(A)(i)(II) and (B)(v).  PERA suffered substantial losses due to Defendants' alleged

28

1  fraud and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous
2  prosecution of the Action. Accordingly, PERA satisfies the adequacy requirement.

3            **D.     The Court Should Approve PERA's Choice Of Counsel**

4       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the
5  class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). As such, this Court
6  should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests
7  of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S.*, 586 F.3d 703,
8  712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district
9  court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201,
10 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733. Courts should not disturb the lead plaintiff's
11 choice of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Conf.
12 Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*,
13 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client
14 prerogative and we will not lightly infer that Congress meant to take away this prerogative from
15 securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject
16 to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the
17 hands of the lead plaintiff.").

18      Here, PERA has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead
19 Counsel for the proposed Class. Labaton Sucharow has significant experience in prosecuting
20 securities class actions and has excelled as lead counsel in numerous landmark securities class
21 actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served
22 as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-
23 8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured
24 investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities,*
25 *Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead
26 counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial*
27 *Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624
28 million—one of the largest securities fraud settlements arising from the financial crisis of 2007

1 and 2008.  Labaton Sucharow presently serves as co-lead counsel in *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 10-cv-03461 (S.D.N.Y.), among other significant investor class actions.  *See* Wagstaffe Decl., Ex. D.

Likewise, Kerr & Wagstaffe LLP is well qualified to represent the Class as Liaison Counsel.  Kerr & Wagstaffe LLP maintains an office in San Francisco, California, and James M. Wagstaffe has substantial litigation experience in this court.  *See* Wagstaffe Decl., Ex. E.  Thus, the firm is well qualified to represent the Class as Liaison Counsel.  *See* Manual For Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court may be assured that by granting this motion and approving PERA's selection of Labaton Sucharow as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, PERA respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint PERA as Lead Plaintiff; and (3) approve its selection of Labaton Sucharow as Lead Counsel and Kerr & Wagstaffe LLP as Liaison Counsel for the Class.

DATED:  August 13, 2018                              Respectfully submitted,

                                      */s/ James M. Wagstaffe*
**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
FRANK BUSCH (#258288)
101 Mission Street, 18th Floor
San Francisco, California 94105
Telephone: (415) 371-8500
Facsimile: (415) 371-0500
Email: wagstaffe@kerrwagstaffe.com
          veroff@kerrwagstaffe.com

*Proposed Liaison Counsel for the Class*

| | |
|---|---|
| 1 | **LABATON SUCHAROW LLP** |
|   | THOMAS A. DUBBS |
| 2 | LOUIS GOTTLIEB |
|   | FRANCIS P. MCCONVILLE |
| 3 | WENDY TSANG |
|   | 140 Broadway |
| 4 | New York, New York 10005 |
|   | Telephone:  (212) 907-0700 |
| 5 | Facsimile: (212) 818-0477 |
|   | Email: tdubbs@labaton.com |
| 6 |         lgottlieb@labaton.com |
|   |         fmcconville@labaton.com |
| 7 |         wtsang@labaton.com |
| 8 | *Counsel for the Public Employees Retirement Association of New Mexico and Proposed Lead Counsel for the Class* |