MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin (SBN 70769)
Jennifer Feldsher (*pro hac vice*)
Shannon B. Wolf (*pro hac vice*)
300 South Grand Ave.
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
richard.esterkin@morganlewis.com

*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| **In re**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**OPPOSITION TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE) [ECF No. 11014]**<br><br>**Hearing Date:** September 14, 2021<br>Time: 10:00 a.m. (PT)<br><br>Before: Video Conference<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

The State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund ("**Oregon**"), prepetition holders of the Reorganized Debtors' publicly traded debt securities, through the undersigned counsel, submits this opposition relating to the Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [ECF No. 11014] (the "**Claims Objection**") and respectfully represents as follows.

## BACKGROUND

1. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company ("**Utility**", and together with HoldCo, the "**Reorganized Debtors**") commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

2. On February 27, 2020, the Court entered an order extending the claims Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Reorganized Debtors' publicly held debt and equity securities during the period of April 29, 2015 to November 15, 2018 (the "**Securities Claim Period**") and assert claims against the Reorganized Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**").

3. Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims (the "**Rescission or Damage Proof of Claim Form**").

4. On April 16, 2020, Oregon timely filed four Recission or Damages Proof of Claim Forms on account of certain of its represented funds' prepetition holdings of the Reorganized Debtors' debt securities – Claim Nos. 101073, 100806, 100930 and 100931 (the "**Oregon Debt Securities Claims**"). Each of the Oregon Debt Securities Claims makes clear that Oregon asserts "claims against Debtors for recission or damages under *the securities laws* and Section 510(b) of

the Bankruptcy Code" and reserves all of Oregon's rights and defenses as to any claims that may be asserted against the Debtors (and nothing herein waives any of those rights and defenses).

5. On August 3, 2021, the Reorganized Debtors filed the Claims Objection seeking to expunge claims, including Oregon's Claim Nos. 100806 and 100931 (the "**Oregon Claims**"), on the basis that they assert claims barred by the statute of repose for securities claims arising under Section 11 ("**Section 11**") of the Securities Act of 1933 (the **"1933 Act"**). Claims Objection at 5. Footnote 3 of the Claims Objection self-servingly and erroneously asserts that "there is no basis raised by any Securities Claimants in their proofs of claim or otherwise to conclude that any of the Claims arise under anything other than Section 11." On that basis alone, the Reorganized Debtors seek to expunge the Oregon Claims in their entirety.

## ARGUMENT

6. A claim that is asserted in a bankruptcy case through the filing of a proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A mere claim objection, without evidence, cannot defeat a claim if the claim is presumed to be valid under Rule 3001(f). *See In re Cook Inlet Energy LLC*, 583 B.R. 494, 501 (B.A.P. 9th Cir. 2018); *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *see also In re Brown*, 82 F.3d 801, 805 (8th Cir. 1996) ("[a] proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim."). To overcome this presumption, the objecting party must present evidence with probative value equal to that of the proof of claim to rebut the claim. *Id.*

7. The Claims Objection fails to rebut the Oregon Claims and should be denied. The Reorganized Debtors' Claims Objection ask the Court to expunge over 200 Rescission or Damages Proofs of Claim on the mere (and baseless) assumption that securities claimants, such as Oregon, have claims solely under Section 11. The Reorganized Debtors' assumption is incorrect. The only evidence the Reorganized Debtors proffer for their conclusory assumption are the arguments made by another creditor (not Oregon), in a different context, regarding that creditor's own claims. Claims Objection at 7 (discussing arguments made in the *Securities Lead Plaintiff's Opposition,*

*Request for Clarification, and Reservation of Rights to Reorganized Debtors' First Securities Claims Omnibus Objection* [ECF No. 10524]). Those arguments, however, have no probative value with respect to the Oregon Claims.

8. A cursory review of the Third Amended Complaint[1] reveals the weakness in the Reorganized Debtors' effort to narrow all claims on behalf of PG&E debt securities claimants to those arising solely under Section 11. On May 28, 2019, PERA filed the Third Amended Complaint, which includes claims arising under the Securities Exchange Act of 1934 (the "**1934 Act**") "on behalf of a class of all persons and entities who, during the period from April 29, 2015 through November 15, 2018. . . purchased or otherwise acquired publicly traded PG&E securities and were damaged thereby." *See* Third Amended Complaint ¶31. PERA's Lead Plaintiff Certification identified both its PG&E common stock and debt securities purchases in support of its status as lead plaintiff on behalf of purchasers of PG&E securities (debt and equity) asserting 1934 Act claims. *Id.* at Attachment A (Certification of Public Employees Retirement Association of New Mexico). Nowhere, in PERA's certification did PERA agree that any of its securities claims arise only under Section 11 or that no other theory of liability supports the Oregon Claims. Thus, the Third Amended Complaint makes clear that it includes 1934 Act claims and not only Section 11 claims.

9. Moreover, Oregon's claims are not limited by the scope of claims asserted in the putative class action filed by PERA. The language from the "Instructions for Rescission or Damage Claim Proof of Claim" is far broader than just Section 11 claims, including claims based on losses "as a result of alleged inadequate or *fraudulent* disclosure or non-disclosure." *See* Oregon Claims (emphasis added); *see also Order (I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 Class Proof of Claim and (II) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [ECF No. 5943], Exhibit B (the Court approved Rescission or Damage Claim Bar Date Notice) ("If you believe you have suffered losses as a result

---

[1] Terms not otherwise defined herein shall have the same meaning ascribed to them in the Claims Objection.

of allegedly false statements and omissions and other conduct by the Debtors you or your authorized agent or attorney MUST file a Rescission or Damage Claim Proof of Claim Form").

10. Section 11 of the 1933 Act provides strict liability for materially inadequate disclosure without regard to fraudulent intent, whereas claims under Section 10(b) of the 1934 Act require scienter (fraudulent intent). *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201 (1976). Nothing in the Oregon Claims (or any of the Oregon Debt Securities Claims) limits the claims to those arising solely under Section 11. Indeed, nothing in the Oregon Claims (or any of the Oregon Debt Securities Claims) specifies that the claims are based on Section 11 of the 1933 Act.

11. Additionally, Reorganized Debtors' Claim Objection does not (and cannot) dispute that investors such as Oregon have a cognizable claim under federal and state securities laws, and common law, if they purchased the Reorganized Debtors' prepetition debt securities at an inflated price based on Debtors' prepetition misrepresentations or omissions. Under the 1934 Act, securities claims under Section 10(b) and Rule 10b-5 promulgated thereunder for damages arising from misrepresentations or omissions made in connection with the purchase or sale of securities are subject to a five (5) year statute of repose. 15 U.S.C. § 78j; 28 U.S.C. § 1658(b). The Oregon Claims were filed within five years of the date that Oregon purchased the debt securities upon which those claims are based. Thus, the claims were timely and should not be expunged.

12. The Reorganized Debtors' sweeping attempt to expunge the Oregon Claims on an intentionally narrow and improper reading of the claims and the context in which they were asserted necessarily fails. Based upon the foregoing, the Claims Objection should be denied as to the Oregon Claims.[2]

## **CONCLUSION**

13. For all the foregoing reasons, Oregon respectfully requests that this Court enter an Order denying the Claims Objection.

---

[2] Oregon submitted additional proofs of claim with respect to other debt securities that are not included in the instant Claims Objection. The arguments made in this Opposition, however, apply equally in defense of the other Oregon Debt Securities Claims (Claim Nos. 100930 and 101073) in the event the Reorganized Debtors intend to use any determination on account of the Claims Objection as law of the case with respect to other claims.

Dated: August 31, 2021            **MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Richard W. Esterkin*
Richard W. Esterkin (SBN 70769)
*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund*

# CERTIFICATE OF SERVICE

I, Ismael Solano, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is at 300 S. Grand Ave., 22nd Floor, Los Angeles, CA 90071.

On **August 31, 2021**, I served document(s) described as:

**OPPOSITION TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE) [ECF No. 11014]** on the interested parties in this action as follows:

[ ]   BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth above.

[X]   BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for all parties and counsel who are registered ECF Users and those identified below:

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on August 31, 2021 in Los Angeles, CA .

                                            */s/Ismael Solano*
                                            Ismael Solano