KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Mark Hancock (#160662)
(mark.hancock@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415 848 8916
Fax: 888 808 6471

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)

Chapter 11
(Lead Case) (Jointly Administered)

**REPLY IN SUPPORT OF REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NO. 56868 (CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT)**

**[Related to Docket No. 10808]**

Date: September 14, 2021
Time: 10:00 a.m. (Pacific Time)
Place: (Tele/Videoconference Appearances Only)
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

## I. PRELIMINARY STATEMENT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply brief in support of the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (Legal No Liability Claims)* (the "**Omnibus Objection**")[1] to proof of claim number 56868 (the "**HCD Claim**"), filed by the California Department of Housing and Community Development (the "**HCD**"), and in response to the *California Department of Housing and Community Development's Response to PG&E's Objection to Proof of Claim No. 56868* filed on July 14, 2021 [Docket No. 10918] (the "**Response**").

The Reorganized Debtors, by the Omnibus Objection, stated the legal grounds upon which they object to the HCD Claim, and presented facts in support of the Omnibus Objection by way of supporting declaration. The Reorganized Debtors having supported the Omnibus Objection by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996).

The HCD Claim asserts that the HCD regulates the registration and record titling of manufactured homes ("**MH**") and commercial modulars ("**CM**") and requires the payment of annual registration and license fees and, if any, late penalties. The failure to pay the fees for 120 days results in a lien placed on the title. The HCD alleges that PG&E has failed to pay renewal fees, late fees, and penalties for one MH and ninety-one CMs from 1998 to 2018. The HCD claims that it perfected a statutory lien on the ninety-two units before the inception of the bankruptcy and is therefore a secured creditor.

The three-year statute of limitations in section 338 of the California Code of Civil Procedure ("**CCP**"), and the one-year statute of limitations in section 340(b), bar nearly all of the HCD's fee and

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Objection.

penalty claims, respectively, leaving no more than about $5,000 at issue (the limitation periods begin one year after the lien is created).

HCD argues that the Manufactured Housing Act ("**MHA**," Cal. Health & Safety Code ["**H&S Code**"], §§ 18000-18153) governs the lien at issue, and the MHA "cannot be read to include a statute of limitations. (Response, 2:12.) In support of this argument that the lien is not governed by any statute of limitations, HCD asserts that: (1) the MHA, which does not include a statute of limitations, is more specific to HCD's proof of claim than the CCP and the statutes of limitations it contains (Response, 3:15-16); and (2) the MHA was enacted more recently than the CCP (Response, 6:13).

HCD's argument that its lien is not subject to any limitations period is legally unfounded. California case law provides that "where the Legislature intends that another or no limitations period applies, it must "say so in clear and unmistakable language." *City of Marin Ass'n of Firefighters v. Marin City Employees' Ret. Ass'n* [hereafter, "City of Marin"], 30 Cal. App. 4th 1638, 1650-51 (1994). There is no "clear and unmistakable" language in the MHA stating that no statute of limitations applies to the lien claims. Absent such language, the three-year statute of limitations in CCP section 338 and the one-year statute of limitations in CCP section 340(b) bar nearly all of the HCD's fee and penalty claims, respectively. Also, with the collection claims being time barred, the lien itself is statutorily extinguished. Cal. Civil Code § 2911. MHA liens are not eternal.

## II. ARGUMENT

### A. The Fees and Penalties Claimed by HCD are Subject to the One- and Three-year Statutes of Limitations of CCP Sections 338 (three years) and 340(b) (one year), Respectively

The nonpayment of the annual registration fee, vehicle license fee, and/or associated penalties that are due on a CM or MH creates a lien[2] in favor of the State in the amount that is owed. H&S Code § 18116.1(a-b). Until the lien on a particular CM or MH is satisfied, the HCD shall not transfer the unit's ownership interest, create a security interest in the unit, or issue a new certificate of title, among other acts. H&S Code § 18116.1(c). The amount of the lien may be collected by appropriate

[2] CCP section 2872 defines a "lien" as "a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act."

civil action after one year has elapsed from the creation of the lien. H&S Code § 18116.2(a).[3]

A cause of action accrues after the occurrence of the "last element essential to the cause of action" or, put another way, when "the party owning it is entitled to bring and prosecute an action thereon." *Seelenfreund v. Terminix of Northern Cal., Inc*., 84 Cal. App. 3d 133, 136 (1978). Here, the HCD's cause of action to recover the amount of the lien accrues one year after the lien is created. H&S Code § 18116.2(a).

As HCD concedes, the MHA does not provide for a statute of limitations in which to bring a collection action. H&S Code §§ 18000-18153. Nor does the MHA state that no statute of limitations applies to MHA collection claims. Absent such language, the statutes of limitation in the Code of Civil Procedure apply. *See City of Marin*, 30 Cal. App. 4th at 1650-51 (discussed below).

A lien is typically extinguished after the same period of time in which an action can be brought to enforce the underlying obligation. *See* Cal. Civil Code § 2911 (discussed below). Here, HCD seeks both "fees" and "penalties." An action "upon a liability created by statute, other than a penalty or forfeiture" is three years. CCP § 338(a). The fees imposed by the HCD are liabilities created by statute and therefore HCD's right to seek a remedy in civil court for unpaid fees is subject to a three-year statute of limitations. Such an action must be brought no later than four years after the lien is created, *i.e.*, three years after the lien has been in existence for one year.

An action upon a "statute for a forfeiture or penalty to the people of this state" is subject to a one-year statute of limitations. CCP § 340(b). HCD must file a civil action for penalties within two years of the creation of the lien. Because HCD did not file any civil actions to recover any of the amounts owed it, its right to bring such an action is time-barred, except as to an amount totaling less than $5,000.

---

[3] H&S Code § 18116.2(a) states: "If the lien in favor of the State of California in the amount owing as provided by Section 18116.1 is against a commercial coach, and that lien has not been satisfied for a period of one year from the date the commercial coach became subject to the lien, the department may collect the amount of the lien on the commercial coach plus costs not to exceed four hundred fifty dollars ($450) by appropriate civil action or by seizure and sale of the commercial coach and its contents on which the lien has been placed or by seizure and sale of any other commercial coach owned by the owner of the commercial coach on which the lien has been placed."

### B. HCD's Argument that No Statute of Limitations Applies Fails Because the Legislative Intent that there be no Statute of Limitation is Not Stated in Clear and Unmistakable Language in the MHA, as Required by the California Supreme Court

HCD's principal argument is that because the MHA governs the creation of the subject lien and does not include a statute of limitations governing actions to collect the amount of the lien, the claim is not subject to any statute of limitations. (Response, 4:6-6:12.) This argument disregards well-established principles of California law which govern the determination of HCD's argument that a collection claim under the MHA is not subject to any statute of limitations. These principles, dating back to the 1924 California Supreme Court decision in *Bogart v. George K. Porter Co*., 193 Cal. 197 (1924), are summarized in *City of Marin*, 30 Cal. App. 4th at 1650-51[4]:

> Code of Civil Procedure section 312 provides: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute." The ensuing sections of the Code of Civil Procedure "specif[y] the limitations applicable to a wide variety of actions, and then to rebut the possible inference that actions not therein specifically described are to be regarded as exempt from limitations," Code of Civil Procedure section 343 "specifie[s] a four-year limitation upon 'an action for relief not hereinbefore provided for' [citation] . . . ." (*Bogart* v. *George K. Porter Co*. (1924) 193 Cal. 197, 201.) Thus, where the Legislature intends that another or no limitations period applies, it must say "so in clear and unmistakable language. [Citations.]"

(Emphasis added.)

The Court of Appeal then went on to provide examples of what a statute looks like when it contains clear and unmistakable language that a statute of limitations does not apply:

> Code Civ. Proc., § 348 ["there is no limitation" applicable to an action to recover money deposited with any bank]; Pen. Code, § 799 [certain prosecutions "may be commenced at any time"]; see *Amie v. Superior Court* (1979) 99 Cal. App. 3d 421, 424-427 [rejecting contention that no statute of limitations applied to county's right to recover reimbursement for public assistance payments].

*City of Marin*, 30 Cal. App. 4th at 1650-51.

Another Court of Appeal decision stressing that it would be "most unusual" for the Legislature

---

[4] *City of Marin* was an action by a county firefighters association for a declaration that that holiday pay constituted final compensation for purposes of computing pension benefits. The defendant county retirement board decided to include holiday pay only prospectively to avoid arrears contributions. The issue before the court was whether CCP § 338(a) established a three-year statute of limitations that limited arrears contribution liability to three years. The Court of Appeal found "that [CCP § 338(a)] govern[ed] Retirement Association's claim to arrears contributions and interest." *City of Marin*, 30 Cal. App. 4th at 1651.

to provide that a cause of action is not subject to any statute of limitations is *Union Paving Co. v. City Council of San Bruno*, 189 Cal. App. 2d 440 (1961), which states:

> Nothing in the code provisions indicates that the right to reassessment is free of all statutes of limitation. It would be most unusual to provide that the right to any procedural remedy is eternal, and wholly without time limitation. When the Legislature has intended that an action be exempt from limitation, it has said so in clear and unmistakable language (*Bogart* v. *George K. Porter Co*., 193 Cal. 197, 201). The statutes here involved contain no language which can be construed to mean that the right of reassessment runs forever.

*Id.* at 442 (emphasis added.)

*Bogart*, *City of Marin* and *Union Paving* are dispositive as to HCD's claim.

**C. HCD's Argument that No Statute of Limitations should be Deemed to Apply for the Reason that the MHA is "More Specific" to MHA Liens than the Code of Civil Procedure Lacks Merit**

HCD argues that the following portion of H&S Code § 18116.1(b) manifests legislative intent that the right to collect the amount of an MFH lien is eternal:

> [n]otwithstanding any other provision of law, the lien provided for in subdivision (a) shall include all fees and penalties due and unpaid beginning with the fees for original registration that became delinquent for 120 days or more and continue to accrue to include all fees and penalties that subsequently become due and remain unpaid.

(Response, 4:16-24.) HCD contends that "[t]his section specifically disregards the statute of limitations prescribed by California Code of Civil Procedure section 338 when it states 'notwithstanding any other provision of law.'" (Response, 4:25-26.) This overstates the language, intent and significance of section 18116.1(b), which plainly does *not* state that no statute of limitation applies to actions to collect amounts of MFH liens "in clear and unmistakable language," as required by the California Supreme Court. (See *Bogart*, *City of Marin* and *Union Paving*.) This language relied upon by HCD is not even located in the MHA section addressing collection actions—section 18116.2(a)—which is where one would reasonably expect the Legislature to include a provision relating to the statute of limitations.

HCD argues that section 18116.1(b) "does not contemplate that the amount owed under the lien would be reduced after a certain number of years" but "states that the lien and penalties, beginning with the *original* late fee and including *all* subsequent fees and penalties that become due." (Response, 4:27-5:2; emphasis in original.) HCD's argument seems to be that because H&S Code section

18116.1(b) does not specifically speak to how the amount owed under an MHA lien is reduced, that the Legislature did not intend for the lien to be reduced or extinguished by the running of the statute of limitations. This is incorrect. HCD overlooks the distinction long made under California law between a right (here, the existence of a lien) and a remedy (the ability to bring an action to collect the amount of the lien). *San Diego v. Higgins*, 115 Cal. 170 (1896). The expiration of the applicable statute of limitations leaves the lien without any provision for its enforcement and it becomes a "right without a remedy . . ." *Griffith Co. v. Kelly*, 52 Cal. App. 2d 739, 743 (1942).

As the HCD seems to be asserting here, plaintiff in *Griffith* also argued that:

> [T]he Improvement Act of 1911 is a special statute, complete in itself, and must be looked to for the procedure creating, extinguishing and foreclosing liens created under it for street improvements. This is generally true but cannot be applied literally to actions to foreclose liens created under it. <u>That act is silent as to the details of the procedure to be followed in such actions so reference must be had to other statutes to determine such procedure. Otherwise there would be no statutory provision governing the remedy of foreclosure by court action.</u>

*Griffith Co.*, 52 Cal. App. 2d at 744 (emphasis added) (citations omitted).

Also, the Legislature has stated definitively that a lien "is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure . . . [a]n action can be brought upon the principal obligation . . ." Cal. Civil Code § 2911. Under California Civil Code section 2911, a lien applying to fees and penalties for which HCD has not commenced a civil collection action within the statutory period is extinguished. H&S Code section 18116.1(b), CCP section 338 and California Civil Code section 2911 are not inconsistent with one another and should not be read to preclude application of a statute of limitations to the MHA.

The cases cited by HCD in support of its position are inapposite. *Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 310 (2000), (*Rumsey*) applied "basic principles of statutory construction" "to determine which [of two] statute[s] of limitations was intended to govern on facts such as those before" the Court. *Id*. at 309-10. *Rumsey* chose between the application of two competing statutes of limitation. *Rumsey* did *not* address the type of argument being made in in the present matter, which is that *no* statute of limitations should apply to a claim. *Rumsey* is inapposite.

HCD's reliance on *In re Marriage of Cutler*, 79 Cal. App. 4th 460 (2000), is also misplaced. *Cutler* interpreted a number of family law statutes to determine how long a family law judgment of

support could be enforced. In *Cutler*, the mother obtained final judgment of divorce. The judgment included an order that the father make child support payments until the children "are of legal age or otherwise emancipated" or until further order of the court. The mother did not attempt to collect support payments for more than 10 years. In response to this collection effort the father asserted that the mother had failed to renew the judgment after 10 years, as required by statute (former Civil Code sections 4708 and 4383). The Court of Appeal ruled in favor of the mother, holding that under "[t]he detailed history of the relevant statutes" the judgment "was still enforceable . . . at the discretion of the court." *Id*. at 473. Under applicable case law, the judgment was dormant but not extinguished. *Id*. This meant that the judgment was governed by Family Code section 4502, which became effective after the judgment had been in place for more than 10 years and provided at the time[5] "that a judgment for child support is fully enforceable until paid in full notwithstanding any other provision of law." *Id*. at 475.

The holding of *Cutler* turned on the application of family law decisions and statutes. However, it is consistent with *Bogart*, *City of Marin* and *Union Paving*, which require that a legislative intent that no limitations period apply to a particular cause of action be expressed "in clear and unmistakable language." Family Code section 4502 clearly stated that a judgment for child support was fully enforceable until paid. The "notwithstanding any other provision of law" language merely emphasized this point. In contrast, the MHA does *not* state that there is no limitation applicable to the time for bringing an action to collect the amount of a lien for fees or penalties owed to HCD, or words to that effect. HCD is improperly attempting to use the "notwithstanding any other provision of law" language of H&S Code section 18116.1 as a *substitute* for clear and unmistakable language that no statute of limitations applies.

HCD argues that applying a statute of limitation to MHA collection actions "would lead to an anomalous result certainly not contemplated by the Legislature" because H&S Code section 18116.1(c) states that "[u]ntil the amount of a lien provided for in subdivision (a) or (b) is paid to the department, the department shall not [amend title or issue a duplicate certificate of title]." (Response,

[5] Family Code section 4502 has since been modified.

5:12-20.) HCD is concerned that this section of the MHA will preclude it from amending titles after the statutes of limitation have run on its collection claims. This ignores the fact that if the statutes of limitation run without HCD having pursued collection, there will no longer be a lien – it will have been extinguished. (See Cal. Civil Code section 2911, discussed above.) In the absence of a lien, there is no statutory impediment to amending titles.

HCD also argues that applying a statute of limitation to MHA collection actions "would undermine and contradict Health and Safety Code section 18116.1(d)(3), which allows the Department to establish a 'long term payment program of up to five years'" for any amounts owed under the MHA. HCD argues that applying a three-year statute of limitations under CCP section 338 would be inconsistent with HCD's statutory authorization to establish a long-term payment program of up to five years. (Response, 5:26 – 6:7.) Again, HCD is making an argument that does not present a real statutory conflict. The concern expressed by HCD would be easily addressed by including in a payment-program agreement between HCD and the indebted party a statute-of-limitations tolling agreement (*see, e.g.*, *Don Johnson Productions, Inc. v. Rysher Entertainment, LLC*, 209 Cal. App. 4th 919, 929 (2012) ("Under California law, tolling generally refers to a suspension of a statute of limitations")) or an agreement to forego application of the statute of limitations for a specific period (*see, e.g.*, *Kemper v. Indus. Accident Comm'n*, 177 Cal. 618, 620 (1918) ("It is undoubtedly true that parties to a controversy may enter into an agreement to forego the statute of limitations for a definite period . . . .")).

**D. HCD's Other Arguments That No Statute of Limitations Apply Also Lack Merit**

Finally, HCD contends that the MHA was enacted more recently than CCP sections 338 and 340 and that "a more recent statute will govern and take precedence over an earlier provision," citing *Palmer v. Agee*, 87 Cal. App. 3d 377, 383 (1978). What *Palmer* actually states is that "*where two statutes are irreconcilable and such necessary implication exists*, a later specific statute will control over an earlier general statute covering the same situation." *Id.* (emphasis added). Here, the MHA and CCP sections 338 and 340 are not irreconcilable given that the MHA does *not* state that the collection of amounts of MHA liens is not subject to a statute of limitations. Rather, for reasons explained in this memorandum, the statutes are consistent with one another. Also, the California courts

have developed a standard for determining whether the Legislature intends for no period of limitation to apply—there must be clear and unmistakable language saying as much. (See *Bogart*, *City of Marin* and *Union Paving*.) The general rule of statutory construction cited in *Palmer* should not apply to the exclusion of the rule stated in *Bogart*, *City of Marin* and *Union Paving*.

**III. CONCLUSION**

For the foregoing reasons, and the reasons set forth in the Omnibus Objection and the declarations filed in support of the Omnibus Objection, the Reorganized Debtors respectfully request that the Court sustain the Omnibus Objection and reduce the HCD Claim to $5,000.

Dated: August 31, 2021

**KELLER BENVENUTTI KIM LLP**
**GOUGH & HANCOCK LLP**

/s/ *Mark Hancock*
Mark Hancock
*Attorneys for Debtors and Reorganized Debtors*