1   BROWN RUDNICK LLP
    David J. Molton (SBN 262075)
2   (DMolton@brownrudnick.com)
    Eric R. Goodman (admitted pro hac vice)
3   (EGoodman@brownrudnick.com)
    Seven Times Square
4   New York, New York 10036
    Telephone:     (212) 209-4800
5   Facsimile:     (212) 209-4801

6   BROWN RUDNICK LLP
    Joel S. Miliband (SBN 077438)
7   (JMiliband@brownrudnick.com)
    2211 Michelson Drive, Seventh Floor
8   Irvine, California 92612
    Telephone:     (949) 752-7100
9   Facsimile:     (949) 252-1514

10  *Attorneys for Fire Victim Trustee*

11                  **UNITED STATES BANKRUPTCY COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                      **SAN FRANCISCO DIVISION**

14

15  **In re:**                          | Bankruptcy Case
                                         | No. 19-30088 (DM)
16  **PG&E CORPORATION**                 |
                                         | Chapter 11
17          **-and-**                    | Lead Case, Jointly Administered
                                         |
18  **PACIFIC GAS AND ELECTRIC**         | **NOTICE OF FILING OF LETTER TO**
    **COMPANY,**                         | **FIRE VICTIMS ON BEHALF OF THE**
19                                       | **FIRE VICTIM TRUST**
            **Debtors.**
20
21  ☐  Affects PG&E Corporation
22  ☐  Affects Pacific Gas and Electric Company
    ■  Affects both Debtors
23
24  *All papers shall be filed in the Lead Case,*
    *No. 19-30088 (DM)*
25

26

27

28

TO FIRE VICTIMS AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that The Honorable John K. Trotter (Ret.) in his capacity as the Fire Victim Trustee, has filed a letter to Fire Victims (the "**Trustee Letter**"), which is attached hereto as Exhibit A. The Trustee Letter also will be posted on the Fire Victim Trust Website at www.firevictimtrust.com.

DATED:  September 1, 2021                    BROWN RUDNICK LLP

                              By:   /s/ Joel S. Miliband
                                    Joel S. Miliband (SBN 077438)
                                    (JMiliband@brownrudnick.com)
                                    2211 Michelson Drive
                                    Seventh Floor
                                    Irvine, California 92612
                                    Telephone:     (949) 752-7100
                                    Facsimile:     (949) 252-1514

                                    and

                                    BROWN RUDNICK LLP
                                    David J. Molton (SBN 262075)
                                    (DMolton@brownrudnick.com)
                                    Seven Times Square
                                    New York, New York 10036
                                    Telephone:     (212) 209-4800
                                    Facsimile:     (212) 209-4801

                                    *Counsel for Fire Victim Trustee*

Case: 19-30088   Doc# 11176   Filed: 09/01/21   Entered: 09/01/21 11:53:38   Page 2 of 6

EXHIBIT "A"



September 1, 2021

Dear Fire Victims:

I take this opportunity to provide you with a further update on the status of the Fire Victim Trust since my last correspondence in April. It has been just over a year since the Bankruptcy Court created the Trust to be the vehicle to oversee and administer one of the largest and unique mass settlements in California history. Seventy-thousand people injured by 24 different fires were grouped together in the Fire Victim Trust and required to look to the Trust instead of PG&E for compensation.

Typically, mass settlements are consummated only after months and even years of discovery and investigation into the nature and extent of the claimants' injuries. Then, based on that knowledge, a lump sum settlement value is agreed upon and payments to the claimants follow.

Just the opposite happened here. Because of PG&E's bankruptcy, no investigation or discovery was conducted into your individual injuries and damages; however, a lump sum value was agreed upon. The Trust was then given the responsibility of paying you for damages that you had suffered.

Since the Trust had no information about the claims it had the responsibility to adjudicate, it had to build a comprehensive technical infrastructure which allowed it to receive, review and begin to value over 250,000 claims. We have hired and trained over 400 claims processors, evaluators and technical personnel. Since we operate outside the court system, we were also obliged to create systems and protocols for lawyers and unrepresented victims to follow. We have done that as well as creating a Victim's right to appeal a claims value determination if dissatisfied with their award. All of the rules and procedures are posted on our website.

All of that took time. Some lawyers, eager to have their clients vote to approve PG&E's emergence from bankruptcy, set unrealistic timelines for payments to be made after the Trust's creation. The Wall Street Journal recently reported "a personal injury lawyer who played a key role in negotiating the settlement told victims he expected the Trust to begin distributing cash almost immediately after it was funded." That, coupled with uninformed news reports about the Trust's cost structure, have undoubtedly caused angst and uncertainty. Our overhead and cost structure continues to be below the budget approved by our Trust Oversight Committee and submitted to the Bankruptcy Court. We anticipate our costs will remain either at or below budget for the rest of the year.

With regard to payments, the reality is that we were first able to make payments based on a Claimant's injury in March of this year. In November of 2020, we had, for humanitarian purposes, begun payments to the most needy. Those payments (Preliminary Payments) are an advance on Claimants' ultimate *pro rata* payments. Once a Victim's claims are fully evaluated, a Determination Notice reflecting the total value is sent. The Claimant has 30 days to review the allocation and determine whether to accept it or appeal If accepted, a *pro rata* 30% payment of the full value is made.

Case: 19-30088    Doc# 11176    Filed: 09/01/21    Entered: 09/01/21 11:53:38    Page 4 of 6


In my last letter to you in April, I reported that the Trust had paid $45 million in *pro rata* payments and $95 million in Preliminary Payments. To date, we have sent Determination Notices totaling $2.4 billion. Of the 30% available for payment ($720 million), $414 million has been paid, leaving a little over $300 million under consideration by Claimants. In addition, we have also paid $326 million in Preliminary Payments for a total of over $1 billion paid or allocated to be paid as of August 31, 2021. Each month, we issue an ever-increasing number of Determination Notices, allowing us to continue to increase the rate at which payments are made.

However, our ability to pay is dependent on how much money we have. This settlement is unique in that its value was not a true lump sum but rather a combination of cash and PG&E stock. It was reported to be $13.5 billion, $6.75 billion in cash and $6.75 billion in stock value. However, that never materialized. The Trust has received over $6 billion in cash, and PG&E is due to pay roughly $600 million in January 2022 to fulfill the cash component of the settlement. On the day the Trust was established and became owners of approximately 477 million shares of PG&E stock, it was trading at $9 per share, for a value of $4.2 billion, approximately $2.5 billion less than promised. Over the last year, that value has fluctuated and today is close to its value on July 1, 2020. We have not sold any stock since there were tax consequences on any gain. The Trust, through the good work of its lawyers and the cooperation of PG&E, has remedied that problem and now the stock can be sold tax-free.

We are in a brutal and unrelenting fire season which has only just begun. At least two of the recent fires have been linked to PG&E. We can sympathize and understand the devastation and horror of those affected but also note the difference between their recovery and yours. Because the Legislature acted so boldly and appropriately to enact AB 1054, the victims of the current fires are assured of recouping the full value of their legally allowable losses from PG&E, while the Fire Victim Trust members are looking at potential recoveries of less than 100% of their promised settlement because of PG&E's stock value.

AB 1054 was enacted to be a backstop to the electric utilities' financial ability to respond to the claims of fire victims impacted by their conduct. It is a forward-looking piece of legislation very much needed and appreciated but it omits the Trust's Fire Victims. All legal considerations aside, it seems unfair that some victims of PG&E-caused fires will be fully compensated while others will not.

The Camp Fire began on November 8, 2018. AB 1054 was enacted in July 2019. Thus, it appears reasonable to assume that the members of the Fire Victims Trust were the very ones whose plight was so dire that the Legislature took action to protect all Californians from such future harm. However, they left out those already harmed. I have asked representatives of the legislative and executive branches to join with me in a working group to address what, if anything, can be done to ameliorate the unintended but real disparate treatment of the victims of PG&E's fires.

Case: 19-30088    Doc# 11176    Filed: 09/01/21    Entered: 09/01/21 11:53:38    Page 5 of 6


While we have made significant progress in building the infrastructure needed to adjudicate your claims, because of their sheer volume we have not yet reached all of you. I and all my staff recognize that every day a Fire Victim remains unpaid is a day too long. We are doing everything within our power and our budget to facilitate fair and equitable payments following the rules imposed on us by the Bankruptcy Court and California law.

Very truly yours,

Justice John K. Trotter (Ret.), Trustee

3