| | |
|---|---|
| 1 | ROBERT BONTA |
| | Attorney General of California |
| 2 | DANETTE VALDEZ, SBN 141780 |
| | ANNADEL ALMENDRAS, SBN 192064 |
| 3 | JAMEE JORDAN PATTERSON, SBN 100967 |
| | Supervising Deputy Attorneys General |
| 4 | ERICA LEE, SBN 288151 |
| | Deputy Attorney General |
| 5 | 455 Golden Gate Avenue, Suite 11000 |
| | San Francisco, CA 94102-7004 |
| 6 | Telephone: (415) 510-3367 |
| | Fax: (415) 703-5480 |
| 7 | Danette.Valdez@doj.ca.gov |
| | Annadel.Almendras@doj.ca.gov |
| 8 | Jamee.Patterson@doj.ca.gov |
| | Erica.Lee@doj.ca.gov |
| 9 | |
| 10 | PAUL J. PASCUZZI, SBN 148810 |
| | FELDERSTEIN FITZGERALD |
| 11 | WILLOUGHBY PASCUZZI & RIOS LLP |
| | 500 Capitol Mall, Suite 2250 |
| 12 | Sacramento, CA 95814 |
| | Telephone: (916) 329-7400 |
| 13 | Fax: (916) 329-7435 |
| | ppascuzzi@ffwplaw.com |
| 14 | Attorneys for California Department Housing and Community Development |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION | Chapter 11 |
| - and – | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | |
| ☐ Affects PG&E Corporation | Date: September 14, 2021 |
| ☐ Affects Pacific Gas and Electric Company | Time: 10:00 a.m. |
| ☑ Affects both Debtors | Ctrm: 17 |
| | Judge: Dennis Montali |

CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT'S SUR-REPLY REGARDING REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NO. 56868 (CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT)

The California Department of Housing and Community Development (Department), a creditor in the above-referenced bankruptcy case (proof of claim no. 56868), hereby submits this sur-reply brief in support of its response to the Ninety-third Omnibus Objection to Claims (No Legal Liability Claims) (Dkt. 10808) filed by PG&E Corporation and Pacific Gas and Electric Company (collectively, PG&E).

## ARGUMENT

### I. THE LANGUAGE IN THE MANUFACTURED HOUSING ACT IS "CLEAR AND UNMISTAKABLE"

PG&E argues that the language in the Manufactured Housing Act (MHA) is not "clear and unmistakable" in stating that no statute of limitations applies to the lien claims. (Reply, 4:1-5:8, 7:20-22.) But Health & Safety Code section 18116.1(b) (Section 18116.1(b)) does contain clear and unmistakable language. Section 18116.1(b) states: "Notwithstanding any other provision of law" the lien "shall include all fees and penalties due" "beginning with the fees for original registration" and "continue to accrue" to include all subsequent fees. The "notwithstanding" phrase emphasizes the language describing the time frame from which the lien amount is calculated. It is a very broad phrase. And it is comprehensive enough to include Code of Civil Procedure (CCP) sections 338 and 340(a) and prevent them from limiting the time frame during which the lien amount is calculated.

PG&E admits that courts have found language such as "there is no limitation" and "may be commenced at any time" to be sufficiently clear and unmistakable in communicating that no statute of limitations exists. (Reply 4:19-21.) Taken in the context of determining the time frame used to calculate the amount of a lien, "notwithstanding any other provision of law" is equally clear and equally all-encompassing. The phrase clearly indicates that any other provision of law that would limit or prohibit the amount of the lien to include the original registration fee (and all subsequent fees accruing) must be disregarded. The Legislature could have written Section 18116.1(b) without the "notwithstanding" phrase and given it the meaning that PG&E advocates for. But it did not. And applying CCP sections 338(a) and 340(b) to Section 18116.1(b) would render the "comprehensive phrase 'notwithstanding any other provision of law'" as mere

surplusage, a result courts generally avoid. (*In re Marriage of Cutler,* (2000) 79 Cal.App.4th 460, 475, as modified (Apr. 14, 2000) ("*Cutler*").)

The rule that the Legislature must state its intention that there be no statute of limitations clearly and unmistakably, as held in *Bogart v. George K. Porter Co.,* (1924) 193 Cal. 197, 201, *Union Paving Co. v. City Council of the City of San Bruno,* (1961) 189 Cal.App.2d 440, 442 and *County of Marin Assn. of Firefighters v. Marin County*, 30 Cal.App.4th 1638, 1651, does not support PG&E's contention that the phrases "notwithstanding any other provision of law" and "continue to accrue" are not clear and unmistakable. In *Union Paving* and *County of Marin*, the statutes at issue did not have unclear or mistakable language; the language was simply absent or did not encompass statute of limitations provisions. (*County of Marin*, 30 Cal.App.4th at p. 1651 ["The provisions of CERL that Retirement Association cites contain *no language* that establishes a state of limitations for collection of arrears contributions or exempts Retirement Association's claims for arrears contributions and interest from the Code of Civil Procedures limitations periods." (Emphasis added)]; *Union Paving*, 189 Cal.App.2d at p. 442 ["The statutes here involved contain *no language* which can be construed to mean that the right of reassessment runs forever. On the contrary, it is clear that the right to reassessment is subject to the statute of limitations[.]" (Emphasis added)].) In contrast, the MHA contains language exempting the liens from the Code of Civil Procedures limitations periods: "notwithstanding any other provision of law."

PG&E attempts to distinguish *Cutler*, but it applies to this case. PG&E argues that, in *Cutler*, the "notwithstanding any other provision of law" clearly meant to avoid a statute of limitations because it emphasized language preceding it which stated that "a judgment for child support is fully enforceable until paid in full." (Reply, 7:10-17.) But that is no different than here. In section 18116.1(b) the same phrase emphasizes the language which follows it and which states that the lien "shall include" the delinquent "original registration" fee. In other words, the lien shall include the delinquent original registration fee notwithstanding any generally applicable statute of limitations. This is as clear and unmistakable as the language in *Cutler*.

PG&E also attempts to distinguish *Collection Bureau of San Jose v. Rumsey,* (2004) 24

Cal.4th 301, 310 (*Rumsey*). (Reply 6:21-26.). But nothing in *Rumsey*'s holding states that the "basic principles of statutory construction" would not apply to statutes with language exempting it from the general statute of limitations.

PG&E cites *Griffith Co. v. Kelly,* (1942) 52 Cal.App.2d 739, 742 for the proposition that there is a distinction under California Law between a right and a remedy. (Reply 6:3-12.) In *Griffith*, the statute at issue included the phrase "at any time . . . the contractor or his assignee may sue…", and the Court of Appeal held that the phrase "at any time" meant that there was a right to sue but not a perpetual remedy. (52 Cal.App.2d at pp. 742-743.) The statutory language here is different. Here, the lien must include all fees from the very beginning of when the fees accrued, and those fees may be older than 3 years; therefore, the CCP's general statute of limitations, and any other provision of law that would limit the time frame of the fees, does not apply. If the lien extinguishes after three years, it could easily not include the delinquent original registration fee. Thus, here, the Legislature must be allowing a remedy to exist on the liens without a time limitation.

PG&E contends that the Department misapplies *Palmer v. Agee,* (1978) 87 Cal.App.3d 377 because, as PG&E argues, the MHA is not irreconcilable with the CCP since the MHA does not state that no statute of limitations applies to lien enforcement. (Reply 8:22-27.) But as PG&E argues, the MHA needs only to have clear and unmistakable language that no statute of limitations applies to lien enforcement, and as explained above, section 18116.1 contains the necessary language.

II. **OTHER SECTIONS IN THE MHA INDICATE THAT THE LEGISLATURE DID NOT INTEND FOR A STATUTE OF LIMITATIONS TO APPLY**

PG&E argues that, after the CCP's general statutes of limitations have run, the liens will have been extinguished pursuant to CCP section 2911, and therefore the Department may amend title to the commercial modulars despite Health and Safety Code section 18116.1(c)'s language stating that "[u]ntil the amount of a lien provided for in subdivision (a) or (b) *is paid* to the department, the department shall not [amend title or issue a duplicate certificate of title]." But the language of section 18116(c) shows the Legislature's intent that the lien exist until "paid." The

Legislature could have drafted the section to state "until paid or extinguished." But it did not.

Similarly, while a tolling agreement could stay any applicable statute of limitations, the long term five-year payment plan in Health and Safety Code section 18116.1(d)(3) indicates the Legislature's intent that the liens would not be extinguished in three years. By providing for a five-year payment plan, the Legislature could not have intended for a three-year statute of limitations period to apply. As indicated by the text of the MHA, the Legislature intended these particular types of liens to exist until paid. And, "[t]he most important consideration in construction of statutes is giving effect to the legislative intent behind them. Therefore, a construction that will promote legislative intent, purpose and policy will override a construction that would defeat it." (*Palmer*, 87 Cal.App.3d at p. 384.)

Finally, PG&E argues that since the language the Department relies upon is not in section 18116.2(a), the section addressing collection actions, the Legislature did not intend for the language to relate to a statute of limitations. (Reply, 5:21-24.) But the language is appropriately in section 18116.1 since section 18116.1 relates to how far back in time the lien can relate and under exactly what circumstances the Department may release the lien, which indicate the Legislature's intention that no statute of limitations applies to these particular liens. (Health & Saf. Code, §§ 18116.1(b), (c) & (d).) Similarly, in the California Vehicle Code, the legislature lists the statute of limitations for unpaid registration fees on vehicles in section 9800, the section which relates to which payments constitute a lien, not in section 9801, which addresses collection actions[1]. And while the Legislature could have prescribed a three-year statute of limitations in the MHA as it did for vehicles in the Vehicle Code, it declined to do so.

**III.    THE DEPARTMENT COULD NEVER COLLECT ON REGISTRATION FEES IF CCP SECTIONS 338 AND 340 APPLY**

PG&E states that the Department cannot recover more than $5,000 because it did not file any civil actions for the amounts owed. (Reply 3:20-22.) The Department, like most public agencies, does not have the resources or funding to foreclose on every delinquent owner's

---

[1] In 1980, the Department of Housing and Community Development took over the registration and titling of mobile homes from the Department of Motor Vehicles (DMV).

commercial modular, much less initiate a lawsuit every time it is owed a couple thousand dollars or less. By the fourth year after registration, the amounts owed on PG&E's commercial modular were less than two thousand dollars. (Proof of Claim No. 56868.) PG&E owes on 92 registration fees, and PG&E is among thousands of owners who are required to pay registration fees to the Department. The only practical way the Department can enforce payment is by refusing to amend title. From a public policy standpoint, PG&E's arguments would mean that it, and other owners, would be able to evade paying registration fees.

## CONCLUSION

For the forgoing reasons, and the reasons stated in the Department's Response to PG&E's Objection to Proof of Claim No. 56868, the Department respectfully requests that the Court overrule PG&E's objection to the Department's proof of claim.

Dated: September 7, 2021          Respectfully submitted,

ROB BONTA
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
JAMEE JORDAN PATTERSON, SBN 100967
Supervising Deputy Attorneys General
ERICA LEE, SBN 288151
Deputy Attorney General

By: _/s/ Erica Lee_____
Erica Lee
Deputy Attorney General


PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP


By: _/s/ Paul J. Pascuzzi_
Paul J. Pascuzzi

Attorneys for California Department of Housing and Community Development

5
Case: 19-30088    Doc# 11195    Filed: 09/07/21    Entered: 09/07/21 14:05:17    Page 6 of 7

# PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On September 7, 2021, I served the within documents:

CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT'S SUR-REPLY REGARDING REORGANIZED DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NO. 56868 (CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT)

By Electronic Service only via CM/ECF.

*/s/ Susan R Darms*
Susan R. Darms