WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' REPORT ON RESPONSES TO ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE) AND REQUEST FOR ORDER BY DEFAULT AS TO UNOPPOSED OBJECTIONS** <br><br> [Re: Dkt. No. 11014] <br><br> **Resolving Objections Set for Hearing September 14, 2021 at 10:00 a.m. (Pacific Time)** |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11014] (the "**Eleventh Securities Claims Omnibus Objection**").

## RELIEF REQUESTED IN THE ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION

The Eleventh Securities Claims Omnibus Objection seeks to disallow and expunge proofs of claim that were filed by PG&E security holders whose claims are based exclusively on transactions in debt securities that were offered more than three years before the Petition Date and are thereby barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. These claims are listed in Exhibit 1 to the Eleventh Securities Claims Omnibus Objection.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11017] (the "**Notice of Hearing**"). The Eleventh Securities Claims Omnibus Objection was supported by the *Declaration of Edward J. Radetich, Jr. in Support of Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11015] (the "**Radetich Declaration**"). The Eleventh Securities Claims Omnibus Objection was also supported by the *Declaration of Michael A. Keable in Support of Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11016] (the "**Keable Declaration**"). The Eleventh Securities Claims Omnibus Objection, the Notice of Hearing, the Radetich Declaration, and the Keable Declaration were served as described in the *Certificate of Service* of Liliya Kulyk, filed on August 6, 2021 [Docket No. 11030] (the "**Certificate of Service**"). As further described

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

in the Certificate of Service, on August 3, 2021, each holder of a claim listed on Exhibit 1 to the Eleventh Securities Claims Omnibus Objection received a notice including the claim number, debtor, claim amount and priority, and the basis for Reorganized Debtors' objection with respect to the applicable claim to be disallowed and expunged.

The deadline to file responses or oppositions to the Eleventh Securities Claims Omnibus Objection has passed. The Reorganized Debtors have received the following responses:[1]

| Docket No. | Claimant | Claim Nos. | Resolution |
|---|---|---|---|
| 11168 | PGIM FI Claimants | 100936, 100967, 100969, 101026, 101123, 100945, 101239, 101149, 101008, 101067, 100941, 101322, 101427 | The objection to these claims has been continued to the October 19, 2021, Omnibus Hearing and these claims have been removed from Exhibit A to this Request. |
| 11170 | State of Oregon | 100806, 100931 | The objection to these claims has been continued to the October 19, 2021, Omnibus Hearing and these claims have been removed from Exhibit A to this Request. |
| 11171 | JIBEI Claimants | 101683, 100193, 99659, 100084 | The objection to these claims has been continued to the October 19, 2021, Omnibus Hearing and these claims have been removed from Exhibit A to this Request. |
| 11172 | Invesco Claimants | 102249, 102188, | The objection to these claims has been continued to the October 19, 2021, |

---

[1] The PGIM FI Claimants in their response to the objection (the "**PGIM FI Response**") contend that the Reorganized Debtors were somehow obligated to serve the Eleventh Securities Claims Omnibus Objection on claimants whose proofs of claim are not the subject of the objection. The Reorganized Debtors firmly disagree with this contention (which is inconsistent with the procedures order governing these omnibus objections) and have treated this omnibus objection (No. 11) the same as each of the ten previous securities omnibus objections as well as the one hundred three omnibus objections for general claims. Regardless, this contention is not relevant to claims brought by claimants that failed to respond to the Eleventh Securities Claims Omnibus Objection, all of whom were provided with notice and the full opportunity to respond to the Eleventh Securities Omnibus Objection in strict compliance with securities omnibus objection procedures [Docket No. 10015-1].

| Docket No. | Claimant | Claim Nos. | Resolution |
|---|---|---|---|
| | | 102179, 102021, 101437, 101894, 102228, 102172 | Omnibus Hearing and these claims have been removed from Exhibit A to this Request. |
| 11177 | KKR Claimants | 101782, 101906, 101564, 101903, 101642 | The objection to these claims has been continued to the October 19, 2021, Omnibus Hearing and these claims have been removed from Exhibit A to this Request based on the KKR Claimants' late-filed response. |
| 11187 | Hartford Claimants | 100313, 100877, 101156, 101189, 101204, 101225, 101383, 101956, 101958, 101981, 102003, 102027, 102069 | The objection to these claims has been continued to the October 19, 2021, Omnibus Hearing and these claims have been removed from Exhibit A to this Request based on a late filed response which is the subject of a motion to allow the late response. |
| Informal | PepsiCo, Inc. Master Trust | 98712 | The Reorganized Debtors agreed to extend the Response Deadline for this claim to September 8, 2021. The objection to this claim has been continued to the October 19, 2021, Omnibus Hearing and this claim has been removed from Exhibit A to this Request. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a partner with the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses have been filed with respect to the Eleventh Securities Claims Omnibus Objection except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed/Expunged" in **Exhibit A** to this Request, which listed claims identical to those in Exhibit 1 to the Eleventh Securities Claims Omnibus Objection, except as otherwise discussed above.

Dated September 7, 2021

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ Richard W. Slack

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*