KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Kevin C. Kroll (SBN 301532)
kkroll@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for PricewaterhouseCoopers LLP*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO APPEAL FROM ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE WITH RULE 2004 SUBPOENA IN RELATION TO THE GENERAL RATE CASE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO THE CLERK OF THE BANKRUPTCY COURT; THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE; THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA; AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that PricewaterhouseCoopers LLP ("PwC") hereby respectfully moves the District Court for leave to file an appeal from the Order of the Bankruptcy Court entered August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena in relation to the General Rate Case documents in the above-captioned proceeding, pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure Rules 8001 and 8004.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Appendix of Exhibits in Support of Motion for Leave to Appeal filed herewith, including the Order and the letter briefs relating thereto, the Notice of Appeal and Statement of Election filed concurrently with this Motion, all other pleadings and papers on file with the Court, and such other evidence and argument as may be presented at or before any hearing or ruling on this motion.

Dated: September 7, 2021                KIBLER FOWLER & CAVE LLP

By: <u>*/s/ Matthew J. Cave*</u>
    MICHAEL D. KIBLER
    MATTHEW J. CAVE
    KEVIN C. KROLL
    Attorneys for PricewaterhouseCoopers LLP

iii

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | 2 |
| | A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan | 2 |
| | B. PG&E Assigns Specific Causes of Action to the Fire Victims Trust | 3 |
| | C. The Rule 2004 Subpoena | 3 |
| | D. The Court's Order Regarding the General Rate Case | 5 |
| III. | ISSUES SOUGHT TO BE RAISED ON APPEAL | 6 |
| IV. | ARGUMENT | 6 |
| | A. The Bankruptcy Court's Order Was "Final" Such That PwC May Appeal as of Right | 6 |
| | B. Alternatively, an Interlocutory Appeal Is Proper Here | 7 |
| |    1. The Bankruptcy Court Order Decided a Controlling Question of Law | 9 |
| |    2. The Bankruptcy Court's Ruling Involves a Legal Question About Which There Are Substantial Grounds For Difference of Opinion | 10 |
| |    3. Resolution of This Question on Appeal Will Materially Advance Termination of PwC's Role in This Proceeding | 11 |
| V. | CONCLUSION AND RELIEF SOUGHT | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
 634 F. Supp. 2d 1081 (E.D. Cal. 2008) ............................................................................. 10

*Bearry v. Beech Aircraft Corp.*,
 818 F.2d 370 (5th Cir. 1987) ............................................................................................. 10

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*,
 854 F. Supp. 2d 756 (C.D. Cal. 2011) ............................................................................... 10

*Elliott v. Four Seasons Properties (In re Frontier Properties)*,
 979 F.2d 1358 (9th Cir. 1992) ............................................................................................. 7

*In re Burke*,
 95 B.R. 716 (B.A.P. 9th Cir. 1989) ..................................................................................... 7

*In re Cement Antitrust Litigation (MDL No. 296)*,
 673 F.2d 1020 (9th Cir. 1982) .......................................................................................... 8, 9

*In re Couch*,
 80 B.R. 512 (S.D. Cal. 1987) ............................................................................................ 8, 9

*In re Price*,
 79 B.R. 888 (B.A.P. 9th Cir.) ............................................................................................... 7

*In re Roderick Timber Co.*,
 185 B.R. 601 (B.A.P. 9th Cir. 1995) ................................................................................ 7, 8

*In re Tudor Associates, Ltd.*,
 64 B.R. 656 (E.D.N.C. 1986) ........................................................................................... 8, 11

*In re Wilson Freight Co.*,
 21 B.R. 398 (S.D.N.Y. 1982) ............................................................................................ 8, 11

*In re Xebec*,
 147 B.R. 5118 (B.A.P. 9th Cir. 1992) .................................................................................. 8

*Katz v. Carte Blanche Corp.*,
 496 F.2d 747 (3d Cir. 1974) ................................................................................................ 9

*Kern-Tulane Water Dist v. City of Bakersfield*,
 634 F. Supp. 656 (E.D. Cal. 1986) .......................................................................... 10

*Mason v. Integrity Ins. Co. (In re Mason)*,
 709 F.2d 1313 (9th Cir. 1983) ................................................................................... 6

**Statutes**

11 U.S.C. § 330 ............................................................................................................... 8

28 U.S.C. § 1292 ........................................................................................................... 10

28 U.S.C. § 1292(b) .................................................................................................... 7, 8

28 U.S.C. § 158(a) ................................................................................................ ii, 1, 7

28 U.S.C. § 158(a)(3) ..................................................................................................... 7

**Rules**

Federal Rules of Bankruptcy Procedure Rules 8001 and 8004 ............................... ii, 1

FRBP Rule 8001(e) ......................................................................................................... 1

FRBP Rule 8004 ............................................................................................................. 7

**Other Authorities**

*In re Lewis*,
 1994 U.S. Dist. LEXIS 4492, at *7 (N.D. Cal. Mar. 31, 1994) ................................ 8

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure ("FRBP") Rules 8001 and 8004, PricewaterhouseCoopers LLP ("PwC") has filed a Notice of Appeal from the Bankruptcy Court's Order dated August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena within twenty-one days of a meet and confer between the parties. PwC brings this motion for leave to appeal the Bankruptcy Court's ruling in the event this Court determines that the ruling is not a "final" order from which PwC can appeal as of right. PwC has also concurrently filed a Statement of Election, pursuant to FRBP Rule 8001(e), electing to have this appeal heard by the District Court.

PwC should be granted leave because the question presented has an immediate impact on the course of future proceedings and the parties' expenditure of time and resources, not just with respect to the Order being challenged but also with respect to future anticipated discovery. Resolving this question now is in the interests of all parties.

PwC asks that this Court grant its motion for leave to file an appeal of the Bankruptcy Court's Order.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan

On January 29, 2019, PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company (the "Utility"; together with PG&E Corp., "PG&E"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California. PG&E's cases have been assigned to the Honorable Dennis Montali jointly under Case No. 19-30088.

On June 20, 2020, the Court issued an order confirming the Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated June 19, 2020 (the "Plan"). [Dkt. 8048]. The order authorized the Plan proponents to establish a trust (the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay all claims of fire victims. In addition, Debtors assigned to the Fire Victim Trust very limited rights and specific potential causes of action against third parties. *Id.* Section 1.8 of the Plan provides:

> **Assigned Rights and Causes of Action** means any and all rights, claims, causes of action, and defenses *related thereto relating directly or indirectly to any of the Fires* that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management), former directors and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage, and others as mutually agreed upon by the Plan Proponents and identified in the Schedule of Assigned Rights and Causes of Action.

*Id.*

### B. PG&E Assigns Specific Causes of Action to the Fire Victims Trust

The Schedule of Assigned Rights and Causes of Action lays out in further detail what the Debtor assigned to the Fire Victim Trust. The Schedule of Assigned Rights and Causes of Action describes the limited claims assigned to the Trustee as follows:

> [A]ny and all rights, claims, causes of action, and defenses related thereto that arose *prior to the Petition Date [January 29, 2019] relating to the cause of any of the Fires* that the Debtors may have against . . . consultants who performed services before the allegedly relevant fire and where such claims relate to an alleged failure of the . . . consultant to provide the contracted services in the manner required by the applicable contract.

[Dkt. 7711-1]. Section 1.86 of the Plan makes abundantly clear that the *only* claims assigned to the Fire Victim Trust are those that relate to conduct prior to January 29, 2019, and that relate to *causation* of the "Fires." And, "Fires" is defined to mean the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire. [Dkt. 8048].

### C. The Rule 2004 Subpoena

On March 17, 2020, the Official Committee of Tort Claimants ("TCC") issued a Rule 2004 Subpoena to PwC (the "Subpoena"). On July 22, 2020, the Court ordered that the Fire Victim Trust, through its Trustee, would assume the

Official Committee of Tort Claimants' rights and responsibilities with respect to enforcement of the Subpoena. [Dkt. 8480].

The Subpoena, on its face, requests documents far beyond those that could relate to wildfire causation—the only claims that the Debtor assigned to the Trust—and includes documents that constitute or memorialize "reports, analyses, summaries, or descriptions of [PwC's] work for PG&E" for the time period January 1, 2013, to March 17, 2020. [Dkt. 6351-2]. On April 9, 2020, PwC served written objections to the Subpoena, pointing out the extraordinary breadth of the Subpoena as well as issues of undue burden and privilege. Since then, PwC has made a total of eight document productions to the Trustee containing nearly two thousand pages of contracts, policies, and deliverables.

The parties continued to meet and confer with respect to PwC's responses and objections to the Subpoena, which resulted in a number of discovery conferences before the Court. On August 11, 2021, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena (the "August 11 Order"). The August 11 Order required PwC to produce certain categories of documents and it also directed the Trustee and PwC to submit letter briefs setting forth their respective positions as to the Trustee's request for PwC's deliverables "relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis,

and/or reports to PG&E, during the time period 2013 through March 17, 2020." [Dkt. 11055].

**D. The Court's Order Regarding the General Rate Case**

The Trustee and PwC submitted letter briefs on August 19, 2021, outlining their respective positions regarding the Trustee's request for PwC deliverables related to the General Rate Case. PwC argued that the Trustee's demand should be denied because the information sought did not relate in any way to causation of the wildfires at issue, noting that for the past year the Trustee himself has defined the scope of the Rule 2004 Subpoena this way. [Dkt. 11133]. The Trustee did not dispute that the scope of its claims was limited to those relating to the cause of any of the wildfires, but instead argued that the scope of discovery is "not limited to only those documents known to be admissible in some future proceeding." [Dkt. 11109].

On August 24, 2021, after reviewing the parties' submitted letter briefs, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena In Relation to the General Rate Case Documents (the "Order"). [Dkt. 11145].

In the Order, the Court stated its disagreement with PwC's contention that "the Trustee should not be allowed to obtain information unless relating in any way to 'causation' of the wildfires." Although the Court expressly referenced Section 1.8 of the Plan in the Order, it did not reference the Schedule of Assigned Rights and Causes of Action, which expressly limits the claims assigned by PG&E to the

Trustee to only those "that arose prior the Petition Date *relating to the cause of any of the Fires*." (emphasis added.)

The Court appears to have mistakenly interpreted PwC's argument as being one of "you won't find anything so I don't have to give it to you," rather than PwC's actual position: that the bounds of permissible discovery, even in the Rule 2004 context, are circumscribed by the potential claims relating to causation of the wildfires, consistent with the Schedule of Assigned Rights and Causes of Action. [*See* Dkt. 11145].

## III. ISSUES SOUGHT TO BE RAISED ON APPEAL

The issue PwC seeks to appeal is whether the Bankruptcy Court's finding that the Trustee may obtain information that does not relate in any way to causation of the wildfires was an abuse of discretion because PG&E did not assign non-causation related claims to the Trustee.

## IV. ARGUMENT

### A. The Bankruptcy Court's Order Was "Final" Such That PwC May Appeal as of Right

The Ninth Circuit, applying a "pragmatic approach to finality" in bankruptcy matters, permits appeals as of right from proceedings that are "distinct" and "conclusive," even though they do not resolve the entire bankruptcy case and thus technically are interlocutory. *See, e.g.*, *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1316 (9th Cir. 1983). Under this "pragmatic" finality rule, a party

may appeal as of right where the court's order "(1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed." *Elliott v. Four Seasons Properties (In re Frontier Properties)*, 979 F.2d 1358, 1363 (9th Cir. 1992).

The Bankruptcy Court's Order satisfies the Ninth Circuit standard for bankruptcy "finality." The Order involves a discrete legal question concerning the scope of the Trustee's assigned claims and therefore, the scope of permissible discovery as to those claims. The legal issue of permissible discovery has been adjudicated conclusively against PwC and with serious consequences for PwC's substantive rights. Unless the Order is corrected, PwC may well be forced to produce documents and respond to discovery demands that address matters that exceed the scope of the claims assigned to the Trustee by PG&E. Accordingly, for all practical purposes, the Order is "final" and PwC may appeal as of right pursuant to 28 U.S.C. § 158(a).

### B. Alternatively, an Interlocutory Appeal Is Proper Here

In the alternative, PwC moves pursuant to FRBP Rule 8004 and 28 U.S.C. § 158(a)(3) for leave to file an appeal from the Order. In deciding motions for leave to appeal under FRBP Rule 8004, the district courts have looked for guidance to the standards set forth in 28 U.S.C. § 1292(b) relating to certification by district courts of questions for interlocutory appeal to the Court of Appeals. *See In re Burke*, 95 B.R. 716, 717 (B.A.P. 9th Cir. 1989); *In re Price*, 79 B.R. 888, 889 (B.A.P. 9th

7
MEMORANDUM OF POINTS AND AUTHORITIES

Cir.), aff'd mem., 871 F.2d 97 (9th Cir. 1989); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *In re Lewis*, 1994 U.S. Dist. LEXIS 4492, at *7 (N.D. Cal. Mar. 31, 1994).

Under 28 U.S.C. § 1292(b), leave to appeal should be granted where an interlocutory order (i) involves a "controlling question of law," (ii) as to which there is "substantial grounds for difference of opinion," and (iii) an immediate appeal may "materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983). Applying these standards, courts within the Ninth Circuit and elsewhere have granted leave to appeal an interlocutory order in circumstances similar to or far less pressing than those in this case. *See, e.g.*, *In re Couch*, 80 B.R. 512, 514 (S.D. Cal. 1987) (granting leave to appeal from discovery order of bankruptcy court); *see also Roderick Timber*, 185 B.R. at 604 (granting leave to appeal from bankruptcy court award of compensation to trustee); *In re Xebec*, 147 B.R. 5118 (B.A.P. 9th Cir. 1992) (granting leave to appeal question whether an award of attorneys' fees and costs qualified as reasonable expenses under 11 U.S.C. § 330); *In re Tudor Associates, Ltd.*, 64 B.R. 656, 660 (E.D.N.C. 1986) (granting leave to appeal question whether debtor in possession is officer of court for purposes of pleading "fraud on the court" cause of action); *In re Wilson Freight Co.*, 21 B.R. 398, 401 (S.D.N.Y. 1982) (granting leave to appeal order granting interim counsel fees).

Case: 19-30088    Doc# 11200    Filed: 09/07/21    Entered: 09/07/21 20:05:41    Page 14 of 28

In *Couch*, a trustee served discovery that an insurer objected to on grounds of overbreadth, attorney-client and work-product privileges, and violation of an insureds' right to privacy. 80 B.R. at 514. The bankruptcy court granted the trustee's motion, and the insurer requested leave to file an interlocutory appeal of the order. *Id.* The District Court heard and considered the insurer's appeal and reversed the discovery order of the bankruptcy court. *Id.*, at 517. This Court should follow *Couch*, and grant PwC leave to appeal.

1. *The Bankruptcy Court Order Decided a Controlling Question of Law*

An issue is deemed to raise a "controlling question of law" in any of a variety of circumstances. At the "very least," "'every order which, if erroneous, would be reversible error on final appeal'" is a controlling question of law. *Cement Antitrust Litig.*, 673 F.2d at 1026 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). However, even if the order sought to be appealed would not constitute reversible error, the Ninth Circuit regards an issue as controlling and meriting interlocutory review if "resolution of the issue on appeal could materially affect the outcome" of the litigation. *Cement Antitrust Litig.*, 673 F.2d at 1026.

Here, the Order seeks to expand the scope of discovery to include discovery relating to potential claims that would be in direct contravention of the Schedule of Assigned Rights and Causes of Action, which limits the Trustee's assigned claims to those relating to *the cause* of any of the wildfires. Such an Order has a material

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

effect on further discovery in this case and could result in additional unnecessary costs as the case progresses.

2. *The Bankruptcy Court's Ruling Involves a Legal Question About Which There Are Substantial Grounds For Difference of Opinion*

"Substantial grounds for difference of opinion" exist either where the issue sought to be appealed is novel or there is a lack of authority interpreting the issue. *See Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 854 F. Supp. 2d 756, 769 (C.D. Cal. 2011) ("Even where no conflicting case law exists, however, it is still possible to establish a substantial ground for a difference of opinion. In such circumstances, the Court must make an inquiry into the merits to determine whether there is substantial grounds for a difference of opinion.") (internal quotations and citations omitted); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090-1093 (E.D. Cal. 2008) (substantial grounds for difference of opinion existed where the issues were novel issues of first impression and there was no case law, discussion, or disposition involving the issues); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372-73 (5th Cir. 1987) (district court properly certified leave to appeal where legal issue presented was novel); *Kern-Tulane Water Dist v. City of Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986) (substantial ground for difference of opinion existed where there was sparse authority addressing legal question presented). In addition, courts have held that, independent of any consideration of the standards set forth in 28 U.S.C. § 1292, leave to appeal an interlocutory order of the bankruptcy

court should be granted "where the question presented is one of first impression." *Tudor Associates*, 64 B.R. at 660; *Wilson Freight*, 21 B.R. at 401. These standards, too, are satisfied here.

The parties disagree as to whether the Schedule of Assigned Rights and Causes of Action limits the scope of discovery under the Subpoena to those claims relating to the cause of any of the wildfires. There is limited or no controlling authority addressing this legal question, which under these facts appears to be one of first impression before this Court.

        3.     *Resolution of This Question on Appeal Will Materially Advance Termination of PwC's Role in This Proceeding*

The Schedule of Assigned Rights and Causes of Action makes clear that the Trustee was not provided a broad mandate to bring claims against third parties. Rather, the Trustee was assigned very specific claims: those that "relat[e] to *the cause* of any of the Fires." (emphasis added). Expanding these claims and the scope of discovery under the Subpoena to issues that do not relate in any way to causation of the wildfires will cause the parties to expend considerable additional time and resources reviewing and producing documents that will ultimately be useless in the Trustee's adjudication of its assigned claims. By deciding this question on appeal now, the Court would allow the parties to proceed more efficiently and focus on the information applicable only to the claims assigned to the Trustee in the Schedule of Assigned Rights and Causes of Action.

Case: 19-30088    Doc# 11200    Filed: 09/07/21    Entered: 09/07/21 20:05:41    Page 17 of 28

## V. CONCLUSION AND RELIEF SOUGHT

For all of the reasons set forth above, PwC asks that this Court permit this appeal as of right or, alternatively, grant PwC's motion for leave to file an appeal of the Bankruptcy Court's Order.

Dated:  September 7, 2021        KIBLER FOWLER & CAVE LLP

By: */s/ Matthew J. Cave*
MICHAEL D. KIBLER
MATTHEW J. CAVE
KEVIN C. KROLL
Attorneys for PricewaterhouseCoopers LLP