KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Kevin C. Kroll (SBN 301532)
kkroll@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for PricewaterhouseCoopers LLP*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO THE CLERK OF THE BANKRUPTCY COURT; THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE; THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA; AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that PricewaterhouseCoopers LLP ("PwC") hereby respectfully moves the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure Rule 8007 for a stay from the Court's Order entered August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena in relation to the General Rate Case documents in the above-captioned proceeding.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Appendix of Exhibits in Support of Motion for Leave to Appeal filed herewith, including the Order and the letter briefs relating thereto, the Notice of Appeal and Statement of Election filed concurrently with this Motion, all other pleadings and papers on file with the Court, and such other evidence and argument as may be presented at or before any hearing or ruling on this motion.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Dated: September 7, 2021        KIBLER FOWLER & CAVE LLP

By: _____*/s/ Matthew J. Cave*_____
MICHAEL D. KIBLER
MATTHEW J. CAVE
KEVIN C. KROLL
Attorneys for PricewaterhouseCoopers LLP

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | 1 |
| | A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan | 1 |
| | B. PG&E Assigns Specific Causes of Action to the Fire Victims Trust | 2 |
| | C. The Rule 2004 Subpoena | 3 |
| | D. The Court's Order Regarding the General Rate Case | 4 |
| III. | ARGUMENT | 6 |
| | A. Legal Standard | 6 |
| | B. A Stay of the Order Is Appropriate | 6 |
| |    1. PwC Has Presented a Strong Likelihood of Success on the Merits | 6 |
| |    2. PwC Will Suffer Irreparable Injury Absent a Stay | 7 |
| |    3. A Stay Will Not Cause Substantial Harm to the Trustee | 7 |
| |    4. A Stay Will Do No Harm to the Public Interest | 8 |
| | C. PwC Should Not Be Required to Post a Bond | 8 |
| IV. | CONCLUSION AND RELIEF SOUGHT | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cont'l Oil Co. v. Frontier Ref. Co.*,
 338 F.2d 780 (10th Cir. 1964) ...................................................................9

*In re Adelphia Commc'ns Corp.*,
 361 B.R. 337 (S.D.N.Y. 2007) ...................................................................9

*In re Byrd*,
 172 B.R. 970 (Bankr. W.D. Wash. 1994) ..................................................6

*In re Finova Group, Inc.*,
 2007 WL 3238764 (D. Del. Oct. 3, 2007) .................................................9

*In re United Merchs. & Mfrs., Inc.*,
 138 B.R. 426 (D. Del. 1992) ......................................................................8

*In re Wymer*,
 5 B.R. 802 (B.A.P. 9th Cir. 1980) ..............................................................6

*Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*,
 258 F.3d 180 (3d Cir. 2001) .......................................................................9

*Schwartz v. Covington*,
 341 F.2d 537 (9th Cir. 1965) .....................................................................6

**Rules**

Federal Rules of Bankruptcy Procedure Rule 8007 ........................2, 1, 6, 8

FRBP Rule 8007(e) ..................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") Rule 8007, PricewaterhouseCoopers LLP ("PwC") respectfully requests that this Court issue a stay as to the Bankruptcy Court's Order dated August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena within twenty-one days of a meet and confer between the parties. The Order should be stayed pending appeal so that PwC can seek appellate review without having to simultaneously search for, review for privilege, and produce documents that may ultimately not need to be produced at all. Staying the Order will not prejudice the Trustee or harm the public, and PwC will suffer irreparable injury if the Order is not stayed.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan

On January 29, 2019, PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company (the "Utility"; together with PG&E Corp., "PG&E"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California. PG&E's cases have been assigned to Judge Dennis Montali jointly under Case No. 19-30088.

On June 20, 2020, the Court issued an order confirming the Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated June 19, 2020 (the "Plan"). [Dkt. 8048]. The order authorized the Plan proponents to establish a trust

(the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay all claims of fire victims. In addition, Debtors assigned to the Fire Victim Trust very limited rights and specific potential causes of action against third parties. *Id.* Section 1.8 of the Plan provides:

> **Assigned Rights and Causes of Action** means any and all rights, claims, causes of action, and defenses *related thereto relating directly or indirectly to any of the Fires* that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management), former directors and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage, and others as mutually agreed upon by the Plan Proponents and identified in the Schedule of Assigned Rights and Causes of Action.

*Id.*

### B. PG&E Assigns Specific Causes of Action to the Fire Victims Trust

The Schedule of Assigned Rights and Causes of Action lays out in further detail what the Debtor assigned to the Fire Victim Trust. The Schedule of Assigned Rights and Causes of Action describes the limited claims assigned to the Trustee to include:

> [A]ny and all rights, claims, causes of action, and defenses related thereto that arose *prior to the Petition Date [January 29, 2019] relating to the cause of any of the Fires* that the Debtors may have against . . . consultants who performed services before the allegedly relevant fire and where such claims relate to an alleged failure of the . . . consultant to

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

> provide the contracted services in the manner required by the applicable contract.

[Dkt. 7711-1]. Section 1.86 of the Plan makes abundantly clear that the *only* claims assigned to the Fire Victim Trust are those that relate to conduct prior to January 29, 2019, and that relate to *causation* of the "Fires." And, "Fires" is defined to mean the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire. [Dkt. 8048].

### C. The Rule 2004 Subpoena

On March 17, 2020, the Official Committee of Tort Claimants ("TCC") issued a Rule 2004 Subpoena to PwC (the "Subpoena"). On July 22, 2020, the Court ordered that the Fire Victim Trust, through its Trustee, would assume the Official Committee of Tort Claimants' rights and responsibilities with respect to enforcement of the Subpoena. [Dkt. 8480].

The Subpoena, on its face, requests documents far beyond those that could relate to wildfire causation—the only claims that the Debtor assigned to the Trust—and includes documents that constitute or memorialize "reports, analyses, summaries, or descriptions of [PwC's] work for PG&E" for the time period January 1, 2013, to March 17, 2020. [Dkt. 6351-2]. On April 9, 2020, PwC served written objections to the Subpoena, pointing out the extraordinary breadth of the Subpoena as well as issues of undue burden and privilege. Since then, PwC has made a total

3
MEMORANDUM OF POINTS AND AUTHORITIES

Case: 19-30088  Doc# 11201  Filed: 09/07/21  Entered: 09/07/21 20:09:40  Page 8 of 25

of eight document productions to the Trustee containing nearly two thousand pages of contracts, policies, and deliverables.

The parties continued to meet and confer with respect to PwC's responses and objections to the Subpoena, which resulted in a number of discovery conferences before the Court. On August 11, 2021, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena (the "August 11 Order"). The August 11 Order required PwC to produce certain categories of documents and it also directed the Trustee and PwC to submit letter briefs setting forth their respective positions as to the Trustee's request for PwC's deliverables "relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020." [Dkt. 11055].

**D.  The Court's Order Regarding the General Rate Case**

The Trustee and PwC submitted letter briefs on August 19, 2021, outlining their respective positions regarding the Trustee's request for PwC deliverables related to the General Rate Case. PwC argued that the Trustee's demand should be denied because the information sought did not relate in any way to causation of the wildfires at issue, noting that for the past year the Trustee himself has defined the scope of the Rule 2004 Subpoena this way. [Dkt. 11133]. The Trustee did not dispute that the scope of its claims was limited to those relating to the cause of any

of the wildfires, but instead argued that the scope of discovery is "not limited to only those documents known to be admissible in some future proceeding." [Dkt. 11109].

On August 24, 2021, after reviewing the parties' submitted letter briefs, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena In Relation to the General Rate Case Documents (the "Order"). [Dkt. 11145].

In the Order, the Court stated its disagreement with PwC's contention that "the Trustee should not be allowed to obtain information unless relating in any way to 'causation' of the wildfires." Although the Court expressly referenced Section 1.8 of the Plan in the Order, it did not reference the Schedule of Assigned Rights and Causes of Action, which expressly limits the claims assigned by PG&E to the Trustee to only those "that arose prior the Petition Date *relating to the cause of any of the Fires*." (emphasis added.)

The Court appears to have mistakenly interpreted PwC's argument as being one of "you won't find anything so I don't have to give it to you," rather than PwC's actual position: that the bounds of permissible discovery, even in the Rule 2004 context, are circumscribed by the potential claims relating to causation of the wildfires, consistent with the Schedule of Assigned Rights and Causes of Action. [*See* Dkt. 11145].

## III. ARGUMENT

### A. Legal Standard

Under FRBP Rule 8007, a motion for a stay of a Bankruptcy Court's order must ordinarily be presented to the Bankruptcy Court in the first instance. The Bankruptcy Court may suspend or order the continuation of other proceedings in the case or issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest. FRBP Rule 8007(e).

The standard for granting a stay pending appeal is the same as that for granting a preliminary injunction. *See In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980). The party seeking such relief must show that: (1) it is "likely to succeed on the merits of the appeal;" (2) it will "suffer irreparable injury" absent a stay; (3) a stay will not cause "substantial harm" to other interested parties; and (4) a stay "will do no harm to the public interest." *Id.*; *see also In re Byrd*, 172 B.R. 970, 974 (Bankr. W.D. Wash. 1994) (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965)).

### B. A Stay of the Order Is Appropriate

1. *PwC Has Presented a Strong Likelihood of Success on the Merits*

As detailed above, PwC has a strong likelihood of success on the merits because the Order directly contradicts the Schedule of Assigned Rights and Causes of Action by expanding the scope of discovery to include discovery of potential

claims that were *not* assigned to the Trustee (*i.e.*, claims that do not in any way relate to causation of the wildfires).

### 2. *PwC Will Suffer Irreparable Injury Absent a Stay*

If a stay is not entered and PwC is forced to proceed with searching for and producing information pursuant to the Order, it is likely that PwC would comply with the Order prior to resolution of PwC's appeal, thus in effect mooting the appeal. Because this issue of scope is likely to come up again in further discovery disputes, having its appeal mooted could irreparably injure PwC and limit its ability to advance its position in future disputes. Further, PwC will be unable to recover the significant costs and resources expended in responding to the Trustee's demand in the event that PwC prevails on its appeal. The Court should stay the Order to avoid such potentially unnecessary burden on PwC.

### 3. *A Stay Will Not Cause Substantial Harm to the Trustee*

The Trustee will not be substantially harmed by a stay of the Order, as the parties are engaged in other discovery activities. In fact, PwC recently produced to the Trustee a list of its contracts related to services provided to PG&E, and the parties are planning to meet and confer on the substance of that list. PwC also recently produced certain deliverables in response to the Rule 2004 Subpoena. Staying the Order with respect to the General Rate Case documents while the issue of the Trustee's scope of permissible discovery is determined will not delay the

parties' discussion of other issues, and the Trustee has not articulated any basis of substantial harm if the Order is stayed.

    4.  *A Stay Will Do No Harm to the Public Interest*

The public interest will not be implicated if the Order is stayed pending resolution of PwC's submitted appeal. If anything, the public may be better served by staying the Order as it will reduce the amount of judicial resources expended in dealing with any potential disputes pertaining to PwC's compliance with the Order, and staying the Order will allow the parties to more efficiently brief and resolve PwC's appeal.

  **C.**  **PwC Should Not Be Required to Post a Bond**

PwC should not be required to post a bond as a condition of granting its requested stay pending appellate review.

FRBP Rule 8007 allows the Court to condition a stay pending appeal on the filing of a bond. The purpose of imposing a bond is "to protect the adverse party from potential losses resulting from the stay." *See In re United Merchs. & Mfrs., Inc.*, 138 B.R. 426, 430 (D. Del. 1992). The Court has "wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond in necessary." *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964); *see also Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 191 (3d Cir. 2001). Generally, a bond is only necessary where the stay is "likely to cause harm by diminishing the value of an estate or

'endangering [the non-moving parties'] interest in the ultimate recovery.'" *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 368 (S.D.N.Y. 2007).

No bond is necessary here because no substantial harm will come to the Trustee or to the public as a result of the stay. *See In re Finova Group, Inc.*, 2007 WL 3238764, at *2 (D. Del. Oct. 3, 2007) (refusing to require bond where "no substantial harm will come to the Debtors as a result of this stay"). A stay seeks to maintain the status quo and preserve funds or the rights of the parties until after an appeal is decided. Here, a stay of the Order until after the appeal is decided will have no effect on any funds or rights of the parties in the interim; therefore, the parties will not suffer any harm by virtue of a stay. Therefore, a bond is unnecessary.

## IV. CONCLUSION AND RELIEF SOUGHT

For all of the reasons set forth above, PwC asks that this Court grant its motion for a stay of its Order pending resolution of PwC's appeal to the District Court.

MEMORANDUM OF POINTS AND AUTHORITIES 9

Dated: September 7, 2021        KIBLER FOWLER & CAVE LLP

                                By:    /s Matthew J. Cave
                                    ──────────────────────────
                                    MICHAEL D. KIBLER
                                    MATTHEW J. CAVE
                                    KEVIN C. KROLL
                                    Attorneys for PricewaterhouseCoopers LLP

10

MEMORANDUM OF POINTS AND AUTHORITIES