Joseph D. Frank (IL Bar No. 6216085) (jfrank@fgllp.com)
Jeremy C. Kleinman (IL Bar No. 6270080) (jkleinman@fgllp.com)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5G-H
Chicago, Illinois 60607
Telephone: (312) 276-1400
Facsimile: (312) 276-0035

Steven B. Sacks (CA Bar No. 98875) (ssacks@srclaw.com)
Sacks, Ricketts & Case, LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile: (415) 549-0640

*Counsel for PepsiCo, Inc. Master Trust*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- And –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☐ Affect both Debtors | Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)** |

PepsiCo, Inc. Master Trust (the "Pepsi Trust"), respectfully submits this response (the "Response") to the Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) (the "Claim Objection"). In support of its Response, the Pepsi Trust states as follows:

-1-
PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)
{PBG/001/00062149.DOCX/}

Case: 19-30088    Doc# 11207    Filed: 09/08/21    Entered: 09/08/21 16:31:28    Page 1 of 5

1. On April 9, 2020, the Pepsi Trust filed Claim No. 98712, in the amount of $1,317,977 against Pacific Gas and Electric Company (the "Pepsi Trust Claim"). The Pepsi Trust Claim asserts damages "under the securities laws and section 510(b) of the Bankruptcy Code from the purchase and/or acquisition of the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018." Specifically, the Pepsi Trust Claim relates to a March 1, 2018 purchase by the Pepsi Trust of 6.05% debt securities due on March 1, 2034 (the "Debt Securities") for $3,700,000, plus fees.

2. The Pepsi Trust Claim is among the claims covered by the consolidated securities litigation, captioned *In re PG&E Corp. Securities Litigation,* Civil Action No. 18-CV-03509 (the "Securities Litigation") in the United States District Court for the Northern District of California (the "District Court"), in which the Public Employees Retirement Association of New Mexico ("PERA") was appointed as Lead Plaintiff. On November 9, 2018, PERA filed a Consolidated Class Action Complaint in the Securities Litigation (as amended, the "Complaint"), asserting claims "on behalf of a class of all persons and entities that purchased or otherwise acquired PG&E publicly traded securities during the period from April 29, 2015 through June 8, 2018, inclusive," relating to material misrepresentations regarding PG&E's wildlife safety measures and its compliance with applicable laws and regulations. *See* Securities Litigation Docket (the "Sec. Litg. Dkt."), Docket No. 83 at ¶¶ 1-11.[1] The Debt Securities on which the Pepsi Trust Claim is based were purchased by the Pepsi Trust during the putative class period designated by the Complaint.

3. On August 3, 2021, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Reorganized Debtors") filed the Claim Objection [Docket No. 6272]. In the Claim Objection, the Reorganized Debtors seek to disallow and expunge the Pepsi Trust Claim (and 216 others) as barred by the statute of repose set forth in Section 13 of the Securities Act of 1933 (the

---

[1] As referenced in the Claim Objection, this period was subsequently extended to November 15, 2018. *See* Claim Objection, at 4.

-2-
PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088   Doc# 11207   Filed: 09/08/21   Entered: 09/08/21 16:31:28   Page 2 of 5

{PBG/001/00062149.DOCX/}

"Securities Act"), which imposes a three-year statute of repose on claims asserted under section 11 of the Securities Act relating to a material misstatement in offering materials. *See* 15 U.S.C. §77m.

4. As set forth in the Declaration of Michael Keable, filed as Exhibit B to the Claim Objection, the Debt Securities referenced in the Pepsi Trust Claim were offered on March 23, 2004. Consequently, the Reorganized Debtors are correct that any claims under Section 11 of the Securities Act relating to these Debt Securities are now barred by the statue of repose. Nevertheless, in the Claim Objection, the Reorganized Debtors recognize that the claims subject to the Objection do not state the specific statute under which those claims arise, but the Reorganized Debtors believe that they are asserted exclusively under Section 11 of the Securities Act. *See* Claim Objection, at 7.

5. As explained in the Complaint, the damages set forth in the Pepsi Trust Claim and suffered by other similarly-situated claimants give rise to a cause of action against Pacific Gas and Electric Company under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (*see* 15 U.S.C. § 78j) and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission (*see* 17 C.F.R. § 240.10b-5); *see also* Sec. Litig. Dkt., Docket No. 83, at 1, Docket No. 95 at ¶¶ 25, 27.

6. Unlike Claims under Section 11 of the Securities Act, the relevant statute of repose for these claims provides a period of up to five years within which to bring a claim. Specifically, section 804 of the Sarbanes Oxley Act of 2002 governs the timeliness of Section 10(b) and Rule 10b-5 fraud claims. Section 804 provides that a plaintiff must bring its lawsuit: "within two years after the discovery of the facts constituting the fraud," but "[n]ot more than five years after the fraud occurred." 28 U.S.C. § 1658. Both the Complaint and the Pepsi Trust Claim were filed within this time period. Consequently, the Pepsi Trust Claim is timely and not subject to disallowance based on section 13 of the Securities Act, section 804 of the Sarbanes Oxley Act of 2002, or otherwise. On this basis, the Claim Objection should be denied.

-3-
PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)
{PBG/001/00062149.DOCX/}

Case: 19-30088    Doc# 11207    Filed: 09/08/21    Entered: 09/08/21 16:31:28    Page 3 of 5

7. Furthermore, the Pepsi Trust adopts, as if fully set forth herein, the arguments set forth in The PGIM FI Claimants' Responses and Opposition to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [Docket No. 11168] and the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund's Opposition to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [Docket No. 11170].

WHEREFORE, the Pepsi Trust respectfully requests that this Court enter an order: (i) denying the Claim Objection; (ii) allowing the Pepsi Trust Claim in the amount of $1,317,977, and (iii) granting such further relief as this Court deems just.

Respectfully submitted,

Dated: September 8, 2021          FRANKGECKER LLP

                                  */s/ Joseph D. Frank*
                                  Joseph D. Frank
                                  Counsel for PepsiCo, Inc. Master Trust

-4-
PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)
{PBG/001/00062149.DOCX/}

Case: 19-30088    Doc# 11207    Filed: 09/08/21    Entered: 09/08/21 16:31:28    Page 4 of 5

FRANKGECKER LLP
1327 W. WASHINGTON BLVD., SUITE 5G-H
CHICAGO, ILLINOIS 60607

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the above-referenced action. My business address is Sacks, Rickets & Case, LLP, 177 Post Street, Suite 650, San Francisco, California 94108. I am readily familiar with the business practice for collection and processing of correspondence for mailing and for transmitting documents by Federal Express, facsimile, electronic mail, courier and other modes.

On September 8, 2021, I served **PepsiCo Inc. Master Trust's Objection to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)** on the parties listed on the attached Electronic Mail Notice List and Service List, as follows:

☒ **BY CM/ECF:** Pursuant to General Order 06-03 and CM/ECF Administrative Procedures Guide, the above-referenced document(s) was automatically transmitted to registered ECF users as listed on the attached Electronic Mail Notice List.

☒ **BY ELECTRONIC MAIL:** Pursuant to General Order 06-03 and CM/ECF Administrative Procedures Guide, the above-referenced document(s) was automatically transmitted to registered those recipients listed on the Service List as having been served via Electronic Mail.

☐ **BY FACSIMILE TRANSMISSION:** I served the parties listed on the attached Facsimile Transmission Service List at the facsimile numbers indicated thereon. The times of receipt of transmission for each recipient are indicated on the attached facsimile confirmation sheet.

☐ **BY MAIL:** I placed the document in a sealed envelope or package correctly addressed to the parties on the attached Service List and deposited same with the U.S. Postal Service with postage fully prepaid. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice, such correspondence would be deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2021, at San Francisco, California.

| Steven B. Sacks | /s/ Steven B. Sacks |
|---|---|
| (type or print name) | (signature) |

-5-
PEPSICO, INC. MASTER TRUST'S RESPONSE TO REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)
{PBG/001/00062149.DOCX/}

Case: 19-30088    Doc# 11207    Filed: 09/08/21    Entered: 09/08/21 16:31:28    Page 5 of 5