# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Francisco)
## Bankruptcy Petition #: 19–30088

|  |  |
|---|---|
| *Date filed:* | 01/29/2019 |
| *Plan confirmed:* | 06/20/2020 |
| *341 meeting:* | 04/29/2019 |
| *Deadline for filing claims:* | 10/21/2019 |
| *Deadline for filing claims (govt.):* | 10/21/2019 |

*Assigned to:* Judge Dennis Montali
Chapter 11
Voluntary
Asset

**Debtor**
**PG&E Corporation**
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177
SAN FRANCISCO–CA
(929) 333–8977
Tax ID / EIN: 94–3234914

represented by **Max Africk**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000
*TERMINATED: 11/12/2019*

**Peter J. Benvenutti**
Keller Benvenutti Kim LLP
650 California St. 19th Fl.
San Francisco, CA 94108
(415) 364–6798
Email: pbenvenutti@kbkllp.com

**Kevin Bostel**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Lee Brand**
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Fl.
San Francisco, CA 94111–5998
415–983–1116
Email: lee.brand@pillsburylaw.com

**Timothy G. Cameron**
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Ave.
New York, NY 10019
(212) 474–1120

**Jared R. Friedmann**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310–8000

**Andriana Georgallas**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Stuart J. Goldring**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310–8000

**Matthew Goren**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**David A. Herman**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Tobias S. Keller**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108
(415) 796–0709
Email: tkeller@kbkllp.com

**Jane Kim**
Keller Benvenutti Kim LLP
650 California St, Suite 1900
San Francisco, CA 94108
(415) 364–6793
Email: jkim@kbkllp.com

**Katherine Kohn**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861–2607
Email: kkohn@groom.com

**Kevin Kramer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**David Levine**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861–5436
Email: dnl@groom.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108

415–364–6793
Email: dsilveira@kbkllp.com

**Jessica Liou**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Omid H. Nasab**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**John Nolan**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Kevin J. Orsini**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**Thomas B. Rupp**
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
415–636–9015
Email: trupp@kbkllp.com

**Bradley R. Schneider**
Munger Tolles and Olson LLP
350 S Grand Ave., 50th Fl.
Los Angeles, CA 90071
(213) 683–9100
Email: bradley.schneider@mto.com

**Ray C. Schrock**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Richard W. Slack**
Weil Gotshal and Manges, LLP
767 Fifth Ave.
New York, NY 10153–0119
(212) 310–8000
Email: richard.slack@weil.com

**Theodore Tsekerides**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Paul H. Zumbro**
Cravath, Swaine & Moore LLP
85 Eighth Avenue

New York, NY 10019
2124741000
Email: mao@cravath.com

*Responsible Ind*
**Jason P. Wells**
Senior Vice President
Chief Financial Officer PG&E Corporation
77 Beale St.
San Francisco, CA 94177
(929) 333–8977

*U.S. Trustee*
**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05–0153
San Francisco, CA 94102
(415)705–3333

represented by **Jason Blumberg**
Office of the U.S. Trustee
501 I St. #7–500
Sacramento, CA 95814
(916) 930–2076
Email: jason.blumberg@usdoj.gov

**Cameron M. Gulden**
Office of the United States Trustee
300 Booth St., Room 3009
Reno, NV 89509
(775) 784–5335
Email: cameron.m.gulden@usdoj.gov

**Lynette C. Kelly**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05–0153
San Francisco, CA 94102
(415) 252–2065
Email: ustpregion17.oa.ecf@usdoj.gov

**Timothy S. Laffredi**
Office of the U. S. Trustee – San Jose
280 South 1 St., Suite 268
San Jose, CA 95113
(408) 535–5525
Email: timothy.s.laffredi@usdoj.gov

**Timothy S. Laffredi**
Office of the U.S. Trustee – SF
450 Golden Gate Ave.
Suite 05–0153
San Francisco, CA 94102
(415) 705–3333
Email: timothy.s.laffredi@usdoj.gov

**Marta Villacorta**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05–0153
San Francisco, CA 94102
(415) 252–2062
Email: marta.villacorta@usdoj.gov

*Creditor Committee*
**Official Committee Of Unsecured Creditors**

represented by **Paul S. Aronzon**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4000

Email: paronzon@milbank.com

**James C. Behrens**
Milbank, LLP
2029 Century Park E, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4436
Email: jbehrens@milbank.com

**Gregory A. Bray**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4470
Email: gbray@milbank.com

**Erin Elizabeth Dexter**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835–7500
Email: edexter@milbank.com

**Dennis F. Dunne**
Milbank, LLP
55 Hudson Yards
New York, NY 10001–2163
(212) 530–5000
Email: ddunne@milbank.com

**Samuel A. Khalil**
Milbank, LLP
55 Hudson Yards
New York, NY 10001–2163
(212) 530–5000
Email: skhalil@milbank.com

**Thomas R. Kreller**
Milbank LLP
2029 Century Park East, 33rd
Los Angeles, CA 90067
(424) 386–4463
Email: tkreller@milbank.com

**Andrew Michael Leblanc**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835–7500
Email: ALeblanc@milbank.com

**Alan J. Stone**
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530–5000
Email: AStone@milbank.com

*Creditor Committee*
**Official Committee of Tort Claimants**                 represented by **Lauren T. Attard**
Baker Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025–0509

(310) 820–8800
Email: lattard@bakerlaw.com

**Chris Bator**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621–0200
Email: cbator@bakerlaw.com

**Dustin M. Dow**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621–0200
Email: ddow@bakerlaw.com

**Cecily Ann Dumas**
Baker and Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111–2806
415–659–2600
Email: cdumas@bakerlaw.com

**Joseph M. Esmont**
Baker & Hostetler LLP
127 Public Sq., #2000
Cleveland, OH 44147
(216) 861–7835
Email: jesmont@bakerlaw.com

**Lars H. Fuller**
Baker & Hostetler LLP
1801 California St #4400
Denver, CO 80202
(303) 764–4114
Email: lfuller@bakerlaw.com

**Eric R. Goodman**
Brown Rudnick LLP
601 Thirteenth St. NW, #600
Washington, DC 20005
(202) 536–1740
Email: egoodman@bakerlaw.com
*TERMINATED: 04/07/2021*

**Elizabeth A. Green**
BakerHostetler LLP
200 S. Orange Ave. #2300
Orlando, FL 32801
(407) 649–4000
Email: egreen@bakerlaw.com

**Robert A. Julian**
Baker and Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111–2806
(415) 569–2600
Email: rjulian@bakerlaw.com

**Elyssa S. Kates**

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589–4227
Email: ekates@bakerlaw.com

**Kody D. L. Kleber**
Baker & Hostetler LLP
811 Main St., #1100
Houston, TX 77005
(713) 703–1315
Email: kkleber@bakerlaw.com

**John H. MacConaghy**
MacConaghy and Barnier
645 1st St. W #D
Sonoma, CA 95476
(707) 935–3205
Email: macclaw@macbarlaw.com

**Kimberly S. Morris**
Baker & Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
(415) 659–2600
Email: kmorris@bakerlaw.com

**David J. Richardson**
Baker & Hostetler, LLP
11601 Wilshire Blvd.,
14th Floor
Los Angeles, CA 90025
(310) 442–8858
Email: drichardson@bakerlaw.com

**David B. Rivkin, Jr.**
Baker and Hostetler LLP
1050 Connecticut Ave., N.W., #1100
Washington, DC 20036
(202) 861–1731
Email: drivkin@bakerlaw.com

**Jorian L. Rose**
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589–4200
Email: jrose@bakerlaw.com

**Eric E. Sagerman**
Baker and Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025
(310) 442–8875
Email: esagerman@bakerlaw.com

**Catherine E. Woltering**
Baker & Hostetler LLP
Key Tower, 127 Public Sq., #2000
Cleveland, OH 44114–1214
(614) 462–2677
Email: cwoltering@bakerlaw.com

| Filing Date | # | Docket Text |
|---|---|---|
| 08/24/2021 | 11145 | Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena in Relation to the General Rate Case Documents (RE: related document(s)11109 Support Brief/Memorandum filed by Other Prof. John K. Trotter, 11133 Document filed by Debtor Accountant PricewaterhouseCoopers LLP). (lp) (Entered: 08/24/2021) |
| 09/07/2021 | 11199 | Notice of Appeal to District Court *re: Order on General Rate Case Documents*, Fee Amount $ 298. (RE: related document(s)11145 Order). Appellant Designation due by 09/23/2021. Statement of Issues due by 09/23/2021. Transmission of Record to District Court due by 10/7/2021. (Attachments: # 1 Exhibit Exhibit A – Order) Filed by Debtor Accountant PricewaterhouseCoopers LLP (Cave, Matthew) (Entered: 09/07/2021) |
| 09/07/2021 | 11200 | Motion for Leave to Appeal *re: Order on General Rate Case Documents* Filed by Debtor Accountant PricewaterhouseCoopers LLP (Attachments: # 1 Proposed Order) (Cave, Matthew) (Entered: 09/07/2021) |
| 09/09/2021 | 11213 | Courts Certificate of Mailing. Number of notices mailed: 3 (RE: related document(s)11199 Notice of Appeal and Statement of Election). (dc) (Entered: 09/09/2021) |



Signed and Filed: August 24, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|       - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|     Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |

**ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE WITH RULE 2004 SUBPOENA IN RELATION TO THE GENERAL RATE CASE DOCUMENTS**

The Court has considered the letter briefs dated August 19, 2021, from counsel for the Fire Victim Trust and PricewaterhouseCoopers LLP ("PwC") (Dkt. Nos. 11109 and 11133). It has also reviewed the definition of Assigned Rights and Causes of Action (Confirmed Plan ¶ 1.8) and the broad reach of Fed. R. Bankr. P. 2004(b) (". . . the acts, conduct, or

-1-

property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .")

The court disagrees with PwC's counsel's contention that the Trustee should not be allowed to obtain information unless relating in any way to "causation" of the wildfires. If, at the end of the day, PwC has no culpability or exposure because of the lack of causation, it might have no liability. But until then, the Court is not persuaded by the "you won't find anything so I don't have to give it to you" position being asserted.

It is worth noting that PwC's counsel letter stresses that "almost" all of PwC's work was conducted on equipment owned by Debtors. Again, that the management consulting work "consisted primarily of meeting with PG&E personnel, etc." Later he states that the work product "consists primarily" of PG&E documents.

These excerpts, even taken in context, invite further examination by the Trustee. If there is nothing gleaned of value, PwC has nothing to worry about other than the inconvenience and cost of having to comply with this discovery.

Another safeguard the Court expects counsel on both sides to keep in mind is as set forth in footnote 4 to the Trustee's counsel's August 19 letter. The operative deadlines set forth below should commence after PwC has produced the list of contracts to be provided and thereafter counsel have met and conferred as to which of those contracts relate to the General Rate Case and must be produced in accordance with this order.

1. Within twenty-one (21) days of the meet and confer following the production of the list referred to in Dkt. No.

Case: 19-30088    Doc# 11245-1    Filed: 08/24/21    Entered: 08/24/21 17:58:02    Page 2
10 of 41

10

11109 at footnote 4, unless otherwise agreed by the Trustee and to the extent such materials have not already been produced by PwC, PwC shall produce to the Trustee all documents and information described at No. 5 of the Trustee's status report of August 2, 2021: PwC's deliverables relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020.

2. In the event that PwC withholds any of the above-described documents based on a claim of attorney-client privilege, work-product protection, or any other privilege, whether such privilege is asserted by PG&E or PwC, PwC shall provide a privilege log to the Trustee within seven (7) days after the time set forth in paragraph 1 above, unless otherwise agreed by the Trustee, identifying, as demanded by the subpoena: (a) the type, title and subject matter of the Document; (b) the place, date, and manner of preparation of the Document; (c) all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and (d) the legal privilege(s) and the factual basis for the claim.

3. This Order is without prejudice to the Trustee's right to seek additional examinations or documents pursuant to Bankruptcy Rule 2004 or any other applicable law.

**\*\*END OF ORDER\*\***

–3–

<u>COURT SERVICE LIST</u>

ECF Recipients

-4-

KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Kevin C. Kroll (SBN 301532)
kkroll@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone:   (310) 409-0400
Facsimile:   (310) 409-0401

*Attorneys for PricewaterhouseCoopers LLP*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): <u>PricewaterhouseCoopers LLP</u>

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☒ Other (describe) <u>Party in Interest</u>

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: <u>Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena In Relation To the General Rate Case Documents, attached as Exhibit A.</u>

2. State the date on which the judgment, order, or decree was entered: <u>August 24, 2021</u>

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: <u>The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust</u>

   Attorneys: <u>Evan C. Borges EBorges@GGTrialLaw.com Sarah Kelly-Kilgore SKellyKilgore@GGTrialLaw.com GREENBERG GROSS LLP 601 S. Figueroa Street, 30th Floor Los Angeles, CA 90017 Tel.: 213-334-7000</u>

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: September 7, 2021
_____

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Michael D. Kibler (SBN 243982)
mkibler@kfc.law
KIBLER FOWLER & CAVE LLP
11100 Santa Monica Blvd., Suite 360
Los Angeles, CA 90025
Tel.: 213-334-7000

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]



Signed and Filed: August 24, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|       - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|     Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 (DM). | ) |
| | ) |

**ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE
WITH RULE 2004 SUBPOENA IN RELATION TO
THE GENERAL RATE CASE DOCUMENTS**

The Court has considered the letter briefs dated August 19,
2021, from counsel for the Fire Victim Trust and
PricewaterhouseCoopers LLP ("PwC") (Dkt. Nos. 11109 and 11133).
It has also reviewed the definition of Assigned Rights and
Causes of Action (Confirmed Plan ¶ 1.8) and the broad reach of
Fed. R. Bankr. P. 2004(b) (". . . the acts, conduct, or

-1-

property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .")

The court disagrees with PwC's counsel's contention that the Trustee should not be allowed to obtain information unless relating in any way to "causation" of the wildfires. If, at the end of the day, PwC has no culpability or exposure because of the lack of causation, it might have no liability. But until then, the Court is not persuaded by the "you won't find anything so I don't have to give it to you" position being asserted.

It is worth noting that PwC's counsel letter stresses that "almost" all of PwC's work was conducted on equipment owned by Debtors. Again, that the management consulting work "consisted primarily of meeting with PG&E personnel, etc." Later he states that the work product "consists primarily" of PG&E documents.

These excerpts, even taken in context, invite further examination by the Trustee. If there is nothing gleaned of value, PwC has nothing to worry about other than the inconvenience and cost of having to comply with this discovery.

Another safeguard the Court expects counsel on both sides to keep in mind is as set forth in footnote 4 to the Trustee's counsel's August 19 letter. The operative deadlines set forth below should commence after PwC has produced the list of contracts to be provided and thereafter counsel have met and conferred as to which of those contracts relate to the General Rate Case and must be produced in accordance with this order.

1. Within twenty-one (21) days of the meet and confer following the production of the list referred to in Dkt. No.

-2-

11109 at footnote 4, unless otherwise agreed by the Trustee and to the extent such materials have not already been produced by PwC, PwC shall produce to the Trustee all documents and information described at No. 5 of the Trustee's status report of August 2, 2021: PwC's deliverables relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020.

2. In the event that PwC withholds any of the above-described documents based on a claim of attorney-client privilege, work-product protection, or any other privilege, whether such privilege is asserted by PG&E or PwC, PwC shall provide a privilege log to the Trustee within seven (7) days after the time set forth in paragraph 1 above, unless otherwise agreed by the Trustee, identifying, as demanded by the subpoena: (a) the type, title and subject matter of the Document; (b) the place, date, and manner of preparation of the Document; (c) all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and (d) the legal privilege(s) and the factual basis for the claim.

3. This Order is without prejudice to the Trustee's right to seek additional examinations or documents pursuant to Bankruptcy Rule 2004 or any other applicable law.

**\*\*END OF ORDER\*\***

–3–

COURT SERVICE LIST

ECF Recipients

-4-

KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Matthew J. Cave (SBN 280704)
mcave@kfc.law
Kevin C. Kroll (SBN 301532)
kkroll@kfc.law
11100 Santa Monica Blvd., Suite 360
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for PricewaterhouseCoopers LLP*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**PRICEWATERHOUSECOOPERS LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO APPEAL FROM ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE WITH RULE 2004 SUBPOENA IN RELATION TO THE GENERAL RATE CASE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES** |

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Case: 19-30088 PRICEWATERHOUSECOOPERS Doc# 2205 LLP'S NOTICE Filed: 05/07/19 OF MOTION AND Entered: MOTION 05/07/19 FOR 16:35:17 LEAVE Page TO APPEAL 20 of 41 FROM ORDER

20

**TO THE CLERK OF THE BANKRUPTCY COURT; THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE; THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA; AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that PricewaterhouseCoopers LLP ("PwC") hereby respectfully moves the District Court for leave to file an appeal from the Order of the Bankruptcy Court entered August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena in relation to the General Rate Case documents in the above-captioned proceeding, pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure Rules 8001 and 8004.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Appendix of Exhibits in Support of Motion for Leave to Appeal filed herewith, including the Order and the letter briefs relating thereto, the Notice of Appeal and Statement of Election filed concurrently with this Motion, all other pleadings and papers on file with the Court, and such other evidence and argument as may be presented at or before any hearing or ruling on this motion.

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

KF&C

Dated:  September 7, 2021    KIBLER FOWLER & CAVE LLP


By: _/s/ Matthew J. Cave_
    MICHAEL D. KIBLER
    MATTHEW J. CAVE
    KEVIN C. KROLL
    Attorneys for PricewaterhouseCoopers
    LLP

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................2

    A. PG&E's Chapter 11 Bankruptcy and the Reorganization Plan ...................2

    B. PG&E Assigns Specific Causes of Action to the Fire Victims Trust .......................3

    C. The Rule 2004 Subpoena ...................................................................3

    D. The Court's Order Regarding the General Rate Case ...............................5

III. ISSUES SOUGHT TO BE RAISED ON APPEAL ........................................6

IV. ARGUMENT ....................................................................................6

    A. The Bankruptcy Court's Order Was "Final" Such That PwC May Appeal as of Right ..........................................................................6

    B. Alternatively, an Interlocutory Appeal Is Proper Here ............................7

        1. The Bankruptcy Court Order Decided a Controlling Question of Law .........................................................................9

        2. The Bankruptcy Court's Ruling Involves a Legal Question About Which There Are Substantial Grounds For Difference of Opinion ............10

        3. Resolution of This Question on Appeal Will Materially Advance Termination of PwC's Role in This Proceeding ...........................11

V. CONCLUSION AND RELIEF SOUGHT ................................................12

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

KF&C

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
634 F. Supp. 2d 1081 (E.D. Cal. 2008)................................................................10

*Bearry v. Beech Aircraft Corp.*,
818 F.2d 370 (5th Cir. 1987)................................................................10

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*,
854 F. Supp. 2d 756 (C.D. Cal. 2011)................................................................10

*Elliott v. Four Seasons Properties (In re Frontier Properties)*,
979 F.2d 1358 (9th Cir. 1992)................................................................7

*In re Burke*,
95 B.R. 716 (B.A.P. 9th Cir. 1989)................................................................7

*In re Cement Antitrust Litigation (MDL No. 296)*,
673 F.2d 1020 (9th Cir. 1982)................................................................8, 9

*In re Couch*,
80 B.R. 512 (S.D. Cal. 1987)................................................................8, 9

*In re Price*,
79 B.R. 888 (B.A.P. 9th Cir.)................................................................7

*In re Roderick Timber Co.*,
185 B.R. 601 (B.A.P. 9th Cir. 1995)................................................................7, 8

*In re Tudor Associates, Ltd.*,
64 B.R. 656 (E.D.N.C. 1986)................................................................8, 11

*In re Wilson Freight Co.*,
21 B.R. 398 (S.D.N.Y. 1982)................................................................8, 11

*In re Xebec*,
147 B.R. 5118 (B.A.P. 9th Cir. 1992)................................................................8

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974)................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES

24

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

*Kern-Tulane Water Dist v. City of Bakersfield*,
  634 F. Supp. 656 (E.D. Cal. 1986) .......................................................................... 10

*Mason v. Integrity Ins. Co. (In re Mason)*,
  709 F.2d 1313 (9th Cir. 1983) ................................................................................. 6

**Statutes**

11 U.S.C. § 330 ........................................................................................................... 8

28 U.S.C. § 1292 ....................................................................................................... 10

28 U.S.C. § 1292(b) ............................................................................................... 7, 8

28 U.S.C. § 158(a) ............................................................................................... ii, 1, 7

28 U.S.C. § 158(a)(3) ................................................................................................. 7

**Rules**

Federal Rules of Bankruptcy Procedure Rules 8001 and 8004 ................................. ii, 1

FRBP Rule 8001(e) .................................................................................................... 1

FRBP Rule 8004 ........................................................................................................ 7

**Other Authorities**

*In re Lewis*,
  1994 U.S. Dist. LEXIS 4492, at *7 (N.D. Cal. Mar. 31, 1994) ................................ 8

Case: 19-30088    Doc# 11206-1    Filed: 09/07/21    Entered: 09/07/21 16:53:02    Page 6
of 41
i
MEMORANDUM OF POINTS AND AUTHORITIES

25

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure ("FRBP") Rules 8001 and 8004, PricewaterhouseCoopers LLP ("PwC") has filed a Notice of Appeal from the Bankruptcy Court's Order dated August 24, 2021 (the "Order") compelling PwC's compliance with a Rule 2004 Subpoena within twenty-one days of a meet and confer between the parties. PwC brings this motion for leave to appeal the Bankruptcy Court's ruling in the event this Court determines that the ruling is not a "final" order from which PwC can appeal as of right. PwC has also concurrently filed a Statement of Election, pursuant to FRBP Rule 8001(e), electing to have this appeal heard by the District Court.

PwC should be granted leave because the question presented has an immediate impact on the course of future proceedings and the parties' expenditure of time and resources, not just with respect to the Order being challenged but also with respect to future anticipated discovery. Resolving this question now is in the interests of all parties.

PwC asks that this Court grant its motion for leave to file an appeal of the Bankruptcy Court's Order.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF♦C

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.    PG&E's Chapter 11 Bankruptcy and the Reorganization Plan

On January 29, 2019, PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company (the "Utility"; together with PG&E Corp., "PG&E"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California.  PG&E's cases have been assigned to the Honorable Dennis Montali jointly under Case No. 19-30088.

On June 20, 2020, the Court issued an order confirming the Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated June 19, 2020 (the "Plan").  [Dkt. 8048].  The order authorized the Plan proponents to establish a trust (the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay all claims of fire victims.  In addition, Debtors assigned to the Fire Victim Trust very limited rights and specific potential causes of action against third parties. *Id.*  Section 1.8 of the Plan provides:

> **Assigned Rights and Causes of Action** means any and all rights, claims, causes of action, and defenses *related thereto relating directly or indirectly to any of the Fires* that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management), former directors and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage, and others as mutually agreed upon by the Plan Proponents and identified in the Schedule of Assigned Rights and Causes of Action.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

*Id.*

**B.    PG&E Assigns Specific Causes of Action to the Fire Victims Trust**

The Schedule of Assigned Rights and Causes of Action lays out in further detail what the Debtor assigned to the Fire Victim Trust.  The Schedule of Assigned Rights and Causes of Action describes the limited claims assigned to the Trustee as follows:

> [A]ny and all rights, claims, causes of action, and defenses related thereto that arose *prior to the Petition Date [January 29, 2019] relating to the cause of any of the Fires* that the Debtors may have against . . . consultants who performed services before the allegedly relevant fire and where such claims relate to an alleged failure of the . . . consultant to provide the contracted services in the manner required by the applicable contract.

[Dkt. 7711-1].  Section 1.86 of the Plan makes abundantly clear that the *only* claims assigned to the Fire Victim Trust are those that relate to conduct prior to January 29, 2019, and that relate to *causation* of the "Fires."  And, "Fires" is defined to mean the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire.  [Dkt. 8048].

**C.    The Rule 2004 Subpoena**

On March 17, 2020, the Official Committee of Tort Claimants ("TCC") issued a Rule 2004 Subpoena to PwC (the "Subpoena").  On July 22, 2020, the Court ordered that the Fire Victim Trust, through its Trustee, would assume the

Kibler Fowler & Cave LLP

KF&C

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Official Committee of Tort Claimants' rights and responsibilities with respect to enforcement of the Subpoena. [Dkt. 8480].

The Subpoena, on its face, requests documents far beyond those that could relate to wildfire causation—the only claims that the Debtor assigned to the Trust—and includes documents that constitute or memorialize "reports, analyses, summaries, or descriptions of [PwC's] work for PG&E" for the time period January 1, 2013, to March 17, 2020. [Dkt. 6351-2]. On April 9, 2020, PwC served written objections to the Subpoena, pointing out the extraordinary breadth of the Subpoena as well as issues of undue burden and privilege. Since then, PwC has made a total of eight document productions to the Trustee containing nearly two thousand pages of contracts, policies, and deliverables.

The parties continued to meet and confer with respect to PwC's responses and objections to the Subpoena, which resulted in a number of discovery conferences before the Court. On August 11, 2021, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena (the "August 11 Order"). The August 11 Order required PwC to produce certain categories of documents and it also directed the Trustee and PwC to submit letter briefs setting forth their respective positions as to the Trustee's request for PwC's deliverables "relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis,

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

and/or reports to PG&E, during the time period 2013 through March 17, 2020."

[Dkt. 11055].

**D. The Court's Order Regarding the General Rate Case**

The Trustee and PwC submitted letter briefs on August 19, 2021, outlining their respective positions regarding the Trustee's request for PwC deliverables related to the General Rate Case. PwC argued that the Trustee's demand should be denied because the information sought did not relate in any way to causation of the wildfires at issue, noting that for the past year the Trustee himself has defined the scope of the Rule 2004 Subpoena this way. [Dkt. 11133]. The Trustee did not dispute that the scope of its claims was limited to those relating to the cause of any of the wildfires, but instead argued that the scope of discovery is "not limited to only those documents known to be admissible in some future proceeding." [Dkt. 11109].

On August 24, 2021, after reviewing the parties' submitted letter briefs, the Court issued an Order Compelling PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena In Relation to the General Rate Case Documents (the "Order"). [Dkt. 11145].

In the Order, the Court stated its disagreement with PwC's contention that "the Trustee should not be allowed to obtain information unless relating in any way to 'causation' of the wildfires." Although the Court expressly referenced Section 1.8 of the Plan in the Order, it did not reference the Schedule of Assigned Rights and Causes of Action, which expressly limits the claims assigned by PG&E to the

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

Trustee to only those "that arose prior the Petition Date *relating to the cause of any of the Fires*." (emphasis added.)

The Court appears to have mistakenly interpreted PwC's argument as being one of "you won't find anything so I don't have to give it to you," rather than PwC's actual position: that the bounds of permissible discovery, even in the Rule 2004 context, are circumscribed by the potential claims relating to causation of the wildfires, consistent with Schedule of Assigned Rights and Causes of Action. [*See* Dkt. 11145].

## III. ISSUES SOUGHT TO BE RAISED ON APPEAL

The issue PwC seeks to appeal is whether the Bankruptcy Court's finding that the Trustee may obtain information that does not relate in any way to causation of the wildfires was an abuse of discretion because PG&E did not assign non-causation related claims to the Trustee.

## IV. ARGUMENT

### A. The Bankruptcy Court's Order Was "Final" Such That PwC May Appeal as of Right

The Ninth Circuit, applying a "pragmatic approach to finality" in bankruptcy matters, permits appeals as of right from proceedings that are "distinct" and "conclusive," even though they do not resolve the entire bankruptcy case and thus technically are interlocutory. *See, e.g.*, *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1316 (9th Cir. 1983). Under this "pragmatic" finality rule, a party

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

may appeal as of right where the court's order "(1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed." *Elliott v. Four Seasons Properties (In re Frontier Properties)*, 979 F.2d 1358, 1363 (9th Cir. 1992).

The Bankruptcy Court's Order satisfies the Ninth Circuit standard for bankruptcy "finality." The Order involves a discrete legal question concerning the scope of the Trustee's assigned claims and therefore, the scope of permissible discovery as to those claims. The legal issue of permissible discovery has been adjudicated conclusively against PwC and with serious consequences for PwC's substantive rights. Unless the Order is corrected, PwC may well be forced to produce documents and respond to discovery demands that address matters that exceed the scope of the claims assigned to the Trustee by PG&E. Accordingly, for all practical purposes, the Order is "final" and PwC may appeal as of right pursuant to 28 U.S.C. § 158(a).

**B.    Alternatively, an Interlocutory Appeal Is Proper Here**

In the alternative, PwC moves pursuant to FRBP Rule 8004 and 28 U.S.C. § 158(a)(3) for leave to file an appeal from the Order. In deciding motions for leave to appeal under FRBP Rule 8004, the district courts have looked for guidance to the standards set forth in 28 U.S.C. § 1292(b) relating to certification by district courts of questions for interlocutory appeal to the Court of Appeals. *See In re Burke*, 95 B.R. 716, 717 (B.A.P. 9th Cir. 1989); *In re Price*, 79 B.R. 888, 889 (B.A.P. 9th

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

Cir.), aff'd mem., 871 F.2d 97 (9th Cir. 1989); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *In re Lewis*, 1994 U.S. Dist. LEXIS 4492, at *7 (N.D. Cal. Mar. 31, 1994).

Under 28 U.S.C. § 1292(b), leave to appeal should be granted where an interlocutory order (i) involves a "controlling question of law," (ii) as to which there is "substantial grounds for difference of opinion," and (iii) an immediate appeal may "materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983). Applying these standards, courts within the Ninth Circuit and elsewhere have granted leave to appeal an interlocutory order in circumstances similar to or far less pressing than those in this case. *See, e.g.*, *In re Couch*, 80 B.R. 512, 514 (S.D. Cal. 1987) (granting leave to appeal from discovery order of bankruptcy court); *see also Roderick Timber*, 185 B.R. at 604 (granting leave to appeal from bankruptcy court award of compensation to trustee); *In re Xebec*, 147 B.R. 5118 (B.A.P. 9th Cir. 1992) (granting leave to appeal question whether an award of attorneys' fees and costs qualified as reasonable expenses under 11 U.S.C. § 330); *In re Tudor Associates, Ltd.*, 64 B.R. 656, 660 (E.D.N.C. 1986) (granting leave to appeal question whether debtor in possession is officer of court for purposes of pleading "fraud on the court" cause of action); *In re Wilson Freight Co.*, 21 B.R. 398, 401 (S.D.N.Y. 1982) (granting leave to appeal order granting interim counsel fees).

KF&C

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

In *Couch*, a trustee served discovery that an insurer objected to on grounds of overbreadth, attorney-client and work-product privileges, and violation of an insureds' right to privacy. 80 B.R. at 514. The bankruptcy court granted the trustee's motion, and the insurer requested leave to file an interlocutory appeal of the order. *Id.* The District Court heard and considered the insurer's appeal and reversed the discovery order of the bankruptcy court. *Id.*, at 517. This Court should follow *Couch*, and grant PwC leave to appeal.

      1.   *The Bankruptcy Court Order Decided a Controlling Question of Law*

An issue is deemed to raise a "controlling question of law" in any of a variety of circumstances. At the "very least," "'every order which, if erroneous, would be reversible error on final appeal'" is a controlling question of law. *Cement Antitrust Litig.*, 673 F.2d at 1026 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). However, even if the order sought to be appealed would not constitute reversible error, the Ninth Circuit regards an issue as controlling and meriting interlocutory review if "resolution of the issue on appeal could materially affect the outcome" of the litigation. *Cement Antitrust Litig.*, 673 F.2d at 1026.

Here, the Order seeks to expand the scope of discovery to include discovery relating to potential claims that would be in direct contravention of the Schedule of Assigned Rights and Causes of Action, which limits the Trustee's assigned claims to those relating to *the cause* of any of the wildfires. Such an Order has a material

Case: 19-30088 Doc# 11205-1 Filed: 09/09/21 Entered: 09/09/21 15:36:02 Page 45
of 81

Kibler Fowler & Cave LLP

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

effect on further discovery in this case and could result in additional unnecessary costs as the case progresses.

        2.     *The Bankruptcy Court's Ruling Involves a Legal Question About Which There Are Substantial Grounds For Difference of Opinion*

"Substantial grounds for difference of opinion" exist either where the issue sought to be appealed is novel or there is a lack of authority interpreting the issue. *See Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 854 F. Supp. 2d 756, 769 (C.D. Cal. 2011) ("Even where no conflicting case law exists, however, it is still possible to establish a substantial ground for a difference of opinion. In such circumstances, the Court must make an inquiry into the merits to determine whether there is substantial grounds for a difference of opinion.") (internal quotations and citations omitted); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090-1093 (E.D. Cal. 2008) (substantial grounds for difference of opinion existed where the issues were novel issues of first impression and there was no case law, discussion, or disposition involving the issues); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372-73 (5th Cir. 1987) (district court properly certified leave to appeal where legal issue presented was novel); *Kern-Tulane Water Dist v. City of Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986) (substantial ground for difference of opinion existed where there was sparse authority addressing legal question presented). In addition, courts have held that, independent of any consideration of the standards set forth in 28 U.S.C. § 1292, leave to appeal an interlocutory order of the bankruptcy

10

Case: 19-30088    Doc# 11205-1    Filed: 09/07/21    Entered: 09/07/21 15:36:02    Page 6
MEMORANDUM OF POINTS AND AUTHORITIES    35 of 41
35

court should be granted "where the question presented is one of first impression." *Tudor Associates*, 64 B.R. at 660; *Wilson Freight*, 21 B.R. at 401. These standards, too, are satisfied here.

The parties disagree as to whether the Schedule of Assigned Rights and Causes of Action limits the scope of discovery under the Subpoena to those claims relating to the cause of any of the wildfires. There is limited or no controlling authority addressing this legal question, which under these facts appears to be one of first impression before this Court.

        3.    *Resolution of This Question on Appeal Will Materially Advance Termination of PwC's Role in This Proceeding*

The Schedule of Assigned Rights and Causes of Action makes clear that the Trustee was not provided a broad mandate to bring claims against third parties. Rather, the Trustee was assigned very specific claims: those that "relat[e] to *the cause* of any of the Fires." (emphasis added). Expanding these claims and the scope of discovery under the Subpoena to issues that do not relate in any way to causation of the wildfires will cause the parties to expend considerable additional time and resources reviewing and producing documents that will ultimately be useless in the Trustee's adjudication of its assigned claims. By deciding this question on appeal now, the Court would allow the parties to proceed more efficiently and focus on the information applicable only to the claims assigned to the Trustee in the Schedule of Assigned Rights and Causes of Action.

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

# V. CONCLUSION AND RELIEF SOUGHT

For all of the reasons set forth above, PwC asks that this Court permit this appeal as of right or, alternatively, grant PwC's motion for leave to file an appeal of the Bankruptcy Court's Order.

Dated:  September 7, 2021   KIBLER FOWLER & CAVE LLP


By: _/s/ Matthew J. Cave_
   MICHAEL D. KIBLER
   MATTHEW J. CAVE
   KEVIN C. KROLL
   Attorneys for PricewaterhouseCoopers
   LLP

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025
KF&C

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>       Debtors. | CASE NO. 19-30088 (DM)<br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING PRICEWATERHOUSECOOPERS LLP'S MOTION FOR LEAVE TO APPEAL FROM ORDER COMPELLING PRICEWATERHOUSECOOPERS LLP'S COMPLIANCE WITH RULE 2004 SUBPOENA IN RELATION TO THE GENERAL RATE CASE DOCUMENTS** |

Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Upon the motion ("Motion") of PricewaterhouseCoopers LLP ("PwC") pursuant to Federal Rule of Bankruptcy Procedure 8004 for entry of an order granting leave to appeal the Bankruptcy Court's Order entered August 24, 2021, compelling PwC's compliance with a Rule 2004 Subpoena in relation to the General Rate Case documents in the above-captioned proceeding (the "Order"); and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is warranted and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      PwC is granted leave to appeal the Order.

3.      Notwithstanding any rule to the contrary, this Order shall take effect immediately upon entry.

4.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____          _____

                                  Hon. Dennis Montali
                                  U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In Re: PG& E Corporation                           Bankruptcy Case No. 19-30088-DM
and Pacific Gas and Electric Company               Chapter 11

## COURT CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed clerk of the United States Bankruptcy Court for the Northern District of California, served a copy of the foregoing document(s):

**Notice of Appeal and Statement of Election- by PricewaterhouseCoopers LLP- Dkt. #11199**

**Order Compelling PricewatershouseCoopers LLP's Compliance with Rule 2004 Subpoena in Relation to the General Rate Case Documents- Dkt. #11145**

That I, in the performance of my duties as such Clerk, served a copy of the foregoing document(s) on the date shown below:

**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

**KIBLER FOWLER & CAVE LLP**                       for PricewaterhouseCoopers, LLP
Michael D. Kibler
Matthew J. Cave
Kevin C. Kroll
1100 Santa Monica Blvd., #360
Los Angeles, CA 90025

**GREENBERG GROSS LLP**
Evan C. Borges
Sarah Kelly-Kilgore
601 S. Figueroa St., 30th Fl.
Los Angeles, CA 90017

for The Honorable John K. Trotter (Ret.) Trustee of the
PG&E Fire Victim Trust

Da'Wana L. Chambers
Deputy Clerk

Date: September 9, 2021