1  KELLER BENVENUTTI KIM LLP
   Jane Kim (#298192)
2  (jkim@kbkllp.com)
   David A. Taylor (#247433)
3  (dtaylor@kbkllp.com)
   Thomas B. Rupp (#278041)
4  (trupp@kbkllp.com)
   650 California Street, Suite 1900
5  San Francisco, CA 94108
   Tel: 415 496 6723
6  Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>  - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (BESTWALL CLAIMS)**<br><br>**Response Deadline:**<br>October 5, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date:   October 19, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this One Hundred Fifth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

III.    **RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging certain Proofs of Claim for which the Reorganized Debtors are not liable (the "**Bestwall Claims**"). The Bestwall Claims are identified on **Exhibit 1**, in the

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

column headed "Claims To Be Disallowed and Expunged."

The Bestwall Claims were filed by Bestwall LLC, formerly known as Georgia-Pacific, LLC ("**Bestwall**"),[2] in connection with certain legal actions (the "**Actions**") asserting claims related to alleged exposure to asbestos-containing products. The Bestwall Claims allege that the Debtors may have liability to Bestwall based on indemnification or contribution, but do not assert any liquidated amount of damages. Instead, in the attachment to each of the Bestwall Claims (one of which was filed against each Debtor), Bestwall states that "Bestwall files the Proof of Claim as a protective measure to assert and reserve all of its rights to any and all causes of action, claims, demands, and remedies against the Debtor arising out of or relating to Bestwall's status as a co-defendant with the Debtor or any of the Debtor's affiliates, including the Co-Debtor, in any or all of the Actions, including, but not limited to, on the basis of indemnification, contribution, reimbursement, setoff, successor liability, piercing of the corporate veil, unjust enrichment, and all other similar bases under applicable local, state, or federal law or title 11 of the United States Code." *Addendum to Proof of Claim of Bestwall LLC*, ¶ 2. Annex A to each of the Bestwall Proofs of Claim identifies the 81 Actions in which Bestwall alleges that either Debtor or an affiliate thereof is a co-tortfeasor with Bestwall and therefore potentially liable to Bestwall.

## IV. ARGUMENT

### A. The Bestwall Claims Should be Disallowed and Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code." Omnibus Objections Procedures Order, ¶ 2(C)(v). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the Bestwall Claims identified on **Exhibit 1** and have determined each represents a Proof of Claim for which the Reorganized Debtors do not have any liability.

---

[2] *See Declaration of Tyler L. Woolson in Support of First Day Pleadings*, paragraph 10, filed as docket number 2 in the chapter 11 case of *In re Bestwall LLC*, Case No. 17-31795 (W.D.N.C. Bankr.) (the "**Bestwall Chapter 11 Case**"). All documents filed in the Bestwall Chapter 11 Case are available at www.donlinrecano.com/Clients/bw/Dockets.

The claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to Bestwall, the holder of the Bestwall Claims.

The Bestwall Claims relate to 81 separate Actions, and the Reorganized Debtors have identified multiple grounds for the Debtors' objections to the Bestwall Claims. In many instances, multiple defenses exist with respect to a single Action. Each of the Actions is classified under any one or more of the following grounds for objection, as discussed further below:

1. Section 502(e)(1) Disallowance
2. Barred by Statute of Limitations
3. Determination of No PG&E Liability
4. No Personal Jurisdiction
5. Workers' Compensation Exclusivity
6. No Damages

A list of the Actions and the applicable grounds for objection with respect to each Action is attached hereto as **Exhibit 2**.

**B.     The Bestwall Claims Are Subject to Disallowance Under Section 502(e)(1)(B)**

As an initial matter, the Bestwall Claims constitute contingent claims by Bestwall against the Debtors and must be disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code. Section 502(e)(1)(B), in pertinent part, states that the Court:

> <u>shall</u> disallow any claim for reimbursement or contribution of any entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that –
>
> . . . .
>
> (B) such claim for reimbursement or contribution is <u>contingent as of the time of allowance or disallowance of such claim</u> . . . .

11 U.S.C. § 502(e)(1) (emphasis added).

A claim will be disallowed under Section 502(e)(1)(B) only if (1) the claim is for reimbursement or contribution; (2) the party asserting the claim is liable with the debtor on the claim of a creditor; and

(3) the claim is contingent at the time of allowance or disallowance. *In re Dant & Russell, Inc.*, 951 F.2d 246, 248 (9th Cir. 1991).

The Bestwall Claims seek indemnification or contribution in a contingent, unliquidated amount from the Debtors as alleged potential joint tortfeasors. Therefore, each of these Claims meet the first element of the three-part test, as each such claim is for reimbursement or contribution, whether such claim is based on contract or tort. *See In re Am. Cont'l Corp.*, 119 B.R. 216, 218 (D. Ariz. 1990) ("[I]t would be antithetical to disallow contingent claims by sureties and guarantors, yet allow tort-based claims of indeterminate magnitude to compete for estate assets and impede the debtor's ability to reorganize."); *see also In re Hemingway Transp.*, 993 F.2d 915, 924 (1st Cir. 1993) (language of § 502(e)(1)(b) "has been found too plain and inclusive to exempt 'joint and several' tort-based obligations from disallowance").

Section 502(e)(1) of the Bankruptcy Code applies to claims of an "entity that is liable with the debtor on . . . the claim of a creditor." 11 U.S.C. § 502(e)(1). Courts have held that "[t]he phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its bases." *In re Eagle-Picher Indus.*, 131 F.3d 1185, 1190 (6th Cir. 1997) (citation omitted). Here, any liability of the Debtors with respect to the purported indemnification or contribution claims could only arise if Bestwall were co-liable with the Debtors to the plaintiffs in the underlying Actions. *See, e.g.*, *Gouvis Engineering v. Superior Court*, 37 Cal. App. 4th 642, 646 (1995); *see also Expressions at Rancho Niguel Assn. v. Ahmanson Developments, Inc.*, 86 Cal. App. 4th 1135, 1139 (2001). Accordingly, these Claims satisfy the second element of the test.

The Bestwall Claims do not assert any fixed, noncontingent, liquidated damages with respect to any of the Actions. Instead, Bestwall states that it has filed the Bestwall Claims "as a protective measure," and reserves the right to amend or supplement the Bestwall Claims to, among other things, "fix the amount of any contingent or unliquidated claim." Because the claims for indemnification or contribution are based on possible future assessed damages and liability and do not assert any amounts currently owed, the Bestwall Claims are clearly contingent. Section 502(e)(1)(B) requires that the claim be "contingent as of the time of allowance or disallowance of such claim." *Sorenson v. Drexel Burnham Lambert Group*, 146 B.R. 92, 95 (S.D.N.Y. 1992). A claim is contingent when the right to payment

exists, but is dependent upon the occurrence of a future event. *See, e.g., id.*; *Pinnacle Brands*, 259 B.R. at 50. In *Drexel*, the district court found the contingency element of the three-part test was easily satisfied because the underlying liability of the former officers had not yet been determined. *Drexel*, 146 B.R. at 95; *see also In re MEI Diversified, Inc.*, 106 F.3d 829, 832 (8th Cir. 1997) ("The primary example of a contingent claim . . . is when 'a co-debtor has not paid the creditor and [thereby] established his right to payment from the debtor.'") (citation omitted).

Similar to the contingency found in the foregoing cases, the liability underlying the Bestwall Claims, and hence the right to payment, is contingent upon the prospective adjudication of any of the Actions described in the Bestwall Claim and **Exhibit 2**, as well as actual payment by Bestwall on account of such proceedings and lawsuits (and a finding that PG&E is co-liable as a joint tortfeasor). None of the Bestwall Claims allege or provide evidence that any such contingency has been realized, let alone has been resolved in a manner that would entitle Bestwall to any right to indemnity or contribution against any of the Debtors. The Bestwall Claims, therefore, are contingent and satisfy the third element of the three-part test for disallowance.

The Actions that are subject to disallowance on this ground (that is, all of them) are identified on Exhibit 2 as "(1) (Section 502(e)(1) Disallowance)."

    **C.**    **All Actions Resolved by Bestwall Prior to November 2, 2015 Are Time Barred by California's Statute of Limitations – Time of Commencing Actions Other Than for the Recovery of Real Property [C.C.P. § 339]**

In the vast majority of the Actions, the underlying claim of the plaintiff against Bestwall was either adjudicated or otherwise resolved at least two years prior to the filing of the Bestwall Chapter 11 Case on November 2, 2017, in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, as Case No. 17-31795.[3]

California Code of Civil Procedure ("**C.C.P.**") Section 339 establishes a two-year statute of limitations for equitable contribution claims. *See Century Indemnity Company v. Superior Court*, 50

---

[3] It is the Reorganized Debtors' understanding that the filing of the Bestwall Chapter 11 Case stayed all pending Actions against it pursuant to the automatic stay under section 362(a) of the Bankruptcy Code. Based on the Reorganized Debtors' review of the docket in the Bestwall Chapter 11 Case, it appears that no plan has been confirmed in that case, and the Bestwall Chapter 11 Case remains pending.

Cal. App. 4th 1115, 1119 (1996) (holding that C.C.P. Section 339 requires that an equitable contribution action be commenced within two years after the underlying claims settlement was paid or discharged); *see also Ironshore Specialty Ins. Co. v. Everest Ins. Co.*, 473 F. Supp. 3d 1028, 1039 (C.D. Cal. 2020) (same); *Schiess v. Bates*, 693 P. 2d 440, 442 (Idaho 1984) (statute of limitations for indemnity claims begins to run "when the underlying claim, judgment, or settlement is paid or discharged"). Any liability of the Debtors to Bestwall arising from any Actions resolved as to Bestwall prior to November 2, 2015, to the extent such liability existed, was time barred as of Bestwall's petition date

The Actions that are subject to disallowance on this ground are identified on Exhibit 2 as "(2) (Barred by Statute of Limitations)."[4]

### D. All Bestwall Claims in Which the Underlying Actions Were Dismissed Against PG&E For Lack of PG&E Liability Are Estopped

In many of the Actions, PG&E was dismissed based upon a finding of the presiding court or agreement with the plaintiff as to lack of evidence of PG&E's potential liability. Those Actions cannot give rise to claims by Bestwall for indemnity or contribution, because PG&E was found to have no liability. The right to indemnity flows from payment of a joint legal obligation on another's behalf. Cal. Civ. Code § 1432. The elements of a cause of action for indemnity are (1) a showing of *fault* on the part of the indemnitor, and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible. *Gouvis Engineering v. Superior Court*, 37 Cal. App. 4th at 647-48; *see also Expressions at Rancho Niguel Assn. v. Ahmanson Developments, Inc.*, 86 Cal. App. 4th at 1139.

Because plaintiffs or the presiding court in the underlying Actions determined that there was no evidence of liability against PG&E, and on that basis PG&E was dismissed from the underlying Actions, PG&E cannot be liable to Bestwall for such claims as a matter of law.

---

[4] The Actions identified as "Barred by Statute of Limitations" Actions on Exhibit 2 are those that, based on the public record, were dismissed as to Bestwall as of November 2, 2015. The Reorganized Debtors used the dismissal date for this purpose based on the assumption that any payment of damages, as a result of settlement or otherwise, would be made no later than the date that an Action was dismissed as against Bestwall. It is likely that there are Actions that had not been dismissed as of November 2, 2015, but which are nevertheless time-barred under the two-year statute of limitations because Bestwall had paid on the underlying claim prior to that date. The Reorganized Debtors reserve their right to object to the Bestwall Claims with respect to such Actions on the basis that they are barred by the statute of limitations, or to object to the Bestwall Claims on any other grounds.

The Actions that are subject to disallowance on this ground are identified on Exhibit 2 as "(3) (Determination of No PG&E Liability)."

E.  **All Bestwall Claims in Actions Dismissed Against PG&E For Lack of Personal Jurisdiction Over PG&E Are Estopped**

In some Actions, the plaintiff agreed that the presiding court had no personal jurisdiction over PG&E. Those Actions cannot serve as the basis for indemnity and contribution claims against PG&E. "It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Lewis v. Lewis*, 49 Cal.2d 389, 393 (1957).

The Actions that are subject to disallowance on this ground are identified on Exhibit 2 as "(4) (No Personal Jurisdiction)."

F.  **All Actions Based on the Workers Compensation Exclusivity Defense to PG&E Are Barred Pursuant to California Labor Code §§ 3600 and 3864**

In certain Actions, based upon PG&E's status as an employer of the plaintiff, PG&E was dismissed because such claims are subject to the exclusivity of the Workers Compensation statutes set forth in the California Labor Code. Labor Code § 3600 mandates that the exclusive remedy against PG&E as an employer is workers' compensation. Labor Code § 3864 precludes an employer's liability to reimburse or hold harmless a third party for a settlement or judgment in the absence of a written agreement to do so. Cal. Labor Code §§ 3600, 3864; *see also Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital*, 8 Cal. 4th 100, 114 (1994). PG&E has no written agreements with Bestwall with respect to the defense of workers' compensation claims. Accordingly, in Actions in which PG&E is or was entitled to a workers' compensation defense, PG&E cannot be liable to Bestwall because of this exclusivity.

The Actions that are subject to disallowance on this ground are identified on Exhibit 2 as "(5) (Workers' Compensation Exclusivity)."

G.  **Bestwall Has No Basis for a Claim In Actions In Which Bestwall Was Dismissed Without Making Payment**

In at least two of the Actions, Bestwall was dismissed without any liability and without paying any damages, by way of settlement or otherwise. It is axiomatic that a claim for indemnity requires damages suffered by the indemnitee. *Gouvis Engineering*, 37 Cal. App. 4th at 646. In Actions in which

Bestwall was not liable and did not pay anything to the plaintiff, Bestwall did not suffer damages and therefore does not have a claim for indemnity or contribution against PG&E.

The Reorganized Debtors are aware of two Actions that are subject to disallowance on this ground, based on publicly available documents. These Actions are identified on Exhibit 2 as "(6) (No Damages)."

### H. Bestwall Bears the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[5] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (*quoting* 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991)), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Bestwall Claims do not represent a current right to payment and, therefore, should be disallowed and expunged in their entirety pursuant to

---

[5] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States have twice been further extended by stipulation and order [Docket Nos. 10459, 10463, 10983, and 10986].

section 502(e)(1). In addition, with respect to many of the Actions, the Bestwall Claims are barred by the applicable statute of limitations, a prior determination that PG&E was not liable or that there was no personal jurisdiction against PG&E, or the workers' compensation exclusivity defense. If Bestwall believes that a Bestwall Claim is not subject to disallowance, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Bestwall Claims on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Bestwall Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Bestwall Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: September 9, 2021 | **KELLER BENVENUTTI KIM LLP** |
| 2 | | By: _/s/ Thomas B. Rupp_ |
| 3 | | Thomas B. Rupp |
| 4 | | *Attorneys for Debtors and Reorganized Debtors* |