```
 1  KELLER BENVENUTTI KIM LLP
    Jane Kim (#298192)
 2  (jkim@kbkllp.com)
    David A. Taylor (#247433)
 3  (dtaylor@kbkllp.com)
    Thomas B. Rupp (#278041)
 4  (trupp@kbkllp.com)
    650 California Street, Suite 1900
 5  San Francisco, CA 94108
    Tel: 415 496 6723
 6  Fax: 650 636 9251
 7
    *Attorneys for Debtors and Reorganized Debtors*
 8
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF A. ANNA CAPELLE IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (BESTWALL CLAIMS)** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Response Deadline:**<br>October 5, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: October 19, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, A. Anna Capelle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed in this role since May 1, 2020, and prior to such date I was employed as Interim Managing Counsel, Strategy and Policy. I have been employed as an attorney for PG&E since October 2006. In my current role, I am responsible for supervising seven litigation attorneys and three commercial contracts attorneys, and advising leaders on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Fifth Omnibus Objection to Claims (Bestwall Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection. The Bestwall Claims that are the subject of this Declaration are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**.

4. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the Bestwall Claims.

5. The Bestwall Claims were filed by Bestwall LLC, which I understand from publicly filed pleadings in the Bestwall Chapter 11 Case was formerly known as Georgia-Pacific, LLC ("**Bestwall**"), in connection with certain legal actions (the "**Actions**") asserting claims related to alleged exposure to asbestos-containing products. The Bestwall Claims allege that the Debtors may have liability to Bestwall based on indemnification or contribution, but do not assert any liquidated amount of damages. Annex A to each of the Bestwall Proofs of Claim identifies the 81 Actions in which Bestwall alleges that either Debtor or an affiliate thereof is a co-tortfeasor with Bestwall and therefore potentially liable to Bestwall.

6. Because the Bestwall Claims relate to 81 separate Actions, there are multiple grounds for the Debtors' objections to the Bestwall Claims. A list of the Actions is attached to the Omnibus Objection as **Exhibit 2**, which includes the applicable grounds for objection with respect to each Action, including whether the underlying Action was adjudicated or otherwise resolved as against the Debtors and the date and nature of such resolutions, as identified by the applicable Debtor's counsel in each Action.

7. **Exhibit 2** was prepared by both the AlixPartners team and the Debtors' counsel (whose work is supervised by the Utility's Law Department) and includes information regarding each of the Actions. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 2** accurately identifies and describes the Actions.

8. The Bestwall Claims seek indemnification or contribution for all of the Actions in a contingent, unliquidated amount from the Debtors as alleged potential joint tortfeasors. All of the Actions are identified on Exhibit 2 as "(1) (Section 502(e)(1) Disallowance)."

9. In the vast majority of the Actions, the underlying claim of the plaintiff against Bestwall was either adjudicated or otherwise resolved at least two years prior to the filing of the Bestwall Chapter 11 Case on November 2, 2017. These Actions are identified on Exhibit 2 as "(2) (Barred by Statute of

1 Limitations)."[2]

2     10.    In many of the Actions, PG&E was dismissed based upon a finding of the presiding court or agreement with the plaintiff as to lack of evidence of PG&E's potential liability. These Actions are identified on Exhibit 2 as "(3) (Determination of No PG&E Liability)."

    11.    In some Actions, the plaintiff agreed that the presiding court had no personal jurisdiction over PG&E. These Actions are identified on Exhibit 2 as "(4) (No Personal Jurisdiction)."

    12.    In certain Actions, based upon PG&E's status as an employer of the plaintiff, PG&E was dismissed because such claims are subject to the exclusivity of the Workers Compensation statutes set forth in the California Labor Code. These Actions are identified on Exhibit 2 as "(5) (Workers' Compensation Exclusivity)."

    13.    In at least two of the Actions, Bestwall was dismissed without any liability and without paying any damages, by way of settlement or otherwise. These Actions are identified on Exhibit 2 as "(6) (No Damages)."

[Remainder of Page Intentionally Left Blank]

---

[2] The Actions identified as "Barred by Statute of Limitations" Actions on Exhibit 2 are those that, based on the public record, were dismissed as to Bestwall as of November 2, 2015. It is likely that there are Actions that had not been dismissed as of November 2, 2015, but which are nevertheless time-barred under the two-year statute of limitations because Bestwall had paid on the underlying claim prior to that date. The Reorganized Debtors reserve their right to object to the Bestwall Claims with respect to such Actions on the basis that they are barred by the statute of limitations, or to object to the Bestwall Claims on any other grounds.

| | |
|---|---|
| 1 | |
| 2 | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and |
| 3 | correct to the best of my knowledge, information, and belief.  Executed this ninth day of September, |
| 4 | 2021. |

          /s/ *A. Anna Capelle*
          A. Anna Capelle