KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF A. ANNA CAPELLE IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**October 5, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  October 19, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, A. Anna Capelle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed in this role since May 1, 2020, and prior to such date I was employed as Interim Managing Counsel, Strategy and Policy. I have been employed as an attorney for PG&E since October 2006. In my current role, I am responsible for supervising seven litigation attorneys, and advising leaders on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Sixth Omnibus Objection to Claims (No Legal Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at Proofs of Claim specifically identified in **Exhibit 1** to the Omnibus Objection. The No Legal Liability Claims that are the subject of this Declaration are identified in the columns headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**.

4. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the No Legal Liability Claims.

5. **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Legal Liability Claims are classified as "Barred by Previous Settlement Agreement" or "Barred by Court Order", as discussed further below.

6. <u>Barred by Previous Settlement Agreement.</u>" This Proof of Claim (No. 71227) was asserted by Claimant Victor Packing, Inc. and is subject to a valid and enforceable settlement agreement with the Claimant that has been satisfied in full by the Debtors in the ordinary course of business. In connection with the settlement agreement, Victor Packing, Inc. filed a motion to dismiss its complaint with the California Public Utilities Commission, and the complaint has been dismissed without prejudice. Therefore, because the Reorganized Debtors have satisfied the underlying liability for this Claim pursuant to that settlement agreement, the Barred by Previous Settlement Agreement Claim should be disallowed and expunged.

7. <u>"Barred by Court Order."</u> This Proof of Claim (No. 19986) was asserted by Claimant California Capital Insurance Company ("**California Capital**") and relates to prepetition litigation against the Debtors and other defendants in the Superior Court of California for the County of Monterey (the "**State Court**"). California Capital filed a request for dismissal with prejudice of its complaint-in-intervention in the State Court on September 21, 2020, and the dismissal was entered by the clerk the same day. The Reorganized Debtors are therefore not liable for this claim, because it has been disposed of pursuant to a voluntary dismissal with prejudice in a court of competent jurisdiction other than the Bankruptcy Court. Therefore, the Barred by Court Order Claim identified on **Exhibit 1** should be disallowed and expunged.

8. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, each of the No Legal Liability Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this ninth day of September, 2021.

                                 /s/ *A. Anna Capelle*
                                 A. Anna Capelle