KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (MCCOLM CLAIMS)**<br><br>**Response Deadline:**<br>October 5, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date:  October 19, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this One Hundred Seventh Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III. RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging Proofs of Claim filed by Patricia A. McColm ("**McColm**"), for which the Reorganized Debtors are not liable (the "**McColm Claims**").

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

The McColm Claims are identified in the column headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**. Each claim concerns a separate incident in 2019 where McColm alleges the Utility wrongfully entered onto and damaged her real property while servicing its utility lines.

PG&E and McColm were parties to litigation filed by the Utility concerning PG&E's rights with respect to an easement running across a portion of real property owned by McColm, which the Utility filed in the Superior Court of the State of California, County of Trinity (the "**Superior Court**"), Case No. 10 CV 065. On October 2, 2015, the Superior Court entered a *Judgment After Trial in Favor of Pacific Gas and Electric Company for Prescriptive Easement, Permanent Injunction, and Damages* (the "**Judgment**"). The Superior Court found that the Utility is the legal successor in interest to a grant of a right of way dating from 1916, and that it holds through prescription an easement to erect, access, and maintain electric light and power pole transmission, distribution lines and facilities through, over, and across the lands described in Exhibit 1 to the Judgment. The Judgment, among other relief, provides that (i) the Utility is entitled to an easement for its electrical transmission lines across McColm's property, (ii) the Utility is entitled to maintain the equipment on its easement, (iii) McColm is permanently enjoined from obstructing the Utility's efforts to maintain its equipment and manage the vegetation within the easement, (iv) entitles the Utility to remove locks and relocate vehicles blocking access to its easement to perform lawful maintenance of its equipment and management of vegetation on the easement. The Judgment also awarded the Utility general and compensatory damages. A true and correct copy of the Judgment is attached to the Declaration of Cesar V. Alegria, Jr. (the "**Alegria Declaration**") submitted in support of this Objection and filed contemporaneously herewith, as **Exhibit A**.

On December 31, 2015, McColm appealed the Judgment in the California Court of Appeal, Third Appellate District (the "**Court of Appeal**"), Case No. C080984 (the "**Appeal**"). The Appeal has remained pending for over five years, and McColm has yet to file an opening brief. After receiving numerous extensions to designate the record on appeal, McColm sought and received ten extensions of time to file her opening brief, which was first due in the Spring of 2019. Most recently, on August 30, McColm sought to have the September 3, 2021 deadline for her opening brief extended for another six months. Given the length of time that the Appeal has been pending and McColm's repeated requests for

extensions, there is no indication of when, if ever, the matter will be fully briefed and the Court of Appeal will decide the Appeal.

In the meantime, PG&E continues to exercise its rights in accordance with the Judgment, accessing its easement to maintain its equipment and manage vegetation within the easement. The McColm Claims filed in the Chapter 11 Cases appear to assert that, because McColm filed her Appeal of the Judgment, which Appeal has been pending since 2015, PG&E cannot enforce its rights with respect to the easement pursuant to the Judgment and enter McColm's property. However, McColm never sought a stay of the Judgment until 2019 and on October 4, 2019, the Court of Appeal denied McColm's request for a stay pending appeal.

## IV. ARGUMENT

### A. The McColm Claims Should be Disallowed and Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the McColm Claims identified on **Exhibit 1** and have determined that each represents a Proof of Claim for which the Reorganized Debtors are not liable. There is only one claimant, McColm, and both claim numbers and amounts are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to McColm as the holder of the McColm Claims.

Proof of Claim No. 7659 relates to an alleged improper entry by the Utility onto its easement on January 23, 2019, a few days before the Petition Date. Proof of Claim No. 104538 relates to alleged acts by the Utility on November 5, 2019, nine months after the Petition Date, which McColm alleges are part of a "continuing conspiracy." McColm does not allege in either of the McColm Claims any specifics on how the Utility's acts were wrongful, and specifically how they were in contravention to the Utility's

rights under its easement as set forth in the Judgment.[2] Indeed, the alleged acts of PG&E that are the basis of the McColm Claims are acts that are permitted under the Judgment – acts taken to access the property in order to exercise its easement rights. As stated above, the Judgment sets forth PG&E's rights with respect to the easement and enjoins McColm from impeding PG&E's access to its easement. Instead, McColm asserts that the Appeal somehow stayed the Judgment, and that PG&E is not permitted to enforce its rights under the Judgment while it is on appeal. But the Appeal did not stay the Judgment here; indeed, the Court of Appeal denied McColm's request for a stay pending appeal. Therefore, PG&E has at all relevant times been permitted to exercise its rights with respect to the easement as set forth in the Judgment. For the reasons set forth herein, the McColm Claims identified on **Exhibit 1** should be disallowed and expunged.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage*

---

[2] Although the Utility, and not PG&E Corp., is the party to the Judgment and the Appeal and the entity alleged to have committed the acts at issue in the McColm Claims, McColm filed the McColm Claims against PG&E Corp. and not the Utility. The Reorganized Debtors submit that neither Debtor is liable on the McColm Claims for the reasons set forth in this Objection.

[3] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States have twice been further extended by stipulation and order [Docket Nos. 10459, 10463, 10983, and 10986].

*(In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the McColm Claims assert amounts for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety. If McColm believes that her claims are valid, she must present affirmative evidence demonstrating the validity of her claims.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the McColm Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) the holder of the McColm Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: September 9, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
      Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*