| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF CESAR V. ALEGRIA, JR. IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (MCCOLM CLAIMS)**<br><br>**Response Deadline:**<br>**October 5, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:   October 19, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

I, Cesar V. Alegria, Jr., pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Senior Counsel in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed as an attorney for PG&E since December 1989. In my current role, I am responsible for handling and managing eminent domain, land acquisition and other land related litigation. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Seventh Omnibus Objection to Claims (McColm Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at the McColm Claims that are specifically identified in **Exhibit 1** to the Omnibus Objection.

4. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the McColm Claims.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

5. Each of the McColm Claims concerns a separate incident in 2019 where McColm alleges the Utility wrongfully entered onto and damaged her real property while servicing its utility lines.

6. PG&E and McColm were parties to litigation filed by the Utility concerning PG&E's rights with respect to an easement running across a portion of real property owned by McColm, which the Utility filed in the Superior Court of the State of California, County of Trinity (the "**Superior Court**"), Case No. 10 CV 065. On October 2, 2015, the Superior Court entered a *Judgment After Trial in Favor of Pacific Gas and Electric Company for Prescriptive Easement, Permanent Injunction, and Damages* (the "**Judgment**"). The Superior Court found that the Utility was the legal successor in interest to a grant of a right of way dating from 1916, and that it holds through prescription an easement to erect, access, and maintain electric light and power pole transmission, distribution lines and facilities through, over, and across the lands described in Exhibit 1 to the Judgment. A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

7. On December 31, 2015, McColm appealed the Judgment in the California Court of Appeal, Third Appellate District (the "**Court of Appeal**"), Case No. C080984 (the "**Appeal**"). The Appeal has remained pending for over five years, and McColm has yet to file an opening brief. After receiving numerous extensions to designate the record on appeal, McColm sought and received ten extensions of time to file her opening brief, which was first due in the Spring of 2019. Most recently, on August 30, McColm sought to have the September 3, 2021 deadline for her opening brief extended for another six months. Given the length of time that the Appeal has been pending and McColm's repeated requests for extensions, there is no indication of when, if ever, the matter will be fully briefed and the Court of Appeal will decide the Appeal.

8. In the meantime, PG&E continues to exercise its rights in accordance with the Judgment, accessing its easement to maintain its equipment and manage vegetation within the easement. The McColm Claims filed in the Chapter 11 Cases appear to assert that, because McColm filed her Appeal of the Judgment, which Appeal has been pending since 2015, PG&E cannot enforce its rights with respect to the easement pursuant to the Judgment and enter McColm's property. However, McColm never sought a stay of the Judgment until 2019, and on October 4, 2019, the Court of Appeal denied McColm's request for a stay pending appeal. Attached as **Exhibit B** and **Exhibit C** hereto, respectively,

are a true and correct copy of McColm's request for a stay pending appeal dated September 30, 2019, and the denial of McColm's request for a stay dated October 4, 2019.

9. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, each of the McColm Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this ninth day of September, 2021.

/s/ *Cesar V. Alegria, Jr.*
Cesar V. Alegria, Jr.