# Exhibit B

PATRICIA A. MCCOLM
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment

Defendant and Appellant

September 30, 2019

Court of Appeal, Third Appellate District
914 Capitol Mall
Sacramento, CA 95814-4814

Re: C080984 *PG&E v McColm*: **REQUEST FOR <u>*EMERGENCY/IMMEDIATE STAY*</u> AND ORDER TO SHOW CAUSE RE PLAINTIFF PG&E ENTRY TO DEFENDANT PROPERTY <u>OCTOBER 7, 2019</u> THROUGH OCTOBER 11, 2019; FOR UNIDENTIFIED WORK WITHOUT JUSTIFICATION FOR ENTRY PRIOR TO DECISION ON APPEAL; SUBJECTING THE REAL PROPERTY ON APPEAL, TO LIKELIHOOD OF CONTINUING IRREPARABLE HARM AND SUBJECTING DEFENDANT TO AGGRAVATION OF ACUTE MEDICAL CONDITION AND LIMITATIONS OF PERMANENT DISABILITY.**

Your Honors:

No specification of work to be performed on Defendant/Appellant Patricia A. McColm's (Appellant) real property and <u>no justification for entry prior to decision on appeal</u> having been provided, following requests for same; there appears to be no other remedy to preserve the status quo and prevent potential for continuing irreparable harm to said real property and Defendant personally, other than to seek protection from this Court of an <u>emergency/immediate stay and order to show cause</u> why PG&E should not be restrained from its intended entry on October 7-10, 2019 and at other times prior to decision on appeal; in particular, without a noticed motion showing urgent good cause and order of this Court.

The repetitive unnoticed / unjustified entries to Appellant's real property by PG&E and its agents inflicting serious destructive acts thereon; appear to be in <u>contravention of the automatic stay on appeal and in violation of Appellant's civil/constitutional rights</u>, causing irreparable damage to this Appellant's real property and inflicting severe distress and aggravation of disability; resulting in further inability to timely and competently accomplish the Opening Brief in such fashion as to be of best assistance to this Court.

On September 26, 2019, a letter was received mis-dated September 23, 2019, from PG&E Land Agent, Jason Thomas, announcing entry to Appellant's property, the subject matter of the appeal, for about a week of "maintenance" work on PG&E's electric transmission poles; a true and correct copy of which is attached hereto as **EXHIBIT A** and made a part hereof.

The letter fails to identify any specific work to be performed or consequences thereof for either the property subject thereto or for this property owner. Although the letter offers to receive questions regarding the letter, Mr. Thomas was not initially available on 9/26/19.

The notice triggered extreme distress, in light of the prior MULTIPLE unnoticed and unjustified destructive entries to McColm real property by PG&E and its agents, who on prior occasions both before and after trial told Appellant, essentially that: *"We can do whatever we want without notice because we have an easement."* This was even communicated as understood by the tow truck driver, who testified at trial, that he pulled the PG&E agent out of the mud, asked the PG&E agent to tell the owner who caused the deep hazardous ruts in the property; which the PG&E employee refused to do. When entry is made by PG&E agents, history warns that entry more likely than not will result in irreparable damage to the real property and severe emotional distress for this property owner.

For example, in January of this year, PG&E agents; without proper notice, no reports or justification for any "maintenance" work to be performed, entered the property specified in the Exhibit A and **destroyed 17 trees** which the CalFire chief had, shortly prior thereto, stated posed no power line fire hazard; of which PG&E, was on notice prior to its entry. In spite thereof, it brought Mountain **Firewood** Enterprises (emphasis added) onto the property, which demolished said trees, took the saleable firewood out of the middle of the trees and off the property, refusing to restore the wood or value thereof to this property owner. A true and correct copy of a few of the photographs taken during the objected to conduct, is attached hereto as **EXHIBIT B** and made a part hereof. The trees for destruction were identified by large numbers painted on the trunks. The eyesore numbers remain on the trunks of the stubs left on the property, photos of a few are attached hereto as **EXHIBIT C** and made a part hereof. All requests for eradication of the paint from the stubs have been ignored; thus, the damage appears to be permanent. On information and belief, the manner in which the trees were cut will result in death of the trees and potential for infestation of bugs causing a fall hazard on the property. The ruts remain a hazard and cannot be corrected within the Social Security income of this Appellant. On information and belief, to hire the correct machine, if one could be found in Trinity County, would cost over $1500 just to bring the machine to the property, not counting the cost of time required by the operator. Since there has now been rain, the likelihood of more ruts being created by whatever PG&E intends to do October 7-11, 2019 is of great concern.

A few photos of some trees that were questionably cut appearing OUTSIDE any power lines, is attached hereto as **EXHIBIT D** and made a part hereof. No prior inspection report was created or communicated showing any justification for the execution of the trees. It appears that some that have green paint under black blobs, appear to be outside the disputed easement; but

2

were still not spared. The retaliatory nature of the attack on Appellant's healthy aesthetic trees is evident from the fact that the actual trees in the power lines of neighbors were not cut! When this was pointed out to the PG&E representative as not a defense to the abuse on Appellant's property, one "token" tree was cut; according to the neighbor, without notice or permission. That tree wood was left on his property!

Clearly, this Appellant cannot assume she will be treated fairly by the Plaintiff and its agents in any further entry to the property; in particular, where even the language of the judgement was not subject to compliance by PG&E agents during its several abusive entries in contravention thereof. Other entries were made while PG&E/PUD and their agents appear to have known this Appellant would not be present; thus, it is unknown what additions were made on the poles; e.g. what other entities may have been added thereto; regarding which, inquiries have been ignored.

Seriously distressed at being unable to obtain information about past entries and the intended entry October 7-11, 2019, a call was placed to Attorney Habib, who failed to take the call or timely respond as requested. A true and correct copy of the fax confirming said call is attached hereto as **EXHIBIT E** and made a part hereof. One point of clarification, is that Attorney Habib signed both the complaint itself and the verification when filed. No contact by phone or request to send a fax was received from Mr. Habib.

In a later conversation 9/26/19 with the author of the maintenance letter, Jason Thomas, this property owner asked that the entry of October 7-11, 2019 be postponed pending decision on appeal; to which he stated, **HE DID NOT KNOW THE JUDGEMENT WAS ON APPEAL!!!** He did admit that he knew Attorney Habib; and yet, had no knowledge of the appeal. When asked if he had shared with Attorney Habib the knowledge that at no time had PG&E acquired recorded land rights on McColm property, he suggested that he should not be talking with this Appellant and hung up the phone. Prior thereto, he showed that he was disingenuous in his offer to answer questions as he could offer no specifics regarding the "maintenance" indicating that he was not informed that anything was urgent or couldn't be delayed; but believed some work may be done regarding guy wires; but he knew not what. Based thereon, it was requested that he have the PG&E crew take the extra long guy wire off the second lot by having PG&E act as the Public Utility Commission engineer indicated at trial could be done; by shortening or changing it to a "sidewalk guy" attachment. He did not deny this could be done; but suggested this property owner make an application and pay the fees for such a change. A true and correct copy of PG&E's own policy regarding guy wires re "sidewalk guy" is attached as **EXHIBIT F** and made a part hereof. The multiple poles/guy wires, the undisclosed restrictions apparently attendant to a PG&E alleged scope of electrical pole "easement" and its position of "doing whatever it wants" thereon without regard to the burden place on the property owner is unconscionable and makes the original purpose of the property, as used by George L. McColm as a nursery; as well as, his sub-division into residential farm use: impossible! Thereby, the lots upon which PG&E asserts its bully-like destructive dominance; without regard to environmental considerations, aesthetics and rights of property owners, are useless for the purpose intended; further, substantially

Case: 19-30088   Doc# 11228-2   Filed: 09/09/21   Entered: 09/09/21 18:15:09   Page 4 of 19

destroying the value of the entire mini sub-division.

The failure to cooperate, failure to timely disclose intended action by Plaintiff with its potential harm to Appellant, and failure to even discuss possible ways to lessen the burden on this owner's property; as well as, the "do not care" modus operandi of Plaintiff to deny access to information and inflict prejudice through false pretenses, poses urgent good cause to stay further entry to prevent continuing irreparable harm to this Appellant's real property and person.

Appellant respectfully requests an emergency/immediate stay of the intended entry October 7-11, 2019 and order to show cause why Plaintiff should abstain from all other entry absent a noticed motion and order of this Court pending final decision on appeal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted,

Patricia A. McColm
Defendant and Appellant

enc. Exhibits A-F

Pacific Gas and
Electric Company

Jason Thomas
Land Agent
3600 Meadow View Dr.
Redding, CA. 96002
Land Rights Services

Phone: 530-246-6548
E Mail jatx@pge.com

September 23, 2019

PG&E MAINTENANCE NOTIFICATION

Patricia McColm
P.O. Box# 113
Lewiston, CA 96052-0113

RE: **Transmission Line – 60kV Wood Pole Maintenance (Line#82)**

Dear Patricia McColm,

Pursuant to the Judgment filed for record as Document No. 201601885, PG&E hereby gives you formal notice by this letter that Pacific Gas and Electric Company (PG&E) is to perform maintenance on PG&E's electric transmission poles located upon your property at APN: 025-410-33 and 025-410-34 in Trinity County. The work is set to commence on October 7, 2019 and take less than one (1) week to perform.

If you have any questions regarding the above, I can be reached Monday thru Friday from 7:00AM to 4:30PM at (530) 246-6548.

Sincerely,

Jason A. Thomas
Land Agent






Case: 19-30088  Doc# 11228-2  Filed: 09/09/21  Entered: 09/09/21 18:15:09  Page 9 of 19

PATRICIA A. MCCOLM, J.D.
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment

**September 27, 2019**

Mark Habib
Peters, Rush, Habib & McKenna
PO Box 3509
Chico, CA 95927-3509
Fax to: (530) 342-4272

Re: C080984; 10-CV-065; *PG&E v McColm*: **CONFIRMATION OF FAILURE TO MEET AND CONFER AND ACKNOWLEDGE REQUEST FOR PG&E TO CEASE AND DESIST FROM ENTRY TO MCCOLM PROPERTY RE UNSPECIFIED POLE WORK.**

Mr. Habib:

This correspondence confirms that at no time have you called to meet and confer on urgent PG&E issues and as usual, when you are informed I am calling, you refuse to take the call and instead have the call transferred to voice mail. The following confirms the voice mail message left on your phone 9/26/19:

1. I objected to your failure to contact me following my notice of need to meet and confer regarding PG&E entries to my property.

2. Objection was further raised to the intention of PG&E to enter my property on October 7, 2019 for a week of work noticed in a misdated letter of 9/23/19, a true and correct copy of which is attached hereto; without identifying therein, what it is they intend to do; in what appears to be a violation of the automatic stay on appeal;

3. As stated, I strongly protest anything done on my property pending outcome on appeal; because if it is determined that PG&E does *not* have an easement, none of the work would be appropriate.

4. The notice of intention to enter the property for a week of work alleges "maintenance;" but I have "no identification" of what is to be done, by whom, "no reports," "no

1

EXHIBIT E

verification," "no justification" for "any access to my property" for any reason whatsoever. "It doesn't state the time. It doesn't state specifically what's being done on what date."

5. "I expect you will provide forthwith a fax today (9/26/19) and voice mail information that will tell me exactly what it is PG&E intends to do coming onto my property and who you intend to have come on. I want to know the names of the contractors, the names of the people who are going to be here and that they are fully informed if they come on unlawfully that they are wrong and they have to comply with the provisions of that court order."

6. You were requested to provide me with a report for any justifications for what PG&E intends to do and try and negotiate some resolution of this matter.

7. You were put on notice that if I "do not hear from you, I will obviously have to figure out how to get around my medical........obviously can't get around it. All you're doing is taking advantage of my medical circumstances and I really resent it (near tears) and hope to God that Court of Appeal sees through your fraud and maliciousness;" upon which, I broke down in complete distress asking what it is you intend to do to "rape" my rights again.

It is hereby further confirmed, that **you failed to tell** the author of the misdated 9/23/19 maintenance notice; **Jason Thomas of PG&E's Land Department, that the judgment was on appeal!!!** As you know, Jason Thomas is an employee I wanted at trial who <u>knew that PG&E had no recorded rights on my property,</u> a request you subverted.

At all relevant times, YOU KNEW that PG&E had NO RECORDED interests in my property; yet, you intentionally filed a FALSE COMPLAINT making that misrepresentation to mislead the Court; in order to, acquire an unfair advantage in litigation, to obtain an easement "for nothing;"a false document, you wrongfully signed yourself! Even after you had to admit at trial that PG&E had NO RECORDED EASEMENT, you wrongfully drafted a misleading judgment suggesting there was such a document.

The judgement on appeal has been ignored by PG&E and its contractors, who have repeatedly entered my property in contravention of the notice requirements in the judgement, destroyed 17 trees deemed by CalFire to pose no fire hazard and acted in contravention of my civil rights allegedly because it "had an easement;" and thereby, it could do "whatever it wants without notice!" You may recall that at trial, it was shown that PG&E had already destroyed many trees under the guise of "maintenance" work and created dangerous conditions; thus, showing that there was no tree left posing any hazard near the power lines. And no one of the 17 trees destroyed this year, was the subject of a report or notice to this property owner, as needing "maintenance."

**YOU ARE HEREBY REQUESTED TO IMMEDIATELY GIVE NOTICE TO PG&E TO POSTPONE THE INTENDED OCTOBER 7, 2019 ENTRY AND ALL ENTRY TO MY PROPERTY PENDING FINAL DECISION ON APPEAL; ABSENT AN ORDER**

2

SHOWING GOOD CAUSE FOLLOWING NOTICED MOTION AND ORDER OF THE COURT OF APPEAL.

PLEASE ADVISE IF YOU WILL SO STIPULATE; and if not, upon what facts and authority to REFUSE.

By the end of day 9/27/19, you have failed to respond to my requests.

Sincerely,

*[signature]*

Patricia A. McColm

cc. Jason Thomas, PG&E Land Department

enc. Attachment 9/23/19 Letter Thomas to McColm


**Pacific Gas and Electric Company**

Jason Thomas
Land Agent
3600 Meadow View Dr.
Redding, CA. 96002
Land Rights Services

Phone: 530-246-6548
E Mail jatx@pge.com

September 23, 2019

# PG&E MAINTENANCE NOTIFICATION

Patricia McColm
P.O. Box# 113
Lewiston, CA 96052-0113

RE: Transmission Line – 60kV Wood Pole Maintenance (Line#82)

Dear Patricia McColm,

Pursuant to the Judgment filed for record as Document No. 201601885, PG&E hereby gives you formal notice by this letter that Pacific Gas and Electric Company (PG&E) is to perform maintenance on PG&E's electric transmission poles located upon your property at APN: 025-410-33 and 025-410-34 in Trinity County. The work is set to commence on October 7, 2019 and take less than one (1) week to perform.

If you have any questions regarding the above, I can be reached Monday thru Friday from 7:00AM to 4:30PM at (530) 246-6548.

Sincerely,

Jason A. Thomas
Land Agent

*LETTER McCOLM TO HABIB 9/27/19*
*ATTACHMENT*

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 09/27/2019 18:20
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROH3J605195


DATE,TIME              09/27 18:19
FAX NO./NAME           3424272
DURATION               00:01:13
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
```

PATRICIA A. MCCOLM, J.D.
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment


September 27, 2019


Mark Habib
Peters, Rush, Habib & McKenna
PO Box 3509
Chico, CA 95927-3509
Fax to: (530) 342-4272

    Re: C080984; 10-CV-065; *PG&E v McColm*: **CONFIRMATION OF FAILURE TO MEET AND CONFER AND ACKNOWLEDGE REQUEST FOR PG&E TO CEASE AND DESIST FROM ENTRY TO MCCOLM PROPERTY RE UNSPECIFIED POLE WORK.**

Mr. Habib:

    This correspondence confirms that at no time have you called to meet and confer on urgent PG&E issues and as usual, when you are informed I am calling, you refuse to take the call and instead have the call transferred to voice mail. The following confirms the voice mail message left on your phone 9/26/19:

    1. I objected to your failure to contact me following my notice of need to meet and confer regarding PG&E entries to my property.

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME    : 09/27/2019 18:22
                                            NAME    :
                                            FAX     :
                                            TEL     :
                                            SER. #  : BROH3J605195


    DATE,TIME                       09/27 18:21
    FAX NO./NAME                    2466445
    DURATION                        00:01:06
    PAGE(S)                         04
    RESULT                          OK
    MODE                            STANDARD
                                    ECM
```

PATRICIA A. MCCOLM, J.D.
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment

September 27, 2019

Mark Habib
Peters, Rush, Habib & McKenna
PO Box 3509
Chico, CA 95927-3509
Fax to: (530) 342-4272

Re: C080984; 10-CV-065; *PG&E v McColm*: **CONFIRMATION OF FAILURE TO MEET AND CONFER AND ACKNOWLEDGE REQUEST FOR PG&E TO CEASE AND DESIST FROM ENTRY TO MCCOLM PROPERTY RE UNSPECIFIED POLE WORK.**

Mr. Habib:

This correspondence confirms that at no time have you called to meet and confer on urgent PG&E issues and as usual, when you are informed I am calling, you refuse to take the call and instead have the call transferred to voice mail. The following confirms the voice mail message left on your phone 9/26/19:

1. I objected to your failure to contact me following reported notice of need to meet and confer regarding PG&E entries to my property.



| | | |
|---|---|---|
| **CONSTRUCTION REQUIREMENTS FOR POLE LINE GUYS** | | Prepared by: SXZO |
| | | **022178** |
| Asset Type: | Electric Distribution and Transmission | |
| Issued by: | Sanchez, Eduardo C. (ECS4) | Function: Construction and Maintenance |
| Rev. #07: This document replaces PG&E Document 022178, Rev. #06. | | Date: 07-31-15 |

This document is also included in the following manual:
- *Electric Design Manual*

## Purpose and Scope

This document describes the construction requirements for various types of pole line guys.

## General Information

1. A guy is in **"proximity"** if any portion of the guy is both within a vertical distance of less than 8 feet from the level of the supply conductors, and a radial distance of less than 6 feet from the surface of a wood pole or structure.

2. A guy is **"exposed"** if any portion of the guy is less than 8 feet horizontally from the vertical plane of any supply conductor of more than 250 V.



If distance "x" is less than 8', guy is exposed.

**Figure 1
Exposed Guy**

If a guy is exposed to any supply conductor of 22,500 volts or more, it will not be sectionalized and shall be securely grounded. All other guys, including overhead guys and guys in the proximity (i.e., cylinder of proximity), shall be sectionalized.

3. Any two anchor or overhead guys attached to the same wood pole, which are approximately parallel to each other and act in the same direction, should be separated at the points of attachment to the pole by approximately 12 inches if either of the guys is sectionalized. The purpose of this separation is to maintain a minimum separation of 3 inches between the surface of a strain insulator in one guy and the surface of the other guy. If this minimum separation of 3 inches is not obtained by the 12-inch separation at pole use other means, such as greater separation than 12 inches, or attachment to separate anchors. This rule does not prohibit the two guys from contacting the same strain plate, nor does it prohibit attaching guys not acting in the same direction to the same through bolt. See Figure 19 on Page 10 for another method of obtaining the 3-inch separation.

4. Not more than two guys, having a vertical separation of 18 inches or less, can be installed in any 4-foot section of climbing space.

5. Overhead guys less than 17 feet long with neither end grounded, shall be sectionalized by installing one insulator approximately midway between points of attachment, in place of two insulators between 6 and 9 feet from each end.

Case: 19-30088    Doc# 11228-2    Filed: 09/09/21    Entered: 09/09/21 18:15:09    Page 16 of 19

## Attachment of Overhead and Anchor Guys



Figure 22
Guy Strain 7,500 Pounds or Less



Figure 23
Overhead Guy 7,500 Pounds or Less and Anchor Guy More Than 7,500 Pounds



Figure 24
Guy Strain More Than 7,500 Pounds



Figure 25
Sidewalk Guy

Case: 19-30088    Doc# 11228-2    Filed: 09/09/21    Entered: 09/09/21 18:15:09    Page 17 of 19

# PROOF OF SERVICE (Court of Appeal)

[x] Mail  [ ] Personal Service

APP-009

**Notice:** This form may be used to provide proof that a document has been served in a proceeding in the Court of Appeal. Please read *Information Sheet for Proof of Service (Court of Appeal)* (form APP-009-INFO) before completing this form. Do not use this form for proof of electronic service. See form APP-009E.

Case Name: PG&E v MCCOLM
Court of Appeal Case Number: C080984
Superior Court Case Number: 10CV065

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My [ ] residence [ ] business address is (specify):

3. I mailed or personally delivered a copy of the following document as indicated below (fill in the name of the document you mailed or delivered and complete either a or b): REQUEST FOR EMERGENCY/IMMEDIATE STAY and ORDER to Show Cause [?] PLAINTIFF PG&E ENTRY to DEFENDANT PROPERTY October 7, 2019 - Oct 11 2019 [?] on unidentified works et al, PROOF OF SERVICE

   a. [x] Mail. I mailed a copy of the document identified above as follows:

      (1) I enclosed a copy of the document identified above in an envelope or envelopes and
          (a) [x] deposited the sealed envelope(s) with the U.S. Postal Service, with the postage fully prepaid.
          (b) [ ] placed the envelope(s) for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope(s) with postage fully prepaid.

      (2) Date mailed: 10-1-19

      (3) The envelope was or envelopes were addressed as follows:
          (a) Person served:
              (i) Name: Peters, Habib, McKenna & Joul-Rhodes
              (ii) Address:
                   414 Salem Street
                   P.O. Box 3509
                   Chico, CA 95927-3509

              PRIORITY MAIL # 9114902307224336
              2371 27

          (b) Person served:
              (i) Name: Superior Court of Trinity County, Appeals Clerk
              (ii) Address:
                   P.O. Box 1258
                   Weaverville, CA 96093

          (c) Person served:
              (i) Name:
              (ii) Address:

      [ ] Additional persons served are listed on the attached page (write "APP-009, Item 3a" at the top of the page).

      (4) I am a resident of or employed in the county where the mailing occurred. The document was mailed from (city and state): LEWISTON, CA 96052

Form Approved for Optional Use
Judicial Council of California
APP-009 [Rev. January 1, 2017]

**PROOF OF SERVICE**
**(Court of Appeal)**

Page 1 of 2
www.courts.ca.gov

OCT - 2 2019

Case: 19-30088   Doc# 11228-2   Filed: 09/09/21   Entered: 09/09/21 18:15:09   Page 18 of 19

3. b. ☐ **Personal delivery.** I personally delivered a copy of the document identified above as follows:
   (1) Person served:
      (a) Name:
      (b) Address where delivered:

      (c) Date delivered:
      (d) Time delivered:
   (2) Person served:
      (a) Name:
      (b) Address where delivered:

      (c) Date delivered:
      (d) Time delivered:
   (3) Person served:
      (a) Name:
      (b) Address where delivered:

      (c) Date delivered:
      (d) Time delivered:

☐ Names and addresses of additional persons served and delivery dates and times are listed on the attached page *(write "APP-009, Item 3b" at the top of the page).*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10-1-19

_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

APP-009 [Rev. January 1, 2017]

**PROOF OF SERVICE
(Court of Appeal)**

Page 2 of 2

Case: 19-30088    Doc# 11228-2    Filed: 09/09/21    Entered: 09/09/21 18:15:09    Page 19 of 19