# Exhibit B

153 FERC ¶ 61,027
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Norman C. Bay, Chairman;
                       Philip D. Moeller, Cheryl A. LaFleur,
                       Tony Clark, and Colette D. Honorable.

| | |
|---|---|
| Winding Creek Solar LLC | Docket Nos. EL15-52-001 |
| | QF13-403-003 |

ORDER DENYING REQUEST FOR RECONSIDERATION

(Issued October 15, 2015)

1.   In this order, we deny Winding Creek Solar LLC's (Winding Creek) request for reconsideration.

I.   **Background**

2.   On March 9, 2015, Winding Creek filed a petition for enforcement pursuant to section 210(h)(2)(B) of the Public Utility Regulatory Policies Act of 1978[1] (PURPA) against the California Public Utilities Commission (California Commission). Winding Creek argued that a California Commission feed-in tariff program, called the Renewable Market Adjusting Tariff (Re-MAT) program,[2] is inconsistent with PURPA and the Commission's regulations because it limited effectively participation in the program to 750 MW statewide.[3]

---

[1] 16 U.S.C. § 824a-3(h)(2)(B) (2012).

[2] The Re-MAT feed-in tariff program is part of California's Renewables Portfolio Standard Program that requires 33 percent of utility procurement be from eligible renewable energy resources with a generation capacity of 3 MW or less by December 31, 2020.

[3] Winding Creek previously filed a petition for enforcement under section 210(h) of PURPA against the California Commission, arguing that the Re-MAT program violated PURPA and the Commission's PURPA regulations in Docket No. EL13-71-000.

(continued ...)

Docket Nos. EL15-52-001 and QF13-403-003  - 2 -

3. The Commission issued a notice of intent not to act and declaratory order on May 8, 2015,[4] declining to initiate an enforcement action against the California Commission and finding that Winding Creek had not demonstrated that the California Commission's implementation of PURPA and the 750 MW statewide cap on the obligation of electric utilities to make purchases under the Re-MAT program was inconsistent with PURPA and the Commission's PURPA regulations because the Re-MAT program was an alternative PURPA program and the primary program, the Standard Contract for QFs 20 MW or Under, provided QFs the opportunity to sell their power consistent with the requirements of PURPA and the Commission's PURPA regulations. The Commission stated:

> In California, QFs 20 MW and smaller, including Winding Creek, may sell their net capacity to their host utility under a long-term PURPA contract at an avoided cost rate, containing both an energy and capacity component, pursuant to California's Standard Contract for QFs 20 MW or Under. The Re-MAT program is a feed-in tariff program that is an alternative to California's standard PURPA avoided cost rate program. The Commission has held that, as long as a state provides QFs the opportunity to enter into long-term legally enforceable obligations at avoided cost rates, a state may also have alternative programs that QFs and electric utilities may agree to participate in; such alternative programs may limit how many QFs, or the total capacity of QFs, that may participate in the program.[5]

4. The Commission also noted that, by issuing a "Notice of Intent Not to Act," Winding Creek may itself bring an enforcement action against the California Commission in the appropriate court.[6]

---

In that proceeding, Winding Creek argued that the Re-MAT program's avoided cost rates were inconsistent with the requirements of PURPA. On August 12, 2013, the Commission issued a notice of intent not to act in *Winding Creek Solar LLC*, 144 FERC ¶ 61,122 (2013).

[4] *Winding Creek Solar LLC*, 151 FERC ¶ 61,103 (2015) (May 8 Notice).

[5] *Id.* P 6 (footnotes omitted). The Commission described the rate in Califronia's Standard Contract for QFs 20 MW or Under as an avoided cost rate with an energy component based on a short-run formula and a capacity component based on a forecasted avoided cost which may escalate over time, but will not drop. *Id.* P 6 n.9.

[6] *Id.* P 2; 16 U.S.C. § 824a-3(h)(2)(B) (2012).

Docket Nos. EL15-52-001 and QF13-403-003                                                                                              - 3 -

## II.  Request for Reconsideration

5. On June 8, 2015, Winding Creek filed a pleading styled as a request for reconsideration and rehearing of the May 8 Notice; Winding Creek argues that the Commission erroneously concluded that California's Standard Contract for QFs 20 MW or Under provides for an avoided cost rate that is consistent with our regulations. Winding Creek asserts that California's Standard Contract for QFs 20 MW and Under does not provide for a long-term forecasted fixed rate.

## III.  Discussion

### A.  Procedural Matters

6. Because this proceeding arises under section 210(h) of PURPA, formal rehearing does not lie, either on a mandatory or a discretionary basis.[7] We will, however, treat Winding Creek's filing as a request for reconsideration, and we will deny reconsideration as discussed below.

### B.  Commission Determination

7. In the May 8 Notice, the Commission declined to initiate an enforcement proceeding. The Commission noted that that decision means that Winding Creek may itself bring an enforcement action against the California Commission in the appropriate court.[8] We see no reason to change that decision, and exercise our discretion to bring an enforcement action.[9] In addition, Winding Creek asks the Commission to reverse its finding that the Re-MAT program is permissible under PURPA. We found that the Re-MAT program is consistent with PURPA, because it is an alternative to a primary PURPA program, the Standard Contract for QFs 20 MW or Under, which is consistent with PURPA.[10] Nothing Winding Creek argues in its request for reconsideration warrants our changing our decision.

---

[7] *See Southern California Edison Co.*, 71 FERC ¶ 61,090, at 61,305 (1995); *New York State Electric & Gas Corp.*, 72 FERC ¶ 61,067, at 61,340 (1995).

[8] May 8 Notice, 151 FERC ¶ 61,103 at P 2.

[9] *See FERC v. Miss.*, 456 U.S. at 751; *see also Policy Statement Regarding the Commission's Enforcement Role Under Section 210 of the Public Utility Regulatory Policies Act of 1978*, 23 FERC ¶ 61,304, at 61,643 (1983) (1983 Policy Statement).

[10] May 8 Notice, 151 FERC ¶ 61,103 at PP 6-7. We note that the Standard Contract for QFs 20 MW or Under was adopted as part of a comprehensive settlement of

(continued ...)

Docket Nos. EL15-52-001 and QF13-403-003   - 4 -

The Commission orders:

      Winding Creek's request for reconsideration is hereby denied.

By the Commission.

( S E A L )

                                                 Nathaniel J. Davis, Sr.,
                                                   Deputy Secretary.

---

numerous issues involving electric utilities in and QFs in California.  *See* California Commission Decision D.10-12-035 (December 16, 2010).  The vast majority of QFs in California participated in the negotiations that led to that settlement either individually or through trade organizations, and negotiated avoided cost rates are permitted by our regulations.  18 C.F.R. § 292.301 (2015).

Document Content(s)

EL15-52-001.DOCX.............................................1-4