**Entered on Docket**
**September 10, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: September 10, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>     - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br>Date:  September 14, 2021<br>Time:  11:00 AM<br>Via Zoom videoconference<br>www.canb.uscourts.gov/calendars |

<u>ORDER REGARDING SEPTEMBER 14, 2021, 11:00 AM HEARING ON THE OBJECTION TO THE CLAIM OF THE STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT</u>

Each side will have twenty minutes for oral argument, inclusive of time for questions by the court. Counsel for the Department should argue first and may reserve a portion of the time for rebuttal.

As a preliminary matter, the court needs confirmation that the "commercial modular" is covered by Health & Safety Code

-1-

section 18116.1 at all, as that section and section 18075 appear to cover manufactured homes, mobilehomes, commercial coaches, truck campers, and floating homes." There is no mention of the prior term.

To focus more specifically on the narrow legal issue presented, assume that PG&E has only one commercial modular on which the Department asserts a lien for $261 as of the applicable expiration date in 2018 (See Dkt. 10918, at 2:19). Assume no bankruptcy had been filed in January, 2019 or thereafter. Under the Debtors' theory, the Department would have had to file suit for maybe $300-400 by four years from the 2018 expiration or have nothing: no lien, no right to collect, and an obligation to issue a new certificate of title or registration to a party purchasing the commercial modular from PG&E.

Consider, also, whether even if the Department could not affirmatively pursue collection, why couldn't it assert its lien defensively to a demand by PG&E to deliver clear title? It may not be enough, and in fact be circular, to cite to Cal. Civ Code section 2911, as that only applies to the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.

\*\*END OF ORDER\*\*

COURT SERVICE LIST

ECF Recipients