```
 1 | Wm. F. Weidman, III In Pro Per
   | 108 Connolly Road, No. 136
 2 | P. O. Box 136
   | Benson, Maryland 21018
 3 | Telephone: 410-917-6822
 4 | Creditor in Pro Per
```

FILED

SEP 10 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    –and–<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors,<br><br>Affects both Debtors<br><br>• All papers shall be filed in the Lead Case No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br><br>(Lead Case)(Jointly Administered)<br><br>OPPOSITION TO NOTICE OF THE REORGANIZED DEBTORS' ONE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS); DECLARATION IN SUPPORT THEREOF<br><br>Response Deadline:<br>September 15, 2021, 4:00 p.m. (PT)<br><br>Hearing Information If Timely Response Made:<br>Date: September 29, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Debtor seeks to disallow creditor Wm. F. Weidman, III's (hereinafter "Creditor") Proof of Claim (Assigned No. 10281) filed on September 30, 2019 in the amount of $50,000,000.00 on the basis that the claim is Barred by Statute of Limitations.

Creditor opposes Debtors' Objection and wishes to be heard by this Court for the following reasons:

1. While Debtor argues that Creditor's "Claim" is barred based on Statute of Limitations, Debtor fails to realize that this is a radiation and exposure case and as such, until that is proved and ruled upon, Statute of Limitations cannot run.

2. Creditor has proof that the Statute of Limitation is not an issue since the Reconsideration Unit of the Workers' Compensation Appeals Board ("WCAB") has ruled that Applicant's claim is not barred by the Labor Code Section 5405 statute of limitations (P.8, Lines19-21). The Appeals Board Opinion and Decision After Reconsideration is attached hereto as Exhibit "A".

3. The WCAB's last ruling was to work up the medical side which is ongoing. Creditor's case before the WCAB has not been ruled upon and as such statute of limitations does not apply. The WCAB had to set aside the statute of limitations because this is an exposure case.

4. At all times PG&E is and has been responsible for matters coming from Diablo Canyon Nuclear Power Plant and as such Creditor filed his Proof of Claim to preserve his rights as found in other nuclear cases that have been ruled on. See **Silkwood v. Kerr-McGee Corp.**, 464 U.S. 238 (1984).

5. Although this matter stems from a work related injury, this matter will also be a Nuclear Regulatory Commission ("NRC") complaint and as such protecting all of Creditor's right and proof of same is required.

6. In addition, as this is a nuclear exposure matter, the Price Anderson Act applies and with respect to statute of limitations would refer back to the fact that a matter starts when symptoms due to exposure are manifesting. This takes time to see and as such normal statute of limitations cannot and do not apply.

7. The Armed Forces Institute of Pathology ("AFIP") Report shows that Creditor's injuries are all due to his exposure to nuclear contaminants and Creditor's medical reports and history shows the degradation of his medical health and what his long term needs are. If requested, documentation can be provided.

For these reasons Creditor requests this Bankruptcy Court should not sustain the Omnibus Objection.

DATED: September 8, 2021

Respectfully submitted,

Wm. F. Weidman, III, Creditor
Assigned No. 10280

BY: _____
WILLIAM WEIDMAN III
In Propria Persona

## DECLARATION OF WM. F. WEIDMAN, III
## Creditor Assigned No. 10280

I am Creditor No. 10280 Wm. F. Weidman, III in this Bankruptcy Proceeding.

1. I have personal knowledge of the facts I state below, and in the attached OPPOSITION TO NOTICE OF THE REORGANIZED DEBTORS' ONE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (NO LEGAL LIABILITY CLAIMS) and if I were to be called as a witness, I could and would competently testify thereto.

2. Debtor's assertion that my Proof of Claim filed September 30, 2019 in the amount of $50,000,000.00 on the basis that the claim is Barred by Statute of Limitations is wrong.

3. The Statute of Limitations issue has already been ruled upon by the Reconsideration Unit of the Workers' Compensation Appeals Board (Exhibit "A" attached hereto) and can therefore cannot be used by Debtors' to disallow my Proof of Claim.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing statement is, to the best of my knowledge and belief true, correct, and complete.

Executed this 8TH day of September, 2021 at Benson, Maryland.

*[signature]*

WILLIAM WEIDMAN III, Declarant

# EXHIBIT "A"

# WORKERS' COMPENSATION APPEALS BOARD
# STATE OF CALIFORNIA

| | |
|---|---|
| WILLIAM WEIDMAN, III,<br><br>*Applicant,*<br><br>vs.<br><br>**BECHTEL POWER CORP.; CALIFORNIA INSURANCE GUARANTEE ASSOCIATION for FREMONT INSURANCE, in liquidation,**<br><br>*Defendants.* | Case No. ADJ3663372 (SBR 0303384)<br><br>OPINION AND DECISION AFTER RECONSIDERATION |

Applicant's petition for reconsideration of the January 8, 2015 Findings And Orders of the workers' compensation administrative law judge (WCALJ) was earlier granted in order to further study the issues.[1] The WCALJ ordered that applicant take nothing on his claim of industrial injury to numerous body parts while employed by defendant as an electrician/welder during the period through December 31, 1985, based upon her finding that there is not "substantial medical evidence showing industrial causation due to his employment at the Diablo Canyon power plant," and her finding that the claim is "barred by the statute of limitations."

Applicant contends that there is substantial evidence that he was exposed to radiation while working for defendant and the failure of Agreed Medical Evaluator (AME) Ernest Levister, M.D., to recognize that fact renders his reporting and opinion insubstantial. Applicant further contends that his claim is not barred by the statute of limitations, and contends that the reporting of his treating physicians evidences a connection between his employment by defendant and his injury.

An answer was received from defendant.

---
[1] Following the grant of reconsideration, Deputy Commissioner Gondak became unavailable and Deputy Commissioner Schmitz was appointed to take her place on the current panel.

The WCALJ's January 8, 2015 decision is rescinded as the Decision After Reconsideration. The reporting of AME Dr. Levister is not substantial medical evidence in light of other evidence that applicant was exposed to ionizing radiation while employed by defendant. The case is returned to the trial level for development of the record, including the appointment by the WCALJ of a qualified "physician" to examine applicant and report on his condition pursuant to Labor Code section 5701, and for a new decision by the WCALJ.[2]

**BACKGROUND**

Applicant completed a four-year electrician apprenticeship and obtained a specialized certificate in welding in 1969. He then worked at various hospitals, steel mills, oil refineries, and nuclear facilities in several states from 1970 to 1984. The medical record evidences that he now suffers from several conditions as a result of exposure to radiation.

Applicant was working at Peach Bottom Nuclear Plant in Pennsylvania during a shutdown in 1978, when he fell into a tank of radioactive water and was immersed from the waist down. After climbing out of the tank he went to a decontamination area where he removed his protective clothing, and was hosed off and scrubbed with a long brush and soap by other employees. No medical treatment was provided at that time and applicant continued to work thereafter at that facility and other locations.

In 1984 applicant began to work at the nuclear plant in Diablo Canyon, San Luis Obispo, California. Initially, while the plant was being built, there was no radioactive material present. However, once the plant was energized, nuclear material was present at the worksite.

The parties dispute whether applicant was exposed to nuclear radiation while working at Diablo Canyon. The employer contends that there is no evidence of a specific event that required decontamination and no record of exposure to background radiation. Applicant, however, points to his testimony and the deposition testimony of four co-workers at the plant who testified that applicant worked in the containment unit at Diablo Canyon when radioactive material and radiation was present.

---

[2] Further statutory references are to the Labor Code. Section 5701 provides in pertinent part as follows: "The appeals board may from time to time direct any employee claiming compensation to be examined by a regular physician. The testimony so taken and the results of any inspection or examination shall be reported to the appeals board for its consideration."

**WEIDMAN, William**         2

(Joint Defendants' G, August 15, 2011 deposition of Michael Mowrey, 24:13-24 [worked with applicant and it would make sense he was in radiation area], 27:4-7 [recall applicant welding brackets in containment area]; Joint Defendants' H, August 16, 2011 deposition of Ronnie Neighbors, 23:19-24 [he knows applicant worked in radiation area]; Joint Defendants' I, August 16, 2011 deposition of Jim Woeste, 26:9-19 [worked on opposite shift of applicant, but on the same jobs in the containment area]; Joint Defendants' J, August 15, 2011 deposition of Harry Morehead, Jr., 25:10-12 [worked with applicant in radiation areas], 44:1-4 [applicant had dosimeter register positive for radiation exposure], 47:6-11 [applicant's dosimeter alarm went off].) The coworkers' testimony corroborates applicant's trial testimony that he was exposed to radiation while working for defendant. (September 23, 2014 Minutes of Hearing (MOH), 5:13-18 [exposure to radiation while at Diablo Canyon from January 1984 to December 31, 1985]; 9:12-20 [circumstances surrounding radiation alarm going off due to exposure].)

Applicant's exposure to radiation while working at Diablo Canyon is an important consideration in determining the weight to be given to the reporting of Dr. Levister because the physician did not accept that such exposure occurred in developing his opinion that applicant did not sustain injury while working for defendant.

Dr. Levister initially examined applicant on March 9 and April 30, 2009. In his July 30, 2009 report (Exhibit A), Dr. Levister states that applicant was not exposed to radiation while at Diablo Canyon because he did not work in the containment area. At his deposition on April 5, 2012 (Exhibit C), Dr. Levister acknowledged that he was unaware of evidence that applicant worked in the containment area at Diablo Canyon and had been diagnosed with radiation illness. Applicant was then reevaluated by Dr. Levister pursuant to the parties' stipulation, and he was provided medical reports of the treating physicians that had diagnosed applicant with radiation illness. Nevertheless, Dr. Levister in his February 4, 2014 report (Exhibit B) notes the lack of dosimetry records and states that there is "no evidence" that applicant was in the containment area and was exposed to radiation while working at Diablo Canyon.

The case was tried on September 22 and 23, 2014. On January 8, 2015, the WCJ issued her decision that applicant take nothing, as described above. In her decision and Report, the WCALJ

**WEIDMAN, William**        **3**

explains that she relied upon the reporting of Dr. Levister in reaching her decision, and did not rely upon the reporting of applicant's treating physicians. The WCALJ quotes from her Opinion on Decision (Opinion) and otherwise explains her reasoning in pertinent part in her Report as follows:

> In his report of February 9, 2014 (Exhibit B), Dr. Levister once again took a very detailed history, re-reviewed records, and again determined, at Page 28, that per the information from Diablo Canyon, there has been no specific event involving Mr. Weidman that required decontamination and there were no records of cumulative stray or background radiation exposure for Mr. Weidman. There was also no history of an acute episode or specific event at Diablo requiring decontamination of the applicant…
>
> There is no evidence whatsoever that applicant had any type of reportable exposure requiring decontamination while working at Diablo Canyon power plant. Even though he may have received some mandatory training about working in a nuclear facility, I am not persuaded that there is proof to justify any radiation exposure during his employment at that facility…
>
> Dr. Levister does attribute applicant's skin and rectal area issues to his exposure in Pennsylvania, but stated that there was no data supporting injurious exposure to ionizing radiation at the Diablo Canyon Nuclear Power Plant that would contribute to his disability and/or need for treatment of his skin and rectal areas…
>
> Applicant worked at the Diablo Canyon Nuclear Power Plant for a relatively brief period of time and there is no credible evidence of any **documented** radiation exposure to the applicant while he worked there. Applicant has worked at other nuclear power facilities, and he had a significant exposure at Peach Bottom plant in 1978, wherein he actually fell waist deep into a tourus tube – a vat of radioactive waste – and had to undergo decontamination for a very high exposure to radiation. Applicant's cross-examination testimony in fact confirmed that all physicians have attributed his health problems in whole or in part to the incident at Peach Bottom…
>
> The undersigned WCALJ finds it very speculative for applicant's treating physicians to attribute any of applicant's medical issues to his employment at Diablo Canyon, where there is no documented radiation exposures, rather than placing causation squarely on the documented significant radiation exposure at Peach Bottom.
>
> The deposition testimony of several people were admitted into evidence… While defendant did not object to the admission into evidence of the deposition transcripts of applicant's former co-workers, and in fact the deposition transcripts are joint defense exhibits, the undersigned WCALJ did not have the luxury of observing the demeanor of the deponents to render an opinion on their credibility. Even if Mr. Weidman worked in containment areas doing welding, that does not necessarily prove that applicant sustained radiation exposure or that merely welding in containment areas was causative of Mr. Weidman's various medical problems. (Emphasis in original.)

The WCALJ also found that applicant's claim is barred by the statute of limitations, writing on that point in her Report, as follows:

> Furthermore,...applicant's claims are barred by the statute of limitations insofar as the application was not filed until June 11, 2001, and applicant became aware of a causal connection between his medical condition and radiation exposure in 1997 from Dr. Harley, and knew or should have known that his employment as a welder in nuclear power plants, whether in California, Pennsylvania or New Jersey, may have played a part. For that reason, I determined that applicant's filing of an application on June 11, 2001 was not timely, in light of all the credible evidence on the issue of statute of limitations.

## DISCUSSION

A decision of the WCALJ must be supported by substantial evidence in light of the entire record or it will be set aside. (*Lamb v. Workers' Comp. Appeals Bd.* (1974) 11 Cal.3d 274 [39 Cal.Comp.Cases 310]; *LeVesque v. Workmen's Comp. Appeals Bd.* (1970) 1 Cal.3d 627 [35 Cal.Comp.Cases 16].) In order to constitute substantial evidence that supports a decision, a medical opinion cannot be based on speculation, erroneous facts or an inadequate or incomplete medical history. (*Hegglin v. Workmen's Comp. Appeals Bd.* (1971) 4 Cal.3d 162 [36 Cal.Comp.Cases 93]; *Place v. Workmen's Comp. Appeals Bd.* (1970) 3 Cal.3d 372 [35 Cal.Comp.Cases 525].) A medical expert's opinion that does not consider relevant facts is not substantial evidence. (*Zemke v. Workmen's Comp. Appeals Bd.* (1968) 68 Cal.2d 794 [33 Cal.Comp.Cases 358].)

In this case, the WCALJ relied upon the reporting and opinion of AME Dr. Levister to find no injury, but Dr. Levister based his opinion upon his assumption that applicant was never exposed to ionizing radiation while working at Diablo Canyon. However, the AME's assumption is contradicted by the testimony of applicant and his four former coworkers. Under these circumstances we reject the AME's reporting because there are valid grounds for finding it unpersuasive and not substantial evidence. (*Rodriguez v. Workers' Comp Appeals Bd.* (1994) 21 Cal.App.4th 1747, 1758-1759 [59 Cal.Comp.Cases 14].)

In her Report, the WCALJ discounts the testimony of applicant's four former coworkers because it was given at depositions and she did not have the opportunity to observe their demeanor and assess their credibility while testifying. It is true that a WCALJ's determination of witness credibility is given

**WEIDMAN, William**      5

Case: 19-30088    Doc# 11239    Filed: 09/10/21    Entered: 09/10/21 14:21:25    Page 10 of 16

great weight when he or she has had the opportunity to observe the witness' demeanor while testifying. (*Garza v. Workmen's Comp. Appeals Bd.* (1970) 3 Cal.3d 312, [35 Cal.Comp.Cases 500].) However, observation of a witness while testifying is not the only measure of credibility and the fact that the WCALJ did not have the opportunity to observe the demeanor of applicant's four former coworkers when they testified in this case does not mean that their entire testimony is entitled to no weight. To the contrary, other factors support our conclusion that the four witnesses credibly corroborate applicant's testimony that he worked in the containment area at Diablo Canyon and was exposed to radiation during his employment by defendant.

The testimony of the four coworkers is consistent with one another and with applicant's recollection. As discussed above, the four witnesses all recalled the need for work to be performed in the containment area for seismic upgrade and other purposes. Mr. Mowrey recalled that there was a need to weld brackets in the containment area, and both he and Mr. Neighbors recalled applicant performing work in that area. While Mr. Woeste worked on the opposite shift from applicant, they both worked on the same jobs in the containment area during the same period of time. Mr. Morehead specifically recalled working with applicant in the containment area and recalled when applicant's radiation alarm sounded. No evidence rebuts the testimony of those witnesses and nothing suggests that they are all biased or have reason to provide untruthful testimony.

The WCALJ correctly notes in her Report that evidence of work in the containment area does not establish that radiation exposure sustained during those times was causative of applicant's medical problems. However, this point shows that the record requires development. The evidence of applicant's exposure to radiation while working for defendant needs to be addressed in the medical reporting in this case, and the opinion of Dr. Levister does not take the likelihood of such exposure into account.

///

///

//

/

///

**WEIDMAN, William**    6

In his reporting, Dr. Levister assumes that applicant sustained no radiation exposure while working at Diablo Canyon and he attributes all of applicant's symptoms to his exposure to radiation at Peach Bottom in 1978. Based upon those assumptions, Dr. Levister opines that there is no causative relationship between applicant's current condition and his employment at Diablo Canyon. However, the reports of applicant's treating physicians offer opposite opinions based on their view that applicant was exposed to radiation while at Diablo Canyon. This conflict in the evidence leads us to conclude that there is a need to develop the medical record by obtaining reporting from a qualified independent physician on whether it is reasonably medically probable that exposure to radiation while working at Diablo Canyon contributed to causing applicant's injury. This is ordered as part of our Decision After Reconsideration.

Turning to the WCALJ's finding that applicant's claim is barred by the statute of limitations; we do not agree that the record supports that affirmative defense.

Section 5405 bars an employee's application for workers' compensation benefits if it is not filed within either one year of the date of injury, or within one year of the last furnishing of disability or medical benefits. In that there is no evidence that defendants furnished any disability or medical benefits to applicant for the claimed cumulative injury, the part of section 5405 based upon the provision of such benefits does not apply and it is not further addressed.

As to the date of a cumulative injury, there must be a concurrence of two elements. It is the date when the employee, (1) first suffered disability and (2) knew or reasonably should have known that the disability was industrially caused. (Lab. Code, § 5412; *Bassett-McGregor v. Workers' Comp. Appeals Bd.* (1988) 205 Cal.App.3d 1102, 1110 [53 Cal.Comp.Cases 502]; *State Comp. Ins. Fund v. Workers' Comp Appeals Bd. (Rodarte)* (2004) 119 Cal.App.4th 998, 1003 [69 Cal.Comp.Cases 579]; *Chavira v. Workers' Comp. Appeals Bd* (1991) 235 Cal.App.3d 463, 474 [56 Cal.Comp.Cases 631].)

Here, the WCALJ states on page 4 of her Opinion that applicant's claim is barred because "he was aware in 1997 of a causal connection with radiation exposure and his rectal issues due to Dr. Harley's attribution of applicant's rectal bleeding, fissures and skin lesions to exposure to radiation." However, as shown by the medical reporting, Dr. Harley did not make a definitive attribution to radiation

exposure until June 2000, when he received the results from the biopsy sent to Armed Forces Institute of Pathology. While applicant may have had a general awareness of a causal connection between his illness and his work in 1997, he is not a physician, and the general rule is that an applicant will *not* be charged with knowledge that his disability is job related without medical advice to that effect "unless the nature of the disability and applicant's training, intelligence and qualifications are such that applicant should have recognized the relationship between the known adverse factors involved in his employment and his disability." (*City of Fresno v. Workers' Comp. Appeals Bd (Johnson)* (1985) 163 Cal.App.3d 467, 473 [50 Cal.Comp.Cases 53]; see also *Nielsen v. Workers' Comp. Appeals Bd.* (1985) 164 Cal.App.3d 918, 927-929 [50 Cal.Comp.Cases 104].) Those factors are not present in this case.

It was not until the connection between work and injury was medically established and confirmed by Dr. Harley in 2000, that applicant obtained the requisite knowledge of a connection between employment and injury to be fairly charged with the obligation to file a workers' compensation claim. (MOH 11:25-12:8.) Applicant did timely file his claim within one year of obtaining that knowledge, and the contrary finding of the WCALJ that the claim is barred by the statute of limitations is reversed.

For the foregoing reasons,

**IT IS ORDERED** as the Decision After Reconsideration of the Workers' Compensation Appeals Board that the January 8, 2015 Findings And Orders of the workers' compensation administrative law judge are **RESCINDED**.

**IT IS FURTHER ORDERED** as the Decision After Reconsideration of the Workers' Compensation Appeals Board that applicant's claim is not barred by the Labor Code section 5405 statute of limitations.

**IT IS FURTHER ORDERED** as the Decision After Reconsideration of the Workers' Compensation Appeals Board that the case is **RETURNED** to the trial level for development of the medical record by the appointment by the workers' compensation administrative law judge of a qualified physician to examine applicant and report on his condition pursuant to Labor Code section 5701, and for

//

further proceedings and new decision by the workers' compensation administrative law judge in accordance with this decision.

WORKERS' COMPENSATION APPEALS BOARD

/s/ KATHERINE ZALEWSKI

I CONCUR,

/s/ MARGUERITE SWEENEY

/s/ ANNE SCHMITZ
DEPUTY

DATED AND FILED AT SAN FRANCISCO, CALIFORNIA

JUN 0 9 2016

SERVICE MADE ON THE ABOVE DATE ON THE PERSONS LISTED BELOW AT THEIR ADDRESSES SHOWN ON THE CURRENT OFFICIAL ADDRESS RECORD.

WILLIAM WEIDMAN
STEPHEN CHESNEY
LAUGHLIN FALBO ET AL.
MURPHY BEANE
RICARDO BENITEZ C/O NOKHAM & BENITEZ

JFS/abs

WEIDMAN, William                                9

## Proof of Service

STATE OF MARYLAND, COUNTY OF HARFORD

I, Wm F. Weidman, III, declare as follows:

On September 8, 2021, I served the on the Attorneys for Debtors and Reorganized Debtor by U.S. Express Mail by placing a copy thereof in an individual envelope addressed as shown below and depositing said envelope for collection and mailing on the aforesaid date by placement for deposit on the same day in the United States Postal Service.

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
Jane Kim (#298192)
650 California Street, Suite 1900
San Francisco, CA 94108

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin
Jessica Liou
767 Fifth Avenue
New York, NY 10153-0119

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro
George E. Zobitz
825 Eighth Avenue
New York NY 10019

I declare under penalty of perjury under the laws of the State of Maryland and the United States that the foregoing is true and correct and that this declaration was executed September 8, 2021, Benson, Maryland.

BY: _____
Wm F. Weidman, III



**Flat Rate Mailing Envelop**
*For Domestic and International Use*
*Visit us at usps.com*

BENSON, MD
21018
SEP 09, 21
AMOUNT
**$29.40**
R2305H128120-02

1007   94102

When used internati
affix customs declar
(PS Form 2976, or 2

RETURN RECEIPT REQUESTED

Place Mailing Label Here:

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS**

EE 332 554 551 US

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT) PHONE (
Wm F. Weidman III
108 Connolly Rd #736
Benson, Md. 21018

RETURN RECEIPT REQUESTED

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE (
Honorable Dennis Montali
U.S. Bankruptcy Court
Courtroom 17, 16TH Floor
San Francisco, Calif.
ZIP + 4® (U.S. ADDRESSES ONLY)
94102

450 Golden Gate Ave

HOW TO USE:
1. Complete Label
Type or print required information in customer block.
2. Payment Me
Affix ...
upper corner of ...
For EMCA or Agency, provi account num label.

**RECEIVED**
SEP 10 2021 DG
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA


#1

4

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service
REQUESTED

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day ☐ 2-Day ☐ Military
PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage
21018 | 9-10 | $26.35
Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD
9-9 | ☐ 10:30 AM ☐ 3:00 PM ☒ 12:00 NOON | $ | $
Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live A Trans
1140 ☒AM ☐PM | $ | $3.05 | $
Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees
$ | $ | $29.40
Weight ☐Flat Rate | Acceptance Employee Initials
lbs. ozs. | DC

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature