KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS'**<br>**(1) OPPOSITION TO MOTION FOR RECONSIDERATION OF RICKY-DEAN HORTON AND (2) CROSS-MOTION FOR DISALLOWANCE AND EXPUNGEMENT OF PROOF OF CLAIM NO. 107857**<br><br>[Relates to Docket Nos. 11031 and 11074] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition (the "**Opposition**") to the *Motion to Review and Correct a Possible Mistake to Case Identity, Motion to Be Heard, and Motion to Reconsider* [Docket No. 11031] (the "**Original Motion**") and the Proposed Documents Filed Under Seal [Docket No. 11074] (the "**Second Motion**" and, together with the Original Motion, the "**Motion**")[1] filed by Ricky-Dean Horton ("**Horton**"), and cross-motion to disallow and expunge Proof of Claim No. 107857. Through the Motion, Horton seeks reconsideration of the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* [Docket No. 10980] (the "**Disallowance Order**") entered on July 22, 2021, which sustained on default the *Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* [Docket No. 10808] (the "**Omnibus Objection**"),[2] as it pertains to the disallowance and expungement of his claim, Proof of Claim No. 87111 (the "**Horton Claim**").

I. **PRELIMINARY STATEMENT**

Mr. Horton has filed numerous documents with respect to the Horton Claim and the Disallowance Order.[3] None of his assertions or arguments in the Motion or elsewhere provide a meritorious defense against the Omnibus Objection as it relates to the Horton Claim. By the Omnibus Objection, the Reorganized Debtors objected to the Horton Claim on the basis that it was barred by the applicable statute of limitations. The applicable statute here is section 335.1 of the California Code of Civil

---

[1] The Second Motion states that it replaces the Original Motion in its entirety, but the Court directed the Reorganized Debtors to consider both submissions in their entirety in its order at Docket Number 11154, and this Opposition does so.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Objection.

[3] Although Mr. Horton filed the Second Motion under seal, the Reorganized Debtors do not request to seal this Opposition. No confidential or personal information is being disclosed in this Opposition, and the arguments made herein are supported by public, unsealed documents, including documents attached to the Horton Claim, the Response-Claim (defined below), and the Original Motion, none of which were filed under seal.

1 Procedure – which imposes a two-year statute of limitations by which a claimant must file a civil action for wrongful death or other personal injury. The Horton Claim arose on September 5, 2016, when Mr. Horton's brother died under unfortunate circumstances; the Petition Date occurred over two years later.

Mr. Horton does not argue that he filed a civil action within the two-year statute; instead, Mr. Horton relies on correspondence with the Debtors, including a "claim form" that he submitted to PG&E's Law department in August 2018. That claim form and correspondence does not constitute a civil action – as Mr. Horton himself acknowledges in the very correspondence upon which he relies.

The Reorganized Debtors do not give credence to any of Mr. Horton's allegations that orders entered by the Court were authored by anyone other than this Court or are otherwise illegitimate. The Reorganized Debtors respectfully request that the Court deny the Motion and order that Proof of Claim No. 107857, which Mr. Horton filed after the Disallowance Order was entered, apparently in response to the Disallowance Order, be disallowed and expunged.

## II.  JURISDICTION

This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3007, 3008, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## III.  FACTUAL BACKGROUND

### A.  The Chapter 11 Cases and Claims Administration Process

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed

in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").  The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**").  *See* Dkt. No. 8252.

On June 30, 2020, the Bankruptcy Court entered the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), setting forth procedures for the omnibus objection to claims in these Chapter 11 Cases.

B. **The Horton Claim**

The Horton Claim was filed on October 21, 2019, in the amount of fifty million dollars ($50,000,000.00).[4]  The Horton Claim asserts damages relating to the September 5, 2016 death of Mr. Horton's brother, Rory Horton.  According to the documents and reports included in the Horton Claim, Rory Horton was squirrel hunting when he lifted a 32-foot aluminum irrigation pipe to extract a squirrel. (Horton Claim at 13.)  While lifting the pipe in the vertical position, it connected with the Utility's energized line 30 feet overhead, electrocuting him.  (Horton Claim at 13.)  A report by the CPUC included in the Horton Claim found no wrongdoing by the Utility. (Horton Claim at 17-19)

Horton discovered his brother's body on September 7, 2016.  (Horton Claim at 13.)  No civil action has ever been filed in any state or federal court against the Debtors concerning the death of Rory Horton.

C. **The Omnibus Objection**

On June 17, 2021, the Reorganized Debtors filed the Omnibus Objection, which sought the disallowance and expungement of a number of claims on various legal grounds.  The Omnibus Objection

---

[4] Mr. Horton filed a second Proof of Claim, No. 87144, which was disallowed and expunged through the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fourth Omnibus Objection to Claims (Duplicate Claim)* entered on September 28, 2020 [Docket No. 9155], on the basis that it was duplicative of the Horton Claim.

objected to the Horton Claim on the grounds that it was barred by the applicable statute of limitations. Horton's brother died on September 5, 2016, and the two-year statute of limitations for wrongful death claims expired more than four months before the Petition Date, without Mr. Horton filing a lawsuit. Exhibit 2A to the Omnibus Objection identified the applicable dates and statute of limitations relating to the Horton Claim. (Dkt. No. 10808-4 at 1.) Mr. Horton was served with the Omnibus Objection and the *Notice of Hearing on Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* [Docket No. 10811], which set 4:00 p.m. (Pacific Time) on July 14, 2021 as the response deadline for the Omnibus Objection.

On July 21, 2021, the Reorganized Debtors filed the *Reorganized Debtors' Report on Responses to Eighty-Eighth Through Ninety-Sixth Omnibus Objections to Claims and Request for Orders By Default as to Unopposed Objections* (the "**Request for Default**") [Docket No. 10960]. The Request for Default sought entry of orders by default as to all claimants who did not respond to the Omnibus Objection. On July 22, 2021, the Court entered the Disallowance Order, disallowing the Horton Claim, among others.

On July 28, 2021, six days after entry of the Disallowance Order, Horton appeared at a hearing on two unrelated claims that were also the subject of the Omnibus Objection, advising the Court that he opposed the disallowance of the Horton Claim, and that he had filed a late response to the Omnibus Objection earlier that same day. The response, which Horton had filed as a claim on the bankruptcy court's claims register rather than on the court docket, was recorded by Prime Clerk in its official claims register as Proof of Claim No. 107857 (the "**Response-Claim**"). A copy of the Response-Claim is attached hereto as **Exhibit 1**. In the Response-Claim, Horton attached an email correspondence dated August 31, 2018 (that is, four months before the Petition Date), from Mr. Horton to PG&E, notifying PG&E that he had submitted a claim to the PG&E Claims Department, and stating: "This email is to further insure [sic] that the PG&E Claims department is fully aware of our intention to file court action, and this claim satisfies our attempt to seek restitution prior to filing a court action."

D.    **Horton's Motion for Reconsideration**

On August 4, 2021, Horton filed a *Motion to Review and Correct A Possible Mistake as to Case Identity; Motion to be Heard; Motion to Reconsider* [Docket No. 11031]. On August 18, 2021, Horton

filed a *Motion to Seal* [Docket No. 11073] and filed an amended motion for reconsideration under seal. The Court granted the Motion to Seal on August 20, 2021, and set September 10, 2021 as the Reorganized Debtors' response deadline for the Motion. *Order Regarding Motion for Reconsideration by Ricky D. Horton* [Docket No. 11135] ("**First Reconsideration Scheduling Order**"); *Order Clarifying Order Regarding Motion for Reconsideration by Ricky D. Horton* [Docket No. 11154] (together with the First Reconsideration Scheduling Order, the "**Reconsideration Scheduling Orders**").

Horton has since made several filings on the docket, including motions to strike the Court's Reconsideration Scheduling Orders. They do not address the merits of his Motion or of the Horton Claim. Instead, those motions to strike question the validity of the Reconsideration Scheduling Orders and purport to notice a hearing on the Motion. Because the Court has not withdrawn either of the Reconsideration Scheduling Orders, the Reorganized Debtors file this Opposition on the schedule set forth in the Reconsideration Scheduling Orders. The Reorganized Debtors do not believe that the motions to strike merit a response, and state only that they are confident that all Mr. Horton's allegations that the Reconsideration Scheduling Orders entered by the Court were "unlawful" or "frivolous" are unfounded and should not be given any credence.

### IV. ARGUMENT

#### A. Reconsideration of Claims

Section 502(j) of the Bankruptcy Code provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Bankruptcy Rule 3008 provides: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008.

Because Horton filed his Original Motion within 14 days of entry of the Disallowance Order, the motion for reconsideration may be treated as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("**Civil Rules**"), as made applicable to bankruptcy cases by Bankruptcy Rule 9023. *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Furthermore, Civil Rule 55 governs defaults in bankruptcy litigation and is applied in the same manner as in general federal civil litigation. Fed. R. Civ. P. 55, *incorporated by* Fed. R. Bankr. P. 7055 and 9014. Civil Rule 55(c) provides for setting aside defaults and directs that default judgments may be set aside under Civil Rule 60(b). This overlaps with Civil Rule 59(e) because a Civil Rule 60(b) motion that is filed within fourteen days after entry of the judgment may also be treated as a Civil Rule 59(e) motion. Fed. R. Civ. P. 59(e) and 60(b), *incorporated by* Fed. R. Bankr. P. 9023 and 9024. *See Demos v. Brown (In re Graves)*, 279 B.R. 266, 274-75 (B.A.P. 9th Cir. 2002). Three factors should be evaluated in considering a motion to reopen a judgment or order entered by default: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The party seeking to vacate a default judgment bears the burden of demonstrating that these "*Falk* Factors" favor vacating the judgment. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

**B.     Showing a Meritorious Defense is Necessary to Reconsider and Set Aside Default**

A court may deny reconsideration of a default order under either Rule 59(e) or Rule 60(b) when the moving party has failed to show that it has a meritorious defense. *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015). The demonstration of a meritorious claim or defense has even been deemed a precondition to relief from judgment entered by default. *See L&M Constr. v. Ray (In re Oscherowitz)*, No. CC-08-1119-KPaMk, 2008 Bankr. LEXIS 4726, at *11 (B.A.P. 9th Cir. Oct. 7, 2008). The underlying concern is to determine whether there is some possibility that the outcome of the Omnibus Objection after a full hearing will be contrary to the result achieved by default. *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986). If the party seeking to set aside a default cannot present a meritorious defense, then nothing but pointless delay can result from reopening the issue. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001). Mr. Horton has not borne

his burden to demonstrate that he has a meritorious defense.

>    C.   **The Motion Does Not Present a Meritorious Defense, and Reconsideration Would Not Change the Result of the Order Obtained By Default**

Although Mr. Horton's Motion makes a number of allegations about both the Debtors and this Court, nothing in the Motion provides a valid argument against the sole basis on which the Reorganized Debtors objected to his Claim – namely, that the Horton Claim is barred because Mr. Horton did not commence a civil action prior to the expiration of the applicable statute of limitations. Under section 502(b)(1) of the Bankruptcy Code, a claim must be disallowed if the claim is unenforceable under applicable non-bankruptcy law, including because it is barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, 2015 Bankr. LEXIS 580, *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.),* 204 F.3d 1276, 1281 (9th Cir. 2000)). The filing of the Chapter 11 Cases does not revive claims that were time-barred on the Petition Date. "When the statute of limitations on a claim has expired prior to the filing of the bankruptcy, that claim is barred from recovery in the bankruptcy case." *In re Johnson*, Case No. 11-18629-GM, 2015 Bankr. LEXIS 52, *17 (Bankr. C.D. Cal. Jan. 7, 2015) (citing *Banks v. Gill Distribution Centers, Inc. (In re Banks)*, 263 F.3d 862 (9th Cir. 2001)).

The applicable statute of limitations governing the Horton Claim is section 335.1 of the California Code of Civil Procedure. Although the Reorganized Debtors labeled this statute in the Omnibus Objection as the "Personal Injury" statute, it is clear that section 335.1 governs the Horton Claim with respect to the death of Mr. Horton's brother: Section 335.1 of the California Code of Civil Procedure requires that an "action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be commenced within two years. Cal Code Civ. Proc. § 335.1 (emphasis added).

Under section 350 of the California Code of Civil Procedure, "[a]n action is commenced, within the meaning of this Title, when the complaint is filed." Cal Code Civ. Proc. § 350; *see Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686-87 (9th Cir. 2005); *Pimental v. San Francisco*, 21 Cal. 351, 359 (1863). Mr. Horton's understanding that a civil action begins at the moment he submitted his claim to the Utility's Law department on August 25, 2018 (Motion 11) is therefore incorrect. The August 2018

correspondence with the Debtors that Mr. Horton attaches to his Motion does not constitute the commencement of a civil action and therefore does not meet the requirement set forth in the statute of limitations. Merely communicating his alleged claims to the Debtors did not toll the statute of limitations. Indeed, Mr. Horton demonstrates in that same correspondence that he understands that the submission of his claim form does not constitute a civil action: in his cover e-mail, Mr. Horton states, "This email is to further insure [sic] that the PG&E Claims department is fully aware of our intention to file court action, and this claim satisfies our attempt to seek restitution prior to filing a court action." *See* Motion Ex. 3 at 5 (emphasis added).[5] Taken at face value, Mr. Horton's assertions in the Motion do not set forth a meritorious defense to the Omnibus Objection.

### D. The Response-Claim is Duplicative of the Horton Claim and Should Be Disallowed and Expunged as an Administrative Matter

The Response-Claim is not a separate claim from the Horton Claim but was instead filed as a late response to the Omnibus Objection. This is how Mr. Horton described the Response-Claim, filed on July 28, 2021, at the omnibus hearing held the same day. *See* July 28, 2021 Hrg. Tr. 17:5-23 ("I just filed and uploaded the document that gives my reasons to disallow their omnibus objection to disallow or expunge my claim . . ."). The Response-Claim attached the August 31, 2018 email correspondence discussed above, which Horton subsequently attached as an exhibit to the Motion. Because the Response-Claim is effectively a duplicate of the Horton Claim and was filed on the claims register in error, the Reorganized Debtors request that it be disallowed and expunged as an administrative matter, pursuant to section 105 of the Bankruptcy Code.

### V. RESERVATION OF RIGHTS

The Omnibus Objection reserved all of the Reorganized Debtors' rights to object to the Horton Claim on any basis whatsoever.[6] The Reorganized Debtors reaffirm these rights as to the Horton Claim,

---

[5] Mr. Horton's August 2018 correspondence to the Debtors was included in an attachment to the Horton Claim. It is not new evidence.

[6] "The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are

the Response-Claim, and any other claim filed by Horton.

      WHEREFORE, the Reorganized Debtors respectfully request entry of an order (i) denying the Motion, (ii) disallowing and expunging Proof of Claim No. 107857, and (iii) granting such other and further relief as the Court may deem just and appropriate.

Dated: September 10, 2021                       **KELLER BENVENUTTI KIM LLP**

                                                   By: */s/ Thomas B. Rupp*
                                                                       Thomas B. Rupp

                                           *Attorneys for Debtors and Reorganized Debtors*

---

subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Legal Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate." (Omnibus Objection at 8-9.)