KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Gayle L. Gough (#154398)
(gayle.gough@ghcounsel.com)
Laura L. Goodman (#142689)
(laura.goodman@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415.848-8918

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OBJECTIONS TO DECLARATION OF SCOTT BATES**<br><br>[Relates to Docket No. 11066, 11263]<br><br>Date: September 29, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submit the following objections to the Declaration of Scott Bates (the **"Bates Declaration"**) attached to the *Motion for Relief from Plan Injunction, to Compel Arbitration and/or for Abstention* filed by Fulcrum Credit Partners, LLC [Docket No. 11066].

1. Objection is made to paragraph 3 of the Bates Declaration on the ground that it is argumentative, vague and ambiguous. *See* FRE 611; FRE 403.

2. Objection is made to the first sentence of paragraph 4 of the Bates Declaration on the ground that the Declarant does not state that he "began to discuss terms for use of the Property with PG&E" and may lack personal knowledge. *See* FRE 602. The statement is also argumentative, vague and ambiguous. *See* FRE 611; FRE 403. Objection is made to the second sentence of paragraph 4 of the Bates Declaration on the grounds that it lacks foundation and is vague and ambiguous. Objection is made to the fourth sentence in paragraph 4 of the Bates Declaration on the grounds that it is argumentative and directly contrary to the terms of the integrated Letter Agreement, which states that TRA, not PG&E, "winterized" the property by transporting and dumping gravel and base rock at the expense of PG&E—all with TRA's express agreement. *See* FRE 611; FRE 403; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

3. Objection is made to paragraph 5 of the Bates Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 18, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

4. Objection is made to paragraph 6 of the Bates Declaration on the grounds that it constitutes impermissible hearsay. *See* FRE 801(c). Further objection is made to paragraph 6 on the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Reorganized Debtors' Opposition to Motion for Relief from Plan Injunction, to Compel Arbitration and/or for Abstention* [Docket No. 11263].

ground that it lacks foundation and is inconsistent with other facts, including the Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

5. Objection is made to Paragraph 7 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104.

6. Objection is made to Paragraph 8 of the Bates Declaration on the ground that the statement that TRA was "forced" to file a Proof of Claim is argumentative. *See* FRE 611; FRE 403.

The Reorganized Debtors respectfully request that the Court sustain their Objections to the Declaration of Scott Bates.

Dated: September 15, 2021

**KELLER BENVENUTTI KIM LLP**
**GOUGH & HANCOCK LLP**

By: /s/ *Gayle L. Gough*
      Gayle L. Gough

*Attorneys for Debtors and Reorganized Debtors*