1   EVAN C. BORGES, State Bar No. 128706
     EBorges@GGTrialLaw.com
2   SARAH KELLY-KILGORE, State Bar No. 284571
     SKellyKilgore@GGTrialLaw.com
3   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
4   Los Angeles, California 90017
    Telephone: (213) 334-7000
5   Facsimile: (213) 334-7001

6   *Attorneys for The Honorable John K. Trotter
    (Ret.), Trustee of the PG&E Fire Victim Trust*

7

8              **UNITED STATES BANKRUPTCY COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| 11  **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 12  **PG&E CORPORATION** | |
| 13          **-and-** | Chapter 11 (Lead Case) (Jointly Administered) |
| 14  **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| 15          **Debtors.** | **NOTICE OF ERRATA REGARDING OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PRICEWATERHOUSECOOPERS LLP FOR STAY PENDING APPEAL** |
| 16 | |
| 17  ☐ Affects PG&E Corporation | |
| 18  ☐ Affects Pacific Gas and Electric Company | |
|    ■ Affects both Debtors | |
| 19 | |
| 20  *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| 21 | |

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that the *Opposition of Trustee of Fire Victim Trust to Motion by PricewaterhouseCoopers LLP For Stay Pending Appeal* filed earlier today [Dkt. No. 11271] (the "Opposition") contained an inadvertent mistake omitting the word "not" from the single sentence at line 7 of page 15. Specifically, the sentence as corrected should state, "PwC does not assert . . . ." A true and correct copy of the corrected Opposition is attached hereto as **Exhibit 1.**

DATED: September 16, 2021        GREENBERG GROSS LLP

By: _____
Evan C. Borges
Sarah Kelly-Kilgore

*Attorneys for The Honorable John K. Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

# EXHIBIT 1

1    EVAN C. BORGES, State Bar No. 128706
      *EBorges@GGTrialLaw.com*
2    SARAH KELLY-KILGORE, State Bar No. 284571
      *SKellyKilgore@GGTrialLaw.com*
3    GREENBERG GROSS LLP
      601 S. Figueroa Street, 30th Floor
4    Los Angeles, California 90017
      Telephone: (213) 334-7000
5    Facsimile: (213) 334-7001

6    *Attorneys for The Honorable John K. Trotter*
      *(Ret.), Trustee of the PG&E Fire Victim Trust*
7

8              **UNITED STATES BANKRUPTCY COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| 11   **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 12   **PG&E CORPORATION** | |
| 13       **-and-** | Chapter 11 (Lead Case) (Jointly Administered) |
| 14   **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| 15 | **OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PRICEWATERHOUSECOOPERS LLP FOR STAY PENDING APPEAL** |
| 16         **Debtors.** | |
| 17   ☐   Affects PG&E Corporation | |
| 18   ☐   Affects Pacific Gas and Electric Company | |
|     ■   Affects both Debtors | |
| 19 | |
| 20   *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| 21 | |

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

                                                                                **Page**

I.      INTRODUCTION...................................................................................................6

II.     BACKGROUND....................................................................................................8

III.    PWC HAS NOT MET ITS BURDEN FOR THE EXTRORDINARY REMEDY
        OF A STAY PENDING APPEAL.......................................................................11

        A.      Legal Standard..........................................................................................11

        B.      PwC Has Not Shown the Requisite Irreparable Injury.............................11

        C.      PwC Has Not Shown a Strong Likelihood of Success on the Merits ......13

                1.      PwC Has Not Shown that the District Court Will Hear Its Appeal ............13

                2.      PwC Has Not Shown that the District Court Is Likely to Grant
                        Relief ............................................................................................16

        D.      The Trustee and the Fire Victims Will Be Harmed by a Stay; and the Public
                Interest Weighs Heavily Against a Stay....................................................18

IV.     CONCLUSION ...................................................................................................19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*,
  614 B.R. 344 (N.D. Cal. 2020) ............................................................................. 13

*Aetna Cas. & Sur. Co. v. Glinka*,
  154 B.R. 862 (D. Vt. 1993) ........................................................................... 14, 16

*In re Belli*,
  268 B.R. 851 (9th Cir. BAP 2001) ....................................................................... 15

*Boy Racer v. Does 2-52*,
  Case No. 11-cv-02834-LHK PSG, 2011 WL 10637490 (N.D. Cal. Aug. 5,
  2011) ............................................................................................................... 17

*Bradberry v. T-Mobile USA, Inc.*,
  Case No. 06-cv-6567-CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ............................. 18

*In re Couch*,
  80 B.R. 512 (S.D. Cal. 1987) ............................................................................ 15

*In re Frantz*,
  534 B.R. 378 (Bankr. D. Idaho 2015) .................................................................... 16

*In re Gardens Regional Hosp. & Med. Ctr., Inc.*,
  567 B.R. 820 (Bankr. C.D. Cal. 2017) .............................................................. 12, 18

*In re Ionosphere Clubs, Inc.*,
  156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ........................................ 17

*In re Irwin*,
  338 B.R. 839 (E.D. Cal. 2006) ...................................................................... 12, 13

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ........................................................................ 12, 13

*In re Liu*,
  611 B.R. 864 (9th Cir. BAP 2020) ....................................................................... 14

*McCoy v. Ace Motor Acceptance Corp.*,
  Case No. 18-cv-00668-KDB, 2019 WL 7000088 (W.D.N.C. Dec. 20, 2019) ...................... 14

*Mohawk Industries, Inc. v. Carpenter*,
  558 U.S. 100 (2009) ......................................................................................... 15

Case: 19-30088   Doc# 11272   Filed: 09/16/21   Entered: 09/16/21 23:04:26   Page 6
of 22

*Morrow v. City of Tenaha Deputy City*,
   Case No. 2-08-cv-288-TJW, 2010 WL 2721400 (E.D. Tex. July 8, 2010) ........................... 17

*PG&E Corp. v. Abrams*,
   Case No. 20-cv-01612-HSG, 2020 WL 6684862 (N.D. Cal. Nov. 12, 2020) ................. 14, 15

*Pizano v. Big Top & Party Rentals, LLC*,
   Case No. 15-cv-11190, 2017 WL 1344526 (N.D. Ill. Apr. 12, 2017) ................................ 17

*In re Red Mountain Machinery Co.*,
   451 B.R. 897 (Bankr. D. Ariz. 2011) ................................................................. 12

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
   415 U.S. 1 (1974) ................................................................................... 12

*In re Rivera*,
   Case No. 15-cv-04402-EJD, 2015 WL 6847973 (N.D. Cal. Nov. 9, 2015) .............. 11, 16, 18

*In re Roman Catholic Church of Archdiocese of Santa Fe*,
   Case No. 18-13027-t11, 2021 WL 408971 (Bankr. D.N.M. Feb. 4, 2021) ........................... 12

*Romero v. Securus Techs., Inc.*,
   383 F. Supp. 3d 1069 (S.D. Cal. 2019) ........................................................ 11, 12

*In re Stasz*,
   387 B.R. 271 (9th Cir. BAP 2008) (Montali, J.) .................................................... 14

*United States v. Krane*,
   625 F.3d 568 (9th Cir. 2010) ....................................................................... 16

*United States v. Zone*,
   403 F.3d 1101 (9th Cir. 2005) ...................................................................... 15

*In re Vaqueria Las Martas, Inc.*,
   Case No. 18-07304 (ESL), 2020 WL 5886731 (Bankr. D.P.R. Oct. 2, 2020) ....................... 11

*In re Woodcraft Studios, Inc.*,
   Case No. 11-cv-3219-EMC, 2012 WL 160225 (N.D. Cal. Jan. 18, 2012) ............................ 13

**Statutes**

28 U.S.C. § 158 ............................................................................. 13, 14, 15

28 U.S.C. § 1292 ................................................................................... 15

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL
-7-

**Other Authorities**

Cal. Pub. Util. Comm'n website, *available at* https://www.cpuc.ca.gov/industries-and-topics/electrical-energy/electric-rates/general-rate-case ................................................... 9

Federal Rule of Civil Procedure 26 ............................................................................. 7

Federal Rule of Bankruptcy Procedure 2004 ...................................................... *passim*

-5-

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL

-8-

# I.    <u>INTRODUCTION</u>

A stay pending appeal is an extraordinary remedy, especially in a case such as this, where the appellant seeks to avoid producing documents after being ordered by this Court to do so.

Through its motion of September 7, 2021 [Dkt. No. 11201] (the "**Stay Motion**"), PricewaterhouseCoopers LLP ("**PwC**") requests that this Court stay its August 24, 2021 order [Dkt. No. 11201] compelling PwC to produce documents related to its General Rate Case ("**GRC**") engagements with Pacific Gas & Electric Company ("**PG&E**").  PwC, however, fails to come even close to meeting the strict standards for such relief.   At best, the Stay Motion is a frivolous delay tactic at the expense of the Fire Victim Trust (the "**Trust**") and its beneficiaries, the Fire Victims.  As such, the Trustee of the Trust (the "**Trustee**") requests that the Court deny the Stay Motion.

It is apparent from the Stay Motion and the Trustee's prior correspondence with PwC that PwC has not even begun to search for responsive documents, including documents required by the August 24 Order.  For example, counsel for PwC previously represented in writing that PwC *never* performed certain wildfire safety services leading up to the Camp Fire in November 2018, only to have the Trustee confront PwC with significant email evidence establishing that PwC had performed the wildfire safety services in question.  Misrepresentations such as this make it clear that PwC has either decided that the Trustee's discovery requests will go away if met with bluster and ignored, or PwC does not want to review its records for fear that a diligent investigation will uncover evidence of liability.  Neither position is an acceptable response to the Trustee's binding Rule 2004 subpoena.  Nor do PwC's continued conclusory assertions provide a reason to stay enforcement of the August 24 Order pending its meritless appeal.

PwC bases the Stay Motion on conclusory assertions that no responsive documents exist (without any evidence that there has been any effort to search for such documents) and that PwC does not have any liability related its work on the GRC (although this issue has not been adjudicated).  As this Court noted in the August 24 Order, PwC also has asserted that to the extent there are responsive documents, "most" of those documents likely will be privileged.  To the extent responsive documents exist that are not subject to production based on a legitimate claim of

privilege, those documents must be identified on a privilege log per the August 24 Order.

A contention by a party that it will not ultimately be found liable is not a basis to deny discovery under Federal Rule of Civil Procedure 26. The scope of discovery under Bankruptcy Rule 2004 is even broader than under the Federal Rules. This Court already has recognized the fundamental flaw in PwC's position, when the Court noted in the August 24 Order that it was not "persuaded by the 'you won't find anything so I don't have to give it to you' position being asserted." [Dkt. No. 11145] at 2.

To justify a stay pending appeal, PwC must prove that: (1) it has made a strong showing that it likely will succeed on the merits of the appeal; (2) PwC will suffer irreparable harm absent a stay; (3) the stay will not harm the other parties-in-interest in the proceeding; and (4) the public interest favors a stay. PwC's conclusory assertions in the Stay Motion do not meet even the threshold of any of these tests, much less the legal requirement of a compelling showing.

*First*, on the merits, PwC cites no authority to support its position, which is that the discovery is not permitted because (a) PwC believes it will not be liable for contributing to or causing the circumstances that gave rise to the wildfires at issue; and (b) no responsive documents exist related to its GRC consulting work (although, as noted in the August 24 Order, PwC has contradicted itself and admits some responsive documents exist). Thus, PwC has not made any showing, much less a "strong showing," that it will prevail on appeal. In addition, PwC has not established a substantial likelihood that leave to appeal will be granted. Under overwhelming case law, in these circumstances, leave to appeal is not granted from a bankruptcy court discovery order. Accordingly, PwC cannot make the required "strong showing" of a likelihood of success on the merits.

*Second*, PwC provides no evidence of irreparable harm, as required by law. PwC has failed to provide any evidence of the purported burden that the discovery would impose, much less evidence of an undue burden. Instead, PwC asserts that the legal expense of complying with the August 24 Order will be a burden (although the legal expense of mounting an appeal does not seem to be a burden). As a matter of law, however, litigation expense does not suffice to support a claim of irreparable harm for a stay pending appeal. Thus, on this ground alone, the motion for

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL
-10-

1 stay must be denied.

2      ***Third***, the Trust, and, in particular, the Fire Victims that are the beneficiaries of the Trust,

3 will be harmed and prejudiced by further delay and stonewalling by PwC in response to the Rule

4 2004 subpoena, which has been pending for over a year. As the Court has noted, if PwC produces

5 the responsive documents and they show no liability, the Trustee can conclude his investigation

6 more rapidly and efficiently. Rather than take this path, PwC has refused to cooperate in any way,

7 which has required several discovery conferences before this Court, and has resulted in two orders

8 compelling production in addition to this Court's approval of a separate Rule 2004 subpoena

9 directed at a PwC employee who performed wildfire safety services in the year leading up to the

10 Camp Fire. The only consistency in PwC's responses has been delay and blocking the Trustee's

11 investigation. The escalating cost of seeking the documents this Court has ordered PwC to

12 produce comes from funds that otherwise would be paid to Fire Victims.

13      ***Fourth***, the public interest weighs heavily against a stay. The Camp Fire alone was the

14 most catastrophic in the history of the State of California, causing tens of billions of dollars in

15 property damage and significant loss of life. One of the ways PG&E's Plan seeks to compensate

16 Fire Victims is by having the Trustee prosecute third-party consultant actions. To do so, the

17 Trustee must investigate potential liability of third-party consultants such as PwC. PG&E

18 documents show that in the years leading up to the 2015 Butte Fire, the 2017 North Bay Fires, the

19 2018 Camp Fire and through 2020, PG&E paid PwC approximately **$200 million** for consulting

20 services. The requested GRC discovery, which was compelled by the August 24 Order, is relevant

21 to the Trustee's investigation, as the Trustee pointed out in his August 19, 2021 letter brief [Dkt.

22 No. 11109] (the "**Letter Brief**"). It is time for PwC to comply without delay. The motion for stay

23 should be denied.

24 ## II.    BACKGROUND

25      The Trust has authority to conduct Rule 2004 discovery, and PwC does not contend

26 otherwise. PwC performed consulting services for PG&E starting years before the 2015 Butte

27 Fire, the 2017 North Bay Fires, and the 2018 Camp Fire (the "**Fires**"). Several of those

28 engagements related to the GRC, a proceeding before the California Public Utilities Commission

1  where PG&E files an application for approval of rates (usually increased rates) charged to utility

2  customers, based on its budgeting for expenses and capital expenditures for the three-year period

3  at issue.  As noted in the Letter Brief, the proposed budgets in the GRC include budgets for ***asset***

4  ***maintenance as well as plans for wildfire prevention and mitigation*** – all of which is relevant to

5  the Trustee's investigation.[1]  *See* Dkt. No. 11109 at 3-4.

6   Pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

7  *Reorganization Dated June 19, 2020* [Dkt. No. 8048] (the "**Plan**"), PG&E assigned to the Trust

8  claims against third parties relating to the causes of the Fires.  [Dkt. No. 8048] at §§ 6.7(a), 6.8(a).

9  Specifically, PG&E assigned to the Trust any claims of PG&E against, among others, "[p]ersons

10  that provided services, directly or indirectly, to either of the Debtors in connection with budget or

11  capital allocations" and "[p]ersons that provided services, directly or indirectly, to either of the

12  Debtors in connection with compliance with laws, rules, or regulations governing distribution or

13  transmission operations."  [Dkt. No. 7712-1] ¶ 1 (o) & (r).

14   The history of this proceeding reveals the lengths to which PwC has gone to try to block

15  the Trustee's mandate to investigate the claims assigned to the Trust, including against consultants

16  such as PwC.

17   In March 2020, before the Plan was confirmed, the Official Committee of Tort Claimants

18  (the "**TCC**") served a Rule 2004 subpoena on PwC, demanding production of documents.  *See*

19  Dkt. Nos. 6351 and 6473.

20   The Plan became effective on July 1, 2020 (the "**Effective Date**").  Following the Effective

21  Date, this Court ruled that the TCC's authority to enforce the Rule 2004 subpoena transferred to

22  the Trust.  *See* Dkt. No. 8480.

23   In April 2021, the Trustee sent a letter to PwC, requesting further compliance with the

24  Rule 2004 subpoena.  Counsel for PwC and the Trustee exchanged letters, participated in a

25  telephonic meet-and-confer conference, and exchanged further letters.  PwC subsequently stopped

26  engaging with the Trustee.

27  _____

28  [1] *See* What is a General Rate Case (GRC)?, Cal. Pub. Util. Comm'n website, *available at*
https://www.cpuc.ca.gov/industries-and-topics/electrical-energy/electric-rates/general-rate-case.

In June 2021, the Trustee reached out to this Court to schedule a discovery conference, as the Trustee believed that the parties were at an impasse that required the Court's intervention. A discovery conference was first scheduled for late June 2021, and, after several continuances, a first discovery conference was held on July 16, 2021.

On July 13, 2021, the Trustee filed an *ex parte* application for an order approving another Rule 2004 subpoena to PwC, based on evidence that PwC had performed critical wildfire safety services leading up to the Camp Fire. [Dkt. No. 10913]. As explained more fully in that application, the Trustee filed the application due to the fact that, notwithstanding the Trustee having advised PwC of substantial evidence showing that PwC provided critical wildfire safety services leading up to the Camp Fire, counsel for PwC adamantly (but falsely) represented in writing that PwC never performed such services, and on that basis, refused to produce documents related to those services. *Id*. at 9-11. After opposition by PwC and argument at the discovery conference on July 16, 2021, that same day, the Court entered its order granting the *ex parte* application and authorizing the additional Rule 2004 subpoena. [Dkt. No. 10947].[2]

On August 5, 2021, the parties appeared for a second discovery conference, and the Trustee advised the Court that the parties had been unable to resolve their differences on documents that PwC was required to produce. On August 11, 2021, the Court entered an order compelling PwC to produce certain categories of documents requested by the Trust. [Dkt. No. 11055]. The August 11 Order also directed the parties to submit letter briefs regarding PwC's engagements for PG&E related to the GRC. *Id.* ¶ 3. The Trust and PwC filed their letter briefs on August 19, 2021. [Dkt. Nos. 11109 and 11133].

On August 24, 2021, the Court entered its August 24 Order, and rejected PwC's grounds for objecting to production of documents related to its GRC engagements with PG&E. Most significantly, the Court rejected PwC's argument that it repeats in the Stay Motion; namely, that

---

[2] To date, counsel for PwC have not cooperated in any way or agreed to comply with this Rule 2004 subpoena, first by refusing to accept service, and next by taking the position that any deposition of the PwC employee should be deferred until PwC completes its document production, which has not occurred.

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL
-13-

PwC need not produce the GRC documents, given its conclusory assertion that it had no role in contributing to or causing the circumstances that gave rise to the Fires:

> The court disagrees with PwC's counsel's contention that the Trustee should not be allowed to obtain information unless relating in any way to "causation" of the wildfires. If, at the end of the day, PwC has no culpability or exposure because of the lack of causation, it might have no liability. But until then, the Court is not persuaded by the "you won't find anything so I don't have to give it to you" position being asserted.

August 24 Order [Dkt. No. 11145] at 2. In addition to filing this motion, PwC has filed a notice of appeal and motion for leave to appeal the August 24 Order. *See* Dkt. Nos. 11199, 11200.

## III.   PWC HAS NOT MET ITS BURDEN FOR THE EXTRORDINARY REMEDY OF A STAY PENDING APPEAL

### A.   Legal Standard

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Vaqueria Las Martas, Inc.*, Case No. 18-07304 (ESL), 2020 WL 5886731, at *1 (Bankr. D.P.R. Oct. 2, 2020) (internal quotation marks omitted). "The legal principles relevant to a stay motion have been distilled into consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Rivera*, Case No. 15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) (internal quotations marks omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

"[B]ecause a stay pending appeal is an extraordinary remedy, the court must examine the factors with obligatory restraint." *Id.* PwC has failed to make any showing on any of the above factors that would carry an ordinary burden of proof, let alone the "strong showing" required to obtain the extraordinary remedy of a stay pending appeal.

### B.   PwC Has Not Shown the Requisite Irreparable Injury

"A sufficient showing of irreparable harm is 'a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay.'" *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1074-75 (S.D. Cal. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir.

1  2011)).  "[S]imply showing some possibility of irreparable injury . . . fails to satisfy the second

2  factor."  *Id.* at 1075 (internal quotation marks omitted; alteration in original) (quoting *Nken*, 556

3  U.S. at 434-35).  Rather, the movant "must show that an irreparable injury is the more probable or

4  likely outcome."  *Leiva-Perez*, 640 F.3d at 967.

5          PwC has identified two harms that it contends constitute irreparable injury.  First, PwC

6  claims that it will be irreparably injured because it may comply with the August 24 Order in the

7  absence of a stay, thus mooting its own appeal.[3]  The possibility that an appeal will be mooted in

8  the absence of a stay does not constitute irreparable injury.  *See In re Gardens Regional Hosp. &

9  Med. Ctr., Inc.*, 567 B.R. 820, 831 (Bankr. C.D. Cal. 2017) ("[W]ithin bankruptcy, a majority of

10  courts have concluded that mootness does not demonstrate irreparable injury."); *see also In re Red

11  Mountain Machinery Co.*, 451 B.R. 897, 908-09 (Bankr. D. Ariz. 2011) ("The law is clear in the

12  Ninth Circuit that irreparable injury cannot be shown solely from the possibility that an appeal

13  may be moot." (internal quotation marks omitted)); *In re Irwin*, 338 B.R. 839, 853 (E.D. Cal.

14  2006) ("It is well settled that an appeal being rendered moot does not itself constitute irreparable

15  harm." (internal quotation marks omitted)).  PwC has presented no authority to the contrary.

16          Second, PwC contends that the litigation expense associated with complying with the

17  Trustee's discovery demands constitutes irreparable injury because the cost is likely to be

18  substantial and cannot be recovered if PwC prevails on its appeal.[4]  Litigation expense cannot

19  constitute irreparable injury, even if such costs are substantial and cannot be recovered on appeal.

20  *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation

21  expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *In re

22  Roman Catholic Church of Archdiocese of Santa Fe*, Case No. 18-13027-t11, 2021 WL 408971, at

23

24  _____

25  [3] *See* Dkt. No. 11201 at 7 ("If a stay is not entered . . . it is likely that PwC would comply with the
    Order prior to resolution of PwC's appeal, thus in effect mooting the appeal.  Because this issue of

26  scope is likely to come up again in further discovery disputes, having its appeal mooted could
    irreparably injure PwC and limit its ability to advance its position in future disputes.").

27  [4] *See* Dkt. No. 11201 at 7 ("PwC will be unable to recover the significant costs and resources
    expended in responding to the Trustee's demand in the event that PwC prevails on its appeal.  The

28  Court should stay the Order to avoid such potentially unnecessary burden on PwC.").

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL
-15-

*5 (Bankr. D.N.M. Feb. 4, 2021) (citing *Bannercraft*, 415 U.S. at 24) ("[T]he law is clear that litigation expense is not the kind of 'irreparable harm' that justifies a stay pending appeal."). PwC has not cited any contrary authority.

Because neither of the harms identified by PwC qualifies as irreparable injury, PwC has not made the requisite showing that "an irreparable injury is the more probable or likely outcome" if PwC's stay request is denied. *Leiva-Perez*, 640 F.3d at 967. PwC's stay request may and should be denied on this basis alone. *See In re Irwin*, 338 B.R. at 854.

### C. PwC Has Not Shown a Strong Likelihood of Success on the Merits

To obtain a stay, PwC also "must make a 'strong showing that [it] is likely to succeed on the merits.'" *In re Woodcraft Studios, Inc.*, Case No. 11-cv-3219-EMC, 2012 WL 160225, at *1 (N.D. Cal. Jan. 18, 2012) (alteration in original) (quoting *Nken*, 556 U.S. at 434).

To obtain the relief it seeks, PwC must obtain leave from the District Court to file its appeal. Next, PwC must prevail on the merits of its appeal. PwC cannot make a strong showing that it is likely to succeed at either stage.

### 1. PwC Has Not Shown that the District Court Will Hear Its Appeal

In order for PwC's appeal to be heard by the District Court, either (1) the August 24 Order must be a final order appealable as of right, 28 U.S.C. § 158(a)(1), or (2) the District Court must grant leave to appeal to allow interlocutory review, *id.* § 158(a)(3).

The August 24 Order is not a final order. In the Ninth Circuit, "[t]he test for finality in bankruptcy typically asks two questions: (1) whether the bankruptcy court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it 'resolves and seriously affects substantive rights.'" *Id.* at 870. Notably, "[i]f 'further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review.'" *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020) (quoting *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987)).

Bankruptcy court discovery orders lack finality and are interlocutory for purposes of

§ 158(a).[5]  *See McCoy v. Ace Motor Acceptance Corp.*, Case No. 18-cv-00668-KDB, 2019 WL 7000088, at *2 (W.D.N.C. Dec. 20, 2019) ("Numerous courts have held generally that a bankruptcy court's discovery orders lack finality and are interlocutory for the purposes of § 158(a)."). This is especially true of orders that allow discovery to proceed.  *Id.* at *3 ("Moreover, several courts have held that bankruptcy court orders denying motions to quash subpoenas are interlocutory and not subject to immediate appeal.").  "It is only when a dispute 'has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming' that an order concerning a Rule 2004 examination is considered final."  *Aetna Cas. & Sur. Co. v. Glinka*, 154 B.R. 862, 866 (D. Vt. 1993).  The August 24 Order did not fully and finally determine, resolve, or seriously affect substantive rights.

Indeed, further proceedings may affect the scope of the August 24 Order.  If PwC fails to comply with the August 24 Order, the Court can evaluate the scope of the order in adjudicating whether to enter a contempt order sanctioning PwC.  *Cf. In re Stasz*, 387 B.R. 271, 276 (9th Cir. BAP 2008) (Montali, J.) (order granting sanctions for civil contempt for failing to comply with a Rule 2004 order "stands alone and requires no further action by the bankruptcy court, the order is a final order" for purposes of 28 U.S.C. § 158).  The fact that such an order would be final as to this very same issue – the validity of the discovery compelled under the August 24 Order – shows that the August 24 Order is not the last word on the issues it decided.

Given that the August 24 Order is not a final order, it can be reviewed only by interlocutory appeal after leave to appeal is granted, which the Ninth Circuit has said "should be allowed 'sparingly and only in exceptional circumstances.'"  *PG&E Corp. v. Abrams*, Case No. 20-cv-01612-HSG, 2020 WL 6684862, at *2 (N.D. Cal. Nov. 12, 2020) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).  For example, "[l]eave to

---

[5] A determination that discovery orders like the August 24 Order are final would have drastic consequences.  *See In re Liu*, 611 B.R. 864, 872 (9th Cir. BAP 2020) ("Every time an appellate court declares that a certain type of order is flexibly final and hence immediately appealable, it has the potential to erode whatever certainty there is concerning the timely commencement of an appeal.  The stakes could not be higher.  Failure to timely appeal a final order is a jurisdictional defect, which deprives the appellate court of the power to review the order.").

1  appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as

2  to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could

3  materially advance the ultimate termination of the litigation." *Id.*; *see also In re Belli*, 268 B.R.

4  851, 858 (9th Cir. BAP 2001) ("We look for guidance to standards developed under 28 U.S.C.

5  § 1292(b) to determine if leave to appeal should be granted, even though the procedure is

6  somewhat different.").

7          PwC does not assert in the Stay Motion that it has satisfied any of the above factors.[6]

8          Moreover, granting leave for an interlocutory appeal would depart from the general rule

9  that discovery orders are not appropriate for interlocutory review. *Cf. United States v. Zone*, 403

10  F.3d 1101, 1106 (9th Cir. 2005) ("[d]iscovery decisions are generally not final judgments that may

11  be appealed"). In the rare instances where courts depart from this general rule, it is because there

12  is more at stake than the possibility of the appeal becoming moot or litigation expense. The only

13  case cited by PwC in support of granting interlocutory review of a bankruptcy court discovery

14  order, *In re Couch*, implicated matters of privilege that would be lost in the absence of

15  interlocutory review. *See In re Couch*, 80 B.R. 512, 514-16 (S.D. Cal. 1987).[7] None of the other

16  cases cited by PwC concerns interlocutory review of an order compelling production pursuant to a

17  Rule 2004 subpoena.[8]

18  ───────────────────────

19  [6] For example, the question articulated by PwC in its statement of issues is not a controlling
    question of law. *See* Dkt. No. 11202 at 1. The fact-bound nature of the question presented by

20  PwC is apparent in PwC's motion for leave to appeal, where PwC asserts: "The parties disagree as
    to whether the Schedule of Assigned Rights and Causes of Action limits the scope of discovery

21  under the Subpoena to those claims relating to the cause of any of the wildfires. There is limited
    or no controlling authority addressing this legal question, which *under these facts* appears to be

22  one of first impression before this Court." Dkt. No. 11200 at 11 (emphasis added). The fact that
    PwC disagrees with the Court's view about its discovery obligations does not mean that there is a

23  substantial ground for a difference of opinion on a controlling question of law. In addition, an
    immediate appeal and stay would only delay the litigation, not materially advance its termination.

24  

25  [7] It is not clear that the appeal in *In re Couch* would receive interlocutory review today. First, the
    decision in *In re Couch* did not analyze any of the requirements for interlocutory review. Second,

26  *In re Couch* long pre-dates *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), in which
    the Supreme Court held that disclosure orders adverse to the attorney-client privilege do not

27  qualify for immediate appeal under the collateral order doctrine.

28  [8] PwC has not challenged the validity of the March 2020 Rule 2004 subpoena, nor has PwC

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PWC FOR STAY PENDING APPEAL
-18-

Orders granting discovery are not appropriate for interlocutory review unless the subpoenaed party has resisted discovery and has been cited for contempt. *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) ("In general, interlocutory appellate review of an order compelling compliance with a subpoena is available only when the subpoenaed party has refused to comply and appeals from the resulting contempt citation."). Thus, even if PwC could make a showing on each of the four requirements for interlocutory review, the District Court should not exercise its discretion to hear the appeal. The proper avenue for review of orders compelling discovery is a contempt adjudication. *See Glinka*, 154 B.R. at 868 ("The virtue of a contempt adjudication before allowing an appeal is that it affords the parties a 'second look' before determining whether to pursue or resist the discovery." (quoting *In re Application of the Am. Tobacco Co.*, 866 F.2d 552, 554 (2d Cir. 1989))).

### 2. PwC Has Not Shown that the District Court Is Likely to Grant Relief

Even if the District Court were to grant leave to hear PwC's appeal on the merits, PwC has not made a "strong showing" of likelihood of success on appeal. In fact, no valid grounds have been presented for the District Court to reverse the August 24 Order.

"An appellant's likelihood of success on appeal depends in large part on the standard of review." *In re Frantz*, 534 B.R. 378, 386 (Bankr. D. Idaho 2015). The August 24 Order could be reversed only if the District Court were to find that this Court somehow abused its discretion. *See id.* ("A bankruptcy court abuses its discretion if it applies an incorrect legal standard, or misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record." (internal quotation marks omitted)); *see also In re Rivera*, 2015 WL 6847973, at *4 ("Appellants' preference for how their case should have been resolved does not translate into error on the part of the court, and certainly does not meet their burden on a motion extraordinary relief. Even if this court was inclined to resolve the issue differently, it cannot substitute its judgment for that of bankruptcy court.").

PwC's argument on appeal is that the Trustee is not entitled to the requested discovery,

---

appealed the Court's August 11, 2021 order compelling production of other documents responsive to that subpoena.

OPPOSITION OF TRUSTEE OF FIRE VICTIM TRUST TO MOTION BY PwC FOR STAY PENDING APPEAL

based on PwC's conclusory assertion that it cannot be held liable for contributing to or causing the circumstances that gave rise to the Fires, and that, therefore, the documents sought by the Trustee do not relate to the cause of the Fires. This is a logically flawed argument that courts have routinely rejected even under the Federal Rules of Civil Procedure. *See, e.g.*, *Boy Racer v. Does 2-52*, Case No. 11-cv-02834-LHK PSG, 2011 WL 10637490, at *1 (N.D. Cal. Aug. 5, 2011) (argument that individuals are ultimately not liable for infringement not a basis to avoid discovery); *Pizano v. Big Top & Party Rentals, LLC*, Case No. 15-cv-11190, 2017 WL 1344526, at *3 (N.D. Ill. Apr. 12, 2017) (court cannot resolve disputed factual issue "before discovery has even started"); *Morrow v. City of Tenaha Deputy City*, Case No. 2-08-cv-288-TJW, 2010 WL 2721400, at *2 (E.D. Tex. July 8, 2010) (the fact that party may not be liable is not a basis for resisting discovery).

In addition, the scope of examination under Bankruptcy Rule 2004 is ***broader*** than under Federal Rule 26. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (examination may be "as exploratory and groping as appears proper to the Examiner"), *aff'd*, 17 F.3d 600 (2d Cir. 1994). It therefore is extremely unlikely that the District Court is going to allow PwC to avoid its legal obligations based on its argument, which this Court correctly characterized as "you won't find anything so I don't have to give it to you."

More fundamentally, PwC's mischaracterization of the issues decided in the August 24 Order forecloses it from demonstrating a likelihood of success on appeal. In rejecting PwC's argument that it could withhold documents based on its own conclusion that they could not support liability, this Court did not expand the scope of Rule 2004 discovery available to the Trustee. Rather, the August 24 Order rejects the contention that the discovery sought is not related to investigating the claims assigned to the Trust for the benefit of the Fire Victims. The District Court is not likely to accept PwC's framing of the August 24 Order, and, regardless, PwC has not presented any grounds, much less a "strong showing," for a finding on appeal of abuse of discretion.

**D.** **The Trustee and the Fire Victims Will Be Harmed by a Stay; and the Public Interest Weighs Heavily Against a Stay**

The third and fourth factors require PwC to show that the opposing party or parties-in-interest will not suffer harm from a stay, and that the public interest favors a stay. *In re Rivera*, 2015 WL 6847973, at *2. Neither factor favors granting a stay in this case. In fact, "delaying a plaintiff's day in court [can] constitute[] a substantial injury to the plaintiff." *Bradberry v. T-Mobile USA, Inc.*, Case No. 06-cv-6567-CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007). Likewise, "[t]here is a great public interest in the efficient administration of the bankruptcy system." *In re Gardens Regional Hospital*, 567 B.R. at 820 (internal quotation marks omitted).

Since March 2020, PwC has fought compliance with the underlying Rule 2004 subpoena and obstructed the Trustee from investigating whether to pursue litigation against PwC. First, PwC succeeded in delaying compliance past the Effective Date of the Plan, causing disruption while the Trustee assumed authority for enforcement of the Rule 2004 subpoena from the TCC. One significant consequence of this delay has been that the expense of securing compliance with the subpoena has been borne by the Trust, which was established for the benefit of the Fire Victims, and not by the Debtors' estate. Second, PwC's stonewall tactics already have resulted in two discovery conferences before this Court and two orders compelling compliance (including the August 24 Order). In addition, as noted above, the Trust has been required to apply *ex parte* for and obtain an additional 2004 subpoena directed at a PwC employee who undisputedly worked on critical wildfire safety issues leading up to the Camp Fire, which was necessitated only due to counsel for PwC falsely claiming in writing – contrary to uncontroverted substantial email evidence – that no such services had been performed, and that therefore, responsive documents would not be produced.

Continued delay by PwC in its required compliance with a binding subpoena will only further hinder the Trustee's ability to carry out his mandate under the Plan to investigate and, as appropriate, pursue claims against responsible third parties for the benefit of the Fire Victims. In the context of PwC's track record of obstruction, prior inaccurate statements, and delay, the effect of granting the motion for stay will be only to cause further needless delay and harm the interests

of the Fire Victims represented by the Trustee.

The public interest in no way favors granting a stay. The impact of the Fires on the Fire Victims is unprecedented in the history of California. PwC's delay tactics and refusal to comply with a valid Rule 2004 subpoena have hindered the Trustee's ability to carry out his mandate under the Plan and caused further harm to the Fire Victims. A stay also delays, for no compelling reason, efficient administration of the bankruptcy system. If PwC is not liable to the Trust, then it is in the public interest for it to make a full production of the documents necessary for the Trustee to complete his investigation. If PwC is liable to the Trust, it is in the public interest for the Trustee to obtain the evidence from PwC without further delay.

## IV.  **CONCLUSION**

PwC has not demonstrated a right to the extraordinary remedy of a stay pending appeal. PwC can show no harm other than litigation costs associated with discovery, which as a matter of law, fails to constitute irreparable harm. PwC also has failed to make a "strong showing" of likelihood of success on the merits. The District Court is unlikely to grant PwC leave to appeal, which is unsupported by the law. Further, based on the abuse of discretion standard as well as the merits, no grounds exist for the District Court to reverse the August 24 Order. A stay would only reward PwC's obstruction, and cause prejudice to the Trust and the Fire Victims. As such, the public interest weighs heavily in favor of denying the Stay Motion.

DATED:  September 16, 2021          GREENBERG GROSS LLP


                                    By:  _____
                                         Evan C. Borges
                                         Sarah Kelly-Kilgore

                                         *Attorneys for The Honorable John K. Trotter*
                                         *(Ret.), Trustee of the PG&E Fire Victim Trust*