

Signed and Filed: September 21, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DISALLOWING PROOF OF CLAIM # 87136**
**FILED BY SANDRA PEDROIA**

**I.  INTRODUCTION**

Ms. Sandra Pedroia filed proof of claim # 87136 (the "Claim") on October 23, 2019 in the amount of $250,000.

Subsequently she informally indicated amendments to the Claim and presently asserts it in the amount of $1,000,000.

On July 9, 2021, the Reorganized Debtors ("Debtors") filed their *Objection to Proof of Claim Number 87136, Filed by Sandra Pedroia* ("Objection") (Dkt. 10903), alleging that the events complained of by Ms. Pedroia occurred in 2011, but Ms. Pedroia never filed suit within California's three-year statute of limitations which expired well before the January 29, 2019, petition date.

For the reasons discussed below, the court sustains the Objection and disallows the Claim in its entirety.

**II. DISCUSSION**

In February, 2011, Ms. Pedroia notified Pacific Gas & Electric Company ("PG&E") that her home water line in San Francisco, California was leaking as a result of its gas line replacement project around that time. PG&E (and PG&E Corporation) never admitted liability, but it tendered three payments of $3,200, $1,000 (that was rejected by Ms. Pedroia) and $6,200. The following year, 2012, Ms. Pedroia alleged additional damage to her stair rail and sidewalk. PG&E tendered $2,000 and thereafter an additional $3,000 to a replacement contractor Ms. Pedroia had selected. That repair work was not done to her satisfaction and she terminated that contractor in 2013. Apparently, Debtors did nothing after that.

Ms. Pedroia did not commence legal action in any court at any time. Following Debtors' bankruptcy on January 29, 2019, she filed the Claim.

Before objecting to the Claim, Debtors requested, and Ms. Pedroia agreed, to refer this dispute to the court's Abbreviated Mediation Procedures (*See Order Approving ADR and Related*

*Procedures for Resolving General Claims* (Dkt. 9148)). The mediation was initially set for February 25, 2021 and thereafter continued at Ms. Pedroia's request to March 17, 2021. Debtors appeared and were prepared to proceed with that mediation but Ms. Pedroia did not participate.

On May 20, 2021, Debtors' filed their *Eighty-Fifth Omnibus Objection to Claims (ADR No Liability Claims)* (Dkt. 10691) to disallow and expunge the Claim because Ms. Pedroia did not appear at the scheduled mediation.

At the hearing on June 30, 2021, on the Eighty-Fifth Omnibus Objection, the court asked Ms. Pedroia why she declined to participate in the mediation. She responded:

> "As I wrote in my email, which you didn't look at, the man was from -- he was an innocent mediator. He didn't have any kind of background, influence, or experience with corporations like Pacific Gas & Electric, plus he wanted me to be, like, submissive to Pacific Gas & Electric. Well, I can't. I'm not at fault. I'm the victim here.
>
> So people who go to mediation are usually on the borderline of being at fault, and that's why they mediate back and forth, back and forth. In my case, I'm a victim. I'm one hundred percent innocent, so I shouldn't have to wheel and deal with someone who doesn't know what they're doing, who doesn't have experience with corporations like Pacific Gas & Electric, and expects (sic) me to be submissive to Pacific Gas & Electric when they damaged our home. That's why I didn't do it."

*See* Transcript of June 30, 2021 hearing, Dkt. 10885, at pg. 48, line 19 to pg. 49, line 7.

Debtors requested the court to disallow the Claim based upon her refusal to proceed with the mediation. The court

declined for reasons stated on the record, and ordered Debtors to initiate a formal objection to the Claim.

Debtors thereafter filed their Objection (Dkt. 10903). Ms. Pedroia did not timely respond and Debtors continued their Objection from August 10 to August 25, 2021. The court then issued the August 10, 2021 *Order Regarding Hearing on Reorganized Debtors' Objection to Proof of Claim #87136 Filed by Sandra Pedroia* (Dkt. 11043) and set the matter for hearing on September 14, 2021. In that order, the court reminded Ms. Pedroia that the sole reason for the Objection was Debtors' contention that any claim she may have arising out of the events of 2011 through 2013 would be barred by the three-year statute of limitations of Cal. Code of Civ. Proc. § 338(b). It cautioned Ms. Pedroia that the objection would be sustained unless she was able to provide a satisfactory explanation to avoid the statute of limitations defense raised by Debtors.

Ms. Pedroia, with the assistance of her daughter, responded informally in an email to the court dated September 6, 2021, (Dkt. 11193), but did not address specifically, or even generally as a lay person, the merits of the statute of limitations presented by Debtors. She also did not appear at the September 14, 2021, hearing that was conducted telephonically.

Claims arising out of property damages are governed by California's three-year limitations. *Angeles Chem. Co. v. Spencer & Jones*, 44 Cal. App. 4th 112, 119 (1996). Further, Bankruptcy Code section 502(b)(1) (11 U.S.C. § 502(b)) provides that a claim may be disallowed if it is unenforceable under

applicable non-bankruptcy law, including being barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, No. SC-14-1189-KuJuKi, 2015 Bankr. LEXIS 580, at *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)). The filing of the Chapter 11 Cases does not revive claims that were time-barred on the Petition Date. "When the statute of limitations on a claim has expired prior to the filing of the bankruptcy, that claim is barred from recovery in the bankruptcy case." *In re Johnson*, Case No. 11-18629-GM, 2015 Bankr. LEXIS 52, at *17 (Bankr. C.D. Cal. Jan. 7, 2015) (citing *Banks v. Gill Distribution Centers*, Inc. (*In re Banks*), 263 F.3d 862 (9th Cir. 2001)).

These are well-settled principles that all persons, including pro se litigants, must be held to. There is simply no room to debate that. Absent some affirmative defense, Ms. Pedroia is bound by them.

For the foregoing reason, Debtors' Objection to the Claim is well taken and must be sustained. The court regrets that Ms. Pedroia passed up the opportunity to mediate to a better outcome, particularly at a time years and years after her claims appeared barred by the statute of limitations. Her assumed conclusions about the mediator and his predilections were unfounded, and while a negotiated outcome might not have been attained, the Debtors were there to try. It is regrettable that Ms. Pedroia chose not to be there. Unfortunately, as innocent as she was for what happened at her home eleven years ago, she must now accept the consequence of her decisions this year.

-5-

### III. CONCLUSION

For the foregoing reasons, Claim # 87136, filed in the original amount of $250,000, and thereafter informally amended up to $1,000,000, is DISALLOWED in its entirety.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

Sandra Pedroia
801 Athens St.
San Francisco, CA 94112-3811