

**Signed and Filed: September 22, 2021**

_(signature)_

_____

**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|     - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|    Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|    Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| _* All papers shall be filed in_ | ) |
| _the Lead Case, No. 19-30088 (DM)._ | ) |
| | ) |

---

**ORDER DENYING PRICEWATERHOUSECOOPERS LLP'S MOTION FOR STAY
PENDING APPEAL**

**I.   INTRODUCTION**

Shortly after the Court issued its _Order Compelling
PricewaterhouseCoopers LLP's Compliance with Rule 2004 Subpoena
in Relation to the General Rate Case Documents_ ("Order") (Dkt.
11145), PricewaterhouseCoopers LLP ("PwC") filed a _Notice of
Appeal_ ("Appeal") (Dkt. 11199), _Motion for Leave to Appeal from_

-1-

*Order Compelling PricewaterhouseCoopers LLP's Compliance with
Rule 2004 Subpoena in Relation to the General Rate Case
Documents* (Dkt. 11200), and *Motion for Stay Pending Appeal*
("Motion") (Dkt. 11201).  Trustee for the Fire Victim Trust
filed a corrected *Opposition* to the Motion ("Opposition") (Dkt.
11272).  For the reasons discussed below, the Court denies the
Motion and directs PwC to comply with its previous Order.

**II.  DISCUSSION**

PwC's Motion lays out the traditional four factors of a
successful motion for stay pending appeal: (1) likelihood of
success on the merits; (2) irreparable harm to the movant absent
a stay; (3) whether a stay will result in substantial harm to
interested parties; and (4) whether a stay will result in harm
to the general public.  PwC fails to make a positive showing on
any of these factors.

**A.  There Is Little Likelihood of Success on the Merits**

The first factor of a stay pending appeal is a likelihood
of success of appeal on the merits.  The Court finds little
likelihood of success for PwC's appeal of the Order for two
reasons: (1) PwC has not shown that the Order's underlying 2004
Subpoena is too broad; and (2) PwC has not shown that the
District Court will likely grant leave to hear its interlocutory
appeal.

First, the Order and underlying 2004 Subpoena direct a
significant provider of services to the Debtors to provide
relevant records to the Fire Victims Trustee pursuant to Fed. R.
Bankr. P. 2004 ("Rule 2004").  As the Court has previously noted
in its Order, the powers of Rule 2004(b) are broad, and permit

-2-

discovery of "any matter which may affect the administration of the debtor's estate." Order at 1-2. The Court further notes that the grant of examinations under Rule 2004 is largely discretionary. Here, PwC again argues that the scope of the 2004 Subpoena is too broad by focusing on an almost hyper-technical interpretation of the term "causation." According to PwC, if any of the documents requested could lead to a cause of action other than one relating to PwC's role in wildfire causation, the entire 2004 Subpoena must fail. The Court disagrees. The broad scope of Rule 2004 is well established, and a reiteration of the argument that the 2004 Subpoena must be limited to what PwC alone deems is relevant to the claims the Trustee may be later able to bring against PwC remains, to this Court, an unpersuasive interpretation of Rule 2004.

Second, PwC's Appeal is of an interlocutory discovery order, and PwC has not shown that there is any likelihood the District Court will grant leave to hear the appeal. District Courts do not grant leave to appeal interlocutory orders easily, and PwC's argument for leave appears to consist of an intentionally narrow reading of the well-established law surrounding Rule 2004.

The Court finds no showing of the likelihood of success on the merits.

**B. PwC Will not Suffer Irreparable Injury Absent a Stay**

The second factor of a stay pending appeal is a showing of irreparable harm to the movant absent the stay. Here, PwC confuses a potentially weakened position in relation to hypothetical future discovery disputes and the cost of

-3-

compliance with irreparable injury. Any future unrelated discovery disputes pertaining to the scope of discovery shall be evaluated on its own merits. The weakness of a potential litigation position does not amount to irreparable injury. Further, the cost of compliance with a discovery order does not constitute irreparable injury. *See Renegotiation Bd. V. Banner craft Clothing Co.*, 415 U.S. 1, 24 (1974); Americans v. Harris, No. 2:14-CV-09448-R, 2015 U.S. Dist. LEXIS 188242, at *4 (C.D. Cal. May 19, 2015) ("Case law is abundantly clear that the costs of litigation, including discovery and motion practice, are not irreparable injury").

The Court finds no showing that PwC will face irreparable injury absent a stay.

### C. The Trustee and Public Interest Would Be Substantially Harmed by a Stay

The third and fourth factors relate to whether a stay would substantially harm other parties to the proceeding or the general public. While PwC has been responsive to many other requests of the Trustee, it has not responded to the specific 2004 Subpoena in relation to the General Case Rate documents. This delay has resulted in costs to the Fire Victim Trust, a Trust meant specifically to compensate the many victims of the Debtors. This delay impedes the Trustee's mandated duty to develop any facts that may support a claim against PwC that could lead to recovery for these victims. While the Court acknowledges PwC's cooperation and responsiveness to other requests of the Trustee, this does not excuse further delay of compliance with the Order.

–4–

1    The Court finds the Trustee and the general public would be
2  harmed by the imposition of a stay.

3  **III. CONCLUSION**

4    For the foregoing reasons, the Court DENIES the Motion. The
5  Court FURTHER ORDERS that PwC comply with its previous Order.

6  **\*\*END OF ORDER\*\***

-5-

1 <u>COURT SERVICE LIST</u>

2
ECF Recipients
3