```
KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251
```

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DECLARATION OF GRANT GUERRA IN SUPPORT OF REPLY IN SUPPORT OF REORGANIZED DEBTORS' OMNIBUS OBJECTIONS TO CLAIMS AND IN FURTHER SUPPORT OF REORGANIZED DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (FINLEY CLAIM)** <br><br> **[Related to Docket No. 10673]** <br><br> Date: September 29, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

I, Grant Guerra, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Chief Counsel, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed as an attorney for PG&E since 2002. In my current role, I support PG&E's Service Planning organization on matters relating to line extension contracts and related tariff provisions. I also support PG&E's Land Management Department on matters relating to use of third party property, including the acquisition of easements. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reply in Support of Reorganized Debtors' Omnibus Objections to Claims* (the "**Reply**"), filed contemporaneously herewith, and in further support of the *Reorganized Debtors' Seventy-Ninth Omnibus Objection to Claims (Books and Records Claims)* [Docket No. 10673] (the "**Omnibus Objection**"),[1].

2. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. To the best of my personal knowledge, and based on my review and the review of other personnel of the Reorganized Debtors working under and alongside me on this matter, PG&E does not have a record of any signed agreement with Mr. Finley concerning the subject matter referenced in the Unsigned Letter. The installation of an electric service line to provide service to a property is governed by PG&E's Electric Tariff Rule 16. PG&E's Service Planning Department manages requests from customers for new service extensions to provide electric service to the customer's property. PG&E's Service Planning Department is not involved with the acquisition of easements. It is against PG&E's policy to exchange tariff-related services, including providing service extension work, in order to acquire easements over third-party property.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection or the Reply, as applicable.

4. According to PG&E's records, PG&E's Land Department acquired an easement for an electric pole line from the Claimant's predecessor in interest, Chester E. Finley and Vida Lee Finley, which was recorded on April 7, 1992, in Volume 3863, Page 521 of Official Records of San Luis Obispo County, a true and correct copy of which is attached as **Exhibit 1**. According to PG&E's records, the easement attached as Exhibit 1 was rerecorded to correct a typographical error contained in the original easement that was recorded on September 30, 1991.

5. Attached as **Exhibit 2** is a true and correct copy of a screenshot from the San Luis Obispo County Planning Department's website as of September 2, 2021, available at https://energov.sloplanning.org/EnerGov_Prod/SelfService#/search (the "**Planning Department Website**"), indicating that a "Photovoltaic Ground-Mounted, Non-Residential" permit was issued on May 14, 2021, on Mr. Finley's property for a project named "CANNABIS – 630 El Pomar," and that the project was finalized on June 29, 2021.

6. Attached as **Exhibit 3** is a true and correct copy of an earlier Minor Use Permit, which was available for download on the Planning Department Website, indicating that a Minor Use Permit was approved on Mr. Finley's property on June 19, 2020, in connection with cannabis cultivation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 22nd day of September, 2021.

*/s/ Grant Guerra*
Grant Guerra