KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Mark Hancock (#160662)
(mark.hancock@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415 848 8916
Fax: 888 808 6471

*Attorneys for Debtors and Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION,** <br>     - and - <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>         Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' MOTION FOR ENLARGEMENT OF TIME TO FILE NOTICE OF APPEAL OF ORDER ON CLAIM OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT** <br><br> **[Related to Dkt. Nos. 10808 and 11253]** <br><br> [No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), extending the time to file a notice of appeal of the *Order Overruling Objection to Claim No. 56868* (the "**CDHCD Claim Order**") entered on September 14, 2021 [Docket No. 11253].

A proposed form of order granting the relief requested herein is being uploaded concurrently herewith (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  JURISDICTION**

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007, 8002, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for*

*Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 (the "**Bar Date**") as the deadline to file proofs of claim for prepetition claims (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units, customers, secured claims and priority claims against either of the Debtors.[1]

On June 20, 2020, this Court entered the Order confirming the Plan [Docket No. 8053] (the "**Confirmation Order**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**"). Pursuant to Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order), the Reorganized Debtors may object to Claims until the later of (i) one-hundred and eighty (180) days after the Effective Date (*i.e.*, December 28, 2020) and (ii) such later date as may be fixed by the Bankruptcy Court for cause shown. Plan § 7.1.

On October 10, 2019, the California Department of Housing and Community Development (the "**Department**") filed Proof of Claim No. 56868, which asserted a secured claim in the amount of $330,432.00 (the "**Claim**").

On June 30, 2020, the Court entered the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* (the "**Omnibus Objections Procedures Order**").

On June 17, 2021, the Reorganized Debtors filed the *Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* [Docket No. 10808] (the "**Omnibus Objection**").

The Omnibus Objection, in relevant part, objected to the Claim on the basis that it should be reduced because it is barred in part by certain California statutes of limitations for statutory liability and penalties (the "**Statute of Limitations Objection**").

---

[1] The Bar Date was later extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672], and subsequently to April 16, 2020 with respect to certain Claimants that purchased or acquired certain of the Debtors' publicly held debt and equity securities within a limited period and that may have claims against the Debtors [Docket No. 5943].

1         On July 14, 2021, the Department filed the *California Department of Housing and Community Development's Response to PG&E's Objection to Proof of Claim No. 56868* [Docket No. 10918] (the "**Response**").

        The Parties met and conferred and agreed to a stipulation [Docket No. 10953] (the "**Scheduling Stipulation**"), establishing a schedule regarding further briefing and continuing the hearing with respect to the Statute of Limitations Objection as it relates to the Claim to September 14, 2021. An order approving the Scheduling Stipulation was entered on July 21, 2021 [Docket No. 10968].

        On August 31, 2021, the Reorganized Debtors filed the *Reply in Support of Reorganized Debtors' Ninety-Third Omnibus Objection to Claims with Respect to Claim No. 56868 (California Department of Housing and Community Development)* [Docket No. 11173] (the "**Reply**").

        On September 7, 2021, the Department filed the *California Department of Housing and Community Development's Sur-Reply Regarding Reorganized Debtors' Ninety-Third Omnibus Objection to Claims with Respect to Claim No. 56868 (California Department of Housing and Community Development)* [Docket No. 11195] (the "**Sur-Reply**").

        On September 14, 2021, the Court held the hearing on the Statute of Limitations Objection. The Court entered the CDHCD Claim Order the same day.

## III.    RELIEF REQUESTED

        Pursuant to Bankruptcy Rules 8002(d) and 9006(b), the Reorganized Debtors seek entry of the Proposed Order extending the deadline to file a notice of appeal of the CDHCD Claim Order for a period of 21 days, to October 19, 2021.

## IV.    BASIS FOR RELIEF

        Bankruptcy Rule 9006(b)(3) provides that the Court "may enlarge the time for taking action" under Rule 8002 as specified under such rule. Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of a judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The time to file a notice of appeal, however, may be extended upon the filing of a motion within the 14-day appeal period. Fed. R. Bankr. P. 8002(d)(1)(A). Bankruptcy Rule 8002(d)(2) lists six exceptions for which the Court may not grant an extension. *See* Fed. R. Bankr. P. 8002(d)(2)(A)-(F). If an extension of time to file a notice

| | |
|---|---|
| 1 | of appeal is granted, such an extension "may [not] exceed 21 days after the time prescribed by this rule, |
| 2 | or 14 days after the order granting the motion to extend the time, whichever is later." Fed. R. Bankr. P. |
| 3 | 8002(d)(3). |
| 4 | As previously noted, the Court entered the CDHCD Claim Order on September 14, 2021. The |
| 5 | deadline to file a notice of appeal is currently September 28, 2021. Additional time is needed for the |
| 6 | Reorganized Debtors to determine whether an appeal should be filed. The Reorganized Debtors have |
| 7 | conferred with the Department, and counsel for the Department has advised the Reorganized Debtors that it |
| 8 | does not oppose the relief requested herein. None of the exceptions under Bankruptcy Rule 8002(d)(2) apply, |
| 9 | and the Reorganized Debtors submit that the relief requested is sought in good faith. |
| 10 | The Court has granted similar relief in these Chapter 11 Cases extending time to appeal other claims- |
| 11 | related orders. *See* Docket Text Order, Sept. 21, 2021 (extending time for claimant to appeal order sustaining |
| 12 | objection to amended cure payment demand). |
| 13 | **V.   RESERVATION OF RIGHTS** |
| 14 | The Reorganized Debtors hereby reserve all of their rights, claims, arguments, and defenses with |
| 15 | respect to the Claim, the Omnibus Objection, and the CDHCD Claim Order and any appeal thereof. |
| 16 | **VI.   NOTICE** |
| 17 | Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: |
| 18 | Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Department; (iii) all counsel and parties |
| 19 | receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who |
| 20 | have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule |
| 21 | 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous |
| 22 | request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court. |
| 23 | WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief |
| 24 | requested herein and such other and further relief as the Court may deem just and appropriate. |
| 25 | |
| 26 | / / / |
| 27 | |
| 28 | / / / |

| | | |
|---|---|---|
| Dated: September 27, 2021 | | **KELLER BENVENUTTI KIM LLP**<br>**GOUGH & HANCOCK LLP** |
| | | By: /s/ *Thomas B. Rupp*<br>        Thomas B. Rupp |
| | | *Attorneys for Debtors and Reorganized Debtors* |