WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | **REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **Response Deadline: October 26, 2021, 4:00 p.m. (PT)** |
| **Debtors.** | **Hearing Information If Timely Response Made:** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only) |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors,**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this fourteenth securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claims To Be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Edward J. Radetich, Jr., dated September 28, 2021 (the "**Radetich Declaration**") and of Michael Keable, dated September 28, 2021 (the "**Keable Declaration**"), in support of the Objection.

The Objection seeks to expunge certain debt-based securities proofs of claim that are barred by the statute of repose for securities claims arising under Section 11 of the Securities Act of 1933 (the "**Securities Act**"). A statute of repose is a type of limitation that typically runs from the date of the alleged wrongful act, rather than the date plaintiffs knew or should have known about their claims. Section 13 of the Securities Act categorically bars all Section 11 claims filed more than three years after the offering date of the security at issue. *See* 15 U.S.C. § 77m. This three-year statute of repose period is not subject to tolling or other extension. Each of the Claims is barred under the three-year statute of repose because all of the alleged transactions stem from debt securities offerings that took place more than three years before January 29, 2019 (the "**Petition Date**").

The debt-based securities claims submitted in these Chapter 11 Cases (the "**Debt Claims**") arise under Section 11. Indeed, statements during confirmation and in subsequent briefing in this Court and in the Securities Litigation in the District Court (as defined below) confirm that the Debt Claims arise under Section 11.

Where, as here, Section 11 debt claims are based on public offerings that occurred more than three years before the filing of those claims, they are barred by the three-year statute of repose. This Court has already granted the requested relief with respect to identically situated claims in the eleventh and thirteenth securities claims omnibus objections, each of which also sought to disallow and expunge claims based on debt securities where the offerings took place more than three years before the Petition

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Date. *See* Docket Nos. 11216 and 11315. Thus, the proofs of claim subject to this Objection should be dismissed and expunged in their entirety.

## I. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date Order required any person who had a prepetition claim to file a proof of claim by the Bar Date. Notice of the Bar Date was disseminated widely pursuant to the Bar Date Order, including to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Bar Date.

On October 21, 2019, the Public Employees Retirement Association of New Mexico ("**PERA**"),

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

filed a proof of claim against each Debtor.[1] *See* Claim Nos. 69105, 71345. The proof of claim asserted certain securities claims on behalf of PERA and incorporated the operative complaint (the "**Third Amended Complaint**") that PERA filed in the United States District Court for the Northern District of California (the "**District Court**") as lead plaintiff in *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal. Oct. 4, 2019) (the "**Securities Litigation**"). *See* Sec. Litig. Docket No. 121. The Third Amended Complaint asserts claims under the Securities Act as to the Debtors' debt securities and, separately, claims under the Exchange Act of 1934 (the "**Exchange Act**") as to the Debtors' equity securities. *See id.*[2] The putative class in the Securities Litigation comprises investors who, during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Putative Class Period**"), purchased or otherwise acquired certain publicly traded securities of the Debtors. *See id*. Pursuant to the Plan (as defined below), the Securities Litigation is permanently enjoined as to the Reorganized Debtors, and associated claims, other than any entitlement to distributions under the Plan, have been discharged. *See* Plan §§ 4.12, 4.14, 4.32, 10.6.

After the Petition Date, the Securities Litigation continued to proceed against the non-Debtor defendants. On October 4, 2019, the non-Debtor defendants moved to dismiss the Securities Act claims, which motions, if granted, would dispose of all noteholder claims. *See* Sec. Litig. Docket No. 155 (motion to dismiss noteholder claims). The non-Debtor defendants also moved to dismiss the Exchange Act claims, which, if granted, would dispose of all shareholder claims. *See* Sec. Litig. Docket No. 149 (motion to dismiss shareholder claims). The District Court has not yet ruled on the motions to dismiss filed in the Securities Litigation. On April 29, 2021, the District Court indicated its intention to stay the Securities Litigation pending the resolution of the proofs of claim filed in the Chapter 11 Cases. *See* Sec. Litig. Docket No. 198. PERA has filed papers opposing the stay, *see* Sec. Litig. Docket Nos. 203 & 208, and the District Court has not yet ruled whether it will in fact stay the action.

---

[1] PERA subsequently also filed Rescission or Damage Proof of Claim Forms (as herein defined). *See* Claim Nos. 101691 (withdrawn), 72193 (purportedly on behalf of a putative class), 72273 (same).

[2] This Objection does not seek to disallow or expunge any Debt Claims that are based on debt-securities at issue in the Securities Litigation, because the Third Amended Complaint does not assert claims based on any offerings that occurred more than three years prior to the Petition Date. *See* Sec. Litig. Docket No. 121.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On December 9, 2019, PERA filed a motion seeking to apply Bankruptcy Rule 7023 to the proofs of claim filed by PERA in the Chapter 11 Cases [Docket No. 5042] (the "**7023 Motion**"). On February 27, 2020, the Court entered an order denying the 7023 Motion, but extending the Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the Putative Class Period who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims (the "**Rescission or Damage Proof of Claim Form**").

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Court approved, among other things, procedures for filing omnibus objections to certain Securities Claims (the "**Securities Omnibus Objection Procedures**"), including to Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Claims Procedures Order ¶ 8(d); *see also id.*, Ex. A-3 ¶ I.C.4.

**III.    RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and expunging the Claims, identified on **Exhibit 1** hereto, each of which is barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. As set forth below, each of the Claims are based exclusively on transactions in debt securities that

were offered more than three years before the Petition Date. Accordingly, the Reorganized Debtors request that the Claims be disallowed and expunged in their entirety on the basis that they are time-barred.

## IV. ARGUMENT

### A. The Claims Should be Disallowed and Expunged.

Section 13 of the Securities Act sets time limits for bringing claims under Section 11, providing in relevant part that:

> In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) [Sections 11 and 12, respectively] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

15 U.S.C. § 77m. As the Supreme Court has explained, "[t]he statute provides in clear terms that '[i]n no event' shall an action be brought more than three years after the securities offering on which it is based." *California Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017) (citing 15 U.S.C. § 77m). This three-year bar "is a statute of repose," and "runs from the defendant's last culpable act (the offering of the securities), not from the accrual of the claim (the plaintiff's discovery of the defect in the registration statement)." *Id.* Section 13 "does not refer to or impliedly authorize any exceptions for tolling" and "displaces the traditional power of courts to modify statutory time limits in the name of equity." *Id.* at 2051, 2055. Thus, the three-year statute of repose bars any and all actions that stem from a security issued more than three years prior to filing the initiating complaint. *See id.* at 2050 (statute of repose "create[s] 'an absolute bar on a defendant's temporal liability'") (citation omitted).

Here, all Debt Claims based on securities issued more than three years before the Petition Date are time-barred as a matter of law. While the Bankruptcy Code generally tolls filing deadlines pending the lifting of the automatic stay, that tolling only applies where the relevant period "has not expired *before* the date of the filing of the petition." 11 U.S.C. § 108(c) (emphasis added); *see also Smith v. Lachter (In re Smith)*, 293 B.R. 220, 223 (B.A.P. 9th Cir. 2003) (same). Thus, if a statute of repose has lapsed before the commencement of a chapter 11 case, a proof of claim subject to that statute of repose is time-barred as a matter of law—as is the case with respect to each of the Claims.

This Court can adjudicate this Objection on the papers. Where, as here, a claimant's entitlement to relief is time-barred on the face of the pleadings, including on the basis that the relevant statute of repose has lapsed, courts in this Circuit routinely dismiss those claims with prejudice. *See, e.g.*, *Hildes v. Arthur Andersen LLP*, No. 08-cv-0008 BEN (RBB), 2015 WL 11199825, at \*6 (S.D. Cal. May 15, 2015) (granting motion and dismissing entire action with prejudice because Section 11 claim was "barred by the three-year statute of repose"); *Fed. Deposit Ins. Corp. v. Countrywide Sec. Corp. (In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.)*, 966 F. Supp. 2d 1018, 1021 (C.D. Cal. 2013) (dismissing all claims with prejudice holding that Section 11 claims were time-barred because "[a]ll eight of the certificates at issue were offered to the public . . . more than three years before" the FDIC's receivership); *Fed. Deposit Ins. Corp. v. Countrywide Fin. Corp. (In re Countrywide Fin. Corp.)*, No. 2:11-cv-10400-MRP (MANx), 2012 WL 12897153, at \*2 (C.D. Cal. June 15, 2012) (granting motion to dismiss time-barred Section 11 claims with prejudice because "[t]he Complaint was filed in Colorado state court on April 23, 2010, more than three years after each of the Certificates in this case was bona fide offered to the public and purchased by [plaintiff]").

Here, because each of the Claims are based exclusively on transactions in debt securities that were issued more than three years before the Petition Date, *see* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B, and because there is no equitable tolling under Section 13 of the Securities Act, the Claims are barred by the applicable statute of repose. Accordingly, this Court should disallow and expunge the proofs of claim that are subject to the Objection in their entirety.

**B.   The Debt Claims Arise Under Section 11 of the Securities Act.**

While none of the Claims articulate any specific cause of action in the proofs of claim, the Debt Claims arise under Section 11. Indeed, PERA has confirmed that the Debt Claims arise under Section 11 of the Securities Act. *See, e.g.*, *Securities Lead Plaintiff's Opposition, Request for Clarification, and Reservation of Rights to Reorganized Debtors' First Securities Claims Omnibus Objection* [Docket No. 10524], at 4 (the Debt Claims "arise under the Securities Act" and are "covered by Section 11 and subject to a different damages analysis than Section 10(b) claims"); June 5, 2020 Hr'g Tr. 61:12–17 ("There's three additional named plaintiffs in the securities litigation. They're public and union retirement funds that assert claims under the Securities Act of 1933 against each of the debtors as well as certain of their

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  current and former Ds and Os and the underwriters of certain of their public notes offerings.").

2  Moreover, the parties to the Securities Litigation briefed the motions to dismiss the debt claims in that

3  action based on those claims having arisen under Section 11 of the Securities Act.  *See* Sec. Litig. Docket

4  No. 155 (motion to dismiss noteholder claims all based on Section 11).

5  Accordingly, Section 13 of the Securities Act bars any Debt Claims based on transactions in debt

6  securities with an offering date that was more than three years prior to the Petition Date.  *See supra*

7  § IV.A.[3]

8  ### C.   The Claimants Bear the Burden of Proof.

9  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

10  11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that

11  a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor,

12  under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Once the objector raises "facts tending

13  to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"

14  *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on

15  Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)), then "the burden reverts to the claimant to prove the

16  validity of the claim by a preponderance of the evidence."  *Ashford v. Consol. Pioneer Mortg. (In re

17  Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*,

18  954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision).

19  "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F.2d at 623 (quoting 3 L.

20  King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed. 1991)); *see also Lundell v. Anchor Constr.

21  Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901

22  (B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid.

23  Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

24  As set forth above, the Reorganized Debtors submit that the Claims do not represent a current

25  right to payment and, therefore, should be disallowed and expunged.  If any holder of a Claim believes

26  [3] To be clear, there is no basis raised by any Securities Claimants in their proofs of claim or otherwise
27  to conclude that any of the Claims arise under anything other than Section 11.  Under the circumstances, because the Claims fail under Section 11's three-year statute of repose, the Court should disallow and expunge the proofs of claim in their entirety.
28

that its Claim is valid, it must articulate with particularity the basis for the Claim in response to the Objection and present affirmative evidence demonstrating the Claim's validity.

### D. The Claims May Be Objected to by an Omnibus Objection.

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C. The Securities Omnibus Objection Procedures supplement Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one Securities Claim if they "are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Omnibus Objection Procedures ¶ I.C.4; *see also* Securities Claims Procedures Order ¶ 8(d). The Reorganized Debtors and their advisors have reviewed each of the Claims, identified in Exhibit 1, and have determined that each of them is premised exclusively on debt securities that were issued at least three years prior to the Petition Date. *See* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B (identifying the issue dates of each of the debt securities that were offered more than three years prior to the Petition Date). Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection. Furthermore, the Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph F of the Securities Omnibus Objection Procedures.

### V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not yet granted, and to file

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Omnibus Objection Procedures ¶ I.J.

## VI.    NOTICE

Notice of this Objection will be provided to: (i) the holders of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

Under Bankruptcy Rule 3007, notice of an omnibus objection must "be served . . . to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices . . ." Fed. R. Bankr. P. 3007. Similarly, the Securities Claims Procedures Order only specifies that each Securities Claimant "whose claim is subject to an [o]mnibus [o]bjection" is entitled to notice of that omnibus objection. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.F. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: September 28, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By:    */s/ Richard W. Slack*
        Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119