**Securities Omnibus Objection Procedures**

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>      **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS** |

The following procedures (the "**Securities Claims Procedures**") for resolving claims, other than Excluded Claims (defined below), that are subject to subordination pursuant to section 510(b) of title 11 of the United States Code (the "**Bankruptcy Code**") (collectively, the "**Subordinated Securities Claims**" and the holders of Subordinated Securities Claims, the "**Subordinated Securities Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## SUMMARY OF THE SECURITIES CLAIM PROCEDURES

These Securities Claims Procedures are designed to facilitate and simplify the resolution of certain proofs of claim that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to pursue expedient resolutions of those claims through settlement. The Securities Claims Procedures apply to certain purported creditors who filed proofs of claim based on their alleged losses incurred related to purchases of publicly-traded PG&E debt and/or equity securities as a result of alleged inadequate or fraudulent disclosures or non-disclosures of information from April 29, 2015 through November 15, 2018, inclusive.

To that end, the Securities Claims Procedures—which are diagrammed in a user-friendly format in Exhibit B attached hereto—first provide that each claimant will receive and respond to a targeted information request regarding the claimant's trading history. The Reorganized Debtors will then decide whether to: (i) attempt to negotiate a settlement directly with the claimant; (ii) mediate with the claimant; (iii) file an omnibus objection on grounds that are common to that claimant and other claimants; and/or (iv) object to the claim on the basis that it lacks merit under the applicable federal securities laws. The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim.

These procedures are summarized more fully below:

1. **Securities Claims Information Procedures**. To allow the Reorganized Debtors to properly assess each of the individual Subordinated Securities Claims and determine the appropriate path forward for each claim under the other Securities Claims Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that all Subordinated Securities Claimants be required to provide (to the extent not already provided) the Reorganized Debtors by mail or via a user-friendly online portal with complete trading data in connection with their asserted Subordinated Securities Claims.

2. **Securities ADR Procedures.** Recognizing that the Subordinated Securities Claims are comprised of different types of claimants and varying amounts of asserted and potential damages, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of Subordinated Securities Claims, each of which is explained in further detail below:

   a. *The Offer Procedures*. These procedures will allow the Reorganized Debtors and Subordinated Securities Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

   b. *The Abbreviated Mediation Process.* These are procedures for abbreviated mandatory, non-binding mediation because formal mediation may not be appropriate for all Subordinated Securities Claims, especially those with smaller asserted or potential claim amounts; and

   c. *The Standard Mediation Process.* These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted or have larger potential Subordinated Securities Claims.

3. **Securities Omnibus Objection Procedures.** The Securities Omnibus Objection Procedures, which are substantially similar to those already adopted by the Court with respect to claims other than Subordinated Securities Claims, will allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective. This process will eliminate the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims, as well as the associated expense and administrative burden both to the Reorganized Debtors and the Court.

The Reorganized Debtors believe these processes will facilitate prompt settlement and payment of the allowed Subordinated Securities Claims. If the above-described procedures do not resolve all Subordinated Securities Claims, and merits-based objections to remaining claims (if any) are required, such objections will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

# CLAIMS SUBJECT TO THE SECURITIES CLAIMS PROCEDURES

**A.     Subordinated Securities Claims**

The claims subject to these Securities Claims Procedures include all Subordinated Securities Claims other than Excluded Claims, as defined below. Specifically, these Securities Claims Procedures are limited to claims that fall into the following classes of claims under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**").[1]

**Subordinated Debt Claims**

(i)   <u>Class 9A – HoldCo Subordinated Debt Claims</u> – any Claim against HoldCo that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution, but excluding any HoldCo Rescission or Damage Claims.

(ii)  <u>Class 10B – Utility Subordinated Debt Claims</u> – any Claim against the Utility that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution.

**Subordinated Equity Claims**

(iii) <u>Class 10A-II – HoldCo Rescission or Damage Claims</u> – any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

**B.     Excluded Claims**

These Securities Claims Procedures shall not apply to any Subordinated Securities Claim filed by: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"), (ii) York County on behalf of County of York Retirement Fund ("**York County**"), (iii) City of Warren Police and Fire Retirement System ("**City of Warren**"), (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**"), and (v) the Underwriters (collectively, the "**Excluded Claims**"). The holders of Excluded Claims are collectively referred to herein as "**Excluded Claimants**."

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

# Exhibit A-3

# The Securities Omnibus Objection Procedures

The following procedures (the "**Securities Omnibus Objection Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I. SECURITIES OMNIBUS OBJECTION PROCEDURES

The Securities Omnibus Objection Procedures allow the Reorganized Debtors to object to multiple Subordinated Securities Claims in a single-filed objection document (each such document, an "**Omnibus Objection**") and apply as follows:

### A. Form of Omnibus Objection

Omnibus Objections will be numbered consecutively, irrespective of the basis for the objection.

### B. Number of Proofs of Claim per Omnibus Objection

The Reorganized Debtors may object to no more than 250 Subordinated Securities Claims per Omnibus Objection.

### C. Grounds for Omnibus Objection

The Reorganized Debtors may object to Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

#### 1. *Outside Subject Period*

Certain Subordinated Securities Claimants filed claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"). *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943], Ex. C (the "**Extended Securities Bar Date Order**").

#### 2. *Liquidation of Position Prior to a "Corrective Disclosure"*

Certain Subordinated Securities Claimants suffered no alleged harm where a Subordinated Securities Claimant sold his or her entire positions before any alleged "corrective disclosure"—in

other words, the claimant both bought and sold securities at allegedly inflated prices.

### 3. *Unauthorized Bulk Claims*

This omnibus objection is only available after the Reorganized Debtors have given the subjects of the objection forty-five (45) days to provide proof of authorization for such filing.

### 4. *Otherwise Objectionable*

Certain Subordinated Securities Claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including failure to file timely claims by the Extended Securities Bar Date and statute of limitations bases.

### D. Supporting Declaration

The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

### E. Proof of Claim Exhibits

An exhibit listing the proofs of claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), the Reorganized Debtors are not required to attach a copy of proofs of claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

   i.   An alphabetized list of the claimants whose proofs of claim are subject to the Omnibus Objection;
   ii.  The claim numbers of the proofs of claim that are the subject of the Omnibus Objection;
   iii. The amount of claim asserted in the proof of claim, or a statement that the claim seeks an unliquidated amount;
   iv.  The grounds for objection; and
   v.   For Omnibus Objections in which the Reorganized Debtors seek to reduce the amount of any given proof of claim, the proposed reduced claim amount.

**F.  Notice of Securities Omnibus Objection to Subordinated Securities Claimants**

Each Subordinated Securities Claimant whose claim is subject to an Omnibus Objection will be sent a copy of the Omnibus Objection, including all exhibits and attachments thereto. The Omnibus Objection will be served on the individual claimant by mail, not less than forty-two (42) days before the date set for hearing of the Omnibus Objection at the address on the claimant's most recently filed proof of claim, as well as upon any counsel of record in these cases for the Subordinated Securities Claimant. The Omnibus Objection, among other things, will:

    i.     Describe the nature of the Omnibus Objection;

    ii.    Inform the Subordinated Securities Claimant that its rights may be affected by the Omnibus Objection and encourage the Subordinated Securities Claimant to read the Omnibus Objection carefully;

    iii.   Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing on the Omnibus Objection, consistent with Bankruptcy Local Rule 9014-a(c);

    iv.   Attach a copy of these Securities Omnibus Objection Procedures, which describe the requirements for filing a written response (each, a "**Response**") to the Omnibus Objection; and

    v.    Warn the Claimant that failure to file a Response may result in the Court sustaining the objection and dropping the matter from the scheduled hearing.

**G.  Order if No Response**

The Reorganized Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all proofs of claim for which the Reorganized Debtors did not receive a timely Response, without further notice to the Subordinated Securities Claimants.

**H.  Each Omnibus Objection is a Contested Matter**

Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each proof of

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

claim. Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection. Fed. R. Bankr. P. 3007(f) provides as follows: "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection."

**I.  Responses to Omnibus Objections**

  *1.  Contents*

Each Response must contain the following (at a minimum):

    i.    A caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

    ii.    The Subordinated Securities Claimant's name, the applicable proof of claim number(s), and an explanation for the amount of the proof of claim;

    iii.    A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

    iv.    A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

    v.    The Subordinated Securities Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Subordinated Securities Claimant's attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the proof of claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Subordinated Securities Claimant's proofs of claim listed in the Omnibus Objection (including all proofs of claim to be disallowed and the surviving proofs of claim) will be

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

sent to the new Notice Address in addition to other service address(es) already on file.

### 2. *Additional Information*

To facilitate a resolution of the Omnibus Objection, the Response must include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection. If such person is not the Subordinated Securities Claimant, the Response must also include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Subordinated Securities Claimant's behalf (the "**Additional Address**"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

### 3. *Failure to Timely File a Response*

If the Subordinated Securities Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Reorganized Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Subordinated Securities Claimant.

### 4. *Service of the Response*

A written response to an Omnibus Objection, consistent with the requirements described herein, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice of the Omnibus Objection). Responses should be served via the Court's ECF system. In the case of Subordinated Securities Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Reorganized Debtors' counsel as shown on the Omnibus Objection. If a Subordinated Securities Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or other commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Subordinated Securities Claimant must inform the Reorganized Debtors' counsel by email, telephone, or facsimile before the Response Deadline of the Subordinated Securities

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by postal or other commercial express service.

### J. Reservation of Rights

Nothing in the Omnibus Objection will constitute a waiver of the right to assert any claims, defenses, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims with respect to the Subordinated Securities Claim or against the Subordinated Securities Claimant. Unless the Bankruptcy Court allows a proof of claim or specifically orders otherwise, the Reorganized Debtors have the right to object on any grounds not previously ruled upon by the Bankruptcy Court to the Subordinated Securities Claims (or to any other proofs of claim or causes of action filed by any claimant or that have been scheduled by the Reorganized Debtors) within sixty (60) days of the later of the Bankruptcy Court's order resolving the Omnibus Objection, or the termination of the final Securities ADR Procedure. An affected Subordinated Securities Claimant will receive a separate notice of any such additional objection.

## II. MISCELLANEOUS PROVISIONS

### A. Settlement of Subordinated Securities Claims

The Reorganized Debtors and a Subordinated Securities Claimant may settle any Subordinated Securities Claim subject to these Securities Claims Procedures through the Offer Procedures, Securities Mediation Procedures, or by agreement at any point. Nothing herein shall limit, expand, or otherwise modify the Reorganized Debtors' authority to settle claims pursuant to the Plan or the Confirmation Order or as otherwise authorized by the Bankruptcy Court or applicable law.

### B. Computing Time for Deadlines

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities Omnibus Objection Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119