**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and*
*Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br> **Debtors.** <br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**STATUS REPORT REGARDING GENERAL CLAIMS RECONCILIATION AND RESOLUTION PROCESS**<br><br>[No hearing required] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Status Report Regarding General Claims Reconciliation and Resolution Process* to provide the Court and parties in interest with information regarding the status of the Reorganized Debtors' ongoing claims reconciliation and resolution process with respect to General Claims (as defined below).[1] This Status Report does not address (a) the Reorganized Debtors' efforts to resolve claims that have been filed in the Chapter 11 Cases for rescission or damages filed by claimants that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Securities Claims**"), which is the subject of a separate status report that will be filed by the Reorganized Debtors concurrently with this Status Report, or (b) the Fire Victim Claims and Subrogation Wildfire Claims, which will be resolved by the Fire Victim Trust and the Subrogation Wildfire Trust (without the involvement of the Reorganized Debtors), respectively, in accordance with the Plan. This Status Report focuses on the Reorganized Debtors' efforts to reconcile and resolve those Proofs of Claim scheduled by or filed against the Debtors that are not Securities Claims, Fire Victim Claims, or Subrogation Wildfire Claims (the "**General Claims**").

Introduction

In the fourteen months since the Effective Date of the Plan, the Reorganized Debtors have diligently worked to reconcile and resolve the nearly 15,000 General Claims scheduled or filed against the Debtors. As of the date of this Status Report, the Reorganized Debtors have filed 109 omnibus objections with respect to the General Claims, and the Court has reduced or disallowed and/or expunged approximately 9,200 General Claims. The Reorganized Debtors also have worked through formal and informal channels to reduce through settlement, or otherwise resolve

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"), which was confirmed by the Bankruptcy Court by Order dated June 20, 2020 [Dkt. No. 8053].

consensually, over 5,400 additional General Claims. In total, as detailed below, the Reorganized Debtors have resolved, by objection, settlement, or otherwise, approximately 98% of the General Claims asserted in the Chapter 11 Cases, representing 92% of the total aggregate dollar amount asserted on account of the General Claims. Consistent with the commitments they made when they requested from the Court extensions on their deadline to object to claims in October 2020[2] and March 2021,[3] the Reorganized Debtors generally have resolved these Claims summarily or informally and without burdening the Court with formal process.

The reconciliation, resolution and distributions of the General Claims have required extensive efforts by the Reorganized Debtors' team of advisors, attorneys, and personnel.

Nearly 15,000 General Claims (which exclude Securities Claims, Fire Victim Claims, and Subrogation Wildfire Claims) were scheduled or filed against the Debtors, in the approximate amount of $60 billion in the aggregate (plus unliquidated amounts). These General Claims include,

---

[2] On October 27, 2020, the Reorganized Debtors filed the *Motion for Entry of an Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9355] (the "**Initial Extension Motion**"), which the Court granted with certain limited modifications in the *Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9563] (the "**Initial Extension Order**"). The Initial Extension Order extended the Reorganized Debtors' deadline under Section 7.1 of the Plan to object to Claims by one hundred eighty (180) days, through and including June 26, 2021 (the "**Initial Extension**"), except for the United States Claims (which have been addressed in a separate track). As used here, "United States Claims" means Class 4B Utility General Unsecured Claims of the United States that are identified by claim number and amount in Docket No. 9718 as required by the Initial Extension Order.

[3] On March 17, 2021, the Reorganized Debtors filed the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 10408] (the "**Second Extension Motion**"), which the Court granted, with some modifications, on April 5, 2021, in the *Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 10494] (the "**Second Extension Order**"). The Second Extension Order extended the Reorganized Debtors' deadline under Section 7.1 of the Plan to object to Claims by an additional one hundred eighty (180) days, through and including December 23, 2021 (the "**Second Extension**"), except that the deadline for the Reorganized Debtors to object to the CAL FIRE claims was extended through and including September 30, 2021, without prejudice to the right of the Reorganized Debtors to move for further extensions of all such dates. The Reorganized Debtors have resolved 14 of the CAL FIRE Claims to date and have entered into a stipulation with Cal Fire to address the deadlines for the remaining two. As used here, "CAL FIRE Claims" means Class 4B Utility General Unsecured Claims of the California Department of Forestry and Fire Protection ("**Cal Fire**") enumerated in the *Limited Objection of California Department of Forestry and Fire Protection to Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 10480].

but are not limited to, trade claims, customer claims, employment claims, regulatory claims, real property claims, and tort and other litigation claims that are unrelated to the Fires.

Since the Effective Date, the Reorganized Debtors have successfully expunged through objection, reduced through settlement, or otherwise resolved over 14,600 of those General Claims, representing approximately $55.4 billion in the aggregate – over 92% of the total dollar amount and nearly 98% in number of the General Claims asserted in these Chapter 11 Cases.[4] This includes over 1,500 Claims expunged, reduced through settlement, or otherwise resolved during the Second Extension, asserting approximately $2.9 billion in the aggregate.

Distributions on Claims. The Reorganized Debtors have processed nearly 60 rounds of distributions and distributed on approximately 5,000 General Claims, totaling approximately $24.5 billion, since the Effective Date.  In addition, the Reorganized Debtors made cash transfers to the Fire Victim Trust of more than $5 billion and to the Subrogation Wildfire Trust of approximately $11 billion.

Omnibus Objections. As of the date hereof, the Reorganized Debtors have filed 109 Omnibus Objections with respect to General Claims, and 42 since the Second Extension Motion was filed. Through the Plan and prosecution of the Omnibus Objections, approximately 9,200 General Claims have been modified, withdrawn, disallowed and/or expunged, reducing the amounts asserted against the Debtors by approximately $30 billion.  In addition, approximately 65 additional General Claims are currently subject to pending Omnibus Objections, which seek to further reduce the asserted Claims pool by approximately $730 million.  The Reorganized Debtors anticipate filing further objections to 10 or more additional General Claims, asserting approximately $1.2 billion or more, within the next month.

Claims Litigated Outside of Bankruptcy Court.  Approximately 50 additional General Claims are being litigated in non-bankruptcy fora, pursuant to orders of the Court modifying the automatic stay or Plan Injunction.  Pursuant to the Second Extension Order, such Claims are deemed to have been objected to for purposes of the Plan's definition of "Allowed."  *See* Plan, Section 1.7(f).  The

[4] These figures include approximately 3,200 General Claims, asserting approximately $200 million in the aggregate, that the Reorganized Debtors have reconciled and allowed as filed pursuant to the Plan.

Reorganized Debtors anticipate stipulating to similar modifications of the Plan Injunction with respect to approximately 30 additional General Claims.

Settled Claims. The Debtors and Reorganized Debtors have undertaken extensive efforts to resolve certain Claims through negotiated settlements, including through the ADR Claims Process further described below. These negotiation efforts have yielded the settlement of approximately 2,200 General Claims, totaling over $1.6 billion in asserted claim amounts (plus unliquidated amounts), both within and separate from the ADR Claims Process discussed below. Over 400 of those General Claims have been settled since the filing of the Second Extension Motion. The Reorganized Debtors also have extended over 20 currently pending settlement offers, which, if accepted, will reduce the unresolved asserted General Claims pool by approximately $4 million, and are awaiting final documentation of settlements with respect to approximately 40 additional claims, which will reduce the unresolved General Claims pool by over $1.3 billion.

ADR Process. The Reorganized Debtors resolved a subset of the settled General Claims described above through the ADR Claims Process. As the Court is aware, the Reorganized Debtors initiated a formal claims reconciliation and settlement process (the "**ADR Claims Process**") pursuant to the General Claims Procedures approved by the *Order Approving ADR and Related Procedures for Resolving General Claims*, dated September 25, 2020 [Docket No. 9148] (the "**ADR Procedures Order**"). The Reorganized Debtors have sent formal information requests to the holders of over 350 General Claims, have initiated settlement offer exchanges on approximately 130 General Claims, and have noticed approximately 80 Abbreviated Mediations and approximately 60 Standard Mediations (each as defined in the ADR Procedures Order).[5] The ADR Claims Process has resulted in the resolution of approximately 100 General Claims by settlement, totaling approximately $144 million in asserted value (plus unliquidated amounts).[6] Over 40 General Claims remain in the ADR Claims Process. The Reorganized Debtors are hopeful that they will be able to resolve consensually

---

[5] The categories referenced in this sentence are not mutually exclusive; for example, the Reorganized Debtors may have sent an information request, initiated settlement offer exchanges, and noticed a mediation on the same claim.

[6] This figure does not include approximately 30 General Claims that began in the ADR Claims Process but were ultimately settled outside of the ADR Claims Process.

1    a substantial number of those General Claims that remain in the ADR Claims Process.

2        <u>Remaining Claims</u>.  As a result of these substantial efforts, the Reorganized Debtors

3    anticipate that fewer than 200 of the original 15,000 filed and scheduled General Claims, asserting

4    approximately $2.9 billion (plus unliquidated amounts) of the original total asserted amount of

5    $60 billion, will remain unresolved, with no pending objection, as of the end of the Second

6    Extension.  These figures do not include any claims that are classified as Fire Victim Claims and

7    channeled to the Fire Victim Trust pursuant to the Plan but may be reclassified, subject to all of the

8    Debtors' and Reorganized Debtors' available rights, defenses, objections, and arguments, which are

9    hereby reserved.

10                             \*\*\*\*\*

11        As the above discussion demonstrates, the Reorganized Debtors have made substantial

12    progress in reconciling the General Claims since the Effective Date, and they are committed to

13    continue to work diligently to reconcile the remaining claims.  The Reorganized Debtors anticipate

14    that these efforts will continue beyond the Second Extension, and that they will seek a further

15    extension of their time to object to claims.  In the meantime, the Reorganized Debtors are available

16    to discuss the efforts described above at a status conference if the Court has any questions.

17

18    Dated:  September 30, 2021                **WEIL, GOTSHAL & MANGES LLP**

19                                       **KELLER BENVENUTTI KIM LLP**

20                               By:   */s/ Jane Kim*
                                       Jane Kim

21                               *Attorneys for Debtors and Reorganized Debtors*

22

23

24

25

26

27

28