**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**STATUS REPORT REGARDING SECURITIES CLAIMS RECONCILIATION AND RESOLUTION PROCESS**<br><br>[No hearing required] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Status Report Regarding Securities Claims Reconciliation and Resolution Process* to provide the Court an update on the significant progress of the Reorganized Debtors in addressing rescission or damage claims filed in the Chapter 11 Cases by claimants who have asserted that they purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Securities Claims**").[1]

## I. Background on the Securities Claims

On January 25, 2021, the Court entered the Securities Procedures Order and approved the Securities Claims Procedures as the means for resolution of the Securities Claims. The Securities Claims Procedures authorized the Reorganized Debtors to, among other things, request the trading information necessary to assess the viability and calculate the potential amount of allowed claims under the federal securities laws for each Securities Claim. Obtaining complete trading information from all holders of Securities Claims (the "**Securities Claimants**") remains a critical first step in assessing the total amount of potential damages in order to, among other things, determine any appropriate settlement offer amounts for individual claims and otherwise address the Securities Claims. The Securities Claims Procedures authorize the Reorganized Debtors to exchange settlement offers and counteroffers with Securities Claimants and their representatives, submit Securities Claims to mandatory, non-binding mediation, and/or object to certain groups of Securities Claims on an omnibus basis.

At the time the Court entered the Securities Procedures Order, 7,562 Securities Claims had been filed against the Debtors. Since then, 809 additional Securities Claims have been filed against

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, dated January 25, 2021 [Docket No. 10015] (the "**Securities Procedures Order**").

the Reorganized Debtors as of August 31, 2021, increasing the total number of filed Securities Claims to approximately 8,371.[2]

## II. The Trading Information Collection Process

As stated, the first, necessary step toward addressing Securities Claims on an individual basis is the receipt of complete, transaction-level data from each Securities Claimant, as a significant majority of Securities Claimants did not provide complete transaction data with their proof of claim.

For the more than 7,500 Securities Claims that had been filed as of January 25, 2021, the Reorganized Debtors, through their claims servicing agent, Kroll Settlement Administration ("**Kroll**"), created a database of claimants and transactions, which required Kroll to review and manually transcribe each transaction that had been submitted on a claim-by-claim basis. This information then was analyzed to determine what, if any, trading data had not yet been provided. At the same time, Kroll created an online portal where Securities Claimants could update their trading data at no cost to the claimants (the "**Portal**"). A significant amount of coding was required to create the functionality necessary to allow Securities Claimants to easily submit the required missing information.

Notwithstanding the significant amount of work required to create the Portal and transcribe each transaction included on the more than 7,500 claims into the Portal, on February 26, 2021, just over one month after the Court entered the Securities Procedures Order, the Reorganized Debtors were able to begin mailing on a rolling basis personalized letters tailored to each Securities Claimant informing them of the Court's requirement under the Securities Procedures Order to provide required trading information that had not been included in their specific proof of claim (the "**Information Requests**"). By March 12, 2021, the Reorganized Debtors had finished mailing Information Requests for the more than 5,300 Securities Claims which lacked the complete trading data necessary

---

[2] This 809 claim increase is largely due to one "bulk filer" who, after filing claims on behalf of numerous individual securities holders, sent letters to those holders stating that it would discontinue assisting with this matter. As of August 31, 2021, those individual securities holders had filed 795 "new" claims, which had previously been part of the filing by this one bulk filer. The Reorganized Debtors reserve all of their rights to object to these newly filed Securities Claims, including on the basis that they are untimely.

to allow the Reorganized Debtors to assess the proofs of claim and calculate potential damages amounts. Thus, within just over six weeks of the approval of the Securities Claims Procedures by the Court, the Reorganized Debtors had mobilized a team of programmers and coders to create a new user-friendly web portal, review and input trade data from over 7,500 proofs of claims (including certain claims with thousands of trades), and analyze that data to determine specific information deficiencies, and had sent out more than 5,300 individualized, claim specific letters to Securities Claimants requesting the specific information required to address their proofs of claim.

Consistent with the Securities Claims Procedures, each Securities Claimant had forty-five (45) days from the mailing of the Information Request to provide the required trading information. Securities Claimants were given the option to submit their trading information either by mail or through the Portal, which they could easily access. For each Securities Claim, both the Information Request and the Portal explained the specific information that each Securities Claimant needed to provide, and set forth detailed instructions regarding how to provide it. The Reorganized Debtors also offered Securities Claimants the option to submit trading information in Excel form, which has proven particularly helpful in allowing claimants whose claims are based on large numbers of transactions to avoid inputting each transaction separately into the Portal. Finally, the Information Requests provided Securities Claimants with an email address and hotline number where they could contact Kroll representatives with any questions.

While substantial progress has been made with respect to the collection of trading information, there remain a number of Securities Claimants who, despite repeated notices, requests and communications, have not provided the trading data required by the Securities Claims Procedures. The Reorganized Debtors received timely responses from approximately 3,800 of the over 5,300 Securities Claimants who were sent an Information Request by March 12, 2021. For the nearly 1,500 Securities Claimants who did not respond within the 45-day deadline, the Reorganized Debtors again contacted those Securities Claimants (at every mailing and email address listed on the proof of claim) to remind them to provide the requested information (the "**Reminder Notices**"). Consistent with the Securities Claims Procedures, the Reminder Notices provided an additional fourteen (14) days for those claimants to submit the requested trading data. The Reminder Notices

have prompted responses from an additional approximately 700 Securities Claimants. The Reorganized Debtors still have not received any supplemental trading information from approximately 800 Securities Claimants.

Additionally, many of the Securities Claimants who have responded have not provided complete data. The Reorganized Debtors and Kroll are working with each of these claimants to resolve any outstanding issues. This outreach includes granting requests for extensions to allow these Securities Claimants more time to submit the missing trading information, sending follow-up emails detailing any outstanding requests or deficiencies in the data, and otherwise engaging in an ongoing dialogue to address any issues that arise.

Since the entry of the Securities Procedures Order, the Reorganized Debtors have made substantial progress in obtaining the basic trading information from the significant majority of Securities Claimants and in ensuring that all Securities Claimants are given every opportunity to provide the information that is critical to and, indeed, a prerequisite of, implementation of the settlement offer and counteroffer stage of the Securities Claims Procedures.

Separately, as the Court is aware, a number of "bulk filers"—principally nominees, i.e., banks and financial institutions that manage money for others—filed proofs of claims on behalf of securities holders without any indication that they had obtained the required contemporaneous authorization to file those proofs of claim (or that the underlying securities holders even knew the proof of claim was being filed). Notably, none of the approximately fifty purported agents who filed on behalf of multiple securities holders has filed the verified statement required by Rule 2019 of the Federal Rules of Bankruptcy Procedure. Consistent with the Securities Claims Procedures, the Reorganized Debtors mailed letters, to which bulk filers had forty-five (45) days to respond, seeking information establishing that the bulk filers had obtained the requisite contemporaneous authorization from the underlying Securities Claimants. The Reorganized Debtors filed an omnibus objection with respect to the bulk filers who did not respond to those letters, providing each such filer a final opportunity to provide the required information. The Reorganized Debtors are continuing to attempt to gather the requisite authorizations from bulk filers who responded to the letters but did not provide information sufficient to establish contemporaneous authorization. The Reorganized Debtors may

file additional "bulk filer" omnibus objections if their efforts to collect sufficient information from those filers prove unsuccessful.

### III. The Omnibus Objections

As the Court also is aware, in parallel with the information gathering process, the Reorganized Debtors have filed fifteen omnibus objections to Securities Claims on various grounds previously approved by the Court. *See* Securities Procedures Order ¶ 8. As of the date of this filing, the Court has addressed thirteen of those omnibus objections, resulting in the disallowance and expungement of 1692 Securities Claims, of which 784 had not asserted specific damage amounts on the face of the proofs of claim, and 908 had asserted a total of $1,052,302,760.44 in damages on the face of the proofs of claim. The two omnibus objections not yet addressed by the Court relate to an additional 68 Securities Claims.

### IV. Next Steps

The Reorganized Debtors have made significant progress through diligent efforts to obtain the trading information required to address the Securities Claims, despite the difficulties in obtaining information or any response from many Securities Claimants (even after multiple reminders that the information is required by the Bankruptcy Court). In the coming months, the Reorganized Debtors intend to continue working diligently to collect the necessary trading information from these claimants. The Reorganized Debtors also intend to continue to file additional omnibus objections to invalid Securities Claims. These continued efforts will allow the Reorganized Debtors to manage the claims registry and properly assess their potential liabilities with respect to the Securities Claims.

In sum, the Reorganized Debtors have made great progress towards resolving Securities Claims asserted against the Debtors in these Chapter 11 Cases. Depending on the timing of obtaining the outstanding trading information, the Reorganized Debtors currently expect to be in a position by year end to begin making settlement offers to certain Securities Claimants, and thereafter, if

necessary, instituting mediation procedures to resolve Securities Claims consistent with the Securities Claims Procedures.[3]

Dated: September 30, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ Richard W. Slack
     Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

---

[3] Consistent with this schedule, the Reorganized Debtors will be seeking to further extend the December 23, 2021 claims objection deadline to ensure sufficient time to adequately address all Securities Claims.