Signed and Filed: October 6, 2021



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DISALLOWING PROOF OF CLAIM # 10281**
**FILED BY WILLIAM F. WEIDMAN, III**

I.    INTRODUCTION

    Mr. William F. Weidman, III filed proof of claim # 10281 (the "Claim") on September 30, 2019 in the amount of $50,000,000.

    On August 19, 2021, the Reorganized Debtors ("Debtors") filed their *One Hundred Second Omnibus Objection to Claims (No*

*Legal Liability Claims)* ("Objection") (Dkt. 11120), alleging in part that the events underlying Mr. Weidman's Claim were time-barred by California's two-year statute of limitations on personal injury claims. On September 10, 2021, Mr. Weidman timely filed an *Opposition to Notice of the Reorganized Debtors' One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* (Dkt. 11239). The Court held a hearing on the matter on September 29, 2021 and took the matter under submission thereafter.

For the reasons discussed below, the Court sustains the Objection and disallows Mr. Weidman's Claim in its entirety.

**II. DISCUSSION**

Mr. Weidman worked as a welder at Debtors' Diablo Canyon Power Plant between 1984 and 1985. He was employed directly by Bechtel Power Corporation ("Bechtel") during his time at Diablo Canyon. Mr. Weidman has suffered numerous medical complications as a result of radiation exposure.

Mr. Weidman filed a worker's compensation claim against Bechtel and other parties in 2001, and the claim has been pending ever since. Mr. Weidman did not commence legal action against the Debtors at any time. Following Debtors' bankruptcy on January 29, 2019, he filed the Claim.

Debtors argue that the applicable California statute of limitations for commencing a suit against a party for personal injury was one year from the time a plaintiff's injuries accrued, which has since been extended to two years. Cal. Code Civ. Proc. § 335.1. Because Mr. Weidman has not ever commenced an action for personal injury against Debtors, he is barred from

-2-

doing so now by California law.  In turn, Mr. Weidman asserts his Claim is not time-barred.  In support of this assertion Mr. Weidman submitted an Opinion and Decision After Reconsideration from the Workers' Compensation Appeals Board, which found that his 2001 suit against Bechtel was timely filed.  However, Mr. Weidman's lawsuit and subsequent Worker's Compensation Appeals Board decision cover only his claims against Bechtel, and at no time have Debtors been party to Mr. Weidman's worker's compensation claim.

Mr. Weidman also argues that because his Claim relates to radiation injury, federal law displaces California law regarding the time to file claims, citing both the Price Anderson Act, 42 U.S.C. §§ 2011-2297, and *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 (1984).  However, the Price Anderson Act only displaces applicable state law in the event of an "extraordinary nuclear occurrence" which is defined as an event that causes nuclear materials or radiation to disperse off site in levels which the Nuclear Regulatory Commission or Secretary of Energy deems to be substantial. See 42 U.S.C. § 2014(j).  *Silkwood* also notes that state statutes of limitation are waived as to claims for injuries due to radiation exposure only in cases in which exposure is deemed to be an extraordinary nuclear occurrence.  Because Mr. Weidman suffered his injuries while working on-site at a nuclear power plant, and because no applicable state agency has found Mr. Weidman's injuries to have been caused by an extraordinary nuclear occurrence, the Price Anderson Act's own statute of limitations does not apply.  Instead, *Silkwood* makes clear that the reference point for causes of action due to

-3-

nuclear energy related injuries caused by incidents other than extraordinary nuclear occurrences was state law. *Silkwood*, 464 U.S. at 254.[1]

Claims arising out of personal injury are governed by California's two-year statute of limitations. Cal. Code Civ. Proc. § 335.1. Further, Bankruptcy Code section 502(b)(1) (11 U.S.C. § 502(b)) provides that a claim may be disallowed if it is unenforceable under applicable non-bankruptcy law, including being barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, No. SC-14-1189-KuJuKi, 2015 Bankr. LEXIS 580, at *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)). These are well-settled principles that are not preempted by federal law in this instance.

For the foregoing reasons, Debtors' Objection to the Claim is well taken and must be sustained. The Court regrets to hear of the pain suffered by Mr. Weidman due to his injuries, and regrets that his worker's compensation claim remains active so many decades after he first sought compensation. Unfortunately, California law bars Mr. Weidman from seeking further relief against Debtors.

---

[1] The Court notes that while portions of applicable law have been amended since the *Silkwood* decision, the principles cited here remain current.

**III. CONCLUSION**

For the foregoing reasons, Claim # 10281 filed for $50,000,000 is DISALLOWED in its entirety.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

William F. Weidman, III
108 Connolly Road, No. 136
P.O. Box 136
Benson, Maryland 21018

-6-