Signed and Filed: October 7, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>        - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>     Electric Company<br>☒ Affects both Debtors<br><br>*  All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING MOTION TO RECONSIDER FILED BY RICKY-DEAN HORTON AND DISALLOWING PROOF OF CLAIM # 107857**

**I.    BACKGROUND**

Ricky-Dean Horton ("Mr. Horton") is the representative of his deceased brother, Rory-Nelson Horton. On or around September 5, 2016, Rory-Nelson Horton tragically died by electrocution after a pipe being held by him contacted a PG&E conductor. While Mr. Horton submitted a "loss claim form" to PG&E's legal

department in August 2018, no civil action was commenced by Mr. Horton or any other representative of Rory-Nelson Horton against PG&E at any time. Following Debtors' bankruptcy filing on January 29, 2019, Mr. Horton filed Proof of Claim # 87111 ("Claim") on October 21, 2019 in the amount of $50,000,000 for the wrongful death of his brother.[1]

On June 17, 2021, the Reorganized Debtors ("Debtors") filed their *Ninety-Third Omnibus Objection to Claims (No Legal Claims)* ("Objection") (dkt. 10808), alleging in part that the events underlying Mr. Horton's Claim were time-barred by California's 2-year statute of limitations for wrongful death claims. Debtors properly served notice of the Objection on Mr. Horton, and Mr. Horton did not respond. On July 22, 2021, the Court entered an *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)* ("Order") (dkt. 10980).

On July 28, 2021, Mr. Horton filed Proof of Claim # 107857 ("Duplicate Claim"). On August 4, 2021, he filed a *Motion to Review and Correct a Possible Mistake to Case Identity, and Motion to be Heard, and Motion to Reconsider* ("Motion to Reconsider") (dkt. 11031). On August 18, 2021, he filed additional documents under seal (dkt. 11074) which the Court deemed to be part of Mr. Horton's Motion to Reconsider. The Motion to Reconsider explained that he had missed the deadline to file an opposition to Debtors' Objection because he was

---

[1] The Court does not discuss nor make any finding regarding liability for the death of Rory-Nelson Horton in this Order.

acting as the caretaker of his ill mother, but did not address why his Claim would not be time-barred. The Motion to Reconsider also purported to set a hearing on October 8, 2021. The Court deemed this to be a request for hearing, which it removed from calendar and instead set a deadline for the Debtors to respond to the Motion to Reconsider ("Reconsideration Order") (dkt. 11135).

Mr. Horton subsequently sent an ex parte letter to the Court (dkt. 11150), questioning the validity of the Court's electronic court filing system and of the authenticity of the Court's Reconsideration Order. The letter also presumed the October 8, 2021 hearing he had attempted to schedule was moving forward. The Court entered an order which clarified that both its electronic filing procedures and the Reconsideration Order were valid, and that there would not be a hearing on October 8, 2021 ("Clarification Order") (dkt. 11154).

Mr. Horton then filed another motion ("Motion to Strike") (dkts. 11174, 11183) seeking to strike the Court's Reconsideration Order and Clarification Order, to modify Debtor's response deadline, and to set a hearing for October 19, 2021. The Motion to Strike claims that the Court's prior Orders were frivolous and unlawful, that the Court has no authority to remove from calendar the October 8, 2021 hearing Mr. Horton previously attempted to set, and that he has an absolute right to such a hearing. The Motion to Strike again insists that the Court's previous Orders are fraudulent because they were entered electronically.

-3-

On September 10, 2021 Debtors filed an *(1) Opposition to Motion for Reconsideration of Ricky-Dean Horton and (2) Cross-Motion for Disallowance of Proof of Claim No. 107857* ("Opposition") (dkt. 11240). The Opposition argued that Mr. Horton had not presented any argument as to why his claim should not be disallowed, and that the "loss claim form" submitted to PG&E's legal department did not constitute the commencement of an action within the meaning of California's statute of limitations. On September 13, 2021, the Court entered an *Order for Further Briefing by Ricky-Dean Horton* (dkt. 11244), which removed the October 19, 2021 hearing date Mr. Horton previously attempted to set, directed Mr. Horton to file any response to the Debtors' Opposition by September 30, 2021, at which time the Court would take the matter under submission, and urged Mr. Horton to consider engaging counsel prior to complying with the deadline. The same day, Mr. Horton filed a *Response to Debtors' Dkt 11240 Brief/Memorandum in Opposition to Motion for Reconsideration of Ricky-Dean Horton* (dkt. 11245). The Response attempted to re-set a hearing for October 19, 2021, and demanded further briefing from the Debtors. It failed to address why his Mr. Horton's Claim would not be time-barred. On September 14, 2021, Mr. Horton filed a document titled *Void of Order within Dkt. 11244 by Operation of Law and Motion to Impose Sanctions Upon E-Order Filers as Stated Herein* (dkt. 11251). The document appears to be a motion for sanctions upon the Court itself for removing from calendar an October 19, 2021 hearing date Mr. Horton had repeatedly attempted to set.

The Court took the matter under submission on September 30, 2021. On October 5, 2021, five days after the deadline to respond, Mr. Horton filed a *Motion to Strike Declaration of Anna A. Campelle and Motion to Strike Declaration of Stacy Campos* ("Belated Motion") (dkts. 11377, 11378).

For the reasons discussed below, the Court denies Mr. Horton's Motion for Reconsideration, disallows the Duplicate Claim in its entirety, and strikes from the record Mr. Horton's Belated Motion.

**II. DISCUSSION**

"A claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Reconsideration may be accomplished through application of Federal Rules of Civil Procedure ("FRCP") 59(e) or 60(b), made applicable here through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.),* 503 F.3d 933, 940 (9th Cir. 2007). Neither rule recognizes a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, FRCP 59(e) and 60(b) contemplate a motion to alter or amend a judgment. These rules apply to the setting aside of judgments by default issued pursuant to FRCP 55. In considering whether to set aside a judgment entered by default, a Court must consider "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Case: 19-30088    Doc# 11386    Filed: 10/07/21    Entered: 10/07/21 17:18:47    Page 5 of 8

Mr. Horton seeks reconsideration solely on the basis that he inadvertently missed the deadline to respond to Debtor's Objection due to his responsibility for caring for his ill mother. Mr. Horton has not, despite the Court's requests, presented a meritorious defense to the Objection.

Claims arising from personal injury or wrongful death are governed by California's two-year statute of limitations. Cal. Code Civ. Proc. § 335.1. Further, Bankruptcy Code section 502(b)(1) (11 U.S.C. § 502(b)) provides that a claim may be disallowed if it is unenforceable under applicable non-bankruptcy law, including being barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, No. SC-14-1189-KuJuKi, 2015 Bankr. LEXIS 580, at *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)).

These are well-settled principles that even *pro se* parties should understand and must be held to. Absent some affirmative defense, Mr. Horton is bound by them. At no point in Mr. Horton's numerous filings has he made any argument regarding an affirmative defense to these principles. He has not discussed why the provisions of Cal. Code Civ. Pro § 335.1 may have been tolled, or some other reason why his Claim, though representative of a great loss, is not time-barred. After ample opportunity for explanation, Mr. Horton has provided a reasonable reason for missing the deadline to responding to the Objection but has not provided any cause for which the disallowance of his claim should be reconsidered and set aside.

-6-

Thus, the most critical factor noted by *Knoebber* – a meritorious defense – is missing.  Reconsideration would be futile because the statute of limitations defense by Debtors would control the outcome.

**III. CONCLUSION**

For the foregoing reasons, the Motion for Reconsideration is DENIED, Proof of Claim # 107857 is DISALLOWED in its entirety (as was Proof of Claim # 87111 already), and Mr. Horton's Belated Motion is STRICKEN from the docket.

Mr. Horton is advised again that there will be no hearing on October 19, 2021, or any other date.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

Ricky-Dean Horton
751 Rosemary Court
Fairfield, CA 94533

-8-