Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
*Rich@TrodellaLapping.com*

Attorneys for Todd Greenberg

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19-30088 (DM) |
|---|---|
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **CREDITOR TODD GREENBERG'S RESPONSE TO REORGANIZED DEBTOR'S FURTHER OBJECTION TO CLAIM NO. 77335** |
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | [Related to Dkt. Nos. 9455, 9646]<br><br>Date: November 9, 2021<br>Time: 10:00 a.m.<br>Courtroom 17 - Video<br>Judge: Hon. Dennis Montali |

Creditor Todd Greenberg ("Greenberg") hereby replies to PG&E's further objection (Dkt. No. 10995) to his claim no. 77335. As a preliminary matter, PG&E requested that two other claims of Greenberg be resolved with this one in a single evidentiary hearing. Greenberg strongly opposes this request. First, PG&E has not objected to the other two claims. Second, the claims involve different events at different times. 77335 asserts damages for an electrical surge that damaged a refrigerator. The other two claims involve, briefly, damages to heritage redwood trees by a PG&E construction crew, and damage to real property by PG&E construction crews.

**1. The Claim.**

Claim no. 77335 concerns damage to a refrigerator, its contents, and an interior floor, located in the downstairs flat in a building owned by Greenberg's family at 47 Bolinas Road, Fairfax, CA 94930. Greenberg lived in this flat at the time of the incident, but has sinced moved into the other unit.

The damage to Greenberg's refrigerator occurred sometime between February 14, 2016 and Febuary 21, 2016, when Greenberg's entire family was away on vacation for Greenberg's father's 80th birthday. During this time, electrical power fluctuations—outages followed by surges—caused the starter relay in the refrigerator and freezer to fail, as diagnosed by the Appliance Repair Doctor of Alameda, California. This failure, while not affecting other refrigerator mechanicals, prevented the refrigerator and freezer from functioning, and everything inside melted and spoiled, and then leaked onto the slightly outward sloping floor, so it spread across the entire kitchen. Upon Greenberg's return home, he discovered the horrible spoiled melted food mess and delaminated flooring.

At the time of the incident, PG&E had for months had an open permit and experienced difficulties and delays on the installation of a three-phase power upgrade next door, at 31 Bolinas Road, and along Bolinas Road, for a newly built/being built restaurant location, which is a mixed use, commercial/residential complex that underwent an extensive renovation. This work was not completed until March 16 or 17, 2016. At the time, Greenberg was told by PG&E crew members that the upgrade of the power to three-phase power was the cause of one of the many power outages, fluctuations, and related surges, including when a nearby pole transformer blew.

Greenberg was also informed by the Town Manager of the difficulties PG&E encountered while endeavoring to provide the three-phase power next door at 31 Bolinas. These difficulties included needing to have traffic control and shutting down parts of the street, blowing of pole transformers, subsequently necessary replacements of many power provision components, many uncontemplated delays, and disruptions related to the age of the existing power provision equipment.

As indicated in Greenberg's proof of claim, the appliance repair company replaced the

refrigerator compressor starter relay, which had been burnt out by a power surge or fluctuation beyond permitted ranges that could only have been caused by PG&E.

The damages that Greenberg incurred as a result of PG&E's activities include the loss of the contents of Greenberg's refrigerator and freezer, significant damage to the laminate floor, subfloor, and underlayment in the downstairs kitchen, which needs to be replaced, and other costs including loss rental income and relocation costs for Greenberg to move into the other unit, according to proof.

1. **Response to PG&E's Objection.**

   A. **A PG&E Power Outage or Surge Damaged the Refrigerator**

PG&E mischaracterizes the electrical damage as confined to the compressor, and argues that the refrigerator was 12 years old. The supporting documents for the refrigerator claim establish that the **starter relay** can be damaged by a surge of electricity, and thereafter the compressor responsible for cooling will not start up, which happened here. PG&E's theory that the refrigerator failed due to age has no backup and defies common experience and statistics that demonstrate that refrigerators commonly last much longer than 12 years.

PG&E also argues, based on documents that it selectively produced despite denying Greenberg's requests for the full claim file, that the installation of a three-phase project for a restaurant next door to Greenberg's duplex occurred in March 2016, and not in February 2016 when the surge occurred. Greenberg has obtained documents from the Town of Fairfax indicating that PG&E and/or its contractors had commenced preliminary electrical work nearby, possibly related to the three-phase installation prior to the time of the surge, electrical fluctuation, voltage irregularity or other abnormality that caused the damage to the refrigerator's starter relay. Greenberg is continuing pursuit of additional documents from the Town to establish PG&E activity in the relevant time-period.

   B. **Tariff Rule 14 Does Not Shield PG&E From Its Negligence**

PG&E claims that it was nowhere near the site of the power outage, but then claims without evidence that the outage was necessary, in its sole opinion, to maintain, improve, repair or expand its distribution system in order to invoke the protections of Tariff Rule 14. But, as the reported cases in

PG&Es footnote 2 establish, Rule 14 requires PG&E "to exercise 'reasonable diligence and care' to furnish a continuous and sufficient supply of electricity to its customers. It further provides that PG&E shall 'not be liable for interruption or shortage or insufficiency of supply, or any loss or damage of any kind or character occasioned thereby . . . except that arising from its failure to exercise reasonable diligence.'" *Langley v. Pac. Gas & Elec. Co.*, 41 Cal. 2d 655, 660 (1953). And more recently, Magistrate Judge Spero found that Tariff Rule 14's broad exculpatory provision was ambiguous in light of the fact that "Rule 14 establishes that PG&E has a duty of reasonable diligence, and immunizes PG&E from liability for service interruptions that are *not* caused by PG&E's failure to fulfill that duty." *Tesoro Refining & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1170, 1183 (N.D. Cal. 2015) (emphasis in original).

**C. Damages**

Greenberg seeks recovery of damages under California Civil Code Section 3333 and other applicable statutes or principles of law for all detriment to him and his real and personal property caused by the actions of PG&E. Greenberg reserves the right to present relevant evidence as to any and all elements of his damages.

Respectfully submitted.

Dated: October 7, 2021						TRODELLA & LAPPING LLP

										By:   /s/ Richard A. Lapping
										         Richard A. Lapping
										         Attorneys for Todd Greenberg