# EXHIBIT B

 

# REVIEW COMMITTEE

PACIFIC GAS AND ELECTRIC COMPANY
LABOR RELATIONS DEPARTMENT
375 N. WIGET LANE, SUITE 130
WALNUT CREEK, CA 94598
(415) 973-8599

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO
LOCAL UNION 1245, I.B.E.W.
P.O. BOX 2547
VACAVILLE, CALIFORNIA 94696
(707) 452-2700

CLAIRE IANDOLI, CHAIRPERSON
☐ DECISION
☐ LETTER DECISION
☐ PRE-REVIEW REFERRAL

KIT STICE, SECRETARY

### Review Committee Number 23334
### Gas – Locate & Mark – Hayward

Vanessa Parker
Company Member
Local Investigating Committee

Lou Mennel
Union Member
Local Investigating Committee

#### Subject of the Grievance

This case concerns the termination of a Field Person at the Hayward Service Center for Code of Conduct violations including disrespectful treatment and threats of sexual violence toward his supervisor.

#### Facts of the Case

The Grievant is a Field Person with 3 years of service. Grievant was on an active Written Reminder at the time of his discharge for issues relating to arriving late to assignments, leaving the work site early, and failing to record his hours accurately on timecards.

Prior to his dismissal, the Grievant reported to a female Locate and Mark Supervisor who had issued the Written Reminder.

A Corporate Security Investigation initiated on July 23, 2015 found that Grievant had made vulgar and inappropriate comments of a sexual nature about his female Supervisor to another male Supervisor. As a result, Grievant was terminated on August 27, 2015.

Although Grievant denied the specific threats of sexual assault, he did not deny that he had a conversation with the male Supervisor regarding his female Supervisor and admitted that he told the male Supervisor, "… we had a little bit of a problem." Grievant also spoke to another co-worker about his Supervisor and said, "She's out to get me."

#### Discussion

The Union argued two points: 1) The male Supervisor who heard these comments did not act on the comments immediately and waited 6 days before telling the female Supervisor of

Grievant's threats. The Union opined this was "shop talk" and had these been credible threats, he would have reported them immediately. 2. The Union argued the GPS records did not indicate that Grievant was in the yard later in the day when the male Supervisor said the conversation took place. Accordingly, the Union argued for a reduction in the penalty.

The Company acknowledged the male Supervisor did not report the incident as quickly as he should have, but that does not negate the fact that the conversation took place. Even the Grievant admitted the conversation took place but denies making the vulgar comments. Further, in the interest of protecting his job, Grievant had a motive to lie but he could not provide a motive as to why the male Supervisor or any of his co-workers would fabricate these stories against him. Finally, GPS is only triggered for Locate and Mark employees when they are entering information into the computer. Therefore, when Grievant was in the yard speaking to the male Supervisor, GPS was not tracking him because he was not inputting data into the computer.

### Decision

This is not the first case that has come before the Review Committee involving threats made to a Supervisor. Pre-Review Committee Decision Nos. 18746, 12913, 12884, 12694, and 20560 also support discharge. The Committee agreed the discipline was issued for just cause. This case is closed without adjustment.

_Claire I___  11/16/16    _Kit Stice_  11-16-16

Claire Iandoli, Chairperson    Date
Review Committee

Kit Stice, Secretary    Date
Review Committee