# EXHIBIT A

Gerald Emanuel (SBN 61049)
LAW OFFICES OF GERALD EMANUEL
775 Delta Avenue.
Watsonville, CA 95076

Attorney for Plaintiff
SPIRO JANNINGS

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA UNLIMITED

SPIRO JANNINGS,

    Plaintiff,

vs.

PACIFIC GAS & ELECTRIC, and DOES 1-50

    Defendants.

Case No.: 17CV315033

COMPLAINT FOR WAGES

DEMAND FOR A JURY TRIAL

Plaintiff SPIRO JANNINGS complains and alleges against defendant PACIFICGAS & ELECTRIC, and DOES 1-50, inclusive, as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff SPIRO JANNINGS ("Plaintiff") is an individual, and, at all times relevant herein is an individual residing in the County of Santa Clara, California.

2. Defendant PACIFIC GAS & ELECTRIC ("PG&E"), is a public utility and, at all times relevant to this action, was and does business in the County of Santa Clara, California. The acts and omissions giving rise to liability occurred in the County of Alameda, California.

**COMPLAINT FOR DAMAGES.**

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when such information is ascertained.

5. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants, DOES 1-50, inclusive, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by each of the aforementioned Defendants.

6. Upon information and belief, at all times herein mentioned, each Defendant was an agent, employee, principal, or fiduciary, of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, or fiduciary relationship.

7. Plaintiff is informed, believes, and thereon alleges that, at all times herein mentioned, each Defendant herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other Defendant.

## STATEMENT OF FACTS

8. Plaintiff is a Field Person who worked for Defendant for 3 years. Plaintiff reported to a female Locate and Mark Supervisor by the name of **REDACTED**.

9. On July 23, 2015, a Corporate Security Investigation was initiated, against Plaintiff, concerning an allegation of disrespectful conduct and a threat of sexual assault made by Plaintiff toward REDACTED. The threat was allegedly made to Plaintiff's male supervisor, William Pierce ("Pierce"). The Corporate Security Investigation encompassed six interviews and a

COMPLAINT FOR DAMAGES.

review of relevant documents. The Corporate Security Investigation found that Plaintiff's actions violated the Employee Code of Conduct.

10. On August 27, 2015, Plaintiff's employment with Defendant was terminated, as a result of the Corporate Security Investigation findings.

11. Plaintiff firmly denies making a crude remark to Pierce or anyone else regarding REDACTED

12. Plaintiff and Pierce were acquainted, but they had little direct contact with each other.

13. On July 15, 2015, shortly after 7:30 AM, Pierce alleges he had a conversation with Plaintiff inside the PG&E Fremont Service Center yard regarding a "Super Crew" assignment. Pierce also reported that, later that same day, although he was uncertain of the time, but at approximately 2:30 PM, he encountered Plaintiff in the Fremont Service Center yard. Pierce alleged that it was at this time that Plaintiff made crude and threatening remarks to him regarding REDACTED.

14. Pierce claims that only Plaintiff and he were present during this alleged conversation.

15. Pierce waited eight days after the alleged conversation with Plaintiff on July 15, 2015, before reporting the alleged "crude remark" to REDACTED on July 23, 2015.

16. Since the alleged conversation with Plaintiff, Pierce informed other people about his version of the alleged conversation, verbally and in writing.

17. No one else claims to have personal knowledge of the alleged remarks.

18. REDACTED was not aware of the remarks before being told by Pierce on July 23, 2015.

COMPLAINT FOR DAMAGES.

19. On July 15, 2015, Plaintiff was working with a PG&E co-worker, Ben Nordson, outside of the PG&E Fremont Service Center Yard. The PG&E Corporate Security Investigation report notes Plaintiff was in the Fremont Service Center yard on July 13 and July 16, 2015, but that Plaintiff was not in the Fremont Service Center yard on July 14 or July 15, 2015. The Corporate Security Investigation findings include a record of 30 calls from Plaintiff's phone on July 15, 2015. PG&E Locate and Mark ticket locations record for Plaintiff indicate he was 1.5 to 3.13 miles away from the Fremont Service Center yard on July 15, 2015. A review of fuel records for Plaintiff's vehicle B22853 showed Plaintiff fueled his truck on July 13, 2015 and on July 16, 2015. No fuel was obtained on July 15, 2015. There were also no recorded access card swipes at the Fremont Service Center for Plaintiff on July 15, 2015. Plaintiff was not in the PG&E Fremont Service Center yard on July 15, 2015.

### FIRST CAUSE OF ACTION:

*(Breach of Contract of Continued Employment v. all Defendants)*

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19.

21. As a first, separate, and distinct cause of action, Plaintiff complains against Defendants and alleges that, on or about August 27, 2015, Defendant breached the employment contract by terminating Plaintiff's employment based on false allegations by Pierce. Defendant at all times knew the allegations were false.

22. Plaintiff was employed by Defendant for 3 years, consistently received either good or excellent performance evaluations and merit raises, was assured on numerous occasions that he would not be terminated arbitrarily and that Plaintiff and Defendant had entered into an implied contract that Plaintiff would not be discharged unless there was good cause to do so.

**COMPLAINT FOR DAMAGES.**

23. Based on the oral representations and promises and/or conduct of Defendant, as set forth above, Plaintiff had an employment contract with Defendant whereby Plaintiff would be employed by Defendant so long as his performance was satisfactory and Defendant would not discharge him without good and just cause.

24. Plaintiff at all times fulfilled his duties and conditions under the contract and has been ready, willing, and able to continue performing them in a competent and satisfactory manner.

25. Notwithstanding the promise to terminate the employment contract only for good cause, on or about August 27, 2015, Defendant terminated Plaintiff's employment based on false allegations by Pierce. Defendant at all times knew the allegations were false.

26. As a proximate result of Defendant's breach of the employment contract, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, and is entitled to recover for damages in an amount to be established at trial.

### SECOND CAUSE OF ACTION

*(Breach of Implied Covenant of Good Faith And Fair Dealing v. all Defendants)*

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26.

28. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendant[s] to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

29. Plaintiff was employed by Defendant for 3 years and reasonably relied on the representation from Defendant that he would not be terminated without just and fair cause.

**COMPLAINT FOR DAMAGES.**

30. Plaintiff performed all the duties and conditions of the employment agreement.

31. Defendant knew that Plaintiff had fulfilled all his duties and conditions under the contract.

32. Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by wrongfully discharging Plaintiff based on false allegations.

33. Defendant further breached the implied covenant of good faith and fair dealing, by violating and failing to follow its own agreement, when Defendant terminated Plaintiff without cause.

34. As a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, and is entitled to recover for damages in an amount to be established at trial. As a further proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorneys' fees in attempting to secure the benefits owed him under the employment contract. Plaintiff is entitled to recover these reasonable attorney's fees.

### THIRD CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress v. all Defendants)*

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34.

36. Defendant's conduct in terminating Plaintiff was extreme, outrageous, and beyond all bounds of human decency recognized in a civilized society. Defendant terminated Plaintiff's employment in the presence of Plaintiff's co-workers, verbally abused Plaintiff with epithets and personal remarks, and denigrated Plaintiff's character and professional competence.

37. In committing the acts herein alleged, Defendant intended to inflict severe emotional distress on Plaintiff.

**COMPLAINT FOR DAMAGES.**

38. As a proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.

39. Plaintiff alleges punitive damages, if justified.

## FOURTH CAUSE OF ACTION

*(Unfair Business Practices v. all Defendants)*

40. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39.

41. California Business and Professions Code §17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business practices. An "unlawful" business practice includes any violation of the law.

42. Defendants' acts constitute unlawful, unfair, and fraudulent competition, as defined by California Business and Professions Code §17200, *et seq.*, all for Defendants' own commercial gain and in connection with business activities, as alleged above.

43. By and through the acts alleged above, Defendants' conduct was unlawful, as they committed violations of California's Labor Code.

44. Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as DOES 1 through 50, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged herein.

45. Defendants' conduct of firing Plaintiff, directly damaged Plaintiff, as alleged above.

46. Plaintiff seeks relief necessitated by Defendants' conduct, including but not limited to, unpaid wages or penalties, such as overtime compensation, as presented by Plaintiff in this Complaint.

47. In doing the things herein alleged, the conduct of each Defendant was despicable and each Defendant acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious

**COMPLAINT FOR DAMAGES.**

disregard of Plaintiff's rights. Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For monetary compensatory damages including: lost wages, earnings, unpaid overtime, unpaid double-time, retirement benefits, other employee benefits, penalties, and all other sums of money, together with interest on these amounts, according to proof;

2. For monetary restitution to compensate Plaintiff for his wages, including overtime, benefits, and interest lost for the relevant time period, according to proof;

3. For a money judgment for the mental pain, anguish, and emotional distress, according to proof;

4. For costs of suit and attorney's fees;

5. For pre-judgment and post-judgment interest;

6. For an award of exemplary and punitive damages, according to proof;

7. For any additional compensation or multiple thereof; and

8. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the issues in this case.

Dated: August     , 2017                    EMANUEL LAW Office

---

GERALD A. EMANUEL
Attorney for Plaintiff
SPIRO JANNINGS

**COMPLAINT FOR DAMAGES.**