WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF EIGHTH SECURITIES CLAIMS OMNIBUS OBJECTION (NO BASIS FOR CLAIM – FAILURE TO PROVIDE ANY TRADING INFORMATION)** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **[Related to Docket No. 10922, 11092]** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: October 19, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply in further support of the *Reorganized Debtors' Eighth Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)*, dated July 14, 2021 [Docket No. 10922] (the "**Objection**"),[1] with respect to Claim No. 105784 (the "**von Buchau Claim**")[2] filed by Erik and Rose von Buchau (the "**von Buchaus**"), and to address the informal response to the Objection submitted by the von Buchaus on August 10, 2021 (the "**Response**").[3]

## PRELIMINARY STATEMENT

On May 1, 2020, the von Buchaus submitted Claim No. 105784, which contains absolutely no trading information. *See* Slack Decl., Ex. A. On March 12, 2021, the Reorganized Debtors sent the von Buchaus a Trading Information Request Form, but received no response. *See* Obj., Ex. 1. On May 12, 2021, the Reorganized Debtors sent the von Buchaus a Reminder, but, again, received no response. *See id*.

On July 14, 2021, the Reorganized Debtors filed the Objection, listing the von Buchau Claim as among those to be disallowed and expunged because they had submitted no trading information. *See id*. As set forth in the Objection, claims for which no trading information has been provided are not entitled to prima facie validity and are subject to disallowance on the basis of no liability. *See* Obj. § IV.A.

The von Buchaus never formally responded to the Objection. Instead, on August 10, 2021, they emailed Prime Clerk and the Reorganized Debtors' counsel, asserting that the Objection should not be sustained. *See* Slack Decl., Ex. B at 3–4. In that email, the von Buchaus state that they received PG&E

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Objection or the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, and exhibits thereto, dated January 25, 2021 [Docket No. 10015] (the "**Securities Claims Procedures Order**"), as applicable.

[2] The von Buchau Claim is attached as **Exhibit A** to the *Declaration of Richard W. Slack in Further Support of Reorganized Debtors' Eighth Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)* (the "**Slack Declaration**"), filed contemporaneously herewith.

[3] The Response and subsequent communications with the von Buchaus are attached as **Exhibit B** to the Slack Declaration.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

shares as a wedding gift in 1992. *See id.* at 4 ("The PG and E shares were a wedding gift in 1992 . . . ."). Other than this assertion of receiving PG&E shares approximately 30 years ago, no trading information was provided and certainly no trading information that shows purchases within the Subject Period (April 29, 2015 through November 15, 2018). *See id.*

Thus, the von Buchaus have not furnished any trading information evidencing their transactions in PG&E securities. Like the other claimants who failed to provide trading information, their claim should be expunged. *See Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eighth Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)*, dated August 19, 2021 [Docket No. 11103].

Even if the Court views the informal response as providing information, it is clear based on the informal response that the claim should be expunged since shares acquired 30 years ago are outside the Subject Period.[4] In an effort to investigate the matter with the von Buchaus, the Reorganized Debtors adjourned the hearing with respect to the von Buchau Claim to October 19, 2021. *See Notice of Continued Hearing with Respect to Two Claims in the Reorganized Debtors' Eighth Securities Claims Omnibus Objection (No Basis for Claim – Failure to Provide Any Trading Information)*, dated August 18, 2021 [Docket No. 11092] (the "**Notice of Continued Hearing**"). Nevertheless, despite multiple attempts to either (i) obtain the requested information or (ii) confirm that the von Buchaus purchased PG&E securities within the Subject Period, the von Buchaus have failed to provide information that establishes a claim based on PG&E securities purchased during the Subject Period. *See generally* Slack Decl., Ex. B.[5]

---

[4] The von Buchau claim is dated May 1, 2020 — nearly one month after the Extended Securities Bar Date (April 16, 2020). This Court has already expunged similar outside-subject-period claims on that basis. *See* Docket Nos. 10584, 10856, 10909, and 11105.

[5] The Reorganized Debtors considered withdrawing the Objection based on lack of trading information as to the von Buchaus and re-objecting to the claim based on failure to assert trades within the subject period. Both because the von Buchaus have not submitted actual trading data (including, for example, date of purchase or the number of shares) and for efficiency purposes, the Reorganized Debtors decided not to expend the time and cost of re-objecting on a different basis and instead decided to go forward with the Objection since it is clear that the claim should be disallowed and expunged in any event.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**ARGUMENT**

The von Buchau Claim should be disallowed and expunged because the von Buchaus failed to provide any transaction-level information. As described in the Objection, as part of the Securities Claims Procedures, the von Buchaus received notice of the Extended Securities Bar Date, as well as a customized proof of claim form for securities claims (the "**Rescission and Damage Proof of Claim Form**"). *See* Obj. § II. Annex A of the Rescission and Damage Proof of Claim Form specifically required the von Buchaus to provide trade-level detail of their transactions of PG&E securities (including the specific security traded, the dates of acquisition and/or sale (where applicable), the amount and cost of the securities, as well as securities held at the beginning and end of the Subject Period). *See id.* The von Buchaus did not provide any of the requested trading information in the Rescission and Damage Proof of Claim Form. *See id.*

Similarly, the von Buchaus did not identify any trades of PG&E securities as part of the Securities Claims Information Procedures. They did not respond to either the Information Request, mailed on March 12, 2021, *see* Obj., Ex. 1., or the Reminder, mailed on May 12, 2021, *see id*, which is why their claim was subject to the Objection. *See* Obj. §§ II–III. As a result of the von Buchaus' failure to respond to the Reorganized Debtors' information requests, as of the time of filing the Objection, the Reorganized Debtors were unable to assess whether the claims are potentially valid or determine the quantum of liability (if any) of the Reorganized Debtors. *See* Obj. § IV.A.

The information that the von Buchaus have provided in their informal response to the Objection did not contain, for example, the specific purchase date or the number of shares traded — all information that would be necessary to assess damages even if they had purchased PG&E securities within the Subject Period. *See* Slack Decl., Ex. B at 4.

In addition, the information provided confirms that their claim should be expunged in any event. Among other things, the von Buchaus alleged that they were gifted shares of PG&E common stock in 1992 — *i.e.*, well before the Subject Period. *See id*. Thus, even if they were able to identify the specific purchase date, or number of shares traded, their claim for damages would be subject to disallowance and expungement. *See* Docket Nos. 10584, 10856, 10909, and 11105.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Additionally, the Reorganized Debtors adjourned the hearing with respect to the von Buchau Claim for nearly two months in order to allow the von Buchaus the further opportunity to provide trading data that establishes a valid claim. *See* Notice of Continued Hr'g. To date, however, the von Buchaus have not provided any information indicating any transactions of PG&E securities, within or outside of the Subject Period. *See generally* Slack Decl., Ex. B.

As set forth in the Objection, the absence of any information establishing that a claimant conducted any trading whatsoever is fatal to a potential claim. *See* Obj. § IV.A. As there is simply no legal or factual basis to conclude that the von Buchaus have securities claims against the Reorganized Debtors, their claim should be disallowed. *See id*.

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court enter an order disallowing and expunging the von Buchau Claim.

Dated: October 12, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
        Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*