KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF KRISTIN JENSEN IN SUPPORT OF REPLY IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS** |
| **Debtors.** | **[Related to Docket No. 10537]** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: October 19, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, Kristin Jensen, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Claims Investigator in the Claims Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reply in Support of Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims* (the "**Reply**"), filed contemporaneously herewith, and in further support of the *Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 10537] (the "**Omnibus Objection**").[1]

2. As part of my job duties, I manage, administer, and monitor third-party claims, investigations, and incidents for final determination of property damage, bodily injury, and business interruption. I oversee department caseload to ensure integrity and regulatory compliance. I develop and present key analysis and reporting to enterprise officers, operations managers, and clients regarding third-party incidents.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E personnel working under and alongside me on this matter, my discussions with the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information. I am familiar with the Claim asserted by the Greens, have spoken with the PG&E personnel and personnel of other contractors involved, and represented PG&E at the mediation held to attempt to resolve the Claim. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

4. Between November 2016 and March 2017, the Utility had a scheduled distribution gas mainline pipe replacement project. On or about November 7, 2016, the work commenced on the street where the Greens reside (2845 Magnolia Street, Oakland, California). PG&E's contractor ARB, Inc.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection or the Reply, as applicable.

("**ARB**") performed the work replacing a distribution gas mainline pipe on the street, and performed some necessary work under a small portion of the Greens' driveway.

5.      In order for the work to be completed, a 3x5 foot section in the corner of the Greens' driveway closest to the street was opened and patched.  ARB followed up and attempted to make the permanent concrete repair to this section; however, the Greens refused to allow the repair to be completed at the time.

6.      The Greens subsequently notified PG&E and ARB personnel that they had multiple cracks in their driveway and garage floor and asserted that it was caused by the ARB's construction work in the street.  PG&E's Claims department investigated the claim and advised the Greens that the cracks that were pointed out by the Greens were pre-existing.  The Greens did not file a formal claim with PG&E's Claims department until February 2019, nearly two and a half years after the construction on their street.

7.      PG&E's Claims department was unable to correlate the Greens' claim of the garage slab cracks to ARB's work, as PG&E and its contractors perform this type of construction work on a consistent basis in residential and commercial areas without causing cracks.  Nevertheless, ARB even offered to make permanent repairs to the claimants' driveway, but they were refused access by the Greens.

8.      Despite requests made by PG&E prior to and in the context of mediation, the Greens have never provided any evidence, either in informal discovery, during mediation, or in their Responses, that shows that their garage floor and driveway did not have any cracks prior to the work commencing in November 2016, or that the cracks they complain of were caused by this work.

9.      Attached here to as **Exhibit A** is a screenshot taken by me from Google Maps of a photo dated from September 2015 that includes the driveway of the Greens' residence at 2845 Magnolia Street, Oakland, California, 94608.

10.     Attached here to as **Exhibit B** is a screenshot taken by me from Google Maps of a photo dated from February 2019 that includes the driveway of the Greens' residence at 2845 Magnolia Street, Oakland, California, 94608.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this 12th day of October, 2021.

*/s/ Kristin Jensen*
Kristin Jensen