| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>       - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**CORRECTED REPLY IN SUPPORT OF REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**<br><br>**[Related to Docket No. 10537]**<br><br>Date:  October 19, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the October 19, 2021, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply brief in support of the *Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims (No Liability / Passthrough Claims)* (the "**Omnibus Objection**")[1] with respect to Proof of Claim No. 80673 filed by Willie & Ora Green (the "**Claim**").

With respect to the Claim, the Reorganized Debtors, by the Omnibus Objection, stated the legal grounds upon which they object to the Claim, and presented facts in support of the Omnibus Objection by way of supporting declaration. Additional support for the Omnibus Objection is provided in this Reply and the declarations of Kristin Jensen and Thomas Rupp filed concurrently herewith (the "**Jensen Declaration**" and the "**Rupp Declaration**"). The Reorganized Debtors having supported the Omnibus Objection by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996).

The Reorganized Debtors submit that they are not liable on the Greens' claim because (i) the Greens have not satisfied their burden of proving that the alleged damage to their driveway and garage floor was caused by the construction work of PG&E or its contractor, (ii) the Greens have not proven the amount of their alleged damages, and (iii) the construction work in question was performed not by PG&E, but a third party contractor.

## II. BACKGROUND

### A. Mediation and Responses

The Reorganized Debtors have already attempted to mediate the Greens' claim. On August 2,

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Seventy-Sixth Omnibus Objection.

2021, an abbreviated mediation was held before Sandra DeLateur. The Claim was not settled as the parties remained too far apart in their positions.

The Greens filed a formal response to the Seventy-Sixth Omnibus Objection on September 20, 2021 [Docket No. 11278] (the "**First Response**") which they supplemented by an additional filing on September 25, 2021 [Docket No. 11355] (the "**Second Response**," and collectively with the First Response, the "**Responses**").[2]

**B.      2016 Construction**

Between November 2016 and March 2017, the Utility had a scheduled distribution gas mainline pipe replacement project. (Jensen Decl. ¶ 4.) On or about November 7, 2016, the work commenced on the street where the Greens reside (2845 Magnolia Street, Oakland, California). (Jensen Decl. ¶ 4.) PG&E's contractor ARB, Inc. ("**ARB**") performed the work replacing a distribution gas mainline pipe on the street, and performed some necessary work under a small portion of the Greens' driveway. (Jensen Decl. ¶ 4.) In order for the work to be completed, a 3x5 foot section in the corner of the Greens' driveway closest to the street was opened and patched.[3] (Jensen Decl. ¶ 5.) ARB followed up and attempted to make the permanent concrete repair to this section; however, the Greens refused to allow the repair to be completed at the time. (Jensen Decl. ¶ 5.)

The Greens subsequently notified PG&E and ARB personnel that they had multiple cracks in their driveway and garage floor and asserted that it was caused by the ARB's construction work in the

---

[2] The Reorganized Debtors had previously objected to the Claim on a statute of limitations basis in the *Reorganized Debtors' Forty-Third Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 9462]. This previous objection was withdrawn on March 12, 2021 [Docket No. 10401]. A duplicate claim of the Greens, No. 80659, was objected to and expunged by the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifth Omnibus Objection to Claims (Duplicate Claims)*, entered on September 20, 2020 [Docket No. 9088].

[3] On file with the California Public Utilities Commission ("**CPUC**") are certain rules and regulations pertaining to services rendered by Pacific Gas and Electric Company. These rules and regulations have been approved by the CPUC; they govern both PG&E and its customers and have the force and effect of law. These rules can be found at www.pge.com/tariffs. Gas Tariff Rule 16 gives PG&E a right of access to the property of customers to whom PG&E provides gas service. The rule states, "PG&E shall at all times have the right to enter and leave Applicant's Premises for any purpose connected with the furnishing of gas service (meter reading, inspection, testing, routine repairs, replacement, maintenance, emergency work, etc.) and the exercise of any and all rights secured to it by law, or under PG&E's tariff schedules. These rights include but are not limited to . . . Unobstructed ready access for PG&E's vehicles and equipment to install, remove, repair, or maintain its facilities."

street. (Jensen Decl. ¶ 6.) PG&E's Claims department investigated the claim and advised the Greens that the cracks that were pointed out by the Greens were pre-existing. (Jensen Decl. ¶ 6.) The Greens did not file a formal claim with PG&E's Claims department until February 2019, nearly two and a half years after the construction on their street. (Jensen Decl. ¶ 6.) The Greens have never explained this delay.

### III. ARGUMENT

#### A. The Greens Have Failed to Satisfy Their Burden that They Were Damaged, Or that Their Damages Were Caused by the November 2016 Work

##### 1. The "Investigation Report" Should Be Stricken

As proof that PG&E caused damage to their property, the Greens rely on an "Investigation Report" (the "**Alleged Report**") submitted with their First Response, dated August 10, 2019, nearly three years after the alleged damage to their driveway (First Response, pp. 12-16). The Alleged Report lists "Matthew T. Kisak, P.E." as the "Lead Investigator" and "R Sinclair Group, LLC" as the "Consultant." Notably, the Alleged Report is not submitted under a separate declaration by its author authenticating it, and the Alleged Report is unsigned and without any letterhead or contact information indicating authorship.

The Alleged Report is incoherent and conclusory. The $30,877 property damage figure in the Alleged Report exactly matches the amount in the invoice attached to the Proof of Claim. Its subject matter wanders from speculation as to the supervision of PG&E's contractors to hypotheticals about semi-trucks on concrete. It references incorrect dates. It contains numerous typographical and formatting errors and falls far short of any reasonable professional standard.

More importantly, its analysis appears to be plagiarized from Internet sources. (First Response, p. 15). Specifically, the speculation regarding analysis involving tractor trailers in the first few paragraphs of page 15 of the First Response appears to be copied directly from two separate posts in a Quora thread on concrete. (Rupp Decl., Ex. A.) Lower on the same page, nearly the entire first paragraph in the section headed "Geotechnical – Vibration Analysis" is copied from a 2008 report on soil and structure vibrations. (Rupp Decl., Ex. B.) The next heading of the article "SOURCES OF CONSTRUCTION AND INDUSTRIAL VIBRATIONS" was even copied directly into the Alleged

Report unchanged.

As it is without authentication, the Alleged Report is inadmissible hearsay, and should be stricken. FRE 801 *et seq*. If the Greens are to rely on the Alleged Report in support of their Claim, the Reorganized Debtors reserve all rights with respect to challenging the Alleged Report or the expert who prepared it. FRE 701 *et seq*. Without the Alleged Report, the Greens have failed to satisfy their burden to show that PG&E or its contractors caused the alleged damage to the Greens' property.

**2.    The Greens Have Not Provided Evidence to Show Their Damages**

The First Response does not include any photographs of the driveway, and the Second Response includes a handful of photos that show minimal cracking that appear to be customary for any driveway of a certain age. The photos themselves are insufficient to show that the cracking was caused by the work done by PG&E's contractor in the street or on the driveway. The Greens do not include any photos of their driveway prior to November 2016. Attached as Exhibit A to the Jensen Declaration is a Google Maps photo of the front of the Property dated September 2015, before the work took place in November 2016. (Jensen Decl., Ex. A.) Cracks on the driveway and approach from the sidewalk are visible. Attached as Exhibit B to the Jensen Declaration is a Google photo dated February 2019. (Jensen Decl., Ex. B.) But for the 3x5 section of asphalt in the lower-left hand corner of the driveway (when facing the Property from the street), the driveway looks substantially similar to the September 2015 photo.

PG&E's Claims department was unable to correlate the Greens' claim of the garage slab cracks to ARB's work, as PG&E and its contractors perform this type of construction work on a consistent basis in residential and commercial areas without causing cracks. (Jensen Decl. ¶ 7.)

Despite requests made by PG&E prior to and in the context of mediation, the Greens have never provided any evidence, either in informal discovery, during mediation, or in their Responses, that shows that their garage floor and driveway did not have any cracks prior to the work commencing in November 2016, or that the cracks they complain of were caused by this work. (Jensen Decl. ¶ 8.) Having failed to prove damages caused by PG&E or its contractors, the Greens' claim should be disallowed.

### B. The Amount of Damages Alleged by the Greens is Inconsistent

Pages 9 and 11 of the First Response show an e-mail from Ergeon, a fence and driveway installer, to the Greens, as well as quotes for replacement of the driveway and garage floors. The quote from Ergeon is less than half of the estimate attached to the Proof of Claim. The Ergeon quote for demolition of an existing driveway and construction of a new 594 square foot driveway is $8,264. The estimate in the Proof of Claim was for at least $19,272, for demolition and construction of an 854 square foot driveway, not including $1,250 for storage of garage items and additional unexplained charges for "structural damage" and a "consultant fee." The Greens have not provided credible, consistent evidence to prove the amount of their damages.

### C. The Construction That Allegedly Caused the Damages Was Not Performed By the Debtors

When the Greens submitted their Claim to the PG&E Claims Department in early 2019, they were informed that the work in question had been performed by ARB and that they should follow up with ARB to discuss their concerns. (Second Response, p. 3.) It is not apparent whether the Greens have ever inquired with ARB as to their alleged damages. PG&E understands that ARB offered to make permanent repairs to the claimants' driveway, but they were refused access by the Greens. (Jensen Decl. ¶ 7.)

The common law rule and general principle is that a party that hires an independent contractor is not liable for the torts of that contractor. *See generally Snyder v. S. Cal. Edison Co.*, 44 Cal. 2d 793, 797 (1955); *J.L. v. Children's Inst., Inc.*, 177 Cal. App. 4th 388, 400 (2009); Restat. 2d of Torts § 409. Although there a number of exceptions to this general rule, none have been argued by the Greens here. The Greens must allege both a cognizable claim against the independent contractor and a theory of liability for why the Debtors can be held vicariously liable for the independent contractor's alleged tortious acts. *See Resendiz v. Cty. of Monterey*, No. 14-CV-05495-LHK, 2015 U.S. Dist. LEXIS 86034, at *21 n.4 (N.D. Cal. June 30, 2015).

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Omnibus Objection and the declarations filed in support of the Omnibus Objection, the Reorganized Debtors respectfully request that the Court sustain the Omnibus Objection and disallow and expunge the Claim.

Dated: October 12, 2021

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*