1  **KELLER BENVENUTTI KIM LLP**
   Tobias S. Keller (#151445)
2  (tkeller@kbkllp.com)
   Jane Kim (#298192)
3  (jkim@kbkllp.com)
   David A. Taylor (#247433)
4  (dtaylor@kbkllp.com)
   650 California Street, Suite 1900
5  San Francisco, CA 94108
   Tel: 415 496 6723
6  Fax: 650 636 9251

7  *Attorneys for Debtors and Reorganized*
   *Debtors*

8

9
                    **UNITED STATES BANKRUPTCY COURT**
10                   **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
11

12 | In re: | Case No. 19-30088 (DM) |
   | | Chapter 11 |
13 | **PG&E CORPORATION,** | (Lead Case) |
   | | (Jointly Administered) |
14 | - and - | |
   | | **STIPULATION MODIFYING PLAN** |
15 | **PACIFIC GAS AND ELECTRIC COMPANY,** | **INJUNCTION (PETER A. LOPEZ** |
   | | **AND MICHAEL A. LOPEZ, JR.)** |
16 | **Debtors.** | |
   | | [No Hearing Requested] |
17 | ☐ Affects PG&E Corporation | |
   | ☐ Affects Pacific Gas and Electric Company | |
18 | ☑ Affects both Debtors | |
   | | |
19 | * *All papers shall be filed in the Lead Case,* | |
   | *No. 19-30088 (DM).* | |

20

21

22

23

24

25

26

27

28

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Peter A. Lopez and Michael A. Lopez Jr. (collectively, "**Plaintiffs**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on behalf of themselves and all others similarly situated, on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) solely to permit the Parties to seek approval of the Class Action Settlement Agreement (as defined below) in the San Francisco County Superior Court (the "**State Court**") in the case titled *Peter A. Lopez and Michael A. Lopez, Jr., individually, and on behalf of others similarly situated v. Pacific Gas and Electric Company, et al.*, Case No. CGC-17-562970 (the "**State Court Action**").  The Parties hereby stipulate and agree as follows:

### RECITALS

A.     On December 11, 2017, Plaintiffs filed the State Court Action in the State Court as a putative class action on behalf of all PG&E non-exempt Work and Resource (W&R) Electrical Service Dispatch Operators, W&R Gas Service Dispatch Operators, W&R Metering Service Dispatch Operators, and associated Dispatcher-in-Training Classifications who worked one or more shifts greater than 3.5 hours in length during the Class Period (as defined in the Class Action Settlement Agreement).

B.     On October 1, 2018, the Parties entered into the Joint Stipulation and Class Action Settlement Agreement (the "**Class Action Settlement Agreement**").

C.     On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

D.     Prior to the Petition Date, the State Court granted preliminary approval to the Class Action Settlement agreement by order dated December 4, 2018.  The final approval hearing was

set for April 8, 2019, but the State Court Action was stayed as a result of the automatic stay before the Class Action Settlement Agreement could be finally approved by the State Court.

E. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims. The Original Bar Date was later extended for certain claims that are not relevant or applicable to the Parties or this Agreement.

F. On October 10, 2019, Plaintiffs timely filed a proof of claim against the Utility for $350,000 [Claim No. 17484] (the "**Proof of Claim**").

G. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

H. Section 4.23 of the Plan provides that: "each holder of an Allowed Utility General Unsecured Claim shall receive Cash in an amount equal to such holder's Allowed Utility General Unsecured Claim. The Allowed amount of any Utility General Unsecured Claim shall reflect all interest accrued from the Petition Date through the date of distribution at the Federal Judgment Rate."

I. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order or the Plan (as defined below), as applicable.

Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

J.      The Parties hereto desire to modify the Plan Injunction solely in order that the Parties may seek final approval of the Class Action Settlement Agreement in the State Court Action.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1.      Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, to the extent necessary, solely to permit the Parties to seek final approval of the Class Action Settlement Agreement in the State Court Action and to take all actions necessary in connection with obtaining such approval.

2.      Upon the date of the entry of an order approving this Stipulation, the Stipulation shall be deemed an objection by the Reorganized Debtors to the Proof of Claim, and the Proof of Claim shall be considered a Disputed Claim.  The Proof of Claim shall be deemed an Allowed Claim, recoverable solely as a Utility General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases, on the earlier of the date on which an order and judgment of the State Court approving the Class Action Settlement Agreement on a final basis in the State Court become final and non-appealable or all appeals from such judgment have been concluded.

3.      Nothing herein is intended, nor shall it be construed, to be:

a.      a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proof of Claim or any portion of the underlying claim in the event the Class Action Settlement Agreement is not approved on a final basis in the State Court Action, or

b.      a waiver by Plaintiffs of their rights to oppose any asserted challenge to any Proof of Claim, or

c.      a waiver by any Party of any claim or defense in the State Court Action.

4.       For purposes of conduct of the State Court Action, the Parties through their counsel may enter into other stipulations in or with regard to the State Court Action, including without limitation stipulations relating to discovery matters, motion practice, the form or presentation of evidence, or the conduct of the trial. Such stipulations shall be enforceable by the State Court (not the Bankruptcy Court) in accordance with statutes, rules and procedures applicable to the State Court Action.

5.       In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings

6.       The Stipulation shall be binding on the Parties and each of their successors in interest.

7.       The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

8.       The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*[Signatures on Next Page]*

1

2

3  Dated: October 13, 2021                          Dated: October 13, 2021

4  KELLER BENVENUTTI KIM LLP                        COHELAN KHOURY & SINGER

5  */s/ Jane Kim*                                   */s/ Isam C. Khoury*
   _____                         _____
6  Jane Kim                                         Isam C. Khoury

7  *Attorneys for Debtors*                          *Attorneys for Peter A. Lopez and Michael*
   *and Reorganized Debtors*                        *A. Lopez Jr.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28