**Entered on Docket
October 14, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

Signed and Filed: October 14, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

   - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

   Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION MODIFYING PLAN INJUNCTION (PETER A. LOPEZ AND MICHAEL A. LOPEZ, JR.)**

The Court having considered the *Stipulation Modifying Plan Injunction (Peter A. Lopez and Michael A. Lopez, Jr.)*, dated October 13, 2021 [Dkt. No. 11412] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Peter A. Lopez and Michael A. Lopez Jr. (collectively, "**Plaintiffs**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on behalf of themselves and all others similarly situated, on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Upon the date of the entry of this Order, the Plan Injunction shall be modified, to the extent necessary, solely to permit the Parties to seek final approval of the Class Action Settlement Agreement in the State Court Action and to take all actions necessary in connection with obtaining such approval.

3. Upon the date of the entry of this Order, the Stipulation shall be deemed an objection by the Reorganized Debtors to the Proof of Claim, and the Proof of Claim shall be considered a Disputed Claim. The Proof of Claim shall be deemed an Allowed Claim, recoverable solely as a Utility General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases, on the earlier of the date on which an order and judgment of the State Court approving the Class Action Settlement Agreement on a final basis in the State Court become final and non-appealable or all appeals from such judgment have been concluded.

4. Nothing in the Stipulation or this Order is intended, nor shall it be construed, to be:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

        a.     a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proof of Claim or any portion of the underlying claim in the event the Class Action Settlement Agreement is not approved on a final basis in the State Court Action, or

        b.     a waiver by Plaintiffs of their rights to oppose any asserted challenge to any Proof of Claim, or

        c.     a waiver by any Party of any claim or defense in the State Court Action.

5. For purposes of conduct of the State Court Action, the Parties through their counsel may enter into other stipulations in or with regard to the State Court Action, including without limitation stipulations relating to discovery matters, motion practice, the form or presentation of evidence, or the conduct of the trial. Such stipulations shall be enforceable by the State Court (not the Bankruptcy Court) in accordance with statutes, rules and procedures applicable to the State Court Action.

6. The Stipulation shall be binding on the Parties and each of their successors in interest.

7. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

/ / /

APPROVED AS TO FORM AND CONTENT:

Dated: October 13, 2021

COHELAN KHOURY & SINGER

*/s/ Isam C. Khoury*
Isam C. Khoury

*Attorneys for Peter A. Lopez and Michael A. Lopez Jr.*