| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | Jennifer L. Dodge (#195321)<br>LAW OFFICES OF JENNIFER L. DODGE INC.<br>(jdodgelaw@jenniferdodgelaw.com)<br>2512 Artesia Blvd., Suite 300D<br>Redondo Beach, California 90278<br>Tel: (310) 372.3344<br>Fax: (310) 861.8044 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIM NOS. 76018 AND 78381 (GREENBERG CLAIMS)**<br><br>**Response Deadline:**<br>November 9, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: November 23, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO:** (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this One Hundred Tenth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

**I.    JURISDICTION**

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**II.    BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in

the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.    RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"),

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

seeking entry of an order disallowing and expunging Proofs of Claim filed by Todd Greenberg ("**Greenberg**"), for which the Reorganized Debtors are not liable (the "**Greenberg Claims**").

The Greenberg Claims are identified in the column headed "Claims To Be Disallowed and Expunged" in **Exhibit 1**. Greenberg's Proofs of Claim (Claim Nos. 76018 and 78381) seek $299,228.89 and $209,694.09, respectively, for alleged property and redwood tree damage related to a gas service line retrofit and meter replacement project at his residence in Fairfax, California.[2] The Reorganized Debtors mediated all three Proofs of Claim filed by Greenberg before Timothy J. Corcoran, Esq. on July 22, 2021; however, the claims were not resolved at mediation.

### A. 47 Bolinas Road, Fairfax, California – the "Property"

The two claims at issue relate to real property located at 47 Bolinas Road, Fairfax, California (the "**Property**"). The Reorganized Debtors are not certain whether Greenberg or his father Roger owned the Property during the relevant time period; however, for purposes of this Objection, PG&E is not disputing Greenberg's standing to bring claims regarding the Property.

### B. Gas Line Retrofit Installation and Meter Relocation Project at the Property

Proof of Claim Nos. 76018 and 78381 relate to a gas service line retrofit and meter relocation project that was completed at the Property in August 2018 and October 2019. The original cost estimate for the project was $39,596. *See* Declaration of Mark Condon ("**Condon Declaration**"), ¶ 3, submitted in support of this Objection and filed contemporaneously herewith. The Property consists of a front cement driveway visible from the street; behind the driveway is a wood deck, and a house is behind the deck, in the configuration set forth below:

```
              |                  |                |
STREET   |  DRIVEWAY     |     DECK      |    HOUSE
              |                  |                |
```

---

[2] Greenberg filed another claim in the bankruptcy proceeding, Proof of Claim No. 77335. That claim is not related to the two claims addressed here. A Further Objection to that claim has already been filed and the Reorganized Debtors have requested a single evidentiary hearing on all three claims. *See Reorganized Debtors' Further Objection to Claim No. 77335 (Todd Greenberg) and Request to Schedule One Evidentiary Hearing for Three Claims Filed By Claimant Todd Greenberg* filed on July 29, 2021 [Docket No. 10995].

The original gas line on the Property was installed in 1935 and later a sewer line was installed above the gas line along the left side of the Property. The new gas service could not be installed in the same location because it would not allow the required three feet of clearance from the sewer line. Condon Decl., ¶ 4. PG&E proposed running the gas service line down the middle of the driveway and then doglegging the line back to the left side of the house where the line was originally located. Greenberg refused to consent to this design because he claimed that a commercial building was going to be constructed on the driveway site; however, no building to date has been constructed in this location. Condon Decl., ¶ 5. Other options, including relocating the meter to a property line set next to the adjacent building before the redwood trees and the house line running above ground to the tie-in location (which would have avoided any potential conflict with the tree roots), were offered by PG&E but rejected by Greenberg. Finally, the only remaining feasible option was implemented, with the new gas line from the street to the meter installed in an approximately one-foot wide section to the right of the driveway, next to two redwood trees on the Property. Condon Decl., ¶ 6.

The gas line installation from the street to the meter was performed by Teichert Pipelines, a contractor of PG&E, via open hand-dug trenching and completed in August 2018. No portion of Greenberg's driveway was damaged during this work. Condon Decl., ¶ 7. Photographs taken by a compliance inspector in August 2018 during the trenching performed by Teichert show the area where the gas line was installed – to the right of the driveway – and establish that the driveway was not impacted by this work. *See* Declaration of Kenneth Villarreal ("**Villarreal Declaration**"), ¶¶ 3-4, submitted in support of this Objection and filed contemporaneously herewith.

Images and photographs of the Property prior to any work being performed show that the existing cement driveway was cracked and in poor condition. Condon Decl., ¶ 8, Ex. A. Images dated March 2020 – after all project work was completed – show the same cracks and poor condition of the driveway. *See* Exhibit A to the Declaration of Jennifer L. Dodge ("**Dodge Declaration**"), ¶ 3, submitted in support of this Objection and filed contemporaneously herewith. Images dated March 2021 show that the sidewalk and front portion of the driveway was restored/replaced, apparently at some point in time between March 2020 and March 2021. Dodge Decl., ¶ 4, Ex. B.

The next phase of the project involved installation of the gas house line from the meter to the tie-in location which would run underneath the deck on the Property. Condon Decl., ¶ 9. Teichert was scheduled to perform this work; however, Greenberg refused access to the Property, claiming that PG&E and Teichert did not have permission to proceed because of alleged damage caused by the prior work and alleged failure to obtain required permits regarding survey monuments. Greenberg further threatened that Teichert would be responsible for $100,000 in damages to reconstruct the deck if it was touched. Teichert terminated its involvement with the project at this time. Condon Decl., ¶ 9.

Based upon Greenberg's allegations, PG&E spent $3,924 for a survey to confirm the monuments regarding the Property, which was performed on November 21, 2018. Condon Decl., ¶ 10, Ex. B.

ARB, another PG&E contractor, subsequently performed the install of the gas lines from the meter to the house underneath the deck in October 2019. *See* Declaration of Robert Bernasconi ("**Bernasconi Declaration**") submitted in support of this Objection and filed contemporaneously herewith. Before beginning work, ARB noted that the existing deck was in poor condition and showed evidence of damage from tree roots. Bernasconi Decl., ¶ 3. However, given Greenberg's previous threat, PG&E expended additional time and money in order to prevent any contact with or damage to the deck on the Property by having ARB utilize a method called "dry bore" to install the gas lines, in lieu of open trenching. Bernasconi Decl., ¶ 4; Condon Decl., ¶ 11. This method involved ARB digging a hole 40 inches deep (rather than the required 18-24 inches) behind the gate at the rear of the driveway and in front of the deck in order to avoid any contact with the deck and/or tree roots underneath the deck. Bernasconi Decl., ¶ 4. ARB dug another 40-inch deep hole near the right side of the house, and a "piercing tool" (similar to a pneumatic missile) was then deployed at the 40-inch depth in order to install the gas lines. Bernasconi Decl., ¶ 5. The gas lines were installed successfully, and the deck was neither contacted nor damaged during the course of this work. Bernasconi Decl., ¶ 6. In fact, Greenberg praised the work done by the ARB employees, telling them that they had done a "great job." Bernasconi Decl., ¶ 7. True and correct copies of photographs taken in October 2019 during ARB's work at the Property are attached as Exhibit A to the Bernasconi Declaration.

As above, the original estimate for this gas line retrofit and meter relocation project was $39,596; however, the actual cost totaled $220,234.38, an increase of more than $180,000 directly attributable to Greenberg's additional demands described above. PG&E footed the bill for these increased costs. Condon Decl., ¶ 11.

### C. Proof of Claim No. 76018 – Property Restoration

Greenberg claims that PG&E and its contractors, Teichert Pipelines and ARB, caused damage to the Property during the initial install of the gas line from the street to the meter and subsequently from the meter to the house. Greenberg seeks damages of $299,228.89 consisting of the following: (1) Driveway Repair/Replacement – $66,361.10; (2) Repair/Replacement of Deck – $107,450; (3) Monument survey – $30,000; (4) Street light repair – $15,000; (5) Temporary parking costs - $100; (6) Loss of use of the driveway – $3,000; (7) General contractor charges to date – $1,512.79; (8) Gas pipe painting and removal costs – $525; (9) Cleanup costs from animal defecation in non-restored area for one year – $730; (10) Time required to interact with PG&E – $8,000; (11) Lost rent while waiting for completion of construction at $3,025/month for 13 months since October 2018 – $39,325; and (12) Anticipated 9 months lost rent waiting for restoration of area – $27,225.

### D. Proof of Claim No. 78381 – Redwood Trees

Greenberg claims that Teichert Pipelines cut the roots of two redwood trees located on the right side of the driveway when it installed the gas line from the street to the meter on the Property. Greenberg seeks damages of $209,694.09, consisting of $195,015.80 in negative property value *if* the trees were to die, plus $14,678.29 in damages for an arborist report and quarterly observation and review of tree health for three years, aeration of the soil to allow new root growth, addition of a water line and drip irrigation for the trees, and three years of increased water usage for the trees.

PG&E engaged an experienced arborist to evaluate the condition of the redwood trees on the Property in July 2021. *See* Declaration of Dendro M. Corvid ("**Corvid Declaration**"), ¶ 3, submitted in support of this Objection and filed contemporaneously herewith. Counsel for Greenberg refused permission for the arborist to enter onto the Property in order to visually inspect the trees. Corvid Decl., ¶ 4. However, the arborist was able to visually evaluate the condition of the trees from the sidewalk in front of the Property and issued a report concluding that the trees are in good health, even

in this exceptionally drought-ridden year. A true and correct copy of the report is attached as Exhibit A to the Corvid Declaration. Photographic images of the redwood trees in July 2021 – subsequent to the completion of the gas retrofit project work in 2018 and 2019 – show that the trees are very much alive. Corvid Decl., ¶ 5, Ex. A.

## IV. ARGUMENT

### A. The Greenberg Claims Should be Disallowed and Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the Greenberg Claims identified on **Exhibit 1** and have determined that each represents a Proof of Claim for which the Reorganized Debtors are not liable. There is only one claimant, Greenberg, and both claim numbers and amounts are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to Greenberg as the holder of the Greenberg Claims.

### A. Claim No. 76018: There is No Merit to Greenberg's Damage Claims Related to the Gas Line Retrofit and Meter Relocation Project.

There is no basis for any liability against PG&E with regard to Claim No. 76018. First, Greenberg has presented no evidence to demonstrate that work performed by PG&E or its contractors caused any damage to the driveway on the Property. The trench dug by Teichert Pipelines to the right of the driveway did not affect the driveway. Condon Decl., ¶¶ 7-8. Images from May 2011 and photographs taken before any work was done on the Property show that the driveway was cracked and in poor condition prior to the gas line install from the street to the meter and remained in the same condition after the work was finished. Condon Decl., ¶ 8, Ex. A; Dodge Decl., ¶¶ 3-4, Exs. A and B.

Similarly, there is no basis for Greenberg's $107,450 damage claim to replace the wood deck on the Property. Neither PG&E nor any of its contractors, including ARB, touched the deck. As described above, PG&E and ARB expended extra time, money and effort to ensure that the install of gas lines from the meter to the house on the Property did not involve any contact with the deck and/or tree roots underneath the deck on the Property. Bernasconi Decl., ¶ 6; Condon Decl., ¶ 11. In fact, Greenberg even complimented ARB on what a good job they had done on the installation. Bernasconi Decl., ¶ 7.

Greenberg's $30,000 claim for a formal survey likewise fails. Greenberg has presented no evidence that PG&E and/or its contractors moved or disturbed any survey monuments during the project. This claim is predicated upon Greenberg's erroneous assumption that the deck and fence would have to be removed and replaced in order to install the gas lines from the meter to the house. As described above, there was no contact with the deck during the project. Bernasconi Decl., ¶ 6. Regardless, PG&E spent $3,924 for land surveying services to address Greenberg's complaints and confirm the survey monuments concerning the Property. Condon Decl., ¶ 10. There is no basis for this claim.

Greenberg seeks $15,000 in damages to repair a leaning streetlight on Bolinas Road in front of the Property. Once again, this claim lacks merit. First, the images and photographs show that the streetlight is in the same position and at the same angle both before and after the project. Condon Decl., ¶ 8, Ex. A; Dodge Decl., ¶¶ 3-4, Exs. A and B. More importantly, the streetlight is located on the sidewalk; Greenberg does not own the streetlight and thus lacks standing to assert a claim for any (unnecessary) repair.

No evidence has been presented by Greenberg to support his $3,000 claim for loss of use of the driveway or $100 claim for temporary parking costs, as he has produced no documentation to show that he had to pay to park elsewhere during the project. Moreover, PG&E is not liable for any general contractor charges incurred by Greenberg, as it was Greenberg's own decision to consult with a general contractor.

Greenberg's claims for gas pipe painting and removal costs make no sense and lack proof, as does his claim for cleanup costs for animal defecation. Finally, Greenberg has presented no evidence

of lost rent from October 2018 or in the future. Even if he had, Greenberg would only have himself to blame for lost rents, as he was the one who continually delayed completion of the job with his unreasonable demands, commands to stop work, and unsubstantiated claims. Greenberg's claim to be compensated for his time interacting with PG&E finds no basis in the law and, again, is simply of his own making.

### B. Claim No. 78381: The Redwood Trees are Alive and Thriving, and Speculative Damages Are Not Recoverable.

There is absolutely no basis for liability against PG&E with regard to Claim No. 78381. Initially, it is imperative to emphasize that Greenberg refused to consent to PG&E's original proposal to relocate the gas line down the center of the driveway, which would have avoided any potential issue with the two redwood trees located on the right side of the Property. Condon Decl., ¶ 5. Instead, Greenberg insisted that the line be relocated to the right side of the driveway on the Property next to the redwood trees, stating that a commercial building would be constructed on the driveway site. No building has been built on the driveway site to date. Condon Decl., ¶ 6.

Pursuant to Gas Rule 16(D)(1)(a)(1)[3], Greenberg was required to provide a route on the Property that is clear of obstructions which would inhibit the construction of a gas line service extension. Dodge Decl., ¶ 5, Ex. C. Rather than complying with his mandated obligation, Greenberg continually refused to consent to the multiple designs proposed by PG&E and finally reluctantly acceded to the location where the gas line was ultimately installed. Any issues with the tree roots would thus fall squarely upon Greenberg's shoulders, as his refusals left no alternative but to relocate the gas line next to the trees. It is disingenuous for Greenberg to force PG&E into a specific location and then subsequently blame PG&E for his choices.

Moreover, Greenberg cannot recover damages based on pure conjecture. The purported diminution in property value of $195,015.80 <u>if</u> the trees were to die is entirely speculative in nature. It is well-settled law that speculative damages are not recoverable. *See Piscitelli v. Friedenberg*, 87 Cal.

---

[3] On file with the California Public Utilities Commission ("**CPUC**") are certain rules and regulations pertaining to services rendered by Pacific Gas and Electric Company. These rules and regulations have been approved by the CPUC; they govern both PG&E and its customers and have the force and effect of law. These rules can be found at www.pge.com/tariffs.

App. 4th 961, 989 (2001) (citations omitted). Moreover, this claim is soundly defeated by the current condition of the trees, which are alive and thriving as of July 2021. Corvid Decl., ¶ 5, Ex. A. The claimed damages for an arborist report and increased irrigation are likewise not recoverable. Greenberg's unreasonable refusals regarding the relocation of the line and any costs attributable to those refusals are his responsibility, not PG&E's.

For the reasons set forth herein, the Greenberg Claims identified on **Exhibit 1** should be disallowed and expunged.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[4] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

---

[4] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, [Docket No. 10494] except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, and further extended for certain Claims by stipulation and order [Docket Nos. 11322 and 11336]. The deadlines with respect to Claims of the United States have been further extended three times by stipulation and order [Docket Nos. 10459, 10463, 10983, 10986, 11349, and 11359].

As set forth above, the Greenberg Claims assert amounts for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety. If Greenberg believes that his claims are valid, he must present affirmative evidence demonstrating the validity of his claims. As set forth herein, Greenberg has not and cannot do so.

## V.    RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Greenberg Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI.   NOTICE

Notice of this Objection will be provided to (i) Greenberg, as the holder of the Greenberg Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| October 14, 2021 | **KELLER BENVENUTTI KIM LLP** |
| | **LAW OFFICES OF JENNIFER L. DODGE INC.** |
| | By: /s/ *Jennifer L. Dodge* |
| | Jennifer L. Dodge |
| | *Attorneys for Debtors and Reorganized Debtors* |