KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (GOVERNMENTAL UNIT COMBINED CLAIMS)**<br><br>**Response Deadline:**<br>November 9, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: November 23, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Eleventh Omnibus Objection (the "**Objection**") to the claims identified in the column headed "Claims To Be Reduced, Expunged or Disallowed" on **Exhibit 1** annexed hereto (the "**Governmental Unit Combined Claims**").

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III.  RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging, or, where applicable, allowing in reduced amounts, the claims as further described below.

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

## IV.     ARGUMENT

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records."  Omnibus Objections Procedures Order, ¶ 2(C)(i).  Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers.

Each of the Claimants on **Exhibit 1** is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e).  Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Governmental Unit Combined Claims, as defined and described below.

### A.     The Governmental Unit Combined Claims Should be Disallowed and Expunged or Allowed in the Reduced Claim Amount

Each of the Governmental Unit Combined Claims identified on **Exhibit 1** asserts a combination of one or more separate rights to payment.  As further described below, the Reorganized Debtors have determined that the Governmental Unit Combined Claims assert liabilities that, (i) pass through these Chapter 11 Cases pursuant to the Plan, (ii) are amounts for which the Debtors are not liable, (iii) have been satisfied pursuant to the Plan, and/or (iv) assert liabilities for which the Reorganized Debtors have determined, based on a review of their books and records, that they are not liable.  Accordingly, the Reorganized Debtors are seeking to: (a) reduce the filed claims to the amounts for which they are liable based on their current books and records, and (b) disallow and/or expunge the asserted claim amounts: (x) for which the Reorganized Debtors are not liable, (y) which have been satisfied pursuant to the Plan, or (z) which pass through the Chapter 11 Cases.  The categories of claims described below that are asserted by each Governmental Unit Combined Claim are identified in the column titled "Applicable Basis for Objection" in **Exhibit 2** attached hereto.

## B. Certain Environmental and Post-Petition Claims Pass Through These Chapter 11 Cases

Certain specific liabilities described in the Governmental Unit Combined Claims would pass through these Chapter 11 Cases pursuant to the Plan ("**Passthrough Claims**"), and any order reducing or disallowing and expunging the Governmental Unit Combined Claims shall be without prejudice to the claims therein that would be Passthrough Claims.

"Plan Passthrough Environmental Claims." Certain of the Governmental Unit Combined Claims assert Claims which would have been designated under the Plan as "**HoldCo Environmental Claims**" or "**Utility Environmental Claims**" (together, the "**Plan Passthrough Environmental Claims**") that, in accordance with the confirmed Plan, ride through the Chapter 11 Cases unimpaired and the holders of such claims may continue to pursue their claims against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced.

Specifically, the Plan defines Environmental Claims as "any Claim under any Environmental Law[2]; provided, however, that Environmental Claims shall not include (x) any Claim for personal injury (including, but not limited to, sickness, disease or death) or (y) any Fire Claim." Plan § 1.62. HoldCo Environmental Claims are any Environmental Claim against PG&E Corp. and Utility Environmental Claims are any Environmental Claims against the Utility. Plan §§ 1.98 and 1.217. Section 4.10 of the Plan provides that "[o]n and after the Effective Date, each holder of a HoldCo Environmental Claim shall be entitled to pursue its Claim against Reorganized HoldCo as if the Chapter 11 Cases had not been commenced, and each Environmental Performance Obligation[3] against HoldCo shall also survive the Effective Date as if the Chapter 11 Cases had not been commenced." Section 4.30 provides the same

---

[2] Pursuant to Section 1.63 of the Plan, "**Environmental Law**" means all federal, state and local statutes, regulations, ordinances and similar provisions having the force or effect of law, all judicial and administrative judgments, orders, agreements, permits, licenses, tariffs, determinations, and all common law, in each case concerning, in whole or in part, pollution, hazardous substances or waste, water quality, conservation or other protection of the environment, human health, safety, and welfare.

[3] Pursuant to Section 1.64 of the Plan, "**Environmental Performance Obligation**" means an obligation or requirement arising from any consent decree, permit, license, tariff, Cause of Action, agreement, injunction, cleanup and abatement order, cease and desist order, or any other administrative or judicial judgment, order or decree under any Environmental Law that is not a Claim and does not arise from any Fire.

treatment for Utility Environmental Claims.

Accordingly, as the Plan Passthrough Environmental Claims are unimpaired and are to be resolved in the ordinary course as if the Chapter 11 Cases had not been commenced, there is nothing for this Court to resolve with respect to any such claims that are part of the Governmental Unit Combined Claims and, therefore, any Governmental Unit Combined Claim that contains Plan Passthrough Environmental Claims should be expunged with respect to such Plan Passthrough Environmental Claims. For the avoidance of doubt, nothing in this Objection shall alter the unimpaired status under the Plan of any Plan Passthrough Environmental Claims or alter or impair the ability of any holder of a Plan Passthrough Environmental Claim to pursue such claim in the ordinary course against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced.

"<u>Post-Petition Claims</u>." Certain of the Governmental Unit Combined Claims assert Claims for amounts that arose after the Petition Date and, thus, do not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such claims, and the corresponding Governmental Unit Combined Claims should be expunged with respect to such Post-Petition Claims, and the asserted claims may be resolved in the ordinary course of business.

"<u>PSPS Claims</u>." Certain of the Governmental Unit Combined Claims assert liquidated amounts and/or contingent and unliquidated amounts for damages related to the Debtors' de-energization of power lines arising out of or relating to the Public Safety Power Shutoff ("**PSPS**") program, which aims to reduce wildfire risks. Each Governmental Unit Combined Claim asserting such liabilities describes them as post-petition or administrative claims. The asserted liabilities connected with the PSPS program are Post-Petition Claims. Accordingly, there is nothing for this Court to resolve with respect to any such PSPS Claims, and the asserted claims may be resolved in the ordinary course of business outside of these Chapter 11 Cases. Therefore, the corresponding Governmental Unit Combined Claims should be

expunged with respect to such PSPS Claims. The Reorganized Debtors hereby expressly reserve all of their rights, claims, arguments, and defenses with respect to the PSPS Claims.

### C. The Debtors Have No Liability to Holders of the Governmental Unit Combined Claims for Rule 20A Claims

"Rule 20A Claims." Certain of the Governmental Unit Combined Claims assert Claims that are based on certain credits earned by cities or counties within the Debtors' service area as part of a program under the California Public Utilities Commission for placing overhead electric facilities underground. These credits accumulate annually and are calculated by the Debtors based on, among other things, the amount of the city or county's electric lines as a percentage of the lines within the Debtors' overall service area. Once a city or county has accumulated enough credits, it may then seek to draw from these credits to fund an undergrounding project that is shown to be in the public interest. Pursuant to the first-day order allowing the Debtors to continue their customer programs, the Debtors have maintained the Rule 20A program throughout the Chapter 11 Cases. However, these Rule 20A credits are not deposits or prepayments, and the Debtors have no liability to the holders of the Governmental Unit Combined Claims for these credits. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Governmental Unit Combined Claims should be disallowed and expunged with respect to such Rule 20A Claims. For the avoidance of doubt, with respect to all of the Rule 20A Claims, the Reorganized Debtors will continue to honor the Claimants' participation in the Rule 20A program in the ordinary course as if the Chapter 11 Cases had not been commenced.

### D. The Tax Base Reduction Claim Has Been Satisfied Pursuant to the Plan

"Tax Base Reduction Claim." Proof of Claim No. 79864 filed by the County of Sonoma asserts contingent liabilities for the reduction in its tax base as a result of the North Bay Wildfires. This Tax Base Reduction Claim is a Fire Claim, as defined in section 1.78 of the Plan, because it arises out of the Fires. The County of Sonoma is one of the "North Bay Public Entities," as defined in section 1.144 of the Plan, which are "Public Entities" pursuant to section 1.166 of the Plan. As such, the Tax Base Reduction Claim is a Utility Public Entities Wildfire Claim, as defined in sections 1.174 and 1.237 of the Plan. Section 4.24 of the Plan provides for the treatment of Utility Public Entities Wildfire Claims,

and for the full satisfaction and discharge of all Allowed Utility Public Entities Wildfire Claims as provided in the Public Entities Plan Support Agreements. The Tax Base Reduction Claim is duplicative of the Tax Base Reduction Claim asserted by the County of Sonoma in Proof of Claim No. 58957, which was satisfied pursuant to section 4.24 of the Plan. Accordingly, the Reorganized Debtors have determined that the Tax Base Reduction Claim has been satisfied pursuant to the Plan, and the corresponding Governmental Unit Combined Claim should be disallowed and expunged with respect to such Tax Base Reduction Claim.

### E. The Governmental Unit Combined Claims Should Be Reduced or Disallowed and Expunged According to the Reorganized Debtors' Books and Records

<u>Books and Records Claims.</u>" In addition to the Passthrough Claims, Rule 20A Claims, and Tax Base Reduction Claim, each of the Governmental Unit Combined Claims asserts claims for a variety of taxes, fees, deposits, litigation, and other liabilities. The Reorganized Debtors seek entry of an order reducing or disallowing and expunging the Governmental Unit Combined Claims identified herein that the Reorganized Debtors have determined, based on a review of their books and records, assert amounts for which they are not liable or are in excess of the amounts as reflected in their books and records. In some cases, parts of the excess amounts asserted in the Books and Records Claims were satisfied by, among other things, payments made during the Chapter 11 Cases pursuant to Court orders. In other cases, parts of the excess amounts asserted in the Books and Records Claims were paid in the ordinary course of business. The Governmental Unit Combined Claims are identified on **Exhibit 1**[4], in the column titled "Original Creditor," and the amount that corresponds to the Reorganized Debtors' books and records is listed in the row titled "Reduced Claim Amount." The Reorganized Debtors request that the Governmental Unit Combined Claims be disallowed and expunged in their entirety if the Reduced Claim Amount is zero.

---

[4] Claims listed on **Exhibit 1** as "Unliquidated" and/or "Contingent" assert unliquidated and contingent amounts. For the Claims that assert an unliquidated and/or a contingent amount, the Reorganized Debtors seek to have the Claim allowed in the Reduced Claim Amount, or where the Reduced Claim Amount is zero, disallowed and expunged in its entirety.

F.     **The Claimants Bear the Burden of Proof**

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[5] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.B above, the Reorganized Debtors submit that the Passthrough Claims asserted in the Governmental Unit Combined Claims will pass through the Chapter 11 Cases unaffected by the Plan. The reduction or disallowance and expungement of the Governmental Unit Combined Claims will not affect the right of the holders of the Passthrough Claims to enforce their Claims in the ordinary course outside of the Chapter 11 Cases.

As set forth in Section IV.C above, the Reorganized Debtors are not liable on the Rule 20A Claims asserted in the Governmental Unit Combined Claims. On that basis, the Reorganized Debtors

---

[5] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, [Docket No. 10494] except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, and further extended for certain Claims by stipulation and order [Docket Nos. 11322 and 11336]. The deadlines with respect to Claims of the United States have been further extended three times by stipulation and order [Docket Nos. 10459, 10463, 10983, 10986, 11349, and 11359].

submit that the Governmental Unit Combined Claims should be disallowed and expunged with respect to the Rule 20A Claims.

As set forth in Section IV.D above, the Tax Base Reduction Claim asserted in the Governmental Unit Combined Claim of the County of Sonoma has been satisfied pursuant to the Plan. On that basis, the Reorganized Debtors submit that the Governmental Unit Combined Claim of the County of Sonoma should be disallowed and expunged with respect to the Tax Base Reduction Claim.

As set forth in Section IV.E above, the Reorganized Debtors are not liable on any of the Governmental Unit Combined Claims beyond the "Reduced Claim Amount" listed on **Exhibit 1**, and they deny any liability in excess of the Reduced Claim Amount. On that basis, the Reorganized Debtors submit that the Governmental Unit Combined Claims should be disallowed and expunged insofar as they exceed the Reduced Claim Amount. If any Claimant believes that it is owed more than the Reduced Claim Amount, it must present affirmative evidence to establish its entitlement to such excess amount.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Governmental Unit Combined Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Governmental Unit Combined Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that

no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: October 15, 2021　　　　　　　　　　　**KELLER BENVENUTTI KIM LLP**

By: /s/ *Thomas B. Rupp*
　　　Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*