KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (GOVERNMENTAL UNIT COMBINED CLAIMS)**<br><br>**Response Deadline:**<br>November 9, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: November 23, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' One Hundred Eleventh Omnibus Objection to Claims (Governmental Unit Combined Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described in Paragraph 3 above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of Proofs of Claim that list higher amounts than are reflected in the Reorganized Debtors' books and records.

5. The Omnibus Objection is directed to some of these claims—those identified on **Exhibit 1**, in the column titled "Original Creditor" (the "**Governmental Unit Combined Claims**").

6. **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

7. Each of the Governmental Unit Combined Claims identified on **Exhibit 1** asserts a combination of one or more separate rights to payment. As further described below, the Reorganized Debtors have determined that the Governmental Unit Combined Claims assert liabilities that, (i) pass through these Chapter 11 Cases pursuant to the Plan, (ii) are amounts for which the Debtors are not liable, (iii) have been satisfied pursuant to the Plan, and/or (iv) assert liabilities for which the Reorganized Debtors have determined, based on a review of their books and records, that they are not liable. Accordingly, the Reorganized Debtors are seeking to: (a) reduce the filed claims to the amounts for which they are liable based on their current books and records, and (b) disallow and/or expunge the asserted claim amounts: (x) for which the Reorganized Debtors are not liable, (y) which have been satisfied pursuant to the Plan, or (z) which pass through the Chapter 11 Cases.

8. The categories of claims described below that are asserted by each Governmental Unit Combined Claim are identified in the column titled "Applicable Basis for Objection" in **Exhibit 2** attached hereto. **Exhibit 2** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

9. Certain specific liabilities described in the Governmental Unit Combined Claims would pass through these Chapter 11 Cases pursuant to the Plan ("**Passthrough Claims**"), and any order reducing or disallowing and expunging the Governmental Unit Combined Claims shall be without prejudice to the claims therein that would be Passthrough Claims.

10. "Plan Passthrough Environmental Claims." Certain of the Governmental Unit Combined Claims assert Claims which would have been designated under the Plan as "**HoldCo Environmental Claims**" or "**Utility Environmental Claims**" (together, the "**Plan Passthrough Environmental Claims**") that, in accordance with the confirmed Plan, ride through the Chapter 11 Cases unimpaired and the holders of such claims may continue to pursue their claims against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced.

11. Specifically, the Plan defines Environmental Claims as "any Claim under any Environmental Law[2]; provided, however, that Environmental Claims shall not include (x) any Claim for personal injury (including, but not limited to, sickness, disease or death) or (y) any Fire Claim." Plan § 1.62. HoldCo Environmental Claims are any Environmental Claim against PG&E Corp. and Utility Environmental Claims are any Environmental Claims against the Utility. Plan §§ 1.98 and 1.217. Section 4.10 of the Plan provides that "[o]n and after the Effective Date, each holder of a HoldCo Environmental Claim shall be entitled to pursue its Claim against Reorganized HoldCo as if the Chapter

---

[2] Pursuant to Section 1.63 of the Plan, "**Environmental Law**" means all federal, state and local statutes, regulations, ordinances and similar provisions having the force or effect of law, all judicial and administrative judgments, orders, agreements, permits, licenses, tariffs, determinations, and all common law, in each case concerning, in whole or in part, pollution, hazardous substances or waste, water quality, conservation or other protection of the environment, human health, safety, and welfare.

11 Cases had not been commenced, and each Environmental Performance Obligation[3] against HoldCo shall also survive the Effective Date as if the Chapter 11 Cases had not been commenced." Section 4.30 provides the same treatment for Utility Environmental Claims.

12. Accordingly, as the Plan Passthrough Environmental Claims are unimpaired and are to be resolved in the ordinary course as if the Chapter 11 Cases had not been commenced, there is nothing for this Court to resolve with respect to any such claims that are part of the Governmental Unit Combined Claims and, therefore, any Governmental Unit Combined Claim that contains Plan Passthrough Environmental Claims should be expunged with respect to such Plan Passthrough Environmental Claims. For the avoidance of doubt, nothing in this Objection shall alter the unimpaired status under the Plan of any Plan Passthrough Environmental Claims or alter or impair the ability of any holder of a Plan Passthrough Environmental Claim to pursue such claim in the ordinary course against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced.

13. "<u>Post-Petition Claims</u>." Certain of the Governmental Unit Combined Claims assert Claims for amounts that arose after the Petition Date and, thus, do not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such claims, and the corresponding Governmental Unit Combined Claims should be expunged with respect to such Post-Petition Claims, and the asserted claims may be resolved in the ordinary course of business.

14. "<u>PSPS Claims</u>." Certain of the Governmental Unit Combined Claims assert liquidated amounts and/or contingent and unliquidated amounts for damages related to the Debtors' de-energization

---

[3] Pursuant to Section 1.64 of the Plan, "**Environmental Performance Obligation**" means an obligation or requirement arising from any consent decree, permit, license, tariff, Cause of Action, agreement, injunction, cleanup and abatement order, cease and desist order, or any other administrative or judicial judgment, order or decree under any Environmental Law that is not a Claim and does not arise from any Fire.

of power lines arising out of or relating to the Public Safety Power Shutoff ("**PSPS**") program, which aims to reduce wildfire risks. Each Governmental Unit Combined Claim asserting such liabilities describes them as post-petition or administrative claims. The asserted liabilities connected with the PSPS program are Post-Petition Claims. Accordingly, there is nothing for this Court to resolve with respect to any such PSPS Claims, and the asserted claims may be resolved in the ordinary course of business outside of these Chapter 11 Cases. Therefore, the corresponding Governmental Unit Combined Claims should be expunged with respect to such PSPS Claims. The Reorganized Debtors hereby expressly reserve all of their rights, claims, arguments, and defenses with respect to the PSPS Claims.

15. "Rule 20A Claims." Certain of the Governmental Unit Combined Claims assert Claims that are based on certain credits earned by cities or counties within the Debtors' service area as part of a program under the California Public Utilities Commission for placing overhead electric facilities underground. These credits accumulate annually and are calculated by the Debtors based on, among other things, the amount of the city or county's electric lines as a percentage of the lines within the Debtors' overall service area. Once a city or county has accumulated enough credits, it may then seek to draw from these credits to fund an undergrounding project that is shown to be in the public interest. Pursuant to the first-day order allowing the Debtors to continue their customer programs, the Debtors have maintained the Rule 20A program throughout the Chapter 11 Cases. However, these Rule 20A credits are not deposits or prepayments, and the Debtors have no liability to the holders of the Governmental Unit Combined Claims for these credits. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Governmental Unit Combined Claims should be disallowed and expunged with respect to such Rule 20A Claims. For the avoidance of doubt, with respect to all of the Rule 20A Claims, the Reorganized Debtors will continue to honor the Claimants' participation in the Rule 20A program in the ordinary course as if the Chapter 11 Cases had not been commenced.

16. "Tax Base Reduction Claim." Proof of Claim No. 79864 filed by the County of Sonoma asserts contingent liabilities for the reduction in its tax base as a result of the North Bay Wildfires. This Tax Base Reduction Claim is a Fire Claim, as defined in section 1.78 of the Plan, because it arises out of the Fires. The County of Sonoma is one of the "North Bay Public Entities," as defined in section

1.144 of the Plan, which are "Public Entities" pursuant to section 1.166 of the Plan. As such, the Tax Base Reduction Claim is a Utility Public Entities Wildfire Claim, as defined in sections 1.174 and 1.237 of the Plan. Section 4.24 of the Plan provides for the treatment of Utility Public Entities Wildfire Claims, and for the full satisfaction and discharge of all Allowed Utility Public Entities Wildfire Claims as provided in the Public Entities Plan Support Agreements. The Tax Base Reduction Claim is duplicative of the Tax Base Reduction Claim asserted by the County of Sonoma in Proof of Claim No. 58957, which was satisfied pursuant to section 4.24 of the Plan. Accordingly, the Reorganized Debtors have determined that the Tax Base Reduction Claim has been satisfied pursuant to the Plan, and the corresponding Governmental Unit Combined Claim should be disallowed and expunged with respect to such Tax Base Reduction Claim.

17. "<u>Books and Records Claims</u>." In addition to the Passthrough Claims, Rule 20A Claims, and Tax Base Reduction Claim, each of the Governmental Unit Combined Claims asserts claims for a variety of taxes, fees, deposits, litigation, and other liabilities. The Reorganized Debtors seek entry of an order reducing or disallowing and expunging the Governmental Unit Combined Claims identified herein that the Reorganized Debtors have determined, based on a review of their books and records, assert amounts for which they are not liable or are in excess of the amounts as reflected in their books and records. In some cases, parts of the excess amounts asserted in the Books and Records Claims were satisfied by, among other things, payments made during the Chapter 11 Cases pursuant to Court orders. In other cases, parts of the excess amounts asserted in the Books and Records Claims were paid in the ordinary course of business. The Governmental Unit Combined Claims are identified on **Exhibit 1**[4], in the column titled "Original Creditor," and the amount that corresponds to the Reorganized Debtors' books and records is listed in the row titled "Reduced Claim Amount." The Reorganized Debtors request that the Governmental Unit Combined Claims be disallowed and expunged in their entirety if the Reduced Claim Amount is zero.

---

[4] Claims listed on **Exhibit 1** as "Unliquidated" and/or "Contingent" assert unliquidated and contingent amounts. For the Claims that assert an unliquidated and/or a contingent amount, the Reorganized Debtors seek to have the Claim allowed in the Reduced Claim Amount, or where the Reduced Claim Amount is zero, disallowed and expunged in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this fifteenth day of October, 2021.

*/s/ Robb McWilliams*
Robb McWilliams