Northern California Law Group, PC.
Joseph Feist, SBN 249447
2611 Esplanade
Chico, CA 95973
Tel: 530-433-0233 | Fax: 916-426-7848
info@norcallawgroup.net

Attorney for Claimant
Jane Elizabeth Tyler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088-DM |
| | ) |
| PG&E Corporation, | ) Chapter 11 |
| | ) Lead Case, Jointly Administered |
| and | ) |
| | ) **MOTION PURSUANT TO FED. R. BANKR.** |
| PACIFIC GAS AND ELECTRIC | ) **PROC. 7015 AND 7017 TO ENLARGE TIME** |
| COMPANY, | ) **TO FILE PROOF OF CLAIM PURSUANT** |
| | ) **TO FED. R. BANKR. PROC. 9006(b)(1)** |
| Debtors. | ) |
| | ) Date: December 3, 2021 |
| [x] Affects both Debtors | ) Time: 10:00 a.m. (Pacific Time) |
| | ) Place: Telephonic/Video Appearances Only |
| *All paper shall be filed in the Lead Case, | )     United States Bankruptcy Court |
| No. 19-30088-DM | )     Courtroom 17, |
| | )     450 Golden Gate Ave., 16th Floor |
| | )     San Francisco, CA |
| | ) Judge: Hon. Dennis Montali |
| | ) |
| | )     Objection Date: November 19, 2021 |

**BACKGROUND**

Pursuant to Rules 015 and 7017 of Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Jane Elizabeth Tyler ("Movant") moves the court for an order expanding the time to file a Proof of Claim, and allow,

Claim Number (not yet assigned), that was filed on October 21, 2021, with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of Jane Elizabeth Tyler and Declaration of attorney Joseph Feist in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

**BASIS FOR RELIEF REQUESTED**

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Jane Elizabeth Tyler who never submitted a claim until she hired counsel on October 21, 2021, and a claim was prepared and submitted on her behalf on October 21, 2021. Mrs. Tyler's claim includes losses associated with the real property commonly known as 13926 Cascade Dr Magalia CA 95954. Mrs. Tyler did not live on the property on November 8, 2018, but still had a 50% interest in the property with her ex-husband, as the transfer of her interest had not yet been finalized after their divorce and Mr. Delongfield was still residing at the property as the sole occupant. Mrs. Tyler moved out of the property when her and Edward Delongfield's (Claimant ID# 1064547) divorce was finalized on February 7, 2015. An Interspousal Transfer of the real property

was recorded on November 11, 2019, which is after the residence was lost in the Camp Fire, so that Mr. Delongfield could recover the damages sustained in the fire.

Mr. Delongfield filed a timely claim and submitted a claims questionnaire with the Fire Victims Trust "FVT" on November 20, 2019. Mr. Delongfield received an initial determination from the FVT on August 27, 2021, that indicated a 50% ownership in the real property loss location. As a result, the FVT only awarded him 50% of his damages, including loss of his personal property and additional living expenses.

Counsel attempted to resolve the issue with the FVT, arguing that while Mrs. Tyler would have an interest in the real property claim and potential rebuild costs, she did not reside at the property or have personal property there so the entirety of those damages belong to Mr. Delongfield. The matter went up the chain of command at the FVT and on October 15, 2021 responded to counsel indicating, "I received confirmation that because both individuals owned the property at the time of the fire and were married, we cannot split the award unless we have an assignment of rights or divorce decree that shows the property and claim should all go to the claimant."

Mrs. Tyler could not have reasonably anticipated this outcome and if she had she would have timely filed a proof of claim to preserve recovery of any potential damages. Mrs. Tyler has the intention of giving any proceeds received from this claim, should the court allow her claim, to her ex-husband so that he may be made whole, or as close thereto as possible. Movant respectfully requests her late claim be accepted and deemed timely.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15© and 17(a)(3)) because there is a lack of bad faith on the part of the Movant and her counsel in failing to submit Mrs. Tyler's original claim, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and

7015, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.* ,(1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id*. At 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first factor, Movants' late filing will cause no prejudice to Debtors, since the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of the Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second factor, Movants' delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third factor, the reason for the delay and whether it was in Movants' reasonable control, she had no way of knowing that the FVT would be created and that they would deny her ex-husband half of his personal property and additional living expenses damages because she was still

on title on the day of the fire. She believed he was entitled to all the damages incurred, which is why she transferred her interest in the property to him, without compensation, the year after the fire. Once it was confirmed by the FVT that they would not be awarding or compensating Mr. Delongfield for more than 50% of his personal property and additional living expenses, his counsel reached out to Mrs. Tyler to discuss the matter, and during that conversation she agreed to proceed with the current motion and recover the 50% damages that would otherwise go unclaimed.

As a final factor, the Movant is acting in good faith in filing the claim as she was a real property owner at the time of the fire but did not reside there and had no reasonable reason to believe that her ex-husband would not be able to receive full compensation for his personal property and additional living expenses damages due to her still being on title to the property. Based on the above and supporting evidence, Claimant's counsel requests the claim be allowed due to his client's lack of bad faith in her belief that filing a timely proof was not necessary as she was not directly impacted by the fire as her ex-husband, Mr. Delongfield was the sole resident of their property.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that Exhibit A, the Proof of Claim, Claim Number (not yet assigned), be deemed timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: 10/21/2021

                                                      ___/s/ Joseph K. Feist___

                                                      Joseph K. Feist
                                                      Attorney for Claimant