**BECKER LLC**
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ 07039
(973) 422-1100
*Attorneys for Horizon Blue Cross Blue*
*Shield of NJ Employees' Retirement Plan*
JOSEPH G. HARRAKA, JR., ESQ.
ERIC R. PERKINS, ESQ.
JUSTIN S. BAUMGARTNER, ESQ.
Email: jgharraka@becker.legal

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - And -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors.<br><br>Affects PG&E Corporation<br><br>Affects Pacific Gas and Electric Company<br><br>X Affects both Debtors | Case No.: 19-30088 (DM)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NJ EMPLOYEES' RETIREMENT PLAN'S RESPONSE TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)** |

     Horizon Blue Cross Blue Shield of NJ Employees' Retirement Plan ("Horizon"), respectfully submits this response (the "Response") to the Reorganized Debtors' Fourteenth

1

Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) (the "Claim Objection"). In support of its Response, Horizon states as follows:

1. On April 16, 2020, Horizon filed Claim No. 101082 in the amount of $256,720.57 against PG&E Corporation and Claim No. 100981 in an identical amount against Pacific Gas and Electric Company (the "Horizon Claims"). The Horizon Claims assert damages "under the securities laws and section 510(b) of the Bankruptcy Code from the purchase and/or acquisition of the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018." Specifically, the Horizon Claims relate to Horizon's purchase of 11 different debt securities between May 6, 2016 and May 4, 2018 (the "Debt Securities"). *See* Proofs of Claim 101082 and 100981 for a detailed breakdown of the amount of the Debt Securities purchases including all associated transaction fees.

2. Horizon is among the claims covered by the consolidated securities litigation, captioned *In re PG&E Corp. Securities Litigation,* Civil Action No. 18-CV-03509 (the "Securities Litigation") in the United States District Court for the Northern District of California (the "District Court"), in which the Public Employees Retirement Association of New Mexico ("PERA") was appointed as Lead Plaintiff. On November 9, 2018, PERA filed a Consolidated Class Action Complaint in the Securities Litigation (as amended, the "Complaint"), asserting claims "on behalf of a class of all persons and entities that purchased or otherwise acquired PG&E publicly traded securities during the period from April 29, 2015 through June 8, 2018, inclusive," relating to material misrepresentations regarding PG&E's wildlife safety measures and its compliance with applicable laws and regulations. *See* Securities Litigation Docket (the "Sec. Litg. Dkt."), Docket

2

| | |
|---|---|
| 1 | No. 83 at ¶¶ 1-11.[1] The Debt Securities on which the Horizon Claims are based were purchased |
| 2 | by Horizon during the putative class period designated by the Complaint. |
| 3 |   3. On September 28, 2021, PG&E Corporation and Pacific Gas and Electric Company |
| 4 | (collectively, the "Reorganized Debtors") filed the Claim Objection [Docket No. 11339]. In the |
| 5 | Claim Objection, the Reorganized Debtors seek to disallow and expunge the Horizon Claims, |
| 6 | among many others, as barred by the statute of repose set forth in Section 13 of the Securities Act |
| 7 | of 1933 (the "Securities Act"), which imposes a three-year statute of repose on claims asserted |
| 8 | under section 11 of the Securities Act relating to a material misstatement in offering materials. *See* |
| 9 | 15 U.S.C. §77m. |
| 10 |   4. As set forth in Exhibit B to the Declaration of Michael Keable filed in Support the |
| 11 | Claim Objection, the Debt Securities referenced in the Horizon Claims were offered from March |
| 12 | 23, 2004 through November 5, 2015. Consequently, the Reorganized Debtors may be correct that |
| 13 | any claims under Section 11 of the Securities Act relating to these Debt Securities are now barred |
| 14 | by the statue of repose. Notwithstanding, in the Claim Objection, the Reorganized Debtors |
| 15 | recognize that the claims subject to the Objection do not state the specific statute under which |
| 16 | those claims arise, but the Reorganized Debtors believe that they are asserted exclusively under |
| 17 | Section 11 of the Securities Act. *See* Claim Objection, at 6. |
| 18 |   5. As explained in the Complaint, the damages set forth in the Horizon Claims and |
| 19 | suffered by other similarly-situated claimants give rise to a cause of action against PG&E |
| 20 | Corporation and Pacific Gas and Electric Company under Section 10(b) of the Securities Exchange |
| 21 | Act of 1934 (the "Exchange Act") (*see* 15 U.S.C. § 78j) and Rule 10b-5 promulgated thereunder |

---

[1] As referenced in the Claim Objection, this period was subsequently extended to November 15, 2018. *See* Claim Objection, at 3.

by the U.S. Securities and Exchange Commission (*see* 17 C.F.R. § 240.10b-5); *see also* Sec. Litig. Dkt., Docket No. 83, at 1, Docket No. 95 at ¶¶ 25, 27.

6. Unlike Claims under Section 11 of the Securities Act, the relevant statute of repose for these claims provides a period of up to five years within which to bring a claim. Specifically, section 804 of the Sarbanes Oxley Act of 2002 governs the timeliness of Section 10(b) and Rule 10b-5 fraud claims. Section 804 provides that a plaintiff must bring its lawsuit: "within two years after the discovery of the facts constituting the fraud," but "[n]ot more than five years after the fraud occurred." 28 U.S.C. § 1658. Both the Complaint and the Horizon Claims were filed within this time period. Consequently, the Horizon Claims are timely and not subject to disallowance based on section 13 of the Securities Act, section 804 of the Sarbanes Oxley Act of 2002, or otherwise. As such, the Claim Objection should be denied.

WHEREFORE, the Horizon respectfully requests that this Court enter an order: (i) denying the Claim Objection; (ii) allowing the Horizon Claims each in the amount of $256,720.57, and (iii) granting such further relief as this Court deems just.

Dated: October 22, 2021

**BECKER LLC**
By: /s/ Joseph G. Harraka, Jr.
Joseph G. Harraka, Jr., Esq.
Eric R. Perkins, Esq.
Justin S. Baumgartner, Esq.

*Attorneys for Horizon Blue Cross Blue Shield of NJ Employees' Retirement Plan*