KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

KILPATRICK TOWNSEND & STOCKTON LLP
PAUL M. ROSENBLATT, CA N.D. No. 035891994
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6321
Facsimile: (404) 541-3373
E-Mail: prosenblatt@kilpatricktownsend.com

*Attorneys for Blue Cross Blue Shield
of North Carolina*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead case, no. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION [Dkt. 11339]<br><br>**Hearing Information:**<br>Date: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Blue Cross Blue Shield of North Carolina ("Blue Cross NC"), by and through its undersigned counsel, hereby submits this response to the Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [Dkt. 11339] (the "Fourteenth Claim Objection"). In support of its response, Blue Cross NC respectfully states as follows:

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS'
FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 1 -
Case No. 19-30088
19146595v.1

Case: 19-30088   Doc# 11468   Filed: 10/22/21   Entered: 10/22/21 14:43:06   Page 1 of 7

# BACKGROUND

On January 29, 2019 (the "Petition Date"), PG&E Corporation and Pacific Gas and Electric Company (collectively "Debtors") filed for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

By Order entered December 9, 2019, the Court extended to April 16, 2020 the bar date for filing rescission or damage claims based on the purchase of the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018 [Dkt. 5943].

On April 16, 2020, pursuant to Section 510(b) of the Bankruptcy Code and applicable securities law, Blue Cross NC filed a claim for $1,481,785.10 against debtor Pacific Gas and Electric Company (Claim No. 101319) (the "Blue Cross NC Claim"). *See* Blue Cross NC Claim, attached as Exhibit A. The Blue Cross NC Claim is based on debt securities that Blue Cross NC purchased and sold during the applicable time period.

Specifically, the Blue Cross NC Claim asserts damages "under the securities laws and section 510(b) of the Bankruptcy Code from the purchase and/or acquisition of the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018" based on three purchases of Pacific Gas & Electric Company debt securities:

- a September 14, 2016 purchase by Blue Cross NC of $1,136,851.94 in debt securities (CUSIP 694308HN0);
- a September 15, 2016 purchase by Blue Cross NC of $334,977.00 in debt securities (also CUSIP 694308HN0); and
- a March 20, 2018 purchase by Blue Cross NC of $621,747.54 in debt securities (CUSIP 694308HL4).

Blue Cross NC also sold some of the debt securities it purchased for $611,518.38 on September 4, 2018, bringing the total amount of the Blue Cross NC Claim to $1,481,785.10. Blue Cross NC further specified in the attachment to its Claim that it was brought under "applicable securities law."

On September 28, 2021, the Debtors filed the Fourteenth Claim Objection seeking to dismiss

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS'
FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 2 -
Case No. 19-30088
19146595v.1

Case: 19-30088    Doc# 11468    Filed: 10/22/21    Entered: 10/22/21 14:43:06    Page 2 of 7

and expunge certain debt-based securities proofs of claim, including the Blue Cross NC Claim [Dkt. 11339]. The Fourteenth Claim Objection argues that the Blue Cross NC Claim and others are based on the purchase of securities issued more than three years prior to the Petition Date and are thus time-barred under the three-year statute of repose for securities claims arising under Section 11 of the Securities Act of 1933 (the "Securities Act").

Previously, on August 3, 2021, the Debtors filed the Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [Dkt. 11014] (the "Eleventh Claim Objection") and on August 18, 2021, the Debtors filed the Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) [Dkt. 11085] (the "Thirteenth Claim Objection"), both based on similar arguments that claims subject to those objections were time-barred under the three-year statute of repose applicable to Section 11 claims. Several creditors subject to the Eleventh and Thirteenth Claim Objections (the "Responding Creditors") filed responses arguing that the Debtors were artificially narrowing their claims to those under Section 11 of the Securities Act, and that their claims were brought pursuant to other applicable securities laws that had longer statutes of limitation and repose. [Dkts. 11168, 11170, 11207]. For both the Eleventh and Thirteenth Objections, the Debtors withdrew their objections as to the Responding Creditors with leave to re-assert them in the future. [Dkts. 11400, 11401].

The Fourteenth Claim Objection should be likewise withdrawn or disallowed as to the Blue Cross NC because, like the Responding Creditors' claims, the Blue Cross NC Claim is not as narrowly cabined as the Debtors portray, and is based on other securities laws with statutes of limitation longer than three years.

## ARGUMENT

A claim filed under section 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 501(a); *see also* Fed. R. Bankr. Pro. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."). To rebut this presumption, an objecting party must "present evidence with a probative value equal to that of the proof of claim." *See In re Cook Inlet Energy LLC*, 583

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS'
FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 3 -
Case No. 19-30088
19146595v.1

Case: 19-30088    Doc# 11468    Filed: 10/22/21    Entered: 10/22/21 14:43:06    Page 3 of 7

B.R. 494, 501 (B.A.P. 9th Cir. 2018) ("A mere formal claim objection, without evidence, cannot defeat a claim if the claim is presumed to be valid under Rule 3001(f).") (*citing Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000)). Here, the Fourteenth Claim Objection does not satisfy that standard and should be denied.

As set forth in the Declaration of Michael Keable, filed in support of the Fourteenth Claim Objection [Dkts. 11341, 11341-2], the Debt Securities at issue in the Blue Cross NC Claim were offered on November 6, 2014 and November 5, 2015. Nevertheless, in the Fourteenth Claim Objection, the Debtors recognize that the claims subject to that Objection do not state the specific statute under which those claims arise, but the Debtors believe that they are asserted exclusively under Section 11 of the Securities Act, based on arguments made by other claimants, not Blue Cross NC. (*See* Claim Objection [Dkt. 11339], at 7). As it was with respect to the Responding Creditors' claims covered by the Eleventh and Thirteen Claim Objections, this assertion is incorrect as to the Blue Cross NC Claim.

At this point, the Debtors are well-aware of the multiple bases for the creditors' claims, but insist in their artificial persistence that Blue Cross NC and others have only asserted claims under Section 11. The "Rescission or Damage Claim Proof of Claim" form authorized by the Court did not provide for or require claimants such as Blue Cross NC to state all of the legal bases that support their securities claims. However, as stated in the Blue Cross NC Claim, that claim arises under "applicable securities laws" and "section 510(b) of the Bankruptcy Code." Like other similarly-situated claimants, Blue Cross NC's securities claims against Pacific Gas and Electric Company arise under several provisions of the securities laws, including under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (*see* 15 U.S.C. § 78j) and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission (*see* 17 C.F.R. § 240.10b-5). *See, e.g.*, *In re PG&E Corp. Sec. Litig.*, Civil Action No. 18-CV-03509 (Bankr. N.D. Cal.), Dkt. 83, at 1, Dkt. 95 at ¶¶ 25, 27.

Unlike claims under Section 11 of the Securities Act, the relevant statute of repose for claims under the Exchange Act provides a period of up to five years within which to bring a claim.

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 4 -
Case No. 19-30088
19146595v.1

Case: 19-30088    Doc# 11468    Filed: 10/22/21    Entered: 10/22/21 14:43:06    Page 4 of 7

Specifically, section 804 of the Sarbanes Oxley Act of 2002 governs the timeliness of Section 10(b) and Rule 10b-5 fraud claims. Section 804 provides that a plaintiff must bring its lawsuit "within two years after the discovery of the facts constituting the fraud," but "[n]ot more than five years after the fraud occurred." 28 U.S.C. § 1658.

The earliest offering of the debt securities that the Blue Cross NC Claim is based on was made on November 6, 2014. (Keable Decl. [Dkt. 11341-2]). Debtor's own filings acknowledge that the Bankruptcy Petition, which was filed on January 29, 2019, was instituted within the five year window. Debtors suggest that, with respect to the asserted three year statute of repose applicable to Section 11 claims, tolling is inapplicable. (Fourteenth Claim Objection [Dkt. 11339] at 10). However, as noted in the Objection, this is only the case where the statutory repose period has expired *before* the imposition of the automatic stay. (*See id*.; 11 U.S.C. § 108(c)). Tolling applies where the repose period "has not expired before the date of the filing of the petition." 11 U.S.C. § 108(c). Accordingly, the Exchange Act's five year statute of repose applicable to the Blue Cross Claim based on the November 5, 2014 offering had not expired, and was tolled when the petition was filed on January 29, 2019.

The same tolling applies to the portion of the Blue Cross Claim based on the November 5, 2015 offering referenced in the Keable Declaration, but, regardless, the Blue Cross Claim itself was filed within the applicable 5 year window for claims under Section 10(b) and Rule 10b-5. Consequently, the entire Blue Cross NC Claim is timely and not subject to disallowance based on Section 13 of the Securities Act, section 804 of the Sarbanes Oxley Act of 2002, or otherwise. On this basis, the Fourteenth Claim Objection should be denied.

Furthermore, Blue Cross NC adopts, as if fully set forth herein, the arguments set forth in the responses filed by the PGIM FI Claimants [Dkt. 11168], the State of Oregon [Dkt. 11170], and PepsiCo. Inc. [Dkt. 11207] in response to the identical statute of repose arguments raised in the Eleventh and Thirteenth Claim Objections with respect to similarly situated purchasers of PG&E publicly traded securities.

WHEREFORE, for the reasons discussed herein, Blue Cross NC respectfully requests that

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 5 -
Case No. 19-30088

19146595v.1

Case: 19-30088    Doc# 11468    Filed: 10/22/21    Entered: 10/22/21 14:43:06    Page 5 of 7

this Court enter an order (1) denying the Claim Objection as to the Blue Cross NC Claim; (2) allowing the Blue Cross NC Claim in full in the amount of $1,481,785.10; and (3) providing such other and further relief as is deemed just.

Dated: October 22, 2021.

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: *s/ Paul M. Rosenblatt*
PAUL M. ROSENBLATT, CA N.D. No. 035891994
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6321
Facsimile: (404) 541-3373
E-Mail: prosenblatt@kilpatricktownsend.com

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 6 -
Case No. 19-30088
19146595v.1

Case: 19-30088    Doc# 11468    Filed: 10/22/21    Entered: 10/22/21 14:43:06    Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2021 I caused a true and correct copy of RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION to be served upon counsel for Reorganized Debtors via E-Mail at PGEsecuritiesclaims@weil.com.

DATED this 22nd day of October, 2021.

By: *s/ Paul M. Rosenblatt*
Paul M. Rosenblatt

*Attorneys for Blue Cross Blue Shield of North Carolina*

RESPONSE BY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION - 7 -
Case No. 19-30088

19146595v.1

Case: 19-30088   Doc# 11468   Filed: 10/22/21   Entered: 10/22/21 14:43:06   Page 7 of 7