ALSTON & BIRD, LLP
DIANE C. STANFIELD (CA Bar No. 106366)
DOUGLAS J. HARRIS (CA Bar No. 329946)
diane.stanfield@alston.com
douglas.harris@alston.com
333 S. Hope Street 16th Floor
Los Angeles, California 90071
Telephone: 213.576.1000
Facsimile: 213.576.1100

Attorneys for
Fulcrum Credit Partners LLC

DOWNEY BRAND LLP
JAMIE P. DREHER (CA Bar No. 209380)
Email: jdreher@downeybrand.com
TYLER J. HORN (CA Bar No. 323982)
Email: thorn@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

Attorneys for
Tuscan Ridge Associates, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**DECLARATION OF MARK WEST IN SUPPORT OF RESPONSE TO REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 58562**<br><br>Date: November 9, 2021<br>Time: 10:00 a.m.<br>Crtrm.: Courtroom 17<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

I, Mark West, declare:

1. I provide this declaration in support of Fulcrum Credit Partners, LLC's Response to the Pacific Gas & Electric Company's ("PG&E") Objection to Proof of Claim No. 58562, and provide this testimony based on my personal knowledge, and would testify consistently herewith if called to do so.

2. I am a member of Tuscan Ridge Associates, LLC ("Tuscan"). Tuscan is the owner of parcels of real property located in Paradise, California commonly identified as Assessor's Parcel Nos. 040-520-103 and 040-520-100 (collectively the "Property"). I am also the owner of Chico West Incorporated dba Community Construction.

3. In September 2018, Tuscan entered into a License Agreement with PG&E which allowed PG&E to use portions (specifically, the driving range and parking lot) of the Property to store its vegetation management and fire prevention equipment.

4. On November 8, 2018 the Camp Fire devastated Paradise, California and surrounding Butte County. Once the Camp Fire began, PG&E's presence on the Property increased dramatically, exceeding the scope of the License Agreement. Specifically, there were hundreds of PG&E personnel and additional heavy equipment on the Property. Despite no formal agreement for PG&E's expanded use, it insisted that Tuscan assist PG&E with modifying the Property to accommodate PG&E's heavy equipment and housing structures which were needed to respond to the fallout from the Camp Fire.

5. After discussions with PG&E representatives, in which Tuscan was assured that any damage to the Property would be repaired, and in an effort to react quickly to the dire situation caused by Camp Fire, my construction company helped PG&E with this effort, despite no formal agreement being executed relative to PG&E's expanded use of the Property.

6. Specifically, at PG&E's direction, my construction company helped with compacting, spreading gravel (which was brought to the Property by PG&E), and other related earth work (referred to in the Letter Agreement as "winterization"). Winterization is the process of creating an all-weather surface to allow heavy equipment and infrastructure to be placed on the Property safely and not sink into soft dirt. All of this work was performed before the Letter

1 | Agreement was executed on November 20, 2018.

2 |     7.    My construction company was never provided a formal "scope of work." Instead, "Ernest" from PG&E managed and directed the work my construction company was performing. PG&E brought in hundreds of truckloads of gravel, which ultimately was, at PG&E's direction, spread across approximately eighty (80) acres of the Property.

    8.    Almost immediately, "Ernest" from PG&E informed me that my construction company was not moving fast enough. As such, PG&E brought in numerous other outside construction companies and internal crews to speed up the process of compacting, spreading the gravel brought to the Property by PG&E, and other related earth work necessary for PG&E's expanded use of the Property.

    9.    On multiple occasions, I spoke with Jess Pitnay at the Property to express my concerns about the damage being caused to the Property. Each time Mr. Pitnay assured me that the Property would be restored.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

October 26, 2021

By: _____
        MARK WEST