1  ALSTON & BIRD, LLP
   DIANE C. STANFIELD (CA Bar No. 106366)
2  DOUGLAS J. HARRIS (CA Bar No. 329946)
   diane.stanfield@alston.com
3  douglas.harris@alston.com
   333 S. Hope Street 16th Floor
4  Los Angeles, California 90071
   Telephone:    213.576.1000
5  Facsimile:    213.576.1100

6  Attorneys for
   Fulcrum Credit Partners LLC
7
   DOWNEY BRAND LLP
8  JAMIE P. DREHER (CA Bar No. 209380)
   Email: jdreher@downeybrand.com
9  TYLER J. HORN (CA Bar No. 323982)
   Email: thorn@downeybrand.com
10 621 Capitol Mall, 18th Floor
   Sacramento, California 95814
11 Telephone:    916.444.1000
   Facsimile:    916.444.2100
12
   Attorneys for
13 Tuscan Ridge Associates, LLC

14                    UNITED STATES BANKRUPTCY COURT

15             NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  In re | Case No. 19-30088-DM |
| 18  PG&E Corporation, | Chapter 11<br>Lead Case, Jointly Administered |
| 19  and | **EVIDENTIARY OBJECTIONS TO** |
| 20  PACIFIC GAS AND ELECTRIC COMPANY, | **DECLARATION OF ELOUISE JADHAV IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 58562** |
| 21   Debtors. | |
| 22 | |
| 23  [ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors | Date:     November 9, 2021<br>Time:     10:00 a.m.<br>Place.:    (Tele/Videoconference<br>              Appearances Only)<br>              Courtroom 17<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102 |
| 24 | |
| 25  *All papers shall be filed in the Lead Case, No. 19-30088-DM, | |
| 26 | |
| 27 | Judge:    Hon. Dennis Montali |
| 28 | |

Fulcrum Credit Partners LLC ("Fulcrum"), as transferee, and Tuscan Ridge Associates, LLC ("Tuscan"), as transferor, hereby submit the following objections to the Declaration of Elouise Jadhav in Support of Reorganized Debtors' Objection to Proof of Claim No. 58562 Filed by Fulcrum Credit Partners LLC as Transferee of Tuscan Ridge Associates, LLC [Docket No. 11289] ("Jadhav Declaration")

1. **Objection is made to paragraph 2** of the Jadhav Declaration on the ground that it is vague and ambiguous. *See* Fed. R. Evid. 403. Declarant purports to interpret and define the scope of both the Letter Agreement signed September 13 and 14, 2018 and the Amendment to Letter Agreement signed October 16, 2018 by claiming that both the Letter Agreement and the Amendment thereto govern PG&E's use of "the license area" without purporting to define "the license area."

2. **Objection is made to sentence one of paragraph 3** of the Jadhav Declaration on the ground that Declarant lacks personal knowledge. *See* Fed. R. Evid. 602. Objection is made specifically to sentence one of paragraph 3 wherein Declarant alleges that "On November 12, 2018…PG&E proposed terms to Tuscan Ridge Associates, LLC for entering into a new agreement" for use of Tuscan Ridge property. Declarant's testimony does not purport to be based on her own conversations and interactions with Tuscan Ridge Associates, LLC. **Objection is further made to Declarant's testimony in sentence three of paragraph 3** that she "is informed and believe[s]" that PG&E expanded its use of Tuscan Ridge property with the consent of Tuscan Ridge Associates, LLC, on the ground that, although couched as a fact, constitutes a legal conclusion and an opinion on an ultimate issue (*see* Fed. R. Evid. 701 and 704), and on the additional ground that Declarant lacks personal knowledge, and provides no factual basis for finding that this conclusion is based on Declarant's personal perception. *See* Fed. R. Evid. 602.

3. **Objection is made to "Exhibit C" as described in paragraph 4** of the Jadhav Declaration on the grounds that the proper foundation was not laid for the admission of "Exhibit C" (the excel spreadsheet) purportedly made by Declarant, that the document attached as "Exhibit C" has not been properly authenticated, and that Declarant fails to explain how she came to have

personal knowledge of the data contained in the spread sheet. *See* Fed. R. Evid. 901; Fed. R. Evid. 602. Further, "Exhibit C" itself constitutes inadmissible hearsay as it is being offered to prove exactly what it purports to assert— that PG&E made certain payments to Tuscan Ridge Associates, LLC. *See* Fed. R. Evid. 801; Fed. R. Evid. 802. Further objection is made on the ground that the information Declarant used to prepare Exhibit C is based on out-of-court statements that the Declarant seeks to introduce to prove the truth of the matters contained therein. *See* Fed. R. Evid. 801; Fed. R. Evid. 802.

4. **Objection is made to sentences 2, 3 and 4 of paragraph 4** of the Jadhav Declaration on the ground that Declarant lacks personal knowledge. *See* Fed. R. Evid. 602. Declarant provides no basis for her conclusion that PG&E made certain (or any) payments including payments to Tuscan.

5. **Objection is made to "Exhibit D" as described in paragraph 7** of the Jadhav Declaration on the ground that the photographs are irrelevant, in that activity on the subject property by ECC has no tendency to make a fact or less probable, and is of no consequence in determining this matter. *See* Fed. R. Evid. 401. Further objection is made on the ground that the proper foundation was not laid for the admission of "Exhibit D." *See* Fed. R. Evid. 901; Fed. R. Evid. 602. Declarant has provided no evidence establishing that the photographs attached as "Exhibit D" are actually "photographs of the ECC grading work" as required by Rule 901. *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that she item is what the proponent claims it is."). Declarant has also failed to put forth evidence showing that she has personal knowledge of the facts the photos purport to capture as required by Rule 602. Declarant does not claim that she herself took the photos nor does she claim that she perceived the area captured by the photos such that she would be able to satisfy her burden of proving the photos do indeed display "the ECC grading work." *See* Fed. R. Evid. 602.

6. **Objection is made to paragraph 7** of the Jadhav Declaration on the ground that it is vague and ambiguous. *See* Fed. R. Evid. 403. Declarant alleges that Declarant contacted Mr. McAlister "about the work at the site by ECC" without explaining the "the work" allegedly done,

without defining "the site" where the work took place, and without explaining the meaning of "by ECC." Further, Declarant lacks personal knowledge regarding the scope of PG&E's base camp permits and lacks personal knowledge regarding whether ECC's grading work "exceeded the scope" of those permits. Fed. R. Evid. 602. Further objection is made on the ground that ECC's purported activities are irrelevant, in that activity on the subject property by ECC has no tendency to make a fact or less probable, and is of no consequence in determining this matter. *See* Fed. R. Evid. 401.

DATED: October 26, 2021　　　　　　　　ALSTON & BIRD, LLP

By: /s/ Diane C. Stanfield
　　　　DIANE C. STANFIELD
　Attorneys for Fulcrum Credit Partners, LLC