KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

Jennifer L. Dodge (#195321)
LAW OFFICES OF JENNIFER L. DODGE INC.
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPLY TO CLAIMANT'S RESPONSE TO FURTHER OBJECTION TO CLAIM NO. 77335 (TODD GREENBERG)**<br><br>[Related to Dkt. Nos. 9455, 9646]<br><br>Hearing: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Reply to Todd Greenberg's ("**Greenberg**" or "**Claimant**") Response to Reorganized Debtors' Further Objection[1] to Proof of Claim number 77335 (the "**Claim**") filed by Greenberg, pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**I.      The Reorganized Debtors' Request to Schedule One Evidentiary Hearing for the Three Claims Filed by Greenberg Should be Granted.**

Greenberg states in his Response that he opposes the Reorganized Debtors' request to resolve this claim with his two other Proofs of Claim (Claim Nos. 76018 and 78381) in one evidentiary hearing because the Reorganized Debtors have not objected to the other two claims. *See* Response, p. 1. The Reorganized Debtors filed their objection to those claims on October 14, 2021 [Docket No. 11420]. Accordingly, Greenberg's argument in this regard is now moot.

Greenberg also opposes the request for one evidentiary hearing based upon his contention that the claims involve different events at different times. *See* Response, p. 1. Greenberg's argument fails to address why separate evidentiary hearings are necessary when there is one common claimant involved in each Proof of Claim. The Reorganized Debtors strongly believe that it makes sense for the sake of judicial efficiency to set one evidentiary hearing for all three of the Proofs of Claim filed by Greenberg. Accordingly, the Reorganized Debtors renew their request that this Court schedule a single evidentiary hearing to address all three claims filed by Greenberg at the same time.

---

[1] The Reorganized Debtors initially objected to the Claim through the *Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability Passthrough Claims)* (Dkt. No. 9455).

## II. Greenberg's Response Fails to Set Forth Any Admissible Evidence to Support His Claim.

Greenberg's Response is full of suppositions without any admissible evidence to back them up. Greenberg represents that at the time of the incident PG&E had experienced difficulties and delays on the installation of a three-phase power upgrade at an adjacent property located at 31 Bolinas Road but fails to cite any evidence to support this theory. *See* Response, p. 2. Greenberg then states that he was "told by PG&E crew members" that the upgrade to three-phase power was the cause of one of the "many power outages, fluctuations, and related surges." Greenberg further maintains that he was "informed by the Town Manager of the difficulties PG&E encountered" while installing the three-phase power that included "delays" and "disruptions." *See* Response, p. 2. Statements beginning with "Greenberg was told" and "Greenberg was informed" are by definition pure hearsay and cannot and do not carry any evidentiary weight, pursuant to Federal Rule of Evidence 802.

Greenberg further claims that a refrigerator's starter relay "can be damaged" by a surge of electricity and posits that the refrigerator compressor starter relay had been burnt out by a power surge or fluctuation beyond permitted ranges that could "only have been caused" by PG&E. *See* Response, p. 3. Again, this theory is simply sheer speculation on the part of Greenberg who offers nothing to support it besides his own opinion. Greenberg has provided no admissible evidence to prove up this hypothesis.

## III. The Documents Produced by PG&E In Response to Greenberg's Discovery Requests Conclusively Demonstrate that The Power Outage Occurred on March 16-17, 2016.

Greenberg contends that he obtained documents from the town of Fairfax indicating that PG&E and/or its contractors had commenced preliminary electrical work nearby, "possibly related" to the three-phase installation prior to the time of the electrical event that he argues, again without proof, caused damage to his refrigerator.[2] *See* Response, p. 3.

---

[2] Greenberg's comment that PG&E "selectively produced" documents and denied Greenberg's request for the full claims file is inflammatory and misleading. PG&E objected to Greenberg's overly broad discovery requests and limited its responses and documents produced to the claims

In response to Greenberg's discovery requests, PG&E produced documents that conclusively demonstrate that no electrical work was scheduled or performed by PG&E on the circuit in question between February 14 and 21, 2016 and establishes that the work was scheduled for and completed on March 16 and 17, 2016. *See* Ex. C to Further Objection. Despite this, Greenberg continues to insist that there must be something else that would support his theory and that he is continuing to procure documents. In fact, Greenberg requested an eight-week extension to file his Response in order to allow him time to gather his evidence, and the Reorganized Debtors agreed to provide him with this additional time. It is disingenuous for Greenberg to now represent that he is still trying to gather evidence when he has had ample time to do so. The simple fact of the matter is that there is no evidence to support Greenberg's theory here.

**IV.     Tariff Rule 14 Bars Greenberg's Claims.**

Greenberg represents that PG&E claims that it was "nowhere near the site of the power outage" but then claims that the outage was necessary so that it is shielded under Tariff Rule 14. *See* Response, p. 3. This is puzzling as PG&E never made any such claim regarding an outage. Furthermore, Greenberg's attempt to dissect the "reasonable diligence" requirement under Tariff Rule 14 falls flat as he does not even argue that PG&E failed to exercise reasonable diligence. Indeed, Greenberg cannot show that any interruption (if, in fact, one occurred during the time period in question, which it did not) was not necessary to maintain, improve, repair, or expand PG&E's distribution system. As a result, the Claim is barred under Tariff Rule 14.

**V.     Conclusion**

Greenberg's Response is couched in a litany of "possibly related," "maybes" and "what-ifs." These do not come together to prove a case. Greenberg cannot simply throw spaghetti at the wall and hope that something sticks. He has put forth no admissible evidence to prove his case. On the other hand, the documents and evidence set forth by PG&E conclusively demonstrate that there was no electrical event that occurred between February 14 and 21, 2016 that caused his 12-

---

made by Greenberg in his Proof of Claim No. 77335. PG&E did not produce its claims file because it is privileged work product.

year-old refrigerator to fail. For these reasons, the Reorganized Debtors request that this Court sustain their Objection to this claim.

October 26, 2021

KELLER BENVENUTTI KIM LLP

LAW OFFICES OF JENNIFER L. DODGE INC.

By: /s/ Jennifer L. Dodge

Attorneys for Debtors and Reorganized Debtors