WEIL, GOTSHAL & MANGES LLP
Richard K. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:    (415) 496-6723
Fax:    (650) 636-9251

*Attorneys for Debtors and
Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION REGARDING RECONCILIATION OF CERTAIN TAX CLAIM WITH THE CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION** |

PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), as debtors and reorganized debtors (collectively, the "Debtors" or the "Reorganized Debtors") and State of California by and through the California Department of Tax and Fee Administration (successor to the State Board of Equalization) (the "State"), through their respective undersigned counsel of record, hereby stipulate with reference to the following facts and circumstances:

**Recitals**

A.      The Debtors filed voluntary petitions for relief under Chapter 11 on January 29, 2019 (the "Petition Date"), commencing the above-captioned Chapter 11 Cases (the "Chapter 11 Cases").

B.      On January 31, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* dated January 31, 2020, which was thereafter modified by several versions including by the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* dated June 19, 2020 [Dkt. No. 8048] (as it hereafter may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "Plan").

C.      By Order dated June 20, 2020 [Dkt. No. 8053] (the "Confirmation Order"), the Bankruptcy Court confirmed the Plan.  The Effective Date of the Plan occurred on July 1, 2020.  See Dkt. No. 8252.

D.      The State timely filed a proof of claim related to PG&E Corp.'s tax obligations, which is identified in Exhibit A hereto (the "California Tax Claim").

E.      The Plan and the Confirmation Order contain provisions generally applicable to the resolution of all claims, including tax claims, which anticipate various processes and deadlines that the parties hereto have agreed to opt out of.

F.      Subject to Court approval, the parties have agreed, on the terms set forth in this Stipulation, to address and resolve the California Tax Claim as set forth herein.

**Terms of Stipulation**

1.      Except as set forth in paragraph 2 and 3 of this Stipulation, upon the date of the entry of an order approving this Stipulation, the Confirmation Order (including the injunction described in paragraphs 49 and 52 of the Confirmation Order) and the Plan (including the injunction described in sections 10.3 and 10.6 of the Plan) are modified, to the extent necessary, to permit the State to

liquidate and enforce the California Tax Claim in accordance with California state law and procedures (hereafter, "State Law"), as if these Chapter 11 Cases had not been commenced (including, but not limited to, allowing the State (i) to proceed with, complete, and finalize its audit of the tax years for the taxes asserted in the California Tax Claim, (ii) to complete any administrative proceedings for assessing such taxes, and (iii) to pursue any tax deficiencies associated with such taxes under California law as the State determines are appropriate).

2.      Notwithstanding paragraph 1 of this Stipulation, interest and penalties on the California Tax Claim shall be calculated as set forth in the provisions of the Plan and the Confirmation Order otherwise applicable to the California Tax Claim (e.g., to the extent the California Tax Claim constitutes an "Allowed Priority Tax Claim" it shall be paid interest "at the applicable nonbankruptcy rate" under section 2.4 of the Plan).

3.      Nothing in this Stipulation is intended to revive or allow the State to liquidate, pursue, or collect any claims that would be barred under the Plan or Confirmation Order because they were not timely filed.  For the avoidance of doubt, any agreement with respect to statutes of limitations and deadlines applicable to the California Tax Claim previously entered into between the Reorganized Debtors and the State shall remain enforceable.

4.      The Reorganized Debtors may indicate that the California Tax Claim has been satisfied or otherwise fully-administered in the Chapter 11 Cases; *provided* nothing in this paragraph is intended to have any substantive or preclusive effect on the Reorganized Debtors or on the State.

5.      Except as expressly provided herein, the parties shall be permitted to proceed under State Law to liquidate and enforce the California Tax Claim.

6.      Except as expressly provided herein, nothing contained herein is intended to or shall constitute a waiver by the Reorganized Debtor of its rights and privileges under State Law.

7.      Except as expressly provided herein, nothing contained herein is intended to or shall constitute a waiver by the State of its rights and privileges under State Law.

8.      In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

9. This Stipulation shall be binding on the Parties and each of their successors in interest.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: October 28, 2021

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General

By: */s/ Jane Kim*
_____

*Attorneys for Debtors*
*and Reorganized Debtors*

By: */s/ Matthew Heyn*
_____
Matthew C. Heyn, Deputy Attorney General
*Attorneys for the California Department of*
*Tax and Fee Administration*