Signed and Filed: October 28, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Richard K. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING STIPULATION REGARDING RECONCILIATION OF CERTAIN TAX CLAIMS WITH THE CALIFORNIA FRANCHISE TAX BOARD** |

The Court having considered the *Stipulation Regarding Reconciliation of Certain Tax Claims with the California Franchise Tax Board*, dated October 27, 2021 [Dkt. No. 11496] (the "Stipulation"),[1] entered into by PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), as reorganized debtors (collectively, the "Debtors" and as reorganized pursuant to the Plan (as defined below), the "Reorganized Debtors") in the above-captioned cases (the "Chapter 11 Cases"), and State of California by and through the Franchise Tax Board (the "FTB," and, together with the Debtors and Reorganized Debtors, the "Parties"), on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. Except as set forth in paragraph 2 and 3 of the Stipulation, upon the date of the entry of this Order, the Confirmation Order (including the injunction described in paragraphs 49 and 52 of the Confirmation Order) and the Plan (including the injunction described in sections 10.3 and 10.6 of the Plan) are modified, to the extent necessary, to permit the FTB to liquidate and enforce the California Tax Claims in accordance with California state law and procedures (hereafter, "State Law"), as if these Chapter 11 Cases had not been commenced (including, but not limited to, allowing the State (i) to proceed with, complete, and finalize its audit of the tax years for the taxes asserted in the California Tax Claims, (ii) to complete any administrative proceedings for assessing such taxes, and (iii) to pursue any tax deficiencies associated with such taxes under California law as the FTB determines are appropriate).

2. Notwithstanding paragraph 1 of the Stipulation and this Order, interest and penalties on the California Tax Claims shall be calculated as set forth in the provisions of the Plan and the Confirmation Order otherwise applicable to the California Tax Claims (e.g., to the extent the California Tax Claims constitute "Allowed Priority Tax Claims" they shall be paid "at the applicable nonbankruptcy rate" under section 2.4 of the Plan).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

3. Nothing in the Stipulation or this Order is intended to revive or allow the Franchise Tax Board to liquidate, pursue, or collect any claims that would be barred under the Plan or Confirmation Order because they were not timely filed. For the avoidance of doubt, any agreement with respect to statutes of limitations and deadlines applicable to the California Tax Claims previously entered into between the Reorganized Debtors and the FTB shall remain enforceable.

4. The Reorganized Debtors may indicate that the California Tax Claims have been satisfied or otherwise fully-administered in the Chapter 11 Cases; *provided* nothing in this paragraph is intended to have any substantive or preclusive effect on the Reorganized Debtors or on the FTB.

5. Except as expressly provided herein, the Parties shall be permitted to proceed under State Law to liquidate and enforce the California Tax Claims.

6. Except as expressly provided herein, nothing contained herein is intended to or shall constitute a waiver by the Reorganized Debtor of its rights and privileges under State Law.

7. Except as expressly provided herein, nothing contained herein is intended to or shall constitute a waiver by the FTB or of its rights and privileges under State Law.

8. The Stipulation and this Order shall be binding on the Parties and each of their successors in interest.

9. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

10. The Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

////

////

////

APPROVED AS TO FORM AND CONTENT:

Dated: October 27, 2021

R‍OB B‍ONTA
Attorney General of California
B‍RIAN D. W‍ESLEY
Supervising Deputy Attorney General

By: */s/ Matthew C. Heyn*
Matthew C. Heyn, Deputy Attorney General
*Attorneys for the Franchise Tax Board*