# Exhibit A

STEPHEN L. SCHIRLE  SBN 96085
CESAR V. ALEGRIA, JR.  SBN 145625
**PACIFIC GAS AND ELECTRIC COMPANY**
P. O. Box 7442
San Francisco, CA  94120
Telephone: (415) 973-0360
Facsimile:  (415) 973-5520

DIRECT CORRESPONDENCE TO:

MARK A. HABIB  SBN 150087
**PETERS, HABIB, McKENNA &
JUHL-RHODES, LLP**
Attorneys at Law
414 Salem Street – P. O. Box 3509
Chico, CA  95927-3509
Telephone: (530) 342-3593
Facsimile:  (530) 342-4272

Attorneys for Plaintiff/Cross-Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TRINITY

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Plaintiff,<br>v.<br>PATRICIA A. McCOLM, a single woman; et al<br><br>　　　　Defendants.<br><br>AND RELATED CROSS ACTION. | CASE NO.  10 CV 065<br><br>**TRIAL BRIEF OF PLAINTIFF AND CROSS-DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Action Filed:  June 25, 2010<br>Trial Date:    May 26, 2015 |

Plaintiff and cross-defendant, PACIFIC GAS AND ELECTRIC COMPANY (hereinafter referred to as "PG&E"), hereby submits the following as PG&E's trial brief:

## I.
## CASE OVERVIEW

This case arises out of interference by Patricia McColm ("McColm") with PG&E's

TRIAL BRIEF OF PLAINTIFF AND CROSS-DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY

electric line facilities located within an easement and right of way burdening McColm's real property located in Lewiston, Trinity County, CA. PG&E's facilities consist of poles with accompanying overhead wires and related facilities located within and on a three pole structure positioned a few hundred yards from a PG&E sub-station, with related electric distribution facility rights for poles and related wires now owned and controlled by Trinity County Public Utilities District (TPUD). The sub-station adjoins the West side of the Trinity River, in Lewiston, Trinity County, California, across from the McColm property. The McColm property is contiguous to the East side of the Trinity River, across from the sub-station. PG&E's three pole structure holds a series of wires that span from that structure and cross the Trinity River, connecting directly into PG&E's sub-station.

PG&E's poles and facilities are within a power line segment sometimes referred to as the "Keswick - Trinity" line. This line transmits electricity from the Keswick area, near Redding, in a westerly direction towards Trinity and Weaverville. The line then continues (by another name) in a westerly direction to Eureka. These facilities serve thousands of customers.

PG&E and its predecessor, Northern California Power Company are believed to have maintained facilities on the McColm property pursuant to an existing recorded easement, and under an open and obvious claim of right, since about 1916 when Exhibit A to PG&E's First Amended Complaint ("FAC") was obtained by Northern California Power Company. Additional PG&E records evidence the continuous existence and use of electrical facilities on McColm's property since at least 1951, and at all times thereafter. PG&E diligently but unsuccessfully searched for additional records evidencing electrical facilities on the McColm property between 1916 and 1949. With the exception of the 1916 Grant of Right of Way, records from before 1950 are unavailable.

McColm's parents purchased the property in the early 1970's with the existing PG&E electric transmission facilities and what (in the 1990's) became the existing Trinity Public

Utilities District ("TPUD") electric distribution facilities in place, and fully operational. McColm's father did business with PG&E to add and alter service at the location which is the subject of this case in the 1970's. McColm's parents knew of the long existing easement on the McColm property. The engineer that helped McColm's parents divide their property into multiple parcels also knew of the easement. Reference will be made during the proceedings to PG&E's recorded easement deed mentioned on the recorded Parcel Map dividing the McColm property.

Patricia McColm came into title to the property from her father during April of 2007, before her father died. She recorded vesting deeds evidencing her ownership in the property during August of 2010, after PG&E filed suit against her. Before recording her vesting deeds she recorded bogus deeds of trust (liens) against her property during 2009, in an apparent attempt to protect her property from current and/or future creditors. Those liens are the subject of a default judgment taken by PG&E against the named beneficiary of those liens. The default judgment has been entered by the court.

During PG&E attempts to replace a rotten power pole within the three pole structure during 2009 and 2010, McColm locked her gates and placed automobiles across entrances to her property, resulting in these proceedings. **This is the first point in time that any owner of what is now the McColm property ever contested PG&E's easement rights**. Pursuant to the issuance of an injunction issued by the Court on June 21, 2011, the rotten pole was replaced on July 7, 2011. PG&E's amended complaint includes prescription and declaratory relief causes of action, stating PG&E's need to confirm and record the existence of PG&E's long held easement rights, along with the operational and access rights described in the Exhibit A and Exhibit C easement deeds which have been established by prescription.

On July 7, 2011, McColm filed a cross-complaint against PG&E and Trinity Public Utilities District to quiet title to her property, and for injunctive relief, breach of contract and trespass.

PETERS, HABIB, McKENNA
& JUHL-RHODES, LLP
Attorneys at Law
Chico, California

PG&E took depositions of Gerald Hurlbert and Dero Forslund, McColm's primary witnesses relating to the case. These witnesses do not have any evidence to refute PG&E's claim of decades old existing easements over the McColm property.

## II.
## PG&E'S PRESCRIPTIVE EASEMENT CLAIMS

With the exception of the requirement that taxes be paid, the elements necessary to establish a prescriptive easement are similar to those required to prove acquisition of title by adverse possession; that is, adverse use for the five year prescriptive period.

On appeal, the court will apply a "substantial evidence" standard to its review - i.e. if there is substantial evidence to support the trial court's decision, it is "not open to review on appeal." Applegate v. Ota (1983) 146 Cal.App. 3rd 702, 708.

To establish adverse use it must be shown that the use was open and notorious, continuous and uninterrupted, hostile to the true owner, and under a claim of right. (Civil Code § 1007; Code of Civil Procedures § 321; Taormino v. Denny (1970) 1 Cal.3d 679, 686; Barry v. Sbragia (1978) 76 Cal.App.3d 876, 879.)

Continuous use of an easement over a long period of time without the landowner's interference is presumptive evidence of the existence of a prescriptive easement. The burden then shifts to the landowner to establish that the use was permissive. (Applegate v. Ota (1983) 146 Cal.App. 3d 702, 708-709, 194 Cal.Rptr. 331; MacDonald Property Ins., Inc. v. Bel-Air Country Club (1977) 72 Cal.App.3d 693, 702-703, 140 Cal.Rptr. 367).

When plaintiff has acquired a prescriptive easement, the court cannot require plaintiff to pay anything for the easement to defendant. The title acquired is complete and sufficient and compensation to the defendant is not necessary. (Warsaw v. Chicago Metallic Ceiling, Inc. (1984) 35 Cal.3d 564, 571-572, 199 Cal.Rptr.733, 676 P.2d 581)

TPUD's electric distribution easement rights in the McColm property are well established through the prescriptive acquisition of those rights by PG&E and through the

doctrine of tacking. {See C.C.P. Section 313; <u>Meier v. Meier</u> (1945) 71 Cal. App. 2d 502, 506; <u>Von Neindorff v. Schallock</u> (1937) 21 Cal. App. 2d 44, 48. PG&E was fully in possession of all electric distribution easement rights conveyed to or otherwise acquired by Trinity Public Utilities District by the point in the 1990's when such rights were acquired by TPUD.

Summarizing, the evidence submitted by PG&E will establish by clear and convincing evidence, that PG&E's easements were in place for decades before Patricia McColm acquired her property in 2007, and decades before her parents acquired the property in the 1970's. PG&E believes that its predecessor began using the easement in its current location in around 1917, based on the Exhibit A deed. Additional documentary and physical evidence will establish the use by PG&E of the easements claimed in the FAC since 1951, in a continuous, open and notorious, uninterrupted, and hostile to the true owner manner, under a claim of right.

The scope of a prescriptive easement is generally determined by the nature, character and volume of use of the easement during the prescriptive easement. (<u>Pipkin v. Der Torosian</u> (1983) 35 Cal.App.3d 722, 727, 111 Cal.Rptr. 46; Rest Prop, § 478) In this case, the electric utility easements at issue have always been in use on a continuous basis for at least sixty four (64) years. As a result, the relief requested by PG&E should be granted.

### III.
### PG&E's DAMAGE CLAIMS

McColm has repeatedly interfered with PG&E's rights to protect its facilities and the interests of the public over the past five years. Her interference has resulted in the need for multiple unnecessary trips to the McColm property over the years with multiple types of maintenance crews, trucks, consultants, and experts, unnecessarily costing PG&E tens of thousands of dollars. The extent to which PG&E presents compensatory damage claims that will be enforced against McColm and her property will be determined during trial.

PETERS, HABIB, McKENNA & JUHL-RHODES, LLP
Attorneys at Law
Chico, California

## IV.

## WITNESS LIST

1. Dero Forslund

2. Gerald R. Hurlbert
   Hurlbert Engineering

3. Ernest R. Rouse
   Ernest R. Rouse & Associates

4. Scot D. Wilson
   Senior Land Project Analyst
   Building and Land Services
   Pacific Gas and Electric Company

5. Eric S. Barron
   Electric Transmission Supervisor (Retired)
   Pacific Gas and Electric Company

6. David B. WRAA, MAI (Reserved)
   Bender Rosenthal, Inc.

7. Patricia McColm

8. Trinity Public Utility District Representatives (Number of witnesses and names presently undetermined but may include Mr. Lethbridge; Mr. Butler; Ms. Palmer; Paul Hauser.)

## V.

## REQUESTED FINDINGS BY COURT

PG&E asks the court to make the following findings and rulings at the conclusion of this case, in addition to whatever additional rulings might be requested or deemed appropriate by the court:

1. That PG&E is the legal successor-in-interest to Northern California Power Company, the Grantee (second party) in that certain Grant of Right of Way in favor of Northern California Power Company dated November 11, 1916, recorded with the Trinity County Recorder on December 26, 1916, at Volume 39 of Deeds, Page 98.

2. That PG&E owns an easement to erect, access, and maintain an electric light and power pole transmission and distribution lines and facilities through, over, and across the

lands described in PG&E's Exhibit "C" filed on April 23, 2012, as Exhibit 1 to the Notice of Errata on file with the court, effective nunc pro tunc to January 1, 1957, as described in said Exhibit C, including electric transmission and distribution rights.

3. That PG&E's operational and access rights in the Exhibit "C" easement described in Paragraph 2 above includes the following rights:

    i. The right of PG&E and its successors and assigns to install, replace and maintain a pole line consisting of poles in the location and configuration of the poles and facilities shown on Exhibit "C" referenced above, of such size, form and material, and at such distances apart, as it, or they, may determine, and may maintain on said poles by means of cross-arms or otherwise, along with wires or other conductors of electricity all necessary insulators, connections, and fastenings for the transmission of electric current for any and all purposes to which such current is now or may hereafter be applied; provided that all wires on said pole line shall be suspended and maintained at such distance from the ground as to permit all kinds of farming implements and machinery to pass under.

    ii. The right of PG&E and its successors and assigns to at any time enter upon said Exhibit "C" lands for the purpose of erecting, maintaining, inspecting, and repairing said pole line, or its appurtenances; and PG&E may cut down any trees and clear away any brush along or on the line of said pole line which may interfere with the operation and use thereof.

4. That PG&E's electrical distribution line facilities and easements were acquired by TPUD in the 1990's by way of an Order issued in Eminent Domain proceedings in Trinity County Superior Court, or by other sale or transfer, such that all such electrical distribution facilities operated by PG&E on the McColm property were lawfully transferred to TPUD by such proceedings or transactions during the 1990's.

5. For a permanent injunction enjoining and requiring that defendant Patricia A. McColm, and her agents, servants, and employees, and all persons acting under, in concert with, or for her, allow PG&E access to its easement described in Exhibit C over defendant's real property, for all lawful purposes described in said easements including the right to maintain and replace said facilities and manage vegetation on defendant's property that is under or adjacent to PG&E electric transmission lines;

6. That defendant Patricia A. McColm and her agents, servants, and employees, and all persons acting under, in concert with, or for her, maintain a distance of at least 50 feet from PG&E and its representatives at all times while PG&E and its representatives are on defendant's real property to maintain or replace electrical facilities and/or manage vegetation in accordance with PG&E's easement rights;

7. That PG&E is authorized to remove locks on exterior gates at defendant's properties described in Exhibit C and relocate any vehicle blocking the entry to said property, if any are in place, but only to the limited extent necessary to maintain and repair PG&E's electrical facilities located within the Exhibit C easement and manage vegetation in accordance with the lawful exercise of PG&E's easement rights;

8. That the bond requirement previously issued by the court in connection with the issuance of the preliminary injunction requested by PG&E, which PG&E obtained and filed confirmation of with the court, be terminated and no longer required; and

9. Such other findings and rulings as the court deems proper at the conclusion of the case.

Dated: 5/20/15

PETERS, HABIB, McKENNA
& JUHL-RHODES, LLP

MARK A. HABIB
Attorneys for Plaintiff/Cross-Defendant
PACIFIC GAS AND ELECTRIC COMPANY

TRIAL BRIEF OF PLAINTIFF AND CROSS-DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY

8