# Exhibit D

PATRICIA A. MCCOLM
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment

October 29, 2021

Court of Appeal, Third Appellate District
914 Capitol Mall
Sacramento, CA 95814-4814
Fax by Permission

Re: C080984 *PG&E v McColm*: **REQUEST FOR EMERGENCY ORDER THE COURT DEEMS APPROPRIATE TO STOP PG&E MISUSE OF THE JUDGMENT ON APPEAL TO INFLICT UNLAWFUL ACCESS AND DAMAGE TO MCCOLM LANDS BY RESPONDENT REPRESENTATION THAT THE MISCONDUCT IS ALLOWED BY THE JUDGMENT AND THE COURT OF APPEAL DID NOT ISSUE A STAY; EVEN THOUGH IT APPEARS AN AUTOMATIC STAY APPLIES;** *Daly v San Bernardino County Board of Supervisors S260209*.

Your Honors:

It is hereby respectfully requested that an appropriate emergency remedy be fashioned to protect the status quo, McColm land and owner's constitutional property rights, pending outcome of the appeal; from the immediate harm being directed by Respondent's attorney Mark Habib as more fully set forth below:

Under the guise of permission pursuant to alleged lack of stay on appeal of the Judgement in the above entitled matter, Respondent PG&E has without notice to this Appellant, cut locks and chains, ripped out stakes and fencing along the 2004 installed Private Road, McColm Drive area along Deadwood Road, to enable unlawful entry with multiple heavy trucks / machinery, once again in the rainy season, collapsing the road and tearing up some 350 feet of McColm lands outside the disputed easement area, creating long muddy ruts and several foot deep ditch-like wide hazardous depressions along and across the entire land between the Deadwood Road and the power lines.

To assist in this abuse, PG&E invited Trinity County sheriff personnel to trespass on McColm lands, NOT part of the disputed easement, to prevent this Appellant from entry through the ripped open McColm Drive gate and prevent Appellant's movement past extensive far away from power lines, strung yellow tape, placed even next to the McColm cabin, again telling Appellant, if she went past the tape she would be arrested, standing in front of her, trying to prevent photos being taken of the monstrous "get stuck in the mud" wide damage being inflicted

1

onto the property; causing severe emotional distress with crying out in extreme pain at the "rapist-like" destruction of the land, making it essentially worthless for the intended purpose of residential farm land. There is no way that with destruction by unlawful PG&E access "doing whatever it wants," anyone will want to risk trying to live on such lands with destruction of entry and garden lands at will by the invaders.

The trespassing officers even drove their vehicles onto the property contributing to the muddy ruts, having PARKED ON AN ENTIRELY DIFFERENT LOT FROM WHERE THE POLES ARE LOCATED WITH YELLOW TAPE AT VEHICLE NOSE; saying this Appellant could not pass; alleging the easement, was where they were parked! That is wrong. Objection to the trespass and request to leave the unlawfully occupied land was ignored. It was alleged that PG&E invited them to do a "civil stand by" and that included preventing me from moving on my own property. They were directed by this Appellant to "stand-by" at Deadwood Road, which they ignored, saying they were under direction of Mark Habib to PG&E, who authorized what they were doing.

The sheriff personnel alleged that they were doing what Respondent's Attorney Mark Habib alleged was ALLOWED under the Judgement absent another order. This was confirmed by PG&E employee Jason Thomas, who took no action to tell the Sheriff personnel they were trespassing and to leave; just telling this Appellant that I should call Mark Habib. I did call and object to the misconduct asking that he agree to stop the unlawful access, he knew was NOT part of the Judgment. One Sheriff officer even pulled out the Judgement and pointed to the map alleging they could keep me out of my property pointing to the ENTIRE MAP OF THE SUBDIVISION. Pointing to the top of LOT D he falsely alleged that the entire lot was part of the PG&E easement up to Deadwood Road and that I could be kept out of that entire lot and thus, entry to the entire subdivision!!! They refused to accept that the description of the disputed easement on appeal, did NOT include the lands upon which the trespass was occurring. Even the PG&E land man, Jason Thomas, refused to correct the clearly known falsehood.

The land man for PG&E, Jason Thomas, alleged that a "certified" letter was sent to this Appellant. That is FALSE! No such letter was received. This Appellant asked to see a copy of the alleged letter and was given a letter; that showed more PG&E intentional misconduct to obtain an unfair advantage by it own wrongs, where the **letter was addressed to a FALSE ADDRESS: "P.O. Box 493037."** A true and correct copy of the letter provided, is attached hereto as EXHIBIT A and made a part hereof. **Respondent clearly knows Appellant's correct address from all the activity in this case.**

The bogus letter the author stated was directed by Mark Habib, appears to be a clear bad-faith tactic to deny actual notice to this Appellant; such that appropriate application for relief, could not more timely be prepared and bought before this Court. It is this blatantly false continuing manipulative misconduct without relief, that is so painful to absorb. As corporate counsel said: "*You have no rights, you are a vexatious litigant,*" putting that 25 year old stigma in the first paragraphs of it false pleading against this 75 year old Appellant; which clearly

2

continues to be the modus operandi being perpetrated by PG&E to "take what it wants" without regard to this owner's constitutional property rights or law. Elder persons with disability, stigmatized or not, should not be repeatedly victimized by PG&E misconduct in deprivation of property interests taking away all he/she may have left to survive in last years. Appellant's blood pressure was again at stroke level upon infliction of the wrongdoing.

The alleged purpose for the unlawful entry also appears to be unlawful. Without notice to this Appellant, without posting the poles for any work pertaining thereto, without obtaining a permit from the Public Utilities Commission or any other entity and clearly without application to this Court setting forth any necessity, Respondent's attorney Mark Habib directed his client to **REPLACE ALL THREE POLES WITH *TALLER* EVEN MORE UGLY *STEEL* POLES** with ladders and annoying bright reflective shiny tops; without regard to the fact that the lawsuit started with alleged need to replace one pole and one pole was replaced. Thus, it clearly did not need to be replaced again! How many more overburdening entities will the new poles and PG&E abuse allow? All inflicted without notice of the joint pole agreement; disclosed in the case, that was entered into without permission of the McColm owner. At trial, expert testimony stated that a single pole, believed to be of the type now being installed, was sufficient for all PG&E wires without need for the three pole structure. Taking out all poles as is intended now, PG&E could have totally removed the poles and gone back to where it actually had a recorded easement well above McColm lands and/or moved at this time to the North property line with a single pole line; instead of even more destruction and overburdening of the McColm property.

NEW WIDER HOLES ARE BEING DUG SEVERAL FEET AWAY FROM THE EXISTING POLES; THUS ENLARGING THE ENTIRE AREA OF THE FRAUDULENT "TAKE OVER" OF MCCOLM LANDS. It is unknown if there will be even MORE than the three poles. The land is becoming so visually oppressive and hazardously cluttered with guy wires and pitted with fall risk damage that it is impossible to have any invitee come thereon. The PG&E UNETHICAL MISREPRESENTATIONS to take advantage of its own wrongs to deny this property owner civil and constitutional rights, has got to end!

Once again, a PG&E lock was placed on the "Private Road McColm Drive" gate, preventing access by this owner without offer of a key. An agreement was previously made with a PG&E official for a temporary PG&E gate to be installed under the power lines at the North Property line pending outcome of appeal, which it has ignored. There is also another gate along the North Property line, that PG&E has been given permission to use in the past. There is no apparent reason, other than to abuse Appellant, that said North Property line gate was NOT used; in particular, where the power lines come over that North property line with poles in close proximity, which is more easily accessed through that gate than 350 feet away! If a "break-in" was intended, a "break-in" at the North property line gate, would have been simple and would not be causing the *extensive irreparable damage* being inflicted on the McColm lands Thursday and intended to continue on Friday. Thus, the request is urgent to avoid further irreparable harm.

As time and health have limited the ability of this Appellant to present this good cause application as may best suitable to meet the processes of this Court with authority, a copy of

Appellant's response to Objection her PG&E claim in the U.S. Bankruptcy Court for past damage is attached hereto as **EXHIBIT F**, incorporated herein by reference as though fully set forth herein, Judicial Notice of which is further hereby requested.

This Court is respectfully requested to fashion a remedy to immediately STOP the announced return by PG&E on October 29, 2021 to continue its destructive activity; once again, to be inflicted through unlawful access by PG&E at the "Private Road McColm Drive" gate along Deadwood Road; with its irreparable property damage, being wrongfully perpetrated as purportedly allowed by the Judgement on appeal; in particular, because the perpetrators state that Court did NOT previously issue a stay; even though, the automatic stay appears to apply. (See *Daly v San Bernardino Board of Supervisors* S260209). Preventing notice to Appellant, by a knowingly false addressed letter, is unconscionable unethical conduct to take advantage of its own wrongs, from which Respondent should not benefit.

Attached are four pictures showing some of the abuses described above, before the really bad damage became apparent and photographed at the end of the day; which unfortunately, the camera attached to computer and lack of knowledge of this Appellant was unable to print at this time. They may be able to be provided hereafter.

Respondent is wrongfully acting on false pretenses to harm Appellant, at a time when it is on notice that Appellant may not be able to articulate in her best interest; in particular, under the time limitation and distress inflicted by the PG&E abuse perpetrated this date. Further, it appears that PG&E believes that its installation of more permanent facilities will work against Appellant on appeal, hoping this Court will not want to order PG&E to vacate McColm lands. Hopefully, PG&E will be proven wrong.

As this Court deems just and proper, Appellant prays for emergency relief from the continuing harm and risk to life being perpetrated by PG&E, under the guise that such is allowed by a Judgement not stayed by Order of this Court, even though it appears the automatic stay on appeal applies.

This letter request is being faxed to counsel for PG&E, Mark Habib, at (530) 342-4272 before 8:00 a.m. on October 29, 2021.

Your kind consideration is appreciated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct by personal knowledge and information and belief.

Sincerely,

Patricia A. McColm

4

enc. Exhibit A: October 27, 2021, False Address Letter: Thomas to McColm
Exhibit B: Photo: Cut locks/chains at Deadwood Road
Exhibit C: Photo: Start of further road/rut damage with wrongfully parked cars outside disputed easement area.
Exhibit D: Photo: Sheriff preventing access by Appellant to her own real property.
Exhibit E: Photo: Deep hole in land created by heavy machines/worse under platform.