KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Gayle L. Gough (#154398)
(gayle.gough@ghcounsel.com)
Laura L. Goodman (#142689)
(laura.goodman@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415.848-8918

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OBJECTIONS TO DECLARATIONS OF SCOTT BATES, COURTNEY MCALISTER, JOHN MORENO, AND MARK WEST IN SUPPORT OF THE RESPONSE TO REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 58562 [DOCKET NOS. 11479-1, 11479-2, 11479-3, AND 11479-4]**<br><br>[Relates to Docket Nos. 11288, 11479]<br><br>Date: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submit the following objections to the declarations of Scott Bates (the **"Bates Declaration"**), Courtney McAlister (the "**McAlister Declaration**"), John Moreno (the "**Moreno Declaration**"), and Mark West (the "**West Declaration**") [Docket Nos. 11479-1, 11479-2, 11479-3, and 11479-4] filed in support of the *Response to Reorganized Debtors' Objection to Proof of Claim No. 58562 Filed by Fulcrum Credit Partners LLC as Transferee of Tuscan Ridge Associates, LLC* [Docket No. 11479].

**Objections to Bates Declaration [Docket No. 11479-1][2]**

1. Objection is made to paragraph 3 and Exhibit A ("pictures taken from internet") on the grounds that there is no foundation to establish the authenticity, relevance, or declarant's personal knowledge regarding the "pictures taken from the internet." *See* FRE 602.

2. Objection is made to paragraph 9 of the Bates Declaration on the ground that it is argumentative, vague and ambiguous. *See* FRE 611; FRE 403.

3. Objection is made to the first sentence of paragraph 10 of the Bates Declaration on the ground that the Declarant does not state that he "began to discuss terms for use of the Property with PG&E" and may lack personal knowledge. *See* FRE 602. The statement is also argumentative, vague and ambiguous. *See* FRE 611; FRE 403. Objection is made to the second sentence of paragraph 10 of the Bates Declaration on the grounds that it lacks foundation and is vague and ambiguous. Objection is made to the fourth sentence in paragraph 10 of the Bates Declaration on the grounds that it is argumentative and directly contrary to the terms of the integrated Letter Agreement, which states that TRA, not PG&E, "winterized" the property by transporting and dumping gravel and base rock at the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Reorganized Debtors' Objection to Proof of Claim No. 58562 Filed by Fulcrum Credit Partners LLC as Transferee of Tuscan Ridge Associates, LLC* [Docket No. 11288].

[2] The Declaration of Scott Bates in Support of Response to Reorganized Debtors' Objection to Proof of Claim no. 58562 [Docket No. 11479-1] contains essentially the same statements that are in the Declaration and Supplemental Declaration of Scott Bates filed in Support of the Motion for Relief from Plan Injunction to Compel Arbitration and/or for Abstention [Docket Nos. 11066-2 and 11305-3]. PG&E objects to the declarations of Scott Bates filed as Docket Nos. 11066-2 and 11305-3 on the same grounds that PG&E objects to the declaration of Scott Bates filed as Docket No. 11479-1.

expense of PG&E—all with TRA's express agreement.  *See* FRE 611; FRE 403; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).  Objection is made to the fifth and sixth sentences in paragraph 10 and Exhibit B on the grounds that they do not indicate personal knowledge and lack foundation.  *See* FRE 602.

   4. Objection is made to paragraph 11 of the Bates Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 20, 2018.  *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

   5. Objection is made to paragraph 12 of the Bates Declaration on the grounds that it constitutes impermissible hearsay.  *See* FRE 801(c).  Further objection is made to paragraph 12 on the ground that it lacks foundation and is inconsistent with other facts, including the Letter Agreement.  *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

   6. Objection is made to paragraph 13 of the Bates Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 20, 2018.  *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).  Further objection is made to paragraph 13 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.

   7. Objection is made to paragraph 14 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.  Objection is made to paragraph 14 of the Bates Declaration on the grounds that it constitutes impermissible hearsay.  *See* FRE 801(c).  Further objection is made to paragraph 14 of the Bates Declaration on the grounds that it is inadmissible compromise offers and negotiations.  *See* FRE 408.

   8. Objection is made to paragraph 15 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.  Objection is made to paragraph 15 of the Bates Declaration on the grounds that it constitutes impermissible hearsay.  *See* FRE 801(c).  Further objection is made to paragraph 15 of the Bates Declaration on the

grounds that it is inadmissible compromise offers and negotiations.  *See* FRE 408.

9. Objection is made to paragraph 16 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.  Objection is made to paragraph 16 of the Bates Declaration on the grounds that it constitutes impermissible hearsay.  *See* FRE 801(c).  Further objection is made to paragraph 16 of the Bates Declaration on the grounds that it is inadmissible compromise offers and negotiations.  *See* FRE 408.

10. Objection is made to paragraph 17 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.  Objection is made to paragraph 17 of the Bates Declaration on the grounds that it constitutes impermissible hearsay.  *See* FRE 801(c).  Further objection is made to paragraph 17 of the Bates Declaration on the grounds that it is inadmissible compromise offers and negotiations.  *See* FRE 408.

11. Objection is made to paragraph 18 of the Bates Declaration on the ground that it lacks foundation regarding the ECC's entry onto the property.  *See* FRE 611; FRE 403; FRE 104.

12. Objection is made to paragraph 19 of the Bates Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.

13. Objection is made to paragraph 20 on the ground that it is vague, ambiguous, argumentative and lacks foundation.  *See* FRE 611; FRE 403; FRE 104.

**Objections to McAlister Declaration [Docket No. 11479-2][3]**

14. Objection is made to paragraph 3 of the McAlister Declaration on the ground that it lacks foundation and to the extent that it is inconsistent with the September Agreement.  *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

15. Objection is made to paragraph 4 of the McAlister Declaration on the grounds that it

---

[3] The Declaration of Courtney McAlister in Support of Response to Reorganized Debtors' Objection to Proof of Claim no. 58562 [Docket No. 11479-2] contains statements and exhibits that are in the Declaration of Courtney McAlister filed in support of the Motion for Relief from Plan Injunction to Compel Arbitration and/or for Abstention [Docket No. 11305-1].  PG&E objects to the declaration of Courtney McAlister filed as Docket No. 11305-1 on the same grounds that PG&E objects to the declaration of Courtney McAlister filed as Docket No. 11479-2.

constitutes impermissible hearsay.  *See* FRE 801(c).

16. Objection is made to paragraph 5 of the McAlister Declaration on the ground that it lacks foundation and to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

17. Objection is made to paragraph 6 and Exhibit A of the McAlister Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801. Objection is made to paragraph 6 and Exhibit A of the McAlister Declaration on the ground that it lacks foundation and to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

18. Objection is made to paragraph 7 and Exhibit B of the McAlister Declaration to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

19. Objection is made to paragraph 8 and Exhibit C of the McAlister Declaration to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

20. Objection is made to paragraph 9 and Exhibit D of the McAlister Declaration to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990). Further objection is made to paragraph 9 of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

21. Objection is made to paragraph 10 of the McAlister Declaration to the extent that it is inconsistent with the November 20, 2018 Letter Agreement. *See* FRE 104; Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261,

284 (1990). Further objection is made to paragraph 10 of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

22. Objection is made to paragraph 11 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104.

23. Objection is made to paragraph 12 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104. Further objection is made to paragraph 12 of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

24. Objection is made to paragraph 13 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104. Objection is made to paragraph 13 and Exhibit E of the McAlister Declaration on the grounds that it constitutes impermissible hearsay. *See* FRE 801(c). Further objection is made to paragraph 13 and Exhibit E of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

25. Objection is made to paragraph 14 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104. Objection is made to paragraph 14 and Exhibit F of the McAlister Declaration on the grounds that it constitutes impermissible hearsay. *See* FRE 801(c). Further objection is made to paragraph 14 and Exhibit F of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

26. Objection is made to paragraph 15 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104. Objection is made to paragraph 15 and Exhibit G of the McAlister Declaration on the grounds that it constitutes impermissible hearsay. *See* FRE 801(c). Further objection is made to paragraph 15 and Exhibit G of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

27. Objection is made to paragraph 17 of the McAlister Declaration on the ground that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104.

28. Objection is made to paragraph 18 of the McAlister Declaration on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 611; FRE 403; FRE 104. Objection is made to paragraph 18 and of the McAlister Declaration on the grounds that it constitutes impermissible hearsay. *See* FRE 801(c). Further objection is made to paragraph 18 of the McAlister Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

### **Objections to Moreno Declaration [Docket No. 11479-3][4]**

29. Objection is made to paragraph 4 of the Moreno Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990). Further objection is made to paragraph 4 on the grounds the declarant has provided no foundation for his "understanding" or established personal knowledge of the baseline condition or PG&E's use as alleged. *See* FRE 602. Objection is made to paragraph 4 of the Moreno Declaration on the grounds it is impermissible opinion testimony. *See* FRE 702-703.

30. Objection is made to paragraph 5 of the Moreno Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990). Objection is made to paragraph 5 of the Moreno Declaration on the grounds it is impermissible opinion testimony. *See* FRE 702-703.

31. Objection is made to paragraph 6 of the Moreno Declaration to the extent it purports to interpret and characterize the provisions of the integrated Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990). Objection is made to paragraph 6 on the grounds the declarant has provided no foundation for his "understanding" or established personal knowledge of the

---

[4] The Declaration of John Moreno in Support of Response to Reorganized Debtors' Objection to Proof of Claim no. 58562 [Docket No. 11479-3] contains statements and exhibits that are in the Declaration of John Moreno filed in support of the Motion for Relief from Plan Injunction to Compel Arbitration and/or for Abstention [Docket No. 11305-2]. PG&E objects to the declaration of John Moreno filed as Docket No. 11305-2 on the same grounds that PG&E objects to the declaration of John Moreno filed as Docket No. 11479-3.

baseline condition or PG&E's use as alleged. *See* FRE 602. Objection is made to paragraph 6 and Exhibit A on the grounds that they are vague, ambiguous, argumentative, lacks foundation, and inadmissible hearsay. *See* FRE 611; FRE 403; FRE 104; FRE 801(c). Objection is made to paragraph 6 and Exhibit A of the Moreno Declaration on the grounds it is impermissible opinion testimony. *See* FRE 702-703.

32. Objection is made to paragraph 7 of the Moreno Declaration on the grounds that it is vague, ambiguous, argumentative, lacks foundation, and inadmissible hearsay. *See* FRE 611; FRE 403; FRE 104; FRE 801(c). Objection is made to paragraph 7 of the Moreno Declaration on the grounds it is impermissible opinion testimony. *See* FRE 702-703.

33. Objection is made to paragraph 8 and Exhibit B of the Moreno Declaration on the grounds that they are vague, ambiguous, argumentative, lack foundation, and inadmissible hearsay. *See* FRE 611; FRE 403; FRE 104; FRE 801(c). Objection is made to paragraph 8 and Exhibit B of the Moreno Declaration on the grounds they are impermissible opinion testimony. *See* FRE 702-703.

34. Objection is made to paragraph 9 and Exhibit B of the Moreno Declaration on the grounds that they are vague, ambiguous, argumentative, lack foundation, and inadmissible hearsay. *See* FRE 611; FRE 403; FRE 104; FRE 801(c). Objection is made to paragraph 9 and Exhibit B of the Moreno Declaration on the grounds it is impermissible opinion testimony. *See* FRE 702-703.

**Objections to West Declaration [Docket No. 11479-1]**

35. Objection is made to paragraph 3 of the West Declaration to the extent it purports to interpret and characterize the provisions of the initial Letter Agreement that preceded the Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

36. Objection is made to paragraph 4 of the West Declaration on the ground that it is argumentative, vague and ambiguous. *See* FRE 611; FRE 403. Objection is made to paragraph 4 of the West Declaration that the grounds there is no foundation to establish personal knowledge. *See* FRE 602. Objection further made to paragraph 4 of the West Declaration to the extent it purports to interpret and characterize the provisions of the initial Letter Agreement or the Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v.*

*Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

37. Objection is made to paragraph 5 of the West Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801.

38. Objection is made to paragraph 6 of the West Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801. Objection is further made to paragraph 6 of the West Declaration to the extent it purports to interpret and characterize the provisions of the Letter Agreement dated November 20, 2018. *See* Cal. Civ. Code § 1625; Cal. Code Civ. Proc. § 1856; *Cruzan by Cruzan v. Director of Missouri Dept. of Health*, 497 U.S. 261, 284 (1990).

39. Objection is made to paragraph 7 of the West Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801.

40. Objection is made to paragraph 8 of the West Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801.

41. Objection is made to paragraph 9 of the West Declaration on the grounds of impermissible hearsay, lack of personal knowledge, and the statement is argumentative, vague and ambiguous. *See* FRE 602; FRE 611; FRE 403; FRE 801. Further objection is made to the paragraph 9 of the West Declaration on the grounds that it is inadmissible compromise offers and negotiations. *See* FRE 408.

The Reorganized Debtors respectfully request that the Court sustain their Objections to the declarations of Scott Bates, Courtney McAlister, John Moreno, and Mark West.

Dated: November 2, 2021  **KELLER BENVENUTTI KIM LLP**
**GOUGH & HANCOCK LLP**

By: */s/ Gayle L. Gough*
Gayle L. Gough

*Attorneys for Debtors and Reorganized Debtors*