Signed and Filed: November 4, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:  (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND GRANTING RELATED RELIEF** |

Upon the Motion, dated October 19, 2021 (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), in accordance with Section 7.1 of the Plan, sections 105(a) and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the deadline for the Reorganized Debtors to object to claims by an additional one hundred eighty (180) days, through and including June 21, 2022, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on the Motion; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the McWilliams Declaration submitted in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The deadline for the Reorganized Debtors to object to Claims under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is further extended by one hundred eighty (180) days, through and including June 21, 2022, without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**"), as applicable.

2

3.  Consistent with the Plan and the Confirmation Order, the Debtors and Reorganized Debtors shall have no obligation to object to Fire Victim Claims or Subrogation Wildfire Claims, nor shall any such non-objection constitute an allowance or deemed allowance of any Fire Victim Claim or Subrogation Wildfire Claim. Pursuant to the Plan and the Confirmation Order, all Fire Victim Claims and Subrogation Wildfire Claims have been channeled to the Fire Victim Trust or the Subrogation Wildfire Trust, as applicable, and shall be resolved by the applicable Fire Victim Trust or Subrogation Wildfire Trust, in each case, without any recourse to or Claims whatsoever against the Debtors or Reorganized Debtors or their assets and properties.

4.  Notwithstanding the foregoing paragraphs, the deadline for the Reorganized Debtors to object to Claim Number 78104, filed by the California Department of Water Resources, under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is extended through and including March 23, 2022, without prejudice to the right of the Reorganized Debtors to move for a further extension of such date.

5.  For the avoidance of doubt, the relief granted herein does not apply to the existing deadlines for the Reorganized Debtors to object to the CAL FIRE Claims and the United States Claims.

6.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **