HOLLAND & KNIGHT LLP
Thomas D. Leland (pro hac vice)
Leah E. Capritta (pro hac vice)
1801 California Street, Suite 5000
Denver, CO 80202
Telephone: (303) 974-6660
Facsimile: (303) 974-6659
Email: thomas.leland@hklaw.com
       leah.capritta@hklaw.com

HOLLAND & KNIGHT LLP
Vito Costanzo (SBN 132754)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Email: vito.costanza@hklaw.com

Attorneys for
TIGER NATURAL GAS, INC.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtor. | CASE NO. 19-30089 (DM)<br><br>Chapter 11<br><br>**DECLARATION OF LEAH E. CAPRITTA IN SUPPORT OF TIGER NATURAL GAS INC.'S MOTION FOR RELIEF FROM PLAN INJUNCTION**<br><br>Date: December 7, 2021<br>Time: 10:00 AM<br>Judge: Hon. Dennis Montali<br>Ctrm: 17 |

#152239399_v1

1

DECLARATION OF LEAH E. CAPRITTA IN SUPPORT
OF MOTION FOR RELIEF FROM PLAN INJUNCTION                                  NO. 19-30089 (DM)

# DECLARATION OF LEAH E. CAPRITTA

I, Leah E. Capritta, declare as follows:

1. I am over the age of 18 and have personal knowledge of the matters stated herein. I am an attorney licensed to practice in the State of Colorado and admitted pro hac vice to practice before this Court. I am a partner at the law firm of Holland & Knight LLP and am counsel for Tiger Natural Gas, Inc. ("Tiger"). I make this declaration in support of Tiger's Motion for Relief from Injunction. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2. On November 18, 2016, Tiger filed a lawsuit against Debtor PG&E in the United States District Court for the Northern District of California in connection with PG&E's fraudulent and deceptive behavior in acting as Tiger's billing and collection agent in the case styled *Tiger Natural Gas, Inc. v. Pacific Gas and Electric Company, et al.*, Case No. 4:16-CV-06711 (JSW) (the "District Court Case").

3. Judge Jeffrey S. White presides over the District Court Case.

4. The District Court Case presents complicated fact patterns over several different divisions within Debtor PG&E, a series of complex business torts, and a rubric of procedural and discovery wrangling.

5. The parties deposed nine individuals (in addition to the 23 depositions taken in a similar lawsuit initiated by United Energy Trading, LLC) and exchanged hundreds of thousands pages of documents.

6. In addition, the parties analyzed millions of transactions from tens of thousands of accounts from PG&E's CC&B system, itself a remarkably complex program.

7. The parties engaged forensic accounting experts and economists.

8. In addition, the District Court presided over several discovery issues involving apparent errors and inconsistencies in the CC&B system.

9. On July 31, 2018, Magistrate Judge Sallie Kim ordered PG&E to review a series of pre-selected accounts and provide a "person most knowledgeable" to testify regarding the transactions.

10. In the course of prepping its witness, on September 17, 2018, PG&E acknowledged that "certain financial transactions" were missing from all of the CC&B data.

11. On October 15, 2018, the Court ordered PG&E to permit a forensic expert to examine CC&B.

12. When PG&E curtailed that examination, the Court again ordered two additional days of forensic review, which the parties scheduled to occur on January 28 and 29, 2019.[1]

13. While the parties completed the first day, PG&E filed the instant petition early in the morning on January 29, 2019, preventing the second day of examination.

14. As the foregoing shows, the course of discovery before the District Court reflects a complicated background.

15. The interplay between the regulatory environment and the legal framework for many of the business torts alleged in the complaint create additional complexity.

16. The California Public Utilities Commission regulated both the CTAs and PG&E and issued decisions at various times on which both parties rely for their legal positions.

17. The District Court, accordingly, acquired an expertise in these complicated issues.

18. Except for the foregoing forensic examination, fact discovery closed on December 21, 2018.

19. Expert discovery would have closed on May 6, 2019.

20. Finally, the Court set September 16, 2019, as the first day of trial.

21. On January 29, 2019, the Debtor filed the instant Chapter 11 Petition as Case No. 19-30088 (DM). (Dkt. 1.) At the time of this bankruptcy filing, the following matters pended before the District Court:

    a. Dispositive motions deadline on June 21, 2019;

    b. *Daubert* motions deadline on August 2, 2019;

    c. Parties' Pre-Trial Conference set for August 19, 2019;

    d. Motions *in Limine*; and

    e. Trial set for September 16, 2019.

---

[1] On January 17, 2019, PG&E moved to stay the examination entirely, which the Court denied.

22. On February 27, 2019, the District Court stayed the case in its entirety while PG&E worked its way through the reorganization process. The parties have provided status reports to the District Court in six-month intervals in the intervening months.

23. Given the complex nature of the torts alleged, Tiger's claims remain unliquidated.

24. Tiger had not yet disclosed the findings of its damages experts; however, given the on-going nature of PG&E's actions, that sum has only increased.

25. In addition, because PG&E's actions are both fraudulent and intentional, the possibility of exemplary damages and an award of fees and costs exists.

26. Attached to this declaration are true and correct copies of the following pleadings filed with the District Court:

Exhibit 1: Tiger's Complaint;

Exhibit 2: Minute Entry Regarding Initial Case Management Conference;

Exhibit 3: Order Denying Defendant's Motion for Temporary Stay or Extension of Time to Complete Limited Discovery;

Exhibit 4: Order on Discovery Dispute Regarding Requests for Production of Documents;

Exhibit 5: Order Granting Motion to Extend Fact Discovery Deadline;

Exhibit 6: Order Regarding Discovery Dispute; and

Exhibit 7: Case docket.

27. On May 11, 2020, the parties attended a formal mediation with the Honorable Carl West of JAMS.

28. On July 21, 2021, the parties held a formal mediation, as ordered by this Court and further to the Plan, with the Honorable Wynne S. Carvill of JAMS but were not able to reach a resolution of the matter. This mediation followed the exchange of settlement offers as required under the General Claims ADR Procedures Order.

29. On November 3, 2021, I emailed Laurie Edelstein, PG&E's counsel of record in the District Court case, and Peter Benvenutti, counsel of record in the Bankruptcy, requesting a stipulation to the relief from stay. Neither has responded.

30. As of today's date, I am not aware of any objection by the Reorganized Debtors to Tiger's claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 4, 2021

**HOLLAND & KNIGHT LLP**

By: /s/ *Leah E. Capritta*
Leah E. Capritta

*Attorneys for Tiger Natural Gas, Inc.*