UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGER NATURAL GAS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>        Defendants. | Case No.  16-cv-06711-JSW   (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 108 |

The parties have filed a joint letter brief to address their dispute regarding the Court-ordered meeting on the generation of the customer financial transaction data files for litigation. This dispute is a continuation of an earlier dispute regarding the same data, but this dispute follows a meeting the Court ordered for the parties' experts and employees to discuss the data.

The parties initially filed a letter brief on this subject on October 1, 2018. (Dkt. 86.) At a hearing on October 15, 2018, the Court ordered as follows:

> The Court rules that the parties will meet by 12/7/2018 to discuss the gathering and organization of the data regarding customer billing and payment from the CC&B system. Plaintiff will choose one expert/computer analyst for the discussion, and Defendants can designate any employees necessary for the meeting. Attorneys may be present for the meeting. The parties' designees will meet for up to five hours to discuss the process of gathering and organizing the data, and Plaintiff can review the actual database and technology to review the process. However, Plaintiff's expert/computer analyst may not alter or manipulate core data, and the discussion will not go into the issue in this case of how PG&E generated reports regarding customer billing and payments from the CC&B system for Plaintiff. PG&E is ordered to pay for up to five hours of time for Plaintiff's designated expert/computer analyst, not to exceed $750 per hour but billed at the regular consulting rate for the expert/computer analyst.

(Dkt. 92.)

/ / /

Before the meeting occurred, the parties submitted this letter brief on November 29, 2018 because Plaintiff predicted that five hours would be insufficient for its expert/computer analyst to analyze the data. (Dkt. 108.) The parties met on December 4, 2018 (Dkts. 111, 112), and Plaintiff (through its expert/computer analyst) contends that the "meeting . . . was not sufficient to do a proper analysis of the queries." (Dkt. 111.) In particular, Plaintiff contends that PG&E was unable to explain three main areas of concern: (1) how "how the queries it had used produced data showing that a single service account identification number was associated both with a third-party provider and wit PG&E;" (2) "why some queries produced financial records which were completely identical to each other, including fields that PG& claimed would necessarily be *unique per financial transaction*;" and (3) "how the queries it had used produced data showing many transactions with an arrears date falling after the accounting date." (Dkt. 111 (emphasis in original).)

Plaintiff thus asks for up to two additional days "for review of PG&E's CC&B system to allow [Plaintiff's] consultant to ascertain the accuracy of the information provided by PG&E[.]" However, Plaintiff does not specify the parameters of the "review." Previously, as noted above, PG&E had resisted, and the Court did not allow Plaintiff to alter or manipulate core data.

Given the continuing questions that Plaintiff has raised, the Court ORDERS as follows: The parties will meet by January 31, 2019 to discuss further the gathering and organization of the data regarding customer billing and payment from the CC&B system. Plaintiff will choose one expert/computer analyst for the discussion, and Defendants can designate any employees necessary for the meeting. Attorneys may be present for the meeting. The parties' designees will meet for up to ten hours total over two days to discuss the process of gathering and organizing the data, and Plaintiff can review the actual database and technology to review the process. However, Plaintiff's expert/computer analyst may not alter or manipulate core data, and the discussion will not go into the issue in this case of how PG&E generated reports regarding customer billing and payments from the CC&B system for Plaintiff. The parties will bear their own attorneys' fees and costs, including the costs of their own experts and analysts. Five days before the actual meeting, Plaintiff will submit questions from the initial meeting to PG&E, in writing, to allow PG&E to

assess the questions and prepare for the meeting.

**IT IS SO ORDERED**.

Dated: January 3, 2019

_____
SALLIE KIM
United States Magistrate Judge