| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS – CLAIM OF DAVID ADDINGTON (CLAIM NO. 3093)**<br><br>**[Related to Docket No. 10673]**<br><br>Date: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: By Zoom Videoconference Only<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the November 9, 2021, 10:00 a.m. omnibus hearing (the "**Status Conference**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of David Addington (Claim No. 3093) (the "**Addington Claim**") through the *Reorganized Debtors' Seventy Ninth Omnibus Objection to Claims (Books and Records Claims)* (the "**Omnibus Objection**") [Docket No. 10673].[1]

Mr. Addington asserts a $3,548,941.93 prepetition claim against the Utility for a "High Voltage Utility-Specific Access Charge." In brief, Mr. Addington alleges that, upon his purported termination in 2017 of an easement on his property dating from 1908, he became entitled to charge Pacific Gas and Electric Company for the electricity being transmitted through its power lines set on that easement. The Reorganized Debtors contend, among other defects in the Addington Claim, that Mr. Addington's attempt to terminate the easement unilaterally, without notice or hearing and without a judicial determination that the easement could be terminated, was invalid as a matter of law, and as such, Mr. Addington has no right to charge the Utility for electricity transmitted on power lines set on PG&E's easement.

## II. PREVIOUS STATUS CONFERENCE AND MEDIATION

On June 30, 2021, the Court held a status conference on the Omnibus Objection, with Mr. Addington and counsel for the Reorganized Debtors present.[2] At the June 30 Status Conference, the Court offered the parties a number of helpful comments, including (i) that the bankruptcy court could issue a ruling quieting title, and (ii) that legal briefing in the form similar to a motion for summary judgment may be the most effective process for resolving the Claim. The Court also

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Objection.

[2] Prior to the June 30 Status Conference, the Reorganized Debtors filed a Status Conference Statement on June 24, 2021 [Docket No. 10851], which is incorporated by reference herein.

suggested that prior to any further briefing, the parties consider resolving their dispute through mediation.

On or around August 26, 2021, the Reorganized Debtors and Mr. Addington participated in an abbreviated mediation under the court-approved ADR procedures before mediator Sandra DeLateur. No resolution was reached at the mediation.

Shortly after the mediation concluded, the Reorganized Debtors became aware that, on or around July 15, 2021, Mr. Addington had filed documents with the California Independent System Operator Corporation (CAISO) seeking to become a participating transmission owner (the "**CAISO Application**"). In the CAISO Application, Mr. Addington asserted, among other things, that he owned the PG&E towers and electrical transmission equipment that have been installed and maintained within the easement that PG&E holds on Mr. Addington's property. The Reorganized Debtors filed a response to Mr. Addington's CAISO Application and also requested that Mr. Addington cease his efforts before CAISO until the objection to the Addington Claim has been resolved in this Court. About a week later, Mr. Addington advised counsel for the Reorganized Debtors that he had suspended his CAISO Application.

Since that time, the Reorganized Debtors have considered the Court's comments regarding a quiet title action, and in particular whether an adversary proceeding would be necessary for the Court to fashion the appropriate relief quieting title as to the easement. The Reorganized Debtors believe that it would be most efficient and the best use of the parties' and the Court's resources to address the legal arguments raised in the Omnibus Objection first, before determining whether a quiet title action is necessary.

**III. SUPPLEMENTAL BRIEFING PRIOR TO AN EVIDENTIARY HEARING IS APPROPRIATE**

By the Omnibus Objection, the Reorganized Debtors objected to the Addington Claim on the basis that their books and records did not show any amount owed to Mr. Addington. In accordance with the Omnibus Objections Procedures Order, in the Omnibus Objection, the Reorganized Debtors reserved their right to, among other things, supplement their objection and to

<mark>3</mark>

object to the Books and Records Claims on any other grounds that the Reorganized Debtors deem appropriate.

The Reorganized Debtors submit that there is no genuine dispute as to material facts for the Court to decide at this time, and that they are entitled to disallowance of the Addington Claim as a matter of law. Principally, the Reorganized Debtors will demonstrate that Mr. Addington's unilateral recording of the notice of termination of easement was facially invalid and legally insufficient to terminate PG&E's easement. Neither applicable law, nor even the language in the easement cited by Mr. Addington, creates a right in the original grantor or its successors to terminate the easement in their sole discretion or permitted Mr. Addington to terminate the easement on the grounds that he purported to do so here. The issues involved in determining the Addington Claim are issues of California law concerning real property, including easements, marketable record title, and recording of documents, as well as the laws relating to public utilities.

## IV. PROPOSED BRIEFING SCHEDULE

At the Status Conference, the Reorganized Debtors will propose the briefing schedule set forth below (the "**Proposed Briefing Schedule**"). Prior to the filing of this Status Conference Statement, counsel for the Reorganized Debtors exchanged e-mails with Mr. Addington regarding the Proposed Briefing Schedule, but the parties were unable to agree on a final schedule. The Proposed Briefing Schedule is the last set of dates that the Reorganized Debtors proposed to Mr. Addington, which the Reorganized Debtors respectfully submit were proposed to provide Mr. Addington with adequate time to respond, particularly in light of the holiday season.

| Proposed Briefing Schedule | |
|---|---|
| **Date** | **Event** |
| December 14, 2021 | Reorganized Debtors' Supplemental Brief on Disposition of the Addington Claim as a matter of law |
| January 14, 2022 | Addington Response Brief |
| January 26, 2022 | Reorganized Debtors' Reply |
| February 2, 2022 | Hearing on legal issues addressed in briefing |

At the Status Conference, the Reorganized Debtors will request that the Court adopt the Proposed Briefing Schedule or a similar schedule to resolve the legal issues with respect to the

Addington Claim and the Omnibus Objection.  If, after such briefing, the Court finds that the easement was never terminated, the Reorganized Debtors believe that finding would dispose of the Addington Claim completely.  If the Court finds otherwise, further proceedings, including an evidentiary hearing, can be scheduled at that time.

Dated: November 5, 2021

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*