# EXHIBIT A

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Gayle L. Gough (#154398)
(gayle.gough@ghcounsel.com)
Laura L. Goodman (#142689)
(laura.goodman@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415.848-8918

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND AMONG REORGANIZED DEBTORS, TUSCAN RIDGE ASSOCIATES, LLC, AND FULCRUM CREDIT PARTNERS LLC** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Tuscan Ridge Associates, LLC ("**Tuscan Ridge**") and Fulcrum Credit Partners LLC ("**Fulcrum**"), on the other (collectively, the "**Parties**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) solely in the event that the Bankruptcy Court determines that the Utility is liable, in whole or part, on a claim held by Fulcrum as assignee of Tuscan Ridge, and solely to permit the Parties to arbitrate the issue of the cost of any restoration for which the Utility is liable, following the Bankruptcy Court's determination. The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On October 17, 2019, Tuscan Ridge filed Proof of Claim No. 58562 (the "**Proof of Claim**" alleging that the Utility was liable for damages estimated at $12,000,000 as set forth in detail therein (the "**Claim**").

C. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

D. On March 16, 2021, Fulcrum filed in the Bankruptcy Court a notice that Tuscan Ridge had transferred the Claim to Fulcrum [Dkt. # 10437]. Despite the transfer, both parties continue to have an interest in and be active in the prosecution of the claim.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F. The Parties agree that the claims that are the subject of the Claim are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable, if at all, solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases; and (iii) currently enjoined by the Plan Injunction from prosecution in any forum other than the Bankruptcy Court.

G. On July 19, 2021, the Parties attempted to resolve the Claim through a mediation pursuant to the Bankruptcy Court's September 25, 2020 *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148]. The mediation was unsuccessful.

H. On August 17, 2021, Fulcrum and Tuscan filed a Motion for Relief From Plan Injunction, to Compel Arbitration and/or for Abstention [Dkt. No. 11066] (the "**Arbitration Motion**") seeking relief from the Plan Injunction, along with an order compelling the Utility to arbitrate issues arising from the Claim pursuant to the November 20, 2018 Letter Agreement between Tuscan and the Utility (the "**Letter Agreement**") that forms the basis of the claims that are the subject of the Proof of Claim, as further set forth in the Arbitration Motion.

I. On or about September 23, 2021, Reorganized Debtors' filed their Objection to Proof of Claim No. 58562 filed by Fulcrum Credit Partners LLC as transferee of Tuscan Ridge Associates, LLC [Dkt. No. 11288 (the "**Objection**"), asserting various defenses to the Claim as set forth therein (the "**Defenses**").

J. The Parties have met and conferred about the Arbitration Motion and the Objection, and have reached a proposed resolution of issues as stated below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

**UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Conditioned on approval of this Stipulation, and subject to paragraph 3 below, the Defenses raised in the Objection, including but not limited to whether the Utility is entitled to any proportionate reduction of its restoration obligations under the Letter Agreement, shall be adjudicated in the Bankruptcy Court on the schedule set forth in paragraph 2 below.

2. Subject to the Court's availability, the evidentiary hearing on the Objection (the "**Evidentiary Hearing**") shall take place no later than July 31, 2022. The Parties shall meet and confer concerning the scope of written fact discovery, which discovery shall be completed by March 31, 2022; non-expert depositions shall be completed by April 15, 2022; expert witnesses, if any, shall be disclosed by April 1, 2022; rebuttal experts shall be disclosed by April 15, 2022, and expert depositions shall be completed by May 15, 2022. Any Party wishing to make a dispositive motion may do so at any time, and deadlines for the filing of such motions shall be May 31, 2022.

3. Notwithstanding the foregoing, the Plan Injunction shall be modified to permit and compel arbitration solely as set forth in this paragraph. Within 30 days of entry of a final order of the Court following the Evidentiary Hearing and if the Court were to determine damages may be available on the Claim, the Parties shall engage a neutral arbitrator as set forth in the Letter Agreement with at least ten (10) years of experience in the construction industry, for the sole purpose of estimating the cost to restore any applicable License Area to the Baseline Condition (both terms as defined in the Letter Agreement) and consistent with the Court's final order. The arbitrator's award shall not result in an award as to legal liability or damages under the Letter Agreement, but rather shall solely state the estimated restoration costs, if any, and be the basis for the Bankruptcy Court's rulings with respect to damages, if any, awarded pursuant to the Claim.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: November __, 2021

KELLER BENVENUTTI KIM LLP
GOUGH & HANCOCK LLP

/s/
Jane Kim

*Attorneys for Debtors
and Reorganized Debtors*

Dated: November __, 2021

ALSTON & BIRD LLP

/s/
Diane C. Stanfield

*Attorneys for Fulcrum Credit Partners,
LLC*

Dated: November __, 2021

Downey Brand LLP

/s/
Jamie P. Dreher

*Attorneys for Tuscan Ridge Associates,
LLC*