PATRICIA A. MCCOLM
P.O. Box 113
Lewiston, CA 96052
(415) 333-8000
Fax by Appointment

Claimant, pro se

FILED

NOV 08 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATED BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| **In re** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| **-and-** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC** | **OBJECTION TO REPLY RE RESPONSE / OPPOSITION TO REORGANIZED DEBTORS'** |
| **COMPANY** | **ONE HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS** |
| **Debtors.** | **(MCCOLM CLAIMS)** |
| | |
| Affects both Debtors | **Hearing Date: November 9, 2021**<br>Time: 10:00 a.m. (PT)<br>Via AT&T Teleconference |
| | United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| _____ / | |

1

1        Claimant PATRICIA A. MCCOLM (Claimant) submits this **OBJECTION to REPLY**

2 with its Objected to Declaration of Mark Habib re Response Opposition to the Reorganized

3 Debtors' One Hundred Seventh Claims Omnibus Objection (MCCOLM CLAIMS) [ECF No.

4 11217] (the "**Objection**") and provides NOTICE OF CRISES NEED FOR INJUNCTIVE

5 RELIEF RE EMERGENCY REPAIR OF HAZARDOUS DAMAGE TO REAL PROPERTY

6 BY REORGANIZED DEBTORS ON OCTOBER 28-29 re breach of oral agreements and failure

7 of promise to repair as follows:

8

9 **1. OBJECTION TO REPLY ARGUMENT.**

10        Claimant generally OBJECTS to the REPLY because it is vague and ambiguous with no

11 evidentiary facts stated or proof provided in contravention of liability for the post Judgement acts

12 in contravention of law which constitute the Claims.  It does NOT reflect the facts or argument

13 upon which the McColm Claims are based and it erroneously asserts what was allegedly

14 "decided" by the Superior Court, as more fully set forth below:

15        **A. OBJECTION to Erroneous Assertion re Basis of Claims.**  Reorganized Debtors

16 erroneously assert that they are not liable on the Claims because they are <u>based on a false premise</u>

17 <u>attributed to Claimant</u> that she alleged an easement does not presently exist and/or false

18 interpretation of the Judgment (on appeal). There is no factual explanation for this erroneous

19 conclusion.  Claimant has instead, shown that liability is based on conduct by the Reorganized

20 Debtors that fall OUTSIDE lawful conduct of an alleged easement holder and in breach of oral

21 agreements; e.g. negligently inflicted property damage and failure to repair as promised, trespass

22 to timber and real property outside the scope of an alleged easement, telephone harassment and

23 other causes previously identified in the Claims.  Clearly, neither telephone and other forms of

24 harassment, trespass to timber and other trespass outside the perimeters of the alleged easement

25 and scope of necessity nor THEFT OF TIMBER IS A LAWFUL RIGHT GIVEN TO AN

26 EASEMENT HOLDER!  Thus, the assertion that the Claims attempt to relitigate issues "that

27

28                               2

1  already were adjudicated through an unstayed Judgment," is FALSE!

2      As set forth below, it appears that it is the Reorganized Debtors who are trying to

3  relitigate issues and mislead this Court, by including with the Declaration of Mark Habib, the

4  objected to irrelevant pre-trial brief in the Superior Court case; therein, shown to be substantially

5  false and misleading at trial; where the causes re declaratory relief based on a falsely alleged

6  existing recorded easement were dismissed and no judgement was actually issued as to the

7  rightful mortgage holder on McColm property.   The trial brief is objected to as irrelevant here

8  and requested stricken.

9      The acts which constitute the Claims occurred post Judgement; and thus, are not subject

10  to the kind of arguments being made by the Reorganized Debtors; e.g. no rational relationship

11  between existence of power lines and alleged lack of necessity to object to unlawful conduct and

12  damage inflicted thereby.  By implication, suggesting that Claimant declare herself a "willing

13  victim" for abuse by the "big guy" is itself, a showing of contempt for the rights of property

14  owners, who object to what is deemed criminal conduct; e.g. filing a complaint based on a

15  knowing false document, theft of property, engaging in trespass and harassment re modus

16  operandi: *"We can do whatever we want, we have an easement."*  Claimant has clearly specified

17  wrongful acts that are not given a "free pass" under the law; irrespective of who is the victim

18  being abused.

19  **B.  OBJECTION to Erroneous Assertion of SAME Issues Decided by the Superior**

20  **Court and FALSE RENDITION OF ALLEGED DECISIONS CONTRAVENED BY**

21  **OMISSIONS.**  It appears it is not Claimant that is attempting to relitigate ALLEGED issues

22  "decided" by the Superior Court (on appeal); but the Reorganized Debtors, who are attempting to

23  take advantage of what was NOT DECIDED on the false pretense the issues are the same!   As

24  set forth above, the issues are clearly NOT THE SAME; in particular, where the acts upon which

25  the Claims are based are POST JUDGEMENT, FALL OUTSIDE THE SCOPE OF

26  EASEMENT/JUDGEMENT, are different dates and where there is no actual "decision"

27

28                      3

1    regarding an "access corridor."

2           The OMISSIONS IN THE REPLY ARE UNCONSCIONABLE IN WHAT APPEARS

3    TO BE AN ATTEMPT TO MISLEAD THE COURT when it alleges that its list with omissions

4    alleges: "The Judgment's provisions include the following:"  In fact, the Judgment does NOT

5    include the provisions as alleged; because the allegations have omissions of language that

6    contravene the intended meaning of the statements.

7           It has already been shown that the Reorganized Debtors knew prior to filing suit that its

8    alleged 1916 right of way did NOT apply to McColm lands.  Thus, Reorganized Debtors'

9    reliance thereupon in this matter is wrong.

10          In each of the subsequent list of assertions regarding the Judgement, the language fails to

11   reference "*described in Exhibit C*."  For example, at 11228-1 p.5, the alleged authorization to

12   "remove locks on exterior gates" does NOT include the actual language that includes: "*described*

13   *in Exhibit C*" ... "*facilities located within the 'Exhibit C easement.*"  Exhibit C easement is

14   limited to the description of the easement demarcated to the lines set forth on the map

15   encompassing the easement and no other.  Thus, it appears that the misleading statement was

16   intended to impart that which is NOT TRUE!

17          Remarkably, the REPLY fails to state that there is ANOTHER GATE on the North

18   Property line that is VERY CLOSE to the power poles that has been previously used by PG&E

19   with permission of property line owners; on information and belief, "historically," as its access

20   for all purposes with permission.  It is the North property line gate with locks that was in issue to

21   provide access; prior to the agreement with PG&E to build its own gate even closer to the poles.

22   Even the Judgment on appeal alleged that access is "WITHIN" the easement!

23          **C.  OBJECTION to "red herring" Stay on Appeal.**  There is no decision by the Court

24   of Appeal that an automatic stay is *not* applicable.  There is justification for not having issued a

25   stay on an application that may be considered not timely for lack of notice sought in the *middle*

26   of an unknown actual action *before* completion; a wrongful action that may be subject to a post-

27

28                                              4

judgment cause of action for an appropriate remedy. The stay argument is objected to as not relevant. Again, the Claims fall OUTSIDE THE SCOPE OF THE JUDGEMENT. As to the Claims, Reorganized Debtors have NOT denied the facts alleged in the Claims or provided evidentiary proof and authority showing that its conduct was a "lawful exercise of their rights under the easement consistent with the Judgment." The conduct set forth in the Claims was not lawful. THE JUDGMENT DOES NOT CONDONE VIOLATION OF LAW, THEFT, DESTRUCTION OF PROPERTY, DENIAL OF ACCESS TO AN OWNERS OWN PROPERTY AND OTHER VIOLATION OF THE PROPERTY RIGHTS OF OWNERS.

**D. OBJECTION to FALSE Assertion re Failure to Assert Wrongful Acts and Damages.** Claimant has stated facts that constitute the wrongful acts of PG&E and its agents. For example, it is not reasonable for the wrongful acts re mutilation of trees; in particular, outside the easement and theft of timber NOT have been observed by counsel as set forth in Claimant's Claims and Response. It is just plain wrong that the clearly identified acts; allegedly do not constitute wrongful acts for which liability lies. Again, the attempt to use the Judgement as an excuse to commit any wrong is itself WRONG! Whether or not enforcement of the Judgement as written is vague and ambiguous and/or "illogical" limiting access to within the easement, that is not only what is described in the easement; that is what was agreed by the PG&E construction manager as a temporary access remedy pending outcome of appeal; a manager, who stated that access from a specially constructed gate under the power lines at the North property line was possible and promised to be installed among other terms of the agreement; including, no access through any other part of McColm lands.

The alleged lack of evidence re agreement for building a PG&E access gate is false. Reorganized Debtors do not provide a declaration denying its construction manager Ronald Johnson, made such an agreement and/or that other PG&E foremen/officials/agents agreed to repair the damage PG&E conduct caused. Attached hereto as **EXHIBIT S**, is a true and correct copy of a few photographs taken by Claimant on October 8, 2019, which show PG&E

5

1  construction manager and crew at the North Property Gate ready and able to install the agreed

2  PG&E gate at the location being pointed to in the bottom photograph. (On information and

3  belief, Ronald Johnson has been or will be retired within a few weeks.) The photos also show

4  substantial flat solid ground for any and all vehicles PG&E had for any and all repairs to its

5  facilities; and that such ground was in fact previously used by such vehicles without causing any

6  damage as wrongfully occurred by entry through Subdivision gate by Private Road, McColm

7  Drive and travel over lands outside the designated easement area. Additional evidence of

8  agreement can be further presented at an evidentiary hearing. The implication that the

9  Deadwood Road gate is the only access from a "public road" to the "PG&E easement" is

10  WRONG! Exhibit "S" proves the REPLY wrong as does **EXHIBIT T,** a true and correct copy

11  of photographs taken by Claimant showing the actual entry from public Deadwood road used by

12  PG&E in Exhibit S and on multiple other occasions to access the PG&E facilities. The top photo

13  clearly shows access by law enforcement through the open gate to access the poles. <u>The photos</u>

14  <u>show that alternate access from Deadwood Road was previously used without objection by</u>

15  <u>PG&E, which could have been used to avoid the harm inflicted on McColm lands.</u> Further, on

16  information and belief, the PG&E easement alleged to extend from the North property line

17  further North, is a direct route from other "public road" access to and under the PG&E facilities.

18  　　　The wrongful assertion of what the Judgement allows re remove locks is limited to the

19  objected to omitted language which states that it is limited to that land<u>: ***"described in Exhibit***</u>

20  <u>***C!"*** **Exhibit C designates only the lines depicted thereupon as "PG&E Transmission**</u>

21  **Easement.**" Whether or not Reorganized Debtors like this reality, it should NOT be disregarded

22  to argue against the rightful McColm Claims.

23  　　　Reorganized Debtors admit that there are gates that are NOT within the easement; but fail

24  to offer evidentiary proof of "necessity" for access at the location where damage occurred

25  negligently; where actual access was accomplished previously as set forth above in Exhibits S

26  and T; without entry damage from the North property line gate; where on information and belief,

27

28                                                                                        6

1   PG&E has an actual easement under the power lines across adjoining; as well as, further North
2   properties for access, where damage would more likely than not, would NOT have occurred.
3   Locks are on the North gate per ownership rights to protect said property; have at all times,
4   existed.  Vehicles were parked at the North gate prior to Judgement in accordance with property
5   ownership rights to keep trespassers off McColm lands.  "Locks" and "vehicles" are not relevant
6   to the Claims.  The  "private property" neighbor has at all times given permission for PG&E to
7   use the property for access to both his and McColm property (See Exhibits S &T.)  There appears
8   to be no reason PG&E has not installed a new temporary gate as promised or acted to enter
9   through the North gate pending outcome of the appeal; in particular, to avoid damage set forth in
10  the Claims.

11          PG&E has no right of access at the East Subdivision gate, which was not constructed and
12  permitted by the County until about 2004!  The record does not comport with the allegation of
13  "decades"old easement.  Clearly, there is NO RIGHT TO DESTROY a Subdivision entry and
14  road that was intended to be used exclusively for entry by multiple potential McColm Drive lot
15  owners.  **Good faith is NOT SHOWN by PG&E locks being placed on said gate THREE**
16  **TIMES, with REFUSAL TO GIVE CLAIMANT A KEY; thus, locking Claimant out of her**
17  **own property and any other persons authorized by Claimant.  On the contrary, the "lock**
18  **out" shows bad-faith and malice.**

19          **E.  OBJECTION to false assertion of no established Damage Liability.**   Contrary to
20  assertions in the REPLY, the acts inflicting damage have been described in the Claims and
21  otherwise in this matter.  There is no evidence from the Reorganized Debtors that any act
22  described in the Claims did NOT occur; and thus, are liable for all such.  The wrongful acts and
23  damages claimed, do constitute devaluation of land.  Each tree mutilated, wrongfully removed
24  without necessity affects property value.  In fact, PG&E's land man, Jason Thomas, told
25  Claimant that Trinity County would NOT issue a permit to build on Parcel D by reason of the
26  transmission lines.  Thus, the approved Subdivision purpose of residential farm land has been
27
28                                                    7

1  subverted by the past and apparent future intended conduct of PG&E.

2      If this Court would like further valuation evidence where there is no factual denial by

3  Reorganized Debtors, then time for an actual hearing thereon following discovery and/or an

4  adversarial proceeding for the pre-petition wrongs is proper; in particular, where injunctive relief

5  is requested.

6

7  **2. OBJECTION TO DECLARATION OF MARK HABIB.**

8      **Claimant OBJECTS to the continuing misrepresentations in the Declaration of**

9  **Mark Habib as follows:**

10      A. **OBJECTION TO EXHIBIT A.**  As set forth above and as set forth herein, Exhibit

11  A is objected to as an irrelevant *Trial Brief of Plaintiff* with its false and misleading

12  representations which were essentially proven false at trial and incorrectly represented in the

13  much omitted vague and ambiguous Judgement written by said Mark Habib; where the trial court

14  erred in failure to provide the requested jury trial and in failure to issue the requested Statement

15  of Decision; among other issues on appeal, which appear to provide for reversal per se.

16      Reorganized Debtors argue the Judgment for its position; yet, said Judgement appears to

17  be improper for Reorganized Debtors to rely upon; in particular, as to Claimant's post-judgement

18  claims for damages re breach of agreements for specified temporary access pending outcome on

19  appeal and actionable wrongful conduct re trespass and destruction of property.  THERE IS NO

20  DENIAL BY JUDGEMENT DEBTORS OF ANY FACT ALLEGED BY CLAIMANT THAT

21  THE DAMAGE OCCURRED OUTSIDE THE SCOPE OF THE DESIGNATED EASEMENT.

22      **B. NO OBJECTION TO EXHIBIT B:** which shows the pristine condition of the

23  McColm Drive road and surrounding pasture/garden areas; PRIOR to misuse by PG&E leaving

24  property in a hazardous unusable condition. **Claimant does OBJECT to the false and**

25  **misleading comment about a residential gate; FAILING to identify a gate closer to the**

26  **power lines, the NORTH gate, SHOWN ON EXHIBITS BELOW.** The comment by Mark

27

28          8

Habib is not correct and irrelevant; because the "Private Road McColm Drive" gate at Deadwood Road is NOT a use exclusive to Claimant; but is a Subdivision gate for exclusive use by all FIVE PARCELS! Claimant used the McColm Drive gate until made unsafe by PG&E! The McColm Drive gate entry is now unsafe to be used by ANYONE without potential liability for this owner. The promise to repair has been breached to date; for which PG&E is liable.

**C. OBJECTION to FAILURE TO SUBMIT EXHIBITS WITH EXHIBIT D:** The request for emergency order before the Court of Appeal list exhibits which were NOT provided to this Court. True and correct copies thereof are attached hereto as **EXHIBIT R** and made a part hereof. They are important for the misconduct shown in its Exhibit A, the alleged letter notice of entry dated October 27, 2021, which Jason Thomas admitted was NOT MAILED BY HIM; but instead, was turned over to Mark Habib for processing; which on information and belief, was at no time put in the mail! The post mistress in Lewiston states she never saw any mail misaddressed or otherwise for this Claimant from either PG&E or Jason Thomas. It appears the declarant did NOT want this Court to actually see the kind of misconduct being perpetrated by PG&E agents and the continuing damage being inflicted on Claimant and her real property.

**3. Continuing UNNOTICED UNLAWFUL ENTRY INFLICTING HAZARDOUS DAMAGE TO CLAIMANT REAL PROPERTY AND INTERFERENCE WITH CONSTITUTIONAL OWNERSHIP RIGHTS with Continuing Breach of Oral Agreement and Promise to Repair; THEREBY, GOOD CAUSE EXISTS TO SUSTAIN THE CLAIM(S) AND/OR PROVIDE FOR ADVERSARIAL PROCEEDINGS OR RELIEF FROM STAY TO PROCEED OUTSIDE THE BANKRUPTCY COURT.**

Without notice to or permission of this Claimant and in continuing breach of oral agreement with construction manager for Pacific Gas and Electric; on October 28-29, 2021, PARR ELECTRIC, under the direct supervision of Reorganized Debtors' land agent, JASON THOMAS; **wrongfully broke into Claimant's "Mini-Subdivision Parcel D" real property**

9

through security fencing, uprooting stakes and cutting locks at the "Private Road McColm Drive," the mini-subdivision entry gate at Deadwood Road, (created per 2004 Subdivision Map for George L. McColm, which is used for access to all five lots); **inflicting hazardous conditions denying entry and inflicting risk of serious injury absent IMMEDIATE EMERGENCY REPAIR!**

Further, said land agent directed PG&E agents and Trinity County Sheriff personnel, to **trespass on adjoining Claimant real property "Parcel C;"** parking multiple law enforcement and other vehicles thereupon, taping off the road access thereto and all other parcels preventing Claimant access to her cabin and all other subdivision parcels by vehicle and yellow tape blockage strung from the cabin north wall corner across the Parcel C access road. Claimant was under threat of arrest "put in handcuffs" if she moved across the yellow tape; thus, movement was unlawfully restricted on Claimant's own real property denying access for and use thereof. **Not even Claimant in her power chair was allowed to access the cabin entry; in particular, made inaccessible by vehicle parked in and across the entry road.**

Upon leaving, ONCE AGAIN; CLAIMANT WAS DENIED ENTRY TO HER OWN PROPERTY BY PG&E PUTTING ITS OWN LOCK ON THE DEADWOOD ROAD "MCCOLM DRIVE" SUBDIVISION ROAD ENTRY GATE and denied the combination lock code. Upon urgent request for same, Claimant was questionably given the WRONG code by said land agent. Upon notice to the land agent that he had provided the wrong code, the correct code was not timely provided; thus, requiring Claimant to have a third party act for its removal.

Although PG&E agents promised repairs BEFORE leaving Claimant's property, the damage inflicted was NOT REPAIRED as promised. Even though land agent, Jason Thomas, promised that PG&E would repair the objected to damage; damage it questionably inflicted during the rainy season; the **serious slip and fall risk torn up land and rain filled mud-pools were not abated!** One PG&E agent said that the planks would be removed; but then, Claimant would *have to hope no one drove on the area and get stuck in the mud.*

10

1   True and correct copies of some but not all photographs taken by Claimant of the
2   wrongful conduct reported above and depicted damage resulting therefrom are attached hereto as
3   **EXHIBITS A- Q,** and made a part hereof.  The Court is respectfully requested to review and
4   compare the before and after photographs presented; the "BEFORE" photo showing the pristine
5   appearance of the McColm Drive entry road and pasture land shown therein depicted in Exhibit
6   B to Declaration of Mark Habib and the "AFTER" photos showing the wrongful entry by PG&E
7   results depicted in EXHIBITS A- Q; which warrant relief therefrom, for Claimant.

8   Although said land agent Thomas promised that someone from PG&E would call to
9   arrange an appointment for inspection and for performance of the necessary repairs on Monday,
10  November 1, 2021; to date, no such PG&E agent has called to inspect or arrange for repairs.
11  Claimant's call to Jason Thomas, giving notice of the failure of contact to make timely repair
12  arrangements and request the continuing promise to repair be put in writing; to avoid the
13  continuing failure to timely comply with similar promises, he would not give assurances in
14  writing.

15  Claimants' pleas left on voice mail for Reorganized Debtors' Attorney Thomas B. Rupp;
16  to stop the wrongful conduct, received  NO RESPONSE!  Instead, the objected to REPLY was
17  filed with Declaration of Attorney Mark Habib, objected to above.

18  Accordingly, it appears good cause exists for injunctive relief for compliance with oral
19  agreements; in particular, for repair of the hazardous damage inflicted by Reorganized Debtors
20  upon Claimant's real property.  The need for injunctive relief having been shown in the claims, a
21  hearing with discovery on the claims or adversarial proceeding appears appropriate; in particular,
22  for the pre-petition claim to avoid any alleged issue re statute of limitations and/or with relief
23  from stay re post petition claims to proceed as this Court suggested, in other than in the
24  Bankruptcy Court.  In the alternative, Reorganized Debtors' can in good faith stipulate to
25  payment of the damage claims before the Court.  The Court's kind consideration is appreciated.

26  A copy of this Objection to Reply is being faxed to counsel for Reorganized Debtors on

27
28                                                11

1  date of mailing to the Court, November 6, 2021.

2        I declare under penalty of perjury under the laws of the State of California that the facts

3  set forth above are of my personal knowledge and belief and on information and belief, believe

4  such to be true and correct.

5  Dated: November 6, 2021

6

7                             PATRICIA A. MCCOLM
                              Claimant

12

2021/10/30







2021/10/30



2021/10/30





















2021/10/28
14:15



Case 19-49888   Doc # 11500   Filed 11/08/21   Entered 11/08/21 15:16:30   Page 23 of 45







2021/10/29
10:50





Case: 19-30088   Doc# 11550   Filed: 11/08/21   Entered: 11/08/21 15:10:20   Page 29 of 45

2021/11/02
10:08

2021/11/02 10:13





2021/10/28 18:10



EXHIBIT R



**Pacific Gas and Electric Company™**

Jason Thomas
Land Agent
3600 Meadow View Dr.
Redding, CA. 96002
Land & Environmental Services

Phone: 530-246-6548
E Mail jatx@pge.com

October 27, 2021

Patricia McColm
P.O. Box# 493037
Redding, CA 96049

**RE: Transmission Line – 60kV Pole Replacement Project (Line #82)**

Ms. Patricia McColm,

PG&E is scheduled to replace a utility structure for proper maintenance of PG&E's utility facilities. Work is set to commence on October 28, 2021. The time span involved from start to finish should be approximately two (2) days.

If you have any questions regarding the above, I can be reached Monday thru Friday from 7:00AM to 4:30PM at (530) 410-4674.

Sincerely,

Jason A. Thomas
Land Agent



2021/10/28
14:15

Case: 19-30088    Doc# 11520    Filed: 11/08/21    Entered: 11/08/21 16:30    Page 37 of 45







EXHIBIT S







EXHIBIT



EXHIBIT I



EXTREMELY URGENT
Please rush to Addressee
home or office at usps.com/pickup
Print postage online

UNITED STATES POSTAL SERVICE

EXPRESS® MAIL

PLEASE PRESS FIRMLY

RECEIVED
NOV 08 2021
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Place Mailing Label

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

UNITED STATES
POSTAL SERVICE®

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA
NOV 08 2021

Flat Rate
Mailing Envelope
For Domestic and International Use

PRIORITY MAIL EXPRESS®

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)    PHONE (   )

TO: (PLEASE PRINT)    PHONE (   )

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED (Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.)

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code    Day of Delivery    ☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

Date Accepted (MM/DD/YY)    Scheduled Delivery Date (MM/DD/YY)    Postage

Time Accepted    ☐ AM    ☐ PM    Scheduled Delivery Time    ☐ 6:00 PM    Insurance Fee

**PAYMENT BY ACCOUNT (if applicable)**

Weight    lbs.    ozs.    Flat Rate    Acceptance Employee Initials    Return Receipt Fee    Live Animal Transportation Fee

Special Handling/Fragile $    Sunday/Holiday Premium Fee $    Total Postage & Fees $    COD Fee $

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)    Time    ☐ AM   ☐ PM    Employee Signature
Delivery Attempt (MM/DD/YY)    Time    ☐ AM   ☐ PM    Employee Signature

Label 11-B (P), MAY 2021    PSN 7690-16-000-9996    3-ADDRESSEE COPY





U.S. POSTAGE PAID
PME
2 DAY
PLEASANTON, CA
94566
NOV 08, 21
AMOUNT

1007    94102    R2305K132194-05

EJ 502 040 687 US

ENVELOPE
REQUIRED

Use perforation to separate starting at corners.