David P. Addington
298 Saint James Drive
Piedmont, CA 94611

(415) 606-6552
david@cachamp.com

In pro per

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

-and-

**PACIFIC GAS AND ELECTRIC COMPANY.**

Debtors.

Affects Both Debtors

Case No. 219-30088 (DM)

Judge Dennis Montali

Chapter 11

(Lead Case) (Jointly Administered)

**CREDITOR DAVID P. ADDINGTON'S STATUS CONFERENCE STATEMENT**

**[Related to Docket No. 10673]**

Date: November 9, 2021
Time: 10:00 am (Pacific Time)
Place: (Telephonic Appearances Only)
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

1

## I. BRIEFING SCHEDULE

Without acceptance or comment on the assertions made in the Debtors' Status Conference Statement, Addington requests 60 days to file his opposition brief. Addington requests 14 days to file his Sur Reply – should such be desired after review of Debtors' Reply Brief.

## II. BRIEFING SUBSTANCE

Debtors' Status Conference Statement is factually inaccurate as regards the current title to 298 Saint James Drive, Piedmont California. Mr. Addington did not "attempt" to terminate the subject easement – he did in fact terminate it. As of the scheduled hearing date of November 9, 2021, there has been no easement encumbering 298 Saint James for 1,622 days. One of the major title companies in California in fact has issued its title report for 298 Saint James Drive affirming the easement's termination. Not once during these 1,622 days has the Debtor taken any action to restore, return, resurrect, or resuscitate their long-terminated easement.

Addington's Creditor's Claim for payment from the Debtor is before the Court. The Court's determination of Addington's Creditor's Claim will not change the real property title of 298 Saint James. As it is today, regardless of the Court's ruling on Addington's Claim, no easement for the transmission of power will encumber Addington's property. In their Status Conference Statement, Debtors acknowledge that an adversary proceeding may be necessary to resolve title, but they assert "that it would be most efficient and the best use of the parties' and the Court's resources to address the legal arguments raised in the Omnibus Objection first, before determining whether a quiet title action is necessary." Debtors then contradictorily propose, however, that these proceedings nevertheless could be the equivalent of a quiet title action, asking the Court to decide in the context of Addington's Creditor's Claim whether Addington's termination of the easement "as a matter of law" extinguished the easement. The Debtors do not have the prerogative of circumventing my procedural rights in that manner. In any event, I do not believe the Court's ruling on the Creditor's Claim can result in a judgment resolving title in the easement, which Debtors seem to suggest. Instead, if Debtors somehow are correct about their easement, which I deny, litigation of

that title in a separate legal action—here an adversary proceeding—would be necessary to restore the title to its pre-termination status.

Nevertheless, for the sake of judicial efficiency, Addington will stipulate that should the Court decide that Debtors have established that the easement's termination was invalid as a matter of law, Addington will take such steps as are necessary to terminate the termination, provided that Debtors shall agree that should they fail to establish the termination was invalid as a matter of law, Debtors will accept the termination.

November 8, 2021

_____
David P. Addington
Claim # 3093