1   BROWN RUDNICK LLP
    David J. Molton (SBN 262075)
2   (DMolton@brownrudnick.com)
    Eric R. Goodman (admitted pro hac vice)
3   (EGoodman@brownrudnick.com)
    Seven Times Square
4   New York, New York 10036
    Telephone:    (212) 209-4800
5   Facsimile:    (212) 209-4801

6   BROWN RUDNICK LLP
    Joel S. Miliband (SBN 077438)
7   (JMiliband@brownrudnick.com)
    2211 Michelson Drive, Seventh Floor
8   Irvine, California 92612
    Telephone:    (949) 752-7100
9   Facsimile:    (949) 252-1514

10  *Attorneys for Fire Victim Trustee*

11              **UNITED STATES BANKRUPTCY COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
13

14  **In re:**                              Bankruptcy Case
                                            No. 19-30088 (DM)
15  **PG&E CORPORATION**
                                            Chapter 11
16          **-and-**                       (Lead Case)
                                            (Jointly Administered)
17  **PACIFIC GAS AND ELECTRIC
    COMPANY,**                              **DECLARATION OF ERIC R. GOODMAN IN
18                                          SUPPORT OF MOTION OF THE FIRE
            **Debtors.**                    VICTIM TRUSTEE PURSUANT TO
19                                          FEDERAL RULE OF BANKRUPTCY
                                            PROCEDURE 2004 FOR ENTRY OF AN
20  ☐  Affects PG&E Corporation             ORDER AUTHORIZING DISCOVERY
                                            FROM ADVENTIST HEALTH
    ☐  Affects Pacific Gas and Electric Company  SYSTEM/WEST AND ADVENTIST HEALTH
21                                          FEATHER RIVER AND SERVICE OF A
    ■  Affects both Debtors                 SUBPOENA ON FACTORY MUTUAL
22                                          INSURANCE COMPANY

23  *All papers shall be filed in the Lead Case,
    No. 19-30088 (DM)*
24

25

26

27

28

Eric R. Goodman declares as follows under penalty of perjury:

1.      I am a Partner at Brown Rudnick LLP, counsel to The Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust.  I have personal knowledge of the facts stated herein except as to matters where I indicate otherwise, and as to those matters, I believe them to be true.  If called upon to testify, I could and would competently do so.

2.      I make this declaration in support of the *Motion of the Fire Victim Trustee Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery from Adventist Health System/West and Adventist Health Feather River and Service of a Subpoena on Factory Mutual Insurance Company* (the "**Motion**") filed concurrently herewith.

3.      For the Court's reference in its consideration of the Motion, attached hereto as **Exhibit 1** through **Exhibit 5** are true and accurate copies of the correspondence between the Trustee and Adventist referenced in the Motion:

| 1 | Letter from Rebecca J. Winthrop, as counsel to Adventist, to David J. Molton and Eric R. Goodman, as counsel to the Trustee, dated September 16, 2021. |
|---|---|
| 2 | Letter from Eric R. Goodman, as counsel to the Trustee, to Rebecca J. Winthrop, as counsel to Adventist, dated September 21, 2021. |
| 3 | Letter from Rebecca J. Winthrop, as counsel to Adventist, to David J. Molton and Eric R. Goodman, as counsel to the Trustee, dated September 27, 2021. |
| 4 | Letter from Eric R. Goodman, as counsel to the Trustee, to Rebecca J. Winthrop, as counsel to Adventist, dated October 4, 2021. |
| 5 | Letter from Rebecca J. Winthrop, as counsel to Adventist, to David J. Molton and Eric R. Goodman, as counsel to the Trustee, dated October 13, 2021 (including responses to discovery requests dated September 13, 2021). |

4.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November, at Solon, Ohio.

/s/ Eric R. Goodman

Eric R. Goodman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT 1</u>**

September 16, 2021

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
United States

Direct line +1 213 892 9346
rebecca.winthrop@nortonrosefulbright.com

Tel +1 213 892 9200
Fax +1 213 892 9494
nortonrosefulbright.com

<u>Via Email</u>

David J. Molton, Esq.
Eric R. Goodman, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
dmolton@brownrudnick.com
egoodman@brownrudnick.com

Re:  *In re PG&E Corporation, et al.*
Fire Victim Trust Inquiry
Claimant ID No. 1004200

Gentlemen:

We are in receipt of (a) the *Fire Victim Trustee's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Document Requests to Feather River Hospital, d/b/a Adventist Health Feather River* and (b) the *Fire Victim Trustee's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Document Requests to Adventist Health System/West* (collectively, the "<u>Combined Adventist Requests</u>"). The preamble to each of the Combined Adventist Requests states that the Adventist Combined Requests are submitted "[p]ursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure . . . , Rules 9014, 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure . . . , and Section IX of the Fire Victim Claims Resolution Procedures (the '<u>CRP</u>')."

The Combined Adventist Requests do not identify anything in the CRP which authorizes the Trust to seek discovery under the Federal Rules in the current circumstances. Section IX(B)(4) of the CRP does speak to the parties being governed "by the rights and obligations imposed upon parties to a contested matter under the Federal Rules of Bankruptcy Procedure," but only during "the Judicial Determination."[1] Similarly, Section IX(B) of the CRP limits the proceedings that may be "treated as a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure" to "[j]udicial determination."[2] Given that a "Judicial Determination" may be initiated only "after a Claimant receives a Trustee Determination . . . with respect to a Claim," which has not yet occurred with respect to Adventist Health System/West or Adventist Health Feather River, it appears that discovery under the Federal Rules is not permitted under the CRP.

---

[1] *See Notice of Filing of Ninth Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, dated June 21, 2020 [Dkt. # 8057], Ex. "A", p. 62 of 83.

[2] *Id.* at p. 61 of 83.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

103054266.2

NORTON ROSE FULBRIGHT

Please tell us immediately which section of the CRP the Trustee believes entitles it to conduct discovery under the Federal Rules, and why the Trust believes they do.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Rebecca J. Winthrop

RJW

cc: Robin Ball, Esq.

103054266.2

1

**EXHIBIT 2**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

September 21, 2021

**VIA EMAIL** (rebecca.winthrop@nortonrosefulbright.com)

Rebecca J. Winthrop
Norton Rose Fulbright US LLP
555 South Flower Street
41st Floor
Los Angeles, CA 90071

RE:    **In re PG&E Corporation, et al.**
       **Fire Victim Trust Inquiry**
       **Claimant ID No. 1004200**

Dear Ms. Winthrop:

We have received your letter dated September 16, 2021 and understand your position to be that discovery under the Federal Rules is not permitted under the Fire Victim Claims Resolution Procedures (the "CRP"). As you know, Section I of the CRP requires that all Claimants submit supporting documents as outlined in Section II of the CRP or as required by the Claims Administrator. The documents requested through the discovery sent on September 13, 2021 are supporting documents that the Fire Victim Trust must receive before your clients' claims can be reviewed.

As your clients have yet to submit the required supporting documents, the Fire Victim Trust can issue a Deficiency Notice explaining why your clients' claims cannot be determined by the Fire Victim Trust or, alternatively, proceed under Bankruptcy Rule 2004. Please note that section IX.B.4 of the CRP provides that an Electing Judicial Claimant shall not have the right to introduce evidence during the Judicial Determination if the evidence was requested by the Fire Victim Trustee prior to the issuance of the Trustee Determination and the Claimant failed or refused to produce it.

We interpret your letter of September 16, 2021 as a refusal to produce documents requested by the Fire Victim Trust. If our interpretation is incorrect, we ask that you please confirm that your clients will respond to our requests.

Best regards,

**BROWN RUDNICK LLP**

Eric R. Goodman

ERG/als

cc: David J. Molton, Esq.

1

**EXHIBIT 3**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

September 27, 2021

## NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
United States

Direct line +1 213 892 9346
rebecca.winthrop@nortonrosefulbright.com

Tel +1 213 892 9200
Fax +1 213 892 9494
nortonrosefulbright.com

**Via Email**

David J. Molton, Esq.
Eric R. Goodman, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
dmolton@brownrudnick.com
egoodman@brownrudnick.com

Re: *In re PG&E Corporation, et al.*
Claimant ID No. 1004200

Gentlemen:

We are in receipt of your letter dated September 21, 2021 (the "September 21 Letter"), which was written in response to our letter of September 16, 2021 (the "September 16 Letter").

Our September 16 Letter noted that we could find nothing in the CRP that authorizes the Trust to conduct discovery of a Claimant under the Federal Rules at this juncture, and asked that you identify any section of the CRP that permits such discovery. The September 21 Letter did not identify any such provision. Therefore, we assume that you agree that discovery of a Claimant under the Federal Rules is not permitted at this time.

We note that Adventist Health System/West and Adventist Health Feather River (together, "Adventist") has already submitted "supporting documents" in support of its claims against the Trust, as required by Section I and outlined by Section II of the CRP and as required by the Claims Administrator. So far, Adventist has submitted over 128,000 pages of documents to the Trust. Adventist has also made a number of supplemental submissions after its February 2021 claim submission, some in response to Trust requests, and some voluntarily, without such requests. That includes submission of updated information on an additional insurance payment Adventist has received.

Our September 16 Letter is not, as your September 21 Letter suggests, a refusal to provide further information to the Trust. In fact, Adventist intends to provide further information and is working to do so.

Finally, we note that the September 21 Letter asserts that the Trust is "alternatively" entitled to proceed under Bankruptcy Rule 2004. We see nothing in the CRP (or any other governing document) which authorizes the Trust to proceed against a Claimant under Rule 2004, instead of in accordance with the procedures specified in Section IX of the CRP. Please tell us which section

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

103089289.3

September 27, 2021
Page 2     .

of the CRP the Trustee believes entitles it to conduct discovery of a Claimant under Federal Rule
of Bankruptcy Procedure, Rule 2004, and why the Trust believes it does so.

Very truly yours,

Rebecca J. Winthrop

RJW

cc:  Robin Ball, Esq.

103089289.3

1

**<u>EXHIBIT 4</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# brownrudnick

ERIC R. GOODMAN
direct dial: 202.536.1740
fax: 617.289.0640
EGoodman@brownrudnick.com

October 4, 2021

<u>**VIA EMAIL**</u> (rebecca.winthrop@nortonrosefulbright.com)

Rebecca J. Winthrop
Norton Rose Fulbright US LLP
555 South Flower Street
41st Floor
Los Angeles, CA  90071

**RE:   In re PG&E Corporation, et al.
        Claimant ID No. 1004200**

Dear Ms. Winthrop:

We have reviewed Adventist's claim submission and the documents submitted in support thereof.  Based on the Trust's review of the documents submitted by your clients, the Supreme Court of California's decision in *Southern California Gas Leak Cases*, 7 Cal. 5th 391, 441 P.2d 881 (Cal. 2019), and the coverage available under the FM Global Policy, it may be that Adventist's claim is invalid.  The Trust is seeking transparency to avoid litigation, reach a negotiated resolution of the Adventist claim, and aid in the accurate estimation of claims.

You indicate in your September 27 Letter that Adventist does intend to provide further information and is working to do so.  However, Adventist has not committed to providing the information requested by the Trust.  Notwithstanding Adventist's assertions that it has vigorously pursued available insurance recoveries, the fact remains that Adventist has steadfastly refused to produce any evidence bearing on this issue.  As you know, the Trust requires this information to determine Adventist's claim.

We do not agree that discovery of a claimant is not permitted.  The Trust reserves the right to treat the Requests for Admission served on September 13, 2021 as deemed admitted if a timely response is not received.  We also disagree with your assertion that the Trust is not entitled to proceed under Bankruptcy Rule 2004.  The Trust has obtained authority to conduct discovery under Bankruptcy Rule 2004.  *See, e.g.*, *In re PG&E Corp.*, Bankr. Case No. 19-30088, Order Compelling PriceWaterHouseCoopers LLP's Compliance with Rule 2004 Subpoena in Relation to the General Rate Case Documents (Aug. 24, 2021) [Docket No. 11145]*; In re PG&E Corp.*, Bankr. Case No. 19 30088, Second Order on Ex Parte Request for Rule 2004 Subpoenas and Setting Hearing (Nov. 23, 2020) [Docket No. 9594].  The November 23rd Order permitted discovery to obtain insurance information necessary to effectuate claim reductions in accordance with Section 6.7(a) of the Plan and Section 2.6 of the Fire Victim Trust Agreement.



Please confirm whether Adventist will produce the information requested and, if Adventist intends to produce such information, please tell us the date by which such information will be produced. We reserve all rights.

Best regards,

**BROWN RUDNICK LLP**

Eric R. Goodman

ERG/als

cc: David J. Molton, Esq.

1                         **<u>EXHIBIT 5</u>**

October 13, 2021

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
United States

Direct line +1 213 892 9346
rebecca.winthrop@nortonrosefulbright.com

<u>Via U.S. Mail and Email</u>

Tel +1 213 892 9200
Fax +1 213 892 9494
nortonrosefulbright.com

David J. Molton, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
dmolton@brownrudnick.com

Eric R. Goodman, Esq.
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
egoodman@brownrudnick.com

Re: *In re PG&E Corporation, et al.*
Claimant ID No. 1004200

Gentlemen:

Enclosed are written responses to the discovery requests (improperly) served on Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River (collectively, "Adventist").

As discussed in our prior correspondence, nothing in the CRP, Fire Victim Trust Agreement, or applicable orders authorizes the Trust to take discovery under the Federal Rules from claimants such as Adventist whose claim the Trust is supposed to be evaluating (though it does, in contrast, contemplate such discovery in other circumstances). To date, we note that, despite our request that the Trust identify anything in the CRP or elsewhere that authorizes the Trust to take such discovery, the Trust has been unable to do so. This includes, most recently, Mr. Goodman's letter of October 4, 2021 (the "October 4 Letter"). That Letter's citation to discovery related to the Trust's pursuit of affirmative claims, e.g., against PWC, is inapposite here, and neither Section 6.7(a) of the Plan nor Section 2.6 of the Fire Victim Trust Agreement authorizes the Trustee to depart from the CRP and take Federal Rules discovery of claimants at this point in the process. Accordingly, the Trust's attempted service of discovery is invalid and a breach of the CRP, and our written responses consist of objections on this and other bases.

Adventist, however, is committed to providing appropriate information concerning its claim in accordance with the CRP. The October 4 Letter's assertion that Adventist has "steadfastly refused" to provide information requested by the Trust is entirely false.[1] Adventist has repeatedly supplemented its claim submissions, both in response to Trust requests and voluntarily. We do not understand why the Trust refuses to acknowledge this information and documents, as

---

[1] We further note that there is no good faith basis for the October 4 letter's suggestion that Adventist's claim may be "invalid."

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

103227181.2

NORTON ROSE FULBRIGHT

evidenced by the reference in the Trust's discovery demands to Adventist's receipt of $60M in payments from FM Global, when, in fact, Adventist submitted an update reflecting the receipt of an additional $67M in July of this year.

Consequently, and in accordance with our prior correspondence, and despite having received no proper request for the information, Adventist will within the next week upload to the Fire Victim Trust Portal an additional supplemental claims submission addressing aspects of it claim, along with additional documents related to its claim, including communications with FM Global. We are also working to provide additional information.

We agree with the Trust's stated desire for transparency (on both sides). We also recognize that the Trust may desire additional information concerning these matters, and propose that, in lieu of continued letter writing, the parties meet once you have digested our supplemental submissions to discuss what additional information the Trust legitimately needs to evaluate Adventist's claim so that Adventist can focus its efforts on that relevant information.

We look forward to speaking with you.

Very truly yours,

Rebecca J. Winthrop

RJW

cc: Robin Ball, Esq.

103227181.2

1  REBECCA J. WINTHROP (BAR NO. 116386)
   ROBIN D. BALL (BAR NO. 159698)
2  JACQUELINE C. KARAMA (SBN 311120)
   NORTON ROSE FULBRIGHT US LLP
3  555 South Flower Street
   Forty-First Floor
4  Los Angeles, California  90071
   Telephone:     (213) 892-9200
5  Facsimile:     (213) 892-9494
   rebecca.winthrop@nortonrosefulbright.com
6  robin.ball@nortonrosefulbright.com
   jackie.karama@nortonrosefulbright.com
7
   Attorneys for Creditors ADVENTIST HEALTH
8  SYSTEM/WEST and FEATHER RIVER HOSPITAL
   D/B/A ADVENTIST HEALTH FEATHER RIVER
9

10                 **UNITED STATES BANKRUPTCY COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                      **SAN FRANCISCO DIVISION**

13

14 In re:                                    Case No. 19 - 30088 (DM)

15 PG&E CORPORATION,                         Chapter 11
                                             (Lead Case)
16         - and -                           (Jointly Administered)

17 PACIFIC GAS AND ELECTRIC COMPANY          **FEATHER RIVER HOSPITAL D/B/A**
                                             **ADVENTIST HEALTH FEATHER**
18         Debtors.                          **RIVER'S RESPONSES AND**
                                             **OBJECTIONS TO THE FIRE VICTIM**
19                                           **TRUSTEE'S FIRST SET OF REQUESTS**
                                             **FOR ADMISSIONS, FIRST SET OF**
20                                           **INTERROGATORIES, AND FIRST SET**
                                             **OF REQUESTS FOR PRODUCTION**

21  ☐     Affects PG&E Corporation
22  ☐     Affects Pacific Gas and Electric
          Company
23  ☒     Affects both Debtors
    * All papers shall be filed in the Lead Case,
24  No. 19-30088 (DM)

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 1 -

Feather River Hospital d/b/a Adventist Health Feather River ("AHFR"), by and through its undersigned counsel, hereby responds and objects to the Fire Victim Trustee's (the "Trustee") First Set of Requests for Admissions (the "Requests for Admission"), First Set of Interrogatories (the "Interrogatories"), and First Set of Document Requests (the "Document Requests" and, together with the Requests for Admission and the Interrogatories, the "Requests"), as follows:

## GENERAL OBJECTIONS

In addition to the specific objections set forth below, AHFR makes the following General Objections to each and all of the Requests:

1.  AHFR objects to the Requests in their entirety on the basis that the Trustee has no authority under the Fire Victim Claims Resolution Procedures (the "CRP"), and/or any applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules of Civil Procedure (the "Federal Rules") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") at this time. The CRP states that "[d]uring the Judicial Determination, the Claimant and the Trustee shall be governed by the rights and obligations imposed upon parties to a contested matter under the Federal Rules of Bankruptcy Procedure . . ." The CRP makes no provision for discovery under the Federal Rules or the Bankruptcy Rules before commencement of a "Judicial Determination" proceeding. Given that a "Judicial Determination" may be initiated only "after a Claimant receives a Trustee Determination . . . with respect to a Claim," which has not yet occurred with respect to AHFR, discovery pursuant to the Federal Rules is not permitted under the CRP. Furthermore, because a Judicial Determination has not yet commenced with respect to AHFR, the Trustee is not permitted to propound discovery pursuant to the Bankruptcy Rules. AHFR is not required to, and will not, produce any documents or information in response to any of the Requests. All of the other General Objections and Specific Objections set forth herein are made subject to and without waiver of this General Objection No. 1, solely as a reservation of rights.

2.  AHFR objects to the Requests to the extent that they seek to impose obligations on AHFR in excess of those set forth under the CRP, the Federal Rules, the Bankruptcy Rules, and/or any other applicable rule, agreement, or order.

3.  AHFR objects to the Requests to the extent that they seek documents and/or

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

information protected from discovery by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege, doctrine, or immunity. Any inadvertent disclosure of any documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege, protection, or immunity, shall not be deemed to constitute a waiver thereof, and shall not prejudice AHFR's right to request the return or destruction of such documents or information, or to object to any subsequent use thereof.

4. AHFR objects to the Requests to the extent that they purport to require AHFR to produce documents and/or information that are not in AHFR's possession, custody, and/or control.

5. AHFR objects to the Requests to the extent that they call for the production of documents or information consisting of confidential and/or proprietary business information, trade secrets, or financial or personal information concerning Adventist or any employee, patient, customer, and/or agent thereof.

6. AHFR objects to the Requests to the extent that they are unreasonably cumulative, duplicative, vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the claims process, and/or do not specify the documents or information sought with sufficient particularity.

7. AHFR objects to the Requests to the extent that they seek discovery of opinions of law that are beyond the scope of permissible discovery.

8. AHFR objects to the Requests to the extent that they seek the disclosure of documents or information that is already in the Trust's possession, custody, or control; that is equally available to the Trustee through public sources or records; that is unreasonably cumulative or duplicative; or that may be obtained from another source that is more convenient, less burdensome or less expensive.

9. AHFR reserves and does not waive its right to challenge the relevance, materiality or admissibility of any documents or information produced.

10. AHFR objects to the Requests as overly broad, unduly burdensome, vague and ambiguous to the extent they employ terms without definitions including, for example, the use of

DOCUMENT PREPARED
ON RECYCLED PAPER

the terms "Identify," "Denied Coverage" and "Insured By."

11.    AHFR reserves all other objections to the Requests and expressly reserves the right to amend or supplement its responses and objections to the Requests.

12.    Each of these general objections is incorporated by reference into the specific responses to each specific request below.  In addition to the general objections, AHFR will also state specific objections to the discovery where appropriate, including objections that are not generally applicable to all Requests.  By setting forth such objections, AHFR does not intend to limit or restrict the general objections set forth above and below and, to the extent that AHFR responds to specific Requests, stated objections are not waived by providing responses.  The foregoing general objections shall apply to all supplemental responses to the Requests and all responses to future Requests.

## SPECIFIC OBJECTIONS TO DEFINITIONS

AHFR objects to each Definition on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon AHFR under the Federal Rules and/or Bankruptcy Rules at this time.  Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, AHFR further objects to the following Definitions:

**FIRST DEFINITION:**

The term "Adventist" shall mean Adventist Health System/West, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO FIRST DEFINITION:**

AHFR objects to the Trustee's definition of "Adventist" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation, the phrase "along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors."  AHFR will treat the term "Adventist," as used in the Trustee's Requests, to mean Adventist Health System/West.

Document Prepared
on Recycled Paper

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**SECOND DEFINITION:**

The term "AHFR" shall mean Feather River Hospital, d/b/a Adventist Health Feather River, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO SECOND DEFINITION:**

AHFR objects to the Trustee's definition of "AHFR" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation, the phrase "along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors." AHFR will treat the term "AHFR," as used in the Trustee's Requests, to mean Feather River Hospital, d/b/a Adventist Health Feather River.

**FIFTH DEFINITION:**

The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other forms of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

**RESPONSE TO FIFTH DEFINITION:**

AHFR objects to the Trustee's definition of "Communications" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous to the extent it purports to include "all inquiries, discussions, conversation . . . in [AHFR's] . . . constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors [of AHFR]." AHFR will not search for or produce documents and/or information outside of AHFR's possession, custody, or control. AHFR will treat the term "Communications," as used in the Trustee's Requests, to mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**SIXTH DEFINITION:**

The term "concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

1    in any way, in whole or in part, to the subject matter being referenced.

2    **RESPONSE TO SIXTH DEFINITION:**

3       AHFR objects to the Trustee's definition of "concerning" on the grounds that it is overly

4 broad, unduly burdensome, vague and ambiguous to the extent it purports to include, without

5 limitation, the phrase "in any way, in whole or in part, to the subject matter being referenced."

6 AHFR will treat the term "concerning," as used in the Trustee's Requests, to mean relating to,

7 referring to, describing, evidencing or constituting.

8    **SEVENTH DEFINITION:**

9       The term "Documents" shall mean any writings, recordings, electronic files and mails, or

10 photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and

11 Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and

12 information in Your possession, custody, or control, and includes: all and any written, recorded, or

13 graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts,

14 tapes, or other voice recordings, and all other documents and tangible things, including booklets,

15 brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements,

16 photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice

17 memoranda, or interoffice communications of any description, calculations, invoices, accounting

18 entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone

19 recordings, instant messages, text messages, telegrams, advertisements, press releases, notes,

20 letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and

21 all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document

22 was prepared in several copies, or if additional copies were thereafter made, and if any such copies

23 are not identical in all respects or are no longer identical by reason of subsequent notation or

24 modification of any kind whatsoever, including notes on the front or back, in the margins, or on

25 any of the pages thereof, then each such non-identical copy is a separate Document and must be

26 produced. When examples of categories or types of Documents are given in a particular Request

27 for Production by use of phrases such as "including," this shall always be interpreted as being for

28 illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

**RESPONSE TO SEVENTH DEFINITION:**

AHFR objects to the Trustee's definition of "Documents" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the claims process, and purports to impose obligations on AHFR in excess of those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, the phrases "as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively," "communications of any description," and "all other documents." AHFR will treat the term "Documents," as used in the Trustee's Requests, as synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A).

**NINTH DEFINITION:**

The term "FM Global" shall mean Factory Mutual Insurance Company, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO NINTH DEFINITION:**

AHFR objects to the Trustee's definition of "FM Global" on the grounds that it is overly broad, vague, and ambiguous, including without limitation the phrase "include full phrase." Further, AHFR cannot reasonably know nor identify all of the persons or entities that the Trustee intends to include in this Definition. AHFR will treat the term "FM Global," as used in the Trustee's Requests, to mean Factory Mutual Insurance Company.

**TENTH DEFINITION:**

The term "FM Global Policy" shall mean that Policy No. 1019191 issued by FM Global in favor of Adventist Health System / West and any subsidiary, and Adventist Health System / West's interest in any partnership or joint venture in which Adventist Health System / West has management control or ownership.

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1    **RESPONSE TO TENTH DEFINITION:**

2         AHFR objects to the Trustee's definition of "FM Global Policy" on the grounds that it is

3    overly broad, unduly burdensome, vague and ambiguous, including without limitation with respect

4    to the phrase "Adventist Health System / West and any subsidiary, and Adventist Health System /

5    West's interest in any partnership or joint venture in which Adventist Health System / West has

6    management control or ownership." AHFR will treat the term "FM Global Policy," as used in the

7    Trustee's Requests, to mean Policy No. 1019191 issued by FM Global.

8    **TWELFTH DEFINITION:**

9         The term "Proof of Claim" shall mean the Proof of Claim (Fire Claim Related) filed by

10   Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River in

11   the Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company.

12   **RESPONSE TO TWELFTH DEFINITION:**

13        AHFR objects to the Trustee's definition of "Proof of Claim" on the grounds that it is overly

14   broad, unduly burdensome, vague and ambiguous, including without limitation insofar as two

15   Proofs of Claim were filed by Adventist and AHFR (one in the Chapter 11 Case of PG&E

16   Corporation and one in the Chapter 11 case of Pacific Gas and Electric Company).

17   **FOURTEENTH DEFINITION:**

18        The term "Shared Services" shall mean the variety of centralized services and functions that

19   Adventist claims are common and provided across all Adventist Health hospitals and clinics,

20   including but not limited to Feather River Hospital d/b/a Adventist Health Feather River.

21   **RESPONSE TO FOURTEENTH DEFINITION:**

22        AHFR objects to the Trustee's definition of "Shared Services" on the grounds that it is

23   overly broad, unduly burdensome, vague and ambiguous.

24   **SIXTEENTH DEFINITION:**

25        The terms "You" or "Your" and variants thereof mean AHFR.

26   **RESPONSE TO SIXTEENTH DEFINITION:**

27        AHFR objects to the Trustee's definition of "You" and "Your" on the grounds that it is

28   overly broad, unduly burdensome, vague and ambiguous, including without limitation the phrase

DOCUMENT PREPARED
ON RECYCLED PAPER

- 8 -

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
24 of 104

"variants thereof." AHFR will treat the term "You," and "Your" as used in the Trustee's Requests, to mean Feather River Hospital, d/b/a Adventist Health Feather River.

**SPECIFIC OBJECTIONS TO INSTRUCTIONS**

AHFR objects to each Instruction on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon AHFR under the Federal Rules and/or Bankruptcy Rules at this time. Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, AHFR further objects to the following Instructions:

**INSTRUCTION NO. 3:**

These Requests for Admission, Interrogatories, or Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Admission, Interrogatories, or Requests for Production, such additional information is to be promptly produced.

**RESPONSE TO INSTRUCTION NO. 3:**

AHFR objects to this Instruction to the extent that it purports to impose obligations on AHFR inconsistent with those set forth in Rule 26(e) of the Federal Rules.

**INSTRUCTION NO. 4:**

Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

**RESPONSE TO INSTRUCTION NO. 4:**

AHFR objects to this Instruction on the grounds that it is vague, ambiguous, overly broad,

DOCUMENT PREPARED ON RECYCLED PAPER

unduly burdensome, not proportional to the needs of this claims process, and purports to impose obligations on AHFR inconsistent with those set forth in the CRP, Federal Rules, and/or Bankruptcy Rules, including without limitation insofar as it purports to compel AHFR to obtain and produce documents in AHFR's "constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties . . . " AHFR is not required to, and will not, search for or produce documents and/or information outside of its possession, custody, or control.

**INSTRUCTION NO. 5**:

You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

**RESPONSE TO INSTRUCTION NO. 5**:

AHFR objects to this Instruction as overly broad, unduly burdensome, not proportional to the needs of the claims process, and purporting to impose obligations on AHFR inconsistent with those set forth in the Bankruptcy Rules and the Federal Rules, including without limitation to the extent it purports to require AHFR to conduct anything beyond a reasonable and diligent search for readily accessible documents, including electronically stored information (ESI), from readily accessible sources wherein responsive documents reasonably would be expected to be found, or

- 10 -

Document Prepared on Recycled Paper

otherwise would impose unreasonable search costs and burdens on AHFR.

**INSTRUCTION NO. 7:**

Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

**RESPONSE TO INSTRUCTION NO. 7**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and purports to impose obligations on AHFR in excess of those set forth under the Federal Rules and the Bankruptcy Rules, including without limitation insofar as it purports to require AHFR to produce "[d]ocuments not otherwise responsive to these Requests for Production . . ." AHFR is not required to, and will not, produce documents that are not responsive to a Document Request**.**

**INSTRUCTION NO. 9:**

Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

**RESPONSE TO INSTRUCTION NO. 9**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and purports to impose obligations on AHFR in excess of those set forth under the  Federal Rules and the Bankruptcy Rules, including, for example, the phrases "linked Documents" and "or otherwise appended Documents."

**INSTRUCTION NO. 10:**

If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

DOCUMENT PREPARED
ON RECYCLED PAPER

- 11 -
FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

a.    Identify the type, title and subject matter of the Document;

b.    State the place, date, and manner of preparation of the Document;

c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

d.    Identify the legal privilege(s) and the factual basis for the claim.

**RESPONSE TO INSTRUCTION NO. 10**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the claims process, purports to impose obligations on AHFR in excess of those set forth in the Federal Rule 26(b)(5), and that the burden and/or expense of the proposed discovery outweighs its likely benefit (if any), including, for example, to the phrases "[s]tate the place, date, and manner of preparation of the Document" and "identify . . . information about such persons to assess the privilege asserted."

**INSTRUCTION NO. 11**:

Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 10 above must be provided.

**RESPONSE TO INSTRUCTION NO. 11**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on AHFR inconsistent with set forth under the Federal Rules and the Bankruptcy Rules. AHFR reserves the right to make any appropriate redactions including, for example, appropriate redactions for confidential and/or proprietary business information, trade secrets, or financial or personal information concerning AHFR or any employee, patient, customer, and/or agent thereof.

**INSTRUCTION NO. 12:**

To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each

- 12 -

DOCUMENT PREPARED
ON RECYCLED PAPER

instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

**RESPONSE TO INSTRUCTION NO. 12**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on AHFR in excess of those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require AHFR to provide a written statement concerning documents no longer in its possession, custody, or control. AHFR further objects to this Instruction as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the claims process to the extent that it purports to compel AHFR to obtain and produce documents in its "constructive possession, custody, or control." AHFR will not search for or produce documents and/or information outside of its possession, custody, or control.

**INSTRUCTION NO. 13**:

If You object to any of these Requests for Admission, Interrogatories, or Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Admission, Interrogatory, or Request for Production, You shall respond to any other portions of such Admission, Interrogatory, or Request for Production as to which there is no objection and state with specificity the grounds of the objection.

**RESPONSE TO INSTRUCTION NO. 13**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the claims process, and purports to impose obligations on AHFR that are inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, the phrases "writing with specificity the grounds of Your objections" and "[a]ny ground not stated shall be waived." AHFR expressly reserves and does not waive all

- 13 -

DOCUMENT PREPARED
ON RECYCLED PAPER

objections and rights to which it is entitled under the Federal Rules, the Bankruptcy Rules, and/or other applicable rules or law.

**INSTRUCTION NO. 14**:

The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Admission, Interrogatories, or Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Admission, Interrogatories, or Requests for Production. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Admission, Interrogatory, or Request for Production, so state in Your response to that Request for Admission, Interrogatory, or Request for Production.

**RESPONSE TO INSTRUCTION NO. 14**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the claims process, and purports to impose obligations on AHFR that are inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require AHFR to provide a written statement that "investigation is continuing or discovery is not complete."

**INSTRUCTION NO. 15**:

If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

**RESPONSE TO INSTRUCTION NO. 15**:

AHFR objects to this Instruction on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, unintelligible, not proportional to the needs of the claims process, and purports to impose obligations on AHFR inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require AHFR to provide a written statement concerning "lack of knowledge" or to "identify that person or entity or state the

- 14 -

DOCUMENT PREPARED ON RECYCLED PAPER

basis of Your belief or knowledge."

**INSTRUCTION NO. 16**:

If You deny knowledge or information sufficient to answer an Interrogatory (or any part thereof), provide the name and address of each person known or believed to have such knowledge. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to these Interrogatories.

**RESPONSE TO INSTRUCTION NO. 16**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on AHFR inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, insofar as it purports to require AHFR to "provide the name and address of each person" or "[i]dentify each person." AHFR further objects to this Instruction as violating the limit on the number of interrogatories set forth in Rule 33(a)(1) of the Federal Rules. *See also* Fed. R. Bankr. P. 4033.

**OBJECTIONS TO "MANNER OF PRODUCTION" INSTRUCTIONS**

AHFR objects to each "Manner of Production" Instruction on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon AHFR under the Federal Rules and/or Bankruptcy Rules at this time. Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, AHFR further objects to the following "Manner of Production" Instructions:

**MANNER OF PRODUCTION INSTRUCTION NO. 1**:

All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in

- 15 -

DOCUMENT PREPARED ON RECYCLED PAPER

the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 1**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including, for example, the phrases "unaltered attendant metadata" and "industry-standard."

**MANNER OF PRODUCTION INSTRUCTION NO. 2:**

Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 2**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including, for example, the phrases "reasonably accessible and properly preserved metadata" and "reasonably structured folders."

**MANNER OF PRODUCTION INSTRUCTION NO. 3:**

Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 3**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome,

- 16 -

DOCUMENT PREPARED ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

vague, and ambiguous, including, for example, the phrases "reasonable and modest effort" and "fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content."

**MANNER OF PRODUCTION INSTRUCTION NO. 5:**

Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.     XML format file(s);

b.     Microsoft SQL database(s);

c.     Access database(s); and/or

d.     fixed or variable length ASCII delimited files.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 5**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "reasonably detailed documentation" and "reasonably manage and import these Documents into a useable, coherent database."

**MANNER OF PRODUCTION INSTRUCTION NO. 6:**

Spreadsheets, Multimedia, and Non-Standard File Types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 6**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "statistical programs" and "separate root-level folder structure on deliverable media."

**MANNER OF PRODUCTION INSTRUCTION NO. 7:**

"Other" Electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 7**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "embedded data" and "unstructured files."

**MANNER OF PRODUCTION INSTRUCTION NO. 8:**

Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 8**:

AHFR objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including, for example, the phrases "express parent Document/child attachment boundaries" and "folder boundaries, and other groupings."

- 18 -

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that no insurer has denied coverage for any loss suffered by You because of the Camp Fire.

**RESPONSE TO NO. 1:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that FM Global has not denied coverage to You under the FM Global Policy for any loss caused by the Camp Fire.

**RESPONSE TO NO. 2:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no insurer has denied coverage to You under any insurance policy for any loss caused by the Camp Fire.

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO NO. 3:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have not received any Communications from any insurer indicating that it has denied coverage for any loss suffered by You because of the Camp Fire.

**RESPONSE TO NO. 4:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You have not received any Communications from FM Global indicating that FM Global has denied coverage for any loss caused by the Camp Fire.

**RESPONSE TO NO. 5:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

- 20 -

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page 36 of 104

agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You are a member of FM Global.

**RESPONSE TO NO. 6:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "member." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You have an ownership interest in FM Global.

**RESPONSE TO NO. 7:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "ownership interest." To the extent a response is deemed required, denied.

DOCUMENT PREPARED ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 8:**

Admit that some or all of the damages discussed in Opinion 1 of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 8:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 9:**

Admit that some or all of the damages discussed in Opinion 2 of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 9:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 10:**

Admit that some or all of the damages discussed in Opinion 3 of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 10:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1     ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

2     agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

3     Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further

4     objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

5     vague, and ambiguous, including without limitation the phrase "insured by."

6     **REQUEST FOR ADMISSION NO. 11:**

7        Admit that some or all of the damages discussed in Opinion 4 of the Sebold Report are

8     insured by the FM Global Policy or another policy of insurance.

9     **RESPONSE TO NO. 11:**

10        AHFR incorporates its General Objections and its Specific Objections to Definitions and

11     Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

12     ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

13     agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

14     Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further

15     objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

16     vague, and ambiguous, including without limitation the phrase "insured by."

17     **REQUEST FOR ADMISSION NO. 12:**

18        Admit that some or all of the damages discussed in Opinion 5a of the Sebold Report are

19     insured by the FM Global Policy or another policy of insurance.

20     **RESPONSE TO NO. 12:**

21        AHFR incorporates its General Objections and its Specific Objections to Definitions and

22     Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

23     ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

24     agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

25     Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further

26     objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

27     vague, and ambiguous, including without limitation the phrase "insured by."

28     **REQUEST FOR ADMISSION NO. 13:**

Document Prepared
on Recycled Paper

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1　　　Admit that some or all of the damages discussed in Opinion 5b of the Sebold Report are

2　insured by the FM Global Policy or another policy of insurance.

3　　　**RESPONSE TO NO. 13:**

4　　　AHFR incorporates its General Objections and its Specific Objections to Definitions and

5　Instructions as if fully set forth herein.  AHFR further objects to this Request for Admission on the

6　ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

7　agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

8　Rules at this time.  AHFR is not required to answer this Request for Admission.  AHFR further

9　objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

10　vague, and ambiguous, including without limitation the phrase "insured by."

11　　　**REQUEST FOR ADMISSION NO. 14:**

12　　　Admit that some or all of the damages discussed in Opinion 6a of the Sebold Report are

13　insured by the FM Global Policy or another policy of insurance.

14　　　**RESPONSE TO NO. 14:**

15　　　AHFR incorporates its General Objections and Specific Objections to Definitions and

16　Instructions as if fully set forth herein.  AHFR further objects to this Request for Admission on the

17　ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

18　agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

19　Rules at this time. AHFR is not required to answer this Request for Admission.  AHFR further

20　objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

21　vague, and ambiguous, including without limitation the phrase "insured by."

22　　　**REQUEST FOR ADMISSION NO. 15:**

23　　　Admit that some or all of the damages discussed in Opinion 6b of the Sebold Report are

24　insured by the FM Global Policy or another policy of insurance.

25　　　**RESPONSE TO NO. 15:**

26　　　AHFR incorporates its General Objections and its Specific Objections to Definitions and

27　Instructions as if fully set forth herein.  AHFR further objects to this Request for Admission on the

28　ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

DOCUMENT PREPARED
ON RECYCLED PAPER

agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 16:**

Admit that some or all of the damages discussed in Opinion 8a of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 16:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 17:**

Admit that You have not violated any conditions or obligations or cooperation clauses under the FM Global Policy.

**RESPONSE TO NO. 17:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "conditions or obligations," and "cooperation clauses."

DOCUMENT PREPARED
ON RECYCLED PAPER

- 25 -
FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 18:**

Admit that You have not violated any conditions or obligations or cooperation clauses under any policy of insurance that covers losses caused by the Camp Fire.

**RESPONSE TO NO. 18:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "conditions or obligations," and "cooperation clauses."

**REQUEST FOR ADMISSION NO. 19:**

Admit that You have not exercised reasonable efforts to obtain all Available Insurance Recoveries for damages caused by the Camp Fire.

**RESPONSE TO NO. 19:**

AHFR incorporates its General Objections and Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "reasonable efforts." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You have not vigorously pursued all insurance to which You are entitled for damages caused by the Camp Fire.

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

1   **RESPONSE TO NO. 20:**

2          AHFR incorporates its General Objections and its Specific Objections to Definitions and

3   Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

4   ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

5   agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

6   Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further

7   objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

8   vague, and ambiguous, including without limitation the phrase "vigorously pursued." To the extent

9   a response is deemed required, denied.

10         **REQUEST FOR ADMISSION NO. 21:**

11         Admit that You do not have a written agreement with Adventist regarding the provision of

12  shared services to AHFR.

13         **RESPONSE TO NO. 21:**

14         AHFR incorporates its General Objections and Specific Objections to Definitions and

15  Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

16  ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

17  agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

18  Rules at this time. AHFR is not required to answer this Request for Admission.

19         **REQUEST FOR ADMISSION NO. 22:**

20         Admit that You do not intend to rebuild the Main Campus.

21         **RESPONSE TO NO. 22:**

22         AHFR incorporates its General Objections and its Specific Objections to Definitions and

23  Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the

24  ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

25  agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

26  Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further

27  objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,

28  vague, and ambiguous, including without limitation the phrase "intend to rebuild the Main

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1 | Campus" is vague and ambiguous. To the extent a response is deemed required, denied.

2 | **REQUEST FOR ADMISSION NO. 23:**

3 | Admit that you do not intend to rebuild the Main Campus on the same site with new
4 | materials of like size, kind, and quality that existed on the date of loss.

5 | **RESPONSE TO NO. 23:**

6 | AHFR incorporates its General Objections and its Specific Objections to Definitions and
7 | Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the
8 | ground that the Trustee has no authority under the CRP, and/or any other applicable rule,
9 | agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy
10 | Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further
11 | objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,
12 | vague, and ambiguous, including without limitation the phrases "intend to rebuild the Main
13 | Campus" and "materials of like size, kind, and quality." To the extent a response is deemed
14 | required, denied.

15 | **REQUEST FOR ADMISSION NO. 24:**

16 | Admit that you do not intend to rebuild the Main Campus on the same or another site, but
17 | not to exceed the size and operating capacity that existed on the date of loss.

18 | **RESPONSE TO NO. 24:**

19 | AHFR incorporates its General Objections and its Specific Objections to Definitions and
20 | Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the
21 | ground that the Trustee has no authority under the CRP, and/or any other applicable rule,
22 | agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy
23 | Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further
24 | objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome,
25 | vague, and ambiguous, including without limitation the phrases "intend to rebuild the Main
26 | Campus" and "but not to exceed the size and operating capacity that existed on the date of loss."
27 | To the extent a response is deemed required, denied.

28 |

DOCUMENT PREPARED
ON RECYCLED PAPER

- 28 -

**REQUEST FOR ADMISSION NO. 25:**

Admit that Your 2018 policy with FM Global had a limit of $1 billion and did not contain a sublimit for locations exposed to California wildfire.

**RESPONSE TO NO. 25:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to answer this Request for Admission. AHFR further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "did not contain a sublimit for locations exposed to California wildfire." The FM Global Policy speaks for itself.

<div align="center">

**INTERROGATORIES**

</div>

**INTERROGATORY NO. 1:**

If You contend that You have exercised reasonable efforts to obtain all Available Insurance Recoveries for damages caused by the Camp Fire, explain the factual basis for that contention.

**RESPONSE TO NO. 1:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "reasonable efforts."

**INTERROGATORY NO. 2:**

Identify all efforts You have taken to recover under any policy of insurance, including the FM Global Policy, for damages caused by the Camp Fire.

D́OCUMENT PREPARED
ON RECYCLED PAPER

- 29 -

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
45 of 104

**RESPONSE TO NO. 2:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "all efforts."

**INTERROGATORY NO. 3:**

Identify each category of damages discussed in the Sebold Report for which AHFR has insurance coverage.

**RESPONSE TO NO. 3:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "insurance coverage."

**INTERROGATORY NO. 4:**

For each category of damages discussed in the Sebold Report, identify the amount of insurance coverage available to AHFR under any policy of insurance, including the FM Global Policy.

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

1

**RESPONSE TO NO. 4:**

2     AHFR incorporates its General Objections and its Specific Objections to Definitions and

3 Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground

4 that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or

5 order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this

6 time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to

7 this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous,

8 including without limitation the phrases "identify," and "insurance coverage available."

9     **INTERROGATORY NO. 5:**

10     Identify the amount of damages suffered by AHFR because of the Camp Fire that are

11 insured by a policy of insurance, including the FM Global Policy.

12     **RESPONSE TO NO. 5:**

13     AHFR incorporates its General Objections and its Specific Objections to Definitions and

14 Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground

15 that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or

16 order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this

17 time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to

18 this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and

19 ambiguous, including without limitation the phrases "identify" and "insured by."

20     **INTERROGATORY NO. 6:**

21     Identify all damages You sustained because of the Camp Fire that you did not submit to FM

22 Global or any other insurer.

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 31 -
FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Document Prepared
on Recycled Paper

**RESPONSE TO NO. 6:**

AHFR incorporates its General Objections and Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "did not submit."

**INTERROGATORY NO. 7:**

Identify any loss caused by the Camp Fire for which any insurer, including FM Global, has denied coverage to You.

**RESPONSE TO NO. 7:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "denied coverage."

**INTERROGATORY NO. 8:**

Identify all Communications between You and any insurer, including FM Global, where the insurer has denied coverage for damages caused by the Camp Fire.

- 32 -
FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO NO. 8:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "all Communications."

**INTERROGATORY NO. 9:**

Identify all proofs of loss submitted by You to FM Global, or any other insurer, on account of the Camp Fire.

**RESPONSE TO NO. 9:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "proofs of loss."

**INTERROGATORY NO. 10:**

Identify all property You owned that was destroyed by the Camp Fire that was covered by insurance and the amount of insurance coverage for such property.

**RESPONSE TO NO. 10:**

AHFR incorporates its General Objections and Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "destroyed," "covered by insurance," and "the amount of insurance coverage."

**INTERROGATORY NO. 11:**

Identify all written agreements between You and Adventist for the provision of shared services.

**RESPONSE TO NO. 11:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**INTERROGATORY NO. 12:**

Identify the cost to rebuild the Main Campus to the same condition that existed on the date of loss.

**RESPONSE TO NO. 12:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "cost to rebuild the Main Campus."

**INTERROGATORY NO. 13:**

Explain when you anticipate reconstruction of the Main Campus.

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO NO. 13:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "anticipate reconstruction of the Main Campus."

**INTERROGATORY NO. 14:**

Identify the method You elected to have Time Element loss calculated under the FM Global Policy.

**RESPONSE TO NO. 14:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**INTERROGATORY NO. 15:**

Identify the persons most knowledgeable regarding the negotiations between You and FM Global regarding the Camp Fire.

**RESPONSE TO NO. 15:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Interrogatory. AHFR further objects to

- 35 -

DOCUMENT PREPARED ON RECYCLED PAPER

this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "persons most knowledgeable."

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents that support or refute Your responses to the foregoing Requests for Admission and Interrogatories.

### RESPONSE TO NO. 1:

AHFR incorporates its General Objections and Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "support" and "refute."

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to identify the nature and extent of Your ownership interest in FM Global.

### RESPONSE TO NO. 2:

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "nature and extent," and "ownership interest." AHFR also objects to this Request for Production to the extent it incorrectly assumes that AHFR has an "ownership interest in FM Global."

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1     **REQUEST FOR PRODUCTION NO. 3:**

2     Documents sufficient to identify the nature and extent of Your member status in FM Global.

3     **RESPONSE TO NO. 3:**

4     AHFR incorporates its General Objections and its Specific Objections to Definitions and

5 Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the

6 ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

7 agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

8 Rules at this time. AHFR is not required to, and will not, answer this Request for Production.

9 AHFR further objects to this Request on the grounds that it is overly broad, unduly burdensome,

10 vague, and ambiguous, including without limitation the phrases "identify," "nature and extent," and

11 "member status." AHFR also objects to this Request for Production to the extent it incorrectly

12 assumes that AHFR has an "member status in FM Global."

13     **REQUEST FOR PRODUCTION NO. 4:**

14     All Documents that Maryellen Sebold considered or relied on in connection with the Sebold

15 Report and the opinions set forth therein.

16     **RESPONSE TO NO. 4:**

17     AHFR incorporates its General Objections and its Specific Objections to Definitions and

18 Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the

19 ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

20 agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

21 Rules at this time. AHFR is not required to, and will not, answer this Request for Production.

22 AHFR further objects to this Request on the grounds that it is overly broad, unduly burdensome,

23 vague, and ambiguous, including without limitation the phrases "considered" and "relied on."

24 AHFR also objects to this Request for Production to the extent it seeks the disclosure of documents

25 or information that is already in the Trustee's possession, custody, or control.

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 37 -
FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088   Doc# 11556-1   Filed: 11/09/21   Entered: 11/09/21 10:54:38   Page
53 of 104

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify reinsurers who have reinsured FM Global's liability under the FM Global Policy for damages caused by the Camp Fire and the terms of such reinsurance, including all reinsurance policies and treaties.

**RESPONSE TO NO. 5:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "reinsurers," and "reinsurance policies and treaties." AHFR also objects to this Request for Production to the extent it requires AHFR to produce documents that are not in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

If you contend that the FM Global Policy does not insure any part of the damages discussed in the Sebold Report or the Proof of Claim, Documents sufficient to identify all factual and legal bases that support that contention.

**RESPONSE TO NO. 6:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and seeks documents or information that are protected by the attorney-client privilege or work product doctrine. AHFR also objects to this Request for Production on the

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
54 of 104

grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**REQUEST FOR PRODUCTION NO. 7:**

If you contend that the FM Global Policy does insure any part of the damages discussed in the Sebold Report or the Proof of Claim, Documents sufficient to identify all factual and legal bases that support that contention.

**RESPONSE TO NO. 7:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and seeks documents or information that are protected by the attorney-client privilege or work product doctrine. AHFR also objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and FM Global concerning the Camp Fire, including any claims You may have under the FM Global Policy because of the Camp Fire.

**RESPONSE TO NO. 8:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request for Production on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad.

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1    **REQUEST FOR PRODUCTION NO. 9:**

2        All Communications between You and any insurer concerning the Camp Fire, including

3    any claims You may have because of the Camp Fire.

4        **RESPONSE TO NO. 9:**

5        AHFR incorporates its General Objections and its Specific Objections to Definitions and

6    Instructions as if fully set forth herein.  AHFR further objects to this Request for Production on the

7    ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

8    agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

9    Rules at this time.  AHFR is not required to, and will not, answer this Request for Production.

10   AHFR further objects to this Request for Production on the grounds that it is vague, ambiguous,

11   unduly burdensome, and overly broad.

12       **REQUEST FOR PRODUCTION NO. 10:**

13       All Documents that You intend to rely on in support of Your Proof of Claim.

14       **RESPONSE TO NO. 10:**

15       AHFR incorporates its General Objections and its Specific Objections to Definitions and

16   Instructions as if fully set forth herein.  AHFR further objects to this Request for Production on the

17   ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

18   agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

19   Rules at this time.  AHFR is not required to, and will not, answer this Request for Production.

20   AHFR further objects to this Request for Production on the grounds that it is premature and seeks

21   the disclosure of documents or information that is already in the Trustee's possession, custody, or

22   control.

23       **REQUEST FOR PRODUCTION NO. 11:**

24       Each insurance policy under which AHFR has coverage for damages arising from the Camp

25   Fire.

26       **RESPONSE TO NO. 11:**

27       AHFR incorporates its General Objections and Specific Objections to Definitions and

28   Instructions as if fully set forth herein.  AHFR further objects to this Request for Production on the

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request for Production to the extent it seeks the disclosure of documents or information that is already in the Trustee's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents in any insurance files for claims concerning the Camp Fire submitted to FM Global or any other insurer, including, but not limited to, Documents entitled "Proof of Loss."

**RESPONSE TO NO. 12:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad. AHFR also objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "insurance files" and "Proof of Loss."

**REQUEST FOR PRODUCTION NO. 13:**

All Communications with any insurer, including FM Global, concerning coverage available for the Camp Fire or any damages caused by the Camp Fire.

**RESPONSE TO NO. 13:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request on the grounds that it is vague, ambiguous, unduly

DOCUMENT PREPARED ON RECYCLED PAPER

burdensome, and overly broad. AHFR also objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "coverage available."

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the payment of at least $60 million from FM Global related to damage caused by the Camp Fire.

**RESPONSE TO NO. 14:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the provision of shared services from Adventist to You since the Camp Fire.

**RESPONSE TO NO. 15:**

AHFR incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. AHFR is not required to, and will not, answer this Request for Production. AHFR further objects to this Request for Production on the grounds that it is vague, overly broad, unduly burdensome and ambiguous.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning Your intent to rebuild any property You owned that was damaged by the Camp Fire.

///

///

- 42 -

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page 58 of 104

DOCUMENT PREPARED
ON RECYCLED PAPER

1

**RESPONSE TO NO. 16:**

2      AHFR incorporates its General Objections and its Specific Objections to Definitions and

3  Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the

4  ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

5  agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

6  Rules at this time. AHFR is not required to, and will not, answer this Request for Production.

7  AHFR further objects to this Request for Production on the grounds that it is vague, ambiguous,

8  overly broad, and unduly burdensome.

9      **REQUEST FOR PRODUCTION NO. 17:**

10      Any Document which supports Your decision to elect to have business interruption and/or

11  extra expense coverage calculated under the FM Global Policy utilizing the gross earnings or gross

12  profit method.

13      **RESPONSE TO NO. 17:**

14      AHFR incorporates its General Objections and its Specific Objections to Definitions and

15  Instructions as if fully set forth herein. AHFR further objects to this Request for Production on the

16  ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

17  agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy

18  Rules at this time. AHFR is not required to, and will not, answer this Request for Production.

19  AHFR also objects to this Request for Production on the grounds that it is overly broad, unduly

20  burdensome, vague, and ambiguous, including without limitation the phrases "business

21  interruption" and "extra expense coverage."

22

23

24

25

26

27

28

- 43 -

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

Case: 19-30088   Doc# 11556-1   Filed: 11/09/21   Entered: 11/09/21 10:54:38   Page
59 of 104

1  Dated: October 13, 2021                    REBECCA J. WINTHROP
2                                              ROBIN D. BALL
                                               JACQUELINE C. KARAMA
3                                              NORTON ROSE FULBRIGHT US LLP

4                                              By: _____
5                                                  REBECCA J. WINTHROP
                                                   Attorney for Creditors ADVENTIST
6                                                  HEALTH SYSTEM/WEST and
                                                   FEATHER RIVER HOSPITAL D/B/A
7                                                  ADVENTIST HEALTH FEATHER
                                                   RIVER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH FEATHER RIVER RESPONSES TO FIRE VICTIM TRUSTEE'S FIRST
SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**PROOF OF SERVICE**

I, Diana Cardenas, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On October 13, 2021, I served a copy of the within document(s):

> FEATHER RIVER HOSPITAL D/B/A ADVENTIST HEALTH
> FEATHER RIVER'S RESPONSES AND OBJECTIONS TO THE
> FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR
> ADMISSIONS, FIRST SET OF INTERROGATORIES, AND
> FIRST SET OF REQUESTS FOR PRODUCTION

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| David J. Molton, Esq. | Joel S. Miliband, Esq. |
| BROWN RUDNICK LLP | BROWN RUDNICK LLP |
| Seven Times Square | 2211 Michelson Drive, Seventh Floor |
| New York, NY 10036 | Irvine, CA 92612 |
| Phone: (212) 209-4800 | Phone: (949) 752-7100 |
| Fax:    (212) 209-4801 | Fax:    (949) 252-1514 |
| Email: dmolton@brownrudnick.com | Email: jmiliband@brownrudnick.com |
| *Attorneys for Fire Victim Trust* | *Attorneys for Fire Victim Trust* |

DOCUMENT PREPARED
ON RECYCLED PAPER

- 45 -
PROOF OF SERVICE

<div style="margin-left:2em;">

1

Eric Goodman, Esq.

2

BROWN RUDNICK LLP
One Financial Center

3

Boston, MA 02111
Phone: (617) 856-8200

4

Fax:     (617) 856-8201
Email: egoodman@brownrudnick.com

5

6

*Attorneys for Fire Victim Trust*

7

8

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

11

12

     Executed on October 13, 2021, at Los Angeles, California.

13

14

_____
                     Diana Cardenas

15

16

17

18

19

20

21

22

23

24

25

26

27

28

</div>

Document Prepared
on Recycled Paper

- 46 -
PROOF OF SERVICE

1  REBECCA J. WINTHROP (BAR NO. 116386)
   ROBIN D. BALL (BAR NO. 159698)
2  JACQUELINE C. KARAMA (SBN 311120)
   NORTON ROSE FULBRIGHT US LLP
3  555 South Flower Street
   Forty-First Floor
4  Los Angeles, California  90071
   Telephone:     (213) 892-9200
5  Facsimile:     (213) 892-9494
   rebecca.winthrop@nortonrosefulbright.com
6  robin.ball@nortonrosefulbright.com
   jackie.karama@nortonrosefulbright.com
7
   Attorneys for Creditors ADVENTIST HEALTH
8  SYSTEM/WEST and FEATHER RIVER HOSPITAL
   D/B/A ADVENTIST HEALTH FEATHER RIVER
9

10              **UNITED STATES BANKRUPTCY COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                 **SAN FRANCISCO DIVISION**

13

14  In re:                              Case No. 19 - 30088 (DM)

15  PG&E CORPORATION,                   Chapter 11
                                        (Lead Case)
16          - and -                     (Jointly Administered)

17  PACIFIC GAS AND ELECTRIC            **ADVENTIST HEALTH**
    COMPANY                             **SYSTEMS/WEST'S RESPONSES AND**
18                                      **OBJECTIONS TO FIRE VICTIM**
            Debtors.                    **TRUSTEE'S FIRST SET OF REQUESTS**
19                                      **FOR ADMISSIONS, FIRST SET OF**
                                        **INTERROGATORIES, AND FIRST SET**
20                                      **OF REQUESTS FOR PRODUCTION**

21  ☐    Affects PG&E Corporation
    ☐    Affects Pacific Gas and Electric
22         Company
    ☒    Affects both Debtors
23  * All papers shall be filed in the Lead Case,
    No. 19-30088 (DM)
24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1     Adventist Health System/West ("Adventist Health" or "Adventist"), by and through its

2 undersigned counsel, hereby responds and objects to the Fire Victim Trustee's (the "Trustee") First

3 Set of Requests for Admissions (the "Requests for Admission"), First Set of Interrogatories (the

4 "Interrogatories"), and First Set of Document Requests (the Document Requests" and, together

5 with the Requests for Admission and the Interrogatories, the Requests"), as follows:

6     **<u>GENERAL OBJECTIONS</u>**

7     In addition to the specific objections set forth below, Adventist Health makes the following

8 General Objections to each and all of the Requests:

9     1.     Adventist objects to the Requests in their entirety on the basis that the Trustee has

10 no authority under the Fire Victim Claims Resolution Procedures (the "CRP"), and/or any

11 applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules

12 of Civil Procedure (the "Federal Rules") or the Federal Rules of Bankruptcy Procedure (the

13 "Bankruptcy Rules") at this time. The CRP states that "[d]uring the Judicial Determination, the

14 Claimant and the Trustee shall be governed by the rights and obligations imposed upon parties to

15 a contested matter under the Federal Rules of Bankruptcy Procedure . . ." The CRP makes no

16 provision for discovery under the Federal Rules or the Bankruptcy Rules before commencement of

17 a "Judicial Determination" proceeding. Given that a "Judicial Determination" may be initiated only

18 "after a Claimant receives a Trustee Determination . . . with respect to a Claim," which has not yet

19 occurred with respect to Adventist, discovery pursuant to the Federal Rules is not permitted under

20 the CRP. Furthermore, because a Judicial Determination has not yet commenced with respect to

21 Adventist, the Trustee is not permitted to propound discovery pursuant to the Bankruptcy Rules.

22 Adventist is not required to, and will not, produce any documents or information in response to any

23 of the Requests.  All of the other General Objections and Specific Objections set forth herein are

24 made subject to and without waiver of this General Objection No. 1, solely as a reservation of

25 rights.

26     2.     Adventist objects to the Requests to the extent that they seek to impose obligations

27 on Adventist in excess of those set forth under the CRP, the Bankruptcy Rules, and/or any other

28 applicable rule, agreement, or order.

Document Prepared
on Recycled Paper

3.      Adventist objects to the Requests to the extent that they seek documents and/or information protected from discovery by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege, doctrine, or immunity. Any inadvertent disclosure of any documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege, protection, or immunity, shall not be deemed to constitute a waiver thereof, and shall not prejudice Adventist's right to request the return or destruction of such documents or information, or to object to any subsequent use thereof.

4.      Adventist objects to the Requests to the extent that they purport to require AHFR to produce documents and/or information that are not in Adventist's possession, custody, and/or control.

5.      Adventist objects to the Requests to the extent that they call for the production of documents or information consisting of confidential and/or proprietary business information, trade secrets, or financial or personal information concerning Adventist or any employee, patient, customer, and/or agent thereof.

6.      Adventist objects to the Requests to the extent that they are unreasonably cumulative, duplicative, vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the claims process, and/or do not specify the documents or information sought with sufficient particularity.

7.      Adventist objects to the Requests to the extent that they seek discovery of opinions of law that are beyond the scope of permissible discovery.

8.      Adventist objects to the Requests to the extent that they seek the disclosure of documents or information that is already in the Trust's possession, custody, or control; that is equally available to the Trustee through public sources or records; that is unreasonably cumulative or duplicative; or that may be obtained from another source that is more convenient, less burdensome or less expensive.

9.      Adventist reserves and does not waive its right to challenge the relevance, materiality or admissibility of any documents or information produced.

DOCUMENT PREPARED
ON RECYCLED PAPER

10.     Adventist objects to the Requests as overly broad, unduly burdensome, vague and ambiguous to the extent they employ terms without definitions including, for example, the use of the terms "Identify," "Denied Coverage" and "Insured By."

11.     Adventist reserves all other objections to the Requests and expressly reserves the right to amend or supplement its responses and objections to the Requests.

12.     Each of these general objections is incorporated by reference into the specific responses to each specific request below.  In addition to the general objections, Adventist will also state specific objections to the discovery where appropriate, including objections that are not generally applicable to all Requests. By setting forth such objections, Adventist does not intend to limit or restrict the general objections set forth above and below and, to the extent that Adventist responds to specific Requests, stated objections are not waived by providing responses. The foregoing general objections shall apply to all supplemental responses to the Requests and all responses to future Requests.

## SPECIFIC OBJECTIONS TO DEFINITIONS

Adventist objects to each Definition on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon Adventist under the Federal Rules and/or Bankruptcy Rules at this time.  Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, Adventist further objects to the following Definitions:

**FIRST DEFINITION:**

The term "Adventist" shall mean Adventist Health System/West, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO FIRST DEFINITION:**

Adventist objects to the Trustee's definition of "Adventist" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation, the phrase "along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives,

- 4 -

DOCUMENT PREPARED ON RECYCLED PAPER

subsidiaries, predecessors and/or successors." Adventist will treat the term "Adventist," as used in the Trustee's Requests, to mean Adventist Health System/West.

**SECOND DEFINITION:**

The term "AHFR" shall mean Feather River Hospital, d/b/a Adventist Health Feather River, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO SECOND DEFINITION:**

Adventist objects to the Trustee's definition of "AHFR" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation, the phrase "along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors." Adventist will treat the term "AHFR," as used in the Trustee's Requests, to mean Feather River Hospital, d/b/a Adventist Health Feather River.

**FIFTH DEFINITION:**

The term "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other forms of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

**RESPONSE TO FIFTH DEFINITION:**

Adventist objects to the Trustee's definition of "Communications" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous to the extent it purports to include "all inquiries, discussions, conversation . . . in [Adventist's] . . . constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors [of Adventist]." Adventist will not search for or produce documents and/or information outside of Adventist's possession, custody, or control. Adventist will treat the term "Communications," as used in the Trustee's Requests, to mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

DOCUMENT PREPARED
ON RECYCLED PAPER

- 5 -

**SIXTH DEFINITION:**

The term "concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

**RESPONSE TO SIXTH DEFINITION:**

Adventist objects to the Trustee's definition of "concerning" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous to the extent it purports to include, without limitation, the phrase "in any way, in whole or in part, to the subject matter being referenced." Adventist will treat the term "concerning," as used in the Trustee's Requests, to mean relating to, referring to, describing, evidencing or constituting.

**SEVENTH DEFINITION:**

The term "Documents" shall mean any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

**RESPONSE TO SEVENTH DEFINITION:**

Adventist objects to the Trustee's definition of "Documents" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the claims process, and purports to impose obligations on Adventist in excess of those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, the phrases "as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively," "communications of any description," and "all other documents." Adventist will treat the term "Documents," as used in the Trustee's Requests, as synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A).

**NINTH DEFINITION:**

The term "FM Global" shall mean Factory Mutual Insurance Company, along with its agents, employees, attorneys, officers, directors, shareholders, members, representatives, subsidiaries, predecessors and/or successors.

**RESPONSE TO NINTH DEFINITION:**

Adventist objects to the Trustee's definition of "FM Global" on the grounds that it is overly broad, vague, and ambiguous, including without limitation the phrase "include full phrase." Further, Adventist cannot reasonably know nor identify all of the persons or entities that the Trustee intends to include in this Definition. Adventist will treat the term "FM Global," as used in the Trustee's Requests, to mean Factory Mutual Insurance Company.

**TENTH DEFINITION:**

The term "FM Global Policy" shall mean that Policy No. 1019191 issued by FM Global in favor of Adventist Health System / West and any subsidiary, and Adventist Health System / West's

- 7 -

DOCUMENT PREPARED
ON RECYCLED PAPER

interest in any partnership or joint venture in which Adventist Health System / West has management control or ownership.

**RESPONSE TO TENTH DEFINITION:**

Adventist objects to the Trustee's definition of "FM Global Policy" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation with respect to the phrase "Adventist Health System/ West and any subsidiary, and Adventist Health System/ West's interest in any partnership or joint venture in which Adventist Health System/West has management control or ownership." Adventist will treat the term "FM Global Policy," as used in the Trustee's Requests, to mean Policy No. 1019191 issued by FM Global.

**ELEVENTH DEFINITION:**

The term "Proof of Claim" shall mean the Proof of Claim (Fire Claim Related) filed by Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River in the Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company.

**RESPONSE TO ELEVENTH DEFINITION:**

Adventist objects to the Trustee's definition of "Proof of Claim" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation insofar as two Proofs of Claim were filed by Adventist and AHFR (one in the Chapter 11 Case of PG&E Corporation and one in the Chapter 11 case of Pacific Gas and Electric Company).

**THIRTEENTH DEFINITION:**

The term "Shared Services" shall mean the variety of centralized services and functions that Adventist claims are common and provided across all Adventist Health hospitals and clinics, including but not limited to Feather River Hospital d/b/a Adventist Health Feather River.

**RESPONSE TO THIRTEENTH DEFINITION:**

Adventist objects to the Trustee's definition of "Shared Services" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

**FIFTEENTH DEFINITION:**

The terms "You" or "Your" and variants thereof mean AHFR.

///

DOCUMENT PREPARED ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO FIFTEENTH DEFINITION:**

Adventist objects to the Trustee's definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, including without limitation the phrase "variants thereof." Adventist will treat the term "You," and "Your" as used in the Trustee's Requests, to mean Adventist Health System/West.

<u>SPECIFIC OBJECTIONS TO INSTRUCTIONS</u>

Adventist objects to each Instruction on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon Adventist under the Federal Rules and/or Bankruptcy Rules at this time. Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, Adventist further objects to the following Instructions:

**INSTRUCTION NO. 3:**

These Requests for Admission, Interrogatories, or Requests for Production shall be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following Requests for Admission, Interrogatories, or Requests for Production, such additional information is to be promptly produced.

**RESPONSE TO INSTRUCTION NO. 3:**

Adventist objects to this Instruction to the extent that it purports to impose obligations on Adventist inconsistent with those set forth in Rule 26(e) of the Federal Rules.

**INSTRUCTION NO. 4:**

Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.),

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
71 of 104

web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

**RESPONSE TO INSTRUCTION NO. 4:**

Adventist objects to this Instruction on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of this claims process, and purports to impose obligations on Adventist inconsistent with those set forth in the CRP, Federal Rules, and/or Bankruptcy Rules, including without limitation insofar as it purports to compel Adventist to obtain and produce documents in Adventist's "constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties . . ." Adventist is not required to, and will not, search for or produce documents and/or information outside of its possession, custody, or control.

**INSTRUCTION NO. 5:**

You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

**RESPONSE TO INSTRUCTION NO. 5:**

Adventist objects to this Instruction as overly broad, unduly burdensome, not proportional to the needs of the claims process, and purporting to impose obligations on Adventist inconsistent

- 10 -

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page 72 of 104

with those set forth in the Bankruptcy Rules and the Federal Rules, including without limitation to the extent it purports to require Adventist to conduct anything beyond a reasonable and diligent search for readily accessible documents, including electronically stored information (ESI), from readily accessible sources wherein responsive documents reasonably would be expected to be found, or otherwise would impose unreasonable search costs and burdens on Adventist.

**INSTRUCTION NO. 7:**

Documents not otherwise responsive to these Requests for Production should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

**RESPONSE TO INSTRUCTION NO. 7:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and purports to impose obligations on Adventist in excess of those set forth under the Bankruptcy Rules and the Federal Rules, including without limitation insofar as it purports to require Adventist to produce "[d]ocuments not otherwise responsive to these Requests for Production . . ." Adventist is not required to, and will not, produce documents that are not responsive to a Document Request.

**INSTRUCTION NO. 9:**

Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

**RESPONSE TO INSTRUCTION NO. 9:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and purports to impose obligations on Adventist in excess of those set forth under the Bankruptcy Rules and the Federal Rules, including, for example, the phrases "linked Documents" and "or otherwise appended Documents."

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

**INSTRUCTION NO. 10:**

If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request for Production or part thereof, for each such Document, You must:

      a.    Identify the type, title and subject matter of the Document;

      b.    State the place, date, and manner of preparation of the Document;

      c.    Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

      d.    Identify the legal privilege(s) and the factual basis for the claim.

**RESPONSE TO INSTRUCTION NO. 10:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the claims process, purports to impose obligations on Adventist in excess of those set forth in Rule 26(b)(5) of the Federal Rules and that the burden and/or expense of the proposed discovery outweighs its likely benefit (if any), including, for example, to the phrases "[s]tate the place, date, and manner of preparation of the Document" and "identify . . . information about such persons to assess the privilege asserted."

**INSTRUCTION NO. 11:**

Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 10 above must be provided.

**RESPONSE TO INSTRUCTION NO. 11:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on Adventist inconsistent with set forth under the Federal Rules and the Bankruptcy Rules. Adventist reserves the right to make any appropriate redactions including, for example, appropriate redactions for confidential and/or proprietary business information, trade secrets, or financial or personal information concerning Adventist or any employee, patient, customer, and/or agent thereof.

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

**INSTRUCTION NO. 12:**

To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests for Production are to be identified and produced.

**RESPONSE TO INSTRUCTION NO. 12:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on Adventist in excess of those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require Adventist to provide a written statement concerning documents no longer in its possession, custody, or control. Adventist further objects to this Instruction as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the claims process to the extent that it purports to compel Adventist to obtain and produce documents in its "constructive possession, custody, or control." Adventist will not search for or produce documents and/or information outside of its possession, custody, or control.

**INSTRUCTION NO. 13:**

If You object to any of these Requests for Admission, Interrogatories, or Requests for Production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request for Admission, Interrogatory, or Request for Production, You shall respond to any other portions of such Admission, Interrogatory, or Request for Production as to which there is no objection and state with specificity the grounds of the objection.

**RESPONSE TO INSTRUCTION NO. 13:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly

- 13 -

DOCUMENT PREPARED ON RECYCLED PAPER

burdensome, not proportional to the needs of the claims process, and purports to impose obligations on Adventist that are inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, the phrases "writing with specificity the grounds of Your objections" and "[a]ny ground not stated shall be waived." Adventist expressly reserves and does not waive all objections and rights to which it is entitled under the Federal Rules, the Bankruptcy Rules, and/or other applicable rules or law.

**INSTRUCTION NO. 14:**

The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests for Admission, Interrogatories, or Requests for Production based on the knowledge or information that You possess at the time You respond to these Requests for Admission, Interrogatories, or Requests for Production. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request for Admission, Interrogatory, or Request for Production, so state in Your response to that Request for Admission, Interrogatory, or Request for Production.

**RESPONSE TO INSTRUCTION NO. 14:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the claims process, and purports to impose obligations on Adventist that are inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require Adventist to provide a written statement that "investigation is continuing or discovery is not complete."

**INSTRUCTION NO. 15:**

If the identity of Documents responding to a Request for Production is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

**RESPONSE TO INSTRUCTION NO. 15:**

Adventist objects to this Instruction on the grounds that it is vague, ambiguous, overly

- 14 -

DOCUMENT PREPARED ON RECYCLED PAPER

broad, unduly burdensome, unintelligible, not proportional to the needs of the claims process, and purports to impose obligations on Adventist inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, to the extent that it purports to require Adventist to provide a written statement concerning "lack of knowledge" or to "identify that person or entity or state the basis of Your belief or knowledge."

**INSTRUCTION NO. 16:**

If You deny knowledge or information sufficient to answer an Interrogatory (or any part thereof), provide the name and address of each person known or believed to have such knowledge. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to these Interrogatories.

**RESPONSE TO INSTRUCTION NO. 16:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations on Adventist inconsistent with those set forth under the Federal Rules and the Bankruptcy Rules, including, for example, insofar as it purports to require Adventist to "provide the name and address of each person" or "[i]dentify each person." Adventist further objects to this Instruction as violating the limit on the number of interrogatories set forth in Rule 33(a)(1) of the Federal Rules. *See also* Fed. R. Bankr. P. 4033.

**OBJECTIONS TO "MANNER OF PRODUCTION" INSTRUCTIONS**

Adventist objects to each "Manner of Production" Instruction on the ground that the Trustee has no authority under the CRP and/or any other applicable rule, agreement, or order to propound discovery upon Adventist under the Federal Rules and/or Bankruptcy Rules at this time. Subject to and without waiver of this objection and its General Objections, each of which is incorporated herein by reference, and solely as a reservation of rights, Adventist further objects to the following "Manner of Production" Instructions:

**MANNER OF PRODUCTION INSTRUCTION NO. 1:**

All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct

copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 1:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including, for example, the phrases "unaltered attendant metadata" and "industry-standard."

**MANNER OF PRODUCTION INSTRUCTION NO. 2:**

Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 2:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous including, for example, the phrases "reasonably accessible and properly preserved metadata" and "reasonably structured folders."

**MANNER OF PRODUCTION INSTRUCTION NO. 3:**

Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text

- 16 -

DOCUMENT PREPARED
ON RECYCLED PAPER

as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 3:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "reasonable and modest effort" and "fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content."

**MANNER OF PRODUCTION INSTRUCTION NO. 5:**

Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.    XML format file(s);

    b.    Microsoft SQL database(s);

    c.    Access database(s); and/or

    d.    fixed or variable length ASCII delimited files.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 5:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "reasonably detailed documentation" and "reasonably manage and import these Documents into a useable, coherent database."

**MANNER OF PRODUCTION INSTRUCTION NO. 6:**

Spreadsheets, Multimedia, and Non-Standard File Types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet, database

- 17 -

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088   Doc# 11556-1   Filed: 11/09/21   Entered: 11/09/21 10:54:38   Page
79 of 104

DOCUMENT PREPARED
ON RECYCLED PAPER

and/or statistical programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 6:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "statistical programs" and "separate root-level folder structure on deliverable media."

**MANNER OF PRODUCTION INSTRUCTION NO. 7:**

"Other" Electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

**RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 7:**

Adventist objects to this Instruction on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including, for example, the phrases "embedded data" and "unstructured files."

**MANNER OF PRODUCTION INSTRUCTION NO. 8:**

Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be

- 18 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1  provided as a multi-page text file as provided for by these Requests for Production.

2  **RESPONSE TO MANNER OF PRODUCTION INSTRUCTION NO. 8:**

3  Adventist objects to this Instruction on the grounds that it is overly broad, unduly
4  burdensome, vague, and ambiguous including, for example, the phrases "express parent
5  Document/child attachment boundaries" and "folder boundaries, and other groupings."

6  **REQUESTS FOR ADMISSION**

7  **REQUEST FOR ADMISSION NO. 1:**

8  Admit that no insurer has denied coverage for any loss suffered by You because of the Camp
9  Fire.

10  **RESPONSE TO NO. 1:**

11  Adventist incorporates its General Objections and its Specific Objections to Definitions and
12  Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on
13  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,
14  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the
15  Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission.
16  Adventist further objects to this Request for Admission on the grounds that it is overly broad,
17  unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied
18  coverage." To the extent a response is deemed required, denied.

19  **REQUEST FOR ADMISSION NO. 2:**

20  Admit that FM Global has not denied coverage to You under the FM Global Policy for any
21  loss caused by the Camp Fire.

22  **RESPONSE TO NO. 2:**

23  Adventist incorporates its General Objections and its Specific Objections to Definitions and
24  Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on
25  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,
26  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the
27  Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission.
28  Adventist further objects to this Request for Admission on the grounds that it is overly broad,

Document Prepared
on Recycled Paper

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that no insurer has denied coverage to You under any insurance policy for any loss caused by the Camp Fire.

**RESPONSE TO NO. 3:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have not received any Communications from any insurer indicating that it has denied coverage for any loss suffered by You because of the Camp Fire.

**RESPONSE TO NO. 4:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You have not received any Communications from FM Global indicating that

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

FM Global has denied coverage for any loss caused by the Camp Fire.

**RESPONSE TO NO. 5:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase " denied coverage." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You are a member of FM Global.

**RESPONSE TO NO. 6:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "member." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You have an ownership interest in FM Global.

**RESPONSE TO NO. 7:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

- 21 -

Document Prepared
on Recycled Paper

Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "ownership interest." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that some or all of the damages discussed in Opinion 7a of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 8:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 9:**

Admit that some or all of the damages discussed in Opinion 7b of the Sebold Report are insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 9:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 10:**

Admit that some or all of the damages discussed in Opinion 8b of the Sebold Report are

DOCUMENT PREPARED
ON RECYCLED PAPER

- 22 -

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
84 of 104

insured by the FM Global Policy or another policy of insurance.

**RESPONSE TO NO. 10:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "insured by."

**REQUEST FOR ADMISSION NO. 11:**

Admit that You did not suffer any property damage because of the Camp Fire.

**RESPONSE TO NO. 11:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission to the extent that it seeks a legal conclusion. To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You did not suffer any personal injury because of the Camp Fire.

**RESPONSE TO NO. 12:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission to the extent that it seeks a legal conclusion.

DOCUMENT PREPARED
ON RECYCLED PAPER

1    **REQUEST FOR ADMISSION NO. 13:**

2         Admit that You have not violated any conditions or obligations or cooperation clauses under

3    the FM Global Policy.

4    **RESPONSE TO NO. 13:**

5         Adventist incorporates its General Objections and its Specific Objections to Definitions and

6    Instructions as if fully set forth herein.  Adventist further objects to this Request for Admission on

7    the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

8    agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

9    Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission.

10   Adventist further objects to this Request for Admission on the grounds that it is overly broad,

11   unduly burdensome, vague, and ambiguous, including without limitation the phrases "conditions

12   or obligations," and "cooperation clauses."

13   **REQUEST FOR ADMISSION NO. 14:**

14        Admit that You have not violated any conditions or obligations or cooperation clauses under

15   any policy of insurance that covers losses caused by the Camp Fire.

16   **RESPONSE TO NO. 14:**

17        Adventist incorporates its General Objections and its Specific Objections to Definitions and

18   Instructions as if fully set forth herein.  Adventist further objects to this Request for Admission on

19   the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

20   agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

21   Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission.

22   Adventist further objects to this Request for Admission on the grounds that it is overly broad,

23   unduly burdensome, vague, and ambiguous, including without limitation the phrases "conditions

24   or obligations," and "cooperation clauses."

25   **REQUEST FOR ADMISSION NO. 15:**

26        Admit that You have not exercised reasonable efforts to obtain all Available Insurance

27   Recoveries for damages caused by the Camp Fire.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

**RESPONSE TO NO. 15:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "reasonable efforts." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You have not vigorously pursued all insurance to which You are entitled for damages caused by the Camp Fire.

**RESPONSE TO NO. 16:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "vigorously pursued." To the extent a response is deemed required, denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You do not have a written agreement with AHFR regarding the provision of shared services to AHFR.

**RESPONSE TO NO. 17:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Your 2018 policy with FM Global had a limit of $1 billion and did not contain a sublimit for locations exposed to California wildfire.

**RESPONSE TO NO. 18:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Admission on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to answer this Request for Admission. Adventist further objects to this Request for Admission on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "did not contain a sublimit for locations exposed to California wildfire." The FM Global Policy speaks for itself.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all property You owned that was damaged by the Camp Fire.

**RESPONSE TO NO. 1:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "owned."

**INTERROGATORY NO. 2:**

Identify all personal injuries You suffered because of the Camp Fire.

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

1   **RESPONSE TO NO. 2:**

2          Adventist incorporates its General Objections and its Specific Objections to Definitions and

3   Instructions as if fully set forth herein.  Adventist further objects to this Interrogatory on the ground

4   that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or

5   order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at

6   this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further

7   objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and

8   ambiguous, including without limitation the phrase "identify."

9          **INTERROGATORY NO. 3:**

10          If You contend that You have exercised reasonable efforts to obtain all Available Insurance

11   Recoveries for damages caused by the Camp Fire, explain the factual basis for that contention.

12          **RESPONSE TO NO. 3:**

13          Adventist incorporates its General Objections and its Specific Objections to Definitions and

14   Instructions as if fully set forth herein.  Adventist further objects to this Interrogatory on the ground

15   that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or

16   order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at

17   this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further

18   objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and

19   ambiguous, including without limitation the phrase "reasonable efforts."

20          **INTERROGATORY NO. 4:**

21          Identify all efforts You have taken to recover under any policy of insurance, including the

22   FM Global Policy, for damages caused by the Camp Fire.

23          **RESPONSE TO NO. 4:**

24          Adventist incorporates its General Objections and its Specific Objections to Definitions and

25   Instructions as if fully set forth herein.  Adventist further objects to this Interrogatory on the ground

26   that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or

27   order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at

28   this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further

- 27 -

DOCUMENT PREPARED
ON RECYCLED PAPER

objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "all efforts."

**INTERROGATORY NO. 5:**

Identify each category of damages discussed in the Sebold Report for which Adventist has insurance coverage.

**RESPONSE TO NO. 5:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "insurance coverage."

**INTERROGATORY NO. 6:**

For each category of damages discussed in the Sebold Report, identify the amount of insurance coverage available to Adventist under any policy of insurance, including the FM Global Policy.

**RESPONSE TO NO. 6:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," and "insurance coverage available."

**INTERROGATORY NO. 7:**

Identify the amount of damages suffered by Adventist because of the Camp Fire that are

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

insured by a policy of insurance, including the FM Global Policy.

**RESPONSE TO NO. 7:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "insured by."

**INTERROGATORY NO. 8:**

Identify all damages You sustained because of the Camp Fire that you did not submit to FM Global or any other insurer.

**RESPONSE TO NO. 8:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "did not submit."

**INTERROGATORY NO. 9:**

Identify any loss caused by the Camp Fire for which any insurer, including FM Global, has denied coverage to You.

**RESPONSE TO NO. 9:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

- 29 -

DOCUMENT PREPARED
ON RECYCLED PAPER

Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "denied coverage."

**INTERROGATORY NO. 10:**

Identify all Communications between You and any insurer, including FM Global, where the insurer has denied coverage for damages caused by the Camp Fire.

**RESPONSE TO NO. 10:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "all Communications."

**INTERROGATORY NO. 11:**

Identify all proofs of loss submitted by You to FM Global, or any other insurer, on account of the Camp Fire.

**RESPONSE TO NO. 11:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon AHFR under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "proofs of loss."

**INTERROGATORY NO. 12:**

Identify all property You owned that was destroyed by the Camp Fire that was covered by

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
92 of 104

insurance and the amount of insurance coverage for such property.

**RESPONSE TO NO. 12:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "destroyed," "covered by insurance," and "the amount of insurance coverage."

**INTERROGATORY NO. 13:**

Identify all written agreements between You and AHFR for the provision of shared services.

**RESPONSE TO NO. 13:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**INTERROGATORY NO. 14:**

Identify the method You elected to have Time Element loss calculated under the FM Global Policy.

**RESPONSE TO NO. 14:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Case: 19-30088    Doc# 11556-1    Filed: 11/09/21    Entered: 11/09/21 10:54:38    Page
93 of 104

this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**INTERROGATORY NO. 15:**

Identify any hospitals owned by You or Your affiliates that realized an increase in revenue because of the Camp Fire.

**RESPONSE TO NO. 15:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "increase in revenue."

**INTERROGATORY NO. 16:**

Identify the persons most knowledgeable regarding the negotiations between You and FM Global regarding the Camp Fire.

**RESPONSE TO NO. 16:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Interrogatory on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Interrogatory. Adventist further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify" and "persons most knowledgeable."

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that support or refute Your responses to the foregoing Requests for

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED ON RECYCLED PAPER

1  Admission and Interrogatories.

2      **RESPONSE TO NO. 1:**

3          Adventist incorporates its General Objections and its Specific Objections to Definitions and

4  Instructions as if fully set forth herein.  Adventist further objects to this Request for Production on

5  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

6  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

7  Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

8  Production. Adventist further objects to this Request for Production on the grounds that it is overly

9  broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases

10  "support" and "refute."

11      **REQUEST FOR PRODUCTION NO. 2:**

12          Documents sufficient to identify the nature and extent of Your ownership interest in FM

13  Global.

14      **RESPONSE TO NO. 2:**

15          Adventist incorporates its General Objections and its Specific Objections to Definitions and

16  Instructions as if fully set forth herein.  Adventist further objects to this Request for Production on

17  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

18  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

19  Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

20  Production. Adventist further objects to this Request for Production on the grounds that it is overly

21  broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase

22  "ownership interest in FM Global."  Adventist also objects to this Request to the extent it incorrectly

23  assumes Adventist has an "ownership interest in FM Global."

24      **REQUEST FOR PRODUCTION NO. 3:**

25          Documents sufficient to identify the nature and extent of Your member status in FM Global.

26      **RESPONSE TO NO. 3:**

27          Adventist incorporates its General Objections and its Specific Objections to Definitions and

28  Instructions as if fully set forth herein.  Adventist further objects to this Request for Production on

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "nature and extent," and "member status." Adventist also objects to this Request for Production to the extent it incorrectly assumes that Adventist has a "member status in FM Global."

**REQUEST FOR PRODUCTION NO. 4:**

All Documents that Maryellen Sebold considered or relied on in connection with the Sebold Report and the opinions set forth therein.

**RESPONSE TO NO. 4:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "considered" and "relied on." Adventist also objects to this Request for Production to the extent it seeks the disclosure of documents or information that are already in the Trustee's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify reinsurers who have reinsured FM Global's liability under the FM Global Policy for damages caused by the Camp Fire and the terms of such reinsurance, including all reinsurance policies and treaties.

**RESPONSE TO NO. 5:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrases "identify," "reinsurers," and "reinsurance policies and treaties." Adventist also objects to this Request for Production to the extent it requires Adventist to produce documents that are not in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

If you contend that the FM Global Policy does not insure any part of the damages discussed in the Sebold Report or the Proof of Claim, Documents sufficient to identify all factual and legal bases that support that contention.

**RESPONSE TO NO. 6:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**REQUEST FOR PRODUCTION NO. 7:**

If you contend that the FM Global Policy does insure any part of the damages discussed in the Sebold Report or the Proof of Claim, Documents sufficient to identify all factual and legal bases that support that contention.

**RESPONSE TO NO. 7:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is vague, ambiguous, unduly burdensome, overly broad, and seeks documents or information that are protected by the attorney-client privilege or work product doctrine. Adventist also objects to this Request for Production that it is overly broad, unduly burdensome, vague, and ambiguous, including without limitation the phrase "identify."

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and FM Global concerning the Camp Fire, including any claims You may have under the FM Global Policy because of the Camp Fire.

**RESPONSE TO NO. 8:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist also objects to this Request for Production on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications between You and any insurer concerning the Camp Fire, including any claims You may have because of the Camp Fire.

**RESPONSE TO NO. 9:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is vague,

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1  ambiguous, unduly burdensome, and overly broad.

2  **REQUEST FOR PRODUCTION NO. 10:**

3  All Documents that You intend to rely on in support of Your Proof of Claim.

4  **RESPONSE TO NO. 10:**

5  Adventist incorporates its General Objections and its Specific Objections to Definitions and

6  Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

7  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

8  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

9  Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

10  Production. Adventist further objects to this Request for Production on the grounds that it is

11  premature and seeks the disclosure of documents or information that is already in the Trustee's

12  possession, custody, or control.

13  **REQUEST FOR PRODUCTION NO. 11:**

14  Each insurance policy under which Adventist has coverage for damages arising from the

15  Camp Fire.

16  **RESPONSE TO NO. 11:**

17  Adventist incorporates its General Objections and its Specific Objections to Definitions and

18  Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

19  the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

20  agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

21  Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

22  Production. Adventist further objects to this Request for Production to the extent it seeks the

23  disclosure of documents or information that is already in the Trustee's possession, custody, or

24  control.

25  **REQUEST FOR PRODUCTION NO. 12:**

26  All Documents in any insurance files for claims concerning the Camp Fire submitted to FM

27  Global or any other insurer, including, but not limited to, Documents entitled "Proof of Loss."

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 37 -

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

1     **RESPONSE TO NO. 12:**

2         Adventist incorporates its General Objections and its Specific Objections to Definitions and

3 Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

4 the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

5 agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

6 Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

7 Production. Adventist also objects to this Request for Production that it is overly broad, unduly

8 burdensome, vague, and ambiguous, including without limitation the phrases "insurance files" and

9 "Proof of Loss."

10     **REQUEST FOR PRODUCTION NO. 13:**

11         All Communications with any insurer, including FM Global, concerning coverage available

12 for the Camp Fire or any damages caused by the Camp Fire.

13     **RESPONSE TO NO. 13:**

14         Adventist incorporates its General Objections and its Specific Objections to Definitions and

15 Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

16 the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

17 agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

18 Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

19 Production. Adventist also objects to this Request for Production that it is overly broad, unduly

20 burdensome, vague, and ambiguous, including without limitation the phrase "coverage available."

21     **REQUEST FOR PRODUCTION NO. 14:**

22         All Documents concerning the payment of at least $60 million from FM Global related to

23 damage caused by the Camp Fire.

24     **RESPONSE TO NO. 14:**

25         Adventist incorporates its General Objections and its Specific Objections to Definitions and

26 Instructions as if fully set forth herein. Adventist further objects to this Request for Production on

27 the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

28 agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

DOCUMENT PREPARED
ON RECYCLED PAPER

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the provision of shared services from You to AHFR since the Camp Fire.

**RESPONSE TO NO. 15:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning Your intent to rebuild any property You owned that was damaged by the Camp Fire.

**RESPONSE TO NO. 16:**

Adventist incorporates its General Objections and its Specific Objections to Definitions and Instructions as if fully set forth herein. Adventist further objects to this Request for Production on the ground that the Trustee has no authority under the CRP, and/or any other applicable rule, agreement, or order, to propound discovery upon Adventist under the Federal Rules or the Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for Production. Adventist further objects to this Request for Production on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad.

**REQUEST FOR PRODUCTION NO. 17:**

Any Document which supports Your decision to elect to have business interruption and/or extra expense coverage calculated under the FM Global Policy utilizing the gross earnings or gross profit method.

ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

DOCUMENT PREPARED
ON RECYCLED PAPER

1    **RESPONSE TO NO. 17:**

2         Adventist incorporates its General Objections and its Specific Objections to Definitions and

3    Instructions as if fully set forth herein.  Adventist further objects to this Request for Production on

4    the ground that the Trustee has no authority under the CRP, and/or any other applicable rule,

5    agreement, or order, to propound discovery upon Adventist under the Federal Rules or the

6    Bankruptcy Rules at this time. Adventist is not required to, and will not, answer this Request for

7    Production. Adventist also objects to this Request for Production that it is overly broad, unduly

8    burdensome, vague, and ambiguous, including without limitation the phrases "business

9    interruption" and "extra expense coverage."

10

11     Dated: October 13, 2021                    REBECCA J. WINTHROP
                                                    ROBIN D. BALL
12                                                  JACQUELINE C. KARAMA
                                                    NORTON ROSE FULBRIGHT US LLP
13

14                                             By:_____
15                                                  REBECCA J. WINTHROP
                                                    Attorney for Creditors ADVENTIST
16                                                  HEALTH SYSTEM/WEST and
                                                    FEATHER RIVER HOSPITAL D/B/A
17                                                  ADVENTIST HEALTH FEATHER
                                                    RIVER
18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

- 40 -

1

**PROOF OF SERVICE**

2

     I, Diana Cardenas, declare:

3

     I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California  90071.  On October 13, 2021, I served a copy of the within document(s):

4

5

6

     ADVENTIST HEALTH SYSTEMS/WEST'S RESPONSES AND OBJECTIONS TO FIRE VICTIM TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST SET OF REQUESTS FOR PRODUCTION

7

8

9

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12

13

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

14

15

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

16

17

☒     by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

18

19

20

David J. Molton, Esq.          Joel S. Miliband, Esq.
BROWN RUDNICK LLP      BROWN RUDNICK LLP
Seven Times Square          2211 Michelson Drive, Seventh Floor
New York, NY 10036         Irvine, CA 92612
Phone: (212) 209-4800      Phone: (949) 752-7100
Fax:   (212) 209-4801       Fax:   (949) 252-1514
Email: dmolton@brownrudnick.com  Email: jmiliband@brownrudnick.com

*Attorneys for Fire Victim Trust*      *Attorneys for Fire Victim Trust*

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric Goodman, Esq.
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Phone: (617) 856-8200
Fax:     (617) 856-8201
Email: egoodman@brownrudnick.com

*Attorneys for Fire Victim Trust*

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on October 13, 2021, at Los Angeles, California.

_____
Diana Cardenas

- 42 -

PROOF OF SERVICE

DOCUMENT PREPARED
ON RECYCLED PAPER