# CONTENTS



FILED

NOV 08 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

1.   LETTER OF OBJECTION

2.   LETTER FROM MATTHEW T. KISAK

3    COUNTER OFFER AND PG&E RESPONSE

4    ERGERON UPDATE

5    PICTURES OF PROPERTY DAMAGE

November 5, 2021

To:    United States Bankruptcy Court
        Northern District of California

Attn:   Honorable Dennis Montali

RE:    Site Investigation Report Author Matthew T. Kisak

Judge Montali,

      I, Matthew T. Kisak P.E. (LIC #CA 58533), declare under penalty of perjury that I am the author of the Site Assessment Report prepared for the Green Residence date August 10, 2019 by R. Sinclair Group. Education includes a B.S. degree from California State University – Sacramento in Civil Engineering (1994) and an M.S. degree in Environmental Engineering from Manhattan College –Bronx, NY. (2005). With over 35 years of engineering and construction experience I have provided services in the planning, design and construction of municipal facilities for the cities of New York, Los Angeles, City and County of San Francisco, San Diego, Phoenix, Puerto Rico and Guatemala to name o few. Projects ranged in size from 250K to 4B dollars in design and construction cost.

      Services rendered included the planning and preparation of Contract Documents (Plans and Specifications) to facilitate the rehabilitation and/or new construction of processes servicing the Public. My field of expertise centered on the water, wastewater and water reclamation delivery treatment services and support facilities. Document preparation included research and identification of all necessary provisions to be included in the documents regarding public health and safety, remedial efforts to reduce construction activities to the environment, community, traffic flow and the physical landscape within and surrounding the area of construction. These mitigation measures were incorporated into the construction documents to serve as a template to direct the Contractor on acceptable means to perform the work. Substantial and Final Completion assessments were also identified to inspect the work and determine if the Contractor had satisfied the requirements set forth in the Contract Documents.

      A site visit was conducted on August 2, 2019 to assess the impacts from PG&E's construction activities at the Green's residence. The scope of this work was orally transmitted by the Green's and detailed the pre, during and post construction activities they observed of the Work performed by PG&E's contractor. Contract documents were not available or reviewed nor the constraints placed on the Contractor while performing the work i.e. Contract Drawings and Specification were not available.

Inspection of the site and the oral commentary provided by the Green's coupled with field experience conducting site assessments post construction are the basis for the following findings to include:

1. Structural failure of existing driveway was the due to the use of heavy equipment and vibratory equipment used to perform the work. Additional degradation post construction continued as the driveway served as a turnaround location for the Contractors equipment and vehicles.

2. Structural failure of the garage floor resulting in the development of substantial cracking realized after construction activities terminated on and adjacent to the Green Residence. Failure is attributed to the substantial vibration emanated by the equipment used to perform the work as experienced by the Green's on multiple occasions. The vibration produced ground settlement under the garage slab which subjected the concrete to tensile rather than compressive forces. This resulted in slab failure and subsequent crack development. Prior to the Contractors construction activities the slab was uncompromised.

3. The site was not restored to original or near original conditions as asphalt was placed to repair the concrete driveway along the length of the excavated area (street to the house). The asphalt does not match existing conditions and its placement creates a reduction in property value.

Analysis of the data collected, the verbal testimony provided by the Green's and my professional experience conducting post construction site assessments leads to one conclusion, restoration of the Green residence drive and garage floor is warranted. Settlement of utilities and slabs under normal loading conditions are taken into account during the design aspect of a project. The use of vibratory equipment on and around existing structures can cause significant damage if not monitored and regulated. Current events are witness to this fact specifically the apartment complex failure in Florida and San Francisco's Millennial Tower Foundation Stabilization Project. Factors of safety are incorporated to prevent failure due to material age, degradation and anomalies like unanticipated point loads from vehicles and earthquakes. Work must proceed with extreme care to preserve as much of the existing structures or landscape as possible knowing that some repair and replacement will need to be provided if protocol is not followed. Upon inspection it appears that the work was conducted and accepted with a substantial disregard to site preservation or restoration to existing conditions.

Thank you for your continue interest in these proceedings.

Respectfully,

Matthew T. Kisak P.E.

**
1 9 4**

## SERVICE OF RESPONSE
## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

### BANKRUPTCY CASE No. 19-300088(DM)
### CHAPTER 11

PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY, Debtors
* Affects both Debtors
REGARDING: NOTICE OF THE REORGANIZED DEBTS FOR THIRD OMNIBUS OBJECTION
CLAIMS
VS
WILLIE AND ORA GREEN, creditors
2845 Magnolia Street
Oakland CA, 94608
510 893-4251
orgr53@gmail.com
Claim No. 30088

### QUESTION PRESENTED
1. Why PG&E seeks to deny, disallow and object to claim for damages to property located at 2545 Magnolia Street caused by PG&E worker negligence.

2. PG&E seeks to the use of Rule 16 regardless if the fact, Rule 16 is used to maintain, monitoring and Repair, Not allow PG&E to use Rule to justify and deny the damage of customers private property 3. Why PG&E seeks to discredit reports stating by industry stands how damage was caused by by negligence of their worker actions during state mandated gasline replacement. And how this damage to property is to be replaced or repaired.

### WE OPPOSE
1. The PG&E of disallowance and objection by PG&E to avoid responsibly and compensation for damages caused by PG&E to the property located at 2845 Magnolia Street. The driveway and garage floor and possible foundation damage was caused by negligence on PG&E's part by not using proper cautions and considerations as to the weight allowances when using heavy equipment on concrete causing vibrations and structural weight load failure.

### WE OPPOSE
2. There was a court hearing on Zoom with PG&E that unfortunately resulted in no settlement, because PG&E reputed the legitimate opinion for inspection, written and visual of the damages to the driveway and garage floor and refused to acknowledge responsibility for damage or reasonable payment for damage to the garage floor. They are also prolonging the settlement with the offering of a insignificant settlement.

We declare under penalty of law that the knowledge and facts of this case evidence provided, supporting documents and of all events are given to support the response are truthful and to the best of our reclination.

Willie and Ora Green  2845 Magnolia Street Oakland CA
510 893-4251.  DOCKET #

Case: 19-30088   Doc# 11558   Filed: 11/08/21   Entered: 11/09/21 12:07:32   Page 4 of 26

SERVICE OF RESPONSE
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

BANKRUPTCY CASE No. 1-300088
CHAPTER 11

PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY, Debtors
*Affects both Debtors
REGARDING NOTICE OF THE REORGANIZED DEBTORS FOR THIRD OMNIBUS CLAIMS
     VS
WILLIE AND ORA GREEN, Creditors
Claim No. 80673
2845 Magnolia Street
Oakland CA  94608
510 893-4251
orgr53@gmail.com

QUESTION PRESENTED
1.  WHY PG&E SEEKS TO DENY AND OBJECT TO  CLAIMS FOR DAMAGES TO  PROPERTY AT
2845 MAGNOLIA STREET CAUSED  BY PG&E WORKERS.
2. PG&E CLAIMS OBJECTION DUE TO USE OF RULE 16 REGARDLESS OF FACT RULE 16 IS
USED TO MAINTAIN, MONITORING, REPAIR NOT TO ALLOW, IGNORE OR DENY THE
DAMAGE OF PROPERTY.

WE OPPOSE
1. THE OBJECTION OF CLAIM BY PG&E TO AVOID RESPONSIBILITY AND COMPENSATION
FOR DAMAGES CAUSED BY PG&E TO THE PROPERTY AT 2845 MAGNOLIA STREET TO THE
DRIVEWAY AND GARAGE FLOOR AND POSSIBLE FOUNDATION AND BUILDING
STRUCTURE DAMAGE WAS CAUSED BY NEGLIGENCE ON PG&Es  PART BY NOT USING
PROPER PRECAUTIONS AND CONSIDERATION TO WEIGHT ALLOWANCE WHEN USING
HEAVY EQUIPMENT ON CONCRETE CAUSING INDUSTRIAL VIBRATION AND STRUCTURAL
WEIGHT LOAD FAILURE.

WE OPPOSE
2. There was a hearing on Zoom and on teleconference with PG&E that unfortunately resulted in no
settlement, because PG&E offered a unreasonable settlement amount for the damage to the driveway and
refused to acknowledge responsibility for damage or reasonable payment for damage to garage floor. Also
verification of report by Matthew T. Kisak was requested before settlement would be considered.

We declare under penalty of law that the knowledge and facts of this case evidence provided supporting
documents  and of all events are given to support the response are truthful and to the best of our
reclination.


Date:    November 9, 2021
Time:    10:00 a.m.
 Place:    Tele/Video conferencing
       United States Bankruptcy Court
       Courtroom 17, 16 Floor


Willie and Ora Green 2845 Magnolia Street Oakland CA  510 893-4251    Docket #11440

## STATEMENT OF THE FACTS

RENEE RECORDS, CLAIMS MANAGER AT PG&E STATES AS PART OF CLAIMS AND MONITORING THIRD PARTY CLAIMS AND INVESTIGATIONS FOR FINAL DETERMINATION OF PROPERTY DAMAGE ETC. CONTENDS AFTER THE FACT THAT DAMAGE WAS NOT CAUSED BY PG&E. HER DEPARTMENT NEVER CONTACTED PROPERTY OWNER. PROOF THAT PG&E DID NOT CAUSE THE DAMAGE TO OUR PROPERTY IS NOT PROVIDED ONLY STATEMENT THAT DEBTORS SHOULD NOT BE PAID USING RULE 16 AND NO LIABILITY CLAUSE. PROOF OF DAMAGE WAS PRESENTED AS EXHIBITED BY PICTURES AND VIDEOS OF ACTIVITY FROM SECURITY CAMERA AND PICTURES TAKEN BY OWNER .

PG&E CAME UPON PROPERTY AT 2845 MAGNOLIA STREET WITHOUT OWNERS NOTIFICATION OR PERMISSION OR AGREEMENT TO CUT A 3X5 HOLE IN CONCRETE DRIVEWAY AND THE USE HEAVY EQUIPMENT NEAR AND ON DRIVEWAY CRACKING CAUSED BY EXCESSIVE WEIGHT FAILURE TO DRIVEWAY GARAGE FLOOR AND CRACKING TO HOUSE. THE CUT WAS INAPPROPRIATEL 3X5 COVERED WITH BLACK TOP AND MARKED IN WHITE 3X5 INSTEAD OF FILLING WITH THE ORIGINAL TYPE OF CONCRETE .

PG&E REPRESENTATIVE WAS NOTIFIED AND CLAIM FILED ONLINE, INSPECTOR WAS SENT TO PROPERTY TO OBSERVE DAMAGE, WRITTEN COMMUNICATION WERE SENT TO CUSTOMER. SERVICE. PG&E IGNORED AND IMPROPERLY INVESTIGATED CLAIM OF VERIFIED DAMAGE. PG&E IS DENYING CAUSING DAMAGE TO PROPERTY AT 2845 MAGNOLIA EVEN THOUGH THEY WERE ON SITE STREET GAS LINE REPLACEMENT FOR 3 MONTHS. PG&E IS ALSO DENYING BY USE OF RULE 16

IF THE COURT ALLOWS PG&E TO DISALLOWED AND EXPUNGED DAMAGE BY NOT ALLOWING NO LIABILITY/ PASSTHOUGH CLAIMS PG&E WILL NOT BE HELD RESPONSIBLE TO PAY FOR THE DAMAGE CAUSED BY CUTTING A 3X5 HOLE IN DRIVEWAY CAUSING CRACKS IN DRIVEWAY AND GARAGE FLOOR AND THE POSSIBILITY OF EVEN NOT MORE DAMAGE NOT EXPOSED YET.

ALSO THE USE OF HEAVY EQUIPMENT ON OUR DRIVEWAY AND TOO CLOSE TO THE EDGE OF OUR DRIVEWAY CAUSED CRACK TO CONCRETE DRIVEWAY AND TO CONCRETE FLOOR INSIDE THE GARAGE UP TO THE FOUNDATION OF HOUSE. OWNERS WILL NOT BE COMPENSATED FOR DAMAGE CAUSED BY PG&E. FAULTY CLAIM THAT NO LIABILITY SHOULD BE ALLOWED FOR DAMAGES.

## ARGUMENT

During the PG&E gasline replacement program in our area in 2016 to 2017, we experienced early morning very intense, shaking heavy construction on our street. It seemed that a lot of it was staged in front of our house. I was home the majority of time I looked on our security camera because the noise was deafening and the house was shaking because of the intensity of the heavy equipment in front of the house there were workers in front of our house. a blacktop hole marked 3x5 cut into the left side of my driveway in the concrete, and a hole dug in the dirt near the garage by the gas meters running into the house. PG&E did not refill the hole they cut with rebar, gravel and concrete to make it like it was before they cut into the driveway

No one from PG&E asked permission to come on our property to cut a hole in the driveway or dig a whole near the garage. The notification letter of the planned gasline Replacement Program stated nothing about cutting concrete on our property. I was house at that time. There was the

possibility of causing damage to the in the driveway surface and undercarriage at that time of cutting the hole in the driveway. As well as damage to my car that was parked in the driveway. I had to keep our driveway gates closed to keep PG&E workers from using our driveway to turn around heavy equipment like steam rollers, (because we have the only 2 car wide driveway on the street), (See picture #B) During that time I also noticed a crack running from the street in front of our driveway where they were tearing up the street the cracks ran into the middle joint our driveway under the metal track for the rolling gate, branching out, and it ran it ran up the length under the garage door into the garage cracking the floor of the garage. There was no damage like this before the work started work started. (see picture # A) I spoke to one of the male workers to tell him and show him what they did, he looked at the cracks and agreed. He said I should call PG&E and directed me to the number on the sign they had posted. I called and spoke to Roxanne Cruz, I explained what happened, she said file a claim online. I filed claim online as instructed. I heard nothing from PG&E so I called again and they sent Mr. Pugh to look at the cracks in the driveway and on the garage floor. He said they didn't do it turned and walked out, the contact and inspection form him was less than 15 minutes. We heard nothing from PG&E until we contacted them several more tines and I spoke to and explained the whole situation to Debbie Wisenhunt for assistance with my claim, she moved my damage claim forward.

We obtained the services of a structural engineer who investigated in 2017 and evaluated the damage to the driveway and garage floor and concluded that the cracks appeared to be made by operating heavy equipment in close proximity to and on driveway causing excessive vibrations along with excessive weight causing load bearing failure. He also stated that the hole filled with the 3x5 blacktop asphalt fill may have contributed to the failure because of it being a unstable filling, not replacement concrete.

PG&E now claims they have investigated our property damage claim. To date we have never been contacted by a claims manager of 3rd party claims or any investigators to examine the picture and video evidence or extent of the property damage before final determination was made on how and why this occurred. PG&E claims manager states PG&E is not responsible and should be required to pay for such damages. Rule 16 is being used to allow PG&E to damage residential property of customers while illegally cutting and damaging private property without owners notification or permission to onto property to do so.

We were contacted by PG&E in 11/20 for possible sewer damage that may be caused by the 2016-17 gasline replacement. We were notified in advance of inspection and of what to expect.

Our water lines were damaged and repaired recently under the 3x5 cut , this shows there is possible more damage from the concrete cutting that we may not be aware of at this time.

## IN CLOSING

We appreciate the court allowing us the opportunity to speak and seek restitution for the damage caused by PG&E while replacing the gasline at 2845 Magnolia Street in 2016-17. The unauthorized entry on our property causing damage that will affect the value of our property could bring down the value of our home as well as possible foundation damage.

As of August 2021, PG&E has failed to offer a reasonable settlement for the property damage they caused. Please do not allow PG&E to unfairly misuse objection of this claim to avoid compensating for property damages they have caused. It is my sincere hope that the court after reviewing case finds in our favor in this matter and we are treated fairly, not denied as by PG&E a fair settlement to fix the damage to our property. This is damage that has been documented by photos, video, and written communications, and admission of their own worker who viewed the

damage and who has knowledge of the damage and was there at the time it occurred. We have
furnished report from a structural engineer explaining cause of damage. They did not deny they
caused damage to our property in 2016 or 2017. They were fully aware they caused the
damage. At this time PG&E is not offering fair compensation for the settlement of damage
caused by PG&E negligence.

## UPDATE

It is my sincere hope that the court after reviewing this case finds in our favor in this matter and we are treated fairly, not denied as by PG&E a fair settlement to fix the damage to our property. This is damage that has been documented by photos, video, and written communications, and admission of their own worker who viewed the damage and who has knowledge of the damage and was there at the time it occurred. We have furnished documentation from professionals in this field who visually reviewed and explaining their opinion the cause of damage. PG&E did not deny they caused damage to our property in 2016 or 2017. They were fully aware they caused the damage. At this time PG&E is not offering fair compensation for the settlement of damage caused by PG&E worker negligence.

At this time PG&E has offered to settle in amounts ($500.00 or $1,500.00) that are grossly inadequate to compensate for the for the amount needed to complete the work. We have been contacted by the company that provided the quotes that were presented to the court. We were recently notified that the quotes are for 30 days only for the price quoted, afterwards the new quote will be provided at the current price because of the change in the priced of the materials need to complete the project.

We have provided PG&E with a counter offer that hopefully will cover the amount of the needed work by the company that is chosen to do the work.

_1.93_

**Claim # 30088**

To: Thomas Rupp, attorney KBKllp

From: Willie and Ora L Green
2845 Magnolia Street
Oakland Ca, 94608

Date: 10-24-2021

Subject- PG&E Counter offer for claim number # 30088

I am writing this letter in response to your settlement letter offering the amount of $1500.00. After carefully reviewing your offer. I am sorry to say that the fact remains the amount you are offering is inaccurate.
**Therefore I am refusing your offer to settle for $1,500.00.**
**I will accept a counter offer settlement in the amount on $20,000.**
The amount presented will not compensate for damage of a 3 foot x 5 foot hole cut into the driveway which caused the cracked garage floor or other damage. The amount of settlement you offered is unacceptable. It is not a substantial amount to have the damage repaired or replaced. I would request you to kindly review the facts associated with my claim.

I have also spoken with the companies who provided the quote. The quotes are subject to expire after 30 days of the quoted price, and prices are subject to change to reflect the current prices of the needed materials for the project due.

I would appreciate if you would review the facts and increase the amount the of your settlement more accordingly to the estimates presented to you.

Please be advised that it would be to our best interest to resolve this issue in a fair and reasonable amount of compensation.

Contact information orgr53@gmail.com if you have questions.

Thank you for your assistance in this matter

Willie and Ora Green  Claim #30088

_Willie Green_      10/28/2021
_Ora Green_      10/28/2021


# Willie & Ora Green (PG&E Claim #80673 - 76th Omnibus Objection) - FRE 408 PRIVILEGED

**Thomas Rupp** &lt;trupp@kbkllp.com&gt;　　　　Fri, Oct 29, 2021 at 4:07 PM
To: O Green &lt;orgr53@gmail.com&gt;
Cc: Jane Kim &lt;jkim@kbkllp.com&gt;

Ms. Green,


Thank you for your letter. PG&E will not consider making any other settlement offer until it has had the opportunity to review the expert report the bankruptcy court required you to submit in its October 20, 2021 order. If you are unable to provide it by next Thursday, November 4, we will ask that the scheduled hearing on November 9 go forward so we can discuss next steps with the bankruptcy court.

[Quoted text hidden]

# Driveway & Garage Project

*Quote provided by Ergeon, license CA #1040925*



| | |
|---|---|
| Customer | **Willie Green** |
| | **2845 Magnolia St, Oakland, CA 94608, USA** |
| | **orgr53@gmail.com** |
| | **(510) 893-4251** |
| Quote ID | **#281773** |
| Order ID | **#152119** |
| Sent At | **Oct 29, 2021, 04:21 am** |
| Expires At | **Nov 28, 2021, 11:59 pm** |

Welcome to our site, if you need help
simply reply to this message, we are
online and ready to help.

 Customer Support      2 minutes ago

Write a reply.. 👍 📎 ☺

### Area A $9,165

Driveway- 594 sq ft                                    Area: 594 sq.ft.
*Demo, Excavation and Haul Away - 594 Square Feet
* Base Material - 2 Inches of Class II Recycled Base Rock
* Rebar - #3 Rebar 18" OC
* Concrete Installation - 4 Inches of 3000 PSI Concrete
* Broom Finish

### Area B $11,699

Garage - 498 sq ft                                     Area: 498 sq.ft.
* Demo, Excavation and Haul Away (9") - 498 Square Feet
* Base Material - 4 Inches of #2 Base Rock
* Rebar - #4 Rebar 16" OC
* Concrete Installation - 5 Inches of 3500 PSI Concrete
* 10 mil stego vapor barrier.
* Broom Finish

Note:
- Customer will remove debris and pull back all personal items prior to our work
begins.

## Total: $20,864 ⁵

⁵ – An additional 2% fee will be added for credit/debit cards

**Exhibit. A**

A. Picture from 2016 MLS real estate listing picture of 2845 Magnolia Street. The picture shows no cracks in driveway and no. 3x5 black top patch in the driveway, there was no cracks inside on garage floor at this time. This house was listed for sale at that time.

**Exhibit. B**

Shows the 3X5 patch in driveway left by your PG&E crew. This patch was smooth because a steam roller was used on the driveway to mash it out even and smooth. A hole was also dug in dirt at the top of the driveway under the gas meter. Cracks running under garage door to the inside garage floor.

**Exhibit C**

Shows a PG&E steamroller backing up in my driveway to turn around in the street, in in front of my house. This happened several time we had to keep our gate closed and locked to stop this practice of using my driveway.

**Exhibit D**

Several large trucks parked across driveway during daily construction staging. Picture is from security camera in front of the house.

Exhibit E
Pictures of cracks in driveway
and inside garage



Before PGE work started
Real Estate 1st Picture from 2016

#A

©2016 EBRDMLS





*This is picture from report sent to PGE showing condition of driveway before gas line replacement work started.

Final Report - orgf53@gmail.com - Gmail

*PGE_Investigation Report Pictures.docx

Open with Google Docs

Pictures from report
Sent to PGE

No cracks before PGE - 2016
EPANMLS

Page 1 3

5

https://mail.google.com/mail/u/0/?tab=rm#drafts/FMfcgxwDrtxxXPoCJtLdNqgfpfkZJhZCr?projector=1&messagePartId=0.3

1/1



Crack coming under rolling gate
toward garage.



#B
3x5 patch, filled with black dirt
and flattened with steamroller



#C

Steam roller backing up in driveway



Case: 19-30088    Doc# 11558    Filed: 11/08/21    Entered: 11/09/21 12:07:32    Page 21 of 26



Picture from security camera screen inside home.



Staging in front of
2845 Magnolia

Case: 19-30088   Doc # 11558   Filed: 11/09/21   Entered: 11/09/11 12:07:32   Page 23 of 26



Cracks running from driveway into garage branching out in both directions

# BANKRUPTCY COURT

11/3/2021

Name: Willie + Ora Green

Case #: 19-30088

RECEIVED
NOV 09 2021
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

RECEIVED
US BANKRUPTCY COURT
2021 NOV -8 P 3: 07
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102

RECEIVED

2021 NOV -8 P 1:59

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

RECEIVED

NOV 08 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

RECEIVED

NOV 09 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

15 Magnolia st.
land CA 94608

**UNITED STATES BANKRUPTCY COURT**

**JUDGE HONORABLE DENNIS MONTALI**

**450 GOLDEN GATE AVE
SAN FRANCISCO CA
COURTROOM 17   16TH FLOOR**

**HEARING DATE NOVEMBER 9 2021
10:00 AM
CASE # 19-30088**

**WILLIE & ORA GREEN**