```
 1  KELLER BENVENUTTI KIM LLP
    Jane Kim (#298192)
 2  (jkim@kbkllp.com)
    David A. Taylor (#247433)
 3  (dtaylor@kbkllp.com)
    Dara L. Silveira (#274923)
 4  (dsilveira@kbkllp.com)
    650 California Street, Suite 1900
 5  San Francisco, CA 94108
    Tel: 415 496 6723
 6  Fax: 650 636 9251
```

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' ONE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS / NO LEGAL LIABILITY CLAIMS)** <br><br> **Response Deadline:** <br> **December 7, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: December 21, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Twelfth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed (i) "Claims To Be Disallowed and Expunged" on **Exhibit 1** and (ii) "Claims To Be Disallowed and Expunged" on **Exhibit 2** annexed hereto.

### I.　JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### II.　BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging the claims as further described below.

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

## IV. ARGUMENT

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if either (1) they "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order" or (2) "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Fed. R. Bankr. P. 3007(d)(5); Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers.

Each of the Claimants on **Exhibit 1** and **Exhibit 2** is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of the Satisfied Claim and the No Legal Liability Claim, each as defined and described below.

### A. The Satisfied Claim Should Be Disallowed and Expunged

The Reorganized Debtors seek entry of an order disallowing and expunging a claim that the Reorganized Debtors have determined was satisfied or released during or prior to the commencement of these Chapter 11 Cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders (the "**Satisfied Claim**"). The Satisfied Claim is identified on **Exhibit 1**, in the column headed "Claims To Be Disallowed and Expunged," and is classified in the "Basis for Objection" column as a "Satisfied Claim," referring to Claims that have been satisfied prior to or during the pendency of these Chapter 11 Cases.

This Proof of Claim (No. 79082) was asserted by Claimant ICF Jones & Stokes, Inc. It arises from sixty-nine invoices for post-petition services, totaling $637,420.09. The Plan provides that such Administrative Expense Claims (as defined therein) are to be paid by the Reorganized Debtors in the ordinary course of business, consistent with past practice. Plan § 2.1. The invoices underlying the Satisfied Claim have in fact been paid in the ordinary course of business. Accordingly, the Reorganized Debtors request that the Court disallow and expunge the Satisfied Claim in its entirety.

### B. The No Legal Liability Claim Should Be Disallowed and Expunged

The Reorganized Debtors also seek entry of an order disallowing and expunging a Proof of Claim for which the Reorganized Debtors are not liable (the "**No Legal Liability Claim**"). The No Legal Liability Claim is identified in the column headed "Claims To Be Disallowed and Expunged" in **Exhibit 2**. **Exhibit 2** also specifically identifies in the "Basis for Objection" that the No Legal Liability Claim is classified as "Barred by Statute of Limitations," as discussed further below.

This Proof of Claim (No. 91910) was asserted by Claimant Daniel Cavini. It arises from the Ghost Ship Fire, which occurred in Oakland, California on December 2, 2016. *See* Plan § 1.91. Mr. Cavini alleges wrongful death and emotional distress, but did not raise these causes of action, in a civil action or otherwise, in advance of filing his Proof of Claim on December 26, 2019. California's statute of limitations for wrongful death and personal injury, including infliction of emotional distress, is two years. Cal. Code Civ. P. § 335.1. The statute of limitations for Mr. Cavini's claim therefore expired on December 2, 2018. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. Under the applicable California statute of limitations period identified above, Mr. Cavini's right to bring such claims against the Debtors expired prior to the Petition Date.

Additionally, the decedent whose death in the Ghost Ship Fire forms the basis of Mr. Cavini's claim was the daughter of Mr. Cavini's girlfriend. Mr. Cavini has not argued or provided any support that his girlfriend is his "putative spouse" as defined by the California Code of Civil Procedure, nor that the decedent was his dependent at the time of her tragic passing. As a result, Mr. Cavini does not have standing to assert a wrongful death claim. *See* Cal. Code Civ. P § 377.60 (a)-(b).

For these reasons, the Reorganized Debtors are not liable, and the No Legal Liability Claim should be disallowed and expunged. Accordingly, the Reorganized Debtors request that the Court disallow and expunge the No Legal Liability Claim in its entirety.[2]

---

[2] The Reorganized Debtors recognize that the No Legal Liability Claim asserts a "Ghost Ship Fire Claim" under Section 1.92 of the Plan because it "relate[s] to or aris[es] from the Ghost Ship Fire," and that Ghost Ship Fire Claims pass through the Plan as described in Section 4.27(a). The Reorganized Debtors submit, however, that because the No Legal Liability Claim is time-barred under California law and fails on that ground regardless of forum, it is more appropriate and efficient to disallow and expunge the

### C. The Claimants Bear the Burden of Proof

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.A above, the Reorganized Debtors submit that the Satisfied Claim already has been satisfied prior to or over the course of the Chapter 11 Cases and, therefore, should be disallowed and expunged. If the Claimant believes that the Satisfied Claim has not been satisfied in full, it must present affirmative evidence demonstrating the validity of that claim.

As set forth in Section IV.B above, the No Legal Liability Claim asserts an amount for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in its entirety. If the Claimant believes that the No Legal Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

---

Claim in the Chapter 11 Cases than to force the Reorganized Debtors to raise the same and additional defenses in an as-yet nonexistent lawsuit at an unknown later date. The Reorganized Debtors reached a settlement in principle with the Claimant, but have not been able to execute a formal agreement.

[3] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through June 21, 2022 [Docket No. 11533], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Satisfied Claim and the No Legal Liability Claim on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Satisfied Claim and No Legal Liability Claim; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 10, 2021

**KELLER BENVENUTTI KIM LLP**

By:  /s/ *Dara L. Silveira*
　　　　Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*