| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF SHARI HOLLIS-ROSS IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS / NO LEGAL LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>December 7, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date:  December 21, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

I, Shari Hollis-Ross, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as Chief Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed by the Utility since October 5, 2005, and I have been employed in this role since January 1, 2021. In my current role, I am responsible for and advising on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Twelfth Omnibus Objection to Claims (Satisfied Claims / No Legal Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith. This Declaration relates only to the No Legal Liability Claim (as defined below).

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. In relevant part, the Omnibus Objection is directed at the Proof of Claim specifically identified in **Exhibit 2** to the Omnibus Objection. The No Legal Liability Claim that is the subject of this Declaration is identified in the column headed "Claims To Be Disallowed and Expunged" therein.

4. **Exhibit 2** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors from information provided by me, and I have reviewed it to confirm its accuracy. I am familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 2** accurately identifies the No Legal Liability Claim.

5. **Exhibit 2** also specifically identifies in the "Basis for Objection" that the No Legal Liability Claim is classified as "Barred By Statute of Limitations." This Proof of Claim (No. 91910) was asserted by Claimant Daniel Cavini. It arises from the Ghost Ship Fire, which occurred in Oakland, California on December 2, 2016. Mr. Cavini alleges wrongful death and emotional distress, but did not raise these causes of action, in a civil action or otherwise, in advance of filing his Proof of Claim on December 26, 2019.

6. The decedent whose death in the Ghost Ship Fire forms the basis of Mr. Cavini's claim was the daughter of Mr. Cavini's former girlfriend.

7. The Reorganized Debtors reached a settlement in principle with the Claimant, but have not been able to execute a formal agreement.

8. Based on the Reorganized Debtors' and their professionals' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel and restructuring professionals, the No Legal Liability Claim identified on **Exhibit 2** represents a Proof of Claim for which the Reorganized Debtors are not liable and, therefore, should be disallowed and expunged in their entirety.

[Remainder of Page Left Blank Intentionally]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this tenth day of November, 2021.

/s/ *Shari HR*
Shari Hollis-Ross