1  Wm. F. Weidman, III In Pro Per
   108 Connolly Road, No. 136
2  P. O. Box 136
   Benson, Maryland 21018
3  Telephone:  410-917-6822

4  Creditor in Pro Per

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12  In re:                              )   Bankruptcy Case No. 19-30088 (DM)
                                        )   Chapter 11
13  PG&E CORPORATION                    )
                                        )   (Lead Case)(Jointly Administered)
14      -and –                          )
                                        )   PETITION FOR RECONSIDERATION
15  PACIFIC GAS AND ELECTRIC            )
    COMPANY,                            )   Response Deadline:
16                                      )   November 15, 2021
              Debtors,                  )
17                                      )
    Affects both Debtors                )   United States Bankruptcy Court
18                                      )   Courtroom 17, 16th Floor
        •  All papers shall be filed in the Lead  )   San Francisco, CA 94102
19         Case No. 19-30088 (DM).      )
                                        )
20                                      )
                                        )
21                                      )
                                        )
22                                      )

23

24                                      I.

25                          STATEMENT OF FACTS

26      Creditor William F. Weidman III (hereinafter "Weidman") was an electrician/welder who

27  worked on various nuclear reactor sites, including Diablo Canyon Nuclear Power Plant.  At all

28  times herein, Weidman has been a resident of Benson, Maryland.

1   In late 2000, the medical doctors that Weidman was seeing at that time concluded
2   that he was suffering from radiation illness and a myriad of related illnesses which
3   continue to manifest to this day.  Within a year from that date, Weidman filed a Worker's
4   Compensation claim.

5   Creditor filed a Proof of Claim (Assigned No. 10281) on September 30, 2019 in the
6   amount of $50,000,000.00.

7   Debtor seeks to disallow Weidman's claim on the basis that the claim is Barred by
8   Statute of Limitations under state substantive law provisions citing ***Pinares v. United Techs***,
9   937 F.3d 1254 (11th Cir. 2020).

10                              II.

11                   ONLY FEDERAL LAW APPLIES

12   Although ***Pinares v. United Techs***, 937 F.3d 1254 (11th Cir. 2020)  is somewhat related to
13   and with Nuclear exposure, ***Pinares*** IS NOT a worker's compensation matter and the exposure to
14   Weidman has nothing to do with a nuclear accident or being exposed "down wind". This injury to
15   Creditor was a result of direct plant exposure in the containment and radiological areas and a
16   direct worker's compensation claim and not anything else.

17   This was multiple exposure incidents at work and specifically, work under contract for the
18   building of a Nuclear Power Plant, to wit, Diablo Canyon.  Debtor PG&E allowed Diablo Canyon
19   to be started with only registration and/or license from the Nuclear Regulatory Commission
20   ("NRC").  All other necessary permits or licenses WERE NOT obtained at the time of Weidman's
21   exposure.  Therefore, all work was done under federal license or permit and as such, the Price
22   Anderson Act ("PAA") and all applicable Federal Law and only Federal Law applies. The
23   building of the Diablo Canyon plant was done under NRC permits not under state license or
24   permits.  Proper state permitting did not exist during that time period (See Exhibit "1" attached
25   hereto and made a part hereof).

26   Debtor PG&E trying to use state substantive law cannot hold.  What was valid at the time
27   of exposure is the only thing that is applicable and this is Federal Law as espoused in the PAA.
28   As such, State Law would not be applicable or probative. (See Exhibit "2" attached hereto and

Case: 19-30088    Doc# 11596    Filed: 11/17/21    Entered: 11/17/21 14:54:38    Page 2
of 23

1 made a part hereof). This Court is invited to see the following regarding Diablo Canyon Nuclear

2 Power Plant 1 and Diablo Canyon Nuclear Power Plant 2:

3     Plant 1: https://www.nrc.gov/docs/ML0531/ML053140349.pdf

4     Plant 2: https://www.nrc.gov/docs/ML0532/ML053140353.pdf

5 III

6 DEBTOR HAD KNOWLEDGE OF CLAIM AGAIN PG&E

7     Debtor PG&E states that they had no knowledge of any claim Weidman had against them

8 with this Bankruptcy case. This is a false statement. There are numerous communications

9 between Debtor PG&E's counsel and Weidman's attorneys at that time as early as 2004 and

10 continuing until the present time. (See Exhibit "3" attached hereto and made a part hereof).

11 IV.

12 CONCLUSION

13     Based on the foregoing, Weidman did file a timely claim and with proof of

14 exposure as seen in the AFIP Report. There can be no other conclusion than Creditor does have a

15 valid claim against Debtor PG&E and that Debtor PG&E should be ordered to set aside assets for

16 Weidman in this matter.

17     For these reasons Creditor requests this Bankruptcy Court should not sustain the Omnibus

18 Objection.

19     With respect to what is submitted, if this Court needs additional guidance or feels guidance

20 is warranted then Creditor would ask that this Court seek additional guidance from the District

21 Court above or the Ninth Circuit Court of Appeal.

22 DATED:     November 15, 2021     Respectfully submitted,

23     Wm. F. Weidman, III, Creditor

24     Assigned No. 10281

25

26     BY: _____

27     WILLIAM WEIDMAN III

    In Propria Persona

28

## DECLARATION OF WM. F. WEIDMAN, III
### Creditor Assigned No. 10281

I am Creditor No. 10281 Wm. F. Weidman, III in this Bankruptcy Proceeding.

1. I have personal knowledge of the facts I state below, and in the attached PETITION FOR RECONSIDERATION and if I were to be called as a witness, I could and would competently testify thereto.

2. Debtor attempt to disallow Weidman's claim on the basis that the claim is Barred by Statute of Limitations under state substantive law provision citing *Pinares v. United Techs*, 937 F.3d 1254 (11th Cir. 2020) is wrong.

3. Debtor PG&E trying to use state substantive law cannot hold. What was valid at the time of exposure and only at the time of exposure is Federal Law as espoused in the Price Anderson Act and as such, State Law would not be applicable or probative

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing statement is, to the best of my knowledge and belief true, correct, and complete.

Executed this 15th day of November, 2021 at Benson, Maryland.

WILLIAM WEIDMAN III, Declarant

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

Creditor Name: Weidman, III, Wm. F.



June 10, 2015

To Whom it may concern.

The Planning & Bldg Dept has no record of workmen's comp insurance for the permits issued to Diablo Caynon.

To the best of my research we have no permits for the power generation at the plant.

Stephen P. Hicks
Supervising Plans Examiner.

COURT COPY

State of Maryland
County of Harford, to wit:

On this 9th day of November, 2021, before me, the subscriber, a Notary Public of the State of Maryland, in and for Harford County, personally appeared Wm. F. Weidman, III, and made oath or affirmation in due form of law that the matter and facts set forth in the correspondence from Stephen P. Hicks, Supervisor Plans Examiner are true.

_____
Wm. F. Weidman, III

As WITNESS my hand and notarial seal.

_____
Joseph J. Bonhoff, Jr.

Notary Public

My Commission expires Nov. 21, 2023



1

2

3

4

5

6

7

8

9 **EXHIBIT "2"**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -
Creditor Name; Weidman, III, Wm. F.

## EVALUATION OF REQUEST FOR EXTENSION OF THE CONSTRUCTION PERMIT

## COMPLETION DATES FOR THE DIABLO CANYON NUCLEAR POWER PLANT, UNITS 1 AND 2

### Introduction

On November 26, 1979, Pacific Gas and Electric Company (PG&E) filed a request for extension of the completion dates of the construction permits for the Diablo Canyon Nuclear Power Plant, Units 1 and 2. The extensions requested were from December 31, 1979 to September 30, 1980 for Unit 1 and from February 29, 1980 to March 31, 1981 for Unit 2. In the requests for extension PG&E stated that the additional time for Unit 1 was needed to conclude the licensing process and to comfortably accommodate the Commission's announcement of a pause in issuing operating licenses until spring 1980.

### Discussion

The construction permit for Unit 1, CPPR-39, was issued on April 23, 1968, and was last modified by the Commission's Order dated July 11, 1979, which extended the latest completion date to December 31, 1979. The construction permit for Unit 2, CPPR-69, was issued on December 9, 1970, and was last modified by the Commission's Order dated April 1979, which extended the latest completion date to February 29, 1980.

Additional time contingencies will be required to allow for satisfactory completion of modificatons and new requirements arising from the President's Commission and the NRC's staff investigation of the incident at the Three Mile Island Nuclear Power Plant, Unit 2 to the Diablo Canyon Nuclear Power Plants, Units 1 and 2, to the extent that they are applicable. Priority is being given to completing Unit 1.

Accordingly, PG&E has requested an extension of the latest completion dates in CPPR-39 for Unit 1 to September 30, 1980 and in CPPR-69 for Unit 2 to March 31, 1981.

### Conclusion

The Commission's staff have reviewed the information provided in the applicant's submittal, and we conclude that the factors discussed above are reasonable and constitute good cause for delay; and the extension of construction of Unit 1 for 9 months and of Unit 2 for 13 months is justifiable.

8002270535



| OFFICE ▶ | | | | | | |
|---|---|---|---|---|---|---|
| SURNAME ▶ | | | | | | |
| DATE ▶ | | | | | | |

As a result of the staff's review of the Final Safety Analysis Report to date, and considering the nature of the delays, we have identified no area of significant safety considerations in connection with the extension of the construction permit completion dates for the Diablo Canyon Nuclear Power Plant, Units 1 and 2.

The assessment of potential environmental impacts associated with site preparation and the construction of Units 1 and 2 of the Diablo Canyon Nuclear Power Plant were addressed in the Final Environmental Statement (FES) issued in May 1973. Since the construction of Unit No. 1 is essentially complete except for installation of certain modifications and construction of Unit 2 is approximately 98% complete, essentially all construction impacts have occurred. The continuation of a limited construction work force on site for an additional 13 months is not expected to have any increased impact on the local environment or the nearby communities. The staff has determined that the extension of time for completion of work shown in Construction Permit No. CPPR-39 from December 31, 1979 to September 30, 1980 and in CPPR-69 from February 29, 1980 to March 31, 1981, is an adminsitrative action since it does not alter impacts decribed in the FES or create new impacts not previously addreseed in the statement. Having made this determination, the Commission has concluded, pursuant to 10 CFR Part 51.5 (d)(4), that an environmental statement, negative delcaration or environmental impact appraisal need not be prepared in connection with the issuance of this extension of time.

The staff finds that this action does not involve a significant hazards consideration, that good cause exists for the issuance of an Order extending the completion dates, and that an environmental statement, negative declaration or environmental impact appraisal need not be prepared in connection with the issuance of such order.

Accordingly, issuance of an Order extending the latest completion dates for construction of Diablo Canyon Unit 1, as set forth in CPPR-39, to September 30, 1980 and of Unit 2, as set forth in CPPR-69, to March 31, 1981, is reasonable and should be authorized.

Original Signed by

B. C. Buckley, Project Manager
Light Water Reactors Branch No. 1
Division of Project Management

Original Signed by

John F. Stolz, Chief
Light Water Reactors Branch No. 1
Division of Project Mangement

Dated: FEB 0 2 1980

| OFFICE | DPM:LWR #1 | DPM:LWR #1 | | | | | |
|--------|-----------|-----------|---|---|---|---|---|
| SURNAME | BCBuckley:bcm | JFStolz | | | | | |
| DATE | 01/ 21 /80 | 01/ 2 /80 | 1/30/80 | | | | |

IT IS HEREBY ORDERED that the latest completion date for CPPR-39 is extended from December 31, 1979 to September 30, 1980 for Unit 1 and the latest completion date for CPPR-69 is extended from February 29, 1980 to March 31, 1981 for Unit 2.

FOR THE NUCLEAR REGULATORY COMMISSION

Original Signed By
D. F. Ross

D. F. Ross, Jr., Acting Director
Division of Project Management
Office of Nuclear Reactor Regulation

Date of Issuance: FEB 02 1980

| | | | | | |
|---|---|---|---|---|---|
| DPM:DD | NRDenton | | | | |
| DBVassallo | HRDenton | | | | |
| 01/ /80 | 01/ /80 | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| OFFICE | DPM:LWR #1 | DPM:LWR #1 | DPM:LWR #1 | DPM:LWR:AD | OELD | DPM:D |
| SURNAME | EGHylton:pxm | BCBuckley | JFStolz | SAVarga | | DFRoss |
| DATE | 01/ /80 | 01/ /80 | 01/ /80 | 01/ /80 | 01/ /80 | 01/ /80 |



UNITED STATES
NUCLEAR REGULATORY COMMISSION
WASHINGTON, D.C. 20555
**February 12, 1980**

Docket No. **50-275 & 50-323**

Docketing and Service Section
Office of the Secretary of the Commission

SUBJECT: **ORDER EXTENDING CONSTRUCTION COMPLETION DATES FOR DIABLO CANYON, UNITS 1 AND 2**

Two signed originals of the Federal Register Notice identified below are enclosed for your transmittal to the Office of the Federal Register for publication. Additional conformed copies ( **15** ) of the Notice are enclosed for your use.

☐ Notice of Receipt of Application for Construction Permit(s) and Operating License(s).

☐ Notice of Receipt of Partial Application for Construction Permit(s) and Facility License(s): Time for Submission of Views on Antitrust Matters.

☐ Notice of Availability of Applicant's Environmental Report.

☐ Notice of Proposed Issuance of Amendment to Facility Operating License.

☐ Notice of Receipt of Application for Facility License(s); Notice of Availability of Applicant's Environmental Report; and Notice of Consideration of Issuance of Facility License(s) and Notice of Opportunity for Hearing.

☐ Notice of Availability of NRC Draft/Final Environmental Statement.

☐ Notice of Limited Work Authorization.

☐ Notice of Availability of Safety Evaluation Report.

☐ Notice of Issuance of Construction Permit(s).

☐ Notice of Issuance of Facility Operating License(s) or Amendment(s).

☒ Other: **Order Extending Construction Completion Dates for Diablo Canyon, Units 1 and 2.**

Office of Nuclear Reactor Regulation

Enclosure:
As Stated

P.S. **Extra copy of letter and order enclosed for NRC PDR.**

LWR #1
EGHylton
2/12/80

NRC FORM 102
(1-76)

Case: 19-30088    Doc# 11596    Filed: 11/17/21    Entered: 11/17/21 14:54:38    Page 12 of 23



UNITED STATES
NUCLEAR REGULATORY COMMISSION
WASHINGTON, D.C. 20555
**February 12, 1980**

DISTRIBUTION:
DOCKETS (2)
LWR #1 Rdg
EGHylton

Docket No. **50-275 & 50-323**

Docketing and Service Section
Office of the Secretary of the Commission

SUBJECT: **ORDER EXTENDING CONSTRUCTION COMPLETION DATES FOR DIABLO CANYON, UNITS 1 AND 2**

Two signed originals of the Federal Register Notice identified below are enclosed for your transmittal to the Office of the Federal Register for publication. Additional conformed copies ( **15** ) of the Notice are enclosed for your use.

☐ Notice of Receipt of Application for Construction Permit(s) and Operating License(s).

☐ Notice of Receipt of Partial Application for Construction Permit(s) and Facility License(s): Time for Submission of Views on Antitrust Matters.

☐ Notice of Availability of Applicant's Environmental Report.

☐ Notice of Proposed Issuance of Amendment to Facility Operating License.

☐ Notice of Receipt of Application for Facility License(s); Notice of Availability of Applicant's Environmental Report; and Notice of Consideration of Issuance of Facility License(s) and Notice of Opportunity for Hearing.

☐ Notice of Availability of NRC Draft/Final Environmental Statement.

☐ Notice of Limited Work Authorization.

☐ Notice of Availability of Safety Evaluation Report.

☐ Notice of Issuance of Construction Permit(s).

☑ Notice of Issuance of Facility Operating License(s) or Amendment(s).

☒ Other: **Order Extending Construction Completion Dates for Diablo Canyon, Units 1 and 2.**

Office of Nuclear Reactor Regulation

Enclosure:
As Stated

P.S. **Extra copy of letter and order enclosed for NRC PDR.**

| OFFICE → | LWR #1 | | | | |
|---|---|---|---|---|---|
| SURNAME → | EGHylton | | | | |
| DATE → | 2/12/80 | | | | |

: FORM 102 (1-76)

Case: 19-30088    Doc# 11596    Filed: 11/17/21    Entered: 11/17/21 14:54:38    Page 13
of 23

Mr. John C. Morrissey

cc: Richard S. Salzman, Esq., Chairman
Atomic Safety & Licensing Appeal
Board
U. S. Nuclear Regulatory Commission
Washington, D. C. 20555

Philip A. Crane, Jr., Esq.
Pacific Gas & Electric Company
77 Beale Street
San Francisco, California 94106

Janice E. Kerr, Esq.
California Public Utilities Commission
350 McAllister Street
San Francisco, California 94102

Mr. Frederick Eissler, President
Scenic Shoreline Preservation
Conference, Inc.
4623 More Mesa Drive
Santa Barbara, California 93105

Ms. Elizabeth E. Apfelberg
1415 Cazadero
San Luis Obispo, California 93401

Ms. Sandra A. Silver
1760 Alisal Street
San Luis Obispo, California 93401

Mr. Gordon A. Silver
1760 Alisal Street
San Luis Obispo, California 93401

Paul C. Valentine, Esq.
321 Lytton Avenue
Palo Alto, California 94302

Yale I. Jones. Esq.
100 Van Ness Avenue
19th Floor
San Francisco, California 94102

Ms. Raye Fleming
1920 Mattie Road
Shell Beach, California 93440

Mr. Richard Hubbard
MHB Technical Associates
1723 Hamilton Avenue
Suite K
San Jose, California 95125

Dr. William E. Martin
Senior Ecologist
Battelle Memorial Institute
Columbus, Ohio 43201

Mr. James O. Schuyler, Nuclear
Projects Engineer
Pacific Gas & Electric Company
77 Beale Street
San Francisco, California 94106

Mr. W. C. Gangloff
Westinghouse Electric Corporation
P. O. Box 355
Pittsburgh, Pennsylvania 15230

Brent Rushforth, Esq.
Center for Law in the Public
Interest
10203 Santa Monica Boulevard
Los Angeles, California 90067

Arthur C. Gehr, Esq.
Snell & Wilmer
3100 Valley Center
Phoenix, Arizona 85073

Bruce Norton, Esq.
3216 North 3rd Street
Suite 202
Phoenix, Arizona 85012

Michael R. Klein, Esq.
Wilmer, Cutler & Pickering
1666 K Street, N. W.
Washington, D. C. 20006

David F. Fleischaker, Esq.
1735 Eye Street, N. W.
Suite 709
Washington, D. C. 20006

Mr. John C. Morrissey

cc: California Dept. of Health
ATTN: Chief, Environmental
Radiation Control Unit
Radiologic Health Section
714 P Street - Room 498
Sacramento, California 95814

Chairman San Luis Obispo County
Board of Supervisors
County Courthouse Annex - Room 220
San Luis Obispo, California 93401

U. S. Environmental Protection Agency
ATTN: EIS Coordinator
Region IX Office
100 California Street
San Francisco, California 94111

Mr. John Marrs, Managing Editor
San Luis Obispo County
Telegram - Tribune
1321 Johnson Avenue
P. O. Box 112
San Luis Obispo, California 93406

Elizabeth S. Bowers, Chairman
Atomic Safety & Licensing Board
U. S. Nuclear Regulatory Commission
Washington, D. C. 20555

Mr. Glenn O. Bright
Atomic Safety & Licensing Board
U. S. Nuclear Regulatory Commission
Washington, D. C. 20555

Tolbert Young
P. O. Box 219
Avila Beach, California 93424

Dr. W. Reed Johnson
Atomic Safety & Licensing
Appeal Board
U. S. Nuclear Regulatory
Commission
Washington, D. C. 20555

Alan S. Rosenthal, Esq.
Atomic Safety & Licensing
Appeal Board
U. S. Nuclear Regulatory
Commission
Washington, D. C. 20555

W. Andrew Baldwin, Esq.
124 Speak Street
San Francisco, California 94105

Resident Inspector/Diablo
Canyon NPS
c/o U. S. NRC
P..O. Box 219
Avila Beach, California 93424

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "3"

Creditor Name: Weidman, III, Wm. F.

**Pacific Gas and Electric Company**
*Humboldt Bay Power Plant*
*ROY B. WILLIS*
*Plant Manager*

1000 King Salmon Avenue
Eureka, CA 95503
707/444-0700

August 17, 2004



Law Office of Brian W. Collins
C/O William F. Weidman
1980 Orange Tree Lane #105
Redlands, California 92374

Re:     Occupational Radiation Exposure Records Request

Dear Mr. Collins:

A review of our records indicate that the individual named **William F. Weidman**, SSN:████████ was not badged for occupational radiation at Pacific Gas & Electric Company's Humboldt Bay Power Plant.

In accordance with 10 CFR 19 and 20, Pacific Gas and Electric Company maintains occupational radiation exposure histories of all individuals assigned personal dosimetry as required by 10 CFR 20.1502. No dosimetry devices have been issued for the individual listed below.

Name:     William F. Weidman

SSN:      ████████

This report is furnished to you under the provisions of the Nuclear Regulatory Commission Regulation 10 CFR Part 19. You should preserve this report for further reference.

Sincerely,

ROY B. WILLIS

Case: 19-30088    Doc# 11596    Filed: 11/17/21    Entered: 11/17/21 14:54:38    Page 17 of 23

Dosimetry Group
Radiation Protection Section
Pacific Gas and Electric Company
Diablo Canyon Power Plant
(119 1/122)
P.O. Box 56
Avila Beach, CA 93424

August 18, 2004



**Pacific Gas and
Electric Company**

Law Office of Brian W. Collins
C/O William F. Weidman
1980 Orange Tree Lane #105
Redlands, California 92374

Re: Occupational Radiation Exposure History

NAME: William F. Weidman          SSN: ███████

After a thorough search of our files, we have found no record of any entries into our Radiologically Controlled Areas during the requested time periods, (1984-1985.)

The above named individual:

_____X_____ was not monitored by Pacific Gas and Electric Company at Diablo Canyon Power Plant.

_____ was monitored by Pacific Gas and Electric Company at Diablo Canyon Power Plant on dates other than those requested.

This report is furnished to you under the provisions of the Nuclear Regulatory Commission, regulation 10 CFR Part 19. You should preserve this report for further reference.

Sincerely,

Jeffrey D. Harker
Dosimetry and Technical Support Supervisor



**Pacific Gas and Electric Company®**

Law Department
Workers' Compensation

P. O. Box 7779
San Francisco, CA 94120-7779

Fax: 415.536.5996

(415) 973-4187

May 9, 2012

UPS - NEXT DAY AIR

Stephen L. Chesney, Esq.
4400 Coldwater Canyon Ave., #201
Studio City, CA  91604

Re:  William Weidman, III v. Bechtel Power Corp.
     WCAB Case No. ADJ3663372

Dear Mr. Chesney:

Enclosed are records to answer the Subpoena Duces Tecum dated
January 25, 2012.  The certification of these records will be
forwarded under separate cover.

Also enclosed is a Certificate of Records of Regularly Conducted
Activity indicating that we have no records for entry to
radiologically controlled areas.

Thank you for your courtesy and patience.

Very truly yours,

Patricia A. Higa
Attorney for PG&E

:kea

Enclosures

# Law Offices of Stephen L. Chesney
### Attorneys At Law

4400 Coldwater Canyon Avenue, Suite 201 ~ Studio City, California 91604
Phone (818) 760-9900 ~ Fax (818) 344-9186 ~
Email schesney@chesneylegal.com

January 25, 2012

Barbara Thornhill
Pacific Gas & Electric Company
P.O. Box 7442
San Francisco, California 94120

    Re:   Weidman v. Bechtel
           WCAB Case No. ADJ3663372/SBR0303384

Dear Ms. Thornhill:

      I am the attorney for William Weidman III in the above-referenced matter. On behalf of my client, I authorized you to release to me all records requested in the subpoena duces tecum, including any personal records of Mr. Weidman.

      Thank you for your courtesy and cooperation in this matter.

               Very truly yours,

               LAW OFFICES OF STEPHEN L. CHESNEY

               By:  Stephen L. Chesney

SLC:sc

Emily Schultz

*Mailing Address*
P.O. Box 7442
San Francisco, CA 94120

*Street/Courier Address*
Law Department
77 Beale Street
San Francisco, CA 94105

(415) 973-3671
Fax: (415) 973-5520
Internet: E1SW@pge.com

August 23, 2011

**VIA FACSIMILE**

Stephen L. Chesney
Law Offices of Stephen L. Chesney
4400 Coldwater Canyon Ave., Ste. 201
Studio City, CA 91604

Re:  <u>Weidman v. Bechtel Power Corp.</u>
     Subpoena for Records to PG&E

Dear Mr. Chesney:

This will respond to your correspondence of August 14, 2011.

Regarding the employment-related records requested in your subpoena, I spoke to Steve Lorence, the Director of Human Resources at Diablo Canyon Power Plant. Mr. Lorence confirmed that Mr. Weidman was a contractor when he performed work related to the Diablo Canyon Power Plant. PG&E does not retain the employment-related records you requested for contractors. I suggest that you contact the agency that employed Mr. Weidman as a contractor in 1984-1986 for the records. Any records related to Mr. Weidman's access to Diablo Canyon Power Plant would not have been retained more than five years, per 10 CFR 73.56(o) (i), (ii), and (iii). Therefore, PG&E does not currently have any access records for Mr. Weidman.

As for the engineering records you requested in the subpoena, we previously checked the Diablo Canyon Power Plant records but were unable to locate any responsive documents from 1984-1986. As a courtesy to you, I will ask the appropriate representatives at the Diablo Canyon Power Plant to again check whether any responsive records are available. If responsive records are located, I will let you know as soon as possible.

Sincerely,

*Emy Schltz –*

Emily Schultz

**Proof of Service**

STATE OF MARYLAND, COUNTY OF HARFORD

I, Wm F. Weidman, III, declare as follows:

On November 15, 2021, I served the Petition for Reconsideration on the Attorneys for Debtors and Reorganized Debtor by U.S. Express Mail by placing a copy thereof in an individual envelope addressed as shown below and depositing said envelope for collection and mailing on the aforesaid date by placement for deposit on the same day in the United States Postal Service.

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
Jane Kim (#298192)
650 California Street, Suite 1900
San Francisco, CA 94108

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin
Jessica Liou
767 Fifth Avenue
New York, NY 10153-0119

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro
George E. Zobitz
825 Eighth Avenue
New York NY 10019

I declare under penalty of perjury under the laws of the State of Maryland and the United States that the foregoing is true and correct and that this declaration was executed November 15, 2021, Benson, Maryland.

BY: _Wm F. Weidman III_

Wm F. Weidman, III

