REBECCA J. WINTHROP(CA Bar No. 116386)
ROBIN D. BALL (CA Bar No. 159698)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
rebecca.winthrop@nortonrosefulbright.com
robin.ball@nortonrosefulbright.com

Attorneys for Fire Victim Claimants ADVENTIST HEALTH SYSTEM/WEST and FEATHER RIVER HOSPITAL d/b/a ADVENTIST HEALTH FEATHER RIVER

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re:

PG&E CORPORATION,

- and –

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19 - 30088 (DM)

Chapter 11

**MOTION OF ADVENTIST HEALTH SYSTEM/WEST AND ADVENTIST HEALTH FEATHER RIVER TO FILE CERTAIN EXHIBITS UNDER SEAL AND IN REDACTED FORM IN SUPPORT OF THEIR OPPOSITION TO MOTION OF FIRE VICTIM TRUSTEE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY FROM ADVENTIST HEALTH SYSTEM/WEST AND ADVENTIST HEALTH FEATHER RIVER AND SERVICE OF A SUBPOENA ON FACTORY MUTUAL INSURANCE COMPANY**

[No Hearing Requested]

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE FOR THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Fire Victim Claimants Adventist Health System/West and Feather River Hospital, each a California non-profit religious corporation (and together, "Adventist"), hereby submit this Motion (the "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order (a) authorizing Adventist to file the *Declaration of Rebecca J. Winthrop in Support of Opposition of Adventist Health System/West and Adventist Health Feather River to Motion of the Fire Victim Trustee Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery from Adventist Health System/West and Adventist Health Feather River and Service of a Subpoena on Factory Mutual Insurance Company* (the "Winthrop Opp. Decl.") with certain exhibits redacted; (b) authorizing Adventist to file under seal certain confidential documents (as described below) in support of the Winthrop Opp. Decl.; and (c) directing that the unredacted copies provided to the Court of the Winthrop Opp. Decl. and the Confidential Documents shall remain under seal and confidential and not be made available to anyone without the consent of Adventist or further order from the Court.

In support of the Motion, Adventist submits the Declaration of Rebecca J. Winthrop (the "Winthrop Seal Declaration") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Rules of the Bankruptcy Court for the Northern District of California (the "Proposed Order").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND

On January 29, 2019 (the "Petition Date"), the above-entitled Debtors filed with this Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

By order dated June 20, 2020 [Dkt. 8053] (the "Confirmation Order"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (together with any exhibits or schedules thereto, the "Plan"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. 8252.

Pursuant to the Plan and the Confirmation Order, the Fire Victim Trust (the "Trust") was established to, among other things, administer, evaluate, settle and adjudicate various claims of the Fire Victims pursuant to the terms of the Confirmation Order, the Plan, the PG&E Fire Victim Trust Agreement (the "Trust Agreement") and the Claims Resolution Procedures (the "CRP") attached as Exhibit "A" to the Trust Agreement (the "CRP"). *See Notice of Filing of Ninth Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Dkt. 8057], attaching the Trust Agreement and the CRP as Ex. "A" (together, the "Trust Documents").

On November 10, 2021, the Fire Victim Trust (the "Trust") filed its *Motion of the Fire Victim Trustee Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery from Adventist Health System/West and Adventist Health Feather River and Service of a Subpoena on Factory Mutual Insurance Company* [Dkt. 9483] (the "Rule 2004 Motion"). In conjunction with this Motion, Adventist will be filing an opposition to the Rule 2004 Motion, asserting that taking discovery under the Federal Rules as proposed in the Rule 2004 Motion is contrary to the CRP and the process the CRP establishes for the Trust's review and consideration of Fire Victim Claims, and is wholly unnecessary because Adventist has

complied with, and continues to comply with, the Trust's information requests properly issued in accordance with the CRP. Accordingly, no good cause exists to grant the Rule 2004 Motion.

The Opposition is supported by the Winthrop Opp. Decl, which seeks to attach as exhibits copies of various documents submitted to the Trust pursuant to the terms and conditions of the Trust Documents, all of which, among other things, demonstrate the breath of information that Adventist has already provided the Trust, and how Adventist has complied, and continues to comply, with the CRP and the processes for claim evaluations contemplated by the CRP. Certain of the documents contain sensitive or confidential commercial information. Additionally, the Trust Documents governing the claims allowance process provide that information and documents submitted to the Trust shall be kept confidential and not be disclosed without further protection. Accordingly, Adventist brings this Motion to both (a) preserve and protect the confidentiality of the sensitive commercial information disclosed in these documents, and (b) maintain the confidentiality provided by the Trust Documents with respect to information submitted by Adventist in support of its claim as well as to otherwise comply with the terms and conditions of the Trust Documents.

## II. THE DOCUMENTS AT ISSUE IN THIS MOTION

Adventist wishes to submit as exhibits to the Winthrop Opp. Decl. the following two discrete categories of documents, all of which were originally submitted to the Trust pursuant to the Trust Documents, which required Adventist to post them to the Trust's confidential portal: (a) **Exhibit AA:** Adventist's Claim Questionnaire and several of the attachments which accompanied it, such as a descriptive Addendum, an Insurance Attachment providing further information regarding Adventist Health's insurance policy, amounts received and limitations on coverage provided thereunder, and a "Loss Location Attachment to Claims Questionnaire" and a pictorial map of the damaged locations; and (b) **Exhibit CC:** a further supplement to Adventist's Claim Questionnaire, addressing insurance and other issues raised by the Rule 2004 Motion (together, the "Confidential Documents").

The Confidential Documents contain sensitive or confidential commercial information, including with respect to the damages and losses Adventist has suffered as a result of the Camp

Fire, the substantial business operations Adventist once had in Paradise, CA, and the nature and extent of insurance coverage which Adventist carried on its business and operations at the time of the fire and the issues Adventist has encountered with respect to the coverage being provided under such policy. Additionally, the Confidential Documents were submitted pursuant to the terms and conditions of the Trust Documents, which provide that such documents will be kept confidential.

## III. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b). When interpreting the language of Section 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is required to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id*. at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection. *See In re Itel Corp*., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982. Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp*., 21 F.3d at 28 (finding that "§ 107(b) is

carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. Proc. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

The Court in these Chapter 11 Cases has authorized the filing under seal of sensitive commercial information. *See* Dkt. 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters), and Dkt. 10626 (authorizing the filing under seal certain contracts with Consolidated Edison Development, Inc.). Certain of the information to be redacted in the instant Motion is commercially sensitive, because it contains, among other information, the nature and extent of the substantial damages that Adventist has incurred as a result of the Camp Fire as well as details regarding the substantial business operations it once had in Paradise, California, and the nature and extent of the insurance coverage it carries.

The relief sought by this Motion is also entirely consistent with the terms of the Trust Agreement, which provides as follows: "the information submitted by Fire Victims shall be kept confidential and shall only be disclosed to the Trustee, the Claims Administrator, Claims Processor, the Neutrals, . . . the Fire Victim, the Fire Victim's authorized agent, or to any court of competent jurisdiction, and, in the latter case, only then in a document filed with the court under seal." *See* Trust Agreement § 2.5, attached as Exhibit "A" to Dkt. 8057.

Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. Adventist has sought to redact and file under seal only two exhibits that it believes contain confidential information and were submitted to the Trust via the confidential Fire Victim Trust portal. Adventist further will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the confidential materials in camera. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011)

(privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

Accordingly, and for the reasons set forth herein, this Court should grant Adventist's request to file the Confidential Documents under seal and redact as appropriate the Objection and the Winthrop Opp. Decl.

## IV. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Trust; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Adventist submits that no further notice is required.

No previous request for the relief sought herein has been made by Adventist to this or any other court.

## V. CONCLUSION

For all the foregoing reasons, Adventist respectfully requests this Court to enter an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 23, 2021

REBECCA J. WINTHROP
ROBIN D. BALL
NORTON ROSE FULBRIGHT US LLP

By *_/s/ Rebecca J. Winthrop_*
REBECCA J. WINTHROP
*Attorneys for Debtors and Reorganized Debtors*



Case: 19-30088 Doc# 11615 Filed: 11/23/21 Entered: 11/23/21 18:14:54 Page 7 of 7