| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | GOUGH & HANCOCK LLP<br>Gayle L. Gough (#154398)<br>(gayle.gough@ghcounsel.com)<br>Laura L. Goodman (#142689)<br>(laura.goodman@ghcounsel.com)<br>50 California Street, Suite 1500<br>San Francisco, CA 94111<br>Tel: 415.848-8918 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>     - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' SUPPLEMENTAL STATUS CONFERENCE STATEMENT**<br><br>**[Related to Docket Nos. 11066, 11288]**<br><br>Date: December 1, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: By Zoom Videoconference Only<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submit this brief supplemental status conference statement in advance of the December 1, 2021 hearing to respond to the arguments made by counsel for Fulcrum Credit Partners LLC (**"Fulcrum"**), as transferee of Proof of Claim No. 58562 filed by Tuscan Ridge Associates, LLC, and counsel for Tuscan Ridge Associates at the status conference held by the Court on November 9, 2021.[1]

The Reorganized Debtors strongly oppose Fulcrum and Tuscan Ridge's arguments that the Court should "double track" its determination of the merits of the Fulcrum claim and PG&E's defenses thereto with an arbitration of a "cost estimate" for restoration costs.

1. PG&E anticipates that the Court will find that there is *no liability for significant categories of damages* claimed by Fulcrum/Tuscan Ridge Associates, including but not limited to claimed costs for repair of the main access road and area adjacent to the access road used by the subsequent occupant of the premises to the exclusion of PG&E. Presenting expert testimony and arguing about cost estimates for all items claimed by Fulcrum/Tuscan Ridge Associates before liability is determined would unfairly waste the arbitrator's time and the parties' resources.

2. Fulcrum/Tuscan puts the cart before the horse by demanding that the parties spend time and money to itemize costs, before the Court decides what liability PG&E has, if any, for such costs. PG&E expects to prove that it is not liable for much, if not all, of the costs asserted in the Proof of Claim. Stated differently, there can be no meaningful estimate of costs of damages through arbitration without the Court's prior determination of the legal and factual issues necessary to resolve Fulcrum's claim. The arbitration *must necessarily be based on the Court's determination of the merits of the claim and PG&E's defenses thereto*, including whether PG&E is liable for restoration costs at all, in light of Tuscan Ridge's and ECC's subsequent use of the property and PG&E improvements, and if so, how to determine the appropriate proportional reductions and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection or the *Reorganized Debtors' Opposition to Motion for Relief from Plan Injunction, to Compel Arbitration and/or for Abstention* [Docket No. 11263] (the "**Debtors' Opposition**"), as applicable.

credits to PG&E for such costs based on Tuscan Ridge and ECC's subsequent use. Any arbitration proceedings or award prior to such determination serves solely to confound the issues and make for an unorderly and inefficient claim determination. Proceeding with arbitration to estimate costs of various elements of potential damages claimed by Fulcrum before the Court's determination of liability would be an undue waste of resources and cannot determine Fulcrum's damages, if there are any, because liability, if any, must be determined first.[2] The arbitration will be very expensive, time-consuming and require significant discovery, expert witness discovery and opinions and will serve no useful purpose prior to determination of the Claim.

       3. Contrary to Fulcrum's representations at the Status Conference, the "cost estimate" arbitration is not "a useful exercise" sufficient to justify proceeding with arbitration simultaneously with the Court's claim determination. [*See* Transcript from November 9, 2021 Status Conference at 32:1-6.] Nor will a cost estimate arbitration on alleged items of damage provide "bookends" for resolution as suggested by Fulcrum's counsel. [*Id*. at 31:9-24.] Arbitrating "cost estimates" will not determine Fulcrum's claim or PG&E's liability in connection therewith. There can be no enforceable arbitration award under the circumstances here, where PG&E disputes liability and has asserted defenses to Fulcrum's Proof of Claim. Fulcrum and TRA's request for binding arbitration to proceed simultaneously with litigation of the Proof of Claim before this Court is no more than an obvious attempt to circumvent the Court's necessary determination of the merits of Fulcrum's claim and PG&E's defenses thereto, by seeking an unjustified multi-million dollar arbitration award (which, pursuant to the Letter Agreement, would be payable within 30 days of the arbitrator's determination – even if the Court has not made its liability determination) prior to the merits of the claim being determined by this Court.

       4. Finally, PG&E never contemplated that any schedule for litigation and determination of the Proof of Claim agreed to by the Parties and submitted to the Court would require binding arbitration *before* the Court's determination of Fulcrum's Claim. Judicial economy and conservation of resources, the possibility (and, in PG&E's view, likelihood) that PG&E will prevail on the merits

---

[2] The arbitration provision in the Letter Agreement is very narrow, and the arbitrator does not have authority to determine the legal and factual issues necessary for adjudication of Fulcrum's claim.

of the claim dispute, and the interests of justice require that the "cost estimate" arbitration proceed only if the Court first finds that PG&E is liable to Fulcrum on the Proof of Claim and then in the context of that determination.

    The Reorganized Debtors look forward to discussing these matters with the Court at the hearing on December 1.

Dated: November 29, 2021

**KELLER BENVENUTTI KIM LLP**
**GOUGH & HANCOCK LLP**

/s/ *Jane Kim*
Jane Kim
*Attorneys for Debtors and Reorganized Debtors*