| | |
|---|---|
| 1 | ALSTON & BIRD, LLP |
| | DIANE C. STANFIELD (CA Bar No. 106366) |
| 2 | DOUGLAS J. HARRIS (CA Bar No. 329946) |
| | diane.stanfield@alston.com |
| 3 | douglas.harris@alston.com |
| | 333 S. Hope Street 16th Floor |
| 4 | Los Angeles, California 90071 |
| | Telephone: 213.576.1000 |
| 5 | Facsimile: 213.576.1100 |
| 6 | Attorneys for |
| | Fulcrum Credit Partners LLC |
| 7 | |
| | DOWNEY BRAND LLP |
| 8 | JAMIE P. DREHER (CA Bar No. 209380) |
| | Email: jdreher@downeybrand.com |
| 9 | TYLER J. HORN (CA Bar No. 323982) |
| | Email: thorn@downeybrand.com |
| 10 | 621 Capitol Mall, 18th Floor |
| | Sacramento, California 95814 |
| 11 | Telephone: 916.444.1000 |
| | Facsimile: 916.444.2100 |
| 12 | |
| | Attorneys for |
| 13 | Tuscan Ridge Associates, LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E Corporation, | Chapter 11 |
| and | Lead Case, Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | **FULCRUM CREDIT PARTNERS, LLC'S AND TUSCAN RIDGE ASSOCIATES' RESPONSE TO REORGANIZED DEBTORS' "SUPPLEMENTAL STATUS REPORT"** |
| Debtors. | |
| [ ] Affects PG&E Corporation | Date: December 1, 2021 |
| [ ] Affects Pacific Gas and Electric Company | Time: 10:00 a.m. |
| [x] Affects both Debtors | Place: (Tele/Videoconference Appearances Only) |
| *All papers shall be filed in the Lead Case, No. 19-30088-DM, | Courtroom 17 |
| | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |
| | Judge: Hon. Dennis Montali |

Fulcrum Credit Partners, LLC and Tuscan Ridge Associates, LLC (collectively "Fulcrum") respond as follows to the Reorganized Debtors' Supplemental Status Conference Statement [Dkt. No. 11627] (the "Supplemental Report").

As a preliminary matter, Fulcrum objects to the Supplemental Report as PG&E's untimely attempt to supplement its briefing on Fulcrum's Motion for Relief From Plan Injunction, to Compel Arbitration and/or for Abstention [Dkt. No. 11066] and the Reorganized Debtors' Objection to Proof of Claim No. 58562 filed by Fulcrum Credit Partners LLC as Transferee of Tuscan Ridge Associates, LLC [Dkt No. 11288]. There is no update or change in status reported in the Supplemental Report; rather, it is a transparent attempt to reargue their position. Because of the filing, however, Fulcrum feels compelled to respond briefly.

Fulcrum takes exception to PG&E's (repeated) suggestions to this Court that Fulcrum has misrepresented anything regarding the cost estimate. As Fulcrum's counsel stated at the previous hearing, those cost estimates are based on the condition of the Property when PG&E vacated – as is apparent on their faces, the original estimates *are dated in late February and March 2019*, before ECC set foot on the property, and accordingly they do not include the cost for any damage that was caused by ECC's use. The updated cost estimate by SierraWest was based on the same data as the original estimates, but was prepared by a professional cost estimator and verified using industry standard tools. In short, to be perfectly clear, Fulcrum is not seeking damages for anything that happened on the Property after PG&E vacated.

PG&E has nevertheless argued that it is entitled to some proportionate reduction of the cost estimate based on ECC's subsequent use; its counsel argued at the previous hearing that this Court must determine the percentage of that reduction. While Fulcrum strongly urges that the express condition precedent to any such reduction did not occur, even if this Court determines that a proportionate reduction is appropriate, the denominator will need to be determined- and it is crystal clear that the parties agreed and intended that be done through arbitration. This is not only a useful exercise, but a necessary one- and it will not interfere with this Court's determination of PG&E's (or Fulcrum's) legal positions.

Contrary to PG&E's assertion, Fulcrum has no thought that the arbitration would result in

an award in place of or in disregard of this Court's rulings on the merits.  However, Fulcrum does assert that PG&E has dragged out a resolution of this matter for an unconscionably long time, and it respectfully requests that this Court grant its motion to allow the restoration costs to be liquidated so that this Court is in a position to enter such orders as it finds appropriate based on those estimates, at the earliest possible date.

DATED:  November 29, 2021                ALSTON & BIRD, LLP


By: /s/ Diane C. Stanfield
    DIANE C. STANFIELD
    Attorneys for Fulcrum Credit Partners, LLC