BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>　　-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REPLY IN SUPPORT OF MOTION OF THE FIRE VICTIM TRUSTEE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY FROM ADVENTIST HEALTH SYSTEM/WEST AND ADVENTIST HEALTH FEATHER RIVER AND SERVICE OF A SUBPOENA ON FACTORY MUTUAL INSURANCE COMPANY**<br><br>**Response Deadline:**<br>November 23, 2021 (Pacific Time)<br><br>**Hearing Information If Timely Response Made:**<br>Date:  December 7, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  Via Zoom or AT&T Only |

The Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through his undersigned counsel, hereby submits this Reply in support of the Motion (the "**Motion**")[1] pursuant Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1(a), seeking entry of an order authorizing discovery from Adventist and the service of subpoena on FM Global so that the Trustee can accurately evaluate and fully administer the Proofs of Claim (Fire Claim Related) filed by Adventist in accordance with the Plan, the Confirmation Order, the Trust Agreement, and the CRP. In support of this Reply and the Motion, the Trustee respectfully states as follows:

## REPLY

In response to Adventist's Objection, the Trustee makes six points:

**First**, **Adventist will not produce the requested information**. Fire Victim Trust filed the Motion, and the Motion will be heard by this Court, because Adventist will not give the Fire Victim Trust the information the Fire Victim Trust has requested. The Fire Victim Trust sought the requested information from Adventist before filing the Motion. Adventist refused to produce it. The Fire Victim Trust sent Adventist discovery requests. Adventist refused to produce the information. The Fire Victim Trust sent Adventist deficiency notices. Adventist, to date, has not produced the information. The Fire Victim Trust continued to meet and confer with Adventist after filing the Motion. Adventist has not and will not commit to producing the requested information. To date, Adventist has only produced the information that *Adventist* asserts is sufficient for the Fire Victim Trust to fully evaluate its claims.

There would be no point to filing and prosecuting the Motion before this Court if Adventist had already provided the requested information or would simply commit in writing to producing the requested information. We are here because Adventist will not give the Fire Victim Trust the information the Fire Victim Trust is seeking.

/ / /

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

1

Case: 19-30088    Doc# 11633    Filed: 11/30/21    Entered: 11/30/21 11:55:06    Page 2 of 7

**Second**, **the Fire Victim Trust needs the requested information**. Good cause exists. Adventist's claims are massive. The Fire Victim Trust is required to evaluate them under California law. The Fire Victim Trust must perform a full and complete evaluation of the claims. Deficiency notices alone may be inadequate because the Fire Victim Trust does not know what information Adventist has in its possession that may refute its claims. Unlike other fire victims insured by entities that participated in the Wildfire Subrogation Trust, the Trust has no independent access to information regarding FM Global's payment or denial of claims. The information the Trust has been able to obtain from the Subrogation Wildfire Trust regarding insurance payments and denials with respect to other Fire Victim Claims is among the information that the Trustee is seeking from FM Global through formal discovery.

Further, it is not fair to other fire victims to determine Adventist's claims without the benefit of full and complete information—the *same* level of disclosure that would be required if the claims were before this Court. The Fire Victim Trust would be severally criticized it if allowed Adventist's claims without the benefit of full and complete information. The Fire Victim Trust is underfunded. If Adventist's claims are overvalued, other fire victims will be harmed.

**Third**, **the requested information falls within the scope of Rule 2004**. Rule 2004 discovery is appropriate here because the requested information pertains to the Debtors' liabilities. *See* Fed. R. Bankr. P. 2004(b) (scope of an examination may relate to "the liabilities and financial condition of the debtor"). Adventist filed claims against PG&E. PG&E filed for bankruptcy. Adventist's claims arise from the 2018 Camp Fire, which was caused by PG&E. The Fire Victim Trust assumed PG&E's liability to Adventist under the Plan. As the Court found in *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) when it authorized a Rule 2004 exam, the basis and validity of proofs of claim is "pretty clearly related to the debtors' liabilities."

**Fourth**, **Adventist's argument is inaccurate**. Adventist's position that the CRP does not give the Fire Victim Trust the right to conduct discovery under the Federal Rules of Civil Procedure and that the Motion must be denied on this basis is inaccurate for at least two reasons.

/ / /

/ / /

2

First, the CRP does give the Fire Victim Trust the right to conduct discovery under the Federal Rules of Civil Procedure. Section IX of the CRP—"Court Review"—makes Civil Rule 37 applicable to Adventist's responses to the Fire Victim Trust's requests.

The CRP provides that "responses" to the Trustee's "requests" for "documents or information" from claimants who have the right to seek judicial review—*i.e.*, claimants like Adventist—are "subject to Rule 37 of the Federal Rules of Civil Procedure, as applicable under the Federal Rules of Bankruptcy Procedure." CRP at IX.B.4. Since Civil Rule 37 applies to Adventist's responses, the Federal Rules must apply to the Trustee's requests. Civil Rule 37 permits a party to move for an order compelling disclosure or discovery when a party fails to provide disclosure or discovery required under the Federal Rules. A party cannot move to compel discovery that it not permitted. If Adventist's responses are subject to Civil Rule 37, then *a fortiori* the Trustee must have the right to request discovery under the Federal Rules of Civil Procedure.

Section IX.B.4 of the CRP cannot be brushed aside since Civil Rule 37 will apply in any event to the Trustee's requests once there is a contested matter because that would render it surplusage. If the Fire Victim Trust is forced to litigate with Adventist in Court to obtain the requested discovery, Civil Rule 37 will apply to Adventist's responses to the Fire Victim Trust's requests because that is what the Federal Rules of Civil Procedure and the Bankruptcy Rules provide. The Fire Victim Trust has the right to request information from a claimant that has the right to seek judicial review and that the responses to such requests—when they are provided—trigger Civil Rule 37. The Trustee can obtain information from a party that has the right to litigate before this Court over its claims, which is appropriate since delaying discovery as to such claimant would serve no legitimate purpose.

The fact that the CRP gives the Fire Victim Trust the right to seek discovery from claimants who have the right to seek judicial review, and the fact that the Fire Victim Trust has only sought relief under Bankruptcy Rule 2004 with respect to a claimant that has the right to seek judicial review, is not surprising. If any other claimant were to refuse to produce information requested by the Fire Victim Trust, the Fire Victim Trust could deny the claim, in which event the claimant would have no further recourse.

3

The CRP does not foreclose the Fire Victim Trust from seeking discovery under Rule 2004 from other fire victims. But, as a practical matter, the Fire Victim Trust has not been placed in a position where it has needed to seek discovery under Bankruptcy Rule 2004 from any other fire victims. Adventist is the ***only*** claimant—out of over 80,000—whose outright refusal to produce information has resulted in the Fire Victim Trust needing to seek relief from this Court under Bankruptcy Rule 2004.

<u>Second</u>, even assuming *arguendo* that the CRP were silent on whether the Fire Victim Trust has the right to conduct discovery under the Federal Rules of Civil Procedure, this would not foreclose the Fire Victim Trust from seeking permission to conduct discovery under Bankruptcy Rule 2004. Adventist has made it abundantly clear that it does not believe that the Fire Victim Trust has the right to conduct discovery unless and until there is a contested matter before this Court. Adventist will not agree to produce the documents requested by the Fire Victim Trust. The Fire Victim Trust sought information from Adventist prior to the filing of the Motion and gave Adventist multiple opportunities to avoid litigating over discovery by simply agreeing to produce the information requested and Adventist said "no" every time.

The Fire Victim Trust filed the Motion to obtain an order from this Court permitting it to conduct discovery on Adventist to eliminate any argument Adventist may have regarding its obligation to produce information relevant to its claims. Nothing in the CRP precludes the Fire Victim Trust from seeking an order from this Court to conduct discovery under Rule 2004. The discovery sought here pertains to the Debtors' liabilities and falls within the scope of Rule 2004 and, therefore, should be permitted.

**<u>Fifth</u>**, **FM Global did not object to the Motion**. FM Global contacted the Trustee's counsel prior to the objection deadline and informed the Trustee that it does not oppose the Motion so long as the order preserves FM Global's rights under Civil Rule 45. The Trustee's counsel readily agreed. The Motion does not purport to limit FM Global's rights under Civil Rule 45 and the Trustee does not object to adding language to the order that makes this point clear.

/ / /

/ / /

4

**Sixth**, **Rule 2004 discovery is broad**—broader than discovery under the Federal Rules of Civil Procedure. *See In re Correra*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018) ("Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure."); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 404 (Bankr. W.D. Pa. 2008) ("Since the scope of the examination is so much broader for *Rule 2004* purposes (i.e., a 'fishing expedition') discovery that falls within the traditional scope of litigation discovery and is not otherwise offensive to the *Federal Rules of Civil Procedure*, is appropriate in this case."); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure").

It is true that Bankruptcy Rule 2004 provides for the production of documents, attendance at an examination, and reimbursement of mileage. But Bankruptcy Rule 2004 does not purport to limit or preclude the use of discovery tools available under the Federal Rules of Civil Procedure. Since Bankruptcy Rule 2004 is broader than discovery under the Federal Rules of Civil Procedure, discovery mechanisms available under the Federal Rules—*e.g.*, requests for admission and interrogatories—should be available under Bankruptcy Rule 2004.

A ruling in Adventist's favor would mean that the Fire Victim Trust would be forced to evaluate the single largest business claim against the Fire Victim Trust without the benefit of complete information. Adventist offers no explanation as to why that would be fair and equitable. The Fire Victim Trust will not accord Adventist special treatment because it has the right to litigate or because, unlike most other fire victims, it can afford to engage in a legal battle over its claims before they can be evaluated. The Fire Victim Trust is already making a special effort to obtain all the information necessary to evaluate Adventist's claims—were this any other Fire Victim Claim the Fire Victim Trust would simply deny the claims for the reasons set forth in the Motion. The Fire Victim Trust will evaluate Adventist claim in accordance with California law and must take appropriate steps to obtain the information necessary to do so. That is the point of the Motion that is before the Court.

/ / /

/ / /

5

## **CONCLUSION**

The Trustee respectfully requests this Court enter an order granting the Motion and granting such other and further relief as may be just.

DATED: November 30, 2021      BROWN RUDNICK LLP

By:    /s/ *Eric R. Goodman*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted *pro hac vice*)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to the Fire Victim Trustee*