

**Signed and Filed: December 2, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br>Date: December 7, 2021<br>Time: 10:00 AM<br>www.canb.uscourts.gov/calendars |

**ORDER ON FIRE VICTIM TRUSTEE'S RULE 2004 MOTION**

    The court agrees with Adventist Health System/West and Adventist Health Feather River ("Adventist") (Dkt 11614) and DENIES the Motion of the Fire Victim Trustee Pursuant To Federal Rule of Bankruptcy Procedure 2004 ("The 2004 Motion")(Dkt 11556).

    The Fire Victim Trustee will have to live with the rules in place under the Fire Victims Claims Resolution Procedures

("CRP") **at this time** (emphasis borrowed from Adventist). The comprehensive claims submission, review and disposition procedures of the CRP that were heavily negotiated should stay in place until fully employed.

Were Adventist not one of the few claimants who have the fallback option for judicial review after the Fire Victim Trustee has finished his work, the outcome here might be different and granting The 2004 Motion might be an appropriate tool to draw from the toolbox now and put to work.

The court prefers, however, to stick with the elaborate and detailed CRP procedures without judicial interference even at this discovery-like stage of the process. This is so regardless of whether Adventist holds what might be the largest fire victim claim of them all, or something more routine. The procedures are there for all fire victim claimants and should be honored.

If the Fire Victim Trustee's ultimate decision on Adventist's claims is unacceptable to Adventist, then whatever appropriate discovery procedures then available (FRBP 2004; FRBP 9014; FRCP 37; or others) will be available for the parties to utilize.

Notwithstanding this disposition, the court repeats, with its own emphasis added, that this is the ruling **at this time**. Adventist probably does have the largest or one of the most complex claims of all of the fire victims, and may be unique in that its insurer did not resort to the Subrogation Trust. Further, its own counsel has been a major participant since the first days of this case, involved in a quite meaningful way with the issues now brought back to the court's attention, such as

the carve out for possible judicial review of only a handful of claims and the insurance offset issue now on appeal.

For that reason, the court takes seriously and relies on that counsel's commitment to try to accommodate reasonable informal requests by counsel for the Fire Victim Trustee for more information. That appears the most efficient and cost-effective way to carry out these tasks without turning The 2004 Motion into a wasteful and expensive battleground.

While the CRP does not incorporate Rule 2004, it does not exclude use of that rule either. If for some reason (before the Fire Victim Trustee makes a final decision on the Adventist claims) the time comes to reach back into the toolbox to achieve those goals, the court may revisit the Rule 2004 Motion as an appropriate tool.

The Rule 2004 Motion is DENIED and DROPPED from the December 7, 2021 calendar.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

ECF Recipients