# EXHIBIT D

BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA

| | |
|---|---|
| Order Instituting Rulemaking to Continue Implementation and Administration of California Renewables Portfolio Standard Program | Rulemaking 11-05-005<br>(Filed May 5, 2011) |

**MOTION OF PACIFIC GAS AND ELECTRIC COMPANY (U 39-E) FOR CLARIFICATION REGARDING EXISTING ASSEMBLY BILL 1969 FEED-IN-TARIFF PROGRAM**

MARIA N. VANKO
CHARLES R. MIDDLEKAUFF

Pacific Gas and Electric Company
77 Beale Street
San Francisco, CA 94105
Telephone: (415) 973-5639
Facsimile: (415) 972-5952
E-Mail: MNVA@pge.com

Attorneys for
PACIFIC GAS AND ELECTRIC COMPANY

Dated: April 5, 2013

**BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| Order Instituting Rulemaking to Continue Implementation and Administration of California Renewables Portfolio Standard Program | Rulemaking 11-05-005 (Filed May 5, 2011) |

**MOTION OF PACIFIC GAS AND ELECTRIC COMPANY
(U 39-E) FOR CLARIFICATION REGARDING EXISTING
ASSEMBLY BILL 1969 FEED-IN-TARIFF PROGRAM**

Pursuant to Rule 11.1 of the Rules and Practice and Procedure of the California Public Utilities Commission ("CPUC" or "Commission"), Pacific Gas and Electric Company ("PG&E") respectfully submits this motion for clarification concerning PG&E's administration of its Assembly Bill ("AB") 1969 feed in tariff ("FIT") program during the transition to the replacement renewable FIT program known as the "Renewable Market Adjusting Tariff" ("Re-MAT"). PG&E seeks to clarify that entities that are not public water or public wastewater agencies are ineligible to participate in the tariff and standard contract available to public water and wastewater agencies.

PG&E offers tariffs and standard Power Purchase Agreements ("PPAs") on a first-come first-served basis for the purchase of eligible renewable generation from entities that are public water and wastewater agencies; and separate and distinct tariffs and PPAs for the purchase of eligible generation from entities other than public water and wastewater agencies. PG&E has consistently administered its AB 1969 FIT Program to restrict participation in the public water and wastewater FIT to public water or public wastewater agencies, not other business entities, and seeks clarification that PG&E's administration of its public water and wastewater tariff is consistent with Commission precedent and applicable law and affirm that participation is only

available to public water and wastewater agencies. If the Commission directs PG&E to offer its PPA applicable to public water and wastewater agencies to other business entities, PG&E requests that the Commission : (1) clarify the minimum criteria that such business entities must establish and maintain to receive service under the public water and wastewater tariff and PPA; (2) clarify the process to be used to modify the PPA needed enforce such eligibility criteria; and (3) grant PG&E the authority to execute appropriately modified PPAs with applicants that meet such eligibility criteria and that request to execute a PPA prior to the effective date of the successor Re-MAT Program.

**I.      BACKGROUND**

AB 1969 added Section 399.20 to the California Public Utilities Code.[1/] The law required that California electrical corporations make available a tariff only to public water or wastewater agencies that own and operate certain electric generation facilities powered by renewable resources.[2/]

On July 27, 2007, the Commission issued Decision (D.) 07-07-027 to implement AB 1969, requiring that electrical corporations make available tariffs and standard contracts for the purchase of electricity from public water and wastewater customers. D.07-07-027 also adopted a limited expansion of the basic program framed in Public Utilities Code Section 399.20 ("§399.20")[3/] to customers other than water/wastewater agencies.[4/] The Commission specified that the expanded program is "separate and distinct" from the program applicable to public water and wastewater agencies required by §399.20.[5/] Consistent with the direction that each program is "separate and distinct," D.07-07-027 established distinct capacities and limits for each

---

1/      AB 1969 (Yee) Stats. 2006, Chapter 731.
2/      California Public Utilities Code Section 399.20 (e) (2006).
3/      All references herein are to the California Public Utilities Code unless otherwise specified.
4/      D.07-07-027 at Conclusion of Law ("COL") 24 and 25.
5/      *Id.* at 43.

program, [6/] and ordered that electrical corporations file: (1) tariffs and standard contracts for the purchase of electricity from water and wastewater customers;[7/] and (2) similar tariffs for the purchase of electricity from entities other than public water and wastewater agencies.[8/]

In compliance with D.07-07-027, PG&E submitted Advice Letter 3098-E establishing (1) tariffs and standard contracts for the purchase of electricity from public water and wastewater customers ("E-PWF"); and (2) tariffs and standard contracts for the purchase of electricity from customers who are not a public water or wastewater agency ("E-SRG"). CPUC Resolution E-4137 approved the respective tariffs with certain modifications.[9/]

Since 2007, the Legislature adopted several amendments to Public Utilities Code §399.20. These amendments cover a broad range of issues, including the removal of the restriction of public water and wastewater agencies to participate in the FIT Program. On May 31, 2012, the Commission issued D.12-05-035 implementing statutory amendments to Public Utilities Code §399.20 enacted by Senate Bill (SB) 380, SB 32, and SB 2 1X.

D.12-05-035 is the first of two decisions in Rulemaking (R.) 11-05-005 that will implement a new pricing mechanism for the Commission's §399.20 FIT program known as the Re-MAT. On July 10, 2012, Administrative Law Judge ("ALJ") DeAngelis issued a Ruling

---

6/ *Id.* at COL 5 and 2.
7/ D.07-07-027 at Ordering Paragraph ("OP") 1.
8/ D.07-07-027 at OP 2.
9/ The CPUC approved PG&E's Advice Letter 3100-E-A and 3098-E-A implementing changes required by Resolution E-4137 on February 20, 2008. PG&E has subsequently filed and received approval of Advice Letters further modifying the AB 1969 tariffs and PPAs, however such modifications did not impact the underlying eligibility structure for the E-PWF Program. *See* Advice Letters 3098-E-B and 3100 E-B (conforming PPAs to incorporate non-modifiable term), approved April 7, 2008; Advice Letter 3267-E (providing PG&E the ability to enter into E-SRG PPAs with Sellers that previously had contracts for the same facility) approved June 6, 2008; Advice Letter 3410-E and 3410-E-A ( modifying PPAs to incorporate 2008 Market Price Referent, Time of Delivery factors, addressing facility registration and termination events) approved May 12, 2009; Advice Letter 3584-E and 3584-E-A ) approved June 4, 2009; Advice Letter 3830-E (updating PG&E's tariffs and standard contracts and clarifying certain tariff and contract language), approved June 23, 2011; and Advice Letters 3965-E and 3695-E-A (making non-substantive revisions to PPAs and tariffs to update include the most current MPR), approved April 10, 2012.

3

clarifying that existing Public Utilities Code §399.20 FIT Programs implemented under AB 1969 will remain effective until replaced by new tariffs.

On March 19, 2013, a Proposed Decision of ALJ DeAngelis and an Alternate Proposed Decision of Commissioner Ferron was issued adopting a Joint Standard Contract for the §399.20 Feed in Tariff Program. The Proposed Decisions each specify a process under which the AB 1969 tariffs will be replaced by new tariffs. The Proposed Decisions are pending before the Commission.

Since the inception of the AB 1969 FIT Program in July 2008, PG&E has consistently administered its program to offer E-PWF tariffs and PPAs to customers that are public water or wastewater agencies, and E-SRG tariffs and PPAs to customers that are not public water or wastewater agencies. As of the date of this filing, the capacity available to applicants under E-SRG is fully subscribed. Capacity remains under the E-PWF Program. In accordance with D.12-05-035, the capacity under the successor Re-MAT Program will be 218.8 MW, less the capacity under contract through E-SRG and E-PWF.

Following the closure of E-SRG to new applicants, entities that are not public water and wastewater agencies have inquired to PG&E regarding the ability to participate in PG&E's E-PWF Program. Moreover, a specific entity asserts eligibility to execute E-PWF PPAs. PG&E has not executed an E-PWF PPA with business entities because to do so would be inconsistent with Commission implementation of AB 1969 FIT Programs and PG&E's administration of its E-PWF tariff. The E-PWF tariff explicitly requires that the customer meet the definition of an "Eligible Public Water Facility" or "Eligible Public Wastewater Facility." To meet this definition, PG&E requires facility ownership by a state, local, or federal agency; and requires that the facility is located on property owned or controlled by the public water or wastewater

agency.[10] In addition, PG&E has developed specific criteria to enforce its E-PWF Program, requiring:

- that the entity defined as Seller under E-PWF PPA is a public water or wastewater agency and not another business entity;
- an attestation that the public water or wastewater agency has 100% ownership of the proposed facility and intends to maintain 100% ownership throughout the PPA's Delivery Term;
- an attestation that the facility is on property owned by or under the control of the public water or wastewater agency; and,
- documentation in support of the attestation required under Section 4.3.1(a) of the E-PWF PPA and in conformance of the E-PWF tariff's Special Conditions, Section 3(a) that requires that the facility be either an Eligible Public Water Facility or an Eligible Public Wastewater Facility.

PG&E has consistently enforced its E-PWF Program in accordance with the eligibility criteria described herein. Furthermore, the requirement that the Seller under the E-PWF PPA must be a public water or wastewater agency provides an inherent enforcement mechanism. It is unlikely that a business entity would acquire a public agency. Therefore, if the agency wanted to transfer the PPA to another entity, it would need to execute a consent to assignment with PG&E. If the transferee entity was not a qualifying agency that met all of the requirements, PG&E could deny the assignment and enforce the tariff's eligibility requirements.

///

///

///

---

[10] PG&E Electric Schedule E-PWF at Section 3.

## II. THE COMMISSION SHOULD CLARIFY THAT THE E-PWF PROGRAM IS NOT AVAILABLE TO APPLICANTS OTHER THAN PUBLIC WATER AND WASTEWATER AGENCIES.

PG&E's administration of its E-PWF Program which limits participation to entities that are public water and wastewater agencies is consistent with applicable law and Commission precedent. In D.07-07-027, the Commission ordered the creation of two separate and distinct programs: one program applicable to public water and wastewater agencies; and other program applicable to customers that are not public water and wastewater agencies. PG&E has consistently enforced its AB 1969 FIT programs to offer separate and distinct service under the two programs, limiting participation in E-PWF Program to only those entities that are public water or wastewater agencies. Other entities that are not public water and wastewater agencies are required to participate in PG&E's E-SRG Program.

### A. AB 1969 Established a FIT Program for Public Water or Wastewater Agencies.

There is no basis in AB 1969, D.07-07-027, or other Commission authority to expand E-PWF eligibility to entities that are not public water and wastewater agencies. AB 1969 established criteria defining an eligible generation facility to be "owned and operated by a public water and wastewater agency that is a retail customer of an electrical corporation."[11] Further, AB 1969 required that electrical corporation make available tariffs to "public water or wastewater agencies."[12]

///

///

///

---

11/ California Public Utilities Code Section 399.20 (b) (2006).
12/ California Public Utilities Code Section 399.20 (e) (2006).

### B. D.07-07-027 Specifically Directed Entities Other than Public Water or Wastewater Agencies to Participate in a Separate and Distinct Program.

D.07-07-027 implemented AB 1969 to order each electrical corporation to file an advice letter to include tariff provisions implementing §399.20.[13] Additionally, D.07-07-027 established a limited expansion of the program for the purchase of renewable generation from customers that are not a public water and wastewater agency.[14] Specifically, the Commission established that the expanded eligibility is "separate and distinct from the program to implement §399.20," which applies to public water and wastewater agencies.[15] The Commission required separate tariffs and standard contracts to "permit clear implementation and administration" of the §399.20 program, to "keep further availability distinct" and "make clear that separate tariffs/standard contracts are for other customers." [16] The establishment of distinct program capacities evinces the requirement that business entities that are not public water and water agencies should participate in the non-public water and wastewater program.

### C. Resolution E-4137 Affirmed the Availability of a Separate and Distinct Program for Entities Other than Public Water or Wastewater Agencies.

Resolution E-4137 further clarified that service under the tariff applicable to public water or wastewater agencies is distinct and separate from service applicable to other entities when it dismissed a request to expand the E-PWF program to include other entities. Specifically, the Commission explained that a protestors' attempt to expand the definition of eligible "public water or wastewater agencies" to include private water and wastewater utilities "is obviated by the Commission's expansion to all other eligible facilities, including water and wastewater facilities."[17] By this clarification, the Commission specified that entities that are not public

---

13/ D.07-07-027 at OP 1.
14/ D.07-07-027 at OP 2.
15/ D.07-07-027 at p. 43.
16/ D.07-07-027 at p. 43.
17/ R. E-4137 at p. 12 and p. 14.

7

water or wastewater agencies should to seek to participate in companion tariffs offered to other customers. Accordingly, a water and wastewater facility that is owned by a business entity is eligible for the expanded E-SRG program.

### D. Restricting Participation in E-PWF to Public Water and Wastewater Agencies in is Consistent with Commission Precedent and Statewide Administration of the AB 1969 Programs.

PG&E has consistently enforced its AB 1969 FIT Program in accordance with Commission direction to establish two separate and distinct tariffs. PG&E's enforcement of its E-PWF tariff is consistent with D.07-07-027, which required a separate tariff for other customers and is consistent with further direction provided in Resolution E-4137, directing entities that are not public water or wastewater agencies to participate in the expanded program applicable to other customers, even if the applicable facility is a water or wastewater facility. Finally, PG&E's administration of its E-PWF tariff is also consistent with the requirements of comparable tariffs and PPAs established by Southern California Edison Company ("SCE") and San Diego Gas and Electric Company ("SDG&E"), which specify that service under the public water and wastewater program is limited topublic water or wastewater agencies as defined in the California Water Code.[18, 19/] Accordingly, PG&E requests that the Commission clarify that PG&E's administration of its E-PWF tariff is consistent with Commission precedent and applicable law

---

18/     *See* SDG&E Schedule WATER at Section 3 (defining eligible public water agency as defined in Water Code Section 12970 and eligible public wastewater agency as defined in Water Code Section 12635 (b)) and Standard Contract (identifying the counterparty '"Producer" as a Public Water or Wastewater Agency and establishing a termination right at Section 4.2 if Producer fails to remain a Public Water or Public Wastewater Agency ; and *See also* SCE Schedule WATER at Section 3 (defining eligible public water agency as defined in Water Code Section 12970 and eligible public wastewater agency as defined in Water Code Section 12635 (b)(1)). In comparison, PG&E's E-PWF tariff and PPA does not include such exacting eligibility definitions however, as described in the Introduction to this Motion, PG&E has administered its program to incorporate such eligibility requirements.

19/     PG&E notes that SCE filed Advice Letter 2877-E on April 2, 2013 seeking Commission approval of three California Renewable Energy Small Tariff ("CREST") pro forma contracts, whose counterparties are are only eligible for SCE's WATER program. According to the Advice Letter, SCE's CREST contracts contained updated standard terms and condition as compared to the PPAs applicable to the WATER Program. *See* Advice Letter at 3-4.

and affirm that participation in the E-PWF Program is only available to public water and wastewater customers.

**III. IF THE COMMISSION DIRECTS PG&E TO OFFER ITS E-PWF TARIFF TO APPLICANTS OTHER THAN PUBLIC WATER AND WASTEWATER AGENCIES, DETAILED ELIGIBILITY CRITERIA MUST BE ESTABLISHED AND PG&E'S E-PWF PPA MUST BE MODIFIED TO PROVIDE CORRESPONDING MECHANISMS TO ENFORCE SUCH ELIGIBILITY CRITERIA.**

Following the closure of the E-SRG program to new applicants, PG&E has received inquiries and requests from entities other than public water and wastewater agencies to receive service under the E-PWF Program. PG&E has communicated to these entities that they are ineligible for E-PWF, but recognizes that these business entities desire clarification from the Commission concerning their ability to participate in the E-PWF Program prior to the commencement of the Re-MAT Program. To the extent that PG&E is directed to offer E-PWF PPAs to entities other than public water and wastewater agencies, PG&E requests that the Commission clarify the following with respect to E-PWF eligibility:

1. whether a business entity that is not a public water or wastewater agency may be designated as a "Seller" (*i.e.*, PG&E's counterparty) under PG&E's E-PWF PPA;
2. the form of business entity established under the California Corporations Code that is eligible to participate as a Seller in the E-PWF program;
3. the minimum percentage of equity ownership in any business entity serving as Seller under PG&E's E-PWF PPA that is required to be held by a public water and wastewater agency at the time of the entity's request for an E-PWF PPA;
4. the minimum percentage equity ownership in a business entity serving as Seller under PG&E's E-PWF PPA that is required to be maintained by a public water or wastewater agency throughout the Delivery Term of an E-PWF PPA;

5. a detailed definition of equity ownership, given that there are different forms of "equity" capital (common equity, preferred equity, tax equity, etc.) and that the potential exists for differences between the percentage of "equity" held in business entity and the percentage allocation of income/loss and cash distribution received by that equity interest at a given point or over time;

6. the minimum percentage of income/loss and cash distribution allocation that should be distributed to the public water or wastewater agency throughout the Delivery Term of an E-PWF PPA;

7. if the generating facility is not wholly owned by the business entity that is the Seller under the E-PWF PPA, the minimum percentage equity ownership that the Seller business entity has in the facility; and,

8. that PG&E has the right require an attestation from the Seller business entity and to request and review the documentation needed to verify adherence to E-PWF eligibility criteria prior to execution of the E-PWF PPA, as well as during the PPA's delivery term.

Clarification of the above elements is necessary for PG&E to adequately evaluate a business entity's E-PWF eligibility, and to monitor and enforce its AB 1969 Programs. Based on such clarifications, if any, directed by the Commission, PG&E requests to modify its non-modifiable E-PWF PPA to incorporate Seller representations and warranties incorporating such expanded eligibility criteria and to specify termination procedures if such expanded eligibility criteria is not maintained by the business entity. PG&E requests the ability to submit any such modified E-PWF PPA to the Commission for approval through the Tier 2 Advice Letter process.

Finally, PG&E requests the authority to execute PPAs with E-PWF applicants that meet any such eligibility criteria established by the Commission. If such eligibility criteria are established following the effective date of Re-MAT, PG&E requests that the Commission order PG&E to reserve Re-MAT capacity to execute E-PWF PPAs with business entities that meet the eligibility requirements , and that requested to execute E-PWF PPAs with PG&E prior to the effective date of the successor Re-MAT Program.

## IV. CONCLUSION

For the reasons set forth in the foregoing, PG&E respectfully requests that the Commission affirm PG&E's administration of its E-PWF program. Responses to this motion may be filed pursuant to Rule 11.1 (e).

Respectfully Submitted,

CHARLES R. MIDDLEKAUFF
MARIA N. VANKO


By:  */s/ Maria N. Vanko*
         MARIA N. VANKO

Pacific Gas and Electric Company
77 Beale Street
San Francisco, CA  94105
Telephone:  (415) 973-5639
Facsimile:  (415) 972-5952
E-Mail:  MNVA@pge.com

Attorneys for
Dated:  April  5, 2013          PACIFIC GAS AND ELECTRIC COMPANY

# VERIFICATION

I am an employee of PACIFIC GAS AND ELECTRIC COMPANY, a corporation, and am authorized to make this verification on its behalf. I have read the foregoing *MOTION OF PACIFIC GAS AND ELECTRIC COMPANY (U 39-E) FOR CLARIFICATION REGARDING EXISTING ASSEMBLY BILL 1969 FEED-IN-TARIFF PROGRAM*. The statements in the foregoing document are true of my own knowledge, except as to matters which are therein stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of April, 2013 at San Francisco, California.

*/s/ Carlos Abreu*
CARLOS ABREU
Principal, Competitive Solicitations
Renewable Energy Department
Pacific Gas and Electric Company