# EXHIBIT E

| | |
|---|---|
| Order Instituting Rulemaking to Continue Implementation and Administration of California Renewables Portfolio Standard Program | ) ) ) ) ) Rulemaking 11-05-005<br>(Filed May 5, 2011) |

# MOTION OF ALLCO RENEWABLE ENERGY LIMITED FOR CLARIFICATION AND TO DIRECT PACIFIC GAS AND ELECTRIC COMPANY TO ENTER INTO PPAs UNDER THE EXISTING ASSEMBLY BILL AB1969 FEED-IN TARIFF PROGRAM

Thomas Melone
President
Allco Renewable Energy Limited
14 Wall Street, 20th floor
New York, NY 10005
Phone: (212) 681-1120
Email: Thomas.Melone@AllcoUS.com

July 23, 2013

# BEFORE THE PUBLIC UTILITIES COMMISSION
# OF THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| Order Instituting Rulemaking to Continue Implementation and Administration of California Renewables Portfolio Standard Program | ) ) ) ) | Rulemaking 11-05-005 (Filed May 5, 2011) |

## MOTION OF ALLCO RENEWABLE ENERGY LIMITED
## FOR CLARIFICATION AND TO DIRECT PACIFIC GAS AND ELECTRIC COMPANY TO ENTER INTO PPAs UNDER THE EXISTING ASSEMBLY BILL AB1969 FEED-IN TARIFF PROGRAM

Pursuant to Rule 11.1 of the Commission's Rules of Practice and Procedure, Allco Renewable Energy Limited ("Allco") submits this motion concerning Pacific Gas and Electric Company's ("PG&E") administration of its Assembly Bill ("AB") 1969 feed in tariff ("FIT") program during the transition to the replacement renewable FIT program known as the "Renewable Market Adjusting Tariff" ("Re-MAT"). Allco seeks to clarify that the requirement currently maintained by PG&E with respect its E-PWF program restricting such program to public water and wastewater agencies is contrary to law as such restriction was eliminated as a matter of law by the passage of Senate Bill 380 (Kehoe) in 2008 ("SB 380").[1]

Allco also asks that PG&E be directed to execute power purchase agreements ("PPAs") with applicants that otherwise met the eligibility criteria for the PG&E E-PWF FIT program (other than the water/wastewater aspect) and that tendered an executed E-PWF standard form PPA for execution by PG&E prior to the effective date of the Re-MAT Program.

---

[1] SB 380 (Kehoe)(Stats. 2008, Ch. 544)

On April 5, 2013, PG&E filed a motion to clarify certain issues related to its E-PWF tariff. On April 25, 2013, the Clean Coalition filed comments on that motion (and not a cross-motion) and urged the Commission to confirm that the water/wastewater vs. all others distinction was eliminated by SB 380, and that PG&E should enter into PPAs under the E-PWF tariff without any distinction involving water and wastewater agencies, as has been done by Southern California Edison ("SCE"). Now that the PG&E Re-MAT Tariff will be effective on July 24, 2013 (the "Effective Date"), Allco is concerned that procedurally PG&E could withdraw their motion as moot, leaving no filing requesting relief with respect to the current tariff before the Effective Date.[2]

## I. BACKGROUND

AB 1969 added Section 399.20 to the California Public Utilities Code.[3] The law required that California electrical corporations make available a tariff only to public water or wastewater agencies that own and operate certain electric generation facilities powered by renewable resources.[4] On July 27, 2007, the Commission issued Decision (D.) 07-07-027 to implement Public Utilities Code Section 399.20 ("§399.20")[5], requiring that electrical corporations make available tariffs and standard contracts for the purchase of electricity from public water and wastewater customers. D.07-07-027 also adopted an additional program for PG&E and SCE only, based upon similar terms and conditions as the Section 399.20 program for entities that were not water/wastewater agencies.[6] The Commission specified that the expanded

---

[2] On July 19, 2013, PG&E filed a notice of *ex parte* communication related to PG&E's pending motion.
[3] AB 1969 (Yee) Stats. 2006, Ch. 731.
[4] Cal.Pub. Utils. Code §399.20(e)(2006).
[5] All references herein are to the Cal. Pub. Utils. Code unless otherwise noted.
[6] D.07-07-027 at 61.

3

program was "separate and distinct" from the program applicable to public water and wastewater agencies required by §399.20. [7]

Consistent with the direction that each program is "separate and distinct," D.07-07-027 established distinct capacities and limits for each program[8], and ordered that electrical corporations file: (1) tariffs and standard contracts for the purchase of electricity from water and wastewater customers;[9] and (2) in the case of PG&E and SCE only, similar tariffs for the purchase of electricity from entities other than public water and wastewater agencies.[10]

In compliance with D.07-07-027, PG&E submitted Advice Letters 3098-E and 3100-E establishing (1) tariffs and standard contracts for the purchase of electricity from public water and wastewater customers ("E-PWF"); and (2) tariffs and standard contracts for the purchase of electricity from customers who are not a public water or wastewater agency ("E-SRG"). CPUC Resolution E-4137 approved the respective tariffs with certain modifications.[11] In Advice Letters E-3098-E-A and E-3100-E-A, PG&E filed the final versions of the E-PWF tariff and the E-SRG tariff, respectively, and the related standard contracts. The E-SRG tariff is entitled "SCHEDULE E—SRG-SMALL RENEWABLE GENERATOR PPA." In contrast the E-PWF tariff is entitled "SCHEDULE E—PWF-SECTION 399.20 PPA." Similarly the standard contract under the E-SRG tariff is labeled "SMALL RENEWABLE GENERATOR POWER

---

[7] *Id*. at 43.
[8] *Id*. at 58.
[9] D.07-07-027 at 62.
[10] D. 07-07-027 at 62.
[11] The CPUC approved PG&E's Advice Letter 3100-E-A and 3098-E-A implementing changes required by Resolution E-4137 on February 20, 2008.

4

PURCHASE AGREEMENT". In contrast, the standard contract under the E-PWF tariff is labeled "SECTION 399.20 POWER PURCHASE AGREEMENT".[12]

In 2008, the California Legislature adopted SB 380 amending Cal. Pub. Utils. Code §399.20 in two important respects. First, it removed the requirement that the applicant under the tariff needs to be a public water or wastewater agency. Instead, it opened up participation to all entities. Second, it raised the overall mandate from 250MW to 500MW.

The existing §399.20 E-PWF program implemented under AB 1969 remains effective until replaced by PG&E's Re-MAT tariff, which is scheduled to be effective on July 24, 2013.

The effect of SB 380 on the separate and distinct E-PWF tariff was twofold. First, it changed the availability of the E-PWF program to any entity, regardless of its status as a water/wastewater agency, and second, it raised the volume of that separate and distinct program to 500MW, doubling the size.

As of the date of this filing, the capacity available to applicants under E-SRG is fully subscribed. Capacity remains under the E-PWF program.

## II. PG&E'S REFUSAL TO EXECUTE PPAS UNDER THE E-PWF TARIFF WITH NON-WATER/WASTEWATER ENTITIES IS CONTRARY TO LAW.

PG&E's administration of its E-PWF Program which limits participation to entities that are public water and wastewater agencies, a restriction long-since repealed, is contrary to applicable law. In D.07-07-027, the Commission ordered the creation of two separate and distinct programs: one program applicable to public water and wastewater agencies; and other

---

[12] The current versions of the E-PWF standard contract and the E-SRG standard contract emphasize more emphatically that it is only the E-PWF standard contract that implements the mandate of Cal. Pub. Utils. Code §399.20. The standard PPA for the E-PWF tariff now states in oversized bold type on each page: "**SECTION 399.20 POWER PURCHASE AGREEMENT**". In contrast the standard PPA for the E-PWF tariff now states in oversized bold type on each page "**SMALL RENEWABLE GENERATOR POWER PURCHASE AGREEMENT**."

program applicable to customers that are not public water and wastewater agencies. *See*, D.07-07-027 at 43 stating

> We adopt a limited expansion of this basic tariff/standard contract program from water/wastewater customers to other customers. We do this today for only two utilities: SCE and PG&E. We also limit the expanded availability to the same basic terms adopted above for water and wastewater customers (e.g., 1.5 MW or less per project; allocation of 123,884 kW for SCE and 104,603 kW for PG&E, for a combined total of 228,487 kW).
>
> The expanded availability is separate and distinct from the program to implement § 399.20. Therefore, the tariffs/standard contracts should also be separate and distinct.

The basis for the PG&E E-SRG tariff was not Cal. Pub. Utils. Code §399.20[13]. It is only the E-PWF tariff that relates to Cal. Pub. Utils. Code §399.20.

PG&E has consistently administered its AB 1969 FIT E-PWF program as separate and distinct, with only the E-PWF tariff being the tariff intended to comply with the mandate of Cal. Pub. Utils. Code §399.20[14].

A state-filed tariff is law and binding on the public. *See, Pink DOT v. Teleport Communications Group,* 89 Cal. App. 4th 407, 416 (2001) citing *Dyke Water Co. v. Public Utilities Comm'n.,* 56 Cal. 2d 105, 123 (1961) and *Trammell v. Western Union Click for Enhanced Coverage Linking Searches Tel. Co.*, 57 Cal. App. 3d 538, 550, 551 (1976). Here, SB 380 <u>changed</u> the law and eliminated the requirement that the applicant under the E-PWF tariff be a public water/wastewater agency. As a result, in the case of PG&E, *any entity* is permitted to

---

[13] Because the basis of PG&E's E-SRG tariff was not Cal. Pub. Utils. Code §399.20, there would appear to be no statutory basis on which to reduce the capacity under PG&E's Re-MAT program by the capacity of executed PPAs under the E-SRG tariff.

[14] PG&E's E-PWF tariff and standard contract has been subsequently updated to reflect non-substantive changes and updates to the time of delivery factors and market price referent.

apply for the capacity under the separate and distinct E-PWF tariff previously reserved for only public water and wastewater agencies.

Allco moves the Commission to issue an Order with an effective date of today directing PG&E to execute contracts under the current E-PWF tariffs with applicants that otherwise met the eligibility criteria for the PG&E E-PWF FIT program (other than the water/wastewater aspect) and that tendered an executed E-PWF standard form PPA for execution by PG&E prior to the effective date of the Re-MAT program.

### III. CONCLUSION.

For the reasons stated above, Allco respectfully requests the Commission grant the relief requested in this Motion and issue an order:

1. clarifying that the requirement currently maintained by PG&E with respect its E-PWF tariff restricting it to public water and wastewater agencies is contrary to law as such restriction was eliminated by the passage of SB 380;

2. directing PG&E to execute PPAs with applicants that otherwise met the eligibility criteria for the PG&E E-PWF FIT program (other than the water/wastewater aspect) and that tendered an executed E-PWF standard form PPA for execution by PG&E prior to the effective date of the Re-MAT Program; and

3. taking all other necessary and appropriate action to remove the water/wastewater restriction in the E-PWF tariff to allow for the execution by PG&E of PPAs with applicants that otherwise met the eligibility criteria for the PG&E E-PWF FIT program (other than the water/wastewater aspect) and that tendered an executed E-PWF standard form PPA for execution by PG&E prior to the effective date of the Re-MAT Program.

Respectfully submitted,

/s/ *Thomas Melone*
Thomas Melone
President
Allco Renewable Energy Limited
14 Wall Street, 20th floor
New York, NY 10005
Phone: (212) 681-1120
Email: Thomas.Melone@AllcoUS.com

July 23, 2013

# VERIFICATION

I, Thomas Melone, am the President of Allco Renewable Energy Limited and am authorized to make this verification on its behalf. I have read the foregoing *Motion of Allco Renewable Energy Limited for clarification and to direct Pacific Gas and Electric Company to enter into PPAs under the Existing Assembly Bill AB1969 feed-in tariff program*. The statements in the foregoing document are true based upon my knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of July 2013 at New York, NY.

/s/ *Thomas Melone*
Thomas Melone
President
Allco Renewable Energy Limited
14 Wall Street, 20th floor
New York, NY 10005
Phone: (212) 681-1120