KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

JENNER & BLOCK LLP
Laurie J. Edelstein (#164466)
(LEdelstein@jenner.com)
455 Market Street, Suite 2100
San Francisco, CA 94105
Tel: 628 267 6811

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF LAURIE J. EDELSTEIN IN SUPPORT OF REORGANIZED DEBTORS' OPPOSITION TO TIGER NATURAL GAS, INC.'S MOTION FOR RELIEF FROM PLAN INJUNCTION**<br><br>[Relates to Docket No. 11535]<br><br>Date: December 21, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Laurie J. Edelstein, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney at law licensed to practice in the State of California and admitted to the bar of this Court. I am a partner at Jenner & Block LLP, counsel for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases. Unless stated otherwise, I have personal knowledge of the matters set forth herein. I submit this Declaration in support of the *Reorganized Debtors' Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from Plan Injunction* [Docket No. 11672] (the "**Opposition**").[1]

2. Attached for the Court's convenience as <u>Exhibit A</u> is a true and correct copy of the Proof of Claim filed by Tiger Natural Gas, Inc. ("**Tiger**"), Claim No. 64095, filed on October 18, 2019.

3. PG&E moved to dismiss the Complaint on April 3, 2017.

4. The District Court denied the Motion to Dismiss on October 25, 2017 without a hearing, ruling that Tiger had met its pleading burden. PG&E filed its answer, denying all allegations, in the District Court Action on November 8, 2017.

5. On February 4, 2019, the Debtors filed a *Notice of Bankruptcy Proceeding* in the District Court Action based on these Chapter 11 Cases.

6. On February 27, 2019, the District Court entered the *Order Staying Case and Requiring Joint Status Reports*, staying the case in its entirety.

7. As of the Petition Date, the parties had engaged in fact discovery but had not yet conducted expert discovery, submitted motions for summary judgment, filed *Daubert* motions, or undertaken any pre-trial briefing or otherwise prepared for trial.

8. As of the Petition Date, expert discovery was not set to close for over three months (on May 6, 2019), the deadline for dispositive motions was nearly five months away (June 21, 2019), *Daubert* motions were not due for six months (August 2, 2019), and trial was not scheduled to begin for

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Opposition.

over seven-and-a-half months (September 16, 2019). Given the high likelihood of contentious litigation occurring during each of these pre-trial phases, there exists a real possibility that, if the District Court Action were to resume, it actually would be much longer than seven-and-a-half months before trial actually commenced.

9. On the Petition Date, no motions were pending in the District Court Action.

10. The parties participated in a mediation before the Honorable Carl J. West (Ret.) on May 11, 2020, but were unable to reach a consensual resolution.

11. Another mediation was held pursuant to the *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148] before the Honorable Wynne S. Carvill (Ret.) of JAMS on July 21, 2021, and again the parties failed to resolve the dispute.

12. On December 3, 2021, the Reorganized Debtors offered to stipulate with Tiger to modification of the Plan Injunction with respect to all allegations in the Proof of Claim but for the Sherman Act Claim. Tiger refused.

13. In *United Energy Trading, LLC v. Pacific Gas and Electric Company*, Case No. 15 Civ.02383 (N.D. Cal.) (the "**UET Action**"), the plaintiff CTA voluntarily dismissed its Sherman Act claim on the eve of expert discovery.

14. The UET case eventually settled.

15. Following the dismissal of the Sherman Act claim in the UET Action, Judge Gilliam issued orders in *North Star Gas Company v. Pacific Gas and Electric Company*, Case No. 15 Civ. 02575 (N.D. Cal.) (the "**North Star Action**") and *Vista Energy Marketing, LP v. Pacific Gas and Electric Company*, Case No. 16 Civ. 04019 (N.D. Cal.) (the "**Vista Action**"), directing the plaintiff CTAs in those actions—represented by the same counsel as the plaintiff CTA in the UET Action , who also represents Tiger here and in the District Court Action—to state whether they sought to pursue their Sherman Act claims in those proceedings. True and correct copies of those order are attached hereto as Exhibit B and Exhibit C.

16. A week later, Judge Gilliam denied PG&E's motions to dismiss, but expressed "substantial doubt" regarding the plaintiff CTAs' business torts theory of anticompetitive conduct, the

same theory that forms the basis of the Sherman Act Claim here.  True and correct copies of those orders are attached hereto as <u>Exhibit D</u> and <u>Exhibit E</u>.

17. Plaintiff CTAs in the North Star and Vista Actions settled with PG&E thereafter.

18. There has been no determination in the District Court Action as to whether PG&E is Tiger's fiduciary.  Rather, in the UET Action, Judge Seeborg merely stated that the plaintiff CTA in that proceeding *might* "be able to demonstrate the existence of a fiduciary relationship with PG&E *to the limited extent of billing activities*" (emphasis added).  A true and correct copy of this order is attached hereto as <u>Exhibit F</u>.

19. Attached hereto as <u>Exhibit G</u> is a true and correct excerpt of the transcript of the March 27, 2019 hearing before this Court..

20. In the UET Action, the plaintiff CTA dismissed one of the individual defendants after the individual defendants moved for summary judgment on the RICO claim asserted against them.  Judge Seeborg then granted summary judgment in favor of the two remaining defendants, dismissing the RICO claim.

21. On February 11, 2019, the individual defendants in the District Court Action served expert reports in accordance with the District Court's pre-trial scheduling order.  Tiger did not serve any expert reports as to the individual defendants.

22. The parties have not appeared before Judge White on any substantive legal matters since 2017.

23. Since ruling on PG&E's motion to dismiss in 2017, other than scheduling matters, Judge White has presided over only one appeal from a discovery order by Magistrate Judge Kim in the District Court Action.

24. Forcing PG&E to focus on a heavily litigated District Court Action as to all of Tiger's claims, as opposed to proceeding in the orderly bifurcated staging outlined above, will cause injury to the Reorganized Debtors, including by distracting focus from the ongoing claims resolution process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and in accordance with laws of the United States of America that the foregoing is true and correct. Executed this seventh day of December, 2021, in San Francisco, California.

/s/*Laurie J. Edelstein*
Laurie J. Edelstein