**Exhibit E**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTA ENERGY MARKETING, LP,<br><br>          Plaintiff,<br><br>    v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>          Defendants. | Case No.  16-cv-04019-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 26 |

Defendants Pacific Gas & Electric Company (PG&E), Albert Torres, Bill Chen, and Tanisha Robinson move to dismiss the complaint filed by Plaintiff Vista Energy Marketing. As Plaintiff acknowledges several times in its opposition to Defendants' motion, Plaintiff's allegations and causes of action in this case are materially identical to those of another case filed by Plaintiff's counsel in this District, *North Star Gas Co. v. Pacific Gas & Electric Co.*, No. 4:15-cv-02575-HSG (N.D. Cal.) ("*North Star*").

For this reason, the Court's disposition in *North Star* decides this motion to dismiss, which the Court **DENIES**.

I.   **BACKGROUND**

   A.   **Factual Allegations**

The relevant factual allegations of this case are materially identical[1] to those in *North Star*, which the Court has already summarized. *See North Star*, Dkt. No. 53 at 3-5.

---

[1] One allegation present in the *North Star* case that is absent here is that of a "Customer Call Scheme," wherein North Star alleged that PG&E "improperly and inaccurately tell[s] North Star customers that PG&E's natural-gas prices are less expensive than North Star's pricing." *North Star*, Dkt. No. 56 ¶ 86. Plaintiff Vista makes no such allegation in its complaint. This distinction is not relevant to the Court's analysis.

United States District Court
Northern District of California

B.  **Procedural History**

Plaintiff filed this action on July 15, 2016, asserting claims under federal and state law. Against Torres, Chen, and Robinson ("Individual Defendants"), Plaintiff asserts substantive and conspiracy claims under the civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* Compl. ¶¶ 90-112. Against PG&E, Plaintiff asserts eight claims: (1) *respondeat superior* liability for the RICO counts, Compl. ¶¶ 113-19; (2) attempted monopolization in violation of the Sherman Act, 15 U.S.C. § 2, Compl. ¶¶ 120-38; (3) breach of fiduciary duty, Compl. ¶¶ 139-49; (4) intentional misrepresentation, *id.* ¶¶ 150-55; (5) negligent misrepresentation, *id.* ¶¶ 156-61; (6) intentional interference with contract, *id.* ¶¶ 162-70; (7) intentional interference with prospective business advantage, *id.* ¶¶ 171-79; and (8) violation of California Business & Professions Code § 17200 *et seq.*, Compl. ¶¶ 180-84.

On September 22, 2016, Defendants filed their motion to dismiss, Dkt. No. 26, which the Court took under submission on December 6, 2016, Dkt. No. 34.

II.  **DISCUSSION**

Defendants move to dismiss all nine counts of Plaintiff's complaint. Because the Court has already set forth the relevant standards and its reasoning for identical causes of action in *North Star*, it refers the parties to its prior orders:

The Court denies Defendants' motion with regard to Plaintiff's RICO claims. *See North Star*, Dkt. No. 53 at 30-38.

The Court denies Defendants' motion with regard to Plaintiff's *respondeat superior* claim. *See North Star*, Dkt. No. 90 at 3-5.

The Court denies Defendants' motion with regard to Plaintiff's Sherman Act claim. *See North Star*, Dkt. No. 90 at 5-6.

The Court denies Defendants' motion with regard to Plaintiff's breach of fiduciary duty claim. *See North Star*, Dkt. No. 53 at 43.

The Court denies Defendants' motion with regard to Plaintiff's intentional misrepresentation claim. *See North Star*, Dkt. No. 53 at 43-44.

The Court denies Defendants' motion with regard to Plaintiff's negligent misrepresentation

1   claim. *See North Star*, Dkt. No. 53 at 44-45.

2   The Court denies Defendants' motion with regard to Plaintiff's intentional interference
3   with contract claim. *See North Star*, Dkt. No. 53 at 45.

4   The Court denies Defendants' motion with regard to Plaintiff's intentional interference
5   with prospective business advantage claim. *See North Star*, Dkt. No. 53 at 45-46.

6   The Court denies Defendants' motion with regard to Plaintiff's claim pursuant to section
7   17200 of the California Business and Professions Code. *See North Star*, Dkt. No. 53 at 46-47.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' motion to dismiss Plaintiff's complaint. The parties are **ORDERED** to appear at a case management conference on October 3, 2017 at 2:00 p.m. The parties shall submit a joint case management statement by September 26, 2017.

**IT IS SO ORDERED.**

Dated: September 8, 2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge