WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' EIGHTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (DUPLICATE CLAIMS)**<br><br>**Response Deadline:**<br>**January 4, 2022, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:   January 18, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this eighteenth securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claim to be Disallowed and Expunged" on **Exhibit 1** annexed hereto. Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Justin R. Hughes, dated December 7, 2021 (the "**Hughes Declaration**"), in support of this Objection.

This Objection seeks to expunge certain proofs of claim that duplicate others submitted in the Chapter 11 Cases (the "**Duplicate Claims**"). There is no prejudice to claimants because in all circumstances, they retain a surviving proof of claim.

## I.  JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II.  BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date

Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code). The Bar Date Order required any person who had a prepetition claim to file that claim by the Initial Bar Date. Notice of the Initial Bar Date was disseminated widely pursuant to the Bar Date Order, including, to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Initial Bar Date.

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") solely with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") who the Court determined were "known creditors" that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"), and who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims and a form of notice of the Extended Securities Bar Date.

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Bankruptcy Court incorporated Bankruptcy Rule 3007(d). *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C. The Bankruptcy Court also approved, among other things, procedures for filing omnibus objections (the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

"**Securities Omnibus Objection Procedures**"), including Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law." Securities Claims Procedures Order, Ex. A-3 ¶ I.C.4.

## III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and/or expunging the Duplicate Claims. Each Duplicate Claim, and the proof of claim it duplicates (the "**Surviving Claim**"), are identified on **Exhibit 1**, in the columns headed "Claim to be Disallowed and Expunged" and "Surviving Claim," respectively.

Each Duplicate Claim is identical to a later-filed proof of claim with respect to the Debtor, claimant, and claim amount; in other words, the claimant and amount of the claim set forth in the proofs of claim are identical. *See* Hughes Decl. ¶ 6. In addition to reviewing the claimants and amounts set forth in the proofs of claim, the Reorganized Debtors have reviewed the underlying trade data provided with the proofs of claim or thereafter in response to requests for trading data. Based on this review, each transaction that is the subject of a Duplicate Claim is identical to the transaction that is the subject of the Surviving Claim in terms of the (a) type of the trade, *i.e.*, a purchase, sale, or etc.; (b) Committee on Uniform Securities Identification Procedures ("**CUSIP**") number of the security traded; and (c) quantity of the security traded.[1] *See id*.

The Reorganized Debtors request that the Duplicate Claims be disallowed and expunged. There is a Surviving Claim for each underlying Duplicate Claim that is the subject of this Objection. The Objection does not affect any of the Surviving Claims.

## IV. ARGUMENT

### A. The Duplicate Claims Should be Disallowed and Expunged

Bankruptcy Rules 3007(d) and (e) and the Securities Claims Procedures Order govern omnibus

---

[1] In a small number of proofs of claim, there were minor discrepancies in certain underlying transactions such as the (a) date of the trade; (b) price of the security traded; and/or (c) dollar amount of the trade. None of these minor discrepancies altered the fact that the proofs of claim were made by the same claimant based on the same quantity of the same securities, such that the total amount claimed in both proofs of claim was identical.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order,

2  Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Bankruptcy Rule 3007(d)(1),

3  objections to more than one claim may be joined if the objections are based solely on the grounds that

4  the claims should be disallowed, in whole or in part, because they duplicate other claims. Bankruptcy

5  Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-

6  reference to claim numbers. Each of the Duplicate Claims identified on **Exhibit 1** hereto duplicates

7  another proof of claim, which the Reorganized Debtors have referenced. Each of the claimants is listed

8  alphabetically, and the claim number and asserted amount are identified in accordance with Bankruptcy

9  Rule 3007(e). The Reorganized Debtors request that the Court disallow the Duplicate Claims in their

10  entirety. For the avoidance of doubt, the Surviving Claims are not affected by this Objection.

11      The Reorganized Debtors and Kroll Settlement Administration LLC ("**KSA**") have reviewed the

12  Duplicate Claims, and have identified Duplicate Claims where the claimant has filed a duplicative proof

13  of claim with respect to the same underlying asserted liability. *See* Hughes Decl. ¶ 6. To avoid multiple

14  recoveries by the same claimant on the same asserted liability, the Reorganized Debtors request that the

15  Court disallow and expunge in their entirety the Duplicate Claims. The Surviving Claims will remain

16  on the claims register, subject to the Securities Claims Procedures Order, as well as further objections.

17      **B.**    **The Claimants Bear the Burden of Proof**

18      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

19  11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that

20  a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor,

21  under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending

22  to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"

23  *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on*

24  *Bankruptcy* § 502.02, at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the

25  validity of the claim by a preponderance of the evidence." *Ashford v. Consol. Pioneer Mortg. (In re*

26  *Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*,

27  954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate

28  burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting 3 L. King, *Collier on*

*Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid. Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Duplicate Claims are, in fact, duplicates. Accordingly, they should be disallowed and expunged in their entirety. If any claimant believes that a Duplicate Claim is valid, it must present affirmative evidence demonstrating the validity of that Duplicate Claim.

### C. The Duplicate Claims May Be Objected to by an Omnibus Objection

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures (as well as Bankruptcy Rule 3007(d)), objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed on some common basis under applicable bankruptcy or non-bankruptcy law. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; and (iv) the grounds for this Objection. The Reorganized Debtors will give notice to the holder(s) of each of the Duplicate Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

### V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Duplicate Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.J.

**VI.     NOTICE**

Notice of this Objection will be provided to (i) holder(s) of the Duplicate Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: December 7, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By:  */s/ Richard W. Slack*
        Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119