Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
*Rich@TrodellaLapping.com*

Attorneys for Todd Greenberg

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**TODD GREENBERG IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED TENTH OMNIUBUS OBJECTION TO CLAIM NOS. 76018 AND 78381 (GREENBERG CLAIMS)**<br><br>[Related to Dkt. No. 11420]<br><br>Date: December 21, 2021<br>Time: 10:00 a.m.<br>Place: (Tele/Video Conference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Creditor Todd Greenberg ("Greenberg") hereby replies to PG&E's objection (Dkt. No. 11420) to his claims nos. 76018 and 78381. In support of his reply, Greenberg submits his declaration detailing the years-long process by which PG&E responded to a hazardous condition on his property at 47 Bolinas Road, Fairfax, California.

**The Claims.**

Greenberg has two claims at issue. The first, 76018, relates to a project to replace dangerously corroded PG&E gas lines at 47 Bolinas Road. The details of the claims are set forth in the claims and in the Greenberg declaration. Notably, PG&E has never fully restored much of the area where its contractors conducted destructive trenching. The sidewalk was only restored when the Town of Fairfax ordered the work done and Greenberg was required to pay $2,000 to the Town of Fairfax.

The second claim, 78381, seeks compensation for the damage that PG&E's contractors did to the tree roots of two Heritage Redwoods located on the property during the gas line replacement. While the trees have not died or fallen over, they show signs of deterioration despite PG&E's arborists observations. Greenberg will submit expert testimony on this issue at the hearing of his objection.

**Response to PG&E's Objections**

PG&E objects to the claim for driveway repair and replacement. Remarkably, it submits photos taken by Mark Condon that show the property before the construction, but no photos of the condition in which PG&E left the property after the construction. For these, it submits Google photos from a distance and one and two years after Phase Two was completed and after the Town of Fairfax repaired the sidewalk, in part at Greenberg's expense. Greenberg will produce better photographic evidence at the hearing on this claim.

PG&E objects to the replacement of the deck and the street light repair. Greenberg concedes the street light repair which was accomplished by the Town of Fairfax. Greenberg still has some concern about tangential damages that occurred to the deck. Moreover, he is entitled to damages for injury to his real property, including the diminution of the property's fair market value or the cost to repair the damage and restore the property to is previous condition, plus the value of any lost use. *Kelly v. CB&I Constructors, Inc.*, 179 Cal.App.4th 442, 450 (2009). When a plaintiff proves damages by showing the cost of repairs it should be incumbent on the defendant to introduce evidence that the repair costs exceed the value of the property. *Armitage v. Decker*, 218 Cal.App.3d 887, 905 (1990).

PG&E's conduct throughout its dealings with Greenberg, including failure to timely repair the corroded gas lines, damaging his trees, and leaving the property in a state of disrepair after the construction amounts to private nuisance. Private nuisance liability depends on conduct by the defendant that either directly and unreasonably interferes with the plaintiff's property or creates a condition that does so. *Lussier v. San Lorenzo Valley Water Dist.*, 206 Cal.App.3d 92, 100 (1988). Greenberg is entitled to prove all damages that flow from the PG&E's conduct.

Greenberg will also establish that PG&E's belated superficial land survey responding to the fact that if failed to comply with the law regarding preservation of survey markers prior to construction that results in their demolishment is insufficient to rectify the problem.

Besides the factual issue raised by PG&E as to whether the Heritage Redwood Trees were damaged permanently, it advances an argument to the effect that Greenberg was obligated to provide a route on his property clear of obstructions that would inhibit the construction of the gas line service extension. For this it cites Gas Rule 16(D)(1)(a)(1). This is indeed ironic given that PG&E was endeavoring to replace and relocate its own dangerously corroded gas line. There was a route around the Heritage Redwood Trees, provide that PG&E obtained a tree permit from the Town of Fairfax, obtained approval of a tree protection plan, and obtained the services of a qualified arborist during the trenching. PG&E did none of these. (Greenberg Decl. para. 18.)

**Damages**

Greenberg seeks recovery of damages under California Civil Code Section 3333 and other applicable statutes or principles of law for all detriment to him and his real and personal property caused by the actions of PG&E. The measure of damages for injury to trees is to be doubled or trebled under California Civil Code section 3346 and Code of Civil Procedure section 733. *Salazar v. Matejcek*, 245 Cal.App.4th 634,645, n.3 (2016). Greenberg reserves the right to present relevant evidence as to any and all elements of his damages.

Respectfully submitted.

Dated: December 7, 2021        TRODELLA & LAPPING LLP

By:    /s/ Richard A. Lapping
        Richard A. Lapping
        Attorneys for Todd Greenberg