KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OPPOSITION TO MOTION FOR RECONSIDERATION OF WILLIAM F. WEIDMAN III**<br><br>[Relates to Docket Nos. 11381 and 11596] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," "**PG&E**," or as reorganized, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition (the "**Opposition**") to the *Petition for Reconsideration* [Docket No. 11596] (the "**Motion**") filed by William F. Weidman III ("**Weidman**"). Through the Motion, Mr. Weidman seeks reconsideration of the *Order Disallowing Proof of Claim # 10281 Filed by William F. Weidman, III* [Docket No. 11381] (the "**Disallowance Order**") entered on October 6, 2021, which sustained the *Reorganized Debtors' One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* [Docket No. 11120] (the "**Omnibus Objection**"),[1] as it pertains to the disallowance and expungement of his claim, Proof of Claim No. 10281 (the "**Weidman Claim**").

## I. PRELIMINARY STATEMENT

Mr. Weidman's Motion does not present any new evidence or argument that merit reconsideration of the Disallowance Order. By the Omnibus Objection, the Reorganized Debtors objected to the Weidman Claim on the basis that it was barred by the applicable statute of limitations. Mr. Weidman alleges personal injury as a result of radiation exposure; therefore, his claim would fall within the purview of the Price Anderson Act (the "**Act**"). The substantive rules, including, but not limited to, statutes of limitations, that apply to an action brought under the Act are derived from the law of the state in which the incident occurs, as long as such rules are not inconsistent with the provisions of the Act. 42 U.S.C. § 2014(hh). When Mr. Weidman became aware in 2000 that his injuries were allegedly linked to radiation exposure (Weidman Claim, p. 2, ¶ 4), the applicable statute of limitations in California was one year.[2] Accordingly, Mr. Weidman would have had to have filed an action against PG&E no later than 2001, which was when he filed his worker's compensation case against his former employer from the time his injuries allegedly occurred, Bechtel Power Corporation ("**Bechtel**"). He failed to do so. Because Mr. Weidman did not file an action against PG&E within the applicable statute

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Objection.

[2] The statute of limitations for personal injury was extended to two years effective January 1, 2003. Cal. Code Civ. Proc. § 335.1; 2002 Cal. Stat. ch. 448.

of limitations, his claim is clearly time-barred under California law and the provisions of the Price Anderson Act.

Mr. Weidman's Motion sets forth two bases for reconsideration: (i) repeating his previously-rejected contention that the California statute of limitations does not apply based upon the premise that federal law, not state law, controls his claim because the Diablo Canyon plant was permitted by federal rather than state authorities; and (ii) asserting that the Debtors had knowledge of Mr. Weidman's claims against PG&E. Neither argument warrants reconsideration of disallowance of his claim. First, the permitting process is irrelevant to the substantive law that applies to the Weidman Claim. Second, the Debtors' knowledge has no bearing upon the statute of limitations because the statute of limitations runs until a civil action is <u>filed</u>, and Mr. Weidman does not dispute that he never filed a civil action against PG&E. There is no basis to reconsider the Disallowance Order.

## II. JURISDICTION

This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 59 and 60 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), and Rules 3007, 3008, 9014, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## III. FACTUAL BACKGROUND

A. The Chapter 11 Cases and Claims Administration Process

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or

schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

On June 30, 2020, the Bankruptcy Court entered the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), setting forth procedures for the omnibus objection to claims in these Chapter 11 Cases.

### B. The Weidman Claim

On October 1, 2019, Mr. Weidman filed Proof of Claim No. 10281 against the Utility, alleging $50,000,000.00 in damages for personal injury due to radiation exposure. Mr. Weidman claims that he worked as an employee of Bechtel at the PG&E Diablo Canyon Power Plant from 1984 to 1985 and sustained personal injuries due to radiation exposure as a result of his work at the Diablo Canyon plant. Prior to the filing of the Weidman Claim, Mr. Weidman had never filed a civil action against PG&E.

### C. The Omnibus Objection

The Reorganized Debtors filed the Omnibus Objection on August 19, 2021. The Omnibus Objection was based upon the ground that the applicable statute of limitations has long since expired and therefore bars the Weidman Claim. Mr. Weidman filed a formal response in opposition to the Omnibus Objection on September 10, 2021 [Docket No. 11239] (the "**Opposition**"), claiming that the statute of limitations had not expired because (1) this is a radiation and exposure case; (2) the Workers Compensation Appeals Board ("**WCAB**") ruled that the claim is not barred by the statute of limitations; (3) the WCAB case has not been ruled upon so the statute of limitations does not apply; (4) PG&E is responsible for "matters coming from the Diablo Canyon Nuclear Power Plant," citing *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 (1984); (5) this matter is a Nuclear Regulatory Commission complaint which protects his rights; (6) the Price Anderson Act applies so that "normal statute of limitations cannot and do not apply"; and (7) the Armed Forces Institute of Pathology Report shows that claimant's injuries are due to his exposure to nuclear contaminants.

The Reorganized Debtors filed the *Reply in Support of Reorganized Debtors' Omnibus Objections to Claims* on September 22, 2021 [Docket No. 11298], responding to Mr. Weidman's arguments in the Opposition. The Court held a hearing on the Omnibus Objection on September 29,

2021, at which Mr. Weidman and counsel for the Reorganized Debtors appeared and at which the Court considered the arguments of Mr. Weidman and the Reorganized Debtors. The Court took the matter under submission at the conclusion of the hearing, and it issued the Disallowance Order on October 6, 2021.

### D. Mr. Weidman's Motion for Reconsideration

On October 19, 2021, Mr. Weidman filed his first motion to extend time to file a motion for reconsideration of the Disallowance Order [Docket No. 11444] (the "**First Motion to Extend**"). A few hours later that same day, the Court entered the *Order Granting Extension of Time for William F. Weidman, III to File a Motion for Reconsideration* (the "**First Extension Order**") [Docket No. 11446] extending the time for Mr. Weidman to file a motion for reconsideration to November 3, 2021.

On October 29, 2021, Mr. Weidman filed his second motion to extend time to file a motion for reconsideration of the Disallowance Order [Docket No. 11507] (the "**Second Motion to Extend**"). On November 2, 2021, the Court entered the *Order Granting Further Extension of Time for William F. Weidman, III to File a Motion for Reconsideration* (the "**Second Extension Order**") [Docket No. 11513] and extending the time for Mr. Weidman to file a motion for reconsideration to November 15, 2021, forty days after the entry of the Disallowance Order.

On November 16, 2021, the Court entered the *Order Granting Third Extension of Time for William F. Weidman, III to File a Motion for Reconsideration* [Docket No. 11584] (the "**Third Extension Order**," and together with the First Extension Order and Second Extension Order, the "**Extension Orders**"). The Third Extension Order acknowledged receipt by the Courtroom Deputy of a motion submitted by Mr. Weidman on November 15, 2021, but noted that it was not inclined to place the motion on the docket as it contained unredacted personal information. The Third Extension Order advised Mr. Weidman to redact such information from his papers, and further extended the time for Mr. Weidman to re-file his motion to 3:00 p.m. (Pacific Time) on November 19, 2021.

The Motion was filed on November 17, 2021. On November 19, 2021, the Court entered the *Order Regarding Motion for Reconsideration By William F. Weidman, III* [Docket No. 11602], setting a deadline of December 10, 2021, for the Reorganized Debtors to respond to the Motion.

## IV. ARGUMENT

### A. Mr. Weidman's Motion Should Be Reviewed Under Civil Rule 60(b)

Section 502(j) of the Bankruptcy Code provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Bankruptcy Rule 3008 provides: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008. Bankruptcy Rule 3008, however, "is silent as to the standard applicable to a motion seeking to reconsider allowance or disallowance of claims." *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).

When a motion is filed pursuant to Bankruptcy Rule 3008 within 14 days after the original order allowing or disallowing the claim, the motion is analogous to a motion for a new trial or to alter or amend the judgment pursuant to Civil Rule 59 as incorporated by Bankruptcy Rule 9023. *In re Wylie*, 349 B.R. at 209. When reconsideration under Rule 3008 is sought *after* the 14-day appeal period has expired, the motion is subject to the constraints of Civil Rule 60(b) as incorporated by Bankruptcy Rule 9024. *Id.*

Mr. Weidman does not specify whether he is seeking reconsideration under Bankruptcy Rules 9023 or 9024, nor do any of the three Extension Orders. Although the Extension Orders extend the time for Mr. Weidman "to file a motion for reconsideration," there is no discretion to enlarge the time for Mr. Weidman to seek reconsideration under Bankruptcy Rule 9023.[3] The Reorganized Debtors submit that the time for Mr. Weidman to seek "reconsideration" under Bankruptcy Rule 9023 expired 14 days after the entry of the Disallowance Order and could not have been extended by any of the Extension Orders. Accordingly, Mr. Weidman's Motion should be reviewed as seeking reconsideration under the narrower standards of Civil Rule 60(b), as made applicable to bankruptcy proceedings by Bankruptcy Rule 9024.[4]

---

[3] A court may not enlarge the time for taking any action under Bankruptcy Rule 9023 or 9024. Fed. R. Bankr. P. 9006(b)(2). *Brown v. Kenney (In re Kenney)*, 2013 Bankr. LEXIS 54, at *4 (Bankr. N.D. Cal. Jan. 2, 2013); *see also In re Ateco Inc.*, 529 B.R. 298, 300 (Bankr. C.D. Cal. 2015).

[4] A motion under Civil Rule 59 may seek reconsideration of the correctness and merits of the trial court's underlying judgment. Even if Mr. Weidman had filed his Motion within 14 days of entry of the Disallowance Order, such that the motion for reconsideration could be treated as a motion to alter or amend a judgment under Civil Rule 59(e), as made applicable to bankruptcy cases by Bankruptcy Rule 9023, the Motion would still fail. *See In re Wylie*, 349 B.R. at 209. In general, there are four

Pursuant to Civil Rule 60(b), the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment. *In re Wylie*, 349 B.R. at 209. Such a motion must be limited to the narrow grounds enumerated in Civil Rule 60(b), which generally require a showing that events subsequent to the entry of the judgment make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard in connection with the underlying dispute. *Id.* A movant cannot use a Civil Rule 60(b) motion to reargue points already made, or that could have been made, in dispute of the underlying motion. *See Erde v. Irsfeld, Irsfeld & Younger, LLP (In re Westwood Plaza N.)*, No. CC-21-1046-GHL, 2021 Bankr. LEXIS 2931, at *7-8 (B.A.P. 9th Cir. Oct. 22, 2021) (citing *Branam v. Crowder (In re Branam)*, 226 B.R. 45, 55 (B.A.P. 9th Cir. 1998)).

Under Civil Rule 60(b), the bankruptcy court can relieve a party from a final order only if one of the following six grounds exist: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Civil Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Nations First Capital, LLC v. Decembre (In re Nations First Capital, LLC)*, Nos. EC-19-1201-GLB, 18-20668, 2020 Bankr. LEXIS 1541, at *12-13 (B.A.P. 9th Cir. June 5, 2020). Mr. Weidman does not address any of these specific grounds under Civil Rule 60(b) in his Motion. Instead, he seeks to relitigate the legal basis for the Omnibus Objection that was already considered and endorsed by the Court: that the applicable California statute of limitations bars the Weidman Claim. For the reasons stated below, none of Mr. Weidman's arguments in the Motion justifies relief from the Disallowance Order.

---

basic grounds upon which a Civil Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). As discussed below, the Court did not make any manifest errors of law or fact in its Disallowance Order, there is no newly discovered or previously unavailable evidence, and there is no change in the controlling law. Accordingly, none of the factors under Civil Rule 59(e) merits granting of the Motion.

B.  **California Statute of Limitations Applies to the Weidman Claim**

Mr. Weidman argues in his Motion that the California statute of limitations for personal injury does not apply to his personal injury claim because the Diablo Canyon plant was permitted by federal rather than state authorities. This argument fails, because the permitting process is irrelevant to the substantive law that applies to the Weidman Claim. As the Reorganized Debtors discussed in their Reply brief and at oral argument on the Omnibus Objection, pursuant to the Price Anderson Act, the substantive rules applicable to an action brought under the Act are derived from the law of the state in which the incident occurs, as long as such rules are not inconsistent with the provisions of the Act. 42 U.S.C. § 2014(hh). There is no statute of limitations specified in the Act for injuries not deemed to be extraordinary nuclear occurrences ("**ENOs**").[5] When Congress does not provide a statute of limitations for claims arising under federal statutes, courts apply the limitations period of the state-law cause of action most analogous to the federal claim. *Corcoran v. New York Power Authority*, 202 F.3d 530, 542 (2nd Cir. 1999) (citations omitted); *see Lujan v. Regents of the Univ. of Cal.*, 69 F.3d 1511 (10th Cir. 1995) (applying state law statute of limitations as applicable "rules of decision" under 42 U.S.C. § 2014(hh)); *see also McLandrich v. S. Cal. Edison Co.*, 942 F. Supp. 457, 466 n.9 (S.D. Cal. 1996) (citing *Lujan*). In its Disallowance Order, the Court cited *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 (1984), the sole case Mr. Weidman himself cited in his Opposition, for the proposition that state law provides the applicable rules for recovery under the Price Anderson Act for injuries that are not ENOs. Because Mr. Weidman's alleged radiation exposure took place in California and was not an ENO, the California statute of limitations applies to his claim under the Act, and that statute bars the Weidman Claim.

C.  **The Debtors' Mere "Knowledge" of a Potential Claim Does Not Satisfy the Statute of Limitations**

The Motion makes the false assertion, without citation to the record, that "PG&E states that they

---

[5] The Act provides that a statute of limitations defense may be waived for ENOs, *i.e.*, those that cause injury offsite, *if suit is filed within three years* from the date a claimant knew or should reasonably have known of his injury and the cause thereof. 42 U.S.C. § 2210(n)(1). As this Court recognized in its Disallowance Order, the Weidman Claim does not arise out of an ENO. Moreover, even if it did, the Weidman Claim would still be time-barred because no suit was filed against PG&E within three years of Mr. Weidman's knowledge of his injury in 2000.

had no knowledge of any claim Weidman had against them with this Bankruptcy case." (Motion at 3.) The Reorganized Debtors made no such contention, and, regardless, it is irrelevant to their statute of limitations defense to the Weidman Claim. What is readily ascertainable and never disputed by Mr. Weidman is that Mr. Weidman did not file any action against the Debtors prior to the Petition Date. Because he did not do so, the Court correctly disallowed the Weidman Claim.

Mr. Weidman attaches five documents to his Motion that he represents are correspondence between PG&E and attorneys who represented Mr. Weidman at the time.[6] (Motion, Ex. 3.) Notably, none of these "numerous communications" appears to even allege claims against the Debtors, directly or indirectly. Instead, they all appear to be related to Mr. Weidman's discovery efforts in his ongoing workers compensation case against Bechtel. Even if these "communications" did demonstrate that PG&E had knowledge of a potential claim by Mr. Weidman against PG&E, however, this is of no consequence because knowledge of the existence of a potential claim does not halt the running of the statute of limitations.

Under section 502(b)(1) of the Bankruptcy Code, a claim must be disallowed if the claim is unenforceable under applicable non-bankruptcy law, including because it is barred by the applicable statute of limitations. *See Mesa Pines Homeowner's Assoc. v. Paterno (In re Paterno)*, 2015 Bankr. LEXIS 580, *9 (9th Cir. BAP Feb. 20, 2015) (citing *Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1281 (9th Cir. 2000)). The filing of the Chapter 11 Cases does not revive claims that were time-barred on the Petition Date. "When the statute of limitations on a claim has expired prior to the filing of the bankruptcy, that claim is barred from recovery in the bankruptcy case." *In re Johnson*, Case No. 11-18629-GM, 2015 Bankr. LEXIS 52, *17 (Bankr. C.D. Cal. Jan. 7, 2015) (citing *Banks v. Gill Distribution Centers, Inc. (In re Banks)*, 263 F.3d 862 (9th Cir. 2001)).

Under section 350 of the California Code of Civil Procedure, "[a]n action is commenced, within the meaning of this Title, <u>when the complaint is filed</u>." Cal. Code Civ. Proc. § 350 (emphasis added); *see Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686-87 (9th Cir. 2005). Mr. Weidman suggests that PG&E's notice of a potential claim against it satisfies the statute of limitations, but this is simply wrong.

---

[6] Mr. Weidman's Motion does not allege that these five documents – all of which are communications involving his own counsel – are "newly discovered evidence."

None of the correspondence with the Debtors that Mr. Weidman attaches to his Motion constitutes the commencement of a civil action and therefore does not meet the requirement set forth in the statute of limitations.

## V. RESERVATION OF RIGHTS

The Omnibus Objection reserved all of the Reorganized Debtors' rights to object to the Weidman Claim on any basis whatsoever.[7] The Reorganized Debtors reaffirm these rights as to the Weidman Claim and any other claim filed by Mr. Weidman.

WHEREFORE, the Reorganized Debtors respectfully request entry of an order (i) denying the Motion, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: December 10, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
 Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*

---

[7] "The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Legal Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate." (Omnibus Objection at 7.)