HOLLAND & KNIGHT LLP
Thomas D. Leland (pro hac vice)
Leah E. Capritta (pro hac vice)
1801 California Street, Suite 5000
Denver, CO 80202
Telephone: (303) 974-6660
Facsimile: (303) 974-6659
Email: thomas.leland@hklaw.com
       leah.capritta@hklaw.com

HOLLAND & KNIGHT LLP
Vito Costanza (SBN 132754)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Email: vito.costanza@hklaw.com

Attorneys for
TIGER NATURAL GAS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtor. | CASE NO. 19-30089 (DM)<br><br>Chapter 11<br><br>**FURTHER DECLARATION OF LEAH E. CAPRITTA IN SUPPORT OF TIGER NATURAL GAS INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM PLAN INJUNCTION**<br><br>Date: December 21, 2021<br>Time: 10:00 AM<br>Judge: Hon. Dennis Montali<br>Ctrm: 17 |

# DECLARATION OF LEAH E. CAPRITTA

I, Leah E. Capritta, declare as follows:

1. I am over the age of 18 and have personal knowledge of the matters stated herein. I am an attorney licensed to practice in the State of Colorado and admitted pro hac vice to practice before this Court. I am a partner at the law firm of Holland & Knight LLP and am counsel for Tiger Natural Gas, Inc. ("Tiger"). I make this declaration in support of Tiger's Reply in Support of Motion for Relief from Injunction. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2. On May 28, 2015, United Energy Trading ("United Energy") filed a lawsuit against Debtor PG&E in the United States District Court for the Northern District of California in connection with PG&E's fraudulent and deceptive behavior in acting as its billing and collection agent in the case styled *United Energy Trading LLC v. Pacific Gas & Electric Co.*, 15-cv-2383-RS. There are three other similar cases:

    - *North Star Gas Company v. Pacific Gas & Electric Co.*, 15-cv-2575-HSG;
    - *Vista Energy Marketing, LLP v. Pacific Gas & Electric Co.*, 16-cv-4019-HSG; and
    - *Tiger Natural Gas, Inc. v. Pacific Gas and Electric Company, et al.*, 4:16-CV-06711 (JSW).

3. PG&E filed Rule 12 motions to dismiss the Sherman Act claim in each of the other Related Cases, with district court ultimately denying each of them. True and correct copies of these Orders are attached as **Exhibits A-D.**

4. On May 11, 2017, the parties agreed to joint discovery in the Related Cases in order to promote efficiency and continuity among the parties. A true and correct copy of this stipulation is attached as **Exhibit E**.

5. The overlap of discovery has created any number of nuanced discovery issues, including issues related to depositions, documents, and PG&E's data.

6. Magistrate Judge Sallie Kim presided over discovery disputes in each of the Related Cases. Both Judge Seeborg (who presided over the *United Energy* action) and Judge White have rendered substantive decisions.

7. Judge White ruled that there may be a need for more discovery for Tiger's Sherman Act depending on the parties' dispositive motions. A true and correct copy of this Order is attached as **Exhibit F**.

8. On May 19, 2017, United Energy voluntarily dismissed its Sherman Act claim rather than engage in more expensive motions practice to remedy PG&E's refusal to produce documents critical to market analysis.

9. On January 22, 2018, Judge Seeborg issued a ruling denying PG&E's motion for summary judgment, including the motion to dismiss the Sherman Act claim. A true and correct copy of this Order is attached as **Exhibit G**.

10. The Vista Energy case settled approximately one month after Judge Seeborg denied PG&E's motion for summary judgment in the United Energy case.

11. On October 16, 2018, Judge Seeborg denied PG&E's *Daubert* motion in the *United Energy Trading LLC* action. A true and correct copy of this Order is attached as **Exhibit H**.

12. In January 2019, PG&E and United Energy agreed on certain provisions of settlement which the parties later presented as an allowed claim in this proceeding.

13. In 2019 Tiger sought relief from the bankruptcy stay but took the motion off-calendar to mediate with PG&E, which mediation occurred in 2020.

14. Tiger has followed the resolution process set forth in the Plan, including attending another mediation with a Court-appointed mediator.

15. Prior to filing the instant motion for relief from the injunction, I emailed Laurie Edelstein and Peter Benvenutti to confer on the motion but received no response.

16. On November 19, 2021, Tiger agreed to PG&E's request for an additional two weeks to respond to this motion. PG&E did not mention an objection.

17. On December 3, 2021, I received an email from David Taylor (PG&E's counsel) first offering to stipulate to the motion if the Court could first determine the Sherman Act claim. He later mentioned a "forthcoming objection." Despite affirmatively asking for the basis of this

objection and some details about PG&E's anticipated process of severing the Sherman Act claim, PG&E has not supplied any information beyond what might be found in its opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: December 14, 2021

**HOLLAND & KNIGHT LLP**

By: /s/ *Leah E. Capritta*
Leah E. Capritta

*Attorneys for Tiger Natural Gas, Inc.*