# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGER NATURAL GAS, INC., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al., <br><br>　　　　Defendants. | Case No.  16-cv-06711-JSW <br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER, WITHOUT PREJUDICE** <br><br>Re: Dkt. No. 88 |

Now before the Court for consideration is the motion for relief from Magistrate Judge Kim's Order regarding the designation of Harold Pestana and production of documents from Pacific Gas and Electric Company's core gas supply ("CGS") department, filed by Plaintiff Tiger Natural Gas, Inc. ("Tiger"). The Court has considered the parties' briefs, relevant legal authority, the record in this case, and it has had the benefit of oral argument.

## BACKGROUND

On July 31, 2018, following a discovery dispute, Magistrate Judge Kim issued an Order in which she denied Plaintiff's motion to compel Defendants to produce documents relating to the CGS department. (*See* Order on Discovery Dispute Regarding Request for Production of Documents at 2:11-3:14.) Plaintiff did not seek review of that Order and "set about structuring its case and expert witness disclosures under the assumption that no witnesses or documents would be forthcoming." (Mot. for Relief at 2:26-28.) On September 5, 2018, Defendants served supplemental initial disclosures, in which they identified Harold Pestana, an employee in the CGS department as a potential witness, with the qualification that they did not believe the information was relevant. The parties then filed a joint discovery letter regarding Plaintiff's renewed demand for documents.

On September 21, 2018, Judge Kim issued an order resolving the dispute. Judge Kim ruled that "[i]t appears that Defendants have designated Pestana not because Defendants believe that Pestana has relevant information – but because Defendants fear that Plaintiff will be able to argue a new theory at a later time and that Pestana might be necessary to rebut a new theory. Given Defendants' position, the disclosure of Pestana is unnecessary under Rule 26(a)(1)." (Order Regarding Discovery Dispute re Designation of Harold Pestana at 2:3-7.) Judge Kim denied Plaintiff's request to strike Mr. Pestana from the supplemental initial disclosures and denied its renewed request to compel the production of certain documents. (*Id.* at 2:8-16.)

Plaintiff now seeks review of Judge Kim's September 21 Order. Where, as here, a party objects to a non-dispositive order issued by a magistrate judge, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is contrary to law if the magistrate judge fails to apply or misapplies relevant case law, statutes or rules of procedure. *See, e.g., United States v. Cathcart*, 2009 WL 1764642, at * 2 (N.D. Cal. June 18, 2009).

At the hearing on this motion, Defendants reiterated that they designated Mr. Pestana solely because they were unsure of Plaintiff's theory of the case, and they note that they removed Mr. Pestana from the supplemental disclosures after Judge Kim issued the ruling at issue on this motion. Plaintiff cited no authority to Judge Kim or to this Court supporting the request that Mr. Pestana be struck from the supplemental initial disclosures. The Court finds Judge Kim's ruling on that point was not clearly erroneous or contrary to law. The Court also does not read Judge Kim's order to permit Defendants to withhold fact discovery and then later use it as a defense.

With respect to the relevance of documents from the CGS department, at oral argument, Defendants also reiterated that they do not intend to introduce evidence regarding CGS as part of their case. The Court has considered Plaintiff's arguments regarding the potential relevance of documents and testimony relating to the CGS department to its case and has considered these

1   arguments in connection with the citations to the paragraphs of the Complaint. Plaintiffs allege
2   that "transportation and storage fees become stranded costs[.]" (*See, e.g.,* Compl. ¶¶ 58, 70.)
3   However, they also allege the stranded costs are a result of the three billing schemes alleged in the
4   Complaint. (*Id.*) Similarly, paragraphs 85 and 86 discuss how the billing schemes have adversely
5   affected competition. The Court concludes that Judge Kim did not clearly err in ruling that
6   Plaintiff had failed to articulate a theory under which discovery regarding CGS would be relevant
7   to its claims.

8   Accordingly, the Court DENIES Plaintiff's motion for review of Judge Kim's Order
9   regarding the designation of Mr. Pestana. This ruling is without prejudice to the Court's revisiting
10  this issue as the case progresses, including, if necessary re-opening fact discovery or via motions
11  *in limine*.

12  **IT IS SO ORDERED.**

13  Dated: November 30, 2018

          _____
          JEFFREY S. WHITE
          United States District Judge