KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

Jennifer L. Dodge (#195321)
LAW OFFICES OF JENNIFER L. DODGE INC.
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPLY TO CLAIMANT'S RESPONSE TO ONE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIM NOS. 76018 AND 78381 (GREENBERG CLAIMS)**<br><br>[Related to Dkt. Nos. 11420, 11677, 11678]<br><br>Hearing: December 21, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Reply to Todd Greenberg's ("**Greenberg**" or "**Claimant**") Response to Reorganized Debtors' One Hundred Tenth Omnibus Objection to Proof of Claim numbers 76018 and 78371 (the "**Claims**") filed by Greenberg, pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**").

## I. Greenberg's Response Fails to Set Forth Any Admissible Evidence to Support His Claim.

### A. The Sidewalk and Driveway Repair Is Unrelated to the PG&E Work at the Property.

Greenberg claims that PG&E has not restored the area where its contractors conducted trenching. Response at 2. Greenberg then claims that the "sidewalk" was only restored when the Town of Fairfax ordered the work done and Greenberg had to pay $2,000 to the Town of Fairfax. These two items are not even related. The sidewalk in front of Greenberg's property is the responsibility of the homeowner. The driveway area from the street was improperly sloped and had to be fixed, a repair that had nothing to do with any work undertaken by PG&E or its contractors at the property. Indeed, the Town of Fairfax was well-aware of the work being done by PG&E but never sought any reimbursement from PG&E for sidewalk or driveway repair.

### B. Greenberg Has Not Described the Alleged Damages to the Deck or Provided Any Evidence to Demonstrate Any Damages to the Deck.

Greenberg vaguely alleges that he still has some concern about "tangential damages" that occurred to the deck but fails to describe any such "damages" or provide any evidence to substantiate this allegation. Response at 2. Greenberg's damage claim regarding the deck fails.

## II. Greenberg Has Never Amended His Proofs of Claim and Any New Purported Claim of "Private Nuisance" Should Be Disallowed.

For first time in his Response Greenberg claims that the work completed by PG&E at his property amounts to a private nuisance. Response at 3. No nuisance claim was ever set forth in

Greenberg's Proofs of Claim 76018 or 783721. Instead, the claims are described as property damage and lost rent (76018) and loss of property value if the trees were to die (78371). Greenberg has never sought to amend his claims and cannot do so through a responsive brief.[1]

Even if Greenberg had amended his claim(s) to allege private nuisance, there is simply no evidence or basis upon which to make such a claim. The series of events that unfolded here involved PG&E's good faith efforts to emplace a new gas service for Greenberg's property, while Greenberg continually thwarted its efforts to do so. It is indeed ironic that Greenberg continually attempts to shift the blame for delay onto PG&E when he has only himself to blame for delay.

**III.    Greenberg Has Failed to Prove Any Damage to the Redwood Trees on His Property, and, Even If He Had, Such Damages Would Not be Doubled or Trebled.**

Greenberg has failed to set forth any evidence to demonstrate that the redwood trees on his property have been damaged. Despite this, Greenberg argues that the measure of damages for injury to trees is to be doubled or trebled under California Civil Code Section 3346 and Code of Civil Procedure Section 733, citing *Salazar v. Matejcek* (2016), 245 Cal. App. 4th 634, 645, n.3. Response at 3. This is not what note 3 in *Salazar* provides. Instead, the *Salazar* court in note 3 described three measures of damage applicable to various types of trespass: (1) for "willful and malicious" trespass the court may impose treble damages but must impose double damages; (2) for "casual and involuntary" trespass, etc., the court must impose double damages; and (3) for trespass under authority actual damages, citing *Drewry v. Welch* (1965) 236 Cal.App.2d 159, 181, fn. and italics omitted.

PG&E and its contractors did not "trespass" on Greenberg's property. They had authority to enter the property in order to install the new gas service on the property. Even if Greenberg could prove damage to the trees (which he has not), such damages would not be subject to doubling or trebling.

---

[1] The Reorganized Debtors reserve their rights, arguments, and defenses with respect to the ability of Greenberg to amend his Proofs of Claim at this late juncture.

**IV.    Greenberg's Declaration is Replete with Hearsay and Should be Disregarded by This Court Pursuant to Federal Rule of Evidence 802.**

In support of his Response, Greenberg submits his own 12-page Declaration that details his recollection of events and how they unfolded. Greenberg's Declaration is replete with hearsay and unsubstantiated allegations and should be disregarded by this Court, pursuant to Federal Rule of Evidence 802.

**V.    Conclusion**

Greenberg's Response proffers only his self-serving assertions to support his claims that PG&E damaged his property and fails to advance any admissible evidence to prove his case. On the other hand, the documents and declarations set forth by PG&E conclusively demonstrate that Greenberg's claims for purported property damage and speculative property value diminution fail. For these reasons, the Reorganized Debtors request that this Court sustain their Objection to these claims.

December 14, 2021

KELLER BENVENUTTI KIM LLP
LAW OFFICES OF JENNIFER L. DODGE INC.

By: /s/ *Jennifer L. Dodge*
       Jennifer L. Dodge

Attorney for Defendant Pacific Gas and Electric Company