Signed and Filed: December 14, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

<u>ORDER DENYING MOTION FOR RECONSIDERATION
BY WILLIAM F. WEIDMAN, III</u>

On September 30, 2019, Mr. William F. Weidman, III ("Claimant") filed proof of claim # 10281 (the "Claim") in the amount of $50,000,000.

On August 19, 2021, the Reorganized Debtors ("Debtors") filed their *One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* ("Objection") (Dkt. 11120), alleging in

part that the events underlying Mr. Weidman's Claim were time-barred by California's two-year statute of limitations on personal injury claims.

On September 10, 2021, Claimant timely filed an *Opposition to Notice of the Reorganized Debtors' One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* (Dkt. 11239).

The Court held a hearing on the matter on September 29, 2021. On October 6, 2021, the Court entered an *Order Disallowing Proof of Claim # 10281 Filed by William F. Weidman, III* ("Order") (Dkt. 11381). Between October 19, 2021 and November 16, 2021, the Court granted multiple extensions of time to the Claimant to file a motion for reconsideration of the Order (Dkts. 11446, 11513, 11584).

On November 17, 2021, the Claimant filed a *Petition for Reconsideration* ("Motion") (Dkt. 11596). On November 19, 2021, the Court entered an *Order Regarding Motion for Reconsideration* (Dkt. 11602), directing Debtors to respond to the Motion. On December 10, 2021, Debtors filed an *Opposition to Motion for Reconsideration of William F. Weidman III* (Dkt. 11688). For the reasons discussed below, the Court DENIES the Motion. The Claim shall remain disallowed in its entirety.

"A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). In the Ninth Circuit, a motion for reconsideration of an allowed or disallowed claim shall be considered pursuant to Fed. R. Civ. Pr. 59 if the motion is filed within the applicable appeal period, and pursuant to Fed. R. Civ. Pr. 60 if the motion

-2-

Case: 19-30088    Doc# 11706    Filed: 12/14/21    Entered: 12/15/21 14:32:10    Page 2 of 5

is filed after the applicable appeal period but within a reasonable amount of time. *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). Claimant's first request for an extension of time fell within the fourteen-day appeal period of entry of the Order. Neither the requests for extension of time, nor the Motion itself, clarifies whether the Motion seeks reconsideration under Rule 59 or Rule 60. Because the Motion itself falls outside of the applicable appeal period, the Court reviews Claimant's Motion under Rule 60.

Under Rule 60(b), a court may reconsider or reverse its own prior judgment in several specific circumstances, which are

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Claimant's Motion does not set forth any of the above-stated circumstances, though Claimant may feel that his arguments present "any other reason that justifies relief." Claimant reiterates his legal argument that the California statute of limitations does not apply to his claim, or in the alternative, because Debtors were aware of his worker's compensation lawsuit against other parties while

-3-

California's statute of limitations ran, his claim against Debtors does not fall outside that time limitation.

The Court's view on the law regarding the applicability of California's statute of limitations has not changed. As the prior Order made clear, the Supreme Court has clarified that the reference point for causes of action due to nuclear energy related injuries caused by incidents other than "extraordinary nuclear occurrences" is state law. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 (1984). Because Claimant's injuries stem from his employment, his injuries were not caused by an "extraordinary nuclear occurrence" and California's two-year statute of limitations on personal injury claims applies.

While Claimant may have contacted Debtors as part of discovery in his lawsuit against other entities, no evidence has been presented that Claimant filed a lawsuit against Debtors within the applicable statute of limitations. It is not enough that Debtors may have known about a worker's compensation lawsuit against other parties, such notice did not toll the statute of limitations, nor did it bring the basis of the Claim within the bounds of the statute of limitations.[1]

Accordingly, the Court DENIES the Motion. The Claim shall remain disallowed in its entirety.

**END OF ORDER**

---

[1] The Court notes that an analysis of Claimant's arguments pursuant to Rule 59(a) yields the same conclusion: Claimant's legal and factual arguments have been settled by the prior Order, and no grounds have been raised for reconsideration.

COURT SERVICE LIST

William F. Weidman, III
108 Connolly Road, No. 136
P.O. Box 136
Benson, Maryland 21018