KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>    - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                         Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS – CLAIM OF WILLIE & ORA GREEN (CLAIM NO. 80673)**<br><br>**[Related to Docket No. 10537]**<br><br>Date: December 21, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Tele/Videoconference Appearances Only<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the December 21, 2021, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of Willie & Ora Green (Claim No. 80673) (the "**Green Claim**") through the *Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 10537] (the "**Omnibus Objection**")[1].

## II. PREVIOUS STATUS CONFERENCES

In the Omnibus Objection, the Reorganized Debtors submitted that they are not liable on the Green Claim because (i) the Greens have not satisfied their burden of proving that the alleged damage to their driveway and garage floor was caused by the construction work of PG&E or its contractor, (ii) the Greens have not proven the amount of their alleged damages, and (iii) the construction work in question was performed not by PG&E, but a third party contractor.

On October 19, 2021, the Court held a status conference on the Omnibus Objection, with Mr. and Ms. Green and counsel for the Reorganized Debtors present.[2] During this status conference, the Court and the parties discussed the alleged investigative report by R Sinclair Group (the "**Alleged Report**") that the Greens had submitted in their responses to the Omnibus Objection.

After the October 19 status conference, the Court issued the *Order After Hearing* on October 21, 2021 [Docket No. 11461] (the "**Order**"). In the Order, the Court directed the Greens to obtain a signed declaration from Matthew T. Kisak, P.E., and or a representative of R Sinclair Group, LLC, which, under penalty of perjury, authenticates and supplements (as directed in the Order) the Alleged Report, including by stating that, in his opinion, "the cracks and other damage inside the Green's garage was caused by [PG&E's] work."

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Seventy-Sixth Omnibus Objection.

[2] Prior to the October 19 Status Conference, the Reorganized Debtors filed a Reply brief (the "**Reply**") and supporting declarations on October 12, 2021 [Docket Nos. 11408, 11409, and 11410], which are incorporated by reference herein.

On November 9, 2021, the Court held a continued status conference on the Omnibus Objection, with Mr. and Ms. Green and counsel for the Reorganized Debtors present. Immediately prior to the November 9, 2021 status conference, the Greens filed two additional responses at Docket Nos. 11555 and 11588 (the "**November 9 Response**")[3]. Because neither the Court nor counsel for the Reorganized Debtors had the opportunity to review these documents before the November 9 status conference, the hearing was continued to November 23.

The November 9 Response did include a short letter from Mr. Kisak, but it did not identify his current employer or include his contact information. Counsel for the Reorganized Debtors requested this information about Mr. Kisak from the Greens on November 12, 2021, but did not receive this information until November 20. The parties then agreed to continue the hearing to December 7, 2021, to allow the Reorganized Debtors time to speak with Mr. Kisak informally. As discussed below, the hearing was continued further to December 21 by agreement of the parties.

### III. MATTERS TO BE DISCUSSED AT THE DECEMBER 21, 2021 HEARING

The Reorganized Debtors recognize that, given the nature of the Green Claim, any additional discovery should be tailored and limited. After speaking with Mr. Kisak informally, the Reorganized Debtors learned that Mr. Kisak is not currently working as an engineer. Furthermore, while Mr. Kisak did visit the Ward property, he did not author the Alleged Report, but it was instead prepared by others at R Sinclair Group based on his impressions. Mr. Kisak also reported that R Sinclair Group was no longer in business. The Reorganized Debtors concluded that an onsite visual inspection by their own expert would help clarify the issues of causation and damages and is necessary for resolution of the Green Claim. The Reorganized Debtors have arranged to retain an expert from a reputable consulting firm, Mark D. Fuhriman, PE, GE, at Kleinfelder, Inc., to conduct his own investigation of the Greens' property and make an independent assessment as to causation and damages.

In order for the Reorganized Debtors to arrange with the Greens a mutually acceptable time to conduct their own examination of the Greens' property, the Reorganized Debtors and the Greens agreed to continue the hearing to December 21, 2021. The Reorganized Debtors expected that this

---

[3] Docket No. 11588 appears to contain all of the pages submitted in Docket No. 11585.

1 would have allowed sufficient time for an examination and preparation of an expert report, and to
2 share the contents of that report with the Greens.

3     Since December 1, counsel for the Reorganized Debtors has made several efforts to arrange
4 for an informal on-site inspection with the Greens, but the Greens have not yet agreed to such an
5 inspection. They have shared with counsel for the Reorganized Debtors that they are concerned about
6 COVID-19, but the Reorganized Debtors believe that any such risks are minimal and can be mitigated.
7 The inspection would take place exclusively on the Greens' driveway outside and inside the garage
8 with their garage door open. It can be done while maintaining responsible COVID protocols by all
9 individuals visiting the Greens' property as part of the investigation. The Reorganized Debtors expect
10 that two representatives from Kleinfelder, Inc. and one representative from the Reorganized Debtors
11 would be present. Although they would be welcome to be present during the inspection, the Greens
12 also may stay inside the house while the inspection is in progress.

13     The inspection will also not be invasive. PG&E's expert will not have any equipment brought
14 onto the Greens' property. The inspection will be a visual inspection of the driveway and the cracks
15 inside their garage.

16     It has been the Reorganized Debtors' hope that, with the benefit of the inspection and resulting
17 report, this matter may still be able to be resolved consensually and without the need for further
18 litigation. A site inspection constitutes necessary discovery, to which the Reorganized Debtors would
19 be entitled, were the claim to be fully litigated, but it will also provide the parties with additional
20 information about the Green Claim that may facilitate a settlement. As such, the Reorganized Debtors
21 believe that the Court's guidance concerning the requested visual site inspection will assist the parties
22 to move closer to resolution of this matter.

23     The Reorganized Debtors look forward to discussing these issues with the Court at the
24 December 21, 2021 hearing.

25

26     / / /

27

28     / / /

Dated: December 16, 2021

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for Debtors and Reorganized Debtors*