Entered on Docket
December 20, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,<br><br>          Debtors,<br>------------------------------<br>CANYON CAPITAL ADVISORS LLC,<br><br>          Appellant,<br><br> v.<br><br>PG&E CORPORATION; et al.,<br><br>          Appellees. | No. 21-15025<br><br>D.C. No. 4:20-cv-04949-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

Before: LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Appellant Canyon Capital Advisors LLC ("Canyon") appeals the district court's dismissal of its appeal of a bankruptcy court order confirming Appellees' ("the Debtors") Chapter 11 reorganization plan ("the Plan"). The parties' underlying dispute centers on the amount of post-petition interest Canyon is owed under the Plan on its unsecured, unimpaired claims. The district court dismissed Canyon's appeal on three independent grounds, concluding that: (1) Canyon's notice of appeal was untimely under applicable Federal Rules of Bankruptcy Procedure; (2) Canyon forfeited its right to appeal by failing to provide formal notice of its objection to the Plan's post-petition interest provisions; and (3) release and injunction clauses in the confirmed Plan barred Canyon's appeal. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm on the first ground and decline to reach the other two.

Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). A party that does not file within this initial fourteen-day period may look to Rule 8002(a)(3), which states that when one party has filed a timely notice of appeal from a bankruptcy court order, "any other party may file a notice of appeal within

---

***     The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

14 days after the date when the first notice was filed." Fed. R. Bankr. P. 8002(a)(3).

In this case, the bankruptcy court's order approving the Debtors' plan ("Confirmation Order") issued June 20, 2020. The first notice of appeal of the Confirmation Order was filed by the Public Employees Retirement Association of New Mexico ("PERA") on July 2. However, Canyon did not file its notice of appeal until July 17, 2020, nearly a month after the Confirmation Order was entered and fifteen days after PERA noticed the first appeal of the Confirmation Order. As a result, the district court concluded that Canyon's appeal was untimely under Rules 8002(a)(1) and 8002(a)(3).

Canyon argues that its fourteen-day appeal period under Rule 8002(a)(3) actually began on July 3, 2020, when the Ad Hoc Committee of Holders of Trade Claims ("Trade Committee") filed its notice of appeal. Canyon claims that both it and the Trade Committee sought appeal not of the Confirmation Order, but of an earlier interlocutory order regarding the rate of post-petition interest the Plan was required to pay on unsecured, unimpaired claims ("PPI Order"). Because the Trade Committee noticed the first appeal of the PPI Order on July 3, and Canyon filed its appeal of that order on July 17, Canyon argues it satisfied the fourteen-day deadline under Rule 8002(a)(3).

This argument fails. As an initial matter, Canyon's characterization is at odds with how the parties themselves framed their appeals. Both Canyon and the Trade Committee stated in their notices that they were appealing from the bankruptcy court's Confirmation Order. A footnote in Canyon's notice even referred to the Trade Committee's appeal as "an appeal of the Confirmation Order." By contrast, the notices did not expressly seek appeal of the PPI Order, but instead stated that order was "incorporate[d] by reference" in the Confirmation Order. More generally, Canyon's argument ignores that only the Confirmation Order fixed the rights and obligations of the parties, including the amount of post-petition interest Canyon was to be paid on the claims at issue in this case, by expressly incorporating the PPI Order and approving the Plan. Because PERA, the Trade Committee, and Canyon all sought to appeal the Confirmation Order, the district court properly concluded that Canyon's fourteen-day window under Rule 8002(a)(3) to file its notice of appeal began on July 2. Canyon did not file its notice until fifteen days later, and therefore its appeal was untimely.

The district court held it lacked jurisdiction as a result of Canyon's untimely appeal. See, e.g., In re Ozenne, 841 F.3d 810, 814 (9th Cir. 2016). We have "leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quotation omitted). We need not address in this case whether Rule 8002 is

4

jurisdictional, because PG&E properly invoked the rule in its motion to dismiss. "If properly invoked, mandatory claim-processing rules must be enforced." <u>Hamer v. Neighborhood Hous. Servs. of Chicago</u>, 138 S. Ct. 13, 17 (2017). Therefore, the district court did not err in dismissing Canyon's appeal for failure to file a timely notice of appeal under Rule 8002.

Because the district court did not err in dismissing Canyon's untimely appeal, we decline to consider whether Canyon forfeited its objections to the Plan or was barred by the Plan's terms from pursuing this appeal.

**AFFIRMED.**