**SERVICE OF RESPONSE**
**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**BANKRUPTCY CASE No. 19-300088**
**CHAPTER 11**

PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY, Debtors
*Affects both Debtors
REGARDING NOTICE OF THE REORGANIZED DEBTORS FOR THIRD
OMNIBUS CLAIMS
    VS
WILLIE AND ORA GREEN, Creditors
Claim No. 19-30088
2845 Magnolia Street
Oakland CA 94608
510 893-4251
orgr53@gmail.com

We respectfully petition the Court for motion to request PG&E to settle claim presented for property damages to owners, at a fair and reasonable amount, not to allow claim to continue indefinitely without settlement.

Continued Response:
December 21, 2021 at 10:00 a.m.
via Tele/Video conferencing appearance only

Docket #11710
Judge: Honorable Dennis Montali

Willie and Ora Green

*[Signed]* Willie Green 12/20/21    *[Signed]* Ora Green 12/20/21

1

## QUESTION PRESENTED

**1.** PG&E SEEKS TO DISALLOW OR OBJECT TO CLAIMS PRESENTED BY PROPERTY OWNERS/ CREDITOR FOR DAMAGE OF PROPERTY TO AVOID FAIR COMPENSATION FOR DAMAGE.

**2.** PG&E SEEKS TO DISCREDIT VALIDITY OF REPORT BY MATTHEW KISAK OPINION ON HOW AND WHY DAMAGE OCCURRED TO PROPERTY BASED ON INDUSTRY STANDARDS.

## WE OPPOSE

**1.** PG&E DISALLOWANCE AND OBJECTION TO AVOID RESPONSIBILITY FOR DAMAGE CAUSED BY PG&E WORKERS TO DRIVEWAY AND GARAGE FLOOR AND THE POSSIBILITY OF OTHER DAMAGE TO PROPERTY, WHILE OFFERING TO SETTLE IN IN AMOUNTS GROSSLY INADEQUATE TO COVER THE DAMAGES PG&E CAUSED. ($500.00) THIS WOULD CAUSE HARDSHIP AND STRESS IF OWNERS ARE FORCED TO AGAIN PAY FOR THE DRIVEWAY REPLACEMENT DUE TO THE DAMAGE CAUSED BY PG&E WORKERS. THIS DAMAGE LOWERS AND AFFECTS OUR PROPERTY VALUE

## WE OPPOSE

**1.** PG&E REFUSAL TO COMPENSATE OWNERS IN A FAIR AND REASONABLE AMOUNT ON CLAIM TO SETTLE FOR PROPERTY DAMAGES EVEN WHEN OWNER REPORTED DAMAGES TO PG&E.

**2.** PG&E CLAIMS THE WORKERS WHO CAUSED THE DAMAGE WERE NOT SENT TO CUSTOMERS PROPERTY TO REPLACE GAS LINE BY PG&E. THIS IS CONTRARY TO LETTERS SENT TO CUSTOMERS INFORMING THEM OF THE REPLACEMENT PROGRAM. THEY IDENTIFIED THEMSELVES AS PG&E WORKERS TO OWNERS. (WERE THEY DAY WORKERS?)

**3.** PG&E SENT REPRESENTIVE TO INSPECT THE DAMAGE IN 2017. REQUEST FOR A 2ND INSPECTION OF DAMAGE IS UNWARRANTED, PG&E HAD AMPLE TIME TO REQUEST THE REINSPECTION YEARS BEFORE THIS COURT PROCEEDING TO VERIFY THE DAMAGE WHEN IT FIRST OCCURRED DUE TO THE NEGLIGENCE OF THEIR WORKERS AND QUESTION OR PROTEST THE REPORT THAT WAS PRESENTED BY MATTHEW KISAK. THERE WAS NO INTENTION TO SETTLE THE CLAIM.

**4.** PG&E WAS MADE AWARE IN 2016- 2017 OF DAMAGE TO PROPERTY AND THE FACTUAL VISUAL EVIDENCE WAS PRESENTED ALONG WITH ESTIMATES ON COST TO MAKE WHOLE THE DAMAGE.

We declare under penalty of law that the knowledge and facts of this case evidence supporting of all events are given to support the response are truthful and to best of our knowledge as being present when they occurred

## III. RESPONSE TO MATTERS TO BE DISCUSSED AT DECEMBER 21, 2021 HEARING

Willie and Ora Green have complied with all PG&E requests as Court has requested. We feel at this time we have met the burden of proof and PG&E failure to follow their own polices and procedures is the cause of the damage to the Greens property.

As requested by the Court we have provided all documents and exhibits to prove our case, we feel since 2017 PG&E has showed no interest in settling this claim other then prolonging this case.

We have provided pictures of damages PG&E Also pictures of the heavy equipment that was used to damage property, documents including their own policy procedure, estimates and a report in 2019, PG&E ignored the claim.

We have complied with the court providing PG&E the information they needed to contact Mathew Kisak for questioning. After questioning, Matthew Kisak PG&E wasn't satisfied with Matthew Kisak because although he has the educational and employment experience /background that qualifies Matthew Kisak to give his knowled   and opinion on the damage. PG&E was not satisfied because he is not workin╷   the field as a engineer at this time. In 2019 when he viewed the damage and created the report on what he visually inspected at that time in 2019 he was working in that field. PG&E now alleges Matthew Kisak did not write the orignal report, on October 21,2021 a signed statement was presented to the Court stating he wrote the orignal report.

The report was not questioned in court, a signature was required to substantiate the validity of the author of the report of the damage. PG&E also contacted and questioned Ergeon who on October 29, 2021 provided a estimation of the cost to replace the driveway and garage floor and whose opinion was similar with Matthew Kisak's assessment of the driveway and garage floor damage needing replacement.

PG&E, after 4 years of filing this claim PG&E is now asking the court to have the Green family allow a company and others come to our property to inspection driveway and garage in middle of court at a time when there is a surge of the new Covid spreading throughout the Bay Area.

The Supreme court has taken the precautions to protect its users with the use of teleconferencing the hearings that are held because of the Covid pandemic restrictions.

We informed Thomas Rupp that we both suffer with medical conditions that affect our immune system, and with the recent rapid surge and spread of the new Covid variant Omicron this is major concern, our health is a priority at this time. Mr. Rupp was also informed I had spoken to my health professional and she is not in agreement with PG&Es goal. We do not feel it is warranted to allow people whose Covid status is unknown. We have not allowed unrelated people who we have no connection with be

### III. RESPONSE TO MATTERS TO BE DISCUSSED AT DECEMBER 21, 2021 HEARING

on our properly. Our families members, are restricted also due to our illness and the pandemic.

We feel that PG&E request to come on our property is unwarranted. PG&E was made aware and presented with evidence of of the damage in 2017. We are therefore requesting that the Court disallow their request since PG&E cannot guarantee that we would not be exposed to Covid and experience adverse effects. PG&E has no interest in protecting our health just like they had no interest in protecting our property from damage or acknowledging damage once it was reported or fairly compensating for damage to our property unless ordered by this Court to do so.

PG&E goal is to disallow object and delay this claim for the claimed property damage to avoid fair compensation for damage caused by their workers negligence of cutting a 3x5 hole in the driveway, running heavy equipment on the driveway causing cracking of the driveway and garage floor.

Willie and Ora Green
Case: 19-30088   Docket# 11606

**EXHIBIT #A**
1. Email from PG&E regarding permission to allow a PG&E contractor to check our sewer lines by running camera into the lines because of possible sewer line damage caused by PG&E during gas line replacement.

2. Email from EBMUD (Water Company) responding to call regarding large water leak around the driveway. A EBMUD inspector was sent out to access the water leak. Inspector determined that leak was coming from under the 3X5 black top patch installed by PG&E.

**EXHIBIT #B**
1. Information from PG&E regarding policy and practices of PG&E during replacement of gas pipe line by phase. Most policies regarding worker requirement to notify homeowners of intentions were not followed. Willie and Ora Green

**EXHIBIT #C**
1. Court requested 2 page document from Matthew Kisak stating:
- Declaration
- Education
- Field of expertise
- Construction employment
- Inspection and analysis of site visit of damage
- Interview with homeowners
- Conclusion of cause and remedy for damage
- Comparison of damage

5