**DRRT**
JARED LAY, Fl. Bar No. 120351*
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Telephone:  (305) 760-8025
Facsimile:  (786) 235-5005
Email:  jlay@drrt.com

* Admitted *Pro Hac Vice*

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:  (415) 762-5277
Email:  brent@meyerllp.com

Attorneys for Creditors
DRRT CLAIMANTS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects Both Debtors<br><br>*\* All papers shall be filed in Lead Case 19-30088-DM* | BK Case No.: 19-30088-DM (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)**<br><br>Date:  January 18, 2022<br>Time:  10:00 a.m.<br>Location:  Telephonic / Videoconference<br>Judge:  Honorable Dennis Montali[1] |

---

[1] Paragraph 10 of General Order 38 (Seventh Amended) provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a

BK CASE NO. 19-30088-DM
- 1 -
AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 1 of 9

DRRT as the duly appointed claims filing representative for individual claimants Bayerninvest Kapitalverwaltungsgesell Schaft MBH, Credit Suisse Funds AG, Deka Investment GMBH, Giam Generali Insurance Asset Management, Helaba Invest Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Kaiser Permanente, Metzler Asset Management GMBH, Swiss Reinsurance Company Ltd., UBS Fund Management (Switzerland) AG, UBS Fund Management Luxembourg S.A., Meag Munich Ergo Kapitalanlagegesellschaft MBH, (collectively, the "DRRT Claimants") hereby moves (the "Motion") this Court for entry of an order vacating the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Dkt. No. 11216] issued on September 9, 2021 and the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Dkt. No. 11315] issued on September 24, 2021 as applied to those claims filed by the DRRT Claimants in the above-captioned matter.

The Motion is based upon the Notice of Motion, the supporting Memorandum of Points and Authorities set forth herein, the supporting Declaration of Jonathan Moussavou ("Moussavou Decl."), the supporting Request for Judicial Notice ("RJN") and all exhibits appended thereto, all other pleadings on file herein, and such other and further arguments and authority as may be presented at the hearing on the Motion.

I.   **RELEVANT PROCEDURAL BACKGROUND**

On January 25, 2021, this Court entered an *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Security Claims* (the "Securities Omnibus Objection Procedures"). See Dkt. No. 11017. However, Exhibit A-3 of the Securities Omnibus Objection

---

hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See *https://www.canb.uscourts.gov/sites/default/files/generalorders/Seventh AmendedGO38.pdf*.



BK CASE NO. 19-30088-DM

- 2 -

AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Procedures did not address or otherwise abrogate the minimum deadline (at least 30 days) for claimants to request a hearing pursuant to Federal Rule of Bankruptcy Procedure 3007(a)(1) and Bankruptcy Local Rule 3007-1(c).  Id.

On August 3, 2021, Debtor filed *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "11th Omnibus Objection"). See Dkt. No. 11014.

Pursuant to the *Notice of Hearing on Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, also filed on August 3, 2021, claimants were required to file opposition to the 11th Omnibus Objection by August 31, 2021 at 4:00 p.m. PST, and this notice advised that the Court would hold a hearing on September 14, 2021 at 10:00 a.m. PST only if "timely" opposition was filed. See Dkt. No. 11017.

On September 9, 2021, this Court entered an *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "Order re 11th Omnibus Objection").  See Dkt. No. 11216.  In relevant part for this Motion, the Order re 11th Omnibus Objection disallowed certain claims filed by the DRRT Claimants.  Id.

On August 18, 2021, Debtor filed *Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "13th Omnibus Objection"). See Dkt. No. 11085.

Pursuant to the *Notice of Hearing on Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, also filed on August 18, 2021, claimants were required to file opposition to the 13th Omnibus Objection by September 15, 2021 at 4:00 p.m. PST, and the notice advised that the Court would hold a hearing on September 29, 2021 at 10:00 a.m. PST only if "timely" opposition was filed. See Dkt. No. 11088.

On September 24, 2021, this Court entered an *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "Order re 13th Omnibus Objection").  See Dkt. No. 11315.  In relevant part for this Motion, the Order re 13th Omnibus Objection disallowed

BK CASE NO. 19-30088-DM
- 3 -
AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 3 of 9

certain claims filed by the DRRT Claimants. Id.

On August 28, 2021, Debtor filed *Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "14th Omnibus Objection"). See Dkt. No. 11339.

On October 27, 2021, the DRRT Claimants filed a *Motion for Leave to File Late and Opposition to Reorganized Debtors' Eleventh, Thirteenth, and Fourteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)* (the "DRRT Opposition"). See Dkt. No. 11498. The DRRT Opposition, in relevant part, joined the opposition and response filed by the PGIM FI Claimants (Dkt. No. 11168) and the opposition filed by the State of Oregon Claimants (Dkt. No. 11170). Id.

The DRRT Opposition also requested (for the first time) that this Court vacate those portions of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection that disallowed and expunged (by default) certain claims filed by the DRRT Claimants. Id.

In response to the DRRT Opposition, and acknowledging the faulty legal premises underpinning the 11th Omnibus Objection, 13th Omnibus Objection, and 14th Omnibus Objection, Debtor filed *Reorganized Debtors' Report on Responses to Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) and Request for Order by Default as to Unopposed Objections*, which in relevant part, accepted the opposition asserted by the DRRT Claimants and withdraw Debtor's objection to certain claims (Claims Nos. 98869, 99288, 99393, 99395, 99630, 99647, 99739, 99997, 100072, 100109, 100153, 100154, 100178, 100199, 100210, 100430, 100547, 100589, 100633, 100940, 101098, 101134, 101167, 101174, 101410) as previously requested in the 14th Omnibus Objection. See Dkt. No. 11516.

The DRRT Claimants hereby seek to vacate those portions of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection that disallowed and expunged (by default) certain claims filed by the DRRT Claimants in the Bankruptcy Case.

## II. LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding

- 4 -

BK CASE NO. 19-30088-DM

AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 4 of 9

for the following reasons … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Further, Federal Rule of Civil Procedure 60(b)(6) also provides the Court with authority to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

For purposes of Federal Rule of Civil Procedure 60(b)(1), the test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including the following four: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395; Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004).

As previously recognized by this Court, "[i]n Pincay an *en banc* panel of the Ninth Circuit rejected the concept that certain types of culpable conduct (such as an attorney relying on a paralegal to interpret and abide by a court rule instead of reading and complying with the rule himself) are 'per se' not excusable neglect. In so holding, the panel noted that the 'real question' is 'whether there [is] enough in the context of [the] case to bring a determination of excusable neglect within the [trial] court's discretion.'" In re Pac. Gas & Elec. Co., 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) *citing* (Pincay, 389 F.3d at 859)).

First, the danger of prejudice to Debtor appears neutral. Although Plaintiff is "entitled to finality" and to be able to rely on the fact that the DRRT Claimants did not file timely opposition to Objection (see In re Pac. Gas & Elec. Co., 331 B.R. at 918), Debtor has been unable to substantiate the merits of the asserted objections regarding the three-year statute of repose.

Given that the Court did not even hold a hearing to resolve the merits of the legal arguments asserted in the 11th Omnibus Objection or the 13th Omnibus Objection, but rather, granted a portion of those objections by default, there does not appear to be any prejudice, as Debtor has not taken any action (or incurred any additional fees) other than seeking entry of

orders by default. See Dkt. Nos. 11216, 11315.

Further, as set forth below, there are questions whether there is any prejudice to Debtor, because the *Notice of Hearing* does not appear to comply with the applicable 30 day notice requirements of the federal and local rules (see footnote 2), and because Debtor accepted the DRRT Opposition (in its entirety) with respect to the 14th Omnibus Objection, which set forth the *exact same* legal arguments that would have been raised in opposition to the 11th Omnibus Objection and the 13th Omnibus Objection (see Dkt. Nos. 11498, 11516).

As such, under these circumstances, it is highly questionable whether Debtor should be entitled to reap the benefits of a non-meritorious legal objection (by default) in the 11th Omnibus Objection and the 13th Omnibus Objection, but when timely opposition is asserted, Debtor simply withdraws the exact same objections to DRRT Claims in the 14th Omnibus Objection.

Second, the length of the delay, may weigh slightly in favor of the DRRT Claimants, as the original version of this Motion was filed less than two (2) months after entry of both orders. See Dkt. No. 11498. Further, as set forth in detail in the declaration of Jonathan Moussavou, the DRRT Claimants became aware of the 11th Omnibus Objection and the 13th Omnibus Objection *after* entry of the respective Order re 11th Omnibus Objection and Order re 13th Omnibus Objection, and thereafter, promptly filed this Motion to vacate entry of those orders as applied to claims asserted on behalf of the DRRT Claimants. See In re Pac. Gas & Elec. Co., 331 B.R. at 918; see also Moussavou Decl. ¶¶ 10-11.

Third, the reason for the delay, tips in favor of the DRRT Claimants, because as a result of several unforeseen circumstances, attorneys for the DRRT Claimants did not receive actual notice of the 11th Omnibus Objection and the 13th Omnibus Objection until *after* the Court granted the requested relief by default. See Moussavou Decl. ¶¶ 3-11.

Specifically, the primary business of DRRT is to represent clients in class action litigation, and on average, DRRT only represents clients in pending bankruptcy cases once every two years. See Moussavou Decl. ¶ 9. Further, DRRT did not make an appearance in the Bankruptcy Case, but rather, only filed proof of claims on behalf of certain clients, and therefore did not receive *Notice of Electronic Filing* (NEF) from the CM/ECF system for any pleadings

BK CASE NO. 19-30088-DM - 6 -

AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 6 of 9

filed in this matter. See Moussavou Decl. ¶ 10. Finally, as a result of the COVID-19 global pandemic, staffing levels for the Claims Department were significantly reduced, and DRRT did not open or process the 11th Omnibus Objection or the 13th Omnibus Objection, which were sent *via* regular first class mail from the United States Postal Service (USPS), until *after* the respective deadline to file opposition to the objections. See Moussavou Decl. ¶¶ 8, 10-11.

As such, the Law Firm department for DRRT did not have a meaningful opportunity to respond to the 11th Omnibus Objection or the 13th Omnibus Objection until *after* the deadline, and once the Law Firm had actual knowledge of these objections, DRRT undertook immediate action to seek the relief requested in this Motion. See Moussavou Decl. ¶ 11.

Fourth, good faith, this factor also weighs in favor of the DRRT Claimants, as: (1) the DRRT Claimants have meritorious opposition to the legal position asserted by Debtor in the 11th Omnibus Objection and the 13th Omnibus Objection regarding the three-year statute of repose (see Dkt. Nos. 11168, 11170, 11498); (2) Debtor has already accepted the legal position of the DRRT Claimants and withdrew all objections to claims filed by the DRRT Claimants asserted in the 14th Omnibus Objection (see Dkt. No. 11516), which ironically is the exact same opposition to the 11th Omnibus Objection and 13th Omnibus Objection; (3) there are serious questions whether the contents of the *Notice of Hearing* for the 11th Omnibus Objection and the 13th Omnibus Objection complied with Federal Rule of Bankruptcy Procedure 3007(a)(1) and Bankruptcy Local Rule 3007-1(c);[2] and (4) the DRRT Claimants simply request that these

---

[2] Federal Rule of Bankruptcy Procedure 3007(a)(1) provides that "[a]n objection to the allowance of a claim and a notice of objection … shall be filed and served *at least 30 days* before any scheduled hearing on the objection or any deadline for the claimant to request a hearing." Fed. R Bankr. Pro. 3007(a)(1) (emphasis added). Here, in the *Notice of Hearing* for the 11th Omnibus Objection (Dkt. No. 11014) and the 13th Omnibus Objection (Dkt. No. 11088), Debtor only provided the DRRT Claimants with 28 days to file timely opposition.

However, the asserted "hearing" for the 11th Omnibus Objection and the 13th Omnibus Objection were merely illusory, as the Court was not actually going to hold a hearing on these objections unless a party timely filed opposition (which was defined in the Notice of Hearing as only 28 days), and in fact, the Court did not hold an actual hearing on the 11th Omnibus Objection or the 13th Omnibus Objection as set forth in the corresponding *Notice of Hearing*. Rather, the Court entered the Order re 11th Omnibus Objection (on September 9, 2021) *prior to* the asserted "hearing" on September 14, 2021, and the Court entered the Order re 13th Omnibus Objection (on September 24, 2021) *prior to* the asserted "hearing" on September 29, 2021. See Dkt. Nos. 11216, 11315.

As such, since the asserted "hearing" was illusory, and the deadline for the DRRT Claimants to file opposition to the 11th Omnibus Objection and the 13th Omnibus Objection was only 28 days, it does not appear that Debtor provided sufficient and proper 30-day notice under Federal Rule of Bankruptcy Procedure 3007(a)(1) "for

BK CASE NO. 19-30088-DM
- 7 -
AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 7 of 9

objections are adjudicated consistent with applicable law (and not by default), as the underlying factual allegations are not in dispute and the objections require a simple legal determination regarding the applicability of the asserted three-year statute of repose.

Further, once the DRRT Claimants became aware of entry of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection, they promptly sought to vacate entry of these orders pursuant to Federal Rule of Civil Procedure 60 and have not otherwise acted in bad faith for purposes of delay.  See Moussavou Decl. ¶¶ 10-11.

Balancing these factors, the DRRT Claimants have established that its neglect is excusable under the standard set forth for Federal Rules of Civil Procedure 60(b)(1) and (b)(6), and this Court should exercise its discretion to grant this Motion and vacate those portions of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection that disallowed and expunged (by default) certain claims filed by the DRRT Claimants in the Bankruptcy Case. See In re Pac. Gas & Elec. Co., 331 B.R. at 919 ("[b]alancing these factors is not a mathematical test, and the court is not obligated to give equal weight to them.  Rather, it is to balance the factors together and to determine whether the neglect should be excused").

///
///
///
///
///
///
///
///
///

---

claimant to request a hearing."  This conclusion is also consistent with a fair reading of B.L.R. 3007-1(c), which requires at least 30-days notice for a claimant to request a hearing when utilizing the notice and opportunity for hearing procedure pursuant to B.L.R. 9014-1(b)(3)(A).  Here, the actual "hearing" set forth in the *Notice of Hearing* is more aptly construed as the tentative hearing date for purposes of B.L.R. 9014-1(b)(3)(B), which pursuant to B.L.R. 9014-1(b)(3)(A), required Debtor to provide claimants *at least 30 days* to request a hearing consistent with Federal Rule of Bankruptcy Procedure 3007(a)(1) and B.L.R. 3007-1(c).

BK CASE NO. 19-30088-DM
- 8 -
AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 8 of 9

## III. CONCLUSION

Based on the foregoing, the DRRT Claimants respectfully request that the Court enter an order granting the Motion in its entirety, vacating those portions of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection that disallowed and expunged (by default) certain claims filed by the DRRT Claimants in the Bankruptcy Case, and for such other and further relief that is just and appropriate under the circumstances.

Dated: December 21, 2021          **DRRT**

                                           By: /s/ JARED LAY
                                               Jared Lay, Esq.
                                               Attorneys for Creditors
                                               DRRT CLAIMANTS

Dated: December 21, 2021          **MEYER LAW GROUP LLP**

                                           By: /s/ BRENT D. MEYER
                                               Brent D. Meyer, Esq.
                                               Attorneys for Creditors
                                               DRRT CLAIMANTS

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 19-30088-DM

- 9 -

AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11734    Filed: 12/21/21    Entered: 12/21/21 20:16:41    Page 9 of 9