**DRRT**
JARED LAY, Fl. Bar No. 120351*
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Telephone: (305) 760-8025
Facsimile: (786) 235-5005
Email: jlay@drrt.com

* Admitted *Pro Hac Vice*

**MEYER LAW GROUP LLP**
 A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditors
DRRT CLAIMANTS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects Both Debtors<br><br>* All papers shall be filed in Lead Case 19-30088-DM | BK Case No.: 19-30088-DM (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)**<br><br>Date: January 18, 2022<br>Time: 10:00 a.m.<br>Location: Telephonic / Videoconference<br>Judge: Honorable Dennis Montali |

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

- 1 -

BK CASE NO. 19-30088-DM

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088 Doc# 11632 Filed: 12/03/21 Entered: 12/03/21 15:45:37 Page 1 of 269

Pursuant to Federal Rule of Evidence 201, DRRT as the duly appointed claims filing representative for individual claimants Bayerninvest Kapitalverwaltungsgesell Schaft MBH, Credit Suisse Funds AG, Deka Investment GMBH, Giam Generali Insurance Asset Management, Helaba Invest Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Kaiser Permanente, Metzler Asset Management GMBH, Swiss Reinsurance Company Ltd., UBS Fund Management (Switzerland) AG, UBS Fund Management Luxembourg S.A., Meag Munich Ergo Kapitalanlagegesellschaft MBH, (collectively, the "DRRT Claimants") hereby requests that the Court take judicial notice of the following in support of the *Amended Motion for Relief From Orders by Default Disallowing and Expunging Proofs of Claims Pursuant to Reorganized Debtors' Eleventh and Thirteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)* (the "Motion") filed concurrently herewith in the above-captioned matter:

(1)     The docket and all pleadings in the case entitled *In re PG&E Corporation*, BK Case No. 19-30088-DM, filed in the United States Bankruptcy Court for the Northern District of California on or about January 29, 2019, including but not limited to, the following:

(a)     *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Security Claims* (the "Securities Omnibus Objection Procedures") [Dkt. No. 10015] entered by this Court on January 25, 2021, a true and correct copy of which is attached hereto as **Exhibit A**.

(b)     *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "11th Omnibus Objection") [Dkt. No. 11014] filed by Debtor on August 3, 2021, a true and correct copy of which is attached hereto as **Exhibit B**.

(c)     *Notice of Hearing on Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Dkt. No. 11017] filed by Debtor on August 3, 2021, a true and correct copy of which is attached hereto as **Exhibit C**.

(d)     *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the*

BK CASE NO. 19-30088-DM

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l

*Statute of Repose)* (the "Order re 11th Omnibus Objection" [Dkt. No. 11216] entered by the Court on September 9, 2021, a true and correct copy of which is attached hereto as **Exhibit D**.

        (e)    *Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "13th Omnibus Objection") [Dkt. No. 11085] filed by Debtor on August 18, 2021, a true and correct copy of which is attached hereto as **Exhibit E**.

        (f)    *Notice of Hearing on Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Dkt. No. 11088] filed by Debtor on August 18, 2021, a true and correct copy of which is attached hereto as **Exhibit F**.

        (g)    *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "Order re 13th Omnibus Objection" [Dkt. No. 11315] entered by this Court on September 24, 2021, a true and correct copy of which is attached hereto as **Exhibit G**.

        (h)    *Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* (the "14th Omnibus Objection") [Dkt. No. 11339] filed by Debtor on August 28, 2021, a true and correct copy of which is attached hereto as **Exhibit H**.

        (i)    *Motion for Leave to File Late and Opposition to Reorganized Debtors' Eleventh, Thirteenth, and Fourteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)* (the "DRRT Opposition") [Dkt. No. 11498] filed by the DRRT Claimants on October 27, 2021, a true and correct copy of which is attached hereto as **Exhibit I**.

        (j)    *Reorganized Debtors' Report on Responses to Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) and Request for Order by Default as to Unopposed Objections*, [Dkt. No. 11516] filed by Debtor on November 2, 2021, a true and correct copy of which is attached hereto as **Exhibit J**.

        The Court should take judicial notice of **Exhibits A-J** because they are relevant to the Motion, because the DRRT Claimants gave notice of this request to enable Debtor to prepare to meet the request, and because the DRRT Claimants furnished this Court with sufficient information to enable it to take judicial notice of each of the foregoing records.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Case: 19-30088 Doc# 11642 Filed: 11/21/21 Entered: 11/21/21 15:41:05 Page 4 of 269

Dated: December 21, 2021            **DRRT**

                                    By: /s/ JARED LAY

                                        Jared Lay, Esq.
                                        Attorneys for Creditors
                                        DRRT CLAIMANTS

Dated: December 21, 2021            **MEYER LAW GROUP LLP**

                                    By: /s/ BRENT D. MEYER

                                        Brent D. Meyer, Esq.
                                        Attorneys for Creditors
                                        DRRT CLAIMANTS

BK CASE NO. 19-30088-DM

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

# EXHIBIT A



1

2

3   WEIL, GOTSHAL & MANGES LLP
    Richard W. Slack (*pro hac vice*)

4   (richard.slack@weil.com)
    Theodore E. Tsekerides (pro hac vice)

5   (theodore.tsekerides@weil.com)
    Jessica Liou (*pro hac vice*)

6   (jessica.liou@weil.com)
    Matthew Goren (*pro hac vice*)
    (matthew.goren@weil.com)

7   767 Fifth Avenue
    New York, NY 10153-0119

8   Tel: 212 310 8000
    Fax: 212 310 8007

9   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)

10  (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)

11  (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)

12  (jkim@kbkllp.com)
    650 California Street, Suite 1900

13  San Francisco, CA 94108
    Tel: 415 496 6723

14  Fax: 415 636 9251

15  *Attorneys for Debtors and*
    *Reorganized Debtors*

**Signed and Filed: January 25, 2021**

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

16                  **UNITED STATES BANKRUPTCY COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**

17                            **SAN FRANCISCO**

18

19  **In re:**                          Case Nos. 19-30088 (DM) (Lead Case)
                                        (Jointly Administered)
20  **PG&E CORPORATION,**

21          - and -                     **ORDER APPROVING SECURITIES**
                                        **ADR AND RELATED PROCEDURES**
22  **PACIFIC GAS AND ELECTRIC**        **FOR RESOLVING SUBORDINATED**
    **COMPANY,**                        **SECURITIES CLAIMS**

23                        **Debtors.**

24  ☐ Affects PG&E Corporation

25  ☐ Affects Pacific Gas and Electric Company
    ☒ Affects both Debtors

26
    *\* All papers shall be filed in the Lead Case, No.*
27  *19-30088 (DM).*

28

Upon the motion, dated September 1, 2020 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order:

    (a)    approving the procedures, attached hereto as **Exhibit A-1** (the "**Securities Claim Information Procedures**"), requiring Subordinated Securities Claimants to submit to the Reorganized Debtors the trading data information with respect to the Subordinated Securities Claims necessary to allow the Reorganized Debtors to evaluate the individual Subordinated Securities Claims;

    (b)    approving the procedures, attached hereto as **Exhibit A-2** (the "**Securities ADR Procedures**"), for facilitating the potential settlement of Subordinated Securities Claims, including, without limitation, (i) procedures to allow the Reorganized Debtors and the Subordinated Securities Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory non-binding mediation of Subordinated Securities Claims, including, without limitation, approving the form of Abbreviated Mediation Notice and Standard Mediation Notice; and

    (c)    approving the procedures, attached hereto as **Exhibit A-3** (the "**Securities Omnibus Objection Procedures**," and, together with the Securities Claims Information Procedures and the Securities Omnibus Objection Procedures, the "**Securities Claims Procedures**"), to allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are procedurally defective;

and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on the Motion (the "**Hearing**"); and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Keable Declaration, and the Radetich Declaration submitted in support

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), as applicable.

thereof, as well as the objections to the Motion filed by the Public Employees Retirement Association of New Mexico ("**PERA**") [Dkt. No. 9189] (the "**PERA Objection**"), Chevron Master Pension Trust and Chevron UK Pension Plan ("**Chevron**") [Dkt. No. 9190] (the "**Chevron Objection**," and together with the PERA Objection, the "**Objections**"), and the joinders thereto [Dkt. Nos. 9191–9201, 9207–9211, 9213–9214, 9216, 9218–9220, 9225–9230, 9233–9244, 9252] (the "**Joinders**," and the entities that filed the Joinders, collectively with PERA and Chevron, the "**Objectors**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein, and any remaining Objections are overruled to the extent not otherwise resolved or withdrawn prior to the Hearing.

2.      The Securities Claim Information Procedures attached hereto as **Exhibit A-1** are approved, and the Reorganized Debtors are authorized to implement the Securities Claim Information Procedures as set forth therein.

3.      The Trading Information Request Form, substantially in the form attached hereto as **Annex 1**, is approved. The Reorganized Debtors are authorized to serve the Trading Information Request Form in accordance with the Securities Claims Information Procedures. Nothing in this Order (or the Exhibits and Annexes thereto) shall be construed to require Subordinated Securities Claimants to produce information duplicative of what the claimants have previously provided. Nothing herein shall be construed to alter the rights of the parties with respect to their burdens of proof in connection with a Subordinated Securities Claim.

4.      The Securities ADR Procedures attached hereto as **Exhibit A-2**, including without limitation, the Offer Procedures and the Securities Mediation Procedures, are approved and the Reorganized Debtors are authorized to implement the Securities ADR Procedures as set forth

1  therein.

2      5.    The Abbreviated Mediation Notice and the Standard Mediation Notice, substantially

3  in the forms annexed hereto as **Annex 2** and **Annex 3**, respectively, are approved. The Reorganized

4  Debtors are authorized to send the Abbreviated Mediation and the Standard Mediation Notice in

5  accordance with the Securities ADR Procedures.

6      6.    Pursuant to Section III.A.2 and III.B.2 of the Securities ADR Procedures, the

7  Reorganized Debtors shall, upon notice, seek approval from the Court of proposed panels of

8  qualified and experienced mediators for each of the Abbreviated and Standard Mediations. As part

9  of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and

10  disclose information regarding any current or past work that the proposed Mediator has performed

11  for, or on behalf of, the Reorganized Debtors and other potential conflicts, disclosed by the Mediator

12  to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias.

13  Reorganized Debtors shall include for each Mediator a resume or *curriculum vitae* showing the

14  Mediator's college and post-graduate education, and his or her legal and ADR experience. An

15  example can be found on the section of the Court's website for the Bankruptcy Dispute Resolution

16  Program.

17      7.    The Securities Omnibus Objection Procedures attached hereto as **Exhibit A-3** are

18  approved, and the Reorganized Debtors are authorized to implement the Securities Omnibus

19  Objection Procedures as set forth therein.

20      8.    The Reorganized Debtors may object to the Subordinated Securities Claims on the

21  grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

22      (a)    the Subordinated Securities Claims seek to recover amounts paid to purchase
23               PG&E debt or equity securities where such purchase(s) occurred outside of
             the Subject Period as set forth in the Extended Bar Date Order;

24      (b)    the holder of a Subordinated Securities Claims sold all or part of his or her
25               position(s) before the release of any purported "corrective disclosure(s)";

26      (c)    the Subordinated Securities Claims constitute Unauthorized Bulk Claims,
             but only after giving any Bulk Claim filer forty-five (45) days written notice
27               to provide proof of authorization for such filing; and

28      (d)    the Subordinated Securities Claims are otherwise objectionable under

applicable bankruptcy or non-bankruptcy law, including due to the failure to file timely claims by the Extended Bar Date, and statute of limitations bases.

9. The authority granted to the Reorganized Debtors to object in an omnibus objection on the additional grounds set forth in Paragraph 8 above is without prejudice to the right of any individual Subordinated Securities Claimant to oppose or contest any such objection.

10. In the event a Subordinated Securities Claim designated for the Securities ADR Procedures is not resolved through the Offer Procedures or the Securities Mediation Procedures, as applicable, the deadline for the Reorganized Debtors to object to such Subordinated Securities Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan, and (ii) sixty (60) days after the termination of such Offer or Securities Mediation Procedures.

11. The Securities Claims Procedures shall not and do not apply to the proofs of claim (collectively, the "**Underwriter Proofs of Claim**") filed by or on behalf of Barclays Capital Inc., BNP Paribas Securities Corp., Morgan Stanley & Co. LLC, MUFG Securities Americas, Inc., The Williams Capital Group, L.P. (n/k/a Siebert Williams Shank & Co., LLC), Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Inc. (n/k/a BofA Securities, Inc.), Mizuho Securities USA LLC, Goldman, Sachs & Co., LLC, RBC Capital Markets, LLC, Wells Fargo Securities, LLC, BNY Mellon Capital Markets, LLC, TD Securities (USA) LLC, C.L. King & Associates, Inc., Great Pacific Securities, CIBC World Markets Corp., SMBC Nikko Securities America, Inc., U.S. Bancorp Investments, Inc., Lebenthal & Co., LLC, Mischler Financial Group, Inc., Blaylock Van, LLC, Samuel A. Ramirez & Company, Inc., and MFR Securities, Inc., in their capacity as underwriters for certain prepetition debt transactions of the Debtors (collectively, the "**Underwriters**"), arising out of or relating to the Underwriting Agreements.[2] Nothing in this Order or the Securities Claims Procedures shall in any way be

---

[2] The "**Underwriting Agreements**" include (i) that certain Underwriting Agreement dated as of February 23, 2016 among Pacific Gas and Electric Company and the representatives party thereto, as representatives of the underwriters named therein, relating to $600,000,000 aggregate principal amount of 2.95% Senior Notes due March 1, 2026, (ii) that certain Underwriting Agreement dated as of November 28, 2016 among Pacific Gas and Electric Company and the representatives party thereto, as representatives of the underwriters named therein, relating to $400,000,000 aggregate principal amount of 4.00% Senior Notes due December 1, 2046 and $250,000,000 aggregate principal amount of Floating Rate Senior Notes due November 30, 2017, and/or (iii) that certain

construed or interpreted to impose upon any Underwriter any liability arising from the Reorganized Debtors' actions taken in connection with the Securities Claims Procedures. For the avoidance of doubt, nothing in the Securities Claims Procedures shall, or be deemed to, disallow, constitute an objection to the Underwriter Proofs of Claim or shall, or be deemed to, prejudice the rights, claims and defenses of the Reorganized Debtors or of the Underwriters with respect to the Underwriter Proofs of Claim.

12. Notice of the Securities Claims Procedures Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

13. The Debtors are authorized to take all necessary actions to effect the relief granted pursuant to this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Underwriting Agreement dated as of March 7, 2017 among Pacific Gas and Electric Company and the representatives party thereto, as representatives of the underwriters named therein, relating to $400,000,000 aggregate principal amount of 3.30% Senior Notes due March 15, 2027 and $200,000,000 aggregate principal amount of 4.00% Senior Notes due December 1, 2046.

1

2

3

4

5                          **Exhibit A**

6                **The Securities Claims Procedures**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and*
*Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS** |

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY 10153-0119*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Claims Procedures**") for resolving claims, other than Excluded Claims (defined below), that are subject to subordination pursuant to section 510(b) of title 11 of the United States Code (the "**Bankruptcy Code**") (collectively, the "**Subordinated Securities Claims**" and the holders of Subordinated Securities Claims, the "**Subordinated Securities Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2021 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## SUMMARY OF THE SECURITIES CLAIM PROCEDURES

These Securities Claims Procedures are designed to facilitate and simplify the resolution of certain proofs of claim that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to pursue expedient resolutions of those claims through settlement. The Securities Claims Procedures apply to certain purported creditors who filed proofs of claim based on their alleged losses incurred related to purchases of publicly-traded PG&E debt and/or equity securities as a result of alleged inadequate or fraudulent disclosures or non-disclosures of information from April 29, 2015 through November 15, 2018, inclusive.

To that end, the Securities Claims Procedures—which are diagrammed in a user-friendly format in Exhibit B attached hereto—first provide that each claimant will receive and respond to a targeted information request regarding the claimant's trading history. The Reorganized Debtors will then decide whether to: (i) attempt to negotiate a settlement directly with the claimant; (ii) mediate with the claimant; (iii) file an omnibus objection on grounds that are common to that claimant and other claimants; and/or (iv) object to the claim on the basis that it lacks merit under the applicable federal securities laws. The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

These procedures are summarized more fully below:

1. **Securities Claims Information Procedures**. To allow the Reorganized Debtors to properly assess each of the individual Subordinated Securities Claims and determine the appropriate path forward for each claim under the other Securities Claims Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that all Subordinated Securities Claimants be required to provide (to the extent not already provided) the Reorganized Debtors by mail or via a user-friendly online portal with complete trading data in connection with their asserted Subordinated Securities Claims.

2. **Securities ADR Procedures.** Recognizing that the Subordinated Securities Claims are comprised of different types of claimants and varying amounts of asserted and potential damages, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of Subordinated Securities Claims, each of which is explained in further detail below:

   a. ***The Offer Procedures***. These procedures will allow the Reorganized Debtors and Subordinated Securities Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

   b. ***The Abbreviated Mediation Process.*** These are procedures for abbreviated mandatory, non-binding mediation because formal mediation may not be appropriate for all Subordinated Securities Claims, especially those with smaller asserted or potential claim amounts; and

   c. ***The Standard Mediation Process.*** These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted or have larger potential Subordinated Securities Claims.

3. **Securities Omnibus Objection Procedures.** The Securities Omnibus Objection Procedures, which are substantially similar to those already adopted by the Court with respect to claims other than Subordinated Securities Claims, will allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective. This process will eliminate the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims, as well as the associated expense and administrative burden both to the Reorganized Debtors and the Court.

The Reorganized Debtors believe these processes will facilitate prompt settlement and payment of the allowed Subordinated Securities Claims. If the above-described procedures do not resolve all Subordinated Securities Claims, and merits-based objections to remaining claims (if any) are required, such objections will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**CLAIMS SUBJECT TO THE SECURITIES CLAIMS PROCEDURES**

**A.** **Subordinated Securities Claims**

The claims subject to these Securities Claims Procedures include all Subordinated Securities Claims other than Excluded Claims, as defined below. Specifically, these Securities Claims Procedures are limited to claims that fall into the following classes of claims under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**").[1]

> **Subordinated Debt Claims**
>
> (i)   Class 9A – HoldCo Subordinated Debt Claims – any Claim against HoldCo that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution, but excluding any HoldCo Rescission or Damage Claims.
>
> (ii)  Class 10B – Utility Subordinated Debt Claims – any Claim against the Utility that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution.
>
> **Subordinated Equity Claims**
>
> (iii) Class 10A-II – HoldCo Rescission or Damage Claims – any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

**B.** **Excluded Claims**

These Securities Claims Procedures shall not apply to any Subordinated Securities Claim filed by: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"), (ii) York County on behalf of County of York Retirement Fund ("**York County**"), (iii) City of Warren Police and Fire Retirement System ("**City of Warren**"), (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**"), and (v) the Underwriters (collectively, the "**Excluded Claims**"). The holders of Excluded Claims are collectively referred to herein as "**Excluded Claimants**."

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1

2

3

4

5 **Exhibit A-1**

6 **The Securities Claims Information Procedures**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Claims Information Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [●], 2021 [Dkt. No. [●]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I. THE SECURITIES CLAIMS INFORMATION PROCEDURES

The Securities Claims Information Procedures are intended to, in the simplest and most expedient way, get complete trading information from the Subordinated Securities Claimants that is necessary for the Reorganized Debtors to evaluate whether a claim can be resolved consensually and the amount of any offer to settle that the Reorganized Debtors may make to each claimant.

### A. Initiating the Securities Claims Information Procedures

The Securities Claims Information Procedures begin when the Reorganized Debtors, at their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Claim Information Materials**"): (i) a request for trading information (the "**Trading Information Request Form**"); and (ii) a copy of these Securities Claims Information Procedures.

The Reorganized Debtors will send the Claim Information Materials to a Subordinated Securities Claimant at the address listed on that claimant's most recently filed proof of claim. If the proof of claim indicates that the claimant is represented by counsel, the Reorganized Debtors will also send the Claim Information Materials to that claimant's counsel.

Subordinated Securities Claimants must complete and return the Trading Information Request Form no later than forty-five (45) days after the mailing of the Trading Information Request Form (the "**Information Deadline**"). The completed Trading Information Request Form must be received by the Reorganized Debtors before the Information Deadline. If the Trading Information Request Form is not returned on time, the Claimant may not receive a settlement offer or an opportunity to participate in mediation, and may be required to respond to a formal claims objection to be resolved by the Bankruptcy Court.

**B.    The Trading Information Request Form**

Each Trading Information Request Form will direct the Subordinated Securities Claimant to an online portal where the Trading Information Request Form can be completed. The Trading Information Request Form will provide clear instructions and credentials for securely accessing, and submitting information through, the online portal.

Each Subordinated Securities Claimant has already submitted a proof of claim. The *Rescission or Damage Claim Proof of Claim* form attached a list of the Reorganized Debtors' publicly traded debt and/or equity securities (the "**Securities**").

The Reorganized Debtors shall identify and inform each Subordinated Securities Claimant as to the trading information not yet received from the Claimant, as well as any asserted deficiencies in the trading history already provided by Claimant. In response to the Trading Information Request Form, Subordinated Securities Claimants shall provide the trading information not yet received from the Claimant, as well as correct any deficiencies in the trading history provided by Claimant, as identified by the Reorganized Debtors, in transaction-level detail, with respect to Securities traded during the following periods:

- **Common Stock:**  April 29, 2015 through February 12, 2019;[1]

- **Debt Securities:**  April 29, 2015 through July 1, 2020;[2]

- **Preferred Stock:**  April 29, 2015 through July 1, 2020; and

- **Options:**  April 29, 2015 through July 1, 2020.

Individual sections of the online portal will be dedicated to the different types of securities listed above. For each category, the relevant Securities will be available from a drop-down menu so that Subordinated Securities Claimants can be sure they are providing the information in the appropriate place.

---

[1] The Reorganized Debtors believe that this information is necessary to calculate potential damages (and therefore potential settlement amounts) under 15 U.S.C. § 78u-4(e) of the PSLRA.

[2] The Reorganized Debtors believe that this information is necessary to calculate potential damages (and therefore potential settlement amounts) under section 11 of the Securities Act of 1933.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

### C. Returning the Trading Information Request

Trading Information Request Forms must be returned to the Reorganized Debtors on or before the Information Deadline. To reduce delays and avoid further costs to the Subordinated Securities Claimants, Trading Information Request Forms shall be submitted through the online portal, unless the Claimant in good faith determines that return by electronic submission is impracticable or impossible.

If electronic submission through the online portal is impracticable or impossible, responses to the Trading Information Request Forms must be returned to the Reorganized Debtors by mail so that they are actually received by the Reorganized Debtors on or before the Information Deadline. Mail deliveries shall be directed to:

| If by first class mail: | If by overnight courier or hand-delivery: |
|---|---|
| PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station, PO Box 4850 New York, New York 10163-4850 | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 3rd Avenue, Suite 412 Brooklyn, New York 11232 |

### D. Failure to Return Trading Information Request Form by Information Deadline

If a Trading Information Request Form is not returned to the Reorganized Debtors by the Information Deadline, the Reorganized Debtors shall send an information reminder (the "**Information Reminder**") to the Subordinated Securities Claimant. The Information Reminder will provide the Subordinated Securities Claimant with an additional fourteen (14) days from the date the Information Reminder is sent to return the Trading Information Request Form (the "**Reminder Deadline**").

The Reorganized Debtors will send the Information Reminder to the e-mail address listed on the Subordinated Securities Claimant's proof of claim. If no e-mail address is listed, the Reorganized Debtors will send the Information Reminder by regular, first-class mail.

Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s) on the basis that the information provided is insufficient to establish Debtors' liability or some other basis.

**E.     Next Steps**

Following the timely return of a Trading Information Request Form, the Reorganized Debtors may, in their sole discretion: (i) make a settlement offer to a Subordinated Securities Claimant; (ii) designate the Subordinated Securities Claim(s) for mandatory mediation; or (iii) both.

The Reorganized Debtors reserve the right at any time to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as pursuant to the Securities Omnibus Objection Procedures set forth in the Securities Claims Procedures Order.

## II.     COMPUTING TIME FOR DEADLINES

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities Claims Information Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A-2**

**The Securities ADR Procedures**

The following procedures (the "**Securities ADR Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2021 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I. THE SECURITIES ADR PROCEDURES

The Securities ADR Procedures are designed to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation. There are two major components to the Securities ADR Procedures: (i) a process by which the Reorganized Debtors exchange settlement offers with Subordinated Securities Claimants (the "**Offer Procedures**"); and (ii) mandatory, nonbinding mediation (the "**Securities Mediation Procedures**").

The Offer Procedures are described in Section II, below. The Mediation Procedures are described in Section III, below. For the avoidance of doubt, Section IV below applies to all aspects of the Securities ADR Procedures.

## II. THE OFFER PROCEDURES

The Offer Procedures generally contemplate a process by which the Reorganized Debtors will make written, confidential settlement offers to certain claimants as a means to resolve and pay claims quickly and efficiently, where possible.

The Offer Procedures begin when the Reorganized Debtors, at their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Offer Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Offer Procedures (an "**Offer Notice**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim; and (iii) a copy of these Offer Procedures.[1]

The Reorganized Debtors will send the Offer Materials to a Subordinated Securities

---

[1] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimant at the address listed on that claimant's most recently filed proof of claim. If the proof of claim indicates that the claimant is represented by counsel, the Reorganized Debtors will also send the Offer Materials to that claimant's counsel.

### A. The Offer Notice

The Offer Notice will include an offer by the Reorganized Debtors to settle the Subordinated Securities Claim (a "**Settlement Offer**"). A response to the Settlement Offer must be received by the Reorganized Debtors no later than thirty-five (35) days after the mailing of the Offer Notice (the "**Settlement Response Deadline**"). The Reorganized Debtors, in their sole discretion, may agree to extend the Settlement Response Deadline.

### B. Response to the Settlement Offer

The only permitted responses to a Settlement Offer are (i) signed acceptance, or (ii) rejection and/or counteroffer. No counteroffer is required. The response to the Settlement Offer must be sent by e-mail and regular mail to the addresses provided in the Settlement Offer.

### C. The Counteroffer

Any counteroffer shall be signed by the Subordinated Securities Claimant and shall identify the specific amount that the Subordinated Securities Claimant will accept in full settlement and satisfaction of the Subordinated Securities Claim. A counteroffer may not be for an unknown, unliquidated, or indefinite amount.

### D. The Reorganized Debtors' Response to a Counteroffer

The Reorganized Debtors must respond in writing within twenty-one (21) days after the receipt of a counteroffer (the "**Counteroffer Response**"). The Counteroffer Response shall indicate that the Reorganized Debtors (i) accept the counteroffer, (ii) reject the counteroffer, or (iii) make a Revised Settlement Offer (defined below).[2]

---

[2] Nothing herein shall preclude the Reorganized Debtors from making a Revised Settlement Offer (as defined herein) even where the Settlement Offer is rejected and no counteroffer is provided.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

### 1.    *Acceptance of the Counteroffer*

If the Reorganized Debtors accept the Counteroffer, the Reorganized Debtors will provide written confirmation to the Subordinated Securities Claimant.

### 2.    *Rejection*

If the Reorganized Debtors reject the counteroffer, they may make a revised settlement offer (a "**Revised Settlement Offer**"). In that case, the process shall continue as long as the parties desire. Alternatively, the Reorganized Debtors may terminate the Offer Procedures.

If the Reorganized Debtors reject the Counteroffer without making a Revised Settlement Offer, the Reorganized Debtors will provide written notification of their rejection to the Subordinated Securities Claimant and the Subordinated Securities Claim will, in the Reorganized Debtors' sole discretion, either be (i) submitted to nonbinding, mandatory mediation, or (ii) resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

### E.    **Termination of Offer Procedures**

The Reorganized Debtors may, in their sole discretion, terminate the Offer Procedures and either (i) submit the claim to nonbinding, mandatory mediation, or (ii) seek to resolve the claim in the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

The Reorganized Debtors reserve the right, at any time, to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as pursuant to the Securities Omnibus Objection Procedures set forth in the Securities Claims Procedures Order.

### F.    **Extension of Claim Objection Deadline**

In the event that these Offer Procedures have been invoked as to a Subordinated Securities Claim but have not resolved the Subordinated Securities Claim by the deadline to object to the Subordinated Securities Claim under Section 7.1 of the Plan, as extended by the Court, then such

deadline shall be automatically extended until sixty (60) days after the termination of the Offer Procedures to allow the Reorganized Debtors to either (i) submit the Subordinated Securities Claim to nonbinding, mandatory mediation, or (ii) object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as pursuant to the Securities Omnibus Objection Procedures set forth in the Securities Claims Procedures Order.  For the avoidance of doubt, this provision in no way shortens the deadline to object to Subordinated Securities Claims under Section 7.1 of the Plan.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

**III.    THE SECURITIES MEDIATION PROCEDURES**

The Securities Mediation Procedures are designed to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation or the need for claimants to hire attorneys or incur attorneys' fees.

The Securities Mediation Procedures create two separate processes for mandatory, non-binding mediation: (i) the Abbreviated Mediation Process, presumptively for claims where the amounts at issue do not justify a more comprehensive mediation process; and (ii) the Standard Mediation Process, typically for larger claims.   Each process involves specified procedures appropriate to the size of the claim at issue.   The Reorganized Debtors, in their sole discretion, may designate a Subordinated Securities Claim for mandatory participation in either mediation process.

The Abbreviated Mediation Process is described in Section III.A, below.   The Standard Mediation Process is described in Section III.B below.   For the avoidance of doubt, Section IV below applies to all aspects of the Securities ADR Procedures.

**A.    The Abbreviated Mediation Process**

The Abbreviated Mediation Process is meant to be more efficient and less costly than formal mediation and briefing.   The Abbreviated Mediation Process begins when the Reorganized Debtors, in their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Abbreviated Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Abbreviated Mediation Process (a "**Notice of Abbreviated Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim and; and (iii) a copy of these Securities ADR Procedures.[3]

*1.    The Notice of Abbreviated Mediation*

The Notice of Abbreviated Mediation shall provide the applicable Subordinated Securities Claimant with notice of the date, time, identity of the Mediator and a reference or link to the posted biographical information regarding the Mediator, and the estimated duration of the mediation (the

---

[3] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

"**Abbreviated Mediation**") at least twenty-eight (28) days prior to the mediation date, unless otherwise agreed to by the parties.

If the chosen date and/or time of the Abbreviated Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

All Abbreviated Mediations shall be conducted virtually via videoconference over Zoom. Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Abbreviated Mediation via telephonic conference.

2. *Appointment of Mediator*

The Reorganized Debtors will, upon notice, present to the Bankruptcy Court for approval a panel of qualified and experienced mediators (the "**Panel of Mediators for Abbreviated Mediations**"). As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors and their primary legal counsel (Weil, Gotshal & Manges LLP, Keller Benvenutti Kim LLP, or Cravath, Swaine & Moore LLP) in the past five years, and other potential conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias. The Reorganized Debtors will work with the Panel of Mediators for Abbreviated Mediations to develop a process of fair distribution of Abbreviated Mediations among the Mediators. The Reorganized Debtors will also post biographical information regarding each Mediator on Prime Clerk's website.

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) disclose any circumstances likely to create a reasonable inference of bias. In the event a Mediator discloses any circumstances likely to create a reasonable inference of bias with respect to a particular Abbreviated Mediation, such Mediator shall withdraw from the assignment and shall be replaced prior to the commencement of the Abbreviated Mediation.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

*3.     Fees and Costs*

The Reorganized Debtors shall pay the Mediator's fees and expenses. The parties shall each bear their own costs of the Abbreviated Mediation Process.

*4.     Appearance at Abbreviated Mediation*

The Subordinated Securities Claimant and any counsel must appear at the Abbreviated Mediation. The Reorganized Debtors shall make all arrangements for the Abbreviated Mediation to be held over Zoom (or a similar web-based video interface) and/or telephonic conference and advise the Subordinated Securities Claimant and any of the Subordinated Securities Claimant's representatives of such arrangements. The Subordinated Securities Claimant shall make arrangements to ensure that the Subordinated Securities Claimant will be able to participate in the Abbreviated Mediation, including by ensuring a proper internet connection is available. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending an Abbreviated Mediation, the Reorganized Debtors, the Subordinated Securities Claimant, and the Mediator will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Abbreviated Mediation. If the Subordinated Securities Claimant is not a natural person, an authorized representative must appear at the Abbreviated Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Abbreviated Mediation.

*5.     Abbreviated Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Abbreviated Mediation.** The Reorganized Debtors must e-mail the Mediator and the Subordinated Securities Claimant the following:

- A settlement offer (the "Abbreviated Mediation Settlement Offer"); and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- A confidential background statement (the "**Background Statement**"). The Background Statement must not exceed five (5) pages.

**Seven (7) days before the Abbreviated Mediation.** The Subordinated Securities Claimant may, but is not required to, e-mail the Mediator and the Reorganized Debtors with a response. For example, the Subordinated Securities Claimant may accept the Abbreviated Mediation Settlement Offer, in which case the Reorganized Debtors shall notify the Mediator and the Subordinated Securities Claimant that the Abbreviated Mediation Settlement Offer has been accepted and that the Subordinated Securities Claim(s) at issue will be paid promptly.

If the Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, the claimant may include the following:

- A counteroffer to the Abbreviated Mediation Settlement Offer; and
- A confidential response to the Background Statement (the "**Response Statement**"), which should include a short and plain statement of the facts and law upon which the Subordinated Securities Claimant relies for recovery and maintains entitle it to relief. The Subordinated Securities Claimant may, but is not required to, attach to the Response Statement exhibits, annexes, or other documents that the Subordinated Securities Claimant believes support its claim. The Response Statement must not exceed five (5) pages, excluding any attachments.

If a Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, but elects not to make a counteroffer, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counteroffer at the Abbreviated Mediation.

6.    *Termination of the Abbreviated Mediation*

The Abbreviated Mediation may only be terminated by the Mediator. Subject to Section IV.B, *infra*, either the Reorganized Debtors or the Subordinated Securities Claimant may request the Mediator to terminate the Abbreviated Mediation, and the Mediator shall do so if the Mediator believes an impasse has been reached with respect to the Subordinated Securities Claim(s) at issue

and, in the judgment of the Mediator, there is no reasonable opportunity to settle the claim in mediation.

*7.      Next Steps*

If any Subordinated Securities Claims is not settled through the Abbreviated Mediation Process, the Reorganized Debtors may (i) only with the written consent of the Subordinated Securities Claimant, designate the Subordinated Securities Claim(s) for the Standard Mediation Process, or (ii) seek to resolve the claim in the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

The Reorganized Debtors reserve the right, at any time, to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as pursuant to the Securities Omnibus Objection Procedures set forth in the Securities Claims Procedures Order.

**B.      The Standard Mediation Process**

The Standard Mediation Process begins when the Reorganized Debtors send a Subordinated Securities Claimant the following materials (collectively, the "**Standard Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Standard Mediation Process (a "**Notice of Standard Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim; and (iii) a copy of these Securities ADR Procedures.[4]

*1.      Notice of Standard Mediation*

The Reorganized Debtors shall provide the applicable Subordinated Securities Claimant with notice of the date, time, location, identity of the Mediator and a reference or link to the posted biographical information regarding the Mediator, and the estimated duration of the mediation (the "**Standard Mediation**") at least forty-two (42) days prior to the mediation date (the "**Standard Mediation Scheduling Notice**"), unless otherwise agreed to by the parties.

If the chosen date and/or time of the Standard Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

Absent further order from the Bankruptcy Court, all Standard Mediations shall be conducted virtually via videoconference over Zoom.  Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Standard Mediation via telephonic conference.

*2.      Appointment of Mediator*

The Reorganized Debtors will, upon notice, present to the Bankruptcy Court for approval a panel of qualified and experienced mediators for the Standard Mediations (the "**Panel of Mediators for Standard Mediations**").  As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past

---

[4] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors and other potential conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias. The Reorganized Debtors will work with the Panel of Mediators for Standard Mediations to develop a process of fair distribution of Standard Mediations among the Mediators. The Reorganized Debtors will also post biographical information regarding each Mediator on Prime Clerk's website.

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) disclose any circumstances likely to create a reasonable inference of bias. In the event a Mediator discloses any circumstances likely to create a reasonable inference of bias with respect to a particular Standard Mediation, such Mediator shall withdraw from the assignment and shall be replaced prior to the commencement of the Standard Mediation.

### 3. *Fees and Costs*

The Reorganized Debtors shall pay the mediator's fees and expenses. The parties shall each bear their own costs of the Standard Mediation Process.

### 4. *Appearance at Standard Mediation*

The Subordinated Securities Claimant and any counsel must appear at the Standard Mediation. The Reorganized Debtors shall make all arrangements for the Standard Mediation to be held over Zoom (or a similar web-based video interface) and/or telephonic conference and advise the Subordinated Securities Claimant and any of the Subordinated Securities Claimant's representatives of such arrangements. The Subordinated Securities Claimant shall make arrangements to ensure that the Subordinated Securities Claimant will be able to participate in the Standard Mediation, including by ensuring a proper internet connection is available. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending a Standard Mediation, the Reorganized Debtors, the Subordinated Securities Claimant, and the Mediator will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Standard Mediation. If the Subordinated Securities Claimant is not a natural person, an authorized representative must appear at the Standard Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Standard Mediation.

        5.    *Standard Securities Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Standard Mediation.** The Subordinated Securities Claimant must e-mail the Mediator and the Reorganized Debtors the following:

- A settlement demand (the "**Settlement Demand**"); and
- A confidential pre-mediation statement (the "**Opening Statement**"). The Opening Statement must not exceed fifteen (15) pages, excluding any attachments, and identify each cause of action or theory the Subordinated Securities Claimant asserts, including a short and plain statement of the facts and law upon which the Subordinated Securities Claimant relies for recovery and maintains entitle it to relief. The Opening Statement shall include, as exhibits or annexes, all documents (or summaries of voluminous documents), affidavits, and other materials on which the Subordinated Securities Claimant relies.

**Seven (7) days before the Standard Mediation.** The Reorganized Debtors must e-mail the mediator and the Subordinated Securities Claimant the following:

- A response to the settlement demand (the "**Settlement Demand Response**"); and
- A confidential response statement (the "**Rebuttal Statement**"). The Rebuttal Statement must not exceed fifteen (15) pages, excluding any attachments.

If the Settlement Demand Response contains a counteroffer to the Settlement Demand, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

with and be expected to make a counter-counteroffer at the Standard Mediation.

### 6. *Mediators-Eyes-Only*

At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator that will not be exchanged with each other, which shall receive "Mediator's-eyes-only" treatment.

### 7. *Termination of the Standard Mediation*

The Standard Mediation may only be terminated by the Mediator. Subject to Section IV.B below, either the Reorganized Debtors or the Subordinated Securities Claimant may request the Mediator to terminate the Standard Mediation, and the Mediator shall do so if the Mediator believes an impasse has been reached with respect to the Subordinated Securities Claim(s) at issue and, in the judgment of the Mediator, there is no reasonable opportunity to settle the claim in mediation.

### 8. *Next Steps*

If any Subordinated Securities Claims is not settled through the Standard Mediation Process and the mediation is terminated by the Mediator, then the Subordinated Securities Claim shall be resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

### C. **Extension of Claim Objection Deadline**

In the event that these Securities ADR Procedures have been invoked as to a Subordinated Securities Claim but have not resolved the Subordinated Securities Claim, the deadline to object to the Subordinated Securities Claim under Section 7.1 of the Plan shall be automatically extended until sixty (60) days after the termination of the Securities ADR Procedures. For the avoidance of doubt, this provision in no way shortens the deadline to object to Subordinated Securities Claims under Section 7.1 of the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. MISCELLANEOUS PROVISIONS APPLICABLE TO THE SECURITIES ADR PROCEDURES

### A. Settlement in Securities ADR Procedures

If a Subordinated Securities Claim is settled through the Securities ADR Procedures, the parties will execute a settlement agreement.

### B. Duty to Negotiate in Good Faith

The Subordinated Securities Claimants and the Reorganized Debtors shall negotiate in good faith in an attempt to reach an agreement for the settlement of the Subordinated Securities Claims.

### C. Confidentiality of Negotiations

The settlement and mediation process is confidential and the Reorganized Debtors, the Mediator, and the Subordinated Securities Claimants, including their respective advisors, agents, and representatives, shall not disclose any offers or communications made in connection with any settlement offers or the mediation, as applicable, to anyone other than the aforementioned parties involved in the settlement or mediation process (each, a "**Permitted Party**"). Absent express agreement between the parties, no person may rely on, seek discovery of, or introduce as evidence in connection with any judicial or other proceeding, any offer, counteroffer, discussions or negotiations between the parties, or any other aspect of the Securities ADR Procedures.

### D. Modification of the Securities ADR Procedures

The Reorganized Debtors and a Subordinated Securities Claimant may enter into a written agreement, without further approval of the Bankruptcy Court, to modify the foregoing Securities ADR Procedures at their mutual discretion.

### E. Failure to Comply with the Securities ADR Procedures

If a Subordinated Securities Claimant or the Reorganized Debtors fail to comply with the Securities ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the Securities ADR Procedures, the Bankruptcy Court may, after notice and hearing, find such conduct to be in violation of the Securities Claims Procedures Order or, with respect to a Subordinated Securities Claimant, an abandonment of or failure to prosecute the Subordinated

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Securities Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Subordinated Securities Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party.

Notwithstanding anything herein, no Mediator appointed to mediate any Subordinated Securities Claim(s) may disclose any offers, counteroffers, or communications made in connection with the mediation or any of the Mediator's views concerning such mediation to anyone other than a Permitted Party unless so-ordered by the Bankruptcy Court, or another court of competent jurisdiction on its own motion, and neither the Reorganized Debtors nor the Subordinated Securities Claimant may seek or request such an order.

**F.      Prioritization and Referral of Subordinated Securities Claims to Mediation**

Given the number of Subordinated Securities Claims, the Reorganized Debtors shall have the discretion to prioritize the initiation of mandatory mediations as they see fit.

**G.      Mandatory Mediation Rules**

Mandatory mediation shall be governed by the Mediator's regular procedures, except where expressly modified in the Securities ADR Procedures. In the event of a conflict, the Securities ADR Procedures shall control. Any party to a mandatory mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under section IV.E above.

**H.      Securities ADR Procedures Not a Prerequisite to Objection**

Notwithstanding anything herein, the Reorganized Debtors may elect to resolve a Subordinated Securities Claim in the claims reconciliation and objection process before the Bankruptcy Court at any time, regardless as to whether or not the Reorganized Debtors have previously sought to resolve such Subordinated Securities Claim through the Securities ADR Procedures prior to filing any such objection. Notwithstanding the foregoing, the Reorganized Debtors shall not file an objection (other than an Omnibus Objection) to any Subordinated Securities Claim while any Securities Mediation Procedures are scheduled or pending with respect to that claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

### I.  Computing Time for Deadlines

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities ADR Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

### J.  Materials to be Provided to Mediator

Prior to any Mediation, the Reorganized Debtors shall provide each Mediator with a copy of: (i) the *Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws* (the "**TAC**") filed in *In re PG&E Corp. Securities Litigation*, No. 3:18-cv-03509-EJD (N.D. Cal.) [ECF No. 121]; (ii) all briefs filed in support of or in opposition to the defendant Directors and Underwriters motions to dismiss the TAC; and (iii) any opinions or further briefings filed in connection with the motions to dismiss the TAC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A-3**

**The Securities Omnibus Objection Procedures**

The following procedures (the "**Securities Omnibus Objection Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2021 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

# I. SECURITIES OMNIBUS OBJECTION PROCEDURES

The Securities Omnibus Objection Procedures allow the Reorganized Debtors to object to multiple Subordinated Securities Claims in a single-filed objection document (each such document, an "**Omnibus Objection**") and apply as follows:

## A. Form of Omnibus Objection

Omnibus Objections will be numbered consecutively, irrespective of the basis for the objection.

## B. Number of Proofs of Claim per Omnibus Objection

The Reorganized Debtors may object to no more than 250 Subordinated Securities Claims per Omnibus Objection.

## C. Grounds for Omnibus Objection

The Reorganized Debtors may object to Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

### 1. *Outside Subject Period*

Certain Subordinated Securities Claimants filed claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"). *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943], Ex. C (the "**Extended Securities Bar Date Order**").

### 2. *Liquidation of Position Prior to a "Corrective Disclosure"*

Certain Subordinated Securities Claimants suffered no alleged harm where a Subordinated Securities Claimant sold his or her entire positions before any alleged "corrective disclosure"—in

other words, the claimant both bought and sold securities at allegedly inflated prices.

### 3. *Unauthorized Bulk Claims*

This omnibus objection is only available after the Reorganized Debtors have given the subjects of the objection forty-five (45) days to provide proof of authorization for such filing.

### 4. *Otherwise Objectionable*

Certain Subordinated Securities Claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including failure to file timely claims by the Extended Securities Bar Date and statute of limitations bases.

**D. Supporting Declaration**

The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

**E. Proof of Claim Exhibits**

An exhibit listing the proofs of claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), the Reorganized Debtors are not required to attach a copy of proofs of claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

    i. An alphabetized list of the claimants whose proofs of claim are subject to the Omnibus Objection;

    ii. The claim numbers of the proofs of claim that are the subject of the Omnibus Objection;

    iii. The amount of claim asserted in the proof of claim, or a statement that the claim seeks an unliquidated amount;

    iv. The grounds for objection; and

    v. For Omnibus Objections in which the Reorganized Debtors seek to reduce the amount of any given proof of claim, the proposed reduced claim amount.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**F.      Notice of Securities Omnibus Objection to Subordinated Securities Claimants**

Each Subordinated Securities Claimant whose claim is subject to an Omnibus Objection will be sent a copy of the Omnibus Objection, including all exhibits and attachments thereto.  The Omnibus Objection will be served on the individual claimant by mail, not less than forty-two (42) days before the date set for hearing of the Omnibus Objection at the address on the claimant's most recently filed proof of claim, as well as upon any counsel of record in these cases for the Subordinated Securities Claimant.  The Omnibus Objection, among other things, will:

    i.      Describe the nature of the Omnibus Objection;

    ii.     Inform the Subordinated Securities Claimant that its rights may be affected by the Omnibus Objection and encourage the Subordinated Securities Claimant to read the Omnibus Objection carefully;

    iii.    Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing on the Omnibus Objection, consistent with Bankruptcy Local Rule 9014-a(c);

    iv.    Attach a copy of these Securities Omnibus Objection Procedures, which describe the requirements for filing a written response (each, a "**Response**") to the Omnibus Objection; and

    v.    Warn the Claimant that failure to file a Response may result in the Court sustaining the objection and dropping the matter from the scheduled hearing.

**G.      Order if No Response**

The Reorganized Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all proofs of claim for which the Reorganized Debtors did not receive a timely Response, without further notice to the Subordinated Securities Claimants.

**H.      Each Omnibus Objection is a Contested Matter**

Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each proof of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

claim. Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection. Fed. R. Bankr. P. 3007(f) provides as follows: "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection."

## I. Responses to Omnibus Objections

### 1. Contents

Each Response must contain the following (at a minimum):

i.   A caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

ii.  The Subordinated Securities Claimant's name, the applicable proof of claim number(s), and an explanation for the amount of the proof of claim;

iii. A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

iv.  A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

v.   The Subordinated Securities Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Subordinated Securities Claimant's attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the proof of claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Subordinated Securities Claimant's proofs of claim listed in the Omnibus Objection (including all proofs of claim to be disallowed and the surviving proofs of claim) will be

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

sent to the new Notice Address in addition to other service address(es) already on file.

    *2.*       *Additional Information*

To facilitate a resolution of the Omnibus Objection, the Response must include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection. If such person is not the Subordinated Securities Claimant, the Response must also include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Subordinated Securities Claimant's behalf (the "**Additional Address**"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

    *3.*       *Failure to Timely File a Response*

If the Subordinated Securities Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Reorganized Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Subordinated Securities Claimant.

    *4.*       *Service of the Response*

A written response to an Omnibus Objection, consistent with the requirements described herein, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice of the Omnibus Objection). Responses should be served via the Court's ECF system. In the case of Subordinated Securities Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Reorganized Debtors' counsel as shown on the Omnibus Objection. If a Subordinated Securities Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or other commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Subordinated Securities Claimant must inform the Reorganized Debtors' counsel by email, telephone, or facsimile before the Response Deadline of the Subordinated Securities

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by postal or other commercial express service.

### J. Reservation of Rights

Nothing in the Omnibus Objection will constitute a waiver of the right to assert any claims, defenses, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims with respect to the Subordinated Securities Claim or against the Subordinated Securities Claimant. Unless the Bankruptcy Court allows a proof of claim or specifically orders otherwise, the Reorganized Debtors have the right to object on any grounds not previously ruled upon by the Bankruptcy Court to the Subordinated Securities Claims (or to any other proofs of claim or causes of action filed by any claimant or that have been scheduled by the Reorganized Debtors) within sixty (60) days of the later of the Bankruptcy Court's order resolving the Omnibus Objection, or the termination of the final Securities ADR Procedure. An affected Subordinated Securities Claimant will receive a separate notice of any such additional objection.

## II. MISCELLANEOUS PROVISIONS

### A. Settlement of Subordinated Securities Claims

The Reorganized Debtors and a Subordinated Securities Claimant may settle any Subordinated Securities Claim subject to these Securities Claims Procedures through the Offer Procedures, Securities Mediation Procedures, or by agreement at any point. Nothing herein shall limit, expand, or otherwise modify the Reorganized Debtors' authority to settle claims pursuant to the Plan or the Confirmation Order or as otherwise authorized by the Bankruptcy Court or applicable law.

### B. Computing Time for Deadlines

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities Omnibus Objection Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that

is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit B**

**Securities Claims Procedures Roadmap**

# Securities Claims Procedures Roadmap

---

## STEP 1:  FILL OUT AND RETURN THE TRADING INFORMATION REQUEST FORM

If you receive a Trading Information Request Form, you will have 45 days to provide the requested trading information and data.  *See* Ex. A-1 §§ I.A-D.  Electronic versions of the Claim Information Materials and instructions regarding how to fill out the form can be found at [INSERT WEBSITE].

---

## STEP 2:  THERE ARE FOUR WAYS YOUR CLAIM(S) CAN BE RESOLVED

After receiving your completed Information Request Form, PG&E will employ at least one of the four below methods to try to resolve your claim, and may attempt others if the first does not succeed.

---

### Settlement Negotiations

PG&E may decide to make an offer to you to settle your claim.  You can accept the offer, reject the offer, or make a counteroffer.  *See* Ex. A-2 § II.B.

### Mediation

PG&E may decide to mediate your claim before a mediator to see whether a settlement can be reached, either in an abbreviated or standard format. *See* Ex. A-2 § II.A.

### Omnibus Claim Objection

PG&E may object to your claim as one of a group of claims that PG&E believes suffers from similar defects. *See* Ex. A-3.

### Claim Objection

PG&E may object to your claim on the basis that your claim lacks merit, including under applicable federal securities law.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**<u>Annex 1</u>**

**<u>Trading Information Request Form</u>**

WEIL, GOTSHAL & MANGES LLP
Rickard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and Reorganized
Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>　- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　**Debtors.**<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br><br>**TRADING INFORMATION REQUEST FORM** |

**PLEASE READ THE FOLLOWING NOTICE REGARDING
YOUR SUBORDINATED SECURITIES CLAIM FILED IN THE PG&E
CHAPTER 11 CASES AND YOUR OBLIGATION TO SUBMIT A
TRADING INFORMATION REQUEST FORM PURSUANT TO
THE SECURITIES CLAIMS PROCEDURES APPROVED BY
THE BANKRUPTCY COURT**

Mailing Date:

Subordinated Securities Claimant(s):

Subordinated Securities Claimant Address:

Subordinated Securities Claimants Email (if applicable):

Subordinated Securities Proof of Claim Number(s):

Our records indicate that you filed a Subordinated Securities Claim against PG&E Corporation and/or Pacific Gas and Electric Company (together, "**PG&E**") in their chapter 11 cases in the United States Bankruptcy Court for the Northern District of California. A Subordinated Securities Claim is a claim under the federal securities laws relating to the purchase or acquisition of PG&E's publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018.

You are receiving this Trading Information Request Form as part of the Securities Claims Procedures approved by the Bankruptcy Court on January [27], 2021. This Trading Information Request Form requests that you provide certain specified trading information that PG&E believes is necessary to evaluate the potential alleged damages with respect to your asserted claim. Below, you will find instructions as to how, and where, to provide this information, including the ability to submit your information via an online portal.

Pursuant to the Securities Claims Information Procedures, you **must complete** this Trading Information Request Form **and return** it to PG&E so that it is **received** by PG&E **within forty-five (45) days** of the above-indicated Mailing Date (the "**Information Deadline**"). For ease of submission, PG&E has provided an online portal that allows the electronic submission of the requested information.

**THE TRADING INFORMATION REQUESTED IS REQUIRED TO BE PROVIDED ACCORDING TO THE BANKRUPTCY COURT'S JANUARY [27], 2021 ORDER, AND THE PROVISION OF THIS TRADING INFORMATION IS A NECESSARY STEP IN RECEIVING AN OFFER FROM PG&E TO SETTLE YOUR CLAIM.**

**A.     Completing the Trading Information Request Form**

Please complete, and return, the Trading Information Request Form **electronically**, unless electronic submission is impracticable or impossible. Paper copies of the Trading Information Request Form are enclosed for your convenience in the event that it is impracticable or impossible to submit an online form.

To complete the Trading Information Request Form electronically, visit the online portal located here: [PORTAL WEB ADDRESS] (the "**Portal**").

To access the Portal, login with the below ID and password:

[UNIQUE ID]

[UNIQUE PASSWORD]

Once you login to the Portal, you will be asked to provide certain additional information relating to your proof(s) of claim. Information that you have already provided will be pre-populated into the Portal.

*1.     Contact Information*

Please confirm that your contact details, as reflected in the Portal, are current. PG&E will use this contact information for any further communications and correspondence regarding your proof(s) of claim.

*2.     Trading Information*

The additional information that you must provide about your trading in PG&E securities is set forth below:

[INSERT SPECIFIC DEFICIENCIES AND/OR MISSING DATA].

This information also will be identified in the online Portal.

Individual sections of the Portal are dedicated to the different types of PG&E securities, including common stock, debt securities, preferred stock, and options.  For each category of PG&E securities for which you have submitted a Claim, the relevant securities will be available from a drop-down menu.

Certain information is required. The Portal will **not** allow you to submit a Trading Information Request Form if one or more required fields are blank. Before submitting a Trading Information Request Form, you **must** certify that the information you are providing is accurate as follows:

I HAVE EXAMINED THIS SUBMISSION AND BELIEVE IN GOOD FAITH THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

**B.** **Returning the Trading Information Request Form**

Pursuant to the Securities Claims Information Procedures, you **must complete** a Trading Information Request Form **and return** it to PG&E so that it is **received** by PG&E by the Information Deadline.

If it is **impracticable or impossible** for you to complete and submit the Trading Information Request Form electronically, you may mail a fully completed Trading Information Request Form to:

| If by first class mail: | If by overnight courier or hand-delivery: |
|---|---|
| PG&E Corporation Claims Processing Center<br>c/o Prime Clerk LLC<br>Grand Central Station, PO Box 4850<br>New York, New York 10163-4850 | PG&E Corporation Claims Processing Center<br>c/o Prime Clerk LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, New York 11232 |

**C.** **Contacting PG&E**

Questions regarding the Securities Claims Information Procedures should be directed to PG&E Claims Information Center hotline:

- (844) 339-4217 (Toll Free)

- +1 (929) 333-8977 (International)

4

**Annex 2**

**Notice of Abbreviated Mediation**

WEIL, GOTSHAL & MANGES LLP
Rickard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | **NOTICE OF ABBREVIATED MEDIATION** |

**PLEASE READ THE FOLLOWING NOTICE REGARDING YOUR SUBORDINATED SECURITIES CLAIM FILED IN THE PG&E CHAPTER 11 CASES. YOUR CLAIM HAS BEEN DESIGNATED FOR THE ABBREVIATED MEDIATION PROCESS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date:

Subordinated Securities Claimant(s):

Subordinated Securities Claimant Address:

Subordinated Securities Claimant E-mail (if applicable):

Subordinated Securities Proof of Claim Number(s):

Our records indicate that you filed a Subordinated Securities Claim against PG&E Corporation and/or Pacific Gas and Electric Company (together, "**PG&E**") in their chapter 11 cases in the United States Bankruptcy Court for the Northern District of California. A Subordinated Securities Claim is a claim under the federal securities laws relating to the purchase or acquisition of PG&E's publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018.

As part of the Securities Claims Procedures approved by the Bankruptcy Court on January [27], 2021, PG&E has designated your filed proof(s) of claim (set forth above) for participation in the Abbreviated Mediation Process. The Abbreviated Mediation Process is a simple and streamlined process that provides you and PG&E with the opportunity to resolve Subordinated Securities Claims with the help of an experienced and independent Bankruptcy Court-approved mediator, without the expense of a typical standard mediation, including the hiring of attorneys. A complete copy of the Securities Claims Procedures is attached for your reference.

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the Abbreviated Mediation at the chosen date and/or time, you may inform the Mediator so that you, PG&E, and the Mediator may find a mutually agreeable date and time to reschedule the mediation. **The costs of the Mediator shall be paid by PG&E. You shall have no responsibility for the costs of the Mediator.** You must make arrangements, such as ensuring internet connections, to ensure you can participate in the mediation. You will receive an email with instructions on how to attend the Abbreviated Mediation.

You will receive an email from PG&E no later than twenty-one (21) days before the Abbreviated Mediation containing (i) a settlement offer from PG&E, and (ii) a confidential background statement explaining PG&E's position. **No later than seven (7) days before the Abbreviated Mediation, you may, but are not required to, submit a response statement and/or a counteroffer to PG&E and the Mediator in advance of the Mediation Date.** If you and PG&E reach a settlement in advance of or during the Abbreviated Mediation, the parties will enter into a settlement agreement, and the agreed amount of your settlement payment will be delivered to you promptly after the settlement agreement has been signed and returned to PG&E.

Please refer to section III.A of the Securities ADR Procedures for more information regarding the Abbreviated Mediation Process.

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Annex 3**

**Notice of Standard Mediation**

WEIL, GOTSHAL & MANGES LLP
Rickard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **NOTICE OF STANDARD MEDIATION** |

**PLEASE READ THE FOLLOWING NOTICE REGARDING**
**YOUR SUBORDINATED SECURITIES CLAIM FILED IN THE PG&E**
**CHAPTER 11 CASES. YOUR CLAIM HAS BEEN DESIGNATED FOR THE**
**STANDARD MEDIATION PROCESS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS**
**MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE**
**BANKRUPTCY COURT.**

Mailing Date:

Subordinated Securities Claimant(s):

Subordinated Securities Claimant Address:

Subordinated Securities Claimant E-mail (if applicable):

Subordinated Securities Proof of Claim Number(s):

Our records indicate that you filed a Subordinated Securities Claim against PG&E Corporation and/or Pacific Gas and Electric Company (together, "**PG&E**") in their chapter 11 cases in the United States Bankruptcy Court for the Northern District of California. A Subordinated Securities Claim is a claim under the federal securities laws relating to the purchase or acquisition of PG&E's publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018.

As part of the Securities Claims Procedures approved by the Bankruptcy Court on January [27], 2021, PG&E has designated your filed proof(s) of claim (set forth above) for participation in the Standard Mediation Process. This allows you and PG&E to attempt to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation through mediation with an experienced mediator. A complete copy of the Securities Claims Procedures is attached for your reference.

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the Standard Mediation at the chosen date and/or time, you may inform the Mediator so that you, PG&E, and the Mediator may find a mutually agreeable date and time to reschedule the mediation. **The costs of the Mediator shall be paid by PG&E. You shall have no responsibility for the costs of the Mediator.** You must make arrangements, such as ensuring internet connections, to ensure you can participate in the mediation. You will receive an email with instructions on how to attend the Standard Mediation.

**You must email the Mediator and PG&E no later than twenty-one (21) days prior to the Mediation Date (i) a settlement demand, and (ii) a confidential opening statement**. You will receive an email from the Reorganized Debtors no later than seven (7) days prior to the Mediation Date containing (i) a response to the settlement demand, and (ii) a response statement setting forth PG&E's position with respect to the claim(s). If you and PG&E reach a settlement in advance of or during the Standard Mediation, the parties will enter into a settlement agreement, and the agreed amount of your settlement payment will be delivered to you promptly after the settlement agreement has been signed and returned to PG&E.

Please refer to section III.B of the Securities ADR Procedures for more information regarding the Standard Mediation Process.

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

# EXHIBIT B

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)** |
| **Debtors.** | **Response Deadline: August 31, 2021, 4:00 p.m. (PT)** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | **Hearing Information If Timely Response Made:** Date:   September 14, 2021 Time:   10:00 a.m. (Pacific Time) Place:  (Telephonic Appearances Only) |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors,**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this eleventh securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claims To Be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Edward J. Radetich, Jr., dated August 3, 2021 (the "**Radetich Declaration**") and of Michael Keable, dated August 3, 2021 (the "**Keable Declaration**"), in support of the Objection.

This omnibus objection seeks to expunge certain debt-based securities proofs of claim that are barred by the statute of repose for securities claims arising under Section 11 of the Securities Act of 1933 (the "**Securities Act**"). A statute of repose is a type of limitation that typically runs from the date of the alleged wrongful act, rather than the date plaintiffs knew or should have known about their claims. Section 13 of the Securities Act categorically bars all Section 11 claims filed more than three years after the offering date of the security at issue. *See* 15 U.S.C. § 77m. This three-year statute of repose period is not subject to tolling or other extension. Each of the Claims is barred under the three-year statute of repose because all of the alleged transactions stem from debt securities offerings that took place more than three years before January 29, 2019 (the "**Petition Date**").

The debt-based securities claims submitted in these Chapter 11 Cases (the "**Debt Claims**") arise under Section 11. Indeed, statements during confirmation and in subsequent briefing in this Court and in the Securities Litigation in the District Court (as defined below) confirm that the Debt Claims arise under Section 11.

Where, as here, Section 11 debt claims are based on public offerings that occurred more than three years before the filing of those claims, they are barred by the three-year statute of repose. Thus, the proofs of claim subject to this Objection should be dismissed and expunged in their entirety.

## I.   JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II.   BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  On July 1, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**").  The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors.  The Bar Date Order required any person who had a prepetition claim to file a proof of claim by the Bar Date.  Notice of the Bar Date was disseminated widely pursuant to the Bar Date Order, including to all record holders of the Debtors' securities based on a record date of July 1, 2019.  In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Bar Date.

On October 21, 2019, the Public Employees Retirement Association of New Mexico ("**PERA**"), filed a proof of claim against each Debtor.[1]  *See* Claim Nos. 69105, 71345.  The proofs of claim asserted certain securities claims on behalf of PERA and incorporated the operative complaint (the "**Third**

---

[1] PERA subsequently also filed Rescission or Damage Proof of Claim Forms (as herein defined).  *See* Claim Nos. 101691 (withdrawn), 72193 (purportedly on behalf of a putative class), 72273 (same).

**Amended Complaint**") that PERA filed in the United States District Court for the Northern District of California (the "**District Court**") as lead plaintiff in *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal. Oct. 4, 2019) (the "**Securities Litigation**"). *See* Sec. Litig. Docket No. 121. The Third Amended Complaint asserts claims under the Securities Act as to the Debtors' debt securities and, separately, claims under the Exchange Act of 1934 (the "**Exchange Act**") as to the Debtors' equity securities. *See id.*[2] The putative class in the Securities Litigation comprises investors who, during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Putative Class Period**"), purchased or otherwise acquired certain publicly traded securities of the Debtors. *See id*. Pursuant to the Plan (as defined below), the Securities Litigation is permanently enjoined as to the Reorganized Debtors, and associated claims, other than any entitlement to distributions under the Plan, have been discharged. *See* Plan §§ 4.12, 4.14, 4.32, 10.6.

After the Petition Date, the Securities Litigation continued to proceed against the non-Debtor defendants. On October 4, 2019, the non-Debtor defendants moved to dismiss the Securities Act claims, which motions, if granted, would dispose of all noteholder claims. *See* Sec. Litig. Docket No. 155 (motion to dismiss noteholder claims). The non-Debtor defendants also moved to dismiss the Exchange Act claims, which, if granted, would dispose of all shareholder claims. *See* Sec. Litig. Docket No. 149 (motion to dismiss shareholder claims). The District Court has not yet ruled on the motions to dismiss filed in the Securities Litigation. On April 29, 2021, the District Court indicated its intention to stay the Securities Litigation pending the resolution of the proofs of claim filed in the Chapter 11 Cases. *See* Sec. Litig. Docket No. 198. PERA has filed papers opposing the stay, *see* Sec. Litig. Docket Nos. 203 & 208, and the District Court has not yet ruled whether it will in fact stay the action.

On December 9, 2019, PERA filed a motion seeking to apply Bankruptcy Rule 7023 to the proofs of claim filed by PERA in the Chapter 11 Cases [Docket No. 5042] (the "**7023 Motion**"). On February 27, 2020, the Court entered an order denying the 7023 Motion, but extending the Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") with respect to certain claimants (the "**Securities**

---

[2] This Objection does not seek to disallow or expunge any Debt Claims that are based on debt-securities at issue in the Securities Litigation, because the Third Amended Complaint does not assert claims based on any offerings that occurred more than three years prior to the Petition Date. *See* Sec. Litig. Docket No. 121.

Case: 19-30088    Doc# 11034-2    Filed: 08/02/21    Entered: 08/02/21 20:16:41    Page 4 66 of 269

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the Putative Class Period who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims (the "**Rescission or Damage Proof of Claim Form**").

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Court approved, among other things, procedures for filing omnibus objections to certain Securities Claims (the "**Securities Omnibus Objection Procedures**"), including to Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Claims Procedures Order ¶ 8(d); *see also id.*, Ex. A-3 ¶ I.C.4.

**III.    RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and expunging the Claims, identified on **Exhibit 1** hereto, each of which is barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. As set forth below, each of the Claims are based exclusively on transactions in debt securities that were offered more than three years before the Petition Date. Accordingly, the Reorganized Debtors request that the Claims be disallowed and expunged in their entirety on the basis that they are time-barred.

# IV. ARGUMENT

## A. The Claims Should be Disallowed and Expunged.

Section 13 of the Securities Act sets time limits for bringing claims under Section 11, providing in relevant part that:

> In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) [Sections 11 and 12, respectively] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

15 U.S.C. § 77m.  As the Supreme Court has explained, "[t]he statute provides in clear terms that '[i]n no event' shall an action be brought more than three years after the securities offering on which it is based."  *California Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017) (citing 15 U.S.C. § 77m).  This three-year bar "is a statute of repose," and "runs from the defendant's last culpable act (the offering of the securities), not from the accrual of the claim (the plaintiff's discovery of the defect in the registration statement)."  *Id.*  Section 13 "does not refer to or impliedly authorize any exceptions for tolling" and "displaces the traditional power of courts to modify statutory time limits in the name of equity."  *Id.* at 2051, 2055.  Thus, Section 13's three-year statute of repose bars any and all actions that stem from a security issued more than three years prior to filing the initiating complaint.  *See id.* at 2050 (statute of repose "create[s] 'an absolute bar on a defendant's temporal liability'") (citation omitted).

Here, all Debt Claims based on securities issued more than three years before the Petition Date are time-barred as a matter of law.  While the Bankruptcy Code generally tolls filing deadlines pending the lifting of the automatic stay*,* that tolling only applies where the relevant period "has not expired *before* the date of the filing of the petition."  11 U.S.C. § 108(c) (emphasis added); *see also Smith v. Lachter (In re Smith)*, 293 B.R. 220, 223 (B.A.P. 9th Cir. 2003) (same).  Thus, if a statute of repose has lapsed before the commencement of a chapter 11 case, a proof of claim subject to that statute of repose is time-barred as a matter of law—as is the case with respect to each of the Claims.

This Court can adjudicate this Objection on the papers.  Where, as here, a claimant's entitlement to relief is time-barred on the face of the pleadings, including on the basis that the relevant statute of repose has lapsed, courts in this Circuit routinely dismiss those claims with prejudice.  *See, e.g., Hildes*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*v. Arthur Andersen LLP*, No. 08-cv-0008 BEN (RBB), 2015 WL 11199825, at *6 (S.D. Cal. May 15, 2015) (granting motion to dismiss and dismissing entire action with prejudice because Section 11 claim was "barred by the three-year statute of repose"); *Fed. Deposit Ins. Corp. v. Countrywide Sec. Corp. (In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.)*, 966 F. Supp. 2d 1018, 1021 (C.D. Cal. 2013) (dismissing all claims with prejudice; Section 11 claims were time-barred because "[a]ll eight of the certificates at issue were offered to the public . . . more than three years before" the FDIC's receivership); *Fed. Deposit Ins. Corp. v. Countrywide Fin. Corp. (In re Countrywide Fin. Corp.)*, No. 2:11-cv-10400-MRP (MANx), 2012 WL 12897153, at *2 (C.D. Cal. June 15, 2012) (granting motion to dismiss time-barred Section 11 claims with prejudice because "[t]he Complaint was filed in Colorado state court on April 23, 2010, more than three years after each of the Certificates in this case was bona fide offered to the public and purchased by [plaintiff]").

Here, because each of the Claims are based exclusively on transactions in debt securities that were issued more than three years before the Petition Date, *see* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B, and because there is no equitable tolling under Section 13, the Claims are barred by the applicable statute of repose. Accordingly, this Court should disallow and expunge the proofs of claim that are subject to this Objection in their entirety.

## B. The Debt Claims Arise Under Section 11 of the Securities Act.

While none of the Claims articulate any specific cause of action in the proofs of claim, the Debt Claims arise under Section 11. Indeed, PERA has confirmed that the Debt Claims arise under Section 11 of the Securities Act. *See, e.g.*, *Securities Lead Plaintiff's Opposition, Request for Clarification, and Reservation of Rights to Reorganized Debtors' First Securities Claims Omnibus Objection* [Docket No. 10524], at 4 (the Debt Claims "arise under the Securities Act" and are "covered by Section 11 and subject to a different damages analysis than Section 10(b) claims"); June 5, 2020 Hr'g Tr. 61:12–17 ("There's three additional named plaintiffs in the securities litigation. They're public and union retirement funds that assert claims under the Securities Act of 1933 against each of the debtors as well as certain of their current and former Ds and Os and the underwriters of certain of their public notes offerings."). Moreover, the parties to the Securities Litigation briefed the motions to dismiss the debt claims in that action based on those claims having arisen under Section 11 of the Securities Act. *See* Sec. Litig. Docket

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

No. 155 (motion to dismiss noteholder claims all based on Section 11).

Accordingly, Section 13 of the Securities Act bars any Debt Claims based on transactions in debt securities with an offering date that was more than three years prior to the Petition Date. *See supra* § IV.A.[3]

### C. The Claimants Bear the Burden of Proof.

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid. Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Claims do not represent a current right to payment and, therefore, should be disallowed and expunged. If any holder of a Claim believes that its Claim is valid, it must articulate with particularity the basis for the Claim and present affirmative evidence demonstrating the Claim's validity.

---

[3] To be clear, there is no basis raised by any Securities Claimants in their proofs of claim or otherwise to conclude that any of the Claims arise under anything other than Section 11. Under the circumstances, because the Claims fail under Section 11's three-year statute of repose, the Court should disallow and expunge the proofs of claim in their entirety.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**D.      The Claims May Be Objected to by an Omnibus Objection.**

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases.  *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C.  The Securities Omnibus Objection Procedures supplement Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one Securities Claim if they "are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases."  Securities Omnibus Objection Procedures ¶ I.C.4; *see also* Securities Claims Procedures Order ¶ 8(d).  The Reorganized Debtors and their advisors have reviewed each of the Claims, identified in Exhibit 1, and have determined that each of them is premised exclusively on debt securities that were issued at least three years prior to the Petition Date.  *See* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B (identifying the issue dates of each of the debt securities that were offered more than three years prior to the Petition Date).  Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, Exhibit 1 hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection.  Furthermore, the Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph F of the Securities Omnibus Objection Procedures.

**V.      RESERVATION OF RIGHTS**

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Omnibus Objection Procedures ¶ I.J.

## VI.     NOTICE

Notice of this Objection will be provided to: (i) the holders of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 3, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By:      */s/ Richard W. Slack*
            Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit 1**

**Claims Barred by the Statute of Repose**

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ANDERSON, MERRILY J<br>P.O BOX 773<br>MAULDIN SC 29662 | 98750 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $35,439.21 | $35,439.21 | Claims Barred by the Statute of Repose |
| 2 | ANGRICK, H. JAMES<br>14230 W DOMINGO LANE<br>SUN CITY WEST AZ 85375 | 100071 | 694308GL5 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 3 | ANNE ARUNDEL COUNTY, MARYLAND<br>ANNE ARUNDEL COUNTY OFFICE OF LAW<br>HAMILTON F. TYLER, ESQUIRE<br>2660 RIVA ROAD - 4TH FLOOR<br>ANNAPOLIS MD 21401 | 99352 | 694308GN1, 694308GE1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $18,695.68 | $18,695.68 | Claims Barred by the Statute of Repose |
| 4 | ANNUITY PLAN OF THE ELECTRICAL INDUSTRY<br>C/O PRINCIPAL GLOBAL INVESTORS, LLC<br>711 HIGH STREET<br>DES MOINES IA 50392-0800 | 101683 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 5 | ARNOLD, FREDERICK A.<br>2507 CLAYTON ROAD<br>BEAVER FALLS PA 15010 | 103356 | 694308HE0 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $22,117.10 | $22,117.10 | Claims Barred by the Statute of Repose |
| 6 | ARNOLD, FREDERICK A.<br>2507 CLAYTON ROAD<br>BEAVER FALLS PA 15010 | 106126 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $22,117.10 | $22,117.10 | Claims Barred by the Statute of Repose |
| 7 | BAHNICK, ROBERT S.<br>1611 LINDEN AVE.<br>OWENSBORO KY 42301 | 99709 | 694308GW1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $6,867.00 | $6,867.00 | Claims Barred by the Statute of Repose |

[1] Claims listed as $0.00 seek an unliquidated amount.

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | BILLINGS, TIMOTHY E. 7708 E. OAK STREET SCOTTSDALE AZ 85257 | 98794 | 694308GY7 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $23,764.00 | $23,764.00 | Claims Barred by the Statute of Repose |
| 9 | BIRNHOLZ, KAREN 21 SOUTHERN SLOPE DR MILLBURN NJ 07041 | 104858 | 694308GW1 | Pacific Gas and Electric Company | 5/15/2020 | $0.00 | $0.00 | $0.00 | $5,257.89 | $5,257.89 | Claims Barred by the Statute of Repose |
| 10 | BLADES, LINDA 1122 S. WESTMORELANE DE SOTO TX 75115-8508 | 102855 | 694308GL5 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $4,135.12 | $4,135.12 | Claims Barred by the Statute of Repose |
| 11 | BLUME, WAYNE C. 842 MARCH ST. LAKE ZURICH IL 60047 | 103976 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 12 | BONILLA, JUDY LOUISE 3204 CANYON VIEW DR. OCEANSIDE CA 92058 | 102853 | 694308HE0 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $12,487.50 | $12,487.50 | Claims Barred by the Statute of Repose |
| 13 | BORDELON, JAMES 413 BELLE CHASE DR LA PLACE LA 70068-3401 | 103151 | 694308GT8 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $4,000.00 | $4,000.00 | Claims Barred by the Statute of Repose |
| 14 | BORG, RICHARD P. & TERRI P. 22686 FOREST VIEW DR ESTERO FL 33928 | 102366 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $496.37 | $496.37 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | BRAY III, EDWARD W WFCS FBO EDWARD BRAY IRA 516 N TRYON ST CHARLOTTE NC 28202 | 99098 | 694308GM3 | PG&E Corporation | 4/11/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 16 | BRUCE ALPERT FAMILY TRUST, C/O JEREMY G. ALPER, TRUSTEE 6000 POPLAR AVENUE, STE 400 MEMPHIS TN 38119 | 102759 | 694308GW1 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $1,413.10 | $1,413.10 | Claims Barred by the Statute of Repose |
| 17 | BRUNTER, STEVEN 23018 RUNNYMEDE ST. WEST HILLS CA 91307 | 99791 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $3,257.13 | $3,257.13 | Claims Barred by the Statute of Repose |
| 18 | BRYAN, JACOB H 18670 MORRISON CREEK CIRCLE BUENA VISTA CO 81211 | 103896 | 694308GT8 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 19 | BRYAN, JR., SAMUEL HUGH 2489 COULEE CROSSING RD. WOODWORTH LA 71485 | 106144 | 694308GT8 | Pacific Gas and Electric Company | 7/14/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 20 | BURGENER, RONALD V. 458 N 1100 E APT 4 LEHI UT 84043 | 100694 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $9,816.75 | $9,816.75 | Claims Barred by the Statute of Repose |
| 21 | BUSHONG, DIANA L. 2109 THE POINT RD W TOMAHAWK WI 54487 | 102877 | 694308HB6 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | CAMICO MUTUAL INSURANCE COMPANY JAY H. STEWART, CFO 1800 GATEWAY DRIVE, SUITE 300 SAN MATEO CA 94404 | 99469 | 694308HC4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $14,612.41 | $14,612.41 | Claims Barred by the Statute of Repose |
| 23 | CAPLAN, ROBERT 4721 ROCK LEDGE DR HARRISBURG PA 17110 | 103844 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $10,553.61 | $10,553.61 | Claims Barred by the Statute of Repose |
| 24 | CARECONNECT INSURANCE COMPANY, INC.: 46-2270382 (WELLINGTON BOND) ATTN: CHRISTINE L. WHITE AND JOSHUA ROSE GENERAL COUNSEL / CARECONNECT OFFICE OF LEGAL AFFAIRS 2000 MARCUS AVENUE NEW HYDE PARK NY 11042 | 100846 | 694308GW1, 694308HB6, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 25 | CARLETON ENGINEERS & CONSULTANTS INC. PROFIT SHARING PLAN FINIS E. CARLETON, TRUSTEE 313 ELLERBROCHT DRIVE FREDERICKSBURG TX 78624 | 103162 | 694308HE0 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $10,213.00 | $10,213.00 | Claims Barred by the Statute of Repose |
| 26 | CASTO, GRETTA E. 7570 W PARKSIDE DR. YOUNGSTOWN OH 44512 | 100262 | 694308HE0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $17,066.71 | $17,066.71 | Claims Barred by the Statute of Repose |
| 27 | CHANG, YU WEN 400 PROSPECT ST, UNIT #113 LA JOLLA CA 92037 | 98571 | 694308HC4 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $3,974.85 | $3,974.85 | Claims Barred by the Statute of Repose |
| 28 | CHARLES SCHWAB & CO IRA C/F CAROLE SKAU CAROLE SKAU 3398 7 LAKES WEST WEST END NC 27376 | 104104 | 694308HB6 | PG&E Corporation | 5/8/2020 | $0.00 | $0.00 | $0.00 | $20,000.00 | $20,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | CHARLES SCHWAB CONTRIBUTORY IRA FBO CHERYL ABRAMOWITZ CHERYL ABRAMOWITZ 20 FLEETWOOD RD COMMACK NY 11725 | 103110 | 694308GT8 | PG&E Corporation | 4/23/2020 | $0.00 | $0.00 | $0.00 | $651.25 | $651.25 | Claims Barred by the Statute of Repose |
| 30 | CHEUNG, MICHAEL 18796 RIDGEFIELD RD NW SHORELINE WA 98177 | 103311 | 694308GW1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $14,000.00 | $14,000.00 | Claims Barred by the Statute of Repose |
| 31 | CHRISTENSEN, CONRAD 89 STEPHANIE LANE ALAMO CA 94507 | 101570 | 694308GT8 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 32 | CICCONE, CAROL M 104 MAIN AVENUE ALIQUIPPA PA 15001 | 102876 | 694308HE0 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $11,086.15 | $11,086.15 | Claims Barred by the Statute of Repose |
| 33 | CICCONE, CAROL M. 104 MAIN AVENUE ALIQUIPPA PA 15001 | 98032 | 694308HE0 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $11,086.15 | $11,086.15 | Claims Barred by the Statute of Repose |
| 34 | CLARK, CATHERINE M 2421 36TH AVE LONGVIEW WA 98632 | 100742 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $6,544.50 | $6,544.50 | Claims Barred by the Statute of Repose |
| 35 | CLASSEN, RONALD C. & MARGARET M. 2283 N 500 EAST RD DANFORTH IL 60930 | 102831 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $41,208.00 | $41,208.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | COBB, ROBERT H. 2421 EAST 73RD PLACE TULSA OK 74136 | 103017 | 694308HC4 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $1,228.90 | $1,228.90 | Claims Barred by the Statute of Repose |
| 37 | COBB, ROSEMARY 2421 EAST 73RD PLACE TULSA OK 74136 | 103127 | 694308HC4 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $1,228.90 | $1,228.90 | Claims Barred by the Statute of Repose |
| 38 | COLEMAN, GREG W AND STEPHANIE W 3685 WEMBLEY LANE LEXINGTON KY 40515 | 100218 | 694308HB6 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $9,621.11 | $9,621.11 | Claims Barred by the Statute of Repose |
| 39 | COLLIER, BLAKELY E 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104989 | 694308GV3 | PG&E Corporation | 5/18/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 40 | COLLIER, KELLY J 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104618 | 694308GM3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 41 | COLLIER, KRISTIN 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104581 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 42 | COLLIER, LAUREN ANNE 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104586 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $8,000.00 | $8,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | COLLINS, TIMOTHY RICHARD<br>4031 BARTON PARK PLACE<br>RALEIGH NC 27613 | 98630 | 694308HF7 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $5,749.59 | $5,749.59 | Claims Barred by the Statute of Repose |
| 44 | CONSOLIDATED RETIREE HEALTH BENEFITS TRUST<br>101 MONROE STREET 15TH FLOOR<br>ROCKVILLE MD 20850 | 103202 | 694308GE1, 694308GJ0, 694308GY7 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $71,856.00 | $71,856.00 | Claims Barred by the Statute of Repose |
| 45 | CORCORAN, TIMOTHY P<br>7664 WOVEN MEMORIES ST<br>LAS VEGAS NV 89149 | 100134 | 694308GS0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $3,183.47 | $3,183.47 | Claims Barred by the Statute of Repose |
| 46 | CORSIGLIA, GEORGE<br>4688 W. TANGERINE RD.<br>APT. 13101<br>MARANA AZ 85658 | 99789 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 47 | COSE, JR., CLAYTON C.<br>718 W. 11TH ST. S.<br>NEWTON IA 50208 | 99599 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $15,000.00 | $0.00 | $0.00 | $89.36 | $15,089.36 | Claims Barred by the Statute of Repose |
| 48 | COULSON, MICHAEL J<br>1712 MIRAMAR DR<br>VENTURA CA 93001 | 98493 | 694308HC4 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $1,901.45 | $1,901.45 | Claims Barred by the Statute of Repose |
| 49 | CRANE, GERI LYNN<br>2711 SEQUOIA WAY<br>BELMONT CA 94002 | 102775 | 694308GT8 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $4,749.06 | $4,749.06 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | CUTNEY, CHARLES A.<br>PO BOX 173<br>WALLKILL NY 12589-0173 | 102670 | 694308GW1 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $122,000.00 | $122,000.00 | Claims Barred by the Statute of Repose |
| 51 | DAPKIS, JOHN G<br>571 PLUM RIDGE DR<br>ROCHESTER HILLS MI 48309-1018 | 98496 | 694308GE1 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $823.66 | $823.66 | Claims Barred by the Statute of Repose |
| 52 | DAVID T. WALKER IRA<br>RAYMOND JAMES & ASSOC CUST.<br>FBO DAVID T. WALKER IRA<br>530 N. MAIN ST., APT. 406<br>BUTLER PA 16001 | 102661 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,987.85 | $2,987.85 | Claims Barred by the Statute of Repose |
| 53 | DAVIES, ROBERT T.<br>1597 JACKSON ST.<br>ALIQUIPPA PA 15001 | 98325 | 694308HE0 | Pacific Gas and Electric Company | 3/25/2020 | $0.00 | $0.00 | $0.00 | $16,122.75 | $16,122.75 | Claims Barred by the Statute of Repose |
| 54 | DAVIS, JANICA A.<br>2603 REFLECTIONS PLACE<br>W. MELBOURNE FL 32904-6665 | 102079 | 694308GN1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 55 | DAVIS, JANICE H<br>2603 REFLECTIONS PLACE<br>W MELBOURNE FL 32904-6665 | 103313 | 694308GN1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 56 | DAVIS, JOYCE S. & ROBERT A.<br>103 GARVINHURST DR<br>BEAVER PA 15009 | 103230 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $50,196.19 | $50,196.19 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | DAVIS, JOYCE S. 103 GARVINHURST DR BEAVER PA 15009 | 103355 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $13,051.01 | $13,051.01 | Claims Barred by the Statute of Repose |
| 58 | DAVIS, ROBERT A. 103 GARVINHURST DR. BEAVER PA 15009 | 103338 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $16,062.78 | $16,062.78 | Claims Barred by the Statute of Repose |
| 59 | DAVIS, ROBERT A. 103 GARVINHURST DR BEAVER PA 15009 | 103237 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $47,184.42 | $47,184.42 | Claims Barred by the Statute of Repose |
| 60 | DAYTON, MIKI 115 N. TAYLOR PIERRE SD 57501 | 102925 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,718.60 | $2,718.60 | Claims Barred by the Statute of Repose |
| 61 | DELBERT E SNOBERGER IRA 5338 OAK LEAF DRIVE TULSA OK 74131-2659 | 104332 | 694308HE0 | PG&E Corporation | 5/11/2020 | $0.00 | $0.00 | $0.00 | $5,992.50 | $5,992.50 | Claims Barred by the Statute of Repose |
| 62 | DEROSA, DOLORES 266 LITTLE TOWN QUARTER WILLIAMSBURG VA 23185 | 100478 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $307.50 | $307.50 | Claims Barred by the Statute of Repose |
| 63 | DESALVO, JOSEPH A 603 EAST PARK ELMHURST IL 60126 | 104103 | 694308GT8 | PG&E Corporation | 5/8/2020 | $0.00 | $0.00 | $0.00 | $670.05 | $670.05 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | DEVVONO , THOMAS J 8413 LACEVINE PLACE LOUISVILLE KY 40220 | 98601 | 694308GT8, 694308HE0 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $7,908.87 | $7,908.87 | Claims Barred by the Statute of Repose |
| 65 | DEWEY, BRENDA 761 FORT EBEY ROAD COUPEVILLE WA 98239 | 97760 | 694308GT8 | Pacific Gas and Electric Company | 3/13/2020 | $0.00 | $0.00 | $0.00 | $398.94 | $398.94 | Claims Barred by the Statute of Repose |
| 66 | DEWEY, MICHAEL 761 FORT EBEY ROAD COUPEVILLE WA 98239 | 97769 | 694308GT8 | Pacific Gas and Electric Company | 3/13/2020 | $0.00 | $0.00 | $0.00 | $396.84 | $396.84 | Claims Barred by the Statute of Repose |
| 67 | DIETZ, WINNIE R. 725 NORMAN DR. CRANBERRY TWSHP PA 16066 | 98107 | 694308HE0 | Pacific Gas and Electric Company | 3/26/2020 | $0.00 | $0.00 | $0.00 | $15,058.86 | $15,058.86 | Claims Barred by the Statute of Repose |
| 68 | DILORETO, PHYLLIS A. 275 WINDSOR DR. EAST LIVERPOOL OH 43920 | 98316 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $12,047.09 | $12,047.09 | Claims Barred by the Statute of Repose |
| 69 | DIMEN, JOSH 3065 ARROYO SECO PALM SPRINGS CA 92264 | 103327 | 694308GW1 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $3,790.00 | $3,790.00 | Claims Barred by the Statute of Repose |
| 70 | DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLAN BASIC BENEFIT PLAN 5055 WILSHIRE BLVD, SUITE 600 LOS ANGELES, CA 90036 | 100802 | 694308GE1, 694308GL5, 694308GJ0 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $7,362.90 | $7,362.90 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLAN SUPPLEMENTAL BENEFIT PLAN 5055 WILSHIRE BLVD, SUITE 600 LOS ANGELES CA 90036 | 100677 | 694308GE1, 694308GL5, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $8,643.40 | $8,643.40 | Claims Barred by the Statute of Repose |
| 72 | DRRT FBO BAYERNINVEST KAPITALVERWALTUNGSGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98950 | 694308HF7 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 73 | DRRT FBO CREDIT SUISSE FUNDS AG DRRT 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101205 | 694308GN1, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 74 | DRRT FBO CREDIT SUISSE FUNDS AG (3973) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101102 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 75 | DRRT FBO DEKA INVESTMENT GMBH (12076) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101465 | 694308GQ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 76 | DRRT FBO GIAM GENERALI INSURANCE ASSET MANAGEMENT (4147) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100042 | 694308HC4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 77 | DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99550 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | DRRT FBO INETRNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (ATRI GR) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99604 | 694308HF7, 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 79 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99714 | 694308GW1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $415,950.00 | $415,950.00 | Claims Barred by the Statute of Repose |
| 80 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (AGER CIG) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100137 | 694308GT8, 694308GV3 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 81 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (PMPT CB) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99607 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 82 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98964 | 694308GE1 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 83 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98968 | 694308GJ0 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 84 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98995 | 694308GJ0 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $641,250.00 | $641,250.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 85 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99002 | 694308GW1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $322,437.50 | $322,437.50 | Claims Barred by the Statute of Repose |
| 86 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99006 | 694308GW1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $235,337.50 | $235,337.50 | Claims Barred by the Statute of Repose |
| 87 | DRRT FBO METZLER ASSET MANAGEMENT GMBH (HBJ) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100338 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 88 | DRRT FBO SWISS REINSURANCE COMPANY LTD(NYSL22) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99707 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 89 | DRRT FBO SWISS REINSURANCE COMPANY LTD(NYSLR2) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99816 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 90 | DRRT FBO SWISS REINSURANCE COMPANY LTD(ZF67A9) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99829 | 694308GJ0, 694308HD2 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 91 | DRRT FBO SWISS REINSURANCE COMPANY LTD(ZF71DD) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99841 | 694308GN1, 694308GT8 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 92 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG (CH0018) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100514 | 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 93 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0086) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100541 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 94 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0966_B) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100585 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $593,525.00 | $593,525.00 | Claims Barred by the Statute of Repose |
| 95 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0970_C) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100543 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 96 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH1020_B) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100560 | 694308GL5, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $308,875.00 | $308,875.00 | Claims Barred by the Statute of Repose |
| 97 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU6370) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100606 | 694308GW1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 98 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9348) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100118 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9430) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100107 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 100 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9566) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100670 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 101 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A.(LU9804) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100334 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 102 | DRYDEN ARIZONA REINSURANCE TERM COMPANY - TAX LIABILITIES ACCOUNT-DARTTAX PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 101026 | 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 103 | DUNLAP, MARVIN RICHARD 4224 CORTON COURT ALLISON PARK PA 15101 | 97997 | 694308GW1 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $352.37 | $352.37 | Claims Barred by the Statute of Repose |
| 104 | DUPONT CAPITAL MANAGEMENT CORPORATION DCMC GEM TRUST - GEM OPPORTUNISTIC 3 DUPONT CAPITAL MANAGEMENT ATTN: JOSEPH MAURER 1 RIGHTER PARKWAY SUITE 3200 WILMINGTON DE 19803 | 99732 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $643,359.30 | $643,359.30 | Claims Barred by the Statute of Repose |
| 105 | EDWARD & SHARON KENDALL REVOCABLE TRUST 401 HARLOW LN THE VILLAGES FL 32163 | 105346 | 694308GT8 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $8,514.13 | $8,514.13 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 106 | EDWARD C. BENSON & LINDA A. BENSON 11332 TUSCARORA LANE MINNEOLA FL 34715 | 104914 | 694308GE1 | Pacific Gas and Electric Company | 5/15/2020 | $0.00 | $0.00 | $0.00 | $2,082.36 | $2,082.36 | Claims Barred by the Statute of Repose |
| 107 | EDWARD JONES TRUST CO CUST FBO RANDALL H. LIPSON LIPSON, RANDALL H 798 E WHITECLOUD LN HERNANDO FL 34442-2803 | 104449 | 694308GE1 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $24,000.00 | $24,000.00 | Claims Barred by the Statute of Repose |
| 108 | ELECTRICAL EMPLOYERS SELF INSURANCE SAFETY PLAN RONGBIAO FU 158-11 HARRY VAN ARSDALE JR AVENUE FLUSHING NY 11365 | 100193 | 694308GN1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $514.28 | $514.28 | Claims Barred by the Statute of Repose |
| 109 | ELINSKAS, LAWRENCE J 8152 SADDLE CREST DRIVE MECHANICSVILLE VA 23111 | 99141 | 694308GE1 | Pacific Gas and Electric Company | 4/11/2020 | $0.00 | $0.00 | $0.00 | $1,241.10 | $1,241.10 | Claims Barred by the Statute of Repose |
| 110 | EMPLOYEES SECURITY FUND OF THE ELECTRICAL PRODUCTS INDUSTRIES HEALTH & WELFARE RONGBIAO FU 158-11 HARRY VAN ARSDALE JR AVENUE FLUSHING NY 11365 | 99659 | 694308GN1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $185.17 | $185.17 | Claims Barred by the Statute of Repose |
| 111 | EWALD O. NEITZEL & VIVIAN NEITZEL FAMILY REV TRUST 416 MARY ST MAYVILLE WI 53050 | 102818 | 694308GS0 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $5,207.15 | $5,207.15 | Claims Barred by the Statute of Repose |
| 112 | FARRIS, LINDA K 3816 WOODSTOCK ST WONDER LAKE IL 60097 | 98439 | 694308HC4 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $2,740.99 | $2,740.99 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 113 | FIDUCIARY TRUST COMANY OF NEW HAMPSHIRE ON BEHALF OF WADDELL & REED FINANCIAL RETIREMENT INCOME PLAN - LONG DURATION JENNIFER LEPENTIS ASSOCIATE GENERAL COUNSEL WADDELL & REED 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 99943 | 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $113,025.00 | $113,025.00 | Claims Barred by the Statute of Repose |
| 114 | FIDUCIARY TRUST COMPANY OF NEW HAMPSHIRE ON BEHALF OF WADDELL & REED FINANCIAL RETIREMENT INCOME PLAN - GROUP ACCT WADDELL & REED JENNIFER LEPENTIS, ASSOCIATE GENERAL COUNSEL 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 100458 | 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $113,025.00 | $113,025.00 | Claims Barred by the Statute of Repose |
| 115 | FIFTH THIRD BANK, AS SUCCESSOR TRUSTEE TO WELLS FARGO BANK, N.A. OF THE CINTAS CORPORATION (G&K SERVICES) PENSION PLANS MASTER TRUST F/K/A THE G&K SERVICES PENSION PLANS MASTER TRUST FIFTH THIRD BANK, TRUSTEE 5001 KINGSLEY DRIVE CINCINNATI OH 45277 | 100669 | 694308GE1, 694308GQ4, 694308HD2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 116 | FLEISHER, BARRY C. PO BOX 237 EDNEYVILLE NC 28727 | 104531 | 694308GV3 | PG&E Corporation | 5/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 117 | FLYNN, JON S. 1662 HUNTCLIFF DR. ROCK HILL SC 29732 | 99463 | 694308GE1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $12,753.62 | $12,753.62 | Claims Barred by the Statute of Repose |
| 118 | FOGEL, SHERRY B. 388 REEF RD. FAIRFIELD CT 06824 | 99716 | 694308HE0 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $1,250.00 | $1,250.00 | Claims Barred by the Statute of Repose |
| 119 | FONDS DESJARDINS OBLIGATIONS MONDIALES TACTIQUE 00910730/1.2 FIDUCIE DESJARDINS INC ATTN : REORG MTL1-34E-B 1 COMPLEXE DESJARDINS CP 34 SUCCURSALE DESJARDINS MONTRÉAL QC H5B 1E4 CANADA | 101414 | 694308HC4, 694308HA8, 694308GE1, 694308GT8, 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 120 | FONDS DESJARDINS REVENU TAUX VARIABLE 00910906/7.2 FIDUCIE DESJARDINS INC. ATTN : REORG MTL1-34E-B 1 COMPLEXE DESJARDINS C.P. 34 SUCCURSALE DESJARDINS MONTRÉAL QC H5B 1E4 CANADA | 103079 | 694308HA8 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 121 | FOSTER, DOROTHY 3820 PACIFIC WAY LONGVIEW WA 98632 | 99882 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $1,090.75 | $1,090.75 | Claims Barred by the Statute of Repose |
| 122 | GALATY, CAROL POPPER 1910 S STREET NW WASHINGTON DC 20009 | 105672 | 694308GW1 | Pacific Gas and Electric Company | 6/5/2020 | $0.00 | $0.00 | $0.00 | $24,877.66 | $24,877.66 | Claims Barred by the Statute of Repose |
| 123 | GENERAL MOTORS HOLDINGS LLC GM LEGAL STAFF ATTENTION: B. MOUZOURAKIS 300 RENAISSANCE CENTER MAIL CODE 482-C23-A68 DETROIT MI 48265 | 100699 | 694308GT8, 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,634,618.40 | $1,634,618.40 | Claims Barred by the Statute of Repose |
| 124 | GIBRALTAR UNIVERSAL LIFE REINSURANCE CO PLAZ TRUST 1-GULREAZTR1 PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 100936 | 694308GL5, 694308GQ4, 694308GS0, 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 125 | GINA LOMBARDI & MARK R MATHIAS TRUST 10136 E PALO BREA DR SCOTTSDALE AZ 85262 | 103283 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $5,956.30 | $5,956.30 | Claims Barred by the Statute of Repose |
| 126 | GOLDMAN SACHS ACCESS INVESTMENT GRADE CORPORATE BOND ETF GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101287 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | HARTFORD LIFE AND ANNUITY INSURANCE COMPANY CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101156 | 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $49,664,964.00 | $49,664,964.00 | Claims Barred by the Statute of Repose |
| 128 | HARTFORD TOTAL RETURN BOND ETF CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101204 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $87,086.02 | $87,086.02 | Claims Barred by the Statute of Repose |
| 129 | HARTFORD TOTAL RETURN BOND ETF CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD, SUITE 370 CHARLOTTE NC 28226-4561 | 101958 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $87,086.02 | $87,086.02 | Claims Barred by the Statute of Repose |
| 130 | HARTFORD TOTAL RETURN BOND HLS FUND ATTN: MIKE EGAN CLASS ACTION CLAIMS MANAGEMENT 1121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101225 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $5,425,900.00 | $5,425,900.00 | Claims Barred by the Statute of Repose |
| 131 | HIGHT, WESLEY AND DEBRA 202 FISH POND RD KELSO WA 98626 | 100446 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $10,907.50 | $10,907.50 | Claims Barred by the Statute of Repose |
| 132 | HIMCO DURATION MATCHED DIVISION SER II ATTN: MIKE EGAN CLASS ACTION CLAIMS MANAGEMENT 11121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 102069 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $128,400.03 | $128,400.03 | Claims Barred by the Statute of Repose |
| 133 | HIMCO DURATION MATCHED DIVISION SER II CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101981 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $128,400.03 | $128,400.03 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total[1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 134 | HIMCO US AGGREGATE BOND INDEX DIVISION ATTN: MIKE EGAN CLASS ACTION CLAIMS MANAGEMENT 11121 CARMEL COMMONS BLVD. SUITE 370 CHARLOTTE NC 28266-4561 | 102003 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $510,078.44 | $510,078.44 | Claims Barred by the Statute of Repose |
| 135 | HIMCO US AGGREGATE BOND INDEX DIVISION CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 100877 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $510,078.44 | $510,078.44 | Claims Barred by the Statute of Repose |
| 136 | HORIZON HEALTHCARE OF NEW JERSEY, INC. - HBC2 PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 100967 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 137 | HORIZON HEALTHCARE SERVICES, INC. - HBC PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 100969 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 138 | IGT JENN A OR BETTER INTERM FD ATTN: LEGAL DEPARTMENT 11 GEENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102249 | 694308GN1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 139 | IGT LOOMIS SAYLES A OR BET CR F1 FD ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102188 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 140 | IGT LOOMIS SAYLES CR F1 FD ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102179 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | IGT VOYA INTERMEDIATE FUND ATTN: LEGAL DEPARTMENT ANNE GERRY 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102021 | 694308GV3 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 142 | IMPERIAL INTERNATIONAL BOND POOL CIBC ASSET MANAGEMENT INC. 18 YORK STREET, SUITE 1300 TORONTO M5J 2T8 CANADA | 102409 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 143 | INVESCO GRP TST JENNISON INT FD ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 101437 | 694308GN1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 144 | INVESCO INTERMEDIATE BOND FACTOR FUND OF AIM INVESTMENT SECURITIES FUNDS (INVESCO INVESTMENT SECURITIES FUNDS) ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 101894 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 145 | IVY PROSHARES S&P 500 BOND INDEX FUND WADDELL & REED JENNIFER G. LEPENTIS ASSOCIATE GENERAL COUNSEL 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 100361 | 694308GE1, 694308GS0, 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $96,950.00 | $96,950.00 | Claims Barred by the Statute of Repose |
| 146 | KKR BESPOKE GLOBAL CREDIT OPPORTUNITIES (IRELAND) FUND DESIGNATED ACTIVITY COMPANY KKR CREDIT ADVISORS (US) LLC 555 CALIFORNIA STREET SAN FRANCISCO CA 94104 | 101782 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $2,306,000.00 | $2,306,000.00 | Claims Barred by the Statute of Repose |
| 147 | KKR CREDIT ADVISORS (US) LLC 555 CALIFORNIA STREET, FLOOR 50 SAN FRANCISCO CA 94104 | 101906 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $4,413,000.00 | $4,413,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 148 | KKR GLOBAL CREDIT OPPORTUNITIES MASTER FUND LP KKR CREDIT ADVISORS (US) LLC 555 CALIFORNIA STREET SAN FRANCISCO CA 94104 | 101564 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $4,777,000.00 | $4,777,000.00 | Claims Barred by the Statute of Repose |
| 149 | KKR INCOME OPPORTUNITIES FUND KKR CREDIT ADVISORS (US) LLC 555 CALIFORNIA STREET SAN FRANCISCO CA 94104 | 101903 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $648,000.00 | $648,000.00 | Claims Barred by the Statute of Repose |
| 150 | LEGAL SERVICES PLAN OF THE ELECTRICAL INDUSTRY RONGBIAO FU 158-11 HARRY VAN ARSDALE JR AVENUE FLUSHING NY 11365 | 100084 | 694308GN1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $205.68 | $205.68 | Claims Barred by the Statute of Repose |
| 151 | LUCENT TECHNOLOGIES INC. MASTER PENSION TRUST- PORTL PGIM INC. ATTN: DENISE TAYLOR PO BOX 32339 NEWARK NJ 07102 | 101123 | 694308GZ4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 152 | MAJOR LEAGUE BASEBALL PLAYERS PENSION PLAN MORGAN, LEWIS & BOCKIUS LLP NATALIE WENGROFF 1111 PENNSYLVANIA AVENUE, NW WASHINGTON DC 20004-2541 | 98521 | 694308GN1 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $250,000.00 | $250,000.00 | Claims Barred by the Statute of Repose |
| 153 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 | 100657 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 154 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101004 | 694308GZ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 155 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101066 | 694308HF7 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 156 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 100765 | 694308GQ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 157 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101071 | 694308HD2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 158 | MITCHELLS & BUTLERS CIF LIMITED INSTITUTIONAL PROTECTION SERVICES THIRD FLOOR, 1-3 STAPLE INN LONDON WC1V 7QH UNITED KINGDOM | 102470 | 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 159 | NATIONAL TEACHERS ASSOCIATES LIFE INSURANCE COMPANY RACHAEL LUBER HORACE MANN 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100274 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $418,540.00 | $418,540.00 | Claims Barred by the Statute of Repose |
| 160 | NGS SUPER PTY LTD 5 HANOVER SQUARE SUITE 2300 NEW YORK NY 10004 | 99978 | 694308GZ4, 694308HF7 | PG&E Corporation | 4/15/2020 | $0.00 | $0.00 | $0.00 | $727,100.00 | $727,100.00 | Claims Barred by the Statute of Repose |
| 161 | NGS SUPER PTY LTD 5 HANOVER SQUARE, STE 2300 NEW YORK NY 10004 | 100418 | 694308GZ4, 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 162 | NS PARTNERS LTD<br>NEIL SPIZIZEN<br>7525 N 70TH STREET<br>PARADISE VALLEY AZ 85253 | 99930 | 694308GE1 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $35,000.00 | $35,000.00 | Claims Barred by the Statute of Repose |
| 163 | OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM<br>DESSA BAKER, GENERAL COUNSEL<br>5400 N. GRAND BOULEVARD, SUITE 400<br>OKLAHOMA CITY OK 73112 | 100215 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 164 | PEPSICO, INC. MASTER TRUST<br>C/O JOSEPH D. FRANK<br>FRANKGECKER LLP<br>1327 WEST WASHINGTON BLVD., SUITE 5 G-H<br>CHICAGO IL 60607 | 98712 | 694308GE1 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $1,317,977.00 | $1,317,977.00 | Claims Barred by the Statute of Repose |
| 165 | PETE AMATO FOUNDATION INC<br>51315 FIELDSTONE DR.<br>EAST LIVERPOOL OH 43920 | 98320 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $14,054.93 | $14,054.93 | Claims Barred by the Statute of Repose |
| 166 | POC FOR KKR DAF GLOBAL OPPORTUNISTIC CREDIT FUND DAC<br>KKR CREDIT ADVISORS (US) LLC<br>555 CALIFORNIA STREET<br>SAN FRANCISCO CA 94104 | 101642 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $454,000.00 | $454,000.00 | Claims Barred by the Statute of Repose |
| 167 | PRU CREDIT INCOME FUND 2017, A SERIES TRUST OF MULTI MANAGER GLOBAL INVESTMENT TRUST-CORPMATPB7<br>PGIM INC.<br>ATTN: DENISE TAYLOR<br>P.O. BOX 32339<br>NEWARK NJ 07102 | 100945 | 694308HC4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 168 | PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY - PLNJ<br>PGIM INC.<br>ATTN: DENISE TAYLOR<br>PO BOX 32339<br>NEWARK NJ 07102 | 101239 | 694308HD2 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 169 | PRUDENTIAL ARIZONA REINSURANCE CAPTIVE COMPANY - PLAZ TRUST 1-PLAZTR1 PGIM INC. ATTN: DENISE TAYLOR PO BOX 32339 NEWARK NJ 07102 | 101149 | 694308GQ4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 170 | RENAISSANCE GLOBAL BOND PRIVATE POOL CIBC ASSET MANAGEMENT INC. FOR: RENAISSANCE GLOBAL BOND PRIVATE POOL 18 YORK STREET, SUITE 1300 TORONTO M5J2T8 CANADA | 102512 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 171 | RENAISSANCE MULTI-SECTOR FIXED INCOME PRIVATE POOL CIBC ASSET MANAGEMENT INC. FOR: RENAISSANCE MULTI-SECTOR FIXED INCOME PRIVATE POOL 18 YORK STREET, SUITE 1300 TORONTO M5J2T8 CANADA | 102514 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $81,313.00 | $81,313.00 | Claims Barred by the Statute of Repose |
| 172 | RETIREMENT ANNUITY PLAN FOR EMPLOYEES OF THE ARMY AND AIR FORCE EXCHANGE SERVICE FA - TREASURY & PENSIONS 3911 S. WALTON WALKER BLVD. DALLAS TX 75236 | 100227 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 173 | RI HIGHER EDU SVGS TST 529 VOYA INT ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102228 | 694308GV3 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 174 | STATE OF NORTH CAROLINA GALLIARD CAPITAL MANAGEMENT ATTN: CORPORATE ACTIONS 800 LASALLE AVENUE, SUITE 1400 MINNEAPOLIS MN 55402 | 101075 | 694308HE0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 175 | STATE STREET TRUST AND BANKING COMPANY A/C AES5 TORANOMON HILLS MORI TOWER 1-23-1 TORANOMON MINATO-KU TOKYO 105-6325 JAPAN | 100714 | 694308GZ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 176 | STICHTING BLUE SKY ACTIVE HIGH YIELD FIXED INCOME USA FUND 1 PROF. E.M. MEIJERSLAAN AMSTELVEEN, ZUID-HOLLAND 1183 AV NETHERLANDS | 101631 | 694308GT8, 694308GW1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 177 | TACTICAL VALUE SPN-GLOBAL CREDIT OPPORTUNITIES L.P. KKR CREDIT ADVISORS (US) LLC 555 CALIFORNIA STREET SAN FRANCISCO CA 94104 | 101996 | 694308GE1 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $4,413,000.00 | $4,413,000.00 | Claims Barred by the Statute of Repose |
| 178 | TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY THE HARTFORD JOHN SIDLOW ONE HARTFORD PLAZA, HO-1-142 HARTFORD CT 06155 | 100313 | 694308GL5, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $431,639.92 | $431,639.92 | Claims Barred by the Statute of Repose |
| 179 | TERM FUND 2020 GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101336 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 180 | THE HARTFORD STRATEGIC INCOME FUND ATTN: MIKE EGAN CLASS ACTION CLAIMS MANAGEMENT 1121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101189 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $976,812.20 | $976,812.20 | Claims Barred by the Statute of Repose |
| 181 | THE HARTFORD STRATEGIC INCOME FUND CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 1121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 102027 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $976,812.20 | $976,812.20 | Claims Barred by the Statute of Repose |
| 182 | THE HARTFORD TOTAL RETURN BOND FUND ATTN: MIKE EGAN CLASS ACTION CLAIMS MANAGEMENT 1121 CARMEL COMMONS BLVD SUITE 370 CHARLOTTE NC 28226-4561 | 101383 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $4,698,521.25 | $4,698,521.25 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 183 | THE HARTFORD TOTAL RETURN BOND FUND CLASS ACTION CLAIMS MANAGEMENT ATTN: MIKE EGAN 11121 CARMEL COMMONS BLVD, SUITE 370 CHARLOTTE NC 28226-4561 | 101956 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $4,698,521.25 | $4,698,521.25 | Claims Barred by the Statute of Repose |
| 184 | THE HONG KONG POLYTECHNIC UNIVERSITY SUPERANNUATION FUND 11/F, LI KA SHING TOWER THE HONG KONG POLYTECHNIC UNIVERSITY HUNG HOM KOWLOON HONG KONG | 100110 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 185 | THE HONG KONG POLYTECHNIC UNIVERSITY SUPERANNUATION FUND THE HONG KONG POLYTECHNIC UNIVERSITY 11/F, LI KA SHING TOWER HUNG HOM KOWLOON HONG KONG | 99990 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 186 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA - INDIVIDUAL LIFE LONG TERM CORE PUBLIC BONDS - ILLONG PGIM INC. ATTN: DENISE TAYLOR PO BOX 32339 NEWARK NJ 07102 | 101008 | 694308GY7 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 187 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA - PICA/POJ IRELP TRUST - IRELPTR PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 101067 | 694308GQ4, 694308GY7, 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 188 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA- CONGO PICA SINGLE CLIENT BUY-OUT SA-GAR PRD-CONGA PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 100941 | 694308GE1, 694308GJ0, 694308GQ4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 189 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA- LONG DURATION CORPORATE BOND ACCOUNT- TOLILDC PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 101322 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 190 | THE RAPIDES FOUNDATION KAYREN SEGALL 1101 FOURTH STREET, SUITE 300 ALEXANDRIA LA 71301 | 98519 | 694308GL5 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $30,000.00 | $30,000.00 | Claims Barred by the Statute of Repose |
| 191 | THE STATE OF OREGON BY AND THROUGH THE OREGON INVESTMENT COUNCIL ON BEHALF OF THE COMMON SCHOOL FUND OREGON STATE TREASURY C/O MICHAEL VITERI 16290 SW UPPER BOONES FERRY ROAD TIGARD OR 97224 | 100931 | 694308GJ0, 694308GN1, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $600,345.00 | $600,345.00 | Claims Barred by the Statute of Repose |
| 192 | THE STATE OF OREGON BY AND THROUGH THE OREGON INVESTMENT COUNCIL ON BEHALF OF THE OREGON SHORT TERM FUND OREGON STATE TREASURY C/O MICHAEL VITERI 16290 SW UPPER BOONES FERRY ROAD TIGARD OR 97224 | 100806 | 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $8,251,332.00 | $8,251,332.00 | Claims Barred by the Statute of Repose |
| 193 | TIAA-CREF FUNDS - TIAA-CREF SHORT-TERM BOND INDEX FUND C/O TEACHERS ADVISORS LLC ATTN: KEITH ATKINSON 8500 ANDREW CARNEGIE BLVD. CHARLOTTE NC 28262 | 101748 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 194 | TIAA-CREF FUNDS - TIAA-CREF SHORT-TERM BOND INDEX FUND C/O TEACHERS ADVISORS LLC ATTN: KEITH ATKINSON 8500 ANDREW CARNEGIE BLVD. CHARLOTTE NC 28262 | 102066 | 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 195 | TRANSAMERICA LIFE INSURANCE COMPANY- ASCENSION HEALTH ATTN: CORPORATE ACTIONS GALLIARD CAPITAL MANAGEMENT 800 LASALLE AVENUE SUITE 1400 MINNEAPOLIS MN 55402 | 101089 | 694308HC4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 196 | TRUST FOR RETIREE MEDICAL DENTAL AND LIFE INSURANCE PLAN OF THE ARMY AND AIR FORCE EXCHANGE SERVICE ARMY & AIR FORCE EXCHANGE SERVICE FA - TREASURY & PENSIONS 3911 S WALTON WALKER BLVD DALLAS TX 75236 | 100145 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 197 | TSMC GLOBAL LTD SHUPING LIN 8, LI- HSIN RD.6, HSINCHU SCIENCE PARK HSINCHU ROC 300-78 TAIWAN | 101779 | 694308GV3, 694308GW1, 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $3,735,951.13 | $3,735,951.13 | Claims Barred by the Statute of Repose |
| 198 | TSMC GLOBAL LTD SHUPING LIN 8, LI- HSIN RD.6, HSINCHU SCIENCE PARK HSINCHU ROC 300-78 TAIWAN | 102519 | 694308GN1, 694308GW1, 694308GV3 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $3,735,951.13 | $3,735,951.13 | Claims Barred by the Statute of Repose |
| 199 | TYCO ELECTRONICS EMPLOYEE SAVINGS PLAN BRIAN EGRAS 1050 WESTLAKES DRIVE BERWYN PA 19312 | 100838 | 694308GJ0, 694308GE1, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $9,000.00 | $9,000.00 | Claims Barred by the Statute of Repose |
| 200 | UNIFORM RETIREMENT SYSTEM FOR JUSTICES AND JUDGES DESSA BAKER, GENERAL COUNSEL 5400 N. GRAND BOULEVARD, SUITE 400 OKLAHOMA CITY OK 73112 | 99998 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 201 | UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM C/O AT&T UNIVERSITY OF PUERTO RICO R.S. C/O ABRAHAM, FRUCHTER & TWERSKY 450 SEVENTH AVENUE 38TH FLOOR NEW YORK NY 10123 | 101984 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 202 | VANGUARD INSTITUTIONAL SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102343 | 694308GN1, 694308GT8, 694308GW1, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 203 | VANGUARD INSTITUTIONAL SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102344 | 694308GN1, 694308GL5, 694308GT8, 694308GW1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 204 | VANGUARD INSTITUTIONAL SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102457 | 694308GN1, 694308GT8, 694308GW1, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 205 | VANGUARD INSTITUTIONAL SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102566 | 694308GN1, 694308GT8, 694308GW1, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 206 | VANGUARD ULTRA-SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 101946 | 694308GL5, 694308GN1, 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 207 | VANGUARD ULTRA-SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102309 | 694308GN1, 694308GT8, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 208 | VANGUARD ULTRA-SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102518 | 694308GN1, 694308GT8, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 209 | VANGUARD ULTRA-SHORT-TERM BOND FUND THE VANGUARD GROUP ATTN: ANDREW ODORISIO M35 POST OFFICE BOX 1102 VALLEY FORGE PA 19482 | 102572 | 694308GL5, 694308GN1, 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 210 | VERIZON TRANSITION ACCOUNT - VZTRANS PGIM INC. ATTN: DENISE TAYLOR P.O. BOX 32339 NEWARK NJ 07102 | 101427 | 694308HF7 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 211 | VIRGINIA529 VS ING CUSTODY MV ATTN: LEGAL DEPARTMENT 11 GREENWAY PLAZA, SUITE 1000 HOUSTON TX 77046 | 102172 | 694308GV3 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 212 | WEST BEND MUTUAL INSURANCE COMPANY JACOB SCHMIDT 1900 SOUTH 18TH AVENUE WEST BEND WI 53095 | 101040 | 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $249,528.89 | $249,528.89 | Claims Barred by the Statute of Repose |
| 213 | WESTERN ASSET TOTAL RETURN UNCONSTRAINED (TRU) BOND MASTER FUND, LTD. C/O ALYSA ANGUIANO 385 E. COLORADO BLVD PASADENA CA 91101 | 101119 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $2,640,000.00 | $2,640,000.00 | Claims Barred by the Statute of Repose |
| 214 | WESTERN ASSET US CORE BOND, L.L.C. C/O ALYSA ANGUIANO 385 E. COLORADO BLVD PASADENA CA 91101 | 101247 | 694308GE1, 694308GN1, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,400,000.00 | $1,400,000.00 | Claims Barred by the Statute of Repose |
| 215 | WESTERN ASSET US INTERMEDIATE PLUS, L.L.C. C/O ALYSA ANGUIANO 385 E. COLORADO BLVD PASADENA CA 91101 | 101397 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $500,000.00 | $500,000.00 | Claims Barred by the Statute of Repose |
| 216 | WESTERN RESERVE ASSURANCE CO., LTD. SPC MARSH MANAGEMENT SERVICES CAYMAN LTD. PO BOX 1051 23 LIME TREE BAY AVENUE GRAND CAYMAN KY1-1102 CAYMAN ISLANDS | 98816 | 694308GV3 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $136,714.50 | $136,714.50 | Claims Barred by the Statute of Repose |
| 217 | YP HOLDINGS PENSION PLAN THRYV EMPLOYEE BENEFITS COMMITTEE ATTN: TOM MOORE 2200 W. AIRFIELD DR., #29 DFW AIRPORT TX 75261 | 100932 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $245,183.25 | $245,183.25 | Claims Barred by the Statute of Repose |

# EXHIBIT C

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE BANKRUPTCY COURT TO DISALLOW AND/OR EXPUNGE THE CLAIMS LISTED IN EXHIBIT 1 OF THE OBJECTION

CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE AND THE OBJECTION CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHTS, INCLUDING ANY RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.

IF YOU HAVE QUESTIONS, PLEASE CONTACT PRIME CLERK, LLC AT (844) 339-4217

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

- and -

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**NOTICE OF HEARING ON REORGANIZED DEBTORS' ELEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)**

**Response Deadline: August 31, 2021, 4:00 p.m. (PT)**

**Hearing Information If Timely Response Made:**
Date:    September 14, 2021
Time:    10:00 a.m. (Pacific Time)
Place:   (Tele/Videoconference Appearances Only)
         United States Bankruptcy Court
         Courtroom 17, 16th Floor
         San Francisco, CA 94102

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**PLEASE TAKE NOTICE** that on January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (the "**Debtors,**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will hold a hearing on **September 14, 2021, at 10:00 a.m. (Pacific Time)** (the "**Omnibus Hearing**") before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's *Seventh Amended General Order No. 38 – COVID-19 Public Health Emergency*, the Omnibus Hearing will not be conducted in person but will instead be conducted by telephone or video. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a Court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that, in addition to any other matters to be heard at the Omnibus Hearing, the Bankruptcy Court is scheduled to hear the *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, filed on August 3, 2021 [Docket No. 11014] (the "**Omnibus Objection**").

**PLEASE TAKE FURTHER NOTICE** that by the Omnibus Objection, the Reorganized Debtors seek to disallow and/or expunge the proofs of claim listed in **Exhibit 1** of the Omnibus Objection. The basis of the objection to these proofs of claim is that they were not subject to the Extended Securities Bar Date (as defined in the Omnibus Objection) and were untimely filed after the applicable Bar Date.

**If you are receiving this notice and have filed a proof of claim in the Chapter 11 Cases, you should read the Omnibus Objection carefully, including reviewing Exhibit 1 thereto to confirm that your claim is subject to the Omnibus Objection, as it may affect any right you have to receive a distribution in these Chapter 11 Cases on your claim.**

**PLEASE TAKE FURTHER NOTICE** that any oppositions or responses to the Omnibus Objection must be in writing and filed with the Bankruptcy Court so as to be received by no later than the Response Deadline, **4:00 p.m. (Pacific Time) on August 31, 2021**. Any oppositions or responses must comply with the requirements set forth in and be filed and served as described in Exhibit A-3 to the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* dated January 25, 2021 [Docket No. 10015-1] (the "**Securities Omnibus Objection Procedures**"). Any service by email should be made on counsel for the Reorganized Debtors by emailing your response or opposition to PGEsecuritiesclaims@weil.com. A copy of the Securities Omnibus Objection Procedures is attached to this Notice. **Any relief requested in the Omnibus Objection may be granted without a hearing if no opposition or response is timely filed and served in accordance with the Securities Omnibus Objection Procedures. If you fail to file an opposition or response, the Bankruptcy Court may sustain the objection to your Claim and drop the matter from the scheduled hearing without further notice to you.** In deciding the Omnibus Objection, the Bankruptcy Court may consider any other document filed in these Chapter 11 Cases and related adversary proceedings.

**PLEASE TAKE FURTHER NOTICE** that copies of the Omnibus Objection and its supporting papers can be viewed and/or obtained: (i) by accessing the Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from the Reorganized Debtors' notice and claims agent, Prime Clerk LLC , at https://restructuring.primeclerk.com/pge or by calling (844) 339-4217 (toll free) for U.S.-based parties; or +1 (929) 333-8977 for International parties or by e-mail at: pgeinfo@primeclerk.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated:  August 3, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*Richard W. Slack*
Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## Securities Omnibus Objection Procedures

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and
Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC
COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric
Company
☒ Affects both Debtors

*\* ALL PAPERS SHALL BE FILED IN
THE LEAD CASE, NO. 19-30088 (DM).*

Case Nos. 19-30088 (DM) (Lead Case)
(Jointly Administered)

**SECURITIES ADR AND RELATED
PROCEDURES FOR RESOLVING
SUBORDINATED SECURITIES CLAIMS**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Claims Procedures**") for resolving claims, other than Excluded Claims (defined below), that are subject to subordination pursuant to section 510(b) of title 11 of the United States Code (the "**Bankruptcy Code**") (collectively, the "**Subordinated Securities Claims**" and the holders of Subordinated Securities Claims, the "**Subordinated Securities Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## SUMMARY OF THE SECURITIES CLAIM PROCEDURES

These Securities Claims Procedures are designed to facilitate and simplify the resolution of certain proofs of claim that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to pursue expedient resolutions of those claims through settlement. The Securities Claims Procedures apply to certain purported creditors who filed proofs of claim based on their alleged losses incurred related to purchases of publicly-traded PG&E debt and/or equity securities as a result of alleged inadequate or fraudulent disclosures or non-disclosures of information from April 29, 2015 through November 15, 2018, inclusive.

To that end, the Securities Claims Procedures—which are diagrammed in a user-friendly format in Exhibit B attached hereto—first provide that each claimant will receive and respond to a targeted information request regarding the claimant's trading history. The Reorganized Debtors will then decide whether to: (i) attempt to negotiate a settlement directly with the claimant; (ii) mediate with the claimant; (iii) file an omnibus objection on grounds that are common to that claimant and other claimants; and/or (iv) object to the claim on the basis that it lacks merit under the applicable federal securities laws. The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

These procedures are summarized more fully below:

1.     **Securities Claims Information Procedures**. To allow the Reorganized Debtors to properly assess each of the individual Subordinated Securities Claims and determine the appropriate path forward for each claim under the other Securities Claims Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that all Subordinated Securities Claimants be required to provide (to the extent not already provided) the Reorganized Debtors by mail or via a user-friendly online portal with complete trading data in connection with their asserted Subordinated Securities Claims.

2.     **Securities ADR Procedures.** Recognizing that the Subordinated Securities Claims are comprised of different types of claimants and varying amounts of asserted and potential damages, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of Subordinated Securities Claims, each of which is explained in further detail below:

    a.     ***The Offer Procedures***. These procedures will allow the Reorganized Debtors and Subordinated Securities Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

    b.     ***The Abbreviated Mediation Process.*** These are procedures for abbreviated mandatory, non-binding mediation because formal mediation may not be appropriate for all Subordinated Securities Claims, especially those with smaller asserted or potential claim amounts; and

    c.     ***The Standard Mediation Process.*** These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted or have larger potential Subordinated Securities Claims.

3.     **Securities Omnibus Objection Procedures.** The Securities Omnibus Objection Procedures, which are substantially similar to those already adopted by the Court with respect to claims other than Subordinated Securities Claims, will allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective. This process will eliminate the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims, as well as the associated expense and administrative burden both to the Reorganized Debtors and the Court.

    The Reorganized Debtors believe these processes will facilitate prompt settlement and payment of the allowed Subordinated Securities Claims. If the above-described procedures do not resolve all Subordinated Securities Claims, and merits-based objections to remaining claims (if any) are required, such objections will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## CLAIMS SUBJECT TO THE SECURITIES CLAIMS PROCEDURES

### A.    Subordinated Securities Claims

The claims subject to these Securities Claims Procedures include all Subordinated Securities Claims other than Excluded Claims, as defined below.  Specifically, these Securities Claims Procedures are limited to claims that fall into the following classes of claims under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**").[1]

### Subordinated Debt Claims

(i)    <u>Class 9A – HoldCo Subordinated Debt Claims</u> – any Claim against HoldCo that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution, but excluding any HoldCo Rescission or Damage Claims.

(ii)   <u>Class 10B – Utility Subordinated Debt Claims</u> – any Claim against the Utility that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution.

### Subordinated Equity Claims

(iii)  <u>Class 10A-II – HoldCo Rescission or Damage Claims</u> – any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

### B.    Excluded Claims

These Securities Claims Procedures shall not apply to any Subordinated Securities Claim filed by: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"), (ii) York County on behalf of County of York Retirement Fund ("**York County**"), (iii) City of Warren Police and Fire Retirement System ("**City of Warren**"), (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**"), and (v) the Underwriters (collectively, the "**Excluded Claims**").  The holders of Excluded Claims are collectively referred to herein as "**Excluded Claimants**."

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

1
2
3
4
5                             **Exhibit A-3**

6               **The Securities Omnibus Objection Procedures**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The following procedures (the "**Securities Omnibus Objection Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I. SECURITIES OMNIBUS OBJECTION PROCEDURES

The Securities Omnibus Objection Procedures allow the Reorganized Debtors to object to multiple Subordinated Securities Claims in a single-filed objection document (each such document, an "**Omnibus Objection**") and apply as follows:

### A. Form of Omnibus Objection

Omnibus Objections will be numbered consecutively, irrespective of the basis for the objection.

### B. Number of Proofs of Claim per Omnibus Objection

The Reorganized Debtors may object to no more than 250 Subordinated Securities Claims per Omnibus Objection.

### C. Grounds for Omnibus Objection

The Reorganized Debtors may object to Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

#### 1. Outside Subject Period

Certain Subordinated Securities Claimants filed claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"). *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943], Ex. C (the "**Extended Securities Bar Date Order**").

#### 2. Liquidation of Position Prior to a "Corrective Disclosure"

Certain Subordinated Securities Claimants suffered no alleged harm where a Subordinated Securities Claimant sold his or her entire positions before any alleged "corrective disclosure"—in

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

other words, the claimant both bought and sold securities at allegedly inflated prices.

### 3. *Unauthorized Bulk Claims*

This omnibus objection is only available after the Reorganized Debtors have given the subjects of the objection forty-five (45) days to provide proof of authorization for such filing.

### 4. *Otherwise Objectionable*

Certain Subordinated Securities Claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including failure to file timely claims by the Extended Securities Bar Date and statute of limitations bases.

**D.     Supporting Declaration**

The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

**E.     Proof of Claim Exhibits**

An exhibit listing the proofs of claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection.  Notwithstanding Bankruptcy Local Rule 3007-1(a), the Reorganized Debtors are not required to attach a copy of proofs of claim that are the subject of the objection.  Each exhibit will include, among other things, the following information:

    i.    An alphabetized list of the claimants whose proofs of claim are subject to the Omnibus Objection;

    ii.    The claim numbers of the proofs of claim that are the subject of the Omnibus Objection;

    iii.    The amount of claim asserted in the proof of claim, or a statement that the claim seeks an unliquidated amount;

    iv.    The grounds for objection; and

    v.    For Omnibus Objections in which the Reorganized Debtors seek to reduce the amount of any given proof of claim, the proposed reduced claim amount.

Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153-0119

**F.      Notice of Securities Omnibus Objection to Subordinated Securities Claimants**

Each Subordinated Securities Claimant whose claim is subject to an Omnibus Objection will be sent a copy of the Omnibus Objection, including all exhibits and attachments thereto.  The Omnibus Objection will be served on the individual claimant by mail, not less than forty-two (42) days before the date set for hearing of the Omnibus Objection at the address on the claimant's most recently filed proof of claim, as well as upon any counsel of record in these cases for the Subordinated Securities Claimant.  The Omnibus Objection, among other things, will:

i.      Describe the nature of the Omnibus Objection;

ii.      Inform the Subordinated Securities Claimant that its rights may be affected by the Omnibus Objection and encourage the Subordinated Securities Claimant to read the Omnibus Objection carefully;

iii.      Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing on the Omnibus Objection, consistent with Bankruptcy Local Rule 9014-a(c);

iv.      Attach a copy of these Securities Omnibus Objection Procedures, which describe the requirements for filing a written response (each, a "**Response**") to the Omnibus Objection; and

v.      Warn the Claimant that failure to file a Response may result in the Court sustaining the objection and dropping the matter from the scheduled hearing.

**G.      Order if No Response**

The Reorganized Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all proofs of claim for which the Reorganized Debtors did not receive a timely Response, without further notice to the Subordinated Securities Claimants.

**H.      Each Omnibus Objection is a Contested Matter**

Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each proof of

claim. Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection. Fed. R. Bankr. P. 3007(f) provides as follows: "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection."

## I. Responses to Omnibus Objections

### 1. Contents

Each Response must contain the following (at a minimum):

    i.    A caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

    ii.    The Subordinated Securities Claimant's name, the applicable proof of claim number(s), and an explanation for the amount of the proof of claim;

    iii.    A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

    iv.    A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

    v.    The Subordinated Securities Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Subordinated Securities Claimant's attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the proof of claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Subordinated Securities Claimant's proofs of claim listed in the Omnibus Objection (including all proofs of claim to be disallowed and the surviving proofs of claim) will be

Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119

sent to the new Notice Address in addition to other service address(es) already on file.

### 2.   *Additional Information*

To facilitate a resolution of the Omnibus Objection, the Response must include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection.  If such person is not the Subordinated Securities Claimant, the Response must also include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Subordinated Securities Claimant's behalf (the "**Additional Address**").  Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

### 3.   *Failure to Timely File a Response*

If the Subordinated Securities Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Reorganized Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Subordinated Securities Claimant.

### 4.   *Service of the Response*

A written response to an Omnibus Objection, consistent with the requirements described herein, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice of the Omnibus Objection).  Responses should be served via the Court's ECF system. In the case of Subordinated Securities Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Reorganized Debtors' counsel as shown on the Omnibus Objection.  If a Subordinated Securities Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or other commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Subordinated Securities Claimant must inform the Reorganized Debtors' counsel by email, telephone, or facsimile before the Response Deadline of the Subordinated Securities

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by postal or other commercial express service.

### J. Reservation of Rights

Nothing in the Omnibus Objection will constitute a waiver of the right to assert any claims, defenses, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims with respect to the Subordinated Securities Claim or against the Subordinated Securities Claimant. Unless the Bankruptcy Court allows a proof of claim or specifically orders otherwise, the Reorganized Debtors have the right to object on any grounds not previously ruled upon by the Bankruptcy Court to the Subordinated Securities Claims (or to any other proofs of claim or causes of action filed by any claimant or that have been scheduled by the Reorganized Debtors) within sixty (60) days of the later of the Bankruptcy Court's order resolving the Omnibus Objection, or the termination of the final Securities ADR Procedure. An affected Subordinated Securities Claimant will receive a separate notice of any such additional objection.

## II. MISCELLANEOUS PROVISIONS

### A. Settlement of Subordinated Securities Claims

The Reorganized Debtors and a Subordinated Securities Claimant may settle any Subordinated Securities Claim subject to these Securities Claims Procedures through the Offer Procedures, Securities Mediation Procedures, or by agreement at any point. Nothing herein shall limit, expand, or otherwise modify the Reorganized Debtors' authority to settle claims pursuant to the Plan or the Confirmation Order or as otherwise authorized by the Bankruptcy Court or applicable law.

### B. Computing Time for Deadlines

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities Omnibus Objection Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that

2    is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# EXHIBIT D



Signed and Filed: September 9, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1    WEIL, GOTSHAL & MANGES LLP
2    Richard W. Slack (*pro hac vice*)
     (richard.slack@weil.com)
3    Jessica Liou (*pro hac vice*)
     (jessica.liou@weil.com)
4    Matthew Goren (*pro hac vice*)
     (matthew.goren@weil.com)
5    767 Fifth Avenue
     New York, NY 10153-0119
6    Tel: 212 310 8000
     Fax: 212 310 8007
7
8    KELLER BENVENUTTI KIM LLP
     Tobias S. Keller (#151445)
9    (tkeller@kbkllp.com)
     Peter J. Benvenutti (#60566)
     (pbenvenutti@kbkllp.com)
10    Jane Kim (#298192)
     (jkim@kbkllp.com)
11    650 California Street, Suite 1900
     San Francisco, CA 94108
12    Tel: 415 496 6723
     Fax: 650 636 9251
13

14    *Attorneys for Debtors and Reorganized Debtors*

15

16          **UNITED STATES BANKRUPTCY COURT**
         **NORTHERN DISTRICT OF CALIFORNIA**
17          **SAN FRANCISCO DIVISION**

18

19    **In re:**             Bankruptcy Case No. 19-30088 (DM)

20    **PG&E CORPORATION,**      Chapter 11

21      **- and -**             (Lead Case) (Jointly Administered)

22    **PACIFIC GAS AND ELECTRIC**    **ORDER DISALLOWING AND EXPUNGING**
   **COMPANY,**             **PROOFS OF CLAIM PURSUANT TO**
23                  **REORGANIZED DEBTORS' ELEVENTH**
           **Debtors.**       **SECURITIES CLAIMS OMNIBUS**
24                  **OBJECTION (CLAIMS BARRED BY THE**
     ☐ Affects PG&E Corporation      **STATUTE OF REPOSE)**
25      ☐ Affects Pacific Gas and Electric Company
     ☒ Affects both Debtors          **[Re: Dkt. Nos. 11014, 11210]**
26

27    * *All papers shall be filed in the Lead Case,*
   *No. 19-30088 (DM).*

28

*(left margin, vertical)* Weil, Gotshal & Manges LLP · 767 Fifth Avenue · New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the *Reorganized Debtors' Amended Report on Responses to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) and Request for Order by Default as to Unopposed Objections* [Docket No. 11210] (the "**Request**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996] and the Securities Omnibus Objection Procedures as defined and set forth in the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015]; and this Court having jurisdiction to consider the Request and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Request and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Request as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The claims listed in the column headed "Claims to be Disallowed/Expunged" in **Exhibit A** hereto are disallowed and expunged.

2.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

*** END OF ORDER ***

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**Claims to be Disallowed/Expunged**

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ANDERSON, MERRILY J<br>P.O BOX 773<br>MAULDIN SC 29662 | 98750 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $35,439.21 | $35,439.21 | Claims Barred by the Statute of Repose |
| 2 | ANGRICK, H. JAMES<br>14230 W DOMINGO LANE<br>SUN CITY WEST AZ 85375 | 100071 | 694308GL5 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 3 | ANNE ARUNDEL COUNTY, MARYLAND<br>ANNE ARUNDEL COUNTY OFFICE OF LAW<br>HAMILTON F. TYLER, ESQUIRE<br>2660 RIVA ROAD - 4TH FLOOR<br>ANNAPOLIS MD 21401 | 99352 | 694308GN1, 694308GE1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $18,695.68 | $18,695.68 | Claims Barred by the Statute of Repose |
| 4 | ARNOLD, FREDERICK  A.<br>2507 CLAYTON ROAD<br>BEAVER FALLS PA 15010 | 103356 | 694308HE0 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $22,117.10 | $22,117.10 | Claims Barred by the Statute of Repose |
| 5 | ARNOLD, FREDERICK A.<br>2507 CLAYTON ROAD<br>BEAVER FALLS PA 15010 | 106126 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $22,117.10 | $22,117.10 | Claims Barred by the Statute of Repose |
| 6 | BAHNICK, ROBERT S.<br>1611 LINDEN AVE.<br>OWENSBORO KY 42301 | 99709 | 694308GW1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $6,867.00 | $6,867.00 | Claims Barred by the Statute of Repose |
| 7 | BILLINGS, TIMOTHY E.<br>7708 E. OAK STREET<br>SCOTTSDALE AZ 85257 | 98794 | 694308GY7 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $23,764.00 | $23,764.00 | Claims Barred by the Statute of Repose |

[1] Claims listed as $0.00 seek an unliquidated amount.

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | BIRNHOLZ, KAREN 21 SOUTHERN SLOPE DR MILLBURN NJ 07041 | 104858 | 694308GW1 | Pacific Gas and Electric Company | 5/15/2020 | $0.00 | $0.00 | $0.00 | $5,257.89 | $5,257.89 | Claims Barred by the Statute of Repose |
| 9 | BLADES, LINDA 1122 S. WESTMORELANE DE SOTO TX 75115-8508 | 102855 | 694308GL5 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $4,135.12 | $4,135.12 | Claims Barred by the Statute of Repose |
| 10 | BLUME, WAYNE C. 842 MARCH ST. LAKE ZURICH IL 60047 | 103976 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 11 | BONILLA, JUDY LOUISE 3204 CANYON VIEW DR. OCEANSIDE CA 92058 | 102853 | 694308HE0 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $12,487.50 | $12,487.50 | Claims Barred by the Statute of Repose |
| 12 | BORDELON, JAMES 413 BELLE CHASE DR LA PLACE LA 70068-3401 | 103151 | 694308GT8 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $4,000.00 | $4,000.00 | Claims Barred by the Statute of Repose |
| 13 | BORG, RICHARD P. & TERRI P. 22686 FOREST VIEW DR ESTERO FL 33928 | 102366 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $496.37 | $496.37 | Claims Barred by the Statute of Repose |
| 14 | BRAY III, EDWARD W WCFS FBO EDWARD BRAY IRA 516 N TRYON ST CHARLOTTE NC 28202 | 99098 | 694308GM3 | PG&E Corporation | 4/11/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | BRUCE ALPERT FAMILY TRUST, C/O JEREMY G. ALPER, TRUSTEE 6000 POPLAR AVENUE, STE 400 MEMPHIS TN 38119 | 102759 | 694308GW1 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $1,413.10 | $1,413.10 | Claims Barred by the Statute of Repose |
| 16 | BRUNTER, STEVEN 23018 RUNNYMEDE ST. WEST HILLS CA 91307 | 99791 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $3,257.13 | $3,257.13 | Claims Barred by the Statute of Repose |
| 17 | BRYAN, JACOB H 18670 MORRISON CREEK CIRCLE BUENA VISTA CO 81211 | 103896 | 694308GT8 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 18 | BRYAN, JR., SAMUEL HUGH 2489 COULEE CROSSING RD. WOODWORTH LA 71485 | 106144 | 694308GT8 | Pacific Gas and Electric Company | 7/14/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 19 | BURGENER, RONALD V. 458 N 1100 E APT 4 LEHI UT 84043 | 100694 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $9,816.75 | $9,816.75 | Claims Barred by the Statute of Repose |
| 20 | BUSHONG, DIANA L. 2109 THE POINT RD W TOMAHAWK WI 54487 | 102877 | 694308HB6 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 21 | CAMICO MUTUAL INSURANCE COMPANY JAY H. STEWART, CFO 1800 GATEWAY DRIVE, SUITE 300 SAN MATEO CA 94404 | 99469 | 694308HC4 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $14,612.41 | $14,612.41 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | CAPLAN, ROBERT 4721 ROCK LEDGE DR HARRISBURG PA 17110 | 103844 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $10,553.61 | $10,553.61 | Claims Barred by the Statute of Repose |
| 23 | CARECONNECT INSURANCE COMPANY, INC.: 46-2270382 (WELLINGTON BOND) ATTN: CHRISTINE L. WHITE AND JOSHUA ROSE GENERAL COUNSEL / CARECONNECT OFFICE OF LEGAL AFFAIRS 2000 MARCUS AVENUE NEW HYDE PARK NY 11042 | 100846 | 694308GW1, 694308HB6, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 24 | CARLETON ENGINEERS & CONSULTANTS INC. PROFIT SHARING PLAN FINIS E. CARLETON, TRUSTEE 313 ELLERBROCHT DRIVE FREDERICKSBURG TX 78624 | 103162 | 694308HE0 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $10,213.00 | $10,213.00 | Claims Barred by the Statute of Repose |
| 25 | CASTO, GRETTA E. 7570 W PARKSIDE DR. YOUNGSTOWN OH 44512 | 100262 | 694308HE0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $17,066.71 | $17,066.71 | Claims Barred by the Statute of Repose |
| 26 | CHANG, YU WEN 400 PROSPECT ST, UNIT #113 LA JOLLA CA 92037 | 98571 | 694308HC4 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $3,974.85 | $3,974.85 | Claims Barred by the Statute of Repose |
| 27 | CHARLES SCHWAB & CO IRA C/F CAROLE SKAU CAROLE SKAU 3398 7 LAKES WEST WEST END NC 27376 | 104104 | 694308HB6 | PG&E Corporation | 5/8/2020 | $0.00 | $0.00 | $0.00 | $20,000.00 | $20,000.00 | Claims Barred by the Statute of Repose |
| 28 | CHARLES SCHWAB CONTRIBUTORY IRA FBO CHERYL ABRAMOWITZ CHERYL ABRAMOWITZ 20 FLEETWOOD RD COMMACK NY 11725 | 103110 | 694308GT8 | PG&E Corporation | 4/23/2020 | $0.00 | $0.00 | $0.00 | $651.25 | $651.25 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | CHEUNG, MICHAEL 18796 RIDGEFIELD RD NW SHORELINE WA 98177 | 103311 | 694308GW1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $14,000.00 | $14,000.00 | Claims Barred by the Statute of Repose |
| 30 | CHRISTENSEN, CONRAD 89 STEPHANIE LANE ALAMO CA 94507 | 101570 | 694308GT8 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 31 | CICCONE, CAROL M 104 MAIN AVENUE ALIQUIPPA PA 15001 | 102876 | 694308HE0 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $11,086.15 | $11,086.15 | Claims Barred by the Statute of Repose |
| 32 | CICCONE, CAROL M. 104 MAIN AVENUE ALIQUIPPA PA 15001 | 98032 | 694308HE0 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $11,086.15 | $11,086.15 | Claims Barred by the Statute of Repose |
| 33 | CLARK, CATHERINE M 2421 36TH AVE LONGVIEW WA 98632 | 100742 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $6,544.50 | $6,544.50 | Claims Barred by the Statute of Repose |
| 34 | CLASSEN, RONALD C. & MARGARET M. 2283 N 500 EAST RD DANFORTH IL 60930 | 102831 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $41,208.00 | $41,208.00 | Claims Barred by the Statute of Repose |
| 35 | COLEMAN, GREG W AND STEPHANIE W 3685 WEMBLEY LANE LEXINGTON KY 40515 | 100218 | 694308HB6 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $9,621.11 | $9,621.11 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | COLLIER, BLAKELY E 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104989 | 694308GV3 | PG&E Corporation | 5/18/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 37 | COLLIER, KELLY J 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104618 | 694308GM3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 38 | COLLIER, KRISTIN 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104581 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 39 | COLLIER, LAUREN ANNE 32241 COOK LANE SAN JUAN CAPISTRANO CA 92675 | 104586 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $8,000.00 | $8,000.00 | Claims Barred by the Statute of Repose |
| 40 | COLLINS, TIMOTHY RICHARD 4031 BARTON PARK PLACE RALEIGH NC 27613 | 98630 | 694308HF7 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $5,749.59 | $5,749.59 | Claims Barred by the Statute of Repose |
| 41 | CONSOLIDATED RETIREE HEALTH BENEFITS TRUST 101 MONROE STREET 15TH FLOOR ROCKVILLE MD 20850 | 103202 | 694308GE1, 694308GJ0, 694308GY7 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $71,856.00 | $71,856.00 | Claims Barred by the Statute of Repose |
| 42 | CORCORAN, TIMOTHY P 7664 WOVEN MEMORIES ST LAS VEGAS NV 89149 | 100134 | 694308GS0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $3,183.47 | $3,183.47 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | CORSIGLIA, GEORGE 4688 W. TANGERINE RD. APT. 13101 MARANA AZ 85658 | 99789 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 44 | COSE, JR., CLAYTON C. 718 W. 11TH ST. S. NEWTON IA 50208 | 99599 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $15,000.00 | $0.00 | $0.00 | $89.36 | $15,089.36 | Claims Barred by the Statute of Repose |
| 45 | COULSON, MICHAEL J 1712 MIRAMAR DR VENTURA CA 93001 | 98493 | 694308HC4 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $1,901.45 | $1,901.45 | Claims Barred by the Statute of Repose |
| 46 | CRANE, GERI LYNN 2711 SEQUOIA WAY BELMONT CA 94002 | 102775 | 694308GT8 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $4,749.06 | $4,749.06 | Claims Barred by the Statute of Repose |
| 47 | CUTNEY, CHARLES A. PO BOX 173 WALLKILL NY 12589-0173 | 102670 | 694308GW1 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $122,000.00 | $122,000.00 | Claims Barred by the Statute of Repose |
| 48 | DAPKIS, JOHN G 571 PLUM RIDGE DR ROCHESTER HILLS MI 48309-1018 | 98496 | 694308GE1 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $823.66 | $823.66 | Claims Barred by the Statute of Repose |
| 49 | DAVID T. WALKER IRA RAYMOND JAMES & ASSOC CUST. FBO DAVID T. WALKER IRA 530 N. MAIN ST., APT. 406 BUTLER PA 16001 | 102661 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,987.85 | $2,987.85 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | DAVIES, ROBERT T. 1597 JACKSON ST. ALIQUIPPA PA 15001 | 98325 | 694308HE0 | Pacific Gas and Electric Company | 3/25/2020 | $0.00 | $0.00 | $0.00 | $16,122.75 | $16,122.75 | Claims Barred by the Statute of Repose |
| 51 | DAVIS, JANICA A. 2603 REFLECTIONS PLACE W. MELBOURNE FL 32904-6665 | 102079 | 694308GN1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 52 | DAVIS, JANICE H 2603 REFLECTIONS PLACE W MELBOURNE FL 32904-6665 | 103313 | 694308GN1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 53 | DAVIS, JOYCE S. & ROBERT A. 103 GARVINHURST DR BEAVER PA 15009 | 103230 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $50,196.19 | $50,196.19 | Claims Barred by the Statute of Repose |
| 54 | DAVIS, JOYCE S. 103 GARVINHURST DR BEAVER PA 15009 | 103355 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $13,051.01 | $13,051.01 | Claims Barred by the Statute of Repose |
| 55 | DAVIS, ROBERT  A. 103 GARVINHURST DR. BEAVER PA 15009 | 103338 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $16,062.78 | $16,062.78 | Claims Barred by the Statute of Repose |
| 56 | DAVIS, ROBERT A. 103 GARVINHURST DR BEAVER PA 15009 | 103237 | 694308HE0 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $47,184.42 | $47,184.42 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | DAYTON, MIKI 115 N. TAYLOR PIERRE SD 57501 | 102925 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,718.60 | $2,718.60 | Claims Barred by the Statute of Repose |
| 58 | DEROSA, DOLORES 266 LITTLE TOWN QUARTER WILLIAMSBURG VA 23185 | 100478 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $307.50 | $307.50 | Claims Barred by the Statute of Repose |
| 59 | DESALVO, JOSEPH A 603 EAST PARK ELMHURST IL 60126 | 104103 | 694308GT8 | PG&E Corporation | 5/8/2020 | $0.00 | $0.00 | $0.00 | $670.05 | $670.05 | Claims Barred by the Statute of Repose |
| 60 | DEVVONO , THOMAS J 8413 LACEVINE PLACE LOUISVILLE KY 40220 | 98601 | 694308GT8, 694308HE0 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $7,908.87 | $7,908.87 | Claims Barred by the Statute of Repose |
| 61 | DEWEY, BRENDA 761 FORT EBEY ROAD COUPEVILLE WA 98239 | 97760 | 694308GT8 | Pacific Gas and Electric Company | 3/13/2020 | $0.00 | $0.00 | $0.00 | $398.94 | $398.94 | Claims Barred by the Statute of Repose |
| 62 | DEWEY, MICHAEL 761 FORT EBEY ROAD COUPEVILLE WA 98239 | 97769 | 694308GT8 | Pacific Gas and Electric Company | 3/13/2020 | $0.00 | $0.00 | $0.00 | $396.84 | $396.84 | Claims Barred by the Statute of Repose |
| 63 | DIETZ, WINNIE R. 725 NORMAN DR. CRANBERRY TWSHP PA 16066 | 98107 | 694308HE0 | Pacific Gas and Electric Company | 3/26/2020 | $0.00 | $0.00 | $0.00 | $15,058.86 | $15,058.86 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | DILORETO, PHYLLIS A.<br>275 WINDSOR DR.<br>EAST LIVERPOOL OH 43920 | 98316 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $12,047.09 | $12,047.09 | Claims Barred by the Statute of Repose |
| 65 | DIMEN, JOSH<br>3065 ARROYO SECO<br>PALM SPRINGS CA 92264 | 103327 | 694308GW1 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $3,790.00 | $3,790.00 | Claims Barred by the Statute of Repose |
| 66 | DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLAN BASIC BENEFIT PLAN<br>5055 WILSHIRE BLVD, SUITE 600<br>LOS ANGELES, CA 90036 | 100802 | 694308GE1, 694308GL5, 694308GJ0 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $7,362.90 | $7,362.90 | Claims Barred by the Statute of Repose |
| 67 | DIRECTORS GUILD OF AMERICA-PRODUCER PENSION PLAN SUPPLEMENTAL BENEFIT PLAN<br>5055 WILSHIRE BLVD, SUITE 600<br>LOS ANGELES CA 90036 | 100677 | 694308GE1, 694308GL5, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $8,643.40 | $8,643.40 | Claims Barred by the Statute of Repose |
| 68 | DRRT FBO BAYERNINVEST KAPITALVERWALTUNGSGESELLSCHAFT MBH<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 98950 | 694308HF7 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 69 | DRRT FBO CREDIT SUISSE FUNDS AG DRRT<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 101205 | 694308GN1, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 70 | DRRT FBO CREDIT SUISSE FUNDS AG (3973)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 101102 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | DRRT FBO DEKA INVESTMENT GMBH (12076) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101465 | 694308GQ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 72 | DRRT FBO GIAM GENERALI INSURANCE ASSET MANAGEMENT (4147) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100042 | 694308HC4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 73 | DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99550 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 74 | DRRT FBO INETRNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (ATRI GR) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99604 | 694308HF7, 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 75 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99714 | 694308GW1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $415,950.00 | $415,950.00 | Claims Barred by the Statute of Repose |
| 76 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (AGER CIG) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100137 | 694308GT8, 694308GV3 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 77 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (PMPT CB) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99607 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98964 | 694308GE1 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 79 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98968 | 694308GJ0 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 80 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 98995 | 694308GJ0 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $641,250.00 | $641,250.00 | Claims Barred by the Statute of Repose |
| 81 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99002 | 694308GW1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $322,437.50 | $322,437.50 | Claims Barred by the Statute of Repose |
| 82 | DRRT FBO KAISER PERMANENTE 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99006 | 694308GW1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $235,337.50 | $235,337.50 | Claims Barred by the Statute of Repose |
| 83 | DRRT FBO METZLER ASSET MANAGEMENT GMBH (HBJ) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100338 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 84 | DRRT FBO SWISS REINSURANCE COMPANY LTD(NYSL22) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99707 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 85 | DRRT FBO SWISS REINSURANCE COMPANY LTD(NYSLR2) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99816 | 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 86 | DRRT FBO SWISS REINSURANCE COMPANY LTD(ZF67A9) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99829 | 694308GJ0, 694308HD2 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 87 | DRRT FBO SWISS REINSURANCE COMPANY LTD(ZF71DD) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99841 | 694308GN1, 694308GT8 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 88 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG (CH0018) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100514 | 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 89 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0086) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100541 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 90 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0966_B) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100585 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $593,525.00 | $593,525.00 | Claims Barred by the Statute of Repose |
| 91 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0970_C) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100543 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 92 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH1020_B) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100560 | 694308GL5, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $308,875.00 | $308,875.00 | Claims Barred by the Statute of Repose |
| 93 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU6370) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100606 | 694308GW1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 94 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9348) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100118 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 95 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9430) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100107 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 96 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9566) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100670 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 97 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A.(LU9804) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100334 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 98 | DUNLAP, MARVIN RICHARD 4224 CORTON COURT ALLISON PARK PA 15101 | 97997 | 694308GW1 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $352.37 | $352.37 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | DUPONT CAPITAL MANAGEMENT CORPORATION DCMC GEM TRUST - GEM OPPORTUNISTIC 3 DUPONT CAPITAL MANAGEMENT ATTN: JOSEPH MAURER 1 RIGHTER PARKWAY SUITE 3200 WILMINGTON DE 19803 | 99732 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $643,359.30 | $643,359.30 | Claims Barred by the Statute of Repose |
| 100 | EDWARD & SHARON KENDALL REVOCABLE TRUST 401 HARLOW LN THE VILLAGES FL 32163 | 105346 | 694308GT8 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $8,514.13 | $8,514.13 | Claims Barred by the Statute of Repose |
| 101 | EDWARD C. BENSON & LINDA A. BENSON 11332 TUSCARORA LANE MINNEOLA FL 34715 | 104914 | 694308GE1 | Pacific Gas and Electric Company | 5/15/2020 | $0.00 | $0.00 | $0.00 | $2,082.36 | $2,082.36 | Claims Barred by the Statute of Repose |
| 102 | EDWARD JONES TRUST CO CUST FBO RANDALL H. LIPSON LIPSON, RANDALL H 798 E WHITECLOUD LN HERNANDO FL 34442-2803 | 104449 | 694308GE1 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $24,000.00 | $24,000.00 | Claims Barred by the Statute of Repose |
| 103 | ELINSKAS, LAWRENCE J 8152 SADDLE CREST DRIVE MECHANICSVILLE VA 23111 | 99141 | 694308GE1 | Pacific Gas and Electric Company | 4/11/2020 | $0.00 | $0.00 | $0.00 | $1,241.10 | $1,241.10 | Claims Barred by the Statute of Repose |
| 104 | EWALD O. NEITZEL & VIVIAN NEITZEL FAMILY REV TRUST 416 MARY ST MAYVILLE WI 53050 | 102818 | 694308GS0 | Pacific Gas and Electric Company | 4/24/2020 | $0.00 | $0.00 | $0.00 | $5,207.15 | $5,207.15 | Claims Barred by the Statute of Repose |
| 105 | FARRIS, LINDA K 3816 WOODSTOCK ST WONDER LAKE IL 60097 | 98439 | 694308HC4 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $2,740.99 | $2,740.99 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 106 | FIDUCIARY TRUST COMANY OF NEW HAMPSHIRE ON BEHALF OF WADDELL & REED FINANCIAL RETIREMENT INCOME PLAN - LONG DURATION JENNIFER LEPENTIS ASSOCIATE GENERAL COUNSEL WADDELL & REED 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 99943 | 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $113,025.00 | $113,025.00 | Claims Barred by the Statute of Repose |
| 107 | FIDUCIARY TRUST COMPANY OF NEW HAMPSHIRE ON BEHALF OF WADDELL & REED FINANCIAL RETIREMENT INCOME PLAN - GROUP ACCT WADDELL & REED JENNIFER LEPENTIS, ASSOCIATE GENERAL COUNSEL 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 100458 | 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $113,025.00 | $113,025.00 | Claims Barred by the Statute of Repose |
| 108 | FIFTH THIRD BANK, AS SUCCESSOR TRUSTEE TO WELLS FARGO BANK, N.A. OF THE CINTAS CORPORATION (G&K SERVICES) PENSION PLANS MASTER TRUST F/K/A THE G&K SERVICES PENSION PLANS MASTER TRUST FIFTH THIRD BANK, TRUSTEE 5001 KINGSLEY DRIVE CINCINNATI OH 45277 | 100669 | 694308GE1, 694308GQ4, 694308HD2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 109 | FLEISHER, BARRY C. PO BOX 237 EDNEYVILLE NC 28727 | 104531 | 694308GV3 | PG&E Corporation | 5/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 110 | FLYNN, JON S. 1662 HUNTCLIFF DR. ROCK HILL SC 29732 | 99463 | 694308GE1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $12,753.62 | $12,753.62 | Claims Barred by the Statute of Repose |
| 111 | FOGEL, SHERRY B. 388 REEF RD. FAIRFIELD CT 06824 | 99716 | 694308HE0 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $1,250.00 | $1,250.00 | Claims Barred by the Statute of Repose |
| 112 | FONDS DESJARDINS OBLIGATIONS MONDIALES TACTIQUE 00910730/1.2 FIDUCIE DESJARDINS INC ATTN : REORG MTL1-34E-B 1 COMPLEXE DESJARDINS CP 34 SUCCURSALE DESJARDINS MONTRÉAL QC H5B 1E4 CANADA | 101414 | 694308HC4, 694308HA8, 694308GE1, 694308GT8, 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 113 | FONDS DESJARDINS REVENU TAUX VARIABLE 00910906/7.2 FIDUCIE DESJARDINS INC. ATTN : REORG MTL1-34E-B 1 COMPLEXE DESJARDINS C.P. 34 SUCCURSALE DESJARDINS MONTRÉAL QC H5B 1E4 CANADA | 103079 | 694308HA8 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 114 | FOSTER, DOROTHY 3820 PACIFIC WAY LONGVIEW WA 98632 | 99882 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $1,090.75 | $1,090.75 | Claims Barred by the Statute of Repose |
| 115 | GALATY, CAROL POPPER 1910 S STREET NW WASHINGTON DC 20009 | 105672 | 694308GW1 | Pacific Gas and Electric Company | 6/5/2020 | $0.00 | $0.00 | $0.00 | $24,877.66 | $24,877.66 | Claims Barred by the Statute of Repose |
| 116 | GENERAL MOTORS HOLDINGS LLC GM LEGAL STAFF ATTENTION: B. MOUZOURAKIS 300 RENAISSANCE CENTER MAIL CODE 482-C23-A68 DETROIT MI 48265 | 100699 | 694308GT8, 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,634,618.40 | $1,634,618.40 | Claims Barred by the Statute of Repose |
| 117 | GINA LOMBARDI & MARK R MATHIAS TRUST 10136 E PALO BREA DR SCOTTSDALE AZ 85262 | 103283 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $5,956.30 | $5,956.30 | Claims Barred by the Statute of Repose |
| 118 | GOLDMAN SACHS ACCESS INVESTMENT GRADE CORPORATE BOND ETF GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101287 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 119 | HIGHT, WESLEY AND DEBRA 202 FISH POND RD KELSO WA 98626 | 100446 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $10,907.50 | $10,907.50 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 120 | IMPERIAL INTERNATIONAL BOND POOL CIBC ASSET MANAGEMENT INC. 18 YORK STREET, SUITE 1300 TORONTO M5J 2T8 CANADA | 102409 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 121 | IVY PROSHARES S&P 500 BOND INDEX FUND WADDELL & REED JENNIFER G. LEPENTIS ASSOCIATE GENERAL COUNSEL 6300 LAMAR AVENUE SHAWNEE MISSION KS 66202 | 100361 | 694308GE1, 694308GS0, 694308GJ0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $96,950.00 | $96,950.00 | Claims Barred by the Statute of Repose |
| 122 | MAJOR LEAGUE BASEBALL PLAYERS PENSION PLAN MORGAN, LEWIS & BOCKIUS LLP NATALIE WENGROFF 1111 PENNSYLVANIA AVENUE, NW WASHINGTON DC 20004-2541 | 98521 | 694308GN1 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $250,000.00 | $250,000.00 | Claims Barred by the Statute of Repose |
| 123 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 | 100657 | 694308GM3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 124 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101004 | 694308GZ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 125 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101066 | 694308HF7 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 126 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 100765 | 694308GQ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 CANADA | 101071 | 694308HD2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 128 | MITCHELLS & BUTLERS CIF LIMITED INSTITUTIONAL PROTECTION SERVICES THIRD FLOOR, 1-3 STAPLE INN LONDON WC1V 7QH UNITED KINGDOM | 102470 | 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 129 | NATIONAL TEACHERS ASSOCIATES LIFE INSURANCE COMPANY RACHAEL LUBER HORACE MANN 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100274 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $418,540.00 | $418,540.00 | Claims Barred by the Statute of Repose |
| 130 | NGS SUPER PTY LTD 5 HANOVER SQUARE SUITE 2300 NEW YORK NY 10004 | 99978 | 694308GZ4, 694308HF7 | PG&E Corporation | 4/15/2020 | $0.00 | $0.00 | $0.00 | $727,100.00 | $727,100.00 | Claims Barred by the Statute of Repose |
| 131 | NGS SUPER PTY LTD 5 HANOVER SQUARE, STE 2300 NEW YORK NY 10004 | 100418 | 694308GZ4, 694308HF7 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 132 | NS PARTNERS LTD NEIL SPIZIZEN 7525 N 70TH STREET PARADISE VALLEY AZ 85253 | 99930 | 694308GE1 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $35,000.00 | $35,000.00 | Claims Barred by the Statute of Repose |
| 133 | OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM DESSA BAKER, GENERAL COUNSEL 5400 N. GRAND BOULEVARD, SUITE 400 OKLAHOMA CITY OK 73112 | 100215 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 134 | PETE AMATO FOUNDATION INC 51315 FIELDSTONE DR. EAST LIVERPOOL OH 43920 | 98320 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $14,054.93 | $14,054.93 | Claims Barred by the Statute of Repose |
| 135 | RENAISSANCE GLOBAL BOND PRIVATE POOL CIBC ASSET MANAGEMENT INC. FOR: RENAISSANCE GLOBAL BOND PRIVATE POOL 18 YORK STREET, SUITE 1300 TORONTO M5J2T8 CANADA | 102512 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 136 | RENAISSANCE MULTI-SECTOR FIXED INCOME PRIVATE POOL CIBC ASSET MANAGEMENT INC. FOR: RENAISSANCE MULTI-SECTOR FIXED INCOME PRIVATE POOL 18 YORK STREET, SUITE 1300 TORONTO M5J2T8 CANADA | 102514 | 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $81,313.00 | $81,313.00 | Claims Barred by the Statute of Repose |
| 137 | RETIREMENT ANNUITY PLAN FOR EMPLOYEES OF THE ARMY AND AIR FORCE EXCHANGE SERVICE FA - TREASURY & PENSIONS 3911 S. WALTON WALKER BLVD. DALLAS TX 75236 | 100227 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 138 | STATE OF NORTH CAROLINA GALLIARD CAPITAL MANAGEMENT ATTN: CORPORATE ACTIONS 800 LASALLE AVENUE, SUITE 1400 MINNEAPOLIS MN 55402 | 101075 | 694308HE0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 139 | STATE STREET TRUST AND BANKING COMPANY A/C AES5 TORANOMON HILLS MORI TOWER 1-23-1 TORANOMON MINATO-KU TOKYO 105-6325 JAPAN | 100714 | 694308GZ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 140 | STICHTING BLUE SKY ACTIVE HIGH YIELD FIXED INCOME USA FUND 1 PROF. E.M. MEIJERSLAAN AMSTELVEEN, ZUID-HOLLAND 1183 AV NETHERLANDS | 101631 | 694308GT8, 694308GW1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | TERM FUND 2020 GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101336 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 142 | THE HONG KONG POLYTECHNIC UNIVERSITY SUPERANNUATION FUND 11/F, LI KA SHING TOWER THE HONG KONG POLYTECHNIC UNIVERSITY HUNG HOM KOWLOON HONG KONG | 100110 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 143 | THE HONG KONG POLYTECHNIC UNIVERSITY SUPERANNUATION FUND THE HONG KONG POLYTECHNIC UNIVERSITY 11/F, LI KA SHING TOWER HUNG HOM KOWLOON HONG KONG | 99990 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 144 | THE RAPIDES FOUNDATION KAYREN SEGALL 1101 FOURTH STREET, SUITE 300 ALEXANDRIA LA 71301 | 98519 | 694308GL5 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $30,000.00 | $30,000.00 | Claims Barred by the Statute of Repose |
| 145 | TIAA-CREF FUNDS - TIAA-CREF SHORT-TERM BOND INDEX FUND C/O TEACHERS ADVISORS LLC ATTN: KEITH ATKINSON 8500 ANDREW CARNEGIE BLVD. CHARLOTTE NC 28262 | 101748 | 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 146 | TIAA-CREF FUNDS - TIAA-CREF SHORT-TERM BOND INDEX FUND C/O TEACHERS ADVISORS LLC ATTN: KEITH ATKINSON 8500 ANDREW CARNEGIE BLVD. CHARLOTTE NC 28262 | 102066 | 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 147 | TRANSAMERICA LIFE INSURANCE COMPANY- ASCENSION HEALTH ATTN: CORPORATE ACTIONS GALLIARD CAPITAL MANAGEMENT 800 LASALLE AVENUE SUITE 1400 MINNEAPOLIS MN 55402 | 101089 | 694308HC4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 148 | TRUST FOR RETIREE MEDICAL DENTAL AND LIFE INSURANCE PLAN OF THE ARMY AND AIR FORCE EXCHANGE SERVICE ARMY & AIR FORCE EXCHANGE SERVICE FA - TREASURY & PENSIONS 3911 S WALTON WALKER BLVD DALLAS TX 75236 | 100145 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 149 | TSMC GLOBAL LTD SHUPING LIN 8, LI- HSIN RD.6, HSINCHU SCIENCE PARK HSINCHU ROC 300-78 TAIWAN | 101779 | 694308GV3, 694308GW1, 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $3,735,951.13 | $3,735,951.13 | Claims Barred by the Statute of Repose |
| 150 | TSMC GLOBAL LTD SHUPING LIN 8, LI- HSIN RD.6, HSINCHU SCIENCE PARK HSINCHU ROC 300-78 TAIWAN | 102519 | 694308GN1, 694308GW1, 694308GV3 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $3,735,951.13 | $3,735,951.13 | Claims Barred by the Statute of Repose |
| 151 | TYCO ELECTRONICS EMPLOYEE SAVINGS PLAN BRIAN EGRAS 1050 WESTLAKES DRIVE BERWYN PA 19312 | 100838 | 694308GJ0, 694308GE1, 694308GL5 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $9,000.00 | $9,000.00 | Claims Barred by the Statute of Repose |
| 152 | UNIFORM RETIREMENT SYSTEM FOR JUSTICES AND JUDGES DESSA BAKER, GENERAL COUNSEL 5400 N. GRAND BOULEVARD, SUITE 400 OKLAHOMA CITY OK 73112 | 99998 | 694308GE1 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 153 | UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM C/O AF&T UNIVERSITY OF PUERTO RICO R.S. C/O ABRAHAM, FRUCHTER & TWERSKY 450 SEVENTH AVENUE 38TH FLOOR NEW YORK NY 10123 | 101984 | 694308GE1 | Pacific Gas and Electric Company | 4/17/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 154 | WEST BEND MUTUAL INSURANCE COMPANY JACOB SCHMIDT 1900 SOUTH 18TH AVENUE WEST BEND WI 53095 | 101040 | 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $249,528.89 | $249,528.89 | Claims Barred by the Statute of Repose |

# EXHIBIT E

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)**<br><br>**Response Deadline: September 15, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:    September 29, 2021<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   (Telephonic Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors,**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this thirteenth securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claims To Be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Edward J. Radetich, Jr., dated August 18, 2021 (the "**Radetich Declaration**") and of Michael Keable, dated August 18, 2021 (the "**Keable Declaration**"), in support of the Objection.

The Objection seeks to expunge certain debt-based securities proofs of claim that are barred by the statute of repose for securities claims arising under Section 11 of the Securities Act of 1933 (the "**Securities Act**"). A statute of repose is a type of limitation that typically runs from the date of the alleged wrongful act, rather than the date plaintiffs knew or should have known about their claims. Section 13 of the Securities Act categorically bars all Section 11 claims filed more than three years after the offering date of the security at issue. *See* 15 U.S.C. § 77m. This three-year statute of repose period is not subject to tolling or other extension. Each of the Claims is barred under the three-year statute of repose because all of the alleged transactions stem from debt securities offerings that took place more than three years before January 29, 2019 (the "**Petition Date**").[1]

The debt-based securities claims submitted in these Chapter 11 Cases (the "**Debt Claims**") arise under Section 11. Indeed, statements during confirmation and in subsequent briefing in this Court and in the Securities Litigation in the District Court (as defined below) confirm that the Debt Claims arise under Section 11.

Where, as here, Section 11 debt claims are based on public offerings that occurred more than three years before the filing of those claims, they are barred by the three-year statute of repose. Thus,

---

[1] The Reorganized Debtors have requested relief with respect to identically situated claims in the *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, dated August 3, 2021 [Docket No. 11014]. The Court has not yet ruled on this objection.

the proofs of claim subject to this Objection should be dismissed and expunged in their entirety.

## I.  JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II.  BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date Order required any person who had a prepetition claim to file a proof of claim by the Bar Date. Notice of the Bar Date was disseminated widely pursuant to the Bar Date Order, including to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Bar Date.

On October 21, 2019, the Public Employees Retirement Association of New Mexico ("**PERA**"), filed a proof of claim against each Debtor.[2]  *See* Claim Nos. 69105, 71345. The proof of claim asserted

---

[2] PERA subsequently also filed Rescission or Damage Proof of Claim Forms (as herein defined). *See* Claim Nos. 101691 (withdrawn), 72193 (purportedly on behalf of a putative class), 72273 (same).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

certain securities claims on behalf of PERA and incorporated the operative complaint (the "**Third Amended Complaint**") that PERA filed in the United States District Court for the Northern District of California (the "**District Court**") as lead plaintiff in *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal. Oct. 4, 2019) (the "**Securities Litigation**"). *See* Sec. Litig. Docket No. 121. The Third Amended Complaint asserts claims under the Securities Act as to the Debtors' debt securities and, separately, claims under the Exchange Act of 1934 (the "**Exchange Act**") as to the Debtors' equity securities. *See id.*[3] The putative class in the Securities Litigation comprises investors who, during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Putative Class Period**"), purchased or otherwise acquired certain publicly traded securities of the Debtors. *See id*. Pursuant to the Plan (as defined below), the Securities Litigation is permanently enjoined as to the Reorganized Debtors, and associated claims, other than any entitlement to distributions under the Plan, have been discharged. *See* Plan §§ 4.12, 4.14, 4.32, 10.6.

After the Petition Date, the Securities Litigation continued to proceed against the non-Debtor defendants. On October 4, 2019, the non-Debtor defendants moved to dismiss the Securities Act claims, which motions, if granted, would dispose of all noteholder claims. *See* Sec. Litig. Docket No. 155 (motion to dismiss noteholder claims). The non-Debtor defendants also moved to dismiss the Exchange Act claims, which, if granted, would dispose of all shareholder claims. *See* Sec. Litig. Docket No. 149 (motion to dismiss shareholder claims). The District Court has not yet ruled on the motions to dismiss filed in the Securities Litigation. On April 29, 2021, the District Court indicated its intention to stay the Securities Litigation pending the resolution of the proofs of claim filed in the Chapter 11 Cases. *See* Sec. Litig. Docket No. 198. PERA has filed papers opposing the stay, *see* Sec. Litig. Docket Nos. 203 & 208, and the District Court has not yet ruled whether it will in fact stay the action.

On December 9, 2019, PERA filed a motion seeking to apply Bankruptcy Rule 7023 to the proofs of claim filed by PERA in the Chapter 11 Cases [Docket No. 5042] (the "**7023 Motion**"). On February 27, 2020, the Court entered an order denying the 7023 Motion, but extending the Bar Date to April 16,

---

[3] This Objection does not seek to disallow or expunge any Debt Claims that are based on debt-securities at issue in the Securities Litigation, because the Third Amended Complaint does not assert claims based on any offerings that occurred more than three years prior to the Petition Date. *See* Sec. Litig. Docket No. 121.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2020 (the "**Extended Securities Bar Date**") with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the Putative Class Period who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims (the "**Rescission or Damage Proof of Claim Form**").

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Court approved, among other things, procedures for filing omnibus objections to certain Securities Claims (the "**Securities Omnibus Objection Procedures**"), including to Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Claims Procedures Order ¶ 8(d); *see also id.*, Ex. A-3 ¶ I.C.4.

## III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and expunging the Claims, identified on **Exhibit 1** hereto, each of which is barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. As set forth below, each of the Claims are based exclusively on transactions in debt securities that were offered more than three years before the Petition Date. Accordingly, the Reorganized Debtors request that the Claims be disallowed and expunged in their entirety on the basis that they are time-barred.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. ARGUMENT

### A. The Claims Should be Disallowed and Expunged.

Section 13 of the Securities Act sets time limits for bringing claims under Section 11, providing in relevant part that:

> In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) [Sections 11 and 12, respectively] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

15 U.S.C. § 77m. As the Supreme Court has explained, "[t]he statute provides in clear terms that '[i]n no event' shall an action be brought more than three years after the securities offering on which it is based." *California Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017) (citing 15 U.S.C. § 77m). This three-year bar "is a statute of repose," and "runs from the defendant's last culpable act (the offering of the securities), not from the accrual of the claim (the plaintiff's discovery of the defect in the registration statement)." *Id.* Section 13 "does not refer to or impliedly authorize any exceptions for tolling" and "displaces the traditional power of courts to modify statutory time limits in the name of equity." *Id.* at 2051, 2055. Thus, the three-year statute of repose bars any and all actions that stem from a security issued more than three years prior to filing the initiating complaint. *See id.* at 2050 (statute of repose "create[s] 'an absolute bar on a defendant's temporal liability'") (citation omitted).

Here, all Debt Claims based on securities issued more than three years before the Petition Date are time-barred as a matter of law. While the Bankruptcy Code generally tolls filing deadlines pending the lifting of the automatic stay, that tolling only applies where the relevant period "has not expired *before* the date of the filing of the petition." 11 U.S.C. § 108(c) (emphasis added); *see also Smith v. Lachter (In re Smith)*, 293 B.R. 220, 223 (B.A.P. 9th Cir. 2003) (same). Thus, if a statute of repose has lapsed before the commencement of a chapter 11 case, a proof of claim subject to that statute of repose is time-barred as a matter of law—as is the case with respect to each of the Claims.

This Court can adjudicate this Objection on the papers. Where, as here, a claimant's entitlement to relief is time-barred on the face of the pleadings, including on the basis that the relevant statute of repose has lapsed, courts in this Circuit routinely dismiss those claims with prejudice. *See, e.g., Hildes*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*v. Arthur Andersen LLP*, No. 08-cv-0008 BEN (RBB), 2015 WL 11199825, at *6 (S.D. Cal. May 15, 2015) (granting motion and dismissing entire action with prejudice because Section 11 claim was "barred by the three-year statute of repose"); *Fed. Deposit Ins. Corp. v. Countrywide Sec. Corp. (In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.)*, 966 F. Supp. 2d 1018, 1021 (C.D. Cal. 2013) (dismissing all claims with prejudice holding that Section 11 claims were time-barred because "[a]ll eight of the certificates at issue were offered to the public . . . more than three years before" the FDIC's receivership); *Fed. Deposit Ins. Corp. v. Countrywide Fin. Corp. (In re Countrywide Fin. Corp.)*, No. 2:11-cv-10400-MRP (MANx), 2012 WL 12897153, at *2 (C.D. Cal. June 15, 2012) (granting motion to dismiss time-barred Section 11 claims with prejudice because "[t]he Complaint was filed in Colorado state court on April 23, 2010, more than three years after each of the Certificates in this case was bona fide offered to the public and purchased by [plaintiff]").

Here, because each of the Claims are based exclusively on transactions in debt securities that were issued more than three years before the Petition Date, *see* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B, and because there is no equitable tolling under Section 13 of the Securities Act, the Claims are barred by the applicable statute of repose. Accordingly, this Court should disallow and expunge the proofs of claim that are subject to the Objection in their entirety.

**B.    The Debt Claims Arise Under Section 11 of the Securities Act.**

While none of the Claims articulate any specific cause of action in the proofs of claim, the Debt Claims arise under Section 11. Indeed, PERA has confirmed that the Debt Claims arise under Section 11 of the Securities Act. *See, e.g.*, *Securities Lead Plaintiff's Opposition, Request for Clarification, and Reservation of Rights to Reorganized Debtors' First Securities Claims Omnibus Objection* [Docket No. 10524], at 4 (the Debt Claims "arise under the Securities Act" and are "covered by Section 11 and subject to a different damages analysis than Section 10(b) claims"); June 5, 2020 Hr'g Tr. 61:12–17 ("There's three additional named plaintiffs in the securities litigation. They're public and union retirement funds that assert claims under the Securities Act of 1933 against each of the debtors as well as certain of their current and former Ds and Os and the underwriters of certain of their public notes offerings."). Moreover, the parties to the Securities Litigation briefed the motions to dismiss the debt claims in that action based on those claims having arisen under Section 11 of the Securities Act. *See* Sec. Litig. Docket

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

No. 155 (motion to dismiss noteholder claims all based on Section 11).

Accordingly, Section 13 of the Securities Act bars any Debt Claims based on transactions in debt securities with an offering date that was more than three years prior to the Petition Date. *See supra* § IV.A.[4]

### C. The Claimants Bear the Burden of Proof.

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed. 1991)); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid. Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Claims do not represent a current right to payment and, therefore, should be disallowed and expunged. If any holder of a Claim believes that its Claim is valid, it must articulate with particularity the basis for the Claim in response to the Objection and present affirmative evidence demonstrating the Claim's validity.

---

[4] To be clear, there is no basis raised by any Securities Claimants in their proofs of claim or otherwise to conclude that any of the Claims arise under anything other than Section 11. Under the circumstances, because the Claims fail under Section 11's three-year statute of repose, the Court should disallow and expunge the proofs of claim in their entirety.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**D. The Claims May Be Objected to by an Omnibus Objection.**

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C. The Securities Omnibus Objection Procedures supplement Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one Securities Claim if they "are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Omnibus Objection Procedures ¶ I.C.4; *see also* Securities Claims Procedures Order ¶ 8(d). The Reorganized Debtors and their advisors have reviewed each of the Claims, identified in Exhibit 1, and have determined that each of them is premised exclusively on debt securities that were issued at least three years prior to the Petition Date. *See* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B (identifying the issue dates of each of the debt securities that were offered more than three years prior to the Petition Date). Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection. Furthermore, the Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph F of the Securities Omnibus Objection Procedures.

**V. RESERVATION OF RIGHTS**

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not yet granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

whether such claims are subject to this Objection.  A separate notice and hearing will be scheduled for any such objections.  Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.  *See* Securities Omnibus Objection Procedures ¶ I.J.

## VI.    NOTICE

Notice of this Objection will be provided to: (i) the holders of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 18, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By:      */s/ Richard W. Slack*
        Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**<u>Exhibit 1</u>**

**Claims Barred by the Statute of Repose**

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Adelmann, William 704 Meadowlark Ln Coppell TX 75019 | 97826 | 694308GV3 | Pacific Gas and Electric Company | 3/18/2020 | $0.00 | $0.00 | $0.00 | $11,062.50 | $11,062.50 | Claims Barred by the Statute of Repose |
| 2 | Akutagawa, Richard T. 4433 Providence Pt. Pl. SE Issaquah WA 98029 | 103449 | 694308HL4 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $228.93 | $228.93 | Claims Barred by the Statute of Repose |
| 3 | Arnold, Barry 7040 Amberleigh Way John's Creek GA 30097 | 98644 | 694308HG5 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $5,812.52 | $5,812.52 | Claims Barred by the Statute of Repose |
| 4 | Balek, Sandra 330 Lamplighter Ln. Great Falls MT 59405 | 103330 | 694308HG5 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 5 | Barry & Diane Goldstein Living Trust 210 NW 123rd Way Coral Springs FL 33071 | 102686 | 694308HM2 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $1,350.00 | $1,350.00 | Claims Barred by the Statute of Repose |
| 6 | Barton, Thomas K. P.O. Box 40155 St. Petersburg FL 33743 | 98058 | 694308HM2 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |
| 7 | Bender, Karen J 15744 N Blueberry Ln PO Box 73 Paradise MI 49768 | 98321 | 694308HM2 | Pacific Gas and Electric Company | 3/28/2020 | $0.00 | $0.00 | $0.00 | $99.57 | $99.57 | Claims Barred by the Statute of Repose |
| 8 | Bender, Karen J 15744 N Blueberry Ln, PO Box 73 Paradise MI 49768 | 98224 | 694308HM2 | Pacific Gas and Electric Company | 3/28/2020 | $0.00 | $0.00 | $0.00 | $99.57 | $99.57 | Claims Barred by the Statute of Repose |
| 9 | Beverly Gagnon IRA RBCWM C/F Beverly Gagnon 9 Trofalgar Square Suite 200 Nashua NH 03063 | 99906 | 694308HG5 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 10 | Bittenbender, Thomas T 408 Marina View Way Lakeway TX 78734 | 103765 | 694308HG5 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $3,362.85 | $3,362.85 | Claims Barred by the Statute of Repose |

[1] Claims listed as $0.00 seek an unliquidated amount.

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | BLUMENSTETTER, ANTHONY J.<br>310 WOODHOLLOW ROAD<br>GREAT RIVER NY 11739-3012 | 105103 | 694308HG5 | Pacific Gas and Electric Company | 5/19/2020 | $0.00 | $0.00 | $0.00 | $5,883.28 | $5,883.28 | Claims Barred by the Statute of Repose |
| 12 | Bucha, Ronald C<br>12441 Pine Street<br>Garden Grove CA 92840-3324 | 105157 | 694308HG5 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 13 | Cadillac Area Community Foundation<br>201 N Mitchell St<br>Suite 101<br>Cadillac MI 49601 | 103865 | 694308HM2 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $8,639.37 | $8,639.37 | Claims Barred by the Statute of Repose |
| 14 | Carver, Lisa A<br>48 204 Silver Birch Lane<br>Plainview NY 11803 | 105233 | 694308HL4 | PG&E Corporation | 5/19/2020 | $0.00 | $0.00 | $0.00 | $698.23 | $698.23 | Claims Barred by the Statute of Repose |
| 15 | Christensen Family Trust<br>Ejnar S. Christensen, Jr<br>7505 River Rd., 7A<br>Newport News VA 23607 | 98567 | 694308HL4 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $2,967.75 | $2,967.75 | Claims Barred by the Statute of Repose |
| 16 | Clinton Ronald Albrecht Ttee<br>Ann T. Albrecht<br>1023 Placid Drive<br>Arnold MD 21012 | 104079 | 694308HK6 | PG&E Corporation | 5/7/2020 | $0.00 | $0.00 | $0.00 | $7,001.00 | $7,001.00 | Claims Barred by the Statute of Repose |
| 17 | Commonwealth Annuity and Life Insurance Company<br>The Hartford<br>John Sidlow<br>One Hartford Plaza, HO-1-142<br>Hartford CT 06155 | 100939 | 694308GM3, 694308GK7 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $467,740.44 | $467,740.44 | Claims Barred by the Statute of Repose |
| 18 | Connecticut General Life Insurance Company OBO SASV901<br>Attn: Maria Turner A4ACT<br>900 Cottage Grove Rd.,<br>Bloomfield CT 06002 | 103061 | 694308HM2 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 19 | Connecticut General Life Insurance Company OBO SASV904<br>Attn: Maria Turner A4ACT<br>900 Cottage Grove Rd.<br>Bloomfield CT 06002 | 103047 | 694308HG5 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 20 | CONTRIBUTORY IRA OF JANET PUTNAM JOHNSON, CHARLES SCHWAB & CO INC CUST IRA<br>CONTRIBUTORY<br>66272 E Orcale Ridge RD<br>Tucson AZ 85739-1535 | 102430 | 694308HM2 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $6,185.49 | $6,185.49 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | D. LEE PADGITT, TRUSTEE, MARY L. WELLS TRUST U/A DTD 04/15/1988 FBO NANCY L. BLACKWELL 560 GREEN BAY RD #100 WINNETKA IL 60093 | 104427 | 694308HM2 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $5,457.54 | $5,457.54 | Claims Barred by the Statute of Repose |
| 22 | Diocese of Shreveport 3500 Fairfield Avenue Shreveport LA 71104 | 103601 | 694308HK6 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $5,288.08 | $5,288.08 | Claims Barred by the Statute of Repose |
| 23 | DRRT FBO MEAG MUNICH ERGO KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100717 | 694308HB6, 694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 24 | Edward Jones Trust Co as cust FBO William T. Clements 1674 NW Wild Rye Circle Bend OR 97703 | 99543 | 694308GY7 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $13,228.54 | $13,228.54 | Claims Barred by the Statute of Repose |
| 25 | Goldberg, Rosalie 1155 N. Gulfstream Ave 1508 Sarasota FL 34236 | 100090 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $18,628.22 | $18,628.22 | Claims Barred by the Statute of Repose |
| 26 | Goodsell, Ken 617 South Olive St. Suite 601 Los Angeles CA 90014 | 98057 | 694308GV3 | PG&E Corporation | 3/24/2020 | $0.00 | $0.00 | $0.00 | $11,000.00 | $11,000.00 | Claims Barred by the Statute of Repose |
| 27 | Gorny, Beverly K 5417 Syracuse Rd Cheyenne WY 82009 | 105441 | 694308HC4 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 28 | Greiner, Helen 386 S Main St Minoa NY 13116 | 98999 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 29 | Gutstein, Hal S. 156 E 79th St New York NY 10075 | 104319 | 694308HM2 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $20,446.40 | $20,446.40 | Claims Barred by the Statute of Repose |
| 30 | Halpern, Barton L. 9 Oak Wood Lane Lititz PA 17543 | 103835 | 694308HG5 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $5,743.50 | $5,743.50 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | Hamilton Family Trust<br>Ronald M. Hamilton<br>5370 Pacifica Drive<br>San Diego CA 92109 | 105367 | 694308HE0 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $4,363.00 | $4,363.00 | Claims Barred by the Statute of Repose |
| 32 | Hanenberg, Joan<br>20 Pilgrim Way<br>Wayne NJ 07470 | 98935 | 694308GJ0 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 33 | Harrelson, Jennifer P.<br>7975 Monticello Dr.<br>Sandy Springs GA 30350 | 103342 | 694308GT8 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $6,543.90 | $6,543.90 | Claims Barred by the Statute of Repose |
| 34 | Heath-Rawlings, Beverly<br>PO Box 538<br>4769 Hawking Rd.<br>Richfield OH 44286 | 103081 | 694308HC4 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $73,831.00 | $73,831.00 | Claims Barred by the Statute of Repose |
| 35 | Helen Greiner IRA<br>386 S. Main St.<br>Minoa NY 13116 | 99015 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 36 | HH Health System - Marshall LLC<br>Attn. S. Creps<br>227 Brittany Rd<br>Guntersville AL 35976 | 103621 | 694308HK6 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $31,578.00 | $31,578.00 | Claims Barred by the Statute of Repose |
| 37 | Hicks, Krista G<br>2589 Old Church Road<br>Mechanicsville VA 23111 | 99269 | 694308GW1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 38 | Hilton, Cynthia<br>1016 Palo Verde Ave<br>Long Beach CA 90815-4663 | 105667 | 694308HG5 | PG&E Corporation | 6/2/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 39 | Hochheim Prairie Casualty Insurance Company<br>500 US Highway 77A S<br>Yoakum TX 77995 | 100715 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $34,976.26 | $34,976.26 | Claims Barred by the Statute of Repose |
| 40 | Hoffman, Jim<br>2658 West Montgomery Drive<br>Chandler AZ 85224 | 102284 | 694308HE0 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $665.00 | $665.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | Holmes, Connie<br>4105 Maloney Rd<br>Knoxville TN 37920 | 98587 | 694308GT8 | PG&E Corporation | 4/1/2020 | $0.00 | $0.00 | $0.00 | $26,991.50 | $26,991.50 | Claims Barred by the Statute of Repose |
| 42 | HS Chase Estate Trust<br>c/o Farmers & Merchants State Bank<br>101 W. Jefferson St.<br>PO Box 29<br>Winterset IA 50273 | 98333 | 694308GT8 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $3,899.93 | $3,899.93 | Claims Barred by the Statute of Repose |
| 43 | Hughes, Jennifer Sue<br>PO Box 38026<br>Charlotte NC 28278 | 100379 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 44 | Hume, Robert M<br>10 Wisteria Lane<br>Bluffton SC 29909 | 104112 | 694308HM2 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $295.22 | $295.22 | Claims Barred by the Statute of Repose |
| 45 | HUTTNER, ERIC<br>34 SUFFOLK LANE<br>PRINCETON JUNCTION NJ 08550 | 103229 | 694308HC4 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $14,000.00 | $14,000.00 | Claims Barred by the Statute of Repose |
| 46 | Ikoma, Allan<br>1514 Terrance Drive<br>Naperville IL 60565 | 103772 | 694308GT8 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $5,179.65 | $5,179.65 | Claims Barred by the Statute of Repose |
| 47 | J. Michael Gospe & Geraldine Gospe<br>1701 Pamela Dr.<br>Santa Rosa CA 95404 | 103819 | 694308HM2 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $500.00 | $500.00 | Claims Barred by the Statute of Repose |
| 48 | Jacquelin Olympio Rev Living Trust<br>1931 NE 86th Ave<br>Pembroke Pines FL 33024 | 99105 | 694308GE1 | Pacific Gas and Electric Company | 4/12/2020 | $0.00 | $0.00 | $0.00 | $2,778.60 | $2,778.60 | Claims Barred by the Statute of Repose |
| 49 | James A Dahl, Tr. & Shirley E Dahl, Tr., Dahl Family Trust, U/A of 11-04-2008<br>15382 Admiral Baker Circle<br>Haymarket VA 20169 | 97846 | 694308GT8 | PG&E Corporation | 3/19/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 50 | James R. Kyper IRA<br>Raymond James & Assoc. Cust. FBO James R. Kyper IRA<br>129 Beaver Creek Court<br>Sewickley PA 15143 | 99873 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,750.81 | $4,750.81 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | James, Ronald L.<br>P.O. Box 245<br>New Manchester WV 26056 | 98160 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $10,039.24 | $10,039.24 | Claims Barred by the Statute of Repose |
| 52 | Jean A Germain IRA Standard<br>960 Bruce Circle<br>Thousand Oaks CA 91362 | 105782 | 694308GW1 | Pacific Gas and Electric Company | 6/15/2020 | $0.00 | $0.00 | $0.00 | $30,903.82 | $30,903.82 | Claims Barred by the Statute of Repose |
| 53 | Jeanne M. Alberston, UA 05-10-1990 Alberston Family Trust<br>Jeanne M. Alberston<br>7664 N. Clark Ln.<br>Williams AZ 86046 | 98726 | 694308HB6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $42,000.00 | $42,000.00 | Claims Barred by the Statute of Repose |
| 54 | Jerry L. Thomas & Alona M. Thomas Co-TTEE Thomas 1998 Living Trust<br>2079 Willow Bar Crt.<br>Gold River CA 95670 | 105113 | 694308HB6 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $9,410.50 | $9,410.50 | Claims Barred by the Statute of Repose |
| 55 | JOHN S & ANNE D RICHARDSON CO TTEE RICHARDSON REVOCABLE LIVING TRUST<br>John S Richardson<br>165 Woodbine Rd<br>Shelburne VT 05482 | 103581 | 694308HC4 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $5,174.20 | $5,174.20 | Claims Barred by the Statute of Repose |
| 56 | Johnson, Leroy R.<br>2448 N Burling St<br>Chicago IL 60614-2616 | 103979 | 694308GT8 | PG&E Corporation | 5/6/2020 | $0.00 | $0.00 | $0.00 | $150.00 | $150.00 | Claims Barred by the Statute of Repose |
| 57 | Jones, Catherine A.<br>9177 Windflower Drive<br>Ellicott City MD 20142 | 102753 | 694308HC4 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $8,021.20 | $8,021.20 | Claims Barred by the Statute of Repose |
| 58 | Jones, Catherine A.<br>9177 Windflower Drive<br>Ellicott City MD 21042 | 102650 | 694308HC4 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $8,021.10 | $8,021.10 | Claims Barred by the Statute of Repose |
| 59 | Kalidonis, Kevin E.<br>357 A Gringo Independence Rd.<br>Aliquippa PA 15001 | 98283 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $10,059.58 | $10,059.58 | Claims Barred by the Statute of Repose |
| 60 | Keller, Jerry L.<br>1776 Heather Heights Drive<br>Crescent PA 15046 | 98334 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $15,058.86 | $15,058.86 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | Kellogg, David S<br>304 Mott Road<br>Fayetteville NY 13066 | 100795 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $41,000.00 | $41,000.00 | Claims Barred by the Statute of Repose |
| 62 | Keltner, Jr., Goodloe M.<br>9584 Fox Hill Cir. N.<br>Germantown TN 38139 | 99377 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,111.40 | $4,111.40 | Claims Barred by the Statute of Repose |
| 63 | Keltner, Laurie D.<br>9584 Fox Hill Cir. N.<br>Germantown TN 38139 | 99351 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $3,082.50 | $3,082.50 | Claims Barred by the Statute of Repose |
| 64 | Kenneth M Carroll/Janice G Carroll<br>230 Berkshire Blvd.<br>Albany NY 12203 | 101904 | 694308HC4 | PG&E Corporation | 4/18/2020 | $0.00 | $0.00 | $0.00 | $3,423.97 | $3,423.97 | Claims Barred by the Statute of Repose |
| 65 | Kimberly Marie Chase Irrev Trust dated 12/7/2012<br>Gary A. Berger, Trustee<br>600 Citrus Ave. Ste. 200<br>Fort Pierce FL 34950 | 99384 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,416.20 | $4,416.20 | Claims Barred by the Statute of Repose |
| 66 | KING, HELEN F<br>75 STATE STREET SUITE 1701<br>BOSTON MA 02109 | 103256 | 694308HM2 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 67 | Klabunde, Robert W<br>6424 Brighton Dr<br>North Olmsted OH 44070 | 98292 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $1,100.00 | $1,100.00 | Claims Barred by the Statute of Repose |
| 68 | Koon, Bryan P.<br>202 Gault Rd<br>Dawson PA 15428 | 98818 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 69 | Kranz, Rebecca<br>195 Enclave Blvd<br>Lakewood NJ 08701 | 103983 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $16,286.76 | $16,286.76 | Claims Barred by the Statute of Repose |
| 70 | Krempasky, Stephen Paul<br>65 Colonial Road<br>West Babylon NY 11704 | 98704 | 694308GE1 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $440.00 | $440.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | Kresse, Thomas J. 24144 Sumac Drive Golden CO 80401 | 98884 | 694308GV3, 694308GT8, 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $2,912.00 | $2,912.00 | Claims Barred by the Statute of Repose |
| 72 | Kreusser, Edward Halse 500 N.E. Avalon Pl. Corvallis OR 97330 | 105219 | 694308HK6 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $26,000.00 | $26,000.00 | Claims Barred by the Statute of Repose |
| 73 | Labe, Ann 129 S Willaman Dr Beverly Hills CA 90211 | 103035 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $5,803.81 | $5,803.81 | Claims Barred by the Statute of Repose |
| 74 | Lambert, Donna Alice 18667 Sabine Drive Macomb MI 48042 | 100220 | 694308HA8 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $80.83 | $80.83 | Claims Barred by the Statute of Repose |
| 75 | LAVOIE, JOHN EDWARD 2562 DANIEL ISLAND DRIVE DANIEL ISLAND SC 29492 | 104346 | 694308HL4 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $3,988.06 | $3,988.06 | Claims Barred by the Statute of Repose |
| 76 | Leech, Karen S. 195 Old Blackhawk Rd Beaver Falls PA 15010 | 98212 | 694308HE0 | Pacific Gas and Electric Company | 3/26/2020 | $0.00 | $0.00 | $0.00 | $31,121.64 | $31,121.64 | Claims Barred by the Statute of Repose |
| 77 | Lennon, Daniel J. 31 Norcross St. Rockville Centre NY 11570 | 98535 | 694308GT8 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $9,159.53 | $9,159.53 | Claims Barred by the Statute of Repose |
| 78 | Lennon, Daniel J. 31 Norcross St. Rockville Centre NY 11570 | 98604 | 694308GT8 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $9,159.53 | $9,159.53 | Claims Barred by the Statute of Repose |
| 79 | Lennon Jr, Lynn F. 930 Riverstone Dr. San Antonio TX 78258 | 103907 | 694308HL4 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $312.96 | $312.96 | Claims Barred by the Statute of Repose |
| 80 | Lentsch, Ronald H 10809 W 141st Street Overland Park KS 66221 | 103362 | 694308HL4 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $6,000.00 | $6,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|-----|-------------------|----------------------------------|------------------------------------------------------|--------|------------|---------|----------------|----------|-----------|-------|---------------------|
| 81 | Lester W. Mitchell Jr. and Karen E. Mitchell<br>542 Timberline Dr.<br>Lenoir City TN 37772 | 97740 | 694308HM2 | Pacific Gas and Electric Company | 3/12/2020 | $0.00 | $0.00 | $0.00 | $1,524.70 | $1,524.70 | Claims Barred by the Statute of Repose |
| 82 | Leung, Pearl Eleanor<br>63 Mott Street<br>Apt #14<br>New York NY 10013 | 98840 | 694308HL4 | PG&E Corporation | 4/10/2020 | $0.00 | $0.00 | $0.00 | $506.96 | $506.96 | Claims Barred by the Statute of Repose |
| 83 | Lichtstein, Elliott S.<br>26 Oak Trail Road<br>Hillsdale NJ 07642 | 102285 | 694308HC4 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $2,453.70 | $2,453.70 | Claims Barred by the Statute of Repose |
| 84 | LIEN, SHIRLEY S.<br>974-2 ALPINE TERRACE<br>SUNNYVALE CA 94086 | 103091 | 694308HB6 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $924.60 | $924.60 | Claims Barred by the Statute of Repose |
| 85 | LIST, STUART<br>575 BRADYS RIDGE ROAD<br>BEAVER PA 15009 | 98456 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 86 | Logan, Sheila A.<br>169 CR 2411<br>Beckville TX 75631 | 103595 | 694308HK6 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $2,825.00 | $2,825.00 | Claims Barred by the Statute of Repose |
| 87 | Logston, Karen D.<br>1588 Tope Road<br>New Cumberland WV 26047 | 98419 | 694308HE0 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $11,043.16 | $11,043.16 | Claims Barred by the Statute of Repose |
| 88 | Loncar, Mary Beth<br>446 Third St.<br>Beaver PA 15009 | 98026 | 694308HE0 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $50,260.04 | $50,260.04 | Claims Barred by the Statute of Repose |
| 89 | Loncar, Peter<br>446 Third Street<br>Beaver PA 15009 | 97993 | 694308HE0 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $50,196.19 | $50,196.19 | Claims Barred by the Statute of Repose |
| 90 | Lubash, Glenn D<br>860 Jetton St. #69<br>Davidson NC 28036-0200 | 97896 | 694308HE0 | Pacific Gas and Electric Company | 3/17/2020 | $0.00 | $0.00 | $0.00 | $2,197.05 | $2,197.05 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91 | Mackay, William<br>12 Ashley Place<br>Towaco NJ 07082 | 104281 | 694308GT8 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $817.00 | $817.00 | Claims Barred by the Statute of Repose |
| 92 | Madden, Richard J.<br>446 Third Street<br>Beaver PA 15009 | 98407 | 694308HE0 | Pacific Gas and Electric Company | 4/1/2020 | $0.00 | $0.00 | $0.00 | $125,926.18 | $125,926.18 | Claims Barred by the Statute of Repose |
| 93 | Magee, Robert F<br>20 Lowther Hall Ln<br>Greenville SC 29615 | 103769 | 694308HM2 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 94 | Maitles, Firouzeh<br>3900 Sapphire Drive<br>Encino CA 91436 | 105459 | 694308GT8 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $28.97 | $28.97 | Claims Barred by the Statute of Repose |
| 95 | Maitles, Jeffrey<br>3900 Sapphire Drive<br>Encino CA 91436 | 105458 | 694308GT8 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $57.93 | $57.93 | Claims Barred by the Statute of Repose |
| 96 | Malkowska, Danka<br>7753 E. Spanish Oaks Drive<br>Scottsdale AZ 85258 | 105045 | 694308GT8 | PG&E Corporation | 5/18/2020 | $0.00 | $0.00 | $0.00 | $341.48 | $341.48 | Claims Barred by the Statute of Repose |
| 97 | Malta, Rosa<br>2680 Centaur St<br>Harvey LA 70058 | 102741 | 694308GT8 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 98 | Mamelli, Vincent A<br>1238 Cutter Cove<br>Slidell LA 70458-6500 | 99256 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $25,028.25 | $25,028.25 | Claims Barred by the Statute of Repose |
| 99 | Manulife Investment Management<br>Attn: Mr Sinclair Jacinto<br>200 Bloor Street East<br>Toronto ON M4W 1 E5 | 100760 | 694308GS0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 100 | Manulife Investment Management<br>Attn: Mr Sinclair Jacinto<br>200 Bloor Street East<br>Toronto ON M4W 1 E5<br>Canada | 100766 | 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 101 | Manulife Investment Management Attn: Mr Sinclair Jacinto 200 Bloor Street East Toronto ON M4W1E5 Canada | 101171 | 694308HH3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 102 | Mapa, Helouise C 142 W 5th Street East Liverpool OH 43920 | 98588 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $65,276.00 | $65,276.00 | Claims Barred by the Statute of Repose |
| 103 | Mapa, Helouise C. 142 W 5th Street East Liverpool OH 43920 | 98682 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $100,462.23 | $100,462.23 | Claims Barred by the Statute of Repose |
| 104 | Marion Sargent Rev Tr UAD 3/24/95 3860 Krafft Road Fort Gratiot MI 48059 | 103298 | 694308HG5 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $2,487.30 | $2,487.30 | Claims Barred by the Statute of Repose |
| 105 | Mark E. Ransom Living Trust U/A DTD 05/04/2004 5774 Loch Maree Ct. Dublin OH 43017 | 103334 | 694308GV3 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 106 | Mayer, William E. 3088 Mission Canyon Drive El Dorado Hills CA 95762 | 98261 | 694308HC4 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $5,065.75 | $5,065.75 | Claims Barred by the Statute of Repose |
| 107 | McAllister, Leslie L 104 E Rose Valley Rd Wallingford PA 19086 | 101222 | 694308HK6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $3,612.20 | $3,612.20 | Claims Barred by the Statute of Repose |
| 108 | McCabe, Joan Y 219 Via Emilia Palm Beach Gardens FL 33418 | 103972 | 694308HL4 | Pacific Gas and Electric Company | 5/9/2020 | $0.00 | $0.00 | $0.00 | $1,016.28 | $1,016.28 | Claims Barred by the Statute of Repose |
| 109 | McCraw, Nancy W 231 Oakmont Trail Danville VA 24541 | 103329 | 694308HA8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $20,216.72 | $20,216.72 | Claims Barred by the Statute of Repose |
| 110 | McKibbin, Frederick A. and Karen K. 3421 Oberlin Ln Apt 203 Mt. Pleasant SC 29466-6328 | 98275 | 694308GV3 | Pacific Gas and Electric Company | 3/29/2020 | $0.00 | $0.00 | $0.00 | $1,221.00 | $1,221.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | Meadows, Sharon M. 124 Woodridge Circle New Canaan CT 06840 | 103812 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $4,119.95 | $4,119.95 | Claims Barred by the Statute of Repose |
| 112 | Measures, Doil C Wells Fargo Advisors 909 Fannin St. Ste 1200 Houston TX 77010 | 98886 | 694308GT8 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $1,264.65 | $1,264.65 | Claims Barred by the Statute of Repose |
| 113 | Meehan, William J. 31256 Quarry Street Mentone CA 92359-1392 | 98263 | 694308GN1 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 114 | Melissa G. Sellers Revocable Trust 339 Lantern Walk St. Simons Is GA 31522 | 98242 | 694308GT8 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $2,580.00 | $2,580.00 | Claims Barred by the Statute of Repose |
| 115 | Miller, Donna M 1129 Harmony Road Baden PA 15005 | 99868 | 694308HE0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $11,085.27 | $11,085.27 | Claims Barred by the Statute of Repose |
| 116 | Miller, Michael A. 1129 Harmony Road Baden PA 15005 | 99869 | 694308HE0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $10,079.12 | $10,079.12 | Claims Barred by the Statute of Repose |
| 117 | MLPF&S c/f Robert D. Lins IRA 400 Chesterfield Ctr. Suite 200 Chesterfield MO 63017 | 98835 | 694308GW1 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $37,575.00 | $37,575.00 | Claims Barred by the Statute of Repose |
| 118 | Mohney, Colleen D. 169 McCloy Road Beaver Falls PA 15009 | 103810 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 119 | Mohney, Colleen D. 169 McCloy Road Beaver Falls PA 15010 | 103817 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $23,090.25 | $23,090.25 | Claims Barred by the Statute of Repose |
| 120 | Moody, Allan G 2003 24th St Auburn NE 68305 | 104039 | 694308HM2 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $11,906.78 | $11,906.78 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 121 | Moody, Linda L.<br>86 N. Catalina Ave #3<br>Pasadena CA 91106 | 106138 | 694308GT8 | Pacific Gas and Electric Company | 7/24/2020 | $0.00 | $0.00 | $0.00 | $13,297.27 | $13,297.27 | Claims Barred by the Statute of Repose |
| 122 | Morris, Lynn<br>1 Jefferon Ferry Dr<br>Apt 3232<br>S. Setauket NY 11720 | 98312 | 694308GE1 | PG&E Corporation | 3/30/2020 | $0.00 | $0.00 | $0.00 | $14,431.23 | $14,431.23 | Claims Barred by the Statute of Repose |
| 123 | Morris, Lynn<br>1 Jeffersons Ferry Drive Apt. 3232<br>South Setauket NY 11720 | 98343 | 694308GE1 | PG&E Corporation | 3/30/2020 | $0.00 | $0.00 | $0.00 | $14,431.23 | $14,431.23 | Claims Barred by the Statute of Repose |
| 124 | Mountain States Healthcare Reciprocal Risk Retention Group<br>27 N 27th Street, Suite 1900<br>Billings MT 59101 | 98803 | 694308HK6 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $44,432.67 | $44,432.67 | Claims Barred by the Statute of Repose |
| 125 | MSSB C/F Carl J. Crosetto IRA<br>2650 Gulf Shore Blvd., N. Unit 601<br>Naples FL 34103 | 105252 | 694308HD2 | PG&E Corporation | 5/19/2020 | $0.00 | $0.00 | $0.00 | $20,392.66 | $20,392.66 | Claims Barred by the Statute of Repose |
| 126 | MSSB C/F Michael W. Reaka<br>5080 Green Meadow CT<br>Fairfield CA 94534 | 104018 | 694308GT8 | PG&E Corporation | 5/6/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 127 | Mule, Joyce Ann<br>145 Braxton Way<br>Grayslake IL 60030 | 104909 | 694308HM2 | PG&E Corporation | 5/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 128 | Mullady, Thomas A<br>820 Briarhill Drive<br>Newark OH 43055 | 97910 | 694308HL4 | Pacific Gas and Electric Company | 3/18/2020 | $0.00 | $0.00 | $0.00 | $15,965.46 | $15,965.46 | Claims Barred by the Statute of Repose |
| 129 | Mundwiller, Frances Joan<br>6102 Hillmann Place Circle<br>O'Fallon MO 63366 | 105106 | 694308GT8 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 130 | Murray, Josephine Tamayo & Robert L.<br>3217 176th Ct. NE<br>Redmond WA 98052 | 105448 | 694308GT8 | Pacific Gas and Electric Company | 5/26/2020 | $0.00 | $0.00 | $0.00 | $942.70 | $942.70 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 131 | Muschel, Laurie J<br>1834 Tacoma Ave.<br>Berkeley CA 94707 | 98495 | 694308HK6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $48,728.50 | $48,728.50 | Claims Barred by the Statute of Repose |
| 132 | Nemetz, Audrey<br>29 Anderson Ave<br>Bergenfield NJ 07621 | 99622 | 694308GJ0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $22,908.13 | $22,908.13 | Claims Barred by the Statute of Repose |
| 133 | Nettina, David<br>256 Briarwood Court<br>Albany NY 12203 | 98650 | 694308HE0 | PG&E Corporation | 4/6/2020 | $0.00 | $0.00 | $0.00 | $6,095.00 | $6,095.00 | Claims Barred by the Statute of Repose |
| 134 | Neuhaus, Graham F.<br>10906 Little Lisa Lane<br>Houston TX 77024 | 98125 | 694308GT8 | PG&E Corporation | 3/25/2020 | $0.00 | $0.00 | $0.00 | $2,375.00 | $2,375.00 | Claims Barred by the Statute of Repose |
| 135 | Oemar, Arsa<br>2945 Amoroso Ct<br>Pleasanton CA 94566 | 100401 | 694308GT8 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 136 | Oliver II, William N.<br>5594 Bear Creek Pass<br>Auburn IN 46706 | 100660 | 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,052.50 | $1,052.50 | Claims Barred by the Statute of Repose |
| 137 | Palkovic, Mary E<br>21631 Balerma<br>Mission Viejo CA 92692 | 105503 | 694308GT8 | Pacific Gas and Electric Company | 5/29/2020 | $0.00 | $0.00 | $0.00 | $944.19 | $944.19 | Claims Barred by the Statute of Repose |
| 138 | Palkovic, Mary E.<br>21631 Balerma<br>Mission Viejo CA 92692 | 105427 | 694308GT8 | Pacific Gas and Electric Company | 5/29/2020 | $0.00 | $0.00 | $0.00 | $1,421.83 | $1,421.83 | Claims Barred by the Statute of Repose |
| 139 | Patricia A McCarthy Trust<br>Arthur McCarthy, Trustee<br>25 Mandalay Drive<br>Peabody MA 01960 | 99357 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $3,587.50 | $3,587.50 | Claims Barred by the Statute of Repose |
| 140 | Peeters, Arline<br>18-75 Corpoval Kennedy St<br>Apt 5B<br>Bayside NY 11360 | 104089 | 694308HL4 | Pacific Gas and Electric Company | 5/7/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | PELHAM, EILEEN<br>504 MILLTOWN ROAD<br>WILMINGTON DE 19808 | 99304 | 694308HC4 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $1,278.75 | $1,278.75 | Claims Barred by the Statute of Repose |
| 142 | Pence, Kevin C<br>376 McCaslin Rd<br>New Castle PA 16101 | 98240 | 694308HE0 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $20,078.48 | $20,078.48 | Claims Barred by the Statute of Repose |
| 143 | Perangelo, Henry G<br>1219 Huntsman Drive<br>Durham NC 27713 | 97842 | 694308GT8 | Pacific Gas and Electric Company | 3/19/2020 | $0.00 | $0.00 | $0.00 | $1,130.00 | $1,130.00 | Claims Barred by the Statute of Repose |
| 144 | PHILLIPPIE, BONITA M<br>8135 MARYLAND LN<br>BRENTWOOD TN 37027 | 103007 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $2,506.54 | $2,506.54 | Claims Barred by the Statute of Repose |
| 145 | PHYLLIS S PRANGE TRUST<br>6619 S NEW HAVEN<br>Tulsa OK 74136-2843 | 107040 | 694308HE0 | PG&E Corporation | 3/30/2021 | $0.00 | $0.00 | $0.00 | $4,794.00 | $4,794.00 | Claims Barred by the Statute of Repose |
| 146 | Pignona, Christine<br>87 Garden Circle<br>St Albans VT 05478 | 97737 | 694308GT8 | Pacific Gas and Electric Company | 3/12/2020 | $0.00 | $0.00 | $0.00 | $682.50 | $682.50 | Claims Barred by the Statute of Repose |
| 147 | Pinkham Jr, David M<br>22 Beech St<br>Stanhope NJ 07874 | 98894 | 694308HB6 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $3,949.00 | $3,949.00 | Claims Barred by the Statute of Repose |
| 148 | Polsinelli, David J.<br>881 W. Windhaven Ave<br>Gilbert AZ 85233 | 98762 | 694308HB6 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $1,781.62 | $1,781.62 | Claims Barred by the Statute of Repose |
| 149 | Portnoy, Joseph N.<br>1201 W. Ducasse Dr.<br>Phoenix AZ 85013 | 102993 | 694308HL4 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 150 | Praesidium Matrix Limited<br>c/o Maria Wickey<br>8959 Bevington Lane<br>Orlando FL 32827 | 98939 | 694308HL4 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 151 | Pritchard, Barbara J.<br>182 Crescent Drive<br>Dover DE 19904 | 98668 | 694308HB6 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $10,027.47 | $10,027.47 | Claims Barred by the Statute of Repose |
| 152 | Quadrini, Lisa<br>546 Oyster Rake Drive<br>Kiawah Island SC 29455 | 102888 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $5,214.00 | $5,214.00 | Claims Barred by the Statute of Repose |
| 153 | Rabon, Kenneth W<br>213 Jaycee Dr<br>Catawba SC 29704 | 103339 | 694308GW1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $858.01 | $858.01 | Claims Barred by the Statute of Repose |
| 154 | RAJ Pal, Trustee, Pal Family Trust<br>5447 Robin Lane<br>Yorba Linda CA 92886 | 98248 | 694308GT8 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $7,003.00 | $7,003.00 | Claims Barred by the Statute of Repose |
| 155 | Ramon L Prange IRA<br>6619 S New Haven<br>Tulsa OK 74136-2843 | 107038 | 694308HE0 | PG&E Corporation | 3/30/2021 | $0.00 | $0.00 | $0.00 | $4,794.00 | $4,794.00 | Claims Barred by the Statute of Repose |
| 156 | Ramon L Prange IRA<br>6619 S New Haven<br>Tulsa OK 74136-2843 | 107039 | 694308HE0 | PG&E Corporation | 3/31/2021 | $0.00 | $0.00 | $0.00 | $4,794.00 | $4,794.00 | Claims Barred by the Statute of Repose |
| 157 | Reeves, Robert<br>500 South Ocean Blvd, Apt 2006<br>Boca Raton FL 33432 | 104431 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $3,519.00 | $3,519.00 | Claims Barred by the Statute of Repose |
| 158 | Remack, Andrew E<br>61 York Drive<br>Saint Louis MO 63144 | 98454 | 694308HB6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $25,790.50 | $25,790.50 | Claims Barred by the Statute of Repose |
| 159 | Rhoda Sue Paull Revocable Living Trust<br>5360 Isle Royal Ct<br>West Bloomfield MI 48323 | 98795 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $3,662.15 | $3,662.15 | Claims Barred by the Statute of Repose |
| 160 | RICHARD SARGENT DIANE SARGENT JTWROS<br>6425 AUGUSTA BLVD<br>SEMINOLE FL 33777 | 103292 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $1,542.78 | $1,542.78 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | Richards, Ruth B.<br>29122 Bonnie Dr<br>Warren MI 48093 | 98687 | 694308GE1 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $411.83 | $411.83 | Claims Barred by the Statute of Repose |
| 162 | Riley Jr, Wayne E<br>4409 Deer Park Dr<br>Little Rock AR 72223 | 98437 | 694308GT8 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $5,323.90 | $5,323.90 | Claims Barred by the Statute of Repose |
| 163 | Ronald Keith Brown Irrev Trust dated 12/7/2012<br>Gary Berger Trustee<br>600 Citrus Ave Ste 200<br>Ft Pierce FL 34950 | 99547 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $6,020.00 | $6,020.00 | Claims Barred by the Statute of Repose |
| 164 | Rowbottom, Jonathan T.<br>25444 John Steinbeck Trail<br>Salinas CA 93908 | 103847 | 694308GT8 | PG&E Corporation | 5/4/2020 | $0.00 | $0.00 | $0.00 | $6,405.65 | $6,405.65 | Claims Barred by the Statute of Repose |
| 165 | Russell G. Snaddix TTEE THE Shaddix Family Trust<br>2400 Buttermilk Lane<br>Arcata CA 95521 | 98806 | 694308HG5 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $6,155.00 | $6,155.00 | Claims Barred by the Statute of Repose |
| 166 | S. Alan Rosen IRRA<br>4125 Greenbrier Ln<br>Tarzana CA 91356 | 98718 | 694308HK6 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 167 | Sacco, Frank B.<br>P.O. Box 509<br>42720 State Hwy 28<br>Arkville NY 12406-0509 | 98767 | 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $300.78 | $300.78 | Claims Barred by the Statute of Repose |
| 168 | Salinas, Carlos G.<br>6146 Oakhill Circle<br>Sandia TX 78383 | 99250 | 694308HN0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $1,500.00 | $1,500.00 | Claims Barred by the Statute of Repose |
| 169 | Salis, George<br>841 Worcester Street<br>Unit 307<br>Natick MA 01760 | 103116 | 694308HL4 | Pacific Gas and Electric Company | 4/23/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 170 | Saltzman, Marc Paul<br>20475 Quarterpath Trace Circle<br>Sterling VA 20165 | 103751 | 694308HM2 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $7,208.96 | $7,208.96 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 171 | Sando, Judith 5210 Elvira Laguna Woods CA 92637 | 105675 | 694308HE0 | PG&E Corporation | 6/4/2020 | $0.00 | $0.00 | $0.00 | $70,800.47 | $70,800.47 | Claims Barred by the Statute of Repose |
| 172 | Sanford Schreiber Ttee U/T/A 101B Dtd. 12/14/43 for descendants Sarah Schapiro 20 S. Charles Street, Suite 1200 Baltimore MD 21201 | 105471 | 694308HC4 | PG&E Corporation | 5/26/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 173 | Sax, Sharon A. 2400 Twigwood Lane Cincinnati OH 45237 | 104466 | 694308HM2 | PG&E Corporation | 5/11/2020 | $0.00 | $0.00 | $0.00 | $1,649.26 | $1,649.26 | Claims Barred by the Statute of Repose |
| 174 | Schnellle, Craig E. 137 St. Clair Place New Bremen OH 45869 | 99702 | 694308HK6 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $2,513.03 | $2,513.03 | Claims Barred by the Statute of Repose |
| 175 | Schoessow-Zuleger LLC 818 Valley Dr. Wisconsin Dells WI 53965 | 98724 | 694308HG5 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $4,470.00 | $4,470.00 | Claims Barred by the Statute of Repose |
| 176 | Schoffstall, Gerald D Box 299 29 Clearfield St Elizabethville PA 17023 | 104509 | 694308HK6 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $1,609.92 | $1,609.92 | Claims Barred by the Statute of Repose |
| 177 | Seidman, Mitchell H. 3400 Creek View Dr. Medford OR 97504 | 104017 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $221.25 | $221.25 | Claims Barred by the Statute of Repose |
| 178 | Selected Funeral and Life Insurance Co 119 Convention Blvd Hot Springs AR 71901 | 97854 | 694308HL4 | PG&E Corporation | 3/17/2020 | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 | Claims Barred by the Statute of Repose |
| 179 | Selepack, Mark S 11798 N Beasly Rd Longmont CO 80504 | 98882 | 694308HL4 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $549.53 | $549.53 | Claims Barred by the Statute of Repose |
| 180 | Selm-Bell, Karen L 8504 Bainbridge Lp N.E Lacey WA 98516 | 106199 | 694308HM2 | Pacific Gas and Electric Company | 6/26/2020 | $0.00 | $0.00 | $0.00 | $6,942.27 | $6,942.27 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 181 | Shirley J Shychuck (Deceased) 455 Gas Valley Road Georgetown PA 15043 | 103041 | 694308HE0 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $15,118.68 | $15,118.68 | Claims Barred by the Statute of Repose |
| 182 | Shoman, Tyler 123 Ellicott Dr Warner Robins GA 31088 | 98008 | 694308GW1 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $6,150.58 | $6,150.58 | Claims Barred by the Statute of Repose |
| 183 | Shuki, Donald J. 4509 Chestnut Rd Independence OH 44131 | 98893 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $4,568.20 | $4,568.20 | Claims Barred by the Statute of Repose |
| 184 | Shychuck, William B. 455 Gas Valley Road Georgetown PA 15043 | 102968 | 694308HE0 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $15,106.98 | $15,106.98 | Claims Barred by the Statute of Repose |
| 185 | Siedow, Larry and Paulette 27660 Virginia Cv Shorewood MN 55331 | 97946 | 694308HK6 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $18,609.81 | $18,609.81 | Claims Barred by the Statute of Repose |
| 186 | Siegel, Howard 559 Pacing Way Westbury NY 11590 | 103428 | 694308HL4 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $2,078.65 | $2,078.65 | Claims Barred by the Statute of Repose |
| 187 | Sigele, Kim 1082 North Ave Highland Park IL 60035 | 104008 | 694308HL4 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $129.00 | $129.00 | Claims Barred by the Statute of Repose |
| 188 | Singer, Susan 202 Stoney View Lane St. Louis MO 63146 | 104331 | 694308HE0 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $2,397.00 | $2,397.00 | Claims Barred by the Statute of Repose |
| 189 | Sponable, Dennis M and Cecelia 7513 Blue Water Ct Fort Collins CO 80525 | 98988 | 694308GE1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $1,095.00 | $1,095.00 | Claims Barred by the Statute of Repose |
| 190 | St. Thomas, Thomas James 205 East Joppa Rd Apt 1102 Towson MD 21286 | 100152 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 191 | STANLIB Multi-Manager Global Fund Kristine M. Nishiyama Authorized Signatory c/o Capital Research and Management Company 333 South Hope Street, 55th floor Los Angeles CA 90071 | 101991 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $312,884.00 | $312,884.00 | Claims Barred by the Statute of Repose |
| 192 | Stoneburner, James M. 12505 Chrasfield Chase Fort Myers FL 33913 | 99540 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 193 | Stoneburner, James M. 12505 Chrasfield Chase Fort Myers FL 33913 | 99701 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 194 | Stratter, Laurence B. 709 Pettee St Princeton IL 61356 | 100753 | 694308HK6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 195 | Swiger, Arlene 165 East 72 Street New York NY 10021 | 98576 | 694308HK6 | PG&E Corporation | 4/6/2020 | $0.00 | $0.00 | $0.00 | $1,633.80 | $1,633.80 | Claims Barred by the Statute of Repose |
| 196 | Sylvia A. Robison Roth IRA Wells Fargo Advisors 200 Meridian Ctr Suite 260 Rochester NY 14618 | 104340 | 694308GW1 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $12,000.00 | $12,000.00 | Claims Barred by the Statute of Repose |
| 197 | Taliaferro, Andre 35517 Bonaire Dr. Rehoboth Beach DE 19971 | 98370 | 694308GW1, 694308GT8 | Pacific Gas and Electric Company | 4/1/2020 | $0.00 | $0.00 | $0.00 | $2,007.90 | $2,007.90 | Claims Barred by the Statute of Repose |
| 198 | Tamara Gilmour IRA PO Box 1109 Fayetteville AR 72702-1109 | 97814 | 694308HM2 | Pacific Gas and Electric Company | 3/11/2020 | $0.00 | $0.00 | $0.00 | $4,897.00 | $4,897.00 | Claims Barred by the Statute of Repose |
| 199 | Tancredi, Mauricio C 9368 Eden Roc Ct Delray Beach FL 33446 | 98528 | 694308GW1 | Pacific Gas and Electric Company | 4/4/2020 | $0.00 | $0.00 | $0.00 | $8,677.70 | $8,677.70 | Claims Barred by the Statute of Repose |
| 200 | Tatsuta, Anne 5102 Dumaine Dr. La Palma CA 90623 | 105649 | 694308GN1 | PG&E Corporation | 6/2/2020 | $0.00 | $0.00 | $0.00 | $47,179.45 | $47,179.45 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 201 | Terra, Donald S. 3907 Winslow Court Sacramento CA 95821 | 98875 | 694308HK6 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $8,467.20 | $8,467.20 | Claims Barred by the Statute of Repose |
| 202 | Tesch, John 1506 Windy Mountain Ave Westlake Village CA 91362 | 103082 | 694308HE0 | PG&E Corporation | 4/22/2020 | $0.00 | $0.00 | $0.00 | $10,880.00 | $10,880.00 | Claims Barred by the Statute of Repose |
| 203 | The Ahlfeld Family Trust, dated Nov. 18, 1991, Charles E. Ahlfeld - Trustee 7812 Rush Rose Drive Carlsbad CA 92009 | 102477 | 694308GV3 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $2,898.00 | $2,898.00 | Claims Barred by the Statute of Repose |
| 204 | The John E. Davis, Jr. Restated Revocable Trust dated 12-5-17 C/o Marybeth Pritschet - Davis, Trustee, John E. Davis Jr, Rstd Rev Trust Dated 12-5-17 3411 Lorraine Ave Kalamazoo MI 49008 | 99687 | 694308GW1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $24,981.50 | $24,981.50 | Claims Barred by the Statute of Repose |
| 205 | Timothy J Becker & Kimberly K Becker Ttee, Becker Family Trust U/A Dtd 02/08/2017 13646 SW Michelle Ct Tigard OR 97223 | 104334 | 694308HB6 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $6,150.00 | $6,150.00 | Claims Barred by the Statute of Repose |
| 206 | Tomaszewski, Monica 653 Burton SE Grand Rapids MI 49507 | 104302 | 694308HE0 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $36,000.00 | $36,000.00 | Claims Barred by the Statute of Repose |
| 207 | Tomlin, Fred 16 Quail Hollow Dr. Sewell NJ 08080 | 105267 | 694308HM2 | Pacific Gas and Electric Company | 5/20/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 208 | TOPICH, DANE G 120 CHARTERWOOD DRIVE PITTSBURGH PA 15237 | 103851 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $20,142.63 | $20,142.63 | Claims Barred by the Statute of Repose |
| 209 | Trioci 1999 Family Trust Cheryl Trioci 1956 N Dayton St Chicago IL 60614 | 104430 | 694308HC4 | Pacific Gas and Electric Company | 5/13/2020 | $0.00 | $0.00 | $0.00 | $6,100.00 | $6,100.00 | Claims Barred by the Statute of Repose |
| 210 | Trustmark Insurance Company Investment Department 400 Field Drive Lake Forest IL 60045 | 99000 | 694308HN0 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $76,920.00 | $76,920.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 211 | Trygg, Lisa L<br>441 Palm Avenue<br>Kentfield CA 94904 | 103010 | 694308HM2 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $1,402.17 | $1,402.17 | Claims Barred by the Statute of Repose |
| 212 | Turner, Gene<br>2859 Galahad Dr NE<br>Atlanta GA 30345 | 103503 | 694308GE1 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $8,098.73 | $8,098.73 | Claims Barred by the Statute of Repose |
| 213 | Turner, Mari R.<br>303 Belaire Circle<br>Granite Shoals TX 78654 | 97956 | 694308HG5 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $5,561.78 | $5,561.78 | Claims Barred by the Statute of Repose |
| 214 | Van Den Bosch, Bruno<br>1156 York Lane<br>Saint Helena CA 94574 | 98933 | 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $251.50 | $251.50 | Claims Barred by the Statute of Repose |
| 215 | Van Den Bosch, Christine<br>1156 York Lane<br>Saint Helena CA 94574 | 99718 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $446.40 | $446.40 | Claims Barred by the Statute of Repose |
| 216 | Vasiloff, Michelle<br>6820 E. Huntdale St<br>Long Beach CA 90808 | 104325 | 694308GT8 | PG&E Corporation | 5/11/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 217 | Venables, David<br>31 Mill Rock Road<br>Hamden CT 06517 | 106151 | 694308GT8 | PG&E Corporation | 6/29/2020 | $0.00 | $0.00 | $0.00 | $19,266.00 | $19,266.00 | Claims Barred by the Statute of Repose |
| 218 | Vineet Pruthi IRA SEP dated 04/14/88<br>400 East 67th Street Apt 25 A<br>New York NY 10065-6340 | 103926 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $16,802.00 | $16,802.00 | Claims Barred by the Statute of Repose |
| 219 | Walker Tod, David T.<br>530 N. Main St., Apt. 406<br>Butler PA 16001 | 102660 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $1,991.90 | $1,991.90 | Claims Barred by the Statute of Repose |
| 220 | Walker, David T.<br>Raymond James & Assoc Cust<br>FBO David T. Walker Roth IRA<br>530 N. Main St., Apt. 406<br>Butler PA 16001 | 102663 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,090.85 | $2,090.85 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 221 | Waller, Michael H<br>4067 Riggs RD<br>Oxford OH 45056 | 97728 | 694308HE0 | Pacific Gas and Electric Company | 3/11/2020 | $0.00 | $0.00 | $0.00 | $613.00 | $613.00 | Claims Barred by the Statute of Repose |
| 222 | Watson, Donna<br>66598 E Wilderness Rock Dr<br>Tucson AZ 85739 | 105407 | 694308HE0 | Pacific Gas and Electric Company | 5/22/2020 | $0.00 | $0.00 | $0.00 | $4,543.00 | $4,543.00 | Claims Barred by the Statute of Repose |
| 223 | Weber, Victor L<br>2244 Rt. 52<br>Hopewell Junction NY 12533 | 100024 | 694308HM2 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |
| 224 | Weiland, Frank A.<br>7190 SE Bunker Hill Ct<br>Hobe Sound FL 33455 | 99041 | 694308HK6 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $1,100.13 | $1,100.13 | Claims Barred by the Statute of Repose |
| 225 | Wesley H Sowers Jr and Kathleen F. Sowers<br>1315 Chesterton Dr.<br>Richardson TX 75080 | 103345 | 694308HL4 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $766.22 | $766.22 | Claims Barred by the Statute of Repose |
| 226 | Whybrew, Stephen W.<br>32903 39th Ave SW<br>Federal Way WA 98023 | 104582 | 694308HM2 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $3,204.07 | $3,204.07 | Claims Barred by the Statute of Repose |
| 227 | William P. Allomando & Christine Allomando JT TEN/WROS<br>16 Highwood Lane<br>Ipswich MA 01938 | 99379 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 228 | William T. French Credit Shelter Trust<br>Marilyn French<br>329 Island Breeze Ave<br>Daytona Beach FL 32124 | 99872 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $5,680.78 | $5,680.78 | Claims Barred by the Statute of Repose |
| 229 | Wilson, Judy F<br>17017 Rush Pea Circle<br>Austin TX 78738 | 97817 | 694308HB6 | Pacific Gas and Electric Company | 3/17/2020 | $0.00 | $0.00 | $0.00 | $7,335.00 | $7,335.00 | Claims Barred by the Statute of Repose |
| 230 | Winnie R. Dietz IRA<br>725 Norman St.<br>Cranberry Twp PA 16066 | 98633 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $12,047.09 | $12,047.09 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 231 | WINNIE R. DIETZ TRST DTD 4-21-2006 WINNIE R. DIETZ TTEE 725 NORMAN DRIVE CRANBERRY TWP PA 16066 | 98812 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $17,066.71 | $17,066.71 | Claims Barred by the Statute of Repose |
| 232 | Zessar, William L 16264 Cirque Mountain Way Broomfield CO 80023 | 103894 | 694308GN1 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $1,054.50 | $1,054.50 | Claims Barred by the Statute of Repose |

# EXHIBIT F

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE BANKRUPTCY COURT TO DISALLOW AND/OR EXPUNGE THE CLAIMS LISTED IN EXHIBIT 1 OF THE OBJECTION.

CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE AND THE OBJECTION CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHTS, INCLUDING ANY RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.

IF YOU HAVE QUESTIONS, PLEASE CONTACT PRIME CLERK, LLC AT (844) 339-4217.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>         Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**NOTICE OF HEARING ON REORGANIZED DEBTORS' THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)**<br><br>**Response Deadline:**<br>**September 15, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  September 29, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**PLEASE TAKE NOTICE** that on January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (the "**Debtors,**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will hold a hearing on **September 29 2021, at 10:00 a.m. (Pacific Time)** (the "**Omnibus Hearing**") before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's *Seventh Amended General Order No. 38 – COVID-19 Public Health Emergency*, the Omnibus Hearing will not be conducted in person but will instead be conducted by telephone or video. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a Court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that, in addition to any other matters to be heard at the Omnibus Hearing, the Bankruptcy Court is scheduled to hear the *Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, filed on August 18, 2021 [Docket No. 11085] (the "**Omnibus Objection**").

**PLEASE TAKE FURTHER NOTICE** that by the Omnibus Objection, the Reorganized Debtors seek to disallow and/or expunge the proofs of claim listed in **Exhibit 1** of the Omnibus Objection. The basis of the objection to these proofs of claim is that they were barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act of 1933.

**If you are receiving this notice and have filed a proof of claim in the Chapter 11 Cases, you should read the Omnibus Objection carefully, including reviewing Exhibit 1 thereto to confirm that your claim is subject to the Omnibus Objection, as it may affect any right you have to receive a distribution in these Chapter 11 Cases on your claim.**

**PLEASE TAKE FURTHER NOTICE** that any oppositions or responses to the Omnibus Objection must be in writing and filed with the Bankruptcy Court so as to be received by no later than the Response Deadline, **4:00 p.m. (Pacific Time) on September 15, 2021**. Any oppositions or responses must comply with the requirements set forth in and be filed and served as described in Exhibit A-3 to the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* dated January 25, 2021 [Docket No. 10015-1] (the "**Securities Omnibus Objection Procedures**"). Any service by email should be made on counsel for the Reorganized Debtors by emailing your response or opposition to PGEsecuritiesclaims@weil.com. A copy of the Securities Omnibus Objection Procedures is attached to this Notice. **Any relief requested in the Omnibus Objection may be granted without a hearing if no opposition or response is timely filed and served in accordance with the Securities Omnibus Objection Procedures. If you fail to file an opposition or response, the Bankruptcy Court may sustain the objection to your Claim and drop the matter from the scheduled hearing without further notice to you.** In deciding the Omnibus Objection, the Bankruptcy Court may consider any other document filed in these Chapter 11 Cases and related adversary proceedings.

**PLEASE TAKE FURTHER NOTICE** that copies of the Omnibus Objection and its supporting papers can be viewed and/or obtained: (i) by accessing the Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from the Reorganized Debtors' notice and claims agent, Prime Clerk LLC , at https://restructuring.primeclerk.com/pge or by calling (844) 339-4217 (toll free) for U.S.-based parties; or +1 (929) 333-8977 for International parties or by e-mail at: pgeinfo@primeclerk.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated:  August 18, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*/s/ Richard W. Slack*
 Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Securities Omnibus Objection Procedures**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and
Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).*

Case Nos. 19-30088 (DM) (Lead Case)
(Jointly Administered)

**SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Claims Procedures**") for resolving claims, other than Excluded Claims (defined below), that are subject to subordination pursuant to section 510(b) of title 11 of the United States Code (the "**Bankruptcy Code**") (collectively, the "**Subordinated Securities Claims**" and the holders of Subordinated Securities Claims, the "**Subordinated Securities Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## SUMMARY OF THE SECURITIES CLAIM PROCEDURES

These Securities Claims Procedures are designed to facilitate and simplify the resolution of certain proofs of claim that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to pursue expedient resolutions of those claims through settlement. The Securities Claims Procedures apply to certain purported creditors who filed proofs of claim based on their alleged losses incurred related to purchases of publicly-traded PG&E debt and/or equity securities as a result of alleged inadequate or fraudulent disclosures or non-disclosures of information from April 29, 2015 through November 15, 2018, inclusive.

To that end, the Securities Claims Procedures—which are diagrammed in a user-friendly format in Exhibit B attached hereto—first provide that each claimant will receive and respond to a targeted information request regarding the claimant's trading history. The Reorganized Debtors will then decide whether to: (i) attempt to negotiate a settlement directly with the claimant; (ii) mediate with the claimant; (iii) file an omnibus objection on grounds that are common to that claimant and other claimants; and/or (iv) object to the claim on the basis that it lacks merit under the applicable federal securities laws. The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

These procedures are summarized more fully below:

1. **Securities Claims Information Procedures**. To allow the Reorganized Debtors to properly assess each of the individual Subordinated Securities Claims and determine the appropriate path forward for each claim under the other Securities Claims Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that all Subordinated Securities Claimants be required to provide (to the extent not already provided) the Reorganized Debtors by mail or via a user-friendly online portal with complete trading data in connection with their asserted Subordinated Securities Claims.

2. **Securities ADR Procedures.** Recognizing that the Subordinated Securities Claims are comprised of different types of claimants and varying amounts of asserted and potential damages, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of Subordinated Securities Claims, each of which is explained in further detail below:

   a. *The Offer Procedures*. These procedures will allow the Reorganized Debtors and Subordinated Securities Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

   b. *The Abbreviated Mediation Process.* These are procedures for abbreviated mandatory, non-binding mediation because formal mediation may not be appropriate for all Subordinated Securities Claims, especially those with smaller asserted or potential claim amounts; and

   c. *The Standard Mediation Process.* These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted or have larger potential Subordinated Securities Claims.

3. **Securities Omnibus Objection Procedures.** The Securities Omnibus Objection Procedures, which are substantially similar to those already adopted by the Court with respect to claims other than Subordinated Securities Claims, will allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective. This process will eliminate the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims, as well as the associated expense and administrative burden both to the Reorganized Debtors and the Court.

The Reorganized Debtors believe these processes will facilitate prompt settlement and payment of the allowed Subordinated Securities Claims. If the above-described procedures do not resolve all Subordinated Securities Claims, and merits-based objections to remaining claims (if any) are required, such objections will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**CLAIMS SUBJECT TO THE SECURITIES CLAIMS PROCEDURES**

**A.    Subordinated Securities Claims**

The claims subject to these Securities Claims Procedures include all Subordinated Securities Claims other than Excluded Claims, as defined below. Specifically, these Securities Claims Procedures are limited to claims that fall into the following classes of claims under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**").[1]

<u>**Subordinated Debt Claims**</u>

(i)     <u>Class 9A – HoldCo Subordinated Debt Claims</u> – any Claim against HoldCo that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution, but excluding any HoldCo Rescission or Damage Claims.

(ii)    <u>Class 10B – Utility Subordinated Debt Claims</u> – any Claim against the Utility that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution.

<u>**Subordinated Equity Claims**</u>

(iii)   <u>Class 10A-II – HoldCo Rescission or Damage Claims</u> – any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

**B.    Excluded Claims**

These Securities Claims Procedures shall not apply to any Subordinated Securities Claim filed by: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"), (ii) York County on behalf of County of York Retirement Fund ("**York County**"), (iii) City of Warren Police and Fire Retirement System ("**City of Warren**"), (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**"), and (v) the Underwriters (collectively, the "**Excluded Claims**"). The holders of Excluded Claims are collectively referred to herein as "**Excluded Claimants**."

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5

**Exhibit A-3**

6

**The Securities Omnibus Objection Procedures**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Omnibus Objection Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated January 25, 2021 [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

I. **SECURITIES OMNIBUS OBJECTION PROCEDURES**

The Securities Omnibus Objection Procedures allow the Reorganized Debtors to object to multiple Subordinated Securities Claims in a single-filed objection document (each such document, an "**Omnibus Objection**") and apply as follows:

A. **Form of Omnibus Objection**

Omnibus Objections will be numbered consecutively, irrespective of the basis for the objection.

B. **Number of Proofs of Claim per Omnibus Objection**

The Reorganized Debtors may object to no more than 250 Subordinated Securities Claims per Omnibus Objection.

C. **Grounds for Omnibus Objection**

The Reorganized Debtors may object to Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

1. *Outside Subject Period*

Certain Subordinated Securities Claimants filed claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"). *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943], Ex. C (the "**Extended Securities Bar Date Order**").

2. *Liquidation of Position Prior to a "Corrective Disclosure"*

Certain Subordinated Securities Claimants suffered no alleged harm where a Subordinated Securities Claimant sold his or her entire positions before any alleged "corrective disclosure"—in

other words, the claimant both bought and sold securities at allegedly inflated prices.

### 3. Unauthorized Bulk Claims

This omnibus objection is only available after the Reorganized Debtors have given the subjects of the objection forty-five (45) days to provide proof of authorization for such filing.

### 4. Otherwise Objectionable

Certain Subordinated Securities Claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including failure to file timely claims by the Extended Securities Bar Date and statute of limitations bases.

**D.     Supporting Declaration**

The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

**E.     Proof of Claim Exhibits**

An exhibit listing the proofs of claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection.   Notwithstanding Bankruptcy Local Rule 3007-1(a), the Reorganized Debtors are not required to attach a copy of proofs of claim that are the subject of the objection.  Each exhibit will include, among other things, the following information:

      i.     An alphabetized list of the claimants whose proofs of claim are subject to the Omnibus Objection;

      ii.    The claim numbers of the proofs of claim that are the subject of the Omnibus Objection;

      iii.   The amount of claim asserted in the proof of claim, or a statement that the claim seeks an unliquidated amount;

      iv.   The grounds for objection; and

      v.    For Omnibus Objections in which the Reorganized Debtors seek to reduce the amount of any given proof of claim, the proposed reduced claim amount.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

**F.     Notice of Securities Omnibus Objection to Subordinated Securities Claimants**

Each Subordinated Securities Claimant whose claim is subject to an Omnibus Objection will be sent a copy of the Omnibus Objection, including all exhibits and attachments thereto.  The Omnibus Objection will be served on the individual claimant by mail, not less than forty-two (42) days before the date set for hearing of the Omnibus Objection at the address on the claimant's most recently filed proof of claim, as well as upon any counsel of record in these cases for the Subordinated Securities Claimant.  The Omnibus Objection, among other things, will:

i.      Describe the nature of the Omnibus Objection;

ii.     Inform the Subordinated Securities Claimant that its rights may be affected by the Omnibus Objection and encourage the Subordinated Securities Claimant to read the Omnibus Objection carefully;

iii.    Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing on the Omnibus Objection, consistent with Bankruptcy Local Rule 9014-a(c);

iv.     Attach a copy of these Securities Omnibus Objection Procedures, which describe the requirements for filing a written response (each, a "**Response**") to the Omnibus Objection; and

v.      Warn the Claimant that failure to file a Response may result in the Court sustaining the objection and dropping the matter from the scheduled hearing.

**G.     Order if No Response**

The Reorganized Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all proofs of claim for which the Reorganized Debtors did not receive a timely Response, without further notice to the Subordinated Securities Claimants.

**H.     Each Omnibus Objection is a Contested Matter**

Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each proof of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

claim. Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection. Fed. R. Bankr. P. 3007(f) provides as follows: "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection."

## I. Responses to Omnibus Objections

### 1. Contents

Each Response must contain the following (at a minimum):

    i. A caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

    ii. The Subordinated Securities Claimant's name, the applicable proof of claim number(s), and an explanation for the amount of the proof of claim;

    iii. A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

    iv. A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

    v. The Subordinated Securities Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Subordinated Securities Claimant's attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the proof of claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Subordinated Securities Claimant's proofs of claim listed in the Omnibus Objection (including all proofs of claim to be disallowed and the surviving proofs of claim) will be

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

sent to the new Notice Address in addition to other service address(es) already on file.

### 2. *Additional Information*

To facilitate a resolution of the Omnibus Objection, the Response must include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection. If such person is not the Subordinated Securities Claimant, the Response must also include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Subordinated Securities Claimant's behalf (the "**Additional Address**"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

### 3. *Failure to Timely File a Response*

If the Subordinated Securities Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Reorganized Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Subordinated Securities Claimant.

### 4. *Service of the Response*

A written response to an Omnibus Objection, consistent with the requirements described herein, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice of the Omnibus Objection). Responses should be served via the Court's ECF system. In the case of Subordinated Securities Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Reorganized Debtors' counsel as shown on the Omnibus Objection. If a Subordinated Securities Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or other commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Subordinated Securities Claimant must inform the Reorganized Debtors' counsel by email, telephone, or facsimile before the Response Deadline of the Subordinated Securities

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by postal or other commercial express service.

**J.  Reservation of Rights**

Nothing in the Omnibus Objection will constitute a waiver of the right to assert any claims, defenses, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims with respect to the Subordinated Securities Claim or against the Subordinated Securities Claimant.  Unless the Bankruptcy Court allows a proof of claim or specifically orders otherwise, the Reorganized Debtors have the right to object on any grounds not previously ruled upon by the Bankruptcy Court to the Subordinated Securities Claims (or to any other proofs of claim or causes of action filed by any claimant or that have been scheduled by the Reorganized Debtors) within sixty (60) days of the later of the Bankruptcy Court's order resolving the Omnibus Objection, or the termination of the final Securities ADR Procedure.  An affected Subordinated Securities Claimant will receive a separate notice of any such additional objection.

**II.  MISCELLANEOUS PROVISIONS**

**A.  Settlement of Subordinated Securities Claims**

The Reorganized Debtors and a Subordinated Securities Claimant may settle any Subordinated Securities Claim subject to these Securities Claims Procedures through the Offer Procedures, Securities Mediation Procedures, or by agreement at any point.  Nothing herein shall limit, expand, or otherwise modify the Reorganized Debtors' authority to settle claims pursuant to the Plan or the Confirmation Order or as otherwise authorized by the Bankruptcy Court or applicable law.

**B.  Computing Time for Deadlines**

Consistent with Rule 9006(a)(1) of Federal Rules of Bankruptcy Procedure, when computing any time period specified in these Securities Omnibus Objection Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

1  is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that

2  is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# EXHIBIT G



1  WEIL, GOTSHAL & MANGES LLP
   Richard W. Slack (*pro hac vice*)
2  (richard.slack@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel: 212 310 8000
6  Fax: 212 310 8007

7
   KELLER BENVENUTTI KIM LLP
8  Tobias S. Keller (#151445)
   (tkeller@kbkllp.com)
9  Peter J. Benvenutti (#60566)
   (pbenvenutti@kbkllp.com)
10 Jane Kim (#298192)
   (jkim@kbkllp.com)
11 650 California Street, Suite 1900
   San Francisco, CA 94108
12 Tel: 415 496 6723
   Fax: 650 636 9251
13

14 *Attorneys for Debtors and Reorganized Debtors*

15
16            **UNITED STATES BANKRUPTCY COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
17                **SAN FRANCISCO DIVISION**

18
19 **In re:**                          Bankruptcy Case No. 19-30088 (DM)

20 **PG&E CORPORATION,**               Chapter 11

21     **- and -**                     (Lead Case) (Jointly Administered)

22 **PACIFIC GAS AND ELECTRIC**        **ORDER DISALLOWING AND EXPUNGING**
   **COMPANY,**                        **PROOFS OF CLAIM PURSUANT TO**
23                                     **REORGANIZED DEBTORS' THIRTEENTH**
                      **Debtors.**     **SECURITIES CLAIMS OMNIBUS**
24                                     **OBJECTION (CLAIMS BARRED BY THE**
   ☐ Affects PG&E Corporation         **STATUTE OF REPOSE)**
25 ☐ Affects Pacific Gas and Electric Company
   ☒ Affects both Debtors             **[Re: Dkt. Nos. 11085, 11301]**
26
   *\* All papers shall be filed in the Lead Case,*
27 *No. 19-30088 (DM).*

28

Upon the *Reorganized Debtors' Report on Responses to Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) and Request for Order by Default as to Unopposed Objections* [Docket No. 11301] (the "**Request**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996] and the Securities Omnibus Objection Procedures as defined and set forth in the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015]; and this Court having jurisdiction to consider the Request and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Request and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Request as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The claims listed in the column headed "Claims to be Disallowed/Expunged" in **Exhibit A** hereto are disallowed and expunged.

2.  This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

*** END OF ORDER ***

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit A**

**Claims to be Disallowed/Expunged**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total [1] | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Adelmann, William<br>704 Meadowlark Ln<br>Coppell TX 75019 | 97826 | 694308GV3 | Pacific Gas and Electric Company | 3/18/2020 | $0.00 | $0.00 | $0.00 | $11,062.50 | $11,062.50 | Claims Barred by the Statute of Repose |
| 2 | Akutagawa, Richard T.<br>4433 Providence Pt. Pl. SE<br>Issaquah WA 98029 | 103449 | 694308HL4 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $228.93 | $228.93 | Claims Barred by the Statute of Repose |
| 3 | Arnold, Barry<br>7040 Amberleigh Way<br>John's Creek GA 30097 | 98644 | 694308HG5 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $5,812.52 | $5,812.52 | Claims Barred by the Statute of Repose |
| 4 | Balek, Sandra<br>330 Lamplighter Ln.<br>Great Falls MT 59405 | 103330 | 694308HG5 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 5 | Barry & Diane Goldstein Living Trust<br>210 NW 123rd Way<br>Coral Springs FL 33071 | 102686 | 694308HM2 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $1,350.00 | $1,350.00 | Claims Barred by the Statute of Repose |
| 6 | Barton, Thomas K.<br>P.O. Box 40155<br>St. Petersburg FL 33743 | 98058 | 694308HM2 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |
| 7 | Bender, Karen J<br>15744 N Blueberry Ln<br>PO Box 73<br>Paradise MI 49768 | 98321 | 694308HM2 | Pacific Gas and Electric Company | 3/28/2020 | $0.00 | $0.00 | $0.00 | $99.57 | $99.57 | Claims Barred by the Statute of Repose |
| 8 | Bender, Karen J<br>15744 N Blueberry Ln, PO Box 73<br>Paradise MI 49768 | 98224 | 694308HM2 | Pacific Gas and Electric Company | 3/28/2020 | $0.00 | $0.00 | $0.00 | $99.57 | $99.57 | Claims Barred by the Statute of Repose |
| 9 | Beverly Gagnon IRA<br>RBCWM C/F Beverly Gagnon<br>9 Trofalgar Square Suite 200<br>Nashua NH 03063 | 99906 | 694308HG5 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 10 | Bittenbender, Thomas T<br>408 Marina View Way<br>Lakeway TX 78734 | 103765 | 694308HG5 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $3,362.85 | $3,362.85 | Claims Barred by the Statute of Repose |

[1] Claims listed as $0.00 seek an unliquidated amount.

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | BLUMENSTETTER, ANTHONY J. 310 WOODHOLLOW ROAD GREAT RIVER NY 11739-3012 | 105103 | 694308HG5 | Pacific Gas and Electric Company | 5/19/2020 | $0.00 | $0.00 | $0.00 | $5,883.28 | $5,883.28 | Claims Barred by the Statute of Repose |
| 12 | Bucha, Ronald C 12441 Pine Street Garden Grove CA 92840-3324 | 105157 | 694308HG5 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 13 | Cadillac Area Community Foundation 201 N Mitchell St Suite 101 Cadillac MI 49601 | 103865 | 694308HM2 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $8,639.37 | $8,639.37 | Claims Barred by the Statute of Repose |
| 14 | Carver, Lisa A 48 204 Silver Birch Lane Plainview NY 11803 | 105233 | 694308HL4 | PG&E Corporation | 5/19/2020 | $0.00 | $0.00 | $0.00 | $698.23 | $698.23 | Claims Barred by the Statute of Repose |
| 15 | Christensen Family Trust Ejnar S. Christensen, Jr 7505 River Rd., 7A Newport News VA 23607 | 98567 | 694308HL4 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $2,967.75 | $2,967.75 | Claims Barred by the Statute of Repose |
| 16 | Clinton Ronald Albrecht Ttee Ann T. Albrecht 1023 Placid Drive Arnold MD 21012 | 104079 | 694308HK6 | PG&E Corporation | 5/7/2020 | $0.00 | $0.00 | $0.00 | $7,001.00 | $7,001.00 | Claims Barred by the Statute of Repose |
| 17 | Connecticut General Life Insurance Company OBO SASV901 Attn: Maria Turner A4ACT 900 Cottage Grove Rd., Bloomfield CT 06002 | 103061 | 694308HM2 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 18 | Connecticut General Life Insurance Company OBO SASV904 Attn: Maria Turner A4ACT 900 Cottage Grove Rd. Bloomfield CT 06002 | 103047 | 694308HG5 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 19 | CONTRIBUTORY IRA OF JANET PUTNAM JOHNSON, CHARLES SCHWAB & CO INC CUST IRA CONTRIBUTORY 66272 E Orcale Ridge RD Tucson AZ 85739-1535 | 102430 | 694308HM2 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $6,185.49 | $6,185.49 | Claims Barred by the Statute of Repose |
| 20 | D. LEE PADGITT, TRUSTEE, MARY L. WELLS TRUST U/A DTD 04/15/1988 FBO NANCY L. BLACKWELL 560 GREEN BAY RD #100 WINNETKA IL 60093 | 104427 | 694308HM2 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $5,457.54 | $5,457.54 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | Diocese of Shreveport<br>3500 Fairfield Avenue<br>Shreveport LA 71104 | 103601 | 694308HK6 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $5,288.08 | $5,288.08 | Claims Barred by the Statute of Repose |
| 22 | DRRT FBO MEAG MUNICH ERGO KAPITALANLAGEGESELLSCHAFT MBH<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100717 | 694308HB6,<br>694308GL5 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 23 | Edward Jones Trust Co as cust FBO William T. Clements<br>1674 NW Wild Rye Circle<br>Bend OR 97703 | 99543 | 694308GY7 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $13,228.54 | $13,228.54 | Claims Barred by the Statute of Repose |
| 24 | Goldberg, Rosalie<br>1155 N. Gulfstream Ave 1508<br>Sarasota FL 34236 | 100090 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $18,628.22 | $18,628.22 | Claims Barred by the Statute of Repose |
| 25 | Goodsell, Ken<br>617 South Olive St. Suite 601<br>Los Angeles CA 90014 | 98057 | 694308GV3 | PG&E Corporation | 3/24/2020 | $0.00 | $0.00 | $0.00 | $11,000.00 | $11,000.00 | Claims Barred by the Statute of Repose |
| 26 | Gorny, Beverly K<br>5417 Syracuse Rd<br>Cheyenne WY 82009 | 105441 | 694308HC4 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 27 | Greiner, Helen<br>386 S Main St<br>Minoa NY 13116 | 98999 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 28 | Gutstein, Hal S.<br>156 E 79th St<br>New York NY 10075 | 104319 | 694308HM2 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $20,446.40 | $20,446.40 | Claims Barred by the Statute of Repose |
| 29 | Halpern, Barton L.<br>9 Oak Wood Lane<br>Lititz PA 17543 | 103835 | 694308HG5 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $5,743.50 | $5,743.50 | Claims Barred by the Statute of Repose |
| 30 | Hamilton Family Trust<br>Ronald M. Hamilton<br>5370 Pacifica Drive<br>San Diego CA 92109 | 105367 | 694308HE0 | Pacific Gas and Electric Company | 5/21/2020 | $0.00 | $0.00 | $0.00 | $4,363.00 | $4,363.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | Hanenberg, Joan<br>20 Pilgrim Way<br>Wayne NJ 07470 | 98935 | 694308GJ0 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 32 | Harrelson, Jennifer P.<br>7975 Monticello Dr.<br>Sandy Springs GA 30350 | 103342 | 694308GT8 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $6,543.90 | $6,543.90 | Claims Barred by the Statute of Repose |
| 33 | Heath-Rawlings, Beverly<br>PO Box 538<br>4769 Hawking Rd.<br>Richfield OH 44286 | 103081 | 694308HC4 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $73,831.00 | $73,831.00 | Claims Barred by the Statute of Repose |
| 34 | Helen Greiner IRA<br>386 S. Main St.<br>Minoa NY 13116 | 99015 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 35 | HH Health System - Marshall LLC<br>Attn. S. Creps<br>227 Brittany Rd<br>Guntersville AL 35976 | 103621 | 694308HK6 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $31,578.00 | $31,578.00 | Claims Barred by the Statute of Repose |
| 36 | Hicks, Krista G<br>2589 Old Church Road<br>Mechanicsville VA 23111 | 99269 | 694308GW1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 37 | Hilton, Cynthia<br>1016 Palo Verde Ave<br>Long Beach CA 90815-4663 | 105667 | 694308HG5 | PG&E Corporation | 6/2/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 38 | Hochheim Prairie Casualty Insurance Company<br>500 US Highway 77A S<br>Yoakum TX 77995 | 100715 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $34,976.26 | $34,976.26 | Claims Barred by the Statute of Repose |
| 39 | Hoffman, Jim<br>2658 West Montgomery Drive<br>Chandler AZ 85224 | 102284 | 694308HE0 | PG&E Corporation | 4/20/2020 | $0.00 | $0.00 | $0.00 | $665.00 | $665.00 | Claims Barred by the Statute of Repose |
| 40 | Holmes, Connie<br>4105 Maloney Rd<br>Knoxville TN 37920 | 98587 | 694308GT8 | PG&E Corporation | 4/1/2020 | $0.00 | $0.00 | $0.00 | $26,991.50 | $26,991.50 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | HS Chase Estate Trust c/o Farmers & Merchants State Bank 101 W. Jefferson St. PO Box 29 Winterset IA 50273 | 98333 | 694308GT8 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $3,899.93 | $3,899.93 | Claims Barred by the Statute of Repose |
| 42 | Hughes, Jennifer Sue PO Box 38026 Charlotte NC 28278 | 100379 | 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 43 | Hume, Robert M 10 Wisteria Lane Bluffton SC 29909 | 104112 | 694308HM2 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $295.22 | $295.22 | Claims Barred by the Statute of Repose |
| 44 | HUTTNER, ERIC 34 SUFFOLK LANE PRINCETON JUNCTION NJ 08550 | 103229 | 694308HC4 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $14,000.00 | $14,000.00 | Claims Barred by the Statute of Repose |
| 45 | Ikoma, Allan 1514 Terrance Drive Naperville IL 60565 | 103772 | 694308GT8 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $5,179.65 | $5,179.65 | Claims Barred by the Statute of Repose |
| 46 | J. Michael Gospe & Geraldine Gospe 1701 Pamela Dr. Santa Rosa CA 95404 | 103819 | 694308HM2 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $500.00 | $500.00 | Claims Barred by the Statute of Repose |
| 47 | Jacquelin Olympio Rev Living Trust 1931 NE 86th Ave Pembroke Pines FL 33024 | 99105 | 694308GE1 | Pacific Gas and Electric Company | 4/12/2020 | $0.00 | $0.00 | $0.00 | $2,778.60 | $2,778.60 | Claims Barred by the Statute of Repose |
| 48 | James A Dahl, Tr. & Shirley E Dahl, Tr., Dahl Family Trust, U/A of 11-04-2008 15382 Admiral Baker Circle Haymarket VA 20169 | 97846 | 694308GT8 | PG&E Corporation | 3/19/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 49 | James R. Kyper IRA Raymond James & Assoc. Cust. FBO James R. Kyper IRA 129 Beaver Creek Court Sewickley PA 15143 | 99873 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,750.81 | $4,750.81 | Claims Barred by the Statute of Repose |
| 50 | James, Ronald L. P.O. Box 245 New Manchester WV 26056 | 98160 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $10,039.24 | $10,039.24 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | Jean A Germain IRA Standard<br>960 Bruce Circle<br>Thousand Oaks CA 91362 | 105782 | 694308GW1 | Pacific Gas and Electric Company | 6/15/2020 | $0.00 | $0.00 | $0.00 | $30,903.82 | $30,903.82 | Claims Barred by the Statute of Repose |
| 52 | Jeanne M. Albertson, UA 05-10-1990 Alberston Family Trust<br>Jeanne M. Alberston<br>7664 N. Clark Ln.<br>Williams AZ 86046 | 98726 | 694308HB6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $42,000.00 | $42,000.00 | Claims Barred by the Statute of Repose |
| 53 | Jerry L. Thomas & Alona M. Thomas Co-TTEE Thomas 1998 Living Trust<br>2079 Willow Bar Crt.<br>Gold River CA 95670 | 105113 | 694308HB6 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $9,410.50 | $9,410.50 | Claims Barred by the Statute of Repose |
| 54 | JOHN S & ANNE D RICHARDSON CO TTEE RICHARDSON REVOCABLE LIVING TRUST<br>John S Richardson<br>165 Woodbine Rd<br>Shelburne VT 05482 | 103581 | 694308HC4 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $5,174.20 | $5,174.20 | Claims Barred by the Statute of Repose |
| 55 | Johnson, Leroy R.<br>2448 N Burling St<br>Chicago IL 60614-2616 | 103979 | 694308GT8 | PG&E Corporation | 5/6/2020 | $0.00 | $0.00 | $0.00 | $150.00 | $150.00 | Claims Barred by the Statute of Repose |
| 56 | Jones, Catherine A.<br>9177 Windflower Drive<br>Ellicott City MD 20142 | 102753 | 694308HC4 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $8,021.20 | $8,021.20 | Claims Barred by the Statute of Repose |
| 57 | Jones, Catherine A.<br>9177 Windflower Drive<br>Ellicott City MD 21042 | 102650 | 694308HC4 | PG&E Corporation | 4/24/2020 | $0.00 | $0.00 | $0.00 | $8,021.10 | $8,021.10 | Claims Barred by the Statute of Repose |
| 58 | Kalidonis, Kevin E.<br>357 A Gringo Independence Rd.<br>Aliquippa PA 15001 | 98283 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $10,059.58 | $10,059.58 | Claims Barred by the Statute of Repose |
| 59 | Keller, Jerry L.<br>1776 Heather Heights Drive<br>Crescent PA 15046 | 98334 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $15,058.86 | $15,058.86 | Claims Barred by the Statute of Repose |
| 60 | Kellogg, David S<br>304 Mott Road<br>Fayetteville NY 13066 | 100795 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $41,000.00 | $41,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | Keltner, Jr., Goodloe M. 9584 Fox Hill Cir. N. Germantown TN 38139 | 99377 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,111.40 | $4,111.40 | Claims Barred by the Statute of Repose |
| 62 | Keltner, Laurie D. 9584 Fox Hill Cir. N. Germantown TN 38139 | 99351 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $3,082.50 | $3,082.50 | Claims Barred by the Statute of Repose |
| 63 | Kenneth M Carroll/Janice G Carroll 230 Berkshire Blvd. Albany NY 12203 | 101904 | 694308HC4 | PG&E Corporation | 4/18/2020 | $0.00 | $0.00 | $0.00 | $3,423.97 | $3,423.97 | Claims Barred by the Statute of Repose |
| 64 | Kimberly Marie Chase Irrev Trust dated 12/7/2012 Gary A. Berger, Trustee 600 Citrus Ave. Ste. 200 Fort Pierce FL 34950 | 99384 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $4,416.20 | $4,416.20 | Claims Barred by the Statute of Repose |
| 65 | KING, HELEN F 75 STATE STREET SUITE 1701 BOSTON MA 02109 | 103256 | 694308HM2 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 66 | Klabunde, Robert W 6424 Brighton Dr North Olmsted OH 44070 | 98292 | 694308HE0 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $1,100.00 | $1,100.00 | Claims Barred by the Statute of Repose |
| 67 | Koon, Bryan P. 202 Gault Rd Dawson PA 15428 | 98818 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 68 | Kranz, Rebecca 195 Enclave Blvd Lakewood NJ 08701 | 103983 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $16,286.76 | $16,286.76 | Claims Barred by the Statute of Repose |
| 69 | Krempasky, Stephen Paul 65 Colonial Road West Babylon NY 11704 | 98704 | 694308GE1 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $440.00 | $440.00 | Claims Barred by the Statute of Repose |
| 70 | Kresse, Thomas J. 24144 Sumac Drive Golden CO 80401 | 98884 | 694308GV3, 694308GT8, 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $2,912.00 | $2,912.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | Kreusser, Edward Halse<br>500 N.E. Avalon Pl.<br>Corvallis OR 97330 | 105219 | 694308HK6 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $26,000.00 | $26,000.00 | Claims Barred by the Statute of Repose |
| 72 | Labe, Ann<br>129 S Willaman Dr<br>Beverly Hills CA 90211 | 103035 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $5,803.81 | $5,803.81 | Claims Barred by the Statute of Repose |
| 73 | Lambert, Donna Alice<br>18667 Sabine Drive<br>Macomb MI 48042 | 100220 | 694308HA8 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $80.83 | $80.83 | Claims Barred by the Statute of Repose |
| 74 | LAVOIE, JOHN EDWARD<br>2562 DANIEL ISLAND DRIVE<br>DANIEL ISLAND SC 29492 | 104346 | 694308HL4 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $3,988.06 | $3,988.06 | Claims Barred by the Statute of Repose |
| 75 | Leech, Karen S.<br>195 Old Blackhawk Rd<br>Beaver Falls PA 15010 | 98212 | 694308HE0 | Pacific Gas and Electric Company | 3/26/2020 | $0.00 | $0.00 | $0.00 | $31,121.64 | $31,121.64 | Claims Barred by the Statute of Repose |
| 76 | Lennon, Daniel J.<br>31 Norcross St.<br>Rockville Centre NY 11570 | 98535 | 694308GT8 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $9,159.53 | $9,159.53 | Claims Barred by the Statute of Repose |
| 77 | Lennon, Daniel J.<br>31 Norcross St.<br>Rockville Centre NY 11570 | 98604 | 694308GT8 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $9,159.53 | $9,159.53 | Claims Barred by the Statute of Repose |
| 78 | Lennox Jr, Lynn F.<br>930 Riverstone Dr.<br>San Antonio TX 78258 | 103907 | 694308HL4 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $312.96 | $312.96 | Claims Barred by the Statute of Repose |
| 79 | Lentsch, Ronald H<br>10809 W 141st Street<br>Overland Park KS 66221 | 103362 | 694308HL4 | Pacific Gas and Electric Company | 4/28/2020 | $0.00 | $0.00 | $0.00 | $6,000.00 | $6,000.00 | Claims Barred by the Statute of Repose |
| 80 | Lester W. Mitchell Jr. and Karen E. Mitchell<br>542 Timberline Dr.<br>Lenoir City TN 37772 | 97740 | 694308HM2 | Pacific Gas and Electric Company | 3/12/2020 | $0.00 | $0.00 | $0.00 | $1,524.70 | $1,524.70 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | Leung, Pearl Eleanor<br>63 Mott Street<br>Apt #14<br>New York NY 10013 | 98840 | 694308HL4 | PG&E Corporation | 4/10/2020 | $0.00 | $0.00 | $0.00 | $506.96 | $506.96 | Claims Barred by the Statute of Repose |
| 82 | Lichtstein, Elliott S.<br>26 Oak Trail Road<br>Hillsdale NJ 07642 | 102285 | 694308HC4 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $2,453.70 | $2,453.70 | Claims Barred by the Statute of Repose |
| 83 | LIEN, SHIRLEY S.<br>974-2 ALPINE TERRACE<br>SUNNYVALE CA 94086 | 103091 | 694308HB6 | Pacific Gas and Electric Company | 4/22/2020 | $0.00 | $0.00 | $0.00 | $924.60 | $924.60 | Claims Barred by the Statute of Repose |
| 84 | LIST, STUART<br>575 BRADYS RIDGE ROAD<br>BEAVER PA 15009 | 98456 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 85 | Logan, Sheila A.<br>169 CR 2411<br>Beckville TX 75631 | 103595 | 694308HK6 | Pacific Gas and Electric Company | 4/30/2020 | $0.00 | $0.00 | $0.00 | $2,825.00 | $2,825.00 | Claims Barred by the Statute of Repose |
| 86 | Logston, Karen D.<br>1588 Tope Road<br>New Cumberland WV 26047 | 98419 | 694308HE0 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $11,043.16 | $11,043.16 | Claims Barred by the Statute of Repose |
| 87 | Loncar, Mary Beth<br>446 Third St.<br>Beaver PA 15009 | 98026 | 694308HE0 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $50,260.04 | $50,260.04 | Claims Barred by the Statute of Repose |
| 88 | Loncar, Peter<br>446 Third Street<br>Beaver PA 15009 | 97993 | 694308HE0 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $50,196.19 | $50,196.19 | Claims Barred by the Statute of Repose |
| 89 | Lubash, Glenn D<br>860 Jetton St. #69<br>Davidson NC 28036-0200 | 97896 | 694308HE0 | Pacific Gas and Electric Company | 3/17/2020 | $0.00 | $0.00 | $0.00 | $2,197.05 | $2,197.05 | Claims Barred by the Statute of Repose |
| 90 | Mackay, William<br>12 Ashley Place<br>Towaco NJ 07082 | 104281 | 694308GT8 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $817.00 | $817.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91 | Madden, Richard J. 446 Third Street Beaver PA 15009 | 98407 | 694308HE0 | Pacific Gas and Electric Company | 4/1/2020 | $0.00 | $0.00 | $0.00 | $125,926.18 | $125,926.18 | Claims Barred by the Statute of Repose |
| 92 | Magee, Robert F 20 Lowther Hall Ln Greenville SC 29615 | 103769 | 694308HM2 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 93 | Maitles, Firouzeh 3900 Sapphire Drive Encino CA 91436 | 105459 | 694308GT8 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $28.97 | $28.97 | Claims Barred by the Statute of Repose |
| 94 | Maitles, Jeffrey 3900 Sapphire Drive Encino CA 91436 | 105458 | 694308GT8 | PG&E Corporation | 5/27/2020 | $0.00 | $0.00 | $0.00 | $57.93 | $57.93 | Claims Barred by the Statute of Repose |
| 95 | Malkowska, Danka 7753 E. Spanish Oaks Drive Scottsdale AZ 85258 | 105045 | 694308GT8 | PG&E Corporation | 5/18/2020 | $0.00 | $0.00 | $0.00 | $341.48 | $341.48 | Claims Barred by the Statute of Repose |
| 96 | Malta, Rosa 2680 Centaur St Harvey LA 70058 | 102741 | 694308GT8 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 97 | Mamelli, Vincent A 1238 Cutter Cove Slidell LA 70458-6500 | 99256 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $25,028.25 | $25,028.25 | Claims Barred by the Statute of Repose |
| 98 | Manulife Investment Management Attn: Mr Sinclair Jacinto 200 Bloor Street East Toronto ON M4W 1 E5 | 100760 | 694308GS0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 99 | Manulife Investment Management Attn: Mr Sinclair Jacinto 200 Bloor Street East Toronto ON M4W 1 E5 Canada | 100766 | 694308GN1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 100 | Manulife Investment Management Attn: Mr Sinclair Jacinto 200 Bloor Street East Toronto ON M4W1E5 Canada | 101171 | 694308HH3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|-----|-------------------|-------------------------------|------------------------------------------------------|--------|-----------|---------|----------------|----------|-----------|-------|---------------------|
| 101 | Mapa, Helouise C<br>142 W 5th Street<br>East Liverpool OH 43920 | 98588 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $65,276.00 | $65,276.00 | Claims Barred by the Statute of Repose |
| 102 | Mapa, Helouise C.<br>142 W 5th Street<br>East Liverpool OH 43920 | 98682 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $100,462.23 | $100,462.23 | Claims Barred by the Statute of Repose |
| 103 | Marion Sargent Rev Tr UAD 3/24/95<br>3860 Krafft Road<br>Fort Gratiot MI 48059 | 103298 | 694308HG5 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $2,487.30 | $2,487.30 | Claims Barred by the Statute of Repose |
| 104 | Mark E. Ransom Living Trust U/A DTD 05/04/2004<br>5774 Loch Maree Ct.<br>Dublin OH 43017 | 103334 | 694308GV3 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |
| 105 | McAllister, Leslie L<br>104 E Rose Valley Rd<br>Wallingford PA 19086 | 101222 | 694308HK6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $3,612.20 | $3,612.20 | Claims Barred by the Statute of Repose |
| 106 | McCabe, Joan Y<br>219 Via Emilia<br>Palm Beach Gardens FL 33418 | 103972 | 694308HL4 | Pacific Gas and Electric Company | 5/9/2020 | $0.00 | $0.00 | $0.00 | $1,016.28 | $1,016.28 | Claims Barred by the Statute of Repose |
| 107 | McCraw, Nancy W<br>231 Oakmont Trail<br>Danville VA 24541 | 103329 | 694308HA8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $20,216.72 | $20,216.72 | Claims Barred by the Statute of Repose |
| 108 | McKibbin, Frederick A. and Karen K.<br>3421 Oberlin Ln<br>Apt 203<br>Mt. Pleasant SC 29466-6328 | 98275 | 694308GV3 | Pacific Gas and Electric Company | 3/29/2020 | $0.00 | $0.00 | $0.00 | $1,221.00 | $1,221.00 | Claims Barred by the Statute of Repose |
| 109 | Meadows, Sharon M.<br>124 Woodridge Circle<br>New Canaan CT 06840 | 103812 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $4,119.95 | $4,119.95 | Claims Barred by the Statute of Repose |
| 110 | Measures, Doil C<br>Wells Fargo Advisors<br>909 Fannin St. Ste 1200<br>Houston TX 77010 | 98886 | 694308GT8 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $1,264.65 | $1,264.65 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | Meehan, William J.
31256 Quarry Street
Mentone CA 92359-1392 | 98263 | 694308GN1 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 112 | Melissa G. Sellers Revocable Trust
339 Lantern Walk
St. Simons Is GA 31522 | 98242 | 694308GT8 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $2,580.00 | $2,580.00 | Claims Barred by the Statute of Repose |
| 113 | Miller, Donna M
1129 Harmony Road
Baden PA 15005 | 99868 | 694308HE0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $11,085.27 | $11,085.27 | Claims Barred by the Statute of Repose |
| 114 | Miller, Michael A.
1129 Harmony Road
Baden PA 15005 | 99869 | 694308HE0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $10,079.12 | $10,079.12 | Claims Barred by the Statute of Repose |
| 115 | MLPF&S c/f Robert D. Lins IRA
400 Chesterfield Ctr. Suite 200
Chesterfield MO 63017 | 98835 | 694308GW1 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $37,575.00 | $37,575.00 | Claims Barred by the Statute of Repose |
| 116 | Mohney, Colleen D.
169 McCloy Road
Beaver Falls PA 15009 | 103810 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $19,074.55 | $19,074.55 | Claims Barred by the Statute of Repose |
| 117 | Mohney, Colleen D.
169 McCloy Road
Beaver Falls PA 15010 | 103817 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $23,090.25 | $23,090.25 | Claims Barred by the Statute of Repose |
| 118 | Moody, Allan G
2003 24th St
Auburn NE 68305 | 104039 | 694308HM2 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $11,906.78 | $11,906.78 | Claims Barred by the Statute of Repose |
| 119 | Moody, Linda L.
86 N. Catalina Ave #3
Pasadena CA 91106 | 106138 | 694308GT8 | Pacific Gas and Electric Company | 7/24/2020 | $0.00 | $0.00 | $0.00 | $13,297.27 | $13,297.27 | Claims Barred by the Statute of Repose |
| 120 | Morris, Lynn
1 Jefferon Ferry Dr
Apt 3232
S. Setauket NY 11720 | 98312 | 694308GE1 | PG&E Corporation | 3/30/2020 | $0.00 | $0.00 | $0.00 | $14,431.23 | $14,431.23 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 121 | Morris, Lynn<br>1 Jeffersons Ferry Drive Apt. 3232<br>South Setauket NY 11720 | 98343 | 694308GE1 | PG&E Corporation | 3/30/2020 | $0.00 | $0.00 | $0.00 | $14,431.23 | $14,431.23 | Claims Barred by the Statute of Repose |
| 122 | Mountain States Healthcare Reciprocal Risk Retention Group<br>27 N 27th Street, Suite 1900<br>Billings MT 59101 | 98803 | 694308HK6 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $44,432.67 | $44,432.67 | Claims Barred by the Statute of Repose |
| 123 | MSSB C/F Carl J. Crosetto IRA<br>2650 Gulf Shore Blvd., N. Unit 601<br>Naples FL 34103 | 105252 | 694308HD2 | PG&E Corporation | 5/19/2020 | $0.00 | $0.00 | $0.00 | $20,392.66 | $20,392.66 | Claims Barred by the Statute of Repose |
| 124 | MSSB C/F Michael W. Reaka<br>5080 Green Meadow CT<br>Fairfield CA 94534 | 104018 | 694308GT8 | PG&E Corporation | 5/6/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 125 | Mule, Joyce Ann<br>145 Braxton Way<br>Grayslake IL 60030 | 104909 | 694308HM2 | PG&E Corporation | 5/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 126 | Mundwiller, Frances Joan<br>6102 Hillmann Place Circle<br>O'Fallon MO 63366 | 105106 | 694308GT8 | Pacific Gas and Electric Company | 5/18/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 127 | Murray, Josephine Tamayo & Robert L.<br>3217 176th Ct. NE<br>Redmond WA 98052 | 105448 | 694308GT8 | Pacific Gas and Electric Company | 5/26/2020 | $0.00 | $0.00 | $0.00 | $942.70 | $942.70 | Claims Barred by the Statute of Repose |
| 128 | Muschel, Laurie J<br>1834 Tacoma Ave.<br>Berkeley CA 94707 | 98495 | 694308HK6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $48,728.50 | $48,728.50 | Claims Barred by the Statute of Repose |
| 129 | Nemetz, Audrey<br>29 Anderson Ave<br>Bergenfield NJ 07621 | 99622 | 694308GJ0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $22,908.13 | $22,908.13 | Claims Barred by the Statute of Repose |
| 130 | Nettina, David<br>256 Briarwood Court<br>Albany NY 12203 | 98650 | 694308HE0 | PG&E Corporation | 4/6/2020 | $0.00 | $0.00 | $0.00 | $6,095.00 | $6,095.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 131 | Neuhaus, Graham F. 10906 Little Lisa Lane Houston TX 77024 | 98125 | 694308GT8 | PG&E Corporation | 3/25/2020 | $0.00 | $0.00 | $0.00 | $2,375.00 | $2,375.00 | Claims Barred by the Statute of Repose |
| 132 | Oemar, Arsa 2945 Amoroso Ct Pleasanton CA 94566 | 100401 | 694308GT8 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 133 | Oliver II, William N. 5594 Bear Creek Pass Auburn IN 46706 | 100660 | 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,052.50 | $1,052.50 | Claims Barred by the Statute of Repose |
| 134 | Palkovic, Mary E 21631 Balerma Mission Viejo CA 92692 | 105503 | 694308GT8 | Pacific Gas and Electric Company | 5/29/2020 | $0.00 | $0.00 | $0.00 | $944.19 | $944.19 | Claims Barred by the Statute of Repose |
| 135 | Palkovic, Mary E. 21631 Balerma Mission Viejo CA 92692 | 105427 | 694308GT8 | Pacific Gas and Electric Company | 5/29/2020 | $0.00 | $0.00 | $0.00 | $1,421.83 | $1,421.83 | Claims Barred by the Statute of Repose |
| 136 | Patricia A McCarthy Trust Arthur McCarthy, Trustee 25 Mandalay Drive Peabody MA 01960 | 99357 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $3,587.50 | $3,587.50 | Claims Barred by the Statute of Repose |
| 137 | Peeters, Arline 18-75 Corpoval Kennedy St Apt 5B Bayside NY 11360 | 104089 | 694308HL4 | Pacific Gas and Electric Company | 5/7/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 138 | PELHAM, EILEEN 504 MILLTOWN ROAD WILMINGTON DE 19808 | 99304 | 694308HC4 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $1,278.75 | $1,278.75 | Claims Barred by the Statute of Repose |
| 139 | Pence, Kevin C 376 McCaslin Rd New Castle PA 16101 | 98240 | 694308HE0 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $20,078.48 | $20,078.48 | Claims Barred by the Statute of Repose |
| 140 | Perangelo, Henry G 1219 Huntsman Drive Durham NC 27713 | 97842 | 694308GT8 | Pacific Gas and Electric Company | 3/19/2020 | $0.00 | $0.00 | $0.00 | $1,130.00 | $1,130.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | PHILLIPPIE, BONITA M 8135 MARYLAND LN BRENTWOOD TN 37027 | 103007 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $2,506.54 | $2,506.54 | Claims Barred by the Statute of Repose |
| 142 | Pignona, Christine 87 Garden Circle St Albans VT 05478 | 97737 | 694308GT8 | Pacific Gas and Electric Company | 3/12/2020 | $0.00 | $0.00 | $0.00 | $682.50 | $682.50 | Claims Barred by the Statute of Repose |
| 143 | Pinkham Jr, David M 22 Beech St Stanhope NJ 07874 | 98894 | 694308HB6 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $3,949.00 | $3,949.00 | Claims Barred by the Statute of Repose |
| 144 | Polsinelli, David J. 881 W. Windhaven Ave Gilbert AZ 85233 | 98762 | 694308HB6 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $1,781.62 | $1,781.62 | Claims Barred by the Statute of Repose |
| 145 | Portnoy, Joseph N. 1201 W. Ducasse Dr. Phoenix AZ 85013 | 102993 | 694308HL4 | PG&E Corporation | 4/21/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 146 | Praesidium Matrix Limited c/o Maria Wickey 8959 Bevington Lane Orlando FL 32827 | 98939 | 694308HL4 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 147 | Pritchard, Barbara J. 182 Crescent Drive Dover DE 19904 | 98668 | 694308HB6 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $10,027.47 | $10,027.47 | Claims Barred by the Statute of Repose |
| 148 | Quadrini, Lisa 546 Oyster Rake Drive Kiawah Island SC 29455 | 102888 | 694308HC4 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $5,214.00 | $5,214.00 | Claims Barred by the Statute of Repose |
| 149 | Rabon, Kenneth W 213 Jaycee Dr Catawba SC 29704 | 103339 | 694308GW1 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $858.01 | $858.01 | Claims Barred by the Statute of Repose |
| 150 | RAJ Pal, Trustee, Pal Family Trust 5447 Robin Lane Yorba Linda CA 92886 | 98248 | 694308GT8 | Pacific Gas and Electric Company | 3/30/2020 | $0.00 | $0.00 | $0.00 | $7,003.00 | $7,003.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|-----|-------------------|--------------------------------|-----------------------------------------------------|--------|-----------|---------|----------------|----------|-----------|-------|---------------------|
| 151 | Reeves, Robert 500 South Ocean Blvd, Apt 2006 Boca Raton FL 33432 | 104431 | 694308GV3 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $3,519.00 | $3,519.00 | Claims Barred by the Statute of Repose |
| 152 | Remack, Andrew E 61 York Drive Saint Louis MO 63144 | 98454 | 694308HB6 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $25,790.50 | $25,790.50 | Claims Barred by the Statute of Repose |
| 153 | Rhoda Sue Paull Revocable Living Trust 5360 Isle Royal Ct West Bloomfield MI 48323 | 98795 | 694308HE0 | Pacific Gas and Electric Company | 4/7/2020 | $0.00 | $0.00 | $0.00 | $3,662.15 | $3,662.15 | Claims Barred by the Statute of Repose |
| 154 | RICHARD SARGENT DIANE SARGENT JTWROS 6425 AUGUSTA BLVD SEMINOLE FL 33777 | 103292 | 694308GT8 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $1,542.78 | $1,542.78 | Claims Barred by the Statute of Repose |
| 155 | Richards, Ruth B. 29122 Bonnie Dr Warren MI 48093 | 98687 | 694308GE1 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $411.83 | $411.83 | Claims Barred by the Statute of Repose |
| 156 | Riley Jr, Wayne E 4409 Deer Park Dr Little Rock AR 72223 | 98437 | 694308GT8 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $5,323.90 | $5,323.90 | Claims Barred by the Statute of Repose |
| 157 | Ronald Keith Brown Irrev Trust dated 12/7/2012 Gary Berger Trustee 600 Citrus Ave Ste 200 Ft Pierce FL 34950 | 99547 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $6,020.00 | $6,020.00 | Claims Barred by the Statute of Repose |
| 158 | Rowbottom, Jonathan T. 25444 John Steinbeck Trail Salinas CA 93908 | 103847 | 694308GT8 | PG&E Corporation | 5/4/2020 | $0.00 | $0.00 | $0.00 | $6,405.65 | $6,405.65 | Claims Barred by the Statute of Repose |
| 159 | Russell G. Snaddix TTEE THE Shaddix Family Trust 2400 Buttermilk Lane Arcata CA 95521 | 98806 | 694308HG5 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $6,155.00 | $6,155.00 | Claims Barred by the Statute of Repose |
| 160 | S. Alan Rosen IRRA 4125 Greenbrier Ln Tarzana CA 91356 | 98718 | 694308HK6 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $25,000.00 | $25,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | Sacco, Frank B. P.O. Box 509 42720 State Hwy 28 Arkville NY 12406-0509 | 98767 | 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $300.78 | $300.78 | Claims Barred by the Statute of Repose |
| 162 | Salinas, Carlos G. 6146 Oakhill Circle Sandia TX 78383 | 99250 | 694308HN0 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $1,500.00 | $1,500.00 | Claims Barred by the Statute of Repose |
| 163 | Salis, George 841 Worcester Street Unit 307 Natick MA 01760 | 103116 | 694308HL4 | Pacific Gas and Electric Company | 4/23/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 164 | Saltzman, Marc Paul 20475 Quarterpath Trace Circle Sterling VA 20165 | 103751 | 694308HM2 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $7,208.96 | $7,208.96 | Claims Barred by the Statute of Repose |
| 165 | Sando, Judith 5210 Elvira Laguna Woods CA 92637 | 105675 | 694308HE0 | PG&E Corporation | 6/4/2020 | $0.00 | $0.00 | $0.00 | $70,800.47 | $70,800.47 | Claims Barred by the Statute of Repose |
| 166 | Sanford Schreiber Ttee U/T/A 101B Dtd. 12/14/43 for descendants Sarah Schapiro 20 S. Charles Street, Suite 1200 Baltimore MD 21201 | 105471 | 694308HC4 | PG&E Corporation | 5/26/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 167 | Sax, Sharon A. 2400 Twigwood Lane Cincinnati OH 45237 | 104466 | 694308HM2 | PG&E Corporation | 5/11/2020 | $0.00 | $0.00 | $0.00 | $1,649.26 | $1,649.26 | Claims Barred by the Statute of Repose |
| 168 | Schnellle, Craig E. 137 St. Clair Place New Bremen OH 45869 | 99702 | 694308HK6 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $2,513.03 | $2,513.03 | Claims Barred by the Statute of Repose |
| 169 | Schoessow-Zuleger LLC 818 Valley Dr. Wisconsin Dells WI 53965 | 98724 | 694308HG5 | Pacific Gas and Electric Company | 4/3/2020 | $0.00 | $0.00 | $0.00 | $4,470.00 | $4,470.00 | Claims Barred by the Statute of Repose |
| 170 | Schoffstall, Gerald D Box 299 29 Clearfield St Elizabethville PA 17023 | 104509 | 694308HK6 | Pacific Gas and Electric Company | 5/12/2020 | $0.00 | $0.00 | $0.00 | $1,609.92 | $1,609.92 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 171 | Seidman, Mitchell H. 3400 Creek View Dr. Medford OR 97504 | 104017 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $221.25 | $221.25 | Claims Barred by the Statute of Repose |
| 172 | Selected Funeral and Life Insurance Co 119 Convention Blvd Hot Springs AR 71901 | 97854 | 694308HL4 | PG&E Corporation | 3/17/2020 | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 | Claims Barred by the Statute of Repose |
| 173 | Selepack, Mark S 11798 N Beasly Rd Longmont CO 80504 | 98882 | 694308HL4 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $549.53 | $549.53 | Claims Barred by the Statute of Repose |
| 174 | Selm-Bell, Karen L. 8504 Bainbridge Lp N.E Lacey WA 98516 | 106199 | 694308HM2 | Pacific Gas and Electric Company | 6/26/2020 | $0.00 | $0.00 | $0.00 | $6,942.27 | $6,942.27 | Claims Barred by the Statute of Repose |
| 175 | Shirley J Shychuck (Deceased) 455 Gas Valley Road Georgetown PA 15043 | 103041 | 694308HE0 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $15,118.68 | $15,118.68 | Claims Barred by the Statute of Repose |
| 176 | Shoman, Tyler 123 Ellicott Dr Warner Robins GA 31088 | 98008 | 694308GW1 | Pacific Gas and Electric Company | 3/24/2020 | $0.00 | $0.00 | $0.00 | $6,150.58 | $6,150.58 | Claims Barred by the Statute of Repose |
| 177 | Shuki, Donald J. 4509 Chestnut Rd Independence OH 44131 | 98893 | 694308GT8 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $4,568.20 | $4,568.20 | Claims Barred by the Statute of Repose |
| 178 | Shychuck, William B. 455 Gas Valley Road Georgetown PA 15043 | 102968 | 694308HE0 | Pacific Gas and Electric Company | 4/21/2020 | $0.00 | $0.00 | $0.00 | $15,106.98 | $15,106.98 | Claims Barred by the Statute of Repose |
| 179 | Siegel, Howard 559 Pacing Way Westbury NY 11590 | 103428 | 694308HL4 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $2,078.65 | $2,078.65 | Claims Barred by the Statute of Repose |
| 180 | Sigele, Kim 1082 North Ave Highland Park IL 60035 | 104008 | 694308HL4 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $129.00 | $129.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 181 | Sponable, Dennis M and Cecelia<br>7513 Blue Water Ct<br>Fort Collins CO 80525 | 98988 | 694308GE1 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $1,095.00 | $1,095.00 | Claims Barred by the Statute of Repose |
| 182 | St. Thomas, Thomas James<br>205 East Joppa Rd<br>Apt 1102<br>Towson MD 21286 | 100152 | 694308GT8 | PG&E Corporation | 4/14/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 183 | STANLIB Multi-Manager Global Fund<br>Kristine M. Nishiyama<br>Authorized Signatory<br>c/o Capital Research and Management Company<br>333 South Hope Street, 55th floor<br>Los Angeles CA 90071 | 101991 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $312,884.00 | $312,884.00 | Claims Barred by the Statute of Repose |
| 184 | Stoneburner, James M.<br>12505 Chrasfield Chase<br>Fort Myers FL 33913 | 99540 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 | Claims Barred by the Statute of Repose |
| 185 | Stoneburner, James M.<br>12505 Chrasfield Chase<br>Fort Myers FL 33913 | 99701 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $15,000.00 | $15,000.00 | Claims Barred by the Statute of Repose |
| 186 | Stratter, Laurence B.<br>709 Pettee St<br>Princeton IL 61356 | 100753 | 694308HK6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 | Claims Barred by the Statute of Repose |
| 187 | Swiger, Arlene<br>165 East 72 Street<br>New York NY 10021 | 98576 | 694308HK6 | PG&E Corporation | 4/6/2020 | $0.00 | $0.00 | $0.00 | $1,633.80 | $1,633.80 | Claims Barred by the Statute of Repose |
| 188 | Sylvia A. Robison Roth IRA<br>Wells Fargo Advisors<br>200 Meridian Ctr Suite 260<br>Rochester NY 14618 | 104340 | 694308GW1 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $12,000.00 | $12,000.00 | Claims Barred by the Statute of Repose |
| 189 | Taliaferro, Andre<br>35517 Bonaire Dr.<br>Rehoboth Beach DE 19971 | 98370 | 694308GW1, 694308GT8 | Pacific Gas and Electric Company | 4/1/2020 | $0.00 | $0.00 | $0.00 | $2,007.90 | $2,007.90 | Claims Barred by the Statute of Repose |
| 190 | Tamara Gilmour IRA<br>PO Box 1109<br>Fayetteville AR 72702-1109 | 97814 | 694308HM2 | Pacific Gas and Electric Company | 3/11/2020 | $0.00 | $0.00 | $0.00 | $4,897.00 | $4,897.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 191 | Tancredi, Mauricio C<br>9368 Eden Roc Ct<br>Delray Beach FL 33446 | 98528 | 694308GW1 | Pacific Gas and Electric Company | 4/4/2020 | $0.00 | $0.00 | $0.00 | $8,677.70 | $8,677.70 | Claims Barred by the Statute of Repose |
| 192 | Tatsuta, Anne<br>5102 Dumaine Dr.<br>La Palma CA 90623 | 105649 | 694308GN1 | PG&E Corporation | 6/2/2020 | $0.00 | $0.00 | $0.00 | $47,179.45 | $47,179.45 | Claims Barred by the Statute of Repose |
| 193 | Tesch, John<br>1506 Windy Mountain Ave<br>Westlake Village CA 91362 | 103082 | 694308HE0 | PG&E Corporation | 4/22/2020 | $0.00 | $0.00 | $0.00 | $10,880.00 | $10,880.00 | Claims Barred by the Statute of Repose |
| 194 | The Ahlfeld Family Trust, dated Nov. 18, 1991, Charles E. Ahlfeld - Trustee<br>7812 Rush Rose Drive<br>Carlsbad CA 92009 | 102477 | 694308GV3 | Pacific Gas and Electric Company | 4/18/2020 | $0.00 | $0.00 | $0.00 | $2,898.00 | $2,898.00 | Claims Barred by the Statute of Repose |
| 195 | The John E. Davis, Jr. Restated Revocable Trust dated 12-5-17<br>C/o Marybeth Pritschet - Davis, Trustee, John E. Davis Jr, Rstd Rev Trust Dated 12-5-17<br>3411 Lorraine Ave<br>Kalamazoo MI 49008 | 99687 | 694308GW1 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $24,981.50 | $24,981.50 | Claims Barred by the Statute of Repose |
| 196 | Timothy J Becker & Kimberly K Becker Ttee, Becker Family Trust U/A Dtd 02/08/2017<br>13646 SW Michelle Ct<br>Tigard OR 97223 | 104334 | 694308HB6 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $6,150.00 | $6,150.00 | Claims Barred by the Statute of Repose |
| 197 | Tomaszewski, Monica<br>653 Burton SE<br>Grand Rapids MI 49507 | 104302 | 694308HE0 | Pacific Gas and Electric Company | 5/11/2020 | $0.00 | $0.00 | $0.00 | $36,000.00 | $36,000.00 | Claims Barred by the Statute of Repose |
| 198 | Tomlin, Fred<br>16 Quail Hollow Dr.<br>Sewell NJ 08080 | 105267 | 694308HM2 | Pacific Gas and Electric Company | 5/20/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 199 | TOPICH, DANE G<br>120 CHARTERWOOD DRIVE<br>PITTSBURGH PA 15237 | 103851 | 694308HE0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $20,142.63 | $20,142.63 | Claims Barred by the Statute of Repose |
| 200 | Tricoci 1999 Family Trust<br>Cheryl Tricoci<br>1956 N Dayton St<br>Chicago IL 60614 | 104430 | 694308HC4 | Pacific Gas and Electric Company | 5/13/2020 | $0.00 | $0.00 | $0.00 | $6,100.00 | $6,100.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 201 | Trustmark Insurance Company Investment Department 400 Field Drive Lake Forest IL 60045 | 99000 | 694308HN0 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $76,920.00 | $76,920.00 | Claims Barred by the Statute of Repose |
| 202 | Trygg, Lisa L. 441 Palm Avenue Kentfield CA 94904 | 103010 | 694308HM2 | PG&E Corporation | 4/27/2020 | $0.00 | $0.00 | $0.00 | $1,402.17 | $1,402.17 | Claims Barred by the Statute of Repose |
| 203 | Turner, Gene 2859 Galahad Dr NE Atlanta GA 30345 | 103503 | 694308GE1 | Pacific Gas and Electric Company | 4/29/2020 | $0.00 | $0.00 | $0.00 | $8,098.73 | $8,098.73 | Claims Barred by the Statute of Repose |
| 204 | Turner, Mari R. 303 Belaire Circle Granite Shoals TX 78654 | 97956 | 694308HG5 | Pacific Gas and Electric Company | 3/23/2020 | $0.00 | $0.00 | $0.00 | $5,561.78 | $5,561.78 | Claims Barred by the Statute of Repose |
| 205 | Van Den Bosch, Bruno 1156 York Lane Saint Helena CA 94574 | 98933 | 694308HB6 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $251.50 | $251.50 | Claims Barred by the Statute of Repose |
| 206 | Van Den Bosch, Christine 1156 York Lane Saint Helena CA 94574 | 99718 | 694308HB6 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $446.40 | $446.40 | Claims Barred by the Statute of Repose |
| 207 | Vasiloff, Michelle 6820 E. Hunsdale St Long Beach CA 90808 | 104325 | 694308GT8 | PG&E Corporation | 5/11/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 208 | Venables, David 31 Mill Rock Road Hamden CT 06517 | 106151 | 694308GT8 | PG&E Corporation | 6/29/2020 | $0.00 | $0.00 | $0.00 | $19,266.00 | $19,266.00 | Claims Barred by the Statute of Repose |
| 209 | Vineet Pruthi IRA SEP dated 04/14/88 400 East 67th Street Apt 25 A New York NY 10065-6340 | 103926 | 694308GT8 | Pacific Gas and Electric Company | 5/6/2020 | $0.00 | $0.00 | $0.00 | $16,802.00 | $16,802.00 | Claims Barred by the Statute of Repose |
| 210 | Walker Tod, David T. 530 N. Main St., Apt. 406 Butler PA 16001 | 102660 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $1,991.90 | $1,991.90 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 211 | Walker, David T. Raymond James & Assoc Cust FBO David T. Walker Roth IRA 530 N. Main St., Apt. 406 Butler PA 16001 | 102663 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $2,090.85 | $2,090.85 | Claims Barred by the Statute of Repose |
| 212 | Waller, Michael H 4067 Riggs RD Oxford OH 45056 | 97728 | 694308HE0 | Pacific Gas and Electric Company | 3/11/2020 | $0.00 | $0.00 | $0.00 | $613.00 | $613.00 | Claims Barred by the Statute of Repose |
| 213 | Watson, Donna 66598 E Wilderness Rock Dr Tucson AZ 85739 | 105407 | 694308HE0 | Pacific Gas and Electric Company | 5/22/2020 | $0.00 | $0.00 | $0.00 | $4,543.00 | $4,543.00 | Claims Barred by the Statute of Repose |
| 214 | Weber, Victor L. 2244 Rt. 52 Hopewell Junction NY 12533 | 100024 | 694308HM2 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |
| 215 | Weiland, Frank A. 7190 SE Bunker Hill Ct Hobe Sound FL 33455 | 99041 | 694308HK6 | Pacific Gas and Electric Company | 4/9/2020 | $0.00 | $0.00 | $0.00 | $1,100.13 | $1,100.13 | Claims Barred by the Statute of Repose |
| 216 | Wesley H Sowers Jr and Kathleen F. Sowers 1315 Chesterton Dr. Richardson TX 75080 | 103345 | 694308HL4 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $766.22 | $766.22 | Claims Barred by the Statute of Repose |
| 217 | Whybrew, Stephen W. 32903 39th Ave SW Federal Way WA 98023 | 104582 | 694308HM2 | Pacific Gas and Electric Company | 5/14/2020 | $0.00 | $0.00 | $0.00 | $3,204.07 | $3,204.07 | Claims Barred by the Statute of Repose |
| 218 | William P. Allomando & Christine Allomando JT TEN/WROS 16 Highwood Lane Ipswich MA 01938 | 99379 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 219 | William T. French Credit Shelter Trust Marilyn French 329 Island Breeze Ave Daytona Beach FL 32124 | 99872 | 694308GT8 | Pacific Gas and Electric Company | 4/13/2020 | $0.00 | $0.00 | $0.00 | $5,680.78 | $5,680.78 | Claims Barred by the Statute of Repose |
| 220 | Wilson, Judy F 17017 Rush Pea Circle Austin TX 78738 | 97817 | 694308HB6 | Pacific Gas and Electric Company | 3/17/2020 | $0.00 | $0.00 | $0.00 | $7,335.00 | $7,335.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 221 | Winnie R. Dietz IRA 725 Norman St. Cranberry Twp PA 16066 | 98633 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $12,047.09 | $12,047.09 | Claims Barred by the Statute of Repose |
| 222 | WINNIE R. DIETZ TRST DTD 4-21-2006 WINNIE R. DIETZ TTEE 725 NORMAN DRIVE CRANBERRY TWP PA 16066 | 98812 | 694308HE0 | Pacific Gas and Electric Company | 4/6/2020 | $0.00 | $0.00 | $0.00 | $17,066.71 | $17,066.71 | Claims Barred by the Statute of Repose |
| 223 | Zessar, William L. 16264 Cirque Mountain Way Broomfield CO 80023 | 103894 | 694308GN1 | Pacific Gas and Electric Company | 5/5/2020 | $0.00 | $0.00 | $0.00 | $1,054.50 | $1,054.50 | Claims Barred by the Statute of Repose |

# EXHIBIT H

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE)** |
| **Debtors.** | **Response Deadline: October 26, 2021, 4:00 p.m. (PT)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Hearing Information If Timely Response Made:**<br>Date: November 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors,**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this fourteenth securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claims To Be Disallowed/Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Edward J. Radetich, Jr., dated September 28, 2021 (the "**Radetich Declaration**") and of Michael Keable, dated September 28, 2021 (the "**Keable Declaration**"), in support of the Objection.

The Objection seeks to expunge certain debt-based securities proofs of claim that are barred by the statute of repose for securities claims arising under Section 11 of the Securities Act of 1933 (the "**Securities Act**"). A statute of repose is a type of limitation that typically runs from the date of the alleged wrongful act, rather than the date plaintiffs knew or should have known about their claims. Section 13 of the Securities Act categorically bars all Section 11 claims filed more than three years after the offering date of the security at issue. *See* 15 U.S.C. § 77m. This three-year statute of repose period is not subject to tolling or other extension. Each of the Claims is barred under the three-year statute of repose because all of the alleged transactions stem from debt securities offerings that took place more than three years before January 29, 2019 (the "**Petition Date**").

The debt-based securities claims submitted in these Chapter 11 Cases (the "**Debt Claims**") arise under Section 11. Indeed, statements during confirmation and in subsequent briefing in this Court and in the Securities Litigation in the District Court (as defined below) confirm that the Debt Claims arise under Section 11.

Where, as here, Section 11 debt claims are based on public offerings that occurred more than three years before the filing of those claims, they are barred by the three-year statute of repose. This Court has already granted the requested relief with respect to identically situated claims in the eleventh and thirteenth securities claims omnibus objections, each of which also sought to disallow and expunge claims based on debt securities where the offerings took place more than three years before the Petition

Date.  *See* Docket Nos. 11216 and 11315.  Thus, the proofs of claim subject to this Objection should be dismissed and expunged in their entirety.

## I.    JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II.    BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  On July 1, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**").  The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors.  The Bar Date Order required any person who had a prepetition claim to file a proof of claim by the Bar Date.  Notice of the Bar Date was disseminated widely pursuant to the Bar Date Order, including to all record holders of the Debtors' securities based on a record date of July 1, 2019.  In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Bar Date.

On October 21, 2019, the Public Employees Retirement Association of New Mexico ("**PERA**"),

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

filed a proof of claim against each Debtor.[1]  *See* Claim Nos. 69105, 71345.  The proof of claim asserted certain securities claims on behalf of PERA and incorporated the operative complaint (the "**Third Amended Complaint**") that PERA filed in the United States District Court for the Northern District of California (the "**District Court**") as lead plaintiff in *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal. Oct. 4, 2019) (the "**Securities Litigation**").  *See* Sec. Litig. Docket No. 121.  The Third Amended Complaint asserts claims under the Securities Act as to the Debtors' debt securities and, separately, claims under the Exchange Act of 1934 (the "**Exchange Act**") as to the Debtors' equity securities.  *See id.*[2]  The putative class in the Securities Litigation comprises investors who, during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Putative Class Period**"), purchased or otherwise acquired certain publicly traded securities of the Debtors.  *See id*.  Pursuant to the Plan (as defined below), the Securities Litigation is permanently enjoined as to the Reorganized Debtors, and associated claims, other than any entitlement to distributions under the Plan, have been discharged.  *See* Plan §§ 4.12, 4.14, 4.32, 10.6.

After the Petition Date, the Securities Litigation continued to proceed against the non-Debtor defendants.  On October 4, 2019, the non-Debtor defendants moved to dismiss the Securities Act claims, which motions, if granted, would dispose of all noteholder claims.  *See* Sec. Litig. Docket No. 155 (motion to dismiss noteholder claims).  The non-Debtor defendants also moved to dismiss the Exchange Act claims, which, if granted, would dispose of all shareholder claims.  *See* Sec. Litig. Docket No. 149 (motion to dismiss shareholder claims).  The District Court has not yet ruled on the motions to dismiss filed in the Securities Litigation.  On April 29, 2021, the District Court indicated its intention to stay the Securities Litigation pending the resolution of the proofs of claim filed in the Chapter 11 Cases.  *See* Sec. Litig. Docket No. 198.  PERA has filed papers opposing the stay, *see* Sec. Litig. Docket Nos. 203 & 208, and the District Court has not yet ruled whether it will in fact stay the action.

---

[1] PERA subsequently also filed Rescission or Damage Proof of Claim Forms (as herein defined).  *See* Claim Nos. 101691 (withdrawn), 72193 (purportedly on behalf of a putative class), 72273 (same).

[2] This Objection does not seek to disallow or expunge any Debt Claims that are based on debt-securities at issue in the Securities Litigation, because the Third Amended Complaint does not assert claims based on any offerings that occurred more than three years prior to the Petition Date.  *See* Sec. Litig. Docket No. 121.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On December 9, 2019, PERA filed a motion seeking to apply Bankruptcy Rule 7023 to the proofs of claim filed by PERA in the Chapter 11 Cases [Docket No. 5042] (the "**7023 Motion**"). On February 27, 2020, the Court entered an order denying the 7023 Motion, but extending the Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the Putative Class Period who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims (the "**Rescission or Damage Proof of Claim Form**").

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities Claims Procedures Order**"). Pursuant to the Securities Claims Procedures Order, the Court approved, among other things, procedures for filing omnibus objections to certain Securities Claims (the "**Securities Omnibus Objection Procedures**"), including to Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Claims Procedures Order ¶ 8(d); *see also id.*, Ex. A-3 ¶ I.C.4.

## III.  RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and expunging the Claims, identified on **Exhibit 1** hereto, each of which is barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. As set forth below, each of the Claims are based exclusively on transactions in debt securities that

were offered more than three years before the Petition Date. Accordingly, the Reorganized Debtors request that the Claims be disallowed and expunged in their entirety on the basis that they are time-barred.

## IV. ARGUMENT

### A. The Claims Should be Disallowed and Expunged.

Section 13 of the Securities Act sets time limits for bringing claims under Section 11, providing in relevant part that:

> In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) [Sections 11 and 12, respectively] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

15 U.S.C. § 77m. As the Supreme Court has explained, "[t]he statute provides in clear terms that '[i]n no event' shall an action be brought more than three years after the securities offering on which it is based." *California Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049 (2017) (citing 15 U.S.C. § 77m). This three-year bar "is a statute of repose," and "runs from the defendant's last culpable act (the offering of the securities), not from the accrual of the claim (the plaintiff's discovery of the defect in the registration statement)." *Id.* Section 13 "does not refer to or impliedly authorize any exceptions for tolling" and "displaces the traditional power of courts to modify statutory time limits in the name of equity." *Id.* at 2051, 2055. Thus, the three-year statute of repose bars any and all actions that stem from a security issued more than three years prior to filing the initiating complaint. *See id.* at 2050 (statute of repose "create[s] 'an absolute bar on a defendant's temporal liability'") (citation omitted).

Here, all Debt Claims based on securities issued more than three years before the Petition Date are time-barred as a matter of law. While the Bankruptcy Code generally tolls filing deadlines pending the lifting of the automatic stay, that tolling only applies where the relevant period "has not expired *before* the date of the filing of the petition." 11 U.S.C. § 108(c) (emphasis added); *see also Smith v. Lachter (In re Smith)*, 293 B.R. 220, 223 (B.A.P. 9th Cir. 2003) (same). Thus, if a statute of repose has lapsed before the commencement of a chapter 11 case, a proof of claim subject to that statute of repose is time-barred as a matter of law—as is the case with respect to each of the Claims.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This Court can adjudicate this Objection on the papers. Where, as here, a claimant's entitlement to relief is time-barred on the face of the pleadings, including on the basis that the relevant statute of repose has lapsed, courts in this Circuit routinely dismiss those claims with prejudice. *See, e.g.*, *Hildes v. Arthur Andersen LLP*, No. 08-cv-0008 BEN (RBB), 2015 WL 11199825, at *6 (S.D. Cal. May 15, 2015) (granting motion and dismissing entire action with prejudice because Section 11 claim was "barred by the three-year statute of repose"); *Fed. Deposit Ins. Corp. v. Countrywide Sec. Corp. (In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.)*, 966 F. Supp. 2d 1018, 1021 (C.D. Cal. 2013) (dismissing all claims with prejudice holding that Section 11 claims were time-barred because "[a]ll eight of the certificates at issue were offered to the public . . . more than three years before" the FDIC's receivership); *Fed. Deposit Ins. Corp. v. Countrywide Fin. Corp. (In re Countrywide Fin. Corp.)*, No. 2:11-cv-10400-MRP (MANx), 2012 WL 12897153, at *2 (C.D. Cal. June 15, 2012) (granting motion to dismiss time-barred Section 11 claims with prejudice because "[t]he Complaint was filed in Colorado state court on April 23, 2010, more than three years after each of the Certificates in this case was bona fide offered to the public and purchased by [plaintiff]").

Here, because each of the Claims are based exclusively on transactions in debt securities that were issued more than three years before the Petition Date, *see* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B, and because there is no equitable tolling under Section 13 of the Securities Act, the Claims are barred by the applicable statute of repose. Accordingly, this Court should disallow and expunge the proofs of claim that are subject to the Objection in their entirety.

## B. The Debt Claims Arise Under Section 11 of the Securities Act.

While none of the Claims articulate any specific cause of action in the proofs of claim, the Debt Claims arise under Section 11. Indeed, PERA has confirmed that the Debt Claims arise under Section 11 of the Securities Act. *See, e.g.*, *Securities Lead Plaintiff's Opposition, Request for Clarification, and Reservation of Rights to Reorganized Debtors' First Securities Claims Omnibus Objection* [Docket No. 10524], at 4 (the Debt Claims "arise under the Securities Act" and are "covered by Section 11 and subject to a different damages analysis than Section 10(b) claims"); June 5, 2020 Hr'g Tr. 61:12–17 ("There's three additional named plaintiffs in the securities litigation. They're public and union retirement funds that assert claims under the Securities Act of 1933 against each of the debtors as well as certain of their

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

current and former Ds and Os and the underwriters of certain of their public notes offerings.").
Moreover, the parties to the Securities Litigation briefed the motions to dismiss the debt claims in that
action based on those claims having arisen under Section 11 of the Securities Act. *See* Sec. Litig. Docket
No. 155 (motion to dismiss noteholder claims all based on Section 11).

Accordingly, Section 13 of the Securities Act bars any Debt Claims based on transactions in debt
securities with an offering date that was more than three years prior to the Petition Date. *See supra*
§ IV.A.[3]

### C. The Claimants Bear the Burden of Proof.

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."
11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that
a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor,
under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending
to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves,"
*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on
Bankruptcy* § 502.02, at 502-22 (15th ed. 1991)), then "the burden reverts to the claimant to prove the
validity of the claim by a preponderance of the evidence." *Ashford v. Consol. Pioneer Mortg. (In re
Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*,
954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision).
"[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting 3 L.
King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed. 1991)); *see also Lundell v. Anchor Constr.
Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901
(B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid.
Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Claims do not represent a current
right to payment and, therefore, should be disallowed and expunged. If any holder of a Claim believes

---

[3] To be clear, there is no basis raised by any Securities Claimants in their proofs of claim or otherwise
to conclude that any of the Claims arise under anything other than Section 11. Under the circumstances,
because the Claims fail under Section 11's three-year statute of repose, the Court should disallow and
expunge the proofs of claim in their entirety.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

that its Claim is valid, it must articulate with particularity the basis for the Claim in response to the Objection and present affirmative evidence demonstrating the Claim's validity.

### D. The Claims May Be Objected to by an Omnibus Objection.

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C. The Securities Omnibus Objection Procedures supplement Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one Securities Claim if they "are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including . . . statute of limitations bases." Securities Omnibus Objection Procedures ¶ I.C.4; *see also* Securities Claims Procedures Order ¶ 8(d). The Reorganized Debtors and their advisors have reviewed each of the Claims, identified in Exhibit 1, and have determined that each of them is premised exclusively on debt securities that were issued at least three years prior to the Petition Date. *See* Radetich Decl. ¶¶ 6–8; Keable Decl. ¶¶ 6–8 & Ex. B (identifying the issue dates of each of the debt securities that were offered more than three years prior to the Petition Date). Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection. Furthermore, the Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph F of the Securities Omnibus Objection Procedures.

### V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not yet granted, and to file

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  other objections to any proofs of claims filed in these cases, including, without limitation, objections as

2  to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of

3  whether such claims are subject to this Objection.  A separate notice and hearing will be scheduled for

4  any such objections.  Should the grounds of objection specified herein be overruled, wholly or in part,

5  the Reorganized Debtors reserve the right to object to the Claims on any other grounds that the

6  Reorganized Debtors may discover or deem appropriate.  *See* Securities Omnibus Objection Procedures

7  ¶ I.J.

8  **VI.    NOTICE**

9  Notice of this Objection will be provided to: (i) the holders of the Claims; (ii) the Office of the

10  U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel

11  and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those

12  persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to

13  Bankruptcy Rule 2002.

14  Under Bankruptcy Rule 3007, notice of an omnibus objection must "be served . . . to the person

15  most recently designated on the claimant's original or amended proof of claim as the person to receive

16  notices . . ." Fed. R. Bankr. P. 3007.  Similarly, the Securities Claims Procedures Order only specifies

17  that each Securities Claimant "whose claim is subject to an [o]mnibus [o]bjection" is entitled to notice

18  of that omnibus objection.  *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.F.  No previous request

19  for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

20  WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the

21  relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the

22  best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other

23  and further relief as the Court may deem just and appropriate.

24

25  Dated: September 28, 2021                    **WEIL, GOTSHAL & MANGES LLP**
                                                 **KELLER BENVENUTTI KIM LLP**
26

27                                              By:    */s/ Richard W. Slack*
                                                        Richard W. Slack
28
                                                *Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

**Exhibit 1**

**Claims Barred by the Statute of Repose**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total[1] | Basis for Objection |
|-----|-------------------|-------------------------------|-----------------------------------------------------|--------|------------|---------|----------------|----------|-----------|----------|---------------------|
| 1 | AETNA LIFE INSURANCE COMPANY (SEGMENT 10 LTC) AETNA LIFE INSURANCE COMPANY ATTN: MICHAEL GREENE RTAA 151 FARMINGTON AVENUE HARTFORD CT 06156 | 99224 | 694308HN0 | PG&E Corporation | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 2 | AETNA LIFE INSURANCE COMPANY (SEGMENT 2 SINGLE PREMIUM) ATTN: MICHAEL GREENE RTAA 151 FARMINGTON AVENUE HARTFORD CT 06156 | 99129 | 694308HN0, 694308HH3, 694308GE1, 694308GJ0, 694308HG5, 694308HL4 | PG&E Corporation | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 3 | AMERICAN EXPRESS RETIREMENT SAVINGS PLAN C/O BARBARA KONTJE 200 VESEY STREET MAILCODE: 01-35-01 NEW YORK NY 10285 | 100736 | 694308HM2, 694308HC4, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $63,213.25 | $63,213.25 | Claims Barred by the Statute of Repose |
| 4 | BECKER, HELEN A 11698 CARACAS BLVD BOYNTON BEACH FL 33437 | 103811 | 694308GS0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 5 | BLUE CROSS BLUE SHIELD OF NORTH CAROLINA C/O JULIE B. PAPE, ESQ. KILPATRICK TOWNSEND & STOCKTON LLP 1001 WEST FOURTH STREET WINSTON-SALEM NC 27101-2400 | 101319 | 694308HN0, 694308HL4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,481,785.10 | $1,481,785.10 | Claims Barred by the Statute of Repose |
| 6 | BRAWFORD, DENNIS ANTHONY 2031 VERNON RD LAKE STEVENS WA 98258 | 105455 | 694308HM2 | PG&E Corporation | 5/26/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 7 | CARL S. SLOTNICK & LINDA J. SLOTNICK, JOINT TENANTS 7 PARKWAY DRIVE ROSLYN HEIGHTS NY 11577 | 103820 | 694308HA8 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $218.29 | $218.29 | Claims Barred by the Statute of Repose |
| 8 | DRRT FBO CREDIT SUISSE FUNDS AG (3494) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101098 | 694308GT8, 694308HB6, 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 9 | DRRT FBO CREDIT SUISSE FUNDS AG (3727) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101174 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 10 | DRRT FBO CREDIT SUISSE FUNDS AG (4428) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101134 | 694308GE1, 694308GJ0, 694308HG5, 694308GN1, 694308HH3, 694308GS0, 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $702,195.00 | $702,195.00 | Claims Barred by the Statute of Repose |

[1] Claims listed as $0.00 seek an unliquidated amount.

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | DRRT FBO DEKA INVESTMENT GMBH (19174) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101410 | 694308GE1, 694308GJ0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 12 | DRRT FBO DEKA INVESTMENT GMBH (640) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 101167 | 694308HN0, 694308GN1, 694308HG5, 694308GJ0, 694308HK6, 694308GE1, 694308HH3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 13 | DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99288 | 694308HN0, 694308HA8, 694308GY7 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 14 | DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH (7013) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99393 | 694308HH3 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 15 | DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH (7223) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99395 | 694308HH3, 694308GE1 | Pacific Gas and Electric Company | 4/14/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 16 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (BVOE EE) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99647 | 694308HL4, 694308GE1, 694308HM2 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 17 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (EPT CPSF4) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99739 | 694308HL4 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 18 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (PLM C) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 99630 | 694308GE1, 694308GJ0, 694308HH3, 694308GS0 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $651,750.00 | $651,750.00 | Claims Barred by the Statute of Repose |
| 19 | DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH (SSKD-ACB) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100154 | 694308HM2 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | DRRT FBO METZLER ASSET MANAGEMENT GMBH (L16)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100940 | 694308HH3,<br>694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 21 | DRRT FBO SWISS REINSURANCE COMPANY LTD (ZF1Y13)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100153 | 694308HH3 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 22 | DRRT FBO SWISSCANTO FONDSLEITUNG AG<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 98869 | 694308GE1,<br>694308HM2 | Pacific Gas and Electric Company | 4/8/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 23 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG (CH0547)<br>340 WEST FLAGER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100109 | 694308GQ4,<br>694308GJ0,<br>694308HC4,<br>694308HA8,<br>694308HK6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $633,250.00 | $633,250.00 | Claims Barred by the Statute of Repose |
| 24 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG (CH0646_B)<br>340 WEST FLAGER STREET<br>SUITE 201<br>MIAMI FL 33130 | 99997 | 694308HA8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $339,000.00 | $339,000.00 | Claims Barred by the Statute of Repose |
| 25 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH0809_K)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100547 | 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $478,912.50 | $478,912.50 | Claims Barred by the Statute of Repose |
| 26 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH1050_B)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100430 | 694308GE1,<br>694308HD2,<br>694308HH3,<br>694308GS0,<br>694308GZ4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 27 | DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG(CH1051_B)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100589 | 694308HN0,<br>694308GE1,<br>694308GY7,<br>694308HD2,<br>694308HH3,<br>694308GS0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,197,375.00 | $1,197,375.00 | Claims Barred by the Statute of Repose |
| 28 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU6495)<br>340 WEST FLAGLER STREET<br>SUITE 201<br>MIAMI FL 33130 | 100178 | 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU6582) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100072 | 694308HM2, 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 30 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9076) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100199 | 694308HN0, 694308HM2, 694308HG5, 694308HH3 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 31 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9322_G) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100210 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 32 | DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (LU9504) 340 WEST FLAGLER STREET SUITE 201 MIAMI FL 33130 | 100633 | 694308HN0, 694308HM2, 694308HL4 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 33 | FINANCIAL GUARANTY INSURANCE COMPANY 463 SEVENTH AVENUE 16TH FLOOR NEW YORK NY 10018 | 100591 | 694308GE1, 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $388,014.75 | $388,014.75 | Claims Barred by the Statute of Repose |
| 34 | GOLDMAN SACHS INVESTMENT GRADE CREDIT FUND GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101301 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 35 | HORACE MANN INSURANCE COMPANY RACHAEL LUBER 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100310 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $153,615.00 | $153,615.00 | Claims Barred by the Statute of Repose |
| 36 | HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY RACHAEL LUBER HORACE MANN 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100293 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $87,780.00 | $87,780.00 | Claims Barred by the Statute of Repose |
| 37 | HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY EMPLOYEES' RETIREMENT PLAN BECKER LLC ATTN: J. ALEX KRESS EISENHOWER PLAZA TWO, SUITE 1500 354 EISENHOWER PARKWAY LIVINGSTON NJ 07039 | 101082 | 694308HK6, 694308HN0, 694308HL4, 694308GE1, 694308GM3, 694308HD2, 694308HH3, 694308GS0, 694308HA8, 694308HF7, 694308GT8 | PG&E Corporation | 4/16/2020 | $0.00 | $0.00 | $0.00 | $256,720.57 | $256,720.57 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 38 | HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY EMPLOYEES' RETIREMENT PLAN BECKER LLC ATTN: J. ALEX KRESS, ESQ. EISENHOWER PLAZA TWO, SUITE 1500 354 EISENHOWER PARKWAY LIVINGSTON NJ 07039 | 100981 | 694308GS0, 694308HF7, 694308HA8, 694308HL4, 694308GE1, 694308GM3, 694308HD2, 694308HH3, 694308HK6, 694308HN0, 694308GT8 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $256,720.57 | $256,720.57 | Claims Barred by the Statute of Repose |
| 39 | JONES, THOMAS A. 1002 BURR STREET DAVIS CA 95616 | 98566 | 694308GT8 | PG&E Corporation | 4/2/2020 | $0.00 | $0.00 | $0.00 | $17,711.70 | $17,711.70 | Claims Barred by the Statute of Repose |
| 40 | KERNAN, KEVIN M 465 LONG COVE DR. FAIRVIEW TX 75069-1957 | 98200 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $11,938.80 | $11,938.80 | Claims Barred by the Statute of Repose |
| 41 | MANULIFE INVESTMENT MANAGEMENT ATTN: MR SINCLAIR JACINTO 200 BLOOR STREET EAST TORONTO ON M4W 1 E5 | 101020 | 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 42 | RICK A. YALE AND BARBARA G. YALE 31 HOBONNY PLACE HILTON HEAD ISLAND SC 29926 | 103250 | 694308GV3 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $76,773.85 | $76,773.85 | Claims Barred by the Statute of Repose |
| 43 | SHEAFFER, ERIC 2009 HAVEMEYER LANE #2 REDONDO BEACH CA 90278 | 99023 | 694308HE0, 694308HM2 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $65,000.00 | $65,000.00 | Claims Barred by the Statute of Repose |
| 44 | SIEBERT, JAYNE M 1411 LARKIN WILLIAMS RD FENTON MO 63026 | 98514 | 694308GT8 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 45 | SMITH, GORDON J. 7475 PRESCOTT LANE LAKE WORTH FL 33467 | 100476 | 694308GE1 | PG&E Corporation | 4/16/2020 | $8,791.81 | $0.00 | $0.00 | $0.00 | $8,791.81 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | STATE STREET TRUST AND BANKING COMPANY A/C AES9 TORANOMON HILLS MORI TOWER 1-23-1 TORANOMON MINATO-KU TOKYO 105-6325 JAPAN | 100540 | 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 47 | TEACHERS INSURANCE COMPANY HORACE MANN RACHAEL LUBER 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100273 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $131,670.00 | $131,670.00 | Claims Barred by the Statute of Repose |
| 48 | U.S. BANK, N.A. AS CUSTODIAN FOR ANIC PROTECTED CELL OF LTC RE U.S. BANK CLASS ACTIONS ATTN: CLASS ACTIONS BOX 078778 MILWAUKEE WI 53278-8778 | 100873 | 694308GE1, 694308HF7 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $375,000.00 | $375,000.00 | Claims Barred by the Statute of Repose |
| 49 | U.S. BANK, N.A. AS CUSTODIAN FOR PENN TREATY PROTECTED CELL OF LTC RE U.S. BANK CLASS ACTIONS ATTN: CLASS ACTIONS BOX 078778 MILWAUKEE WI 53278-8778 | 100826 | 694308HF7, 694308GQ4, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,430,000.00 | $1,430,000.00 | Claims Barred by the Statute of Repose |
| 50 | WANG, GRACE 130 S CANAL ST APT 724 CHICAGO IL 60606 | 102630 | 694308GT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |

# EXHIBIT I

DRRT
Jared Lay, FL Bar No. 120351 (pro hac vice pending)
340 West Flagler St.
2nd Floor
Miami, FL 33130
(305) 760- 8025 Telephone
(786) 235-5005 Facsimile
jlay@drrt.com

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for the DRRT Claimants

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>        Debtors.<br><br>   Affects PG&E Corporation<br><br>   Affects Pacific Gas and Electric Company<br><br>  ☒  Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION FOR LEAVE TO FILE LATE<br>AND OPPOSITION TO REORGANIZED<br>DEBTORS' ELEVENTH, THIRTEENTH,<br>AND FOURTEENTH SECURITIES<br>CLAIMS OMNIBUS OBJECTIONS<br>(CLAIMS BARRED BY THE STATUTE<br>OF REPOSE)**<br><br>**Hearing Information:**<br>Date:     November 9, 2021<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   (Telephone Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

Individual Claimants DRRT FBO BAYERNINVEST KAPITALVERWALTUNGSGESELLSCHAFT MBH, DRRT FBO CREDIT SUISSE FUNDS AG, DRRT FBO DEKA INVESTMENT GMBH, DRRT FBO GIAM GENERALI INSURANCE ASSET MANAGEMENT, DRRT FBO HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH, DRRT FBO INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH, DRRT FBO KAISER PERMANENTE, DRRT FBO MEAG MUNICH ERGO KAPITALANLAGEGESELLSCHAFT MBH, DRRT FBO METZLER ASSET MANAGEMENT GMBH, DRRT FBO SWISS REINSURANCE COMPANY LTD, DRRT FBO SWISSCANTO FONDSLEITUNG AG, DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG and DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. (**"DRRT Claimants"**) as creditors in the chapter 11 bankruptcy cases (the **"Chapter 11 Cases"**) of the above-captioned debtors (as reorganized pursuant to the Plan, the **"Reorganized Debtors"**), respectfully submit this Motion to File Opposition Late and to Oppose Reorganized Debtors' Eleventh, Thirteenth, and Fourteenth Securities Claims Omnibus Objections [Docket Nos. 11014, 11085, 11339] seeking to expunge certain debt-based securities proofs of claim as barred by the statute of repose under Section 11 of the Securities Act of 1933 (the **"Securities Act"**).

## **MOTION FOR LEAVE TO FILE OPPOSITION LATE**

As grounds for this motion, the DRRT Claimants state that they did not receive effective notice of the Eleventh, Thirteenth, or Fourteenth Securities Claims Omnibus Objections and were unable to lodge their objections until this time. In addition, since other claimants lodged objections before and after the purported August 31, 2021 and September 15, 2021 deadlines to do so for the Eleventh and Thirteen Securities Claims Omnibus Objections, there will be no prejudice to the parties or disruption of the Court's schedule by allowing the DRRT Claimants to appear and assert their opposition to the Debtors' identical Eleventh, Thirteenth, and Fourteenth Securities Claims Omnibus Objections.

**OPPOSITION**

  The Fourteenth Objection makes the same arguments and is based on the same incorrect premise as the Reorganized Debtors' Eleventh and Thirteenth Securities Claims Omnibus Objections (Claims Barred By the Statute of Repose). The DRRT Claimants therefore file this Joinder in support of the PGIM FI Claimants' Response and Opposition to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (the "**PGIM Response and Opposition**") [Docket No. 11168] and Oregon's Opposition to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred By the Statute of Repose) (the "**Oregon Opposition**") [Docket No. 11170] as their opposition to the Eleventh, Thirteenth, and Fourteenth Objections.

  The DRRT Claimants hereby join the PGIM Response and Opposition and the Oregon Opposition. The DRRT Claimants support, adopt and incorporate by reference the arguments made therein.[1] The DRRT Claimants respectfully submit that the arguments against granting the Eleventh Omnibus Objection apply with equal force and weight in favor of denying the Thirteenth and Fourteenth Omnibus Objections as well.

**JOINDER IS APPROPRIATE AND SERVES JUDICIAL EFFICIENCY**

  Because the Thirteenth and Fourteenth Omnibus Objections add no new arguments to the Eleventh Omnibus Objection, it serves judicial efficiency and avoids a waste of resources by the parties for the DRRT Claimants to file this simple joinder and incorporate arguments made in response to the Eleventh Omnibus Objection. The Fourteenth Omnibus Objection is a near copy of the Eleventh and Thirteenth Omnibus Objections. Debtors acknowledge as much in their objection, referencing "identically situated

---

[1] In conformance with the ADR Procedures adopted by this Court, the DRRT Claimants provide Appendix A, listing information relevant to their claims, including claim numbers.

claims in the eleventh and thirteenth securities claims omnibus objections, each of which also sought to disallow and expunge claims based on debt securities where the offerings took place more than three years before the Petition Date." See Fourteenth Omnibus Objection Pg. 2 Lines 26-27; Pg. 3 Line 1. Where, as here, a party makes the exact same arguments via separate motions or sets of papers, the DRRT Claimants respectfully submit it serves overall efficiency to incorporate and apply responses to one motion or set of arguments to the other without burdening the Court with additional and unnecessary submissions.

## <u>RESERVATION OF RIGHTS</u>

The DRRT Claimants reserve all of their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this request in accordance with applicable rules.

Dated: October 27, 2021

DRRT

By: _____

JARED LAY

*Attorney for the DRRT Claimants*

**APPENDIX A**

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO BAYERNINVEST KAPITALVERWALTUNGS GESELLSCHAFT MBH | 98950 | 4/10/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5000 |
| DRRT FBO CREDIT SUISSE FUNDS AG | 101098 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5001 |
| DRRT FBO CREDIT SUISSE FUNDS AG | 101174 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5002 |
| DRRT FBO CREDIT SUISSE FUNDS AG | 101102 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5003 |
| DRRT FBO CREDIT SUISSE FUNDS AG | 101134 | 4/16/2020 | $ 702,195.00 | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5004 |
| DRRT FBO CREDIT SUISSE FUNDS AG | 101205 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5005 |

**APPENDIX A**

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO DEKA INVESTMENT GMBH | 101167 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5006 |
| DRRT FBO DEKA INVESTMENT GMBH | 101410 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5007 |
| DRRT FBO DEKA INVESTMENT GMBH | 101465 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5008 |
| DRRT FBO GIAM GENERALI INSURANCE ASSET MANAGEMENT | 100042 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5009 |
| DRRT FBO HELABA INVEST KAPITALANLAGEGESELL SCHAFT MBH | 99393 | 4/14/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5010 |
| DRRT FBO HELABA INVEST KAPITALANLAGEGESELL SCHAFT MBH | 99395 | 4/14/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5011 |

**APPENDIX A**

| Creditor | Claim No. | Date | Amount of Claim | | NOTICE ADDRESS |
|---|---|---|---|---|---|
| DRRT FBO HELABA INVEST KAPITALANLAGEGESELL SCHAFT MBH | 99288 | 4/14/2020 | $ | - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5012 |
| DRRT FBO HELABA INVEST KAPITALANLAGEGESELL SCHAFT MBH | 99550 | 4/14/2020 | $ | - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5013 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99604 | 4/15/2020 | $ | - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5014 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99647 | 4/15/2020 | $ | - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5015 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99630 | 4/15/2020 | $ | 651,750.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5016 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99607 | 4/15/2020 | $ | - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5017 |

APPENDIX A

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 100137 | 4/15/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5018 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99714 | 4/15/2020 | $ 415,950.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5019 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 99739 | 4/15/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5020 |
| DRRT FBO INTERNATIONALE KAPITALANLAGEGESELL SCHAFT MBH | 100154 | 4/15/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5021 |
| DRRT FBO KAISER PERMANENTE | 98964 | 4/9/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5022 |
| DRRT FBO KAISER PERMANENTE | 98968 | 4/9/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5023 |

**APPENDIX A**

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO KAISER PERMANENTE | 98995 | 4/10/2020 | $ 641,250.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5024 |
| DRRT FBO KAISER PERMANENTE | 99006 | 4/10/2020 | $ 235,337.50 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5025 |
| DRRT FBO KAISER PERMANENTE | 99002 | 4/10/2020 | $ 322,437.50 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5026 |
| DRRT FBO MEAG MUNICH ERGO KAPITALANLAGEGESELL SCHAFT MBH | 100717 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5027 |
| DRRT FBO METZLER ASSET MANAGEMENT GMBH | 100338 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5028 |
| DRRT FBO METZLER ASSET MANAGEMENT GMBH | 100940 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5029 |

## APPENDIX A

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO SWISS REINSURANCE COMPANY LTD | 99707 | 4/15/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5030 |
| DRRT FBO SWISS REINSURANCE COMPANY LTD | 99816 | 4/15/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5031 |
| DRRT FBO SWISS REINSURANCE COMPANY LTD | 100153 | 4/15/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5032 |
| DRRT FBO SWISS REINSURANCE COMPANY LTD | 99829 | 4/15/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5033 |
| DRRT FBO SWISS REINSURANCE COMPANY LTD | 99841 | 4/15/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5034 |
| DRRT FBO SWISSCANTO FONDSLEITUNG AG | 98869 | 4/8/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5035 |

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100514 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5036 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100541 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5037 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100109 | 4/16/2020 | $ 633,250.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5038 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 99997 | 4/16/2020 | $ 339,000.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5039 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100547 | 4/16/2020 | $ 478,912.50 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5040 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100585 | 4/16/2020 | $ 593,525.00 | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5041 |

**APPENDIX A**

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100543 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5042 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100560 | 4/16/2020 | $ 308,875.00 | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5043 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100430 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5044 |
| DRRT FBO UBS FUND MANAGEMENT (SWITZERLAND) AG | 100589 | 4/16/2020 | $ 1,197,375.00 | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5045 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100606 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5046 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100178 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5047 |

Case: 19-30088 Doc# 11434-2 Filed: 10/27/21 Entered: 10/27/21 14:05:16 Page 258 of 269

## APPENDIX A

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100072 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5048 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100199 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5049 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100210 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5050 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100118 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5051 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100107 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5052 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100633 | 4/16/2020 | $ - | Alexander Reus DRRT 340 WEST FLAGLER ST, SUITE 201 MIAMI FL 33130 PPMCLAIMS@DRRT.COM (786) 235-5053 |

| Creditor | Claim No. | Date | Amount of Claim | NOTICE ADDRESS |
|---|---|---|---|---|
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100670 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5054 |
| DRRT FBO UBS FUND MANAGEMENT LUXEMBOURG S.A. | 100334 | 4/16/2020 | $ - | Alexander Reus<br>DRRT<br>340 WEST FLAGLER ST, SUITE 201<br>MIAMI FL 33130<br>PPMCLAIMS@DRRT.COM<br>(786) 235-5055 |

# EXHIBIT J

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' REPORT ON RESPONSES TO FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (CLAIMS BARRED BY THE STATUTE OF REPOSE) AND REQUEST FOR ORDER BY DEFAULT AS TO UNOPPOSED OBJECTIONS** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **[Re: Dkt. No. 11339]** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Resolving Objections Set for Hearing November 9, 2021 at 10:00 a.m. (Pacific Time)** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11339] (the "**Fourteenth Securities Claims Omnibus Objection**").

## RELIEF REQUESTED IN

## THE FOURTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION

The Fourteenth Securities Claims Omnibus Objection seeks to disallow and expunge proofs of claim that were filed by PG&E security holders whose claims are based exclusively on transactions in debt securities that were offered more than three years before the petition date and are thereby barred by the three-year statute of repose for claims arising under Section 11 of the Securities Act. These claims are listed in **Exhibit 1** to the Fourteenth Securities Claims Omnibus Objection.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11342] (the "**Notice of Hearing**"). The Fourteenth Securities Claims Omnibus Objection was supported by the *Declaration of Edward J. Radetich, Jr. in Support of Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11340] (the "**Radetich Declaration**"). The Fourteenth Securities Claims Omnibus Objection was also supported by the *Declaration of Michael A. Keable in Support of Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Docket No. 11341] (the "**Keable Declaration**"). The Fourteenth Securities Claims Omnibus Objection, the Notice of Hearing, the Radetich Declaration, and the Keable Declaration were served as described in the *Certificate of Service*

of Sonia Akter, filed on October 5, 2021 [Docket No. 11376] (the "**Certificate of Service**"). As further described in the Certificate of Service, on September 28, 2021, each holder of a claim listed on **Exhibit 1** to the Fourteenth Securities Claims Omnibus Objection received a notice including the claim number, debtor, claim amount and priority, and the basis for the Reorganized Debtors' objection with respect to the applicable claim to be disallowed and expunged.

The deadline to file responses or oppositions to the Fourteenth Securities Claims Omnibus Objection has passed. The Reorganized Debtors have received the following responses:

| Docket No. | Claimant | Claim No(s). | Resolution |
|---|---|---|---|
| 11468 | Blue Cross Blue Shield of North Carolina | 101319 | The objection to this claim has been WITHDRAWN without prejudice and this claim has been removed from **Exhibit A** to this Request. The Reorganized Debtors reserve the right to object to this claim in a future omnibus objection on any basis. |
| 11498 | DRRT Claimants (as defined therein) | 98869, 99288, 99393, 99395, 99630, 99647, 99739, 99997, 100072, 100109, 100153, 100154, 100178, 100199, 100210, 100430, 100547, 100589, 100633, 100940, 101098, 101134, 101167, 101174, 101410 | The objection to these claims has been WITHDRAWN without prejudice and these claims have been removed from **Exhibit A** to this Request. The Reorganized Debtors reserve the right to object to these claims in a future omnibus objection on any basis. |
| 11466 | Horizon Blue Cross Blue Shield of New Jersey Employees' Retirement Plan | 100981, 101082 | The objection to these claims has been WITHDRAWN without prejudice and these claims have been removed from **Exhibit A** to this Request. The Reorganized Debtors reserve the right to object to these claims in a future omnibus objection on any basis. |
| 11478 | Manulife Investment Management | 101020 | The objection to this claim has been WITHDRAWN without prejudice and this claim has been removed from **Exhibit A** to this Request. The Reorganized Debtors reserve the right to object to this claim in a future omnibus objection on any basis. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Docket No. | Claimant | Claim No(s). | Resolution |
|---|---|---|---|
| 11495 | Dennis Anthony Brawford | 105455 | This claimant has agreed to withdraw his response to the Fourteenth Securities Claims Omnibus Objection. The Reorganized Debtors are working to effectuate the withdrawal and have removed this claim from **Exhibit A** to this Request. This matter has been continued to the November 23, 2021, omnibus hearing. |

## **DECLARATION OF NO OPPOSITION RECEIVED**

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a partner with the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses have been filed with respect to the Fourteenth Securities Claims Omnibus Objection except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed/Expunged" in **Exhibit A** to this Request, which listed claims identical to those in **Exhibit 1** to the Fourteenth Securities Claims Omnibus Objection, except as otherwise discussed above.

Dated November 2, 2021

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: _/s/ Richard W. Slack_

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**<u>Exhibit A</u>**

**Claims to be Disallowed/Expunged**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AETNA LIFE INSURANCE COMPANY (SEGMENT 10 LTC) AETNA LIFE INSURANCE COMPANY ATTN: MICHAEL GREENE  RTAA 151 FARMINGTON AVENUE HARTFORD CT 06156 | 99224 | 694308HN0 | PG&E Corporation | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 2 | AETNA LIFE INSURANCE COMPANY (SEGMENT 2 SINGLE PREMIUM) ATTN: MICHAEL GREENE RTAA 151 FARMINGTON AVENUE HARTFORD CT 06156 | 99129 | 694308HN0, 694308HH3, 694308GE1, 694308GJ0, 694308HG5, 694308HL4 | PG&E Corporation | 4/13/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 3 | AMERICAN EXPRESS RETIREMENT SAVINGS PLAN C/O BARBARA KONTJE 200 VESEY STREET MAILCODE: 01-35-01 NEW YORK NY 10285 | 100736 | 694308HM2, 694308HC4, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $63,213.25 | $63,213.25 | Claims Barred by the Statute of Repose |
| 4 | BECKER, HELEN A 11698 CARACAS BLVD BOYNTON BEACH FL 33437 | 103811 | 694308GS0 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 5 | CARL S. SLOTNICK & LINDA J. SLOTNICK, JOINT TENANTS 7 PARKWAY DRIVE ROSLYN HEIGHTS NY 11577 | 103820 | 694308HA8 | Pacific Gas and Electric Company | 5/4/2020 | $0.00 | $0.00 | $0.00 | $218.29 | $218.29 | Claims Barred by the Statute of Repose |
| 6 | FINANCIAL GUARANTY INSURANCE COMPANY 463 SEVENTH AVENUE 16TH FLOOR NEW YORK NY 10018 | 100591 | 694308GE1, 694308HN0 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $388,014.75 | $388,014.75 | Claims Barred by the Statute of Repose |
| 7 | GOLDMAN SACHS INVESTMENT GRADE CREDIT FUND GSAM ASSET SERVICING 11TH FLOOR, 222 SOUTH MAIN STREET SALT LAKE CITY UT 84101 | 101301 | 694308HM2 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 8 | HORACE MANN INSURANCE COMPANY RACHAEL LUBER 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100310 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $153,615.00 | $153,615.00 | Claims Barred by the Statute of Repose |
| 9 | HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY RACHAEL LUBER HORACE MANN 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100293 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $87,780.00 | $87,780.00 | Claims Barred by the Statute of Repose |
| 10 | JONES, THOMAS A. 1002 BURR STREET DAVIS CA 95616 | 98566 | 694308GT8 | PG&E Corporation | 4/2/2020 | $0.00 | $0.00 | $0.00 | $17,711.70 | $17,711.70 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | KERNAN, KEVIN M 465 LONG COVE DR. FAIRVIEW TX 75069-1957 | 98200 | 694308HE0 | Pacific Gas and Electric Company | 3/27/2020 | $0.00 | $0.00 | $0.00 | $11,938.80 | $11,938.80 | Claims Barred by the Statute of Repose |
| 12 | RICK A. YALE AND BARBARA G. YALE 31 HOBONNY PLACE HILTON HEAD ISLAND SC 29926 | 103250 | 694308GV3 | Pacific Gas and Electric Company | 4/27/2020 | $0.00 | $0.00 | $0.00 | $76,773.85 | $76,773.85 | Claims Barred by the Statute of Repose |
| 13 | SHEAFFER, ERIC 2009 HAVEMEYER LANE #2 REDONDO BEACH CA 90278 | 99023 | 694308HE0, 694308HM2 | Pacific Gas and Electric Company | 4/10/2020 | $0.00 | $0.00 | $0.00 | $65,000.00 | $65,000.00 | Claims Barred by the Statute of Repose |
| 14 | SIEBERT, JAYNE M 1411 LARKIN WILLIAMS RD FENTON MO 63026 | 98514 | 694308GT8 | Pacific Gas and Electric Company | 4/2/2020 | $0.00 | $0.00 | $0.00 | $7,000.00 | $7,000.00 | Claims Barred by the Statute of Repose |
| 15 | SMITH, GORDON J. 7475 PRESCOTT LANE LAKE WORTH FL 33467 | 100476 | 694308GE1 | PG&E Corporation | 4/16/2020 | $8,791.81 | $0.00 | $0.00 | $0.00 | $8,791.81 | Claims Barred by the Statute of Repose |
| 16 | STATE STREET TRUST AND BANKING COMPANY A/C AES9 TORANOMON HILLS MORI TOWER 1-23-1 TORANOMON MINATO-KU TOKYO 105-6325 JAPAN | 100540 | 694308HB6 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Claims Barred by the Statute of Repose |
| 17 | TEACHERS INSURANCE COMPANY HORACE MANN RACHAEL LUBER 1 HORACE MANN PLAZA, MC: C122 SPRINGFIELD IL 62715 | 100273 | 694308HK6 | Pacific Gas and Electric Company | 4/15/2020 | $0.00 | $0.00 | $0.00 | $131,670.00 | $131,670.00 | Claims Barred by the Statute of Repose |
| 18 | U.S. BANK, N.A. AS CUSTODIAN FOR ANIC PROTECTED CELL OF LTC RE U.S. BANK CLASS ACTIONS ATTN: CLASS ACTIONS BOX 078778 MILWAUKEE WI 53278-8778 | 100873 | 694308GE1, 694308HF7 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $375,000.00 | $375,000.00 | Claims Barred by the Statute of Repose |
| 19 | U.S. BANK, N.A. AS CUSTODIAN FOR PENN TREATY PROTECTED CELL OF LTC RE U.S. BANK CLASS ACTIONS ATTN: CLASS ACTIONS BOX 078778 MILWAUKEE WI 53278-8778 | 100826 | 694308HF7, 694308GQ4, 694308GE1 | Pacific Gas and Electric Company | 4/16/2020 | $0.00 | $0.00 | $0.00 | $1,430,000.00 | $1,430,000.00 | Claims Barred by the Statute of Repose |

| No. | Original Creditor | Claim to be Disallowed/Expunged | CUSIP Number(s) Indicated in Claimant's Trading Data | Debtor | Date Filed | Secured | Administrative | Priority | Unsecured | Total | Basis for Objection |
|-----|-------------------|---------------------------------|------------------------------------------------------|--------|-----------|---------|----------------|----------|-----------|-------|---------------------|
| 20 | WANG, GRACE 130 S CANAL ST APT 724 CHICAGO IL 60606 | **102630** | 69430RGT8 | Pacific Gas and Electric Company | 4/20/2020 | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 | Claims Barred by the Statute of Repose |