# EXHIBIT B

THIS INDENTURE, Made by and between THE REALTY SYNDICATE, a corporation organized and existing under and by virtue of the laws of the State of California and having its principal place of business in the City of Oakland, County of Alameda, in said State, the party of the first part, and GREAT WESTERN POWER COMPANY, a corporation organized and existing under and by virtue of the laws of the State of California and having its principal place of business in the City of Richmond, County of Contra Costa, in said State, the party of the second part, WITNESSETH:

That the party of the first part, for and in consideration of the sum of Five (5) Dollars in Gold Coin of the United States of America to it in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, does hereby grant unto the said party of the second part, its successors and assigns, upon the conditions and for the purposes hereinafter set forth, an easement over a tract of land of a uniform width of sixty (60) feet situated in the County of Alameda, State of California, the center line of which said strip of land sixty (60) feet in width, over which said easement is hereby granted, being more particularly described as follows, to wit:

COMMENCING at a point on the Western line of that certain 30 acre tract of land heretofore conveyed by The Real Estate Combine to The Realty Syndicate by deed dated May 23, 1899, and recorded in Liber 694 of Deeds at page 185, Alameda County Records, said line being also the Eastern boundary line of Lot 5 in Block 8, as said lot and block are delineated and so designated on that certain map entitled "Map of East Oakland Heights", filed in the office of the Recorder of Alameda County, California, October 6, 1890, distant thereon South 30° 44' East 30 feet from the most Northern corner of the said Lot 5;

-1-

Case: 19-30088   Doc# 11736-2   Filed: 12/21/21   Entered: 12/21/21 21:23:41   Page 2 of 9

and running thence South 86° 28' East 344 feet to a point 30 feet Northwesterly at right angles from the Northwestern boundary line of Fourth Avenue Terrace, as said boundary line is delineated upon that certain map entitled "Map of Fourth Avenue Terrace", filed in the office of the Recorder of said Alameda County, May 8, 1907; thence parallel with said boundary line of said Fourth Avenue Terrace North 57° 8' East 744 feet to a station; thence North 41° 24' East 1170 feet to a station distant 30 feet Northwesterly at right angles from the Southeastern boundary line of that certain tract of land containing 14.25 acres heretofore conveyed by Piedmont Building Association to The Realty Syndicate by deed dated November 5, 1906, and recorded in Liber 1284 of Deeds at page 22, Alameda County Records; thence North 49° 56' East 1987 feet to a station; thence North 70° 42' East, at 1455 feet intersect the line dividing that certain 116.30 acre tract firstly described in deed from Joseph L. Alexander to Bridget Feeney by deed dated February 17, 1862, and recorded in Liber "L" of Deeds at page 672, Alameda County Records, from that certain 7.386 acre tract heretofore conveyed by Geo. and Carrie R. Sterling to The Realty Syndicate by deed dated January 15, 1903, and recorded in Liber 875 of Deeds at page 214, Alameda County Records, distant thereon North 21° East 471 feet from the most Southern corner of said 7.386 acre tract, 3144 feet to station; thence North 43° 10' East 818 feet to station; thence North 15° 38' East 423 feet to a point in the center of the Eastern branch of Sausal Creek commonly known as Palo Seco Creek, about 400 feet Southeasterly from its confluence with Sausal Creek, on the Northeastern boundary line of that certain 223.88 acre tract heretofore conveyed by the Pacific Mutual Life Insurance Company to The Realty Syndicate by deed

-2-

dated May 20, 1908, and recorded in Liber 1499 of Deeds at page 67, Alameda County Records, at 75 feet on course North 49 1/4° West 2.30 chains of last said boundary line.

Containing 11.88 acres and being portions of the tracts of land deeded as follows:

The Real Estate Combine to The Realty Syndicate dated May 23, 1899, and recorded in Liber 694 of Deeds, at page 185, Alameda County Records.

Wickham Havens Incorporated to The Realty Syndicate dated January 31, 1907, and recorded in Liber 1274 of Deeds at page 440, Alameda County Records.

Piedmont Building Association to The Realty Syndicate dated November 5, 1906, and recorded in Liber 1284 of Deeds, at page 22, Alameda County Records.

Joseph Alexander to Bridget Feeney dated February 17, 1862, and recorded in Liber "L" of Deeds, at page 672, Alameda County Records.

George and Carrie R. Sterling to The Realty Syndicate dated January 15, 1903, and recorded in Liber 875 of Deeds at page 214, Alameda County Records.

Pacific Mutual Life Insurance Company to The Realty Syndicate by deed dated May 20, 1908, and recorded in Liber 1499 of Deeds at page 67, Alameda County Records.

ALSO:   A strip of land sixty (60) feet in width, the center line of which is described as follows, to wit:

COMMENCING at a point on the Southwestern boundary line of that certain 412 acre tract of land heretofore conveyed by The Realty Syndicate to George Sterling by deed dated October 30, 1906, and recorded in Liber 1313 of Deeds at page 147, Alameda County Records, distant thereon North 41° 54' West 397 feet from Stake 120 at the most Northern corner of

-3-

Case: 19-30088   Doc# 11736-2   Filed: 12/21/21   Entered: 12/21/21 21:23:41   Page 4 of 9

dated May 20, 1908, and recorded in Liber 1499 of Deeds at page 67, Alameda County Records, at 75 feet on course North 49 1/4° West 2.30 chains of last said boundary line.

Containing 11.88 acres and being portions of the tracts of land deeded as follows:

The Real Estate Combine to The Realty Syndicate dated May 23, 1899, and recorded in Liber 694 of Deeds, at page 185, Alameda County Records.

Wickham Havens Incorporated to The Realty Syndicate dated January 31, 1907, and recorded in Liber 1274 of Deeds at page 440, Alameda County Records.

Piedmont Building Association to The Realty Syndicate dated November 5, 1906, and recorded in Liber 1284 of Deeds, at page 22, Alameda County Records.

Joseph Alexander to Bridget Feeney dated February 17, 1862, and recorded in Liber "L" of Deeds, at page 672, Alameda County Records.

George and Carrie R. Sterling to The Realty Syndicate dated January 15, 1903, and recorded in Liber 875 of Deeds at page 214, Alameda County Records.

Pacific Mutual Life Insurance Company to The Realty Syndicate by deed dated May 20, 1908, and recorded in Liber 1499 of Deeds at page 67, Alameda County Records.

ALSO:   A strip of land sixty (60) feet in width, the center line of which is described as follows, to wit:

COMMENCING at a point on the Southwestern boundary line of that certain 412 acre tract of land heretofore conveyed by The Realty Syndicate to George Sterling by deed dated October 30, 1906, and recorded in Liber 1313 of Deeds at page 147, Alameda County Records, distant thereon North 41° 54' West 397 feet from Stake 120 at the most Northern corner of

-3-

Case: 19-30088   Doc# 11736-2   Filed: 12/21/21   Entered: 12/21/21 21:23:41   Page 4 of 9

that certain 474 acre tract of land heretofore conveyed by

The Realty Syndicate, a corporation, to F.M.Smith by deed

dated March 22, 1907, and recorded in Liber 1314 of Deeds at

page 427, Alameda County Records, and running thence South

53° 25' West 762.46 feet; thence South 15° 38' West 2126.40

feet to a point on the Northern boundary line of the aforesaid

474 acre tract, distant thereon North 77° 15' West 9 feet

from stake 98 as noted in the last said deed.

Containing 3.98 acres and being a portion of that

certain 476.80 acre tract of land heretofore conveyed by John

H.Medau and Regina Medau, his wife, to The Realty Syndicate

by deed dated February 1st, 1905, and recorded in Liber 1024

of Deeds at page 321, Alameda County Records.

This grant is made upon the following express con-

ditions and reservations, to-wit:

First.  Said easement is hereby granted for the pur-

pose only of enabling said party of the second part to erect and

maintain upon said strip of ground sixty feet in width two lines

of steel towers, which said steel towers shall be located upon

said strip of land not less than three hundred and fifty (350)

feet apart, for the purpose of suspending and stringing wires

thereon and supported thereby for the transmission and distri-

bution of electricity, with all necessary and proper cross arms,

braces, connections, fastenings and other appliances for use in

connection therewith, provided that no wire shall be suspended

or strung upon or between said towers at a distance of less than

thirty (30) feet from the surface of said sixty foot strip of

ground hereinbefore described; and provided further that where

said wires cross any railroad hereafter constructed across said

strip of ground sixty feet in width, then in that case said par-

ty of the second part shall maintain said wires at least forty

(40) feet above the rails of said railroad at said crossing.

Second.  Said party of the first part hereby reserves

the right to cross said sixty foot strip of ground hereinbefore

Case: 19-30088   Doc# 11736-2   Filed: 12/21/21   Entered: 12/21/21 21:23:41   Page 5
of 9

described at any point or points with such streets, avenues
and highways and railroad lines as it may desire,
provided that in case of the opening of any street, highway
or avenue, or construction of any railroad line, across said
sixty foot strip, it shall become necessary to move any tower
erected under the terms of this grant by the party of the
second part, then in that case the actual cost of moving said
tower shall be borne by the party of the first part.

Third.    Said party of the first part also hereby re-
serves a right of way across said strip of ground sixty feet
wide for the use of the Oakland Traction Company, a corpora-
tion organized and existing under and by virtue of the laws
of the State of California, and also a right of way across
said strip of ground sixty feet in width for the use of the
San Francisco, Oakland and San Jose Consolidated Railway, a
corporation organized and existing under and by virtue of
the laws of the State of California.

Fourth.    Said party of the first part hereby reserves
the right to use said strip of land sixty feet in width for
all purposes including that of mining and agriculture, and
the said party of the second part, in the enjoyment of the
rights hereby granted, shall avoid so far as it reasonably
can interfering with the use by the party of the first part
of said strip of land for any and all purposes.  The party
of the second part shall have the right of patrolling said
line of towers and wires located upon said sixty foot strip
of ground, and shall also have the right to erect, maintain
and use gates in all fences which now cross or which shall
hereafter cross said sixty foot strip of ground, but said
party of the second part shall not have the right to fence or
inclose said strip of ground sixty feet in width over which

-5-

said easement is hereby granted.

Any violation of the conditions of this grant shall terminate and extinguish the easement hereby granted.

IN WITNESS WHEREOF, said party of the first part has executed these presents this    NINTH    day of December, 1908.

THE REALTY SYNDICATE,

By    *George E. Pratt*
Third Vice President.

By    *[signature]*
Secretary.

State of California,   } ss.
    COUNTY OF ALAMEDA,

On this ....Ninth.... ....day of.. ....December,.... .............., in the year of our Lord One Thousand Nine Hundred and... Eight., ............................ ... ... ., before me, **M. K. Jacobus,** a Notary Public in and for said County and State, residing therein, duly commissioned and sworn, personally appeared ........................ ... .... ...................... .........

============================ **George E. Pratt** ======================, known to me to be the **3rd Vice-President** and ============== **Samuel J. Taylor**============ known to me to be the ============ **Secretary** ========= of the Corporation that executed the within instrument, and acknowledged to me that such corporation executed the same.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal, at my office in the County and State aforesaid, the day and year in this certificate first above written.

(Corporation)

*[signature]*
Notary Public in and for said County of Alameda, State of California.

BE IT RESOLVED that this corporation grant and convey to the Great Western Power Company, a California corporation, an easement for its electric tower transmission line and for other purposes in connection therewith; and

BE IT FURTHER RESOLVED that George E. Pratt, the Third Vice President, and Samuel J. Taylor, the Secretary, be, and they are hereby authorized, empowered and directed for and in behalf of this corporation and as its corporate act and deed to make, execute, acknowledge and deliver to said Great Western Power Company an instrument in writing in such form as said Third Vice President and Secretary may see fit, granting to said Great Western Power Company such rights and easement as they may deem necessary or proper for use by said Great Western Power Company, its successors or assigns, in or to the lands or any thereof of this corporation, all acts and deeds of said Third Vice President and Secretary, and each of them, being hereby ratified, approved and confirmed.

I, SAMUEL J. TAYLOR, Secretary of The Realty Syndicate, a California corporation, do hereby certify that the foregoing resolution was duly adopted at a duly and regularly called and held meeting of the Board of Directors of said corporation, on the _____ NINTH _____ day of ____ DECEMBER ____, 1908 , at which meeting more than a majority of the Directors of said corporation were present and duly voted in favor of said resolution and that said resolution now stands upon the minutes of said corporation, and is now in full force and effect.

IN WITNESS WHEREOF, I have hereunto on this _____ NINTH _____ day of _____ DECEMBER _____, 1908 , signed my name as Secretary of said corporation, and affixed hereto the corporate seal of said corporation.

_____
Secretary of
THE REALTY SYNDICATE.



M. 29859

GRANT OF EASEMENT

COMPARED

INDEXED

THE REALTY SYNDICATE

TO

GREAT WESTERN POWER COMPANY.

Dated December 9-1908

Mail to
Lyui C. Earle
Richmond, Delg

APPROVED AS TO FORM.

ATTORNEY.

DESCRIPTION CORRECT

DESCRIPTION CORRECT.

CENTER LINE DESCRIPTION CORRECT.

Viele, Blackwell & Buck.

RECEIVED
MAR 26 1909
LAND DEPARTMENT.

RECORDED AT REQUEST OF
July K. Earle
at ..... min. past ..... M.
in Liber ..... of ..... X. & X.
P. ..... keef
Records of Alameda Co.
COUNTY RECORDER.
MAR 17 1909

State of California, } ss.
COUNTY OF ALAMEDA,

On this ___Ninth___ day of ___December,___ , in the year of our Lord One Thousand Nine Hundred and ___Eight___ before me, **M. K. JACOBUS,** a Notary Public in and for said County and State, residing therein, duly commissioned and sworn, personally appeared _____ SAMUEL J. TAYLOR, Secretary of The Realty Syndicate, a corporation, known to me to be the person described in and whose name ___is___ subscribed to the within instrument, and ___he___ acknowledged to me that ___he___ executed the same. as such Secretary.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal, at my office in the County and State aforesaid, the day and the year in this certificate first above written.

(General)

Notary Public in and for the County of Alameda, State of California.

1984