**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND AMONG REORGANIZED DEBTORS AND CLAIMANTS LAURA CARLSEN REILLY AND JASON CARLSEN** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Laura Carlsen Reilly ("**Reilly**") and Jason Carlsen ("**Carlsen**") ("**Claimants**," and together with the Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit Claimants to prosecute a pending lawsuit to liquidate their claims against the Utility. The Parties hereby stipulate and agree as follows:

## RECITALS

A.    On December 14, 2018, Claimants filed in the Superior Court of California, County of San Francisco (the "**State Court**") a complaint (the "**Complaint**") in which they asserted personal injury and other claims against PG&E Corp. and the Utility. The action initiated by the Complaint is currently pending in the State Court, and is titled *Laura Carlsen Reilly and Jason Carlsen v. PG&E Corporation et al*, Case No. CGC-18-572108 (the "**State Court Action**").

B.    On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

C.    On September 17, 2019, Reilly filed timely Proof of Claim No. 9146 and Carlsen filed timely Proof of Claim No. 9150 (collectively, the "**Utility Proofs of Claim**"), against the Utility, seeking to recover on account of the claims asserted in the Complaint. Reilly and Carlsen additionally filed Proof of Claim Nos. 9078 and 9081, respectively, against PG&E Corp., seeking to recover on account of the claims asserted in the Complaint (collectively, the "**PG&E Corp. Proofs of Claim**").

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

D.     By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan.  The Effective Date of the Plan occurred on July 1, 2020.  *See* Dkt. No. 8252.

E.     Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F.     Section 4.23 of the Plan, entitled "**Class 4B: Utility General Unsecured Claims**" (emphasis in original), provides for the following treatment for Utility's general unsecured claims:

> In full and final satisfaction, settlement, release, and discharge of any Allowed Utility General Unsecured Claim, except to the extent that the Debtors or Reorganized Debtors, as applicable, and a holder of an Allowed Utility General Unsecured Claim agree to a less favorable treatment of such Claim, on the Effective Date or as soon as reasonably practicable thereafter, but in no event later than thirty (30) days after the later to occur of (i) the Effective Date and (ii) the date such Claim becomes an Allowed Claim, each holder of an Allowed Utility General Unsecured Claim shall receive Cash in an amount equal to such holder's Allowed Utility General Unsecured Claim. The Allowed amount of any Utility General Unsecured Claim shall reflect all interest accrued from the Petition Date through the date of distribution at the Federal Judgment Rate.

Section 4.23(b) of the Plan provides that "Utility Unsecured Claims are Unimpaired."

G.     By Amended Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifth Omnibus Objection to Claims (Duplicate Claims), entered September 25, 2020 [Dkt. No. 9150] (the "**Claims Disallowance Order**"), the Bankruptcy Court disallowed the PG&E Corp. Proofs of Claim on the basis that they were filed against the incorrect debtor entity. The Claims Disallowance Order did not affect the Utility Proofs of Claim, which remain pending.

H.     Claimants acknowledge that the claims that are the subject of the Utility Proofs of Claim are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable solely as General Unsecured Claims in accordance with the Plan; and (iii) currently enjoined by the Plan Injunction from prosecution in the State Court Action.

I. On August 9, 2021, and September 24, 2021, the Parties attempted to resolve the claims that are the subject of the Utility Proofs of Claim through mediation pursuant to the Bankruptcy Court's September 25, 2020 *Order Approving ADR and Related Procedures for Resolving General Claims* [Dkt. No. 9148]. The mediation was unsuccessful.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, solely to permit Claimants to liquidate the claims against the Utility asserted in the Utility Proofs of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as an unimpaired General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Upon the date of the entry of an order approving this Stipulation, this Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Utility Proofs of Claim, and each Utility Proof of Claim shall be considered a Disputed Claim. Each Utility Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Utility Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) forty-five (45) days after one of the Parties files notice in the Bankruptcy Court that a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 4(a) hereof, the Reorganized Debtors further object to the Utility Proof of Claim on any specific grounds not adjudicated by a final judgment in the State Court Action, the Utility Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

3. Within 45 days of the date of the entry of an order approving this Stipulation, (i) Claimants shall cause the dismissal with prejudice of PG&E Corp. from the State Court Action; (ii) the Utility shall file a responsive pleading to the Complaint in the State Court Action.

4. Nothing herein is intended, nor shall it be construed, to be

    a. a waiver by the Reorganized Debtors, of any right to object to the Utility Proofs of Claim on any specific grounds not adjudicated by a final judgment in the State Court Action, or

    b. a waiver by Claimants of their rights to oppose any asserted challenge to any Utility Proof of Claim, or

    c. a waiver by Claimants of a right to a jury trial or to seek withdrawal of the reference to the District Court to any asserted challenge to any Utility Proof of Claim, or

    d. a waiver by any Party of any claim or defense in the State Court Action, all of which are preserved.

5. For purposes of the conduct of the State Court Action, the Parties through their counsel may enter into other stipulations in or with regard to the State Court Action, including without limitation stipulations relating to discovery matters, motion practice, the form or presentation of evidence, or the conduct of the trial. Such stipulations shall be enforceable by the State Court (not the Bankruptcy Court) in accordance with statutes, rules, and procedures applicable to the State Court Action.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation. For avoidance of doubt, this provision shall not apply to stipulations in the State Court Action as contemplated in Paragraph 5 above.

Dated:  December 22, 2021

KELLER BENVENUTTI KIM LLP

*/s/ David A. Taylor*
David A. Taylor

*Attorneys for Debtors*
*and Reorganized Debtors*

Dated: December 22, 2021

**RIBERA LAW FIRM**

*/s/ Sandra Ribera Speed*
Sandra Ribera Speed

*Attorneys for Claimants Laura Reilly and*
*Jason Carlsen*

Dated: December 22, 2021

**THE FA FIRM**

*/s/ Sophia Achermann*
Sophia Achermann

*Attorneys for Claimants Laura Reilly and*
*Jason Carlsen*