

**Signed and Filed: December 27, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*  All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DISALLOWING PROOFS OF CLAIM # 7659 AND 104538 OF PATRICIA MCCOLM

**I.  INTRODUCTION**

On January 29, 2019, the Reorganized Debtors ("Debtors") filed the above-captioned bankruptcy cases.  Ms. Patricia McColm filed proof of claim # 7659 ("First POC") on August 20, 2019 in the amount of $125,000 and proof of claim # 104538 ("Second

POC") on May 13, 2020 in the amount of $175,000.[1] The First POC mainly describes damage resulting from an alleged pre-petition trespass beyond a disputed easement, along with allegations of damages caused by both pre- and post-petition acts described below. The Second POC only describes damage resulting from an alleged post-petition trespass described below.

On September 9, 2021, Debtors filed their *One Hundred Seventh Omnibus Objection to Claims (McColm Claims)* ("Objection") (dkt. 11227). On September 24, 2021, Ms. McColm filed an *Objection and Emergency Request to Re-Set Date for Response and Hearing* (dkt. 11330). On September 29, 2021, the Court entered an Order (dkt. 11356) setting a hearing on the Objection for November 9, 2021 as well as corresponding deadlines for the parties to file further responses. The Court specifically requested that Debtors explain why most of the McColm Claims should not be treated as post-petition claims to be dealt with outside the bankruptcy process. On October 19, 2021, Ms. McColm filed her *Response/Opposition to Reorganized Debtors' One Hundred Seventh Omnibus Objection to Claims (McColm Claims)* (dkt. 11448). On November 1, 2021, Debtors filed their *Reply in Support of Reorganized Debtors' One Hundred Seventh Omnibus Objection to Claims (McColm Claims)* (dkt. 11510). Debtors stated that because Ms. McColm views her claims as part of a conspiracy against her, all her claims should relate back

---

[1] While the proofs of claim appear to be solely against Debtor Pacific Gas and Electric Company, the Court deems the proofs of claim as against the Debtors for convenience.

to the alleged pre-bankruptcy conspiracy.[2] Prior to the hearing, Ms. McColm filed on *Objection to Reply* (dkt. 11550) which attempted to add to her proofs of claim another alleged post-petition trespass committed by the Debtors. The Court made clear at the November 9, 2021 hearing that those post-petition claims would not be allowed as a deemed proof of claim. After that hearing, the court took the matter taken under submission.

For the reasons discussed below, the Court SUSTAINS the Objection. There is no basis for the substance of the First POC and no jurisdiction to adjudicate the merits of the Second POC in this Court. If the State Court judgment referenced below is reversed on appeal, Ms. McColm might be able to seek relief under Fed. R. Bankr. Pro. 9024, (incorporating Fed. R. Civ. Pro. 60(b)(5)), for reconsideration of the portion of the First POC over which this Court has jurisdiction.

**II. THE CLAIMS**

Ms. McColm is the owner of real property ("Property") in Trinity County, California. Ms. McColm and the Debtors have been locked in an ongoing dispute regarding entry onto her Property to service its utility lines. This dispute led Debtor

---

[2] Debtors state: It is for this reason that the Claims are appropriately before the Court, even if some of the specific acts for which Ms. McColm seeks damages in the Claims occurred post-petition. The Claims and the Response make clear that the central focal points of Ms. McColm's dispute with PG&E are the easement and the Judgment, both of which are prepetition. The Reorganized Debtors should be permitted to resolve the Claims that stem from this long-standing prepetition dispute and finally put the matter behind them. (Reply, at P. 4 of 8).

-3-

Pacific Gas & Electric Company to file a lawsuit to determine Debtors' easement rights to the Property, in *Pacific Gas and Electric Company v. Patricia McColm*, Trinity County Superior Court ("State Court") Case No. 10 CV 065. On October 2, 2015, the State Court entered a judgment ("Judgment") finding that Debtor Pacific Gas and Electric Company had both a prescriptive easement to erect, access, and maintain its utility poles on the Property, and a legal right of way to which it was a successor-in-interest from a previous utility company. The Judgment also directs Ms. McColm to maintain a "reasonable distance" of no less than five feet from Debtors or agents of the Debtors performing maintenance work on the easement. Ms. McColm appealed the Judgment and maintains both that there is no easement by prescription, and any legal right of way to which Pacific Gas and Electric Company is a successor-in-interest is not situated on the Property. The appeal remains pending and no stay pending appeal has ever been entered.

Ms. McColm maintains her proofs of claim are based on a conspiracy to interfere with and harm her real and personal property interests. In her First POC, she describes an incident on January 23, 2019, in which agents of the Debtors entered the Property without notice and while the Judgment was "stayed" on appeal.[3] During this incident, the Trinity County Sheriff's Department ("Sheriff's Department") allegedly acted in concert

---

[3] As previously noted, there is no indication in the record that the State Court has ever stayed its Judgment and the Court of Appeal denied Ms. McColm's request for a stay pending appeal on October 4, 2019.

-4-

with the Debtors to hinder her from moving freely on the Property while Debtors' agents allegedly traversed beyond the disputed easement area. The Debtors' agents then destroyed 17 trees which did not pose a fire threat and improperly removed the lumber, while doing nothing to a tree Ms. McColm did deem hazardous.

The First POC also alleges that an agent of the Debtors made a series of harassing phone calls to Ms. McColm between January 2019 and June 2019; as well as an incident on June 27-28, 2019 where the Debtors entered the Property without notice or permission to perform wire work.

In her Second POC, Ms. McColm alleges that on November 5, 2019, the Debtors again trespassed beyond the disputed easement aided by the Sheriff's Department. In this instance Ms. McColm alleges that despite a prior informal agreement between her and the Debtors to only use one specific entrance onto the Property, the Debtors purposefully used a different entrance and destroyed a gate and lock in the process. After the wrongful entry Ms. McColm again describes being limited in her movement by the Sheriff's Department, and damage to her land in the form of deep ruts caused by heavy machinery.

### III. DISCUSSION

**A. Pre-Petition Events Described in the First POC**

Regarding the January 23, 2019 entry onto the Property described in her First POC, Ms. McColm has not made a showing that any work was conducted by Debtors outside the prescriptive easement described in the Judgment. The Judgment is clear that the Debtors have an easement by prescription to perform the type

-5-

of work described in the First POC.  The Judgment is also clear that Ms. McColm was required to keep a reasonable distance from Debtors' agents performing said work.  While it is unclear whether the Sheriff's Department's work to ensure Ms. McColm maintained the court-mandated distance from the Debtors' agents was procedurally proper, any such claim would need to be made against the Sheriff's Department outside of Debtors' bankruptcy cases.  Through multiple filings with the Court and a presentation at the hearing on the Objection, Ms. McColm has not provided evidence to show where the boundaries of the court-drawn easement were exceeded.  There is no evidence to base a finding that the Debtors overstepped any easement rights on January 23, 2019.

As to any alleged harassing phone calls to Ms. McColm that may have been made pre-petition, which according to Ms. McColm consisted only of fax machine-like noises, no showing has been made that Debtors were responsible for such calls.

In summary Ms. McColm has not sustained her burden of proving any present liability of Debtors to support any pre-petition allegations in the First POC, and this claim must be DISALLOWED.

**B. Post-Petition Events Described in the First and Second POC**

The entry on June 27-28, 2019 described in the First POC and the entry on November 5, 2019 described in the Second POC both occurred post-petition.  Though both Ms. McColm and the Debtors are of the opinion that all incidents should be treated as pre-petition claims due to Ms. McColm's allegation of a

-6-

conspiracy against her, both criminal and civil conspiracy have to do with the culpability of the persons conspiring to commit a crime or wrongful act, and not to do with whether a subsequent act relates back in time to a prior act. See Cal. Pen. Code § 182; *IIG Wireless Inc. v. Yi*, 22 Cal.App.5th 630, 652 ("Conspiracy is not a separate tort, but a form of vicarious liability by which one defendant can be responsible for the acts of another"). The bankruptcy claims process only deals with the pre-petition liabilities of the Debtors. The conspiracy allegation appears to only matter as to attributing the potential wrongdoings of the Sheriff's Department to the Debtors, but any claim of conspiracy would not temporally link allegations of post-petition instances of trespass to similar pre-petition allegations. To the extent a criminal conspiracy is involved, the appropriate prosecuting body, and not Ms. McColm, would need to file the appropriate charges. To the extent a civil conspiracy is alleged, the Court reiterates that while it is unclear that the Sheriff's Department even committed a tort, Ms. McColm has not presented evidence of either that tort or any concerted efforts of the Sheriff's Department and the Debtors to commit such a tort.

    The Court does not find assertions of conspiracy to be a sufficient basis to group all transgressions alleged by Ms. McColm into a single pre-petition claim. Accordingly, as with any other post-petition claim, the Court has no authority either to allow or to extinguish any liability associated with post-petition acts of the Debtors.

-7-

Case: 19-30088    Doc# 11760    Filed: 12/27/21    Entered: 12/28/21 14:09:57    Page 7 of 9

**IV. CONCLUSION**

For the foregoing reasons, the Objection is SUSTAINED. The portion the First POC describing entry onto the Property on January 23, 2019, and any calls alleged to have been made to Ms. McColm pre-petition are DISALLOWED. Should Ms. McColm prevail on her appeal of the Judgment, she may be able to seek reconsideration of pre-petition portion of the First POC as noted above.

The portion of the First POC describing post-petition calls and entry onto the Property on June 27-28, 2019, and the entirety of the Second POC are DISALLOWED without prejudice as to Ms. McColm's right to revisit those claims in another forum.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

Patricia A. McColm
P.O. Box 113
Lewiston, CA 96052