Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
**COREY, LUZAICH**
**DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Michael S. Danko (SBN 111359)
Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com

Attorneys for
*Peter Rydell, et al.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>&<br><br>**PACIFIC GAS AND ELECTIC COMPANY,**<br><br>Debtors.<br><br>**Affects:**<br>☐ **PG&E Corporation**<br>☐ **Pacific Gas & Electric Company**<br>☒ **Both Debtors**<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088<br>Chapter 11<br>(Lead Case)<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING WITHDRAWAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that the Firms of COREY, LUZAICH, DE GHETALDI & RIDDLE LLP, DANKO MEREDITH, and GIBBS LAW GROUP LLP, current attorneys of record for Creditors, Peter Rydell, P.R., a minor child, and Peter Rydell DBA Lens Apiaries will and hereby does move this Court for an Order Authorizing Withdrawal of Counsel in the Bankruptcy case referenced above. This Motion is pursuant to the applicable Rules of Procedure and is based upon this notice, the motion itself, the accompanying memorandum of points and authorities, the declaration of Amanda L. Riddle, and the pleadings and documents on file in this case.

PLEASE TAKE FURTHER NOTICE that, in accordance with Bankruptcy Local Rule 9014-1(3)(A), any objection to the requested relief, or a request for hearing on the matter, must be filed with the Clerk of Court and served upon the initiating party within 21 days of mailing the notice;

Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;

If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.

In the event of a timely objection or request for hearing, (either):

The initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and its supporting papers can be viewed and/or obtained: (i) by accessing the Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from the Debtors' notice and claims agent, Prime Clerk LLC, at https://restructuring.primeclerk.com/pge or by calling (844) 339-4217 (toll free) for U.S.-based parties; or +1 (929) 333-8977 for International parties or by e-mail at: pgeinfo@primeclerk.com. Note that a PACER password is needed to access documents

on the Bankruptcy Court's website.

Dated: December 28, 2021          Respectfully submitted,

                                  COREY, LUZAICH, DE GHETALDI & RIDDLE LLP

                                  By: _____
                                      Amanda L. Riddle

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **RELEVANT FACTS**

COREY, LUZAICH, DE GHETALDI & RIDDLE LLP, DANKO MEREDITH, and GIBBS LAW GROUP LLP ("Firm"), counsel of record for Creditors, Peter Rydell, P.R., a minor child, and Peter Rydell DBA Lens Apiaries, respectfully submits this Motion for Order Authorizing Withdrawal of Counsel ("Motion") pursuant to Rule 7007-1, 9013-1, 9013-2, 9013-3, and 9014-1 of the Bankruptcy Local Rules.

     **A.**      **In support of this Motion, the Firm represents as follows:**

On or around January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case number 19-30088 in the Bankruptcy Court for the Northern District of California ("Bankruptcy Case"). *Riddle Declaration.*, at ¶ 4.

On May 17, 2019, Peter Rydell signed a retainer agreement ("Agreement") on behalf of himself and P.R., a minor child, and on September 23, 2019, Peter Rydell signed an Agreement on behalf of Lens Apiaries with the Firm, engaging the Firm for legal representation in connection with their legal action against PG&E Corporation and Pacific Gas and Electric Company for damages caused by the Camp Fire. *Id.*, at ¶ 5.

On October 15, 2019, the Firm filed Claim No. 61207 on behalf of Peter Rydell, Claim No. 70187 on behalf of P.R., a minor child, and Claim No. 61080 on behalf of Peter Rydell DBA Lens Apiaries. *Id.*, at ¶ 6.

On December 20, 2019, the Firm filed Amended Claim No. 91580 on behalf of Peter Rydell DBA Lens Apiaries. *Id.*, at ¶ 7.

In October of 2021, it became clear to the Firm that an irreparable and irreconcilable breakdown in the attorney-client relationship had occurred. *Id.*, at ¶ 8-10.

Based on these circumstances, good cause exists for the Court to enter an Order relieving the Firm as counsel of record for Peter Rydell, P.R., a minor child, and Peter Rydell DBA Lens Apiaries

## II. ARGUMENT

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Furthermore, California's professional ethics Standing Committee has opined that when seeking leave of court to withdraw as counsel, it will "ordinarily…be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal or that there has been an irreconcilable breakdown in the attorney-client relationship." Formal Opinion No. 2015-192. In the case at bar, the existence of an irreconcilable breakdown of the attorney-client relationship is manifest in the statements by Mr. Rydell as well as the cease in communications by Mr. Rydell. This constitutes good cause for the Court to grant leave for the Firm to withdraw as counsel of record.

## III. CONCLUSION

For the foregoing reasons and for the reasons set forth in the Declaration of Amanda L. Riddle, submitted in support of this Motion, the Firm respectfully requests that the Court enter an Order granting the Firm leave to withdraw as counsel of record for Peter Rydell, P.R., a minor child, and Peter Rydell DBA Lens Apiaries.

Dated: December 28, 2021                    Respectfully submitted,

**COREY, LUZAICH, DE GHETALDI & RIDDLE LLP**

By: _____
Amanda L. Riddle