Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Bankruptcy Counsel for Spiro Jannings

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Santa Rosa Division

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Reorganized Debtors | Case No. 19-30088<br>(jointly administered)<br><br>Chapter 11 |

*EX PARTE* APPLICATION TO ENLARGE TIME

(Re: Objection to Claim No. 58462; Dkt # 11388)

TO: THE HONORABLE DENNIS MONTALI
UNITED STATES BANKRUPTCY JUDGE

The *Ex Parte* Application of Spiro Jannings to enlarge time by vacating the Objection Response Date and Objection Hearing Date respecting his Claim No. 58462; see, Dkt #11388; pending the Court's ruling on his Motion to Dismiss and Abstain; Dkt #11753; respectfully represents as follows:

## II. RELEVANT FACTS

1. On August 24, 2017, Spiro Jannings ("Spiro") filed a lawsuit in the Santa Clara County Superior Court (the "State Lawsuit") asserting damages for wrongful termination against PG&E. Spiro asserted no federal claims for relief, and there was no apparent basis on which federal jurisdiction over the State Lawsuit could have been asserted. According to PG&E, "[t]he case was litigated for over a year, during which time the Parties exchanged documentary evidence" and Spiro was deposed. Objection, 9:20-22, Dkt #11388.

2. On January 29, 2019, PG&E filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Spiro recognized that the bankruptcy filing resulted in an automatic stay preventing further prosecution of the State Lawsuit. Spiro duly filed a timely Proof of Claim..

3. On June 20, 2020, the Court confirmed PG&E's Plan of Reorganization. Under PG&E's Plan, Spiro's claim was "unimpaired."

4. On October 8, 2021, PG&E filed an Objection to Spiro's claim. The Objection asserted exclusively State law defenses and challenges. See generally, Objection; Dkt #11388.

5. On October 23, 2021, Spiro's undersigned bankruptcy counsel approached PG&E to request additional time to respond to the Objection and, more fundamentally, to request that PG&E agree that the Bankruptcy Court abstain from the dispute and remand it to the Superior Court (the "Abstention Request"). PG&E continued the hearing on the Objection to claim and agreed to consider the Abstention Request.

6. On December 6, 2021, Spiro followed up on the Abstention Request. On December 7, 2021, PG&E rejected the Abstention Request, asserting that the resolution of Spiro's Claim was within the core jurisdiction of the Court.

7. On December 28, 2021, Spiro filed his Motion to Dismiss and Abstain; Dkt # 11753 (the "Abstention Motion").

8. On December 28, 2021, Spiro solicited PG&E's agreement to a briefing schedule which would permit the Court to rule on the Abstention Motion before substantive briefing on the Objection to Claim. On December 29, 2021, PG&E declined that request and asserted that the Objection Response Deadline (January 4, 2022) and the Objection Hearing Date (January 18, 2022) (collectively, the "Objection Dates") would be unchanged.

9. Clearly, it will prejudice Spiro if the Court considers the merits of the Objection before it considers his potentially meritorious Abstention Motion.

10. In addition, Spiro is a claimant of modest means, and it would prejudice him to expend fees responding to the Objection on the merits if that effort proved unnecessary as a result of a grant of his Abstention Motion.

11. PG&E has asserted no prejudice, and it is believed that PG&E would suffer no prejudice, if the Objection Dates were vacated pending a ruling on the Abstention Motion.

## II. RELIEF REQUESTED

Spiro prays that the Court:

1. Set the Abstention Motion for hearing on its next regular PG&E calendar on February 2, 2022; and

2. Vacate the Objection Dates, subject to being reset after the Court rules on the Abstention Motion.

III. **LEGAL AUTHORITY**

The request to vacate the Objection Dates may appropriately be analyzed as a request for an enlargement of time. Federal Rule of Bankruptcy Procedure 9006(b) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended…" This Application is presented before the first of the Objection Dates.

Rule 9006(b) and B.L.R. 9006-1(c), provide that the Court may alter and enlarge time upon a showing of good cause therefor. Spiro respectfully submits that there is good cause to enlarge time by vacating the Objection Dates so that his Abstention Motion may be ruled upon before there are further proceedings on the Objection to his Claim.

In compliance with B.L.R. 9006-1(c), WASF presents the following:

(a) <u>The reason for the requested enlarged time</u>. If the Abstention Motion is granted, all further proceedings respecting Spiro's Claim will take place in the Superior Court administering his State Lawsuit. It is appropriate and in the interests of the efficient and economical prosecution of justice to provide for a resolution of the Abstention Motion before substantive proceedings on the Objection to Claim.

(b) <u>Previous time modifications</u> relating to subject matter request. As related in the accompanying Declaration, there was a prior consensual deferral of the Objection Dates. There have been no prior requests for time modifications to the Court by Spiro.

(c) <u>The effect of the request</u> for enlarged time. As noted, Spiro will suffer material prejudice if the requested relief is not granted. PG&E has not identified any prejudice it would suffer if the requested relief is granted.

(d) <u>Efforts to obtain stipulation</u>. The accompanying Declaration presents Spiro's counsel's efforts to obtain PG&E's consent to the relief requested.

WHEREFORE, Applicant prays that the Court make and enter its Order Enlarging Time by setting the Abstention Motion for hearing on February 2, 2022 and vacating the Objection Dates pending

the Court's ruling on that Abstention Motion, all in the form attached hereto, and granting such other and further relief as may be just and proper.

DATED: December 30, 2021  Respectfully submitted,

ST. JAMES LAW, P.C.

By: /s/ *Michael St. James* .
  Michael St. James
  Bankruptcy Counsel for Spiro Jannings

Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Bankruptcy Counsel for Spiro Jannings

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Santa Rosa Division

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Reorganized Debtors | Case No. 19-30088<br>(jointly administered)<br><br>Chapter 11 |

**ORDER GRANTING *EX PARTE* APPLICATION TO ENLARGE TIME**

**(Re: Objection to Claim No. 58462; Dkt # 11388)**

Upon consideration of the *Ex Parte* Application of Spiro Jannings for an Order Enlarging Time, and good cause therefor appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Under the circumstances, parties in interest have received adequate notice and an opportunity to be heard.

2. The Application be, and it hereby is, granted.

3. The Motion to Dismiss and Abstain; Dkt #11753; be, and it hereby is, set for hearing on February 2, 2022 at 10:00 a.m.

4. The Objection Response Deadline and the Hearing on the Objection to Claim No. 58462; Dkt #11388; be, and they hereby are, vacated, pending the Court's ruling on the Motion to Dismiss and Abstain.

*   *   *   END OF ORDER   *   *   *

*Court's Service List*

All persons entitled to notice of entry of this Order are ECF registered