Michael St. James, CSB No. 95653
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Bankruptcy Counsel for Spiro Jannings

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Santa Rosa Division

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Reorganized Debtors | Case No. 19-30088<br>(jointly administered)<br><br>Chapter 11 |

**Declaration of Michael St. James in Support of**
***Ex Parte* Application to Enlarge Time**

**(Re: Objection to Claim No. 58462; Dkt # 11388)**

I, Michael St. James, declare under penalty of perjury:

1. I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I am the sole full time employee of St. James Law, P.C., bankruptcy counsel herein for Spiro Jannings ("Spiro"). I make this Declaration of my own personal knowledge, and if called as a witness, I could and would competently testify as follows:

2. This Declaration is filed to address Federal Rule of Bankruptcy Procedure 9006(b) and to comply with B.L.R. 9006-1.

3. On October 22, 2021 I contacted Jane Kim, counsel for PG&E by email, to ask that PG&E stipulate that the Court abstain from adjudicating the pending Objection to Spiro's Claim so that it may be resolved as part of the pending State Court litigation (the "Abstention Request"), and asked that she defer the then-pending Objection Response Deadline and Objection Hearing Date (collectively, the "Objection Dates") while her client considered the Abstention Request. She thereafter agreed to defer the Objection Dates to January while her client considered the Abstention Request. A true and correct copy of our email exchanges on October 22 and 23, 2021 is attached hereto as Exhibit A.

4. On December 6, 2021, I sent Ms. Kim a follow-up email inquiring about her client's decision on the Abstention Request. The following day, she responded that PG&E rejected the Abstention Request. A true and correct copy of our email exchanges on December 6 and 7, 2021 is attached hereto as Exhibit B.

5. I previously advised Ms. Kim that I would seek relief by Motion if PG&E was unwilling to grant the Abstention Request. Although I began work on that Motion as promptly as practicable, on December 11, 2021 I filed a Chapter 11 case and promptly thereafter successfully prosecuted First Day Motions in that case, which had the delaying my preparation of the Motion. I completed and filed Spiro's Motion to Dismiss and Abstain on February 28, 2021; Dkt #11753.

6. That day, I sent Ms. Kim an email, asking to consensually set a briefing schedule which would have the effect of obtaining a ruling on the Abstention Motion before responding to the Objection to Claim. The following day, Ms. Kim declined that request, noting that she had no authority to defer the Objection Dates. A true and correct copy of our email exchanges on December 28 and 29, 2021 is attached hereto as Exhibit C.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in San Francisco, California on December 30, 2021.

                               /s/ *Michael St. James* .
                                    Michael St. James

# Exhibit

# A

## Michael St. James

**Subject:** FW: PG&E: Objection to Claim 58462 (Spiro Jannings)

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Saturday, October 23, 2021 8:17 PM
**To:** Michael St. James <Michael@stjames-law.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Understood. Will be in touch, and we'll prepare a notice of continued hearing in the meantime.

Thanks,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

**KBK | KELLER BENVENUTTI KIM**
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Saturday, October 23, 2021 8:16 PM
**To:** Jane Kim <jkim@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

That would be fine. Obviously, I would prefer to resolve abstention without briefing it, but…


Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Saturday, October 23, 2021 8:09 PM
**To:** Michael St. James <Michael@stjames-law.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Michael –

It turns out that the lawyer who will be handling the objection to Mr. Jannings' claim is not available November 23 or the two dates in December. Could we continue the hearing to January 18 (I figure you would prefer that to January 11, which would put your response deadline during the holidays)? Of course, I'll be in touch with you well in advance of then about your request for abstention.

Thanks,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

**KBK | KELLER BENVENUTTI KIM**
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Saturday, October 23, 2021 7:01 PM
**To:** Jane Kim <jkim@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Thank you. I appreciate it.


Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

2

Case: 19-30088    Doc# 11768-1    Filed: 12/30/21    Entered: 12/30/21 11:01:41    Page 6 of 17

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified:  Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Saturday, October 23, 2021 10:23 AM
**To:** Michael St. James <Michael@stjames-law.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Michael:

We can continue the matter to November 23, with your response deadline continued to November 9, while we discuss your request with the client.

Best regards,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

KBK | KELLER BENVENUTTI KIM
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Friday, October 22, 2021 5:04 PM
**To:** Jane Kim <jkim@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** PG&E: Objection to Claim 58462 (Spiro Jannings)

I have been asked to oppose the above Objection to Claim.  The response deadline is October 26th.  I would like to ask for an extension of the deadline, but more specifically, I would like to ask you to agree to abstention.

Mr. Jannings filed a wrongful termination lawsuit in the Santa Clara County Superior Court.  After the bankruptcy case was filed, that lawsuit became the basis for the above claim.

The Objection to Claim asserts exclusively non-bankruptcy challenges relating to collective bargaining agreements and procedural issues relating to the prosecution of wrongful termination claims.

This seems to me to fall squarely within mandatory abstention under 28 U.S.C. Section 1334(c)(2). Unless you think I am missing something, would you be willing to drop the Objection to Claim and stipulate to abstention (and relief from stay, if there is an applicable stay) so that the Santa Clara Superior Court can resolve the issue?

Would you at least agree to defer the response date while you consider the request?

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

# Exhibit

# B

# Michael St. James

**Subject:** FW: PG&E: Objection to Claim 58462 (Spiro Jannings)

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Tuesday, December 7, 2021 5:00 AM
**To:** Michael St. James <Michael@stjames-law.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Michael:

Thanks for your email. I've been able to follow up with the client. We disagree that mandatory abstention is applicable here. Mr. Jannings filed a proof of claim, the allowance or disallowance of which is a core matter under 28 U.S.C. section 157(b)(2)(B). Under Ninth Circuit law established in *Conejo*, the filing of the proof of claim subjected Mr. Jannings' claim to the core jurisdiction of the bankruptcy court. As such, mandatory abstention is not appropriate. Further, we believe the claim objection is properly before the bankruptcy court and that the bankruptcy court can hear the dispute, even if the dispute involves state law issues.

Please let me know if you would like to discuss further.

Best regards,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

**KBK | KELLER BENVENUTTI KIM**
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Monday, December 6, 2021 6:25 PM
**To:** Jane Kim <jkim@kbkllp.com>
**Subject:** FW: PG&E: Objection to Claim 58462 (Spiro Jannings)

    I write to request an update on my October 22, 2021 proposal that PG&E stipulate to abstention with respect to Mr. Jannings' Claim No. 58462 and agree that it may proceed in the Superior Court, unimpeded by any bankruptcy stay.

    To refresh your recollection: Mr. Jannings filed suit against PG&E seeking damages for wrongful termination. Following the commencement of PG&E's Chapter 11 case, Mr. Jannings acknowledged that the suit was stayed, and filed a proof of claim, notably attaching his complaint as an exhibit.

1

Through its employment counsel, PG&E filed an Objection to Claim, asserting exclusively employment-law defenses to Mr. Jannings' claim. We suggested that this was an appropriate case for mandatory abstention, and agreed to defer the matter into January while PG&E considered our views.

We continue to think that this is a textbook case for mandatory abstention. Nothing about the claim or PG&E's defenses has any connection to bankruptcy law or the debtor's bankruptcy case and the sole basis for federal jurisdiction is "related to" jurisdiction. Absent being enlightened by you, we see no basis on which the Court could do otherwise than to grant abstention in favor of the superior court.

As I have previously indicated, if we cannot obtain PG&E's consent to abstention, I will begin briefing the issue in mid-December, so as to have a product worthy of KBK's reply. If there is some legitimate basis for disagreement, I would appreciate it if you would give me a call to explain it: I do not want to burden Mr. Jannings with significant, unnecessary attorney's fees.

I look forward to hearing from you promptly.

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566 voice
415-391-7568 fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

---

**From:** Michael St. James
**Sent:** Friday, October 22, 2021 5:04 PM
**To:** Jane Kim (jkim@kbkllp.com) <jkim@kbkllp.com>; 'trupp@kbkllp.com' <trupp@kbkllp.com>
**Subject:** PG&E: Objection to Claim 58462 (Spiro Jannings)

I have been asked to oppose the above Objection to Claim. The response deadline is October 26th. I would like to ask for an extension of the deadline, but more specifically, I would like to ask you to agree to abstention.

Mr. Jannings filed a wrongful termination lawsuit in the Santa Clara County Superior Court. After the bankruptcy case was filed, that lawsuit became the basis for the above claim.

The Objection to Claim asserts exclusively non-bankruptcy challenges relating to collective bargaining agreements and procedural issues relating to the prosecution of wrongful termination claims.

This seems to me to fall squarely within mandatory abstention under 28 U.S.C. Section 1334(c)(2). Unless you think I am missing something, would you be willing to drop the Objection to Claim and stipulate to abstention (and relief from stay, if there is an applicable stay) so that the Santa Clara Superior Court can resolve the issue?

Would you at least agree to defer the response date while you consider the request?

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

# Exhibit

# C

# Michael St. James

**Subject:** FW: PG&E: Objection to Claim 58462 (Spiro Jannings)

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Wednesday, December 29, 2021 9:46 PM
**To:** Michael St. James <Michael@stjames-law.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Michael:

It's the week between Christmas and New Year's, and I received an out-of-office email from my client. I don't have authority to continue the response deadline or hearing on the claim objection, particularly when the objection was filed in early October and was already continued once for 3 months by agreement.

I hope you understand.

Best regards,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

**KBK | KELLER BENVENUTTI KIM**
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Tuesday, December 28, 2021 11:29 AM
**To:** Jane Kim <jkim@kbkllp.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

We filed our Motion to Abstain, a courtesy copy of which is attached. I filed an operating Chapter 11 shortly after receiving your responsive email, and have been distracted with first day motions and such like, so it took a bit longer than I hoped.

I would like to discuss consensually addressing scheduling. If set on normal notice on the next available PG&E calendar, the Motion to Abstain would be heard after the current date for the Objection. Obviously, we would prefer to have the Motion to Abstain ruled upon before addressing the merits of the Objection. Please let me know your client's thoughts on these matters.

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified:  Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Tuesday, December 7, 2021 5:00 AM
**To:** Michael St. James <Michael@stjames-law.com>
**Subject:** RE: PG&E: Objection to Claim 58462 (Spiro Jannings)

Michael:

Thanks for your email. I've been able to follow up with the client. We disagree that mandatory abstention is applicable here. Mr. Jannings filed a proof of claim, the allowance or disallowance of which is a core matter under 28 U.S.C. section 157(b)(2)(B). Under Ninth Circuit law established in *Conejo*, the filing of the proof of claim subjected Mr. Jannings' claim to the core jurisdiction of the bankruptcy court. As such, mandatory abstention is not appropriate. Further, we believe the claim objection is properly before the bankruptcy court and that the bankruptcy court can hear the dispute, even if the dispute involves state law issues.

Please let me know if you would like to discuss further.

Best regards,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

KBK | KELLER BENVENUTTI KIM
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

---

**From:** Michael St. James <Michael@stjames-law.com>
**Sent:** Monday, December 6, 2021 6:25 PM

**To:** Jane Kim <jkim@kbkllp.com>
**Subject:** FW: PG&E: Objection to Claim 58462 (Spiro Jannings)

      I write to request an update on my October 22, 2021 proposal that PG&E stipulate to abstention with respect to Mr. Jannings' Claim No. 58462 and agree that it may proceed in the Superior Court, unimpeded by any bankruptcy stay.

      To refresh your recollection: Mr. Jannings filed suit against PG&E seeking damages for wrongful termination. Following the commencement of PG&E's Chapter 11 case, Mr. Jannings acknowledged that the suit was stayed, and filed a proof of claim, notably attaching his complaint as an exhibit.

      Through its employment counsel, PG&E filed an Objection to Claim, asserting exclusively employment-law defenses to Mr. Jannings' claim. We suggested that this was an appropriate case for mandatory abstention, and agreed to defer the matter into January while PG&E considered our views.

      We continue to think that this is a textbook case for mandatory abstention. Nothing about the claim or PG&E's defenses has any connection to bankruptcy law or the debtor's bankruptcy case and the sole basis for federal jurisdiction is "related to" jurisdiction. Absent being enlightened by you, we see no basis on which the Court could do otherwise than to grant abstention in favor of the superior court.

      As I have previously indicated, if we cannot obtain PG&E's consent to abstention, I will begin briefing the issue in mid-December, so as to have a product worthy of KBK's reply. If there is some legitimate basis for disagreement, I would appreciate it if you would give me a call to explain it: I do not want to burden Mr. Jannings with significant, unnecessary attorney's fees.

      I look forward to hearing from you promptly.

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California

---

**From:** Michael St. James
**Sent:** Friday, October 22, 2021 5:04 PM
**To:** Jane Kim (jkim@kbkllp.com) <jkim@kbkllp.com>; 'trupp@kbkllp.com' <trupp@kbkllp.com>
**Subject:** PG&E: Objection to Claim 58462 (Spiro Jannings)

I have been asked to oppose the above Objection to Claim. The response deadline is October 26th. I would like to ask for an extension of the deadline, but more specifically, I would like to ask you to agree to abstention.

Mr. Jannings filed a wrongful termination lawsuit in the Santa Clara County Superior Court. After the bankruptcy case was filed, that lawsuit became the basis for the above claim.

The Objection to Claim asserts exclusively non-bankruptcy challenges relating to collective bargaining agreements and procedural issues relating to the prosecution of wrongful termination claims.

This seems to me to fall squarely within mandatory abstention under 28 U.S.C. Section 1334(c)(2). Unless you think I am missing something, would you be willing to drop the Objection to Claim and stipulate to abstention (and relief from stay, if there is an applicable stay) so that the Santa Clara Superior Court can resolve the issue?

Would you at least agree to defer the response date while you consider the request?

Best regards,

Michael St. James
St. James Law, P.C.
22 Battery Street, Suite 810
San Francisco, CA. 94111

*For the duration of the plague, feel free to call my cell: 415-225-0227.*

www.stjames-law.com
415-391-7566   voice
415-391-7568   fax

Board Certified: Business Bankruptcy
American Board of Certification

Legal Specialist: Bankruptcy
State Bar of California