KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OPPOSITION TO EX PARTE APPLICATION TO ENLARGE TIME**<br><br>[Relates to Docket Nos. 11388 and 11768] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," "**PG&E**," or as reorganized, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition (the "**Opposition**") to the *Ex Parte Application to Enlarge Time* [Docket No. 11768] (the "**Application**") filed by Spiro Jannings ("**Jannings**"). Through the Application, Jannings seeks to vacate the response and hearing dates with respect to the *Reorganized Debtors' Objection to Claim (Claim No. 58462, filed October 17, 2019, of Spiro Jannings)* [Docket No. 11388] (the "**Claim Objection**").

The Reorganized Debtors filed the Claim Objection on October 8, 2021. Jannings' counsel first approached counsel for the Reorganized Debtors on October 23, 2021, three days before the response deadline on the Claim Objection, to request a continuance of the response deadline, explaining that he had recently been retained as bankruptcy counsel by Jannings.[1] As a courtesy, the Reorganized Debtors agreed to continue the response deadline and hearing date for three months. By agreement of the parties, the response deadline on the Claim Objection is currently January 4, 2022, and the hearing date is January 18, 2022, at 10:00 a.m.

Over two months have passed since the parties agreed to the continuance in October. Jannings waited until December 28 to file his *Motion to Dismiss and Abstain* [Docket No. 11753] (the "**Abstention Motion**"). It was only after filing the Abstention Motion that Jannings' counsel sought a further continuance of the response deadline and hearing date on the Claim Objection. It is not reasonable for Jannings to have waited months while the Claim Objection is pending, only to demand an <u>indefinite</u> continuance of both the response deadline and hearing on the Claim Objection, on an emergency basis, during the week between Christmas and New Year's, when PG&E personnel and their attorneys are out of the office. Jannings could have brought his Abstention Motion or requested a continuance of the Claim Objection weeks ago,[2] rather than troubling the Court and PG&E with an

---

[1] The Claim Objection was served on Jannings' counsel in the state court litigation, who also signed Jannings' proof of claim.

[2] Indeed, Jannings could have brought his Abstention Motion at any time in the past two years since he filed his proof of claim and submitted to the jurisdiction of the Bankruptcy Court.

"emergency" the day before New Year's Eve that is entirely of his own making.³ Having failed to do either, he should not be permitted to bypass his obligation to respond to a Claim Objection that was duly noticed and served nearly three months ago.

The Reorganized Debtors reserve all of their rights and arguments with respect to the Abstention Motion, which they will raise at the appropriate time. For now, the Reorganized Debtors believe that it is appropriate to hold Jannings to his agreed-upon response deadline and, to the extent necessary, address the proceedings with respect to the Claim Objection and the Abstention Motion at the initial hearing on the Claim Objection.

WHEREFORE, the Reorganized Debtors respectfully request entry of an order (i) denying the Application, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: December 31, 2021　　　　　　　　　　　　**KELLER BENVENUTTI KIM LLP**

By: _/s/ Jane Kim_
　　　Jane Kim

*Attorneys for Debtors and Reorganized Debtors*

---

³ This delay is particularly unnecessary because the Abstention Motion is unsupported by any new evidence—it relies nearly entirely on the Claim Objection for its relevant facts.