Christopher D. Moon, SBN 246622
*chris@moonlawapc.com*
Kevin O. Moon, SBN 246792
*kevin@moonlawapc.com*
**MOON LAW APC**
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

*Attorneys for Karl Marquette*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>       Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date:  February 15, 2022<br>Time:  10 a.m. (Pacific Time)<br>Place:  **Telephonic/Video Appearances Only**<br>     United States Bankruptcy Court<br>     Courtroom 17,<br>     450 Golden Gate Ave., 16th Floor<br>     San Francisco, CA<br>Judge:  Hon. Dennis Montali<br><br>Objection deadline: February 8, 2022 |

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion") Karl Marquette ("Movant") seeks an order expanding the time to file his proof of claim. Movant filed the proof of claim **#108021** after the deadline.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Christopher D. Moon ("Moon Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movant, by and through his undersigned counsel, respectfully represent as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time) and then extended again to February 26, 2021 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Karl Marquette.  Mr. Marquette incorrectly believed he did not have a valid claim because he rented his residence in Magalia at the time of the Camp Fire. It was not until recently that Mr. Marquette learned for the first time that he could still seek damages for his losses from the Camp Fire despite not owning the property in which he resided at the time of the fire.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)), because there is a lack of bad faith on the part of Movant and his counsel, the mistake should be corrected by permitting the late filing of the proof of claim under Bankruptcy Rule 9006(b).

Application of the so-called *Pioneer* factors shows that Movant's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Movant's late filing will cause no prejudice to Debtors, inasmuch as the Plan has been

confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movant's claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, Movant's delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, is that Mr. Marquette only recently learned for the first time that he could still pursue damages for his losses from the Camp Fire despite not owning his residence in Magalia at the time of the fire. Upon learning of his rights, Mr. Marquette promptly contacted Moon Law and, thereafter, filed his Proof of Claim on December 27, 2021. Movant acted in good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movant's "neglect" having been excusable, late filing of the proof of claim should be permitted.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-l(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Rules 7015, 7017, and 9006(b)(l) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

As set forth in the Declaration of Christopher D. Moon filed contemporaneously herewith, Mr. Marquette incorrectly believed he did not have a valid claim because he rented his residence in Magalia at the time of the Camp Fire. It was not until recently that Mr. Marquette learned for the first time that he could still seek damages for his losses from the Camp Fire despite not owning the property in which he resided at the time of the Camp Fire. Upon learning of his rights, Mr. Marquette promptly contacted Moon Law and, thereafter, filed his Proof of Claim on December 27, 2021.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act ... required or allowed to be done at or within a specified period ... by order of court." Rule 9006(b)(l) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable ... we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380,395, 113 S.Ct. 1489,1498 (1993) (citations omitted); s*ee also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(l) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In this case, because there is no danger of prejudice to the Debtors (or anyone else), the first *Pioneer* factor weighs overwhelmingly in Movant's favor. *See In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 609 (Bankr. D. Idaho 2014) ("The burden of showing prejudice is on the party objecting to the amendment."). Any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provided for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. While the Trust has recently been funded, distributions from the Trust have only just been made, and the Trustee and his professionals and team are in the process of finalizing the formulation for claims resolution calculations and procedures.

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors the Movant. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of

Case: 19-30088    Doc# 11780    Filed: 01/03/22    Entered: 01/03/22 21:51:46    Page 4

delay is only given meaning by its effect on the administration of the case). The Movant's "late" filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, again weighs in favor of excusability. Movant acknowledges this Court's observation, in 2004, that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing G*raphic Communications Int 'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is required. *Graphic Communications* at 5. Here, Mr. Marquette incorrectly believed that he did not have a right to pursue damages for his losses from the Camp Fire because he did not own the property in Magalia in which he resided at the time of the fire. Once he learned recently that he still had a valid claim despite not owning his residence, Mr. Marquette promptly contacted Moon Law and, thereafter, filed his proof of claim on December 27, 2021.

Finally, and for the same reasons, as to the fourth *Pioneer* factor there is no reasonable suggestion that Movant failed to act in good faith.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to the Movant's claim on substantive or legal grounds, other than timeliness.

///
///
///
///
///

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609,614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [Pioneer] factor ... is that of prejudice to the debtor.").

## **CONCLUSION**

For the reasons set forth above, Movant respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(l) as follows:

1.  Granting this Motion;

2.  Directing that the Proof of Claim, attached as Exhibit A hereto, be deemed timely filed; and

3.  Granting such other or further relief as the Court deems just and proper.

Dated:  December 30, 2021          **MOON LAW APC**

By:

CHRISTOPHER D. MOON
KEVIN O. MOON
*Attorneys for Karl Marquette*

1  Christopher D. Moon, SBN 246622
   *chris@moonlawapc.com*

2  Kevin O. Moon, SBN 246792
   *kevin@moonlawapc.com*

3  **MOON LAW APC**
   228 Hamilton Ave., 3rd Fl

4  Palo Alto, California 94301
   Telephone: (619) 915-9432

5  Facsimile: (650) 618-0478

6

7  *Attorneys for Karl Marquette*

8

9             **UNITED STATES BANKRUPTCY COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON**

11

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E Corporation, | Chapter 11<br>Lead Case, Jointly Administered |
| and | |
| PACIFIC GAS AND ELECTRIC COMPANY,<br>           Debtors. | **DECLARATION OF CHRISTOPHER D. MOON IN SUPPORT OF MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)** |
| [ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM | Date:    February 15, 2022<br>Time:   10 a.m. (Pacific Time)<br>Place:  **Telephonic/Video Appearances Only**<br>      United States Bankruptcy Court<br>      Courtroom 17,<br>      450 Golden Gate Ave., 16th Floor<br>      San Francisco, CA<br>Judge:   Hon. Dennis Montali<br><br>Objection deadline: February 8, 2022 |

I, Christopher D. Moon, hereby declare:

1. I am an attorney at law duly license to practice before all state and federal courts of the State of California. I am a managing partner with the law firm Moon Law APC, based in Palo Alto, California.

2. My law firm represents wildfire victims who sustained losses from the Camp Fire in 2018. My firm has timely filed over 50 Proof of Claim forms with Prime Clerk for losses clients have suffered as a result of the fire.

3. Claimant Karl Marquette informed me in December 2021 that he had incorrectly believed that he did not have a valid claim to recover damages for his losses from the Camp Fire because he did not own the property in Magalia in which he resided at the time of the fire. Upon learning for the first time in December 2021 that he may still have a valid claim despite not being a property owner at the time of the Camp Fire, Mr. Marquette promptly contacted my law firm and, thereafter, we caused a Proof of Claim to be filed on his behalf on December 27, 2021.

4. I am over eighteen years of age, of sound mind, and fully competent to make this declaration. All statements in this declaration are based on my own personal knowledge and observation and from my review of the court and business records in this case, or upon information and belief as indicated. If called to testify on this matter, I can and would competently testify to the matters set forth in this Declaration.

5. I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of December, 2021, in Palo Alto, California.

_____
CHRISTOPHER D. MOON

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC**<br>**COMPANY,**<br>Debtors. | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims.  Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim.  A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below.  Do NOT use red ink or pencil.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Marquette, Karl

Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☑ No
☐ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

_____         _____
_____         _____
_____         _____
_____         _____

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name **Marquette, Karl**
Attorney Name (if applicable) Christopher D. Moon
Attorney Bar Number (if applicable) 246622
Street Address 600 West Broadway, Suite 700
City San Diego
State CA
Zip Code 92101
Phone Number 619-915-9432
Email Address chris@moonlawapc.com

Where should payments to the creditor be sent? (if different)

Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**5. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on ____ / ____ / ____
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                Page 1

**7. What fire is the basis of your claim?**

Check all that apply.

☑ Camp Fire (2018)
☐ North Bay Fires (2017)
☐ Ghost Ship Fire (2016)
☐ Butte Fire (2015)
☐ Other (please provide date and brief description of fire: _____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): 13662 Nimshew Rd., Magalia, CA 95954
13658 Nimshew Rd., Magalia, CA 95954

**9. How were you and/or your family harmed?**

Check all that apply

☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
☐ Owner ☑ Renter ☐ Occupant ☐ Other (Please specify): _____
☑ Personal Injury
☐ Wrongful Death (if checked, please provide the name of the deceased) _____
☑ Business Loss/Interruption
☑ Lost wages and earning capacity
☑ Loss of community and essential services
☑ Agricultural loss
☐ Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
☑ Punitive, exemplary, and statutory damages
☑ Attorney's fees and litigation costs
☑ Interest
☑ Any and all other damages recoverable under California law
☐ Other (Please specify): _____

**11. How much is the claim?**

☐ $ _____ (optional)
☑ Unknown / To be determined at a later date

Proof of Claim (Fire Related)

Page 2

**Part 3:**  **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Christopher D. Moon*
Christopher D. Moon (Dec 27, 2021 07:04 PST)

Email: chris@moonlawapc.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Christopher | D. | Moon |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | Moon Law APC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 600 West Broadway, Suite 700 | | |
|---|---|---|---|
| | Number       Street | | |
| | San Diego | CA | 92101 |
| | City | State | ZIP Code |

| Contact phone | 619-915-9432 | Email | chris@moonlawapc.com |
|---|---|---|---|

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.    ☒ I do not have supporting documentation.
(attach below)

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

> **Do not file these instructions with your form**

Proof of Claim Instructions (Fire Related)                                    Page 2

# Electronic Proof of Claim_OB!QV27402[[CSLT# 4025#CF]]

**Final Audit Report**                                                     2021-12-27

| | |
|---|---|
| Created: | 2021-12-27 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFPYz38g6aXb5jAHTPkBdH2f7TB4E1G1X |

## "Electronic Proof of Claim_OB!QV27402[[CSLT#4025#CF]]" History

🖱 Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2021-12-27 - 2:57:50 PM GMT

🖱 Web Form filled in by Christopher D. Moon (chris@moonlawapc.com)
2021-12-27 - 3:04:51 PM GMT- IP address: 68.6.149.156

✍ (User email address provided through API User-Agent: Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_7)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/96.0.4664.110 Safari/537.36)
2021-12-27 - 3:04:56 PM GMT- IP address: 68.6.149.156

✅ Agreement completed.
2021-12-27 - 3:04:56 PM GMT

1   Christopher D. Moon, SBN 246622
    *chris@moonlawapc.com*
2   Kevin O. Moon, SBN 246792
    *kevin@moonlawapc.com*
3   **MOON LAW APC**
    228 Hamilton Ave., 3rd Fl
4   Palo Alto, California 94301
    Telephone: (619) 915-9432
5   Facsimile: (650) 618-0478
6
7   *Attorneys for Karl Marquette*
8
9               **UNITED STATES BANKRUPTCY COURT**
10      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON**
11
12  In re                              Case No. 19-30088-DM
13  PG&E Corporation,                  Chapter 11
                                       Lead Case, Jointly Administered
14  and
                                       **CERTIFICATE OF SERVICE**
15  PACIFIC GAS AND ELECTRIC
16  COMPANY,                           *Hon. Dennis Montali*
                        Debtors.
17
18  [ ] Affects PG&E Corporation
19  [ ] Affects Pacific Gas and Electric Company
    [x] Affects both Debtors
20
21  *All papers shall be filed in the Lead Case, No.
    19-30088-DM
22
23
24
25
26
27
28

I, Christopher D. Moon, do declare and state as follows:

1. I am employed in San Diego County in the State of California. I am over the age of and not a party to this action. My business address is 600 W. Broadway Ave., San Diego, CA 92101.

2. I certify that on December 30, 2021, I caused a true and correct copy of each of the following documents to be served via e-mail on the Standard Party Email Service List attached hereto as **Exhibit A**:

   **NOTICE OF MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**

   **MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**

3. I certify that on December 30, 2021, I caused a true and correct copy of the above documents to be served via First Class Mail on the Standard Party First Class Mail Service List attached hereto as **Exhibit B**.

4. I have reviewed the Notice of Electronic Filing for the above-listed document, and I understand that the parties listed in each NEF as having received notice through electronic mail were electronically served with that document through the Court's Electronic Case Filing System.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that if called upon to witness, I could and would testify competently thereto.

Executed on December 30, 2021, at San Diego, California.


                              */s/ Christopher D. Moon*
                              Christopher D. Moon

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Counsel to Debtor | Weil, Gotshal & Manges LLP | Attn: Stephen Karotkin, Jessica Liou, Matthew Goren | stephen.karotkin@weil.com<br>matthew.goren@weil.com<br>jessica.liou@weil.com |
| Counsel to Debtor | Keller & Benvenutti LLP | Attn: Tobias S. Keller, Jane Kim | tkeller@kellerbenvenutti.com<br>jkim@kellerbenvenutti.com |
| Special Counsel to Debtors | Cravath, Swaine & Moore LLP | Attn: Paul H. Zumbro, Kevin J. Orsinit, George E. Zobitz, Stephen M. Kessing, Nicholas A. Dorsey, Omid H. Nasab | pzumbro@cravath.com<br>korsini@cravath.com<br>jzobitz@cravath.com<br>skessing@cravath.com<br>ndorsey@cravath.com<br>onasab@cravath.com |
| Counsel for JPMorgan Chase Bank, N.A., as DIP Administrative Agent | Stroock & Stroock & Lavan LLP | Attn: Kristopher M. Hansen, Erez E. Gilad, Matthew G. Garofalo, Frank A. Merola | khansen@stroock.com<br>egilad@stroock.com<br>mgarofalo@stroock.com<br>fmerola@stroock.com |
| Counsel for the agent under the Debtors' proposed debtor in possession financing facilities, Counsel for Citibank N.A., as Administrative Agent for the Utility Revolving Credit Facility | Davis Polk & Wardwell LLP | Attn: Eli J. Vonnegut, David Schiff, Timothy Graulich | eli.vonnegut@davispolk.com<br>david.schiff@davispolk.com<br>timothy.graulich@davispolk.com |
| Counsel to California Public Utilities Commission | Paul, Weiss, Rifkind, Wharton & Garrison LLP | Attn: Alan W. Kornberg, Brian S. Hermann, Walter R. Rieman, Sean A. Mitchell, Neal P. Donnelly | akornberg@paulweiss.com<br>bhermann@paulweiss.com<br>wrieman@paulweiss.com<br>smitchell@paulweiss.com<br>ndonnelly@paulweiss.com |
| Office of the United States Trustee for Region 17 | Office of the United States Trustee | Attn: James L. Snyder, Esq. & Timothy Lafreddi, Esq., Marta E. Villacorta | James.L.Snyder@usdoj.gov<br>timothy.s.laffredi@usdoj.gov<br>Marta.Villacorta@usdoj.gov |
| Interested Party United States on behalf of the Federal Energy Regulatory Commission | U.S. Department of Justice | Attn: Danielle A. Pham | danielle.pham@usdoj.gov |

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Counsel for the Official Committee of Unsecured Creditors | Milbank LLP | Attn: Dennis F. Dunne, Samuel A. Khalil, Paul S. Aronzon, Gregory A. Bray, Thomas R. Kreller | ddunne@milbank.com<br>skhalil@milbank.com<br>Paronzon@milbank.com<br>Gbray@milbank.com<br>TKreller@milbank.com |
| Counsel for Official Committee of Tort Claimants | BAKER & HOSTETLER, LLP | Attn: Eric E. Sagerman, Lauren T. Attard, Robert A. Julian, Cecily A. Dumas | esagerman@bakerlaw.com<br>lattard@bakerlaw.com<br>rjulian@bakerlaw.com<br>cdumas@bakerlaw.com |
| Counsel for Shareholder Proponents | JONES DAY | Attn: Bruce S. Bennett, Joshua M. Mester, James O. Johnston | bbennett@jonesday.com<br>jmester@jonesday.com<br>jjohnston@jonesday.com |

**EXHIBIT B**
Standard Parties Hardcopy First Class Mail Service List
Served via First Class Mail

| DESCRIPTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|
| Debtors | PG&E Corporation | Attn: President or General Counsel | 77 Beale Street | P.O. Box 77000 | San Francisco | CA | 94177 |
| Nuclear Regulatory Commission | U.S. Nuclear Regulatory Commission | Attn: General Counsel | U.S. NRC Region IV | 1600 E. Lamar Blvd. | Arlington | TX | 76011 |
| Counsel for Shareholder Proponents | JONES DAY | Attn: Bruce S. Bennett, Joshua M. Mester, James O. Johnston | 555 South Flower Street | Fiftieth Floor | Los Angeles | CA | 90071-2300 |