1          **Exhibit 2**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FRP:lb-lc
7/23/71
Rev. 9/16/71

## ORDINANCE NO. 15879

AN ORDINANCE OF THE CITY OF SAN JOSE GRANTING TO
PACIFIC GAS AND ELECTRIC COMPANY, ITS SUCCESSORS
AND ASSIGNS, THE FRANCHISE (1) TO USE, FOR CON-
DUCTING AND DISTRIBUTING GAS SUITED FOR LIGHTING
BUT FOR USE BY CONSUMERS FOR ANY AND ALL LAWFUL
PURPOSES OTHER THAN LIGHTING, ALL PIPES AND AP-
PURTENANCES WHICH ARE NOW OR MAY HEREAFTER BE LAW-
FULLY PLACED AND MAINTAINED IN THE STREETS WITHIN
THE CITY OF SAN JOSE UNDER SUCH FRANCHISE THAT
GRANTEE MAY HAVE UNDER AND PURSUANT TO SECTION 19
OF ARTICLE XI OF THE CONSTITUTION OF THE STATE OF
CALIFORNIA, AS SAID SECTION EXISTED PRIOR TO ITS
AMENDMENT ON OCTOBER 10, 1911, (2) TO CONSTRUCT,
MAINTAIN AND USE IN SAID STREETS ALL PIPES AND AP-
PURTENANCES WHENEVER AND WHEREVER SAID CONSTITU-
TIONAL FRANCHISE IS NOT NOW OR HEREAFTER AVAILABLE
THEREFOR, NECESSARY TO CONDUCT AND DISTRIBUTE GAS
SUITED FOR, AND FOR USE BY CONSUMERS FOR, ANY AND
ALL LAWFUL PURPOSES, AND (3) TO UTILIZE SAID PIPES
AND APPURTENANCES IN SAID STREETS FOR CONDUCTING
AND DISTRIBUTING FOR USE OUTSIDE THE BOUNDARIES OF
THE CITY FOR ANY AND ALL LAWFUL PURPOSES, AND PRO-
VIDING THE TERMS AND CONDITIONS OF THE FRANCHISE
SO GRANTED.

BE IT ORDAINED BY THE COUNCIL OF THE CITY OF SAN JOSE:

SECTION 1. Definitions. Wherever in this ordinance the words or
phrases hereinafter in this section defined are used, they shall have
the respective meanings assigned to them in the following definitions
(unless in a given instance the context wherein they are used shall
clearly import a different meaning):

(a) The word "Grantee" shall mean Pacific Gas and Electric
Company, and its lawful successors or assigns.

(b) The word "City" shall mean the City of San Jose, a mu-
nicipal corporation of the State of California, in its present incor-
porated form or in any later reorganized, consolidated, enlarged or re-
incorporated form.

(c) The word "Engineer" shall mean such officer as may from
time to time be designated by the Council of the City of San Jose or
its successor, as the Engineer referred to in this ordinance; provided,

that until otherwise provided by said Council or its successor, the
word "Engineer" shall mean the head of the Public Works Department of
the City of San Jose.

(d) The word "streets" shall mean the public streets, ways,
alleys and places now or hereafter established within the City, including
State highways and freeways now or hereafter established within the City;
provided and excepting, however, that the word "streets" shall not be
deemed to mean or include any parks, playgrounds, school property or
other municipal or public property not constituting public thoroughfares.

(e) The word "gas" shall mean natural or artificial gas, or
a mixture of both.

(f) The words "pipes and appurtenances" shall mean pipes,
pipelines, mains, services, traps, vents, vaults, manholes, meters,
gauges, regulators, valves, conduits, appliances, attachments, appurte-
nances and, without limitation to the foregoing, any other property lo-
cated or to be located in, upon, along, across, under or over the
streets of City, used or useful in transmitting and/or distributing
gas for the purpose for which this franchise is granted.

(g) The words "construct, maintain and use" shall mean to
construct, erect, install, operate, maintain, use, repair or replace.

(h) The phrase "constitutional franchise" shall mean such
franchise or right, if any, as Grantee may have because of the acceptance
by Grantee or its predecessor in estate of the offer contained in the
provisions of Section 19 of Article XI of the Constitution of the State
of California, as said Section existed prior to its amendment on October
10, 1911.

(i) The phrase "gross receipts", as used in this Section and
in other parts of this ordinance, shall mean all gross operating revenues
received or receivable by Grantee from the sale of gas to Grantee's cus-
tomers with points of service within the corporate limits of the City
(including, but not limited to, sales to military reservations with points

of service within the City's corporate limits) which are credited to Account Nos. 480, 481 and 482 of the current Uniform System of Accounts of the Federal Power Commission, as adopted by the California Public Utilities Commission, or similar superseding accounts, or which would be credited to such accounts or similar superseding accounts if Grantee kept its books in accordance with such accounts or similar superseding accounts.

SECTION 2. Purpose. Subject to each and all of the terms, conditions and limitations set forth in this ordinance, there is hereby granted to Grantee the franchise to do all of the following:

(a) To use, for transmitting and distributing gas suited for lighting but for use by consumers for any and all lawful purposes other than lighting, all pipes and appurtenances which are now or may hereafter be lawfully placed and maintained in the streets within the City under the constitutional franchise of the Grantee;

(b) To construct, maintain and use in said streets within the City all pipes and appurtenances whenever and wherever the constitutional franchise of Grantee is not now or hereafter available therefor, necessary to transmit and distribute gas suited for, and for use by consumers for, any and all lawful purposes; and

(c) To utilize said pipes and appurtenances in said streets for transmitting gas for use outside the boundaries of City for any and all lawful purposes.

SECTION 3. Term. Subject to all terms, conditions and limitations contained in this ordinance, the franchise granted by this ordinance shall endure in full force and effect until the same shall, with the consent of the Public Utilities Commission of the State of California, be voluntarily surrendered or abandoned by Grantee, or until the State or any of its political subdivisions or agencies, or the City of San Jose or any municipal or public corporation, thereunto duly authorized by law shall purchase by voluntary agreement or shall condemn and take under the power of eminent domain, all property actually used and useful in the exercise of said franchise and situate in the territorial limits of the State, municipal or public corporation purchasing or condemning such

-3-

property, or until said franchise shall be forfeited for noncompliance with its terms or until said franchise is otherwise forfeited, terminated or abandoned pursuant to any of the provisions of this ordinance or pursuant to any applicable law.

SECTION 4. Consideration. The franchise, and all rights and privileges, granted by this ordinance to Grantee are granted upon the express condition that Grantee, in consideration thereof and as compensation for the use of the streets of the City as herein authorized and permitted, shall pay to the City, in lawful money of the United States, in the manner and on the conditions hereinafter set forth in Section 5, for each of the calendar years (or fractional calendar years) following the effective date of this ordinance, a sum of money equal to one percent (1%) of Grantee's gross receipts during each such calendar year (or fractional calendar year); provided and excepting, however, that the amount of said annual compensation, and/or the formula or measure or manner in which the amount shall be determined, may be changed or amended as hereinafter provided in this Section, to wit:

(a) If, as a result of negotiation or litigation, or both, between Grantee and any other city or cities of the State of California, regardless of whether such other city or cities is or are a general law or charter city or cities, including but not limited to negotiation or litigation, or both, under any hereafter adopted statute or constitutional amendment, or if by litigation, whether the City participates therein or not, which right of participation is hereby expressly reserved to the City, or if for any other reason, the Grantee shall make payment or payments to any other city for any of said calendar years (or fractional calendar years) in accordance with a formula (hereinafter referred to as a "second formula") which if applied to the City would provide payments to the City greater than provided for by the use of the formula hereinabove specified in the first paragraph of this Section 4, such

-4-

"second formula" shall prevail over the formula hereinabove specified in the first paragraph of this Section 4 for each of said years of the term of said franchise for or during which Grantee makes payments to any other city in accordance with said "second formula".

(b) In the event that the laws of the State of California, as they exist as of the date of adoption of this ordinance, should at any time ever be amended or changed to permit general law cities, in granting franchises of the kind herein being granted to Grantee, to require the Grantee of any such franchise to pay or give any consideration or compensation in accordance with a formula (hereinafter referred to as "third formula") which, if applied to the City of San Jose and the Grantee herein, would provide payments to the City greater than provided for by the use of the formula hereinabove specified in the first paragraph of this Section 4 or by the use of the abovementioned "second formula" if such "second formula" is the higher, than in such event City shall have the right, at any time thereafter, to require Grantee to thereafter make payments in accordance with such "third formula"; provided, however, that City shall not require Grantee to make any payments pursuant to the provisions of this subparagraph (b) during the first thirty (30) years of the franchise herein granted by City to Grantee.

(c) Within the last six (6) calendar months of the calendar year 1981, and thereafter within the last six (6) calendar months of each ten (10) calendar year period following the calendar year 1981, each of such six (6) month periods being hereinafter referred to as "six-month-notice period", either City or Grantee, or each of them, may serve written notice upon the other of its desire to change the amount or kind of consideration or compensation to be annually paid or given, after the expiration of such "six-month-notice period", by Grantee to City as consideration for said franchise and as compensation for the use by Grantee of the streets of the City as herein authorized and permitted, or of its

-5-

desire to change the manner, measure or formula pursuant to which such annual consideration and compensation shall thereafter be determined. Said notice shall specify the change or changes desired. Within ninety (90) days from and after the date of service of such notice, or at such other time or times as the parties may mutually agree upon, City and Grantee shall meet and confer and attempt in good faith to resolve the matters at issue by mutual agreement. No such agreement shall be effective unless it is in writing, and unless it is approved and signed by both City and Grantee. No such agreement shall be deemed approved by City unless it shall have been approved and authorized by written ordinance adopted by the governing body of the City. Unless otherwise provided in the agreement, any change or changes agreed upon in any such agreement shall be effective from and after the commencement of the calendar year immediately following the expiration of the "six-month-notice period".

In the event that City and Grantee should fail to arrive at any agreement with respect to the proposed change or changes within ninety (90) days from and after the service of the abovementioned notice, either party may thereafter serve upon the other a written notice of its intent to present the proposed change or changes to a board of arbitration for its consideration and decision. Unless otherwise agreed to by both parties, said notice must be served no later than the 30th day of June next following the expiration of the above-mentioned "six-month-notice period".

The board of arbitration shall consist of seven (7) members, two (2) to be selected by the City, and two (2) to be selected by the Grantee. The four (4) arbitrators selected by the parties shall select three (3) neutral arbitrators. Within thirty (30) days after service of said notice of intent to submit said matter to arbitration, each of

-6-

the parties, respectively, shall select its two (2) members of the
board, and within thirty (30) days after the four are selected, they
shall select the three (3) neutral arbitrators. The board of arbitra-
tion-shall then consider the proposed change or changes, and, after
giving both parties a reasonable opportunity to be heard, shall determine
what change or changes, if any, are to be made. The change or changes,
if any, ordered by the board may differ from those requested or desired
by either of the parties. The determination shall be fair and reasonable
to both parties, and in arriving at it, the board shall consider the
nature and value of the rights and privileges granted by this ordinance
to the Grantee, the costs, expenses and damages, if any, which City has
or will incur or suffer because of the grant of said rights and privileges
to Grantee or because of Grantee's exercise of such rights and privileges,
the amount paid to comparable cities for similar franchise rights and any
and all other relevant factors. The board's determination shall be in
writing, shall be by the majority vote of its seven (7) members, and
shall be final and conclusive and binding upon both parties. The board
shall render its written decision on or before, and no later than, the
last day of the first twelve (12) calendar months immediately following
the expiration of the abovementioned "six-month-notice period". Any
change or changes made by the board shall be effective retroactively as
of the first day immediately following the end of the aforementioned
"six-month-notice period", and shall continue in effect until such time
as the consideration payable by Grantee to City is again changed pursuant
to any of the provisions of this Section 4.

If said board should fail to arrive at a determination within
the twelve (12) months immediately following the expiration of the above-
mentioned "six-month-notice period", said board, unless otherwise agreed
to by both parties, shall be deemed discharged, and a second board, no

-7-

members of which shall have been a member of the previous board, shall be established as follows: City and Grantee shall each appoint two (2) new arbitrators; City and Grantee, or either of them, shall petition the Superior Court of the State of California in and for the County of Santa Clara to appoint three (3) neutral arbitrators and to order all seven of said arbitrators to consider the proposed change or changes, to give both parties a reasonable opportunity to be heard, and to arrive at a determination, within a reasonable time specified by the Court, as to what change or changes, if any, shall be made. The determination shall be fair and reasonable to both parties, and in arriving at it the second board shall consider all matters and factors which the former board was required to consider. The second board's determination shall be in writing, and must be by majority vote of all seven (7) members; and its determination shall be final and conclusive and binding upon both parties. Any change or changes made or ordered by the board shall be effective retroactively as of the first day immediately following the end of the aforementioned "six-month-notice period" and shall continue in effect until such time as the consideration payable by Grantee to City is again changed pursuant to any of the provisions of this Section 4.

All costs and expenses of the boards of arbitration, and court costs in the event recourse is had to the Superior Court as aforesaid, shall be paid equally by City and Grantee.

In the event any person appointed to serve as an arbitrator on either of the abovementioned boards should die or fail or be unable to perform the duties of an arbitrator, a substitute shall be appointed to serve in his place and stead by the party or body which appointed his predecessor.

-8-

In the event that the arbitrators fail to comply with the
order of the Court and to reach a decision by the majority vote of its
seven (7) members within the period specified by the Court, or within
three (3) years from and after the date of expiration of the above-
mentioned "six-month-notice period", whichever is the shorter period
of time, the party who proposed the change or changes shall thereafter
have the right to terminate the rights, privileges and franchise herein
granted by City to Grantee, and upon such termination, the rights,
privileges and franchises of Grantee granted by this ordinance shall be
at an end; provided, however, that such right of termination shall be
deemed waived if not exercised within one hundred eighty (180) days
immediately following the expiration of the time, specified by the
Court, within which the board was required to reach a decision.

-9-

SECTION 5. Reports, Dates of Payment. Within three (3) months from and after the expiration of each calendar year, or fractional calendar year, following the effective date of this ordinance, Grantee shall file with the City Clerk of City the original, and with the Director of Finance of City a copy, and with the City Auditor of City another copy, of a duly verified statement showing in detail the gross receipts of Grantee during the preceding calendar year or fractional calendar year, and such other data or information as City may need to calculate or determine the amounts which Grantee is obligated to pay City pursuant to the provisions of Section 4. Said statement shall be in such form and detail as from time to time may be reasonably prescribed by City.

Within fifteen (15) days from and after the time for filing of each such statement, Grantee shall pay to City, at the office of City's Director of Finance, in lawful money of the United States, the sum of money hereinabove required to be paid by Grantee to City for the calendar year, or fractional calendar year, covered by the statement.

Any neglect, omission or refusal by Grantee to file such verified statement, or to pay said percentage at the time and in the manner specified shall be grounds for the declaration of a forfeiture of this franchise and of all rights and privileges of Grantee hereunder.

In the event Grantee fails to make the payments for this franchise on or before the dates due as hereinabove provided, Grantee shall pay as additional consideration both of the following amounts:

(a) A sum of money equal to two percent (2%) of the amount due. This amount is required in order to defray those additional expenses and costs incurred by City by reason of the delinquent payment, including, but not limited to, the cost of administering, accounting and collecting said delinquent payment and the cost to City of postponing services and projects necessitated by the delay in receiving revenue.

(b) A sum of money equal to one percent (1%) of the amount due per month as interest and for loss of use of the money due.

SECTION 6. Examination of Books, Accounts and Records. The City Auditor of City, or any certified public accountant or qualified person designated by City, at any reasonable times during business hours, may make examination or audit at Grantee's office or offices, of its books, accounts and records germane to and for the purpose of verifying the data set forth in the statement required by Section 5 hereof.

All books, accounts, and other records relating to the statement required by Section 5 hereof shall be kept within the City of San Jose, or the City of San Francisco, California, or in such other place within the territory served by Grantee as the reasonable convenience of Grantee may require.

In the event that it becomes necessary for said City Auditor, or any representative designated by City, to make such examination at any place other than within the County of Santa Clara or the City and County of San Francisco, then, in that event, all increased costs and expenses to City necessary or incident to such examination and resulting from such books and records not being available within said counties shall be paid to City by Grantee on demand.

Grantee shall file with the City's City Clerk, Director of Finance and City Auditor a copy of its annual report to the California Public Utilities Commission, or its successor in authority, as soon as practicable after the original of said report has been filed with said Commission or its successor in authority.

-11-

SECTION 7. Franchise Subordinate to Public Use of Streets. The franchise herein granted to Grantee, and all rights and privileges granted thereunder, are and shall be subordinate to the right of City, and of the general public, to use and occupy, and to any occupancy by them, of any street or streets for any municipal or public uses or purposes; provided, however, that the words "municipal or public uses or purposes" do not include the construction and operation by City of facilities to provide and deliver electricity, gas or water to private customers.

SECTION 8. Compliance With Laws. All work undertaken or performed, and all pipes and appurtenances constructed, maintained and used, pursuant to the provisions of the franchise granted herein, including but not limited to the practices of Grantee in its installation and removal of Grantee's facilities in the streets of City, shall be done, undertaken, performed and accomplished, and Grantee by acceptance of this franchise agrees that it will do, undertake, perform and accomplish the same, in accordance and compliance with applicable ordinances, rules and regulations of City now or as hereafter adopted or prescribed, and with applicable laws, rules, regulations and orders of the State of California, the Public Utilities Commission of the State of California and of any other governmental authority having jurisdiction in the premises, and, also, so as to cause the least possible hindrance to the use of the streets for the purpose of travel or any other public purpose.

-12-

/:5/71-

SECTION 9.   City Reserved Powers.

(a)  City reserves the right for itself to lay, construct, erect, install, use, operate, repair, replace, remove, relocate, re- grade or maintain below surface or above surface improvements of any type or description in, upon, along, across, under or over the streets of the City.  City further reserves the right to relocate, remove, vacate or replace the streets themselves.  If the exercise of the afore- mentioned reserve rights conflicts with any pipes or appurtenances of Grantee constructed, maintained and used pursuant to the provisions of the franchise granted hereby, whether previously constructed, maintained and used or not, or if a street or any part thereof is vacated and no easement is reserved to permit Grantee to retain its facilities therein, Grantee shall, and by acceptance of this franchise agrees to, without cost or expense to City, within a reasonable time after written notice from the City, or its authorized representative, and request so to do, begin the work of physical field construction, of changing the location of all facilities or equipment so conflicting, and also, unless other- wise authorized by the City, the work of removing its facilities from any street or part thereof which has been vacated and in which no ease- ment is reserved to permit Grantee to retain its facilities therein, and, after such beginning, prosecute the work with due diligence to com- pletion.  In the event Grantee shall fail to commence such work within such reasonable time after service of said notice upon Grantee, or shall fail after such beginning to prosecute the same with due diligence to completion, City may, if it should wish to so do, without limitation with respect to any other rights or remedies which it may have under the circumstances, cause the work required in said notice to be done and per- formed by City or its agents or contractors, and Grantee, in such event, shall pay, and by acceptance of this franchise ... .: to pay, City the

-13-

costs thereof within ten (10) days after delivery to Grantee of an itemized bill therefor. It is understood and agreed that the cost of doing said work shall be considered to be the actual costs plus ten (10) percent thereof for overhead.

(b) Irrespective of any other provision of this ordinance, Grantee's right to construct, maintain and use, or remove pipes and appurtenances thereto shall be subject at all times to such right as the City may have, in the exercise of its police power, to require the removal or relocation, to either overhead or underground locations, of said pipes and appurtenances thereto at the sole cost and expense of Grantee.

(c) Nothing contained in this Section 9 shall require Grantee to remove or relocate its facilities so as to eliminate conflicts with facilities constructed and operated by City to provide and deliver electricity, gas or water to private customers.

-14-

/16/71

SECTION 12. Hold Harmless. Grantee shall indemnify, save and hold harmless, and by acceptance of this franchise Grantee agrees to indemnify, save and hold harmless, the City, and all officers and employees of City, for, against and from all damages, judgments, decrees, costs and expenditures or loss which City, or any such officers or employees, may suffer, or which may be recovered from or be obtainable against City, or such officers or employees, for, or by reason of, or growing out of, or resulting from the exercise by Grantee of any or all of the rights or privileges granted by this franchise, or by reason of, or growing out of or resulting from any act or acts of Grantee or its servants or agents in exercising the franchise herein granted, or by reason of, or growing out of or resulting from the failure of Grantee to comply with the provisions of said franchise or to do anything required of it by said franchise; and Grantee shall defend, and by acceptance of said franchise agrees to defend, any suit that may be instituted against City, or any officer or employee thereof, by reason of or growing out of or resulting from the exercise by Grantee of any or all of the rights or privileges granted by said franchise, or by reason of any act or acts of Grantee, or its servants or agents, in exercising the franchise herein granted, or by reason, or growing out of or resulting from the failure of Grantee to comply with the provisions of said franchise or to do anything required of it by said franchise.

In the event that any person, firm or private or public corporation makes claim against City for any damages for or against or from which Grantee hereinabove agrees to indemnify City or save and hold City harmless, City shall give Grantee written notice of such claim within thirty (30) days from and after the date City receives said claim.

In the event that any person, firm or private or public corporation makes claim against any officer or employee of the City for any damages for or against or from which Grantee hereinabove agrees to indemnify said officer or employee or save and hold said officer or employee harmless, City or said employee shall give Grantee written notice of said claim within thirty (30) days from and after the date

Case: 19-30088   Doc# 11845-2   Filed: 01/21/22   Entered: 01/21/22 11:41:05   Page 16 of 25

said officer or employee receives said claim.

In the event City suffers any damage or loss for or against or from which Grantee hereinabove agrees to indemnify City or save and hold City harmless, City shall give Grantee written notice of such damage or loss within thirty (30) days from and after the expiration of a reasonable time, after incurring such damage or loss, within which it could determine whether the damage or loss was covered by the above indemnification and save and hold harmless provisions.

In the event any officer or employee of City suffers any damage or loss for or against or from which Grantee hereinabove agrees to indemnify said officer or employee or save and hold said officer or employee harmless, City or said employee shall give Grantee written notice of such damage or loss within thirty (30) days from and after the expiration of a reasonable time, after incurring such damage or loss, within which it could determine whether the damage or loss was covered by the above indemnification and save and hold harmless provisions.

SECTION 11. Repair Costs. Grantee shall pay, and by acceptance of this franchise agrees to pay, to City on demand the cost of all repairs to City property made necessary by any of the operations of Grantee under the franchise granted by this ordinance; provided, however, that, if and to the extent that such is authorized by ordinances, rules and regulations of the City as the same may now or hereafter exist, Grantee may make repairs to streets, sidewalks, curbs and gutters itself at its own cost in accordance with City ordinances, rules, regulations and specifications if the same can be so done without undue inconvenience of the City.

SECTION 12. Work Done By Grantee In Streets. Reference is hereby made to Section 8 of this ordinance. Subject to all laws, ordinances, rules, regulations and orders mentioned in said Section 8 and Grantee's

-16-

compliance therewith, and unless and until otherwise provided by said laws, ordinances, rules, regulations and orders, or any amendments or additions thereto which may hereafter be adopted, the following conditions shall apply to all work done by Grantee in the streets of City pursuant. to the franchise herein granted to it, and Grantee, by acceptance of this franchise, agrees to comply therewith, to wit:

(a) Excavation Permits. Grantee shall not make, and Grantee by acceptance of this franchise agrees that it shall not make, any opening or excavation in any street in the City, nor disturb the earth beneath the surface of any such street, regardless of whether the surface thereof is to be damaged or removed or not, unless (i) Grantee shall have first applied for and obtained from the Engineer of City, in accordance with such applicable ordinances, rules or regulations of the City as may be in force or effect at the time such application is made, a permit for the work proposed to be done by Grantee, each such permit to prescribe the location, place, time and manner at and in which such work is to be done and such other conditions as the Engineer may prescribe, (ii) Grantee deposits such sum of money, or provides City with such surety bond, as may be required by any ordinance, rule or regulation of the City at the time the above application is made, as a guarantee and security to City that Grantee will reimburse City for any and all costs or damages which City may incur or suffer by reason of, in connection with or as a result of the doing of such work, and (iii) Grantee does all said work in accordance with the conditions of the abovementioned permit and all applicable laws, ordinances, rules and regulations in effect at such time, and (iv) Grantee reimburses City for all of its abovementioned costs and damages; provided and excepting, however, that in cases of emergency where the abovementioned work is urgently and immediately necessary to protect the public, the abovementioned permit may be dispensed with.

-17-

(b) Restoration of Streets by Grantee. When any opening or excavation is made, or work done in, upon, along, across, under or over any street for any purpose whatever by Grantee, in connection with the exercise of any right or privilege granted by this franchise, any portion of said street affected or damaged thereby shall be restored by Grantee, and Grantee hereby agrees to restore the same, as promptly as practicable, to as useful, safe, durable and good condition as existed prior to the making of such opening or such excavation or the doing of such work, and the same shall be in conformity with the provisions of applicable ordinances, laws, rules and regulations of City adopted in the exercise of its police power in force and effect at the time of the performance of such work, and in accordance with applicable State laws, and shall be to the reasonable satisfaction of the Engineer. After the work of restoring such portion of said street has been completed as provided in this Section, Grantee shall preserve, and Grantee hereby agrees to preserve, such portion of said street so restored from deterioration resulting from it having been opened or excavated, ordinary wear, tear and use excepted.

(c) Repair of Streets by Grantee. If any portion of any street or City property shall be damaged by reason of, growing out of, or resulting from the exercise by Grantee of any or all of the rights or privileges granted by this ordinance, or by reason of any act or acts of Grantee, or its servants or agents, in the exercise of such rights or privileges, Grantee, at its own cost and expense, shall immediately repair such damage and restore said street or property to as useful, safe, durable and good condition as existed before such damage. Such work shall be done under the direction of the Engineer and to his reasonable satisfaction.

-18-

/16/71

(d) Special Provisions Re Manholes, etc. All manholes, vaults, traps, catch basins, or other structures shall be so capped and covered as to be flush with the surface of the street, and shall not interfere in any way with the use of such street for the purpose of travel.

Grantee shall not lay, construct, erect or install in the streets of City any vent pipe from any vault, manhole or other structure of Grantee except in the manner and at the location or locations prescribed or approved by the Engineer.

(e) Notification of Abandonment or Removal of Facilities of Grantee. Upon abandonment or removal of any of the facilities or equipment of Grantee located above or below the surface of a street, Grantee shall notify the Engineer in writing of such abandonment or removal within not less than twenty (20) days thereafter.

(f) Restoration or Repair of Streets by City. Anything hereinabove in this Section 12 to the contrary notwithstanding, in the event during the term of this franchise City shall provide, by ordinance adopted in the exercise of its police power, that all work of restoring or repairing the portion of any street affected or damaged by any opening or excavation made or work done by Grantee in, upon, along, across, under or over said street, shall be done and performed by City and City shall have done and performed said work pursuant to the provisions of said ordinance, Grantee shall pay, and by the acceptance of this franchise Grantee agrees to pay City, the cost of performing such work. Said charges shall be paid by Grantee to City at the time and in the manner provided in said ordinance.

SECTION 13. No Recourse Against City for Damages Resulting From Public Work. If Grantee shall sustain any loss, injury or damage by reason of the doing by City of any public work, and if said work shall be done without negligence on the part of any officer, board, commission or department thereof, then Grantee shall have no recourse

-19-

whatever against City and/or any officer, board, commission or department thereof on account of such loss, injury or damage.

SECTION 14. Enumeration of Specific Rights of City Not to Limit General Reservations. The enumeration herein of specific rights reserved to City shall not be taken as exclusive, or as limiting the general reservations herein made.

SECTION 15. No Transfer Without Consent. Grantee shall not sell, lease, transfer or assign the franchise or all or any of the rights or privileges granted thereby unless an ordinance of the City consenting to such sale, lease, transfer or assignment shall have been duly adopted and become effective. Any such sale, lease, transfer or assignment consented to by any such ordinance shall be subject to all terms, conditions and provisions of this ordinance and of such consenting ordinance. Any sale, lease, transfer or assignment made without said consent, or in violation or non-compliance with the terms, conditions or provisions of any ordinance granting consent, shall be null and void and of no force or effect. However, nothing contained in this Section 15 shall be construed to prevent Grantee from including said franchise in a mortgage or trust deed without such express consent.

SECTION 16. Franchise Granted Herein To Be In Lieu Of Other City Franchises. The grant of this franchise is made in lieu of all other City franchises owned or claimed by Grantee which may authorize it to use all or any of the streets of City for transmitting and distributing gas.

Grantee, by acceptance of this franchise, and as a condition precedent to the enjoyment of any rights and privileges hereunder, surrenders to City all City franchises in lieu of which this grant is made.

SECTION 17. Forfeiture of Franchise. This franchise is granted upon each and every condition herein contained, and shall at all times be strictly construed against Grantee. [illegible] by the franchise granted hereby to Grantee unless it be granted in plain and unambiguous terms. The enumeration herein of specific rights reserved to

Case: 19-30088 Doc# 11845-2 Filed: 01/21/22 Entered: 01/21/22 11:41:05 Page 21 of 25

City shall not be taken as exclusive, or as limiting the general reservations herein made. Each of said conditions is a material and essential condition to the granting of the franchise. If Grantee shall fail, neglect or refuse to comply with any of the conditions of the franchise granted hereby, and shall not within ten (10) days after written demand for compliance begin the work of compliance, or after such beginning shall not prosecute the same with due diligence to completion, then City, by the City Council, in addition to all rights and remedies allowed by law, thereupon may terminate and declare forfeited the right, privilege and franchise granted in and by this ordinance, and all the rights, privileges and the franchise of Grantee granted hereby shall thereupon be at an end. Thereupon and immediately, Grantee shall be deemed to have surrendered the franchise and all rights and privileges connected therewith. No provision herein made for the purpose of securing the enforcement of the terms and conditions of the franchise granted herein shall be deemed an exclusive remedy or to afford the exclusive procedure for the enforcement of said terms and conditions, but the remedies and procedured outlined herein or provided, including forfeiture, shall be deemed to be cumulative.

SECTION 18. Acquisition and Evaluation. Nothing in this ordinance or in the franchise granted hereby shall be construed as in any way impairing or affecting City's right to acquire property of Grantee, either by purchase, or through the exercise of City's power of eminent domain or through voluntary agreement between City and Grantee; and nothing in this ordinance or in the franchise granted herein shall be construed to contract away or to modify or to abridge either for a term or in perpetuity the City's right of eminent domain in respect to any public utility.

Also, the franchise and all rights and privileges herein granted to Grantee shall never be given, and Grantee .......... of the franchise

-21-

3/15/71

agrees that such franchise, rights and privileges shall never be given, any value before any court or other public authority in any proceeding of any character in excess of the cost to the Grantee of the necessary publication and any other sum paid by it to the municipality at the time of the acquisition.

SECTION 19. Franchise to be Non-Exclusive. This franchise shall be non-exclusive, and neither the granting of this franchise nor any of the provisions contained herein shall prevent the City from granting any identical, similar or different franchise to any person other than Grantee for all or any areas of the City, or preclude at any time, City from constructing, maintaining and using pipes and appurtenances necessary or proper for transmitting and distributing gas to the public for any and all purposes in, along, across, upon, under or over any public streets and places in the City.

SECTION 20. Succession to Rights, Powers and Duties. Whenever in this ordinance any right or power is conferred or duty imposed upon the legislative body of City or any officer thereof, such right and power shall inure to and be exercised by, and such duty shall be imposed upon such body, board or officer of City as may by law hereafter succeed to their respective rights, powers and duties. All of the rights and powers conferred or duties imposed upon City in its present incorporated form shall inure to and be exercised by and be imposed upon City in any future reorganized, consolidated, enlarged or reincorporated form.

SECTION 21. Publication Expenses. Grantee of said franchise shall pay to City a sum of money sufficient to reimburse it for all publication expenses incurred by it in connection with the granting thereof; such payment to be made within thirty (30) days after City shall have furnished Grantee with a written statement of such expense.

-22-

SECTION 22. Giving of Notices. (a) Any written notice herein required to be given by City, or any of its officers or agents, to Grantee, shall be deemed to have been duly served if delivered in person to, or if sent by registered or certified mail to any of the following officers at the following addresses, or to such other officers and addresses as the Grantee may from time to time file with the City Clerk of City, to wit:

Division Manager                    Vice President and General Counsel
San Jose Division                   Pacific Gas and Electric Company
Pacific Gas and Electric            77 Beale Street
  Company                           San Francisco, California 94106
San Jose, California 95114

(b) Any written notice herein required by Grantee to be given to City, or any of its officers or agents, shall be deemed to have been duly served if delivered in person to the City Clerk of City, or if sent by registered or certified mail to the City Clerk of City.

SECTION 23. Use of Singular and Plural. The use of the singular number herein shall include the plural, and the use of the plural number shall include the singular.

SECTION 24. Acceptance of Franchise. Within ten (10) days after the effective date of this ordinance, Grantee shall file with the City Clerk a written acceptance of the franchise hereby granted, which acceptance shall constitute a continuing agreement on the part of Grantee to comply with the terms and conditions hereof, and no rights are hereby conferred until the filing of such acceptance. If Grantee shall fail to file its said written acceptance with said City Clerk within said ten (10) day period, the offer of franchise contained in this ordinance shall be deemed revoked, and said franchise may not be thereafter accepted.

SECTION 25. This ordinance is adopted pursuant and subject to the provisions of the Charter of City, and in accordance with the provisions

-23-

of Article X, Chapter 1, of the San Jose Municipal Code. The provisions of said Chapter 1 of Article X are hereby incorporated in this ordinance to the same extent as though fully set forth herein.

PASSED FOR PUBLICATION this ___20th___ day of ___September___,
1971, by the following vote:

AYES:          Councilmen - Colla, Garza, Goglio, Hayes, Hays, Naylor, Mineta.

NOES:          Councilmen - None

ABSENT:        Councilmen - None

NORMAN Y. MINETA

_____
Mayor

ATTEST: FRANCIS L. GREINER

By: Roy H. Hubbard, Deputy
_____
City Clerk

---

The attached is a full, true and correct copy of

Ordinance No. ___15879___
which became effective on
will become
___November 4 1971___

ATTEST:

Francis L. Greiner, City Clerk
of the City of San Jose, Calif.

By: _Tatiana Caldwell_ Deputy

Dated: ___October 5 1971___

Form No. 170-43

-24-