**Exhibit 2**

Pacific Gas and
Electric Company ™

**PG&E**

Grant Guerra

*Mailing Address*
P.O. Box 7442
San Francisco, CA  94120

*Street/Courier Address*
Law Department
77 Beale Street
San Francisco, CA  94105

(415) 973-3728
Fax: (415) 973-5520
Email: Grant.Guerra@pge.com

May 27, 2020                                                                                       VIA E-MAIL AND U.S. MAIL

City of San Jose
Director of Finance
200 East Santa Clara Street
San Jose CA  95113-1905

Re:    City of San Jose's Utility Users Tax Gas Assessment, Utility Users Tax Electric Assessment, and Franchise Fee Assessment for Pacific Gas and Electric Company

Dear Finance Director:

I am writing in response to the two letters dated May 12, 2020, from Deputy Director Rick Bruneau, with the City of San Jose's Finance Department (City) addressed to Pacific Gas and Electric Company (PG&E) which provided a notice of assessment of alleged under-collections of Utility Users Tax and under-remittance of franchise fees that were identified by the City's review of records for the  period  April, 2014 through October, 2019 (enclosed). Specifically, these letters asserted that PG&E under-reported Gas and Electric UUT and franchise fees for the reporting period by deducting the California Climate Credit from gross charges billed during this period.  The City demanded that PG&E immediately pay the specified under-collections of UUT and franchise fees, together with penalties and interest.

PG&E disagrees with the City's assertion the Greenhouse Gas (GHG) Credit (aka California Climate Credit) was improperly subtracted from PG&E's gross receipts when computing the Utility Users Tax collected from San Jose customers and remitted to San Jose and its franchise fees remittances.  The California Public Utilities Commission has an active Order Instituting Rulemaking to Address Utility Cost and Revenue Issues Associated with Greenhouse Gas Emissions (R.11-03-012).  The Commission recently issued D.20-04-027 which modified the schedule for utilities to provide the GHG credit to their customers.  The Commission summarizes the GHG credits in this Decision as follows:

> *As part of California's Cap-and-Trade program,*[4] *greenhouse gas (GHG) allowances are allocated to protect ratepayers from cost increases and to provide additional opportunities to take advantage of energy and money-saving upgrades that also help fight climate change. The utilities act as intermediaries to hold and then sell the allowances for ratepayer benefit in the California Air Resources Board (CARB) quarterly auctions.  The revenue from the sale of these GHG allowances is then returned to ratepayers.*[5]

Case: 19-30088    Doc# 11846-2    Filed: 01/21/22    Entered: 01/21/22 11:43:06    Page 2 of 3

Footnote 5 of this Decision further explains:

> *The GHG allowances are allocated to ratepayers with the utilities acting as an intermediary to hold and then sell the allowances for ratepayer benefit. The revenue from the sale of these GHG allowances is then returned to ratepayers and helps to offset the increases in electricity costs that result from GHG compliance.*

The Commission's orders on the ratemaking treatment of the GHG credits are the equivalent to the return to customers of overcollections in energy-related balancing accounts, and thus serve to reduce PG&E's gross receipts. Consistent with the Commission's orders, PG&E properly computed the gross receipts to compute the franchise fee payments to San Jose and the UUT collected from customers in San Jose in this period.

A substantial portion of the City's claim of under-reporting franchise fees and UUT associated with GHG allowances relates to the pre-petition period before PG&E filed its Chapter 11 bankruptcy proceeding. For reasons that the City has failed to explain, it did not include these claims in the City's Proof of Claim submitted in the bankruptcy proceeding. PG&E is willing to confer with the City staff on this disputed claim in an attempt to seek an informal resolution of this matter. We recognize that PG&E and the City staff have discussed and are continuing to attempt to resolve similar issues associated with the City's Proof of Claim on the alleged under-reporting of UUT raised by the Finance Department's letters dated September 9, 2019. We do not believe a formal hearing on the City's claims would be necessary or productive in addressing the claims asserted in Finance Department's letters dated May 12, 2020. However, if the City's position is it is required to conduct a hearing on any portion of its claims under Section 48.68.160(B) of the San Jose Municipal Code, then PG&E will requests such a proceeding so that it can present its points and authorities for the reasons why the claims should be denied.

Sincerely,

*/s/ Grant Guerra*

Grant Guerra

Enclosure

cc: Karin Murabito, Senior Deputy City Attorney