KELLER BENVENUTTI KIM LLP
Peter J. Benvenutti (# 60566)
(pbenvenutti@kbkllp.com)
Michael J. Coffino (# 88109)
(mcoffino@kbkllp.com)
Jane Kim (# 298192)
(jkim@kbkllp.com)
David A. Taylor (# 247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

JENNER & BLOCK LLP
Laurie Edelstein (#164466)
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
Facsimile: (628) 267-6859
Email: ledelstein@jenner.com

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (CLAIM NOS. 77225, 78534, 78745 (in part), 78623 (in part), 105680, AND 105681) (CITY OF SAN JOSE CLAIMS))**<br><br>**Response Deadline: February 16, 2022, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: March 2, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the contents and information contained in the following documents and other identified records:

1. California Public Utilities Commission ("**CPUC**") Decision No. 16-04-026, dated April 21, 2016, a true and correct copy of which is attached as **Exhibit A**.

2. CPUC Decision No. 04-08-010, dated August 19, 2004, a true and correct copy of which is attached as **Exhibit B**.

3. CPUC Decision No. 12-12-033, dated December 20, 2012, a true and correct copy of which is attached as **Exhibit C**.

4. CPUC Decision No. 15-10-032, dated October 22, 2015, a true and correct copy of which is attached as **Exhibit D**.

5. CPUC Decision No. 18-03-017, dated March 22, 2018, a true and correct copy of which is attached as **Exhibit E**.

The Court may take judicial notice of **Exhibits A-E** because they are not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, courts may take judicial notice of CPUC decisions, *Nugget Hydroelectric, L.P.*, 981 F.2d 429, 435 (9th Cir. 1992), as well as reports of administrative bodies, *Interstate Natural Gas Co. v. Southern Cal. Gas Co.*, 3 209 F.2d 380, 385 (9th Cir. 1953).

6. The Complaint that the City of San Jose filed against PG&E in the Santa Clara County Superior Court on or about December 22, 2005, a true and correct copy of which is attached as **Exhibit F** (the "**Complaint**"). The Complaint may be judicially noticed because it is not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, the Court may take judicial notice of

pleadings, orders, and other papers contained in the court files of another action. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

7. The websites of the California Air Resources Board ("**CARB**") described in subparagraphs a thru d below. These websites may be judicially noticed because they are not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, courts may take judicial notice of government agency website pages. *See Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of pages from a museum's website); *McLaughlin v. Volkswagen of Am., Inc.*, 2000 WL 1793071, n.3 (E.D. Pa. Dec. 6, 2000) (taking judicial notice of contents of the National Highway Transportation Safety Website).

 a. AB 32 Climate Change Scoping Plan, https://ww2.arb.ca.gov/our-work/programs/ab-32-climate-change-scoping-plan/about

 b. Cap-and-Trade Program, https://ww2.arb.ca.gov/our-work/programs/cap-and-trade-program/about.

 c. Overview of ARB Emissions Trading Program, https://ww2.arb.ca.gov/sites/default/files/cap-and-trade/guidance/cap_trade_overview.pdf

Dated: January 21, 2022

**KELLER BENVENUTTI KIM LLP**
**JENNER & BLOCK LLP**

By: /s/ Michael Coffino
     Michael Coffino

*Attorneys for Debtors and Reorganized Debtors*