| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (PASSTHROUGH CLAIMS / AMENDED AND SUPERSEDED CLAIMS)**<br><br>**Response Deadline:**<br>February 16, 2022, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: March 2, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Fourteenth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed "Claims To Be Expunged" on **Exhibit 1** annexed hereto, and "Claims To Be Disallowed and Expunged" on **Exhibit 2** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging, or, where applicable, allowing in reduced amounts, the Proofs of Claim as further described below.

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

## IV. ARGUMENT

The Omnibus Objections Procedures Order and Bankruptcy Rule 3007(d) permit the Reorganized Debtors to file objections to more than one Proof of Claim if, among other reasons, (1) "the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan," Omnibus Objections Procedures Order, ¶2(C)(vii); or (2) the Proof of Claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

Each of the Claimants is listed on **Exhibit 1** and **Exhibit 2**, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of the Passthrough Claim and the Amended and Superseded Claim, each as defined and described below.

### A. The Passthrough Claim Should Be Expunged

The Reorganized Debtors seek entry of an order expunging a Proof of Claim (the "**Passthrough Claim**") that in accordance with the confirmed Plan, rides through the Chapter 11 Cases unimpaired such that the holder of this claim may continue to pursue the claim against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced. The Passthrough Claim is identified on **Exhibit 1**, in the column headed "Claims To Be Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the Passthrough Claim is classified as a Post-Petition Claim because it asserts an amount that arose after the Petition Date and, thus, does not represent a prepetition liability of the Debtors subject to payment through the chapter 11 claims process. Claims for post-petition liabilities, to the extent they are allowed in the ordinary course or pursuant to the Plan, will be paid by the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and Section 2.1 of the Plan, and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities.

Accordingly, there is nothing for this court to resolve with respect to this Claim and any Proof of Claim filed on account of such Claim should be expunged and the asserted claim may be resolved in the ordinary course of business.

**B. The Amended and Superseded Claim Should be Disallowed and Expunged**

The Reorganized Debtors also seek entry of an order disallowing and expunging a Proof of Claim that duplicates another already submitted in these Chapter 11 Cases (referred to hereafter as the "**Amended and Superseded Claim**"). The Amended and Superseded Claim and the Proof of Claim of which it is a duplicate (the "**Surviving Claim**") are both identified on **Exhibit 2**, in the columns headed "Claims To Be Disallowed and Expunged" and "Surviving Claims," respectively. The Amended and Superseded Claim is so classified because it was superseded by a subsequently filed Proof of Claim that expresses that intention either on the face of, or in the attachments to, the later-filed Proof of Claim (*e.g.*, the Surviving Claim). The Reorganized Debtors request that the Amended and Superseded Claim be disallowed and expunged. The Objection does not affect the Surviving Claim.

**C. The Claimants Bear the Burden of Proof**

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th

---

[2] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through June 21, 2022 [Docket No. 11533], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection.

Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.A above, the Reorganized Debtors submit that the Passthrough Claim should be expunged because the Claim seeks payment of amounts that arose after the Petition Date, and to the extent allowed, will be paid in the ordinary course in accordance with Section 2.1 of the Plan, and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liability. If not expunged, the Passthrough Claim potentially could allow the Claimants to receive recoveries to which they are not entitled. The Reorganized Debtors submit that the Claim will pass through the Chapter 11 Cases unaffected by the Plan and, therefore, any Proofs of Claim filed on account of such Claim should be expunged. This expungement will not affect the right of the holder of the Passthrough Proof of Claim to enforce their Claim in the ordinary course outside of the Chapter 11 Cases.

Finally, as set forth in Section IV.B above, the Reorganized Debtors submit that the Amended and Superseded Claim is a duplicate and should be disallowed. If any Claimant believes that the Amended and Superseded Claim is valid and non-duplicative, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Post-Petition Claim and Amended and Superseded Claim on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) the holder of the Passthrough Claim and Amended and Superseded Claim; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 21, 2022

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
       Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*