KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (PASSTHROUGH CLAIMS / AMENDED AND SUPERSEDED CLAIMS)**<br><br>**Response Deadline:**<br>February 16, 2022, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: March 2, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' One Hundred Fourteenth Omnibus Objection to Claims (Passthrough Claims / Amended and Superseded Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

1  AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the
2  Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process
3  of reconciling filed claims with the Debtors' schedules and books and records to determine the validity
4  of filed claims based on those schedules and books and records. AlixPartners has developed and
5  maintains a claims reconciliation database and various data management applications that are used by
6  the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not
7  valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now
8  supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to
9  resolve disputed claims, including by formal objections as necessary.

### A. The Passthrough Claim

4. As part of the claims review and reconciliation process described in Paragraph 3 above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, identified a claim that in accordance with the confirmed Plan, rides through the Chapter 11 Cases unimpaired such that the holder of this claim may continue to pursue the claim against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced (the "**Passthrough Claim**"). The Passthrough Claim is identified on **Exhibit 1**, in the column headed "Claims To Be Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the Passthrough Claim is classified as a Post-Petition Claim because it asserts an amount that arose after the Petition Date and, thus, does not represent a prepetition liability of the Debtors subject to payment through the chapter 11 claims process. Claims for post-petition liabilities, to the extent they are allowed in the ordinary course or pursuant to the Plan, will be paid by the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and Section 2.1 of the Plan, and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities.

5. If not expunged, the Passthrough Claim potentially could allow the Claimants to receive a recovery to which it is not entitled.

### B. The Amended and Superseded Claim

6. As part of the claims review and reconciliation process described in Paragraph 3 above,

the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, identified a claim that duplicates another already submitted in these Chapter 11 Cases (referred to hereafter as the "**Amended and Superseded Claim**"). The Amended and Superseded Claim and the Proof of Claim of which it is a duplicate (the "**Surviving Claim**") are both identified on **Exhibit 2**, in the columns headed "Claims To Be Disallowed and Expunged" and "Surviving Claims," respectively. The Amended and Superseded Claim is so classified because it was superseded by a subsequently filed Proof of Claim that expresses that intention either on the face of, or in the attachments to, the later-filed Proof of Claim (*e.g.*, the Surviving Claim). The Omnibus Objection does not affect the Surviving Claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this twenty-first day of January, 2022.

*/s/ Robb McWilliams*
Robb McWilliams