WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for the Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
|  | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' OPPOSITION TO THE DRRT CLAIMANTS' MOTION FOR RECONSIDERATION** |
| **Reorganized Debtors.** | **Related to Docket Nos.:** 11216, 11315, 11498, 11601, 11734 |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Hearing Information:**<br>Date: February 15, 2022<br>Time: 10:00 a.m. (Pacific Time) |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| FACTUAL BACKGROUND | | 3 |
| | A. The Court Expunges the Disallowed DRRT Claims on the Merits | 3 |
| | B. DRRT Files Untimely Opposition to the Objections Long After the Court Issued Orders Granting the Objections on the Merits | 6 |
| ARGUMENT | | 8 |
| | A. Failure of a Law Firm to Open its Mail Is Not "Excusable" Neglect Under Civil Rule 60(b)(1) | 9 |
| | B. Reconsideration Under Civil Rule 60(b)(6) is Unwarranted | 15 |
| CONCLUSION | | 17 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bucknum*,
  951 F.2d 204 (9th Cir. 1991) ................................................................... 13

*Coastal Band of the Chumash Nation v. Native Energy Farms, LLC (In re Native Energy Farms, LLC)*,
  745 F. App'x 272 (9th Cir. 2018) .............................................................. 16

*In re Contessa Liquidating Co.*,
  No. 2:11-bk-13454-PC, 2012 WL 2153271 (Bankr. C.D. Cal. June 13, 2012) ........................... 9, 11

*Corex Corp. v. United States*,
  638 F.2d 119 (9th Cir. 1981), *impliedly overruled on other grounds by Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989) ............................................ 16

*Davis v. Belloc (In re Reg'l Care Servs. Corp.)*,
  BAP No. AZ-16-1213-JuLB, 2017 Bankr. LEXIS 1880 (B.A.P. 9th Cir. July 5, 2017) ............... 13

*Decker v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co.)*,
  219 B.R. 153 (E.D. Va. 1998) ................................................................. 10

*Delay v. Gordon*,
  475 F.3d 1039 (9th Cir. 2007) ............................................................. 15, 16

*Facebook, Inc. v. Banana Ads, LLC*,
  No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ................................ 13

*Harvest v. Castro*,
  531 F.3d 737 (9th Cir. 2008) ................................................................. 12

*In re Keener*,
  No. 20-60291, 2020 Bankr. LEXIS 2827 (Bankr. N.D. Ohio Oct. 9, 2020) ........................ 16

*Lee v. Field (In re Lee)*,
  BAP Nos. HI-20-1224-TBK, HI-20-1225-TBK, 2021 WL 1294110 (B.A.P. 9th Cir. Apr. 7, 2021) ......................................................................... 14

*Nations First Cap., LLC v. Decembre (In re Nations First Cap., LLC)*,
  BAP No. EC-19-1201-GLB, 2020 Bankr. LEXIS 1541 (B.A.P. 9th Cir. June 5, 2020), *aff'd*, 851 F. App'x 32 (9th Cir. 2021) ................................................... *passim*

*In re Pac. Gas & Elec. Co.*,
  311 B.R. 84 (Bankr. N.D. Cal. 2004) (Montali, J.) ........................................... 9

*In re Pac. Gas & Elec. Co.*,
  331 B.R. 915 (Bankr. N.D. Cal. 2005) (Montali, J.) ....................................... 9, 15

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380 (1993) ........................................................................ *passim*

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
  531 U.S. 497 (2001) .......................................................................... 8

*Smith v. Frank*,
  No. 92-16103, 1994 U.S. App. LEXIS 1937 (9th Cir. Jan. 27, 1994) ............................ 16

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1

*Souliotes v. City of Modesto*,
No. 1:15-CV-00556-LJO-SKO, 2017 U.S. Dist. LEXIS 8326 (E.D. Cal. Jan. 20, 2017) ............... 12

2

*United Student Funds, Inc. v. Wylie (In re Wylie)*,
349 B.R. 204 (B.A.P. 9th Cir. 2006) ................................................................. 8, 9, 12, 13

3

4

**Statutes**

11 U.S.C. § 502(b)(1) ........................................................................................... 8

5

11 U.S.C. § 502(j) ............................................................................................... 8

6

Securities Act of 1933 Section 11 ........................................................................ 4, 5

7

8

**Other Authorities**

Fed. R. Civ. P. 60(b) ................................................................................... *passim*

9

Fed. R. Civ. P. 60(b)(1) ....................................................................... 2, 9, 12, 15

10

Fed. R. Civ. P. 60(b)(6) .............................................................................. *passim*

11

Fed. R. Bankr. P. 3007(a)(1) ........................................................................... 5, 11

12

Fed. R. Bankr. P. 3007-1(c) .................................................................................. 5

13

Fed. R. Bankr. P. 3008 ........................................................................................ 8

14

Fed. R. Bankr. P. 8002(a) .................................................................................... 8

15

Fed. R. Bankr. P. 9006(e) .................................................................................. 13

16

Local Rule 3007-1(a) ......................................................................................... 11

17

Local Rule 9014-1(b)(3)(A) .................................................................................. 5

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition to DRRT's *Amended Motion for Relief from Orders by Default Disallowing and Expunging Proofs of Claims Pursuant to Reorganized Debtors' Eleventh and Thirteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)*, dated December 21, 2021 [Dkt. No. 11734] (the "**Amended Motion**" or "**Mot.**"),[1] seeking relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "**Civil Rules**"), from the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, dated September 9, 2021 [Dkt. No. 11216] (the "**11th Securities Omnibus Order**") and the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, dated September 24, 2021 [Dkt. No. 11315] (the "**13th Securities Omnibus Order**," and together with the 11th Securities Omnibus Order, the "**Orders**"), which disallowed thirty-one claims asserted by the DRRT Claimants (the "**Disallowed DRRT Claims**").[2]

## PRELIMINARY STATEMENT

The Orders are final judgments that resolved, disallowed, and expunged the Disallowed DRRT Claims ***on the merits*** of the Objections more than four months ago. Indeed, the Objections at issue were merits-based objections supported by factual declarations, and the Court in each of its Orders "determined that the legal and factual bases set forth in the Request establish just cause for the relief sought." 11th Securities Omnibus Order at 2; 13th Securities Omnibus Order at 2.

Although DRRT previously represented, in two separate filings, that it did not receive "effective notice" of the Objections,[3] DRRT has changed tactics and now concedes in the Amended Motion that

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Amended Motion. Unless otherwise indicated, all emphasis is added and all internal citations and quotations are omitted.

[2] Thirty claims were subject to the *Reorganized Debtors' Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, dated August 3, 2021 [Dkt. No. 11014] (the "**11th Securities Omnibus Objection**"), and one claim was subject to the *Reorganized Debtors' Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)*, dated August 18, 2021 [Dkt. No. 11085] (the "**13th Securities Omnibus Objection**," and together with the 11th Securities Omnibus Objection, the "**Objections**").

[3] *See Request for Judicial Notice* [Dkt. No. 11734-2] ("**RJI**"), Ex. I (DRRT's *Motion for Leave to File Late*, dated October 27, 2021) at 1 ("As grounds for this motion, the DRRT Claimants state that they did not receive effective notice of the Eleventh, Thirteenth, or Fourteenth Securities Claims Omnibus

notice and service were proper and in accordance with the Securities Omnibus Objection Procedures approved by this Court. *See* Moussavou Decl. ¶ 10 [Dkt. No. 11734-1]. DRRT also concedes that it "did not file timely opposition" to the Objections. Mot. at 5. Nevertheless, the DRRT Claimants maintain that they are entitled to relief under Civil Rule 60(b) because DRRT, an international law firm whose business is to represent claimants in large-scale securities litigations and bankruptcies, simply failed to open its mail. DRRT's Amended Motion entirely ignores that service of the Objections was also completed by sending emails to the email address provided by DRRT on its proofs of claims. Thus, it appears DRRT's argument is that a major law firm is not able to open either its regular mail or its email. The inexcusable failure of a law firm to open its mail and email, for months, is insufficient to negate the "finality" of the Orders to which even DRRT agrees the Reorganized Debtors are "entitled." Mot. at 5–6.

DRRT fails to carry its heavy burden of demonstrating "excusable neglect" under Civil Rule 60(b)(1) to upset a final judgment. DRRT's so-called explanation for its almost three month delay in filing its Initial Motion and nearly four-month delay in filing its Amended Motion – that it neglected to open and process the Objections, which were mailed and emailed to the addresses provided in its proofs of claim – does not constitute excusable neglect, especially because DRRT knew that its claims could be subject to objections in these Chapter 11 Cases and had in fact been served with *eight* prior omnibus objections. Allowing DRRT to succeed here based on its disregard of both mail and email and the filing of its opposition almost three months after the Court granted the Objections is not only completely without basis, but also would raise questions about the finality of all of the Court's prior omnibus orders, through which the Court has disallowed and approximately 11,000 claims, totaling more than $31 billion in asserted liabilities, based on merits-based omnibus objections. *See* Dkt. No. 11450, at 6–7.

DRRT's alternative argument for relief under Civil Rule 60(b)(6) also fails because it is improperly based on the same factual basis on which it seeks relief under other sections of Rule 60(b). Further, DRRT does not even attempt to show, as it must, that "extraordinary circumstances" exist or

---

Objections and were unable to lodge their objections until this time."); *Motion Seeking Relief from Orders Disallowing and Expunging Proofs of Claim*, dated November 18, 2021 [Dkt. No. 11601] (the "**Initial Motion**") at 2 ("As grounds for this motion, the DRRT Claimants state that they did not receive effective notice of the Eleventh and Thirteenth Securities Claims Omnibus Objections and were unable to lodge their oppositions until October 27, 2021.").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

that the failure to file a timely opposition was beyond its control and that it was "faultless"—the high standard required in this Circuit to justify relief under Civil Rule 60(b)(6). Moreover, DRRT's vague suggestion that the Objections were "non-meritorious" is not only wrong, but improperly raised on this motion for reconsideration, which is ***not*** a substitute for a timely appeal.[4] Accordingly, this Court should deny the Amended Motion.

## FACTUAL BACKGROUND

### A. The Court Expunges the Disallowed DRRT Claims on the Merits

On September 1, 2020, the Reorganized Debtors filed and served their *Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 8964] (the "**Securities Claims Procedures Motion**"). The Reorganized Debtors served the Securities Claims Procedures Motion on DRRT, as well as on every other securities claimant that had filed a securities claim at that time, by mail at the address provided in the proofs of claim. *See* Baer Decl. ¶ 7.

On January 25, 2021, this Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities Claims Procedures Order**"), approving procedures to, among other things, allow the Reorganized Debtors to file merits objections, on an omnibus basis, to certain securities claims (the "**Securities Omnibus Objection Procedures**"). *See* Securities Claims Procedures Order ¶ 7 & Ex. A-3. To date, the Reorganized Debtors have filed nineteen securities claims omnibus objections on a variety of grounds, and this Court has disallowed nearly 1,800 securities claims asserting over $1 billion in liabilities. *See* Dkt. No. 11450 at 1. More than 150 proofs of claim filed by the DRRT Claimants were disallowed and expunged pursuant to eight of the first ten securities omnibus objections. *See* Baer Decl. ¶ 8. Thus, prior to the filing of the Objections at issue, DRRT should have been well aware that the DRRT claims could be subject to future omnibus objections.

The Reorganized Debtors properly filed and served the 11th Securities Omnibus Objection on August 3, 2021, and the 13th Securities Omnibus Objection on August 18, 2021. *See* Baer Decl. ¶¶ 9–12. In both Objections, the Reorganized Debtors sought to disallow and expunge certain debt-based

---

[4] The merits of DRRT's opposition, should the Court allow it to be submitted late, will be addressed in a later objection, likely with the other responses received on the Objections.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

securities claims ("**Debt Claims**") that were barred by the three-year statute of repose applicable to claims arising under Section 11 of the Securities Act of 1933 (the "**Securities Act**") because the underlying securities were issued more than three years prior to the Petition Date. The DRRT Claimants held thirty claims that were subject to the 11th Securities Omnibus Objection and one claim that was subject to the 13th Securities Omnibus Objection. *See* Baer Decl. ¶¶ 9, 11.

As required under section I.F of the Securities Omnibus Objection Procedures, on August 3, 2021, the Reorganized Debtors served the 11th Securities Omnibus Objection by first class mail to the mailing address specified in each proof of claim.[5] *See* Baer Decl. ¶ 10. Although the Reorganized Debtors were only required to serve the Objections by mail, the Reorganized Debtors also sent electronic packages of the Objection Documents to the email address provided in the proofs of claim. *See* Baer Decl. ¶ 10. Likewise, on August 18, 2021, the Reorganized Debtors served the 13th Securities Omnibus Objection by first class mail and email to the addresses specified in each proof of claim. Baer Decl. ¶ 12. Thus, in addition to receiving physical copies of both Objections, DRRT received an email service copy of each Objection at the email address DRRT provided on each of the proofs of claim for the Disallowed DRRT Claims: PPMCLAIMS@DRRT.COM (the "**DRRT Email Address**"). *See* Baer Decl. ¶¶ 10, 12.

DRRT concedes that it received service of both Objections by first-class mail. *See* Moussavou Decl. ¶ 10. Indeed, Prime Clerk LLC ("**Prime Clerk**"), the Reorganized Debtors' claims and noticing agent, confirms that DRRT was properly served by both regular first class mail and email with respect to each of the Objections. *See* Baer Decl. ¶¶ 10, 12. While Mr. Moussavou does not state whether DRRT received service by email, none of the emails served by Prime Clerk between August 3, 2021 and September 24, 2021 were returned as undeliverable. *See* Baer Decl. ¶ 19. It is clear that the DRRT Email Address was a working email; Mr. Moussavou copied DRRT at the DRRT Email Address used by the Reorganized Debtors on the emails that he sent to Prime Clerk and its affiliate, Kroll Settlement Administration LLC ("**KSA**"), between August 3, 2021—when the Reorganized Debtors filed the 11th

---

[5] Each package contained the Objection, its respective notice of hearing, and supporting declarations submitted by Edward J. Radetich, Jr. and Michael A. Keable (together, the "**Objection Documents**"). *See* Baer Decl. ¶¶ 9–12.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Securities Omnibus Objection—and November 18, 2021—when DRRT filed the Initial Motion on November 18, 2021. *See* Baer Decl. ¶ 21.[6]

The notices of hearing for each Objection set hearing dates and alerted DRRT of the respective response deadline for each Objection. *See* RJI, Exs. C & F. Consistent with Local Rule 9014-1(b)(3)(A) and the Securities Omnibus Objection Procedures, the Reorganized Debtors also informed DRRT that:

> Any relief requested in the Omnibus Objection may be granted without a hearing if no opposition or response is timely filed and served in accordance with the Securities Omnibus Objection Procedures. If you fail to file an opposition or response, the Bankruptcy Court may sustain the objection to your Claim and drop the matter from the scheduled hearing without further notice to you.

*See* RJI, Exs. C & F; Securities Claims Procedures Order, Ex. A-3 ¶ I.I.3.

The hearing date for the 11th Securities Omnibus Objection was set for September 14, 2021, with responses due on August 31, 2021. *See* RJI, Ex. C. The hearing date for the 13th Securities Omnibus Objection was set for September 29, 2021, with responses due on September 15, 2021. *See* RJI, Ex. F. While omnibus objections generally need only be served thirty days prior to a hearing under Rule 3007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1(c) of the Northern District of California Bankruptcy Local Rules (the "**Local Rules**"), securities claimants in these Chapter 11 Cases receive **forty-two days' notice** of any hearing on a Securities Omnibus Objection—far more notice than required under any rule. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.F.

The Reorganized Debtors received responses and adjourned the hearings with respect to 58 claims that were subject to the 11th Securities Omnibus Objection and 9 claims that were subject to the 13th Securities Omnibus Objection. *See* Dkt. No. 11210 at 3–5; Dkt. No. 11301 at 3. Interestingly, none of the responses disputed that the statute of repose had run on the Securities Act claims.

The Reorganized Debtors and their advisors did not receive any formal or informal response to the Objections from DRRT or any of the DRRT Claimants prior to the response deadline—whether by formal submission on the docket or informally by calling, e-mailing, or writing the Reorganized Debtors

---

[6] More generally, Prime Clerk and KSA sent or received more than twenty-five emails with Mr. Moussavou and other DRRT representatives on or after August 3, 2021. *See* Baer Decl. ¶ 21. The DRRT Email Address was copied on all but one of these emails, including each of the eight emails sent by Mr. Moussavou. *See id.*

Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119

(or their advisors).  *See* Baer Decl. ¶ 20.  In fact, despite sending eight emails to Prime Clerk and KSA on or after August 3, 2021,[7] neither Mr. Moussavou nor anyone else at DRRT indicated that DRRT intended to oppose the Objections in any way.  *See* Baer Decl. ¶ 21.  On September 9, 2021 and September 24, 2021 (thirty-seven days after service of the respective Objection), this Court granted the Objections on the merits and disallowed and expunged a total of 382 claims, including the thirty-one Disallowed DRRT Claims.  *See* 11th Securities Omnibus Order [Dkt. No. 11216]; 13th Securities Omnibus Order [Dkt. No. 11315].  The Reorganized Debtors served copies of the Orders on DRRT by first class mail and email on September 9, 2021 and September 24, 2021.  *See* Baer Decl. ¶¶ 16, 18.

In order to address the responses to the Objections in a coordinated and efficient manner, on October 12, 2021, the Reorganized Debtors withdrew the Objections, without prejudice, as to the remaining claims that had not been disallowed by the Orders.[8]  In so doing, the Reorganized Debtors expressly did not agree with the responses and instead reserved all rights to, among other things, object to those claims on the same or other bases, "including but not limited to that the applicable statute of repose bars some or all of the claims."  [Dkt. Nos. 11400, 11401].

### B.    DRRT Files Untimely Opposition to the Objections Long After the Court Issued Orders Granting the Objections on the Merits

On September 28, 2021, Prime Clerk, at the direction of the Reorganized Debtors and their counsel, filed and served the *Reorganized Debtors' Fourteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose)* [Dkt. No. 11339] (the "**14th Securities Omnibus Objection**," and together with the Objections, the "**Repose Objections**").  Baer Decl. ¶ 13.  Although not directly at issue here, the DRRT Claimants held twenty-five claims that were subject to the 14th Securities Omnibus Objection.  *See* Baer Decl. ¶ 13.  The Reorganized Debtors served DRRT with the 14th Securities Omnibus Objection at the same mailing and email addresses as the Objections on August 28, 2021.  *See* Baer Decl. ¶ 14.

---

[7] These emails generally related to deficiencies in the trading information that was provided in connection with other claims asserted by the DRRT Claimants.  *See* Baer Decl. ¶ 21.

[8] *See Reorganized Debtors' Report on Resolution of Eleventh Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) With Respect to Certain Claims*, dated October 12, 2021 [Docket No. 11400]; *Reorganized Debtors' Report on Resolution of Thirteenth Securities Claims Omnibus Objection (Claims Barred by the Statute of Repose) With Respect to Certain Claims*, dated October 12, 2021 [Docket No. 11401].

Case: 19-30088    Doc# 11867    Filed: 01/25/22    Entered: 01/25/22 16:47:41    Page 10 of 21

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On October 27, 2021, nearly seven weeks after the Court entered the 11th Securities Omnibus Order and more than a month after the Court entered the 13th Securities Omnibus Objection, DRRT raised opposition to the Objections "for the first time" in response to the 14th Securities Omnibus Objection. *See* RJI, Ex. I. In that opposition, DRRT erroneously asserted that the DRRT Claimants "did not receive effective notice of the Eleventh, Thirteenth, or Fourteenth Securities Claims Omnibus Objections and were unable to lodge their objections until th[at] time." *Id.* at 1. Even though DRRT filed its response one day after the response deadline for the 14th Securities Omnibus Objection, the Reorganized Debtors withdrew the 14th Securities Omnibus Objection ***without prejudice*** with respect to proofs of claim filed by the DRRT Claimants that were subject to that particular objection. *See* RJI, Ex. J at 3–4. The Reorganized Debtors intend to object to those claims, likely together with the other remaining Debt Claims that were subject to the Repose Objections (collectively, the "**Remaining Repose Claims**"), at the appropriate time.

On November 18, 2021, DRRT filed the Initial Motion, but did not notice it for hearing. Once again, DRRT wrongly asserted as the primary basis to obtain relief from the Orders that it "did not receive effective notice of the" Objections. Initial Mot. at 2. Further, the Initial Motion also asserted that the Objections "were not received by DRRT until after the relevant deadline to file a response to the Objections had passed." *Id*.

Over a month later, on December 21, 2021, DRRT filed the Amended Motion, in which DRRT changed its argument. The declaration offered in support of the Amended Motion confirms that DRRT did, in fact, receive proper service of both Objections. *See* Moussavou Decl. ¶ 10. However, as noted above, DRRT now takes the position that claimants should be able to upset final adjudication of their claims because a law firm simply did not open and process its mail in a timely manner.

While the Amended Motion repeatedly states that DRRT did not open and process its regular mail notice of the Objections before the response date, it curiously omits, among other things, when it actually opened the regular mail notice and how long thereafter it waited to file its Initial Motion. The Amended Motion also does not mention whether DRRT opened its email notice of the Objections or how long after opening its email notice it waited before filing the Initial Motion.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**ARGUMENT**

This Court entered the Orders more than four months ago, disallowing and expunging the Disallowed DRRT Claims on the merits. Through the Objections and the supporting declarations, the Reorganized Debtors presented evidence showing that the Disallowed DRRT Claims are "not enforceable" under "applicable law," *see* 11 U.S.C. § 502(b)(1), and the Court issued the Orders after determining "that the legal and factual bases set forth in the [Objections] establish[ed] just cause for the relief sought." *See* 11th Securities Omnibus Order at 2; 13th Securities Omnibus Order at 2; *see also Nations First Cap., LLC v. Decembre (In re Nations First Cap., LLC)*, BAP No. EC-19-1201-GLB, 2020 Bankr. LEXIS 1541, at *16 (B.A.P. 9th Cir. June 5, 2020) ("*Nations I*") ("[D]isallowance of a claim under § 502(b)(1) necessarily requires the court to evaluate the merits of the claim."), *aff'd*, 851 F. App'x 32 (9th Cir. 2021) ("*Nations II*"). The Court "could not have sustained the [Objections] merely because [DRRT] failed to respond." *See Nations I*, 2020 Bankr. LEXIS 1541, at *17. The Court was required to evaluate the evidence "and allow or disallow the claim[s] based on the substance of the claim[s]. This is necessarily a determination on the merits." *See id.* at *17–18 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–02 (2001) ("an 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court.")). The Court should deny DRRT's request to vacate the Orders and reinstate those claims.

Generally, the proper way to initially attempt to reinstate claims that have been disallowed by order of the Bankruptcy Court is for a claimant to file a motion for reconsideration and to demonstrate "cause." *See* 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008; *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). Because DRRT failed to seek relief within the fourteen-day appeal period following entry of the Orders (*see* Fed. R. Bankr. P. 8002(a)), the Amended Motion is "not permitted to revisit the merits of the underlying judgment or argue that the [Bankruptcy Court] committed some legal error in arriving at that judgment." *See Wylie*, 349 B.R. at 209–10 ("[T]he merits of the claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection.").

In other words, in ruling on the Amended Motion, the Court should not consider the merits of the underlying Objections, which are "no longer fair game," and, instead, DRRT is "limited to the narrow

1   grounds enumerated in FRCP 60(b)." *See id.* at 209. Those narrow grounds provide no basis for relief

2   here because (i) DRRT fails to demonstrate "excusable neglect" under Civil Rule 60(b)(1), and (ii) its

3   request for relief under Civil Rule 60(b)(6), which is reserved for "extraordinary circumstances," is

4   meritless. Accordingly, the Amended Motion should be denied in its entirety.

### A. Failure of a Law Firm to Open its Mail Is Not "Excusable" Neglect Under Civil Rule 60(b)(1)

7   Although Civil Rule 60(b)(1) affords four possible avenues for relief, the Amended Motion does

8   not seek to rely on three of them—mistake, inadvertence, and surprise—and is premised exclusively on

9   "excusable neglect." *See generally* Mot.; Fed. R. Civ. P. 60(b)(1). DRRT falls woefully short of carrying

10  its burden. *See In re Contessa Liquidating Co.*, No. 2:11-bk-13454-PC, 2012 WL 2153271, at *5–6

11  (Bankr. C.D. Cal. June 13, 2012) ("The burden of presenting facts demonstrating excusable neglect is

12  on the movant.") (denying reconsideration motion); *see also In re Pac. Gas & Elec. Co.*, 311 B.R. 84,

13  89, 91 (Bankr. N.D. Cal. 2004) (Montali, J.) (creditor failed to discharge its burden of demonstrating

14  "excusable neglect").

15  To determine whether a claimant demonstrates "excusable neglect," the Supreme Court has

16  instructed courts to consider "the danger of prejudice to the debtor, the length of the delay and its

17  potential impact on judicial proceedings, the reason for the delay, including whether it was within the

18  reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*

19  *v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Pac. Gas & Elec.*, 311 B.R. at 89

20  (applying *Pioneer*). None of the four *Pioneer* factors support granting the Amended Motion.

21  The Danger of Prejudice to the Reorganized Debtors and Other Constituents. Reinstating the

22  Disallowed DRRT Claims would substantially prejudice the Reorganized Debtors. As DRRT concedes,

23  and this Court has acknowledged, the Reorganized Debtors are "entitled to finality." Mot. at 5; *see In*

24  *re Pac. Gas & Elec. Co.*, 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) (Montali, J.) (first *Pioneer* factor

25  weighed against reconsideration because debtor was "entitled to finality"). The Reorganized Debtors,

26  creditors, shareholders and other constituents are entitled to rely on the finality of this Court's orders as

27  they assess the Reorganized Debtors' liabilities under their Chapter 11 Plan confirmed by the Bankruptcy

28  Court [Dkt. No. 8053]. *See Contessa*, 2012 WL 2153271, at *6 (permitting untimely response to

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

omnibus objection would be "prejudicial" and "adversely affect [debtor]'s assessment of its liabilities under the confirmed [p]lan"). Simply stated, the Reorganized Debtors' ongoing stakeholders, including the holders of the Reorganized Debtors' securities which trade daily in the public markets, are entitled to rely on the finality and integrity of this Court's orders.

Indeed, finality is particularly important where, as here, there are a number of claimants who also did not file responses to omnibus objections and the granting of the Amended Motion might be used by holders of these other 11,000 general and securities claims to seek similar relief. *See Decker v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co.)*, 219 B.R. 153, 158 (E.D. Va. 1998) (risk of prejudice "would be considerable" because "allowing any of the over 106,000 disallowed claimants to revive a claim" would "open the floodgates to additional claims"). This would force the Reorganized Debtors (and the Court) to exert significant time and resources in litigating (and resolving) such motions and, more importantly, create uncertainty for stakeholders and in the public markets as to whether the Reorganized Debtors will ultimately be exposed to more than $31 billion in asserted liabilities that the Reorganized Debtors and their current stakeholders understand to be finally resolved. *See* Dkt. No. 11450 at 6–7. In the securities context alone, approximately 1,800 claims have been disallowed and expunged, totaling over $1 billion. *See* Dkt. No. 11450 at 1. Indeed, the Reorganized Debtors have repeatedly publicly disclosed that claims expunged through the omnibus objection process are finally resolved.[9] Reinstating the Disallowed DRRT Claims might also allow claimants to wrongly believe they need not comply with the Court's orders or heed its deadlines so long as they can later claim that they simply did not open their mail for one or more reasons (an excuse that any claimant could conceivably make).[10]

---

[9] *See* PG&E Corp. & Pac. Gas & Elec. Co., Quarterly Report (Form 10-Q) at 64 (Nov. 1, 2021) ("[The Reorganized Debtors] have filed in the Bankruptcy Court 16 separate omnibus objections to certain of the Subordinated Claims. The Bankruptcy Court has entered several orders disallowing and expunging Subordinated Claims that were subject to these omnibus objections and several omnibus objections remain pending."); PG&E Corp. & Pac. Gas & Elec. Co., Quarterly Report (Form 10-Q) at 59 (July 29, 2021) ("Beginning on March 17, 2021, pursuant to the Securities Claims Procedures, PG&E Corporation and the Utility have filed in the Bankruptcy Court ten separate omnibus objections to certain of the Subordinated Claims. Between April 26 and July 22, 2021, the Bankruptcy Court entered several orders disallowing and expunging Subordinated Claims that were the subject of the first six omnibus objections.").

[10] The DRRT Claimants' suggestion that the Objections did not comply with the thirty-day notice requirements of the federal and local rules (*see* Mot. at 6, 7 n.2) is plain wrong as a matter of application of the rules and math. The Reorganized Debtors served the Objections by first class mail in accordance

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

In this regard, the excuse offered by DRRT is similar to that of a creditor claiming that it never received notice at all (the "excuse" asserted by DRRT in its Initial Motion), which has been soundly rejected by the Courts: a person cannot claim they did not receive notice – even by an affidavit – and invalidate proper service. *Nations I*, 2020 Bankr. LEXIS 1541, at *13–14 (explaining that "[m]ail that is properly stamped, addressed, and deposited is presumed to be received by the addressee," and that while this presumption can be rebutted "with clear and convincing evidence . . . the movant must provide something more than a declaration alleging non-receipt"). *A fortiori*, a person, especially a large law firm which understands that it will receive notices and other important communications by mail and email, which admits getting notice but simply fails to open mail, cannot and should not be able to avoid the consequences of inexcusable inaction after valid service.

In assessing this first factor, DRRT states that it "appears neutral" and "there does not appear to be any prejudice" because DRRT wrongly asserts that the Orders were entered "by default" and the Reorganized Debtors have not incurred substantial fees. *See* Mot. at 5–6. DRRT's self-serving assessment lacks merit. First, as a preliminary matter, the Orders were judgments on the merits. *See Nations I*, 2020 Bankr. LEXIS 1541, at *16 (disallowance "**necessarily requires** the court to evaluate the merits of the claim"). Indeed, an order disallowing a claim pursuant to an omnibus objection is akin to a judgment on the pleadings. Whether the party submits an opposition to the motion or not, it does not change the merits-based dismissal once the motion is granted. Second, fees are not relevant to the inquiry. To determine prejudice to the non-moving party, the Court must consider the adverse effect that **granting** the Amended Motion would have on the Reorganized Debtors. *See Contessa*, 2012 WL 2153271, at *6 ("[T]he court must examine the adverse effect, if any, that [ ] granting [the] Motion will

---

with the Securities Omnibus Objection Procedures. *See* Baer Decl. ¶¶ 10, 12. And despite the DRRT Claimants' assertion to the contrary, the Securities Omnibus Objection Procedures provide *greater* notice than is required under the Bankruptcy Rules and this Court's Local Rules. *Compare* Securities Omnibus Objection Procedures § I.F. (requiring 28 days' notice of response deadline and 42 days' notice of hearing date), *with* Bankruptcy Rule 3007(a)(1) (requiring 30 days' notice of hearing date) *and* Local Rule 3007-1(a) (modifying Local Rule 9014-1(c) to require 30 days' notice of hearing and 16 days' notice of response deadline). Indeed, the Reorganized Debtors waited until thirty-five days after service of each Objection to request entry of the respective Order, and each of the Orders was entered thirty-seven days after service of the respective Objection. Accordingly, there is no question that the Reorganized Debtors fully complied with all notice requirements under applicable law.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

have on the debtor and the administration of the case."). Lastly, as stated above, the underlying merits of the Omnibus Objection are not at issue on the Amended Motion.[11] *See Wylie*, 349 B.R. at 209–10.

Because granting the Amended Motion would cause substantial prejudice to the Reorganized Debtors, other constituents in these Chapter 11 Cases, and the integrity of the Court process, the first factor weighs heavily against DRRT.

The Length of the Delay. The length of delay here is substantial and, therefore, also weighs in favor of the Reorganized Debtors. Courts measure the length of delay from the date of the missed deadline to the date that movant requested relief under Civil Rule 60(b). *See Souliotes v. City of Modesto*, No. 1:15-CV-00556-LJO-SKO, 2017 U.S. Dist. LEXIS 8326, at \*7–8 (E.D. Cal. Jan. 20, 2017) (finding "the length of delay to be considered in this case should include the time that elapsed following Plaintiff's failure to file an opposition to Defendants' motion to dismiss" and that a 52-day delay was "significant" and "weigh[ed] against granting" relief) (citing *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (finding that a 64-day delay was "substantial" and cut against finding of "excusable neglect")).

DRRT filed its Initial Motion more than two-and-a-half months after the August 31, 2021 deadline to respond to the 11th Securities Omnibus Objection and filed this Amended Motion on December 21, 2021, nearly four months after the August 31, 2021 deadline. Courts in the Ninth Circuit have held that even a two-month delay is "substantial" and supports denying the motion. *See Nations II*, 851 F. App'x at 34 (delay of "roughly two months" was "substantial"); *Harvest*, 531 F.3d at 747 (64-day delay was "substantial," weighing against a finding of "excusable neglect" under Civil Rule 60(b)(1)); *Souliotes*, 2017 U.S. Dist. LEXIS 8326, at \*8 (52-day delay was "significant" and "weigh[ed] against granting" relief). Therefore, the second *Pioneer* factor also weighs heavily against granting relief.

---

[11] The Reorganized Debtors did not "accept" DRRT's untimely opposition to the 14th Securities Omnibus Objection, as DRRT wrongly suggests. Mot. at 6. Nor have the Reorganized Debtors "accepted" any other opposition filed in response to any Repose Objection or otherwise "acknowledged" any supposedly "faulty legal premises" in the Repose Objections. *Id.* at 4. On the contrary, the Reorganized Debtors withdrew the Repose Objections as to claimants that filed timely responses (and even, in some cases, responses before the Court issued Orders). Importantly, the Reorganized Debtors did so while expressly indicating that the withdrawals were "without prejudice" to their rights to seek disallowance of the withdrawn claims on the same (or other) basis in the future. For cost and efficiency purposes for the Debtors and the Court, the Reorganized Debtors intend to address the arguments raised in the responses filed by the Remaining Repose Claims on an omnibus basis at the appropriate time.

The Reason for the Delay. The DRRT Claimants fail to articulate any legitimate reason to justify their delay. Contrary to DRRT's previous representations, it is indisputable that the Reorganized Debtors properly served the Objections on the DRRT Claimants by first class mail on the same days that the Objections were filed. *See* Baer Decl. ¶¶ 9–12. Although not required, the service was also made by email at the email address provided in the proofs of claim filed by DRRT. Proper service is confirmed by the certificates of service (*see* Baer Decl. ¶¶ 10, 12) and creates a presumption under Bankruptcy Rule 9006(e) that the Objections were timely received by the DRRT Claimants. *See Nations I*, 2020 Bankr. LEXIS 1541, at *13–14 ("Mail that is properly stamped, addressed, and deposited is presumed to be received by the addressee." (citing *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991))); *see also Davis v. Belloc (In re Reg'l Care Servs. Corp.)*, BAP No. AZ-16-1213-JuLB, 2017 Bankr. LEXIS 1880, at *17 (B.A.P. 9th Cir. July 5, 2017) (same); *Wylie*, 349 B.R. at 212 (same). Indeed, their own declarant's sworn testimony confirms that "DRRT received notice of the [Objections] *via* regular first class mail." Moussavou Decl. ¶ 10.

Having conceded valid service, DRRT's "excuse" is that a large international law firm that touts itself on its website as sophisticated in, among many other things, bankruptcy matters, simply did not timely open its mail. *See* Moussavou Decl. ¶ 10. DRRT conveniently ignores the fact that the Reorganized Debtors also emailed copies of each of the Objections, as well as the notices of hearing, to DRRT when they were filed. *See* Baer Decl. ¶¶ 9–12; Dkt. Nos. 11030 ¶ 8; 11140 ¶ 4; 11254 ¶ 3; 11363 ¶ 3. None of those emails were returned as undeliverable. *See* Baer Decl. ¶ 19. Moreover, Mr. Moussavou sent KSA eight emails after the 11th Securities Omnibus Objection was served, all of which copied the DRRT Email Address as a recipient. Baer Decl. ¶ 21. Ignoring mail alone is inexcusable. Ignoring emails as well is beyond inexcusable.[12]

Even setting the email service aside, DRRT's purported excuse does not rise to the level of excusable neglect. Of course, DRRT's failure to simply open its mail and review the Objections that it

---

[12] Notably, Courts have recognized that email service alone is sufficient to satisfy due process where the party to be served "rel[ies] on email as a means of communication." *See, e.g.*, *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (service by email was "reasonably calculated to give actual notice" to defendants that "rel[ied] on email as a means of communication"). DRRT cannot claim not to rely on email as a means of communication here given that it provided the DRRT Email Address on each of the proofs of claim at issue.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

admittedly received is, as a general matter, insufficient to rebut the presumption of timely notice or to constitute a valid reason for delay. *See Nations I*, 2020 Bankr. LEXIS 1541, at *14. Such failure is particularly inexcusable in this case: DRRT knew that its claims could be subject to objections in the Bankruptcy Court, and it must have known that such objections would be served by mail (in addition to email), given that DRRT, like all other securities claimants, was served with the Securities Claims Procedures Motion in September 2020, as well as the fact that DRRT had 155 other claims that had been the subject of eight prior omnibus objections. *See* Baer Decl. ¶ 8. Under these circumstances, it is "hard to believe" that DRRT did not adequately monitor its numerous claims. *See Lee v. Field (In re Lee)*, BAP Nos. HI-20-1224-TBK, HI-20-1225-TBK, 2021 WL 1294110, at *4 (B.A.P. 9th Cir. Apr. 7, 2021) (movant's purported excuse "that he was unable to check his post office box and believed he was unable to file documents with the bankruptcy court because of the COVID-19 pandemic" was "hard to believe from a litigant in a hotly-contested bankruptcy case who received timely service of the extension motion by email as well as U.S. mail and . . . had not adequately explained how the pandemic caused a more than four month delay").

DRRT also attempts to justify its delay by painting itself as a bankruptcy novice that "only represents clients in pending bankruptcy cases once every two years." Mot. at 6; *see* Moussavou Decl. ¶ 9. That purported justification is belied by DRRT's own website, which trumpets its experience in "insolvency claims filing," specifically in chapter 11 cases, as one of the firm's "areas of expertise."[13] In these Chapter 11 Cases, scores of *pro se* claimants as well as sophisticated parties, have managed to file timely responses to omnibus objections—all of which also occurred during the COVID-19 pandemic. Further, the fact that DRRT did not receive Notice of Electronic Filing (NEF) from the CM/ECF system is a foreseeable result of DRRT's decision – made by experienced lawyers – not to formally appear in the Chapter 11 Cases. *See* Mot. at 6.

<u>Whether DRRT Acted in Good Faith</u>. DRRT's changing reasons for why the Court should upset a final judgment undermines any assertion of good faith. It is indisputable that DRRT's initial reason for the Court to reinstate its proofs of claim set forth in its Initial Motion was that it did not receive "effective" service by the Reorganized Debtors, with the obvious inference being that notice was not

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

[13] *See* https://drrt.com/areas-of-expertise/institutional-claims-filing/.

1  received.  *See* RJI, Ex. I (DRRT's *Motion for Leave to File Late*, dated October 27, 2021) at 2; Initial

2  Mot. at 2.  This assertion is legally deficient because, as demonstrated above, service was properly

3  provided at the both the physical and email addresses provided by DRRT in its proofs of claim.  In the

4  Amended Motion, the reason shifts: now DRRT claims not that service was ineffective, but that it does

5  not open its mail (or its email) in a timely manner.  *See* Moussavou Decl. ¶ 10.  The shifting of its reasons

6  and DRRT's original baseless suggestions to the Court that it did not receive "effective" service of the

7  Objections (which it now admits is not the case) certainly undermines any basis for a finding of good

8  faith.

9      This attempt to play facile with the Court should not be countenanced.  Even when taken in its

10  best light, DRRT's purported excuse compels the conclusion that DRRT failed to establish reasonable

11  mechanisms to identify and process objections that it reasonably should have known could be filed

12  against the claims asserted by the DRRT Claimants.  *Cf. Pac. Gas & Elec.*, 331 B.R. at 919 (good faith

13  factor weighed in claimant's favor where claimant "ha[d] a mechanism in place to process incoming

14  legal matters and there [wa]s no evidence to suggest that it intentionally disregarded those procedures to

15  lead to the current state of affairs on this dispute").

16      In sum, DRRT cannot establish excusable neglect under *Pioneer*.  Therefore, it is not entitled to

17  relief from the Orders under Civil Rule 60(b)(1).

18  **B.      Reconsideration Under Civil Rule 60(b)(6) is Unwarranted**

19      The DRRT Claimants are not entitled to relief under Civil Rule 60(b)(6).  That provision

20  authorizes Courts to set aside judgments for "any other reason that justifies relief," Fed. R. Civ. P.

21  60(b)(6), but only in rare circumstances where relief is necessary "'to prevent manifest injustice' and

22  'only where extraordinary circumstances prevented a party from taking timely action.'"  *Nations II*, 851

23  F. App'x at 34–35 (collecting cases).  As already demonstrated, these circumstances do not exist here.

24      As an initial matter, DRRT's request for relief under Civil Rule 60(b)(6) fails because it is based

25  on the same allegations as its meritless "excusable neglect" argument.  *See* Mot. at 8.  Civil Rule 60(b)(6)

26  "applies only when the reason for granting relief is not covered by any of the other reasons set forth in

27  Rule 60."  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).  Case law makes clear that DRRT

28  cannot seek relief under Federal Rule 60(b)(6) on the same factual basis for which it seeks relief pursuant

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

to any other subsection of Rule 60(b). *See Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) ("It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule."), *impliedly overruled on other grounds by Gregorian v. Izvestia*, 871 F.2d 1515, 1516 (9th Cir. 1989); *see also Coastal Band of the Chumash Nation v. Native Energy Farms, LLC (In re Native Energy Farms, LLC)*, 745 F. App'x 272, 276 (9th Cir. 2018) (affirming denial of Rule 60(b)(6) motion where movant "brought the same allegations" that it did under the "other Rule 60(b) clauses"). Accordingly, relief under Civil Rule 60(b)(6) is not available here. *See id.*

However, even if the Court were to consider relief under Rule 60(b)(6), DRRT also fails to make the requisite showing under Civil Rule 60(b)(6). To demonstrate entitlement to relief under Civil Rule 60(b)(6), the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Delay*, 475 F.3d at 1044; *see also Smith v. Frank*, No. 92-16103, 1994 U.S. App. LEXIS 1937, at *8 (9th Cir. Jan. 27, 1994) ("Such relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests."). As Courts have recognized, this "catch-all" provision is to be applied "sparingly" and only where the movant demonstrates that it was "faultless" in the delay. *See Nations I*, 2020 Bankr. LEXIS 1541, at *14–15 (citing *Pioneer*, 507 U.S. at 393).

DRRT has not shown and cannot show that its failure to timely file a response was beyond its control. Indeed, the failure to timely open mail *and email* is completely within the control of DRRT, a large International law firm. Courts have expressly held that "counsel's neglect does not qualify as a circumstance beyond [a party's] control." *Smith*, 1994 U.S. App. LEXIS 1937, at *8 (affirming denial of Civil Rule 60(b)(6) motion). The fact that some of DRRT's employees were working remotely "makes no difference." *See In re Keener*, No. 20-60291, 2020 Bankr. LEXIS 2827, at *12 (Bankr. N.D. Ohio Oct. 9, 2020) (denying request for relief under Civil Rule 60(b)(6) where creditor attributed delay to the fact that "employees were working remotely due to the COVID-19 pandemic"). And, of course, working remotely simply cannot overcome DRRT's utter failure to open and review emails. Moreover, there is no reason why DRRT could not have filed a notice of appearance, registered for electronic

notifications, or established procedures and safeguards for timely receiving, processing, and reviewing objections that DRRT reasonably should have anticipated might be filed against claims asserted by the DRRT Claimants.  Therefore, DRRT cannot meet its burden to "show extraordinary circumstances that demonstrate it is faultless in the delay."  *See Nations I*, 2020 Bankr. LEXIS 1541, at \*14–15 (citing *Pioneer*, 507 U.S. at 393).

Finally, DRRT's erroneous suggestion that the Objections were "non-meritorious" is both wrong (as demonstrated above) and not a basis for relief under Civil Rule 60(b)(6).  Indeed, the Ninth Circuit recently held, in a similar case, that a Bankruptcy Court abused its discretion when it vacated its prior claim disallowance order under Civil Rule 60(b)(6) on the grounds that the claimant "had a 'potential meritorious defense' to [the debtor's] claim objection."  *Nations II*, 851 F. App'x at 35.  As the Bankruptcy Appellate Panel properly recognized, and as the Ninth Circuit affirmed:  "[n]either the policy of adjudicating cases on their merits, nor [a party's] potential meritorious claim are sufficient to constitute extraordinary circumstances" under Civil Rule 60(b)(6).  *See Nations I*, 2020 Bankr. LEXIS 1541, at \*15, *aff'd, Nations II*, 851 F. App'x at 34.  Therefore, even if DRRT's arguments had any merit, which they do not, it would be an abuse of discretion to set aside the Orders in the absence of extraordinary circumstances beyond DRRT's control.  *See id.* at \*19 ("[T]he bankruptcy court abused its discretion by finding cause to reconsider the claim disallowance under Civil Rule 60(b)(6).").

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Reorganized Debtors respectfully request that the Court deny the Amended Motion.

Dated:  January 25, 2022

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By:   */s/ Richard W. Slack*
       Richard W. Slack

*Attorneys for the Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119