Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Bankruptcy Counsel for Spiro Jannings

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Reorganized Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088<br>(jointly administered)<br><br>Chapter 11 |

**DECLARATION OF MICHAEL ST. JAMES IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT ORDER**

**(Default Order; Dkt #11829; Sustaining Objection to Claim No. 58462; Dkt # 11388)**

I, Michael St. James, declare under penalty of perjury:

1. I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I am the sole full-time employee of St. James Law, P.C., bankruptcy counsel for Spiro Jannings ("Spiro") with respect to the Objection to his Claim No. 58462 filed by PG&E (the "Objection"); Dkt #11388. I make this Declaration of my own personal knowledge, and if called as a witness, I could and would competently testify as follows:

2. In late October 2021, shortly before the Objection response deadline, Mr. Furstman contacted me to ask if I would act as bankruptcy counsel for Spiro. I reviewed the Objection and responded that I was willing to act solely as Spiro's bankruptcy counsel and was unwilling to address any substantive issues of otherwise applicable law. Mr. Furstman indicated that he was comfortable handling all of the substantive issues associated with Spiro's claim.

3. We agreed that there was inadequate time intelligently to respond to the Objection before the deadline, and I offered to request an extension of time from PG&E. Before doing so, I gave further thought to the substance of the Objection. I noted that it began as a State Court lawsuit raising matters of state law and that the substance of the Objection was entirely matters of state law. I concluded that it was an appropriate case for the Court to abstain from resolving the Objection and to return the dispute to State Court. My thinking on that issue, as subsequently developed, is presented in the Abstention Motion, Dkt #11753.

4. I therefore contacted Jane Kim, PG&E's counsel, requesting an extension of time to respond to the Objection, but principally requesting that PG&E agree that the Court should abstain from the matter in favor of the State Court. Ms. Kim responded by agreeing to an extension of time, ultimately to January 2022 "while we discuss your request with the client." 11768-1, PACER p. 6. While thanking her for the extension, I noted "Obviously, I would prefer to resolve abstention without briefing it, but…" to which she responded "Understood. Will be in touch…" Id, P. 5.

5. Especially respecting procedural matters, it is my practice to request the consent of opposing counsel before seeking relief from the Court. Expecting Ms. Kim wto respond to my request, I did not think further about the matter for some time.

6. In early December, 2021, I noticed that I had received no response to my request and followed up with counsel. She promptly responded on December 7, 2021 that PG&E rejected the request to consent to abstention. Dkt #11768-1, Ex B. I, therefore, undertook to prepare a Motion seeking that relief.

7. I was unable to complete the Abstention Motion prior to December 28, 2021 due to other commitments. (In the interim, I had filed a Chapter 11 case; Case No. 21-41479; and was required to prosecute first-day motions). I sought PG&E's consent to rescheduling such that the Abstention Motion could be heard on the first available PG&E calendar date; February 4, 2022, with the substantive Objection deferred until after the ruling on the Abstention Motion, but PG&E declined. I sought that relief from the Court; Dkt #11768, but the Court, through a Docket Text Order dated December 31, 2021, declined.

8. The Docket Text Order required Spiro's substantive response to be filed by January 4, 2022, with the hearing remaining on January 18, 2022. Believing that Mr. Furstman could not prepare a substantive response within the few days available, I asked PG&E if it would consent to a further extension of time to respond.

9. PG&E indicated that it would consider an extension of a few days to file the response, but that it was unwilling to defer the hearing date from January 18, 2022. Dkt #11806. I thought that remained an inadequate amount of time to prepare a substantive response, but presented the matter to Mr. Furstman. As reflected in his accompanying Declaration, Mr. Furstman required 75 days to prepare a viable response.

10. In retrospect, it seems clear that the approach I took to this issue was in error. Certainly, I should have followed up with PG&E's counsel earlier. Perhaps I should have prepared the Abstention Motion earlier in the expectation that my request for consensual relief would be rejected. Perhaps I should have told Mr. Furstman to prepare a substantive response in the expectation that my effort to return the dispute to State Court would be unsuccessful. I submit that those errors were not, however, reckless or wrongful, the result of "indifference or culpable conduct" or "willfulness or deviousness."

11. Rather, these errors were principally the result of a lack of attention due to an over-active workload and, to a lesser extent, a desire to minimize the legal fees to be incurred by a client of modest means. I ask that the Court characterize my errors as the result of excusable neglect.

12. In proceeding to this juncture, I and Mr. Furstman and Spiro have proceeded in good faith. No one saw a value or benefit in delay, nor was there any other sort of ulterior motive at play: the only hope was that the dispute could be returned to the State Court at a minimum of expense.

13. I understand and assume that Spiro has a meritorious defense to the Objection and that his underlying claim has merit. Losing that claim by default will cause him very substantial prejudice. Conversely, PG&E will suffer no prejudice if required to litigate the Objection and the underlying claim on the merits.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in San Francisco, California on January 26, 2022.

/s/ *Michael St. James* .
Michael St. James