1  **WEIL, GOTSHAL & MANGES LLP**
   Theodore E. Tsekerides (*pro hac vice*)
2  (theodore.tsekerides@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel:   (212) 310-8000
6  Fax:   (212) 310-8007

7  **KELLER BENVENUTTI KIM LLP**
   Tobias S. Keller (#151445)
8  (tkeller@kbkllp.com)
   Peter J. Benvenutti (#60566)
9  (pbenvenutti@kbkllp.com)
   Jane Kim (#298192)
10 (jkim@kbkllp.com)
   650 California Street, Suite 1900
11 San Francisco, CA 94108
   Tel: (415) 496-6723
12 Fax: (650) 636 9251

13 *Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND KEVIN THOMAS** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Kevin Thomas ("**Thomas**," and together with the Reorganized Debtors, the "**Parties**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit Thomas to prosecute a pending lawsuit to liquidate his claims against the Utility. The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On February 28, 2018, Thomas filed in the Superior Court of California, County of Contra Costa (the "**State Court**") a complaint (the "**Complaint**") in which he asserted personal injury claims against the Utility and others. The action initiated by the Complaint is currently pending in the State Court, and is titled *Thomas v. PG&E, et al.*, Case No. C18-00425 (the "**State Court Action**").

C. On April 20, 2018, Alfredo Aquilera ("**Aquilera**"), a defendant in the State Court Action, filed a cross-complaint therein in which he asserted indemnity and contribution claims against the Utility (the "**Cross-Complaint**").

D. On July 23, 2019, Thomas filed Proof of Claim No. 4014 (the "**Proof of Claim**"), on account of the claims asserted in the Complaint.

E. Aquilera did not file a Proof of Claim in the Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

F.  By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

G.  Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

H.  Thomas acknowledges that the claims that are the subject of the Proofs of Claim are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases; and (iii) currently enjoined by the Plan Injunction from prosecution in the State Court Action or any forum other than the Bankruptcy Court.

I.  On April 12, 2021, the Parties attempted to resolve the claims that are the subject of the Proofs of Claim through a mediation pursuant to the Bankruptcy Court's September 25, 2020 *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148]. The mediation was unsuccessful.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1.  Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, to the extent necessary, solely to permit Thomas to liquidate the claims against the Utility asserted in the Proof of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Upon the date of the entry of an order approving this Stipulation, this Stipulation shall be deemed an objection by the Reorganized Debtors to the Proof of Claim, and the Proof of Claim shall be considered a Disputed Claim. The Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) thirty (30) days after either Party files notice in the Bankruptcy Court that a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 3(a) hereof, the Reorganized Debtors further object to the Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

3. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proof of Claim on any grounds not precluded by a final judgment in the State Court Action, or

    b. a waiver by Thomas of his rights to oppose any asserted challenge to the Proof of Claim,

    c. a waiver by any Party of any claim or defense in the State Court Action, or

    d. a waiver by the Reorganized Debtors of any rights with respect to the Cross-Complaint.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: February 3, 2022

KELLER BENVENUTTI KIM LLP

*/s/ David A. Taylor*
David A. Taylor

*Attorneys for Debtors
and Reorganized Debtors*

Dated: February 3, 2022

THE LAW OFFICES OF BRIAN L. LARSEN

Brian Larsen

*Attorneys for Kevin Thomas*