Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for PHILLIP SCHOUBOE, YVETTE HUDLOW AND ZACHARY MCMILLAN

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:* <br><br> PG&E CORPORATION <br><br> -and- <br><br> PACIFIC GAS AND ELECTRIC COMPANY <br>         Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas & Electric <br><br> ■ Affects Both Debtors <br><br> *All papers shall be filed in the Lead Case, No.19-30088 (DM)* <br> _____ | **Case No. 19-30088 (DM)** <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)TO DEEM THE CLAIM OF PHILLIP SCHOUBOE, YVETTE HUDLOW AND ZACHARY MCMILLAN TIMELY FILED** <br><br> Date: March 15, 2022 <br> Time: 10:00 a.m. <br> Place: **To Be Held Telephonically** <br>         United States Bankruptcy Court <br>         Courtroom 17 <br>         450 Golden Gate Avenue <br>         16th Floor <br>         San Francisco, CA <br> Judge: Honorable Dennis Montali <br><br> **Objection Deadline: March 8, 2022** |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Claimants Phillip Schouboe, Yvette Hudlow and Zachary McMillan move for an order expanding time to file Proof of Claim, and allow, Claim Number 108188, that was filed on February 7, 2022, with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed. This motion is

based upon the points and authorities set forth herein and concurrently Filed Notice of Motion, Declarations of Phillip Schouboe, Yvette Hudlow and Zachary McMillan, in addition to any evidence or oral argument presented at the time of hearing on this matter.

## I.

## SUMMARY OF ARGUMENT

Phillip Schouboe, his wife, Yvette Hudlow, and his stepson, Zachary McMillan, suffered damage to their home from the Camp Fire. Ms. Hudlow and Zachary had to evacuate under horrific conditions, while Mr. Schouboe stayed and fought the fire, saving his home and those of neighbors. The family did not file a claim before the deadline. Under the flexible standard for excusable neglect, their claim should be allowed.

Phillip Schouboe, Yvette Hudlow and Zachary McMillan, being misinformed, were unaware of the claim process. See Declarations of Phillip Schoeboe, Yvette Hudlow and Zachary McMillan.

Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, no delay to the judicial administration of this case, and is made in good faith. Rather, to deny this claim would work a severe injustice to the Claimant, which must be considered. *Id.*

## II.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was

extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## FACTUAL BACKGROUND

Phillip Schouboe, Yvette Hudlow and Zachary McMillan, suffered losses to include partial damage to their home, loss of their uninsured belongings and emotional distress as a result of the Camp Fire. Phillip Schouboe and Yvette Hudlow were misinformed about the claim process until recently. Immediately upon discovering this, they retained counsel and have filed filed a claim. *See* Exhibit "A," Claim Number 108188.

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations on approximately 50% of all claims. Allowing the late claim will not delay the proceedings. *See* Declarations of Phillip Schouboe, Yvette Hudlow and Zachary McMillan.

The reason for the delay in filing a claim was that Phillip Schouboe and Yvette Hudlow were simply was misinformed of the process due to misinformation. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZILOG, Inc. v. Corning (In re ZILOG, Inc.* 450 F.3d 996, 1006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Phillip Schouboe, Yvette Hudlow and Zachary McMillan acted in good faith. Their failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533. (This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present).

And, finally, the likelihood of injustice is great, if this claim is not permitted. Phillip Schouboe, Yvette Hudlow and Zachary McMillan are Camp Fire victims whose primary avenue for compensation is through this bankruptcy. This is a factor which was properly considered by the Court in *Pincay, supra,* 389 F.3d at 859.

## V.
## **CONCLUSION**

For all of the above reasons, the motion should be granted, and the claim of Phillip Schouboe, Yvette Hudlow and Zachary McMillan's should be allowed to be deemed timely.

Dated: February 7, 2022.        Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/ Bonnie E. Kane_____
BONNIE E. KANE
Attorneys for PHILLIP SCHOUBOE, YVETTE HUDLOW AND ZACHARY MCMILLAN