**Entered on Docket
February 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:　(212) 310-8000
Fax:　(212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

　　- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

　　　　　Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND KEVIN THOMAS**

The Court having considered the *Stipulation By and Between Reorganized Debtors and Kevin Thomas*, dated February 3, 2022 [Dkt. No. 11903] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Kevin Thomas ("**Thomas**"); and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Upon the date of the entry of this Order, the Plan Injunction shall be modified, to the extent necessary, solely to permit Thomas to liquidate the claims against the Utility asserted in the Proof of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

3. Upon the date of the entry of this Order, the Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Proofs of Claim, and each Proof of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) thirty (30) days after either Party files notice in the Bankruptcy Court that a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 4(a) hereof, the Reorganized Debtors further object to the Proof of Claim on any specific grounds not

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

precluded by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proof of Claim on any grounds not precluded by a final judgment in the State Court Action, or

    b. a waiver by Thomas of his rights to oppose any asserted challenge to any Proof of Claim,

    c. a waiver by any Party of any claim or defense in the State Court Action, or

    d. a waiver by the Reorganized Debtors of any rights with respect to the Cross-Complaint.

5. The Stipulation shall be binding on the Parties and each of their successors in interest.

6. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order or the Stipulation.

APPROVED AS TO FORM AND CONTENT:

Dated: February 4, 2022

THE LAW OFFICES OF BRIAN L. LARSEN

/s/ *Joseph Lee*
Joseph Lee

*Attorneys for Kevin Thomas*

*** END OF ORDER ***