**DRRT**
JARED LAY, Fl. Bar No. 120351*
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Telephone: (305) 760-8025
Facsimile: (786) 235-5005
Email: jlay@drrt.com

* Admitted *Pro Hac Vice*

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditors
DRRT CLAIMANTS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>          Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects Both Debtors<br><br>* All papers shall be filed in Lead Case 19-30088-DM | BK Case No.: 19-30088-DM (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)**<br><br>Date:      February 15, 2022<br>Time:     10:00 a.m.<br>Location: Telephonic / Videoconference<br>Judge:    Honorable Dennis Montali |

BK CASE NO. 19-30088-DM

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 1 of 16

DRRT as the duly appointed claims filing representative for individual claimants Bayerninvest Kapitalverwaltungsgesell Schaft MBH, Credit Suisse Funds AG, Deka Investment GMBH, Giam Generali Insurance Asset Management, Helaba Invest Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Internationale Kapitalanlagegesellschaft MBH, Kaiser Permanente, Metzler Asset Management GMBH, Swiss Reinsurance Company Ltd., UBS Fund Management (Switzerland) AG, UBS Fund Management Luxembourg S.A., MEAG Munich Ergo Kapitalanlagegesellschaft MBH, (collectively, the "DRRT Claimants") hereby submit this reply (the "Reply") in support of the *Motion for Relief From Orders by Default Disallowing and Expunging Proofs of Claims Pursuant to Reorganized Debtors' Eleventh and Thirteenth Securities Claims Omnibus Objections (Claims Barred by the Statute of Repose)* (the "Motion") [Dkt. No. 11734] filed in the above-captioned matter.

This Reply is based upon the supporting Memorandum of Points and Authorities set forth herein, the supporting Declaration of counsel Jared Lay ("Lay Decl."), the supporting Supplemental Request for Judicial Notice ("Supp. RJN") and all exhibits appended thereto, all other pleadings on file herein, and such other and further arguments and authority as may be presented at the hearing on the Motion.

## I. INTRODUCTORY STATEMENT

This Motion requires the Court to resolve a very difficult issue. Specifically, if an omnibus claim objection is based on an incorrect and flawed legal theory, which was procedurally designed to "expunge" by default as many claims as possible from unsuspecting claimants, should Debtor nevertheless be entitled to justify its conduct through the "finality" of an order sustaining the objection (by default) and hide behind the rigors of Federal Rule of Civil Procedure 60(b) when the DRRT Claimants did not receive actual notice of the relief requested until *after* the deadline to file timely opposition, and thereafter, promptly moved for reconsideration within two months of entry of the default order by this Court.

Admittedly, the DRRT Claimants did not file timely opposition to the 11th Omnibus Objection or 13th Omnibus Objection, but in the Motion, provide a legitimate explanation for their slight delay that certainly satisfies the "excusable neglect" standard of Federal Rule of Civil

BK CASE NO. 19-30088-DM
- 1 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 2 of 16

Procedure 60(b)(1). However, given the tenor of its Opposition, it appears that Debtor improperly utilized the claims allowance process to "expunge" (by default) facially valid claims, which raise serious ethical considerations that undermine the integrity of the Bankruptcy Code.

Specifically, the DRRT Claimants asserted claims against Debtor based on the purchase of bond securities on the secondary public market (generally, the New York Stock Exchange), which under the Securities Exchange Act of 1934 (the "Exchange Act"), provides for a five-year statute of repose (28 U.S.C. § 1658(b)(2)). However, in the 11th Omnibus Objection and the 13th Omnibus Objection, Debtor conveniently, albeit incorrectly, asserts that *only* the three-year statute of repose under the Securities Act of 1933 (the "Securities Act") is applicable to all claims, and thereafter, sought and obtained default orders disallowing and expunging the DRRT Claimants' claims based on this flawed legal theory.

More remarkably, Debtor was keenly aware of its flawed legal argument, as multiple claimants filed timely opposition identifying the precise issue. However, instead of withdrawing the entire 11th Omnibus Objection, Debtor elected to proceed by withdrawing its objection *only* with respect to those claimants that filed timely opposition, but elected to proceed with obtaining default orders against all other claimants (including the DRRT Claimants). Further, it appears that Debtor strategically withdrew its objection for all claimants that recognized the flawed three-year statute of repose argument under the Securities Act, to ensure that this Court never heard argument or authored an opinion on the issue, so that Debtor could continue seeking "expungement" of additional claims using this same flawed argument.

Perhaps this conduct is authorized (or allowed) in the Second Circuit, but should be soundly rejected in the Ninth Circuit, as it is wholly inconsistent with the spirit and purpose of the Bankruptcy Code and the claims allowance process. The honest, but unfortunate, debtor is entitled to a fresh start, but not a head start through manipulation of the Bankruptcy Code.

The circumstances and equities of this case warrant that the Court exercise its equitable authority under section 502(j) of the Bankruptcy Code and Federal Rule of Civil Procedure 60(b)(1), (2), and (6) to vacate those portions of the default orders that disallowed and "expunged" (by default) certain claims filed by the DRRT Claimants in the Bankruptcy Case.

BK CASE NO. 19-30088-DM - 2 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 3 of 16

## II. LEGAL ARGUMENT

### A. Merits of the DRRT Claimants' Claims and the Five-Year Statute of Repose

Generally, the Court is not required to adjudicate the actual merits of the DRRT Claimants' claims in the context of reconsideration under section 502(j) of the Bankruptcy Code and Federal Rule of Civil Procedure 60(b). However, understanding the *prima facie* validity of their claims and the flawed legal premise underpinning Debtor's asserted objection is paramount to resolve the merits of the Motion for two primary reasons.

First, to the extent that the DRRT Claimants have legitimate and valid claims, not subject *solely* to the three-year statute of repose under the Securities Act, then reconsideration of their "expunged" claims would not constitute an act of futility, and would also demonstrate that the DRRT Claimants acted in good faith in these proceedings, although there was a slight delay in their Claims Department processing mail as a result of the COVID-19 global pandemic.

Second, to the extent that the three-year statute of repose under the Securities Act is not applicable *solely* to the DRRT Claimants' claims, then the Court can better ascertain the propriety of Debtor's conduct in filing the 11th Omnibus Objection[1] and 13th Omnibus Objection, and seeking "expungement" of claims that are subject to a five-year statute of repose under the Exchange Act, in order to weigh the respective equities between the parties.

Both of these inquiries are highly relevant to determine whether the DRRT Claimants satisfy the "excusable neglect" standard under Federal Rule of Civil Procedure 60(b)(1) and whether the conduct of Debtor provides an alternative basis for relief under Federal Rule of Civil Procedure 60(b)(3). Further, the totality of the circumstances, including prosecuting non-meritorious legal positions, is also highly relevant to determining whether there is "any other reason that justifies relief" under Federal Rule of Civil Procedure 60(b)(6).

As succinctly articulated by the PGIM FI Claimants in their opposition, the 11th Omnibus Objection and 13th Omnibus Objection are both based on a fundamentally flawed premise. (See Docket No. 11168). Specifically, Debtor conveniently asserts that all claims

---

[1] Unless otherwise specified, Capitalized Terms shall have the meaning originally defined in the Motion.

BK CASE NO. 19-30088-DM - 3 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088  Doc# 11911  Filed: 02/08/22  Entered: 02/08/22 20:18:02  Page 4 of 16



1 (including the DRRT Claimants' claims) subject to both omnibus objections are covered *only* by
2 the Securities Act, although the DRRT Claimants asserted claims covered by the Exchange Act
3 based on the open-market purchase of bonds. The DRRT Claimants all filed *Rescission or*
4 *Damage Proofs of Claim* in which they asserted claims under "the securities laws," including the
5 Exchange Act, and not just under the Securities Act. (See Lay Decl. ¶¶ 3-7). Because these
6 Exchange Act claims are governed by a five-year statute of repose, and not the Securities Act's
7 shorter three-year statute of repose, Debtor's attempt to extinguish proofs of claims based on
8 purchases of debt securities offered more than three years prior to the Petition Date fail, as the
9 DRRT Claimants have valid claims under Section 10(b) and Section 20(a) of the Exchange Act,
10 even though they may not have claims under Section 11 and Section 15 of the Securities Act.

11 Claims brought under the Exchange Act are subject to a longer statute of repose than
12 claims brought under the Securities Act. Securities fraud claims under the Exchange Act are
13 subject to a two-year statute of limitations and a five-year statute of repose. See 28 U.S.C.
14 § 1658(b). Violations of the Securities Act are subject to one-year statute of limitations and a
15 three-year statute of repose. See 15 U.S.C. § 77m. For purposes of the claims brought under
16 Section 10(b) and Section 20(a) of the Exchange Act, the five-year statute of repose begins to
17 run when the misrepresentations are made. See Goldberg v. Rome McGuigan, P.C., 2021 WL
18 1570858, at *6-8 (C.D. Cal. Mar. 4, 2021). For purposes of the claims brought under Section 11
19 and Section 15 of the Securities Act, the three-year statute of repose begins to run when the
20 securities are offered. See 15 U.S.C. § 77m.

21 The 11th Omnibus Objection and 13th Omnibus Objection incorrectly presupposes that
22 all purchases of PG&E debt securities are subject to the Securities Act's three-year statute of
23 repose, rather than the Exchange Act's five-year statute of repose. However, the DRRT
24 Claimants did not limit their proofs of claim to Securities Act claims. (See Lay Decl. ¶¶ 3-7).
25 In completing the *Recission or Damage Proof of Claim* Form, the DRRT Claimants expressly
26 stated that they were asserting claims "under the securities laws," including the Exchange Act,
27 and not just under the Securities Act. (Id.). Thus, it is clear that Debtor's strained interpretation
28 of the DRRT Claims does not withstand scrutiny.

BK CASE NO. 19-30088-DM — 4 —

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 5 of 16

Moreover, in the *Third Amended Complaint* ("TAC"), the Public Employees Retirement Association of New Mexico ("PERA") asserted Exchange Act claims on behalf of all purchasers of PG&E publicly traded securities during the period from April 29, 2015 through November 15, 20 2018. (See Docket No. 11169, Bodnar Decl. Ex. J ¶ 11). The inquiry for determining the scope of a class action begins with the definition of the class in the complaint. See Fir Tree Cap. Opportunity Master Fund, LP v. Am. Realty Cap. Props., Inc., 2017 WL 1080880, at *3 (S.D.N.Y. Dec. 14, 2017); In re Issuer Plaintiff IPO Antitrust Litig., 2002 WL 31132906, at *3 (S.D.N.Y. Sept. 25, 2002) (holding that class definition in class action complaint "is the ultimate determinant" of whether plaintiffs were members of class). That is because the "class complaint 'notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.'" Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353 (1983) (*quoting* Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 555 (1974)).

There can be no doubt that PERA's definition of the class of Exchange Act claimants in the TAC encompasses debt securities as well as common stock. The class definition for the Exchange Act claims asserted in the TAC was as follows: "This is a federal securities class action brought pursuant to the Securities Exchange Act of 1934 (the 'Exchange Act') on behalf of a class of all persons and entities who, during the period from April 29, 2015 through November 15, 2018, inclusive (the 'Class Period'), purchased or otherwise acquired publicly traded PG&E securities and were damaged thereby." (See Docket No. 11169, Bodnar Decl. Ex. J ¶ 11).

Further, publicly traded PG&E securities are not limited to the common stock of PG&E. The Exchange Act defines the term "security" to include instruments other than common stock. Specifically, the Exchange Act's definition of "security" includes all forms of debt securities: "The term 'security' means any note, stock, treasury stock, security future, security-based swap, ***bond***, ***debenture*** . . . ." 15 U.S.C. § 78c(a)(10) (emphasis added). And PG&E bonds and notes, like its stock, were publicly traded, including on the NYSE. (See Docket No. 11169, Bodnar Decl. Ex. J ¶ 688; see also id. Ex. F). As such, Debtor's assertion that the class brought only

- 5 -

BK CASE NO. 19-30088-DM

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 6 of 16

Securities Act claims, and not Exchange Act claims, on behalf of purchasers of PG&E debt securities is specious and misleading.

If there were any doubt that PERA asserted Exchange Act claims on behalf of purchasers of PG&E debt securities – and there is not – that doubt is removed by a review of PERA's own trading data. PERA certified that its Exchange Act claims were based on its purchases of various PG&E debt securities as well as PG&E common stock. (See Docket No. 11169, Bodnar Decl. Exs. C-D (certifying purchases of PG&E stock and three different PG&E bonds); id. Ex. E ¶ 16 (incorporating by reference purchases from PERA Lead Plaintiff Certification); id. Ex. H ¶ 31 (same); id. Ex. K (certifying purchases of PG&E stock and seven different PG&E bonds).) Thus, even if there were ambiguity in the class definition of the Exchange Act claims class – which there is not – the Lead Plaintiff appointed by the District Court unambiguously asserted Exchange Act claims with respect to debt securities.

Debtor's erroneous position that the Securities Act statute of repose applies to all PG&E debt claims is based on a mischaracterization of the TAC, and ignores entirely the language of the *Recission or Damage Proof of Claim* Form. Like the *Consolidated Class Action Complaint in District Court* ("CCAC") and the *Second Amended Complaint* ("SAC"), the TAC asserted Exchange Act claims on behalf of purchasers of all PG&E securities, including debt securities. (See Docket No. 11169, Bodnar Decl. Ex. J ¶¶ 11, 41; id. Ex. K). Although the TAC also included a subclass of bondholders who asserted claims under the Securities Act based on purchases of PG&E senior notes traceable to one of the Section 11 Note Offerings (id. Ex. J ¶ 687), it did not erase the Exchange Act claims for all publicly traded PG&E debt securities. Under the TAC, purchasers of publicly traded PG&E debt securities between April 29, 2015 and November 15, 2018 have Exchange Act claims, and a subclass of those purchasers – those who purchased PG&E debt securities traceable to the Section 11 Note Offerings – have ***both*** Exchange Act claims and Securities Act claims.

The only purported support that Debtor cites for its misguided position is statements made by PERA in a brief submitted to this Court, a statement made by PERA's counsel in a hearing before this Court, and a motion to dismiss filed in the class action (Docket No. 11014 at

BK CASE NO. 19-30088-DM

- 6 -

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 7 of 16

6-7). Debtor's reliance on these documents is misplaced because they have no bearing on what claims were pled in the TAC. The only source for that information is the TAC itself, which, as explained above, unambiguously asserts Exchange Act claims on behalf of purchasers of PG&E debt securities. See In re Issuer Plaintiff IPO Antitrust Litig., 2002 WL 31132906, at *3 ("[T]he complaint itself is the ultimate determinant of the putative class …"). Moreover, what PERA has stated in the Chapter 11 Cases has no bearing on the scope of the DRRT Claimants' claims as set forth in their individual *Recission or Damage Proof of Claim* Forms.

In any event, Debtor mischaracterizes the documents on which it relies. The litigation document it cites is a motion to dismiss only the subclass of Securities Act claims, not PERA's Exchange Act claims, so of course it refers only to the Securities Act. (Sec. Litig. Docket No. 155). Likewise, the statement in PERA's brief in opposition to the First Securities Omnibus Objection refers only to the Securities Act subclass; it is not a reference to PERA's Exchange Act claims [Dkt. No. 10524], at 4 ("Reorganized Debtors acknowledge that there are claims other than those under Section 10(b), including claims under the Securities Act (and its Section 11 cause of action for certain debt securities), arising out of Debtor's materially false and misleading statements made in registration statements and other offering documents." (emphasis added)). So too with the cited portion of the hearing transcript – counsel was merely describing the Securities Act Plaintiffs. None of these statements undermines the class definition for the Exchange Act claims set forth in the TAC, and Debtor's attempt to distort that definition fails.

Based on the foregoing, there is no legitimate dispute that each of the DRRT Claimants asserted valid claims under the Exchange Act, which provides for a five-year statute of repose pursuant to 28 U.S.C. § 1658(b), that did not expire prior to the Petition Date. As such, it is disingenuous for Debtor to seek "expungement" of these claims in the 11th Omnibus Objection and 13th Omnibus Objection through the inapplicable and legally flawed use of the three-year statute of repose pursuant to 15 U.S.C. § 77m of the Securities Act.

**B.    Federal Rule of Civil Procedure 60(b) Considerations**

In the Motion, the DRRT Claimants sought reconsideration of their "expunged" claims pursuant to Federal Rule of Civil Procedure 60(b), and given the incredible circumstances,



mistakenly believed that Debtor would acquiesce to their request, because Debtor previously withdrew its objection in the 14th Omnibus Objection upon submission of opposition from DRRT identifying the exact same legal arguments set forth in Section II.A. above.

Remarkably, however, instead of acknowledging its questionable conduct and the validity of the DRRT Claimants' claims, Debtor doubled-down and elected to proceed by filing a 17-page opposition brief, chock-full of hyperbole and conjecture, in a contrived attempt to justify entry of "final" orders based on a flawed legal theory. As such, it is appropriate to provide the Court with the entire framework for seeking reallowance of a previously disallowed claim under the Bankruptcy Code, so that appropriate remedial action can be taken.

"A claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Federal Rule of Bankruptcy Procedure 3008 implements section 502(j), which provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008. However, Federal Rule of Bankruptcy Procedure 3008 is silent as to the standard applicable to a motion seeking to reconsider the allowance or disallowance of claims. See In re Wylie, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).

When a motion is filed pursuant to Federal Rule of Bankruptcy Rule 3008 within the 10-day [now 14-day] period to appeal the original order allowing or disallowing the claim, the motion is analogous to a motion for a new trial or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 as incorporated by Federal Rule of Bankruptcy Procedure 9023. See id. (citing Abraham v. Aguilar (In re Aguilar), 861 F.2d 873, 874-75 (5th Cir. 1988)).

However, when reconsideration under Federal Rule of Bankruptcy Procedure 3008 is sought after the 10-day [now 14-day] appeal period has expired, the motion is subject to the constraints of Federal Rule of Civil Procedure 60(b) as incorporated by Federal Rule of Bankruptcy Procedure 9024. In re Aguilar, 861 F.2d at 874–75; S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.), 106 B.R. 628, 630 (9th Cir. BAP 1989).

"While [Federal Rule of Bankruptcy Procedure] 3008 permits an order disallowing a claim to be reconsidered, the merits of the claim objection are no longer fair game *unless* the



- 8 -

BK CASE NO. 19-30088-DM

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 9 of 16

claimant first establishes a good excuse, cognizable under [Federal Rule of Civil Procedure] 60(b), for its failure to timely contest the objection." <u>Wylie</u>, 349 B.R. at 210 (emphasis added).

Here, as set forth in the Motion and the supporting Declaration of Jonathan Moussavou, the DRRT Claimants failed to file timely opposition to the 11th Omnibus Objection and 13th Omnibus Objection primarily because of a significant reduction in support staff (approximately 50.00%) in the Claims Department working in DRRT's office, as a result of the COVID-19 global pandemic and work-place restrictions, which caused delays in opening and processing mail. Further, as set forth in detail in Section II.A. above and Section II.B.2. below, there are serious questions regarding the propriety of Debtor's conduct in these proceedings.

As such, it is appropriate for the Court to consider the merits of the 11th Omnibus Objection and 13th Omnibus Objection, as set forth in detail in Section II.A. above, because the DRRT Claimants can demonstrate good cause under Federal Rule of Civil Procedure 60(b), and this inquiry is highly relevant to weighing the equities and resolving the Motion.

### 1. Federal Rule of Civil Procedure 60(b)(1) – DRRT's Excusable Neglect

As set forth in detail in the Motion, the test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including the following four: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. <u>Id.</u> at 395; <u>Pincay v. Andrews</u>, 389 F.3d 853, 855 (9th Cir. 2004).

In the Motion, the DRRT Claimants demonstrated their entitlement to relief under the "excusable neglect" standard, and for judicial economy, will not rehash those argument again. However, in the Opposition brief, there are two primary assertions that warrant a response.

<u>First</u>, Debtor goes to great length to demonstrate that the DRRT Claimants received electronic (email) service of the 11th Omnibus Objection and 13th Omnibus Objection. (<u>See</u> Docket No. 11867, 17:14-22). However, consistent with its flawed legal argument unpinning

BK CASE NO. 19-30088-DM

- 9 -

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 10 of 16

the 11th Omnibus Objection and 13th Omnibus Objection, Debtor conveniently ignores that electronic service (*via* standard email) is procedurally improper for claim objections. See Fed. R. Bankr. P. 3007 ("[t]he objection and notice shall be served on a claimant *by first-class mail* to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated") (emphasis added).

At the time of filing the 11th Omnibus Objection and 13th Omnibus Objection, the DRRT Claimants did not have an attorney that made an appearance in the Bankruptcy Case, and as such, did not receive *Notice of Electronic Filing* (NEF) from the Court's CM/ECF Electronic Case Filing system pursuant to Bankruptcy Local Rule 5005-1. See CM/ECF *generally*. Further, the email address set forth on the *Proof of Claims* filed by the DRRT Claimants, arguably only for notice purposes pursuant to Federal Rule of Bankruptcy Procedure 2002, did not forward to any attorney within the DRRT law firm. (See Lay Decl. ¶ 8).

As such, since Federal Rule of Bankruptcy Procedure 3007 does not authorize electronic service of a claim objection for non-CM/ECF registered participants, Debtor's reliance on the courtesy email sent by Prime Clerk is merely a red herring and not legally relevant.

Second, in assessing the potential prejudice in setting aside the Order re 11th Omnibus Objection and Order re 13th Omnibus Objection, Debtor employs a "sky-is-falling" defense to manufacture prejudice. (See Docket No. 11867, 13:21-16:5). However, Debtor's analysis conveniently takes a macro-view of public markets in general to justify its conduct, although no admissible evidence supports these assertions, and fails to identify any *actual* prejudice (or harm) to Debtor or the bankruptcy estate or any *actual* delay in implementation of the Confirmed Plan of Reorganization if the Motion is granted. (See Docket No. 11867).

As this Court is well aware, this Bankruptcy Case, and the related claims allowance process for the numerous classes of claimants, is extremely complex and it is simply not accurate for Debtor to assert that it (or the estate) will suffer any *actual* prejudice if the "expunged" claims of the DRRT Claimants are reallowed by the Motion filed less than two months after entry of the Order re 11th Omnibus Objection and Order re 13th Omnibus Objection.

"In the Ninth Circuit 'excusable neglect' is construed liberally under Fed. R. Civ. P.



60(b)." In re Pac. Gas & Elec. Co., 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) (*quoting* Fasson v. Magouirk (In re Magouirk), 693 F.2d 948 (9th Cir. 1982)). Further, when considering the relevant factors for purposes of Federal Rule of Civil Procedure 60(b)(1), "[b]alancing these factors is not a mathematical test, and the court is not obligated to give equal weight to them. Rather, it is to balance the factors together and to determine whether the neglect should be excused." Id. at 919. As set forth in detail in the Motion and this Reply, and under the totality of the circumstances, the neglect of the DRRT Claimants should be excused.

### 2. Federal Rule of Civil Procedure 60(b)(3) – Debtor's Misconduct

Pursuant to Federal Rule of Civil Procedure 60(b)(3), the court may grant relief from an order or judgment on the grounds of "fraud ... misrepresentation, or other misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Federal Rule of Civil Procedure 60(b)(3), "the moving party must prove by clear and convincing evidence that the [order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). "Rule 60(b)(3) 'is aimed at judgments which are unfairly obtained, not at those which are factually incorrect.'" Id. (*quoting* In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)).

Assuming *argumentum* that the Court is not inclined to invoke its equitable power under Federal Rule of Civil Procedure 60(b)(1) and relieve the DRRT Claimants from their "excusable neglect" in failing to file timely opposition to the 11th Omnibus Objection and 13th Omnibus Objection, then the Court should closely examine Debtor's conduct in filing these objections, as there are significant concerns with the propriety of these objections.

First, in a conclusory manner, the 11th Omnibus Objection and 13th Omnibus Objection both assert that *all* claims are "exclusively" subject to the three-year statute of response under the Security Act, but fails to provide any disclosure regarding the Exchange Act sub-class in the TAC, and fails to provide any disclosure (or discussion) regarding the five-year statute of repose under the Exchange Act, which is applicable to most (if not all) claims subject to the objection. As set forth in Section II.A. above, there is no legitimate dispute that the DRRT Claimants'

BK CASE NO. 19-30088-DM - 11 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 12 of 16

claim are subject to the five-year statute of repose under the Exchange Act, and not the three-year statute of repose under the Securities Act, and Debtor's complete lack of candor to this Court articulating this issue raises serious ethical concerns.

<u>Second</u>, the PGIM FI Claimants (and others) filed timely opposition to the 11th Omnibus Objection and clearly articulated the exact legal arguments set forth in Section II.A. above identifying the flawed legal premises underpinning the objection. (<u>See</u> Docket Nos. 11168, 11170). Remarkably, however, instead of withdrawing the entire 11th Omnibus Objection, or at a minimum, disclosing to this Court the questionable merits of the objection with respect to claims asserted under the Exchange Act, Debtor elected to simply withdraw its objection *only* with respect to those claimants that filed a timely objection, and thereafter sought default "expungement" of all other claimants that failed to file timely opposition. (<u>See</u> Docket Nos. 11210, 11301).

Further, and more troubling, once Debtor was keenly aware of the flawed legal premise underpinning the 11th Omnibus Objection based on the objection filed by the PGIM FI Claimants (and others), instead of amending subsequent omnibus objections to disclosure to this Court the different statute of repose deadlines under the Securities Act (three years) compared to the Exchange Act (five years), which clearly affect the merits of claims subject to the objection, Debtor elected to use the exact same form-objection for the 13th Omnibus Objection. <u>Compare</u> Docket No. 11014 *with* Docket No. 11085.

<u>Third</u>, although the 11th Omnibus Objection and 13th Omnibus Objection solely reference the three-year statute of repose under the Securities Act, remarkably, Paragraph 1 of both default orders provide that "[t]he claims listed in the column headed "Claims to be Disallowed/Expunged" in **Exhibit A** hereto are disallowed and expunged." (<u>See</u> Docket Nos. 11216, 11315, ¶ 1). Curiously, although the scope of both orders should have been limited to disallowance of only those claims subject to the three-year statute of repose under the Securities Act, Debtor sought and obtained the extraordinary relief of "expunging" all claims subject to the objection, a term of art not defined in the Bankruptcy Code, notwithstanding that the applicable statute of repose was five years under the Exchange Act. (<u>Id.</u>).

BK CASE NO. 19-30088-DM - 12 -

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 13 of 16

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Once the PGIM FI Claimants filed their objection to the 11th Omnibus Objection, at a minimum, Debtor had a duty of candor to this Court to fully disclose the distinction between the three-year statute of repose under the Securities Act and the five-year statute of repose under the Exchange Act, so that this Court could make an informed decision regarding the merits of the objections. Further, without this Court making a specific finding that the five-year statute of repose under the Exchange Act was *not* applicable to any claims subject to the 11th Omnibus Objection or 13th Omnibus Objection, Debtor had an ethical obligation to limit the scope of any default order to "expunge" only those claims subject to the three-year statute of repose under the Securities Act, as Debtor was keenly aware that its proposed form of order impermissibly disallowed and expunged claims (such as the DRRT Claimants' claims) without any legal basis.

Based on the foregoing, there was a clear pattern of conduct in which Debtor was less than truthful with this Court regarding the legal merits of its objections and the extent of relief that Debtor was entitled. As such, the totality of the circumstances unquestionably demonstrate that Debtor unfairly procured the Order re 11th Omnibus Objection and Order re 13th Omnibus Objection, which this Court should set aside, at least with respect to claims of the DRRT Claimants. See De Saracho, 206 F.3d at 880 ("Rule 60(b)(3) 'is aimed at *judgments which are unfairly obtained*, not at those which are factually incorrect.'") (emphasis added).

### C. Practical Solution – Adjudicate the Sole Legal Issue on the Merits

The Ninth Circuit has recognized that as a general matter, Federal Rule of Civil Procedure 60(b) is "remedial in nature and ... must be liberally applied." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (*per curiam*). More specifically, in applying the general terms of Federal Rule of Civil Procedure 60(b) to default judgments, the Ninth Circuit has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. "Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff, 532 U.S. 141 (2001)).


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com
BK CASE NO. 19-30088-DM

- 13 -

REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 14 of 16

Here, although Debtor steadfastly asserts that the 11th Omnibus Objection and 13th Omnibus Objection were actually decided on the merits, such a characterization is simply not accurate because Debtor strategically withdrew objections to all claims in which claimants timely filed meritorious opposition (including withdrawing its objection to Exchange Act claims filed by DRRT that were included in the 14th Omnibus Objection upon submission of opposition from DRRT), because Debtor elected to use a "scream-or-die" procedure for these objections, because the Court never held an actual hearing on these objections, and because the Court never issued findings of fact, conclusions of law, or a written memorandum with respect to these objections. As such, the Order re 11th Omnibus Objection and Order re 13th Omnibus Objection are more closely akin to default orders, as there was considerable less scrutiny (if any) on the actual merits of the objection and the expansive scope of relief sought.

Given the default nature of these proceedings, there is a practicable solution that will allow this Court to better ascertain the equities for reconsideration of the DRRT Claimants' "expunged" claims. Specifically, given there is no legitimate dispute that the claims of the DRRT Claimants subject to the 11th Omnibus Objection and 13th Omnibus Objection were based on securities (bonds) purchased on the secondary public market (see Lay Decl. ¶¶ 3-7), the sole issue for this Court to adjudicate is whether the three-year statute of repose (under the Security Act) or the five-year statue of repose (under the Exchange Act) constitutes an affirmative defense to allowance of these claims.

As such, fundamental fairness and equitable considerations strongly suggest that the Court should resolve this sole legal question on the merits by: (a) setting a briefing schedule on the applicable statute of repose; and (b) continuing the hearing on the Motion to the date set for argument (if necessary) on the applicable statute of repose.

This practical solution will allow the Court to determine, among other things, whether the DRRT Claimants have meritorious claims and whether Debtor acted in good faith to "expunge" the DRRT Claimants' claims in the 11th Omnibus Objection and 13th Omnibus Objection. To the extent that the DRRT Claimants have meritorious claims, not subject to the three-year statute of repose under the Securities Act, then as set forth in detail in Section II.B.2.

BK CASE NO. 19-30088-DM
- 14 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 15 of 16

above, there are serious and legitimate concerns regarding the propriety of Debtor's conduct.

Further, to the extent that Debtor declines the DRRT Claimants' invitation for this Court to adjudicate the *actual* merits of their claims, then such reluctant would be telling, as there is no legitimate basis under the Bankruptcy Code to seek disallowance of *prima facie* valid and allowed claims (by default) through reliance on a flawed legal premise. Congress did not create the claims allowance process for the type of gamesmanship exhibited by Debtor, and this Court should soundly reject this conduct and simply adjudicate allowance of the DRRT Claimants' claims on the merits.

### III. CONCLUSION

Based on the foregoing, the DRRT Claimants respectfully request that the Court enter an order granting the Motion in its entirety, vacating those portions of the Order re 11th Omnibus Objection and the Order re 13th Omnibus Objection that disallowed and expunged (by default) certain claims filed by the DRRT Claimants in the Bankruptcy Case, and for such other and further relief that is just and appropriate under the circumstances.

Dated: February 8, 2022

**DRRT**

By: /s/ JARED LAY
    Jared Lay, Esq.
    Attorneys for Creditors
    DRRT CLAIMANTS

Dated: February 8, 2022

**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer, Esq.
    Attorneys for Creditors
    DRRT CLAIMANTS

BK CASE NO. 19-30088-DM - 15 -
REPLY IN SUPPORT OF AMENDED MOTION FOR RELIEF FROM ORDERS BY DEFAULT DISALLOWING AND EXPUNGING PROOFS OF CLAIMS PURSUANT TO REORGANIZED DEBTORS' ELEVENTH AND THIRTEENTH SECURITIES CLAIMS OMNIBUS OBJECTIONS (CLAIMS BARRED BY THE STATUTE OF REPOSE)

Case: 19-30088    Doc# 11911    Filed: 02/08/22    Entered: 02/08/22 20:18:02    Page 16 of 16