WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DECLARATION OF JUSTIN R. HUGHES IN SUPPORT OF REORGANIZED DEBTORS' TWENTIETH SECURITIES CLAIMS OMNIBUS OBJECTION (DUPLICATE CLAIMS)** <br><br> **Response Deadline:** <br> March 15, 2022, 4:00 p.m. (PT) <br><br> **Hearing Information If Timely Response Made:** <br> Date:  March 29, 2022 <br> Time:  10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br>        United States Bankruptcy Court <br>        Courtroom 17, 16th Floor <br>        San Francisco, CA 94102 |

I, Justin R. Hughes, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Director of Kroll Settlement Administration LLC ("**KSA**"), an affiliate of Prime Clerk LLC ("**Prime Clerk**"). KSA's main office is located in Philadelphia, Pennsylvania.

2. I am providing this Declaration in support of the *Reorganized Debtors' Twentieth Securities Claims Omnibus Objection (Duplicate Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**," as applicable).

3. I have extensive experience and expertise in all aspects of claims administration, including direct notice, paper and electronic publication, nominee outreach, website design, claimant communication, claims intake and processing, distribution of payments, and tax reporting. I have led the administration of securities class action settlements since 2003, and have personally managed hundreds of securities class action matters. Our team has administered more than 3,000 matters involving securities fraud, antitrust, consumer, employment and labor, and government enforcement actions. Our team has handled all aspects of claims administration in many noteworthy securities class action settlements in recent years, including *In re Bank of America Corporation Securities Litigation*, No. 11-CV-00733-WHP (S.D.N.Y); *In re Longwei Petroleum Investment Holding Limited Securities Litigation*, No. 13 Civ. 214 (RMB) (S.D.N.Y); and *In re The Bank of New York Mellon ADR FX Litigation*, No. 1:16-cv-00212 (S.D.N.Y). A detailed description of my experience and qualifications is attached hereto as **Exhibit A**.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other employees working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel and the Reorganized Debtors' various advisors and counsel, and my review of relevant documents and information. If called upon to testify, I

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Reorganized Debtors.

**Identification of Claims Subject to the Omnibus Objection**

5. KSA has been asked by the Reorganized Debtors and their counsel to assist with reviewing and analyzing the claims based on the purchase or acquisition of PG&E securities filed in the Chapter 11 Cases, including identifying claims to be included in the Omnibus Objection. In furtherance thereof, our team has established and reviewed a database (the "**Database**") for these claims. The Database contains information extracted from proofs of claim or submitted by claimants via an online portal and/or other means.

6. Based on our review of information in the Database, we have identified certain proofs of claim that duplicate others submitted in the Chapter 11 Cases (the "**Duplicate Claims**"). The Duplicate Claims, and the respective proofs of claim they duplicate (the "**Surviving Claims**"), are identified on **Exhibit 1**, in the columns headed "Claim to be Disallowed and Expunged" and "Surviving Claim," respectively. Each Duplicate Claim that is the subject of the Omnibus Objection has a Surviving Claim. Specifically, we reviewed each of the Duplicate Claims and determined that each Duplicate Claim is identical to a later-filed proof of claim with respect to the claimant and claim amount. In addition, we confirmed that each transaction that is the subject of a Duplicate Claim is identical to the transaction that is the subject of the Surviving Claim in terms of the (a) type of the trade, *i.e.*, a purchase, sale, or etc.; (b) Committee on Uniform Securities Identification Procedures ("**CUSIP**") number of the security traded; and (c) quantity of the security traded. In a small number of proofs of claim, there were minor discrepancies in certain underlying transactions such as the (a) date of the trade; (b) price of the security traded; and/or (c) dollar amount of the trade. None of these minor discrepancies altered the fact that the proofs of claim were made by the same claimant based on the same quantity of the same securities, such that the total amount claimed in both proofs of claim was identical.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed February 15, 2022 in California.

*/s/ Justin R. Hughes*
Justin R. Hughes
Senior Director