DOW W. PATTEN (135931)
Forthright Law, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111-4612
Telephone (415) 228-6848
Facsimile (415) 228-6878

Attorneys for
ANGELA RAMIREZ

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA,**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re PG&E CORPORATION & PACIFIC GAS & ELECTRIC COMPANY, Debtors | **Bankruptcy Case No. 19-30088-DM**<br><br>Chapter 11<br>Lead Case, Jointly Administered |
| ANGELA RAMIREZ, Creditor and Moving Party v. PACIFIC GAS & ELECTRIC COMPANY Debtor & Responding Party | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Response Deadline:<br>March 1, 2022, 4:00 p.m. (PT)<br><br>Hearing Information If Timely Response Made:<br>Date: March 15, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only) |
| [ ] Affects PG&E Corporation<br>[x] Affects Pacific Gas and Electric Company<br>[ ] Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Dept: Courtroom 17, 16th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |

## I. INTRODUCTION AND SUMMARY OF FACTUAL BACKGROUND.

Moving party and creditor ANGELA RAMIREZ began working for PG&E on November 17, 2015, when she began as a Contract Specialist, Electric Transmission (ET) Contract Management. On May 10, 2019, RAMIREZ was passed over for promotion in favor of her less-qualified male caucasian counterpart.

On May 10, 2019 PG&E Sourcing Operations Electric Transmission (ET) Portfolio Manager Richard Cordova sent out an all Sourcing Operations email announcement notifying all sourcing operations team members of some internal promotions, including one for RAMIREZ's direct ET Sourcing Specialist team member, a caucasian male.

The only other two ET team members that report directly to ET Supervisor Janetta Tarter are RAMIREZ and one other Latina female, both of whom were passed over for the promotion. RAMIREZ was passed over for promotion even though her Supervisor told her in her first quarter "performance check-in conversation" that RAMIREZ was on the path to be promoted to Senior. Defendant gave RAMIREZ no explanation either before or after the promotions were announced as to why she was passed over for promotion.

The Senior vacancy that was filled in the May 10, 2019 promotion was not an open job posting available to all internal candidates, and was not subjected to a formal application process. Defendants made no effort to clearly state the requirements for RAMIREZ to obtain promotion, other than ambiguous statements about taking on additional duties that RAMIREZ was already performing.

The tasks RAMIREZ performed were nearly identical those performed RAMIREZ's caucasian male team mate who was promoted on May 10, 2019. RAMIREZ performed additional Senior-level tasks that her male caucasian counterpart has still not performed at all

and RAMIREZ performed some of the Senior-level tasks prior to her caucasian male counterpart performing such tasks. RAMIREZ even trained her caucasian male counterpart on several of the Senior-level tasks, and has been a regular resource and subject matter expert in sourcing operations functions and information to him prior to him being promoted. RAMIREZ has been denied equal pay, has been discriminated against because of her race and gender.

RAMIREZ has also been retaliated against for filing hotline complaints alleging conduct unlawful under the FEHA, and for attempting to resolve race and gender disparities in the workplace. On April 3, 2019 RAMIREZ filed a complaint with the Department of Fair Employment and Housing (DFEH) alleging retaliation, equal pay violations sex discrimination, and race discrimination, and the DFEH issued RAMIREZ a right-to-sue notice. RAMIREZ filed a California Equal Pay Act and California Fair Employment and Housing Act suit on May 3, 2019 (Exhibit "A" to Declaration of Dow W. Patten In Support of Motion for Relief from Stay).

RAMIREZ expects that PG&E will contest liability and damages, and as such RAMIREZ seeks leave from this Court to prove these matters through prosecution of his California Fair Employment and Housing Act claims to judgment in the Sacramento County Superior Court. A copy of the Complaint RAMIREZ has filed is attached to the Declaration of Dow W. Patten file in Support of the present motion as Exhibit "A". The Complaint contains detailed information regarding the facts and law supporting RAMIREZ's claims.

**II. LEGAL ARGUMENT**

RAMIREZ moves for relief from automatic stay pursuant to 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of "cause." (11 U.S.C. § 6 362(d)(1).) Cause is determined by the Court on a case-by-case basis. (*Christensen v. Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166.)

**A. CAUSE EXISTS TO GRANT RELIEF FROM STAY.** In determining whether sufficient "cause" has been shown so as to permit litigation to proceed outside of the bankruptcy forum, Courts commonly consider the twelve factors set forth in *In re Curtis* (Bankr. D. Utah 1984) 40 B.R. 795. As set forth below, application of the Curtis factors here supports relief from the stay.

**1. Resolution of the Issues.** In order to determine whether RAMIREZ is entitled to reinstatement to her job, and/or to the damages resulting from PG&E's actions, a Judge or Jury must first determine whether PG&E violated California's statutes, i.e. Labor Code Section 1197.5 and the California Fair Employment and Housing Act (Cal. Gov't Code § 12900 et. seq.). In order to determine whether RAMIREZ's damages are dischargeable, it must also be determined whether PG&E is subject to punitive damages, i.e. whether managing agents of the Company acted with malice, fraud, or oppression.

RAMIREZ asserts that PG&E will face such liability, as it willfully refused to promote RAMIREZ discriminatorily and for making complaints of illegal practices and , and did so to save money. A full resolution of all liability and damages issues can and should take place in the Sacramento Superior Court, which regularly adjudicates employment lawsuits.

**2. Lack of Connection/Interference With the Bankruptcy Case.** Permitting RAMIREZ's discrimination and retaliation case to proceed in State Court would not interfere with this Court's bankruptcy case in any manner. This employment action does not involve fundamental or "core" bankruptcy issues.

**3. Debtor as Fiduciary.**

This matter does not involve PG&E as a fiduciary.

**4. State Court Forum Better Suited to Determination of the Issues.** As with many employment actions, the allegations supporting RAMIREZ's claims (see Complaint attached as Exhibit A to the concurrently filed Declaration of RAMIREZ's Counsel Dow W. Patten) span years and involve complex issues of motive and pretext. The statutory claims alleged by RAMIREZ are California State law claims, which are the subject of a developing and expanding area of law. In order to prevail in this FEHA action, RAMIREZ will need to prove that she did in fact make complaints of what she reasonably believed to be unlawful practices and conditions, and that those complaints led to adverse actions. Her discrimination complaints will require RAMIREZ to prove that she suffered adverse actions (failure to promote and failure to provide equal pay) which her non-hispanic and male counterparts did not suffer. Given PG&E's expected defenses (i.e., RAMIREZ did not deserve a promotion, or that there was some factor other than sex justifying her lower pay), the allegations against RAMIREZ will also have to be proven to be false. And, as set forth above, it must also be determined whether RAMIREZ is entitled to return to work as a form of injunctive relief (a remedy presumably not available in this bankruptcy action), and whether PG&E is liable for punitive damages in this action. The Sacramento Superior Court is better suited to adjudicate RAMIREZ's California State law claims.

**5. Insurance Defense.**

RAMIREZ does not believe that PG&E carries Employment Practices Liability Insurance ("EPLI").

**6. Third Parties.**

PG&E would be the sole defendant in this action. Third parties are involved only insofar as they were involved in the actions related to RAMIREZ's unequal pay and failure to promote.

**7. No Prejudice to Other Creditors.**

Other creditors will not be prejudiced if RAMIREZ's claims are allowed to be adjudicated in State Court.

**8. Equitable Subordination.**

A judgment in this action is not subject to equitable subordination.

**9. Judicial Lien.**

RAMIREZ prevailing in this action would not result in a judicial lien.

**10. Interests of Judicial Economy.**

It is certainly in the interest of judicial economy to have this employment case decided expeditiously outside of this bankruptcy Court. Written discovery, document exchanges, and depositions need to occur in order to determine liability and damages. The Sacramento County Superior Court is better suited to adjudicate this matter.

**11. Status of Foreign Proceedings.**

Litigation has commenced and PG&E has been served. RAMIREZ'S complaint was filed May 3, 2019, and a First Amended Complaint was filed May 23, 2019. No case management has been held, and the matter is presently stayed.

12. **The Impact of the Stay and the Balance of Harm.**

RAMIREZ was constructively discharged, and lost her livelihood. Her claims have been pending for more than a year and a half without resolution. As is set forth in the prayer for relief, RAMIREZ seeks injunctive relief, " . . . For a mandatory injunction requiring Defendant PG&E to (a) institute, maintain and report to the Court effective measures to train and monitor PG&E employees in the mandates of the FEHA and the prohibitions on discrimination, and retaliation". (Patten Decl, Exh. "A").

In contrast, defending a single employment action will not cause PG&E any significant harm. PG&E certainly has a dedicated team of lawyers who only handle employment matters for the Company. Allowing this action to proceed would not impact the administration of the bankruptcy estate.

**III. CONCLUSION.**

As set forth above, cause exists for relief from stay so as to allow moving party and creditor ANGELA RAMIREZ to pursue her California Fair Employment and Housing Act claims in the Sacramento County Superior Court. Respectfully Submitted,

DATED: February 16, 2022                 FORTHRIGHT LAW, P.C.

*/s/ Dow W. Patten*
DOW W. PATTEN
Attorneys for Angela Ramirez