# EXHIBIT A

(April 23, 2018 E-mail to Spiro Jannings)

| | |
|---|---|
| **From:** | Nadeau, Elisa <ENadeau@littler.com> |
| **Sent:** | Monday, April 23, 2018 12:17 PM |
| **To:** | Spiro Jannings (jannings1@att.net) |
| **Subject:** | Jannings v. PG&E- legal summary of PG&E's position |
| **Attachments:** | Young v Anthonys Fish Grottos Inc.doc; Ritza v International Longshoremens and Warehousemens Union.doc |

Hi Mr. Jannings,

You asked me to provide you with an email explaining PG&E's position that you will almost certainly lose your lawsuit against PG&E and then be on the hook for costs.

In California, employees are presumed to be "at will", meaning they can be fired for any reason, so long as it is not an unlawful reason. *See* Labor Code section 2922. However, your employment was governed by a collective bargaining agreement requiring cause for termination. As I explained to Mr. Sweeney, section 301 of the Labor Management Relations Act ("LMRA") governs disputes that would require interpretation of the collective bargaining agreement. 29 USC section 185. That is the situation here because your claim that PG&E breached an implied contract with you when it fired you (in your opinion) without cause would require interpretation of the for cause language in the cba. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988); *Young v. Anthony's Fish Grotto of La Jolla*, 830 F.2d 993, 997 (9th Cir. 1987). Since the LMRA governs, your only option for contesting the termination was to fully pursue the grievance and arbitration process. See *Ritza* and *Young* cases, attached to this email. The union chose not to pursue your grievance all the way through arbitration. At that time (November 16, 2016), you had 6 months to bring a hybrid action claiming PG&E breached the cba and also that the union breached its duty of fair representation. You did not bring a hybrid action nor did you file the lawsuit within the six-month deadline (which elapsed on or about May 17, 2017). *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164, 171-172 (1983). Therefore, your case must be dismissed.

PG&E will bring a motion for summary judgment and, if you lose, which you will, then you will owe PG&E for costs pursuant to California Code of Civil Procedure section 1032 ("Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding"). These costs include the cost to attend depositions, court reporter and video transcription costs, filing fees, etc. See Code of Civ. Proc. section 1033.5. PG&E will need to take your deposition prior to filing the motion for summary judgment, so a conservative estimate of the costs you would have to pay is $4,000. The longer the case goes on, the higher the costs will be.

Therefore, it is in everyone's interest for you to dismiss this case in exchange for a waiver of costs. If you doubt what I am telling you, I urge you to seek legal counsel to advise you. In the past, I have referred friends to Phil Martin at Kastner Kim and I have received positive feedback: http://www.kastnerkim.com/Profiles/J-Philip-Martin.shtml

Thank you.
- Elisa


**Elisa Nadeau,** Attorney At Law
408.961.7119 direct 408.516.8313 fax ENadeau@littler.com
50 West San Fernando Street, 7th Floor | San Jose, CA 95113-2434

