| | |
|---|---|
| CAIRNCROSS & HEMPELMANN | THOMAS MELONE (*pro hac vice*) |
| JOHN RIZZARDI (*pro hac vice*) | ALLCO RENEWABLE ENERGY LIMITED |
| 524 Second Avenue, Suite 500 | 157 Church St., 19th Floor |
| Seattle, WA 98104-2323 | New Haven, CT 06510 |
| Telephone: (206) 254-4444 | Telephone: (212) 681-1120 |
| Facsimile: (206) 587-2308 | Facsimile: (801) 858-8818 |
| JRizzardi@cairncross.com | Thomas.Melone@AllcoUS.com |
| *Attorneys for Claimants* | *Attorneys for Claimants* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION

-and-

PACIFIC GAS AND ELECTRIC COMPANY,

Reorganized Debtors.

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(JOINTLY ADMINISTERED)

**SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, and ALLCO RENEWABLE ENERGY LIMITED**

**Date: March 2, 2022**
**Time: 10:00 a.m. (Pacific Time)**
**Place: United States Bankruptcy Court**
**Courtroom 17, 16th Floor**
**San Francisco, CA 94102**

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

Case: 19-30088    Doc# 11947    Filed: 02/17/22    Entered: 02/17/22 09:20:53    Page 1 of 20

# SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT.

On September 9, 2021, Pacific Gas and Electric Company ("PG&E") submitted its 108th omnibus objection to the claims filed by Winding Creek Solar LLC, Foothill Solar LLC, Hollister Solar LLC, Kettleman Solar LLC, Vintner Solar LLC, Bear Creek Solar LLC, and Allco Renewable Energy Limited (collectively, the "Claimants"). Dkt 11230. Claimants filed their response on October 26, 2021. Dkt 11476. In its reply, PG&E raised entirely new arguments. Dkt 11654. On January 30, 2022, this Court ordered the Claimants to reply to PG&E's new objections.

The Claimants thank the Court for the opportunity to respond to PG&E's new objections. It is telling that PG&E raised new bases for its objections only after Claimants' response, but nonetheless, PG&E's objections are without merit. To start with, PG&E's arguments belong either in state court, as provided in PURPA Section 210(g)(2), or before the California Public Utility Commission ("CPUC"). The Court has already held it will not step into the shoes of either the state court or the CPUC. Hence, the bases for PG&E's objection are barred at this point and this Court should release Claimants from the automatic stay so that they can obtain final relief based on their successful appeal in *Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980 (N.D. Cal. 2017) (Donato, J.) *aff'd sub nom., Winding Creek Solar LLC v. Peterman*, 932 F.3d 861 (9th Cir. 2019) ("*Winding Creek*").

In any event, PG&E's new arguments fail because they ignore Claimants' successful challenge of California's quantitative cap on enrollments in its pre-ReMAT and Re-MAT program in *Winding Creek*, which was the only basis upon which PG&E refused to enter into contracts when offered by Claimants in 2013. Because Claimants' 2013 offer of executed contracts to PG&E constituted "Legally Enforceable Obligations" ("LEOs") under PURPA requiring PG&E to purchase all energy produced by Claimants on the terms set forth in those CPUC-approved

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 2
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 2 of 20

contracts, and PG&E's only basis for refusing to honor the LEOs was the now-invalidated quantitative caps, Claimants are now entitled to damages or other equitable relief for PG&E's failure to comply with PURPA.

PG&E's last-ditch attempt to employ procedural arguments to defeat its PURPA obligations fails:

- PG&E's *res judicata* and estoppel claims fail because Claimant's successful challenge to the quantitative caps changed the applicable legal landscape, making it clear the legal basis upon which PG&E refuses to honor the LEOs formed by Claimants in 2013 is no longer valid.

- PG&E's statute of limitations argument fails for two reasons. First, Claimants have continuously litigated PG&E's refusal to honor its LEO obligations since 2013, hence the claims were not ripe under PURPA Section 210(g)(2) until after the petition date. Second, PG&E's refusal to honor its PURPA obligations is a continuing statutory violation thus the limitations period has not commenced.

- PG&E's substantive arguments fail because there is no legal basis for PG&E's continued refusal to honor its obligations under PURPA. Because Claimants are all PURPA Qualifying Facilities, PG&E was obligated to purchase their entire output starting when LEOs were formed in 2013. Hence, whether or not PG&E had some valid ground for refusing to honor Claimants' LEOs under other California programs (it did not), it was obligated to honor the LEOs under PURPA.

II. **CLAIMANTS' 2013 OFFERS USING STANDARD-FORM CONTRACTS APPROVED BY THE CPUC FORMED LEGALLY ENFORCEABLE OBLIGATIONS BINDING ON PG&E UNDER PURPA.**

PG&E's efforts to escape its PURPA obligation to purchase all of Claimants' electric output on the terms specified in the LEOs fail. Black-letter law under PURPA requires utilities to honor LEOs, which are formed when a PURPA Qualifying Facility makes an irrevocable offer to

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 3
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 3 of 20

sell its output to a utility. FERC's recent Order No. 872, which substantially revised FERC's PURPA regulations on subjects unrelated to this case, explicitly reaffirmed its precedents concerning LEO formation, making clear that a LEO is formed when the Qualifying Facility ("QF") *agrees to obligate itself to deliver energy at a future date. See* Order No. 872 at P 684-695. Because Claimants made binding offers to deliver energy in 2013, LEOs were formed, and PURPA's mandatory purchase obligation was triggered, requiring PG&E to purchase the energy produced by Claimants' Qualifying Facilities. *See Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, 2018 WL 5891743, at *7 (D. Haw. Nov. 9, 2018).

The Montana Supreme Court's recent decision in state *MTSUN, LLC v. Montana Dep't of Pub. Serv. Regul.*, 401 Mont. 324, 472 P.3d 1154 (attached hereto) ("*MTSUN*"), illustrates how the LEO concept has been applied for decades. "[T]he establishment of a LEO turns on 'the QF's commitment, and *not* the utility's actions,' and when a QF commits itself to sell to an electric utility, it 'also commits the electric utility to buy from the QF.' *FLS Energy, Inc.*, 157 FERC ¶ 61211, 61730-31, (Dec. 15, 2016) (emphasis in original)." *MTSUN* at ¶6. Here, the Claimants offered executed contracts to PG&E in 2013 and are still waiting, nearly nine years later, for PG&E to honor its obligation to purchase the Claimants' energy output on the terms offered.

In fact, Claimants each offered contracts using forms approved by the CPUC and also met all related obligations such as posting security performance collateral, so formed LEOs. As the Montana Supreme Court stated in *MTSUN* "[w]hile FERC 'gives deference to the states to determine the date on which a [LEO] is incurred, such deference is subject to the terms of [FERC's] regulations,'" citing *Cedar Creek Wind, LLC*, 137 FERC at 61023. *MTSUN* at 59. "[A] LEO [is] broader than simply a contract between a utility and a QF and that the phrase is used to 'prevent an electric utility from avoiding its PURPA obligations by refusing to sign a contract,' or from 'delaying the signing of a contract,' so that 'a later and lower avoided cost is applicable.'" (Internal citations omitted.) *MTSUN* at 60.

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

PG&E's argument that Winding Creek was not "selected" by PG&E under the ReMAT program ignores clear precedent that the LEO turns not on the utility's action (*i.e.*, selection) but on the QF's actions, *i.e.,* the commitment. It also ignores the fact the only thing preventing Winding Creek from obtaining a QF contract in 2013 was the quantitative monthly cap invalidated in *Winding Creek.* And, in the case of the AB1969 program, even assuming PG&E's LEO argument holds water, PG&E again misunderstands how these programs worked. The AB1969 program did not contain any "selection" process. Rather, it required only that QF make a qualifying offer (which Claimants did), which then would have resulted in the ministerial issuance of the contract. Dkt. 11655-10.

In addition, California's PURPA implementation legislation specifically restricts the bases on which PG&E may reject an application for a contract. Cal. Pub. Utils. Code §399.20.[1] The statute on its face plainly states that PG&E could only reject Claimants' contract application if the facility did not meet the requirements of a section 399.20(b). Claimants meet the requirements of 399.20 with respect to both the AB1969 FIT and the Re-MAT. As a result, PG&E had no legitimate basis on which to reject Claimants' LEO, and its continuing refusal to execute the standard contracts proffered by Claimants is a clear violation of both PURPA and California law.

Finally, even if PG&E's claims had some validity, PURPA Section 210(g)(2) requires those claims to be resolved in state court, which provides that "[a]ny person . . . may bring an action against any electric utility. . . to enforce any requirement established by a State regulatory authority" under rules prescribed by the state to enforce PURPA. 16 U.S.C. § 824a-3(g)(2). Therefore, PG&E's objections must be resolved in California Superior Court in a suit brought by Claimants under Section 210(g)(2), which gives the state court the authority to either issue injunctive relief requiring PG&E to execute the contracts or can, in lieu thereof, award damages.[2]

---

[1] Several exceptions set forth in Section 399.20(n) are not relevant here and, as set forth by Claimants, the quantitative cap has been invalidated.

[2] Not all utilities share PG&E's position. For example, Eversource, the major utility in Connecticut, New Hampshire and Massachusetts has told the Second Circuit Court of Appeals that QFs do indeed have a direct cause of action

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 5
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 5 of 20

In addition, because the Ninth Circuit has given the CPUC the opportunity to reconsider its 2014 decision in *Winding Creek*, an action could be brought before the CPUC. In either case, relief can be pursued only if the Court releases the Claimants from the automatic stay.[3]

**III.     The Law Of The Case Requires The Merits Of PG&E's Objections To Be Decided By California State Courts Under A Suit Brought Under PURPA Section 210(g)(2) and that the CPUC Be Given The Opportunity to Revise D. 14-05-026.**

At the urging of PG&E, this Court declined to act as a state court for purposes of PURPA Section 210(g)(2) action in the adversary proceeding brought by Winding Creek. PG&E now asks this Court to decide the issues raised in its reply.  PG&E cannot have it both ways.

PG&E's new objections on reply violate the law of the case. This Court has already decided it will not serve as a forum to decide PURPA issues.  *See*, Docket Order, 19-03049, *Winding Creek Solar LLC et al v. Pacific Gas and Electric Company et al* (March 23, 2020) ("Without dealing with or deciding whether plaintiffs may maintain a private cause of action or whether the Primary Jurisdiction Doctrine controls, there is no getting around that this court is neither a proxy for FERC and/or the CPUC or that it can take the place of a state court.")

All of the bases on which PGE now objects to the claims belong in state court, as Claimants have consistently argued.  "[S]tate courts have jurisdiction over a QF's claim that a state agency improperly applied PURPA requirements." *MTSUN* at ¶56.  The CPUC also should be afforded the opportunity to revise its 2014 Order in light of the Ninth Circuit's decision in *Winding Creek*, which concluded after PG&E filed its bankruptcy petition.

---

against utilities for damages if the utility fails to honor its must-buy obligation. *See Allco Finance Limited v. Klee*, Nos. 16-2946, 16-2949 (2d Cir. argued December 9, 2016), Amicus Curiae Brief of The Connecticut Light And Power Company DBA Eversource Energy (November 21, 2016) at 6 ("Allco's alleged injury is capable of being fully remedied by monetary damages" in a direct action against Eversource). Available at: https://statepowerproject.files.wordpress.com/2014/03/ct-2nd-conn-light-and-power-amicus-112216.pdf.

[3] The CPUC has continuing jurisdiction to rescind, alter or amend its prior orders at any time. *Sale v. Railroad Comm'n. of California*, 15 Cal. 2d 612, 616 (1940).  A modification or rescission of a decision is appropriate if (1) new facts are brought to the attention of the CPUC, (2) conditions have undergone a material change, or (3) the CPUC proceeded on a misconception of law or fact. (*See, e.g., Application of So. Pac. Co.*, 70 Cal.P.U.C.150, 1969 Cal. PUC LEXIS 436 (1969); *Cal. Manufacturers Ass'n. v. Cal. Trucking Ass'n*, 72 Cal. P.U.C. 442 (1971); *Winton Manor Mutual Water Co. v. Winton Water Co.*, 84 Cal. P.U.C. 645 (1978).

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 6
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088    Doc# 11947    Filed: 02/17/22    Entered: 02/17/22 09:20:53    Page 6 of 20

Whether and when there was a legally enforceable obligation is an issue that must be decided by the California Superior Court in a PURPA Section 210(g)(2) action unless this Court decides to vacate its previous position and assume the role of a state court. 16 U.S.C. §824a-3(g)(2). If the Court chooses to do so, the Claimants are entitled to a full adversary proceeding. And, for the reasons explained by the Montana Supreme Court in *MTSUN*, Claimants acquired LEOs and therefore have meritorious claims that can be brought in State court.

**IV. The Statute of Limitations Is Not A Bar To Claimants' Action Under PURPA Section 210(g)(2).**

Claimants agree with PG&E that the appropriate period for statute of limitation purposes in a state court action under PURPA Section 210(g)(2) seeking a contract or alternatively damages is four years, either under Cal. Civil Code §337 as PG&E asserts, or under the catch-all provision in Cal. Civil Code §343. The relevant question is when the limitations period started to run, and if it has, whether it was tolled for any reason. PG&E's refusal to honor its must-purchase obligations under PURPA is a continuing statutory violation upon which a limitations period does not run. In any event, the statute is tolled because Claimants have been litigating PG&E's violation since 2013.

    **A.   PG&E's Continued Refusal To Execute Contracts With Claimants Is A Continuing Violation That Prevents The Commencement Of The Limitation Period**.

Though the four-year statute of limitations is applicable and the limitation period begins when cause of action arises, the statute of limitations does not run on a continuing violation of a statute. *Fontana v. Atkinson* 212 Cal. App. 2d 499, 509 (Cal. App. 1963) ("Since the violation charged was a continuing violation, the statute of limitations does not run.") Here, PG&E continues to refuse to execute the contracts required under PURPA, a continuing violation of PURPA as well as a California statute. "The phrase [legally enforceable obligation] is used to prevent an electric utility from avoiding its PURPA obligations by refusing to sign a contract, or

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED -

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 7 of 20

'from delaying the signing of a contract, so that a later and lower avoided cost is applicable.'" *MTSUN* at ¶6.

PG&E's primary reason for its continuing refusal to meet its PURPA obligations is that its obligations were "capped" at the time the LEOs were proffered. *Winding Creek* establishes that a utility's must-obligation under PURPA cannot be capped. Further, as to the E-SRG, PG&E now concedes that the purported cap was never reached. Melone Reply Decl. Exh. A. PG&E's secondary bases for continued refusal to execute the contracts are likewise invalid. As to the capacity from the E-PWF, *Winding Creek* establishes that a tariff cannot exclude a solar QF from participation simply because of its ownership because there can be no cap on availability to a QF. And, as MTSUN demonstrates, PG&E's refusal to acknowledge the LEOs established by Claimants is a clear violation of PURPA, a violation which continues with PG&E's continuing refusal to execute contracts with Claimants.

> **B. The Statute Of Limitations Does Not Commence Until Administrative Remedies Are Exhausted and Pre-Complaint Judicial Remedies Are Concluded**.

In the nearly nine years since Claimants offered contracts to PG&E in 2013, thus forming LEOs, they have been actively pursuing litigation to vindicate their PURPA rights against PG&E. The statute of limitations is therefore tolled.

"That a statute of limitations cannot begin to run against a plaintiff before the plaintiff can maintain a suit in court seems virtually axiomatic." *Spannaus v. United States Department of Justice*, 824 F.2d 52, 56 n.3 (D.C. Cir. 1982). "Unless Congress has told us otherwise in the legislation at issue, a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 200, 118 S. Ct. 542 (1997). "The question presented in *Bay Area Laundry* was whether a statute of limitations could commence to run on one

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 8
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 8 of 20

day while the right to sue ripened on a later day. We answered that question, 'no,' unless the statute indicates otherwise." *TRW, Inc. v. Andrews*, 534 U.S. 19, 34 n.6, 122 S. Ct. 441 (2001).

The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until administrative remedies have been exhausted. Here, the Claimants' suit against PG&E under 16 U.S.C. §824a-3(g)(2) would not have been ripe until Claimants first exhausted the claims that were presented to the CPUC, and concluded the suit under 16 U.S.C. §824a-3(h), *i.e.*, the *Winding Creek* case. The *Winding Creek* case was concluded in 2019 and the CPUC proceedings as to the Pre-REMAT was concluded in 2015. PG&E's assertion that the "appropriate date for accrual here is July 23, 2013, when [PG&E alleges] the Claimants believed they had a cause of action against the Utility for its refusal to execute the Pre-ReMAT PPAs" is meritless and PG&E cites no authority for its proposition that ripeness is determined by what the plaintiff believed or should have believed.

As PG&E concedes in its reply, Claimants also filed a complaint with respect their claims involving the Pre-ReMAT program in 2013, which concluded on March 5, 2015. Four years from that date is March 5, 2019. The bankruptcy petition was filed on January 29, 2019, which tolls the statute of limitations. Claimants appeared in the Debtor's bankruptcy cases and have sought relief from this Court. In addition, Winding Creek filed the *Winding Creek* case in 2013 which concluded in 2019 and declared the caps under Cal. Pub. Utils. Code 399.20 unlawful. Thus, even under PG&E's approach, the statute was tolled while Claimants exhausted their administrative remedies. PG&E's statute of limitations claim therefore fails.

Finally, with respect to the Re-MAT related claims, Winding Creek pursued two simultaneous separate paths to exhaust remedies in order to make its claims ripe in a 16 U.S.C. §824a-3(g)(2) action. As stated above, in 2013 it filed the *Winding Creek* case which concluded in 2019, i.e., after the bankruptcy petition was filed. In 2013, it also filed a petition for modification

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 9
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case: 19-30088    Doc# 11947    Filed: 02/17/22    Entered: 02/17/22 09:20:53    Page 9 of 20

with the CPUC. The CPUC finally decided that petition in Decision 21-12-032 (December 16, 2021). Thus, there is no question that the statute of limitations is simply no bar to the Claimants' claims.

V.      **Neither Res Judicata Nor Collateral Estoppel Preclude The Claimants' Claims Or Suit Under 16 U.S.C. §824a-3(g)(2).**

PG&E's res judicata and collateral estoppel claims ignore the fundamental change in law Claimants brought about in *Winding Creek*. PG&E also misses the mark under basic principles governing those doctrines.

Res judicata and collateral estoppel are two separate but related concepts. Res judicata can be applied to prevent a claim being raised in an action if the claim could have been raised in a prior action *between the identical parties*. Collateral estoppel (otherwise known as issue preclusion) only applies to issues actually litigated in a prior action and which were necessarily decided.

A.      **The *Winding Creek* Decision Changed The Applicable Legal Context, Precluding The Application Of Res Judicata And Issue Preclusion**.

Controlling United States Supreme Court precedent precludes the application of res judicata or collateral estoppel here because of the change in the legal context brought about in *Winding Creek*.

In *Herrera v. Wyoming*, the United States Supreme Court recently concluded that, "even when the elements of issue preclusion are met, however, an exception may be warranted if there has been an intervening 'change in [the] applicable legal context.'" 139 S. Ct. 1686, 1697 (2019). *See also, e.g., Montana v. United States*, 440 U. S. 147, 155 (1979) (asking "whether controlling facts or legal principles ha[d] changed significantly" since a judgment before giving it preclusive effect); *Commissioner v. Sunnen*, 333 U. S. 591, 599, 68 S. Ct. 715, 92 L. Ed. 898 (1948) (issue preclusion "is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally").

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 10
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 10 of 20

Here, the *Winding Creek* decision represents a decisive change in the applicable legal context, eliminating the quantitative caps PG&E relied on in refusing to honor Claimants' LEOs. The legal context for this case therefore has not remained "substantially static, factually and legally," and res judicata and issue preclusion therefore should not be applied. Because *Winding Creek* invalidated the quantitative caps, the caps are "in legal contemplation, as inoperative as though [they] had never been passed." *Norton v. Shelby County*, 118 U.S. 425, 442 (1886)). In an action under PURPA Section 210(g)(2), the California Superior Court will be required to accord the *Winding Creek* case retroactive effect. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and *must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule*") (Emphasis added).

> **B.  Neither Res Judicata Nor Collateral Estoppel Apply To The Re-MAT Related Claims**.

With respect to the Re-MAT claims, there has been no direct litigation between PG&E and Winding Creek under PURPA Section 210(g)(2) or otherwise. Res judicata therefore does not apply because there is no identity of parties in the previous litigation. In *Winding Creek,* the District Court told PG&E to file a motion to intervene if it wished to participate but PG&E chose to sit on the sidelines. But, because the Ninth Circuit's decision binds even non-parties, *Winding Creek* affirmatively establishes that PG&E's refusal to execute a contract with Winding Creek was unlawful. The California State courts in a PURPA Section 210(g)(2) action must "heed the constitutional command that the policy of [PURPA] is the prevailing policy in every state, and should be respected accordingly in the courts of the State. . .. Any other conclusion would allow the States to disregard both the preeminent position held by federal law throughout the Nation and the congressional determination that the federal rights granted by PURPA can appropriately be

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 11
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088    Doc# 11947    Filed: 02/17/22    Entered: 02/17/22 09:20:53    Page 11 of 20

enforced through state adjudicatory machinery." *FERC v. Mississippi*, 456 U.S. 742, 760-761 (1982) (Internal citations and quotations omitted.)

C.   The CPUC Decision Has No Preclusive Effect.

PURPA creates an overlapping scheme of federal and state responsibility. Under Section 210(h), any person may challenge a state statute or regulation in the federal courts if it violates PURPA.[4] Section 210(g) assigns specific roles to the state courts. PURPA section 210(g)(1) permits judicial review in state court of "any proceeding conducted by a State regulatory authority" to determine if the state authority has complied with FERC's rules implementing PURPA adopted under PURPA Section 210(a). 16 U.S.C. § 824a-3(g)(1). PURPA section 210(g)(2) authorizes "[a]ny person" to "bring an action against any electric utility" to enforce any PURPA rule adopted by the state regulatory authority under PURPA Section 210(f). *See Portland Gen. Elec. Co. v. FERC*, 854 F.3d 692, 698-700 (D.C. Cir. 2017) (analyzing PURPA judicial review and enforcement scheme).

Accordingly, even to the extent the CPUC had jurisdiction and necessarily decided an issue related to the Pre-REMAT program, PURPA Section 210(g)(2) expressly authorizes the Claimants' state court suit against PG&E notwithstanding any administrative process at the CPUC. *See Restatement (Second) of Judgments*, § 83(3) ("An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.")

An analogous situation was addressed in *Alexander v. Gardner-Denver Co*., 415 U.S. 36 (1974). In *Alexander*, like here, Congress provided for "parallel or overlapping remedies" and provides for consideration of "claims in several forums." *Id*. at 47. The Court held that "the

---

[4] Section 210(h)(2) permits Qualifying Facilities to bring a lawsuit in the U.S. District Courts to "require" a "State regulatory authority . . . to comply with" FERC's PURPA regulations if, as here, FERC elects not to pursue judicial relief on its own after receiving a petition from the Qualifying Facility. 16 U.S.C. § 824a-3(h).

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 12 of 20

submission of a claim to one forum does not preclude a later submission to another." *Id*. at 47-48. The Court held that the "policy reasons for rejecting the doctrines of election of remedies and waiver … are equally applicable to the doctrines of res judicata and collateral estoppel." *Id*. at 49, fn. 10. That reasoning applies here as well. Congress expressly vested in Claimants a private right of action in State courts to secure compliance with section 210 of PURPA.

This result is also consistent with the California Supreme Court's exception to its general res judicata approach. In *People v. Medina*, 6 Cal.3d 484, 99 Cal. Rptr. 630, 492 P.2d 686 (1972), the California Supreme Court concluded that application of res judicata, whether denial of a writ of review is with or without opinion, would be inconsistent with the legislature's intent in providing alternate opportunities for review.

### D. Res Judicata Could Not Apply Because The PURPA And Commercial Code Claims Were Not Within The CPUC's Subject Matter Jurisdiction.

"A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action." *Restatement (Second) of Judgments*, § 11. *See 311 South Spring Street Co. v. Dep't of General Services*, 178 Cal. App. 4th 1009, 1015 (Cal. App. 2009) (Internal citations and quotations omitted).

With respect to the AB1969 claims, there are two sets of claims, as PG&E now recognizes. And, as PG&E concedes (Reply n.12), the first set of claims -- the PURPA claims and the claims under the Commercial Code -- were not addressed in the CPUC proceeding that resulted in D. 14-05026, Dkt 11655-1. Because they were not addressed, there can be no collateral estoppel or preclusive effect on those issues. PG&E claims that even though those claims were not addressed in the CPUC proceeding, they should nevertheless be barred by *res judicata* because they purportedly could have been raised in the CPUC proceeding. PG&E is incorrect.

First, the CPUC has no jurisdiction under PURPA to adjudicate an action under 16 U.S.C. §824a-3(g)(2) related claims under PURPA. Congress reserved that for the courts. Thus, any ruling that might have been issued by the CPUC would have no effect on the PURPA claims even

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 13

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 13 of 20

if the CPUC issued one, which it did not. The same is true for the claim under the Commercial Code. The CPUC has no jurisdiction over the subject matter of those claims. *Karrison v. A & P Moving, Inc.*, Decision No. 96-12-060, 1996 Cal. PUC LEXIS 1127, *16 (1996) ("It is true that the Commission does not have jurisdiction over Commercial Code liens.")

Second, the CPUC would not have had subject matter jurisdiction because those claims would not have been ripe for the reasons stated above, thus providing an additional basis for depriving subject matter jurisdiction and any preclusive effect.

Even if the CPUC had jurisdiction over the PURPA and Commercial Code claims, PURPA Section 210(g)(2) expressly authorizes the Claimants' state court suit notwithstanding any administrative process at the CPUC. *See Restatement (Second) of Judgments*, § 83(3), *supra*. Hence, even if the CPUC addressed those claims, Congress has conferred on Claimants an independent right to seek enforcement of PURPA against PG&E under Section 210(g)(2). Action by the CPUC cannot bar Claimants' statutory right to pursue judicial remedies under Section 210(g)(2).

### E. The CPUC Order Only Addressed Limited Issues Related To The E-PWF.

On its face, the CPUC order, D. 14-05-26, only addressed a narrow set of issues related to the E-PWF and therefore would not even arguably have any preclusive on issues not decided. Even on the issues decided, as argued above, the subsequent change in the legal context precludes application of estoppel or res judicata. Further, a judgment based on the determination of two independent issues "is not conclusive with respect to either issue standing alone." *Restatement (Second) of Judgments* §27, Comment i, at 259. *See also, Montana v. United States*, 440 U.S. 147, 153 (1978) (Issue preclusion applies only to questions "actually and necessarily determined.") PG&E's estoppel claim fails because it cannot demonstrate that the CPUC conclusively decided any issue independently of other issues.

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 14
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 14 of 20

## VI. Claimants' Substantive Claims Are Meritorious and Should Be Adjudicated in the State Court.

Claimants' claims are meritorious and Claimants are entitled to a full trial in State court under PURPA Section 210(g)(2), 16 U.S.C. §824a-3(g)(2). PG&E's assertions regarding the merits and Claimants' entitlement to a State court proceeding are wholly repudiated by *Winding Creek* and by PURPA precedent governing LEOs, as exemplified by the *MTSUN* case.

For ease of tracking PG&E's argument and Claimants' response, set forth below is each PG&E claim and the Claimants' response.

PG&E Allegation #1.

*The Claimants' Pre-ReMAT Claims rest on three allegations that are objectively false. First, the Opposition misleadingly represents that "[e]ach of the Claimants were qualified applicants" for the Wastewater Program. Opp. at 3, 6–8. This is simply not true. The Claimants "were not eligible for the tariff at issue." Ex. A (CPUC Dismissal) at 13–15 ("Complainants did not meet the eligibility requirements of PG&E's Commission-approved [Wastewater Program tariff]."*

**Claimants' Response**:

PG&E's claim is beside the point. Whether or not Claimants qualified for the Wastewater Program, it is undisputed they were all Qualifying Facilities under PURPA. *Winding Creek* makes clear that PG&E was obligated by PURPA to purchase all energy produced by Claimants' Qualifying Facilities. In any event, PG&E is wrong. While it is true that Claimants presented an altered version of the E-PWF Power Purchase Agreement ("PPA"), the alterations merely conformed the PPAs to the substance of the E-SRG form PPA. When the signed contracts were submitted, Claimants told PG&E: "We are indifferent as to what legal basis PG&E elects to enter into the PPA …Either under AB 1969, as a bi-lateral contract or PURPA is acceptable to us." Hence, *as Winding* Creek makes clear, PG&E had no basis for refusing to execute the contracts under PURPA, even if the contracts did not qualify under the Wastewater Program. Further, as the

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 15

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 15 of 20

*MTSUN* decision makes clear, LEOs were formed when the contracts, which obligated Claimants to supply power to PG&E on the terms proffered, were submitted by Claimants in 2013.

PG&E Allegation #2.

*Second, the Opposition asserts that the Utility "wrongfully" rejected their PPAs. Opp. at 3, 7–8. To the contrary, the Claimants conceded (because they had to) in the CPUC Action, that the Utility "complied" with its then-existing tariff. Ex. A (CPUC Dismissal) at 8. In fact, because they were ineligible for the Wastewater Program, the Claimants altered the Utility's filed tariff and deleted the required representation of the applicant's status as a public water or wastewater agency. See id. at 6, 13. for the Wastewater Program. Opp. at 3, 6–8. This is simply not true. The Claimants "were not eligible for the tariff at issue." Ex. A (CPUC Dismissal) at 13–15 ("Complainants did not meet the eligibility requirements of PG&E's Commission-approved [Wastewater Program tariff]."). Moreover, because the Utility was "required to follow [CPUC] direction before amending or replacing" its tariff "to remove the public water or wastewater agency eligibility requirements," the Utility "complied with the law" and "did not violate Section 399.20" when it rejected the Claimants' submissions. Id. at 8, 17.*

**Claimants' Response:**

PG&E's allegation is not true for the same reasons set forth in Claimants' response to PG&E's first allegation.

PG&E Allegation #3.

*Third, despite the Claimants' suggestion otherwise, neither Section 399.20 nor "AB1969FIT" (or any Pre-ReMAT program) obligated the Utility to "provide a 20-year electricity purchase contract to all qualified applicants." Opp. at 3, 7–8. In the CPUC Action, the Claimants acknowledged that the CPUC's implementation of the Pre-ReMAT programs "established distinct capacities and limits for each program." Ex. C (CPUC Complaint) at 3. In addition to the fifty-two Wastewater Program PPAs, which the Utility was not authorized to accept, the Claimants also submitted five PPAs under the fully subscribed Renewable Program. But by the terms of that CPUC-filed tariff, the Utility could not accept those either. See Ex. J (Renewable Schedule) at 1 ("Service under this Schedule is on a first-come-first served basis and shall be closed to new customers once the combined rated generating capacity of Eligible Renewable Energy Resource within PG&E's service territory reaches 104.603 megawatts, as set forth in D. 07-07-027, effective July 26, 2007."). Thus, any "offer" or "invitation to accept" was automatically revoked once the cap was reached.*

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 16
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case: 19-30088    Doc# 11947    Filed: 02/17/22    Entered: 02/17/22 09:20:53    Page 16 of 20

**Claimants' Response**

Even if the Pre-ReMAT program did not require PG&E to enter into contracts with Claimants, PURPA did and PG&E's claim is therefore irrelevant. It is also wrong. The E-SRG tariff never reached the "combined rated generating capacity of Eligible Renewable Energy Resource within PG&E's service territory [of] 104.603 megawatts." The combined capacity has only reached 59.971 megawatts. *See* Melone Decl. Exh. A, PG&E Reply, Dkt 11654 at 18.

PG&E Allegation #4.

*The Claimants never created a valid contract or LEO with the Utility under the Pre-ReMAT programs. The Claimants never challenged—let alone invalidated—the Renewable Program's cap. And because they did not qualify for the Wastewater Program with remaining capacity, the Claimants submitted forged PPAs, which the Utility lawfully rejected. There is therefore nothing left to be adjudicated in this Court or any other court on any legal theory raised by the Claimants, which requires the Pre-ReMAT Claims to be disallowed and expunged.*

**Claimants' Response**

PG&E's allegation is not true for the same reasons set forth in Claimants' response to PG&E's first and third allegations.

PG&E Allegation #5.

*Similarly, the Utility never entered into a contract with Winding Creek under ReMAT. As stated in the Objection, PURPA does not create a contract or "any other enforceable obligation from which any 'customary legal incidents' could follow." Obj. at 7 (quoting Allco Renewable Energy Ltd. v. Mass. Elec. Co., 875 F.3d 64, 71 (1st Cir. 2017)). In Allco, the First Circuit rejected the argument that PURPA's "obligation to purchase" entitled Allco to damages from the utility. See id. at 69–74. That is the same argument advanced here, which this Court should similarly reject. See Obj. at 7–9. In fact, PURPA does not even confer a private right of action against the Utility. See Allco, 875 F.3d at 73–74 ("The district court therefore correctly granted [the utility's] motion to dismiss because PURPA does not give Allco a private right of action against [the utility]."). Therefore, Winding Creek is not entitled to damages for any alleged breach.*

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED – 17
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case: 19-30088   Doc# 11947   Filed: 02/17/22   Entered: 02/17/22 09:20:53   Page 17 of 20

**Claimants' Response**.

It is, of course, true that PG&E never signed a contract with Winding Creek under the Re-MAT, hence the reason for these claims and the need for the suit in State court. PG&E's allegation is otherwise not true for the same reasons set forth in Claimants' response to PG&E's first and third allegations. In addition, PG&E is wrong about *Allco Renewable Energy Ltd. v. Mass. Elec. Co.,* 875 F.3d 64, 73 (1st Cir. 2017) ("*Allco II*"), as Claimants have previously explained.

The issue in *Allco* was whether PURPA creates a federal cause of action in *federal* court against an electric utility. It is well established that PURPA Section 210(g) provides an explicit statutory right for Qualifying Facilities to sue utilities in *state* court to vindicate their PURPA rights. *See e.g., MTSUN; Portland Gen. Elec. Co. v. FERC*, 854 F.3d 692, 698 (D.C. Cir. 2017)("PURPA section 210(g) …permits 'any person' to 'bring an action against any electric utility" to enforce requirement of state law implementing PURPA); *Great Divide Wind Farm 2 LLC v. Becenti Aguilar*, 405 F. Supp. 3d 1071, 1095, 1099-1100 (D.N.M. 2019); *Allco Renewable Energy Ltd. v. Mass. Elec. Co.*, 235 F. Supp. 3d 320 (D. Mass. 2017) ("*Allco I*") ("Section 210(g)(2) of PURPA lays out the enforcement process by '[a]ny person' against an electric utility to 'enforce any requirement' established by a state regulatory authority. 16 U.S.C. § 824a-3(g)(2)"). Likewise, *Winding Creek* also acknowledged that Qualifying Facilities can sue utilities in state court. *See Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 980, 994 (N.D. Cal 2017) ("an as-applied claim challenges the application of a state agency's rules to an individual petitioner and is reserved to the state courts.") (Citation and quotations omitted).

*Allco II* rejected the argument that there is an implied right of action against electric utilities in *federal* court under the Federal Power Act largely because PURPA Section 210(g)(2) provides an express statutory right of action against electric utilities in *state* court. *See Allco II*, 875 F.3d at 69 ("section 210 of PURPA expressly authorizes … challenges by QFs against utilities in state court, id. § 824a-3(g). Allco contends that section 210 ***also*** implicitly allows QFs to sue utilities in

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED – 18

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04505955.DOCX;1 }

federal court to enforce the must-buy obligation.") (Emphasis added.) *Allco II* held only that PURPA does not create "a private right of action against a utility *in federal court*" as part of an implementation challenge against that utility's state regulator. 875 F.3d at 70 (1st Cir. 2017). Further, *Allco II* held that the "*FPA [Federal Power Act]* resoundingly does not confer a private right [of action against the utility.]" The holding is inapplicable here because Section 210 of PURPA is not part of the Federal Power Act. *See Midland Power Co-op. v. FERC* 774 F.3d 1, 3 (D.C. Cir. 2014).

> PG&E's Allegation #6.
>
> *Nor did any so-called LEO form between the Utility and Winding Creek (or any other Claimant). As stated in the Objection, which is unchallenged in the Opposition, each state determines when an LEO forms when implementing PURPA. See Obj. at 9. In California, and under ReMAT, the LEO formed when an applicant was selected from a pool of bidders. See id. Winding Creek was never selected from the queue. See Peterman, 932 F.3d at 864. Thus, no LEO formed between the parties and Winding Creek's Claim, in addition to the others, should be disallowed and expunged.*

### Claimants' Response

As established above, each Claimant formed a LEO in 2013 when it submitted a contract obligating it to provide energy to PG&E for a 20-year period. When these LEOs were created, PG&E became obligated by federal law to purchase the Claimants' energy at the utility's then-prevailing avoided-cost rate. *Windham Solar LLC,* 157 FERC ¶ 61,134 (2016). *Winding Creek* establishes that PG&E had no right under PURPA to "select" which LEOs it chose to honor. On the contrary, PURPA's "must-purchase" obligation requires PG&E to purchase the output of any and all Qualifying Facilities that have offered a LEO.

PG&E's claim that "each state determines when an LEO forms when implementing PURPA" is incorrect. As noted above, FERC has made clear that when a Qualifying Facility proffers a contract to the utility obligating the Qualifying Facility to sell its output on specific terms, as occurred here, a LEO is formed. PG&E's reliance on *West Penn Power* is misplaced.

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED – 19

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

{04505955.DOCX;1 }

FERC has specifically rejected the assertion PG&E makes here -- that *West Penn* provides latitude to states to restrain QF contract formation where a Qualifying Facility has committed to a contract requiring it to deliver power to the utility. Because deference to the states "is subject to the terms of the Commission's regulations, . . *West Penn* does not . . . give states the unlimited discretion to limit the ways a legally enforceable obligation is incurred. Indeed, Commission regulations and Order No. 69 expressly use the terms 'contract' and 'legally enforceable obligation' in the disjunctive to demonstrate that a legally enforceable obligation includes, but is not limited to, a contract." *Cedar Creek Wind, LLC,* 137 FERC P 61,006 at P35 (2011) *("Cedar Creek")*. And, in light of *Winding Creek,* California plainly has no discretion to deny formation of a LEO on the basis of the quantitative caps PG&E relied on.

## VII. CONCLUSION.

There is no need for this court to adjudicate this claim at this time through a claims resolution process when there is an alternative forum available to determine the Debtor's obligations under PURPA and the Claimants' damages related thereto. For the reasons stated above and in Claimants opposition, PG&E's objection should be overruled, and the relief sought by Claimant granted.

Respectfully submitted,

Dated: February 17, 2022    CAIRNCROSS & HEMPELMANN

By: /s/ John Rizzardi
John Riizzardi (*pro hac vice*)
Email: JRizzardi@cairncross.com

Dated: February 17, 2022    By: /s/ Thomas Melone
Thomas Melone (*pro hac vice*)
Email: Thomas.Melone@AllcoUS.com

*Attorneys for Claimants*

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OBJECTION TO CLAIMS (PURPA CLAIMS) BY WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, KETTLEMAN SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, AND ALLCO RENEWABLE ENERGY LIMITED - 20
{04505955.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308