**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:  (212) 310-8000
Fax:  (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>     - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                                             **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF JOSHUA S LEVENBERG IN SUPPORT OF MOTION OF THE REORGANIZED DEBTORS FOR ENTRY OF AN ORDER MODIFYING PLAN INJUNCTION AND COMPELLING ARBITRATION OF CLAIM OF CALIFORNIA DEPARTMENT OF WATER RESOURCES**<br><br>**[Related to Docket No. 11896]**<br><br>Hearing Date: March 2, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place:  **(Telephonic or Video Only)**<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

I, Joshua S Levenberg, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as Chief Counsel, Gas and Electric Operations, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed by the Utility since October 2007, and I have been employed in this role since 2017. In my current role, I am responsible for, among other things, representing the Utility in issues relating to its wholesale contracts and interconnection agreements with third parties. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matter. I submit this Supplemental Declaration in further support of the *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* [Dkt No. 11896], filed on February 2, 2022 (the "**Motion**"), and the *Reply In Further Support of Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (the "**Reply**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The parties – representatives of PG&E, CDWR, NCPA, and SVP – spoke numerous times, including at in-person meetings or conference calls on September 20 and November 8, 2018, and on March 7, June 25, July 2, and July 16, 2019, to attempt to resolve the issues consensually. In addition,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Reply, as applicable.

the parties' representatives exchanged many e-mails. These discussions focused on a consensual resolution of the issues relating to CDWR's desire to withdraw from the Cotenancy Agreement and the methodology for calculating the "net salvage value" under the Cotenancy Agreement. CDWR's representatives actively participated in these discussions.

4. In connection with those negotiations, the parties exchanged drafts of proposed amendments of the Cotenancy Agreement. PG&E's proposed amendments included the concept that CDWR's termination from the Cotenancy Agreement would be effective upon payment of the pro rata share of removal of the transmission lines. As such, Mr. AlQaser's statement that the FERC proceeding "was the first time that [CDWR] learned from PG&E that it was 'rejecting' [CDWR's] notice of termination" is not accurate.

5. After it became clear that the parties would not be able to resolve their disputes through informal negotiations, in February 2021, PG&E suggested that the parties engage in consensual mediation. It took over six months after PG&E's invitation for CDWR to agree to participate in mediation. The mediation took place in October and November 2021.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed in Hillsborough, California, this 23rd day of February, 2022.

/s/ Joshua S Levenberg
Joshua S Levenberg