Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Bankruptcy Counsel for Spiro Jannings

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>-   and –<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Reorganized Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>\* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088<br>(jointly administered)<br><br>Chapter 11<br><br>DATE:   March 2, 2022<br>TIME:   10:00 a.m.<br>JUDGE:  Honorable Dennis Montali |

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM ORDER**

(Default Order; Dkt #11829; Sustaining Objection to Claim No. 58462; Dkt # 11388)

## I. SUMMARY

There is no dispute about the analysis to be applied or the underlying facts, although PG&E presents them in a rather strained matter. The analysis suggests that the disallowance Order should be vacated and Spiro should be given an opportunity to defend his claim on the merits.

## II. THE *PIONEER-BRIONES* FACTORS

The relevant four-factor test was established by the Supreme Court in *Pioneer*, and extended by the Ninth Circuit in *Briones*.

### A. *Prejudice*

The first factor is the danger of prejudice to the opposing party. Without explanation or factual support, PG&E asserts that granting relief and allowing Spiro to defend his claim on the merits "would substantially prejudice the Reorganized Debtors." PG&E cites authority for the proposition that the "court must examine the adverse effect, if any, that granting the Motion will have on the debtor and the administration of the case," but then fails to identify *any* adverse effect. The *only* prejudice PG&E identifies is that "the Reorganized Debtors are entitled to rely on the finality of this Court's Orders…" (citing as authority a prior PG&E decision at 331 B.R. which the undersigned as been unable to locate).

As previously noted, "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge, supra,* 587 F.3d at 1196. Spiro, on the other hand, will suffer total and complete prejudice – the expungement of his Claim – if relief from the Order is not granted, a factor the Ninth Circuit considered potentially "one of the relevant circumstances" respecting excusable neglect. *Lemoge, supra,* 587 F.3d. at 1195.

Having stated the relevant inquiry regarding prejudice, PG&E then failed to provide evidence or even an explanation about how it could be prejudiced by granting the relief sought. Spiro submits that this factor must be found in his favor.

### B. Length of the Delay and Impact on the Proceedings

The length of the delay is not material. Less than two weeks elapsed between the entry of the Order and the filing of this Motion; about three months have elapsed since the initial response date to the Objection. The delay will have no known adverse impact on PG&E or its reorganization. PG&E characterizes the foregoing as a "substantial" delay, but it is difficult to see how this could be so in a bankruptcy case which is entering its third year. Contrast, the one or two year delays previously considered in the previous iteration of this case. *In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 90 (B.A.P. 9th Cir. 2004) ("Enron has not justified the delay from mid-2001 at the earliest, or even from early 2002, until February, 2003, when it filed the Amended Claims.")

### C.. Reason for the Delay

Initially, the delay was in reliance on PG&E's counsel's assurance that it would address Spiro's threshold question – venue – consensually. St. James Dec., ¶4. (Ms. Kim responded by agreeing to an extension of time, ultimately to January 2022 "while we discuss your request with the client." 11768-1, PACER p. 6. While thanking her for the extension, I noted "Obviously, I would prefer to resolve abstention without briefing it, but…" to which she responded "Understood. Will be in touch…") It is "excusable" and not "culpable" to rely on an assurance by opposing counsel.

On December 7, 2021, 28 days before the scheduled "response deadline," PG&E declined to agree to the venue concern. PG&E says that Spiro should then have turned immediately to preparing a timely response. That was not possible, first because counsel required 75 days to prepare such a response due to the complexity of the issues involved; Furstman Dec., ¶8; and second because counsel who would prepare the response was suffering severe medical issues, preventing him from working throughout much of that 28 day period; Id., ¶9 and attachment. Spiro submits that the shortness of time and the medical condition of his counsel are not matters for which he should be considered "culpable" but rather are "excusable."

PG&E argues that there was ample time since the local rules contemplate a standard 14 day response deadline, but Spiro submits that in the circumstances such a deadline would be entirely

unreasonable. The Objection had a 2½ page Table of Authorities and was based in large part on specific issues surrounding pre-emption by the Labor Management Review Act and the manner in which it is permissible to pursue "a Hybrid 201 claim… under the LMRA." No one could respond effectively in 14 days – one comfortably assumes it took PG&E's teams of lawyers much more than 14 days to formulate the Objection – and the fact that Spiro's counsel required on the order of 75 days to get his arms around these contentions and prepare a cogent response is not a failing of counsel, notwithstanding PG&E's criticisms to the contrary.

Unable to prepare a substantive response in the time available after PG&E declined a consensual resolution of the venue issue, Spiro prepared a motion seeking that resolution as a contested matter. It required 20 days to prepare the motion. Requiring that much time to brief an issue of discretionary bankruptcy jurisdiction is, Spiro submits, "excusable" and certainly not "culpable." By the time it was prepared, the "clock had run" and the Court was unwilling to provide more time.

It is submitted that all of the delays involved were reasonable, excusable and not culpable.

### D.. Good Faith

Spiro submits that his good faith cannot reasonably be questioned. His only objectives here have been to vindicate the merits of his Claim and to collect upon it, and delay clearly does not advance those objectives at all.

PG&E bulks up the record with its contentions that Spiro's claim is not meritorious and that it has long said so. It is hard to see what that accomplishes. The whole point of this motion is that the Court has never heard Spiro's side of this story and he would like to tell it – hearing PG&E say again that it disputes Spiro's claim and thinks it should be rejected on the merits advances nothing.

In any event, there is no strained construction of the facts at hand which would construe Spiro's efforts to have his claim heard on the merits as not in "good faith."

### IV. CONCLUSION

Spiro submits that his failure timely to respond to the Objection to his Claim, leading to the entry of the Order by default, was the result of "mistake, inadvertence, surprise, or excusable neglect,"

warranting the granting of relief from the default Order. All of the *Pioneer-Briones* factors support granting relief from the Order.

The Court should vacate the Order and grant Spiro 75 days to respond to the Objection.

DATED: February 23, 2022         Respectfully submitted,

ST. JAMES LAW, P.C.

By:   /s/  *Michael St. James*  .
         Michael St. James
         Bankruptcy Counsel for Spiro Jannings