Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for John Venn and Kandi Venn

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>         Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas & Electric<br><br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)*<br>_____ | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)TO DEEM THE CLAIM OF JOHN VENN AND KANDI VENN TIMELY FILED**<br><br>Date:  March 29, 2022<br>Time:  10:00 a.m.<br>Place:  **To Be Held Telephonically**<br>       United States Bankruptcy Court<br>       Courtroom 17<br>       450 Golden Gate Avenue<br>       16th Floor<br>       San Francisco, CA<br>Judge:  Honorable Dennis Montali<br><br>**Objection Deadline:  March 22, 2022** |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Claimants John Venn and Kandi Venn, move for an order expanding time to file Proof of Claim, and allow Claim Number 108232 that was filed on February 23, 2022, with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed. This motion is based upon the points and

authorities set forth herein and concurrently Filed Notice of Motion, DeclarationofJohn Venn and Declaration of Kandi Venn, in addition to any evidence or oral argument presented at the time of hearing on this matter.

## I.
## SUMMARY OF ARGUMENT

John Venn and Kandi Venn suffered emotional distress evacuating from the Camp Fire. The Venn's attempted to submit a claim on Prime clerk prior to the claim submission of February 26, 2021. The Prime Clerk had no record of their submission. The Venn's believed they were no longer eligible to file a claim against PG&E because their submission was not in the system. Under the flexible standard for excusable neglect, their claim should be allowed.

John Venn and Kandi Venn were misinformed about the claim process until recently. See Declaration's of John Venn and Kandi Venn.

Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, no delay to the judicial administration of this case, and is made in good faith. Rather, to deny this claim would work a severe injustice to the Claimant, which must be considered. *Id.*

## II.
## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## FACTUAL BACKGROUND

John Venn and Kandi Venn weremisinformed about the claim process until recently. Immediately upon discovering they could file a claim, they retained counsel and have filed a claim. *See* Exhibit "A," Claim Number 108232.

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
>
> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations (not reconsiderations or appeals) on approximately 50% of all claims. Allowing the late claim will not

delay the proceedings. *See* Declaration's of John Venn and Kandi Venn.

The reason for the delay in filing a claim was that John Venn and Kandi Venn simply misunderstood the process. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZILOG, Inc. v. Corning (In re ZILOG, Inc.* 450 F.3d 996, 1006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, John Venn and Kandi Venn acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533. (This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present).

And, finally, the likelihood of injustice is great, if this claim is not permitted. John Venn and Kandi Venn are Camp Fire victims whose primary avenue for compensation is through this bankruptcy. This is a factor which was properly considered by the Court in *Pincay, supra,* 389 F.3d at 859.

## V.
## **CONCLUSION**

For all of the above reasons, the motion should be granted, and the claim of John Venn and Kandi Venn should be allowed to be deemed timely.

Dated: February 25, 2022.    Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/_____
BONNIE E. KANE
Attorneys for JOHN VENN and KANDI VENN