KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

    - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

    Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION CLARIFYING PLAN INJUNCTION (MODESTO IRRIGATION DISTRICT AND TURLOCK IRRIGATION DISTRICT)**

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Modesto Irrigation District ("**MID**") and Turlock Irrigation District ("**TID**," together with MID, the "**Districts**"), on the other hand (collectively, the "**Parties**"), by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. On March 18, 2015, the Districts filed a complaint (the "**Complaint**") before the Federal Energy Regulatory Commission ("**FERC**"), pursuant to the Federal Power Act sections 202, 206, 306, and 309, alleging that the Utility breached section 9.11 of certain Interconnection Agreements. The proceeding initiated by the Complaint is currently pending before the FERC under Docket No. EL15-55-003 and is titled *Modesto Irrigation District and Turlock Irrigation District v. Pacific Gas and Electric Company* (the "**FERC Proceeding**"). PG&E reserves all rights to file any applicable objection to the Complaint.

C. On October 18, 2019, MID filed Proof of Claim No. 65975 (the "**MID Proof of Claim**") in the amount of $3,450,000 (exclusive of interest and other "Costs"), and TID filed Proof of Claim No. 66719 (the "**TID Proof of Claim**," and, together with the TID Proof of Claim, the "**Proofs of Claim**") in the amount of $2,215,000 (exclusive of interest and other "Costs"), all on account of the claims asserted in the Complaint.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits, "[e]xcept as otherwise provided in the Plan . . .," (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims. Section 10.13(d) of the Plan provides that "nothing herein, including Sections 10.8 and 10.9 hereof, shall . . . enjoin, or otherwise bar . . . (d) any police or regulatory action by a Governmental Unit (except with respect to any monetary amount related to any matter arising prior to the Petition Date)."

F. The Districts acknowledge that the claims that are the subject of the Proofs of Claim are: (i) pre-petition claims that are disputed and unliquidated; and (ii) once liquidated, recoverable solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation, the Plan Injunction is clarified, to the extent necessary, solely to permit the Districts to liquidate the claims asserted in the Proofs of Claim by prosecuting the FERC Proceeding through final judgment and any appeals thereof, but not to permit enforcement of such part of any such judgment as may have been incurred by the Utility prior to the Petition Date, which part of such judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Upon the date of the entry of an order approving this Stipulation, this Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Proofs of Claim, and each Proof

of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the respective claimant and the Reorganized Debtors, or (b) sixty (60) days after any Party files notice in the Bankruptcy Court that a final order liquidating the underlying claim has been entered in the FERC Proceeding and all appeals from such final order have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 3(a) hereof, the Reorganized Debtors object to the respective Proof of Claim for any portion of the underlying claim that has not been resolved by a final judgment in the FERC Proceeding or on any grounds not decided by the FERC and not precluded by the Bankruptcy Court, and the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

3. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proofs of Claim for any portion of the underlying claims that has not been resolved by a final judgment in the FERC Proceeding or on any grounds not precluded by a final order in the FERC Proceeding or by judgment of the Bankruptcy Court, or

    b. a waiver by either of the Districts of its rights to oppose any asserted challenge to its respective Proof of Claim, or

    c. a waiver by any Party of any claim or defense in the FERC Proceeding, or

    d. a waiver by the Districts or either of them of any right to (i) relief in the FERC Proceeding related to post-petition acts or failures to act of the Utility, or (ii) non-monetary relief granted in or in connection with the FERC Proceeding with respect to pre-petition or post-petition acts or failures to act of the Utility as to any matter at issue in the FERC Proceeding.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: March 2, 2022

KELLER BENVENUTTI KIM LLP

*/s/ Jane Kim*
Jane Kim

*Attorneys for Debtors
and Reorganized Debtors*

Dated: March 1, 2022

DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

*/s/ Sean M. Neal*
Sean M. Neal

*Attorneys for Modesto Irrigation District*

Dated: March 1, 2022

DUNCAN & ALLEN LLP

*/s/ Jon R. Stickman*
Jon R. Stickman

*Attorneys for Turlock Irrigation District*