Entered on Docket
March 07, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  KELLER BENVENUTTI KIM LLP
   Jane Kim (#298192)
2  (jkim@kbkllp.com)
   David A. Taylor (#247433)
3  (dtaylor@kbkllp.com)
   650 California Street, Suite 1900
4  San Francisco, CA 94108
   Tel: 415 496 6723
5  Fax: 650 636 9251

6  *Attorneys for Debtors and Reorganized Debtors*

Signed and Filed: March 7, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

    - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

    Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION CLARIFYING PLAN INJUNCTION (MODESTO IRRIGATION DISTRICT AND TURLOCK IRRIGATION DISTRICT)**

The Court having considered the *Stipulation Clarifying Plan Injunction (Modesto Irrigation District and Turlock Irrigation District)*, dated March 2, 2022 [Dkt. No. 11982] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") on the one hand, and Modesto Irrigation District and Turlock Irrigation District, on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Upon the date of the entry of this Order, the Plan Injunction is clarified, to the extent necessary, solely to permit the Districts to liquidate the claims asserted in the Proofs of Claim by prosecuting the FERC Proceeding through a final order and any appeals thereof, but not to permit enforcement of such part of any such final order or judgment as may be attributable to acts or failures to act of the Utility prior to the Petition Date, which part of such final order or judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

3. Upon the date of the entry of this Order, the Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Proofs of Claim, and each Proof of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the respective claimant and the Reorganized Debtors, or (b) sixty (60) days after any Party files notice in the Bankruptcy Court that a final order liquidating the underlying claim has been entered in the FERC Proceeding and all appeals from such final order have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

3(a) hereof, the Reorganized Debtors object to the respective Proof of Claim for any portion of the underlying claim that has not been resolved by a final order in the FERC Proceeding or on any grounds not decided by the FERC and not precluded by the Bankruptcy Court, and the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Reorganized Debtors or any other party in interest, of any right to object to the Proofs of Claim for any portion of the underlying claims that has not been resolved by a final order in the FERC Proceeding or on any grounds not precluded by a final order in the FERC Proceeding or by judgment of the Bankruptcy Court, or

    b. a waiver by either of the Districts of its rights to oppose any asserted challenge to its respective Proof of Claim, or

    c. a waiver by any Party of any claim or defense in the FERC Proceeding, or

    d. a waiver by the Districts or either of them of any right to (i) relief in the FERC Proceeding related to post-petition acts or failures to act of the Utility, or (ii) non-monetary relief granted in the FERC Proceeding with respect to pre-petition or post-petition acts or failures to act of the Utility as to any matter at issue in the FERC Proceeding

5. The Stipulation shall be binding on the Parties and each of their successors in interest.

6. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

9. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order or the Stipulation.

APPROVED AS TO FORM AND CONTENT:

Dated: March 2, 2022

DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

/s/ *Sean M. Neal*
Sean M. Neal

*Attorneys for Modesto Irrigation District*

DUNCAN & ALLEN LLP

/s/ *Jon R. Stickman*
Jon R. Stickman

*Attorneys for Turlock Irrigation District*

*** END OF ORDER ***