**Entered on Docket**
**March 14, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: March 14, 2022**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

<u>ORDER DENYING MOTION FOR RELIEF FROM ORDER</u>
<u>BY SPIRO JANNINGS</u>

On January 13, 2022, the court signed an *Order Disallowing and Expunging Claim No. 58462, Filed October 17, 2019, of Spiro Jannings* ("Order") (Dkt. 11829). On January 26, 2022, Creditor Spiro Jannings ("Jannings") filed the Motion for Relief From Order ("Motion") (Dkt. 11871) seeking to vacate the Order pursuant to Fed. R. Civ. P. 60(b) or 59(e)("Rule"), as applied

-1-

to bankruptcy matters by Fed. R. Bankr. P. 9023 and 9024. For the reasons stated below, the Court DENIES the Motion.

"A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). In the Ninth Circuit, a motion for reconsideration of an allowed or disallowed claim shall be considered pursuant to Rule 59 if the motion is filed within the applicable appeal period, and pursuant to Rule 60 if the motion is filed after the applicable appeal period but within a reasonable amount of time. *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).

Jannings seeks relief under both Rule 59(e) and Rule 60(b), but only makes an argument under Rule 60(b). Accordingly, the court analyzes the Motion under Rule 60(b) alone. Under Rule 60(b), a court may reconsider or reverse its prior judgment in several circumstances, which are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Jannings argues that the court should reverse its prior Order due to Jannings' excusable

neglect, or alternatively, "any other reason that justifies relief" resulting from misplaced reliance on a request for Debtors to agree to further delay a hearing Debtors' *Objection to Claim* ("Objection") (Dkt. 11388) in favor of potentially remanding the matter to state court. This explanation of misplaced reliance only tells part of the story of Jannings' purported excusable neglect.

In the Ninth Circuit, courts may apply a non-exclusive four-factor framework "to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Those four factors are "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Negligence on the part of counsel may constitute excusable neglect. *Id.* at 1123; *Pioneer*, 507 U.S. at 395. It is imperative that the court weigh all factors in making a determination of excusable neglect. *Bateman*, 231 F.3d at 1224. Weighing all equitable factors, the court determines that Rule 60(b) relief is not available to Jannings.

The first factor weighs in favor of Jannings. There is little danger of prejudice to Debtors other than the prejudice that could result either from further delay of determination of the Objection, or from the loss of a quick default victory. Neither risk to Debtors constitutes the type of prejudice with

-3-

which the court is concerned. *Id.* at 1225, *citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985). While Debtors argue that the concept of finality will be upended should the Motion be granted, the Court disagrees. Any future requests for relief from the court's prior orders will have to meet the standards of Rule 60(b).

The second factor weighs in favor of Debtors. While Jannings is correct that only thirteen days elapsed between the docketing of the Order and the Motion, more than three months have elapsed between Debtor's initial Objection, filed on October 8, 2021, and Jannings' Motion, filed on January 26, 2022. Debtors extended the deadline for Jannings to oppose the Objection to January 4, 2022, and Jannings deliberately did not oppose the Objection. Instead, Jannings' counsel relied on Debtors to agree to further delay the deadline. When Debtors refused the request for more time on December 7, 2021, Jannings' counsel opted to file a document titled on the docket as *Motion to Dismiss and Abstain* ("Abstention Motion") (Dkt. 11753) on December 28, 2021, which to this day has not been served or set for hearing. As the extended deadline drew closer, Jannings' counsel filed an ex parte *Motion to Extend Time* (Dkt. 11768) on December 30, 2021, which requested the court indefinitely vacate the opposition deadline pending the outcome of the (again, unserved and un-set) Abstention Motion. After the court denied the request to vacate the deadline, Jannings still did not file any opposition. When given the chance by this court to oppose

-4-

the lodging of the Order by default, the opportunity was declined with a statement from Jannings' counsel that he would instead pursue a motion for relief from the Order. While a potential delay resulting from a grant of reconsideration would be relatively minor, the court must note the three-month delay between the Objection and the entry of the Order, and the active involvement of Jannings in that initial delay.

The third factor weighs heavily in favor of Debtors. Jannings attempts to lay some of the blame with Debtors for not quickly responding to a request for further extension of the deadline along with a request to remand the lawsuit underlying the Objection to state court. This attempt fails. Debtors did not upset an agreement at the eleventh hour; at the time Debtors declined the requests for further time and abstention, Jannings still had twenty-eight days to timely file an opposition or to set his Abstention Motion for hearing. This opportunity was rejected instead for the maneuvers described above. Jannings had time to file anything other than an opposition to the Objection. The reason behind the refusal to file even a bare-bones opposition is an unfortunate result of willfulness, not neglect. The Motion newly reveals Jannings' state court counsel's longstanding and difficult illness, to which the court offers only its sympathies. However, counsel's illness was not the cause of the delay. The Motion clearly explains that because both Jannings' bankruptcy counsel and his state court counsel had assumed Debtors would further continue the hearing, no work had been undertaken in the two months between the initial filing of the Objection and the Debtors' refusal to

-5-

further delay determination of the Objection. The default is not a result of a passive mistake or an inability to work due to illness, but an active litigation decision.

The fourth factor appears to be neutral. While the deliberate delays of Jannings' counsel are not excusable, those acts appear only to be misguided and not in bad faith. Every decision by counsel appears to have been made in an effort to garner the best outcome for Jannings. It is unfortunate those efforts were ill-considered.

No other reason justifies relief here. No argument supporting the basis of Jannings' Proof of Claim has been made in any court, and the extended opportunity to do so has long since passed.

Accordingly, the Motion is DENIED.

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients