1  THOMAS G. MOUZES (SBN 99446)
   MARK GORTON (SBN 99312)
2  ROBERT D. SWANSON (SBN 162816)
   **BOUTIN JONES INC.**
3  555 Capitol Mall, Fifteenth Floor
   Sacramento, CA 95814
4  Telephone: (916) 321-4444
5  Email: tmouzes@boutinjones.com
          mgorton@boutinjones.com
6         rswanson@boutinjones.com

7
   *Attorneys for Parties-in-Interest*
8  *CITY OF SANTA CLARA*
   *dba SILICON VALLEY POWER and*
9  *NORTHERN CALIFORNIA POWER AGENCY*

10
   LISA S. GAST (*pro hac vice*)
11 **DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.**
   1667 K Street NW, Suite 700
12 Washington, DC 20006
   Telephone: (202) 791-3601
13 Email: lsg@dwgp.com

14
   *Attorney for Party-in-Interest*
15 *CITY OF SANTA CLARA dba SILICON VALLEY POWER*

16 JANE LUCKHARDT (SBN 141919)
   General Counsel
17 **NORTHERN CALIFORNIA POWER AGENCY**
   651 Commerce Drive
18 Roseville, CA 95678-6411
   Phone: 916.781.3636
19 Email: Jane.Luckhardt@ncpa.com

20
   *Attorney for Party-in-Interest*
21 *NORTHERN CALIFORNIA POWER AGENCY*

22
23                    UNITED STATES BANKRUPTCY COURT
24                    NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO DIVISION
25

26 | In re                              | Case Nos. 19-30088 DM (Lead Case) |
   |                                    | 19-30089 DM                       |
27 | PG&E CORPORATION                   |                                   |
   | -and-                              | Chapter 11                        |
28 | PACIFIC GAS AND ELECTRIC           | Jointly Administered              |
   | COMPANY,                           |                                   |

| | | |
|---|---|---|
| 1 | Debtors. ) | NOTICE OF APPEARANCE AND EX PARTE APPLICATION FOR ORDER AUTHORIZING CITY OF SANTA CLARA, DBA SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY TO INTERVENE AND FILE A RESPONSE TO CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT CANNOT BE ASSUMED AND THAT THE DEPARTMENT OF WATER RESOURCES' CLAIM NO. 78014 BE PAID. [Related To Docket Nos. 11887, 11896, 11999] |
| 2 | ☐ Affects PG&E Corporation ) | |
| 3 | ☐ Affects Pacific Gas and Electric Company ) | |
| 4 | ☑ Affects both Debtors. ) | |
| 5 | * All papers shall be filed in the Lead Case No. 19-30088 DM ) | |

Date: N/A
Time: N/A
Courtroom: 17
Place: United States Bankruptcy Court
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94102
Judge: Hon. Dennis Montali

**TO DEBTORS, THE DEPARTMENT OF WATER RESOURCES OF THE STATE OF CALIFORNIA, AND ALL OTHER PARTIES OF INTEREST:**

City of Santa Clara dba Silicon Valley Power ("**SVP**") and Northern California Power Agency ("**NCPA**") hereby submit this Ex Parte Application (the "**Application**"), pursuant to Rule 9006-1(c) and 9013 of the Bankruptcy Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), and this Court's Second Amended Order Implementing Certain Notice And Case Management Procedure, ¶23, (Dkt. No. 1996), for an order authorizing SVP and NCPA to intervene and file a response to California Department of Water Resources' ("**DWR**") "Motion for Order Determining that the Castle Rock Agreement Cannot Be Assumed and that the Department of Water Resources' Claim No. 78104 Be Paid." (Dkt. No. 11887) in accordance with the procedure set forth in the Court's "Memorandum Decision Regarding Dispute Between Debtors And The California Department of Water Resources" filed March 8, 2022, Dkt. No. 11999.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan for Reorganization Dated June 19, 2020 [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Dkt. No. 8252] (the "**Effective Date**").

On February 1, 2022, the DWR filed its "California Department of Water Resources' Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot Be Assumed and that the Department of Water Resources' Claim No. 78104 Be Paid." [Dkt. No. 11887.]

On February 2, 2022, Reorganized Debtors filed their "Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources." [Dkt. No. 11896.] SVP and NCPA were not a party to either motion. Because SVP and NCPA are parties to the arbitration provision in the Castle Rock Agreement (the "**Cotenancy Agreement**"), Reorganized Debtors did indicate in their motion, Dkt. No. 11896, at footnote 1 that "NCPA and SVP have each authorized PG&E to indicate their support for this Motion and, if the Motion is granted, have indicated that they will participate in the ordered arbitration of the dispute."

On March 8, 2022, this Court issued its "Memorandum Decision Regarding Dispute between Debtors and the California Department of Water Resources," Dkt. No. 11999 (the "**Decision**") granting DWR's motion and denying Debtors' motion. The Court ruled that Debtors have until March 25, 2022 to file a memorandum, not to exceed twenty pages and "limited to the discrete issue described above, in support of their position." And that DWR has until April 8, 2022, to "file a reply memorandum, not to exceed twenty pages and similarly limited." The Court reserved the question of whether to order arbitration of DWR's future liability or a damages trial should Debtors prevail on the question of "whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Agreement."

In light of the Court's Decision, SVP and NCPA request permission to intervene and file a response to DWR's motion not to exceed ten (10) pages by March 25, 2022. Before filing this Application, counsel for PG&E sought consent of DWR to the relief sought herein (as well as other issues related to the Motions). DWR refused to consent to the relief requested by SVP and NCPA. The Reorganized Debtors do not oppose the requested relief by SVP and NCPA by this Application.

## II. INTERVENTION AND BRIEFING BY SVP AND NCPA IS WARRANTED.

SVP and NCPA seek permission to intervene and submit a brief limited to ten pages by March 25, 2022 on the question presented by the Court in the Decision: namely, whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Cotenancy Agreement. SVP and NCPA seek to intervene and present their own joint brief for the following reasons.

First, SVP and NCPA wish to address the merits of the issue presented by the Court in its Decision. In light of this Court's Decision, this proceeding is no longer merely a question of the proper forum for this dispute but a question now as to the merits of this dispute. And as such, SVP and NCPA should be permitted to intervene and protect their interests.[1] The question presented by the Court to be adjudicated implicates SVP's and NCPA's rights under the Cotenancy Agreement. That said, SVP and NCPA recognize there are common arguments to be advanced by PG&E, SVP, and NCPA in response to DWR's motion. In light of this, SVP and NCPA agree to limit their brief to ten pages and will seek to avoid duplication of argument with PG&E but instead focus on arguments unique to their position.

In that regard, only DWR, NCPA, and SVP are parties to the Castle Rock-Lakeville 230 kV Transmission Line Transmission Service Agreement between Northern California Power Agency and the City of Santa Clara and Department of Water Resources of the State of California (the

---

[1] In SVP's and NCPA's view, there was no need to burden the Court or parties with additional briefing from them on the question of the arbitrability of this dispute. It was sufficient for PG&E to convey that SVP and NCPA (non-parties to this proceeding) agreed that the dispute concerning the Cotenancy Agreement should be arbitrated as provided under the terms of the Cotenancy Agreement. And given PG&E's preliminary (non-merits) opposition to DWR's motion premised on PG&E's belief that the arbitration question was a "gating issue," it was premature for SVP and NCPA to intervene in the proceeding until the Court determined whether it would exercise jurisdiction over the dispute. It was the Court's determination that it will decide some or all of the issues related to the merits of the dispute over the Cotenancy Agreement that now necessitates SVP's and NCPA's intervention and participation in the dispute in this forum.

"Transmission Service Agreement"). We anticipate that our brief will focus on the interrelated nature of the Transmission Service Agreement and the Cotenancy Agreement, and why a complete understanding of the Transmission Services Agreement will demonstrate that DWR's attempt to terminate its participation in the Cotenancy Agreement was unsuccessful and therefore DWR's claim for refund is without merit.

Second, as set forth above, the question presented by the Court in its Decision necessarily implicates the Transmission Service Agreement, which is derivative of the Cotenancy Agreement. PG&E is not a party to the Transmission Service Agreement and is in no position to defend SVP's and NCPA's rights and interests under that agreement. Moreover, even if DWR stipulates that it does not seek an adjudication of the parties' rights and obligations under the Transmission Service Agreement, the fact that the Transmission Service Agreement is integral to the dispute over the Cotenancy Agreement creates a risk that the adjudication of issues related to the Transmission Service Agreement may prejudice SVP and NCPA in a future, separate action against DWR related to that agreement. Indeed, given that the agreements are so intertwined, SVP and NCPA submit that the Court cannot adjudicate this dispute without interpreting the Transmission Service Agreement and that very fact risks prejudicing SVP's and NCPA's rights in and to an agreement to which PG&E is not a party and over which this Court does not presently have jurisdiction. In sum, SVP and NCPA seek this intervention and permission for limited briefing in order to protect their interests in the Transmission Service Agreement, which interests are unique and independent of PG&E, and the Cotenancy, where its interests are aligned with those of PG&E. SVP and NCPA submit that the "burden" of this additional briefing is nominal to DWR and can be ameliorated by the Court allowing DWR to file a separate reply brief and/or give DWR more time to file its reply papers.

### III. NOTICE

Notice of this Application will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel for DWR and counsel for the Debtors and Reorganized Debtors; and (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system. SVP and NCPA respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by SVP and NCPA to this or any other court.

**WHEREFORE**, SVP and NCPA respectfully request entry of an order authorizing them to intervene and file a response to DWR's motion not to exceed ten pages by March 25, 2022.

DATED: March 15, 2022.

RESPECTFULLY SUBMITTED,

BOUTIN JONES INC.

By: */s/ Thomas G. Mouzes*
    Thomas G. Mouzes
    Mark Gorton
    Robert D. Swanson

-and-

Lisa S. Gast
DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

Attorney *for Creditor and Party-in-Interest,*
*CITY OF SANTA CLARA dba SILICON VALLEY POWER*

-and-

Jane Luckhardt
General Counsel
NORTHERN CALIFORNIA POWER AGENCY

*Attorney for Creditor and Party-in-Interest*
*NORTHERN CALIFORNIA POWER AGENCY*