THOMAS G. MOUZES (SBN 99446)
MARK GORTON (SBN 99312)
ROBERT D. SWANSON (SBN 162816)
**BOUTIN JONES INC.**
555 Capitol Mall, Fifteenth Floor
Sacramento, CA 95814
Telephone: (916) 321-4444
Email: tmouzes@boutinjones.com
       mgorton@boutinjones.com
       rswanson@boutinjones.com

*Attorneys for CITY OF SANTA CLARA
dba SILICON VALLEY POWER and
NORTHERN CALIFORNIA POWER AGENCY*

LISA S. GAST (*pro hac vice*)
**DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.**
1667 K Street NW, Suite 700
Washington, DC 20006
Telephone: (202) 791-3601
Email: lsg@dwgp.com

*Attorney for Creditor and Party-in-Interest
CITY OF SANTA CLARA dba SILICON VALLEY POWER*

JANE LUCKHARDT (SBN 141919)
General Counsel
**NORTHERN CALIFORNIA POWER AGENCY**
651 Commerce Drive
Roseville, CA 95678-6411
Phone: 916.781.3636
Email: Jane.Luckhardt@ncpa.com

*Attorney for Creditor and Party-in-Interest
NORTHERN CALIFORNIA POWER AGENCY*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br>-and-<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>           Debtors. | Case Nos. 19-30088 DM (Lead Case)<br>                19-30089 DM<br><br>Chapter 11<br>Jointly Administered |

| | |
|---|---|
| ☐ Affects PG&E Corporation | DECLARATION OF THOMAS G. MOUZES IN SUPPORT OF NOTICE OF APPEARANCE AND EX PARTE APPLICATION FOR ORDER AUTHORIZING CITY OF SANTA CLARA, DBA SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY TO INTERVENE AND FILE A RESPONSE TO CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT CANNOT BE ASSUMED AND THAT THE DEPARTMENT OF WATER RESOURCES' CLAIM NO. 78014 BE PAID. |
| ☐ Affects Pacific Gas and Electric Company | |
| ☑ Affects both Debtors. | |
| * All papers shall be filed in the Lead Case No. 19-30088 DM | |

[Related To Docket Nos. 11887, 11896, 11999]

Date: N/A
Time: N/A
Courtroom: 17
Place: United States Bankruptcy Court
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94102
Judge: Hon. Dennis Montali

I, Thomas G. Mouzes, state and declare:

1. I am an attorney at law licensed to practice before all state and federal courts in the State of California and am a shareholder of the law firm of Boutin Jones Inc., co-counsel for City of Santa Clara dba Silicon Valley Power ("**SVP**") and Northern California Power Agency ("**NCPA**").

2. I am over the age of 18. I am personally familiar with the facts recited herein, except where based upon information and belief and as to those matters, I believe them to be true. If called upon, I could and would testify competently thereto. Boutin Jones Inc. maintains its principal offices in Sacramento, California.

3. I submit this declaration in support of the Ex Parte Application for an order authorizing SVP and NCPA to intervene and file a response to California Department of Water Resources' ("**DWR**") "Motion for Order Determining that the Castle Rock Agreement Cannot Be Assumed and

that the Department of Water Resources' Claim No. 78104 Be Paid" (Dkt. No. 11887) in accordance with the procedure set forth in the Court's Memorandum Decision Regarding Dispute Between Debtors And The California Department of Water Resources filed March 8, 2022, Dkt. No. 11999.

4. I am informed that on February 1, 2022, the DWR filed its "California Department of Water Resources' Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot Be Assumed and that the Department of Water Resources' Claim No. 78104 Be Paid." [Dkt. No. 11887.]

5. I am informed that on February 2, 2022, the Reorganized Debtors filed their "Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources." [Dkt. No. 11896.] SVP and NCPA were not a party to either motion but because SVP and NCPA are parties to the arbitration provision in the Castle Rock Agreement (the "**Cotenancy Agreement**"), Reorganized Debtors indicated in Footnote 1 that "NCPA and SVP have each authorized PG&E to indicate their support for this Motion and, if the Motion is granted, have indicated that they will participate in the ordered arbitration of the dispute."

6. On March 8, 2022, this Court issued its Memorandum Decision Regarding Dispute between Debtors and the California Department of Water Resources, Dkt. No. 11999, (the "**Decision**") granting DWR's motion and denying Debtors' motion. I am informed the Court ruled that Reorganized Debtors have until March 25, 2022 to file a memorandum, not to exceed twenty pages and limited to the discrete issue described in the memorandum. And that DWR has until April 8, 2022, to "file a reply memorandum, not to exceed twenty pages and similarly limited." The Court reserved the question of whether to order arbitration of DWR's future liability or a damages trial should Debtors prevail on the question of "whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Agreement."

7. In light of the Court's Decision, and to protect their separate interests, SVP and NCPA seek permission to intervene and submit a response limited to ten pages by March 25, 2022 on the question presented by the Court in the Decision: namely, whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Cotenancy Agreement. SVP and NCPA

seek to intervene and present their own joint brief for the reasons set forth in the Ex Parte Application.

8.   I am informed that the burden of this additional briefing is nominal to DWR and can be ameliorated by the Court allowing DWR to file a separate reply brief and/or give DWR more time to file its reply papers.

9.   Before filing this Ex Parte Application, counsel for PG&E sought the consent of DWR to the relief requested by SVP and NCPA sought in this Ex Parte Application (as well as other issues relate to the Motions). DWR refused to consent to the relief requested for SVP and NCPA. A copy of the email exchange of counsel of March 10 and March 11 is attached hereto as **Exhibit A**. Counsel for the Reorganized Debtors, Jane Kim, has informed Boutin Jones that the Debtors and Reorganized Debtors do not oppose the requested relief by SVP and NCPA by this Ex Parte Application.

10.  No previous request for relief sought by this Ex Parte Application has been made by SVP and NCPA.

11.  SVP and NCPA request permission to appear and file a separate response to DWR's motion not to exceed ten (10) pages by March 25, 2022.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on March 15, 2022, at Sacramento, California.

THOMAS G. MOUZES

# EXHIBIT A

**Tom Mouzes**

| | |
|---|---|
| **From:** | Paul Pascuzzi <ppascuzzi@ffwplaw.com> |
| **Sent:** | Friday, March 11, 2022 6:49 PM |
| **To:** | Jane Kim; Robert D. Swanson; Tom Mouzes |
| **Cc:** | Danette E. Valdez; Annadel Almendras; David Taylor |
| **Subject:** | RE: [External] CDWR-PG&E |

Jane, Tom and Bob,

Here is DWR's response to your requests:

1. Unfortunately, DWR is not willing to agree that NCPA and SVP can intervene and file a brief. We believe that if the Court wanted briefs from NCPA and SVP, it would have provided that opportunity in its decision. DWR reserves the right to oppose any request, including seeking further pages in its response if intervention is granted.

2. On the March 23 claim objection deadline, DWR agrees that the deadline has been met since the claim issues are before the Court based on the Court's memorandum decision.

3. With regard to the arbitration deadline, DWR is still reviewing the request. Can you please elaborate on the need to address the arbitration deadline? It seems to us that the Court's memorandum decision addresses this issue by denying the Debtors' motion, but mentioning the possibility that arbitration "may" be appropriate for liquidation of the amount if the Court were to rule in the Debtors' favor on the liability issue.

Thank you.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage: www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.

1

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Friday, March 11, 2022 10:01 AM
**To:** Jane Kim <jkim@kbkllp.com>
**Cc:** Danette E. Valdez <danette.valdez@doj.ca.gov>; Annadel Almendras <annadel.almendras@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; Robert D. Swanson <RSwanson@boutinjones.com>; David Taylor <dtaylor@kbkllp.com>
**Subject:** RE: CDWR-PG&E

Jane, Tom and Bob,

Email received. We will get back to you as soon as we can with DWR's response.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com  webpage:  www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.


**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Thursday, March 10, 2022 3:48 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Cc:** Danette E. Valdez <danette.valdez@doj.ca.gov>; Annadel Almendras <annadel.almendras@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; Robert D. Swanson <RSwanson@boutinjones.com>; David Taylor <dtaylor@kbkllp.com>
**Subject:** RE: CDWR-PG&E

Paul:

Thanks for the email. By this email, I'm copying in Tom Mouzes and Bob Swanson, who are representing SVP and NCPA in this matter. We have three requests for you:
1. SVP and NCPA would like to intervene in this matter and file a supplemental brief (up to 10 pages), which would be due on March 25 as well and would address the issues that are specific to those two entities. Will DWR consent to that intervention? If so, we will prepare a stipulation and order.
2. Regarding the March 23 claim objection deadline, will DWR agree that that deadline has been met, or agree to extend that deadline to March 25 and deem PG&E's brief required by the court an objection to DWR's claim for purposes of the claim objection deadline?
3. Regarding the March 30 arbitration deadline, as you know, the Court suggested in his decision that there might be a possibility that arbitration may be warranted on the damages issue if necessary. In addition, the parties

2

Exhibit A
Page 2 of 3
Case: 19-30088    Doc# 12024-1    Filed: 03/15/22    Entered: 03/15/22 15:48:45    Page 7 of 8

would like to preserve their appeal right. Will DWR agree to hold the March 30 date in abeyance, subject to all of DWR's other rights and arguments, such that the failure of PG&E, SVP, and NCPA to commence arbitration as of March 30 is not considered a waiver of the right to arbitrate, so that SVP and NCPA do not have to commence arbitration in order to preserve that right?

Because of the time urgencies, we'd appreciate a response by tomorrow, particularly on the first question.

Thanks,
Jane

JANE KIM
KELLER BENVENUTTI KIM LLP
Direct: 415.364.6793
Cell: 917.637.0290

KBK | KELLER BENVENUTTI KIM
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.