ROBERT BONTA, SBN 202668
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

PAUL J. PASCUZZI, SBN 148810
NICHOLAS L. KOHLMEYER, SBN 299087
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
ppascuzzi@ffwplaw.com
nkohlmeyer@ffwplaw.com

Attorneys for California Department of Water
Resources, by and through the State Water Project

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☑  Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:   N/A<br>Time:  N/A.<br>Ctrm:   17<br>Judge:  Dennis Montali |

**CALIFORNIA DEPARTMENT OF WATER RESOURCES' OPPOSITION TO THE EX PARTE APPLICATION FOR ORDER AUTHORIZING CITY OF SANTA CLARA, DBA SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY TO INTERVENE AND FILE A RESPONSE TO CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E CANNOT BE ASSUMED AND THAT THE DEPARTMENT OF WATER RESOURCES' CLAIM NO 78104 BE PAID**

The California Department of Water Resources ("CDWR") opposes the Ex Parte Application for an Order Authorizing the City of Santa Clara dba Silicon Valley Power ("SVP") and Northern California Power Agency ("NCPA") to Intervene and File a Response ("Application") to CDWR's Motion for an Order Determining that the Castle Rock Agreement Cannot Be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid ("Motion").

## I. SVP and NCPA's Application to Intervene is Untimely

There are three criteria for determining whether a motion to intervene is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; (3) the reason for any delay in moving to intervene." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). SVP and NCPA do not satisfy these criteria. CDWR filed its Motion on February 1, 2022. CDWR served SVP and NCPA with the Motion, but neither SVP nor NCPA intervened at that time to respond to CDWR's motion. CDWR's motion was heard on March 2, 2022, and the Court issued its memorandum decision on March 8. SVP and NCPA attempt to intervene now at this late stage in the proceedings before this Court to address an entirely separate agreement not pertinent to the issues raised in CDWR's motion. This attempt unfairly raises a separate matter that is not properly before this Court.

SVP and NCPA admit that they were coordinating with PG&E on the dispute, but they claim that it was premature for them to intervene in the proceeding because PG&E's preliminary (non-merits) opposition to the Motion was premised on the belief that the arbitration question was a gating issue. (Ex Parte Application, n. 1.) However, CDWR's Motion addressed the merits of the dispute. As the Court recognized at the hearing, SVP and NCPA have capable counsel and had months to file something. (Transcript of Proceedings, March 2, 2022, at 57:10-17.) SVP and NCPA chose to remain silent, foregoing the opportunity to weigh in on either of the two motions that were filed. NCPA and SVP knowingly took the risk that the Court would rule on the merits without their input when they chose not to participate.

//

//

## II. Briefing by SVP and NCPA Is Unnecessary to Resolve the Dispute

In its Memorandum Decision, the Court defined the issues in the dispute as: (1) whether the Castle Rock Agreement was subject to the reserved assumption provisions of the Plan at all, and (2) whether CDWR could be required to pay anything after it gave its notice of termination. (Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources, March 8, 2022, at 6:19-26.) The Court recognized that there are no material facts in dispute as to the second issue. (*Id*. at 7:6-12.) Both issues can be decided by interpreting the Castle Rock Agreement.

SVP and NCPA argue that any brief they are permitted to file will focus on the "interrelated nature" of the Transmission Service Agreement (TSA) between SVP, NCPA and CDWR and the Castle Rock Agreement, and "why a complete understanding of the [TSA] will demonstrate that DWR's attempt to terminate its participation in the . . . [Castle Rock Agreement] was unsuccessful and therefore DWR's claim for refund is without merit." (Ex Parte Application at 5:1-5.) However, the issue of whether CDWR's termination was effective should be decided based on interpretation of the Castle Rock Agreement and not extrinsic evidence about another separate agreement. Only the terms in the Castle Rock Agreement are relevant to the Court-defined issues.

The Court was aware that SVP and NCPA are parties to the Castle Rock Agreement and appears to have decided it did not want or need their input on these issues by limiting the briefing to the Debtors and CDWR. SVP and NCPA's interests are aligned with, and adequately represented by the Debtors' briefing on the issues. No separate briefing from SVP and NCPA is necessary.

## III. If Intervention is Allowed, It Should Be Subject to Conditions

If the Court decides to allow SVP and NCPA to intervene, it should be subject to certain conditions. Namely, SVP and NCPA should be precluded from expanding the issues for resolution. The issues should remain as defined by the Court in its decision. In addition, CDWR requests the Court either (1) direct SVP and NCPA to file a joint brief with the Debtors with the existing page limit, or (2) direct NCPA and SVP to file a joint brief limited to 10 pages and allow CDWR an extra 10 pages to respond to their brief.

# CONCLUSION

For the reasons stated above, CDWR respectfully requests that the Court deny SVP and NCPA's ex parte application to intervene or, in the alternative, if the Court allows intervention, it should do so subject to the restrictions outlined above.

Dated: March 17, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ROBERT BONTA, SBN 202668
　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　DANETTE VALDEZ, SBN 141780
　　　　　　　　　　　　　　　　　　ANNADEL ALMENDRAS, SBN 192064
　　　　　　　　　　　　　　　　　　Supervising Deputy Attorneys General


　　　　　　　　　　　　　　　　By: ___/s/ Paul J. Pascuzzi_____
　　　　　　　　　　　　　　　　　　PAUL J. PASCUZZI
　　　　　　　　　　　　　　　　　　FELDERSTEIN FITZGERALD
　　　　　　　　　　　　　　　　　　WILLOUGHBY PASCUZZI & RIOS LLP
　　　　　　　　　　　　　　　　　　Attorneys for California Department of Water
　　　　　　　　　　　　　　　　　　Resources, by and through the State Water Project

# PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On March 17, 2022, I served the within documents:

**CALIFORNIA DEPARTMENT OF WATER RESOURCES' OPPOSITION TO THE EX PARTE APPLICATION FOR ORDER AUTHORIZING CITY OF SANTA CLARA, DBA SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY TO INTERVENE AND FILE A RESPONSE TO CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E CANNOT BE ASSUMED AND THAT THE DEPARTMENT OF WATER RESOURCES' CLAIM NO 78104 BE PAID**

By Electronic Service only via CM/ECF.

_/s/ Susan R. Darms_
Susan R. Darms