Entered on Docket
March 18, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 18, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case No. 19-30088-DM |
| PG&E CORPORATION, | ) | Chapter 11 |
| - and - | ) | |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) | |
| Reorganized Debtors. | ) | |
| | ) | |
| William F. Weidman, III, | ) | U.S.D.C. No. 4:22-cv-00389-HSG |
| Appellant, | ) | |
| v. | ) | |
| PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY, | ) | |
| Appellees. | ) | |

**CERTIFICATION BY BANKRUPTCY JUDGE AND
RECOMMENDATION TO DISMISS APPEAL**

TO: HONORABLE HAYWOOD S. GILLIAM, JR., UNITED STATES DISTRICT JUDGE

B.L.R. 8009-1(b)(2) permits the bankruptcy court to recommend to the district court that an appeal be dismissed if an appellant fails to perfect an appeal in the manner prescribed by Bankruptcy Rule 8009.

In this case, the appellant has done nothing to perfect his appeal and I believe, therefore, that his appeal should be dismissed.

**BACKGROUND**

Mr. William F. Weidman, III ("Weidman") filed proof of claim # 10281 (the "Claim") on September 30, 2019 in the amount of $50,000,000.

On August 19, 2021, the Reorganized Debtors ("Debtors") filed their *One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* ("Objection") (Dkt. 11120), alleging in part that the events underlying Mr. Weidman's Claim were time-barred by California's two-year statute of limitations on personal injury claims. On September 10, 2021, Mr. Weidman timely filed an *Opposition to Notice of the Reorganized Debtors' One Hundred Second Omnibus Objection to Claims (No Legal Liability Claims)* (Dkt. 11239). On September 22, 2021, Debtors filed their *Reply in Support of Reorganized Debtors' Omnibus Objections to Claims* (Dkt. 11298). The court held a hearing on the matter on September 29, 2021. On October 6, 2021, the court issued an *Order Disallowing Proof of Claim # 10281 Filed by William F. Weidman, III* ("Order") (Dkt. 11381).

Between October 19, 2021 and November 15, 2021, Weidman filed three motions to extend time to file a motion for reconsideration of the Order. The court granted all three

requests.  On November 17, 2021, Weidman filed a *Petition for Reconsideration* (Dkt. 11596).  On December 10, 2021, the Debtors filed their *Opposition to Motion for Reconsideration by William F. Weidman, III* (Dkt. 11688).  On December 15, 2021, the court entered the *Order Denying Motion for Reconsideration by William F. Weidman, III* (Dkt. 11706).

**APPEAL**

On January 18, 2022, Weidman filed the *Notice of Appeal and Statement of Appeal* (Dkt. 11835).

Fed. R. Bankr. P. 8009(a)(1)(B) requires an appellant to file a designation of items to be included in the record on appeal and a statement of the issues to be presented within 14 days of filing the notice of appeal.  Thus, Weidman's designation and statement were due on February 3, 2022.

On March 3, 2022, the Clerk issued and served on Weidman a *Notice of Failure to Perfect Appeal* (Dkt. 11985).  Weidman has not filed anything nor has he sought more time to do so and no counsel has appeared on his behalf.

Accordingly, I recommend that the district court dismiss this appeal for lack of prosecution after Appellant has had an opportunity to respond and Appellees have had an opportunity to reply to any response. B.L .R. 8009-1(b)(3) provides:

> Upon receipt of a motion under subsection (1) or a recommendation under subsection (2) of this subsection ©, the Clerk of the District Court shall docket the motion in the case previously assigned to the appeal. Unless the assigned District Judge orders otherwise: within 14 days after receiving notice of the assignment to a District Judge, appellant shall file in the District Court a brief of not more than five pages in opposition to dismissal of the appeal; 14 days thereafter, appellee(s) may file a reply brief of

not more than five pages; no hearing will be held
unless the assigned District Judge orders otherwise.

***END OF CERTIFICATION***

-4-

COURT SERVICE LIST

William F. Weidman, III
108 Connolly Rd, #136
P.O. Box 136
Benson, MD  21018

-5-