KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

Jennifer L. Dodge (#195321)
LAW OFFICES OF JENNIFER L. DODGE INC.
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**PACIFIC GAS AND ELECTRIC COMPANY'S OPPOSITION TO TODD GREENBERG'S MOTION TO AMEND CLAIMS NUMBERED 77335 AND 76018 (GREENBERG CLAIMS)**<br><br>[Related to Dkt. No. 11992]<br><br>Hearing: March 29, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Pacific Gas and Electric Company (the "**Utility**" or "**PG&E**"), as debtor and reorganized debtor in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits this Opposition to *Creditor Todd Greenberg's Motion to Amend Claims Numbered 77335 and 76018* [Docket No. 11992] (the "**Motion to Amend**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**") on March 4, 2022, pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**").

Greenberg's Motion is untimely under the *Scheduling Order for Remote Trial* (the "**Scheduling Order**") [Docket No. 11943] entered on February 16, 2022, which both counsel for Greenberg and PG&E reviewed, negotiated, and agreed to prior to its entry by the Court. Moreover, PG&E will be severely prejudiced if Greenberg is permitted to amend his claims at this late date, with a trial date already set and Scheduling Order in place. The amended claims set forth new theories of liability regarding the cause of alleged damage to the deck on Greenberg's property, add new items of damage, and substantially increase the amount of damages sought by over $240,000. Even if the Court does allow Greenberg to amend his claims, the trial date should be continued to enable PG&E adequate time to conduct discovery regarding the newly alleged theories of liability, new items of damage and increase in the amount of damages.

**I.  Greenberg's Motion to Amend Claims Should be Denied Because It Does Not Comply With the March 15, 2022 Hearing Deadline Set Forth in the Scheduling Order Agreed to by the Parties and Entered by the Court on February 16, 2022.**

Page 4 of the Scheduling Order provides:

> **MOTIONS.** Unless otherwise ordered, (a) a motion by the Claimant to amend any of the three claims must be heard no later than **March 15, 2022** and (b) motions for summary judgment must be heard no later than **June 7, 2022**.

Under L.B.R. 9014-1(c), a motion to amend should have been filed no later than February 22, 2022 in order to meet the March 15 hearing deadline.[1] Notwithstanding that

---

[1] It is unclear whether the Motion to Amend seeks relief "generally" or against an "identified, named entity" and is subject to L.B.R. 9014-1(c)(1) (28-day notice) or (c)(2) (21-day notice). In

Greenberg agreed to have his Motion to Amend heard no later than March 15 (which was chosen because it is a previously-scheduled omnibus hearing date in these Chapter 11 Cases), Greenberg instead filed his Motion to Amend on March 4, ten days past the February 22 filing deadline, and independently set a hearing date of April 1, 2022, <u>seventeen</u> days past the March 15 hearing deadline. The April 1 date is not an omnibus hearing date in the Chapter 11 Cases, but a regular law and motion calendar for the Court's other matters. Greenberg did not contact counsel for PG&E to explain the delay or seek their consent to amend the Scheduling Order, and his Motion to Amend offers no explanation for why it is was filed late and not set for the hearing date to which he specifically agreed in the Scheduling Order.[2]

The Parties had ample opportunity to review and suggest changes to the draft of the Scheduling Order that was provided to them by the Court's judicial assistant. Indeed, one of the most disputed changes was setting the deadline for Greenberg's motion to amend claims. It was only in the process of negotiating the Scheduling Order that Greenberg first informed PG&E of his intention to amend some or all of his claims; this issue had not been raised in any of Greenberg's prior filings related to the claims. See Declaration of Jennifer L. Dodge ("**Dodge Decl.**"), ¶ 2, Ex. A, filed contemporaneously herewith. It was this development that necessitated the rescheduling of the trial from the late April date originally agreed to by counsel for Greenberg and PG&E at the December 21, 2021 hearing [Dec. 21, 2021 Hr'g Tr. 49:5-10; Docket Nos. 11917 and 11927]. See Dodge Decl., ¶ 3, Ex. B. Greenberg specifically agreed to the March 15 hearing deadline for a motion to amend set forth in the Scheduling Order. See Dodge Decl., ¶ 4, Ex. C.

---

any event, it was incumbent on Greenberg to act expeditiously to meet the hearing date to which he agreed in the Scheduling Order.

[2] The parties met and conferred regarding the April 1, 2022 hearing date set forth in the Motion to Amend, based on the fact that it was not a PG&E omnibus hearing date in the Chapter 11 Cases. The Parties agreed on a March 29, 2022 hearing date as set forth in the Stipulation filed with this Court on March 17, 2022 [Docket No. 12036], which the Court approved in its Order entered the next day [Docket No. 12041]; however, PG&E specifically reserved its right to oppose Greenberg's Motion to Amend based on its failure to comply with the Scheduling Order.

PG&E cannot conduct effective discovery and efficiently complete its preparation for trial until Greenberg's claims are no longer subject to amendment. Because the parties recognized that the timing of the trial was heavily dependent on the resolution of any motion to amend claims, the Scheduling Order was negotiated such that Greenberg would need to move promptly to seek any amendment of his claims.

Although not directly applicable to contested matters such as these claim objections, once a scheduling order has been issued in a civil action or adversary proceeding, Federal Rule of Civil Procedure 16(b)(4) provides that it can only be modified upon a showing of good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4); Fed. R. Bankr. P. 7016(a). Once good cause is shown, the requirements of Civil Rule 15 must be satisfied. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Good cause turns on a party's diligence in seeking the amendment and is not compatible with carelessness. *Id.* at 609 (citations omitted). Here Greenberg has failed to demonstrate good cause for his failure to comply with the March 15 hearing deadline set forth in the Scheduling Order to which he specifically agreed. Accordingly, the Motion to Amend should be denied on this basis.

**II.   Even if Greenberg Could Demonstrate Good Cause to Amend the Scheduling Order, The Motion to Amend Should be Denied Because PG&E Will be Severely Prejudiced By The Introduction of New Theories of Liability Involving Third Parties and Addition of New Items of Damage.**

*Foman v. Davis*, 371 U.S. 178, 182 (1962) sets forth the factors considered by the court in determining whether to grant a motion to amend a pleading: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. Prejudice to the opposing party is the most important factor, according to the Ninth Circuit. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The Ninth Circuit's jurisprudence regarding

amendment of claims in bankruptcy cases follows this line of thinking, with prejudice being the touchstone of any inquiry. *See In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816-17 (9th Cir. 1985). In determining prejudicial effect, courts look to elements such as bad faith or unreasonable delay, reliance by the debtor, or change in the debtor's position. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006) (citing *In re Roberts Farms, Inc.*, 980 F.2d 1248, 1251-52 (9th Cir. 1992).

The three Greenberg claims have been subject to thorough briefing in the past two years and mediation during the last year – long prior to Greenberg's recent late effort to amend his claims. Greenberg initially filed all three claims in October 2019, and PG&E filed objections to Claim No 77335 in November 2020 and Claims Nos. 76018 and 78381 in October 2021. Greenberg submitted briefing to this Court on Claim No. 77335 on December 1, 2020, and August 13, 2020 (after several extensions of time). [Docket Nos. 9646 and 11059]. The parties submitted mediation briefs and participated in a mediation to resolve all three claims in July 2021 before Mediator Tim Corcoran. Four months later, Greenberg filed a brief regarding Claims Nos. 76018 and 78381 on December 7, 2021 (after an extension of his time to respond to the 110th Omnibus Objection). [Docket No. 11677].

Greenberg claims in his Motion to Amend Claims that the claims here are well-known to PG&E and therefore there is no undue prejudice to PG&E in amending his claims. *See* Mot. 2. This is simply not true. While PG&E is well-aware of Greenberg's property damage claims, Greenberg's proposed amended claims not only substantially increase the amount of claimed damages, they also introduce new facts and theories of liability involving third parties. Indeed, the amount sought for Claim No. 77335 more than tripled from $37,635.04 to $123,456.74, an increase of $85,821.70. On March 2, 2022, Greenberg served a subpoena to Veteran Power, Inc. for records related to work in 2016, apparently relating to Claim No. 77335. This is the first time that Greenberg has even mentioned Veteran Power, Inc., a third party, in relation to this claim, and PG&E is not aware of what relevance Veteran Power has or what role it may play in regard to this claim.

The amount sought for Claim No. 76018 is increased from $299,228.89 to $455,313.92, an increase of $156,095.03. In his original claim, Greenberg claimed that PG&E was responsible for damages to his deck because ARB, a PG&E contractor, damaged his deck during the installation of the gas line from the meter to the house on the property. In the proposed amended claim, Greenberg now alleges that PG&E is responsible for replacing his deck because of PG&E's failure to repair the sidewalk in front of his house, resulting in damage to the water pipe connector to the house under the deck that in turn required replacement of the deck. This is a radically different theory of liability involving at least one new third party (and likely more) and bears no relation to his original claim regarding damage to the deck.

Moreover, Greenberg adds completely new items of damage to Claim No. 76018, including "damage to French drain system" (amount unknown); a new water pipe from the street ($6,478.25); damages to his BBQ and cost of a brand new BBQ ($3,704.80); damage to a new sewer lateral and "Christy Box" resulting from PG&E truck driving over the pipe ($7,171); and payment to the Town of Fairfax for sidewalk repair ($2,000). These items of damage are newly added and were not included in the original claim.

PG&E will be greatly prejudiced if Greenberg is allowed to amend his claims at this late juncture. PG&E does not know the identity of the third party(ies) who performed work on the water pipe connector (not owned by PG&E), and the deadlines set forth in the Scheduling Order do not provide PG&E with an adequate opportunity to conduct the necessary discovery regarding this newly alleged theory of liability and the third party(ies) involved. Greenberg has had ample opportunity to amend his claims prior to now and has simply failed to do so. He has offered no reason for why he did not or could not previously amend his claims. Greenberg should not be permitted to dramatically alter his theory of liability at this late date when a Scheduling Order has already been entered and a trial date set. Based on the severe prejudice to PG&E, the Motion to Amend should be denied.

### III. Even If Greenberg is Permitted to Amend His Claims, the June 27-28, 2022 Trial Date Should be Continued Because the Amended Claims Set Forth Completely New Theories of Liability Involving Third Parties, Which Will Require Additional Discovery Efforts and May Necessitate the Addition of New Parties Through an Adversary Proceeding.

As stated above, Greenberg purports to introduce a completely new theory of liability regarding replacement of the deck on the property involving unnamed third parties. No discovery has been conducted on this new theory of liability; in fact, PG&E does not even know the identity of the third party(ies) who performed the work on the water pipe connector that allegedly caused damage to the deck. PG&E will require additional time to conduct discovery on this new theory of liability involving third parties. Further, the discovery conducted by PG&E may reveal that additional parties are responsible for the damages claimed by Greenberg, and PG&E will need to determine at that time whether those third parties should be joined in this action.

Moreover, as discussed above, the proposed amended claims substantially increase the amount of damages sought by more than $240,000 and adds brand new items of damage, including damage to a "French drain system," a new water pipe, a new BBQ, and damage to a new sewer lateral and "Christy Box." These items of damage were not included in the original claims and PG&E will require additional time to conduct discovery related to them.

### IV. Conclusion

The Motion to Amend filed by Greenberg should be denied for the following reasons: (1) it is untimely in light of the Scheduling Order, and Greenberg cannot show good cause for his failure to comply with the deadline set forth in the Scheduling Order to which he specifically agreed; and (2) PG&E will be severely prejudiced by the introduction of new theories of liability involving unknown third parties and addition of new items of damage. Even if Greenberg is permitted to amend his claims, the Scheduling Order should be further amended and the June 27-28, 2022 trial date continued to allow PG&E an adequate opportunity to conduct discovery on the new items of damage claimed and the newly alleged theories of liability involving third parties, which may necessitate the addition of new parties through an adversary proceeding.

| | |
|---|---|
| March 22, 2022 | KELLER BENVENUTTI KIM LLP<br>LAW OFFICES OF JENNIFER L. DODGE INC.<br><br>By: /s/ *Jennifer L. Dodge*<br>Jennifer L. Dodge<br><br>Attorneys for Debtors and Reorganized Debtors |