# Exhibit B

 **Gmail**                                    **Jennifer Dodge <jdodgelaw@jenniferdodgelaw.com>**

## 19-30088 PG&E Corporation - Response Requested

**Jennifer Dodge** <jdodgelaw@jenniferdodgelaw.com>                    Mon, Feb 7, 2022 at 3:43 PM
To: Richard Lapping <rich@trodellalapping.com>
Cc: Thomas Rupp <trupp@kbkllp.com>
Bcc: Jennifer Dodge <jdodgelaw@gmail.com>

Rich:

The June 28-29 trial date will work.  Accordingly, I have updated the proposed Scheduling Order and attach it here for your review.  The motion hearing dates are set for dates certain to coincide with the Court's regular hearing dates.

Please review and let me know if you have any changes.

Jennifer

[Quoted text hidden]

---

📄 **Greenberg Updated Trial Scheduling Order by Zoom.docx**
47K



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC | ) |
| COMPANY, | ) |
| | ) Date:  June 28-29, 2022 |
| Reorganized Debtors. | ) Time:  9:00 AM |
| | ) Via Zoom Video |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 | ) |
| (DM). | ) |

**Deleted:** April 18

**SCHEDULING ORDER FOR REMOTE TRIAL**

On December 21, 2021, the Court held a scheduling conference on Reorganized Debtors' objections to the claims of Todd Greenberg ("Claimant") (See claims ##77335, 76018 and 78381, Fortieth Omnibus Objection to Claims (Dkt. No. 9455), and One Hundred Tenth Omnibus Objection to Claim (Dkt. No. 11420)).

-1-

Jennifer L. Dodge and Thomas B. Rupp appeared for the Reorganized Debtors.  Richard A. Lapping appeared for the Claimant.

Upon due consideration, the Court hereby enters the following scheduling order.

**TRIAL**. The trial or hearing ("Trial") on the above matters will commence on the Date and Time of Trial, set forth below and to be held via Zoom Video.  The Time Reserved for Trial is also shown below.  During the week prior to the Trial, the Court may move the starting time or day.  The Court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone or e-mail.  **All parties are cautioned to be prepared to adjust their schedules accordingly.**

The Court is closed to an in-person trial as a result of the dangers presented by the COVID-19 pandemic.  In accordance with Federal Rule of Civil Procedure 43(a), made applicable here by Federal Rule of Bankruptcy Procedure 9017, for good cause in compelling circumstances and with appropriate safeguards, the Court may permit testimony by contemporaneous transmission from a location other than the courtroom.  The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely testify at the Trial, through the use of video conferencing technology.

Further, the Court finds that these procedures will provide adequate safeguards for purposes of Federal Rule 43(a) and ensure due process of law.  These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of

-2-

all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

Participants in the Trial will be connected with the courtroom but will not be physically present. The Court staff will provide a link or URL (internet address) to the persons identified by the parties.

Each participating attorney and each witness must have simultaneous access to a computer, equipped with a camera, that is capable of receiving and transmitting audio and video, or a tablet or smart phone, that satisfy the following requirements: (1) Internet browsing software that is adequate to facilitate the Court's video hearing provider, (2) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (3) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the Court. The device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other participants on a consistent basis. Further, the attorney or witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.

-3-

No later than **June 14**, **2022**, the parties shall provide to

the courtroom deputy (Ms. Lorena Parada,

Lorena_Parada@canb.uscourts.gov, 415-268-2323), and to each

other, a list of all attorneys and witnesses who will

participate in the Trial, together with an email address and

telephone number for each.  The telephone number provided should

be a number at which the attorney or witness can be reached

during the Trial in the event of an interruption of the video or

audio feed.  This requirement is in addition to any requirements

previously or subsequently established by the Court for the

parties to disclose to each other, by a date certain, the

identity of the witnesses they intend to present at trial.

   **MOTIONS**. Unless otherwise ordered, (a) a motion by the

Claimant to amend any of the three claims must be heard no later

than **March 15, 2022** and (b) motions for summary judgment must be

heard no later than June 7, 2022.

   **DISCOVERY**. Discovery shall be completed by the Discovery

Deadline shown below.  Completion means that depositions must be

concluded, although not necessarily transcribed.  As to written

and production discovery, responses must be due before the

Discovery Deadline.  The Court will attempt to resolve all

discovery disputes on an expedited basis via telephonic

conference, which any party may initiate by request to Ms.

Parada, and notice to the other party after they have met and

conferred and made a good faith effort to resolve the dispute.

The party requesting the conference should submit a brief letter

or e-mail to Ms. Parada explaining the issues to be presented;

-4-

Deleted: April 4

Deleted: motions to join other parties and to amend the pleadings

Deleted: filed

Deleted: t

Deleted: 30 days after entry of this Scheduling Order

Deleted: 30 calendar days before the Date and Time of Trial.

the other party may submit a brief letter or e-mail in the same

manner.

The Discovery Deadline may be extended by the parties by agreement, without an order of the Court.

**EVIDENCE.** Declarations of non-expert witnesses will not be considered except by stipulation of the parties or prior Court approval.

**PRE-TRIAL SUBMISSIONS.** Not later than 14 calendar days before the Date and Time of Trial, each party shall:

(a) File and serve copies of a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. Briefs shall not exceed **15** pages without prior permission of the Court. The Court will not normally request or permit post-trial briefs.

(b) File and serve a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a witness' name on the witness list is to alert the Court and the other side that the witness may be called. It does not mean that that person will be called. Accordingly, each party is responsible for ensuring the attendance of every witness the party intends to call, whether or not named by the other side. Except in exceptional circumstances, absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list. This subparagraph shall not apply to impeachment, rebuttal or expert witnesses or their testimony.

-5-

**Deleted:** On motions for relief from stay, testimonial evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the Court by order allows oral testimony. B.L.R. 4001-1(e). Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served no later than 14 calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served no later than **10** calendar days before the Date and Time of Trial. The Court will rule on the motion without a hearing. No such motion is required for cross-examination or redirect examination of expert witnesses.¶
On matters other than motions for relief from stay, d

**Deleted:** 7

**Deleted:** 3

**Deleted:** On matters other than motions for relief from stay,

**Deleted:** f

1     (c) [Reserved]

2     (d) File and serve a list of exhibits the party intends to

3 introduce into evidence (other than those to be used for

4 impeachment or rebuttal). Exhibits that are already on the

5 Court's docket do not need to be served but must be listed by

6 docket number and a brief description. Copies of all exhibits

7 not already on the docket must be produced as separately titled

8 pdf files, identifying each exhibit by exhibit number or letter

9 and a brief description. Lengthy exhibits should be bookmarked

10 in order to allow counsel, witness and the Court to readily

11 access the relevant portion(s) of the exhibit.

12     Those exhibits shall also be emailed to

13 Montali_Orders@canb.uscourts.gov.

14     Upon receipt of the electronic documents, each attorney and

15 witness shall take the steps necessary to ensure that all

16 electronic documents can be successfully opened and are readily

17 available during the Trial.

18     Exhibits to be used solely for rebuttal or impeachment

19 shall be encrypted in pdf format with a simple user-friendly

20 password. They will be emailed to counsel, the parties, the

21 courtroom deputy only and identified and marked as such when

22 directed by the Court.

23     (e) Reorganized Debtors' exhibits should be marked by

24 number and Claimant's exhibits should be marked by letter.

25     __CONDUCT OF TRIAL VIA VIDEO.__ **Any witness called to testify**

26 **at the Trial shall testify by contemporaneous transmission from**

27 **a different location into the video courtroom (each a "Remote**

28 **Witness").**

-6-

**Deleted:** On motions for relief from stay, file and serve (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the Court to consider.

**Deleted:** f

(a) Each Remote Witness shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness were sworn and testified in open court.

(b) Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.

(c) While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to this order and any declaration submitted in lieu of direct testimony, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

(d) Remote Witnesses who are testifying as experts must provide advance direct testimony by declaration submitted by the parties pursuant to this order. Remote Witnesses shall be available for cross examination. Failure of a Remote Witness to be available for cross examination may result in striking of the Remote Witness's declaration.

**EXPERTS**. The presentation of expert testimony at Trial shall be governed by the following:

-7-

1    (a) Direct evidence shall be presented by a declaration
2    that authenticates the report of the expert.  See FRCP
3    26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026.  Each
4    party shall file and serve declarations of experts and other
5    documentary evidence related thereto no later than **30** calendar
6    days prior to the Discovery Deadline.
7    (b) To cross-examine an opposing party's expert declarant,
8    a party shall notify the opposing party in writing or by e-mail
9    at least **3 court** days before the Date and Time of Trial, in
10   which case the declarant will be required to be available to
11   appear at Trial via Zoom.  Any party who fails to notify the
12   opposing party will not be permitted to cross-examine the
13   opposing party's expert.  Any party who requests the right to
14   cross-examine an expert and then does not do so will be expected
15   to reimburse the opposing party no less than the expenses
16   incurred in producing the expert at the Trial.
17   If either party anticipates the use of rebuttal expert
18   testimony, counsel should meet and confer regarding the timing
19   of disclosure of such expert, the submission of the expert's
20   report and discovery regarding such expert.  If the parties do
21   not reach agreement, the matter should be brought before the
22   Court in the same manner as discovery disputes as provided in
23   this order.
24   **PRE-TRIAL OBJECTIONS**.  Promptly after receipt of the items
25   mentioned in **PRE-TRIAL SUBMISSIONS,** above, each party must
26   advise the opposing party of any objections to the introduction
27   of testimony or exhibits.  Parties must meet and confer before
28   Trial to attempt to reach agreement regarding admissibility.

-8-

**Deleted:** ; provided, however, on motions for relief from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial

The Court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial. Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report, that party should set the motion on the Court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS**. At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the Court, the Claimant will present his case-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes

-9-

of impeachment or rebuttal.[1]  This paragraph supersedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The Court does not want charts, power point presentations, whiteboards, or similar large display items to be used during trial.  Parties desiring to summarize, reproduce or display evidence may use the "Share Screen" feature in Zoom, subject to the Court's permission.  Any exceptions to this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than the Monday of the week prior to the Date and Time of Trial, counsel for the Reorganized Debtors **must** telephone or e-mail the Court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

---

[1]  The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

-10-

**DATE AND TIME OF TRIAL**: June 28 and 29, 2022 beginning at 9:00 AM

**TIME RESERVED FOR TRIAL**: Two days

**DISCOVERY DEADLINE**: May 20, 2022

**PRE-TRIAL STATUS CONFERENCE**: The Court will conduct a pre-trial status conference on _____, 2022 at 11:00 AM via Zoom. In addition to normal business, counsel and the Court will test the adequacy of all parties' audio and video connections and other matters related to the conduct of the remote trial. The Court expects counsel to take similar steps prior to trial (but without court involvement) to assure proper connections with their respective clients and witnesses.

**OTHER PROVISIONS**: Although conducted using video conferencing technology, the Trial constitutes a court proceeding. No person shall record, from any location or by any means, the audio or video of the Trial. The audio recording created and maintained by the Court shall constitute the official record of the Trial. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

**END OF ORDER**

-11-

Deleted: April 18 and 19

Deleted: February 25

Deleted: March 11

Deleted:

Deleted: March 15

COURT SERVICE LIST

ECF Recipients

-12-

 **Gmail**                                    **Jennifer Dodge <jdodgelaw@jenniferdodgelaw.com>**

## 19-30088 PG&E Corporation - Response Requested

**Jennifer Dodge** <jdodgelaw@jenniferdodgelaw.com>                    Tue, Feb 8, 2022 at 3:52 PM
To: Richard Lapping <rich@trodellalapping.com>
Cc: Thomas Rupp <trupp@kbkllp.com>
Bcc: Jennifer Dodge <jdodgelaw@gmail.com>

Rich:

I have advised the Court that we have agreed upon a June 27-28, 2022 trial date and that we will
forward the Stipulation and Order to the Court in the next day or two. Please draft an Order to
include with the Stipulation and send it to me for review.

With regard to the proposed Trial Scheduling Order, I think it makes sense, for the Court's
convenience, to submit one order so that the Court does not have to review two documents and
discern the differences. I have attached an updated version for you to review with the correct trial
dates -- June 27-28, 2022. Please let me know if you have any proposed revisions or comments.

Jennifer
[Quoted text hidden]

📄 **Greenberg Updated Trial Scheduling Order by Zoom.docx**
47K



```
                    UNITED STATES BANKRUPTCY COURT

                    NORTHERN DISTRICT OF CALIFORNIA

In re:                    ) Bankruptcy Case
                          ) No. 19-30088-DM
PG&E CORPORATION,         )
                          ) Chapter 11
        - and -           )
                          ) Jointly Administered
PACIFIC GAS AND ELECTRIC  )
COMPANY,                  )
                          ) Date:  June 27-28, 2022
        Reorganized Debtors. ) Time:  9:00 AM
                          ) Via Zoom Video
☐ Affects PG&E Corporation )
☐ Affects Pacific Gas and )
    Electric Company       )
☒ Affects both Debtors     )
                          )
* All papers shall be filed in )
the Lead Case, No. 19-30088 )
(DM).                     )
                          )
_____
```

**SCHEDULING ORDER FOR REMOTE TRIAL**

    On December 21, 2021, the Court held a scheduling conference on Reorganized Debtors' objections to the claims of Todd Greenberg ("Claimant") (See claims ##77335, 76018 and 78381, Fortieth Omnibus Objection to Claims (Dkt. No. 9455), and One Hundred Tenth Omnibus Objection to Claim (Dkt. No. 11420)).

-1-

Deleted: April 18

Jennifer L. Dodge and Thomas B. Rupp appeared for the
Reorganized Debtors. Richard A. Lapping appeared for the
Claimant.

Upon due consideration, the Court hereby enters the
following scheduling order.

**TRIAL**. The trial or hearing ("Trial") on the above matters
will commence on the Date and Time of Trial, set forth below and
to be held via Zoom Video. The Time Reserved for Trial is also
shown below. During the week prior to the Trial, the Court may
move the starting time or day. The Court's Calendar
Clerk/Courtroom Deputy will advise the parties of any such
change by telephone or e-mail. **All parties are cautioned to be
prepared to adjust their schedules accordingly.**

The Court is closed to an in-person trial as a result of
the dangers presented by the COVID-19 pandemic. In accordance
with Federal Rule of Civil Procedure 43(a), made applicable here
by Federal Rule of Bankruptcy Procedure 9017, for good cause in
compelling circumstances and with appropriate safeguards, the
Court may permit testimony by contemporaneous transmission from
a location other than the courtroom. The Court finds that the
public danger presented by the COVID-19 pandemic merits
application of this rule as to all witnesses who may remotely
testify at the Trial, through the use of video conferencing
technology.

Further, the Court finds that these procedures will provide
adequate safeguards for purposes of Federal Rule 43(a) and
ensure due process of law. These procedures will (i) enable the
Court to identify, communicate with, and judge the demeanor of

-2-

all witnesses in real time, (ii) enable counsel for the parties
to see and hear the witness testimony, interpose objections, and
communicate with the Court in real time, (iii) enable the
parties, the witnesses and the Court to have simultaneous access
to an identical set of pre-marked exhibits, (iv) avoid any undue
influence or interference with the witnesses in connection with
their testimony, and (v) preserve the ability of any witness to
be represented by counsel during the proceeding, and to
communicate with such counsel as the Court deems appropriate.

Participants in the Trial will be connected with the
courtroom but will not be physically present.  The Court staff
will provide a link or URL (internet address) to the persons
identified by the parties.

Each participating attorney and each witness must have
simultaneous access to a computer, equipped with a camera, that
is capable of receiving and transmitting audio and video, or a
tablet or smart phone, that satisfy the following requirements:
(1) Internet browsing software that is adequate to facilitate
the Court's video hearing provider, (2) an Internet connection
with bandwidth adequate to support the individual's use of the
video hearing provider, and (3) Adobe Acrobat Reader for
purposes of reviewing exhibits, as directed by counsel or the
Court.  The device must have sufficient video and audio
capabilities to allow the speaker to hear and be heard by other
participants on a consistent basis.  Further, the attorney or
witness using it must be situated in a location with wi-fi,
cellular, or other service adequate to provide clear audio and
video.

-3-

No later than **June 14**, **2022**, the parties shall provide to

the courtroom deputy (Ms. Lorena Parada,

Lorena_Parada@canb.uscourts.gov, 415-268-2323), and to each

other, a list of all attorneys and witnesses who will

participate in the Trial, together with an email address and

telephone number for each. The telephone number provided should

be a number at which the attorney or witness can be reached

during the Trial in the event of an interruption of the video or

audio feed. This requirement is in addition to any requirements

previously or subsequently established by the Court for the

parties to disclose to each other, by a date certain, the

identity of the witnesses they intend to present at trial.

**MOTIONS**. Unless otherwise ordered, (a) a motion by the

Claimant to amend any of the three claims must be heard no later

than **March 15, 2022** and (b) motions for summary judgment must be

heard no later than June 7, 2022.

**DISCOVERY**. Discovery shall be completed by the Discovery

Deadline shown below. Completion means that depositions must be

concluded, although not necessarily transcribed. As to written

and production discovery, responses must be due before the

Discovery Deadline. The Court will attempt to resolve all

discovery disputes on an expedited basis via telephonic

conference, which any party may initiate by request to Ms.

Parada, and notice to the other party after they have met and

conferred and made a good faith effort to resolve the dispute.

The party requesting the conference should submit a brief letter

or e-mail to Ms. Parada explaining the issues to be presented;

-4-

**Deleted:** April 4

**Deleted:** motions to join other parties and to amend the pleadings

**Deleted:** filed

**Deleted:** t

**Deleted:** 30 days after entry of this Scheduling Order

**Deleted:** 30 calendar days before the Date and Time of Trial.

the other party may submit a brief letter or e-mail in the same
manner.

The Discovery Deadline may be extended by the parties by
agreement, without an order of the Court.

**EVIDENCE.** Declarations of non-expert witnesses will not be
considered except by stipulation of the parties or prior Court
approval.

**PRE-TRIAL SUBMISSIONS.** Not later than **14** calendar days
before the Date and Time of Trial, each party shall:

(a) File and serve copies of a trial brief, which shall
include a summary of the facts to be proven and the legal
theories on which the party relies. Briefs shall not exceed **15**
pages without prior permission of the Court. The Court will not
normally request or permit post-trial briefs.

(b) File and serve a witness list, including a brief
summary of the anticipated testimony from each witness. If a
party to the matter will be called as a witness (even as an
adverse witness) that party's name must be included on the
witness list. The presence of a witness' name on the witness
list is to alert the Court and the other side that the witness
may be called. It does not mean that that person will be
called. Accordingly, each party is responsible for ensuring the
attendance of every witness the party intends to call, whether
or not named by the other side. Except in exceptional
circumstances, absent consent by the other side, a party will
not be allowed to call a witness not named on that party's
witness list. This subparagraph shall not apply to impeachment,
rebuttal or expert witnesses or their testimony.

-5-

**Deleted:** On motions for relief from stay, testimonial evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the Court by order allows oral testimony. B.L.R. 4001-1(e). Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served no later than 14 calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served no later than **10** calendar days before the Date and Time of Trial. The Court will rule on the motion without a hearing. No such motion is required for expert witnesses.¶
On matters other than motions for relief from stay, d

**Deleted:** 7

**Deleted:** 3

**Deleted:** On matters other than motions for relief from stay,

**Deleted:** f

(c) [Reserved]

**Deleted:** On motions for relief from stay, file and serve (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the Court to consider.

(d) File and serve a list of exhibits the party intends to introduce into evidence (other than those to be used for impeachment or rebuttal).  Exhibits that are already on the Court's docket do not need to be served but must be listed by docket number and a brief description.  Copies of all exhibits not already on the docket must be produced as separately titled pdf files, identifying each exhibit by exhibit number or letter and a brief description.  Lengthy exhibits should be bookmarked in order to allow counsel, witness and the Court to readily access the relevant portion(s) of the exhibit.

**Deleted:** f

Those exhibits shall also be emailed to Montali_Orders@canb.uscourts.gov.

Upon receipt of the electronic documents, each attorney and witness shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the Trial.

Exhibits to be used solely for rebuttal or impeachment shall be encrypted in pdf format with a simple user-friendly password.  They will be emailed to counsel, the parties, the courtroom deputy only and identified and marked as such when directed by the Court.

(e) Reorganized Debtors' exhibits should be marked by number and Claimant's exhibits should be marked by letter.

**CONDUCT OF TRIAL VIA VIDEO.**  **Any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness").**

-6-

(a) Each Remote Witness shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness were sworn and testified in open court.

(b) Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.

(c) While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to this order and any declaration submitted in lieu of direct testimony, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise.  If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose.  If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

(d) Remote Witnesses who are testifying as experts must provide advance direct testimony by declaration submitted by the parties pursuant to this order.  Remote Witnesses shall be available for cross examination.  Failure of a Remote Witness to be available for cross examination may result in striking of the Remote Witness's declaration.

**EXPERTS**.  The presentation of expert testimony at Trial shall be governed by the following:

-7-

(a) Direct evidence shall be presented by a declaration that authenticates the report of the expert.  See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026.  Each party shall file and serve declarations of experts and other documentary evidence related thereto no later than **30** calendar days prior to the Discovery Deadline.

(b) To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to be available to appear at Trial via Zoom.  Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert.  Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

If either party anticipates the use of rebuttal expert testimony, counsel should meet and confer regarding the timing of disclosure of such expert, the submission of the expert's report and discovery regarding such expert.  If the parties do not reach agreement, the matter should be brought before the Court in the same manner as discovery disputes as provided in this order.

**PRE-TRIAL OBJECTIONS**.  Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits.  Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility.

-8-

**Deleted:** ; provided, however, on motions for relief from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial

The Court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE.** If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial. Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report, that party should set the motion on the Court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS.** At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL.** Unless otherwise agreed by the parties or ordered by the Court, the Claimant will present his case-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES.** The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes

-9-

of impeachment or rebuttal.[1]  This paragraph supersedes the
expert disclosure procedure of FRCP 26(a)(2)(D)(ii),
incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The Court does not want charts,
power point presentations, whiteboards, or similar large display
items to be used during trial.  Parties desiring to summarize,
reproduce or display evidence may use the "Share Screen" feature
in Zoom, subject to the Court's permission.  Any exceptions to
this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than the Monday of the week prior
to the Date and Time of Trial, counsel for the Reorganized
Debtors **must** telephone or e-mail the Court's Calendar
Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323;
Lorena_Parada@canb.uscourts.gov) and report: whether the parties
intend to go forward with the Trial as scheduled; if settlement
is likely; whether the time reserved for the Trial is realistic;
and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely
with this scheduling order may result in judgment against such
party, removal of the Trial from calendar, exclusion of evidence
or imposition of monetary or non-monetary sanctions. See FRCP
16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

---

[1]  The proper function of rebuttal evidence is to contradict,
impeach or defuse the impact of the evidence offered by an
adverse party. Testimony offered only as additional support to
an argument made in a case in chief is improper on rebuttal.
Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir.
2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d
1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir.
2004).

-10-

1    **DATE AND TIME OF TRIAL**: June 27 and 28, 2022 beginning at

2    9:00 AM

3    **TIME RESERVED FOR TRIAL**: Two days

4    **DISCOVERY DEADLINE**: May 20, 2022

5    **PRE-TRIAL STATUS CONFERENCE**:  The Court will conduct a pre-

6    trial status conference on _____, 2022 at 11:00 AM via

7    Zoom.  In addition to normal business, counsel and the Court

8    will test the adequacy of all parties' audio and video

9    connections and other matters related to the conduct of the

10   remote trial.  The Court expects counsel to take similar steps

11   prior to trial (but without court involvement) to assure proper

12   connections with their respective clients and witnesses.

13   **OTHER PROVISIONS**:  Although conducted using video

14   conferencing technology, the Trial constitutes a court

15   proceeding.  No person shall record, from any location or by any

16   means, the audio or video of the Trial.  The audio recording

17   created and maintained by the Court shall constitute the

18   official record of the Trial.  Further, the formalities of a

19   courtroom shall be observed.  Counsel and witnesses shall dress

20   appropriately, exercise civility, and otherwise conduct

21   themselves in a manner consistent with the dignity of the Court

22   and its proceedings.

23                              **END OF ORDER**

24

25

26

27

28

-11-

> **Deleted:** April 18 and 19
>
> **Deleted:** February 25
>
> **Deleted:** March 11
>
> **Deleted:**
>
> **Deleted:** March 15

<u>COURT SERVICE LIST</u>

ECF Recipients

-12-