**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**MEMORANDUM OF THE REORGANIZED DEBTORS REGARDING CLAIM OF CALIFORNIA DEPARTMENT OF WATER RESOURCES** |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Memorandum (the "**Memorandum**") pursuant to the Court's *Memorandum Decision Regarding Dispute between Debtors and the California Department of Water Resources* [Dkt. No. 11999] (the "**Decision**"). This Memorandum addresses developments since the Decision was issued and submits that, in light of them, no further intervention of the Court is required.

In support of the Memorandum, the Reorganized Debtors submit the Declaration of Joshua S Levenberg, filed concurrently herewith (the "**Levenberg Declaration**").

I.      **RELEVANT BACKGROUND**

On June 1, 1984, PG&E, the California Department of Water Resources ("**CDWR**"), the Northern California Power Agency ("**NCPA**"), and the City of Santa Clara, doing business as Silicon Valley Power ("**SVP**") (collectively, the "**Cotenants**") entered into the *Agreement of Cotenancy in the Castle Rock Junction-Lakeville 230-kV Transmission Line among Pacific Gas and Electric Company, State of California Department of Water Resources, Northern California Power Agency and the City of Santa Clara* (the "**Cotenancy Agreement**" or the "**Agreement**") for the express purpose of constructing and co-owning a new 230-kV double circuit transmission line (the "**New Line**") between Castle Rock Junction and the PG&E Lakeville Substation in the Geysers area.

On February 1, 2022, CDWR filed the *California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid* (Dkt. 11887) (the "**CDWR Motion**"). By the CDWR Motion, CDWR sought an order determining that, among other things, "because DWR's termination of its cotenant interest in the [Cotenancy] Agreement became effective on August 1, 2019, it is not an executory contract that could have been assumed by [the Reorganized Debtors] in connection with the Plan and Confirmation Order . . . and DWR's proof of claim No. 78104 in the principal amount of $101,026.75 . . . should be paid with post-petition interest under the Plan." (CDWR Motion at 12.)

On February 2, 2022, PG&E filed the *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (Dkt. 11896) (the "**PG&E Motion**," and, together with the CDWR Motion, the "**Motions**").[1]

The Court held oral argument on the Motions on March 2, 2022 (the "**Hearing**"). On March 8, 2022, the Court issued Orders granting the CDWR Motion (Dkt. 12000) and denying the PG&E Motion (Dkt. 12001), subject to its Decision issued the same date. The Decision left open, and ordered further briefing on, three issues: whether "Claim No. 78104 should be paid"; whether CDWR "should or should not be ordered to pay its share" of the costs of removing the New Line upon termination; and whether "the Agreement was [subject] to the reserved assumption provisions of the Plan at all." (Dec. at 6, 7.)

On March 15, 2022, SVP and NCPA filed the *Notice of Appearance and Ex Parte Application for Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water Resources' Motion for Order Determining that the Castle Rock Agreement Cannot Be Assumed and that the Department of Water Resources Claim No. 78014 be Paid* (Dkt. 12024) (the "**Intervention Motion**"). The Court denied the Intervention Motion on March 21, 2022 (Dkt. 12054) (the "**Intervention Order**"), observing that "[e]ven without intervention, DWR, SVP, and NCPA will still be able to determine remaining rights under the Layoff Agreement in another forum." Intervention Order at 3-4.

On March 25, 2022, PG&E notified CDWR in writing that it (i) would pay CDWR's Claim No. 78104 in the principal amount of $101,026.75 plus post-petition interest, as requested in the CDWR Motion, and (ii) would not contest that CDWR terminated its participation in the Cotenancy Agreement, with all rights reserved as to PG&E's claim that CDWR has an outstanding obligation, not extinguished by its termination of the Agreement, to pay its pro rata share associated with the costs of removing the New Line. (Levenberg Declaration ¶ 3.)

---

[1] The relevant documents and factual background are attached to and set forth in more detail in the papers submitted with the Motions.

## II. ARGUMENT

As the Court noted in the Decision, the determination of whether a contract is executory and may be assumed is a core matter, as is the allowance or disallowance of a claim against the estate. Decision at 5; 28 U.S.C. § 157(b)(2). In light of the Decision and the Intervention Order, the Reorganized Debtors have determined that it would be in the best interests of the parties for them to (i) pay CDWR's Claim No. 78104 in the principal amount of $101,026.75 plus post-petition interest and (ii) not contest that CDWR terminated its participation in the Cotenancy Agreement, though the Reorganized Debtors specifically reserve their rights to pursue their claim against CDWR for its pro rata share of removal costs associated with the New Line, which has not been extinguished by CDWR's termination of the Agreement.[2] PG&E notified CDWR of those actions on March 25, 2022. (Levenberg Declaration ¶ 3.) Because the Reorganized Debtors now do not contest that CDWR terminated its participation in the Cotenancy Agreement, by the Plan and Confirmation Order, the Reorganized Debtors assumed the Cotenancy Agreement as is, with SVP and NCPA— but not CDWR—as Cotenants. The Reorganized Debtors agree that they did not, and will not, assume the Cotenancy Agreement as to CDWR because CDWR terminated its participation in the Cotenancy Agreement. Consequently, the core bankruptcy matters that were before the Court have been resolved.

There remains a non-core dispute among the three remaining Cotenants and CDWR as to whether, under the Cotenancy Agreement, notwithstanding CDWR's termination, CDWR is liable to PG&E, SVP, and NCPA for CDWR's pro rata share of the costs of removing the New Line. This is a post-petition contractual dispute that, given PG&E's concessions above, is unrelated to the assumption of the Cotenancy Agreement. It is decidedly a non-core issue, as to which the Court did not reserve jurisdiction through the Plan and Confirmation Order. Accordingly, PG&E, SVP, and

---

[2] This pro rata share is a "financial obligation" of CDWR to the other Cotenants (Cotenancy Agreement, § 14.6) that is not affected by termination of the Agreement by any Cotenant (*Id.*, § 14.7).

NCPA intend to resolve the remaining dispute in a venue outside the Bankruptcy Court, whether by arbitration or otherwise.³

### III. CONCLUSION

WHEREFORE the Reorganized Debtors respectfully submit that no further intervention of the Court is required.

Dated: March 25, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*/s/ Jane Kim*
Jane Kim

*Attorneys for Debtors and Reorganized Debtors*

---

³ Related to this dispute is the question of whether CDWR has breached the Transmission Service Agreement with SVP and NCPA (to which PG&E is not party). PG&E understands that those parties will likewise resolve the Transmission Service Agreement dispute outside the Bankruptcy Court, as the Court indicated in the Intervention Order was appropriate.