| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS – CLAIM OF WILLIE & ORA GREEN (CLAIM NO. 80673)**<br><br>**[Related to Docket No. 10537]**<br><br>Date: March 29, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Tele/Videoconference Appearances Only<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the March 29, 2022, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of Willie & Ora Green (Claim No. 80673) (the "**Green Claim**") through the *Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 10537] (the "**Omnibus Objection**").

## II. PREVIOUS STATUS CONFERENCES

The Green Claim asserts a claim in the amount of $30,877 to replace the Greens' driveway and garage floor. In the Omnibus Objection, the Reorganized Debtors argue that they are not liable on the Green Claim because (i) the Greens have not satisfied their burden of proving that the alleged damage to their driveway and garage floor was caused by the construction work of PG&E or its contractor, (ii) the Greens have not proven the amount of their alleged damages, and (iii) the construction work in question was performed not by PG&E, but a third party contractor.

On October 19, 2021, November 9, 2021, and December 21, 2021, the Court held status conferences on the Omnibus Objection, with Mr. and Ms. Green and counsel for the Reorganized Debtors present.[1]

It has been the Reorganized Debtors' hope that, with the benefit of having an opportunity for their chosen expert to observe the Greens' driveway and garage, this matter may be able to be resolved consensually and without the need for further litigation. With the Court's guidance at the December 21 status conference, the Reorganized Debtors and the Greens were able to arrange for such a visit.

---

[1] Prior to the October 19 status conference, the Reorganized Debtors filed a Reply brief (the "**Reply**") and supporting declarations [Docket Nos. 11408, 11409, and 11410], which are incorporated by reference herein. The status conference statements filed by the Reorganized Debtors prior to the November 9 status conference [Docket No. 11544], the November 23 status conference (which did not go forward) [Docket No. 11606] and the December 21 status conference [Docket No. 11710] are also incorporated by reference herein. Capitalized terms used but not defined herein have the meanings ascribed to them in the Reply.

On January 24, 2022, Mark D. Fuhriman of Kleinfelder, Inc. conducted a site visit to observe the driveway and garage floor at 2845 Magnolia Street in Oakland, California. Mr. Fuhriman was accompanied by his colleague at Kleinfelder, John Nicolini, and a representative of PG&E. Representatives for the Greens were also present, and the Greens themselves observed the site visit through a contemporaneous video call with their representatives. The report detailing Mr. Fuhriman's and Mr. Nicolini's observations, findings, and conclusions (the "**Kleinfelder Report**") is attached as an exhibit to the *Declaration of Mark D. Fuhriman in Support of Reorganized Debtors' Seventy-Sixth Omnibus Objection to Claims with Respect to Proof of Claim No. 80673 Filed by Willie & Ora Green*, filed concurrently herewith.

On March 21, 2022, the Reorganized Debtors shared the Kleinfelder Report with the Greens and made a new settlement offer to them. The settlement offer is a privileged communication. As of the filing of this statement, the Greens have not responded to the settlement offer or to the Reorganized Debtors' suggestion that the status conference with respect to the Green Claim be continued. The Reorganized Debtors remain open to any productive settlement discussions or other avenues for consensual resolution of this claim.

### III. MATTERS TO BE DISCUSSED AT THE MARCH 29, 2022 HEARING

The Reorganized Debtors believe that the findings and conclusions in the Kleinfelder Report persuasively and conclusively refute the allegations by the Greens that the Debtors' contractor is responsible for the damage to the Greens' driveway and garage. The Kleinfelder team's response to the expert report submitted by the Greens is set forth in Appendix C to the Kleinfelder Report. Should the Court find the conclusions of the Kleinfelder Report to be persuasive, it necessarily rebuts the allegations by the Greens that the damage to their garage and driveway was caused by the Debtors.

The Reorganized Debtors believe that, absent a consensual resolution, it will be necessary to have a short evidentiary hearing, lasting no more than two hours, at which each party would have the opportunity to cross-examine the other party's expert. Subject to the availability of the Court, the parties, and their chosen experts, the Reorganized Debtors propose that such an evidentiary hearing take place sometime in May. The Reorganized Debtors also propose that each party be allowed to submit a short (no more than ten pages) brief seven days prior to the date of the evidentiary hearing.

The Reorganized Debtors look forward to discussing these issues with the Court at the March 29, 2022 hearing.

Dated: March 25, 2022

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for Debtors and Reorganized Debtors*