1  Richard A. Lapping (SBN: 107496)
   TRODELLA & LAPPING LLP
2  540 Pacific Avenue
   San Francisco, CA 94133
3  Telephone:    (415) 200-9407
   Facsimile:    (415) 651-9004
4   *Rich@TrodellaLapping.com*

5  Attorneys for Todd Greenberg

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

11

12 **In re:**                              Bankruptcy Case No. 19-30088 (DM)

   **PG&E CORPORATION,**                   Chapter 11
13
                                           (Lead Case) (Jointly Administered)
14     **- and -**

15 **PACIFIC GAS AND ELECTRIC**            **DECLARATION OF RICHARD A.**
   **COMPANY,**                            **LAPPING IN SUPPORT OF REPLY MEMO**
16                                         **FOR CREDITOR TODD GREENBERG'S**
                     **Debtors.**          **MOTION TO AMEND CLAIMS**
17                                         **NUMBERED 77335 AND 76018**
   ☐ **Affects PG&E Corporation**
18 ☒ **Affects Pacific Gas and Electric Company**   Date:   March 29, 2022
   ☐ **Affects both Debtors**             Time:   10:00 a.m.
19                                         Place:  Courtroom 17
   ***All papers shall be filed in the Lead Case, No.***  450 Golden Gate Avenue, 16th Floor
20 ***19-30088 (DM).***                    San Francisco, California
                                           Judge: Hon. Dennis Montali
21                                         **Via Tele/Video Conference**

22

23

24        I, Richard A. Lapping, declare as follows:

25        1.      I am an attorney at law duly admitted to practice in the State of California and this

26 Court.  I am a member of Trodella & Lapping LLP, attorneys for Creditor Todd Greenberg

27 ("Greenberg").  I make this declaration in support of Greenberg's reply to PG&E's opposition to his

28 motion to permit Greenberg to file amendments of his claims numbered 77335 and 76018 (the

Case: 19-30088   Doc# 12081-1   Filed: 03/25/22   Entered: 03/25/22 17:06:46   Page 1
of 30

1

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

1  "Claims"). The facts stated herein are personally known to me and if called as a witness, I could and

2  would testify competently thereto.

3      2.    Attached as Exhibit 1 is a true and correct copy of an email to me from Jennifer

4  Dodge, one the attorneys for PG&E, dated and received on January 14, 2022.

5      3.    Attached as Exhibit 2 is a true and correct copy of the draft redline of the Scheduling

6  Order for Remote Trial ("Scheduling Order") that is also attached as Exhibit B to Ms. Dodge's

7  declaration (Dkt. #12059-2) and which I received on February 7, 2022 and responded to on February

8  9, 2022. As can be seen, the format of my redline, Exhibit 2, differs from Ms. Dodge's version,

9  which occurs depending on how you set up the Microsoft Word review function.

10      4.    Based on our prior correspondence, e.g., Exhibit 1, when I reviewed Exhibit 2, I did

11  not notice that Ms. Dodge had changed the word "filed" to "heard" on page 4, line 15. In her

12  previous correspondence, e.g. Exhibit A to her declaration, she had indicated when she made a

13  substantive revision. Thus, my agreement to the form was based on this mistake.

14      5.    As a result of changing the motion deadline to "heard", when the Scheduling Order

15  was issued on February 16, 2022 (Dkt. #11943), only 27 days remained before the March 15, 2022

16  hearing deadline, which meant that it was impossible to file a noticed motion under L.B.R. 9014-

17  1(c)(1), ignoring that the Court's available hearing dates added to the impossibility.

18      6.    I did not discover that the March 15 hearing deadline had been included in the

19  scheduling order until Friday, March 4, 2022, the date that I caused the motion to amend to be filed.

20  I also forgot that the motion to amend should have been set for hearing on the Court's PG&E

21  calendar, rather than the regular law and motion date.

22      7.    On March 2, 2022, on written notice to counsel for PG&E, I caused to be issued a

23  document subpoena to Veteran Power Inc., a subcontractor for PG&E. On March 15, 2022, Veteran

24  Power responded through its counsel with an electronic document file containing numerous

25  documents related to work done at 31 Bolinas Road, Fairfax, California, which is immediately next

26  door to Greenberg's property, during the time period, February 14 through 19, 2016, that Greenberg

27  was in Hawaii and his refrigerator was damaged by some type of a power surge.

28      8.    Attached hereto as Exhibit 3 is a true and correct copy of a Veteran Power "Daily

Work Report" for February 15, 2016 that was included in the Veteran Power document production.

9.     Attached hereto as Exhibit 4 is a true and correct copy of a PG&E "Change Order Request for CWAs" related to the work described in Exhibit 3, also included in the Veteran Power document production.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Healdsburg, California, March 25, 2022.


_____/s/ Richard A. Lapping_____

Richard A. Lapping

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

**LAPPING DECLARATION**

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Jennifer Dodge <jdodgelaw@jenniferdodgelaw.com> |
| **Sent:** | Friday, January 14, 2022 10:41 AM |
| **To:** | Richard Lapping |
| **Cc:** | Thomas Rupp |
| **Subject:** | Re: 19-30088 PG&E Corporation - Response Requested |
| **Attachments:** | Greenberg Trial Scheduling Order by Zoom (PGE RL 01.14.2021).docx |

Rich,

We have left in that portion but amended it to shorten the time to 14 days for both motions to amend the pleadings and motions for summary judgment, given the abbreviated schedule:

    **<u>MOTIONS</u>**. Unless otherwise ordered, (a) a motion by the Claimant to amend any of the three claims must be filed not later than **14** days after entry of this Scheduling Order and (b) motions for summary judgment must be heard no later than **14** calendar days before the Date and Time of Trial.

See attached and advise.

Jennifer

On Fri, Jan 14, 2022 at 9:44 AM Richard Lapping <rich@trodellalapping.com> wrote:

> These changes are agreeable, except for the deletion on page 4, lines 13 to 15. Leave that in as it applies to a motion to amend the claims, which we are considering.

Rich Lapping



TRODELLA & LAPPING LLP

540 Pacific Ave • San Francisco, CA 94133
Direct: 415.399.1015 • Mobile: 415.200.9407• rich@trodellalapping.com

**LAPPING DECLARATION**
**EXHIBIT 2**

1
2
3
4
5
6
7                 UNITED STATES BANKRUPTCY COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9   In re:                        ) Bankruptcy Case
10                                ) No. 19-30088-DM
    PG&E CORPORATION,              )
11                                ) Chapter 11
                  - and -         )
12                                ) Jointly Administered
    PACIFIC GAS AND ELECTRIC       )
13  COMPANY,                       )
                                  ) Date:  ~~April 18~~June 28-29, 2022
14            Reorganized Debtors. ) Time:  9:00 AM
15                                ) Via Zoom Video
16  ☐ Affects PG&E Corporation     )
17  ☐ Affects Pacific Gas and      )
        Electric Company           )
18  ☒ Affects both Debtors         )
19                                )
    * All papers shall be filed in )
20  the Lead Case, No. 19-30088    )
    (DM).                          )
21                                )
22  _____   )

23          **SCHEDULING ORDER FOR REMOTE TRIAL**

24      On December 21, 2021, the Court held a scheduling

25  conference on Reorganized Debtors' objections to the claims of

26  Todd Greenberg ("Claimant") (See claims ##77335, 76018 and

27  78381, Fortieth Omnibus Objection to Claims (Dkt. No. 9455), and

28  One Hundred Tenth Omnibus Objection to Claim (Dkt. No. 11420)).

                              -1-

Jennifer L. Dodge and Thomas B. Rupp appeared for the Reorganized Debtors. Richard A. Lapping appeared for the Claimant.

Upon due consideration, the Court hereby enters the following scheduling order.

**TRIAL**. The trial or hearing ("Trial") on the above matters will commence on the Date and Time of Trial, set forth below and to be held via Zoom Video. The Time Reserved for Trial is also shown below. During the week prior to the Trial, the Court may move the starting time or day. The Court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone or e-mail. **All parties are cautioned to be prepared to adjust their schedules accordingly.**

The Court is closed to an in-person trial as a result of the dangers presented by the COVID-19 pandemic. In accordance with Federal Rule of Civil Procedure 43(a), made applicable here by Federal Rule of Bankruptcy Procedure 9017, for good cause in compelling circumstances and with appropriate safeguards, the Court may permit testimony by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely testify at the Trial, through the use of video conferencing technology.

Further, the Court finds that these procedures will provide adequate safeguards for purposes of Federal Rule 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of

-2-

all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

Participants in the Trial will be connected with the courtroom but will not be physically present. The Court staff will provide a link or URL (internet address) to the persons identified by the parties.

Each participating attorney and each witness must have simultaneous access to a computer, equipped with a camera, that is capable of receiving and transmitting audio and video, or a tablet or smart phone, that satisfy the following requirements: (1) Internet browsing software that is adequate to facilitate the Court's video hearing provider, (2) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (3) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the Court. The device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other participants on a consistent basis. Further, the attorney or witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.

–3–

No later than ~~April 4~~**June 14**, **2022**, the parties shall provide to the courtroom deputy (Ms. Lorena Parada, Lorena_Parada@canb.uscourts.gov, 415-268-2323), and to each other, a list of all attorneys and witnesses who will participate in the Trial, together with an email address and telephone number for each.  The telephone number provided should be a number at which the attorney or witness can be reached during the Trial in the event of an interruption of the video or audio feed.  This requirement is in addition to any requirements previously or subsequently established by the Court for the parties to disclose to each other, by a date certain, the identity of the witnesses they intend to present at trial.

**MOTIONS**. Unless otherwise ordered, (a) ~~motions to join other parties and to amend the pleadings~~ a motion by the Claimant to amend any of the three claims must be ~~filed~~ heard no~~t~~ later than ~~30 days after entry of this Scheduling Order~~**March 15, 2022** and (b) motions for summary judgment must be heard no later than June 7, 2022.~~30 calendar days before the Date and Time of Trial.~~

**DISCOVERY**. Discovery shall be completed by the Discovery Deadline shown below.  Completion means that depositions must be concluded, although not necessarily transcribed.  As to written and production discovery, responses must be due before the Discovery Deadline.  The Court will attempt to resolve all discovery disputes on an expedited basis via telephonic conference, which any party may initiate by request to Ms. Parada, and notice to the other party after they have met and conferred and made a good faith effort to resolve the dispute.

-4-

The party requesting the conference should submit a brief letter or e-mail to Ms. Parada explaining the issues to be presented; the other party may submit a brief letter or e-mail in the same manner.

The Discovery Deadline may be extended by the parties by agreement, without an order of the Court.

**EVIDENCE.** ~~On motions for relief from stay, testimonial evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the Court by order allows oral testimony. B.L.R. 4001-1(c). Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served no later than **14** calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served no later than **10** calendar days before the Date and Time of Trial. The Court will rule on the motion without a hearing. No such motion is required for cross-examination or redirect examination of expert witnesses.~~

~~On matters other than motions for relief from stay,~~ ~~d~~Declarations of non-expert witnesses will not be considered except by stipulation of the parties or prior Court approval.

**PRE-TRIAL SUBMISSIONS.** Not later than ~~7~~ ~~14~~3 calendar days before the Date and Time of Trial, each party shall:

−5−

Case: 19-30088   Doc# 12081-1   Filed: 03/25/22   Entered: 03/25/22 17:06:46   Page 11 of 30

(a) File and serve copies of a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies.  Briefs shall not exceed **15** pages without prior permission of the Court.  The Court will not normally request or permit post-trial briefs.

(b) ~~On matters other than motions for relief from stay,~~ ~~F~~file and serve a witness list, including a brief summary of the anticipated testimony from each witness.  If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list.  The presence of a witness' name on the witness list is to alert the Court and the other side that the witness may be called.  It does not mean that that person will be called.  Accordingly, each party is responsible for ensuring the attendance of every witness the party intends to call, whether or not named by the other side.  Except in exceptional circumstances, absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list.  This subparagraph shall not apply to impeachment, rebuttal or expert witnesses or their testimony.

(c) ~~On motions for relief from stay, file and serve (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the Court to consider.~~[Reserved]

(d) File and serve a list of exhibits the party intends to introduce into evidence (other than those to be used for impeachment or rebuttal).  Exhibits that are already on the

-6-

Court's docket do not need to be served but must be listed by docket number and a brief description. Copies of all exhibits not already on~~f~~ the docket must be produced as separately titled pdf files, identifying each exhibit by exhibit number or letter and a brief description. Lengthy exhibits should be bookmarked in order to allow counsel, witness and the Court to readily access the relevant portion(s) of the exhibit.

Those exhibits shall also be emailed to Montali_Orders@canb.uscourts.gov.

Upon receipt of the electronic documents, each attorney and witness shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the Trial.

Exhibits to be used solely for rebuttal or impeachment shall be encrypted in pdf format with a simple user-friendly password. They will be emailed to counsel, the parties, the courtroom deputy only and identified and marked as such when directed by the Court.

(e) Reorganized Debtors' exhibits should be marked by number and Claimant's exhibits should be marked by letter.

**CONDUCT OF TRIAL VIA VIDEO.** **Any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness").**

**(a) Each Remote Witness shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness were sworn and testified in open court.**

−7−

**(b) Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.**

**(c) While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to this order and any declaration submitted in lieu of direct testimony, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.**

**(d) Remote Witnesses who are testifying as experts must provide advance direct testimony by declaration submitted by the parties pursuant to this order. Remote Witnesses shall be available for cross examination. Failure of a Remote Witness to be available for cross examination may result in striking of the Remote Witness's declaration.**

**EXPERTS.** The presentation of expert testimony at Trial shall be governed by the following:

(a) Direct evidence shall be presented by a declaration that authenticates the report of the expert. See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026. Each party shall file and serve declarations of experts and other

−8−

documentary evidence related thereto no later than **30** calendar days prior to the Discovery Deadline~~; provided, however, on motions for relief from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial~~.

(b) To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to be available to appear at Trial via Zoom. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert. Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

If either party anticipates the use of rebuttal expert testimony, counsel should meet and confer regarding the timing of disclosure of such expert, the submission of the expert's report and discovery regarding such expert. If the parties do not reach agreement, the matter should be brought before the Court in the same manner as discovery disputes as provided in this order.

**PRE-TRIAL OBJECTIONS**. Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility.

-9-

The Court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial. Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report, that party should set the motion on the Court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS**. At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the Court, the Claimant will present his case-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes

–10–

of impeachment or rebuttal.[1]  This paragraph supersedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The Court does not want charts, power point presentations, whiteboards, or similar large display items to be used during trial.  Parties desiring to summarize, reproduce or display evidence may use the "Share Screen" feature in Zoom, subject to the Court's permission.  Any exceptions to this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than the Monday of the week prior to the Date and Time of Trial, counsel for the Reorganized Debtors **must** telephone or e-mail the Court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

---

[1]  The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

Case: 19-30088   Doc# 12081-1   Filed: 03/25/22   Entered: 03/25/22 17:06:46   Page 17 of 30

1     **DATE AND TIME OF TRIAL**: ~~April 18 and 19~~June 28 and 29, 2022
2 beginning at 9:00 AM

3     **TIME RESERVED FOR TRIAL**: Two days

4     **DISCOVERY DEADLINE**: ~~February 25~~~~March 11~~May 20, 2022

5     **PRE-TRIAL STATUS CONFERENCE**:  The Court will conduct a pre-
6 trial status conference on — _____ ~~March 15~~, 2022 at
7 11:00 AM via Zoom.  In addition to normal business, counsel and
8 the Court will test the adequacy of all parties' audio and video
9 connections and other matters related to the conduct of the
10 remote trial.  The Court expects counsel to take similar steps
11 prior to trial (but without court involvement) to assure proper
12 connections with their respective clients and witnesses.

13     **OTHER PROVISIONS**:  Although conducted using video
14 conferencing technology, the Trial constitutes a court
15 proceeding.  No person shall record, from any location or by any
16 means, the audio or video of the Trial.  The audio recording
17 created and maintained by the Court shall constitute the
18 official record of the Trial.  Further, the formalities of a
19 courtroom shall be observed.  Counsel and witnesses shall dress
20 appropriately, exercise civility, and otherwise conduct
21 themselves in a manner consistent with the dignity of the Court
22 and its proceedings.

23                     **END OF ORDER**

-12-

<u>COURT SERVICE LIST</u>

ECF Recipients

-13-

**LAPPING DECLARATION**
**EXHIBIT 3**



VETERAN POWER
PO Box 639
Benicia, CA 94510

License# 986650

# DAILY WORK REPORT

## JOB INFORMATION

| JOB NAME | LOCATION | JOB # | SUPERINDTENDENT/FOREMAN |
|---|---|---|---|
| 31 Bolinas | Fairfax Ca | 15-3302 | Jesus Moreno |
| DATE | WEATHER | ESTIM. % COMPLETE | DIG ALERT TICKET # |
| 2/15/2016 | Clear | | 564538 |
| CUSTOMER JOB # | CUSTOMER CONTACT | | |
| 31164908 | | | |

## DESCRIPTION OF WORK

Today we hand dug 50' of trench at 48" deep and backfield it.

## EMPLOYEES

| NAME | JOB # | HOURS | DRIVE TIME | PER DIEM (Y/N) |
|---|---|---|---|---|
| Carlos Lozano | 15-3302 | 12 | | Yes |
| Francisco Rosales Torres | 15-3302 | 12 | | Yes |
| Jesus Moreno | 15-3302 | 12 | | Yes |
| Jose Cruz Lopez-Sandoval | 15-3302 | 12 | | Yes |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Case: 19-30088   Doc# 12081-1   Filed: 03/25/22   Entered: 03/25/22 17:06:46   Page 21 of 30

## SUBCONTRACTOR / SERVICES

| TICKET # | SUBCONTRACTOR | SERVICE/MATERIALS | QUANTITY |
|---|---|---|---|
| 01591 | | Trucking | |
| 01592 | | traffic control | |
| | | | |
| | | | |
| | | | |

## MATERIALS

| VENDOR | MATERIALS RECEIVED | MATERIALS USED | QTY USED |
|---|---|---|---|
| | sand | | 4 yards |
| | base rock | | 10 yards |
| | cold mix | | 1 yard |
| | 4" conduit | | 50' |
| | | | |

## EQUIPMENT

| EQUIPMENT # | DESCRIPTION | RENTAL COMPANY | HRS/MILES ON EQ. | HOURS USED |
|---|---|---|---|---|
| 21-003 | Crew truck Jesus | | | |
| 22-005 | Dump Truck | | | |
| 33-004 | Skid Steer Jesus | | | |
| 35-004 | E35 mini exc. | | | |
| 51-008 | Equipmen Trailer | | | |

## BORE LOGS

| TICKET # | DESCRIPTION | PRODUCT PULLED | PAID FOOTAGE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## SAFETY

| NEAR MISSES | UNMARKED UTILITIES |
|---|---|
| | |

**PROJECT PHOTOS**






**ATTACHED SUBCONTRACTOR IMAGE**

**FREIGHT BILL**



**J.R. Lopes**
CA - 30977
(510) 385-4523

**LOPES TRUCKING**
11567 Crow Canyon Rd.
Castro Valley, CA 94552
**(510) 538-3564**

№ 11098

TRUCK # ___1___ TRAILER # ___a/t___ DATE __2-15-16__

UNDERLYING CARRIER (IF ANY)

RECEIVED FROM (CONSIGNOR) _Veterans Power_
ADDRESS _31 Bolinas Wy_
CITY _Fairfax Ct_

DELIVERED TO (CONSIGNEE) _Lopes Yard_
ADDRESS _Crow Canyon Rd_
CITY _Castro Vally Ct_

NAME AND ADDRESS OF DEBTOR (IF OTHER THAN CONSIGNOR)

JOB # _15-3301_

| | TIME | SCALE TAG NO. | WEIGHT | TIME | | TIME | SCALE TAG NO. | WEIGHT | TIME |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 9.00 | Dig Trench | | | 6 | | Haul Spoils | | |
| 2 | | | | | 7 | | | | |
| 3 | | Depaul Camino | -130 | | 8 | 3.00 | Depfil | -3.5 | |
| 4 | | | | | 9 | | | | |
| 5 | | | | | 10 | | | | |

TYPE OF ☐ TRUCK ☐ SEMI END ☐ SEMI BOTTOM ☐ EQUIPMENT ☐ TRACTOR ☐ TRANSFER ☐ OTHER

COMMODITY TRANSPORTED _Fill_

NO. OF AXLES _4_

REPORTING TIME _9.00_ AM/PM
ENDING TIME _3.00_ AM/PM
OVERALL TIME _7.0_ HRS MIN
NET CHARGEABLE TIME _7.0_

STARTING TIME LAST TRIP _____ AM/PM
ARRIVAL TIME AT DUMP LAST TRIP _____ AM/PM
END UNLOADING LAST TRIP _____ AM/PM
RUNNING TIME LAST TRIP _1.5_ MIN

MEAL & TRUCK DOWN TIME _1/2_ HRS MIN
REMARKS

CHARGES

DEBTOR AGREES TO PAY LEGAL FEES COURT COSTS FOR COLLECTION OF DELINQUENT ACCOUNTS AND LEGAL RATE OF INTEREST FOR PAST DUE ACCOUNTS
OWNER ASSUMES ALL RESPONSIBILITY FOR DAMAGED OR BROKEN UNMARKED UNDERGROUND SERVICES ETC

ACCESSORIAL HELPERS OTHER CHARGES

TOTAL

by _____
RECEIVED IN GOOD ORDER BY AUTHORIZED REPRESENTATIVE

DRIVER'S SIGNATURE _K Lopes_

PUBLIC UTILITIES COMMISSION REQUIREMENTS FOR THESE CHARGES NOT LATER THAN THE FIFTEENTH OF THE MONTH FOLLOWING DATE OF THIS BILL.

**NOTICE\***
Under the Mechanics Lien Law (California Code of Civil Procedure. Section 1181 et seq / any contractor subcontractor laborer supplier or other person who helps to improve you property but is not paid for his work of supplies has a right to enforce a claim against your property. This means that, after a court hearing, your property could be sold by a court officer and the proceeds of the sale used to ~~satisfy the indebted~~ness if you ~~do not pay~~ ~~in full~~ ~~the entered~~ ~~labored~~ remains unpaid.
Submitted in accordance with Section 7018 Business and Professions Code
NOTE We make deliveries inside curb line and on the lot at customer risk only and accept no responsibility for any damages resulting from such deliveries.

**Receipt 1 (left)**

...NDSCAPE MATERIALS INC.
580 Jacoby St, San rafael, Ca 94901
415 456 1381 fax 415 456 1754

www.americansoilandstone.com

Cashier: Rahn

| Qty | Description 1 | | |
|-----|---------------|---|---|
| 5 cy | Recycled Base Rock | $20.50 | $102.50 |
| | Subtotal | | $102.50 |
| | Local Sales Tax | 9.25 % Tax | + $9.48 |
| | **RECEIPT TOTAL:** | | **$111.98** |

Credit Card: $111.98
Visa

Merchant # ***09411

--- Begin Tender Details ---

Credit Charge : $111.98
Visa : XXXXXXXXXXXX4983
Entry Method : Manual
Auth Code : 429290

Signature_____
I agree to the above amount according to card issuer agreement.

--- End Tender Details ---

Thanks for shopping with us!
**Please show receipt when**
you pick up materials
352007

**Receipt 2 (right)**

47 PM          Sales Receipt #352021

...NDSCAPE MATERIALS INC
580 Jacoby St, San rafael, Ca 94901
415 456 1381 fax 415 456 1754

www.americansoilandstone.com

Cashier: 03

| Qty | Description 1 | | |
|-----|---------------|---|---|
| 6 cy | Recycled Base Rock | $20.50 | $123.00 |
| | Subtotal. | | $123.00 |
| | Local Sales Tax | 9.25 % Tax | + $11.38 |
| | **RECEIPT TOTAL:** | | **$134.38** |

Credit Card: $134.38
Visa

Merchant # ***09411

--- Begin Tender Details ---

Credit Charge : $134.38
Visa : XXXXXXXXXXXX4983
Entry Method : Swiped
Auth Code : 135734

Signature_____
I agree to the above amount according to card issuer agreement.

--- End Tender Details ---

Thanks for shopping with us!
**Please show receipt when**
you pick up materials
352021



**VETERAN POWER, INC**

PHONE: 877-838-8688   FAX: 909-874-3967   LICENSE# 986066

**DAILY JOB SAFETY ANALYSIS**

Case: 19-30088   Doc# 120

**LAPPING DECLARATION**

**EXHIBIT 4**



**Pacific Gas and Electric Company**

(Rev. 01/12)
Contract Management

# Change Order Request for CWAs

DATE:  2/15/2016

| | | | |
|---|---|---|---|
| 1. | CONTRACTOR CHANGE REQUEST NO.  1 | 2. | PM ORDER NO./PCC  31164908 |
| 3. | CONTRACTOR  Veteran Power | 4. | CONTRACT NO.  2501284353 |
| 5. | DATE WORK OCCURED  2/15/16 | 6. | PG&E CHANGE ORDER #  1 |
| 7. | FIELD AUTHORIZATION FORM (Y/N)  N | 8. | AUTHORIZING PG&E SUPV  W. Abbott |

9. **Specific description of work that was added or removed from the scope**: <u>location of work (where it was done),</u> <u>what was done</u> and <u>why</u>. Also note the applicable language in the contract which supports your change order request. (i.e. exclusions in the CWA).

Request change order to cover costs for additional work not addressed in the original Cost Proposal.

1. Due to the existing utilities found while potholing at the original locations of the #5 & #7 enclosures. additional prospecting was required to find new locations for the enclosures.

2. The project was redesigned twice trying to find locations for the enclosures requiring multiple visits for prospecting. This work was tracked on time and material as shown on the LME

3. The final design and new locations of the enclosures require additional trench footage and conduit to complete the installation.

4. Additional manhours, traffic control, materials and site restoration are required to complete the installation. This additional cost is shown on the unit cost breakdown.

Total Amount of Change Order=$60,387.27

See Attachment 1 & 2 for LME & Unit Cost Breakdown

| |
|---|
| 10. TOTAL CURRENT CWA VALUE |
| $84,535.69 |
| 11. TOTAL CHANGE ORDER AMOUNT |
| $60,387.27 |
| 12. NEW CWA VALUE INCLUDING CHANGE ORDER |
| $144,922.96 |

13. In addition to this document, attach an invoice listing labor and equipment classifications, hours of work, and hourly rates as applicable. Also include any sub-contractor invoices, and note their applicable mark-ups. Attach a Field Authorization Form, and LM&E's if they were utilized.

Case: 19-30088    Doc# 12081-1    Filed: 03/25/22    Entered: 03/25/22 17:06:46    Page 28 of 30

**PM31164908**
**BOLINAS FAIRFAX**

| | | PROPOSAL & CWA QUANTITIES | | | | | | | REVISED QUANTITIES | | | | | Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| UNIT # | CATEGORY | DESCRIPTION | U/M | Unit | Price | Total | | UNIT # | CATEGORY | DESCRIPTION | U/M | Unit | Price | Total | |
| CT-11 | TRENCH_OPEN_CUT_UG | 18" WIDE (DEPTH LESS THAN 48") | PER FT | 100 | $118.80 | 11,880.00 | | CT-11 | TRENCH_OPEN_CUT_UG | 18" WIDE (DEPTH LESS THAN 48") | PER FT | 193 | $118.80 | 22,928.40 | $11,048.40 |
| CT-15 | TRENCH_OPEN_CUT_UG | 18" WIDE (DEPTH 48.1" TO 72") | PER FT | 25 | $147.40 | 3,685.00 | | CT-15 | TRENCH_OPEN_CUT_UG | 18" WIDE (DEPTH 48.1" TO 72") | PER FT | 55 | $147.40 | 8,107.00 | $4,422.00 |
| CICC-3 | INSTALLATION_CONDUIT_UG | 4" DB120 CONDUIT | PER FT | 66 | $4.95 | 326.70 | | CICC-3 | INSTALLATION_CONDUIT_UG | 4" DB120 CONDUIT | PER FT | 200 | $4.95 | 990.00 | $663.30 |
| CICC-4 | INSTALLATION_CONDUIT_UG | 6" DB120 CONDUIT | PER FT | 57 | $9.68 | 551.76 | | CICC-4 | INSTALLATION_CONDUIT_UG | 6" DB120 CONDUIT | PER FT | 22 | $9.68 | 212.96 | -$338.80 |
| CICC-2 | INSTALLATION_CONDUIT_UG | 3" DB120 CONDUIT | PER FT | 0 | $3.73 | 0.00 | | CICC-2 | INSTALLATION_CONDUIT_UG | 3" DB120 CONDUIT | PER FT | 26 | $3.73 | 96.98 | $96.98 |
| CPE-27 | PRIMARY_ENCLOSURES_UG | #7 EQUIPMENT/SPLICE BOX ENCLOSURE(4'6" X 8'6"X 7'6")HEAVY FULL-TRAFFIC | EACH | 1 | $11,087.00 | 11,087.00 | | CPE-27 | PRIMARY_ENCLOSURES_UG | #7 EQUIPMENT/SPLICE ENCLOSURE(4'6" X 8'6"X 7'6")HEAVY FULL-TRAFFIC | EACH | 1 | $11,087.00 | 11,087.00 | $0.00 |
| CPE-1 | PRIMARY_ENCLOSURES_UG | #5 EQUIPMENT/SPLICE ENCLOSURE(3'0"X 5'0"X 4'6") (INCIDENTAL NEW INSTAL) | EACH | 1 | $6,094.00 | 6,094.00 | | CPE-1 | PRIMARY_ENCLOSURES_UG | #5 EQUIPMENT/SPLICE ENCLOSURE(3'0"X 5'0"X 4'6") (INCIDENTAL NEW INSTAL) | EACH | 1 | $6,094.00 | 6,094.00 | $0.00 |
| CB-5 | BELLHOLES_UG | 5' OR LESS IN DEPTH (SIDEWALK) | PER SQ/FT | 80 | $82.84 | 6,627.20 | | CB-5 | BELLHOLES_UG | 5' OR LESS IN DEPTH (SIDEWALK) | PER SQ/FT | 80 | $82.84 | 6,627.20 | $0.00 |
| CO-1 | OTHER_UG | TRAFFIC CONTROL | COST PLUS | 7 | $2,000.00 | 14,000.00 | | CO-1 | OTHER_UG | TRAFFIC CONTROL | COST PLUS | 12 | $2,000.00 | 24,000.00 | $10,000.00 |
| CR-16 | RESTORATION_CLASS2BASE_UG | GREATER THAN 500 SQ/FT (6.1-12") | PER SQ/FT | 940 | $4.13 | 3,882.20 | | CR-16 | RESTORATION_CLASS2BASE_UG | GREATER THAN 500 SQ/FT (6.1-12") | PER SQ/FT | 1240 | $4.13 | 5,121.20 | $1,239.00 |
| CR-6 | RESTORATION_AC_PAVING_UG | 251-500 SQ/FT (6.1-12") | PER SQ/FT | 240 | $18.85 | 4,524.00 | | CR-6 | RESTORATION_AC_PAVING_UG | 251-500 SQ/FT (6.1-12") | PER SQ/FT | 740 | $18.85 | 13,949.00 | $9,425.00 |
| CR-31 | RESTORATION_SIDEWALK_UG | 251-500 SQ/FT (4.1-8") | PER SQ/FT | 700 | $16.90 | 11,830.00 | | CR-31 | RESTORATION_SIDEWALK_UG | 251-500 SQ/FT (4.1-8") | PER SQ/FT | 700 | $16.90 | 11,830.00 | $0.00 |
| CR-37 | RESTORATION_CURB_GUTTER_UG | 0-50 LF | PER LF | 0 | $837.30 | 0.00 | | CR-37 | RESTORATION_CURB_GUTTER_UG | 0-50 LF | PER LF | 30 | $55.90 | 1,677.00 | $1,677.00 |
| CCR-8 | CIVIL_CREW_RATE_UG | CLEARANCE 4 MAN CREW WITH CREW TRUCK (PREMIUM TIME) | PER HR | 12 | $837.30 | 10,047.60 | | CCR-8 | CIVIL_CREW_RATE_UG | 4 MAN CREW WITH CREW TRUCK (PREMIUM TIME) | PER HR | 12 | $837.30 | 10,047.60 | $0.00 |
| | | | | | | | | | LME | ADDITIONAL TIME FOR PROSPECTING TO FIND LOCATION OF ENCLOSURES. THIS WORK TRACKED ON LME | LUMP SUM | 1 | | 22,154.39 | $22,154.39 |
| | | | | | Total | $ 84,535.46 | | | | | | | Total | $ 144,922.73 | $60,387.27 |

Daily Statement of Labor, Material, and Equipment - Furnished by Contractor

**VETERAN POWER, INC.**

Date: 11/30-1/28

SELECT DROP DOWN IN THESE FIELDS

| Field | Value |
|---|---|
| JOB LOCATION: | 31 BOLINAS FAIRFAX |
| CONTRACT OR SPEC. NO. | PM31164908 |
| JOB NO. | 15-3302 |
| CHANGE ORDER NO. | |
| SHEET ___ OF ___ SHEETS | |

Description of Work, Item No.

Column 1: 11/30-12/15 ADD'L PROSPECTING ABOVE THE AMOUNT INCLUDED IN CONTRACT. PROSPECT AT LOC 2 & 7 FOR PLACEMENT OF #5 & #7 ENCLOSURES. MOVE TO ALLEY WAY AND PERFORM ADD'L POTHOLING. NO WINDOW WAS FOUND.

Column 2: 1/25-1/28 ADD'L PROSPECTING AT NEW LOCATIONS FOR PLACEMENT OF ENCLOSURES. STILL NO WINDOW FOUND. FIELD MEET WITH ANDY WELCH & DAVID BROWN TO REDESIGN

Subsistence, Number of persons/days

## CONTRACTOR'S LABOR

| NAME | LABOR TYPE | RATE | | HRS | TOTAL $ | | 1 | 2 | 3 | 4 | 5 | 6 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BEN OGDEN | Foreman IBEW | 110.90 | ST | 20.00 | 2,218.00 | ST | 20.00 | - | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 196.53 | DT | - | - | DT | - | - | | # | - | # | # | - |
| DONNY FRIEMOTH | Line Equip. Man IBEW | 84.45 | ST | 20.00 | 1,689.00 | ST | 20.00 | - | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 145.95 | DT | - | - | DT | - | - | | # | - | # | # | - |
| MANNY SAMANIEGO | Groundman IBEW | 68.71 | ST | 20.00 | 1,374.20 | ST | 20.00 | - | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 114.03 | DT | - | - | DT | - | - | | # | - | # | # | - |
| JESUS MORENO | Foreman IBEW | 68.71 | ST | 18.00 | 1,236.78 | ST | - | 18.00 | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 114.03 | DT | - | - | DT | - | - | | # | - | # | # | - |
| CRUZ LOPEZ | Line Equip. Man IBEW | 84.45 | ST | 18.00 | 1,520.10 | ST | - | 18.00 | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 145.95 | DT | - | - | DT | - | - | | # | - | # | # | - |
| FRANCISCO TORRES | Groundman IBEW | 68.71 | ST | 18.00 | 1,236.78 | ST | - | 18.00 | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 114.03 | DT | - | - | DT | - | - | | # | - | # | # | - |
| JOSE BARBOSA | Groundman IBEW | 68.71 | ST | 18.00 | 1,236.78 | ST | - | 18.00 | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | 114.03 | DT | - | - | DT | - | - | | # | - | # | # | - |
| | LABOR TYPE ↓ | - | ST | - | - | ST | - | - | | # | - | # | # | - |
| | | - | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | - | DT | - | - | DT | - | - | | # | - | # | # | - |
| | LABOR TYPE ↓ | | ST | - | - | ST | - | - | | # | - | # | # | - |
| | | | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | | DT | - | - | DT | - | - | | # | - | # | # | - |
| | LABOR TYPE ↓ | | ST | - | - | ST | - | - | | # | - | # | # | - |
| | | | OT | - | - | OT | - | - | | # | - | # | # | - |
| | | | DT | - | - | DT | - | - | | # | - | # | # | - |

| | | |
|---|---|---|
| TOTAL PREMIUM TIME (DT) | | - |
| TOTAL PREMIUM TIME (OT) | | - |
| TOTAL STRAIGHT TIME (ST) | | 10,511.64 |
| **TOTAL LABOR** | | 10,511.64 |
| PAYROLL TAXES ON TOTAL LABOR OF $ | Inc. Above | |
| COMP. INS. ON TOTAL LABOR OF $ | Inc. Above | |
| P.L. AND P.D. ON TOTAL LABOR OF $ | Inc. Above | |
| WELFARE | Inc. Above | |
| SUBSISTENCE - DAYS | | - |
| | | |
| TOTAL LABOR, P/R TAXES, ETC. | | 10,511.64 |

## RENTAL EQUIPMENT

| EQUIPMENT DESCRIPTION | RATE | AMOUNT | ITEM |
|---|---|---|---|
| TRENCH PLATES/SHORING DELIVERY & PICK UP | 1.00 | 412.50 | 412.50 |
| | - | - | - |
| | - | - | - |
| | - | - | - |
| TOTAL EQUIPMENT RENTAL | | **412.50** | |

### ADDITIONAL SERVICES

| SERVICE DESCRIPTION | | RATE | AMOUNT | ITEM |
|---|---|---|---|---|
| TRAFFIC CONTROL-DAYS | 3.00 | 2,166.75 | 6,500.25 | |
| | - | - | - | |
| | - | - | - | |
| | - | - | - | |
| | - | - | - | |
| | - | - | - | |
| TOTAL ADDITIONAL SERVICES | | | **6,500.25** | |

### MATERIAL

| | $ | TOTAL | ITEM |
|---|---|---|---|
| | - | - | - |
| | - | - | - |
| | - | - | - |
| | - | - | - |
| | - | - | - |
| | - | - | - |
| TOTAL MATERIAL | | **-** | |

### CONTRACTOR OWNED EQUIPMENT

| EQUIPMENT DESCRIPTION | HRS | RATE | AMOUNT |
|---|---|---|---|
| CREW TRUCK | 38.00 | 32.00 | 1,216.00 |
| 5 YRD DUMP TRUCK | 38.00 | 35.00 | 1,330.00 |
| EQUIPMENT TRAILER | 38.00 | 8.00 | 304.00 |
| E35 MINI EXCAVATOR | 38.00 | 30.00 | 1,140.00 |
| 800 GALLON VACUUM EXCAVATOR | 20.00 | 37.00 | 740.00 |
| | - | - | - |
| | - | - | - |
| | - | - | - |
| TOTAL OWNED EQUIPMENT | | | **4,730.00** |

| | | |
|---|---|---|
| TOTAL RENTAL EQUIPMENT COST | | 412.50 |
| TOTAL ADDITIONAL SERVICES FT/EA | | 6,500.25 |
| TOTAL MATERIAL & SALES TAX | | - |
| TOTAL CONTRACTOR OWNED EQUIP | | 4,730.00 |
| | TOTAL | 11,642.75 |

| **GRAND TOTAL** | |
|---|---|
| | 22,154.39 |