| | |
|---|---|
| 1 | **WEIL, GOTSHAL & MANGES LLP** |
| 2 | Theodore E. Tsekerides (*pro hac vice*) |
|   | (theodore.tsekerides@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) |
|   | (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) |
|   | (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue |
|   | New York, NY 10153-0119 |
| 6 | Tel: (212) 310-8000 |
|   | Fax: (212) 310-8007 |
| 7 | **KELLER BENVENUTTI KIM LLP** |
| 8 | Tobias S. Keller (#151445) |
|   | (tkeller@kbkllp.com) |
| 9 | Jane Kim (#298192) |
|   | (jkim@kbkllp.com) |
| 10 | David A. Taylor (#247433) |
|    | (dtaylor@kbkllp.com) |
| 11 | 650 California Street, Suite 1900 |
|    | San Francisco, CA 94108 |
| 12 | Tel: (415) 496-6723 |
|    | Fax: (650) 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
|  | (Lead Case) |
| - and - | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND ANGELA RAMIREZ** |
| Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Angela Ramirez ("**Ramirez**," and together with the Reorganized Debtors, the "**Parties**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order clarifying that the Plan Injunction (as defined below) does not preclude Ramirez from prosecuting a pending lawsuit to liquidate her claims against the Utility. The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On May 23, 2019, Ramirez filed in the Superior Court of California, County of Sacramento (the "**State Court**") a complaint (the "**Complaint**") in which she asserted employment-related claims against the Utility. The action initiated by the Complaint is currently pending in the State Court, and is titled *Ramirez v. Pacific Gas & Electric Company*, Case No. 34-2019-00255681 (the "**State Court Action**").

C. On August 23, 2019, Ramirez filed Proof of Claim No. 7930 (the "**Proof of Claim**"), on account of the claims asserted in the Complaint.

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

    F.    On February 16, 2022, Ramirez filed a *Motion for Relief from Automatic Stay* [Dkt. No. 11936] (the "**Motion**").

    G.    Ramirez acknowledges that all of the claims asserted in the Complaint and the Proof of Claim are based on alleged acts or omissions that occurred after the Petition Date, and that no claims based on pre-petition conduct will be litigated.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

    1.    The Motion is deemed withdrawn.

    2.    Upon Ramirez's filing of an amended complaint in the State Court Action that affirms that Ramirez's allegations in the State Court Action are limited to alleged acts or omissions that occurred after the Petition Date:

        a.    the Plan Injunction does not preclude Ramirez from prosecuting the State Court Action against the Utility; and

        b.    the Proof of Claim is disallowed and expunged in its entirety.

    3.    In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

    4.    This Stipulation shall be binding on the Parties and each of their successors in interest.

    5.    This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: March 28, 2022

KELLER BENVENUTTI KIM LLP

*/s/ David A. Taylor*
David A. Taylor

*Attorneys for Debtors
and Reorganized Debtors*

Dated: March 28, 2022

FORTHRIGHT LAW, P.C.

*/s/ Dow W. Patten*
Dow W. Patten

*Attorneys for Angela Ramirez*