Entered on Docket
March 30, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

MAR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtor,<br>_____<br><br>ADVENTIST HEALTH SYSTEM/WEST; et al.,<br><br>Appellants,<br><br>v.<br><br>FIRE VICTIM TRUST; et al.,<br><br>Appellees. | No. 21-15447<br><br>D.C. No. 4:20-cv-05414-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 8, 2022
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Adventist Health System/West, Adventist Health Feather River, Paradise Unified School District, Northern Recycling and Waste Services, LCC, and Napa County Recycling & Waste Services, LCC ("Appellants") appeal from the district court's dismissal of their bankruptcy appeal as equitably moot. "In evaluating a dismissal on equitable mootness grounds, we review factual findings for clear error and legal conclusions de novo." *JPMCC 2007–C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc.* (*In re Transwest Resort Props., Inc.*), 801 F.3d 1161, 1168 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

We consider four factors in determining whether a bankruptcy appeal is equitably moot: (1) whether appellants sought and obtained a stay; (2) whether the plan has been substantially consummated; (3) what effect any remedy might have on innocent third parties; and (4) whether the bankruptcy court can fashion equitable relief without completely undermining the plan. *In re Transwest*, 801 F.3d at 1167–68. "If a stay was sought and not gained," we then will look to the other factors, *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 881 (9th Cir. 2012), but at the very least "we require the creditor seek a stay of proceedings before the bankruptcy court" to

Case: 19-30088    Doc# 12095    Filed: 03/30/22    Entered: 03/30/22 12:08:54    Page 2 of 5

avoid a determination of mootness. *Cobb v. City of Stockton* (*In re City of Stockton*), 909 F.3d 1256, 1263 (9th Cir. 2018).

As we observed in *Cobb*, "[f]inality is essential to the success of bankruptcy reorganization plans." *Id.* at 1263. Seeking a stay in the bankruptcy court is especially important because "[w]hen a stay is requested, all affected parties are on notice that the plan may be subject to appellate review and have an opportunity to present evidence before the bankruptcy court of the consequences of a stay." *Id.* The failure to seek a stay deprives the reviewing court on appeal the ability to review the bankruptcy court's findings and reasoning. If a confirmed reorganization plan is upended years after plan confirmation, the other parties to the bankruptcy may be significantly damaged.

Appellants did not seek a stay—not before the bankruptcy court, not before the district court, and not before our court. Appellants do not dispute this fact. However, they first argue that seeking a stay in the bankruptcy court would have been futile and that seeking a stay would have risked the Plan not being confirmed. But we have made clear that appellants have an "obligation to seek a stay pending appeal, *even if the chances of success seem dim*." *Rev Op Grp. v. ML Manager LLC* (*In re Mortgs. Ltd.*), 771 F.3d 1211, 1216 (9th Cir. 2014) (emphasis added).

3

Appellants next argue that they declined to pursue a stay because it "would have irrevocably destroyed the Plan." But it is up to the courts—not Appellants—to make such determinations. And their claim of Plan destruction argues in favor of applying equitable mootness.

Finally Appellants contend our decision in *Blixseth v. Credit Suisse*, 961 F.3d 1074 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1394 (2021), which endorsed the reasoning of our unpublished decision in *Blixseth v. Yellowstone Mountain Club, LLC*, 609 F. App'x 390 (9th Cir. 2015), held that a failure to seek a stay will be excused so long as the bankruptcy court can fashion equitable relief. However, *Blixseth* is inapplicable because it only dealt with failure to seek a stay in the Court of Appeals. *See id.* at 392. We have not required appellants to request a stay in our court specifically, so long as they otherwise show diligence in pursuing relief. *See In re Transwest*, 801 F.3d at 1168. Blixseth filed two stay motions in the bankruptcy court and one stay motion in the district court, so that case is plainly distinguishable.

Aside from failing to seek a stay, the other equitable mootness factors also cut against Appellants. The reorganization plan has been substantially consummated. *See* 11 U.S.C. § 1101(2) (defining "substantial consummation"). As the district court found, the debtors have disbursed more than $42 billion to

4

more than 2,800 creditors and other parties in interest, and the fully funded Fire Victim and Subrogation Trusts have assumed all liability for the fire claims. And as of March 2021, the Fire Victim Trust had started making payments to individual fire victims. Additionally, any effective relief would either be inequitable or would undermine the Plan. Exempting only Appellants from the challenged provision could reduce distributions to all other fire victims, and exempting all creditors from the provision would "knock[] the props out from under" the Plan's two-trust structure. *In re Thorpe*, 677 F.3d at 881.

In sum, Appellants failed to seek a stay as required by our caselaw and cannot point to any applicable exception that might excuse such a failure. The other relevant factors also cut in favor of equitable mootness. Accordingly, the district court correctly dismissed this appeal as equitably moot. We express no views as to any other issues urged by the parties.

**AFFIRMED.**