# EXHIBIT O

# Preliminary Report Top Sheet

♦ HELP US STAY ON TOP OF YOUR TRANSACTION ♦

**IF ANY OF THESE QUESTIONS ARE ANSWERED "YES", OR IF YOU HAVE QUESTIONS ABOUT THE BELOW, PLEASE CONTACT YOUR ESCROW OFFICER IMMEDIATELY**

- Have any of the principals recently filed bankruptcy?

- Do any of the principals plan to use a power of attorney?

- Are any of the principals going through a divorce? (if so, is there an attorney involved?)

- Is anyone currently vested in title deceased? Has a new Tax I.D. Number been established?

- Do any of the principals NOT have a valid photo identification?

- Is there construction work in progress or incomplete construction?
    - Any construction completed in the last year?
    - Any construction completed in the last 4 months?

- Is there a mobile or manufactured home on the property?

- Are the sellers a non-resident alien or a foreign out of country seller?

- Is the property an investment property or not considered seller's principal residence?

- Will a new entity be formed? (i.e. Partnership, LLC, Corporation)

- If your principals are currently vested or are taking title in their trust, have bank accounts been established in the name of the Trust?

- Will any of the principals be participating in a 1031 Exchange?

- Are any of the principals not able to sign with a Placer Title Company? If so, an approved notary will be required.

THANK YOU FOR CHOOSING

# Placer Title Company



| | |
|---|---|
| Order No.: | P-299091 |
| Reference: | Addington |
| Escrow Officer: | Teresa Papierniak |
| Email: | tpapierniak@placertitle.com |
| Email Loan Docs To: | 801edocs@placertitle.com |
| | |
| Proposed Insured: | TBD |
| Proposed Loan Amount: | $1,000,000.00 |
| | |
| Proposed Underwriter: | Old Republic National Title Insurance Company |
| | |
| Property Address: | 298 Saint James Drive, Piedmont, CA 94611 |

## PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, Placer Title Company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said Policy or Policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.

***Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.***

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

| | |
|---|---|
| Dated: | October 2, 2018 at 7:30AM |
| Title Officer: | Christopher Anub |

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page 3 of 22

The form of policy of title insurance contemplated by this report is:

2006 ALTA Short Form Residential Loan Policy

The estate or interest in the land hereinafter described or referred to covered by this report is:

Fee Simple

Title to said estate or interest at the date hereof is vested in:

David Preston Addington, a married man

The land referred to in this report is described as follows:

See Exhibit "A" Attached for Legal Description

# Exhibit "A"
# Legal Description

The land described herein is situated in the State of California, County of Alameda, City of Piedmont, described as follows:

Parcel One:

Lots 112 and 113, Map of St. James Wood, filed October 16, 1926, Map Book 10, Page 89, Alameda County Records.

Parcel Two:

Portion of Lot 114, Map of St. James Wood, filed October 16, 1926, Map Book 10, Page 89, Alameda County Records, described as follows:

Beginning at the intersection of the Eastern line of St. James Drive, with the Southeastern line of Lot 114, as said Drive and Lot are shown on said Map; running thence along said line of St. James Drive, being along the arc of a circle having a radius of 245 feet (the center of which circle bears South 82°22'46" West 245 feet distant) Northerly a distance of 26.50 feet; thence North 56°52'55" East 153.86 feet to the Northeastern line of Lot 114; thence along the last mentioned line South 36°54' East 27.50 feet; thence along the said Southeastern line of Lot 114, South 57°53'37" West 165.80 feet to the point of beginning.

APN:  051-4813-017

# EXCEPTIONS

At the date hereof, exceptions to coverage in addition to the printed Exceptions and Exclusions in said policy form would be as follows:

1.  Taxes, special and general, assessment districts and service areas for the Fiscal Year 2018-2019:

    | | | |
    |---|---|---|
    | 1st Installment: | $13,040.63 | Due |
    | 2nd Installment: | $13,040.63 | Due |
    | Parcel Number: | 051-4813-017 | |
    | Land Value: | $520,200.00 | |
    | Imp. Value: | $1,216,227.00 | |
    | Total Value: | $1,736,427.00 | |
    | Exemption Amount: | $0.00 | |

2.  The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5, (commencing with Section 75) of the Revenue and Taxation Code, of the State of California.

3.  Any easements or servitudes appearing in the public records; however, the policy will insure against loss or damage arising from (a) the encroachment, at Date of Policy, of the improvements on any easement; and (b) any interference with or damage to existing improvements, including lawns, shrubbery and trees, resulting from the use of the easements for the purposes granted or reserved.

4.  Covenants, Conditions and Restrictions, if any, appearing in the public records; however, the policy will insure against loss or damage arising from:

    a. the violation of any covenants, conditions and restrictions on or prior to Date of Policy, except that this affirmative insurance does not extend to covenants, conditions and restrictions relating to environmental protection, unless a notice of a violation thereof has been recorded or filed in the public records and is not referenced in an addendum attached to the policy;

    b. a forfeiture or reversion of title from a future violation of any covenants, conditions and restrictions appearing in the public records, including any relating to environmental protection; and

    c. any provisions in any covenants, conditions and restrictions under which the lien of the insured mortgage can be extinguished, subordinated impaired.

    Note: Section 12956.1 of the Government Code provides the following:

    "If this document contains any restriction based on race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, familial status, marital status, disability, genetic information, national origin, source of income as defined in subdivision (p) of Section 12955, or ancestry, that restriction violates state and federal fair housing laws and is void and may be removed pursuant to Section 12956.2 of the Government Code. Lawful restrictions under state and federal law on the age of occupants in senior housing or housing for older persons shall not be construed as restrictions based on familial status.

5.  Any lease, grant, exception, or reservation of minerals or mineral rights appearing in the public records; however, this policy insures against loss or damage arising from (a) any affect on or impairment of the use of the Land for residential one-to-four family dwelling purposes by reason of such lease, grant, exception or

reservation of minerals or mineral rights, and (b) any damage to existing improvements, including lawns, shrubbery, and trees, resulting from the future exercise of any right to use the surface of the Land for the extraction or development of the minerals or mineral rights so leased, granted, excepted, or reserved. Nothing herein shall insure against loss or damage resulting from subsidence.

6. A Statement of Identity from David Preston Addington is required as the name run of the said party discloses items which may constitute a lien against said party.

7. The requirement that Placer Title Company be provided with a Free and Clear Affidavit-Verification of Unencumbered Property executed by the vestee(s) herein.

************************* SPECIAL INFORMATION *************************

*** CHAIN OF TITLE REPORT:

According to the public records, no deeds conveying the property described in this report have been recorded within a period of 2 years prior to the date of this report, except as shown herein:    NONE

*** LENDER'S SUPPLEMENTAL ADDRESS REPORT:

The above numbered report is hereby modified and/or supplemented to reflect the following additional items relating to the issuance of an American Land Title Association Loan Form Policy:

Placer Title Company states that the herein described property is a Single Family Residence and that the property address is:

298 Saint James Drive, Piedmont, CA  94611

***NOTICE REGARDING MAPS

Any maps provided herewith are for reference only.  The property and/or easements shown are but approximations, and no assurances are given as to accuracy, reliability, dimensions or acreage.  This will not limit the coverage provided by a CLTA 116, 116.1 or 116.03 endorsement if issued to the policy.

*** NOTICE REGARDING FUNDS DEPOSITED IN ESCROW:

IMPORTANT NOTICE- ACCEPTABLE TYPE OF FUNDS

Please be advised that in accordance with the provisions of the California Insurance Code, Section 12413.1, any funds deposited for the closing must be deposited into the escrow depository and cleared prior to disbursement.  Funds deposited by wire transfer may be disbursed upon receipt.  Funds deposit via cashier's checks drawn on a California based bank may be disbursed the next business day.  If funds are deposited with the Company by other methods, recording and/or disbursement may be delayed.

IMPORTANT NOTE: PLEASE BE ADVISED THAT ESCROW HOLDER DOES NOT ACCEPT CASH, MONEY ORDERS, ACH TRANSFERS, OR FOREIGN CHECKS.

PLEASE CONTACT ESCROW REGARDING QUESTIONS ON TYPE OF FUNDS REQUIRED IN ORDER TO FACILITATE THE PROMPT CLOSING OF THIS TRANSACTION.

NOTE:  If you intend to remit multiple cashier's checks to close your escrow (which may or may not include

gift funds or third party funds) IRS cash reporting under IRS Code 8300 may be required.  For this reason, you may wish to consider wiring funds in lieu of remitting cashier's checks.

## *** DISCLOSURE OF DISCOUNTS ***

You may be entitled to a discount on your title premiums and/or escrow fees if you meet any of the following conditions:

1. You are an employee of the title insurer or Placer Title Company and the property is your primary residence; or
2. The transaction is a loan, the purpose of which is to rebuild the improvements on the property as a result of a governmentally declared disaster; or
3. The property is being purchased or encumbered by a religious, charitable or nonprofit organization for its use within the normal activities for which such entity was intended.

Please advise the company if you believe any of the above discounts apply.

## *** LENDER'S NOTE ***

In accordance with Executive Order 13224, and the USA Patriot Act, **PLACER TITLE COMPANY** compares the names of parties to the proposed transaction to the Specially Designated Nationals and Blocked Persons (SDN List) maintained by the United States Office of Foreign Asset Control.

## *** BUYER'S NOTE ***

If an ALTA Residential Owner's Policy is requested and if the property described herein is determined to be eligible for this policy, the following Exceptions From Coverage will appear in the policy:

1. Taxes or assessments which are not shown as liens by the public records or by the records of any taxing authority.

2. (a) Water rights, claims or title to water; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) unpatented mining claims; whether or not the matters exception under (a), (b) or (c) are shown by the public records.

3. Any rights, interest or claims of parties in possession of the land which are not shown by the public records.

4. Any easements or liens not shown by the public records. This exception does not limit the lien coverage in Item 8 of the Covered Title Risks.

5. Any facts about the land which a correct survey would disclose and which are not shown by the public records. This exception does not limit the forced removal coverage in Item 12 of the Covered Title Risks.

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page 9 of 22

# CLTA PRELIMINARY REPORT FORM
## Attachment One (Rev 06-05-14)
## CALIFORNIA LAND TITLE ASSOCIATION STANDARD COVERAGE POLICY - 1990
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
(b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
(a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
(b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
(c) resulting in no loss or damage to the insured claimant;
(d) attaching or created subsequent to Date of Policy; or
(e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

Case: 19-30088    Doc# 12101-6    Filed: 04/01/22    Entered: 04/04/22 08:55:58    Page 10 of 22

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

## CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
## EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning: a) building; b) zoning; c) land use; d) improvements on the Land; e)        land division; and f) environmental protection. This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes.  This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:  a) that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b) that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date; c) that result in no loss to You; or d) that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.  Failure to pay value for Your Title.
6.  Lack of a right: a) to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and b) in streets, alleys, or waterways that touch the Land.  This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount or $2,500.00 (whichever is less) | $10,000.00 |
| Covered Risk 18: | 1% of Policy Amount or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 19: | 1% of Policy Amount or $5,000.00 (whichever is less) | $25,000.00 |
| Covered Risk 21: | 1% of Policy Amount or $2,500.00 (whichever is less) | $5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a) a fraudulent conveyance or fraudulent transfer, or
    (b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page 12 of 22

7.      Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.      (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.      Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.      Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.      Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.      (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.      Any lien or right to a lien for services, labor or material not shown by the Public Records.

## 2006 ALTA OWNER'S POLICY (06-17-06)
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.      (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
          (i)  the occupancy, use, or enjoyment of the Land;
          (ii)  the character, dimensions, or location of any improvement erected on the Land;
          (iii) the subdivision of land; or
          (iv) environmental protection;
        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
        (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.      Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page
13 of 22

## EXCLUSIONS FROM COVERAGE (continued)

3.   Defects, liens, encumbrances, adverse claims, or other matters
     (a) created, suffered, assumed, or agreed to by the Insured Claimant;
     (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
     (c) resulting in no loss or damage to the Insured Claimant;
     (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
     (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
     (a) a fraudulent conveyance or fraudulent transfer; or
     (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.   (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.   Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.   Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.   Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.   (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.   Any lien or right to a lien for services, labor or material not shown by the Public Records.
7.   [Variable exceptions such as taxes, easements, CC&R's, etc. shown here.]

## ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (12-02-13)
## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page 15 of 22

**NOTICE**
**FEDERAL FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT OF 1980 (FIRPTA)**

Upon the sale of United States real property, by a non-resident alien, foreign corporation, partnership or trust, the Foreign Investment in Real Property Tax Act of 1980 (FIRPTA), and as revised by the Tax Reform Act of 1984 (26 USCA 897 (C)(1)(A)(1) and 26 USCA 1445), Revised by the Path Act of 2015, These changes may be reviewed in full in H.R. 2029, now known as Public Law 114-113. See Section 324 of the law for the full text of FIRPTA changes. Effective February 27, 2016, the amendments to FIRPTA contained in the PATH Act have increased the holdback rate from 10% of gross proceeds to 15% of gross proceeds of the sale, regardless of whether the actual tax due may exceed (or be less than) the amount withheld if ANY of the following conditions are met:

1. If the amount realized (generally the sales price) is $300,000 or less, and the property will be used by the Transferee as a residence (as provided for in the current regulations), no monies need be withheld or remitted to the IRS.

2. If the amount realized exceeds $300,000 but does not exceed $1,000,000, and the property will be used by the Transferee as a residence, (as provided for in the current regulations)  then the withholding rate is 10% on the full amount realized (generally the sales prices)

3. If the amount realized exceeds $1,000,000, then the withholding rate is 15% on the entire amount, regardless of use by the Transferee. The exemption for personal use as a residence does not apply in this scenario.
If the purchaser who is required to withhold income tax from the seller fails to do so, the purchaser is subject to fines and penalties as provided under Internal Revenue Code Section 1445.

Escrow Holder will, upon written instructions from the purchaser, withhold Federal Income Tax from the seller and will deposit said tax with the Internal Revenue Service, together with IRS Forms 8288 and 8288-A.  The fee charged for this service is $25.00 payable to the escrow holder.

**CALIFORNIA WITHHOLDING**

In accordance with Sections 18662 and 18668 of the Revenue and Taxation Code, a transferee (Buyer) may be required to withhold an amount equal to 3 1/3 percent of the sales price or an alternative withholding amount certified to by the seller in the case of a disposition of California real property interest by either:
1. A seller who is an individual or when the disbursement instructions authorize the proceeds to be sent to a financial intermediary or the seller, OR
2. A corporate seller that has no permanent place of business in California.

The buyer may become subject to penalty for failure to withhold an amount equal to the greater of 10 percent of the amount required to be withheld or five hundred dollars ($500).

However, notwithstanding any other provision included in the California statutes referenced above, no buyer will be required to withhold any amount or be subject to penalty for failure to withhold if:
1. The sales price of the California real property conveyed does not exceed one hundred thousand dollars ($100,000.00), OR
2. The seller executes a written certificate, under the penalty of perjury, of any of the following:
    a. The property qualifies as the seller's (or decedent's, if being sold by the decedent's estate) principal residence     within the meaning of Internal Revenue Code (IRC) Section 121; or
    b. The seller (or decedent, if being sold by the decedent's estate) last used the property as the seller's (decedent's) principal residence within the meaning of IRC Section 121 without regard to the two-year time period; or
    c. The seller has a loss or zero gain for California income tax purposes on this sale; or
    d. The property is being compulsorily or involuntarily converted and the seller intends to acquire property that is similar or related in service or use to qualify for non-recognition of gain for California income tax purposes under IRC Section 1033; or
    e. If the transfer qualifies for non-recognition treatment under IRC Section 351 (transfer to a corporation controlled by the transferor) or IRC Section 721 (contribution to a partnership in exchange for a partnership interest); or
    f. The seller is a corporation (or an LLC classified as a corporation for federal and California income tax purposes) that is either qualified through the California Secretary of State or has a permanent place of Business in California; or
    g. The seller is a partnership (or an LLC that is not a disregarded single member LLC and is classified as a partnership for federal and California income tax purposes) with recorded title to the property in the name of the partnership of LLC; or
    h. The seller is a tax-exempt entity under either California or federal law; or
    i. The seller is an insurance company, individual retirement account, qualified pension/profit sharing plan, or charitable remainder trust; or
    j. The transfer qualifies as a simultaneous like-kind exchange within the meaning of IRC Section 1031; or
    k. The transfer qualifies as a deferred like-kind exchange within the meaning of IRC Section 1031; or
    l. The transfer of this property will be an installment sale that you will report as such for California tax purposes and the buyer has agreed to withhold on each principal payment instead of withholding the full amount at the time of transfer.

The Seller is subject to penalty for knowingly filing a fraudulent certificate for the purpose of avoiding the withholding requirement.

**NOTICE**
**DEPOSIT OF FUNDS AND DISBURSEMENT DISCLOSURE**

Unless you elect otherwise (as described below), all funds received by (the "Company") in escrow will be deposited with other escrow funds in one or more non-interest bearing escrow accounts of the Company in a financial institution selected by the Company. The depositor acknowledges that the deposit of funds in a non-interest bearing demand account by Escrow Holder may result in said company receiving a range of economic benefits from the bank in the form of services, credits, considerations, or other things of value. The depositor hereby specifically waives any claim to such economic benefits payable to Escrow Holder resulting from non-interest bearing deposits. Unless you direct the Company to open an interest-bearing account (as described below), the Company shall have no obligation to account to you in any manner for the value of, or to compensate any party for, any benefit received by the Company and/or its affiliated company. Any such benefits shall be deemed additional compensation of the Company for its services in connection with the escrow.

If you elect, funds deposited by you prior to the close of escrow may be placed in an individual interest-bearing account arrangement that the Company has established with one of its financial institutions. You do not have an opportunity to earn interest on the funds deposited by a lender. If you elect to earn interest through this special account arrangement, the Company will charge you an additional fee of $50.00 for the establishment and maintenance of the account. This fee compensates the Company for the costs associated with opening and managing the interest-bearing account, preparing correspondence/documentation, transferring funds, maintaining appropriate records for audit/reconciliation purposes, and filing any required tax withholding statements. It is important that you consider this cost in your decision since the cost may exceed the interest you earn.

# PRIVACY POLICY NOTICE

## Purpose Of This Notice

Title V of the Gramm-Leach-Bliley Act (GLBA) generally prohibits any financial institution, directly or through its affiliates, from sharing nonpublic personal information about you with a nonaffiliated third party unless the institution provides you with a notice of its privacy policies and practices, such as the type of information that it collects about you and the categories of a persons or entities to whom it may be disclosed. In compliance with the GLBA, we are providing you with this document which notifies you of the privacy policies and practices of:

| | |
|---|---|
| Montana Title and Escrow Company | Placer Title Company |
| National Closing Solutions, Inc. | Placer Title Insurance Agency of Utah |
| National Closing Solutions of Alabama, LLC | Premier Title Agency |
| National Closing Solutions of Maryland, Inc. | North Idaho Title Insurance Company |
| Texas National Title | Wyoming Title and Escrow Company |

We may collect nonpublic personal information about you from the following sources:

- Information we receive from you, such as an application or other forms.
- Information about your transactions we secure from our files, or from our affiliates or others.
- Information we receive from a consumer reporting agency.
- Information we receive from others involved in your transaction, such as the real estate agent or lender.

Unless it is specifically stated otherwise in an amended Privacy Policy Notice, no additional nonpublic personal information will be collected about you.

We may disclose any of the above information that we collect about our customers or former customers to our affiliates or to nonaffiliated third parties as permitted by law.

We also may disclose this information about our customers or former customers to the following types of nonaffiliated companies that perform marketing services on our behalf or with whom we have joint marketing agreements:

- Financial service providers such as companies engaged in banking, consumer finances, securities and insurance.
- Nonfinancial companies such as envelope stuffers and other fulfillment service providers.

**We do not disclose any nonpublic personal information about you with anyone for any purpose that is not specifically permitted by law.**

We restrict access to nonpublic personal information about you to those employees who need to know that information in order to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page
18 of 22


**OLD REPUBLIC** NATIONAL TITLE INSURANCE COMPANY

| FACTS | WHAT DOES OLD REPUBLIC TITLE DO WITH YOUR PERSONAL INFORMATION? |
|-------|------------------------------------------------------------------|

| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
|-----------|---|
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include: <br><br> • Social Security number and employment information <br> • Mortgage rates and payments and account balances <br> • Checking account information and wire transfer instructions <br><br> When you are *no longer* our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Old Republic Title chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Old Republic Title share? | Can you limit this sharing? |
|-----------------------------------------------|:------------------------------:|:---------------------------:|
| **For our everyday business purposes** – such as to process your transactions, maintain your account(s), or respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes** – to offer our products and services to you | No | We don't share |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes** – information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes** – information about your creditworthiness | No | We don't share |
| **For our affiliates to market to you** | No | We don't share |
| **For non-affiliates to market to you** | No | We don't share |

| **Questions** | Go to www.oldrepublictitle.com (*Contact Us*) |
|---------------|------------------------------------------------|

Case: 19-30088    Doc# 12101-6    Filed: 04/01/22    Entered: 04/04/22 08:55:58    Page 19 of 22

| Who we are | |
|---|---|
| **Who is providing this notice?** | Companies with an Old Republic Title name and other affiliates. Please see below for a list of affiliates. |

| What we do | |
|---|---|
| **How does Old Republic Title protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. For more information, visit http://www.OldRepublicTitle.com/newnational/Contact/privacy. |
| **How does Old Republic Title collect my personal information?** | We collect your personal information, for example, when you:<br><br>• Give us your contact information or show your driver's license<br>• Show your government-issued ID or provide your mortgage information<br>• Make a wire transfer<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only:<br><br>• Sharing for affiliates' everyday business purposes – information about your creditworthiness<br>• Affiliates from using your information to market to you<br>• Sharing for non-affiliates to market to you.<br><br>State laws and individual companies may give you additional rights to limit sharing. See the "Other important information" section below for your rights under state law. |

| Definitions | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies<br><br>• Our affiliates include companies with an Old Republic Title name, and financial companies such as Attorneys' Title Fund Services, LLC, Lex Terrae National Title Services, Inc., Mississippi Valley Title Services Company, and The Title Company of North Carolina. |
| **Non-affiliates** | Companies not related by common ownership or control. They can be financial and non-financial companies.<br><br>• Old Republic Title does not share with non-affiliates so they can market to you |
| **Joint Marketing** | A formal agreement between non-affiliated financial companies that together market financial products or services to you. |

| | • Old Republic Title doesn't jointly market. |
|---|---|

## Other Important Information

Oregon residents only: We are providing you this notice under state law. We may share your personal information (described on page one) obtained from your or others with non-affiliate service providers with whom we contract, such as notaries and delivery services, in order to process your transactions. You may see what personal information we have collected about you in connection with your transaction (other than personal information related to a claim or legal proceeding). To see your information, please click on "Contact Us" at www.oldrepublictitle.com and submit your written request to the Legal Department. You may see and copy the information at our office or ask us to mail you a copy for a reasonable fee. If you think any information is wrong, you may submit a written request online to correct or delete it. We will let you know what actions we take. If you do not agree with our actions, you may send us a statement.

## Affiliates Who May be Delivering This Notice

| | | | | |
|---|---|---|---|---|
| American First Abstract, LLC | American First Title & Trust Company | American Guaranty Title Insurance Company | Attorneys' Title Fund Services, LLC | Compass Abstract, Inc. |
| eRecording Partners Network, LLC | Genesis Abstract, LLC | Kansas City Management Group, LLC | L.T. Service Corp. | Lenders Inspection Company |
| Lex Terrae National Title Services, Inc. | Lex Terrae, Ltd. | Mara Escrow Company | Mississippi Valley Title Services Company | National Title Agent's Services Company |
| Old Republic Branch Information Services, Inc. | Old Republic Diversified Services, Inc. | Old Republic Exchange Company | Old Republic National Title Insurance Company | Old Republic Title and Escrow of Hawaii, Ltd. |
| Old Republic Title Co. | Old Republic Title Company of Conroe | Old Republic Title Company of Indiana | Old Republic Title Company of Nevada | Old Republic Title Company of Oklahoma |
| Old Republic Title Company of Oregon | Old Republic Title Company of St. Louis | Old Republic Title Company of Tennessee | Old Republic Title Information Concepts | Old Republic Title Insurance Agency, Inc. |
| Old Republic Title, Ltd. | Republic Abstract & Settlement, LLC | Sentry Abstract Company | The Title Company of North Carolina | Title Services, LLC |
| Trident Land Transfer Company, LLC | | | | |

Case: 19-30088   Doc# 12101-6   Filed: 04/01/22   Entered: 04/04/22 08:55:58   Page 21 of 22

