**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**SECOND STATUS REPORT REGARDING SECURITIES CLAIMS RECONCILIATION AND RESOLUTION PROCESS**<br><br>[No hearing required] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Second Status Report Regarding Securities Claims Reconciliation and Resolution Process* to update the Court on their continued, significant progress in addressing rescission or damage claims filed in the Chapter 11 Cases by claimants who have asserted that they purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Securities Claims**").[1]

As discussed in more detail below, since the filing of the *Status Report Regarding Securities Claims Reconciliation and Resolution Process* on September 30, 2021 [Docket No. 11362] (the "**First Status Report**"), the Reorganized Debtors have made substantial progress in resolving Securities Claims pursuant to the procedures adopted by the Court. Specifically, the Reorganized Debtors have: (a) continued to collect necessary trading data from holders of Securities Claims (the "**Securities Claimants**"); (b) now filed a total of twenty omnibus objections, which have resolved approximately 1,800 claims, with an asserted face amount of approximately $946,000,000; and (c) made approximately 1,400 offers to Securities Claimants to settle their claims under the Securities Claims Procedures, which have resulted in settlements of more than 900 Securities Claims.

I.  **Background**

On January 25, 2021, the Court entered the Securities Procedures Order and approved the Securities Claims Procedures as the means for resolving the Securities Claims in these Chapter 11 Cases. The Securities Procedures Order authorized the Reorganized Debtors to, among other things, request the trading information necessary from all Securities Claimants to assess the viability and calculate the potential amount of allowed claims under the federal securities laws for each Securities Claim. The Securities Procedures Order further authorized the Reorganized Debtors to exchange

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, dated January 25, 2021 [Docket No. 10015] (the "**Securities Procedures Order**"), or the *Debtors' and Plan Proponents' Joint Chapter 11 Plan of Reorganization*, dated June 19, 2020 [Dkt. No. 8048] (the "**Plan**"), as applicable.

settlement offers and counteroffers with Securities Claimants and their representatives, object to certain categories of Securities Claims on an omnibus basis, and submit Securities Claims to mandatory, non-binding mediation.

As set forth in the First Status Report, the initial, necessary step toward resolving Securities Claims is for the Reorganized Debtors to ensure that they have complete, transaction-level data for each alleged Securities Claim. To that end, the Reorganized Debtors, through their claims servicing agent, Kroll Settlement Administration ("**Kroll**"), reviewed and manually transcribed – for each of the more than 7,500 Securities Claims that had been filed as of January 25, 2021 – each transaction that was submitted with the proofs of claim. This was a particularly labor-intensive task for certain claims, such as those filed by institutional investors, which each involve many thousands of transactions across multiple accounts. The Reorganized Debtors and their advisors, including Kroll, then proceeded to, among other things, analyze and identify deficiencies in the information submitted.

The Reorganized Debtors then mailed personalized letters, tailored to each Securities Claimant, identifying and requesting the specific trading information that had not been included as part of the Securities Claimant's proof of claim. Securities Claimants were given the option to submit their trading information either by mail or through an easily accessible online portal created by Kroll. Securities Claimants also were given an email address and hotline number, which many claimants have used to contact Kroll representatives with questions.

II. **Status Report**

A. **Trading Information Collection Process**

The Reorganized Debtors and their advisors, including Kroll, have continued to work to: (i) collect outstanding trading data from Securities Claimants; (ii) process, analyze, and verify the information submitted; and (iii) coordinate with Securities Claimants to rectify any further outstanding issues. While the majority of Securities Claimants have complied with the Reorganized Debtors' information requests and are working with Kroll to provide data and resolve outstanding data-related issues, a substantial number of claimants have not responded at all.

One of the most significant recurring deficiencies is the failure of certain claimants to provide post-class period trading data, or confirmation that no purchases or sales occurred during the applicable post-class period. For equity-based Securities Claims, such data is necessary to calculate damages under the "nominal loss" cap imposed by the Private Securities Litigation Act. *See* 15 U.S.C. § 78u-4(e); Dkt. No. 8964 at 16. For debt-based Securities Claims, such data is necessary to calculate damages under the formula set forth in Section 11 of the Securities Act of 1933, which requires an assessment of trading data up until the time of sale or judgment. *See* 15 U.S.C. § 77k(e); Dkt. No. 8964 at 16. In light of these and many other types of information deficiencies, the process for gathering all of the relevant information has been lengthy, particularly with respect to larger claims, such as those submitted by institutional investors, for which there may be many thousands of transactions and various accounts.

In addition, new Securities Claims continue to be filed, primarily including claims filed by or on behalf of individual Securities Claimants whose claims were initially included as part of certain "bulk" claims filed by securities class action service providers (one of which has since discontinued its involvement with this matter). Although the Reorganized Debtors are continuing to review and analyze these recently filed claims, it is clear that many of them were filed without the necessary trading information and/or proof of authorization (i.e., evidence indicating that the filer was authorized to file the proof of claim on behalf of the Securities Claimant). Moreover, some of these claims allege transactions in entirely new securities that were not listed in the originally filed "bulk" claims. The Reorganized Debtors are attempting to reconcile these newly filed claims, and reserve all rights to object to them, including on the basis that they are untimely and/or that the original "bulk" claims were improperly filed.

While, as discussed below, the Reorganized Debtors have begun to issue offers to settle certain Securities Claims, the absence of complete trading information is one important factor limiting the ability of the Reorganized Debtors to issue settlement offers to certain claimants or groups of claimants represented by the same counsel. The Reorganized Debtors continue to work to obtain complete trading data in order to facilitate the settlement process.

### B. The Omnibus Objections

To date, the Reorganized Debtors have filed twenty omnibus objections to Securities Claims on various grounds. As of the date of this filing, the Court has addressed all twenty of those omnibus objections, resulting in the disallowance and expungement of 1,785 Securities Claims, of which 831 had not asserted specific damage amounts on the face of the proofs of claim, and 954 had asserted a total of $946,339,678 in damages on the face of the proofs of claim.

### C. Settlement Offers

The Reorganized Debtors began making settlement offers earlier this year pursuant to the Securities Claims Procedures. The settlement offers were sent to the email addresses listed on each Securities Claimant's proof of claim. The Securities Claimants were notified that they could also view and accept or reject the settlement offers through an online portal established by the Reorganized Debtors and their advisors (the "**Settlement Portal**"). To date, the Reorganized Debtors have made offers to approximately 1,400 Securities Claimants.

The response to these settlement offers has been very positive. More than 900 claimants have agreed with the Reorganized Debtors to settle their claims. Moreover, approximately 90% of Securities Claimants that have taken the time to review the offers on the Settlement Portal have ultimately agreed to settlement terms with the Reorganized Debtors. Less than 3% of the Securities Claimants receiving offers have rejected the offers outright.

The Reorganized Debtors intend to continue to make settlement offers to additional Securities Claimants.

### D. Next Steps

In the coming months, the Reorganized Debtors intend to continue working diligently to collect the necessary trading information required to address additional Securities Claims in the settlement process. The Reorganized Debtors also intend to continue making settlement offers and to work to increase participation from those claimants who have received settlement offers, but have not yet viewed those offers through the Settlement Portal or otherwise responded. Further, the Reorganized Debtors will continue to identify claims that should be disallowed and expunged through the Securities Omnibus Objection Procedures. Consistent with this schedule, the

Reorganized Debtors will be seeking to further extend the June 30, 2022 claims objection deadline, including to ensure sufficient time to continue to pursue all of the above and address all Securities Claims.

Dated: April 5, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ Richard W. Slack
Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*