KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

GOUGH & HANCOCK LLP
Gayle L. Gough (#154398)
(gayle.gough@ghcounsel.com)
Laura L. Goodman (#142689)
(laura.goodman@ghcounsel.com)
50 California Street, Suite 1500
San Francisco, CA 94111
Tel: 415.848-8918

*Attorneys for Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' STATUS CONFERENCE STATEMENT AND REQUEST FOR REVISED SCHEDULING ORDER**<br><br>**[Related to Docket Nos. 11066, 11288]**<br><br>Date: April 12, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: By Zoom Videoconference Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**" or "**PG&E**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submit this status conference statement and request for revised scheduling order in advance of the April 12, 2022 status conference regarding the *Motion for Relief From Plan Injunction, to Compel Arbitration and/or for Abstention* [Dkt. No. 11066] (the "**Arbitration Motion**") filed by Fulcrum Credit Partners LLC ("**Fulcrum**") as transferee of Proof of Claim No. 58562 from Tuscan Ridge Associates, LLC ("**TRA**," and, together with Fulcrum, "**Claimants**"), and the *Reorganized Debtors' Objection to Proof of Claim No. 58562 filed by Fulcrum Credit Partners LLC as transferee of Tuscan Ridge Associates, LLC* [Dkt. No. 11288] (the "**Objection**").

## I.     INTRODUCTION

This is a highly factual matter involving many witnesses with relevant information.[1]  Most of the evidence supporting PG&E's affirmative defenses based on impossibility (TRA's prevention of restoration), TRA's lease to ECC during the term of the PG&E Letter Agreement, TRA and ECC's use of the PG&E license area and construction of improvements thereon, and TRA and their use of PG&E paid-for improvements is within the control of TRA and other third parties.  As set forth in PG&E's First Status Conference Statement, no discovery had occurred before the Claim was first filed in this Court or as of the time of the Objection.

Prior to the December 1, 2021 status conference, the parties met and conferred and, at the insistence of Claimants, PG&E agreed to a highly expedited (albeit tentative) discovery and trial schedule that left no room for error or delay and required written fact discovery – both document production and other written discovery – to be completed by March 31, 2022.[2]

---

[1] PG&E's many factual and legal defenses to the claim are described in the Objection, the Reorganized Debtors' opposition to the Arbitration Motion [Dkt. No. 11263], the *Reorganized Debtors' Status Conference Statement Regarding Motion for Relief from Plan Injunction and Objection to Claim of Fulcrum Credit Partners, LLC* [Dkt. No. 11546] (the "**First Status Conference Statement**"), and the supporting documents to the same.

[2] Moreover, in retrospect, the schedule was not feasible as a practical matter because it did not provide any dates for document productions or taking and completing fact witness depositions.  It also provided for expert disclosure, which consists of written reports under the Federal Rules, to

*As of the filing of this status report, not a single document has yet been produced*. On January 31, 2022, PG&E sent an email to Claimants regarding PG&E's document production and proposed using PG&E's standard protocol for discovery of Electronically Stored Information ("**ESI**"). On February 14, 2022, Claimants responded with extensive modifications to the proposed protocol. Numerous further revisions, questions and comments ensued with the parties having reached apparent agreement on the ESI protocol *only earlier this week*. The parties are in the process of memorializing the ESI protocol in a stipulation, which PG&E anticipates will be completed before the April 12, 2022 status conference. As the Court can appreciate, an ESI protocol is required before any documents can be produced, and document discovery is a necessary prerequisite to conducting further discovery, including identifying witnesses for deposition, taking depositions, propounding additional written discovery and potentially issuing additional third-party document subpoenas.

While PG&E remains willing to proceed on an expedited schedule to accommodate the Claimants, it is not remotely feasible for PG&E to complete fact and expert discovery and have an evidentiary hearing on August 1, 2022 – a date that, as the Court will recall, was tentatively "penciled in" during the December 1, 2021 status conference at Claimants' request, subject to revisiting at this upcoming April 12 status conference. Below, PG&E reports on the status of its discovery efforts to date and submits a proposed revised schedule that, while expedited, reflects the reality of where this matter is today, what discovery remains to be conducted and how long it will take, even on an expedited basis. PG&E also requests, in connection with its revised schedule, that the Court hold periodic status conferences for the parties to report their progress and address any future scheduling issues or discovery issues that may arise.

## II. DISCOVERY CONDUCTED TO DATE

A. <u>Written Discovery</u>

Claimants propounded Requests for Production and Requests for Admission to PG&E on

---

occur *one day* after the March 31, 2022 date for completion of fact discovery. Expert witnesses need to review and rely on documents and deposition testimony in preparing their opinions and written reports and thus it is appropriate to provide sufficient time for that work to be completed after the close of fact discovery.

December 14, 2021. Following an extension of time due to the holidays, PG&E responded to that discovery on January 27, 2022.

PG&E propounded its first sets of Requests for Production, Requests for Admission and Interrogatories to Claimants (separately) on January 20, 2022. After extensions, Claimants provided responses on March 11, 2022. PG&E has engaged in two meet-and-confer sessions with Claimants, on March 24 and March 28, 2022, regarding issues with the Claimants' discovery responses. Claimants agreed to amend or supplement their responses during these meet-and-confer sessions, but they have not yet done so.[3] PG&E will likely propound an additional set of written discovery after it receives the amended responses and has had an opportunity to review Claimants' document productions.

B.    Third-Party Subpoenas

On January 26, 2022, PG&E subpoenaed documents from certain currently known third parties:

1.    ECC Constructors, LLC.  PG&E issued a subpoena to ECC which leased and used the property while the Letter Agreement was still in effect, including property that TRA claims was damaged by PG&E. ECC did not timely respond to the subpoena but, following efforts by PG&E counsel, served a written response on March 11, 2022. ECC produced a few documents on March 14, 2022, and then on March 23, 2022, *produced in excess of 14,000 pages of documents*. PG&E is still reviewing the production and is meeting and conferring with ECC's counsel regarding ECC's failure to produce certain specific documents requested by the subpoena.

2.    Pulley Development, Algie Pulley and Jeffrey Pulley ("Pulley").  Pulley visited the property and prepared the restoration claims for TRA in February and March of 2019. Although personal service was confirmed on January 28, 2022, no response or objections have been received. Follow-up efforts to date have been unsuccessful. Most recently, on March 31, 2022, a Second Notice was issued by the subpoena service. PG&E may need to move the Court to compel Pulley's compliance.

---

[3] In response to written discovery, Claimants now admit they are no longer asserting a trespass claim. Claimants also advised at the meet-and-confer sessions that they will provide a further response to PG&E's Request for Admission that Claimants are not asserting a waste claim.

3. <u>Melton Design Group</u>. Melton visited the property and worked with Pulley to prepare the restoration claims for TRA and, upon information and belief, prepared designs for the property's development. Melton served no timely objection or response and never contacted PG&E to discuss the subpoena served on January 28, 2022. On February 16, 2022, TRA sent an untimely letter to PG&E stating an extension had been granted (it had not) and purporting to reserve rights to object to the subpoena if it chooses to designate Melton as an expert witness. PG&E subsequently received a Melton invoice for $7,640 (sent to the subpoena service) with no further explanation. The subpoena was put on hold by PG&E pending receipt and review of TRA's document production.

Depending on the contents of Claimants' document productions, PG&E believes it likely that it will need to issue additional third-party document subpoenas.

### III. PG&E's PROPOSED REVISED SCHEDULE

On March 28, 2022, PG&E raised the issue of the need for a revised schedule with Claimants. Claimants' counsel advised that they only had their clients' authority to agree to extend the discovery deadlines by two weeks. While clearly inadequate, PG&E accepted the extension, also advising that it would likely need to address the schedule with the Court. At PG&E's request, the parties met and conferred to discuss revised scheduling on April 6, 2022. Despite PG&E's explanation of why the August 1, 2022 trial date was not feasible, given that no documents have yet been produced and that both fact discovery (including likely 15-20 depositions) and expert discovery must still be conducted, Claimants would not agree to move the trial date, and the meet and confer ended.

A. <u>May 2, 2022</u> - Party Document Productions and Privilege Logs

PG&E proposes that the date for the parties' document productions and privilege logs be set for May 2, 2022. This provides the parties with approximately two weeks to conduct further document review, prepare documents for production and prepare and produce privilege logs.

B. <u>May 24, 2022</u> - Further Status Conference

PG&E proposes that the Court hold a further status conference on May 24, 2022. At this time, the parties will have completed their document productions and should have a better understanding of the volume of documents and the identity and number of witnesses for deposition

1   and the timing thereof.

2   C.      Tentative: July 22, 2022 – Completion of Fact Discovery

3          PG&E believes that a minimum of 60 days will be needed to take fact witness depositions

4   (current estimate is 15 depositions by PG&E) after completing document review.  PG&E will also

5   likely be propounding additional written discovery to Claimants and serving additional third-party

6   subpoenas.

7   D.      July 26, 2022 – Further Status Conference

8          PG&E proposes that the Court hold another status conference after the completion of fact

9   discovery, to address any scheduling issues, discovery disputes or other issues that might arise.

10  E.      Tentative: August 22, 2022 - Expert Disclosure and Reports

11         PG&E proposes that the parties have 30 days following the conclusion of fact discovery to

12  provide expert witnesses with sufficient time to review discovery materials and issue expert witness

13  reports.

14  F.      Tentative: September 6, 2022 – Rebuttal Expert Disclosure and Reports

15         Although PG&E proposes a 15-day period for parties to submit rebuttal expert reports,

16  PG&E recognizes that this is an expedited timeline, and that additional time may be appropriate

17  given the Labor Day holiday.

18  G.      Tentative: September 27, 2022 – Complete Expert Depositions

19         PG&E proposes a three-week period to conduct expert witness depositions after the

20  submission of reports, but notes that the time period needed may depend on the number of expert

21  witnesses.

22  H.      Dispositive Motions

23         At this time, given the extensive factual issues, PG&E does not know whether dispositive or

24  partially dispositive motions will be appropriate in this matter.  PG&E has no objection to the filing

25  of dispositive motions at any time before the evidentiary hearing, provided that if an opposition to a

26  dispositive motion requires submission of expert opinion testimony, such opposition be scheduled

27  for a date after the close of expert discovery.

28

1    I.    <u>Tentative: October 31, 2022</u> - Evidentiary Hearing/Trial

2         PG&E proposes an evidentiary hearing to begin on October 31, subject to the Court's

3    availability, recognizing that this tentative expedited date will provide the parties with only 30 days

4    to prepare for trial after the completion of discovery.[4]

5    ## IV.    STATUS OF SETTLEMENT DISCUSSIONS

6         The parties participated in an unsuccessful mediation with a neutral from the court-approved

7    panel on July 19, 2021, which was prior to Claimant's Arbitration Motion and PG&E's Objection.

8    Without disclosing any confidential settlement information, PG&E believes that it is clear to both

9    parties that the mediation was premature at the time.  Now, with the benefit of the time and effort the

10   parties have spent engaged in litigation (which, while still in its early stages, has helped the parties

11   understand the issues and the parties' positions better), PG&E believes that it would be appropriate

12   under the circumstances here for the parties to engage in a further mediation and would welcome the

13   Court's guidance on the matter at the April 12 status conference.

14

15   Dated: April 8, 2022

**KELLER BENVENUTTI KIM LLP**
16   **GOUGH & HANCOCK LLP**

17        /s/ *Laura L. Goodman*

18        Laura L. Goodman
          *Attorneys for Debtors and Reorganized Debtors*

19

20

21

22

23

24

25

26

27   ---

[4] For scheduling purposes, PG&E counsel has a trial scheduled on September 12, 2022 and
28   October 3, 2022.  The October 3, 2022 trial is expected to take 2-3 weeks.