ROBERT BONTA, SBN 202668
Attorney General of California
DANETTE E. VALDEZ, SBN 141780
ANNADEL A. ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

PAUL J. PASCUZZI, SBN 148810
NICHOLAS L. KOHLMEYER, SBN 299087
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
ppascuzzi@ffwplaw.com
nkohlmeyer@ffwplaw.com

Attorneys for California Department of Water
Resources, by and through the State Water Project

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>           Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>☑    Affects both Debtors | Bankruptcy Case No. 19-30089 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |

**DECLARATION OF DANETTE E. VALDEZ IN SUPPORT OF CALIFORNIA DEPARTMENT OF WATER RESOURCES' REPLY TO PG&E'S MEMORANDUM RE: THE DEPARTMENT OF WATER RESOURCES' CLAIM NO. 78104 AND FURTHER BRIEFING OF ISSUES; REQUEST FOR ORDER STAYING ARBITRATION**

I, Danette E. Valdez, declare as follows:

1. I am a Supervising Deputy Attorney General in the California Attorney General's Office. I am one of the attorneys representing the California Department of Water Resources ("CDWR") in this matter. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and accurate copy of the Demand for Arbitration filed by the City of Santa Clara dba Silicon Valley Power ("SVP") and the Northern California Power Agency ("NCPA") on March 30, 2022. The issues that SVP and NCPA seek to arbitrate include the same issue that was the subject of PG&E's Motion to Compel Arbitration, which the Court denied. That issue is whether CDWR is liable for a proportionate share of the cost of removing the transmission line. (See Demand for Arbitration attachment, pp. 5-6.) In its March 8, 2022, Memorandum Decision, the Court determined it would adjudicate this issue.

3. Attached as Exhibit 2 is a true and accurate copy of the Notice of Commencement of Arbitration that was filed contemporaneously with the Demand for Arbitration on March 30, 2022.

4. Attached as Exhibit 3 is a true and accurate copy of Pacific Gas & Electric Company's Joinder in the Arbitration Demand filed by SVP and NCPA on March 30, 2022.

5. Attached as Exhibit 4 is a true and accurate copy of the letter CDWR received from the American Arbitration Association ("AAA"), acknowledging receipt of the Demand for Arbitration, and seeking the parties' availability by April 6, 2022, for a scheduling conference on April 8, 11, or 12, and indicating that the arbitration process will commence relatively quickly despite the Court's intent to decide the issues that have also been included in the Demand for Arbitration.

6. Attached as Exhibit 5 is a true and accurate copy of the April 5, 2022 letter that counsel for CDWR sent to the AAA, notifying the association of the Court's Memorandum Decision and requesting an extension of time for six weeks to allow the Court an opportunity to decide the issues before any arbitration proceedings can begin.

7. Attached as Exhibit 6 is a true and accurate copy of an April 6, 2022 email from counsel for SVP and NCPA to the AAA, objecting to any delay in beginning arbitration.

8. Attached as Exhibit 7 is a true and accurate copy of a March 11, 2022 email from counsel for CDWR to PG&E's counsel, agreeing to PG&E's request that the March 23 deadline for filing objections has been met based on the claims issues before the Court.

9. Attached as Exhibit 8 is a true and accurate copy of an April 6 email from counsel for PG&E to the AAA stating that PG&E has no response to the CDWR letter to AAA requesting an extension of time (Exhibit 5 hereto).

10. Attached as Exhibit 9 is a true and accurate copy of an April 7 email from AAA stating that absent party agreement or a court order staying the arbitration, the arbitration will proceed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 8, 2022 in San Francisco, California

Danette E. Valdez

-2-

1   **PROOF OF SERVICE**

2       I, Susan R. Darms, declare:

3       I am a resident of the State of California and over the age of eighteen years, and not a party

4   to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814.

5   On April 8, 2022, I served the within documents:

6       **DECLARATION OF DANETTE E. VALDEZ IN SUPPORT OF**
        **CALIFORNIA DEPARTMENT OF WATER RESOURCES' REPLY TO**
7       **PG&E'S MEMORANDUM RE THE DEPARTMENT OF WATER**
        **RESOURCES' CLAIM NO. 78104 AND FURTHER BRIEFING OF ISSUES;**
8       **REQUEST FOR ORDER STAYING ARBITRATION.**

9   By Electronic Service only via CM/ECF.

10

11                                          Susan R. Darms

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 19-30088   Doc# 12129-1   Filed: 04/08/22   Entered: 04/08/22 15:07:56   Page 4 of 60

# EXHIBIT 1


**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box ☐. There is no additional administrative fee for this service.

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent: California Department of Water Resources

Address: (Representative's Address) Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP, 500 Capitol Mall, Suite 2250

| City: Sacramento | State: California | Zip Code: 95814 |
|---|---|---|
| Phone No.: 916.231.6652 | Fax No.: | |

Email Address: ppascuzzi@ffwplaw.com

Name of Representative (if known): Paul Pascuzzi

Name of Firm (if applicable):

Representative's Address:

| City: | State: Select... | Zip Code: |
|---|---|---|
| Phone No.: | Fax No.: | |

Email Address:

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

See attached Demand for Arbitration.

Dollar Amount of Claim: $ Undetermined

Other Relief Sought: ☐ Attorneys Fees ☐ Interest ☑ Arbitration Costs ☐ Punitive/Exemplary
☑ Other: Declaratory relief.

Amount enclosed: $ 7,700.00
In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

The arbitration provision provides that "The parties to the arbitration shall agree on a single arbitrator with an acceptable understanding of the utility industry."

Hearing locale: Sacramento, California

*(check one)* ☑ Requested by Claimant ☐ Locale provision included in the contract

*Please visit our website at www.adr.org/support to file this case online.
AAA Customer Service can be reached at 800-778-7879.*

Case: 19-30088    Doc# 12129-1    Filed: 04/08/22    Entered: 04/08/22 15:07:56    Page 6 of 60


| Estimated time needed for hearings overall: | hours or 3 - 5 | days |
|---|---|---|

Type of Business:

Claimant: City and Public Agency    Respondent: State Agency

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?

No

| Signature (may be signed by a representative): | Date:<br>March 30, 2022 |
|---|---|

Name of Claimant: City of Santa Clara dba Silicon Valley Power   [See attached Demand for Arbitration for additional claimant]

Address (to be used in connection with this case):  (Representative's Address) 555 Capitol Mall, Suite 1500

| City: Sacramento | State: California | Zip Code: 95814 |
|---|---|---|

| Phone No.: 916.321.4444 | Fax No.: 916.441.7597 |
|---|---|

Email Address: rswanson@boutinjones.com

Name of Representative: Robert D. Swanson

Name of Firm (if applicable): Boutin Jones Inc.    [See attached Demand for Arbitration for additional claimants' counsel]

Representative's Address: 555 Capitol Mall, Suite 1500

| City: Sacramento | State: California | Zip Code: 95814 |
|---|---|---|

| Phone No.: 916.321.4444 | Fax No.: 916.441.7597 |
|---|---|

Email Address: rswanson@boutinjones.com

To begin proceedings, **please file online at www.adr.org/fileonline. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

Case: 19-30088    Doc# 12129-1    Filed: 04/08/22    Entered: 04/08/22 15:07:56    Page 7 of 60

1  Robert D. Swanson (SBN 162816)
   Thomas G. Mouzes (SBN 99446)
2  Ian K. McGlone (SBN 315201)
   BOUTIN JONES INC.
3  555 Capitol Mall, Suite 1500
   Sacramento, CA 95814
4  Telephone: (916) 321-4444
   Email:  rswanson@boutinjones.com
5          imcglone@boutinjones.com

6  Attorneys for Claimants City of Santa Clara dba Silicon
   Valley Power and Northern California Power Agency
7
   Lisa S. Gast
8  DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.
   1667 K Street NW, Suite 700
9  Washington, DC 20006
   Telephone:  (202) 791-3601
10 Email:  lsg@dwgp.com

11 Attorney for Claimant City of Santa Clara dba
   Silicon Valley Power
12
   Jane Luckhardt (SBN 141919)
13 General Counsel
   NORTHERN CALIFORNIA POWER AGENCY
14 651 Commerce Drive
   Roseville, CA  95678-6411
15 Telephone: (916) 781-3636
   Email: Jane.Luckhardt@ncpa.com
16
   Attorney for Claimant Northern California Power Agency
17

18                    AMERICAN ARBITRATION ASSOCIATION

19

20 | City of Santa Clara dba Silicon Valley Power | Case No. |
   | and Northern California Power Agency | |
21 | | **DEMAND FOR ARBITRATION** |
   |              Claimants, | |
22 | | |
   |     v. | |
23 | | |
   | California Department of Water Resources | |
24 | | |
   |             Respondents. | |
25

26

27

28

DEMAND FOR ARBITRATION                                                    1231589.3

Claimants, by and through their attorneys, hereby demand arbitration and allege and state as follows:

## I.  **INTRODUCTION**

This dispute concerns the proper and equitable allocation of the expected shared costs associated with an electric transmission line jointly owned and utilized by Claimants City of Santa Clara dba Silicon Valley Power ("Santa Clara"), Northern California Power Agency ("NCPA"), Respondent California Department of Water Resources ("DWR"), and Pacific Gas and Electric Company ("PG&E") for over three decades. These four parties entered into an agreement under which they agreed to split all costs associated with the transmission line in proportion to their respective ownership interest in the line (the "Cotenancy Agreement").[1] For over three decades they did so without incident. However, DWR decided it no longer desired to maintain its ownership interest in the transmission line and gave notice of its intent to terminate its participation in the Cotenancy Agreement without payment to the other parties of its share of the transmission line's decommissioning and removal costs in contravention of its obligations to the other parties to the Cotenancy Agreement.

This dispute also concerns the DWR's liability to Santa Clara and NCPA for the breach of its obligations under a related agreement, entered into at the same time and expressly in connection with the Cotenancy Agreement, to provide Santa Clara and NCPA with the right to use certain amounts of DWR's ownership share in the transmission line, which ownership share comes from DWR's participation in the Cotenancy Agreement, and for which Santa Clara and NCPA paid DWR millions of dollars (the "Transmission Services Agreement").[2] (The Cotenancy Agreement and the Transmission Service Agreement are collectively referred to herein as the "Agreements.")

By way of this proceeding, Santa Clara and NCPA seek a finding by the arbitrator accepting Claimants' proposal that will be provided to Respondent as required under Section 13.2 of the Cotenancy Agreement; and as applicable, the return of monies paid to DWR and damages Claimants have and will continue to incur as a result of DWR's wrongful actions with respect to the Cotenancy

---

[1] The Cotenancy Agreement is attached hereto as Exhibit A.
[2] The Transmission Service Agreement is attached hereto as Exhibit B.

Case: 19-30088    Doc# 12129-1    Filed: 04/08/22    Entered: 04/08/22 15:07:56    Page 9
of 60

DEMAND FOR ARBITRATION
1231589.3

1  Agreement and Transmission Service Agreement, and a declaration of the parties' rights and

2  responsibilities as it relates to these two Agreements.

## II.   PARTIES

4      Claimant Santa Clara is a city, duly chartered under the laws of the State of California, which

5  owns and operates a municipal electric utility system, Silicon Valley Power, engaged in the

6  generation, transmission, distribution, purchase, and sale of electric power and energy at wholesale

7  and retail.

8      Claimant NCPA is a public agency engaged in the generation and transmission of electric

9  power and energy and was created by a joint powers agreement dated July 19, 1968, and as amended

10  and restated January 1, 2008, entered pursuant to Chapter 5, Division 7, Title 1 of the California

11  Government Code commencing with Section 6500.

12      Respondent DWR is a state agency engaged in the protection, conservation, development

13  and management of California's water supply, including operation of the State Water Resources

14  Development System pursuant to the laws of the State.

15      Non-party PG&E is a corporation organized under California law, and is engaged, among

16  other things, in generating, transmitting, and distributing electric power in northern and central

17  California.[3]

## III.   BACKGROUND

19      Claimants Santa Clara and NCPA, Respondent DWR, and PG&E are parties to that certain

20  Agreement of Cotenancy in the Castle Rock Junction-Lakeville 230 kV Transmission Line among

21  Pacific Gas and Electric Company, State of California Department of Water Resources, Northern

22  California Power Agency and the City of Santa Clara – the Cotenancy Agreement – dated June 1,

23  1984. Santa Clara, NCPA, DWR, and PG&E are cotenants under the Cotenancy Agreement.

24  / / /

25  / / /

26  / / /

27  _____

28  [3] It is Claimants' understanding that PG&E intends to participate in this arbitration proceeding as a Claimant subject to the resolution of matters presently pending in Bankruptcy Court.

Case: 19-30088   Doc# 12129-1   Filed: 04/08/22   Entered: 04/08/22 15:07:56   Page 10 of 60

1231589.3

The purpose of the Cotenancy Agreement was and is to construct and co-own a new 230 kV double circuit transmission line (the "New Line") between Castle Rock Junction and the PG&E Lakeville Substation in the Geyser area. The parties agreed to share all costs and burdens, both for construction and ongoing operation and maintenance costs associated with the New Line, in proportion to their ownership interests in the New Line. The parties invested over $50 million in the construction of the New Line.

On or about March 1, 1989, three of the four parties to the Cotenancy Agreement – DWR, Santa Clara, and NCPA – entered into a related agreement, the "Castle Rock – Lakeville 230 kV Transmission Line Service Agreement between Northern California Power Agency and the City of Santa Clara and Department of Water Resources of the State of California" – the Transmission Service Agreement. (The recitals in the Transmission Service Agreement include a statement that "DWR intends to sign the Cotenancy Agreement and to cause the Cotenancy Agreement to become effective as to DWR on or about March 1, 1989.")

The Transmission Service Agreement, among other things, obligates DWR to provide Santa Clara and NCPA with the right to use an allocated share of DWR's ownership interest in the New Line (which ownership interest DWR has through its participation in the Cotenancy Agreement), and in return, for Santa Clara to make a one-time payment to DWR of $2,085,455 and for NCPA to make a one-time payment to DWR of $1,614,545.

Thereafter, on or about May 10, 1989, DWR executed the Cotenancy Agreement.

On or about July 30, 2018, DWR gave one (1) year notice to PG&E, Santa Clara, and NCPA of its intention to terminate DWR's participation in the Cotenancy Agreement.

On January 29, 2019, PG&E commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California and thereafter confirmed its chapter 11 plan.

On or about October 17, 2019, DWR filed a Proof of Claim in the PG&E bankruptcy proceeding in the principal amount of $101,026.75 related to its purported overpayment of monies under the Cotenancy Agreement.

///

On March 25, 2022, PG&E notified DWR that it was allowing DWR's claim and reserving all rights.

This arbitration demand now follows.

## IV. CLAIMS AND RELIEF REQUESTED[4]

### A. DWR is liable for its proportionate share of the cost of the removal of the New Line.

The Cotenancy Agreement calls for proportionate sharing of costs among the Cotenants. Section 4.12, titled "Nature of the Agreement," makes the sharing principle express: "The Cotenants intend that this Agreement shall constitute a sharing arrangement among the Cotenants . . . ." And, consistent with that stated purpose, the Cotenants have, over the course of over three decades, proportionately shared the costs of construction of the New Line (Section 4); and operation, maintenance, replacement, and additions and betterments of the New Line (Section 5).

This cost-sharing approach is also found in Section 14.5, which provides that upon termination of the Agreement by *all* Cotenants, the net salvage value of the New Line is to be distributed proportionally according to ownership share. That section also envisions a scenario where the net salvage value is *negative*—and provides that the loss must be shared by the Cotenants: "PGandE, or its successor as operator of the New Line, shall be reimbursed by the other Cotenants for their respective shares of such net loss in proportion to their Ownership Interests." (Section 14.5, emphasis added.)

Two sections of the Cotenancy Agreement address what happens when one Cotenant wishes to terminate its participation while the remaining Cotenants wish to continue to operate the New Line. Section 14.4 states: "Should any Cotenant give notice of termination, the other cotenants shall determine if one or more of the remaining Cotenants wish to keep operating the New Line and buy the interest of the terminating Cotenant." Section 14.6 then provides that, when the remaining Cotenants wish to continue operation and buy the interest of the terminating Cotenant, "[t]he sale price will be the estimated net salvage value of the interests purchased." While Section 14.6 does

---
[4] Claimants present these claims and request for relief in support of their proposal to Respondent to be provided under Section 13.2 of the Cotenancy Agreement and as separate claims for relief.

not specify what happens if, as here, the estimated net salvage value is negative, there is no reason to apply a different outcome than that dictated by Section 14.5 upon full termination of the Agreement: a proportionate sharing of the costs. That conclusion is further reinforced by Section 14.6's express requirement that "[t]he departing Cotenant shall be liable for all financial obligations incurred by it prior to its effective date of termination." (*See also* Section 2.4.3.)

DWR's obligation to pay "all" of its "financial obligations" to the other Cotenants must be understood to include its proportionate share of removal costs. DWR took on that obligation, along with all of the other Cotenants, when it executed the Cotenancy Agreement in 1989. The Federal Energy Regulatory Commission ("FERC"), incorporating the accounting industry's standard practice, has recognized that "an entity recognizes a liability for the fair value of an asset retirement obligation at the time the asset is constructed, acquired, or when a change in law creates a legal obligation to perform the retirement activities."[5] The contingent liability for the inevitable costs of removal of the New Line has been on Claimants' (and, Claimants believe, PG&E's) books since the New Line was constructed; DWR should have done the same. DWR cannot escape the obligation merely by terminating its participation in the Agreement.

Finally, Claimants' reading of Section 14.6 is consistent with California's black-letter law that a contract "be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. The time of contracting is now many years ago. But it is unimaginable that the parties intended, upon executing the Agreement, that one of them could enjoy all of the benefits of the Agreement for over three decades, only to walk away and leave its Cotenants holding the bag for the costs of removing the New Line. Such a result would be contrary to both the letter and the spirit of the Cotenancy Agreement, and profoundly unfair. *Cf.* Cal. Civ. Code § 1638 (contract interpretation cannot involve an absurdity.)

---

[5] *See* FERC Order No. 631, issued April 9, 2003 in RM02-7; *see also* EY 2021 Guide to Asset Retirement Obligations at file:///C:/Users/LOCAL_~1/Temp/2/ey-frdbb1026-04-27-2021-v2.pdf and PWC Accounting Guide at https://viewpoint.pwc.com/dt/us/en/pwc/accounting_guides/property_plant_equip/property_plant_equip_US/Chapter_3_Asset_retirement_obligations/3_4_Recognition_and_measurement_AROs.html

**B. DWR is liable for the reimbursement of funds paid by Santa Clara and NCPA**

DWR is not only obligated to pay its proportionate share of the costs for removal of the New Line under the Cotenancy Agreement, it also obligated to reimburse Santa Clara and NCPA the millions of dollars they paid DWR for the right to use certain portions of DWR's ownership share of the New Line under the related Transmission Service Agreement.

Under the Transmission Service Agreement, DWR is obligated to provide Santa Clara and DWR with the right to use certain amounts of DWR's ownership share of the New Line. Claimants pre-paid DWR in 1989 for these rights. Claimants' right to use a portion of DWR's ownership share of the New Line is a right that is unburdened by additional ownership liability. In other words, Claimants paid millions of dollars to DWR for additional transmission capacity without taking on the attendant increased liability that would come with ownership of that extra capacity. Accordingly, DWR's actions increase Claimants' potential liability while at the same time keeping the consideration Claimants paid for the rights that DWR now violates.

Additionally, Claimants' rights to use – and DWR's obligation to provide – certain amounts of DWR's ownership capacity extends to the later of "December 31, 2014 or the date that both NCPA and Santa Clara are no longer Cotenants pursuant to the Cotenancy Agreement." Transmission Service Agreement at Section 2. Santa Clara and NCPA are still Cotenants under the Cotenancy Agreement. Accordingly, DWR's obligation to provide them with the right to use a portion of DWR's ownership capacity remains – it has not abated and DWR's continuous, daily failure to provide Claimants with this "right to use" capacity free and clear of the liability burden of an increased ownership share is a continuing breach of the Transmission Service Agreement.

Accordingly, Claimants bring the following claims against Respondent as applicable:

**Breach of Contract.** Respondent has breached the Cotenancy Agreement and Transmission Service Agreement as described herein.

**Anticipatory Breach of Contract.** Respondent has repudiated its continuing obligations under the Cotenancy Agreement and Transmission Service Agreement.

**Breach of the Implied Covenant of Good Faith and Fair Dealing.** Respondent has breached the covenant of good faith and fair dealing by engaging in the conduct described herein.

Case: 19-30088    Doc# 12129-1    Filed: 04/08/22    Entered: 04/08/22 15:07:56    Page
14 of 60
1231589.3

**Declaratory Relief.** Claimants seek a determination of the parties' respective rights and responsibilities under the Cotenancy Agreement and Transmission Service Agreement.

Claimants reserve the right to amend this Demand for Arbitration, including but not limited to amending the demand to include Claimants' proposal under Section 13.2.

## V. RELIEF REQUESTED

1. Arbitrator's acceptance of Claimants' proposal as provided in Section 13.2 of the Cotenancy Agreement;

2. Damages according to proof for Respondent's breach of the Cotenancy Agreement and Transmission Service Agreement;

3. Restitution or return of all monies paid by Claimants to Respondent under the Transmission Service Agreement;

4. A determination of the parties' rights and responsibilities under the Agreements, including but not limited to:

   a. Whether DWR is responsible to pay its proportionate share of the cost of removal of the New Line;

   b. The amount DWR is responsible to pay as its proportionate share of the cost of removal of the New Line;

   c. Whether DWR is obligated to pay its proportionate share of the cost of removal of the New Line now or upon removal of the New Line;

   d. Whether DWR's inability to provide Claimants with the rights bargained for under the Transmission Service Agreement as a result of its disassociation from the Cotenancy Agreement, thereby creating additional potential exposure for Claimants, is adequately and lawfully addressed by reimbursement or restitution to Claimants of the monies paid to DWR.

5. Expenses associated with the arbitration;

6. All other relief available under the Agreements; and

///

///

7. All further relief which the arbitrator deems just and proper.

Dated: March 30, 2022

BOUTIN JONES INC.

By: _____
ROBERT D. SWANSON
THOMAS G. MOUZES
IAN K. McGLONE

Attorneys for Claimants City of Santa Clara dba
Silicon Valley Power and Northern California Power
Agency

Case: 19-30088   Doc# 12129-1   Filed: 04/08/22   Entered: 04/08/22 15:07:56   Page
16 of 60

1231589.3

EXHIBIT A EXCLUDED AS IT IS
DUPLICATIVE AND VOLUMINOUS

# EXHIBIT 2

Robert D. Swanson (SBN 162816)
Thomas G. Mouzes (SBN 99446)
Ian K. McGlone (SBN 315201)
BOUTIN JONES INC.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4444
Email: rswanson@boutinjones.com
        imcglone@boutinjones.com

Attorneys for Claimants City of Santa Clara dba Silicon
Valley Power and Northern California Power Agency

Lisa S. Gast
DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.
1667 K Street NW, Suite 700
Washington, DC 20006
Telephone: (202) 791-3601
Email: lsg@dwgp.com

Attorney for Claimant City of Santa Clara dba
Silicon Valley Power

Jane Luckhardt (SBN 141919)
General Counsel
NORTHERN CALIFORNIA POWER AGENCY
651 Commerce Drive
Roseville, CA 95678-6411
Telephone: (916) 781-3636
Email: Jane.Luckhardt@ncpa.com

Attorney for Claimant Northern California Power Agency

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| City of Santa Clara dba Silicon Valley Power and Northern California Power Agency<br><br>    Claimants,<br><br>  v.<br><br>California Department of Water Resources<br><br>    Respondents. | Case No. 01-22-0001-3527<br><br>**NOTICE OF COMMENCEMENT OF ARBITRATION** |

Case: 19-30088  Doc# 12129-1  Filed: 04/08/22  Entered: 04/08/22 15:07:56  Page 19 of 60

TO CALIFORNIA DEPARTMENT OF WATER RESOURCES AND PACIFIC GAS & ELECTRIC COMPANY:

Pursuant to Section 13.2 of the Cotenancy Agreement, the City of Santa Clara dba Silicon Valley Power and Northern California Power Agency hereby give notice of the commencement of arbitration before the American Arbitration Association against the California Department of Water Resources.

Dated: March 30, 2022

BOUTIN JONES INC.

By: _____
ROBERT D. SWANSON
THOMAS G. MOUZES
IAN K. McGLONE

Attorneys for Claimants City of Santa Clara dba Silicon Valley Power and Northern California Power Agency

NOTICE OF COMMENCEMENT OF ARBITRATION

2

1232149.1

# EXHIBIT 3

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Pacific Gas and Electric Company*

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| City of Santa Clara dba Silicon Valley Power and Northern California Power Agency | Case No. 01-22-0001-3527 |
| Claimants, | **JOINDER IN DEMAND FOR ARBITRATION** |
| v. | |
| California Department of Water Resources | |
| Respondents. | |

Pacific Gas and Electric Company (the "**Utility**"), hereby join in the demand for arbitration submitted by Claimants City of Santa Clara dba Silicon Valley Power ("**Santa Clara**") and Northern California Power Agency ("**NCPA**"), and allege and state as follows:

On January 29, 2019, PG&E and its affiliate, PG&E Corporation, commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), which cases are jointly administered under the caption *In re PG&E Corporation, et al.*, Bankruptcy Case No. 19-30088 (DM).

On October 18, 2019, California Department of Water Resources ("**DWR**"), filed a proof of claim in the Chapter 11 Cases (the "**Proof of Claim**"). In its Proof of Claim, DWR asserts that, allegedly under the terms of the Cotenancy Agreement, it "paid PG&E for Operations & Maintenance in advance for the year of July 1, 2019 through July 31, 2020. However, DWR terminated its participation in the [Cotenancy] Agreement, effective August 1, 2019. Therefore, PG&E is required to refund DWR $101,026.75, which represents eleven months of overpayment for Operations & Maintenance."

By Order dated June 20, 2020 [Dkt. No. 8053],[1] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252. Among other things, the Plan and Confirmation Order provide for a permanent injunction "as of the entry of the Confirmation Order, but subject to the occurrence of the Effective Date" that applies to "all Entities who have held, hold, or may hold Claims" and prohibits, "with respect to such Claims, " the enjoined Entities from (among other things) "commencing, conducting, or continuing in any manner [any proceeding or action] of any kind . . . against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing . . . ," "[e]xcept as otherwise provided in this Plan or in the Confirmation Order" (the "**Plan Injunction**"). Plan § 10.6; *see also* Confirmation Order at ¶ 52.

---

[1] Docket references are to the Bankruptcy Court docket in the Chapter 11 Cases.

On February 2, 2022, PG&E sought to modify the Plan Injunction with respect to its dispute with DWR, asking the Bankruptcy Court for permission to commence and participate in this arbitration proceeding, and to compel DWR to arbitrate the Proof of Claim.[2] DWR opposed this request. On March 8, 2022, the Bankruptcy Court issued orders retaining jurisdiction over the Proof of Claim and denying PG&E's request to compel arbitration, on the basis that the matter involved certain core bankruptcy issues.[3]

Following the Bankruptcy Court's decision, PG&E notified DWR and informed the Court that it would (i) pay DWR's Proof of Claim in the principal amount of $101,026.75 plus post-petition interest and (ii) not contest that DWR terminated its participation in the Cotenancy Agreement, though the Reorganized Debtors specifically reserve their rights to pursue their claim against DWR for its pro rata share of removal costs associated with the New Line, which has not been extinguished by DWR's termination of the Agreement. As such, it is PG&E's position that it has resolved all of the core bankruptcy issues that were before the Bankruptcy Court.

Subject to the Bankruptcy Court's confirmation that its Orders and the Plan Injunction do not prevent PG&E from participating in this arbitration, PG&E joins in the Demand for Arbitration submitted by Santa Clara and NCPA on this date.

Dated: March 30, 2022       **KELLER BENVENUTTI KIM LLP**

*/s/ Jane Kim*
Jane Kim

*Attorneys for Debtors and Reorganized Debtors*

---

[2] *See Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources.* [Dkt. 11896]

[3] *See* Memorandum Decision at Docket No. 11999 and Orders at Docket Nos. 12000 and 12001 (the "**Orders**").

# EXHIBIT 4

AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

725 South Figueroa Street
Suite 400
Los Angeles, CA 90017
Telephone: (213)362-1900

April 4, 2022

Robert D. Swanson, Esq.
Boutin Jones, Inc.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
Via Email to: RSwanson@BoutinJones.com

Paul Pascuzzi, Esq.
Felderstein Fitzgerald Willoughby Pascuzzi & Rios
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Via Email to: ppascuzzi@ffwplaw.com

Thomas B. Rupp
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Via Email to: trupp@kbkllp.com

Case Number: 01-22-0001-3527

City of Santa Clara dba Silicon Valley Power and Northern California Power Agency
-vs-
California Department of Water Resources
-vs-
Pacific Gas & Electric Company

Dear Parties:

This will acknowledge receipt on March 30, 2022, of a Demand for Arbitration dated March 30, 2022 providing for administration of a controversy arising out of a contract between the above-captioned parties, containing a clause providing for administration by the American Arbitration Association (the AAA). We understand that a copy was sent to Respondent. As the claim exceeds $500,000.00, the Large Complex Case Procedures will apply unless the parties agree otherwise. Please refer to our website, www.adr.org, for a copy of our Commercial Arbitration Rules and Mediation Procedures and to access AAA WebFile which allows parties to perform a variety of case related activities online. This letter--along with the attached Arbitration Information Sheet, AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy, and AAA-ICDR Cybersecurity Checklist--provide basic information about the AAA's arbitration process.

Claimant has requested that the hearing be held in Sacramento, CA. Please review the Rules and the Arbitration Information Sheet regarding the locale of hearings.

In accordance with the Rules, Respondent may file an answering statement with the AAA within 14 calendar days from the date of this letter. If no answering statement is filed within the stated time, the respondent will be deemed to deny the claim. Failure to file an answering statement shall not delay the arbitration from proceeding forward.

A Respondent may file a counterclaim at any time after notice of the filing of the Demand. If a counterclaim is asserted, it shall meet all filing requirements as described in the Rules. The filing fee, as prescribed in the applicable AAA Fee Schedule, must be paid at the time of filing. Counterclaims that do not meet the filing requirements will not be presented to the arbitrator until such time the filing is perfected. If the deficiencies are not cured by the date specified by the AAA, the counterclaim may be returned to the filing party.

An administrative call will be scheduled on one of the following dates: April 8, 11, or 12.

Please advise the AAA of your availability by **April 6, 2022.** Absent a response, we will assume all dates and times are acceptable and the administrative call will be scheduled. For your convenience, the enclosed Arbitration Information Sheet covers items to be discussed on the call.

To help arbitrators during the appointment process, the parties must complete a Checklist for Conflicts form. This form helps to avoid the possibility of a last-minute disclosure and/or disqualification of the arbitrator. Parties are requested to provide the full and complete names of all persons, firms, companies or other entities involved in this matter including, but not limited to, subsidiaries, related entities, witnesses, consultants, and attorneys. Arbitrators may need to divulge any relevant information in order to make necessary disclosures, in accordance with the rules. This form is not a preliminary or final witness list, and the AAA will not share your Checklist with the opposing party and the parties are not required to exchange them. The Checklist is due by **April 18, 2022** and may be completed online via the AAA's WebFile at www.adr.org. Subsequent updates to the Checklist may be completed at any time.

If you have a Webfile account, you should see this case listed when you log in. If you do not see the case number when you login, please contact the undersigned. If you do not have a Webfile account, please email a request for a registration code to: customerservice@adr.org and they will send you an email with the code and instructions for registering for immediate case access.

If you have questions regarding any of the information in this letter, please feel free to call me at your convenience. I look forward to assisting you in this matter.

Sincerely,

/s/
Stephanie Cubacha
Director of ADR Services
Direct Dial: (213)262-7563
Email: StephanieCubacha@adr.org
Fax: (855)433-3046

Enclosure

cc:    Thomas G. Mouzes, Esq.
       Jane Luckhardt, Esq.
       Lisa S. Gast, Esq.
       Jane Kim
       Ian K. McGlone
       David A. Taylor

**Arbitration Information Sheet**

This document provides information about your upcoming arbitration and the expectations concerning each party's conduct throughout the process. Please save this information sheet so that you may refer to it throughout the arbitration.

**Administrative Conference** - The AAA may conduct an Administrative Conference with the parties to discuss issues that will assist the AAA in administering the case as efficiently as possible. This is also a good time for the parties to discuss ways to conduct the arbitration to meet their specific needs. Please be prepared to discuss the following:

- Estimates on the expected duration of the case;
- Number of arbitrators/party-appointed arbitrator provision;
- Method of appointment of arbitrators, if applicable;
- Your views on the qualifications of the arbitrators to be proposed;
- The possibility of submitting this dispute to mediation;
- The handling of extension requests;
- Reminder for parties to review the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy*;
- Means of communication between the AAA and the parties;
- The possibility of utilizing a documents only process.

**Exchange of Correspondence and Documents** - It is also important to note that the parties must exchange copies of all correspondence during the course of the arbitration. The two exceptions are the Checklist for Conflicts mentioned above and the party's arbitrator ranking list, which you will receive further information on during the course of the arbitrator appointment process. The parties only need to send copies of documents, such as discovery, to the AAA if the document is to be transmitted to the arbitrator for a determination.

**Communications with Arbitrator** - It is very important that parties do not engage in any ex-parte communications with the arbitrator. So as to minimize the potential of such communications, this case will be administered by facilitating the exchange of appropriate written documents through the AAA. To ensure the proper handling of all case-related documents, the parties are asked not to submit correspondence directly to the arbitrator. Correspondence should be submitted to your primary contact for transmittal to the arbitrator, copying the other party.

**Timeliness of Filings** - Please pay particular attention to response dates included on any correspondence sent to you by the AAA. Untimely filings or responses will not be considered by the AAA. Therefore, if you need an extension to any deadline, please contact the other party to reach an agreement. In the event you are unable to agree, the AAA or the arbitrator will determine if an extension will be granted.

**International Arbitrations** - If either party believes a matter involves an arbitration agreement between parties from different countries or otherwise has an international nexus that may give rise to unique issues, please let the AAA know within fifteen days. The International Centre for Dispute Resolution (ICDR, www.ICDR.org ) is a Division of the AAA that administers international arbitrations worldwide, including in the US. The ICDR is available for assistance in any arbitration handled by the AAA, or, alternatively, can administer the case, if both parties agree. The AAA can also apply its Supplementary Procedures for International Arbitration under any of its Rules. The Supplementary Procedures are available on either www.ADR.org or www.ICDR.org.

**Locale of the Arbitration -** The parties may agree to a locale for the arbitration. This agreement can be made in the parties' agreement or contract, or when the arbitration is submitted to the AAA. The AAA will place the

arbitration within the agreed upon locale.

When the parties' arbitration agreement is silent or ambiguous with respect to locale, and the parties disagree as to locale, the AAA may determine the place of arbitration, subject to the power of the arbitrator after appointment, to make a final determination on the locale.

In these circumstances, the Claimant will generally request that the hearing be held in a specific locale. If the Respondent fails to file an objection to the locale requested by the Claimant within 14 calendar days after the notice of the request has been sent to the Respondent by the AAA, the AAA will confirm the locale requested by the Claimant is agreeable.

When a locale objection is filed, each party is requested to submit written statements regarding its reasons for preferring a specific locale. In preparing their written statements, the parties are asked by the administrator to address the following issues:

- Location of parties & attorneys;
- Location of witness and documents;
- Location of records;
- If construction, location of site, place or materials and the necessity of an on-site inspection;
- Consideration of relative difficulty in traveling and cost to the parties;
- Place of performance of contract;
- Place of previous court actions;
- Location of most appropriate panel;
- Any other reasonable arguments that might affect the locale determination.

**AAA WebFile -** We encourage the parties to visit our website to learn more about how to file and manage your cases online. As part of our administrative service, AAA's WebFile allows parties to perform a variety of case related activities, including:

- File additional claims;
- Complete and update the Checklist for Conflicts form;
- View invoices and submit payment;
- Merge forms that auto-populate with case and party information;
- Share and manage documents;
- Strike and rank listed neutrals;
- Review case status or hearing dates and times;
- Upload hearing exhibits in a dedicated space activated by the arbitrator.

AAA WebFile provides flexibility because it allows you to work online as your schedule permits - day or night. Cases originally filed in the traditional offline manner can also be viewed and managed online. If the case does not show up when you log in, please contact your AAA case manager to request access.

**Refund Schedule -** The AAA has a refund schedule in the administrative fee section of the Rules. After 60 days of the AAA's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The AAA will only refund filing fees as outlined in the Rules and does not refund neutral costs incurred when parties settle their dispute or withdraw their claims. Case service Final fees are fully refundable if the parties provide at least 24 hours' notice prior to the hearing.

*Revised 12/17/202*



# Billing Information Sheet

**Deposits -** After the preliminary management hearing, the arbitrator will notify the case manager how much time is anticipated for the arbitration process. The Manager of ADR Services will then notify the parties of this amount. Once billing is entered into our system an invoice is automatically generated and transmitted within 2 weeks. Should you need an immediate copy to expedite payment please contact your case manager. Your Invoice/Statement includes a list of "Payment Options." If paying by check, please make it payable to "American Arbitration Association" and send it to your case manager's attention at the office address specified on the "Payment Options" page of your Invoice/Statement. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case.

At the conclusion of the preliminary management hearing, the parties' representatives and the Manager of ADR Services may discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

Deposits are typically due thirty days prior to the first evidentiary hearing and failure to make deposits by the established due date may result in the arbitrator suspending the proceeding. Therefore, please comply with all established due dates for payment in order to avoid interruption in the progress of the case. All unused deposits shall be promptly refunded.

Parties are also reminded that you may view case financial information, as well as make payments with a credit card online via AAA's WebFile.

Compensation to the arbitrator represents an independent obligation of the parties, and it is understood that the AAA has no liability, direct or indirect, for such payment. Each party shall promptly deposit in advance with the AAA such sums of money as required by the administrator to defray the costs of the arbitrator(s) fees. Compensation incurred will be deducted from deposits on hand, if any.

**Abeyance Fee -** Should parties agree, it is the policy of the Association to hold cases in abeyance for up to one year. The parties may continue to hold the matter in abeyance beyond that period providing they remit a payment of $500.00 to the AAA to cover the administrative expense of continued tracking of such cases.

**Final Fee -** The Final Fee covers all AAA services from the time a hearing is scheduled to when the case is awarded, settled or withdrawn. The Final Fee is billed after an arbitrator has been appointed and a hearing has been scheduled and is payable in advance of the first scheduled hearing. The Final Fee will be incurred for all cases that proceed to their first evidentiary regardless of whether that hearing is held in person, via video conference, or via telephone and is payable by each party filing a claim or counterclaim, pursuant to the applicable fee schedule. If a hearing does not take place, the Final Fee will be fully refunded if the parties provide at least 24 hours' notice prior to the hearing.

**Refund Schedule -** The AAA has a refund schedule in the administrative fee section of the Rules. After 60 days of the AAA's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The AAA will only refund filing fees as outlined in the Rules and does not refund arbitrator costs incurred when parties settle their dispute or withdraw their claims. The date of receipt by the AAA of the demand for arbitration will be used to calculate refunds of both claims and counterclaims.

# EXHIBIT 5

**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3366
Facsimile: (415) 703-5480
E-Mail: Gary.Alexander@doj.ca.gov

April 5, 2022

**VIA ELECTRONIC MAIL**
StephanieCubacha@adr.org

American Arbitration Association
725 South Figueroa Street
Suite 400
Los Angeles, CA 90017
ATTN: Stephanie Cubacha

RE:     AAA Case Number 01-22-0001-3527
        United States Bankruptcy Court, Northern District of California,
        Case No. 19-30089(DM)

Dear Ms. Cubacha:

        This office represents the California Department of Water Resources (CDWR) in both the above-entitled arbitration matter and the above-entitled United States Bankruptcy Court litigation matter. In this letter, we wish to raise three important preliminary issues concerning the following topics:

- Jurisdiction
- Scheduling
- Attorney Contact Data

<u>**Jurisdiction**</u>

        For several years, PG&E has been before the United States Bankruptcy Court litigating claims arising from its most recent bankruptcy petition. Issues framed by the current Demand for Arbitration are, in fact, now before the Bankruptcy Court (Judge Montali) for adjudication. The Bankruptcy Court has jurisdiction over NCPA and SVP (who originally demanded arbitration here) because those entities appeared before the Bankruptcy Court for hearing on March 2, 2022. At that hearing, the Bankruptcy Court granted DWR's motion seeking to adjudicate the issues and denying PG&E's motion to compel arbitration on the same issues. (See the attached memo of decision.)

        Proceeding with this arbitration, therefore, risks contravening the Bankruptcy Court's jurisdiction and creating inconsistent adjudications. Also, the confirmed Plan of Reorganization

that emerged from the bankruptcy proceeding precludes creditors such as NCPA and SVP from pursuing relief in other jurisdictions, as they appear to be doing through this Demand for Arbitration.

Because CDWR objects to this arbitration as a specifically-prohibited, extra-judicial proceeding, we intend to provide a more in-depth discussion of this jurisdictional issue and reserve all other grounds for challenging jurisdiction. However, we wanted to alert AAA and counsel to this concept now because it has immediate bearing on the proposed arbitration schedule which seeks to have a scheduling meeting on April 8, 11, or 12.

## **Scheduling**

Judge Montali has required that the briefing in his court be completed by April 8, 2022. We expect that Judge Montali could issue a ruling resolving the issues raised by this arbitration claim in the next several weeks. Therefore, while we could be available on behalf of CDWR for a scheduling call this Friday, April 8, 2022, we would request that every aspect of this arbitration (including the scheduling call and the deadline to answer/counterclaim) be extended **by six weeks**.

Here, such an extension seems the best way to save time, money and effort – while eliminating the potential for contravening the Bankruptcy Court's jurisdiction, creating inconsistent adjudications, and eliminating the potential of violating the Bankruptcy Court's order denying arbitration and the confirmed Plan of Reorganization.

## **Attorney Contact Data**

In addition to Paul Pascuzzi, CDWR will be represented by the following counsel in this matter:

Danette Valdez
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102
(415) 510-3540
Danette.Valdez@doj.ca.gov

Annadel Almendras
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102
(415) 510-3367
Annadel.Almendras@doj.ca.gov

Gary Alexander
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102
(510) 910-1903
Gary.Alexander@doj.ca.gov

Thank you, in advance, for considering the points raised in this letter.

Sincerely,

/S/ GARY ALEXANDER

GARY ALEXANDER
Deputy Attorney General

For    ROB BONTA
Attorney General

GA:gg
Encl.

cc:
Robert D. Swanson (RSwanson@BoutinJones.com)
Thomas B. Rupp (trupp@kbkllp.com)
Paul Pascuzzi (ppascuzzi@ffwplaw.com)

SF2019200301



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|    Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM DECISION REGARDING DISPUTE BETWEEN DEBTORS AND THE
CALIFORNIA DEPARTMENT OF WATER RESOURCES**

On March 2, 2022, the court heard oral argument regarding *California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid* (the "DWR Motion") (Dkt. 11887) and the *Motion of*

-1-

*the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (the "Debtors' Motion") (Dkt. 11896), together with the accompanying memoranda, declarations and other filings.

Having considered the matters fully, the court concludes that the DWR Motion should be GRANTED and the Debtors' Motion should be DENIED.

Long before these bankruptcy cases were filed, the dispute between these opposing parties was identified and framed, and either side could have initiated the arbitration procedures of the 1984 Cotenancy Agreement ("Agreement"). Neither did. Even after the petitions were filed on January 29, 2019, that procedure was available, either by DWR, perhaps after first seeking relief from stay, or by Debtors. Again, neither pursued that procedure.

All that changed when the Debtors' Plan of Reorganization (the "Plan") was negotiated, filed, considered and confirmed. As pointed out by DWR, specific provisions were inserted into the Plan and the Order Confirming the Plan (the "OCP") to deal with and reserve for later resolution very numerous open issues relating to executory contracts between Debtors and many governmental agencies, including DWR.

Among the most relevant of them are:

34. <u>Determination of Cure Disputes.</u>
a. Pursuant to Section 8.2(c) of the Plan, **in the event of an unresolved dispute regarding** (i) any Cure Amount, (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the

-2-

Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or **(iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, a "Cure Dispute"), such Cure Dispute shall be resolved by a Final Order of the Court,** which may be entered after the Effective Date. (emphasis added).

67. Governmental Performance Obligations.
d. Notwithstanding anything in this Confirmation Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in the Debtors' schedules or Plan Documents (a "Potentially Assumed Contract/Lease") is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in section 365 of the Bankruptcy Code. With respect to any Cure Amount for a Potentially Assumed Contract/Lease for which the United States or any department, agency, or instrumentality of the State of California (collectively, the "Governmental Parties") is listed as the Non-Debtor Counterparty, all parties reserve all rights to dispute such Cure Amount. **If any Governmental Party disputes (i) that any Potentially Assumed Contract/Lease is in fact an executory contract or unexpired lease** or (ii) any Cure Amount, such Governmental Party shall have no later than ninety (90) days after the Confirmation Date (or such later date as may be mutually agreed upon between the applicable Governmental Party and the Debtors or Reorganized Debtors) to file and serve an objection setting forth such dispute, and **any such dispute shall be resolved by the Bankruptcy Court.** (Emphasis added).

DWR is adamant that after it gave its notice of termination of its participation in the Agreement on June 30, 2018, effective one year later, there was nothing left for it to do or for Debtors to assume. All that remains is for Debtors to pay a refund of $101,026.75, now reflected in Proof of Claim No. 78104 that is presumptively allowed and has not been the subject of an objection.

-3-

1     Debtors take a contrary view, reflected as early as when

2 the court was considering confirmation of the Plan.  Debtors

3 filed their *Schedule of Executory Contracts and Unexpired Leases*

4 *to be Assumed Pursuant to the Plan and Proposed Cure Amounts*

5 attached to the Plan Supplement as Exhibit B ("Cure Notice")

6 (Dkt. 7037).

7     That lengthy schedule included the Agreement.  Thus, even

8 to the present date, Debtors maintain that the Agreement was

9 subject to assumption because it was not rejected, and the

10 resolution of the remaining dispute that is the subject of the

11 present motions is part and parcel of the entire bundle of

12 rights and obligations of the parties that must be resolved

13 through arbitration.

14     Given the very specific attention given to matters that

15 plainly include the present dispute, the court is satisfied that

16 the Plan and the OCP reserving jurisdiction in this court to

17 resolve them prevail over those relied on by Debtors to require

18 the court to order arbitration.

19     In *In re Thorpe Insulation Co.,* 671 F.3d 1011 (9th Cir.

20 2012), the court established the principles that guide

21 bankruptcy courts in dealing with arbitration provisions versus

22 bankruptcy alternatives.  Those principles convince this court

23 to exercise its discretion not to order arbitration at present.

24     *Thorpe* involved a very complex reorganization of an

25 asbestos mass torts case and the implementation of 11 U.S.C. §

26 524(g).  It was a dispute of massive proportions and was

27 obviously quite critical to the outcome of the bankruptcy as a

28 whole.

-4-

1    In contrast, Debtors would not have been in bankruptcy at
2    all but for the tragic wildfires of 2015, 2017 and 2018, none of
3    which have anything to do with the present dispute.  It is easy
4    to assume that had those fires not occurred, no bankruptcy court
5    would have been called upon to deal with the present dispute
6    with DWR.

7        The determination of whether the Agreement is an executory
8    contract that may be assumed, and if so under what circumstances
9    and leading to what consequences, is clearly a core matter for
10   determination unless the arbitration option is more appropriate.
11   The core question is not a dispositive factor, but one that
12   should be considered.  *Thorpe* taught that"[i]n core proceedings,
13   by contrast, the bankruptcy court at least when it sees a
14   conflict with bankruptcy law, has discretion to deny enforcement
15   of an arbitration agreement." *Thorpe* 671 F.3d at 1021 (citations
16   omitted).

17       The Ninth Circuit agreed with other circuit courts that
18   permit bankruptcy court discretion to decline enforcement or
19   otherwise applicable arbitration provisions "only if arbitration
20   would conflict the underlying purposes of the Bankruptcy Code."
21   *Id.* (citations omitted).  Had either party initiated arbitration
22   after DWR gave its notice of termination in 2018 but before the
23   bankruptcy, there is no doubt that such course would have to be
24   followed.  Even if either party had sought to do so after
25   bankruptcy, but before consideration of the Plan, the same
26   result appears likely.

27       Regardless of what could have happened, Debtors chose to
28   reserve the disposition of this dispute as a post-Confirmation

-5-

matter as indicated above. While this court is not unmindful of
the tremendous complexity of the reorganization effort, and even
the complexities encountered apart from the wildfire problems,
Debtors still made an election of how best to proceed. They
could have excluded the Agreement from the list of matters to be
disposed of later but did not. Thus, the deferral of resolving
the issue through the plan mechanisms was a conscious choice.

*Thorpe* stated:

> "Arbitration of a creditor's claim against a debtor, even
> if conducted expeditiously, prevents the coordinated
> resolution of debtor-creditor rights and can delay the
> confirmation of a plan of reorganization."

*Id.* at 1023.

There was no delay in consideration of the Plan and its
subsequent confirmation and implementation. The court cannot
ignore that conscious choice of the Debtors to proceed under the
procedures and reservations they established and which DWR and
other governmental agencies responded by their reservation of
rights as noted.

Even though this issue is presented to the court nearly two
years after the Plan was confirmed, there is still a risk that
an outcome achieved via arbitration, at least on the issues of
whether the Agreement was to the reserved assumption provisions
of the Plan at all, and whether DWR could be required to pay
anything after it gave its notice of termination, would conflict
with those policies articulated by *Thorpe* and memorialized in
the Plan and the OCP.

Under the circumstances presented, and consistent with the
admonitions of *Thorpe*, the court prefers to exercise its

-6-

discretion and keep that dispute here. If the outcome is as DWR hopes, the matter is over, subject only to the possibility of appellate review. If the outcome favors Debtors, the question of liquidation of the <u>amount</u> of damages to be paid by DWR <u>may</u> be more appropriately determined through arbitration.

There are no material facts in dispute regarding whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Agreement. DWR looks to Section 14.5 of the Agreement to insulate it from such a charge because the other parties continued to operate under it. Debtors rely on Section 14.7 to hold DWR responsible for its share for termination in the future.

Collateral to that, and of relatively minor importance, is whether Claim No. 78104 should be paid. So far Debtors have not asserted any substantive objection to it, but maintain that if they prevail on the termination issue that would represent little more than a minor offset in DWR's favor.

It is now time to put this dispute to rest. Debtors have until March 25, 2022, to file a memorandum, not to exceed twenty pages and limited to this discrete issue described above, in support of their position. DWR has until April 8, 2022, to file a reply memorandum, not to exceed twenty pages and similarly limited. After that the matter will stand submitted unless the court decides to consider oral argument.

If the decision is that DWR prevails, then that should be the end of it, subject only to Debtors paying Claim No. 78104. If Debtors prevail on that discrete issue, the court will revisit the question of the amount DWR's future liability upon

-7-

termination should be determined through arbitration or via a damages trial in this court.

The court is concurrently issuing orders consistent with this Memorandum Decision.

**\*\*END OF MEMORANDUM DECISION\*\***

# EXHIBIT 6

**Danette E. Valdez**

| | |
|---|---|
| **From:** | Robert D. Swanson <RSwanson@boutinjones.com> |
| **Sent:** | Wednesday, April 6, 2022 4:18 PM |
| **To:** | AAA Stephanie Cubacha; Paul Pascuzzi; Gary Alexander; trupp@kbkllp.com |
| **Cc:** | Annadel Almendras; Danette E. Valdez; Tom Mouzes; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone; dtaylor@kbkllp.com |
| **Subject:** | RE:  [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527 |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Cubacha,

Claimants City of Santa Clara dba Silicon Valley Power and Northern California Power Agency do not agree to California Department of Water Resources' request to stay this proceeding. Prior to filing their demand, Claimants requested that Respondent agree to extend the time by which Claimants had to file their demand and Respondent refused. Accordingly, Claimants timely initiated this proceeding and are of the view that it should proceed without delay. As for the jurisdictional issue raised by Respondent, the AAA Commercial Arbitration Rules and Procedures (the "Rules") provide for how to proceed where there is a challenge to jurisdiction. Under Rule R-7, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." In sum, it is up to the appointed arbitrator to determine whether AAA has jurisdiction to hear this matter. AAA is the forum selected by the parties in their agreement and the rules under which they agreed to arbitrate. Claimants dispute Respondent's characterization of the jurisdictional question but the proper forum for the determination of that question is before the arbitrator, once appointed.

Regards,

Bob Swanson

---

**From:** AAA Stephanie Cubacha <StephanieCubacha@adr.org>
**Sent:** Wednesday, April 6, 2022 10:00 AM
**To:** Robert D. Swanson <RSwanson@boutinjones.com>; Paul Pascuzzi <ppascuzzi@ffwplaw.com>; Gary Alexander <gary.alexander@doj.ca.gov>; trupp@kbkllp.com
**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; dtaylor@kbkllp.com
**Subject:** RE: [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Dear Counsel,

This will confirm receipt of Respondent's letter dated April 5, 2022 and the email below from Claimants City of Santa Clara and Northern CA Power Agency.

We are in the process of updating the service list per the Respondent's letter.

If Claimant Pacific Gas and Electric will be submitting a response to Respondent's letter, please advise.

Also, on the administrative conference call, the AAA will discuss with the parties administrative issues, such as arbitrator selection. We do not set hearing dates or briefing schedules- the arbitrator will discuss those issues with the parties on the preliminary hearing conference call after the arbitrator has been appointed.

Are the Claimants in agreement to extend the answer deadline and/or stay the arbitration?

Sincerely,

Stephanie

 **AAA Stephanie Cubacha**
**Director of ADR Services**

American Arbitration Association

T: 213 262 7563 E: StephanieCubacha@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Robert D. Swanson <RSwanson@boutinjones.com>
**Sent:** Tuesday, April 05, 2022 4:46 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>; AAA Stephanie Cubacha <StephanieCubacha@adr.org>
**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Gary Alexander <gary.alexander@doj.ca.gov>; trupp@kbkllp.com; Tom Mouzes <TMouzes@boutinjones.com>; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; dtaylor@kbkllp.com
**Subject:** RE: [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

**\*\*\* External E-Mail – Use Caution \*\*\***

Dear Ms. Cubacha:

Claimants City of Santa Clara and Northern California Power Agency intend to provide a response to Respondent's letter of today's date. In the meantime, and pursuant to your request, Claimants are available for a scheduling call on April 11 (before 10:00 am) and on April 12 (after 11:00 am). We are not available on April 8.

Regards,

Bob Swanson

**Robert D. Swanson ● Attorney ● BOUTIN JONES INC. ●** 555 Capitol Mall, Suite 1500 ● Sacramento, CA 95814
Tel / 916.321.4444 ● Fax / 916.441.7597 ● rswanson@boutinjones.com ● www.boutinjones.com

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Tuesday, April 5, 2022 3:37 PM

**To:** StephanieCubacha@adr.org
**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Gary Alexander <gary.alexander@doj.ca.gov>; trupp@kbkllp.com; Tom Mouzes <TMouzes@boutinjones.com>; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; dtaylor@kbkllp.com; Robert D. Swanson <RSwanson@boutinjones.com>
**Subject:** RE: [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Ms. Cubacha,

Please see the attached in response to your email and attachments below. I have added counsel from the California Attorney General's Office who are additional counsel for the California Department of Water Resources. I have uploaded this to the file through the Webfile account for this matter. I am serving it on the other parties via this email.

Please let us know if you have any questions.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage: www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.

---

**From:** StephanieCubacha@adr.org <StephanieCubacha@adr.org>
**Sent:** Monday, April 4, 2022 1:06 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>; trupp@kbkllp.com; tmouzes@boutinjones.com; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; imcglone@boutinjones.com; dtaylor@kbkllp.com; RSwanson@BoutinJones.com
**Subject:** City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**AAA Stephanie Cubacha**
**Director of ADR Services**

American Arbitration Association

T: 213 262 7563  E: StephanieCubacha@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT 7

| | |
|---|---|
| **From:** | Paul Pascuzzi <ppascuzzi@ffwplaw.com> |
| **Sent:** | Friday, March 11, 2022 6:49 PM |
| **To:** | Jane Kim; Robert D. Swanson; Tom Mouzes |
| **Cc:** | Danette E. Valdez; Annadel Almendras; David Taylor |
| **Subject:** | RE: CDWR-PG&E |

Jane, Tom and Bob,

Here is DWR's response to your requests:

1. Unfortunately, DWR is not willing to agree that NCPA and SVP can intervene and file a brief. We believe that if the Court wanted briefs from NCPA and SVP, it would have provided that opportunity in its decision. DWR reserves the right to oppose any request, including seeking further pages in its response if intervention is granted.

2. On the March 23 claim objection deadline, DWR agrees that the deadline has been met since the claim issues are before the Court based on the Court's memorandum decision.

3. With regard to the arbitration deadline, DWR is still reviewing the request. Can you please elaborate on the need to address the arbitration deadline? It seems to us that the Court's memorandum decision addresses this issue by denying the Debtors' motion, but mentioning the possibility that arbitration "may" be appropriate for liquidation of the amount if the Court were to rule in the Debtors' favor on the liability issue.

Thank you.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage: www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Friday, March 11, 2022 10:01 AM
**To:** Jane Kim <jkim@kbkllp.com>
**Cc:** Danette E. Valdez <danette.valdez@doj.ca.gov>; Annadel Almendras <annadel.almendras@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; Robert D. Swanson <RSwanson@boutinjones.com>; David Taylor <dtaylor@kbkllp.com>
**Subject:** RE: CDWR-PG&E

Jane, Tom and Bob,

Email received.  We will get back to you as soon as we can with DWR's response.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage:  www.ffwplaw.com

Notice to recipient:  This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law.  If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited.  Please notify us immediately of the error by return E-mail and please delete the message from your system.  Thank you in advance for your cooperation.

---

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Thursday, March 10, 2022 3:48 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Cc:** Danette E. Valdez <danette.valdez@doj.ca.gov>; Annadel Almendras <annadel.almendras@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; Robert D. Swanson <RSwanson@boutinjones.com>; David Taylor <dtaylor@kbkllp.com>
**Subject:** RE: CDWR-PG&E

Paul:

Thanks for the email. By this email, I'm copying in Tom Mouzes and Bob Swanson, who are representing SVP and NCPA in this matter. We have three requests for you:

1. SVP and NCPA would like to intervene in this matter and file a supplemental brief (up to 10 pages), which would be due on March 25 as well and would address the issues that are specific to those two entities. Will DWR consent to that intervention? If so, we will prepare a stipulation and order.
2. Regarding the March 23 claim objection deadline, will DWR agree that that deadline has been met, or agree to extend that deadline to March 25 and deem PG&E's brief required by the court an objection to DWR's claim for purposes of the claim objection deadline?
3. Regarding the March 30 arbitration deadline, as you know, the Court suggested in his decision that there might be a possibility that arbitration may be warranted on the damages issue if necessary. In addition, the parties

would like to preserve their appeal right. Will DWR agree to hold the March 30 date in abeyance, subject to all of DWR's other rights and arguments, such that the failure of PG&E, SVP, and NCPA to commence arbitration as of March 30 is not considered a waiver of the right to arbitrate, so that SVP and NCPA do not have to commence arbitration in order to preserve that right?

Because of the time urgencies, we'd appreciate a response by tomorrow, particularly on the first question.

Thanks,
Jane

Jane Kim
Keller Benvenutti Kim LLP
Direct: 415.364.6793
Cell: 917.637.0290

KBK | KELLER BENVENUTTI KIM
www.kbk.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Wednesday, March 9, 2022 8:59 AM
**To:** Jane Kim <jkim@kbkllp.com>
**Cc:** Danette E. Valdez <danette.valdez@doj.ca.gov>; Annadel Almendras <annadel.almendras@doj.ca.gov>
**Subject:** RE: CDWR-PG&E

Jane,

As you know, the court has issued its ruling on the DWR motion and the Debtors' motion regarding the Castle Rock agreement, DWR claim and arbitration. We believe the decision addresses any issues regarding the deadlines. If you have a different view, please let us know.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage: www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Tuesday, March 8, 2022 10:11 AM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Subject:** RE: CDWR-PG&E

Paul:

Your emails this morning on behalf of the Meeting and Events Committee reminded me that I need to follow up with you on the below. Could we come to an agreement on extending dates, particularly with respect to the claims objection deadline approaching in two weeks?

Thanks,
Jane

JANE KIM

KELLER BENVENUTTI KIM LLP

Direct: 415.364.6793

Cell: 917.637.0290

K B K | KELLER BENVENUTTI KIM
www.kbkllp.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Thursday, March 3, 2022 9:56 AM
**To:** Jane Kim <jkim@kbkllp.com>
**Subject:** RE: CDWR-PG&E

Thank you Jane.  I will pass this along and get back to you with DWR's response.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage:  www.ffwplaw.com

Notice to recipient:  This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law.  If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited.  Please notify us immediately of the error by return E-mail and please delete the message from your system.  Thank you in advance for your cooperation.

**From:** Jane Kim <jkim@kbkllp.com>
**Sent:** Thursday, March 3, 2022 9:35 AM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Subject:** CDWR-PG&E

Paul:

I wanted to follow up after yesterday's hearing. As you know, the deadline for PG&E to object to CDWR's claim is March 23. Given the pendency of the matter before the court, I would suggest that we do one of two things: either treat the pending dispute as a claim objection for purposes of the deadline, or reset the deadline to within a period of time (45 days?) after the court issues a decision on the pending dispute, if the court determines that it should resolve the matter instead of sending it to arbitration. If the court modifies the plan injunction and compels arbitration, that's already treated as a deemed claim objection.

Second, as we state in our papers, under our reading of the Cotenancy Agreement, the deadline to commence arbitration is March 30, based on when the matter was submitted to the Coordinating Committee. In the event that the court does not issue its decision before then, we would like to hold that deadline in abeyance.

Please let me know if the above would be acceptable to you.

Thanks very much,
Jane

JANE KIM

KELLER BENVENUTTI KIM LLP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6793

Cell: 917.637.0290

Email: jkim@kbkllp.com



This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

# EXHIBIT 8

| **From:** | David Taylor <dtaylor@kbkllp.com> |
| **Sent:** | Wednesday, April 6, 2022 4:34 PM |
| **To:** | AAA Stephanie Cubacha; Robert D. Swanson; Paul Pascuzzi; Gary Alexander; Thomas Rupp |
| **Cc:** | Annadel Almendras; Danette E. Valdez; Tom Mouzes; Jane Kim; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone |
| **Subject:** | RE: City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527 |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Cubacha,

PG&E has no response to the Respondent's letter beyond what is stated in PG&E's Joinder in Demand for Arbitration, submitted on March 30, 2022.

Best regards,

DAVID A. TAYLOR
Keller Benvenutti Kim LLP
650.398.7660



*This email and any attachments may contain information that is privileged and confidential. If you have received this email in error, please notify the sender and destroy it immediately.*

**From:** AAA Stephanie Cubacha <StephanieCubacha@adr.org>
**Sent:** Wednesday, April 6, 2022 10:00 AM
**To:** Robert D. Swanson <RSwanson@boutinjones.com>; Paul Pascuzzi <ppascuzzi@ffwplaw.com>; Gary Alexander <gary.alexander@doj.ca.gov>; Thomas Rupp <trupp@kbkllp.com>
**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Tom Mouzes <TMouzes@boutinjones.com>; Jane Kim <jkim@kbkllp.com>; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; David Taylor <dtaylor@kbkllp.com>
**Subject:** RE: City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Dear Counsel,

This will confirm receipt of Respondent's letter dated April 5, 2022 and the email below from Claimants City of Santa Clara and Northern CA Power Agency.

We are in the process of updating the service list per the Respondent's letter.

If Claimant Pacific Gas and Electric will be submitting a response to Respondent's letter, please advise.

Also, on the administrative conference call, the AAA will discuss with the parties administrative issues, such as arbitrator selection. We do not set hearing dates or briefing schedules- the arbitrator will discuss those issues with the parties on the preliminary hearing conference call after the arbitrator has been appointed.

Are the Claimants in agreement to extend the answer deadline and/or stay the arbitration?

Sincerely,

Stephanie



**AAA Stephanie Cubacha**
**Director of ADR Services**

American Arbitration Association

T: 213 262 7563  E: StephanieCubacha@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Robert D. Swanson <RSwanson@boutinjones.com>
**Sent:** Tuesday, April 05, 2022 4:46 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>; AAA Stephanie Cubacha <StephanieCubacha@adr.org>
**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Gary Alexander <gary.alexander@doj.ca.gov>; trupp@kbkllp.com; Tom Mouzes <TMouzes@boutinjones.com>; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; dtaylor@kbkllp.com
**Subject:** RE: [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

**\*\*\* External E-Mail – Use Caution \*\*\***

Dear Ms. Cubacha:

Claimants City of Santa Clara and Northern California Power Agency intend to provide a response to Respondent's letter of today's date. In the meantime, and pursuant to your request, Claimants are available for a scheduling call on April 11 (before 10:00 am) and on April 12 (after 11:00 am). We are not available on April 8.

Regards,

Bob Swanson

**Robert D. Swanson** ● **Attorney** ● **BOUTIN JONES INC.** ● 555 Capitol Mall, Suite 1500 ● Sacramento, CA 95814
Tel / 916.321.4444 ● Fax / 916.441.7597 ● rswanson@boutinjones.com ● www.boutinjones.com

**From:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>
**Sent:** Tuesday, April 5, 2022 3:37 PM

**Cc:** Annadel Almendras <annadel.almendras@doj.ca.gov>; Danette E. Valdez <danette.valdez@doj.ca.gov>; Gary Alexander <gary.alexander@doj.ca.gov>; trupp@kbkllp.com; Tom Mouzes <TMouzes@boutinjones.com>; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; Ian K. McGlone <IMcGlone@boutinjones.com>; dtaylor@kbkllp.com; Robert D. Swanson <RSwanson@boutinjones.com>
**Subject:** RE: [External] City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Ms. Cubacha,

Please see the attached in response to your email and attachments below. I have added counsel from the California Attorney General's Office who are additional counsel for the California Department of Water Resources. I have uploaded this to the file through the Webfile account for this matter. I am serving it on the other parties via this email.

Please let us know if you have any questions.

Best regards,
Paul J. Pascuzzi

Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP
500 Capitol Mall, Suite 2250, Sacramento, CA 95814
Phone: (916) 329-7400 ext. 222 Fax: (916) 329-7435
ppascuzzi@ffwplaw.com webpage: www.ffwplaw.com

Notice to recipient: This E-mail is meant for only the intended recipient of the transmission and may be a communication privileged by law. If you receive this E-mail in error, any review, use, dissemination, distribution, or copying of this E-mail or any of the attachments is strictly prohibited. Please notify us immediately of the error by return E-mail and please delete the message from your system. Thank you in advance for your cooperation.

---

**From:** StephanieCubacha@adr.org <StephanieCubacha@adr.org>
**Sent:** Monday, April 4, 2022 1:06 PM
**To:** Paul Pascuzzi <ppascuzzi@ffwplaw.com>; trupp@kbkllp.com; tmouzes@boutinjones.com; jkim@kbkllp.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; imcglone@boutinjones.com; dtaylor@kbkllp.com; RSwanson@BoutinJones.com
**Subject:** City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**AAA Stephanie Cubacha**
**Director of ADR Services**

American Arbitration Association

T: 213 262 7563  E: StephanieCubacha@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT 9

| | |
|---|---|
| **From:** | AAA Stephanie Cubacha <StephanieCubacha@adr.org> |
| **Sent:** | Thursday, April 7, 2022 8:42 AM |
| **To:** | RSwanson@BoutinJones.com; imcglone@boutinjones.com; tmouzes@boutinjones.com; lsg@dwgp.com; jane.luckhardt@ncpa.com; ppascuzzi@ffwplaw.com; Annadel Almendras; Gary Alexander; Danette E. Valdez; trupp@kbkllp.com; jkim@kbkllp.com; dtaylor@kbkllp.com |
| **Subject:** | City of Santa Clara dba Silicon Valley Power v. California Department of Water Resources - Case 01-22-0001-3527 |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Counsel,

This will acknowledge receipt of emails from Claimants City of Santa Clara dba Silicon Valley Power and Northern California Power Agency and Pacific Gas and Electric, dated April 6, 2022.

Please be advised that absent party agreement or a court order staying the arbitration, this matter will proceed forward. Questions regarding jurisdiction or arbitrability may be presented to the arbitrator after they are appointed.

For the administrative conference call, we ask Respondent's counsel to advise if they are available on April 11th from 8:30am to 10am, or April 12th after 11am PT. Please respond by close of business today.

Sincerely,

Stephanie



**AAA Stephanie Cubacha**
**Director of ADR Services**

American Arbitration Association

T: 213 262 7563  E: StephanieCubacha@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.