| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | ROVENS LAMB LLP<br>Steven A. Lamb (#132534)<br>(slamb@rovenslamb.com)<br>1500 Rosecrans Avenue, Suite 418<br>Manhattan Beach, CA 90266<br>Tel: 310 536 7830 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 2090 FILED BY AMIR SHAHMIRZA**<br><br>**Response Deadline:**<br>**April 26, 2022, 4:00 p.m. (Pacific Time)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: May 10, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

1  **TO:  (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY
2  JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED
   CLAIMANT; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") file this objection (the "**Objection**") to Proof of Claim No. 2090 (the "**Proof of Claim**") filed by Amir Shahmirza ("**Claimant**"), and in support thereof, submit the Declaration of Steven A. Lamb (the "**Lamb Declaration**"), filed contemporaneously herewith, and further state the following:

**I.  PRELIMINARY STATEMENT**

On November 9, 2018, Claimant and Komir, Inc. ("**Komir**") initiated an action against PG&E Corp. in the Superior Court of California, County of San Mateo (the "**State Court Action**"). Their complaint alleged three causes of action: trespass; interference with prospective economic advantage; and violation of Business and Professions Code Section 17200, *et seq*. (the "**Complaint**").[1] The Complaint asserts that PG&E unlawfully entered property owned by Komir at 800 Walnut Street in San Bruno (the "**Property**") and lowered powerlines, interfering with Komir's ability to develop the Property.

On January 30, 2019, PG&E filed a *Notice of Bankruptcy Filing and Imposition of Automatic Stay* (the "**Notice**")[2] in the State Court Action. On March 20, 2019, Claimant filed the Proof of Claim, which is based on the Complaint and alleges $20,000,000 in damages for "trespass and related causes of action."[3] Komir did not file a Proof of Claim.

PG&E and Claimant have engaged in discussions, exchanged information, and participated in a mediation under the mediation procedures approved for these Chapter 11 Cases in an attempt to resolve the Proof of Claim, to no avail. PG&E now objects to the Proof of Claim, which fails as a

---

[1] A copy of the Complaint is attached to the Lamb Declaration as Exhibit A.

[2] A copy of the Notice is attached to the Lamb Declaration as Exhibit B.

[3] A copy of the Proof of Claim is attached to the Lamb Declaration as Exhibit C.

matter of law for at least two reasons.  **First**, Claimant is not the record owner of the Property and has proffered no evidence that he has a possessory right in the Property; he thus cannot state a claim for trespass.  **Second**, even if Claimant could state a claim, it would fail because PG&E holds valid easements over the Property.

## II. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**").

## III. BACKGROUND

### A. Bankruptcy Background

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner was appointed in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for*

*Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][4]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). [*See* Docket No. 8252].

**B.    The Proof of Claim**

The Proof of Claim alleges $20 million in damages. It cites Komir and Claimant's "[l]awsuit for trespass and related causes of action" as the basis for the claim, with no further explanation or documentation. (Ex. C.) On April 8, 2021, in response to an Information Request issued by the Reorganized Debtors pursuant to the *Order Approving ADR and Related Procedures for Resolving General Claims* (the "**ADR Order**") [Dkt. No. 9148], Claimant stated that the $20 million "reflected an estimate by counsel who filed the Claim as a sum that would be sufficient to fully compensate

---

[4] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

Claimant. Alternatively, Claimant seeks removal of the power lines or restoration to the height maintained at the date of Claimant's acquisition of the Property." [5]

## IV. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint alleges that "[o]n or about December 18, 2000, Plaintiffs acquired title [to] the property located at 800 Walnut Street . . . by Grant Deed from Neil & Melanie Hildebrand." (Ex. A, ¶ 9.) In the summer of 2018, the Complaint alleges, PG&E "constructed or modified powerlines" running over the Property, such that they were "lower by at least eleven (11) feet from where they were previously." (*Id*. ¶¶ 12-13.) The Complaint alleges that this lowering was "without authorization" and "interfer[es] with Plaintiffs' ability to develop this land." (*Id*. ¶ 1.)

Claimant has provided PG&E with a report by Land Surveyor Michael S. Mahoney, dated August 11, 2018 (the "**Surveyor's Report**"), which attaches a copy of the Grant Deed to the Property. (Ex. D.) The Grant Deed shows that title to the Property is in the name of Komir; Claimant is not a listed title holder of the Property. The Surveyor's Report states that "in 1923, the Mills Estate, Inc. conveyed to PG&E easements for steel towers and electric transmission lines" located on the Property. (*Id*.) The Surveyor's Report attaches a Chicago Title plat diagram dated June 21, 2018, which reflects those easements and identifies them as "Easement for Electrical Facilities" and "Easement for Steel Towers & Wires." (*Id*.)

On September 15, 2021, the parties engaged in a mediation pursuant to the ADR Order, but the matter did not settle.

## V. ARGUMENT

The Reorganized Debtors seek disallowance of the Proof of Claim under section 502(b)(1) of the Bankruptcy Code because Claimant cannot prove the claims therein by a preponderance of the evidence.

---

[5] A copy of the Information Request Response is attached to the Lamb Declaration as Exhibit D.

### A. Claimant Bears the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[6] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992), *aff'd without opinion*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth below, Claimant cannot meet this burden of proof.

### B. The Proof of Claim Is Factually and Legally Defective

*(1) Claimant Cannot State a Claim for Relief*

"In an action of trespass upon real property plaintiff must prove the fact of his possession of the premises . . . ." *Williams v. Goodwin*, 41 Cal. App. 3d 496, 508 (1974). This is because, "[g]enerally, *landowners* and *tenants* have a right to exclude persons from trespassing on private property." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 258 (2017) (emphasis added). While Claimant alleges trespass, there is no indication that Claimant has ever had possession of the Property. The title is held by Komir, not Claimant (Ex. D), and there is no allegation that Claimant is or ever has

---

[6] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to most categories of Claims initially was extended through and including June 26, 2021 [Docket No. 9563]. That deadline has been further extended through June 21, 2022 [Docket No. 11533], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection.

been a tenant of the Property.  Accordingly, Claimant cannot state a claim for trespass.  *Prado v. Chase Home Fin.*, No. CIV S-09-0332 JAM DAD PS, 2009 U.S. Dist. LEXIS 78137, at *12 (E.D. Cal. Aug. 28, 2009) ("California law requires that in order to state a claim for trespass a plaintiff must allege that . . . plaintiff was in lawful possession of the real property . . . .").

Both of Claimant's other two claims—for interference with prospective economic advantage and unfair business practices—are predicated on a successful trespass claim.  Indeed, the Complaint makes clear that PG&E's alleged trespass on the Property *is* the alleged interference with Claimant's prospective economic advantage (*i.e.*, the ability to build structures on the Property) (Ex. A, ¶ 22, 34, 37, 40, 41), and that any unfair business practices stem from either the alleged trespass or the alleged interference (*id.* ¶¶ 49, 50).

(2)     PG&E Holds Valid Easements Over the Property

Even if Claimant could state a claim for relief, his claims would fail because it is undisputed that PG&E holds at least two easements over the Property.  Claimant's own Surveyor's Report includes a plat diagram dated June 21, 2018, that reflects those easements:  a recorded "Easement for Electrical Facilities" (Item No. 8) and a recorded "Easement for Steel Towers & Wires" (Item No. 10). (Ex. D.)

PG&E anticipates that Claimant will argue that the easements have been extinguished at some point since they were granted in 1923, but that is not the case.  For instance, the Surveyor's Report references a June 30, 1987 Director's Deed that does not reference the easements.  But it is black-letter law in California that easements pass with the transfer of property,[7] and that is so irrespective of whether the easements are reflected in the subsequent title conveyance document.  *Bartholomae Corp. v. W. B. Scott Inv. Co.*, 119 Cal. App. 2d 41 (1953) (transfer of real property passes all easements attached thereto unless expressly excepted by terms of the deed); *see also Kosich v. Braz*, 247 Cal. App. 2d 737, 740 (1967) (where easement is in use and is open and apparent, the subsequent purchaser

---

[7] "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."  Cal. Civ. Code § 1104.

of the fee is put on notice and takes subject to the easement); *St. Louis v. DeBon*, 204 Cal. App. 2d 464, 466 (1962) (easements appurtenant to land conveyed pass with land without specific mention).

Claimant's reliance on a June 13, 2001 Record of Survey within the Surveyor's Report, which also does not list the subject easements, is likewise misplaced. A record of survey is not an instrument of conveyance and does not have any impact on easements that run with the Property. *See, e.g.*, *Stearns v. Title Ins. & Trust Co.*, 18 Cal. App. 3d 162, 169 (1971); *Tract Development Services, Inc. v. Kepler*, 199 Cal. App. 3d 1374, 1383 (1988) (citing *Conaway v. Toogood*, 172 Cal. 706, 712 (1916)) (recorded record of survey that did not reference an easement did not have any impact on the easement because "an easement [is] a right of way [ ] incident to the land and passes with it unless expressly excepted by the terms of the deed").

Finally, Claimant is also mistaken to rely on the assertion in his Surveyor's Report that "all facilities & utilities in this area were relocated per [City and County of San Francisco] Ordinance No. 3975." (Ex. D.) That is incorrect. Ordinance 3975, which dates from 1946 and pertains to the relocation of Bayshore Highway near San Francisco Airport, does not relocate the easements affecting the Property and, by its express terms, does not either relocate or extinguish the subject easements.[8]

As is evident from the current record and as will be further established by limited discovery, PG&E was granted the express right to keep and maintain the subject overhead transmission lines, and those rights have not been altered. Consequently, the Proof of Claim fails as a matter of law.

## VI. LOCAL RULE 3007-1(B)

Bankruptcy Local Rule 3007-1(b) states that "[w]here a factual dispute is involved, the initial hearing on an objection shall be deemed a status conference at which the Court will not receive evidence." The Reorganized Debtors submit that the allegations in the Proof of Claim can be resolved as a matter of law, following narrowly targeted discovery. Accordingly, at the initial hearing and status

---

[8] A copy of Ordinance 3975 is attached to the Lamb Declaration as Exhibit E.

conference on the Objection, the Reorganized Debtors will seek a schedule for limited discovery as well as for summary judgment briefing and argument.

## VII. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to the Proof of Claim on any ground, and to amend, modify, or supplement this Objection to the extent the Objection is not granted. A separate notice and hearing will be scheduled for any such further objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Proof of Claim on any other grounds that the Reorganized Debtors may discover or deem appropriate. The Reorganized Debtors also reserve the right to assert any counterclaims or affirmative defenses, whether in connection with this Objection or in an adversary proceeding or other litigation, which counterclaims and defenses are expressly reserved.

## VIII. NOTICE

Notice of this Objection will be provided to (i) Claimant; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 8, 2022

**KELLER BENVENUTTI KIM LLP**
**ROVENS LAMB LLP**

By: _/s/ Steven A. Lamb_
      Steven A. Lamb

*Attorneys for Debtors and Reorganized Debtors*