**EXHIBIT A**

**(Complaint)**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PG&E CORPORATION, a business entity; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMIR SHAHMIRZA, an individual; KOMIR, INC., a business entity

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED
SAN MATEO COUNTY**

NOV 0 9 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California,
County of San Mateo
400 County Center, Redwood City, CA 94063

**CASE NUMBER:**
*(Número del Caso):* **18CIV06064**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Duncan McGee Nefcy, One Embarcadero Center, 5th Fl. San Francisco, CA 94111 (415) 315 1653

DATE: NOV 0 9 2018    Clerk, by NEAL TANIGUCHI    MIRNA P. RIVERA Deputy MARTINEZ
*(Fecha)*                *(Secretario)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: PG&E Corporation, a business entity

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case: 19-30088    Doc# 12131-1    Filed: 04/08/22    Entered: 04/08/22 15:55:54    Page 2 of 14

| | | | |
|---|---|---|---|
| | | | CM-010 |

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Duncan McGee Nefcy (315142)
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94111
TELEPHONE NO.: 415.315.1653   FAX NO.: 415.276.1902
ATTORNEY FOR (Name): Plaintiffs AMIR SHAHMIRZA and KOMIR, INC.,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
SHAHMIRZA et al. v PG&E CORP.

**FOR COURT USE ONLY**

**ENDORSED FILED
SAN MATEO COUNTY**

NOV 0 9 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **18CIV06064** |
|---|---|---|
| ☑ Unlimited   ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*   **BY FAX**

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☑ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 8, 2018
Duncan McGee Nefcy
(TYPE OR PRINT NAME)                                      ▶ /s/ Duncan McGee Nefcy
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

Case: 19-30088    Doc# 12131-1    Filed: 04/08/22    Entered: 04/08/22 15:55:54    Page 4 of 14

Matthew Mellen (Bar No. 233350)
Duncan McGee Nefcy (Bar No. 315142)
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: (415) 315-1653
Facsimile: (415) 276-1902
Email: email@mellenlawfirm.com

Attorney for Plaintiff,
AMIR SHAHMIRZA
KOMIR, INC.

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 0 9 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| AMIR SHAHMIRZA, an individual; KOMIR, INC., a business entity;<br><br>Plaintiffs,<br><br>v.<br><br>PG&E CORPORATION, a business entity; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: **18CIV06064**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Trespass;<br>2. Interference with Prospective Economic Advantage;<br>3. Violation of Bus. & Prof. Code § 17200 et seq. (Unfair Business Practices)<br><br>**BY FAX**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFFS, AMIR SHAHMIRZA and KOMIR, INC.;

---
1
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**PRELIMINARY ALLEGATIONS**

1. Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. (hereinafter and collectively, "Plaintiffs") bring suit for Defendant PG&E CORPORATION's (hereinafter, "Defendant") Trespass onto Plaintiffs' property and related causes of action. Specifically, Defendant has without authorization lowered powerlines by eleven (11) feet into the airspace above Plaintiffs' property thereby interfering with Plaintiffs' ability to develop this land.

**JURISDICTION AND VENUE**

2. This is an action asserting violations of California State Law. Plaintiffs bring this lawsuit due to Defendant's intentional and illegal interference with Defendants' interest in real property that they own located at 800 Walnut Street, San Bruno, CA 94066. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of San Bruno within the County of San Mateo. Venue is therefore proper in the County of San Mateo.

**PARTIES**

3. Plaintiff AMIR SHAHMIRZA is, and all times mentioned herein, a California resident of San Mateo County, CA and an owner of the property which is the subject of this lawsuit. Furthermore, Plaintiff AMIR SHAHMIRZA is the principal member, officer, and owner of Plaintiff KOMIR, INC..

4. Plaintiff KOMIR, INC. is, and at all times mentioned herein, a California Corporation located at 10 Rollins Road #217, Millbrae, CA 94030 doing some or part of its business in commercial real estate. Plaintiff KOMIR, INC. is an owner and beneficial interest holder of title of the property subject which is the subject of this lawsuit. Plaintiff KOMIR, INC. is managed by Plaintiff AMIR SHAHMIRZA, an individual.

5. At all times relevant herein, Plaintiff is informed, believes, and thereon alleges that Defendant PG&E CORPORATION (hereinafter, "Defendant") is a diversified power, electric, and gas companies that is in the business of providing power, electric, and gas products and services to consumers. Plaintiff is informed, believes, and thereon alleges that Defendant

2
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
Case: 19-30088    Doc# 12131-1    Filed: 04/08/22    Entered: 04/08/22 15:55:54    Page 6 of 14

currently and at all relevant times owned, maintained, or controlled powerlines that run over Plaintiffs' property which is the subject of this lawsuit.

6. Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 10, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiff has complained herein.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants

8. This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California and the property making up the subject matter of this lawsuit is located in the County of San Mateo, CA.

## STATEMENT OF FACTS

9. On or about December 18, 2000, Plaintiffs acquired title the property located at 800 Walnut Street, San Bruno, CA 94066 ("the Property") by Grant Deed from Neil & Melanie Hildebrand. The conveyance from Neil & Melanie Hildebrand is recorded as Doc. No. 2000-160019.

10. Plaintiffs rightfully own the land as well as all features appurtenant thereto including without limitation rights to the soil beneath the Property and the column of space above the Property.

11. Plaintiffs allege herein that Defendant has substantially deprived or interfered with Plaintiffs' use, enjoyment, and interest in a significant portion of this Property.

12. Over the summer of this year, Defendant constructed or modified powerlines that run over Plaintiffs' property, namely the Property which is the subject of this lawsuit.

3
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

13. The powerlines that Defendant constructed over the Property were lower by at least eleven (11) feet from where they were previously. Specifically, the powerlines were previously, as well as at the time Plaintiffs acquired the Property, approximately seventy-three (73) feet above the ground, but around late September or early October of this year, Defendant lowered the powerlines to around sixty-two (62) feet above ground from the base of the new towers, which were built closer to the Property's borders.

14. Defendant was not authorized by Plaintiff to lower the powerlines as herein described.

15. In fact, on or about September 18, 2018, Plaintiff AMIR SHAHMIRZA notified Defendant's agent and employee Scott Brady via email that Defendant does not have Plaintiffs' permission to lower the powerlines as described herein and that they are to cease construction on them until they obtain authorization from Plaintiffs.

16. Plaintiffs are informed and believe and thereon allege that as per County of San Mateo codes, ordinances, regulations, and law, they are not allowed to build structures on their land within a certain number of feet of the powerlines.

17. By lowering its powerlines, Defendant has made it impossible for Plaintiffs to build a multi-story structure on the Property as allowed by the County of San Mateo.

18. Defendant has thereby deprived Plaintiffs of their right to improve their land and have significantly stifled their ability to use the Property.

19. At no time did Defendant have any right or permission to lower its powerlines as described herein.

20. Furthermore, Defendant was on notice that it did not have permission to lower its powerlines as described herein.

21. Defendant now occupies and possess a portion of Plaintiffs' property, and they do not have any right to occupy and possess said portion of Plaintiffs' property.

22. Plaintiffs' purchase and sale agreement with the former owners Neil & Melanie Hildebrand constituted a written contract which included as its consideration the ability to improve the Property and build structures thereon that exceed a height of approximately thirty-

4
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

five (35) feet or at least two stories. By interfering with Plaintiffs' possession and use of the Property as described herein, Defendant has substantially interfered with Plaintiffs' reasonably anticipated and expected benefit of the agreement between Plaintiffs and Neil & Melanie Hildebrand.

23. This suit follows.

## FIRST CAUSE OF ACTION
### Trespass
(Against Defendant PG&E CORPORATION)

24. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

25. The elements of a cause of action for Trespass are as follows: 1) plaintiffs owned the property; 2) defendant intentionally entered the property; 3) plaintiffs did not give defendant permission to enter the property; 4) plaintiffs were harmed; and 5) defendant's conduct, namely entering plaintiffs' property, was a substantial factor in causing plaintiffs' harm.

26. Plaintiffs owned the Property.

27. Defendant intentionally entered the Property when they built powerlines on Plaintiffs' property and lowered the powerlines by several feet thereby entering, occupying, and possessing a portion of Plaintiffs' Property that they had not previously entered, occupied, or possessed.

28. Plaintiffs did not give Defendant permission to enter, possess, or occupy the portion of their property that is several feet lower than the previous position of the powerlines.

29. Plaintiffs were harmed because as a result of Defendant's conduct, they were deprived of the use of their land. Their harm includes without limitation not being able to build a structure on their property that is higher than one story or approximately twenty-four (24) feet which significantly reduces the value and use of the Property.

30. The harm that Plaintiffs suffered is a direct, actual, foreseeable, and legal consequence of Defendant's conduct as described herein. Therefore, Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

31. As a result of Plaintiffs' reasonable reliance, they have suffered, and continue to suffer, actual damages including, but not limited to, the loss of their Property, incurred attorneys' fees, a loss of reputation and goodwill, destruction of credit, emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

32. Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful in conscious disregard of the rights and safety of Plaintiffs in that Defendant carried out its conduct without regard to Plaintiffs' wellbeing. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

## SECOND CAUSE OF ACTION
### Interference With Prospective Economic Advantage
(Against Defendant PG&E CORPORATION)

33. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

34. The elements of a cause of action for Interference With Prospective Economic Advantage are as follows: 1) plaintiff and a third party were in an economic relationship that probably would have resulted in an economic benefit to plaintiff; 2) defendant knew about the relationship; 3) defendant engaged in wrongful conduct; 4) by engaging in said wrongful conduct, defendant intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur; 5) plaintiff was harmed; and 6) defendant's wrongful conduct was a substantial factor in causing plaintiff's harm.

35. Neil & Melanie Hildebrand are third parties.

36. Plaintiffs and Neil & Melanie Hildebrand were engaged in an economic relationship, namely an exchange of valuable consideration for real property for anticipated commercial use.

37. Plaintiffs' consideration for transacting with Neil & Melanie Hildebrand was that Neil & Melanie Hildebrand were transferring title to commercially viable real property to Plaintiffs which included as well as the land itself but also the airspace above the land.

6
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

38. When Plaintiffs transacted with Neil & Melanie Hildebrand, they reasonably expected to receive real property upon which they could construct a building that stands at least two stories.

39. Defendant had knowledge of this relationship because they were on notice at all relevant times by the properly recorded documents recorded in the County of San Mateo as Doc. No. 2000-160019 that Neil & Melanie Hildebrand transferred their interest in the Property to Plaintiffs in or around late 2000. Furthermore, Plaintiffs reasonably informed Defendant that they do not have consent to lower their powerlines and that by doing so, they are interfering with their ability to build a structure upon the Property.

40. By taking possession of and occupying a portion of Plaintiffs' column of space above the land making up a portion of the Property without Plaintiffs' consideration and against their express instructions not to do so, Defendant wrongfully trespassed on the Property and thereby engaged in wrongful conduct.

41. By engaging in the aforementioned wrongful conduct, namely non-consensually possessing and occupying part of Plaintiffs' Property, Defendant has deprived Plaintiffs of the ability to legally construct a structure upon their land that exceeds approximately one story. Limiting Plaintiffs to a structure upon the Property that does not exceed one story significantly stifles the economic viability of the Property. Such limitation means that Plaintiffs cannot realize benefit of their relationship with Neil & Melanie Hildebrand.

42. Defendant knew that such conduct would disrupt the relationship between Plaintiffs and Neil & Melanie Hildebrand because Plaintiffs informed Defendant that their conduct is interfering with their ability to construct a structure on the Property as well as the fact that Defendant was at all relevant times on notice of said relationship.

43. Plaintiffs were harmed because they are no longer able to build a structure upon the Property that exceeds one story, and such limitation severely limits, if not eliminates entirely, the economic viability of the Property.

44. There are laws that specifically limit the physical proximity of structures upon property to powerlines, so the severe limitation on construction of a structure upon the Property is exactly the

kind of thing that Defendant should reasonably expect to result from lowering the powerlines the as described herein, and such a consequence is exactly the kind of thing that makes Defendant's conduct harmful. The resultant loss in economic viability from lowering the powerlines is reasonably foreseeable. It is the kind of thing that makes Defendant's conduct harmful and likely to lead to loss of value for Plaintiffs because a multi-story structure is more valuable and useful than a single-story structure. Defendant's conduct is therefore a substantial factor in causing Plaintiffs' harm.

45. As a result of Defendant's conduct as herein described, Plaintiffs have suffered, and continues to suffer, actual damages and various expenses including without limitation loss of use of the Property, loss of marketability of the Property, attorney fees, and various other costs and expenses. Plaintiffs therefore seek from the Court an injunction against Defendant as well as any and all other legal and equitable remedies subject to proof as well as those the Court deems due and proper.

46. Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful; in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter them from engaging in future misconduct.

### THIRD CAUSE OF ACTION
**Violation of Bus. & Prof. Code § 17200 et seq.**
(Against Defendant PG&E CORPORATION)

47. Plaintiffs incorporate all allegation of this complaint and re-allege them as though they were fully set forth herein.

48. Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 *et seq.* California Business and Professions Code § 17200 *et seq.* borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice. Plaintiffs' California Business and Professions Code § 17200 allegations are tethered to the following laws:

49. Defendant's Trespass constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq*.

50. Defendant's Intentional Interference With Plaintiffs' Prospective Economic Advantage constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq*.

51. Defendant's conduct as described herein was also unlawful and fraudulent because it violated the law and was likely to deceive others.

52. As a result of Defendant's wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial, including but not limited to the imminent loss of the Property.

53. As an actual and proximate result of Defendant's conduct as herein described, Plaintiffs lost actual property.

54. Likewise, Plaintiffs were injured and are entitled to actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

55. Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

56. Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

57. Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code § 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

///

///

9

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. demands a trial by jury. Plaintiffs prays for judgment and order against Defendant, as follows:

1. For an order requiring Defendant to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

2. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from constructing more powerlines on the Property or further lowering any powerlines and for transferring any rights thereto;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from maintaining the powerlines that were lowered or transferring rights thereto;

4. For a preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from continuing to occupy the Property and evicting them therefrom;

5. For an order stating that Defendant engaged in unfair business practices;

6. For damages, disgorgement, and injunctive relief;

7. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

8. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

9. That judgment is entered in Plaintiffs' favor and against Defendant, and each of them;

10. For such other and further relief as the Court may deem just and proper.

DATED: November 1, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MELLEN LAW FIRM

　　　　　　　　　　　　　　　　　　　▶ *Duncan McGee Nefcy*
　　　　　　　　　　　　　　　　　　　Duncan McGee Nefcy
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs
　　　　　　　　　　　　　　　　　　　AMIR SHAHMIRZA
　　　　　　　　　　　　　　　　　　　KOMIR, INC.