# EXHIBIT A

**(Complaint in State Court Action)**

Scott J. Thomson, SBN 237052
Jeffrey T. Kubiak SBN 335031
KASDAN TURNER THOMSON BOOTH LLP
1990 N. California Blvd. Ste. 1060
Walnut Creek, CA 94596
Tel: (925) 906-9220
Fax: (925) 906-9221
Email: sthomson@kasdancdlaw.com
       jkubiack@kasdancdlaw.com

Attorneys for Plaintiff

FILED

FEB 03 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

TODD GREENBERG, an Individual and as a Member of ROV-HQ3 LLC, a California Limited Liability Company;

Plaintiff,

v.

TEICHERT PIPELINES, INC., a California Corporation;
BAUMAN LANDSCAPE AND CONSTRUCTION, INC., a California Corporation;
W. K. MCLELLAN CO., a California Corporation;
ARB, INC., a California Corporation; and
DOES 1 through 200, inclusive;

Defendants.

Case No. CV 2200278

Assigned to: _____

Department: _____

**COMPLAINT FOR DAMAGES**

1. NEGLIGENCE
2. TRESPASS TO TIMBER (REDWOOD)
3. TRESPASS TO TIMBER (BAY)
4. PRIVATE NUISANCE

Plaintiff requests trial by jury and allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Todd Greenberg, an individual, and member of ROV-HQ3 LLC, a California Limited Liability Company, brings suit for damages to the multi-family residence located at 47 Bolinas Road, Town of Fairfax, County of Marin, State of California, Zip Code

1

COMPLAINT FOR DAMAGES

94930 ("HOME").

2. Plaintiff Todd Greenberg, at all relevant times complained herein, is and was a resident of California, County of Marin, and Member of ROV-HQ3 LLC, a California Limited Liability Company.

3. ROV-HQ3 LLC, a California Limited Liability Company, is and at times complained herein, organized as a limited liability company under the laws of State of California, and is designated with the State of California and organized such that each Member may manage and act on behalf of and in the interest of the LLC.

4. ROV-HQ3 LLC is the title of record owner of the HOME.

5. Plaintiff Todd Greenberg owns the HOME by and through ROV-HQ3 LLC, as a Member and his ownership interest in ROV-HQ3 LLC.

6. Plaintiff is informed and believes and based thereon alleges that Defendant TEICHERT PIPELINES, INC., a California Corporation, is, and at all relevant times herein was, a corporation authorized to conduct business in California and was doing business in the Town of Fairfax, County of Marin, State of California and was involved in the demolition, construction, project management, and coordination of work at the HOME.

7. Plaintiff is informed and believes and based thereon alleges that Defendant BAUMAN LANDSCAPE AND CONSTRUCTION, INC., a California Corporation, is, and at all relevant times herein was, a corporation authorized to conduct business in California and was doing business in the Town of Fairfax, County of Marin, State of California and was involved in the demolition, construction, project management, and coordination of work at the HOME.

8. Plaintiff is informed and believes and based thereon alleges that Defendant W. K. MCLELLAN CO., a California Corporation, is, and at all relevant times herein was, a corporation authorized to conduct business in California and was doing business in the Town of Fairfax, County of Marin, State of California and was involved in the demolition, construction, project management, and coordination of work at the HOME.

9. Plaintiff is informed and believes and based thereon alleges that Defendant ARB, INC., a California Corporation, is, and at all relevant times herein was, a corporation authorized to conduct business in California and was doing business in the Town of Fairfax, County of

Marin, State of California and was involved in the demolition, construction, project management, and coordination of work at the HOME.

10. TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. are at times herein referred to as "CONTRACTOR DEFENDANTS".

11. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the defendants named and sued herein as DOES 1 through 200, inclusive, and therefore Plaintiff sues said defendants by such fictitious names. Plaintiff will seek to amend this Complaint to show the true names and/or capacities of said defendants when the same have been ascertained. Plaintiff is informed, and believes, and thereupon alleges, that the defendants designated herein as DOE defendants owed a duty of care to Plaintiff as contractors, designers, subcontractors, suppliers, and consultants and participated in demolition and construction at the HOME and/or participated in the wrongful acts set forth herein, and are responsible, in some manner, for the acts and events alleged herein and the damages proximately arising therefrom.

12. At all times mentioned herein, defendants, and each of them, were acting as the agents, servants, officers, employees, partners, subcontractors, independent contractors, or joint venturers of each of the other defendants and were acting within the course and scope and authority of such relationship, and with the full knowledge and consent, either express or implied, of each of the other defendants.

13. Plaintiff is informed and believes and based thereon alleges that NAMED DEFENDANTS and DOES 1 through 200, inclusive, formulated and initiated a plan to avoid responsibility for the actions alleged herein by forming other business firms and entities to continue the provision of labor, services, and supply of materials in the same operations using the consumer recognition, marketing identification, and reputation.

14. At all relevant times herein, each and every Defendant, NAMED DEFENDANTS and DOES 1 through 200, inclusive, was acting as the duly authorized agent of each and every other Defendant, that each Defendant is liable for each and every wrong committed by each and every other Defendant, amongst other forms of joint and several

3
COMPLAINT FOR DAMAGES

liability. Defendants have proximately caused Plaintiff's indivisible damages, as alleged herein and below, so as to make each Defendant liable, either by joint and several liability, joint liability, several liability, proportionate liability or whole liability.

15. Plaintiff brings this action for damages arising out of and related to the demolition and destruction of property at the HOME as a result of each of the Defendants who performed work and/or repairs at the request, direction, and/or for Pacific Gas and Electric Company.

16. Plaintiff is informed and believes and based thereon alleges, that in, or about, October 2018, TEICHERT PIPELINES, INC. performed work at the Home, including, but not limited to, work necessary to accomplish installation of underground residential gas pipe supply lines at the HOME.

17. Plaintiff is informed and believes and based thereon alleges, that TEICHERT PIPELINES, INC. trenched, dug, performed underground work, demolished concrete, damaged adjacent driveway concrete, damaged sidewalk and curbs, damaged redwood trees and violated local tree ordinances, damaged the sewer lateral and Christy Box, and altered and damaged landscape and drainage during work performed at the HOME.

18. Plaintiff is informed and believes and based thereon alleges, that TEICHERT PIPELINES, INC. failed to complete work at the HOME and failed to restore the property it damaged, and represented it would repair, at the HOME due to work of TEICHERT PIPELINES, INC.

19. Plaintiff is informed and believes and based thereon alleges, that BAUMAN LANDSCAPE AND CONSTRUCTION, INC. conducted work at the HOME after TEICHERT PIPELINES, INC. performed work at the Home.

20. Plaintiff is informed and believes and based thereon alleges, that BAUMAN LANDSCAPE AND CONSTRUCTION, INC. demolished concrete at the front of the HOME.

21. Plaintiff is informed and believes and based thereon alleges, that BAUMAN LANDSCAPE AND CONSTRUCTION, INC. failed to repair or restore damage it caused at the front of the HOME.

22. BAUMAN LANDSCAPE AND CONSTRUCTION, INC. and/or TEICHERT

4
COMPLAINT FOR DAMAGES

PIPELINES, INC. both caused the destruction of survey monuments and indicia at the HOME during work performed at the HOME.

23. Plaintiff is informed and believes and based thereon alleges, that W. K. MCLELLAN CO., conducted work at the HOME after both TEICHERT PIPELINES, INC. and BAUMAN LANDSCAPE AND CONSTRUCTION, INC. had conducted work at the HOME.

24. Plaintiff is informed and believes and based thereon alleges, that W. K. MCLELLAN CO. failed to restore the HOME after damage caused by both TEICHERT PIPELINES, INC. and BAUMAN LANDSCAPE AND CONSTRUCTION, INC. after voluntarily taking on the duty to Plaintiff to restore such damages.

25. Plaintiff is informed and believes and based thereon alleges, that W. K. MCLELLAN CO. damaged the sidewalk at the HOME which Plaintiff incurred costs to correct such damages.

26. Plaintiff is informed and believes and based thereon alleges, that in, or about, October 2019, ARB, INC. performed work at the Home, including, but not limited to, work necessary to accomplish installation of underground residential house gas lines, removed and installed gas meters and disconnected gas lines and capped pre-existing non code compliant PG&E owned gas supply lines.

27. Plaintiff is informed and believes and based thereon alleges, that ARB, INC. while performing work at the HOME damaged a bay tree and violated local tree ordinances, damaged landscape, damaged personal property, damaged and failed to restore concrete hardscape, damaged drainage systems, damaged fencing, and failed to restore damage caused by its work at the Home.

28. Plaintiff during all times contemplated herein due to acts and/or omissions of Defendants incurred additional costs for repair of the HOME, lost rental income, and lost the use and enjoyment of the HOME. Such damages are ongoing and continue to accrue from these damages and failure to correct such damages resulting from the work of Defendants at the HOME.

29. The facts alleged herein occurred within three (3) years and 180 (one-hundred and eighty) days prior to the filing of the complaint.

5
COMPLAINT FOR DAMAGES

30. This Complaint is timely, and any period of limitations and/or repose is subject to Emergency Rules, rule 9, of the Emergency Rules Related to COVID-19 issued by the Judicial Council which provides, in part, as follows:

(a) Tolling statutes of limitations over 180 days Notwithstanding any other law, the statues of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

Therefore, any applicable statute of limitations or repose that applies to Plaintiffs' claims herein was tolled beginning April 6, 2020 and recommence running October 1, 2020. This action is therefore timely in accord with Emergency Rules, rule 9 which tolls that time period set forth in Civil Code section 941 to bring such action.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE against Defendants, and DOES 1 through 200, inclusive)

31. Plaintiff realleges paragraphs 1 through 30 of the Complaint above and incorporate them herein by reference as if fully set forth herein.

32. Plaintiff is informed and believes and based thereon alleges that Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, participated in the provision of labor, installation of materials, and performed work for, and resulting from, installation of underground residential gas pipe supply lines and house gas lines at the HOME.

33. Plaintiff is informed and believes and based thereon alleges that Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, were under a duty to exercise due care in the work, construction, demolition, restoration, inspection, and installation at the HOME and that duty was owed to all users thereof and Plaintiff as the owner of the HOME.

34. Plaintiff is informed, and believes, and thereon alleges that Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, have breached their respective duties of due care in that they negligently acted, or failed to act, and so damaged and failed to repair the HOME as identified herein including, but not limited to:

6
COMPLAINT FOR DAMAGES

a. Cracking of concrete driveway resulting from installation of gas lines, digging, trenching, and/or use of equipment unsuitable for construction at residential property;

b. Damage to landscaping caused by installation of gas lines, trenching, digging, and improper placement of adjacent materials;

c. Damage to concrete hardscape caused by trenching, digging, and improper placement of adjacent materials;

d. Damage to personal property, including, but not limited to, BBQ and BBQ area caused by installation of gas lines, trenching, digging, and improper placement of adjacent materials;

e. Damage to the sewer lateral and Christy Box resulting from installation of gas lines, digging, trenching, and/or use of equipment unsuitable for construction at residential property;

f. Damage of concrete hardscape resulting from installation of gas lines, digging, and trenching;

g. Damage and destruction of survey monuments and indicia from installation of gas lines, digging, and trenching;

h. Damage to French drain system caused by trenching, digging, and improper placement of adjacent materials;

i. Damage to fencing caused by trenching, digging, and improper placement of adjacent materials; and

J. Damage to Redwood and Bay trees caused by trenching, digging, and improper placement of adjacent materials.

35. As a direct and proximate result of the aforesaid Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, Plaintiff has been damaged in that Plaintiff has been and will be required to incur expenses to correct, replace and reconstruct said damages at the HOME as well as damage to property therefrom, and related costs such as loss of

7
COMPLAINT FOR DAMAGES

rent, and loss of use of the HOME, and mitigation expenses which are believed to exceed $750,000.00 (seven hundred and fifty thousand dollars).

## SECOND CAUSE OF ACTION
## (TRESPASS TO TIMBER (REDWOOD) against
## Defendant TEICHERT PIPELINES, INC., and DOES 101 through 150, inclusive)

36. Plaintiff realleges paragraphs 1 through 35 of the Complaint above and incorporate them herein by reference as if fully set forth herein.

37. Section 3346(a) of the California Civil Code provides that "[f]or wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment . . . ." Cal. Civ. Code § 3346(a).

38. Plaintiff is the owner of the HOME.

39. Defendant TEICHERT PIPELINES, INC. committed trespass by intentionally causing its employees to enter and perform work at the HOME contrary to the manner and the location for which any such work was intended.

40. Defendant TEICHERT PIPELINES, INC. work at the HOME resulted in damage to the Redwood Trees at the right and front portion of the HOME by wrongfully cutting through, damaging, and removing portions of root mass of such trees at three of the four sides of the trees.

41. Defendant TEICHERT PIPELINES, INC. was the sole factor in causing injury to the Redwood Trees.

42. Plaintiff is informed and believes and based thereon alleges, the actual detriment caused by Defendant TEICHERT PIPELINES, INC.'s wrongful injury to trees at the HOME are not presently fully known and subject to proof at the time trial, but are believed to exceed $300,000 (three hundred thousand dollars).

43. Pursuant to Cal. Civ. Code § 3346 Defendants are liable to Plaintiff for up to three (3) times the sum that would compensate for the actual detriment caused by their wrongful injury to trees at the HOME, with such treble damages amount exceeding $900,000 (nine hundred thousand dollars).

## THIRD CAUSE OF ACTION
### (TRESPASS TO TIMBER (BAY) against Defendant ARB , INC., and DOES 151 through 200, inclusive)

44. Plaintiff realleges paragraphs 1 through 43 of the Complaint above and incorporate them herein by reference as if fully set forth herein.

45. Under California law, wrongful entry on land owned by another is trespass.

46. Section 3346(a) of the California Civil Code provides that "[f]or wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment . . . ." Cal. Civ. Code § 3346(a).

47. Plaintiff is the owner of the HOME.

48. Defendant ARB, INC. committed trespass by intentionally causing its employees to enter and perform work at the HOME contrary to approved plans and/or contrary to the location for which any such work was intended.

49. Defendant ARB, INC. work at the HOME resulted in damage to a Bay Tree at the HOME by wrongfully cutting through, damaging, and removing portions of root mass of the Bay Tree.

50. Defendant ARB, INC. were the sole factor in causing injury to the Bay Tree.

51. Plaintiff is informed and believes and based thereon alleges, the actual detriment caused by Defendant ARB, INC.'s wrongful injury to the Bay tree at the HOME is not presently

9
COMPLAINT FOR DAMAGES

known and subject to proof at the time of trial, but are believed to exceed $25,000 (twenty-five thousand dollars).

52. Pursuant to Cal. Civ. Code § 3346 Defendants are liable to Plaintiff for up to three (3) times the sum that would compensate for the actual detriment caused by their wrongful injury to the trees at the HOME, with such treble damages amount exceeding $75,000 (seventy-five thousand dollars).

### FOURTH CAUSE OF ACTION
### (PRIVATE NUISANCE against Defendants, and DOES 1 through 200, inclusive)

53. Plaintiff realleges paragraphs 1 through 52 of the Complaint above and incorporate them herein by reference as if fully set forth herein.

54. Plaintiff is the owner of the HOME.

55. Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, by their acts and/or omissions set forth above, directly and legally caused an obstruction to the free use of Plaintiff's HOME, an invasion the Plaintiff's right to use his HOME, and/or an interference with the comfortable enjoyment of Plaintiff's HOME, resulting in Plaintiff suffering unreasonable harm and substantial actual damages constituting a nuisance pursuant to Civil Code §§ 3479 and 3481.

56. As a direct and legal result of the wrongful acts and/or omissions of Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, Plaintiff suffered, and continues to suffer, the injuries and damages from the work and failure to restore and repair the HOME, as set forth above.

57. Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, conduct acts and omission as to work at the HOME causing damage and/or failure to restore the HOME was intentional and unreasonable and/or unintentional, but negligent and/or reckless.

58. Plaintiff at no time consented to the wrongful acts and/or omissions of Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive.

59. A reasonable, ordinary person would be reasonably annoyed or disturbed by the condition created by Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, at the HOME from the work and failure to restore the HOME, as set forth above.

60. Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, acts and/or omissions as to work at the HOME causing damage and/or failure to restore the HOME was a substantial factor in damaging Plaintiff, as set forth herein.

61. The public benefit, if any exists, of the wrongful acts and/or omissions of Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive is substantially outweighed by the harm to Plaintiff.

62. As a further direct and legal result of the wrongful acts and/or omissions of Defendants TEICHERT PIPELINES, INC., BAUMAN LANDSCAPE AND CONSTRUCTION, INC., W. K. MCLELLAN CO., and ARB, INC. and DOES 1 through 200, inclusive, Plaintiff seeks the recovery of punitive and exemplary damages against Defendants, and each of them.

Wherefore, Plaintiff prays for judgment against All Defendants and DOES 1-200, inclusive, and each of them, as follows:

### FIRST CAUSE OF ACTION

### (NEGLIGENCE against Defendants, and DOES 1 through 200, inclusive)

1. For general and special damages according to proof at the time of trial and as provided by law, but which are believed to exceed $750,000.00 (seven hundred and fifty thousand dollars);

2. For costs and expenses of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### (TRESPASS TO TIMBER (REDWOOD) against Defendant TEICHERT PIPELINES, INC., and DOES 101 through 150, inclusive)

1. For general damages and special damages according to proof at the time of trial and as provided by law for the actual detriment to Plaintiff for the damage to trees, which is presently believed to exceed $300,000 (three hundred thousand dollars);

2. For damages in the amount of up to three times the sum that would compensate for the actual detriment for the damage to trees pursuant to Cal. Civ. Code § 3346;

3. For costs and expenses of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (TRESPASS TO TIMBER (BAY) against Defendant ARB, INC., and DOES 151 through 180, inclusive)

1. For general damages and special damages according to proof at the time of trial and as provided by law for the actual detriment to Plaintiff for the damage to trees, which is presently believed to exceed $25,000 (twenty-five thousand dollars);

2. For damages in the amount of up to three times the sum that would compensate for the actual detriment for the damage to trees pursuant to Cal. Civ. Code § 3346;

3. For costs and expenses of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### (PRIVATE NUISANCE against Defendants, and DOES 1 through 200, inclusive)

1. For repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;
2. For loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal property;
3. For loss of rental income and/or loss of wages;
4. For such pre-judgment interest as permitted by law;
5. For punitive and exemplary damages in an unspecified sum to be ascertained at trial;
6. For costs and expenses of suit incurred herein;
7. For such other and further relief as the Court deems just and proper.

DATED: February 1, 2022    KASDAN TURNER THOMSON BOOTH LLP

By: _____
Scott J. Thomson
Attorneys for Plaintiff

---

13
COMPLAINT FOR DAMAGES