**Signed and Filed: April 11, 2022**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Date:  April 13, 2022<br>Time:  10:00 AM<br>www.canb.uscourts.gov/calendars |

<u>TENTATIVE RULING RE DISPUTE BETWEEN DEBTORS
AND THE CALIFORNIA DEPARTMENT OF WATER RESOURCES</u>

When Debtors' filed their *Preliminary Opposition to California Department of Water Resources' Motion for Order Determining that Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid; and Request, in the Alternative for a Status Conference* (Dkt. 11937), they suggested that in the event the

court did not send the dispute between them and The California Department of Water Resources ("CDWR") to arbitration, the court should conduct a "status conference to establish a schedule for briefing on the merits and further proceedings."

In the *Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources* (Dkt. 11999), the court observed that if the outcome of the dispute is as CDWR wishes, "the matter is over." On the other hand, "If the outcome favors Debtors, the question of liquidation of the <u>amount</u> of damages to be paid by [C]DWR <u>may</u> be more appropriately determined through arbitration." (emphasis in the original).

The court identified the critical issue in dispute:

> "There are no material facts in dispute regarding whether [C]DWR should or should not be ordered to pay its share of the net loss upon termination of the Agreement. [C]DWR looks to Section 14.5 of the Agreement to insulate it from such a charge because the other parties continued to operate under it. Debtors rely on Section 14.7 to hold [C]DWR responsible for its share for termination in the future." *Memorandum Decision,* at pg. 7.

In concluding its decision, the court directed Debtors to file a memorandum "limited to [the] discrete issue described above. . . ." *Id.*

Instead of complying with the court's directive, Debtors filed their *Memorandum of the Reorganized Debtors Regarding Claim of California Department of Water Resources* (Dkt. 12076), announcing (1) that it would be best for them to pay CDWR's Claim No. 78104 in full, plus interest; (2) that they do not contest that CDWR terminated its participation in the Cotenancy Agreement; and (3) that they "reserve their rights to pursue

Case: 19-30088    Doc# 12147    Filed: 04/11/22    Entered: 04/11/22 16:43:04    Page 2 of 4

their claim against CDWR for its pro rata share of the removal cost associated with the New Line. . . ." Then they unilaterally – but erroneously - concluded that their concessions (and presumably their purported reservation of rights) terminated the core matters to be decided by this court.

The court regards this tactic of Debtors an inappropriate and improper change of position and forum shopping because they had lost in the forum of their choice, and now were, reluctantly, before this same court to decide what it plainly identified as a critical and discrete issue.

Under the guise of reserving their rights, the Debtors simply ignored the direction by this court to address the merits of their disagreement with CDWR following its Termination By a Cotenant under Section 14.3 of the Cotenancy Agreement. This can only be construed as an intentional waiver of the right to be heard further on this issue in this court.

The court is inclined agree with CDWR as set forth in its *Reply to PG&E's Memorandum Regarding Department of Water Resources' Claim No. 78104 and Further Briefing of Issues; Request for Order Staying Arbitration* (Dkt 12129 at pgs. 10-14) and to issue an order resolving this dispute in CDWR's favor based upon (1) the record that there are no material facts in dispute; (2) that CDWR's interpretation of the applicable sections of the Cotenancy Agreement is correct; (3) that CDWR does not owe any estimated future removal costs or anything else to Debtors and the remaining cotenants under the Cotenancy Agreement; and (4) there are no damages to be assessed, by this court or by arbitration, under that agreement.

-3-

In reaching this tentative conclusion, the court does not disagree that any dispute between CDWR on the one hand and City of Santa Clara dba Silicon Valley Power and Northern California Power Agency, on the other, under the Transmission Services Agreement, should be dealt with outside of this court and presumably by arbitration.

While there does not appear to be any basis for an injunction regarding the Transmission Services Agreement against parties to it and that aspect of any arbitration, any request by CDWR for injunctive relief against Debtors or any other party regarding the Cotenancy Agreement will require a proper adversary proceeding and if necessary, a request for a temporary restraining order or a preliminary injunction.

**END OF TENTATIVE RULING**