1        UNITED STATES BANKRUPTCY COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3                    -oOo-

4  In Re:                        ) Case No. 19-30088
                                 ) Chapter 11
5  PG&E AND PACIFIC GAS AND       )
   ELECTRIC COMPANY              ) San Francisco, California
6                                ) Wednesday, April 13, 2022
                      Debtors.   ) 10:00 AM
7  _____ )
                                   STATUS CONFERENCE RE THE
8                                  COURT'S DOCKET TEXT ORDER
                                   (DKT 11999) (DKT 12001) (DKT
9                                  12000) (DKT 12076) (DKT
                                   12129)

10

                    TRANSCRIPT OF PROCEEDINGS
11          BEFORE THE HONORABLE DENNIS MONTALI
                UNITED STATES BANKRUPTCY JUDGE

12

13  APPEARANCES (All present by video or telephone):
    For the Reorganized     JANE KIM, ESQ.
14  Debtors:                Keller Benvenutti Kim LLP
                            650 California Street
15                          Suite 1900
                            San Francisco, CA 94108
16                          (415)496-6723

17  For California Department  PAUL J. PASCUZZI, ESQ.
    of Water Resources:       Felderstein Fitzgerald Willoughby
18                            Pascuzzi & Rios LLP
                              500 Capital Mall
19                            Suite 2250
                              Sacramento, CA 95814
20                            (916)329-7400

21                            ANNADEL A. ALMENDRAS, ESQ.
                              Office of the Attorney General of
22                            California
                              455 Golden Gate Avenue
23                            Suite 11000
                              San Francisco, CA 94102
24                            (415)510-3367

25

escribers
(973)406-2250 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18  Court Recorder:                    LORENA PARADA/ANKEY THOMAS
                                        United States Bankruptcy Court
19                                      450 Golden Gate Avenue
                                        San Francisco, CA 94102
20

21  Transcriber:                       MICHAEL DRAKE
                                        eScribers, LLC
22                                      7227 N. 16th Street
                                        Suite #207
23                                      Phoenix, AZ 85020
                                        (973)406-2250
24

25  Proceedings recorded by electronic sound recording;
     transcript provided by transcription service.

eScribers
(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1     SAN FRANCISCO, CALIFORNIA, WEDNESDAY, APRIL 13, 2022, 10:00 AM

2                       -oOo-

3     (Call to order of the Court.)

4         THE CLERK:  Court is now in session, the Honorable

5 Dennis Montali presiding.

6         Calling the matter of PG&E corporation.  I'm bringing

7 counsel in now, Your Honor.

8         THE COURT:  All right.  I see Mr. Pascuzzi in the

9 audience.  Okay.  Okay.  Good morning.

10         Ms. Kim and Mr. Pascuzzi, why don't you state your

11 appearances, please?

12         MS. KIM:  Good morning, Your Honor.  Jane Kim, Keller

13 Benvenutti Kim, on behalf of the reorganized debtors.

14         MR. PASCUZZI:  Good morning, Your Honor.  Paul

15 Pascuzzi on behalf of the Department of Water Resources.  And

16 on the screen also is our cocounsel from the Attorney General's

17 Office.  So she should make her appearance as well.

18         THE COURT:  Yes.  Ms. Almendras?  Is that --

19         MS. ALMENDRAS:  Yes.  Good morning, Your Honor.

20 Annadel Almendras with the Attorney General's Office appearing

21 on the -- on behalf of the California Department of Water

22 Resources.

23         THE COURT:  Well, Mr. Pascuzzi, what's your pleasure,

24 given where we are?

25         MR. PASCUZZI:  Well, I'd like the Court to confirm its

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    tentative ruling as the final ruling in the matter.  There was

2    one comment at the end about the transmission services

3    agreement and the dispute between the Department of Water

4    Resources and NCPA and Silicon Valley Power.

5         It's our position that there's not an avenue for

6    arbitration under that agreement.  And I just wanted to make

7    sure the Court wasn't making any rulings on that.  It didn't

8    look like it.  But other than that, we would accept the court's

9    tentative.

10        THE COURT:  Well, when you say not an avenue for it, I

11   believe that it was clear from the prior argument that the

12   dispute between -- under the transmission agreement would be

13   dealt with elsewhere, which is what I said.  So you're not

14   asking and I'm not making any ruling at all on that.  But it

15   wasn't clear to me as to whether -- what was needed to be

16   enjoined.  Let's see what Ms. Kim has to say from the debtor's

17   point of view.

18        MS. KIM:  So, Your Honor, just I'd like to level set

19   because, as Your Honor pointed out in the Sunday docket text

20   order, things have moved fast over the past few weeks.  So I

21   thought it would be helpful just to give a little chronology

22   of -- and hopefully that'll help to explain how we ended up

23   getting here and why PG&E ended up doing what it did.

24        THE COURT:  You don't have to.  I mean, I'll be happy

25   to let you say it.  I'm not mad at you.  I just want to -- I

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    have to figure out a way to conclude this matter.  So go ahead

2    if you want to make the statement, but it's not something I

3    require.

4         MS. KIM:  Yes.  If Your Honor would just indulge me.

5         So let's go back to May 15, 2020, which is when the

6    California state agencies filed their objections to the

7    schedules of executory contracts at docket number 7276.  That's

8    the document that DWR claims placed this matter before the

9    Court.  And that's the basis of the Court's retention of

10   jurisdiction in its order denying PG&E's arbitration motion.

11        That objection asked that before the agencies had to

12   make any cure objection, the Court make a finding as to the

13   executoriness of any executory contract.  And what the

14   objection stated was that it was objecting to the schedules on

15   the ground that there had been inadequate notice and time to

16   respond and that the descriptions of the purported contracts

17   and leases on the cure notice are not sufficient for a contract

18   counterparty to determine whether the item is an executory

19   contract or unexpired lease.  I'm reading from the objection.

20        The confirmation order, for the record it's docket

21   8053, didn't end up using the state agency's language or

22   proposed procedures.  Instead, what paragraph 67D of that order

23   says is that after the confirmation order is entered, if any

24   governmental entity has a dispute as to the executoriness of

25   any contract or the cure amount, it would have ninety days

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1   after the confirmation date to file and serve an objection

2   setting forth such dispute.

3           And there was oral argument which Your Honor and Mr.

4   Pascuzzi were there.  I was watching, but I wasn't arguing --

5   but about this very language.  And Mr. Pascuzzi took the

6   position that the state agencies had already filed their cure

7   objection.  And Mr. Karotkin for the debtors took the position

8   that PG&E wasn't saying that they had or hadn't, but that we

9   get to argue later that they didn't preserve their objection if

10  they hadn't filed it within ninety days of the confirmation

11  order. And Your Honor simply said, Well, Mr. Pascuzzi knows

12  whether he already filed an objection or not.  And if he did,

13  then he doesn't need to file another one.

14          So going back to docket number 7276, which it was that

15  objection, that didn't state DWR's objection to the executory

16  nature of the co-tenancy agreement or to the assumption of the

17  co-tenancy agreement or to the asserted cure amount.  Instead,

18  it objected to the assumption schedules on the basis that the

19  agencies needed more time and the schedules were inadequate.

20  And they were given more time.  They were given ninety days

21  after the confirmation date.  That, we would posit, did not put

22  this issue before the Court, and no further objection was filed

23  by or on behalf of DWR are within those ninety days.

24          So on October 4th and November 4th, 2020, PG&E and DWR

25  and NCPA and SVP engaged in mediation sessions.  And that's

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1　important because all of the issues among all of the parties

2　under both the co-tenancy agreement and the transmission

3　service agreements were mediated together.  Of course, those

4　mediation sessions were not successful and didn't result in --

5　　　　　　　THE COURT:  Nor were they public.

6　　　　　　　MS. KIM:  Nor were they public.

7　　　　　　　THE COURT:  Okay.

8　　　　　　　MS. KIM:  February 1, 2022, that's what gets us to the

9　to this dispute.  DWR filed its motion for an order determining

10　that the Castle Rock agreement with PG&E cannot be assumed and

11　that the Department of Water Resources claim number 78104 be

12　paid. That's docket number 11887.

13　　　　　　　I think it's important to see what the motion

14　requested.  The motion requested an order determining that, 1,

15　DWR's was co-tenant interest in the Castle Rock agreement

16　terminated on its own terms; 2, the terms of the Castle Rock

17　agreement did not require that DWR pay for any future estimated

18　costs of removing the transmission line before its termination

19　from the agreement could become effective; 3, that the Castle

20　Rock agreement was not an executory contract that could have

21　been assumed; 4, that their proof of claim in the principal

22　amount of $101,026.75 should be paid with post-petition

23　interest under the plan; 5, that the arbitration provisions

24　didn't preclude this Court from determining whether DWR's proof

25　of claim should be paid; and 6, for such other and further

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    relief as the Court deems just.  That's from both the preamble

2    to the motion as well as the request for relief, prayer for

3    relief at the end of the motion.

4           Tellingly, what the motion did not request was a

5    finding that after DWR are terminated its petition

6    participation in the co-tenancy agreement, it would never be

7    liable for removal costs.  And it couldn't have because that

8    type of declaratory relief based on a contract requires the

9    filing of an adversary proceeding under rules -- bankruptcy

10   procedure 7001(1) and (9).  That's a jurisdictional

11   requirement.  And Rule 3007(b) expressly bars parties from

12   bringing such relief in the context of a claim objection, by

13   the way, claim objection that hasn't yet been filed, outside of

14   an adversary proceeding.  And I'll --

15          THE COURT:  You said the requirement of and adversary

16   proceeding is jurisdictional.  Isn't it waivable?

17          MS. KIM:  So, well, we -- it could be waivable except

18   that -- well, let me -- let me just --

19          THE COURT:  Well, I just wanted to ask you -- and I

20   don't recall your demanding an adversary proceeding on this

21   issue.

22          MS. KIM:  And I'll explain why in a moment.

23          THE COURT:  Okay.  You just said it was

24   jurisdictional, and I don't think it is.  And I believe it is

25   waivable.  But if you think it's jurisdictional, then I guess

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    we disagree.  Does it matter?

2          MS. KIM:  I'm not sure that the jurisdictional aspect

3    of it matters because -- let me get to the next -- to what we

4    filed.

5          So PG&E filed on February 2nd its motion for entry of

6    an order modifying plan injunction and compelling arbitration

7    of the claim of California Department of Water Resources.

8    That's docket number 11896.  That motion was not a claim

9    objection and did not assert a counterclaim.  Instead, it was a

10   motion stating that the issues that were raised in DWR's motion

11   were part of a larger dispute involving multiple parties and

12   another agreement and that therefore it should be dealt with in

13   arbitration.

14         And PG&E's motion makes this clear.  On pages 17 and

15   18 of that motion, it says the reorganized debtors have not yet

16   objected to CDWR's proof of claim.  Moreover, an objection to

17   CDWR's proof of claim would be insufficient to resolve the

18   dispute with CDWR.  In addition to CDWR's affirmative claim set

19   forth in its previous claim, the parties would need to file a

20   separate adversary proceeding or other motion to assert PG&E's

21   and the other co-tenant's defenses and counterclaims regarding

22   CDWR's obligation to pay removal costs.

23         So that takes us to March 8th, when the Court issued

24   its memorandum decision at docket 11999.  That decision

25   retained jurisdiction over the dispute set forth in CDWR's

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1   motion and require PG&E to file a substantive brief by March

2   25th.

3           Now, there was an exchange of emails on March 10th and

4   11th, 2022, which were attached as Exhibit 8 to Ms. Valdez's

5   declaration that was filed in those reply brief that DWR filed

6   on this past Friday, where -- upon request of PG&E's counsel,

7   my request, DWR's counsel agreed that PG&E's brief may be

8   deemed a claim objection for purposes of the claim objection

9   deadline, which was March 23rd.

10          Now, Your Honor may recall that's the same treatment

11  that the Court has authorized with respect to claims that are

12  being litigated in other courts where the stay is lifted or the

13  plan injunction modified.  So it's not a finding that there's a

14  warrant or a concession that there's been a claim objection.

15  But in the Court's order extending for the second time the

16  claim objection, the deadline for the reorganized debtors to

17  object to claims at docket 10494, there was a deemed objection

18  filing just for purposes of meeting the claim objection

19  deadline.  And that's what happened through that email exchange

20  on March 10th and 11th.  March 17th --

21          THE COURT:  But you don't have any independent

22  objection to their proof of claim, right?

23          MS. KIM:  We have not filed anything in --

24          THE COURT:  No, no, not that you didn't file one.  You

25  don't have one.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1          MS. KIM:  We --

2          THE COURT:  Do have any substantive objection to that

3     101,000-dollar claim?

4          MS. KIM:  Not that we -- not that we are raising, no.

5          THE COURT:  Right.  So therefore, to say that you

6     should -- you might have -- you didn't object to the claim.

7     You have no basis to object to the claim.

8          MS. KIM:  We are not objecting to the claim.

9          THE COURT:  You have no basis to object to the claim.

10         MS. KIM:  I don't know that we wouldn't -- I don't

11    mean to be --

12         THE COURT:  And now you've paid it.

13         MS. KIM:  I don't mean to be -- I don't meant to be

14    difficult.

15         THE COURT:  And you've --

16         MS. KIM:  We have not --

17         THE COURT:  And you've paid it.

18         MS. KIM:  -- made -- we have we have not stated any

19    kind of -- anything that we would -- any objection that we

20    would have had to the claim, to that claim.

21         March 17, 2022 SVP and NCPA sought to intervene and

22    file a substantive brief as well seeing that the judge -- that

23    Your Honor was going to retain jurisdiction over the

24    substantive merits.  That was docket 12035.  And then the Court

25    denied, of course, that motion to intervene on March 21st,

PG&E and Pacific Gas And Electric Company

1  docket 12054.

2        That took us to March 30th.  I'm skipping March 25th

3  in our brief look just to get to March 30th, which was the last

4  date under section 13.1 of the co-tenancy agreement to commence

5  arbitration.  Otherwise, the dispute in co-tenant under the

6  co-tenancy agreement, what it says is it shall be deemed to

7  have waived all claims with respect to such billing dispute.

8        The other co-tenants asked DWR to consent to extend

9  the arbitration deadline because we were concerned about the

10  confusion that has ended up resulting here.  And DWR declined

11  to do so and offered no other alternative.  And that's actually

12  in an email exchange, a couple of email exchanges, attached to

13  Ms. Valdez's declaration.

14        So because PG&E believed that it was important for all

15  the parties to be part of the same litigation and for the

16  parties' disputes under both the code tenancy agreement and the

17  transmission service agreement to be resolved together because

18  those agreements are interrelated and the purpose of those

19  agreements was to provide for sharing of costs and obligations

20  among all of the parties, we looked at what was actually at

21  issue in the two motions before the Court.  Neither DWR's

22  motion nor PG&E's motion put DWR's ultimate obligation to

23  reimburse the future removal costs, regardless of whether DWR

24  terminated its participation in the co-tenancy agreement in

25  front of the Court.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net
of 38

PG&E and Pacific Gas And Electric Company

1     DWR asked for a finding in its motion that the

2  agreement did not require payment of the removal costs before

3  the termination could be effective.  And PG&E stated that DWR,

4  it had -- regardless of the termination, DWR has an obligation.

5  But PG&E didn't file that claim against DWR and instead asked

6  for it to be arbitrated.  And PG&E's motion and its papers were

7  neither a claim objection nor a counterclaim nor an adversary

8  proceeding bringing the claim. So in terms of --

9     THE COURT:  Okay.  Therefore what?

10    MS. KIM:  So --

11    THE COURT:  That still doesn't explain how you would

12 decide that there is no more core matter and not file an issue

13 and address the merits.  It's clear that the Department made

14 its position clear that it believed that this Court, not the

15 arbitrator, could decide the fundamental question of whether

16 there is any liability at all.  And I left open, if I determine

17 there is liability, maybe I should then send it to arbitration.

18 I didn't decide one way or the other.  But you didn't file a

19 brief to say, you know what, as a matter of law, we had --

20 there were damages.  So you in effect, in my -- you simply

21 waived it.

22    MS. KIM:  Well, but in terms of what the Court had in

23 front of it at the time was it had the issue of executoriness.

24 That's what was -- it had the issue --

25    THE COURT:  Ms. Kim, let me get to the point.  What do

PG&E and Pacific Gas And Electric Company

1  you think I should do?

2       MS. KIM:  So --

3       THE COURT:  I made this -- and by the way, I made this

4  a tentative ruling because I don't want to be precipitous.  I

5  don't want to just pretend that I know what either side wants

6  to do.  And I moved it quickly because of this threat of the

7  arbitration and what's going on in the -- before the

8  arbitrators.  So I asked the Department what does it want.  it

9  wants me to memorialize my ruling as a matter of law.  What do

10 you want me to do?

11      MS. KIM:  So my -- our ask is a finding that the

12 requests made in DWR's motion have been resolved and

13 effectively mooted and that the issue of whether

14 post-termination DWR will be liable for removal costs was not

15 raised in DWR's motion, it hasn't been placed before the Court,

16 and that the parties may arbitrate it in the pending

17 arbitration because --

18      THE COURT:  In other words -- in other words, why

19 don't I just reverse my decision that I made that you didn't

20 even appeal and say, you know what, I guess I was right, I

21 shouldn't have done it, and the arbitrator should have decided.

22 I'm sorry.  I'm not going there.

23      MS. KIM:  Well, so let me -- there is -- I have an

24 alternative ask, which is --

25      THE COURT:  Okay.

PG&E and Pacific Gas And Electric Company

1        MS. KIM:  So let me just -- let me explain why this

2   dispute was not before the Bankruptcy Court.

3        THE COURT:  Well, let me ask again.  You and your

4   colleagues do such thorough work on every subject in the world,

5   and it's a pleasure to have you do that for me.  And this time

6   you surprise me because I thought, at the minimum, I'd get a

7   brief on why Mr. Pascuzzi is full of hot air and this matter

8   there were damages.  But I didn't.  Instead, I went back, as

9   you know.  When I read the briefs, and you filed your brief

10  about why I should send this matter to arbitration, you said in

11  the alternative, let's have a status report.  So you got a

12  status opportunity and you got an opportunity to brief the

13  merits, and you didn't.  So that's what's intriguing and

14  confusing to me.

15       MS. KIM:  Well, what we looked at was, well -- so what

16  DWR's motion did was it began a contested proceeding with

17  respect to the executoriness assumption issue and the claim

18  objection, that which is governed by Rule 9014.

19       THE COURT:  No, I understand.  I understand.

20       MS. KIM:  Well --

21       THE COURT:  I understand your theory about it.  But

22  what your -- your alternative ask is what.  What do you want me

23  to do?

24       MS. KIM:  So just because Rule 9014 doesn't

25  incorporate all of the rules -- all of the rules of --

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    involving an adversary proceeding, involving -- that would

2    allow for all the procedural -- for the procedural process to

3    sue, enjoin parties, and properly frame the issues before the

4    Court in the context of an adversary proceeding, so our

5    alternative ask would be that, to the extent that the Court

6    is -- believes that those post-petition removal costs issue

7    should remain before it, for our opportunity to file an

8    adversary proceeding to ensure that this is done properly and

9    that there's an opportunity for the necessary parties and the

10   issues to be heard together.

11         THE COURT:  Well, the problem is, if I could -- I

12   thought about having Mr. Pascuzzi file a motion for summary

13   judgment, which I believe can be done in the context of a claim

14   objection, particularly when the company -- when your side

15   never asked for an adversary proceeding until this morning.

16   But if I let him file a motion for summary judgment, I don't

17   know whether I'd let you oppose it because --

18         MS. KIM:  But --

19         THE COURT:  -- essentially it's like entering a

20   default.  In my view, you didn't respond when you were invited

21   to, and that's the equivalent of taking someone's default.  And

22   as a matter of proof-up, I could say to Mr. Pascuzzi, well, you

23   got to show me why you think you win on the merits, but I don't

24   know that that PG&E should oppose that motion because they

25   didn't oppose it when they were invited to.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1        MS. KIM:  So, Your Honor, I remember a number of

2   times, including early on in the case, when Your Honor went in

3   I think on PG&E for a few times for asking in its order for

4   more relief than it had sought in its motion.  And I think

5   this -- that's what we have here, is the motion did not ask for

6   the kind of declaratory relief that that type of a summary

7   judgment motion or a default order would -- that Your Honor is

8   suggesting would be granting.  There is no declaratory relief

9   on the table right now with respect to what happens, regardless

10  of DWR's termination, to the obligation to pay removal costs.

11        THE COURT:  Okay.

12        MS. KIM:  It hasn't been raised.  So now if Your Honor

13  is going to -- regardless of all of that, if Your Honor remains

14  inclined to make final the tentative, then I do -- I've

15  prepared to discuss the merits of that claim.  But frankly, I

16  just don't see that claim before the Court yet.

17        THE COURT:  Okay.  Mr. Pascuzzi, if Ms. Kim is right,

18  maybe I went too far.  Is she right?

19        MR. PASCUZZI:  Your Honor, you didn't go too far.  I

20  mean, that's a hyper-technical, revisionist history of what is

21  before the Court.  I don't see how you can look at our motion

22  and their motion and not say that the issue of DWR's liability,

23  which PG&E raised, for the removal costs was not before the

24  Court.

25        And yes, it was all tied up in the executory contract

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1  issues that were reserved under the plan and the confirmation

2  order for this Court and specifically this Court.  So they

3  waived, as the Court already found.  PG&E already briefed.  The

4  Court already found a waived the right to arbitrate those

5  issues.

6       Then they've had two opportunities in writing to brief

7  everything that Ms. Kim just said, one opportunity orally the

8  last hearing that we had as well.  None of this was raised.

9  And the issue was clearly before the Court as to DWR's

10  liability.

11       Now it was framed by PG&E in its papers as tied to the

12  termination of the contract.  But DWR's motion merely took what

13  PG&E's issue as framed and put it before the Court.  And it's

14  not just whether, as part of termination, DWR is liable for the

15  removal costs.  I mean, think of -- we're going to do this all

16  over again.  You've already got both contracts before the

17  Court.  You've looked at everything.  There were no material

18  facts in dispute.  It's just --

19       THE COURT:  Now, wait a minute.  Hold on.  Slow down.

20  I mean, the transmission agreement is technically before the

21  Court, but I haven't paid any attention to it.

22       MR. PASCUZZI:  Yeah.  And it's irrelevant to it.

23       THE COURT:  Okay.  So there's only one --

24       MR. PASCUZZI:  We addressed it in our original motion.

25       THE COURT:  It's only the co-tenancy agreement.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1  There's only --

2       MR. PASCUZZI:  Correct.

3       THE COURT:  Oh, you said two contracts.  I have two

4  motions.

5       MR. PASCUZZI:  Well, they've both been mentioned --

6       THE COURT:  Yes.

7       MR. PASCUZZI:  -- in the pleadings.  And I don't

8  recall if we put the transmission services agreement in the

9  record, but co-tenants --

10      THE COURT:  It's on the record somewhere.  I saw it,

11  but I didn't --

12      MR. PASCUZZI:  Yeah.

13      THE COURT:  -- bother reading it, frankly.

14      MR. PASCUZZI:  It's been our position that it is

15  irrelevant.  And as the Court properly found, those are issues

16  between the parties to that agreement, which are DWR  and CPA

17  and Silicon Valley Power.

18      THE COURT:  But you're not, by the way, going back to

19  your prior request for an injunction.  You're not asking me to

20  enjoin PG&E from trying to be heard on the transmission

21  agreement, are you?

22      MR. PASCUZZI:  No, Your Honor.  Because PG&E was

23  trying to -- it joined in the arbitration proceeding.  And on

24  the issue that the Court was -- it was pending before the

25  Court, we mentioned that now -- after we filed our brief on

PG&E and Pacific Gas And Electric Company

1 Friday, AAA, the arbitration company, sent us an email, this

2 was late Friday afternoon, saying we've reviewed the

3 submissions of the parties and your memorandum decision, and

4 we've decided we can go forward with the arbitration only as to

5 NCPA and SVP.

6          THE COURT: Oh, okay.

7          MR. PASCUZZI: Not PG&E. So if the Court affirms --

8          THE COURT: Excuse me. But let me -- and let me

9 interrupt. As to as to the transmission agreement?

10          MR. PASCUZZI: As to the --

11          THE COURT: But AAA isn't saying they can deal with

12 the co-tenancy agreement, are they?

13          MR. PASCUZZI: Correct.

14          THE COURT: Okay.

15          MR. PASCUZZI: Correct. Now if the parties -- if Your

16 Honor affirms your tentative ruling and we bring that to AAA

17 and the parties, NCPA and SVP, seek to relitigate the removal

18 costs issues in front of the arbitrator, we may very well come

19 back to you in an adversary proceeding and ask you to basically

20 tell them not to because you've already ruled on the issue,

21 transmission --

22          THE COURT: Well, I --

23          MR. PASCUZZI: -- services agreement --

24          THE COURT: So again, if I don't -- if I take your

25 suggestion and not Ms. Kim's, then I turn this tentative ruling

escribers

(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1   into a ruling, and that is what it is. And if PG&E chooses to

2   appeal it, it can do so. And presumably, the arbitration --

3   the arbitrators would at least acknowledge that that's the

4   decision of the Court. Whether they comply with it or follow

5   it or ignore it, I don't -- I'm not going to speculate on it.

6   At least -- it is what it is. But at least there's nothing

7   from your point of view, am I correct -- if I memorialized this

8   as an order, there's nothing more for me to do. And presumably

9   the transmission agreement arbitration will proceed. And

10  that's the way of the land.

11          MR. PASCUZZI: Well, that issue -- the disputes in the

12  transmission services agreement will be dealt with in some

13  other forum.

14          THE COURT: Yes.

15          MR. PASCUZZI: But our position is not arbitration.

16          THE COURT: No.

17          MR. PASCUZZI: But that's not for you to decide.

18          THE COURT: Okay.

19          MR. PASCUZZI: We're not asking you to decide.

20          THE COURT: And also leave aside any appellate review

21  that PG&E may seek. That's, again, not on the table here.

22  You're satisfied, Mr. Pascuzzi, and believe that the

23  Department's interests are served, and frankly, justice is

24  served in terms of the way the process is played out, that I

25  don't need to go through kind of a fiction of asking you to

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    make a motion for summary judgment when I've already

2    determined, from my point of view, there are no facts in

3    dispute.  And therefore, the legal conclusion is that the

4    Department has no liability by virtue of its withdrawal from

5    the co-tenancy agreement.  End of story, right?

6         MR. PASCUZZI:  Your Honor, you -- in your tentative

7    ruling on the bottom of page 3 is exactly the order that we

8    would like.  And yes, that's correct.

9         THE COURT:  Okay.

10        MR. PASCUZZI:  I wouldn't see the need or the

11   usefulness of us to refile all our papers and -- but put it in

12   motion for summary judgment on them because it's basically

13   looking at the contract and arguing we've already done all

14   that.  We already to put everything before the Court.

15        THE COURT:  Again, leaving aside what I have or

16   haven't done in this case or my complaint of certain lawyers on

17   the PG&E side for asking -- for I guess seeking in an order

18   more than they ask for, the fact of the matter is that the

19   underlying issue that I was asked to decide, in my opinion, was

20   as framed without calling it an adversary proceeding.  And I

21   don't know that it needed to be.  And certain contested matters

22   can be disposed of by a motion for summary judgment without the

23   presence of an adversary proceeding.

24        But I want to address a comment and a question to Ms.

25   Kim.  Again, Ms. Kim, I appreciate your reiterating the history

PG&E and Pacific Gas And Electric Company

1    of the case.  But what you didn't mention -- and I didn't in

2    preparing for this morning go back and listen to the audio of

3    the oral argument we had on these matters.  But it seemed to me

4    there was a full discussion of what my choices were.  And your

5    side was very adamant about send it to arbitration.  And I

6    believe Mr. Pascuzzi was adamant.  And I think my focus was on,

7    well, what are my choices.

8           And if I determine as a matter of law that the

9    agreement, the co-tenancy agreement, didn't expose the

10   Department to any damages because of the way the document

11   reads, then there's nothing to send to the arbitrator.  But if,

12   on the other hand, I'm persuaded on the arguments presented

13   that there is a quantification of damages, then that's for

14   another day for me to decide whether I should keep it here or

15   send it to the tribunal.  I mean, do you have a different

16   recollection of the focus of the conversation on the oral

17   argument?

18          MS. KIM:  So again, the reason that we were focusing

19   on that is because the question before the Court was is the

20   contract executory, has it been terminated, can it be

21   terminated without DWR having to pay the removal costs, and is

22   there -- and what happens to DWR's claim amount at that point.

23   Right.

24          THE COURT:  Right.  Right.

25          MS. KIM:  So --

PG&E and Pacific Gas And Electric Company

1          THE COURT:  And which therefore gets back to the

2    basic.  Executory contract 101 is when they exercise their

3    right back in 2018, was there anything more to do?  Was the

4    contract anything other than a -- the right of one counterparty

5    to exercise its rights long before the bankruptcy?  And one

6    could easily have surmised that by the date of the petition in

7    20- -- when was it, 2019?  Seems like --

8          MS. KIM:  Yes.

9          THE COURT:  -- long ago, January, there was nothing to

10   assume because the contract had already been terminated.  And

11   the clock was just running out on the twelve months.  And

12   obviously, that wasn't the focus at that time, but it could

13   have been disposed of at that time.

14         And frankly, if the Department or the company had

15   chosen to bring an adversary proceeding on January 20th of 2019

16   to determine that there is no contract to be assumed, we'd have

17   the same discussion.  I'd make the same legal question.  Does

18   the contract lend itself to some preservation, or did the

19   contractual relationship terminate before the bankruptcy?

20         I was also thinking about this case that at least none

21   of you were around when you drafted -- you didn't draft that

22   agreement.  I guess that was around, but I didn't draft it.

23   And maybe it should have been drafted a little differently.

24         But anyway, I (audio interference).  If a fly had been

25   on the wall in the courtroom, of the virtual courtroom, and had

PG&E and Pacific Gas And Electric Company

1    listened to the argument, I don't think that fly would have

2    reasonably determined that the issue couldn't be (audio

3    interference) and you are now saying, well, it couldn't have

4    been done that way, it should have been done by adversary

5    proceeding.  But I --

6           MS. KIM:  Well, so just -- sorry, Your Honor.  I don't

7    mean to interrupt.  But actually, I don't know if it's my

8    internet connection or the Court's internet connection, but

9    it's -- it got a little choppy.

10          THE COURT:  Yeah.  I know it did.  I know it did. So

11   go ahead.  And interrupted you.

12          MS. KIM:  Okay.

13          THE COURT:  Go ahead and say what you got to say.

14          MS. KIM:  No.  So it is -- at the time when this was

15   an executoriness issue, when we were contesting opposing DWR's

16   termination of the -- of its participation in the contract,

17   then all of those issues made sense to deal with because what

18   we were talking about was, well, could DWR terminate its

19   participation.  Exactly what Your Honor said is, is there a

20   contract, at least with DWR, to -- post-petition to assume as

21   of the effective date.  And where we came out was -- and

22   because the removal costs played into that issue, that's how

23   the removal costs became an issue before the Court.

24          Where I --what I do not see is how once the

25   executoriness issue has been dealt with and there is no

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1  executory contract because DWR has terminated its participation

2  in the agreement, why -- how there is still an issue of the

3  removal costs outside of post-termination, surviving

4  termination, that is -- would still -- would have been raised

5  or been before the Court.

6      THE COURT:  Well, now, that's a fair question, but

7  that's why I'm frustrated that you didn't respond.  Again, when

8  I write my ruling and asked for briefing and I don't get an

9  argument, I'm wondering, well, okay.  I mean, I have to say I

10  found that the response you said that says there's no more core

11  matter, we're just going elsewhere, I made myself -- my own

12  personal view known.  It's not -- again, it's not personal.

13  I'm not angry or spiteful.  I'm just -- I was surprised,

14  actually.  And I don't think that -- I'll just leave it at

15  that.  And --

16      MS. KIM:  And, Your Honor, just to -- that was, first

17  of all -- probably in retrospect was not the way it should have

18  been phrased.  I think what it was, was responding to the fact

19  that the -- in the memorandum decision, the Court retained

20  jurisdiction because of these core claims.  But it wasn't

21  intended to be a reconsideration or a -- sorry.  It wasn't

22  intended to be spiting the Court.  It was intended to be all of

23  the issues that were before the Court that the Court retained

24  jurisdiction over, because they were core, are no longer before

25  the Court because the issues that were -- the relief that was

PG&E and Pacific Gas And Electric Company

1   requested in the motion, in DWR's motion, have been resolved

2   and satisfied.

3          THE COURT:  Okay.  I got it.  Well, look, I -- you

4   can -- you can ask the Appellate Court if -- to come out that

5   way.  I'm satisfied that the case was presented.  And I'm not

6   trying to set you up for criticism for saying you left a -- you

7   should have made a different argument.  But I'm just saying,

8   based upon the way, over a span of time from pre-petition

9   events to the activity of the very cumbersome and huge problem

10  that you -- when your firm and your lawyers have for assembling

11  and keeping track of thousands of executory contracts and the

12  way Mr. Pascuzzi and other representatives of governmental

13  agencies particularly preserve their position and the

14  complexity of the thousands of contracts that are swept up in

15  the confirmation process, that makes all of this more unique or

16  less than the cookie-cutter kind of situation where there's a

17  discrete contract that's either assumed or rejected.

18          And then when we come to that convergence of

19  cross-motions, almost cross-motions, but one side saying send

20  this all to arbitration, the other side says keep it all here,

21  to me context is everything.  And those two motions converging

22  and the oral argument itself focusing on the issue and in

23  particular PG&E's adamant view that because it was busy dealing

24  with some with this other issue, sort of the collateral issue,

25  let's reserve the point on the merits, that, to me, leads me to

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E and Pacific Gas And Electric Company

1    a conclusion that the matter was adequately framed.

2         To the extent that one might have said an adversary

3    proceeding might have been the better way, it was functionally

4    the same. And I do believe that notwithstanding your term, I

5    don't believe an adversary proceeding is jurisdictionally

6    required. And to me, the course of conduct of the way this

7    dispute played out afforded both sides adequate due process.

8    And nothing else would have made a difference.

9         And having thought about whether I should put the

10   Department to the burden of filing essentially the same legal

11   argument with a different heading called motion for summary

12   judgment, that that just perpetuates wasteful time and effort

13   of lawyers' time and clients being billed for it.

14        So I'm going to stick with my tentative. I will ask

15   Mr. Pascuzzi to put it in the form of an order. And I believe

16   then that that is the dispositive order. I don't -- there is

17   no -- I don't -- I mean, the rules are such that I don't think

18   I have to call it a judgment. The rules talk about an order

19   that's dispositive is effectively a judgment. So I don't care

20   what you call it. And if you're more comfortable doing it some

21   other way, Mr. Pascuzzi, and Ms. Kim agrees, then I'll let you

22   two both figure out the right way to do it.

23        So far as I'm concerned, the matter is closed. And

24   I've made the ruling. And the conclusion that I reach is that,

25   by virtue of the Department's exercise of its rights under the

PG&E and Pacific Gas And Electric Company

1    co-tenancy agreement and the way I anticipated and read the

2    contracts, the Department's interpretation seems proper to me.

3    And there simply is no trigger that suggests there are monetary

4    damages that need to be calculated and perhaps might better be

5    calculated by an arbitrator.

6          Is that clear enough, Mr. Pascuzzi, to -- I mean, it's

7    just a slight elaboration on page 3 of my tentative.

8          MR. PASCUZZI:  Yeah.  I'll stick with page 3, and

9    we'll see where we go from there.  And --

10          THE COURT:  Okay.

11          MR. PASCUZZI:  I'll exchange draft with Ms. Kim, and

12    we'll get it to you.  If we have a dispute, we'll let you know.

13          THE COURT:  Okay.

14          MS. KIM:  Your Honor, just for purposes of completing

15    the record, so we -- as I mentioned earlier, I was prepared to

16    discuss the merits if Your Honor was going to deny our request

17    and on the -- and was raising that here as opposed to in our

18    brief, because at the time, our reading of the papers was that

19    that issue, the issue of the post-termination removal costs,

20    was not -- had not been before the Court.  And I understand

21    that Your Honor has a different view of things.  And of course,

22    that's that is Your Honor's.

23          So am I to take it that the -- if I were to try to

24    argue the merits today at this point, that Your Honor's view is

25    that we have at this point waived those?

PG&E and Pacific Gas And Electric Company

1    THE COURT:  Let's put it this way.  I'm not going to

2 invite you to argue the merits today because I believe you had

3 ample opportunity to do it.  And it would be unfair to the

4 Department to turn this into an oral argument about the merits

5 when I said it was a ruling on an expedited basis to decide

6 what I should make of what you filed when you did file it.

7    If an Appellate Court determines that I should have

8 addressed the merits and I should address the merits, I guess

9 they'll send it back to me.  But for now, I'm not going to

10 worry about that.  So your request to revisit the merits is

11 declined with regrets -- with no regrets.

12    Okay, thank you all.

13    MS. KIM:  Understood.

14    THE COURT:  Thank you for your time.

15    MS. KIM:  Thank you.

16    THE COURT:  I look forward to seeing the order.

17    MS. KIM:  Thank you, Your Honor.

18    MR. PASCUZZI:  Thank you, Your Honor.

19    THE COURT:  And that's going to conclude the hearing.

20  (Whereupon these proceedings were concluded at 10:52 AM)

21

22

23

24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1                   C E R T I F I C A T I O N

2

3    I, Michael Drake, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7

8    _____

9    /s/ MICHAEL DRAKE, CER-513, CET-513

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  April 14, 2022

16

17

18

19

20

21

22

23

24

25

Case: 19-30088   Doc# 12156   Filed: 04/14/22   Entered: 04/14/22 10:36:27   Page 31
of 38

(973) 406-2250 | operations@escribers.net | www.escribers.net

**$**

**$101,026.75 (1)**
7:22

**A**

**AAA (3)**
20:1,11,16
**accept (1)**
4:8
**acknowledge (1)**
21:3
**activity (1)**
27:9
**actually (4)**
12:11,20;25:7;26:14
**adamant (1)**
23:5,6;27:23
**addition (1)**
9:18
**address (3)**
13:13;22:24;30:8
**addressed (2)**
18:24;30:8
**adequate (1)**
28:7
**adequately (1)**
28:1
**adversary (17)**
8:9,14,15,20;9:20;
13:7;16:1,4,8,15;
20:19;22:20,23;24:15;
25:4;28:2,5
**affirmative (1)**
9:18
**affirms (2)**
20:7,16
**afforded (1)**
28:7
**afternoon (1)**
20:2
**again (9)**
15:3;18:16;20:24;
21:21;22:15,25;23:18;
26:7,12
**against (1)**
13:5
**agencies (5)**
5:6,11;6:6,19;27:13
**agency's (1)**
5:21
**ago (1)**
24:9
**agreed (1)**
10:7
**agreement (35)**
4:3,6,12;6:16,17;7:2,
10,15,17,19,20;8:6;
9:12;12:4,6,16,17,24;
13:2;18:20,25;19:6,18,
21;20:9,12,23;21:9,12;
22:5;23:9,9;24:22;
26:2;29:1
**agreements (3)**
7:3;12:18,19
**agrees (1)**
28:21
**ahead (3)**
5:1;25:11,13
**air (1)**
15:7
**allow (1)**
16:2
**Almendras (3)**
3:18,19,20
**almost (1)**
27:19
**alternative (5)**
12:11;14:24;15:11,
22;16:5
**among (2)**
7:1;12:20
**amount (4)**
5:25;6:17;7:22;
23:22
**ample (1)**
30:3
**angry (1)**
26:13
**Annadel (1)**
3:20
**anticipated (1)**
29:1
**appeal (2)**
14:20;21:2
**appearance (1)**
3:17
**appearances (1)**
3:11
**appearing (1)**
3:20
**appellate (3)**
21:20;27:4;30:7
**appreciate (1)**
22:25
**APRIL (1)**
3:1
**arbitrate (2)**
14:16;18:4
**arbitrated (1)**
13:6
**arbitration (19)**
4:6;5:10;7:23;9:6,
13;12:5,9;13:17;14:7,
17;15:10;19:23;20:1,4;
21:2,9,15;23:5;27:20
**arbitrator (2)**
13:15;14:21;20:18;
23:11;29:5
**arbitrators (2)**
14:8;21:3
**argue (3)**
6:9;29:24;30:2
**arguing (2)**

6:4;22:13
**argument (10)**
4:11;6:3;23:3,17;
25:1;26:9;27:7,22;
28:11;30:4
**arguments (1)**
23:12
**around (2)**
24:21,22
**aside (2)**
21:20;22:15
**aspect (1)**
9:2
**assembling (1)**
27:10
**assert (2)**
9:9,20
**asserted (1)**
6:17
**assume (2)**
24:10;25:20
**assumed (4)**
7:10,21;24:16;27:17
**assumption (2)**
6:16,18;15:17
**attached (2)**
10:4;12:12
**attention (1)**
18:21
**Attorney (2)**
3:16,20
**audience (1)**
3:9
**audio (3)**
23:2;24:24;25:2
**authorized (1)**
10:11
**avenue (2)**
4:5,10

**B**

**back (9)**
5:5;6:14;15:8;19:18;
20:19;23:2;24:1,3;30:9
**bankruptcy (4)**
8:9;15:2;24:5,19
**bars (1)**
8:11
**based (2)**
8:8;27:8
**basic (1)**
24:2
**basically (2)**
20:19;22:12
**basis (5)**
5:9;6:18;11:7,9;30:5
**became (1)**
25:23
**become (1)**
7:19
**began (1)**
15:16

**behalf (4)**
3:13,15,21;6:23
**believes (1)**
16:6
**Benvenutti (1)**
3:13
**better (2)**
28:3;29:4
**billed (1)**
28:13
**billing (1)**
12:7
**both (7)**
7:2;8:1;12:16;18:16;
19:5;28:7,22
**bother (1)**
19:13
**bottom (1)**
22:7
**brief (12)**
10:1,5,7;11:22;12:3;
13:19;15:7,9,12;18:6;
19:25;29:18
**briefed (1)**
18:3
**briefing (1)**
26:8
**briefs (1)**
15:9
**bring (2)**
20:16;24:15
**bringing (3)**
3:6;8:12;13:8
**burden (1)**
28:10
**busy (1)**
27:23

**C**

**calculated (2)**
29:4,5
**CALIFORNIA (4)**
3:1,21;5:6;9:7
**Call (3)**
3:3;28:18,20
**called (1)**
28:11
**Calling (2)**
3:6;22:20
**came (1)**
25:21
**can (9)**
16:13;17:21;20:4,11;
21:2;22:22;23:20;27:4,
4
**care (1)**
28:19
**case (5)**
17:2;22:16;23:1;
24:20;27:5
**Castle (4)**
7:10,15,16,19

**CDWR (1)**
9:18
**CDWR's (5)**
9:16,17,18,22,25
**certain (1)**
22:16,21
**choices (2)**
23:4,7
**chooses (1)**
21:1
**choppy (1)**
25:9
**chosen (1)**
24:15
**chronology (1)**
4:21
**claim (32)**
7:11,21,25;8:12,13;
9:7,8,16,17,18,19;10:8,
8,14,16,18,22;11:3,6,7,
8,9,20,20;13:5,7,8;
15:17;16:13;17:15,16;
23:22
**claims (5)**
5:8;10:11,17;12:7;
26:20
**clear (6)**
4:11,15;9:14;13:13,
14;29:6
**clearly (1)**
18:9
**CLERK (1)**
3:4
**clients (1)**
28:13
**clock (1)**
24:11
**closed (1)**
28:23
**cocounsel (1)**
3:16
**collateral (1)**
27:24
**colleagues (1)**
15:4
**comfortable (1)**
28:20
**commence (1)**
12:4
**comment (2)**
4:2;22:24
**company (3)**
16:14;20:1;24:14
**compelling (1)**
9:6
**complaint (1)**
22:16
**completing (1)**
29:14
**complexity (1)**
27:14
**comply (1)**
21:4

Case: 19-30088    Doc# 12156    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 32
of 38

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

concerned (2)
12:9;28:23
concession (1)
10:14
conclude (2)
5:1;30:19
concluded (1)
30:20
conclusion (3)
22:3;28:1,24
conduct (1)
28:6
confirm (1)
3:25
confirmation (7)
5:20,23;6:1,10,21;
18:1;27:15
confusing (1)
15:14
confusion (1)
12:10
connection (2)
25:8,8
consent (1)
12:8
contested (1)
15:16;22:21
contesting (1)
25:15
context (2)
8:12;16:4,13;27:21
contract (19)
5:13,17,19,25;7:20;
8:8;17:25;18:12;22:13;
23:20;24:2,4,10,16,18;
25:16,20;26:1;27:17
contracts (7)
5:7,16;18:16;19:3;
27:11,14;29:2
contractual (1)
24:19
convergence (1)
27:18
converging (1)
27:21
conversation (1)
23:16
cookie-cutter (1)
27:16
core (4)
13:12;26:10,20,24
corporation (1)
3:6
costs (17)
7:18;8:7;9:22;12:19,
23;13:2;14:14;16:6;
17:10,23;18:15;20:18;
23:21;25:22,23;26:3;
29:19
co-tenancy (13)
6:16,17;7:2;8:6;12:4,
6,16,24;18:25;20:12;
22:5;23:9;29:1

co-tenant (2)
7:15;12:5
co-tenants (2)
12:8;19:9
co-tenant's (1)
9:21
counsel (3)
3:7;10:6,7
counterclaim (2)
9:9;13:7
counterclaims (1)
9:21
counterparty (2)
5:18;24:4
couple (1)
12:12
course (4)
7:3;11:25;28:6;
29:21
Court (112)
3:3,4,8,18,23,25;4:7,
10,24;5:9,12;6:22;7:5,
7,24;8:1,15,19,23;9:23;
10:11,21,24;11:2,5,9,
12,15,17,24;12:21,25;
13:9,11,14,22,25;14:3,
15,18,25;15:2,3,19,21;
16:4,5,11,19;17:11,16,
17,21,24;18:2,2,3,4,9,
13,17,19,21,23,25;
19:3,6,10,13,15,18,24,
25;20:6,7,8,11,14,22,
24;21:4,14,16,18,20;
22:9,14,15;23:19,24;
24:1,9;25:10,13,23;
26:5,6,19,22,23,23,25;
27:3,4;29:10,13,20;
30:1,7,14,16,19
courtroom (2)
24:25,25
courts (1)
10:12
court's (4)
4:8;5:9;10:15;25:8
CPA (1)
19:16
criticism (1)
27:6
cross-motions (2)
27:19,19
cumbersome (1)
27:9
cure (5)
5:12,17,25;6:6,17

**D**

damages (5)
13:20;15:8;23:10,13;
29:4
date (5)
6:1,21;12:4;24:6;
25:21

day (1)
23:14
days (4)
5:25;6:10,20,23
deadline (4)
10:9,16,19;12:9
deal (2)
20:11;25:17
dealing (1)
27:23
dealt (4)
4:13;9:12;21:12;
25:25
debtors (4)
3:13;6:7;9:15;10:16
debtor's (1)
4:16
decide (8)
13:12,15,18;21:17,
19;22:19;23:14;30:5
decided (2)
14:21;20:4
decision (9)
9:24,24;14:19;20:3;
21:4;26:19
declaration (2)
10:5;12:13
declaratory (3)
8:8;17:6,8
declined (2)
12:10;30:11
deemed (3)
10:8,17;12:6
deems (1)
8:1
default (3)
16:20,21;17:7
defenses (1)
9:21
demanding (1)
8:20
denied (1)
11:25
Dennis (1)
3:5
deny (1)
29:16
denying (1)
5:10
Department (12)
3:15,21;4:3;7:11;
9:7;13:13;14:8;22:4;
23:10;24:14;28:10;
30:4
Department's (3)
21:23;28:25;29:2
descriptions (1)
5:16
determine (4)
5:18;13:16;23:8;
24:16
determined (2)
22:2;25:2

determines (1)
30:7
determining (3)
7:9,14,24
difference (1)
28:8
different (4)
23:15;27:7;28:11;
29:21
differently (1)
24:23
difficult (1)
11:14
disagree (1)
9:1
discrete (1)
27:17
discuss (2)
17:15;29:16
discussion (2)
23:4;24:17
disposed (2)
22:22;24:13
dispositive (2)
28:16,19
dispute (15)
4:3,12;5:24;6:2;7:9;
9:11,18,25;12:5,7;
15:2;18:18;22:3;28:7;
29:12
disputes (2)
12:16;21:11
docket (10)
4:19;5:7,20;6:14;
7:12;9:8,24;10:17;
11:24;12:1
document (2)
5:8;23:10
done (7)
14:21;16:8,13;22:13,
16;25:4,4
down (1)
18:19
draft (3)
24:21,22;29:11
drafted (2)
24:21,23
due (1)
28:7
DWR (21)
5:8;6:23,24;7:9,17;
8:5;10:5;12:8,10,23;
13:1,3,4,5;14:14;
18:14;19:16;23:21;
25:18,20;26:1
DWR's (17)
6:15;7:15,24;9:10;
10:7;12:21,22;14:12,
15;15:16;17:10,22;
18:9,12;23:22;25:15;
27:1

**E**

earlier (1)
29:15
early (1)
17:2
easily (1)
24:6
effect (1)
13:20
effective (3)
7:19;13:3;25:21
effectively (2)
14:13;28:19
effort (1)
28:12
either (2)
14:5;27:17
elaboration (1)
29:7
else (1)
28:8
elsewhere (2)
4:13;26:11
email (4)
10:19;12:12,12;20:1
emails (1)
10:3
end (4)
4:2;5:21;8:3;22:5
ended (3)
4:22,23;12:10
engaged (1)
6:25
enjoin (2)
16:3;19:20
enjoined (1)
4:16
enough (1)
29:6
ensure (1)
16:8
entered (1)
5:23
entering (1)
16:19
entity (1)
5:24
entry (1)
9:5
equivalent (1)
16:21
essentially (2)
16:19;28:10
estimated (1)
7:17
even (1)
14:20
events (1)
27:9
exactly (2)
22:7;25:19

Case: 19-30088    Doc# 12156    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 33
of 38

except (1)
   8:17
exchange (4)
   10:3;19;12:12;29:11
exchanges (1)
   12:12
Excuse (1)
   20:8
executoriness (6)
   5:13,24;13:23;15:17;
   25:15,25
executory (10)
   5:7,13,18;6:15;7:20;
   17:25;23:20;24:2;26:1;
   27:11
exercise (1)
   24:2,5;28:25
Exhibit (1)
   10:4
expedited (1)
   30:5
explain (4)
   4:22;8:22;13:11;
   15:1
expose (1)
   23:9
expressly (1)
   8:11
extend (1)
   12:8
extending (1)
   10:15
extent (2)
   16:5;28:2

F

fact (2)
   22:18;26:18
facts (2)
   18:18;22:2
fair (1)
   26:6
far (3)
   17:18,19;28:23
fast (1)
   4:20
February (2)
   7:8;9:5
few (2)
   4:20;17:3
fiction (1)
   21:25
figure (2)
   5:1;28:22
file (13)
   6:1,13;9:19;10:1,24;
   11:22;13:5,12,18;16:7,
   12,16;30:6
filed (15)
   5:6;6;6,10,12,22;7:9;
   8:13;9:4,5;10:5,5,23;
   15:9;19:25;30:6

filing (3)
   8:9;10:18;28:10
final (2)
   4:1;17:14
finding (5)
   5:12;8:5;10:13;13:1;
   14:11
firm (1)
   27:10
first (1)
   26:16
fly (2)
   24:24;25:1
focus (3)
   23:6,16;24:12
focusing (1)
   23:18;27:22
follow (1)
   21:4
form (1)
   28:15
forth (3)
   6:2;9:19,25
forum (1)
   21:13
forward (2)
   20:4;30:16
found (4)
   18:3,4;19:15;26:10
frame (1)
   16:3
framed (4)
   18:11,13;22:20;28:1
FRANCISCO (1)
   3:1
frankly (4)
   17:15;19:13;21:23;
   24:14
Friday (3)
   10:6;20:1,2
front (3)
   12:25;13:23;20:18
frustrated (1)
   26:7
full (2)
   15:7;23:4
functionally (1)
   28:3
fundamental (1)
   13:15
further (2)
   6:22;7:25
future (2)
   7:17;12:23

G

General's (2)
   3:16,20
gets (2)
   7:8;24:1
given (3)
   3:24;6:20,20

Good (4)
   3:9,12,14,19
governed (1)
   15:18
governmental (2)
   5:24;27:12
granting (1)
   17:8
ground (1)
   5:15
guess (5)
   8:25;14:20;22:17;
   24:22;30:8

H

hand (1)
   23:12
happened (1)
   10:19
happens (2)
   17:9;23:22
happy (1)
   4:24
heading (1)
   28:11
heard (2)
   16:10;19:20
hearing (2)
   18:8;30:19
help (1)
   4:22
helpful (1)
   4:21
history (2)
   17:20;22:25
Hold (1)
   18:19
Honor (28)
   3:7,12,14,19;4:18,
   19;5:4;6:3,11;10:10;
   11:23;17:1,2,7,12,13,
   19;19:22;20:16;22:6;
   25:6,19;26:16;29:14,
   16,21;30:17,18
Honorable (1)
   3:4
Honor's (2)
   29:22,24
hopefully (1)
   4:22
hot (1)
   15:7
huge (1)
   27:9
hyper-technical (1)
   17:20

I

ignore (1)
   21:5
important (3)

7:1,13;12:14
inadequate (2)
   5:15;6:19
inclined (1)
   17:14
including (1)
   17:2
incorporate (1)
   15:25
independent (1)
   10:21
indulge (1)
   5:4
injunction (3)
   9:6;10:13;19:19
Instead (5)
   5:22;6:17;9:9;13:5;
   15:8
insufficient (1)
   9:17
intended (3)
   26:21,22,22
interest (2)
   7:15,23
interests (1)
   21:23
interference (2)
   24:24;25:3
internet (2)
   25:8,8
interpretation (1)
   29:2
interrelated (1)
   12:18
interrupt (2)
   20:9;25:7
interrupted (1)
   25:11
intervene (2)
   11:21,25
into (3)
   21:1;25:22;30:4
intriguing (1)
   15:13
invite (1)
   30:2
invited (2)
   16:20,25
involving (3)
   9:11;16:1,1
irrelevant (2)
   18:22;19:15
issue (27)
   6:22;8:21;12:21;
   13:12,23,24;14:13;
   15:17;16:6;17:22;18:9,
   13;19:24;20:20;21:11;
   22:19;25:2,15,22,23,
   25;26:2;27:22,24,24;
   29:19,19
issued (1)
   9:23
issues (11)

7:1;9:10;16:3,10;
   18:1,5;19:15;20:18;
   25:17;26:23,25
item (1)
   5:18

J

Jane (1)
   3:12
January (2)
   24:9,15
joined (1)
   19:23
judge (1)
   11:22
judgment (9)
   16:13,16;17:7;22:1,
   12,22;28:12,18,19
jurisdiction (5)
   5:10;9:25;11:23;
   26:20,24
jurisdictional (3)
   8:10,16,24,25;9:2
jurisdictionally (1)
   28:5
justice (1)
   21:23

K

Karotkin (1)
   6:7
keep (2)
   23:14;27:20
keeping (1)
   27:11
Keller (1)
   3:12
Kim (50)
   3:10,12,12,13;4:16,
   18;5:4;7:6,8;8:17,22;
   9:2;10:23;11:1,4,8,10,
   13,16,18;13:10,22,25;
   14:2,11,23;15:1,15,20,
   24;16:18;17:1,12,17;
   18:7;22:25,25;23:18,
   25;24:8;25:6,12,14;
   26:16;28:21;29:11,14;
   30:13,15,17
Kim's (1)
   20:25
kind (4)
   11:19;17:6;21:25;
   27:16
known (1)
   26:12
knows (1)
   6:11

L

land (1)

Min-U-Script®

Case: 19-30088    Doc# 12156    eScribers, LLC | (973) 406-2250
                                  operations@escribers.net | www.escribers.net
                    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 34
                                  of 38

(3) except - land

21:10
**language (2)**
5:21;6:5
**larger (1)**
9:11
**last (2)**
12:3;18:8
**late (1)**
20:2
**later (1)**
6:9
**law (3)**
13:19;14:9;23:8
**lawyers (2)**
22:16;27:10
**lawyers' (1)**
28:13
**leads (1)**
27:25
**lease (1)**
5:19
**leases (1)**
5:17
**least (5)**
21:3,6,6;24:20;25:20
**leave (2)**
21:20;26:14
**leaving (1)**
22:15
**left (2)**
13:16;27:6
**legal (3)**
22:3;24:17;28:10
**lend (1)**
24:18
**less (1)**
27:16
**level (1)**
4:18
**liability (5)**
13:16,17;17:22;
18:10;22:4
**liable (3)**
8:7;14:14;18:14
**lifted (1)**
10:12
**line (1)**
7:18
**listen (1)**
23:2
**listened (1)**
25:1
**litigated (1)**
10:12
**litigation (1)**
12:15
**little (3)**
4:21;24:23;25:9
**long (2)**
24:5,9
**longer (1)**
26:24
**look (5)**

4:8;12:3;17:21;27:3;
30:16
**looked (1)**
12:20;15:15;18:17
**looking (1)**
22:13

**M**

**mad (1)**
4:25
**makes (2)**
9:14;27:15
**making (2)**
4:7,14
**March (11)**
9:23;10:1,3,9,20,20;
11:21,25;12:2,2,3
**material (1)**
18:17
**matter (16)**
3:6;4:1;5:1,8;9:1;
13:12,19;14:9;15:7,10;
16:22;22:18;23:8;
26:11;28:1,23
**matters (3)**
9:3;22:21;23:3
**May (6)**
5:5;10:7,10;14:16;
20:18;21:21
**maybe (3)**
13:17;17:18;24:23
**mean (11)**
4:24;11:11,13;17:20;
18:15,20;23:15;25:7;
26:9;28:17;29:6
**meant (1)**
11:13
**mediated (1)**
7:3
**mediation (2)**
6:25;7:4
**meeting (1)**
10:18
**memorandum (3)**
9:24;20:3;26:19
**memorialize (1)**
14:9
**memorialized (1)**
21:7
**mention (1)**
23:1
**mentioned (3)**
19:5,25;29:15
**merely (1)**
18:12
**merits (13)**
11:24;13:13;15:13;
16:23;17:15;27:25;
29:16,24;30:2,4,8,8,10
**might (4)**
11:6;28:2,3;29:4
**minimum (1)**

15:6
**minute (1)**
18:19
**modified (1)**
10:13
**modifying (1)**
9:6
**moment (1)**
8:22
**monetary (1)**
29:3
**Montali (1)**
3:5
**months (1)**
24:11
**mooted (1)**
14:13
**more (10)**
6:19,20;13:12;17:4;
21:8;22:18;24:3;26:10;
27:15;28:20
**Moreover (1)**
9:16
**morning (6)**
3:9,12,14,19;16:15;
23:2
**motion (39)**
5:10;7:9,13,14;8:2,3,
4;9:5,8,10,10,14,15,20;
10:1;11:25;12:22,22;
13:1,6;14:12,15;15:16;
16:12,16,24;17:4,5,7,
21,22;18:12,24;22:1,
12,22;27:1,1;28:11
**motions (3)**
12:21;19:4;27:21
**moved (2)**
4:20;14:6
**multiple (1)**
9:11
**myself (1)**
26:11

**N**

**nature (1)**
6:16
**NCPA (5)**
4:4;6:25;11:21;20:5,
17
**necessary (1)**
16:9
**need (5)**
6:13;9:19;21:25;
22:10;29:4
**needed (2)**
4:15;6:19;22:21
**Neither (2)**
12:21;13:7
**next (1)**
9:3
**ninety (4)**
5:25;6:10,20,23

**None (2)**
18:8;24:20
**Nor (5)**
7:5,6;12:22;13:7,7
**notice (2)**
5:15,17
**notwithstanding (1)**
28:4
**November (1)**
6:24
**number (6)**
5:7;6:14;7:11,12;
9:8;17:1

**O**

**object (4)**
10:17;11:6,7,9
**objected (2)**
6:18;9:16
**objecting (2)**
5:14;11:8
**objection (27)**
5:11,12,14,19;6:1,7,
9,12,15,15,22;8:12,13;
9:9,16;10:8,8,14,16,17,
18,22;11:2,19;13:7;
15:18;16:14
**objections (1)**
5:6
**obligation (4)**
9:22;12:22;13:4;
17:10
**obligations (1)**
12:19
**obviously (1)**
24:12
**October (1)**
6:24
**offered (1)**
12:11
**Office (2)**
3:17,20
**once (1)**
25:24
**one (11)**
4:2;6:13;10:24,25;
13:18;18:7,23;24:4,5;
27:19;28:2
**only (4)**
18:23,25;19:1;20:4
**oOo- (1)**
3:2
**open (1)**
13:16
**opinion (1)**
22:19
**opportunities (1)**
18:6
**opportunity (6)**
15:12,12;16:7,9;
18:7;30:3
**oppose (3)**

16:17,24,25
**opposed (1)**
29:17
**opposing (1)**
25:15
**oral (5)**
6:3;23:3,16;27:22;
30:4
**orally (1)**
18:7
**order (21)**
3:3;4:20;5:10,20,22,
23;6:11;7:9,14;9:6;
10:15;17:3,7;18:2;
21:8;22:7,17;28:15,16,
18;30:16
**original (1)**
18:24
**Otherwise (1)**
12:5
**out (8)**
4:19;5:1;21:24;
24:11;25:21;27:4;28:7,
22
**outside (2)**
8:13;26:3
**over (6)**
4:20;9:25;11:23;
13:16;26:24;27:8
**own (2)**
7:16;26:11

**P**

**page (3)**
22:7;29:7,8
**pages (1)**
9:14
**paid (6)**
7:12,22,25;11:12,17;
18:21
**papers (4)**
13:6;18:11;22:11;
29:18
**paragraph (1)**
5:22
**part (3)**
9:11;12:15;18:14
**participation (3)**
8:6;12:24;25:16,19;
26:1
**particular (1)**
27:23
**particularly (2)**
16:14;27:13
**parties (13)**
7:1;8:11;9:11,19;
12:15,20;14:16;16:3,9;
19:16;20:3,15,17
**parties' (1)**
12:16
**Pascuzzi (42)**
3:8,10,14,15,23,25;

Min-U-Script®

Case: 19-30088   Doc# 12156   Filed: 04/14/22   Entered: 04/14/22 10:36:27   Page 35
of 38

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

(4) language - Pascuzzi

6:4,5,11;15:7;16:12,
22;17:17,19;18:22,24;
19:2,5,7,12,14,22;20:7,
10,13,15,23;21:11,15,
17,19,22;22:6,10;23:6;
27:12;28:15,21;29:6,8,
11;30:18
**past (2)**
4:20;10:6
**Paul (1)**
3:14
**pay (4)**
7:17;9:22;17:10;
23:21
**payment (1)**
13:2
**pending (2)**
14:16;19:24
**perhaps (1)**
29:4
**perpetuates (1)**
28:12
**personal (2)**
26:12,12
**persuaded (1)**
23:12
**petition (2)**
8:5;24:6
**PG&E (21)**
3:6;4:23;6:8,24;
7:10;9:5;10:1;12:14;
13:3,5;16:24;17:3,23;
18:3,11;19:20,22;20:7;
21:1,21;22:17
**PG&E's (9)**
5:10;9:14,20;10:6,7;
12:22;13:6;18:13;
27:23
**phrased (1)**
26:18
**placed (2)**
5:8;14:15
**plan (4)**
7:23;9:6;10:13;18:1
**played (3)**
21:24;25:22;28:7
**pleadings (1)**
19:7
**please (1)**
3:11
**pleasure (2)**
3:23;15:5
**point (8)**
4:17;13:25;21:7;
22:2;23:22;27:25;
29:24,25
**pointed (1)**
4:19
**posit (1)**
6:21
**position (7)**
4:5;6:6,7;13:14;
19:14;21:15;27:13

**post-petition (3)**
7:22;16:6;25:20
**post-termination (3)**
14:14;26:3;29:19
**Power (2)**
4:4;19:17
**prayer (1)**
8:2
**preamble (1)**
8:1
**precipitous (1)**
14:4
**preclude (1)**
7:24
**prepared (2)**
17:15;29:15
**preparing (1)**
23:2
**pre-petition (1)**
27:8
**presence (1)**
22:23
**presented (2)**
23:12;27:5
**preservation (1)**
24:18
**preserve (2)**
6:9;27:13
**presiding (1)**
3:5
**presumably (2)**
21:2,8
**pretend (1)**
14:5
**previous (1)**
9:19
**principal (1)**
7:21
**prior (2)**
4:11;19:19
**probably (1)**
26:17
**problem (2)**
16:11;27:9
**procedural (2)**
16:2,2
**procedure (1)**
8:10
**procedures (1)**
5:22
**proceed (1)**
21:9
**proceeding (19)**
8:9,14,16,20;9:20;
13:8;15:16;16:1,4,8,
15;19:23;20:19;22:20,
23;24:15;25:5;28:3,5
**proceedings (1)**
30:20
**process (4)**
16:2;21:24;27:15;
28:7
**proof (5)**

7:21,24;9:16,17;
10:22
**proof-up (1)**
16:22
**proper (1)**
29:2
**properly (3)**
16:3,8;19:15
**proposed (1)**
5:22
**provide (1)**
12:19
**provisions (1)**
7:23
**public (2)**
7:5,6
**purported (1)**
5:16
**purpose (1)**
12:18
**purposes (3)**
10:8;18;29:14
**put (9)**
6:21;12:22;18:13;
19:8;22:11,14;28:9,15;
30:1

**Q**

**quantification (1)**
23:13
**quickly (1)**
14:6

**R**

**raised (6)**
9:10;14:15;17:12,23;
18:8;26:4
**raising (2)**
11:4;29:17
**reach (1)**
28:24
**read (2)**
15:9;29:1
**reading (3)**
5:19;19:13;29:18
**reads (1)**
23:11
**reason (1)**
23:18
**reasonably (1)**
25:2
**recall (3)**
8:20;10:10;19:8
**recollection (1)**
23:16
**reconsideration (1)**
26:21
**record (4)**
5:20;19:9,10;29:15
**refile (1)**
22:11

**regarding (1)**
9:21
**regardless (4)**
12:23;13:4;17:9,13
**regrets (2)**
30:11,11
**reimburse (1)**
12:23
**reiterating (1)**
22:25
**rejected (1)**
27:17
**relationship (1)**
24:19
**relief (9)**
8:1,2,3,8,12;17:4,6,8;
26:25
**relitigate (1)**
20:17
**remain (1)**
16:7
**remains (1)**
17:13
**remember (1)**
17:1
**removal (15)**
8:7;9:22;12:23;13:2;
14:14;16:6;17:10,23;
18:15;20:17;23:21;
25:22,23;26:3;29:19
**removing (1)**
7:18
**reorganized (3)**
3:13;9:15;10:16
**reply (1)**
10:5
**report (1)**
15:11
**representatives (1)**
27:12
**request (7)**
8:2,4;10:6,7;19:19;
29:16;30:10
**requested (3)**
7:14,14;27:1
**requests (1)**
14:12
**require (4)**
5:3;7:17;10:1;13:2
**required (1)**
28:6
**requirement (2)**
8:11,15
**requires (1)**
8:8
**reserve (1)**
27:25
**reserved (1)**
18:1
**resolve (1)**
9:17
**resolved (3)**
12:17;14:12;27:1

**Resources (5)**
3:15,22;4:4;7:11;9:7
**respect (4)**
10:11;12:7;15:17;
17:9
**respond (3)**
5:16;16:20;26:7
**responding (1)**
26:18
**response (1)**
26:10
**result (1)**
7:4
**resulting (1)**
12:10
**retain (1)**
11:23
**retained (3)**
9:25;26:19,23
**retention (1)**
5:9
**retrospect (1)**
26:17
**reverse (1)**
14:19
**review (1)**
21:20
**reviewed (1)**
20:2
**revisionist (1)**
17:20
**revisit (1)**
30:10
**right (15)**
3:8;10:22;11:5;
14:20;17:9,17,18;18:4;
22:5;23:23,24,24;24:3,
4;28:22
**rights (2)**
24:5;28:25
**Rock (4)**
7:10,15,16,20
**Rule (3)**
8:11;15:18,24
**ruled (1)**
20:20
**rules (5)**
8:9;15:25,25;28:17,
18
**ruling (12)**
4:1,1,14;14:4,9;
20:16,25;21:1;22:7;
26:8;28:24;30:5
**rulings (1)**
4:7
**running (1)**
24:11

**S**

**same (6)**
10:10;12:15;24:17,
17;28:4,10

Case: 19-30088    Doc# 12156    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 36
of 38

**SAN (1)**
3:1
**satisfied (3)**
21:22;27:2,5
**saw (1)**
19:10
**saying (7)**
6:8;20:2,11;25:3;
27:6,7,19
**schedules (4)**
5:7,14;6:18,19
**screen (1)**
3:16
**second (1)**
10:15
**section (1)**
12:4
**seeing (2)**
11:22;30:16
**seek (2)**
20:17;21:21
**seeking (1)**
22:17
**seemed (1)**
23:3
**Seems (2)**
24:7;29:2
**send (7)**
13:17;15:10;23:5,11,
15;27:19;30:9
**sense (1)**
25:17
**sent (1)**
20:1
**separate (1)**
9:20
**serve (1)**
6:1
**served (2)**
21:23,24
**service (2)**
7:3;12:17
**services (4)**
4:2;19:8;20:23;
21:12
**session (1)**
3:4
**sessions (2)**
6:25;7:4
**set (4)**
4:18;9:18,25;27:6
**setting (1)**
6:2
**shall (1)**
12:6
**sharing (1)**
12:19
**show (1)**
16:23
**side (6)**
14:5;16:14;22:17;
23:5;27:19,20
**sides (1)**

**28:7**
**Silicon (2)**
4:4;19:17
**simply (3)**
6:11;13:20;29:3
**situation (1)**
27:16
**skipping (1)**
12:2
**slight (1)**
29:7
**Slow (1)**
18:19
**someone's (1)**
16:21
**somewhere (1)**
19:10
**sorry (3)**
14:22;25:6;26:21
**sort (1)**
27:24
**sought (2)**
11:21;17:4
**span (1)**
27:8
**specifically (1)**
18:2
**speculate (1)**
21:5
**spiteful (1)**
26:13
**spiting (1)**
26:22
**state (5)**
3:10;5:6,21;6:6,15
**stated (3)**
5:14;11:18;13:3
**statement (1)**
5:2
**stating (1)**
9:10
**status (2)**
15:11,12
**stay (1)**
10:12
**stick (2)**
28:14;29:8
**still (3)**
13:11;26:2,4
**story (1)**
22:5
**subject (1)**
15:4
**submissions (1)**
20:3
**substantive (4)**
10:1;11:2,22,24
**successful (1)**
7:4
**sue (1)**
16:3
**sufficient (1)**
5:17

**suggesting (1)**
17:8
**suggestion (1)**
20:25
**suggests (1)**
29:3
**summary (7)**
16:12,16;17:6;22:1,
12,22;28:11
**Sunday (1)**
4:19
**sure (2)**
4:7;9:2
**surmised (1)**
24:6
**surprise (1)**
15:6
**surprised (1)**
26:13
**surviving (1)**
26:3
**SVP (4)**
6:25;11:21;20:5,17
**swept (1)**
27:14

**T**

**table (2)**
17:9;21:21
**talk (1)**
28:18
**talking (1)**
25:18
**technically (1)**
18:20
**Tellingly (1)**
8:4
**tentative (9)**
4:1;9;14:4;17:14;
20:16,25;22:6;28:14;
29:7
**term (1)**
28:4
**terminate (2)**
24:19;25:18
**terminated (7)**
7:16;8:5;12:24;
23:20,21;24:10;26:1
**termination (8)**
7:18;13:3,4;17:10;
18:12,14;25:16;26:4
**terms (5)**
7:16,16;13:8,22;
21:24
**that'll (1)**
4:22
**theory (1)**
15:21
**therefore (5)**
9:12;11:5;13:9;22:3;
24:1
**thinking (1)**

**24:20**
**thorough (1)**
15:4
**thought (4)**
4:21;15:6;16:12;
28:9
**thousands (2)**
27:11,14
**threat (1)**
14:6
**tied (2)**
17:25;18:11
**times (2)**
17:2,3
**today (2)**
29:24;30:2
**together (3)**
7:3;12:17;16:10
**took (4)**
6:5,7;12:2;18:12
**track (1)**
27:11
**transmission (12)**
4:2,12;7:2,18;12:17;
18:20;19:8,20;20:9,21;
21:9,12
**treatment (1)**
10:10
**tribunal (1)**
23:15
**trigger (1)**
29:3
**try (1)**
29:23
**trying (3)**
19:20,23;27:6
**turn (2)**
20:25;30:4
**twelve (1)**
24:11
**two (6)**
12:21;18:6;19:3,3;
27:21;28:22
**type (2)**
8:8;17:6

**U**

**ultimate (1)**
12:22
**under (10)**
4:6,12;7:2,23;8:9;
12:4,5,16;18:1;28:25
**underlying (1)**
22:19
**Understood (1)**
30:13
**unexpired (1)**
5:19
**unfair (1)**
30:3
**unique (1)**
27:15

**up (7)**
4:22,23;5:21;12:10;
17:25;27:6,14
**upon (2)**
10:6;27:8
**usefulness (1)**
22:11
**using (1)**
5:21

**V**

**Valdez's (2)**
10:4;12:13
**Valley (2)**
4:4;19:17
**view (8)**
4:17;16:20;21:7;
22:2;26:12;27:23;
29:21,24
**virtual (1)**
24:25
**virtue (2)**
22:4;28:25

**W**

**wait (1)**
18:19
**waivable (3)**
8:16,17,25
**waived (5)**
12:7;13:21;18:3,4;
29:25
**wall (1)**
24:25
**wants (2)**
14:5,9
**warrant (1)**
10:14
**wasteful (1)**
28:12
**watching (1)**
6:4
**Water (5)**
3:15,21;4:3;7:11;9:7
**way (19)**
5:1;8:13;13:18;14:3;
19:18;21:10,24;23:10;
25:4;26:17;27:5,8,12;
28:3,6,21,22;29:1;30:1
**WEDNESDAY (1)**
3:1
**weeks (1)**
4:20
**what's (3)**
3:23;14:7;15:13
**Whereupon (1)**
30:20
**win (1)**
16:23
**withdrawal (1)**
22:4

Case: 19-30088    Doc# 12156    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 37
of 38

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

**within (2)**
6:10,23
**without (3)**
22:20,22;23:21
**wondering (1)**
26:9
**words (2)**
14:18,18
**work (1)**
15:4
**world (1)**
15:4
**worry (1)**
30:10
**write (1)**
26:8
**writing (1)**
18:6

**1**

**1 (2)**
7:8,14
**10:52 (1)**
30:20
**101 (1)**
24:2
**101,000-dollar (1)**
11:3
**10494 (1)**
10:17
**10th (2)**
10:3,20
**11887 (1)**
7:12
**11896 (1)**
9:8
**11999 (1)**
9:24
**11th (2)**
10:4,20
**12035 (1)**
11:24
**12054 (1)**
12:1
**13 (1)**
3:1
**13.1 (1)**
12:4
**15 (1)**
5:5
**17 (2)**
9:14;11:21
**17th (1)**
10:20
**18 (1)**
9:15

**2**

**2 (1)**
7:16
**20- (1)**

24:7
**2018 (1)**
24:3
**2019 (2)**
24:7,15
**2020 (2)**
5:5;6:24
**2022 (4)**
3:1;7:8;10:4;11:21
**20th (1)**
24:15
**21st (1)**
11:25
**23rd (1)**
10:9
**25th (2)**
10:2;12:2
**2nd (1)**
9:5

**3**

**3 (4)**
7:19;22:7;29:7,8
**3007b (1)**
8:11
**30th (2)**
12:2,3

**4**

**4 (1)**
7:21
**4th (2)**
6:24,24

**5**

**5 (1)**
7:23

**6**

**6 (1)**
7:25
**67D (1)**
5:22

**7**

**70011 (1)**
8:10
**7276 (2)**
5:7;6:14
**78104 (1)**
7:11

**8**

**8 (1)**
10:4
**8053 (1)**
5:21

**8th (1)**
9:23

**9**

**9 (1)**
8:10
**9014 (2)**
15:18,24

Case: 19-30088    Doc# 12156    Filed: 04/14/22    Entered: 04/14/22 10:36:27    Page 38
of 38