1                    UNITED STATES BANKRUPTCY COURT

2                    NORTHERN DISTRICT OF CALIFORNIA

3                              -oOo-

4    In Re:                      ) Case No. 19-30088
                                 ) Chapter 11
5    PG&E CORPORATION AND PACIFIC )
     GAS AND ELECTRIC COMPANY     ) San Francisco, California
6                                 ) Tuesday, April 12, 2022
              Reorganized Debtors. ) 10:00 AM
7    _____ )
                                 REORGANIZED DEBTORS'
8                                OBJECTION TO PROOF OF CLAIM
                                 NO. 58562 FILED BY FULCRUM
9                                CREDIT PARTNERS LLC AS
                                 TRANSFEREE OF TUSCAN RIDGE
10                               ASSOCIATES, LLC FILED BY PG&E
                                 CORPORATION [11288]
11
                                 MOTION FOR RELIEF FROM STAY
12                               FILED BY FULCRUM CREDIT
                                 PARTNERS LLC [11066]
13
                                 CREDITOR TODD GREENBERG'S
14                               MOTION TO AMEND CLAIMS
                                 NUMBERED 77335 AND 76018
15                               FILED BY TODD GREENBERG
                                 [11992]
16
                         TRANSCRIPT OF PROCEEDINGS
17            BEFORE THE HONORABLE DENNIS MONTALI
                    UNITED STATES BANKRUPTCY JUDGE
18
     APPEARANCES (All present by video or telephone):
19   For the Reorganized          JANE KIM, ESQ.
     Debtors:                     THOMAS B. RUPP, ESQ.
20                                Keller Benvenutti Kim LLP
                                  650 California Street
21                                Suite 1900
                                  San Francisco, CA 94108
22                                415-496-6723

23   For the Reorganized          LAURA L. GOODMAN, ESQ.
     Debtors:                     Gough & Hancock LLP
24                                50 California Street, Suite 1500
                                  San Francisco, CA 94111
25                                415-848-8918

(973) 406-2250 | operations@escribers.net | www.escribers.net

```
 1   For the Reorganized       JENNIFER L. DODGE, ESQ.
     Debtors:                  Law Offices of Jennifer L. Dodge
 2                             Inc.
                               2512 Artesia Blvd.
 3                             Suite 300D
                               Redondo Beach, CA 90278
 4                             310-372-3344

 5   For Fulcrum Credit        DIANE C. STANFIELD, ESQ.
     Partners LLC:             Alston & Bird, LLP
 6                             333 S. Hope Street
                               16th Floor
 7                             Los Angeles, CA 90071
                               213-576-1000
 8
     For Tuscan Ridge          JAMIE P. DREHER, ESQ.
 9   Associates, LLC:          Downey Brand LLP
                               621 Capitol Mall
10                             18th Floor
                               Sacramento, CA 95814
11                             916-444-1000

12   For Todd Greenberg:       RICHARD A. LAPPING, ESQ.
                               Trodella & Lapping LLP
13                             540 Pacific Avenue
                               San Francisco, CA 94133
14                             415-399-1015

15

16

17

18   Court Recorder:           LORENA PARADA/ANKEY THOMAS
                               United States Bankruptcy Court
19                             450 Golden Gate Avenue
                               San Francisco, CA 94102
20

21   Transcriber:              HANA COPPERMAN
                               eScribers, LLC
22                             7227 N.  16th Street
                               Suite #207
23                             Phoenix, AZ 85020
                               (973)406-2250
24
     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.
```

PG&E Corporation and Pacific Gas and Electric Company

1    SAN FRANCISCO, CALIFORNIA, TUESDAY, APRIL 12, 2022, 10:00 AM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  Court is now in session, the Honorable

5    Dennis Montali presiding.  Calling the matter of PG&E

6    Corporation.

7            THE COURT:  Okay.  Morning, Mr. Rupp.

8            MR. RUPP:  Good morning, Your Honor.  Thomas Rupp of

9    Keller Benvenutti Kim for the reorganized debtors.

10            THE COURT:  Now, Ms. Parada, you have Ms. Dodge on

11   this phone, right?

12            THE CLERK:  I do not see Ms. Dodge on the attendee

13   list.

14            THE COURT:  Mr. Rupp, what do you know about your

15   opposition (sic) here?

16            MR. RUPP:  Your Honor, I haven't heard anything from

17   Ms. Dodge this morning.  I can email her quickly.

18            THE COURT:  Well, how about Mr. Lapping?

19            THE CLERK:  I'll bring him in now, Your Honor.

20            THE COURT:  Yeah, okay.  Okay.  Mr. Rupp, you can

21   cover it.  I mean, what we're doing is talking about scheduling

22   here, right?

23            MR. RUPP:  I believe so.  I believe so, Your Honor,

24   but since Ms. Dodge is the primary litigation counsel here, I

25   would like her to be available, if she can join us right now.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  Okay.  Mr. Lapping, we'll come to you in a

2   minute.

3          Mr. Rupp, the other alternative is I can -- we have

4   another matter on too.  I can take that, and let you try to

5   track her down.

6          MR. RUPP:  Your Honor, I would prefer that if it's

7   possible.

8          THE COURT:  Okay.

9          MR. RUPP:  And with my apologies to Mr. Lapping.

10          THE COURT:  Mr. Lapping, we're going to have to let

11   you wait a few minutes.  It shouldn't be long.

12          MR. LAPPING:  That's fine, Your Honor.

13          THE COURT:  Okay.  So we'll go with the Fulcrum

14   matter.

15          So I guess, Ms. Parada, we should have Ms. Gough,

16   right?  And I guess it's Mr. Dreher.  Can't keep track of whose

17   in charge of this on what side.

18          Okay.  Ms. Stanfield, are you appearing for Fulcrum?

19          MS. STANFIELD:  Good morning, Your Honor.  Yes.  Diane

20   Stanfield of Alston & Bird for Fulcrum Credit Partners.

21          THE COURT:  Okay.  And Ms. Goodman, are you appearing?

22          MS. GOODMAN:  Yes.  Good morning, Your Honor.  I'm

23   here for PG&E.

24          THE COURT:  So --

25          MS. GOODMAN:  In lieu of Ms. Gough.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1      THE COURT:  I have an awful lot of issues before me,

2  including scheduling.  I have a three-month window, and counsel

3  are tempting me to just, sort of, put it in between.

4      Let me say this.  I appreciate the complexity of the

5  matter, and I don't want to make light of it.  And I did,

6  indeed, go back and review my notes and the discussions we had

7  some months ago.  And I said we would revisit this today,

8  before I issued a formal scheduling order.

9      And sure, we had penciled in a trial of August 1st.

10  Based upon the two different positions that have been

11  expressed, I'm just inclined to move the trial slightly, maybe

12  a month or so.  I understand Fulcrum's concern, but I also

13  think that if I move the trial slightly, then counsel can

14  certainly work out their remaining differences on some of these

15  minor things.

16      The one thing that I'm concerned about, Ms. Stanfield,

17  and I suggest to you, but it's not personal to you, it's the

18  schedule that you gave is a little bit awkward in the sense

19  that if somebody has a dispositive motion, your schedule

20  suggested the motion be set on or before June 15th.  Well, a

21  motion of this complexity, it would be nice to say I could

22  simply issue a ruling on the spot, but that's awful close to

23  the trial, and I like to have, for something of this complex

24  nature, I'd like to have a little bit of a wider spot between

25  the two.  So that's not reason, in and of itself, to delay the

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  trial, but my instincts tell me to put the trial on in

2  September, and let both sides work out the details.

3      Make one other comment.  I don't remember whether we

4  talked about it when we met on December 1st, but at least for

5  now, we are still not scheduling live in-courtroom trials.  So

6  I'm assuming that we're going to be doing this by Zoom, and

7  that has its advantages and disadvantages.  But with this crazy

8  variant popping around, and people with double boosters getting

9  infected, I'm not inclined to open up the courtroom yet.

10      So why don't we say this, and then I'll shut up and

11  let you all speak.  My instincts and inclinations are to put

12  the trial out in the second or so week of September, at least a

13  three-day trial, and issue a scheduling order that will reflect

14  what I hope counsel on both sides can agree on, the steps to

15  get there with deadlines as an accommodation or a compromise of

16  the dates you've discussed, and indeed, have yet another pre-

17  trial conference to see how we're coming along.

18      So with that, Ms. Stanfield, why don't you respond

19  first?

20      MS. STANFIELD:  Thank you, Your Honor.  Well, overall,

21  I think that's probably the rational approach.  You know, six

22  weeks is not going to make the difference in the universe.  Our

23  concern, really, Your Honor, is just that we have a date and

24  that we stick to it this time, that everybody agrees that we

25  need to get this portion of the proceedings done, so that we

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    can move on to the damages phase.  So I think the second week

2    of September is probably a good place to land.

3          In terms of the dispositive motions, we just put in a

4    last date to file, not the date to file.  And so I'm happy to

5    have an earlier one.  We know what our motion is going to look

6    like.  I think the defendants or the parties objecting to the

7    claim, their job is to make this look more complicated,

8    obviously.  I'd be doing the same in their shoes.  Their job is

9    to try to tell you that it's too complicated for a motion for

10   summary judgment, but frankly, we think that it's a fairly

11   straightforward claim.  So whatever date is set for dispositive

12   motions will work for us.

13          THE COURT:  Oh, so I misspoke.  I read your stip, and

14   then I misspoke.  You said file.  Of course, file means would

15   be heard a month after that.  So that's when it's right up

16   against the trial.  And frankly, if you're going to win on

17   summary judgment, you shouldn't be preparing for trial.

18          MS. STANFIELD:  Right.  Right.

19          THE COURT:  Ms. Goodman?

20          MS. GOODMAN:  Hi.  So a couple of issues.

21   Preliminarily is we have several trials scheduled, and that's

22   why we proposed the October 31st date.  There is a trial August

23   16th that's specially set, and then we've got a trial that's

24   probably a four-week trial on September 12th.

25          THE COURT:  Whose we?  Are you talking about you and

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    your colleagues?

2         MS. GOODMAN:  Me and my colleague Gayle.  Yeah.

3         THE COURT:  Okay.

4         MS. GOODMAN:  Who are also handling this.  So that's

5    just a timing issue with the trial dates.  There's another

6    trial set for October 3rd.

7         The problem -- I shouldn't say the problem.  I think

8    we spelled out pretty well in our paper what the issue has

9    been, which is here we are at this point, and we don't have any

10   documents.  It's a very document intensive case.  And I do not

11   wish to argue the merits or all of our defenses, but the truth

12   of the matter is that most of the information necessary for our

13   defense is in the possession of Tuscan Ridge and third-party

14   contractors.  And so we've tried to be diligent with getting

15   subpoenas out.  There's still some issues with that.  We don't

16   know -- I have an idea of who we're going to depose but won't

17   know till we finish the document review, et cetera.

18        So PG&E, like I put in the papers, is glad to do this

19   on an expedited basis, but it's got to be reasonable.  And we

20   put together what we thought was a reasonable schedule, and

21   glad to discuss some of that further, but it's not a case where

22   I can take all the depositions in this case, preparing for

23   other trials and everything else, in two weeks or three weeks.

24        THE COURT:  Well, I mean, and I don't want to get into

25   a discussion about details about privilege logs and --

PG&E Corporation and Pacific Gas and Electric Company

1              MS. GOODMAN:  Right.

2              THE COURT:  -- this and completion of that.  I mean,

3    to me, it's give the trial date and stick with it.  I don't

4    recall, I mean, if you personally have a schedule, and you're

5    the principal trial lawyer, I'll try to accommodate you.  But

6    if you're not the principal trial lawyer, or you don't have a

7    conflict, then we fit it in.

8              I mean, let's switch.  What do you think would be the

9    trial time, whether it's in October or August?  What's the

10   trial time?

11             MS. GOODMAN:  How many days?

12             THE COURT:  Yes.

13             MS. GOODMAN:  Probably four days.

14             THE COURT:  Okay.

15             MS. GOODMAN:  Four to five days.

16             THE COURT:  All right.  So is there a four-day period

17   in September that you can handle?  And you got to give me a

18   straight answer, not tell me how difficult it is.  You got to

19   tell me if you're -- you're the principal trial lawyer, right?

20   Or not?

21             MS. GOODMAN:  I will be.

22             THE COURT:  Yes.

23             MS. GOODMAN:  Gayle and I are the --

24             THE COURT:  You're going to first chair in the trial?

25             MS. GOODMAN:  I will be first or second chair with

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  Gayle Gough.

2          THE COURT:  Okay.  Okay.  So do you know her schedule?

3          MS. GOODMAN:  I do, and I just -- that's what I was

4  telling you about the other trials that we have going on.

5          THE COURT:  Well, again, I say, I can't keep track of

6  all you're doing.  I mean --

7          MS. GOODMAN:  It's fine, Your Honor.  I just don't --

8  I don't see a time to do the trial anytime during September

9  with the September 12th specially set trial.

10         THE COURT:  And how long is that trial set for?

11         MS. GOODMAN:  Four weeks.

12         THE COURT:  Okay.  Well, you know, they make a strong

13  argument for August.

14         MS. GOODMAN:  And I'm not trying to push the schedule.

15  I'm not trying to push it longer than I need to.  We need time

16  to finish our discovery, so that we can get this matter to you

17  and get it decided.

18         THE COURT:  But the stipulation -- or not the

19  stipulation.  Excuse me.  The status conference statement that

20  you filed didn't say anything about conflicting trial.  I mean,

21  again, I try to accommodate --

22         MS. GOODMAN:  It did at the bottom of footnote 4.

23         THE COURT:  Who read footnotes, right?

24         MS. GOODMAN:  Right.  No, I wouldn't have expected

25  that.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net
10 of 45

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  Well, you know, you put your real

2    arguments in your footnote, right?  Good old trial technique.

3    Yes, it is in the footnote.  I agree with you.

4    Well, wait.  You say the October 3rd trial is two to

5    three weeks,  You're telling me the September 12th trial is

6    four weeks?

7    MS. GOODMAN:  That's what we're anticipating.  I mean,

8    obviously we can't start the October 3rd trial till the

9    September 12th trial is over, but that's what -- it's a

10   coordinated case.

11   THE COURT:  Yes, but what if I took the week prior?

12   Again, I understand what you want, but I can't just put this

13   whole thing on hold.  I'm not inclined to do that.

14   If Ms. Stanfield or Tuscan and Fulcrum are responsible

15   for slowing the thing down, because they're not responding to

16   the document request, that's something else again.  Is that

17   what you're saying, or not?

18   MS. GOODMAN:  I'm not going to blame anyone here, but

19   I will say I don't have a document yet.  And we're all the way

20   into this, and I can't do my discovery without at least

21   preliminarily having the documents, reviewing the documents,

22   taking depositions, noticing depositions.  For the PMK

23   depositions, as you know, under the Federal Rules I have to

24   meet and confer with each witness, whether it's a third-party

25   or someone else.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    They've identified twenty-one witnesses in their

2 interrogatory responses.  Five of them are Tuscan Ridge

3 members.  We'll need to take a PMK deposition of Tuscan Ridge.

4 It's much more we need a sufficient amount of time to do the

5 discovery.

6    THE COURT:  Well, it's also April, and so there's half

7 of April and May and June and July and August.  That's a lot of

8 time.  Let me ask Ms. Parada.

9    Ms. Parada, do we have a three-day segment in the week

10 prior to September 12th, the prior week?

11    THE CLERK:  Your Honor, we can do September 6th, 7th,

12 and 8th.

13    THE COURT:  Yeah.  We can juggle Chapter 13.

14    Well, Ms. Goodman, I think I'm going to stick with

15 that.  I understand that's an imposition on you, but I mean, I

16 just -- I don't --

17    MS. GOODMAN:  Okay.  Your Honor, I would like to

18 request that we have a further status conference after we see

19 the documents.  It may be fine.  I mean, there may not be

20 issues.  I just don't know what I don't know yet.  And I --

21    THE COURT:  No, that's fair. --

22    MS. GOODMAN:  -- the documents.

23    THE COURT:  That's fair enough.  But what I'm --

24    MS. GOODMAN:  So --

25    THE COURT:  What I'm inclined to -- prepared to do is

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

          PG&E Corporation and Pacific Gas and Electric Company

1    just -- is to say we'll schedule a three-day trial, and I can

2    always bifurcate and split the trial off.  And again, Zoom

3    offers a lot of flexibility that doesn't exist in the real

4    world.

5          And Ms. Stanfield, are those dates okay for you, or

6    are in a trial somewhere else then?

7          MS. STANFIELD:  No.  We will make those dates work,

8    Your Honor.  This is my priority.

9          THE COURT:  Mr. Dreher, you didn't weigh in.  Did you

10   have a position on this?

11         MR. DREHER:  I do think, Your Honor, because I will be

12   at the counsel table at trial, those dates work for us.  I

13   think, Your Honor, that's a fair compromise.

14         I was just going to say, I mean, a lot of us are

15   double set for trials.  Things change.  Most trials don't go.

16   Some do, some don't.

17         Your Honor's kind of proposed compromise on the

18   proposed schedules is fine with us, and I would just suggest,

19   subject to comment of others, that as far as the actual, kind

20   of, x'd in deadlines, I think we're happy to discuss those with

21   PG&E and kind of work those out, as long as we have a trial

22   date.  So once we have a trial date, we can backstop all that

23   in, and I think we'll all be reasonable in that regard.

24         And then finally, Your Honor, with respect to PG&E's

25   request for a further status conference, of course we don't

PG&E Corporation and Pacific Gas and Electric Company

1   have any objection.

2           UNIDENTIFIED SPEAKER:  Your Honor.

3           THE COURT:  I'm not jammed up these days.  If I didn't

4   have what's still left with PG&E, I don't know what I'd be

5   doing.  Now, my staff will tell you that I'm keeping them all

6   very busy.  But what I'm saying is I have some flexibility.  I

7   do not have a four-week trial lined up like you do.  And I can

8   move these dates if I have to.  But I, in turn, recognize that

9   you might be moving some of your things and your other matters

10  around.  So I think I'll stick with what I went with.  I can't

11  please both sides.

12          But I will move the trial to September 6, 7, and 8.  I

13  will defer a few days to issue an actual trial scheduling

14  order.  I mean, I've, like every other trial judge, I've

15  modified my trial scheduling order to real in the COVID Zoom

16  era.  And I would like you and your opposing counsel to see if

17  you can put your heads together and agree to all the dates that

18  need to get reflected in there, consistent with the two

19  statements you filed.  And if you can't agree, I'll just pick

20  the date.  But I'd rather let you all do that and be flexible.

21          Again, I'm not trying to punish anybody.  But what I

22  do want to do, and my courtroom deputy or judicial assistant

23  will send you a draft trial scheduling order to just give some

24  comments on, but I'll wait a few days.  So what I'm going to do

25  is this.  I'm going to, I mean, I urge principal counsel to

PG&E Corporation and Pacific Gas and Electric Company

1   meet and confer to see if they can come to an agreement on all

2   the dates that are reflected in what we're saying -- what

3   you've set forth in your two respective statements, I will

4   tentatively schedule. Or not tentatively. I will, in fact,

5   set another status conference, just to see where we are,

6   roughly a month from now.

7          So Mr. Rupp, you're there with your mic off. You're

8   the keeper of the PG&E master calendar more than -- as much as

9   my courtroom deputy. When do we have a PG&E calendar a month

10  out?

11         MS. STANFIELD: I believe that would be May 10th, Your

12  Honor.

13         THE COURT: Okay. Why don't I continue -- why don't I

14  then say we'll have another scheduling conference on May 10th

15  at 10 a.m. via Zoom to talk about what we're doing, but

16  hopefully we'll have these dates pinned down, and I'll have

17  issued a trial scheduling order by then.

18         Okay? Everybody can live with that?

19         MS. GOODMAN: Yes, Your Honor. There's only one last

20  request. Is it possible to provide you with our proposed

21  schedule, and see if we can work it out, and if there's issues,

22  to address them at the upcoming status conference? I just

23  don't see -- enough time is my problem. I'm glad to look at

24  everything again. But I looked at these dates, and it's okay.

25  Thirty dates from this, fifteen days, and it doesn't back out

PG&E Corporation and Pacific Gas and Electric Company

1    so that it works.  I will do whatever I can to try to get

2    everything more compressed, but it also has to be realistic.

3           THE COURT:  Well, I mean, I'll answer your question by

4    saying you, without my involvement, and both sides filed

5    statements that had a three-month gap, and all I had to do is

6    close the gap, and I closed the gap slightly on the Fulcrum

7    side in terms of timing for the trial, and to the extent that

8    counsel can't agree on all the other deadlines, I guess I'll

9    just use my Solomon-like judgment and fill in the gaps, if

10   necessary.

11          But you are all experienced lawyers.  You know how to

12   do it better than I do, so let's hope you can.  But I will just

13   check in with both sides on the 10th to see if we're on track,

14   and if there's anything that I have to decide, I'll use the

15   same approach I did today and decide it.

16          MS. GOODMAN:  Okay.  Thank you for your time.

17          THE COURT:  Thank you all for your time.

18          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

19          THE COURT:  Happy Easter or whatever you're

20   celebrating.

21          MS. GOODMAN:  Yes.

22          THE COURT:  Thank you very much.

23          Okay.  Ms. Kim, are you up for this?

24          MS. KIM:  No.  I was actually, Your Honor, I'm up for

25   the -- or attending for the Tuscan Ridge portion.  I think Mr.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    Rupp and I are supposed to switch for this portion of it.

2          THE COURT:  Well, Ms. Dodge just joined us, I think,

3    and Mr. Lapping, so let's get Mr. Rupp back.

4          And Ms. Kim, you're welcome to stay or you can sign

5    off.

6          MS. KIM:  Thank you, Your Honor.

7          THE COURT:  Okay.  Ms. Dodge, would you state your

8    appearance, please?

9          MS. DODGE:  Yes.  Jennifer Dodge on behalf of the

10   reorganized debtors.

11         THE COURT:  Okay.

12         MS. DODGE:  I'm trying to start my video, having

13   issues.

14         THE COURT:  I don't know if Mr. --

15         MS. DODGE:  All right.  I --

16         THE COURT:  Okay.  Maybe Mr. Rupp isn't coming back

17   in.

18         Okay.  Mr. Lapping, you were patient.  Can you turn

19   your mic on?  Okay.  Just state your appearance.

20         MR. LAPPING:  Yes.  Good morning, Your Honor.  Richard

21   Lapping for Todd Greenberg.

22         THE COURT:  So here's the question I have for you, Ms.

23   Dodge.  Why does there have to be a big timeout while you file

24   your motion to modify the plan?  Why can't there just be a

25   stipulation that the matter goes forward?  I mean, this doesn't

                    PG&E Corporation and Pacific Gas and Electric Company

1    implicate the rest of the PG&E bankruptcy.  It seems like a

2    waste of time to file a motion to do what you want to do.

3                    MS. DODGE:  Is Mr. Rupp coming back on, because my

4    understanding is we were both going to participate in the

5    hearing.  And I apologize for earlier, Your Honor.  I was

6    having technical issues --

7                    THE COURT:  That's all right.

8                    MS. DODGE:  -- getting on for the hearing.

9                    THE COURT:  Well, Ms. Kim, can you pinch hit here, if

10   we can't?

11                   MS. KIM:  Sure.  I'll do that.  I think Mr. Rupp had

12   connection issues that he is trying to fix, so --

13                   But Your Honor, and maybe I'm not understanding the

14   question.  Is it that why do things have to stop while our

15   motion to modify the plan injunction goes forward?

16                   THE COURT:  Well, the question is --

17                   MS. KIM:  Or is it --

18                   THE COURT:  The question is why do you have to have a

19   motion to modify the plan injunction?  Why can't PG&E and Mr.

20   Greenberg just stipulate that notwithstanding whatever the plan

21   says, this matter can proceed.  I mean --

22                   MS. KIM:  Your Honor, we would have loved to have

23   stipulated with Mr. Lapping and with Mr. Greenberg, but Mr.

24   Greenberg would not permit -- would not agree to allow us to be

25   part of that state court hearing in Marin.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  No, I understand that.  But my point is

2   that -- and maybe the state court judge will say you can't --

3   but why does it have to implicate the bankruptcy case?  In

4   other words, this, again, is one of those cases, one of these

5   disputes that has nothing to do with the fires that drove PG&E

6   in bankruptcy.  So if there were no bankruptcy case, there

7   would be this litigation, and the matter would play itself out.

8          So we're now two-and-a-half years after the

9   bankruptcy, and a year-and-a-half after the plan got confirmed.

10  Why does it -- why can't there just be -- why do I, wearing my

11  bankruptcy judge presiding over the main case hat, have to

12  waste my time to set the stage for a place for Mr. Greenberg to

13  iron out his differences with PG&E.

14         Mr. Lapping, can you explain why?

15         MS. DODGE:  Well, I'd like -- and I'm sorry.  I don't

16  mean to jump in, but I just wanted to explain that I spoke

17  briefly with Mr. Lapping over the weekend, Your Honor, and the

18  reason that we -- we were not aware of the state court action

19  until right before the last hearing we had --

20         THE COURT:  Right.  That's right.

21         MS. DODGE:  -- weeks ago.

22         THE COURT:  I understand.

23         MS. DODGE:  And that state court action, the

24  defendants are four contractors.  I'm not sure who the one is.

25  I don't know if he's a contractor --

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  It doesn't matter.  I saw their names.

2    MS. DODGE:  Right.  But basically the allegations, and

3  we attached the complaint as an exhibit to our status

4  conference statement yesterday.  I'm not sure if you had a

5  chance to look at that or not.

6    THE COURT:  I did.  I did.

7    MS. DODGE:  But basically, the allegations in that

8  state court complaint are identical to the allegations against

9  PG&E in the --

10    THE COURT:  No.  Ms. Dodge, let me cut you off.  I

11  know that.  I got it.

12    MS. DODGE:  Right.  So it just --

13    THE COURT:  My question is, if there were no

14  bankruptcy, PG&E would move to intervene, and then the state

15  court would grant or deny it.

16    MS. DODGE:  Right.  Right.  And that's what -- what

17  we'd like to do is we'd like to have everybody present and have

18  one forum.

19    THE COURT:  I got it.

20    MS. DODGE:  Right.

21    THE COURT:  I got it.

22    MS. DODGE:  Okay.

23    THE COURT:  So why not just --

24    MS. DODGE:  So I'm not understanding the question.

25    THE COURT:  Okay.  Mr. Lapping, are you going to hang

PG&E Corporation and Pacific Gas and Electric Company

1   up here?  Are you -- is your call --

2          MR. LAPPING:  Yes, Your Honor.  I'm sure, with the

3   hang up -- basically, my view of it is we have a proof of claim

4   that we filed, and we have a process underway with a trial

5   date, which may slip a little bit, but we're not inclined to

6   give up our speedy trial here in bankruptcy just because

7   there's another state court action that PG&E is interested in

8   defending or --

9          THE COURT:  Well, the reason why they're interested in

10  defending it is because your client brought it, and it

11  implicates the very same property and the very same location

12  for all three of the disputes, and two of which are framed in

13  these claim objections, so.  And as I recall, these events

14  happened only six years ago, right?  At least --

15         MS. DODGE:  Not quite that long ago.  I think it's

16  about --

17         THE COURT:  Okay.

18         MS. DODGE:  -- four years.  But I mean, the one --

19         THE COURT:  So --

20         MS. DODGE:  -- one claim that is not implicated in the

21  state court proceeding is the refrigerator claim.

22         THE COURT:  No, I understand.

23         MS. DODGE:  And we would --

24         THE COURT:  I understand.

25         MS. DODGE:  Right.  And we would be willing to, you

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    know, I guess, we'd like -- we'd prefer that everything be held

2    in abeyance until a decision's made on our motion to modify the

3    plan injunction to try to get those other two --

4              THE COURT:  No.  Ms. Dodge.  Ms. Dodge, I'm trying to

5    cut you off.  I'm trying to cut you off.  I can modify the plan

6    injunction during this hearing.

7              The injunction is modified.  No, seriously, this is

8    just -- talk about getting bogged down on something that has

9    nothing to do with the merits.  It seems to me that the

10   superior court --

11             I mean, Mr. Greenberg, yes, he filed three proofs of

12   claim, and there was no litigation elsewhere, and PG&E has

13   defended those three proofs of claim.  Mr. Greenberg has then

14   chosen to sue some other people in connection with the very

15   same events that are the locus of two of those proofs of claim.

16   So there's no judicial efficiency in making PG&E defend against

17   Mr. Greenberg here on two of those claims and at the same time

18   be brought in as a third-party defendant or someone for whom

19   the contractors will undoubtedly seek indemnity in another

20   court.  And that is the height of inefficiency.

21             So one thing to do would be to say take Mr. Greenberg

22   and his two claims, and they can fight it out in the superior

23   court.  Now, I understand that's an imposition on Mr.

24   Greenberg, but he's the one that brought the suit.  (Audio

25   interference) on PG&E to fight two suits in two different

PG&E Corporation and Pacific Gas and Electric Company

1    courts on one set of facts.  So I'm prepared, if I have to, to

2    have the case about the refrigerator.

3            And Ms. Dodge, I don't quite understand why you want

4    to defer the refrigerator fight while these other fights get

5    worked out, but that's a --

6            MS. DODGE:  Right.  What I was starting to say is that

7    with regard to the refrigerator claim, because it has nothing

8    to do with the state court action, we're willing to go forward

9    on that claim on the date that we have set.  I mean, it's June

10   27th to 28th.  It's not going to take two days.  It would take,

11   at most, one day.  And if we want to go forward on that on that

12   date, then that's fine with PG&E.  But would you --

13           THE COURT:  Mr. Lapping, why is he fishing?  Why is it

14   a good thing for your client to fight the battle in two

15   different courts, when you know darn well that PG&E is

16   implicated, unless Mr. Greenberg would like to indemnify PG&E

17   and say they don't have to join us in court, because he'll

18   indemnify them for any claims that otherwise be asserted

19   against PG&E, which I don't think would be in your client's

20   best interests.

21           MS. DODGE:  I like that idea.

22           MR. LAPPING:  Your Honor, what I would think would be

23   one option here is for Mr. Greenberg to move the state court to

24   stay that action until we resolve this one, this proof of

25   claim, and that may make the state court action superfluous or

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    not, but they don't need to be going simultaneously.

2        We can proceed in this court with the current schedule

3    or a modification of it, and then leave the activity in the

4    state court to simply on hold until this aspect is resolved,

5    and then that will inform the parties as to whether or not it

6    makes sense to go forward any further in the state court.

7        THE COURT:  That seems equally inefficient, because

8    PG&E might want to have a claim over against the parties that

9    they believe -- PG&E believes have caused the problem.  So

10    again, if Mr. Greenberg would like to indemnify PG&E and hold

11    them harmless, that's fine.

12        But think about it.  Come on.  This is a construction

13    thing, a tree removal problem.  You know darn well that

14    everybody sues everybody.  And what you're saying is, well, let

15    me see if I can win from PG&E.  Maybe I won't bother suing the

16    other people.  Well, PG&E might bother suing the other people.

17    So it's equally efficient for me to simply abstain from this

18    dispute and say go fight it out in the state court on these.

19        MS. DODGE:  Now, the other issue, Your Honor, is that

20    Mr. Greenberg has different counsel in the state court action

21    than he does in the bankruptcy action, and I don't know the

22    extent to which Mr. Lapping has coordinated with them or spoken

23    with them about this issue.

24        THE COURT:  Well, I understand.  And Mr. Lapping is a

25    bankruptcy expert and an experienced one, and I'm not going to

PG&E Corporation and Pacific Gas and Electric Company

1    criticize his fellow other counsel.  I'm just saying that from

2    a 35,000 foot point of view, it is inefficient to implicate two

3    judicial officers, two court systems, four sets of lawyers, for

4    the same dispute.

5         It's all about one tree and one driveway thing.  It's

6    too bad I can't blame somebody on the refrigeration problem and

7    send that somewhere too.  But let's go back to the bankruptcy

8    question.  And this, whether Ms. Kim or Mr. Ruff wants to

9    answer this, to waste time with a motion to modify the plan so

10   PG&E can defend a claim in the state court is a complete waste

11   of time.

12        So Ms. Kim, why don't I just issue an order that says

13   that Mr. Greenberg and PG&E don't have to worry about the

14   automatic stay while they iron out all of their differences in

15   connection with these two disputes?

16        MS. KIM:  Your Honor, in keeping with the theme of

17   these past few minutes, I think that would be efficient, and I

18   don't believe that we'd have any issue with that, and then be

19   able to proceed on the refrigerator claim on the schedule that

20   it is right now.  That seems to me -- we had thought we would

21   have to -- because we were not going to be able to stipulate

22   with Mr. Lapping -- that we'd have to bring a motion to get

23   that relief.  But if Your Honor is inclined to abstain and

24   modify the plan injunction so we can intervene in the other

25   action, that would be great.

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT: Well, I don't want to sandbag Mr. Lapping

2    in the course of the hearing that he's been waiting and then

3    say here, I'm going to do all these things, without giving him

4    a chance to reflect on it.

5    But Mr. Lapping, from the efficiency point of view it

6    just makes no sense. So maybe you need to talk to your client

7    and have a come-to-Jesus meeting with him on the subject, and

8    we can schedule the refrigeration trial then. So what do you

9    suggest? Mr. Lapping, what's your suggestion?

10    MR. LAPPING: I would like a chance to confer with my

11    client and his counsel in state court. I think that the

12    problem that he perceived was that there were potential

13    statutes of limitations that could have expired and needed to

14    be addressed by filing the action. I don't think he wants to

15    get in state court and have a lengthy delay, but if that's what

16    has to happen, then that's what has to happen.

17    THE COURT: Well, first of all, I'm not --

18    MR. LAPPING: But I don't think --

19    THE COURT: I'm not faulting him for protecting his

20    statute of limitations against third parties, and if there were

21    a way to insulate PG&E from the ramifications of what happens,

22    that's fine, but there is no way to do that. And so when Mr.

23    Greenberg chooses to sue one company in one forum and other

24    people in another forum over the same operative facts, to me

25    the result is -- it cries out for judicial efficiency, so --

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  and there's no way to bring the third-party defendants into the

2  bankruptcy court.

3          MR. LAPPING:  Well, it has always been the case that

4  the way this claim was alleged, that there were these

5  subcontractors involved in the case, and at all times PG&E had

6  the ability, if it becomes liable to Mr. Greenberg, to bring a

7  contribution or other claim against these parties.  The statute

8  only begins to run once the claim has been adjudicated here.

9  And so it has always been the case that PG&E could, down the

10  road, sue Teichert and whoever and blame them for any judgment

11  or amount that they have to pay.

12          And I would say it equally makes sense to just stay

13  the state court and get to this conclusion, and if it turns out

14  PG&E has no liability, then it's simply the state court action

15  will be revved up, I suppose, but PG&E won't be in it.

16          THE COURT:  Well, you say it won't be in it, but how

17  do you know it won't be in it?  I mean, you're saying that and

18  he could have brought these other people in.  Well, Mr.

19  Greenberg could have sued those other people earlier, too.

20  Again, I'm not faulting him, but I'm not here to fault PG&E.

21  PG&E had no need to bring those other people in, because

22  Greenberg didn't sue them, right?  Mr. Greenberg could have

23  gone and sued and sought relief from stay or something, and the

24  stay isn't implicated here.

25          So again, let me put it this way, Mr. Lapping.  If you

PG&E Corporation and Pacific Gas and Electric Company

1   think PG&E could have simplified this, the answer is so could

2   Mr. Greenberg.  He could have sued those other defendants four

3   years ago.  And he didn't.  And he's not to be blamed for it,

4   and I'm not blaming him for it.  But I'm not going to make him

5   or PG&E try twice what should be tried once.  And because it

6   can't be tried in this court as against those third parties,

7   the option is the alternative.  It's that simple.

8           So look.  Mr. Lapping, I'm tentatively going to tell

9   Ms. Kim to upload an order that modifies the stay so that the

10  Greenberg/PG&E dispute that is reflected in the state court

11  litigation can go forward.  I'm going to give you a week to

12  reflect on it and be heard.  If you think it's inappropriate,

13  or you and your client and your cocounsel have an opportunity

14  to think about it, because I'm not going to just ignore a

15  bankruptcy procedure, but I'm not going to insist on following

16  that procedure when it doesn't serve any useful purpose.

17          So you have until April 20th to just notify me through

18  something, and file just a simple objection to the way we want

19  to proceed, and if there's no objection by the 20th, I will ask

20  Ms. Kim or Mr. Rupp to submit an agreed order, so that the

21  state court can get the clear signal that it can adjudicate all

22  the matters that are before it in whatever forum that it shows

23  up.

24          And meanwhile, I will go ahead and schedule the trial

25  on the refrigeration issue, although, again, that's a discrete

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   matter.

2           MR. LAPPING:  Your Honor, is it your ruling that

3   you're going to abstain from the other two claims?

4           THE COURT:  Well, I hadn't really thought about it.  I

5   mean, as I say, remember, two weeks ago Ms. Dodge said, I just

6   learned about this.  We'd like to have time.  I said, okay, so

7   we put the hearing over to today.

8           So in the last couple of days before today's hearing,

9   I learned your client's position and the company's position.

10  And then I heard about this other motion.  I mean, these are

11  fast moving sets of events.  So the abstention was just the way

12  I was thinking about it.  I'm not trying to think things

13  through all at once.  I'm trying to think of a practical

14  solution.  But practically speaking, I guess that's it.

15          I have the authority, when I'm presented with two of

16  these claims that are framed up and at issue, I have the

17  authority to abstain because of a reason that I'm stating, and

18  the reason I'm stating is it doesn't promote judicial

19  efficiency, and it doubles the transaction or the litigation

20  costs for at least PG&E, and actually, probably, for Mr.

21  Greenberg also.

22          But I'm not -- so that's the thinking of it.  Yes, I

23  guess that's a long way of saying that seems like the proper

24  legal solution is to use my discretion to abstain, because

25  there is a more efficient way to adjudicate the rights of the

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    parties relating to these two disputes.

2              MR. LAPPING:  Your Honor, I assume that's conditional

3    on PG&E actually intervening successfully in the state court

4    action, because, obviously, if they don't, I mean, I don't want

5    to be in a position where they don't do anything, and I don't

6    have my claim anymore.

7              THE COURT:  Well, if I grant -- and of course not.

8    And if I grant relief from stay, I assume that you'll proceed

9    in the state court, and if Ms. Dodge never shows up, you should

10   go ahead and prosecute that case and whatever.  If PG&E moves

11   to intervene, and you oppose them, well, don't come back and

12   ask for help from me.  I know that -- that would --

13             MR. LAPPING:  I take your hint, Your Honor.

14             THE COURT:  No, but Mr. Lapping I'm not trying to play

15   games with your client either.  If the state court says I'm

16   going to abstain, I won't hear this case, then Mr. Greenberg

17   should have access to this forum.  I don't know how that would

18   come to be.  I haven't thought about it.  But no, I am not

19   locking Mr. Greenberg out of the bankruptcy court on two of his

20   claims if he makes a good faith attempt to adjudicate his

21   rights in the other court.  So this is another way of saying to

22   Ms. Dodge, make sure you get on with it in that state court

23   action, and if you don't, then you're going to be defending Mr.

24   Greenberg right here.

25             MR. LAPPING:  So I take it, Your Honor, the order you

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  issue would also allow us to amend the complaint in state court

2  to add PG&E, I guess.

3          THE COURT:  Well, I don't, I mean, I just declared

4  that the stay isn't implicated.  In other words, you and Ms.

5  Kim or Mr. Rupp work out the language, and the language, in

6  layperson's terms, is the PG&E bankruptcy doesn't stand in the

7  way of Mr. Greenberg asserting his claims against PG&E on these

8  issues, nor PG&E's defenses.

9          MS. DODGE:  Your Honor, would the --

10         THE COURT:  And I also -- but I previously, at the

11 last hearing, I -- you can amend your claims, right?

12         MR. LAPPING:  Well, we wanted to amend both the

13 refrigerator claim and the one involving the concrete patio and

14 such.

15         THE COURT:  Right.  But my ruling was to allow you to

16 amend them, so you should amend the claim on the refrigeration,

17 and that will be at issue in this court.  Now, if he goes off

18 and sues the refrigerator company tomorrow in superior court,

19 the standby --

20         MR. LAPPING:  Your Honor, I will upload an order on

21 the refrigerator claim, on the amendment.

22         THE COURT:  So let's review the bidding for Ms. Dodge

23 and Ms. Kim.

24         I have given Mr. Lapping until April 20th to scream if

25 he believes that somehow I shouldn't be issuing an order that

PG&E Corporation and Pacific Gas and Electric Company

1    abstains on the prosecution of Mr. Greenberg's two claims, the

2    number which we're calling the tree and the driveway, and just

3    putting the matter on hold so the state court can adjudicate

4    the rights of the party.  If somehow the state court doesn't

5    adjudicate it, Mr. Greenberg has a right to prosecute his

6    claims, those two claims, in this court.

7         I look to you all to draft it in a way so it's clear,

8    and most of all, clear to the superior court judge to

9    adjudicate the issues presented without regard to PG&E's

10   bankruptcy.  Put in layman's terms, there is no stay

11   implication by virtue of the petition, the confirmation of the

12   order, et cetera, et cetera.

13        Separately, I'll issue an order that allows Mr.

14   Greenberg to amend his refrigerator claim, consistent with what

15   we talked about before.

16        And I'll now discuss with Ms. Dodge and Mr. Lapping

17   when we're going to have that trial.

18        Okay?  We all clear?

19        MR. LAPPING:  Yes, Your Honor.

20        MS. KIM:  Yes, Your Honor.  Just to make sure, we'll,

21   on the PG&E side, draft up the proposed order on the permissive

22   abstention, basically, on the two claims and share it with Mr.

23   Lapping for review.  And I'd ask that we have the opportunity

24   to see the proposed order on the amendment to the refrigerator

25   claim from Mr. Lapping before he uploads that as well.

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  Sure.  Then Ms. Kim, let Mr. Lapping talk

2  to his clients, and if he --

3    MS. KIM:  Of course.

4    THE COURT:  -- gets back to you in the next week and

5  says okay, we'll go with what that crazy Judge Montali said,

6  then draft the order accordingly.  And if he says no, we want

7  to be heard, then obviously we'll have to defer.

8    Okay.  Ms. Dodge, let's get back to you.  When do you

9  want to -- what should we -- what do you want me to do to

10  defend the stinking refrigerator claim -- the stinky stuff in

11  the refrigerator?

12    MS. DODGE:  I think, as I said, we have the date set

13  right now for June 27th to 28th, but I believe it would only

14  take a day or less than a day to try that.

15    THE COURT:  Okay.

16    MS. DODGE:  And we're prepared to go forward on June

17  27th if Mr. Lapping is agreeable to that, because the only

18  difference in the amendment of that particular claim was an

19  increase in the amount of rent that he's --

20    THE COURT:  Right. That's right.

21    MS. DODGE:  And there was no substantive amendment

22  with regard to the basis of the claim or new theories of

23  liability.

24    THE COURT:  Okay.  Mr. Lapping, are you ready to go on

25  the refrigeration claim?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1           MR. LAPPING:  Yes, Your Honor.

2           THE COURT:  Okay.  So go ahead and upload the order

3 that authorized you to amend that claim, consistent with what

4 we said before.  And I've already issued a trial scheduling

5 order, right?

6           MR. LAPPING:  Yes.

7           THE COURT:  And if you don't settle this case, we'll

8 see you on June 27th on the --

9           MS. KIM:  Your Honor, I just --

10           MR. LAPPING:  I will share the order with counsel for

11 PG&E before I upload it.

12           THE COURT:  Okay.

13           MS. KIM:  Thank you.

14           MS. DODGE:  I have another question.  We don't need to

15 amend the current scheduling order to specify that it only is

16 with regard to the refrigerator claim, or should we wait on

17 that and just assume that it is in play for that claim at this

18 time?

19           THE COURT:  No, it's just the refrigerator.  I mean, I

20 don't -- so we've had this colloquy on the record, and I didn't

21 go back and review my order.  But let me put it this way.  If

22 Mr. Lapping shows up with the tree experts and the (audio

23 interference) experts, he's going to be sent back.

24           MS. DODGE:  Okay.  Thank you.

25           THE COURT:  Okay.  Ms. Kim, you had a question?

PG&E Corporation and Pacific Gas and Electric Company

1    MS. KIM:  Oh, I was just going to note that, of

2    course, this all, sort of, the scheduling order and the

3    refrigerator claim, as Your Honor's comments just made clear,

4    are all under the assumption that we're actually not going to

5    have the tree claim in front of you and that we're going to be

6    able to upload an order having you -- you have seen, of course,

7    if it turns out that that ends up being something that we have

8    to fight about in front of Your Honor, then we're, sort of --

9    that was actually -- that was the genesis of us trying to put a

10   hold on the scheduling order, because we didn't know whether

11   the tree claim, the other claim, were going to be here or in

12   the state court.

13    THE COURT:  Well, I think you can rest assured, unless

14   Mr. Lapping comes up with some magic white rabbit out of the

15   hat -- what metaphor you want -- that the two non-refrigeration

16   claims by Mr. Greenberg are just going to go.  If I can pick a

17   metaphor, they're on the back burner or on top of the back --

18   behind the refrigerator .  And I'm going to be issuing an order

19   consistent with our comments that has that dispute played out

20   in the superior court?

21    And if, for some reason, the superior court refuses to

22   adjudicate what we'll call the Greenberg versus PG&E aspects of

23   the case, then this court is still available to adjudicate Mr.

24   Greenberg's claims on those two disputes, okay?  I hope that's

25   clear.

PG&E Corporation and Pacific Gas and Electric Company

1        MS. KIM:  Yes.  Thank you, Your Honor.

2        MR. LAPPING:  Yes.  Your Honor.

3        THE COURT:  Okay.

4        MS. KIM:  Yes, Your Honor.

5        THE COURT:  Thank you for your time.

6        And Mr. Lapping, there's no rule that says you can't

7   settle the refrigeration claim before June 27th.

8        MR. LAPPING:  Thank you, Your Honor.  We'll think

9   about that.  Definitely.

10       THE COURT:  Okay.  Thank you all for your time.

11       MS. KIM:  Thank you.

12       MR. LAPPING:  Thank you, Your Honor.

13       MS. KIM:  Thank you.

14       THE COURT:  Bye.

15       (Whereupon these proceedings were concluded at 10:49 AM)

16

17

18

19

20

21

22

23

24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

C E R T I F I C A T I O N

I, Hana Copperman, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

/s/ HANA COPPERMAN, CET-487

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date:  April 13, 2022

(973) 406-2250 | operations@escribers.net | www.escribers.net

## A

**abeyance (1)**
22:2
**ability (1)**
27:6
**able (3)**
25:19,21;35:6
**abstain (6)**
24:17;25:23;29:3,
17,24;30:16
**abstains (1)**
32:1
**abstention (2)**
29:11;32:22
**access (1)**
30:17
**accommodate (2)**
9:5;10:21
**accommodation (1)**
6:15
**accordingly (1)**
33:6
**action (13)**
19:18,23;21:7;23:8,
24,25;24:20,21;
25:25;26:14;27:14;
30:4,23
**activity (1)**
24:3
**actual (2)**
13:19;14:13
**actually (5)**
16:24;29:20;30:3;
35:4,9
**add (1)**
31:2
**address (1)**
15:22
**addressed (1)**
26:14
**adjudicate (8)**
28:21;29:25;30:20;
32:3,5,9;35:22,23
**adjudicated (1)**
27:8
**advantages (1)**
6:7
**again (12)**
10:5,21;11:12,16;
13:2;14:21;15:24;
19:4;24:10;27:20,25;
28:25
**against (9)**
7:16;20:8;22:16;
23:19;24:8;26:20;
27:7;28:6;31:7
**ago (6)**
5:7;19:21;21:14,15;
28:3;29:5
**agree (6)**
6:14;11:3;14:17,19;

16:8;18:24
**agreeable (1)**
33:17
**agreed (1)**
28:20
**agreement (1)**
15:1
**agrees (1)**
6:24
**ahead (3)**
28:24;30:10;34:2
**allegations (3)**
20:2,7,8
**alleged (1)**
27:4
**allow (3)**
18:24;31:1,15
**allows (1)**
32:13
**along (1)**
6:17
**Alston (1)**
4:20
**alternative (2)**
4:3;28:7
**although (1)**
28:25
**always (3)**
13:2;27:3,9
**amend (8)**
31:1,11,12,16,16;
32:14;34:3,15
**amendment (4)**
31:21;32:24;33:18,
21
**amount (3)**
12:4;27:11;33:19
**anticipating (1)**
11:7
**anymore (1)**
30:6
**apologies (1)**
4:9
**apologize (1)**
18:5
**appearance (2)**
17:8,19
**appearing (2)**
4:18,21
**appreciate (1)**
5:4
**approach (2)**
6:21;16:15
**APRIL (5)**
3:1;12:6,7;28:17;
31:24
**argue (1)**
8:11
**argument (1)**
10:13
**arguments (1)**
11:2
**around (2)**

6:8;14:10
**aspect (1)**
24:4
**aspects (1)**
35:22
**asserted (1)**
23:18
**asserting (1)**
31:7
**assistant (1)**
14:22
**assume (3)**
30:2,8;34:17
**assuming (1)**
6:6
**assumption (1)**
35:4
**assured (1)**
35:13
**attached (1)**
20:3
**attempt (1)**
30:20
**attendee (1)**
3:12
**attending (1)**
16:25
**Audio (3)**
22:24;34:22
**August (5)**
5:9;7:22;9:9;10:13;
12:7
**authority (2)**
29:15,17
**authorized (1)**
34:3
**automatic (1)**
25:14
**available (2)**
3:25;35:23
**aware (1)**
19:18
**awful (2)**
5:1,22
**awkward (1)**
5:18

## B

**back (13)**
5:6;15:25;17:3,16;
18:3;25:7;30:11;33:4,
8;34:21,23;35:17,17
**backstop (1)**
13:22
**bad (1)**
25:6
**bankruptcy (16)**
18:1;19:3,6,6,9,11;
20:14;21:6;24:21,25;
25:7;27:2;28:15;
30:19;31:6;32:10
**Based (1)**

5:10
**basically (4)**
20:2,7;21:3;32:22
**basis (2)**
8:19;33:22
**battle (1)**
23:14
**becomes (1)**
27:6
**begins (1)**
27:8
**behalf (1)**
17:9
**behind (1)**
35:18
**believes (2)**
24:9;31:25
**Benvenutti (1)**
3:9
**best (1)**
23:20
**better (1)**
16:12
**bidding (1)**
31:22
**bifurcate (1)**
13:2
**big (1)**
17:23
**Bird (1)**
4:20
**bit (3)**
5:18,24;21:5
**blame (3)**
11:18;25:6;27:10
**blamed (1)**
28:3
**blaming (1)**
28:4
**bogged (1)**
22:8
**boosters (1)**
6:8
**both (7)**
6:2,14;14:11;16:4,
13;18:4;31:12
**bother (2)**
24:15,16
**bottom (1)**
10:22
**briefly (1)**
19:17
**bring (5)**
3:19;25:22;27:1,6,
21
**brought (4)**
21:10;22:18,24;
27:18
**burner (1)**
35:17
**busy (1)**
14:6
**Bye (1)**

36:14

## C

**calendar (2)**
15:8,9
**CALIFORNIA (1)**
3:1
**Call (3)**
3:3;21:1;35:22
**Calling (2)**
3:5;32:2
**can (41)**
3:17,20,25;4:3,4;
5:13;6:14;7:1;8:22;
9:17;10:16;12:11,13;
13:1,22;14:7,17;15:1,
18,21;16:1,12;17:4,
18;18:9,21;19:14;
22:5,22;24:2,15;
25:10,24;26:8;28:11,
21,21;31:11;32:3;
35:13,16
**case (15)**
8:10,21,22;11:10;
19:3,6,11;23:2;27:3,5,
9;30:10,16;34:7;
35:23
**cases (1)**
19:4
**caused (1)**
24:9
**celebrating (1)**
16:20
**certainly (1)**
5:14
**cetera (3)**
8:17;32:12,12
**chair (2)**
9:24,25
**chance (3)**
20:5;26:4,10
**change (1)**
13:15
**Chapter (1)**
12:13
**charge (1)**
4:17
**check (1)**
16:13
**chooses (1)**
26:23
**chosen (1)**
22:14
**claim (36)**
7:7,11;21:3,13,20,
21;22:12,13,15;23:7,
9,25;24:8;25:10,19;
27:4,7,8;30:6;31:13,
16,21;32:14,25;33:10,
18,22,25;34:3,16,17;
35:3,5,11,11;36:7
**claims (14)**

Case: 19-30088    Doc# 12157    Filed: 04/04/22    Entered: 04/14/22 10:42:21    Page 38
of 45

22:17,22;23:18;
29:3,16;30:20;31:7,
11;32:1,6,6,22;35:16,
24
**clear (6)**
28:21;32:7,8,18;
35:3,25
**CLERK (4)**
3:4,12,19;12:11
**client (6)**
21:10;23:14;26:6,
11;28:13;30:15
**clients (1)**
33:2
**client's (2)**
23:19;29:9
**close (2)**
5:22;16:6
**closed (1)**
16:6
**cocounsel (1)**
28:13
**colleague (1)**
8:2
**colleagues (1)**
8:1
**colloquy (1)**
34:20
**come-to-Jesus (1)**
26:7
**coming (3)**
6:17;17:16;18:3
**comment (2)**
6:3;13:19
**comments (3)**
14:24;35:3,19
**company (2)**
26:23;31:18
**company's (1)**
29:9
**complaint (3)**
20:3,8;31:1
**complete (1)**
25:10
**completion (1)**
9:2
**complex (1)**
5:23
**complexity (2)**
5:4,21
**complicated (2)**
7:7,9
**compressed (1)**
16:2
**compromise (3)**
6:15;13:13,17
**concern (2)**
5:12;6:23
**concerned (1)**
5:16
**concluded (1)**
36:15
**conclusion (1)**

27:13
**concrete (1)**
31:13
**conditional (1)**
30:2
**confer (3)**
11:24;15:1;26:10
**conference (8)**
6:17;10:19;12:18;
13:25;15:5,14,22;
20:4
**confirmation (1)**
32:11
**confirmed (1)**
19:9
**conflict (1)**
9:7
**conflicting (1)**
10:20
**connection (3)**
18:12;22:14;25:15
**consistent (4)**
14:18;32:14;34:3;
35:19
**construction (1)**
24:12
**continue (1)**
15:13
**contractor (1)**
19:25
**contractors (3)**
8:14;19:24;22:19
**contribution (1)**
27:7
**coordinated (2)**
11:10;24:22
**Corporation (1)**
3:6
**costs (1)**
29:20
**counsel (12)**
3:24;5:2,13;6:14;
13:12;14:16,25;16:8;
24:20;25:1;26:11;
34:10
**couple (2)**
7:20;29:8
**course (7)**
7:14;13:25;26:2;
30:7;33:3;35:2,6
**Court (148)**
3:3,4,7,10,14,18,20;
4:1,8,10,13,21,24;5:1;
7:13,19,25;8:3,24;9:2,
12,14,16,22,24;10:2,
5,10,12,18,23;11:1,
11;12:6,13,21,23,25;
13:9;14:3;15:13;16:3,
17,19,22;17:2,7,11,
14,16,22;18:7,9,16,
18,25;19:1,2,18,20,
22,23;20:1,6,8,10,13,
15,19,21,23,25;21:7,

9,17,19,21,22,24;
22:4,10,20,23;23:8,
13,17,23,25;24:2,4,6,
7,18,20,24;25:3,10;
26:1,11,15,17,19;
27:2,13,14,18;28:6,
10,21;29:4;30:3,7,9,
14,15,19,21,22;31:1,
3,10,15,17,18,22;
32:3,4,6,8;33:1,4,15,
20,24;34:2,7,12,19,
25;35:12,13,20,21,23;
36:3,5,10,14
**courtroom (3)**
6:9;14:22;15:9
**courts (2)**
23:1,15
**cover (1)**
3:21
**COVID (1)**
14:15
**crazy (2)**
6:7;33:5
**Credit (1)**
4:20
**cries (1)**
26:25
**criticize (1)**
25:1
**current (2)**
24:2;34:15
**cut (3)**
20:10;22:5,5

**D**

**damages (1)**
7:1
**darn (2)**
23:15;24:13
**date (13)**
6:23;7:4,4,11,22;
9:3;13:22,22;14:20;
21:5;23:9,12;33:12
**dates (11)**
6:16;8:5;13:5,7,12;
14:8,17;15:2,16,24,25
**day (3)**
23:11;33:14,14
**days (9)**
9:11,13,15;14:3,13,
24;15:25;23:10;29:8
**deadlines (3)**
6:15;13:20;16:8
**debtors (2)**
3:9;17:10
**December (1)**
6:4
**decide (2)**
16:14,15
**decided (1)**
10:17
**decision's (1)**

22:2
**declared (1)**
31:3
**defend (3)**
22:16;25:10;33:10
**defendant (1)**
22:18
**defendants (4)**
7:6;19:24;27:1;
28:2
**defended (1)**
22:13
**defending (3)**
21:8,10;30:23
**defense (1)**
8:13
**defenses (2)**
8:11;31:8
**defer (3)**
14:13;23:4;33:7
**Definitely (1)**
36:9
**delay (2)**
5:25;26:15
**Dennis (1)**
3:5
**deny (1)**
20:15
**depose (1)**
8:16
**deposition (1)**
12:3
**depositions (4)**
8:22;11:22,22,23
**deputy (2)**
14:22;15:9
**details (2)**
6:2;8:25
**Diane (1)**
4:19
**difference (2)**
6:22;33:18
**differences (3)**
5:14;19:13;25:14
**different (4)**
5:10;22:25;23:15;
24:20
**difficult (1)**
9:18
**diligent (1)**
8:14
**disadvantages (1)**
6:7
**discovery (3)**
10:16;11:20;12:5
**discrete (1)**
28:25
**discretion (1)**
29:24
**discuss (3)**
8:21;13:20;32:16
**discussed (1)**
6:16

**discussion (1)**
8:25
**discussions (1)**
5:6
**dispositive (3)**
5:19;7:3,11
**dispute (4)**
24:18;25:4;28:10;
35:19
**disputes (5)**
19:5;21:12;25:15;
30:1;35:24
**document (4)**
8:10,17;11:16,19
**documents (5)**
8:10;11:21,21;
12:19,22
**Dodge (47)**
3:10,12,17,24;17:2,
7,9,9,12,15,23;18:3,8;
19:15,21,23;20:2,7,
10,12,16,20,22,24;
21:15,18,20,23,25;
22:4,4;23:3,6,21;
24:19;29:5;30:9,22;
31:9,22;32:16;33:8,
12,16,21;34:14,24
**done (1)**
6:25
**double (2)**
6:8;13:15
**doubles (1)**
29:19
**down (5)**
4:5;11:15;15:16;
22:8;27:9
**draft (4)**
14:23;32:7,21;33:6
**Dreher (3)**
4:16;13:9,11
**driveway (2)**
25:5;32:2
**drove (1)**
19:5
**during (2)**
10:8;22:6

**E**

**earlier (3)**
7:5;18:5;27:19
**Easter (1)**
16:19
**efficiency (4)**
22:16;26:5,25;
29:19
**efficient (3)**
24:17;25:17;29:25
**either (1)**
30:15
**else (1)**
8:23;11:16,25;13:6
**elsewhere (1)**

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 39
of 45

22:12
**email (1)**
3:17
**ends (1)**
35:7
**enough (2)**
12:23;15:23
**equally (3)**
24:7,17;27:12
**era (1)**
14:16
**et (3)**
8:17;32:12,12
**events (3)**
21:13;22:15;29:11
**everybody (5)**
6:24;15:18;20:17;
24:14,14
**Excuse (1)**
10:19
**exhibit (1)**
20:3
**exist (1)**
13:3
**expected (1)**
10:24
**expedited (1)**
8:19
**experienced (2)**
16:11;24:25
**expert (1)**
24:25
**experts (2)**
34:22,23
**expired (1)**
26:13
**explain (2)**
19:14,16
**expressed (1)**
5:11
**extent (2)**
16:7;24:22

**F**

**fact (1)**
15:4
**facts (2)**
23:1;26:24
**fair (3)**
12:21,23;13:13
**fairly (1)**
7:10
**faith (1)**
30:20
**far (1)**
13:19
**fast (1)**
29:11
**fault (1)**
27:20
**faulting (2)**
26:19;27:20

**Federal (1)**
11:23
**fellow (1)**
25:1
**few (4)**
4:11;14:13,24;
25:17
**fifteen (1)**
15:25
**fight (6)**
22:22,25;23:4,14;
24:18;35:8
**fights (1)**
23:4
**file (7)**
7:4,4,14,14;17:23;
18:2;28:18
**filed (5)**
10:20;14:19;16:4;
21:4;22:11
**filing (1)**
26:14
**fill (1)**
16:9
**finally (1)**
13:24
**fine (7)**
4:12;10:7;12:19;
13:18;23:12;24:11;
26:22
**finish (2)**
8:17;10:16
**fires (1)**
19:5
**first (4)**
6:19;9:24,25;26:17
**fishing (1)**
23:13
**fit (1)**
9:7
**five (2)**
9:15;12:2
**fix (1)**
18:12
**flexibility (2)**
13:3;14:6
**flexible (1)**
14:20
**following (1)**
28:15
**foot (1)**
25:2
**footnote (3)**
10:22;11:2,3
**footnotes (1)**
10:23
**formal (1)**
5:8
**forth (1)**
15:3
**forum (5)**
20:18;26:23,24;
28:22;30:17

**forward (7)**
17:25;18:15;23:8,
11;24:6;28:11;33:16
**four (8)**
9:13,15;10:11;11:6;
19:24;21:18;25:3;
28:2
**four-day (1)**
9:16
**four-week (2)**
7:24;14:7
**framed (1)**
21:12;29:16
**FRANCISCO (1)**
3:1
**frankly (1)**
7:10,16
**front (2)**
35:5,8
**Fulcrum (5)**
4:13,18,20;11:14;
16:6
**Fulcrum's (1)**
5:12
**further (4)**
8:21;12:18;13:25;
24:6

**G**

**games (1)**
30:15
**gap (3)**
16:5,6,6
**gaps (1)**
16:9
**gave (1)**
5:18
**Gayle (3)**
8:2;9:23;10:1
**genesis (1)**
35:9
**gets (1)**
33:4
**given (1)**
31:24
**giving (1)**
26:3
**glad (3)**
8:18,21;15:23
**goes (3)**
17:25;18:15;31:17
**Good (8)**
3:8;4:19,22;7:2;
11:2;17:20;23:14;
30:20
**Goodman (29)**
4:21,22,25;7:19,20;
8:2,4;9:1,11,13,15,21,
23,25;10:3,7,11,14,
22,24;11:7,18;12:14,
17,22,24;15:19;16:16,
21

**Gough (3)**
4:15,25;10:1
**grant (3)**
20:15;30:7,8
**great (1)**
25:25
**Greenberg (30)**
17:21;18:20,23,24;
19:12;22:11,13,17,21,
24;23:16,23;24:10,
20;25:13;26:23;27:6,
19,22,22;28:2;29:21;
30:16,19,24;31:7;
32:5,14;35:16,22
**Greenberg/PG&E (1)**
28:10
**Greenberg's (2)**
32:1;35:24
**guess (7)**
4:15,16;16:8;22:1;
29:14,23;31:2

**H**

**half (1)**
12:6
**handle (1)**
9:17
**handling (1)**
8:4
**hang (2)**
20:25;21:3
**happen (2)**
26:16,16
**happened (1)**
21:14
**happens (1)**
26:21
**happy (3)**
7:4;13:20;16:19
**harmless (1)**
24:11
**hat (2)**
19:11;35:15
**heads (1)**
14:17
**hear (1)**
30:16
**heard (5)**
3:16;7:15;28:12;
29:10;33:7
**hearing (9)**
18:5,8,25;19:19;
22:6;26:2;29:7,8;
31:11
**height (1)**
22:20
**held (1)**
22:1
**help (1)**
30:12
**here's (1)**
17:22

**Hi (1)**
7:20
**hint (1)**
30:13
**hit (1)**
18:9
**hold (5)**
11:13;24:4,10;32:3;
35:10
**Honor (49)**
3:8,16,19,23;4:6,12,
19,22;6:20,23;10:7;
12:11,17;13:8,11,13,
24;14:2;15:12,19;
16:18,24;17:6,20;
18:5,13,22;19:17;
21:2;23:22;24:19;
25:16,23;29:2;30:2,
13,25;31:9,20;32:19,
20;34:1,9;35:8;36:1,
2,4,8,12
**Honorable (1)**
3:4
**Honor's (2)**
13:17;35:3
**hope (3)**
6:14;16:12;35:24
**hopefully (1)**
15:16

**I**

**idea (2)**
8:16;23:21
**identical (1)**
20:8
**identified (1)**
12:1
**ignore (1)**
28:14
**implicate (3)**
18:1;19:3;25:2
**implicated (4)**
21:20;23:16;27:24;
31:4
**implicates (1)**
21:11
**implication (1)**
32:11
**imposition (2)**
12:15;22:23
**inappropriate (1)**
28:12
**inclinations (1)**
6:11
**inclined (6)**
5:11;6:9;11:13;
12:25;21:5;25:23
**including (1)**
5:2
**in-courtroom (1)**
6:5
**increase (1)**

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 40
of 45

33:19
**indeed (2)**
5:6;6:16
**indemnify (3)**
23:16,18;24:10
**indemnity (1)**
22:19
**inefficiency (1)**
22:20
**inefficient (2)**
24:7;25:2
**infected (1)**
6:9
**inform (1)**
24:5
**information (1)**
8:12
**injunction (6)**
18:15,19;22:3,6,7;
25:24
**insist (1)**
28:15
**instincts (2)**
6:1,11
**insulate (1)**
26:21
**intensive (1)**
8:10
**interested (2)**
21:7,9
**interests (1)**
23:20
**interference (2)**
22:25;34:23
**interrogatory (1)**
12:2
**intervene (3)**
20:14;25:24;30:11
**intervening (1)**
30:3
**into (3)**
8:24;11:20;27:1
**involved (1)**
27:5
**involvement (1)**
16:4
**involving (1)**
31:13
**iron (2)**
19:13;25:14
**issue (14)**
5:22;6:13;8:5,8;
14:13;24:19,23;
25:12,18;28:25;
29:16;31:1,17;32:13
**issued (2)**
5:8;15:17;34:4
**issues (10)**
5:1;7:20;8:15;
12:20;15:21;17:13;
18:6,12;31:8;32:9
**issuing (2)**
31:25;35:18

**J**

**jammed (1)**
14:3
**Jennifer (1)**
17:9
**job (2)**
7:7,8
**join (2)**
3:25;23:17
**joined (1)**
17:2
**judge (5)**
14:14;19:2,11;32:8;
33:5
**judgment (4)**
7:10,17;16:9;27:10
**judicial (5)**
14:22;22:16;25:3;
26:25;29:18
**juggle (1)**
12:13
**July (1)**
12:7
**jump (1)**
19:16
**June (7)**
5:20;12:7;23:9;
33:13,16;34:8;36:7

**K**

**keep (2)**
4:16;10:5
**keeper (1)**
15:8
**keeping (2)**
14:5;25:16
**Keller (1)**
3:9
**Kim (27)**
3:9;16:23,24;17:4,
6;18:9,11,17,22;25:8,
12,16;28:9,20;31:5,
23;32:20;33:1,3;34:9,
13,25;35:1;36:1,4,11,
13
**kind (2)**
13:17,19,21

**L**

**land (1)**
7:2
**language (2)**
31:5,5
**Lapping (51)**
3:18;4:1,9,10,12;
17:3,18,20,21;18:23;
19:14,17;20:25;21:2;
23:13,22;24:22,24;
25:22;26:1,5,9,10,18;

27:3,25;28:8;29:2;
30:2,13,14,25;31:12,
20,24;32:16,19,23,25;
33:1,17,24;34:1,6,10,
22;35:14;36:2,6,8,12
**last (5)**
7:4;15:19;19:19;
29:8;31:11
**lawyer (3)**
9:5,6,19
**lawyers (2)**
16:11;25:3
**layman's (1)**
32:10
**layperson's (1)**
31:6
**learned (2)**
29:6,9
**least (5)**
6:4,12;11:20;21:14;
29:20
**leave (1)**
24:3
**left (1)**
14:4
**legal (1)**
29:24
**lengthy (1)**
26:15
**less (1)**
33:14
**liability (2)**
27:14;33:23
**liable (1)**
27:6
**lieu (1)**
4:25
**light (1)**
5:5
**limitations (2)**
26:13,20
**lined (1)**
14:7
**list (1)**
3:13
**litigation (5)**
3:24;19:7;22:12;
28:11;29:19
**little (5)**
5:18,24;21:5
**live (2)**
6:5;15:18
**location (1)**
21:11
**locking (1)**
30:19
**locus (1)**
22:15
**logs (1)**
8:25
**long (5)**
4:11;10:10;13:21;
21:15;29:23

**longer (1)**
10:15
**look (6)**
7:5,7;15:23;20:5;
28:8;32:7
**looked (1)**
15:24
**lot (4)**
5:1;12:7;13:3,14
**loved (1)**
18:22

**M**

**magic (1)**
35:14
**main (1)**
19:11
**makes (4)**
24:6;26:6;27:12;
30:20
**making (1)**
22:16
**many (1)**
9:11
**Marin (1)**
18:25
**master (1)**
15:8
**matter (12)**
3:5;4:4,14;5:5;
8:12;10:16;17:25;
18:21;19:7;20:1;29:1;
32:3
**matters (2)**
14:9;28:22
**May (7)**
12:7,19,19;15:11,
14;21:5;23:25
**maybe (6)**
5:11;17:16;18:13;
19:2;24:15;26:6
**mean (26)**
3:21;8:24;9:2,4,8;
10:6,20;11:7;12:15,
19;13:14;14:14,25;
16:3;17:25;18:21;
19:16;21:18;22:11;
23:9;27:17;29:5,10;
30:4;31:3;34:19
**means (1)**
7:14
**meanwhile (1)**
28:24
**meet (2)**
11:24;15:1
**meeting (1)**
26:7
**members (1)**
12:3
**merits (2)**
8:11;22:9
**met (1)**

6:4
**metaphor (2)**
35:15,17
**mic (2)**
15:7;17:19
**might (3)**
14:9;24:8,16
**minor (1)**
5:15
**minute (1)**
4:2
**minutes (2)**
4:11;25:17
**misspoke (2)**
7:13,14
**modification (1)**
24:3
**modified (2)**
14:15;22:7
**modifies (1)**
28:9
**modify (7)**
17:24;18:15,19;
22:2,5;25:9,24
**Montali (2)**
3:5;33:5
**month (4)**
5:12;7:15;15:6,9
**months (1)**
5:7
**more (5)**
7:7;12:4;15:8;16:2;
29:25
**Morning (6)**
3:7,8,17;4:19,22;
17:20
**most (4)**
8:12;13:15;23:11;
32:8
**motion (13)**
5:19,20,21;7:5,9;
17:24;18:2,15,19;
22:2;25:9,22;29:10
**motions (2)**
7:3,12
**move (7)**
5:11,13;7:1;14:8,
12;20:14;23:23
**moves (1)**
30:10
**moving (2)**
14:9;29:11
**much (3)**
12:4;15:8;16:22

**N**

**names (1)**
20:1
**nature (1)**
5:24
**necessary (2)**
8:12;16:10

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 41
of 45

**need (10)**
6:25;10:15,15;12:3,
4;14:18;24:1;26:6;
27:21;34:14
**needed (1)**
26:13
**new (1)**
33:22
**next (1)**
33:4
**nice (1)**
5:21
**non-refrigeration (1)**
35:15
**nor (1)**
31:8
**note (1)**
35:1
**notes (1)**
5:6
**noticing (1)**
11:22
**notify (1)**
28:17
**notwithstanding (1)**
18:20
**number (1)**
32:2

**O**

**objecting (1)**
7:6
**objection (3)**
14:1;28:18,19
**objections (1)**
21:13
**obviously (4)**
7:8;11:8;30:4;33:7
**October (5)**
7:22;8:6;9:9;11:4,8
**off (7)**
13:2;15:7;17:5;
20:10;22:5,5;31:17
**offers (1)**
13:3
**officers (1)**
25:3
**old (1)**
11:2
**once (4)**
13:22;27:8;28:5;
29:13
**one (22)**
5:16;6:3;7:5;15:19;
19:4,4,24;20:18;
21:18,20;22:21,24;
23:1,11,23,24;24:25;
25:5,5;26:23,23;
31:13
**only (6)**
15:19;21:14;27:8;
33:13,17;34:15

**oOo- (1)**
3:2
**open (1)**
6:9
**operative (1)**
26:24
**opportunity (2)**
28:13;32:23
**oppose (1)**
30:11
**opposing (1)**
14:16
**opposition (1)**
3:15
**option (2)**
23:23;28:7
**order (27)**
3:3;5:8;6:13;14:14,
15,23;15:17;25:12;
28:9,20;30:25;31:20,
25;32:12,13,21,24;
33:6;34:2,5,10,15,21;
35:2,6,10,18
**others (1)**
13:19
**otherwise (1)**
23:18
**out (22)**
5:14;6:2,12;8:8,15;
13:21;15:10,21,25;
19:7,13;22:22;23:5;
24:18;25:14;26:25;
27:13;30:19;31:5;
35:7,14,19
**over (6)**
11:9;19:11,17;24:8;
26:24;29:7
**overall (1)**
6:20

**P**

**paper (1)**
8:8
**papers (1)**
8:18
**Parada (4)**
3:10;4:15;12:8,9
**part (1)**
18:25
**participate (1)**
18:4
**particular (1)**
33:18
**parties (7)**
7:6;24:5,8;26:20;
27:7;28:6;30:1
**Partners (1)**
4:20
**party (1)**
32:4
**past (1)**
25:17

**patient (1)**
17:18
**patio (1)**
31:13
**pay (1)**
27:11
**penciled (1)**
5:9
**people (8)**
6:8;22:14;24:16,16;
26:24;27:18,19,21
**perceived (1)**
26:12
**period (1)**
9:16
**permissive (1)**
32:21
**permit (1)**
18:24
**personal (1)**
5:17
**personally (1)**
9:4
**petition (1)**
32:11
**PG&E (46)**
3:5;4:23;8:18;
13:21;14:4;15:8,9;
18:1,19;19:5,13;20:9,
14;21:7;22:12,16,25;
23:12,15,16,19;24:8,
9,10,15,16;25:10,13;
26:21;27:5,9,14,15,
20,21;28:1,5;29:20;
30:3,10;31:2,6,7;
32:21;34:11;35:22
**PG&E's (3)**
13:24;31:8;32:9
**phase (1)**
7:1
**phone (1)**
3:11
**pick (2)**
14:19;35:16
**pinch (1)**
18:9
**pinned (1)**
15:16
**place (2)**
7:2;19:12
**plan (9)**
17:24;18:15,19,20;
19:9;22:3,5;25:9,24
**play (3)**
19:7;30:14;34:17
**played (1)**
35:19
**please (2)**
14:11;17:8
**PMK (2)**
11:22;12:3
**point (4)**
8:9;19:1;25:2;26:5

**popping (1)**
6:8
**portion (3)**
6:25;16:25;17:1
**position (4)**
13:10;29:9,9;30:5
**positions (1)**
5:10
**possession (1)**
8:13
**possible (2)**
4:7;15:20
**potential (1)**
26:12
**practical (1)**
29:13
**practically (1)**
29:14
**pre- (1)**
6:16
**prefer (2)**
4:6;22:1
**Preliminarily (2)**
7:21;11:21
**prepared (3)**
12:25;23:1;33:16
**preparing (2)**
7:17;8:22
**present (1)**
20:17
**presented (2)**
29:15;32:9
**presiding (2)**
3:5;19:11
**pretty (1)**
8:8
**previously (1)**
31:10
**primary (1)**
3:24
**principal (4)**
9:5,6,19;14:25
**prior (3)**
11:11;12:10,10
**priority (1)**
13:8
**privilege (1)**
8:25
**probably (5)**
6:21;7:2,24;9:13;
29:20
**problem (7)**
8:7,7;15:23;24:9,
13;25:6;26:12
**procedure (2)**
28:15,16
**proceed (5)**
18:21;24:2;25:19;
28:19;30:8
**proceeding (1)**
21:21
**proceedings (2)**
6:25;36:15

**process (1)**
21:4
**promote (1)**
29:18
**proof (2)**
21:3;23:24
**proofs (3)**
22:11,13,15
**proper (1)**
29:23
**property (1)**
21:11
**proposed (6)**
7:22;13:17,18;
15:20;32:21,24
**prosecute (2)**
30:10;32:5
**prosecution (1)**
32:1
**protecting (1)**
26:19
**provide (1)**
15:20
**punish (1)**
14:21
**purpose (1)**
28:16
**push (2)**
10:14,15
**put (14)**
5:3;6:1,11;7:3;8:18,
20;11:1,12;14:17;
27:25;29:7;32:10;
34:21;35:9
**putting (1)**
32:3

**Q**

**quickly (1)**
3:17
**quite (2)**
21:15;23:3

**R**

**rabbit (1)**
35:14
**ramifications (1)**
26:21
**rather (1)**
14:20
**rational (1)**
6:21
**read (2)**
7:13;10:23
**ready (1)**
33:24
**real (3)**
11:1;13:3;14:15
**realistic (1)**
16:2
**really (2)**

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 42
of 45

6:23;29:4
**reason (6)**
5:25;19:18;21:9;
29:17,18;35:21
**reasonable (3)**
8:19,20;13:23
**recall (2)**
9:4;21:13
**recognize (1)**
14:8
**record (1)**
34:20
**reflect (3)**
6:13;26:4;28:12
**reflected (3)**
14:18;15:2;28:10
**refrigeration (6)**
25:6;26:8;28:25;
31:16;33:25;36:7
**refrigerator (16)**
21:21;23:2,4,7;
25:19;31:13,18,21;
32:14,24;33:10,11;
34:16,19;35:3,18
**refuses (1)**
35:21
**regard (5)**
13:23;23:7;32:9;
33:22;34:16
**relating (1)**
30:1
**relief (3)**
25:23;27:23;30:8
**remaining (1)**
5:14
**remember (2)**
6:3;29:5
**removal (1)**
24:13
**rent (1)**
33:19
**reorganized (2)**
3:9;17:10
**request (4)**
11:16;12:18;13:25;
15:20
**resolve (1)**
23:24
**resolved (1)**
24:4
**respect (1)**
13:24
**respective (1)**
15:3
**respond (1)**
6:18
**responding (1)**
11:15
**responses (1)**
12:2
**responsible (1)**
11:14
**rest (2)**

18:1;35:13
**result (1)**
26:25
**review (5)**
5:6;8:17;31:22;
32:23;34:21
**reviewing (1)**
11:21
**revisit (1)**
5:7
**revved (1)**
27:15
**Richard (1)**
17:20
**Ridge (4)**
8:13;12:2,3;16:25
**right (36)**
3:11,22,25;4:16;
7:15,18,18;9:1,16,19;
10:23,24;11:2;17:15;
18:7;19:19,20,20;
20:2,12,16,16,20;
21:14,25;23:6;25:20;
27:22;30:24;31:11,
15;32:5;33:13,20,20;
34:5
**rights (3)**
29:25;30:21;32:4
**road (1)**
27:10
**roughly (1)**
15:6
**Ruff (1)**
25:8
**rule (1)**
36:6
**Rules (1)**
11:23
**ruling (3)**
5:22;29:2;31:15
**run (1)**
27:8
**Rupp (18)**
3:7,8,8,14,16,20,23;
4:3,6,9;15:7;17:1,3,
16;18:3,11;28:20;
31:5

**S**

**same (8)**
7:8;16:15;21:11,11;
22:15,17;25:4;26:24
**SAN (1)**
3:1
**sandbag (1)**
26:1
**saw (1)**
20:1
**saying (9)**
11:17;14:6;15:2;
16:4;24:14;25:1;
27:17;29:23;30:21

**schedule (13)**
5:18,19;8:20;9:4;
10:2,14;13:1;15:4,21;
24:2;25:19;26:8;
28:24
**scheduled (1)**
7:21
**schedules (1)**
13:18
**scheduling (14)**
3:21;5:2,8;6:5,13;
14:13,15,23;15:14,17;
34:4,15;35:2,10
**scream (1)**
31:24
**second (3)**
6:12;7:1;9:25
**seek (1)**
22:19
**seems (5)**
18:1;22:9;24:7;
25:20;29:23
**segment (1)**
12:9
**send (2)**
14:23;25:7
**sense (4)**
5:18;24:6;26:6;
27:12
**sent (1)**
34:23
**Separately (1)**
32:13
**September (12)**
6:2,12;7:2,24;9:17;
10:8,9;11:5,9;12:10,
11;14:12
**seriously (1)**
22:7
**serve (1)**
28:16
**session (1)**
3:4
**set (13)**
5:20;7:11,23;8:6;
10:9,10;13:15;15:3,5;
19:12;23:1,9;33:12
**sets (2)**
25:3;29:11
**settle (2)**
34:7;36:7
**several (1)**
7:21
**share (2)**
32:22;34:10
**shoes (1)**
7:8
**shows (3)**
28:22;30:9;34:22
**shut (1)**
6:10
**sic (1)**
3:15

**side (3)**
4:17;16:7;32:21
**sides (5)**
6:2,14;14:11;16:4,
13
**sign (1)**
17:4
**signal (1)**
28:21
**simple (2)**
28:7,18
**simplified (1)**
28:1
**simply (4)**
5:22;24:4,17;27:14
**simultaneously (1)**
24:1
**six (2)**
6:21;21:14
**slightly (3)**
5:11,13;16:6
**slip (1)**
21:5
**slowing (1)**
11:15
**Solomon-like (1)**
16:9
**solution (2)**
29:14,24
**somebody (2)**
5:19;25:6
**somehow (2)**
31:25;32:4
**someone (2)**
11:25;22:18
**somewhere (2)**
13:6;25:7
**sorry (1)**
19:15
**sort (2)**
5:3;35:2,8
**sought (1)**
27:23
**speak (1)**
6:11
**SPEAKER (2)**
14:2;16:18
**speaking (1)**
29:14
**specially (2)**
7:23;10:9
**specify (1)**
34:15
**speedy (1)**
21:6
**spelled (1)**
8:8
**split (1)**
13:2
**spoke (1)**
19:16
**spoken (1)**
24:22

**spot (2)**
5:22,24
**staff (1)**
14:5
**stage (1)**
19:12
**stand (1)**
31:6
**standby (1)**
31:19
**Stanfield (11)**
4:18,19,20;5:16;
6:18,20;7:18;11:14;
13:5,7;15:11
**start (2)**
11:8;17:12
**starting (1)**
23:6
**state (32)**
17:7,19;18:25;19:2,
18,23;20:8,14;21:7,
21;23:8,23,25;24:4,6,
18,20;25:10;26:11,
15;27:13,14;28:10,
21;30:3,9,15,22;31:1;
32:3,4;35:12
**statement (2)**
10:19;20:4
**statements (3)**
14:19;15:3;16:5
**stating (2)**
29:17,18
**status (6)**
10:19;12:18;13:25;
15:5,22;20:3
**statute (2)**
26:20;27:7
**statutes (1)**
26:13
**stay (10)**
17:4;23:24;25:14;
27:12,23,24;28:9;
30:8;31:4;32:10
**steps (1)**
6:14
**stick (3)**
6:24;9:3;12:14;
14:10
**still (4)**
6:5;8:15;14:4;
35:23
**stinking (1)**
33:10
**stinky (1)**
33:10
**stip (1)**
7:13
**stipulate (2)**
18:20;25:21
**stipulated (1)**
18:23
**stipulation (3)**
10:18,19;17:25

Case: 19-30088    Doc# 12157    Filed: 04/04/22    Entered: 04/14/22 10:42:21    Page 43
of 45

stop (1)
18:14
straight (1)
9:18
straightforward (1)
7:11
strong (1)
10:12
stuff (1)
33:10
subcontractors (1)
27:5
subject (2)
13:19;26:7
submit (1)
28:20
subpoenas (1)
8:15
substantive (1)
33:21
successfully (1)
30:3
sue (4)
22:14;26:23;27:10,
22
sued (3)
27:19,23;28:2
sues (2)
24:14;31:18
sufficient (1)
12:4
suggest (3)
5:17;13:18;26:9
suggested (1)
5:20
suggestion (1)
26:9
suing (2)
24:15,16
suit (1)
22:24
suits (1)
22:25
summary (2)
7:10,17
superfluous (1)
23:25
superior (6)
22:10,22;31:18;
32:8;35:20,21
suppose (1)
27:15
supposed (1)
17:1
sure (8)
5:9;18:11;19:24;
20:4;21:2;30:22;
32:20;33:1
switch (2)
9:8;17:1
systems (1)
25:3

**T**

table (1)
13:12
talk (4)
15:15;22:8;26:6;
33:1
talked (2)
6:4;32:15
talking (2)
3:21;7:25
technical (1)
18:6
technique (1)
11:2
Teichert (1)
27:10
telling (2)
10:4;11:5
tempting (1)
5:3
tentatively (3)
15:4,4;28:8
terms (4)
7:3;16:7;31:6;
32:10
theme (1)
25:16
theories (1)
33:22
thinking (2)
29:12,22
third (2)
26:20;28:6
third-party (4)
8:13;11:24;22:18;
27:1
Thirty (1)
15:25
Thomas (1)
3:8
thought (4)
8:20;25:20;29:4;
30:18
three (5)
8:23;11:5;21:12;
22:11,13
three-day (3)
6:13;12:9;13:1
three-month (2)
5:2;16:5
till (2)
8:17;11:8
timeout (1)
17:23
times (1)
27:5
timing (2)
8:5;16:7
today (3)
5:7;16:15;29:7
today's (1)

29:8
Todd (1)
17:21
together (2)
8:20;14:17
tomorrow (1)
31:18
took (1)
11:11
top (1)
35:17
track (4)
4:5,16;10:5;16:13
transaction (1)
29:19
tree (6)
24:13;25:5;32:2;
34:22;35:5,11
trial (52)
5:9,11,13,23;6:1,1,
12,13,17;7:16,17,22,
23,24;8:5,6;9:3,5,6,9,
10,19,24;10:8,9,10,
20;11:2,4,5,8,9,13:1,
2,6,12,21,22;14:7,12,
13,14,15,23;15:17;
16:7;21:4,6;26:8;
28:24;32:17;34:4
trials (6)
6:5;7:21;8:23;10:4;
13:15,15
tried (3)
8:14;28:5,6
truth (1)
8:11
try (8)
4:4;7:9;9:5;10:21;
16:1;22:3;28:5;33:14
trying (11)
10:14,15;14:21;
17:12;18:12;22:4,5;
29:12,13;30:14;35:9
TUESDAY (1)
3:1
turn (2)
14:8;17:18
turns (2)
27:13;35:7
Tuscan (5)
8:13;11:14;12:2,3;
16:25
twenty-one (1)
12:1
twice (1)
28:5
two (28)
5:10,25;8:23;11:4;
14:18;15:3;21:12;
22:3,15,17,22,25,25;
23:10,14;25:2,3,15;
29:3,5,15;30:1,19;
32:1,6,22;35:15,24
two-and-a-half (1)

19:8

**U**

under (2)
11:23;35:4
underway (1)
21:4
undoubtedly (1)
22:19
UNIDENTIFIED (2)
14:2;16:18
universe (1)
6:22
unless (2)
23:16;35:13
up (18)
6:9,10;7:15;14:3,7;
16:23,24;21:1,3,6;
27:15;28:23;29:16;
30:9;32:21;34:22;
35:7,14
upcoming (1)
15:22
upload (5)
28:9;31:20;34:2,11;
35:6
uploads (1)
32:25
upon (1)
5:10
urge (1)
14:25
use (3)
16:9,14;29:24
useful (1)
28:16

**V**

variant (1)
6:8
versus (1)
35:22
via (1)
15:15
video (1)
17:12
view (3)
21:3;25:2;26:5
virtue (1)
32:11

**W**

wait (4)
4:11;11:4;14:24;
34:16
waiting (1)
26:2
wants (2)
25:8;26:14
waste (4)

18:2;19:12;25:9,10
way (14)
11:19;26:21,22;
27:1,4,25;28:18;
29:11,23,25;30:21;
31:7;32:7;34:21
wearing (1)
19:10
week (7)
6:12;7:1;11:11;
12:9,10;28:11;33:4
weekend (1)
19:17
weeks (8)
6:22;8:23,23;10:11;
11:5,6;19:21;29:5
weigh (1)
13:9
welcome (1)
17:4
What's (3)
9:9;14:4;26:9
Whereupon (1)
36:15
white (1)
35:14
whole (2)
11:13
whose (2)
4:16;7:25
wider (1)
5:24
willing (2)
21:25;23:8
win (2)
7:16;24:15
window (1)
5:2
wish (1)
8:11
without (4)
11:20;16:4;26:3;
32:9
witness (1)
11:24
witnesses (1)
12:1
words (2)
19:4;31:4
work (8)
5:14;6:2;7:12;13:7,
12,21;15:21;31:5
worked (1)
23:5
works (1)
16:1
world (1)
13:4
worry (1)
25:13

**X**

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 44
of 45

| | |
|---|---|
| **x'd (1)** | **4 (1)** |
| 13:20 | 10:22 |
| **Y** | **6** |
| **year-and-a-half (1)** | **6 (1)** |
| 19:9 | 14:12 |
| **years (4)** | **6th (1)** |
| 19:8;21:14,18;28:3 | 12:11 |
| **yesterday (1)** | |
| 20:4 | **7** |
| **Z** | **7 (1)** |
| | 14:12 |
| **Zoom (4)** | **7th (1)** |
| 6:6;13:2;14:15; | 12:11 |
| 15:15 | |
| | **8** |
| **1** | |
| | **8 (1)** |
| **10 (1)** | 14:12 |
| 15:15 | **8th (1)** |
| **10:49 (1)** | 12:12 |
| 36:15 | |
| **10th (3)** | |
| 15:11,14;16:13 | |
| **12 (1)** | |
| 3:1 | |
| **12th (5)** | |
| 7:24;10:9;11:5,9; | |
| 12:10 | |
| **13 (1)** | |
| 12:13 | |
| **15th (1)** | |
| 5:20 | |
| **16th (1)** | |
| 7:23 | |
| **1st (2)** | |
| 5:9;6:4 | |
| **2** | |
| **2022 (1)** | |
| 3:1 | |
| **20th (3)** | |
| 28:17,19;31:24 | |
| **27th (5)** | |
| 23:10;33:13,17; | |
| 34:8;36:7 | |
| **28th (2)** | |
| 23:10;33:13 | |
| **3** | |
| **31st (1)** | |
| 7:22 | |
| **35,000 (1)** | |
| 25:2 | |
| **3rd (3)** | |
| 8:6;11:4,8 | |
| **4** | |

Case: 19-30088    Doc# 12157    Filed: 04/14/22    Entered: 04/14/22 10:42:21    Page 45
of 45