| | |
|---|---|
| 1 | KELLER BENVENUTTI KIM LLP |
| 2 | Jane Kim (#298192) <br> (jkim@kbkllp.com) |
| 3 | David A. Taylor (#247433) <br> (dtaylor@kbkllp.com) |
| 4 | Gabrielle L. Albert (#190895) <br> (galbert@kbkllp.com) |
| 5 | 650 California Street, Suite 1900 <br> San Francisco, CA 94108 |
| 6 | Tel: 415 496 6723 <br> Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' ONE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY RECATEGORIZED CLAIMS)** <br><br> **Response Deadline:** <br> **May 24, 2022, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: June 7, 2022 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Fifteenth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed "Claims To Be Disallowed and Expunged" on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** annexed hereto (collectively, the "**No Liability Recategorized Claims**").

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined in the Bar Date Order), Wildfire Subrogation Claimants (as defined in the Bar Date Order), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019, at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date Order also approved a special form of Proof of Claim for Fire Claimants, defined therein as the "**Fire Victim Proof of Claim Form**." The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

Sections 4.7 and 4.26 of the Plan provide that any Fire Victim Claim[2] shall be "permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust . . . ." The No Liability Recategorized Claims were filed on Fire Victim Proof of Claim Forms

---

[1] The Fire Victim Claims will be administered through the Fire Victim Trust and the Subrogation Wildfire Claims through the Subrogation Wildfire Trust in accordance with the Plan.

[2] Capitalized terms used in this Section II but not otherwise defined shall have the meanings ascribed to them in the Plan.

and/or asserted fire-related damage and were thus preliminarily identified as Fire Victim Claims, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. However, based on a further review of the No Liability Recategorized Claims and other information provided by the claimants, as well as the Reorganized Debtors' books and records, the No Liability Recategorized Claims recently were determined by the Fire Victim Trustee and independently by the Reorganized Debtors not to have arisen from one of the specific Fires defined in Section 1.86 of the Plan, and thus not to constitute Fire Victim Claims, as defined in Section 1.79 of the Plan. Instead, the No Liability Recategorized Claims are general unsecured claims against the Reorganized Debtors, subject to all of the Reorganized Debtors' legal and equitable rights with respect to such claims.[3]

## III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging the Proofs of Claim for which the Reorganized Debtors are not liable listed on Exhibits 1, 2 and 3 attached hereto. All of the claims subject to this Omnibus Objection are No Liability Recategorized Claims.

---

[3] On April 4, 2022 the Fire Victim Trustee notified the holders of each of the No Liability Recategorized Claims that the Fire Victim Trustee and the Reorganized Debtors had determined that the No Liability Recategorized Claims were not Fire Victim Claims, as defined in Section 1.79 of the Plan, and had been reinstated as general unsecured claims against the Reorganized Debtors, subject to all claims, rights, defenses to, or setoffs or recoupments against such claim that may be available at law or in equity to the Reorganized Debtors.

## IV. ARGUMENT

### A. The No Liability Recategorized Claims Should Be Disallowed and Expunged

The Omnibus Objections Procedures Order and Bankruptcy Rule 3007(d) permit the Reorganized Debtors to file objections to more than one Proof of Claim if, among other reasons, (1) "the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan," Omnibus Objections Procedures Order, ¶2(C)(vii); or (2) the Proofs of Claim "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

Each of the No Liability Recategorized Claims is listed on the attached exhibits, and the claim numbers and asserted amounts are identified in accordance with Bankruptcy Rule 3007(c). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of the Barred by Statute of Limitations Claims, the Out of Service Area Claims, and the Third-Party Fire Claims, each as defined and described below.

1. <u>Barred by Statute of Limitations</u>. The Proofs of Claim listed on **Exhibit 1** fail to state a legal basis for recovery against the Reorganized Debtors because the underlying causes of action are barred by the applicable statute of limitations (the "**Barred by Statute of Limitations Claims**"). All the Barred by Statute of Limitations Claims are governed by California law. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. Pursuant to sections 338(b) and (c) of the California Code of Civil Procedure, an action for injury to real or personal property must be commenced within three years. Pursuant to sections 335.1 and 377.60 of the California Code of Civil Procedure, actions for personal injury and wrongful death, respectively, must be commenced within two years. Under the applicable California statutes of limitations, the claimants' right to bring each of the Barred by Statute of Limitations Claims against the Reorganized Debtors expired prior to the Petition Date.

The Barred by Statute of Limitations Claims are seeking damages for injury to property or

person.[4] Information provided to the Reorganized Debtors by the claimants shows that the dates of the incident were more than three years before the Petition Date. No action was commenced prior to the Petition Date. Therefore, the Reorganized Debtors are not liable, and the Barred by Statute of Limitations Claims should be disallowed and expunged.

2. <u>Barred as Out of Service Area Claims</u>. The Proofs of Claim listed on **Exhibit 2** are each based on a fire that occurred outside of the Reorganized Debtors' service area (the "**Out of Service Area Claims**"). A comprehensive list of all zip codes serviced by the Reorganized Debtors is attached hereto as **Exhibit 2-A**. All the Out of Service Area Claims listed a zip code for the damaged property that is outside of the Reorganized Debtors' service area. Therefore, the Reorganized Debtors are not liable, and the Out of Service Area Claims should be disallowed and expunged.

3. <u>Barred as Third-Party Fire Claims</u>. The Proofs of Claim listed on **Exhibit 3** are each based on a fire that was definitively caused by third parties other than the Reorganized Debtors (the "**Third-Party Fire Claims**"). **Exhibit 3** lists the name of the fire that allegedly caused damage for each of the Third-Party Fire Claims, along with the corresponding cause of that fire, as determined by the California Department of Forestry and Fire Prevention "Cal FIRE," the National Park Service, the United States Department of Agriculture Forest Service, the State of California Department of Justice or the Ventura County Fire Department. Information provided to the Reorganized Debtors by the claimants identifies the named fires that damaged the claimants' property. The fires listed in the Third-Party Fire Claims each has been found to have been started by third parties and not by the Debtors. Therefore, the Reorganized Debtors are not liable, and the Third-Party Fire Claims should be disallowed and expunged.

---

[4] The other categories of damages (e.g. business loss, agricultural loss, economic and noneconomic damages) indicated on the Fire Victim Proof of Claim Form are all derivative of property damage and/or personal injury and are subject to the same statutes of limitations.

**B.     The Claimants Bear the Burden of Proof**

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[5] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth in Section IV.A.1 above, the Reorganized Debtors submit that the Barred by Statute of Limitations Claims should be disallowed and expunged because the Claims seek payment for damages that occurred prior to the three-year statute of limitations per sections 338(b) and (c) of the California Code of Civil Procedure. If any claimant believes that its Barred by Statute of Limitations Claim is based on damage caused within the three years prior to the Petition Date, it must present affirmative evidence demonstrating the validity of that claim.

Finally, as set forth in Sections IV.A.2. and IV.A.3 above, the Reorganized Debtors submit that they did not cause the damage claimed in the Out of Service Area Claims or the Third-Party Fire Claims, and those claims should be disallowed and expunged. If any claimant believes that its Out of Service

---

[5] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through June 21, 2022 [Docket No. 11533], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection. The Reorganized Debtors plan to file a motion seeking a fourth extension of that deadline shortly.

Area Claim or the Third-Party Fire Claim is based on damage caused by the Reorganized Debtors, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Liability Recategorized Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) the holder of each of the Barred by Statute of Limitations Claims, the Out of Service Area Claims, and the Third-Party Fire Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 18, 2022

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Gabrielle L. Albert*
Gabrielle L. Albert
*Attorneys for Debtors and Reorganized Debtors*