**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:  (212) 310-8000
Fax:  (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CERTAIN CLAIMANTS (LINE 118B)**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and the 16 claimants listed on **Exhibit 1** attached hereto ("**Claimants**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. The Claimants are plaintiffs (in the case of 14 Claimants) and cross-complainants (in the case of two Claimants) in a consolidated action currently pending in the Fresno County Superior Court (the "**State Court**") under the lead case *Ouk, et al. v. Pacific Gas and Electric Company*, Case No. 15CECG01274 (the "**State Court Action**"). In the State Court Action, the Claimants seek damages from the Utility in connection with an explosion that occurred in 2015 in the County of Fresno, California. Separate proceedings relating to the incident are also currently ongoing as to certain Claimants before the Workers' Compensation Appeals Board of the State of California (the "**WCAB Proceedings**"). On December 24, 2015, the State Court issued an order staying the State Court Action as to all parties, pending resolution of the WCAB Proceedings (the "**WCAB Stay**"). The Parties are unable to anticipate when the WCAB Proceedings may be resolved, and the WCAB Stay lifted. The State Court, after receiving an update on the WCAB Proceedings, set a status conference regarding the status of the WCAB Proceedings for August 17, 2022.

B. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). As of the Petition Date, the State Court Action, which was already stayed as a result of the WCAB Stay, was also subject to the automatic stay as to the Debtors pursuant to section 362(a) of the Bankruptcy Code.

C. Each Claimant has filed a proof of claim in the Chapter 11 Cases on account of the claims asserted by such Claimant in the State Court Action (the "**Proofs of Claim**"), as indicated on Exhibit 1.

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").[1] The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Effective as of the date of the expiration of the WCAB Stay, the Plan Injunction shall be modified solely to permit Claimants to liquidate the Proofs of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proofs of Claim on any grounds, or

    b. a waiver by any of the Claimants of their rights to assert any right in opposition of any asserted challenge to the Proofs of Claim, or

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

    c.  a waiver by any Party of any claim or defense in the State Court Action or the WCAB Proceedings.

  3.  In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

  4.  This Stipulation shall be binding on the Parties and each of their successors in interest.

  5.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

  6.  This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

  7.  The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on Next Page*]

Dated: April 21, 2022

| | |
|---|---|
| KELLER BENVENUTTI KIM LLP | WAGNER, JONES, KOPFMAN & ARTENIAN LLP |
| /s/ David A. Taylor<br>David A. Taylor | /s/ Nicholas Wagner<br>Nicholas Wagner |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Claimants Sam Ouk, Edgar Torres, Gabino Alberto Pizano, Kao Hang, and Fidel Ramirez* |
| BARADAT & PABOOJIAN, INC. | LAW OFFICES OF ARA JABAGCHOURIAN, P.C. |
| /s/ Adam B. Stirrup<br>Adam B. Stirrup | /s/ Ara Jabagchourian<br>Ara Jabagchourian |
| *Attorneys for Claimant Efrain S. Garcia* | *Attorneys for Claimants Espino Family, Rosario Lara, and Victor Castaneda* |
| LAZARO SALAZAR LAW, INC. | BORTON PETRINI, LLP |
| /s/ Lazaro Salazar<br>Lazaro Salazar | /s/ Bradley A. Post<br>Bradley A. Post |
| *Attorneys for Claimants Juan Pablo Chagoya Gonzalez and Monica Andrade Sanchez* | *Attorneys for Claimant Sheriff's Foundation for Public Safety* |
| PETRIE LEATH LARRIVEE & O'ROURKE, LLP | |
| /s/ J. David Petrie<br>J. David Petrie | |
| *Attorneys for Claimant Fresno County Peace Officers Association* | |