**LAW OFFICES OF**
**JENNIFER L. DODGE INC.**

2512 Artesia Blvd   Suite 300D
Redondo Beach  CA 90278
Tel   310 372 3344
Fax  310 861 8044

**JENNIFER L. DODGE**
jdodgelaw@jenniferdodgelaw.com

April 20, 2022

<u>VIA EMAIL ONLY</u>

Ms. Lorena Parada
Courtroom Deputy
The Hon. Dennis Montali
United States Bankruptcy Court
Northern District of California

Lorena_Parada@canb.uscourts.gov

Re:     *Greenberg v. PG&E*
        Bankruptcy Case No. 19-30088-DM
        <u>Proof of Claim No. 77335 – Discovery Dispute</u>

Dear Ms. Parada:

      I am counsel for Reorganized Debtor Pacific Gas and Electric Company ("PG&E") for the above-referenced Proof of Claim.  Richard Lapping represents Creditor Todd Greenberg ("Greenberg").  This letter is in response to Mr. Lapping's email to you dated today, April 20, 2022, regarding the discovery dispute referenced therein regarding Greenberg's demand that PG&E produce its privileged work product claims file.  Greenberg has not established – and indeed cannot establish – a "substantial need" for PG&E's claims file and that he is unable to obtain the information sought without undue hardship via depositions or other means of discovery, as required by Fed. R. Civ. Proc. 26(b)(3) and the relevant case law.

      Mr. Lapping argues that Greenberg has a "substantial need" for the claims file regarding the claim submitted by Greenberg to PG&E in 2016 because there is no other means for him to obtain information regarding outages in 2016.  This is simply not true.  In order to establish

"substantial need," a party must demonstrate that no discovery or other means would provide the information sought, pursuant to Fed. R. Civ. Proc. 26(b)(3) and the relevant case law (discussed in more detail *infra*). A party also must establish "undue hardship" in obtaining the information sought via those other means. Greenberg has demonstrated neither. Indeed, Greenberg does not present any reason why he cannot obtain information regarding outages through depositions and other means of discovery. Other than some written discovery requests in June 2021, Greenberg has not conducted any discovery regarding his claim.

**BACKGROUND**

Mr. Lapping's letter references the document requests Greenberg propounded to PG&E on May 14, 2021 and the documents produced by PG&E on June 16, 2021 in response to those requests. The parties met and conferred on the privilege issue in late June 2021, at which time undersigned counsel advised that PG&E Claims works at the direction of the Law Department and accordingly any and all claims materials are protected from disclosure as privileged work product prepared in anticipation of litigation and/or trial.

Mr. Lapping did not raise the issue until early October 2021, when he forwarded an email from PG&E to the Town of Fairfax regarding work done at 31 Bolinas Road, claiming that it was responsive to the discovery requests and that PG&E had not produced it.[1] Undersigned counsel responded to this email by referencing PG&E's objections and responses to the document requests and interrogatories and explaining why the email was not responsive. Mr. Lapping did not respond to this email. The issue was not raised again until the December 21, 2021 hearing, during which Mr. Lapping referenced the email, and Judge Montali encouraged him to meet and confer with PG&E's counsel on this issue. Mr. Lapping failed to do so at that time. It is now mid-April, a trial date has been set, and Mr. Lapping is raising the issue yet again. This chain of

---

[1] This is the same email attached as Exhibit 2 to Mr. Lapping's letter to Ms. Parada.

events demonstrates a lack of diligence on the part of Greenberg's counsel that does not support a timely and good faith effort to meet and confer on this issue.

**ARGUMENT**

Greenberg's basis for claiming "substantial need" for the PG&E claims file is essentially founded upon two items: a February 29, 2016 email that makes reference to an outage (Exhibit 2) and records from Veteran Power showing it was performing work at 31 Bolinas Road on February 15, 2016. Mr. Lapping's letter also references various hearsay recollections by Greenberg about work being done by PG&E in the area. None of these supports a claim of "substantial need" for the claims files. Moreover, there has been no showing that their substantial equivalent cannot be obtained by other means without undue hardship, in accordance with Fed. R. Civ. P. 26(b)(3).

The primary purpose of the work product doctrine is to prevent exploitation of a party's efforts in preparing for litigation. *Holmgren v. State Farm Mut. Auto. Ins. Co*., 976 F.2d, 573, 577 (9th Cir. 1992). Fact work product is discoverable only upon a showing of substantial need and an inability to secure a substantial equivalent by alternate means without undue hardship. *See Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005).

In *Carlin v. DairyAmerica, Inc*., Case No. 1:09-cv-00430-AWI-EPG (E.D. Cal. Sep. 6, 2017), DairyAmerica claimed to have "substantial need" for communications because witnesses might be less likely to recall their genuine impressions due to the substantial passage of time. The Court found that DairyAmerica had not established "substantial need" because it had not shown any reason why they could not obtain the information needed by doing their own work rather than utilizing that of their adversary. *Id.* at 7.

In *Carolina Casualty Ins. Co. v. Oahu Air Conditioning Service, Inc.*, Civ. 2:13-01378 WBS AC (E.D. Cal. Apr. 27, 2015), the Court found that "substantial need" for investigative reports under FRCP 26(b)(3) was not established upon a showing that an investigator was the only person who investigated the scene of an incident and that the requesting party did not find out about the incident until later. The Court emphasized that the requesting party did not explain why it could not obtain the information it needed from depositions or other discovery. *Id*. at 6. The same is true here. Greenberg has made no showing that he cannot obtain the information he seeks regarding outages by utilizing other means of discovery, including but not limited to, depositions. In fact, Mr. Lapping has failed to notice any depositions regarding this claim at all.

Mr. Lapping claims it is "highly probable" that PG&E's claims file from 2016 contains contemporaneous references to what information was known to PG&E at that time that "may not" be reflected in other records. "Highly probable" and "may not" do not equal "substantial need" and "undue hardship" under Fed. R. Civ. P. 26(b)(3). His letter cites cases from other jurisdictions that permitted disclosure of specific work product information, including skid mark measurements and contemporaneous witness statements. Those are discrete and particular items for which disclosure was ordered, in stark contrast to the wholesale production of an entire claims file. Moreover, the Court's orders of disclosure in those cases were based upon specific findings of substantial need and undue hardship that are not present here.

In *Rackers*, the Court ordered disclosure of precise skid mark measurements upon a finding that no alternative sources were adequate. *Rackers*, 54 F.R.D. at 26. The Court specifically noted that Rule 26(b)(3)'s requirement of showing "substantial need" contemplates an inquiry into alternative sources for securing the same information and determined there were none. *Id*. at 25-26. In *Savoy*, the Court found that substantial need had been established for disclosure of contemporaneous witness statements and that no alternate sources were available because the trucker's log book had gone missing.

No such showing has been made here. Here the alleged basis for "substantial need" and undue hardship appears to amount to a fishing expedition and attempt to gain access to PG&E's entire claims file so that Greenberg does not have to do his own work. Indeed, the request violates the very essence of the work product doctrine – to prevent exploitation of a party's efforts in preparing for litigation. *See Holmgren, supra,* at 577. There is no reason why Greenberg cannot obtain whatever information he seeks through depositions and other discovery. Moreover, in 2016 PG&E provided Greenberg with outage reports affecting his property, none of which occurred between February 14 to 21, 2016.

For the reasons discussed *supra*, Greenberg has not established the requisite substantial need or undue hardship under Fed. R. Civ. P. 26(b)(3) and related case law in order to overcome the work product privilege and order production of PG&E's claims file.

Very truly yours,


Jennifer L. Dodge

cc:  Richard Lapping, Esq.
     Thomas Rupp, Esq.