

**Signed and Filed: April 25, 2022**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER REGARDING DISCOVERY DISPUTE CONCERNING
PROOF OF CLAIM # 77335 (TODD GREENBERG)**

    The court has reviewed the email exchange between counsel for Todd Greenberg and PG&E and concludes that no further hearing is necessary and that PG&E will need to comply with the outstanding discovery request, as explained below.

Mr. Greenberg's counsel wants any and all documents that are part of or comprised "the complete files of PG&E" relating to Mr. Greenberg's claim or the predecessor, PG&E Claim # A16108833, 47 Bolinas Road, Fairfax, California. It is inconceivable that those complete files only came into existence after Mr. Greenberg asserted his damages and the PG&E legal department became involved with what now supports its counsel's assertion of privileged documents. It is also inconceivable that Mr. Greenberg should be sent searching the recollections of third party witnesses, neighbors, or the Fairfax Town Manager, when the principal party in possession of the information is the very same PG&E that performed the work at 31 Bolinas Road, 47 Bolinas Road, or anywhere in the neighborhood in the spring of 2016. The very fact that PG&E did the work, and must have records of what was done (whether correctly or incorrectly) establishes prima facie proof of Mr. Greenberg's "substantial need" for that information from PG&E rather than someone else.

It is equally unsatisfactory for PG&E's counsel to suggest that Mr. Greenberg should do his discovery through depositions. Deponents' memories fade six years after a routine power grid upgrade project; routine documents do not suffer from the same infirmity.

If PG&E can establish that somehow members of its legal department had some role to play in the assembly and/or completion of the files related to the project of Mr. Greenberg's asserted claim, its counsel is welcome to prepare a proper privilege log to accompany its production of the

Case: 19-30088    Doc# 12221    Filed: 04/25/22    Entered: 04/25/22 13:38:17    Page 2 of 4

documents requested with necessary redactions.  If that is not sufficient, the court will review the redactions *in camera*.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

ECF Recipients