1  Jacob M. Faircloth, Esq. (SB No. 305390)
   Bluestone Faircloth & Olson, LLP
2  1825 Fourth Street
   Santa Rosa, CA 95404
3  Telephone: (707) 526-4250
   Facsimile: (707) 526-0347
4  Email: jacob@bfolegal.com

5  Attorneys for Movants,
   Megan D. Frazier, Michael L. Frazier,
6  Joseph A. Frazier, Casey L. Frazier, and
   Brendan M. Frazier

7

8                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
9

10  In Re                                  Case No. 19-30088-DM

11  PG&E CORPORATION,                       Chapter 11

12      and                                 (Lead Case–Jointly Administered)

13  PACIFIC GAS AND ELECTRIC                **MOTION TO ALLOW/DEEM
    COMPANY                                 TIMELY LATE FILING OF MEGAN
14                                          D. FRAZIER, MICHAEL L.
        Debtors.                            FRAZIER, JOSEPH A. FRAZIER,
15                                          CASEY L. FRAZIER, AND
    _____/   BRENDAN M. FRAZIER, AND
16  Affects:                                MEMORANDUM OF POINTS AND
    □ PG&E Corporation                      AUTHORITIES AND
17  □ Pacific Gas & Electric Company        DECLARATION OF ROBERT BONE
    ⊠ Both Debtors                          IN SUPPORT THEREOF**
18
    *All papers shall be filed in the Lead  Date: June 29, 2022
19  Case, No. 19-30088-DM                    Time: 10:00 a.m.
                                             Location: Via ZOOM or Telephone
20  _____/

21

22        Megan D. Frazier, Michael L. Frazier, Joseph A. Frazier, Casey L. Frazier, and

23  Brendan M. Frazier ("Movants") file this motion to deem timely a late filed proof of

24  claim, Claim No. 108448, filed on April 21, 2022.

25                                  **I.**
                            **Summary of Argument**

26        A proof of claim may be deemed timely upon a showing of excusable neglect and

27  lack of prejudice.  In this case, due to a variety of stressors and personal factors arising

28  from the 2017 fires ("North Bay Fires"), Movants were unable to timely file their proof

Case: 19-30088   Doc# 12240   Filed: 04/26/22   Entered: 04/26/22 16:46:47   Page 1
of 16

1  of claim.  Because there is no danger of prejudice to the Debtors, as Debtors' estates are

2  solvent, and all creditors in these cases stand to be paid, the Motion should be granted to

3  allow the Movants to have the claim deemed timely.

**II.**
**Factual Background**

4

5  **A.      Pertinent Bankruptcy Background**.

6          On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company

7  ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases

8  ("Chapter 11 Cases").  PG&E's Chapter 11 filings were necessitated by a confluence of

9  factors resulting from catastrophic fires that occurred in Northern California prior to the

10  Petition Date, and PG&E's potential liabilities arising therefrom.

11          The deadline for filing proofs of claim with respect to any prepetition claim

12  including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation

13  Claimants, Governmental Units and Customers, and all secured and priority claims

14  against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

15          The deadline for filing claims was extended to December 31, 2019 ("Extended

16  Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not

17  file proofs of claim by the General Bar Date. [See Docket No. 4672]

18          On January 31, 2020, as Docket No. 5590, Debtors filed an Amended Chapter 11

19  Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization

20  Dated January 31, 2020.

21          On February 7, 2020, as Docket No. 5700, Debtors filed a Disclosure Statement

22  for the Amended Plan.

23          On February 19, 2020, as Docket No. 5835, Debtors filed their Motion for Entry

24  of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed

25  Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting

26  Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related

27  Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

28

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 2

1        On March 17, 2020, the Solicitations Procedures Motion was Approved.

2        After filing multiple iterations of the Plan, on June 19, 2020, as Docket No. 8048,

3 Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020

4 (the "Final Plan").

5        One June 20, 2020, post-voting and hotly contested confirmation hearings, the

6 Bankruptcy Court entered an order confirming the Final Plan. [Docket No. 8053]

7 **B.      Movants' Claims Arising from the North Bay Fires.**

8        Movants are survivors of the North Bay Fires which occurred in 2017.

9 Movants owned the real property located 586 Caber Drive, Santa Rosa, CA 95409 (the

10 "Property"). The Property, as well as personal property of the Movants, were

11 substantially damaged from smoke, soot, and ash. Moreover, the Movants were

12 displaced (as they were required to evacuate) and suffered substantial personal damages,

13 nuisance, emotional distress due to proximity of the zone of danger, among other things.

14        Due to substantial trauma, relocation, and the immense pressure resulting from

15 the foregoing, the Movants did not become aware of the relevant bar dates in time to

16 timely file the claim. It was not until after the Extended Bar Date and Claims

17 Questionnaire Deadline that Movants realized their damages may be compensable and

18 that they should file a proof of claim for their losses. Movants did not speak to an

19 attorney regarding their possible claims until April 2022.

20 **C.      Discovery of Movants' Claims.**

21        Robert M. Bone has recently met with the Movants to discuss their claim/case,

22 who contacted his office. After meeting with the Movants, Mr. Bone prepared the

23 Subject Proof of Claim.

24        Accordingly, on April 21, 2022, the Law Office of Robert M. Bone filed Claim

25 No. 108448, on behalf of the Movants. A true and correct copy of the subject Proof of

26 Claim is attached to the Declaration of Robert M. Bone as Exhibit 1, submitted herewith

27 and incorporated herein.

28        Thus, the Movants now bring this Motion to deem timely their tardy Proof of

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 3

Case: 19-30088   Doc# 12240   Filed: 04/26/22   Entered: 04/26/22 16:46:47   Page 3 of 16

1  Claim.

## III.
## Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain Circumstances. Federal Rule of Bankruptcy Procedure ("FRBP") 3003(c)(3); FRBP 9006(b)(1).  The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirements for proofs of claim *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Moreover, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond a party's control." *Id*, at 381.  Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.*, at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delayed, including whether it was within the reasonable control fo the movant, and (4) whether the movant acted in good faith.  *Id.*, at 395; See also *Corning v. Corning (In re Zilog, Inc.),* 450 F.3d 996 (9th Cir. 2006)(noting *Pioneer's* non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice fo the bankruptcy, but, due to some external reason, failed to file a proof of claim or did not realize that she or he had to prior to the bar date.  See, e.g., *ZiLOG, Inc. V. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-1007 (9th Circ. 2006) (applying the *Pioneer* factors).  Here, consideration of all four *Pioneer* factors–as well as the fifth

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 4

1 engrafted onto the *Pioneer* analysis by some courts–weights in favor of the Movant.

2       In particular, there is no danger of prejudice to the Debtors in this case. Thus, the

3 first *Pioneer* factor weights in favor of the Movants. The Debtors' estates are solvent,

4 and all creditors stand to be paid. See, E.G., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-

5 76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr.

6 W.D.N.Y. 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late

7 filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

8 Secondly, immediately upon receiving all the necessary information, the Subject Proof of

9 Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable

10 considering immediately upon becoming aware of the damages that arose from the North

11 Bay Fires, the Law Office of Robert M. Bone was retained in this matter and a proof of

12 claim was filed by the Law Office of Robert M. Bone on behalf of Movants. Lastly, any

13 prospect of prejudice beyond solvency is unlikely given that (a) all distributions have not

14 yet been made; and (b) the value of Movants' claims relative to the value fo Debtors'

15 estates is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995)

16 (size of the late claim in relation to the estate is a consideration in determining prejudice).

17 **IV.**

18 **Conclusion**

19       Based upon the foregoing, the Movants hereby request that the Court grant this

20 Motion and deem timely the Subject Proof of Claim.

21       WHEREFORE, the Movants pray for an order:

22     1.    Granting the Motion in its entirety;

23     2.    Finding that the Subject Proof of Claim filed by the Movants is to be

24 allowed as having been timely filed; and

25     3.    Granting such other or further relief as the Court deems just and proper.

26 //

27 //

28 //

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 5

Case: 19-30088   Doc# 12240   Filed: 04/26/22   Entered: 04/26/22 16:46:47   Page 5 of 16

DATED: April 26, 2022                    BLUESTONE FAIRCLOTH & OLSON, LLP

                                         /S/ Jacob M. Faircloth
                                   By_____
                                         Jacob M. Faircloth
                                   ATTORNEY FOR THE MOVANTS

**DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF**

I, Robert M. Bone, declare as follows:

1.      I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow, from my personal knowledge.

2.      I am the sole owner of the Law Office of Robert M. Bone and am an attorney licensed to practice in the State of California.  If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from Megan D. Frazier, Michael L. Frazier, Joseph A. Frazier, Casey L. Frazier, and Brendan M. Frazier ("Movants").  My office is also working with and associated on behalf of claimants in the California North Bay Fire cases JCCP with Daniel Crowley and Associates, and Skikos, Crawford, Skikos and Joseph, LLP.

3.      Movants are survivors of the North Bay Fires which occurred in 2017. Movants owned the real property located 586 Caber Drive, Santa Rosa, CA 95409 (the "Property").  The Property, as well as personal property of the Movants, were substantially damaged from smoke, soot, and ash.  Moreover, the Movants were displaced (as they were required to evacuate) and suffered substantial personal damages, nuisance, emotional distress due to proximity of the zone of danger, among other things. Due to substantial trauma, relocation, and the immense pressure resulting from the foregoing, the Movants did not become aware of the relevant bar dates in time to timely file the claim.  It was not until after the Extended Bar Date and Claims Questionnaire Deadline that Movants realized their damages may be compensable and that they should file a proof of claim for their losses.

4.      I have recently met with the Movants to discuss their claim/case, who

MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 6

1   contacted my office. After meeting with the Movants, I prepared the Subject Proof of

2   Claim. The Movants were not aware that they had a claim against the Debtors until

3   March/April 2022 and they spoke with me very shortly after learning they had a possible

4   claim. I believe that had the Movants become aware they had a claim they would have

5   filed it sooner.

6         5.      Thus, on April 21, 2022, I filed Claim No. 108448 on behalf of the

7   Movants ("Subject Proof of Claim"). A true and correct copy of the Subject Proof of

8   Claim is attached hereto as Exhibit 1 and, by this reference, is incorporated herein.

9         6.      Based on the foregoing, the Movants now bring this Motion to have the

10   Subject Proof of Claim deemed timely.

11       I declare under penalty of perjury, under the laws of the United States and of the

12   State of California, that the foregoing is true and correct. Executed at Santa Rosa, CA, on

13   April 26, 2022.

*/S/ Robert M. Bone*

By: _____

Robert M. Bone

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF MEGAN D. FRAZIER, MICHAEL L. FRAZIER, JOSEPH A. FRAZIER, CASEY L. FRAZIER, AND BRENDAN M. FRAZIER, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 7

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on April 26, 2022, a copy of the foregoing was filed |
| 3 | electronically.  Notice of this filing will be sent by operation of the Court's electronic |
| 4 | filing system to all parties indicated on the electronic filing receipt.  Parties may access |
| 5 | this filing through the Court's filing system. |
| 6 | DATED: April 26, 2022                                */S/ Jacob M. Faircloth* |
| 7 | By_____ |
| 8 | Jacob M. Faircloth |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors. | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> **Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Megan D. Frazier

Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☐ No
☑ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

Michael L. Frazier

Joseph A. Frazier

Casey L. Frazier

Brendan M. Frazier

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name Megan D. Frazier
Attorney Name (if applicable) Robert M. Bone, Esq.
Attorney Bar Number (if applicable) 181526
Street Address 645 Fourth Street, Suite 205
City Santa Rosa
State CA
Zip Code 95404
Phone Number 7075258999
Email Address bob@robertbonelaw.com

Where should payments to the creditor be sent? (if different)

Name Megan D. Frazier
Attorney Name (if applicable) Daniel F. Crowley, Esq.
Attorney Bar Number (if applicable) 130261
Street Address P.O. Box R
City San Rafael
State CA
Zip Code 94913
Phone Number 7075258999
Email Address dcrowley@dcalaw.com

**5. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)_____ Filed on _____
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| | |
|---|---|
| 7. **What fire is the basis of your claim?**<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. **What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?** | Location(s): 586 Caber Dr<br>Santa Rosa, CA 95409 |
| 9. **How were you and/or your family harmed?**<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>  ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ |
| 10. **What damages are you and/or your family claiming/seeking?**<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. **How much is the claim?** | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Robert M. Bone*
Robert M. Bone (Apr 21, 2022 12:52 PDT)

**Email:** bob@robertbonelaw.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Robert Murray Bone |
|---|---|
| | First name   Middle name   Last name |
| Title | Principal |
| Company | Law Office of Robert M. Bone |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 645 Fourth Street, Suite 205 |
| | Number   Street |
| | Santa Rosa   CA   95404 |
| | City   State   ZIP Code |
| Contact phone | 7075258999   Email   bob@robertbonelaw.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.         ☒ I do <u>not</u> have supporting documentation.
(attach below)

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent)*. See Bankruptcy Rule 9037.

- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

## Do not file these instructions with your form

# Electronic Proof of Claim_SQZEI27402[[CSLT# 4025#CF]]

Final Audit Report                                      2022-04-21

| | |
|---|---|
| Created: | 2022-04-21 |
| By: | Kroll (efiling@ra.kroll.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_ZB2b4XX_yb2537C4rlf9wS3Q8VBRKC8 |

## "Electronic Proof of Claim_SQZEI27402[[CSLT#4025#CF]]" History

- 🗋 Web Form created by Kroll (efiling@ra.kroll.com)
  2022-04-21 - 7:48:47 PM GMT

- 🗋 Web Form filled in by Robert M. Bone (bob@robertbonelaw.com)
  2022-04-21 - 7:52:04 PM GMT- IP address: 67.170.217.30

- 🖉 (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/100.0.4896.127 Safari/537.36)
  2022-04-21 - 7:52:06 PM GMT- IP address: 67.170.217.30

- ✅ Agreement completed.
  2022-04-21 - 7:52:06 PM GMT

KROLL | Powered by Adobe Acrobat Sign