| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION ENLARGING TIME FOR STEVEN M. OLSON AND WHITNEY D. OLSON TO FILE PROOF OF CLAIM**<br><br>[Related to Dkt. Nos. 12201-12202]<br><br>Resolving Motion Scheduled for Hearing June 7, 2022 at 10:00 am PT |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Steven M. Olson and Whitney D. Olson ("**Movants**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order enlarging the time for Movants to file claims in these Chapter 11 Cases as set forth herein. The Reorganized Debtors and Movants are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims.

C. By Order dated November 11, 2019, the Bankruptcy Court extended the Bar Date until December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time), solely for the benefit of any non-governmental Fire Claimants who had not filed proofs of claim by the Original Bar Date.

D. By Order dated June 20, 2020 [Dkt. No. 8053] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order or the Plan (as defined below), as applicable.

1   any exhibits or scheduled thereto, the "**Plan**").  The Effective Date of the Plan occurred on July 1,
2   2020.  *See* Dkt. No. 8252.

3     E. On April 21, 2022, Movants filed the *Motion to Allow/Deem Timely Late Filing of
4   Steven M. Olson and Whitney D. Olson* [Dkt. No. 12201] (the "**Motion**"), in which Movants assert
5   that they should be permitted to file late claims for damages allegedly sustained as a result of the
6   North Bay Fires (the "**Asserted Fire Victim Claims**").  The Motion is set for hearing on June 7,
7   2022 (the "**Hearing**").  *See* Dkt. No. 12202.

8     F. On April 20, 2022, Steven M. Olson filed Proof of Claim No. 108444 on account of
9   the Asserted Fire Victim Claims (the "**Proof of Claim**").

10    G. Pursuant to the Plan, all Fire Victim Claims were channeled to the Fire Victim Trust
11  on the Effective Date and are subject to the Channeling Injunction, and any liabilities of the Debtors
12  or the Reorganized Debtors, as applicable, for any Fire Victim Claims have been fully assumed by,
13  and are the sole responsibility of, the Fire Victim Trust, and shall be satisfied solely from the assets
14  of the Fire Victim Trust.  *See* Plan §§ 4.7(a), 4.26(c), 6.7(a).

15    H. The Reorganized Debtors have raised with Movants certain informal objections to the
16  relief requested in the Motion.

17    I. The Fire Victim Trustee has reviewed the Stipulation and, based on the facts
18  presented in the Motion, has no objection to the agreements set forth herein or to entry of an Order
19  approving the terms of the Stipulation.

20    J. The Parties hereto desire to resolve their issues regarding the Motion.

21  **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS**
22  **STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT**
23  **TO ORDER, THAT:**

24    1. The Proof of Claim shall be deemed timely filed.

25    2. The Proof of Claim and Asserted Fire Victim Claims shall for all purposes be treated
26  and classified as Fire Victim Claims under the Plan, and shall be fully assumed by, and the sole
27  responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered,
28  processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire

Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Movants shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to the Proof of Claim or the Asserted Fire Victim Claims.

3. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors, or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in interest of any right to object to the Asserted Fire Victim Claims or the Proof of Claim on any grounds other than the untimely filing thereof.

4. Nothing herein is intended to, nor shall it be construed to be, a waiver by Movants of their rights to oppose any asserted challenge to the Asserted Fire Victim Claims or the Proof of Claim.

5. Upon entry of an Order approving the Stipulation, the Motion shall be deemed withdrawn with prejudice and the Hearing vacated.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

| | | |
|---|---|---|
| 1 | Dated: May 2, 2022 | Dated: May 2, 2022 |
| 2 | WEIL GOTSHAL & MANGES LLP | BLUESTONE FAIRCLOTH & OLSON, LLP |

/s/ *Matthew Goren*
Matthew Goren, Esq.

*Attorneys for Debtors
and Reorganized Debtors*

/s/ *Jacob M. Faircloth*
Jacob M. Faircloth, Esq.

*Attorneys for Steven M. Olson and Whitney D. Olson*