| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO ADDITIONAL DOCUMENTS FILED BY DAVID P. ADDINGTON**<br><br>[Relates to Docket No. 10673] |

PG&E Corporation and Pacific Gas and Electric Company ("**PG&E**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move the Court for entry of an order striking the *Declaration in Support of Creditor David P. Addington's Opposition to Debtors' Objection to Claim of David P. Addington (Claim No. 3093)* [Docket No. 12102] (the "**Addington Declaration**"), the fifteen exhibits, marked A-O, referenced in the Addington Declaration [Docket No. 10201][1] (the exhibits, together with the Addington Declaration, the "**Additional Facts**"), and all references to the Additional Facts in *Creditor David P. Addington's Opposition to Debtors' Objection to Claim of David P. Addington (Claim No. 3093)* (the "**Opposition**") [Docket No. 10201]. Additional background information is presented in the *Reorganized Debtors' Reply Brief in Support of Objection to Claim of David P. Addington (Claim No. 3093)* (the "**Reply Brief**"), filed concurrently herewith, the *Reorganized Debtors' Opening Brief in Support of Objection to Claim of David P. Addington (Claim No. 3093)* [Docket No. 11767] filed on December 29, 2021 (the "**Opening Brief**"), and the *Parties' Joint Statement of Undisputed Facts Regarding Reorganized Debtors' Seventy-Ninth Omnibus Objection to Claims – Claim of David Addington (Claim No. 3093)* [Docket No. 11736] (the "**Joint Statement**" or "**J.S.**")[2] filed on December 21, 2021, each of which is incorporated herein by reference. In support of this Motion, the Reorganized Debtors respectfully state the following:

The Court should strike the Additional Facts because they were submitted in violation of the Court's briefing and scheduling orders for the resolution of the Addington Claim. At the November 9, 2021 status conference, the Court directed the parties to prepare a statement of agreed facts, which would serve as the record for the Court's decision on whether PG&E's Easement was terminated. Based on

---

[1] Although these exhibits are attached to the Opposition, the Reorganized Debtors believe this may have been due to a clerical error in docketing Mr. Addington's pro se filings.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reply Brief, the Opening Brief, or the Joint Statement.

1

the discussion at the status conference, the Court found – and the parties agreed[3] – that the facts necessary to decide the issue before the Court were short, undisputed, and straightforward:

> THE COURT: I'll have enough faith in the system that what I just summarized will be what you'll draft, and it won't be twenty more pages of history that Mr. Rupp feels – excuse me, that Mr. Addington feels that he wants to respond to.
> So Mr. Rupp, try your hand at the first draft at a brief statement of agreed facts and see if Mr. Addington will agree. If Mr. Addington disagrees, I guess I will – certainly will give him an opportunity to make his own statement of facts.
> The one thing I don't want to do is turn what really ought to be teed up as a legal argument into a disputed factual issue that requires a different set. So that we all – there ought to be a way to just -- to briefly and clearly for the purposes of appeal.
> I know the facts. I just gave them to you. I look forward to the legal briefs. But I -- again, as a trial judge, I have to make sure that there's a record that's clear that goes to the appellate court if there's a review.

Nov. 9, 2021 Hr'g Tr. 22:17-23:9. The next day, on November 10, 2021, the Court entered the *Scheduling Order on Seventy-Ninth Omnibus Objection to Claims as to David Addington (Proof of Claim # 3093)* [Docket No. 11572] (as subsequently modified by the stipulations and orders described below, the "**Scheduling Order**"). The only evidence to be submitted that is permitted by the Scheduling Order is the joint statement of agreed facts. Subsequent filings are particularly described as the "opening brief" or "response brief." The Scheduling Order memorializes the Court's clear directive at the November 9 scheduling conference that no further evidentiary support was to be submitted by either party separate from the Joint Statement. Mr. Addington and PG&E entered into three subsequent stipulations [Docket Nos. 11737, 11879, and 11980] to modify the briefing deadlines in the Scheduling Order, which were approved by the Court in three orders [Docket Nos. 11741, 11882, and 11990]. None of these documents contemplated the filing of additional evidentiary material by either party. All six documents refer to Mr. Addington's "brief" and nothing further. At no time did Mr. Addington ever seek leave of the Court to file an additional declaration or exhibits, nor did he ever confer with counsel for PG&E regarding the possibility of doing so.

---

[3] Indeed, the Court confirmed with Mr. Addington his understanding and agreement as to the limited facts necessary to decide the issue:

> THE COURT: How about you, Mr. Addington? Do you believe there are any facts that would dictate a different outcome?
> MR. ADDINGTON: No, sir, I don't think so. I think the facts are in agreement.

2

| | |
|---|---|
| 1 | Counsel for PG&E worked cooperatively with Mr. Addington to develop the Joint Statement such that it would be acceptable to both parties and in line with the Court's guidance that an evidentiary hearing was not necessary to decide the dispositive issue regarding the Addington Claim. The parties exchanged a number of draft statements of facts over the span of several weeks—right up to the Christmas holiday—and ultimately were successful in reaching consensus on and finalizing the Joint Statement without the need for further intervention by the Court. |

Counsel for PG&E worked cooperatively with Mr. Addington to develop the Joint Statement such that it would be acceptable to both parties and in line with the Court's guidance that an evidentiary hearing was not necessary to decide the dispositive issue regarding the Addington Claim. The parties exchanged a number of draft statements of facts over the span of several weeks—right up to the Christmas holiday—and ultimately were successful in reaching consensus on and finalizing the Joint Statement without the need for further intervention by the Court.

Rather than use the facts presented in the Joint Statement at the instruction of the Court to support the new arguments raised in his Opposition (as discussed in the Reply Brief), Mr. Addington submitted the Additional Facts with his Opposition—without leave of the Court. Viewed in light of the Court's clear directions at the November 9, 2021 status conference, and the subsequent Scheduling Order, if Mr. Addington believed that the Additional Facts were needed for this Court to resolve the issue of whether he terminated the Easement, it was incumbent upon him to ensure that those facts were incorporated into the Joint Statement that the Court directed should be the limit of the factual record before it. If the parties were unable to come to an agreement on what was to be included in the Joint Statement, they would have needed to return to the Court for guidance on a new briefing schedule with disputed facts or the setting of an evidentiary hearing. But Mr. Addington *did* sign off on the Joint Statement.

It is entirely inappropriate, and prejudicial to PG&E, for PG&E to comply with the directives of the Court in preparing and relying on a joint statement of undisputed facts to support the briefing on this issue, only to then be forced to respond to a new declaration filed by Mr. Addington attaching many pages of exhibits. Mr. Addington's new contentions that there are "triable issues of fact" with respect to the validity of the Easement entirely contradict his previous position, and the Court's finding and the parties' concurrence that the question before the Court could be decided on undisputed facts. To the contrary, the Additional Facts are disputed and outside of the scope of the Court's instructions. If PG&E had known at the time of preparing the Joint Statement that Mr. Addington intended to submit his own Additional Facts with his Opposition, there would have been no need for PG&E to spend any time or effort negotiating the Joint Statement with Mr. Addington, and PG&E would have proposed to the Court that each party submit its own declarations and exhibits with its briefs.

3

Because the parties and the Court agreed that the factual record necessary for the Court to determine whether the Easement was terminated would be short, straightforward, and undisputed, the Court should not have to now consider the Additional Facts to make its determination. If, however, the Court determines that there are "triable issues of fact" with respect to Mr. Addington's purported termination of the Easement, the Reorganized Debtors request that a proper evidentiary hearing be set and that the Reorganized Debtors be given the opportunity to submit their own evidence in rebuttal of the Additional Facts. Finally, if the Court does not grant this Motion, the Reorganized Debtors submit the evidentiary objections to the Additional Facts attached hereto as **Appendix A**.

WHEREFORE, the Reorganized Debtors respectfully request entry of an order (i) striking the Additional Facts and all references thereto in the Opposition Brief, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: May 3, 2022                                        **KELLER BENVENUTTI KIM LLP**

By: */s/ Thomas B. Rupp*
        Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*