# APPENDIX A

**(Evidentiary Objections)**

Case: 19-30088    Doc# 12308-1    Filed: 05/03/22    Entered: 05/03/22 19:27:12    Page 1 of 4

| Page:line | ADDITIONAL FACT | GROUNDS FOR OBJECTION |
|---|---|---|
| 1:25-27 | "I dispute PG&E's assertion . . . allow for termination." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 2:4-5 | "I have developed an expertise in title issues and leveling sites for development." | The Reorganized Debtors' object to the extent that the Addington Declaration offers expert opinion testimony and not that of Mr. Addington as a percipient fact witness. *See* FRE 401; FRE 702; FRE 703. |
| 2:19-21 | "As I describe below, . . . pursuant to its express terms." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 2:24-25 | "In response, PG&E told me . . . within the easement area." | Objection is made on the ground that it is inconsistent with the e-mail attached as Exhibit B of the Additional Facts. *See* FRE 401; FRE 403. Objection is made on the grounds that the statement constitutes impermissible hearsay. *See* FRE 801(c). |
| 2:26-27 | "PG&E told me . . . swath of our yard. | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. Objection is made on the grounds that the statement constitutes impermissible hearsay. *See* FRE 801(c). |
| 3:4 | "and leveling the yard" | Objection is made on the ground that it is inconsistent with Exhibit D of the Additional Facts. *See* FRE 401; FRE 403. |
| 3:6-7 | "leaving my yard a decidedly more unleveled, muddy mess" | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 3:9-10 | "PG&E made it clear that . . . . In an attempt to placate PG&E" | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. Objection is made on the grounds that the statement constitutes impermissible hearsay. *See* FRE 801(c). |
| 3:11-13 | "They asked me to get . . . vastly higher costs. | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE FRE 401, FRE 403; FRE 701. Objection is made on the grounds that the statement constitutes impermissible hearsay. *See* FRE 801(c). |
| 3:14-16 | "During this same period . . . my own contractor." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. Objection is made on the grounds that the statement constitutes impermissible hearsay. *See* FRE 801(c). |
| 3:17-18 | "the cost associated with item 2 of the contractor's bid" | Objection is made on the ground that it is inconsistent with Exhibit G of the Additional Facts. *See* FRE 401; FRE 403. |

| Page:line | ADDITIONAL FACT | GROUNDS FOR OBJECTION |
|---|---|---|
| 3:21-23 | "Instead of answering the question asked, . . . contours could not be changed." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. Objection is made on the ground that it is inconsistent with Exhibit H of the Additional Facts. *See* FRE 401; FRE 403. |
| 3:24-4:9 | "PG&E thus effectively and unreasonably . . . and mandated that I cannot restore it." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 4:11 | "With my yard in shambles" | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 4:13-18 | "These uses of our property . . . avoiding interfering in my land use." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 4:26-5:5 | "From my purchase . . . without them ever turning up their cards." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 5:7-5:13 | "PG&E has willfully . . . hours responding to their baseless claims." | Objection to this statement is made on the grounds that it is vague, ambiguous, argumentative and lacks foundation. *See* FRE 401, FRE 403; FRE 701. |
| 5:15-20 | "On the court's confirmation . . . California Association of Independent System Operators. ("CAISO")." | Objection to this statement is made on the grounds that this statement relates to the "damages" portion of the Addington Claim and is not relevant to the determination of whether the Easement was terminated. *See* FRE 401; FRE 403. |
| 5:21-26 | "CASIO [*sic*] can assist . . . and when do I get paid." | Objection to this statement is made on the grounds that this statement relates to the "damages" portion of the Addington Claim and is not relevant to the determination of whether the Easement was terminated. *See* FRE 401; FRE 403. |
| 6:2-10 | "Attached as Exhibit N . . . allowed the title company to delete the easement from its title report." | Objection to this statement is made on the grounds that the statement, and Exhibits N and O constitute impermissible hearsay. *See* FRE 801(c). Objection is made on the grounds that the title company's opinions as to title are not relevant to the judicial determination of title. *See* FRE 401, FRE 702 and 703. Objection is made on the ground that a proper foundation was not made for these statements. *See* FRE 901 |
| Ex. A | N/A | Objection is made as to the relevance of the photographs, their poor quality, the label descriptions, and the lack of foundation and authentication. *See* FRE 401; FRE 403; FRE 901. |
| Ex. D | N/A | These documents were submitted as Exs. C and D to the Joint Statement. They already in the record and this version should be stricken. *See* FRE 401; FRE 403; FRE 901. |

3

| Page:line | ADDITIONAL FACT | GROUNDS FOR OBJECTION |
|---|---|---|
| Ex. F | N/A | One page [Dkt. No. 12101-2, p. 25 of 30] is corrupted and cannot be viewed. |
| Ex. G | N/A | This document was submitted as Ex. E to the Joint Statement. It already in the record and this version should be stricken. *See* FRE 401; FRE 403; FRE 901. |
| Ex. I | N/A | One page [Dkt. No. 12101-3, p. 12 of 27] is corrupted and cannot be viewed. |
| Ex. K | N/A | This document was submitted as Ex. G to the Joint Statement. It already in the record and this version should be stricken. *See* FRE 401; FRE 403; FRE 901. |
| Exs. L and M | N/A | These documents relate to the "damages" portion of the Addington Claim and are not relevant to the determination of whether the Easement was terminated. *See* FRE 401; FRE 403. |
| Exs. N and O | N/A | Objection is made on the grounds that these documents constitute impermissible hearsay. *See* FRE 801(c). Objection is made on the grounds that the title company's opinions as to title are not relevant to the judicial determination of title. *See* FRE 401, 702 and 703. Objection is made on the ground that a proper foundation was not made for the admission of these documents. *See* FRE 901. |

4