1 | THOMAS G. MOUZES (SBN 99446)
2 | ROBERT D. SWANSON (SBN 162816)
  | MICHAEL E. CHASE (SBN 214506)
3 | **BOUTIN JONES INC.**
  | 555 Capitol Mall, Fifteenth Floor
4 | Sacramento, CA 95814
  | Telephone: (916) 321-4444
5 | Email: tmouzes@boutinjones.com
  |        rswanson@boutinjones.com
6 |        mchase@boutinjones.com
7 |
  | *Attorneys for Creditors and Parties-in-Interest*
8 | *CITY OF SANTA CLARA, dba*
  | *SILICON VALLEY POWER, and*
9 | *NORTHERN CALIFORNIA POWER AGENCY*
10 |
   | LISA S. GAST (*pro hac vice*)
11 | **DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.**
   | 1667 K Street NW, Suite 700
12 | Washington, DC 20006
   | Telephone: (202) 791-3601
13 | Email: lsg@dwgp.com
14 |
   | *Attorney for Creditor and Party-in-Interest*
15 | *CITY OF SANTA CLARA, dba SILICON VALLEY POWER*
16 | JANE LUCKHARDT (SBN 141919)
   | General Counsel
17 | **NORTHERN CALIFORNIA POWER AGENCY**
   | 651 Commerce Drive
18 | Roseville, CA 95678-6411
   | Phone: 916.781.3636
19 | Email: Jane.Luckhardt@ncpa.com
20 |
   | *Attorney for Creditor and Party-in-Interest*
21 | *NORTHERN CALIFORNIA POWER AGENCY*
22 |
23 |              UNITED STATES BANKRUPTCY COURT
24 |             NORTHERN DISTRICT OF CALIFORNIA
25 |                 SAN FRANCISCO DIVISION
26 | In re                          ) Case Nos. 19-30088 DM (Lead Case)
   |                                )            19-30089 DM
27 | PG&E CORPORATION               )
   | -and-                          ) Chapter 11
28 | PACIFIC GAS AND ELECTRIC       ) Jointly Administered
   | COMPANY,                       )

|  | |  |
|---|---|---|
| 1 | Debtors. ) | **NOTICE OF APPEAL AND STATEMENT** |
| 2 | ☐ Affects PG&E Corporation ) | **OF ELECTION TO HAVE APPEAL HEARD** |
| 3 | ☐Affects Pacific Gas and Electric Company ) | **BY UNITED STATES DISTRICT COURT** |
| 4 | ☑ Affects both Debtors. ) | **FOR THE NORTHERN DISTRICT OF** |
| 5 | * All papers shall be filed in the Lead Case ) | **CALIFORNIA** |

NOTICE IS HEREBY GIVEN that City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency hereby both appeal, pursuant to 28 U.S.C. § 158(a)(1), from the *Order Regarding Dispute Between Debtors and California Department of Water Resources* [Dkt. No. 12207], entered on April 22, 2022, a copy of which is attached hereto as **Exhibit A** (the "**Final Order**"), and each of the following interlocutory orders and decisions (collectively with the Final Order, the "**Orders**"):

- *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* [Dkt. No. 11999], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit B**;

- *Order Granting California Department Of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid* [Dkt. No. 12000], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit C**;

- *Order Denying Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* [Dkt. No. 12001], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit D**; and

- *Order Denying Motion to Intervene by City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency* [Dkt. No. 12054], entered on March 22, 2022, a copy of which is attached hereto as **Exhibit E**.

City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency are creditors and parties in interest. 11 U.S.C. §§ 101(10), 1009.

Pursuant to 28 U.S.C. § 158(c)(1), City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency elect to have the appeal heard by the United States District Court for the Northern District of California rather than by the Bankruptcy Appellate Panel for the Ninth Circuit.

The names of the parties to the Orders and Memorandum Decision and the name, address, and telephone number of their respective attorneys, are:

**APPELLANT**

| Party | Counsel |
|---|---|
| **Appellants**<br><br>City of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency | Thomas G. Mouzes (SBN 99446)<br>Robert D. Swanson (SBN 162816)<br>Michael E. Chase (SBN 214506)<br>BOUTIN JONES INC.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br>Telephone: (916) 321-4444<br>Email:  tmouzes@boutinjones.com<br>            rswanson@boutinjones.com<br>            mchase@boutinjones.com<br><br>Lisa S. Gast<br>DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.<br>1667 K Street NW, Suite 700<br>Washington, DC 20006<br>Telephone:  (202) 791-3601<br>Email: lsg@dwgp.com<br><br>JANE LUCKHARDT (SBN 141919)<br>General Counsel<br>NORTHERN CALIFORNIA POWER AGENCY |

|  | 651 Commerce Drive<br>Roseville, CA 95678-6411<br>Phone: 916.781.3636<br>Email: Jane.Luckhardt@ncpa.com |
|---|---|

## APPELLEE

| Party | Counsel |
|---|---|
| **Appellee**<br><br>California Department of Water Resources | ROBERT BONTA<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Email:  Danette.Valdez@doj.ca.gov<br>          Annadel.Almendras@doj.ca.gov<br><br>PAUL J. PASCUZZI, SBN 148810<br>NICHOLAS L. KOHLMEYER, SBN 299087<br>FELDERSTEIN FITZGERALD<br>WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone: (916) 329-7400<br>Fax: (916) 329-7435<br>Email:  ppascuzzi@ffwplaw.com<br>          nkohlmeyer@ffwplaw.com |

## OTHER PARTIES TO THE ORDERS AND MEMORANDUM DECISION

| Party | Counsel |
|---|---|
| **Other Interested Parties**<br><br>PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), as debtors and reorganized debtors (collectively, the "Debtors," or as reorganized pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan* | Richard W. Slack *(pro hac vice)*<br>Theodore E. Tsekerides *(pro hac vice)*<br>Jessica Liou *(pro hac vice)*<br>Matthew Goren *(pro hac vice)*<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Telephone: (212) 310-8000<br>Fax: (212) 310-8007<br>Email:  Richard.slack@weil.com<br>          Theodore.tsekerides@weil.com |

| | |
|---|---|
| *of Reorganization Dated June 19, 2020,* the "Reorganized Debtors") | Jessica.liou@weil.com<br>Matthew.goren@weil.com<br><br>Jane Kim<br>David A. Taylor<br>Thomas B. Rupp<br>KELLER BENVENUTTI KIM LLP<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Telephone: (415) 496-6723<br>Fax: (415) 636-9251<br>Email: jkim@kbkllp.com<br>dtaylor@kbkllp.com<br>trupp@kbkllp.com |

DATED: May 5, 2022.

BOUTIN JONES INC.

By: ____*/s/ Thomas G. Mouzes*____
        Thomas G. Mouzes
        Robert D. Swanson
        Michael E. Chase

-and-

Lisa S. Gast
DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

*Attorney for Creditor and Party-in-Interest, CITY OF SANTA CLARA, dba SILICON VALLEY POWER*

-and-

Jane Luckhardt
General Counsel
NORTHERN CALIFORNIA POWER AGENCY

*Attorney for Creditor and Party-in-Interest NORTHERN CALIFORNIA POWER AGENCY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**(Final Order)**



**Entered on Docket
April 22, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: April 22, 2022**

_Dennis Montali_

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  ROBERT BONTA, SBN 202668
   Attorney General of California
2  DANETTE VALDEZ, SBN 141780
   ANNADEL ALMENDRAS, SBN 19206 ´
3  Supervising Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA 94102-7004
   Telephone: (415) 510-3367
5  Fax: (415) 703-5480
   Danette.Valdez@doj.ca.gov
6  Annadel.Almendras@doj.ca.gov

7  PAUL J. PASCUZZI, SBN 148810
   NICHOLAS L. KOHLMEYER, SBN 299087
8  FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
9  500 Capitol Mall, Suite 2250
   Sacramento, CA 95814
10 Telephone: (916) 329-7400
   Fax: (916) 329-7435
11 ppascuzzi@ffwplaw.com
   nkohlmeyer@ffwplaw.com
12
   Attorneys for California Department of Water
13 Resources, by and through the State Water Project

14                 UNITED STATES BANKRUPTCY COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17
   In re:                                    Bankruptcy Case
18                                            No. 19-30088 (DM)
   PG&E CORPORATION
19                                            Chapter 11
            - and –
20                                            (Lead Case)
   PACIFIC GAS AND ELECTRIC
21 COMPANY,                                   (Jointly Administered)

22          Reorganized Debtors.             **ORDER REGARDING DISPUTE**
                                             **BETWEEN DEBTORS AND CALIFORNIA**
23                                            **DEPARTMENT OF WATER RESOURCES**

24

25  ☐   Affects PG&E Corporation            Date:   April 13, 2022
                                             Time:   10:00 a.m.
26  ☐   Affects Pacific Gas and             Ctrm:   17
        Electric Company                     Judge:  Dennis Montali
27  ☑   Affects both Debtors

28

1       Before the Court is the California Department of Water Resources' Motion for Order

2 Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The

3 Department of Water Resources' Claim No. 78104 be Paid (the "DWR Motion")[1] (Dkt. No. 11887)

4 and the Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and

5 Compelling Arbitration of Claim of California Department of Water Resources (the "Debtors'

6 Motion") (Dkt. No. 11896) in the above captioned chapter 11 cases; and this Court having issued

7 its Memorandum Decision Regarding Dispute Between Debtors and the California Department of

8 Water Resources (Dkt. No. 11999) granting the DWR Motion and denying the Debtors' Motion by

9 orders at Docket Nos. 12000 and 12001, respectively, and setting a further briefing schedule; and

10 the Court having considered and denied the Notice of Appearance and Ex Parte Application for

11 Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power

12 Agency to Intervene and File a Response to California Department of Water Resources' Motion

13 for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that

14 The Department of Water Resources' Claim No. 78104 be Paid (Dkt. 12024 and 12054); and the

15 Court having considered the further briefing by the Debtors (Dkt. No. 12076) and DWR (Dkt. Nos.

16 12129 and 12129-1); and the Court having issued its Tentative Ruling Re Dispute Between Debtors

17 and the California Department of Water Resources ("Tentative Ruling") (Dkt. No. 12147); and the

18 Court having held hearings on March 2, 2022, and April 13, 2022, to consider the arguments and

19 objections of the parties; and this Court, for the reasons stated by this Court on the record at the

20 hearings, having determined that the ruling in the Court's Tentative Ruling should become the final

21 ruling, and after due deliberation and sufficient good cause appearing therefor,

22       IT IS HEREBY ORDERED THAT:

23       1.     The issue of DWR's liability for removal costs under the Castle Rock Agreement

24 was properly before the Court based on the DWR Motion, the Debtors' Motion and the other

25 pleadings and argument made to the Court in these proceedings;

26       2.     There are no material facts in dispute;

27

28  [1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the DWR Motion.

Case: 19-30088   Doc# 12207   Filed: 04/22/22   Entered: 04/22/22 15:43:46   Page 2
of 3
Case: 19-30088   Doc# 12310   Filed: 05/05/22   Entered: 05/05/22 11:22:47   Page 8
of 30

1      3.  DWR's interpretation of the applicable sections of the Castle Rock Agreement is

2    correct;

3      4.  DWR does not owe any estimated future removal costs or anything else to Debtors

4    and the remaining cotenants (City of Santa Clara dba Silicon Valley Power and Northern California

5    Power Agency) under the Castle Rock Agreement; and

6      5.  There are no damages to be assessed, by this Court or by arbitration, under that

7    agreement.

8      IT IS HEREBY FURTHER ORDERED that, except as to the rulings made herein, the Court

9    is not making any ruling as to any dispute between DWR on the one hand, and the City of Santa

10   Clara dba Silicon Valley Power and Northern California Power Agency on the other, under the

11   Transmission Services Agreement between those parties, which issues shall be dealt with outside

12   this Court.

13     IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to hear and

14   determine all matters arising from or related to the implementation, interpretation, or enforcement

15   of this Order. This Order shall be immediately effective and enforceable upon its entry.

16   **APPROVED AS TO FORM**

17   KELLER BENVENUTTI KIM LLP

18   _____

  Jane Kim, Attorneys for Debtors

19   and Reorganized Debtors

20           **END OF ORDER**

21

22

23

24

25

26

27

28

Case: 19-30088 Doc# 12207 Filed: 04/22/22 Entered: 04/22/22 15:43:46 Page 3
of 3
Case: 19-30088 Doc# 12310 Filed: 05/05/22 Entered: 05/05/22 11:22:47 Page 9
of 30

1

**<u>EXHIBIT B</u>**

2

**(Memorandum Decision dated March 8, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

*[signature]*

5

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

6

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9  | In re:                              )    Bankruptcy Case
10 |                                     )    No. 19-30088-DM
   | PG&E CORPORATION,                   )
11 |                                     )    Chapter 11
12 |              - and -                )
   |                                     )    Jointly Administered
13 | PACIFIC GAS AND ELECTRIC COMPANY,)
   |                                     )
14 |         Reorganized Debtors.        )
   |                                     )
15 |                                     )
   | ☐ Affects PG&E Corporation          )
16 | ☐ Affects Pacific Gas and           )
   |     Electric Company                )
17 | ☒ Affects both Debtors              )
18 |                                     )
   | * All papers shall be filed in     )
19 | the Lead Case, No. 19-30088 (DM).   )
20 |                                     )
   |                                     )
21 |_____)

22

## MEMORANDUM DECISION REGARDING DISPUTE BETWEEN DEBTORS AND THE
23 ## CALIFORNIA DEPARTMENT OF WATER RESOURCES

24        On March 2, 2022, the court heard oral argument regarding

25 *California Department of Water Resources' Motion for Order*

26 *Determining that The Castle Rock Agreement with PG&E Cannot be*

27 *Assumed and that The Department of Water Resources' Claim No.*

28 *78104 be Paid* (the "DWR Motion") (Dkt. 11887) and the *Motion of*

                                   -1-

1 | *the Reorganized Debtors for Entry of an Order Modifying Plan*
2 | *Injunction and Compelling Arbitration of Claim of California*
3 | *Department of Water Resources* (the "Debtors' Motion") (Dkt.
4 | 11896), together with the accompanying memoranda, declarations
5 | and other filings.
6 |  Having considered the matters fully, the court concludes
7 | that the DWR Motion should be GRANTED and the Debtors' Motion
8 | should be DENIED.
9 |  Long before these bankruptcy cases were filed, the dispute
10 | between these opposing parties was identified and framed, and
11 | either side could have initiated the arbitration procedures of
12 | the 1984 Cotenancy Agreement ("Agreement"). Neither did. Even
13 | after the petitions were filed on January 29, 2019, that
14 | procedure was available, either by DWR, perhaps after first
15 | seeking relief from stay, or by Debtors. Again, neither pursued
16 | that procedure.
17 |  All that changed when the Debtors' Plan of Reorganization
18 | (the "Plan") was negotiated, filed, considered and confirmed.
19 | As pointed out by DWR, specific provisions were inserted into
20 | the Plan and the Order Confirming the Plan (the "OCP") to deal
21 | with and reserve for later resolution very numerous open issues
22 | relating to executory contracts between Debtors and many
23 | governmental agencies, including DWR.
24 |  Among the most relevant of them are:
25 | 34. <u>Determination of Cure Disputes.</u>
26 | a. Pursuant to Section 8.2(c) of the Plan, **in the event**
   | **of an unresolved dispute regarding** (i) any Cure Amount,
27 | (ii) the ability of the Reorganized Debtors or any
   | assignee to provide "adequate assurance of future
28 | performance" (within the meaning of section 365 of the

-2-

Case: 19-30088 Doc# 11999 Filed: 03/08/22 Entered: 03/08/22 15:41:08 Page 2
of 8
Case: 19-30088 Doc# 12310 Filed: 05/05/22 Entered: 05/05/22 11:22:47 Page 12
of 30

Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or **(iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, a "Cure Dispute"), such Cure Dispute shall be resolved by a Final Order of the Court,** which may be entered after the Effective Date. (emphasis added).

67. <u>Governmental Performance Obligations.</u>
d. Notwithstanding anything in this Confirmation Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in the Debtors' schedules or Plan Documents (a "Potentially Assumed Contract/Lease") is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in section 365 of the Bankruptcy Code. With respect to any Cure Amount for a Potentially Assumed Contract/Lease for which the United States or any department, agency, or instrumentality of the State of California (collectively, the "Governmental Parties") is listed as the Non-Debtor Counterparty, all parties reserve all rights to dispute such Cure Amount. **If any Governmental Party disputes (i) that any Potentially Assumed Contract/Lease is in fact an executory contract or unexpired lease** or (ii) any Cure Amount, such Governmental Party shall have no later than ninety (90) days after the Confirmation Date (or such later date as may be mutually agreed upon between the applicable Governmental Party and the Debtors or Reorganized Debtors) to file and serve an objection setting forth such dispute, and **any such dispute shall be resolved by the Bankruptcy Court.** (Emphasis added).

DWR is adamant that after it gave its notice of termination of its participation in the Agreement on June 30, 2018, effective one year later, there was nothing left for it to do or for Debtors to assume. All that remains is for Debtors to pay a refund of $101,026.75, now reflected in Proof of Claim No. 78104 that is presumptively allowed and has not been the subject of an objection.

-3-

1    Debtors take a contrary view, reflected as early as when
2  the court was considering confirmation of the Plan.  Debtors
3  filed their *Schedule of Executory Contracts and Unexpired Leases*
4  *to be Assumed Pursuant to the Plan and Proposed Cure Amounts*
5  attached to the Plan Supplement as Exhibit B ("Cure Notice")
6  (Dkt. 7037).

7    That lengthy schedule included the Agreement.  Thus, even
8  to the present date, Debtors maintain that the Agreement was
9  subject to assumption because it was not rejected, and the
10 resolution of the remaining dispute that is the subject of the
11 present motions is part and parcel of the entire bundle of
12 rights and obligations of the parties that must be resolved
13 through arbitration.

14    Given the very specific attention given to matters that
15 plainly include the present dispute, the court is satisfied that
16 the Plan and the OCP reserving jurisdiction in this court to
17 resolve them prevail over those relied on by Debtors to require
18 the court to order arbitration.

19    In *In re Thorpe Insulation Co.,* 671 F.3d 1011 (9th Cir.
20 2012), the court established the principles that guide
21 bankruptcy courts in dealing with arbitration provisions versus
22 bankruptcy alternatives.  Those principles convince this court
23 to exercise its discretion not to order arbitration at present.

24    *Thorpe* involved a very complex reorganization of an
25 asbestos mass torts case and the implementation of 11 U.S.C. §
26 524(g).  It was a dispute of massive proportions and was
27 obviously quite critical to the outcome of the bankruptcy as a
28 whole.

-4-

1      In contrast, Debtors would not have been in bankruptcy at
2 all but for the tragic wildfires of 2015, 2017 and 2018, none of
3 which have anything to do with the present dispute.  It is easy
4 to assume that had those fires not occurred, no bankruptcy court
5 would have been called upon to deal with the present dispute
6 with DWR.

7      The determination of whether the Agreement is an executory
8 contract that may be assumed, and if so under what circumstances
9 and leading to what consequences, is clearly a core matter for
10 determination unless the arbitration option is more appropriate.
11 The core question is not a dispositive factor, but one that
12 should be considered.  *Thorpe* taught that"[i]n core proceedings,
13 by contrast, the bankruptcy court at least when it sees a
14 conflict with bankruptcy law, has discretion to deny enforcement
15 of an arbitration agreement." *Thorpe* 671 F.3d at 1021 (citations
16 omitted).

17      The Ninth Circuit agreed with other circuit courts that
18 permit bankruptcy court discretion to decline enforcement or
19 otherwise applicable arbitration provisions "only if arbitration
20 would conflict the underlying purposes of the Bankruptcy Code."
21 *Id.* (citations omitted).  Had either party initiated arbitration
22 after DWR gave its notice of termination in 2018 but before the
23 bankruptcy, there is no doubt that such course would have to be
24 followed.  Even if either party had sought to do so after
25 bankruptcy, but before consideration of the Plan, the same
26 result appears likely.

27      Regardless of what could have happened, Debtors chose to
28 reserve the disposition of this dispute as a post-Confirmation

-5-

matter as indicated above.  While this court is not unmindful of
the tremendous complexity of the reorganization effort, and even
the complexities encountered apart from the wildfire problems,
Debtors still made an election of how best to proceed.  They
could have excluded the Agreement from the list of matters to be
disposed of later but did not.  Thus, the deferral of resolving
the issue through the plan mechanisms was a conscious choice.

*Thorpe* stated:

> "Arbitration of a creditor's claim against a debtor, even
> if conducted expeditiously, prevents the coordinated
> resolution of debtor-creditor rights and can delay the
> confirmation of a plan of reorganization."

*Id.* at 1023.

There was no delay in consideration of the Plan and its
subsequent confirmation and implementation.  The court cannot
ignore that conscious choice of the Debtors to proceed under the
procedures and reservations they established and which DWR and
other governmental agencies responded by their reservation of
rights as noted.

Even though this issue is presented to the court nearly two
years after the Plan was confirmed, there is still a risk that
an outcome achieved via arbitration, at least on the issues of
whether the Agreement was to the reserved assumption provisions
of the Plan at all, and whether DWR could be required to pay
anything after it gave its notice of termination, would conflict
with those policies articulated by *Thorpe* and memorialized in
the Plan and the OCP.

Under the circumstances presented, and consistent with the
admonitions of *Thorpe*, the court prefers to exercise its

-6-

1  discretion and keep that dispute here.  If the outcome is as DWR
2  hopes, the matter is over, subject only to the possibility of
3  appellate review.  If the outcome favors Debtors, the question
4  of liquidation of the amount of damages to be paid by DWR may be
5  more appropriately determined through arbitration.

6       There are no material facts in dispute regarding whether
7  DWR should or should not be ordered to pay its share of the net
8  loss upon termination of the Agreement.  DWR looks to Section
9  14.5 of the Agreement to insulate it from such a charge because
10 the other parties continued to operate under it.  Debtors rely
11 on Section 14.7 to hold DWR responsible for its share for
12 termination in the future.

13      Collateral to that, and of relatively minor importance, is
14 whether Claim No. 78104 should be paid.  So far Debtors have not
15 asserted any substantive objection to it, but maintain that if
16 they prevail on the termination issue that would represent
17 little more than a minor offset in DWR's favor.

18      It is now time to put this dispute to rest.  Debtors have
19 until March 25, 2022, to file a memorandum, not to exceed twenty
20 pages and limited to this discrete issue described above, in
21 support of their position.  DWR has until April 8, 2022, to file
22 a reply memorandum, not to exceed twenty pages and similarly
23 limited.  After that the matter will stand submitted unless the
24 court decides to consider oral argument.

25      If the decision is that DWR prevails, then that should be
26 the end of it, subject only to Debtors paying Claim No. 78104.
27 If Debtors prevail on that discrete issue, the court will
28 revisit the question of the amount DWR's future liability upon

-7-

1  termination should be determined through arbitration or via a
2  damages trial in this court.
3       The court is concurrently issuing orders consistent with
4  this Memorandum Decision.
5                    **END OF MEMORANDUM DECISION**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                              -8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

**(Order Granting CDWR Motion Dated March 8, 2022)**

Exhibit C
Page 20

**Entered on Docket
March 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 8, 2022

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

PG&E CORPORATION,

   - and -

PACIFIC GAS AND ELECTRIC COMPANY,

   Reorganized Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and
  Electric Company
☒ Affects both Debtors

* *All papers shall be filed in*
*the Lead Case, No. 19-30088 (DM).*

) Bankruptcy Case
) No. 19-30088-DM
)
) Chapter 11
)
) Jointly Administered
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER GRANTING CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION
FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E
CANNOT BE ASSUMED AND CLAIM NO. 78104 BE PAID**

For the reasons stated in the Memorandum Decision Regarding
Dispute Between Debtors and The California Department of Water
Resources being issued concurrently, *California Department of*
*Water Resources' Motion for Order Determining that The Castle*

-1-

Case: 19-30088 Doc# 12000 Filed: 03/08/22 Entered: 03/08/22 15:49:19 Page 1
of 2
Case: 19-30088 Doc# 12310 Filed: 05/05/22 Entered: 05/05/22 11:22:47 Page 20
of 30

Exhibit C
Page 21

1  *Rock Agreement with PG&E Cannot be Assumed and that The*

2  *Department of Water Resources' Claim No. 78104 be Paid* (Dkt.

3  11887) is GRANTED.

4                    **\*\*END OF ORDER\*\***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

**(Order Denying PG&E Motion Dated March 8, 2022)**



**Entered on Docket**
**March 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 8, 2022

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088-DM |
| PG&E CORPORATION, | |
| - and - | Chapter 11 |
| PACIFIC GAS AND ELECTRIC COMPANY, | Jointly Administered |
| Reorganized Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | |

**ORDER DENYING DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING PLAN INJUNCTION AND COMPELLING ARBITRATION OF CLAIM OF CALIFORNIA DEPARTMENT OF WATER RESOURCES**

For the reasons stated in the Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources being issued concurrently, the *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan*

-1-

1   *Injunction and Compelling Arbitration of Claim of California*

2   *Department of Water Resources* (Dkt. 11896) is DENIED.

3   **\*\*END OF ORDER\*\***

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

**EXHIBIT E**

2

**(Order Denying Motion to Intervene Entered March 22, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Entered on Docket**
**March 22, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 21, 2022

_Dennis Montali_

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 (DM). | ) |
| | ) |

ORDER DENYING MOTION TO INTERVENE BY CITY OF SANTA CLARA, DBA
SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY

On March 15, 2022, interested parties City of Santa Clara,
dba Silicon Valley Power ("SVP") and Northern California Power
Agency ("NCPA") filed a _Notice of Appearance and Ex Parte
Application for Order Authorizing City of Santa Clara, dba
Silicon Valley Power and Northern California Power Agency to
Intervene and File a Response to California Department of Water_

-1-

1  *Resources' Motion for Order Determining that the Castle Rock*
2  *Agreement Cannot Be Assumed and that the Department of Water*
3  *Resources Claim No. 78014 be Paid* (the "Intervention Motion")
4  (Dkt. 12024). On March 17, 2022 the California Department of
5  Water Resources' ("DWR") filed an Opposition to the Intervention
6  Motion (Dkt. 12035).

7  The Intervention Motion seeks to enter the fray of a
8  longstanding and nearly adjudicated dispute by filing a brief
9  according to the schedule set by the court's *Memorandum Decision*
10 *Regarding Dispute Between Debtors and the California Department*
11 *of Water Resources* (Dkt. 11999) (the "Memo"). The Memo detailed
12 the court's decision to grant DWR's *Motion for Order Determining*
13 *that the Castle Rock Agreement with PG&E Cannot be Assumed and*
14 *Claim No. 78104 be Paid* ("DWR Motion") (Dkt. 11887) and
15 subsequently set a further briefing schedule for DWR and
16 Debtors. SVP and NCPA were both served notice of the DWR Motion
17 when it was first filed on February 1, 2022. The Intervention
18 Motion makes clear that SVP and NCPA conferred with Debtors and
19 deliberately chose not to respond to the substance of the DWR
20 Motion in the belief that Debtors would prevail in their *Motion*
21 *of the Reorganized Debtors for Entry of an Order Modifying Plan*
22 *Injunction and Compelling Arbitration of Claim of California*
23 *Department of Water Resources* (Dkt. 11896), which the court
24 denied.

25 In the related dispute between Debtors and DWR, DWR
26 acknowledged the existence of an agreement among it, SVP and
27 NCPA (but not Debtors) known as the Layoff Agreement.
28 Responding to the *Reorganized Debtors' Motion for Order*

-2-

1  *Modifying Plan Injunction and Compelling Arbitration* (Dkt.
2  11896), DWR stated:

3

4          Whether DWR effectively terminated its interest in
           the Castle Rock Agreement is a separate issue that
5          can be determined without reference to the Layoff
           Agreement. To the extent that NCPA and SVP believe
6          they may have any cognizable action against DWR,
           they should pursue it in state court rather than
7          attempt to manipulate the bankruptcy court
           proceeding to seek relief through the Executory
8          Contract and Cure Dispute and claims allowance
9          process. (Dkt. 11942 at 14).

10

11         In determining whether a motion to intervene is timely,
12  courts consider three factors: "(1) the stage of the
13  proceedings; (2) whether the parties would be prejudiced; and
14  (3) the reason for any delay in moving to intervene." *Nw. Forest*
15  *Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as*
16  *amended on denial of reh'g* (May 30, 1996). As noted above, SVP
17  and NCPA chose not to participate in the DWR Motion for the past
18  month and a half while DWR made clear its interest in
19  determining the merits of the DWR Motion as to the Debtors from
20  the beginning. They remained on the sideline, casting their
21  fate with the Reorganized Debtors. To allow them to have a
22  second chance now would not be fair to DWR.
23         The proceedings are nearly over, DWR would be prejudiced in
24  having previously defaulted parties enter the fray, and the
25  reason for the delay is entirely the choice of SVP and NCPA.
26  All three factors weigh in favor of denying the Intervention
27  Motion. Even without intervention, DWR, SVP, and NCPA will
28

-3-

1  still be able to determine remaining rights under the Layoff

2  Agreement in another forum.

3       Accordingly, the Intervention Motion is DENIED.

4                          **END OF ORDER**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1 <u>COURT SERVICE LIST</u>

2 ECF Recipients

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-