**EXHIBIT E**

**(Order Denying Motion to Intervene Entered March 22, 2022)**

Entered on Docket
March 22, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 21, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

<u>ORDER DENYING MOTION TO INTERVENE BY CITY OF SANTA CLARA, DBA SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY</u>

On March 15, 2022, interested parties City of Santa Clara, dba Silicon Valley Power ("SVP") and Northern California Power Agency ("NCPA") filed a *Notice of Appearance and Ex Parte Application for Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water*

*Resources' Motion for Order Determining that the Castle Rock Agreement Cannot Be Assumed and that the Department of Water Resources Claim No. 78014 be Paid* (the "Intervention Motion") (Dkt. 12024). On March 17, 2022 the California Department of Water Resources' ("DWR") filed an Opposition to the Intervention Motion (Dkt. 12035).

The Intervention Motion seeks to enter the fray of a longstanding and nearly adjudicated dispute by filing a brief according to the schedule set by the court's *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* (Dkt. 11999) (the "Memo"). The Memo detailed the court's decision to grant DWR's *Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and Claim No. 78104 be Paid* ("DWR Motion") (Dkt. 11887) and subsequently set a further briefing schedule for DWR and Debtors. SVP and NCPA were both served notice of the DWR Motion when it was first filed on February 1, 2022. The Intervention Motion makes clear that SVP and NCPA conferred with Debtors and deliberately chose not to respond to the substance of the DWR Motion in the belief that Debtors would prevail in their *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (Dkt. 11896), which the court denied.

In the related dispute between Debtors and DWR, DWR acknowledged the existence of an agreement among it, SVP and NCPA (but not Debtors) known as the Layoff Agreement. Responding to the *Reorganized Debtors' Motion for Order*

-2-

*Modifying Plan Injunction and Compelling Arbitration* (Dkt. 11896), DWR stated:

> Whether DWR effectively terminated its interest in the Castle Rock Agreement is a separate issue that can be determined without reference to the Layoff Agreement. To the extent that NCPA and SVP believe they may have any cognizable action against DWR, they should pursue it in state court rather than attempt to manipulate the bankruptcy court proceeding to seek relief through the Executory Contract and Cure Dispute and claims allowance process. (Dkt. 11942 at 14).

In determining whether a motion to intervene is timely, courts consider three factors: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). As noted above, SVP and NCPA chose not to participate in the DWR Motion for the past month and a half while DWR made clear its interest in determining the merits of the DWR Motion as to the Debtors from the beginning. They remained on the sideline, casting their fate with the Reorganized Debtors. To allow them to have a second chance now would not be fair to DWR.

The proceedings are nearly over, DWR would be prejudiced in having previously defaulted parties enter the fray, and the reason for the delay is entirely the choice of SVP and NCPA. All three factors weigh in favor of denying the Intervention Motion. Even without intervention, DWR, SVP, and NCPA will

still be able to determine remaining rights under the Layoff Agreement in another forum.

Accordingly, the Intervention Motion is DENIED.

**END OF ORDER**

-4-

COURT SERVICE LIST

ECF Recipients