Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys forFire Victim Claimants, including Ryan Rogers

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:* <br><br> PG&E CORPORATION <br><br> -and- <br><br> PACIFIC GAS AND ELECTRIC COMPANY <br>        Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas & Electric <br><br> ■ Affects Both Debtors <br><br> *All papers shall be filed in the Lead Case, No.19-30088 (DM)* <br> _____ | **Case No. 19-30088 (DM)** <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY RYAN ROGERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RYAN ROGERS** <br><br> Date:  June 7, 2022 <br> Time: 10:00 a.m. <br> Place: **To Be Held Telephonically** <br>       United States Bankruptcy Court <br>       Courtroom 17 <br>       450 Golden Gate Avenue <br>       16th Floor <br>       San Francisco, CA <br> Judge: Honorable Dennis Montali <br><br> **Objection Deadline: May 31, 2022** |

The Kane Law Firm respectfully files this motion to allow the late filing of a proof of claim and deem the proof of claim as having been timely filed for the moving party herein, Ryan Rogers.

///

# I.
# SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor,

2. The length of delay and its potential impact on judicial proceedings,

3. The reason for the delay, including whether it was within the reasonable control of the movant, and

4. Whether the movant acted in good faith. *Pioneer Investment Services*, *supra* at 395.

In this case, Ryan Rogers assisted with the evacuation of his parents who lived at 5086 Foster Road, Paradise, CA. Although Ryan Rogers did not live at this residence, he had stored personal property there that was destroyed in the fire. The evacuation took nearly six hours. He and his family evacuated to Chico, California and stayed in Ryan Rogers' two-bedroom apartment for approximately one month. Mr. Rogers only recently came to learn that he could file a claim for personal property that was destroyed by the fire at his parents' house and for emotional distress damages. (See Declaration of Ryan Rogers).

As set forth below, the movant meets all these factors. Indeed, if this motion is ***not*** granted, it is the movant who will suffer substantial prejudice.

# II.
# PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

# III.

# FACTUAL BACKGROUND

Ryan Rogers learned of the fire while he was working in Chico, California. He immediately drove to his parents' home located at 5086 Foster Road, Paradise, California to assist his family to evacuate, including his parents, brother, grandparents, and great-grandfather. The evacuation took nearly six hours. Family members stayed at his two-bedroom apartment in Chico for approximately one month. Not only did Mr. Rogers suffer emotional distress because of the fire but he lost personal property stored at his parents' home that was burned in the fire. He was not aware that he could make a claim for personal property as he did not own the house where it was burned. He also recently learned that he could file a claim for emotional distress. (See Declaration of Ryan Rogers.) Ryan Rogers has filed a Claim, which was assigned Number 108346. (See Exhibit A – Proof of Claim)

# IV.

# ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations (not reconsiderations or appeals) on approximately 50% of all claims. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Ryan Rogers simply misunderstood the process. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.),* 450 F.3d 996, 1006 (9th Cir. 2006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Ryan Rogers acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. (See e.g., *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533 where relief was denied because counsel purposefully chose not to oppose a motion as a litigation tactic). Here the delay was inadvertent and the movant's lack of understanding of the claims process after a trust fund had already been established to satisfy the claim.

And, finally, the likelihood of injustice is great if this claim is not permitted. Ryan Rogers is a Camp Fire victim whose primary avenue for compensation is through this bankruptcy.

## V.

## **CONCLUSION**

For the reasons set forth above, Movant respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that the Movant be allowed to file a Proof of Claim and deem it as having been timely filed;

///

3. Granting such other or further relief as the Court deems just and proper.

Dated: May 3, 2022          Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/_____
BONNIE E. KANE
Attorneys for Ryan Rogers