**LEVIN LAW GROUP PLC**
EMILY S. LEVIN (SBN 232366)
emily@levinlawgroupplc.com
2615 Forest Avenue, Suite 120
Chico, California 95928
Telephone: 530-353-1679
Facsimile: 877-310-0160

Attorneys for Deborah Strait, Authorized Representative of
Claimants Brent Massae (deceased) and Katherine Massae (deceased)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>And<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>X – Affects Both Debtors | CASE NO. 19-30088-DM<br><br>**MOTION PURSUANT TO FED. R. BANKR. 9006(b)(1) TO DEEM BRENT MASSAE'S CLAIM TIMELY FILED**<br><br>Date:    June 29, 2022<br>Time:   10:00 a.m.<br>Place:   Via Telephonically<br>           450 Golden Gate Avenue<br>           Courtroom 17<br>           San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali<br><br>Objection Deadline: May 31, 2022 |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Deborah Strait, authorized representative of Brent Massae (deceased) moves for an order expanding time to file a Proof of Claim, and allow, Claim Number 96138, that was executed on December 29, 2019 (marked received on January 2, 2020 (and submitted with this motion as "Exhibit A", to be considered timely.

## I. SUMMARY OF ARGUMENT

Under the flexible standard for excusable neglect, Brent Massae's claim should be allowed. Brent Massae died April 4, 2019, before the order setting the deadline to file a proof of claim was issued. Katherine, Brent's wife, who survived him, was not aware of any requirement that she file a claim in advance of her husband's death in order to preserve his emotional distress claims. The circumstances surrounding this case constitute excusable neglect pursuant to the standards set forth in Services v. Brunswick Associated Ltd. Partnership 507 U.S. 380 (1993). Allowing this case to proceed does not present any prejudice to the Debtors, nor does it delay the attendant judicial proceedings. This motion is made in good faith and to deny this claim would result in injustice to the Claimant. This motion is based upon the points and authorities set forth herein and concurrently.

## II. PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. See Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the Bar Date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. See Dkt. 2806. That deadline was extended to December 31, 2019 ("the "Extended Bar date."). See Dkt. 4872.

## III. FACTUAL BACKGROUND

Brent and Katherine Massae suffered a total loss of their home and all their belongings contained therein as a result of the November 8, 2018 Camp Fire (the "Fire"). After the Fire, Brent (age 74) and his wife Katherine Massae (age 76) stayed in a borrowed camper. Petitioner, Deborah Straight, the couple's daughter, helped her parents navigate the post-Fire landscape, including but not limited to interfacing with the insurance company and inspectors, helping them pick up what pieces were left (see attached Declaration of D. Strait). Brent had a pre-existing heart conditioned

2
**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

Case: 19-30088    Doc# 12339    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 2 of 5

which was worsened by the stressful times following the Fire. Katherine also suffered from PTSD, high blood pressure and joint pain. In the months after the Fire, Katherine and Brent struggled to get their bearings. Deborah noticed that her mother Katherine was very forgetful, often confused, and overwhelmed and thought she was likely suffering from early effects of dementia, PTSD from the fire, and old age.

The Massae's moved back to Paradise in late January of 2019. In that intervening time Katherine was too traumatized to think about the Fire, let alone file a proof of claim. Brent died soon thereafter on April 4, 2019. After that, Katherine became despondent and helpless, unable to care for herself. Deborah was aware of the December 31, 2019 deadline and, after much convincing, Katherine Massae filed a timely proof of claim (POC No. 92859; Exh. B) through Deborah's email on December 31, 2019. Katherine and Deborah, however, struggled with the form of the POC and could not figure out where to add Brent's name and therefore only identified Katherine in the proof of claim. However, unbeknownst to Deborah, apparently Katherine, with what we assume was the help of a neighbor, had filed a prior proof of claim (No. 96138, Exh. C) identifying both herself and Brent as claimants, which was executed by Katherine on December 29, 2019, marked received by the Sacramento post office on either December 30 or 31, 2019 and received by Prime Clerk on January 2, 2020.

Brent passed away before any deadline to file a proof of claim was set by Court order. Further, neither Deborah nor her mother Katherine were aware, at the time of Brent's death, that a proof of claim must be filed prior to a claimant's death in order to preserve his or her claims nor did they have the benefit of any counsel (who was not retained until June of 2020) to so advise them.

### IV. ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

(1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by

3

**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed R. Bank. Proc. 9006(b)(1). Emphasis supplied.

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

"We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship*, 507 U.S. 380, 395 (1993).

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. In re Sacred Heart Hosp. 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.") Further, the delay is not significant. The Trust has only completed determinations on approximately 40% of all claims. Allowing the late claim will not delay the proceedings. The reason for the delay in filing a claim was that the deadline was set after Brent's death; therefore, the likelihood of injustice is great if this claim is not permitted.

///

4
**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

## V. CONCLUSION

For all of the above reasons, the motion should be granted, and Brent Massae's emotional distress claims should be allowed to proceed and be deemed timely.

DATED: May 9, 2022                              LEVIN LAW GROUP PLC

By: /s/ Emily S. Levin
EMILY S. LEVIN
Attorneys for Brent Massae and Katherine Massae