CERTIFICATION OF TRUST OF
THE MASSAE TRUST
DATED JULY 28, 2009

TO: ALL BANKS, SAVINGS AND LOAN ASSOCIATIONS, MUTUAL FUNDS BROKERS, TITLE INSURERS, TRANSFER AGENTS, AND OTHER PERSONS AND INSTITUTIONS

I, Deborah Ann Strait, as Trustee of the Massae Trust dated July 28, 2009, certify as follows:

### 1. CREATION OF TRUST

The trust was created on July 28, 2009, by Brent Massae and Katherine Massae, Settlors, under a trust agreement executed on that date. The trust was entirely restated (Second Restatement) on October 11, 2013.

### 2. NAME OF TRUST

The name of the trust is Massae Trust dated July 28, 2009.

### 3. TRUSTEE[S]

The current acting Trustee of the trust is Deborah Ann Strait.

### 4. TRUST PROPERTY

The Trustee, Deborah Ann Strait, is now holding, as Trustee of the trust, one or more items of property which constitute the trust property.

### 5. IRREVOCABILITY OF TRUST

The trust is irrevocable.

### 6. POWERS OF TRUSTEE

The attached copies of pages 1, 2, 11, 12, 13, 14, 15, 16, 23, 24 and 25 of the second restated trust agreement are true and correct copies of those pages, and state the identity of the Trustee, define the signature authority of the Trustee, and list relevant powers of the Trustee.

### 7. TAXPAYER IDENTIFICATION NUMBER

The Taxpayer Identification Number of this trust is 87-6301878.

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 1 of 16

## 8. MANNER IN WHICH TITLE TO ASSETS SHOULD BE TAKEN

Title to trust assets should be taken in the following form: Deborah Ann Strait, Trustee of the Massae Trust dated July 28, 2009.

## 9. NO REVOCATIONS, MODIFICATIONS, or AMENDMENTS

The trust has not been revoked, modified, or amended in any manner that would cause the representations contained in this certification of trust to be incorrect.

## 10. SIGNED BY ALL CURRENTLY ACTING TRUSTEES

This certification is being signed by all of the currently acting Trustees of the trust.

## 11. ACCURACY

This certification of trust is a true and accurate statement of the matters referred to herein.

## 12. RELIANCE ON THIS CERTIFICATION

This certification is made in accordance with California Probate Code Section 18100.5, a copy of which is attached to this instrument. Any transaction entered into by a person acting in reliance on this certification shall be enforceable against the trust assets.

CALIFORNIA PROBATE CODE SECTION 18100.5(h) PROVIDES THAT ANY PERSON WHO REFUSES TO ACCEPT THIS CERTIFICATION IN LIEU OF THE ORIGINAL TRUST DOCUMENTS WILL BE LIABLE FOR DAMAGES, INCLUDING ATTORNEYS' FEES, INCURRED AS A RESULT OF THAT REFUSAL, IF THE COURT DETERMINES THAT THE PERSON ACTED IN BAD FAITH IN REQUESTING THE TRUST DOCUMENTS.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3 June, 2021

_____
Deborah Ann Strait, Trustee

Certification of Trust of the Massae Trust
McKernan, Lanam, Bakke & Williams, LLP
Attorneys at Law
Chico, California

Page 2 of 5

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 2 of 16

# CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of Butte      )

On 6-3-21, before me, Kristina L. Zinn, a Notary Public, personally appeared Deborah Ann Strait, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

KRISTINA L. ZINN
Notary Public - California
Butte County
Commission # 2354957
My Comm. Expires Apr 20, 2025

Re: Certification of Trust of The Massae Trust dated July 28, 2009

Certification of Trust of the Massae Trust
McKernan, Lanam, Bakke & Williams, LLP
Attorneys at Law
Chico, California

Page 3 of 5

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 3 of 16

# TEXT OF CALIFORNIA PROBATE CODE SECTION 18100.5

§ 18100.5.

(a) The trustee may present a certification of trust to any person in lieu of providing a copy of the trust instrument to establish the existence or terms of the trust. A certification of trust may be executed by the trustee voluntarily or at the request of the person with whom the trustee is dealing.

(b) The certification of trust may confirm the following facts or contain the following information:

(1) The existence of the trust and date of execution of the trust instrument.

(2) The identity of the settlor or settlors and the currently acting trustee or trustees of the trust.

(3) The powers of the trustee.

(4) The revocability or irrevocability of the trust and the identity of any person holding any power to revoke the trust.

(5) When there are multiple trustees, the signature authority of the trustees, indicating whether all or less than all of the currently acting trustees are required to sign in order to exercise various powers of the trustee.

(6) The trust identification number, whether a social security number or an employer identification number.

(7) The manner in which title to trust assets should be taken.

(c) The certification shall contain a statement that the trust has not been revoked, modified, or amended in any manner which would cause the representations contained in the certification of trust to be incorrect and shall contain a statement that it is being signed by all of the currently acting trustees of the trust. The certification shall be in the form of an acknowledged declaration signed by all currently acting trustees of the trust.

(d) The certification of trust shall not be required to contain the dispositive provisions of the trust which set forth the distribution of the trust estate.

(e) A person may require that the trustee offering the certification of trust provide copies of those excerpts from the original trust documents and amendments thereto which designate the trustee and confer upon the trustee the power to act in the pending transaction. Nothing in this section is intended to require or imply an obligation to provide the dispositive provisions of the trust or the entire trust and amendments thereto.

Certification of Trust of the Massac Trust
McKernan, Lanam, Bakke & Williams, LLP
Attorneys at Law
Chico, California

Page 4 of 5

Case: 19-30088   Doc# 12339-4   Filed: 05/09/22   Entered: 05/09/22 15:48:22   Page 4 of 16

(f)	A person who acts in reliance upon a certification of trust without actual knowledge that the representations contained therein are incorrect is not liable to any person for so acting. A person who does not have actual knowledge that the facts contained in the certification of trust are incorrect may assume without inquiry the existence of the facts contained in the certification of trust. Actual knowledge shall not be inferred solely from the fact that a copy of all or part of the trust instrument is held by the person relying upon the trust certification. Any transaction, and any lien created thereby, entered into by the trustee and a person acting in reliance upon a certification of trust shall be enforceable against the trust assets. However, if the person has actual knowledge that the trustee is acting outside the scope of the trust, then the transaction is not enforceable against the trust assets. Nothing contained herein shall limit the rights of the beneficiaries of the trust against the trustee.

(g)	A person's failure to demand a certification of trust does not affect the protection provided that person by Section 18100, and no inference as to whether that person has acted in good faith may be drawn from the failure to demand a certification of trust. Nothing in this section is intended to create an implication that a person is liable for acting in reliance upon a certification of trust under circumstances where the requirements of this section are not satisfied.

(h)	Except when requested by a beneficiary or in the context of litigation concerning a trust and subject to the provisions of subdivision (e), any person making a demand for the trust documents in addition to a certification of trust to prove facts set forth in the certification of trust acceptable to the third party shall be liable for damages, including attorney's fees, incurred as a result of the refusal to accept the certification of trust in lieu of the requested documents if the court determines that the person acted in bad faith in requesting the trust documents.

Certification of Trust of the Massac Trust
McKernan, Lanam, Bakke & Williams, LLP
Attorneys at Law
Chico, California

Page 5 of 5

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 5 of 16

# SECOND RESTATEMENT OF THE

# MASSAE TRUST

# DATED JULY 28, 2009

We, Brent Massae ("Husband") and Katherine Massae, ("Wife"), are the Settlors and Trustees of The Massae Trust Dated July 28, 2009. Pursuant to the powers provided in Article 4, Section 1.d. of The Massae Trust Dated July 28, 2009, we hereby amend the trust in its entirety, said amendment hereinafter referred to as the Second Restatement of Trust.

We have no issue of our marriage. Husband has one (1) presumably living child, namely, MECHELLE ANNA BRUNING, and one (1) predeceased child, namely, ANNA MASSAE. Wife has one (1) living child, namely, DEBORAH ANN STRAIT, and two (2) predeceased children, namely, RACHAEL KATHERINE MASSAE BELL and ANDREA LYNN CURRY. We have no other issue, living or deceased.

## ARTICLE I
## DESIGNATION OF TRUSTEE

A. <u>Designation of Trustees and Successor Trustees</u>. Husband and Wife are hereby designated as Co-Trustees of all trusts created by or to be created pursuant to this declaration of trust. Should either Husband or Wife become unable because of death, incapacity, or other cause to serve as such Co-Trustee, or should either resign as such Co-Trustee, before the natural termination of all trusts provided for in this declaration, the remaining Co-Trustee, Husband or Wife, shall thereafter serve as sole Trustee of all trusts provided for in this declaration.

During such time as both Settlors are serving as the only Trustees, either may be the sole signatory of all checks and other withdrawal instruments drawn on any trust account and of any instruments of conveyance of trust property other than real property. A Settlor who is serving as a Co-Trustee and operating or managing a business may, acting alone, sell, exchange, encumber, or dispose of that business in accordance with the requirements of Family Code section 1100(d) if the business is a part of the community estate.

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 6 of 16

If the office of trustee becomes vacant by reason of death, incapacity, or any other reason, and no Successor Trustee or Co-Trustees have been designated under any other provision of this trust instrument, the following, in the order of priority indicated, shall be Trustee:

First, Deborah Ann Strait

Second, Julie Lucille Decker

In the event Co-Trustees have been designated to serve, the Co-Trustees may act jointly or severally in their exercise of management and control of financial accounts, including, but not limited to, the transfer or withdrawal of funds. Should any Co-Trustee solely exercise his or her authority under this provision, said acting Trustee shall notify the other Co-Trustee.

If no successor is nominated to the then acting Trustee, the Trustee shall have the power to designate one or more individuals or corporate fiduciaries to serve concurrently or serially to succeed the Trustee on his or her inability or unwillingness to act. Any designation and revocation of that designation shall be made in a written instrument signed by the Trustee while acting as Trustee.

The term "Trustee" as used in this declaration shall refer to Husband and Wife so long as they shall serve as such Co-Trustees and thereafter to such of them as may serve as sole Trustee, and to Deborah Ann Strait during such time as she shall serve as sole Trustee.

No bond shall be required of any of the persons named above as Trustee(s) or Co-Trustees, or of any person appointed as the Trustee specified in this instrument, for the faithful performance of his or her duty as Trustee.

B. <u>Resignation of Trustee and Appointment of a Successor</u>. Any Trustee may at any time resign from any trust under this Agreement by depositing in the United States mail, postage prepaid, a Notice of Resignation, addressed to the person or persons then entitled to receive income payments hereunder at the addresses of such person or persons last known to the Trustee(s). The Trustee's resignation shall take effect at the expiration of sixty (60) days from the date of mailing such notice. The affidavit of any Trustee as to the date of mailing of its Notice of Resignation shall be conclusive evidence that the notice was so mailed. Upon such resignation, the Settlors, or either of them if living, shall appoint an independent successor Trustee. If both Settlors are deceased, the income beneficiary of each of the trusts shall have the power to appoint a successor independent Trustee of such trust, and, if there is no such beneficiary of a trust the resigning Trustee, or if he does not do so, a court having competent jurisdiction, shall designate his successor. The appointment of a successor Trustee shall be in writing, with duplicate originals, one of which shall be delivered to the resigning Trustee and one to the successor Trustee.

C. <u>Successor Trustee's Liability for Acts of Predecessor</u>. No successor Trustee shall be liable for any act, omission or default of a predecessor Trustee. Unless requested in writing within sixty (60) days of appointment by an adult beneficiary of the trust, no successor Trustee shall have any duty to investigate or review any action of a predecessor Trustee and may accept the accounting records of

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 7 of 16

# ARTICLE VIII
## POWERS OF THE TRUSTEES

A. <u>Settlor-Trustee Powers</u>. Settlors when serving together as Trustees administering the trust estate (hereinafter, "Settlor-Trustees") are granted the following powers in addition to those now or hereinafter conferred by law and those stated elsewhere in this trust.

  1. <u>Power to Retain Property or Business</u>. Settlor-Trustees shall have the power to hold any property without limit as to term and purpose, including shares of stock in the trust and to operate at the risk of the trust estate any business that the Trustee(s) receive or acquire under this trust as long as the Trustee(s) deem advisable.

  2. <u>Power to Sell, Exchange or Repair</u>. Settlor-Trustees shall have the power to manage, control, grant, grant options on, sell at public or private sale for cash or on credit, convey, exchange, partition, divide, improve and repair real and personal property of the trust estates.

  3. <u>Power to Lease</u>. Settlor-Trustees shall have the power to grant options or lease trust property for terms within or beyond the term of the trust and for any purpose, including exploration for and removal of gas, oil and other minerals; and to enter into, renew or extend community oil leases, pooling and unitization agreements.

  4. <u>Power to Borrow</u>. Settlor-Trustees shall have the power to borrow money for any trust purpose and from any source including the Settlor-Trustees or either of them, and to convey in trust, mortgage, pledge or otherwise encumber the trust property, or any part thereof, as security therefor and to repay any such borrowing out of trust income or principal, as he, she or they may determine.

  5. <u>Power to Insure</u>. Settlor-Trustees shall have the power to carry, at the expense of the trust, insurance of such kind and in such amount as the Settlor-Trustee(s) deem(s) advisable to protect the trust estate and the Settlor-Trustee(s) against any hazard or to insure the life of any beneficiary of a trust.

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 8 of 16

6. _Power to Commence or Defend Litigation._ Settlor-Trustees shall have the power to commence or defend such litigation with respect to the trust or any property of the trust estate as the Settlor-Trustees may deem advisable, at the expense of the trust.

7. _Power to Compromise Claims._ Settlor-Trustees shall have the power to compromise or otherwise adjust any claims or litigation against or in favor of the trust.

8. _Power to Lend to Settlors' Probate Estates._ Settlor-Trustees shall have the power to lend money to any person, including the probate estate of either Settlor, provided that any such loan shall be adequately secured and shall bear a reasonable rate of interest.

9. _Broad Investment Powers._ Settlor-Trustees shall have the power to invest and reinvest all or any part of the trust estate in such common or preferred stocks, shares of investment trusts and investment companies, bonds, debentures, mortgages, deeds of trust, mortgage participations, notes, real estate or other property as the Settlor-Trustees select; to open and maintain broker margin accounts, to purchase securities on margin and to buy and sell put and call options; to hold in the form in which received (or the form to which changed by reorganization, split-up, stock dividend or other like occurrence) any securities or other property the Settlor-Trustees may at any time acquire under this trust, it being the Settlors' expressed desire and intention that the Settlor-Trustee(s) shall have full power to invest and reinvest the trust funds without being restricted to forms of investment that the Trustee(s) may otherwise be permitted to make by law, and the investments need not be diversified.

10. _Power to Manage Securities._ Settlor-Trustees shall have the power to have all the rights, powers and privileges of an owner with respect to the securities held in trust, including, but not limited to the powers to vote, consent, give proxies, collect income, pay assessments and to exercise options, subscriptions and conversion rights; to participate in voting trust, pooling agreements, foreclosure, reorganizations, consolidations, mergers and liquidations and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Settlor-Trustees may deem advisable.

11. _Power to Hold Security in Nominee's Name._ Settlor-Trustees shall have the power to hold securities and other property in the name of one or more Settlor-Trustees or in the name of a nominee. Settlor-Trustees may hold securities unregistered in such condition that ownership will pass by delivery.

12. _Power to Deal with Trust Directly._ Settlor-Trustees shall have the power to loan or advance to the trust the Settlor-Trustees' own funds, doing so for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust or other encumbrance of any assets of the trust; to purchase assets of the trust at their fair-market value as determined by an independent appraisal of such assets; and to sell property to the trust at a price not in excess of its fair-market value as determined by an independent appraisal.

13. _Release of Powers._ Settlor-Trustees shall have the power to release or restrict nunc pro tunc, the scope of any power that the Settlor-Trustees may hold in connection with the trust,

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 9 of 16

whether such power is expressly granted in the instrument or implied by law. The Settlor-Trustee(s) shall exercise this power in a written instrument executed by (him/her/them), specifying the power to be released or restricted and the nature of the restriction.

14. **Powers Regarding Subchapter S Stock.** If at any time the trust estate includes shares of stock in any corporation that has elected to be governed by the provisions of Subchapter S of Chapter 1 of Subtitle A of the Internal Revenue Code (IRC Section 1361 et seq., or any successor sections), then notwithstanding any other provision of this instrument, the Trustee shall at all times manage those shares, and administer the trust estate, in a manner that will maintain the S corporation status. To satisfy this obligation, but without limiting the discretion of the Trustee to take any action to protect the S corporation status, the Trustee shall act as follows:

   a. **Allocation or Distribution to Permitted Shareholders.** The Trustee shall allocate or distribute shares of S corporation stock only to those trusts or those beneficiaries that are permitted to be shareholders of an S corporation.

   b. **Permitted Shareholder Trust Provisions.** If shares of S corporation stock are allocated to any trust created under this instrument and that trust does not otherwise qualify as a permitted shareholder under Internal Revenue Code Section 1361, or any successor section, then notwithstanding any other provision of this instrument, that trust (or any portion of that trust containing S corporation stock) shall be administered so as to ensure that it is a Qualified Subchapter S Trust (QSST), an Electing Small Business Trust (ESBT), or some other form of trust that qualifies as a permitted shareholder under Internal Revenue Code Section 1361, or any successor section, other than a trust described in Internal Revenue Code Section 1361 (c)(2)(A)(i). The S corporation stock in each such trust shall be held in separate share trusts (within the meaning of Internal Revenue Code Section 663(c), or any successor section) for each beneficiary; and all other property in each trust shall be held in a separate trust, which shall continue to be administered in accordance with the terms of this instrument. With respect to the separate share trusts holding S corporation stock, the Trustee shall make distributions of income and principal, and otherwise administer the trusts, to ensure that those trusts do not become ineligible shareholders of an S corporation. To the extent that the terms of this instrument are inconsistent with those separate share trusts qualifying as permitted shareholders of an S corporation, those terms shall be disregarded.

   c. **Other Trustee Administrative Powers.** The Trustee shall have the power (1) to enter into agreements with other shareholders or with the corporation relating to transfers of S corporation stock or the management of the S corporation; and (2) to allocate amounts received, and the tax on undistributed income, between income and principal. During the administration of a trust holding S corporation stock, the Trustee may allocate tax deductions and credits arising from ownership of S corporation stock between income and principal. In making those allocations, the Trustee shall consider that the beneficiary is to have the enjoyment of the property at least equal to that ordinarily associated with an income interest.

   d. **Beneficiary Agreement.** The Trustee shall not distribute any S corporation stock to any beneficiary unless, prior to that distribution, the beneficiary enters into a written agreement with the S corporation stating the following: (1) that the beneficiary will consent to any

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 10 of 16

election to qualify the corporation as an S corporation; (2) that the beneficiary will not interfere with the S corporation maintaining its S corporation status; (3) that the beneficiary will not transfer the S corporation stock to any transferee who does not agree to execute a similar consent; (4) that the beneficiary will not transfer the stock in a manner that will cause a termination of S corporation status under the then applicable federal and state tax law and regulations; and (5) that the beneficiary will join in any attempt to obtain a waiver from the Internal Revenue Service of a terminating event on the grounds of inadvertence if S corporation status is inadvertently terminated and the S corporation or any shareholder desires that S corporation status should continue.

  e. <u>Certificate to Bear Legend</u>. If the Trustee receives any shares of S corporation stock whose stock certificates bear a legend stating that the transfer, pledge, assignment, hypothecation, or other disposition of the stock is subject to the terms set forth in the preceding subsection, then the stock certificates shall also bear that legend when the Trustee distributes those shares of S corporation stock to a beneficiary.

  f. <u>No Disqualification of Marital Deduction</u>. Any grant of power or discretion to the Trustee under this section shall be void to the extent that that grant would cause the estate of the deceased Settlor to lose all or part of the federal estate tax marital deduction, and in the event of an irreconcilable conflict between qualification of a trust as a permitted shareholder of an S corporation and qualification of that trust for the federal estate tax marital deduction, all of the S corporation's stock otherwise passing to that trust shall be distributed outright to the surviving Settlor.

 15. <u>Power to Budget</u>. Settlor-Trustees shall have the power to budget the estimated annual income and expenses of the trust in such manner as to equalize, as far as practical, periodic income payments to trust beneficiaries.

 16. <u>Power to Make Tax Elections</u>. Settlor-Trustees shall have the power to make or refrain from making elections and disclaimers permitted under any applicable income, estate or inheritance tax law without regard to the effect of any such election on the interest of any beneficiary of a Settlor's estate or any trust created hereunder; and, if any such election shall be made, to apportion, or refrain from apportioning, any benefits thereof among the respective interests of the beneficiaries of such estate or trust, all in such manner as the Settlor-Trustees deem appropriate.

 17. <u>Conflicting Claims</u>. Settlor-Trustees shall have the power to withhold from distribution, in the Settlor-Trustees' discretion, at the time of distribution of any property in this trust, without the payment of interest, all or any part of the property, so long as the Settlor-Trustees shall determine that such property may be subject to conflicting claims, to tax deficiencies or to liabilities, conditional or otherwise, properly incurred in the administration of the trust estate.

 18. <u>Power to Purchase Treasury Bonds</u>. Settlor-Trustees shall have the power to purchase in its discretion at less than par, obligations of the United States of America which are redeemable at par in payment of any Federal Estate Tax liability of either Settlor in such amounts as the Settlor-Trustees deem advisable, and for that purpose may partition a portion of the community property of the trust estate and make such purchases from either or both portions. The Settlor-Trustees shall purchase such obligations if the Trustee(s) have reason to believe either Settlor

Case: 19-30088 Doc# 12339-4 Filed: 05/09/22 Entered: 05/09/22 15:48:22 Page 11 of 16

is in substantial danger of death, and may borrow funds and give security for that purpose. The Settlor-Trustee(s) shall resolve any doubt concerning the desirability of making such a purchase and its amount in favor of making the purchase and in purchasing a larger, even though somewhat excessive, amount. The Settlor-Trustees shall not be liable to either Settlor, any heir of either Settlor, or any beneficiary of this trust for losses resulting from such purchases made in good faith. The Trustee(s) are directed to redeem any such obligations which are a part of the trust estate to the fullest extent possible in payment of Federal Estate Tax liability of either Settlor.

19. <u>Abandonment of Trust Property</u>. Settlor-Trustees shall have the power to abandon any property or interest in property belonging to the trust.

20. <u>Distribution of Trust Property</u>. Settlor-Trustees shall have the power to partition, allot and distribute the trust estate, on any division or partial or final distribution of a trust estate, in undivided interest or interests or in kind, or partly in money and partly in kind, at valuations determined by the Settlor-Trustee(s) and to sell such property as the Settlor-Trustee(s) deem necessary to make the division or distribution. In making any division or partial or final distribution of all or part of the assets of the trust estate, the Settlor-Trustee(s) shall be under no obligation to make a prorated division or to distribute the same asset to beneficiaries similarly situated; but rather, the Settlor-Trustee(s) may, in the Trustee(s)' discretion, make a non-prorated division between trusts or shares and non-prorated distributions to such beneficiaries, as long as the respective assets allocated to separate trusts or shares or distributed to such beneficiaries have equivalent or proportionate fair-market values. Settlor-Trustee(s) may distribute any item or items of appreciated carryover basis property as defined in Section 1023 of the Code, without regard to the effect the selection of a recipient shall have on the recipient or any other beneficiary of any trust created hereunder.

21. <u>Determination of Principal and Income</u>. Except as otherwise specifically provided in this Agreement, the Settlor-Trustees shall have the power to determine all matters with respect to what is principal and income of the trust estate and to apportion and allocate receipts and expenses between these accounts as directed by applicable provisions of the California Revised Uniform Principal and Income Act. Any such matter not provided for either in this Agreement or in the California Revised Uniform Principal and Income Act shall be determined by the Settlor-Trustee(s) in the Trustee(s)' discretion. Without limitation, Settlor-Trustee(s) may set up and carry, and may charge to income or principal, reserves for repayments of debts of the trust and for payment of the actual or anticipated cost of repair, improvement, upkeep, obsolescence, and depreciation of any real or personal property of the trust estate. Any such reserves charged to income shall be treated as an expense, and deducted to compute "net income", as that term is used elsewhere in this trust.

22. <u>Allocation of Expenses</u>. Among the successive beneficiaries of this trust, all taxes and other current expenses shall be prorated on a daily basis over the period to which such expenses relate. The Settlor-Trustee(s) may pay the expenses and carrying charges attributable to any unproductive property out of the trust income or principal, or partly out of each.

23. <u>Physical Division Not Required</u>. Settlor-Trustees are not required to physically segregate or divide the various trusts created herein except as such segregation or division may be required by termination of any of trust created or established by this document.

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 12 of 16

24. <u>Allocation to Individual Trusts.</u>   In the event that property is received by Settlor-Trustee(s) by inter vivos or testamentary transfer, with directions contained in the instrument of transfer for allocation to or between the Survivor's Trust, the Disclaimer Trust or any other specified trust, the Settlor-Trustee(s) shall make allocations as directed in such instruments of transfer.

25. <u>Power to Employ Professionals.</u>   Settlor-Trustees shall have the power to appoint, employ and pay such agents and employees as the Settlor-Trustee(s) deem necessary or advisable, including but not limited to accountants, attorneys, investment counselors and custodians of the trust property.

26. <u>Expenses of Administration.</u>   Settlor-Trustees shall have the power to incur and pay all taxes, assessments, costs, charges and fees and other expenses of every kind in connection with the administration of the trust.

27. <u>Restrictions on Trust Property.</u>   In the event the Settlor-Trustee(s) receive any stock or securities, partnership interest or other assets or any interest therein which, in the opinion of legal counsel for the Settlor-Trustee, is subject to a valid and legally enforceable restriction, written agreement or provision regarding sale or transfer, the Settlor-Trustee(s) shall fully comply with the terms of such restriction, agreement or provision.

28. <u>Deferral of Division or Distribution of Trust Assets.</u>   Whenever the Trustee(s) are directed to make a distribution of trust assets or a division of trust assets into separate trust or shares on the death of a Settlor, the Settlor-Trustee may defer such distribution or division until six (6) months after Settlor's death.

29. <u>Cumulative Powers.</u>   Settlor-Trustees shall have the power to do and perform any and all other acts and things deemed by it to be necessary or advisable in the management of the trust estate. The Settlor-Trustee(s)' power shall be cumulative and in addition to the powers conferred upon it by law. Enumeration herein of the Settlor-Trustee(s)' powers shall not be construed as precluding or preventing the Settlor-Trustee(s) from taking expedient action in connection with and for the benefit of the trust or to serve its purposes and objectives.

B.  <u>Powers of Other Trustees.</u>   To carry out the provisions of the trusts created by this Agreement, any person who serves as a Trustee in any capacity other than as a "Settlor-Trustee" as defined above, is empowered to act in the same manner and with the same power and authority as the Settlor-Trustees, provided such other Trustees exercise their Trustee powers and act in accordance with the guidelines and restrictions set forth the Uniform Prudent Investor Act, California Probate Code §§16045, et seq.

//

//

//

Second Restatement of the Massae Trust
McKernan, Lanam, Bakke & Williams LLP
Attorneys at Law
Paradise, California                                                                 16

Case: 19-30088   Doc# 12339-4   Filed: 05/09/22   Entered: 05/09/22 15:48:22   Page 13 of 16

## NOTICE TO BENEFICIARIES

YOU HAVE ONE HUNDRED EIGHTY (180) DAYS FROM YOUR RECEIPT OF THIS ACCOUNT OR REPORT TO MAKE AN OBJECTION OR OBJECTIONS TO ANY ITEM SET FORTH IN THIS ACCOUNT OR REPORT. ANY OBJECTION YOU MAKE MUST BE IN WRITING; IT MUST BE DELIVERED TO THE TRUSTEE WITHIN THE PERIOD STATED ABOVE; AND IT MUST STATE YOUR OBJECTION. YOUR FAILURE TO DELIVER A WRITTEN OBJECTION TO THE TRUSTEE WITHIN THE PERIOD STATED ABOVE WILL PERMANENTLY PREVENT YOU FROM LATER ASSERTING THIS OBJECTION AGAINST THE TRUSTEE. IF YOU DO MAKE AN OBJECTION TO THE TRUSTEE, THE THREE YEAR PERIOD PROVIDED IN SECTION 16460 OF THE PROBATE CODE FOR COMMENCEMENT OF LITIGATION WILL APPLY TO CLAIMS BASED ON YOUR OBJECTION AND WILL BEGIN TO RUN ON THE DATE THAT YOU RECEIVE THIS ACCOUNT OR REPORT.

## ARTICLE XI
## EXECUTION AND ACKNOWLEDGMENT

The Settlors certify they have read the foregoing Second Restatement of Trust and it correctly states the terms and conditions under which the Trustees are to hold, manage and distribute the trust estate. The Settlors approve the Second Restatement of Trust in all particulars and request the Trustees execute same.

Dated: October 11, 2013

_____  _____
Brent Massae, Settlor       Katherine Massae, Settlor

The Trustees accept this appointment.

Dated: October 11, 2013

_____  _____
Brent Massae, Trustee       Katherine Massae, Trustee

Case: 19-30088    Doc# 12339-4    Filed: 05/09/22    Entered: 05/09/22 15:48:22    Page 14 of 16

On the date written below, Brent Massae and Katherine Massae declared to us, the undersigned, that this instrument, consisting of twenty-five (25) pages, including the page signed by us as witnesses was their Second Restatement of Trust and they requested us to act as witnesses to it. They thereupon signed this Second Restatement of Trust in our presence, all of us being present at the same time. We now, at their request, in their presence and in the presence of each other, subscribe our names as witnesses.

It is our belief that Brent Massae and Katherine Massae are of sound mind and memory and are under no constraint or undue influence whatsoever.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 11, 2013, at Paradise, California.

_____, residing at ____Chico____, California

_____, residing at ____Paradise____, California

Second Restatement of the Massae Trust
McKernan, Lanam, Bakke & Williams LLP
Attorneys at Law
Paradise, California

24

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

State of California   )
County of Butte        )

On October 11, 2013, before me, Erwin Williams, a Notary Public, personally appeared Brent Massae and Katherine Massae, who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



_____
Notary Public

Re: Second Restatement of The Massae Trust executed this date by Brent Massae and Katherine Massae

Second Restatement of the Massae Trust
McKernan, Lanam, Bakke & Williams LLP
Attorneys at Law
Paradise, California

25