DocuSign Envelope ID: E1A73D5E-295A-4AF0-99FA-DBCD83D59786

# DECLARATION OF TONY ALVARADO

I, Tony Alvarado, declare:

1.      This declaration is based upon my personal knowledge and if called upon to testify as to the matters stated herein, I could and would competently do so.

2.      My mother, Zoila Alvarado, lived at my home at 5394 Orchard Dr. in Paradise, California the day of the Camp Fire. Our renter/caregiver, Pamela Casey, lived in a cottage on our property. I am partially blind and suffer from additional health concerns such as asthma.

3.      The first three days after our evacuation from the Camp Fire, my mother, Ms. Casey, and I stayed in the Feather Falls Casino parking lot. We then moved to a motel in Corning. One evening, Ms. Casey took my mother to dinner. My mother collapsed in the car and Ms. Casey brought her back to the motel.

4.      Within a matter of weeks, my mother collapsed again. We called an ambulance, and she was taken to Post-Acute Care in Redding CA. We found out later that she had been having a series of mini strokes and we were informed that she only had five days to live.  The family came to Redding Post-Acute Care to spend time with her. The five days passed, and she was still alive, but I kept her there to help regain her strength.

5.      On March 13, 2019, Ms. Casey and I were able to move back to my home and the cottage she rented on my property. We could not take my mother home because we had to clean the smoke from the house and because PG&E was continuously shutting the power off and we did not have a generator at that time.

6.      While at Redding Post-Acute Care, my mom stopped walking and Ms. Casey and I were unable to pick her up if she fell. She continued to have setbacks and eventually stopped eating. She started to lose a great deal of weight, so Ms. Casey and I began to bring her additional food to eat.

7.      As her health continued to decline, she was eventually placed on Hospice Care. Ms. Casey and I brought her home so she could pass away at home. She was very happy to be home and

1

**DECLARATION OF TONY ALVARADO**

DocuSign Envelope ID: E1A73D5E-295A-4AF0-99FA-DBCD83D59786

with the help of Hospice, we were able to keep her comfortable (Ms. Casey was administering morphine to her). My mother only lived about 12 hours once we got her home. She passed away on November 16, 2019.

8.      All of this time, Ms. Casey and I had been looking for an attorney to represent my mother, Ms. Casey, and myself. However, they all turned us down because my home survived the fire, and they felt it was not worth their time to represent claimants that only had Emotional Distress claims. The deadline to file was coming up so I had Ms. Casey submit claims on our behalf (as noted before, I am mostly blind and could not do it on my own).

9.      Neither I nor Ms. Casey were aware of any legal requirement that a proof of claim be filed in advance of my mother's death to preserve her claims.   Clearly, we were pretty preoccupied with her failing health and death and, while we were generally aware of the end of year deadline to file a claim, we hadn't been aware of the technicality that would effectively extinguish her emotional distress claim.

10.     We were not successful in securing representation until February of 2020, after the filing deadline had passed, and so, at the time did not yet have the benefit of counsel to help us avoid the pitfalls of the claims process and take the steps necessary to preserve my mother's claims.

Executed this __4TH__ day of May 2020 at ___PARADISE___, California.

DocuSigned by:

*Tony Alvarado*

30410C35A01145A...

TONY ALVARADO

2

**DECLARATION OF TONY ALVARADO**