**LEVIN LAW GROUP PLC**
EMILY S. LEVIN (SBN 232366)
emily@levinlawgroupplc.com
2615 Forest Avenue, Suite 120
Chico, California 95928
Telephone: 530-353-1679
Facsimile: 877-310-0160

Attorneys Jeannie Bisagno, Authorized Representative of for Michael Harris (deceased)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>And<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>X – Affects Both Debtors | **CASE NO. 19-30088-DM**<br><br>**MOTION PURSUANT TO FED. R. BANKR. 9006(b)(1) TO DEEM MICHAEL HARRIS'S CLAIM TIMELY FILED**<br><br>Date: June 29, 2022<br>Time: 10:00 a.m.<br>Place: Via Telephonically<br>      450 Golden Gate Avenue<br>      Courtroom 17<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>Objection Deadline: May 31, 2022 |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Jeannie Bisagno, mother and authorized representative of Michael Harris (deceased) moves for an order expanding time to file a Proof of Claim, and allow, Proof of Claim No. 108477 (attached as <u>Exhibit A</u>) to be considered timely.

## I. SUMMARY OF ARGUMENT

Under the flexible standard for excusable neglect, Michael Harris's claim should be allowed. Michael Harris died on March 3, 2019, just over a month after the proof of claim process was made available to the victims of the November 8, 2018 Camp Fire. The circumstances surrounding this case constitute excusable neglect pursuant to the standards set forth in *Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993). Allowing this case to proceed does not present any prejudice to the Debtors, nor does it delay the attendant judicial proceedings. This motion is made in good faith and to deny this claim would result in injustice to the Claimant. This motion is based upon the points and authorities set forth herein and concurrently.

## II. PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. See Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the Bar Date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. See Dkt. 2806. That deadline was extended to December 31, 2019 ("the "Extended Bar date."). See Dkt. 4872.

## III. FACTUAL BACKGROUND

Jeannie Bisagno owned two homes: one located at 7279 Pentz Road in Paradise, owned with Brad Weil and a second at 6284 Pueblo Drive, Magalia jointly with her son Michael Harris; both of which were destroyed as a result of the November 8, 2018 Camp Fire (the "Fire"). At the time of the Camp Fire, Michael was suffering from heart failure and kidney disease (see attached Declaration of Jeannie Bisagno). Michael died on March 3, 2019, just about a month after the proof of claim process was opened to the Fire victims (see death certificate at <u>Exhibit B</u>). Given her son's

2
**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

failing health, that the FVT claim process was just over a month old (which gave rise to a good deal of questions and uncertainty), Jeannie did was not in the mindset, nor did she have the wherewithal, to file a claim. After many months of grieving for her son who predeceased her, Jeannie and Brad retained the services of Levin Law Group, PLC ("LLG") on October 9, 2019. LLG filed a proof of claim on behalf of Jeannie and Brad on October 15, 2019 (POC nos. 687623 and 72241 respectively attached as Exhibit E), which proof of claim did not include or otherwise identify Michael Harris.

Unfortunately, we do not have much information regarding the circumstances surrounding why Michael Harris was not included in either Jeannie or Brad's, both of which were prepared and filed by an LLG staff member who is no longer employed by the firm. Further, prior to January of 2020, LLG's representation of Fire victims was primarily managed by Richard H. Levin Esq., now deceased and therefore unavailable to provide any additional color surrounding the failure to include Michael on his mother's proof of claim.

It was not until April of 2022 that it came to the attention of managing attorney Emily S. Levin, Esq. ("Ms. Levin"), daughter of Richard H. Levin, that Michael Harris had been omitted from his mother's proof of claim. The matter came to Ms. Levin's attention when current LLG staff member, Jim Hare, was discussing the subject matter of an outstanding deficiency notice with Jeannie.

Ms. Levin looked back over her email correspondence from 2020 between herself and members of her staff regarding Bisgano/Harris which led her to believe that the reason that Michael was not included on Jeannie's claim was that members of the LLG staff though he was represented by another attorney. Since representation of multiple members of families by different attorney firms was not an uncommon experience, Ms. Levin did not conduct any independent research as to whether any proof of claim had been filed on behalf of Michael by anyone.

Immediately upon realizing the omission, LLG filed an additional of claimant form (Document No. 1314757 (Exh. C) and Affidavit of Successor (Exh. D) with the FVT, a proof of claim on Michael's behalf on May 2, 2022 (POC No. 108477 and a claims questionnaire on May , 2022.

### IV. ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
>
> > (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed R. Bank. Proc. 9006(b)(1).
> >
> > Emphasis supplied.

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship*, 507 U.S. 380, 395 (1993).

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. In re Sacred Heart Hosp. 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.") Further, the delay is not significant. The Trust has only completed determinations on behalf of approximately 60% of all

claims. Allowing the late claim will not delay the proceedings. The late filed proof of claim should be allowed to proceed as a matter of justice.

V. **CONCLUSION**

For all of the above reasons, the motion should be granted, and Michael Harris's claims should be allowed to proceed and be deemed timely.

DATED: May 9, 2022　　　　　　　　　　LEVIN LAW GROUP PLC

By: /s/ Emily S. Levin
EMILY S. LEVIN
Attorneys for Jeannie Bisagno