1  **LEVIN LAW GROUP PLC**
   EMILY S. LEVIN (SBN 232366)
2  emily@levinlawgroupplc.com
   2615 Forest Avenue, Suite 120
3  Chico, California  95928
   Telephone: 530-353-1679
4  Facsimile: 877-310-0160

5  Attorneys for Robert Vickers, Authorized Representative of Claimant William Vickers (deceased)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>And<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>X – Affects Both Debtors | **CASE NO. 19-30088-DM**<br><br>**MOTION PURSUANT TO FED. R. BANKR. 9006(b)(1) TO DEEM WILLIAM VICKER'S CLAIM TIMELY FILED**<br><br>Date:  July 29, 2022<br>Time:  10:00 a.m.<br>Place:  Via Telephonically<br>         450 Golden Gate Avenue<br>         Courtroom 17<br>         San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali<br><br>Objection Deadline: May 31, 2022 |

LEVIN
LAW
GROUP PLC

MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Robert Vickers, authorized representative of William Vickers (deceased) moves for an order expanding time to file a Proof of Claim, and allow, Claim Number 82641, that was executed on October 19, 2019 (and submitted with this motion as "Exhibit A"), to be considered timely.

## I. SUMMARY OF ARGUMENT

Under the flexible standard for excusable neglect, William Vicker's claim should be allowed. William Vickers died December 21, 2018, before the proof of claim process was made available to the victims of the November 8, 2018 Camp Fire. The circumstances surrounding this case constitute excusable neglect pursuant to the standards set forth in Services v. Brunswick Associated Ltd. Partnership 507 U.S. 380 (1993). Allowing this case to proceed does not present any prejudice to the Debtors, nor does it delay the attendant judicial proceedings. This motion is made in good faith and to deny this claim would result in injustice to the Claimant. This motion is based upon the points and authorities set forth herein and concurrently.

## II. PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. See Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the Bar Date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. See Dkt. 2806. That deadline was extended to December 31, 2019 ("the "Extended Bar date."). See Dkt. 4872.

## III. FACTUAL BACKGROUND

William Vickers suffered a total loss of his home and all their belongings contained therein as a result of the November 8, 2018 Camp Fire (the "Fire"). William Vickers died approximately six (6) weeks after the fire. When the Proof of Claim process opened to claimants on January 24, 2019, a month after their father's death, Robert and John Vickers were focused on handling their father's estate and affairs which, following their father's death, fell squarely on them. The proof of claim ("POC") process was completely foreign to them and, frankly, they were unsure it would yield anything in the way of compensation. Instead, they concentrated their attention on the insurance

2
**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

Case: 19-30088    Doc# 12346    Filed: 05/10/22    Entered: 05/10/22 10:46:59    Page 2 of 4

claims which they were sure would result in some remuneration. Once Robert and John were able to address more pressing and immediate issues and they were able to get more comfortable with the FVT's process as more information had become available over the intervening months, they took the affirmative steps to file a proof of claim (See Declarations of Robert and John Vickers attached hereto, together with narratives of John, Robert and William Vickers submitted in support of their claims questionnaire (Exhibit "B").

### IV. ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
>
> (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Fed R. Bank. Proc. 9006(b)(1). Emphasis supplied.

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

3
**MOTION TO ENLARGE TIME TO FILE PROOF OF CLAIM**

*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship*, 507 U.S. 380, 395 (1993).

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. In re Sacred Heart Hosp. 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.") Further, the delay is not significant. The Trust has only completed determinations on approximately 40% of all claims. Allowing the late claim will not delay the proceedings. The reason for the delay in filing a claim was that the deadline was set after Brent's death; therefore, the likelihood of injustice is great if this claim is not permitted.

## V. CONCLUSION

For all of the above reasons, the motion should be granted, and William Vicker's emotional distress claims should be allowed to proceed and be deemed timely.

DATED: May 9, 2022                               LEVIN LAW GROUP PLC

By: /s/ Emily S. Levin
EMILY S. LEVIN
Attorneys for William Vickers, Robert Vickers and John Vickers