| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636-9251 | Jennifer L. Dodge (#195321)<br>LAW OFFICES OF JENNIFER L. DODGE INC.<br>(jdodgelaw@jenniferdodgelaw.com)<br>2512 Artesia Blvd., Suite 300D<br>Redondo Beach, California 90278<br>Tel: (310) 372.3344<br>Fax: (310) 861.8044 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☑ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CREDITOR TODD GREENBERG MODIFYING PLAN INJUNCTION WITH RESPECT TO PROOF OF CLAIM NOS. 76018 AND 78381**

[No Hearing Requested]

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Creditor Todd Greenberg ("**Claimant**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").[1] The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

C. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

D. The Reorganized Debtors have filed objections to the claims of Claimant through (i) the *Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 9455] (the "**Fortieth Omnibus Objection**"), which objects to Proof of Claim No. 77335 (the "**Refrigerator Claim**"); and (ii) the *Reorganized Debtors' One Hundred*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

*Tenth Omnibus Objection to Claim Nos. 76018 and 78381 (Greenberg Claims)* [Docket No. 11420] (the "**One Hundred Tenth Omnibus Objection**"), which objects to Proof of Claim No. 76018 (including the amendment to such claim pursuant to the terms herein, the "**Concrete and Construction Damages Claim**") and Proof of Claim No. 78381 (the "**Tree Claim**").

E. Claimant is the plaintiff in an action filed on February 3, 2022 in the Superior Court of California, County of Marin, pending as *Greenberg v. Teichert Pipelines, Inc., et al.*, Case No. CV2200278 (the "**State Court Action**"), in which Claimant asserts claims arising from the same set of operative facts as the Concrete and Construction Damages Claim and Tree Claim against certain third parties, including various contractors employed by the Utility to perform work at Claimant's property.

F. On March 29, 2022, the Bankruptcy Court held a hearing to consider *Creditor Todd Greenberg's Motion to Amend Claims Numbered 77335 and 76018* [Docket No. 11992] (the "**Motion to Amend**").

G. On April 12, 2022, the Court held a continued hearing at which the Court tentatively ruled that it would abstain from adjudicating the Concrete and Construction Damages Claim and Tree Claim in order that the Claimant can prosecute, and the Utility can defend against, the Concrete and Construction Damages Claim and Tree Claim in the State Court Action. The Parties have reached an agreement to modify the Plan Injunction to allow the Concrete and Construction Damages Claim and Tree Claim to be liquidated in the State Court Action, pursuant to the terms provided for herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Claimant may file a proof of claim (the "**Amended Proof of Claim**"), in the form attached to the Motion to Amend as Exhibit 2, amending Proof of Claim No. 76018.

2. Upon the filing of the Amended Proof of Claim, Proof of Claim No. 76018 shall be disallowed and expunged from the claims register in the above-captioned chapter 11 cases, solely on the basis that it has been superseded by the Amended Proof of Claim.

3. The Plan Injunction shall be modified solely to permit the Claimant to assert the causes of action and damages alleged in the Concrete and Construction Damages Claim and Tree Claim against the Utility in the State Court Action and then to liquidate the Concrete and Construction Damages Claim and Tree Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment against the Utility, which judgment, if any, shall be treated as an Allowed General Unsecured Claim in accordance with the Plan and paid through the claims reconciliation process in these Chapter 11 Cases, without further order of this Court.

4. The Reorganized Debtors' objections to the Concrete and Construction Damages Claim and Tree Claim and all related proceedings shall be stayed upon the entry of an order approving this Stipulation and shall remain stayed until a judgment in the State Court Action shall become final and not appealable, whereupon such objections shall be deemed moot.

5. Any statute of limitations or repose that applies to the causes of action and damages set forth in the Concrete and Construction Damages Claim and Tree Claim shall be deemed to have been tolled from the Petition Date of January 29, 2019, until 60 days after the entry of an order approving this Stipulation. Nothing herein shall be deemed to toll any statute of limitations or repose as to any other claim that may be asserted against the Debtors or the Reorganized Debtors.

6. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Concrete and Construction Damages Claim or Tree Claim on any grounds in the State Court Action, or

    b. a waiver by the Claimant of his rights to assert any right in opposition of any asserted challenge to the Concrete and Construction Damages Claim or Tree Claim, or

    c. a waiver by any Party of any claim or defense in the State Court Action, including any claims that the Debtors or Reorganized Debtors, as applicable, may have against parties in the State Court Action or other third parties for indemnification or contribution.

7. In the event that the terms and conditions of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

8. This Stipulation shall be binding on the Parties and each of their successors in interest.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: May 11, 2022

| KELLER BENVENUTTI KIM LLP | TRODELLA & LAPPING LLP |
| LAW OFFICES OF JENNIFER L. DODGE INC. | |
| | |
| /s/ Thomas B. Rupp | /s/ Richard A. Lapping |
| Thomas B. Rupp | Richard A. Lapping |
| | |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Creditor Todd Greenberg* |