**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:     (212) 310-8007

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>**[Related to Dkt. Nos. 11999, 12000, 12001, 12054, 12207]** |

NOTICE IS HEREBY GIVEN that PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020*, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby appeal, pursuant to 28 U.S.C. § 158(a)(1), from the *Order Regarding Dispute Between Debtors and California Department of Water Resources* [Dkt. No. 12207], entered on April 22, 2022, a copy of which is attached hereto as **Exhibit A** (the "**Final Order**"), and each of the following interlocutory orders and decisions (collectively with the Final Order, the "**Orders**"):

- *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* [Dkt. No. 11999], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit B**;

- *Order Granting California Department Of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid* [Dkt. No. 12000], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit C**;

- *Order Denying Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* [Dkt. No. 12001], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit D**; and

- *Order Denying Motion to Intervene by City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency* [Dkt. No. 12054], entered on March 22, 2022, a copy of which is attached hereto as **Exhibit E**.

Pursuant to 28 U.S.C. § 158(c)(1), the Reorganized Debtors elect to have the appeal heard by the United States District Court for the Northern District of California rather than by the Bankruptcy Appellate Panel for the Ninth Circuit.

The names of the parties to the Orders other than Reorganized Debtors, and the name, address, and telephone number of their respective attorneys, are:

/ / /

/ / /

/ / /

/ / /

/ / /

| Party | Counsel |
|---|---|
| California Department of Water Resources | ROBERT BONTA<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov<br><br>PAUL J. PASCUZZI, SBN 148810<br>NICHOLAS L. KOHLMEYER, SBN 299087<br>FELDERSTEIN FITZGERALD<br>WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone: (916) 329-7400<br>Fax: (916) 329-7435<br>ppascuzzi@ffwplaw.com<br>nkohlmeyer@ffwplaw.com |
| City of Santa Clara dba Silicon Valley Power | Robert D. Swanson (SBN 162816)<br>Thomas G. Mouzes (SBN 99446)<br>Ian K. McGlone (SBN 315201)<br>BOUTIN JONES INC.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br>Telephone: (916) 321-4444<br>rswanson@boutinjones.com<br>imcglone@boutinjones.com<br><br>Lisa S. Gast<br>DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.<br>1667 K Street NW, Suite 700<br>Washington, DC 20006<br>Telephone:  (202) 791-3601<br>Email: lsg@dwgp.com |

| Party | Counsel |
|---|---|
| Northern California Power Agency | Robert D. Swanson (SBN 162816)<br>Thomas G. Mouzes (SBN 99446)<br>Ian K. McGlone (SBN 315201)<br>BOUTIN JONES INC.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br>Telephone: (916) 321-4444<br>rswanson@boutinjones.com<br>imcglone@boutinjones.com<br><br>Jane Luckhardt (SBN 141919)<br>General Counsel<br>NORTHERN CALIFORNIA POWER AGENCY<br>651 Commerce Drive<br>Roseville, CA 95678-6411<br>Telephone: (916) 781-3636<br>Email: Jane.Luckhardt@ncpa.com |

Dated: May 5, 2022

**KELLER BENVENUTTI KIM LLP**
**WEIL, GOTSHAL & MANGES LLP**


By:  /s/ *Jane Kim*
      Jane Kim

*Attorneys for Debtors and Reorganized Debtors*

1

**<u>EXHIBIT A</u>**

2

**(Final Order)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  ROBERT BONTA, SBN 202668
   Attorney General of California
2  DANETTE VALDEZ, SBN 141780
   ANNADEL ALMENDRAS, SBN 192064
3  Supervising Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA 94102-7004
   Telephone: (415) 510-3367
5  Fax: (415) 703-5480
   Danette.Valdez@doj.ca.gov
6  Annadel.Almendras@doj.ca.gov

7  PAUL J. PASCUZZI, SBN 148810
   NICHOLAS L. KOHLMEYER, SBN 299087
8  FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
9  500 Capitol Mall, Suite 2250
   Sacramento, CA  95814
10 Telephone: (916) 329-7400
   Fax: (916) 329-7435
11 ppascuzzi@ffwplaw.com
   nkohlmeyer@ffwplaw.com
12
   Attorneys for California Department of Water
13 Resources, by and through the State Water Project

Signed and Filed: April 22, 2022

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

14                    UNITED STATES BANKRUPTCY COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17

18 In re:                                  Bankruptcy Case
                                           No.  19-30088 (DM)
   PG&E CORPORATION
19                                         Chapter 11
        - and –
20                                         (Lead Case)
   PACIFIC GAS AND ELECTRIC
21 COMPANY,                                (Jointly Administered)

22        Reorganized Debtors.            **ORDER REGARDING DISPUTE**
                                          **BETWEEN DEBTORS AND CALIFORNIA**
23                                        **DEPARTMENT OF WATER RESOURCES**

24

25  ☐    Affects PG&E Corporation        Date:    April 13, 2022
                                         Time:    10:00 a.m.
26  ☐    Affects Pacific Gas and         Ctrm:    17
         Electric Company                Judge:   Dennis Montali
27  ☑    Affects both Debtors

28

Before the Court is the California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid (the "DWR Motion")[1] (Dkt. No. 11887) and the Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (the "Debtors' Motion") (Dkt. No. 11896) in the above captioned chapter 11 cases; and this Court having issued its Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources (Dkt. No. 11999) granting the DWR Motion and denying the Debtors' Motion by orders at Docket Nos. 12000 and 12001, respectively, and setting a further briefing schedule; and the Court having considered and denied the Notice of Appearance and Ex Parte Application for Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid (Dkt. 12024 and 12054); and the Court having considered the further briefing by the Debtors (Dkt. No. 12076) and DWR (Dkt. Nos. 12129 and 12129-1); and the Court having issued its Tentative Ruling Re Dispute Between Debtors and the California Department of Water Resources ("Tentative Ruling") (Dkt. No. 12147); and the Court having held hearings on March 2, 2022, and April 13, 2022, to consider the arguments and objections of the parties; and this Court, for the reasons stated by this Court on the record at the hearings, having determined that the ruling in the Court's Tentative Ruling should become the final ruling, and after due deliberation and sufficient good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The issue of DWR's liability for removal costs under the Castle Rock Agreement was properly before the Court based on the DWR Motion, the Debtors' Motion and the other pleadings and argument made to the Court in these proceedings;

2.     There are no material facts in dispute;

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the DWR Motion.

1      3.       DWR's interpretation of the applicable sections of the Castle Rock Agreement is

2 correct;

3      4.       DWR does not owe any estimated future removal costs or anything else to Debtors

4 and the remaining cotenants (City of Santa Clara dba Silicon Valley Power and Northern California

5 Power Agency) under the Castle Rock Agreement; and

6      5.       There are no damages to be assessed, by this Court or by arbitration, under that

7 agreement.

      IT IS HEREBY FURTHER ORDERED that, except as to the rulings made herein, the Court

is not making any ruling as to any dispute between DWR on the one hand, and the City of Santa

Clara dba Silicon Valley Power and Northern California Power Agency on the other, under the

Transmission Services Agreement between those parties, which issues shall be dealt with outside

this Court.

      IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to hear and

determine all matters arising from or related to the implementation, interpretation, or enforcement

of this Order.  This Order shall be immediately effective and enforceable upon its entry.

**APPROVED AS TO FORM**

KELLER BENVENUTTI KIM LLP

_____
Jane Kim, Attorneys for Debtors
and Reorganized Debtors

                          **END OF ORDER**

**EXHIBIT B**

**(Memorandum Decision dated March 8, 2022)**



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 (DM). | ) |
| | ) |
| | ) |
| _____ | ) |

**MEMORANDUM DECISION REGARDING DISPUTE BETWEEN DEBTORS AND THE
CALIFORNIA DEPARTMENT OF WATER RESOURCES**

On March 2, 2022, the court heard oral argument regarding *California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid* (the "DWR Motion") (Dkt. 11887) and the *Motion of*

-1-

*the Reorganized Debtors for Entry of an Order Modifying Plan*
*Injunction and Compelling Arbitration of Claim of California*
*Department of Water Resources* (the "Debtors' Motion") (==Dkt.==
==11896==), together with the accompanying memoranda, declarations
and other filings.

Having considered the matters fully, the court concludes
that the DWR Motion should be GRANTED and the Debtors' Motion
should be DENIED.

Long before these bankruptcy cases were filed, the dispute
between these opposing parties was identified and framed, and
either side could have initiated the arbitration procedures of
the 1984 Cotenancy Agreement ("Agreement"). Neither did. Even
after the petitions were filed on January 29, 2019, that
procedure was available, either by DWR, perhaps after first
seeking relief from stay, or by Debtors. Again, neither pursued
that procedure.

All that changed when the Debtors' Plan of Reorganization
(the "Plan") was negotiated, filed, considered and confirmed.
As pointed out by DWR, specific provisions were inserted into
the Plan and the Order Confirming the Plan (the "OCP") to deal
with and reserve for later resolution very numerous open issues
relating to executory contracts between Debtors and many
governmental agencies, including DWR.

Among the most relevant of them are:

34. <u>Determination of Cure Disputes.</u>
a. Pursuant to Section 8.2(c) of the Plan, **in the event
of an unresolved dispute regarding** (i) any Cure Amount,
(ii) the ability of the Reorganized Debtors or any
assignee to provide "adequate assurance of future
performance" (within the meaning of section 365 of the

-2-

Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or **(iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, a "Cure Dispute"), such Cure Dispute shall be resolved by a Final Order of the Court,** which may be entered after the Effective Date. (emphasis added).

67. Governmental Performance Obligations.
d. Notwithstanding anything in this Confirmation Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in the Debtors' schedules or Plan Documents (a "Potentially Assumed Contract/Lease") is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in section 365 of the Bankruptcy Code. With respect to any Cure Amount for a Potentially Assumed Contract/Lease for which the United States or any department, agency, or instrumentality of the State of California (collectively, the "Governmental Parties") is listed as the Non-Debtor Counterparty, all parties reserve all rights to dispute such Cure Amount. **If any Governmental Party disputes (i) that any Potentially Assumed Contract/Lease is in fact an executory contract or unexpired lease** or (ii) any Cure Amount, such Governmental Party shall have no later than ninety (90) days after the Confirmation Date (or such later date as may be mutually agreed upon between the applicable Governmental Party and the Debtors or Reorganized Debtors) to file and serve an objection setting forth such dispute, and **any such dispute shall be resolved by the Bankruptcy Court.** (Emphasis added).

DWR is adamant that after it gave its notice of termination of its participation in the Agreement on June 30, 2018, effective one year later, there was nothing left for it to do or for Debtors to assume. All that remains is for Debtors to pay a refund of $101,026.75, now reflected in Proof of Claim No. 78104 that is presumptively allowed and has not been the subject of an objection.

-3-

1    Debtors take a contrary view, reflected as early as when

2  the court was considering confirmation of the Plan.  Debtors

3  filed their *Schedule of Executory Contracts and Unexpired Leases*

4  *to be Assumed Pursuant to the Plan and Proposed Cure Amounts*

5  attached to the Plan Supplement as Exhibit B ("Cure Notice")

6  (Dkt. 7037).

7    That lengthy schedule included the Agreement.  Thus, even

8  to the present date, Debtors maintain that the Agreement was

9  subject to assumption because it was not rejected, and the

10 resolution of the remaining dispute that is the subject of the

11 present motions is part and parcel of the entire bundle of

12 rights and obligations of the parties that must be resolved

13 through arbitration.

14    Given the very specific attention given to matters that

15 plainly include the present dispute, the court is satisfied that

16 the Plan and the OCP reserving jurisdiction in this court to

17 resolve them prevail over those relied on by Debtors to require

18 the court to order arbitration.

19    In *In re Thorpe Insulation Co.,* 671 F.3d 1011 (9th Cir.

20 2012), the court established the principles that guide

21 bankruptcy courts in dealing with arbitration provisions versus

22 bankruptcy alternatives.  Those principles convince this court

23 to exercise its discretion not to order arbitration at present.

24    *Thorpe* involved a very complex reorganization of an

25 asbestos mass torts case and the implementation of 11 U.S.C. §

26 524(g).  It was a dispute of massive proportions and was

27 obviously quite critical to the outcome of the bankruptcy as a

28 whole.

-4-

In contrast, Debtors would not have been in bankruptcy at all but for the tragic wildfires of 2015, 2017 and 2018, none of which have anything to do with the present dispute. It is easy to assume that had those fires not occurred, no bankruptcy court would have been called upon to deal with the present dispute with DWR.

The determination of whether the Agreement is an executory contract that may be assumed, and if so under what circumstances and leading to what consequences, is clearly a core matter for determination unless the arbitration option is more appropriate. The core question is not a dispositive factor, but one that should be considered. *Thorpe* taught that "[i]n core proceedings, by contrast, the bankruptcy court at least when it sees a conflict with bankruptcy law, has discretion to deny enforcement of an arbitration agreement." *Thorpe* 671 F.3d at 1021 (citations omitted).

The Ninth Circuit agreed with other circuit courts that permit bankruptcy court discretion to decline enforcement or otherwise applicable arbitration provisions "only if arbitration would conflict the underlying purposes of the Bankruptcy Code." *Id.* (citations omitted). Had either party initiated arbitration after DWR gave its notice of termination in 2018 but before the bankruptcy, there is no doubt that such course would have to be followed. Even if either party had sought to do so after bankruptcy, but before consideration of the Plan, the same result appears likely.

Regardless of what could have happened, Debtors chose to reserve the disposition of this dispute as a post-Confirmation

-5-

matter as indicated above. While this court is not unmindful of the tremendous complexity of the reorganization effort, and even the complexities encountered apart from the wildfire problems, Debtors still made an election of how best to proceed. They could have excluded the Agreement from the list of matters to be disposed of later but did not. Thus, the deferral of resolving the issue through the plan mechanisms was a conscious choice.

*Thorpe* stated:

> "Arbitration of a creditor's claim against a debtor, even if conducted expeditiously, prevents the coordinated resolution of debtor-creditor rights and can delay the confirmation of a plan of reorganization."

*Id.* at 1023.

There was no delay in consideration of the Plan and its subsequent confirmation and implementation. The court cannot ignore that conscious choice of the Debtors to proceed under the procedures and reservations they established and which DWR and other governmental agencies responded by their reservation of rights as noted.

Even though this issue is presented to the court nearly two years after the Plan was confirmed, there is still a risk that an outcome achieved via arbitration, at least on the issues of whether the Agreement was to the reserved assumption provisions of the Plan at all, and whether DWR could be required to pay anything after it gave its notice of termination, would conflict with those policies articulated by *Thorpe* and memorialized in the Plan and the OCP.

Under the circumstances presented, and consistent with the admonitions of *Thorpe*, the court prefers to exercise its

-6-

discretion and keep that dispute here.  If the outcome is as DWR
hopes, the matter is over, subject only to the possibility of
appellate review.  If the outcome favors Debtors, the question
of liquidation of the <u>amount</u> of damages to be paid by DWR <u>may</u> be
more appropriately determined through arbitration.

There are no material facts in dispute regarding whether
DWR should or should not be ordered to pay its share of the net
loss upon termination of the Agreement.  DWR looks to Section
14.5 of the Agreement to insulate it from such a charge because
the other parties continued to operate under it.  Debtors rely
on Section 14.7 to hold DWR responsible for its share for
termination in the future.

Collateral to that, and of relatively minor importance, is
whether Claim No. 78104 should be paid.  So far Debtors have not
asserted any substantive objection to it, but maintain that if
they prevail on the termination issue that would represent
little more than a minor offset in DWR's favor.

It is now time to put this dispute to rest.  Debtors have
until March 25, 2022, to file a memorandum, not to exceed twenty
pages and limited to this discrete issue described above, in
support of their position.  DWR has until April 8, 2022, to file
a reply memorandum, not to exceed twenty pages and similarly
limited.  After that the matter will stand submitted unless the
court decides to consider oral argument.

If the decision is that DWR prevails, then that should be
the end of it, subject only to Debtors paying Claim No. 78104.
If Debtors prevail on that discrete issue, the court will
revisit the question of the amount DWR's future liability upon

-7-

termination should be determined through arbitration or via a damages trial in this court.

The court is concurrently issuing orders consistent with this Memorandum Decision.

**\*\*END OF MEMORANDUM DECISION\*\***

1                       **<u>EXHIBIT C</u>**

2         **(Order Granting CDWR Motion Dated March 8, 2022)**



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *\* All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| _____ | ) |

**ORDER GRANTING CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E CANNOT BE ASSUMED AND CLAIM NO. 78104 BE PAID**

For the reasons stated in the Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources being issued concurrently, *California Department of Water Resources' Motion for Order Determining that The Castle*

-1-

Rock Agreement with PG&E Cannot be Assumed and that The
Department of Water Resources' Claim No. 78104 be Paid (Dkt.
11887) is GRANTED.

**END OF ORDER**

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT D</u>**

**(Order Denying PG&E Motion Dated March 8, 2022)**



Signed and Filed: March 8, 2022

_(signature)_

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|    Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| | ) |

**ORDER DENYING DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING
PLAN INJUNCTION AND COMPELLING ARBITRATION OF CLAIM OF
CALIFORNIA DEPARTMENT OF WATER RESOURCES**

For the reasons stated in the Memorandum Decision Regarding
Dispute Between Debtors and The California Department of Water
Resources being issued concurrently, the *Motion of the
Reorganized Debtors for Entry of an Order Modifying Plan*

-1-

1   *Injunction and Compelling Arbitration of Claim of California*

2   *Department of Water Resources* (<mark>Dkt. 11896</mark>) is DENIED.

3                           **\*\*END OF ORDER\*\***

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT E**

**(Order Denying Motion to Intervene Entered March 22, 2022)**



Signed and Filed: March 21, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|    Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |

ORDER DENYING MOTION TO INTERVENE BY CITY OF SANTA CLARA, DBA
SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY

On March 15, 2022, interested parties City of Santa Clara,
dba Silicon Valley Power ("SVP") and Northern California Power
Agency ("NCPA") filed a *Notice of Appearance and Ex Parte
Application for Order Authorizing City of Santa Clara, dba
Silicon Valley Power and Northern California Power Agency to
Intervene and File a Response to California Department of Water*

-1-

1   *Resources' Motion for Order Determining that the Castle Rock*
2   *Agreement Cannot Be Assumed and that the Department of Water*
3   *Resources Claim No. 78014 be Paid* (the "Intervention Motion")
4   (Dkt. 12024).  On March 17, 2022 the California Department of
5   Water Resources' ("DWR") filed an Opposition to the Intervention
6   Motion (Dkt. 12035).

7       The Intervention Motion seeks to enter the fray of a
8   longstanding and nearly adjudicated dispute by filing a brief
9   according to the schedule set by the court's *Memorandum Decision*
10  *Regarding Dispute Between Debtors and the California Department*
11  *of Water Resources* (Dkt. 11999) (the "Memo").  The Memo detailed
12  the court's decision to grant DWR's *Motion for Order Determining*
13  *that the Castle Rock Agreement with PG&E Cannot be Assumed and*
14  *Claim No. 78104 be Paid* ("DWR Motion") (Dkt. 11887) and
15  subsequently set a further briefing schedule for DWR and
16  Debtors.  SVP and NCPA were both served notice of the DWR Motion
17  when it was first filed on February 1, 2022.  The Intervention
18  Motion makes clear that SVP and NCPA conferred with Debtors and
19  deliberately chose not to respond to the substance of the DWR
20  Motion in the belief that Debtors would prevail in their *Motion*
21  *of the Reorganized Debtors for Entry of an Order Modifying Plan*
22  *Injunction and Compelling Arbitration of Claim of California*
23  *Department of Water Resources* (Dkt. 11896), which the court
24  denied.

25      In the related dispute between Debtors and DWR, DWR
26  acknowledged the existence of an agreement among it, SVP and
27  NCPA (but not Debtors) known as the Layoff Agreement.
28  Responding to the *Reorganized Debtors' Motion for Order*

-2-

*Modifying Plan Injunction and Compelling Arbitration* (Dkt.
11896), DWR stated:

> Whether DWR effectively terminated its interest in
> the Castle Rock Agreement is a separate issue that
> can be determined without reference to the Layoff
> Agreement. To the extent that NCPA and SVP believe
> they may have any cognizable action against DWR,
> they should pursue it in state court rather than
> attempt to manipulate the bankruptcy court
> proceeding to seek relief through the Executory
> Contract and Cure Dispute and claims allowance
> process. (Dkt. 11942 at 14).

In determining whether a motion to intervene is timely,
courts consider three factors: "(1) the stage of the
proceedings; (2) whether the parties would be prejudiced; and
(3) the reason for any delay in moving to intervene." *Nw. Forest
Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as
amended on denial of reh'g* (May 30, 1996).  As noted above, SVP
and NCPA chose not to participate in the DWR Motion for the past
month and a half while DWR made clear its interest in
determining the merits of the DWR Motion as to the Debtors from
the beginning.  They remained on the sideline, casting their
fate with the Reorganized Debtors.  To allow them to have a
second chance now would not be fair to DWR.

The proceedings are nearly over, DWR would be prejudiced in
having previously defaulted parties enter the fray, and the
reason for the delay is entirely the choice of SVP and NCPA.
All three factors weigh in favor of denying the Intervention
Motion.  Even without intervention, DWR, SVP, and NCPA will

-3-

1   still be able to determine remaining rights under the Layoff

2   Agreement in another forum.

3            Accordingly, the Intervention Motion is DENIED.

4                            **END OF ORDER**

-4-

COURT SERVICE LIST

ECF Recipients

-5-