James P. Frantz, Esq., SBN 87492
jpf@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN 297611
gstiefel@frantzlawgroup.com
FRANTZ LAW GROUP, APLC
71 Stevenson Building, Suite 400
San Francisco, CA 94105
Tel: (415) 282-2928
Fax: (619) 525-7672

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISON

In re:
PG&E CORPORATION
-and-
PACIFIC GAS AND ELECTRIC COMPANY,
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
■ Affects both Debtors

Case No.: 19-30088 (DM)

Chapter 11
(lead case)
(jointly administered)

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY CRAIG MEMORIAL CONGREGATIONAL CHURCH, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF REGINA BAGDASARIAN IN SUPPORT**

**Date**: TBD
**Time**: TBD
**Place:** United States Bankruptcy Court
Courtroom 16, 17th Floor
San Francisco, CA 94102

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Frantz Law Group, APLC represents thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire"). Frantz Law Group, APLC respectfully files this motion on behalf of Craig Memorial Congregational Church ("Movant") to deem timely late filing of proofs of claims ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the Camp Fire, the impact of the Dixie Fire, as well as a misunderstanding as to the legitimacy of their claims, Movants were unable to timely file their proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claim deemed timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

Movant, Craig Memorial Congregational Church, is a Church that was lost due to the fire. Unfortunately, following the fire, the frequent attendees of the Church were busy working on restoring and repairing their own houses and lives, which resulted in the Church being overlooked. Movant seeks to rebuild and restore the sense of community for their believers. Movant provided a place for all to find a sense of understanding a belonging, and wishes to be able to provide the same service upon rebuild of their Church.

Craig Memorial Church provided a variety of mental health benefits for the community, which improved the vitality of the community. Attendance at Craig Memorial Church will promote the mental health of their followers and help reduce the amount of stress they suffer from their everyday life, as well as help them cope with the aftermath of the fire.

Once followers of the Church learned the Church could have a claim, they moved quickly to retain FLG and establish a claim to help rebuild their Church. The Church, to many of the community members, was a part of their identity, and they are eager to rebuild and resume attending. Accordingly, FLG filed a claim on behalf of Movants. A true and correct copy of the Subject Proof of Claim is attached to the Declaration as Exhibit "1."

### III. LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. See e.g., In re Nw. Territorial Mint, LLC, No. AP 16 1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the party."); In re Schultz, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." Pioneer Inv. Servs. Co., 507 U.S. at 395. Courts in the Ninth Circuit generally examine four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. See id. Each of these four factors weighs heavily in favor of Movant. Accordingly, their late proof of claims should be deemed timely.

In our present case, there will be no prejudice to PG&E by the Movant's claim. The value of the Movants claims is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

Second, despite the late filing, the Movant's claim will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as the Movant, whose claims will be placed among them, resulting in no noticeable impact upon the distribution process. See e.g., In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

Third, the factual circumstances in the Movant's claim warrants excusable neglect. The board that was responsible for the Church were all also fire victims who needed to first focus on re-establishing their own lives after the fire. Once the members of the board of the Church were able to figure out how they can recover after the fire, the attention focused on their beloved Church.

The board of the Church also struggle from post-traumatic stress disorder as a result of the fire. Post-traumatic stress disorder symptoms may start within one month of a traumatic event, but sometimes symptoms may not appear until years after the event.[1] These symptoms

---

[1] Post-traumatic stress disorder (PTSD) - Symptoms and causes, Mayo Clinic (July 6, 2018), www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/symptoms-causes/syc-20355967.

cause significant problems in social or work situations and in relationships. [2] They can also interfere with a person's ability to go about their normal daily tasks. [3] PTSD symptoms can vary in intensity over time. Someone may have more PTSD symptoms when they are generally stressed, or when they come across reminders of a traumatic event they experienced.[4] In terms of wildfire victims, many feel stress, anxiety and panic when they smell even the slightest smoke, because it triggers a traumatic memory of their experience. Some even wake up multiple times at night to make sure there is not a fire nearby. In the present case, the board of the Church was struggling with their own issues regarding the fire, so they were unable to properly focus on the Church until they sorted out their own life. Due to the extreme PTSD they all suffered, they need to be able to escape to their church to help ease their mind from the aftermath of this fire.

Another common symptom of PTSD is avoiding things that remind someone of the event.[5] For wildfire victims, this can include putting off filing a lawsuit in order to try to move on from the traumatic event. Unfortunately, for these types of wildfire victims, years later, they come to the realization that it is not possible to simply start over after the fire. A lot of wildfire victims have lost their homes, everything they own, their jobs, and their community. With a limited or no income at all, most wildfire victims are unable to rebuild and move on as they were trying to do. Similarly, here, Movant was responsible for helping establish a sense of community, a place where everyone was welcome. During stressful times in a community, Craig Memorial Church offered gestures of peace and goodwill. As a result, due to excusable unawareness, the Movant did not timely file a proof of claim for their 2018 damages until after the bar date. See e.g.,

---

[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*
[5] About Face booklet (va.gov)

Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect). After realizing the legitimacy of their claims and how difficult it is to start over and rebuild a church, Movant contacted Frantz Law Group, APLC to evaluate their claim. During the normal course of due diligence, Frantz Law Group, APLC inquired about possible damages from the 2018 Camp Fire.

It would be unfair for the plaintiff to not be able to a claim. Movant, Craig Memorial Church, brings together an entire community and will continue to bring the community together. Now more than ever, when wildfire survivors are beginning to be able to start to pick themselves up, the rebuild of their beloved Church will provide that sense of normalcy they so desperately seek. Importantly, the Movant's claim was made in good faith. Movant, although an important location in the community, was unfortunately overlooked. The bystander effect of assuming someone else was helping take care of the Church played a big role in the Court. Due to excusable neglect, she did not understand the legitimacy of her claims which resulted in the Movant not filing a claim in time.

### IV. CONCLUSION

For the foregoing reasons, this Motion should be granted, and Craig Memorial Church's claim should be deemed timely.

Dated: May 6, 2022

By: /s/ James P. Frantz
**FRANTZ LAW GROUP, APLC**
James P. Frantz, Esq., SBN. 87492
jpf@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN. 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN. 297611
gstiefel@frantzlawgroup.com
71 Stevenson Building, Suite 400
San Francisco, CA 94105
T: (415) 282-2928 F: (619) 525-7672

**Declaration of Regina Bagdasarian**

I, Regina Bagdasarian, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.
2. If called upon to testify, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true based on my personal knowledge or through information obtained my staff.
3. I am an attorney of the law firm Frantz Law Group, APLC and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim.
4. Creditor Craig Memorial Church is a Church that was affected by the Camp Fire that occurred in 2018.
5. Craig Memorial Church was located at 5872 Oliver Rd, Paradise, CA 95969.
7. On May 6, 2022, Craig Memorial Church retained FLG.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 6, 2022.

/s/ _____
Regina Bagdasarian

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, a copy of the following was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ *[signature]*
Regina Bagdasarian

# EXHIBIT 1

| In re: | Bankruptcy Case |
|---|---|
| PG&E CORPORATION, | No. 19-30088 (DM) |
| - and - | |
| PACIFIC GAS AND ELECTRIC COMPANY, | Chapter 11 |
| | (Lead Case) |
| Debtors. | (Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Craig Memorial Congregational Church
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Craig Memorial Congregational Church
Attorney Name (if applicable): James P. Frantz
Attorney Bar Number (if applicable): 87492
Street Address: 402 West Broadway Suite 860
City: San Diego
State: CA
Zip Code: 92101
Phone Number: 530-423-6774
Email Address: wildfires@frantzlawgroup.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on ___ / ___ / ___ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

**7. What fire is the basis of your claim?**

Check all that apply.

- [✓] Camp Fire (2018)
- [ ] North Bay Fires (2017)
- [ ] Ghost Ship Fire (2016)
- [ ] Butte Fire (2015)
- [ ] Other (please provide date and brief description of fire: _____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): 5872 Oliver Rd, Paradise, CA 95969

**9. How were you and/or your family harmed?**

Check all that apply

- [✓] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  - [✓] Owner [ ] Renter [ ] Occupant [ ] Other (Please specify): _____
- [✓] Personal Injury
- [ ] Wrongful Death (if checked, please provide the name of the deceased) _____
- [ ] Business Loss/Interruption
- [✓] Lost wages and earning capacity
- [✓] Loss of community and essential services
- [ ] Agricultural loss
- [✓] Other (Please specify): Any and all other damages revocable under California law.

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

- [✓] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- [✓] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- [✓] Punitive, exemplary, and statutory damages
- [✓] Attorney's fees and litigation costs
- [✓] Interest
- [✓] Any and all other damages recoverable under California law
- [ ] Other (Please specify): _____

**11. How much is the claim?**

- [ ] $_____ (optional)
- [✓] Unknown / To be determined at a later date

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date __5/11/22__ (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: James P Frantz
First name    Middle name    Last name

Title: Attorney

Company: Frantz Law Group
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 402 W Broadway Ste 860
Number    Street
San Diego    CA    92101
City    State    ZIP Code

Contact phone: 855-735-5945    Email: wildfires@frantzlawgroup.com