# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Francisco)
### Bankruptcy Petition #: 19–30088

|  |  |
|---|---|
| *Date filed:* | 01/29/2019 |
| *Plan confirmed:* | 06/20/2020 |
| *341 meeting:* | 04/29/2019 |
| *Deadline for filing claims:* | 10/21/2019 |
| *Deadline for filing claims (govt.):* | 10/21/2019 |

*Assigned to:* Judge Dennis Montali
Chapter 11
Voluntary
Asset

*Debtor*
**PG&E Corporation**
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177
SAN FRANCISCO–CA
(929) 333–8977
Tax ID / EIN: 94–3234914

represented by **Max Africk**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000
*TERMINATED: 11/12/2019*

**Peter J. Benvenutti**
Keller Benvenutti Kim LLP
650 California St. 19th Fl.
San Francisco, CA 94108
(415) 364–6798
Email: pbenvenutti@kbkllp.com

**Kevin Bostel**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Lee Brand**
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Fl.
San Francisco, CA 94111–5998
415–983–1116
Email: lee.brand@pillsburylaw.com

**Timothy G. Cameron**
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Ave.
New York, NY 10019
(212) 474–1120

**Jared R. Friedmann**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310–8000

**Andriana Georgallas**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Stuart J. Goldring**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310–8000

**Matthew Goren**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**David A. Herman**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**David Franklin Hill, IV**
Weil, Gotshal and Manges, LLP
767 Fifth Ave.
New York, NY 10153
(212) 310–8000

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Tobias S. Keller**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108
(415) 796–0709
Email: tkeller@kbkllp.com

**Jane Kim**
Keller Benvenutti Kim LLP
650 California St, Suite 1900
San Francisco, CA 94108
(415) 364–6793
Email: jkim@kbkllp.com

**Katherine Kohn**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861–2607
Email: kkohn@groom.com

**Kevin Kramer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**David Levine**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861–5436

Email: dnl@groom.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108
415–364–6793
Email: dsilveira@kbkllp.com

**Jessica Liou**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Omid H. Nasab**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**John Nolan**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Kevin J. Orsini**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000

**Thomas B. Rupp**
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
415–636–9015
Email: trupp@kbkllp.com

**Bradley R. Schneider**
Munger Tolles and Olson LLP
350 S Grand Ave., 50th Fl.
Los Angeles, CA 90071
(213) 683–9100
Email: bradley.schneider@mto.com

**Ray C. Schrock**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212–310–8000

**Richard W. Slack**
Weil Gotshal and Manges, LLP
767 Fifth Ave.
New York, NY 10153–0119
(212) 310–8000
Email: richard.slack@weil.com

**Theodore Tsekerides**
Weil, Gotshal & Manges LLP
767 Fifth Avenue

New York, NY 10153
212−310−8000

**Paul H. Zumbro**
Cravath, Swaine & Moore LLP
85 Eighth Avenue
New York, NY 10019
2124741000
Email: mao@cravath.com

*Responsible Ind*
**Jason P. Wells**
Senior Vice President
Chief Financial Officer PG&E Corporation
77 Beale St.
San Francisco, CA 94177
(929) 333−8977

*U.S. Trustee*
**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415)705−3333

represented by **Jason Blumberg**
Office of the U.S. Trustee
501 I St. #7−500
Sacramento, CA 95814
(916) 930−2076
Email: jason.blumberg@usdoj.gov

**Cameron M. Gulden**
Office of the United States Trustee
300 Booth St., Room 3009
Reno, NV 89509
(775) 784−5335
Email: cameron.m.gulden@usdoj.gov

**Lynette C. Kelly**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415) 252−2065
Email: ustpregion17.oa.ecf@usdoj.gov

**Timothy S. Laffredi**
Office of the U. S. Trustee − San Jose
280 South 1 St., Suite 268
San Jose, CA 95113
(408) 535−5525
Email: timothy.s.laffredi@usdoj.gov

**Timothy S. Laffredi**
Office of the U.S. Trustee − SF
450 Golden Gate Ave.
Suite 05−0153
San Francisco, CA 94102
(415) 705−3333
Email: timothy.s.laffredi@usdoj.gov

**Marta Villacorta**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415) 252−2062
Email: marta.villacorta@usdoj.gov

**Creditor Committee**
**Official Committee Of Unsecured Creditors**

represented by **Paul S. Aronzon**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4000
Email: paronzon@milbank.com

**James C. Behrens**
Milbank, LLP
2029 Century Park E, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4436
Email: jbehrens@milbank.com

**Gregory A. Bray**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386–4470
Email: gbray@milbank.com

**Erin Elizabeth Dexter**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835–7500
Email: edexter@milbank.com

**Dennis F. Dunne**
Milbank, LLP
55 Hudson Yards
New York, NY 10001–2163
(212) 530–5000
Email: ddunne@milbank.com

**Samuel A. Khalil**
Milbank, LLP
55 Hudson Yards
New York, NY 10001–2163
(212) 530–5000
Email: skhalil@milbank.com

**Thomas R. Kreller**
Milbank LLP
2029 Century Park East, 33rd
Los Angeles, CA 90067
(424) 386–4463
Email: tkreller@milbank.com

**Andrew Michael Leblanc**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835–7500
Email: ALeblanc@milbank.com

**Alan J. Stone**
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530–5000

Email: AStone@milbank.com

*Creditor Committee*
**Official Committee of Tort Claimants**

represented by **Lauren T. Attard**
Baker Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025–0509
(310) 820–8800
Email: lattard@bakerlaw.com

**Chris Bator**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621–0200
Email: cbator@bakerlaw.com

**Dustin M. Dow**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621–0200
Email: ddow@bakerlaw.com

**Cecily Ann Dumas**
Baker and Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111–2806
415–659–2600
Email: cdumas@bakerlaw.com

**Joseph M. Esmont**
Baker & Hostetler LLP
127 Public Sq., #2000
Cleveland, OH 44147
(216) 861–7835
Email: jesmont@bakerlaw.com

**Lars H. Fuller**
Baker & Hostetler LLP
1801 California St #4400
Denver, CO 80202
(303) 764–4114
Email: lfuller@bakerlaw.com

**Eric R. Goodman**
Brown Rudnick LLP
601 Thirteenth St. NW, #600
Washington, DC 20005
(202) 536–1740
Email: egoodman@bakerlaw.com
*TERMINATED: 04/07/2021*

**Elizabeth A. Green**
BakerHostetler LLP
200 S. Orange Ave. #2300
Orlando, FL 32801
(407) 649–4000
Email: egreen@bakerlaw.com

**Robert A. Julian**
Baker and Hostetler LLP

Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111–2806
(415) 569–2600
Email: rjulian@bakerlaw.com

**Elyssa S. Kates**
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589–4227
Email: ekates@bakerlaw.com

**Kody D. L. Kleber**
Baker & Hostetler LLP
811 Main St., #1100
Houston, TX 77005
(713) 703–1315
Email: kkleber@bakerlaw.com

**John H. MacConaghy**
MacConaghy and Barnier
645 1st St. W #D
Sonoma, CA 95476
(707) 935–3205
Email: macclaw@macbarlaw.com

**Kimberly S. Morris**
Baker & Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
(415) 659–2600
Email: kmorris@bakerlaw.com

**David J. Richardson**
Baker & Hostetler, LLP
11601 Wilshire Blvd.,
14th Floor
Los Angeles, CA 90025
(310) 442–8858
Email: drichardson@bakerlaw.com

**David B. Rivkin, Jr.**
Baker and Hostetler LLP
1050 Connecticut Ave., N.W., #1100
Washington, DC 20036
(202) 861–1731
Email: drivkin@bakerlaw.com

**Jorian L. Rose**
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589–4200
Email: jrose@bakerlaw.com

**Eric E. Sagerman**
Baker and Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025
(310) 442–8875
Email: esagerman@bakerlaw.com

**Catherine E. Woltering**
Baker & Hostetler LLP
Key Tower, 127 Public Sq., #2000
Cleveland, OH 44114–1214
(614) 462–2677
Email: cwoltering@bakerlaw.com
*TERMINATED: 04/01/2020*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/08/2022 | 11999 | Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources (RE: related document(s)11887 Motion to Reject Lease or Executory Contract filed by Interested Party California Department of Water Resources, 11896 Motion Miscellaneous Relief filed by Debtor PG&E Corporation). (lp) (Entered: 03/08/2022) |
| 03/08/2022 | 12000 | Order Granting California Department of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid (Related Doc # 11887) (lp) (Entered: 03/08/2022) |
| 03/08/2022 | 12001 | Order Denying Debtors' Motion For Entry Of An Order Modifying Plan Injunction And Compelling Arbitration Of Claim Of California Department Of Water Resources (Related Doc # 11896) (lp) (Entered: 03/08/2022) |
| 03/21/2022 | 12054 | Order Denying Motion to Intervene by City of Santa Clara, DBA Silicon Valley Power and Northern California Power Agency (Related Doc # 12024) (lp) (Entered: 03/22/2022) |
| 04/22/2022 | 12207 | Order Regarding Dispute Between Debtors and California Department of Water Resources (RE: related document(s)11887 Motion to Reject Lease or Executory Contract filed by Interested Party California Department of Water Resources). (lp) (Entered: 04/22/2022) |
| 05/05/2022 | 12310 | Notice of Appeal and Statement of Election *to Have Appeal Heard by United States District Court for the Northern District of California*, Fee Amount $ 298. (RE: related document(s)11999 Memorandum Decision, 12000 Order on Motion to Reject Lease or Executory Contract, 12001 Order on Motion for Miscellaneous Relief, 12054 Order on Motion for Miscellaneous Relief, 12207 Order). Appellant Designation due by 05/23/2022. Transmission of Record to District Court due by 06/6/2022. Statement of Issues due by 05/23/2022. (Attachments: # 1 Certificate of Service) Filed by Creditors City of Santa Clara dba Silicon Valley Power, Northern California Power Agency (Mouzes, Thomas) (Entered: 05/05/2022) |
| 05/06/2022 | 12322 | Courts Certificate of Mailing. Number of notices mailed: 18 (RE: related document(s)12310 Notice of Appeal and Statement of Election). (dc) (Entered: 05/06/2022) |
| 05/12/2022 | 12366 | Certificate of Service *of Sonia Akter Regarding Notice of Appeal and Statement of Election to Have Appeal Heard by United States District Court for the Northern District of California* Filed by Other Prof. Kroll Restructuring Administration LLC (related document(s)12310 Notice of Appeal and Statement of Election). (Malo, David) (Entered: 05/12/2022) |



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *\* All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| _____ | ) |

**MEMORANDUM DECISION REGARDING DISPUTE BETWEEN DEBTORS AND THE CALIFORNIA DEPARTMENT OF WATER RESOURCES**

On March 2, 2022, the court heard oral argument regarding *California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid* (the "DWR Motion") (Dkt. 11887) and the *Motion of*

-1-

*the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (the "Debtors' Motion") (<mark>Dkt. 11896</mark>), together with the accompanying memoranda, declarations and other filings.

Having considered the matters fully, the court concludes that the DWR Motion should be GRANTED and the Debtors' Motion should be DENIED.

Long before these bankruptcy cases were filed, the dispute between these opposing parties was identified and framed, and either side could have initiated the arbitration procedures of the 1984 Cotenancy Agreement ("Agreement"). Neither did. Even after the petitions were filed on January 29, 2019, that procedure was available, either by DWR, perhaps after first seeking relief from stay, or by Debtors. Again, neither pursued that procedure.

All that changed when the Debtors' Plan of Reorganization (the "Plan") was negotiated, filed, considered and confirmed. As pointed out by DWR, specific provisions were inserted into the Plan and the Order Confirming the Plan (the "OCP") to deal with and reserve for later resolution very numerous open issues relating to executory contracts between Debtors and many governmental agencies, including DWR.

Among the most relevant of them are:

34. <u>Determination of Cure Disputes.</u>
a. Pursuant to Section 8.2(c) of the Plan, **in the event of an unresolved dispute regarding** (i) any Cure Amount, (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the

-2-

Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or **(iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, a "Cure Dispute"), such Cure Dispute shall be resolved by a Final Order of the Court,** which may be entered after the Effective Date. (emphasis added).

67. <u>Governmental Performance Obligations.</u>
d. Notwithstanding anything in this Confirmation Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in the Debtors' schedules or Plan Documents (a "Potentially Assumed Contract/Lease") is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in section 365 of the Bankruptcy Code. With respect to any Cure Amount for a Potentially Assumed Contract/Lease for which the United States or any department, agency, or instrumentality of the State of California (collectively, the "Governmental Parties") is listed as the Non-Debtor Counterparty, all parties reserve all rights to dispute such Cure Amount. **If any Governmental Party disputes (i) that any Potentially Assumed Contract/Lease is in fact an executory contract or unexpired lease** or (ii) any Cure Amount, such Governmental Party shall have no later than ninety (90) days after the Confirmation Date (or such later date as may be mutually agreed upon between the applicable Governmental Party and the Debtors or Reorganized Debtors) to file and serve an objection setting forth such dispute, and **any such dispute shall be resolved by the Bankruptcy Court.** (Emphasis added).

DWR is adamant that after it gave its notice of termination of its participation in the Agreement on June 30, 2018, effective one year later, there was nothing left for it to do or for Debtors to assume.  All that remains is for Debtors to pay a refund of $101,026.75, now reflected in Proof of Claim No. 78104 that is presumptively allowed and has not been the subject of an objection.

–3–

Debtors take a contrary view, reflected as early as when the court was considering confirmation of the Plan. Debtors filed their *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* attached to the Plan Supplement as Exhibit B ("Cure Notice") (Dkt. 7037).

That lengthy schedule included the Agreement. Thus, even to the present date, Debtors maintain that the Agreement was subject to assumption because it was not rejected, and the resolution of the remaining dispute that is the subject of the present motions is part and parcel of the entire bundle of rights and obligations of the parties that must be resolved through arbitration.

Given the very specific attention given to matters that plainly include the present dispute, the court is satisfied that the Plan and the OCP reserving jurisdiction in this court to resolve them prevail over those relied on by Debtors to require the court to order arbitration.

In *In re Thorpe Insulation Co.,* 671 F.3d 1011 (9th Cir. 2012), the court established the principles that guide bankruptcy courts in dealing with arbitration provisions versus bankruptcy alternatives. Those principles convince this court to exercise its discretion not to order arbitration at present.

*Thorpe* involved a very complex reorganization of an asbestos mass torts case and the implementation of 11 U.S.C. § 524(g). It was a dispute of massive proportions and was obviously quite critical to the outcome of the bankruptcy as a whole.

-4-

In contrast, Debtors would not have been in bankruptcy at all but for the tragic wildfires of 2015, 2017 and 2018, none of which have anything to do with the present dispute. It is easy to assume that had those fires not occurred, no bankruptcy court would have been called upon to deal with the present dispute with DWR.

The determination of whether the Agreement is an executory contract that may be assumed, and if so under what circumstances and leading to what consequences, is clearly a core matter for determination unless the arbitration option is more appropriate. The core question is not a dispositive factor, but one that should be considered. *Thorpe* taught that "[i]n core proceedings, by contrast, the bankruptcy court at least when it sees a conflict with bankruptcy law, has discretion to deny enforcement of an arbitration agreement." *Thorpe* 671 F.3d at 1021 (citations omitted).

The Ninth Circuit agreed with other circuit courts that permit bankruptcy court discretion to decline enforcement or otherwise applicable arbitration provisions "only if arbitration would conflict the underlying purposes of the Bankruptcy Code." *Id.* (citations omitted). Had either party initiated arbitration after DWR gave its notice of termination in 2018 but before the bankruptcy, there is no doubt that such course would have to be followed. Even if either party had sought to do so after bankruptcy, but before consideration of the Plan, the same result appears likely.

Regardless of what could have happened, Debtors chose to reserve the disposition of this dispute as a post-Confirmation

-5-

matter as indicated above.  While this court is not unmindful of the tremendous complexity of the reorganization effort, and even the complexities encountered apart from the wildfire problems, Debtors still made an election of how best to proceed.  They could have excluded the Agreement from the list of matters to be disposed of later but did not.  Thus, the deferral of resolving the issue through the plan mechanisms was a conscious choice.

*Thorpe* stated:

> "Arbitration of a creditor's claim against a debtor, even if conducted expeditiously, prevents the coordinated resolution of debtor-creditor rights and can delay the confirmation of a plan of reorganization."

*Id.* at 1023.

There was no delay in consideration of the Plan and its subsequent confirmation and implementation.  The court cannot ignore that conscious choice of the Debtors to proceed under the procedures and reservations they established and which DWR and other governmental agencies responded by their reservation of rights as noted.

Even though this issue is presented to the court nearly two years after the Plan was confirmed, there is still a risk that an outcome achieved via arbitration, at least on the issues of whether the Agreement was to the reserved assumption provisions of the Plan at all, and whether DWR could be required to pay anything after it gave its notice of termination, would conflict with those policies articulated by *Thorpe* and memorialized in the Plan and the OCP.

Under the circumstances presented, and consistent with the admonitions of *Thorpe*, the court prefers to exercise its

-6-

discretion and keep that dispute here. If the outcome is as DWR hopes, the matter is over, subject only to the possibility of appellate review. If the outcome favors Debtors, the question of liquidation of the <u>amount</u> of damages to be paid by DWR <u>may</u> be more appropriately determined through arbitration.

There are no material facts in dispute regarding whether DWR should or should not be ordered to pay its share of the net loss upon termination of the Agreement. DWR looks to Section 14.5 of the Agreement to insulate it from such a charge because the other parties continued to operate under it. Debtors rely on Section 14.7 to hold DWR responsible for its share for termination in the future.

Collateral to that, and of relatively minor importance, is whether Claim No. 78104 should be paid. So far Debtors have not asserted any substantive objection to it, but maintain that if they prevail on the termination issue that would represent little more than a minor offset in DWR's favor.

It is now time to put this dispute to rest. Debtors have until March 25, 2022, to file a memorandum, not to exceed twenty pages and limited to this discrete issue described above, in support of their position. DWR has until April 8, 2022, to file a reply memorandum, not to exceed twenty pages and similarly limited. After that the matter will stand submitted unless the court decides to consider oral argument.

If the decision is that DWR prevails, then that should be the end of it, subject only to Debtors paying Claim No. 78104. If Debtors prevail on that discrete issue, the court will revisit the question of the amount DWR's future liability upon

-7-

termination should be determined through arbitration or via a damages trial in this court.

The court is concurrently issuing orders consistent with this Memorandum Decision.

**\*\*END OF MEMORANDUM DECISION\*\***

Case: 19-30088   Doc# 12909-1 Filed: 03/08/22 Entered: 03/08/22 15:40:09 Page 8 16 of 83



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| _____ | ) |

**ORDER GRANTING CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E CANNOT BE ASSUMED AND CLAIM NO. 78104 BE PAID**

For the reasons stated in the Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources being issued concurrently, *California Department of Water Resources' Motion for Order Determining that The Castle*

-1-

*Rock Agreement with PG&E Cannot be Assumed and that The*
*Department of Water Resources' Claim No. 78104 be Paid* (<mark>Dkt.</mark>
<mark>11887</mark>) is GRANTED.

**\*\*END OF ORDER\*\***



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|      - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|     Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 (DM). | ) |
| | ) |
| | ) |
| | ) |

**ORDER DENYING DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING
PLAN INJUNCTION AND COMPELLING ARBITRATION OF CLAIM OF
CALIFORNIA DEPARTMENT OF WATER RESOURCES**

For the reasons stated in the Memorandum Decision Regarding

Dispute Between Debtors and The California Department of Water

Resources being issued concurrently, the *Motion of the*

*Reorganized Debtors for Entry of an Order Modifying Plan*

-1-

19

1  *Injunction and Compelling Arbitration of Claim of California*

2  *Department of Water Resources* (Dkt. 11896) is DENIED.

3  **\*\*END OF ORDER\*\***

Case: 19-30088    Doc# 12009-1    Filed: 03/08/22    Entered: 03/08/22 15:34:09    Page 2
20 of 83



Signed and Filed: March 21, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |

ORDER DENYING MOTION TO INTERVENE BY CITY OF SANTA CLARA, DBA
SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY

On March 15, 2022, interested parties City of Santa Clara,
dba Silicon Valley Power ("SVP") and Northern California Power
Agency ("NCPA") filed a *Notice of Appearance and Ex Parte
Application for Order Authorizing City of Santa Clara, dba
Silicon Valley Power and Northern California Power Agency to
Intervene and File a Response to California Department of Water*

-1-

*Resources' Motion for Order Determining that the Castle Rock Agreement Cannot Be Assumed and that the Department of Water Resources Claim No. 78014 be Paid* (the "Intervention Motion") (Dkt. 12024).  On March 17, 2022 the California Department of Water Resources' ("DWR") filed an Opposition to the Intervention Motion (Dkt. 12035).

The Intervention Motion seeks to enter the fray of a longstanding and nearly adjudicated dispute by filing a brief according to the schedule set by the court's *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* (Dkt. 11999) (the "Memo").  The Memo detailed the court's decision to grant DWR's *Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and Claim No. 78104 be Paid* ("DWR Motion") (Dkt. 11887) and subsequently set a further briefing schedule for DWR and Debtors.  SVP and NCPA were both served notice of the DWR Motion when it was first filed on February 1, 2022.  The Intervention Motion makes clear that SVP and NCPA conferred with Debtors and deliberately chose not to respond to the substance of the DWR Motion in the belief that Debtors would prevail in their *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* (Dkt. 11896), which the court denied.

In the related dispute between Debtors and DWR, DWR acknowledged the existence of an agreement among it, SVP and NCPA (but not Debtors) known as the Layoff Agreement.  Responding to the *Reorganized Debtors' Motion for Order*

-2-

*Modifying Plan Injunction and Compelling Arbitration* (Dkt. 11896), DWR stated:

> Whether DWR effectively terminated its interest in the Castle Rock Agreement is a separate issue that can be determined without reference to the Layoff Agreement. To the extent that NCPA and SVP believe they may have any cognizable action against DWR, they should pursue it in state court rather than attempt to manipulate the bankruptcy court proceeding to seek relief through the Executory Contract and Cure Dispute and claims allowance process. (Dkt. 11942 at 14).

In determining whether a motion to intervene is timely, courts consider three factors: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). As noted above, SVP and NCPA chose not to participate in the DWR Motion for the past month and a half while DWR made clear its interest in determining the merits of the DWR Motion as to the Debtors from the beginning. They remained on the sideline, casting their fate with the Reorganized Debtors. To allow them to have a second chance now would not be fair to DWR.

The proceedings are nearly over, DWR would be prejudiced in having previously defaulted parties enter the fray, and the reason for the delay is entirely the choice of SVP and NCPA. All three factors weigh in favor of denying the Intervention Motion. Even without intervention, DWR, SVP, and NCPA will

-3-

still be able to determine remaining rights under the Layoff Agreement in another forum.

Accordingly, the Intervention Motion is DENIED.

**END OF ORDER**

-4-

1                              <u>COURT SERVICE LIST</u>

2    ECF Recipients

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  ROBERT BONTA, SBN 202668
Attorney General of California
2  DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 19206ʻ
3  Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA 94102-7004
Telephone: (415) 510-3367
5  Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
6  Annadel.Almendras@doj.ca.gov

7  PAUL J. PASCUZZI, SBN 148810
NICHOLAS L. KOHLMEYER, SBN 299087
8  FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
9  500 Capitol Mall, Suite 2250
Sacramento, CA 95814
10  Telephone: (916) 329-7400
Fax: (916) 329-7435
11  ppascuzzi@ffwplaw.com
nkohlmeyer@ffwplaw.com

12
Attorneys for California Department of Water
13  Resources, by and through the State Water Project

**Signed and Filed: April 22, 2022**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

14              UNITED STATES BANKRUPTCY COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17
In re:                              Bankruptcy Case
18                                  No. 19-30088 (DM)
PG&E CORPORATION
19                                  Chapter 11
      - and –
20                                  (Lead Case)
PACIFIC GAS AND ELECTRIC
21  COMPANY,                        (Jointly Administered)

22          Reorganized Debtors.    **ORDER REGARDING DISPUTE**
                                    **BETWEEN DEBTORS AND CALIFORNIA**
23                                  **DEPARTMENT OF WATER RESOURCES**

24

25  ☐   Affects PG&E Corporation   Date:   April 13, 2022
                                    Time:   10:00 a.m.
26  ☐   Affects Pacific Gas and     Ctrm:   17
         Electric Company           Judge:  Dennis Montali
27  ☑   Affects both Debtors

28

Before the Court is the California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid (the "DWR Motion")[1] (Dkt. No. 11887) and the Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (the "Debtors' Motion") (Dkt. No. 11896) in the above captioned chapter 11 cases; and this Court having issued its Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources (Dkt. No. 11999) granting the DWR Motion and denying the Debtors' Motion by orders at Docket Nos. 12000 and 12001, respectively, and setting a further briefing schedule; and the Court having considered and denied the Notice of Appearance and Ex Parte Application for Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water Resources' Motion for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The Department of Water Resources' Claim No. 78104 be Paid (Dkt. 12024 and 12054); and the Court having considered the further briefing by the Debtors (Dkt. No. 12076) and DWR (Dkt. Nos. 12129 and 12129-1); and the Court having issued its Tentative Ruling Re Dispute Between Debtors and the California Department of Water Resources ("Tentative Ruling") (Dkt. No. 12147); and the Court having held hearings on March 2, 2022, and April 13, 2022, to consider the arguments and objections of the parties; and this Court, for the reasons stated by this Court on the record at the hearings, having determined that the ruling in the Court's Tentative Ruling should become the final ruling, and after due deliberation and sufficient good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The issue of DWR's liability for removal costs under the Castle Rock Agreement was properly before the Court based on the DWR Motion, the Debtors' Motion and the other pleadings and argument made to the Court in these proceedings;

2.     There are no material facts in dispute;

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the DWR Motion.

3. DWR's interpretation of the applicable sections of the Castle Rock Agreement is correct;

4. DWR does not owe any estimated future removal costs or anything else to Debtors and the remaining cotenants (City of Santa Clara dba Silicon Valley Power and Northern California Power Agency) under the Castle Rock Agreement; and

5. There are no damages to be assessed, by this Court or by arbitration, under that agreement.

IT IS HEREBY FURTHER ORDERED that, except as to the rulings made herein, the Court is not making any ruling as to any dispute between DWR on the one hand, and the City of Santa Clara dba Silicon Valley Power and Northern California Power Agency on the other, under the Transmission Services Agreement between those parties, which issues shall be dealt with outside this Court.

IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. This Order shall be immediately effective and enforceable upon its entry.

**APPROVED AS TO FORM**

KELLER BENVENUTTI KIM LLP

_____
Jane Kim, Attorneys for Debtors
and Reorganized Debtors

**END OF ORDER**

THOMAS G. MOUZES (SBN 99446)
ROBERT D. SWANSON (SBN 162816)
MICHAEL E. CHASE (SBN 214506)
**BOUTIN JONES INC.**
555 Capitol Mall, Fifteenth Floor
Sacramento, CA 95814
Telephone: (916) 321-4444
Email: tmouzes@boutinjones.com
        rswanson@boutinjones.com
        mchase@boutinjones.com

*Attorneys for Creditors and Parties-in-Interest*
*CITY OF SANTA CLARA, dba*
*SILICON VALLEY POWER, and*
*NORTHERN CALIFORNIA POWER AGENCY*

LISA S. GAST (*pro hac vice*)
**DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.**
1667 K Street NW, Suite 700
Washington, DC 20006
Telephone: (202) 791-3601
Email: lsg@dwgp.com

*Attorney for Creditor and Party-in-Interest*
*CITY OF SANTA CLARA, dba SILICON VALLEY POWER*

JANE LUCKHARDT (SBN 141919)
General Counsel
**NORTHERN CALIFORNIA POWER AGENCY**
651 Commerce Drive
Roseville, CA 95678-6411
Phone: 916.781.3636
Email: Jane.Luckhardt@ncpa.com

*Attorney for Creditor and Party-in-Interest*
*NORTHERN CALIFORNIA POWER AGENCY*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case Nos. 19-30088 DM (Lead Case) |
| | )        19-30089 DM |
| PG&E CORPORATION | ) |
| -and- | ) Chapter 11 |
| PACIFIC GAS AND ELECTRIC | ) Jointly Administered |
| COMPANY, | ) |

| | | |
|---|---|---|
| 1 | Debtors. | **NOTICE OF APPEAL AND STATEMENT** |
| 2 | ☐ Affects PG&E Corporation | **OF ELECTION TO HAVE APPEAL HEARD BY UNITED STATES DISTRICT COURT** |
| 3 | ☐Affects Pacific Gas and Electric Company | **FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
| 4 | ☑ Affects both Debtors. | |
| 5 | * All papers shall be filed in the Lead Case No. 19-30088 DM | **[Related to Dkt. Nos. 11999, 12000, 12001, 12054, 12207]** |

NOTICE IS HEREBY GIVEN that City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency hereby both appeal, pursuant to 28 U.S.C. § 158(a)(1), from the *Order Regarding Dispute Between Debtors and California Department of Water Resources* [Dkt. No. 12207], entered on April 22, 2022, a copy of which is attached hereto as **Exhibit A** (the "**Final Order**"), and each of the following interlocutory orders and decisions (collectively with the Final Order, the "**Orders**"):

- *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* [Dkt. No. 11999], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit B**;

- *Order Granting California Department Of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid* [Dkt. No. 12000], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit C**;

- *Order Denying Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* [Dkt. No. 12001], entered on March 8, 2022, a copy of which is attached hereto as **Exhibit D**; and

- *Order Denying Motion to Intervene by City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency* [Dkt. No. 12054], entered on March 22, 2022, a copy of which is attached hereto as **Exhibit E**.

City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency are creditors and parties in interest. 11 U.S.C. §§ 101(10), 1009.

Pursuant to 28 U.S.C. § 158(c)(1), City Of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency elect to have the appeal heard by the United States District Court for the Northern District of California rather than by the Bankruptcy Appellate Panel for the Ninth Circuit.

The names of the parties to the Orders and Memorandum Decision and the name, address, and telephone number of their respective attorneys, are:

**APPELLANT**

| Party | Counsel |
|---|---|
| **Appellants**<br><br>City of Santa Clara, dba Silicon Valley Power, and Northern California Power Agency | Thomas G. Mouzes (SBN 99446)<br>Robert D. Swanson (SBN 162816)<br>Michael E. Chase (SBN 214506)<br>BOUTIN JONES INC.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814<br>Telephone: (916) 321-4444<br>Email:  tmouzes@boutinjones.com<br>            rswanson@boutinjones.com<br>            mchase@boutinjones.com<br><br>Lisa S. Gast<br>DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.<br>1667 K Street NW, Suite 700<br>Washington, DC 20006<br>Telephone:  (202) 791-3601<br>Email: lsg@dwgp.com<br><br>JANE LUCKHARDT (SBN 141919)<br>General Counsel<br>NORTHERN CALIFORNIA POWER AGENCY |

| | |
|---|---|
| | 651 Commerce Drive<br>Roseville, CA 95678-6411<br>Phone: 916.781.3636<br>Email: Jane.Luckhardt@ncpa.com |

**APPELLEE**

| Party | Counsel |
|---|---|
| **Appellee**<br><br>California Department of Water Resources | ROBERT BONTA<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Email: Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov<br><br>PAUL J. PASCUZZI, SBN 148810<br>NICHOLAS L. KOHLMEYER, SBN 299087<br>FELDERSTEIN FITZGERALD<br>WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814<br>Telephone: (916) 329-7400<br>Fax: (916) 329-7435<br>Email: ppascuzzi@ffwplaw.com<br>nkohlmeyer@ffwplaw.com |

**OTHER PARTIES TO THE ORDERS AND MEMORANDUM DECISION**

| Party | Counsel |
|---|---|
| **Other Interested Parties**<br><br>PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), as debtors and reorganized debtors (collectively, the "Debtors," or as reorganized pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan* | Richard W. Slack *(pro hac vice)*<br>Theodore E. Tsekerides *(pro hac vice)*<br>Jessica Liou *(pro hac vice)*<br>Matthew Goren *(pro hac vice)*<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Telephone: (212) 310-8000<br>Fax: (212) 310-8007<br>Email: Richard.slack@weil.com<br>Theodore.tsekerides@weil.com |

| | |
|---|---|
| *of Reorganization Dated June 19, 2020*, the "Reorganized Debtors") | Jessica.liou@weil.com<br>Matthew.goren@weil.com<br><br>Jane Kim<br>David A. Taylor<br>Thomas B. Rupp<br>KELLER BENVENUTTI KIM LLP<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Telephone: (415) 496-6723<br>Fax: (415) 636-9251<br>Email: jkim@kbkllp.com<br>dtaylor@kbkllp.com<br>trupp@kbkllp.com |

DATED: May 5, 2022.

BOUTIN JONES INC.

By: ___/s/ Thomas G. Mouzes___
Thomas G. Mouzes
Robert D. Swanson
Michael E. Chase

-and-

Lisa S. Gast
DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

*Attorney for Creditor and Party-in-Interest,*
*CITY OF SANTA CLARA, dba SILICON VALLEY POWER*

-and-

Jane Luckhardt
General Counsel
NORTHERN CALIFORNIA POWER AGENCY

*Attorney for Creditor and Party-in-Interest*
*NORTHERN CALIFORNIA POWER AGENCY*

1                                  **EXHIBIT A**

2                                  **(Final Order)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Entered on Docket
April 22, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ROBERT BONTA, SBN 202668
   Attorney General of California
2  DANETTE VALDEZ, SBN 141780
   ANNADEL ALMENDRAS, SBN 19206 '
3  Supervising Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA 94102-7004
   Telephone: (415) 510-3367
5  Fax: (415) 703-5480
   Danette.Valdez@doj.ca.gov
6  Annadel.Almendras@doj.ca.gov

7  PAUL J. PASCUZZI, SBN 148810
   NICHOLAS L. KOHLMEYER, SBN 299087
8  FELDERSTEIN FITZGERALD
   WILLOUGHBY PASCUZZI & RIOS LLP
9  500 Capitol Mall, Suite 2250
   Sacramento, CA 95814
10 Telephone: (916) 329-7400
   Fax: (916) 329-7435
11 ppascuzzi@ffwplaw.com
   nkohlmeyer@ffwplaw.com
12
   Attorneys for California Department of Water
13 Resources, by and through the State Water Project

Signed and Filed: April 22, 2022

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

14                UNITED STATES BANKRUPTCY COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17
   In re:                                    Bankruptcy Case
18                                           No. 19-30088 (DM)
   PG&E CORPORATION
19                                           Chapter 11
          - and –
20                                           (Lead Case)
   PACIFIC GAS AND ELECTRIC
21 COMPANY,                                  (Jointly Administered)

22          Reorganized Debtors.            **ORDER REGARDING DISPUTE
                                            BETWEEN DEBTORS AND CALIFORNIA
23                                          DEPARTMENT OF WATER RESOURCES**

24

25  ☐   Affects PG&E Corporation           Date:   April 13, 2022
                                            Time:   10:00 a.m.
26  ☐   Affects Pacific Gas and            Ctrm:   17
        Electric Company                    Judge:  Dennis Montali
27  ☑   Affects both Debtors

28

Case: 19-30088   Doc# 12207   Filed: 04/22/22   Entered: 04/22/22 15:43:46   Page 1
of 3
Case: 19-30088   Doc# 12360-1   Filed: 05/05/22   Entered: 05/05/22 11:24:09   Page 7
35 of 83

35

1   Before the Court is the California Department of Water Resources' Motion for Order

2   Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that The

3   Department of Water Resources' Claim No. 78104 be Paid (the "DWR Motion")[1] (Dkt. No. 11887)

4   and the Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and

5   Compelling Arbitration of Claim of California Department of Water Resources (the "Debtors'

6   Motion") (Dkt. No. 11896) in the above captioned chapter 11 cases; and this Court having issued

7   its Memorandum Decision Regarding Dispute Between Debtors and the California Department of

8   Water Resources (Dkt. No. 11999) granting the DWR Motion and denying the Debtors' Motion by

9   orders at Docket Nos. 12000 and 12001, respectively, and setting a further briefing schedule; and

10  the Court having considered and denied the Notice of Appearance and Ex Parte Application for

11  Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power

12  Agency to Intervene and File a Response to California Department of Water Resources' Motion

13  for Order Determining that The Castle Rock Agreement with PG&E Cannot be Assumed and that

14  The Department of Water Resources' Claim No. 78104 be Paid (Dkt. 12024 and 12054); and the

15  Court having considered the further briefing by the Debtors (Dkt. No. 12076) and DWR (Dkt. Nos.

16  12129 and 12129-1); and the Court having issued its Tentative Ruling Re Dispute Between Debtors

17  and the California Department of Water Resources ("Tentative Ruling") (Dkt. No. 12147); and the

18  Court having held hearings on March 2, 2022, and April 13, 2022, to consider the arguments and

19  objections of the parties; and this Court, for the reasons stated by this Court on the record at the

20  hearings, having determined that the ruling in the Court's Tentative Ruling should become the final

21  ruling, and after due deliberation and sufficient good cause appearing therefor,

22  IT IS HEREBY ORDERED THAT:

23  1.      The issue of DWR's liability for removal costs under the Castle Rock Agreement

24  was properly before the Court based on the DWR Motion, the Debtors' Motion and the other

25  pleadings and argument made to the Court in these proceedings;

26  2.      There are no material facts in dispute;

27

28  [1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the DWR Motion.

Case: 19-30088   Doc# 12207   Filed: 04/22/22   Entered: 04/22/22 15:43:46   Page 2 of 3
Case: 19-30088   Doc# 12369-1 Filed: 05/06/22 Entered: 05/06/22 11:24:09 Page 8 of 83

36

1        3.      DWR's interpretation of the applicable sections of the Castle Rock Agreement is

2  correct;

3        4.      DWR does not owe any estimated future removal costs or anything else to Debtors

4  and the remaining cotenants (City of Santa Clara dba Silicon Valley Power and Northern California

5  Power Agency) under the Castle Rock Agreement; and

6        5.      There are no damages to be assessed, by this Court or by arbitration, under that

7  agreement.

8        IT IS HEREBY FURTHER ORDERED that, except as to the rulings made herein, the Court

9  is not making any ruling as to any dispute between DWR on the one hand, and the City of Santa

10  Clara dba Silicon Valley Power and Northern California Power Agency on the other, under the

11  Transmission Services Agreement between those parties, which issues shall be dealt with outside

12  this Court.

13        IT IS HEREBY FURTHER ORDERED that the Court retains jurisdiction to hear and

14  determine all matters arising from or related to the implementation, interpretation, or enforcement

15  of this Order.  This Order shall be immediately effective and enforceable upon its entry.

16  **APPROVED AS TO FORM**

17  KELLER BENVENUTTI KIM LLP

18

Jane Kim, Attorneys for Debtors

19  and Reorganized Debtors

20                    \*\*END OF ORDER\*\*

21

22

23

24

25

26

27

28

1

**EXHIBIT B**

2

**(Memorandum Decision dated March 8, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Signed and Filed: March 8, 2022**

_DENNIS MONTALI_
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * All papers shall be filed in | ) |
| the Lead Case, No. 19-30088 (DM). | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM DECISION REGARDING DISPUTE BETWEEN DEBTORS AND THE
CALIFORNIA DEPARTMENT OF WATER RESOURCES**

On March 2, 2022, the court heard oral argument regarding
_California Department of Water Resources' Motion for Order
Determining that The Castle Rock Agreement with PG&E Cannot be
Assumed and that The Department of Water Resources' Claim No.
78104 be Paid_ (the "DWR Motion") (Dkt. 11887) and the _Motion of_

-1-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 1
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 1
39 of 83

39

1  *the Reorganized Debtors for Entry of an Order Modifying Plan*

2  *Injunction and Compelling Arbitration of Claim of California*

3  *Department of Water Resources* (the "Debtors' Motion") (Dkt.

4  11896), together with the accompanying memoranda, declarations

5  and other filings.

6      Having considered the matters fully, the court concludes

7  that the DWR Motion should be GRANTED and the Debtors' Motion

8  should be DENIED.

9      Long before these bankruptcy cases were filed, the dispute

10  between these opposing parties was identified and framed, and

11  either side could have initiated the arbitration procedures of

12  the 1984 Cotenancy Agreement ("Agreement"). Neither did. Even

13  after the petitions were filed on January 29, 2019, that

14  procedure was available, either by DWR, perhaps after first

15  seeking relief from stay, or by Debtors. Again, neither pursued

16  that procedure.

17      All that changed when the Debtors' Plan of Reorganization

18  (the "Plan") was negotiated, filed, considered and confirmed.

19  As pointed out by DWR, specific provisions were inserted into

20  the Plan and the Order Confirming the Plan (the "OCP") to deal

21  with and reserve for later resolution very numerous open issues

22  relating to executory contracts between Debtors and many

23  governmental agencies, including DWR.

24      Among the most relevant of them are:

25  34. <u>Determination of Cure Disputes.</u>

26  a. Pursuant to Section 8.2(c) of the Plan, **in the event
    of an unresolved dispute regarding** (i) any Cure Amount,

27  (ii) the ability of the Reorganized Debtors or any
    assignee to provide "adequate assurance of future

28  performance" (within the meaning of section 365 of the

-2-

Case: 19-30088    Doc# 11999    Filed: 03/08/22    Entered: 03/08/22 15:41:08    Page 2
of 8
Case: 19-30088    Doc# 12369-1    Filed: 05/05/22    Entered: 05/05/22 21:12:47.09 Page 2
40 of 83

40

1   Bankruptcy Code) under the executory contract or
    unexpired lease to be assumed, or **(iii) any other matter**
2   **pertaining to assumption, assumption and assignment, or**
    **the Cure Amounts required by section 365(b)(1) of the**
3   **Bankruptcy Code (each, a "Cure Dispute"), such Cure**
    **Dispute shall be resolved by a Final Order of the Court,**
4   which may be entered after the Effective Date. (emphasis
    added).
5

6   67. <u>Governmental Performance Obligations.</u>
    d. Notwithstanding anything in this Confirmation Order,
7   the Plan, or the Plan Documents, the listing of a matter
    as an "executory contract" or an "unexpired lease" in
8   the Debtors' schedules or Plan Documents (a "Potentially
    Assumed Contract/Lease") is without prejudice to any
9   contention by any Governmental Unit that the matter is
    not in fact an executory contract or unexpired lease as
10  set forth in section 365 of the Bankruptcy Code. With
    respect to any Cure Amount for a Potentially Assumed
11  Contract/Lease for which the United States or any
    department, agency, or instrumentality of the State of
12  California (collectively, the "Governmental Parties") is
    listed as the Non-Debtor Counterparty, all parties
13  reserve all rights to dispute such Cure Amount. **If any**
    **Governmental Party disputes (i) that any Potentially**
14  **Assumed Contract/Lease is in fact an executory contract**
    **or unexpired lease** or (ii) any Cure Amount, such
15  Governmental Party shall have no later than ninety (90)
    days after the Confirmation Date (or such later date as
16  may be mutually agreed upon between the applicable
    Governmental Party and the Debtors or Reorganized
17  Debtors) to file and serve an objection setting forth
    such dispute, and **any such dispute shall be resolved by**
18  **the Bankruptcy Court.** (Emphasis added).
19
20

21  DWR is adamant that after it gave its notice of termination
22  of its participation in the Agreement on June 30, 2018,
23  effective one year later, there was nothing left for it to do or
24  for Debtors to assume.  All that remains is for Debtors to pay a
25  refund of $101,026.75, now reflected in Proof of Claim No. 78104
26  that is presumptively allowed and has not been the subject of an
27  objection.
28

                              -3-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 3
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 3
4 of 83

41

1      Debtors take a contrary view, reflected as early as when

2  the court was considering confirmation of the Plan.  Debtors

3  filed their *Schedule of Executory Contracts and Unexpired Leases*

4  *to be Assumed Pursuant to the Plan and Proposed Cure Amounts*

5  attached to the Plan Supplement as Exhibit B ("Cure Notice")

6  (Dkt. 7037).

7      That lengthy schedule included the Agreement.  Thus, even

8  to the present date, Debtors maintain that the Agreement was

9  subject to assumption because it was not rejected, and the

10  resolution of the remaining dispute that is the subject of the

11  present motions is part and parcel of the entire bundle of

12  rights and obligations of the parties that must be resolved

13  through arbitration.

14      Given the very specific attention given to matters that

15  plainly include the present dispute, the court is satisfied that

16  the Plan and the OCP reserving jurisdiction in this court to

17  resolve them prevail over those relied on by Debtors to require

18  the court to order arbitration.

19      In *In re Thorpe Insulation Co.,* 671 F.3d 1011 (9th Cir.

20  2012), the court established the principles that guide

21  bankruptcy courts in dealing with arbitration provisions versus

22  bankruptcy alternatives.  Those principles convince this court

23  to exercise its discretion not to order arbitration at present.

24      *Thorpe* involved a very complex reorganization of an

25  asbestos mass torts case and the implementation of 11 U.S.C. §

26  524(g).  It was a dispute of massive proportions and was

27  obviously quite critical to the outcome of the bankruptcy as a

28  whole.

-4-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 4
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 4
42 of 83

42

In contrast, Debtors would not have been in bankruptcy at all but for the tragic wildfires of 2015, 2017 and 2018, none of which have anything to do with the present dispute. It is easy to assume that had those fires not occurred, no bankruptcy court would have been called upon to deal with the present dispute with DWR.

The determination of whether the Agreement is an executory contract that may be assumed, and if so under what circumstances and leading to what consequences, is clearly a core matter for determination unless the arbitration option is more appropriate. The core question is not a dispositive factor, but one that should be considered. *Thorpe* taught that"[i]n core proceedings, by contrast, the bankruptcy court at least when it sees a conflict with bankruptcy law, has discretion to deny enforcement of an arbitration agreement." *Thorpe* 671 F.3d at 1021 (citations omitted).

The Ninth Circuit agreed with other circuit courts that permit bankruptcy court discretion to decline enforcement or otherwise applicable arbitration provisions "only if arbitration would conflict the underlying purposes of the Bankruptcy Code." *Id.* (citations omitted). Had either party initiated arbitration after DWR gave its notice of termination in 2018 but before the bankruptcy, there is no doubt that such course would have to be followed. Even if either party had sought to do so after bankruptcy, but before consideration of the Plan, the same result appears likely.

Regardless of what could have happened, Debtors chose to reserve the disposition of this dispute as a post-Confirmation

-5-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 5
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47   Page 5
of 83

43

matter as indicated above.  While this court is not unmindful of the tremendous complexity of the reorganization effort, and even the complexities encountered apart from the wildfire problems, Debtors still made an election of how best to proceed.  They could have excluded the Agreement from the list of matters to be disposed of later but did not.  Thus, the deferral of resolving the issue through the plan mechanisms was a conscious choice.

*Thorpe* stated:

> "Arbitration of a creditor's claim against a debtor, even if conducted expeditiously, prevents the coordinated resolution of debtor-creditor rights and can delay the confirmation of a plan of reorganization."

*Id.* at 1023.

There was no delay in consideration of the Plan and its subsequent confirmation and implementation.  The court cannot ignore that conscious choice of the Debtors to proceed under the procedures and reservations they established and which DWR and other governmental agencies responded by their reservation of rights as noted.

Even though this issue is presented to the court nearly two years after the Plan was confirmed, there is still a risk that an outcome achieved via arbitration, at least on the issues of whether the Agreement was to the reserved assumption provisions of the Plan at all, and whether DWR could be required to pay anything after it gave its notice of termination, would conflict with those policies articulated by *Thorpe* and memorialized in the Plan and the OCP.

Under the circumstances presented, and consistent with the admonitions of *Thorpe*, the court prefers to exercise its

-6-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 6
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47   Page 6
of 8

44

discretion and keep that dispute here.  If the outcome is as DWR
hopes, the matter is over, subject only to the possibility of
appellate review.  If the outcome favors Debtors, the question
of liquidation of the <u>amount</u> of damages to be paid by DWR <u>may</u> be
more appropriately determined through arbitration.

There are no material facts in dispute regarding whether
DWR should or should not be ordered to pay its share of the net
loss upon termination of the Agreement.  DWR looks to Section
14.5 of the Agreement to insulate it from such a charge because
the other parties continued to operate under it.  Debtors rely
on Section 14.7 to hold DWR responsible for its share for
termination in the future.

Collateral to that, and of relatively minor importance, is
whether Claim No. 78104 should be paid.  So far Debtors have not
asserted any substantive objection to it, but maintain that if
they prevail on the termination issue that would represent
little more than a minor offset in DWR's favor.

It is now time to put this dispute to rest.  Debtors have
until March 25, 2022, to file a memorandum, not to exceed twenty
pages and limited to this discrete issue described above, in
support of their position.  DWR has until April 8, 2022, to file
a reply memorandum, not to exceed twenty pages and similarly
limited.  After that the matter will stand submitted unless the
court decides to consider oral argument.

If the decision is that DWR prevails, then that should be
the end of it, subject only to Debtors paying Claim No. 78104.
If Debtors prevail on that discrete issue, the court will
revisit the question of the amount DWR's future liability upon

-7-

Case: 19-30088   Doc# 11999   Filed: 03/08/22   Entered: 03/08/22 15:41:08   Page 7
of 8
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 7
45 of 83

45

1  termination should be determined through arbitration or via a

2  damages trial in this court.

3      The court is concurrently issuing orders consistent with

4  this Memorandum Decision.

5                  **\*\*END OF MEMORANDUM DECISION\*\***

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **EXHIBIT C**

2   **(Order Granting CDWR Motion Dated March 8, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C
Page 20

**Entered on Docket**
**March 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 8, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>　　　　　- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>　　Electric Company<br>☒ Affects both Debtors<br><br>* _All papers shall be filed in_<br>_the Lead Case, No. 19-30088 (DM)._ | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER GRANTING CALIFORNIA DEPARTMENT OF WATER RESOURCES' MOTION FOR ORDER DETERMINING THAT THE CASTLE ROCK AGREEMENT WITH PG&E CANNOT BE ASSUMED AND CLAIM NO. 78104 BE PAID**

For the reasons stated in the Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources being issued concurrently, _California Department of Water Resources' Motion for Order Determining that The Castle_

-1-

Exhibit C
Page 21

1  *Rock Agreement with PG&E Cannot be Assumed and that The*

2  *Department of Water Resources' Claim No. 78104 be Paid* (Dkt.

3  11887) is GRANTED.

4                    **\*\*END OF ORDER\*\***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    -2-

Case: 19-30088   Doc# 12000   Filed: 03/08/22   Entered: 03/08/22 15:49:19   Page 2
of 2
Case: 19-30088   Doc# 12369-1 Filed: 05/05/22 Entered: 05/05/22 21:12:47.09 Page 1
49 of 83

49

1

**EXHIBIT D**

2

**(Order Denying PG&E Motion Dated March 8, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Entered on Docket**
**March 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 8, 2022

_Dennis Montali_

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>        - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in*<br>*the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING PLAN INJUNCTION AND COMPELLING ARBITRATION OF CLAIM OF CALIFORNIA DEPARTMENT OF WATER RESOURCES**

For the reasons stated in the Memorandum Decision Regarding Dispute Between Debtors and The California Department of Water Resources being issued concurrently, the *Motion of the Reorganized Debtors for Entry of an Order Modifying Plan*

-1-

1  | *Injunction and Compelling Arbitration of Claim of California*
2  | *Department of Water Resources* (Dkt. 11896) is DENIED.
3  | **\*\*END OF ORDER\*\***
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

–2–

Case: 19-30088   Doc# 12001   Filed: 03/08/22   Entered: 03/08/22 15:53:36   Page 2
of 2
Case: 19-30088   Doc# 12369-1 Filed: 05/05/22 Entered: 05/05/22 21:12:47.09 Page 24
52 of 83

52

1

**EXHIBIT E**

2

**(Order Denying Motion to Intervene Entered March 22, 2022)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Entered on Docket
March 22, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: March 21, 2022**

_(signature)_

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|       - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|      Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *\* All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |

ORDER DENYING MOTION TO INTERVENE BY CITY OF SANTA CLARA, DBA
SILICON VALLEY POWER AND NORTHERN CALIFORNIA POWER AGENCY

    On March 15, 2022, interested parties City of Santa Clara,
dba Silicon Valley Power ("SVP") and Northern California Power
Agency ("NCPA") filed a *Notice of Appearance and Ex Parte
Application for Order Authorizing City of Santa Clara, dba
Silicon Valley Power and Northern California Power Agency to
Intervene and File a Response to California Department of Water*

-1-

Case: 19-30088   Doc# 12054   Filed: 03/21/22   Entered: 03/22/22 11:01:51   Page 1
of 5
Case: 19-30088   Doc# 12369-1  Filed: 05/05/22  Entered: 05/05/22 21:12:47  Page 26
54 of 83

54

1 *Resources' Motion for Order Determining that the Castle Rock*
2 *Agreement Cannot Be Assumed and that the Department of Water*
3 *Resources Claim No. 78014 be Paid* (the "Intervention Motion")
4 (Dkt. 12024). On March 17, 2022 the California Department of
5 Water Resources' ("DWR") filed an Opposition to the Intervention
6 Motion (Dkt. 12035).

7      The Intervention Motion seeks to enter the fray of a
8 longstanding and nearly adjudicated dispute by filing a brief
9 according to the schedule set by the court's *Memorandum Decision*
10 *Regarding Dispute Between Debtors and the California Department*
11 *of Water Resources* (Dkt. 11999) (the "Memo"). The Memo detailed
12 the court's decision to grant DWR's *Motion for Order Determining*
13 *that the Castle Rock Agreement with PG&E Cannot be Assumed and*
14 *Claim No. 78104 be Paid* ("DWR Motion") (Dkt. 11887) and
15 subsequently set a further briefing schedule for DWR and
16 Debtors. SVP and NCPA were both served notice of the DWR Motion
17 when it was first filed on February 1, 2022. The Intervention
18 Motion makes clear that SVP and NCPA conferred with Debtors and
19 deliberately chose not to respond to the substance of the DWR
20 Motion in the belief that Debtors would prevail in their *Motion*
21 *of the Reorganized Debtors for Entry of an Order Modifying Plan*
22 *Injunction and Compelling Arbitration of Claim of California*
23 *Department of Water Resources* (Dkt. 11896), which the court
24 denied.

25      In the related dispute between Debtors and DWR, DWR
26 acknowledged the existence of an agreement among it, SVP and
27 NCPA (but not Debtors) known as the Layoff Agreement.
28 Responding to the *Reorganized Debtors' Motion for Order*

-2-

Case: 19-30088   Doc# 12054   Filed: 03/21/22   Entered: 03/22/22 11:01:51   Page 2
of 5
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 27
55 of 83

55

1 *Modifying Plan Injunction and Compelling Arbitration* (Dkt.

2 11896), DWR stated:

> Whether DWR effectively terminated its interest in
> the Castle Rock Agreement is a separate issue that
> can be determined without reference to the Layoff
> Agreement. To the extent that NCPA and SVP believe
> they may have any cognizable action against DWR,
> they should pursue it in state court rather than
> attempt to manipulate the bankruptcy court
> proceeding to seek relief through the Executory
> Contract and Cure Dispute and claims allowance
> process. (Dkt. 11942 at 14).

11 In determining whether a motion to intervene is timely,

12 courts consider three factors: "(1) the stage of the

13 proceedings; (2) whether the parties would be prejudiced; and

14 (3) the reason for any delay in moving to intervene." *Nw. Forest*

15 *Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as*

16 *amended on denial of reh'g* (May 30, 1996). As noted above, SVP

17 and NCPA chose not to participate in the DWR Motion for the past

18 month and a half while DWR made clear its interest in

19 determining the merits of the DWR Motion as to the Debtors from

20 the beginning. They remained on the sideline, casting their

21 fate with the Reorganized Debtors. To allow them to have a

22 second chance now would not be fair to DWR.

23 The proceedings are nearly over, DWR would be prejudiced in

24 having previously defaulted parties enter the fray, and the

25 reason for the delay is entirely the choice of SVP and NCPA.

26 All three factors weigh in favor of denying the Intervention

27 Motion. Even without intervention, DWR, SVP, and NCPA will

-3-

Case: 19-30088   Doc# 12054   Filed: 03/21/22   Entered: 03/22/22 11:01:51   Page 3
of 5
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:22:47   Page 28
of 83

56

1  still be able to determine remaining rights under the Layoff
2  Agreement in another forum.
3          Accordingly, the Intervention Motion is DENIED.
4                          **END OF ORDER**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-

Case: 19-30088   Doc# 12054   Filed: 03/21/22   Entered: 03/22/22 11:01:51   Page 4
of 5
Case: 19-30088   Doc# 12369-1   Filed: 05/05/22   Entered: 05/05/22 21:12:47.09   Page 29
57 of 83

57

1                        <u>COURT SERVICE LIST</u>

2  ECF Recipients

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, Suite 1500, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action.

On May 5, 2022, I served the within:

**(1) NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| X | **(by mail)** on all parties in said action by regular, first class United States mail, postage fully pre-paid, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Boutin Jones Inc., mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California. |
|---|---|

*See attached list of parties served by first class mail.*

| | |
|---|---|
| Lisa S. Gast<br>DUNCAN, WEINBERG, GENZER &<br>PEMBROKE, P.C.<br>1667 K Street NW, Suite 700<br>Washington, DC 20006 | *Appellant* |
| JANE LUCKHARDT (SBN 141919)<br>General Counsel<br>NORTHERN CALIFORNIA POWER<br>AGENCY<br>651 Commerce Drive<br>Roseville, CA 95678-6411 | *Appellant* |
| ROBERT BONTA<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | *Appellee* |
| PAUL J. PASCUZZI, SBN 148810<br>NICHOLAS L. KOHLMEYER, SBN 299087<br>FELDERSTEIN FITZGERALD<br>WILLOUGHBY PASCUZZI & RIOS LLP<br>500 Capitol Mall, Suite 2250<br>Sacramento, CA 95814 | *Appellee* |
| Richard W. Slack (pro hac vice)<br>Theodore E. Tsekerides (pro hac vice)<br>Jessica Liou (pro hac vice)<br>Matthew Goren (pro hac vice)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119 | *Other Interested Parties* |
| Jane Kim<br>David A. Taylor<br>Thomas B. Rupp<br>KELLER BENVENUTTI KIM LLP<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 | *Other Interested Parties* |
| PG&E Corporation<br>77 Beale Street<br>P.O. Box 770000<br>San Francisco, CA 94177 | *Debtor* |
| Pacific Gas and Electric Company<br>77 Beale Street<br>P.O. Box 770000<br>San Francisco, CA 94177 | *Debtor* |
| Peter J. Benvenutti<br>Keller Benvenutti Kim LLP<br>650 California St. 19th Fl.<br>San Francisco, CA 94108 | *Attorneys for Debtor* |

| | |
|---|---|
| Kevin Bostel<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Lee Brand<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Fl.<br>San Francisco, CA 94111-5998 | *Attorneys for Debtor* |
| Timothy G. Cameron<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 8th Ave.<br>New York, NY 10019 | *Attorneys for Debtor* |
| Jared R. Friedmann<br>Weil, Gotshal & Manges LLP<br>767 Fifth Ave.<br>New York, NY 10153 | *Attorneys for Debtor* |
| Andriana Georgallas<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Stuart J. Goldring<br>Weil, Gotshal & Manges LLP<br>767 Fifth Ave.<br>New York, NY 10153 | *Attorneys for Debtor* |
| Matthew Goren<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| David A. Herman<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | *Attorneys for Debtor* |
| Stephen Karotkin<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Tobias S. Keller<br>Keller Benvenutti Kim LLP<br>650 California St. #1900<br>San Francisco, CA 94108 | *Attorneys for Debtor* |
| Jane Kim<br>Keller Benvenutti Kim LLP<br>650 California St, Suite 1900<br>San Francisco, CA 94108 | *Attorneys for Debtor* |
| Katherine Kohn<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave, NW #1200<br>Washington, DC 20006 | *Attorneys for Debtor* |

| | |
|---|---|
| Kevin Kramer<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| David Levine<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave, NW #1200<br>Washington, DC 20006 | *Attorneys for Debtor* |
| Dara Levinson Silveira<br>Keller Benvenutti Kim LLP<br>650 California St. #1900<br>San Francisco, CA 94108 | *Attorneys for Debtor* |
| Jessica Liou<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Omid H. Nasab<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | *Attorneys for Debtor* |
| John Nolan<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Kevin J. Orsini<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | *Attorneys for Debtor* |
| Thomas B. Rupp<br>Keller Benvenutti Kim LLP<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 | *Attorneys for Debtor* |
| Bradley R. Schneider<br>Munger Tolles and Olson LLP<br>350 S Grand Ave., 50th Fl.<br>Los Angeles, CA 90071 | *Attorneys for Debtor* |
| Ray C. Schrock<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Richard W. Slack<br>Weil Gotshal and Manges, LLP<br>767 Fifth Ave.<br>New York, NY 10153-0119 | *Attorneys for Debtor* |
| Theodore Tsekerides<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | *Attorneys for Debtor* |
| Paul H. Zumbro<br>Cravath, Swaine & Moore LLP<br>85 Eighth Avenue<br>New York, NY 10019 | *Attorneys for Debtor* |

| | |
|---|---|
| Office of the United States Trustee for Region 17<br>Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.<br>450 Golden Gate Avenue, 5th Floor, Suite #05-0153<br>San Francisco, CA 94102 | *U.S. Trustee* |
| Annadel A. Almendras<br>California Attorney General's Office<br>455 Golden Gate Ave., #11000<br>San Francisco, CA 94102 | *Attorneys for California Department of Water Resources* |
| Xavier Becerra<br>Office of the Attorney General<br>1515 Clay St., 20th Fl.<br>P.O. Box 70550<br>Oakland, CA 94612-0550 | *Attorneys for California Department of Water Resources* |
| Steven H. Felderstein<br>Felderstein Fitzgerald Willoughby et al<br>500 Capitol Mall #2250<br>Sacramento, CA 95814 | *Attorneys for California Department of Water Resources* |
| Paul J. Pascuzzi<br>Felderstein Fitzgerald et al LLP<br>500 Capitol Mall #2250<br>Sacramento, CA 95814 | *Attorneys for California Department of Water Resources* |
| James Potter<br>Office of the Attorney General<br>1515 Clay St., 20th Fl.<br>P.O. Box 70550<br>Oakland, CA 94612-0550 | *Attorneys for California Department of Water Resources* |
| Danette E. Valdez<br>Office of the Attorney General<br>455 Golden Gate Ave. #11000<br>San Francisco, CA 94102-7005 | *Attorneys for California Department of Water Resources* |
| Rob Bonta<br>Attorney General of California<br>Margarita Padilla Supervising Deputy Attorney General<br>Annadel A. Almendras<br>Supervising Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 | *Attorneys for California Department of Water Resources* |

///

///

///

///

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
**Pursuant to controlling General Orders and LBR, the foregoing document will be served by**
**the court via NEF and hyperlink to the document. On (date) <u>5/5/2022</u>, I checked the CM/ECF**
**docket for this bankruptcy case or adversary proceeding and determined that the following**
**persons are on the Electronic Mail Notice List to receive NEF transmission at the email**
**addresses stated below:**

- **Elliot Adler**   eadler@theadlerfirm.com, bzummer@theadlerfirm.com
- **Aaron L. Agenbroad**   alagenbroad@jonesday.com, saltamirano@jonesday.com
- **Gabrielle L. Albert**   galbert@kbkllp.com
- **Annadel A. Almendras**   annadel.almendras@doj.ca.gov
- **Destiny N. Almogue**   Destiny.Almogue@skadden.com,
  wendy.lamanna@skadden.com
- **Monique D. Almy**   malmy@crowell.com
- **Anne Andrews**   aa@andrewsthornton.com, aandrews@andrewsthornton.com
- **Philip Anker**   philip.anker@wilmerhale.com, whdocketing@wilmerhale.com
- **Richard L. Antognini**   rlalawyer@yahoo.com, hallonaegis@gmail.com
- **Tyson Arbuthnot**   tarbuthnot@rjo.com, jyeung@rjo.com
- **Lauren T. Attard**   lattard@bakerlaw.com, agrosso@bakerlaw.com
- **Herb Baer**   hbaer@primeclerk.com, ecf@primeclerk.com
- **Kathryn E. Barrett**   keb@svlg.com, amt@svlg.com
- **Chris Bator**   cbator@bakerlaw.com, jmcguigan@bakerlaw.com
- **Ronald S. Beacher**   rbeacher@pryorcashman.com
- **Hagop T. Bedoyan**   hbedoyan@kleinlaw.com, ecf@kleinlaw.com
- **Andrew David Behlmann**   abehlmann@lowenstein.com,
  elawler@lowenstein.com
- **Tanya Behnam**   tbehnam@polsinelli.com, ladocketing@polsinelli.com
- **James C. Behrens**   jbehrens@milbank.com, mkoch@milbank.com
- **Jacob Taylor Beiswenger**   jbeiswenger@omm.com, llattin@omm.com
- **Peter J. Benvenutti**   pbenvenutti@kbkllp.com
- **Robert Berens**   rberens@smtdlaw.com, sr@smtdlaw.com
- **Ronald F. Berestka**   rberestka@stonelawoffice.com,
  csepulveda@stonelawoffice.com
- **Heinz Binder**   heinz@bindermalter.com
- **Jared D. Bissell**   jared.bissell@troutman.com
- **Neil Jon Bloomfield**   njbloomfield@njblaw.com, gklump@njblaw.com
- **Jason Blumberg**   jason.blumberg@usdoj.gov, ustpregion17.sf.ecf@usdoj.gov
- **Richard Bodnar**   rbodnar@rksllp.com
- **Melissa Boey**   melissa.boey@morganlewis.com
- **Paige Boldt**   pboldt@wattsguerra.com, cwilson@wattsguerra.com
- **Jason Borg**   jborg@jasonborglaw.com
- **Evan C. Borges**   eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Mark Bostick**   mbostick@wendel.com, bankruptcy@wendel.com
- **James L. Bothwell**   jbothwell@hueninkahn.com, jguzman@hueninkahn.com
- **Peter R. Boutin**   peter.boutin@kyl.com, lara.joel@kyl.com
- **Erin N. Brady**   erin.brady@hoganlovells.com
- **Lee Brand**   lee.brand@pillsburylaw.com, docket@pillsburylaw.com
- **Gregory A. Bray**   gbray@milbank.com

- **Michael D. Breslauer**    mbreslauer@ecf.courtdrive.com, wyones@swsslaw.com
- **W. Steven Bryant**    molly.batiste-debose@lockelord.com
- **Chane Buck**    cbuck@jonesday.com
- **Kathlene Burke**    kathlene.burke@skadden.com, burke.kathlene@gmail.com
- Frank Busch    busch@wvbrlaw.com, pallister@wvbrlaw.com
- **Elizabeth J. Cabraser**    ecabraser@lchb.com, awolf@lchb.com
- **Anthony P. Cali**    anthony.cali@stinson.com, lindsay.petrowski@stinson.com
- **Peter C. Califano**    pcalifano@cwclaw.com
- **Steven M. Campora**    scampora@dbbwc.com, nlechuga@dbbwc.com
- **Leah E. Capritta**    Leah.Capritta@hklaw.com, reena.kaur@hklaw.com
- **Nicholas A. Carlin**    nac@phillaw.com, rac@phillaw.com
- **Katherine Rose Catanese**    kcatanese@foley.com
- **Matthew Cave**    mcave@kfc.law
- **Barry A. Chatz**    barry.chatz@saul.com, barry.chatz@gmail.com
- **Karen J. Chedister**    kchedister@h-jlaw.com
- **Christina Lin Chen**    christina.chen@morganlewis.com, christina.lin.chen@gmail.com
- **Richard A. Chesley**    richard.chesley@dlapiper.com, bill.countryman@dlapiper.com
- **Kevin Chiu**    kevin.chiu@bakerbotts.com, rory.fontenla@bakerbotts.com
- **Jacquelyn H. Choi**    jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com
- **Shawn M. Christianson**    schristianson@buchalter.com
- **Robert N.H. Christmas**    rchristmas@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- **Jae Angela Chun**    ajc@chun.law, teresa@tosdallaw.com
- **Gerard T. Cicero**    GCicero@brownrudnick.com, NKhalatova@brownrudnick.com
- **Louis J. Cisz**    lcisz@nixonpeabody.com
- **Valerie E. Clemen**    mcarter@coombslaw.com
- **Alicia Clough**    aclough@loeb.com
- **Tiffany Strelow Cobb**    tscobb@vorys.com
- **John B. Coffman**    john@johncoffman.net
- **Kevin G. Collins**    kevin.collins@btlaw.com
- **Brian S. Conlon**    bsc@phillaw.com, rac@phillaw.com
- **Charles Cording**    ccording@willkie.com, mao@willkie.com
- **Manuel Corrales**    mannycorrales@yahoo.com, hcskanchy@hotmail.com
- **Anne Costin**    anne@costinlawfirm.com
- **Christopher J. Cox**    chris.cox@hoganlovells.com
- **Donald H. Cram**    dhc@severson.com
- **Ashley Vinson Crawford**    avcrawford@akingump.com, dkrasa-berstell@akingump.com
- **Douglas S. Crosno**    douglas.crosno@hoganlovells.com
- **Andrea Crowl**    acrowl@dbbwc.com
- **J. Russell Cunningham**    rcunningham@dnlc.net, emehr@dnlc.net
- **Keith J. Cunningham**    rkelley@pierceatwood.com
- **James D. Curran**    jcurran@wolkincurran.com, dstorms@wolkincurran.com
- **Tambra Curtis**    tambra.curtis@sonoma-county.org, Megan.Sweeley@sonoma-county.org
- **Stacy A. Dasaro**    sdasaro@goodwinlaw.com

- **James M. Davis**   jdavis@cglaw.com
- **Nicolas De Lancie**   ndelancie@jmbm.com
- **Judith A. Descalso**   jad_9193@ecf.courtdrive.com
- **Andrew G. Devore**   andrew.devore@ropesgray.com, nova.alindogan@ropesgray.com
- **Erin Elizabeth Dexter**   edexter@milbank.com
- **Shounak S. Dharap**   ssd@arnslaw.com, mec@arnslaw.com
- **Kathryn S. Diemer**   kdiemer@diemerwei.com
- **Kathryn S. Diemer**   kdiemer@diemerwhitman.com
- **John P. Dillman**   Houston_bankruptcy@publicans.com
- **Caroline R. Djang**   caroline.djang@bbklaw.com, Laurie.Verstegen@bbklaw.com
- **Krystal Dong**   ykdong@gmail.com
- **Jonathan R. Doolittle**   jonathan.doolittle@pillsburylaw.com
- **Jonathan R. Doolittle**   jdoolittle@reedsmith.com
- **Jennifer V. Doran**   jdoran@hinckleyallen.com
- **Dustin M. Dow**   ddow@bakerlaw.com, jmcguigan@bakerlaw.com
- **Jamie P. Dreher**   jdreher@downeybrand.com
- **Todd Dressel**   tdressel@mcguirewoods.com, jtabisaura@mcguirewoods.com
- **Geoffrey B. Dryvynsyde**   gbd@cpuc.ca.gov, geoffrey.dryvynsyde@cpuc.ca.gov
- **Jeffrey Aaron Dubbin**   jdubbin@labaton.com, echan-lee@labaton.com
- **Matthew Ducharme**   matthew.ducharme@hoganlovells.com, tracy.southwell@hoganlovells.com
- **Cecily Ann Dumas**   cdumas@bakerlaw.com, hhammonturano@bakerlaw.com
- **Dennis F. Dunne**   cprice@milbank.com, jbrewster@milbank.com
- **Dennis F. Dunne**   ddunne@milbank.com, jbrewster@milbank.com
- **Huonganh Annie Duong**   annie.duong@mccormickbarstow.com, dawn.houston@mccormickbarstow.com
- **Luke N. Eaton**   eatonl@pepperlaw.com, monugiac@pepperlaw.com
- **Daniel G. Egan**   daniel.egan@ropesgray.com, nova.alindogan@ropesgray.com
- **Joseph A. Eisenberg**   JAE1900@yahoo.com
- **Michele Ellison**   mellison@gibbsgiden.com, lrochelle@gibbsgiden.com
- **David Emerzian**   Melany.Hertel@mccormickbarstow.com
- **G. Larry Engel**   larry@engeladvice.com
- **Krista M. Enns**   kenns@beneschlaw.com
- **Scott Esbin**   sesbin@esbinalter.com
- **Joseph M. Esmont**   jesmont@bakerlaw.com
- **Michael P. Esser**   michael.esser@kirkland.com, michael-esser-3293@ecf.pacerpro.com
- **Richard W. Esterkin**   richard.esterkin@morganlewis.com, melissa.boey@morganlewis.com
- **Michael S. Etkin**   metkin@lowenstein.com
- **Jacob M. Faircloth**   jacob@bfolegal.com
- **Brett D. Fallon**   bfallon@morrisjames.com, wweller@morrisjames.com
- **Michael C. Fallon**   manders@fallonlaw.net
- **Joana Fang**   jf@kbklawyers.com, icd@kbklawyers.com
- **Joseph Kyle Feist**   jfeistesq@gmail.com, info@norcallawgroup.net
- **David M. Feldman**   DFeldman@gibsondunn.com
- **Matthew A. Feldman**   mfeldman@willkie.com
- **Jennifer Feldsher**   jennifer.feldsher@morganlewis.com

- **Mark E. Felger**    mfelger@cozen.com
- **James J. Ficenec**    James.Ficenec@ndlf.com
- **John D. Fiero**    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- **Kimberly S. Fineman**    kfineman@fhlawllp.com
- **Stephen D. Finestone**    sfinestone@fhlawllp.com
- **Timothy M. Flaherty**    tflaherty@mpplaw.com
- **Daniel I. Forman**    dforman@willkie.com
- **Matthew Hampton Foushee**    hampton.foushee@hoganlovells.com, hfoushee@gmail.com
- **Carolyn Frederick**    cfrederick@prklaw.com
- **Peter Friedman**    pfriedman@omm.com
- **Roger F. Friedman**    rfriedman@rutan.com, csolorzano@rutan.com
- **Xiyi Fu**    jackie.fu@lockelord.com, taylor.warren@lockelord.com
- **Lars H. Fuller**    lfuller@bakerlaw.com
- **Thomas M. Gaa**    tgaa@bbslaw.com
- **Larry W. Gabriel**    nfields@bg.law
- **Gregg M. Galardi**    gregg.galardi@ropesgray.com, nova.alindogan@ropesgray.com
- **Craig Solomon Ganz**    ganzc@ballardspahr.com, hartt@ballardspahr.com
- **Jeffrey K. Garfinkle**    jgarfinkle@buchalter.com
- **Oscar Garza**    ogarza@thegarzafirm.com
- **Lisa S. Gast**    lsg@dwgp.com, lmk@dwgp.com
- **Paul R. Gaus**    pgaus@downeybrand.com
- **Duane M. Geck**    dmg@severson.com
- **Evelina Gentry**    evelina.gentry@akerman.com
- **Janet D. Gertz**    jgertz@btlaw.com
- **Christopher Gessner**    cgessner@akingump.com, NYMCO@akingump.com
- **R. Dale Ginter**    dginter@downeybrand.com
- **Jon T. Givens**    givensjt@gmail.com, cwilson@wattsguerra.com
- **Barry S. Glaser**    bglaser@salvatoboufadel.com
- **Paul R. Glassman**    pglassman@sycr.com
- **Gabriel I. Glazer**    gglazer@pszjlaw.com
- **Gabrielle Glemann**    gabrielle.glemann@stoel.com, rene.alvin@stoel.com
- **Jaime Godin**    Jtouchstone@fddcm.com
- **Matthew A. Gold**    courts@argopartners.net
- **Eric D. Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Craig Goldblatt**    Craig.Goldblatt@wilmerhale.com, whdocketing@wilmerhale.com
- **Amy L. Goldman**    goldman@lbbslaw.com
- **Eric S. Goldstein**    egoldstein@goodwin.com
- **Rhonda Stewart Goldstein**    Rhonda.Goldstein@ucop.edu, Lissa.Ly@ucop.edu
- **Richard H. Golubow**    rgolubow@wcghlaw.com, jmartinez@WCGHLaw.com
- **Michael J. Gomez**    mgomez@frandzel.com, dmoore@frandzel.com
- **Michael W. Goodin**    mgoodin@clausen.com, mgenova@clausen.com
- **Eric R. Goodman**    egoodman@bakerlaw.com
- **Michael R. Goodstein**    mgoodstein@baileycav.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, AAburto@elkinskalt.com
- **Louis Gottlieb**    Lgottlieb@labaton.com, mpenrhyn@labaton.com

- **Elizabeth Graham**   egraham@gelaw.com
- **Eric A. Grasberger**   eric.grasberger@stoel.com, docketclerk@stoel.com
- **Debra I. Grassgreen**   hphan@pszjlaw.com
- **Debra I. Grassgreen**   dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- **Eric A. Gravink**   eric@rhrc.net
- **Elizabeth A. Green**   egreen@bakerlaw.com, orlbankruptcy@bakerlaw.com
- **Tracy Green**   tgreen@wendel.com, bankruptcy@wendel.com
- **Mitchell B. Greenberg**   mgreenberg@abbeylaw.com, mmeroney@abbeylaw.com
- **Brian Gregory**   b.gregory@veenfirm.com, EL.Team@Veenfirm.com
- **Susan Sieger Grimm**   SSieger-Grimm@brownrudnick.com, NKhalatova@brownrudnick.com
- **Matthew W. Grimshaw**   matt@grimshawlawgroup.com, ecfmarshackhays@gmail.com
- **Stuart G. Gross**   sgross@grosskleinlaw.com, iatkinsonyoung@grosskleinlaw.com
- **Carl L. Grumer**   cgrumer@manatt.com, mchung@manatt.com
- **Elizabeth M. Guffy**   eguffy@lockelord.com, autodocket@lockelord.com
- **Lloyd C. Guintivano**   anitag@co.lake.ca.us, lloydg@co.lake.ca.us
- **Cameron M. Gulden**   cameron.m.gulden@usdoj.gov
- **Mirco J. Haag**   mhaag@buchalter.com, dcyrankowski@buchalter.com
- **Laurie Hager**   lhager@sussmanshank.com
- **J. Noah Hagey**   hagey@braunhagey.com, tong@braunhagey.com
- **Oren Buchanan Haker**   oren.haker@stoel.com, rene.alvin@stoel.com
- **Michael Hampson**   mhampson@rksllp.com
- **Kristopher M. Hansen**   dmohamed@stroock.com, mmagzamen@stroock.com
- **Joseph George Harraka**   jgharraka@becker.legal
- **Adam C. Harris**   adam.harris@srz.com
- **Robert G. Harris**   rob@bindermalter.com
- **Christopher H. Hart**   chart@nutihart.com, nwhite@nutihart.com
- **Bryan L. Hawkins**   bryan.hawkins@stoel.com, Sharon.witkin@stoel.com
- **Jennifer C. Hayes**   jhayes@fhlawllp.com
- **Geoffrey A. Heaton**   gheaton@duanemorris.com, dmicros@duanemorris.com
- **Michael C. Hefter**   michael.hefter@hoganlovells.com, tracy.southwell@hoganlovells.com
- **Alaina R. Heine**   alaina.heine@dechert.com, brett.stone@dechert.com
- **Matthew Henderson**   matthew.henderson@msrlegal.com, karen.wigylus@msrlegal.com
- **Stephen E. Hessler, P.C.**   jozette.chong@kirkland.com
- **Matthew Heyn**   matthew.heyn@doj.ca.gov
- **Sean T. Higgins**   aandrews@andrewsthornton.com, shiggins@andrewsthornton.com
- **James P. Hill**   hill@sullivanhill.com, bkstaff@sullivanhill.com
- **Morgan R. Hirst**   mhirst@jonesday.com, mmelvin@jonesday.com
- **Michael R. Hogue**   hoguem@gtlaw.com, navarrom@gtlaw.com
- **David Holtzman**   david.holtzman@hklaw.com
- **Alexandra S. Horwitz**   allie.horwitz@dinsmore.com
- **Marsha Houston**   mhouston@reedsmith.com, hvalencia@reedsmith.com
- **Linda Wendell Hsu**   lhsu@selmanlaw.com, psmith@selmanlaw.com
- **Shane Huang**   shane.huang@usdoj.gov
- **Brian D. Huben**   hubenb@ballardspahr.com, carolod@ballardspahr.com

- **Kelly L. Huey** khuey@burkeandkesslerlaw.com
- **Christopher Hughes** chughes@nossaman.com
- **Jonathan Hughes** jane.rustice@aporter.com
- **Edward R. Huguenin** ehuguenin@hugueninkahn.com, jguzman@hugueninkahn.com
- **Michael A. Isaacs** misaacs@rinconlawllp.com, aworthing@rinconlawllp.com
- **Mark V. Isola** misola@brotherssmithlaw.com
- **J. Eric Ivester** Eric.Ivester@skadden.com, Andrea.Bates@skadden.com
- **J. Eric Ivester** Andrea.Bates@skadden.com
- **Lawrence A. Jacobson** laj@cohenandjacobson.com, mcycle48@gmail.com
- **Kizzy L. Jarashow** KJarashow@goodwinlaw.com, AFraticelliLouallen@goodwinlaw.com
- **Ivan C. Jen** ivan@icjenlaw.com
- **Amanda Jereige** AJereige@winston.com, amanda-jereige-5954@ecf.pacerpro.com
- **Monique Jewett-Brewster** mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- **James O. Johnston** jjohnston@jonesday.com
- **Chris Johnstone** chris.johnstone@wilmerhale.com, whdocketing@wilmerhale.com
- **Andrew Jones** andrew@ajoneslaw.com
- **Gregory K. Jones** GJones@dykema.com, cacossano@dykema.com
- **John L. Jones** JJones@chwlaw.us, JLJones2@outlook.com
- **Robert A. Julian** rjulian@bakerlaw.com, hhammonturano@bakerlaw.com
- **George H. Kalikman** sdavenport@schnader.com
- **Roberto J. Kampfner** rkampfner@whitecase.com, mco@whitecase.com
- **Bonnie E. Kane** bonnie@thekanelawfirm.com, skane@thekanelawfirm.com
- **Eve H. Karasik** ehk@lnbyb.com
- **Michael G. Kasolas** trustee@kasolas.net, ecf.alert+Kasolas@titlexi.com
- **Elyssa S. Kates** ekates@bakerlaw.com
- **Ori Katz** okatz@sheppardmullin.com, LSegura@sheppardmullin.com
- **William M. Kaufman** wkaufman@smwb.com, eschneider@smwb.com
- **Jane G. Kearl** jkearl@watttieder.com, jbenton@watttieder.com
- **Tobias S. Keller** tkeller@kbkllp.com
- **Tobias S. Keller** tkeller@kellerbenvenutti.com
- **Lynette C. Kelly** ustpregion17.oa.ecf@usdoj.gov
- **Sarah Elisabeth Kelly-Kilgore** skellykilgore@ggtriallaw.com, dvultaggio@ggtriallaw.com
- **Matthew K. Kelsey** mkelsey@gibsondunn.com
- **Gerald P. Kennedy** gerald.kennedy@procopio.com, kristina.terlaga@procopio.com
- **Erica L. Kerman** ekerman@willkie.com
- **Samuel A. Khalil** skhalil@milbank.com, jbrewster@milbank.com
- **Samuel M. Kidder** skidder@ktbslaw.com
- **Marc Kieselstein** carrie.oppenheim@kirkland.com
- **Jane Kim** jkim@kbkllp.com
- **Mary H. Kim** Mary.Kim@dechert.com, brett.stone@dechert.com
- **Susan E. Kirkgaard** carlyn.jorgensen@bullivant.com
- **Kody D. L. Kleber** kkleber@bakerlaw.com, dmartinez@bakerlaw.com

- **Matthew Ryan Klinger**   mklinger@sheppardmullin.com, DGatmen@sheppardmullin.com
- **Bradley C. Knapp**   bknapp@lockelord.com, Yamille.Harrison@lockelord.com
- **Kelly V. Knight**   kelly.knight@srz.com
- **Lydia Vanessa Ko**   Lvko@stonelawoffice.com
- **Thomas F. Koegel**   tkoegel@crowell.com
- **Katherine Kohn**   kkohn@groom.com, ashahinllari@groom.com
- **Andy S. Kong**   kong.andy@arentfox.com, Yvonne.Li@arentfox.com
- **Anna Kordas**   akordas@jonesday.com, mmelvin@jonesday.com
- **Alan W. Kornberg**   akornberg@paulweiss.com
- **Bernard Kornberg**   bernard.kornberg@practus.com
- **David I. Kornbluh**   dkombluh@venturahersey.com, jpatterson@venturahersey.com
- **Lauren Kramer**   lkramer@rjo.com
- **Marc Kramer**   mkramer@rksllp.com
- **Jeffrey C. Krause**   jkrause@gibsondunn.com
- **Thomas R. Kreller**   tkreller@milbank.com
- **Lindsey E. Kress**   lkress@lockelord.com, autodocket@lockelord.com
- **Hannah C. Kreuser**   hkreuser@porterlaw.com, ooberg@porterlaw.com
- **Kevin Kroll**   kkroll@kfc.law
- **Michael Thomas Krueger**   michael.krueger@ndlf.com, Havilyn.lee@ndlf.com
- **Marek P. Krzyzowski**   MKrzyzowski@brownrudnick.com, SCalderon@brownrudnick.com
- **Robert T. Kugler**   robert.kugler@stinson.com
- **Duane Kumagai**   dkumagai@maynardcooper.com, Mshabpareh@maynardcooper.com
- **Brendan M. Kunkle**   bkunkle@abbeylaw.com, lmeyer@abbeylaw.com
- **Alisa C. Lacey**   alisa.lacey@stinson.com, karen.graves@stinson.com
- **Timothy S. Laffredi**   timothy.s.laffredi@usdoj.gov
- **Timothy S. Laffredi**   timothy.s.laffredi@usdoj.gov
- **Richard A. Lapping**   rich@trodellalapping.com
- **Omeed Latifi**   olatifi@theadlerfirm.com, kdeubler@theadlerfirm.com
- **John E. Lattin**   jlattin@ostergar.com, cslovenec@ostergar.com
- **Paul J. Laurin**   plaurin@btlaw.com, slmoore@btlaw.com
- **Michael Lauter**   mlauter@sheppardmullin.com
- **Kenneth T. Law**   klaw@bbslaw.com
- **Francis J. Lawall**   francis.lawall@troutman.com, susan.henry@troutman.com
- **Andrew Michael Leblanc**   ALeblanc@milbank.com
- **Erica Lee**   Erica.Lee@doj.ca.gov
- **Scott Lee**   scott.lee@lewisbrisbois.com, monique.talamante@lewisbrisbois.com
- **Paul J. Leeds**   leedsp@higgslaw.com
- **Edward J. Leen**   eleen@mkbllp.com
- **Lisa Lenherr**   llenherr@wendel.com, bankruptcy@wendel.com
- **Matthew A. Lesnick**   matt@lesnickprince.com, jmack@lesnickprince.com
- **Bryn G. Letsch**   bletsch@braytonlaw.com
- **David B. Levant**   david.levant@stoel.com, rene.alvin@stoel.com
- **Andrew H. Levin**   alevin@wcghlaw.com
- **David Levine**   dnl@groom.com
- **Marc A. Levinson**   Malevinson@orrick.com, casestream@ecf.courtdrive.com

- **Dara Levinson Silveira**    dsilveira@kbkllp.com, hrobertsdonnelly@kbkllp.com
- **Alexander James Demitro Lewicki**    kdiemer@diemerwei.com
- **Alexander James Demitro Lewicki**    alewicki@diemerwei.com
- **Lauren Lifland**    lauren.lifland@wilmerhale.com, whdocketing@wilmerhale.com
- **William S. Lisa**    jcaruso@nixonpeabody.com
- **William S. Lisa**    wlisa@nixonpeabody.com, jcaruso@nixonpeabody.com
- **Jonathan A. Loeb**    jon.loeb@bingham.com
- **Michael B. Lubic**    michael.lubic@klgates.com
- **John William Lucas**    ocarpio@pszjlaw.com
- **Joseph R. Lucia**    PersonalInjuryGroup@RLSlawyers.com
- **Jane Luciano**    jane-luciano@comcast.net
- **Kerri Lyman**    klyman@irell.com, #-FirmPSDocketing@Steptoe.com
- **John H. MacConaghy**    macclaw@macbarlaw.com, smansour@macbarlaw.com;kmuller@macbarlaw.com
- **Iain A. Macdonald**    imac@macfern.com, 6824376420@filings.docketbird.com
- **Malcolm A. Mackenzie**    mmackenzie@coombslaw.com, vclemen@coombslaw.com
- **Tracy L. Mainguy**    tmainguy@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- **Samuel R. Maizel**    samuel.maizel@dentons.com, alicia.aguilar@dentons.com
- **Adam Malatesta**    adam.malatesta@lw.com, adam--malatesta-8393@ecf.pacerpro.com
- **Katharine Malone**    malonek@gtlaw.com
- **Liam K. Malone**    malone@oles.com, shahin@oles.com
- **Michael W. Malter**    michael@bindermalter.com
- **Ankur Mandhania**    amandhania@mayerbrown.com
- **Craig Margulies**    cmargulies@margulies-law.com, lsalazar@margulies-law.com
- **Geoffrey E. Marr**    gemarr59@hotmail.com
- **Richard A. Marshack**    rmarshack@marshackhays.com, rmarshack@ecf.courtdrive.com
- **Catherine Martin**    cmartin@simon.com, rtucker@simon.com;bankruptcy@simon.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com
- **David P. Matthews**    jrhoades@thematthewslawfirm.com, aharrison@thematthewslawfirm.com
- **Patrick C. Maxcy**    patrick.maxcy@snrdenton.com
- **Simon Richard Mayer**    simon.mayer@lockelord.com, Rellis@lockelord.com
- **James J. Mazza**    james.mazza@skadden.com, wendy.lamanna@skadden.com
- **Benjamin P. McCallen**    bmccallen@willkie.com
- **C. Luckey McDowell**    Luckey.McDowell@Shearman.com
- **Matthew D. McGill**    MMcGill@gibsondunn.com
- **Melissa C. McLaughlin**    mcmclaughlin@venable.com, ataylor@venable.com
- **Edward Joseph McNeilly**    edward.mcneilly@hoganlovells.com, verbon.davenport@hoganlovells.com
- **Scott H. McNutt**    SMcNutt@ml-sf.com, csnell@ml-sf.com
- **Thomas Melone**    Thomas.Melone@gmail.com, Thomas.Melone@AllcoUS.com
- **Peter Meringolo**    peter@pmrklaw.com
- **Frank A. Merola**    lacalendar@stroock.com, mmagzamen@stroock.com
- **Jennifer L. Mersing**    jennifer.mersing@stoel.com, lisa.petras@stoel.com

- **Joshua M. Mester**   jmester@jonesday.com
- **Matthew D. Metzger**   belvederelegalecf@gmail.com
- **Merle C. Meyers**   mmeyers@mlg-pc.com
- **Randy Michelson**   randy.michelson@michelsonlawgroup.com
- **Gerardo Mijares-Shafai**   Gerardo.Mijares-Shafai@arnoldporter.com, kenneth.anderson@arnoldporter.com
- **Joel S. Miliband**   jmiliband@brownrudnick.com
- **Joseph G. Minias**   jminias@willkie.com
- **M. David Minnick**   dminnick@pillsburylaw.com, docket@pillsburylaw.com
- **Benjamin Mintz**   benjamin.mintz@arnoldporter.com, valerie.foley@arnoldporter.com
- **Nancy Mitchell**   nmitchell@omm.com
- **Thomas C. Mitchell**   tcmitchell@orrick.com, Dcmanagingattorneysoffice@ecf.courtdrive.com
- **John A. Moe**   john.moe@dentons.com, glenda.spratt@dentons.com
- **Aaron J. Mohamed**   ajm@brereton.law, aaronmohamedlaw@gmail.com
- **Kevin Montee**   kmontee@monteeassociates.com
- **Christopher D. Moon**   chris@moonlawapc.com, kevin@moonlawapc.com
- **David W. Moon**   lacalendar@stroock.com, mmagzamen@stroock.com
- **Diane Marger Moore**   dmargermoore@baumhedlundlaw.com
- **Erika L. Morabito**   emorabito@foley.com, hsiagiandraughn@foley.com
- **Candace J. Morey**   cjm@cpuc.ca.gov
- **Courtney L. Morgan**   morgan.courtney@pbgc.gov
- **Richard Morin**   6863427420@filings.docketbird.com
- **Kimberly S. Morris**   kmorris@bakerlaw.com, hhammonturano@bakerlaw.com
- **Rodney Allen Morris**   Rodney.Morris2@usdoj.gov
- **Joshua D. Morse**   Joshua.Morse@dlapiper.com, docket@pillsburylaw.com
- **Andrew H. Morton**   andrew.morton@stoel.com, lisa.petras@stoel.com
- **Peter S. Munoz**   pmunoz@reedsmith.com, gsandoval@reedsmith.com
- **John Leland Murphree**   LMurphree@maynardcooper.com, mshabpareh@maynardcooper.com
- **Bennett J. Murphy**   bmurphy@bennettmurphylaw.com
- **Julie M. Murphy**   jmmurphy@stradley.com
- **Michael S. Myers**   myersm@ballardspahr.com
- **David L. Neale**   dln@lnbyg.com
- **David Neier**   dneier@winston.com
- **Brittany J. Nelson**   bnelson@foley.com, hsiagiandraughn@foley.com
- **Michael S. Neumeister**   MNeumeister@gibsondunn.com
- **Howard S. Nevins**   hnevins@hsmlaw.com
- **Samuel A. Newman**   sam.newman@sidley.com, laefilingnotice@sidley.com
- **Melissa T. Ngo**   ngo.melissa@pbgc.gov, efile@pbgc.gov
- **Mario R. Nicholas**   mario.nicholas@stoel.com, ana.trask@stoel.com
- **Sean Nolan**   snolan@akingump.com, NYMCO@akingump.com
- **Gregory C. Nuti**   chart@nutihart.com, nwhite@nutihart.com
- **Abigail O'Brient**   aobrient@mintz.com, docketing@mintz.com
- **Alicia D. O'Neill**   aoneill@wattsguerra.com, cwilson@wattsguerra.com
- **Julie E. Oelsner**   joelsner@weintraub.com, bjennings@weintraub.com
- **Office of the U.S. Trustee / SF**   USTPRegion17.SF.ECF@usdoj.gov
- **Aron M. Oliner**   roliner@duanemorris.com, dmicros@duanemorris.com

- **Matthew Jon Olson** matt@macfern.com, stell.laura@dorsey.com
- **Scott Olson** scott.olson@bclplaw.com
- **Steven M. Olson** steve@bfolegal.com
- **Aram Ordubegian** Ordubegian.Aram@ArentFox.com
- **Jose Antonio Ortiz** aortiz@jhwclaw.com
- **Keith C. Owens** kowens@foxrothschild.com, bclark@venable.com
- **Gabriel Ozel** gabeozel@gmail.com
- **Amy S. Park** amy.park@skadden.com
- **Marissa Parker** mparker@stradley.com
- **Donna Taylor Parkinson** donna@parkinsonphinney.com
- **Peter S. Partee** ppartee@huntonak.com, candonian@huntonak.com
- **Paul J. Pascuzzi** ppascuzzi@ffwplaw.com, docket@ffwplaw.com
- **Kenneth Pasquale** mlaskowski@stroock.com
- **Dow Wakefield Patten** dow@forthrightlaw.com
- **Larry Allan Peluso** pelusolaw@gmail.com, firm@pelusolaw.net
- **Valerie Bantner Peo** vbantnerpeo@buchalter.com
- **Yosef Peretz** skim@peretzlaw.com
- **Christian A. Pereyda** CPereyda@maynardcooper.com, mshabpareh@maynardcooper.com
- **Thomas R. Phinney** tom@parkinsonphinney.com
- **R. Alexander Pilmer** alexander.pilmer@kirkland.com, keith.catuara@kirkland.com
- **M. Ryan Pinkston** rpinkston@seyfarth.com, jmcdermott@seyfarth.com
- **Estela O. Pino** epino@epinolaw.com, rmahal@epinolaw.com
- **Gregory Plaskett** gregory.plaskett@gmail.com
- **Mark D. Plevin** mplevin@crowell.com
- **Steven G. Polard** spolard@eisnerlaw.com, calendar-lao@ropers.com
- **Mark D. Poniatowski** ponlaw@ponlaw.com
- **Cara M. Porter** cara.porter@doj.ca.gov, rachel.patu@doj.ca.gov
- **Christopher E. Prince** cprince@lesnickprince.com
- **Douglas B. Provencher** dbp@provlaw.com
- **Amy C. Quartarolo** amy.quartarolo@lw.com
- **Lary Alan Rappaport** lrappaport@proskauer.com, PHays@proskauer.com
- **Justin E. Rawlins** justinrawlins@paulhastings.com
- **Hugh M. Ray** hugh.ray@pillsburylaw.com, nancy.jones@pillsburylaw.com
- **Paul F. Ready** smeyer@farmerandready.com
- **Caroline A. Reckler** caroline.reckler@lw.com
- **David M. Reeder** david@reederlaw.com, secretary@reederlaw.com
- **Steven J. Reisman** sreisman@katten.com, nyc.bknotices@kattenlaw.com
- **Jeffrey M. Reisner** jreisner@irell.com, #-FirmPSDocketing@Steptoe.com
- **Jack A. Reitman** srichmond@lgbfirm.com
- **Emily P. Rich** erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- **David J. Richardson** drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
- **Christopher O. Rivas** crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **David B. Rivkin** drivkin@bakerlaw.com, jmeeks@bakerlaw.com
- **John R. Rizzardi** kcoselman@cairncross.com, tnguyen@cairncross.com
- **Daniel Robertson** robertson.daniel@pbgc.gov, efile@pbgc.gov

- **Michael Rogers**   mrogers@lambertrogers.com, jan@lambertrogers.com
- **Lawrence M. Rolnick**   lrolnick@rksllp.com
- **Jorian L. Rose**   jrose@bakerlaw.com
- **Laurence M. Rosen**   lrosen@rosenlegal.com, zstanco@rosenlegal.com
- **Paul M. Rosenblatt**   prosenblatt@kilpatricktownsend.com, mwilliams@kilpatricktownsend.com
- **David A. Rosenzweig**   david.rosenzweig@nortonrosefulbright.com
- **Jay M. Ross**   jross@hopkinscarley.com, eamaro@hopkinscarley.com
- **Gregory A. Rougeau**   grougeau@brlawsf.com
- **Jason C. Rubinstein**   jrubinstein@fklaw.com, mclerk@fklaw.com
- **Nathan Q. Rugg**   nathan.rugg@bfkn.com, jean.montgomery@bfkn.com
- **Thomas B. Rupp**   trupp@kbkllp.com
- **Steven B. Sacks**   ssacks@sackslawoffice.com
- **Eric E. Sagerman**   esagerman@bakerlaw.com
- **Robert Sahyan**   rsahyan@sheppardmullin.com, lsegura@sheppardmullin.com
- **Gregory M. Salvato**   gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com
- **Jonathan C. Sanders**   jsanders@stblaw.com
- **Nanette D. Sanders**   nanette@ringstadlaw.com, becky@ringstadlaw.com
- **Natalie Kathleen Sanders**   natalie.sanders@bakerbotts.com
- **Lovee Sarenas**   Lovee.sarenas@lewisbrisbois.com
- **Brandy A. Sargent**   brandy.sargent@klgates.com, docketclerk@stoel.com
- **Patricia Savage**   psavesq@gmail.com, jodi.savage@gmail.com
- **Caroline A.H. Sayers**   caroline.sayers@lathropgpm.com, patricia.johnson@lathropgpm.com
- **Sblend A. Sblendorio**   sas@hogefenton.com
- **Francis O. Scarpulla**   fos@scarpullalaw.com, cpc@scarpullalaw.com
- **Daren M Schlecter**   daren@schlecterlaw.com, info@schlecterlaw.com
- **Bradley R. Schneider**   bradley.schneider@mto.com
- **Harvey S. Schochet**   Harveyschochet@dwt.com
- **Nathan A. Schultz**   nschultzesq@gmail.com, kjarashow@goodwinlaw.com
- **Lisa Schweitzer**   lschweitzer@cgsh.com
- **Eric J. Seiler**   eseiler@fklaw.com, mclerk@fklaw.com
- **Leonard M. Shulman**   lshulman@shbllp.com
- **Andrew I. Silfen**   andrew.silfen@arentfox.com
- **Wayne A. Silver**   w_silver@sbcglobal.net, ws@waynesilverlaw.com
- **Brandt Silver-Korn**   bsilverkorn@edelson.com, docket@edelson.com
- **Craig S. Simon**   csimon@bergerkahn.com, aketcher@bergerkahn.com
- **Gerald Singleton**   gerald@slffirm.com, BKECFCANB@SLFfirm.com
- **Steven J. Skikos**   sskikos@skikos.com, mmontoya@skikos.com
- **Michael K. Slattery**   mslattery@lkfirm.com, rramirez@lkfirm.com
- **Dania Slim**   dania.slim@pillsburylaw.com, melinda.hernandez@pillsburylaw.com
- **Jennifer N. Slocum**   jennifer.slocum@stoel.com, docketclerk@stoel.com
- **Aaron C. Smith**   asmith@lockelord.com, autodocket@lockelord.com
- **Alan D. Smith**   adsmith@perkinscoie.com, al-smith-9439@ecf.pacerpro.com
- **Jan D. Sokol**   jdsokol@lawssl.com
- **Daniel Solish**   cocolaw@stancounty.com, solishd@stancounty.com
- **Randye B. Soref**   rsoref@polsinelli.com, ccripe@polsinelli.com
- **Joseph Sorkin**   jsorkin@akingump.com, NYMCO@akingump.com

- **Michael St. James**   ecf@stjames-law.com
- **Diane C. Stanfield**   diane.stanfield@alston.com, nelly.villaneda@alston.com
- **Howard J. Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com
- **Harriet A. Steiner**   harriet.steiner@bbklaw.com, claudia.peach@bbklaw.com
- **Lillian G. Stenfeldt**   lillian.stenfeldt@rimonlaw.com, docketing@rimonlaw.com
- **Cheryl L. Stengel**   clstengel@outlook.com, stengelcheryl40@gmail.com
- **David M. Stern**   dstern@ktbslaw.com
- **Geoffrey S. Stewart**   gstewart@jonesday.com, mmelvin@jonesday.com
- **Alan J. Stone**   AStone@milbank.com, DMcCracken@Milbank.com
- **Jason D. Strabo**   jstrabo@mwe.com
- **Michael H. Strub**   mstrub@ggtriallaw.com, mhstrub1@gmail.com
- **Rebecca Suarez**   rsuarez@crowell.com
- **Brad T. Summers**   docketing-pdx@lanepowell.com
- **Karin Swope**   kswope@cpmlegal.com
- Kristine Theodesia Takvoryan   ktakvoryan@ckrlaw.com
- **Kesha Tanabe**   kesha@tanabelaw.com
- **Mary Ellmann Tang**   mtang@frenchlyontang.com, nfears@frenchlyontang.com
- **Dante Taylor**   dtaylor@lbbklaw.com
- **Elizabeth Lee Thompson**   ethompson@stites.com, docketclerk@stites.com
- **John C. Thornton**   jct@andrewsthornton.com, aandrews@andrewsthornton.com
- **Elisa Tolentino**   cao.main@sanjoseca.gov
- **Meagan S. Tom**   meagan.tom@lockelord.com, autodocket@lockelord.com
- **Edward J. Tredinnick**   etredinnick@foxrothschild.com
- **Matthew Jordan Troy**   matthew.troy@usdoj.gov
- **Rocky C. Tsai**   rocky.tsai@ropesgray.com, matthew.haut@ropesgray.com
- **Michael Tye**   Michael.Tye@usdoj.gov
- **Gary D. Underdahl**   gunderdahl@askllp.com, lmiskowiec@askllp.com
- **Andrew Van Ornum**   avanornum@vlmglaw.com, hchea@vlmglaw.com
- **Shmuel Vasser**   shmuel.vasser@dechert.com, brett.stone@dechert.com
- **Victor A. Vilaplana**   vavilaplana@foley.com, rhurst@foley.com
- **Marta Villacorta**   marta.villacorta@usdoj.gov
- **Carol C. Villegas**   cvillegas@labaton.com, NDonlon@labaton.com
- **John A. Vos**   InvalidEMailECFonly@gmail.com, PrivateECFNotice@gmail.com
- **Bao M. Vu**   bao.vu@stoel.com, sharon.witkin@stoel.com
- **Nicholas Wagner**   kschemen@wagnerjones.com, bwagner@wagnerjones.com
- **Jonathan D. Waisnor**   jwaisnor@willkie.com, mao@willkie.com
- **Rachel M. Walsh**   rwalsh@goodwinlaw.com, tsutton@goodwinlaw.com
- **Riley C. Walter**   jalfaro@wjhattorneys.com
- **Phillip K. Wang**   phillip.wang@rimonlaw.com
- **Samuel M. Ward**   sward@barrack.com, cfessia@barrack.com
- **Philip S. Warden**   philip.warden@pillsburylaw.com,
  kathy.stout@pillsburylaw.com
- **Gregory P. Waters**   gwaters@elllaw.com, gregorywatersesq@gmail.com
- **Guy L. Watts**   gwatts@wattsguerra.com, cwilson@wattsguerra.com
- **Mikal C. Watts**   mcwatts@wattsguerra.com, cwilson@wattsguerra.com
- **Lindsi M. Weber**   lweber@polsinelli.com, yderac@polsinelli.com
- **Joseph M. Welch**   jwelch@buchalter.com, dcyrankowski@buchalter.com
- **Todd J. Wenzel**   todd@wenzellawoffices.com
- **Meredith Werner**   meredith.werner@clydeco.us

- **David Walter Wessel**    DWessel@efronlawfirm.com, hporter@chdlawyers.com
- **Joseph West**    westjoseph@earthlink.net, josephw998@gmail.com
- **Drew M. Widders**    dwidders@wilcoxenlaw.com, nina@wilcoxenlaw.com
- **Jason P. Williams**    maryanne@wplgattorneys.com
- **Eric R. Wilson**    kdwbankruptcydepartment@kelleydrye.com, ewilson@kelleydrye.com
- **Kimberly S. Winick**    kwinick@clarktrev.com, knielsen@clarktrev.com
- **Rebecca J. Winthrop**    rebecca.winthrop@nortonrosefulbright.com, diana.cardenas@nortonrosefulbright.com
- **David Wirt**    david.wirt@hklaw.com, denise.harmon@hklaw.com
- **Ryan A. Witthans**    rwitthans@fhlawllp.com
- **Keith H. Wofford**    keith.wofford@ropesgray.com, nova.alindogan@ropesgray.com
- **Risa Lynn Wolf-Smith**    rwolf@hollandhart.com, lmlopezvelasquez@hollandhart.com
- **Douglas Wolfe**    asm@asmcapital.com
- **Andrea Wong**    wong.andrea@pbgc.gov, efile@pbgc.gov
- **Christopher Kwan Shek Wong**    christopher.wong@arentfox.com
- **David A. Wood**    dwood@marshackhays.com, lbuchanan@marshackhays.com
- **Kirsten A. Worley**    worleyk@higgslaw.com, admin@wlawcorp.com
- **Kinga Wright**    kinga.wright@lockelord.com, autodocket@lockelord.com
- **Antonio Yanez**    ayanez@willkie.com
- **Cathy Yanni**    cathy@cathyyanni.com, pstrunk@browngreer.com
- **Andrew Yaphe**    andrew.yaphe@davispolk.com, pge.dpw.routing@davispolk.com
- **Stephanie Yee**    syee@janglit.com, klockwood@janglit.com
- **Tacie H. Yoon**    tyoon@crowell.com
- **Bennett G. Young**    byoung@jmbm.com, jb8@jmbm.com
- **Eric G. Young**    eyoung@dcalaw.com, Jackie@dcalaw.com
- **Nicole M. Zeiss**    nzeiss@labaton.com
- **Paul H. Zumbro**    mao@cravath.com
- **Brittany Zummer**    bzummer@theadlerfirm.com, nfournier@theadlerfirm.com
- **Dario de Ghetaldi**    deg@coreylaw.com, lf@coreylaw.com

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 5, 2022, at Sacramento, California.


_____
      */s/ Carmelia V. Domingo*
      CARMELIA V. DOMINGO

1239852.1

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In Re: PG& E Corporation                    Bankruptcy Case No. 19-30088-DM
and Pacific Gas and Electric Company              Chapter 11

**COURT CERTIFICATE OF MAILING**

I, the undersigned, a regularly appointed clerk of the United States Bankruptcy Court for the
Northern District of California, served a copy of the foregoing document(s):

**Notice of Appeal and Statement of Election- by Creditor City of Santa Clara dba Silicon Valley
Power, Northern California Power Agency - Dkt. #12310**

**Memorandum Decision Regarding Dispute Between Debtors and the California Department
of Water Resources- Dkt. #11999**

**Order Granting California Department of Water Resources' Motion For Order Determining
That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be
Paid- Dkt. #12000**

**Order Denying Debtors' Motion For Entry Of An Order Modifying Plan Injunction And
Compelling Arbitration Of Claim Of California Department Of Water Resources- Dkt. #12001**

**Order Denying Motion to Intervene by City of Santa Clara, DBA Silicon Valley Power and
Northern California Power Agency- Dkt. #12054**

**Order Regarding Dispute Between Debtors and California Department of Water Resources-
Dkt. #12207**

That I, in the performance of my duties as such Clerk, served a copy of the foregoing
document(s) on the date shown below:

**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102


Boutin Jones Inc.                                    for City of Santa Clara, dba
Thomas G. Mouzes                                      Silicon Valley Power and
Robert D. Swanson                                     Northern California Power Agency
Michael E. Chase
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
**-and-**
Duncan, Weinberg, Genzer and Pembroke, P.C.
Lisa S. Gast
1667 K Street NW, Suite 700
Washington, DC 20006
**-and-**
Jane Luckhardt
General Counsel
Northern California Power Agency
651 Commerce Dr.
Roseville, CA 95678-6411


Robert Bonta                                    for California Department of Water Resources
Attorney General of California
Danette Valdez
Annadel Almendras
Supervising Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
**-and-**
FELDERSTEIN, FITZGERALD, WILLOUGHBY, PASCUZZI and RIOS, LLP
Paul J. Pascuzzi
Nicholas L. Kohlmeyer
500 Capitol Mall, Suite 2250
Sacramento, CA 95814


Keller & Benvenutti LLP                         for PG& E Corporation and
David A. Taylor                                     Pacific Gas & Electric Company
Jane Kim
Thomas B. Rupp
650 California St., #1900
San Francisco, CA 94108

**-and-**

Weil, Gotshal & Manges LLP
Richard W. Slack
Theodore E. Tsekerides
Jessica Liou
Matthew Goren
767 Fifth Ave.
New York, NY 10153-0119

<u>Da'Wana L. Chambers</u>
Deputy Clerk

Date: May 6, 2022

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | **Bankruptcy Case** |
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
|     **- and -** | |
| **PACIFIC GAS AND ELECTRIC** | **Chapter 11** |
| **COMPANY,** | **(Lead Case)** |
|         **Reorganized Debtors.** | **(Jointly Administered)** |

## CERTIFICATE OF SERVICE

I, Sonia Akter, do declare and state as follows:

1.      I am employed by Kroll Restructuring Administration LLC ("***Kroll***")[1], the claims and noticing agent for the Reorganized Debtors in the above-referenced chapter 11 bankruptcy cases.

2.      On May 6, 2022, at my direction and under my supervision, employees of Kroll caused the following document to be served via first class mail on the Notice Parties Service List attached hereto as **Exhibit A**:

- Notice of Appeal and Statement of Election to Have Appeal Heard by United States District Court for the Northern District of California [Docket No. 12310]

3.      I have reviewed the Notices of Electronic Filing for the above-listed document, and I understand that parties listed in each NEF as having received notice through electronic mail were electronically served with that document through the Court's Electronic Case Filing system.

4.      I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that if called upon as a witness, I could and would competently testify thereto.

---

[1] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

Executed this 11th day of May 2022, at New York, NY.

/s/ Sonia Akter
Sonia Akter

# Exhibit A

Exhibit A

Notice Parties Service List

Served via first class mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|------|-----------|-----------|------|-------|-------------|
| Boutin Jones Inc. | Attn: Thomas G. Mouzes, Robert D. Swanson, Michael E. Chase | 555 Capitol Mall, Suite 1500 | Sacramento | CA | 95814 |
| California Department of Water Resources | Attn: Robert Bonta, Danette Valdez, Annadel Almendras | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 4102-7004 |
| Duncan, Weinberg, Genzer and Pembroke, P.C. | Attn: Lisa S. Gast | 1667 K Street NW, Suite 700 | Washington | DC | 20006 |
| Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP | Attn: Paul J. Pascuzzi & Nicholas L. Kohlmeyer | 500 Capitol Mall, Suite 2250 | Sacramento | CA | 95814 |
| Northern California Power Agency | Attn: Jane Luckhardt, General Counsel | 651 Commerce Dr. | Roseville | CA | 95678-6411 |
| Office of the U.S. Trustee / SF | Phillip J. Burton Federal Building | 450 Golden Gate Ave. 5th Fl., #05-0153 | San Francisco | CA | 94102 |