Northern California Law Group, PC.
Joseph Feist, SBN 249447
2611 Esplanade
Chico, CA 95973
Tel: 530-433-0233 | Fax: 916-426-7848
info@norcallawgroup.net

Attorney for Claimants
Jay and Linda Johnston

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[x] Affects both Debtors<br><br>*All paper shall be filed in the Lead Case, No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date: June 29th, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Telephonic/Video Appearances Only<br>    United States Bankruptcy Court<br>    Courtroom 17,<br>    450 Golden Gate Ave., 16th Floor<br>    San Francisco, CA<br>Judge: Hon. Dennis Montali<br><br>    Objection Date: June 15th, 2022 |

## BACKGROUND

Pursuant to Rules 015 and 7017 of Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Jay and Linda Johnston ("Movant") moves the court for an order expanding the time to file a Proof of Claim, and allow,

Claim Number (not yet assigned), that was filed on May 9th, 2022, with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of Jay Johnston, Declaration of Linda Johnston and Declaration of attorney Joseph Feist in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## BASIS FOR RELIEF REQUESTED

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Jay and Linda Johnston who never submitted a claim until they hired counsel on May 9th, 2022, and a claim was prepared and submitted on their behalf on May 9th, 2022. Mr. and Mrs. Johnston's filing is for emotional distress claim including zone of danger and nuisance. Mr. and Mrs. Johnston's lived and continue to live in Magalia, CA before the fire erupted and destroyed their community. Claimant's have suffered immensely from losing those they had created meaningful relationships with over the course of the years. Movants respectfully requests their late claim be accepted and deemed timely.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15© and 17(a)(3)) because there is a lack of bad faith on the part of the

Movants and their counsel in failing to submit Mr. and Mrs. Johnston's original claim, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7015, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.* ,(1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id*. At 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first factor, Movant's late filing will cause no prejudice to Debtors, since the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of the Movant's claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second factor, Movant's delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third factor, the reason for the delay and whether it was in Movant's reasonable control, they had a reasonable belief that they were not entitled to any claim against PG&E due to their home not suffering any physical damage.

As a final factor, the Movant's are acting in good faith in filing the claim as they were real property owners at the time of the fire, have continued to be, and suffered the great loss of their community along with extensive mental anguish as a result of their evacuation experience. Based on the above and supporting evidence, Claimant's counsel requests the claim be allowed due to his client's lack of bad faith in their belief that filing a timely proof was not necessary as their home did not suffer any physical damage.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that Exhibit A, the Proof of Claim, Claim Number (not yet assigned), be deemed timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: 5/12/2022

                                                ___/s/ Joseph K. Feist___

                                                Joseph K. Feist
                                                Attorney for Claimant