**Entered on Docket**
**May 12, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: May 12, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

Jennifer L. Dodge (#195321)
**LAW OFFICES OF JENNIFER L. DODGE INC.**
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☒ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CREDITOR TODD GREENBERG MODIFYING PLAN INJUNCTION WITH RESPECT TO PROOF OF CLAIM NOS. 76018 AND 78381**

[No Hearing Requested]

The Court having considered the *Stipulation By and Between Reorganized Debtors and Creditor Todd Greenberg Modifying Plan Injunction With Respect to Proof of Claim Nos. 76018 and 78381* (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Todd Greenberg ("**Claimant**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, filed on May 11, 2022 [Docket No. 12360]; and, pursuant to such Stipulation of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Claimant may file a proof of claim (the "**Amended Proof of Claim**"), in the form attached to the Motion to Amend as Exhibit 2, amending Proof of Claim No. 76018.

2. Upon the filing of the Amended Proof of Claim, Proof of Claim No. 76018 shall be disallowed and expunged from the claims register in the above-captioned chapter 11 cases, solely on the basis that it has been superseded by the Amended Proof of Claim.

3. The Plan Injunction shall be modified solely to permit the Claimant to assert the causes of action and damages alleged in the Concrete and Construction Damages Claim and Tree Claim against the Utility in the State Court Action and then to liquidate the Concrete and Construction Damages Claim and Tree Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment against the Utility, which judgment, if any, shall be treated as an Allowed General Unsecured Claim in accordance with the Plan and paid through the claims reconciliation process in these Chapter 11 Cases, without further order of this Court.

4. The Reorganized Debtors' objections to the Concrete and Construction Damages Claim and Tree Claim and all related proceedings shall be stayed upon the entry of an order

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the Stipulation.

approving this Stipulation and shall remain stayed until a judgment in the State Court Action shall become final and not appealable, whereupon such objections shall be deemed moot.

5. Any statute of limitations or repose that applies to the causes of action and damages set forth in the Concrete and Construction Damages Claim and Tree Claim shall be deemed to have been tolled from the Petition Date of January 29, 2019, until 60 days after the entry of an order approving this Stipulation. Nothing herein shall be deemed to toll any statute of limitations or repose as to any other claim that may be asserted against the Debtors or the Reorganized Debtors.

6. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Concrete and Construction Damages Claim or Tree Claim on any grounds in the State Court Action, or

    b. a waiver by the Claimant of his rights to assert any right in opposition of any asserted challenge to the Concrete and Construction Damages Claim or Tree Claim, or

    c. a waiver by any Party of any claim or defense in the State Court Action, including any claims that the Debtors or Reorganized Debtors, as applicable, may have against parties in the State Court Action or other third parties for indemnification or contribution.

7. The Stipulation shall be binding on the Parties and each of their successors in interest.

8. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersede all prior agreements and understandings relating to the subject matter thereof.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

/ / /

/ / /

APPROVED AS TO FORM AND CONTENT:

Dated: May 11, 2022

TRODELLA & LAPPING LLP

*/s/ Richard A. Lapping*
Richard A. Lapping

*Attorneys for Creditor Todd Greenberg*

*** END OF ORDER ***