REQUEST COMFIRMED COPY

1 ANDREW WALTERS
2 P.O. BOX 208
3 INDIAN SPRINGS, NV
4           89018
5
6
7 UNITED STATES BANKRUPTCY COURT
8 NORTHERN DISTRICT OF CALIFORNIA
9 SAN FRANCISCO DIVISION
10
11                     BANKRUPTCY CASE # 19-30088 (DM)
12                     CHAPTER 11
13 CREDITOR
14 ANDREW WALTERS - CLAIM # 86837   "RESPONSE"
15                                  MAY 24, 2022 (DEADLINE)
16 REORGANIZED DEBTOR'S
17 PG&E CORPORATION                 OPPOSE THE DISALLOWANCE
18 PACIFIC GAS AND ELECTRIC COMPANY OF OBJECTED-TO PROOF'S
19                                  OF CLAIM
20
21 TO THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE
22
23          "RESPONSE"
24 FIRE VICTIM, ANDREW WALTERS FILES HIS RESPONSE
25 OPPOSING ALL OF THE "DEBTORS" DEFENSES. IN ADDITION
26 ASK THAT THE BANKRUPTCY COURT SHOULD NOT SUSTAIN
27 THE OMNIBUS OBJECTION. CLAIMANT MAILED HIS CLAIM
28 ON 10-16-19, 5 DAYS BEFORE THE BAR DATE ORDER

10-21-19 (DEADLINE). THE DEBTOR'S WERE IN POSSESSION
OF MR. WALTERS CLAIM ON 10-21-19. THE CLAIMANT
by VIRTUE OF THE U.S. MAIL SERVICE DELIVERED HIS
CLAIM TO BE PROCESS IN A TIMELY MANNER. THE
BARRED STATUTE OF LIMITATION COUNTER by THE DEBTOR'S
ALSO FAIL TO LINK SECTION 350 OF CCCP TO A PROCEDURAL
ACTION THIS CLAIMANT FAILED TO MAKE. THE SOLE
RESPONSIBILITY THIS CLAIMANT HAS LEGALLY IS TO
SUBMIT THE CLAIM BEFORE 10-21-19 "BAR DATE ORDER".
UNDER FEDERAL LAW A CLAIMANT / PLAINTIFF ARE
AFFORDED ADDITIONAL TIME TO COMMENCE A COURT
ACTION AFTER LEARNING OF INJURY (PROPERTY DAMAGE)
TO FILE COMPLAINT. IN THIS CASE DAMAGES WAS
OBSERVED ON 10-14-19. IN VIEW OF PROPERTY DAMAGES,
THE DEBTOR'S HAVE NO SCIENTIFIC STUDIES OF AIR QUALITY
THAT WOULD OPPOSE CLAIM OF DAMAGES CAUSED by
SMOKE, SOOT, DEBRIS. CLEARLY THE BURDEN OF PROOF IS
ON THE DEBTOR'S TO DISPROVE THIS FACT. THE DEBTOR'S
ARE RESPONSIBLE FOR THIS PROPERTY DAMAGE AND SHOULD
NOT BE ALLOWED TO AVOID LIABILITY.
THE CLAIMANT HAS PROVIDED A LEGAL BASIS FOR RECOVERY
AGAINST THE REORGANIZED DEBTOR'S. FIRST, CLAIMANT
POINTS OUT (IN THE CLAIM) THE CAUSE OF DAMAGES
DERIVE FROM THE "FIRES". THE DEBTOR'S HAVE NOT PROVIDED
ANY EVIDENCE TO REFUTE THIS.
THE BANKRUPTCY COURT SHOULD NOT SUSTAIN THE OMNIBUS
OBJECTION. FIRST, IT WOULD VIOLATE THIS CLAIMANT
U.S. CONSTITUTIONAL RIGHT (4TH AMEND.) DUE PROCESS.

THE DEBTOR'S STATE THE CHAPTER 11 CASES ARE BEING JOINTLY ADMINISTERED FOR PROCEDURAL PURPOSES ONLY PURSUANT TO BANKRUPTCY RULE 1015(b). FACT, THIS IS A PREJUDICE CLASSIFICATION OF MR. WALTERS CLAIM. HIS CLAIM STANDS ALONE ALLEGING "ENVIRONMENTAL DAMAGE" WHICH HAS BEEN UNCHALL-ENGED BY THE DEBTOR'S ON THIS ISSUE.

## RELIEF REQUESTED

THIS RESPONSE SEEK AN ORDER DENYING (ALL) OF THE "DEBTOR'S OMNIBUS OBJECTIONS TO CLAIM. IT ALSO SEEKS PROTECTIONS AFFORDED BY THE 4TH, 6TH AMEND. U.S. CONST. IN ADDITION, RESPONSE SEEKS APPOINTMENT OF COUNSEL FOR AMENDED RESPONSE.

## DECLARATION

I, ANDREW WALTERS DECLARE I HAVE PERSONAL KNOWLEDGE OF RELEVANT FACTS THAT SUPPORT MY CLAIM & RESPONSE. ADDITIONATELY I HAVE DIRECT KNOWLEDGE OF DAMAGES OCCURRED BY THE FIRE(S).

DATED: MAY 6TH, 2022            Andrew Walters
                                CLAIMANT

S.O.L.L,
Andrew Walters #1051567
P.O. Box 208
Indian Springs, NV 89018

RECEIVED

MAY 1 2 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

LAS VEGAS NV 890

9 MAY 2022 PM 5 L

FOREVER / USA

United States Bankruptcy Court
Northern District of California-
Courtroom 17, 16th Floor
450 Golden Gate Ave
San Francisco, Calif. 94102

94102-342616