Entered on Docket
May 16, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: May 16, 2022

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>   Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: September 13, 2022<br>Time: 10:00 AM<br>www.canb.uscourts.gov/calendars |

**<u>ORDER SUSTAINING DEBTORS' OBJECTION AND GRANTING DAVID ADDINGTON LEAVE TO AMEND PROOF OF CLAIM # 3093</u>**

On May 9, 2022, the court held a hearing on *Reorganized Debtors' Seventy-Ninth Omnibus Objection to Claims—Claim of David Addington (Claim No. 3093)* (Dkt. 10673). Appearances were made on the record. The court determined that under the terms of the recorded easement on Mr. Addington's real property, his attempt to terminate the easement in 2017 was ineffective. In

short, Mr., Addington's unilateral attempted Termination of Easement (Dkt 10851-1, Ex. A, p. 13), was ineffective as a matter of law.  The handwritten easement (Dkt. 10851-1, Ex. A, pp. 5-13) and the typewritten version (Dkt. 10851-1, Ex. B, pp. 2-9), contain (in Article Fourth) the exact language  that conditions any termination:  ". . . and [PG&E} in the enjoyment of the rights hereby granted, shall avoid so far as it reasonably can interfering with the use by [Mr. Addington]. . . any and all purposes."

Mr. Addington has not articulated any basis to trigger the drastic forfeiture that he seeks.  It is a question of fact whether PG&E's actions or inactions give rise to any recovery by Mr. Addington, and if so, whether that recovery should result in termination of the easement opposed to a recovery of damages.

The court also acknowledged that Mr. Addington may have suffered other damages as a result of the Debtors' work on his real property that had initially led Mr. Addington to attempt to terminate the easement.

Accordingly, and for the reasons stated on the record, the court HEREBY ORDERS that:

1. The Objection is sustained, and Proof of Claim No. 3093 of Mr. Addington is disallowed;

2. Mr. Addington may amend his Proof of Claim on or before July 11, 2022 to state a claim for damages stemming from damage that occurred after the date of payment following Mr. Addington's signed release of claims arising from Debtors' revised work agreement;

3. Debtors may file an objection to any amended Proof of Claim within 60 days of the amendment; and

4. A further hearing on the matter is set for September 13, 2022 at 10:00 a.m. Parties may contact the court to remove the hearing from the calendar if issues are consensually resolved prior to the hearing date.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

David P. Addington
298 Saint James Drive
Piedmont, CA 94611