THOMAS G. MOUZES (SBN 99446)
ROBERT D. SWANSON (SBN 162816)
MICHAEL E. CHASE (SBN 214506)
IAN MCGLONE (SBN 315201)
**BOUTIN JONES INC.**
555 Capitol Mall, Fifteenth Floor
Sacramento, CA 95814
Telephone: (916) 321-4444
Email: tmouzes@boutinjones.com
       rswanson@boutinjones.com
       mchase@boutinjones.com
       imcglone@boutinjones.com

*Attorneys for Creditors and Parties-in-Interest*
*CITY OF SANTA CLARA, dba*
*SILICON VALLEY POWER, and*
*NORTHERN CALIFORNIA POWER AGENCY*

LISA S. GAST (*pro hac vice*)
**DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.**
1667 K Street NW, Suite 700
Washington, DC 20006
Telephone: (202) 791-3601
Email: lsg@dwgp.com

*Attorney for Creditor and Party-in-Interest*
*CITY OF SANTA CLARA, dba SILICON VALLEY POWER*

JANE LUCKHARDT (SBN 141919)
General Counsel
**NORTHERN CALIFORNIA POWER AGENCY**
651 Commerce Drive
Roseville, CA 95678-6411
Phone: 916.781.3636
Email: Jane.Luckhardt@ncpa.com

*Attorney for Creditor and Party-in-Interest*
*NORTHERN CALIFORNIA POWER AGENCY*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case Nos. 19-30088 DM (Lead Case) |
| | 19-30089 DM |
| PG&E CORPORATION | |
| -and- | Chapter 11 |
| PACIFIC GAS AND ELECTRIC | Jointly Administered |
| COMPANY, | |

| | |
|---|---|
| Debtors. | District Court Case No. 22-cv-02834-HSG |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors.<br>* All papers shall be filed in the Lead Case No. 19-30088 DM | **STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF RECORD ON APPEAL OF APPELLANTS CITY OF SANTA CLARA, DBA SILICON VALLEY POWER, AND NORTHERN CALIFORNIA POWER AGENCY; CERTIFICATE REGARDING TRANSCRIPTS.**<br><br>[Related to Dkt. Nos. 11999, 12000, 12001, 12054, 12207] |

**PLEASE TAKE NOTICE** that, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, City of Santa Clara, dba Silicon Valley Power ("Santa Clara"), and Northern California Power Agency ("NCPA") (sometimes collectively the "Appellants"), creditors and parties in interest, by and through its undersigned counsel, hereby submit this (a) statement of issues to be presented on appeal and (b) designation of items to be included in the record on appeal in connection with their appeal to the United States District Court for the Northern District of California from the *Order Regarding Dispute Between Debtors and California Department of Water Resources* [Dkt. No. 12207], entered on April 22, 2022 (the "**Final Order**"), and each of the following interlocutory orders and decisions (collectively with the Final Order, the "**Orders**"):

(a) *Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources* [Dkt. No. 11999], entered on March 8, 2022;

(b) *Order Granting California Department Of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid* [Dkt. No. 12000], entered on March 8, 2022;

(c) *Order Denying Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources* [Dkt. No. 12001], entered on March 8, 2022; and,

(d) *Order Denying Motion to Intervene by City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency* [Dkt. No. 12054], entered on March 22, 2022.

## I. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred by concluding that its denial of the motion of PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility") as debtors and reorganized debtors (collectively, "PG&E," the "Debtors," or the "Reorganized Debtors") to modify the Plan Injunction of the confirmed Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 ("Plan") to compel arbitration of the proof of claim [Claim No. 78014] filed by California Department of Water Resources ("DWR") and whether DWR had properly terminated the Agreement of Cotenancy in the Castle Rock Junction-Lakeville 230-kv Transmission Line ("Cotenancy Agreement") among PG&E, Santa Clara, NCPA, was also a denial of the Reorganized Debtors', Santa Clara's, and NCPA's right to arbitrate their non-core affirmative claims against DWR under the Cotenancy Agreement and the dispute between and among DWR, Santa Clara and NCPA concerning the related Castle Rock-Lakeville 230 kv Transmission Line Transmission Service Agreement ("Transmission Agreement").

2. Whether the Bankruptcy Court, having denied the Debtors' motion to compel arbitration of DWR's proof of claim [Claim No. 78014] and DWR's termination of the Cotenancy Agreement, erred and exceeded its jurisdiction by failing to require the filing of an adversary proceeding with PG&E, Santa Clara, NCPA and DWR as parties thereto.

3. Whether the Bankruptcy Court, having denied the Debtors' motion to compel arbitration of DWR's proof of claim [Claim No. 78014] and DWR's termination of the Cotenancy Agreement, erred and exceeded its jurisdiction by proceeding further as a contested matter and denying Santa Clara and NCPA the right to have their non-core affirmative contract claims against DWR arising under the Cotenancy Agreement and Transmission Agreement decided by an Article III Court, including where Santa Clara and NCPA had not consented to the Bankruptcy Court entering any final judgment and had not put their non-core affirmative contract claims at issue.

4. Whether the Bankruptcy Court, having denied the Debtors' motion to compel arbitration of DWR's proof of claim [Claim No. 78014] and DWR's termination of the Cotenancy Agreement, erred in denying Santa Clara's and NCPA's, creditors and parties in interest, intervention motion and request to participate in the contested matter encompassing their non-core affirmative

contract claims against DWR arising under the Cotenancy Agreement.

5. Whether after PG&E agreed to pay the DWR proof of claim [Claim No. 78014] in full and PG&E confirmed that PG&E would not contest that the Cotenancy Agreement had been terminated by DWR and no actual controversy existed, the Bankruptcy Court erred and exceeded its jurisdiction including by issuing the Final Order.

6. Whether after PG&E agreed to pay the DWR proof of claim [Claim No. 78014] in full and PG&E confirmed that PG&E would not contest that the Cotenancy Agreement had been terminated by DWR and the controversy rendered moot and hypothetical, the Bankruptcy Court erred and exceeded its jurisdiction including by issuing the Final Order.

7. Whether the Bankruptcy Court, having denied the Debtors' motion to compel arbitration of DWR's proof of claim [Claim No. 78014] and DWR's termination of the Cotenancy Agreement, erred and exceeded its jurisdiction in the Final Order including by binding Santa Clara and NCPA in that Final Order, and determining the rights, interests, and/or obligations of the respective parties, including Santa Clara and NCPA, under the Cotenancy Agreement by a contested matter.

8. Whether the Bankruptcy Court, as to Santa Clara and NCPA, erred and exceeded its jurisdiction and/or denied Santa Clara and NCPA their respective due process rights.

9. Whether the Bankruptcy Court erred in denying the request of PG&E to present its non-core affirmative contract claims with DWR through an adversary proceeding and in determining that PG&E waived their rights to an adversary proceeding and the procedure protections afforded pursuant to the Federal Rules of Bankruptcy Procedures.

10 Whether the Bankruptcy Court erred in determining that the dispute concerning Santa Clara' and NCPA's non-core affirmative contract claims against DWR concerning DWR's liability for removal costs under the Cotenancy Agreement was properly before the Bankruptcy Court.

11. Assuming the Bankruptcy Court properly reached the merits of the dispute concerning the Cotenancy Agreement, whether the Bankruptcy Court erred in determining that DWR's interpretation of the Cotenancy Agreement was correct.

///

12. Assuming the Bankruptcy Court properly reached the merits of the dispute concerning the Cotenancy Agreement, whether the Bankruptcy Court erred in determining that DWR did not owe any estimated future removal costs or anything else to PG&E and Santa Clara and NCPA under the Cotenancy Agreement.

13. Assuming the Bankruptcy Court properly reached the merits of the dispute concerning the Cotenancy Agreement, whether the Bankruptcy Court erred in determining that there are no damages to be assessed by the Bankruptcy Court or by arbitration, under the Cotenancy Agreement.

14. Whether the Bankruptcy Court otherwise erred in its determinations against Santa Clara and NCPA concerning the Cotenancy Agreement.

## II. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

The Appellants hereby designate the items below to be included in the record on appeal, which includes all exhibits and attachments thereto and filed therewith and all documents incorporated by reference therein.

<u>*IN RE PG&E CORPORATION, ET AL. (U.S.B.C. CASE NO. 19-20088 (DM))*</u>
<u>*Jointly Administered*</u>

| Date Filed | Docket No. | Docket Text |
|---|---|---|
| 2/1/2019 | 263 | Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief |
| 10/18/2019 | Proof of Claim No. 78104 | Proof of Claim of California Department of Water Resources |
| 5/01/2020 | 7037 | Notice Regarding Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 (RE: related document(s)6320 Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 Filed by Debtor PG&E Corporation (RE: related document(s)3841 Chapter 11 Plan filed by Debtor PG&E Corporation, 3966 Amended Chapter 11 Plan filed by Debtor PG&E Corporation, 4563 Amended Chapter 11 Plan filed by Debtor PG&E Corporation, 5101 Amended Chapter 11 Plan filed by Debtor PG&E Corporation, 5590 Amended Chapter 11 Plan filed by Debtor PG&E Corporation, 6217 Amended Chapter 11 Plan filed by Debtor PG&E Corporation).). Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 05/01/2020) |

| | | | |
|---|---|---|---|
| | 5/15/2020 | 7276 | California State Agencies' Objections to Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts [Docket No. 7037] |
| | 6/19/2020 | 8048 | Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 Filed by Debtor PG&E Corporation (RE: related document(s) 7521 Amended Chapter 11 Plan filed by Debtor PG&E Corporation). (Rupp, Thomas) (Entered: 06/19/2020) |
| | 6/20/2020 | 8053 | Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 and Notice of Order Confirming Plan (RE: related document(s) 8048 Amended Chapter 11 Plan filed by Debtor PG&E Corporation). (Attachments: # 1 Exhibit A - Debtors and Shareholder Proponents Joint Plan of Chapter 11 Reorganization Dated June 19, 2020 # 2 Exhibit B - Rights Offering Procedures # 3 Exhibit C - Schedule of Pending Investigations) (lp) Additional attachment(s) Notice of Order Confirming Plan added on 6/22/2020 (dc). (Entered: 06/20/2020) |
| | 6/22/2020 | 8066 | June 19, 2020 Hearing Transcript |
| | 2/1/2022 | 11887 | Motion to Reject Lease or Executory Contract Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid Filed by Interested Party California Department of Water Resources (Pascuzzi, Paul) (Entered: 02/01/2022) |
| | 2/1/2022 | 11888 | Notice of Hearing on Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid Filed by Interested Party California Department of Water Resources). **Hearing scheduled for 3/2/2022 at 10:00 AM via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Interested Party California Department of Water Resources (Pascuzzi, Paul) (Entered: 02/01/2022) |
| | 2/1/2022 | 11889 | Declaration of Ghassan AlQaser in support of Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract). Filed by Interested Party California Department of Water Resources (Attachments: # 1 Exhibit Exhibit 1 - Part 1 # 2 Exhibit Exhibit 1 - Part 2 # 3 Exhibit Exhibit 2 # 4 Exhibit Exhibit 3 - Part 1 # 5 Exhibit Exhibit 3 - Part 2 # 6 Exhibit Exhibit 4 # 7 Exhibit Exhibit 5 # 8 Exhibit Exhibit 6) (Pascuzzi, Paul) (Entered: |

| | | |
|---|---|---|
| | | 02/01/2022) |
| 2/2/2022 | 11895 | Certificate of Service (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract, 11888 Notice of Hearing, 11889 Declaration). Filed by Interested Party California Department of Water Resources (Pascuzzi, Paul) (Entered: 02/02/2022) |
| 2/2/2022 | 11896 | Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 02/02/2022) |
| 2/2/2022 | 11897 | Declaration of Joshua S. Levenberg in Support of Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (RE: related document(s) 11896 Motion Miscellaneous Relief). Filed by Debtor PG&E Corporation (Attachments: # 1 Exhibit 1 - Cotenancy Agreement # 2 Exhibit 2 - Transmission Service Agreement # 3 Exhibit 3 - CDWR Letter of July 30, 2018 # 4 Exhibit 4 - Proof of Claim # 5 Exhibit 5 - FERC Order) (Rupp, Thomas) (Entered: 02/02/2022) |
| 2/2/2022 | 11898 | Notice of Hearing on Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (RE: related document(s) 11896 Motion Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources Filed by Debtor PG&E Corporation). Hearing scheduled for 3/2/2022 at 10:00 AM via Tele/Videoconference - www.canb.uscourts.gov/calendars. Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 02/02/2022) |
| 2/9/2022 | 11914 | Certificate of Service of Alain B. Francoeur Regarding One Hundred Eighth Omnibus Objection Stipulation, California Department of Water Resources Arbitration Motion, Levenberg Declaration, and Notice of Hearing Filed by Other Prof. Prime Clerk LLC (related document(s) 11894 Stipulation to Continue Hearing, 11896 Motion Miscellaneous Relief, 11897 Declaration, 11898 Notice of Hearing). (Malo, David) (Entered: 02/09/2022) |
| 2/16/2022 | 11937 | Brief/Memorandum in Opposition to // The Reorganized Debtors' (I) Preliminary Opposition to California Department of Water Resources' Motion for Order Determining that Castle Rock Agreement with PG&E Cannot Be Assumed and that the Department of Water Resources' Claim No. 78104 Be Paid and (II) Request, in the Alternative, for a Status Conference (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract). Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 02/16/2022) |

| Date | Docket | Description |
|---|---|---|
| 2/16/2022 | 11942 | Brief/Memorandum in Opposition to Reorganized Debtors' Motion for Order Modifying Plan Injunction and Compelling Arbitration (RE: related document(s) 11896 Motion Miscellaneous Relief). Filed by Interested Party California Department of Water Resources (Attachments: # 1 Declaration of Ghassan AlQaser) (Pascuzzi, Paul) (Entered: 02/16/2022) |
| 2/23/2022 | 11962 | Reply to the Reorganized Debtors' Preliminary Opposition to Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No 78104 be Paid (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract, 11937 Opposition Brief/Memorandum). Filed by Interested Party California Department of Water Resources (Pascuzzi, Paul) (Entered: 02/23/2022) |
| 2/23/2022 | 11963 | Reply in Further Support of Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (RE: related document(s) 11896 Motion Miscellaneous Relief). Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 02/23/2022) |
| 2/23/2022 | 11964 | Supplemental Declaration of Joshua S Levenberg in Support of Motion of the Reorganized Debtors for Entry of an Order Modifying Plan Injunction and Compelling Arbitration of Claim of California Department of Water Resources (RE: related document(s) 11896 Motion Miscellaneous Relief). Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 02/23/2022) |
| 2/28/2022 | | DOCKET TEXT ORDER (no separate order issued:) On March 2, 2022, at 10:00 AM, the court will begin with the PURPA claims objections and responses (Dkt ## 11230, 11231, 11232; 11476, 11477; 11654, 11655; 11947, 11948). Each side will have twenty minutes, with counsel for Claimants going first and expected to reserve a portion of the time for rebuttal. Next the court will consider TOGETHER the California DWR Motion (Dkt 11887, et seq.) and the Debtors' Motion To Modify (Dkt 11896, et seq.). Each side will have twenty minutes, with counsel for the DWR going first and expected to reserve a portion of the time for rebuttal. (Montali, Dennis) (Entered: 02/28/2022) |
| 3/2/2022 | 11986 | Transcript regarding Hearing Held 3/2/2022 RE: Reorganized Debtors' One Hundred Eighth Omnibus Objection To Claims (Purpa Claims) Filed By PG&E Corporation 11230; California Department Of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And That The Department Of Water Resources' Claim No. 78104 Be Paid (11887); Motion Of The Reorganized Debtors For Entry Of An Order Modifying Plan Injunction And Compelling Arbitration Of Claim Of California Department Of Water Resources Filed By PG&E |

| | | |
|---|---|---|
| | | Corporation (11896). |
| 3/8/2022 | 11999 | Memorandum Decision Regarding Dispute Between Debtors and the California Department of Water Resources (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract filed by Interested Party California Department of Water Resources, 11896 Motion Miscellaneous Relief filed by Debtor PG&E Corporation). (lp) (Entered: 03/08/2022) |
| 3/8/2022 | 12000 | Order Granting California Department of Water Resources' Motion For Order Determining That The Castle Rock Agreement With PG&E Cannot Be Assumed And Claim No. 78104 Be Paid (Related Doc # 11887) (lp) (Entered: 03/08/2022) |
| 3/8/2022 | 12001 | Order Denying Debtors' Motion For Entry Of An Order Modifying Plan Injunction And Compelling Arbitration Of Claim Of California Department Of Water Resources (Related Doc # 11896) (lp) (Entered: 03/08/2022) |
| 3/15/2022 | 12024 | Motion Notice of Appearance and Ex Parte Application for Order Authorizing City of Santa Clara, dba Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water Resources' Motion for Order Determining That the Castle Rock Agreement Cannot Be Assumed and That the Department of Water Resources' Claim No. 78014 be be Paid Filed by Creditors City of Santa Clara dba Silicon Valley Power, Northern California Power Agency (Attachments: # 1 Declaration of Thomas G. Mouzes iso Notice of Appearance and Ex Parte Application for Order # 2 Certificate of Service) (Mouzes, Thomas) (Entered: 03/15/2022) |
| 3/17/2022 | 12035 | Brief/Memorandum in Opposition to the Ex Parte Application for Order Authorizing City of Santa Clara, DBA Silicon Valley Power and Northern California Power Agency to Intervene and File a Response to California Department of Water Resources' Motion for Order Determining that the Castle Rock Agreement with PG&E Cannot be Assumed and that the Department of Water Resources' Claim No. 78104 be Paid (RE: related document(s) 12024 Motion Miscellaneous Relief). Filed by Interested Party California Department of Water Resources (Pascuzzi, Paul) (Entered: 03/17/2022) |
| 3/21/2022 | 12054 | Order Denying Motion to Intervene by City of Santa Clara, DBA Silicon Valley Power and Northern California Power Agency (Related Doc # 12024) (lp) (Entered: 03/22/2022) |
| 3/25/2022 | 12076 | Response Memorandum of the Reorganized Debtors Regarding Claim of California Department of Water Resources (RE: related document(s) 11999 Memorandum Decision). Filed by Debtor PG&E Corporation (Rupp, Thomas) (Entered: 03/25/2022) |

| Date | Doc# | Description |
|---|---|---|
| 3/25/2022 | 12077 | Declaration of Joshua S Levenberg in Support of Memorandum of the Reorganized Debtors Regarding Claim of California Department of Water Resources |
| 4/8/2022 | 12129 | Reply to PG&E's Memorandum Regarding Department of Water Resources' Claim No. 78104 and Further Briefing of Issues; Request for Order Staying Arbitration (RE: related document(s) 11999 Memorandum Decision, 12076 Response). Filed by Interested Party California Department of Water Resources (Attachments: # 1 Declaration of Danette E. Valdez # 2 Certificate of Service) (Pascuzzi, Paul) (Entered: 04/08/2022) |
| 4/10/2022 | | DOCKET TEXT ORDER (no separate order issued:) The court will hold a hearing on an expedited basis via Zoom on Wednesday, April 13, 2022, at 10:00 AM. This is short notice of a fast-developing matter. The court will discuss with counsel the situation following the March 8 Memorandum Decision (Dkt 11999) and the two related now-final orders to deny the PG&E request for arbitration (Dkt 12001) and to reserve to this court whether CDWR owes ANY estimated future removal costs to PG&E (Dkt 12000), the somewhat opaque and ambiguous statement (Dkt 12076) by PG&E that the core bankruptcy matters that were before the court have been resolved (when they have not been), the subsequent demand for arbitration by SVP and NCPA, thereafter joined by PG&E, CDWR's request for an injunction (Dkt 12129) and related matters. The court may refine and elaborate on its concerns before the hearing. Nothing should be filed by any party before then. (Montali, Dennis) (Entered: 04/10/2022) |
| 4/11/2022 | 12147 | Tentative Ruling Re Dispute Between Debtors and the California Department of Water Resources (lp) (Entered: 04/11/2022) |
| 4/13/2002 | 12156 | Transcript regarding Hearing Held 4/13/2022 RE: STATUS CONFERENCE RE THE COURT'S DOCKET TEXT ORDER (DKT 11999) (DKT 12001) (DKT 12000) (DKT 12076) (DKT 12129). |
| 4/22/2022 | 12207 | Order Regarding Dispute Between Debtors and California Department of Water Resources (RE: related document(s) 11887 Motion to Reject Lease or Executory Contract filed by Interested Party California Department of Water Resources). (lp) (Entered: 04/22/2022) |
| 5/05/2022 | 12310 | Notice of Appeal and Statement of Election to Have Appeal Heard by United States District Court for the Northern District of California, Fee Amount $ 298. (RE: related document(s)11999 Memorandum Decision, 12000 Order on Motion to Reject Lease or Executory Contract, 12001 Order on Motion for Miscellaneous Relief, 12054 Order on Motion for Miscellaneous Relief, 12207 Order). Appellant Designation due by 05/23/2022. Transmission of Record to District Court due by 06/6/2022. Statement of Issues due by 05/23/2022. (Attachments: # 1 Certificate of Service) Filed by Creditors City of |

| | | |
|---|---|---|
| | | Santa Clara dba Silicon Valley Power, Northern California Power Agency. (Mouzes, Thomas) (Entered: 05/05/2022) |
| 05/05/2022 | 12322 | Courts Certificate of Mailing. Number of notices mailed: 18 (RE: related document(s) 12310 Notice of Appeal and Statement of Election). (dc) (Entered: 05/06/2022) |

### III. CERTIFICATE REGARDING TRANSCRIPTS

Pursuant to Rule 8009(b)(1)(B) of the Federal Rules of Bankruptcy Procedure, Appellants hereby file this certificate stating that Appellants are not ordering any transcripts. All transcripts have been prepared, are filed on the docket and are designated in the foregoing designation of record.

DATED: May 18, 2022.    BOUTIN JONES INC.

By:      */s/ Thomas G. Mouzes*
       Thomas G. Mouzes
       Robert D. Swanson
       Michael E. Chase
       Ian McGlone

-and-

Lisa S. Gast
DUNCAN, WEINBERG, GENZER & PEMBROKE, P.C.

*Attorney for Creditor and Party-in-Interest,*
*CITY OF SANTA CLARA, dba SILICON VALLEY POWER*

-and-

Jane Luckhardt
General Counsel
NORTHERN CALIFORNIA POWER AGENCY
*Attorney for Creditor and Party-in-Interest*
*NORTHERN CALIFORNIA POWER AGENCY*