Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys forFire Victim Claimants, including Kathleen Deiner and Charles Deiner

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>         Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas & Electric<br><br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)*<br>_____ | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY KATHLEEN DEINER AND CHARLES DEINER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KATHLEEN DEINER**<br><br>Date: June 29, 2022<br>Time: 10:00 a.m.<br>Place: **To Be Held Telephonically**<br>      United States Bankruptcy Court<br>      Courtroom 17<br>      450 Golden Gate Avenue<br>      16th Floor<br>      San Francisco, CA<br>Judge: Honorable Dennis Montali<br><br>**Objection Deadline: June 22, 2022** |

      The Kane Law Firm respectfully files this motion to allow the late filing of a proof of claim and deem the proof of claim as having been timely filed for the moving party herein, Kathleen Deiner and Charles Deiner.

///

# I.
# SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor,

2. The length of delay and its potential impact on judicial proceedings,

3. The reason for the delay, including whether it was within the reasonable control of the movant, and

4. Whether the movant acted in good faith. *Pioneer Investment Services*, *supra* at 395.

In this case, Charles and Kathleen Deiner, who have been married for over 50 years, lost their home and nearly all their possessions in the fire. Their home was located at 8416 Montna Drive, Paradise, California 95969. They were unable to evacuate together and were fearful of never seeing each other again. Although, they were re-united the evening of the fire, they were unable to return to a home for nearly 4 months. After the fire, the Deiners had to care for Mr. Deiner's elderly parents, help them find a place to live and file insurance claims. The insurance claim process was overwhelmingly as they had to file insurance claims for themselves and the elderly Deiners. The did not file a claim sooner because they were dealing with the insurance process and mistakenly thought that all their losses would be covered by insurance.

As set forth below, the movant meets all these factors. Indeed, if this motion is ***not*** granted it is the movant who will suffer substantial prejudice.

# II.
# PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire

Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## FACTUAL BACKGROUND

Charles and Kathleen Deinerlost their home of many years in the Camp Fire. They lived at Montna Drive, Paradise, California 95969. The house burned to the ground, taking with it a lifetime of possessions and memories. The Deiners have been married for over 50 years. On the day of the fire, Mr. Deiner had to evacuate his elderly parents and Ms. Deiner had to evacuate on her own. They feared that they would never see each other again. They were reunited the evening of the fire but were without a permanent place to live for nearly 4 months. They did not file a claim sooner because the were overwhelmed with the insurance process. They not only had to file a claim for themselves but also had to take care of the elderly Deiners' insurance claim. They mistakenly thought that the insurance would cover all their losses, but it did not. They only recently learned that they could file a late claim. They have done so, and the claim number is 108430.

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice

to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations (not reconsiderations or appeals) on approximately 50% of all claims. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Charles and Kathleen Deiner simply misunderstood the process. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.),* 450 F.3d 996, 1006 (9th Cir. 2006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Kathleen and Charles Deiner acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. (See e.g., *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533 where relief was denied because counsel purposefully chose not to oppose a motion as a litigation tactic). Here the delay was inadvertent and the movant's lack of understanding of the claims process after a trust fund had already been established to satisfy the claim.

And, finally, the likelihood of injustice is great, if this claim is not permitted. Charles and Kathleen Deiner are Camp Fire victims whose primary avenue for compensation is through this bankruptcy.

## V.

## **CONCLUSION**

For the reasons set forth above, Movant respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that the Movant be allowed to file a Proof of Claim and deem it as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

Dated: May 19, 2022           Respectfully submitted,

                              THE KANE LAW FIRM


                              By:_____/s/_____
                              BONNIE E. KANE
                              Attorneys for Kathleen Deiner and Charles Deiner