Entered on Docket
May 26, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**NOT FOR PUBLICATION**

MAY 25 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA ANN McDONALD, | No. 20-17366 |
| Appellant, | D.C. No. 4:20-cv-04568-HSG |
| v. | |
| PG&E CORPORATION, PACIFIC GAS AND ELECTRIC COMPANY, | MEMORANDUM* |
| Appellees, | |
| OFFICE OF THE U.S. TRUSTEE, | |
| Trustee-Appellee, | |
| OFFICIAL COMMITTEE OF TORT CLAIMANTS; OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Creditors-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted May 17, 2022**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

This appeal has been held in abeyance since September 23, 2021, pending resolution of *Adventist Health System/West v. Fire Victim Trust* (*In re Pacific Gas & Electric Company*), No. 21-15447. The stay is lifted.

Theresa Ann McDonald appeals pro se from the district court's order dismissing her bankruptcy appeal. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the district court's legal conclusions and for clear error its factual findings. *JPMC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props. Inc.* (*In re Transwest Resort Props., Inc.*), 801 F.3d 1161, 1168 (9th Cir. 2015). We affirm.

The district court properly dismissed McDonald's appeal as equitably moot because McDonald did not obtain a stay pending appeal, there has been substantial consummation of debtors' plan, and the bankruptcy court could not fashion effective and equitable relief "without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 881 (9th Cir. 2012) (setting forth factors for determining equitable mootness).

We reject as without merit McDonald's contention that the bankruptcy court lacked authority to enter its plan confirmation order.

McDonald's motion to expedite (Docket Entry No. 29) is denied as moot.

**AFFIRMED.**