WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** Debtors. | **REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF FIFTEENTH SECURITIES CLAIMS OMNIBUS OBJECTION (SECURITIES ACQUIRED OUTSIDE SUBJECT PERIOD)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **[Related to Docket Nos. 11343, 11520, 11638, 11809, 12057, 12394]**<br><br>Date: June 7, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**")[1] and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply in further support of the *Reorganized Debtors' Fifteenth Securities Claims Omnibus Objection (Securities Acquired Outside Subject Period)*, dated September 28, 2021 [Docket No. 11343] (the "**Objection**"), with respect to Claim No. 102822 (the "**Oliveros Claim**")[2] submitted by Franklin F. Oliveros and Zenaida C. Oliveros (the "**Claimants**"), and to address the informal response to the Objection received from the Claimants on October 21, 2021 (the "**Response**").[3]

## PRELIMINARY STATEMENT

On April 24, 2020, the Reorganized Debtors received the Oliveros Claim, which contains no information indicating any purchase or acquisition of PG&E securities within the Subject Period (April 29, 2015 through November 15, 2018). *See* Slack Decl., Ex. A at 1. Instead, the Oliveros Claim stated that the Claimants obtained 125 shares of PG&E securities at some point in the "1980's," at least 25 years prior to the Subject Period. *See id*.

On September 28, 2021, the Reorganized Debtors filed the Objection, listing the Oliveros Claim as among those to be disallowed and expunged. Because the Extended Securities Bar Date Order does not apply to the Oliveros Claim, as it does not relate to any transactions for the purchase or acquisition of PG&E securities within the Subject Period, and the Oliveros Claim was filed well after the Initial Bar Date, the Oliveros Claim is therefore subject to disallowance and expungement for untimeliness under the Bar Date Order. Moreover, the proof of claim underlying the Oliveros Claim provides no substantive basis for a claim based on the holding of stock purchased approximately 40 years ago.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Objection (defined herein) or the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, and exhibits thereto, dated January 25, 2021 [Docket No. 10015] (the "**Securities Claims Procedures Order**"), as applicable.

[2] The Oliveros Claim is attached as **Exhibit A** to the *Declaration of Richard W. Slack in Further Support of Reorganized Debtors' Fifteenth Securities Claims Omnibus Objection (Securities Acquired Outside Subject Period)* (the "**Slack Declaration**"), filed contemporaneously herewith.

[3] The Response is attached as **Exhibit B** to the Slack Declaration.

The Claimants never formally responded to the Objection. Instead, on October 12, 2021, the Claimants sent a one-page, handwritten letter to Kroll Restructuring Administration LLC (formerly known as Prime Clerk LLC), the Reorganized Debtors' noticing agent, stating that they "object [to] the offer of [the Reorganized Debtors] in this case." *See* Slack Decl., Ex. B at 1. In that letter, the Claimants requested that the Reorganized Debtors "pay our stopped dividends and if possible our plan to sell the stock." *See id.* The Claimants did not address any of the issues raised in the Objection, nor provide any trading information showing purchases or acquisitions within the Subject Period. *See id*.

In an effort to reach a consensual resolution of the Response, the Reorganized Debtors adjourned the hearing with respect to the Oliveros Claim to June 7, 2022. *See Notice of Continued Hearing with Respect to One Claim in the Reorganized Debtors' Fifteenth Securities Claims Omnibus Objection (Securities Acquired Outside Subject Period)*, dated May 17, 2022 [Docket No. 12394]. Despite the Reorganized Debtors' repeated attempts, the Claimants have failed to substantively respond to the Objection or provide any information that establishes a claim based on PG&E securities purchased during the Subject Period. *See generally* Slack Decl., Exs. C, D.[4] Therefore, the Oliveros Claim should be disallowed and expunged.

## ARGUMENT

The Oliveros Claim should be disallowed and expunged because it did not relate to any trading data indicating purchases or acquisitions of PG&E securities within the Subject Period and is therefore untimely. As set forth in the Objection, the Claimants received notice of the Extended Securities Bar Date, as well as a customized proof of claim form for securities claims (the "**Rescission or Damage Proof of Claim Form**"). *See* Obj. § II. Annex A of the Rescission or Damage Proof of Claim Form specifically required the Claimants to provide trade-level detail of their transactions of PG&E securities, including the securities held at the beginning and end of the Subject Period. *See* Slack Decl., Ex. A at 1. In the Rescission or Damage Proof of Claim Form received by the Reorganized Debtors on April 24, 2020, the Claimants did not allege any purchase or acquisition of PG&E securities during the Subject Period. *See id*. Instead, the Claimants only indicated that they purchased or acquired 125 shares of

---

[4] The Reorganized Debtors' reply letter, dated January 19, 2022, and follow-up letter, dated March 9, 2022, are attached to the Slack Declaration as **Exhibit C** and **Exhibit D**, respectively.

PG&E securities in the 1980s and held the same number of shares as of November 15, 2018, the end of the Subject Period. *See id*.

Similarly, the Response set forth neither any transaction information establishing any purchase or acquisition of PG&E securities during the Subject Period, nor any reason that the Objection should not be sustained. *See* Slack Decl., Ex. B at 1. Rather, the Response requested that the Reorganized Debtors "pay our stopped dividends and if possible our plan to sell the stock." *See id.* The Court has previously disallowed and expunged claims that do not relate to any transactions for the purchase or acquisition of PG&E securities within the Subject Period and the Court should once again do so here. *See Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifteenth Securities Claims Omnibus Objection (Securities Acquired Outside Subject Period)*, dated November 4, 2021 [Docket No. 11531].

The Extended Securities Bar Date does not apply to claims that do not relate to any purchase or acquisition of PG&E securities within the Subject Period. *See* Obj. § IV.A. Accordingly, if such claims were filed after the Initial Bar Date, they are untimely and subject to disallowance and expungement. *See id*. The Oliveros Claim was received by the Reorganized Debtors well after the Initial Bar Date and did not assert any purchase or acquisition of PG&E securities during the Subject Period. The Response does not address, much less rebut, this issue. Therefore, the Oliveros Claim should be disallowed and expunged on the basis of untimeliness under the Bar Date Order.

In addition, the Oliveros Claim fails to adequately assert a substantive claim. There is nothing in the proof of claim or the Response that establishes a prima facie claim based on holding stock purchased approximately 40 years ago.

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court enter an order disallowing and expunging the Oliveros Claim.

Dated: May 31, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**


By: _/s/ Richard W. Slack_
       Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*