Northern California Law Group, PC.
Joseph Feist, SBN 249447
2611 Esplanade
Chico, CA 95973
Tel: 530-433-0233 | Fax: 916-426-7848
info@norcallawgroup.net

Attorney for Claimant
Lori Corbin

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088-DM |
| | ) |
| PG&E Corporation, | ) Chapter 11 |
| | ) Lead Case, Jointly Administered |
| and | ) |
| | ) **MOTION PURSUANT TO FED. R. BANKR.** |
| PACIFIC GAS AND ELECTRIC | ) **PROC. 7015 AND 7017 TO ENLARGE TIME** |
| COMPANY, | ) **TO FILE PROOF OF CLAIM PURSUANT** |
| | ) **TO FED. R. BANKR. PROC. 9006(b)(1)** |
| Debtors. | ) |
| | ) Date: July 26th, 2022 |
| [x] Affects both Debtors | ) Time: 10:00 a.m. (Pacific Time) |
| | ) Place: Telephonic/Video Appearances Only |
| *All paper shall be filed in the Lead Case, No. 19-30088-DM | )     United States Bankruptcy Court |
| | )     Courtroom 17, |
| | )     450 Golden Gate Ave., 16th Floor |
| | )     San Francisco, CA |
| | ) Judge: Hon. Dennis Montali |
| | ) |
| | )     Objection Date: July 12th, 2022 |

## BACKGROUND

Pursuant to Rules 015 and 7017 of Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Lori Corbin ("Movant") moves the court for an order expanding the time to file a Proof of Claim, and allow, Claim Number

(not yet assigned), that was filed on May 18th, 2022, with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of Lori Corbin and Declaration of attorney Joseph Feist in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movant, by and through her undersigned counsel, respectfully represent as follows:

## BASIS FOR RELIEF REQUESTED

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Lori Corbin who never submitted a claim until she hired counsel on May 18th, 2022, and a claim was prepared and submitted on her behalf on May 18th, 2022. Ms. Corbin's filing is for an emotional distress claim including zone of danger and nuisance. Ms. Corbin lived and continues to live in Magalia, CA before the fire erupted and destroyed her community. Claimant has suffered immensely from losing those she had created meaningful relationships with over the course of the years. Movant respectfully requests her late claim be accepted and deemed timely.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15© and 17(a)(3)) because there is a lack of bad faith on the part of the

Movant and her counsel in failing to submit Ms. Corbin's original claim, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7015, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, (1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id*. At 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first factor, Movants' late filing will cause no prejudice to Debtors, since the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of the Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second factor, Movants' delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third factor, the reason for the delay and whether it was in Movants' reasonable control, she had a reasonable belief that she was not entitled to any claim against PG&E due to her home not suffering any physical damage.

As a final factor, the Movant is acting in good faith in filing the claim as she was a real property owner at the time of the fire, has continued to be, and suffered the great loss of her community along with extensive mental anguish as a result of her evacuation experience. Based on the above and supporting evidence, Claimants' counsel requests the claim be allowed due to his client's lack of bad faith in her belief that filing a timely proof was not necessary as her home did not suffer any physical damage.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that Exhibit A, the Proof of Claim, Claim Number (not yet assigned), be deemed timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: 6/6/2022

                                                  ___/s/ Joseph K. Feist___

                                                  Joseph K. Feist
                                                  Attorney for Claimant