Samy S. Henein, Esq. (#171356)
SUPPA, TRUCCHI & HENEIN, LLP
3055 India Street
San Diego, CA 92103-6013
Telephone No. (619) 297-7330
Fax No. (619) 297-9658

Attorneys for Creditors
JEFFERY PAUL and CAROLE PAUL

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re PG&E CORPORATION,<br><br>Debtor. | Case No.: 19-30088-DM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITORS JEFFERY AND CAROLE PAUL'S MOTION FOR LEAVE TO FILE A LATE PROOF OF CLAIM**<br><br>DATE: July 12, 2022<br>TIME: 10:00 a.m.<br>CRTRM: 17<br><br>Hon. Dennis Montali |

Creditors Jeffery and Carole Paul respectfully submit the following Memorandum of Points and Authorities in support of their motion for leave to file a late proof of claim regarding the Camp Fire (the "Motion").

## I

## STATEMENT OF FACTS

Jeffery Paul and Carole Paul (Movants) are the owners of a single family residence located at 920 Pearson Rd, Paradise, CA. The Movants owned and resided at the property, but they rented it out before the fire when they moved to Bangkok, Thailand. They were planing to move back to their home in two years, but then the November 2018 Camp Fire completely destroyed the property. The property was a total loss and while Movants received some insurance proceeds, they were significantly under insured. They would like to rebuild and move back to the property, but the funds they received from their insurance company are estimated to be less than 1/3 of the actual costs of the rebuild.

The Movants never knew there was a deadline or that they were supposed to file a claim They were not even aware that there was an investigation of PG&E and a determination that PG&E was responsible for the fire. ***They never received any notices at all from PG&E or the Court.*** When they learned about the fire and the loss of their property from their tenants and friends, their primary concern was that they were all safe. No one that they talked to told them there was any investigation of PG&E or that there was going to be an investigation. There was no news coverage in Thailand about the Camp Fire or the PG&E bankruptcy. This event was not a story and the Pauls had no reason to believe that it was anything other than a wildfire. The Pauls never received *any* notice of the PG&E bankruptcy, or the October 21, 2019, deadline to file a proof of claim.

It wasn't until some time in November 2021, when a friend told them that PG&E was found to be at fault and had gone in to bankruptcy. After investigating further, they learned that they were supposed to file a proof of claim and that the deadline had passed. At this point and while in Thailand, they sought to obtain counsel. They were eventually able to obtain legal advice and they retained present counsel on February 28, 2022.

## II

## PROCEDURAL HISTORY AND CASE STATUS

On June 20, 2020, the Court entered an Order approving the Debtor's Plan of Reorganization. Th deadline to file a proof of claim was October 21, 2019. The Fire Victims Trust allows for the consideration of late filed claims. Section I.B of the FIRE VICTIMS CLAIMS RESOLUTION PROCEDURES states:

> Proof of Claim. All Claimants must have filed a Proof of Claim for their Claims or those of their family in the Chapter 11 Cases on or before December 31, 2019, and as amended, which was the extended Bar Date for Fire Claimants. Claims that were not timely filed in the Chapter 11 Cases are ineligible for payment by the Trust, unless the Claimant (a) obtains relief from the Bankruptcy Court to file a late Claim, and (b) within 30 days after the Bankruptcy Court order allowing such late filing (i) files the Claim in the Chapter 11 Cases and (ii) submits such Claim to the Trust.

////

The May 27, 2022, Claims Data Report issued by the FVT states that out of the 38,437 claims questionnaires filed, there were 29,890 which have received Determination Notices.

## III.

## ARGUMENTS

**A. THE MOVING PARTIES SHOULD BE GRANTED LEAVE TO FILE THEIR PROOF OF CLAIM BECAUSE THEY NEVER RECEIVED NOTICE OF THE CLAIMS BAR DATE.**

Due process requires reasonable notice and a meaningful opportunity to be heard. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950); see also Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); Berry v. US. Trustee (In re Sustaita), 438 B.R. 198, 210 (9th Cir. BAP 2010), affd, 460 Fed. Appx. 627 (9th Cir. 201 l)("prior to sanctioning a party, the court must provide the party to be sanctioned with particularized notice to comport with due process.")

The requirement of "[n]otice is the cornerstone underpinning Bankruptcy Code Procedure." W Auto Supply Co. v. Savage Arms, Inc (In re Savage Indus., Inc.), 43 F.3d 714, 720 (1st Cir. 1994 ). The notice requirements of bankruptcy law are "founded in fundamental notions of procedural due process." Id. at 721. That the bankruptcy court may take action that affect parties' rights only "after notice and a hearing" appears throughout the Bankruptcy Code. See 11 U.S.C. §1128 ("After notice, the court shall hold a hearing on confirmation of a plan."); 11 U.S.C. § 1109 ("A party in interest ... may raise and may appear and be heard on any issue in a case under this chapter."). As a general matter, any order entered in violation of a person's due process rights is void and subject to being set aside under Federal Rule of Civil Procedure 60(b)(4). Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204,208 (5th Cir. 2003); see also City of New York v. New York, N. H. & H. R. Co., 344 U.S. 293,297, 73 S. Ct. 299, 97 L. Ed. 333 (1953) (stating in the bankruptcy context that "[t]he statutory command for notice embodies a basic principle of justice - that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights.")

////

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM 3

Case: 19-30088    Doc# 12500-1    Filed: 06/10/22    Entered: 06/10/22 21:16:33    Page 3 of 5

In Coastal Alaska Lines, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.), 920 F.2d 1428, the court referenced the ruling of the district court in Morgan v. Barsky (In re Barsky), 85 B.R. 550 (C.D. Cal. 1988), in which it held that the constitution "as specifically applied to bankruptcy proceedings, require[s] that the creditor be afforded all the notice statutorily required." Id. at 553 (citing Lawrence Tractor Company v. Gregory (In re Gregory), 705 F.2d 1118, 1123 (9th Cir. 1983)).

The Supreme Court held that it is a fundamental principle of due process that known creditors of a debtor are entitled to actual notice of a claims bar date before their claims can be extinguished. City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953). This is true in chapter 11 cases even where the creditor may have actual knowledge of the pendency of the bankruptcy. Id. at 297. A creditor in a reorganization has a "right to assume" that he will receive all required notices before his claim will be forever barred. Id.; see also Levin v. Maya Constr. Co. (In re Maya Constr. Co.), 78 F.3d 1395, 1399 (9th Cir. 1996) (known creditors are entitled to official or formal notice of a debtor's bankruptcy filing and claims bar date).

Movants did not receive notice of the claims bar date. A review of the creditor matrix reflects that they were not listed. There is no question that they did not receive the requisite notice. Furthermore, the Pauls were the owners of record at the time of the Camp Fire (and still today), so a review of the records of the Butte County Assessor's office would have disclosed that they were creditors.

**B. THE LATE FILING OF MOVANTS' PROOF OF CLAIM SHOULD BE PERMITTED UNDER THE DOCTRINE OF EXCUSABLE NEGLECT.**

Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 3003(c)(2) and (c)(3), taken together, require any creditor in a Chapter 11 case, except a creditor satisfied by the Debtor's listing of its claim designated as undisputed, to file a proof of claim on or before the court-established claims bar date in order to make a claim against a debtor's estate. However, F.R.B.P. 9006(b) allows certain time periods, including the F.R.B.P. 3003(c)(3) bar date, to be extended where the failure to timely act "was the result of excusable neglect."

Under Fed.R.Bankr.P. 9006(b)(1), a party can be relieved of a missed filing deadline "where the failure to act was the result of excusable neglect." Whether neglect is excusable in this context is

an equitable determination, taking into account all of the relevant circumstances surrounding the party's omission. Typically, courts must focus on four factors: "(l) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). "The right way, under Pioneer, to decide cases involving ignorance of federal rules is with an 'elastic concept' equitable in nature, not with a per se rule." Pincay v. Andrews, 351 F.3d 947, 953 (9th Cir. 2003), on reh'g en banc (9th Cir. 2004) 389 F.3d 853. "Under Pioneer, the correct approach is to avoid any per se rule. Pioneer cautioned against 'erecting a rigid barrier against late filings attributable in any degree to the movant's negligence.' There should similarly be no rigid legal rule against late filings attributable to any particular type of negligence." Pincay v. Andrews, 389 F.3d 853,860 (9th Cir. 2004).

This case satisfies the *Pioneer* standards. Movants never received any formal notice as required, and acted promptly when they learned of the potential for making a claim. There was good cause for the delay based on the lack of notice. Their circumstances were such that they live overseas and had no reason to know that PG&E was responsible. They did not fail to file a proof of claim by the deadline because they had no reason to know to do so, and there was no bad faith. As to the danger of prejudice, the FVT has yet to process 8,547 claims, so processing this one additional claim will not delay the administration of the case or the FVT. Allowing Movants to file a late proof of claim pursuant to Bankruptcy Rule 3003( c )(3 )2 would not prejudice the non-moving party. The circumstances and facts involved satisfy all four Pioneer prongs.

**IV**

**CONCLUSION**

WHEREFORE, Jeffery and Carole Paul pray that this Court grant the Motion and authorize Movants to file a proof of claim, and for such other and further relief as the Court deems just and proper.

SUPPA, TRUCCHI & HENEIN, LLP.

DATED: June 10, 2022        By: /s/ Samy Henein
                              Samy Henein, Esq.
                              Attorneys for Jeffery and Carole Paul