**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION AND AGREEMENT FOR ORDER RESOLVING THE REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS (PURPA CLAIMS)**<br><br>[Relates to Dkt. Nos. 11230, 11476, 11477, 11947, 11948, 11231, 11654, 11655] |

This stipulation and agreement (the "**Stipulation**") is entered into by and between Pacific Gas and Electric Company (the "**Utility**"),[1] and Winding Creek Solar LLC, Foothill Solar LLC, Hollister Solar LLC, Vintner Solar LLC, Bear Creek Solar LLC, Kettleman Solar LLC, and Allco Renewable Energy Limited (collectively, the "**Claimants**") to resolve the *Reorganized Debtors' One Hundred Eighth Omnibus Objection to Claims (PURPA Claims)* [Dkt. No. 11230] (the "**Omnibus Objection**"). The Utility and the Claimants are referred to in this Stipulation collectively as the "**Parties**," and each, including each Claimant, as a "**Party**."

## RECITALS

A. On October 20, 2019, the Claimants filed a complaint (the "**Complaint**") in the adversary proceeding, *Winding Creek Solar LLC, et al. v. Pac. Gas & Elec. Co.*, Adv. Pro. No. 19-03049 (Bankr. N.D. Cal.) (DM) (the "**Adversary Proceeding**"). *See* AP Dkt. No. 1.[2]

B. The Complaint contains two alleged causes of action: (1) a claim for damages under the Public Utility Regulatory Policies Act ("**PURPA**"), 16 U.S.C. § 824a-3 & 18 C.F.R. Part 292, Cal. Pub. Util. Code § 399.20 and PG&E's tariffs, and (2) a claim for injunctive relief under PURPA, 16 U.S.C. § 824a-3 & 18 C.F.R. Part 292, Cal. Pub. Util. Code § 399.20 and PG&E's tariff.

C. On October 21, 2019, Winding Creek Solar LLC filed Claim No. 78665; Foothill Solar LLC filed Claim No. 78580; Hollister Solar LLC filed Claim No. 78304; Vintner Solar LLC filed Claim No. 70884; Bear Creek Solar LLC filed Claim No. 78620; Kettleman Solar LLC filed Claim No. 78560; and Allco Renewable Energy Limited filed Claim No. 76149 (collectively, the "**Claims**") in these Chapter 11 Cases. Each Claim attached the Complaint.

D. On November 20, 2019, the Utility moved to dismiss the Complaint in its entirety (the "**Motion to Dismiss**"). *See* AP Dkt. No. 8.

E. On March 22, 2020, the Court issued a tentative ruling, granting the Motion to Dismiss without leave to amend the Complaint (the "**Tentative Ruling**"). On March 27, 2020, the Parties entered

---

[1] The Utility, together with PG&E Corporation, are collectively, the "**Debtors**," or as reorganized pursuant to the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053], the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

[2] "AP Dkt. No. [●]" refers to docket entries in the Adversary Proceeding.

into a stipulation (the "**MTD Stipulation**") where the Claimants accepted the tentative ruling. *See* AP Dkt. No. 23. Pursuant to the MTD Stipulation, the Motion to Dismiss was granted and the Complaint was dismissed, without leave to amend. *See id.* ¶ 2.

F. Pursuant to the MTD Stipulation, the Claimants' acceptance of the Tentative Ruling was without prejudice as relates to the Claims to the extent such claims "seek damages against the Utility." *Id.* ¶ 3. The Parties further stipulated that the determination of the merits of the damages claim as asserted in the first cause of action in the Complaint—*i.e.*, claim for damages under PURPA, 16 U.S.C. § 824a-3 & 18 C.F.R. Part 292, Cal. Pub. Util. Code § 399.20 and PG&E's tariffs—"shall be made exclusively in the context of the claims administration process in these Chapter 11 Cases." *Id.*

G. Pursuant to the MTD Stipulation, the Claimants' acceptance of the Tentative Ruling did not constitute a waiver of their respective appellate rights as to the second cause of the action in the Complaint for injunctive relief—*i.e.*, claim for injunctive relief under PURPA, 16 U.S.C. § 824a-3 & 18 C.F.R. Part 292, Cal. Pub. Util. Code § 399.20 and PG&E's tariff. *See id.* ¶ 4.

H. On March 30, 2020, this Court entered a final order approving the stipulation and dismissing the Complaint without leave to amend (the "**Dismissal**"). *See* AP Dkt. No. 24.

I. On April 13, 2020, the Claimants appealed the Dismissal as to their second cause of action for injunctive relief to the United States District Court for the Northern District of California (the "**District Court**") in the matter *Winding Creek Solar LLC v. Pac. Gas & Elec. Co.*, Case No. 20-cv-02602-HSG (N.D. Cal.) (the "**Appellate Proceeding**"). *See* Appellate Dkt. No. 1.[3]

J. By order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

K. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly

---

[3] "Appellate Dkt. No. [●]" refers to docket entries in the Appellate Proceeding.

prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

L. On July 15, 2021, the District Court affirmed this Court's order dismissing the Claimants' second alleged cause of action for injunctive relief. *See* Appellate Dkt. No. 17 at 1.

M. On September 9, 2021, the Utility filed the Omnibus Objection directed at the only remaining cause of action alleged in the Complaint—damages under PURPA, 16 U.S.C. § 824a-3 & 18 C.F.R. Part 292, Cal. Pub. Util. Code § 399.20 and PG&E's tariffs. *See* Dkt. No. 11230.

N. This Court held a hearing on the Omnibus Objection on March 2, 2022. Jack Nolan of Weil, Gotshal & Manges LLP appeared on behalf of the Reorganized Debtors, and Thomas Melone of Allco Renewable Energy Limited appeared on behalf of all Claimants.

O. At the March 2, 2022 hearing on the Omnibus Objection, the Court stated its position that it would be willing to issue an order sustaining the Omnibus Objection without prejudice to whatever amounts, if any, may be established at some point in the future in a later proceeding that the Claimants may commence (the "**Proceeding(s)**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER THAT:**

1. This Stipulation shall be effective upon entry of an order by this Court approving it.

2. The Omnibus Objection is sustained. The Claims listed in the column headed "Claims to Be Disallowed and Expunged" in **Exhibit 1** to this Stipulation are disallowed and expunged without prejudice to whatever amounts, if any, may be established in a later Proceeding. The Plan Injunction shall be modified to permit the Claimants to pursue the Proceeding(s).

3. In the event any final judgment or order is entered in a Proceeding, within 30 days thereof, the Claimants shall file a Claim in these Chapter 11 Cases based on any amounts owed by the Debtors as determined in such Proceeding, and which Claim shall be considered timely filed.

4. The Parties reserve all rights, objections, contentions, defenses, and arguments with respect to the Claims, and all matters and/or issues relating to the Claims, in any later Proceeding.

5. The signatory for the Claimants represents that he or she has the power to bind each and every Claimant to this Stipulation.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: June 15, 2022

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** <br> **KELLER BENVENUTTI KIM LLP** | **CAIRNCROSS & HEMPELMANN** |
| */s/ Theodore E. Tsekerides* <br> Theodore E. Tsekerides | */s/ John Rizzardi* <br> John Rizzardi (*Pro Hac Vice*) |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Claimants* |