| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS / NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**July 12, 2022, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:   July 26, 2022<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Seventeenth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed "Claims To Be Disallowed and Expunged" on **Exhibit 1**.

I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all

proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672].[1]

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") solely with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"), who believed they had rescission or damages claims arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). The Extended Securities Bar Date extended the submission deadline only for claimants who purchased or acquired certain of the Debtors' publicly traded debt and/or equity securities during the Subject Period. The Extended Securities Bar Date did not apply to claimants who purchased or acquired the Debtors' publicly traded securities *outside of the Subject Period* and, accordingly, those claims were subject to the Initial Bar Date set by the Court.

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the Order Approving (A) Procedures

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**") seeking entry of an order disallowing and expunging the Proofs of Claim as further described below.

## IV. ARGUMENT

The Omnibus Objections Procedures Order and Bankruptcy Rule 3007(d) permit the Reorganized Debtors to file objections to more than one Proof of Claim if, among other reasons, (1) "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order," Fed. R. Bankr. P. 3007(d)(5); or (2) "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii).

Each of the Claimants on **Exhibit 1** is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of the Satisfied Claims and the No Liability Claims, each as defined and described below.

### A. The Satisfied Claims Should Be Disallowed and Expunged

The Reorganized Debtors seek entry of an order disallowing and expunging Proof of Claims that the Reorganized Debtors have determined were satisfied or released during or prior to these Chapter 11 Cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders (the "**Satisfied Claims**"). The Satisfied Claims are identified on **Exhibit 1** hereto, in the column entitled "Claims To Be Disallowed and Expunged." **Exhibit 1** also identifies in the "Basis for Objection" that the Satisfied Claims are classified as "Beneficial Bondholder Claims," which means that the Satisfied Claims were asserted by individual bondholders and are redundant of claims held by (a) BOKF, NA, in its capacity as successor indenture trustee under the Indentures dated as of (i) April 22, 2005 Supplementing, Amending and Restating the Indenture of Mortgage Dated March 11, 2004 (ii) November 29, 2017 and (iii) August 6, 2018, each as supplemented or amended (as defined in Sections 1.227 and 1.229 of the Plan, the "**Utility Impaired Senior Note Claims**") and (b) Deutsche Bank National Trust Company, in its capacity as Indenture Trustee under the Indentures dated as of (i) September 1, 2008 and (ii) April 1, 2010 (as defined in Section 1.234 of the Plan, the "**Utility PC Bond (2008 F and 2010 E) Claims**"). The Utility Impaired Senior Note Claims were satisfied pursuant to Section 4.18 of the Plan, and the

Utility PC Bond (2008 F and 2010 E) Claims were satisfied pursuant to Section 4.22 of the Plan. The Utility Impaired Senior Note Claims were satisfied through a combination of cash payments for interest due and new securities, while the Utility PC Bond (2008 F and 2010 E) Claims were satisfied by cash payments for outstanding principal, interest and fees owed. Given that the Utility Impaired Senior Note Claims and the Utility PC Bond (2008 F and 2010 E) Claims have been fully satisfied under the Plan, any recovery by holders of the Beneficial Bondholder Claims would be duplicative. Holders of the Beneficial Bondholder Claims must look to the respective indenture trustees, and not the Reorganized Debtors, for payment of their Claims, if appropriate.

### B. The No Liability Claims Should be Disallowed and Expunged

The Reorganized Debtors also seek entry of an order disallowing and expunging Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Liability Claims**"). The No Liability Claims are identified in **Exhibit 1** hereto, in the column entitled "Claims To Be Disallowed and Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as "Equity Interest Claims," which means that they were based purely upon the Claimant's holding of the Debtors' common stock, which interests remain outstanding, were subject to dilution in accordance with the Plan, and are not otherwise entitled to a distribution or right to payment under the Plan. The No Liability Claims are not claims brought as Securities Claims as they do not allege purchases of shares within the Subject Period (and they were not submitted on the separate Securities Claim proof of claim form). Accordingly, the Reorganized Debtors request that the No Liability Claims be disallowed and expunged.

### C. The Claimants Bear the Burden of Proof

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat

---

[2] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims has been further extended through and including December 19, 2022 [Docket No. 12432], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection.

the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As discussed in Section IV.A above, the Reorganized Debtors submit that the Satisfied Claims already have been satisfied over the course of the Chapter 11 Cases and therefore should be disallowed and expunged. As discussed in Section IV.B above, the Reorganized Debtors submit that the No Liability Claims should be disallowed and expunged because the Reorganized Debtors are not liable for the amounts requested there. Ownership of stock does not in and of itself provide a holder with a "right to payment" and as such does not constitute a "claim" under the Bankruptcy Code. 11 U.S.C. § 101(5); *see also In re Hedged Investments Associates*, 84 F.3d 1267, 1272 (10th Cir. 1996) (an equity interest is not a claim against the debtor"); *In re Pine Lake Vill. Apartment Co.*, 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (an equity interest is not a claim against the debtor and the equity holder is only entitled to a proof of interest).

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve

the right to object to the Satisfied Claims and No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

VI.     NOTICE

Notice of this Objection will be provided to (i) holders of the Satisfied Claims and No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 16, 2022

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*