KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        Debtors.<br><br>☑ Affects Pacific Gas and Electric Company<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTOR PACIFIC GAS AND ELECTRIC COMPANY'S TRIAL BRIEF REGARDING CLAIM NO. 77335 (TODD GREENBERG)**<br><br>Trial:   June 27, 2022<br>Time:  9:00 a.m. (Pacific Time)<br>Place:  (Via Zoom Videoconference)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

In compliance with the Scheduling Order for Remote Trial entered by this Court on February 16, 2022 [Dkt. No. 11943], Pacific Gas and Electric Company (the "**Utility**"), as debtor and reorganized debtor ("**PG&E**" or "**Reorganized Debtor**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits this Trial Brief regarding Proof of Claim number 77335 (the "**Claim**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**"), pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**").

## I. INTRODUCTION

The Claim seeks damages related to the failure of a compressor and/or starter assembly in a 12-year old used refrigerator that Greenberg insists must have been caused by a power outage, surge or fluctuation while he was away on vacation in February 2016. PG&E's prior Objection was based upon the fact that no outage, surge or fluctuation occurred during that time period. The evidence and discovery conducted by Greenberg – including receipt of PG&E's claims file, depositions of two PG&E employees and Greenberg's direct communications with PG&E in late 2021 and continuing in 2022 – confirms that there was no power outage, surge or fluctuation during the time period in question. Accordingly, PG&E is not liable for Greenberg's damages.

## II. STATEMENT OF FACTS

### A. The Used Refrigerator

In 2013 Greenberg purchased a used refrigerator from Craigslist for $200, based upon the seller's representation that it was in good working order. Greenberg did not inquire about previous repairs to the refrigerator. The refrigerator was manufactured by LG in 2004, making it 12 years old in 2016. Greenberg bought the refrigerator while he was living in Mill Valley and transported it himself to that property using a dolly. After his parents' trust purchased the property located at 47 Bolinas Road, Fairfax, California (the "Property") in late 2015, Greenberg moved into the lower unit and again transported the refrigerator to the Property on his own using a dolly.

In addition to the failure of the refrigerator's compressor/starter relay, the refrigerator has had other issues that required repair, as would be expected with a used refrigerator of this age. In

LAW OFFICES OF
JENNIFER L. DODGE INC.

December 2015 the water dispenser on the refrigerator stopped working. In December 2017 the water connector had to be replaced and in January 2018 a leak required additional parts. Moreover, there have been class actions filed regarding the failure of compressors in LG refrigerators, which causes the refrigerators to warm and food to spoil.

### B. Refrigerator Stops Working While Greenberg is On Vacation February 14-22, 2016

Greenberg went on vacation from February 14-22, 2016. When he returned to the Property, he discovered that the refrigerator had stopped working, causing it to leak onto the wood laminate flooring in the kitchen of the unit. The refrigerator was repaired by the Appliance Doctor on February 25, and the invoice states, "[C]ompressor not run. Need to replace start assambly. [sic] Also many shelfs crispers and rails broken." The repair was $288.51. Greenberg paid $65 for the service call and the repair cost was covered by a home warranty. None of the other electrical appliances at the Property – including an oven, stove, microwave, washer and dryer – was damaged while Greenberg was away during this time.

### C. Greenberg's 2016 Pre-Bankruptcy Claim – $14,050

On February 22, 2016, Greenberg filed a claim with PG&E Claims Department for damages based upon his belief that a power outage, surge or fluctuation caused the refrigerator to fail. PG&E Claims investigated the claim to determine whether there had been any outages affecting the Property from February 14 to February 22, 2016. Finding none, PG&E Claims sent a denial letter to Greenberg on March 15, 2016.

Greenberg sought $14,050 in damages based upon two flooring estimates, one for $13,300 and another for $15,148.95, and the refrigerator repair. Upon receiving the denial letter from PG&E, Greenberg refused to accept the denial and insisted that the matter be reconsidered. A second PG&E claims investigator, Dustin Perkins, further researched the claim, including a visit to the Property on April 7, 2016. On April 22, 2016, Perkins sent a second letter to Greenberg denying his claim, reiterating that there were no outages affecting the Property during February 14-22, 2016. Once again, Greenberg refused to accept the denial and insisted that the matter be escalated, speaking with a PG&E Claims supervisor, Kevin Shaw, in early May 2016. Greenberg

demanded that PG&E provide him with a list of all outages affecting the Property in 2015 and 2016. On May 5, 2016, PG&E Claims provided Greenberg with a chart of outages from November 2015 (when Greenberg moved into the Property) through May 2016, as well as the outage reports themselves.

### D. Greenberg's 2019 Proof of Claim No. 77335 – Increase from $14,050 to $37,635

Greenberg filed his Proof of Claim No. 77335 on October 21, 2019 seeking $37,635.04, nearly triple the $14,050 he had originally sought from PG&E. The increase consisted of $4,800 for 60 hours of Greenberg's time (calculated at $80/hour); $9,000 in estimated lost rental income and relocation expenses; a 25% increase for the flooring work since the initial estimate in 2016 ($3,787.24); and 3% interest for 36 months ($3,235.34).

### E. PG&E's Objections to Greenberg's Claim

On November 5, 2020, PG&E filed an omnibus Objection, which sought to disallow and expunge the Claim [Dkt. No. 9455]. On December 1, 2020, Greenberg filed a Response to the Objection [Dkt. No. 9646]. The parties stipulated to a limited discovery schedule in 2021, and PG&E responded to Greenberg's written discovery requests in June 2021.

On July 29, 2021, PG&E filed a Further Objection to the Claim based upon its denial to Greenberg's claim in 2016: there was no evidence of an outage while Greenberg was on vacation in February 2016 [Dkt. No. 10995]. Greenberg responded to the Further Objection [Dkt. No. 11387], PG&E filed a Reply [Dkt. No. 11486] and, at the December 21, 2021 hearing, the matter was set for an evidentiary hearing/trial in April 2022 (later continued to June 27, 2022).

### F. Amendment of Greenberg's Claim – Increase From $37,635 to $123,456

On March 4, 2022, Greenberg filed a motion to amend his Claim to increase the damages from $37,635.04 to $123,456.74, more than tripling the amount sought in his original Proof of Claim (which had previously been nearly tripled from the original 2016 claim for $14,050) [Dkt. No. 11992]. This increase consisted of a new $24,365 estimate to replace the flooring, along with a 25% increase in this cost ($6,091); $5,000 for Greenberg's time in dealing with cleanup and contractors; and $86,400 for two years of lost rent calculated at $3,600/month. The motion was heard in April, and Greenberg was permitted to amend his Claim to seek this increased amount by

3

this Court's Order dated May 12, 2022 [Dkt. No. 12375]. To date Greenberg has not filed the Amended Claim.

**G. Pre-Trial Discovery Fails to Show Any Outages During February 14-22, 2016**

In April and May 2022, the parties conducted discovery consisting of additional written discovery, an inspection of the Property and depositions of Greenberg and two PG&E employees designated as Persons Most Qualified regarding (1) the outages in 2016 and (2) the work being done by PG&E at the neighboring property located at 31 Bolinas Road, Fairfax.

PG&E Distribution Operation Engineering Manager Dustin Dear was designated as the Person Most Qualified regarding outages in 2016 and testified that all outages, planned and unplanned, are recorded on PG&E's system, no matter how small. Dear confirmed that there were no outages on San Rafael 1108, the electrical circuit that services both 47 Bolinas Road and 31 Bolinas Road, during the time period in question.

It was discovered during this deposition that in October and November 2021, Greenberg contacted PG&E directly (without referencing the present litigation and without the knowledge of PG&E's counsel) to demand additional information, including a 10-year history of outages at the Property. PG&E provided Greenberg with this information, which exactly matched the outage data provided by PG&E Claims Investigator Dustin Perkins in 2016. Still not satisfied with this outcome, Greenberg has continued to contact PG&E repeatedly to press for additional information.

PG&E Senior New Business Representative David Brown was designated as the Person Most Qualified regarding the 31 Bolinas work, which involved an upgrade of power and addition of meters requested by the customer at that location. Brown testified that the planned outage necessary to install the upgrade had originally been scheduled for December 2015 but was completed in April 2016. He also explained that an outage noted in his February 28, 2016 email referred to the future planned outage in March 2016, not a past outage.

///

///

### H. Pre-Trial Discovery Does Not Support The Increased Damages in the Amended Claim

PG&E conducted an inspection of the Property on May 17, 2022 and took photographs and video of the flooring in the entire lower unit. There is no visible staining or damage to the flooring.

Greenberg moved into the upper unit at the Property in July 2019, leaving the lower unit vacant. Greenberg tried, without success, to rent the unit from July 2019 to May 2020. Greenberg admitted in his deposition that none of the prospective tenants told him that they did not want to rent the unit due to any damaged flooring.

### I. Greenberg's Other Claims Related to Power Outages in 2012 and 2019

Besides this one, Greenberg has submitted a number of claims to PG&E for damages he claims were caused by power outages; one in 2012 when he was living in Mill Valley where a palm frond had fallen onto a power line, and another in 2020 related to a Public Safety Power Shutoff event in late 2019. In both instances PG&E Claims acknowledged that outages had occurred during the time periods in question but denied Greenberg's claims based on Tariff Rules 2C and 14.

## III. LEGAL ISSUES

### A. PG&E Is Not Liable Because It Was Not Negligent.

In order to prevail on his Claim, Greenberg must prove that PG&E breached a duty of care owed to him to act reasonably and that such breach caused his damages. *Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LL,* 59 Cal. 4th 568, 573 (2014). Here Greenberg has failed to establish the crux of a negligence cause of action: that PG&E breached a duty of care owed to him to act reasonably. Absent a breach, Greenberg's Claim fails. Accordingly, PG&E is not liable to Greenberg.

### B. PG&E Is Not Liable Because No Power Outage, Surge or Fluctuation Occurred Between February 14-22, 2016.

PG&E denied Greenberg's claim in 2016 because there was no evidence of any outage, surge or fluctuation between February 14-22, 2016. Greenberg refused to accept this denial and

5

filed the present Claim. Greenberg has conducted discovery, including written discovery, review of PG&E's claims file, and depositions of two PG&E employees regarding outages and work done at 31 Bolinas Road in 2016. In addition, Greenberg contacted PG&E directly to obtain further information about outages at the Property, including a 10-year history of outages and details about how outages are recorded on PG&E's system. None of the discovery has yielded the information that Greenberg was hoping to obtain: that the failure of his 12-year old used refrigerator while he was away on vacation in 2016 was caused by a power outage, surge or fluctuation in the electrical circuit serving the Property. Because Greenberg cannot establish this predicate of his Claim against PG&E, it fails.

### C. Even if A Power Outage, Surge or Fluctuation Had Occurred (Which It Did Not), Tariff Rule 14 Bars Greenberg's Claims.

Greenberg is a PG&E customer. Even if Greenberg was able to prove that there was any power outage, surge or fluctuation while he was away on vacation (which he has failed to do), the Claim fails as a matter of law. PG&E's obligations to its customers are governed by its tariff rules. Utility tariffs are filed with and reviewed by the California Public Utilities Commission ("**CPUC**") and "have the force and effect of law." *Dollar-A-Day Rent-A-Car Sys. v. Pac. Tel. & Tel. Co.*, 26 Cal. App. 3d 454, 457 (1972); *Duggal v. G.E. Capital Commc'ns. Servs.*, 81 Cal. App. 4th 81, 82 (2000) ("filed tariffs are the equivalent of federal regulations which have the force of law"); *Dyke Water Co. v. Public Utilities Comm'n*, 56 Cal. 2d 105, 107 (1961) (noting that, when a tariff rule is published and filed with the CPUC, it has "the force and effect of a statute, and any deviations therefrom are unlawful unless authorized by the commission").

A plain reading of PG&E's Tariff Rule 14 provides that PG&E's service deliveries may be interrupted without liability when, in PG&E's "sole opinion," it is necessary to maintain, improve, repair or expand its distribution system.[1] Paragraph 4 of Electric Rule No. 14 provides

---
[1] In a case for damages arising from a power outage, a California court granted summary judgment in PG&E's favor based on a plain reading of the language of paragraph 4 of Tariff Rule 14. *Melvin L. Cockhren II vs. Pac. Gas & Elec. Co. et al.*, No. CGC-13-529137 (Cal. Sup. Ct. Aug. 27, 2014). Other reported cases dealing with

LAW OFFICES OF
JENNIFER L. DODGE INC

that PG&E "maintains the right to interrupt its service deliveries, without liability to the Customers or electric service providers (ESPs) affected, when, *in PG&E's sole opinion*, such interruption is necessary for . . . [m]aintenance, improvements, repairs, or expansion of PG&E's distribution system." PG&E Electric Rule No. 14, CPUC Sheet No. 19762-E (emphasis added) (A.P. Dkt. 8-18). The Rule additionally provides that PG&E will not be liable for any interruption or shortage or insufficiency of supply of energy unless caused by its failure to exercise reasonable diligence. *Id*.

The Claim is barred by Tariff Rule 14. Greenberg does not and cannot contend that any work conducted by PG&E falls outside the purview of Rule 14. Accordingly, the Claim fails to allege facts that could subject PG&E to liability to Greenberg for any service disruption.

**D. Even if A Power Outage, Surge or Fluctuation Had Occurred (Which It Did Not), PG&E Tariff Rule 2 Bars Greenberg's Claims.**

Even if Greenberg could prove an outage, surge or fluctuation during the time period in question (which he has not and cannot), his Claim would also be barred under Tariff Rule 2. Section C of Rule 2 provides that there may be variations to voltage limits and that PG&E will exercise reasonable diligence and care to regulate and maintain its frequency within reasonable limits but does not guarantee same.

## IV. DAMAGES

**A. The Exponentially Increased Damages Sought by Greenberg in His Amended Claim Are Not Supported by the Evidence and Are Not Recoverable.**

The exponentially increased damages sought by Greenberg in his Amended Claim are not supported by the evidence and are not recoverable under well-settled principles of law. Greenberg seeks $86,400 for two years of lost rental income for the unit. PG&E has made several requests to Greenberg's counsel to identify the two-year period of time for which lost

---

service interruptions do not address paragraph 4 of Tariff Rule 14. *See Langley v. Pac. Gas & Elec. Co.*, 41 Cal. 2d 655, 660 (1953) (discussing paragraph 1 of Tariff Rule 14, which relates to PG&E's duty to exercise reasonable diligence in furnishing a sufficient supply to its customers); *Tesoro Refining & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1170 (N.D. Cal. 2015) (interpreting paragraph 3 of Tariff 14, a separate provision that relates to "transmission related outages" and does not contain the "sole opinion" provision in paragraph 4).

7

rents are claimed and has not received this information to date. Regardless, Greenberg admitted in his deposition that no prospective tenants balked at renting the unit due to damaged flooring. This makes sense, given that the inspection of the Property on May 17, 2022 revealed no evidence of staining or damage to the flooring in the unit.

Moreover, the exponentially increased estimates for the flooring are likewise not sustainable. The first estimate in 2016 was $13,300; it is now more than double that, over $30,000. Even if Greenberg could prove that PG&E was liable (which he cannot), his damages would be reduced based upon his failure to mitigate damages by replacing the flooring in 2016.

Finally, Greenberg seeks damages that are clearly not recoverable, i.e., $5,000 in compensation for five days of dealing with cleanup of Greenberg's time calculated at $1,000 per day. There is simply no legal basis to recover such damages.

## V. CONCLUSION

PG&E is not liable for this Claim because there was no outage, surge or fluctuation that caused the damages sought by Greenberg.

June 16, 2022

KELLER BENVENUTTI KIM LLP

LAW OFFICES OF JENNIFER L. DODGE INC.

By: _____
Jennifer L. Dodge

Attorneys for Debtors and Reorganized Debtors

8