

Signed and Filed: June 17, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br>  - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☒ Affects Pacific Gas and Electric Company <br> ☐ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **ORDER APPROVING STIPULATION AND AGREEMENT AND DISALLOWING AND EXPUNGING PROOFS OF CLAIM PURSUANT TO THE REORGANIZED DEBTORS' ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS (PURPA CLAIMS)** <br><br> [Relates to Dkt. Nos. 11230, 11476, 11477, 11947, 11948, 11231, 11654, 11655, and 12505] |

The Court having considered the *Stipulation and Agreement for Order Resolving the Reorganized Debtors' One Hundred Eighth Omnibus Objection to Claims (PURPA Claims)*, dated June 15, 2022 [Dkt. No. 12505] (the "**Stipulation**"),[1] entered into by and between Pacific Gas and Electric Company (the "**Utility**"),[2] and Winding Creek Solar LLC, Foothill Solar LLC, Hollister Solar LLC, Vintner Solar LLC, Bear Creek Solar LLC, Kettleman Solar LLC, and Allco Renewable Energy Limited (collectively, the "**Claimants**") to resolve the *Reorganized Debtors' One Hundred Eighth Omnibus Objection to Claims (PURPA Claims)* [Dkt. No. 11230] (the "**Omnibus Objection**"); and this Court having jurisdiction to consider the Omnibus Objection and the Stipulation and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Stipulation and the Omnibus Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Omnibus Objection as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the Omnibus Objection on March 2, 2022, with Jack Nolan of Weil, Gotshal & Manges LLP appearing on behalf of the Reorganized Debtors, and Thomas Melone of Allco Renewable Energy Limited appearing on behalf of all Claimants; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved.

2. The Omnibus Objection is sustained. The claims listed in the column headed "Claim to be Disallowed and Expunged" in **Exhibit 1** to the Stipulation are disallowed and expunged without

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

[2] The Utility, together with PG&E Corporation, are collectively, the "**Debtors**," or as reorganized pursuant to the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053], the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

prejudice to whatever amounts, if any, may be established in a later Proceeding that the Claimants may commence. The Plan Injunction is modified to permit the Claimants to pursue the later Proceeding(s).

3. In the event any final judgment or order is entered in a later Proceeding, within 30 days thereof, the Claimants shall file a Claim in these Chapter 11 Cases based on any amounts owed by the Debtors as determined in the later Proceeding, and which Claim shall be considered timely filed.

4. The Parties reserve all rights, objections, contentions, defenses, and arguments with respect to the Claims, and all matters and/or issues relating to the Claims, in any later Proceeding.

5. This Order is a final order under Federal Rule of Bankruptcy Procedure 7054, 28 U.S.C. § 158, or otherwise, with respect to the first cause of action in the Complaint.

6. The Stipulation shall be binding on the Parties and each of their successors in interest.

7. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

**APPROVED AS TO FORM AND CONTENT:**

Dated: June 15, 2022

**CAIRNCROSS & HEMPELMANN**

*/s/ John Rizzardi*
John Rizzardi (*Pro Hac Vice*)

*Attorneys for Claimants*

*** END OF ORDER ***