KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND MARSH LANDING LLC WITH RESPECT TO PROOF OF CLAIM NOS. 2026 AND 74870**<br><br>**[Related to Docket Nos. 2896 and 10673]** |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Marsh Landing LLC ("**Claimant**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").[1] The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

C. The Reorganized Debtors have objected to the two proofs of claim filed by Claimant through (i) the *Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 2896] (the "**503(b)(9) Objection**"), which objects to Proof of Claim No. 2026 (the "**503(b)(9) Claim**"); and (ii) the *Reorganized Debtors' Seventy-Ninth Omnibus Objection to Claims (Books and Records Claims)* [Docket No. 10673] (the "**Seventy-Ninth Omnibus Objection**"), which objects to both the 503(b)(9) Claim and Proof of Claim No. 74870 (the "**General Unsecured Claim**," and together with the 503(b)(9) Claim, the "**Marsh Landing Claims**").

D. Claimant filed a formal response to the 503(b)(9) Objection [Docket No. 3286] and informally responded to the Seventy-Ninth Omnibus Objection. Both the 503(b)(9) Objection and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

Case: 19-30088    Doc# 12526    Filed: 06/21/22    Entered: 06/21/22 10:53:38    Page 2 of 4

the Seventy-Ninth Omnibus Objection are currently pending with respect to the Marsh Landing Claims. *See* Docket Nos. 8409 and 12305.

E. The Parties have reached an agreement to resolve the claims and claims objections described above, pursuant to the terms provided for herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Marsh Landing Claims (Proofs of Claim No. 2026 and 74870) are hereby deemed withdrawn without prejudice in all respects as to the claims specified therein and the treatment afforded to such claims under the Plan and applicable orders of this Court.

2. The 503(b)(9) Objection, solely with respect to the 503(b)(9) Claim, shall be deemed withdrawn without prejudice.

3. The Seventy-Ninth Omnibus Objection, solely with respect to the Marsh Landing Claims, shall be deemed withdrawn without prejudice.

4. In the event that the terms and conditions of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on Next Page*]

Dated: June 21, 2022

| | |
|---|---|
| KELLER BENVENUTTI KIM LLP | SHEARMAN & STERLING LLP |
| */s/ Thomas B. Rupp* | */s/ Ian Roberts* |
| Thomas B. Rupp | Ian Roberts |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Marsh Landing LLC* |