KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☑ Affects Pacific Gas and Electric Company

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**REORGANIZED DEBTOR PACIFIC GAS AND ELECTRIC COMPANY'S MOTION IN LIMINE NO. 1 TO EXCLUDE CLAIMANT TODD GREENBERG'S EXHIBIT QQ (DENNIS WEBB ESTIMATE) AND TESTIMONY OF WITNESS DENNIS WEBB AT TRIAL OF CLAIM NO. 77335 (TODD GREENBERG)**

Trial: June 27, 2022
Time: 9:00 a.m. (Pacific Time)
Place: (Via Zoom Videoconference)
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

In compliance with the Scheduling Order for Remote Trial entered by this Court on February 16, 2022 [Dkt. No. 11943], Pacific Gas and Electric Company (the "**Utility**"), as debtor and reorganized debtor ("**PG&E**" or "**Reorganized Debtor**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), with regard to Proof of Claim number 77335 (the "**Claim**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**"), pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), hereby files this Motion in Limine No. 1 to exclude the testimony of Greenberg's witness Dennis Webb and Exhibit QQ (the "Webb Estimate"), because (1) the Webb Estimate, which adds new items of damage and substantially increases the flooring estimate, was not included in Greenberg's Amended Claim, and (2) Federal Rules of Civil Procedure 37(c)(1) provides that such evidence should be excluded because the Webb Estimate was just emailed to PG&E on June 6, 2022, nearly three weeks past the May 20th discovery deadline.

In accordance with the Scheduling Order regarding Pre-Trial Objections and Motions in Limine, counsel for PG&E certifies that she has complied in good faith with the meet and confer requirements set forth therein and that she has met and conferred with counsel for Greenberg prior to filing this Motion in Limine. Declaration of Jennifer L. Dodge ("Dodge Decl."), ¶ 3.

**I.  FACTUAL BACKGROUND**

Greenberg filed a motion to amend his claim in March 2022 [Dkt. No. 11992], which the Court tentatively granted at the hearing on the motion in April 2022. The Court's Order allowing Greenberg to amend his Claim was entered on May 12, 2022 [Dkt. No. 12375]. The Amended Claim increases the cost to replace the flooring from $13,300 to $30,456.25 ($24,365 City Carpets March 2021 estimate + 25% increase ($6,091.25). To date Greenberg has not filed the Amended Claim.

On June 6, 2022, three weeks before trial and nearly three weeks past the discovery cutoff, counsel for Greenberg emailed counsel for PG&E a new estimate for replacement of the laminate flooring from Dennis Webb Construction totaling $82,937.45. See Webb Estimate attached as Exhibit A to Dodge Decl., ¶ 4. This is nearly triple the $30,456.25 City Carpet estimate to replace flooring set forth in the Amended Claim. Greenberg lives in the upper unit of the duplex,

and the lower unit is vacant. The estimate presumes that Greenberg must completely move out of the upper unit for 3-4 months for the contractor to replace 800 square feet of flooring in the lower vacant unit and includes brand new items that were not part of the original Claim or the Amended Claim, such as $12,000 for moving and packing; $2,250 for storage; $1,250 for cleaning of furniture and clothing; $9,300 for two hours a day for 31 days of site supervision at $150/hour; and $10,000 for HazMat remediation. See Exhibit A to Dodge Decl., ¶ 4. None of these items was included in the flooring estimate attached to the Amended Claim.

II. **THE WEBB ESTIMATE SHOULD BE EXCLUDED BECAUSE IT INCLUDES BRAND NEW ITEMS OF DAMAGE NOT INCLUDED IN THE AMENDED CLAIM.**

Greenberg never sought to further amend his Claim to include new items of damages; in fact, to date he has failed to even file the Amended Claim. While the Amended Claim seeks approximately $30,000 to replace the flooring, the Webb Estimate seeks over $82,000 and adds brand new items of damages, based upon the premise that Greenberg must vacate the upper unit for 3-4 months so that the contractor can replace flooring in the lower vacant unit. Moreover, the Webb Estimate adds a 20% profit markup on all items, which makes no sense as to moving and cleaning expenses (which Webb would not pay for).

These brand new items of damages were not included in the Amended Claim and Greenberg should be prohibited from seeking them. Furthermore, there is absolutely no basis for the premise that (1) replacing this amount of flooring would take 3-4 months (would take a week, at most), and (2) Greenberg must vacate the upper unit where he lives so that the contractor can replace flooring in the lower vacant unit.

III. **THE WEBB ESTIMATE SHOULD BE EXCLUDED BECAUSE IT IS UNTIMELY AND WAS NOT PRODUCED BEFORE THE MAY 20, 2022 DISCOVERY DEADLINE.**

The Pre-Trial Order set a discovery cutoff of May 20, 2022. Counsel for Greenberg and PG&E agreed to extend the discovery deadline for Greenberg to take one deposition of PG&E

Manager Dustin Dear on May 24, 2022. Dodge Decl., ¶ 5. No other extensions were requested or agreed to. *Id*.

The Webb Estimate was emailed to PG&E on June 6, 2022, nearly three weeks past the May 20th discovery cutoff. Neither Webb nor his estimate was ever disclosed to PG&E while discovery was pending. Federal Rule of Civil Procedure 37(c)(1) provides that if a party provides untimely disclosures, it is not permitted to use that information or witness at trial, unless the failure was substantially justified or is harmless. In *Buonanoma v. Sierra Pac. Power Co.,* 2010 U.S. Dist. LEXIS 105300, 2010 WL 3724254, the Court relied upon Rule 37(c)(1) in excluding documents and witnesses from trial, rejecting Buonanoma's argument that the documents and witnesses assumed a greater significance immediately before trial and finding that Buonanoma's failure to identify documents and witnesses during discovery was neither substantially justified nor harmless. *Id*. at *9-10.

Even though Rule 26 preliminary disclosures were not in play here, the same rules of fundamental fairness apply. Besides being untimely, it is interesting to note that the Webb Estimate of $82,937.45 was provided following Greenberg's deposition, during which it became clear that Greenberg would be unable to prove his lost rent damages of $86,400.

**IV.    CONCLUSION**

It is patently unfair and unduly prejudicial to PG&E for Greenberg to substantively revamp and dramatically increase the cost to replace flooring three weeks before trial and nearly three weeks after discovery has closed. For the foregoing reasons, PG&E respectfully submits

///
///
///
///
///
///
///

that the Webb estimate should be excluded from the trial of this matter. Likewise, the testimony of Dennis Webb – who would simply testify about the estimate – should also be excluded.

June 21, 2022

Respectfully submitted,

KELLER BENVENUTTI KIM LLP

LAW OFFICES OF JENNIFER L. DODGE INC.

By: _____
Jennifer L. Dodge

Attorneys for Debtors and Reorganized Debtors