KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☒ Affects Pacific Gas and Electric Company<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTOR PACIFIC GAS AND ELECTRIC COMPANY'S MOTION IN LIMINE NO. 4 TO EXCLUDE INCREASED COST TO REPLACE FLOORING SOUGHT BY CLAIMANT TODD GREENBERG AT TRIAL OF CLAIM NO. 77335 (TODD GREENBERG)**<br><br>Trial: June 27, 2022<br>Time: 9:00 a.m. (Pacific Time)<br>Place: (Via Zoom Videoconference)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

In compliance with the Scheduling Order for Remote Trial entered by this Court on February 16, 2022 [Dkt. No. 11943], Pacific Gas and Electric Company (the "**Utility**"), as debtor and reorganized debtor ("**PG&E**" or "**Reorganized Debtor**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), with regard to Proof of Claim number 77335 (the "**Claim**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**"), pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), hereby files this Motion in Limine No. 4 to exclude the increased cost to replace flooring set forth in Greenberg's Amended Claim, based upon Greenberg's failure to mitigate damages by replacing the flooring in 2016, as well as the overstatement of costs to replace all flooring in the unit rather than just the kitchen.

In accordance with the Scheduling Order regarding Pre-Trial Objections and Motions in Limine, counsel for PG&E certifies that she has complied in good faith with the meet and confer requirements set forth therein and that she has met and conferred with counsel for Greenberg prior to filing this Motion in Limine. Declaration of Jennifer L. Dodge ("Dodge Decl."), ¶ 3.

Greenberg filed a motion to amend his claim in March 2022 [Dkt. No. 11992], which the Court tentatively granted at the hearing on the motion in April 2022. The Court's Order allowing Greenberg to amend his Claim was entered on May 12, 2022 [Dkt. No. 12375]. To date Greenberg has not filed the Amended Claim.

Greenberg's original claim made to PG&E in 2016 included City Carpet's $13,300 estimate to replace 660 square feet of the laminate flooring in the unit. PG&E Exhibit 2, Bates No. PGE0029. The Amended Claim increases the cost to replace the flooring to $30,456.25 ($24,365 City Carpets March 2021 estimate + 25% increase ($6,091.25)), more than doubling the 2016 estimate.[1]

Greenberg testified at his deposition that he decided not to replace the flooring in the lower unit in 2016 because he believed that submitting a claim to his insurance company would

---

[1] The City Carpets March 2021 estimate inflates the square footage from the 660 square feet set forth in the March 2016 estimate to 800 square feet, without explanation.

increase the risk of a higher premium or the policy being canceled.  See Deposition of Todd Greenberg attached as Exhibit A (pages 43-44) to Dodge Decl., ¶ 4.

CACI 3931 – Mitigation of Damages (Property Damage) – provides that a claimant is not entitled to recover damage for harm that could have been avoided with reasonable efforts or expenditures.  If Greenberg believed the flooring was damaged and PG&E was responsible, there is no reason why he could not have replaced the flooring in 2016 by submitting a claim to his insurance company and then seeking recovery of any increased premium from PG&E.  Greenberg's failure to do so was not reasonable.

Moreover, even though the refrigerator allegedly leaked in the kitchen, Greenberg never procured a bid to replace only the flooring in the kitchen.  The kitchen flooring is not at the same level as the other rooms in the unit; it is clearly segregated and could easily be replaced without replacing all of the flooring in the unit.  See photographs attached as Exhibit B to Dodge Decl., ¶ 5.  There are wood strips at the threshold of each doorway that separate the kitchen from the living room and bedrooms.  *Id*.  The kitchen is not more than half of the full size of the unit.

For the reasons set forth in its Trial Brief, PG&E vigorously denies any liability for this matter.  In the event that the Court reaches the issue of damages, however, PG&E respectfully submits that the maximum flooring expense to be considered should be $6,650, which is half of the 2016 City Carpet $13,300 estimate, based upon Greenberg's failure to mitigate damages and

///
///
///
///
///
///
///
///
///

the overstatement of costs to replace all flooring in the unit rather than simply the kitchen flooring.

June 21, 2022                               Respectfully submitted,


                                            KELLER BENVENUTTI KIM LLP

                                            LAW OFFICES OF JENNIFER L. DODGE INC.


                                            By: _____
                                                        Jennifer L. Dodge

                                            Attorneys for Debtors and Reorganized Debtors