KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☑ Affects Pacific Gas and Electric Company<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTOR PACIFIC GAS AND ELECTRIC COMPANY'S MOTION IN LIMINE NO. 5 TO EXCLUDE TESTIMONY REGARDING WORK AT 31 BOLINAS ROAD AND RELATED RECORDS (EXHIBITS I-O, Q-Z, AA-CC & EE) AT TRIAL OF CLAIM NO. 77335 (TODD GREENBERG)**<br><br>Trial: June 27, 2022<br>Time: 9:00 a.m. (Pacific Time)<br>Place: (Via Zoom Videoconference)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

In compliance with the Scheduling Order for Remote Trial entered by this Court on February 16, 2022 [Dkt. No. 11943], Pacific Gas and Electric Company (the "**Utility**"), as debtor and reorganized debtor ("**PG&E**" or "**Reorganized Debtor**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), with regard to Proof of Claim number 77335 (the "**Claim**") filed by Todd Greenberg ("**Greenberg**" or "**Claimant**"), pursuant to Section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), hereby files this Motion in Limine No. 5 to (1) exclude hearsay testimony of Greenberg regarding work being done at 31 Bolinas Road pursuant to Federal Rule of Evidence 802, and (2) to exclude testimony regarding the 31 Bolinas Road work and related Exhibits I-O, Q-Z, AA-CC and EE, as they are not relevant and would tend to confuse the issues, cause undue delay and waste time, pursuant to Federal Rule of Evidence 803.

In accordance with the Scheduling Order regarding Pre-Trial Objections and Motions in Limine, counsel for PG&E certifies that she has complied in good faith with the meet and confer requirements set forth therein and that she has met and conferred with counsel for Greenberg prior to filing this Motion in Limine. Declaration of Jennifer L. Dodge ("Dodge Decl."), ¶ 3.

## I. GREENBERG'S TESTIMONY REGARDING THE 31 BOLINAS WORK IS HEARSAY AND MUST BE EXCLUDED UNDER FRE 802.

Greenberg has focused his energy on the work that was done at 31 Bolinas Road by Veteran Power and argues in his Trial Brief that it must have caused some sort of power disruption while he was away on vacation. The Trial Brief states that Greenberg will testify that PG&E experienced difficulties and delays at the 31 Bolinas Road job and that Greenberg was told by crew members that the job caused outages, fluctuations and surges. [Dkt. No. 12517, p. 3] This testimony would constitute pure hearsay as it is being offered for its truth and must be excluded under Federal Rule of Evidence 802.

///
///
///
///

1

LAW OFFICES OF
JENNIFER L. DODGE INC.

## II. EVIDENCE REGARDING THE 31 BOLINAS JOB SHOULD BE EXCLUDED UNDER FRE 403 BECAUSE IT WOULD CONFUSE THE ISSUES, CAUSE UNDUE DELAY AND WASTE TIME.

Any evidence or testimony regarding the 31 Bolinas job should be excluded under Federal Rule of Evidence 403, because any probative value would be substantially outweighed by confusing the issues, undue delay and wasting time. The issue at hand is whether there was an outage on the electrical circuit that provides power to Greenberg's property. It is not work being done by a contractor at the neighboring property, to which Greenberg devotes the majority of his Trial Brief. Moreover, none of the many Veteran Power job documents Greenberg attaches as exhibits establishes that there was any interruption of power during the relevant time period.

Greenberg alleges that PG&E falsely claimed that no work was being done in Fairfax during the relevant time period. [Dkt. No. 12517, p. 3] This is simply not true; PG&E represented that "no work was being conducted by PG&E **on the San Rafael 1108 Circuit** (that provides power to 47 Bolinas Road) from February 14 to 21, 2016, the period during which Greenberg was out of town" (emphasis added) [Dkt. No. 12517, p. 2] Greenberg conflates work done on the electrical circuit with work done on the 31 Bolinas job. They are not the same thing. This is a perfect example of how Greenberg confuses the issues and demonstrates how evidence and testimony regarding the 31 Bolinas job will cause undue delay and waste time at trial.

Greenberg also argues that PG&E refused to produce daily work reports regarding the 31 Bolinas job so that an inference must be drawn that fuses were blown while Greenberg was away on vacation. [Dkt. No. 12517, p. 8] This is simply ridiculous and sheer speculation not supported by any evidence. PG&E contracted out the 31 Bolinas job to Veteran Power and did not prepare daily work reports.

///

///

///

2

Law Offices of
Jennifer L. Dodge Inc.

## III. CONCLUSION

For the foregoing reasons, PG&E respectfully submits that Greenberg's testimony regarding the 31 Bolinas work must be excluded, and that any evidence or testimony regarding the 31 Bolinas work, including but not limited to, Exhibits I-O, Q-Z, AA-CC and EE, should be excluded from the trial of this matter.

June 21, 2022                                            Respectfully submitted,

KELLER BENVENUTTI KIM LLP

LAW OFFICES OF JENNIFER L. DODGE INC.

By: _____
      Jennifer L. Dodge

Attorneys for Debtors and Reorganized Debtors