WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF TWENTY-FIRST SECURITIES CLAIMS OMNIBUS OBJECTION (DUPLICATE CLAIMS) RELATING TO CLAIM OF WILLIAM MCGOVERN IRA CHARLES SCHWAB CUSTODIAN** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **[Related to Docket Nos. 12149, 12398]** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: June 29, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**")[1] in the above-captioned chapter 11 cases, hereby submit this reply in further support of the *Reorganized Debtors' Twenty-First Securities Claims Omnibus Objection (Duplicate Claims)*, dated April 12, 2022 [Docket No. 12149] (the "**Objection**"), with respect to Claim No. 104029 (the "**Duplicate Claim**")[2] submitted by William McGovern IRA Charles Schwab Custodian (together with Karen McGovern,[3] the "**Claimant**"), and to address the informal inquiry received from the Claimant on April 14, 2022 (the "**Response**").[4]

## PRELIMINARY STATEMENT

On May 7, 2020, the Reorganized Debtors received the first claim filed by the Claimant: the Duplicate Claim, Claim No. 104029. *See* Slack Decl. Ex. A, at 1, 7. On May 14, 2020, the Reorganized Debtors received another, later-filed claim from the Claimant, Claim No. 104651 (the "**Surviving Claim**," and together with the Duplicate Claim, the "**McGovern Claims**").[5] *See* Slack Decl. Ex. B, at 1.

On September 12, 2021, in response to a separate omnibus objection directed to unauthorized bulk claims (*see* the *Reorganized Debtors' Twelfth Securities Claims Omnibus Objection (Unauthorized Bulk Claims)*, dated August 18, 2021 [Docket No. 11082] (the "**Twelfth Securities Claims Omnibus Objection**")), Diana Harrison, CPA, who filed the McGovern Claims on behalf of the Claimant, submitted a statement signed by the Claimant (the "**Signed Statement**")[6] stating that one of the McGovern Claims, Claim No. 104651, was a "DUPLICATE FILING" to the earlier filed

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Objection (defined herein) or the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, and exhibits thereto, dated January 25, 2021 [Docket No. 10015] (the "**Securities Claims Procedures Order**"), as applicable.

[2] The Duplicate Claim is attached as **Exhibit A** to the *Declaration of Richard W. Slack in Further Support of Reorganized Debtors' Twenty-First Securities Claims Omnibus Objection (Duplicate Claims)* (the "**Slack Declaration**"), filed contemporaneously herewith.

[3] Karen McGovern is the designated contact for the McGovern Claims (as defined herein) and has previously been in communication with the Reorganized Debtors regarding the McGovern Claims (as defined herein).

[4] The Response is attached as **Exhibit D** to the Slack Declaration.

[5] The Surviving Claim is attached as **Exhibit B** to the Slack Declaration.

[6] The Signed Statement is attached as **Exhibit C** to the Slack Declaration.

Claim No. 104029. *See* Slack Decl. Ex. C, at 2.[7] There is little question that the two McGovern Claims are, in fact duplicates. The McGovern Claims were filed by the same Claimant against the same Debtor and in the exact same claim amounts ($1021.05). *Compare* Slack Decl. Ex. A with Ex. B. Moreover, the underlying transaction information provided with each of the McGovern Claims or thereafter in response to requests for trading data are identical in terms of the (i) type of the trade, *i.e.*, a purchase, sale, or etc.; (ii) class of the security traded; and (iii) quantity of the security traded. *See* Obj. III; Hughes Decl. ¶ 6.

On April 12, 2022, the Reorganized Debtors filed the Objection, listing the Duplicate Claim as among those to be disallowed and expunged. To avoid multiple recoveries by the same claimant on the same asserted liability, the Reorganized Debtors requested that the Court disallow and expunge the Duplicate Claim in its entirety. *See* Obj. IV.A. The Surviving Claim will remain on the claims register, subject to the Securities Claims Procedures Order, as well as potential further objections. *See id*.

The Claimant never formally responded to the Objection. Instead, the Claimant sent informal emails to Kroll Restructuring Administration LLC (formerly known as Prime Clerk LLC) ("**Kroll**") requesting that they contact Ms. Harrison, who the Claimant contended was "taking over managing this matter for us." *See* Slack Decl. Ex. D. In the Response, the Claimant did not address any of the issues raised in the Objection. *See id*.

In an effort to reach a consensual resolution of the Response, counsel for the Reorganized Debtors repeatedly attempted to contact both the Claimant and Ms. Harrison by telephone and email. *See* Slack Decl. Ex. E, F.[8] The Reorganized Debtors also adjourned the hearing with respect to the Duplicate Claim to June 29, 2022 to allow more time to try to contact either the Claimant or Ms. Harrison. *See Notice of Continued Hearing with Respect to One Claim in the Reorganized Debtors' Twenty-First Securities Claims Omnibus Objection (Duplicate Claims)*, dated May 17, 2022 [Docket No. 12398]. To date, however, neither the Claimant nor Ms. Harrison has responded to the emails by counsel for the

---

[7] Upon the receipt of the Signed Statement in response to the Twelfth Securities Claims Omnibus Objection, the Reorganized Debtors withdrew the Twelfth Securities Claims Omnibus Objection as it relates to the McGovern Claims.

[8] The Reorganized Debtors' reply email, dated May 10, 2022, and follow-up emails, dated May 13, 2022 through May 24, 2022, are attached to the Slack Declaration as **Exhibit E** and **Exhibit F**, respectively.

Reorganized Debtors, much less substantively responded to the Objection or provided any information that attempts to establish a defense to the Objection. *See* Slack Decl. Ex. D, E, F. Therefore, the Duplicate Claim should be disallowed and expunged in its entirety while leaving the Surviving Claim intact subject to future objection.

## ARGUMENT

The Duplicate Claim should be disallowed and expunged because it is duplicative of the later-filed Surviving Claim. As set forth in the Objection, the Reorganized Debtors and Kroll reviewed both the Claimant's proofs of claim and the underlying transaction information provided with the proofs of claim or thereafter in response to requests for trading data. *See* Obj. III, IV.A; Hughes Decl. ¶ 5–6. Based on such review, the McGovern Claims not only are filed by the same claimant against the same Debtor and in the same claim amount, but also are supported by the same purchase or sale transactions of the same PG&E equity security in the same quantity. *See* Slack Decl. Ex. A, B; Obj. III; Hughes Decl. ¶ 6. Furthermore, the Signed Statement concedes that the two McGovern Claims are the result of a "DUPLICATE FILING." *See* Slack Decl. Ex. C, at 2.

The Court has previously disallowed and expunged claims that are duplicative of other claims, and the Court should once again do so here. *See Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Twenty-First Securities Claims Omnibus Objection (Duplicate Claims)*, dated May 18, 2022 [Docket No. 12422].

Pursuant to Bankruptcy Rule 3007(d)(1), objections to more than one claim may be joined if the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because they duplicate other claims. *See* Obj. IV.A. The Duplicate Claim appears to duplicate the Surviving Claim. Accordingly, the Duplicate Claim is appropriately subject to the Objection and should be disallowed and expunged pursuant thereto. *See id*. To avoid multiple recoveries by the same claimant on the same asserted liability, the Duplicate Claim should be disallowed and expunged in its entirety.

# CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court enter an order disallowing and expunging the Duplicate Claim.

Dated: June 22, 2022

          **WEIL, GOTSHAL & MANGES LLP**
          **KELLER BENVENUTTI KIM LLP**

          By: */s/ Richard W. Slack*
                  Richard W. Slack

          *Attorneys for Debtors and Reorganized Debtors*