**Entered on Docket
June 23, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 23, 2022

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND MARSH LANDING LLC WITH RESPECT TO PROOF OF CLAIM NOS. 2026 AND 74870**

**[Related to Docket Nos. 2896 and 10673]**

The Court having considered the *Stipulation By and Between Reorganized Debtors and Marsh Landing LLC With Respect to Proof of Claim Nos. 2026 and 74870* (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Marsh Landing LLC ("**Claimant**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, filed on June 21, 2022 [Docket No. 12526]; and, pursuant to such Stipulation of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Marsh Landing Claims (Proofs of Claim No. 2026 and 74870) are hereby deemed withdrawn without prejudice in all respects as to the claims specified therein and the treatment afforded to such claims under the Plan and applicable orders of this Court.

2. The 503(b)(9) Objection, solely with respect to the 503(b)(9) Claim, shall be deemed withdrawn without prejudice.

3. The Seventy-Ninth Omnibus Objection, solely with respect to the Marsh Landing Claims, shall be deemed withdrawn without prejudice.

4. The Stipulation shall be binding on the Parties and each of their successors in interest.

5. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersede all prior agreements and understandings relating to the subject matter thereof.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the Stipulation.

| | |
|---|---|
| 1 | APPROVED AS TO FORM AND CONTENT: |
| 2 | |
| 3 | Dated: June 21, 2022 |
| 4 | SHEARMAN & STERLING LLP |
| 5 | |
| 6 | */s/ Ian Roberts* <br> Ian Roberts |
| 7 | *Attorneys for Marsh Landing LLC* |
| 8 | |
| 9 | *** END OF ORDER *** |