Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone:    (415) 399-1015
Facsimile:    (415) 651-9004
*Rich@TrodellaLapping.com*

Attorneys for Todd Greenberg

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**CREDITOR TODD GREENBERG'S RESPONSE TO MOTIONS IN LIMINE**<br><br>[Related to Dkt. Nos. 9455, 9646]<br><br>Date:   June 27, 2022<br>Time:  9:00 a.m.<br>Courtroom 17 - Video<br>Judge: Hon. Dennis Montali |

     Creditor Todd Greenberg ("Greenberg") hereby submits his response to the various motions in limine filed by PG&E.

### 1. Dennis Webb Construction Estimate

     Counsel did not receive the Dennis Webb Construction estimate until June 6, 2022 and sent it to Jennifer Dodge the same day.  (Declaration of Richard A. Lapping, Para. 2.)  The amended claim, which has now been filed, states that "all amounts are estimates and subject to updating according to proof."  (Id., Exhibit A.)

     Dennis Webb will testify to the necessity of the cost items in the estimate.

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

### 2. Damages for Lost Rent

Greenberg will testify that when the damage occurred to the lower unit, he was occupying it as a tenant. As indicated in the Dennis Webb Construction estimate, had the unit been occupied at the time of repairs, it would need to be vacated for three to four months. Greenberg moved out because, despite the PG&E refrigerator/power related flooring damages claim being still unresolved and the material flooring repairs and related costs unfunded, he was seeking to minimize the losses as soon as possible. As soon as the upstairs unit was sufficiently renovated, he moved upstairs, with the hope that he could rent out the lower unit in "as is" condition, while waiting for the PG&E claim to be resolved in Court.

Despite significant best efforts to rent out the lower unit and even offering it at undermarket rates hundreds of dollars less than what Zillow indicated it should rent for, it did not rent despite people liking it and liking Greenberg, in part because of the PG&E construction damages affecting the driveway and the uncertainty of what repairs and restoration would involve. Greenberg believes that people do not like to have their home living environment be uncertain and they do not like living in a construction zone.

Whether Greenberg, as tenant had to move out to at some point commence repairs, or if the unit had been rented to another tenant, that tenant would have had to move out to do the repairs. Either way, a move out, storage, and short term rental, and move back costs would be required. PG&E should not receive a windfall by being able to reduce the damages calculation based on Greenberg's decision to voluntarily move out.

### 3. Increased Costs and Mitigation of Damages

PG&E cites to CACI 3931 to support an argument that Greenberg could have mitigated his damages by submitting the claim to his insurer. However, this argument runs afoul of the collateral source rule, which is aptly summarized in one of the cases cited by CACI 3931:

> The collateral source rule provides that where an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor. . . . The rule has been oft repeated to provide that where a person suffers property damage, the amount of damages shall not be reduced by the receipt by him of payment for his loss from a source wholly independent of the person who caused the injury.

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

1  *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 40 (1993). Thus, had Greenberg submitted his property

2  damage claim to his insurer, which he was advised by his insurance broker not to do, it would not

3  have reduced the amount of damages for which PG&E is liable. Moreover, CACI 3931 points out

4  a qualifier to the rule in the second paragraph of the jury instruction.

5       You should consider the reasonableness of [name of plaintiff]'s efforts in
        light of the circumstances facing [him/her/nonbinary pronoun] at the time,
6       including [his/her/nonbinary pronoun] ability to make the efforts or
        expenditures without undue risk or hardship.
7

8  Greenberg will testify that he was unable at the time to fund the repairs.

9       Finally, PG&E's citation to "PG&E Exhibit 2, Bates No. PGE0029" on page 2, lines 19-20

10 refers to a City Carpets estimate that is not found in the exhibit. The motion should be denied.

11     **4.  Compensation of Greenberg for Time Lost**

12     PG&E, citing no authority, contends that Greenberg should not be compensated for his

13 time. Greenberg claims damages under California Civil Code section 3300 according to proof.

14 While not directly on point, in *Malinson v. Black*, 83 Cal. App. 2d 375, 381 (1948), plaintiff was

15 appropriately awarded damages for loss of use of a car: "It is the general rule that even though a

16 car be used only for pleasure, the owner is entitled to damages for loss of use, despite failure of

17 the owner to hire another car to take the place of the injured vehicle." Id.

18     This matter can and should be left to the sound discretion of the Court as trier of fact.

19     **5.  Exclusion of Evidence Regarding Work at 31 Bolinas Road**

20     PG&E proposes exclusion of the 31 Bolinas Road construction evidence because it

21 confuses the issue, as PG&E again presents it, of "whether there was an outage." As Greenberg

22 points out in his Trial Brief, the issue is whether there was an electrical surge, which can occur

23 following an outage but also for the other reasons identified and admitted by PG&E in Exhibits E

24 and F. This is a critical distinction and the Court will be able to sort this out without confusing the

25 issues.

26     What is most remarkable is PG&E's explanation of why it did not falsely claim that no

27 work was being done in Fairfax during the relevant time period. To understand the context, the

28 Court should review the discovery responses on this point. Greenberg propounded the following

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

interrogatories to PG&E and received the following responses. (*See* Exhibit B to Declaration of Richard A. Lapping.)

**INTERROGATORY NO. 3:**

DESCRIBE any and all facts RELATING TO any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or subcontractor of or under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

. . . The Exhibit List attached to Greenberg's Proof of Claim No. 77335 seeks damages allegedly caused by "PG&E power outages and surges which occurred when PG&E crews were installing 3 phase 480 volt power at 31 Bolinas Rd, the commercial complex/restaurant next door to our 47 Bolinas Rd, Fairfax location." 31 Bolinas Road, Fairfax, California is located on PG&E Circuit San Rafael 1108. PG&E does not have any records of a planned or unplanned outage at this circuit or the transformer it served during the dates of February 12 to February 22, 2016. At this location, there was an ongoing project to install a new 600 amp 120/240V 3 phase service which included the install of a new transformer. PG&E's records indicate one clearance for a planned outage to energize the new facilities on the evening of March 16 to the morning of March 17, 2016.

**INTERROGATORY NO. 4:**

IDENTIFY any and All DOCUMENTS RELATING TO any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or subcontractor of or under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

. . . PG&E identifies the following DOCUMENTS, all of which are confidential in nature: February 2016 North Bay Outage Calendar; February 9, 2016 Switching Log; February 9, 2016 Planned Outage Detail; February 23, 2016 Transformer Outage Request; and February 29, 2016 Switching Log.

Greenberg also propounded the following document demands to PG&E and received the following responses. (*See* Exhibit C to Declaration of Richard A. Lapping.)

**REQUEST FOR PRODUCTION NO. 1:**

Any and All DOCUMENTS showing, scheduling, or evidencing any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

subcontractor of a PERSON under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

. . . PG&E will produce DOCUMENTS responsive to this Request in its possession, custody or control.

No documents referencing any activities of Veteran Power were identified or produced, even though they were clearly called for by the interrogatories and the document requests. (Lapping Declaration, Para. 5.) Only the five documents identified in its response number 4 were produced. (Id.) PG&E's clever deception by inserting the concept of "PG&E Circuit San Rafael 1108" into its response as if the Circuit were a synonym for the Town of Fairfax and rerouting its response to avoid dislosing the extensive work done by its subcontractor, Veteran Power, should not be accepted as an explanation by this Court.

In essence, PG&E, hiding behind its own selected jargon, made a judicial admission in its Supplemental Objection (Greenberg Exhibit C) that "that no work was conducted by PG&E on the San Rafael 1108 Circuit at any point between February 14 and 21, 2016." Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court. *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988). Generally, judicial admissions are treated as conclusively binding on the party who made them in the remaining court proceedings in the trial court and on appeal. *Id.*

Having made the judicial admission that it was doing no work during the relevant time period, it cannot now rely on Tariff 14, which provides, as PG&E summarizes it in its Trial Brief at pp. 6-7:

> Paragraph 4 of Electric Rule No. 14 provides that PG&E "maintains the right to interrupt its service deliveries, without liability to the Customers or electric service providers (ESPs) affected, when, *in PG&E's sole* opinion, such interruption is necessary for . . . [m]aintenance, improvements, repairs, or expansion of PG&E's distribution system."

(Emphasis in original.) If, as PG&E has admitted, it was not doing any work in Fairfax or on the PG&E Circuit San Rafael 1108 during the relevant period, how can it now claim that it formed an

opinion that an interruption was necessary for nonexistent maintenance, improvements, repairs, or expansion of PG&E's distribution System? It cannot. And having committed to a judicial admission, it cannot now contend that Veteran Power's work falls under Tariff 14, because according to PG&E, Veteran Power was never there at the relevant time.

PG&E's motion to exclude evidence of 31 Bolinas Road activity must be denied.

Respectfully submitted.


Dated: June 24, 2022               TRODELLA & LAPPING LLP


By:    /s/ Richard A. Lapping
              Richard A. Lapping
              Attorneys for Todd Greenberg

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133