Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone:   (415) 399-1015
Facsimile:   (415) 651-9004
*Rich@TrodellaLapping.com*

Attorneys for Todd Greenberg

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF RICHARD A. LAPPING IN SUPPORT OF CREDITOR TODD GREENBERG'S RESPONSE TO MOTIONS IN LIMINE**<br><br>[Related to Dkt. Nos. 9455, 9646]<br><br>Date:   June 27, 2022<br>Time:  9:00 a.m.<br>Courtroom 17 - Video<br>Judge: Hon. Dennis Montali |

I, Richard A. Lapping, declare as follows:

1.      I am an attorney at law duly admitted to practice in the State of California and this Court.  I am a member of Trodella & Lapping LLP, attorneys for Creditor Todd Greenberg ("Greenberg").  I make this declaration in support of Greenberg's Response to Motions in Limine filed by PG&E.  The facts stated herein are personally known to me and if called as a witness, I could and would testify competently thereto.

2.      I first received the Dennis Webb Construction estimate, Exhibit QQ, on June 6, 2022

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

1  and forwarded a copy of it to Jennifer Dodge the same day.

2      3.    Attached as Exhibit A is a true and correct copy of **PACIFIC GAS AND**

3  **ELECTRIC COMPANY'S RESPONSES TO CREDITOR TODD GREENBERG'S**

4  **INTERROGATORIES, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD**

5  **GREENBERG)** which contains both the text of the interrogatories and the text of the responses.

6      4.    Attached as Exhibit B is a true and correct copy of **PACIFIC GAS AND**

7  **ELECTRIC COMPANY'S RESPONSES TO CREDITOR TODD GREENBERG'S**

8  **REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY**

9  **STORED INFORMATION, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD**

10  **GREENBERG)** which also contains both the text of the requests for production and the text of

11  the responses.

12      5.    The only documents that I received from PG&E in response to the document

13  requests are the five documents referenced in PG&E's response to Interrogatory No. 4 in Exhibit

14  A. At no time did PG&E ever produce to me any documents concerning the work of Veteran

15  Power, Inc. occurring in the Town of Fairfax during February, 2016.

16      I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct. Executed at San Francisco, California on June 24, 2022.

18

19                 /s/ Richard A. Lapping
                 Richard A. Lapping

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Todd Greenberg

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| See attached | |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____ / ____ / _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

Case: 19-30088    Doc# 12550-1    Filed: 06/24/22    Entered: 06/24/22 12:48:25    Page 4 of 41

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ See Attached

**. Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**      $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *See Attached*

See Attached (Jun 21, 2022 16:37 PDT)

**Email:** rich@trodellalapping.com

_____
Signature

Print the name of the person who is completing and signing this claim:

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State          ZIP Code

Contact phone _____          Email _____

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
   **(attach below)**

☐ **I do _not_ have supporting documentation.**

 **Attachment**

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

| UNITED STATES BANKRUPTCY COURT  Northern District of California | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: | Case Number: |
|---|---|
| Pacific Gas & Electric Company | 19-30088 (DM) |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Todd Greenberg

**COURT USE ONLY**

Name and address where notices should be sent:
Todd Greenberg
47 Bolinas Road, Unit A
Fairfax, CA 94930

Telephone number: (415) 271-2727    email:

☑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** 77335
  (*If known*)

Filed on: 10/21/2019

Name and address where payment should be sent (if different from above):




Telephone number:            email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $              123,456.74

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attachment
  (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:** | **3a.  Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate**_____%  ☐Fixed  or  ☐Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**    $_____

**Amount Unsecured:**    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$_____

*\*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                        or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  **Todd Greenberg**
Title:  _____
Company:  _____        **/s/  Todd Greenberg**                                    03/04/2022
Address and telephone number (if different from notice address above):        (Signature)                                    (Date)
_____
_____
_____
Telephone number: _____        email: _____

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**_____DEFINITIONS_____**   **_____INFORMATION_____**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Attachment to Amendment of Claim No. 77335 – Todd Greenberg**

Greenberg claims damages to his refrigerator, its contents, and an interior floor, located in the downstairs flat in a building owned by Greenberg's family at 47 Bolinas Road, Fairfax, CA 94930. Greenberg lived in this flat at the time of the incident, but has sinced moved into the upper unit.

The damage to Greenberg's refrigerator occurred sometime between February 14, 2016 and Febuary 21, 2016, when Greenberg's entire family was away on vacation for Greenberg's father's 80th birthday. During this time, electrical power fluctuations—including outages followed by surges—caused the starter relay in the refrigerator and freezer to fail, as diagnosed by the Appliance Repair Doctor of Alameda, California. This failure, while not affecting other refrigerator mechanicals, prevented the refrigerator and freezer from functioning, and everything inside melted and spoiled, and then leaked onto the slightly outward sloping floor, so it spread across the entire kitchen. Upon Greenberg's return home, he discovered the horrible spoiled melted food mess and delaminated flooring.

The appliance repair company replaced the refrigerator compressor starter relay, which had been burnt out by a power surge or fluctuation beyond permitted ranges that could only have been caused by PG&E. The damages that Greenberg incurred as a result of PG&E's activities include the loss of the contents of Greenberg's refrigerator and freezer, significant damage to the laminate floor, subfloor, and underlayment in the downstairs kitchen, which needs to be replaced, and other costs including lost rental income and relocation costs for Greenberg to move into the other unit, according to proof.

The components of Greenberg's damages are:

| | | |
|---|---|---:|
| Repair Refrigerator  (Attached Exhibit 1) | $ | 288.51 |
| Cleanup spoiled food | $ | 225.00 |
| Cleaning - Oriental area rug | $ | 168.00 |
| Replacement cost of spoiled food (Exhibit 2) | $ | 918.98 |
| Cost to repair damage to floor and subfloor (Exhibit 3) | $ | 24,365.00 |
| Flooring cost: Estimated increase since estimate (25%) | $ | 6,091.25 |
| Rental costs | | |
| Monthly rental cost for damaged downstairs unit | $3,600.00 | |
| Rental period | 24 months | |
| Total Lost Rent | $ | 86,400.00 |
| Time off work to deal with cleanup and contractors | 5 days | $ | 5,000.00 |
| | | |
| **Total Damages** | **$** | **123,456.74** |

All amounts are estimates and subject to updating according to proof.

EXHIBIT 1

**THE APPLIANCE REPAIR DOCTOR**

# The Appliance Repair Doctor

2363 Mariner Square Drive, Suite 141
Alameda, CA 94501
(888) 462-5488
cs@theappliancerepairdoctor.com
the appliance repair doctor

Invoice No.**102621**
Bus # **A46541**
Time Frame **4-7**
Service Date **02/25/2016**
Technician(s):**Dr Garandza**
Appointment Type:**Service_Call**

| Customer: | Contact Details: | Service Location: |
|---|---|---|
| **Fidelity Home Warranty** | **Todd Greenberg** | 47 Bolinas Rd Unit #A |
| 47 Bolinas Rd Unit #A | (C) (415) 271-2727 | Fairfax, CA 94930 |
| Fairfax, CA 94930 | (W) (800) 208-3151 | |
| | tgreenberg@mycom.marin.edu | |

Description:
Compressor not run. Need to replace start assambly. Also many shelfs crispers and rails broken.

KS886288

| Qty | Approved Items Details | Unit Price | Price |
|---|---|---|---|
| 1.00 | repair | $240.00 | $240.00 |
| 1.00 | compressor start aasambly | $44.50 | $44.50 |
| 1.00 | Service_Call | $0.00 | $0.00 |

| Equipment Name | Model Number | Serial Number |
|---|---|---|
| refrigerator LG free standing. side by side. kitchen | LRSC26922TT | 404KRDJ00762 |

| | |
|---|---|
| **Subtotal:** | **$284.50** |
| **Tax:** | **$4.01** |
| **Total:** | **$288.51** |
| **Total Due:** | **$288.51** |

Recommendation
shelfs. rails. crispers. if covered. see picture attached. $619.89

Customer Invoice signature:

Customer Estimate signature:

By signing I authorize service repair to be performed at the price quoted and understand that the service call and deposit (if applicable) are non-refundable. The Appliance Repair Doctor will always do their best to leave their work place as clean as it was before. I also understand that some jobs require moving appliances around. By signing below I acknowledge that The Appliance Repair Doctor and their technicians will not be held liable for damage done to floors, walls, etc. The Appliance Repair Doctor will guarantee only the parts which were replaced or repaired and only for the number of days stated below. No other parts of the appliance will be included in the warranty. If a repair was completed without replacing a part, the amount that was paid is non-refundable. It can only be credited towards any replacement parts (if applicable) and labor. Consequential damages, incidental expenses, including water damage and food spoilage are not covered. There is no warranty for parts provided by any source other than The Appliance Repair Doctor. If a part is provided by an outside source, The Appliance Repair Doctor cannot guarantee work and refunds cannot be provided on labor. The warranty is not transferable. Payment terms: all payments are due upon receipt of invoice. if job was canceled less than 24 hours after diagnose, %25 restocking fee will apply . Warranty will be automatically void if production of the replaced part is discontinued by the manufacturer. The warranty is as follows: 90 day labor warranty and 1 year part warranty.

"An estimate as required (Section 9844 of the California Business and Professions Code) for repairs shall be given to the customer by the service dealer in writing, and the service dealer may not charge for work done or parts supplied in excess of the estimate without prior consent of the customer. Where provided in writing, the service dealer may charge a reasonable fee for services provided in determining the nature of the malfunction in preparation of a written estimate for repair. For information contact the Bureau of Electronics and Appliance Repair, Department of Consumer Affairs, Sacramento 95814."

EXHIBIT 2                Page 1 of 3

PG&E Spoiled Food Claim
Customer: Todd Greenberg
Customer Acct # 2431441211-5
Address: 47 Bolinas Rd. Unit B, Fairfax, CA 94930
Phone: 415-271-2727

| Confirmed in Pictures | Food List Grouped by Categories | Price |
|---|---|---|
| | **Beverages** | |
| √ | Coconut Beach Water 12 pk | $39.95 |
| √ | FRS Healthy Energy 32 oz | $36.94 |
| √ | Smart Juice Organic Super Fruit 7 | $7.99 |
| √ | Minute Maid Orange Juice | $2.50 |
| √ | Horizon Organic Milk | $5.79 |
| √ | Vanilla Walnut Milk X2 | $11.98 |
| √ | Trader Joes Jalapeno Limeade | $2.99 |
| √ | Santa Cruz Lime Juice | $2.69 |
| √ | Tropicana Lemonade | $2.99 |
| √ | Izze Sparkling Juice 4pk | $4.79 |
| √ | Tazo Chai Latte | $3.99 |
| √ | Almond Milk x3 | $5.97 |
| | Bolthouse Smoothies Large X2 | $10.00 |
| √ | Tomato Juice | $3.49 |
| √ | GoldenTiger Juice x 3 | $14.59 |
| | **Dairy** | |
| √ | The Happy Egg | $4.99 |
| √ | Organic Hen Eggs | $4.49 |
| √ | Tillamook Butter X2 | $4.99 |
| √ | Finlandia Imported Butter X2 | $8.10 |
| √ | Butter Sticks | $2.49 |
| √ | Petaluma Farm Eggs | $5.49 |
| | **Produce** | |
| √ | Melons x2 | $7.00 |
| √ | Misc Fresh Fruit | $10.00 |
| √ | Fresh Mushroom Pack X2 | $5.58 |
| √ | Avocado | $2.00 |
| | **Bakery** | |
| √ | LaTotilla Factory Tortillas | $3.98 |
| √ | San Luis Sourdough bread | $5.48 |
| √ | Tarder Joes Sprouted Rasin Bread | $3.98 |
| √ | Grain Bread | $4.99 |
| √ | Miltons Bread | $4.99 |
| √ | Trader Joe's Multigrain Bread | $4.00 |
| √ | Trader Joe's Pizza Crust | $4.99 |

EXHIBIT 2                    Page 2 of 3

## Sauces/Condiments

| | | |
|---|---|---|
| √ | Ketchup Del Monte | $1.49 |
| √ | Ssamjang Dip | $5.72 |
| √ | Porcini Cream | $5.99 |
| √ | La Caifornia Mole Verde | $5.66 |
| √ | Soy Vay Teriyaki Sauce | $3.99 |
| √ | Piquillo Pepper Spread | $9.01 |
| √ | Sriracha Hot Sauce | $3.99 |
| √ | Tapatio Sauce | $1.49 |
| √ | Kona Coast Sauce | $5.00 |
| √ | Kang'S Korean BBQ | $5.99 |
| √ | Goya | $2.99 |
| √ | Spare Rib Sauce | $4.99 |
| √ | Chili Pepper | $3.49 |
| √ | Chili Sauce | $3.79 |
| √ | Organic Mills Ranch Dressing X2 | $9.00 |
| √ | Soy Vay Misc. Sauces X3 | $20.94 |
| √ | Santa Fe Verde Sauce | $6.95 |
| √ | Cocktail Sauce | $2.99 |
| √ | Melinda Sauce x2 | $9.14 |
| | IGA Tomato Sauce | $3.49 |
| √ | Fischer and Weiser Raspberry Sauce | $14.95 |
| √ | Sweet and Sour Sauce | $7.95 |
| √ | Misc Sauces | $25.00 |
| √ | Roman Brushetta | $4.99 |
| √ | Better Than Bouillan X2 | $4.98 |
| √ | Scarpetta X2 | $9.94 |
| √ | Smoky Sauce | $2.99 |
| √ | Worcestier Sauce | $2.59 |
| √ | Flax Oil | $7.99 |
| √ | Knott's Jalapeno Mint Jelly | $7.95 |
| √ | Hamajan Sauce | $12.95 |
| √ | 2 Jars HomeStyle Dill Pickles | $14.89 |

## Deli Drawer/Cheeses/Misc

| | | |
|---|---|---|
| √ | Olives Jar X2 | $6.98 |
| √ | Trader Joes Marinated Olive Duo | $6.99 |
| √ | Nova Smoke Salmon | $7.99 |
| √ | Fontina Cheese | $7.49 |
| √ | Castello Cheddar Cheese | $4.50 |
| √ | Peppercorn Cheese | $5.79 |
| √ | Double Crème White Cheese | $6.99 |
| √ | Havarti Cheese | $9.49 |
| √ | Swiss Cheese | $5.69 |
| √ | Whole Foods Cheese | $5.00 |
| √ | Sicilan Jack Cheese x2 | $6.98 |
| √ | Asiago Cheese | $5.49 |

EXHIBIT 2                                                    Page 3 of 3

| | | |
|---|---|---|
| √ | Parmesan Cheese | $3.99 |
| √ | Philadelphia Cream Cheese X3 | $6.00 |

## Prepackaged and/or Frozen Foods

| | | |
|---|---|---|
| √ | Kozy Shack Rice Pudding X2 | $6.98 |
| √ | Trader Joes Goat Cheese Ravioli | $2.99 |
| √ | Aidells Carmelized Onion Burger | $5.19 |
| √ | Bourbon Brothers Chile Verde | $7.99 |
| | 5lbs Wild Salmon steaks | $110.00 |
| | Misc Frozen meats | $65.00 |
| | Misc Frozen fish | $55.00 |
| | Misc. Ice Cream | $12.00 |
| | Misc. Frozen Fruit | $15.00 |
| | Misc. Frozen Vegetables | $10.00 |
| | Misc. Frozen Pizza | $12.00 |
| | Misc. Frozen Meals | $50.00 |
| | **Total** | **$918.98** |

EXHIBIT 3



555 E. Francisco Blvd.
San Rafael, Ca 94901
t-415.454.4200
f-415.454.4272

March 24, 2021

Todd Greenberg
47 Bolinas Rd. Unit A
Fairfax, CA

Dear Todd,

Thank you for choosing City Carpets for your flooring project. Sorry about the water damage you've been dealing with for the past few years. Unfortunately, all the prices has had price increases. The following is an estimate I have prepared for you to replace your water damaged flooring:

| | |
|---|---:|
| Pull-up and dispose of existing laminate in all existing water damage areas | $2,090.00 |
| Replacing water damage underlayment plywood to level floors | $5,280.00 |
| Installation of 3 in 1 moisture barrier underlayment | $1,320.00 |
| Pull up existing water damage wall base and trims and replace with new wall base & trims | $3,080.00 |
| Move appliances and furniture | $660.00 |
| Price for materials & installation of new floors with same quality (800 sf including overage) | $11,935.00 |
| **Total price for all materials mentioned above, labor and sales tax** | $24,365.00 |

**\*\*Prices are valid through April 15, 2021, new price increase will go in effect\*\***
**Due to the manufactures production dates and our installation schedule, it will take 6-8 weeks to get the material and get you on the installation schedule.**

*We are not responsible for unknown or unforeseen conditions under the existing flooring that may delay or increase the cost of work. If additional work is required due to such conditions, a revised estimate and/work order including any changes in scope and cost of the proposed work will be provided to the customer.*

Please sign below to acknowledge you have read and understand the above listed prices and descriptions. We require a signature and deposit prior to materials being ordered.

Signature: _____ Date: _____

Sincerely,

Hossein Bakhtiari




# Electronic Proof of Claim_ESPCX27386[[CSLT# 4025#CF]]

**Final Audit Report** 2022-06-21

| | |
|---|---|
| Created: | 2022-06-21 |
| By: | Kroll (efiling@ra.kroll.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAupvZhcv9kGakw6kSzYqjpHMyw-o-kbiB |

## "Electronic Proof of Claim_ESPCX27386[[CSLT#4025#CF]]" History

📄 Web Form created by Kroll (efiling@ra.kroll.com)
2022-06-21 – 11:16:02 PM GMT

📎 See Attached (rich@trodellalapping.com) uploaded the following supporting documents:
📎 Attachment
2022-06-21 – 11:37:54 PM GMT

📄 Web Form filled in by See Attached (rich@trodellalapping.com)
2022-06-21 – 11:37:54 PM GMT- IP address: 70.142.147.201

✍️ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/102.0.0.0 Safari/537.36)
2022-06-21 – 11:37:56 PM GMT- IP address: 70.142.147.201

✅ Agreement completed.
2022-06-21 – 11:37:56 PM GMT

**KROLL** Powered by Adobe Acrobat Sign

**EXHIBIT B**

Jennifer L. Dodge, Esq., (SBN 195321)
LAW OFFICES OF JENNIFER L. DODGE INC.
2512 Artesia Blvd., Suite 300D
Redondo Beach, CA 90278
T: (310) 372-3344
F: (310) 861-8044
jdodgelaw@jenniferdodgelaw.com

Attorney for PACIFIC GAS AND
ELECTRIC COMPANY

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>            Debtors.<br><br>    Affects PG&E Corporation<br>X  Affects Pacific Gas and Electric Company<br>    Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088(DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSES TO CREDITOR TODD GREENBERG'S INTERROGATORIES, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD GREENBERG)** |

## RESPONSES TO INTERROGATORIES, SET ONE

PROPOUNDING PARTY:   CREDITOR TODD GREENBERG

RESPONDING PARTY:   DEBTOR PACIFIC GAS AND ELECTRIC COMPANY

SET NO.:                      ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Debtor Pacific Gas and Electric Company ("PG&E") hereby responds to the first set of Interrogatories served by Creditor Todd Greenberg ("Greenberg") as follows:

## PRELIMINARY STATEMENT

This response is based upon PG&E's understanding and perception of the nature and type of information requested, and upon the information presently known and available to PG&E and its counsel of record.  PG&E has not completed its investigation or analysis of the facts and issues relating to this case, has not completed discovery, and has not completed preparation for trial.  There may be other information or documents of which PG&E will become aware, or which will come into its possession at a later time, which may relate to these responses.  Good faith efforts have been made to identify and obtain the information responsive to these form interrogatories.

PG&E makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:  (1) the right to produce, or object to production of, evidence of subsequently discovered information, documents, or interpretations thereof, and/or to supplement, edit, revise, modify, change or amend this response and any inadvertent errors or omission which may be contained herein, in light of any new information, which PG&E or its attorney may subsequently acquire or discover; (2) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any of the information or documents produced hereunder or the subject matter thereof; (3) the right to object on any ground to the use of information or documents produced hereunder or the subject matter thereof, at any trial or hearing in this case or in any related or

subsequent action or proceeding; and (4) the right to object on any ground at any time to a demand for further responses.

The Preliminary Statement is specifically incorporated by reference as though fully set forth in each response to the interrogatories below.

**INTERROGATORY NO. 1:**

DESCRIBE any and all facts RELATING TO PG&E Claim #A16108833 47 Bolinas Rd, Fairfax, California.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

PG&E objects to this interrogatory on the basis that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 2:**

IDENTIFY any and all DOCUMENTS RELATING TO PG&E Claim #A16108833 47 Bolinas Rd, Fairfax, California.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

PG&E objects to this interrogatory on the basis that it seeks information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine.

**INTERROGATORY NO. 3:**

DESCRIBE any and all facts RELATING TO any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or subcontractor of or under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

PG&E objects to this interrogatory on the basis that its scope is overly broad, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this interrogatory on the basis that the information sought in this interrogatory is overly broad, vague and ambiguous and not reasonably limited to Greenberg's Claim

No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit its response to this interrogatory to Claim No. 77335 only. PG&E further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this interrogatory on the basis that the term "operational activity" and phrase "CONTROL of PG&E" are not defined or limited and are overly broad, vague and ambiguous. Subject to and without waiving these objections, and based on its understanding of this interrogatory, PG&E responds as follows: The Exhibit List attached to Greenberg's Proof of Claim No. 77335 seeks damages allegedly caused by "PG&E power outages and surges which occurred when PG&E crews were installing 3 phase 480 volt power at 31 Bolinas Rd, the commercial complex/restaurant next door to our 47 Bolinas Rd, Fairfax location." 31 Bolinas Road, Fairfax, California is located on PG&E Circuit San Rafael 1108. PG&E does not have any records of a planned or unplanned outage at this circuit or the transformer it served during the dates of February 12 to February 22, 2016. At this location, there was an ongoing project to install a new 600 amp 120/240V 3 phase service which included the install of a new transformer. PG&E's records indicate one clearance for a planned outage to energize the new facilities on the evening of March 16 to the morning of March 17, 2016.

**INTERROGATORY NO. 4:**

IDENTIFY any and All DOCUMENTS RELATING TO any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or subcontractor of or under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

PG&E objects to this interrogatory on the basis that its scope is overly broad, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this interrogatory on the basis that the DOCUMENTS requested for identification are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will

limit its response to this interrogatory to Claim No. 77335 only. PG&E further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this interrogatory on the basis that the term "operational activity" and phrase "CONTROL OF PG&E" are not defined or limited and are overly broad, vague and ambiguous. Subject to and without waiving these objections, and based on its understanding of this interrogatory, PG&E responds as follows: PG&E identifies the following DOCUMENTS, all of which are confidential in nature: February 2016 North Bay Outage Calendar; February 9, 2016 Switching Log; February 9, 2016 Planned Outage Detail; February 23, 2016 Transformer Outage Request; and February 29, 2016 Switching Log.

**INTERROGATORY NO. 5:**

DESCRIBE any and all facts that YOU contend support or provide a basis for YOUR objection to Claim No. 77335 in this case.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

PG&E objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 3. Subject to and without waiving these objections, and based on its understanding of this interrogatory, PG&E responds as follows: 31 Bolinas Road, Fairfax, California is located on PG&E Circuit San Rafael 1108. PG&E does not have any records of a planned or unplanned outage at this circuit or the transformer it served during the dates of February 12 to February 22, 2016.

**INTERROGATORY NO. 6:**

IDENTIFY any and All DOCUMENTS that YOU contend support or provide a basis for YOUR objection to Claim No. 77335 in this case.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

PG&E objects to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 4. Subject to and without waiving

these objections, and based on its understanding of this interrogatory, PG&E responds as follows: PG&E identifies the following DOCUMENTS, all of which are confidential in nature: February 2016 North Bay Outage Calendar; February 9, 2016 Switching Log; February 9, 2016 Planned Outage Detail; February 23, 2016 Transformer Outage Request; and February 29, 2016 Switching Log.

Dated:  June 15, 2021                    LAW OFFICES OF JENNIFER L. DODGE INC.

_____
Jennifer L. Dodge

Attorney for PACIFIC GAS AND ELECTRIC COMPANY

Re:     *In re Pacific Gas and Electric Company*

     Superior Court of California, County of San Francisco, Case No. 19-30088(DM)

## VERIFICATION

I, Renee Records, declare as follows:

I am the Manager of Law-Claims for Pacific Gas and Electric Company in the above-captioned proceeding. I have read the foregoing document **PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSES TO DEBTOR TODD GREENBERG'S INTERROGATORIES, SET ONE** and know its contents. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2021 at San Ramon, California.

Renee Records
On behalf of Pacific Gas and Electric Company

Case: 19-30088    Doc# 12550-1    Filed: 06/24/22    Entered: 06/24/22 12:48:25    Page 27 of 41

<u>**PROOF OF SERVICE**</u>

I, Jennifer L. Dodge, am a resident of the State of California, over the age of 18 years, and not a party to the within action. I am a member of the bar of this Court. My business address is 2512 Artesia Blvd., Ste. 300D, Redondo Beach, California 90278.

On June 16, 2021, I served the following document(s): **PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSES TO INTERROGATORIES, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD GREENBERG)** on the party named below:

RICHARD A. LAPPING
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
rich@trodellalapping.com
Attorney for Creditor Todd Greenberg

**(X)     BY ELECTRONIC MAIL**  Pursuant to the Federal Rules of Civil Procedure, the above document(s) was/were served via electronic mail to the email address of counsel for the represented party listed above. Transmission was reported as complete and without error.

**(X)**     I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 16, 2021 at Redondo Beach, California.

_____
Jennifer L. Dodge

# EXHIBIT C

Jennifer L. Dodge, Esq., (SBN 195321)
Law Offices of Jennifer L. Dodge Inc.
2512 Artesia Blvd., Suite 300D
Redondo Beach, CA 90278
T: (310) 372-3344
F: (310) 861-8044
jdodgelaw@jenniferdodgelaw.com

Attorney for PACIFIC GAS AND
ELECTRIC COMPANY

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>          Debtors.<br><br><br>   Affects PG&E Corporation<br>X Affects Pacific Gas and Electric Company<br>   Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No.<br>19-30088 (DM)* | Bankruptcy Case No. 19-30088(DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PACIFIC GAS AND ELECTRIC<br>COMPANY'S RESPONSES TO<br>CREDITOR TODD GREENBERG'S<br>REQUESTS FOR PRODUCTION OF<br>DOCUMENTS AND<br>ELECTRONICALLY STORED<br>INFORMATION, SET ONE, WITH<br>RESPECT TO CLAIM NO. 77335 (TODD<br>GREENBERG)** |

## RESPONSES TO SPECIFIC REQUESTS FOR
## PRODUCTION OF DOCUMENTS AND ESI, SET ONE

PROPOUNDING PARTY:    CREDITOR TODD GREENBERG

RESPONDING PARTY:    DEBTOR PACIFIC GAS AND ELECTRIC COMPANY

SET NO.:    ONE

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Debtor Pacific Gas and Electric Company ("PG&E") hereby responds to the first set of Requests for Production of Documents served by Creditor Todd Greenberg ("Greenberg") as follows:

## PRELIMINARY STATEMENT

    This response is based upon PG&E's understanding and perception of the nature and type of information requested, and upon the information presently known and available to PG&E and its counsel of record.  PG&E has not completed its investigation or analysis of the facts and issues relating to this case, has not completed discovery, and has not completed preparation for trial.  There may be other information or documents of which PG&E will become aware, or which will come into its possession at a later time, which may relate to these responses.  Good faith efforts have been made to identify and obtain the information responsive to these requests for production of documents.

    PG&E makes this response without in any way waiving or intending to waive, but to the contrary, intending to reserve and reserving:  (1) the right to produce, or object to production of, evidence of subsequently discovered information, documents, or interpretations thereof, and/or to supplement, edit, revise, modify, change or amend this response and any inadvertent errors or omission which may be contained herein, in light of any new information, which PG&E or its attorney may subsequently acquire or discover; (2) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any of the information or documents produced hereunder or the subject matter thereof; (3) the right to object on any ground to the use of information or documents produced hereunder or the subject matter thereof, at any trial or hearing in this case or in any related or

subsequent action or proceeding; and (4) the right to object on any ground at any time to a demand for further responses.

The Preliminary Statement is specifically incorporated by reference as though fully set forth in each response to the requests for production of documents below.

## GENERAL OBJECTIONS

PG&E objects to each of the requests for production on the following grounds:

1. PG&E objects to the requests for production to the extent they call for information and/or documents that are protected by the attorney-client privilege and/or the attorney work product doctrine. PG&E will not produce any such information or documents. Inadvertent production of any such privileged or protected information or documents shall not constitute waiver of any privilege, protection, or grounds for objecting to producing such information, and shall not waive PG&E's right to object to the use of such documents or information.

2. PG&E objects to the requests for production on the grounds that they are overly broad, unduly burdensome, and seek information that is neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Where possible, PG&E will make reasonable assumptions as to Greenberg's intended meaning and will respond accordingly, while preserving its objections as to vagueness, ambiguity, and insufficient particularity.

3. PG&E objects to the requests for production to the extent they impinge on constitutional, statutory, or common law rights of privacy.

4. PG&E objects to the requests for production to the extent that they seek information or documents that are within the knowledge of Greenberg, is a matter of public record, or is otherwise as easily obtained by Greenberg as by PG&E.

5. PG&E objects to the requests for production to the extent they seek disclosure of information and/or documents containing proprietary, confidential, and/or commercially sensitive business information, or otherwise violate PG&E's contractual obligations to maintain the confidentiality of information.

6. PG&E objects to the location and timing of production and will coordinate with counsel regarding same prior to production.

These General Objections are specifically incorporated by reference as though fully set forth in each response to the requests below. Subject to and without waiving these General Objections, PG&E responds to each request as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Any and All DOCUMENTS showing, scheduling, or evidencing any and all PG&E operational activity, including repairs, construction or troubleshooting, whether by a PG&E crew or any contractor or subcontractor of a PERSON under the CONTROL of PG&E, or involving PG&E-owned equipment, at any location in Fairfax, California at any time during the period commencing on February 12, 2016 and ending on February 22, 2016. An accurate summary attested to under penalty of perjury providing the same information, with each location specified, and a brief description of the work involved ins acceptable in lieu of copies of original documents.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PG&E objects to this Request on the basis that the scope of this Request is overly broad, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this Request on the basis that the DOCUMENTS sought in this Request are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit the scope of any DOCUMENTS sought in this Request to DOCUMENTS related to Claim No. 77335 only. PG&E further objects to this interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this interrogatory on the basis that the term "operational activity" and phrase "CONTROL of PG&E" are not defined or limited and are overly broad, vague and ambiguous. PG&E further objects to this Request to the extent that it seeks DOCUMENTS of third parties that are not in the possession, custody or control of PG&E. Subject to and without waiving these objections, and

based on its understanding of this Request, PG&E responds as follows: PG&E will produce DOCUMENTS responsive to this Request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that are part of or comprise the complete files of PG&E related to this Claim No. 77335 and its predecessor claim, PG&E Claim #A16108833 47 Bolinas Rd., Fairfax, California.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PG&E objects to this Request on the basis that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving this objection, and based upon its understanding of this Request, PG&E responds as follows: A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by GREENBERG to YOU at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PG&E objects to this Request on the basis that the scope of this Request is overly broad, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this Request on the basis that the DOCUMENTS sought in this Request are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit the scope of any DOCUMENTS sought in this Request to DOCUMENTS related to Claim No. 77335 only. PG&E further objects to this Request to the extent that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request. PG&E will not produce any DOCUMENTS responsive to this

Request that Greenberg already has in its possession. Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows: A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by YOU to GREENBERG at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PG&E objects to this Request on the basis that the scope of this Request is overly broad, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this Request on the basis that the DOCUMENTS sought in this Request are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit the scope of any DOCUMENTS sought in this Request to DOCUMENTS related to Claim No. 77335 only. PG&E further objects to this Request to the extent that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request. PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession. Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows: A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by any PERSON to YOU CONCERNING 47 Bolinas Rd, Fairfax, California at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PG&E objects to this Request on the basis that this Request is overly broad in time and scope, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this Request on the basis that the DOCUMENTS sought in this Request are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit the scope of any DOCUMENTS sought in this Request to DOCUMENTS related to Claim No. 77335 only. PG&E further objects to this Request to the extent that it is duplicative of Request No. 3. PG&E further objects to this Request to the extent it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request. PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession. Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows: A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by YOU to any PERSON CONCERNING 47 Bolinas Rd, Fairfax, California at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PG&E objects to this Request on the basis that this Request is overly broad in time and scope, pursuant to Judge Dennis Montali's 4/26/2021 Order allowing Greenberg limited discovery on his Claim No. 77335 only. PG&E further objects to this Request on the basis that the DOCUMENTS sought in this Request are overly broad, vague and ambiguous and not reasonably limited to DOCUMENTS related to Greenberg's Claim No. 77335 pursuant to Judge Montali's 4/26/2021 Order. PG&E will limit the scope of any DOCUMENTS sought in this Request to DOCUMENTS related to

Claim No. 77335 only.  PG&E further objects to this Request to the extent that it is duplicative of Request No. 4.  PG&E further objects to this Request to the extent it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request.  PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession.  Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows:  A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by any PERSON to YOU CONCERNING PG&E Claim #A16108833 47 Bolinas Rd, Fairfax, California at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PG&E objects to this Request on the basis that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine.  PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request.  PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession.  Subject to and without waiving these objections, and based upon its understanding of this Request, PG&E responds as follows:  A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS CONCERNING COMMUNICATIONS by YOU to any PERSON CONCERNING PG&E Claim #A16108833 47 Bolinas Rd, Fairfax, California at any time during the period 2016 through 2019.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

PG&E objects to this Request on the basis that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request. PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession. Subject to and without waiving these objections, and based upon its understanding of this Request, PG&E responds as follows: A diligent search and reasonable inquiry has been made in an effort to comply with this Request and no DOCUMENTS responsive to this Request ever existed in the possession, custody or control of PG&E that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS RELATING TO YOUR answers to CREDITOR TODD GREENBERG'S INTERROGATORIES, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD GREENBERG) served concurrently herewith.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

PG&E objects to this Request on the basis that the scope of the DOCUMENTS sought in this Request is overly broad for the reasons outlined in its objections to both the Interrogatories and Requests for Production of Documents propounded by Greenberg. PG&E further objects to this Request to the extent that it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows: PG&E will produce documents responsive to this Request in its possession, custody or control that are not otherwise privileged.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS that YOU contend support or provide a basis for YOUR objection to Claim No. 77335 in this case.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

PG&E objects to this interrogatory to the extent it calls for information and DOCUMENTS protected by the attorney-client privilege and/or attorney work product doctrine. PG&E further objects to this Request on the basis that Greenberg already has in his possession DOCUMENTS sought by this Request. PG&E will not produce any DOCUMENTS responsive to this Request that Greenberg already has in its possession. Subject to and without waiving these objections, and based on its understanding of this Request, PG&E responds as follows: PG&E will produce documents responsive to this Request in its possession, custody or control that are not otherwise privileged.

Dated: June 15, 2021                    LAW OFFICES OF JENNIFER L. DODGE INC.

Jennifer L. Dodge

Attorney for PACIFIC GAS AND ELECTRIC COMPANY

Re:    *In re PG&E Corporation and Pacific Gas and Electric Company*

United States Bankruptcy Court, Northern District of California, San Francisco Division, Case No. 19-30088 (DM)

## **VERIFICATION**

I, Renee Records, declare as follows:

I am the Manager of Law-Claims for Pacific Gas and Electric Company, debtor in the above-captioned proceeding. I have read the foregoing document **DEBTOR PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSES TO CREDITOR TODD GREENBERG'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** and know its contents. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14 , 2021 at San Ramon , California.


Renee Records
On behalf of Pacific Gas and Electric Company

# PROOF OF SERVICE

I, Jennifer L. Dodge, am a resident of the State of California, over the age of 18 years, and not a party to the within action. I am a member of the bar of this Court. My business address is 2512 Artesia Blvd., Ste. 300D, Redondo Beach, California 90278.

On June 16, 2021, I served the following document(s): **PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION, SET ONE, WITH RESPECT TO CLAIM NO. 77335 (TODD GREENBERG)** on the party named below:

RICHARD A. LAPPING
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
rich@trodellalapping.com
Attorney for Creditor Todd Greenberg

**(X)    BY ELECTRONIC MAIL** Pursuant to the Federal Rules of Civil Procedure, the above document(s) was/were served via electronic mail to the email address of counsel for the represented party listed above. Transmission was reported as complete and without error.

**(X)**    I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 16, 2021 at Redondo Beach, California.


_____
Jennifer L. Dodge

PROOF OF SERVICE