**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of _____ California _____

In re PG&E Corporation _____

Debtor

Case No. _____ 19-30088 _____

Chapter _____ 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Hugh Le _____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>JTR Development, 910 West Avenue, 16, Austin, TX 78701 | DATE AND TIME<br><br>07/12/22    10:00 am |
|---|---|

The examination will be recorded by this method: Stenographic; audio/video _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment 1.
_____

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 06/27/22 _____

CLERK OF COURT

                     OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the PG&E Fire Victim Trustee _____ , who issues or requests this subpoena, are:

Sarah Kelly-Kilgore; Greenberg Gross LLP, 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017
SKellyKilgore@GGTrialLaw.com; 213-334-7065

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Hugh Le

on *(date)* 06/27/22 .

☒ I served the subpoena by delivering a copy to the named person as follows: Kibler Fowler & Cave LLP, attention Matthew J. Cave (authorized to accept service on behalf of Hugh Le), Santa Monica Blvd., Suite 360, Los Angeles, CA 90025.

_____ on *(date)* 06/27/22 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 50.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1

**ATTACHMENT 1**

2

REQUESTS FOR PRODUCTION

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT TO SUBPOENA FOR RULE 2004 EXAMINATION TO HUGH LE

## ATTACHMENT TO SUBPOENA FOR RULE 2004 EXAMINATION

### DEFINITIONS

1. The term "**Bankruptcy Court**" means and refers to the United States Bankruptcy Court for the Northern District of California.

2. The term "**Chapter 11 Cases**" means and refers to the chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company in the Bankruptcy Court, Case No. 19-30088.

3. The term "**Chapter 11 Plan**" means and refers to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8048] confirmed by order of the Bankruptcy Court in the Chapter 11 Cases.

4. The terms "**You**" and "**Your**" means and refers to the party responding to this Subpoena.

5. The term "**PG&E**" means and refers to PG&E Corporation and/or Pacific Gas and Electric Company.

6. The term "**PwC**" means and refers to PricewaterhouseCoopers LLP and/or any person or entity acting on its behalf, including its partners, directors, employees, contractors, agents, representatives, subsidiaries or affiliates.

7. The term "**Communications**" means and refers to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic communication or disclosure, in Your possession, custody, or control.

8. The term "**Documents**" means and refers to any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and information in Your possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible

things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (i.e., to be understood as "including without limitation") and in no way limits or narrows the scope of any Request. "Documents" always includes Communications, whether so stated in a particular Request or not.

9. The term **"Work"** means and refers to any and all services, advice, recommendations, and/or work product created, rendered, provided, or performed for or on behalf of PG&E.

10. The term **"Fire Victim Trust"** shall have the same meaning as that term is used in the Chapter 11 Plan.

11. The term **"2017 North Bay Fires"** means and refers to the Fires listed under item 2 in Exhibit A attached to the Chapter 11 Plan.

12. The term **"CWSP"** means and refers to PG&E's Community Wildfire Safety Program.

13. The term **"PSPS"** means and refers to PG&E's Public Safety Power Shutoff program and/or policy.

-2-

14. The term "**EPC CC**" means and refers to PG&E's Engineering, Procurement & Construction Cross-Cutting program.

15. The term "**GRC**" means and refers to PG&E's General Rate Case.

## INSTRUCTIONS

1. These Requests are continuing in nature, so as to require supplemental responses and productions if further documents are identified, or information is obtained, between the time answers are served and the time the Fire Victim Trust is terminated.

2. Produce all Documents and all other materials described below in Your possession, custody, or control, wherever those Documents and materials are maintained, including on personal computers, smart or cell phones, other electronic devices, or web-based email systems such as Gmail or Yahoo.

3. You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or are in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb drives, flash drives, or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5. Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

    a. Identify the type, title and subject matter of the Document;

    b. State the place, date, and manner of preparation of the Document;

    c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

    d. Identify the legal privilege(s) and the factual basis for the claim.

9. Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10. To the extent a Document sought herein was at one time, but is no longer, in Your possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession,

custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

11.     Provide a privilege log relating to Your responses to each of these Requests which You are withholding on the basis of privilege.  The privilege log must list the Document or information withheld and the legal basis for withholding that information.

12.     Unless otherwise specified, the time period covered by these Requests for Production is from 2013 through March 17, 2020.

## MANNER OF PRODUCTION

1.     All Documents produced to the Fire Victim Trust shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata.  Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.  Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.     <u>Database Load Files and Production Media Structure</u>:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3.     <u>Electronic Documents and Data, Generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be

Case: 19-30088    Doc# 12558-1    Filed: 06/27/22    Entered: 06/27/22 19:21:15    Page 10 of 20

produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Fire Victim Trust, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4. <u>Emails and Attachments, and Other Email Account-Related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems, including but not limited to Microsoft Exchange, HCL Notes, or GroupWise, shall be produced in tiff format with accompanying metadata and searchable text files or, alternatively, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Documents reasonably useable, manageable, and comprehendible by the Fire Victim Trust.

5. <u>Documents and Data Created or Stored in or by Structured Electronic Databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Fire Victim Trust to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided together with definitive files, tables, and field-level schemas, include:

        a.     XML format files;

        b.     Microsoft SQL databases;

        c.     Access databases; and/or

        d.     fixed or variable length ASCII delimited files.

6. <u>Spreadsheets, Multimedia, and Non-Standard File Types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a

native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein.  Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. "Other" Electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file, as provided for above in these Requests for Production.

## REQUESTS FOR PRODUCTION[1]

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that constitute, evidence, memorialize, refer, or relate to Your and/or PwC's Work on the **CWSP**, including, without limitation, contracts and/or agreements between PwC and PG&E, emails to or from PG&E, emails to or from other consultants or contractors for PG&E, internal emails at PwC, and any and all notes, summaries, analyses, reports, recommendations, or presentations.

---

[1]  In issuing these requests, the Trustee does not waive any right to enforce the prior Rule 2004 subpoena issued to PwC in March 2020 (the "PwC Documents Subpoena").  The Trustee expressly reserves all rights relating to enforcement of that PwC Documents Subpoena.

1 **REQUEST FOR PRODUCTION NO. 2:**

2      All Documents and Communications that constitute, evidence, memorialize, refer, or relate

3 to Your and/or PwC's Work on the **PSPS**, including, without limitation, contracts and/or

4 agreements between PwC and PG&E, emails to or from PG&E, emails to or from other

5 consultants or contractors for PG&E, internal emails at PwC, and any and all notes, summaries,

6 analyses, reports, recommendations, or presentations.

7 **REQUEST FOR PRODUCTION NO. 3:**

8      All Documents and Communications that constitute, evidence, memorialize, refer, or relate

9 to Your and/or PwC's Work on the **EPC CC**, including, without limitation, contracts and/or

10 agreements between PwC and PG&E, emails to or from PG&E, emails to or from other

11 consultants or contractors for PG&E, internal emails at PwC, and any and all notes, summaries,

12 analyses, reports, recommendations, or presentations.

13 **REQUEST FOR PRODUCTION NO. 4:**

14      All Documents and Communications that constitute, evidence, memorialize, refer, or relate

15 to Your and/or PwC's Work on the **GRC**, including, without limitation, contracts and/or

16 agreements between PwC and PG&E, emails to or from PG&E, emails to or from other

17 consultants or contractors for PG&E, internal emails at PwC, and any and all notes, summaries,

18 analyses, reports, recommendations, or presentations.

19 **REQUEST FOR PRODUCTION NO. 5:**

20      All Documents and Communications that constitute, evidence, memorialize, refer, or relate

21 to Your and/or PwC's Work that was the subject of a document preservation letter that PG&E sent

22 to You on or around November 10, 2017, relating to the 2017 North Bay Fires.

23

24

25

26

27

28

-8-

1                               **__ATTACHMENT 2__**

2      COURT ORDERS AUTHORIZING THE RULE 2004 EXAMINATION OF HUGH LE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT TO SUBPOENA FOR RULE 2004 EXAMINATION TO HUGH LE

**Entered on Docket**
**July 16, 2021**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



1 | EVAN C. BORGES, State Bar No. 128706
   *EBorges@GGTrialLaw.com*    Signed and Filed: July 16, 2021
2 | SARAH KELLY-KILGORE, State Bar No. 284571
   *SKellyKilgore@GGTrialLaw.com*
3 | GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
4 | Los Angeles, California 90017
   Telephone: (213) 334-7000
5 | Facsimile: (213) 334-7001

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

6 | *Attorneys for The Honorable John K. Trotter*
   *(Ret.), Trustee of the PG&E Fire Victim Trust*

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
|     **-and-** | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
|         **Debtors.** | **ORDER GRANTING *EX PARTE* APPLICATION OF THE FIRE VICTIM TRUSTEE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON PRICEWATERHOUSECOOPERS LLP EMPLOYEE HUGH LE** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| | [No Hearing Required Per L.B.R. 2004-1(a)] |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

*EX PARTE* APPLICATION OF FVT FOR RULE 2004 EXAMINATION OF HUGH LE

Upon the Application, dated July 13, 2021 (the "**Application**"),[1] of the Honorable John K. Trotter (Ret.), in his capacity as the Fire Victim Trustee (the "**Trustee**"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Bankruptcy Rule 2004-1(a), for entry of an order authorizing the service of a subpoena on PricewaterhouseCoopers LLP ("**PwC**") employee Hugh Le, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, Paragraph 18 and Paragraph 78 of the Confirmation Order, Section 6.7 and Section 11.1 of the Plan, and Section 1.6 and Section 8.20 of the Fire Victim Trust Agreement; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Application; the Court having reviewed the proposed form of Subpoena attached to the Application as Exhibit B; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT**:

1.      The Application is granted as provided herein.

2.      The Trustee is authorized to serve a subpoena in the form attached to the Application as **Exhibit B** (the "**Subpoena**") on Hugh Le;

3.      Except as otherwise agreed by the Trustee, within fifteen (15) days of service of the Subpoena, Hugh Le shall be directed to either (a) confirm he intends to appear for an examination by the Trustee and produce documents pursuant to the Subpoena, or (b) file all objections to the Subpoena with this Court.

4.      Testimony and documents given or used during the examination pursuant to the Subpoena will be processed, treated and held in a manner consistent with the Protective Order [Dkt. No. 8662-1].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

*EX PARTE* APPLICATION OF TRUSTEE FOR RULE 2004 EXAMINATION OF HUGH LE

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Subpoena issued in accordance with this Order.

6.      This Order is without prejudice to the Trustee's right to file further applications seeking additional examinations or documents pursuant to Bankruptcy Rule 2004 or any other applicable law.

** END OF ORDER **



Signed and Filed: June 1, 2022

_Clennis Montali_
_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|    Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |

**ORDER REGARDING DISCOVERY DISPUTE BETWEEN
FIRE VICTIM TRUST AND PRICEWATERHOUSECOOPERS LLP**

The court has reviewed the emails of May 24, 27 and 31,
2022, by and among counsel for the Fire Victim Trust ("FVT") and
PricewaterhouseCoopers LLP ("PwC").  This dispute between the
FVT and PwC has thankfully been off the court's radar for over

-1-

nine months.  Perhaps the court naively assumed the problems had
been solved.  Now it appears that the parties are still at odds.

There is the usual back and forth about what has been or
has not been produced.  What is surprising is the suggestion the
FVT was silent for nearly six months after a September 1, 2021,
production by PwC.  If the reason was the pending appeal, then
this court's denial of a stay pending appeal was meaningless.

Now the FVP wants to depose Mr. Le in the next few days.
Over two weeks ago PwC declined to provide the FVT with
convenient dates and now it reports that Mr. Le is on a leave of
absence.  If counsel for PcW withheld that fact from counsel for
the FVT, shame on him; if counsel for the FVT withheld that fact
from the court when the early June dates were requested, shame
on her.

The court hereby ORDERS Mr. Le to be available within two
weeks of the end of his June 27, 2022, leave of absence unless
counsel for the FVT agrees to a later date.  Counsel are to
continue their meet and confer efforts to avoid duplication of
Mr. Le's deposition.  If it later turns out that PwC was
dragging its feet, the court will order further desposition(s).
If it turns out the FVT could have agreed to reasonable
continuances but wouldn't, then there will not be any further
deposition of Mr. Le.

**\*\*END OF ORDER\*\***

-2-

1                          **<u>COURT SERVICE LIST</u>**

ECF Recipients