| | |
|---|---|
| LAWRENCE A. JACOBSON, SBN 057393<br>SEAN M. JACOBSON, SBN 227241<br>COHEN AND JACOBSON, LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Telephone: (650) 261-6280<br>laj@cohenandjacobson.com<br><br>Attorneys for Amir Shahmirza | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>  - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>       Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE AND POINTS AND AUTHORITIES IN OPPOSITION TO OBJECTION TO CLAIM #2090**<br><br>**Date:  July 12, 2022**<br>**Time:  10:00 a.m.**<br>**Place: (Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

# TABLE OF CONTENTS

**RESPONSE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**POINTS AND AUTHORITIES**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  THE STATE COURT ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. THE STANDARD OF PLEADING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.  SUFFICIENCY OF INFORMAL CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   SHAHMIRZA AS AUTHORIZED AGENT OF KOMIR, INC. . . . . . . . . . . . . . . 8

VI.  PRESUMPTION OF VALIDITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII. ABSTENTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VIII. FACTUAL DISPUTES WITH RESPECT TO THE ISSUES IN THE LAWSUIT. . . 12

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases**

*In re Elegant Concepts, Inc.*, 61 B.R. 723 (Bankr. E.D. N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir.,1985) . . . . . . . . . . . . . . . . . . . . . . . 6

*Bianchi v State Farm*, 1998 U.S. Dist. LEXIS 22976 (N.D.Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . 6

*Hishon v King & Spaulding*, 467 U.S. 69 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Edelman* (9th Cir. BAP 1999) 237 BR 146 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Harbour*, 60 B.R. 370 (Bankr. W.D. Va. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Palmdale Hills Property, LLC* (9th Cir. BAP 2011) 457 BR 29 . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Sambo's Restaurants, Inc.* (9th Cir. 1985) 754 F2d 811 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Texaco, Inc.*, 77 B.R. 433 (Bankr. S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (D.C. Ga. 1985) . . . . . . . . . . . . . . . . . . 11

*Turrin v Ferrin*, 70 B.R. 486 (Bankr. Montana, 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Waits v. Weller*, 653 F.2d 1288 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**Statutes and Rules**

11 U.S.C. § 502(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 USC § 502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 USC §1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 USC §1334(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*28 USC §1334(c)(2)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 USC §157(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Code of Civil Procedure § 472(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 3001(a), Rules of Bankruptcy Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 3007 of the Federal Rules of Bankruptcy Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 3007-1, Bankruptcy Local Rules for the Northern District of California. . . . . . . . . . . . . . 1

Rule 3007-1(b), Bankruptcy Local Rules for the Northern District of California . . . . . . . . . . . . . . . 12

Rule 8, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Texts**

*Rutter Group, California Practice Guide: Bankruptcy*, 17:1137 (2022) . . . . . . . . . . . . . . . . . . . . . 7, 8

*Rutter Group, California Practice Guide: Bankruptcy*, Sections 17:1150 - 17:1150.3 . . . . . . . . . . 8

*Rutter Group, California Practice Guide: Bankruptcy, Section* 17:1151 . . . . . . . . . . . . . . . . . . . . . 9

Amir Shahmirza, for himself and on behalf of Komir, Inc., ("Claimant") makes the following response to Debtors' Objection to Claim #2090[1] and submits the points and authorities set forth below.

**RESPONSE**

Claimant responds to the Objection to Claim as follows:

1. The Proof of Claim sufficiently identifies the claims being asserted, the relief being requested, and the identity of the parties in interest, including the authority of Amir Shahmirza to act as agent for and on behalf of Komir, Inc., to satisfy the requirements of 11 USC § 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Bankruptcy Local Rules for the Northern District of California concerning the filing of Proofs of Claim.

2. Alternatively, or additionally, the pleadings filed in the "Lawsuit" referenced in the Proof of Claim (the "Lawsuit"), and the conduct of the Debtors with respect to the Lawsuit and the pleadings, both before the commencement of the Bankruptcy Cases and during the claims filing period, establish an "informal claim" that satisfies the requirements for filing a Proof of Claim. In fact, prior to the filing of the Objection to Claim, the Debtors participated in a mediation regarding the substance of the Proof of Claim.

3. The controversy that is the subject of the Proof of Claim and the Objection was pending in a state court litigation commenced prior to the filing of the Petition initiating this Bankruptcy Case, the state court litigation (and the controversy) involve only issues of state law, and those matters can be litigated to conclusion in the state court action within a reasonable time. Accordingly, mandatory abstention is appropriate to allow the state court to adjudicate the state law matters. Alternatively, in the event that the Court does not determine that mandatory abstention is required,

---

[1] As filed on March 19, 2019, the Proof of Claim appears at Claim 65-1.

**RESPONSE AND POINTS AND AUTHORITIES IN OPPOSITION TO OBJECTION TO CLAIM #2090**  1

Case: 19-30088   Doc# 12572   Filed: 06/28/22   Entered: 06/28/22 16:26:00   Page 5 of 18

then permissive abstention or relief from stay would provide the appropriate means for disposition of the controversy.

4. Factual disputes exist with respect to the subject matter of the Claim such that the Objection cannot be adjudicated at an initial status conference; rather, the issues require consideration of extensive evidentiary matters including the physical aspects of the property, the chain of title, the interests conveyed or not, and expert testimony with respect to such matters, all of which is the customary work of the state court trial departments.

Based upon the foregoing, Claimant requests that the Court deny the Objection, exercise mandatory or permissive abstention, or establish a procedure to allow consideration for granting relief from stay to allow adjudication of the state law claims in the state court.

## POINTS AND AUTHORITIES

In support of this Response to the Objection, Claimant provides the points and authorities below.

**I.    THE PARTIES**

The Reorganized Debtors are the objecting parties.

The Reorganized Debtors are represented by both (a) Debtors' bankruptcy counsel, Keller Benvenutti Kim LLP and (b) Debtors' state court counsel of record in the "Lawsuit" (as stated in the Proof of Claim), ROVENS LAMB LLP.

The Claimant as to the substance of the Proof of Claim is Komir, Inc., whose interests as the owner of the subject property are stated in the Complaint which was filed to initiate the "Lawsuit" referenced in the Proof of Claim, such that the claims asserted in the Complaint form the basis of liability which is asserted in the Proof of Claim.

The claim was filed on behalf of Komir, Inc. in the name of Amir Shahmirza ("Shahmirza"), the sole shareholder, director, and officer of Komir, Inc., who, in those capacities, had, and has, the authority to act as agent for Komir, Inc. (Shahmirza and Komir, Inc., are referred to together as the

"Claimant").

The Proof of Claim was filed by Matthew Mellen of the Mellen Law Firm. Mr. Mellen has become physically incapacitated and is not appearing on behalf of Claimant in opposing the Objection.

Cohen and Jacobson, LLP has filed its Notice of Appearance in this case, participated in the Mediation of the dispute, and appears in opposition to the Objection. Cohen and Jacobson, LLP has also substituted as counsel of record in the state court action, discussed below, in the place of the Mellen Law Firm.

## II. THE STATE COURT ACTION

On November 18, 2018, Shahmirza and Komir, Inc., filed their Complaint initiating the "Lawsuit" entitled *"Amir Shahmirza, an individual, and Komir, Inc., a business entity, vs. PG&E, a business entity"* in the Superior Court of San Mateo County, California, as Case No. 18-CIV-060604 (the "Lawsuit"). The Lawsuit asserts claims for trespass, and related causes of action, based upon PG&E's unauthorized installation and maintenance of large transmission lines across the property located at 800 Walnut Street, San Bruno, CA, which property is in the general area of the southwesterly portion of the intersection of Highways 380 and 101, consisting of 96,441 square feet of land (the "Property"). The unsightly and obstructive transmission lines were installed by PG&E inexplicably and without any legal or other authority to do so, and constitute a continuing trespass.

The Complaint is attached as Exhibit A to the Declaration of Lawrence A. Jacobson in Support of Opposition to Objection to Claim ("Jacobson Declaration") and is also attached as Exhibit A to the Declaration of Steven A. Lamb in Support of Reorganized Debtors' Objection to Proof of Claim No. 2090 Filed by Amir Shahmirza.

The Complaint pleads the capacity of the parties and alleges affirmatively that Komir, Inc., is the owner of the subject property stating:

> "4. Plaintiff KOMIR, INC. is, and at all times mentioned herein, a California Corporation located at 10 Rollins Road #217, Millbrae, CA 94030 doing some or part of its business in commercial real estate. Plaintiff KOMIR, INC. is an owner and beneficial interest holder of title of the property subject which is the subject of this lawsuit.

Plaintiff KOMIR, INC. is managed by Plaintiff AMIR SHAHMIRZA, an individual."

On January 11, 2019, PG&E, by Rovens Lamb LLP, filed its Demurrer to Complaint and supporting pleadings including its Memorandum of Points and Authorities in Support of Demurrer ("Demurrer Points and Authorities"). The Demurrer is attached as Exhibit B to the Jacobson Declaration, and the Demurrer Points and Authorities is attached as Exhibit C to the Jacobson Declaration, by incorporated herein by this reference.

In the Demurrer Points and Authorities, PG&E argued as follows:

"According to the Complaint, KOMIR, INC. is the owner and beneficial interest holder and holds title to the Property. [Complaint at 1] 4.] Indeed, the Grant Deed referenced in the Complaint [See Complaint at ¶ 9], recorded on December 18, 2000, clearly reflects that title is held in the name of KOMIR, INC. The owner of title in fee holds the property rights of the owner, including those of bringing an action for trespass. See Cal.Civ. Code §829."

Based upon this argument, PG&E argued that the Complaint should be dismissed as to Shahmirza, individually. Thus, PG&E not only recognized in the Lawsuit that Komir, Inc. had alleged its interest as owner of the property, PG&E adopted that position as a basis of its argument in support of its Demurrer indicating that Komir, Inc. was "clearly" the owner of the property.

Under California Code of Civil Procedure § 472(a) a plaintiff may amend a Complaint once as a matter of right. Under that provision, Shahmirza and Komir, Inc., held, and still hold, the right to amend the Complaint to resolve issues raised by Demurrer.

On January 29, 2019, Debtors filed their Petitions initiating these Bankruptcy cases.

On January 30, 2019, Debtors, by Rovens Lamb, LLP, filed PG&E's Notice of Bankruptcy Filing and Imposition of Automatic Stay in the Lawsuit, copy attached as Exhibit D to the Jacobson Declaration and incorporated herein by this reference.

On February 25, 2019, Debtors, by Rovens Lamb, LLP, filed their Notice of Withdrawal of Demurrer referring therein to the Notice of Bankruptcy Filing. A copy of the Notice of Withdrawal of Demurrer is attached as Exhibit E to the Jacobson Declaration and incorporated herein by this reference.

On March 19, 2019, i.e., within less than a month after the Debtors filed their Notice of

Withdrawal of Demurrer, the Claimant filed the Proof of Claim, copy attached as Exhibit F and incorporated herein by this reference.

By their Notice of Bankruptcy Filing and by their Withdrawal of Demurrer, Debtors acknowledged, within approximately one (1) month after the commencement of their Bankruptcy cases, possession of the pleadings in the Lawsuit, knowledge of the claims asserted in the Lawsuit, and possession of the Complaint that asserted the claims against the Debtors, including the allegations concerning Komir, Inc.'s ownership of the Property and Shahmirza's management of Komir, Inc.

On <u>April 15, 2019</u>, i.e., after the Claimant's filing of the Proof of Claim, the Debtors filed their Statement of Financial Affairs stating therein the pendency of the Lawsuit and its status as "open/pending." See discussion below.

Effective January 1, 2020, the Superior Court of San Mateo County adopted a single judge assignment system whereby civil actions are assigned to a department for all proceedings to occur in the case.

Pursuant to the implementation of a single judge assignment system, the Lawsuit was assigned to the Hon. Nancy Fineman for all purposes as indicated in the Notice of Assignment for All Purposes dated December 4, 2020, copy attached as Exhibit G to the Jacobson Declaration and incorporated herein by this reference.

Judge Fineman sits as the judge assigned to the Lawsuit for all purposes and is available to adjudicate the controversies.

The full Docket in the Lawsuit is attached as Exhibit H and incorporated herein by this reference.

## III. THE STANDARD OF PLEADING

The Federal Court notice pleading standard is contained in Rule 8 of the Federal Rules of Civil Procedure.

FRCP Rule 8 requires that a pleader asserting a claim plead a "a short and plain statement of the claim showing that the pleader is entitled to relief".

RESPONSE AND POINTS AND AUTHORITIES IN OPPOSITION TO OBJECTION TO CLAIM #2090    5

Case: 19-30088    Doc# 12572    Filed: 06/28/22    Entered: 06/28/22 16:26:00    Page 9 of 18

Similarly, Rule 3001(a) of the Rules of Bankruptcy Procedure requires on a "written statement setting forth a creditor's claim."

Consistent with FRCP Rule 8 and Rule 3001(a), the Official Form of Proof of Claim, in Section 8 concerning the substance of the claim, presents the following simple question:

> "8. **What is the basis of the claim?**
> Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c)."

The cases that have interpreted the requirements for pleading such statements of the basis of claims express an extremely liberal test of sufficiency.

In *Hishon v King & Spaulding*, 467 U.S. 69 (1984), the Court expressed the rule regarding the sufficiency of pleading of claims as follows:

> "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

Similarly, in *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir.,1985) expressed the standard as follows:

> "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, 'exceedingly low'."

In *Bianchi v State Farm*, 1998 U.S. Dist. LEXIS 22976 (N.D.Cal. 1998), the Court expressed the same perspective:

> "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low."

In the pending matter, the Proof of Claim refers to the "Lawsuit for trespass and related claims" as presenting the substance of the claims against the Debtors.

The Debtors had full knowledge of all the claims in the Lawsuit prior to and immediately upon the filing of the Petitions initiating these cases.

Measured against the standard of sufficiency in the pleading of claims, the Proof of Claim

demonstrates clear and adequate notice to the Debtors of the claims of Claimant.

## IV. SUFFICIENCY OF INFORMAL CLAIM

The courts in the Ninth Circuit have consistently held that even informal notice of a claim is sufficient to establish a valid claim. Those cases hold that informal notice is valid if the form of the claim is enough to inform the debtor or trustee of the nature of a claim and the remedy sought by the aggrieved party – if so, the informal claim suffices as a "Proof of Claim" even without the filing of a claim.

One leading secondary source describes this form of notice as follows:

> **"Informal" proofs of claim:** The Ninth Circuit has long recognized the informal proof of claim doctrine whereby claims not filed in the proof of claim format have been deemed valid. (Sometimes the claim has not even been filed with the bankruptcy court.) [*In re Fish* (9th Cir. BAP 2011) 456 BR 413, 417 (collecting cases); *In re Sambo's Restaurants, Inc.* (9th Cir. 1985) 754 F2d 811, 815-817; *In re Edelman* (9th Cir. BAP 1999) 237 BR 146, 154-155—but phone calls to the U.S. Trustee advising it of state court complaint did not qualify as informal proof of claim]" *Rutter Group, California Practice Guide: Bankruptcy*, 17:1137 (2022)

In *Sambos*, *supra*, the Court allowed a Complaint that was filed in violation of the automatic stay to constitute a valid "informal" Proof of Claim. The Court observed that the Complaint, though "void" as an act to actually commence an action, provided the Trustee with notice of the bases of the claim and the relief sought.

In its conclusion, the Ninth Circuit Court of Appeals stated:

> "In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity. *See, e.g., Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Wheeler is not seeking to introduce a new claim in disguise, and Sambo's has pointed out no actual prejudice that would result from allowing the amendment. Thus, the bankruptcy court abused its discretion in disallowing the amendment in this case."

In the pending matter, the Debtors were sufficiently informed about the claim prior to the commencement of the case by the filing of the Lawsuit; appeared in the Lawsuit; filed a Demurrer in the Lawsuit challenging the Complaint, and in the moving papers acknowledged Komir, Inc., as the owner of the property at issue; were sufficiently informed about the claim immediately after the filing of the Bankruptcy Cases to notify the plaintiffs (Shahmirza and Komir, Inc.) and the San Mateo

County Superior Court that Plaintiffs could not proceed with the Lawsuit due to the Bankruptcy Cases; the Proof of Claim refers the Lawsuit; and the Objection to Claim itself actually attaches the Complaint as an exhibit.

Moreover, Debtors further concede their knowledge of the claim in their Statement of Financial Affairs which identifies the Lawsuit by name, case number, Court location; states that the Lawsuit involves a "Property Matter"; and notes that the matter is "Open/Pending." Doc. No. 1460-3, Pg. 213, copy attached as Exhibit I and incorporated herein by this reference.

Based upon the above facts and authorities, this Court should recognize the pleadings in the Lawsuit as constituting a valid "informal Proof of Claim" sufficient unto itself, and/or as supplementing the Proof of Claim as filed, and/or allow amendment to the Proof of Claim as filed as the Court may deem appropriate (including without limitation to identify Komir, Inc. as the owner of the Property).

## V. SHAHMIRZA AS AUTHORIZED AGENT OF KOMIR, INC.

As the sole shareholder, director, and officer, Shahmirza was, and is, the person authorized to act as the agent and representative of Komir, Inc. (including as to the filing of the Proof of Claim).

An agent may file a Proof of Claim on behalf of its principal, and no expressed authority or documentation is required to authorize such filing.

*Rutter Group, California Practice Guide: Bankruptcy*, at Sections 17:1150 through 17:1150.3, and Section 1151, discusses the authorization of an agent to file a Proof of Claim on behalf of the principal as follows:

> "[17:1150] **Creditor:** Any creditor may file a proof of claim. [11 USC § 501(a); FRBP 3003(c)(1) (Chapter 11 cases)]
>
> [17:1150.1] **Creditor's agent:** A proof of claim may also be executed and filed by the creditor's authorized agent. [FRBP 3001(b)] (1)
>
> [17:1150.2] **Formal power of attorney not required:** No formal power of attorney is required to permit a creditor's authorized agent to file a proof of claim. [FRBP 9010(c)—requiring power of attorney form for creditors' agents "for any purpose *other than* the execution and filing of a proof of claim" (emphasis added)]
>
> [17:1150.3] **Express authorization "to file proof of claim" not required:** Rule 3001(b) does

not require a principal to expressly authorize its agent to file a proof of claim on its behalf. A principal's authorization for the agent to act on its behalf in the debtor's bankruptcy case necessarily includes authorization to file a proof of claim; the principal need not expressly state "you may file a proof of claim." [*In re Palmdale Hills Property, LLC* (9th Cir. BAP 2011) 457 BR 29, 50]

[17:1151] **Equity security holder:** An equity security holder may file a proof of interest. [11 USC § 501(a)]"

Pursuant to these authorities, Shahmirza was authorized to file the Proof of Claim in his name as agent for Komir, Inc., with the agency and authorization particularly appropriate in view of Shahmirza and Komir, Inc., being co-plantiffs in the Lawsuit in which the Complaint alleges the agency capacities.

## VI. PRESUMPTION OF VALIDITY

Overlaying all of the concepts discussed above is the presumption that the Proof of Claim is *prima facie* valid.

The parties do not dispute this presumption.

The Debtors acknowledge in their Objection that the Proof of Claim is presumed to be valid stating "A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a)." (Objection, 6:1-2)

The Debtors argue, however, that they have presented such "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," that the burden of proof shifted to the Claimant.

The Debtors have not, however, presented any such compelling probative facts.

The only "fact" that the Debtors argue in support of their Objection is that Komir, Inc., is the owner of the Property.

Ironically, as noted above, in support of their Objection the Debtors presented to the Court the state court Complaint in the Lawsuit – demonstrating that the Debtors had in their possession, and acted upon, both immediately prior to, and immediately subsequent to, the filing of the Petitions initiating the Bankruptcy Cases.

The Debtors knew throughout the claims filing period that Komir, Inc., was the owner of the Property and that Shahmirza was the sole shareholder, director and officer of Komir, Inc., and was its agent acting on its behalf.

Accordingly, when the Debtors reviewed the Proof of Claim that recited the basis of the claim as the "Lawsuit" that they knew and understood that Komir, Inc., had asserted, and was asserting, its ownership of the Property and the Debtors' violations of its rights with respect to the Property. Indeed, Debtors, Komir, and Shahmirza engaged in a substantive mediation regarding the claims alleged in the Complaint.

The Debtors have produced no facts that could operate to shift the burden of proof or avoid the presumption of validity.

## VII. ABSTENTION

The operative facts with respect to this Court's abstaining from acting as the trial court for the claims in the Lawsuit include the following:

1. The Lawsuit was filed prior to the commencement of the Bankruptcy Cases;
2. The claims in the Lawsuit are based solely and exclusively upon state law;
3. Stated differently, recovery in the Lawsuit does not depend upon the application of any Bankruptcy law, or any other federal law;
4. The Lawsuit has been assigned to a Superior Court judge, the Hon. Nancy Fineman, for all purposes, and can be timely adjudicated before her.
5. Resolution of the Lawsuit is not necessary for the confirmation of Debtors' Chapter 11 Plan, which has already occurred, and is not otherwise necessary for the administration of the estate.

The Debtors contend that the proceeding on the Objection is a "core" proceeding pursuant to 28 USC §157(b) that refers to allowance and disallowance of claims as core proceedings.

The Lawsuit to be adjudicated is not, however, a core proceeding. Rather, the Lawsuit exists totally independently of the Bankruptcy Cases and, rather than depending on Bankruptcy Law or

**RESPONSE AND POINTS AND AUTHORITIES IN OPPOSITION TO OBJECTION TO CLAIM #2090**     10

Case: 19-30088    Doc# 12572    Filed: 06/28/22    Entered: 06/28/22 16:26:00    Page 14 of 18

facilitating reorganization, the trial of the Lawsuit would constitute only an unnecessary burden on this Court.

The doctrines of mandatory and discretionary abstention under 28 USC §1334 provide the mechanism to allocate the jurisdiction, and the venue for exercise of jurisdiction, regarding claims between the estate and third parties.

The opinion in *Turrin v Ferrin*, 70 B.R. 486 (Bankr. Montana, 1987) expresses the concepts and distinctions as follows:

> "Abstention on the other hand, is different in a legal sense from jurisdiction. *In re Elegant Concepts, Inc.*, 61 B.R. 723, 729 (Bankr. E.D. N.Y. 1986) states:
>
> 'The fact that a matter may be a core proceeding does not preclude abstention where abstention is otherwise appropriate. Equally, that a matter is non-core does not mandate abstention. To put it another way, 28 U.S.C. § 1334 mediates between the state and federal courts, sitting in bankruptcy; 28 U.S.C. § 157 demarcates the area of responsibility between the district and bankruptcy judges. Abstention relates to the entire federal jurisdiction, core and non-core.'
>
> Mandatory abstention as distinguished from discretionary, however, applies only in non-core proceedings, while discretionary abstention applies to both core and non-core matters. *In re Harbour*, 60 B.R. 370 (Bankr. W.D. Va. 1985)."

In *Turrin*, the Court articulated the requirements for mandatory abstention as follows:

> "As to mandatory abstention, which is sought in this case, there are five requirements which must be met to trigger application of 1334(c)(2), namely, (1) the filing of a timely motion; (2) a proceeding based on state law; (3) a proceeding related to a case under Title 11, but not arising under or arising in a case under Title 11; (4) a proceeding which could not have been brought in federal court absent the bankruptcy proceeding [for example, a proceeding based upon diversity of citizenship negates abstention, *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (D.C. Ga. 1985)], and (5) the proceeding must be one which is presently pending at the date of the Order of Relief and can be timely adjudicated in state court."

All five factors exist in the pending matter:

1. This hearing is a timely opportunity to review the issues of jurisdiction and abstention as one of the purposes of the Status Conference is to determine future proceedings;

2. The Lawsuit is based entirely on state law;

3. The Lawsuit is related to the Bankruptcy Cases but does not arising in the case or under Title 11;

4. The Lawsuit could not have been brought in Federal Court except for the pendency of

the Bankruptcy cases; and

5. The Lawsuit was pending at the commencement of the Bankruptcy Cases and can be timely adjudicated before Judge Fineman.

Accordingly, the exercise of mandatory jurisdiction would be appropriate.

In *In re Texaco, Inc.*, 77 B.R. 433, 434 (Bankr. S.D.N.Y.) the court explained the concept of discretionary abstention as follows:

> The concept of discretionary abstention involves a determination by the bankruptcy court as to whether or not issues raised in the pending state court action implicate bankruptcy principles which might have a material bearing on the debtor's reorganizational efforts.
>
> In determining whether or not to exercise the §1334(c)(1) discretionary power of abstention 'in the interest of comity with state courts or respect for state law,' it is important to recognize that Article III and Northern Pipeline considerations do not play any role with respect to that issue. The primary concern should be whether the federal bankruptcy objectives are properly served if the Bankruptcy Court conceded the constitutional jurisdiction to a state court, or whether factors of duplication of effort and delay may predominate as a consequence of abstention. In particular, it is important to analyze whether abstention could reasonably be considered to have the effect of impairing or delaying either the reorganization of a Chapter 11 debtor or the administration of a Chapter 7 estate for the benefit of all parties in interest."

The adjudication of the Lawsuit does not have a material bearing on the Debtors' reorganizational efforts that have already achieved confirmation of a Chapter 11 Plan.

The State Court stands ready to adjudicate the state law claims in the Lawsuit thereby relieving this Court of the time and burden that would be involved in litigating the state law claims in the Bankruptcy Court.

## VIII. FACTUAL DISPUTES WITH RESPECT TO THE ISSUES IN THE LAWSUIT.

The Debtors refer to this Court's Local Rules quoting Rule 3007-1(b) for its statement that "[w]here a factual dispute is involved, the initial hearing on an objection shall be deemed a status conference at which the Court will not receive evidence."

The Debtors state their contention that the "Proof of Claim fails as a matter of law" and also indicate that " ... allegations in the Proof of Claim can be resolved as a matter of law, following narrowly targeted discovery."

Accordingly, Claimant understands that Debtors do not seek any rulings at the Status

1. Conference other than the setting of a discovery schedule.

2. The Objection does not correctly describe the factual issues to be determined. Rather, the Objection argues that certain documents provide authority for PG&E to place huge transmission lines across Claimant's property but do so without any delineation of the location of any such lines.

Surveyor Michael S. Mahoney, whose declaration is submitted in support of this Response, explains that (a) the documents upon which Debtors rely do not contain the grant of rights that PG&E ascribes to them and (b) that PG&E has never prepared a customary and appropriate Record of Survey of its own to even attempt to demonstrate where any such easement might exist. At trial, Mr. Mahoney will explain the history of the area at the intersection of Highway 101 and 380, including the development of the airport and highways. Those facts, together with the extensive documents attached by the Debtors to the Declaration of Steven Lamb, will compel the conclusion that PG&E does not have any easements on the Property.

The facts to be determined at trial have no relationship to any matter relating to the Debtors' Chapter 11 case or any aspect of administration. The factual disputes relate to matters of title documents, surveys, and Records of Survey.

The nature of the factual disputes accentuates the appropriateness of the San Mateo County Superior Court conducting the trial of the Lawsuit.

## CONCLUSION

The Proof of Claim on file sufficiently apprises the Debtors of the nature of the claims and the relief sought.

The subject matter of the Proof of Claim was known in all its detail by the Debtors immediately before, and immediately after, the commencement of the Bankruptcy Cases by their participation in the Lawsuit.

The sufficiency of the Proof of Claim is bolstered by the actual knowledge of the Debtors and their state court counsel appearing on this Objection, by the presumption of validity, by the "exceedingly low threshold" of adequacy of pleadings, and by the authority to dismiss claims only if

RESPONSE AND POINTS AND AUTHORITIES IN OPPOSITION TO OBJECTION TO CLAIM #2090   13
Case: 19-30088   Doc# 12572   Filed: 06/28/22   Entered: 06/28/22 16:26:00   Page 17 of 18

no possible claim could ever be determined from a moving pleading.

The acceptance of "informal claims" as sufficient to satisfy the requirements for filing of Proofs of Claims likewise warrants denial of the Objection as the Lawsuit was not only known to the Debtors, but the Debtors filed pleadings regarding the Lawsuit during the claims filing period. The Lawsuit pleadings constitute an adequate Proof of Claim or the basis for the Court's order allowing amendment of Claim No. 2090 to more specifically state the claims in the Lawsuit.

With respect to the manner of adjudicating the claims and defenses, there is no reason for this Bankruptcy Court to act as the trial court for state law claims. The State Court has assigned a single judge to hear all matters in the case and should be allowed to complete the proceedings.

Claimant also urges that since the trespass is a continuing invasion, the issues could be determined in a new action in the State Court. The duplication involved in that process is unnecessary as the issues can be determined in the action pending before Judge Fineman upon this Court's abstention or grant of relief from stay.

Dated: June 28, 2022          COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Lawrence A. Jacobson
Attorneys for Claimant and Respondent