1    LAWRENCE A. JACOBSON, SBN 057393
     SEAN M. JACOBSON, SBN 227241
2    COHEN AND JACOBSON, LLP
     66 Bovet Road, Suite 285
3    San Mateo, CA 94402
     Telephone: (650) 261-6280
4    laj@cohenandjacobson.com

5    Attorneys for Amir Shahmirza

6

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO DIVISION

10   In re                                Case No. 19-30088 (DM)

11   PG&E CORPORATION,                    Chapter 11

12        - and -                         (Lead Case) (Jointly Administered)

13   PACIFIC GAS AND ELECTRIC
     COMPANY,                             **DECLARATION OF LAWRENCE A.**
14                                         **JACOBSON IN SUPPORT OF**
               Debtors.                    **OPPOSITION TO OBJECTION TO**
15                                         **CLAIM #2090**
     ☐ Affects PG&E Corporation
16   ☐ Affects Pacific Gas and Electric Company   **Date:  July 12, 2022**
     ■ Affects both Debtors               **Time: 10:00 a.m.**
17   _____      **Place: (Tele/Videoconference Appearances**
                                           **Only)**
18                                         **United States Bankruptcy Court**
                                           **Courtroom 17, 16th Floor**
19                                         **San Francisco, CA 94102**

20

21        I, Lawrence A. Jacobson, declare:

22        1.    I am an attorney duly licensed to practice in all of the courts of the State of California

23   and in the above entitled Court and am counsel for Amir Shahmirza ("Shahmirza") and Komir, Inc.,

24   in making the Response to Objection to Claim No. 2090.[1]

25        2.    On July 12, 2021, I substituted as counsel of record for Shahmirza and Komir, Inc., in

26   _____

     [1] As filed on March 19, 2019, the Proof of Claim appears at Claim 65-1.

     **DECLARATION OF LAWRENCE A. JACOBSON IS SUPPORT OF OPPOSITION TO OBJECTION TO CLAIM #2090** 1

that action entitled *Amir Shahmirza, an individual, and Komir, Inc., a business entity, vs. PG&E, a business entity*" in the Superior Court of San Mateo County, California, as Case No. 18-CIV-06064 (the "Lawsuit").

3.      I have downloaded the pleadings in the Lawsuit and have reviewed all of them including the copies identified below and attached hereto.

4.      Effective January 1, 2021, the Superior Court of San Mateo adopted a single judge assignment system whereby all pending matters were assigned to a designated judge for all purposes for the remainder of the proceedings.  The Lawsuit was assigned to the Hon. Nancy Fineman.  The Lawsuit remains subject to the Plan Stay and for that reason no further proceedings have occurred.

5.      Attached hereto are true and correct copies of the following pleadings:

Exhibit A:      Complaint for Damages and Equitable Relief filed on November 9, 2018

Exhibit B:      Notice of Demurrer and Complaint filed on January 11, 2019

Exhibit C:      Memorandum of Points and Authorities in Support of Demurrer filed on January 11, 2019

Exhibit D:      PG&E Corporations Notice of Bankruptcy Filing and Imposition of Automatic Stay filed on January 30, 2019 (referring to filing of Bankruptcy Cases on January 29, 2019)

Exhibit E:      Notice of Withdrawal of Demurrer to Complaint filed on February 25, 2019

Exhibit F:      Proof of Claim filed on March 19, 2019 in the Bankruptcy Cases.

Exhibit: G      Notice of Assignment for All Purposes filed on December 4, 2020.

Exhibit H:      Docket of Lawsuit

Exhibit I:      Statement of Financial Affairs, Section 7, Legal Actions (Docket No. 1460-3, page 213 of 539)

The pleadings were filed in the courts identified in the captions.

I have personal knowledge of the facts set forth herein and can competently testify thereto.

Executed at Burlingame, California, on the 28th day of June, 2022.

1          I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct.

3                                    /s/   Lawrence A. Jacobson

# EXHIBIT A

Matthew Mellen (Bar No. 233350)
Duncan McGee Nefcy (Bar No. 315142)
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone:     (415) 315-1653
Facsimile:      (415) 276-1902
Email:          email@mellenlawfirm.com

Attorney for Plaintiff,
AMIR SHAHMIRZA
KOMIR, INC.

F I L E D
SAN MATEO COUNTY
NOV 09 2018
Clerk of the Superior Court
By
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| AMIR SHAHMIRZA, an individual; KOMIR, INC., a business entity;<br><br>        Plaintiffs,<br><br>v.<br><br><br>PG&E CORPORATION, a business entity; and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.:     **18CIV06064**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.  Trespass;<br>2.  Interference with Prospective Economic Advantage;<br>3.  Violation of Bus. & Prof. Code § 17200 et seq. (Unfair Business Practices)<br><br>BY FAX<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFFS, AMIR SHAHMIRZA and KOMIR, INC.;

18-CIV-06064
CMP
Complaint
1486350

1

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**PRELIMINARY ALLEGATIONS**

1.    Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. (hereinafter and collectively, "Plaintiffs") bring suit for Defendant PG&E CORPORATION's (hereinafter, "Defendant") Trespass onto Plaintiffs' property and related causes of action. Specifically, Defendant has without authorization lowered powerlines by eleven (11) feet into the airspace above Plaintiffs' property thereby interfering with Plaintiffs' ability to develop this land.

**JURISDICTION AND VENUE**

2.    This is an action asserting violations of California State Law. Plaintiffs bring this lawsuit due to Defendant's intentional and illegal interference with Defendants' interest in real property that they own located at 800 Walnut Street, San Bruno, CA 94066. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of San Bruno within the County of San Mateo. Venue is therefore proper in the County of San Mateo.

**PARTIES**

3.    Plaintiff AMIR SHAHMIRZA is, and all times mentioned herein, a California resident of San Mateo County, CA and an owner of the property which is the subject of this lawsuit. Furthermore, Plaintiff AMIR SHAHMIRZA is the principal member, officer, and owner of Plaintiff KOMIR, INC..

4.    Plaintiff KOMIR, INC. is, and at all times mentioned herein, a California Corporation located at 10 Rollins Road #217, Millbrae, CA 94030 doing some or part of its business in commercial real estate. Plaintiff KOMIR, INC. is an owner and beneficial interest holder of title of the property subject which is the subject of this lawsuit. Plaintiff KOMIR, INC. is managed by Plaintiff AMIR SHAHMIRZA, an individual.

5.    At all times relevant herein, Plaintiff is informed, believes, and thereon alleges that Defendant PG&E CORPORATION (hereinafter, "Defendant") is a diversified power, electric, and gas companies that is in the business of providing power, electric, and gas products and services to consumers. Plaintiff is informed, believes, and thereon alleges that Defendant

1  currently and at all relevant times owned, maintained, or controlled powerlines that run over

2  Plaintiffs' property which is the subject of this lawsuit.

3  6.     Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under

4  the fictitious names DOES 1 through 10, inclusive, and Plaintiff will amend this complaint to

5  allege such names and capacities as soon as they are ascertained. Each of said fictitiously named

6  Defendants is responsible in some manner for the wrongful acts for which Plaintiff has

7  complained herein.

8  7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was

9  acting as an agent and/or employee of each of the other Defendants and was acting within the

10  course and scope of said agency and/or employment with the full knowledge and consent of each

11  of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions

12  complained of herein was made known to, and ratified by, each of the other Defendants

13  8.     This court has personal jurisdiction over the parties as all Defendants engage in business

14  within the State of California and the property making up the subject matter of this lawsuit is

15  located in the County of San Mateo, CA.

16  **STATEMENT OF FACTS**

17  9.     On or about December 18, 2000, Plaintiffs acquired title the property located at 800

18  Walnut Street, San Bruno, CA 94066 ("the Property") by Grant Deed from Neil & Melanie

19  Hildebrand. The conveyance from Neil & Melanie Hildebrand is recorded as Doc. No. 2000-

20  160019.

21  10.    Plaintiffs rightfully own the land as well as all features appurtenant thereto including

22  without limitation rights to the soil beneath the Property and the column of space above the

23  Property.

24  11.    Plaintiffs allege herein that Defendant has substantially deprived or interfered with

25  Plaintiffs' use, enjoyment, and interest in a significant portion of this Property.

26  12.    Over the summer of this year, Defendant constructed or modified powerlines that run over

27  Plaintiffs' property, namely the Property which is the subject of this lawsuit.

28

3

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

13.     The powerlines that Defendant constructed over the Property were lower by at least eleven (11) feet from where they were previously. Specifically, the powerlines were previously, as well as at the time Plaintiffs acquired the Property, approximately seventy-three (73) feet above the ground, but around late September or early October of this year, Defendant lowered the powerlines to around sixty-two (62) feet above ground from the base of the new towers, which were built closer to the Property's borders.

14.     Defendant was not authorized by Plaintiff to lower the powerlines as herein described.

15.     In fact, on or about September 18, 2018, Plaintiff AMIR SHAHMIRZA notified Defendant's agent and employee Scott Brady via email that Defendant does not have Plaintiffs' permission to lower the powerlines as described herein and that they are to cease construction on them until they obtain authorization from Plaintiffs.

16.     Plaintiffs are informed and believe and thereon allege that as per County of San Mateo codes, ordinances, regulations, and law, they are not allowed to build structures on their land within a certain number of feet of the powerlines.

17.     By lowering its powerlines, Defendant has made it impossible for Plaintiffs to build a multi-story structure on the Property as allowed by the County of San Mateo.

18.     Defendant has thereby deprived Plaintiffs of their right to improve their land and have significantly stifled their ability to use the Property.

19.     At no time did Defendant have any right or permission to lower its powerlines as described herein.

20.     Furthermore, Defendant was on notice that it did not have permission to lower its powerlines as described herein.

21.     Defendant now occupies and possess a portion of Plaintiffs' property, and they do not have any right to occupy and possess said portion of Plaintiffs' property.

22.     Plaintiffs' purchase and sale agreement with the former owners Neil & Melanie Hildebrand constituted a written contract which included as its consideration the ability to improve the Property and build structures thereon that exceed a height of approximately thirty-

4

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   five (35) feet or at least two stories. By interfering with Plaintiffs' possession and use of the

2   Property as described herein, Defendant has substantially interfered with Plaintiffs' reasonably

3   anticipated and expected benefit of the agreement between Plaintiffs and Neil & Melanie

4   Hildebrand.

5   23.   This suit follows.

### FIRST CAUSE OF ACTION
**Tresp ss**
(Against Defendant PG&E CORPORATION)

24.   Plaintiffs incorporate all allegations of this complaint and re-allege them as though they

were fully set forth herein.

25.   The elements of a cause of action for Trespass are as follows: 1) plaintiffs owned the

property; 2) defendant intentionally entered the property; 3) plaintiffs did not give defendant

permission to enter the property; 4) plaintiffs were harmed; and 5) defendant's conduct, namely

entering plaintiffs' property, was a substantial factor in causing plaintiffs' harm.

26.   Plaintiffs owned the Property.

27.   Defendant intentionally entered the Property when they built powerlines on Plaintiffs'

property and lowered the powerlines by several feet thereby entering, occupying, and possessing

a portion of Plaintiffs' Property that they had not previously entered, occupied, or possessed.

28.   Plaintiffs did not give Defendant permission to enter, possess, or occupy the portion of

their property that is several feet lower than the previous position of the powerlines.

29.   Plaintiffs were harmed because as a result of Defendant's conduct, they were deprived of

the use of their land. Their harm includes without limitation not being able to build a structure on

their property that is higher than one story or approximately twenty-four (24) feet which

significantly reduces the value and use of the Property.

30.   The harm that Plaintiffs suffered is a direct, actual, foreseeable, and legal consequence of

Defendant's conduct as described herein. Therefore, Defendant's conduct was a substantial factor

in causing Plaintiffs' harm.

5

1    31.    As a result of Plaintiffs' reasonable reliance, they have suffered, and continue to suffer,

2    actual damages including, but not limited to, the loss of their Property, incurred attorneys' fees, a

3    loss of reputation and goodwill, destruction of credit, emotional distress, loss of appetite,

4    frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression,

5    according to proof at trial but within the jurisdiction of this Court.

6    32.    Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code

7    § 3294. Defendant's actions were malicious and willful in conscious disregard of the rights and

8    safety of Plaintiffs in that Defendant carried out its conduct without regard to Plaintiffs'

9    wellbeing. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive

10   damages to punish Defendant and to deter them from engaging in future misconduct.

11   **SECOND CAUSE OF ACTION**
     **Interference With Prospective Econo  ic Adv  nt   e**

12   (Against Defendant PG&E CORPORATION)

13   33.    Plaintiffs incorporate all allegations of this complaint and re-allege them as though they

14   were fully set forth herein.

15   34.    The elements of a cause of action for Interference With Prospective Economic Advantage

16   are as follows: 1) plaintiff and a third party were in an economic relationship that probably would

17   have resulted in an economic benefit to plaintiff; 2) defendant knew about the relationship; 3)

18   defendant engaged in wrongful conduct; 4) by engaging in said wrongful conduct, defendant

19   intended to disrupt the relationship or knew that disruption of the relationship was certain or

20   substantially certain to occur; 5) plaintiff was harmed; and 6) defendant's wrongful conduct was a

21   substantial factor in causing plaintiff's harm.

22   35.    Neil & Melanie Hildebrand are third parties.

23   36.    Plaintiffs and Neil & Melanie Hildebrand were engaged in an economic relationship,

24   namely an exchange of valuable consideration for real property for anticipated commercial use.

25   37.    Plaintiffs' consideration for transacting with Neil & Melanie Hildebrand was that Neil &

26   Melanie Hildebrand were transferring title to commercially viable real property to Plaintiffs

27   which included as well as the land itself but also the airspace above the land.

28

6

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  38.   When Plaintiffs transacted with Neil & Melanie Hildebrand, they reasonably expected to

2  receive real property upon which they could construct a building that stands at least two stories.

3  39.   Defendant had knowledge of this relationship because they were on notice at all relevant

4  times by the properly recorded documents recorded in the County of San Mateo as Doc. No.

5  2000-160019 that Neil & Melanie Hildebrand transferred their interest in the Property to

6  Plaintiffs in or around late 2000. Furthermore, Plaintiffs reasonably informed Defendant that they

7  do not have consent to lower their powerlines and that by doing so, they are interfering with their

8  ability to build a structure upon the Property.

9  40.   By taking possession of and occupying a portion of Plaintiffs' column of space above the

10  land making up a portion of the Property without Plaintiffs' consideration and against their

11  express instructions not to do so, Defendant wrongfully trespassed on the Property and thereby

12  engaged in wrongful conduct.

13  41.   By engaging in the aforementioned wrongful conduct, namely non-consensually

14  possessing and occupying part of Plaintiffs' Property, Defendant has deprived Plaintiffs of the

15  ability to legally construct a structure upon their land that exceeds approximately one story.

16  Limiting Plaintiffs to a structure upon the Property that does not exceed one story significantly

17  stifles the economic viability of the Property. Such limitation means that Plaintiffs cannot realize

18  benefit of their relationship with Neil & Melanie Hildebrand.

19  42.   Defendant knew that such conduct would disrupt the relationship between Plaintiffs and

20  Neil & Melanie Hildebrand because Plaintiffs informed Defendant that their conduct is

21  interfering with their ability to construct a structure on the Property as well as the fact that

22  Defendant was at all relevant times on notice of said relationship.

23  43.   Plaintiffs were harmed because they are no longer able to build a structure upon the

24  Property that exceeds one story, and such limitation severely limits, if not eliminates entirely, the

25  economic viability of the Property.

26  44.   There are laws that specifically limit the physical proximity of structures upon property to

27  powerlines, so the severe limitation on construction of a structure upon the Property is exactly the

28

Case: 19-30088   Doc# 12572-1   Filed: 06/28/22   Entered: 06/28/22 16:26:00   Page
11 of 56

1  kind of thing that Defendant should reasonably expect to result from lowering the powerlines the

2  as described herein, and such a consequence is exactly the kind of thing that makes Defendant's

3  conduct harmful. The resultant loss in economic viability from lowering the powerlines is

4  reasonably foreseeable. It is the kind of thing that makes Defendant's conduct harmful and likely

5  to lead to loss of value for Plaintiffs because a multi-story structure is more valuable and useful

6  than a single-story structure. Defendant's conduct is therefore a substantial factor in causing

7  Plaintiffs' harm.

8  45.    As a result of Defendant's conduct as herein described, Plaintiffs have suffered, and

9  continues to suffer, actual damages and various expenses including without limitation loss of use

10 of the Property, loss of marketability of the Property, attorney fees, and various other costs and

11 expenses. Plaintiffs therefore seek from the Court an injunction against Defendant as well as any

12 and all other legal and equitable remedies subject to proof as well as those the Court deems due

13 and proper.

14 46.    Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code

15 § 3294. Defendant's actions were malicious and willful; in conscious disregard of the rights and

16 safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are

17 entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to

18 deter them from engaging in future misconduct.

19              **T  IRD CAUSE OF ACTION**
                **Viol tion of Bus.    Prof. Code   17200 et seq.**
20              (Against Defendant PG&E CORPORATION)

21 47.    Plaintiffs incorporate all allegation of this complaint and re-allege them as though they

22 were fully set forth herein.

23 48.    Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent

24 business practices, as defined in the California Business and Professions Code    § 17200 *et seq*.

25 California Business and Professions Code § 17200 *et seq*. borrows violations from other statutes

26 and laws and makes them unlawful to engage in as a business practice. Plaintiffs' California

27 Business and Professions Code § 17200 allegations are tethered to the following laws:

28

                                  8
              COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

49.     Defendant's Trespass constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq*.

50.     Defendant's Intentional Interference With Plaintiffs' Prospective Economic Advantage constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq*.

51.     Defendant's conduct as described herein was also unlawful and fraudulent because it violated the law and was likely to deceive others.

52.     As a result of Defendant's wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial, including but not limited to the imminent loss of the Property.

53.     As an actual and proximate result of Defendant's conduct as herein described, Plaintiffs lost actual property.

54.     Likewise, Plaintiffs were injured and are entitled to actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

55.     Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

56.     Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

57.     Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code § 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

///

///

9

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. demands a trial by jury. Plaintiffs prays for judgment and order against Defendant, as follows:

1. For an order requiring Defendant to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

2. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from constructing more powerlines on the Property or further lowering any powerlines and for transferring any rights thereto;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from maintaining the powerlines that were lowered or transferring rights thereto;

4. For a preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from continuing to occupy the Property and evicting them therefrom:

5. For an order stating that Defendant engaged in unfair business practices;

6. For damages, disgorgement, and injunctive relief;

7. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

8. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

9. That judgment is entered in Plaintiffs' favor and against Defendant, and each of them;

10. For such other and further relief as the Court may deem just and proper.


DATED: November 1, 2018                Respectfully submitted,

                                       MELLEN LAW FIRM



                                       ▶ _Duncan McGee Nefcy_
                                       Duncan McGee Nefcy
                                       Attorney for Plaintiffs
                                       AMIR SHAHMIRZA
                                       KOMIR, INC.

# EXHIBIT B



1   ROVENS LAMB LLP
    Steven A. Lamb (SBN 132534)
2   slamb@rovenslamb.com
    1500 Rosecrans Avenue, Suite 418
3   Manhattan Beach, California 90266
    Telephone:  +1.310.536.7830
4   Facsimile:   +1.310.872.5026

5   LAW OFFICES OF JENNIFER L. DODGE INC.
    Jennifer L. Dodge (SBN 195321)
6   jdodgelaw@jenniferdodgelaw.com
    2512 Artesia Boulevard, Suite 300D
7   Redondo Beach, California 90278
    Telephone:  +1.310.372.3344
8   Facsimile:   +1.310.861.8044

9
    Attorneys for Defendant PG&E CORPORATION
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                   **FOR THE COUNTY OF SAN MATEO**

13

14  AMIR SHAHMIRZA, an individual;          Case No. 18CIV06064
    KOMIR, INC., a business entity,
15                                          **NOTICE OF DEMURRER AND
                  Plaintiffs,               DEMURRER TO COMPLAINT**
16
                                            Complaint filed: November 9, 2018
17       v.
                                            Trial Date:   None
18  PG&E CORPORATION, a business entity;    MSC Date:   March 14, 2019
    and DOES 1 through 10, inclusive,
19                                          Hearing Date:   March 13, 2019
                                            Time:              9:00 a.m.
20                Defendants.               Dept.:          Law & Motion

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
              NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT

FILED
SAN MATEO COUNTY

JAN 1 1 2019

Clerk of the Superior Court
By _____
        DEPUTY CLERK

BY FAX

18 - CIV - 06064
DEMU
Demurrer and First Appearance Fee to
1590718



Case 19-30088   Doc# 12572-1   Filed: 06/28/22   Entered: 06/28/22 16:26:00   Page 16 of 56

1        **PLEASE TAKE NOTICE** that on March 13, 2019, at 9:00 a.m. in the Law & Motion

2 Department of the above entitled Court, located at 400 County Center, Redwood City,

3 California 94063, or as soon thereafter as the matter may be heard, Defendant Pacific Gas and

4 Electric Corporation ("PG&E") will and hereby does demur to the Complaint of Plaintiffs Amir

5 Shahmirza and Komir, Inc., pursuant to California Code of Civil Procedure Sections 430.10 (a)

6 and (e), on the following grounds:

7       (1)     Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action

8 against PG&E as it relates to Plaintiffs' Second Cause of Action for Interference with Prospective

9 Economic Advantage, because that cause of action is based in contract – the purchase and sale

10 agreement by and between the Hildebrands and Komir, Inc. ("Komir") for 800 Walnut Avenue,

11 San Bruno, California (the "Property") – and that contract was fully consummated over 18 years

12 ago and is not a proper basis for a claim for interference with <u>prospective</u> economic advantage;

13       (2)     Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action

14 against PG&E as it relates to Plaintiffs' Third Cause of Action for Unfair Business Practices

15 under Business & Professions Code Section 17200, because a Section 17200 claim must be based

16 on an underlying tort alleging an unlawful, unfair or fraudulent <u>business act or practice</u>, and:

17            a.   While a properly alleged interference claim would qualify as a predicate

18                business tort, that cause of action lacks merit, as noted above; and

19            b.   The remaining trespass cause of action is a property-based tort and does not

20                allege an unlawful, unfair, or fraudulent <u>business act or practice</u>;

21       (3)     Plaintiff Amir Shahmirza is not a proper plaintiff on the Complaint because the

22 only valid cause of action is for trespass and the only valid plaintiff is the title holder and owner

23 of the property, Komir.

24       PG&E's Demurrer is based on this Notice of Demurrer and Demurrer, the Memorandum

25 of Points and Authorities filed concurrently herewith, the Request for Judicial Notice filed

26 herewith, on the pleadings and papers presently on file in this matter, and on such further

27 matters and argument that the Court considers at the hearing of this Demurrer.

28

---

**NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT**
- 1 -

1   Dated: January 11, 2019                ROVENS LAMB LLP

2

3                                          By: _____
                                                    Steven A. Lamb
4

5                                          Attorneys for Defendants PG&E Corporation

6

7   Dated: January 11, 2019                LAW OFFICES OF JENNIFER L. DODGE INC.

8

9                                          By: _____
                                                    Jennifer L. Dodge
10

11                                         Attorneys for Defendants PG&E Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

ROVENS LAMB LLP
Case: 19-30088   Doc# 12572-1   Filed: 06/28/22   Entered: 06/28/22 16:26:00   Page
18 of 56

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

STATE OF CALIFORNIA     )
                                   )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1500 Rosecrans Avenue, Ste. 418, Los Angeles, California 90266.

On January 10, 2019, I served the following document(s):

- **NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT**

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO COMPLAINT**

- **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes, addressed as follows:

**(X)**     **BY U.S. MAIL.** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**( )**     **BY ELECTRONIC MAIL** I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )**     **BY OVERNIGHT COURIER** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )**     **BY FACSIMILE.** I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

        Executed on January 10, 2019 at Los Angeles, California.

**(X)**     **STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Tammy Cortez

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

PROOF OF SERVICE

## SERVICE LIST
### *Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

| | |
|---|---|
| Matthew Mellen<br>Duncan McGee<br>MELLEN LAW FIRM<br>One Embarcadero Center<br>Fifth Floor<br>San Francisco, CA 94111<br>Tel: 415-315-1653<br>Fax: 315-276-1902<br>Email: email@mellenlawfirm.com | • Attorneys for Plaintiff AMIR<br>SHAHMIRZA |
| | |

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

# EXHIBIT C



1  ROVENS LAMB LLP
   Steven A. Lamb (SBN 132534)
2  slamb@rovenslamb.com
   1500 Rosecrans Avenue, Suite 418
3  Manhattan Beach, California 90266
   Telephone: +1.310.536.7830
4  Facsimile: +1.310.872.5026

5  LAW OFFICES OF JENNIFER L. DODGE INC.
   Jennifer L. Dodge (SBN 195321)
6  jdodgelaw@jenniferdodgelaw.com
   2512 Artesia Boulevard, Suite 300D
7  Redondo Beach, California 90278
   Telephone: +1.310.372.3344
8  Facsimile: +1.310.861.8044

9
   Attorneys for Defendant PG&E CORPORATION
10

**FILED**
**SAN MATEO COUNTY**

JAN 1 1 2019

Clerk of the Superior Court
By _____
        DEPUTY CLERK

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              FOR THE COUNTY OF SAN MATEO

13

14  AMIR SHAHMIRZA, an individual;            Case No. 18CIV06064
    KOMIR, INC., a business entity,
15                                            **MEMORANDUM OF POINTS AND**
                Plaintiffs,                   **AUTHORITIES IN SUPPORT OF**
16                                            **DEMURRER TO COMPLAINT**

17              v.                            Complaint filed: November 9, 2018

18  PG&E CORPORATION, a business entity;      Trial Date: None
    and DOES 1 through 10, inclusive,
19                                            Hearing Date:  March 13, 2019
                Defendants.                   Time:          9:00 a.m.
20                                            Dept.:         Law & Motion

21

22                                           18 – CIV – 06064
                                             MPAS
23                                           Memorandum of Points and Authorities in Supp
                                             1591468
24

25

26

27

28
_____
     **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER TO COMPLAINT**

# 1.    BACKGROUND AND PROCEDURAL HISTORY

This is a simple commercial real estate case involving overhead transmission lines that cross over property at 800 Walnut Avenue, San Bruno, California 94066 (the "Property"). [See Complaint at ¶¶ 9, 13.] Plaintiffs claim to have purchased the Property in 2000 from Neil and Melanie Hildebrand. [Complaint at ¶ 9.] For several decades beforehand, Defendant PG&E Corporation ("PG&E") has maintained transmission lines that crossed the Property. Plaintiffs complain that PG&E lowered those transmission lines 11 feet – from 73 feet above ground to 62 feet above ground. [Complaint at ¶ 13.] Plaintiffs further complain that PG&E lowered the transmission lines without approval and over Plaintiffs' objection. [Complaint at ¶¶ 14, 15.]

Plaintiffs filed their Complaint on November 9, 2018, asserting three causes of action against PG&E: (1) trespass; (2) interference with prospective economic advantage; and (3) violation of Business and Professions Code §§17200, et seq. (unfair business practices). The allegations in the Complaint are sufficient to allege trespass. They are not sufficient, however, to allege either interference with prospective economic advantage or unfair business practices. The interference claim fails because Plaintiffs fail to allege interference with a **prospective** economic advantage. What Plaintiffs allege is that, by lowering the transmission lines, PG&E interfered with an anticipated but as yet unidentified potential future ability to build a multi-story building on the Property – which was one of the purposes of the contractual relationship by and between Plaintiffs and the Hildebrands that resulted in the sale of the Property in 2000 – 18 years before the instant lawsuit. [Complaint at ¶ 22.] This is not a proper basis for a cause of action for interference with **prospective** economic advantage.

Plaintiffs' unfair business practices cause of action is based on both its trespass and interference causes of action. While interference with prospective economic advantage can form the basis for an unfair business practices claim, as set forth above, that cause of action is not viable. Moreover, trespass cannot form the basis for an unfair business practices claim. Accordingly, the unfair business practices cause of action fails and the Second and Third Causes of Action should be dismissed, with prejudice.

2. **LEGAL STANDARD FOR A DEMURRER**

A demurrer tests the sufficiency of a complaint by raising questions of law. *Andal v. City of Stockholm* (2006) 137 Cal.App.4th 86, 90; Cal.Civ.Proc. Code §589(a). A demurrer admits all the material facts properly pled by plaintiff. *Jenkins v. Family Health Prog.* (1989) 214 Cal.App.3d 440, 445. The complaint "must be construed liberally by drawing reasonable inferences from the facts pleaded" in favor of plaintiffs. *City of Pomona v. Sup. Ct.* (2001) 89 Cal.App.4th 793, 800. The Court sustains a demurrer when the allegations of a complaint, standing alone or in addition to matters properly judicially noticed, fail to state a cause of action or a defense to the cause of action is embedded within the complaint. *See, e.g., Gervase v. Superior Court* (1995) 31 Cal.App.4th 1218, 1224.

3. **THE SECOND AND THIRD CAUSES OF ACTION IN THE COMPLAINT FAIL TO ALLEGE VIABLE CLAIMS AGAINST PG&E**

   A. **The Interference with Prospective Economic Advantage Cause of Action Fails to Allege a Viable Claim.**

This cause of action is not viable. It is predicated on the purchase and sale agreement with the prior owners of the Property, the Hildebrands. That contract was consummated in 2000, when the Hildebrands sold and transferred title to the Property. [See Complaint at ¶¶ 9, 22.] Because the cause of action is based on a contract – the purchase and sale agreement with the Hildebrands – the only potential cause of action is for interference with contractual relations. That claim, however, is not viable because the Hildebrands have no further obligations under the purchase and sale agreement executed over 18 years ago.

Casting the cause of action as interference with <u>prospective</u> economic advantage is likewise not viable, because the Hildebrands do not have an ongoing relationship with either Plaintiffs or the Property. *See, e.g., Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126 (while the tort of interference with prospective economic advantage does not require "proof of a legally binding contract," it "protects the same interest in stable economic relationships as does the tort of interference with contract" and requires a current identifiable business relationship with

1    a third party that is disrupted); *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017)
2    2 Cal.5th 505, 512 (noting that "the existence, between the plaintiff and some third party, of an
3    economic relationship that contains the probability of future economic benefit to the plaintiff"
4    includes the requirement that plaintiff allege: "(1) an <u>existing</u> economic relationship that (2)
5    contains the probability of an economic benefit to the plaintiff" (emphasis added)).

6          The relationship with the Hildebrands is not an existing economic relationship.   The
7    Property was transferred by Grant Deed over 18 years ago and there is no ongoing relationship
8    between Plaintiffs and the Hildebrands.  Accordingly, the Second Cause of Action for interference
9    with prospective economic advantage must be dismissed, with prejudice.

10         **B.      The B&P §17200 Cause of Action Fails Because it is Dependent on the**
11                   **Interference Claim.**

12         Plaintiffs' unfair business practices cause of action is dependent on the trespass and
13   interference with prospective economic advantage causes of action.  [See Complaint at ¶¶ 48-50.]
14   While the interference claim can form the basis for an unfair business practices cause of action, the
15   trespass claim cannot.  As set forth above, the interference claim is not viable and thus cannot form
16   the basis for the unfair business practices claim.

17         While the available torts that can form a basis for an unfair business practices claim is
18   relatively broad, the underlying tort must involve a business act or advertising.  It may not be based
19   on a trespass claim, which has no independent relationship to business practices and is a property-
20   based tort.   Indeed, there is no California case that supports utilizing a trespass claim as a
21   foundational predicate for an unfair business practices claim under Business and Professions Code
22   Section 17200.  *See* Bus. & Prof. Code §17200 ("unfair competition shall mean and include any
23   unlawful, unfair or fraudulent <u>business act or practice</u> and unfair, deceptive, untrue or misleading
24   <u>advertising</u>") (emphasis added); *see also Californians for Population Stabilization v. Hewlett-*
25   *Packard Co.* (1997) 58 Cal.App.4th 273, 287   (recognizing that, while §17200 has broad
26   application it must be predicated on an unlawful business practice and does not include all torts);
27   *Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881, 906-909 (discussing
28   requirement of "unlawful, unfair or fraudulent <u>business practice</u>," and finding that unfair non-

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER TO COMPLAINT**
- 3 -

competition clauses in employment contracts may be actionable by a group of employees, but not on an individual basis).

### 4. AMIR SHAHMIRZA IS NOT A PROPER PLAINTIFF

Additionally, Plaintiff Amir Shahmirza has no basis to assert these claims, including the cause of action for trespass. According to the Complaint, KOMIR, INC. is the owner and beneficial interest holder and holds title to the Property. [Complaint at ¶ 4.] Indeed, the Grant Deed referenced in the Complaint [See Complaint at ¶ 9], recorded on December 18, 2000, clearly reflects that title is held in the name of KOMIR, INC.[1] The owner of title in fee holds the property rights of the owner, including those of bringing an action for trespass. *See* Cal.Civ. Code §829. Amir Shahmirza is alleged to be an owner of the Property by virtue of his relationship to KOMIR, Inc. as a principal member, officer and owner of KOMIR. INC. Plaintiff Shahmirza, as an individual, however, does not hold title to or have other sufficient possessory interest (*e.g.*, a lease) in or to the Property, and his relationship as an owner of KOMIR, INC. does not allow him to sue on an individual basis. Accordingly, the Complaint as to Plaintiff Amir Shahmirza should be dismissed, with prejudice.

### 5. PG&E'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND

For all the foregoing reasons, PG&E respectfully requests that this Court sustain its Demurrer to Plaintiffs' Complaint, without leave to amend. Although leave to amend is at the sound discretion of the trial court and is generally liberally granted, there is no need to grant leave to amend where the complaint shows on its face that leave to amend would be futile. *Vernon v. State* (2004), 116 Cal.App.4th 114, 133; *Friedman v. Merck & Co.* (2003), 107 Cal.App.4th 454, 462-463. Accordingly, PG&E's Demurrer should be sustained, without leave to amend.

---

[1] See Grant Deed attached as Exhibit "B" to Request for Judicial Notice, filed concurrently herewith.

|     |                                           |                                                              |
|-----|-------------------------------------------|--------------------------------------------------------------|
| 1   | Dated:  January 11, 2019                  | ROVENS LAMB LLP                                               |
| 2   |                                           |                                                              |
| 3   |                                           | By: _____                      |
| 4   |                                           | Steven A. Lamb                                               |
| 5   |                                           | Attorneys for Defendants PG&E Corporation                    |
| 6   |                                           |                                                              |
| 7   | Dated:  January 11, 2019                  | LAW OFFICES OF JENNIFER L. DODGE INC.                        |
| 8   |                                           |                                                              |
| 9   |                                           | By: _____                      |
| 10  |                                           | Jennifer L. Dodge                                            |
| 11  |                                           | Attorneys for Defendants PG&E Corporation                    |

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1500 Rosecrans Avenue, Ste. 418, Los Angeles, California 90266.

On January 10, 2019, I served the following document(s):

- **NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT**

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO COMPLAINT**

- **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes, addressed as follows:

**(X)    BY U.S. MAIL.** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**( )    BY ELECTRONIC MAIL** I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )    BY OVERNIGHT COURIER** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )    BY FACSIMILE.** I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on January 10, 2019 at Los Angeles, California.

**(X)    STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Tammy Cortez

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

## SERVICE LIST
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

| | |
|---|---|
| Matthew Mellen<br>Duncan McGee<br>MELLEN LAW FIRM<br>One Embarcadero Center<br>Fifth Floor<br>San Francisco, CA 94111<br>Tel: 415-315-1653<br>Fax: 315-276-1902<br>Email: email@mellenlawfirm.com | • Attorneys for Plaintiff AMIR<br>SHAHMIRZA |

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

# EXHIBIT D

1 | ROVENS LAMB LLP
Steven A. Lamb (SBN 132534)
2 | slamb@rovenslamb.com
1500 Rosecrans Avenue, Suite 418
3 | Manhattan Beach, California 90266
Telephone: +1.310.536.7830
4 | Facsimile: +1.310.872.5026

5 | LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (SBN 195321)
6 | jdodgelaw@jenniferdodgelaw.com
2512 Artesia Boulevard, Suite 300D
7 | Redondo Beach, California 90278
Telephone: +1.310.372.3344
8 | Facsimile: +1.310.861.8044

9 | Attorneys for Defendant PG&E CORPORATION

10

**FILED**
**SAN MATEO COUNTY**

JAN 30 2019

Clerk of the Superior Court
By _____ DEPUTY CLERK

11 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | ### FOR THE COUNTY OF SAN MATEO

**BY FAX**

13

14 | AMIR SHAHMIRZA, an individual;
KOMIR, INC., a business entity,

15 | Plaintiffs,

16

17 | v.

18 | PG&E CORPORATION, a business
entity; and DOES 1 through 10, inclusive,

19

20 | Defendants.

21

Case No. 18CIV06064

**PG&E CORPORATION'S NOTICE OF
BANKRUPTCY FILING AND
IMPOSITION OF AUTOMATIC STAY**

Complaint filed: November 9, 2018

Trial Date: None
MSC Date: March 14, 2019

18 – CIV – 06064
NORE
Notice of Removal of Entire Case to Federal Cou
1625046

22 | ### NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY

23 | PLEASE TAKE NOTICE that on January 29, 2019, (the "**Petition Date**"), PG&E

24 | Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession

25 | (collectively, the "**Debtors**"), each commenced a voluntary case (the "**Chapter 11 Cases**") under

26 | chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (the "**Bankruptcy**

27 | **Code**") in the United States Bankruptcy Court for the Northern District of California (the

28

---

PG&E'S NOTICE OF BANKRUPTCY FILING AND AUTOMATIC STAY

ROVENS LAMB LLP
TRIAL LAWYERS

"**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered under Case Nos. 19-30088 and 19-30089.

PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). Accordingly, the above-captioned matter has been automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

PLEASE BE FURTHER ADVISED that any action taken against the Debtors without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay. The Debtors reserve and retain their statutory right to seek relief in the Bankruptcy Court from any action by Plaintiff(s) or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 11 Cases, please contact counsel for the Debtors:

> WEIL, GOTSHAL & MANGES LLP
> Stephen Karotkin (stephen.karotkin@weil.com)
> Jessica Liou (jessica.liou@weil.com)
> Matthew Goren (matthew.goren@weil.com)
> Kevin Bostel (kevin.bostel@weil.com)
> 767 Fifth Avenue
> New York, NY 10153-0119
> Tel: 212 310 8000
> Fax: 212 310 8007

ROVENS LAMB LLP
TRIAL LAWYERS

-and-

KELLER & BENVENUTTI LLP
Tobias S. Keller (tkeller@kellerbenvenutti.com)
Jane Kim (jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

Dated: January 30, 2019                    ROVENS LAMB LLP


                                    By: _____
                                                    Steven A. Lamb

                                    Attorneys for Defendant PG&E Corporation

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1500 Rosecrans Avenue, Ste. 418, Los Angeles, California 90266.

On January 30, 2019, I served the following document(s): **PG&E CORPORATION'S NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes, addressed as follows:

**(X)     BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL** I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )     BY OVERNIGHT COURIER** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )     BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on January 30, 2019 at Los Angeles, California.

**(X)     STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Tammy Cortez

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

PROOF OF SERVICE

**SERVICE LIST**
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

| Matthew Mellen | Attorneys for Plaintiff AMIR |
| Duncan McGee | SHAHMIRZA |
| MELLEN LAW FIRM | |
| 1050 Marina Village Parkway | |
| Suite 102 | |
| Alameda, CA 94501 | |
| Tel: 510-263-8441 | |
| Fax: 510-263-8453 | |
| Email: email@mellenlawfirm.com | |

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

# EXHIBIT E

1   ROVENS LAMB LLP
    Steven A. Lamb (SBN 132534)
2   slamb@rovenslamb.com
    1500 Rosecrans Avenue, Suite 418
3   Manhattan Beach, California 90266
    Telephone:  +1.310.536.7830
4   Facsimile:   +1.310.872.5026

5   LAW OFFICES OF JENNIFER L. DODGE INC.
    Jennifer L. Dodge (SBN 195321)
6   jdodgelaw@jenniferdodgelaw.com
    2512 Artesia Boulevard, Suite 300D
7   Redondo Beach, California 90278
    Telephone:  +1.310.372.3344
8   Facsimile:   +1.310.861.8044

9   Attorneys for Defendant PG&E CORPORATION

**FILED**
**SAN MATEO COUNTY**
FEB 2 5 2019
Clerk of the Superior Court
By
DEPUTY CLERK

18 – CIV – 06064
NOTW
Notice of Withdrawal
1668161

10

11                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                            FOR THE COUNTY OF SAN MATEO

13   AMIR SHAHMIRZA, an individual;        Case No. 18CIV06064     **BY FAX**
14   KOMIR, INC., a business entity,
                                           **NOTICE OF WITHDRAWAL OF**
15              Plaintiffs,                **DEMURRER TO COMPLAINT**

16        v.                               Complaint filed: November 9, 2018

17   PG&E CORPORATION, a business entity;  Trial Date:  None
18   and DOES 1 through 10, inclusive,     MSC Date:  March 14, 2019

19                                         Hearing Date:  March 13, 2019
                Defendants.                Time:        9:00 a.m.
20                                         Dept.:       Law & Motion

21

22

23

24

25

26

27

28

NOTICE OF WITHDRAWAL OF DEMURRER TO COMPLAINT
ROVENS LAMB LLP

1    **PLEASE TAKE NOTICE** that Defendant Pacific Gas and Electric Corporation

2    ("PG&E") hereby withdraws its Demurrer to the Complaint of Plaintiffs Amir Shahmirza and

3    Komir, Inc., pursuant to the Notice of Bankruptcy Filing and Imposition of Automatic Stay filed

4    with the Court on January 30, 2019.

5

6    Dated: February 25, 2019                    ROVENS LAMB LLP

7

8                                                By: _____
                                                         Steven A. Lamb

9                                                Attorneys for Defendants PG&E Corporation

10

11

12   Dated: February 25, 2019                    LAW OFFICES OF JENNIFER L. DODGE INC.

13

14                                               By: _____
                                                         Jennifer L. Dodge

15                                               Attorneys for Defendants PG&E Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF WITHDRAWAL OF DEMURRER TO COMPLAINT

- 1 -

ROVENS LAMB LLP

1

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
2
San Mateo Case No. 18CIV06064

3

STATE OF CALIFORNIA                    )
4                                       )
COUNTY OF LOS ANGELES                  )
5

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and
6    not a party to the within action. My business address is 1500 Rosecrans Avenue, Ste. 418, Los
Angeles, California 90266.
7

On February 25, 2019, I served the following document(s): **NOTICE OF WITHDRAWAL**
8    **OF DEMURRER TO COMPLAINT** on the interested parties in this action by placing a true
copy thereof enclosed in sealed envelopes, addressed as follows:
9

**(X)**      **BY U.S. MAIL.** I am "readily familiar" with the firm's practice of collecting and
10   processing correspondence for mailing. Under that practice, it would be deposited with the U.S.
Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in
11   the ordinary course of business. I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day after
12   date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to
counsel at the addresses listed on the attached service list.
13

**( )**      **BY ELECTRONIC MAIL** I hereby certify that I served the above-described document
14   on the interested parties in this action by attaching an electronic copy of the document to an
email addressed to the parties listed in the attached service list at their most recent e-mail
15   address of record in this action. I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful
16

**( )**      **BY OVERNIGHT COURIER** I caused the above-referenced document(s) to be
17   delivered to an overnight courier service (Federal Express/California Overnight Courier), for
delivery to the address(es) in the attached service list and requested the delivery receipt.
18

**( )**      **BY FACSIMILE.** I caused the above-referenced documents(s) to be transmitted to the
19   noted addressee(s) at the fax number as stated.

20          Executed on February 25, 2019 at Los Angeles, California.

21

**(X)**      STATE I declare under the penalty of perjury under the laws of the State of California
22   that the above is true and correct.

23

24                                                    _____
25                                                    Tammy Cortez

26

27

28

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

Case: 19-30088    Doc# 12572-1    Filed: 06/28/22    Entered: 06/28/22 16:26:00    Page
39 of 56

1

## SERVICE LIST
*Amir Shahmirza v. PG&E*
San Mateo Case No. 18CIV06064

2

| Matthew Mellen<br>Duncan McGee<br>MELLEN LAW FIRM<br>1050 Marina Village Parkway<br>Suite 102<br>Alameda, CA 94501<br>Tel: 510-263-8441<br>Fax: 510-263-8453<br>Email: email@mellenlawfirm.com | Attorneys for Plaintiff AMIR<br>SHAHMIRZA |
|---|---|

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROVENS LAMB LLP
1500 ROSECRANS AVENUE
SUITE 418
MANHATTAN BEACH, CA
90266

**PROOF OF SERVICE**

# EXHIBIT F

**Fill in this information to identify the case:**

Debtor 1: PG&E Corporation

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number: 19-30088

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Amir Shahmirza
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Amir Shahmirza c/o Mellen Law Firm
Name

1050 Marina Village Parkway, Suite 102
Number       Street

Alameda                CA        94501
City                      State     ZIP Code

Contact phone (510)263-9638

Contact email email@mellenlawfirm.com

**Where should payments to the creditor be sent?** (if different)

Amir Shahmirza
Name

10 Rollins Road, #217
Number       Street

Millbrae               CA        94030
City                      State     ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on 03/20/2019
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $_____20,000,000.00 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges  required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Lawsuit for trespass and related causes of action

9. **Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                             $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/20/2019
                  MM / DD / YYYY

/Matthew Mellen/
_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Matthew Mellen |
| | First name        Middle name        Last name |
| Title | Attorney |
| Company | Mellen Law Firm |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1050 Marina Village Parkway, Suite 102 |
| | Number        Street |
| | Alameda        CA        94501 |
| | City        State        ZIP Code |
| Contact phone | (510) 263-9638        Email  email@mellenlawfirm.com |

# EXHIBIT G



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1ˢᵗ Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

12/4/2020

**Clerk of the Superior Court**

/s/ Marcela Enriquez

DEPUTY CLERK

PETITIONER/PLAINTIFF: **AMIR SHAHMIRZA; KOMIR, INC., A BUSINESS ENTITY**

RESPONDENT/DEFENDANT: **PG&E CORPORATION, A BUSINESS ENTITY; DOES 1 THROUGH 10, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL)**

CASE NUMBER:
**18-CIV-06064**

**EFFECTIVE JANUARY 1, 2021,** by order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Nancy L. Fineman** in **Department 4**.

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Nancy L. Fineman | | Dept4@sanmateocourt.org |

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court or ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 12/4/2020

Neal I Taniguchi, Court Executive Officer/Clerk

By:     /s/ Marcela Enriquez

Marcela Enriquez, Deputy Clerk

Notice being served on:

AMIR SHAHMIRZA
NO KNOWN ADDRESS

PG&#38;E CORPORATION A BUSINESS ENTITY
NO KNOWN ADDRESS

DUNCAN MCGEE
MELLEN LAW FIRM
1050 MARINA VILLAGE PARKWAY SUITE 102
ALAMEDA CA  94501

Rev. Nov. 2020

KOMIR INC A BUSINESS ENTITY
NO KNOWN ADDRESS

DOES 1 THROUGH 10 INCLUSIVE
NO KNOWN ADDRESS

Rev. Nov. 2020

# EXHIBIT H

## Case Information

18-CIV-06064 | AMIR SHAHMIRZA, et al vs. PG&E CORPORATION, a business entity, et al

Case Number
18-CIV-06064

File Date
11/09/2018

Court
Civil Unlimited

Case Type
(26) Unlimited Other Real
Property

Judicial Officer
Fineman, Nancy L.

Case Status
Stayed

## Party

Plaintiff
SHAHMIRZA, AMIR

Active Attorneys ▾
Lead Attorney
JACOBSON, LAWRENCE A.
Retained

Plaintiff
KOMIR, INC., a business entity

Active Attorneys ▾
Lead Attorney
JACOBSON, LAWRENCE A.
Retained

Defendant
PG&E CORPORATION, a business entity

Defendant
DOES 1 THROUGH 10, INCLUSIVE

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 11/09/2018 | Complaint | Action | SHAHMIRZA, AMIR | PG&E CORPORATION, a business entity |

## Disposition Events

01/30/2019 Judgment ▾

Judgment Type
Stay/Removal

Party
Names: SHAHMIRZA, AMIR

PG&E CORPORATION, a business entity
KOMIR, INC., a business entity
DOES 1 THROUGH 10, INCLUSIVE

# Events and Hearings

11/09/2018 New Filed Case

11/09/2018 Complaint ▾

Complaint

11/09/2018 Summons Issued / Filed ▾

Summons Issued / Filed

11/09/2018 Civil Case Cover Sheet ▾

Civil Case Cover Sheet

11/09/2018 Notice of Case Management Conference ▾

Notice of Case Management Conference

11/09/2018 **Cause Of Action** ▾

| Action | File Date |
|--------|-----------|
| Complaint | 11/09/2018 |

11/16/2018 Proof of Service by SUBSTITUTED SERVICE of ▾

Proof of Service by SUBSTITUTED SERVICE of SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CAS

Comment

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKET SERVED ON LINDA Y H CHENG, PERSON AUTHORIZED TO ACCEPT SERVICE

12/26/2018 Notice of Change of Address of Attorney ▾

Notice of Change of Address of Attorney

01/11/2019 Demurrer and First Appearance Fee to ▾

Demurrer and First Appearance Fee to AND DEMURRER TO COMPLAINT

Comment

AND DEMURRER TO COMPLAINT

01/11/2019 Memorandum of Points and Authorities in Support ▾

Memorandum of Points and Authorities in Support OF DEMURRER TO COMPLAINT

Comment
OF DEMURRER TO COMPLAINT

01/11/2019 Request for Judicial Notice ▾

Request for Judicial Notice IN SUPPORT OF DEMURRER TO COMPLAINT

Comment
IN SUPPORT OF DEMURRER TO COMPLAINT

01/29/2019 Notice of Case Management Conference ▾

Notice of Case Management Conference CMC 4/26/19

Comment
CMC 4/26/19

01/30/2019 Notice of Removal of Entire Case to Federal Court ▾

Notice of Removal of Entire Case to Federal Court NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTO

Comment
NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY

02/25/2019 Notice of Withdrawal ▾

Notice of Withdrawal OF DEMURRER TO COMPLAINT

Comment
OF DEMURRER TO COMPLAINT

03/13/2019 Hearing on Demurrer ▾

~CIV Minute Order - Hearing on Demurrer 03/13/2019

Judicial Officer
Karesh, Jonathan E.

Hearing Time
9:00 AM

Result
Held

04/26/2019 Case Management Conference ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Cancel Reason
Vacated

12/04/2020 Notice of Assignment for All Purposes ▼

Notice of Assignment for All Purposes

07/12/2021 Substitution of Attorney as to ▼

Substitution of Attorney as to Former Attorney: MATTHEW MELLENNew Attorney: LAWRENCE A JACOBSON

Comment
Former Attorney: MATTHEW MELLEN New Attorney: LAWRENCE A JACOBSON

# Financial

SHAHMIRZA, AMIR

|  |  |  |  |  |
|---|---|---|---|---|
| Total Financial Assessment | | | | $435.00 |
| Total Payments and Credits | | | | $435.00 |

| | | | | |
|---|---|---|---|---|
| 11/9/2018 | Transaction Assessment | | | $435.00 |
| 11/9/2018 | Case Payment | Receipt # 2018-073348-HOJ | ONE LEGAL | ($435.00) |

PG&E CORPORATION, a business entity

|  |  |  |  |  |
|---|---|---|---|---|
| Total Financial Assessment | | | | $465.00 |
| Total Payments and Credits | | | | $465.00 |

| | | | | |
|---|---|---|---|---|
| 1/11/2019 | Transaction Assessment | | | $465.00 |
| 1/11/2019 | Case Payment | Receipt # 2019-002776-HOJ | ONE LEGAL | ($465.00) |

# Documents

Notice of Case Management Conference

Summons Issued / Filed

Complaint

Civil Case Cover Sheet

Proof of Service by SUBSTITUTED SERVICE of SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CAS

Notice of Change of Address of Attorney

Demurrer and First Appearance Fee to AND DEMURRER TO COMPLAINT

Memorandum of Points and Authorities in Support OF DEMURRER TO COMPLAINT

Request for Judicial Notice IN SUPPORT OF DEMURRER TO COMPLAINT

Notice of Case Management Conference CMC 4/26/19

Notice of Removal of Entire Case to Federal Court NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTO

Notice of Withdrawal OF DEMURRER TO COMPLAINT

~CIV Minute Order - Hearing on Demurrer 03/13/2019

Notice of Assignment for All Purposes

Substitution of Attorney as to Former Attorney: MATTHEW MELLENNew Attorney: LAWRENCE A JACOBSON

# EXHIBIT I

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☐ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|
| 7. 2152 SF BART DISTRICT V. PPF INDUSTRIAL WHIPPLE ET AL. RG 13708269 | PROPERTY MATTER | ALAMEDA COUNTY SUPERIOR COURT 1225 FALLON ST, OAKLAND, CA 94612 | CLOSED |
| 7. 2153 SF BART DISTRICT V. PPF INDUSTRIAL WHIPPLE ET AL. RG 13708269 | PROPERTY MATTER | ALAMEDA COUNTY SUPERIOR COURT 1225 FALLON ST, OAKLAND, CA 94612 | OPEN/PENDING |
| 7. 2154 SHAHMIRZA, AMIR, ET AL. V. PG&E CORP. 18CIV06064 | PROPERTY MATTER | SAN MATEO COUNTY SUPERIOR COURT 400 COUNTY CENTER, REDWOOD CITY, CA 94063 | OPEN/PENDING |
| 7. 2155 SHAMI V. PACIFIC GAS AND ELECTRIC COMPANY, ET AL. CGC-18-566287 | WILDFIRE | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102, USA | OPEN/PENDING |
| 7. 2156 SHAPIRO ET AL V. PACIFIC GAS AND ELECTRIC COMPANY ET AL. CGC-18-566416 | WILDFIRE | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102, USA | OPEN/PENDING |
| 7. 2157 SHARIF, FARID V. PG&E RG17874989 | PROPERTY MATTER | ALAMEDA COUNTY SUPERIOR COURT 1225 FALLON ST, OAKLAND, CA 94612 | OPEN/PENDING |
| 7. 2158 SHARON HEIGHTS GOLF AND COUNTRY CLUB, ET. AL (PG&E V.) (LINE 109) (COSTS ONLY) CIV 527657 | PROPERTY MATTER | SAN MATEO COUNTY SUPERIOR COURT 400 COUNTY CENTER, REDWOOD CITY, CA 94063 | OPEN/PENDING |
| 7. 2159 SHAUGHNESSY V. PACIFIC GAS & ELECTRIC COMPANY ET AL. CGC-18-570875 | WILDFIRE | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102, USA | OPEN/PENDING |
| 7. 2160 SHEEHAN V. PACIFIC GAS & ELECTRIC COMPANY ET AL. CGC-18-570946 | WILDFIRE | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102, USA | OPEN/PENDING |
| 7. 2161 SHEETMETAL & ASSOCIATES V. PG&E RG18907027 | OTHER BUSINESS MATTERS | ALAMEDA COUNTY SUPERIOR COURT 1225 FALLON ST, OAKLAND, CA 94612 | OPEN/PENDING |
| 7. 2162 SHELDON V. PACIFIC GAS & ELECTRIC COMPANY ET AL. CGC-18-572058 | WILDFIRE | SAN FRANCISCO COUNTY SUPERIOR COURT 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102, USA | OPEN/PENDING |