| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF THE ONE HUNDRED FIFTEENTH OMNIBUS OBJECTION (NO LIABILITY RECATEGORIZED CLAIMS)**<br><br>[Re: Dkt. Nos. 12173, 12469, 12377, 12470]<br><br>Date: July 12, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

# I. PRELIMINARY STATEMENT

In advance of the July 12, 2022, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," "**PG&E**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this omnibus reply brief (the "**Reply**") in further support of the *Reorganized Debtors' One Hundred Fifteenth Omnibus Objection to Claims (No Liability Recategorized Claims)* [Docket No. 12173] (the "**Omnibus Objection**")[1] to the following claims to be heard at the Hearing (the "**Contested Claims**"), for which formal or informal responses were received as noted below (each, a "**Response**," and, collectively, the "**Responses**"):

| Docket No. | Claimant | Claim No(s). |
|---|---|---|
| Informal | Adame, Martin | 57319<br>105862 |
| Informal | Richards, Stephen | 5548 |
| 12377 | Walters, Andrew | 86837 |

Through the Omnibus Objection, the Reorganized Debtors stated the legal grounds upon which they objected to each of the Contested Claims and presented supporting facts through the declaration of A. Anna Capelle [Docket No. 12174] and the Request to Take Judicial Notice [Docket No. 12175]. The Reorganized Debtors thus having supported the Omnibus Objection by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). Although the Reorganized Debtors received formal or informal Responses with respect to the Contested Claims, none of the Responses adequately addresses the legal or factual bases upon which the Reorganized Debtors objected to the Contested Claims, much less meets the claimants' burden of persuasion that the Court should not disallow and expunge the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Objection.

Contested Claims.  In support of this Reply, the Reorganized Debtors submit the Declaration of Gabrielle L. Albert (the "**Albert Decl.**"), filed concurrently herewith, and respectfully state as follows:

## II. REPLIES TO RESPONSES TO OMNIBUS OBJECTION

### A. Martin Adame (Claim Nos. 57319 and 105862)

Mr. Adame did not file a formal response to the Omnibus Objection.  Instead, on May 13, 2022, he left two voicemails with counsel for the Reorganized Debtors.  Both seemed to indicate that he would like to respond to the Omnibus Objection with respect to his claims, but provided no additional information.  Albert Decl. ¶ 3.  The Reorganized Debtors' counsel called Mr. Adame on May 13, 2022 and May 31, 2022, leaving voicemails both times, but no responses have been received or filed to date.  *Id*. at ¶ 4.

As detailed in the Omnibus Objection, the Reorganized Debtors objected to Mr. Adame's claims, which were based on the Ferguson Fire, because the Forest Service for the United States Department of Agriculture determined that the cause of the Ferguson Fire was a vehicle, not owned by PG&E.  In other words, PG&E was not responsible for the Ferguson Fire and therefore is not liable for Mr. Adame's alleged damages.  Because Mr. Adame's Response has not contested the factual or legal grounds upon which the Reorganized Debtors objected to his claim or provided any defense to the grounds raised in the Omnibus Objection, the Response should be overruled at the Hearing and Claim Nos. 57319 and 105862 should be disallowed and expunged.

### B. Stephen Richards (Claim No. 5548)

Mr. Richards did not file a formal response to the Omnibus Objection.  Instead, on April 25, 2022, he emailed counsel for the Reorganized Debtors, stating "please give me ten million dollars because I am a Ranch Fire (Mendocino Complex) victim and the U.S. SBA did not give me a loan."  Albert Decl. ¶ 5, Ex. A.

As detailed in the Omnibus Objection, CAL FIRE determined that the cause of the Ranch Fire was "human."  In other words, PG&E was not responsible for the Ranch Fire and therefore is not liable for Mr. Richards' alleged damages.  Mr. Richards' Response does not contest or even address these grounds in any way—rather, he affirms that his alleged damages arise from the Ranch Fire and makes a wholly irrelevant reference to the United States Small Business Administration.  For these reasons, he

has not met his burden of persuasion; the Response should be overruled at the Hearing and Claim No. 5548 should be disallowed and expunged.

C. **Andrew Walters (Claim No. 86837)**

Mr. Walters filed his Response on May 12, 2022 [Docket No. 12377].[2] Claim No. 86837 was included in the Omnibus Objection as a Barred by Statute of Limitations Claim; under sections 338(b) and (c) of the California Code of Civil Procedure, an action for injury to real or personal property must be commenced within three years. The claim arises from the Day Fire, which occurred in Shasta and Modoc Counties in 2014 (the proof of claim erroneously states that the fire occurred in 2013; the statute of limitations bars the claim under either date). As a result, the statute of limitations for any property damage claim expired in 2017, nearly two years before the Chapter 11 Cases were filed.

The Response seems to confuse the Bar Date for filing proofs of claim in these Chapter 11 Cases with the expiration of the statute of limitations, stating that "the sole responsibility this claimant has legally is to submit the claim before 10-21-19 'bar date order.'" Response at 2. Mr. Walters also refers to "section 350 of the California Code of Civil Procedure, which states that "An action is commenced, within the meaning of this Title, when the complaint is filed." *Id.* Mr. Walters alleges that he mailed the claim on October 16, 2019, in advance of the Bar Date. *Id*. at 1. The proof of claim was received by the Debtors' claims and noticing agent on October 24, 2019. Regardless, the Omnibus Objection does not seek to disallow the claim for being received several days after the Bar Date. Instead, by the Omnibus Objection, the Reorganized Debtors seek to disallow Mr. Walters' claim because it was filed well after the *statute of limitations* expired.

The Response next states—incorrectly—that "[u]nder federal law a claimant/plaintiff are [*sic*] afforded additional time to commence a court action after learning of injury (property damage). . . . In this case damages was [*sic*] observed on 10-14-19." *Id*. at 2. Leaving aside the fact that it strains credulity that Mr. Walters did not notice any damage from the Day Fire for five years—until several

---

[2] Mr. Walter's response only addresses Claim No. 86837. A second claim filed by Mr. Walters, No. 97977, also was included in the Omnibus Objection as a Barred by Statute of Limitations Claim. Because Mr. Walters did not respond to the Omnibus Objection with respect to this Claim, it was disallowed and expunged through the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' One Hundred Fifteenth Omnibus Objection to Claims (No Liability Recategorized Claims)*, entered on June 2, 2022 [Docket No. 12479].

days before the highly-publicized Bar Date and his filing of his Proof of Claim—Mr. Walters is incorrect that the law affords him any extra time to bring an action. Mr. Walters fails to cite any applicable state or federal discovery statute, and Code of Civil Procedure section 338—the applicable statute here—does not include a delayed discovery provision for injury to real or personal property.[3]

Finally, the Response appears to challenge causation. Mr. Walters states that "[i]n view of property damages, the debtors have no scientific studies of air quality that would oppose claim of damages caused by smoke, soot, debris" and that the "cause of damages derive from the 'fires.' The debtors have not provided any evidence to refute this." Response at 2. In light of the statute of limitations issue discussed above, which disposes of Mr. Walters' claim in its entirety, it is not necessary for the Reorganized Debtors to submit scientific studies in opposition to Mr. Walters' alleged damages.

Separately, Mr. Walters has requested an extension of the Hearing "for the purposes of strategy, obtain legal assistance, meet & confer, and other legal options" [Docket No. 12529] and has sought from the Reorganized Debtors publicly available information concerning various wildfires unrelated to his claim.[4] Albert Decl. ¶ 6, Ex. B. Mr. Walters already has filed a substantive Response to the Omnibus Objection, and has made no efforts to meet and confer or, other than the discovery request and its bare-bones settlement demand, otherwise communicate with the Reorganized Debtors. Furthermore, the specific discovery Mr. Walters is requesting is neither relevant nor necessary: his claim fails as a matter of law, and no factual issue can be raised that would change that result. Because Mr. Walters's Response does not (and cannot) rebut the legal grounds upon which the Reorganized Debtors objected to his claim, and does not set forth a cognizable basis for recovery, the Reorganized Debtors submit that discovery is

---

[3] By contrast, section 338 does base the statute of limitations with respect to the *theft* of art and artifacts on the date of actual discovery of the theft. *See* Cal. Code Civ. P. 338(c)(2)-(3). The California legislature did not include a similar provision with respect to property damage.

[4] Mr. Walters also has filed a *Request for Appointment of Counsel* [Docket No. 12512]. Mr. Walters is entitled to retain the counsel of his choosing, but no federal statute requires (or permits) the Court to provide one for him free of charge.

unnecessary and that the Hearing should not be continued. Instead, the Response should be overruled at the Hearing as a matter of law and Claim No. 86837 should be disallowed and expunged.[5]

## III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Omnibus Objection and its supporting documents, the Reorganized Debtors respectfully request that the Court sustain the Omnibus Objection and disallow and expunge the Contested Claims. If the Court is not prepared to disallow any of the Contested Claims at the Hearing, the Reorganized Debtors will supplement their objection to them and address any further arguments at a continued hearing, and they reserve all rights, arguments, and defenses with respect to the Contested Claims and such supplemental objection.

Dated: July 1, 2022

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
 Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*

---

[5] To the extent the Court does not sustain the Reorganized Debtors' objection as a matter of law, the Reorganized Debtors reserve all of their rights, arguments, claims, and defenses, including their argument that Mr. Walters is not entitled any discovery.