Entered on Docket
July 05, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: July 5, 2022**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: September 6, 7 and 8, 2022<br>Time: 9:30 AM<br>Via Zoom Video |

### AMENDED[1] SCHEDULING ORDER FOR REMOTE TRIAL

On April 12, 2022, the court held a scheduling conference on the *Motion for Relief from Plan Injunction, to Compel Arbitration and/or for Abstention* filed by Fulcrum Credit

---

[1] Amended to reflect later start time of trial and at pgs. 3-4 to clarify requirements for video testimony.

-1-

Case: 19-30088  Doc# 12589  Filed: 07/05/22  Entered: 07/05/22 13:00:52  Page 1 of 13

Partners LLC and Tuscan Ridge Associates, LLC (collectively as "Claimants") (Dkt. No. 11066), and *Reorganized Debtors' Objection to Proof of Claim No. 58562 Filed by Fulcrum Credit Partners LLC as Transferee of Tuscan Ridge Associates, LLC* (Dkt. No. 11288). Jane Kim and Laura L. Goodman appeared for the Reorganized Debtors. Diane C. Stanfield appeared for Fulcrum Credit Partners LLC. Jamie P. Dreher appeared for Tuscan Ridge Associates, LLC.

Upon due consideration, the court hereby enters the following scheduling order.

**TRIAL**. The trial or hearing ("Trial") on the above matter(s) will commence on the Date and Time of Trial, set forth below and to be held via Zoom Video. Other relevant dates are also shown below. During the week prior to the Trial, the court may move the starting time or day. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone or e-mail. **All parties are cautioned to be prepared to adjust their schedules accordingly**.

The court is closed to an in-person trial as a result of the dangers presented by the COVID-19 pandemic. In accordance with Federal Rule of Civil Procedure 43(a), made applicable here by Federal Rule of Bankruptcy Procedure 9017, for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony by contemporaneous transmission from a location other than the courtroom. The court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely

testify at the Trial, through the use of video conferencing technology.

Further, the court finds that these procedures will provide adequate safeguards for purposes of Federal Rule 43(a) and ensure due process of law. These procedures will (i) enable the court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the court in real time, (iii) enable the parties, the witnesses and the court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the court deems appropriate.

Participants in the Trial will be connected with the courtroom but will not be physically present. The court staff will provide a link or URL (internet address) to the persons identified by the parties.

**Participation by telephone alone is unacceptable except by prior agreement of the opposing party or counsel and prior approval of the court. A party or witness not able to appear, and be seen and heard via Zoom will not be permitted to testify. Each participating attorney and each witness must have simultaneous access to a computer, equipped with a camera, that is capable of receiving and transmitting audio and video, or a tablet or smart phone, that satisfy the following requirements: (1) Internet browsing software that is adequate to facilitate**

-3-

**the court's video hearing provider, (2) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (3) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the court. The device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other participants on a consistent basis. Further, the attorney or witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.**

No later than **August 29, 2022**, the parties shall provide to the courtroom deputy (Ms. Lorena Parada, Lorena_Parada@canb.uscourts.gov, 415-268-2323), and to each other, a list of all attorneys and witnesses who will participate in the Trial (other than those witnesses intended for impeachment or rebuttal), together with an email address and telephone number for each. The telephone number provided should be a number at which the attorney or witness can be reached during the Trial in the event of an interruption of the video or audio feed. This requirement is in addition to any requirements previously or subsequently established by the court for the parties to disclose to each other, by a date certain, the identity of the witnesses they intend to present at trial.

**MOTIONS**. All dispositive motions must be filed by the date set forth below.

**DISCOVERY**. Fact discovery shall be completed by the Fact Discovery Deadline shown below. Completion means that depositions must be concluded, although not necessarily

-4-

transcribed.  As to written and production discovery, responses must be due before the Fact Discovery Deadline.  The court will attempt to resolve all discovery disputes on an expedited basis via telephonic conference, which any party may initiate by request to Ms. Parada, and notice to the other party after they have met and conferred and made a good faith effort to resolve the dispute.  The party requesting the conference should submit a brief letter or e-mail to Ms. Parada explaining the issues to be presented; the other party may submit a brief letter or e-mail in the same manner.

    The Fact Discovery Deadline may be extended by the parties by agreement, without an order of the court.

    **EVIDENCE**.  Declarations of non-expert witnesses will not be considered except by stipulation of the parties or prior court approval.

    **PRE-TRIAL SUBMISSIONS**.  Not later than **7** calendar days before the Date and Time of Trial, each party shall:

    (a) File and serve copies of a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies.  Briefs shall not exceed **15** pages without prior permission of the court.  The court will not normally request or permit post-trial briefs.

    (b) File and serve a witness list, including a brief summary of the anticipated testimony from each witness.  If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list.  The presence of a witness' name on the witness list is to alert the court and the other side that the witness

may be called. It does not mean that that person will be called. Accordingly, each party is responsible for ensuring the attendance of every witness the party intends to call, whether or not named by the other side. Except in exceptional circumstances, absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list. This subparagraph shall not apply to impeachment, rebuttal or expert witnesses or their testimony.

 (c) File and serve a list of exhibits the party intends to introduce into evidence (other than those to be used for impeachment or rebuttal). Exhibits that are already on the court's docket do not need to be served but must be listed by docket number and a brief description. Copies of all exhibits not already of the docket must be produced as separately titled pdf files, identifying each exhibit by exhibit number or letter and a brief description. Lengthy exhibits should be bookmarked in order to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

 Those exhibits shall also be emailed to Montali_Orders@canb.uscourts.gov.

 Upon receipt of the electronic documents, each attorney and witness shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the Trial.

 Exhibits to be used solely for rebuttal or impeachment shall be encrypted in pdf format with a simple user-friendly password. They will be emailed to counsel, the parties, the

courtroom deputy only and identified and marked as such when directed by the court.

(d) Reorganized Debtors' exhibits should be marked by number and Claimants' exhibits should be marked by letter.

**CONDUCT OF TRIAL VIA VIDEO.** **Any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness").**

**(a) Each Remote Witness shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness were sworn and testified in open court.**

**(b) Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.**

**(c) While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to this order and any declaration submitted in lieu of direct testimony, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.**

**(d) Remote Witnesses who are testifying as experts must provide advance direct testimony by declaration submitted by the parties pursuant to this order. Remote Witnesses shall be available for cross examination. Failure of a Remote Witness to be available for cross examination may result in striking of the Remote Witness's declaration.**

<u>**EXPERTS**</u>. The presentation of expert testimony at Trial shall be governed by the following:

(a) Direct evidence shall be presented by a declaration that authenticates the report of the expert. See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026. Each party shall file and serve declarations of experts and other documentary evidence related thereto no later than the Expert Disclosure and Reports Deadline set forth below.

(b) To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to be available to appear at Trial via Zoom. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert. Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

If either party anticipates the use of rebuttal expert testimony, such rebuttal expert disclosures and reports shall be submitted by the date set forth below.

**PRE-TRIAL OBJECTIONS**. Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS,** above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial. Motions in limine will be heard at the commencement of Trial.

Notwithstanding the foregoing, if a party intends by a motion in limine to exclude an expert or the expert's report, that party should set the motion on the court's regular law and motion calendar, to be heard at least **7** calendar days before the Date and Time of Trial.

**STIPULATIONS**. At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the court, the Claimants will present their cases-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[2] This paragraph supersedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**DEMONSTRATIVE EVIDENCE**. The court does not want charts, power point presentations, whiteboards, or similar large display items to be used during trial. Parties desiring to summarize, reproduce or display evidence may use the "Share Screen" feature in Zoom, subject to the court's permission. Any exceptions to this policy should be requested well in advance of trial.

**NOTICE TO COURT**. No later than the Monday of the week prior to the Date and Time of Trial, counsel for the Reorganized Debtors **must** telephone or e-mail the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement

---

[2] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

-10-

is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE**. Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

**DATE AND TIME OF TRIAL**: September 6, 7 and 8, 2022, at 9:30 AM

**TIME RESERVED FOR TRIAL**: Three days

**LAST DAY FOR CLAIMANTS TO SERVE AMENDED WRITTEN DISCOVERY REPSONSES**: April 22, 2022

**LAST DAY FOR PARTIES TO PRODUCE DOCUMENTS:** May 2, 2022

**LAST DAY FOR PARTIES TO PRODUCE PRIVILEGE LOGS:** May 9, 2022

**FURTHER SCHEDULING CONFERENCE:** May 10, 2022, at 10:00 AM

**LAST DAY TO COMPLETE FACT DISCOVERY:** July 22, 2022

**EXPERT DISCLOSURES WITH REPORTS:** August 1, 2022

**LAST DAY TO FILE DISPOSITIVE MOTIONS:** August 2, 2022

**REBUTTAL EXPERT DISCLOSURES:** August 15, 2022

**LAST DAY TO COMPLETE EXPERT DEPOSITIONS:** August 22, 2022

**PRE-TRIAL STATUS CONFERENCE:** The court will conduct a pre-trial status conference on August 23, 2022, at 10:00 AM via Zoom. In addition to normal business, counsel and the court will test the adequacy of all parties' audio and video connections and other matters related to the conduct of the remote trial. The court expects counsel to take similar steps

prior to trial (but without court involvement) to assure proper connections with their respective clients and witnesses.

**OTHER PROVISIONS**: Although conducted using video conferencing technology, the Trial constitutes a court proceeding. No person shall record, from any location or by any means, the audio or video of the Trial. The audio recording created and maintained by the court shall constitute the official record of the Trial. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the court and its proceedings.

<center>**END OF ORDER**</center>

COURT SERVICE LIST

ECF Recipients