James P. Frantz, Esq., SBN 87492
jpf@frantzlawgroup.com
Philip C. Aman, Esq., SBN 137831
pca@frantzlawgroup.com
William P. Harris III, Esq., SBN 123575
wharris@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN 297611
gstiefel@frantzlawgroup.com
FRANTZ LAW GROUP, APLC
71 Stevenson Building, Suite 400
San Francisco, CA 94105
Tel: (415) 282-2928
Fax: (619) 525-7672

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISON

In re:
PG&E CORPORATION
-and-
PACIFIC GAS AND ELECTRIC COMPANY,
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
■ Affects both Debtors

Case No.: 19-30088 (DM)

Chapter 11
(lead case)
(jointly administered)

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY KELLY NAVARRO AND HEATHER NAVARRO AND JASON NAVARRO AND BRYAN NAVARRO, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF REGINA BAGDASARIAN IN SUPPORT**

**Date**: TBD
**Time:** TBD
**Place:** United States Bankruptcy Court
Courtroom 16, 17th Floor
San Francisco, CA 94102

///

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Frantz Law Group, APLC represents thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire"). Frantz Law Group, APLC respectfully files this motion on behalf of Kelly Navarro, Heather Navarro, Jason Navarro and Bryan Navarro ("Movants") to deem timely late filing of proofs of claims ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the Camp Fire, the impact of the Dixie Fire, as well as a misunderstanding as to the legitimacy of his claims, Movants were unable to timely file their proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claim deemed timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

Movants are a family that was affected by the Camp fire. Kelly Navarro, the head of the household, was a full-time pastor at a local church. After the fire, he dedicated the majority of his time to help members of the church rebuild their lives as much as possible. The church he belonged to burnt down, so there was a loss in the community that would be extremely difficult to fit, however, Kelly did his best to help those suffering. As a result, he put himself last. Now, years later, after everyone else has started to find a new sense of normal, Kelly is able to focus on himself and his family. Among other reasons and due to his selfless acts, he wasn't able to considering filing a claim until now.

After the fire, Kelly Navarro was not only busy helping others rebuild, but he also had his own issues he needed to work through, that the fire certainly did not help with. Kelly Navarro

suffers from mental disorders that require him to see a psychiatrist. Movant has suffered multiple concussions that affect the way he functions and did not help his situation. His family was constantly trying to support him as he was trying to support others.

Movants did not believe they had a valid claim since they were surrounded by so many people who had, in their opinion, suffered more. However, after years of helping others and putting themselves after the needs of others, the Movants realize they need to file a claim to be able to get back to where they were.

Due to the multiple traumas endured by the Movant, immense pressure to reestablish his life and uphold his duties as the pastor of the community, and a misunderstanding of the legitimacy of his claims, Frantz Law Group did not become aware of Movants' claims until after the relevant bar dates. As such, there was no timely proof of claim filed on behalf of the Movant. After realizing the legitimacy of his claims, Movant consulted Frantz Law Group to bring forth a claim to help him begin to rebuild.

Accordingly, FLG filed a claim on behalf of Movants. A true and correct copy of the Subject Proof of Claim is attached to the Declaration as Exhibit "1."

### III. LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. See e.g., In re Nw. Territorial Mint, LLC, No. AP 16 1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the party."); In re Schultz, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was

experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." Pioneer Inv. Servs. Co., 507 U.S. at 395. Courts in the Ninth Circuit generally examine four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. See id. Each of these four factors weighs heavily in favor of Erik Lambert. Accordingly, their late proof of claims should be deemed timely.

In our present case, there will be no prejudice to PG&E by the Movant's claim. The value of the Movants claims is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

Second, despite the late filing, the Movant's claim will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as the Movant, whose claims will be placed among them, resulting in no noticeable impact upon the distribution process. See e.g., In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

Third, the factual circumstances in the Movant's claim warrants excusable neglect. As explained thoroughly above, Movants were a pillar of the community and were focusing on assisting the community to help them rebuild. After realizing the legitimacy of their claims,

Movants contacted Frantz Law Group, APLC to evaluate their claim. During the normal course of due diligence, Frantz Law Group, APLC inquired about possible damages from the 2018 Camp Fire.

Movants also struggle from post-traumatic stress disorder as a result of the fire. Post-traumatic stress disorder symptoms may start within one month of a traumatic event, but sometimes symptoms may not appear until years after the event.[1] These symptoms cause significant problems in social or work situations and in relationships.[2] They can also interfere with a person's ability to go about their normal daily tasks.[3]

PTSD symptoms can vary in intensity over time. Someone may have more PTSD symptoms when they are generally stressed, or when they come across reminders of a traumatic event they experienced.[4] In terms of wildfire victims, many feel stress, anxiety, and panic when they smell even the slightest smoke, because it triggers a traumatic memory of their experience. Some even wake up multiple times at night to make sure there is not a fire nearby.

Another common symptom of PTSD is avoiding things that remind someone of the event.[5] For wildfire victims, this can include putting off filing a lawsuit to try to move on from the traumatic event. Unfortunately, for these types of wildfire victims, years later, they come to the realization that it is not possible to simply start over after the fire. A lot of wildfire victims have lost their homes, everything they own, their jobs, and their community. With a limited or no income at all, most wildfire victims are unable to rebuild and move on as they were trying to do.

---

[1] Post-traumatic stress disorder (PTSD) - Symptoms and causes, Mayo Clinic (July 6, 2018), www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/symptoms-causes/syc-20355967.
[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*
[5] About Face booklet (va.gov)

As a result, due to excusable unawareness, the Movant did not timely file a proof of claim for their 2018 damages until after the bar date. See e.g., Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect).

Ultimately, the Movant's claim was made in good faith. Movants struggled mentally, physically, and emotionally. Movants were overwhelmed yet tried to turn around their lives as well as everyone in their community. Due to being preoccupied with recovering from two severe injuries and getting his life back in order, coupled with a misunderstanding of the legitimacy of his claims, Movants did not file a claim in time.

### IV. CONCLUSION

For the foregoing reasons, this Motion should be granted, and Erik Lambert's claim should be deemed timely.

Dated: July 6, 2022

By: /s/ James P. Frantz
**FRANTZ LAW GROUP, APLC**
James P. Frantz, Esq., SBN. 87492
jpf@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN. 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN. 297611
gstiefel@frantzlawgroup.com
71 Stevenson Building, Suite 400
San Francisco, CA 94105
T: (415) 282-2928
F: (619) 525-7672

## Declaration of Regina Bagdasarian

I, Regina Bagdasarian, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.
2. If called upon to testify, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true based on my personal knowledge or through information obtained my staff.
3. I am an attorney of the law firm Frantz Law Group, APLC and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim.
4. Creditors Kelly Navarro, Heather Navarro, Jason Navarro and Bryan Navarro are survivors of the Camp Fire that occurred in 2018.
5. Kelly Navarro, Heather Navarro, Jason Navarro and Bryan Navarro resided at 14710 Masterson Way, Magalia, CA 95954.
6. Movants misunderstood the legitimacy of their claims.
7. In July of 2022, Movants retained FLG.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 6, 2022.

/s/ Regina Bagdasarian

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, a copy of the following was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ _____
Regina Bagdasarian

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors. | **Bankruptcy Case No. 19-30088 (DM)**<br><br>**Chapter 11**<br>(Lead Case)<br>(Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Kelly Navarro
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☐ No
☑ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:
- Heather Navarro
- Jason Navarro
- Bryan Navarro

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Kelly Navarro
Attorney Name (if applicable): James P. Frantz
Attorney Bar Number (if applicable): 87492
Street Address: 402 West Broadway Suite 860
City: San Diego
State: CA
Zip Code: 92101
Phone Number: 530-423-6774
Email Address: wildfires@frantzlawgroup.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

7. **What fire is the basis of your claim?**
   Check all that apply.
   - [x] Camp Fire (2018)
   - [ ] North Bay Fires (2017)
   - [ ] Ghost Ship Fire (2016)
   - [ ] Butte Fire (2015)
   - [ ] Other (please provide date and brief description of fire: _____)

8. **What are the loss location(s) where you and/or your family suffered harm?** (e.g. home or business address, place of injury, place from which you were evacuated, if different.?)

   Location(s): 14710 Masterson Way, Magalia, CA 95954

9. **How were you and/or your family harmed?**
   Check all that apply
   - [x] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
     - [x] Owner  [ ] Renter  [ ] Occupant  [ ] Other (Please specify): _____
   - [x] Personal Injury
   - [ ] Wrongful Death (if checked, please provide the name of the deceased) _____
   - [ ] Business Loss/Interruption
   - [x] Lost wages and earning capacity
   - [x] Loss of community and essential services
   - [ ] Agricultural loss
   - [x] Other (Please specify): Any and all other damages revocable under California law.

10. **What damages are you and/or your family claiming/seeking?**
    Check all that apply
    - [x] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
    - [x] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
    - [x] Punitive, exemplary, and statutory damages
    - [x] Attorney's fees and litigation costs
    - [x] Interest
    - [x] Any and all other damages recoverable under California law
    - [ ] Other (Please specify): _____

11. **How much is the claim?**
    - [ ] $_____ (optional)
    - [x] Unknown / To be determined at a later date

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/05/2022  (mm/dd/yyyy)

_/s/ signature_
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | James P Frantz |
| | First name / Middle name / Last name |
| Title | Attorney |
| Company | Frantz Law Group, APLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 402 W Broadway Ste 860 |
| | Number / Street |
| | San Diego    CA    92101 |
| | City / State / ZIP Code |
| Contact phone | 8557355945      Email  wildfires@frantzlawgroup.com |