Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for Kelly L. Flint

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:* <br><br> PG&E CORPORATION <br><br> -and- <br><br> PACIFIC GAS AND ELECTRIC COMPANY <br>    Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas & Electric <br><br> ■ Affects Both Debtors <br><br> *All papers shall be filed in the Lead Case, No.19-30088 (DM)* <br> _____ | **Case No. 19-30088 (DM)** <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)TO DEEM THE CLAIM OF KELLY L. FLINT TIMELY FILED** <br><br> Date:   August 9, 2022 <br> Time:   10:00 a.m. <br> Place:  **To Be Held Telephonically** <br>          United States Bankruptcy Court <br>          Courtroom 17 <br>          450 Golden Gate Avenue <br>          16th Floor <br>          San Francisco, CA <br> Judge:  Honorable Dennis Montali <br><br> **Objection Deadline:  August 2, 2022** |

   Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Claimant Kelly L. Flint moves for an order expanding time to file Proof of Claim, and allow, Claim Number 108413, that was filed with Kroll and submitted with this motion as "Exhibit A", to be considered timely filed.  This motion is based upon the points and authorities set forth herein and concurrently Filed Notice of Motion, Declaration of Kelly Flint, in addition to any evidence or

oral argument presented at the time of hearing on this matter.

## I.
## SUMMARY OF ARGUMENT

Kelly Flint lost personal property and a vehicle which were destroyed in the Camp Fire. Further, she suffered emotional distress evacuating from the Camp Fire. She did not file a claim within the time permitted as she did not understand that she had the right to do so. Under the flexible standard for excusable neglect, her claim should be allowed.

Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, no delay to the judicial administration of this case, and is made in good faith. Rather, to deny this claim would work a severe injustice to the Claimant, which must be considered. *Id.*

## II.
## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.
## FACTUAL BACKGROUND

Kelly Flint lost her vehicle and other personal property, as well as suffering emotional distress as a result of the Camp Fire. She was misinformed about the claim process, received conflicting information and was working and going to school. Therefore, she did not file a timely

claim. When she heard she might be able to file a claim, she contacted counsel to do so. See Declaration of Kelly Flint.

## IV.

## **ARGUMENT**

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
>
> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant, as the Trust has not finished its review process. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Kelly Flint simply misunderstood the process. She was confused by conflicting information and was advised not to file a claim because she was a renter. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZILOG, Inc. v. Corning (In re ZILOG, Inc.* 450 F.3d 996, 1006). The case for

excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Ms. Flint acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533. (This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present).

And, finally, the likelihood of injustice is great, if this claim is not permitted. Mr. Flint is a Camp Fire victim whose primary avenue for compensation is through this bankruptcy. This is a factor which was properly considered by the Court in *Pincay, supra,* 389 F.3d at 859.

## V.

## CONCLUSION

For all of the above reasons, the motion should be granted, and the claim of Ms. Flint should be allowed to be deemed timely.

Dated: July 8, 2022.   Respectfully submitted,

THE KANE LAW FIRM


By: /s/ Bonnie E. Kane
BONNIE E. KANE
Attorneys for Kelly Flint