Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for Fire Victim Claimants, including Signalized Intersection West, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>        Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas & Electric<br><br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)*<br>_____ | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY SIGNALIZED INTERSECTION WEST, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DANIEL L. ALLEN**<br><br>Date: August 9, 2022<br>Time: 10:00 a.m.<br>Place: **To Be Held Telephonically**<br>      United States Bankruptcy Court<br>      Courtroom 17<br>      450 Golden Gate Avenue<br>      16th Floor<br>      San Francisco, CA<br>Judge: Honorable Dennis Montali<br><br>**Objection Deadline: August 2, 2022** |

      The Kane Law Firm respectfully files this motion to allow the late filing of a proof of claim and deem the proof of claim as having been timely filed for the moving party herein, Signalized Intersection West, LLC.

# I.
## SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor,
2. The length of delay and its potential impact on judicial proceedings,
3. The reason for the delay, including whether it was within the reasonable control of the movant, and
4. Whether the movant acted in good faith. *Pioneer Investment Services*, *supra* at 395.

In this case, movant Signalized Intersection West, LLC owns three parcels of undeveloped real estate near Paradise, California that were burned in the Camp Fire. The movant was unaware that it could file a claim for damages and diminished value of real estate caused by the fire. Only recently, did the movant come to know that such a claim may be permissible. The movant immediately contacted counsel and requested that they file a late claim.

As set forth below, the movant meets all these factors. Indeed, if this motion is ***not*** granted it is the movant who will suffer substantial prejudice.

# II.
## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## FACTUAL BACKGROUND

Signalized Intersection West, LLC owns three parcels of undeveloped real estate in the Paradise, California vicinity. The principle and owner of the LLC, Daniel L. Allen, resides in Poway, California, hundreds of miles from the burn cite. The value of the real estate was diminished when the Camp Fire destroyed trees, underbrush, and some gates. Only recently did the movant learn that it could file a claim for loss of value of real property. Once the movant learned that this claim was permissible, it contacted counsel and requested that they immediately file a late claim. A Late Claim has been filed, Number 108513, submitted herewith as Exhibit A to this motion.

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
>
> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897.

("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations on a percentage of claims in this matter, not including the large number of requests for reconsiderations and appeals. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Signalized Intersection West, LLC was unaware that a claim for damage to undeveloped real estate was permissible. The principle and owner of the LLC lives hundreds of miles away from the site of fire. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.),* 450 F.3d 996, 1006 (9th Cir. 2006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Signalized Intersection West, LLC acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. (See e.g., *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533 where relief was denied because counsel purposefully chose not to oppose a motion as a litigation tactic). Here the delay was inadvertent and the movant's lack of understanding of the claims process after a trust fund had already been established to satisfy the claim.

And, finally, the likelihood of injustice is great if this claim is not permitted. Signalized Intersection West, LLC is a Camp Fire victim whose primary avenue for compensation for lost value and damage to property is through this bankruptcy.

/ / /

## V.
## CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that the Movant be allowed to file a Proof of Claim and deem it as having been timely filed;

///

///

3. Granting such other or further relief as the Court deems just and proper.

Dated: July 15, 2022     Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/_____
BONNIE E. KANE
Attorneys for Signalized Intersection West, LLC