| | |
|---|---|
| Steven S. Kane, Esq., SBN: 061670<br>Bonnie E. Kane, Esq., SBN: 167700<br>**THE KANE LAW FIRM**<br>402 W. Broadway, Suite 2500<br>San Diego, CA 92101<br>Telephone: (619) 236-8700<br>Facsimile: (619)236-1370<br>E-mail: skane@thekanelawfirm.com<br>E-mail: bonnie@thekanelawfirm.com | |

Attorneys for Fire Victim Claimants, including Troy Rogers, Carrie Rogers, and Travis Rogers

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>    Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas & Electric<br><br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)*<br>_____ | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY TROY ROGERS, CARRIE ROGERS, AND TRAVIS ROGERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CARRIE ROGERS**<br><br>Date: August 9, 2022<br>Time: 10:00 a.m.<br>Place: **To Be Held Telephonically**<br>   United States Bankruptcy Court<br>   Courtroom 17<br>   450 Golden Gate Avenue<br>   16th Floor<br>   San Francisco, CA<br>Judge: Honorable Dennis Montali<br><br>**Objection Deadline: August 2, 2022** |

   The Kane Law Firm respectfully files this motion to allow the late filing of a proof of claim and deem the proof of claim as having been timely filed for the moving party herein, Troy Rogers, Carrie Rogers, and Travis Rogers.

## I.

## SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor,

2. The length of delay and its potential impact on judicial proceedings,

3. The reason for the delay, including whether it was within the reasonable control of the movant, and

4. Whether the movant acted in good faith. *Pioneer Investment Services*, *supra* at 395.

In this case, Troy Rogers and Carrie Rogers, who are husband and wife, and their adult son, Travis Rogers, were living at the house that they own located at 5086 Foster Road, Paradise, CA at the time of the fire. Other family members gathered at the Rogers family home and evacuated in groups. It took nearly six hours for everyone to arrive at their destination in Chico, California. The Rogers family was unable to return to their home for several weeks. Upon returning, they were fortunate to find that their home had not burned. However, many outbuildings including a shed, barn and animal enclosures burned with all their contents. The Rogers lost personal property and suffered emotional distress because of the fire.

As set forth below, the movants meet all these factors. Indeed, if this motion is *not* granted, it is the movants who will suffer substantial prejudice.

## II.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire

Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## FACTUAL BACKGROUND

Troy and Carrie Rogers, who are married, lived at their home that they owe located at 5086 Foster Road, Paradise, California with their adult son, Travis Rogers. All three claimants lost real and personal property and suffered emotional distress because of the fire. The Rogers evacuated to Chico and remained there for several weeks before being able to return to their home in Paradise. They were fortunate that their home did not burn. However, they discovered that the outbuildings had burned with their contents. They lost a 1965 Chevy truck, appliances, furnishings, clothing, and other items that were stored in the outbuildings. They also suffered emotional distress on account of the fire. They did not originally file a claim because they mistakenly thought that their insurance would cover all their losses. However, they now know that their insurance has not paid for all their losses, including emotional distress and the cost of displacement. Once they learned that they could file a late claim, they immediately contacted counsel and requested that a late claim be filed. They have filed a Claim. The Claim was assigned Number 108345 and submitted as Exhibit A to this motion.

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme

Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations (not reconsiderations or appeals) on approximately 50% of all claims. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Troy Rogers, Carrie Rogers and Travis Rogers mistakenly thought that insurance would cover all of their losses, not only for property loss but also for emotional distress and displacement. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.),* 450 F.3d 996, 1006 (9th Cir. 2006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Troy Rogers, Carrie Rogers and Travis Rogers acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. (See e.g., *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533 where relief was denied because counsel purposefully chose not to oppose a motion as a litigation tactic). Here the delay was inadvertent and the movants' lack of understanding of the claims process after a trust fund had already been established to satisfy the claim.

And, finally, the likelihood of injustice is great if this claim is not permitted. Troy Rogers, Carrie Rogers, and Travis Rogers are Camp Fire victims whose primary avenue for compensation is through this bankruptcy.

# V.
# CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that the Movants be allowed to file a Proof of Claim and deem it as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: July 18, 2022.   Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/_____
BONNIE E. KANE
Attorneys for Troy Rogers, Carrie Rogers and Travis Rogers