1  ERIC A. GRASBERGER (*pro hac vice*)       DAVID B. LEVANT (*pro hac vice*)
   eric.grasberger@stoel.com                 david.levant@stoel.com
2  MARIO R. NICHOLAS (SB #273122)            STOEL RIVES LLP
   mario.nicholas@stoel.com                  101 S. Capitol Boulevard, Suite 1900
3  STOEL RIVES LLP                           Boise, ID 83702
   760 SW Ninth Avenue, Suite 3000           Telephone: 208.389.9000
4  Portland, OR 97205                        Facsimile: 208.389.9040
   Telephone: 503.224.3380
5  Facsimile: 503.220.2480

6  *Attorneys for JH Kelly, LLC*

7

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN FRANCISCO DIVISION**

12  In re:                                    Case No. 19-30088 (DM) (Lead Case)
                                              Chapter 11
13  **PG&E CORPORATION**                      (Jointly Administered)

14     **- and -**
                                              **JH KELLY LLC'S MOTION FOR**
15  **PACIFIC GAS AND ELECTRIC**              **PERMISSION TO WITHDRAW PROOF**
    **COMPANY,**                              **OF CLAIM (WITH PREJUDICE)**
16             **Debtors.**
                                              Date: August 23, 2022
17   ☐    Affects PG&E Corporation            Time: 10:00 a.m. (PT)
     ☐    Affects Pacific Gas and Electric    Place: United States Bankruptcy Court
18        Company                                    Courtroom 17, 16th Floor
     ☒    Affects both Debtors                        San Francisco, CA 94102
19
20  *All papers shall be filed in the Lead Case,*   **Objection Deadline:**
    *No. 19-30088 (DM)*
21                                            **August 16, 2022, at 4:00 p.m. (PT)**

22

23  **TO THE COURT, TO DEBTORS PG&E CORPORATION AND PACIFIC GAS AND**
    **ELECTRIC COMPANY, AND TO THE OFFICIAL COMMITTEE OF UNSECURED**
24  **CREDITORS AND THE OFFICIAL COMMITTEE OF TORT CLAIMANTS APPOINTED**
    **IN THESE JOINTLY ADMINISTERED CASES:**
25

26         JH Kelly, LLC ("***JH Kelly***"), by and through its undersigned attorneys of record, hereby

27  moves pursuant to Federal Rule of Bankruptcy Procedure 3006 for permission to withdraw with

28

-1-

prejudice its proof of claim filed in the above-captioned jointly administered bankruptcy cases (the "***Bankruptcy Cases***") identified as claim number 76606 (the "***Proof of Claim***").

## I.     JURISDICTION AND VENUE

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O) and 28 U.S.C. § 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## II.     FACTUAL AND PROCEDURAL HISTORY

The Proof of Claim and its proposed withdrawal relate to a recently settled payment dispute between JH Kelly and AECOM Technical Services, Inc. ("***AECOM***") arising out of a project for Pacific Gas and Electric Company ("***PG&E***").  The history of the dispute is set forth below in Part A, JH Kelly's participation in the Bankruptcy Cases in Part B, and the settlement between JH Kelly and AECOM—and its effect on PG&E—in Part C below.

**A.     The Litigation Among JH Kelly, AECOM and PG&E Concerning the Burney Project**

In February 2016 AECOM entered into an agreement with PG&E for work on a project known as the "Burney K2 Replacement Project" at PG&E's Burney Compressor Station located in Burney, California (the "***Project***").  AECOM later entered into a subcontract with JH Kelly to perform construction services on the Project; there is no direct contractual relationship between JH Kelly and PG&E relating to the Project.

During the course of the Project there were substantial delays, payment disputes, and cost overruns and, on November 1, 2018, JH Kelly recorded a mechanics lien against the Project in the amount $15,881,776.21 (the "***JH Kelly Lien***").

In January 2019, JH Kelly filed two actions in Shasta County Superior Court: (i) one against PG&E for foreclosure of the JH Kelly Lien titled *JH Kelly, LLC v. Pac. Gas & Elec. Co.,* Case No. CV-19-191759 and (ii) another for money damages against AECOM titled *JH Kelly, LLC v. AECOM Technical Services, Inc.,* Case No. CV-19-192600 (together, the "***State Court Actions***").

On January 29, 2019, following commencement of the State Court Actions, both PG&E and PG&E Corporation (together, the "***Debtors***") commenced the Bankruptcy Cases.

The State Court Actions were subsequently stayed; removed to the U.S. Bankruptcy Court for the Eastern District of California; transferred to this Court, where they were assigned Adversary

Case: 19-30088    Doc# 12645    Filed: 07/18/22    Entered: 07/18/22 15:59:20    Page 2 of 9

Proceeding numbers 19-03008 and 20-03019; and consolidated pursuant to a stipulation among the parties (the "***Consolidated Adversary Proceedings***"). The Consolidated Adversary Proceedings include, in addition to JH Kelly's claims against AECOM and PG&E, AECOM's counterclaims against JH Kelly and AECOM's third-party claims against PG&E.

Pursuant to a joint request of the parties, the reference of the Consolidated Adversary Proceedings was withdrawn from this Court to the U.S. District Court for the Northern District of California, Oakland Division (Case No. 4:20-cv-05381-HSG), where it was consolidated with another pending action by JH Kelly relating to the Project (*JH Kelly, LLC v. Ed Staub & Sons Petroleum, Inc*., Case No. 3:20-cv-08463 EMC).

PG&E answered JH Kelly's claim against it in the Consolidated Adversary Proceedings and asserted various defenses to JH Kelly's claim against PG&E, but it did not assert any affirmative claims for relief, counterclaims, or third-party claims against JH Kelly in the Consolidated Adversary Proceedings.

**B.     JH Kelly's Proof of Claim and Participation in the Bankruptcy Cases**

On October 21, 2019 JH Kelly filed the Proof of Claim with the Bankruptcy Court. The Proof of Claim asserted a secured claim of $20,041,906.40 (secured by the JH Kelly Lien against the Project assets) and an unsecured claim without priority of $15,044,069.60, for a total claim as of the Debtors' bankruptcy petition date of $35,085,976.00. JH Kelly believes that PG&E's answer to the claims in the Consolidated Adversary Proceedings constitutes an objection to the Proof of Claim for purposes of Rule 3006, and that JH Kelly's Proof of Claim may have been included in one or more of the Debtors' 115 separate omnibus claims objections, though JH Kelly's counsel has not identified a specific objection to the Proof of Claim filed in the Bankruptcy Cases.

There have been no substantive proceedings in the Bankruptcy Cases concerning the allowance or disallowance of the JH Kelly Proof of Claim, apart from the litigation in the Consolidated Adversary Proceedings.

On March 16, 2020 the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (Docket No. 6320), which was

Case: 19-30088   Doc# 12645   Filed: 07/18/22   Entered: 07/18/22 15:59:20   Page 3 of 9

subsequently amended on May 22, 2020 (Docket No. 7521) and June 19, 2020 (Docket No. 8048) (as so amended, the "***Plan of Reorganization***").

JH Kelly subsequently received a March 17, 2020 *Notice of Non-Voting Status to Unimpaired Classes Presumed to Accept, or Creditors and Interest Holders Otherwise Not Entitled to Vote on, the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*. The Notice advised JH Kelly that it was not entitled to vote to accept or reject the Plan of Reorganization with respect to its Proof of Claim, and JH Kelly accordingly did not vote on the Plan of Reorganization. JH Kelly also did not object to confirmation of the Plan of Reorganization or otherwise participate in the Debtors' plan confirmation process.

The Plan of Reorganization was confirmed by this Court on June 20, 2020 (Docket No. 8053) and the effective date of the Plan occurred on July 1, 2020. *See Notice of Entry of Confirmation Order and Occurrence of Effective Date of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (Docket No. 8252).[1]

JH Kelly has not received any payments or other distributions of any kind from PG&E with respect to its Proof of Claim or its claims against PG&E in the Consolidated Adversary Proceedings, whether under the Plan of Reorganization or otherwise.

Apart from filing its Proof of Claim in the PG&E Bankruptcy Case, its various filings in the Consolidated Adversary Proceedings, and *JH Kelly LLC's Motion for Relief from the Automatic Stay* (Docket No. 5649) to permit JH Kelly to join PG&E as a party to the litigation between JH Kelly and AECOM (which was resolved by stipulation with AECOM and PG&E; *see* Docket No. 6409),[2] JH Kelly has not participated in the Bankruptcy Cases.

---

[1]    Section 12.1 of the Plan provides for the dissolution of the Statutory Committees (*i.e.*, the committees of unsecured creditors and of tort claimants appointed by the U.S. Trustee in the Bankruptcy Cases pursuant to section 1102 of the Bankruptcy Code) on the Effective Date of the Plan, subject to certain exceptions that do not appear applicable to this Motion. JH Kelly's service of this Motion on the Statutory Committees is therefore made in an abundance of caution, to avoid any possible issue concerning the requested relief.

[2]    The Stipulation provides a full history of the Consolidated Adversary Proceedings from January 2019 through the date of the Stipulation in March 2020.
,

Case: 19-30088    Doc# 12645    Filed: 07/18/22    Entered: 07/18/22 15:59:20    Page 4 of 9

**C.** **Resolution of the Consolidated Adversary Proceedings**

At this time the Consolidated Adversary Proceedings have been substantially resolved. First, in April 2021, the U.S. District Court dismissed the JH Kelly Lien against the Project, effectively disallowing the secured portion JH Kelly's Proof of Claim. Then, in December 2021, AECOM and PG&E entered into a settlement agreement for the claims between them, leaving just AECOM and JH Kelly as parties to the litigation. Finally, following a Judicial Settlement Conference on June 3, 2022, JH Kelly, AECOM, and AECOM's insurers negotiated the terms of a *Confidential Settlement Agreement and General Release* entered into and effective as of June 8, 2022 (the "***Settlement Agreement***") resolving all or substantially all of the issues between JH Kelly and AECOM in the Consolidated Adversary Proceedings.[3] The parties filed a Joint Notice of Settlement regarding the claims between them on June 9, 2022 and have filed or will soon file a Stipulation for Dismissal of the Consolidated Adversary Proceedings.

The Settlement Agreement further requires JH Kelly to prepare and file all necessary documentation to effect the release and/or withdrawal of its Proof(s) of Claim filed in the Bankruptcy Cases. This Motion implements the latter term of the Settlement Agreement.

### III. REQUEST FOR RELIEF

Pursuant to this Motion, JH Kelly requests permission to withdraw with prejudice its Proof of Claim against PG&E, without imposing any other terms or conditions on the withdrawal.

### IV. ARGUMENT

Rule 3006 of the Federal Rules of Bankruptcy Procedure ("Withdrawal of Claim; Effect on Acceptance or Rejection of Plan") provides that:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to §705(a) or appointed pursuant to

---

[3] As indicated by its title, the terms of the Settlement Agreement are expressly confidential, but AECOM and the other parties to the Settlement Agreement have consented to the limited disclosure of the settlement terms in this Motion.

Case: 19-30088    Doc# 12645    Filed: 07/18/22    Entered: 07/18/22 15:59:20    Page 5 of 9

§1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

Because PG&E may have filed an objection to JH Kelly's Proof of Claim in the Bankruptcy Cases or may be deemed to have objected to the Proof of Claim through its answer to JH Kelly's complaint in the Consolidated Adversary Proceedings, JH Kelly may be required to obtain permission from the Court to withdraw the Proof of Claim. For the reasons set forth below, however, the Court should permit JH Kelly to withdraw the Proof of Claim with prejudice, without imposing any other terms or conditions relating to the withdrawal.

**A.      The Court Should Permit JH Kelly to Withdraw its Proof of Claim.**

The general considerations to be taken into account when addressing a requested withdrawal of claim under Rule 3006 are those applicable to analyzing a voluntary dismissal under Federal Rule of Civil Procedure 41(a). *Resorts Int'l. Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1399 (9th Cir. 1995) (citing Advisory Committee Note to Rule 3006 in support of using FRCP 41(a)(2) considerations). *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 976-78 (Bankr. S.D.N.Y. 1996) *and In re Kaiser Group Intern., Inc.*, 272 B.R. 852, 855 (Bankr. D. Del. 2002) ("[T]he same considerations used by courts analyzing voluntary dismissal under Federal Rule 41 should be used in determining the question of withdrawal under Bankruptcy Rule 3006."). Courts have "broad equitable discretion" in this analysis under Rule 41, *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001), and under Bankruptcy Rule 3006.

In exercising a bankruptcy court's discretion, the chief inquiry is whether the debtor will suffer some legal prejudice if the claim is withdrawn. *In re Lowenschuss*, 67 F.3d 1394, 1399 (9th Cir. 1995) (affirming reversal of Bankruptcy Court's denial of request for conditional withdrawal of claim). Legal prejudice implicates the "rights and defenses available to the defendant in future litigation." *Kaiser*, 272 B.R. at 855 (citing *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (defining legal prejudice as "prejudice to some legal interest, legal claim or legal argument")). "Legal prejudice is not satisfied by the inconvenience of facing a second lawsuit, loss of choice of forum, loss of a tactical advantage, and dismissal at an early stage of the proceeding."

*In re County of Orange*, 203 B.R. 977, 982 (Bankr. C. D. Cal. 1996) (*citing Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir. 1990); *Westlands Water Dist. v. Patterson*, 900 F. Supp. 1304, 1311 (E.D. Cal. 1995)); *see also Lowenschuss*, 67 F.3d at 1399-1400 (noting that mere prospect of a second lawsuit does not constitute "plain prejudice" sufficient to deny dismissal of a claim). The burden is on the party opposing withdrawal of the claim to show actual prejudice that would result from permitting withdrawal. *See Kaiser*, 272 B.R. at 856; *In re County of Orange*, 203 B.R. at 982.

In deciding a motion to withdraw a proof of claim, courts may also consider factors such as "diligence in pursuing withdrawal of the claim, undue vexatiousness, the extent the [claim] has 'progressed,' duplication of litigation expense, explanation of the need to withdraw, delay in prosecution of the [claim], prejudice to others and the importance of the claim to the reorganization effort." 9 Collier on Bankruptcy ¶ 3006.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011); *see also In re Varona*, 388 B. R. 705, 727 (Bankr. E. D. Va. 2008) (reciting non-exhaustive list of Rule 41 factors relevant in deciding motion to withdraw a proof of claim, including "the defendant's effort and expense in preparing for trial" and "whether a dispositive motion is pending").

PG&E will suffer no prejudice from withdrawal of JH Kelly's Proof of Claim, and there are no extenuating circumstances that warrant a denial of JH Kelly's Motion. There have been no substantive proceedings in the Bankruptcy Court concerning the Proof of Claim any objection thereto; JH Kelly has not "participated significantly" in the Bankruptcy Cases;[4] and JH Kelly did not vote on the Plan of Reorganization, or otherwise participate in the plan confirmation process, and has received no distributions under the Plan on account of its Proof of Claim. There is simply no reason not to allow JH Kelly to withdraw the Proof of Claim.

---

[4]     JH Kelly's motion for relief from stay does not constitute "significant participation" for purposes of Rule 3006. *See In re Owens*, 455 B.R. 640, 646, n.9 (Bankr. W.D. Mich. 2011) *(citing Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Systems, LLC)*, 304 B.R. 111, 124 (Bankr. D.N.J. 2003) (creditor's filing of a motion "seeking to remand an involuntarily removed case does not constitute 'significant participation' for purposes of Bankruptcy Rule 3006").

**B.      The Court Should Not Impose any Terms or Conditions on Withdrawal of the Claim.**

An order granting withdrawal may include "such terms and conditions as the court deems proper." Fed. R. Bankr. P. 3006. "[C]ourts have generally limited the conditions as necessary to alleviate actual prejudice or harm to the opposing party." *Kaiser*, 272 B.R. at 856 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990)). For example, such conditions may include providing for res judicata effect based on the parties' intent in withdrawing the claim. *See Quincy Mall, Inc. v. Parisian, Inc.*, 117 F. Supp. 2d 784, 787-88 (C.D. Ill. 2000) (finding that parties' intent in withdrawing fully litigated bankruptcy claim collaterally estopped claimant from raising identical issues in new claims); *see also Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987) (finding issue preclusion applicable based on the parties' intent in entering a consent decree).

As a result of its settlement with AECOM, JH Kelly has voluntarily agreed that its withdrawal of the Proof of Claim may be "with prejudice". JH Kelly will not file a new proof of claim against PG&E in the Bankruptcy Cases. Beyond that, no further terms or conditions are warranted in connection with withdrawal of the Proof of Claim.

## V.      RESERVATION OF RIGHTS

Nothing herein is intended to or should be construed as waiver of any right of JH Kelly under the Bankruptcy Code, California law, any other applicable law, or in any other proceeding, if for any reason the Court denies the Motion or subjects withdrawal of the Proof of Claim to terms or conditions that are unacceptable to JH Kelly in its sole discretion.

## VI.      CONCLUSION

The Settlement Agreement and proposed withdrawal of JH Kelly's Proof of Claim are entirely positive developments for PG&E, potentially relieving PG&E of any liability to JH Kelly for a claim in excess of $35 million. While Bankruptcy Rule 3006 clearly may require JH Kelly to obtain permission from the Court to withdraw the Proof of Claim, and allows the Court to impose conditions on withdrawal of the Proof of Claim, there is no good reason under the circumstances to withhold such permission or to subject it to any terms or conditions beyond JH Kelly's agreement that withdrawal of the Proof of Claim shall be with prejudice against refiling.

1    For the foregoing reasons, JH Kelly respectfully requests that the Court grant JH Kelly

2    permission to withdraw the Proof of Claim with prejudice pursuant to the terms of the proposed

3    Order submitted herewith.

4        DATED: July 18, 2022.                    STOEL RIVES LLP

5

6                                                  */s/ Mario R. Nicholas*
                                                  David B. Levant (*pro hac vice*)
                                                  Eric A. Grasberger (*pro hac vice*)
7                                                  Mario R. Nicholas
                                                  101 S. Capitol Boulevard, Suite 1900
8                                                  Boise, ID 83702
                                                  Telephone: 208.389.9000
9                                                  Facsimile: 208.389.9040

10                                                 *Attorneys for JH Kelly, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 19-30088    Doc# 12645    Filed: 07/18/22    Entered: 07/18/22 15:59:20    Page 9
of 9