

Signed and Filed: July 21, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
Gary LoCurto, SBN 270372
SINGLETON SCHREIBER LLP
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 333-7479
Email:  gsingleton@singletonschreiber.com
         glocurto@singletonschreiber.com

Attorneys for SLF Fire Victim Claimants

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>          Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**ORDER GRANTING MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY MATTHEW SESSER**<br><br>Date: July 12, 2022<br>Time: 10:00 a.m. (Pacific)<br>Place: **Telephonic Appearances Only**<br>       United States Bankruptcy<br>Court:  Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br><br>Objection Deadline: July 5, 2022 |

/ / /

Matthew Sesser, the Movant, having filed his Motion to Allow/Deem Timely Late Filing of Proof of Claim, as Docket No. 12530, by which Movant seeks to have her claim, No. 108510, deemed timely; no interested party having timely objection to the motion; the Court having granted the motion via Docket Text Order on July 8, 2022; and the relief set forth herein appearing to be well grounded; accordingly, it is

ORDERED, Proof of Claim No. 108510, filed on behalf of Matthew Sesser, is deemed timely; and it is further

ORDERED, the Proof of Claim and Asserted Fire Victim Claims shall for all purposes be treated and classified as Fire Victim Claims under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

ORDERED, nothing herein shall be construed to be a waiver by the Debtors or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in interest of any right to object to the Asserted Fire Victim Claims or the Proof of Claim on any grounds other than the untimely filing thereof.

ORDERED, nothing herein shall be construed to be a waiver by Movant of his rights to oppose any asserted challenge to the Asserted Fire Victim Claims or the Proof of Claim.

ORDERED this Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

**\*\* END OF ORDER\*\***

4872-5339-2938, v. 1