DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
BRIAN ATON (Bar No. 339266)
baton@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:     916.444.2100

Attorneys for Timothy W. Gleason, Miriam Gleason, and Luke Gleason

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME TO FILE PROOF OF CLAIM**<br><br>Date:    August 23, 2022<br>Time:   10:00 a.m.<br>Court:   Courtroom 17<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali<br><br>Objection deadline: August 16, 2022<br>                    4:00 p.m. (Pacific Time) |

Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 9006(b)(1), by this motion ("Motion") Timothy W. Gleason, Miriam Gleason, and Luke Gleason (together, "Movants") seek an order expanding the time to file a proof of claim in the bankruptcy cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, "Debtors"). This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Richard Frankel in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, Movants, by and through the undersigned counsel, respectfully represent as follows:

1819488v3

1

Case No. 19-30088-DM

MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME TO FILE PROOF OF CLAIM

Case: 19-30088    Doc# 12660    Filed: 07/22/22    Entered: 07/22/22 15:29:57    Page 1 of 6

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors And Official Committee Of Tort Claimants To Extent Bar Date For Fire Claimants And For Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. Debtors' chapter 11 plan ("Plan") was confirmed on June 20, 2020. (Dkt# 8053). The Plan became effective July 1, 2020. (Plan, Dkt# 8048).

This Motion concerns the claims of fire victims who suffered losses as a result of the Camp Fire, including devastating and extensive personal injuries. Movants Timothy W. Gleason and Miriam Gleason owned real property located as 4700 Zephyr Point Road, Paradise, California (the "Property"). Timothy and Miriam Gleason lived at the Property with their then-teenage son, Luke Gleason. Movants suffered emotional distress from fleeing the fire and being displaced from their home. As owners of the Property, Timothy and Miriam Gleason suffered damage to their home and surrounding property.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489 (1993), established an equitable balancing test to determine whether a bankruptcy court should permit the late filing of a proof of claim. In this case, application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1).

As to prejudice, the first factor, Movants' late proof of claim will not prejudice Debtors because the Plan has been confirmed and the associated Fire Victim Trust funded. The inclusion of Movants' claim in the pool of fire victim claims will have no impact on Debtors or the bankruptcy estates. As to delay, the second *Pioneer* factor, Movants have delayed in filing the proof of claim, but any resultant impact on these proceedings is minor because the Plan has been confirmed and the associated Fire Victim Trust funded. As to the reason for the delay and whether it was in Movants' reasonable control, the third *Pioneer* factor, the reason for delay warrants an enlargement of time for Movants to file the proof of claim. Movants suffer extreme trauma caused

1  by the Camp Fire, making it nearly impossible for Movants to deal directly with the consequences
2  of the fire, including potential litigation.  Despite the unimaginable loss and resultant trauma,
3  Movants have recently consulted legal counsel who promptly filed this motion and engaged
4  bankruptcy counsel for assistance in seeking the instant relief.  The reasons for the delay are
5  outside Movants' reasonable control and should not preclude Movants filing their proof of claim.
6  This conduct demonstrates Movants' good faith, satisfying the fourth *Pioneer* factor.  Because
7  consideration of the *Pioneer* factors demonstrates Movants' excusable neglect, there is cause to
8  enlarge time and permit Movants to file their proof of claim.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and B.L.R. 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9006(b)(1).

## BACKGROUND

As set forth in the Declaration of Richard Frankel filed contemporaneously herewith, Movants contacted the law firm Reiner, Slaughter & Frankel for representation in pursuing claims resulting from the severe injuries Movants suffered from the Camp Fire.  Movants suffered emotional distress from fleeing the fire and being displaced from their home, and damage to the Property.  Movants suffered severe trauma caused by the Camp Fire and only recently became able to deal with the damage caused.  Upon gaining the strength to confront these difficult circumstances, Movants contacted counsel who promptly filed this Motion on their behalf, and contacted bankruptcy counsel for assistance in seeking the instant relief.  Movants intend to file their proof of claim upon Court authorization to do so.

## BASIS FOR RELIEF REQUESTED

Rule 9006(b)(1) allows for the enlargement of time to file a proof of claim after the expiration of the specified period.

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or . . . by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1). In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, the Supreme Court concluded that the determination of "excusable neglect" under Rule 9006(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. In making the determination, bankruptcy courts are guided by four non-exclusive factors:

1. the danger of prejudice to the debtor,
2. the length of the delay and its potential impact on judicial proceedings,
3. the reason for the delay, including whether it was within the reasonable control of the movant, and
4. whether the movant acted in good faith.

*Id.*; *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 323 (3d Cir. 2001). Consideration of all four *Pioneer* factors supports the conclusion that Movants' failure to timely file their proof of claim prior to the claims bar date is excusable.

There is no danger of prejudice to Debtors, so the first *Pioneer* factor weighs overwhelmingly in Movants' favor. *See, e.g.*, *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since the debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642,

646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be in preferred stock and would not require disgorgement of funds already paid out even if it might have affected amount of preferred stock ultimately available to other creditors). The de minimis value of Movants' claim relative to Debtors' estates further indicates an absence of prejudice. *See, e.g.*, *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (considering size of late claim in relation to estate in determining prejudice).

Moreover, any prospect of prejudice is especially unlikely in this case because Debtors' Plan provides for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect the formulation of the Plan or materially affect the estate.

The second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Movants. Here, although the claims bar date passed, allowing Movants to file their proof of claim will have no substantive impact on the bankruptcy proceedings or the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (noting that the length of delay is considered in proportion to its effect on the administration of the case). Movants' late filing will have little to no appreciable impact on these proceedings.

The third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, further supports an enlargement of time. Movants acknowledge this Court's observation in 2004 that "[o]n balance[,] the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)). A "satisfactory explanation for the late filing" is required. *Graphic Communications*, 270 F.3d at 5.

Movants' delay stems from Movants' collective and individual traumas associated with the damage caused by the Camp Fire. Movants suffered extreme trauma, emotional distress, and property damage caused by the destruction of their home and subsequent displacement that has made dealing directly with the consequences of the Camp Fire all but impossible. In light of the devastation caused by the Camp Fire, Movants' delay in dealing with potential litigation is

excusable. Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Movants failed to act in good faith.

It is also critical to note that an order granting this Motion would be without prejudice to the rights of relevant parties (e.g., the Trustee of the Fire Victim Trust) to object to Movants' claim on substantive or legal grounds, other than timeliness.

## **CONCLUSION**

For the reasons set forth above, Movants respectfully request the Court enter an order pursuant to Rule 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that the proof of claim to be filed by Movants be deemed timely filed; and
3. Granting such other or further relief as the Court deems just and proper.

DATED: July 22, 2022              DOWNEY BRAND LLP

By: _____/s/ Jamie P. Dreher_____
JAMIE P. DREHER
Attorneys for Timothy W. Gleason, Miriam Gleason, and Luke Gleason

1819488v3  
6  Case No. 19-30088-DM  
MOTION PURSUANT TO FED. R. BANKR. P. 9006(b) TO ENLARGE THE TIME TO FILE PROOF OF CLAIM

Case: 19-30088  Doc# 12660  Filed: 07/22/22  Entered: 07/22/22 15:29:57  Page 6 of 6