ROBIN D. SHOFNER (272552)
shofner@mobolaw.com
**MOBO LAW, LLP**
10280 Donner Pass Road
Truckee, California 96161
Tel:    (530) 214-8700
Fax:    (530) 214-8158

Attorneys for Mary McAlvain

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re*: | **Case No.: 19-30088 (DM)** |
| | Chapter 11 |
| PG&E CORPORATION | (Lead Case) |
| | (Jointly Administered) |
| -and- | |
| | **MOTION PURSUANT TO FEDERAL RULE** |
| PACIFIC GAS AND ELECTRIC COMPANY | **OF BANKRUPTCY PROCEDURE 9006(b)(1)** |
| | **TO DEEM THE CLAIM OF MARY** |
| | **McALVAIN TIMELY FILED** |
| Debtors. | Date:   August 23, 2022 |
| | Time:   10:00 a.m. |
| | Dept.:  To Be Held Telephonically |
| ☐ Affects PG&E Corporation | United States Bankruptcy Court |
| ☐ Affects Pacific Gas & Electric | Courtroom 17 |
| ☒ Affects Both Debtors | 450 Golden Gate Avenue, 16th Floor |
| | San Francisco, CA |
| All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Judge:  Honorable Dennis Montali |
| | **Objection Deadline: August 16, 2022** |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (FRBP), Claimant MARY MCALVAIN (MCALVAIN) moves for an order expanding time to file Proof of Claim, and allow Claim Number 108641 that was filed on June 30, 2022 with Prime Clerk

and submitted with this motion as "Exhibit A", to be considered timely filed (the "Motion"). This motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Motion and Declaration of MCALVAIN, in addition to any evidence or oral argument presented at the time of hearing on this matter.

## I. SUMMARY OF ARGUMENT

1. MCALVAIN suffered emotional distress while evacuating from the Camp Fire as more fully detailed in her supporting declaration. As a direct result of the emotional trauma of losing her home of twenty-five years (25) and everything in her home, fearing for her own life and the lives of family and friends who were also forced to evacuate, MCALVAIN developed post-traumatic stress disorder (PTSD). As a result of her PTSD, MCALVAIN struggled with managing her affairs and navigating the time consuming and overwhelming tasks associated with filing claims to replace everything that she lost as a result of the Camp Fire and relocating to another state, including filing a timely Proof of Claim.

2. A Proof of Claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to MCALVAIN's suffering from PTSD, she was unable to timely file her Proof of Claim. Because there is no danger of prejudice to Debtors PG&E CORPORATION and PACIFIC GAS AND ELECGTRIC COMPANY (Debtors), as Debtors' estates are solvent, and all creditors in these cases stand to be paid, this Motion should be granted to allow MCALVAIN to have her claim deemed timely.

## II. BANKRUPTCY BACKGROUND

3. On January 29, 2019, Debtors commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). Debtors' Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and Debtors' potential liabilities arising therefrom.

4. The deadline for filing Proofs of Claim with respect to any prepetition claim including, but not limited, to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

5. The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date") solely for the benefit of any non-governmental Fire Claimants who did not file Proofs of Claim by the General Bar Date. *See* Dkt No. 4672.

6. On January 31, 2020, Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020. Dkt No. 5590.

7. On February 7, 2020, Debtors filed a Disclosure Statement for the Amended Plan. Dkt No. 5700.

8. On February 19, 2020, Debtors filed their Motion for Entry of an Order (I) Approving Form of Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Relief ("Solicitation Procedures Motion"). Dkt No. 5835.

9. On March 17, 2020, the Solicitations Procedures Motion was Approved.

10. After filing multiple iterations of the Plan, on June 19, 2020, Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 (the "Final Plan"). Dkt No. 8048.

11. On June 20, 2020, post-voting and hotly contested confirmation hearings, the Bankruptcy Court entered an order confirming the Final Plan. Dkt No. 8053.

### III. MCALVAIN'S CLAIMS ARISING FROM THE CAMP FIRE

12. MCALVAIN is a survivor of the Camp Fire which occurred on November 8, 2018, causing the total loss of her home and all of her personal belongings. MCALVAIN Decl. ¶ 16. At the time of the fire, MCALVAIN had resided in her home located at 1531 Judy Lane, Paradise, California for approximately twenty-five (25) years. *Id*. at ¶ 2.

13. As a direct and proximate result of the Camp Fire, MCALVAIN was forced to evacuate and was displaced, having to rely on friends for clothing and shelter. *Id*. at ¶ 14-16.

14. The loss of her accustomed lifestyle and being displaced from her residence caused severe emotional trauma, which became heightened upon learning that Debtors filed

MOBO LAW, LLP

bankruptcy. *Id.* at ¶ 17-18. MCALVAIN lost all hope until her niece advised her that she should seek legal assistance and that she may still be compensated for her loss. *Id*. at ¶ 19.

### IV. DISCOVERY OF MCALVAIN'S CLAIMS

15. MCALVAIN's niece consulted with potential counsel for MCALVAIN, MOBO Law, LLP (MOBO), in May 2022 for the purpose of determining if MCALVAIN had the ability to file an untimely Proof of Claim. Shofner Decl. ¶ 7. MOBO informed MCALVAIN's niece that there was a possibility that MCALVAIN could file a belated Proof of Claim. *Id*.

16. Shortly thereafter, MCALVAIN retained MOBO to file the instant Motion and Proof of Claim on her behalf.[1] *Id.* at ¶ 8. At that time, MOBO advised MCALVAIN that she needed to prepare a narrative of her experience and begin compiling data for the Proof of Claim. *Id*.

17. Movant had considerable difficulty in recounting her experience and gathering the necessary information to file the instant Motion and associated Proof of Claim due to the sadness, distress, and anxiety of having to relive her traumatic experience. MCALVAIN Decl. ¶ 19.

18. On June 30, 2022, MOBO filed Claim No. 108641 on MCALVAIN's behalf, attached hereto as Exhibit "A". Accordingly, MCALVAIN now brings this Motion to deem her late filed Proof of Claim timely.

### V. LEGAL ARGUMENT

19. In a Chapter 11 case, the time to file a Proof of Claim may be extended under certain circumstances. FRBP 3003(c)(3), 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirements for Proofs of Claim. *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 389 (1993). Moreover, FRBP 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond a party's control." *Id.* at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of

---

[1] MOBO had internal difficulties in registering through the Court's ECF/Pacer system, which resulted in some delay in filing the instant Motion. Shofner Decl. ¶ 9. Such delay was not in any way attributable to MCALVAIN. *Id.*

"excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].")

20. Under the factors set forth by the United States Supreme Court in *Pioneer*, the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

21. In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delayed, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395; *See also ZILOG, Inc. v. Corning*, 450 F.3d 996, 1006 (9th Cir. 2006) (noting *Pioneer's* non-exhaustive list of relevant factors). Again, a late-filed Proof of Claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a Proof of Claim or did not realize that she had to prior to the bar date. *Id.* (applying the *Pioneer* factors). Here, consideration of all four (4) *Pioneer* factors weigh in favor of MCALVAIN. Additionally, the case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

22. In particular, there is no danger of prejudice to Debtors in this case. Thus, the first *Pioneer* factor weights in favor of MCALVAIN. Debtors' estates are solvent, and all creditors stand to be paid. *See*, *e.g.*, *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only."). Secondly, immediately upon receiving all the necessary information, the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering immediately

upon becoming aware of the damages that arose from the Camp Fire, MOBO was retained in this matter and a Proof of Claim was filed by MOBO on MCALVAIN's behalf. Lastly, any prospect of prejudice beyond solvency is unlikely given that: (a) all distributions have not yet been made; and (b) the value of Movant's claim relative to the value of Debtors' estates is low. *See*, *e.g.*, *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

23. Movant acted in good faith. Her failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales & Mkg. LLC*, 2016 U.S. Dist LEXIS 141533. This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present.

24. The likelihood of injustice is great if MCALVAIN's claim is not permitted. MCALVAIN is a Camp Fire victim whose primary avenue for compensation is through this bankruptcy. This is a factor that was properly considered by the Court in *Pincay*, *supra*, 389 F.3d at 859.

## VI.  CONCLUSION

25. Based upon the foregoing, MCALVAIN hereby requests that the Court grant this Motion and deem timely the Subject Proof of Claim.

**WHEREFORE**, Movant prays for an order:

1. Granting the Motion in its entirety;

2. Finding that the Subject Proof of Claim filed by the Movant is to be allowed as having been timely filed; and

3. Granting such other or further relief as the Court deems just and proper.

Dated: August 2, 2022                                Respectfully submitted by,
                                                     **MOBO LAW, LLP**


                                                     /s/ Robin D. Shofner
                                                     Robin D. Shofner
                                                     Attorneys for Movant:
                                                     MARY MCALVAIN