ROBIN D. SHOFNER (272552)
shofner@mobolaw.com
**MOBO LAW, LLP**
10280 Donner Pass Road
Truckee, California 96161
Tel: (530) 214-8700
Fax: (530) 214-8158

Attorneys for Mary McAlvain

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re*: | **Case No.: 19-30088 (DM)** |
| | Chapter 11 |
| PG&E CORPORATION | (Lead Case) |
| | (Jointly Administered) |
| -and- | |
| | **DECLARATION OF ROBIN D. SHOFNER IN SUPPORT OF MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1) TO DEEM THE CLAIM OF MARY McALVAIN TIMELY FILED** |
| PACIFIC GAS AND ELECTRIC COMPANY | |
| Debtors. | |
| | Date: August 23, 2022 |
| ☐ Affects PG&E Corporation | Time: 10:00 a.m. |
| ☐ Affects Pacific Gas & Electric | Dept.: To Be Held Telephonically |
| ☒ Affects Both Debtors | United States Bankruptcy Court |
| | Courtroom 17 |
| All papers shall be filed in the Lead Case, No. 19-30088 (DM) | 450 Golden Gate Avenue, 16th Floor |
| | San Francisco, CA |
| | Judge: Honorable Dennis Montali |
| | **Objection Deadline: August 16, 2022** |

I, Robin D. Shofner, declare and state as follows:

1. I am the attorney of record for Mary McAlvain, the Movant herein. I am

1 licensed to practice law in the State of California. I have personal knowledge of the facts stated 2 in this Declaration and, if called as a witness, could and would testify competently to the truth 3 of the facts stated herein. This Declaration is submitted in support of the Motion Pursuant to 4 Federal Rule of Bankruptcy Procedure 9006(b)(1) to Deem the Claim of Mary McAlvain 5 Timely Filed (the "Motion").

2. Mary McAlvain (Movant) is a survivor of the Camp Fire and owned a home located at 1531 Judy Lane, Paradise, California for almost twenty-five (25) years prior to the Camp Fire.

3. Movant suffered significant, life changing losses, i.e., the loss of her home, all of her belongings, and being displaced from her accustomed lifestyle, as a result of the Camp Fire thereby causing Movant severe emotional trauma, PTSD, and high blood pressure.

4. This trauma was compounded by Movant's proximity to the dangerous and life threatening Camp Fire which forced her to flee for her life.

5. As a direct and proximate result of these losses and hardship, Movant became unable to manage her personal affairs. Upon learning of PG&E's bankruptcy, Movant sunk into a state of total despair.

6. Movant was unaware of the relevant bar dates for filing a proof of claim. Movant's niece learned that Movant's losses might still be compensable when the bar dates were extended.

7. I was contacted by Movant's niece in May 2022. Movant's niece inquired whether Movant could possibly file a late proof of claim in this matter and I advised that she could potentially do so. It is my understanding that Movant's niece relayed this information to Movant at or around this same time and that this is the first time Movant became aware that she had potentially viable claims that could be asserted in the pending matter.

8. Shortly thereafter, MOBO Law, LLP was retained to prepare and file the within Motion to allow Movant to file a late claim based on excusable neglect and lack of prejudice to the Debtor. I informed Movant around this same time that she would need to prepare a narrative of her experience and begin compiling data for the Motion and associated Proof of

Claim.

9. My firm had some internal difficulties in finalizing my registration for ECF/Pacer with this Court, which resulted in some additional delay in the filing of this Motion none of which was attributable to Movant.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: August 2, 2022

/s/ Robin D. Shofner
Robin D. Shofner