| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF THE ONE HUNDRED FIFTEENTH OMNIBUS OBJECTION (NO LIABILITY RECATEGORIZED CLAIMS) WITH RESPECT TO CLAIM NO. 87604 (KIM MILLER)**<br><br>**[Re: Docket No. 12173]**<br><br>Date: August 9, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the August 9, 2022, 10:00 a.m. omnibus hearing (the "**Hearing**"),[1] PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," "**PG&E**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply brief (the "**Reply**") in further support of the *Reorganized Debtors' One Hundred Fifteenth Omnibus Objection to Claims (No Liability Recategorized Claims)* [Docket No. 12173] (the "**Omnibus Objection**")[2] to Claim No. 87604 (Kim Miller) (the "**Contested Claim**"), for which an informal response was received by the Reorganized Debtors by e-mail on May 24, 2022 (the "**Miller Response**"). A copy of the Miller Response is attached hereto as **Exhibit A**.[3]

Through the Omnibus Objection, the Reorganized Debtors stated the legal grounds upon which they objected to the Contested Claim and presented supporting facts through the declaration of A. Anna Capelle [Docket No. 12174] and the Request to Take Judicial Notice [Docket No. 12175] (the "**RJN**"). The Reorganized Debtors thus having supported the Omnibus Objection by facts and law, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). The Miller Response does not address the legal or factual bases upon which the Reorganized Debtors objected to the Contested Claim, much less meet Mr. Miller's burden of proof that the Court should not disallow and expunge the Contested Claim. In support of this

---

[1] The Reorganized Debtors have reviewed the supplemental response filed by Andrew Walters [Docket No. 12669] (the "**Walters Supplemental Response**") with respect to Claim No. 86837, which also is set to be heard at the Hearing. Nothing in the Walters Supplemental Response changes the Reorganized Debtors' arguments with respect to Claim No. 86837 as set forth in the *Omnibus Reply in Further Support of the One Hundred Fifteenth Omnibus Objection (No Liability Recategorized Claims)* [Docket No. 12581]. The Reorganized Debtors will address Claim No. 86837 at the Hearing.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Objection.

[3] The Reorganized Debtors have redacted the Miller Response in compliance with Federal Rule of Bankruptcy Procedure 9037.

1  Reply, the Reorganized Debtors submit the Supplemental Request to Take Judicial Notice (the
2  "**Supplemental RJN**"), filed concurrently herewith, and respectfully state as follows:
3  **II.    REPLY TO THE MILLER RESPONSE**
4         The Miller Response states that PG&E's responsibility for the Mendocino Complex Fire—made up of the Ranch Fire and the River Fire—"has been found as inconclusive, which leaves much in question. If PG&E [has] been found responsible for many other wildfires in the area it seems unlikely they were not responsible for this one." Miller Response at 2. Mr. Miller also argues that the Public Safety Power Shutoff ("**PSPS**") program PG&E enacted for wildfire prevention is "proof [PG&E has] not fulfilled this expectation [to perform maintenance upkeep] and likely caused the River fire along with the others." *Id*. Finally, the Miller Response complains about PG&E's rates and states that "[a]s a continuing customer of PG&E which is not by choice my expectation is that they would pay this claim as it is only a small reimbursement compared to the financial impact they cause on an ongoing monthly basis." *Id*.

       As detailed in the Omnibus Objection and the Request to Take Judicial Notice, the Reorganized Debtors objected to Mr. Miller's claim as a Third-Party Fire Claim arising from the Mendocino Complex Fire. The CAL FIRE Incident Report on the Mendocino Complex Fire indicated that the cause of the Ranch Fire was human. RJN ¶ C. As the Miller Response indicates, CAL FIRE's report determined that the cause of the River Fire was inconclusive. Supplemental RJN ¶ A.

       Mr. Miller's burden is to prove that PG&E caused the Mendocino Complex Fire, which he has not done and cannot do. The fact that CAL FIRE did not determine the specific cause of the River Fire does not satisfy Mr. Miller's burden to prove PG&E was responsible for that fire. Mr. Miller's suggestion that PG&E's liability with respect to the Fires enumerated in the Plan indicates liability for other, unrelated fires likewise does not carry probative weight and, if credited, would set an unwarranted and unfair precedent. Similarly, the existence of the PSPS program, explicitly aimed at preventing future wildfires, is not evidence that PG&E caused the River Fire. Finally, that Mr. Miller is unhappy with the

rates he pays for electricity does not entitle him to even a "small reimbursement" for alleged damages not caused by PG&E.[4]  Mr. Miller thus has not met his burden of proof.

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Omnibus Objection and its supporting documents, the Reorganized Debtors respectfully request that the Court overrule the Miller Response, sustain the Omnibus Objection, and disallow and expunge the Contested Claim.  If the Court is not prepared to disallow the Contested Claim at the Hearing, the Reorganized Debtors will supplement their objection to it and address any further arguments at a continued hearing, and they reserve all rights, arguments, and defenses with respect to the Contested Claim and such supplemental objection.

Dated: August 2, 2022

**KELLER BENVENUTTI KIM LLP**

By: */s/ Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*

---

[4] Mr. Miller's proof of claim does not make reference to damages based upon the rates he pays for electricity beyond the attachment of an unexplained postpetition utility bill.  To the extent he attempts to make such a claim through the Miller Response, the Reorganized Debtors object on the basis that such a rate claim does not represent a valid prepetition right to payment.  Under California's filed rate doctrine, public utilities whose rates are approved by a regulatory agency—here, the California Public Utilities Commission (the "**CPUC**")—"are insulated from lawsuits challenging those rates and from court orders having the effect of imposing a rate other than that filed with" or approved by the regulatory agency.  *Day v. AT& T Corp.*, 63 Cal. App. 4th 325, 335 (1998).  As the CPUC has approved the rates charged by PG&E, neither its customers nor the Court are "institutionally well suited to engage in retroactive rate setting." *Wegoland Ltd. v. NYNEX Corp*. 27 F.3d 17, 19 (2d Cir. 1994).