William B. Abrams
end2endconsulting@gmail.com
2041 Stagecoach Rd.
Santa Rosa, CA, 95404
Tel: 707 397 5727

**FILED**

**AUG - 3 2022**

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

*Pro Se Fire Victim Claimant and Party to related proceedings before the California Public Utilities Commission and the California Office of Energy Infrastructure Safety*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankr. Case No. 19-30088 (DM) |
| | Chapter 11 |
| PG&E CORPORATION, | (Lead Case) |
| | (Jointly Administrated) |
| -and- | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | **STATEMENT OF RELATED CASE BEFORE THE CALIFORNIA PUBLIC UTILITIES COMMISSION REGARDING DEBTOR COST RECOVERY APPLICATION A.21-09-008 PURSUANT TO PUBLIC UTILITIES CODE SECTION 451 AND 451.1** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☑ Affects both Debtors | |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

# PRELIMINARY STATEMENT

As an active party to related proceedings before the California Public Utilities Commission ("**CPUC**" or "**Commission**"), it is important and appropriate to notice the Court and parties regarding these related regulatory proceedings. The Debtor filed the "*Application of Pacific Gas and Electric Company for Recovery of Recorded Expenditures Related to Wildfire Mitigation, Catastrophic Events, and Other Recorded Costs*" on September 16, 2021 which prompted the California Public Utilities Commission to open a related proceeding [A.21-09-008].[1] The Debtor provided testimony on May 19, 2022 and rebuttal testimony on July 14, 2022 to support their application for cost recovery. Subsequent to this filed testimony, evidentiary hearings were held on July 25 and July 26, 2022.

# BACKGROUND

The legal basis for this cost recovery application cited by the Debtor included Public Utilities Code Section 451 and Section 451.1 which states the following:

> *"All charges demanded or received by any public utility, or by any two or more public utilities, for any product or commodity furnished or to be furnished or any service rendered or to be rendered shall be **just and reasonable. Every unjust or unreasonable charge demanded or received for such product or commodity or service is unlawful**... the commission may allow cost recovery **if the costs and expenses are just and reasonable**, after consideration of the conduct of the utility. In evaluating the reasonableness of the costs and expenses, **the commission shall consider the conduct of the electrical corporation and relevant information submitted into the commission record.**"* (emphasis added)

In response to the Debtor's testimony and as an active party to this proceeding, I cross-examined PG&E witnesses within the evidentiary hearings which occurred on July 25 and July 26, 2022 to ascertain whether or not the Debtor could reasonably claim "just and reasonable" cost recovery pursuant to PUC Section 451 during the same period of time that PG&E victims suffer and await just settlements and cost recovery through the Fire Victim Trust. This line of questioning is particularly relevant given that victim's cost recovery is based upon the Debtor's representations within this

---

[1] See "APPLICATION OF PACIFIC GAS AND ELECTRIC COMPANY (U 39 M) FOR RECOVERY OF RECORDED EXPENDITURES RELATED TO WILDFIRE MITIGATION, CATASTROPHIC EVENTS, AND OTHER RECORDED COSTS", September 16, 2021
https://docs.cpuc.ca.gov/SearchRes.aspx?DocFormat=ALL&DocID=407966952

Court including their related and overinflated stock valuation (14x multiplier, NENI, etc.) which was the basis of the $13.5B settlement. The evidentiary hearing held on July 26, 2022 included the following cross-examination excerpts of Christine Cowsert, PG&E Senior Vice President as the primary sponsor put forward by the Debtor to support their cost recovery application:[2]

> **ABRAMS Q:** *"Ms. Cowsert, as I mentioned, I'm one of approximately 70,000 wildfire survivors or PG&E victims that are still waiting for cost recovery as far back as the 2015 Butte Fire. And this is largely because of a valuation that PG&E put forward. Ms. Cowsert, do you believe that awarding cost recovery to PG&E before the victims of these fires is just?"*
> **COWSERT A:** *"That's a difficult question to answer. I believe that cost recovery for the investments that PG&E has made is a necessary aspect..."*
>
> **ABRAMS Q:** *"I'll ask this Ms. Cowsert. I'm not sure that the "just" portion of my question was answered. Ms. Cowsert, do you believe that it would be proper for the Commission to decide that cost recovery would only be just in accordance with Section 451 only at the point that victims of your fires are able to recover their costs? Is that not a reasonable approach, in other words, to make it contingent, PG&E's cost recovery contingent upon the cost recovery of your victims? Would that not be a reasonable approach?*
> **COWSERT A:** *"I don't know."*

## STATEMENT

I am providing this statement to notice the Court and parties regarding this related CPUC regulatory proceeding and the associated cost recovery application of the Debtor. This statement is also being provided to notice parties regarding my position within this proceeding which is being argued (1) through any and all negotiations with the Debtor (2) through my active engagement within the evidentiary and other related hearings and (3) through anticipated briefings before the California Public Utilities Commission. I will not further substantiate my arguments within this statement other than to make the following two points clear which will be the basis of my arguments:

1. **Just and Reasonable Cost Recovery** - The Debtor's cost recovery related to the wildfires between 2015 and 2020 should only be deemed "just and reasonable" pursuant to Public Utilities Code Section 451 and 451.1 if the regulatory approval and subsequent recovery of costs is contingent upon the full cost recovery of PG&E victims. Victims have relied upon the representations of the Debtor including but not limited to their representations regarding the stock valuation for which the victim's "made whole" settlement was agreed.

---

[2] See Hearing Transcript, July 26, 2022, California Public Utilities Commission A.21-09-008, (pg. 101, 103-105), https://docs.cpuc.ca.gov/PublishedDocs/Efile/G000/M496/K395/496395973.PDF

2. **Conditional Approval** - The California Public Utilities Commission should conditionally approve reasonable costs associated with the PG&E application [A.21-09-008] contingent upon the full cost recovery of victims with valid claims and seeking cost recovery through the PG&E Fire Victim Trust. Any PG&E cost recovery approved through this application would be unreasonable, unjust and unlawful pursuant to PUC Section 451.1 if it is provided before the full cost recovery of their victims. Approval of this application without these conditions would inherently and unjustly force victim ratepayers to fund the cost recovery of the corporation that burned down their homes and their communities before they are "made whole" through the Fire Victim Trust.

The active parties within this regulatory proceeding include The Utility Reform Network (TURN), The Public Advocates Office (Cal Advocates) and the Direct Access Customer Coalition among other parties representing a variety of ratepayer and utility interests.[3] Trustee counsel (Brown Rudnick LLP, Morgan Lewis and Bockius LLP) continue to actively "monitor" regulatory proceedings on behalf of the Fire Victim Trust but to date have not actively engaged in CPUC proceedings. Trustee counsel, official Fire Claimant Professionals or other parties before this Court (Case#19-30088-DM) wishing to actively engage within this related CPUC proceeding (A.21-09-008) on behalf of PG&E's victims should consider the following proposed and pending briefing dates:

- **BRIEFS DUE:** September 16, 2022
- **REPLY BRIEFS DUE:** September 23, 2022

Additional details regarding this proceeding are available through the California Public Utilities Commission's public docket. Parties wishing to submit a brief as outlined above, need only file a motion for party status in accordance with the Commission's guidelines. The procedures to provide a motion for party status within the proceeding and/or to provide open public comment are available on the Commission's website.[4]

Executed on August 2, 2022, at Santa Rosa, CA.

Respectfully submitted,

William B. Abrams
Pro Se Claimant

---

[3] See CPUC Service List, A.21-09-008, https://ia.cpuc.ca.gov/servicelists/A2109008_89717.htm
[4] See California Public Utilities Commission Docket A.21-09-008, https://apps.cpuc.ca.gov/apex/f?p=401:65:0::NO:::

Case: 19-30088    Doc# 12685    Filed: 08/03/22    Entered: 08/04/22 11:30:54    Page 4 of 4