1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Eric R. Goodman (admitted pro hac vice)
3  (EGoodman@brownrudnick.com)
   Seven Times Square
4  New York, New York 10036
   Telephone:    (212) 209-4800
5  Facsimile:    (212) 209-4801

6  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
7  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
8  Irvine, California 92612
   Telephone:    (949) 752-7100
9  Facsimile:    (949) 252-1514

10 *Attorneys for Fire Victim Trustee*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSIONS OF CERTAIN RETENTION AGREEMENTS UNTIL LITIGATION RELATED TO SUCH RETENTION AGREEMENTS IS FINALLY RESOLVED** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ **Affects both Debtors** | [No Hearing Requested] |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

## **TABLE OF CONTENTS**

                                                                                                                            **Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................................3
I.      JURISDICTION .........................................................................................................................3
II.     BACKGROUND .........................................................................................................................3
III.    THE ASSIGNED RIGHTS AND CAUSES OF ACTION ......................................................4
IV.    RETAINED COUNSEL AND ENGAGEMENT LETTERS..................................................5
V.     BASIS FOR RELIEF REQUESTED........................................................................................9
VI.   NOTICE ......................................................................................................................................12

i

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Borders Grp., Inc.*,
    462 B.R. 42 (Bankr. S.D.N.Y. 2011)..................................................................................9

*Cortina v. Goya Foods, Inc.*,
    No. 14cv169 L, 2015 WL 11251806 (S.D. Cal. Oct. 7, 2015) ...............................................11

*In re Global Crossing Ltd.*,
    295 B.R. 720 (Bankr. S.D.N.Y. 2003)..................................................................................10

*Jensen v. BMW of North America, LLC*,
    No.18cv103-WQH, 2019 WL 3306297 (S.D. Cal. Jul. 23, 2019)..........................................11

*In re Las Vegas Monorail Co.*,
    458 B.R. 553 (Bankr. D. Nev. 2011) ..................................................................................11

*In re Orion Pictures Corp.*,
    21 F.3d 24 (2d Cir. 1994) ..................................................................................9

*In re Pasquinelli Homebuilding, LLC*,
    No. 11 B 14829, 2013 WL 594459 (Bankr. N.D. Ill. Feb. 14, 2013) ......................................10

*Whitaker v. MZM Fakhouri, Inc.*,
    No. 5:21-cv-03327, 2021 WL 6621063 (N.D. Cal Dec. 6, 2021) .........................................11

**California Cases**

*Dietz v. Meisenheimer & Herron*,
    99 Cal. Rptr. 3d 464 (Cal. Ct. 2009)..................................................................................11

**Federal Statutes**

11 U.S.C.
    § 105(a) ..................................................................................2, 9
    §107(b)..................................................................................2, 9, 10

28 U.S.C.
    § 157..................................................................................3
    § 1334..................................................................................3
    § 1408..................................................................................3
    § 1409..................................................................................3

**California Statutes**

Cal. Bus. & Prof. Code
    §6149 (West 2022)..................................................................................10

**Other Authorities**

Federal Rule of Bankruptcy Procedure 2002 ......................................................................... 12

Federal Rule of Bankruptcy Procedure 2004 ......................................................................... 3, 4

Federal Rule of Bankruptcy Procedure Rule 9018 ................................................................. 2, 10

Federal Rules of Civil Procedure Rule 26(c) .......................................................................... 9

Bankruptcy Local Rule 1001-2(a) .......................................................................................... 2

Bankruptcy Local Rule 5011-1(a) .......................................................................................... 3
**Other Authorities**

Federal Rule of Bankruptcy Procedure 2002 ......................................................................... 12

Federal Rule of Bankruptcy Procedure 2004 ......................................................................... 3, 4

Federal Rule of Bankruptcy Procedure Rule 9018 ................................................................. 2, 10

Federal Rules of Civil Procedure Rule 26(c) .......................................................................... 9

Bankruptcy Local Rule 1001-2(a) .......................................................................................... 2

Bankruptcy Local Rule 5011-1(a) .......................................................................................... 3

**Other Authorities**

Federal Rule of Bankruptcy Procedure 2002 ......................................................................... 12

Federal Rule of Bankruptcy Procedure 2004 ......................................................................... 3, 4

Federal Rule of Bankruptcy Procedure Rule 9018 ................................................................. 2, 10

Federal Rules of Civil Procedure Rule 26(c) .......................................................................... 9

Bankruptcy Local Rule 1001-2(a) .......................................................................................... 2

Bankruptcy Local Rule 5011-1(a) .......................................................................................... 3

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"), hereby submits this motion (the "**Motion**") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Trustee to file certain engagement letters more specifically described below (collectively, the "**Retention Agreements**[1]") for counsel retained to pursue third-party litigation, as directed by the *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Docket No. 12682] (the "**Discovery Order**"), with redactions to certain terms, the disclosure of which would impact ongoing litigation and the resolution thereof, and to post the Retention Agreements to the Fire Victim Trust Website with the same redactions, (ii) authorizing the Trustee to file under seal unredacted copies of the Retention Agreements, and (iii) directing that the unredacted copies of the Retention Agreements provided to the Court shall remain under seal and confidential and not be made available to anyone without the consent of the Trustee or further order from the Court until such time as the litigation to which the Retention Agreements apply has been finally resolved by judgment, arbitration, mediation or otherwise. The Trustee does not object to full disclosure of the Retention Agreements once the litigation to which each of the Retention Agreements apply is finally resolved.

On August 23, 2022, counsel for the Trustee met and conferred with Mr. Abrams and advised him that the Trustee would seek the relief requested in the Motion. Contemporaneously with the filing of this Motion, the Trustee provided Mr. Abrams with a courtesy copy of the Motion, along with copies of the Retention Agreements, redacted as requested herein.

In support of the Motion, the Trustee submits the Declaration of Cathy Yanni in her capacity as Trustee of the Trust (the "**Yanni Declaration**"), filed contemporaneously herewith. A proposed form of

---

[1] The term "Retention Agreements" is used herein to refer to the D&O Retention Agreement, the BMC Retention Agreements, the VM Retention Agreement and the Gilbert Retention Agreement (all as defined below) collectively.

order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   JURISDICTION**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.   BACKGROUND**

2. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced the Chapter 11 cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") to address billions of dollars of liabilities related to the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire, and to provide compensation to wildfire victims fairly and expeditiously. On June 19, 2020, the Reorganized Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as may be modified, supplemented, or amended from time to time, and together with all schedules and exhibits thereto, the "**Plan**").[2] The Plan addresses the claims of approximately eighty thousand Fire Victims.

3. On June 20, 2020, the Bankruptcy Court entered the *Order Confirming Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**") and the Effective Date of the Plan occurred on July 1, 2020. Pursuant to the Confirmation Order, on the Effective Date, the Trustee was appointed, and the Trust was established under the Trust Agreement and funded with cash, PG&E Stock and Assigned Rights and Causes of Action. The Fire Victim Trust has at all times since its inception complied with its disclosure obligations to Fire Victims and this Court.

4. On May 23, 2022, claimant William B. Abrams filed his *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12440] (the "**Discovery**

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**Motion**"). On June 7, 2022, the parties presented arguments to the Court on the Discovery Motion. On June 21, 2022, the Trustee filed the *Objection of Fire Victim Trustee to Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12527] (the "**Objection**"). On July 6, 2022, Mr. Abrams filed the *William B. Abrams Reply to the Objection of Fire Victim Trustee Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12593] (the "**Reply**").

5. After considering the Discovery Motion, the Objection, the Reply and the arguments presented to the Court at the June 7, 2022 hearing, the Court entered the Discovery Order. The Discovery Order directed the Trust to post a copy of the retention agreement pertaining to each third-party litigation firm retained by the Trust through the "request for proposal" interview process described in the Objection. The Discovery Order explicitly recognizes "the need for confidentiality that would seem necessary to protect the interests of the Trust and would likely aid potential defendants if disclosed," and it therefore authorizes the Trustee, if appropriate, to seek limits on the disclosure required of the Trustee to those Assigned Claims that have been "finally resolved by judgment, arbitration, mediation or otherwise." [Docket No. 12682 10:24 – 11:17].

**III. THE ASSIGNED RIGHTS AND CAUSES OF ACTION**

6. The Assigned Rights and Causes of Action can be broken into two subsets: the potential claims against certain former officers and directors of the Reorganized Debtors for breach of fiduciary duty, corporate waste and other duty claims formerly held by the Reorganized Debtors and assertible against its former officers and directors (the "**D&O Claims**"), and (ii) the potential claims against third-party contractors who were engaged by the Reorganized Debtors to provide business consulting, asset management and/or vegetation management services who may, as a result of their contracts or acts or omissions be liable to the Reorganized Debtors for wildfire-related damages (the "**Third-Party Claims**"). The Third-Party Claims can be further divided into two subcategories: (1) potential claims against business management consultants (the "**BMC Claims**") and (2) potential claims against vegetation management contractors (the "**VM Claims**").

7. Once the Trust became operational, it issued a press release seeking proposals for legal services to be provided in connection with the Assigned Rights and Causes of Action. The following press release was posted to the Fire Victim Trust website and issued via BusinessWire on September 18, 2020:

> **PG&E Fire Victim Trust Requesting Proposals for Legal Services in Connection with Assigned Claims**
>
> The Fire Victim Trust is requesting proposals from experienced legal practitioners to provide legal services to the Trust in connection with the Trust's analysis and pursuit of certain claims and causes of action formerly held by PG&E, now assigned to the Trust, relating to certain Northern California wildfires of 2017 and 2018. The claims and causes of action include those against former directors and officers of PG&E and those against contractors and consultants of PG&E. Copies of the Requests for Proposals may be obtained by sending an email requesting them to FVT-RFP@brownrudnick.com. The deadline for delivery of responses is the close of business on October 6, 2020.

8. The Requests for Proposals ("**RFPs**") were made available upon request as directed in the press release. Law firms that requested RFPs received an RFP for D&O Claims and an RFP for Third-Party Claims. As of the October 6, 2020 deadline, a total of 12 law firms had requested and were provided with copies of the RFPs. The Third-Party RFPs permitted bidders to respond with a proposal regarding all Third-Party Claims, or with a proposal limited to either BMC Claims or VM Claims.

## IV. RETAINED COUNSEL AND ENGAGEMENT LETTERS

9. By the October 6, 2020 deadline, the Trust had received four proposals from law firms (or consortiums of law firms) to represent the Trust in connection with some or all of the Assigned Claims, and one information request, as follows:

- A proposal from a consortium of law firms consisting of (i) Cotchett, Pitre & McCarthy LLP; (ii) Corey, Luzaich, De Ghetaldi & Riddle LLP; (iii) Dreyer Babich Buccola Wood Campora LLP; (iv) Walkup, Melodia, Kelly & Schoenberger; and (v) Bottini & Bottini Inc., to represent the Trust in connection with the D&O Claims.
- A proposal from a consortium of law firms consisting of (i) Cotchett, Pitre & McCarthy LLP; (ii) Corey Luzaich, de Ghetaldi & Riddle, LLP; (iii) Dreyer, Babich, Buccola, Wood Campora LLP; and (iv) Walkup, Melodia, Kelly & Schoenberger, to represent the Trust in connection with the VM Claims.
- A proposal from Andrews & Thornton, a Law Corporation, to represent the Trust in connection with all Third-Party Claims.
- A proposal from Gilbert LLP to act as special insurance counsel to the Trust in connection with the D&O Claims and the Third-Party Claims.
- An information request from a consortium of law firms consisting of (i) Berman Tabacco and (ii) Schubert Jonckheer & Kolbe LLP, indicating interest in responding to the RFP pertaining to the D&O Claims and requesting additional information (to which the Trust responded).

10.     After reviewing and considering all of the proposals received by the Trust, the Trustee selected and retained (A) a consortium of law firms (the "**D&O Firms**") consisting of (i) Cotchett, Pitre & McCarthy LLP; (ii) Corey, Luzaich, De Ghetaldi & Riddle LLP; (iii) Dreyer Babich Buccola Wood Campora LLP; (iv) Walkup, Melodia, Kelly & Schoenberger; and (v) Bottini & Bottini Inc., to represent the Trust in connection with the D&O Claims; (B) a consortium of law firms (the "**BMC Firms**") consisting of (i) Andrews & Thornton, a Law Corporation, and (ii) Greenberg Gross LLP to represent the Trust in connection with the BMC Claims; and (C) a consortium of law firms (the "**VM Firms**") consisting of (i) Cotchett, Pitre & McCarthy, LLP, (ii) Corey, Luzaich, de Ghetaldi & Riddle, LLP, (iii) Walkup, Melodia, Kelly & Schoenberger, (iv) Dreyer, Babich, Buccola, Wood & Campora, LLP, (v) Andrews & Thornton, a Law Corporation, and (vi) Greenberg Gross LLP to represent the Trust in connections with the VM Claims.

11.     To confirm the retention of the firms described above, the Trustee entered into certain engagement letters as follows: an engagement letter dated October 16, 2020 between the Trustee and the D&O Firms (the "**D&O Retention Agreement**"); an engagement letter dated December 18, 2020 between the Trustee and the BMC Firms (the "**Original BMC Retention Agreement**"); an engagement letter dated January 27, 2021 between the Trustee and the VM Firms (the "**VM Retention Agreement**"); an engagement letter dated March 11, 2021 between the Trustee and Gilbert LLP, as special insurance counsel in connection with the BMC Claims (the "**Gilbert BMC Retention Agreement**"); and an engagement letter dated March 11, 2021 between the Trustee and Gilbert LLP, as special insurance counsel in connection with the VM Claims (the "**Gilbert VM Retention Agreement**," and together with the Gilbert BMC Engagement Letter, the "**Gilbert Retention Agreements**").

12.     To memorialize certain subsequent litigation strategy decisions, the parties to the Original BMC Engagement Letter entered into five new engagement letters dated January 1, 2022 (the "**Amended BMC Retention Agreements**") that collectively terminated the Original BMC Retention Agreement and superseded its terms. To memorialize an additional litigation strategy decision, the parties to the Amended BMC Retention Agreements entered into an updated engagement letter dated July 1, 2022 (the "**Second Amended BMC Retention Agreement**, and together with the Original BMC Retention Agreement and

the Amended BMC Retention Agreement, the "**BMC Retention Agreements**") that terminated one of the five Amended BMC Retention Agreements and superseded its terms

13. The D&O Retention Agreement contains certain highly confidential information (the "**D&O Sensitive Information**") that could be used to benefit the defendants to the D&O Claims (the "**D&O Defendants**"), the BMC Defendants (as defined below) and the VM Defendants (as defined below) to the detriment of the Fire Victim Trust. Specifically, the information that the Trustee seeks to redact temporarily from the D&O Retention Agreement describes the Trust's liability insurance coverage, which could be valuable to the D&O Defendants, the BMC Defendants and the VM Defendants in their defense of the litigation. Disclosing the D&O Sensitive Information would therefore be prejudicial to the Trust and to its beneficiaries, the fire victims. The Trustee and the D&O Firms do not believe that the temporary redaction of the D&O Sensitive Information would result in a lack of transparency regarding the retention of the D&O Firms. Importantly, the Trustee and the D&O Firms believe that publication of the D&O Sensitive Information at the present time would be detrimental to the Trust. Therefore, to protect the Trust and its beneficiaries, the Trustee requests that the Court allow the Trust to temporarily redact from the D&O Retention Agreement the D&O Sensitive Information prior to filing the D&O Retention Agreement on the docket for these cases and posting them to the Fire Victim Trust Website as directed in the Discovery Order.

14. Similarly, the BMC Retention Agreements contain certain highly confidential information (the "**BMC Sensitive Information**") that could be used to benefit the potential defendants to the BMC Claims (the "**BMC Defendants**") to the detriment of the Fire Victim Trust. Specifically, the information that the Trustee seeks to redact temporarily from the BMC Retention Agreements would identify issues believed by counsel to be confidential and sensitive to the litigation and give the BMC Defendants further information that would be valuable to the BMC Defendants in their defense of the litigation. Additionally, the BMC Sensitive Information includes attorney-client privileged communications and deliberations between the BMC Firms and the Trustee. Disclosing the BMC Sensitive Information would therefore be prejudicial to the Trust and to its beneficiaries, the fire victims. The Trustee and the BMC Firms do not believe that the temporary redaction of the BMC Sensitive Information would result in a lack of transparency regarding the retention of the BMC Firms. Importantly, the Trustee and the BMC Firms

believe that publication of the BMC Sensitive Information would be detrimental to the Trust at this time. Therefore, to protect the Trust and its beneficiaries, the Trustee requests that the Court allow the Trust to temporarily redact from the BMC Retention Agreements the BMC Sensitive Information prior to filing the BMC Retention Agreements on the docket for these cases and posting them to the Fire Victim Trust Website as directed in the Discovery Order.

15. The VM Retention Agreement also contains certain highly confidential information (the "**VM Sensitive Information**") that could be used to benefit the defendants to the VM Claims (the "**VM Defendants**") to the detriment of the Fire Victim Trust. Specifically, the information that the Trustee seeks to redact temporarily from the VM Retention Agreement would identify issues believed by counsel to be confidential and sensitive to the litigation and give the VM Defendants further information that would be valuable to the VM Defendants in their defense of the litigation. Additionally, the VM Sensitive Information includes attorney-client privileged communications and deliberations between the VM Firms and the Trustee. Disclosing the VM Sensitive Information would therefore be prejudicial to the Trust and to its beneficiaries, the fire victims. The Trustee and the VM Firms do not believe that the temporary redaction of the VM Sensitive Information would result in a lack of transparency regarding the retention of the VM Firms. Importantly, the Trustee and the VM Firms believe that publication of the VM Sensitive Information at the present time would be detrimental to the Trust. Therefore, to protect the Trust and its beneficiaries, the Trustee requests that the Court allow the Trust to temporarily redact from the VM Retention Agreement the VM Sensitive Information prior to filing the VM Retention Agreement on the docket for these cases and posting them to the Fire Victim Trust Website as directed in the Discovery Order.

16. The Gilbert Retention Agreements contain certain highly confidential information (the "**Gilbert Sensitive Information**") that could be used to benefit the D&O Defendants, the BMC Defendants and the VM Defendants to the detriment of the Fire Victim Trust. Specifically, the information that the Trustee seeks to redact temporarily from the Gilbert Retention Agreements describes the Trust's liability insurance coverage, which could be valuable to the D&O Defendants, the BMC Defendants and the VM Defendants in their defense of the litigation. Disclosing the Gilbert Sensitive Information would therefore be prejudicial to the Trust and to its beneficiaries, the fire victims. The Trustee and Gilbert do

not believe that the temporary redaction of the Gilbert Sensitive Information would result in a lack of transparency regarding the retention of Gilbert. Importantly, the Trustee and Gilbert believe that publication of the Gilbert Sensitive Information at the present time would be detrimental to the Trust. Therefore, to protect the Trust and its beneficiaries, the Trustee requests that the Court allow the Trust to temporarily redact from the Gilbert Retention Agreements the Gilbert Sensitive Information prior to filing the Gilbert Retention Agreements on the docket for these cases and posting them to the Fire Victim Trust Website as directed in the Discovery Order.

## V. BASIS FOR RELIEF REQUESTED

17. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added).

18. Courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Unlike its civil procedure counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that could have a "chilling effect on [business] negotiations." *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

19. The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

20. Both the Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 allow the court to protect from disclosure information where confidentiality is necessary. This protection extends to sealing retention applications and fee applications to protect a trustee's litigation strategy involving his investigation of claims against a debtor's former principals and third parties. *See In re Pasquinelli Homebuilding, LLC*, No. 11 B 14829, 2013 WL 594459, at *1 (Bankr. N.D. Ill. Feb. 14, 2013) (granting a motion to seal where a trustee asserted that disclosure of a consultant's name, the terms of the engagement and the details of the consultant's work could reveal confidential and sensitive information regarding the litigation strategy would be employed in the litigation).

21. In these Chapter 11 Cases, the Court has authorized the filing under seal of sensitive information in numerous instances. *See, e.g.,* Docket Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted contracts with Quanta Energy Services), 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters), 10626 ( authorizing the sealing and redaction of documents filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* and partial redaction of that objection itself), 10828 (authorizing the sealing and redaction of memorandum of law filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand*), and, particularly relevant to this request, 10914 (authorizing the sealing and redaction of documents the Court ordered the Trustee to file and post to the Fire Victim Trust Website to provide transparency with respect to the PG&E Fire Victim Trust Share Exchange and Tax Matters Agreement dated as of July 8, 2021).

22. Here, the Retention Agreements themselves are privileged under California law and contain the type of confidential client information that attorneys are required by statute to protect from public disclosure. *See* Cal. Bus. & Prof. Code § 6149 (West 2022) (making an attorney client fee

agreement a confidential communication). *See also Cortina v. Goya Foods, Inc.,* No. 14cv169 L, 2015 WL 11251806 (S.D. Cal. Oct. 7, 2015) (denying Goya's motion to compel disclosure of engagement and retainer agreement); *Dietz v. Meisenheimer & Herron*, 99 Cal. Rptr. 3d 464 (Cal. Ct. 2009) (discussing attorney-client privilege and noting that, along with oral and written statement, actions, signs, or other means of communicating information are encompassed by attorney-client privilege under California law); *Jensen v. BMW of North America, LLC*, No.18cv103-WQH, 2019 WL 3306297 (S.D. Cal. Jul. 23, 2019) (denying request to compel the retainer agreement on privilege grounds); *Whitaker v. MZM Fakhouri, Inc.,* No. 5:21-cv-03327, 2021 WL 6621063 (N.D. Cal Dec. 6, 2021) (noting that the California Supreme Court has held that, when a legal matter remains pending and active, attorney-client privilege encompasses everything in an invoice, including the amount of aggregate fees because the invoice could reveal investigative efforts and trial strategy). Further, the information the Trust seeks to redact from the Retention Agreements is commercially sensitive, because, if disclosed, it would provide information that would be valuable to the defendants (and their counsel) in their defense of pending litigation and would therefore be prejudicial to the Trust and fire victims.

23. Further, as noted in the background section, above, the Discovery Order itself explicitly recognizes "the need for confidentiality that would seem necessary to protect the interests of the Trust and would likely aid potential defendants if disclosed" and therefore limits the disclosure required of the Trustee to those Assigned Claims that have been "finally resolved by judgment, arbitration, mediation or otherwise." [Docket No. 12682 10:24 – 11:6]. As the Yanni Declaration explains, the Retention Agreements fall within this need for confidentiality as they provide sensitive financial arrangements and disclosures between the Trust and counsel regarding ongoing litigation that could be used by the D&O Defendants, the BMC Defendants and the VM Defendants in their defense of the litigations.

24. Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. The Trust and its professionals have undertaken to redact only material they believe to be confidential commercial information and will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the confidential materials *in camera*. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court

could uphold its duty to review fees). Further, the Trust intends to post on the Fire Victim Trust website and file on the docket unredacted copies of the subject engagement letters when the litigation to which each applies is finally resolved.

25.  For the reasons set forth herein, this Court should grant the Trustee's request to redact the Retention Agreements as appropriate prior to filing the Retention Agreements with the Bankruptcy Court or posting it to the Fire Victim Trust Website.

## VI. NOTICE

26.  Notice of this Motion will be provided to (i) William B. Abrams; (ii) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; and (x) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

27.  No previous request for the relief sought herein has been made by the Trustee to this or any other court.

WHEREFORE the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: August 24, 2022

BROWN RUDNICK LLP

/s/ *Eric R. Goodman*
Eric R. Goodman (admitted *pro hac vice*)
David J. Molton (SBN 262075)
Joel S. Miliband (SBN 77438)

Attorneys for the Fire Victim