BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for the Fire Victim Trustee

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **DECLARATION OF CATHY YANNI IN SUPPORT OF MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED COPIES OF CERTAIN RETENTION AGREEMENTS** |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No Hearing Requested] |

I, Cathy Yanni, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I became Successor Trustee of the PG&E Fire Victim Trust ("**Trustee**") on July 1, 2022, pursuant to Section 5.2(d) of the Fire Victim Trust Agreement [Docket No. 8750-1]. I am duly authorized to make this Declaration (the "**Declaration**") on behalf of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I am an attorney at law licensed to practice law in the state of California. Since 1998 I have been a neutral with JAMS, which specializes in the resolution of claims and legal disputes by providing efficient, cost-effective and impartial ways of overcoming barriers at any stage of conflict. I have extensive experience resolving mass tort claims, and have acted as a special master, mediator and administrator in multiple cases involving tens of thousands of claims, including claims for personal injury, property damage and business loss.

3. Prior to becoming Trustee, I served as the Court-appointed Claims Administrator for the Trust under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] and, prior to that, pursuant to this Court's *Order Granting Application of The Official Committee of Tort Claimants Pursuant to 11 U.S.C. Sections 1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020* dated April 14, 2020 [Docket No. 6759]. Before serving as the Claims Administrator, I served as the Court-appointed Administrator of the Wildfire Assistance Program pursuant to this Court's *Supplemental Order (A) Approving Appointment of Administrator and Establishing Guidelines for the Wildfire Assistance Program and (B) Granting Related Relief* dated June 5, 2019 [Docket No. 2409].

4. I submit this Declaration in support of the *Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved* (the "**Motion**"), filed concurrently herewith, which seeks authority to redact certain privileged, confidential and sensitive commercial information appearing in certain retention agreements to be filed with the Court as directed by the *Order on Motion of William B.*

*Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Docket No. 12682].

5.     I am generally knowledgeable and familiar with the day-to-day operations of the Trust, including the Trust's entry into the various retention agreements referenced in the Motion. I am authorized to submit this Declaration on behalf of the Trust.

6.     The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Trust's legal advisors. If called upon to testify, I would testify to the facts set forth in this Declaration.

7.     The engagement letters entered into on behalf of the Trust and the firms retained to pursue litigation related to the Assigned Claims (collectively, the "**Retention Agreements**") contain highly confidential and sensitive information that could be used to benefit the defendants to the Assigned Claims to the detriment of the Fire Victim Trust and its beneficiaries, the Fire Victims (the "**Sensitive Information**").

8.     None of the litigation related to the Assigned Claims has been finally resolved at this time and I understand that none of this litigation is expected to be finally resolved by the September 6, 2022 deadline by which the Trust to post copies of the Retention Agreements as directed by the *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Docket No. 12682] (the "**Discovery Order**").

9.     I believe that disclosing the Sensitive Information at this time could impair the Trust's positions in the case stemming from the Assigned Claims and could impact and/or result in lower recoveries paid to the Trust upon final resolution of these cases. In my view, disclosing the Sensitive Information in the Retention Agreements would reveal certain of the Trust's investigative efforts and litigation strategies to the defendants in these cases, thereby undermining the Trust's positions and providing valuable and unwarranted insight to the subject or target defendants. As the Trust corpus is currently insufficient to pay all Fire Victims in full for losses attributable to the Debtors in these cases, it is imperative that the Trust maximize the recoveries obtained in the litigation related to the Assigned Claims. Accordingly, I believe that it would be imprudent and

prejudicial to the Fire Victims to disclose the Sensitive Information at the risk of lowering such recoveries at this time.

10. In addition, I understand the Retention Agreements to be confidential attorney-client communications under the California Business and Professions Code Section 6146.

11. For these reasons, I believe it is in the best interest of the Trust and its beneficiaries, the Fire Victims, that the Sensitive Information be redacted from the publicly filed version of the Retention Agreements until such time as the litigation related to each of the Retention Agreements is finally resolved.

12. The temporary redaction of the Sensitive Information would, in my view, effect an appropriate level of transparency regarding the retention of the firms handling the litigation of the Assigned Claims, while also temporarily protecting publication of the Sensitive Information. Importantly, I believe that publication of the Sensitive Information at the present time would be detrimental to the Trust and its ability to maximize the value of the litigations related to the Retention Agreements. Therefore, to protect the Trust and its beneficiaries, I believe it is in the best interests of the Trust and the Fire Victims that the redacted portions of the Retention Agreements be kept confidential until such time as the litigation related to each of the Retention Agreements has been finally resolved.

I declare under penalty of perjury, as set forth in 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23rd day of August, 2022, in Richmond, Virginia.

By: _____
Cathy Yanni, in her capacity as
Trustee of the PG&E Fire Victim Trust