Entered on Docket
August 24, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 24, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>   Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Date: September 28, 2022<br>Time: 10:00 AM<br>Via Tele/Videoconference<br>www.canb.uscourts.gov/calendars |

### ORDER CONSOLIDATING MOTIONS TO FILE LATE CLAIMS

In recent days a large number of motions to file late claims (or similarly titled requests) ("The Motions") have been filed by *pro se* and by represented parties relating to their claims as fire victims of various wildfires, including the 2017 North Bay fires.

Case: 19-30088    Doc# 12875    Filed: 08/24/22    Entered: 08/24/22 17:04:31    Page 1 of 5

The Motions are listed on the attached exhibit, up to date as of the date of this order. Most of them are lengthy and largely repetitive as to background information and the arguments stating why the Motions should be granted and the claims described should be allowed as late filed claims. Most, and in particular those prepared by counsel, include basic information as to the specific circumstances of the named claimant(s) in their respective Motion. Those filed by *pro se* parties do include basic information and are adequate for present purposes.

The court does not presently know the position of the Fire Victim Trust ("FVT") on any of the Motions. What the court does know is that if the FVT contests any of them, there will be unnecessary duplication of effort and the filing of multiple and largely repetitive responses. For that reason, the court orders the consolidation of these and similar future matters, as set forth below.

For all Motions listed on the attached exhibit, or added to any supplement to the exhibit posted by the court as late as August 31, 2022, **that the FVT contests**, the FVT should file a single consolidated Response no later than **September 14, 2022,** and serve that Response on all represented or *pro se* movants whose Motions they oppose. The Response should include a list of the affected Motions in a format similar to the attached exhibit, identifying the opposed Motions by respective docket number, the first named claimant, any counsel for the claimant(s), and a brief comment stating the nature of and


reason for the FVT's particular opposition to the respective Motion, but without any discussion or argument.

For Motions listed in the attached exhibit that the FVT does not contest, it should file **by September 14, 2022,** a list of those uncontested Motions and a statement of non-opposition in the same format as the attached exhibit, and serve and upload an order granting the particular Motion(s) that it does not contest.

For Motions that the FVT contests and lists in the exhibit called for above, the court will hold a hearing, in the nature of a status conference, on September 28, 2022, at 10:00 AM via Zoom. Affected movants (whose Motions are opposed by the FVT) or their counsel should appear. At that hearing the court will dispose of any Motions and Responses that can be dealt with as a matter of law, or set an appropriate briefing schedule, if necessary, regarding any other opposed Motion.

Counsel who have recently filed or expect to file similar motions and set them separately must comply with this Order after the date of this Order. Thus, whenever counsel files or reasonably expects to file similar motions, counsel should refer specifically to this *Order Consolidating Motions to File Late Claims* and consolidate such motions into single filings with the use of an exhibit to list multiple claimants, setting forth brief statements of their particular circumstances. In any such future motions, counsel should state that the FVT must file an opposition to any specific claimants or a statement of non-opposition within fourteen (14) days of the filing of the

motion(s), in accordance with the procedures set forth in this Order.

This Order does not apply to similar motions already set for consideration by the court's Orders and Notices of Hearing at Dkt. Nos. 12686 and 12719.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

| | |
|---|---|
| Sequoyah Wallach<br>160 Bohemian Hwy<br>Freestone, CA 95472 | Jacob M. Faircloth, Esq.<br>Bluestone Faircloth & Olson, LLP<br>1825 Fourth Street<br>Santa Rosa, CA 95404 |
| Efrain Yanez, et al.<br>908 Corte Amarillo<br>Rohnert Park, CA 94928 | Laila Masud, Esq.<br>Marshack Hays LLP<br>870 Roosevelt<br>Irvine, CA 92620 |
| Janae Luther, et al.<br>7011 Erland Rd<br>Santa Rosa, CA 95404 | Nikola Kangrga<br>8543 Planetree Dr.<br>Windsor, CA 95492 |
| Randal Neff<br>181 Academy Ln<br>Sonoma, CA 95476 | Ashley Blank<br>8543 Planetree Dr.<br>Windsor, CA 95492 |
| Jennifer Miller<br>7011 Erland Rd<br>Santa Rosa, CA 95404 | |

Jewel Miller
P.O. Box 413
Forestville, CA 95436

James P. Frantz, Esq.
Frantz Law Group, APLC
71 Stevenson Building
Suite 400
San Francisco, CA 94105

Patricia A. Savage, Esq.
Savage & Lamb, PC
1550 Humboldt Road, Suite 4
Chico, CA 95928

Shounak S. Dharap, Esq.
The ARNS Law Firm
525 Folsom St, 3rd Floor
San Francisco, CA 94105

Emily S. Levin, Esq.
Levin Law Group PLC
2615 Forest Ave, Suite 120
Chico, CA 95928