

Signed and Filed: August 29, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 3:19-bk-030088 DM<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER GRANTING MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSIONS OF CERTAIN RETENTION AGREEMENTS UNTIL LITIGATION RELATED TO SUCH RETENTION AGREEMENTS IS FINALLY RESOLVED**<br><br>[No Hearing Requested] |

|   |   |
|---|---|
| 1 | Upon the Motion, dated August 24, 2022 (the "**Redaction Motion**"), of Cathy Yanni, in her |
| 2 | capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**") in the above- |
| 3 | captioned chapter 11 cases, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code |
| 4 | (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy** |
| 5 | **Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the |
| 6 | Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing* |
| 7 | *Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States |
| 8 | Bankruptcy Court for the Northern District of California, for entry of an order (i) authorizing the Trustee |
| 9 | to file certain engagement letters more specifically described in the Redaction Motion (collectively, the |
| 10 | "**Retention Agreements**") for counsel retained to pursue third-party litigation, as directed by the *Order* |
| 11 | *on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim* |
| 12 | *Trust* [Docket No. 12682] (the "**Discovery Order**"), with redactions to certain terms, as described and |
| 13 | as set forth in the Redaction Motion, the disclosure of which would impact ongoing litigation and the |
| 14 | resolution thereof, and to post the Retention Agreements to the Fire Victim Trust Website with the same |
| 15 | redactions, (ii) authorizing the Trustee to file under seal unredacted copies of the Retention Agreements, |
| 16 | and (iii) directing that the unredacted copies of the Retention Agreements provided to the Court shall |
| 17 | remain under seal and confidential and not be made available to anyone without the consent of the |
| 18 | Trustee or further order from the Court until such time as the litigation to which the Retention |
| 19 | Agreements apply has been finally resolved by judgment, arbitration, mediation or otherwise; and |
| 20 | consideration of the Redaction Motion and the requested relief being a core proceeding pursuant to 28 |
| 21 | U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and |
| 22 | the Court having found and determined that notice of the Redaction Motion as provided to the parties |
| 23 | listed therein is reasonable and sufficient, and it appearing that no other or further notice need be |
| 24 | provided; and this Court having reviewed the Redaction Motion and the Yanni Declaration submitted in |
| 25 | support of the Redaction Motion; and this Court having determined that the legal and factual bases set |
| 26 | forth in the Redaction Motion establish just cause for the relief granted herein; and it appearing that the |
| 27 | relief requested in the Redaction Motion is in the best interests of the Trust and its beneficiaries, and all |
| 28 | |

parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Redaction Motion is granted as provided herein.

2. The Trustee is authorized to file redacted copies of the Retention Agreements pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 and to post the redacted copies of the Retention Agreements to the Fire Victim Trust Website.

3. The unredacted copies of the Retention Agreements provided to the Court is confidential, shall remain under seal, and shall not be made available to anyone without the express written consent of the Trustee**\*\*** until such time as the litigation to which the Retention Agreements apply has been finally resolved by judgment, arbitration, mediation or otherwise.

4. Notice of the Redaction Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

5. The Trustee is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Redaction Motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

\*\* Or order of the court.

\*\* END OF ORDER \*\*

\*\*\* See attached Supplement to this Order.

# SUPPLLEMT TO ORDER GRANTING MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSIONS OF CERTAIN RETENTION AGREEMENTS

      The court has read all of the unredacted Retention Agreements. It is satisfied that Ms. Yanni, the Successor Trustee, and her counsel have established reasonable, necessary and proper bases for asking that portions of those agreements be redacted. Nothing is being redacted that undermines the purpose the court had in mind when it entered the Discovery Order (Dkt 12682) and the goals have been achieved through disclosure of the process by which the prior Trustee went about soliciting Requests for Proposals, and then selecting the specific law firms or consortiums that he did. See Dkt 12871, at PP. 7-9).

      The redactions of some portions of a few of the agreements appear extensive at first blush. In fact they are necessarily duplicative and reasonably duplicative to some extent, which is understandable. Further, the nature and subject matter of the material that has been redacted needs to be kept confidential at the present time. Fire Victims, including Mr. Abrams, should be confident that the protections of the efforts of the FVT will be well-served by maintaining those confidences. Ms. Yanni has made the case that disclosure of the redacted material could only harm – and not help at all – the interest of the FVT while it is actively engaged in litigation to recover funds on behalf of the fire victims.