WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

BROWN RUDNICK LLP
David J. Molton (#262075)
(dmolton@brownrudnick.com)
Eric R. Goodman (*pro hac vice*)
(egoodman@brownrudnick.com)
Seven Times Square
New York, NY 10036
Tel: 212 209 4800
Fax: 212 209 4801

BROWN RUDNICK LLP
Joel S. Miliband (#077438)
(jmiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Tel: 949 725 7100
Fax: 949 252 1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS AND FIRE VICTIM TRUST'S JOINT *EX PARTE* MOTION TO EXTEND, IN PART, DEADLINE TO COMPLY WITH ORDER ON MOTION OF WILLIAM B. ABRAMS AUTHORIZING DISCOVERY REGARDING ADMINISTRATION OF THE FIRE VICTIM TRUST**<br><br>[No Hearing Requested] |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      RELIEF REQUESTED**

The Reorganized Debtors and PG&E Fire Victim Trust (the "**FVT**") respectfully jointly request that the Court extend the FVT's September 6, 2022 deadline to comply with the Court's August 2, 2022 *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Dkt. No. 12682] (the "**Discovery Order**") until October 3, 2022, solely with respect to the disclosure and posting of a settlement (the "**D&O Action Settlement**") between the Reorganized Debtors, the FVT, and certain former directors and officers of PG&E (as defined below, the "**D&O Defendants**") to resolve certain litigation brought by the FVT against the D&O Defendants. ▮

▮▮▮▮▮▮▮

Importantly, the terms of the D&O Action Settlement will be made public; the relief requested in this Joint Motion is simply to extend the deadline to disclose the document for a short period of time. ▮

▮▮▮▮▮▮▮▮

The relief requested in this Joint Motion is required prior to September 6, 2022 (the

current deadline by which the FVT must disclose the D&O Action Settlement under the Discovery Order), and therefore expedited consideration of this Motion is warranted. In support of the Motion, the Reorganized Debtors and the FVT submit the Declaration of Robin J. Reilly (the "**Reilly Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## II. JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

By order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

Pursuant to Section 6.7 of the Plan, the FVT was established to, among other purposes, administer, process, settle, resolve, satisfy, and pay certain claims arising out of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire, (collectively, the "**Fires**"), and prosecute or settle the Assigned Rights and Causes of Action (as defined in Section 1.8 of the Plan). On November 18, 2021, the FVT filed a second amended complaint in the Superior Court of California, San Francisco County, captioned *Trotter v. Williams, et al.* (Lead Case No. CGC-17-562591) ("the **D&O Action**"). The D&O

Action alleges two causes of action, both for breach of fiduciary duty, in connection with the 2017 North Bay Fires and 2018 Camp Fire against certain former officers and directors of the Reorganized Debtors.[1]

On May 23, 2022, William B. Abrams filed a motion seeking certain discovery from the FVT pursuant to Fed. R. Bankr. P. 2004. *See Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of the Fire Victim Trust* [Dkt. No. 12440] (the "**Abrams Motion**"). On June 7, 2022, the Court conducted a hearing on the Abrams Motion. *See* Transcript of June 7, 2022 Hearing [Dkt. No. 12495]. On June 21, 2022, the FVT filed its objection to the Abrams Motion. *See Objection of Fire Victim Trustee to Motion of William B. Abrams Pursuant to Fed. R. Bankr. 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of the Fire Victim Trust* [Dkt. No. 12527]. On July 6, 2022, Mr. Abrams filed a reply in support of the Abrams Motion. *See William B. Abrams Reply to the Objection of the Fire Victim Trustee Pursuant to Fed. R. Bankr. 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of the Fire Victim Trust* [Dkt. No. 12593].

On August 2, 2022, the Court entered an order with respect to the Abrams Motion. *See Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Dkt. No. 12682] (the "**Discovery Order**"). The Discovery Order in Section V(C), among other things, requires the FVT, by September 6, 2022, to identify and disclose certain information and documents related to settlements entered into by the FVT with respect to Assigned Claims (as defined by Section 1.8 of the Plan), including "any agreement, order, or other document memorializing the outcome." *See* Discovery Order at 10-11.

The FVT, Reorganized Debtors and D&O Defendants have agreed to fully and finally settle the D&O Action. ███████████████████████████████████████████
███████████████████████████████████████████

---

[1] Defendants Lewis Chew, Fred J. Fowler, Maryellen C. Herringer, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Eric D. Mullins, Rosendo G. Parra, Barbara L. Rambo, Anne Shen Smith, and Barry Lawson Williams (collectively, the "**Director Defendants**"); Defendants Kevin Dasso, Anthony F. Earley, Jr., Patrick M. Hogan, Christopher P. Johns, Julie M. Kane, Gregg L. Lemler, Steve E. Malnight, Dinyar B. Mistry, Jason P. Wells, and Geisha J. Williams (collectively, the "**Officer Defendants**" and together with the Director Defendants, the "**D&O Defendants**")

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119



[REDACTED]

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that could have a "chilling effect on negotiations, ultimately affecting the viability of Debtors," *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

As the Court recognized in a recent decision, discovery orders are interlocutory in nature. *See Order Denying PricewaterhouseCoopers LLP's Motion for Stay Pending Appeal* [Dkt. No. 11285] at 3 (noting that "PwC's Appeal is of an interlocutory discovery order"). As a result, the Court retains substantial latitude to modify the Discovery Order and should do so, in a very modest fashion, here. *See In re RS Air, LLC*, 638 B.R. 403, 415 (B.A.P. 9th Cir. 2022) (discussing interlocutory ruling and citing cases for proposition that an interlocutory ruling could be modified at any time and for any reason prior to final judgment); *In re Lochmiller Indus., Inc.*, 178 B.R. 241, 245 n.18 (Bankr. S.D. Cal. 1995) (noting that interlocutory orders are "subject to review and modification while the case is pending.").

The Reorganized Debtors and the FVT seek to extend the FVT's deadline to disclose and produce the D&O Action Settlement until October 3, 2022. The Discovery Order itself anticipated that certain provisions of settlement agreements might need to be treated confidentially. *See* Discovery Order at 11 ("If the Trustee believes any provision must or should be kept confidential, he should file a request with the court to permit the filing of a redacted version of such a document and the court will review the unredacted version *in camera* and issue an appropriate order."). Moreover, the Reorganized Debtors and the FVT are not requesting that the disclosure and posting of the D&O Action Settlement be kept confidential indefinitely, but only that the disclosure be temporarily delayed by a modest period of time ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The Reorganized Debtors and the FVT seek expedited relief due to the September 6, 2022 deadline to comply. *See* Bankruptcy Local Rule 9014-1(c)(2) (generally requiring 21 days' notice for motions). The expedited nature of the relief does not prejudice any party, as this request merely seeks a

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

modest extension of time to comply with a discovery order with respect to a single agreement, and does not affect the substantive rights of any party. The Reorganized Debtors and the FVT submit that *ex parte* relief is appropriate here, given the short and carefully tailored extension of time that is requested, and the commercial sensitivity of the request.

For the reasons set forth herein, this Court should grant the Joint Motion and the relief requested.

## V. NOTICE

Notice of this *ex parte* Joint Motion in redacted form will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) William B. Abrams; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors and the FVT respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE the Reorganized Debtors and the FVT respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 29, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Richard W. Slack*
            Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

**BROWN RUDNICK LLP**

/s/ *David J. Molton*
            David J. Molton

*Attorneys for the Fire Victim Trustee*