WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

BROWN RUDNICK LLP
David J. Molton (#262075)
(dmolton@brownrudnick.com)
Eric R. Goodman (*pro hac vice*)
(egoodman@brownrudnick.com)
Seven Times Square
New York, NY 10036
Tel: 212 209 4800
Fax: 212 209 4801

BROWN RUDNICK LLP
Joel S. Miliband (#077438)
(jmiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Tel: 949 725 7100
Fax: 949 252 1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** <br> **Debtors.** | **JOINT *EX PARTE* MOTION TO FILE REDACTED VERSION OF REORGANIZED DEBTORS AND FIRE VICTIM TRUST'S JOINT *EX PARTE* MOTION TO EXTEND, IN PART, DEADLINE TO COMPLY WITH ORDER ON MOTION OF WILLIAM B. ABRAMS AUTHORIZING DISCOVERY REGARDING ADMINISTRATION OF THE FIRE VICTIM TRUST** |
| ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No Hearing Requested] |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    PG&E Corporation and Pacific Gas and Electric Company, as debtors and

2 reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable) in the

3 above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the

4 "**Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the

5 "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

6 **Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the

7 Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing*

8 *Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States

9 Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an

10 order (i) authorizing the Reorganized Debtors and the PG&E Fire Victim Trust (the "**FVT**") to file

11 the *Reorganized Debtors and Fire Victim Trust's Joint Ex Parte Motion to Extend, In Part,*

12 *Deadline to Comply with Order on Motion of William B. Abrams Authorizing Discovery Regarding*

13 *Administration of the Fire Victim Trust* (the "**Joint Motion**") and the *Declaration of Robin J. Reilly*

14 *in Support of Reorganized Debtors and Fire Victim Trust's Joint Ex Parte Motion to Extend, In*

15 *Part, Deadline to Comply with Order on Motion of William B. Abrams Authorizing Discovery*

16 *Regarding Administration of the Fire Victim Trust* (the "**Reilly Declaration**") with certain limited

17 redactions, and (ii) directing that the unredacted copies provided to the Court of the Joint Motion

18 and the Reilly Declaration shall remain under seal and confidential and not be made available to

19 anyone without the consent of the Reorganized Debtors and the FVT or further order from the

20 Court.

21    In support of the Motion, the Reorganized Debtors submit a declaration of Robin J.

22 Reilly, filed contemporaneously herewith.  A proposed form of order granting the relief requested

23 herein is being uploaded concurrently herewith in accordance with the Local Procedures (the

24 "**Proposed Order**").

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.  JURISDICTION AND VENUE**

3        The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,

4  the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D.

5  Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7  **II.  BACKGROUND**

8        On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court

9  voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below),

10  the Debtors continued to operate their businesses and manage their properties as debtors in possession

11  pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner was appointed

12  in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural

13  purposes only pursuant to Bankruptcy Rule 1015(b).

14        By order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the

15  Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

16  *Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time

17  to time, and together with any exhibits or scheduled thereto, the "**Plan**").  The Effective Date of the Plan

18  occurred on July 1, 2020.  *See* Dkt. No. 8252.

19        Pursuant to Section 6.7 of the Plan, the FVT was established to, among other purposes,

20  administer, process, settle, resolve, satisfy, and pay certain claims arising out of the 2015 Butte Fire, the

21  2017 North Bay Fires, and the 2018 Camp Fire, (collectively, the "**Fires**"), and prosecute or settle the

22  Assigned Rights and Causes of Action (as defined in Section 1.8 of the Plan).  The Assigned Rights and

23  Causes of Action included "any and all rights, claims, causes of action, and defenses related thereto

24  relating directly or indirectly to any of the Fires that the Debtors may have against . . . former directors

25  and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage."

26  Plan § 1.8.  On November 18, 2021, the FVT filed a second amended complaint in the Superior Court

27  of California, San Francisco County, captioned *Trotter v. Williams, et al.* (Lead Case No. CGC-17-

28  562591) (the "**D&O Action**").  The D&O Action alleges certain causes of action in connection with the

2017 North Bay Fires and 2018 Camp Fire against certain former officers and directors of the Reorganized Debtors.

On August 2, 2022, the Court entered its *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* [Dkt. No. 12682] (the "**Discovery Order**"). The Discovery Order, among other things, requires the FVT, by September 6, 2022, to identify and disclose certain information and documents related to settlements entered into by the FVT, including "any agreement, order, or other document memorializing the outcome." *See* Discovery Order at 10-11.

The FVT, Reorganized Debtors and D&O Defendants have agreed to settle the D&O Action (the "**D&O Action Settlement**"). As set forth in the Joint Motion, disclosure of certain terms of the D&O Action Settlement by September 6, 2022, as currently required by the Court's Discovery Order, would commercially and strategically disadvantage the Reorganized Debtors, thus necessitating the Joint Motion and this related Motion.

## III.    BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added). Courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks]

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27.  Commercial information is broadly

2  defined to include information that, if disclosed, "would have a chilling effect on the Trustee's business

3  negotiations." *In re MF Glob., Inc.*, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (internal

4  quotation marks omitted).  Relatedly, multiple courts within the Ninth Circuit have granted motions to

5  protect settlement agreements.  *See, e.g., Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d

6  1206, 1212 (9th Cir. 2002) ("Most significantly, courts have granted protective orders to protect

7  confidential settlement agreements.").  Significantly, commercial information need not rise to the level

8  of a trade secret to warrant section 107(b)'s protection.  *See Orion Pictures Corp.*, 21 F.3d at 28 (finding

9  that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial

10 information'").

11          The Bankruptcy Rules similarly authorize the Court to "make any order which justice

12 requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research,

13 development, or *commercial information*."  Fed. R. Bankr. P. 9018 (emphasis added), *see also In re*

14 *Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy

15 Rule 9018] is to protect business entities from disclosure of information that could reasonably be

16 expected to cause the entity commercial injury").

17          The Court in these Chapter 11 Cases has authorized the filing under seal of confidential

18 commercial information, the disclosure of which could harm the Debtors and the FVT.  *See, e.g.,* Dkt.

19 Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted

20 contracts with Quanta Energy Services), 7605 (authorizing the filing under seal of certain Exit Financing

21 Fee Letters), and 10914 (authorizing the sealing and redaction of commercially sensitive information

22 included in documents the Court ordered the FVT to file and publicly post to the FVT website relating

23 to the PG&E Fire Victim Trust Share Exchange and Tax Matters Agreement dated as of July 8, 2021).

24 As is highly relevant here, the Court today granted a separate motion by the FVT to seal and redact

25 certain sensitive commercial documents with respect to ongoing litigation that were otherwise subject to

26 disclosure pursuant the Discovery Order.  *See* Dkt. No. 12884.  Here, as set forth in the Joint Motion,

27 the information to be redacted is commercially sensitive, because it sets forth, among other things, certain

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

terms and conditions of the D&O Action Settlement that could potentially put the Reorganized Debtors at a commercial and strategic disadvantage.

The Local Procedures require that a request for redaction be narrowly tailored. The Reorganized Debtors and their professionals have undertaken to redact only material they believe to be confidential commercial and strategically sensitive information, and will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the commercially sensitive materials *in camera*. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

Finally, as discussed in the Joint Motion, all of the information the Reorganized Debtors and the FVT seek to redact in the Joint Motion and the Reilly Declaration will be publicly disclosed no later than October 3, 2022, assuming the Court grants the relief sought in the Joint Motion.

For the reasons set forth herein, this Court should grant the Reorganized Debtors and the FVT's request to file the Joint Motion and the Reilly Declaration in redacted form.

## IV.     NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) William B. Abrams; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors and the FVT respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made to this or any other court.

/ / /

/ / /

WHEREFORE the Reorganized Debtors and the FVT respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 29, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Richard W. Slack*
          Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

**BROWN RUDNICK LLP**

/s/ *David J. Molton*
          David J. Molton

*Attorneys for the Fire Victim Trustee*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119