Richard Lane
1857 Crimson Lane
Santa Rosa, CA 95403
Phone 415-336-8765 ~ Email: RichardLane@pacbell.net

Judge Montali, Courtroom 17
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102
Case #19-30088-DM
Docket # 12874

FILED
AUG 30 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

August 28, 2022

"Please post to the Courtroom Docket"

I am writing to express my frustration with Docket #12874 **REDACTED DOCUMENTS TO MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSIONS OF CERTAIN RETENTION AGREEMENTS UNTIL LITIGATION RELATED TO SUCH RETENTION AGREEMENTS IS FINALLY RESOLVED.**

This redacted document follows Doc # 12871, **MOTION OF THE FIRE VICTIM TRUSTEE TO FILE REDACTED VERSIONS OF CERTAIN RETENTION AGREEMENTS UNTIL LITIGATION RELATED TO SUCH RETENTION AGREEMENTS IS FINALLY RESOLVED** and answers none of the questions originally presented by Doc #12440.

To whit:

1. **Response Deadline:** There was no response deadline provided. This is important for those who might want to engage.

2. **Incentive Structure:** The contingency fee and incentive structure have been redacted. The only reason for requesting discovery is to understand the degree to which a fee is reasonable and aligned with the interests of victims. Without these numbers victims have zero basis to understand if these are "reasonable" and "just" costs as defined by the Trust Agreement.

3. **Representation and Disclosures** - It is clear that "attorneys are granted the client's the special power of attorney." Therefore, it is clear that they were required to disclose all conflicts in according to the Bar Association's rules of Professional Conduct. To date, they have not done so either in court through a declaration or in response to my letter. We therefore do not know the extent to which these attorneys hold conflicts.

4. **TOC Agreement** - The agreement and terms regarding their service on the Trust Oversight Committee (TOC) has not been presented As an example, if the TOC agreement prevents them from making arguments against the Debtor (PG&E) this might hurt their ability to advocate for victim interests within this case.

5. **Definitions** - How are these sensitive pieces of information worthy of redaction. Within Section 1(a), victims deserve to understand who is our "authorized agent." How does that hinder their case? Why are all of these definitions redacted? This should not prejudice the case and the only reason for withholding is to keep this information away from victims.

6. **Section: Required Approvals/Communications with the Trust** - Why should victims not know who will approve settlements and other aspects of this litigation. How could this possibly prejudice this case?

7. **Indemnification** - Why is this information being withheld? There is no good reason why we should not know if they are indemnified from things like bad-faith actions or gross negligence or other such terms.

8. **"With Copies To"** – It would appear the PG&E and/or other investors with adverse interests to those of victims are required to be sent copies of this agreement and are being hidden from view. So, victims who are the supposed beneficiaries of this are not told what is going on with this litigation but these undisclosed parties are made fully aware.

In summation Document 12874 provides none of the information that victims deserve related to this litigation that is being described as to their benefit.

Richard Lane

Cc: Skikos, Crawford, Skikos & Joseph, LLP
Greg Skikos
701 A 4th Street, #209
Santa Rosa, CA 95404

Richard Lane
PO Box 1392
Healdsburg, CA 95448

CASE #19-30088 DM

Jose Montoli
450 Golden Gate Ave.
Mail Box 36099
San Francisco, CA 94102

SAN FRANCISCO CA 940
29 AUG 2022 PM 3

RECEIVED
AUG 30 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

94102-3410239

Case: 19-30088    Doc# 12900    Filed: 08/30/22    Entered: 08/31/22 11:37:27    Page 3 of 3