James P. Frantz, Esq., SBN 87492
jpf@frantzlawgroup.com
Philip C. Aman, Esq., SBN 137831
pca@frantzlawgroup.com
William P. Harris III, Esq., SBN 123575
wharris@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN 297611
gstiefel@frantzlawgroup.com
FRANTZ LAW GROUP, APLC
71 Stevenson Building, Suite 400
San Francisco, CA 94105
Tel: (415) 282-2928
Fax: (619) 525-7672

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISON

| | |
|---|---|
| In re:<br>PG&E CORPORATION<br>-and-<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>□ Affects PG&E Corporation<br>□ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | Case No.: 19-30088 (DM)<br><br>Chapter 11<br>(lead case)<br>(jointly administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY JESSE MCCORD, CHRISTA MCCORD, TENLI MCCORD, VIGGO MCCORD, LUKE MCCORD, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF REGINA BAGDASARIAN IN SUPPORT**<br><br>**Date**: TBD<br>**Time**: TBD<br>**Place:** United States Bankruptcy Court<br>Courtroom 16, 17th Floor<br>San Francisco, CA 94102 |

///

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT
JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED
PARTIES:

Frantz Law Group, APLC represents thousands of victims of the Fires started by PG&E
in 2017 (generally referred to as the "North Bay Fires"), 2018 ("Camp Fire") and 2019
("Kincade Fire"). Frantz Law Group, APLC respectfully files this motion on behalf of Jesse
McCord, Christa McCord, Tenli McCord, Viggo McCord, and Luke McCord ("Movants") to
deem timely late filing of proofs of claims ("Motion").

## I.  SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of
prejudice. In this case, due to a variety of stressors arising from the Camp Fire, as well as a
misunderstanding as to the legitimacy of their claims, Movants were unable to timely file their
proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are
solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors
to have their claim deemed timely. This Court must determine whether to grant the Motion.

## II.  FACTUAL BACKGROUND

Movants are Camp Fire Survivors. Movants were consistently told they did not have a
claim because their house did not burn down completely. Being that this was Movant's first
experience retaining an attorney or filing a claim, they took the advice of those around them.
After the Movant were told they did not have a claim, they tried to pick up the pieces by doing
what they can to help reestablish their life. Movants quickly realized that although their home did
not burn down, they were suffering extreme financial and emotional hardship in an attempt to get
back on their feet.

Movants were misinformed about the law, were preoccupied with starting over after the
fire, and helping others rebuild that they put off thinking about the fire until they sought legal
advice from Frantz Law Group. Accordingly, FLG filed a claim on behalf of Movants. A true
and correct copy of the Subject Proof of Claim is attached to the Declaration as Exhibit "1."

### III.   LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. See e.g., In re Nw. Territorial Mint, LLC, No. AP 16 1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the party."); In re Schultz, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." Pioneer Inv. Servs. Co., 507 U.S. at 395. Courts in the Ninth Circuit generally examine four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. See id. Each of these four factors weighs heavily in favor of Movants. Accordingly, their late proof of claims should be deemed timely.

In our present case, there will be no prejudice to PG&E by the Movant's claim. The value of the Movants claims is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014)

(where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

Second, despite the late filing, the Movant's claim will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as the Movant, whose claims will be placed among them, resulting in no noticeable impact upon the distribution process. See e.g., In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

Third, the factual circumstances in the Movant's claim warrants excusable neglect. As explained above, Movants were consistently told they do not have a valid claim because their house did not burn down. Movant suffers daily with their feelings after the fire. Movants also struggle from post-traumatic stress disorder because of the fire. Post-traumatic stress disorder symptoms may start within one month of a traumatic event, but sometimes symptoms may not appear until years after the event.[1] These symptoms cause significant problems in social or work situations and in relationships. [2] They can also interfere with a person's ability to go about their normal daily tasks. [3]

PTSD symptoms can vary in intensity over time. Someone may have more PTSD symptoms when they are generally stressed, or when they come across reminders of a traumatic event they experienced.[4] In terms of wildfire victims, many feel stress, anxiety and panic when

---

[1] Post-traumatic stress disorder (PTSD) - Symptoms and causes, Mayo Clinic (July 6, 2018), www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/symptoms-causes/syc-20355967.
[2] *Ibid.*
[3] *Ibid.*
[4] *Ibid.*

they smell even the slightest smoke, because it triggers a traumatic memory of their experience. Some even wake up multiple times at night to make sure there is not a fire nearby. In the present case, Movants were suffering the loss of a community, and being told they do not have a valid claim although they were struggling to pick up the pieces after the fire.

Another common symptom of PTSD is avoiding things that remind someone of the event. [5] For wildfire victims, this can include putting off filing a lawsuit in order to try to move on from the traumatic event. Unfortunately, for these types of wildfire victims, years later, they come to the realization that it is not possible to simply start over after the fire. A lot of wildfire victims have lost their homes, everything they own, their jobs, and their community. With a limited or no income at all, most wildfire victims are unable to rebuild and move on as they were trying to do. Similarly, here, Movant was told she did not have a claim, so she decided to try to move on and do whatever she can. As a result, due to excusable unawareness, the Movant did not timely file a proof of claim for their 2018 damages until after the bar date. See e.g., Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect). After realizing the legitimacy of her claims and how difficult it is to start over, Movants contacted Frantz Law Group, APLC to evaluate their claim. During the normal course of due diligence, Frantz Law Group, APLC inquired about possible damages from the 2018 Camp Fire.

It would be unfair for the plaintiff to not be able to file their claim. Although their house did not burn down, that does not mean they did not suffer. Movants, like all other wildfire survivors, endured great trauma. Importantly, Movant's claim is made in good faith. The aftermath of the fire caused the Movant to struggle mentally, physically, and emotionally. Due to

---

[5] About Face booklet (va.gov)

Movant's misinformation about the law, they did not understand the legitimacy of their claims which resulted in the Movant not filing a claim in time. Had Movant been properly informed that they could still file a claim even though their house didn't fully burn down, or even aware of the bar date, Movants would have timely filed a proof of claim.

## IV.    CONCLUSION

For the foregoing reasons, this Motion should be granted, and the Movants claim should be deemed timely.

Dated: August 31, 2022

By: /s/ James P. Frantz
**FRANTZ LAW GROUP, APLC**
James P. Frantz, Esq., SBN. 87492
jpf@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN. 296219
regina@frantzlawgroup.com
George T. Stiefel III, Esq., SBN. 297611
gstiefel@frantzlawgroup.com
71 Stevenson Building, Suite 400
San Francisco, CA 94105
T: (415) 282-2928
F: (619) 525-7672

**Declaration of Regina Bagdasarian**

I, Regina Bagdasarian, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to testify, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true based on my personal knowledge or through information obtained my staff.

3. I am an attorney of the law firm Frantz Law Group, APLC and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim.

4. Creditor Jesse McCord, Christa McCord, Tenli McCord, Viggo McCord, and Luke McCord, are survivors of the Camp Fire that occurred in 2018.

5. Movants resided at 13914 Centerville Road Chico, 95928.

6. Movants did not file a claim sooner because they were misinformed about their standing; they were told they did not have a claim since their home did not burn down.

7. Movants were misinformed about the legitimacy of their claims.

8. In August 2022, Movants retained FLG.


I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2022.

/s/ ~~Regina Bagdasarian~~

Regina Bagdasarian

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2022, a copy of the following was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ _____

Regina Bagdasarian