KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND JARRED SOLIZ TO SET ASIDE ORDER DISALLOWING PROOF OF CLAIM NOS. 92148, 92155, AND 92196**<br><br>[No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtor and debtor in possession (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), on the one hand, and Jarred Soliz, on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an Order approving the Parties' (as defined below) agreement to set aside the order disallowing and expunging proof of claim numbers 92148, 92155, and 92196 (collectively, the "**Proofs of Claim**"). The Reorganized Debtors and Mr. Soliz are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019, the Debtors commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**") as the deadline to file all proofs of claim with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date later was extended with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672].[1]

C. Mr. Soliz filed the Proofs of Claim asserting certain claims relating to losses he incurred relating to a fire at his home, which he alleges was caused by an explosion of a smart meter transformer box stemming from PG&E equipment

D. By Order dated June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 [Docket No. 8252].

  E. On April 14, 2022, the Reorganized Debtors sent Mr. Soliz an Information Request Form. Mr. Soliz responded on June 15, 2022.

  F. On June 16, 2022, the Reorganized Debtors filed the *Reorganized Debtors' One Hundred Sixteenth Omnibus Objection to Claims (ADR No Liability Claims*") [Docket No. 12506] (the "**Objection**"), which sought, *inter alia*, to disallow and expunge the Proofs of Claim on the basis that Mr. Soliz had failed to return a complete Information Request Form or otherwise respond to the Reorganized Debtors with respect to the Proofs of Claim.

  G. On June 24, 2022 and again on June 28, 2022, Mr. Soliz's counsel contacted Kroll Restructuring Administration LLC ("**Kroll**"), the Debtors' claims and noticing agent regarding the Objection.

  H. On July 19, 2022, the Reorganized Debtors filed the Report on Responses to *One Hundred Sixteenth Omnibus Objection to Claims and Request for Order by Default as to Unopposed Objections* [Docket No. 12650] (the "**Request for Default**"), in which the Reorganized Debtors reported that Mr. Soliz had not responded to the Objection.

  I. On July 20, 2022, the Court entered an order disallowing and expunging the Proofs of Claim [Docket No. 12652] (the "**Proof of Claim Order**").

  J. The Proofs of Claim erroneously were included in the Objection and the Request for Default due to a miscommunication with Kroll.

  K. On August 19, 2022, Mr. Soliz filed the *Motion of Jarred Soliz for Reconsideration of the Order Disallowing and Expunging Proof of Claim Pursuant to Reorganized Debtors' One Hundred Sixteenth Omnibus Objection to Claims (ADR No Liability Claims)* [Docket No. 12775] (the "**Reconsideration Motion**"). The hearing on the Reconsideration Motion (the "**Hearing**") currently is scheduled for September 13, 2022 at 10:00 a.m. (Pacific Time).

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, THROUGH THE UNDERSIGNED, THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Proof of Claim Order is set aside with respect to the Proofs of Claim.

2. Kroll is authorized to update the official claims register for the Chapter 11 Cases to reflect that the Proofs of Claim are not disallowed and expunged.

3. Both Parties reserve all rights with respect to the Proofs of Claim.

4. Upon entry of an Order approving the terms of this Stipulation, the Reconsideration Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

5. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

| | |
|---|---|
| Dated: August 31, 2022 | Dated: August 31, 2022 |
| KELLER BENVENUTTI KIM LLP | MARSHACK HAYS LLP |
| */s/ Dara L. Silveira* | */s/ Laila Masud* |
| Dara L. Silveira | Laila Masud |
| *Attorneys for the Debtors and Reorganized Debtors* | *Attorneys for Jarred Soliz* |