1  Jacob M. Faircloth, Esq. (SB No. 305390)
   Bluestone Faircloth & Olson, LLP
2  1825 Fourth Street
   Santa Rosa, CA 95404
3  Telephone: (707) 526-4250
   Facsimile: (707) 526-0347
4  Email: jacob@bfolegal.com

5  Attorneys for Movants/Claimants of Dan Crowley and Associates and Law Office of
   Robert M. Bone –See Exhibit 1

6
                    UNITED STATES BANKRUPTCY COURT
7                   NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
8

9  In Re                                  Case No. 19-30088-DM

10 PG&E CORPORATION,                       Chapter 11

11    and                                  (Lead Case–Jointly Administered)

12 PACIFIC GAS AND ELECTRIC                **CONSOLIDATED MOTION TO**
   COMPANY                                 **ALLOW/DEEM TIMELY LATE**
13                                         **FILING OF CLAIMANTS, AND**
      Debtors.                             **MEMORANDUM OF POINTS AND**
14 ─────────────────────────────/         **AUTHORITIES AND**
                                           **DECLARATION OF ROBERT BONE**
15 Affects:                                **IN SUPPORT THEREOF**
   □ PG&E Corporation
16 □ Pacific Gas & Electric Company        Hearing:    Only if Requested
   ☒  Both Debtors                         Location:   Via Zoom or Telephone
17
   *All papers shall be filed in the Lead
18 Case, No. 19-30088-DM

19 ─────────────────────────────/

20        Movants/Claimants, more fully set forth in Exhibit 1–attached hereto–file this

21 Consolidated Motion to deem timely late filed proof of claims.

22        This Motion is brought pursuant to the Court's 8/24/22 Order Consolidating

23 Motions to File Late Claims (the "Order").

24        ***Pursuant to the Order and in accordance with the procedures set forth therein,***

25 ***the Fire Victim Trust ("FVT") must either (a) file any opposition it has to any specific***

26 ***Claimants set forth herein or (b) file a statement of non-opposition as to any specific***

27 ***Claimants set forth herein, within fourteen (14) days of filing of this Motion.***

28

**CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 1

# I.
## Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors and personal factors arising from the 2017 fires ("North Bay Fires"), Claimants were unable to timely file their proofs of claims. Because there is no danger of prejudice to the Debtors, as Debtors' estates are solvent, and all creditors in these cases stand to be paid their pro rata shares, the Motion should be granted to allow the Claimants to have the claims deemed timely.

Per the Court's Order, a brief statement for particular circumstances for each Claimant is set forth in Exhibit 1, attached hereto.

# II.
## Factual Background

**A.    Pertinent Bankruptcy Background.**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file proofs of claim by the General Bar Date. [See Docket No. 4672]

On January 31, 2020, as Docket No. 5590, Debtors filed an Amended Chapter 11 Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Docket No. 5700, Debtors filed a Disclosure Statement

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 2

Case: 19-30088    Doc# 12915    Filed: 08/31/22    Entered: 08/31/22 19:40:25    Page 2
of 34

1    for the Amended Plan.

2         On February 19, 2020, as Docket No. 5835, Debtors filed their Motion for Entry

3    of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed

4    Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting

5    Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related

6    Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

7         On March 17, 2020, the Solicitations Procedures Motion was Approved.

8         After filing multiple iterations of the Plan, on June 19, 2020, as Docket No. 8048,

9    Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020

10   (the "Final Plan").

11        One June 20, 2020, post-voting and hotly contested confirmation hearings, the

12   Bankruptcy Court entered an order confirming the Final Plan. [Docket No. 8053]

13        Prior to December 31, 2019, nearly 38,000 fire victims filed timely claims.  Since

14   December 31, 2019, thousands of late claims have been submitted.  Also since December

15   31, 2019, dozens and dozens of late claims of fire victims have been permitted as timely

16   by the Court through Stipulations and Orders.  Others have been permitted as timely

17   without stipulations, due to no opposition by the FVT.  It's clear by the volume of late

18   claims that many families and individuals impacted by the North Bay Fires were unaware

19   that they had any remedies, claims for relief, or causes of actions.

20   **B.    Claimants' Claims Arising from the North Bay Fires.**

21        Per the Court's Order, a brief statement for particular circumstances for each

22   Claimant is set forth in Exhibit 1.

23        With that said, the Claimants largely find themselves in very similar situations.

24   All of the Claimants are survivors of the North Bay Fires which occurred in 2017.  All of

25   the Claimants have valid claims for damages arising from the North Bay Fires, including

26   nuisance and emotional distress–due to proximity of the zone of danger to the North Bay

27   Fires.  Most, if not all, evacuated from the fires, with their homes covered in soot and

28   ash.

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 3

Case 19-30088   Doc# 12915   Filed: 08/31/22   Entered: 08/31/22 19:40:25   Page 3
of 34

1    Due to substantial trauma, relocation, and the immense pressure resulting from

2 the foregoing, the Claimants did not become aware of the relevant bar dates in time to

3 timely file the claim. Most were not even aware of their right to file claims. It was not

4 until after the Extended Bar Date and Claims Questionnaire Deadline that Claimants

5 realized their damages may be compensable and that they should file a proof of claim for

6 their losses.

7    Here, in particular, none of the Claimants had knowledge of their entitlement to

8 file a claim within the Extended Bar Date. Had they known, they would have timely

9 submitted claims. Had a party in interest been obliged to alert all those impacted by the

10 fires of their possible entitlement to file a claim, perhaps there would not be so many fire

11 victims in this situation. Outside of "word of mouth" from other fire victim claimants, no

12 such notice or alert was provided, and many such parties had no good way of knowing

13 about their claims.

14    Based on the foregoing, the Claimants bring this consolidated Motion to

15 timely permit filing of their claims.

16
### III.
### Legal Argument

17    In a Chapter 11 case, the time to file a proof of claim may be extended under

18 certain Circumstances. Federal Rule of Bankruptcy Procedure ("FRBP") 3003(c)(3);

19 FRBP 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11

20 case with respect to the timing requirements for proofs of claim *Pioneer Inventory*

21 *Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993).

22 Moreover, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or

23 carelessness, not just those caused by intervening circumstances beyond a party's

24 control." *Id*, at 381. Even a creditor that did in fact receive notice may file a proof of

25 claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a

26 showing of "excusable neglect." *Id.*, at 394-95 ("Had respondents here been prevented

27 from complying with the bar date by an act of God or some other circumstance beyond

28

**CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 4

Case: 19-30088   Doc# 12915   Filed: 08/31/22   Entered: 08/31/22 19:40:25   Page 4
of 34

their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delayed, including whether it was within the reasonable control fo the movant, and (4) whether the movant acted in good faith. *Id.*, at 395; See also *Corning v. Corning (In re Zilog, Inc.),* 450 F.3d 996 (9th Cir. 2006)(noting *Pioneer's* non-exhaustive list of relevant factors).

Importantly, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy, but, due to some external reason, failed to file a proof of claim or did not realize that she or he had to prior to the bar date. See, e.g., *ZiLOG, Inc. V. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-1007 (9th Cir. 2006) (applying the *Pioneer* factors). Notably in this case, there was no widely distributed notice to residents impacted by the subject fires. In which case, the Claimants had no actual notice- discussed more fully hereinbelow.

Here, all four *Pioneer* factors–as well as the fifth engrafted onto the *Pioneer* analysis by some courts–weigh in favor of the Claimants.

First, there is no danger of prejudice to the Debtors in this case. Thus, the first *Pioneer* factor weighs in favor of the Claimants. The Debtors' estates are solvent, and all creditors stand to be paid their initial pro rata share, which is presently set at 45%. See, E.G., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). As of now, it is understood that claims for which determination notices are issued are receiving 45% of the determination award (their initial pro rata share). It is understood that the additional 55% of such

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 5

Case 19-30088   Doc# 12915   Filed: 08/31/22   Entered: 08/31/22 19:40:25   Page 5
of 34

1  determination awards has been set aside by the FVT. And, beyond that, the trust is still

2  solvent.

3  Second, upon receiving all the necessary information, the Subject Proof of Claim

4  was filed–or reason for such not being the case is validly explained.

5  Third, the delay in filing the Subject Proof of Claim is reasonable. This considers

6  that very shortly after becoming aware of the damages that arose from the North Bay

7  fires might be compensable, the Claimants obtained counsel and filed proofs of claims.

8  Additionally, there was little to no substantial effort by any interested party (the Debtors

9  nor the FVT) in this case to alert prospective claimants of their right or entitlement to file

10  a claim–other than third-party advertisements. The Ninth Circuit, relying on the *Pioneer*

11  factors, held that a bankruptcy court abused its discretion in declining to excuse various

12  women's failure to timely file proofs of claims (with respect to retention bonuses), where

13  debtor's general counsel's email was not calculated to inform employees that they needed

14  to file their wage claims against the debtor in bankruptcy court. *In re ZiLOG, Inc.*, *supra*,

15  at 1003. Compare this to the present Claimants, who received absolutely no notice

16  whatsoever of their potential entitlement to file claims. This lack of substantive notice

17  now squarely placing many individuals and families without any knowledge of their

18  remedies–including the Claimants.

19  Fourth, any prospect of prejudice beyond solvency is unlikely given that (a) all

20  distributions have not yet been made; and (b) the aggregate value of the Claimants'

21  claims relative to the value of Debtors' estates (or the value of the FVT) is low. See, e.g.,

22  *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in

23  relation to the estate is a consideration in determining prejudice). For example, even

24  assigning a 45% pro rata share of $80,000 to each claim (with 20 claims) aggregates only

25  $1,600,000. Where the Trust's initial value was $13,500,000,000, such late claims only

26  account for 0.0001185% of the value of the Trust. Such a percent is incomprehensibly

27  small in comparison to the size of the Trust.

28  Finally, the FVT has been routinely permitting late proofs of claims to be

allowed, where such tardiness is excusable under the *Pioneer* factors and foregoing. Only until very recently did the FVT begin to no longer sign-off on such tardy claims–without any consideration or individual review of each such request. In which case, the Claimants contend that good cause exists and the Motion should be granted. Or, in the alternative, that the FVT should be estopped from wholly opposing all such claims, where the *Pioneer* factors are met.

**IV.**

**Conclusion**

Based upon the foregoing, the Claimants hereby request that the Court grant this Consolidated Motion and deem timely the Subject Proofs of Claims.

WHEREFORE, the Claimants pray for an order:

1. Granting the Motion in its entirety;

2. Finding that the Subject Proofs of Claims filed by the Claimants are to be allowed as having been timely filed; and

3. Granting such other or further relief as the Court deems just and proper.

DATED: August 31, 2022          BLUESTONE FAIRCLOTH & OLSON, LLP

                                              */S/ Jacob M. Faircloth*
                                   By_____
                                              Jacob M. Faircloth
                                   ATTORNEY FOR THE CLAIMANTS

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 7

Case 19-30088    Doc# 12915    Filed: 08/31/22    Entered: 08/31/22 19:40:25    Page 7
of 34

## DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF

I, Robert M. Bone, declare as follows:

1.     I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow, from my personal knowledge–except as to those matters set forth upon information and belief.

2.     I am the sole owner of the Law Office of Robert M. Bone and am an attorney licensed to practice in the State of California.  If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from the Claimants that my firm and co-counsel represent.  Such representation is set forth in Exhibit 1, attached hereto, with further brief explanations received from each Claimant that my firm represents. [My office is also working with and associated on behalf of claimants in the California North Bay Fire cases JCCP with Daniel Crowley and Associates, and Skikos, Crawford, Skikos and Joseph, LLP.]

3.     I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimants Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and Exhibit 1 attached hereto.  To the best of my information and knowledge, the factual allegations in the Motion are true and correct–as to the Claimants my firm represents. For the reasons summarized in the Motion, I believe that it is appropriate to permit late filing of the various claims of the Claimants that my firm represents.

4.     Moreover, our firms have inquired with the Claimants listed in Exhibit 1 with respect to their claims to determine whether: (1) they were aware of the FVT's existence within approximately 1-2 months of filing their claims, or (2) if they were aware of the existence of the FVT, whether they understood that damages for nuisance and/or emotional distress may be compensable through the FVT.  Upon information and belief–based on such inquiries–I understand that all of the Claimants listed in Exhibit 1 either: (1) were not aware of the existence of the FVT until within approximately 1-2

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS
PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT BONE IN SUPPORT THEREOF - Page 8

Case  19-30088   Doc# 12915   Filed: 08/31/22   Entered: 08/31/22 19:40:25   Page 8
of 34

months of filing their subject claims, or (2) to the extent that they were aware of the existence of the FVT, they did not know that damages (theirs included) for emotional distress and/or nuisance might be compensable from the FVT.

5.     In addition to the foregoing, many of the Claimants in Exhibit 1 are elderly and reside (or resided) in the Oakmont community– senior living community in Sonoma County.  The COVID pandemic, in particular, exasperated the ability of many claimants to become aware of their possible entitlement to funds from the FVT.  Notably, the pandemic occurred very shortly after the Extended Claims Deadline expired...As a result, we have noticed from speaking with Claimants (particularly the elderly) that they were too consumed with the effects of the pandemic (including the seclusion and sheltering in place)–for fear of exposure to the virus and death–to learn anything about their rights to file claims with the FVT.

I declare under penalty of perjury, under the laws of the United States and of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, CA, on August 31, 2022.

By: _____
*/S/ Robert M. Bone*
Robert M. Bone

**CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS PROOFS OF CLAIMS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT BONE IN SUPPORT THEREOF** - Page 9

Case 19-30088   Doc# 12915   Filed: 08/31/22   Entered: 08/31/22 19:40:25   Page 9 of 34

1          **<u>CERTIFICATE OF SERVICE</u>**

2              I hereby certify that on August 31, 2022, a copy of the foregoing was filed

3 electronically.  Notice of this filing will be sent by operation of the Court's electronic

4 filing system to all parties indicated on the electronic filing receipt.  Parties may access

5 this filing through the Court's filing system.

6 DATED: August 31, 2022                                  */S/ Jacob M. Faircloth*

7                                                      By_____

8                                                          Jacob M. Faircloth

# EXHIBIT 1: CLAIMANTS

**(1) Anthony Agocs and Elizabeth Agocs.**
**Claim No. 108824, filed on August 24, 2022.**

Mr. Anthony Agocs and Mrs. Elizabeth Agocs are spouses. During the North Bay Fires, they owned and resided at the real property located at 327 Stone Creek Circle, Santa Rosa, CA 95409.

The Agoc family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, the Agoc family was required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Agoc family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(2) James Allen and Mary Ann Allen.**
**Claim No. 108815, filed on August 23, 2022.**

Mr. James Allen and Mrs. Mary Ann Allen are spouses. During the North Bay Fires, they owned and resided at the real property located at 440 Oak Brook Lane, Santa Rosa, CA 95409.

The Allen family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, the Allen family was required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Allen family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(3) David Ashworth and Ardith Ashworth.**
**Claim No. 108827, filed on August 24, 2022.**

Mr. David Ashworth and Ardith Ashworth are spouses. During the North Bay Fires, they owned and resided at the real property located at 4501 Byrne Court, Santa Rosa, CA 95409.

The Ashworth family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, the Ashworth family was required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Ashworth family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(4) Edward Biglin and Mary Rychly.**
**Claim No. 108833, filed on August 25, 2022.**

Mr. Edward Biglin and Mary Rychly are spouses. During the North Bay Fires, they owned and resided at the real property located at 417 Trail Ridge Place, Santa Rosa, CA 95409.

Mr. Biglin and Ms. Rychlys' personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Biglin and Ms. Rychly were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(5) Judith Browning and David Browning.**
**Claim No. 108821, filed on August 24, 2022.**

On December 31, 2019, Ms. Browning submitted a pro se, Claim No. 96155, claim for "business loss/interruption" and other economic damages. Mr. Browning was not included on this claim. At the time Mrs. Browning submitted this claim, she had no knowledge of other possible claims, nor was she aware that other possible claims (i.e. emotional distress and nuisance) might be compensable through the FVT. Likewise, Mr. Browning was not aware of the existence of any possible claims (or compensability for any possible claims) for emotional distress and/or nuisance.

Mr. and Mrs. Browning owned the real property located at 6039 Rick Drive, Santa Rosa, CA 95409, where they resided during the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Browning family was unaware that these other and separate damages/injuries might be compensable whatsoever. The Browning family only recently learned (from friends and family) in August of 2022 that claims for emotional distress and nuisance might be compensable. As such, she retained counsel and filed Claim No. 108821 on August 24, 2022.

The Browning family is requesting authorization from the Court that the late (amended) claim be accepted as timely and that they be authorized to submit a claims questionnaire for damages arising from the unknown claims for emotional distress and nuisance–and include Mr. Browning

as a party to the claim.

**(6) Michael Canar and Linda Canar.**
**Claim No. 108826, filed on August 24, 2022.**

Mr. Michael Canar and Linda Canar are spouses.  During the North Bay Fires, they owned and resided at the real property located at 413 Oak Vista Drive, Santa Rosa, CA 95409.

The Canar family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, they were required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Canar family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring.  In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(7) Jon Diederich and Susan Paterson.**
**Claim No. 108818, filed on August 23, 2022.**

Jon Diederich and Susan Paterson are spouses.  During the North Bay Fires, they owned and resided at the real property located at 2409 Cedar Street, Calistoga, CA 94515.

Mr. Diederich and Ms. Patersons' personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, they were required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Diederich and Ms. Paterson were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring.  In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(8) Suzan Fleissner.**
**Claim No. 108825, filed on August 24, 2022.**

Ms. Fleissner rented the real property located at 1595 Los Olivos Road, Santa Rosa, CA 95404, where she resided during the North Bay Fires.  Ms. Fleissner's personal property was substantially damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, Ms. Fleissner was required to evacuate her home.  As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Fleissner was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims

Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Fleissner hired counsel and filed her claim. This was not until August of 2022.

**(9) Kurt Hawkyard, Richard James Hawkyard, Beverly Hawkyard, Richard William Hawkyard, and Dakota Kenoyer-Hawkyard.**
**Claim No. 108823, filed on August 24, 2022.**

Mr. Kurt Hawkyard, with his parents–Mr. Richard James Hawkyard and Mrs. Beverly Hawkyard–resided at and owned the real property located at 216 Westbrook Drive, Santa Rosa, CA 95401, during the North Bay Fires. Mr. Kurt Hawkyard's children, Richard William Hawkyard and Dokota Kenoy-Hawkyard, also resided with him at the time.

The Hawkyard family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Hawkyard family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(10) Gail Henry.**
**Claim No. 108817, filed on August 23, 2022.**

On August 5, 2019, Ms. Henry submitted a pro se, Claim No. 5958, claim for "loss of food". At the time Ms. Henry submitted this claim, she had no knowledge of other possible claims, nor was she aware that other possible claims (i.e. emotional distress and nuisance) might be compensable. Ms. Henry is elderly. At the time she submitted her claim, she was not personally familiar with the FVT and she was not aware that she was required to file a claim questionnaire on account of her claim. She has no recollection of submitting a claim questionnaire or receiving any funds on account of the her claim–for loss of food or otherwise.

Ms. Henry owned the real property located at 170 Larkspur Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires. During the fires, Ms. Henry was required to evacuate her home–with her husband, who is now deceased. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Henry was unaware that these other and separate damages/injuries might be compensable whatsoever. Ms. Henry only recently learned in August of 2022 that claims for emotional distress and nuisance might be compensable. As such, she retained counsel and filed Claim No. 108817 on August 23, 2022.

Ms. Henry had forgotten she had submitted a claim and ultimately retained counsel and filed Claim No. 108817 on August 23, 2022. Shortly thereafter, counsel spoke with Ms. Henry and

discovered her earlier claim, No. 5958. Due to her age and trauma from the fires, Ms. Henry had completely forgotten about her earlier claim and did not recall submitting additional records or information concerning her damages and losses–for the food loss or otherwise. She was also not aware that her injuries relating to nuisance and/or emotional distress were compensable.

Based on the foregoing, Ms. Henry is requesting authorization from the Court that her late (amended) claim be accepted as timely and that she be authorized to submit a claims questionnaire for damages arising from the unknown claims for emotional distress and nuisance.

**(11) Elisabeth LaPointe.**
**Claim No. 108788, filed on August 20, 2022.**

Ms. LaPointe owned the real property located at 7552 Oak Leaf Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. LaPointe's personal and real property were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. LaPointe was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. LaPointe was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. LaPointe hired counsel and filed her claim. This was not until August of 2022.

**(12) Mark R. Mandoli and Christine L. Mandoli.**
**Claim No. 108829, filed on August 24, 2022.**

Mr. Mandoli and Mrs. Mandoli are spouses. During the North Bay Fires, they owned and resided at the real property located at 3022 Santa Margarita Court, Santa Rosa, CA 95405.

The Mandoli family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Mandoli family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(13) Jeremia Mills, Sheila Wolski, Daniel Mills, and Michael Mills.**
**Claim No. 108831, filed on August 24, 2022.**

Mr. Jeremia Mills and Mrs. Sheila Wolski are spouses. They, with their children (Daniel Mills and Michael Mills) resided at the real property located at 1132 Spencer Avenue, Santa Rosa, CA 95404. The Mills family rented this property during the North Bay Fires.

The Mills family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Mills family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(14) Louise Munoz-Flores and Robert Harold Flores.**
**Claim No. 108832, filed on August 25, 2022.**

Mrs. Munoz-Flores and Mr. Flores are spouses. During the North Bay Fires, they owned and resided at the real property located at 361 Twin Lakes Drive, Santa Rosa, CA 95409.

The Flores family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Flores family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(15) Charles C. Oncea, III, and Susan Oncea.**
**Claim No. 108819, filed on August 23, 2022.**

Mr. Charles C. Oncea, III, and Susan Oncea are spouses. During the North Bay Fires, they owned and resided at the real property located at 3022 Santa Margarita Court, Santa Rosa, CA 95405.

The Oncea family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Oncea family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(16) Alisha Panoski, Jaxson Gilardo, Noah Gilardo, and Marc Anderson.
Claim No. 108787, filed on August 20, 2022.**

Alisha Panoski, with her children–Noah Gilardo and Jaxson Gilardo–resided at the real property located at 1845 Peterson Lane, Santa Rosa, CA 95403 during the North Bay Fires. She and her then husband, Paul Gilardo, owned this property during the North Bay Fires. Marc Anderson resided at the property with Ms. Panoski during the North Bay Fires–who is Ms. Panoski's brother.

Their personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, their family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(17) Mel Luis Panoski and Mason Panoski [misspelled Panoske on Claim]
Claim No. 108810, filed on August 23, 2022.**

Mel Luis Panoski is the father of Mason Panoski. During the North Bay Fires, Mr. Panoski owned and resided at the real property located at 2437 Gads Hill Street, Santa Rosa, CA 95401, with his son, Mason Panoski.

The Panoski family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Panoski family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(18) Edna Mae Pelton and Robert L. Pelton.
Claim No. 108820, filed on August 23, 2022.**

Mrs. Edna Mae Pelton and Mr. Robert L. Pelton are spouses. During the North Bay Fires, they owned and resided at the real property located at 7563 Ferroggiaro Way, Santa Rosa, CA 95409.

The Pelton family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Pelton family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(19) Gregory Peters.**
**Claim No. 108546, filed on June 22, 2022.**

During the North Bay Fires, Mr. Peters was a patient at Mountain Vista Farms–an addiction recovery center in Glen Ellen. Mr. Peters rehabilitation from drugs and alcohol was cut short, due to the North Bay Fires and him having to be evacuated.

Due to substantial trauma relating to the fires and Mr. Peters' rehabilitation, he was not aware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In June of this year, he learned he might be entitled to a claim and submitted a pro set claim. He has recently reached out to counsel (in August) to assist him with processing his claim.

**(20) Kevin Ryan, Martha Ryan, Megan Ryan, and Charles Ryan.**
**Claim No. 108830, filed on August 24, 2022.**

Mr. Kevin Ryan and Mrs. Martha Ryan are spouses. They, with their children (Megan Ryan and Charles Ryan) resided at the real property located at 917 Quarrie Point, Santa Rosa, CA 95405. The Ryan family rented this property during the North Bay Fires.

The Ryan family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Ryan family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(21) Tomi Speed and Robert Speed.**
**Claim No. 108781, filed on August 19, 2022.**

Mrs. Tomi Speed and Mr. Robert Speed are spouses. During the North Bay Fires, they owned and resided at the real property located at 6505 Stone Bridge Road, Santa Rosa, CA 95409.

The Speed family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Speed family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(22) Sandy Throne.**
**Claim No. 108828, filed on August 24, 2022.**

Ms. Sandy Throne owned the real property located at19 Glengreen Street, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. Throne's personal and real property were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Throne was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Throne was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Throne hired counsel and filed her claim. This was not until August of 2022.

**(23) Elliot Wolf and Joyce Wolf.**
**Claim No. 108791, filed on August 21, 2022.**

Mr. Elliot Wolf and Mrs. Joyce Wolf are spouses. During the North Bay Fires, they owned and resided at the real property located at 7557 Oak Leaf Drive, Santa Rosa, CA 95409.

The Wolf family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Wolf family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(24) Gail Holmes.**
**Claim No. 108834, filed on August 26, 2022.**

Ms. Holmes owned the real property located at 7544 Oak Leaf Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. Holmes' personal property was substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Holmes was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Holmes was unaware that her

damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Holmes hired counsel and filed her claim. This was not until August of 2022.

**(25) Victor Zayas and Julie Zayas.**
**Claim No. 108835, filed on August 26, 2022.**

Mr. Victor Zayas and Mrs. Julie Zayas are spouses. During the North Bay Fires, they owned and resided at the real property located at 1862 Thornsberry Road, Sonoma, CA 95476.

The Zayas family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Zayas family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

[Counsel erroneously filed a second claim for the Zayas family shortly after Claim No. 108835 was submitted on August 26, 2022–it will be withdrawn]

**(26) Mary Lavin and Mark Lavin.**
**Claim No. 108836, filed on August 26, 2022.**

Mrs. Mary Lavin and Mr. Mark Lavin are spouses. During the North Bay Fires, they owned and resided at the real property located at 4215 Wake Robin Drive, Glen Ellen, CA 95442.

The Lavin family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Lavin family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(27) Lilian Alred.**
**Claim No. 108837, filed on August 26, 2022.**

Ms. Alred owned the real property located at 440 Twin Lake Circle, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. Alred's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Alred was required to evacuate her home. As a result of her displacement, she suffered

substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Alred was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Holmes hired counsel and filed her claim. This was not until August of 2022.

**(28) Janet Perrone, Gregory Perrone, and Jeffrey Perrone.**
**Claim No. 108838, filed on August 26, 2022.**

Ms. Janet Perrone and Gregory Perrone are spouses. They, with their child (Jeffrey Perrone) resided at the real property located at 3210 Meadow Glen Drive, Santa Rosa, CA 95404. The Perrone family owned this property during the North Bay Fires.

The Perrone family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Perrone family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(29) Muriel Caddell.**
**Claim No. 108839, filed on August 26, 2022.**

Ms. Caddell occupied the real property located at 3585 Round Barn Blvd, #319, Santa Rosa, CA 95403, where she resided during the North Bay Fires. Ms. Caddell's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Caddell was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Caddell was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Caddell hired counsel and filed her claim. This was not until August of 2022.

**(30) Mackenzie Crownover, Chris Crownover, Ethan Crownover, and Gavin Crownover.**
**Claim No. 108841, filed on August 26, 2022.**

Mrs. Mackenzie Crownover and Mr. Chris Crownover are spouses. They, with their children (Ethan Crownover and Gavin Crownover) resided at the real property located at 790 Alaska Drive, Santa Rosa, CA 95409. The Crownover family owned this property during the North Bay

Fires.

The Crownover family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Crownover family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(31) Darrin Rash and Dawn K. Rash.**
**Claim No. 108842, filed on August 26, 2022.**

Mr. Darrin Rash and Mrs. Dawn K. Rash are spouses. During the North Bay Fires, they owned and resided at the real property located at 3532 Banyan Street, Santa Rosa, CA 95403.

The Rash family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Rash family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(32) Matthew Hernandez, Jill Linton-Hernandez, Nicholas Hernandez, and Claire Hernandez.**
**Claim No. 108843, filed on August 26, 2022.**

Mr. Matthew Hernandez and Mrs. Jill-Linton-Hernandez are spouses. They, with their children (Nicholas Hernandez and Claire Hernandez) resided at the real property located at 323 Beech Avenue, Santa Rosa, CA 95409. The Hernandez family owned this property during the North Bay Fires.

The Hernandez family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Hernandez family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(33) Gail Passalacqua.**
**Claim No. 108844, filed on August 27, 2022.**

Ms. Passalacqua occupied the real property located at 6944 Oakmont Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. Passalacqua's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Passalacqua was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Passalacqua was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Passalacqua hired counsel and filed her claim. This was not until August of 2022.

**(34) Victor Gonzalez and Andrea Gonzalez.**
**Claim No. 108845, filed on August 27, 2022.**

Mr. Victor Gonzalez and Andrea Gonzalez are spouses. During the North Bay Fires, they owned and resided at the real property located at 38 Don Timoteo Court, Sonoma, CA 95476.

The Gonzalez family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Gonzalez family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(35) Ellen Turner and Alan Turner.**
**Claim No. 108847, filed on August 26, 2022.**

Mrs. Ellen Turner and Mr. Alan Turner are spouses. During the North Bay Fires, they owned and resided at the real property located at 5028 Maiden Lane, Santa Rosa, CA 95409.

The Turner family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Turner family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(36) Courtney Meyer, Sonoma Bates and Levi Bates.**
**Claim Nos. 108615 and 108616, filed on June 29, 2022. [Ms. Meyer will withdraw the second claim, which was erroneously filed].**

Ms. Courtney Meyer is a single individual. She, with her children (Sonoma Bates and Levi Bates) resided at the real property located at 12721 Graton Rd., Sebastopol, CA, during the North Bay Fires. She owned this property at the time. At the time, she also operated the Bohemian Market at 3691 Main Street, Occidental, CA.

The Meyer family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. Her business was also substantially impacted. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Meyer family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around June of 2022, (shortly after realizing their damages might be compensable) Ms.. Meyer filed two pro se claims–one of which is duplicative and erroneously and will be withdrawn. After discovering that her claim was untimely, she hired counsel in August of 2022 to assist her family with their claim.

**(37) Rosa M. Gutierrez, Carlos E. Gutierrez, Sofia N. Gutierrez, Esmeralda M. Gutierrez, and Selena V. Gutierrez.**
**Claim Nos. 108529–filed on June 17, 2022–and 108848–filed on August 28, 2022. [The earlier Claim, No. 108529, will be withdrawn].**

Mrs. Rosa M. Gutierrez and Mr. Carlos E. Gutierrez are spouses. They, with their children (Sofia N. Gutierrez, Esmerelda M. Gutierrez, and Selena V. Gutierrez) resided at the real property located at 947 Ripley Street, Unit A, Santa Rosa, CA 95401. The Gutierrez family rented this property during the North Bay Fires.

The Gutierrez family's personal property was damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Gutierrez family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around June of 2022 (shortly after realizing their damages might be compensable), they filed a pro se claim, No. 108529. After discovering that her claim was untimely, they hired counsel in August of 2022 to assist their family with their claim. They intend to withdraw the, largely, duplicative claim that was filed pro se.

**(38) Corinne Quintana, Ryan Quintana, Gavin Quintana, and Laurel Quintana.**
**Claim No. 108849, filed on August 28, 2022.**

Mrs. Corinne Quintana and Mr. Ryan Quintana are spouses.  They, with their children (Gavin Quintana and Laurel Quintana) resided at the real property located at 4643 Bridle Trail, Santa Rosa, CA 95409. The Quintana family rented this property during the North Bay Fires.

The Quintana family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, they were required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Quintana family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring.  In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(39) Kevin Wolski, Leslie Wolski, Jake Wolski, Marcus Wolski, and Maggie Wolski.**
**Claim No. 108850, filed on August 28, 2022.**

Mr. Kevin Wolski and Mrs. Leslie Wolski are spouses.  They, with their children (Jake Wolski, Marcus Wolski, and Maggie Wolski) resided at the real property located at 5421 Monte Verde Drive, Santa Rosa, CA 95409. The Wolski family owned this property during the North Bay Fires.

The Wolski family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, they were required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Wolski family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring.  In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(40) Cindy Malone and Tyler Malone.**
**Claim No. 108851, filed on August 28, 2022.**

Ms. Cindy Malone and her son, Tyler Malone, resided at the real property located at836 Montrose Court, Santa Rosa, CA 95409. The Malone family onwed this property during the North Bay Fires.

The Malone family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, they were required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Malone family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(41) Mike Hartnett.**
**Claim No. 108853, filed on August 28, 2022.**

Mr. Mike Hartnett rented the real property located at 1163 Hopper Avenue, Apartment #14, Santa Rosa, CA 95403, where he resided during the North Bay Fires. Mr. Hartnett's personal property was substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Mr. Hartnett was required to evacuate his home. As a result of his displacement, he suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Hartnett was unaware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering his damages might be compensable, Mr. Hartnett hired counsel and filed his claim. This was not until August of 2022.

**(42) Dorothy Pritchett.**
**Claim No. 108854, filed on August 28, 2022.**

Ms. Pritchett occupied the real property located at 1397 Fountaingrove Parkway, Santa Rosa, CA 95403, where she resided during the North Bay Fires. Ms. Pritchett's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Pritchett was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Pritchett was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Pritchett hired counsel and filed her claim. This was not until August of 2022.

**(43) Elizabeth Frazelle and Gary Kettlewell.**
**Claim No. 108855, filed on August 28, 2022.**

Elizabeth Frazelle and Gary Kettlewell are partners. During the North Bay Fires, they owned and resided at the real property located at 8445 Franz Valley School Road, Calistoga, CA 94515.

Ms. Frazelle's and Mr. Kettlewell's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(44) Daniel Sullivan, Julie Sullivan, and Claire Sullivan.**
**Claim No. 108840, filed on August 28, 2022.**

Mr. Daniel Sullivan and Mrs. Julie Sullivan are spouses. They, with their child (Claire Sullivan) resided at the real property located at 286 Somerville, Road, Santa Rosa, CA 95409. The Sullivan family owned this property during the North Bay Fires.

The Sullivan family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were unable to return to their home–having been out of the area at the time. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Sullivan family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(45) Nancy Graalman.**
**Claim No. 108856, filed on August 28, 2022.**

Ms. Graalman owned the real property located at 7775 Franz Valley Road, Calistoga, CA 94515, where she resided during the North Bay Fires. Ms. Graalman's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Graalman was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Graalman was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Graalman hired counsel and filed her claim. This was not until August of 2022.

**(46) Jocelyn Farrell.**
**Claim No. 108857, filed on August 28, 2022.**

Ms. Farrell rented the real property located at 5100 Winter Creek Road, Santa Rosa, CA 95404, where she resided during the North Bay Fires. Ms. Farrell's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. The home she was renting burned down and she lost much of her personal property–having no renter's insurance. During the fires, Ms. Farrell was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of

the zone of danger.

Due to substantial trauma relating to the fires and losing her home, Ms. Farrell was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering her damages might be compensable, Ms. Farrell hired counsel and filed her claim. This was not until August of 2022.

**(47) Thomas Lamb Henry and Margaret Dee Henry.**
**Claim No. 108859, filed on August 29, 2022**.

Mr. Thomas Lamb Henry and Mrs. Margaret Dee Henry are spouses. During the North Bay Fires, they owned and resided at the real property located at 7107 Enterprise Road, Glen Ellen, CA 95442. The Henry family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(48) Mason Levinson.**
**Claim No. 108868, filed on August 30, 2022.**

Mr. Levinson occupied and resided at the real property located at 552 Graymont Drive, Santa Rosa, CA 95409, where he resided during the North Bay Fires. Mr. Levinson's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Mr. Levinson was required to evacuate his home. As a result of his displacement, he suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Levinson was unaware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering his damages might be compensable, Mr. Levinson hired counsel and filed his claim. This was not until August of 2022.

**(49) William Dean Vlahandreas and Lauren Frances Vlahandreas.**
**Claim No. 108863, filed on August 30, 2022.**

Mr. William Dean Vlahandreas and Mrs. Lauren Frances Vlahandreas are spouses. During the North Bay Fires, they owned and resided at the real property located at 1236 Melissa Court, Santa Rosa, CA 95409. The Vlahandreas family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(50) Richard McChinak and Stephanie McChinak.**
**Claim No. 108867, filed on August 30, 2022.**

Mr. Richard McChinak and Mrs. Stephanie McChinak are spouses. During the North Bay Fires, they owned and resided at the real property located at 5973 Yerba Buena Road, Santa Rosa, CA 95409. The McChinak family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(51) Anne Elizabeth Henry and Mariana Napoles.**
**Claim No. 108869, filed on August 30, 2022.**

Ms. Anne Elizabeth Henry and her daughter, Marianna Napoles, resided at the real property located at 1853 Slater Street, Santa Rosa, CA 95405. They rented this property during the North Bay Fires.

Their personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(52) Hossain Ali Beejan Roohian, Jade Elyse Roohian, Cyrus Sinclair Roohian, and Enzo Marcel Roohian.**
**Claim No. 108865, filed on August 30, 2022.**

Mr. Hossain Ali Beejan Roohian and Mrs. Jade Elyse Roohian are spouses. They, with their childres (Cyrus Sinclair Roohian and Enzo Marcel Roohian) resided at the real property located at 2217 Neotomas Avenue, Santa Rosa, CA 95405. The Roohian family owned this property during the North Bay Fires.

The Roohian family's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Roohian family was not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August 2022 (shortly after realizing their damages might be compensable), they reached out to counsel and filed their claim.

**(53) Douglas Alan Munro.**
**Claim No. 108864, filed on August 30, 2022.**

Mr. Munro owned and occupied the real property located at 1470 Los Alamos Road, Santa Rosa, CA 95409, where he resided during the North Bay Fires. Mr. Munro's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Mr. Munro was required to evacuate his home. As a result of his displacement, he suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Munro was unaware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering his damages might be compensable, Mr. Munro hired counsel and filed his claim. This was not until August of 2022.

**(54) Ron Guest and Linda Garaicotchea.**
**Claim No. 108873, filed on August 31, 2022.**

Ron Guest and Linda Garaicotchea are partners. During the North Bay Fires, they owned and resided at the real property located at 17080 Brookside Road, Sonoma, CA 95476.
Mr. Guest's and Ms. Garaicotchea's personal property and residence were damaged from smoke, soot, and ash from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(55) Dan Buscovich and Donna Buscovich.**
**Claim No. 108874, filed on August 31, 2022.**

Mr. Dan Buscovich and Donna Buscovich are spouses. During the North Bay Fires, they owned and resided at the real property located at 526 Kellogg Court, Santa Rosa, CA 95409. The Buscovich family's personal property and residence were damaged from smoke, soot, and ash

from the North Bay Fires. During the fires, they were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(56) Dan Miller and Brian Roth.**
**Claim No. 108875, filed on August 31, 2022.**

Mr. Dan Miller and Mr. Brian Roth are spouses. They rented and occupied the real property located at 1860 Thornsberry Road, Sonoma, CA 95476, where they resided during the North Bay Fires. Mr. Miller's and Mr. Roth's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Mr. Roth and Mr. Miller were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Roth and Mr. Miller were unaware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering their damages might be compensable, Mr. Roth and Mr. Miller hired counsel and filed their claim. This was not until August of 2022.

**(57) Naydra Kauwe.**
**Claim No. 108887, filed on August 31, 2022.**

On December 30, 2019, Ms. Kauwe submitted a pro se, Claim No. 94567, claim for the damages she suffered from the North Bay Fires. Ms. Kauwe is elderly. At the time she submitted her claim, she was not personally familiar with the FVT and she was not aware that she was required to file a claim questionnaire on account of her claim. She has no recollection of submitting a claim questionnaire or receiving any funds on account of the her claim.

During the North Bay Fires, Ms. Kauwe owned and resided at the real property located at 1900 Pine Meadow Drive, Santa Rosa, CA 95403. During the fires, she was required to evacuate her home. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger. Ultimately, Ms. Kauwe's home was destroyed in the North Bay Fires, and she lost the vast majority of her personal belongings.

Due to attorney advertisements, Ms. Kauwe became aware that she needed to file a claim. However, due to her age and substantial trauma relating to the fires, Mr. Kauwe was not aware of how the FVT functioned or any requirement to submit a claims questionnaire.

In August of 2022, Ms. Kauwe became that awards were being made to victims of the North Bay Fires. Ms. Kauwe had forgotten she had submitted a claim and ultimately retained counsel and filed Claim No. 108887 on August 31, 2022. Shortly thereafter, counsel spoke with Ms. Kauwe

and discovered her earlier claim, No. 94567.  Due to her age and trauma from the fires, Ms. Kauwe had completely forgotten about her earlier claim and did not recall submitting additional records or information concerning her damages and losses.

Based on the foregoing, Ms. Kauwe requests an extension of the deadline to submit her claim questionnaire to the FVT, on account of her timely claim and the new amended claim, No. 108887.

**(58) Sandra Shulkin.**
**Claim No. 108878, filed on August 31, 2022.**

Ms. Shulkin owned the real property located at 364 Twin Lakes Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires.  Ms. Shulkin's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, Ms. Shulkin was required to evacuate her home.  As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Shulkin was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring.  Soon after discovering her damages might be compensable, Ms. Shulkin hired counsel and filed her claim.  This was not until August of 2022.

**(59) Scott Faber**.
**Claim No. 108858, filed on August 29, 2022.**

Mr. Faber occupied the real property located at 5240 Piedmont Court, Santa Rosa, CA 95409, where he resided during the North Bay Fires.  Mr. Faber's personal property was substantially damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, Mr. Faber was required to evacuate.  As a result of his displacement, he suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Faber was unaware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring.  Soon after discovering his damages might be compensable, Mr. Faber hired counsel and filed his claim.  This was not until August of 2022.

**(60) Susan M. Sandholm and Melvin A. Sandholm.**
**Claim No. 108805, filed on August 22, 2022.**

Ms. Susan M. Sandholm and Mr. Melvin A. Sandholm are spouses.  They owned the real property located at 138 Jasie Lane, Santa Rosa, CA 95409, where they resided during the North Bay Fires.  The Sandholm family's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires.  During the fires, the Sandholm family was required to evacuate their home.  As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Sandholm family was unaware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering their damages might be compensable, they hired counsel and filed their claim. This was not until August of 2022.

**(61) Paula Elizabeth Trejo Maldonado and Antonio Ochoa Trejo.**
**Claim No. 1088__, filed on August 31, 2022 [Filed via Prime Clerk, but Claim # unassigned at time of this filing].**

Ms. Paula Elizabeth Trejo Maldonado is the mother of Antonio Ochoa Trejo. During the North Bay Fires, Mr. Trejo Maldonado rented and resided at the real property located at 324 Butterfly Lane, Apt. G6, Santa Rosa, CA 95407, with his son, Antonio Ochoa Trejo.

Ms. Trejo Maldonado's personal property was damaged from smoke, soot, and ash from the North Bay Fires. During the fires, she and her son were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, they were not aware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire deadline expiring. In or around August of 2022, (shortly after realizing their damages might be compensable) they reached out to counsel and filed their claim.

**(62) Nick Valencia.**
**Claim No. 1088__, filed on August 31, 2022 [Filed via Prime Clerk, but Claim # unassigned at time of this filing].**

Mr. Valencia owned and occupied the real property located at 2323 McBride Lane, Santa Rosa, CA 95403, where he resided during the North Bay Fires. Mr. Valencia's real property and personal property were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Mr. Valencia was required to evacuate. As a result of his displacement, he suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Mr. Valencia was unaware that his damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering his damages might be compensable, Mr. Valencia hired counsel and filed his claim. This was not until August of 2022.

**(63) Cynthia Doell and Danny Ruckman.**
**Claim No. 1088__, filed on August 31, 2022 [Filed via Prime Clerk, but Claim # unassigned at time of this filing].**

Ms. Cynthia Doell and Mr. Danny Ruckman are spouses. They owned the real property located at 8834 Oak Trail Drive, Santa Rosa, CA 95409, where they resided during the North Bay Fires. Ms. Doell and Mr. Ruckman's personal property and home were substantially damaged from

smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Doell and Mr. Ruckman were required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Doell and Mr. Ruckman were unaware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering their damages might be compensable, they hired counsel and filed their claim. This was not until August of 2022.

**(64) Cynthia M. Kramer and Norman T. Kramer.**
**Claim No. 1088__, filed on August 31, 2022 [Filed via Prime Clerk, but Claim # unassigned at time of this filing].**

Ms. Cynthia M. Kramer and Mr. Norman T. Kramer are spouses. They owned the real property located at 1425 Los Olivos Road, Santa Rosa, CA 95404, where they resided during the North Bay Fires. The Kramer family's personal property and home were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, the Kramer family was required to evacuate their home. As a result of their displacement, they suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, the Kramer family was unaware that their damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering their damages might be compensable, they hired counsel and filed their claim. This was not until August of 2022.

**(65) Deborah Harlan.**
**Claim No. 1088__, filed on August 31, 2022 [Filed via Prime Clerk, but Claim # unassigned at time of this filing].**

Ms. Deborah Harlan owned and occupied the real property located at6682 Oakmont Drive, Santa Rosa, CA 95409, where she resided during the North Bay Fires. Ms. Harlan's real property and personal property were substantially damaged from smoke, soot, and ash from the North Bay Fires. During the fires, Ms. Harlan was required to evacuate. As a result of her displacement, she suffered substantial personal damages, nuisance, and emotional distress–due to proximity of the zone of danger.

Due to substantial trauma relating to the fires, Ms. Harlan was unaware that her damages/injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline expiring. Soon after discovering his damages might be compensable, Ms. Harlan hired counsel and filed her claim. This was not until August of 2022.