Tammy Spirlock
tammyspirlock@aol.com
530-217-9410
Creditor in Fire Victims Trust

Judge Montali, Courtroom 17
450 Golden Gate Ave
Mailbox 36099
San Francisco, CA 94102
Case # 19-30088-DM
Dockett # 12874

September 1, 2022

## Please Enter onto the Courtroom Dockett

I am writing this letter in support of William Abrams, **Motion #12766** to the court for Transparency with regards to the responsibility of the Fire Victim's Trust. Will, has spent countless hours and money filing motions, spending his personal time to advocate for himself and fellow fire survivors. William should be applauded on all levels and my family, and I appreciate his efforts.

TRANSPERANCY, with regards to our case is important for communication with creditors, as it sets the tone for a successful distribution of funds within the fire victim's trust (FVT) with the least amount of frustration. Why are we so far along in this process, filing motions and still complaining about lack of TRANSPERANCY? In my opinion the court and the FVT decided long ago that we are on a need-to-know basis, which did not include transparency.

**As a campfire survivor and a creditor in this lawsuit, I have a right to know and understand** the Fire Victim's Trust processes which include:

- The selection process for the oversight committee
- Salaries of contracted individuals and lawyers, acting on our behalf, pursuing litigation
- How wildfire survivor's money is spent
- How much of my claim is going to be paid and when?

This court's stance on many issues appears to be in the best interest and protections for the FVT administration and Pacific Gas and Electric. Let us not forget, this is wildfire survivor's money the trust is managing, distributing, and spending.

Many of the procedures enacted to run the trust seem repetitive, a waste of time and money, duplicating work to extend out the time it takes to process all claims which earns them more money in administrative fees.

Example:

> The trust chose to pay multiple preliminary payments to survivors who either did not request one or survivors received many payments meaning employees spent countless hours going back into a file rather than processing the file in its entirety. In addition, survivors paid extra taxes which could have been avoided with transparency of the process.
>
> Was the preliminary payment process set up to prolong payments and cost the survivors more money in administrative fees?

Property calculations for specific types of properties like manufactured homes appear to be undervalued. Transparency would allow us to better understand why there appears to be less award amounts for manufactured homes.

My concerns about the FVT Oversight Committee include:

- Exclusion of a wildfire survivor to be on the committee
- Only having wildfire survivor lawyers on the committee
- Unclear what the attorney's role is on the committee
- No transparency and exclusion of understanding processes

My concerns about attorneys include:

- did not fight and secure a 6.75 billion dollar guaranteed stock value
- lack of guarantee and the shortfall of stock value
- lawyers could not protect us from the onset of negotiations with stock guarantees, then how can they protect us inside an oversight committee?
- So many wrongs, with so many people who were supposed to have our best interests first and foremost.

My concerns about conflict of interest:

- relationships and conflicts of interest between these companies (JAMS), attorneys, and trust administrators.
- back door deals are being made and people are being handed contracts that benefit everyone but us, yet we are the ones paying the wages and fees.
- conflicts of interest between attorneys being on the oversight committee, trust administrator hiring position and allocating them to companies that they have a vested interest in outside of the trust, and lawyers filing motions to exclude contracts that are being paid by the us to pursue litigation on our behalf.

I may be wrong, but when you have no transparency people come to many conclusions including these. This needs to stop. We should not wonder, guess, or stress about unknowns. We want more answers from the trust and not undermining us with vague and useless sayings "we are processing claims as fast as we can."

I support Will Abrams 110% on his quest for transparency and answers that are pertinent to this case. We are owed, honestly, fair dealings, communication, and transparency. Mrs. Yanni works for us, and it's time to STEP UP or STEP OUT and extend transparency on all levels and better communication. She needs to realize that by not extending this to the survivors she is causing undue stress, aggravation, and financial hardship. Which we do not deserve, and it leaves us being victimized again.

Sincerely,

Tammy Spirlock