Sattie Clark
sattieclark@gmail.com
503-314-0456
Claimant to Fire Victim Trust


FILED
SEP 14 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Judge Montali, Courtroom 17
450 Golden Gate Ave
Mailbox 36099
San Francisco, CA 94102
Case # 19-30088-DM
Dockett # 12874

September 11, 2022

**Please Enter onto the Courtroom Dockett**

I am writing as a creditor of the Fire Victim Trust (hereafter referred to as "The Trust"). I wish to voice my support for William Abrams' **Motion #12766** calling for transparency of the Trust's operations.

**As a creditor in this lawsuit, I have a right to know and understand** the The Trust's processes including:

- The selection process for the oversight committee
- Salaries of contracted individuals and lawyers acting on our behalf, pursuing litigation
- How wildfire victims' money is spent
- How much of my claim is going to be paid and when

This court's stance on many issues appears to be in the best interest of not the fire victims but rather The Trust and the serial arsonist/murderer known as PG&E. Let us not forget, this is wildfire victims' money the trust is managing, distributing, and spending. Fire victims should have access to real information in real time about the operations of The Trust.

Many of the procedures enacted to run the trust seem repetitive, a waste of time and money, duplicating work to extend out the time it takes to process all claims which earns them more money in administrative fees.

My concerns about the FVT Oversight Committee include:

- Exclusion of a wildfire survivor to be on the committee
- Only having wildfire survivor lawyers on the committee

- Unclear what the attorneys' roles are on the committee
- No transparency

My concerns about attorneys include:

- Attorneys did not fight and secure a 6.75 billion dollar guaranteed stock value.
- Attorneys did not have to litigate each claim individually and should be required to lower their fees accordingly (preferably restricted by the court to 10%).

My concerns about conflict of interest:

- relationships and conflicts of interest between these companies (JAMS), attorneys, and trust administrators
- back door deals are being made and people are being handed contracts that benefit everyone but us, yet we are the ones paying the wages and fees
- conflicts of interest between attorneys being on the oversight committee, trust administrator hiring position and allocating them to companies that they have a vested interest in outside of the trust, and lawyers filing motions to exclude contracts that are being paid by the us to pursue litigation on our behalf

I support Will Abrams on his quest for transparency and answers that are pertinent to this case. The claimants to the Trust should not have to wonder, guess, or stress about unknowns. We are owed, honestly, fair dealings, communication, and transparency. We want real answers from the Trust, not vague and useless statements such as "we are processing claims as fast as we can." Mrs. Yanni works for us, and it's time for her to extend transparency on all levels as well as better communication. She needs to realize that by not extending this to the survivors she is causing undue stress, aggravation, and financial hardship. Which we do not deserve, and it leaves us being victimized again.

Sincerely,

Sattie Clark
1482 Inez Way
Redwood Valley CA 95470

Sattie Clark
PO Box 838
Redwood Valley CA 95470

SAN FRANCISCO CA 940
13 SEP 2022 PM 3 L

RECEIVED
SEP 14 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Judge Montali, Courtroom 17
450 Golden Gate Avenue
Mailbox 36099
San Francisco CA 94102

94102-341024