| | |
|---|---|
| Debra Grassgreen<br>One Market Plaza, Spear Tower<br>40th Floor, Suite 4000<br>San Francisco, CA 94105<br>E-mail: dgrassgreen@pszjlaw.com<br><br>*Fire Victim* | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088<br><br>Chapter 11<br><br>Jointly Administered<br><br>**FIRE VICTIM'S RESPONSE TO FIRE VICTIM TRUSTEE'S STATEMENT OF NON-OPPOSITION TO CONSOLIDATED MOTIONS TO DEEM LATE-FILED CLAIMS TIMELY FOR THE PURPOSE OF CLAIM ADMINISTRATION BY THE FIRE VICTIM TRUST**<br><br>[Relates to Docket Numbers 12956 and 12915] |

Debra Grassgreen, individual fire victim ("Claimant"), hereby responds to the *Fire Victim Trustee's Statement of Non-Opposition to Consolidated Motions to Deem Late-Filed Claims Timely for the Purpose of Claim Administration by the Fire Victim Trust* (the "Statement of Non-Opposition") [Dkt. No. 12956] and the *Consolidated Motions to Deem Late-Filed Claims Timely For the Purpose of Claim Administration By the Fire Victim Trust* [Dkt. No. 12915]. In support hereof, Claimant respectfully represents as follows:

1   The Trustee filed the Statement of Non-Opposition and indicated simply that it is "trust
2 policy" not to oppose the filing of late claim (regardless of the reason(s) for filing the late claim) and
3 indicating that she will not oppose any other motions (again, regardless of the reasons) so long as
4 they are filed by September 30th without regard to the binding standard for seeking leave to file a late
5 proof of claim under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

6   There is no indication that the Trustee reviewed any of the underlying motions and claims to
7 determine whether or not each claimant's individual circumstances and the evidence presented meet
8 the standard for submitting claims nearly ***three years*** after the <u>extended</u> claims bar date of December
9 31, 2019 and in some cases nearly ***five years*** after the applicable fire.

10   While there may very well be reasons for some of these claims to have been filed late, had
11 the Trustee done even a cursory review of some of the motions it would be evident that many of
12 them say nothing more than "I didn't know I had a claim" and almost every motion represents,
13 ***incorrectly***, that there is no prejudice because this is a solvent case. Even attorneys who are
14 members of the Trust Oversight Committee that are privy to detailed information regarding
15 projected recoveries are nonetheless representing to this Court that there is no prejudice because all
16 creditors will be paid in full, which is not correct.

17   The Trustee's predecessor has stated clearly and unequivocally that fire victims will <u>never</u> be
18 paid in full:

19     Lily Jamali: What is your sense of whether fire victims will ever be
20     made whole from what you can tell right now?

    Justice Trotter: They never will.
21

22 (August 16, 2021 Interview). Ms. Yanni has not indicated otherwise. Thus, the administrative
23 expense of processing these late claims, along with any distributions to these claimants will dilute
24 the recovery to the other fire victims that filed timely claims and delay the distributions to them.

25   Inasmuch as the claims information that has been submitted to support the claims is only
26 available to Trustee and her staff, the Trustee and her counsel are uniquely situated to review the
27 motions and the claims to determine if the facts of the underlying claims satisfy the excusable
28 neglect standard under *Pioneer* in each individual motion. If the Trustee is not going to review the

motions on a case-by-case basis and is simply relying on "trust policy," Claimant respectfully requests that the Court give no weight to the *Statement of Non-Opposition* and instead review the motions and evidence submitted individually and determine if the standard is met on a case by case basis.

Respectfully,

Dated:  September 14, 2022     By: */s/ Debra Grassgreen*
                                    Debra Grassgreen