1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Eric R. Goodman (admitted pro hac vice)
3  (EGoodman@brownrudnick.com)
   Seven Times Square
4  New York, New York 10036
   Telephone:    (212) 209-4800
5  Facsimile:    (212) 209-4801

6  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
7  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
8  Irvine, California 92612
   Telephone:    (949) 752-7100
9  Facsimile:    (949) 252-1514

10 *Attorneys for Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**EX PARTE MOTION OF THE FIRE VICTIM TRUSTEE TO REDACT PERSONAL ADDRESS FROM ENGAGEMENT LETTER TO BE FILED WITH COURT**<br><br>[No Hearing Requested] |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"), hereby submits this motion (the "**Motion**"), pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents adopted by the United States Bankruptcy Court for the Northern District of California* (the "**Local Procedures**"), for entry of an order (a) authorizing the Trustee to redact the home address (the "**Personal Information**") of the "Authorized Agent" in the engagement letter between the Trust and the Authorized Agent (the "**Engagement Letter**") that the Trust will be filing in accordance with the directives contained in the *Order on Motion for Reconsideration* [Dkt. No. 12929] (the "**Reconsideration Order**") and (b) directing that the unredacted copies of the Engagement Letter provided to the Court shall remain under seal and confidential and not be made available without the consent of the Trustee or further order from the Court. The Trustee notes that redaction of the Personal Information does not in any way impact the disclosure of information sought by Mr. Abrams in his various motions, much less the Court-directed disclosure of "any provisions for compensation" of the Authorized Agent.

In support of the Motion, the Trustee submits the Declaration of Cathy Yanni in her capacity as Trustee of the Trust (the "**Yanni Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   JURISDICTION

1.   The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The

/ / /

1

statutory predicates for the relief requested are section 502 of Bankruptcy Code and Bankruptcy Rule 3007.

**II.      BACKGROUND**

2.      On January 29, 2019 (the "**Petition Date**"), the Debtors commenced the Chapter 11 cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") to address billions of dollars of liabilities related to the 2015 Butte Fire, the 2017 North Bay Wildfires, and the 2018 Camp Fire, and to provide compensation to wildfire victims fairly and expeditiously. On June 19, 2020, the Reorganized Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as may be modified, supplemented, or amended from time to time, and together with all schedules and exhibits thereto, the "**Plan**").[1] The Plan addresses the claims of approximately eighty thousand Fire Victims.

3.      On June 20, 2020, the Bankruptcy Court entered the *Order Confirming Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**") and the Effective Date of the Plan occurred on July 1, 2020. Pursuant to the Confirmation Order, on the Effective Date, the Trustee was appointed, and the Trust was established under the Trust Agreement and funded with cash, PG&E Stock and Assigned Rights and Causes of Action. The Fire Victim Trust has at all times since its inception complied with its disclosure obligations to Fire Victims and this Court.

4.      On May 23, 2022, claimant William B. Abrams filed his *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12440] (the "**Discovery Motion**"). On June 7, 2022, the parties presented arguments to the Court on the Discovery Motion. On June 21, 2022, the Trustee filed the *Objection of Fire Victim Trustee to Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1 *Fire Victim Trust* [Dkt. No. 12527] (the "**Objection**"). On July 6, 2022, Mr. Abrams filed the *William B. Abrams Reply to the Objection of Fire Victim Trustee Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12593] (the "**Reply**").

5. After considering the Discovery Motion, the Objection, the Reply and the arguments presented to the Court at the June 7, 2022 hearing, the Court entered the Discovery Order. The Discovery Order directed the Trust to post a copy of the retention agreement pertaining to each third-party litigation firm retained by the Trust through the "request for proposal" interview process described in the Objection.

6. On August 24, 2022, the Trustee filed a *Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved* [Dkt. No. 12871] (the "**Redaction Motion**"). Importantly, the Trust did not request that the sensitive information be permanently redacted, and the Trust will file (and post on the Fire Victim Trust Website) unredacted copies of all redacted retention agreements as soon as the litigation to which they relate is finally resolved.

7. On August 29, 2022, the Court entered the *Order Granting Motion of The Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved* [Dkt. No. 12884] (the "**Redaction Order**"), which granted the Redaction Motion after *in camera* review of certain retention agreements on the basis that the retention agreements contained sensitive information that would adversely affect the Trust's position in settlement negotiations in certain third-party litigation if disclosed prior to the final resolution of such third-party litigation.

8. On September 1, 2022, Mr. Abrams filed a *Motion for Reconsideration and Related Relief from the Order Granting Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved and Pursuant to Federal Rule of Civil Procedure 59(e)* [Dkt. No. 12916] (the "**Reconsideration Motion**") and supporting declaration [Dkt. No. 12917].

///

9. On September 6, 2022, after considering the Reconsideration Motion, the Court entered the **Reconsideration Order**, which, in part, directed the Trustee to "file any agreement(s) between the FVT and the Authorized Agent, including any provisions for compensation of that person." The Engagement Letter is the only such agreement between the Trust and the Authorized Agent. The Reconsideration Order explicitly recognizes that sensitive information in the Engagement Letter is protected by the Redaction Order without further order. Reconsideration Order 2:25-3:3.

10. The Engagement Letter is addressed to the Authorized Agent at his home address the "**Personal Information**"). Considering the tone of some filings surrounding the various disclosure motions, the Authorized Agent is understandably reluctant to publicly disclose his home address. Out of concern for the privacy and safety of the Authorized Agent, the Trustee seeks to avoid publicly disclosing the Personal Information.

11. Although the Engagement Letter is protected by the terms of the Redaction Order without further order, in the abundance of caution the Trustee files this Motion because the Redaction Order does not explicitly address the redaction of private addresses.

### III. BASIS FOR RELIEF REQUESTED

12. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(c) of the Bankruptcy Code further provides:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).
>
> 11 U.S.C. § 107(c).

13. The Personal Information clearly falls within the definition of "any means of identification" in section 107(c)(1)(A). "Means of identification" is defined by section 1028(d)(7)

of title 18 of the United States Code as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . . including any name." Further to this, the effect of section 107(c)(1)(B) is to expand the scope of information which may be protected from disclosure to any other information in a paper which contains a means of identification. *See*, *e.g.*, *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 750 (D. Del. 2018). The Delaware District Court there confirmed that a risk to privacy interests is an "unlawful injury" for the purposes of Section 107(c) of the Bankruptcy Code, and even if steps were taken to "reduce[] the risk of identity theft or other injury" through the redaction of medical records and all but the last four digits of social security numbers, it did not "eliminate these risks." *2019 Statements*, 585 B.R. at 753. *See also Brown v. Elk Grove Unified Sch. Dist.*, No. 2:17-CV-00396-KJM-DB, 2019 WL 13095063, at *1 (E.D. Cal. Sept. 19, 2019) (granting the parties' request to redact telephone numbers and home addresses "in light of legitimate privacy concerns") (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming order authorizing redaction of law enforcement officers' home addresses); *Kemper Indep. Ins. Co. v. Wells*, No. 117CV01612AWISAB, 2018 WL 558791, at *1 (E.D. Cal. Jan. 25, 2018) (authorizing redaction of defendants' home addresses); *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (authorizing redacting "the names, address, telephone numbers, dates of birth and ages for the non-party individuals")); *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 423 (9th Cir. 2011) (finding good cause to redact addresses of accused clergy under Federal Rule of Civil Procedure 26(c) after concluding Archdiocese had not demonstrated "good cause" sufficient to overcome the presumption of public access to the names of and allegations against the accused clergy).

14. The Trust seeks to protect the Authorized Agent from the risk of unsolicited contact that may be perceived as intrusive or harassing as a result of his connection to the Trust and to the third-party litigation that was a subject of the Discovery Motion and the Reconsideration Motion. Given the risk of unwanted contact and intrusion into the privacy of the Authorized Agent, the Trustee believes the Trust has satisfied the burden under Section 107(c).

/ / /

15. The Court has previously authorized the Reorganized Debtors to seal or otherwise withhold such employee personal information for reasons similar to those stated here. *See, e.g., Order Granting Motion to Redact Documents Filed in Support of Reorganized Debtors' Omnibus Objection to Claims* dated September 13, 2021 [Dkt. No. 11242]; *Order Granting Motion to Redact Documents Filed in Support of Reorganized Debtors' Omnibus Objection to Claims* dated August 21, 2021 [Dkt. No. 11137]; *Order Granting Motion to Redact Documents Filed in Support of Reorganized Debtors' Omnibus Objection to Claims* dated June 21, 2021 [Dkt. No. 10831]; *Order Granting Motion to Redact Documents Filed in Support of Reorganized Debtors' Omnibus Objection to Claims* dated March 2, 2021 [Dkt. No. 10353] (all authorizing Reorganized Debtors to redact the names, addresses, and Claim numbers of individuals contained in an exhibit to an omnibus objection and any other document filed publicly in connection with the omnibus objection).

**IV. NOTICE**

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) William B. Abrams; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

1  WHEREFORE the Trustee respectfully requests entry of an order granting the relief
2  requested herein and such other and further relief as the Court may deem just and appropriate.

4  DATED: September 15, 2022     BROWN RUDNICK LLP

By: */s/Eric R. Goodman*
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Fire Victim Trustee*