BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Fire Victim Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF CATHY YANNI IN SUPPORT OF EX PARTE MOTION OF THE FIRE VICTIM TRUSTEE TO REDACT PERSONAL ADDRESS FROM ENGAGEMENT LETTER TO BE FILED WITH COURT**<br><br>[No Hearing Requested] |

I, Cathy Yanni, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I became Successor Trustee of the PG&E Fire Victim Trust ("**Trustee**") on July 1, 2022, pursuant to Section 5.2(d) of the Fire Victim Trust Agreement [Docket No. 8750-1]. I am

1. duly authorized to make this Declaration (the "**Declaration**") on behalf of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I am an attorney at law licensed to practice law in the state of California. Since 1998 I have been a neutral with JAMS, which specializes in the resolution of claims and legal disputes by providing efficient, cost-effective and impartial ways of overcoming barriers at any stage of conflict. I have extensive experience resolving mass tort claims, and have acted as a special master, mediator and administrator in multiple cases involving tens of thousands of claims, including claims for personal injury, property damage and business loss.

3. Prior to becoming Trustee, I served as the Court-appointed Claims Administrator for the Trust under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] and, prior to that, pursuant to this Court's *Order Granting Application of The Official Committee of Tort Claimants Pursuant to 11 U.S.C. Sections 1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020* dated April 14, 2020 [Docket No. 6759]. Before serving as the Claims Administrator, I served as the Court-appointed Administrator of the Wildfire Assistance Program pursuant to this Court's *Supplemental Order (A) Approving Appointment of Administrator and Establishing Guidelines for the Wildfire Assistance Program and (B) Granting Related Relief* dated June 5, 2019 [Docket No. 2409].

4. I submit this Declaration in support of the *Ex Parte Motion of the Fire Victim Trustee to Redact Personal Address from Engagement Letter to be Filed with the Court* (the "**Motion**"), filed concurrently herewith, which seeks authority to redact a personal address from an engagement letter to be filed with the Court as directed by the *Order on Motion for Reconsideration* [Docket No. 12929].

5. I am generally knowledgeable and familiar with the day-to-day operations of the Trust, including the Trust's entry into the engagement letter referenced in the Motion. I am authorized to submit this Declaration on behalf of the Trust.

6. The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Trust's legal advisors. If called upon to testify, I would testify to the facts set forth in this Declaration.

7. I believe that disclosing the personal address of the Authorized Agent could subject him to unsolicited contact that may be perceived as intrusive or harassing as a result of his connection to the Trust and to the third-party litigation that was a subject of the *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of The Fire Victim Trust* [Dkt. No. 12440] and the *Motion for Reconsideration and Related Relief from the Order Granting Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved and Pursuant to Federal Rule of Civil Procedure 59(e)*.

8. In addition, I believe that the personal information sought to be redacted from the engagement letter is wholly irrelevant to the "provisions for compensation" that the Trust was directed to file.

9. For these reasons, I believe the redaction of the personal address of the Authorized Agent is warranted.

I declare under penalty of perjury, as set forth in 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 15th day of September, 2022, in San Francisco, California.

By: _____
Cathy Yanni, in her capacity as
Trustee of the PG&E Fire Victim Trust