BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:     (212) 209-4800
Facsimile:     (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:     (949) 752-7100
Facsimile:     (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **FIRE VICTIM TRUSTEE'S DISCLOURES DIRECTED BY SEPTEMBER 6, 2022 ORDER ON MOTION FOR RECONSIDERATION** |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No Hearing Requested] |

# FIRE VICTIM TRUSTEE'S DISCLOURES DIRECTED BY SEPTEMBER 6, 2022 ORDER ON MOTION FOR RECONSIDERATION

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**" or the "**Fire Victim Trust**," and its beneficiaries, the "**Fire Victims**"), hereby submits the following responses as directed by the Court's *Order on Motion for Reconsideration* [Docket No. 12929].

1. **STATE SPECIFICALLY WHY IT IS NECESSARY TO REDACT THE NAME AND OTHER IDENTIFYING INFORMATION ABOUT THE FVT'S "AUTHORIZED AGENT" IN ANY OF THE RETENTION AGREEMENTS SUBMITTED IN CONNECTION WITH THIS MATTER**

The Trustee does not believe it is necessary to redact the name of the Authorized Agent, Patrick Kelly. There is no other identifying information regarding Mr. Kelly that has been redacted.

2. **FILE ANY AGREEMENT(S) BETWEEN THE FVT AND THE AUTHORIZED AGENT, INCLUDING ANY PROVISIONS FOR COMPENSATION OF THAT PERSON.**

The engagement letter between the Fire Victim Trust and Patrick Kelly (the "**Engagement Letter**"), redacted as requested in the *Ex Parte Motion of the Fire Victim Trustee to Redact Personal Address from Engagement Letter to be Filed with the Court* [Docket No. 12965] (the "**Motion to Redact Address**") is attached hereto as Exhibit 1.[1] The Engagement Letter is the only agreement between the Trust and the Authorized Agent.

DATED: September 16, 2022

                                                        BROWN RUDNICK LLP

                                                        /s/ *Eric R. Goodman*
                                                        Eric R. Goodman (admitted *pro hac vice*)
                                                        David J. Molton (SBN 262075)
                                                        Joel S. Miliband (SBN 77438)

                                                        *Attorneys for the Fire Victim Trustee*

---

[1] Should the Court deny the Motion to Redact Address, the Trustee will file the Engagement letter in unredacted form.

# EXHIBIT 1

**PG&E Fire Victim Trust**
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
www.firevictimtrust.com

November 16, 2020

Patrick M. Kelly, Esq.
Attorney at Law

Email: pkellywemed@gmail.com

Dear Mr. Kelly:

This letter agreement (the "Engagement Agreement") confirms that you ("you") shall be engaged by the PG&E Fire Victim Trust (the "Trust") in accordance with this Engagement Agreement.

The defined terms used in this Engagement Agreement, and not otherwise defined herein, shall have the meanings ascribed to them in the PG&E Fire Victim Trust Agreement (the "Trust Agreement") dated as of July 1, 2020 formed pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated* **June 19, 2020** **[Docket No. 8048]** (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"), confirmed on **June 20, 2020** in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") **[Docket No. 8053]** (the "Confirmation Order") as reflected in the Notice of Entry of Confirmation Order and Occurrence of Effective Date Of Debtors' And Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 entered on July 2, 2020 **[Docket No. 8282]**.

1. **Parties:** This Engagement Agreement is between you and the Trust (the "Parties"), effective as of November 16, 2020.

2. **Scope of Engagement:** The Parties have agreed that you shall serve as "Special Advisor" to the Trustee and to the following scope of engagement; you shall fulfill your duties as directed by, and you shall report directly to, the Trustee of the Trust. You agree to:

- Serve as a liaison between the Trustee and all counsel retained by the Trust with respect to any and all actual or potential litigation of, and investigations with respect to, any and all Assigned Claims and Causes of Action, as defined in the Plan, assigned to the Trust under the Plan (such litigation and investigations, the "Third-Party Litigation").
- Ad hoc projects as requested by the Trustee.

3. **Fees and Expenses:** You shall deliver a monthly invoice to the Trust setting forth fees for services rendered as agreed from time to time, plus certain out of pocket costs and expenses as described herein. Invoices shall be sent to accounting@firevictimtrust.com. Initially, under this Engagement Agreement you shall be paid $800.00 per hour through December 2021; such hourly rate shall be subject to adjustment as agreed by the parties. Out of pocket costs and expenses charged to the Trust shall include travel (including mileage, parking, air fare, lodging, meals and ground transportation) and extraordinary expenses incurred in

the performance of services for the Trust. Payments shall be made within 30 days following receipt of your invoice each month.

    4. **Relationship of the Parties**: The parties intend that an independent contractor relationship will be created by this Engagement Agreement. You shall not be considered an employee of the Trust. Except as set forth in Section 6 below, you shall not be provided with any fringe benefits and you shall have exclusive responsibility for the payment of all taxes, charges or obligations arising out of this Engagement Agreement. The sole and only entity responsible and liable for your fees and expenses incurred in connection with this Engagement Agreement is the Trust, and you agree that you shall look solely to the Trust Assets (as defined in the Trust Agreement), for payment of your fees and expenses incurred under this Engagement Agreement.

    5. **No Third-Party Beneficiary**: The Parties acknowledge that all services provided to the Trust are intended for the sole benefit and use of the Trust, and no other party shall be deemed a third-party beneficiary under this Engagement Agreement.

    6. **Indemnification**: The Trust shall indemnify you and hold you harmless in accordance with the provisions of Section 5.7 of the Trust Agreement; and, as appropriate, to the extent set forth in the Trust's insurance policies described in Section 5.7 of the Trust Agreement.

    7. **Confidentiality**: You agree, subject to applicable law or court order, not to disclose any of confidential communications, or any of non-public information with respect to the Trust to any person or entity apart from those persons expressly designated by the Trust or an authorized Trust representative.

    8. **Governing Law**: This Engagement Agreement shall be governed by and construed in accordance with the laws of the State of California without giving effect to any choice of law provisions that would result in the application of the laws of a different jurisdiction.

    9. **Term and Termination**: It is understood and agreed that the terms set forth in this Engagement Letter will continue through December 31, 2021 and will be automatically renewed each year, without the need to update this Engagement Letter, except to the extent the terms hereof are changed, in writing, and signed by the Parties. Nothing set forth herein shall be construed to preclude the Trust from cancelling this engagement or directing a modification of services to be rendered by you on such terms as shall be then mutually agreed. It is understood and agreed that you may terminate your services upon written notice to the Trust at any time, and that you shall be compensated for all services rendered through the termination date. You agree to provide reasonable cooperation to the Trust for any transition of services to another service provider at the then applicable fees under Section 3 hereof.

    10. **Alternative Dispute Resolution**: Notwithstanding anything to the contrary in this Engagement Agreement, the parties hereto agree that any disputes that arise under this Engagement Agreement shall, in the first instance, be sought to be resolved by an alternative dispute resolution ("ADR") process mutually agreeable to the parties to this Engagement Agreement as follows: the parties involved agree to meet and confer in good faith to agree upon and proceed with a mutually acceptable ADR process, and any party that is dissatisfied with the final outcome of the ADR process may then seek relief in the judicial system.

    11. **Acknowledgement**: If the foregoing is acceptable, kindly sign the enclosed copy to acknowledge your agreement with these terms.

                                        Very truly yours,
                                        PG&E FIRE VICTIM TRUST

                                        By *[signature]*

Accepted and Agreed:

By: *Patrick M. Kelly*