ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Movant Skyway Fuels, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088 DM<br><br>Chapter 11<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF SKYWAY FUELS, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: TBD<br>Time: TBD<br><br>**VIA-ZOOM** |

Skyway Fuels, Inc. ("Movant") files this motion to deem timely a late filed proof of claim, Claim No. 96401 ("Proof of Claim"), filed on January 7, 2020. This motion is filed pursuant to the Court's Order Consolidating Motions to File Late Claims [Docket No. 12875].

### I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, Movant who had its Chevron gas station in Paradise, California destroyed in the Camp Fire believed it was submitting its proof of claim in a timely manner. The proof of claim was sent to Prime Clerk, LLC ("Prime Clerk") via-USPS Priority Mail on December 27, 2019

for delivery on December 30, 2019. For reasons beyond the control of Movant, it appears that the proof of claim was not received and filed by Prime Clerk until January 7, 2020. Movant only learned that the Proof of Claim was deemed untimely in August of 2022.

## II. FACTUAL BACKGROUND

### A. Pertinent Bankruptcy Background.

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claims including, but not limited to all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file proofs of claim by the General Bar Date [Docket No. 4672].

### B. Movant's Claims Arising from the Camp Fire.

Movant owned and operated a Chevron gas station and Kwik Stop Mini Mart in Paradise, California. The gas station and mini mart were destroyed in the Camp Fire. The Property, as well as personal property of the Movant, was substantially damaged from fire, smoke, soot, and ash.

### C. Submission of Movant's Proof of Claim.

Movant prepared its proof of claim for filing in a timely manner. Movant sent its proof of claim for filing via USPS Priority Mail. The priority mail envelope was postmarked December 27, 2019 with an expected delivery date of December 29, 2019. Movant, in good faith, believed this would ensure that the proof of claim would be delivered to Prime Clerk in advance of the December 31, 2019 deadline for submitting claims. For reasons beyond the control of Movant, the USPS either did not timely deliver the Priority Mail envelope to Prime Clerk or Prime Clerk did not timely stamp

as received and filed the Proof of Claim until January 7, 2020. Movant only became aware that the Proof of Claim was deemed not timely in August 2022.

Thus, the Movant now brings this Motion to deem timely the Proof of Claim.

### III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain Circumstances. Federal Rule of Bankruptcy Procedure ("FRBP") 3003(c)(3); FRBP 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirements for proofs of claim *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Moreover, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond a party's control." *Id*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.*, at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delayed, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*, at 395; See also *Corning v. Corning (In re Zilog, Inc.),* 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer's* non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice fo the bankruptcy, but, due to some external reason, failed to file a proof of claim or did not realize that she or he had to prior to the bar date. See, e.g., *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-1007 (9th Cir. 2006) (applying the *Pioneer* factors). Here, consideration of all four *Pioneer* factors–as well as the fifth engrafted onto the *Pioneer* analysis by some courts–weights in favor of the Movant.

Motion to Allow/Deem Timely Late Filing of Skyway Fuels, Inc.    -3-

In particular, there is no danger of prejudice to the Debtors in this case. Thus, the first *Pioneer* factor weights in favor of the Movants. The Debtors' estates are solvent, and all creditors stand to be paid their pro rata share. See, E.G., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Second, upon learning in August of 2022 that the FVT was asserting that the Proof of Claim was not timely filed, Movant began investigating the circumstances why the proof of claim was not timely received and filed by Prime Clerk and filed this Motion. Movant submitted the Proof of Claim in a manner it believed in good faith would make sure it would be timely received by Prime Clerk. The Proof of Claim was sent via USPS Priority Mail four (4) days in advance of the Bar Date. For reasons out of its control, the USPS either did not timely deliver the Proof of Claim or Prime Clerk did not timely process and file the Proof of Claim. More, any prospect of prejudice beyond solvency is unlikely given that (a) all distributions have not yet been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Finally, the Fire Victim Trust has been routinely permitting late proofs of claims to be allowed, where such tardiness is excusable under the *Pioneer* factors and foregoing. Only until very recently did the Fire Victim Trust begin to no longer sign-off on such tardy claims–without any consideration or individual review of each such request. In which case, the Movant contends that good cause exists and the Motion should be granted.

As set forth above, this Motion is filed pursuant to the Court's Order Consolidating Motions to File Late Filed Claims [Docket No. 12875]. Pursuant to said order, the FVT must file any opposition to this Motion or a statement of non-opposition within fourteen (14) days of the filing of this Motion.

### IV.    CONCLUSION

Based upon the foregoing, the Movant hereby requests that the Court grant this Motion and deem timely the Subject Proof of Claim.

WHEREFORE, the Movant prays for an order:

1. Granting the Motion in its entirety;

2. Finding that the Subject Proof of Claim filed by the Movant is to be allowed as having been timely filed; and

3. Granting such other or further relief as the Court deems just and proper.

Dated: September 21, 2022     Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Movant Skyway Fuels, Inc.

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On September 21, 2022, I served the following documents:

**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF SKYWAY FUELS, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES; AND**

**DECLARATION OF NARINDERJIT SINGH IN SUPPORT OF MOTION TO ALLOW/DEEM TIMELY LATE FILING OF SKYWAY FUELS, INC.**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

| *Via-Electronic Service* | *Sent Via-Email* |
|---|---|
| Office of the United States Trustee | jkim@kellerbenvenutti.com |
| Phillip J. Burton Federal Building | Jane Kim |
| 450 Golden Gate Ave. 5th Fl., | Keller & Benvenutti, LLP |
| #05-0153 | 650 California Street, Suite 1900 |
| San Francisco, CA 94102 | San Francisco, CA 94108 |
| | |
| *Sent Via-Email* | *Sent Via-Email* |
| SSieger-Grimm@brownrudnick.com | egoodman@brownrudnick.com |
| Susan Sieger-Grimm | Eric R. Goodman |
| Brown Rudnick LLP | Brown Rudnick LLP |
| 7 Times Square | 7 Times Square |
| New York, NY 10036 | New York, NY 10036 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of September , 2022 at Danville, California.

/s/ Gail A. Michael