1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Eric R. Goodman (admitted pro hac vice)
3  (EGoodman@brownrudnick.com)
   Seven Times Square
4  New York, New York 10036
   Telephone:    (212) 209-4800
5  Facsimile:    (212) 209-4801

6  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
7  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
8  Irvine, California 92612
   Telephone:    (949) 752-7100
9  Facsimile:    (949) 252-1514

10 *Attorneys for Fire Victim Trustee*

11              **UNITED STATES BANKRUPTCY COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                 **SAN FRANCISCO DIVISION**

14

15 In re:                                    | Case No. 19-30088 (DM)
                                             | Chapter 11
16 **PG&E CORPORATION,**                      | (Lead Case)
                                             | (Jointly Administered)
17          **- and –**
                                             | **FIRE VICTIM TRUSTEE'S**
18 **PACIFIC GAS AND ELECTRIC COMPANY,**      | **STATEMENT OF NON-**
                                             | **OPPOSITION TO**
19 **Debtors.**                              | **CONSOLIDATED MOTIONS TO**
                                             | **DEEM LATE-FILED CLAIMS**
20 ☐ Affects PG&E Corporation               | **TIMELY FOR THE PURPOSE**
   ☐ Affects Pacific Gas and Electric Company | **OF CLAIM ADMINISTRATION**
21 ☑ Affects both Debtors                    | **BY THE FIRE VICTIM TRUST**

22 * *All papers shall be filed in the Lead Case,*  | [Relates to Docket Number 12939]
23 *No. 19-30088 (DM).*

24

25

26

27

28

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust (the "**Trust**"), by and through her undersigned counsel and as directed by the *Order Consolidating Motions to File Late Claims* entered August 24, 2022 [Docket No. 12875] (the "**Consolidation Order**") and the *Order re Supplemental Exhibit to Order Consolidating Motions to File Late Claims* entered September 1, 2022 [Docket No. 12923] (the "**Supplemental Consolidation Order**"), respectfully states as follows:

1. The Fire Victim Trust Claims Resolution Procedures ("**CRP**") mandate that claimants must have timely filed a proof of claim to be eligible to receive compensation from the Trust. **See** CRP § I. Accordingly, the Trust has been monitoring all motions filed with this Court that seek to have late-filed proofs of claim deemed "timely" for the purpose of having such claims administered by the Trust.

2. On September 8, 2022, the claimants listed on **Exhibit 1** hereto ("**Movants**") filed the *Amended & Consolidated Motion to Allow/Deem Timely Late Filing of Claimants, and Memorandum of Points and Authorities and Declaration of Joseph K. Feist in Support Thereof* [Docket No. 12939], through which Movants assert that they should be permitted to file late claims for damages allegedly sustained as a result of the Camp Fire (the "**Asserted Fire Victim Claims**"). Specifically, Movants request that this Court enter an order finding that the proofs of claim listed on Exhibit 1 hereto (the "**Proofs of Claim**") "are to be allowed as having been timely filed."

3. In keeping with the current Trust policy of allowing as many Claimants[1] as possible to receive compensation on account of valid Fire Victim Claims, the Trustee does not oppose the entry of an order deeming the Proofs of Claim "timely" for the purpose of allowing the Trust to administer the Asserted Fire Victim Claims **provided that** the Asserted Fire Victim Claims are not thereby deemed "allowed" or "approved" and remain subject to the requirements of the CRP.

4. Nevertheless, the Trustee is concerned by the volume of late claim motions being filed. As this Court is aware, the number of motions seeking to have late claims deemed timely has

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the CRP.

2

skyrocketed in recent months. Of the 331 late claim motions filed since the December 31, 2019 extended bar date for non-governmental Fire Claimants, 237 (more than 70%) have been filed in the last six months. One hundred fifty-five (155) of those late claim motions were filed in August alone. To put these numbers in perspective, in 2020, which included the months immediately after both the extended bar date and the effective date of the Trust (both events that could be expected to prompt the filing of late claim motions), the total number of late claim motions filed alleging Fire Victim Claims was 55. In 2021, the total number was only 22.

5.     As of the date of this statement, 996 days have passed since the extended bar date. Five hundred seventy-three days (573) have passed since the deadline to file Claims Questionnaires with the Trust. Yet form late claim motions asserting only that Reorganized Debtors will not be prejudiced continue to be filed by the dozens, without consideration of the potential effect of granting these motions on the Trust and its beneficiaries.

6.     The Trustee must balance a desire to ensure as many fire victims as possible are compensated injuries arising from the Fires against the fact that tens of thousands of fire victims were able to timely file proofs of claim in these cases. The Trustee also recognizes there is a fundamental difference between claimants who file motions to have long-filed late proofs of claims deemed timely after receiving notice from the Trust of this necessity and those who file motions shortly after (or before) late proofs of claim are filed. Accordingly, the Trustee will discontinue the Trust's liberal non-opposition policy with respect to late claim motions filed **after September 30, 2022**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1         7.     Nothing herein shall be construed to be a waiver by the Trust of any right to object

2    to the Proofs of Claim or the Asserted Fire Victim Claims on any grounds other than the untimely

3    filing thereof.

4

5    DATED:  September 22, 2022          BROWN RUDNICK LLP

6

7                        By: /s/ERIC R. GOODMAN

8                        Eric R. Goodman (admitted pro hac vice)
                         (EGoodman@brownrudnick.com)

9                        David J. Molton (SBN 262075)
                         (DMolton@brownrudnick.com)

10                       Seven Times Square
                         New York, New York 10036

11                       Telephone:    (212) 209-4800
                         Facsimile:    (212) 209-4801

12

13                       and

14                       Joel S. Miliband (SBN 077438)
                         (JMiliband@brownrudnick.com)

15                       2211 Michelson Drive
                         Seventh Floor

16                       Irvine, California 92612
                         Telephone:    (949) 752-7100

17                       Facsimile:    (949) 252-1514

18                       *Attorneys for Fire Victim Trustee*

19

20

21

22

23

24

25

26

27

28

4

1

# **EXHIBIT 1**

2

LIST OF CLAIMANTS AND PROOFS OF CLAIM

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

| DATE POC FILED | POC NO. | CLAIMANT(S) |
|---|---|---|
| 9-7-2022 | 108894 | Eric Rix |
| 9-8-2022 | 108932 | Amanda Stoffer, Kylia Jenkins, Minors C. J.& L.S |

6

64843616 v1-WorkSiteUS-035945/0001