William B. Abrams
end2endconsulting@gmail.com
2041 Stagecoach Rd.
Santa Rosa, CA, 95404
Tel: 707 397 5727

*Pro Se Fire Victim Claimant and Party to related proceedings before the California Public Utilities Commission and the California Office of Energy Infrastructure Safety*

**FILED**
**SEP 26 2022**
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administrated)<br><br>**SUPPLEMENTAL STATEMENT AND NOTICE IN SUPPORT OF THE MOTION OF WILLIAM B. ABRAMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING DEBTORS ACTS, CONDUCT AND AGREEMENTS THAT MAY OBSTRUCT OR LIMIT THE JUST AND FAIR MANAGEMENT OF THE FIRE VICTIM TRUST**<br><br>Related to: Dkt. 12995, 12996 |

## PRELIMINARY STATEMENT

On September 22, 2022 Abrams filed the *"Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding Debtors Acts, Conduct and Agreements that May Obstruct or Limit the Just and Fair Management of the Fire Victim Trust"* [Dkt.12995] (the "**Motion**" or "**Motion for Debtor Discovery**"). Abrams is providing this supplemental statement (1) to clarify information he received related to Ms. Riddle's communications (2) to address a prior protective order sought by the Debtors and (3) to provide notice to the Debtors in accordance with Section 6.2 of the protective order. The Court should consider the following supplemental information:

## STATEMENT

Through the Motion for Debtor Discovery, Abrams clearly demonstrated "good cause" for reasonable discovery pursuant to Bankruptcy Rule 2004. One of the many points made by Abrams to substantiate reasonable discovery was in reference to the social media post from Ms. Fournier. This provided a window into the valid concerns of many victims regarding the apparent interference of the Debtors in the management, communications, acts and conduct of the Fire Victim Trust (the "**Trust**" or "**FVT**") (*see* **Exhibit C** (Riddle Email)). The related email communication between Ms. Fournier and Ms. Amanda Riddle was received by Abrams on September 22, 2022 while in the process of filing the Motion for Debtor Discovery. This email provided further clarifications and some additional ambiguity regarding the position of Ms. Riddle in her capacity as a Trust Oversight Committee (the "**TOC**") Member. It is unclear whether or not Ms. Riddle, the TOC or the Trustee feel that the engagement of the Debtors within FVT communications or elsewhere is appropriate or not and it is also unclear if these parties are precluded from disclosing certain provisions relative to the Debtors. Some of the quotes that Abrams attributed to Ms. Riddle within the Motion were revealed to be statements of Ms. Fournier and then reiterated by Ms. Riddle for context within her email reply. Abrams submits these added clarifications for the Court to consider and to further demonstrate that victims continue to have significant questions regarding the degree to which the Debtors "have some say over the information that's provided by the Trust to claimants." Victims should be granted reasonable discovery pursuant to Bankruptcy Rule 2004 regarding undisclosed terms and conditions the Debtors may have exercised to limit the acts, conduct and associated communications of the Fire Victim Trust.

Case: 19-30088    Doc# 13000    Filed: 09/26/22    Entered: 09/26/22 11:42:57    Page 2 of 4

Additionally, Abrams wants to bring to the Court's attention that PG&E Corporation and Pacific Gas and Electric Company (the "**Debtor**" or "**Debtors**") have secured additional protections from Bankruptcy Rule 2004 discovery through the "*Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information*" [Dkt. 2459] which was later approved by the Court on August, 6, 2019 through the "*Confidentiality and Protective Order*" [Dkt. 3405] (the "**Protective Order**"). As a pro se claimant, Abrams was unaware of these Court ordered protections when the Motion was initially filed. Within this Order the following added protections were provided for the Debtors:

1) "*Discovery Material produced informally by the Debtors in connection with the Chapter 11 Cases or pursuant to Rule 2004 (unless otherwise agreed by the Debtors) may be used in the Chapter 11 Cases, including in connection with any contested motions in the Chapter 11 Cases, and **may not be used in connection with any adversary proceeding or other litigation.**" (emphasis added)*

2) "*Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, Committee Bylaws, non-disclosure agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party in connection with the Cases, the provisions that provides **the most confidentiality protection for Discovery Materials applies.**" (emphasis added)*

3) "*Nothing herein shall prevent or otherwise restrict a Receiving Party from notifying, confidentially and in good faith, law enforcement or regulatory personnel of a governmental unit of a potential violation of law revealed by the Discovery Material.*"

4) "*Even after Debtors' emergence from Bankruptcy, **the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.**" (emphasis added)*

5) Section 6.2 "Meet and Confer" – "*The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.*

***Within five (5) business days of the date of service of the notice challenging the designation, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly.***" (emphasis added)

Given these terms and in accordance with Section 6 of this Protective Order, Abrams provides this required notice and states his intent to meet and confer in good-faith with the Debtors to advocate for the expedient release of agreements and other relevant information to provide greater transparency regarding the Debtors' acts and conduct that may interfere and/or otherwise impede (1) the value of the Fire Victim Trust (2) the actions of the Trustee, TOC and other attorneys representing the interests of victims and (3) the fair and just settlements of PG&E Fire Victims. Furthermore, if after efforts to meet and confer are concluded, remedies to these issues of transparency and discovery are not agreed upon by parties, Abrams states his intent and reserves his rights in accordance with Section 6.3 of this Protective Order which states as follows:

> "*If the Parties cannot resolve a challenge without court intervention and if either the Challenging Party or the Designating Party wishes to then seek Court intervention, both the Challenging Party and Designating Party shall submit a joint letter or motion to the Court, reflecting each party's position, describing adherence to paragraph 6.2's "meet and confer" requirement, and attaching any relevant information (including documents or declarations), within ten (10) business days after the conclusion of efforts to meet and confer and the indication in writing either the Challenging Party or the Designating Party of its intent to seek court intervention.*"

Abrams hopes that through this discovery process, sunlight will shine on "good faith" "acts" and "conduct." However, if through this discovery process, we discover "bad faith" or unreasonable acts and conduct, it is my hope that parties will come together to remedy these issues central to just and fair settlements for victims.

Executed on September 24, 2022, at Santa Rosa, CA.

Respectfully submitted,

William B. Abrams
Pro Se Claimant