Richard & Alison Lane
1857 Crimson Lane
Santa Rosa, CA 95403
Phone 415-336-8765 ~ Email: RichardLane@pacbell.net

Judge Montali, Courtroom 17
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102
Case #19-30088-DM
Docket #12995

**FILED**

**SEP 26 2022** ⟨C

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

September 24, 2022

"Please Post to the Courtroom Docket"

Justice Montali:

I am writing to express my support for Docket #12995 MOTION OF WILLIAM B. ABRAMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVER AND HEARINGS REGARDING DEBTOR ACT, CONDUCT AND AGREEMENTS THAT MAY OBSTRUCT AND AGREEMENTS THAT MAY OBSTRUCT OR LIMIT THE JUST AND FAIR MANAGEMENT OF THE FIRE VICTIM TRUST.

Similarly to Ms Fournier, as disclosed in her public correspondence made public in social media, I have also sought information from the Trust to little or no avail. I would have to agree that "the degree to which Abrams, law firms and victims as a whole are "ill informed" is directly due to the lack of disclosures and communication from Ms. Riddle, other TOC members and the Trustee." An examination of the email correspondence between Ms. Fournier and Ms. Amanda L Riddle of Corey, Luzaich, de Ghlealdi & Riddle, LLP leaves statements made by Ms. Fournier unaddressed:

1.  we can't get a community meeting even though Cathy Yanni said that's what she planned to do. It's now two months since her posting on the FVT website.

2.  What's frustrating about this is PG&E has effectively wiped their hands of fire survivors' needs by claiming bankruptcy and not offering to make the Trust whole but seem to feel that they have some say over the information that's provided by the Trust to claimants.

Clearly her attorney who sits on the TOC is not meeting the needs of her clients by ignoring these statements.

My experience is similar. I wrote to the Fire Victim Trust when Ms. Yanni was preparing for a YouTube video in February, 2021. My questions submitted are attached (See Exhibit A). The reply I received from the Trust is also attached (See Exhibit B).

1.  "I have therefore copied your counsel on this correspondence to your counsel and I encourage you to discuss your concerns with them." Signed, Cathy Yanni, Claims Administrator, Fire Victim Trust.

I have sought an explanation for why the Trust posts progress reports in both an *.pdf report (See Exhibit C) and in a graphic on the Trust's web-page (See Exhibit D). Those numbers never agree and my council has been unable to provide an explanation.

I asked for an explanation why *"the Trust would need a new lawyer with Scott Reent's expertise (Doc #12610), or why Greenberg-Gross needs access to "all notices given or required to be given and all papers served or required to be served in this case."* (Doc #12608). I have not received a reply to this question.

I have continued to push through counsel for a meeting with Ms. Yanni as she promised on the FVT website, and as Ms. Fournier notes above. The Trust has met with Butte County several times but there has been not a meeting in Sonoma County. However, the Butte County Board Of Supervisors has not shared anything, the Mayor of Paradise has not shared anything and most importantly the FVT has not shared anything. The only way anything is known about that meeting, and that it even happened, was through the news media. While I know Paradise and Butte County suffered greatly it's wrong to diminish the recovery of Sonoma County "by comparison." There are still claimants in Sonoma who don't have determinations, who question their representations' advocacy on their behalf, and who want some kind of communication. Maybe Ms.Yanni should have written, "I intend to meet with the residents of affected communities and their leaders and be more assertive keeping everyone updated on our progress." *as long as you live in Butte County.*

I have also requested that the FVT and the TOC issue a Position Statement on tax relief for CA AB 1249 and the Federal Bill HR 7305. The only thing support we have received from the TOC was Sample Letters and Lists Of Representatives for Claimants to write to (Exhibit E). Instead of actually doing something the position of the Trust has been to tell Fire Victims, "here's what you should do.' As far as a Position Statement on these bills my counsel has been unable to get any movement from the TOC or the Trust.

And finally, Wildfire Trial Lawyers, a law firm representing claimants, recently sent a letter to their clients, which read, *"After many long months of negotiation, and significant work by the law firms that are representing your interest in connection with your Wildfire claim...we are pleased to announce that California Assembly Bill 1249 has been approved by both the California House and Senate and the bill has been sent to the Governor for signature."* (See Exhibit F) According to the sponsors of this bill there is no evidence that this law firm has done anything in the way of advocacy for their clients. Simply a statement with no evidence or documentation.

And so, as difficult as it was been to get answer to questions, see Yanni Webinar Questions, attached, or any kind of support for Fire Victims in the form of documented advocacy I wholeheartedly support Motion 12995 as "sunlight is the best disinfectant."


Sincerely,

Richard Lane

Enc.: Exhibits A - E

Exhibit A.

1. Why have Trust Claimants not seen a budget or any actual expenses on the docket since last August? How can claims be evaluated and payments be made without a budget?
   a. How much is the trust spending on the administration, experts and Brown Greer?
   b. Where do these funds spent on (a.) come from; Interest or somewhere else?
      i. Is there a cap on expenses?
   c. How are awards to be issued if all claims haven't been evaluated?
   d. Are the current awards starting March 1, just residential or are business claims being addressed?
   e. What happens if the Trust runs out of money before all claims are paid out?
2. How much time should claimants expect to elapse between submitting their completed claim information and getting a determination notice from the FVT?
   a. If there are no impediments, how long?
3. What does the FVT expect will be the pro rata percentage of the determined amount that it is able to pay out, both as a first installment and as a total over the life of the FVT?
4. Inverse Condemnation – Has the trust determined if they will pay out attorney fees under the Inverse Condemnation rule, and if so, at what rate?
   a. Is there a maximum/minimum award?
   b. If claimants' lawyers' fees are paid out of the Trust what about claimants who are pro se?
5. Is the Trust really suing PG&E Board of Directors and Third Party Contractors?
   a. Will the fees associated with these suits leave less in the FVT for payment to survivors or is this being paid out of contingency and, if so, what is the rate?
6. How are business claims being evaluated?
   a. Timeline?
7. What is a ballpark number or range to expect for the emotional distress award for someone who fled from flames and lost their home?
   a. How are these awards determined?
   b. Is wrongful death a different claim from emotional distress?
8. How are deceased claimant's claims being addressed? We've been at this so long some claimants have actually passed away.



Richard Lane
Claimant ID 1077737
1857 Crimson Lane
Santa Rosa, CA 95403

February 18, 2021

Dear Mr. Lane:

Thank you for your letter.

As you are represented by counsel in this matter, your communications to the Trust and our communications to you as a claimant are required to be relayed through your counsel under lawyer ethical obligations in California. I have therefore copied your counsel on this correspondence to your counsel and I encourage you to discuss your concerns with them.

Thank you.

Cathy Yanni
Claims Administrator
Fire Victim Trust

cc: Skikos, Crawford, Skikos & Joseph LLP (email)

PG&E Fire Victim Trust   |   Two Embarcadero Center, Suite 1500   |   San Francisco, CA 94111
www.FireVictimTrust.com

Exhibit C



| Claims Data as of September 15, 2022 | | |
|---|---|---|
| **Basic Data** | Number of Claims Questionnaires | 39,047 |
| | Claimants Associated with Claims Questionnaires (*Multiple claimants in a household can share a Claims Questionnaire*) | 69,665 |
| | Number of Distinct Claims Made by Claimants in Claims Questionnaires | 243,991 |

| Category | Statistic | August | Total |
|---|---|---|---|
| **Notice Data** | Determination Notices Issued | 2,507 | 38,246 |
| | Claimants with Determination Notices Issued | 2,465 | 53,636 |
| | Deficiency Notices Issued | 1,677 | 29,029 |
| **Preliminary Payment Data** | Total Amount Paid in Preliminary Payments | $4.1 million | $895.9 million |
| | Number of Claimants who have Received Preliminary Payments | 136 | 34,714 |
| **Pro Rata Payment Data** | Total Amount Paid in Pro Rata Payments | $330.0 million | $4.00 billion |
| | Number of Claimants who have Received Pro Rata Payments | 2,345 | 37,120 |
| **Totals** | Total Amount of Preliminary and Pro Rata Payments Paid to Claimants | $330.0 million | $4.91 billion |
| | Total Amount Awarded in Determination Notices | $800.0 million | $12.30 billion |



# Fire Victim Trust

# Welcome to The Official Fire Victim Trust Website.

The Fire Victim Trust is currently evaluating, administering, processing, and resolving eligible claims, and we are issuing Determination Notices daily. We created the charts below and update them bi-weekly to keep you informed about the Trust's progress. If you have additional questions, please review our FAQs and Information menus at the top of the page. Click the Contact & Help menu if you need further assistance.

To log into your secure Portal account, click here and enter your credentials.

If you are *pro se* Claimant or a lawyer representing Claimants visiting the Fire Victim Trust website for the first time and you want to create a secure Portal account, click the Request Access link at the top of the page and follow the instructions.

# A Letter from the Trustee of the Fire Victim Trust

On July 1, 2022, I assumed the position of Trustee of the Fire Victim Trust that was established to compensate victims of the Butte, North Bay and Camp Fires that occurred between 2015-2018. After two years serving as the Administrator of the Trust, I am honored to take the role that was previously held by Justice John Trotter.



I oversaw painstaking efforts to establish essential infrastructure to administer, process and resolve claims for those who suffered losses from the fires. This foundational work has enabled the Trust to process 73% of claims to 47,000 people and distribute $4.3 billion in payments in two years. But much more remains to be done.

The Trust was established in 2020 to process claims and compensate fire victims for both economic and non-economic damages efficiently and equitably. My top priority is to continue that mission to get money to people as quickly and fairly as possible.

Another priority will be community engagement. I want the Trust to operate with even greater transparency and engage more directly with claimants, counsel, public officials and other stakeholders to build broader understanding of our work to help victims. I intend to meet with the residents of affected communities and their leaders and be more assertive keeping everyone updated on our progress.

I am honored to be appointed as Trustee of the Fire Victims Trust and my team, and I look forward to fulfilling its important mission.

Sincerely,

*Cathy Yanni*

Cathy Yanni

# Program Statistics

### (As of 9/15/22)

| Number of Claims Questionnaires (CQs) | Claimants Associated with CQs |
|---|---|
| 39,047 | 69,665 |



| Number of Distinct Claims by Claimants in CQs | Determination Notices Issued |
|:---:|:---:|
| 243,991 | 38,246 |

| Claimants with Determination Notices Issued | Deficiency Notices Issued |
|:---:|:---:|
| 53,636 | 29,029 |

| Total Amount of Preliminary and Pro Rata Payments Paid to Claimants | Total Number of Claimants who Received a Payment |
|:---:|:---:|
| $4.91 billion | 48,839 |

**Total Amount Awarded in Determination Notices**

$12.30 billion

## Payments by Month (Last Six Months)



Preliminary   Pro Rata

## Submitted Claims Questionnaires - 35,805

Incomplete CQs Pending Additional Information    CQs Determined
CQs to be Determined



## Exhibit E

### AB 1249

Dear Senator _____,

I am a survivor the _____ Fire caused by PG&E. This was a life changing event for me and for many other fire victims. I am no longer the same person I was before the fire. As you know, PG&E filed for bankruptcy on January 29, 2019. The Fire Victims Trust (FVT) was created on July 1, 2020 and started disbursing funds to claimants in March 2021.

Under current law, some or all of the settlements from the FVT are taxable events. This causes survivors to have to hire tax professionals to help us file our taxes, which is another hurdle we have to jump through due to PG&E's bankruptcy. For many of us, it also means that the amount we receive is not sufficient to allow us to rebuild, particularly since the cost of building has increased dramatically in the years since the fires.

The Assembly has passed AB 1249 to make funds received from the FVT non-taxable under state law. The bill is now before the State Senate. I urge you to please pass AB 1249 on behalf of all wildfire survivors. We have been through enough.

### AB 2283

Dear Assemblymember/Senator _____,

I am a survivor the _____ Fire caused by PG&E. This was a life changing event for me and for many other fire victims. I am no longer the same person I was before the fire. As you know, PG&E filed for bankruptcy on January 29, 2019. The Fire Victims Trust (FVT) was created on July 1, 2020 and started disbursing funds to claimants in March 2021.

Unfortunately, there is not enough money in the FVT to fully compensate the fire victims for damages we incurred. AB 2283 states that it is the intent of the Legislature to fully fund the Fire Victims Trust. It has been very difficult for us to wait all this time, and the idea that we would wait years and then not even receive the amount that the FVT has awarded is heartbreaking. I urge you to pass AB 2283 so that we can be fully compensated for the damages we have suffered.

## Exhibit E

Federal bill

Dear Congressman/woman _____ or Senator _____,

I am a survivor the _____ Fire caused by PG&E. This was a life changing event for me and for many other fire victims. I am no longer the same person I was before the fire. As you know, PG&E filed for bankruptcy on January 29, 2019. The Fire Victims Trust (FVT) was created on July 1, 2020 and started disbursing funds to claimants in March 2021.

Under current law, some or all of the settlements from the FVT are taxable events. This causes survivors to have to hire tax professionals to help us file our taxes, which is another hurdle we have to jump through due to PG&E's bankruptcy. For many of us, it also means that the amount we receive is not sufficient to allow us to rebuild, particularly since the cost of building has increased dramatically in the years since the fires.

The California Assembly has passed AB 1249 which states that no funds received by wildfire survivors from the FVT are taxable. I urge Congress to pass a similar bill so that we will be able to use the money we receive from the FVT to rebuild our homes and lives.

**Exhibit E**

California State Legislators, State Senators, and Congressional representatives:

| Butte County | Calaveras County |
|---|---|
| **Butte County** | **Calaveras County** |
| • **State Representatives** | • **State Representatives** |
| Assemblymember James Gallagher<br>Assembly District 3<br>2060 Talbert Drive, Suite 110<br>Chico, CA 95928<br>Tel: (530) 895-4217<br>assemblymember.gallagher@assembly.ca.gov | Assemblymember Frank Bigelow<br>Assembly District 5<br>730 North I Street, Suite #102<br>Madera, CA 93637<br>Tel: (559) 673-0501<br>assemblymember.bigelow@assembly.ca.gov |
| State Senator Jim Nielsen<br>Senate District 4<br>2635 Forest Ave, Suite 110<br>Chico, CA 95928<br>Tel: (530) 879-7437<br>senator.nielsen@senate.ca.gov | State Senator Andreas Borgeas<br>Senate District 8<br>567 W. Shaw Avenue, Suite A-3<br>Fresno, CA 93704<br>Tel: (559) 243-8580<br>senator.borgeas@senate.ca.gov |
| • **Congressional Representative** | • **Congressional Representative** |
| Congressman Doug LaMalfa<br>District 1<br>2885 Churn Creek Road Suite C<br>Redding, CA 96002<br>Tel: (530) 223-5898<br>https://lamalfa.house.gov/contact | Congressman Tom McClintock<br>District 4<br>2200A Douglas Blvd, Suite 240<br>Roseville, CA 95661<br>Tel: (916) 786-5560<br>https://mcclintock.house.gov/contact/email-me |
| **Lake County** | **Mendocino County** |
| • **State Representatives** | • **State Representatives** |
| Assemblymember Cecilia Aguiar-Curry<br>Assembly District 4<br>2721 Napa Valley Corporate Drive<br>Napa, CA 94558<br>Tel: (707) 224-0440<br>assemblymember.aguiar-curry@assembly.ca.gov | Assemblymember Jim Wood<br>Assembly District 2<br>50 "D" Street, Suite 450<br>Santa Rosa, CA 95404<br>Tel: (707) 576-2526<br>assemblymember.wood@assembly.ca.gov |
| State Senator Mike McGuire<br>Senate District 2<br>200 South School Street, Suite K<br>Ukiah, CA 95482 | State Senator Mike McGuire<br>Senate District 2<br>200 South School Street, Suite K<br>Ukiah, CA 95482 |

**Exhibit E**

| | |
|---|---|
| senator.mcguire@senate.ca.gov<br><br>• **Congressional Representative**<br><br>Congressman Mike Thompson<br>District 5<br>2300 County Center Dr. Suite A100<br>Santa Rosa, CA 95403<br>Tel: (707) 542-7182<br>https://mikethompsonforms.house.gov/contact/ | senator.mcguire@senate.ca.gov<br><br>• **Congressional Representative**<br><br>Congressman Jared Huffman<br>District 2<br>317 Third Street, Suite 1<br>Eureka CA 95501<br>Tel: (202) 225-5161<br>https://huffman.house.gov/contact/email-me |
| **Napa**<br><br>• **State Representatives**<br><br>Assemblymember Cecilia Aguiar-Curry<br>Assembly District 4<br>2721 Napa Valley Corporate Drive<br>Napa, CA 94558<br>Tel: (707) 224-0440<br>assemblymember.aguiar-curry@assembly.ca.gov<br><br>State Senator Bill Dodd<br>Senate District 3<br>2721 Napa Valley Corporate Dr.,<br>Napa, CA 94558<br>Tel: (707) 224-1990<br>senator.dodd@senate.ca.gov<br><br><br>• **Congressional Representative**<br><br>Congressman Mike Thompson<br>District 5<br>2721 Napa Valley Corporate Drive<br>Napa, CA 94558<br>Tel: (707) 226-9898<br>https://mikethompsonforms.house.gov/contact/ | **Nevada County**<br><br>• **State Representatives**<br><br>Assemblymember Megan Dahle<br>Assembly District 1<br>365 Providence Mine Road, Suite F<br>Nevada City, CA 95959<br>Tel: (530) 265-0701<br>assemblymember.dahle@assembly.ca.gov<br><br>State Senator Brian Dahle<br>Senate District 1<br>11310 McCourtney Rd, Unit E/E3<br>Grass valley, CA 95949<br>Tel: (530) 271-1022<br>senator.dahle@senate.ca.gov<br><br><br>• **Congressional Representative**<br><br>Congressman Doug Lamalfa<br>District 1<br>2399 Rickenbacker Way<br>Auburn, CA 95602<br>Tel: (530) 878-5035<br>https://lamalfa.house.gov/contact |
| **Solano County**<br><br>• **State Representatives** | **Sonoma County**<br><br>• **State Representatives** |

**Exhibit E**

| | |
|---|---|
| Assemblymember Cecilia Aguiar-Curry<br>Assembly District 4<br>2721 Napa Valley Corporate Drive<br>Napa, CA 94558<br>Tel: (707) 224-0440<br>assemblymember.aguiar-curry@assembly.ca.gov<br><br>State Senator Bill Dodd<br>Senate District 3<br>2721 Napa Valley Corporate Dr.,<br>Napa, CA 94558<br>Tel: (707) 224-1990<br>senator.dodd@senate.ca.gov<br><br>   • **Congressional Representative**<br><br>Congressman Mike Thompson<br>District 5<br>2300 County Center Dr. Suite A100<br>Santa Rosa, CA 95403<br>Tel: (707) 542-7182<br>https://mikethompsonforms.house.gov/contact/ | Assemblymember Jim Wood<br>Assembly District 2<br>50 "D" Street, Suite 450<br>Santa Rosa, CA 95404<br>Tel: (707) 576-2526<br>assemblymember.wood@assembly.ca.gov<br><br>State Senator Mike McGuire<br>Senate District 2<br>1021 O Street, Suite 8620<br>Sacramento, CA 95814<br>Tel: (916) 651-4002<br>senator.mcguire@senate.ca.gov<br><br>State Senator Bill Dodd<br>Senate District 3<br>2721 Napa Valley Corporate Dr.,<br>Napa, CA 94558<br>Tel: (707) 224-1990<br>senator.dodd@senate.ca.gov<br><br>   • **Congressional Representative**<br><br>Congressman Mike Thompson<br>District 5<br>2300 County Center Dr. Suite A100<br>Santa Rosa, CA 95403<br>Tel: (707) 542-7182<br>https://mikethompsonforms.house.gov/contact/ |
| **Sutter County**<br><br>   • **State Representatives**<br><br>Assemblymember James Gallagher<br>Assembly District 3<br>Yuba City District Office<br>1130 Civic Center Blvd., Suite F<br>Yuba City, CA 95993<br>Tel: (530) 671-0303<br>assemblymember.gallagher@assembly.ca.gov<br><br><br>State Senator Jim Nielsen | **Yolo County**<br><br>   • **State Representatives**<br><br>Assemblymember Cecilia Aguiar-Curry<br>Assembly District 4<br>2721 Napa Valley Corporate Drive<br>Napa, CA 94558<br>Tel: (707) 224-0440<br>assemblymember.aguiar-curry@assembly.ca.gov<br><br>State Senator Bill Dodd<br>Senate District 3 |

# Exhibit E

| | |
|---|---|
| Senate District 4<br>409 Center St., Suite C<br>Yuba City, CA 95991<br>Tel: (530) 751-8657<br>https://nielsen.cssrc.us/content/email-me<br><br>- **Congressional Representative**<br><br>Congressman John Garamendi<br>District 3<br>2060 Talbert Drive Suite 110<br>Chico, CA 95928<br>Tel: 530-895-4217<br>https://garamendi.house.gov/contact/email | 2721 Napa Valley Corporate Dr.,<br>Napa, CA 94558<br>Tel: (707) 224-1990<br>senator.dodd@senate.ca.gov<br><br>- **Congressional Representative**<br><br>Congresswoman Doris Matsui<br>District 6<br>501 I Street, Suite 12-600<br>Sacramento, CA 95814<br>Tel: (916) 498-5600<br><br>Congressman John Garamendi<br>District 3<br>2060 Talbert Drive Suite 110<br>Chico, CA 95928<br>Tel: 530-895-4217<br>https://garamendi.house.gov/contact/email |

Exhibit F

**From:** Eric Ratinoff <tsmith@ericratinoff.com>
**Date:** September 21, 2022 at 2:25:30 PM PDT
**Subject: PG&E Litigation Update: Assembly Bill 1249**
**Reply-To:** reply-ericratinoff.activehosted.268.1586.169@s4.csa2.acemsa2.com



Dear,

We hope this email finds you in good health and enjoying the beginning of the Fall season.

The purpose of this update is to provide our clients with an important update on a pending piece of legislation. After many long months of negotiation, and significant work by the law firms that are representing your interest in connection with your Wildfire claim, we are pleased to announce that California Assembly Bill 1249 has been approved by both the California House and Senate and the bill has been sent to the Governor for signature. Governor Newsome has indicated that he supports the proposed legislation.

Case: 19-30088   Doc# 13002   Filed: 09/26/22   Entered: 09/26/22 11:50:33   Page 14
of 18

Exhibit F

Our firms do not provide tax advice. We highly recommend that you consult with your tax professional, CPA or financial advisor about the effect of this proposed legislation. Set forth below are various verbatim provisions of AB 1249:

"The Personal Income Tax Law and the Corporation Tax Law, in conformity with federal income tax law, generally defines "gross income" as income from whatever source derived, except as specifically excluded, and provides various exclusions from gross income. Until January 1, 2028, this bill would provide an exclusion from gross income for any qualified taxpayer, as defined, for amounts received for costs and losses associated with one or more specified fires from a settlement, as provided. This bill would authorize the refund of overpayments of tax as a result of the above-described exclusion, in prior tax years, payable out of the Tax Relief and Refund Account. By authorizing new payments from a continuously appropriated fund, this bill would make an appropriation.

The Legislature finds and declares all of the following:

(a) On September 9, 2015, a tree caught fire in the County of Amador, causing at least two deaths and extensive property damage in the Counties of Amador and Calaveras. This fire came to be known as the 2015 Butte Fire.

(b) In early October of 2017, multiple fires ignited throughout the Counties of Napa, Sonoma, Lake, Butte, Mendocino, and Solano, causing at least 44 deaths and more than $14 billion dollars in property damage. These fires came to be known as the 37 Fire, Adobe Fire, Atlas Fire, Blue Fire, Cascade Fire, Cherokee Fire, Honey Fire, LaPorte Fire, Lobo Fire, Maacama/Youngs Fire, McCourtney Fire, Norrbom Fire, Nuns Fire, Partrick Fire, Pocket Fire, Point Fire, Pressley Fire, Pythian/Oakmont Fire, Redwood/Potter Valley Fire, Sullivan Fire, Sulphur Fire, and the Tubbs Fire, or collectively as the 2017 North Bay Fires.

(c) On November 8, 2018, an electrical transmission line operated

Exhibit F

by Pacific Gas and Electric Company (PG&E) ignited a fire in the County of Butte, causing at least 85 deaths, and causing property damage estimated at over $16 billion dollars. This fire came to be known as the 2018 Camp Fire.

(d) On January 29, 2019, owing in large part to liability for damages caused by the fires in 2015, 2017, and 2018, PG&E Corporation and Pacific Gas and Electric Company jointly filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of California pursuant to Chapter 11 (commencing with Section 1101) of Title 11 of the United States Code. The plan of reorganization pursuant to that filing was approved by the court on June 20, 2020, and became effective on July 1, 2020. As part of that plan, the Fire Victim Trust was formed.

Section 17138.5.
(a) Gross income does not include any qualified amount received by a qualified taxpayer.

(b) For purposes of this section:

(1) "Qualified amount" means any amount received in settlement by a qualified taxpayer from the Fire Victims Trust, established pursuant to the order of the United States Bankruptcy Court for the Northern District of California dated June 20, 2020, case number 19-30088, docket number 8053.

(2) "Qualified taxpayer" means any of the following:

(A) (i) Any taxpayer that owned real property located in the County of Amador or Calaveras during the 2015 Butte Fire who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to the 2015 Butte Fire.
(ii) Any taxpayer that resided within the County of Amador or Calaveras during the 2015 Butte Fire who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to the 2015 Butte Fire.

(B) (i) Any taxpayer that owned real property located in the County

Exhibit F

of Napa, Sonoma, Lake, Butte, Mendocino, or Solano during the 2017 North Bay Fires who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to one or more of the 2017 North Bay Fires.
(ii) Any taxpayer that resided within the County of Napa, Sonoma, Lake, Butte, Mendocino, or Solano during the 2017 North Bay Fires who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to one or more of the 2017 North Bay Fires.

(C) (i) Any taxpayer that owned real property located in the County of Butte during the 2018 Camp Fire who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to the 2018 Camp Fire.
(ii) Any taxpayer that resided within the County of Butte during the 2018 Camp Fire who incurred and paid expenses and received amounts from a settlement arising out of or pursuant to the 2018 Camp Fire."

We encourage you to consult with your financial and tax professional regarding the significance and implications of this proposed legislation. In the interim, we would recommend that you contact Governor Newsome's office and ask that he support the proposed relief for fire victims, and sign AB 1249 into law.

Sincerely,

**Wildfire Trial Lawyers**
Robert W. Jackson, Esq
Jackson Trial Lawyers 205 West Alvarado Street
Fallbrook, California 92028
(760) 723-1295  (Inland Office)
(760) 723-9561  (Fax)

Eric Ratinoff Law Corp
401 Watt Avenue
Sacramento, CA 95864
(916) 970-9100
www.EricRatinoff.com

Exhibit F

John N. Demas, Esq.
Demas Law Group, P.C.
701 Howe Avenue | Suite A-1
Sacramento, CA 95825
T  (916) 444-0100 | F  (916) 444-8250