**Entered on Docket**
**September 27, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: September 27, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING MOTION FOR RECONSIDERATION**

    On September 1, 2022, Mr. William B. Abrams filed a *Motion for Reconsideration and Related Relief from the Order Granting Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved and Pursuant to Federal*

-1-

*Rule of Civil Procedure 59(e)* (the "Motion for Reconsideration") (Dkt. 12916) and supporting declaration (Dkt. 12917). The Motion for Reconsideration contains five arguments: (1) the FVT's redactions go beyond what is necessary to protect the interests of the Trust or to prevent aiding potential defendants; (2) the timing of the Second Amended BMC Retention Agreement may have been designed to evade disclosure of details following the court's *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust* (Dkt. 12682); (3) the lack of reasoning behind redacting the name of the FVT's Authorized Agent; (4) the lack of any argument on the merits regarding the *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of the Fire Victim Trust* ("Discovery Motion") (Dkt. 12440); and (5) the RFP process detailed by the FVT was most likely insufficient and more discovery regarding the process is necessary.

On September 6, 2022, the court entered an *Order on Motion for Reconsideration* (the "Order") (Dkt. 12929) directing trustee of the FVT, Cathy Yanni, to file a response to the Motion for Reconsideration no later than September 16, 2022, after which the court would take the matter under submission. The Order specified that the trustee should address why she considers it necessary to redact the name and other identifying information about the FVT's Authorized Agent in any of the retention agreements submitted in connection with this matter, as well as

-2-

Case: 19-30088    Doc# 13008    Filed: 09/27/22    Entered: 09/27/22 17:25:02    Page 2 of 6

file any retention and compensation agreements associated with the Authorized Agent.

On September 16, 2022 the trustee filed a document titled *Fire Victim Trustee's Disclosures Directed by September 6, 2022 Order on Motion for Reconsideration* (the "Response") (Dkt. 12972). The Response reveals the name of the Authorized Agent, Patrick Kelly, and attaches the engagement letter between the FVT and Mr. Kelly. The engagement letter redacts Mr. Kelly's address as allowed by the court's *Order Granting Ex Parte Motion of the Fire Victim Trustee to Redact Personal Address from Engagement Letter to be Filed with the Court* (Dkt. 12980).

Unfortunately and inexplicably, the Response fails to address any other part of the Motion for Reconsideration as directed. This failure has left the court to evaluate the Motion for Reconsideration and address each of Mr. Abrams' concerns without response from the FVT addressing specific and reasoned questions as to the FVT's integrity and function.

First, the court reiterates that it has reviewed all redacted information. The redacted portions of discovery promulgated by the FVT are specifically redacted to protect the interests of the FVT and would likely aid potential defendants if disclosed. Those redactions shall be made public at the imminent close of litigation undertaken on behalf of the FVT. The court remains satisfied that these temporary redactions are necessary for the benefit of the FVT, and the victim beneficiaries of the FVT. It will not second-guess the trustee's judgment on this issue.

Case: 19-30088    Doc# 13008    Filed: 09/27/22    Entered: 09/27/22 17:25:02    Page 3 of 6

Second, upon further review of the redacted confidences submitted by the FVT, the court finds no intimation that any adjustment to agreements between representatives of the FVT and the FVT came about to avoid disclosing information as ordered by the court. Any suggestion by Mr. Abrams that adjustments to agreements came about for either of those reasons is conjecture and not supported by the confidential information reviewed by the court or anything else in the record. Again, the court will not engage in second-guessing the trustee's judgment on this matter.

Third, the FVT's Response discloses the name of the Authorized Agent and redacts only personal information unrelated to the Authorized Agent's duties. Any argument regarding the nondisclosure of Mr. Kelly's identity is now moot.

Fourth, the court acknowledges that at the June 7, 2022 hearing on the Discovery Motion, no arguments on the merits of the Discovery Motion were heard. This does not signify a lack of due process. Motions filed pursuant to Federal Rule of Bankruptcy 2004 are generally administrative in nature, and are merely the start, not the end, of a form of discovery in bankruptcy courts. No merits arguments were necessary under the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, or in the opinion of the court.

Finally, while Mr. Abrams may not feel the FVT's description of the RFP process is satisfactory, there is no redacted material propounded by the FVT that would shed any more light on this process. Any dissatisfaction with the RFP process must be addressed in a manner outside of the Motion for

-4-

Reconsideration, if it may, or even could, be addressed by this court at all, a doubtful proposition.

The court is satisfied that there is no basis for reconsideration of its previous decision to allow certain redactions of information provided by the FVT. Accordingly, the Motion for Reconsideration is DENIED.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA 95409

William B. Abrams
2041 Stagecoach Rd.
Santa Rosa, CA 95404