**Signed and Filed: September 28, 2022**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**REVISED ORDER CONSOLIDATING MOTIONS TO FILE LATE CLAIMS**

On September 23, 2022, counsel for the Fire Victim Trust ("FVT") sent an email to the court's staff seeking clarification on whether the court expected the FVT to provide orders allowing late claims to be filed when the FVT does not object. There was no indication that counsel for the FVT copied any counsel for late claim movants. As such, the court regards the email

-1-

correspondence as an ex parte communication that normally would be disregarded without a response.

Under the circumstances, the court appreciates that the FVT and its counsel may have been unclear as to what the court expects for matters such as this in the future.  Accordingly, this order is intended to provide that clarification.

Under the *Order Consolidating Motions to File Late Claims* (Dkt. 12875) and *Order Re Supplemental Exhibit to Order Consolidating Motions to File Late Claims* (Dkt. 12923) (together, "Consolidation Orders"), when numerous motions to file late claims are filed either by counsel or *pro se* parties and the FVT does not oppose such motions, the court wishes to dispose of them efficiently and without unnecessary duplication or delay.  Thus, a consolidated response via a proposed order from the FVT is appropriate.

Counsel for the FVT is in the best position to gather in one exhibit the necessary information to identify the claimant(s), the docket number of the motion, the claim number and filing date of the claim on the claims docket, and the identification of either the counsel for the movant or the unrepresented movant.  Further, asking counsel for the FVT to do this in one document eliminates the need to dispose of multiple motions filed by multiple parties.

Accordingly, the following revised procedures will apply for the Consolidation Orders:

1.   When multiple unopposed similar motions are to be disposed of, the court will expect counsel for the FVT to submit one or more orders disposing of them collectively.  The order

Case: 19-30088    Doc# 13010    Filed: 09/28/22    Entered: 09/28/22 10:03:25    Page 2 of 4

may deem the affected proofs of claim as "timely", but still subject to the Claims Resolution Procedures. The court will no longer require counsel for the FVT to file a separate statement of non-opposition. Such order(s) should be uploaded monthly, promptly after the end of each month (beginning November, 2022) and should cover all such unopposed motions filed by movants who are represented by counsel and unrepresented movants, filed during or prior to the month just ended.

    2.   After September 30, 2022, motions filed by movants who are represented by counsel should still state that the FVT must file an opposition to any specific motion within fourteen (14) days of the filing of the motion. This deadline will also apply to motions filed by *pro se* parties.

    3.   If the FVT objects to any such motion(s), it needs to file its objection as required by the Consolidation Orders, including a brief statement of the nature of the objection. The objection(s) should be filed and served on the movant or counsel, and should include a notice that the objection(s) will be heard on the next regular PG&E all-purpose calendar date that is at least fifteen (15) days from the date of the objection. Available dates in 2022 are: November 2, 15, 30, December 13, 20 and later dates are posted on the court's website. The hearings will be governed by B.L.R. 9014-1(b)(3)(C).

    Some parties have filed new proofs of claim but have not yet made motions to allow such claims. If no such motions are filed, then the FVT will have to file appropriate objections to the claims to overcome the presumption of allowability.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

ECF Recipients