Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for Fire Victim Claimants, including Michele and Dennis Angelica; Julie A. Carrico on behalf of A. C., a minor; Leslie Foss; Jordan Bairos; Kalie Garner, J.W. 1, a minor, and J. W. 2, a minor.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric<br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)*<br>_____ | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY MICHELE AND DENNIS ANGELICA; JULIE A. CARRICO ON BEHALF OF A. C., A MINOR; LESLIE FOSS; JORDAN BAIROS; KALIE GARNER ON BEHALF OF J. W. 1, A MINOR, AND J. W. 2, A MINOR;MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF BONNIE E. KANE**<br><br>**Objection Deadline for the Fire Victim Trust: October 13, 2022**<br><br>**Hearing:** Only if requested<br>**Location:** Via Zoom or Telephone |

  The Kane Law Firm respectfully files this consolidated motion to allow the late filing of a proof of claim and deem the proof of claim as having been timely filed for the moving party herein, Michele and Dennis Angelica; Julie A. Carrico on behalf of A. C., a minor; Leslie Foss; Jordan Bairos; and Kalie Garner on behalf of J. W .1, a minor, and J. W. 2, a minor (hereinafter

"the Movants").

Movants bring this motion pursuant to the Court's Order Consolidating Motions to File Late Claims of August 24, 2022, (Dkt. No. 12875). Order re Supplemental Exhibit to Order Consolidating Motions to File Late Claims (Dkt. No. 12923) and Revised Order Consolidating Motions to File Late Claims of September 28, 2022 (Dkt. 13010). Pursuant to the orders, Movants advise:

> ***"The Fire Victims Trust must filed an opposition to any specific claimants or a statement of non-opposition within fourteen (14) days of the filing of this motion(s), in accordance with the procedures in this Order***" (applying to motions filed prior to October 1, 2022.)

## I.

## SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor,

2. The length of delay and its potential impact on judicial proceedings,

3. The reason for the delay, including whether it was within the reasonable control of the movant, and

4. Whether the movant acted in good faith. *Pioneer Investment Services*, *supra* at 395.

As set forth below and in the accompanying Declaration of Bonnie E. Kane and its Exhibit, the movants meet all these factors. Indeed, if this motion is ***not*** granted it is the movants who will suffer substantial prejudice.

## II.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019("the "extended bar date."). *See* Dkt. 4872.

## III.

## LEGAL ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust has only completed determinations (not

reconsiderations or appeals) on approximately a little over 80% of all claims. Allowing the late claim will not delay the proceedings. Moreover, the movants' claims will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There and tens of thousands of similarly situated claimants as these movants, whose claims will be placed among them, resulting in no noticeable impact upon the distribution process.

Additionally, as set forth in the Exhibit to the Declaration of Bonnie E. Kane, the reasons for the delay in filing a claim constitutes excusable neglect. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1006 (9th Cir. 2006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, the movants herein acted in good faith. The failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. (See e.g., *Venice Baking Co. v. Sophast Sales &Mkg. LLC* 2016 U.S. Dist LEXIS 141533 where relief was denied because counsel purposefully chose not to oppose a motion as a litigation tactic). Here the delay was inadvertent and the movants' lack of understanding of the claims process after a trust fund had already been established to satisfy the claim.

And, finally, the likelihood of injustice is great if this claim is not permitted. The movants are Camp Fire victims whose primary avenue for compensation is through this bankruptcy.

/ / / / / / / /
/ / / / / / /
/ / / / / /
/ / / / /
/ / / /
/ / /
/ /
/
/
/

## V.
## **CONCLUSION**

For the reasons set forth above, Movant respectfully requests that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that the Movant be allowed to file a Proof of Claim and deem it as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

Dated: September 29, 2022.　　　　Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/\_Bonnie E. Kane_____
BONNIE E. KANE
Attorneys for The Movants

## DECLARATION OF BONNIE E. KANE

1. I am an attorney licensed to practice law in the State of California and have been admitted to practice law before this Court. I am also an attorney for the Movants herein. If called in the above matter, I could testify competently thereto.

2. The facts set forth in the Exhibit are based on my own personal knowledge of the files and through information obtained by my staff.

3. The facts set forth in the Exhibit are specific to the Movant(s) referenced.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2022 at San Diego, California.

                                        /s/ Bonnie E. Kane
                                        BONNIE E. KANE

**EXHIBIT 1**

1. **Michele and Dennis Angelica**. On the day of the Camp Fire the Angelicas were living at 6304 Columbine Rd., Magalia, California 95954. They owned the home. Due to evacuation orders and the fast-approaching fire, they evacuated immediately. They were fearful of losing everything. They were unable to return to our home for three to four weeks. They felt that they were not eligible to file a claim against PG&E because they did not lose a home in the fire. Once they learned that they could filed a claim, they contacted counsel immediately. A late claim has been filed on their behalf. It is Claim No. 108351.

2. **Julie A Carrico on behalf of A. C., a minor.** On the day of the Camp Fire Julie Carrico was living at 811 Natures Way, Paradise, California 95969 with her husband Xan Carrico and her daughter A. C. A. C. was 9 years old at the time, born April 23, 2009. On the morning of the fire A. C. was at Cedarwood Elementary School and she had witnessed cars burning on the side of the road while riding the bus to school. She evacuated with her parents. Julie Carrico did not know that it was permissible to file a claim on behalf of her minor daughter. Once Ms. Carrico found out that she could file a late claim, she immediately contacted couonsel. A claim has now been filed on behalf of A. C. Late Claim Number 108192.

3. **Leslie Foss.** On the day of the Camp Fire Leslie Foss and her husband Lawrence Foss were away from Paradise. They rented a residence at 5836 McClain Lane, Paradise, California 95969. The fire burned their home and all their personal possessions. The Fosses never moved back to Paradise. The fire destroyed her personal property that was at the residence. That personal property included nearly everything they owned, including a car, household furnishings, kitchenware, appliances, linens, clothing, computer equipment, office supplies, camping equipment and sports equipment. She lost irreplaceable photo albums and $8,000 in cash that she had inherited from her mother. At the time of the fire, Leslie Foss was suffering from ovarian cancer. She felt that she was going to die, and the fire exacerbated her despair. In 2020, she had seven chemo sessions, surgery, followed by six additional chemo treatments. She felt, given her condition, not only was it was futile to file a claim, but she was not well enough to pursue such an

action. The Fosses are now divorced.After Leslie Foss contacted us, we filed a late claim on her behalf. It is Claim Number 108408.

4. **Jordan Bairos.** On the day of the Camp Fire Jordan Bairos was living in Chico, California. His parents lived in Paradise at 1921 Merrill Road, Paradise, California 95969. Once he heard about the fire, he got in his vehicle and immediately headed to Paradise to help his parents evacuate. He was not allowed to enter and was turned back shortly before he could reach his parents' home. He feared for his parents' lives. He later learned that his parents had escaped and were safe. Mr. Bairos had stored personal property at his parents' home. His parents' home burned to the ground, and he lost his personal property, including his clothing, sleeping bag, tennis racquets, school photos and projects and yearbooks. Mr. Barios did not believe that he was eligible to file a claim against PG&E because he did not lose his home in the fire. Once he found out that he could request the Bankruptcy Court to allow him to file a late claim for all his property loss and emotional distress damages, he contacted counsel immediately and asked them to file a motion for late claim on his behalf. A late claim as been filed. It is Claim Number 108635.

5. **Kalie Garner on behalf herself and on behalf of J. W. 1, a minor, and J. W. 2, a minor.** Ms. Garner and her children were living with her mother and stepfather at 8615 Skyway Road, Paradise, California 95959. She had requested that her mother, Michelle Couch, and her stepfather, Tommie Couch, include her and her two children in the claims the Crouch's filed in the bankruptcy. She was shocked to find out that she and her children were not included in the claims, and she only learned this fact after the deadline for filing. She also believed she could not file a separate claim if she did not have a written rental agreement. When she was advised that she might have a chance to file a late claim, she contacted counsel. Ms. Garner and her children had to evacuate from the Camp Fire. They had spent the night at another location which was also evacuated. Ms. Garner and her children lost everything they owned. A late claim has been filed on her and her children's behalf. It is Claim Number 108514.