**Exhibit D**

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and among (1) Plaintiff Cathy Yanni ("Plaintiff"), solely in her capacity as the Trustee of, and acting on behalf of, the PG&E Fire Victim Trust (the "FVT"), assignee of certain claims from non-parties PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E" or "Debtors"); (2) Defendants Lewis Chew, Fred J. Fowler, Maryellen C. Herringer, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Eric D. Mullins, Rosendo G. Parra, Barbara L. Rambo, Anne Shen Smith, and Barry Lawson Williams (collectively, the "Director Defendants"); (3) Defendants Kevin Dasso, Anthony F. Earley, Jr., Patrick M. Hogan, Christopher P. Johns, Julie M. Kane, Gregg L. Lemler, Steve E. Malnight, Dinyar B. Mistry, Jason P. Wells, and Geisha J. Williams (collectively, the "Officer Defendants" and together with the Director Defendants, the "Defendants"); and (4) PG&E. Plaintiff, Director Defendants, Officer Defendants, and PG&E are referred to herein collectively as the "Parties" and individually as a "Party."

## Recitals

A. On January 29, 2019, PG&E filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Proceeding"), Hon. Dennis Montali presiding (the "Bankruptcy Court").

B. On June 20, 2020, the Bankruptcy Court entered the Confirmation Order confirming PG&E's Plan of Reorganization (the "Plan"), and the Plan became effective on July 1, 2020.

C. The FVT was established by the Plan to, among other purposes, administer, process, settle, resolve, satisfy, and pay certain claims arising out of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire, and prosecute or settle the Assigned Rights and Causes of Action (as defined in Section 1.8 of the Plan).

D. As part of the Assigned Rights and Causes of Action, the Plan provided for PG&E's assignment to the FVT of "any and all rights, claims, causes of action, and defenses related thereto relating directly or indirectly to any of the Fires that the Debtors may have against . . . former directors and officers of the Debtors solely to the extent of any directors and officers' Side B Insurance Coverage."

E. On February 24, 2021, Plaintiff Justice John Trotter (Ret.) filed a first amended complaint against the Officer Defendants and Director Defendants in the Superior Court of California, San Francisco County, captioned *Trotter v. Williams, et al.* (Lead Case No. CGC-17-562591) (the "Action"), for breaches of fiduciary duty, with one count relating to the 2017 North Bay Fires and one count relating to the 2018 Camp Fire.

F. The Parties have agreed to fully and finally settle and compromise all disputes that exist or may exist between them related to the Action and thereby dispose of all claims that have been or could have been raised on the terms and conditions set forth herein.

G.  PG&E and Defendants have executed an agreement with certain of their D&O Insurance Carriers (defined below) providing, upon Bankruptcy Court approval, for those D&O Insurance Carriers to pay amounts on behalf of the Defendants that are sufficient to fund the Settlement Amount (defined below).  In PG&E's motion to the Bankruptcy Court seeking approval of PG&E's agreements with certain of its D&O Insurance Carriers, PG&E will inform the Bankruptcy Court that, subject to the terms of this Agreement, $117 million of the money received from the D&O Insurance Carriers will be used to fund the Settlement Amount.

**Agreement**

In consideration of the mutual promises, covenants, and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to the terms and conditions set forth below, the Parties desire to, and hereby do, resolve their differences related to the Action and agree as follows:

**1.  Settlement Amount**.

a.  In consideration of the agreements and obligations contained in this Agreement, including the complete settlement of all disputes that exist or may exist between the Parties related to the Action, and the complete release of the dispute and claims as set forth in Paragraph 4 below, the Defendants and PG&E will cause to be paid the total lump sum of $117,000,000 in cash (the "Settlement Amount") to the Trust Account (defined below) within thirty (30) days of the Effective Date (defined below), with the Settlement Amount and any earnings thereon to be paid to the FVT subject to the terms herein.

b.  The Parties agree that the payment will be made solely from proceeds from Side B Insurance Coverage, as defined in the Plan, and that the Director Defendants, the Officer Defendants, and PG&E shall not under any circumstance be obligated to pay or have liability for the Settlement Amount.

c.  "Trust Account" means the separate interest-bearing account at a national banking institution to be identified by the FVT, established by the FVT to hold the Settlement Amount in trust, and subject to the jurisdiction of the Bankruptcy Court, until the Settlement Amount is released in accordance with the terms of this Agreement.

d.  The Settlement Amount shall remain in the Trust Account and shall be held in trust, and cannot be disbursed, comingled with other funds, distributed, or otherwise altered by or at the direction of any Party, until either of the following occurs:

i.  In the event that the Bankruptcy Court's order approving the settlements by and between PG&E and certain of its D&O Insurance Carriers, as defined below (the "Insurance Order") becomes a Final Order (as defined in Paragraph 4.a) (the "Insurance Final Order"), the FVT shall have authority to disburse the Settlement Amount and all earnings thereon from the Trust Account to the FVT.

ii.  In the event that the Insurance Order is reversed on appeal and that reversal order becomes a Final Order, the FVT shall cause the Settlement Amount, and all

earnings thereon, to be returned from the Trust Account to the D&O Insurance Carriers, within thirty (30) days from the date the reversal order becomes a Final Order.

    **2.**    **Effective Date**. The Effective Date of this Agreement shall be the date on which all of the following conditions have been satisfied:

        a.    Full execution of this Agreement by the Parties.

        b.    The Bankruptcy Court has issued the Insurance Order.

        c.    Dismissal of *Hagberg v. Chew* (Case No. CGC-19-573190) (Superior Court of California, San Francisco) (the "Derivative Action").

        d.    An order from the Bankruptcy Court approving the proposed class settlement of all securities claims that could have been asserted or have been asserted against the Debtors or any of the named defendants in the action entitled, *In re PG&E Corporation Securities Litigation* (Case No. 3:18-cv-03509-EJD) (N.D. Cal.) (the "Securities Action"), including all securities claims asserted against PG&E in the Bankruptcy Proceeding; provided, however, that in the event that PG&E and the defendants in the Securities Action fail to (i) execute a written stipulation for the proposed class action settlement (the "Securities Settlement Agreement") within forty-five (45) days of the execution of this Agreement, or (ii) file a motion within twenty-one (21) days of the execution of the Securities Settlement Agreement to obtain Bankruptcy Court approval of the Securities Settlement Agreement, this condition (d) shall cease to be a condition.

    **3.**    **Bankruptcy Court Approvals**.

        a.    The Parties will use their reasonable best efforts to obtain entry of any court orders necessary to satisfy the conditions to the Effective Date above. Any motion(s) to obtain any necessary court orders pursuant to this Agreement shall be filed within twenty-one (21) days of the execution of the Securities Settlement Agreement, or sixty-six (66) days of the execution of the Agreement in this Action, whichever is earlier.

        b.    PG&E agrees to use reasonable best efforts to obtain a Bankruptcy Court order approving the Securities Settlement Agreement within sixty (60) days of the filing of the Securities Settlement Agreement approval motion.

    **4.**    **Releases By The FVT**.

        a.    Defined Terms[1]

            i.    The term "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, trustee, beneficiary, unincorporated association, government or any political

---

[1] Defined terms in this and all other Paragraphs shall have the same meaning throughout the Agreement regardless of where they are defined.

subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

  ii. The term "FVT Released Claims" means any and all claims, including both known claims and Unknown Claims (defined below), held at any point from the beginning of time to the Effective Date of the Agreement, arising out of, relating to, or in connection with (i) the rights, claims, and causes of action that PG&E assigned to the FVT under the Plan which have been or could have been asserted by any FVT's Releasing Person (defined below) against any FVT Released Person (defined below), including but not limited to the facts, transactions, acts, occurrences, statements, representations, and/or omissions that were or could have been asserted in the Action; and/or (ii) any claims related to the pursuit and/or defense of the Action, including but not limited to claims for malicious prosecution, litigation sanctions, breach or violation of the Plan, or breach of PG&E's assignment of claims or the implied covenant of good faith and fair dealing in connection therewith. Notwithstanding anything herein to the contrary, the FVT Released Claims shall not include: (i) securities claims asserted in the Securities Action and/or held by beneficiaries of the FVT that are based on the purchase or acquisition of PG&E securities from April 29, 2015 through November 15, 2018, both dates inclusive; and (ii) any and all rights, claims, causes of action, and/or defenses that were assigned to the FVT against vendors, suppliers, third party contractors and consultants, and their insurers, pursuant to Sections 1.8 and 6.8(f) of the Plan and Section 18(g) of the Confirmation Order.

  iii. The term "FVT Released Persons" means each and all of: (i) the Director Defendants and their Related Persons; (ii) the Officer Defendants and their Related Persons; (iii) PG&E and its Related Persons; and (iv) the D&O Insurance Carriers (defined below) and their Related Persons.

  iv. The term "FVT's Releasing Persons" means the FVT, Plaintiff, and each and all of their Related Persons.

  v. The term "Related Persons" means each of a Person's beneficiaries, immediate family members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, and advisors acting on behalf of that Person.

  vi. The term "D&O Insurance Carriers" means Associated Electric & Gas Insurance Services Limited, Swiss Re Corporate Solutions America Insurance Corporation, f/k/a North American Specialty Insurance Company, Energy Insurance Services, Inc., Great Lakes Insurance SE, Endurance Risk Solutions Assurance Co., Berkley Insurance Company, Allianz Global Risks US Insurance Company, Starr Indemnity & Liability Company, U.S. Specialty Insurance Company, Houston Casualty Company, Lloyd's Syndicate Barbican D&O US Consortium 2018 9679 BAR 1955,

Lloyd's Syndicate 033HIS, Lloyd's Syndicate 1221NAV, Lloyd's Syndicate 1919CVS, Lloyd's Syndicate 1967WRB, Continental Casualty Company, Twin City Fire Insurance Company, Argonaut Insurance Company, American International Reinsurance Company, Ltd., Liberty Insurance Underwriters, Inc., Energy Insurance Mutual Limited, and ACE American Insurance Company.

    vii. The term "Unknown Claims" means any and all claims assigned by PG&E to the FVT which were alleged or could have been alleged against the Defendants in the Action by the FVT and any and all claims that could have been alleged against PG&E related to the Action, including claims which the FVT's Releasing Persons do not know or suspect to exist in their favor at the time of the release of the FVT Released Persons, including claims which, if known by the FVT's Releasing Persons might have affected Plaintiff's decision to settle, to settle on the terms of the settlement, and to release the FVT Released Persons.

    viii. The term "Final Order" means an order when (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all respects and the prescribed time, if any, for commencing any further appeal has expired.

  b. <u>Release Of The Director Defendants, The Officer Defendants, PG&E, And The D&O Insurance Carriers</u>

    i. Effective upon the FVT's receipt of the Settlement Amount from the Trust Account, the FVT's Releasing Persons will, and hereby do, release the Director Defendants and their Related Persons, the Officer Defendants and their Related Persons, PG&E and its Related Persons, and the D&O Insurance Carriers and their Related Persons[2] from any and all FVT Released Claims, subject to Paragraph 4.a.ii of this Agreement. For the avoidance of doubt, and consistent with Paragraph 4.a.ii of this Agreement, nothing herein shall be construed to provide for the release, by the FVT's Releasing Persons, of such vendors, suppliers, third party contractors and consultants, and their insurers, against which the FVT has asserted or may assert any of the Assigned Rights and Causes of Action.

    ii. Notwithstanding anything herein to the contrary, nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms as set forth in this Agreement.

    iii. Notwithstanding anything herein to the contrary, nothing herein shall be deemed in any way to impair, enlarge, restrict, or otherwise alter the rights of PG&E or any Director Defendants or Officer Defendants or their successors or

---

[2] The release of the D&O Insurance Carriers and their Related Persons applies to the Side A-B-C D&O policies in effect from May 20, 2017-May 20, 2018 and from May 20, 2018-May 20, 2020, and not to any other PG&E insurance policies.

representatives arising under any indemnification right or contract or any policy or contract of insurance.

   c. <u>No Assignment Of Released Claims</u>

    i. The FVT represents and warrants that there has been, and will be, no assignment or other transfer of any interest in any claim which it may have against the FVT Released Persons. If, contrary to this representation and warranty, the FVT assigns or has assigned such rights to any other person or entity, the FVT shall defend, indemnify and hold harmless any other Party with respect to any claim or action brought by any assignee of any interest assigned contrary to this representation and warranty.

   d. <u>Claims for Contribution Or Indemnity</u>

    i. The Parties acknowledge that the FVT is the assignee of certain PG&E claims and that any claims assigned to the FVT may be subject to defenses or cross-claims which may be asserted against PG&E or the Defendants, specifically including, but not limited to comparative fault, indemnification, and/or contribution. The Parties agree that such claims, if proven, would reduce the amount of any award to the FVT by the amount of the judgment on a claim, if any, allocated to PG&E and/or the Defendants. For the avoidance of doubt, this provision does not relate to any claims made by third parties against PG&E for affirmative relief and/or damages that are unrelated to the Assigned Rights and Causes of Action.

**5.** **Release By Defendants And PG&E**.

 a. The term "Defendants' Releasing Persons" means the Defendants and each and all of their Related Persons.

 b. The term "PG&E's Releasing Persons" means PG&E and each and all of its Related Persons.

 c. Effective upon the FVT's receipt of the Settlement Amount from the Trust Account, the Defendants' Releasing Persons and PG&E's Releasing Persons will, and hereby do, release, discharge, and extinguish any and all claims related to the Action against the FVT and its Related Persons (the "D&O/PG&E Released Claims"). For the avoidance of doubt, nothing herein releases claims by PG&E and/or the Defendants against the D&O Insurance Carriers in their capacities as such.

**6.** **Release By Defendants Of PG&E**. Upon the FVT's receipt of the Settlement Amount from the Trust Account, the Defendants' Releasing Persons will, and hereby do, release, discharge, and extinguish any and all claims regarding the FVT Released Claims, other than the Defendants' claims for fees and expenses in connection with the Action, against PG&E and its Related Persons (the "D&O Released Claims"). For the avoidance of doubt, this release is not intended to and will not supersede any other indemnification rights or agreements, or limit any other present or future claims by Defendants for indemnification by PG&E.

**7. Waiver Of California Civil Code Section 1542**.

  a. The term "Releasing Persons" means, collectively, FVT's Releasing Persons, Defendants' Releasing Persons, and PG&E's Releasing Persons.

  b. With respect to any and all FVT Released Claims, D&O/PG&E Released Claims, and D&O Released Claims (collectively, the "Released Claims"), the Parties agree that, upon the FVT's receipt of the Settlement Amount from the Trust Account, the Releasing Persons shall expressly waive the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

  c. The Releasing Persons acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Released Claims, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all of the Released Claims known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

**8. Dismissal With Prejudice**.

  a. The Parties shall inform the Court presiding over the Action of this Agreement and shall use best efforts to have the Court stay the Action until the earlier of when the Action is dismissed pursuant to Paragraph 8.b or a Restoration of Rights occurs pursuant to Paragraph 10. In any event, no Party will take any steps to prosecute or defend the Action prior to a Restoration of Rights pursuant to Paragraph 10.

  b. The Plaintiff shall dismiss the Action with prejudice and without costs within three (3) days of receiving the Settlement Amount from the Trust Account. The Parties agree to cooperate in obtaining such dismissal of the Action, and any remaining related derivative actions that have not already been dismissed, including the Derivative Action.

**9. Duty Of Cooperation**. The Parties shall at all times fully cooperate with each other and shall cause their respective agents and attorneys to cooperate in a prompt and timely manner in connection with the performance of all obligations under this Agreement, including specifically the Parties' efforts to obtain the Insurance Final Order. This Agreement shall be subject to disclosure for the purpose of obtaining the Insurance Final Order and to the arbitration panel presiding over the arbitration between PG&E and the D&O Insurance Carriers. The Parties shall execute and deliver such additional documents or certificates, and take such further action as may be necessary or otherwise reasonably requested of them to fully perform the provisions of this Agreement or implement the provisions of this Agreement fully and effectively.

10. **Restoration Of Rights**.

      a. Notwithstanding anything in this Agreement to the contrary, in the event that (i) the Effective Date does not occur within seven (7) months of the execution of this Agreement and the FVT does not provide notice to PG&E and the Defendants extending that deadline, or (ii) the Insurance Order is reversed, in whole or in part, and the reversal order becomes a Final Order and thus the Insurance Order does not become a Final Order, this Agreement, including all releases contained herein, shall become void *ab initio*, and the Parties, as between one another, shall be restored to all rights and obligations which any of them had prior to executing this Agreement.

      b. Pursuant to Paragraph 1.d.ii above, in the event that this Agreement becomes void, the FVT agrees that the FVT shall cause the Settlement Amount, and all earnings thereon, to be returned from the Trust Account to the D&O Insurance Carriers as specified by PG&E, within thirty (30) days from the date the reversal order becomes a Final Order.

      c. In the event that this Agreement becomes void, the Parties agree that this Agreement, including all of its terms, as well as any facts or circumstances surrounding the drafting or negotiations of this Agreement, shall not be used in connection with any court proceeding, litigation, dispute or otherwise.

11. **No Admissions Of Wrongdoing Or Liability**. Notwithstanding anything contained herein, this Agreement and compliance with this Agreement shall not be construed as an admission by any Party of any liability whatsoever, any merit in the claims asserted in the Action, or any violation of the rights of any Party or violation of any order, law, statute, duty, or contract whatsoever. It is also expressly agreed and acknowledged that neither the negotiation, execution, nor performance of any of the terms of this Agreement shall constitute or be construed as an admission by any Party of any liability, insurance coverage, lack of insurance coverage, or any fact or indication that any of the claims or charges made by any of the Parties against each other has any merit or lacks any merit. The Parties hereto agree that they shall not make any representation, statement, or proffer of evidence or argument, to any court, tribunal, or third party intentionally suggesting that this Agreement constitutes any such admission.

12. **Notice**. Notice shall be given by electronic mail to each Party as follows:

**For the FVT and Plaintiff:**

    Frank M. Pitre
    COTCHETT, PITRE & McCARTHY, LLP
    840 Malcolm Road, Suite 200
    Burlingame, CA 94010
    fpitre@cpmlegal.com
    (650) 697-6000

**For the Director Defendants:**

>   Stephen P. Blake
>   SIMPSON THACHER & BARTLETT LLP
>   2475 Hanover Street
>   Palo Alto, CA 94304
>   sblake@stblaw.com
>   (650) 251-5000

**For the Officer Defendants:**

>   Steven Scholes
>   MCDERMOTT, WILL & EMERY LLP
>   44 West Lake Street
>   Chicago, IL 60606
>   sscholes@mwe.com
>   (312) 984-7762

**For PG&E:**

>   James E. Brandt
>   LATHAM & WATKINS LLP
>   1271 Avenue of the Americas
>   New York, NY 10020
>   james.brandt@lw.com
>   (212) 906-1278

13. **Joint Drafting**. The language of this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly for or against any Party. This Agreement shall be deemed to have been drafted by all Parties to this Agreement, and no Party or any attorney for any Party shall urge otherwise.

14. **Acknowledgement Of Legal Advice**. The Parties agree and acknowledge that each of them enters this Agreement upon the independent legal advice of his, her, or its attorney, and that each of them has read, fully understands, and voluntarily accepts the terms and provisions of this Agreement.

15. **Headings**. The Parties understand, agree, and acknowledge that all headings in this Agreement are for convenience of reference only and do not create any separate rights in and of themselves.

16. **Costs And Attorneys' Fees**. The Parties shall each be responsible for their own attorneys' fees, costs, and expenses incurred by them in connection with the Action, including the preparation, negotiation, and drafting of this Agreement. Each of the FVT and Defendants waives any and all claims against any other Party and the FVT waives any and all claims against PG&E, for the recovery of the same. For the avoidance of doubt, nothing in this Agreement is intended to or shall foreclose the Defendants from seeking payment from PG&E for their fees

and costs incurred defending the Action or PG&E from seeking reimbursement from its D&O Insurance Carriers for any such fees and costs.

  **17.** **Inurement**.  The Parties agree that this Agreement shall inure to the benefit of, and be binding upon, each of the Parties and their respective parents, subsidiaries, affiliates, predecessors, successors and assigns, and the agents and other authorized representatives, beneficiaries, trustees, shareholders, officers, directors, employees, insurers, heirs, executors, trustees, partners, and joint venturers of any of the foregoing.

  **18.** **Amendment**.  No amendment, modification, or addition to this Agreement shall be valid unless it is in a writing executed by the Parties.

  **19.** **Governing Law**.  This Agreement shall be governed by the laws of the State of California, without regard to any principles of conflicts of laws.

  **20.** **No Waiver**.  No delay or failure by any Party to exercise its rights under this Agreement shall be construed to be a waiver thereof, unless memorialized by written instrument signed by the Parties.  The agreed waiver of any covenant, condition, or agreement to be performed under this Agreement shall not be construed to be a continuing waiver of the same covenant, condition or agreement or the waiver of a different covenant, condition or agreement.  Furthermore, the agreed waiver of any breach of this Agreement shall not be considered to be the agreed waiver of a different or subsequent such breach.

  **21.** **Integration**.  This Agreement constitutes the entire agreement between the Parties, and supersedes any and all prior or contemporaneous agreements, promises, representations, or understandings, written or oral, between them relating to the subject matter of this Agreement, including the Term Sheet dated May 25, 2022.  Each Party represents that it has not relied on any representation not included in this Agreement, and that there are no other agreements, promises, representations, or understandings that shall be binding upon the Parties with respect to this subject matter unless contained in this Agreement.  The Releasing Persons expressly agree this Agreement will remain valid and effective even if the facts they now believe to be true turn out to be false or different than what they now believe, and expressly assume the risk of any such difference.

  **22.** **Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same Agreement.  For purposes of execution, facsimile signatures and signature pages sent through electronic mail shall be considered effective and binding.

  **23.** **Authority**.  Any individual signing this Agreement on behalf of any Party represents and warrants that he or she has full authority to do so.

  **24.** **Dispute Resolution**.  Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, shall be resolved by confidential binding arbitration by Robert A. Meyer, and shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures in place at the time any arbitration demand is filed.

**AGREED TO AND ACCEPTED:**

DATED: JULY 25, 2022

COTCHETT, PITRE & McCARTHY, LLP
Frank M. Pitre
Mark C. Molumphy

_____
Frank M. Pitre

*Counsel for Plaintiff Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

DATED: _____, 2022

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Stephen P. Blake

_____
Stephen P. Blake

*Attorneys for Director Defendants Lewis Chew, Fred J. Fowler, Maryellen C. Herringer, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Eric D. Mullins, Rosendo G. Parra, Barbara L. Rambo, Anne Shen Smith, and Barry Lawson Williams*

DATED: _____, 2022

MCDERMOTT, WILL & EMERY LLP
Steven Scholes
Jason Strabo
Paul M.G. Helms

_____
Steven Scholes

*Attorneys for Officer Defendants Kevin Dasso, Anthony F. Earley, Jr., Patrick M. Hogan, Christopher P. Johns, Gregg L. Lemler, Steve E. Malnight, and Geisha J. Williams*

**AGREED TO AND ACCEPTED:**

DATED: _____, 2022

COTCHETT, PITRE & McCARTHY, LLP
Frank M. Pitre
Mark C. Molumphy

_____
Frank M. Pitre

*Counsel for Plaintiff Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

DATED: 7/25, 2022

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Stephen P. Blake

_____
Stephen P. Blake

*Attorneys for Director Defendants Lewis Chew, Fred J. Fowler, Maryellen C. Herringer, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Eric D. Mullins, Rosendo G. Parrá, Barbara L. Rambo, Anne Shen Smith, and Barry Lawson Williams*

DATED: _____, 2022

MCDERMOTT, WILL & EMERY LLP
Steven Scholes
Jason Strabo
Paul M.G. Helms

_____
Steven Scholes

*Attorneys for Officer Defendants Kevin Dasso, Anthony F. Earley, Jr., Patrick M. Hogan, Christopher P. Johns, Gregg L. Lemler, Steve E. Malnight, and Geisha J. Williams*

**AGREED TO AND ACCEPTED:**

DATED: _____, 2022                COTCHETT, PITRE & McCARTHY, LLP
                                                Frank M. Pitre
                                                Mark C. Molumphy

                                                _____
                                                Frank M. Pitre

                                                *Counsel for Plaintiff Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust*

DATED: _____, 2022                SIMPSON THACHER & BARTLETT LLP
                                                Jonathan K. Youngwood
                                                Stephen P. Blake

                                                _____
                                                Stephen P. Blake

                                                *Attorneys for Director Defendants Lewis Chew, Fred J. Fowler, Maryellen C. Herringer, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Eric D. Mullins, Rosendo G. Parra, Barbara L. Rambo, Anne Shen Smith, and Barry Lawson Williams*

DATED:   July 26   , 2022                        MCDERMOTT, WILL & EMERY LLP
                                                Steven Scholes
                                                Jason Strabo
                                                Paul M.G. Helms

                                                */s/ Steven Scholes*
                                                _____
                                                Steven Scholes

                                                *Attorneys for Officer Defendants Kevin Dasso, Anthony F. Earley, Jr., Patrick M. Hogan, Christopher P. Johns, Gregg L. Lemler, Steve E. Malnight, and Geisha J. Williams*

DATED: _____July 25_____, 2022         LATHAM & WATKINS LLP
                                         James E. Brandt
                                         Michael J. Reiss

                                         _____
                                         James E. Brandt

                                         *Counsel for Non-Parties PG&E Corporation*
                                         *and Pacific Gas and Electric Company*