WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JOHN R. SIMON IN SUPPORT OF REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENTS RESOLVING DISPUTES WITH CERTAIN INSURERS, AND (II) GRANTING RELATED RELIEF**<br><br>Date: October 27, 2022<br>Time: 11:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court,<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, John R. Simon, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.      I am Executive Vice President, General Counsel and Chief Ethics and Compliance Officer of PG&E Corporation ("**PG&E**," together with Pacific Gas and Electric Company (the "**Utility**"), the "**Reorganized Debtors**" or "**Debtors**" in the above-captioned chapter 11 cases). I have been employed in this role since September 2020. Prior to September 2020, I had various senior leadership roles at PG&E, including interim Chief Executive Officer from January 2019 to May 2019 and Executive Vice President, Law, Strategy and Policy from May 2019 to September 2020. I have been employed by PG&E since April 2007. In my current role as Executive Vice President, General Counsel and Chief Ethics and Compliance Officer, I am responsible for advising the leadership of PG&E, including senior officers and the PG&E Board of Directors on legal, corporate governance, ethics and compliance issues. I submit this declaration in support of the motion to approve settlements pursuant to Federal Rule of Bankruptcy Procedure 9019 resolving disputes with certain of PG&E's insurance carriers (the "**Insurance Settlements**").

2.      I am authorized to submit this declaration on behalf of the Reorganized Debtors. The facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Reorganized Debtors' other employees or the Reorganized Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify to the facts set forth in this declaration.

3.      I am generally knowledgeable and familiar with the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), including the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Docket No. 8048] (the "**Plan**") and, in particular, the key elements of the settlements that are the subject of this motion. This motion concerns settlements involving PG&E's 2017 and 2018 directors and officers liability insurance policies (the "**D&O**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2

**Policies**"). Fundamentally, the D&O Policies provide coverage both to PG&E's directors and officers and to PG&E itself, up to the total annual limits of liability of $200 million in each year, which limits apply to defense costs, settlements, and judgments, combined, for claims that trigger the D&O Policies.

4.      There are a number of claims that PG&E has taken the position are covered by the D&O Policies. These include: (1) securities claims brought in the action entitled *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal.) (the "**Securities Litigation**") as well as securities proofs of claim filed in the Chapter 11 Cases against the Debtors (the "**Securities Claims**"); and (2) claims for reimbursement to the Debtors for amounts paid pursuant to their indemnification obligations in connection with certain claims (the "**FVT Claims**") assigned by the Debtors under the Plan to the PG&E Fire Victim Trust (the "**FVT**") against their former directors and officers related to the 2017 North Bay Fires or the 2018 Camp Fire.

5.      The insurance carriers that issued the D&O Policies to PG&E (collectively, the "**D&O Insurers**") have taken the position that the securities claims and FVT Claims arising out of the 2017 North Bay Fires and the separate securities claims and FVT Claims arising out of the 2018 Camp Fire share a "common nexus" and all of the claims fall exclusively within PG&E's 2017 tower of D&O Policies (the "**2017 Tower**") and do not trigger the additional $200 million in D&O coverage provided by PG&E's 2018 tower of D&O Policies (the "**2018 Tower**"). PG&E disagrees with the D&O Insurers' position and, pursuant to the mandatory dispute resolution procedures set forth in the 2017 Tower and the 2018 Tower D&O Policies, commenced a confidential arbitration (the "**Arbitration**") to seek a ruling that the claims arising out of the 2018 Camp Fire fall within PG&E's 2018 Tower. The Arbitration has been stayed pending approval of the Insurance Settlements.

6.      As part of the Plan, the Debtors assigned certain rights and causes of action to the FVT, including certain claims against former officers and directors. The recovery for these claims, however, could only come out of the Side B portion of these same D&O Policies. The FVT pursued

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

those claims against the D&O Action Defendants in the Superior Court of California, San Francisco County, captioned *Trotter v. Williams, et al.* (Lead Case No. CGC-17-562591) (the "**D&O Action**"). Thus, the Insurance Settlements will resolve the D&O Action, largely resolve the Arbitration and facilitate the potential settlement of the Securities Claims, as any potential settlement of the Securities Claims with insurance proceeds from the D&O Policies without settling the claims arising out of the D&O Action would have likely created disputes with the FVT.

7.      The Insurance Settlements will resolve the above-interrelated disputes through separate settlements. This motion solely seeks approval of the Insurance Settlements. In addition, although the Reorganized Debtors are not seeking approval of the July 26, 2022 settlement agreement entered into between the FVT, Reorganized Debtors and certain former officers and directors of the Reorganized Debtors (the "**D&O Action Settlement**"), the D&O Action Settlement is conditioned upon this Court's approval of the Insurance Settlements.

8.      The Reorganized Debtors have retained experienced and well regarded legal representation that has advised PG&E with respect to the disputes at issue in this motion, including Covington & Burling LLP with respect to the Arbitration, Latham & Watkins LLP with respect to the D&O Action, and Weil, Gotshal & Manges LLP with respect to related bankruptcy issues. Each of the firms has advised PG&E with respect to the Insurance Settlements and has been actively involved in the negotiation of these matters. I understand that the Insurance Settlements are the product of good faith, arm's-length negotiations between the parties over many months – all with the extensive help of an experienced mediator, Robert A. Meyer, from JAMS.

9.      The Insurance Settlements provide substantial benefit to the Reorganized Debtors and their stakeholders for at least the following reasons:

- The Insurance Settlements will allow the Reorganized Debtors to avoid the continued expenses of discovery against it as a non-party in the D&O Action;

- The Insurance Settlements will allow the Reorganized Debtors to avoid expenses in connection with satisfying potential indemnification obligations to the defendants in

4

the D&O Action;

- The Insurance Settlements will resolve hotly contested disputes with most of PG&E's D&O Insurers;

- The Insurance Settlements will provide the Reorganized Debtors with the certainty of obtaining at least $272 million in insurance proceeds that can be used to settle the D&O Action and potentially the Securities Claims.

10. The Insurance Settlements therefore appropriately balance the risks, complexity, and expense associated with continuing to proceed with the Arbitration.

11. Senior members of management and the Board of Directors evaluated the disputes concerning the D&O Policies and the Arbitration and PG&E has received advice concerning the Arbitration and the Insurance Settlements from experienced counsel. After considering this advice and the benefits of the Insurance Settlements, including those set forth above, PG&E has determined in the exercise of its business judgment that the Insurance Settlements are fair and balanced settlements that are in the best interests of the Debtors' estates and the Debtors' economic stakeholders as a whole. Indeed, I signed the Insurance Settlements on behalf of PG&E, and was authorized to do so, based on my belief that the Insurance Settlements are in the best interests of PG&E and its economic stakeholders as a whole.

Dated: September 29, 2022
Oakland, California

John R. Simon

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

5