RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
Gary LoCurto, SBN 270372
SINGLETON SCHREIBER LLP
591 Camino del la Reina, Ste. 1025
San Diego, CA 92108
Tel: (619) 333-7479
Email: gsingleton@singletonschreiber.com
glocurto@singletonschreiber.com

Attorneys for SLF Fire Victim Claimants

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOFS OF CLAIM BY:<br>(1) FRANK ROGER LANELLI;<br>(2) MARK FRY & CATHIE STEWART; and<br>(3) CHERYL LYNN HUTCHINSON & THOMAS EARVIN BEARD;<br>MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALICIA ZIMMERMAN IN SUPPORT<br><br>Hearing: Only if requested<br>Location: Via Zoom or Telephone<br><br>FVT Objection Deadline:<br>On or before October 13, 2022 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF")[1] and Marshack Hays LLP, together with several other firms, represent thousands of victims ("SLF Claimants") of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire" and "LaFayette Fire").

Singleton Schreiber respectfully files this consolidated motion on behalf of: (1) Frank Roger Lanelli; (2) Mark Fry and Cathie Stewart; and (3) Cheryl Lynn Hutchinson and Thomas Earvin Beard (collectively referred to as "Movants" or "Claimants") to deem timely late filed proofs of claim ("Motion").

This Motion is brought pursuant to the Court's Order Consolidating Motions to File Late Claims entered on August 24, 2022 as Docket No. 12875 ("Order 1"), Order Re: Supplemental Exhibit to Order Consolidating Motions to File Late Claims entered on September 1, 2022 as Docket No. 12923 ("Order 2"), and Revised Order Consolidating Motions to File Late Claims entered on September 28, 2022 as Docket No. 13010 ("Order 3") (collectively referred to as "Consolidation Orders").

***Pursuant to the Consolidation Orders and in accordance with the procedures set forth therein, the First Victim Trust ("FVT") must either (a) file any opposition it has to any specific Claimants set forth herein within fourteen (14) days of the filing of this Motion or (b) submit an order to the Court including any specific Claimants set forth herein as having had their proofs of claim deemed "timely."***

## I.  Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the North Bay Fires and being unaware of the lawsuit against PG&E until recently, Movants were unable to timely file proofs of

---

[1] Now known as Singleton Schreiber LLP ("Singleton Schreiber").

claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claims deemed timely. This Court must determine whether to grant the Motion. Attached hereto as Exhibit "1" is a brief statement for circumstances for each Movant.

## II. Pertinent Bankruptcy Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file Proofs of Claim by the General Bar Date. *See*, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. *See*, Dk. No. 8053.

On August 24, 2022, the Court entered its Order Consolidating Motions to File Late Claims, outlining the procedure for future motions to deem timely late filed proofs of claim. *See*, Dk. No. 12875. On September 1, 2022, the Court entered its Order Re: Supplemental Exhibit to Order Consolidating Motions to File Late Claims. *See*, Dk. No. 12923. On September 28, 2022, the Court entered its Revised Order Consolidating Motions to File Late Claims. *See*, Dk. No. 13010. It is pursuant to these Orders that Singleton Schreiber files this Motion. The Claimants herein are survivors of the North Bay Fires which occurred in October 2017 and have claims for damages arising from that fire.

### III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movants' favor. Debtor's estates are solvent, and creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately upon receiving all the necessary information, the Claimants' proofs of claim were filed. Thirdly, the delay in filing the Claimants' proofs of claim is reasonable considering immediately upon becoming aware of the damages that arose from the North Bay Fires, Singleton Schreiber was retained in this matter and proofs of claim were filed by Singleton Schreiber on behalf of the Claimants. The Movants' factual circumstances and reasons for delay in filing their proofs of claim are detailed in in the attached Exhibit "1." Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not yet been made; and (b) the value of Movants claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

### IV. Conclusion

For the reasons set forth above, Movants respectfully request that this Court enter an order

pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure as follows:

1. Granting the Motion;

2. Finding that proofs of claim filed by Movants are to be allowed as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

Dated: September 29, 2022  MARSHACK HAYS LLP

By: */s/ Laila Masud*

    RICHARD A. MARSHACK
    LAILA MASUD
    Attorneys for SLF CLAIMANTS

Dated: September 29, 2022  SINGLETON SCHREIBER LLP

By: */s/ Gerald Singleton*

    GERALD SINGLETON
    GARY LOCURTO
    Attorneys for the SINGLETON LAW
    FIRM FIRE VICTIM CLAIMANTS

# Declaration of Alicia Zimmerman

I, ALICIA ZIMMERMAN, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge or through information collected by my staff from: (1) Frank Roger Lanelli; (2) Mark Fry and Cathie Stewart; and (3) Cheryl Lynn Hutchinson and Thomas Earvin Beard (collectively referred to as "Movants" or "Claimants"). I am an attorney with Singleton Schreiber LLP[2], and I make this declaration in support of the Consolidated Motion to Allow/Deem Timely Late Filing of Proofs of Claim ("Motion").

3. Movants are listed in the attached Exhibit "1" with a brief statement as to each of their particular circumstances.

4. Wherefore, Singleton Schreiber now brings this Motion to have the Subject Proof of Claim deemed timely.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29 , 2022.

                                                                _____
                                                                ALICIA ZIMMERMAN

4892-1617-9764, v. 2

---

[2] Previously Singleton Law Firm ("SLF").

# EXHIBIT "1"

# EXHIBIT 1

(1) <u>Lanelli, Frank Roger; Proof of Claim No. 108984; Filed September 16, 2022</u>

At the time of the North Bay Fires, Mr. Lanelli owned and resided at real property located at 2821 San Joaquin Avenue, Clearlake Park, California 95424. Prior to August 2022, when Mr. Lanelli reached out to Singleton Schreiber for potential representation, he had been unaware of the lawsuit against PG&E. Due to multiple traumas, relocation, and the immense pressure on Claimant to reestablish his life, Singleton Schreiber did not become aware of this claim until after the relevant bar dates.

(2) <u>Fry, Mark & Stewart, Cathie; Proof of Claim No. 108960; Filed September 16, 2022</u>

At the time of the North Bay Fires, Mr. Fry owned and resided at real property located at 3067 3rd Street, Clearlake, California 95422. Ms. Stewart also resided at this same real property. Prior to July 2022, when Mr. Fry reached out to Singleton Schreiber for potential representation, he and Ms. Stewart had been unaware of the lawsuit against PG&E. Due to multiple traumas, relocation, and the immense pressure on Claimants to reestablish their lives, Singleton Schreiber did not become aware of these claims until after the relevant bar dates.

(3) <u>Hutchinson, Cheryl Lynn & Beard, Thomas Earvin; Proof of Claim No. 108967; Filed on September 16, 2022</u>

At the time of the North Bay Fires, Ms. Hutchinson owned and resided at real property located at 13680 Eastlake Drive, Clearlake, California 95422. Additionally, Ms. Hutchinson owned real property at 13665 Eastlake Drive, Clearlake, California 8422. It was at this location that Mr. Beard resided. There are two houses with two separate numbers on the same parcel of property. Prior to August 2022, when Ms. Hutchinson reached out to Singleton Schreiber for potential representation, they had been unaware of the lawsuit against PG&E. Due to multiple traumas, relocation, and the immense pressure on Claimants to reestablish their lives, Singleton Schreiber did not become aware of these claims until after the relevant bar dates.

4860-9096-5556, v. 1

# CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's filing system.

Executed this 29th day of September 2022 at Irvine, California.

/s/ Cynthia Bastida
CYNTHIA BASTIDA

4868-0125-2917, v. 1