| | |
|---|---|
| 1 | BROWN RUDNICK LLP<br>David J. Molton (SBN 262075) |
| 2 | (DMolton@brownrudnick.com)<br>Eric R. Goodman (admitted pro hac vice) |
| 3 | (EGoodman@brownrudnick.com)<br>Seven Times Square |
| 4 | New York, New York 10036<br>Telephone: (212) 209-4800 |
| 5 | Facsimile: (212) 209-4801 |
| 6 | BROWN RUDNICK LLP<br>Joel S. Miliband (SBN 077438) |
| 7 | (JMiliband@brownrudnick.com)<br>2211 Michelson Drive, Seventh Floor |
| 8 | Irvine, California 92612<br>Telephone: (949) 752-7100 |
| 9 | Facsimile: (949) 252-1514 |
| 10 | *Attorneys for Fire Victim Trustee* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUST'S NOTICE OF FILING D&O FIRMS' ENGAGEMENT LETTER**<br><br>[Relates to Docket Numbers 12682 and 12884] |

TO FIRE VICTIMS AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that Cathy Yanni, in her capacity as the Trustee of the Fire Victim Trust, is filing, per this Notice of Filing, an **unredacted copy** of the Engagement Letter, effective October 13, 2020, between the Fire Victim Trust and Cotchett, Pitre & McCarthy, LLP; Walkup, Melodia, Kelly & Schoenberger; Dreyer, Babich, Buccola, Wood & Campora, LLP; Corey, Luzaich, de Ghetaldi & Riddle, LLP; and Bottini & Bottini, Inc. (the "**D&O Firms' Engagement Letter**"). The D&O Firms' Engagement Letter is attached hereto as **Exhibit A**. The D&O Firms' Engagement Letter also will be posted on the Fire Victim Trust Website at www.firevictimtrust.com.

DATED: September 30, 2022         BROWN RUDNICK LLP

By: */s/ERIC R. GOODMAN*
Eric R. Goodman (admitted pro hac vice)
(EGoodman@brownrudnick.com)
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for Fire Victim Trustee*

2

# EXHIBIT A

D&O FIRMS' ENGAGEMENT LETTER

October 13, 2020

Hon. John K. Trotter (Ret.)
Trustee of the PG&E Fire Victim Trust
PG&E Fire Victim Trust
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:     Representation of PG&E Fire Victim Trust in Litigation of Certain Assigned Claims

Dear Judge Trotter:

This letter of engagement ("**Engagement Letter**") is to confirm the retention of the Firms (as defined below) by the PG&E Fire Victim Trust (the "**Trust**") as of the date set forth above.

The Firms consist of the following five law firms: (1) Cotchett, Pitre & McCarthy LLP, (2) Walkup, Melodia, Kelly & Schoenberger, (3) Dreyer Babich Buccola Wood Campora, LLP, (4) Corey, Luzaich, De Ghetaldi & Riddle LLP, and (5) Bottini & Bottini Inc. (each a "**Firm**" and collectively, the "**Firms**").

## SCOPE OF REPRESENTATION

The Firms will represent the Trust in connection with the legal services described in the first paragraph of the Contingent Fee Agreement attached as <u>Exhibit A</u> hereto (the "**Representation**"). The Firms agree to keep the Trust reasonably informed as to progress and of the services being performed in furtherance of the Representation. The Firms also agree to provide either written or oral explanations of work performed if requested to do so by the Trust.

## DETERMINATION OF FEE

Calculation of any fees and expenses incurred in connection with the Representation ("**Payment**") shall be determined in accordance with the Contingent Fee Agreement attached as <u>Exhibit A</u> hereto. Any Payment made by the Trust shall be paid to Cotchett, Pitre & McCarthy LLP as agent for the Firms (the "**Agent**"). The extent to which any Firm will share in such Payment is subject to separate agreement by and between the Firms.

## CONFIDENTIAL INFORMATION

The Firms recognize that certain of their partners, associates and staff members may be provided with confidential and proprietary information belonging to the Trust ("**Confidential Information**"). None of the Firms will disclose to any third parties any Confidential Information obtained in the course of the Representation unless the Trust consents to such disclosure. Confidential Information will not include: (i) information made public other than as a result of breach of this Engagement Letter; (ii) information any or all of the Firms acquire from a third party with no known obligations of confidence regarding the information; or (iii) information already known to any or all of the Firms prior to disclosure by the Trust. If any or all of the Firms receive

a request for disclosure of Confidential Information or are otherwise required by law to disclose any Confidential Information, the Firms will, to the extent practicable, notify the Trust of the disclosure request or requirement, and will discuss an appropriate response with the Trust. The Firms also agree to take reasonable steps to avoid the disclosure, obtain an appropriate protective order, or secure other safeguards to help preserve confidentiality. For clarity, any and all Confidential Information known by any Firm individually shall be conclusively deemed to be known individually and collectively by each and all of the Firms.

## RECORDS

All materials prepared by the Firms for the Trust in connection with the Representation shall be the property of the Trust.

## COOPERATION

The Trust agrees that its authorized representatives will be reasonably available to confer with the Firms upon request, will provide Firms with such documents and information as the Trust may possess relating to the Representation, will disclose all facts and circumstances of which the Trust is are aware that may bear upon the Firms' handling of the Representation, and will otherwise assist the Firms' efforts as reasonably requested.

## DISPUTE RESOLUTION

Notwithstanding anything to the contrary in this Engagement Letter, the parties hereto agree that any disputes that arise under this Engagement Letter shall, in the first instance, be sought to be resolved by an alternative dispute resolution ("**ADR**") process mutually agreeable to the parties as follows: the parties involved agree to meet and confer in good faith to agree upon and proceed with a mutually acceptable ADR process, and any party that is dissatisfied with the final outcome of the ADR process may then seek relief in the judicial system. This Engagement Letter shall be governed by the laws of the State of California, without regard to its conflicts of law provisions that would apply the laws of another jurisdiction.

## TERMINATION

The Trust has the right to terminate this engagement at any time upon delivery of written notice (including by email) to the Agent. In the event of termination by the Trust, the Firms shall provide cooperation in any transition, including return of materials provided to the Firms by the Trust and providing copies of any work product created under this Engagement Letter or in connection with the Representation. The Firms also have the right, subject to certain responsibilities under applicable ethical rules, to terminate this engagement by giving the Trust written notice (including by email) if the Trust fails to cooperate with the Firms or if the Firms determine that continuing to represent the Trust would be unethical, impractical or improper.

## INDEMNIFICATION

The Firms acknowledge that the operation of the Trust is governed by a Trust Agreement which provides for the indemnification of certain advisors and consultants to the Trust. Notwithstanding such provisions of the Trust Agreement, the Firms acknowledge and agree that, except as to Trust's indemnity obligations arising out of or related to the Trust's fraud or intentional misconduct, the Trust shall not be obligated to satisfy any indemnity obligations if and to the extent that at the time a demand for indemnity is made and would otherwise by payable by the Trust, the amount of such indemnity claim exceeds the amount of maximum aggregate limit of liability insurance coverage then available to satisfy such indemnity claim at that time, which the Trust has represented to the Firms to be $80,000,000 less the amount of covered claims already paid or payable against such maximum aggregate limit of liability insurance coverage.

## AGREEMENT APPLICABLE UNTIL CHANGED IN WRITING

The scope of this engagement may be modified by the Trust at any time and from time to time by advance written notice (including by email) to the Agent. If the scope of engagement is modified, this Engagement Letter will apply to any additional matters the Firms agree to undertake upon the Trust's behalf unless the parties hereto enter into an express written agreement reflecting an alternate arrangement.

## EFFECTIVENESS

This Engagement Letter shall not become effective until it has been executed and delivered by all the parties hereto.

## COUNTERPART SIGNATURES

This Engagement Letter may be executed in any number of counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute and be deemed one and the same agreement.

*(Signature page follows)*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA LLP**

_____
**COREY, LUZAICH, de GHETALDII & RIDDLE, LLP**

_____
**BOTTINI & BOTTINI, INC.**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

# EXHIBIT A

Contingent Fee Agreement

# CONTINGENT FEE AGREEMENT

   IN CONSIDERATION of the legal services to be rendered by the Law Offices Of: **COTCHETT, PITRE & McCARTHY, LLP; WALKUP, MELODIA, KELLY & SCHOENBERGER; DREYER, BABICH, BUCCOLA, WOOD & CAMPORA,LLP; COREY,LUZAICH, de GHETALDII & RIDDLE, LLP; and BOTTINI & BOTTINI, INC.** (hereafter "ATTORNEYS") and the advancement by them of all costs necessary to the prosecution of all claims against those Officers and Directors of the Pacific Gas & Electric Company and the PG&E Corporation (hereafter "PG&E") responsible for injury, harm and damages to PG&E (the Parent & Subsidiary entities), whose claims have been assigned to the Trustee of The PG&E Fire Victim Trust and arose from more than twenty (20) separate Wildfires that occurred in 2017 and 2018 in Northern California; the undersigned Trustee of the PG&E Fire Victim Trust (hereafter "CLIENT") , employs said ATTORNEYS to commence and prosecute said claims.

*JT*
**INITIALS**

## ATTORNEYS' FEES

   CLIENT agrees to pay Attorneys' Fees on the following basis. It is understood that no specific fee is set by law, and that this fee has been specifically agreed to between the parties.

*JT*

1. The sum of **FIFTEEN** percent (**15%**) of the net amount recovered by compromise, trial or other final disposition.

*JT*

2. "Net amount recovered" is that sum received from the responsible parties after deduction of all costs.

*JT*

3. In no event will CLIENT incur an obligation for Attorneys' Fees and Costs beyond that sum received from the "Net Amount Recovered", if any.

*JT*

Exhibit A - 1

4. Associate counsel may be employed at the discretion and expense of the attorneys but these associate counsel fees shall not be an additional expense to the CLIENT and shall be deducted from the fees paid to the ATTORNEYS.

*JT*

## ATTORNEYS' COSTS

ATTORNEYS will advance costs as in their judgment are necessary for the prosecution of these claims, and these costs advanced shall be returned out of the recovery in the case. These costs advanced may include, without limitation, travel expenses, photocopying charges and long distance telephone expenses. The ATTORNEYS may in their discretion employ outside investigators and other experts whose fees shall be charged as advanced costs.

*JT*

## ATTORNEYS' LIEN AND SPECIAL POWER

Said ATTORNEYS are hereby granted a lien upon any recovery for all sums of money advanced by them for attorneys' fees and costs. The ATTORNEYS are granted the CLIENT'S special power of attorney to endorse all documents in CLIENT'S name which are necessary to finalize or complete the settlement, including the endorsement of a check and/or draft. ATTORNEYS do not have the authority to decide whether to settle or compromise CLIENT'S claims without the express authorization of CLIENT. It is agreed that the ATTORNEYS may retain fees and costs out of the amount finally collected by settlement or judgment.

*JT*

## REPRESENTATIONS

It is acknowledged that ATTORNEYS have made no representation whatsoever regarding the successful termination of said claim.

*JT*

## INSURANCE COVERAGE

ATTORNEYS maintain errors & omissions insurance applicable to the legal services to be rendered.

*JT*

DATED at   San Francisco  , California, this   16th   day of October, 2020.

*(A duplicate copy of this contract has been provided to me.)*

_____
**TRUSTEE OF THE PG&E FIRE VICTIM TRUST**

**PG&E FIRE VICTIM TRUST**

_____
**Frank M. Pitre**
*for* **COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDII & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**BOTTINI & BOTTINI, INC.**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

*[Signature Page to Contingent Fee Agreement]*