Jacob M. Faircloth, Esq. (SB No. 305390)
Bluestone Faircloth & Olson, LLP
1825 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 526-4250
Facsimile: (707) 526-0347
Email: jacob@bfolegal.com

Attorneys for Movants/Claimants of Dan Crowley and Associates and Law Office of Robert M. Bone–See Exhibit 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>  and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>  Debtors.<br>_____ /<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒  Both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM<br><br>_____ / | Case No. 19-30088-DM<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT M. BONE  IN SUPPORT THEREOF**<br><br>Hearing:    Only if Requested<br>Location:   Via Zoom or Telephone |

Movants/Claimants, in relation to Dan Crowley and Associates and Law Office of Robert M. Bone and more fully set forth in Exhibit 1–attached hereto–file this Consolidated Motion to deem timely late filed proof of claims.

This Motion is brought pursuant to the Court's 8/24/22 Order Consolidating Motions to File Late Claims (the "Order") and the Court's 9/28/2022 Revised Order Consolidating Motions to File Late Claims (the "Revised Order").

***Pursuant to the Order and Revised Order and in accordance with the procedures set forth therein, the Fire Victim Trust ("FVT") must either (a) file any opposition it has to any specific Claimants set forth herein, within 14 days, or (b)***

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE  IN SUPPORT THEREOF - Page 1

*submit a proposed Order disposing of the Consolidated Motion and Claimants for which the FVT has no opposition to permitting their claims as timely.*

The FVT has advised the Court and the public that it has a non-opposition policy with respect to late claim motions filed until and including September 30, 2022.

## I.
## Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors and personal factors arising from the 2017 fires ("North Bay Fires"), Claimants were unable to timely file their proofs of claims. Because there is no danger of prejudice to the Debtors, as Debtors' estates are solvent, and all creditors in these cases stand to be paid their pro rata shares, the Motion should be granted to allow the Claimants to have the claims deemed timely.

Per the Court's Order, a brief statement for particular circumstances for each Claimant is set forth in Exhibit 1, attached hereto.

## II.
## Factual Background

**A.    Pertinent Bankruptcy Background**.

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file proofs of claim by the General Bar Date. [See Docket No. 4672]

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 2

Case: 19-30088    Doc# 13026    Filed: 09/30/22    Entered: 09/30/22 15:19:53    Page 2 of 10

On January 31, 2020, as Docket No. 5590, Debtors filed an Amended Chapter 11 Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Docket No. 5700, Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Docket No. 5835, Debtors filed their Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was Approved.

After filing multiple iterations of the Plan, on June 19, 2020, as Docket No. 8048, Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 (the "Final Plan").

One June 20, 2020, post-voting and hotly contested confirmation hearings, the Bankruptcy Court entered an order confirming the Final Plan. [Docket No. 8053]

Prior to December 31, 2019, nearly 38,000 fire victims filed timely claims. Since December 31, 2019, thousands of late claims have been submitted. Also since December 31, 2019, dozens and dozens of late claims of fire victims have been permitted as timely by the Court through Stipulations and Orders. Others have been permitted as timely without stipulations, due to no opposition by the FVT. It's clear by the volume of late claims that many families and individuals impacted by the North Bay Fires were unaware that they had any remedies, claims for relief, or causes of actions.

**B.    Claimants' Claims Arising from the North Bay Fires.**

Per the Court's Order, a brief statement for particular circumstances for each Claimant is set forth in Exhibit 1.

With that said, the Claimants largely find themselves in very similar situations. All of the Claimants are survivors of the North Bay Fires which occurred in 2017. All of

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE  IN SUPPORT THEREOF - Page 3

Case: 19-30088    Doc# 13026    Filed: 09/30/22    Entered: 09/30/22 15:19:53    Page 3 of 10

the Claimants have valid claims for damages arising from the North Bay Fires, including nuisance and emotional distress–due to proximity of the zone of danger to the North Bay Fires. Most, if not all, evacuated from the fires, with their homes covered in soot and ash.

Due to substantial trauma, relocation, and the immense pressure resulting from the foregoing, the Claimants did not become aware of the relevant bar dates in time to timely file the claim. Most were not even aware of their right to file claims. It was not until after the Extended Bar Date and Claims Questionnaire Deadline that Claimants realized their damages may be compensable and that they should file a proof of claim for their losses.

Here, in particular, none of the Claimants had knowledge of their entitlement to file a claim within the Extended Bar Date. Had they known, they would have timely submitted claims. Had a party in interest been obliged to alert all those impacted by the fires of their possible entitlement to file a claim, perhaps there would not be so many fire victims in this situation. Outside of "word of mouth" from other fire victim claimants, no such notice or alert was provided, and many such parties had no good way of knowing about their claims.

Based on the foregoing, the Claimants bring this Consolidated Motion to timely permit filing of their claims.

### III.
### Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain Circumstances. Federal Rule of Bankruptcy Procedure ("FRBP") 3003(c)(3); FRBP 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirements for proofs of claim *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Moreover, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond a party's

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 4

Case: 19-30088    Doc# 13026    Filed: 09/30/22    Entered: 09/30/22 15:19:53    Page 4 of 10

control." *Id*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.*, at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delayed, including whether it was within the reasonable control fo the movant, and (4) whether the movant acted in good faith. *Id.*, at 395; See also *Corning v. Corning (In re Zilog, Inc.),* 450 F.3d 996 (9th Cir. 2006)(noting *Pioneer's* non-exhaustive list of relevant factors).

Importantly, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy, but, due to some external reason, failed to file a proof of claim or did not realize that she or he had to prior to the bar date. See, e.g., *ZiLOG, Inc. V. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-1007 (9th Cir. 2006) (applying the *Pioneer* factors). Notably in this case, there was no widely distributed notice to residents impacted by the subject fires. In which case, the Claimants had no actual notice- discussed more fully hereinbelow.

Here, all four *Pioneer* factors–as well as the fifth engrafted onto the *Pioneer* analysis by some courts–weigh in favor of the Claimants.

First, there is no danger of prejudice to the Debtors in this case. Thus, the first *Pioneer* factor weighs in favor of the Claimants. The Debtors' estates are solvent, and all creditors stand to be paid their initial pro rata share, which is presently set at 45%. See, E.G., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the Chapter

11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). As of now, it is understood that claims for which determination notices are issued are receiving 45% of the determination award (their initial pro rata share). It is understood that the additional 55% of such determination awards has been set aside by the FVT. And, beyond that, the trust is still solvent.

Second, upon receiving all the necessary information, the Subject Proof of Claim was filed–or reason for such not being the case is validly explained.

Third, the delay in filing the Subject Proof of Claim is reasonable. This considers that very shortly after becoming aware of the damages that arose from the North Bay fires might be compensable, the Claimants obtained counsel and filed proofs of claims. Additionally, there was little to no substantial effort by any interested party (the Debtors nor the FVT) in this case to alert prospective claimants of their right or entitlement to file a claim–other than third-party advertisements. The Ninth Circuit, relying on the *Pioneer* factors, held that a bankruptcy court abused its discretion in declining to excuse various women's failure to timely file proofs of claims (with respect to retention bonuses), where debtor's general counsel's email was not calculated to inform employees that they needed to file their wage claims against the debtor in bankruptcy court. *In re ZiLOG, Inc.*, *supra*, at 1003. Compare this to the present Claimants, who received absolutely no notice whatsoever of their potential entitlement to file claims. This lack of substantive notice now squarely placing many individuals and families without any knowledge of their remedies–including the Claimants.

Fourth, any prospect of prejudice beyond solvency is unlikely given that (a) all distributions have not yet been made; and (b) the aggregate value of the Claimants' claims relative to the value of Debtors' estates (or the value of the FVT) is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice). For example, even assigning a 45% pro rata share of $80,000 to each claim (with 20 claims) aggregates only

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 6

Case: 19-30088    Doc# 13026    Filed: 09/30/22    Entered: 09/30/22 15:19:53    Page 6 of 10

$1,600,000. Where the Trust's initial value was $13,500,000,000, such late claims only account for 0.0001185% of the value of the Trust. Such a percent is incomprehensibly small in comparison to the size of the Trust.

Finally, the FVT has been routinely permitting late proofs of claims to be allowed, where such tardiness is excusable under the *Pioneer* factors and foregoing. Only until very recently did the FVT begin to no longer sign-off on such tardy claims–without any consideration or individual review of each such request. In which case, the Claimants contend that good cause exists and the Motion should be granted. Or, in the alternative, that the FVT should be estopped from wholly opposing all such claims, where the *Pioneer* factors are met.

## IV.
## Conclusion

Based upon the foregoing, the Claimants hereby request that the Court grant this Consolidated Motion and deem timely the Subject Proofs of Claims.

WHEREFORE, the Claimants pray for an order:

1. Granting the Motion in its entirety;

2. Finding that the Subject Proofs of Claims filed by the Claimants are to be allowed as having been timely filed; and

3. Granting such other or further relief as the Court deems just and proper.

DATED: September 30, 2022     BLUESTONE FAIRCLOTH & OLSON, LLP

By /S/ Jacob M. Faircloth
_____
Jacob M. Faircloth
ATTORNEY FOR THE CLAIMANTS

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 7

## DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF

I, Robert M. Bone, declare as follows:

1. I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow, from my personal knowledge–except as to those matters set forth upon information and belief.

2. I am the sole owner of the Law Office of Robert M. Bone and am an attorney licensed to practice in the State of California. If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from the Claimants that my firm and co-counsel represent. Such representation is set forth more fully in Exhibit 1, attached hereto, with further brief explanations received from each Claimant that my firm represents. My office is also working with and associated on behalf of claimants in the California North Bay Fire cases with Daniel Crowley and Associates.

3. I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimants Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and the attached Exhibit 1. To the best of my information and knowledge, the factual allegations in the Motion are true and correct–as to the Claimants my firm represents. For the reasons summarized in the Motion, I believe that it is appropriate to permit late filing of the various claims of the Claimants that my firm represents.

4. Moreover, our firms have inquired with the Claimants listed in Exhibit 1 with respect to their claims to determine whether: (1) they were aware of the FVT's existence within approximately 1-2 months of filing their claims, or (2) if they were aware of the existence of the FVT, whether they understood that damages for nuisance and/or emotional distress may be compensable through the FVT. Upon information and belief–based on such inquiries–I understand that all of the Claimants listed in Exhibit 1 either: (1) were not aware of the existence of the FVT until within approximately 1-2

months of filing their subject claims, or (2) to the extent that they were aware of the existence of the FVT, they did not know that damages (theirs included) for emotional distress and/or nuisance might be compensable from the FVT.

5. In addition to the foregoing, many of the Claimants in Exhibit 1 are elderly and reside (or resided) in the Oakmont community–senior living community in Sonoma County. The COVID pandemic, in particular, exasperated the ability of many claimants to become aware of their possible entitlement to funds from the FVT. Notably, the pandemic occurred very shortly after the Extended Claims Deadline expired. As a result, we have noticed from speaking with Claimants (particularly the elderly) that they were too consumed with the effects of the pandemic (including the seclusion and sheltering in place)–for fear of exposure to the virus and death–to learn anything about their rights to file claims with the FVT.

I declare under penalty of perjury, under the laws of the United States and of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, CA, on September 30, 2022.

By: */S/ Robert M. Bone*
     Robert M. Bone

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 9

Case: 19-30088   Doc# 13026   Filed: 09/30/22   Entered: 09/30/22 15:19:53   Page 9 of 10

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation fo the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system or by contacting counsel of record.

DATED: September 30, 2022      BLUESTONE FAIRCLOTH & OLSON, LLP

By */S/ Jacob M. Faircloth*
_____
Jacob M. Faircloth
ATTORNEY FOR THE CLAIMANTS

SECOND CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF
CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF ROBERT M. BONE IN SUPPORT THEREOF - Page 10

Case: 19-30088    Doc# 13026    Filed: 09/30/22    Entered: 09/30/22 15:19:53    Page 10 of 10