Steven J. Skikos (SBN 148110)
Gregory T. Skikos (SBN 176531)
**SKIKOS CRAWFORD SKIKOS & JOSEPH LLP**
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: 415-546-7300
Facsimile: 415-546-7301
sskikos@skikos.com
gskikos@skikos.com


Tarik Naber (SBN 255665)
**SKIKOS CRAWFORD SKIKOS & JOSEPH LLP**
701A Fourth Street #209
Santa Rosa, CA 95404
Telephone: 707-757-7610
Facsimile: 415-546-7301
tnaber@skikos.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>vs.<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors**.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE OF STEVEN J. SKIKOS, ESQ. TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE** |

**DECLARATION OF STEVEN SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE**

Case: 19-30088    Doc# 13037    Filed: 10/03/22    Entered: 10/03/22 14:11:28    Page 1 of 6

1) Attached hereto as Exhibit A is a true and correct copy of MDL Plaintiffs' Counsel Sheller P.C.'s Response In Opposition to the Common Benefit Fee And Cost Committee's (FCC's) Petition For an Award of Common Benefit Attorneys' Fees and Expenses, In Re: Ethicon, Inc, Pelvic Repair System Products Liability Litigation at 2, No. 2:12-md-02327 (S.D.W. Va. Jan. 8, 2019) (Doc. No. 7483).

2) Attached hereto as Exhibit B is a true and correct copy of Pretrial Order No. 211, Order Establishing Criteria for Applications to MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit and Appointment of Common Benefit Fee and Cost Committee, In Re: Ethicon, Inc, Pelvic Repair System Products Liability Litigation at 3-4, No. 2:12-md-02327 (S.D.W. Va. Jan. 15, 2016) (Pretrial Order No. 211).

3) Attached hereto as Exhibit C is a true and correct copy of the Common Benefit Fee and Cost Committee's Reply to Sheller P.C.'s Response to its Petition for an Award of Common Benefit Attorneys' Fees and Expenses, In Re: Ethicon, Inc, Pelvic Repair System Products Liability Litigation, No. 2:12-md-02327 (S.D.W. Va. Jan. 24, 2019) (Doc. No. 7496).

4) Attached hereto as Exhibit D is a true and correct copy of Pretrial Order No. 201, Memorandum Opinion and Order, In Re: Boston Scientific Corp., Pelvic Repair System Products Liability Litigation, No. 2:12-md-02326 (S.D.W. Va. Jan. 30, 2019); (Doc. No. 7758).

5) Attached hereto as Exhibit E is a true and correct copy of Pretrial Order No. 327, Memorandum Opinion and Order, In Re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation, No. 2:12-md-02327 (S.D.W. Va. Jan. 30, 2019).

6) Attached hereto as Exhibit F is a true and correct copy of Gore v. Nagel, 858 Fed. Appx. 44, 2021 U.S. App. LEXIS 15908, 2021 WL 2156923.

7) Attached hereto as Exhibit G is a true and correct copy of Bill Wichert, 3rd Circ. Says NJ Cap Doesn't Block Mesh Case Fees In Texas, Law 360, May 27, 2021.

8) Attached hereto as Exhibit H is a true and correct copy of Pretrial Order No. 236, Order

2.
**DEC OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE**

Case: 19-30088    Doc# 13057    Filed: 10/03/22    Entered: 10/03/22 14:11:28    Page 2 of 6

Appointing Cathy Yanni as Special Master for Private Settlement Agreements Between Ethicon and Certain Plaintiffs' Counsel, In Re: Ethicon, Inc, Pelvic Repair System Products Liability Litigation, No. 2:12-md-02327 (S.D.W. Va. Aug. 26, 2016).

9) Attached hereto as Exhibit I is a true and correct copy of Pretrial Order No. 253, Order Appointing Cathy Yanni as Special Master for Private Settlement Agreements Between Ethicon and Certain Plaintiffs' Counsel, In Re: Ethicon, Inc, Pelvic Repair System Products Liability Litigation, No. 2:12-md-02327 (S.D.W. Va. Mar. 29, 2017).

10) I was not Lead Plaintiffs' Counsel in any of the Pelvic Mesh MDLs. I was not on the FCC in the Pelvic Mesh MDLs. I was not appointed in any capacity to any of the Pelvic Mesh MDLs. I had never seen the Sheller Pleading before the Abrams Brief as it was a response to issues related to common benefit fees and costs in the Pelvic Mesh MDLs. My firm was not a party to Sheller Pleading, and, in fact, my firm was not an applicant or a recipient of any common benefit fees or costs in that case.

11) I had no role whatsoever in the common benefit process in the Pelvic Mesh MDLs. I was not a member of the Pelvic Mesh FCC and that the claims contained in the "Sheller Pleading" were not directed at me or my firm in any way, shape, or form. In fact, my firm is nowhere mentioned in the Pleading or in any of the Common Benefit Orders. The claims made by the lawyers in the Sheller Pleading were made in a dispute over which I was never involved; a dispute that was being litigated three thousand miles away without my knowledge or participation.

12) I was not involved in the MDL Court's supposedly inappropriate selection of these "40 private entities" and there has never been a claim that my firm was involved in some cost disclosure issue in that case.

13) The Ethicon MDL was closed in 2021 without a single court filing containing any allegations against my firm or anyone associated with the FVT.

14) As a member of Tort Oversight Committee ("TOC"), I perform significant work to benefit all fire victim claimants. For example, my efforts along with the efforts of BrownGreer, the

3.

DEC OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE 2004 OF BANKRUPTCY PROCEDURE FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE

claims administrator, the FVT, and the TOC have allowed for the successful matching, production, and review of fire claims along with the relevant subrogation files. This process started in December of 2018 and has been ongoing for over three and one-half years. In my role as co-liaison for the North Bay Fires JCCP, work on the Tort Claimants Committee ("TCC"), and work on the TOC, one of my jobs has been to work with the FVT to connect the insurance subrogation data and 53,000 claim files to the actual FVT claims data, for all claimants. These efforts, which involved the review of almost 43 million pages of subrogation records and hundreds of thousands of pieces of data, have served to ensure that all claims are reviewed and resolved in compliance with the principles of the Claims Resolution Procedures.

15) My work with the claims data and BrownGreer also allowed me to supervise the joint uploading of 30,000 bankruptcy Proof of Claims coordinated between BrownGreer and Prime Clerk in just a few weeks, to correctly predict the number of fire victim claimants despite an onslaught of criticism by the shareholders, and successfully move this Court to change the bar date to include over ten thousand more fire victims. These are just some of the few projects I have worked on to benefit the entire fire victim community.

16) Prior to PG&E filing bankruptcy, the fire cases were coordinated in a state court proceeding, JCCP No. 4955. In December 2018, Case Management Order 5 was entered by that court, which I negotiated. CMO 5 confirmed that parties for the individual plaintiffs, defendants, and subrogation plaintiffs would agree to the collection and production of all CMO compliance information and subrogation claim files. BrownGreer was chosen to collect and organize case-specific information in a central repository. Specifically, CMO 5 spoke to the requirements by all parties in the cooperation of exchange of information to be able to match filed fire claims against actual insurance claims paid. This work has been ongoing for over three years

17) My firm has had to divert significant attention to this matter to defend against fraudulent accusations relating to the Pelvic Mesh MDL – claims which were never made against me or my firm in any court, anywhere, ever.

4.
DEC OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE

Case: 19-30088    Doc# 13057    Filed: 10/03/22    Entered: 10/03/22 14:11:28    Page 4 of 6

18) Abrams had a good enough relationship with me that he asked me to help him with his personal claim – which I of course did *pro bono*. I have not ever represented Mr. Abrams. He did thank me for my free help on his claim noting that I went "above and beyond" to do so.

Dated: October 3, 2022                    Respectfully submitted,

By: */s/ Steven J. Skikos*
Steven J. Skikos
**SKIKOS CRAWFORD SKIKOS & JOSEPH LLP**
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: 415-546-7300
Facsimile: 414-546-7301
sskikos@skikos.com

5.

DEC OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, a copy of the foregoing DECLARATION OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE OF STEVEN J. SKIKOS, ESQ. TO WILLIAM B. ABRAMS' MOTION OF WILLIAM B. ABRAMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE was filed via the Court's CM/ECF electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Steven J. Skikos*
Steven J. Skikos

6.
DEC OF STEVEN J. SKIKOS IN SUPPORT OF PARTIAL RESPONSE TO WILLIAM B. ABRAMS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING THE ACTS AND CONDUCT OF JAMS NEUTRALS GIVEN NEW EVIDENCE

Case: 19-30088   Doc# 13057   Filed: 10/03/22   Entered: 10/03/22 14:11:28   Page 6 of 6