# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
      PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION           MDL No. 2327

--------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 211**
**(ORDER ESTABLISHING CRITERIA FOR APPLICATIONS TO MDL 2327 FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT AND APPOINTMENT OF COMMON BENEFIT FEE AND COST COMMITTEE)**

These MDL proceedings have been ongoing for the past several years, and the Court finds that it is the appropriate time to establish the process for reviewing and managing common benefit fees and expenses. The Court is not, by entering this Order, implying that it will immediately begin receiving applications for recovery of fees and expenses from counsel.[1] That will be dealt with in the future as set forth more fully herein. The Court will focus at the appropriate time, based on recommendation from the committee appointed below, on final evaluation of common benefit applications for any counsel who believe that they have legitimate common benefit time and expenses. At this time, the Court is merely identifying a process and the committee who will carry out the process of efficiently reviewing time and expenses and dealing with any ancillary issues or requests that exist or come forth in the short term.

---

[1] In the PTOs already entered by the court on the topic of common benefit attorneys' fees and expenses, counsel who wish to receive common benefit attorneys' fees and expenses have been referred to as "participating counsel" and "eligible counsel." In this order, the court has referred to these individuals more generically as counsel, attorney or firm.

It is **ORDERED** that for time and expenses that have not been submitted to date, counsel are granted 60 days from the date of this Order (1) to submit time and expenses that have not been submitted but are legitimate time or expenses; and (2) to modify already submitted time and expenses to amend or correct any prior submission which is deemed currently inappropriate for consideration for reimbursement.

This Order is entered to set forth the process for the fair and equitable sharing among plaintiffs' counsel of the Common Benefit Fund established by Pretrial Order # 18. This Order is simultaneously being entered in each of the seven MDLs assigned to the court. This Order specifically incorporates by reference herein Pretrial Order # 18 (Agreed Order Regarding Management of Timekeeping, Cost Reimbursement and Related Common Benefit Issues), Pretrial Order # 62 (Agreed Order Establishing MDL 2327 Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit) (as amended by Pretrial Order # 134), and Pretrial Order # 201 (Order Establishing Reporting on Payment to the MDL 2327 Fund).

A. **Appointment of Common Benefit Fee and Cost Committee**

To facilitate an efficient and equitable process for the application and evaluation of all requests for Common Benefit fees or expenses in all the transvaginal mesh MDLs, the Court appoints a committee who is responsible for recommending to the Court the allocation of awards of attorneys' fees and costs to be made by the Court from the MDL 2327 Fund and any other utilization of the funds. Pursuant to the Court's inherent authority over this multidistrict litigation, it is **ORDERED** that the following individuals are **APPOINTED** to serve on the Common Benefit Fee and Cost Committee ("FCC"):

Henry G. Garrard, III
Blasingame, Burch, Garrard & Ashley, PC
440 College Ave., Ste. 320
Athens, GA 30601
706-354-4000
706-549-3545 (fax)
hgg@bbgbalaw.com

Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
843-216-9450 (fax)
jrice@motleyrice.com

Clayton A. Clark
Clark, Love & Hutson, GP
440 Louisiana St., Ste. 1600
Houston, TX 77002
713-757-1400
713-759-1217 (fax)
cclark@triallawfirm.com

Carl N. Frankovitch
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
304-723-4400
304-723-5892 (fax)
carln@facslaw.com

Yvonne Flaherty
Lockridge Grindal Nauen
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
612-339-6900
612-339-0981 (fax)
ymflaherty@locklaw.com

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100

816-531-2372 (fax)
tcartmell@wagstaffcartmell.com

Renee Baggett
Aylstock Witkin Kreis & Overholtz
Suite 200
17 East Main Street
Pensacola, FL 32502
850-202-1010
805-916-7449 (fax)
RBaggett@awkolaw.com

Riley L. Burnett, Jr.
Burnett Law Firm
55 Waugh Drive, Suite 803
Houston, TX 77007
832-413-4410
832-900-2120 (fax)
rburnett@rburnettlaw.com

William H. McKee, Jr.
1804 Louden Heights Road
Charleston, WV 25314
304-546-2347
bmckee@suddenlink.net

The appointment to the FCC is of a personal nature. Accordingly, in the performance of the FCC's functions (such as committee meetings and court appearances), the above appointees cannot allow others to substitute for them in fulfilling this role, including by any other member or attorney of the appointee's law firm, except with prior approval of the Court. The Court has appointed William H. McKee, Jr. d/b/a WHM Resources LLC, to the FCC as a non-attorney participant with no financial interest in the common benefit fund. The Court finds that the duties of Mr. McKee, as a non-attorney participant, do not involve the provision of professional services — legal, accounting, or otherwise. He will be compensated quarterly by the common benefit fund for his service. Such compensation must be approved by the Court. Henry Garrard shall serve as Chairperson of the FCC. The FCC is charged with engaging in confidential discussions as part of

the FCC's function.  Persons not specifically invited by a two-thirds vote of the FCC shall not attend meetings of the FCC.

It shall be the responsibility of the FCC to make recommendations to the Court for reimbursement of costs and apportionment of attorneys' fees for common benefit work and any other utilization of the funds.

B.      **Criteria for Common Benefit Applications**

The Court, in considering any fee award, will give appropriate consideration to the experience, talent, and contribution made by any eligible attorney or law firm submitting an application for reimbursement of costs and apportionment of attorneys' fees from the MDL 2327 Fund for work performed for common benefit. The Court will also give appropriate consideration to "the time and effort expended" and the "type, necessity, and value of the particular legal services rendered." PTO # 62, § 4(b). In making its recommendations to the Court, the over-arching guideline that the FCC must consider is the contribution of each common benefit attorney to the outcome of the litigation. The FCC's considerations should be governed and guided by the following comprehensive statement of general principles:

1.      **The extent to which each firm made a substantial contribution to the outcome of the litigation.**  A law firm may contribute to the outcome of the litigation at any stage of the proceedings, including drafting master pleadings, common written discovery, liability depositions, expert work, briefing, hearings, trials, settlement, and coordination and administration of MDL 2327.  All contributions are not necessarily equal and the FCC shall appropriately weigh the contributions.

2.      **The quality of each attorney or firm's work.** Attention shall be paid to the quality of the work performed separate and apart from the length of time required to perform it. An

attorney or law firm providing common benefit should not be penalized for efficiency, nor should inefficiency be incentivized. The FCC shall consider all work that was a benefit and may likewise consider actions that were detrimental.

3. **The consistency, quantum, duration, and intensity of each attorney or firm's commitment to the litigation.** The level of commitment, from the inception of the MDL through its resolution, demonstrated by a common benefit attorney or law firm shall be considered. The touchstone of common benefit work is that it must inure to the benefit of the claimants as a whole. Accordingly, emphasis should be placed on work product and materials that are provided to counsel to prepare for trial. While the total number of hours spent toward appropriate common benefit activities should be considered, the Court is primarily concerned with substantive contributions and not simply the total number of hours. For example, hours spent developing litigation strategies or preparing for and participating in trials generally provide greater common benefit than hours spent reviewing and coding documents.

4. **The level of experience, reputation, and status of each attorney and firm, including partner participation by each firm.** The extent and nature of participation by partner-level attorneys provides some evidence of the level of commitment to the litigation by attorneys seeking common benefit fees or expenses. Further, the participation and dedication by experienced attorneys from a law firm would provide some evidence of commitment as well.

5. **The jurisdiction in which non-MDL common benefit work occurred.** Common benefit work performed in state court litigation — whether the proceedings are consolidated or not — should be considered to the extent it contributed to the outcome of the litigation and benefitted the MDL. The Court recognizes, particularly to the extent there are agreements between state court attorneys and MDL leadership, that state court attorneys may make an application for

common benefit fees and expenses to be fully considered by the FCC. In order for an attorney's work in state court litigation to be considered for payment from the Common Benefit Fund, settlements from the requesting attorneys must include the five percent assessment provided for in PTO # 62, as amended by PTO # 134. In addition, counsel must comply with the 60-day deadline provided in the introductory paragraph of this Order.

6. **Activities surrounding trials of individual claimants, including bellwether trials, consolidated trials, cases transferred or remanded for trial, and non-MDL trials that impacted proceedings on a common benefit level.** The focus of this inquiry is the role played by counsel at trial. Greater emphasis is placed on substantive contributions made by counsel or the counsel's team at a particular trial that provided a common benefit.

7. **Membership and leadership in positions within the MDL.** Membership and leadership in positions on committees engaged in common benefit work should be considered.

8. **Whether counsel made significant contributions to the funding of the litigation and creation of the Common Benefit Fund.** Contributions to the funding of the litigation include counsel's contributions to the MDL through Plaintiffs' Steering Committee assessments and held costs from expenses related to the common benefit of the litigation. The relationship of the contributions to the amount of funds received pursuant to PTO # 62 (as amended by PTO # 134) should be considered by the FCC.

9. **Commitment to and efforts toward overall resolution of the litigation.** The MDL process brought cases from multiple federal jurisdictions to this Court. The Court placed significant responsibility on certain counsel to actively participate in common resolution of cases and that work and effort should be considered by the FCC.

7

10. **Any other relevant factors.** The FCC will be guided by governing fee jurisprudence in determining the reasonableness of the allocation, including the factors enumerated in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The *Barber* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the size of the fee awards in similar cases. *Id.*

11. The FCC's implementation of this Order and its recommendations to the Court regarding allocation of common benefit fee awards and reimbursement of expenses should be governed and guided by this comprehensive statement of general principles. The FCC is to consider the relative common benefit contribution of each attorney to the outcome of the litigation, including whether the attorney:

    a. Made no known material common benefit contribution to the litigation;

    b. Made isolated material common benefit contributions, but mostly "monitored" the material common benefit efforts of other firms and performed some document review;

    c. Made periodic material common benefit contributions and/or mostly performed document review;

    d. Made consistent material common benefit contributions from inception of the litigation;

    e. Was a leader taking primary responsibility to accomplish the goals of the Plaintiffs' Steering Committee and was heavily relied upon by the Executive Committee and

    provided consistent material common benefit contributions, full-time at times, from inception of the litigation;

  f. Was a senior leader taking primary responsibility to accomplish the goals of the Plaintiffs' Steering Committee, organized others and/or led a team of common benefit attorneys, was heavily relied upon by the Executive Committee and provided consistent material common benefit contributions almost full-time for a substantial time during the litigation; or

  g. Was a senior leader providing maximum senior leadership effort in terms of intensity, consistency, and duration relative to all other common benefit counsel, taking primary responsibility for entire litigation to accomplish the goals of the Plaintiffs' Steering Committee, engaging in overall strategic planning since the inception of the litigation, organizing others and/or leading one or more teams of common benefit attorneys, providing consistent material common benefit contributions, virtually full-time for much of the litigation, and will likely continue to assume a key leadership role for several more years.

Other special considerations here include:

  a. Counsel will not be compensated for work performed without prior authorization by Coordinating Co-Lead Counsel or the Co-Lead Counsel of MDL 2327.

  b. Monitoring and review of work not related to ongoing common benefit assignments is not compensable.

  c. Where work was performed by contract attorneys or professionals, counsel are required to disclose the salary/wage of such contract attorneys and that should be considered by the FCC.

In making its recommendations to the Court, the FCC shall exercise its discretion in evaluating what work and expenses furthered the common benefit of the litigation. The above guidelines provide direction, but do not create entitlements and do not override the independent judgment and discretion of the FCC or the Court.

**C.** **Common Benefit Application Process**

It is the directive of the Court that the FCC begin meeting to discuss the process of reviewing hours that are submitted as of March 15, 2016; determine an application process for applying for fees and expenses; and determine the mechanics of applications and the contents of

the application. It is the directive of the Court that any application that is submitted to the FCC shall be signed by a senior partner of the law firm attesting to its truth and accuracy. In setting out this directive, the Court is not by this Order setting a time by which applications are to be received. That timing will be determined by the Court in consultation with the FCC.

It is the responsibility of the FCC to conduct meetings, at the appropriate time, during which any counsel who has submitted an application for common benefit compensation may, at his or her discretion, separately appear and present the reasons, grounds, and explanation for their entitlement to common benefit fees. Meetings shall be held at locations to be determined by the FCC. The FCC may set a limitation on the time allocated for any presentation.

At the appropriate time, the FCC shall make recommendations of fee allocations and cost reimbursements pertaining to all counsel applying for attorneys' fees and costs. The FCC shall provide to each attorney, notice of recommendations of the FCC as it pertains to that particular attorney. In the event an attorney objects to the FCC's recommendation, a written objection setting forth with specificity the basis of the objection shall be submitted to the FCC within 14 days of being informed of the recommendation. It is the intent of the Court that the FCC bring to the Court a recommendation that has been well vetted and is agreed to by all involved to the fullest extent possible.

After full consideration of objections by counsel, if any, the FCC shall submit the final recommendation of fee allocation and cost reimbursement to the Court. At the appropriate time, the Court will determine the process for consideration of any objections to the final recommendation of fee allocation and cost reimbursement submitted to the Court by the FCC. The Court retains jurisdiction and authority as to the final decisions and awards and allocations of awards for common benefit fees and expenses.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:16-cv-00299. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The orders may be accessed through the CM/ECF system or the Court's website at www.wvsd.uscourts.gov.

ENTER: January 15, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE