# EXHIBIT G

# 3rd Circ. Says NJ Cap Doesn't Block Mesh Case Fees In Texas

By [Bill Wichert](#)

Share us on: By [Bill Wichert](#)

Law360 (May 27, 2021, 8:06 PM EDT) -- The Third Circuit on Thursday declined to revive class claims that lawyers ran afoul of a New Jersey rule capping contingent fees by taking allegedly excessive cuts of settlement awards in Texas pelvic mesh litigation against [Johnson & Johnson](#) and its Ethicon unit, saying the provision didn't apply to the attorney fees.

With the [New Jersey Supreme Court](#) having refused to weigh in on the application of the rule, a circuit panel handed down a nonprecedential opinion upholding U.S. District Judge Madeline Cox Arleo's ruling last year tossing a malpractice suit against [Potts Law Firm](#), [Nagel Rice LLP](#) and other firms from plaintiffs Debbie Gore and Doris Lance-Smith.

On the women's appeal of that decision, the panel found that Texas law — which has no particular cap on contingent fees — governed the claims, noting that their lawyers contemplated suing in the Garden State and "took some clerical steps there," but then "they changed their mind and did everything else in Texas."

"Lawyers must follow the rules of the state where they sue, not those of states where they considered suing. The Texas lawyers toyed with suing in New Jersey, but ultimately did not. Because the New Jersey fee cap does not apply to this Texas attorney's fee, we will affirm," U.S. Circuit Judge Stephanos Bibas wrote in the panel opinion.

The decision comes less than a week after the New Jersey Supreme Court denied a motion from Gore and Lance-Smith to [reconsider its refusal](#) last month to accept a question from the circuit panel with respect to applying the New Jersey rule to the case.

The rule states that an attorney can collect a fee of 33.33% of the first $750,000 recovered and then smaller percentages for subsequent amounts, and that those fees must be based on the "net sum recovered" after deducting expenses. Under retainer agreements signed by Gore and Lance-Smith, their lawyers were permitted to receive 40% of their settlements.

Lance-Smith, an Alabama resident, retained Texas-based Potts in 2012 and the following year, Gore, a Texas resident, retained a Texas firm then known as Steelman & McAdams PC and partner Annie McAdams to pursue claims that they suffered injuries from allegedly defective pelvic mesh products, court documents state.

Case: 19-30088    Doc# 13037-7    Filed: 10/03/22    Entered: 10/03/22 14:11:28    Page 2 of 4

Gore later agreed to McAdams working and splitting attorney fees with a Texas firm then known as Bailey Perrin Bailey LLP, court documents state.

In 2014, each woman filed a master short-form complaint in New Jersey state court "as part of the New Jersey iteration of the mesh litigation," according to Judge Arleo's opinion. New Jersey-based Nagel Rice and firm partner Andrew L. O'Connor were listed as the women's attorneys, with Potts and firm partner Derek Potts listed as co-counsel, the opinion said.

Beyond those complaints being filed, no litigation activity occurred in New Jersey, the judge said.

The settlements and fee awards in question stem from a master settlement agreement reached in 2016 with J&J and Ethicon, the judge said. That deal was administered through a Texas state court case, the judge said. Nagel Rice did not receive any of the fees in question, but Potts and other Texas firms did, the judge said.

Judge Arleo tossed an amended suit on the grounds that Texas law applied to the matter.

In affirming that conclusion, the circuit panel on Thursday pointed to the ties to the Lone Star State, such as how a Texas special master administered the settlements and a Texas state court approved the deals, including the attorneys' fees. The only connection to New Jersey is that "the Texas lawyers filed placeholder cases there before abandoning them," the panel said.

The panel rejected the argument from Gore and Lance-Smith that "New Jersey always applies its own fee cap to attorney's-fee issues," according to its opinion. The panel acknowledged that "the cap protects 'any litigant who properly seeks redress in [New Jersey] courts,'" citing the state Appellate Division's 1989 opinion in Du-Wel Prods., Inc. v. U.S. Fire Ins. Co.

"But by 'any litigant,' Du-Wel meant anyone paying for use of New Jersey courts — not anyone paying for an out-of-state case but trying to escape that fee in New Jersey," the panel said. "As that court also said, New Jersey 'views its counsel-fee rules as inextricably bound to the question of access to [its] courts.'"

The panel further dismissed the women's argument that Nagel Rice was bound by the New Jersey fee cap, pointing out that "local counsel never violated the cap: they neither signed the women's retainer agreements nor got any money under them."

"At best, they failed to ensure that the Texas lawyers obeyed the cap. The Texas lawyers were not bound by the cap, though," the panel said. "So local counsel did nothing wrong."

Thomas F. Quinn of Wilson Elser Moskowitz Edelman & Dicker LLP, representing the Nagel Rice defendants, echoed that point Thursday in a statement to Law360: "We are very pleased with the

court's decision, reaching the correct result that Texas law governed the fee issues and finding that Nagel Rice 'did nothing wrong' regarding fees or otherwise in this matter."

Counsel for the Potts Law Firm defendants declined to comment Thursday. Counsel for the plaintiffs and the McAdams defendants did not immediately respond to requests for comment Thursday.

Circuit Judges Thomas L. Ambro, Stephanos Bibas and Jane R. Roth sat on the panel for the Third Circuit.

Gore and Lance-Smith are represented by Adam M. Slater, David A. Mazie and David M. Freeman of [Mazie Slater Katz & Freeman LLC](#).

The Potts Law Firm defendants are represented by Stephen M. Orlofsky, Adrienne C. Rogove and Michael R. Darbee of [Blank Rome LLP](#).

The McAdams defendants are represented by Mark M. Tallmadge of [Bressler Amery & Ross PC](#).

The Nagel Rice defendants are represented by Thomas F. Quinn and Joanna Piorek of Wilson Elser Moskowitz Edelman & Dicker LLP.

The case is Debbie Gore et al. v. Bruce H. Nagel et al., case number [20-1710](#), in the [U.S. Court of Appeals for the Third Circuit](#).

--Editing by Rich Mills.

*For a reprint of this article, please contact [reprints@law360.com](mailto:reprints@law360.com).*