# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC. PELVIC REPAIR )
SYSTEM PRODUCTS LIABILITY LITIGATION )
) MDL NO. 2327
)
THIS DOCUMENT RELATES TO ALL CASES )
)

**PRETRIAL ORDER # 236**
**(ORDER APPOINTING CATHY YANNI AS SPECIAL MASTER**
**FOR PRIVATE SETTLEMENT AGREEMENTS BETWEEN ETHICON AND CERTAIN**
**PLAINTIFFS' COUNSEL)**

Blasingame, Burch, Garrard & Ashley, P.C. (collectively, "Plaintiffs' Counsel") has entered into a separate Confidential Settlement Agreement (the "Settlement Agreement") with Ethicon, Inc. and related entities defined by agreement as "Ethicon" to resolve the claims related to the implantation of Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement). Under the provisions of the Settlement Agreement, Plaintiffs' Counsel has agreed to seek the approval of this Court to appoint a Special Master to perform certain defined functions related to the administration and implementation of the Settlement Agreement. Plaintiffs' Counsel believes that Cathy Yanni is well-qualified to perform these and other functions discussed below.

Accordingly, Plaintiffs' Counsel request, pursuant to the Court's inherent case management powers, the appointment of Cathy Yanni to assist in the administration and implementation of their settlement with Ethicon, with the authority to:

- Determine that the calculation, allocation, division and distribution of settlement payments among the claimants pursuant to the terms of the Settlement Agreement provides for fair and reasonable compensation for each client based on the facts and circumstances of this litigation, including the risk to all parties of litigation, the cost, the time delay, the medical

evidence, the science, the compensation circumstances, and the inherent risk of litigation generally;

- Serve as mediator to facilitate the resolution of any disputes that may arise related to the categorization and processing of claims under the terms of the Settlement Agreement;

- Serve as arbitrator in binding arbitration for any insurance companies or other third-parties who agree in writing with Plaintiffs' Counsel to submit any disputes regarding whether or not health care coverage and reimbursement claims fall within the scope of the litigation and therefore subject to insurance liens or subrogation rights, and if so, the amount of such liens under terms of the applicable agreement between counsel and the insurer;

- Serve as mediator of claims as jointly requested by Plaintiffs' Counsel and Ethicon; and

- Serve as the final and binding arbitrator on any and all Appeals asserted by claimants to the settlement allocation.

Ethicon does not oppose Plaintiffs' Counsel's request. The Court, pursuant to its inherent authority, and having considered the request, and cognizant of the important public policy of encouraging settlement among litigating parties, hereby issues the following Order.

**IT IS ORDERED THAT:**

1. Cathy Yanni, JAMS, Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, is hereby appointed as the Special Master for the administration of the settlement reached between Blasingame, Burch, Garrard & Ashley, P.C., and Ethicon, related to the implantation of Ethicon Pelvic Mesh Products (as defined in the Settlement Agreement).

2. The duties of the Special Master shall be as set forth in the Settlement Agreement entered into between Plaintiffs' Counsel and Ethicon. A purpose of this Order is to provide all

2

Case: 19-30088    Doc# 13037-8    Filed: 10/03/22    Entered: 10/03/22 14:11:28    Page 3 of 8

parties and their counsel with notice of the availability of the Special Master to assist in the process of settling claims related to Ethicon Pelvic Mesh Products.

3. In furtherance of the fair and efficient administration and implantation of the settlements, the Special Master may have *ex parte* communications with the parties to the Settlement Agreement, Plaintiffs' Counsel and their clients, Ethicon and its counsel, or the Court, and such *ex parte* communications shall not be deemed to have waived any attorney-client privileges.

4. The Special Master shall be compensated privately as specified respectively in the Settlement Agreement or by agreement with the Special Master. The Court will approve all compensation made to the Special Master. The Court approves payment of the Special Master in accordance with the following:

    a. Claimants and Plaintiffs' Counsel and the Special Master agree that the JAMS will receive a payment of $300.00 per case or claim which is the subject of the Settlement Agreement, plus $10,000.00 per calendar quarter commencing with the calendar quarter in which the Settlement Agreement is entered, and $2,000.00 per appeal for any claim which is the subject of an appeal to the Special Master.

5. Subject to approval and Order of the Court, any firm settling claims against Ethicon related to its pelvic repair system products may engage the Special Master to perform the duties as set forth in that party's settlement agreement. When so approved by the Court, this Order shall apply.

6. An affidavit by the Special Master has been submitted and is attached hereto.

7. The Special Master shall report to the Court on a quarterly basis or as requested by the Court.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:16-08640. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

        ENTER: September 8, 2016

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION

MDL Docket No. 2327

The Hon. Joseph R. Goodwin

This Document Relates to All Cases

## AFFIDAVIT OF CATHY YANNI

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF SAN FRANCISCO    )

CATHY YANNI, being duly sworn, deposes and says:

1. I am an attorney at law licensed to practice law in the state of California. I am in good standing.

2. I was admitted to the California Bar in December 1982. In 1994, I became a Discovery Referee for the San Mateo Superior Court. I left that position in December 1997 to join JAMS in 1998. I have been a full-time neutral with JAMS, San Francisco, from 1998 to the present.

3. In 2016 I was recognized as a "ADR Champion" by the National Law Journal. In 2014 and 2015, I was honored for being a Woman Leader in the Law, *ALM Publications*. In 2013 I was named a *Daily Journal* Top Master. I was recognized by the *Daily Journal* as a Top 50 California Neutral in 2003 to 2005 and 2010 to 2012, a Top 40 California Neutral in 2007 and

1

2008, and a Top 30 California Neutral in 2006. I have an "AV Preeminent" rating with Martindale-Hubble.

4. Over the past 17 years, I have acted as a Special Master, mediator or arbitrator in over 10,000 matters. I was appointed by the Hon. Joseph R. Goodwin to act as the Special Master for certain private settlement agreements between Covidien, C.R. Bard, Boston Scientific and Coloplast and certain Plaintiffs' counsel.

5. I was appointed Special Master for implementation and appeals by the Honorable David A. Katz, Northern District of Ohio In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation. I was appointed Settlement and Discovery Special Master by The Hon. Dan Polster, Northern District of Ohio, in *Gadolinium Contrast Dyes Product Liability Litigation*. I was appointed Special Master by The Hon. Richard Kramer, Superior Court of California, San Francisco County for the *Gadolinium Contrast Dyes Product Liability Litigation*. I served as Special Master for the *St. Jude Riata Lead Wire Medical Device Litigation*. I served as Special Master for *Kelly v. Xoft*, and allocated funds for claims arising out of alleged tungsten migration used in breast cancer treatment. I was appointed Special Master by the Hon. Wynne Carvill, Superior Court of California, Alameda County for the *Medtronic Infuse Litigation* to oversee, administrate and allocate an inventory settlement.

6. I was appointed Special Master in the *PPA* Consolidated Cases by The Hon. Anthony Mohr, Superior Court of California, Los Angeles County, for all remaining PPA cases (Phenylpropanolamine, an additive in over the counter diet and cold medications). I was appointed Federal Mediator in *Baycol MDL* by The Hon. Michael J. David, District of Minnesota. I was appointed Settlement Special Master in the *Bextra MDL* to allocate and distribute multi-million dollar settlement proceeds. I was appointed Settlement Special Master in the *Ortho Evra MDL* to design and implement allocation of multi-million dollar settlement proceeds to claimants. I was appointed Settlement Special Master in the *Zicam I and II MDL* for allocation of settlement proceeds. I was appointed Settlement Special Master in the *Zyprexa I and II MDL* by The Hon.

2

Jack Weinstein, Eastern District of New York, to design and implement claims administration process and allocation of a $800 million dollar settlement. Finally, I was appointed Federal Mediator in *Silicon Gel Breast Implant Litigation* by The Hon. Denise Hood, US District Court Eastern District Michigan.

7. I have thoroughly familiarized myself with the issues involved in the case captioned above, as a result of my knowledge of that case, I can attest and affirm that there are no grounds for disqualification that would prevent me from serving as a Special Master in the above captioned matter. I have reviewed the pleadings, medical information and scientific information pertaining to mesh cases generally and specifically as it relates to the litigation involving Ethicon, Inc. manufactured products. I will use the information gathered and my experience in performing my duties as Special Master.

_____
CATHY YANNI

Sworn to before me this
26th day of August, 2016

_____
NOTARY PUBLIC

K. CLERICI
Commission No. 2120380
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires AUGUST 19, 2019