# Lorena Parada

| | |
|---|---|
| **From:** | Will Abrams <end2endconsulting@gmail.com> |
| **Sent:** | Sunday, October 2, 2022 5:14 PM |
| **To:** | Lorena Parada |
| **Cc:** | dmolton_brownrudnick.com; jtrotter@fvtadmin.com; Cicero, Gerard T.; stephen.karotkin@weil.com; theodore.tsekerides@weil.com; William D. Kissinger; Amy Bach; Steven Skikos; Sieger-Grimm, Susan; fpitre@cpmlegal.com; mkelly@walkuplawoffice.com; scampora@dbbwc.com; ecabraser@lchb.com; Amanda Riddle; robins@robinscloud.com; geraldsingletonlaw@gmail.com |
| **Subject:** | Telephonic Conference Request: Case#19-30088(DM) Motions for Discovery |

**CAUTION - EXTERNAL:**

Ms. Parada:

As a pro se party, I have been following the procedures outlined within Court Orders that require parties to meet and confer regarding discovery disputes. These orders were reiterated and restated by Judge Montali at the preliminary hearing held on June 7, 2022. Additional Debtor discovery requirements to meet and confer within 5 days of notice are stipulated within the August 6, 2019 *"Confidentiality and Protective Order"* [Dkt. 3405]. Despite notice and multiple good-faith efforts and email communications requesting to meet and confer and further the resolution of these discovery disputes, parties have not responded and refused to meet. These requests were sent via email to (1) Justice Trotter and Counsel (2) Ms. Cathy Yanni and Counsel (3) Debtors and Counsel and (4) Trust Oversight Committee Members. Please, let me know if you require copies of these email correspondences. The lack of responsiveness from the parties copied on this email has prompted me to send this formal request for telephonic conferences with Judge Montali and these parties in accordance with my understand of the **February, 2022 "Practices and Procedures in Judge Montali's Court" (Section III (F)) which states the following:**

> *"Judge Montali will generally hold a telephonic conference to resolve a discovery dispute (including any disputes regarding FRBP 2004 examinations) in lieu of formal motions to compel or quash discovery. (See B.L.R. 1001-2(a)(46) and Civil L.R. 37-1(a) and (b)). Parties should comply with the procedures set forth in Civ. L.R. 37-1. To schedule a telephonic conference regarding a discovery dispute, counsel should contact Ms. Lorena Parada, Courtroom Deputy/Calendar Clerk, at 415-268-2323 or Lorena_Parada@canb.uscourts.gov. Counsel requesting the telephone conference should **send a brief e-mail describing the dispute to Ms. Parada, with a copy to opposing counsel**; opposing counsel may e-mail a brief response. Any request for sanctions relating to a discovery dispute must be made by separate noticed motion."*

I propose that "telephonic conferences" be held separately with each of the parties in receipt of my separate discovery requests given that each of these parties have refused to meet and confer on their own accord. These conferences would be set at the convenience of the Court and parties as follows:

> **1)**
> **Cathy Yanni, Current Trustee -** This telephonic conference would include Judge Montali, Ms. Yanni, Trustee Counsel, TOC Members and Abrams to seek process remedies as I identified within the Motion for Trust Discovery [Dkt. 12440], subsequent reply and those related motions filed by the Trustee
> **2)**
> **Justice Trotter, Former Trustee -** This telephonic conference would include Justice Trotter, J. Trotter's Counsel, JAMS executive(s), JAMS Counsel and Abrams to seek process remedies to address the issues identified within the Motion for JAMS Discovery [Dkt. 12766]
> **3)**
> **Debtors Discovery -** This telephonic conference would include the Debtors, Debtors' Counsel and Abrams to seek process remedies to address the issues identified within the Motion for Debtor Discovery [Dkt. 12995] and in accordance with the Confidentiality and Protective Order referenced above.

Respectfully, I request that these meetings be held sooner rather than later to expedite resolution. I also recognize that "Civil Local Rule 37-1(a)" also applies as referenced within the "Practices and Procedures in Judge Montali's Court" which states the following:

> *"Conference Between Counsel Required. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.* ***If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.***"

# I have not filed a motion to request sanctions of these parties in accordance with this provision. However, to whatever extent sanctions are independently sought by the Court for "refusal or failure to confer," I respectfully request that the required payments be in the form of a deposit into the PG&E Fire Victim Trust and not to Abrams as the "moving party." Please note, I am only seeking these telephonic conferences and citing these local rules related to sanctions because parties have not responded to my repeated good-faith requests to remedy these critical issues in the best interests of victims. Instead they have chosen to block reasonable discovery and disclosures at every turn. I have always initially sought to resolve these issues through meetings as less intrusive and less costly remedies compared to formal Motions within the Court. Despite parties failure to

2
Case: 19-30088    Doc# 13040    Filed: 10/02/22    Entered: 10/04/22 12:13:33    Page 2 of 3

comply with meet and confer processes, it is my sincere hope that parties will now collaborate and find remedies to these critical issues that are causing immeasurable pain and suffering to victims.  However, if parties refuse to meet and confer, it unfortunately leaves me and other victims with few options other than filing added motions around these and other issues.

The Trust Oversight Committee has not stepped up to address these issues so victims like me have felt compelled to engage and continue to experience prolonged hardships and related costs due to our engagement within these matters and without the benefit of legal training.  Given this lack of legal expertise, I apologize in advance if I am not interpreting the above processes, procedures and local rules in the correct manner.  As a pro se claimant, I am not familiar with the intricacies of these processes but have trust in the Court that a fair and just process will be identified in the best interests of all parties.  **I hope that this provides the necessary *"brief email describing the dispute"* as required by the "Practices and Procedures in Judge Montali's Court" for requesting these telephonic conferences.  However, if additional background is needed please let me know.**

Respectfully submitted,

Will Abrams
Pro Se Claimant
(707) 397-5727

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.