# Lorena Parada

**From:** Cicero, Gerard T. <GCicero@brownrudnick.com>
**Sent:** Monday, October 3, 2022 9:41 AM
**To:** Lorena Parada
**Cc:** Will Abrams; dmolton_brownrudnick.com; 'jtrotter@fvtadmin.com'; Karotkin, Stephen; Liou, Jessica; Slack, Richard; theodore.tsekerides@weil.com; Kissinger, William D. (william.kissinger@morganlewis.com); Amy Bach; Steven Skikos; Sieger-Grimm, Susan; Frank Pitre; Michael A. Kelly; scampora@dbbwc.com; ECABRASER@lchb.com; Amanda Riddle; Bill Robins; Gerald Singleton
**Subject:** RE: Telephonic Conference Request: Case#19-30088(DM) Motions for Discovery

**CAUTION - EXTERNAL:**

Ms. Parada:

I write at the request of David Molton, counsel for the Fire Victim Trust, on behalf of the Fire Victim Trust in response to the below email from Mr. Abrams. Mr. Abrams's request for a Court supervised meet and confer / conference and request for sanctions should be denied.

There has been no Rule 2004 discovery ordered to which the Trust has not complied – making Mr. Abrams's reliance on this Court's practice guidelines inapposite. Mr. Abrams is not a party to the Protective Order he references nor do the meet and confer protections provided in that document apply to his requests for authority to serve Rule 2004 discovery in the first instance.

Additionally and importantly, Mr. Abrams's prior informal requests to the Trust that he references *and* his request in the below email are substantively defective – they are not requests for meet and confers. Instead, Mr. Abrams requests sessions with principals, e.g., the targets of his discovery such as Ms. Yanni and Justice Trotter. In our view, Mr. Abrams's requests are, in effect, aimed at obtaining an oral interrogatory session/deposition with his discovery targets and achieve the substantive goal of his motions that he has filed and to which the Fire Victim Trust has or will be responding as directed by the Court. This intent is further reflected in his below email where he requests attendance by principals to:

- "to seek process remedies as I identified within the Motion for Trust Discovery"
- "to seek process remedies to address the issues identified within the Motion for JAMS Discovery"
- "to seek process remedies to address the issues identified within the Motion for Debtor Discovery"

This is not a proper request under this Court's "Practices and Procedures" even if there was pending discovery that would make the "Practices and Procedures" applicable, which there is not.

While the Trust, of course, always strives to resolve disputes consensually and without the need for this Court's intervention, it has become clear that continued informal discussions with Mr. Abrams surrounding his requests for information will not resolve his requests to both his and the Trust's satisfaction. This is demonstrated by Mr. Abrams's below request seeking to reopen his "Motion for Trust Discovery" for a conference with Trust principals "to seek process remedies as I identified within the Motion for Trust Discovery."

Instead, the Trust will continue to adhere to the procedures that the Court outlined in its June 10, 2021 order [Dkt. No. 10768] which the Court has, from the Trust's perspective, continued to apply to Mr. Abrams's Rule 2004 Motions. That is, if the Court would benefit from a response from the Trust (or any other person or entity) in considering Mr. Abrams's filings, prior to any hearing, the Trust or such person or entity will be given the opportunity to respond in writing at the Court's request.

Thank you for your and the Court's consideration of this matter.

Respectfully submitted,

**brownrudnick**

**Gerard T. Cicero**

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212.209.4939
F: 212.938.2883
M: 732.757.1440
gcicero@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail