| | |
|---|---|
| KELLER BENVENUTTI KIM LLP | ROVENS LAMB LLP |
| Jane Kim (#298192) | Steven A. Lamb (#132534) |
| (jkim@kbkllp.com) | (slamb@rovenslamb.com) |
| David A. Taylor (#247433) | 2601 Airport Drive, Suite 370 |
| (dtaylor@kbkllp.com) | Torrance, CA 90505 |
| Thomas B. Rupp (#278041) | Tel: 310 536 7830 |
| (trupp@kbkllp.com) | |
| 650 California Street, Suite 1900 | LAW OFFICES OF JENNIFER L. DODGE INC. |
| San Francisco, CA 94108 | Jennifer L. Dodge (#195321) |
| Tel: 415 496 6723 | (jdodgelaw@jenniferdodgelaw.com) |
| Fax: 650 636 9251 | 2512 Artesia Blvd., Suite 300D |
| | Redondo Beach, California 90278 |
| | Tel: (310) 372.3344 |
| | Fax: (310) 861.8044 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REPLY IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 2090 FILED BY AMIR SHAHMIRZA**<br><br>**[Related to Dkt. No. 12130]**<br><br>Date: October 11, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this reply (the "**Reply**") in support of the objection (the "**Objection**")[1] to Proof of Claim No. 2090 (the "**Proof of Claim**") filed by Amir Shahmirza ("**Claimant**" or "**Shahmirza**"), and further state the following:

## I. PRELIMINARY STATEMENT

Mandatory abstention is unavailable in a core proceeding such as this claim objection, and Claimant does not present a compelling case for the unusual step of permissive abstention. Abstention would only create delay and burden the parties, and the State Court — which has never taken any substantive action on Claimant's lawsuit — would be in a worse position than this Court to adjudicate the Claim.

Moreover, the Reorganized Debtors submit that the record already presented is sufficient for the Court to disallow the Proof of Claim as a matter of law. Claimant acknowledges that PG&E's easements exist on the Property and has offered no persuasive legal authority that they have been extinguished or otherwise transferred. Accordingly, Claimant has not met and cannot meet his burden on an essential element of his claim for trespass. The Proof of Claim should therefore be disallowed and expunged.

## II. ABSTENTION IS NEITHER NECESSARY NOR APPROPRIATE.

### A. Mandatory Abstention Is Unavailable.

Mandatory abstention only applies to matters over which a bankruptcy court has "related to" jurisdiction:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

28 U.S.C. § 1334(c)(2). The allowance or disallowance of the Proof of Claim is a core proceeding. 28 U.S.C. § 157(b)(2)(B); *see also Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*, 96 F.3d 346, 353 (9th Cir. 1996) (once creditor files proof of claim, it "subject[s] its claim to the core jurisdiction of the bankruptcy court"). Claimant attempts to escape this straightforward conclusion by arguing that "[t]he Lawsuit to be adjudicated is not, however, a core proceeding." Opp'n at 10. Of course, PG&E did not object to "the Lawsuit," but rather to the Proof of Claim filed in these Chapter 11 Cases. There are no claims in the lawsuit other than those asserted in in the Proof of Claim.

Because an indispensable requirement for mandatory abstention is missing here, the Court should not, and indeed cannot under the rules, abstain from adjudicating the Proof of Claim under 28 U.S.C. § 1334(c)(2).

**B. Permissive Abstention Would Not Be Appropriate.**

A bankruptcy court *may* abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts must be "sparing" in their exercise of permissive abstention, and may abstain only for a few "extraordinary and narrow exceptions." *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 607 (S.D.N.Y. 2008); *accord In re Residential Capital, LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014) ("A federal court must be 'sparing' in its exercise of permissive abstention 'because [it] possess[es] a virtual unflagging obligation . . . to exercise the jurisdiction given [to it]." (quoting *Kirschner v. Grant Thornton LLP (In re Refco, Inc. Sec. Litig.)*, 628 F. Supp. 2d 432, 446 (S.D.N.Y. 2008))).

"The standard for abstention is heightened where the proceeding involves the allowance or disallowance of a claim." *Lebenthal Holdings, LLC v. South St. Sec. Holdings Inc. (In re Lebenthal Holdings, LLC)*, 2018 Bankr. LEXIS 2217, at *12-13 (Bankr. S.D.N.Y. July 27, 2018). "A bankruptcy court has an inherent responsibility to exercise its jurisdiction to effectuate one of the core features of the bankruptcy process itself—the claims resolution process." *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)*, 609 B.R. 101, 113 (Bankr. D. Del. 2019).

There is no compelling reason for the Court to exercise permissive abstention here. The Court is in the best position to adjudicate the Proof of Claim. The lawsuit is a single dispute between the Debtors and Claimant, concerning fundamental property law issues that the Court is readily able to

adjudicate, and the State Court did not take any action during the brief period when the case was pending prior to the commencement of the Chapter 11 Cases.

In the *Winding Creek* appeal that arose from these Chapter 11 Cases, Judge Gilliam cited the factors courts use in deciding whether the interest of justice or the interest of comity with state courts counsel in favor of permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficulty or unsettled nature of the applicable law,
>
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (7) the substance rather than form of an asserted 'core' proceeding,
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) the burden of [the bankruptcy court's] docket,
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
>
> (11) the existence of a right to a jury trial, and
>
> (12) the presence in the proceeding of nondebtor parties.

*Winding Creek Solar LLC v. Pac. Gas & Elec. Co.*, 2021 U.S. Dist. LEXIS 132282, at *13-14 (N.D. Cal. July 15, 2021) (citing *In re Eastport Assoc.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991)); *see also In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990). Claimant does not cite these factors but does make a vague argument that aligns with factor (1), arguing that "[t]he adjudication of the Lawsuit does not have a material bearing on the Debtors' reorganizational efforts that have already achieved confirmation of a Chapter 11 Plan." Opp'n at 12. Leaving aside the fact that the resolution of claims

is a major component of most bankruptcy cases and is the Reorganized Debtors' main focus at this juncture of these Chapter 11 Cases, courts note that "[p]ermitting the dispute to be litigated [in another forum] only for the outcome to then be brought back and applied in the Court is anything but efficient where the dispute implicates the claims resolution process." *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)*, 609 B.R. 101, 113 (Bankr. D. Del. 2019) (citing *Davis v. State of California (In re Venoco, LLC)*, 596 B.R. 480, 493 (Bankr D. Del. 2019)). Indeed, Claimant's reference to plan confirmation is a misapprehension of factor (1), which relates to "administration of the estate" and not the specific topic of plan confirmation. Part of estate administration is the ongoing post-confirmation reconciliation of thousands of proofs of claim filed in the Chapter 11 Cases. As argued below, Shahmirza has not even met his burden with respect to the Claim, and the Court is in a position to rule in favor of the Reorganized Debtors as a matter of law at the hearing. It is therefore all but certain that the Proof of Claim will be adjudicated more rapidly in the Bankruptcy Court than in the State Court.

The Opposition also argues that the State Court "stands ready" to adjudicate the Proof of Claim and relieve the Bankruptcy Court of the time and burden, which touches on factors (2) and (9). Opp'n at 12. But the Proof of Claim is far from the only state law claim that will be adjudicated by this Court in the Chapter 11 Cases. Indeed, the Court has even already adjudicated a state law regarding easements. *See Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392]. Furthermore, "the state law issues arise in the context of an objection to a proof of claim and affirmative claims whose resolution will necessarily be resolved in that context. Thus, while this factor favors abstention, it is not dispositive." *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.)*, 609 B.R. 101, 113 (Bankr. D. Del. 2019) (citing *Penson Techs. LLC v. Schonfeld Grp. Holdings LLC (In re Penson Worldwide, Inc.)*, 587 B.R. 6 (Bankr. D. Del. 2018); *see also Wilson v. Residential Capital, LLC (In re Residential Capital, LLC)*, 2014 Bankr. LEXIS 3045, at *2 (Bankr. S.D.N.Y. July 7, 2014) (noting that "most proofs of claim in bankruptcy cases" involve state law claims).

As to the state court being "ready" to decide the Proof of Claim, that can only be true in the broadest possible sense. A complaint was filed less than three months before the Petition Date, and as

the docket of the State Court Action that Claimant attached to his Opposition shows, the State Court has yet to take any substantive action. *See* Opp'n Ex H, Dkt. No. 12572-1   While PG&E filed a motion to dismiss in January 2019, it was withdrawn shortly after the State Court Action was stayed by the filing of the Chapter 11 Cases.  The parties would essentially be starting from scratch, beginning litigation nearly three years after the initial complaint was filed.

Moreover, the Reorganized Debtors expect that adjudication of the Proof of Claim will be straightforward and, as detailed below, submit that it can be decided at the first hearing as a matter of law.  Even if the Court does not grant the Objection at the hearing, there would be only minimal fact-gathering to serve as a prelude to dispositive motions or a brief evidentiary hearing.  The evidence involved will be principally recorded documents and undisputed facts.  The property law at issue is fundamental, and not a complex state law or regulatory regime.  The Court will already be familiar with the issues in the Proof of Claim by the time of the October 11 hearing.  By then, if the Court does not grant the Objection as a matter of law, the parties can prepare a schedule for any discovery and dispositive motions.  If the Court were to abstain, the parties would be back to square one in State Court, having to start fresh before a new judge.  This Court is clearly in the best position to bring this dispute to its close.

### III.     THE CLAIM SHOULD BE DISALLOWED AND EXPUNGED BECAUSE CLAIMANT HAS FAILED TO MEET HIS BURDEN OF PROOF.

The Reorganized Debtors seek disallowance of the Proof of Claim under section 502(b)(1) of the Bankruptcy Code because Claimant cannot prove the claims therein by a preponderance of the evidence.  Through the Objection and the Lamb Declaration [Dkt. No. 12131], the Reorganized Debtors have shifted the burden of proof of the merits of the Claim to Claimant. *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

Claimant cannot carry his burden. Indeed, Claimant's own Surveyor's Report references a number of PG&E easements. It includes a plat diagram that clearly sets forth "Easement for Electrical Facilities" and "Easement for Steel Towers & Wires." *See* Chicago Title Company Title Order No. FWTO 3771800128 [Dkt. No. 12131-4 at 59] (Items 8 and 10). It is black-letter law in California that easements pass with the transfer of property, and that is so irrespective of whether the easements are reflected in the subsequent title conveyance document. *Bartholomae Corp. v. W. B. Scott Inv. Co.*, 119 Cal. App. 2d 41 (1953) (transfer of real property passes all easements attached thereto unless expressly excepted by terms of the deed); *see also Kosich v. Braz*, 247 Cal. App. 2d 737 (1967) (where easement is in use and is open and apparent, the subsequent purchaser of the fee is put on notice and takes subject to the easement); *St. Louis v. DeBon*, 204 Cal. App. 2d 464 (1962) (easements appurtenant to land conveyed pass with land without specific mention). The power lines have been in service at the same location for nearly a century, and Claimant's complaint in the State Court Action even admits that PG&E's power lines crossed the Property at least since when Komir purchased the Property in 2000. *See* Dkt. No. 12131-1 at 8.

The declaration of Claimant's surveyor (the "**Mahoney Declaration**") [Dkt. No. 12572-2] merely asserts that PG&E has never recorded a Record of Survey. But a record of survey is not an instrument of conveyance and does not have any impact on easements that run with the Property. *See, e.g.*, *Stearns v. Title Ins. & Trust Co.*, 181 Cal. App. 3d 162, 169 (1971); *Tract Development Services, Inc. v. Kepler*, 199 Cal. App. 3d 1374, 1383 (1988) (*citing Lemos v. Farmin*, 128 Cal. App. 195, 199 (1932)) (recorded record of survey that did not reference an easement did not have any impact on the easement because "an easement [is] a right of way [ ] incident to the land and passes with it unless expressly excepted by the terms of the deed").

Claimant is correct that, *where factual disputes exist that cannot be resolved*, a status conference and additional discovery and presentation of evidence is warranted. There is, however, no need for a further proceeding if Claimant has failed to meet his burden of proof. Moreover, a Claimant cannot take inconsistent positions to support overruling an otherwise valid objection to a claim. *See, e.g.*, *Plise v. Krohn (In re Plise)*, No. 14-1474, 2015 Bankr. LEXIS 1145 (B.A.P. 9th Cir. Mar. 19, 2015). As the Ninth Circuit explained, the doctrine of judicial estoppel protects against "a litigant

playing 'fast and loose . . . by asserting inconsistent positions.'" *Plise v. Krohn*, 2015 Bankr. LEXIS 1145, at *23 (*citing Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1210 (9th Cir. 1988)). By disputing the existence of the easements while producing a plat diagram reflecting those easements, Claimant has done just that.

Because the Claimant has failed to meet his burden of proof, the Objection should be sustained and the Proof of Claim disallowed at the October 11 hearing.

### IV. LOCAL RULE 3007-1(b)

Bankruptcy Local Rule 3007-1(b) states that "[w]here a factual dispute is involved, the initial hearing on an objection shall be deemed a status conference at which the Court will not receive evidence." The Reorganized Debtors submit that the allegations in the Proof of Claim can be resolved as a matter of law at the hearing. However, should the Court request additional briefing or determine that factual disputes are present, the Reorganized Debtors will seek a schedule for limited discovery as well as for summary judgment briefing and argument.

### V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to the Proof of Claim on any ground, and to amend, modify, or supplement this Objection to the extent the Objection is not granted. A separate notice and hearing will be scheduled for any such further objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Proof of Claim on any other grounds that the Reorganized Debtors may discover or deem appropriate. The Reorganized Debtors also reserve the right to assert any counterclaims or affirmative defenses, whether in connection with this Objection or in an adversary proceeding or other litigation, which counterclaims and defenses are expressly reserved.

### VI. CONCLUSION

For the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter and order disallowing and expunging the Proof of Claim.

Dated: October 4, 2022

**KELLER BENVENUTTI KIM LLP**
**ROVENS LAMB LLP**
**LAW OFFICES OF JENNIFER L. DODGE INC.**

By: _/s/ Steven A. Lamb_
      Steven A. Lamb

*Attorneys for Debtors and Reorganized Debtors*