**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION MODIFYING PLAN INJUNCTION (SONOMA COUNTY WATER AGENCY)** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Sonoma County Water Agency ("**Sonoma Water**"), on the other hand (collectively, the "**Parties**"), by and through the undersigned counsel, hereby stipulate and agree as follows:

### RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. Sonoma Water filed Proofs of Claim Nos. 78051 against the Utility and 76605 and 78416 against PG&E Corp. (collectively, the "**Proofs of Claim**"), each asserting a claim in excess of $100,000,000 in connection with the Potter Valley Hydroelectric Project, FERC Project No. 77 (the "**Project**") located in Mendocino and Lake Counties, alleging, among other things, a claim for anticipatory breach of that certain water delivery agreement between the Utility and Potter Valley Irrigation District dated March 30, 1936 (the "**Contract**").[2]

C. Mendocino County Inland Water and Power Commission ("**MCIWPC**") separately filed Proof of Claim No. 86469 against the Utility (the "**MCIWPC Proof of Claim**"), also asserting a claim in excess of $100,000,000 in connection with the Project, and also alleging, among other things, a claim for anticipatory breach of the Contract, and a claim for waste. In its

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

[2] Sonoma Water also filed Proof of Claim No. 75444, which was disallowed and expunged as a duplicative claim by Order dated September 28, 2020 [Dkt. No. 9155].

Proofs of Claim, Sonoma Water proposed a coordinated approach on its Proofs of Claim and the MCIWPC Proof of Claim.

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F. Section 2.1 of the Plan provides as follows: "any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities."

G. Section 1.62 of the Plan defines Environmental Claim as "any Claim under any Environmental Law[3]; provided, however, that Environmental Claims shall not include (x) any Claim for personal injury (including, but not limited to, sickness, disease or death) or (y) any Fire Claim." Utility Environmental Claims are any Environmental Claims against the Utility. Plan § 1.217. Section 4.30 of the Plan provides that "[o]n and after the Effective Date, each holder of a Utility Environmental Claim shall be entitled to pursue its Claim against Reorganized Utility as if the

---

[3] Pursuant to Section 1.63 of the Plan, "**Environmental Law**" means all federal, state and local statutes, regulations, ordinances and similar provisions having the force or effect of law, all judicial and administrative judgments, orders, agreements, permits, licenses, tariffs, determinations, and all common law, in each case concerning, in whole or in part, pollution, hazardous substances or waste, water quality, conservation or other protection of the environment, human health, safety, and welfare.

Chapter 11 Cases had not been commenced, and each Environmental Performance Obligation[4] against Utility shall also survive the Effective Date as if the Chapter 11 Cases had not been commenced."

H.     On September 9, 2021, MCIWPC entered into a stipulation with the Debtors to modify the Plan Injunction to permit MCIWPC to pursue the claims asserted or described in the MCIWPC Proof of Claim (including the rights preserved and/or reserved in the MCIWPC Proof of Claim) and any remedies associated therewith outside of the Chapter 11 Cases as if the Chapter 11 Cases had not been commenced [Dkt. No. 11214] (the "**MCIWPC Stipulation**"), as more fully described in the MCIWPC Stipulation. The MCIWPC Stipulation was approved by the Bankruptcy Court by order entered September 10, 2021 [Dkt. No. 11241] (the "**MCIWPC Approval Order**").

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1.     Upon the date of the entry of an order approving this Stipulation, the Plan Injunction and any potentially applicable Plan provision is modified, to the extent necessary, to permit Sonoma Water to pursue the claims asserted or described in the Proofs of Claim (including the rights preserved and/or reserved in the Proofs of Claim) and any remedies associated therewith outside of these Chapter 11 Cases as if the Chapter 11 Cases had not been commenced.

2.     Nothing herein is intended, nor shall it be construed, to be a waiver or relinquishment by the Reorganized Debtors or Sonoma Water of any rights, claims, causes of action, rights of setoff, counter-claims, objections, arguments, or any legal or equitable defenses (including any rights, claims, causes of action, rights of setoff, counter-claims, objections, arguments, or any legal or equitable defenses that the Parties had immediately prior to the Petition Date), against or with

---

[4] Pursuant to Section 1.64 of the Plan, "**Environmental Performance Obligation**" means an obligation or requirement arising from any consent decree, permit, license, tariff, Cause of Action, agreement, injunction, cleanup and abatement order, cease and desist order, or any other administrative or judicial judgment, order or decree under any Environmental Law that is not a Claim and does not arise from any Fire.

respect to Sonoma Water's claims or otherwise relating to or in connection with the Project or the Contract.

3. Upon the date of the entry of an order approving this Stipulation, the Reorganized Debtors or their agents shall be authorized to adjust the claims register to reflect the expungement of the Proofs of Claim.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

5. For the avoidance of doubt, nothing in this Stipulation or the order approving this Stipulation shall affect or amend the MCIWPC Stipulation or MCIWPC Approval Order.

6. This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: October 6, 2022

KELLER BENVENUTTI KIM LLP

*/s/ Jane Kim*
Jane Kim

*Attorneys for Debtors
and Reorganized Debtors*

Dated: October 6, 2022

COUNTY OF SONOMA
SONOMA COUNTY WATER AGENCY

*/s/ Adam Brand*
Adam Brand

*Chief Deputy County Counsel,
County of Sonoma*