WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' OBJECTION TO MOTION OF WILLIAM B. ABRAMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY AND HEARINGS REGARDING DEBTORS' ACTS, CONDUCT AND AGREEMENTS THAT MAY OBSTRUCT OR LIMIT THE JUST AND FAIR MANAGEMENT OF THE FIRE VICTIM TRUST** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **[Related to Docket Nos. 12995, 12996, 13000, 13005, 13044]** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this objection and response (the "**Objection**") to the *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding Debtors Acts, Conduct and Agreements That May Obstruct or Limit the Just and Fair Management of the Fire Victim Trust*, dated September 22, 2022 [Docket No. 12995] (the "**2004 Motion**"). In support of the Objection, the Reorganized Debtors respectfully submit as follows:

## PRELIMINARY STATEMENT

After filing multiple motions attempting to, among other things, reconstitute the Trust Oversight Committee (the "**TOC**") of the PG&E Fire Victim Trust (the "**Fire Victim Trust**"), enforce the PG&E Fire Victim Trust Agreement, dated as of July 1, 2020 (the "**Fire Victim Trust Agreement**"), and seek far-reaching discovery from the Fire Victim Trust, the current and former trustees for the Fire Victim Trust (each, a "**Fire Victim Trustee**"), JAMS, and a number of other individuals,[1] Mr. William B. Abrams now seeks sweeping discovery from the Reorganized Debtors. The 2004 Motion is premised exclusively on speculation—and not evidence—that the Reorganized Debtors have had some role in the management of the Fire Victim Trust or otherwise have had "some say" over its affairs. 2004 Mot. at 2. Mr. Abrams' 2004 Motion—and the supposed "good cause" to seek discovery of the Reorganized Debtors—is based on an expression of frustration by a fire claimant, Ms. Lora Fournier. *See* 2004 Mot., Ex. C at 4. Mr. Abrams, however, now admits that he incorrectly attributed to Ms. Amanda Riddle, a member of the TOC, Ms. Fournier's statement that the Reorganized Debtors "seem to feel that they have some say over the information that's provided by the [Fire Victim] Trust to claimants." *See* 2004 Mot.

---

[1] *See, e.g.,* Docket Nos. 10715, 10748, 11005, 12440, 12766, and 12916. The Court denied all except for the: (i) *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Administration of the Fire Victim Trust*, dated May 23, 2022 [Docket No. 12440], which was denied in part; and (ii) *Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Acts and Conduct of JAMS Neutrals Given New Evidence*, dated August 18, 2022 [Docket No. 12766], which is currently pending. *See* Docket Nos. 10738, 10768, 11063, 12682, and 13008.

at 2, 9–11, 14, 16; Supplemental Statement[2] at 2 ("quotes that [Mr.] Abrams attributed to Ms. Riddle within the [2004] Motion were revealed to be statements of Ms. Fournier and then reiterated by Ms. Riddle for context within her email reply.").[3] Although Mr. Abrams filed the Supplemental Statement that admitted the error, he continues to press the 2004 Motion without providing any purported bases for "good cause," let alone any cause, to support discovery. Simply stated, the 2004 Motion is devoid of any evidence or proper support to demonstrate good cause as required by Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Further, Mr. Abrams' discovery requests are also improperly directed to the Reorganized Debtors. The 2004 Motion targets the perceived inaction or deficiencies of the Fire Victim Trust by seeking far-reaching discovery aimed at second-guessing the Fire Victim Trust's decision-making and the credibility and reputation of the Fire Victim Trustee and the Fire Victim Trust's advisors. The Reorganized Debtors have no role whatsoever in managing or administering the Fire Victim Trust. Lastly, the discovery requests fall outside of the scope of appropriate Bankruptcy Rule 2004 examination against the Reorganized Debtors, which is limited to information pertinent to the Reorganized Debtors' continued administration of these Chapter 11 Cases, not the operation of an independent trust as to which the Reorganized Debtors have no role.

The Court should deny the 2004 Motion in its entirety.

## ARGUMENT

**A.    No Cause Exists to Justify the Broad and Sweeping Discovery Sought by Mr. Abrams.**

Fundamentally, Mr. Abrams has failed to carry his burden under Bankruptcy Rule 2004 to demonstrate any cause to justify his extensive discovery requests. Under Bankruptcy Rule 2004, the party seeking to conduct discovery "has the burden to show good cause for the examination it seeks[.]" *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 14-01840 (SMB), 2014 WL 5486279, at

---

[2] The "**Supplemental Statement**" means the *Supplemental Statement and Notice in Support of the Motion of William B. Abrams Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding Debtors Acts, Conduct and Agreements that May Obstruct or Limit the Just and Fair Management of the Fire Victim Trust*, dated September 26, 2022 [Docket No. 13000].

[3] The statement attributed to Ms. Riddle was, in fact, lifted by Ms. Riddle from Ms. Fournier's earlier email to Ms. Riddle. *See* 2004 Mot., Ex. C at 4.

*2 (Bankr. S.D.N.Y. Oct. 30, 2014). Generally, good cause is shown if the Bankruptcy Rule 2004 examination "is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice." *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017) (citation omitted). "In evaluating a request to conduct a [Bankruptcy] Rule 2004 examination, the court must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *In re Art & Architecture Books of 21st Century*, No. 2:13-BK-14135-RK, 2019 WL 9243053, at *6 (Bankr. C.D. Cal. Dec. 6, 2019) (quoting *SunEdison*, 562 B.R. at 250).

Here, Mr. Abrams fails to show ***any*** cause for compelling the Reorganized Debtors to submit to the broad and sweeping discovery he requests, much less ***good*** cause. The sole support for the 2004 Motion is an email sent by Ms. Riddle to Ms. Fournier. As discussed above, Mr. Abrams attributes a speculative expression of frustration by Ms. Fournier to Ms. Riddle, *see* 2004 Mot. at 1, 9–11, 14, 16, which he himself later admits to be erroneous. *See* Supplemental Statement at 2. Other than the erroneous attribution, Mr. Abrams does not provide any support for his accusation that the Reorganized Debtors have unduly interfered in the Fire Victim Trust's administration. To the contrary, the only "evidence" he offers supports the opposite conclusion. The September 6, 2022 email from Ms. Riddle states that the Reorganized Debtors "have nothing to do with" the operation and management of the Fire Victim Trust and that the Fire Victim Trust was formed such that "PG&E was pushed out of the picture," 2004 Mot., Ex. C at 2, a critical piece of information that the 2004 Motion fails to mention.[4]

In addition, Mr. Abrams' discovery requests are improperly directed at the Reorganized Debtors. In essence, the relief sought by Mr. Abrams is an examination of a non-party in a dispute regarding Mr. Abrams' dissatisfaction with the management of the Fire Victim Trust and its perceived inactions. As a general discovery rule, parties to a dispute should "obtain discovery from one another before burdening non-parties with discovery requests . . . . [W]hen an opposing party and a non-party both possess

---

[4] Another part of Ms. Riddle's email highlighted by Mr. Abrams is a statement taken out of context. The 2004 Motion states that Ms. Riddle "identified a pattern where the Debtors 'poked around in victims' social media, financial history, and personal relationships.'" 2004 Mot. at 2 (citing 2004 Mot., Ex. C at 2). But this statement by Ms. Riddle expressly refers to "past cases" prior to the Chapter 11 Cases, and Ms. Riddle makes clear that this is not an issue with respect to the Fire Victim Trust. 2004 Mot., Ex. C at 2.

documents, the documents should be sought from the party to the case." *Genus Lifesciences Inc. v. Lannett Co.*, No. 18-CV-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (granting motion to quash discovery sought by plaintiff from non-party). Here, even if the sweeping discovery sought were justified and appropriate (it is not), it is improper as against the Reorganized Debtors.

B.     **Mr. Abrams' Discovery Requests Fall Outside the Appropriate Scope of Bankruptcy Rule 2004 Discovery Sought Against the Reorganized Debtors.**

The complex and far-reaching scope of discovery requested by Mr. Abrams also is inappropriate. Where, as here, a plan of reorganization has been confirmed, "[t]he binding effect of confirmation upon debtors and creditors alike under 11 U.S.C. § 1141 makes the primary purpose of a [Bankruptcy Rule] 2004 examination inapplicable." *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988) (internal citations omitted). Accordingly, post-confirmation Bankruptcy Rule 2004 discovery against the Reorganized Debtors is limited to disclosures that would produce "information germane to the continued administration of th[e] case," *Cinderella Clothing*, 93 B.R. at 378, including "a motion to dismiss or convert the case, a motion to modify the plan, or a motion seeking to revoke the confirmation order." *In re Defoor Ctr., LLC*, 634 B.R. 630, 634–35 (Bankr. M.D. Fla. 2021). Here, Mr. Abrams does not seek Bankruptcy Rule 2004 discovery from the Reorganized Debtors for any of those purposes.

He plainly states in the 2004 Motion that he seeks the discovery to challenge certain decisions being made by the Fire Victim Trust. 2004 Mot. at 19; *see also id*. at 2. However, the Court has already determined in the *Order on Motion of William B. Abrams Authorizing Discovery Regarding Administration of the Fire Victim Trust*, dated August 2, 2022 [Docket No. 12682] (the "**Discovery Order**"), that "[t]he [Fire Victim] Trust and the broad authority of the [Fire Victim] Trustee was not designed or conceived to be micro-managed or second-guessed by third parties." Discovery Order at 8. Moreover, the Court noted that Mr. Abrams "act[s] on his own behalf and is not empowered to act on behalf of other fire victims." *Id*. Indeed, Mr. Abrams "is not some sort of ombudsman or would-be inspector general [] entitled to oversee and second guess the activities of the [Fire Victim] Trustee." *Id*. As such, Mr. Abrams is not entitled to seek the kind of broad and sweeping discovery he currently seeks on behalf of all fire claimants.

**C.    The Governing Documents in the Chapter 11 Cases Refute the Underlying Basis for the 2004 Motion.**

Both the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be further modified, amended, or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**") and the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020*, dated June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**") explicitly provide that "[n]o parties other than [fire claimants] shall have a right, or involvement in . . . the administration of the Fire Victim Trust[.]" Plan § 6.7(d); Confirmation Order ¶ 18(d). Consistent with the Plan and Confirmation Order, the Fire Victim Trust Agreement empowers the Fire Victim Trustee to "administer the [Fire Victim] Trust . . . in his sole discretion," Fire Victim Trust Agreement § 2.1(a), including with respect to the disclosure of information to the fire claimants. *See id*. § 2.2(g) ("The [Fire Victim] Trustee shall publish information . . . as he deems prudent in his or her sole discretion."). As stated above, Mr. Abrams has provided no evidence to even suggest that the Reorganized Debtors are in any way involved in the administration of the Fire Victim Trust. In fact, as demonstrated above, the only "support" he offers indicates the opposite conclusion: the Reorganized Debtors "have nothing to do with" the operation and management of the Fire Victim Trust. 2004 Mot., Ex. C at 2.[5]

/ / /

/ / /

---

[5] Mr. Abrams raises other issues in his Supplemental Statement, including asserting that a confidentiality and protective order entered in these Chapter 11 Cases somehow applies to require the parties to meet and confer regarding his improper requests. *See* Supplemental Statement at 2–3. The Court has already rejected this erroneous contention by Mr. Abrams. *See Order Denying Request for Telephone Conference Re Discovery Dispute*, entered October 4, 2022 [Docket No. 13044].

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court sustain this Objection and deny the 2004 Motion in its entirety.

Dated: October 12, 2022

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**


By: /s/ *Jessica Liou*
Jessica Liou

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119