McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hagop T. Bedoyan, #131285
    hagop.bedoyan@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Scott and Charlyse Raven

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[x] Affects Pacific Gas and Electric Company<br>[ ] Affects Both<br><br>*All papers shall be filed in the Lead Case No. 19-30088 | Case No. 3:19-bk-30088-(DM)<br><br>Chapter 11<br>(Lead Case Jointly Administered)<br><br>**SCOTT AND CHARLYSE RAVEN'S MOTION FROM AND/OR MODIFICATION OF THE PLAN INJUNCTION AND/OR FOR ABSTENTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    November 30, 2022<br>Time:    10:00 a.m.<br>Place:   Ct. Rm. 17<br>         United States Bankruptcy Court<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br><br>Hearing will be conducted telephonically or by video<br><br>Judge:   Honorable Dennis Montali |

Scott Raven and Charlyse Raven ("Movants") hereby move for relief from the plan injunction and/or for abstention (the "Motion") in order to allow Movants to proceed with liquidating their claim against Pacific Gas and Electric Company ("PG&E") in the Monterey County Superior Court after unsuccessfully participating in this Court's ADR procedures for general claims on May 19, 2022. Pursuant to Local Rule 4001-1(a), respondent may appear by counsel at the

preliminary hearing. Movants represent the following:

## I. JURISDICTION

1. This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. § 1334, 157 and 11 U.S.C. §§ 362 and 524. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Movants consent to the bankruptcy court's authority to issue final orders or judgments in this matter pursuant to 28 U.S.C. § 157(c)(2).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

2. Movants are engaged in the commercial production of livestock and own a cattle ranch located at 4725 Vineyard Canyon road, approximately three miles northeast of the town of San Miguel, California (the "Raven Ranch"). *Declaration of Scott Raven in Support of Motion for Relief From Plan Injunction And/Or Abstention ("Raven decl.")*, ¶ 3. The Raven Ranch is comprised of approximately 3,4446 acres in San Luis Obispo and Monterey Counties. *Id.* The Movants also lease an additional approximate 160 acres. *Id.* The Raven Ranch contained an extensive fencing system, dividing the ranch into six different pastures with associated roadways and stock watering systems, allowing the ranch to use a rotational grazing system for the herd. *Id.*

3. Jennifer Hodges ("Hodges") was the owner of approximately 931 acres located at 77820 Vineyard Canyon Road, land which is roughly across the street from the Raven Ranch (the "Hodges Property"). *Id.*, at ¶ 4. The Hodges Property includes an equestrian riding arena with an elevated lighting system. *Id.*

4. PG&E and/or its contractor, Hot Line Construction, Inc. ("Hot Line"), constructed, modified, and/or maintained an electrical powerline and associated equipment on the Hodges Property and in close proximity to a light pole that was part of the equestrian riding arena located on the Hodges Property. *Id.*, at ¶ 5.

5. Due to wind, the powerline and lighting fixture came into contact and ignited a fire on July 8, 2017. *Id.*, at ¶ 6. The blaze grew into what was to be known as the Parkfield Fire. *Id.* The fire spread to the surrounding properties, including the Raven Ranch. *Id.* Over roughly half of Raven Ranch was burned, including two pastures totaling 1680 acres of forage that was reserved to

feed the Movants' herd during the late summer and fall. *Id.* Seven miles of fencing, stock watering systems, and shade structures were lost, one cow was destroyed and the road system was damaged. *Id.* The fire burned to the exterior wall of the Movants' residence, destroying portions of the yard, irrigation system, entry gate, domestic water well, and causing extensive smoke damage to the Movants' residence. *Id.*

6. On January 18, 2018, Movants filed their lawsuit against PG&E, Hodges and Hot Line in Monterey County Superior Court, Case No. 18CV00258, asserting causes of action arising from the Parkfield Fire for trespass, negligence, negligence interference with economic relations, inverse condemnation (the "State Court Action"). *Id.*, at ¶ 7. Movants filed a second amended complaint on July 26, 2018. *Id.* A true and correct copy of the second amended complaint is attached as **Exhibit A** to the Raven decl. Movants have requested a jury trial. *Id.*

7. PG&E filed its Voluntary Chapter 11 Bankruptcy Petition (the "Petition") on January 29, 2019 in the United States Bankruptcy Court for the Northern District of California. *Id.*, at ¶ 8.

8. On August 28, 2019, Movants electronically filed their proof of claim in the PG&E bankruptcy case as a general unsecured claim in the amount of $8,000,000 (the "Claim"). *Id.*, at ¶ 9.

9. On June 20, 2020, the Court entered an order confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (the "Confirmation Order"). [Doc 8053]. The Effective Date of the Plan occurred on July 1, 2020.

10. On September 25, 2020, the Court entered the Order Approving ADR and Related Procedures for Resolving General Claims (the "General Claims ADR Procedures Order") [Doc 9148]. The General Claims ADR Procedures Order approved "General Claims Procedures" (as defined therein) that allow: (i) General Claimants (i.e., holders of Claims other than Fire Victim Claims, Subrogation Wildfire Claims, or Securities Claims to submit, by mail or via a secure online portal, information necessary to allow the Reorganized Debtors to evaluate their Claims and develop settlement proposal for General Claimants; and (ii) the parties to exchange settlement offers or engage in standard or abbreviated forms of mediation to resolve General Claims.

///

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11. In accordance with the General Claims Procedures, Movants submitted their response to PG&E's Information Questionnaire, and Movants received a "Notice of Standard Mediation," wherein Movants and Hot Line were notified that they were required to attend non-binding mediation relating to the Claim. *Id.*, at ¶ 10.

12. On May 19, 2022, PG&E, Hot Line and Movants participated in mediation before Judge Patrick J. O'Hara (Ret.) via Zoom. *Id.*, at ¶ 11. Hodges did not participate since she sought relief under the Bankruptcy Code as noted supra. *Id.* Unfortunately, the mediation did not result in resolution of the Claim. *Id.*

13. Under Section 7.1 of the Plan, PG&E had 180 days from the Plan Effective date to serve and file objections to claims. [Doc 8053]. The Plan provided, however, for extensions of this period for cause shown. *Id.* There have been several extensions of this period over the past two years. At the present time, the Court's Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and Granting Related Relief dated May 19, 2022, extends the deadline for PG&E to serve and file objections to claims under Section 7.1 of the Plan for an additional 180 days through and including December 19, 2022, without prejudice to the Reorganized Debtors' right to seek additional extensions therefor. [Doc 12432].

14. As of the date of this filing, Movants are not aware of any objection by the Reorganized Debtors to their Claim. *Id.*, at ¶ 12.

III. **LEGAL STANDARD**

15. A bankruptcy court can exercise discretion and abstain from hearing a particular proceeding arising under title 11, or arising in or related to a case under title 11, in the interest of justice, or in the interest of comity with State courts or respect for State law. *See* 28 U.S.C. § 1334(c)(1); *see also In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Middlesex Power Equipment and Marine*, 292 F.3d 61, 68 (1st Cir. 2002).

16. Courts apply the same principles that apply to motion for relief from stay when considering whether there is cause to modify a plan injunction. *See, e.g., In re SquareTwo Fin. Servs. Corp.*, 17-10659 (JLG), 2017 WL 4012818, at *1 (Bankr. S.D.N.Y. Sept. 11, 2017); *see also*, 11 U.S.C. § 362(d) (bankruptcy court "shall grant relief from stay" upon showing of "cause.").

17. "Cause" has no clear definition and is determined on a case-by-case basis. *Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). Granting or denying relief from stay is a matter of the court's discretion and often involves consideration numerous factors. *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). The Ninth Circuit in *Tucson Estates* set forth the following factors for a bankruptcy court to consider when deciding whether to abstain from exercising jurisdiction:

    a.    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

    b.    the extent to which state law issues predominate over bankruptcy issues;

    c.    the difficulty or unsettled nature of the applicable law;

    d.    the presence of a related proceeding commenced in state court or other nonbankruptcy court;

    e.    the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

    f.    the degree of relatedness or remoteness of the proceeding with the main bankruptcy case;

    g.    the substance rather than form of an asserted "core" proceeding;

    h.    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    i.    the burden of [the bankruptcy court's] docket;

    j.    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

    k.    the existence of a right to a jury trial; and

    l.    the presence in the proceeding of nondebtor parties.

*Tucson Estates*, 912 F.2d at 1166-67 (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)).

/ / /

/ / /

/ / /

18.     Bankruptcy courts regularly grant relief from stay to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial. *See, In re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986) and *Packerland Packing Co., Inc. v. Griffith Brokerage Co. (In re S. Kemble)*, 776 F.2d 802 (9th Cir. 1985).

19.     "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *Tucson Estates*, 912 F.2d at 1166. Moreover, the legislative history of 11 U.S.C. § 362(d)(1) states that "a desire to permit an action to proceed to completion in another tribunal may provide [] cause" for relief from a stay. H.R. No. 595, 95th Cong., 1st Sess. 343, 1977 U.S. Code Cong. & Admin. News 5787, 630.

20.     According to the court in *Curtis*, "[t]he most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *In re Curtis*, 40 B.R. at 806. Courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum "if the non-bankruptcy suit involves multiple parties or is ready for trial." *Plumberex*, 311 B.R. at 556.

## IV.     ARGUMENT

21.     The following Tucson Estates factors weigh in favor of permissive abstention and establish "cause" for the granting of relief from stay to proceed with the State Court Action:

   a.     <u>Effect on Administration of the Estate if Court Abstains</u>: Granting relief from stay to permit the State Court Action to liquidate Movants' claims against the PG&E, Hot Line and Hodges will permit Movant's claim against the PG&E to be liquidated. Abstention therefore would facilitate the administration of the estate. This factor weighs in favor of permissive abstention.

   b.     <u>Extent to Which State Law Issues Predominate</u>: All of Movants' claims against PG&E, Hot Line and Hodges are based on State law (e.g., Trespass, Nuisance, Negligence and Negligent Interference with Prospective Economic Advantage). This factor weighs in favor of permissive abstention.

///

1    c. <u>Difficulty or Unsettled Nature of Applicable Law</u>: The State law underlying the claims in the State Court Action is not particularly unsettled or difficult. This factor weighs against favor permissive abstention.

   d. <u>Presence of Pending Related Proceeding</u>: The State Court Action has been pending in the Monterey County Superior Court since January 18, 2018. While expert witness reports have been prepared, discovery has not been completed. This factor weighs in favor of permissive abstention or is neutral..

   e. <u>The Jurisdictional Basis Other than 28 U.S.C. § 1334</u>: The only basis for jurisdiction appears to be 28 U.S.C. § 1334. This factor weighs in favor of permissive abstention.

   f. <u>Degree of Relatedness or Remoteness of the Proceeding to the Bankruptcy Case</u>: Resolution of the State Court Action would liquidate Movant's claim against PG&E, PG&E's indemnity claim against Hot Line, Hot Line's cross-claim against Hodges and Hodges cross-claims against PG&E and Hot Line (once Movants obtain relief from stay in the Hodges bankruptcy case). This factor weighs in favor of permissive abstention.

   g. <u>Substance of the Asserted Core Proceeding</u>: Movants have filed their Claim and, therefore, the Court has "core" jurisdiction to resolve the Claim under 28 U.S.C. § 157(b)(2)(B). This factor weights against permissive abstention.

   h. <u>Feasibility of Severing State Claims from Core Bankruptcy Matters</u>: Since Movants have filed their Claim, The Court has "core" jurisdiction and, therefore, this factor is inapplicable.

   i. <u>Burden of Bankruptcy Court's Docket</u>: Lifting the automatic stay to permit the State Court to liquidate the Movants' Claims and the cross claims by and against PG&E and non-Debtor parties would likely eliminate this Court having to liquidate claims against and on behalf of the Debtor and claims against and on behalf of non-debtor third parties over which the Court does not have jurisdiction. This factor weights in favor of permissive abstention.

   j. <u>Likelihood of Forum Shopping</u>: This factor is inapplicable.

   k. <u>Existence of Right to Jury Trial</u>: All parties have requested a jury trial. This factor weighs in favor of permissive abstention since the Court cannot conduct a jury trial over the

objection of the non-Debtor parties, even if the filing of the Claim by Movants has resulted in the waiver its right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed. 2d 343 (1990). This factor weights in favor of permissive abstention.

l.  <u>Presence of Non-Debtor Parties in Related Proceedings</u>: There are two non-debtor defendants named in the State Court Action, Top Line and Hodges. This factor weighs in favor of permissive abstention.

22. On balance, the Tucson Estates factors favor discretionary abstention.

## V. CONCLUSION

Based on the forgoing and for good cause, Movants respectfully request this Court enter an order: (a) granting relief from PG&E's plan injunction so that it can resume liquidating its claims against PG&E, Hot Line and Hodges in the Monterey County Superior Court, but not enforce the Claim against PG&E other than accepting the treatment proposed by the PG&E Plan and/or any recovery from PG&E's insurance carrier(s).

Dated: October 11, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
Hagop T. Bedoyan
Attorneys for Scott and Charlyse Raven

Case No. 19-30088-DM