1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Hagop T. Bedoyan, #131285
     *hagop.bedoyan@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
6  Attorneys for Scott and Charlyse Raven
7
8              UNITED STATES BANKRUPTCY COURT
9     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10
11 In re                                  Case No. 3:19-bk-30088-DM

12 PG&E CORPORATION,                       Chapter 11
                                           (Lead Case Jointly Administered)
13            - and –

14 PACIFIC GAS AND ELECTRIC                **DECLARATION OF SCOTT RAVEN IN
   COMPANY,**                              **SUPPORT OF MOTION FOR RELIEF
15                                         FROM PLAN INJUNCTION AND/OR
             Debtors.                      ABSTENTION**

16 [ ] Affects PG&E Corporation            Date:   November 30, 2022
   [x] Affects Pacific Gas and Electric Company  Time:   10:00 a.m.
17 [ ] Affects Both                        Place:  Ct. Rm. 17
                                                   United States Bankruptcy Court
18 *All papers shall be filed in the Lead Case            450 Golden Gate Avenue
      No. 19-30088                                 San Francisco, CA 94102
19
                                           Hearing will be conducted
20                                         telephonically or by video

21                                         Judge:  Honorable Dennis Montali

22            I, Scott Raven, declare as follows:

23            1.    I am over the age of eighteen (18), provide this declaration in support of Scott &

24 Charlyse Raven's motion for relief from plan injunction and/or abstention, provide this testimony

25 based on my personal knowledge, and would testify consistently herewith if called to do so.

26 / / /

27 / / /

28 / / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1

Case No. 19-30088-DM

Case: 19-30088   Doc# 13076-1   Filed: 10/14/22   Entered: 10/14/22 10:50:56   Page 1
of 19

2.     I, and my wife Charlyse, are plaintiffs in a state court action pending in Monterey County Superior Court, case no. 18CV00258, styled *Scott Raven and Charlyse Raven v. Jennifer Hodges, Hot Line Construction, Inc, and Pacific Gas & Electric Company, Inc.*, against PG&E, and others, seeking damages against PG&E due to the Parkland Fire caused by PG&E.

3.     We are engaged in the commercial production of livestock and own a cattle ranch located at 4725 Vineyard Canyon road, approximately three miles northeast of the town of San Miguel, California (the "Raven Ranch"). The Raven Ranch is comprised of approximately 3,4446 acres in San Luis Obispo and Monterey Counties. The Movants also lease an additional approximate 160 acres. The Raven Ranch contained an extensive fencing system, dividing the ranch into six different pastures with associated roadways and stock watering systems, allowing the ranch to use a rotational grazing system for the herd.

4.     Jennifer Hodges ("Hodges") was the owner of approximately 931 acres located at 77820 Vineyard Canyon Road, land which is roughly across the street from the Raven Ranch (the "Hodges Property"). The Hodges Property includes an equestrian riding arena with an elevated lighting system.

5.     PG&E and/or its contractor, Hot Line Construction, Inc. ("Hot Line"), constructed, modified, and/or maintained an electrical powerline and associated equipment on the Hodges Property and in close proximity to a light pole that was part of the equestrian riding arena located on the Hodges Property.

6.     Due to wind, the powerline and lighting fixture came into contact and ignited a fire on July 8, 2017. The blaze grew into what was to be known as the Parkfield Fire. The fire spread to the surrounding properties, including the Raven Ranch. Over roughly half of Raven Ranch was burned, including two pastures totaling 1680 acres of forage that was reserved to feed our herd during the late summer and fall. Seven miles of fencing, stock watering systems, and shade structures were lost, one cow was destroyed and the road system was damaged. The fire burned to the exterior wall of our residence, destroying portions of the yard, irrigation system, entry gate, domestic water well, and causing extensive smoke damage to our residence.

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7. On January 18, 2018, we filed the lawsuit against PG&E, Hodges and Hot Line in Monterey County Superior Court, Case No. 18CV00258, asserting causes of action arising from the Parkfield Fire for trespass, negligence, negligence interference with economic relations, inverse condemnation (the "State Court Action"). We filed a second amended complaint on July 26, 2018, a true and correct copy of which is attached as **Exhibit A.** While expert witness reports have been prepared, discovery has not been completed. We have requested a jury trial. *Raven decl.* at ¶ 7.

8. PG&E filed its Voluntary Chapter 11 Bankruptcy Petition (the "Petition") on January 29, 2019 in the United States Bankruptcy Court for the Northern District of California.

9. On August 28, 2019, we electronically filed our proof of claim in the PG&E bankruptcy case as a general unsecured claim in the amount of $8,000,000 (the "Claim").

10. In accordance with the General Claims Procedures, we submitted a response to PG&E's Information Questionnaire, and Movants received a "Notice of Standard Mediation," wherein we and Hot Line were notified that they were required to attend non-binding mediation relating to the Claim.

11. On May 19, 2022, PG&E, Hot Line and us participated in mediation before Judge Patrick J. O'Hara (Ret.) via Zoom. Hodges did not participate since she sought relief under the Bankruptcy Code. Unfortunately, the mediation did not result in resolution of the Claim.

12. As of the date of this filing, I am not aware of any objection by the Reorganized Debtors to our Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Dated: _October 11, 2022

By: _____

Scott Raven

039515-000000 8660039.2

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP.
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

Case No. 19-30088-DM

# EXHIBIT "A"

1   Justin T. Campagne, #211825
    Campagne & Campagne
2   A Professional Corporation
    Airport Office Center
3   1685 North Helm Avenue
    Fresno, California 93727
4   Telephone: (559) 255-1637
    Facsimile: (559) 252-9617
5   Email: jcampagne@campagnelaw.com

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/26/2018 4:00 PM
By: Janet Nicholson, Deputy

6   Attorneys for Plaintiffs Scott Raven and Charlyse Raven

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9            **COUNTY OF MONTEREY – UNLIMITED CIVIL**

10                              -o0o-

11  SCOTT RAVEN and CHARLYSE          ) Case No. 18CV000258
    RAVEN,                            ) *Complaint Filed: January 19, 2018*
12                                    )
                 Plaintiffs,          ) **SECOND    AMENDED    COMPLAINT**
13                                    ) **FOR:**
            vs.                       )
14                                    ) **1. Trespass**
    JENNIFER HODGES, an individual; HOT ) **2. Nuisance**
15  LINE CONSTRUCTION, INC., a        ) **3. Negligence**
    California corporation; PACIFIC GAS & ) **4. Negligent Interference With Prospective**
16  ELECTRIC COMPANY, INC., a         )    **Economic Advantage**
    California corporation; and DOES 1 )
17  through 100, inclusive,           )    **and**
                                      )
18               Defendants.          ) **DEMAND FOR JURY TRIAL**

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

SECOND AMENDED COMPLAINT

1           Plaintiffs, as their Complaint against Defendants, hereby aver and allege as

2  follows:

3  **I.**    **THE PARTIES.**

4          1.    Plaintiffs Scott Raven and Charlyse Raven (collectively referred to as

5  "Plaintiff") own property located in San Luis Obispo and Monterey Counties and are

6  engaged in the commercial production of livestock on such property.

7          2.    The Plaintiff is informed and believes, and on that information and

8  belief alleges, that Defendant Jennifer Hodges own property located on Vineyard Canyon

9  Road in Monterey County.

10          3.    The Plaintiff is informed and believes, and on that information and

11  belief alleges, that Defendant Hot Line Construction Company is a California corporation

12  duly organized and existing under the laws of the State of California.

13          4.    The Plaintiff is informed and believes, and on that information and

14  belief alleges, that Defendant Pacific Gas & Electric Company, Inc. is a California

15  corporation duly organized and existing under the laws of the State of California.

16          5.    The true names and capacities (whether individuals, corporate or

17  otherwise) of the Defendants who are sued herein as Does 1 through 100, inclusive,

18  ("Does") are presently unknown to the Plaintiff; therefore Plaintiff now sues those

19  Defendants by fictitious names. The Plaintiff will amend this Complaint to state the true

20  capacities of such fictitiously named Doe Defendants, when their names and identities are

21  ascertained. The Plaintiff is informed and believes, and on that basis, alleges that all the

22  fictitiously named Doe Defendants, and each of them, have taken some part in the acts or

23  omissions complained of herein, or are otherwise responsible in some manner for the

24  wrongful conduct herein alleged, and have caused injury in this County. The Plaintiff is

25  informed and believes, and on that information and belief, hereby alleges that each named

26  Defendant and each fictitiously named Doe Defendant acted as an agent, employee,

27  subsidiary, alter ego, or representative, of each and every other Defendant, or in concert

28  with each and every other Defendant, and acted in the course and scope of said agency,



SECOND AMENDED COMPLAINT                                                   Page 1

1 employment, subsidiary relationship, alter ego, or representation, or in concert at all
2 relevant times herein.

II.    **JURISDICTION AND VENUE**

4    6.    The Plaintiff is informed and believes, and on that basis alleges, that
5 all property which is the subject of this action is located in the State of California, County
6 of Monterey. Venue is proper in this Court based on the fact that each of the Defendants
7 reside, have their places of business, and/or conduct substantial activities in Monterey
8 County. Further, the amount of damages that Defendants owe to Plaintiff at the date of
9 this filing is in excess of the Court's jurisdictional amount.

III.    **BACKGROUND ALLEGATIONS**

11    7.    The Plaintiff is engaged in the commercial production of livestock in
12 Monterey and San Luis Obispo Counties. As part of this endeavor, Plaintiff owns property
13 east of the community of San Miguel, near Vineyard Canyon Road.

14    8.    The Plaintiff is informed and believes and thereupon alleges, that
15 Defendant Jennifer Hodges owns real property located at 77820 Vineyard Canyon Road
16 (APNs 424-131-041; 424-131-042; 424-131-060; and 424-131-061), and more
17 particularly described as:

18        *"PARCEL 1:*

19        *"PARCEL 1, IN THE COUNTY OF MONTEREY, STATE OF*
        *CALIFORNIA, ACCORDING TO THE MAP FILED JANUARY 9,*
20        *1980 IN VOLUME 13, PAGE 186 OF PARCEL MAPS, IN THE*
        *OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.*
21
        *"EXCEPT  THEREFROM,  AN  UNDIVIDED  ONE-HALF*
22        *INTEREST IN ALL OIL, GAS AND/OR MINERALS, IN SAID*
        *LANDS, TOGETHER, WITH THE RIGHT OF THE GRANTOR,*
23        *HIS   HEIRS,   ASSIGNS,   LESSEES   AND   LEGAL*
        *REPRESENTATIVES AT ALL TIMES TO ENTER ON THE ABOVE*
24        *DESCRIBED LAND AND TO TAKE ALL OF THE USUAL,*
        *NECESSARY OR CONVENIENT MEANS TO BORE WELLS,*
25        *MAKE  EXCAVATIONS  AND  TO  REMOVE  THE  OIL,  GAS*
        *AND/OR MINERALS FOUND THEREON, AS EXCEPTED IN THE*
26        *DEED FROM WIKLIE C. MAHONEY, RECORDED NOVEMBER*
        *7, 1962 IN REEL 112, PAGE 399, OFFICIAL RECORDS.*
27
        *"ALSO  EXCEPTING  THEREFROM  AN  UNDIVIDED  1/2*
28        *INTEREST IN AND TO ALL OIL, GAS AND/OR MINERALS IN*



SECOND AMENDED COMPLAINT                                    Page 2

| | |
|---|---|
| 1 | *SAID LAND AS RESERVED IN THE DEED FROM JOSE* |
| | *ERROTABERE, ET UX, RECORDED FEBRUARY 8, 1980 IN* |
| 2 | *REEL 1389, PAGE 200, OFFICIAL RECORDS.* |
| 3 | *"PARCEL 2:* |
| 4 | *"A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS* |
| | *OVER THE SOUTH 40 FEET OF THE SOUTHEAST ONE-* |
| 5 | *QUARTER OF THE SOUTHWEST ONE-QUARTER OF SECTION* |
| | *33, TOWNSHIP 24, SOUTH RANGE 12 EAST, M.D.M.* |
| 6 | |
| | *"PARCEL 3:* |
| 7 | |
| | *"THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER* |
| 8 | *OF SECTION 29 AND THE NORTHWEST QUARTER OF* |
| | *NORTHEAST QUARTER OF SOUTH 32 IN TOWNSHIP 24* |
| 9 | *SOUTH, ACCORDING TO THE OFFICIAL PLAT THEREOF.* |
| 10 | *"EXCEPT ALL OIL AND GAS IN THE LANDS SO PATENTED,* |
| | *AND TO IT, OR PERSONS AUTHORIZED BY IT, THE RIGHT TO* |
| 11 | *PROSPECT FOR MINE AND REMOVE SUCH DEPOSITS FROM* |
| | *THE SAME UPON COMPLIANCE WITH THE CONDITIONS* |
| 12 | *AND SUBJECT TO THE PROVISIONS AND LIMITATIONS OF* |
| | *THE ACT OF JULY 17, 1914 (38 STAT., 509) AS RESERVED IN* |
| 13 | *THE PATENT FROM UNITED STATES OF AMERICA,* |
| | *RECORDED JUNE 23, 1925 IN VOLUME 59, PAGE 334,* |
| 14 | *OFFICIAL RECORDS.* |
| 15 | *"PARCEL 4:* |
| 16 | *"THE SOUTH HALF OF NORTHEAST QUARTER AND THE* |
| | *NORTH HALF OF SOUTHEAST QUARTER OF SECTION 29 IN* |
| 17 | *TOWNSHIP 24 SOUTH, RANGE 12 EAST, M.D.M., IN THE* |
| | *COUNTY OF MONTEREY, STATE OF CALIFORNIA,* |
| 18 | *ACCORDING TO THE OFFICIAL PLAT THEREOF.* |
| 19 | *"EXCEPT THEREFROM THE EXCLUSIVE AND PERPETUAL* |
| | *RIGHT TO ALL OF THE OIL, GAS AND OTHER* |
| 20 | *HYDROCARBON SUBSTANCES AND OTHER MINERALS, AND* |
| | *MINERAL RIGHTS, WHETHER METALLIC, OR NON-* |
| 21 | *METALLIC, IN, UNDER OR THAT MAY BE TAKEN FROM THE* |
| | *LAND HEREINABOVE DESCRIBED WITH THE PERPETUAL* |
| 22 | *RIGHT OF INGRESS AND EGRESS TO AN D FORM [sic] SAID* |
| | *LAND, FOR THE PURPOSE OF DRILLING, EXPLORING,* |
| 23 | *MINING AND IN EVERY WAY OPERATING FOR SUCH* |
| | *MINERALS AND REMOVING THE SAME AS RESERVED IN THE* |
| 24 | *DEED FROM WALTER P. FRICK, JR., ET AL. RECORDED JUNE* |
| | *27, 1950 IN VOLUME 1226, PAGE 533, OFFICIAL RECORDS."* |
| 25 | |
| 26 | Said property is hereinafter referred to as the "Hodges Property." |
| 27 | 9.    The Plaintiff is informed and believes that Defendant PG&E and/or |
| 28 | Hot Line Construction, Inc., constructed, modified, and/or maintained electrical |

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

1  powerlines and associated equipment on the Hodges Property and in close proximity to a
2  light fixture surrounding Defendant Hodges' horse riding arena. The Plaintiff is informed
3  and believes, and thereupon alleges, that Defendant PG&E and/or Hot Line Construction,
4  Inc. constructed and/or maintained said electrical system in close proximity to the lighting
5  fixtures, in violation of the PG&E's own requirements and/or building codes and/or
6  applicable law.

7        10.     On or about July 8, 2017, the Plaintiff is informed and believes that
8  the electrical powerline came into contact with Defendant Hodges' pole and light fixture.
9  As a result, the powerline fell into dry grass and started a fire. The Plaintiff is currently
10 unaware of whether the powerline failed resulting in the contact, or whether the lighting
11 fixture failed causing the contact, or both. However, the Plaintiff is informed and believes
12 and thereupon alleges that as a result of the Hodges' pole and lighting fixture and
13 powerline being impermissibly close together, they were able to come into contact,
14 resulting in the fire.

15       11.     The fire spread to surrounding properties, including the Plaintiff's
16 property. It destroyed over 1,800 acres of the Plaintiff's vegetation, which they use to feed
17 the cattle, as well damaged or destroyed many of the Plaintiff's oak trees and historic
18 olive trees, destroyed fencing and other improvements, destroyed cattle, caused smoke
19 damage to the Plaintiff's home, and threatened to destroy the Plaintiff's home before
20 being extinguished by emergency services. As a result of the fire, the Plaintiff has been
21 unable to maintain a normal herd size for the property, resulting in lost profits.

22       12.     Following the fire, the Plaintiff observed substantial numbers of the
23 trees defoliating on his property. As time progressed, the trees have died or shown
24 substantial injury. Because the Defendants injured the Plaintiff's trees, the Plaintiff is
25 entitled to recover **double** damages for injuries to such trees pursuant to Civil Code
26 Section 3346. **Further, in the event the trespass is not determined to be simply**
27 **"casual or involuntarily" as defined by the statute, the Plaintiff will be entitled to**
28 **recover treble damages, instead of double damages, pursuant to Civ. Code § 3346.**

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 251-1637
FAX (559) 251-0617

SECOND AMENDED COMPLAINT                                                    Page 4

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page 9
of 19

13. Further, because the Defendants trespassed on Plaintiff's land as described throughout this Complaint, and Plaintiff's land is currently under agricultural use for the raising of livestock, the Plaintiff is entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.9.

14. The Plaintiff is informed and believes, and on that information and belief hereby alleges, that each fictitiously named Defendant acted as an agent, employee, subsidiary, alter ego, or representative, of the Defendants, or in concert with each other Defendant, and acted in the course and scope of said agency, employment, subsidiary relationship, alter ego, or representation, or concert at all relevant times herein; so that all Defendants are jointly and severally liable for each other's conduct and omissions.

**FIRST CAUSE OF ACTION**
**(Trespass against All Defendants)**

15. The Plaintiff hereby incorporates, as if fully set forth herein, all of the factual allegations contained within this Complaint.

16. At all relevant times, the Plaintiff owned property near Vineyard Canyon Road, east of San Miguel, California. Plaintiff used the property for the production of cattle.

17. On or about July 8, 2017, a fire emanated from the Hodges Property.

18. At all times relevant herein, Defendant Jennifer Hodges controlled the Hodges Property and Defendants PG&E and/or Hot Line Construction, Inc. controlled, maintained, and/or installed the electrical powerline and associated equipment located on the Hodges Property.

19. The Defendants placed their respective lighting fixture and electrical powerline improperly close to one another, in violation of applicable policies and building requirements. As a result, the two came into contact, resulting in the fire.

20. The fire would not have entered the Plaintiff's property had the Defendants constructed or maintained their respective property and equipment properly and in compliance with the applicable building requirements and policies.



CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

SECOND AMENDED COMPLAINT

Page 5

21. As a proximate result of the Defendants' conduct, the Plaintiff has suffered property damage, including but not limited to the destruction of the grasses used for cattle feed, lost cattle, smoke damage to the house, increased erosion, destroyed fencing, and damaged or dying trees and is unable to maintain its normal herd size due to the destruction of approximately 1,800 acres of vegetation which would have been used to feed said cattle.

22. Such conduct caused the Plaintiff to suffer emotional distress. Such emotional distress was foreseeable as the likely result of the conduct described in this Complaint, as it was imminently foreseeable that the Plaintiff would suffer emotional distress from the fire and threat to their house and cattle.

23. As a proximate result of Defendants' conduct, the Plaintiff has suffered damages in excess of the Court's minimum jurisdictional amount.

24. The conduct of Defendants, and each of them, as described in this Complaint, particularly in this cause of action, entitles Plaintiff to recover **double damages** pursuant to Civil Code § 3346 for the damage the Defendants inflicted on Plaintiff's trees and vegetation. **Further, in the event the trespass is not determined to be simply "casual or involuntarily" as defined by the statute, the Plaintiff will be entitled to recover treble damages, instead of double damages, pursuant to Civ. Code § 3346.**

25. The conduct complained of in this Complaint, particularly in this cause of action, constitutes a trespass on Plaintiff's land. The Plaintiff's land was used for the raising of livestock within the meaning of CCP § 1021.9, so that the Plaintiff shall be entitled to reasonable attorneys' fees in addition to any other damages assessable against the Defendants as allowed by law.

## SECOND CAUSE OF ACTION
### (Nuisance against All Defendants)

26. The Plaintiff hereby incorporates, as if fully set forth herein, all of the factual allegations contained within this Complaint.

CAMPAGNE & CAMPAGNE
A PROF. CORP
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-0617

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page 11 of 19

27. As detailed above, in violation of applicable building standards and policy, the Defendants maintained a condition on the Hodges Property that created a hazard extremely dangerous to the surrounding residents and properties.

28. The resulting fire and smoke was an obstruction to the free use of Plaintiff's property, interfered with their comfortable enjoyment of life and property, and constitutes a nuisance under Section 3479 of the Civil Code.

29. The conduct of Defendants, and each of them, as described in this Complaint entitles Plaintiff to **double damages pursuant to Civil Code § 3346 for the damage the Defendants inflicted on the Plaintiff's trees and vegetation. Further, in the event the trespass is not determined to be simply "casual or involuntarily" as defined by the statute, the Plaintiff will be entitled to recover treble damages, instead of double damages, pursuant to Civ. Code § 3346.**

30. The conduct complained of in this Complaint constitutes a trespass on Plaintiff's land by Defendants, and each of them. The Plaintiff's property was used for the raising of livestock within the meaning of CCP § 1021.9, so that the Plaintiff shall be entitled to reasonable attorneys' fees in addition to any other damages assessable against the Defendants as allowed by law.

**THIRD CAUSE OF ACTION**
**(Negligence against All Defendants)**

31. The Plaintiff hereby incorporates, as if fully set forth herein, all of the factual allegations contained within this Complaint.

32. The Plaintiff is informed and believes, and on that information and belief allege, that the Defendants negligently constructed, repaired, and/or maintained their respective light pole and light fixture in close proximity to the power pole and powerline, in violation of applicable standards, and otherwise negligently controlled and managed their property, which resulted in a fire that spread to the Plaintiff's property which damaged said property and threatened the Plaintiff's residence.

33. Plaintiff is informed and believes, and on that information and belief

CASCADINI & CASCADINI
A PROF. CORP.
ALBRIGHT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 251-1607
FAX (559) 251-0617

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page 12 of 19

1 alleges that Defendants were aware of the condition and negligently failed and/or refused
2 to properly remediate the condition.

3     34.    As a proximate result of the Defendants' breach of duty of care,
4 Plaintiff suffered property damage to its property, including but not limited to the loss of
5 the grasses on approximately 1,800 acres used to feed its cattle, smoke damage to the
6 house, destroyed cattle, damage and/or destruction to the Plaintiff's trees, reduced herd
7 size, erosion, destruction of fencing and other improvements.

8     35.    As a further proximate result of Defendants' breach, the Plaintiff
9 suffered emotional distress as the fire threatened their house and cattle herd.

10     36.    Defendants failed to act as a reasonable property owner and/or a
11 reputed power and construction experts, by creating the above described dangerous
12 condition caused by the proximity between the lighting pole and fixture next to the power
13 pole and powerline.

<b><u>Negligence Per Se</u></b>

15     37.    As stated above, the Defendants constructed, repaired, and/or
16 maintained a light pole and fixture in an improperly close proximity to a powerline and
17 equipment, resulting in a fire on or about July 8, 2017, in violation of building standards
18 and PG&E's own standards. The Plaintiff is a member of the class of persons that such
19 requirements were designed to protect.

20     38.    California Penal Code § 384a provides, in relevant part, that it is
21 unlawful to willfully or negligently destroy or mutilate any tree on another's land. As
22 alleged above, Defendant violated this statute by negligently damaging and destroying the
23 Plaintiff's trees and vegetation. The Plaintiff is a member of the class of persons that this
24 statute was designed to protect.

25     39.    California Civil Code § 3479 provides, in relevant part, that it is an
26 unlawful nuisance to obstruct the free use of property and interfere with the comfortable
27 enjoyment of life or property. As alleged above, Defendants obstructed the Plaintiff's free
28 use and enjoyment of their property and life. Plaintiff is members of the class of persons

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 255-9617

1   that this statute is designed to protect.

2         40.    As a proximate result of Defendants' breach of duty of care, the

3   Plaintiff has suffered property damage, including but not limited to lost grasses used to

4   feed the cattle, smoke damage to the home, destroyed cattle, increased erosion, destroyed

5   fencing, reduced herd size, and damaged and/or destroyed trees.

6                                **Res Ipsa Loquitur**

7         41.    Alternatively, the Plaintiff is informed and believes, and on that

8   information and belief alleges, that on or about July 8, 2017, a fire started on the Hodges

9   Property, and spread to the Plaintiff's property. Defendants' owned, controlled, and/or

10   managed the land and improvements located thereon. During those activities, Defendants

11   so carelessly and negligently controlled, conducted, and carried out their activities as to

12   cause the fire that subsequently entered onto Plaintiff's land, causing the destruction and

13   damage detailed above.

14         42.    At the above referenced time and place, Defendants had exclusive

15   control and management of their respective items of property. The placement,

16   construction, and/or maintenance of the light pole and fixture in close proximity to the

17   power pole and powerline, which caused the resulting fire and damages set forth in this

18   Complaint, are such that in the ordinary course of things, would not have occurred if

19   Defendants had exercised ordinary care in the management of their respective items of

20   property. Because the Defendants had the exclusive control and management of the land,

21   improvements, and activities conducted thereon, they possessed superior, if not exclusive,

22   information, and control concerning the precise cause of damage suffered by the Plaintiff,

23   and Plaintiff relies on the negligence of Defendants as inferred from the general situation

24   alleged in this Complaint.

25         43.    The damage resulting to Plaintiff's property was not due to any

26   voluntary action or contribution on the Plaintiff's part.

27         44.    Such conduct caused the Plaintiff to suffer the emotional distress

28   described below. Such emotional distress was foreseeable and the likely result of such

CANGANI & CANGANI
A PROF. CORP.
AIRPORT OFFICE CENTER
1583 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 252-6511
FAX (559) 252-4617

SECOND AMENDED COMPLAINT                                             Page 9

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page
14 of 19

1 conduct described above, as it was imminently foreseeable that Plaintiff would suffer
2 emotional distress as a result of the fire and the threat to their house and cattle.

3   45.   As a proximate result of the acts alleged above, said Plaintiff has
4 suffered mental anguish and emotional distress, including fright, nervousness, anxiety,
5 worry, and shock.

6   46.   As a further proximate result of Defendants' breach, Plaintiff has
7 suffered damages in excess of the Court's minimum jurisdictional amount.

8   47.   The conduct of Defendants, and each of them, as described in this
9 Complaint, particularly in this cause of action, entitles the Plaintiff to double damages
10 pursuant to Civil Code § 3346 for the damage the Defendants inflicted on Plaintiff's trees
11 and vegetation. **Further, in the event the trespass is not determined to be simply**
12 **"casual or involuntarily" as defined by the statute, the Plaintiff will be entitled to**
13 **recover treble damages, instead of double damages, pursuant to Civ. Code § 3346.**

14   48.   The conduct complained of in this Complaint constitutes a trespass
15 on the Plaintiff's land. The Plaintiff's property was used for the raising of livestock within
16 the meaning of CCP § 1021.9, so that the Plaintiff shall be entitled to reasonable
17 attorneys' fees in addition to any other damages assessable against the Defendants as
18 allowed by law.

19                    **FOURTH CAUSE OF ACTION**
     **(Negligent Interference with Prospective Economic**
20                 **Advantage Against All Defendants)**

21   49.   The Plaintiff hereby incorporates, as if fully set forth herein, all of the
22 factual allegations contained within this Complaint.

23   50.   Plaintiff is, and at all relevant times herein, was engaged in the
24 business of raising cattle.

25   51.   On or about July 8, 2017, the Defendants' property started a fire that
26 subsequently damaged the Plaintiff's property.

27   52.   The Defendants knew or should have known, of the risk of harm to
28 Plaintiff's prospective economic advantages, gained through the production and sale of

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-0617

SECOND AMENDED COMPLAINT                                      Page 10

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page
15 of 19

1    cattle, if they created a condition that was likely to start a fire. In addition, Defendants

2    knew, or should have known, of the risk of harm and damage that a fire would cause to

3    the surrounding cattle operations, including the Plaintiff's.

4          53.    Defendants nevertheless failed to construct, manage and otherwise

5    operate their respective items of property, resulting in the subsequent fire that damaged

6    the Plaintiff's property.

7          54.    As a result of the fire, a substantial portion of the Plaintiff's grasses

8    and vegetation was destroyed and cattle were killed. Such grasses and vegetation was used

9    for feed for the Plaintiff's cattle. As a result of the destruction of the feed, the property is

10    unable to support the herd and the Plaintiff's cattle business has been damaged as a result.

11          55.    As a further proximate result of the activities of Defendants, Plaintiff

12    has suffered economic damages in excess of the Court's minimum jurisdictional amount,

13    and will continue to suffer further monetary and property damage in subsequent years, the

14    exact amount of which to be proven at trial.

15          56.    The conduct of Defendants, and each of them, as described in this

16    Complaint, entitles Plaintiff to **double** damages pursuant to Civil Code § 3346 for the

17    damage the Defendants inflicted on Plaintiff's trees and vegetation. **Further, in the event**

18    **the trespass is not determined to be simply "casual or involuntarily" as defined by**

19    **the statute, the Plaintiff will be entitled to recover treble damages, instead of double**

20    **damages, pursuant to Civ. Code § 3346.**

21          57.    The conduct complained of in this Complaint, constitutes a trespass

22    on Plaintiff's land. Plaintiff's land was used for the raising of livestock within the

23    meaning of CCP § 1021.9, so that Plaintiff shall be entitled to reasonable attorneys' fees

24    in addition to any other damages assessable against the Defendants as allowed by law.

25          **WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST**

26    **THE DEFENDANTS AS FOLLOWS:**

27          1.    For general and special damages in an amount to be proven at trial;

28          2.    For **double** damages for the amount of the damage and injury to



Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page 16 of 19

1   Plaintiff's trees and vegetation pursuant to Civil Code § 3346. Further, in the event the
2   trespass is not determined to be simply "casual or involuntarily" as defined by the
3   statute, the Plaintiff will be entitled to recover treble damages, instead of double
4   damages, pursuant to Civ. Code § 3346;

5           3.      For Plaintiff's attorneys' fees (Code Civ. Proc., §§ 1021.9 and 1036);

6           4.      For the cost of suit herein incurred; and

7           5.      For such other and further relief as provided by law.

8   Dated: July 26 2018               Respectfully submitted,

9                                Law Firm of Campagne & Campagne,
10                               A Professional Corporation

11                               By_____
12                                 Justin T. Campagne
                                 Attorneys for Plaintiffs Scott Raven and
13                               Charlyse Raven

14  dld:F:\DATA\docs\Raven, Scott and Charlyse\Hodges Fire\Pleadings\Second Amended Complaint.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 155-1837
FAX (559) 252-0617

SECOND AMENDED COMPLAINT                                   Page 12

Case: 19-30088   Doc# 13076-1   Filed: 10/14/22   Entered: 10/14/22 10:50:56   Page 17 of 19

# PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled action. My business address is 1685 N. Helm, Fresno, California 93727.

On July 26 2018, I served the attached **SECOND AMENDED COMPLAINT** on the parties in this action by placing a true copy in an envelope and delivering it as follows:

_____ **(By Overnight Courier)** I caused such envelope, with postage fully prepaid, to be sent by _____.

_____ **(By Certified Return Receipt Requested Mail)** I deposited the envelope, with postage fully prepaid for Certified Return Receipt Requested mail, with the United States Postal Service at Fresno, Fresno County, California.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_____ **(By Mail)** I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)** I caused each envelope to be delivered by hand.

__X__ **(By Electronic Mail)** I caused the attached document be sent by electronic mail to the below-described email address(es). My electronic services address is donna@campagnelaw.com.

_____ **(By Fax)** I caused each document to be sent by facsimile to the below-described number(s).

**Each envelope (and/or fax) was addressed and delivered as follows:**

See attached Service List

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on July 26 2018, at Fresno, California. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_____
Donna L. Dolf

dld:F:\DATA\docs\Raven, Scott and Charlyse\Hodges Fire\Pleadings\Second Amended Complaint.doc

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-4611

Service List

| | |
|---|---|
| Brian C. Merges | David A. Harris |
| Mokri Vanis & Jones LLP | Santana & Vierra |
| 515 S. Flower St., Ste. 1800 | 71 Stevenson Street, Suite 700 |
| Los Angeles, CA 90071 | San Francisco, CA 94105 |
| Telephone: (213) 236-3695 | Telephone: (415) 777-1308 |
| Facsimile: (213) 236-3696 | Facsimile: (603) 430-0513 |
| Email: bmerges@mvjllp.com | Email: david.harris01@libertymutual.com |
| cramirez@mvjllp.com | *Attorneys for Defendant and Cross-Complainant Jennifer Hodges* |
| *Attorneys for Defendant and Cross-Complainant Hot Line Construction, Inc.* | |
| | |
| Mark J. Sweeney | Mark J. Hancock |
| Pacific Gas & Electric Company, Inc. | Peter J. Messrobian |
| 77 Beale Street, B30A | Gough & Hancock LLP |
| P.O. Box 7442 | Two Embarcadero Center, Suite 640 |
| San Francisco, CA 94105 | San Francisco, CA 94111 |
| Telephone: (415) 973-2527 | Telephone: (415) 848-8916 |
| Facsimile: (415) 973-5520 | Email: mark.hancock@ghcounsel.com |
| Email: mark.sweeney@pge.com | Peter.messrobian@ghcounsel.com |
| *Attorneys for Pacific Gas & Electric Company, Inc.* | Jennifer.mcneil@ghcounsel.com |
| | *Attorneys for Pacific Gas & Electric Company, Inc.* |

Case: 19-30088    Doc# 13076-1    Filed: 10/14/22    Entered: 10/14/22 10:50:56    Page 19 of 19