**Entered on Docket
October 21, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: October 21, 2022**



_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**MEMORANDUM DECISION REGARDING WILLIAM B. ABRAMS' REQUESTS FOR DISCOVERY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

On August 18, 2022, interested party William B. Abrams ("Mr. Abrams") filed a *Motion Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding the Acts and Conduct of JAMS Neutrals Given New Evidence* (the "JAMS Motion") (Dkt. 12766) and

Supporting Declaration (Dkt. 12767). A preliminary hearing was held on September 13, 2022. At the hearing, the Fire Victim Trust (the "FVT") was directed to file a response by October 3, 2022, after which the matter would be taken under submission. On October 3, 2022, the FVT filed an Objection to the JAMS Motion (Dkt. 13035). The same day, interested party Steven J. Skikos also filed a Response to the JAMS Motion (Dkt. 13036), as did the Honorable John K. Trotter (Ret.) ("Justice Trotter"), former FVT Trustee (Dkt. 13039). On October 5, 2022, Mr. Abrams filed a Supplemental Statement in Support of the JAMS Motion (Dkt. 13046). On various dates, other interested fire victim claimants filed letters in support of the JAMS Motion (Dkts. 12877, 12901, 12928, 12935, 12957, 12986).

In the meantime, on September 22, 2022, Mr. Abrams filed a separate *Motion Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery and Hearings Regarding Debtors Acts, Conduct, and Agreements that may Obstruct or Limit the Just and Fair Management of the Fire Victim Trust* (the "PG&E Motion") (Dkt. 12995) and supporting declaration (Dkt. 12996). The PG&E Motion seeks discovery of numerous documents to determine whether the Reorganized Debtors are interfering with the administration of the FVT. On September 26, 2022, the court entered an *Order Directing Reorganized Debtors to Respond to Motion Filed by William B. Abrams* (Dkt. 13005). On October 3, 2022, the court received email communications from Reorganized Debtors, Mr. Abrams and the FVT relating to both the JAMS Motion and the PG&E Motion (Dkts. 13041, 13042, 13043). On October 12, 2022, Reorganized

Case: 19-30088    Doc# 13105    Filed: 10/21/22    Entered: 10/21/22 11:19:34    Page 2 of 8

Debtors filed an Objection to the PG&E Motion (Dkt. 13065).  The court took the PG&E Motion under consideration thereafter.

Upon due consideration, the court directs Justice Trotter and the FVT to respond to the JAMS Motion in the limited nature described herein and denies the PG&E Motion outright.

**A. <u>The JAMS Motion</u>**

The JAMS Motion seeks extensive discovery from several JAMS neutrals involved in this case, including when each neutral was engaged, whether they had contracts with the Reorganized Debtors at any point, whether they have had any type of previous relationship (including as a customer) with any party involved in this bankruptcy, any social relationships with any person involved in this bankruptcy, and whether they are shareholders of JAMS.  The JAMS Motion also seeks in-depth information from Justice Trotter and former mediator Hon. Randall Newsome (Ret.).

The JAMS Motion was prompted by Los Angeles Times reporting relating to disgraced former attorney Tom Girardi's theft of settlement funds, some of which may have been taken from trusts administered through JAMS.  Mr. Abrams speculates that the misdeeds of Mr. Girardi may mean that individuals associated with JAMS may be committing or allowing misdeeds to be committed within the FVT.  The court reiterates there is no actual evidence of any such wrongdoing, and the Los Angeles Times reporting relates ultimately only to wrongdoing committed by Mr. Girardi.  Further, Justice Trotter, through counsel, emphatically responded to and denied the allegations impugning his conduct, and understandably referred to Mr. Abrams unfounded hearsay statements "as baseless innuendo (that) is not just

-3-

irresponsible, but harmful to the interests of justice." (Dkt. 13039).

The power conferred by the language of Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") is broad, but not limitless. The scope of any Rule 2004 examination must be tied to the language of Rule 2004(b) itself, which states that an examination of any entity "may relate only to the acts, conduct, property, or to the liabilities and financial condition of the debtor, **or to any matter which may affect the administration of the debtor's estate**[.]" (Emphasis added). No other portion of Rule 2004 has any relevance to Mr. Abrams' requests.

Here, even this language must be stretched to extend to the administration of the FVT, which the court has done on the FVT's own motions (See Dkts. 10947, 11055, 11145). Mr. Abrams even states that the JAMS Motion follows the blueprint of the *Motion of the Fire Victim Trust Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Entry of an Order Authorizing Discovery from Adventist Health System/West and Adventist Health Feather River and Service of a Subpoena on Factory Mutual Insurance Company* (the "Adventist Motion") (Dkt. 11556) out of an abundance of caution to ensure consistency with similar requests made to this court (JAMS Motion at p. 17). Mr. Abrams has followed this template in a previous Rule 2004 request as to the FVT (the "FVT Motion"), which the court granted in a limited capacity. (See Dkts. 12440, 12682). Mr. Abrams' previous request specifically concerned the administration of the FVT, which was the reasoning behind the FVT's Adventist Motion. The relevance of that request to the administration of the case and the FVT was

-4-

obvious, and the court's narrowing of the request was specifically focused on matters germane to that administration.

Now, the JAMS Motion utilizes this previous strategy and quotes the court's own words about the ongoing viability of Rule 2004, that "Federal Rule of Bankruptcy Procedure 2004 remains available as a vehicle for that exchange of information." (JAMS Motion, p. 18). These words are taken out of context: that exchange of information was specifically limited to "trust oversight and litigation activities; lobbyist activities; and administrative and litigation expenses." (Dkt. 12682 at p. 6). It is not appropriate to insinuate that the court left open the door to a broad application of Rule 2004 to extend to discovery regarding the relationships between specific JAMS members and the associated third parties who have served as neutrals even at times prior to the creation of the FVT. The role of JAMS and those neutrals is too far attenuated to the administration of the FVT. Further, the requests all relate to an unfounded attempt to find some instance of wrongdoing because Mr. Abrams apparently believes it exists.

It is also doubtful that Mr. Abrams has standing to prosecute any inquiries under Rule 2004; any discovery that leads to a less than ideal structure of the FVT could not be a cause of action for Mr. Abrams to pursue. Those causes of action would belong to the FVT, pursuant to the underlying documents involved in the creation of the FVT.

Nevertheless, using the same approach in dealing with the FVT Motion, the court will eliminate the many provisions of discovery preamble suggested in the JAMS Motion, and instead

-5-

direct Justice Trotter and Cathy Yanni, current FVT Trustee ("Trustee") to respond as directed below as questions from the court that are germane to the proper focus of Rule 2004, which is the administration of the FVT. Further, Justice Trotter and the Trustee should file declarations attesting to the truthfulness of facts attributed to them in the respective oppositions they filed to the JAMS Motion (Dkts. 13035, 13039).

**Questions to be Answered by Justice Trotter**

1. Within the "Notice of Filing of Transcript of Status of Trust Distribution Video Presentation by Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust.", May 17, 2021 (Dkt. 10654), you indicated that you were employed by certain parties on a part-time basis perhaps as early as April as an advisor. State the dates you signed any employment contracts or were otherwise engaged by any party in connection with the PG&E case.

2. In reference to Dkt. 10654 in Question 1, state the date that your contract or employment as an advisor was terminated.

**Questions to be Answered by Current Trustee Cathy Yanni**

The Trustee should answer the following questions based on her familiarity with Justice Trotter's administration of the FVT during his time in that role to the best of her knowledge and belief.

1. What precautions did Justice Trotter take, or after you became Trustee, that you took in the PG&E case to ensure that money belonging to the FVT was not diverted or otherwise misused?

-6-

2. How does the FVT safeguard against irregular accounting or misuse of funds masked as general expenses?

Excepting these limited inquiries, the court will DENY the remainder of the JAMS Motion and make no determinations regarding contested but irrelevant matters raised by the responses of the FVT and Mr. Skikos, and further contested by Mr. Abrams in his unauthorized Supplemental Statement in Support of JAMS Motion.

B. **The PG&E Motion**

The PG&E Motion seeks broad discovery from the Reorganized Debtors based on the belief, not of Mr. Abrams, but another fire claimant, Lora Fournier (initially misidentified as Amanda Riddle), that the Reorganized Debtors have some control over the FVT. This general speculation by someone other than Mr. Abrams, which flies in the face of evidence already illustrating Reorganized Debtors' lack of involvement, confers neither grounds nor standing to Mr. Abrams to pursue the PG&E Motion.

C. **Conclusion**

The court shall issue Orders concurrently with this Memorandum Decision: (1) Directing Justice Trotter and the Trustee to answer the limited questions above; (2) Directing Justice Trotter and the Trustee to file declarations as described; (3) Denying the remainder of the JAMS Motion; and (4) Denying the PG&E Motion in its entirety.

**\*\*END OF MEMORANDUM DECISION\*\***

**COURT SERVICE LIST**

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA 95409

William B. Abrams
2041 Stagecoach Rd.
Santa Rosa, CA 95404