KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (CHARMBURY CLAIMS)**<br><br>**Response Deadline:**<br>**November 16, 2022, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: November 30, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Eighteenth Omnibus Objection (the "**Objection**") to Claim No. 65553 and Claim No. 60152, both filed by Karyn Charmbury.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

### A. Bankruptcy Background

On January 29, 2019, the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving*

*Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672].[1]

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

### B. The Charmbury Claims

Karyn Charmbury filed two proofs of claim in the in the Chapter 11 Cases (the "**Charmbury Claims**"). Claim No. 65553, filed on October 19, 2019, seeks $199,500 in damages for alleged "[c]onstructive wrongful discharge," but includes no further detail or supporting materials. Claim No. 60152, filed on October 20, 2019, seeks $520,517.08 in damages for alleged "[c]onstructive wrongful termination of employment," and attaches a declaration more particularly describing the claim.

The Charmbury Claims are identified on **Exhibit 1** hereto, in the column entitled "Claims to Be Disallowed and Expunged."

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, the *Order Approving (A) Procedures for*

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

*Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"). The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable" or "[t]he claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law . . . ." Omnibus Objections Procedures Order, ¶ 2(C)(iii), (vii).

As explained below, the Reorganized Debtors seek entry of an order disallowing and expunging the Charmbury Claims because they seek recovery of amounts for which the Reorganized Debtors are not liable and fail to state a claim for constructive discharge.[2]

IV.     ARGUMENT

    A.     The Claimant Bears the Burden of Proof

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996).

---

[2] The parties attempted to resolve the Charmbury Claims pursuant to the Bankruptcy Court's *September 25, 2020 Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148], but those efforts were ultimately unsuccessful.

[3] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims has been further extended through and including December 19, 2022 [Docket No. 12432], except with respect to the claims of certain state and federal governmental entities not applicable to this Objection. The Reorganized Debtors anticipate requesting further extension of this deadline in the near future.

"[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

### B. The Charmbury Claims Should Be Disallowed and Expunged

To establish a constructive discharge, an employee must plead and prove that the employer "either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994). The facts must support a finding that the resignation was "coerced," rather than "simply one rational option for the employee." *Id*. "The conditions giving rise to the resignation must be sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Id*. The standard for determining constructive discharge is objective: "whether a reasonable person faced with the allegedly intolerable employer actions or conditions of employment would have no reasonable alternative except to quit." *Rochlis v. Walt Disney Co.*, 19 Cal. App. 4th 201, 212 (1993). In other words, the applicable standard is whether "the adverse working conditions [are] so intolerable" or "unusually adverse" that "any reasonable employee would resign rather than endure [them]." *Vasquez v. Franklin Management Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 827 (2013) (internal quotation marks omitted).

Here, Ms. Charmbury has not alleged, much less established, that her working conditions at PG&E were such that a reasonable employee would have resigned rather than continuing working under them. One of her claims, No. 65553, makes no factual allegations at all, and thus cannot possibly state a claim for constructive discharge. The other, No. 60152, broadly alleges that while Ms. Charmbury was employed at PG&E from December 2010 – March 2018, she was subjected to a "hostile work environment. . . because [her] significant other was a former employee of the Debtor and who was employed in the same department [she] worked in until he was terminated for cause in August 2015." (Charmbury Decl., ¶ 2.) The examples that she provides of her working conditions, however, are entirely

run of the mill—for instance, being criticized because on one job site she "let the contractors get out of control" and on another she "let[] the farmer's cows out of the pasture"; being reprimanded by a supervisor; and being rated below her peers on her employee evaluations, resulting in a lower annual bonus. (*Id*. ¶¶ 17-18.) She also alleges that during her pregnancy, PG&E transferred her from a job station where she was "much more involved in the work" to one that was, by her own admission, 30 minutes closer to her home. (*Id*. ¶ 17(e).) In truth, for safety reasons, two weeks prior to her scheduled leave of absence to deliver her baby, Ms. Charmbury's substation construction supervisor assigned her to work at a location closer to her home, and indoors, so that she would not have to work in projected 104-degree heat and over 30 miles from the closest medical facility in the event of an emergency. (Campos Decl. ¶ 5.) Her duties at the new location were the same as those typically performed by persons with her job classification. (*Id*.) And when she objected to this reassignment through PG&E's Compliance and Ethics Hotline, within less than 48 hours she was returned to her original assignment. (*Id*.)

Collectively, Ms. Charmbury's allegations amount to little more than that she experienced both job dissatisfaction and performance issues during her time at PG&E and ultimately opted to resign. Nowhere does she suggest—nor could she possibly prove—that her working conditions "were so intolerable . . . that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner*, 7 Cal. 4th at 1251.

\*\*\*

Because the Charmbury Claims assert amounts for which the Reorganized Debtors are not liable and fail to state a claim for constructive discharge, they should be disallowed and expunged in their entirety.

V.     **RESERVATION OF RIGHTS**

The Reorganized Debtors hereby reserve the right to object in the future to the Charmbury Claims on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing

will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Charmbury Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) Ms. Charmbury; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 24, 2022        **KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*