Northern California Law Group, PC.
Joseph Feist, SBN 249447
2611 Esplanade
Chico, CA 95973
Tel: 530-433-0233 | Fax: 916-426-7848
info@norcallawgroup.com

Attorney for Movants/Claimants of Northern California Law Group, PC. as detailed in Exhibit A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088-DM |
| | ) |
| PG&E Corporation, | ) Chapter 11 |
| | ) Lead Case, Jointly Administered |
| and | ) |
| | ) **AMENDED CONSOLIDATED MOTION TO** |
| PACIFIC GAS AND ELECTRIC | ) **ALLOW/DEEM TIMELY LATE FILING OF** |
| COMPANY, | ) **CLAIMANTS, AND MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES AND** |
| Debtors. | ) **DECLARATION OF JOSEPH K. FEIST IN** |
| | ) **SUPPORT THEREOF** |
| [x] Affects both Debtors | ) |
| | ) |
| *All paper shall be filed in the Lead Case, | ) Hearing: Only if Requested |
| No. 19-30088-DM | ) Location: Via Zoom |
| | ) |

Movants/Claimants, more fully set forth in Exhibit A–attached hereto–files this consolidated Motion to deem timely s late filed proof of claim.

This Motion is brought pursuant to the Court's August 24, 2022, Order Consolidating Motions to File Late Claims (the "Order").

*Pursuant to the Order and in accordance with the procedures set forth therein, the Fire Victim Trust ("FVT") must either (a) file any opposition it has to any specific Claimant set forth herein or (b) file a statement of non-opposition as to any specific Claimant set forth herein, within fourteen (14) days of filing of this Motion.*

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors, reasonable belief they did not have a claim due to not being homeowners and other factors arising from the 2018 Camp Fire ("Camp Fire"), Claimants were unable to timely file their proof of claim. Because there is no danger of prejudice to the Debtors, as Debtors' estates are solvent, and all creditors in these cases stand to be paid their pro rata shares, the Motion should be granted to allow the Claimants to have the claim deemed timely.

Per the Court's Order, a brief statement for particular circumstances for the Claimants is set forth in Exhibit A, attached hereto.

## II. BACKGROUND/BASIS FOR RELIEF REQUESTED

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom. The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimant, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimant who did not file proofs of claim by the General Bar Date. [See Docket No. 4672]

On January 31, 2020, as Docket No. 5590, Debtors filed an Amended Chapter 11 Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Docket No. 5700, Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Docket No. 5835, Debtors filed their Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was Approved.

After filing multiple iterations of the Plan, on June 19, 2020, as Docket No. 8048, Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 (the "Final Plan"). On June 20, 2020, post-voting and hotly contested confirmation hearings, the Bankruptcy Court entered an order confirming the Final Plan. [Docket No. 8053]

Prior to December 31, 2019, nearly 38,000 fire victims filed timely claims. Since December 31, 2019, thousands of late claims have been submitted. Since December 31, 2019, numerous late claims of fire victims have been deemed as timely by the Court through Stipulations and Orders.

Per the Court's Order, a brief statement of particular circumstances for each Claimant herein is set forth in Exhibit A. The Claimant herein are survivors of the Camp Fire which occurred in November 2018 and have valid claims for damages arising from the Camp Fire, including emotional distress nuisance and zone of danger.

### III.  LEGAL ARGUMENT

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of the Movants and their counsel in failing to submit their original claims, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7015, it is

respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.* ,(1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id*. At 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the Movants, and (4) whether the Movants acted in good faith.

As to the first factor, the Movants late filing will cause no prejudice to Debtors, since the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of the Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second factor, the Movants delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third factor, the reason for the delay and whether it was in the Movants reasonable control is detailed below in exhibit A.

As a final factor, the Pickett Movants are acting in good faith in filing this claim as they were occupants at the time of the fire, still reside in the area and suffered the great loss of their community along with extensive mental anguish as a result of their evacuation experience. Movant Bushby was not a resident of the area at the time of the fire, did not receive notice regarding the proceedings from the court of the Debtor, and is only seeking damages for her evacuation claim. Based on the above and supporting evidence, Claimants' counsel requests the claim be allowed due to the Claimants lack of bad faith as detailed below.

### IV.     CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting the Motion in its entirety;
2. Finding that the Subject Proofs of Claims filed by the Claimant are to be allowed as having been timely filed; and
3. Granting such other or further relief as the Court deems just and proper.

Dated: 10/31/2022

                                                                       /s/ Joseph K. Feist

                                                                      Joseph K. Feist
                                                                      Attorney for Claimant

## DECLARATION OF JOSEPH K. FEIST IN SUPPORT THEREOF

I, Joseph K. Feist, declare as follows:

1. I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow, from my personal knowledge–except as to those matters set forth upon information and belief.

2. I am a partner with Northern California Law Group, PC. and am an attorney licensed to practice in the State of California. If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from the Claimant that my firm represents. Such representation is set forth in Exhibit A, attached hereto, with further brief explanations received from the Claimant that my firm represents.

3. I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimant Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and the attached Exhibit A. To the best of my information and knowledge, the factual allegations in the Motion are true and correct.

4. I represent the Claimants identified in Exhibit A below.

I declare under penalty of perjury, under the laws of the United States and of the State of California, that the foregoing is true and correct. Executed at Sacramento, CA, on October 31, 2022.

By: /S/ Joseph K. Feist
Joseph K. Feist

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's filing system.

Executed this 31 day of October 2022, at Sacramento, CA.

By: /s/ *Joseph Feist*
Joseph Feist

# EXHIBIT A: CLAIMANTS

(1) <u>Joseph Pickett and Joseph T. Pickett. Proof of Claim No. 109638, filed on October 24, 2022.</u>

Joseph Pickett and his son, Joseph T. Pickett, were renters of the property commonly known as 1187 Wagstaff Rd. Paradise, CA 95954 on November 8, 2018, which was their primary residency at the time of the Camp Fire. That home did not survive the fire and all the personal property they held at their home was destroyed in the fire.

Joseph Pickett's delayed proof of claim was due to lack of understanding the damages he would be entitled to as a renter and lack of knowledge of the deadline date to file a POC. Joseph T. Pickett was a minor at the time of the fire and at the time of the POC deadline and would have been unable to understand the legal ramifications and obligations required to pursue a claim, nor the ability to file it on his own as a minor. Due to the severe mental anguish they suffered while evacuating, coupled with the loss of their primary residence, resulting in significant mental health struggles, compounded with unsuccessful consultations with other legal counsel, they did not know they had a valid claim and that action was required on their part to recover damages as a creditor.

(2) <u>Lesa Bushby. Proof of Claim No. pending, filed on October 31, 2022.</u>

Lesa Bushby retained our office on October 27, 2022. Lesa Bushby was visiting her friend at the property commonly known as 3559 Connie Circle #A Paradise, CA 95969 on November 8, 2018. That home did not survive the fire.

Ms. Bushby's delayed proof of claim was due to lack of understanding the damages she would be entitled to as she did not live in the area and was only visiting at the time of the fire and lack of knowledge of the deadline date to file a POC. Additionally, as Ms. Bushby was not a residence of the property or area, she did not receive any notice from the Debtor or court about duties and obligations as a potential creditor to file a POC. Additionally, as she did not reside in the area,

Case: 19-30088    Doc# 13137    Filed: 10/31/22    Entered: 10/31/22 08:59:53    Page 8 of 9

and she was not indirectly made aware of the POC deadline and obligation prior to the POC deadline. Due to the severe mental anguish, she suffered while evacuating resulting in significant mental health struggles, and the lack of understanding of what damages she was entitled to, she did not know she had a valid claim and that action was required on her part to recover damages as a creditor.