Craig A. Burnett [SBN 118907]
LAW OFFICE OF CRAIG A. BURNETT
3558 Round Barn Blvd., Suite 200
Santa Rosa, CA 95403
Telephone: (707) 523-3328
Email: cburnett@nomoredebt.com

Attorneys for Movants/Claimants of Flahavan Law Offices and
Law Offices of Michael S. Henderson   - see Exhibit 1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | Case No.: 19-30088-DM |
| PG&E CORPORATION, | Chapter 11 |
| and | **CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF** |
| PACIFIC GAS AND ELECTRIC COMPANY | |
| Debtors. / | |
| Affects:<br>☐   PG&E Corporation<br>☐   Pacific Gas & Electric Company<br>X   Both Debtors | Hearing:     Only if Requested<br>Location:    Via ZOOM or Telephone |
| / | |

Movants/Claimants in relation to Flahavan Law Offices and Law Offices of Michael S. Henderson, more fully set forth in **Exhibit 1**, attached hereto, file this Consolidated Motion to deem timely late filed Proof of Claims.

This Motion is brought t pursuant to the Court's 08/24/2022 Order Consolidating Motions to File Late Claims (the "Order") and the Court's 09/28/2022Revised Order Consolidating Motions to

1
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN
IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT
THEREOF
CASE NO.: 19-30088-DM

File Late Claims (the "Revised Order").

***Pursuant to the Order and Revised Order and in accordance with the procedures set forth therein, the Fire Victim Trust ("FVT") must either (a) file any opposition it has to any specific Claimants set forth herein, within 14 days, or (b) submit a proposed Order disposing of the Consolidated Motion and Claimants for which the FVT has no opposition to permitting their claims as timely.***

## I.
## Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. Movants were subject to a broad array of misinformation that was disseminated by local attorneys, television and radio advertising, as well as the community at-large. These groups all directly stated an/or implied that Movants could only bring a claim if they had sustained direct fire damage to their personal property, or physical injury. Due to the dissemination of misinformation regarding the claims process, as well as a variety of stressors and personal factors arising from the 2017 fires ("North Bay Fires"), Movants were unable to timely file their proof of claim. There is no danger of prejudice to the Debtors. Debtors' estates are solvent, and all creditors in these cases stand to be paid their pro rata shares. In fact, it is Movants' understanding that the number of claims submitted is less than the amount anticipated at the onset of the bankruptcy. Further, Claims are still being administered by the Trust. As such, the Motion should be granted to allow the Movants to have the claim deemed timely.

Per the Court's Order, a brief statement for particular circumstances for each Claimant is set forth in **Exhibit 1**, attached hereto.

## II.
## Factual Background

**A.** **Pertinent Bankruptcy Background**

2
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 2 of 13

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced the above-captioned voluntary Chapter 11 cases ("Chapter 11 Cases"). PG&E's Chapter 11 filings wee necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and all secured and priority claims against the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file proofs of claim by the General Bar Date [See Docket No. 4672]

On January 31, 2020, as Docket No 5590, Debtors filed an Amended Chapter 11 Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Docket No 5700, Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Docket No. 5835, Debtors filed their Motion for Entry of an Order (I) Approving form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, solicitation Packages, and Related Notices; and (IV) Granting Related Relief (Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was Approved.

After filing multiple iterations of the Plan, on June 19, 2020, as Docket No. 8048, Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated Jun 19, 2020 (the "Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the Bankruptcy

3
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 3 of 13

Court entered an order confirming the Final Plan. [Docket No. 8053].

Prior to December 31, 2019, nearly 38,000 fire victims filed timely claims. Since December 31, 2019, thousands of late claims have been submitted. Also, since December 19, 2019, dozens and dozens of late claims of fire victims have been permitted as timely by the Court through Stipulations and Orders. Others have been permitted as timely without stipulations, due to no opposition by the Fire Victims Trust. It is clear by the volume of late claims that many families and individuals impacted by the North Bay Fires were unaware that they had any remedies, claims for relief, or causes of action.

**B.    Movants Claims Arising from the North Bay Fires.**

Per the Court's Order, a brief statement for particular circumstances for each Claimant/Claimant Family is set forth in **Exhibit 1.**

The Claimants largely find themselves in very similar situations. All of the Claimants are survivors of the North Bay Fires which occurred in 2017. All of the Claimants have valid claims for damages arising from the North Bay Fires, including nuisance and emotional distress - due to proximity of the zone of danger to the North Bay Fires. All evacuated from the fires late at night and in the earning morning hours, with their homes covered in soot and ash.

All Claimants received bad information through advertisements and "community meetings" that they did not have a basis for a claim.

Movants are survivors of the North Bay Fires which occurred in October 2017. Movants owned or rented real property in Santa Rosa, California. Movants were displaced, as they were required to evacuate and suffered substantial personal damages, property damages, nuisance, emotional distress due to proximity of the zone of danger, among other things.

Movants did not understand that they could make a claim in bankruptcy without flames touching their homes or property and without having filed a homeowner's insurance claim related to their losses. Movants were subject to a broad array of misinformation that was disseminated by local attorneys, television and radio advertising, "community meetings," as well as the community

4
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 4 of 13

at-large. These groups all directly stated an/or implied that Movants could only bring a claim if they had sustained direct fire damage from flames breaching their personal property, or sustaining physical injury.

Due to Claimants' reasonable misunderstanding of their rights, as well as their trauma, forced relocation, and the stresses resulting from the foregoing, Movants did not become aware of the relevant bar dates in time to timely file the claim. It was not until after the Extended Bar Date and Claims Questionnaire Deadline that Movants realized their damages may be compensable and that they should file a proof of claim for their losses. Movants did not have a formal consultation with an attorney regarding their possible claims until October 2022.

None of the Claimants that are a party to this Motion had knowledge of their entitlement to file a claim within the Extended Bar Date. Had they known, they would have timely submitted claims. There was a failure in reasonably notifying all proposed Claimants of their rights. Had a party in interest been obligated to alert all those impacted by the fires of their possible entitlement to file a claim, perhaps there would not be so many fire victims in this situation. Outside of "word of mouth" from other fire victim claimants, no such notice or alert was provided, and many such parties had no good way of knowing about their claims.

Based on the foregoing, the claimants bring this Consolidated Motion to timely permit filing of their claims.

### III.

### Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain Circumstances. Federal Rule of Bankruptcy Procedure ("FRBP") 3003(c)(3); FRBP 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirements for proofs of claim *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Moreover, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake or carelessness, not just those caused by intervening circumstances beyond a

5
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 5 of 13

party's control." *Id*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id*, at 394095 ("Had respondents here been prevented from complying with the bar date by an act of God or some or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find "excusable neglect' [under FRBP 9006]").

In considering whether a creditor's failure was the product of "excusable neglect," the Court should take account of the following: all relevant circumstances surrounding the party's omission, including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*, at 395: See also *Corning v. Corning* (*In re ZiLOG, Inc.),* 450 F.3d 996 1003-1007 (9th Cir.2006)(applying the *Pioneer* factors). In this case, there was no widely distributed notice to residents impacted by the subject fires and the basis for a potential claim. Claimants had no actual notice - discussed more fully below

Here, all four *Pioneer* factors - as well as the fifth engrafted onto the *Pioneer* analysis by some courts - weigh in favor of Claimants.

First, there is no danger of prejudice to the Debtors in this case. Thus, the first *Pioneer* factor weighs in favor of the Movants. The Debtors' estates are solvent, and all creditors stand to be paid their pro rata share, which is presently at 45%. See, e.g., *In re Best Payphones, Inc.,* 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Meml's Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim but its allowance as a tardily filed claim only.) As of now, it is understood that claims for which determination notices are issued are receiving 45% of the determination award (their initial pro rata share). It is understood that the additional 55% of such determination awards has been set aside by the Fire Victims Trust. And, beyond that, the trust is still solvent.

6
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 6 of 13

Secondly, immediately upon receiving all the necessary information, the Subject Proof of Claim was filed, or reason for such not being the case is validly explained.

Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering lack of actual notice of claim rights and the amount of disinformation proliferated in the local community. Immediately upon becoming aware of their claims that arose from the North Bay Fires. They retained the Law Office of Brian T. Flahavan in this matter and a proof of claim was filed by Flahavan Law Offices on behalf of Movants. Additionally, there was little to no substantial effort by any interested party (The Debtors nor the Fire Victims Trust) in this case to alert prospective claimants of their right or entitlement to file a claim - other than third-party advertisements. The Ninth Circuit, relying on the *Pioneer* factors, held that a bankruptcy court abused its discretion in declining to excuse various women's failure to timely file proofs of claims (with respect to retention bonuses), where debtor's general counsel's email was not calculated to inform employees that they needed to file their wage claims against the debtor in bankruptcy court. *In re ZiLOG, Inc., supra,* at 1003. Compare this to the present Claimants, who received absolutely no notice whatsoever of their potential entitlement to file claims. Worse than that, Claimants actually received disinformation as to their claim rights. This lack of substantive notice now squarely placing many individuals and families without any knowledge of their remedies, including the Claimants.

Fourth, any prospect of prejudice beyond solvency is unlikely given that (a) Claims are still being administered (b) all distributions have not yet been made; and (c) the aggregate value of the Claimants' claims relative to the value of Debtors' estates (or the value of the Fire Victims Trust) is low. See, e.g., *In re Keen Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice). For example, even assigning a 45% pro rate share of $80,000 to each claim (with 20 claims) aggregates only $1,600,000. Where the Trust's initial value was $13,500,000,000, such late claims only account for 0.0001185% of the value of the Trust. Such a percent is incomprehensibly small in comparison to the size of the Trust.

Finally, the Fire Victim Trust has been routinely permitting late proofs of claims to be

7
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN
IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT
THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088   Doc# 13161   Filed: 11/07/22   Entered: 11/07/22 16:36:39   Page 7 of 13

allowed, where such tardiness is excusable under the *Pioneer* factors and forgoing. Only until very recently did the Fire Victim Trust begin to no longer sign-off on such tardy claims - without any consideration or individual review of each such request. In which case, the Movants contend that good cause exists and the Motion should be granted. Or, in the alternative, that the Fire Victims Trust should be estopped from wholly opposing all such claims, where the *Pioneer* factors are met.

## IV

## Conclusion

Based upon the foregoing, the Movants hereby request that the Court grant this Motion and deem timely the Subject Proof of Claim

WHEREFORE, the Movants pray for an order:

1. Granting the Motion in its entirety;
2. Finding that the Subject Proof of Claim was filed by the Movants is to be allowed as having been timely filed; and
3. Granting such other or further relief as the Court deems juts and proper.

Date: November 7, 2022        LAW OFFICE OF CRAIG A. BURNETT

By   /s/ Craig A. Burnett
     Craig A. Burnett
     Attorney for Movants/Claimants

8
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088   Doc# 13161   Filed: 11/07/22   Entered: 11/07/22 16:36:39   Page 8 of 13

## DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF

I, Brian T. Flahavan, declare as follows:

1. I am over eighteen (18) years old and am competent to testify as to the matters set forth herein below, from my personal knowledge.

2. I am the sole owner of Flahavan Law Offices and am an attorney licensed to practice in the State of California. If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from Claimants that my firm represents. Such representation is set forth more fully in **Exhibit 1**, attached hereto, with further brief explanations received from each Claimant that my firm represents.

3. I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimants Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and the attached **Exhibit 1**. To the best of my information and knowledge, the factual allegations in the Motion are true and correct, as to the Claimants my firm represents. For the reasons summarized in the Motion, I believe that it is appropriate to permit late filing of the various claims of the Claimants that my firm represents.

4. Moreover, my firm has inquired with the Claimants listed in **Exhibit 1** with respect to their claims to determine whether: (1) they were aware of the Fire Victims Trust existence within approximately 1-2 months of filing their claims, or (2) if they were aware of the existence of the Fire Victims Trust, whether they understood that damages for nuisance and/or emotional distress may be compensable through the fire Victims Trust. Upon information and believe, based on such inquiries, I understand that all of the Claimants listed in **Exhibit 1** either : (1) were not aware of the existence of the Fire Victims Trust until within approximately 1-2 months of their filing their subject claims, or (2) to the extent that they were aware of the existence of the Fire Victims Trust, they did not know that damages (theirs included) for emotional distress and/or nuisance might be compensable from the Fire Victims Trust.

9
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 9 of 13

5. In addition to the foregoing, the Covid-19 pandemic exasperated the ability of many claimants to become aware of their possible entitlement to funds from the Fire Victims Trust. Notable, the pandemic occurred very shortly after the Extended Claims Deadline expired. As a result, we have noticed from speaking with Claimants that they were too consumed with the effects of the pandemic (including the seclusion and sheltering-in-place) for fear of exposure to the virus and death - to learn anything about their rights to file claims with the Fire Victims Trust.

I declare under penalty of perjury, under the laws of the United State and of the State of California, that the foregoing is true and correct.

Executed at Santa Rosa, CA on November 4, 2022.

By: _____
Brian T. Flahavan
BRIAN T. FLAHAVAN
Attorneys for Movants

10
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088  Doc# 13161  Filed: 11/07/22  Entered: 11/07/22 16:36:39  Page 10 of 13

# DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF

I, Michael S. Henderson, declare as follows:

1. I am over eighteen (18) years old and am competent to testify as to the matters set forth herein below, from my personal knowledge.

2. I am the sole owner of Henderson Law Offices and am an attorney licensed to practice in the State of California. If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from Claimants that my firm represents. Such representation is set forth more fully in **Exhibit 1**, attached hereto, with further brief explanations received from each Claimant that my firm represents.

3. I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimants Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and the attached **Exhibit 1**. To the best of my information and knowledge, the factual allegations in the Motion are true and correct, as to the Claimants my firm represents. For the reasons summarized in the Motion, I believe that it is appropriate to permit late filing of the various claims of the Claimants that my firm represents.

4. Moreover, my firm has inquired with the Claimants listed in **Exhibit 1** with respect to their claims to determine whether: (1) they were aware of the Fire Victims Trust existence within approximately 102 months of filing their claims, or (2) if they were aware of the existence of the Fire Victims Trust, whether they understood that damages for nuisance and/or emotional distress may be compensable through the fire Victims Trust. Upon information and believe, based on such inquiries, I understand that all of the Claimants listed in **Exhibit 1** either : (1) were not aware of the existence of the Fire Victims Trust until within approximately 1-2 months of their filing their subject claims, or (2) to the extent that they were aware of the existence of the Fire Victims Trust, they did not know that damages (theirs included) for emotional distress and/or nuisance might be compensable from the Fire Victims Trust.

9
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 11 of 13

5. In addition to the foregoing, the Covid-19 pandemic exasperated the ability of many claimants to become aware of their possible entitlement to funds from the Fire Victims Trust. Notable, the pandemic occurred very shortly after the Extended Claims Deadline expired. As a result, we have noticed from speaking with Claimants that they were too consumed with the effects of the pandemic (including the seclusion and sheltering-in-place) for fear of exposure to the virus and death - to learn anything about their rights to file claims with the Fire Victims Trust.

I declare under penalty of perjury, under the laws of the United State and of the State of California, that the foregoing is true and correct.

Executed at Santa Rosa, CA on November 4, 2022.

By: _____

MICHAEL S. HENDERSON
Attorney for Movants/Claimants

---

10
CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF
CASE NO.: 19-30088-DM

Case: 19-30088    Doc# 13161    Filed: 11/07/22    Entered: 11/07/22 16:36:39    Page 12 of 13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system or by contacting counsel of record.

Date: November 7, 2022　　　　　LAW OFFICE OF CRAIG A. BURNETT

　　　　　　　　　　　　　　　　By　　*/s/ Craig A. Burnett*
　　　　　　　　　　　　　　　　　　　Craig A. Burnett
　　　　　　　　　　　　　　　　　　　Attorney for Movants/Claimants

11

CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN T. FLAHAVAN IN SUPPORT THEREOF AND DECLARATION OF MICHAEL S. HENDERSON IN SUPPORT THEREOF

CASE NO.: 19-30088-DM

Case: 19-30088　Doc# 13161　Filed: 11/07/22　Entered: 11/07/22 16:36:39　Page 13 of 13