# EXHIBIT 9

1    UNITED STATES BANKRUPTCY COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    -oOo-

4  In Re:                          ) Case No. 19-30088
                                   ) Chapter 11
5  PG&E CORPORATION AND PACIFIC    )
   GAS AND ELECTRIC COMPANY        ) San Francisco, California
6                                  ) Friday, December 4, 2020
                        Debtors.   ) 9:30 AM
7  _____ )
                                     ORAL RULING ON REORGANIZED
8                                    DEBTORS' MOTION TO APPROVE
                                     SECURITIES ADR AND RELATED
9                                    PROCEDURES FOR RESOLVING
                                     SUBORDINATED SECURITIES
10                                   CLAIMS [8964]

11                                   ORAL RULING ON SECURITIES
                                     LEAN PLAINTIFF'S MOTION TO
12                                   APPLY BANKRUPTCY RULE 7023
                                     AND CERTIFY A LIMITED CLASS
13                                   [9152]

14          TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE DENNIS MONTALI
15          UNITED STATES BANKRUPTCY JUDGE

16  APPEARANCES (via CourtCall):
   For the Debtors:          STEPHEN KAROTKIN, ESQ.
17                           RICHARD W. SLACK, ESQ.
                             Weil, Gotshal & Manges LLP
18                           767 Fifth Avenue
                             New York, NY 10153
19                           (212)310-8000

20  For PERA:                LABATON SUCHAROW, ESQ.
                             THOMAS A. DUBBS, ESQ.
21                           Labaton Sucharow LLP
                             140 Broadway
22                           New York, NY 10006
                             (212)907-0700

23

24

25

escribers
(973)828-8875 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18 Court Recorder:               LORENA PARADA/ANKEY THOMAS

United States Bankruptcy
Court
19                                           450 Golden Gate Avenue

San Francisco, CA 94102

20

21 Transcriber:                             LINDA FERRARA

eScribers, LLC
22                                          7227 N. 16th Street

Suite #207
23                                          Phoenix, AZ 85020

(973)406-2250

24

Proceedings recorded by electronic sound recording;
25 transcript provided by transcription service.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

-oOo-

1

2

3    (Call to order of the Court.)

4         THE CLERK:  Court is now in session.  The Honorable

5    Dennis Montali presiding.  Calling the matter of PG&E

6    Corporation.

7         THE COURT:  Hi.  Good morning everyone, or good

8    evening, or good afternoon for the east coast.  I won't take

9    appearances because, again, we have lots of counsel on the

10   call.

11        I see on the call sign-up Mr. Dubbs, Mr. Slack, and

12   Mr. Karotkin.  They were the three counsel who were active in

13   the hearing we had on the 17th, and so at the end of what I

14   have to say if they need to be heard, I'll take their

15   appearances.

16        So I've scheduled this as an oral ruling on what we

17   conveniently call the ADR procedures motion, and the Rule 723

18   motion -- 7023 motion that was argued on the 17th.  And this is

19   my oral ruling on the motions to approve the securities ADR

20   procedures, and to consider application of Federal Rule of

21   Bankruptcy Procedure 7023.  Those motions were fully briefed

22   and argued on November 17th, 2020.

23        Rather than take the time to draft a detailed

24   memorandum decision with citations and legal analysis, I've

25   chosen to exercise my discretion to implement the procedure

eScribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

1   that I find preferable as quickly as possible.

2         In short, I am going to grant the ADR motion with some

3   modifications, and defer on this, deny for now, the competing

4   Rule 7023 procedure advocated by the securities lead plaintiffs

5   and various parties who joined them.  The reasons are multiple.

6         First, the proposed date -- excuse me, there's a phone

7   ringing in the background, let me just wait till it stops.

8   Hold on.  All right.  This is the problem I have of trying to

9   work at home.

10        Anyway, the reasons are multiple.  Well, first the

11  proposed ADR procedures resemble procedures already implemented

12  in this massive case for approximately 12,000 nonfire,

13  nonsecurities claims, both with respect to numerous omnibus

14  objections and also a slightly different approach that has

15  begun for mediation of some of those claims.

16        While the process for disposition of the thousands of

17  fire victim claims are outside the Court's jurisdiction and

18  control, there are similar procedures for negotiation and

19  mediation that have been implemented there.  While those

20  similarities do not alone compel application for the securities

21  fraud claims, a consistent approach is a good factor to include

22  in the list of reasons for this decision.

23        Further, when I denied the original class action, Rule

24  7023 motion several months ago, I authorized the implementation

25  of a procedure to provide for a claims filing regime for

PG&E Corporation And Pacific Gas And Electric Company

1    securities fraud claimants.  That produced 7,000 claims to

2    administer and deal with.

3         Going back to a variance on what was rejected before

4    might well cause confusion, particularly for those who did not

5    file claims the first time, and might well cause one to

6    question why the Court is changing horses in the middle of the

7    stream.  For now, I believe it is appropriate to stick with

8    that procedure, rather than go back to something that resembles

9    what the securities lead plaintiffs advocated then and now.

10        As stated otherwise, I believe we have a well-

11   established process in the bankruptcy system, apart from the

12   class action world where the securities fraud claimants'

13   advocates live, that facilitates consensual resolution,

14   mediation, and if necessary, the traditional claims objection

15   process.  The bankruptcy process seems as normal and familiar

16   to the bankruptcy bench and bar as does the Rule 23 class

17   action process to those who practice and adjudicate there.  I

18   prefer to stick with a well-tried and true regime in this

19   forum.

20        The omnibus claims objection procedure is also well

21   established in the Federal Rules of Bankruptcy Procedure, and

22   particularly Rule 3007(d).  They are already underway in

23   significant measure in this case, as I noted, and have been

24   implemented in many cases that aren't even nearly considered

25   so-called mega cases, and appear to be workable and efficient.

PG&E Corporation And Pacific Gas And Electric Company

1    I would add that the pleas by the securities lead plaintiffs

2    that somehow due process is being denied are simply not

3    persuasive.

4         Some objections suggest that this procedure upends the

5    presumption that a filed claim is deemed allowed unless and

6    until objected to; unless it's contrary to the Ninth Circuit's

7    Lundell decision, and other authorities.  I reject that

8    argument.  Lundell and the presumptions are alive and well.

9    Nothing disrupts the process by inviting parties to compromise

10   their positions through the offer and sale, and then move on.

11        The same is true with the mediation alternatives.  If

12   the mediation fails, the filed claims stand as allowed, unless

13   and until the reorganized debtors object, and any suggestion

14   that the Court's role is usurped is easy to dismiss.  Most

15   judges I know, including yours truly, don't mind making

16   decisions when they have to.  But most, again including me,

17   really like consensual resolutions before asking for binding --

18   or excuse me, before issuing binding and final decisions.  I

19   prefer litigants having the opportunity to determine their own

20   outcomes.

21        Turning to more practical considerations, the acts

22   complained of by some of the securities claimants happened

23   almost five years ago.  The bankruptcy was filed nearly two

24   years ago.  Thus, there are prospective claimants, both large

25   and small, who didn't trade their claims and who have waited a

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

1   very long time.  The ADR procedures suggested by the

2   reorganized debtors have the appeal of assuring some claimants

3   will have an opportunity to recover some of their losses

4   quickly and inexpensively.

5           If I doubted the reorganized debtors assurances that

6   accepted offers will be honored promptly, either by a

7   distribution of cash or of common stock, I would feel

8   otherwise.  In fact, the order I will make, that will issue

9   ultimately here, will make clear that accepting offers will be

10  honored and paid promptly.

11          I reject the opposition's arguments that somehow the

12  reorganized debtors will pickoff unrepresentative parties, like

13  shooting fish in a barrel.  There are several reasons why I

14  reject that argument.  First, many of those parties have

15  counsel, some of who joined in opposing the ADR motion, and

16  quite adequately represented their client's interest.  There's

17  no reason why they can't and won't continue to do so if

18  appropriate under the ADR procedures.

19          I further reject the notion that somehow investors,

20  whether they be individuals or institutions, who were able to

21  make their own investment choices for purchasing the company's

22  stock or debt years ago, are somehow unable to make their own

23  decisions whether to accept a recovery on some portion of what

24  they spent when they made those investment decisions.  Then

25  they either made their own decisions or took the advice of

PG&E Corporation And Pacific Gas And Electric Company

1    investment advisors, stock brokers, investment committees, or

2    otherwise.  I am not going to assume that they are so

3    unsophisticated, innocent babes in the woods who can't make

4    their own decisions now.  And if they want more information, or

5    greater concessions from the reorganized debtors, they are free

6    to pass on the offers and acceptance and the mediation options.

7         If they want the benefit of counsel, either at the

8    outset of the offer acceptance process or later, when faced

9    with mediation, nothing prevents them from organizing

10   collectively in selecting counsel on a group basis to represent

11   their interests.

12        Further, if it comes to the formal claims objection

13   procedures, they can rally their forces collectively again if

14   they wish.  Simply stated, they said yes or no to a choice to

15   whether to invest years ago.  Now they can say yes or no to an

16   offer the reorganized debtors present to them under the

17   proposed procedures.

18        There are two changes I want to make in the order that

19   I'll issue regarding that offer acceptance procedures.  First,

20   I believe a twenty-one day time period is too short.  I'm going

21   to insist that it be extended to thirty-five days.

22        Second, I will not require a claimant to submit a

23   counteroffer.  While that might facilitate the goal of

24   consensual resolution, I don't think it is fair for the Court

25   to require it.  The procedures will need to be changed to make

PG&E Corporation And Pacific Gas And Electric Company

1      that clear.

2              If it turns out that the offer and acceptance,

3      mediation, and related procedures failed significantly, we can

4      revisit the question of whether remaining securities fraud

5      claimants would be better served by some variation on a Rule

6      7023 process.

7              Turning to the mediation options, the suggestion that

8      the reorganized debtors will have some sort of captive group of

9      hired guns to do their bidding is offensive and is rejected.

10     It is inconsistent with a well-established culture of unbiased

11     neutrals that has existed in the Northern District of

12     California District Court, and in the Northern District of

13     California Bankruptcy Court, for decades.  It is a fair, and

14     impartial mediation process that is largely free of any court

15     supervision.

16             I find it unusual that the objectors complain that the

17     reorganized company will pay the mediators, and that the class

18     motion solution is better because the costs can be shared.

19     That strikes me as shortsighted or naive, because any

20     successful class action prosecuted to judgment or mediated to a

21     consensual result might very well, if not always does, have

22     costs being born by the class action defendants, or here the

23     reorganized debtors.  What's wrong with that?  Here, the

24     payment of the neutrals is on the front end where it belongs.

25             The proposed procedures have built into them an

eScribers
operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

1   assurance that the mediators will disclose any relationship

2   that they have had or have with the reorganized debtors.  And

3   as I will explain later, I will also require an adequate

4   showing of the training, and qualification of the mediators who

5   are named by the reorganized debtors.  If for some reason any

6   securities fraud claimant believes he, or she, or it is forced

7   to appear before an improper or unqualified mediator, the

8   procedures themselves have some built-in safeguards, and in the

9   alternative, there can always be resort to the Court to replace

10  any particular mediator for good reason.  For now, I'm simply

11  going to assume that anyone bringing baggage that might

12  disqualify him or her as a mediator under this procedure will

13  not get on the approved list to begin with.

14          One of the variations I also will require under the

15  securities ADR procedures, which are found in Exhibit A-2 to

16  the debtors' proposed order approving the ADR procedures, at

17  Doc. 9378-1, is that what will have to be posted on the website

18  available to the securities fraud claimants information about

19  the mediators who are on the approved list.

20          I'll refer as an example, specifically, to our own

21  Bankruptcy Dispute Resolution Program which is on our court's

22  website.  Any party using that procedure can go to that website

23  and see the name, the law firm affiliation, if any, the

24  educational background, ADR experience, and other relevant

25  information about the volunteers who might be available to

PG&E Corporation And Pacific Gas And Electric Company

1    mediate for them.

2         As an aside, I just went a couple of days to make sure

3    that list was up-to-date.  And who do you think the very first

4    person listed on the Bankruptcy Dispute and (sic) Resolution

5    Program is none other than Peter Benvenutti, one of debtors'

6    counsel.  I don't know whether he'll be on the mediator's list,

7    or I'm presuming he won't be, he can't be, but the point is

8    that there's an example of looking to a public document to see

9    information about someone who might be involved in a matter

10   that's relevant to the decision that will be made.

11        In this case, since the reorganized debtors will be

12   listing those mediators, that same information will have to be

13   available on a consistent basis, so all parties required to

14   participate in the mediation will be able to have the basic

15   information about the selected mediator.

16        There is one specific additional point I want to

17   stress on this point, and that is that the mediation

18   alternative cannot be implemented twice, in my opinion, unless

19   a particular claimant agrees.  And what I mean specifically is

20   that if the reorganized debtors designate a claim for the

21   abbreviated mediation process and that process is not

22   successful, the claimant cannot be subjected to then going

23   through the standard mediation process, unless the claimant

24   specifically agrees in writing to try a second mediation

25   effort.  I don't have to worry about the reverse.  I don't

PG&E Corporation And Pacific Gas And Electric Company

1   think a standard mediation that is unsuccessful will result in

2   a suggestion that we have an abbreviated mediation, but the

3   order, and the related information -- excuse me, related

4   procedures will have to make that clear.  It's one-time

5   mediation, not two, unless you agree to it.

6          As for the securities claim information procedures, I

7   am encouraged by reorganized debtors' counsel's suggestion made

8   during the hearing on November 17th.  Specifically, Mr.

9   Karotkin stated, and I quote, "What we would propose, Your

10  Honor, is submitting to the Court on notice, almost like a

11  mini-disclosure statement in connection with the offer and

12  acceptance procedures, as well as the mediation.  People can

13  look at it.  People can comment on it.  So it will be very

14  certain that people who aren't subject to our process will

15  clearly understand what's going on" -- I think that's a typo --

16  who are subject to our process will clearly understand what's

17  going on.  That's the end of the quote, even if I misquoted.

18         Another legitimate concern of some objectors is if

19  they have already provided the requisite information to support

20  their claims, and shouldn't have to do it again.  In the same

21  colloquy, Mr. Karotkin assured me that parties who have already

22  provided extensive information to support their claim will not

23  have to do it a second time.  He stated, and again I'm going to

24  quote with a slight edit, "And as we said, we will go through

25  the claims to make sure that to the extent someone has provided

PG&E Corporation And Pacific Gas And Electric Company

1   information, we will not ask," that party "to duplicate that to

2   avoid any burden."

3          Turning now to the omnibus objection procedures, the

4   reorganized debtors' proposals are set forth in Exhibit A-3 to

5   the proposed order that I mentioned a moment ago.  I will

6   permit the use of those objection procedures, as I have done

7   for nonfire, nonsecurities' claims, and which have been working

8   quite well, efficiently and with minimal court involvement.

9          The debtors have asked me to expand on Bankruptcy Rule

10  3007(d) to permit some additional categories of omnibus claims

11  objections.  I am prepared to do that for the first two

12  categories of omnibus objections that are set forth in

13  paragraphs 8(a) and 8(b) of the proposed order.

14         Subparagraph(a), or paragraph 8(a), pertains to

15  purchases of equities, securities, or debt that occurred

16  outside of the subject period as set forth in the extended bar

17  date order.

18         And subparagraph (b) covers securities claims that

19  were sold before release of any purported corrective

20  disclosures.  Those strike me as routine, procedural,

21  nonsubstantive, and a proper and efficient way of cutting down

22  on the number of claims that have to be administered in any

23  further proceedings or processes.

24         I am rejecting the reorganized debtors' proposal in

25  paragraph 8(c), namely an objection based upon failure to

PG&E Corporation And Pacific Gas And Electric Company

1    submit a completed trading information request form by any

2    deadline.  That seems inconsistent with the principal that

3    prohibits disallowing a claim in the face of the presumption of

4    allowance, absent a substantive basis to disallow it under

5    Section 502.  It is also consistent with my own reported

6    decision in the Heath (phonetic) case, and the Supreme Court

7    precedent, Travelers v. PG&E, one of my favorites.

8         In other words, if a securities fraud claimant is

9    unwilling or unable to complete the trading information request

10   form, the consequence shouldn't be a disallowance of the claim

11   as a matter of law.  The proper alternative, consistent with

12   due process, is to require the debtors to frame an objection

13   along the lines of stating, for example, that the information

14   is not sufficient to provide a basis to establish the

15   liability, or any other ground that is permissible as a

16   substantive matter.

17        Next, in paragraph 8(d) of the proposed order,

18   reorganized debtors ask that there be a procedure, an omnibus

19   objection procedure, based upon the parties and what the

20   parties and the briefing called, "unauthorized bulk claims".  I

21   am worried that permitting that procedure at this point takes

22   us down a slippery slope of turning an efficient, and a way of

23   dealing with multiple similar claims, into an inappropriate way

24   of dealing with the substantive merits of what might be

25   significant, and numerous claims.

escribers
operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

1    Therefore, before including a bulk claim objection in

2 an omnibus objection regime, the reorganized debtors will first

3 have to give written notice to any prospective respondent that

4 proof of authorization to file the claim on behalf of a known,

5 or identified claimant is missing, and will be the subject of

6 an omnibus objection if not provided.  I'm willing to permit

7 the reorganized debtors to use this omnibus objection for this

8 category of claims, as long as there has been at least a

9 forty-five day written notice period to the claimants that they

10 must provide proof of authorization, or the claim will be

11 objected to under the omnibus procedure.

12    I've allowed, parenthetically, that in the course of

13 the argument on November 17th, a suggestion was made that it

14 might be appropriate to target this type of claim objection for

15 specifically and discrete objection and briefing, much like we

16 had done earlier in the case with the post-petition interest

17 issue and other discrete issues.  I will leave that for further

18 consideration, but I invite the parties to consider doing that.

19    Finally, in the omnibus category of paragraph 8(e) of

20 the proposed order, the language appears to be consistent with

21 what was done in the omnibus claims procedures generally at

22 docket 8226, filed June 30th, 2020, and seems appropriate here.

23 So to be consistent, I will permit that category of omnibus

24 objections to proceed.

25    Returning to the suggestion by Mr. Karotkin that there

PG&E Corporation And Pacific Gas And Electric Company

1    will be some sort of explanation of the offer and acceptance

2    and disclosure procedures, I want the reorganized debtors'

3    counsel and the securities lead plaintiff's counsel to meet and

4    confer, and to see if they can agree on suitable disclosures

5    and exclamations -- pardon me -- explanations both as to the

6    offer and acceptance procedures, and the mediation process, but

7    also as to the narrowing of the information that must be

8    provided from claimants who have already completed portions of

9    the requisite forms.

10          I suggest that within the next thirty days, they

11   attempt to agree on mutually acceptable language.  I'll come

12   back to that in a moment.

13          That, in brief, is my thinking on the ADR portion of

14   the motion.  I have decided to reject the Rule 7023 procedure.

15   If I may paraphrase a former well-known politician, there are

16   too many unknowns.  For example, even Mr. Dubbs conceded that I

17   was somewhat in unchartered waters, and he asked me to go out

18   and be creative, or go into new territory.  Well, I'm not

19   bashful about being creative, but I am not inclined to do that

20   here, when there seems to be a more efficient and sufficient

21   way to proceed, as I've summarized.

22          The unknowns that don't need to be the subject of

23   further litigation in this case now, or possible appeals in

24   this case, include whether PERA or PERA's counsel have a

25   conflict in representing the securities class in the district

PG&E Corporation And Pacific Gas And Electric Company

1    court, and the claimants here, and also whether the limited

2    fund doctrine applies, or doesn't, to the common stock to be

3    issued under the plan by the insolvent -- excuse me -- the

4    solvent debtor.  Next, whether the cases permit the rule to be

5    available for a money recovery, even though the common stock to

6    be issued is determined by a mathematical conversion of money

7    to common stock.

8         I do not want to risk violating the principle of only

9    non-economic recoveries under at least one of the class action

10   alternatives.  Rather than restate the briefing and arguments

11   of both sides, I will simply note that the very presence of

12   those disputes and the questions, some of which are unanswered

13   and some of which, as I stated, is new territory, is reason

14   enough not to go there at this point when the alternative is

15   preferable to me.

16        The class action options under Rule 23 are well-

17   established, but the class action toolbox outside of our

18   bankruptcy world does not have the tools we have here.  I am

19   not taking Mr. Dubbs' offer to go into unchartered waters, when

20   I have a navigation chart for traveling the bankruptcy route.

21   For those reasons, I am going to deny without prejudice the 723

22   motion -- 7023, excuse me.

23        And finally, I've spent a lot of time working through

24   a very long document -- that is the proposed order and it's

25   exhibit -- to spot some of the bigger issues I have mentioned,

PG&E Corporation And Pacific Gas And Electric Company

1   but there are also some, not a great deal, of lesser ones that

2   I want changed.  And what I am going to do in the next very few

3   days, two, three days, my assistant, my judicial assistant, Ms.

4   Thomas, will email to Mr. Slack, Mr. Karotkin, and Mr. Dubbs a

5   very rough markup showing the relative modest changes that I

6   want to see in Exhibits A-1, A-2, and A-3 of the proposed

7   order.  They are, perhaps, a little more than nits or

8   redundancies or unnecessary surplusage, and some reflect

9   portions of the ruling that I have summarized today, but I am

10  not going to take time today, or even am I prepared today to

11  have a proofreading or an edit to make everybody on the call

12  listen while I say about some edit that is noncontroversial,

13  that seems to be appropriate.

14       So I don't intend to sign any order at this point.  I

15  don't -- and including, by the way, I'm not going to sign an

16  order that denies the 7023 procedure.  I will include that when

17  I issue the order approving the ADR procedures, in case the

18  securities lead plaintiff -- the plaintiffs wish to seek some

19  sort of review of my decision.  But I first want to have the

20  principal parties to have an opportunity to see and be heard on

21  the finished product for the ADR procedures.

22       Now I would add, I don't intend to make this markup --

23  it's is nothing more than an edited draft -- a matter of public

24  record.  I also, of course, am not having an ex parte

25  communication with one side or the other, having my assistant

PG&E Corporation And Pacific Gas And Electric Company

1  send a markup of a document to show proposed edits to counsel

2  on both sides seems adequate to me.  But if there is any

3  counsel who really, truly wants to have time to spend looking

4  at about a forty-page redline version that's hard to follow,

5  they're free to contact Ms. Thomas by email and request the

6  copy be sent to them as well.

7          So here's my scheduling plan based upon what I would

8  like to have occur:  I will set a hearing on our regular PG&E

9  calendar of January 27th, 2021, at 10 o'clock, for final

10 approval of the ADR procedures.

11         As I said, I want counsel to meet and confer, I

12 previously said within thirty days, and when I went back to

13 prepare this schedule, I realized that that's a bit of a

14 squeeze.  So I am going to impose upon Mr. Slack and Mr.

15 Karotkin on the one hand, and Mr. Dubbs on the other, to meet

16 and confer within the next two weeks, by December 19th, and

17 thereafter for Mr. Slack, or the reorganized debtors, to file

18 proposed final procedures and a proposed final order no later

19 than January 4th, 2021.

20         I will allow parties who wish to object to the final

21 form -- again, not the substance of this ruling, just the

22 details -- no later than January 15th.  And I'll repeat that

23 date.  I want counsel to meet and confer within -- by two

24 weeks, December 19th.  I want the debtor to file proposed final

25 procedures and order by January 4th, and I will give the

PG&E Corporation And Pacific Gas And Electric Company

1  parties who wish to be heard a deadline of only January 15th to

2  file their objections.

3          And furthermore, anyone objecting, or any

4  unrepresented claimant, must meet and confer with reorganized

5  debtors' counsel in an attempt to resolve any objections no

6  later than a week prior, or January 22nd.  So in other words,

7  it's a tight schedule, but it's also not a very substantive

8  issue.

9          Proposed order and procedures by January 4th,

10  objections by January 15th.  I'll give any objecting party one

11  week, to January 22nd, to make a good faith effort to meet and

12  confer with reorganized debtors' counsel.  If there's no

13  attempt, or an unwillingness, or a failure to do that, I may

14  strike any objections, but I will take up anything that's left

15  on the January 27th calendar.

16          That's the end of my oral ruling.  I hope I have not

17  confused the issues.  I want to say that when Ms. Thomas sends

18  to principal counsel the markup, there may be some confusion

19  because, frankly, it wasn't easy for Ms. Thomas and me to, sort

20  of, take the document off the docket and turn it into an

21  editable Word document without having difficult margin problems

22  and spacing problems, but we did our best, and I have no

23  objections if there is any confusion, by particularly Mr.

24  Dubbs, or Mr. Slack, and their staff, to clarify through Ms.

25  Thomas whatever might've been intended.

operations@escribers.net | www.escribers.net

PG&E Corporation And Pacific Gas And Electric Company

1    I promise you there are no sleepers in there.  I think

2  I have identified every substantive matter in the oral ruling

3  that I've just made, and the other things are -- in some cases,

4  are almost self-evident like saying the same thing twice seems

5  unnecessary, or making reference to a different procedure under

6  the bankruptcy rules, rather than the general civil rules.

7    I will invite Mr. Karotkin or Mr. Slack or Mr. Dubbs

8  to let me know now if there's anything they want clarified or

9  that I've created by way of confusion, but other than that, I

10  do not want to turn this hearing into a motion for

11  reconsideration.

12    So I will start with Mr. Slack and Mr. Karotkin.  Do

13  you want to be heard at all?

14    MR. SLACK:  Hi, Your Honor.  Richard Slack for the

15  reorganized debtor.  Just one clarification on the schedule

16  itself, which is what I took down was you want the objections

17  on January 15th, and then a meet and confer period with the

18  reorganized debtors, then have the opportunity to file a

19  response to the objection.  Is there --

20    THE COURT:  No, no.

21    MR. SLACK:  -- is there a date?

22    THE COURT:  No, meet -- no, this is just editing.

23  This is just say this instead of that.  As I say, it's not an

24  invitation for an objector to say, Judge, you should've done

25  something different.  You should've --

PG&E Corporation And Pacific Gas And Electric Company

1          MR. SLACK:  Okay.

2          THE COURT:  -- gone with the limited fund.  It's truly

3     editing.

4          MR. SLACK:  Yes, okay.

5          THE COURT:  And I --

6          MR. SLACK:  That's what I thought.

7          THE COURT:  -- genuinely suspect if the drafting -- if

8     you and Mr. Karotkin draft something, and confer with Mr.

9     Dubbs, there maybe will be no objections because there's

10    nothing that I can imagine that is really going to outline or

11    alter anybody's fate here.  It's just to try to make it

12    clearer.

13         I think maybe you'll have a better understanding of my

14    thinking when you see the markup.  And as I say, I realize this

15    is an oddball way to go about doing this, but I didn't know any

16    other way to deal with a long, long document.  You did file a

17    very long document that took a lot of careful reading.  Okay.

18         MR. KAROTKIN:  Your Honor?

19         THE COURT:  Anyone else?

20         MR. KAROTKIN:  Your Honor, Mr. Karotkin.  I have no

21    comments.  Thank you.

22         THE COURT:  Thank you, Mr. Karotkin.

23         Mr. Dubbs, anything from you?

24         MR. DUBBS:  This is Thomas Dubbs for the class in the

25    class case.  We will work with Mr. Slack, pursuant to the

PG&E Corporation And Pacific Gas And Electric Company

1    Court's indications of what it wants to do, and we thank the

2    Court for working its way through a complicated problem.

3              THE COURT:  Okay.  Well, I thank you all for your

4    effort.  As I say, I want -- I complimented you all, I believe,

5    at the prior hearing.  Having spent a lot of time over the last

6    couple of the weeks, I again appreciate both sides' huge effort

7    to deal with this problem, and I had to make a decision.

8              Let me say also that we still have, at least for

9    now -- I'm assuming we still have on calendar for the 15th, the

10   contested motion for the securities lead plaintiffs under

11   Rule -- I mean, under Bankruptcy Code Section 503.  So if

12   between now and the 15th, if either or any of you three that

13   I've talked to -- or any people working with you -- really get

14   bogged down on something, I'll be happy to take a moment on the

15   15th on the record, just to clarify anything that may have

16   gotten lost in the shuffle today, and if for some reason you

17   are not going to go forward on the 15th, and that hearing's

18   going to be continued, I think we still have some other things

19   on the 15th, although many of them are being moved as well.

20             The point is, I will be available if there's some need

21   to have an on-the-record discussion of something that may come

22   to your mind, either based upon what I read and announced

23   today, and/or alternatively, when you see this markup.

24             I mean, I've got to say, my fear was that I would

25   create confusion.  If we didn't have COVID, and we had people,

PG&E Corporation And Pacific Gas And Electric Company

1    I probably would've invited people to sit around a table, and

2    have a drafting committee meeting, and say, look, let's change

3    this to this, and this to that.  That's what I tried to do with

4    my assistant, Ms. Thomas' help, and that's what you'll be

5    looking at.

6         I also won't take offense if either side says, Judge,

7    I think you're crazy.  You shouldn't have stricken this

8    provision; you should've left it the way we had it.  And as

9    long as it's not trying to persuade me of any substantive

10   decision, I'm happy to have the conversation.

11        All right.  With that, I -- unless someone desperately

12   needs to be heard, I will take a moment to see.  Anyone

13   desperately need to be heard?

14        All right.  I wish you Happy Holidays.  Stay well, and

15   thank you all for your time, and I will conclude the hearing,

16   and thank my staff, and CourtCall.

17        MR. SLACK:  Thank you.

18        MR. KAROTKIN:  Thank you, Your Honor.

19        MR. DUBBS:  Thank you, Your Honor.

20      (Whereupon these proceedings were concluded)

21

22

23

24

25

escribers
operations@escribers.net | www.escribers.net

1                          I N D E X

2    RULINGS:                                    PAGE LINE

3    Motion to Approve Securities ADR granted.      4      1

4    Motion to apply Bankruptcy Rule 7023 denied    4      2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1            C E R T I F I C A T I O N

2

3    I, Linda Ferrara, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6    *Linda Ferrara*

7

8    _____

9    /s/ LINDA FERRARA, CET-656

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  December 7, 2020

16

17

18

19

20

21

22

23

24

25

## A

**A-1 (1)**
18:6
**A-2 (2)**
10:15;18:6
**A-3 (2)**
13:4;18:6
**abbreviated (2)**
11:21;12:2
**able (2)**
7:20;11:14
**absent (1)**
14:4
**accept (1)**
7:23
**acceptable (1)**
16:11
**acceptance (7)**
8:6,8,19;9:2;12:12;
16:1,6
**accepted (1)**
7:6
**accepting (1)**
7:9
**action (8)**
4:23;5:12,17;9:20,
22;17:9,16,17
**active (1)**
3:12
**acts (1)**
6:21
**add (2)**
6:1;18:22
**additional (2)**
11:16;13:10
**adequate (2)**
10:3;19:2
**adequately (1)**
7:16
**adjudicate (1)**
5:17
**administer (1)**
5:2
**administered (1)**
13:22
**ADR (14)**
3:17,19;4:2,11;7:1,
15,18;10:15,16,24;
16:13;18:17,21;19:10
**advice (1)**
7:25
**advisors (1)**
8:1
**advocated (2)**
4:4;5:9
**advocates (1)**
5:13
**affiliation (1)**
10:23
**afternoon (1)**
3:8

**again (7)**
3:9;6:16;8:13;12:20,
23;19:21;23:6
**ago (6)**
4:24;6:23,24;7:22;
8:15;13:5
**agree (3)**
12:5;16:4,11
**agrees (2)**
11:19,24
**alive (1)**
6:8
**allow (1)**
19:20
**allowance (1)**
14:4
**allowed (3)**
6:5,12;15:12
**almost (1)**
6:23;12:10;21:4
**alone (1)**
4:20
**along (1)**
14:13
**alter (1)**
22:11
**alternative (4)**
10:9;11:18;14:11;
17:14
**alternatively (1)**
23:23
**alternatives (2)**
6:11;17:10
**although (1)**
23:19
**always (2)**
9:21;10:9
**analysis (1)**
3:24
**and/or (1)**
23:23
**announced (1)**
23:22
**apart (1)**
5:11
**appeal (1)**
7:2
**appeals (1)**
16:23
**appear (2)**
5:25;10:7
**appearances (2)**
3:9,15
**appears (1)**
15:20
**application (2)**
3:20;4:20
**applies (1)**
17:2
**appreciate (1)**
23:6
**approach (2)**
4:14,21

**appropriate (5)**
5:7;7:18;15:14,22;
18:13
**approval (1)**
19:10
**approve (1)**
3:19
**approved (2)**
10:13,19
**approving (2)**
10:16;18:17
**approximately (1)**
4:12
**argued (2)**
3:18,22
**argument (2)**
6:8;7:14;15:13
**arguments (2)**
7:11;17:10
**around (1)**
24:1
**aside (1)**
11:2
**assistant (4)**
18:3,3,25;24:4
**assume (2)**
8:2;10:11
**assuming (1)**
23:9
**assurance (1)**
10:1
**assurances (1)**
7:5
**assured (1)**
12:21
**assuring (1)**
7:2
**attempt (3)**
16:11;20:5,13
**authorities (1)**
6:7
**authorization (2)**
15:4,10
**authorized (1)**
4:24
**available (5)**
10:18,25;11:13;17:5;
23:20
**avoid (1)**
13:2

## B

**babes (1)**
8:3
**back (4)**
5:3,8;16:12;19:12
**background (2)**
4:7;10:24
**baggage (1)**
10:11
**Bankruptcy (14)**
3:21;5:11,15,16,21;

6:23;9:13;10:21;11:4;
13:9;17:18,20;21:6;
23:11
**bar (2)**
5:16;13:16
**barrel (1)**
7:13
**based (4)**
13:25;14:19;19:7;
23:22
**bashful (1)**
16:19
**basic (1)**
11:14
**basis (4)**
8:10;11:13;14:4,14
**begin (1)**
10:13
**begun (1)**
4:15
**behalf (1)**
15:4
**believes (1)**
10:6
**belongs (1)**
9:24
**bench (1)**
5:16
**benefit (1)**
8:7
**Benvenutti (1)**
11:5
**best (1)**
20:22
**better (3)**
9:5,18;22:13
**bidding (1)**
9:9
**bigger (1)**
17:25
**binding (2)**
6:17,18
**bit (1)**
19:13
**bogged (1)**
23:14
**born (1)**
9:22
**both (6)**
4:13;6:24;16:5;
17:11;19:2;23:6
**brief (1)**
16:13
**briefed (1)**
3:21
**briefing (3)**
14:20;15:15;17:10
**bringing (1)**
10:11
**brokers (1)**
8:1
**built (1)**
9:25

**built-in (1)**
10:8
**bulk (2)**
14:20;15:1
**burden (1)**
13:2

## C

**calendar (3)**
19:9;20:15;23:9
**CALIFORNIA (3)**
3:1;9:12,13
**Call (3)**
3:3,10,11,17;18:11
**called (1)**
14:20
**Calling (1)**
3:5
**can (10)**
8:13,15;9:3;18;10:9,
22;12:12,13;16:4;
22:10
**captive (1)**
9:8
**careful (1)**
22:17
**case (9)**
4:12;5:23;11:11;
14:6;15:16;16:23,24;
18:17;22:25
**cases (4)**
5:24,25;17:4;21:3
**cash (1)**
7:7
**categories (2)**
13:10,12
**category (3)**
15:8,19,23
**cause (2)**
5:4,5
**certain (1)**
12:14
**change (1)**
24:2
**changed (2)**
8:25;18:2
**changes (2)**
8:18;18:5
**changing (1)**
5:6
**chart (1)**
17:20
**choice (1)**
8:14
**choices (1)**
7:21
**chosen (1)**
3:25
**Circuit's (1)**
6:6
**citations (1)**
3:24

Case: 19-30088    Doc# 93584-3  Filed: 12/07/20  Entered: 12/07/20 14:15:46    Page 27
of 35

civil (1)
    21:6
claim (10)
    6:5;11:20;12:6,22;
    14:3,10;15:1,4,10,14
claimant (8)
    8:22;10:6;11:19,22,
    23;14:8;15:5;20:4
claimants (9)
    5:1;6:22,24;7:2;9:5;
    10:18;15:9;16:8;17:1
claimants' (1)
    5:12
claims (23)
    4:13,15,17,21,25;5:1,
    5,14,20;6:12,25;8:12;
    12:20,25;13:7,10,18,
    22;14:20,23,25;15:8,21
clarification (1)
    21:15
clarified (1)
    21:8
clarify (2)
    20:24;23:15
class (12)
    4:23;5:12,16;9:17,
    20,22;16:25;17:9,16,
    17;22:24,25
clear (3)
    7:9;9:1;12:4
clearer (1)
    22:12
clearly (2)
    12:15,16
CLERK (1)
    3:4
client's (1)
    7:16
coast (1)
    3:8
Code (1)
    23:11
collectively (2)
    8:10,13
colloquy (1)
    12:21
comment (1)
    12:13
comments (1)
    22:21
committee (1)
    24:2
committees (1)
    8:1
common (4)
    7:7;17:2,5,7
communication (1)
    18:25
company (1)
    9:17
company's (1)
    7:21
compel (1)

4:20
competing (1)
    4:3
complain (1)
    9:16
complained (1)
    6:22
complete (1)
    14:9
completed (2)
    14:1;16:8
complicated (1)
    23:2
complimented (1)
    23:4
compromise (1)
    6:9
conceded (1)
    16:16
concern (1)
    12:18
concessions (1)
    8:5
conclude (1)
    24:15
concluded (1)
    24:20
confer (8)
    16:4;19:11,16,23;
    20:4,12;21:17;22:8
conflict (1)
    16:25
confused (1)
    20:17
confusion (5)
    5:4;20:18,23;21:9;
    23:25
connection (1)
    12:11
consensual (4)
    5:13;6:17;8:24;9:21
consequence (1)
    14:10
consider (2)
    3:20;15:18
consideration (1)
    15:18
considerations (1)
    6:21
considered (1)
    5:24
consistent (6)
    4:21;11:13;14:5,11;
    15:20,23
contact (1)
    19:5
contested (1)
    23:10
continue (1)
    7:17
continued (1)
    23:18
contrary (1)

6:6
control (1)
    4:18
conveniently (1)
    3:17
conversation (1)
    24:10
conversion (1)
    17:6
copy (1)
    19:6
Corporation (1)
    3:6
corrective (1)
    13:19
costs (2)
    9:18,22
counsel (16)
    3:9,12;7:15;8:7,10;
    11:6;16:3,3,24;19:1,3,
    11,23;20:5,12,18
counsel's (1)
    12:7
counteroffer (1)
    8:23
couple (1)
    11:2;23:6
course (2)
    15:12;18:24
Court (22)
    3:3,4,7;5:6;8:24;
    9:12,13,14;10:9;12:10;
    13:8;14:6;17:1;21:20,
    22;22:2,5,7,19,22;23:2,
    3
CourtCall (1)
    24:16
Court's (4)
    4:17;6:14;10:21;
    23:1
covers (1)
    13:18
COVID (1)
    23:25
crazy (1)
    24:7
create (1)
    23:25
created (1)
    21:9
creative (2)
    16:18,19
culture (1)
    9:10
cutting (1)
    13:21

D

date (4)
    4:6;13:17;19:23;
    21:21
day (2)

8:20;15:9
days (6)
    8:21;11:2;16:10;
    18:3,3;19:12
deadline (2)
    14:2;20:1
deal (4)
    5:2;18:1;22:16;23:7
dealing (2)
    14:23,24
debt (2)
    7:22;13:15
debtor (3)
    17:4;19:24;21:15
debtors (19)
    6:13;7:2,5,12;8:5,16;
    9:8,23;10:2,5;11:11,
    20;13:9;14:12,18;15:2,
    7;19:17;21:18
debtors' (8)
    10:16;11:5;12:7;
    13:4,24;16:2;20:5,12
decades (1)
    9:13
DECEMBER (3)
    3:1;19:16,24
decided (1)
    16:14
decision (8)
    3:24;4:22;6:7;11:10;
    14:6;18:19;23:7;24:10
decisions (6)
    6:16,18;7:23,24,25;
    8:4
deemed (1)
    6:5
defendants (1)
    9:22
defer (1)
    4:3
denied (2)
    4:23;6:2
denies (1)
    18:16
Dennis (1)
    3:5
deny (2)
    4:3;17:21
designate (1)
    11:20
desperately (2)
    24:11,13
detailed (1)
    3:23
details (1)
    19:22
determine (1)
    6:19
determined (1)
    17:6
different (3)
    4:14;21:5,25
difficult (1)

20:21
disallow (1)
    14:4
disallowance (1)
    14:10
disallowing (1)
    14:3
disclose (1)
    10:1
disclosure (1)
    16:2
disclosures (2)
    13:20;16:4
discrete (2)
    15:15,17
discretion (1)
    3:25
discussion (1)
    23:21
dismiss (1)
    6:14
disposition (1)
    4:16
Dispute (2)
    10:21;11:4
disputes (1)
    17:12
disqualify (1)
    10:12
disrupts (1)
    6:9
distribution (1)
    7:7
District (4)
    9:11,12,12;16:25
Doc (1)
    10:17
docket (2)
    15:22;20:20
doctrine (1)
    17:2
document (7)
    11:8;17:24;19:1;
    20:20,21;22:16,17
done (4)
    13:6;15:16,21;21:24
doubted (1)
    7:5
down (4)
    13:21;14:22;21:16;
    23:14
draft (3)
    3:23;18:23;22:8
drafting (2)
    22:7;24:2
Dubbs (11)
    3:11;16:16;18:4;
    19:15;20:24;21:7;22:9,
    23,24,24;24:19
Dubbs' (1)
    17:19
due (2)
    6:2;14:12

Case: 19-30088    Doc# 93584-3 Filed: 12/08/22 Entered: 12/08/22 14:15:46    Page 35
of 45

**duplicate (1)**
13:1
**during (1)**
12:8

**E**

**earlier (1)**
15:16
**east (1)**
3:8
**easy (2)**
6:14;20:19
**edit (1)**
12:24;18:11,12
**editable (1)**
20:21
**edited (1)**
18:23
**editing (2)**
21:22;22:3
**edits (1)**
19:1
**educational (1)**
10:24
**efficient (4)**
5:25;13:21;14:22;
16:20
**efficiently (1)**
13:8
**effort (4)**
11:25;20:11;23:4,6
**either (6)**
7:6,25;8:7;23:12,22;
24:6
**else (1)**
22:19
**email (2)**
18:4;19:5
**encouraged (1)**
12:7
**end (4)**
3:13;9:24;12:17;
20:16
**enough (1)**
17:14
**equities (1)**
13:15
**establish (1)**
14:14
**established (3)**
5:11,21;17:17
**even (5)**
5:24;12:17;16:16;
17:5;18:10
**evening (1)**
3:8
**everybody (1)**
18:11
**everyone (1)**
3:7
**ex (1)**
18:24

**example (4)**
10:20;11:8;14:13;
16:16
**exclamations (1)**
16:5
**excuse (5)**
4:6;6:18;12:3;17:3,
22
**exercise (1)**
3:25
**Exhibit (3)**
10:15;13:4;17:25
**Exhibits (1)**
18:6
**existed (1)**
9:11
**expand (1)**
13:9
**experience (1)**
10:24
**explain (1)**
10:3
**explanation (1)**
16:1
**explanations (1)**
16:5
**extended (2)**
8:21;13:16
**extensive (1)**
12:22
**extent (1)**
12:25

**F**

**face (1)**
14:3
**faced (1)**
8:8
**facilitate (1)**
8:23
**facilitates (1)**
5:13
**fact (1)**
7:8
**factor (1)**
4:21
**failed (1)**
9:3
**fails (1)**
6:12
**failure (2)**
13:25;20:13
**fair (2)**
8:24;9:13
**faith (1)**
20:11
**familiar (1)**
5:15
**fate (1)**
22:11
**favorites (1)**
14:7

**fear (1)**
23:24
**Federal (2)**
3:20;5:21
**feel (1)**
7:7
**few (1)**
18:2
**file (7)**
5:5;15:4;19:17,24;
20:2;21:18;22:16
**filed (4)**
6:5,12,23;15:22
**filing (1)**
4:25
**final (6)**
6:18;19:9,18,18,20,
24
**Finally (2)**
15:19;17:23
**find (2)**
4:1;9:16
**finished (1)**
18:21
**fire (1)**
4:17
**firm (1)**
10:23
**First (9)**
4:6,10;5:5;7:14;
8:19;11:3;13:11;15:2;
18:19
**fish (1)**
7:13
**five (1)**
6:23
**follow (1)**
19:4
**forced (1)**
10:6
**forces (1)**
8:13
**form (3)**
14:1,10;19:21
**formal (1)**
8:12
**former (1)**
16:15
**forms (1)**
16:9
**forth (3)**
13:4,12,16
**forty-five (1)**
15:9
**forty-page (1)**
19:4
**forum (1)**
5:19
**forward (1)**
23:17
**found (1)**
10:15
**frame (1)**

14:12
**FRANCISCO (1)**
3:1
**frankly (1)**
20:19
**fraud (4)**
4:21;5:1,12;9:4;10:6,
18;14:8
**free (3)**
8:5;9:14;19:5
**FRIDAY (1)**
3:1
**front (1)**
9:24
**fully (1)**
3:21
**fund (2)**
17:2;22:2
**Further (6)**
4:23;7:19;8:12;
13:23;15:17;16:23
**furthermore (1)**
20:3

**G**

**general (1)**
21:6
**generally (1)**
15:21
**genuinely (1)**
22:7
**goal (1)**
8:23
**good (6)**
3:7,7,8;4:21;10:10;
20:11
**grant (1)**
4:2
**great (1)**
18:1
**greater (1)**
8:5
**ground (1)**
14:15
**group (2)**
8:10;9:8
**guns (1)**
9:9

**H**

**hand (1)**
19:15
**happened (1)**
6:22
**happy (3)**
23:14;24:10,14
**hard (1)**
19:4
**heard (6)**
3:14;18:20;20:1;
21:13;24:12,13

**hearing (4)**
3:13;12:8;19:8;
21:10;23:5;24:15
**hearing's (1)**
23:17
**Heath (1)**
14:6
**help (1)**
24:4
**here's (1)**
19:7
**Hi (2)**
3:7;21:14
**hired (1)**
9:9
**Hold (1)**
4:8
**Holidays (1)**
24:14
**home (1)**
4:9
**Honor (6)**
12:10;21:14;22:18,
20;24:18,19
**Honorable (1)**
3:4
**honored (2)**
7:6,10
**hope (1)**
20:16
**horses (1)**
5:6
**huge (1)**
23:6

**I**

**identified (2)**
15:5;21:2
**imagine (1)**
22:10
**impartial (1)**
9:14
**implement (1)**
3:25
**implementation (1)**
4:24
**implemented (4)**
4:11,19;5:24;11:18
**impose (1)**
19:14
**improper (1)**
10:7
**inappropriate (1)**
14:23
**inclined (1)**
16:19
**include (3)**
4:21;16:24;18:16
**including (4)**
6:15,16;15:1;18:15
**inconsistent (2)**
9:10;14:2

Case: 19-30088    Doc# 9584-3  Filed: 12/07/20  Entered: 12/07/20 14:15:46   Page 30
of 35

**indications (1)**
23:1
**individuals (1)**
7:20
**inexpensively (1)**
7:4
**information (15)**
8:4;10:18,25;11:9,
12,15;12:3,6,19,22;
13:1;14:1,9,13;16:7
**innocent (1)**
8:3
**insist (1)**
8:21
**insolvent (1)**
17:3
**instead (1)**
21:23
**institutions (1)**
7:20
**intend (2)**
18:14,22
**intended (1)**
20:25
**interest (2)**
7:16;15:16
**interests (1)**
8:11
**into (6)**
9:25;14:23;16:18;
17:19;20:20;21:10
**invest (1)**
8:15
**investment (4)**
7:21,24;8:1,1
**investors (1)**
7:19
**invitation (1)**
21:24
**invite (2)**
15:18;21:7
**invited (1)**
24:1
**inviting (1)**
6:9
**involved (1)**
11:9
**involvement (1)**
13:8
**issue (5)**
7:8;8:19;15:17;
18:17;20:8
**issued (2)**
17:3,6
**issues (3)**
15:17;17:25;20:17
**issuing (1)**
6:18

**J**

**January (11)**
19:9,19,22,25;20:1,6,

9,10,11,15;21:17
**joined (2)**
4:5;7:15
**Judge (2)**
21:24;24:6
**judges (1)**
6:15
**judgment (1)**
9:20
**judicial (1)**
18:3
**June (1)**
15:22
**jurisdiction (1)**
4:17

**K**

**Karotkin (14)**
3:12;12:9,21;15:25;
18:4;19:15;21:7,12;
22:8,18,20,22;24:18
**known (1)**
15:4

**L**

**language (2)**
15:20;16:11
**large (1)**
6:24
**largely (1)**
9:14
**last (1)**
23:5
**later (5)**
8:8;10:3;19:18,22;
20:6
**law (2)**
10:23;14:11
**lead (6)**
4:4;5:9;6:1;16:3;
18:18;23:10
**least (3)**
15:8;17:9;23:8
**leave (1)**
15:17
**left (2)**
20:14;24:8
**legal (1)**
3:24
**legitimate (1)**
12:18
**lesser (1)**
18:1
**liability (1)**
14:15
**limited (2)**
17:1;22:2
**lines (1)**
14:13
**list (5)**
4:22;10:13,19;11:3,6

**listed (1)**
11:4
**listen (1)**
18:12
**listing (1)**
11:12
**litigants (1)**
6:19
**litigation (1)**
16:23
**little (1)**
18:7
**live (1)**
5:13
**long (7)**
7:1;15:8;17:24;
22:16,16,17;24:9
**look (2)**
12:13;24:2
**looking (3)**
11:8;19:3;24:5
**losses (1)**
7:3
**lost (1)**
23:16
**lot (3)**
17:23;22:17;23:5
**lots (1)**
3:9
**Lundell (2)**
6:7,8

**M**

**making (2)**
6:15;21:5
**many (4)**
5:24;7:14;16:16;
23:19
**margin (1)**
20:21
**markup (6)**
18:5,22;19:1;20:18;
22:14;23:23
**massive (1)**
4:12
**mathematical (1)**
17:6
**matter (6)**
3:5;11:9;14:11,16;
18:23;21:2
**may (5)**
16:15;20:13,18;
23:15,21
**maybe (2)**
22:9,13
**mean (3)**
11:19;23:11,24
**measure (1)**
5:23
**mediate (1)**
11:1
**mediated (1)**

9:20
**mediation (20)**
4:15,19;5:14;6:11,
12;8:6,9;9:3,7,14;
11:14,17,21,23,24;
12:1,2,5,12;16:6
**mediator (4)**
10:7,10,12;11:15
**mediators (5)**
9:17;10:1,4,19;11:12
**mediator's (1)**
11:6
**meet (8)**
16:3;19:11,15,23;
20:4,11;21:17,22
**meeting (1)**
24:2
**mega (1)**
5:25
**memorandum (1)**
3:24
**mentioned (2)**
13:5;17:25
**merits (1)**
14:24
**middle (1)**
5:6
**might (9)**
5:4,5;8:23;9:21;
10:11,25;11:9;14:24;
15:14
**might've (1)**
20:25
**mind (2)**
6:15;23:22
**mini-disclosure (1)**
12:11
**minimal (1)**
13:8
**misquoted (1)**
12:17
**missing (1)**
15:5
**modest (1)**
18:5
**modifications (1)**
4:3
**moment (4)**
13:5;16:12;23:14;
24:12
**money (2)**
17:5,6
**Montali (1)**
3:5
**months (1)**
4:24
**more (5)**
6:21;8:4;16:20;18:7,
23
**morning (1)**
3:7
**Most (2)**
6:14,16

9:20
**mediation (20)**

**motion (11)**
3:17,18,18;4:2,24;
7:15;9:18;16:14;17:22;
21:10;23:10
**motions (2)**
3:19,21
**move (1)**
6:10
**moved (1)**
23:19
**much (1)**
15:15
**multiple (2)**
4:5,10;14:23
**must (3)**
15:10;16:7;20:4
**mutually (1)**
16:11

**N**

**naive (1)**
9:19
**name (1)**
10:23
**named (1)**
10:5
**namely (1)**
13:25
**narrowing (1)**
16:7
**navigation (1)**
17:20
**nearly (2)**
5:24;6:23
**necessary (1)**
5:14
**need (5)**
3:14;8:25;16:22;
23:20;24:13
**needs (1)**
24:12
**negotiation (1)**
4:18
**neutrals (2)**
9:11,24
**new (2)**
16:18;17:13
**Next (5)**
14:17;16:10;17:4;
18:2;19:16
**Ninth (1)**
6:6
**nits (1)**
18:7
**noncontroversial (1)**
18:12
**none (1)**
11:5
**non-economic (1)**
17:9
**nonfire (2)**
4:12;13:7

Case: 19-30088    Doc# 93584-5 Filed: 07/06/22 Entered: 12/07/06/22 14:15:46 Page 31
3 D0045

**nonsecurities (1)**
4:13
**nonsecurities' (1)**
13:7
**nonsubstantive (1)**
13:21
**normal (1)**
5:15
**Northern (2)**
9:11,12
**note (1)**
17:11
**noted (1)**
5:23
**notice (3)**
12:10;15:3,9
**notion (1)**
7:19
**November (3)**
3:22;12:8;15:13
**number (1)**
13:22
**numerous (2)**
4:13;14:25

**O**

**object (2)**
6:13;19:20
**objected (2)**
6:6;15:11
**objecting (2)**
20:3,10
**objection (15)**
5:14,20;8:12;13:3,6,
25;14:12,19;15:1,2,6,7,
14,15;21:19
**objections (12)**
4:14;6:4;13:11,12;
15:24;20:2,5,10,14,23;
21:16;22:9
**objector (1)**
21:24
**objectors (2)**
9:16;12:18
**occur (1)**
19:8
**occurred (1)**
13:15
**o'clock (1)**
19:9
**oddball (1)**
22:15
**off (1)**
20:20
**offense (1)**
24:6
**offensive (1)**
9:9
**offer (9)**
6:10;8:8,16,19;9:2;
12:11;16:1,6;17:19
**offers (3)**

7:6,9;8:6
**omnibus (13)**
4:13;5:20;13:3,10,
12;14:18;15:2,6,7,11,
19,21,23
**one (10)**
5:5;10:14;11:5,16;
14:7;17:9;18:25;19:15;
20:10;21:15
**ones (1)**
18:1
**one-time (1)**
12:4
**only (2)**
17:8;20:1
**on-the-record (1)**
23:21
**oOo- (1)**
3:2
**opinion (1)**
11:18
**opportunity (4)**
6:19;7:3;18:20;
21:18
**opposing (1)**
7:15
**opposition's (1)**
7:11
**options (3)**
8:6;9:7;17:16
**oral (4)**
3:16,19;20:16;21:2
**order (18)**
3:3;7:8;8:18;10:16;
12:3;13:5,13,17;14:17;
15:20;17:24;18:7,14,
16,17;19:18,25;20:9
**organizing (1)**
8:9
**original (1)**
4:23
**otherwise (3)**
5:10;7:8;8:2
**out (2)**
9:2;16:17
**outcomes (1)**
6:20
**outline (1)**
22:10
**outset (1)**
8:8
**outside (3)**
4:17;13:16;17:17
**over (1)**
23:5
**own (7)**
6:19;7:21,22,25;8:4;
10:20;14:5

**P**

**paid (1)**
7:10

**paragraph (4)**
13:14,25;14:17;
15:19
**paragraphs (1)**
13:13
**paraphrase (1)**
16:15
**pardon (1)**
16:5
**parenthetically (1)**
15:12
**parte (1)**
18:24
**participate (1)**
11:14
**particular (2)**
10:10;11:19
**particularly (2)**
5:4,22;20:23
**parties (12)**
4:5;6:9;7:12,14;
11:13;12:21;14:19,20;
15:18;18:20;19:20;
20:1
**party (3)**
10:22;13:1;20:10
**pass (1)**
8:6
**pay (1)**
9:17
**payment (1)**
9:24
**People (6)**
12:12,13,14;23:13,
25;24:1
**PERA (1)**
16:24
**PERA's (1)**
16:24
**perhaps (1)**
18:7
**period (4)**
8:20;13:16;15:9;
21:17
**permissible (1)**
14:15
**permit (5)**
13:6,10;15:6,23;17:4
**permitting (1)**
14:21
**person (1)**
11:4
**persuade (1)**
24:9
**persuasive (1)**
6:3
**pertains (1)**
13:14
**Peter (1)**
11:5
**PG&E (3)**
3:5;14:7;19:8
**phone (1)**

4:6
**phonetic (1)**
14:6
**pickoff (1)**
7:12
**plaintiff (1)**
18:18
**plaintiffs (5)**
4:4;5:9;6:1;18:18;
23:10
**plaintiff's (1)**
16:3
**plan (2)**
17:3;19:7
**pleas (1)**
6:1
**point (7)**
11:7,16,17;14:21;
17:14;18:14;23:20
**politician (1)**
16:15
**portion (2)**
7:23;16:13
**portions (2)**
16:8;18:9
**positions (1)**
6:10
**possible (2)**
4:1;16:23
**posted (1)**
10:17
**post-petition (1)**
15:16
**practical (1)**
6:21
**practice (1)**
5:17
**precedent (1)**
14:7
**prefer (2)**
5:18;6:19
**preferable (2)**
4:1;17:15
**prejudice (1)**
17:21
**prepare (1)**
19:13
**prepared (2)**
13:11;18:10
**presence (1)**
17:11
**present (1)**
8:16
**presiding (1)**
3:5
**presuming (1)**
11:7
**presumption (2)**
6:5;14:3
**presumptions (1)**
6:8
**prevents (1)**
8:9

**previously (1)**
19:12
**principal (3)**
14:2;18:20;20:18
**principle (1)**
17:8
**prior (2)**
20:6;23:5
**probably (1)**
24:1
**problem (3)**
4:8;23:2,7
**problems (1)**
20:21,22
**procedural (1)**
13:20
**Procedure (17)**
3:21,25;4:4,25;5:8,
20,21;6:4;10:12,22;
14:18,19,21;15:11;
16:14;18:16;21:5
**procedures (30)**
3:17,20;4:11,11,18;
7:1,18;8:13,17,19,25;
9:3,25;10:8,15,16;12:4,
6,12;13:3,6,15;15:21;
16:2,6;18:17,21;19:10,
18,25;20:9
**proceed (2)**
15:24;16:21
**proceedings (2)**
13:23;24:20
**process (17)**
4:16;5:11,15,15,17;
6:2,9;8:8;9:6,14;11:21,
21,23;12:14,16;14:12;
16:6
**processes (1)**
13:23
**produced (1)**
5:1
**product (1)**
18:21
**Program (2)**
10:21;11:5
**prohibits (1)**
14:3
**promise (1)**
21:1
**promptly (2)**
7:6,10
**proof (2)**
15:4,10
**proofreading (1)**
18:11
**proper (2)**
13:21;14:11
**proposal (1)**
13:24
**proposals (1)**
13:4
**propose (1)**
12:9

Case: 19-30088    Doc# 9584-5    Filed: 12/07/22    Entered: 12/07/22 14:15:46    Page 32
of 35

**proposed (16)**
4:6,11;8:17;9:25;
10:16;13:5,13;14:17;
15:20;17:24;18:6;19:1,
18,18,24;20:9
**prosecuted (1)**
9:20
**prospective (2)**
6:24;15:3
**provide (3)**
4:25;14:14;15:10
**provided (5)**
12:19,22,25;15:6;
16:8
**provision (1)**
24:8
**public (2)**
11:8;18:23
**purchases (1)**
13:15
**purchasing (1)**
7:21
**purported (1)**
13:19
**pursuant (1)**
22:25

**Q**

**qualification (1)**
10:4
**quickly (2)**
4:1;7:4
**quite (2)**
7:16;13:8
**quote (3)**
12:9,17,24

**R**

**rally (1)**
8:13
**Rather (4)**
3:23;5:8;17:10;21:6
**read (1)**
23:22
**reading (1)**
22:17
**realize (1)**
22:14
**realized (1)**
19:13
**really (4)**
6:17;19:3;22:10;
23:13
**reason (5)**
7:17;10:5,10;17:13;
23:16
**reasons (5)**
4:5,10,22;7:13;17:21
**reconsideration (1)**
21:11
**record (2)**

18:24;23:15
**recover (1)**
7:3
**recoveries (1)**
17:9
**recovery (2)**
7:23;17:5
**redline (1)**
19:4
**redundancies (1)**
18:8
**refer (1)**
10:20
**reference (1)**
21:5
**reflect (1)**
18:8
**regarding (1)**
8:19
**regime (3)**
4:25;5:18;15:2
**regular (1)**
19:8
**reject (5)**
6:7;7:11,14,19;16:14
**rejected (2)**
5:3;9:9
**rejecting (1)**
13:24
**related (3)**
9:3;12:3,3
**relationship (1)**
10:1
**relative (1)**
18:5
**release (1)**
13:19
**relevant (2)**
10:24;11:10
**remaining (1)**
9:4
**reorganized (25)**
6:13;7:2,5,12;8:5,16;
9:8,17,23;10:2,5;11:11,
20;12:7;13:4,24;14:18;
15:2,7;16:2;19:17;
20:4,12;21:15,18
**repeat (1)**
19:22
**replace (1)**
10:9
**reported (1)**
14:5
**represent (1)**
8:10
**represented (1)**
7:16
**representing (1)**
16:25
**request (3)**
14:1;9:19:5
**require (5)**
8:22,25;10:3,14;

14:12
**required (1)**
11:13
**requisite (2)**
12:19;16:9
**resemble (1)**
4:11
**resembles (1)**
5:8
**resolution (4)**
5:13;8:24;10:21;
11:4
**resolutions (1)**
6:17
**resolve (1)**
20:5
**resort (1)**
10:9
**respect (1)**
4:13
**respondent (1)**
15:3
**response (1)**
21:19
**restate (1)**
17:10
**result (2)**
9:21;12:1
**Returning (1)**
15:25
**reverse (1)**
11:25
**review (1)**
18:19
**revisit (1)**
9:4
**Richard (1)**
21:14
**right (3)**
4:8;24:11,14
**ringing (1)**
4:7
**risk (1)**
17:8
**role (1)**
6:14
**rough (1)**
18:5
**route (1)**
17:20
**routine (1)**
13:20
**Rule (12)**
3:17,20;4:4,23;5:16,
22;9:5;13:9;16:14;
17:4,16;23:11
**Rules (3)**
5:21;21:6,6
**ruling (6)**
3:16,19;18:9;19:21;
20:16;21:2

19:1
**showing (2)**
10:4;18:5
**shuffle (1)**
23:16
**sic (1)**
11:4
**side (2)**
18:25;24:6
**sides (2)**
17:11;19:2
**sides' (1)**
23:6
**sign (2)**
18:14,15
**significant (2)**
5:23;14:25
**significantly (1)**
9:3
**sign-up (1)**
3:11
**similar (2)**
4:18;14:23
**similarities (1)**
4:20
**simply (4)**
6:2;8:14;10:10;
17:11
**sit (1)**
24:1
**Slack (15)**
3:11;18:4;19:14,17;
20:24;21:7,12,14,14,
21;22:1,4,6,25;24:17
**sleepers (1)**
21:1
**slight (1)**
12:24
**slightly (1)**
4:14
**slippery (1)**
14:22
**slope (1)**
14:22
**small (1)**
6:25
**so-called (1)**
5:25
**sold (1)**
13:19
**solution (1)**
9:18
**solvent (1)**
17:4
**somehow (4)**
6:2;7:11,19,22
**someone (3)**
11:9;12:25;24:11
**somewhat (1)**
16:17
**sort (4)**
9:8;16:1;18:19;
20:19

**S**

**safeguards (1)**
10:8
**sale (1)**
6:10
**same (4)**
6:11;11:12;12:20;
21:4
**SAN (1)**
3:1
**saying (1)**
21:4
**schedule (3)**
19:13;20:7;21:15
**scheduled (1)**
3:16
**scheduling (1)**
19:7
**Second (3)**
8:22;11:24;12:23
**Section (2)**
14:5;23:11
**securities (20)**
3:19;4:4,20;5:1,9,12;
6:1,22;9:4;10:6,15,18;
12:6;13:15,18;14:8;
16:3,25;18:18;23:10
**seek (1)**
18:18
**seems (7)**
5:15;14:2;15:22;
16:20;18:13;19:2;21:4
**selected (1)**
11:15
**selecting (1)**
8:10
**self-evident (1)**
21:4
**send (1)**
19:1
**sends (1)**
20:17
**sent (1)**
19:6
**served (1)**
9:5
**session (1)**
3:4
**set (4)**
13:4,12,16;19:8
**several (2)**
4:24;7:13
**shared (1)**
9:18
**shooting (1)**
7:13
**short (2)**
4:2;8:20
**shortsighted (1)**
9:19
**show (1)**

Case: 19-30088    Doc# 93584-3 Filed: 12/07/22 Entered: 12/07/22 14:15:46    Page 32
of 35

**spacing (1)**
20:22
**specific (1)**
11:16
**specifically (5)**
10:20;11:19,24;12:8;
15:15
**spend (1)**
19:3
**spent (3)**
7:24;17:23;23:5
**spot (1)**
17:25
**squeeze (1)**
19:14
**staff (2)**
20:24;24:16
**stand (1)**
6:12
**standard (2)**
11:23;12:1
**start (1)**
21:12
**stated (5)**
5:10;8:14;12:9,23;
17:13
**statement (1)**
12:11
**stating (1)**
14:13
**Stay (1)**
24:14
**stick (2)**
5:7,18
**still (3)**
23:8,9,18
**stock (6)**
7:7,22;8:1;17:2,5,7
**stops (1)**
4:7
**stream (1)**
5:7
**stress (1)**
11:17
**stricken (1)**
24:7
**strike (2)**
13:20;20:14
**strikes (1)**
9:19
**subject (5)**
12:14,16;13:16;15:5;
16:22
**subjected (1)**
11:22
**submit (2)**
8:22;14:1
**submitting (1)**
12:10
**subparagraph (1)**
13:18
**Subparagrapha (1)**
13:14

**substance (1)**
19:21
**substantive (6)**
14:4,16,24;20:7;
21:2;24:9
**successful (1)**
9:20;11:22
**sufficient (2)**
14:14;16:20
**suggest (2)**
6:4;16:10
**suggested (1)**
7:1
**suggestion (6)**
6:13;9:7;12:2,7;
15:13,25
**suitable (1)**
16:4
**summarized (2)**
16:21;18:9
**supervision (1)**
9:15
**support (2)**
12:19,22
**Supreme (1)**
14:6
**sure (2)**
11:2;12:25
**surplusage (1)**
18:8
**suspect (1)**
22:7
**system (1)**
5:11

**T**

**table (1)**
24:1
**talked (1)**
23:13
**target (1)**
15:14
**territory (2)**
16:18;17:13
**thereafter (1)**
19:17
**Therefore (1)**
15:1
**thinking (2)**
16:13;22:14
**thirty (2)**
16:10;19:12
**thirty-five (1)**
8:21
**Thomas (6)**
18:4;19:5;20:17,19,
25;22:24
**Thomas' (1)**
24:4
**though (1)**
17:5
**thought (1)**

22:6
**thousands (1)**
4:16
**three (3)**
3:12;18:3;23:12
**Thus (1)**
6:24
**tight (1)**
20:7
**till (1)**
4:7
**today (5)**
18:9,10,10;23:16,23
**took (3)**
7:25;21:16;22:17
**toolbox (1)**
17:17
**tools (1)**
17:18
**trade (1)**
6:25
**trading (2)**
14:1,9
**traditional (1)**
5:14
**training (1)**
10:4
**Travelers (1)**
14:7
**traveling (1)**
17:20
**tried (1)**
24:3
**true (2)**
5:18;6:11
**truly (3)**
6:15;19:3;22:2
**try (2)**
11:24;22:11
**trying (2)**
4:8;24:9
**turn (2)**
20:20;21:10
**Turning (4)**
6:21;9:7;13:3;14:22
**turns (1)**
9:2
**twenty-one (1)**
8:20
**twice (2)**
11:18;21:4
**two (7)**
6:23;8:18;12:5;
13:11;18:3;19:16,23
**type (1)**
15:14
**typo (1)**
12:15

**U**

**ultimately (1)**
7:9

**unable (2)**
7:22;14:9
**unanswered (1)**
17:12
**unauthorized (1)**
14:20
**unbiased (1)**
9:10
**unchartered (2)**
16:17;17:19
**under (12)**
7:18;8:16;10:12,14;
14:4;15:11;17:3,9,16;
21:5;23:10,11
**underway (1)**
5:22
**unknowns (2)**
16:16,22
**unless (7)**
6:5,6,12;11:18,23;
12:5;24:11
**unnecessary (2)**
18:8;21:5
**unqualified (1)**
10:7
**unrepresentative (1)**
7:12
**unrepresented (1)**
20:4
**unsophisticated (1)**
8:3
**unsuccessful (1)**
12:1
**unusual (1)**
9:16
**unwilling (1)**
14:9
**unwillingness (1)**
20:13
**up (1)**
20:14
**upends (1)**
6:4
**upon (5)**
13:25;14:19;19:7,14;
23:22
**up-to-date (1)**
11:3
**use (2)**
13:6;15:7
**using (1)**
10:22
**usurped (1)**
6:14

**V**

**variance (1)**
5:3
**variation (1)**
9:5
**variations (1)**
10:14

**various (1)**
4:5
**version (1)**
19:4
**victim (1)**
4:17
**violating (1)**
17:8
**volunteers (1)**
10:25

**W**

**wait (1)**
4:7
**waited (1)**
6:25
**wants (2)**
19:3;23:1
**waters (2)**
16:17;17:19
**way (10)**
13:21;14:22,23;
16:21;18:15;21:9;
22:15,16;23:2;24:8
**website (1)**
10:17,22,22
**week (2)**
20:6,11
**weeks (3)**
19:16,24;23:6
**well- (2)**
5:10;17:16
**well-established (1)**
9:10
**well-known (1)**
16:15
**well-tried (1)**
5:18
**What's (3)**
9:23;12:15,16
**Whereupon (1)**
24:20
**willing (1)**
15:6
**wish (5)**
8:14;18:18;19:20;
20:1;24:14
**within (4)**
16:10;19:12,16,23
**without (2)**
17:21;20:21
**woods (1)**
8:3
**Word (1)**
20:21
**words (2)**
14:8;20:6
**work (2)**
4:9;22:25
**workable (1)**
5:25
**working (4)**

Case: 19-30088    Doc# 93584-9 Filed: 12/08/22 Entered: 12/08/22 14:15:46    Page 38
of 45

13:7;17:23;23:2,13
**world (2)**
5:12;17:18
**worried (1)**
14:21
**worry (1)**
11:25
**writing (1)**
11:24
**written (2)**
15:3,9
**wrong (1)**
9:23

## Y

**years (4)**
6:23,24;7:22;8:15

## 1

**10 (1)**
19:9
**12,000 (1)**
4:12
**15th (9)**
19:22;20:1,10;21:17;
23:9,12,15,17,19
**17th (5)**
3:13,18,22;12:8;
15:13
**19th (2)**
19:16,24

## 2

**2020 (3)**
3:1,22;15:22
**2021 (2)**
19:9,19
**22nd (2)**
20:6,11
**23 (2)**
5:16;17:16
**27th (2)**
19:9;20:15

## 3

**3007d (2)**
5:22;13:10
**30th (1)**
15:22

## 4

**4 (1)**
3:1
**4th (3)**
19:19,25;20:9

## 5

**502 (1)**
14:5
**503 (1)**
23:11

## 7

**7,000 (1)**
5:1
**7023 (8)**
3:18,21;4:4,24;9:6;
16:14;17:22;18:16
**723 (2)**
3:17;17:21

## 8

**8226 (1)**
15:22
**8a (2)**
13:13,14
**8b (1)**
13:13
**8c (1)**
13:25
**8d (1)**
14:17
**8e (1)**
15:19

## 9

**9:30 (1)**
3:1
**9378-1 (1)**
10:17

Case: 19-30088    Doc# 9358-1    Filed: 12/07/20    Entered: 12/07/20 14:15:46    Page 36
of 45