# EXHIBIT 11

Case: 19-30088   Doc# 13164-11   Filed: 11/08/22   Entered: 11/08/22 14:15:46   Page 1 of 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Case No. 5:18-cv-03509-EJD<br><br>**ORDER STAYING ACTION PENDING RESOLUTION OF CHAPTER 11 BANKRUPTCY** |

Defendant PG&E Corporation has filed a petition for bankruptcy. Dkt. No. 103. Pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay"), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). Accordingly, this action is STAYED as to PG&E.

Further, because of the overlap between the bankruptcy proceedings and the instant securities fraud action, the Court STAYS the action as to the remaining director and officer defendants pending resolution of the bankruptcy proceedings. *See Tuller v. Tintri, Inc.*, No. 17-5714, 2018 WL 4385652, at *2-3 (N.D. Cal. Sept. 14, 2018) (concluding that a stay of securities litigation against non-debtors pending issuer's bankruptcy was "in the interest of efficiency and will avoid relitigation of the issues presented"). A stay of the entire action "is in the interest of

Case No.: 5:18-cv-03509-EJD
ORDER STAYING ACTION PENDING RESOLUTION OF CHAPTER 11 BANKRUPTCY
1

efficiency" and would avoid proceeding on a piecemeal basis. *Id*. at *3.

The Clerk of Court shall administratively close the case. This is an internal procedure that does not affect the substantive rights of the parties. The parties may file a motion to reopen the case upon resolution of the bankruptcy proceedings, if appropriate.

**IT IS SO ORDERED.**

Dated: September 30, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03509-EJD
ORDER STAYING ACTION PENDING RESOLUTION OF CHAPTER 11 BANKRUPTCY
2