PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (54572)
philip.warden@pillsburylaw.com
JONATHAN DOOLITTLE (290638)
jonathan.doolittle@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

Counsel to Chevron Master Pension Trust
and Chevron UK Pension Plan

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE:** <br> **PG&E, CORPORATION** <br> and <br> **PACIFIC GAS AND ELECTRIC COMPANY**, <br> **Debtors**. <br> ___ Affects PG&E Corporation <br> ___ Affects Pacific Gas and Electric Company <br> _X_ Affects both Debtors <br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088(DM) <br><br> CHAPTER 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **CHEVRON'S OBJECTION WITH RESPECT TO THE REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND FOR RELATED RELIEF AND JOINDER TO THE KINGSTOWN CLAIMANTS' OBJECTION** <br><br> Date: November 15, 2022 <br> Time: 10:00 a.m. (PT) <br> Place: (Telephonic or Video Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 <br><br> Objection Deadline: <br> November 8, 2022, 4:00 pm (Pacific Time) <br><br> **Related Docket No.:** 13122 |

4872-2975-0333.v4

Chevron Master Pension Trust ("**CMPT**") and Chevron UK Pension Plan ("**CUPP**" and together with CMPT, "**Chevron**"), with claims in excess of $10 million dollars, through undersigned counsel, submit this objection (the "**Objection**") and joinder to the Kingstown Claimants' Objection (as defined below) relating to The Reorganized Debtors' Motion for Entry Of An Order Further Extending Deadline For The Reorganized Debtors To Object To Claims And For Related Relief [Dkt. No. 13122] (the "**Fifth Extension Motion**") respectfully represents as follows:

## BACKGROUND

On January 29, 2019 (the "Petition Date"), PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company ("**Utility**", and together the "**Reorganized Debtors**") commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

Both CUPP and CMPT are prepetition holders of the Reorganized Debtors' publicly traded equity securities or debt securities. On May 14, 2020, CUPP and CMPT filed amended Rescission Proofs of Claim on account of those holdings at Claim Nos. 104490 and 104534 respectively (collectively, the "**Amended Claims**").[1] The Amended Claims are Securities Claims as that term is defined in the Fifth Extension Motion.

The original claims objection deadline was December 28, 2020 (the "**Objection Deadline**"). *Fifth Extension Motion* p. 4. By virtue of the Reorganized Debtor's first four motions seeking to extend the Objection Deadline, the Objection Deadline was extended through December 19, 2022, almost two years past the original deadline.

During the almost two years since the December 28, 2020, deadline Chevron has provided trading information to the Reorganized Debtors. The Chevron claims are unresolved and there has been no effort undertaken by the Reorganized Debtors to resolve these claims. No efforts to date have been undertaken to resolve the Chevron Claims through the Securities Claims Procedures (as defined

---

[1] The Amended Claims amended Rescission Proofs of Claim filed previously by CUPP and CMPT on April 16, 2020, Claim Nos. 101416 and 101365 respectively (collectively, the "**Original Claims**"). The Original Claims were filed timely by the Extended Securities Bar Date (April 16, 2020). The Amended Claims relate back to the Original Claims. Pursuant to a Stipulation between CUPP and CMPT (collectively, "**Chevron**") filed April 26, 2021 [Dkt. No. 10580] the parties agreed that the Original Claims were expunged and agreed further that the "expungement of the Original Claims may not be argued to have negatively affected Chevron's Amended Claims."

in the Extension Motion).

KingfishersLP, Kingstown Partners II L.P., and Kingstown Partners Master Ltd. (collectively, the "**Kingstown Claimants**") filed an objection to the Extension Motion on November 8, 2022 (the "**Kingstown Claimants' Objection**").

**OBJECTION**

The Fifth Extension Motion cites to a possible global settlement of Securities Claims to justify extending the Objection Deadline. *Id*. p. 12. Specifically, the motion suggests that a possible D & O Settlement is a reason to extend the objection deadline for an additional 270 days, explaining that "the D&O Insurance Settlement will also help facilitate a potential settlement of the Securities Claims by providing certainty regarding the availability of insurance proceeds to cover at least a meaningful portion of a potential settlement of those claims." Furthermore, as explained in further detail in the Kingstown Claimants' Objection, the Reorganized Debtors as Debtors-in-possession previously vigorously disputed efforts to certify a class of Securities Claimants. In any event, Chevron has not authorized anyone to settle its Securities Claims on a global basis and, as it stands now at this late date, has no wish to resolve its claims through a class representative. If a class is later certified and Chevron objected to a proposed settlement it would have to opt out and litigate its claims, a process that would add years of additional litigation before resolution of the Chevron Claims.

Allowed Securities Claims that are subordinated debt claims are unimpaired and entitled to payment in full under section 4.12 (Holdco) and 4.32 (Utility) of the confirmed Plan, while HoldCo rescission or damages claims are impaired and entitled under section 4.14 of the Plan to receive "a number of shares of New HoldCo Common Stock equal to such holder's HoldCo Rescission or Damage Claim Share." [Dkt. 8048]. For this reason, the possibility of settling an insurance claim is not a compelling justification for a further Objection Deadline extension to allow efforts to reach a global settlement to continue. Allowed unimpaired claims must be paid in full by the Reorganized Debtors under the confirmed Plan. Allowed HoldCo Rescission or Damage Claims are entitled to receive New HoldCo common stock. The Plan does not make payment of allowed claims or issuance of New Holdco common stock contingent on receipt of funds from any specific source. Delaying efforts to resolve individual claims to pursue a global settlement that Chevron has not approved and

Case: 19-30088    Doc# 13165    Filed: 11/08/22    Entered: 11/08/22 14:31:34    Page 3 of 5

4872-2975-0333.v4

is not a part of prejudices Chevron.

The other justifications in the Fifth Extension Motion (at pp. 13-14) do not support an additional 270-day extension to the Objection Deadline. The Reorganized Debtors do not explain why they would be forced to file a "plethora of rushed, expansive prophylactic objections to meet the Current Objection Deadline and preserve the Reorganized Debtors' rights." Chevron has informally provided information to the Reorganized Debtors on its trading history and Chevron understands that other Securities Claims holders have done the same. The Reorganized Debtors have substantial information about Chevron's trading history and Chevron would have provided any additional information on request to the extent available. While Chevron would have been happy to resolve its filed claims informally, at some point the Reorganized Debtors must have a firm deadline to decide whether to object or allow claims. Here, it is reasonable to expect that two years is sufficient time for the Reorganized Debtors to evaluate the Securities Claims and identify those to which they do not object and those to which they will object and seek to resolve through the Securities Claims Procedures.

The Reorganized Debtors have had almost two years to evaluate Securities Claims and should be expected to make an informed decision as to whether to allow the Amended Claims or file objections to those claims well before September 15, 2023. Extending the Objection Deadline this long is not warranted.

Further delay prejudices Chevron and the other entities that filed Securities Claims. The longer that claimants wait for their claims to be allowed and paid, the more economic harm claimants will suffer through the lost time value of the funds. Chevron purchased securities issued by the Debtors to generate regular income for pension plan beneficiaries and no income has been received on these investments since the Debtors filed voluntary cases for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019. This economic loss for lost time value of money is greater in the current interest rate environment. In contrast, as the Fifth Extension Motion notes, the Reorganized Debtors are in part seeking at extension to see whether claims payments can be made through an unrelated insurance settlement to fund a possible global settlement, even though all unsecured claims holders are entitled to full payment of their allowed claims no matter what source of funds are used by the Reorganized

Debtors to pay those claims. Holding up the claims resolution process to allow the Reorganized Debtors to pay claims out of the proceeds of settled litigation benefits only the Reorganized Debtors.

If the Court is inclined to grant the Fifth Extension Motion, the Objection Deadline should not be extended for an additional 270 days. Chevron is prepared to defend the Amended Claims if objections are filed in respect to these claims.

## JOINDER

The Kingstown Claims Objection sets out in detail additional factual and legal arguments for denying the Extension Motion and Chevron will not restate those arguments in this Objection. Chevron instead joins in the Kingstown Claims Objection and incorporates the same into this Objection

## CONCLUSION

WHEREFORE, Chevron respectfully requests that if this Court is inclined to grant the Fifth Extension Motion that the Objection Deadline be extended no more than 30 days. Chevron continues to reserve all rights and requests that the Court order such other relief as is just and necessary.

Dated: November 8, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Philip S. Warden*
PHILIP S. WARDEN

Counsel to Chevron Master Pension Trust and Chevron UK Pension Plan

5

Case No. 19-30088(DM)

4872-2975-0333.v4