1  Irwin B. Schwartz (Cal. Bar No. 144410)
   ischwartz@blaschwartz.com
2  BLA Schwartz, P.C.
   515 S. Flower Street
3  18th Floor
   Los Angeles, California 90071
4  Phone:  213-785-3683
5  Fax:     213-785-3684

6  *Counsel for California State
7  Teachers Retirement System*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>• Affects PG&E Corporation<br>• Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM'S OPPOSITION TO REORGANIZED DEBTORS' FIFTH EXTENSION MOTION**<br><br>**Hearing Information:**<br>Date:     November 15, 2022<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    (Telephone Appearances Only)<br>             United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102 |

California State Teachers Retirement System ("CalSTRS") hereby respectfully submits this opposition to PG&E Corporation's and Pacific Gas and Electricity Company's (collectively, the "Debtors") Motion for Entry of An Order Further Extending Deadline to the Reorganized Debtors to Object to Claims and For Related Relief (the "Fifth Extension Motion") [Dkt. No. 13122]. In short, the Fifth Extension Motion and its supporting papers fail to provide sufficient

1

information for CalSTRS to understand the basis for Debtors seeking to extend the objection deadline as to the Securities Claims.[1]  As set forth below, the Fifth Extension Motion is either incomplete or misleading as to the asserted "active negotiations in connection with a potential global settlement with the help of an experienced mediator," which includes the Securities Claims.  Fifth Extension Motion at 12:22-23.

      Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, the Court may enlarge the time period for a party to perform "an act [that] is required or allowed to be done at or within a specified period…for cause shown." Fed. R. Bankr. P. 9006(b)(1).  The "cause" advanced by PG&E in its Fifth Extension Motion is the continued pursuit of a "global settlement."  Fifth Extension Motion at 12-13.  Yet the Fifth Extension Motion does not identify the person or entity that is representing the interests of the Securities Claims holders, like CalSTRS, or the "experienced mediator" who is purportedly conducting these "global settlement" efforts that will resolve the Securities Claims and CalSTRS has not authorized anyone to negotiate the resolution of its claims other than the undersigned.

      To avoid burdening the Court with contested motion practice, CalSTRS sought to investigate the "global settlement" assertions in Fifth Extension Motion and contacted both the Securities Litigation class counsel and Debtors' counsel for explanations as to these mystery "global settlement" negotiations.  Securities Litigation class counsel indicated it would investigate further, but thereafter failed to respond to CalSTRS in any substantive way.  Debtors' counsel responded that it was in mediated settlement negotiations with Securities Litigation class counsel, but refused to identify the mediator and did not address what, if any, negotiation addresses a "global settlement" with respect to the Securities Claims.  Thereafter, in a telephone conference, Debtors' counsel took the position that the mediated "global settlement" negotiations

---

[1] CalSTRS adopts the defined terms set forth in the Fifth Extension Motion.

2

incorporated CalSTRS' Securities Claims, but refused to identify the entity purportedly representing CalSTRS' interests on the grounds of mediation confidentiality. Debtors' counsel assured the undersigned that, if there was a global settlement including the Securities Claims, CalSTRS could "opt out" if it was not satisfied with it. That is not enough.

It is impossible, on this information, for CalSTRS to know what settlement efforts have been undertaken with respect to the Securities Claims and whether those efforts justify a further extension of the objection deadline. As it stands, the Fifth Extension Motion admits the Debtors have "paused" the ADR process established by the Court to resolve the Securities Claims pending "global settlement" negotiations through a mediator, but the Fifth Extension Motion provides no meaningful information for the Securities Claims holders to understand how their interests are being adequately represented in the "global settlement" mediation process. In that failure, the Fifth Extension Motion does not show cause for an extension of the objection deadline as to the Securities Claims. Therefore, CalSTRS respectfully requests that this Court deny the Debtor's Fifth Extension Motion as to the Securities Claims.

## RESERVATION OF RIGHTS

The California State Teachers Retirement System reserve all its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify or supplement this Opposition in accordance with applicable rules.

Dated: November 8, 2022

Respectfully Submitted,

BLA Schwartz, P.C.

/s/ Irwin B. Schwartz
Irwin B. Schwartz (Cal. Bar No. 144410)
ischwartz@blaschwartz.com
BLA Schwartz, P.C.
515 S. Flower Street, 18th Floor
Los Angeles, California 90071
Phone: 213-785-3683
Fax: 213-785-3684

*Counsel for California State Teachers Retirement System*