MORGAN, LEWIS & BOCKIUS LLP
Melissa Y. Boey (SBN 292276)
Jennifer Feldsher (*pro hac vice*)
Susan F. DiCicco (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001
melissa.boey@morganlewis.com

*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| **In re** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **JOINDER AND OPPOSITION TO THE REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE TO OBJECT TO CLAIMS AND FOR RELATED RELIEF** <br> **[ECF No. 11014]** <br><br> **Hearing Date:** November 15, 2022 <br> **Time:** 10:00 a.m. (PT) <br><br> **Place:** (Telephonic or Video Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

The State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund ("**Oregon**"), prepetition holders of the Reorganized Debtors' publicly traded debt and equity securities, through the undersigned counsel, submits this joinder and opposition (the "**Joinder**") to the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [ECF No. 13122] (the "**Motion to Extend**"). This Joinder joins the *Kingstown Claimants' Objection to Reorganized Debtors' Fifth Extension Motion* [ECF No. 13163] (the "**Kingstown Objection**") as well as *Chevron's Objection with Respect to the Reorganized Debtors' Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief and Joinder to the Kingstown Claimants' Objection* [ECF No. 13165] (the "**Chevron Objection**" and together with the Kingstown Objection, the "**Objections**").

## BACKGROUND

1. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company ("**Utility**", and together with HoldCo, the "**Reorganized Debtors**") commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

2. On February 27, 2020, the Court entered an order extending the claims Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") to permit claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired the Reorganized Debtors' publicly held debt and equity securities during the period of April 29, 2015 to November 15, 2018 (the "**Securities Claim Period**") to assert claims against the Reorganized Debtors for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**").

3. On April 16, 2020, Oregon timely filed six Recission or Damages Proof of Claim Forms on account of certain of its represented funds' prepetition holdings of the Reorganized Debtors' debt and equity securities – Claim Nos. 101073, 100806, 100930, 100931, 102005, and

101850 (collectively, the "**Oregon Securities Claims**") -- seeking a total of no less than $62,874,446.00 in damages.

4. The Debtors' chapter 11 plan (as amended and/or modified, the "**Plan**") was confirmed by the Court on June 20, 2020. In pertinent part, the Plan included three classes of the Debtors' subordinated securities claims: Class 9A – HoldCo Subordinated Debt Claims; Class 10A-II – HoldCo Recission or Damages Claims; and Class 10B – Utility Subordinated Debt Claims. *See* ECF No. 8048 at §§ 4.12, 4.14, 4.32. Pursuant to the Plan, debt securities claims in Classes 9A and 10B are unimpaired and entitled to receive cash in an amount equal to their allowed claims. *Id.* Equity-based Securities Claims (Class 10A-II) are impaired and are to receive shares of New HoldCo common stock according to a formula contained in the Plan. *Id.* at §§ 1.109, 4.14.

5. On September 1, 2020, the Reorganized Debtors filed a *Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, seeking to establish additional procedures for resolving Securities Claims (the "**ADR Procedures**") which the Debtors specifically "designed to facilitate prompt settlements with individual claimants." *See* ECF No. 8964 at 3-4; *see also id.* at 18 ("[A]pproval of the Securities ADR Procedures here will promote the expeditious resolution of the Subordinated Securities Claims…") Under the ADR Procedures, claimants who had previously timely filed proofs of claim against the Debtors were required to submit additional information regarding their trading activities to the Reorganized Debtors through supplemental proof of claim forms (the "**Trading Information Request Forms**"). *Id.* The ADR Procedures provided for the Debtors to then submit individual settlement offers to claimants and/or proceed by mandatory non-binding mediation. *Id.* at 2. The Court approved the ADR Procedures by order dated January 25, 2021. ECF No. 10015.

6. The Reorganized Debtors have not made any offers of settlement or submitted the Oregon Securities Claims for mediation.

7. Pursuant to the Court's *Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* issued on May 19, 2022, the Reorganized Debtors' current deadline to object to claims, including the Securities Claims, expires on

December 19, 2022.  *See* ECF No. 12432.  After obtaining four prior six-month extensions of the Objection Deadline, the Reorganized Debtors now seek to extend the deadline by an additional two-hundred and seventy (270) days, through and including September 15, 2023, without prejudice to seeking further extensions thereof.  If granted, the Motion to Extend would constitute the Reorganized Debtors' fifth granted extension from their initial deadline to object to claims under the Plan, which had been set at December 28, 2020.

## **JOINDER AND OPPOSITION**

8. Oregon hereby supports and joins in the Kingstown Objection and the Chevron Objection.  For the reasons outlined in the Objections, which are adopted and incorporated by reference herein, the extension sought by the Reorganized Debtors in the Motion to Extend is unreasonably long, prejudicial to holders of Securities Claims, and should be denied.

9. While the Reorganized Debtors have emphasized their progress in resolving General Claims (as defined in the Motion to Extend), the same is not true of Securities Claims.  More than 8,700 Securities Claims were filed against the Debtors.  Unlike other creditors who were paid on the effective date of the Plan or shortly thereafter, the Securities Claimants have been forced to wait for their claims allowance process to begin so they can receive payment on account of their claims.  The Debtors had urged the Court's approval of the ADR Procedures on the grounds that the procedures would promote the expeditious resolution of Securities Claims, but in actuality have only used the ADR Procedures sparingly to resolve a small percentage of the outstanding Securities Claims -- leaving over 6,900 claimants and billions of dollars in claims unresolved.  The Debtors have conceded that they unilaterally paused making settlement offers earlier this year.  *See* Motion to Extend at 10.

10. The Debtors now ask for another nine months of delay, not to see the ADR Procedures to completion but in favor of a new tactic: private negotiations on a purported "global resolution" between the Debtors and counsel for the class which this Court denied to certify and which they themselves objected to.  The Motion to Extend implies that only in the alternative (presumably if global settlement discussions with class counsel fail) will the Debtors "aggressively

4

pursue further individual settlements pursuant to the Settlement Claims Procedures." *See* Motion to Extend at 11. But the Reorganized Debtors have made no attempt to explain why a proposed settlement with class counsel should supplant or otherwise stay their obligations under the ADR Procedures, nor explained how a potential "global resolution" would benefit the thousands of securities claimants that are presently bearing the risk of delay and market volatility.

11. The Reorganized Debtors have neither requested, nor shown cause, for any modification or nullification of the ADR Procedures. Accordingly, having insisted on an individual process that required many creditors to hire separate counsel and substantiate their claims upon penalty of disallowance for missing even a single deadline, the Debtors should not be permitted to reverse course and pursue a new strategy and, in the process, impose even further cost and delay to a process that has taken far too long already. Any extension of the Reorganized Debtors' deadline for objecting to claims should be strictly limited, be conditioned on the Reorganized Debtors' issuance of settlement offers in earnest under the ADR Procedures, and be issued with prejudice to the Reorganized Debtors' ability to seek further extensions.

12. Oregon reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Joinder under applicable law.

Dated: November 8, 2022                 **MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Melissa Y. Boey
Melissa Y. Boey (SBN 292276)
*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund*