**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' REQUEST FOR CONTINUANCE OF HEARING ON MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS**<br><br>**Related to Dkt. No. 13122** |

## REQUEST TO CONTINUE HEARING

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this request to continue the hearing on the Reorganized Debtors' *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* (the "**Motion**")[1], filed on October 25, 2022 [Dkt. No. 13122]. The Reorganized Debtors request that the hearing on the Motion be adjourned to November 30, 2022.

Pursuant to the notice of hearing filed with the Motion [Dkt. No. 13124], the deadline to file any responses or oppositions to the Motion was November 8, 2022, at 4:00 p.m. (Pacific Time). Beginning at approximately 2:10 p.m. (Pacific Time) on November 8, 2022, the Reorganized Debtors received the following 67 objections and joinders, 63 of which were filed by one law firm: (i) the objection of KingfishersLP, Kingstown Partners II L.P., and Kingstown Partners Master Ltd. [Dkt. No. 13163]; (ii) the objection and joinder of Chevron Master Pension Trust and Chevron UK Pension Plan [Dkt. No. 13165]; (iii) the objection of the California State Teachers Retirement System [Dkt. No. 13198]; (iv) the objection and joinder of State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund [Dkt. No. 13208]; and (v) the sixty-three other joinders to the Kingstown Objection [Dkt. Nos. 13166–13197; 13199–13207; and 13209–13230] (collectively, the "**Objections**"). All of the Objections were filed by holders of Securities Claims.

The basic thrust of the Objections is that the requested extension is too long and that the Reorganized Debtors have not focused their efforts specifically on the Securities Claims held by the objecting parties, but instead have attempted to achieve a class settlement, with the opportunity for claimants to opt out, with the lead plaintiffs in a putative class action pending in the United States District Court for the Northern District of California.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1    Notably, as the Reorganized Debtors indicated in the Motion, their efforts at achieving a class

2    settlement under the auspices of a mediator were initially designed to form the basis of a global

3    resolution of a dispute with the Reorganized Debtors' insurers, claims by the PG&E Fire Victim Trust

4    against certain of the Debtors' former officers and directors, and the Securities Claims.  While

5    significant progress has been made in these efforts and settlements were achieved in two of the three

6    matters, no agreement on the Securities Claims has been reached.

7    The Reorganized Debtors believe that a continuance of the hearing on the Motion to the next

8    omnibus hearing date of November 30, 2022, or such other date as the Court directs, would be a more

9    efficient use of the parties' and judicial resources than moving forward with the hearing as currently

10   scheduled.  During this continuance, the Reorganized Debtors will be contacting the objecting parties

11   to discuss a potential consensual resolution of the Objections, including but not limited to discussions

12   concerning the duration of the requested extension.[2]  Even if the parties are unable to reach an

13   agreement, the Reorganized Debtors believe that the discussions will narrow the issues for the Court

14   to resolve.  The Reorganized Debtors also seek a short continuance to be able, if necessary after

15   discussions with objectors, to submit a response to the Objections a reasonable amount of time before

16   any hearing.

17   Therefore, the Reorganized Debtors respectfully request that the Court adjourn the hearing on

18   the Motion to the omnibus hearing scheduled for November 30, 2022, or such other date as the Court

19   directs.

20   Dated:  November 10, 2022          **WEIL, GOTSHAL & MANGES LLP**
                                        **KELLER BENVENUTTI KIM LLP**
21

22                                      */s/ Richard W. Slack*
                                        Richard W. Slack
23
                                        *Attorneys for the Debtors and Reorganized*
24                                      *Debtors*

25

26   [2] Given the number of Objections and the short period of time prior to the November 15, 2022 hearing,
     it is not practical to seek consent of each of the objecting parties prior to submitting this continuance
27   request.  Indeed, the extension is sought primarily to provide time for the Reorganized Debtors to
     reach out to the objecting parties.
28