KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF A. ANNA CAPELLE IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**December 6, 2022, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  December 20, 2022<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, A. Anna Capelle, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Litigation and Commercial Contracts, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**") and together with Utility, the "**Reorganized Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have been employed in this role since May 1, 2020, and prior to such date I was employed as Interim Managing Counsel, Strategy and Policy. I have been employed as an attorney for PG&E since October 2006. In my current role, I am responsible for supervising seven litigation attorneys, and advising leaders on litigation and general dispute issues. I also regularly consult with my colleagues elsewhere in the Utility's Law Department on legal issues that cover a variety of other subject matters. I submit this Declaration in support of the *Reorganized Debtors' One Hundred Nineteenth Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, including my colleagues elsewhere in the Utility's Law Department, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The Omnibus Objection is directed at the Proof of Claim specifically identified in **Exhibit 1** thereto in the column headed "Claims to Be Disallowed and Expunged."

4. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors, based on information provided by me, and I have reviewed it to confirm its accuracy. I am

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

familiar with it, its contents, and the process under which it was prepared. To the best of my knowledge, information and belief, **Exhibit 1** accurately identifies the No Liability Claims.

    5.    After conducting a thorough review of the relevant Proofs of Claim, the Reorganized Debtors concluded that there is no basis for liability on the No Liability Claims. These Proofs of Claim provide insufficient supporting documentation to enable the Reorganized Debtors to understand the purported basis for liability and, after reviewing the allegations, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims.[2] The Reorganized Debtors issued Information Requests as to the Proofs of Claim, pursuant to the *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148], and received responses from the Claimants that did not meaningfully explain their allegations.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this tenth day of November, 2022.

                                                      _____
                                                      A. Anna Capelle

---

[2] One of the No Liability Claims, Claim No. 7955, does include reasonably specific allegations regarding a portion of the damages claimed. However, as the claimant has acknowledged, he received and cashed a settlement check from the Reorganized Debtors for that portion of the claim.