1  Gerald P. Kennedy (Bar No. 105887)
   E-mail: gerald.kennedy@procopio.com
2  PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3  525 B Street, Suite 2200
   San Diego, CA 92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
6  Julie M. Murphy
   Email: Jmmurphy@stradley.com
7  Stradley Ronon Stevens & Young, LLP
   2005 Market Street, Suite 2600
8  Philadelphia, PA 19103
   Telephone: 856.321.2409 / 215.564.8091
9  Facsimile: 215.564.8120
10
   Attorneys for the Lord Abbett Claimants

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**LORD ABBETT CLAIMANTS' JOINDER IN OPPOSITION TO REORGANIZED DEBTORS' FIFTH EXTENSION MOTION**<br><br>**Hearing Information:**<br>Date: November 30, 2022<br>Time: 11:00 a.m. (Pacific Time)<br>Place: (Zoom)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Related Docket No.: 13122** |

The Lord Abbett Claimants[1] by and through undersigned counsel, hereby submit this Joinder in opposition to the Fifth Extension Motion and join in the Oppositions to the Fifth Extension Motion filed by California State Teachers Retirement System ("**CalSTRS**") [Dkt. No. 13198] (the "**CalSTRS Opposition**") and the Kingstown Claimants [Dkt. Nos. 13163-13164] (the "**Kingstown Opposition**"), as well as the numerous other Oppositions filed by Securities Claimants (hereinafter defined) [Dkt. Nos. 13165-13197, 13199-13230].

The Lord Abbett Claimants are among the hundreds of claimants who timely filed proofs of claims asserting Securities Claims against the Reorganized Debtors ("**Securities Claimants**"). On August 4, 2021, more than fourteen months ago, the Lord Abbett Claimants resubmitted transactional data supporting their Securities Claims to the claims administrator in accordance with the Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims (the "**ADR Procedures Order**") [Dkt. No. 10015].[2] To date, however, the Lord Abbett Claimants have received no settlement offers, requests for mediation, or other communications from the Reorganized Debtors with respect to the Lord Abbett Claimants' Securities Claims.

The Reorganized Debtors' recent Fifth Extension Motion reveals why the Reorganized Debtors have failed to pursue settlement of the Lord Abbett Claimants' Securities Claims as required under the ADR Procedures Order. Earlier this year, the Reorganized Debtors unilaterally paused pursuit of settlements or mediation of Securities Claims—without notice to the Court or the Securities Claimants—in order to pursue a "global resolution" of the Securities Claims. The Lord Abbett Claimants have not been included in any discussions regarding a "global resolution" of the Securities Claims; nor were any of the Securities Claimants represented by undersigned counsel. It is unclear that *any* Securities Claimants have been informed of, let alone involved in, the "global"

---

[1] The Lord Abbett Claimants are the claimants advised by Lord, Abbett & Co. LLC that submitted Securities Claims (as defined in the Reorganized Debtors' Fifth Extension Motion [Dkt. No. 13122] (the "**Fifth Extension Motion**")) in Claims Nos. 99436 and 99838.

[2] The transactional data had also been submitted with the Lord Abbett Claimants' initial claims filing.

settlement negotiations and mediation referenced in the Fifth Extension Motion. (*See* Kingstown Opp., 12:8-15.) Instead, it appears that the Reorganized Debtors focused their "global resolution" efforts on negotiations and mediation with Public Employee Retirement Association of New Mexico ("**PERA**"), the lead plaintiff in the stayed consolidated class action litigation in the United States District Court for the Northern District of California captioned *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD (the "**Class Action**"). To the Lord Abbett Claimants' knowledge, PERA does not purport to represent the interests of the Securities Claimants in negotiations with the Reorganized Debtors, and it is unclear whether and to what extent any "global resolution" is intended to benefit the Securities Claimants.

Now, the Reorganized Debtors ask this Court to write them a 270-day blank check that will allow them to pursue this previously undisclosed "global resolution," while ignoring the process approved by the Court in the ADR Procedures Order and keeping the Securities Claimants in the dark. The Reorganized Debtors' proposed order lacks any interim deadlines within the 270-day extension period to ensure that the additional time is used productively to resolve the pending Securities Claims. Given the Reorganized Debtors' failure to date to make meaningful progress toward settling or mediating the hundreds of unresolved Securities Claims, the Lord Abbett Claimants object to another lengthy and unfettered extension.

If the Court is inclined to grant any extension, the Reorganized Debtors should be required to negotiate transparently with the Securities Claimants—whether independently or in coordination with the apparently ongoing settlement discussions and mediation in the Class Action. Although the Lord Abbett Claimants submitted individual Securities Claims, they are not necessarily opposed to a global resolution of the securities claims against the Reorganized Debtors. However, the Reorganized Debtors' lack of transparency regarding the structure, scope, and magnitude of any proposed global settlement prevents the Lord Abbett Claimants from meaningfully evaluating such a resolution.

At a minimum, the Reorganized Debtors should be required to disclose to the Court and the Securities Claimants: (a) the parties and counsel involved in the settlement negotiations and their respective authority to negotiate on behalf of the various constituents; (b) the progress made to date

(and during the extended period) towards any "global resolution"; (c) the impact of any proposed "global resolution" on the assets of the Reorganized Debtors' estates, including the availability of insurance proceeds to pay Securities Claims; (d) the timetable for recovery on Securities Claims under a "global resolution" and for Securities Claimants who elect to opt-out of such resolution; and (e) the deadline for the full and final resolution of all of the outstanding Securities Claims.

On November 8, 2022, CalSTRS filed the CalSTRS Opposition and the Kingstown Claimants filed the Kingstown Opposition, in which numerous Securities Claimants have joined. The Lord Abbett Claimants hereby join in the CalSTRS Opposition and join, in part, the Kingstown Opposition to object to the Reorganized Debtors' requested 270-day extension of the claims objection deadline, and hereby support, adopt and incorporate by reference the arguments made in the CalSTRS Opposition and the Kingstown Opposition, as well as those set forth in other substantive oppositions filed, to the extent consistent herewith. As set forth in the CalSTRS Opposition, the Kingstown Opposition, and other substantive oppositions filed to date, the Reorganized Debtors have failed to show cause for the Fifth Extension. Unless and until the Reorganized Debtors can demonstrate good cause for any extension the Court should deny the Fifth Extension as to the Securities Claims.

**RESERVATION OF RIGHTS**

The Lord Abbett Claimants reserve all of their respective rights, claims, defenses and remedies, including without limitation, the right to amend, modify, or supplement this Joinder and Opposition in accordance with the applicable rules.

DATED: November 10, 2022    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Gerald P. Kennedy
Gerald P. Kennedy
Attorneys for the Lord Abbett Claimants

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California by using CM/ECF system on November 10, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2022.

/s/ Gerald P. Kennedy
Gerald P. Kennedy
