Gerald P. Kennedy (Bar No. 105887)
E-mail: gerald.kennedy@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Julie M. Murphy
Email: Jmmurphy@stradley.com
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: 856.321.2409 / 215.564.8091
Facsimile: 215.564.8120

Attorneys for the Vanguard Claimants

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**VANGUARD CLAIMANTS' JOINDER IN OPPOSITION TO REORGANIZED DEBTORS' FIFTH EXTENSION MOTION**<br><br>**Hearing Information:**<br>Date: November 30, 2022<br>Time: 11:00 a.m. (Pacific Time)<br>Place: (Zoom)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Related Docket No.: 13122** |

The Vanguard Claimants[1] by and through undersigned counsel, hereby submit this Joinder in opposition to the Fifth Extension Motion and join in the Oppositions to the Fifth Extension Motion filed by California State Teachers Retirement System ("**CalSTRS**") [Dkt. No. 13198] (the "**CalSTRS Opposition**") and the Kingstown Claimants [Dkt. Nos. 13163-13164] (the "**Kingstown Opposition**"), as well as the numerous other Oppositions filed by Securities Claimants (hereinafter defined) [Dkt. Nos. 13165-13197, 13199-13230], to the extent consistent herewith.

The Vanguard Claimants are among the hundreds of claimants who timely filed proofs of claims asserting Securities Claims against the Reorganized Debtors ("**Securities Claimants**"). The Vanguard Claimants submitted transactional data supporting their Securities Claims to the claims administrator in accordance with the Order Approving Securities ADR and Related Procedures for

---

[1] The Vanguard Claimants are comprised, individually, of the following funds, Vanguard Alternative Strategies Fund - Volatility, Vanguard Annuity Balanced Fund, Vanguard Annuity Equity Index Fund, Vanguard Annuity Short Term Investment Grade Fund, Vanguard Balanced Index, Vanguard CA Intermediate Term Tax Exempt Fund, Vanguard CA Long Term Tax Exempt Fund, Vanguard CA Tax Exempt Money Market, Vanguard Capital Value Fund, Vanguard Core Bond Fund, Vanguard Employee Benefit Index, Vanguard Equity Income, Vanguard Equity Income Annuity Fund, Vanguard Global Wellesley Income Fund, Vanguard Global Wellington Fund, Vanguard Growth and Income Fund, Vanguard High Yield Tax Exempt Fund, Vanguard Index 500 Fund, Vanguard Instit. Total Stock Market Index Fund, Vanguard Institutional Index Fund, Vanguard Institutional Intermediate-Term Bond Fund, Vanguard Institutional Short-Term Bond Fund, Vanguard Intermediate Tax Exempt Fund, Vanguard Intermediate Term Investment Grade Fund, Vanguard Intermediate-Term Corporate Bond Index Fund, Vanguard Large Cap Index Fund, Vanguard Limited Term Tax Exempt Fund, Vanguard Long Term Bond Index Fund, Vanguard Long Term Investment Grade Fund, Vanguard Long Term Tax Exempt Fund, Vanguard Long-Term Corporate Bond Index Fund, Vanguard Market Neutral Fund - EIG, Vanguard Mega Cap Index Fund, Vanguard Mega Cap Value Index Fund, Vanguard Municipal Cash Management Fund, Vanguard Precious Metals & Mining Fund, Vanguard Russell 1000 Index Fund, Vanguard Russell 1000 Value Index Fund, Vanguard Russell 3000 Index Fund, Vanguard S&P 500 Value Index Fund, Vanguard Selected Value Fund, Vanguard Selected Value Fund, Vanguard Short Term Bond Index Fund, Vanguard Short Term Investment-Grade Fund, Vanguard Short Term Tax Exempt Fund, Vanguard Short-Term Corporate Bond Index Fund, Vanguard SMA Bravo - MSCI World Index, Vanguard SMA Charlie ZC - SP 500, Vanguard SMA EL SP 500, Vanguard Structured Broad Market Fund, Vanguard Structured Large-Cap Equity Fund, Vanguard Tax Exempt Money Market, Vanguard Tax Managed Capital Appreciation Fund, Vanguard Tax-Managed Balanced-Bond, Vanguard Tax-Managed Balanced-Equity, Vanguard Total Bond Market II Index Fund, Vanguard Total Bond Market Index Fund, Vanguard Total Stock MKT IDX Trust, Vanguard Total World Stock Index Fund, Vanguard U.S. Value Fund, Vanguard Ultra-Short-Term Bond Fund, Vanguard US Minimum Volatility ETF, Vanguard US Value Factor ETF, Vanguard Utilities Index Fund, Vanguard Value Index Fund, Vanguard Wellesley Income Fund, Vanguard Wellington Fund, Vanguard Windsor Fund are the claimants advised by Vanguard Group, Inc. that submitted Securities Claims (as defined in the Reorganized Debtors' Fifth Extension Motion [Dkt. No. 13122] (the "**Fifth Extension Motion**")), which claims have been filed and registered in the Reorganized Debtors' claims register, which is maintained by the claims administrator.

Case: 19-30088    Doc# 13244    Filed: 11/10/22    Entered: 11/10/22 15:05:03    Page 2 of 6

Resolving Subordinated Securities Claims (the "**ADR Procedures Order**") [Dkt. No. 10015]. To date, however, the Vanguard Claimants have received no settlement offers, requests for mediation, or other communications from the Reorganized Debtors with respect to the Vanguard Claimants' Securities Claims.

The Reorganized Debtors' recent Fifth Extension Motion reveals why the Reorganized Debtors have failed to pursue settlement of the Vanguard Claimants' Securities Claims as required under the ADR Procedures Order. Earlier this year, the Reorganized Debtors unilaterally paused pursuit of settlements or mediation of Securities Claims—without notice to the Court or the Securities Claimants—in order to pursue a "global resolution" of the Securities Claims. The Vanguard Claimants have not been included in any discussions regarding a "global resolution" of the Securities Claims; nor were any of the Securities Claimants represented by undersigned counsel. It is unclear that *any* Securities Claimants have been informed of, let alone involved in, the "global" settlement negotiations and mediation referenced in the Fifth Extension Motion. (*See* Kingstown Opp., 12:8-15.) Instead, it appears that the Reorganized Debtors focused their "global resolution" efforts on negotiations and mediation with Public Employee Retirement Association of New Mexico ("**PERA**"), the lead plaintiff in the stayed consolidated class action litigation in the United States District Court for the Northern District of California captioned *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD (the "**Class Action**"). To the Vanguard Claimants' knowledge, PERA does not purport to represent the interests of the Securities Claimants in negotiations with the Reorganized Debtors, and it is unclear whether and to what extent any "global resolution" is intended to benefit the Securities Claimants.

Now, the Reorganized Debtors ask this Court to write them a 270-day blank check that will allow them to pursue this previously undisclosed "global resolution," while ignoring the process approved by the Court in the ADR Procedures Order and keeping the Securities Claimants in the dark. The Reorganized Debtors' proposed order lacks any interim deadlines within the 270-day extension period to ensure that the additional time is used productively to resolve the pending Securities Claims. Given the Reorganized Debtors' failure to date to make meaningful progress toward settling or mediating the hundreds of unresolved Securities Claims, the Vanguard Claimants

object to another lengthy and unfettered extension.

If the Court is inclined to grant any extension, the Reorganized Debtors should be required to negotiate transparently with the Securities Claimants—whether independently or in coordination with the apparently ongoing settlement discussions and mediation in the Class Action. Although the Vanguard Claimants submitted individual Securities Claims, they are not necessarily opposed to a global resolution of the securities claims against the Reorganized Debtors. However, the Reorganized Debtors' lack of transparency regarding the structure, scope, and magnitude of any proposed global settlement prevents the Vanguard Claimants from meaningfully evaluating such a resolution.

At a minimum, the Reorganized Debtors should be required to disclose to the Court and the Securities Claimants: (a) the parties and counsel involved in the settlement negotiations and their respective authority to negotiate on behalf of the various constituents; (b) the progress made to date (and during the extended period) towards any "global resolution"; (c) the impact of any proposed "global resolution" on the assets of the Reorganized Debtors' estates, including the availability of insurance proceeds to pay Securities Claims; (d) the timetable for recovery on Securities Claims under a "global resolution" and for Securities Claimants who elect to opt-out of such resolution; and (e) the deadline for the full and final resolution of all of the outstanding Securities Claims.

On November 8, 2022, CalSTRS filed the CalSTRS Opposition and the Kingstown Claimants filed the Kingstown Opposition, in which numerous Securities Claimants have joined. The Vanguard Claimants hereby join in the CalSTRS Opposition and join, in part, the Kingstown Opposition to object to the Reorganized Debtors' requested 270-day extension of the claims objection deadline, and hereby support, adopt and incorporate by reference the arguments made in the CalSTRS Opposition and the Kingstown Opposition, as well as those set forth in other substantive oppositions filed, to the extent consistent herewith. As set forth in the CalSTRS Opposition, the Kingstown Opposition, and other substantive oppositions filed to date, the Reorganized Debtors have failed to show cause for the Fifth Extension. Unless and until the Reorganized Debtors can demonstrate good cause for any extension the Court should deny the Fifth Extension as to the Securities Claims.

# RESERVATION OF RIGHTS

The Vanguard Claimants reserve all of their respective rights, claims, defenses and remedies, including without limitation, the right to amend, modify, or supplement this Joinder and Opposition in accordance with the applicable rules.

DATED: November 10, 2022

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Gerald P. Kennedy
Gerald P. Kennedy
Attorneys for the Vanguard Claimants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of California by using CM/ECF system on November 10, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2022.

/s/ Gerald P. Kennedy
Gerald P. Kennedy