Robert W. Thompson, Esq. (SBN: 250038)
Casey A. Gee, Esq. (SBN: 284830)
TLO LAW, P.C.
700 Airport Blvd., Suite 160
Burlingame, CA 94010
Telephone: (650) 513-6111
Facsimile: (650) 513-6071
E-mail: bobby@tlopc.com; casey@tlopc.com

*Attorneys for Movants*
*Davin and Debbie Abrahamian*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY DAVIN AND DEBBIE ABRAHAMIAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CASEY A. GEE IN SUPPORT THEREOF**<br><br>**Objection Deadline for the Fire Victim Trust:** November 28, 2022<br><br>**Hearing:** Only if requested<br>**Location:** Via Zoom or Telephone |

Fire Victim Claimants Davin Abrahamian and Debbie Abrahamian (hereinafter "Movants") respectfully file this Motion to allow the late filing of Movants' proof of claim and deem the proof of claim as having been timely filed.

Movants bring this Motion pursuant to the Court's Order Consolidating Motions to File Late Claims of August 24, 2022 (Dkt. No. 12875); Order re Supplemental Exhibit to Order Consolidating Motions to File Late Claims of September 1, 2022 (Dkt. No. 12923); and Revised Order Consolidating Motions to File Late Claims of September 28, 2022 (Dkt. No. 13010). Pursuant to the Orders and in accordance with the procedures set forth therein:

**The Fire Victims Trust ("FVT") must either (a) file an opposition to any specific claimants or a statement of non-opposition within fourteen (14) days of the filing of this motion.**

## I.

## SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. The Supreme Court in *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993) set forth the factors that must be considered in ruling on whether a late claim should be allowed in the context of a bankruptcy filing. These factors to be considered are as follows:

1. The danger of prejudice to the Debtor;
2. The length of delay and its potential impact on judicial proceedings;
3. The reason for the delay, including whether it was within the reasonable control of the movant, and
4. Whether the movant acted in good faith.

*Pioneer Investment Services, supra*, at 395.

As set forth below and in the accompanying Declaration of Casey A. Gee, the Movants meet all these factors. Indeed, if this Motion is not granted, it is the Movants who will suffer substantial prejudice. Because there is no danger of prejudice to the Debtors, as Debtors' estates are solvent, and all creditors in these cases stand to be paid their pro rata shares, the Motion should

be granted to allow the Movants to have their claims deemed timely.

## II.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an Order establishing October 21, 2019 ("bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019 ("extended bar date"). *See* Dkt. 4872.

On January 31, 2020, the Debtors filed an Amended Chapted 11 Plan Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization. See Dkt. 5590. On June 19, 2020, after filing multiple iterations of the Plan, Debtors filed an Amended Joint Chapter 11 Plan of Reorganization ("Final Plan"). See Dkt. 8048. On June 20, 2020, the Bankruptcy Court entered an order confirming the Final Plan. See Dkt. 8053.

Prior to December 31, 2019, nearly 38,000 fire victims filed timely claims. Since then, thousands of late claims have been submitted and dozens of late claims have been permitted as timely by the Court through stipulations and orders. Others have been permitted as timely without stipulations, due to no opposition by the FVT. It is clear by the volume of late claims that many families and individuals impacted by the subject Fires, including the Camp Fire, were unaware that they had any remedies, claims for relief, or causes of action.

## III.

## LEGAL ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based upon excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on**

**motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.

Fed. R. Bank. Proc. 9006(b)(1) (emphasis added).

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include… the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer In. Servs. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Importantly, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy, but, due to some external reason, failed to file a proof of claim or did not realize that she or he had to prior to the bar date. See, e.g., *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1006 (9th Cir. 2006) (applying the *Pioneer* factors). Notably in this case, there was no widely distributed notice to residents impacted by the subject fires.

First, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.*, 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process."). The Debtors' estates are solvent, and all creditors stand to be paid their initial pro rata share, which is presently at 45%. See, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-76 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the Chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only). As of now, it is understood that claims for which determination notices are issued are receiving 45% of the determination award (their initial pro rata share). It is understood that the additional 55% of such determination awards has been set aside by the FVT. And, beyond that, the FVT is still solvent.

Second, the delay is not significant. Upon receiving all the necessary information, Movants' filed their Proof of Claim on October 26, 2022. At this time, the Trust had only issued

determinations (not reconsiderations or appeals) to approximately 80% of the claimants. Allowing the late claim will not delay the proceedings. Moreover, Movants' claims will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as Movants, whose claims will be placed among them, resulting in no noticeable impact upon the distribution process.

Third, as set forth in Exhibit A to the Declaration of Casey A. Gee, the reasons for delay in filing a claim constitute excusable neglect. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *In re ZiLOG, Inc.*, *supra*, 450 F.3d at 1006. The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id*. Movants' delay in filing the subject claim is reasonable. Very shortly after becoming aware that the damages that arose from the Camp Fire might be compensable, Movants obtained counsel and filed a proof of claim. Additionally, there was little to no substantial effort by any interested party in this case to alert prospective claimants of their right or entitlement to file a claim, other than third-party advertisements. The Ninth Circuit, relying on the Pioneer factors, held that a bankruptcy court abused its discretion in declining to excuse various women's failure to timely file proofs of claims (with respect to retention bonuses), where debtor's general counsel's email was not calculated to inform employees that they needed to file their wage claims against the debtor in bankruptcy court. *In re ZiLOG, Inc., supra*, at 1003. When comparing this to the Movants, who received no notice whatsoever of their potential entitlement to file claims, this lack of substantive notice placed many individuals without any knowledge of their remedies, including Movants.

Further, Movants herein acted in good faith. The failure to file was not based on litigation tactics where a party deliverately misses a deadline to gain advantage. *See, e.g., Venice Baking Co. v. Sophast Sales & Mkg. LLC*, 2016 U.S. Dist. LEXIS 141533 (denying relief because counsel purposefully chose not to oppose a motion as a litigation tactic). Here, the delay was inadvertent and due to Movants' lack of understanding of the claims process. Due to the substantial trauma, relocation, and the immense pressure resulting from the foregoing, the Movants did not become aware of the relevant bar dates in time to timely file the claim. It was not until after the Extended

Bar date and Claims Questionnaire Deadline that Movants realized their damages may be compensable and that they should file a proof of claim for their losses.

Finally, the likelihood of injustice is great if this claim is not permitted. Movants are Camp Fire victims whose primary avenue for compensation is through this Bankruptcy. The FVT has been routinely permitting the late claims to be allowed, where such tardiness is excusable under the *Pioneer* factors and foregoing.

## IV.

## **CONCLUSION**

For the reasons set forth above, Movants respectfully request that this Court enter an Order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion in its entirety;
2. Finding that the Proof of Claim file by the Movants are to be allowed as having been timely filed; and
3. Granting such other or further relief as the Court deems just and proper.

DATE: November 14, 2022              Respectfully submitted,

TLO LAW, P.C.


By:  /s/ Casey A. Gee
     ROBERT W. THOMPSON
     CASEY A. GEE
     Attorneys for Movants
     Davin Abrahamian and Debbie Abrahamian

## DECLARATION OF CASEY A. GEE

I, Casey A. Gee, declare as follows:

1. I am over eighteen (18) years old and am competent to testify as to the matters set forth hereinbelow, from my personal knowledge-except as to those matters set forth upon information and belief.

2. I am an attorney with TLO Law, PC and am an attorney licensed to practice law in the State of California. I am also an attorney for the Movants Davin and Debbie Abrahamian.

3. If called upon as a witness, I could and would competently testify as to the facts set forth in this Declaration, which are made based upon my personal knowledge or information collected by my staff from the claimants that my firm represents. Such representation is set forth in Exhibit A, attached hereto, with further brief explanations received from the claimants that my firm represents.

4. I have reviewed the foregoing Motion to Allow/Deem Timely Late Filing of Claimants Proofs of Claims, and Memorandum of Points and Authorities in Support Thereof (the "Motion") and the attached Exhibit A. To the best of my information and knowledge, the factual allegations in the Motion are true and correct.

I declare under penalty of perjury under the laws of the United States and of the State of California, that the foregoing is true and correct. Executed on November 14, 2022.

By:    /s/ Casey A. Gee
       CASEY A. GEE

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's filing system.

Executed this 14th day of November 2022.

By : _____/s/ Casey A. Gee_____
　　　　　　CASEY A. GEE

# EXHIBIT A: CLAIMANTS

(1) <u>Davin Abrahamian and Debbie Abrahamian; Proof of Claim No. 109640; Filed: 10/26/22</u>.

On November 8, 2018, Davin Abrahamian and Debbie Abrahamian, spouses, were owners of the property located at 4695 Sandpiper Lane, Paradise, CA 95969, which was their primary residence at the time of the Camp Fire. The Abrahamian's real and personal property were damaged by the fire, smoke, soot, and ash from the Camp Fire, including the loss of hundreds of trees. Additionally, the Abrahamians were forced to evacuate their home and relocate for months resulting in monetary damages, nuisance, and emotional distress due to their proximity to the zone of danger and loss of community. During this time, Mr. Abrahamian had been suffering from and in the process of treating serious medical conditions. Due to the substantial trauma, relocation, medical issues, and the immense pressure resulting from the foregoing, the Abrahamians were unaware that their damages and injuries might be compensable prior to the Extended Bar Date and Claims Questionnaire Deadline. Soon after discovering their damages might be compensable, the Abrahamians hired counsel and filed their claim in October 2022.