**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Appellees (Debtors and Reorganized Debtors)*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Reorganized Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>District Court Case No. 22-cv-06367-HSG<br><br>**REORGANIZED DEBTORS'**<br>**(I) RESPONSE TO APPELLANT RICKY-DEAN HORTON'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD, (II) APPELLEES' DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, AND (III) RESPONSE TO MOTION FOR LEAVE TO APPEAL**<br><br>[Related to Dkt. Nos. 13084 and 13136] |

PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Appellees**," the "**Debtors**," or as reorganized pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto), the "**Reorganized Debtors**") submit this (i) response to the *Ricky-Dean Horton's Statement of Issues to be Presented on Appeal; and Designation of Record on Appeal; Certificate Regarding Transcripts* [Dkt. No. 13136] (the "**Statement**") filed on October 31, 2022 by Ricky-Dean Horton ("**Appellant**"), and (ii) designation of additional items to be included in the record on appeal, in connection with Appellant's *Notice of Inerlocutory Appeal; Motion for Leave to Appeal* ("**Notice of Appeal**") [Dkt. No. 13084] filed on October 14, 2022, which appeals from the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Ninety-Third Omnibus Objection to Claims (No Legal Liability Claims)*, entered on July 22, 2021 [Dkt. No. 10980] (the "**Order Disallowing Claims**"), by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

## I. RESPONSE TO STATEMENT OF ISSUES ON APPEAL

Although the only order of the Bankruptcy Court attached to the Appellant's Notice of Appeal is the Order Disallowing Claims, the great majority of documents Appellant includes in his Statement, as well as all eleven of the issues raised by Appellant, appear to relate to Appellant's motion for reconsideration of the Order Disallowing Claims, the Bankruptcy Court's interlocutory orders relating to this motion, and the final *Order Denying Motion for Reconsideration Filed by Ricky-Dean Horton and Disallowing Proof of Claim # 107857*, entered on October 7, 2021 [Dkt. No. 11386] (the "**Order Denying Reconsideration**"). In an abundance of caution, Appellants hereby designate items that would be included in the record on the appeal of either the Order Disallowing Claims or the Order Denying Reconsideration.

## II. DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtors hereby designate the following additional items to be included in the record on appeal, which include

all exhibits and addenda attached thereto and filed therewith and all documents incorporated by reference therein:

Docket items from *In re PG&E Corp., et al.*, Case No. 19-30088 (DM):

| Dkt. No. | Description | Date |
|---|---|---|
| 263 | Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief | 02/01/2019 |
| 8048 | Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 | 06/19/2020 |
| 8053 | Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 | 06/20/2020 |
| 8228 | Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections | 06/30/2020 |
| 10494 | Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and Granting Related Relief | 04/05/2021 |
| 10811 | Notice of Hearing on Reorganized Debtors' Ninety-Third Omnibus Objection to Claims | 06/17/2021 |
| 10867 | Certificate of Service of Alain B. Francoeur | 06/28/2021 |
| 11073 | Motion to File Documents Under Seal filed by Ricky-Dean Horton | 08/18/21 |
| 11076 | Certificate of Service filed by Ricky-Dean Horton | 08/18/2012 |
| 11080 | Extended Certificate of Service filed by Ricky-Dean Horton | 08/18/2021 |
| 11158 | Certificate of Service of Victor Wong | 8/25/2021 |
| 11165 | Certificate of Service of Joseph Ledwin | 08/31/2021 |
| 11175 | Certificate of Service of Ricky-Dean Horton | 08/31/2021 |
| 11247 | Certificate of Service of Ricky-Dean Horton | 09/13/2021 |
| 11252 | Certificate of Service of Ricky-Dean Horton | 09/14/2021 |
| 11259 | Certificate of Service of Liliya Kulyk | 09/15/2021 |
| 11266 | Certificate of Service of Sonia Akter | 09/16/2021 |

| Dkt. No. | Description | Date |
|---|---|---|
| 11270 | Certificate of Service of Alain B. Francoeur | 09/16/2021 |
| 11378 | Certificate of Service of Ricky-Dean Horton | 10/05/2021 |
| 11414 | Certificate of Service of Sonia Akter | 10/13/2021 |
| 11437 | Certificate of Service of Ricky-Dean Horton | 10/15/2021 |

Proofs of Claim filed in *In re PG&E Corp., et al.*, Case No. 19-30088 (DM):

| Claim No. | Claimant | Date |
|---|---|---|
| 107857 | Ricky-Dean Horton | 07/28/2021 |

The Reorganized Debtors reserve the right to designate additional items for inclusion in the record or restate the issues presented on appeal.

### III. RESPONSE TO APPELLANT'S DESIGNATION OF RECORD

In addition to designating docket entries and transcripts in the Chapter 11 Cases, Appellant's Statement refers to four "additional records" that Appellant asserts are in the possession of other parties, and seven additional exhibits Appellant attaches to the Statement.

The four "additional records" seek information regarding "the records of the author and/or origination of the order" for four orders prepared, signed, and entered by the Bankruptcy Court. Appellees submit that the Bankruptcy Court's orders speak for themselves and that there are no additional records to be included in the record on this appeal.

The seven exhibits are e-mail correspondence between Appellant and counsel for the Reorganized Debtors, and between Appellant and chambers. The Court posted certain e-mails between Appellant and chambers to the docket: Appellant's Exhibit 5 corresponds to Dkt. No. 11415 and a portion of Exhibit 6 corresponds to Dkt. No.11434, both of which documents already were designated by Appellant in his Statement. Appellees submit that only those documents actually filed with the Bankruptcy Court in connection with its ruling on either the Order Disallowing Claims or the

Order Denying Reconsideration are part of the record on appeal, and Appellees reserve all rights and defenses thereto.

## IV. RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO APPEAL

Although not properly raised in a separate pleading, Appellant's Notice of Appeal seeks other relief – namely, "leave to appeal." Although Appellant calls his appeal an interlocutory appeal, it is unclear whether he seeks leave to file an interlocutory appeal pursuant to Bankruptcy Rule 8004 or leave to file an untimely appeal under Bankruptcy Rule 8002. Out of an abundance of caution, the Reorganized Debtors briefly address these issues here, reserving all rights to present further argument as appropriate or as requested by the Court. With respect to the filing of an interlocutory appeal, the Reorganized Debtors submit that such relief is unnecessary, as both the Order Disallowing Claims and Order Denying Reconsideration are final orders. With respect to any request by Appellant to file a late appeal, such request is untimely. Bankruptcy Rule 8002(d)(1) provides that a party has only 21 days from the expiration of the time to appeal to request an extension if that party shows excusable neglect. The Order Denying Reconsideration was entered on October 7, 2021 – over one year before Appellant's filing of the Notice of Appeal. Therefore, the deadline to appeal either the Order Disallowing Claims or the Order Denying Reconsideration was October 21, 2021, and the last day to seek an extension under Bankruptcy Rule 8002(d)(1) was November 12, 2021 (November 11 being a holiday). Appellant's request for an extension included in his Notice of Appeal filed on October 14, 2022, was therefore made eleven months too late, and should be denied. The Reorganized Debtors intend to file a motion with the district court to dismiss this appeal on the basis that it is untimely.

Dated: November 14, 2022

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
Thomas B. Rupp

*Attorneys for the Appellees (Debtors and Reorganized Debtors)*