Donald W. Ullrich, Jr. (Calif. State Bar No.118701)
Ullrich Law Firm
3100 Zinfandel Drive, Suite 265
Rancho Cordova, CA  95670-6391
Telephone:  1.916.942.9385
Facsimile No.:  1.916.942.9537
Cell Phone:  1.916.425.1061
E-mail: ullrichlawfirm@att.net

*Attorney for Claimant*
*Karyn Charmbury*

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION, a California corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY, INC., a California corporation<br><br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br><br>**Chapter 11**<br><br>**(Lead Case) (Jointly Administered)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT KARYN CHARMBURY'S OPPOSITION AND RESPONSE TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (CHARMBURY CLAIMS); with certificate of service attached**<br><br>Date: November 30, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA  94102<br>      (by tele/videoconference only) |

Counsel, Donald W. Ullrich, Jr., representing the claimant Karyn Charmbury herewith submits on her behalf this memorandum of points and authorities in support of her opposition and response to the reorganized debtors' one hundred eighteenth omnibus objection to claims (Charmbury claims) as follows:

Debtors made four written counter-offers to claimant in the amount $11,000.00.  Each counter-

offer was accepted by counsel for and on behalf of claimant, totaling $44,000.00. See Exhibit T to the declaration of counsel filed concurrently herewith. Thereafter, debtors failed to honor the binding contract created by such acceptances. See said declaration of counsel at page 2, lines 5 - 6. It is not claimant's obligation to sort through and make sense of debtors' internal procedures and records, including its interactions with Prime Clerk, to determine why debtors apparently reduced $44,000.00 to $22,000.00. See Exhibit X to said declaration. Claimant asserts debtors are contractually obligated to pay claimant $44,000.00.

There is no need for an evidentiary hearing. The documents submitted by claimant speak for themselves.

This is a legal dispute. The court may rule on this matter at the hearing in accordance with Bankruptcy Local Rule 3007-1.

As to whether or not there is a binding contract between debtors and claimant, state law applies, in this case, the State of California. When an offer is accepted a binding, legally enforceable contract is formed. Se California Civil Code §§ 1549, 1550, and 1619. Contracts can be formed in electronic transactions. See California Civil Code §§ 1633.1 – 1633.17.

If a federal rule of procedure controls the issue, or "answers the question in dispute," then it governs and supplants any conflicting state law if (1) the federal rule is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and (2) is constitutional. Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010); Hanna v. Plumer, 380 U.S. 460, 463–464 (1965); see Racher v. Westlake Nursing Home Ltd. P'ship, 871 F.3d 1152, 1161-64 (10th Cir. 2017).

If there is no federal procedural rule on point, a federal court exercising diversity or supplemental jurisdiction must still determine whether the application of state law is appropriate. In that case, the court is tasked with applying the "relatively unguided" Erie analysis to determine whether the state law at issue is substantive and should be enforced in federal court. Hanna v.

Plumer, 380 U.S. 460, 471 (1965); In re Cty. of Orange, 784 F.3d 520, 527 (9th Cir. 2015). For Erie see Erie Railroad v. Tompkins, 304 U.S. 64 (1938).

This a matter of bankruptcy and, obviously, is subject to federal procedural law. However, state law is still used to resolve substantive law matters. A substantive rule is one that "creates rights or obligations, or 'is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required.' " In re Cty. of Orange, 784 F.3d 520, 527 (9th Cir. 2015); see also Odom v. Penske Truck Leasing Co., L.P., 893 F.3d 739, 743 (10th Cir. 2018) ("state jurisdiction-stripping provision is so wrapped up with the state-created right that it counts as substantive law for Erie purposes").

Rules of contract interpretation are substantive and, therefore, state rules apply. Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., 993 F.3d 1299, 1304 (11th Cir. 2021) (services contract); Vazquez v. Jan-Pro Franchising Int'l, Inc., 986 F.3d 1106, 1114 (9th Cir. 2021) (applying Massachusetts preclusion principles as applicable federal law); Samaan v. Gen. Dynamics Land Sys., Inc., 835 F.3d 593, 601 (6th Cir. 2016) (arbitration agreement); Hanover Ins. Co. v. N. Bldg. Co., 751 F.3d 788, 792 (7th Cir. 2014) (indemnity agreement); see Sterngold Dental, LLC v. HDI Glob. Ins. Co., 929 F.3d 1, 6 (1st Cir. 2019) (insurance policies); Alderman v. Pan Am World Airways, 169 F.3d 99, 103 (2d Cir. 1999) (attorneys' fee agreement); Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1185 (5th Cir. 1987) (settlement agreement).

Simply put, an acceptance of an offer not withdrawn as in this case creates a contract to which debtors are bound.

LATE RESPONSE. See said declaration at page 5 as to why the objection and response were filed and served on November 18, 2022, as opposed to November 16, 2022, the response deadline as set by debtors in its objection. There is no prejudice resulting to debtors for the court to consider this objection and response despite when it was filed and served. There is already a binding contract. A late filed objection and response does not void a contract already formed.

Moreover, a two-day delay is not material for the kind of legal matters before the court. Furthermore, counsel for debtors should have the same Prime Clerk documents counsel has. Consequently, there should be no surprise to debtors.

WHEREFORE, debtors' objection should not be sustained in light of the evidentiary record before it with this honorable court issuing orders directing the debtors' to pay the sum $44,000.00 to claimant forthwith.

Respectfully submitted,

Dated: November 18, 2022

*Donald W. Ullrich, Jr.*
DONALD W. ULLRICH, JR.
Attorney for Claimant

# CERTIFICATE OF SERVICE

My name is Donald W. Ullrich, Jr. My business address is 3100 Zinfandel Drive, Suite 265, City of Rancho Cordova, Sacramento County, California 95670-6391. I am over the age of 18 years and not a party to the within action.

On November 18, 2022, I served a true and correct copy of the attached document via electronic email upon the following named individuals, their respective email addresses stated. After sending said emails, thereafter I received no electronic notification of a failed or undeliverable electronic transmission:

Jane Kim jkim@kbkllp.com

David A. Taylor dtaylor@kbkllp.com

Dara L. Silveira dsilveira@kbkllp.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: November 18, 2022

*Donald W. Ullrich, Jr.*
Donald W. Ullrich, Jr.