Ricky-Dean Horton
751 Rosemary Court
Fairfield, California [94533]
Cell: 707-386-9713
RickyDHorton@gmail.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICKY-DEAN HORTON, A LIVING SOVEREIGN MAN<br><br>　　　　appellant,<br><br>vs.<br><br>PG&E CORPORATION,<br>- and/or-<br>PACIFIC GAS AND ELECTRIC COMPANY;<br>　　　　appellees*<br>*Affects one or both companies. | Bankruptcy Case nos:<br>19-30088 DM (Lead Case)<br>19-30089 DM<br>Chapter 11, Jointly Administered;<br>Claimant/Appellant claim no. 87111<br><br>**On appeal to:**<br>**District Court Case: 22-cv-06367-HSG**<br><br>APPELLANT RICKY-DEAN HORTON'S RESPONSE TO APPELLEE'S RESPONSE AS ENTERED ON 11/14/2022 DKT 13251; EQUITABLE TOLLING OF TIME DUE TO DECEITFUL COURT'S ORDER.<br><br>Related: Dkts 11386, 13084, 13136, 13251<br><br>This Response is to be included in Appellants designation of records to the Disrict Court on appeal. |

　　Ricky-Dean Horton, a living sovereign man, creditor and party in interest (appellant) hereby submits this response to PG&E's (appellee's) response filed as docket no. 13251.

This response shall be included with the designation of records and information that are already required to be sent to the District Court on Appeal found in appellant's Dkts 13084 and 13136.

Since appellant Ricky-Dean has not yet submitted his initial brief to the District Court, and since appellant, is less familiar with the legal system and commercial laws than Judges and attorneys, I will do my best to follow the rules and procedures of the court. I am reserving all of my rights as declared in my previous filings, and to correct, amend and to file additional information into this court of record if needed for any justifiable reason.

Various statements and issues are raised by appellees found in their Docket 13251 filed on 11/14/22. Most of the information in appellees docket no. 13251 will be addressed, to the best of my ability, in my initial briefing to the District Court on appeal. Several appellees statements will be objected to for reasons of inaccuracy, false and misleading, and/or irrelevant to my statement of issues and reason for appeal.

However, there were several specific subjects of interest raised by appellees in their Docket 13251 that needs to be addressed immediately.

Appellees are suggesting that several records or information should be withheld from being forwarded to the District Court on appeal.

Such records and information designated by Appellant in my docket 13136 filed 10/31/22 to be included are:

1. The records of the author and/or origination of orders filed as dockets 11135, 11154, 11244, 11386, and how the orders were submitted, reviewed, approved, and statutory rules of procedures to file the order as Dockets.

The records of the orders should be available by the Clerk of the Bankruptcy Court, not "in possession of other parties" as stated in appellees response, are relevant to Appellants issues on appeal, and should be included.

2. The exhibits 1-7 of the full email correspondences attached to Appellant's statement of issues and designation of records filed with Docket 13136.

Partial email exchanges are referenced in the dockets that are designated to be forwarded to the Circuit Court on appeal, and the full email exchanges of the docket entries that I attached as Exhibits 1-7 are relevant to the issues on appeal, are filed with the Bankruptcy Court as docket entries, and should be included.

Another issue of great concern is raised be appellees and is found in appellee's Docket no. 13251 on page 5: "*IV.  RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO APPEAL*"

Appellees last sentence on page 5 states that they intend to file a motion with the District Court to dismiss my appeal on the basis that it is untimely.

Appellees stated statutes of limitations that were not addressed in my original appeal filing of docket 13084. I have reserved my rights throughout these court proceedings, and declare again that I have a right to reply to issues raised by debtors/appellees, and to make corrections to my previous filings, or to restate any issues regarding my appeal.

Since the appellees are bringing up an objection to my appeal, and stated statutes of limitations for grounds for appellee's intent to file a motion for my appeal to be dismissed on the basis that it is untimely, I am replying to object to their intent to file a motion to dismiss. I am including additional reasons that my appeal be heard as follows:

1. I have stated several times in my docket filings that I reserve all of my rights. I have previously declared in my pleadings that man-made codes and statutes cannot be used to deny or diminish my inherent or substantive rights that I have been gifted by creation and guaranteed to be protected by the provisions of the Constitutions of the United States and of the State of California.

    a. There have been no objections by debtors/appellees to my rights being guaranteed and protected by the over-reaching statutes and codes that could infringe or deny my rights, which also includes any statutes that may infringe on my right to appeal to the District Court.

2. Orders made in this case are part of my Appeal. The order found in the records to be forwarded to the District Court found in **Docket 11386 entered on 10/7/2021 is my confusion that I was tricked into believing that I had no right to appeal.** In Section III of the order in Docket 11386, last line on page 7 of 8, it states that, "*Mr. Horton is advised again that there will be no hearing on October 19, 2021, or any other date.*" The order stated that I could never have a hearing on any other date. I was misled and tricked.

    a. However, after my mom and dad died I was able to research the rules, procedures, and other remedies afforded to me through the courts. I was again reassured that the courts are fair, and I do have a right to be heard regarding

my objections and motions that were denied to me in my pleadings in the Bankruptcy Court, and I do have a right to object to the orders filed upon my case in the Bankruptcy Court, and I do have a right to have controversies regarding the orders to be heard. I have a right through appeal to the District Court. I am exercising my right with my Interlocutory Appeal filed on October 14, 2022 with Docket 13084 since it is my understanding that an "Interlocutory Appeal" is an appeal of the orders against me while the PG&E Bankruptcy Case is still ongoing.

3. Equitable tolling of statutes of limitation should also be considered as an extraordinary circumstance to this objection to time barring statutes since there was an order entered by the use of an electronic stamp of Judge Montali that tricked me into believing that I had no right for a hearing at all, forever. I wrongly believed that my right to a hearing by an appeal was not even possible due to a court order.

As stated previously in this pleading, there are other issues and statements by appellees in their docket no. 13251 dated November 14, 2022 that are inaccurate, misleading, false or irrelevant that will also be answered in my initial briefing to the District Court on appeal.

Dated this 21st day of November 2022

_____
By: Ricky-Dean Horton, Appellant