Herbert L. Terreri (SBN 169815)
Law Offices of Herbert L. Terreri,
A Professional CORPORATION
235 Foss Creek Circle
Healdsburg, CA 95448
Telephone: (707) 431-1933
Facsimile: (707) 431-2769

Attorney for JUSTIN FIFE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In Re: | Case No.: 19-30088 (DM) |
|---|---|
| PG&E CORPORATION | Chapter 11 (Lead Case) (Jointly Administered) |
| And | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY JUSTIN FIFE, ET AL.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JUSTIN FIFE** |
| Debtors. | |
| ○ Affects PG&E Corporation | |
| ○ Affects Pacific Gas & Electric | Date: December 20, 2022 |
| ● Affects Both Debtors | Time: 10:00 a.m. |
| | Place: **To be Held Telephonically** United States Bankruptcy Court Courtroom 17 450 Golden Gate Avenue, 16th Floor San Francisco, CA |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Judge: Honorable Dennis Montali |
| | **Objection Deadline: December 13, 2022** |

Pursuant to Rule 9006(b) of the *Federal Rules of Bankruptcy Procedure*, Claimant, Justin Fife, individually, moves for an order expanding time to file Proof of Claim, and allow the Proof of Claim, submitted with this motion as Exhibit "A", to be filed and considered timely filed. This motion is based upon the points and authorities set forth herein and concurrently Filed Notice of

Motion to Allow/Deem Timely Late Filing of Proof Of Claim by Justin Fife, et al.

Case: 19-30088   Doc# 13285   Filed: 11/23/22   Entered: 11/23/22 15:00:35   Page 1 of 9

Motion, Declaration of Justin Fife, in addition to any evidence or oral argument presented at the time of hearing on this matter.

## I. SUMMARY OF ARGUMENT

Under the flexible standard for excusable neglect, the claim on behalf of Justin Fife and his family should be allowed. Despite suffering significant harm, Justin Fife was ignorant of the claims process, and when he learned he properly submitted the Claims Questionnaires, he did not understand that it required any filing in the bankruptcy proceeding. Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, no delay to the judicial administration of this case, and is made in good faith. To deny this claim would work a severe injustice to the Claimant, which must be considered. *Id.*

## II. PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 (the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019 ("extended bar date"). *See* Dkt. 4872.

## III. FACTUAL BACKGROUND

Justin Fife, his wife Kristen Fife, and his two minor children all suffered smoke inhalation damages and emotional distress as a result of the Sonoma Complex Fires. Justin Fife was unaware of the technicalities of the claim process until he had already filed a claim information

form and received partial payment.

The Sonoma Complex Fires, comprised of the Tubbs Fire, Atlas Fire, Nuns Fire, broke out on October 8, 2017 (Tubbs Fire), and quickly spread through Sonoma County due to high winds. The fires continued to burn for 23 days, not becoming 100% contained until October 31, 2017. As a result of the long-burning fires, Sonoma County was blanketed in smoke, causing extreme emotional distress and respiratory smoke inhalation and irritation. Mr. Fife, his wife Kristen, and minor children were all exposed to the smoke, suffered personal injury and sever emotional distress, which is ongoing. (See, Decl. Justin Fife.)

At the end of June, a friend told Mr. Fife about the Fire Victim Trust and, on July 1, 2022, Mr. Fife submitted a Claims Questionnaire to the Fire Victim Trust for himself, his wife, Kristin, and his two minor children, Rowan and Clara. On or about July 25, 2022, Mr. Fife received a Determination Notice from the Claims Processor for the Fire Victim Trust approving Mr. Fife's claims in the aggregate amount of $120,000.00 and proposing a settlement offer for the submitted Claims Questionnaire. Subsequently, on July 29, 2022, an ACH payment was made to and received by Justin Fife and his wife, Kristen Fife in the amount of $18,000.00 each. Mr. Fife was subsequently notified that he would need to file a claim in the bankruptcy court for the claims paid, and the claims approved but yet to be paid for his minor children.

## IV. ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. *Federal Rules of Bankruptcy Procedure*, rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.**

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it as within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 8911, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. The Trust is not even close to settling all of the claims. Allowing the late claim will not delay the proceedings.

The reason for the delay in filing a claim was that Justin Fife was unaware of the process due to ignorance. Excusable neglect will be found even where sophisticated attorneys miss a deadline. *ZILOG, Inc. v. Corning (In re ZILOG, Inc.* 450 F.3d 996, 11006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Justin Fife acted in good faith. His failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales & Mkg. LLC,* 2016 U.S. Dist. LEXIS 141533 (This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present.)

Finally, the likelihood of injustice is great if this claim is not permitted. Justin Fife is a victim of the Sonoma County Complex Fires whose primary avenue for compensation is through this bankruptcy. This is a factor which was properly considered by the Court in *Pincay, supra,* 389 F.3d at 859.

## V. CONCLUSION

For all of the above reasons, the motion should be granted and Justin Fife's claims should be allowed to be deemed timely.

DATED: November 23, 2022

Respectfully submitted.

The Law Offices of Herbert L. Terreri
A Professional Corporation

By: /s/ Herbert L. Terreri
Herbert L. Terreri
Attorney for Justin Fife

Motion to Allow/Deem Timely Late Filing of Proof Of Claim by Justin Fife, et al.  Page 5  Case# 19-30088 (DM)

Case: 19-30088    Doc# 13285    Filed: 11/23/22    Entered: 11/23/22 15:00:35    Page 5 of 9

EXHIBIT A

Fill in this information to identify the case:

Debtor 1: PG&E Corporation

Debtor 2: PACIFIC GAS AND ELECTRIC COMPANY
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number: 19-30088 (DM)

Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Justin Fife
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Justin Fife
   Name
   1359 Milton Place
   Number   Street
   Rohnert Park      CA      94928
   City              State   ZIP Code

   Contact phone  707-529-1691
   Contact email  jfife12@yahoo.com

   Where should payments to the creditor be sent? (if different)
   Name _____
   Number   Street _____
   City     State    ZIP Code
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____
   Filed on ____/____/____
            MM  / DD  / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 120,000.00. **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Emotional Distress & Nuisance re: 2017 Sonoma Complex Fires

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____
Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/13/2022
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: Justin Fife
      First name   Middle name   Last name

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1359 Milton Place
         Number  Street
         Rohnert Park         CA    94928
         City                 State ZIP Code

Contact phone  707-529-1691       Email  jfife12@yahoo.com