**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND FOR RELATED RELIEF**<br><br>[Related to Docket No. 13122]<br><br>Date: November 30, 2022<br>Time: 11:00 a.m. (Pacific Time)<br>Place: **(Videoconference Only)**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this omnibus reply in further support of the Reorganized Debtors' *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief*, dated October 25, 2022 [Docket No. 13122] (the "**Motion**").[1]

## PRELIMINARY STATEMENT

After successfully settling more than a thousand individual Securities Claims under the procedures adopted by this Court, the Reorganized Debtors were provided an opportunity to negotiate, with the assistance of an experienced mediator, a global resolution of three directly related and significant matters: (i) a dispute with the Reorganized Debtors' D&O insurers, (ii) the FVT's claims against certain of the Debtors' former officers and directors, and (iii) securities claims brought both in a separate class action and as proofs of claim in the Chapter 11 Cases. These matters are related because the claims asserted by the FVT and by the securities claimants were both covered by the same limited pool of D&O insurance. As the Court is aware, the Reorganized Debtors successfully resolved two of these three matters, and the Court has approved the resolutions. The mediation of a potential class settlement of the securities claims remains ongoing.

While the potential class settlement was being mediated, the Reorganized Debtors temporarily paused efforts to settle individual claims for practical reasons. If the Reorganized Debtors had continued to simultaneously negotiate individual securities settlements and a global securities settlement on a class basis, the amount of a class settlement would have been a moving target: each individual settlement would necessarily have reduced the amount that was being negotiated as part of the class settlement. This would have hindered efficient class settlement discussions. In addition, the pause in the individual settlement process allowed the Reorganized

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors to devote the resources required to negotiate and finalize the two important related settlements referred to above and make headway in negotiating the third.

The Reorganized Debtors have resolved the objections of Kingfishers LP, Kingstown Partners II L.P., and Kingstown Partners Master Ltd. [Dkt. No. 13163] (the "**Kingstown Objection**") and the sixty-three other joinders to that objection [Dkt. Nos. 13166–13197; 13199–13207; and 13209–13230] (the "**RKS Joinders**," together with the Kingstown Objection, the "**RKS Claimants**").[2] The Reorganized Debtors have also been able to resolve the objection of the California State Teachers Retirement System ("**CalSTRS**") [Dkt. No. 13198].[3] Notably, only three law firms filed objections to the Motion that have not yet been consensually resolved and withdrawn.[4] Based on discussions with certain objectors, the Reorganized Debtors have agreed to shorten the requested extension of the Current Objection Deadline from 270 days to 180 days, to June 20, 2023,[5] without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof. The various Remaining Objections to the Motion generally raise the same primary arguments: (1) that the Reorganized Debtors should not have attempted to reach a class settlement with the provisional lead plaintiff in the securities litigation,[6] but instead should have continued to engage individually

---

[2] The Reorganized Debtors have consensually resolved the Kingstown Objection and the RKS Joinders based on an agreement to reduce the requested extension period from 270 days to 180 days and, inter alia, to pursue during the extension period the potential resolution of the RKS Claimants' claims.

[3] The Reorganized Debtors were also able to consensually resolve the objection of CalSTRS by providing CalSTRS's counsel with certain requested non-confidential information regarding the global settlement mediation and with the Reorganized Debtors and CalSTRS reserving certain rights with respect to matters not addressed by the Motion.

[4] The following objections remain pending: (i) the objection of Chevron Master Pension Trust and Chevron UK Pension Plan [Dkt. No. 13165]; (ii) the objection of State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund [Dkt. No. 13208] (the "**Oregon Objection**"); and (iii) the untimely objections and joinders filed by the same counsel for Lord, Abbett & Co. LLC, Dimensional Fund Advisors LP, and multiple Vanguard entities on November 10, 2022 ([Dkt. Nos. 13242-13244] (the "**Late Objections**") (collectively, the "**Remaining Objections**").

[5] 180 days after the Current Objection Deadline is Saturday, June 17, 2023. The next day that is not a Saturday, Sunday, or legal holiday, in accordance with Bankruptcy Rule 9006, is June 20, 2023.

[6] *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal.) (the "**Securities Litigation**").

with Securities Claimants; and (2) that the length of time sought by the Reorganized Debtors is too long and the Reorganized Debtors should be required during any extension to engage in the settlement process with individual Securities Claimants pursuant to the Securities Claims Procedures. The Late Objections also contend that the Reorganized Debtors have not provided sufficient information on the ongoing mediation and any potential class settlement. No objection was raised to an extension of the objection deadline for the General Claims.

The Reorganized Debtors believe that the temporary pause in the individual settlement process to focus on a global settlement of the three disputes (FVT claims, insurance disputes and securities claims) is supported by sound business judgment, as demonstrated by the successful resolution of two of the three significant disputes. Moreover, there is no contradiction, as asserted by the objectors, in the Reorganized Debtors seeking to minimize expenses and expedite a potential resolution and recovery to claimants by pursuing the possibility of a class settlement with the lead plaintiff in the Securities Litigation, the Public Employees Retirement Association of New Mexico ("**PERA**"). That action asserts the same or similar claims against the Debtors' former directors and officers and underwriters that are asserted against the Debtors in the Chapter 11 Cases. Additionally, those defendants themselves have indemnity claims against the Debtors in the Chapter 11 Cases. It is typical for defendants in a securities action to oppose class certification and then settle that action with a class certified solely for settlement purposes.

Moreover, a broad class settlement, if approved by this Court and the District Court, would provide for releases of the proofs of claims filed in the Chapter 11 Cases and, therefore, potentially fully resolve all Securities Claims filed in the Chapter 11 Cases. Importantly, any such settlement – even though approved by two courts – would not be imposed on any individual Securities Claimant. Each claimant would have the opportunity to assess the economics of the settlement and decide after full and complete notice (approved by the District Court) whether to opt out of the settlement and pursue individual claims. In short, no claimant's claims have been prejudiced by the class settlement negotiations nor would any claims be prejudiced by a class settlement.

The pause in pursuing individual settlements is temporary. The Reorganized Debtors agree that individual settlement offers should recommence. The Reorganized Debtors are therefore

committed to recommencing individual settlement offers pursuant to the Securities Claims Procedures in January 2023 and to making offers to a majority of the remaining Securities Claimants within the first four months of 2023 if no class settlement is reached during this time. This timeline directly addresses the concerns raised by the Remaining Objections.

Finally, with respect to the disclosure of confidential information regarding the ongoing mediation, the Reorganized Debtors have already disclosed significant information in its public filings and Rule 9019 motion before this Court concerning those discussions. However, the Reorganized Debtors take the federal mediation privilege seriously and have properly declined to provide privileged and confidential information concerning the global mediation.

For the foregoing reasons, the Court should grant the extension.

## ARGUMENT

### I. THE CURRENT OBJECTION DEADLINE SHOULD BE EXTENDED

The Reorganized Debtors have resolved more than 18,100 Claims with approximately $60.4 billion in asserted value, including over 3,000 Securities Claims with approximately $1.2 billion in asserted value.[7] Of the thousands of remaining Securities Claimants, only three law firms filed objections to the Motion that have not been consensually resolved and withdrawn.

Although the Reorganized Debtors already have resolved thousands of claims through the Securities Claims Procedures – chiefly through the omnibus objection and securities settlement processes – thousands of Securities Claims remain unresolved and the Reorganized Debtors require additional time to resolve them in an efficient and practical manner. Indeed, if the Court were not to extend the Current Objection Deadline of December 19, 2022, the Reorganized Debtors would have

---

[7] The Kingstown Objection (now withdrawn, but joined by other objectors) asserts, without any basis whatsoever, that the Reorganized Debtors only made settlement offers to unrepresented parties. Pursuant to the Securities Claims Procedures, the "settlement and mediation process is confidential and the Reorganized Debtors, Mediator, and the Subordinated Securities Claimants . . . shall not disclose any offers or communications made in connection with any settlement offers or the mediation, as applicable, to anyone other than the aforementioned parties involved in the settlement or mediation process. . . . ." Securities Claims Procedures at 14:10-14. As a result, none of the objectors should have any insight into to whom settlement offers have been extended.

no choice but to file numerous prophylactic objections, triggering potentially thousands of contested matters and wasting the parties' and judicial time and resources.

Notably, the Remaining Objections generally contend that 270 days is too long of an extension and that the Reorganized Debtors should be required to use any extension to make settlement offers to the remaining Securities Claimants. *See* Oregon Objection at 5:11-13. The Reorganized Debtors have now agreed to reduce the requested extension from 270 days to 180 days and put in place a plan to recommence settlement efforts under the Securities Claims Procedures during that period.

If the Court grants the Motion, the Reorganized Debtors intend to implement the following process for the resolution of the remaining Securities Claims:

- In January 2023, the Reorganized Debtors would recommence making confidential settlement offers under the Securities Claims Procedures on a rolling basis to the remaining holders of timely filed Securities Claims for which the Reorganized Debtors have received the necessary trading information.
- As part of this process, in the first four months of 2023, the Reorganized Debtors would make offers to a majority of the remaining Securities Claimants, averaging about 750 offers per month.

There are a number of claimants who still have not provided all necessary information pursuant to the instructions in the proof of claim forms themselves as well as required by the Securities Claims Procedures. The Reorganized Debtors have continued to try to collect the necessary outstanding trade information from certain Securities Claimants even though there has been a pause in making individual offers and, during the proposed extension period, the Reorganized Debtors and their professionals will continue their extensive and diligent efforts to collect necessary trading information so the process can continue. In addition to the process outlined above, the Reorganized Debtors intend to continue to attempt to resolve claims through additional omnibus objections and reserve all rights to continue negotiating a potential class settlement.

## II. THE REORGANIZED DEBTORS EXERCISED SOUND BUSINESS JUDGMENT IN SEEKING A GLOBAL SETTLEMENT, AND THE MEDIATION DOES NOT PREJUDICE INDIVIDUAL SECURITIES CLAIMANTS

As stated above, the Reorganized Debtors determined that it was most efficient to engage in a global mediation process to settle three related and significant matters: a dispute with the Reorganized Debtors' D&O insurers, the FVT's claims against certain of the Debtors' former officers and directors, and the securities claims brought both in the Securities Litigation and as proofs of claim in the Chapter 11 Cases. As part of that global mediation, the Reorganized Debtors engaged in negotiations under the guidance of an experienced mediator, Robert Meyer of JAMS, which provided an opportunity to settle not only the Securities Litigation and potential indemnity claims against the Reorganized Debtors stemming from that litigation, but also Securities Claims filed in the Chapter 11 Cases. A successful mediation of the Securities Litigation would allow the Reorganized Debtors to resolve many thousands of Securities Claims at one time, at an enormous savings of both time and resources.

The pursuit of a global settlement presented practical issues if the Reorganized Debtors continued to pursue individual settlements at the same time. Chiefly, every individual settlement would decrease the size of the proposed class and, proportionately, the amount that the Reorganized Debtors would be prepared to pay to settle on a class basis. This would have created a constantly moving target for any class settlement negotiations. As such, the Reorganized Debtors paused the Securities Claims Procedures process on a temporary basis while pursuing the global negotiations.

The Reorganized Debtors have been as transparent as mediation confidentiality permits about the negotiations of a global settlement. As early as July 2022, the Reorganized Debtors disclosed certain of such discussions in their public filings. *See* PG&E Corporation and Pacific Gas and Electric Company, Quarterly Report at 90 (Form 10-Q) (July 28, 2022) ("Based on discussions with the plaintiffs in this matter . . . and even if PG&E Corporation were to enter into an agreement with representatives of the plaintiffs in this matter (which would also resolve proofs of claim by these plaintiffs in the bankruptcy) . . . ."). These public filings also disclosed that any proposed settlement with class plaintiffs would provide for approval by the Bankruptcy Court and District Court and would be subject to the ability of individual claimants to opt out. *Id.* ("[A]ny such agreement would be subject to, among other things, approval by the Bankruptcy Court and the District Court, and class

6

Case: 19-30088    Doc# 13292    Filed: 11/28/22    Entered: 11/28/22 20:15:07    Page 7 of 10

members would have the right to opt out of any such agreement."). These discussions (and the mediator) were also disclosed in the Rule 9019 motion to approve the first two prongs of the global settlement. *See* Docket No. 13015 at 11:4-10 (describing the global mediation process); and Docket No. 13017 at 4:20-22 (identifying Robert Meyer of JAMS as the global mediator).

The Remaining Objections attack the Reorganized Debtors' decision to engage in settlement negotiations with PERA after having previously opposed PERA's attempts to certify a class of Securities Claims in the Chapter 11 Cases. PERA, however, remains the provisional lead plaintiff appointed by the District Court in the Securities Litigation. As the Reorganized Debtors made clear in the D&O Insurance Settlement Motion, the global mediation concerns the broader Securities Litigation, including indemnity claims related to the Securities Litigation and not just the Securities Claims in the Chapter 11 Cases. *See* Docket No. 13015 at 1:16-21, 7:24-8:3. Moreover, even if the mediation were solely with respect to the Securities Claims (which it is not), it is well-established that defendants in the class action context often oppose a plaintiff's motion for class certification, and subsequently agree, solely for settlement purposes, to the certification of a settlement class. *See Burden v. SelectQuote Ins. Servs.*, 2013 WL 3988771, at *3 (N.D. Cal. Aug. 2, 2013) (approving class settlement and noting that the defendant "'vigorously' opposed Burden's (non-settlement) class certification motion, making settlement an appealing option"); *Dao v. 3M Co.*, 2009 WL 10674339, at *2 (C.D. Cal. June 29, 2009) (certifying a class for settlement purposes and noting that the defendant had previously successfully opposed class certification); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *6 (C.D. Cal. June 10, 2005) (approving settlement on a class basis and noting that the settlement was reached after defendants opposed class certification). In short, there is nothing inconsistent with, nor unusual about, the Reorganized Debtors previously opposing the Rule 7023 motions and later attempting to negotiate a class settlement. Indeed, there are important differences in the Bankruptcy Court approving a Rule 7023 class for all purposes, including the actual litigation of proofs of claim, and the certification of a settlement class solely for purposes of settlement. In the class settlement context, each claimant (or class member) has the ability to review the economics of the settlement after full disclosure approved by the District Court and determine if they want to opt

out of the settlement and pursue their claims individually. In that circumstance, there is no prejudice from the pursuit of a global securities class settlement to the claims of any Securities Claimants.

The Late Objections also contend that the Reorganized Debtors have not provided sufficient information about the global settlement mediation and demand that the Reorganized Debtors be required to disclose confidential mediation information. *See* Docket No. 13244 at 3:2-17. Courts within the Ninth Circuit, including this district, recognize that the mediation privilege protects against disclosure demands by third parties, even in connection with formal discovery. *See Belden v. Cnty. of San Bernardino*, 2020 WL 3129208, at *5 (C.D. Cal. June 12, 2020) ("Courts in the Ninth Circuit have adopted a federal mediation privilege under Federal Rule of Evidence 501 applicable to all communications made in conjunction with a formal mediation.") (internal quotation marks omitted); *Microsoft Corp. v. Suncrest Enter.*, 2006 WL 929257, at *2 (N.D. Cal. Jan. 6, 2006) ("[T]his court concludes that most of the deposition questions at issue seek information pertaining to the parties' conversations with the mediator and are, therefore, protected."). In addition, as this Court recognized in approving the Securities Claims Procedures, confidentiality is crucial to the settlement and negotiation process. *See* Securities Claims Procedures at 14:10-17 ("The settlement and mediation process is confidential . . . no person may rely on, seek discovery of, or introduce as evidence in connection with any judicial or other proceeding, any offer, counteroffer, discussions or negotiations between the parties, or any other aspect of the Securities ADR Procedures."). Moreover, the protections provided by the mediation privilege and this Court's orders have allowed the Reorganized Debtors and the other parties to the global settlement negotiations to engage, with the assistance of an experienced mediator, in good faith and without the risk that such communications will be disclosed. The Court should, therefore, overrule the Late Objections with respect to their inappropriate demands for the premature disclosure of protected mediation information.

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court grant the Motion, extend the Current Objection Deadline to June 20, 2023, without prejudice to the right

8

Case: 19-30088    Doc# 13292    Filed: 11/28/22    Entered: 11/28/22 20:15:07    Page 9 of 10

of the Reorganized Debtors to seek additional extensions thereof, overrule the Remaining Objections, and grant such other relief as the Court deems just and proper.

Dated: November 28, 2022         **WEIL, GOTSHAL & MANGES LLP**
                                        **KELLER BENVENUTTI KIM LLP**

                                      */s/ Richard W. Slack*
                                      Richard W. Slack
                                      *Attorneys for the Debtors and Reorganized Debtors*