Debra Grassgreen and Karl Knight
c/o Pachulski, Stang, Ziehl & Jones LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
E-mail: dgrassgreen@pszjlaw.com

Eric and Julie Carlson
Calistoga, CA

*Individual Fire Victims*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088<br><br>Chapter 11<br><br>Jointly Administered<br><br>**DECLARATION OF DEBRA GRASSGREEN IN SUPPORT OF RESPONSE OF INDIVIDUAL FIRE VICTIMS TO MOTION OF WILLIAM B. ABRAMS PURSUANT TO BANKRUPTCY RULE 5004 AND 28 U.S.C. SECTION 144 AND 455 AND BANKR. LOCAL RULE 3-14 FOR ENTRY OF AN ORDER AUTHORIZING THE RECUSAL OF THE HONORABLE DENNIS MONTALI**<br><br>[Relates to Docket Number 13260] |

I, Debra Grassgreen, declare as follows:

1. I am a restructuring attorney based in San Francisco. I have occasionally appeared before Judge Montali in matters unrelated to these bankruptcy cases. My records reflect that I have been involved in four cases (other than PG&E's current bankruptcy case) pending before Judge Montali (and one case where Judge Montali handled an isolated issue for Judge Blumenstiel) over the past ten years. During the past two decades, I have periodically participated on education panels, committees, and programs for professional organizations with Judge Montali.

2. My family and I were victims of the Atlas fire in 2017. We timely submitted claims in these bankruptcy cases and I have actively monitored the filings that impacted our family's claims. I reviewed the objection to confirmation of the PGE plan filed by certain business claimants based on, among other things, the lack of judicial review in the CRP. ECF No. 7072. We had similar concerns to those raised by the business claimants regarding objectionable provisions of the CRP. Inasmuch as the business claimants fully briefed the issues related to the lack of judicial review, we had not initially planned to file an objection on that basis; we thought it was unnecessary because the issues were already before the Court.

3. I listened to the hearing on May 15, 2022, on the business claimants' objections to the claims resolution procedures ("May 15th Hearing").

4. After hearing the Court's statements on the record at the May 15th Hearing, I concluded there was a chance that the Court would determine any parties not specifically objecting to the lack of judicial review would be deemed to have consented to that provision in the CRP. I discussed this with my husband and with our close friend, Eric Carlson. Eric had previously objected to the approval of the disclosure statement and had told me that he was also objecting to confirmation of the plan. After that conversation, although we felt the issues regarding lack of judicial review in the CRP had been fully briefed by the business claimants and they had advocated for judicial review for all fire victims, in light of the Court comments at the May 15th Hearing our family filed a statement preserving our objection to judicial review. We filed that statement after the conclusion of the May 15th Hearing.

5. Mr. Abrams states in his Motion that "[i]t is certainly reasonable to question how this one party that has a relationship with Judge Montali was able to ascertain this and file this notice of non-consent on the same day as the hearing." As explained above, I listened to the hearing carefully and the Court stated on the record that he felt he could rule this way. Mr. Abrams inference that we were provided some advance notice of this ruling as a result of some "relationship" with the Court is completely false.

6. Following the Court's May 26th ruling, I reached out to the Debtors and the Tort Claimants Committee to request copies of the revised plan documents that would implement the

Court's ruling and provide the right of judicial review in the CRP. Upon review of the initial draft of the CRP, I contacted counsel for the Trustee and the counsel for the TCC and expressed issues with the newly added provisions regarding judicial review. We provided comments to the draft CRP, some of which were accepted. However, we could not resolve all of our objections to the revised CRP. Accordingly, the matter was brought before the Court for resolution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of November, 2022.

By: */s/ Debra Grassgreen*
Debra Grassgreen