Gabriel Froymovich
17470 Healdsburg Ave
Healdsburg, CA 95448
Tel: 317-414-3421
froymovichg@sbcglobal.net

Pro Se, claims 7955 and 96978

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION | Chapter 11 |
| -and- | (Lead Case)(Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **RESPONSE TO THE REORGANIZED DEBTORS' ONE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)** |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE DEBTORS AND REORGANIZED DEBTORS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

Gabriel Froymovich ("**Claimant**"), holding claims 7955 and 96978 in the above-captioned Chapter 11 cases ("**Cases**"), hereby submits this response to the One Hundred Nineteenth Omnibus Objection ("**Objection**"), filed by Debtors and Reorganized Debtors ("**Debtor**"), specifically regarding claim 7955 ("**Claim**").

I. EXPLANATION OF AMOUNT OF MONETARY DAMAGES CLAIMED

The amount of the claim is a good faith estimate of damages to the properties at 17470 Healdsburg Ave and 17492 Healdsburg for which PG&E is yet to provide compensation, along with costs borne by Claimant due to PG&E's actions. These damages stem from direct structural damages and the destruction of personal property; reductions in the habitability of the home due to possible contamination of groundwater and ongoing risks from PG&E equipment, compounded by PG&E's failure to provide requested and agreed upon remedies; costs to Claimant stemming from efforts to prevent future harm from PG&E; PG&E's harassment of Claimant for efforts taken to mitigate future damage from PG&E; lost work time and mental suffering stemming from PG&E's actions; along with punitive damages stemming from PG&E's fraudulent efforts to avoid accountability for its actions.

II. RELIEF REQUESTED

Claimant requests that the Objection be denied, so long as it includes a request that the Claim be dismissed and/or expunged. Alternatively, Claimant requests that the deadline for the Objection be extended to allow Claimant and all claimants sufficient time to review the Objection and respond. Claimant also requests that, before ruling on this issue, the Court consider ordering Debtor and Claimant to hold a Settlement Conference. It is the Claimant's belief that, had Debtor at any point communicated to Claimant a desire to solve this dispute amicably, that such a solution would have been likely and, if it were not reached, surely the two parties could have narrowed the issues brought before the Court. In either case, all parties,

especially the Court, could have reduced their respective expenditures of time and financial resources on the resolution of this case. At this point, a Settlement Conference would still likely be of benefit to all concerned parties.

### III. ARGUMENT

#### A. Debtor Did Not Provide Sufficient Notice to Claimant

Notice of the Objection was sent, by post, close to the Thanksgiving holiday, a time when many of its recipients, including Claimant, would not be present to receive it, a fact of which Debtor would have been aware. Claimant did not receive, to the best of his knowledge, any other form of notice. Claimant only became aware of the Objection on November 28, 2022, upon returning from a Thanksgiving visit to Indiana and checking his mailbox. In order to meet this deadline, without ECF access, Claimant has filed this response without yet having been sent a copy of the full of Objection, including critical exhibits. Debtor is surely aware that Claimant would not have ECF access. Furthermore, as only two claimants are cited in this Objection, Debtor could have easily sent the whole Objection to claimants. Claimant has been unable to download or otherwise obtain a copy, despite having emailed the email address provided in the notice sent to him. Claimant should be provided a reasonable amount of time to familiarize himself with the Objection and provide a response.

In addition to leaving insufficient time for the Claimant to review and respond to the Objection, this does not meet the requirements provided by the Court in *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections,* entered on July 1, 2020 [Dkt No. 8228].

#### B. Debtor is Liable for Damages

The Claim is for damages for which Debtor is liable and, therefore, the Claim should not be disallowed or expunged. Claimant intends to prove in a future, evidentiary hearing, after a sufficient process of discovery, that Debtor is liable for damages. However, this is not necessary for Claimant to be awarded damages, unless Debtor raises objections with sufficient probative value to necessitate an evidentiary hearing.

In the portion of the Objection which has been sent to Claimant, no facts have been presented by the Debtor. Therefore, Debtor's assertion that the burden of proof falls on Claimant are

Case: 19-30088    Doc# 13297    Filed: 11/30/22    Entered: 11/30/22 10:04:45    Page 3 of 4

questionable. Even if the "ultimate burden of persuasion" is the Claimant's, Claimant must be provided an opportunity to meet this burden at an evidentiary hearing, after sufficient discovery is allowed. The use of the word 'ultimate' in *Holm*, along with common sense and the legal principles upon which any fair system is built, clearly indicates that a claim cannot be dismissed for lack of proof until opportunity has been given to provide that proof.

### IV. NOTICE

Notice of this response will be provided by email to (i) Debtor; and (ii) to the Court. Claimant respectfully submits that, per *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections,* entered on July 1, 2020 [Dkt No. 8228], no further notice is required. If Claimant has misinterpreted court rules, he requests in advance that he be given opportunity to cure his mistake. No previous request for the relief sought herein has been made by Claimant to this or any other Court.

WHEREFORE the claimant respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 30, 2022    By: /s/ Gabriel Froymovich

Gabriel Froymovich, *pro per*