# EXHIBIT D

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
Donald R Worrell Jr

DFEH No. 201912-08577013

Complainant,

vs.

Pacific Gas and Electric Company
77 Beale Street
San Francisco, California 94105

Dan Rizzo
,

Respondents

---

1. Respondent **Pacific Gas and Electric Company** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Donald R Worrell Jr**, resides in the City of  State of .

3. Complainant alleges that on or about **December 14, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over), sexual harassment- hostile environment.

**Complainant was discriminated against** because of complainant's age (40 and over), sexual harassment- hostile environment and as a result of the discrimination was terminated, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

-1-
*Complaint – DFEH No. 201912-08577013*

Date Filed: December 13, 2019
Date Amended: December 13, 2019

**Additional Complaint Details:** Mr. Worrell began his employment with Pacific Gas & Electric Company (PG&E) in 1987 as a Journeyman Lineman, worked his way through the ranks to a management position and ultimately became the supervisor of crews at the Higuera Service Center in San Luis Obispo. Mr. Worrell held that supervisor position for approximately 11 years until his abrupt termination on December 14, 2018. Additionally, Mr. Worrell was the On-Call Emergency Supervisor and Incident Commander during storm damage. Mr. Worrell was a diligent, respectful and devoted employee excelling in human relations with both his peers and upper management for the betterment of the company for 31-1/2 years. He cared greatly about the employees he supervised and worked with as well as the customers they served. He worked countless outages and was always willing to put in overtime to ensure customers had power as soon as possible.

In 2018, Mr. Worrell was falsely accused of making three inappropriate comments toward a female temporary employee. One of the alleged comments, Mr. Worrell adamantly denies. Mr. Worrell provided names of witnesses who would testify they have never heard Mr. Worrell use such words nor do not believe he would ever say such a thing. However, PG&E did not bother talking to these identified witnesses. The other two comments complained of were completely twisted and taken out of context so as to make it look like they were inappropriate when in fact they were nothing more than attempts to be courteous. Despite his lifetime commitment to the organization, PG&E terminated Mr. Worrell without so much as an in-person interview to allow him to defend himself, PG&E did not afford him an appropriate and adequate investigation but instead reached an obviously predetermined conclusion. In fact, Mr. Worrell was targeted and terminated for reasons that do not withstand legal scrutiny.

Upon review of this matter, it seems clear that PG&E has considerable liability based upon the potential age discrimination claims of Mr. Worrell. The overwhelming atmosphere created by his Superintendent, Dan Rizzo, was that they wanted young employees and that it was time for the older employees to go. Mr. Rizzo spoke openly to Mr. Worrell about wanting the older employees to retire. He regularly made comments to Mr. Worrell that the older employees who had been there a long time made too much money and that it wasn't right that Mr. Worrell made as much if not more money than he did. He chided Mr. Worrell for being too old to go out with the guys after work and for not wanting to "hang out" because he was old and wanting to go home to his family. Mr. Rizzo referred to Mr. Worrell as "old man," "dinosaur," and "caveman" on a regular basis. Mr. Worrell was also cognizant that Mr. Rizzo was targeting three other older workers specifically based upon their age and that he had succeeded in getting one to retire against his will. Mr. Rizzo's very vocal desire to be rid of the older workers within the department and the shoddy investigation (if it can even be called an investigation) make clear the pretextual nature of Mr. Worrell's termination.

-2-
Complaint – DFEH No. 201912-08577013

Date Filed: December 13, 2019
Date Amended: December 13, 2019

There was a clear agenda to get rid of Mr. Worrell based upon his age. The sequence of events leading up to Mr. Worrell's termination is further telling of the blatant desire to get rid of Mr. Worrell. Two comments he purportedly stated, which were both in fact innocent compliments, were taken completely out of context, and used against Mr. Worrell. A file clerk mentioned these comments made to her to Mr. Worrell's supervisors who in turn made complaints to HR. What ensued next is mind boggling. There was a sham investigation wherein critical witness were not interviewed, no credibility assessments are made, no face to face interview was ever done with Mr. Worrell, and a predetermined outcome was clearly reached.

Worse still, PG&E then proceeded to "Blackball" Mr. Worrell by preventing him from working with any company associated or contracted with PG&E. This, has severely limited his ability to find employment in the area effectively "blacklisting" him from the industry altogether. The Labor Code (§1050-1053) specifies the following acts as blacklisting: Preventing or attempting to prevent former employee from getting work through misrepresentation. Knowingly permitting or failing to take reasonable steps to prevent blacklisting. Given the questionable circumstances surrounding the termination of Mr. Worrell, the poor "investigation" in which the investigator clearly took comments out of context, did not interview critical identified witnesses, talked to Mr. Worrell over the telephone for approximately 20 minutes, and then reached an obviously predetermined conclusion, the fact that there was never any progressive counseling or prior performance issues, Mr. Worrell's excellent performance, the hostile atmosphere toward older workers, and Dan Rizzo's desire to be rid of the "old dinosaurs" and "cavemen," we believe that PG&E's conduct clearly violates Mr. Worrell's rights.

-3-
*Complaint – DFEH No. 201912-08577013*

Date Filed: December 13, 2019
Date Amended: December 13, 2019

VERIFICATION

I, **David S. Hamilton**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On December 13, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

San Luis Obispo, CA

-4-
*Complaint – DFEH No. 201912-08577013*

Date Filed: December 13, 2019
Date Amended: December 13, 2019

# PROOF OF SERVICE
## (CCP §101(a) and 2015.5)

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 and not a party to the within action; my business address is 755 Santa Rosa Street, Suite 300, San Luis Obispo, CA 93401.

On February 12, 2020, I served a copy of the "**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT**" on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL** - Following ordinary business practice, I placed said envelope(s) for collection and mailing at the office of Frederickson Hamilton, LLP, located at **755 Santa Rosa Street, Suite 300, San Luis Obispo, CA 93401**. I am readily familiar with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, at San Luis Obispo, California, in the ordinary course of business.

**BY OVERNIGHT DELIVERY** – I caused the envelope(s) to be delivered to an authorized courier or driver authorized by GOLDEN STATE OVERNIGHT to receive documents with delivery fees provided for.

**BY FACSIMILE** – I caused the above-described document(s) to be transmitted to the interested parties at facsimile number(s) indicated above and the transmission report(s) generate by the facsimile number **(805) 617-1827** indicated all pages were transmitted. A true and correct copy of the transmission report is attached hereto.

**BY ELECTRONIC MAIL** – I caused such documents described herein to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY PERSONAL SERVICE** – I caused such envelope(s) to be delivered by hand to the address(es) shown on the Service List.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on February 12, 2020, at San Luis Obispo, California.

_Keely Scott_
Keely Scott

PROOF OF SERVICE
1

Case: 19-30088    Doc# 13309-4    Filed: 12/02/22    Entered: 12/02/22 16:30:26    Page 6 of 7

# SERVICE LIST

Linda Y.H. Cheng  
Pacific Gas and Electric  
77 Beale Street, 24th Floor  
San Francisco, CA 94105

Agent for Service of Process for:  
Pacific Gas and Electric