1  KELLER BENVENUTTI KIM LLP
   Jane Kim (#298192)
2  (jkim@kbkllp.com)
   David A. Taylor (#247433)
3  (dtaylor@kbkllp.com)
   Thomas B. Rupp (#278041)
4  (trupp@kbkllp.com)
   650 California Street, Suite 1900
5  San Francisco, CA 94108
   Tel: 415 496 6723
6  Fax: 650 636 9251

7  *Attorneys for Debtors and Reorganized Debtors*

8             **UNITED STATES BANKRUPTCY COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
9                **SAN FRANCISCO DIVISION**

10

11                                          | Bankruptcy Case No. 19-30088 (DM)
12  **In re:**                              | Chapter 11
13  **PG&E CORPORATION,**                   | (Lead Case) (Jointly Administered)
14       **- and -**                        | **REORGANIZED DEBTORS' MOTION FOR**
15  **PACIFIC GAS AND ELECTRIC**            | **SUMMARY JUDGMENT ON PROOF OF**
    **COMPANY,**                            | **CLAIM NO. 108715 FILED BY DAVID P.**
16                                          | **ADDINGTON**
17                 **Debtors.**             | **[Related to Docket No. 12948]**
18  ☐ Affects PG&E Corporation             | **Response Deadline:**
    ☐ Affects Pacific Gas and Electric Company | **January 11, 2023, 4:00 p.m. (Pacific Time)**
19  ☒ Affects both Debtors
20                                          | **Hearing Information If Timely Response Made:**
    *All papers shall be filed in the Lead Case,* | Date:  January 25, 2023
21  *No. 19-30088 (DM).*                    | Time:  10:00 a.m. (Pacific Time)
22                                          | Place: (Tele/Videoconference Appearances Only)
                                            |        United States Bankruptcy Court
23                                          |        Courtroom 17, 16th Floor
24                                          |        San Francisco, CA 94102

25

26

27

28

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT .................................................................................... 1

II.   JURISDICTION ..................................................................................................... 2

III.  BACKGROUND ..................................................................................................... 2

      A.    Bankruptcy Background .................................................................................. 2

      B.    Undisputed Facts Regarding PG&E's 2016 Tower and Soil Work ....................... 3

      C.    Relevant Procedural Background ..................................................................... 4

IV.   ARGUMENT .......................................................................................................... 6

      A.    The Amended Proof of Claim Fails as a Matter of Law ..................................... 6

            1. Mr. Addington Released His Claim as It Relates to Allegations Regarding
            PG&E's Soil Work ....................................................................................... 7

            2. Allegations Regarding Mr. Addington's Desired Use of the Easement Area
            Are Not Actionable ...................................................................................... 7

            3. Mr. Addington Cannot Demonstrate Emotional Distress ............................. 8

      B.    The Documents Exchanged in Informal Discovery Do Not Alter the Conclusion
            That PG&E Has No Liability to Mr. Addington ................................................ 9

V.    RESERVATION OF RIGHTS ................................................................................. 10

VI.   THE DECEMBER 13, 2022 STATUS CONFERENCE SHOULD BE CONTINUED ........... 10

VII.  NOTICE .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Dolnikov v. Ekizian*, 222 Cal. App. 4th 419 (2013) .................................................................. 8

*Hughes v. Pair*, 46 Cal. 4th 1035 (2009) ..................................................................................... 9

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583 (1989) ...................... 8

**Statutes**

11 U.S.C. § 1107 ............................................................................................................................ 3

11 U.S.C. § 1108 ............................................................................................................................ 3

11 U.S.C. § 502 .............................................................................................................................. 3

28 U.S.C. § 1334 ............................................................................................................................ 3

28 U.S.C. § 1408 ............................................................................................................................ 3

28 U.S.C. § 1409 ............................................................................................................................ 3

28 U.S.C. § 157 .............................................................................................................................. 3

**Rules**

Fed. R. Bankr. P. 1015(b) ............................................................................................................. 3

Fed. R. Bankr. P. 3007 .................................................................................................................. 2

Fed. R. Bankr. P. 7056 .............................................................................................................. 6, 7

Fed. R. Bankr. P. 9014 .............................................................................................................. 6, 7

Fed. R. Civ. P. 56 .......................................................................................................................... 7

L.B.R. 5011-1(a) ............................................................................................................................ 2

**1**

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANT; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") file this motion for summary judgment (the "**Motion**") on Proof of Claim No. 108715 (the "**Amended Proof of Claim**") filed by David P. Addington ("**Mr. Addington**"). In connection with the filing of this Motion, the Reorganized Debtors respectfully submit that the status conference scheduled for December 13, 2022, on the Amended Proof of Claim should be continued until after briefing on the Motion has been concluded. In support of the Motion, the Reorganized Debtors submit the Declaration of Thomas B. Rupp, filed concurrently herewith, and further state the following:

## I. PRELIMINARY STATEMENT

This Court has already found that PG&E's recorded easement on Mr. Addington's property (the "**Easement**")—which grants PG&E, among other things, the right to erect and maintain two steel towers that support PG&E's electrical transmission equipment—is valid and was not terminated by Mr. Addington. This Court also found that, on November 4, 2016, Mr. Addington signed a release with respect to soil removal work that PG&E performed around those towers. As a result of those and other findings, the Court disallowed Mr. Addington's original proof of claim. However, the Court permitted Mr. Addington to amend his proof of claim "to state a claim for damages stemming from damage that occurred *after the date of payment following Mr. Addington's signed release of claims arising from Debtors' revised work agreement*." *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392], entered on May 16, 2022 (the "**May 16 Order**") (emphasis added).

Notwithstanding the Court's instructions, the Amended Proof of Claim focuses on alleged damages stemming from PG&E soil work done *prior to* Mr. Addington's release of claims; these are not actionable. It also complains that PG&E has relied on the Easement to "foreclose[]" Mr. Addington's landscaping efforts—but, as the Court has recognized, the Bankruptcy Court is not the

proper venue for disputes regarding Mr. Addington's use of his yard in light of the Easement.[1]  Finally, the Amended Proof of Claim alleges that "threats and unreasonable behaviors" by PG&E have caused Mr. Addington and his family "stress and emotional distress"—yet it fails to cite any such conduct by PG&E or explain how, even assuming it had occurred, that conduct could possibly meet California's high bar for emotional distress claims.

Moreover, the parties have now engaged in mutual informal discovery, and the documents produced by both parties do nothing to substantiate the threadbare Amended Proof of Claim.  There is no document produced by either party, and no fact otherwise alleged, to support the claim that PG&E caused actionable harm to Mr. Addington.  Accordingly, and at the Court's invitation,[2] the Reorganized Debtors move for summary judgement to disallow and expunge the Amended Proof of Claim.

## II.    JURISDICTION

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3007, 7056, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Bankruptcy Local Rules.

## III.    BACKGROUND

### A.    Bankruptcy Background

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession

---

[1] *See* Sept. 13 Hr'g Tr. at 15:13-25.

[2] *See* Sept. 13 Hr'g Tr. at 8:12-14 ("If you believe that the amended proof of claim doesn't state a claim, file a summary judgment.  Summary judgment is proper on a claim objection.").

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

By Order dated June 20, 2020 [Docket No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). [*See* Docket No. 8252].

**B.  Undisputed Facts Regarding PG&E's 2016 Tower and Soil Work[3]**

In 2016, at Mr. Addington's request, PG&E removed paint and re-coated the lattice steel towers on Mr. Addington's property. (J.S. ¶ 9.) As part of that work, PG&E determined that it was necessary to remove soil from the property. (J.S. ¶ 9.) PG&E and Mr. Addington entered into a Tower Maintenance Work Soil Restoration Agreement dated September 2, 2016 (the "**Restoration Agreement**"), which described certain work associated with the removal and replacement of soil from the area impacted by PG&E's tower coating project. (J.S. ¶ 9.) A copy of the Restoration Agreement is attached as Exhibit C to the Joint Statement. (J.S. ¶ 9, Ex. C.)

PG&E and Mr. Addington also entered into a Revised Tower Maintenance Work Acknowledgement dated September 2, 2016 (the "**Revised Work Acknowledgement**"), which provided that PG&E would (i) demolish and offhaul a play court and (ii) offhaul 170 cubic yards of soil from Mr. Addington's property. (J.S. ¶ 10.) A copy of the Revised Work Acknowledgement is attached as Exhibit D to the Joint Statement. (J.S. ¶ 10, Ex. D.)

The Revised Work Acknowledgement provided that PG&E would pay Mr. Addington $36,790 in consideration for the work done on the Mr. Addington's property. (J.S. ¶ 11, Ex. D.) This amount

---

[3] As the Court is aware, the parties previously agreed on a joint statement of undisputed facts in connection with Mr. Addington's original proof of claim, many of which facts are relevant to this Motion. The *Parties' Joint Statement of Undisputed Facts Regarding Reorganized Debtors' Seventy-Ninth Omnibus Objection to Claims – Claim of David Addington (Claim No. 3093)* [Docket No. 11736] (the "**Joint Statement**" or "**J.S.**"), which is incorporated herein by reference, also contains additional background regarding the Easement, the towers and equipment located thereon, and Mr. Addington's failed attempt to terminate the Easement.

was based on a bid that Mr. Addington had obtained from his own contractor, GJR Development. (J.S. ¶ 11.) PG&E subsequently paid Mr. Addington the $36,790 owing under the Revised Work Acknowledgement. (J.S. ¶ 11.)

After PG&E and its subcontractors had completed the tower re-coating and restoration work, a dispute arose based on Mr. Addington's contention that PG&E did not perform all the work it had agreed to perform. (J.S. ¶ 12.) To resolve this dispute, PG&E and Mr. Addington entered into a Tower Maintenance Work Acknowledgement Addendum dated November 4, 2016 (the "**Addendum**"). (J.S. ¶ 12, Ex. E.) A copy of the Addendum is attached as Exhibit E to the Joint Statement. (J.S. ¶ 12, Ex. E.)

Under this Addendum, PG&E agreed to pay Mr. Addington an additional $13,000 in consideration for Mr. Addington's agreement that PG&E had performed the work described in the Revised Work Acknowledgement. (J.S. ¶ 13, Ex. E.) The Addendum stated as follows:

> PG&E agrees to pay you $13,000.00 as additional consideration, bringing the total consideration under the Agreement [the Revised Work Acknowledgement] amount to $49,790.00. In exchange you agree that PG&E has completed the work described in the Agreement. ***Please provide your signature below to indicate your agreement that your acceptance of this revised total consideration amount will constitute a full and final release of PG&E from obligations arising under that Agreement***.

(J.S. ¶ 13, Ex. E.) (emphasis added). Mr. Addington countersigned the Addendum, and PG&E paid the additional $13,000 to Mr. Addington. (J.S. ¶ 14, Ex. E.) Mr. Addington executed an Acknowledgment of Payment on November 14, 2016 (the "**Acknowledgement of Payment**"), acknowledging receipt of $49,790 from PG&E. (J.S. ¶ 14, Ex. F.) A copy of the Acknowledgement of Payment is attached as Exhibit F to the Joint Statement. (J.S. ¶ 14, Ex. F.)

### C. Relevant Procedural Background

On May 16, 2022, the Court entered the *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392], which sustained the Reorganized Debtors' objection to and disallowed Mr. Addington's original proof of claim, No. 3093, finding that Mr. Addington had not terminated the Easement, as he claimed he had. That order, however, provided that "Mr. Addington may amend his Proof of Claim on or before July 11, 2022 to state a claim for damages stemming from damage that occurred ***after the date of payment following***

1   ***Mr. Addington's signed release of claims arising from Debtors' revised work agreement*.***"  May 16
2   Order at ¶ 2 (emphasis added).

3          Mr. Addington filed the Amended Proof of Claim on July 5, 2022.  It does not articulate a
4   specific cause of action.  Instead, it contains brief, vague, speculative allegations that fall into three
5   categories: (i) allegations relating to PG&E's soil work on Mr. Addington's property; (ii) an allegation
6   that "the Debtors have stated that no soil within a 13-foot radius of its towers' legs can be moved
7   without their agreement and approved engineering plan, effectively foreclosing landscaping by Mr.
8   Addington"; and (iii) an allegation that "[t]he Debtors' actions, threats and unreasonable behaviors
9   have caused Mr. Addington and his family significant stress and emotional distress."

10          On September 12, 2022, PG&E filed the *Reorganized Debtors' Objection to Amended Proof of*
11  *Claim No. 108715 Filed by David P. Addington* [Docket No. 12948] (the "**Objection**"), which, among
12  other things, noted that the Amended Proof of Claim did not state a cause of action under federal or
13  state law and argued that the Amended Proof of Claim must be dismissed to the extent that it seeks
14  damages that had previously been released.[4]

15          On September 13, 2022, the Court held a status conference.  In response to PG&E's point that
16  the Amended Proof of Claim articulates no theory of liability, the Court stated: "If you believe that the
17  amended proof of claim doesn't state a claim, file a summary judgment.  Summary judgment is proper
18  on a claim objection." Sept. 13 Hr'g Tr. at 8:12-14.  Regarding PG&E's argument that the Amended
19  Proof of Claim seeks damages that have previously been released, the Court agreed that "all we're
20  doing now is trying to see [if Mr. Addington has] made a case for any additional damages after that
21  settlement, which was what the underpinning of my ruling was." *Id.* at 9:12-14.  As to Mr.
22  Addington's right to any post-release damages, the Court directed the parties to undertake "informal
23  discovery" to provide mutual access to "information . . . relevant to resolving that dispute."  *See*
24  *generally id*. at 20:2-20.  The Court then continued the status conference to November 2, 2022; it was
25  subsequently further continued by agreement of the parties to November 15, 2022, and then
26  December 13, 2022.

27  ───────────────
28  [4] PG&E's arguments in the Objection, to the extent not repeated in this Motion, are incorporated herein
    by reference.

1    Pursuant to the Court's direction, the parties met and conferred regarding a scope for informal

2    discovery.  They agreed that PG&E would produce non-privileged communications—internal and

3    external—regarding Mr. Addington's landscaping, within the date range of November 4, 2016 (the

4    date of Mr. Addington's release) to June 1, 2017 (the date on which Mr. Addington purported to

5    terminate the Easement and after which PG&E heard nothing further from him about his landscaping

6    plans).  And they agreed that Mr. Addington would produce any reports, plans, proposals, or estimates

7    in his possession concerning the landscaping or renovation of his yard during the same period, as well

8    as any correspondence between Mr. Addington and any contractor, landscaper designer, or engineer

9    regarding his yard.

10    After searching the files of 22 of its employees for responsive documents, PG&E provided 544

11    documents to Mr. Addington on November 2, 2022, and an additional 55 documents on November 23,

12    2022.  Among these were internal PG&E communications, worksite images, daily logs, and

13    engineering reports from the relevant time period.  On November 2, 2022, Mr. Addington produced

14    seven documents to PG&E:  a record of his invalid easement termination, four attorney invoices, and

15    two pages of architect drawings.  *See* Rupp Decl., ¶¶ 5-8.

### IV.    ARGUMENT

17    The Reorganized Debtors seek summary judgment on the Amended Proof of Claim under

18    Bankruptcy Rule 7056, made applicable to contested matters by Bankruptcy Rule 9014.

### A.    The Amended Proof of Claim Fails as a Matter of Law

20    "The court shall grant summary judgment if the movant shows that there is no genuine dispute

21    as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56

22    (made applicable by Bankruptcy Rules 7056 and 9014).  As detailed below, Mr. Addington's

23    allegations regarding PG&E's soil work have been released; his complaint that PG&E has

24    "foreclose[ed]" his landscaping is irrelevant; and his bare assertion that PG&E has caused him and his

25    family "stress and emotional distress" raises no reasonable inference of liability.  Consequently, there

26    is no genuine issue of material fact, and the Amended Proof of Claim fails as a matter of law.

1        **1.**    **Mr. Addington Released His Claim as It Relates to Allegations Regarding PG&E's**

2            **Soil Work**

3          The majority of the Amended Proof of Claim focuses on PG&E's soil work on Mr.

4  Addington's property and alleged harms resulting therefrom:

5            The Debtors' actions at Mr. Addington's home . . . have resulted in a substantial portion
          of the yard being unusable and unfixable. As a result of the Debtors' actions, topsoil will

6            not hold onto the rock underneath unless the gradient is nearly level. The Debtors' work
          created steep grades over approximately 8,000 square feet of the backyard. Without

7            significant re-grading to eliminate the steep grades, traditional landscaping will not
          survive . . . . But for the Debtors' actions, Mr. Addington would still have had a

8            basketball court and previous landscaping. Because of the Debtors' actions, Mr.
          Addington, and his family, have been unable to use a portion of his property making day-

9            to-day enjoyment thereof impossible. Meanwhile, Mr. Addington's children have since
          2016 been deprived the use and enjoyment of the backyard.

10  As best as PG&E can determine, the PG&E "actions" referred to in this passage all pertain to work

11  PG&E completed pursuant to the September 2, 2016 Restoration Agreement and Revised Work

12  Acknowledgement—which took place ***prior to Mr. Addington's November 2016 release of claims***.

13  The Court has repeatedly stated that claims arising prior to the release are not actionable. *See* May 10

14  Hr'g Tr. at 32:25-33:4 ("[G]o back to the day you signed the release, and they paid you the last

15  installment of the money that they paid you, and on that date and time, and since then, is there

16  something that PG&E is responsible for that it has not compensated you for?"); May 16 Order

17  (permitting amendment of proof of claim "to state a claim for damages stemming from damage that

18  occurred after the date of payment following Mr. Addington's signed release of claims arising from

19  Debtors' revised work agreement"); Sept. 13 Hr'g Tr. at 9:12-14 ("[A]ll we're doing now is trying to

20  see [if Mr. Addington has] made a case for any additional damages after that settlement, which was

21  what the underpinning of my ruling was."). The Amended Proof of Claim's allegations of liability

22  arising prior to the date of Mr. Addington's release thus fail as a matter of law.

23        **2.**    **Allegations Regarding Mr. Addington's Desired Use of the Easement Area Are**

24            **Not Actionable**

25          The Amended Proof of Claim also alleges that "Debtors have stated that no soil within a 13-

26  foot radius of its towers' legs can be moved without their agreement and approved engineering plan,

27  effectively foreclosing landscaping by Mr. Addington." However, the Court has made clear that any

dispute regarding Mr. Addington's desired use of his property in light of the Easement is not a proper

subject of the Amended Proof of Claim:

> Mr. Addington may want to make some corrections on his property, and PG&E
> may have the right to insist that any such corrections be consistent with its needs,
> but that has nothing to do with this proof of claim.

Sept. 13 Hr'g Tr. at 14:23-15:1; *see also id.* at 15:13-21 (dispute over Addington's future landscaping

"has to do with the nature of the relationship between the two tenements"[5] and "has nothing to do with

proofs of claim"); *id.* at 15:22-25 ("So I think what I'm trying to avoid here is getting into a fight on a

contested matter of a claim objection with what Mr. Addington would like to do, even if it's at his

expense."); *id.* at 19:5-9 ("What Mr. Addington wants to happen on his property is not the same as

what Mr. Addington is entitled to as compensation for a damage claim that he is asserting against

PG&E. . . . I think they are two separate issues.").

Mr. Addington's allegations regarding what he might do with his property but for the Easement

are irrelevant, and thus fail as a matter of law.

### 3. Mr. Addington Cannot Demonstrate Emotional Distress

Finally, the Amended Proof of Claim alleges that "[t]he Debtors' actions, threats and

unreasonable behaviors have caused Mr. Addington and his family significant stress and emotional

distress." A claim for intentional infliction of emotional distress[6] requires a showing of "extreme and

outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

probability of causing, emotional distress," resulting in "the plaintiff's suffering severe or extreme

---

[5] Of course, the Easement provides PG&E right to maintain the tower structures in a manner that is not unreasonably impeded by Mr. Addington's residual use of the Easement area. *Dolnikov v. Ekizian*, 222 Cal. App. 4th 419, 429-30 ("[T]he servient owner may use his property in any manner not inconsistent with the easement so long as it does not *unreasonably impede* the dominant tenant in his rights." (internal quotation marks omitted; italics in original)). Even if Mr. Addington's allegations about his desired use of the property could form the basis for an actionable claim—which, as discussed in this section, they cannot—Mr. Addington has not shown, or even alleged, any fact to support a claim that PG&E misused its Easement right.

[6] While the Amended Proof of Claim does not tie Mr. Addington's distress-related allegations to any particular cause of action, intentional infliction of emotional distress appears to be the closest fit. Damages for a related cause of action, negligent infliction of emotional distress, are only available in actions for negligence, which Mr. Addington has not alleged. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).

emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal quotation marks omitted). Conduct is "outrageous" only when it "exceed[s] all bounds of that usually tolerated in a civilized community." *Id*. at 1051 (internal quotation marks omitted). Emotional distress is "severe" only when it is "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Id*. (internal quotation marks omitted).

Mr. Addington has not pled facts that even approach this standard, nor could he. Indeed, he has never pointed to a single "threat" or "unreasonable behavior" by PG&E, much less one that falls outside "all bounds of that usually tolerated in a civilized community." *Id*. Nor, as discussed below, has he produced a single document to substantiate the claim. The emotional distress allegations, too, fail as a matter of law.

**B.** **The Documents Exchanged in Informal Discovery Do Not Alter the Conclusion That PG&E Has No Liability to Mr. Addington**

At the Court's direction, the parties have now exchanged documents in connection with this dispute. PG&E has produced non-privileged internal and external communications, worksite images, work logs, and engineering reports; Mr. Addington has produced an invalid easement termination, redacted attorney invoices, and two pages of architect drawings.[7] *See* Rupp Decl., ¶¶ 6-8. Collectively, these documents add nothing to Mr. Addington's claim. They contain no evidence of diminution in Mr. Addington's property value, no sign of unreasonable behavior by PG&E or resulting distress by Mr. Addington or his family members, and no indication that PG&E unreasonably deprived him of the use and enjoyment of his back yard. They include no record of the time Mr. Addington purports to have spent on this matter or explanation of how he could possibly be due reimbursement for it. They certainly provide no support for the notion that Mr. Addington's attorneys' fees are PG&E's responsibility. Instead, the documents simply underscore that PG&E's representatives were consistently cooperative and professional with Mr. Addington when completing necessary

---

[7] The parties' counsel have agreed to tentatively treat all documents produced as confidential pursuant to the protective order in place in these Chapter 11 Cases. *See* Dkt. Nos. 3405 and 8662. To the extent any produced document needs to be submitted as evidence in the resolution of the Amended Proof of Claim, PG&E will work in good faith with Mr. Addington to change its confidential status or agree to its filing under seal.

maintenance work on PG&E's electrical towers and addressing his ensuing concerns. They do nothing to alter—indeed, they reinforce—the conclusion that PG&E is entitled to judgment as a matter of law on the Amended Proof of Claim.

## V.  RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to the Amended Proof of Claim on any ground, and to amend, modify, or supplement this Motion to the extent the Motion is not granted. A separate notice and hearing will be scheduled for any such further objections or motions. Should the grounds for relief specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Amended Proof of Claim on any other grounds that the Reorganized Debtors may discover or deem appropriate. The Reorganized Debtors also reserve the right to assert any counterclaims or affirmative defenses (including, without limitation, mitigation of damages, waiver, equitable estoppel, unclean hands, election of remedies, and laches), whether in connection with this Motion or in an adversary proceeding or other litigation, which counterclaims and defenses are expressly reserved.

## VI.  THE DECEMBER 13, 2022 STATUS CONFERENCE SHOULD BE CONTINUED

Given that the parties' informal discovery is complete and the Reorganized Debtors have a pending motion for summary judgment, the Reorganized Debtors respectfully submit that the status conference scheduled for December 13, 2022, should be continued until after briefing on the Motion has been concluded.

## VII.  NOTICE

Notice of this Motion will be provided to (i) counsel for Mr. Addington, as identified in the Amended Proof of Claim; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of an order disallowing the Amended Proof of Claim in its entirety and such other and further relief as the Court may deem just and appropriate.

Dated:  December 6, 2022                          **KELLER BENVENUTTI KIM LLP**

By: _____/s/ Thomas B. Rupp_____
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*