| | |
|---|---|
| BROWN RUDNICK LLP<br>David J. Molton (SBN 262075)<br>(DMolton@brownrudnick.com)<br>Seven Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br><br>BROWN RUDNICK LLP<br>Joel S. Miliband (SBN 077438)<br>(JMiliband@brownrudnick.com)<br>2211 Michelson Drive, Seventh Floor<br>Irvine, California 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514<br><br>*Attorneys for the Fire Victim Trustee* | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION DEEMING PROOF OF CLAIM OF JUSTIN FIFE TIMELY FOR THE PURPOSE OF ADMINISTRATION BY THE FIRE VICTIM TRUST**<br><br>[Relates to Docket Numbers 13285 and 13286]<br><br>Resolving Motion Scheduled for Hearing December 20, 2022 at 10:00 a.m. PT |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust (the "**Trust**"), on the one hand, and Justin Fife ("**Movant**" and together with the Trustee, the "**Parties**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order deeming the proof of claim number 108522 filed by Movant on June 16, 2022 (the "**Proof of Claim**") timely for the purpose of administration by the Trust. The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

B. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806]. By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

C. By Order dated June 20, 2020 [Docket No. 8053] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

D. Pursuant to the Plan, the Trustee was appointed as the representative of each of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code was vested with the authority and power (subject to the Fire Victim Trust Agreement[1] and the Plan) to,

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Plan.

1

among other things: (i) administer, object to or settle Fire Victim Claims; (ii) make distributions to holders of Fire Victim Claims in accordance with the terms of the Plan and the Fire Victim Trust Agreement, and (iii) carry out the provisions of the Plan related to the Trust and the Fire Victim Claims. *See* Plan § 6.8(b).

E. Also pursuant to the Plan, all Fire Victim Claims were channeled to the Trust on the Effective Date and are subject to the Channeling Injunction, and any liabilities of the Debtors or the Reorganized Debtors, as applicable, for any Fire Victim Claims have been fully assumed by, and are the sole responsibility of, the Trust, and shall be satisfied solely from the assets of the Trust. *See* Plan §§ 4.7(a), 4.26(c), 6.7(a).

F. To be eligible for compensation from the Trust a holder of a Fire Victim Claim must have timely filed a proof of claim. *See* Dkt. No. 8057-1.

G. On June 16, 2022, Movant filed the Proof of Claim.

H. On July 1, 2022, Movant submitted a Claims Questionnaire to the Trust on behalf of himself, his wife and their two minor children.

I. On August 11, 2022 the Trust informed Movant that the Proof of Claim would need to be deemed timely filed by the Bankruptcy Court in order for his family's Fire Victim Claims to be eligible for compensation by the Trust.

J. On November 23, 2022, Movant filed the *Motion to Allow/Deem Timely Late Filing of Proof of Claim by Justin Fife, et al.; Memorandum of Points and Authorities in Support Thereof; Declaration of Justin Fife* [Docket No. 13285] (the "**Motion**").

K. The Parties desire to resolve their issues regarding the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Proof of Claim shall be deemed timely filed.

2. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors, or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in

interest of any right to object to the Proof of Claim on any grounds other than the untimely filing thereof.

3. Nothing herein is intended to, nor shall it be construed to be, a waiver by Movants of their rights to oppose any asserted challenge to the Proof of Claim.

4. Upon entry of an Order approving the Stipulation, the Motion shall be deemed withdrawn with prejudice and the Hearing vacated.

5. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

6. This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

| | |
|---|---|
| Dated: December 7, 2022 | Dated: December 7, 2022 |
| BROWN RUDNICK LLP | THE LAW OFFICES OF HERBERT L. TERRERI<br>A PROFESSIONAL CORPORATION |
| */s/ David J. Molton* | */s/ Herbert L. Terreri* |
| David J. Molton (SBN 262075) | Herbert L. Terreri (SBN 169815) |
| *Attorneys for Fire Victim Trustee* | *Attorney for Justin Fife* |

3