**Entered on Docket**
**December 08, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: December 8, 2022**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING MOTION TO RECUSE**

I. <u>INTRODUCTION</u>

On November 17, 2022, Mr. William B. Abrams filed his *Motion Pursuant to Bankruptcy Rule 5004 and 28 U.S.C. § 144 and 455 and Bankr. Local Rule 3-14 for Entry of an Order Authorizing the Recusal of the Honorable Dennis Montali* ("Motion") (Dkt. 13260). Mr. Abrams has located a few instances where a small

number of this judge's normal professional activities have crossed paths with the professional activities of a local bankruptcy practitioner, Ms. Debra Grassgreen, and her legal representations of clients and her own interests that have come before this court. Mr. Abrams has also located what he believes are instances where this judge's normal professional duties have crossed paths with Eric Carlson. With that history, the Motion focuses principally on decisions this court has made about an interest important to him - the limited availability to a small number of parties, including Ms. Grassgreen and Mr. Carlson, of judicial review of the disposition of fire victims' claims after the extensive non-judicial review of thousands of them that do not have that option.

Because the prior contacts provide no basis to recuse, and because none of the judicial decisions that have been identified is a basis to recuse, the court DENIES Mr. Abrams' motion.

II. <u>APPLICABLE LAW</u>

Mr. Abrams seeks recusal under 28 U.S.C. §§ 144 and 455.[1] Both statutes deal with when a judge must recuse himself due to personal bias. However, "Section 144 applies only to district

---

[1] Mr. Abrams has not stated whether his own claim has been determined through the Fire Victim Claim Resolution Procedures discussed below. If it has been determined and he has accepted that determination, he has no standing to make a complaint about the lack of judicial review of fire victim claims. While Mr. Abrams purports to seek judicial review of all such claims and not just his own, he is not an ombudsman, an appointed representative, an attorney or any other sort of fiduciary with the ability to represent them. In the interest of dealing with the merits of Mr. Abrams' concerns, the court will give him the benefit of the doubt and assume he has standing.

-2-

court judges, and not to bankruptcy judges. Rather, bankruptcy court judges are subject to recusal only under 28 U.S.C. § 455." *In re Smith*, 317 F.3d 918, 932 (9th Cir. 2002), *cert. denied*, 538 U.S. 1032, 123 S.Ct. 2074, 155 L.Ed.2d 1060 (2003) (citations omitted). Federal Rule of Bankruptcy Procedure 5004(a) also specifies that disqualification of bankruptcy judges is governed by 28 U.S.C. § 455. Accordingly, while both statutes are functionally identical, this order addresses only 28 U.S.C. § 455 (hereinafter "section 455").

Section 455 reads, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

In the Ninth Circuit, "the test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Wilkerson,* 208 F.3d 794, 797 (9th Cir.2000) (*quoting United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir.1997). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  If judicial rulings alone are held up as a source of bias, "it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001).  Otherwise, such judicial errors "are proper grounds for appeal, not recusal." *Liteky v. U.S.* 510 U.S. at 555.

## III. BACKGROUND FACTS

### A. Mr. Abrams' Complaints of Extra-Judicial Contacts.

Judge Montali has never met Ms. Grassgreen's spouse or child, nor the spouse of Mr. Carlson.  His only contact with Mr. Carlson was in the course of a hearing on the issue of judicial review of fire victims' claims, described below.

Apart from judicial involvement through cases in which Ms. Grassgreen has appeared before Judge Montali (discussed below), Mr. Abrams has called out three instances where he believes Ms. Grassgreen's or Mr. Carlson's involvement with this judge provides a basis for recusal.

This first is an article from sixteen years ago that describes a very routine occurrence:  attendance at an event, this one hosted by the American Bankruptcy Institute ("ABI"), and involving numerous bankruptcy practitioners and judges.  Mr. Abrams provides no information or evidence that Ms. Grassgreen and Judge Montali had any communications or extra-judicial

-4-

involvement in connection with that public bar activity, or even that they knew the other was present.

Second, the Motion makes one reference to Mr. Carlson alleging a prior professional relationship due to Mr. Carlson's role as the Managing Director of the company that served as PG&E's financial advisor during PG&E's 2001 bankruptcy.

Mr. Abrams provides nothing to indicate that Mr. Carlson had any involvement through that engagement with Judge Montali. If it did, nothing has been shown why such involvement would be inappropriate, given Judge Montali must interact in the course of supervising any bankruptcy case, with the employed professionals of every corporate debtor.

Next, Mr. Abrams identifies a bar education program in 2012 where Ms. Grassgreen and Judge Montali (along with others) were to participate on a two-hour panel on individual Chapter 11 bankruptcy cases in connection with the annual National Conference of Bankruptcy Judges. What Mr. Abrams did not say (and perhaps did not know) was that Ms. Grassgreen had to withdraw from that program, so she did not appear on it with Judge Montali.

For the sake of completeness, the court notes that Judge Montali and Ms. Grassgreen are both Fellows of the American College of Bankruptcy. In 2013, 2015, and 2017, they both participated (along with numerous other Fellows) in projects at the University of Southern California School of Law involving dozens of law students who participated in a mediation competition. There was no personal contact beyond the routine conduct of the competition.

-5-

### B. Complaints About Judge Montali's Involvement in Judicial Proceedings.

The motion refers to a Bankruptcy Appellate Panel decision in a case in which Imperial Capital Bank is the appellee and Judge Montali was a member of the panel. There is nothing to indicate that Mr. Carlson, if he was connected with Imperial Capital Bank at that time, had any involvement in that decision or how an appellate matter concerning that bank is relevant to this recusal issue.

The following are cases assigned to Judge Montali in the past (other than PG&E Corporation and Pacific Gas and Electric Company) where the docket reflects involvement by Ms. Grassgreen:

      13-32281   Exigen (USA), Inc.
      15-31430   Rdio, Inc.
      16-30296   Blue Earth, Inc.
      16-30297   Blue Earth Tech, Inc.
      16-31309   APVO Corporation

Mr. Abrams cited all but the APVO Chapter 15 case, but in none did he mention or allege that Ms. Grassgreen had any communications or extra-judicial dealings with the judge nor did he complain about any decision or actions of the judge. His reference to other cases that involved Ms. Grassgreen and Mr. Carlson, with no involvement by Judge Montali, are totally irrelevant to the present recusal issue.

//
//

-6-

## IV. PROCEDURAL HISTORY IN PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY CASES RE ELIMINATION OF JUDIICAL REVIEW PER PLAN

On June 20, 2020, the court entered the Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 ("Confirmation Order") (Dkt. 8053). Section 18 of the Confirmation Order authorizes the creation and implementation of the Fire Victim Trust according to the Fire Victim Trust Documents (consisting of the Confirmation Order, the Plan, the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures). Section 18(k), titled "Court Review of Claims," states:

> Notwithstanding anything to the contrary in the Plan, this Confirmation Order, or the Fire Victim Trust Documents, only the parties who timely submitted an objection to the Fire Victim Trust Documents as noted herein shall have the right to seek court review in accordance with Section IX of the Fire Victim Claims Resolution Procedures.

Ms. Grassgreen and Mr. Carlson are only two of the creditors who submitted and objection to the Fire Trust Documents. The parties who timely submitted an objection to the Fire Trust Documents, as noted in the Confirmation Order, were Adventist Health System/West and Feather River d/b/a Adventist Health Feather River, Paradise Unified School District, Northern Recycling and Waste Services, LLC/Northern Holdings, LLC, Napa County Recycling & Waste Services, LLC/Napa Recycling & Waste Services, LLC, Christian & Missionary Alliance Church of Paradise, d/b/a Paradise Alliance Church, Paradise Irrigation District, AT&T Corp. and all affiliates, and Comcast Cable

Case: 19-30088    Doc# 13326    Filed: 12/08/22    Entered: 12/08/22 16:20:29    Page 7 of 11

Communications, LLC and all affiliates [Docket Nos. 7072 and 7121], Butte County Mosquito and Vector Control District [Docket No. 7145], Eric and Julie Carlson [Docket Nos. 7207 and 7363], Karl Knight [Docket No. 7366][2], and Mary Kim Wallace [Docket No. 7367].

Section VIII of the Fire Victim Claims Resolution Procedures, titled "Dispute Resolution" is contained in the Plan Supplement (Dkt. 8057) (consisting of the PG&E Fire Victim Trust Agreement with all exhibits). The Dispute Resolution section sets forth the three-step process (Reconsideration, Appeal to a Neutral, and Trustee Determination) by which all other fire victim claimants who did not timely submit an objection to the Fire Victim Trust Documents may dispute a claim determination.[3]

V. <u>Mr. ABRAMS' SEVERAL MOTIONS AND SPECIFIC OBJECTIONS RE LACK OF JUDICIAL REVIEW; ALL FINAL</u>

Pages 10 through 25 of the Motion detail Mr. Abrams' previous motions filed throughout the course of these cases, both before and after the Confirmation Order was entered. Some portion of almost every motion filed post-confirmation has called into question the fairness of the judicial review procedure for the objecting claimants set forth in the

---

[2] The claim of Carl Knight includes Ms. Grassgreen and their minor child.

[3] On November 30, 2022, the date Mr. Abrams' listed on his Motion as the deadline for any responses to the Motion, Ms. Grassgreen and Mr. Carlson filed a joint Response (Dkt. 13296) with attached declarations signed under penalty of perjury. The Response and declarations describe each individual's independent tracking of the bankruptcy and timely objections to the proposed treatment of fire victim claims.

-8-

Confirmation Order and has requested that judicial review be expanded to more claimants. Mr. Abrams has not appealed the Confirmation Order or the rulings on any of his prior motions.

While Mr. Abrams' objection to the Debtors' Disclosure Statement (Dkt. 5700) was not addressed directly (the Debtors filed multiple amendments to the Disclosure Statement prior to the court's approval), all others were resolved on the merits of those motions. Those orders are final, on the merits, and not in and of themselves a basis for recusal.

VI. THERE IS NO BASIS FOR RECUSAL

At bottom, the Motion alleges personal bias in favor of Ms. Grassgreen and her family and Ms. Carlson and his spouse to such an extent that Judge Montali was biased against Mr. Abrams and all other fire victim claimants. The sole evidence for this bias, apart from rulings made in the PG&E case, is discussed above.

Canon 4(A)(1) of the Code of Conduct for United States Judges states that "A judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects."[4] The commentary to Canon 4 goes on to state that "[c]omplete separation of a judge from extrajudicial activities is neither possible nor wise," as judges are in "a unique position to

---

[4] Available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#e.

-9-

contribute to the law, the legal system, and the administration of justice."

As to the ABI event Judge Montali attended there is no assertion of any sort of communication with Ms. Grassgreen. Instead, Mr. Abrams presents his speculation that such communication occurred, and extended to case altering personal bias, to be a "reasonable" assumption. It is not. *See In re Pac. Thomas Corp.*, 2021 WL 4773000 (N.D. Cal. Oct. 13, 2021).

What is left proves only that Judge Montali presides over cases involving attorneys and other interested parties. No reasonable person can extend the concept of "personal bias" to every person who has appeared before a bankruptcy judge.

Finally, the rulings Mr. Abrams continues to question were decided on the merits of the motions, oppositions, and all other documents before the court. These decisions do not express the type of unequivocal antagonism from which any bias could be extrapolated. More importantly, there is no "deep-seated and unequivocable antagonism" toward Mr. Abrams for any matters he has presented to the court. Any perceived errors in those decisions would have been ripe for appeal during the appropriate appeal period, but are not in themselves cause for recusal months and years after the fact.

VII. CONCLUSION

For the reasons set forth above, the court HEREBY DENIES the Motion.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA 95409

William B. Abrams
2041 Stagecoach Rd.
Santa Rosa, CA 95404

-11-