Donald W. Ullrich, Jr. (Calif. State Bar No.118701)
Ullrich Law Firm
3100 Zinfandel Drive, Suite 265
Rancho Cordova, CA 95670-6391
Telephone: 1.916.942.9385
Facsimile No.: 1.916.942.9537
Cell Phone: 1.916.425.1061
E-mail: ullrichlawfirm@att.net

*Attorney for Claimant*
*Karyn Charmbury*

# UNITED STATES BANKRUPTCY COURT
## NOTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION, a California corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY, INC., a California corporation<br><br>Debtors. | **Bankruptcy Case No. 19-30088 (DM)**<br><br>**Chapter 11**<br><br>**(Lead Case) (Jointly Administered)**<br><br>**SUPPLEMENTAL DECLARATION OF CLAIMANT KARYN CHARMBURY'S COUNSEL IN SUPPORT OF OPPOSITION AND RESPONSE TO REORGANIZED DEBTORS' ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (CHARMBURY CLAIMS); with certificate of service attached**<br><br>Date: December 20, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>      (by tele/videoconference only)<br><br>**Related Dkt. Nos. 13268, 13269, and 13269-1** |

I, Donald W. Ullrich, Jr., declare:

My name is Donald W. Ullrich, Jr. I represent the claimant Karyn Charmbury. I am duly admitted to practice law in all of the courts of the State of California and I am also admitted to

practice law before the United States District Court, Northern District of California, including this court. If called upon to testify as to the matters set forth herein I would do so competently and with personal knowledge thereof.

Attached hereto are Exhibits AB through AF. Each exhibit is a true and correct copy of an original document.

EXHIBIT AB

E-mail from primeclerk.com sent to counsel on October 4, 2022, at 7:14 PM in response to counsel's email to primeclerk.com on October 4, 2021, at 8:38 PM. Primeclerk.com in a table in the email supposedly lists out the "history" of settlement amounts, settlement offers / responses, and counteroffers. On the second page of the exhibit counsel has attempted to copy and past the entire table as it is cut-off in the first page of the email. This "history" is not accurate. First, it does comport with the actual record of offers, counteroffers, and acceptances, which counsel has set forth in his declaration (see dkt. no. 13269 and 13269-1). In the first column of this table is set forth wording "Download File" in each of the seven rows. In the email these wordings constitute "hyperlinks." There are seven such hyperlinks. Attached seriatim hereto as Exhibits AB-1, AB-2, AB-3, AB-4, AB-5, AB-6 and AB-7 are the documents appearing when the hyperlinks are clicked on in the order they appear in the table. Observe the contents of AB-5 detailing a supposed counteroffer made by counsel in the amount $87,000.00. Counsel made no such counteroffer. In fact, this counteroffer was supposedly made by a Peter Sheridan. Counsel does not know a Peter Sheridan. Mr. Sheridan and the settlement offer response therein set forth have nothing at all to do with the Charmbury Claims.

EXHIBIT AC

Email from Stacy Campos to counsel sent October 7, 2021, at 7:00 PM. She states she will be out of town for the next week and a half. She states she will process the agreement once she receives it. Counsel did not hear back from Ms. Campos until she sent counsel an email on July

26, 2022 (see Exhibit AF). Moreover, counsel did not receive any proposed draft of a settlement agreement to review from her or anyone associated with the debtors or agents of the debtors, such as Prime Clerk, LLC. Furthermore, counsel presumed her reference to receiving it meant the settlement agreement, which counsel did not have. Apparently, this was a form agreement that counsel for PG&E possessed and would transmit to claimants for review before signing. See Exhibit X. Ms. Campos also stated that she deals with rejecting or accepting the claim or negotiating a settlement. She refers to the bankruptcy judge and then says it (the settlement, presumably) has to go through the bankruptcy process, which counsel takes to mean what in fact the Charmbury claims are going through now. Counsel was also perplexed about her statement that she deals with rejecting or accepting the claim. Counsel already accepted the claims on behalf of his client as noted in the record.

EXHIBIT AD

After Ms. Campos' email of October 7, 2021 (Exhibit AC) Counsel heard nothing from the debtors, debtors' agents, or counsel representing debtors until a telephone call from a Phil Simpkins on May 31, 2022, at 3:38 PM. Mr. Simpkins stated he represented PG&E. He informed counsel that his processor, Ms. Campos, had taken a leave of absence. Discussion was had of the accepted claims totaling $44,000.00, the position of the claimant, and his client's position that the accepted claims totaled only $22,000.00. Counsel stated that he would send Mr. Simkins a compilation of filings by the claimant to support claimant's position. Because of the inordinate amount of time that had passed since Ms. Campos' email, counsel also had to refresh his recollection of past events, which he did. He also discussed matters with his client. Why did counsel have to supply a record that debtors' counsel already supposedly had or should have had? Why was claimant having to identify supposed mistakes made by debtors' agents, Prime Clerk, LLC? Twice Prime Clerk, LLC, had responded to counsel's queries by representing to counsel that it was not permitted to dispense legal advice, or with words to such effect. And most

importantly, from claimant's position, why was not her acceptance of the four claims in the amount $11,000.00 each not being honored by debtors? Her claim was over a half a million dollars. Claimant was advised that this dispute would most likely have to be resolved by the bankruptcy court. Claimant did not believe that $22,000.00 was an adequate amount even in a bankruptcy setting.

Phil Simpkins sent an email to counsel on June 3, 2022, at 3:44 PM as a follow-up to his telephone conversation with counsel on May 31, 2022. Counsel did not respond to this email.

EXHIBIT AE

Email from Phil Simpkins to counsel sent June 10, 22, at 9:10 AM as a follow-up to his email to counsel as stated in Exhibit AE. Counsel did not respond to this email.

On June 10, 2022, counsel's vehicle was in an accident. On June 12 and 13, 2022, counsel had to respond to a family emergency involving his spouse's parents and the need to have an adult child of theirs vacate their residence. From June 15, 2022, to June 19, 2022, counsel was home ill. From June 22, 2022, through June 24, 2022, counsel traveled to southern California for business. No later than June 30, 2022, counsel had to respond to discovery in a litigation case in U. S. District Court in Arizona. On July 7, 2022, counsel had to file a civil rights complaint in U. S. District Court, Eastern District of California.

EXHIBIT AF

Email from Ms. Stacy Campos sent to counsel on July 26, 2022. Counsel has no recollection or record of receiving a call from Phil Simkins on May 18, 2022, as represented in this email. These settlement amounts are so low that no portion of the settlement in any reasonable manner or in good faith could be conceivably called emotional distress unless the compensatory and emotional distress damages were reduced proportionally in settlement. Ms. Campos offered no supporting documentation concerning the IRS' position in this regard. Moreover, counsel still had not been sent the form of the settlement agreement. Furthermore, Ms. Campos states, citing no

legal authority, that the claims accepted by the claimant can be rejected by debtors, in effect and substance, disavowing the actions of debtors' agent, Prime Clerk, LLC.  Counsel continued to be perplexed as to why debtors apparently didn't have access to the records of its agent, Prime Pay, LLC, as set forth in these various exhibits, records that claimant had.

Counsel did not respond to the email of Mr. Campos.

On August 3, 2022, counsel's landlord notified counsel of his intent to sell the house in which counsel operated his law office at the time.  In cash for keys offer, counsel agreed to vacate the premises no later than August 31, 2022.  Counsel did in fact vacate the premises by said date.  On September 1, 2022, counsel became infected with the Covid-19 virus and was sick for approximately two weeks.  Counsel did not get telephone and internet service to his new office until September 19, 2022.  Problems with the service were not corrected until September 29, 2022.  Counsel had an extended discovery deadline of October 7, 2022, to meet in a litigation case in Sacramento County Superior Court, which deadline counsel met.  Counsel doing his own business and personal taxes (having previously worked for the IRS and having a Master of Law degree in Business and Taxation) had a tax filing deadline of October 17, 2022, to meet, which he did.  On October 25, 2022, counsel had a hernia surgery, which took place as scheduled.  Counsel's first "post-op" examination and consultation took place on November 9, 2022, in which no complications were observed.  As of October 24, 2022, debtors filed their objection to the Charmbury claims to which claimant responded November 18, 2022.

Counsel attempted to reach a settlement agreement with debtors concerning the Charmbury claims.  Counsel left off at $30,000.00, counsel's settlement authority, after agreeing to split the difference between $44,000.00 (the four claims accepted per Prime Pay, LLC) and $22,000.00 (the two claims accepted per debtors).  The debtors offered a settlement amount of $13,500.00 for the Charmbury claims representing, according to debtors, the nuisance value of claimant's complaint against debtors for wrongful termination of employment contending the allegations of claimant

against the debtors were without merit.  Claimant rejected this offer on December 9, 2022, as being too low.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: __December 11__, 2022

                                               *Donald W. Ullrich, Jr.*
                                               DONALD W. ULLRICH, JR.
                                                  Attorney for Claimant

# CERTIFICATE OF SERVICE

My name is Donald W. Ullrich, Jr. My business address is 3100 Zinfandel Drive, Suite 265, City of Rancho Cordova, Sacramento County, California 95670-6391. I am over the age of 18 years and not a party to the within action.

On December 11, 2022, I served a true and correct copy of the attached document with exhibits via electronic email upon the following named individuals, their respective email addresses stated. After sending said emails, thereafter I received no electronic notification of a failed or undeliverable electronic transmission:

Jane Kim jkim@kbkllp.com

David A. Taylor dtaylor@kbkllp.com

Dara L. Silveira dsilveira@kbkllp.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: December 11, 2022

*Donald W. Ullrich, Jr.*
Donald W. Ullrich, Jr.