KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' OBJECTION TO AMENDED PROOF OF CLAIM NO. 108715 FILED BY DAVID P. ADDINGTON**<br><br>**[Related to Docket No. 12948]**<br><br>Date: December 13, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Zoom Videoconference Appearances Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the December 13, 2022, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation and Pacific Gas and Electric Company ("**PG&E**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of David P. Addington (Claim No. 108715) (the "**Addington Claim**") through the *Reorganized Debtors' Objection to Amended Proof of Claim No. 108715 Filed by David P. Addington* [Docket No. 10537] filed on September 12, 2022 (the "**Objection**").

## II. PREVIOUS STATUS CONFERENCE

The background to the Addington Claim is discussed in the Objection. A status conference was held on September 13, 2022, where counsel for Mr. Addington and the Reorganized Debtors agreed to undertake informal discovery of documents potentially relevant to the Addington Claim. That discovery is described in the *Reorganized Debtors' Motion for Summary Judgment on Proof of Claim No. 108715 Filed by David P. Addington*, filed on December 6, 2022 [Docket No. 13320] (the "**Motion for Summary Judgment**"). The Motion for Summary Judgment is currently set for hearing on January 25, 2022.

## III. MATTERS TO BE DISCUSSED AT THE DECEMBER 13, 2022 HEARING

Although the Motion for Summary Judgment included a request that the Hearing be taken off calendar, counsel for Mr. Addington subsequently advised counsel for the Reorganized Debtors that he has certain matters to discuss with the Court, and the parties have agreed that the Hearing should go forward to discuss the matters to be raised by Mr. Addington.

In addition to those issues, the Reorganized Debtors would like to advise the Court of some recent developments, in anticipation that they may be raised at tomorrow's Hearing.

On the morning of December 2, 2022, a PG&E tower crew arrived at Mr. Addington's property to perform certain necessary maintenance on the towers located on PG&E's easement on the property. Mr. Addington had approximately six weeks' notice of the date on which this work would be done and the type of work to be done. The long-planned work was expected to take a few hours, and the power line would need to be deenergized for the work to proceed. Mr. Addington denied access to

the crew, and, when a PG&E representative attempted to speak with him, told him to get off his property. PG&E called the Piedmont Police Department, and two officers arrived and spoke with Mr. Addington for some time. It was eventually determined that it would be in the interests of everyone's safety for the PG&E crew to not attempt to perform the work that day.

During this time, Mr. Addington asserted to the PG&E representative that PG&E did not have a valid easement for its towers on the property. The representative believes that Mr. Addington made this same representation to the police officers who spoke with him. This clearly contradicts the Court's findings set forth in the *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392], entered on May 16, 2022 (the "**May 16 Order**"), which determined that Mr. Addington's attempt to terminate the easement "was ineffective as a matter of law." As this Court is aware, the May 16 Order resolved nearly a year of litigation between Mr. Addington and the Reorganized Debtors regarding his initial claim, Proof of Claim No. 3093. Although the events of December 2 have no bearing on the amended Addington Claim or the Reorganized Debtors' pending Motion for Summary Judgment, Mr. Addington's assertions to PG&E representatives and law enforcement are in contravention of the fully-litigated order of the Court, and it may be necessary for the Reorganized Debtors to seek additional relief from the Court.

Dated: December 12, 2022

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for Debtors and Reorganized Debtors*