| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Dara L. Silveira (#274923)<br>(dsilveira@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STACY CAMPOS IN FURTHER SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (CHARMBURY CLAIMS)**<br><br>**[Related to Docket No. 13117]**<br><br>Date:  December 20, 2022<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

I, Stacy Campos, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am employed as a Managing Counsel, Employment, Labor and Workers' Compensation, in the Law Department of Pacific Gas and Electric Company (the "**Utility**"), a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp**.") and together with Utility, the "Reorganized Debtors" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). In my current role, I am responsible for supervising three employment and labor attorneys, and advising leaders on human resource and labor issues. I submit this Declaration in further support of the *Reorganized Debtors' One Hundred Eighteenth Omnibus Objection to Claims (Charmbury Claims)* [Docket No. 13117] (the "**Omnibus Objection**").[1]

2. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other personnel of the Reorganized Debtors working under and alongside me on this matter, my discussions with PG&E's professionals and various other advisors and counsel, and my review and my colleagues' review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. Attached hereto as **Exhibit A** is a true and correct copy of a series of emails sent by Phil Simpkins, who reports to me, to Donald W. Ullrich, Jr., counsel for Claimant. I am informed and believe that Mr. Simpkins did not receive a response to any of these emails. Mr. Simpkins sent the email as I was on medical leave due to cancer surgery and treatment from April 1, 2022 to July 18, 2022. As stated in my previous declaration, I also sent Mr. Ulrich an email on July 26, 2022 requesting he advise me of the allocation of the settlement amount between he and his client. I did not receive an out of office reply that he was unavailable to respond to email correspondence.

4. Because the settlement with Claimant included gross wages, PG&E was required by law to withhold for payroll-related taxes, and PG&E could not calculate the amount it would be required to

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

1  withhold unless and until it knew how the settlement would be allocated among wages, damages, and
2  attorneys' fees.  I was advised by the IRS during an audit of PG&E legal settlements approximately 10
3  years ago that if a plaintiff claimed lost wages in the prayer for relief in an employment lawsuit, that a
4  portion of the settlement amount designated to the plaintiff had to be allocated to wages, with appropriate
5  taxes taken out.  As a general rule, my practice is to required 20-30% of any settlement amount received
6  by the Plaintiff in a wrongful termination lawsuit be allocated towards wages.

7  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
8  correct to the best of my knowledge, information, and belief.  Executed this thirteenth day of December,
9  2022.

*Stacy Campos*
Stacy Campos