1    UNITED STATES BANKRUPTCY COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3              -oOo-

4  In Re:                        ) Case No. 19-30088
                                 ) Chapter 11
5  PG&E CORPORATION AND PACIFIC  )
   GAS AND ELECTRIC COMPANY      ) San Francisco, California
6                                ) Tuesday, December 13, 2022
        Reorganized Debtors.     ) 10:00 AM
7  _____ )
                                   REORGANIZED DEBTORS' SEVENTY-
8                                  NINTH OMNIBUS OBJECTION TO
                                   CLAIMS (BOOKS AND RECORDS
9                                  CLAIMS) FILED BY PG&E
                                   CORPORATION [10673]

10

11                                 FIRE VICTIM TRUSTEE'S
                                   OBJECTION TO CONSOLIDATED
12                                 MOTION TO ALLOW/DEEM TIMELY
                                   LATE FILING OF CLAIMANTS.
13                                 FILED BY CATHY YANNI [13254]
                                   (RELATED TO MOTION 13161)

14
                                   CONSOLIDATED MOTION TO
15                                 ALLOW/DEEM TIMELY LATE FILING
                                   OF CLAIMANTS FILED BY DARLA
16                                 O'CONNOR [13161]

17
                                   FIRE VICTIM TRUSTEE'S
18                                 OBJECTION TO MOTION TO
                                   ALLOW/DEEM TIMELY LATE FILING
19                                 OF PROOF OF CLAIM BY DAVIN
                                   AND DEBBIE ABRAHAMIAN. FILED
20                                 BY CATHY YANNI [13281]
                                   (RELATED TO MOTION 13249)
21

22                                 MOTION TO ALLOW/DEEM TIMELY
                                   LATE FILING OF PROOF OF CLAIM
23                                 BY DAVIN AND DEBBIE
                                   ABRAHAMIAN. FILED BY DAVIN
24                                 ABRAHAMIAN [13249]

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

```
1                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE DENNIS MONTALI
2                   UNITED STATES BANKRUPTCY JUDGE

3    APPEARANCES (All present by video or telephone):
     For the Reorganized          THOMAS B. RUPP, ESQ.
4    Debtors:                     Keller Benvenutti Kim LLP
                                  650 California Street
5                                 Suite 1900
                                  San Francisco,, CA 94108
6                                 (415)636-9015

7    For David P. Addington:      ARON M. OLINER, ESQ.
                                  Duane Morris LLP
8                                 1 Market Spear Tower
                                  #2200
9                                 San Francisco, CA 94105
                                  (415)957-3000
10
     For Fire Victim Trust:       SUSAN SIEGER-GRIMM, ESQ.
11                                Brown Rudnick LLP
                                  Seven Times Square
12                                New York, NY 10036
                                  (212)209-4800
13
     For Claimants Darla          CRAIG A. BURNETT, ESQ.
14   O'Connor, et al.:            Law Office of Craig A. Burnett
                                  3558 Round Barn Boulevard
15                                Suite 200
                                  Santa Rosa, CA 95403
16                                (707)523-3328

17   For Claimants Davin and      CASEY A. GEE, ESQ.
     Debbie Abrahamian :          TLO LAW, P.C.
18                                700 Airport Boulevard
                                  Suite 160
19                                Burlingame, CA 94010
                                  (650)513-6111
20
     Also Present:                David P. Addington
21                                Individual Claimant

22

23

24

25
```

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Court Recorder:                    LORENA PARADA/ANKEY THOMAS
                                   United States Bankruptcy Court
                                   450 Golden Gate Avenue
                                   San Francisco, CA 94102


Transcriber:                       CATHY L. KLEINBART
                                   eScribers, LLC
                                   7227 N. 16th Street
                                   Suite #207
                                   Phoenix, AZ 85020
                                   (973)406-2250

Proceedings recorded by electronic sound recording;
transcript provided by transcription service.

(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   SAN FRANCISCO, CALIFORNIA, TUESDAY, DECEMBER 13, 2022, 10:00 AM

2                           -oOo-

3       (Call to order of the Court.)

4           THE CLERK:  The Court is now in session, the Honorable

5   Dennis Montali presiding.  Calling the matter of PG&E

6   Corporation, and I'll bring in counsel now.

7           THE COURT:  Okay.  Mr. Oliner or Mr. Rupp, please

8   state your appearance.

9           MR. OLINER:  Good morning, Your Honor.  Aron Oliner,

10  Duane Morris, counsel to Mr. David Addington, who I had

11  expected to be in on this -- okay.  I got the nod from Ms.

12  Parada.

13          THE CLERK:  Would you like me to bring him in, Your

14  Honor?

15          THE COURT:  Well, he's not going to participate, is

16  he, Mr. Oliner?

17          MR. OLINER:  I don't know that he's going to

18  participate, but --

19          THE COURT:  Okay.  He can raise his hand if for some

20  reason he needs to come in.

21          Mr. Rupp, want to state your appearance?

22          MR. RUPP:  Good morning, Your Honor.  Thomas Rupp of

23  Keller Benvenutti Kim on behalf of the reorganized debtors.

24          THE COURT:  Okay.  Mr. Oliner, you requested to stay

25  on calendar since we have a motion pending next month.  What's

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    your pleasure?

2         MR. OLINER:  Thank you very much.  And thank you also

3    to Mr. Rupp for the opportunity today.  This is a status

4    conference that had been two or three times put over, maybe

5    once requested by me, once by Mr. Rupp.  My memory is a little

6    hazy, and I happened to finally catch COVID last week.  I

7    wanted to put a few things on the record today, Your Honor,

8    recognizing there's a pending motion.

9         One, since the last status conference, the last time

10   we appeared before Your Honor and indicated to the Court that

11   we would be voluntarily exchanging documents before formal

12   discovery, that has happened.  It's largely in progress.  Mr.

13   Rupp on behalf of PG&E has provided to Mr. Addington, I don't

14   know, maybe, 700 documents, and it's been represented to us

15   that that is the sum total of PG&E's documents as pertains to

16   the dispute and Mr. Addington's property.

17        Mr. Rupp, perhaps unsurprisingly, filed a motion for

18   summary judgment, I believe last week.  I haven't even read it.

19   And Mr. Rupp conveyed to me -- and I wanted to put it on the

20   record -- PG&E's willingness to extend briefing on that motion,

21   which is relevant for the following reason:  Your Honor, I am

22   going to be leaving this case.  Mr. Addington is going to take

23   over on his own behalf, and so in the interim, I just wanted to

24   get on the record that what has transpired to date and to

25   confirm what we already had in writing, which is PG&E's

PG&E Corporation and Pacific Gas and Electric Company

1    willingness to put over hearing on its motion for summary

2    judgment.

3           I believe, and were Mr. Addington to be added to this

4    call, he would say it, that based on the documents that were

5    produced by PG&E and new evidence, it is his intention to amend

6    his claim, but going forward, I will be out.  And while I

7    haven't filed anything in the case, I would ask Mr. Rupp to

8    serve papers and to deal exclusively with Mr. Addington in pro

9    se after today.

10          THE COURT:  Well, are you going to be filing a

11   substitution?  I mean, you have to move to withdraw if Mr.

12   Addington and you sign a substitution and --

13          MR. OLINER:  We'll -- sorry.  I interrupted you.

14          THE COURT:  Right?

15          MR. OLINER:  Yeah.  We'll file if necess -- I've only

16   appeared once in the case.  I don't -- I may have sound a

17   status conference or something.  I will file a substitution.

18   This is being done cooperatively.  There's no motion that's

19   going to be required.

20          THE COURT:  Okay.

21          MR. OLINER:  Mr. Addington is taking over of his own

22   choice.

23          THE COURT:  I don't mean to exclude Mr. Addington, but

24   there's no reason for him to speak.  You're going to replace --

25   I mean, he will replace you as he's entitled to, and there's a

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   motion on file, and his responsibility is to oppose that motion

2   timely or to negotiation with Mr. Rupp to extend the time, and

3   unless there's something I'm missing, there's no action item

4   today.

5        But Mr. Rupp, what's your response?  Anything?  Do you

6   have an opinion?

7        MR. RUPP:  Yes, Your Honor.  I just wanted to speak to

8   that.  I did speak with Mr. Oliner, and PG&E would be open to

9   putting over the motion within reason.  It has been a long road

10  we've traveled in this case with Mr. Addington's first claim

11  and then with his second claim.  And also, as to the informal

12  discovery that the (indiscernible) exchange that was pursuant

13  to a specific email agreement regarding what was to be produced

14  by the parties, and that's the record between Mr. Oliner and

15  myself.  And which I would also add, there's still outstanding

16  productions on Mr. Addington's part that are owed to PG&E.

17       And again, this is the first I'm hearing of now an

18  amended claim, and we have our motion for summary judgment on

19  file, and it's not at all clear to me what Mr. Addington could

20  amend his claim to now such that it would materially change

21  what our arguments are in our motion for summary judgment.

22       THE COURT:  Do you question -- I mean, you don't doubt

23  that he has a right to amend his claim, doesn't he?  Do you

24  agree?

25       MR. RUPP:  Your Honor, I doubted his right to amend

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   his claim back on May 10th when we had the hearing on the first

2   claim since we had litigated it all to the end and got an order

3   in our favor.  The Court allowed him to amend his claim.  So I

4   believe at some point, he's had many bites at the apple such

5   that he needs to pitch his claim and stand on it.

6       THE COURT:  Well, let me say this, this seems to me

7   that given the way this case has played out -- it's gone on and

8   on and on, and there have been hearings, and I'm sorry that Mr.

9   Oliner is not going to be around to help Mr. Addington, but

10  that's none of my business.  It seems to me that if Mr.

11  Addington wishes to amend his claim, he needs to either file

12  that amended claim and get your consent that it can be

13  considered, or he needs to file a motion to add or to amend his

14  claim.  And generally, there's a liberal idea and a liberal

15  attitude or a little willingness to let people amend claims,

16  but this has already been teed up and dealt with, and

17  specifically dealt with with the hearing and the prior ruling.

18      And so it seems to me, Mr. Addington, I'll just say

19  this to you, you need to get Mr. Rupp's consent to your filing

20  an amended claim, or you need to file a motion to amend the

21  claim and get on with that.  And so I'm just going to leave the

22  matter on the calendar for the late January date and leave it

23  at that, and if there's a stipulation to amend the claim or a

24  stipulation to defer the hearing on the summary judgment, I

25  certainly won't stand in the way.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1      So as far as I'm concerned, that's the end of it, and

2  your comment about that you've -- Mr. Rupp, you indicated

3  yesterday the difficulties with Mr. Addington at his home with

4  the police department.  There's not an action item for me to do

5  anything.  So I'm not going to act on that unless somebody asks

6  me to.

7      MR. RUPP:  Yes, Your Honor.  There's no action item

8  for you today.  I have only just become aware of it this last

9  week and have not completed an investigation, but it is cause

10  for concern with my client, and since it does relate to the

11  prior order entered by this Court, we may be seeking relief

12  here in the future.

13      THE COURT:  Okay.

14      MR. RUPP:  But again, nothing to do today.

15      THE COURT:  Mr. Addington, I'm again -- it's awkward.

16  Mr. Oliner is your counsel of record, and he should speak for

17  you, but given his representation, which I assume is consistent

18  with your desire, I will not be discourteous, and if there's

19  something that you want to say that is pertinent to what we've

20  discussed, raise your hand, and I'll bring you in.

21      Well, I don't see his hand up.  Ms. Parada, do you?

22      THE CLERK:  Yes.  He did raise his hand, and he's

23  joining now, Your Honor.

24      THE COURT:  Okay.  All right.  I see it.  All right.

25  Good morning, Mr. Addington.  Just turn on your mic and state

PG&E Corporation and Pacific Gas and Electric Company

1     your appearance, and again respond to my question if you wish.

2          MR. ADDINGTON:  David Addington, and I am a claimant

3     in the bankruptcy.

4          THE COURT:  I know that, Mr. Addington.  Just tell me

5     what you want to tell me about the matters that I just

6     discussed with these two counsel.

7          MR. ADDINGTON:  Judge, I only raised my hand because

8     you asked me to.  I am here.  I'm going to file an amended

9     claim, and that's -- and Mr. Oliner is -- I'm replacing Mr.

10     Oliner.

11          THE COURT:  Okay.  But send that amended claim to Mr.

12     Rupp and ask if he consents to it being filed.  Again,

13     generally, the parties are allowed to amend claims, but for

14     this case and the way it's played out, if he agrees that you

15     can amend it, then there's no issue.  If he disagrees and

16     thinks you shouldn't be permitted to amend it, you need to file

17     a motion to amend it.  And I'm just going to leave it at that.

18          MR. ADDINGTON:  Yes, Your Honor.  I understand.

19          THE COURT:  Okay.  All right.  Mr. Oliner, I hope you

20     feel well.  I'm sorry about your illness.  I hope you recover,

21     and I guess I won't be seeing you in this matter again.  So, so

22     be it.  I will conclude this matter, and we have other PG&E

23     matters on the docket which we'll take up next.

24          MR. OLINER:  Thank you kindly, Your Honor.

25          THE COURT:  All right.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1        MR. RUPP:  Thank you, Your Honor.  Happy holidays.

2        THE COURT:  Thank you.  Same to you.  Same to you, Mr.

3  Addington.

4        MR. ADDINGTON:  Thank you, sir.

5        THE COURT:  Okay.  Ms. Gee and Mr. Burnett, would you

6  state your appearances, please?

7        MS. GEE:  Good morning, Your Honor.  Casey Gee for

8  claimants Davin and Debbie Abrahamian.

9        THE COURT:  Mr. --

10       MR. BURNETT:  Good morning, Your Honor.  Craig Burnett

11  for the moving party, for the movants or the claimants, which

12  number nineteen.

13       THE COURT:  Nineteen of them, okay.

14       And Ms. Sieger-Grimm, do you want to state your

15  appearance, please?

16       MS. SIEGER-GRIMM:  Good morning, Your Honor.  This is

17  Susan Sieger-Grimm from Brown Rudnick, and I represent the

18  trustee.

19       THE COURT:  Mr. Burnett and Ms. Gee, have you agreed

20  to who's going to go first, and you have my instructions about

21  timing.  Who's going to go first?

22       MS. GEE:  Mr. Burnett can go first, Your Honor.

23       THE COURT:  Okay.  Mr. Burnett?

24       MR. BURNETT:  Thank you.  I guess the crux of the

25  motion really boils down to excusable neglect and lack of

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   prejudice.  Excusable neglect by the movants and any lack of

2   prejudice to the debtor.  Movants submit that there really is

3   no prejudice to the debtor and that the relevant inquiry is

4   prejudice to the debtor, not necessarily prejudice to the trust

5   which represents --

6       THE COURT:  Well, I mean, I think the argument about

7   prejudice to the debtor is kind of red herring.  There's no,

8   even your own position, your own papers seem to acknowledge

9   that there is an impact on the trust.  If I let your clients

10  in, that has a likely dilution, albeit slight, but a dilution

11  of all the other timely claims.  You don't deny that, do you?

12      MR. BURNETT:  Not at all, Your Honor, but we do submit

13  that the dilution is miniscule at best.  We're looking at what

14  I believe is about a five-billion-dollar amount in the trust.

15      THE COURT:  I understand.  But is miniscule a

16  standard?  And let's try a different question, Mr. Burnett,

17  what if the trustee had opposed every single late claim, and

18  every single late claim had been kicked out, would you even

19  have a -- what would your argument be today?  I mean, your

20  argument seems to be a bunch of other people got in late.  So

21  let us in late.  Why is that a rule that disputes -- is

22  appropriate?

23      MR. BURNETT:  Well, there was this sort of artificial

24  deadline imposed by the trust, and it seems to me that my

25  clients having no less valid claims getting kicked out versus

PG&E Corporation and Pacific Gas and Electric Company

1    some other late filed claims got in just because of that

2    deadline.

3            THE COURT:  That, in fact, the deadline -- remember,

4    what you call a deadline is a decision the trustee made to stop

5    with letting late claims in.  In other words, it was an

6    convenience.  I'll grant you that it had the effect of acting

7    like a deadline, but there was a deadline two and half years

8    ago for the fire victims, late in 2019.  And the trust chose to

9    allow a good number.  I won't -- don't deny that, but allow a

10   number of them in.  It wasn't as though the trustee makes the

11   rules.  The trustee said, I'm going to let these ones in, but

12   at some point, I'm not going to waive the time limits any

13   further.  I mean, that -- so that's not quite the same as sort

14   of the trustee taking it upon herself to make up rules that are

15   court rules.

16           So what do I do about that?  In other words, I mean,

17   where do we draw the line?  If I let you in for that reason, do

18   I -- what about the next wave that were filed tomorrow or the

19   next day?  Where do we draw the line?

20           MR. BURNETT:  Well, I think that's for the Court to

21   decide, but there's -- the line is fuzzy right now, and just

22   because the movants have no less valid claims than those who

23   had been let in, I think would prejudice them.  Costs exists.

24   They were impacted.  Their houses may not have burned down, but

25   they were forced to evacuate.  They did suffer damages, and

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    they weren't even aware that they had claims that were

2    actionable.

3            THE COURT:  No.  I understand.  I understand that

4    that's your position.  Okay.  Well, go ahead, but I gave you

5    time, and then I proceeded to take up some of your time.  So go

6    ahead, and say what you want to say.  I didn't mean to cut you

7    off.

8            MR. BURNETT:  Well, given the course broad equitable

9    power here, I think that the -- and you discussed the

10   prejudiced to the debtor, which I believe there's no prejudice

11   at all, the prejudice to the trust, which I believe is slight,

12   and the length of delay.  I don't know that that is necessarily

13   the fault of movants because of the lack of notice.  The

14   trustee argues that some --

15           THE COURT:  Wait.  I think you're confusing lack of

16   notice with lack of awareness.

17           MR. BURNETT:  They were not aware, and they were --

18           THE COURT:  Not aware is not the same as not lack of

19   notice.

20           MR. BURNETT:  Well, the notice that they got was

21   through other claimants was through social media.  It wasn't

22   from the trust, itself.

23           THE COURT:  Okay.  Okay.  Go ahead.

24           MR. BURNETT:  Well, and the other argument that the

25   trustee makes is the big upsurge, the big filing of these

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  motions on or around the deadline, and she should have

2  anticipated that.  I don't think that that alone should be a

3  reason to deny the trust -- or the movants' motion.

4          THE COURT:  But I guess what I --

5          MR. BURNETT:  I suppose that --

6          THE COURT:  Back to the point that I made a month

7  ago --

8          MR. BURNETT:  Too late for claimants --

9          THE COURT:  -- the trustee --

10          MR. BURNETT:  -- have filed claims that the --

11          THE COURT:  The trustee on her own decided that after

12  September 30th, I'm not going to waive late claims.  My

13  defense.  It's essentially, waive a statute of limitations.

14  And so if I'd said, okay.  Well, trustee, that's -- you should

15  have given them until October 15th.  Well, then what do I do

16  when people file on October 16th?  In other words, I -- Mr.

17  Burnett, you're only representing your nineteen clients, and I

18  compliment you for doing that.  But the dilemma that I have,

19  and perhaps that the trustee has, is there has to be some

20  closure, and I, of course, I don't want -- you're going to say,

21  well, close it next week, not last week.  But that's what I'm

22  struggling with.  Okay.  Go ahead.  Anything further?  Mr.

23  Burnett, anything further to make -- to add?

24          Is he freezing, Ms. Parada?

25          THE CLERK:  I believe so, Your Honor.

PG&E Corporation and Pacific Gas and Electric Company

1       THE COURT:  Ms. Gee, can you hear me?

2       MS. GEE:  I can hear you.  Yes, Your Honor.

3       THE COURT:  Okay.  So Mr. Burnett, we'll come back to

4  you.

5       Ms. Gee, why don't you go ahead and take your ten

6  minutes, and we'll let Mr. Burnett come back if he wants, needs

7  to.

8       MS. GEE:  Thank you, Your Honor.  For our claimant --

9  for my two claimants, I went into more detail in our reply

10  brief providing more detail as far as the medical reasons why

11  our claimants had a difficult time either knowing about or

12  getting notice of the claim bar dates.  As the reply goes into,

13  Mr. Abrahamian had medical issues from before the fire and

14  continues to have medical issues.  These have been complicated

15  by the fact that his medical providers in Paradise -- he had

16  three specialists that were taking care of him.  Two of them

17  left the area because of the fire.  He was left with one

18  remaining specialist who has conducted five medically necessary

19  procedures as well as one -- five medically necessary

20  outpatient procedures as well as at least one surgical

21  procedure.  And so between the medical care, the difficulty

22  finding additional providers, the complications due to COVID

23  with medical treatment, and then also returning to their house

24  and trying to remove all of the soot, ash, debris --

25       As I mentioned, there were over 150 trees, bushes that

PG&E Corporation and Pacific Gas and Electric Company

1   they had to remove from their property.  They did try to save

2   some, which are just now showing signs of dying, which is

3   another reason that they weren't aware of claims that they had

4   before the bar date because they were trying to mitigate some

5   of the damages, keep some of the tress on their property, but

6   unfortunately, it looks like those trees are going to have to

7   be taken away as well.

8          And with all of those issues in their life and trying

9   to rebuild everything, trying to put a well in their house, get

10  a generator to have power in their home, they were not able to

11  file a claim in time.  They did not know about the claim date.

12  They actually thought they had a much longer time to file a

13  claim and only in the last couple of months -- I believe in

14  September -- learned that they could file a claim in --

15          THE COURT:  When did they think they had -- what did

16  they think the deadline was?

17          MS. GEE:  They believed that they had eight years, and

18  I'm not sure where they got the eight years, but that's the --

19  they thought they had many more years than what the bar date

20  actually gave them.

21          THE COURT:  All right.

22          MS. GEE:  And then, just in terms of equity as

23  understandably the trust allowed certain late claims and wants

24  to cut it off at a certain point, one point I would make is

25  that the North Bay Fire has happened about a year before the

PG&E Corporation and Pacific Gas and Electric Company

1  Camp Fire, and so they had essentially a year less than a lot

2  of the North Bay claimants that were allowed to make late

3  claims as late as last year without as much scrutiny.  So I

4  would just like to point that out as well.  But unless you have

5  other questions, I would submit on that.

6          THE COURT:  No.  I have no other questions.  Thank

7  you.

8          MS. GEE:  Thank you.

9          THE COURT:  Okay.  Mr. Burnett, your screen froze

10  while we -- maybe you had more to say.  So we went ahead and

11  heard from Ms. Gee.  If you want to add anything further?

12          MR. BURNETT:  No.  Thank you.  No.  I think that I've

13  essentially made the argument.  I hope the Court has had a

14  chance to read our reply, although it was only filed over the

15  weekend, and we'll submit it on that basis.

16          THE COURT:  Okay.  Let's hear from the trustee.  I

17  have a question for the trustee that I didn't have until the

18  last time counsel appeared at the prior hearing which are the

19  matters that are submitted.  And that has to do with is whether

20  the recent increase in the stock changes the dynamics in terms

21  of whether there is a lesser likelihood -- or if I should say a

22  greater likelihood of a hundred percent payout?

23          I realize nobody can predict it, but the fact is it's

24  public record.  The stock has gone up.  So what does that do to

25  the whole question of the claims here, whether they're timely

PG&E Corporation and Pacific Gas and Electric Company

1    or late, it's the question?

2            MS. SIEGER-GRIMM:  Well, good morning, Your Honor.

3    First of all, the trust is not like an individual.  It's a much

4    more complicated process to dispose of stock especially given

5    the amount.  So there's no guarantee that we could even

6    capitalize on the recent increase.  In addition --

7            THE COURT:  But there's no -- but I understand that,

8    but there's no reason why that there isn't some consequence.  I

9    mean, what if the stock goes up to twenty dollars?  I know

10   there was at some point -- at some point, the dynamics changed

11   if the values are preserved, right?

12           MS. SIEGER-GRIMM:  Yes.  Let me give you a few

13   statistics that are from the Fire Victim Trust website that the

14   trustee would like to share with you.  That might clear things

15   up a bit.  As of yesterday, the trust had issued determination

16   notices on account of ninety percent of the claims

17   questionnaires that have been submitted to the trust.  The

18   trust has awarded in those determination notices 14.04 billion

19   dollars and has already paid out 5.63 billion dollars.

20           So given the amount that's in the trust and where we

21   are -- well, it would be a guess as to what would cause the

22   trust to pay everyone, including late claimants, in full, but

23   given the pace of the claims being filed, we're guessing.  I

24   mean, but right now, does it look like that there's a big

25   enough gain that we can capitalize on, like I said, it would be

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  a guess with that --

2  THE COURT:  Look, I understand it's a guess, and I'm

3  not naïve to think that tomorrow we're going to read in the

4  paper that the stock (indiscernible) because it could go down,

5  too, but it's a crazy world out there.  But my point is at some

6  point, it may be that the timely claims will be paid, and the

7  question is what if there's any even a minimal amount of money

8  left over?  My recollection is that the timely claims don't get

9  paid (audio interference) beyond their claim, right?  Am I

10  correct in remembering that correct?  Do you --

11  MS. SIEGER-GRIMM:  You're breaking up a little bit.

12  So I just want to make sure, the timely claims -- well, first

13  of all, there are already provisions in some of the settlements

14  that require if everyone is paid, for instance, the FEMA claim

15  gets paid.  If all claims are paid in full, then that claim,

16  which was settled pursuant to an agreement that the Court

17  approved, then those -- that claim would get paid.

18  THE COURT:  Okay.  Well, that answers the question,

19  then.  I didn't remember that.  Of course, I was here three

20  years ago nearly, and I presided over all of it, but I didn't

21  go back and refresh my memory.

22  I mean, the point I'm getting at is this is not a

23  garden-variety bankruptcy that might somehow have a surplus

24  that would allow late claims.  I mean, if there were a run=of-

25  the-mill, Chapter 7 case with a hundred cents on the dollar to

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   timely creditors, then the statute provides that late claims

2   get paid next.  That's not our situation.  Correct me I'm

3   wrong, there's nothing in the plan or the trust that deals with

4   late claims versus after timely claims.  The late claims are

5   either in or out, and there's no in between, correct?

6           MS. SIEGER-GRIMM:  That's correct, Your Honor.

7           THE COURT:  Okay.  Okay.

8           MS. SIEGER-GRIMM:  Just one other point, going to the

9   fact that the debtor being the party, under Section 6.8(b) in

10  paragraph 18(e)(3) of the confirmation order, the trustee

11  stepped in to the debtor's shoes with respect to and became the

12  representative of the debtors with respect to the Fire Victim

13  claim.  So the trustee is the debtor essentially with respect

14  to the Fire Victim claim.  So to the extent there's any

15  question about who is the party to be concerned about

16  prejudice, it is the trust.

17          THE COURT:  Well, I understand, but you've read the

18  briefs, and I've read the briefs, not just what Mr. Barnett or

19  Ms. Gee filed, but some of the other people that have filed.

20  They make almost the boilerplate argument that there's no

21  prejudice to the debtor because they look at the debtor as the

22  solvent utility that has shareholders who are protected, but

23  the trust is the entity, whether it's the trust through the

24  trustee or the trustee sort of in place of the debtor, the

25  prejudice whether it's miniscule, it's still prejudice, right?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    And so the timely claims that have been paid forty-five cents

2    on the dollar, hopefully, they'll be paid a lot more, but every

3    late claim that comes in is a theoretical dilution of the

4    recovery for the timely claims, am I right?

5            MS. SIEGER-GRIMM:  It's absolutely right, Your Honor.

6    A limited fund, and it can only go so far, and after we run out

7    of that money, that's yeah.  We're not a debtor that can add

8    more money to it.  There's no (indiscernible) to the plan --

9            THE COURT:  So okay.  But am I right also that if the

10   trustee had chosen to draw a line in the sand on the claim's

11   bar date, perhaps, I, the Court, would have had to deal with

12   the hundreds and hundreds and hundreds of late claims that I

13   dealt with, but I dealt with them in part because the trustee

14   didn't object, like a waiver of a statute of limitation?   But

15   now, your position is that you're invoking that statute, right?

16           MS. SIEGER-GRIMM:  Yes, Your Honor.  Honestly, the

17   trustee could cover any claim, and that was the hope, and it

18   seemed that everything was kind of tapering off as one would

19   expect.  There were only fifty-five late claims filed in 2020,

20   and then -- 2022 and 2021, and then this year, they kind of

21   picked up and took off in an unexpected way, and it -- in an

22   alarming way.  So that's when the first -- the former trustee

23   decided to stop stipulating, and that kind of slowed things for

24   a little bit, and then all of a sudden, they picked back up

25   again when people realized they were being admitted.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    So in the last week, alone, there have been more late

2    filed claims, (indiscernible) claim covered by those motions

3    than were filed in all of 2020 and 2021 combined.  So they're

4    not stopping, they're not slowing, and there is a growing

5    concern among the claimants that are in the trust that they are

6    losing the potential to have their claims paid.

7    THE COURT:  Well, I'm aware of at least one claimant

8    who did file something making that complaint, and you, perhaps,

9    have heard from others.  I mean, I'm not going to get into the

10   details of that one, but if that's one person who's saying,

11   wait.  While are you letting all these late claims in?  It's

12   affecting me.  That certainly a legitimate argument that can be

13   made as to any claimant.

14   I mean, it's not a question of -- and the last thing

15   in the world I want to do -- and I'm sure the trustee doesn't

16   want to do -- is pit fire victims against one another.  But the

17   fact is there are -- there's a reality to it, too, that it is

18   what it is, and there's nothing we can do about it, unless we

19   just don't have any rules on this issue.

20   So what do you say to Mr. Burnett's argument about,

21   well, you know, September 30th was arbitrary, so what do we do

22   with the next batch?

23   MS. SIEGER-GRIMM:  Well, I mean --

24   THE COURT:  Same thing.

25   MS. SIEGER-GRIMM:  -- it's arbitrary in the same way

PG&E Corporation and Pacific Gas and Electric Company

1  you could say the bar date, itself, was arbitrary.  The date

2  was decided.  With the trustee, she made the determination.

3  She put it in papers.  It became widely publicized on social

4  media, which is how a lot of people now filing claims are

5  saying they got any notice at all.  So people did have notice

6  that the trustee was going to change her position, and the

7  trust was going to be more strict.

8          And this is -- it wasn't a sudden thing.  This is

9  after a long process of being very lenient and trying to let in

10 as many as possible.  But the bottom line is --

11         THE COURT:  These two counsel represent people who are

12 Tubbs fire victims, 2017, and there's a commonality to their

13 clients and some of the ones that we heard two weeks ago, that

14 this isn't a question of people who lost there homes.  It's a

15 question -- leaving aside Ms. Gee's clients who have the tree

16 issues -- leaving -- it's the issue of people who didn't

17 realize that they could assert a claim for emotional distress.

18         Is there any information, any data, on how many claims

19 in the timely bundle of 70-whatever-thousand claims include

20 that kind of claim?  In other words, claims that are not based

21 upon fire, homes burning down, or property being destroyed, but

22 on the emotional distress concept?

23         MS. SIEGER-GRIMM:  Yes.  There were timely filed

24 claims.  I can give you -- file something with the numbers, if

25 you'd like, because I don't know them off the top of my head,

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   but there were emotional distress claims filed, and they were

2   filed by pro se claimants as well as represented claimants.  So

3   it wasn't just people who had counsel who --

4         THE COURT:  But maybe I didn't ask the question as

5   carefully as I should have.  If I asked you to find out -- put

6   in the record the number of claims that are similar to those

7   that are being asserted on behalf of Mr. Burnett's clients or

8   Ms. Gee's clients that don't involved homes burned or trucks

9   burned or property destroyed by fire, but really are limited to

10  the emotional distress, is there some indication as to the

11  numbers that fall into that category?

12        MS. SIEGER-GRIMM:  I can get you those numbers.  I

13  don't know them off the top of my head.

14        THE COURT:  But you can --

15        MS. SIEGER-GRIMM:  It does track every kind of claim

16  that's filed and who filed what, and so that number can be

17  obtained for you.

18        THE COURT:  Well, I'm going to make a decision for

19  these claimants on the basis of the current record.  I'm not

20  going to sort of turn it into something else.  I'm just asking,

21  and what I think you seem to be acknowledging that without

22  having specific numbers -- and I'm not going to make a finding

23  that there are claims that are in that category, emotional

24  distress alone, rather than emotional stress coupled with the

25  loss of injury, physical injury, or property damage to homes or

PG&E Corporation and Pacific Gas and Electric Company

1   other property.  I don't mean to say homes get a special

2   treatment.

3          Okay.  Let me make a --

4          MS. SIEGER-GRIMM:  I do know that there are claims

5   that are emotional distress only or similar, noneconomic

6   damages only because we've discussed it.

7          THE COURT:  Okay.

8          MS. SIEGER-GRIMM:  I do not know the number.

9          THE COURT:  I'm going to ask Mr. Burnett and Ms. Gee

10  if they want to add anything further.  I didn't in my

11  Docu/Text, I didn't anticipate kind of a rebuttal type, but

12  we've had a conversation, I raised a couple of questions, so

13  Mr. Burnett, do you want to add anything further?

14         MR. BURNETT:  No.  I think Your Honor that we've

15  covered it.  I would like to make sure that the Court is aware

16  of the reply that we filed and --

17         THE COURT:  Yes.  I'm aware of it.  I'm not going to

18  make a ruling in this hearing.  So I am aware of it.  I'm going

19  to look at it again.

20         Ms. Gee, do you want to add anything further?

21         MS. GEE:  The only thing I would add is just to

22  emphasize that my claimants, it's not just an emotional

23  distress claim.  It is the property damage to the land --

24         THE COURT:  No, you did.  You made that clear in your

25  comment.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    MS. GEE:  Yes.

2    THE COURT:  Let me say something to the two of you,

3    but I'm also addressing this to trustee's counsel, but others

4    who are following, two weeks ago I heard argument on similar

5    claims.  I made a decision a few days ago to withhold a ruling

6    on the prior motion until I heard today because with some

7    exceptions, the arguments are very similar.

8    I'm not going to just keep taking these matters under

9    advisement.  It's my job to make decisions, whether I make

10   the right one or the wrong one isn't the point.  I'm supposed

11   to make them, and I will.  And my expectation is, is to issue a

12   ruling soon that will deal with the group that you two counsel

13   are representing here today, but the counsel who made the

14   arguments two weeks ago, and I'm waiting -- I'm putting those

15   two bundles, if you will, of claimants into my decision

16   process.

17   Even though I know that coming down the road, whether

18   it's later this month or in January, there are going to be

19   more, but I'm not -- this is really heads-up to the trustee,

20   I'm not just going to keeping matters under submission.  I'm

21   going to make a ruling, and obviously, whatever my ruling is

22   will impact the persons, whichever side is adversely affected

23   by that ruling can seek whatever remedies.

24   But regardless of my ruling is, I then have to make it

25   again on the future, but that's -- I'm overstating my point

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    here.  Expect a ruling from me fairly soon with the claims that

2    you two counsel speak for, but also those who were on the call

3    a couple weeks ago.

4          So I'm going to stand -- the matter will stand

5    submitted.  I appreciate your time and effort, and I'm going to

6    conclude the hearing and wish you and your clients happy

7    holidays, and you'll be hearing from me, okay?

8          MS. SIEGER-GRIMM:  Thank you, Your Hoor.

9          MR. BURNETT:  Thank you, Your Honor.

10          THE COURT:  Thank you all for your time.

11       (Whereupon these proceedings were concluded at 10:37 AM)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

# C E R T I F I C A T I O N

I, Cathy L. Kleinbart, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

/s/ CATHY L. KLEINBART

eScribers

7227 N. 16th Street, Suite #207

Phoenix, AZ 85020

Date:  December 14, 2022

(973) 406-2250 | operations@escribers.net | www.escribers.net

**A**

**able** 17:10
**Abrahamian**
1:19,23,24
2:17 11:8
16:13
**absolutely** 22:5
**account** 19:16
**accurate** 29:4
**acknowledge**
12:8
**acknowledging**
25:21
**act** 9:5
**acting** 13:6
**action** 7:3 9:4,7
**actionable** 14:2
**add** 7:15 8:13
15:23 18:11
22:7 26:10,13
26:20,21
**added** 6:3
**Addington** 2:7
2:20 4:10 5:13
5:22 6:3,8,12
6:21,23 7:19
8:9,11,18 9:3
9:15,25 10:2,2
10:4,7,18 11:3
11:4
**Addington's**
5:16 7:10,16
**addition** 19:6
**additional** 16:22
**addressing** 27:3
**admitted** 22:25
**adversely** 27:22
**advisement** 27:9
**ago** 13:8 15:7
20:20 24:13
27:4,5,14 28:3
**agree** 7:24
**agreed** 11:19
**agreement** 7:13
20:16
**agrees** 10:14
**ahead** 14:4,6,23
15:22 16:5

18:10
**Airport** 2:18
**al** 2:14
**alarming** 22:22
**albeit** 12:10
**allow** 13:9,9
20:24
**ALLOW/DE...**
1:12,15,18,22
**allowed** 8:3
10:13 17:23
18:2
**amend** 6:5 7:20
7:23,25 8:3,11
8:13,15,20,23
10:13,15,16,17
**amended** 7:18
8:12,20 10:8
10:11
**amount** 12:14
19:5,20 20:7
**answers** 20:18
**anticipate** 26:11
**anticipated** 15:2
**appearance** 4:8
4:21 10:1
11:15
**appearances** 2:3
11:6
**appeared** 5:10
6:16 18:18
**apple** 8:4
**appreciate** 28:5
**appropriate**
12:22
**approved** 20:17
**arbitrary** 23:21
23:25 24:1
**area** 16:17
**argues** 14:14
**argument** 12:6
12:19,20 14:24
18:13 21:20
23:12,20 27:4
**arguments** 7:21
27:7,14
**Aron** 2:7 4:9
**artificial** 12:23

**ash** 16:24
**aside** 24:15
**asked** 10:8 25:5
**asking** 25:20
**asks** 9:5
**assert** 24:17
**asserted** 25:7
**assume** 9:17
**attitude** 8:15
**audio** 20:9
**Avenue** 3:18
**awarded** 19:18
**aware** 9:8 14:1
14:17,18 17:3
23:7 26:15,17
26:18
**awareness** 14:16
**awkward** 9:15
**AZ** 3:22 29:21

**B**

**B** 2:3
**back** 8:1 15:6
16:3,6 20:21
22:24
**bankruptcy** 1:1
2:2 3:18 10:3
20:23
**bar** 16:12 17:4
17:19 22:11
24:1
**Barn** 2:14
**Barnett** 21:18
**based** 6:4 24:20
**basis** 18:15
25:19
**batch** 23:22
**Bay** 17:25 18:2
**behalf** 4:23 5:13
5:23 25:7
**believe** 5:18 6:3
8:4 12:14
14:10,11 15:25
17:13
**believed** 17:17
**Benvenutti** 2:4
4:23
**best** 12:13

**beyond** 20:9
**big** 14:25,25
19:24
**billion** 19:18,19
**bit** 19:15 20:11
22:24
**bites** 8:4
**boilerplate**
21:20
**boils** 11:25
**BOOKS** 1:8
**bottom** 24:10
**Boulevard** 2:14
2:18
**breaking** 20:11
**brief** 16:10
**briefing** 5:20
**briefs** 21:18,18
**bring** 4:6,13
9:20
**broad** 14:8
**Brown** 2:11
11:17
**bunch** 12:20
**bundle** 24:19
**bundles** 27:15
**Burlingame**
2:19
**burned** 13:24
25:8,9
**Burnett** 2:13,14
11:5,10,10,19
11:22,23,24
12:12,16,23
13:20 14:8,17
14:20,24 15:5
15:8,10,17,23
16:3,6 18:9,12
26:9,13,14
28:9
**Burnett's** 23:20
25:7
**burning** 24:21
**bushes** 16:25
**business** 8:10

**C**

**C** 29:1,1

**CA** 2:5,9,15,19
3:19
**calendar** 4:25
8:22
**California** 1:2,5
2:4 4:1
**call** 4:3 6:4 13:4
28:2
**Calling** 4:5
**Camp** 18:1
**capitalize** 19:6
19:25
**care** 16:16,21
**carefully** 25:5
**case** 1:4 5:22 6:7
6:16 7:10 8:7
10:14 20:25
**Casey** 2:17 11:7
**catch** 5:6
**category** 25:11
25:23
**Cathy** 1:13,20
3:20 29:3,13
**cause** 9:9 19:21
**cents** 20:25 22:1
**certain** 17:23,24
**certainly** 8:25
23:12
**certify** 29:3
**chance** 18:14
**change** 7:20
24:6
**changed** 19:10
**changes** 18:20
**Chapter** 1:4
20:25
**choice** 6:22
**chose** 13:8
**chosen** 22:10
**claim** 1:19,22
6:6 7:10,11,18
7:20,23 8:1,2,3
8:5,11,12,14
8:20,21,23
10:9,11 12:17
12:18 16:12
17:11,11,13,14
20:9,14,15,17

21:13,14 22:3
22:17 23:2
24:17,20 25:15
26:23
**claim's** 22:10
**claimant** 2:21
10:2 16:8 23:7
23:13
**claimants** 1:12
1:15 2:13,17
11:8,11 14:21
15:8 16:9,11
18:2 19:22
23:5 25:2,2,19
26:22 27:15
**claims** 1:8,9
8:15 10:13
12:11,25 13:1
13:5,22 14:1
15:10,12 17:3
17:23 18:3,25
19:16,23 20:6
20:8,12,15,24
21:1,4,4,4 22:1
22:4,12,19
23:2,6,11 24:4
24:18,19,20,24
25:1,6,23 26:4
27:5 28:1
**clear** 7:19 19:14
26:24
**CLERK** 4:4,13
9:22 15:25
**client** 9:10
**clients** 12:9,25
15:17 24:13,15
25:7,8 28:6
**close** 15:21
**closure** 15:20
**combined** 23:3
**come** 4:20 16:3
16:6
**comes** 22:3
**coming** 27:17
**comment** 9:2
26:25
**commonality**
24:12

**COMPANY** 1:5
**complaint** 23:8
**completed** 9:9
**complicated**
16:14 19:4
**complications**
16:22
**compliment**
15:18
**concept** 24:22
**concern** 9:10
23:5
**concerned** 9:1
21:15
**conclude** 10:22
28:6
**concluded** 28:11
**conducted** 16:18
**conference** 5:4,9
6:17
**confirm** 5:25
**confirmation**
21:10
**confusing** 14:15
**consent** 8:12,19
**consents** 10:12
**consequence**
19:8
**considered** 8:13
**consistent** 9:17
**CONSOLIDA...**
1:11,14
**continues** 16:14
**convenience**
13:6
**conversation**
26:12
**conveyed** 5:19
**cooperatively**
6:18
**Corporation** 1:5
1:9 4:6
**correct** 20:10,10
21:2,5,6
**Costs** 13:23
**counsel** 4:6,10
9:16 10:6
18:18 24:11

25:3 27:3,12
27:13 28:2
**couple** 17:13
26:12 28:3
**coupled** 25:24
**course** 14:8
15:20 20:19
**court** 1:1 3:17
3:18 4:3,4,7,15
4:19,24 5:10
6:10,14,20,23
7:22 8:3,6 9:11
9:13,15,24
10:4,11,19,25
11:2,5,9,13,19
11:23 12:6,15
13:3,15,20
14:3,15,18,23
15:4,6,9,11
16:1,3 17:15
17:21 18:6,9
18:13,16 19:7
20:2,16,18
21:7,17 22:9
22:11 23:7,24
24:11 25:4,14
25:18 26:7,9
26:15,17,24
27:2 28:10
**cover** 22:17
**covered** 23:2
26:15
**COVID** 5:6
16:22
**Craig** 2:13,14
11:10
**crazy** 20:5
**creditors** 21:1
**crux** 11:24
**current** 25:19
**cut** 14:6 17:24

_____
**D**
**damage** 25:25
26:23
**damages** 13:25
17:5 26:6
**Darla** 1:15 2:13

**data** 24:18
**date** 5:24 8:22
17:4,11,19
22:11 24:1,1
29:25
**dates** 16:12
**David** 2:7,20
4:10 10:2
**Davin** 1:19,23
1:23 2:17 11:8
**day** 13:19
**days** 27:5
**deadline** 12:24
13:2,3,4,7,7
15:1 17:16
**deal** 6:8 22:11
27:12
**deals** 21:3
**dealt** 8:16,17
22:13,13
**Debbie** 1:19,23
2:17 11:8
**debris** 16:24
**debtor** 12:2,3,4
12:7 14:10
21:9,13,21,21
21:24 22:7
**debtor's** 21:11
**debtors** 1:6 2:4
4:23 21:12
**DEBTORS'** 1:7
**December** 1:6
4:1 29:25
**decide** 13:21
**decided** 15:11
22:23 24:2
**decision** 13:4
25:18 27:5,15
**decisions** 27:9
**defense** 15:13
**defer** 8:24
**delay** 14:12
**Dennis** 2:1 4:5
**deny** 12:11 13:9
15:3
**department** 9:4
**desire** 9:18
**destroyed** 24:21

25:9
**detail** 16:9,10
**details** 23:10
**determination**
19:15,18 24:2
**different** 12:16
**difficult** 16:11
**difficulties** 9:3
**difficulty** 16:21
**dilemma** 15:18
**dilution** 12:10
12:10,13 22:3
**disagrees** 10:15
**discourteous**
9:18
**discovery** 5:12
7:12
**discussed** 9:20
10:6 14:9 26:6
**dispose** 19:4
**dispute** 5:16
**disputes** 12:21
**distress** 24:17
24:22 25:1,10
25:24 26:5,23
**DISTRICT** 1:2
**docket** 10:23
**Docu/Text**
26:11
**documents** 5:11
5:14,15 6:4
**doing** 15:18
**dollar** 20:25
22:2
**dollars** 19:9,19
19:19
**doubt** 7:22
**doubted** 7:25
**draw** 13:17,19
22:10
**Duane** 2:7 4:10
**due** 16:22
**dying** 17:2
**dynamics** 18:20
19:10

_____
**E**
**E** 29:1

Case: 19-30088    Doc# 13357    Filed: 12/14/22    Entered: 12/14/22 11:27:36    Page 31
of 36

effect 13:6
effort 28:5
eight 17:17,18
either 8:11
    16:11 21:5
ELECTRIC 1:5
electronic 3:24
email 7:13
emotional 24:17
    24:22 25:1,10
    25:23,24 26:5
    26:22
emphasize
    26:22
entered 9:11
entitled 6:25
entity 21:23
equitable 14:8
equity 17:22
eScribers 3:21
    29:17
especially 19:4
ESQ 2:3,7,10,13
    2:17
essentially 15:13
    18:1,13 21:13
et 2:14
evacuate 13:25
evidence 6:5
exceptions 27:7
exchange 7:12
exchanging 5:11
exclude 6:23
exclusively 6:8
excusable 11:25
    12:1
exists 13:23
expect 22:19
    28:1
expectation
    27:11
expected 4:11
extend 5:20 7:2
extent 21:14

F

F 29:1
fact 13:3 16:15

18:23 21:9
    23:17
fairly 28:1
fall 25:11
far 9:1 16:10
    22:6
fault 14:13
favor 8:3
feel 10:20
FEMA 20:14
fifty-five 22:19
file 6:15,17 7:1
    7:19 8:11,13
    8:20 10:8,16
    15:16 17:11,12
    17:14 23:8
    24:24
filed 1:9,13,15
    1:19,23 5:17
    6:7 10:12 13:1
    13:18 15:10
    18:14 19:23
    21:19,19 22:19
    23:2,3 24:23
    25:1,2,16,16
    26:16
filing 1:12,15,18
    1:22 6:10 8:19
    14:25 24:4
finally 5:6
find 25:5
finding 16:22
    25:22
fire 1:11,17 2:10
    13:8 16:13,17
    17:25 18:1
    19:13 21:12,14
    23:16 24:12,21
    25:9
first 7:10,17 8:1
    11:20,21,22
    19:3 20:12
    22:22
five 16:18,19
five-billion-do...
    12:14
following 5:21
    27:4

forced 13:25
foregoing 29:3
formal 5:11
former 22:22
forty-five 22:1
forward 6:6
Francisco 1:5
    2:5,9 3:19 4:1
freezing 15:24
froze 18:9
full 19:22 20:15
fund 22:6
further 13:13
    15:22,23 18:11
    26:10,13,20
future 9:12
    27:25
fuzzy 13:21

G

gain 19:25
garden-variety
    20:23
GAS 1:5
Gate 3:18
Gee 2:17 11:5,7
    11:7,19,22
    16:1,2,5,8
    17:17,22 18:8
    18:11 21:19
    26:9,20,21
    27:1
Gee's 24:15 25:8
generally 8:14
    10:13
generator 17:10
getting 12:25
    16:12 20:22
give 19:12 24:24
given 8:7 9:17
    14:8 15:15
    19:4,20,23
go 11:20,21,22
    14:4,5,23
    15:22 16:5
    20:4,21 22:6
goes 16:12 19:9
going 4:15,17

5:22,22 6:6,10
    6:19,24 8:9,21
    9:5 10:8,17
    11:20,21 13:11
    13:12 15:12,20
    17:6 20:3 21:8
    23:9 24:6,7
    25:18,20,22
    26:9,17,18
    27:8,18,20,21
    28:4,5
Golden 3:18
good 4:9,22 9:25
    11:7,10,16
    13:9 19:2
grant 13:6
greater 18:22
group 27:12
growing 23:4
guarantee 19:5
guess 10:21
    11:24 15:4
    19:21 20:1,2
guessing 19:23

H

half 13:7
hand 4:19 9:20
    9:21,22 10:7
happened 5:6,12
    17:25
happy 11:1 28:6
hazy 5:6
head 24:25
    25:13
heads-up 27:19
hear 16:1,2
    18:16
heard 18:11
    23:9 24:13
    27:4,6
hearing 6:1 7:17
    8:1,17,24
    18:18 26:18
    28:6,7
hearings 8:8
help 8:9
herring 12:7

holidays 11:1
    28:7
home 9:3 17:10
homes 24:14,21
    25:8,25 26:1
Honestly 22:16
Honor 4:9,14,22
    5:7,10,21 7:7
    7:25 9:7,23
    10:18,24 11:1
    11:7,10,16,22
    12:12 15:25
    16:2,8 19:2
    21:6 22:5,16
    26:14 28:9
Honorable 2:1
    4:4
Hoor 28:8
hope 10:19,20
    18:13 22:17
hopefully 22:2
house 16:23
    17:9
houses 13:24
hundred 18:22
    20:25
hundreds 22:12
    22:12,12

I

idea 8:14
illness 10:20
impact 12:9
    27:22
impacted 13:24
imposed 12:24
include 24:19
including 19:22
increase 18:20
    19:6
indicated 5:10
    9:2
indication 25:10
indiscernible
    7:12 20:4 22:8
    23:2
individual 2:21
    19:3

Case: 19-30088    Doc# 13357    Filed: 12/14/22    Entered: 12/14/22 11:27:36    Page 32
of 36

informal 7:11
information 24:18
injury 25:25,25
inquiry 12:3
instance 20:14
instructions 11:20
intention 6:5
interference 20:9
interim 5:23
interrupted 6:13
investigation 9:9
invoking 22:15
involved 25:8
issue 10:15 23:19 24:16 27:11
issued 19:15
issues 16:13,14 17:8 24:16
item 7:3 9:4,7

**J**

January 8:22 27:18
job 27:9
joining 9:23
Judge 2:2 10:7
judgment 5:18 6:2 7:18,21 8:24

**K**

keep 17:5 27:8
keeping 27:20
Keller 2:4 4:23
kicked 12:18,25
Kim 2:4 4:23
kind 12:7 22:18 22:20,23 24:20 25:15 26:11
kindly 10:24
Kleinbart 3:20 29:3,13
know 4:17 5:14

10:4 14:12 17:11 19:9 23:21 24:25 25:13 26:4,8 27:17
knowing 16:11

**L**

L 3:20 29:3,13
lack 11:25 12:1 14:13,15,16,18
land 26:23
largely 5:12
late 1:12,15,18 1:22 8:22 12:17,18,20,21 13:1,5,8 15:8 15:12 17:23 18:2,3 19:1,22 20:24 21:1,4,4 22:3,12,19 23:1,11
Law 2:14,17
learned 17:14
leave 8:21,22 10:17
leaving 5:22 24:15,16
left 16:17,17 20:8
legitimate 23:12
length 14:12
lenient 24:9
lesser 18:21
let's 12:16 18:16
letting 13:5 23:11
liberal 8:14,14
life 17:8
likelihood 18:21 18:22
limitation 22:14
limitations 15:13
limited 22:6 25:9
limits 13:12
line 13:17,19,21

22:10 24:10
litigated 8:2
little 5:5 8:15 20:11 22:24
LLC 3:21
LLP 2:4,7,11
long 7:9 24:9
longer 17:12
look 19:24 20:2 21:21 26:19
looking 12:13
looks 17:6
LORENA 3:17
losing 23:6
loss 25:25
lost 24:14
lot 18:1 22:2 24:4

**M**

M 2:7
making 23:8
Market 2:8
materially 7:20
matter 4:5 8:22 10:21,22 28:4
matters 10:5,23 18:19 27:8,20
mean 6:11,23,25 7:22 12:6,19 13:13,16 14:6 19:9,24 20:22 20:24 23:9,14 23:23 26:1
media 14:21 24:4
medical 16:10 16:13,14,15,21 16:23
medically 16:18 16:19
memory 5:5 20:21
mentioned 16:25
mic 9:25
minimal 20:7
miniscule 12:13

12:15 21:25
minutes 16:6
missing 7:3
mitigate 17:4
money 20:7 22:7 22:8
Montali 2:1 4:5
month 4:25 15:6 27:18
months 17:13
morning 4:9,22 9:25 11:7,10 11:16 19:2
Morris 2:7 4:10
motion 1:12,13 1:14,18,20,22 4:25 5:8,17,20 6:1,18 7:1,1,9 7:18,21 8:13 8:20 10:17 11:25 15:3 27:6
motions 15:1 23:2
movants 11:11 12:1,2 13:22 14:13
movants' 15:3
move 6:11
moving 11:11

**N**

N 3:21 29:1,19
naïve 20:3
nearly 20:20
necess 6:15
necessarily 12:4 14:12
necessary 16:18 16:19
need 8:19,20 10:16
needs 4:20 8:5 8:11,13 16:6
neglect 11:25 12:1
negotiation 7:2
new 2:12 6:5

nineteen 11:12 11:13 15:17
ninety 19:16
NINTH 1:8
nod 4:11
noneconomic 26:5
North 17:25 18:2
NORTHERN 1:2
notice 14:13,16 14:19,20 16:12 24:5,5
notices 19:16,18
number 11:12 13:9,10 25:6 25:16 26:8
numbers 24:24 25:11,12,22
NY 2:12

**O**

O 29:1
O'Connor 1:16 2:14
object 22:14
OBJECTION 1:8,11,18
obtained 25:17
obviously 27:21
October 15:15 15:16
Office 2:14
okay 4:7,11,19 4:24 6:20 9:13 9:24 10:11,19 11:5,13,23 14:4,23,23 15:14,22 16:3 18:9,16 20:18 21:7,7 22:9 26:3,7 28:7
Oliner 2:7 4:7,9 4:9,16,17,24 5:2 6:13,15,21 7:8,14 8:9 9:16 10:9,10,19,24

Case: 19-30088    Doc# 13357    Filed: 12/14/22    Entered: 12/14/22 11:27:36    Page 33
of 36

**OMNIBUS** 1:8
**once** 5:5,5 6:16
**ones** 13:11 24:13
**oOo-** 1:3 4:2
**open** 7:8
**opinion** 7:6
**opportunity** 5:3
**oppose** 7:1
**opposed** 12:17
**order** 4:3 8:2
  9:11 21:10
**outpatient** 16:20
**outstanding**
  7:15
**overstating**
  27:25
**owed** 7:16

**P**

**P** 2:7,20
**P.C** 2:17
**pace** 19:23
**PACIFIC** 1:5
**paid** 19:19 20:6
  20:9,14,15,15
  20:17 21:2
  22:1,2 23:6
**paper** 20:4
**papers** 6:8 12:8
  24:3
**Parada** 4:12
  9:21 15:24
**PARADA/AN...**
  3:17
**Paradise** 16:15
**paragraph**
  21:10
**part** 7:16 22:13
**participate** 4:15
  4:18
**parties** 7:14
  10:13
**party** 11:11 21:9
  21:15
**pay** 19:22
**payout** 18:22
**pending** 4:25
  5:8

**people** 8:15
  12:20 15:16
  21:19 22:25
  24:4,5,11,14
  24:16 25:3
**percent** 18:22
  19:16
**permitted** 10:16
**person** 23:10
**persons** 27:22
**pertains** 5:15
**pertinent** 9:19
**PG&E** 1:5,9 4:5
  5:13 6:5 7:8,16
  10:22
**PG&E's** 5:15,20
  5:25
**Phoenix** 3:22
  29:21
**physical** 25:25
**picked** 22:21,24
**pit** 23:16
**pitch** 8:5
**place** 21:24
**plan** 21:3 22:8
**played** 8:7 10:14
**please** 4:7 11:6
  11:15
**pleasure** 5:1
**point** 8:4 13:12
  15:6 17:24,24
  18:4 19:10,10
  20:5,6,22 21:8
  27:10,25
**police** 9:4
**position** 12:8
  14:4 22:15
  24:6
**possible** 24:10
**potential** 23:6
**power** 14:9
  17:10
**predict** 18:23
**prejudice** 12:1,2
  12:3,4,4,7
  13:23 14:10,11
  21:16,21,25,25
**prejudiced**

14:10
**present** 2:3,20
**preserved** 19:11
**presided** 20:20
**presiding** 4:5
**prior** 8:17 9:11
  18:18 27:6
**pro** 6:8 25:2
**procedure** 16:21
**procedures**
  16:19,20
**proceeded** 14:5
**proceedings** 2:1
  3:24 28:11
  29:4
**process** 19:4
  24:9 27:16
**produced** 6:5
  7:13
**productions**
  7:16
**progress** 5:12
**PROOF** 1:19,22
**property** 5:16
  17:1,5 24:21
  25:9,25 26:1
  26:23
**protected** 21:22
**provided** 3:24
  5:13
**providers** 16:15
  16:22
**provides** 21:1
**providing** 16:10
**provisions** 20:13
**public** 18:24
**publicized** 24:3
**pursuant** 7:12
  20:16
**put** 5:4,7,19 6:1
  17:9 24:3 25:5
**putting** 7:9
  27:14

**Q**

**question** 7:22
  10:1 12:16
  18:17,25 19:1

20:7,18 21:15
  23:14 24:14,15
  25:4
**questionnaires**
  19:17
**questions** 18:5,6
  26:12
**quite** 13:13

**R**

**R** 29:1
**raise** 4:19 9:20
  9:22
**raised** 10:7
  26:12
**read** 5:18 18:14
  20:3 21:17,18
**reality** 23:17
**realize** 18:23
  24:17
**realized** 22:25
**really** 11:25
  12:2 25:9
  27:19
**reason** 4:20 5:21
  6:24 7:9 13:17
  15:3 17:3 19:8
**reasons** 16:10
**rebuild** 17:9
**rebuttal** 26:11
**recognizing** 5:8
**recollection**
  20:8
**record** 5:7,20,24
  7:14 9:16
  18:24 25:6,19
  29:4
**recorded** 3:24
**Recorder** 3:17
**recording** 3:24
**RECORDS** 1:8
**recover** 10:20
**recovery** 22:4
**red** 12:7
**refresh** 20:21
**regarding** 7:13
**regardless** 27:24
**relate** 9:10

**RELATED** 1:13
  1:20
**relevant** 5:21
  12:3
**relief** 9:11
**remaining** 16:18
**remedies** 27:23
**remember** 13:3
  20:19
**remembering**
  20:10
**remove** 16:24
  17:1
**reorganized** 1:6
  1:7 2:3 4:23
**replace** 6:24,25
**replacing** 10:9
**reply** 16:9,12
  18:14 26:16
**represent** 11:17
  24:11
**representation**
  9:17
**representative**
  21:12
**represented**
  5:14 25:2
**representing**
  15:17 27:13
**represents** 12:5
**requested** 4:24
  5:5
**require** 20:14
**required** 6:19
**respect** 21:11,12
  21:13
**respond** 10:1
**response** 7:5
**responsibility**
  7:1
**returning** 16:23
**right** 6:14 7:23
  7:25 9:24,24
  10:19,25 13:21
  17:21 19:11,24
  20:9 21:25
  22:4,5,9,15
  27:10

Case: 19-30088    Doc# 13357    Filed: 12/14/22    Entered: 12/14/22 11:27:36    Page 34
of 36

**road** 7:9 27:17
**Rosa** 2:15
**Round** 2:14
**Rudnick** 2:11
  11:17
**rule** 12:21
**rules** 13:11,14
  13:15 23:19
**ruling** 8:17
  26:18 27:5,12
  27:21,21,23,24
  28:1
**run** 22:6
**run=of-** 20:24
**Rupp** 2:3 4:7,21
  4:22,22 5:3,5
  5:13,17,19 6:7
  7:2,5,7,25 9:2
  9:7,14 10:12
  11:1
**Rupp's** 8:19

**S**

**s/** 29:13
**San** 1:5 2:5,9
  3:19 4:1
**sand** 22:10
**Santa** 2:15
**save** 17:1
**saying** 23:10
  24:5
**screen** 18:9
**scrutiny** 18:3
**se** 6:9 25:2
**second** 7:11
**Section** 21:9
**see** 9:21,24
**seeing** 10:21
**seek** 27:23
**seeking** 9:11
**send** 10:11
**September**
  15:12 17:14
  23:21
**serve** 6:8
**service** 3:24
**session** 4:4
**settled** 20:16

**settlements**
  20:13
**Seven** 2:11
**SEVENTY-** 1:7
**share** 19:14
**shareholders**
  21:22
**shoes** 21:11
**showing** 17:2
**side** 27:22
**Sieger-Grimm**
  2:10 11:14,16
  11:17 19:2,12
  20:11 21:6,8
  22:5,16 23:23
  23:25 24:23
  25:12,15 26:4
  26:8 28:8
**sign** 6:12
**signs** 17:2
**similar** 25:6
  26:5 27:4,7
**single** 12:17,18
**sir** 11:4
**situation** 21:2
**slight** 12:10
  14:11
**slowed** 22:23
**slowing** 23:4
**social** 14:21 24:3
**solvent** 21:22
**somebody** 9:5
**soon** 27:12 28:1
**soot** 16:24
**sorry** 6:13 8:8
  10:20
**sort** 12:23 13:13
  21:24 25:20
**sound** 3:24 6:16
**speak** 6:24 7:7,8
  9:16 28:2
**Spear** 2:8
**special** 26:1
**specialist** 16:18
**specialists** 16:16
**specific** 7:13
  25:22
**specifically** 8:17

**Square** 2:11
**stand** 8:5,25
  28:4,4
**standard** 12:16
**state** 4:8,21 9:25
  11:6,14
**States** 1:1 2:2
  3:18
**statistics** 19:13
**status** 5:3,9 6:17
**statute** 15:13
  21:1 22:14,15
**stay** 4:24
**stepped** 21:11
**stipulating**
  22:23
**stipulation** 8:23
  8:24
**stock** 18:20,24
  19:4,9 20:4
**stop** 13:4 22:23
**stopping** 23:4
**Street** 2:4 3:21
  29:19
**stress** 25:24
**strict** 24:7
**struggling** 15:22
**submission**
  27:20
**submit** 12:2,12
  18:5,15
**submitted** 18:19
  19:17 28:5
**substitution**
  6:11,12,17
**sudden** 22:24
  24:8
**suffer** 13:25
**Suite** 2:5,15,18
  3:22 29:19
**sum** 5:15
**summary** 5:18
  6:1 7:18,21
  8:24
**suppose** 15:5
**supposed** 27:10
**sure** 17:18 20:12
  23:15 26:15

**surgical** 16:20
**surplus** 20:23
**Susan** 2:10
  11:17

**T**

**T** 29:1,1
**take** 5:22 10:23
  14:5 16:5
**taken** 17:7
**tapering** 22:18
**teed** 8:16
**telephone** 2:3
**tell** 10:4,5
**ten** 16:5
**terms** 17:22
  18:20
**thank** 5:2,2
  10:24 11:1,2,4
  11:24 16:8
  18:6,8,12 28:8
  28:9,10
**the-mill** 20:25
**theoretical** 22:3
**thing** 23:14,24
  24:8 26:21
**things** 5:7 19:14
  22:23
**think** 12:6 13:20
  13:23 14:9,15
  15:2 17:15,16
  18:12 20:3
  25:21 26:14
**thinks** 10:16
**Thomas** 2:3
  3:17 4:22
**thought** 17:12
  17:19
**three** 5:4 16:16
  20:19
**time** 5:9 7:2
  13:12 14:5,5
  16:11 17:11,12
  18:18 28:5,10
**timely** 1:12,15
  1:18,22 7:2
  12:11 18:25
  20:6,8,12 21:1

**21:4 22:1,4
  24:19,23
**times** 2:11 5:4
**timing** 11:21
**TLO** 2:17
**today** 5:3,7 6:9
  7:4 9:8,14
  12:19 27:6,13
**tomorrow** 13:18
  20:3
**top** 24:25 25:13
**total** 5:15
**Tower** 2:8
**track** 25:15
**Transcriber**
  3:20
**transcript** 2:1
  3:24 29:3
**transcription**
  3:24
**transpired** 5:24
**traveled** 7:10
**treatment** 16:23
  26:2
**tree** 24:15
**trees** 16:25 17:6
**tress** 17:5
**trucks** 25:8
**true** 29:4
**trust** 2:10 12:4,9
  12:14,24 13:8
  14:11,22 15:3
  17:23 19:3,13
  19:15,17,18,20
  19:22 21:3,16
  21:23,23 23:5
  24:7
**trustee** 11:18
  12:17 13:4,10
  13:11,14 14:14
  14:25 15:9,11
  15:14,19 18:16
  18:17 19:14
  21:10,13,24,24
  22:10,13,17,22
  23:15 24:2,6
  27:19
**trustee's** 1:11,17

Case: 19-30088    Doc# 13357    Filed: 12/14/22    Entered: 12/14/22 11:27:36    Page 35
of 36

27:3
**try** 12:16 17:1
**trying** 16:24
　17:4,8,9 24:9
**Tubbs** 24:12
**Tuesday** 1:6 4:1
**turn** 9:25 25:20
**twenty** 19:9
**two** 5:4 10:6
　13:7 16:9,16
　24:11,13 27:2
　27:4,12,14,15
　28:2
**type** 26:11

**U**

**understand**
　10:18 12:15
　14:3,3 19:7
　20:2 21:17
**understandably**
　17:23
**unexpected**
　22:21
**unfortunately**
　17:6
**United** 1:1 2:2
　3:18
**unsurprisingly**
　5:17
**upsurge** 14:25
**utility** 21:22

**V**

**valid** 12:25
　13:22
**values** 19:11
**versus** 12:25
　21:4
**Victim** 1:11,17
　2:10 19:13
　21:12,14
**victims** 13:8
　23:16 24:12
**video** 2:3
**voluntarily** 5:11

**W**

**wait** 14:15 23:11

**waiting** 27:14
**waive** 13:12
　15:12,13
**waiver** 22:14
**want** 4:21 9:19
　10:5 11:14
　14:6 15:20
　18:11 20:12
　23:15,16 26:10
　26:13,20
**wanted** 5:7,19
　5:23 7:7
**wants** 16:6
　17:23
**wasn't** 13:10
　14:21 24:8
　25:3
**wave** 13:18
**way** 8:7,25
　10:14 22:21,22
　23:25
**we'll** 6:13,15
　10:23 16:3,6
　18:15
**we're** 12:13
　19:23 20:3
　22:7
**we've** 7:10 9:19
　26:6,12,14
**website** 19:13
**week** 5:6,18 9:9
　15:21,21 23:1
**weekend** 18:15
**weeks** 24:13
　27:4,14 28:3
**went** 16:9 18:10
**weren't** 14:1
　17:3
**whichever** 27:22
**widely** 24:3
**willingness** 5:20
　6:1 8:15
**wish** 10:1 28:6
**wishes** 8:11
**withdraw** 6:11
**withhold** 27:5
**words** 13:5,16
　15:16 24:20

**world** 20:5
　23:15
**writing** 5:25
**wrong** 21:3
　27:10

**X**

**Y**

**YANNI** 1:13,20
**yeah** 6:15 22:7
**year** 17:25 18:1
　18:3 22:20
**years** 13:7 17:17
　17:18,19 20:20
**yesterday** 9:3
　19:15
**York** 2:12

**Z**

**0**

**1**

**1** 2:8
**10:00** 1:6 4:1
**10:37** 28:11
**10036** 2:12
**10673** 1:9
**10th** 8:1
**11** 1:4
**13** 1:6 4:1
**13161** 1:13,16
**13249** 1:20,24
**13254** 1:13
**13281** 1:20
**14** 29:25
**14.04** 19:18
**150** 16:25
**15th** 15:15
**160** 2:18
**16th** 3:21 15:16
　29:19
**18(e)(3)** 21:10
**19-30088** 1:4
**1900** 2:5

**2**

**200** 2:15

**2017** 24:12
**2019** 13:8
**2020** 22:19 23:3
**2021** 22:20 23:3
**2022** 1:6 4:1
　22:20 29:25
**207** 3:22 29:19
**212)209-4800**
　2:12
**2200** 2:8

**3**

**30th** 15:12 23:21
**3558** 2:14

**4**

**415)636-9015**
　2:6
**415)957-3000**
　2:9
**450** 3:18

**5**

**5.63** 19:19

**6**

**6.8(b)** 21:9
**650** 2:4
**650)513-6111**
　2:19

**7**

**7** 20:25
**70-whatever-t...**
　24:19
**700** 2:18 5:14
**707)523-3328**
　2:16
**7227** 3:21 29:19

**8**

**85020** 3:22
　29:21

**9**

**94010** 2:19
**94102** 3:19
**94105** 2:9
**94108** 2:5

**95403** 2:15
**973)406-2250**
　3:23

Case: 19-30088　Doc# 13357　Filed: 12/14/22　Entered: 12/14/22 11:27:36　Page 36 of 36