# EXHIBIT A

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | **WEIL, GOTSHAL & MANGES LLP**<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007 |
| 8<br>9<br>10<br>11<br>12<br>13 | **KELLER BENVENUTTI KIM LLP**<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 |
| 14 | *Attorneys for Debtors and Reorganized Debtors* |

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND GRANTING RELATED RELIEF**<br><br>[Related to Dkt. No. 13122] |

Upon the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief*, dated October 25, 2022 [Docket No. 13122] (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), in accordance with Section 7.1 of the Plan, sections 105(a) and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the deadline for the Reorganized Debtors to object to claims, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the McWilliams Declaration submitted in support thereof; and the Court having considered all objections and responses to the Motion,[2] including (i) the objections of Chevron Master Pension Trust and Chevron UK Pension Plan [Dkt. No. 13165]; (ii) the objection of State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the Reply (as defined below), the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**"), as applicable.

[2] Prior to the Hearing, the Reorganized Debtors consensually resolved: (i) the objections of Kingfishers LP, Kingstown Partners II L.P., and Kingstown Partners Master Ltd. [Dkt. No. 13163]; (ii) sixty-three joinders to that objection [Dkt. Nos. 13166–13197; 13199–13207; and 13209–13230]; (iii) the objection of the California State Teachers Retirement System [Dkt. No. 13198]; and (iv) the objection and joinder of those claimants advised by Lord, Abbett & Co. LLC that submitted Securities Claims (as defined in the Reorganized Debtors' Fifth Extension Motion [Dkt. No. 13122]) in Claim Nos. 994436 and 99838 [Dkt. No. 13242] (collectively, the "**Resolved Objections**").

Accident Fund [Dkt. No. 13208]; and (iii) the objections of the Dimensional Claimants[3] and the Vanguard Claimants[4] [Dkt. Nos. 13243–13244] (collectively, the "**Objections**" and the parties who filed such Objections, each an "**Objector**" and collectively, the "**Objectors**") and the Resolved Objections; and the Reorganized Debtors having filed a reply in support of the Motion and agreeing to, among other things, reduce the requested extension from 270 days to 180 days and to begin making settlement offers to securities claimants in January 2023 unless the Reorganized Debtors have executed a securities class action settlement agreement [Dkt. No. 13292] (the "**Reply**"); and the Court having held a hearing to consider the relief requested in the Motion and in the Reply on November 30, 2022, with appearances as noted on the record (the "**Hearing**"); and upon the record of the Hearing and this Court having determined that the legal and factual bases set forth in the Motion and Reply establish just cause for the relief granted herein; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. All objections and responses received to the Motion that have not been resolved are overruled with respect to the Motion, other than as expressly provided herein.

3. Subject to the terms set forth herein, the deadline for the Reorganized Debtors to object to Claims under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) which was extended by prior orders to December 19, 2022 is further extended by one hundred eighty (180) days, to June 20, 2023 (after application of Bankruptcy Rule 9006(a)), without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

4. Prior to January 1, 2023, the Reorganized Debtors shall: (a) inform each of the Objectors in writing of all necessary trading information that has not yet been provided by such

---

[3] Dimensional Claimants are those claimants advised by Dimensional Fund Advisors or its affiliates that submitted Securities Claims (as defined in the Reorganized Debtors' Fifth Extension Motion [Dkt. No. 13122]) in Claim Nos. 994436 and 99838.

[4] Vanguard Claimants are those claimants identified in Foot Note 1 of Vanguard Claimants' Joinder in Opposition to Reorganized Debtors' Fifth Extension Motion [Dkt. No. 13244].

Objectors and required under the Securities Claims Procedures (defined below); and (b) identify, by category, any of the Objectors' securities claims that the Reorganized Debtors contend are subject to an omnibus objection pursuant to Sections I(C)(1)-(3) of the Securities Omnibus Objection Procedures established in the Court's *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities Claims Procedures**"). The Reorganized Debtors shall identify claims subject to an omnibus objection based on the failure to file timely claims by the Extended Securities Bar Date, and any statute of limitation and/or statute of repose for claims arising under Section 10(b) of the Securities Exchange Act of 1934 or Rule 10b-5 promulgated thereunder and Section 11 of the Securities Act of 1933, but are not otherwise required to identify claims subject to an omnibus objection pursuant to Section I(C)(4) of the Securities Omnibus Objection Procedures.

5. On or before February 28, 2023, the Reorganized Debtors will make a Settlement Offer (used throughout this Order as defined in the Securities Claims Procedures) in accordance with the Securities Claims Procedures, to each of the Objectors. If the Reorganized Debtors have executed a securities class action settlement agreement, where the proposed class includes an Objector, prior to February 28, 2023, and the Reorganized Debtors have not yet made a Settlement Offer to that Objector, the Reorganized Debtors will not be required to make a separate Settlement Offer to that Objector under this provision, provided the Reorganized Debtors inform such Objector in writing of the existence of an executed securities class action settlement agreement on or before February 28, 2023. If the Reorganized Debtors have already made a Settlement Offer pursuant to the Securities Claims Procedures to an Objector prior to the time the Reorganized Debtors have executed a securities class action settlement agreement (a "**Prior Offer**"), that Prior Offer may not be withdrawn due to the Reorganized Debtors' subsequent entry into a securities class action settlement agreement and the Prior Offer shall continue to be subject to the Offer Procedures established in the Securities Claims Procedures.

6. This Order and the Reorganized Debtors and Objectors' agreement to the form of this Order shall not be construed either to preclude Objectors from moving in this Court to modify the Securities Claims Procedures or to preclude Reorganized Debtors from opposing any such motion

on any and all grounds. The relief granted herein does not alter the Reorganized Debtors' or the Objectors' rights under the Plan and Confirmation Order.

7. Consistent with the Plan and the Confirmation Order, the Debtors and Reorganized Debtors shall have no obligation to object to Fire Victim Claims or Subrogation Wildfire Claims, nor shall any such non-objection constitute an allowance or deemed allowance of any Fire Victim Claim or Subrogation Wildfire Claim. Pursuant to the Plan and the Confirmation Order, all Fire Victim Claims and Subrogation Wildfire Claims have been channeled to the Fire Victim Trust or the Subrogation Wildfire Trust, as applicable, and shall be resolved by the applicable Fire Victim Trust or Subrogation Wildfire Trust, in each case, without any recourse to or Claims whatsoever against the Debtors or Reorganized Debtors or their assets and properties.

8. For the avoidance of doubt, the relief granted herein does not apply to the existing deadline for the Reorganized Debtors to object to the United States Claims.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **