# Morgan Lewis

**Susan F. DiCicco**
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
susan.dicicco@morganlewis.com

December 15, 2022

*VIA CM/ECF*

Chambers of the Honorable Dennis Montali
U.S. Bankruptcy Court, Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-30088

Dear Judge Montali,

We represent the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund ("Oregon"). We write on behalf of Oregon and the other objectors that appeared at the November 30, 2022 hearing (collectively, the "Objectors"), in response to the letter, dated December 14, 2022 and filed at Docket No. 13358 (the "Letter"), filed by the Reorganized Debtors regarding the form of a proposed order addressing the Reorganized Debtors' motion for an extension to their deadline to object to filed claims.

The parties worked productively on the form of a proposed order but came to an impasse because the Reorganized Debtors insisted on including paragraph 2 which states: "All objections and responses received to the Motion that have not been resolved are overruled with respect to the Motion, other than as expressly provided herein." Objectors oppose Paragraph 2 because it is unnecessary and wrongly provides that the variety of legal and other arguments that were made by several objectors, including Objectors, were overruled. Objectors seek the exclusion of Paragraph 2 in the proposed order so that the Reorganized Debtors cannot later assert that the Court decided such arguments against the Objectors and that Objectors can no longer assert them, despite their potential applicability in future proceedings. For example, the objections included, among other things, that the Reorganized Debtors' unilateral halting of the Securities Claims Procedures to work on a potential securities class action settlement was inconsistent with both the confirmed Plan and the Securities Claims Procedures, and that potential resolution of the Securities Claimants' claims in a securities class action is not appropriate. It was not necessary for the Court to resolve those arguments on the Motion, and in our view the Court did not do so. Not surprisingly, Objectors seek to preserve those arguments in connection with any future motion the Reorganized Debtors may make for future extensions of the Claims Objection Deadline, in

connection with Objectors' potential opposition to any securities class action settlement, or otherwise. However, the Reorganized Debtors refused to exclude Paragraph 2.

Consistent with Paragraph 2's language "other than as expressly provided for herein," Objectors sought the inclusion of language in Paragraph 6 to expressly preserve those various arguments. Objectors seek the inclusion that: "Any objections relating to the Securities Claims Procedures or any securities class action process or potential securities class action settlement are preserved." Reorganized Debtors refused to add that sentence, only heightening Objectors' concerns that the Reorganized Debtors seek to use Paragraph 2 as a sword against Objectors' arguments in the future. Accordingly, the Objectors respectfully request that the court strike Paragraph 2 in the proposed order or include the foregoing language preserving Objectors' arguments.

We are available at the Court's convenience if you wish to have a call to discuss the proposed Order.

Respectfully submitted,

*Susan F. DiCicco*

Susan F. DiCicco *(pro hac vice)*


cc:

Richard W. Slack (via email: richard.slack@weil.com)
Phillip S. Warden (via email: philip.warden@pillsburylaw.com)
Jonathan Doolittle (via email: jonathan.doolittle@pillsburylaw.com)
Gerald P. Kennedy (via email: gerald.kennedy@procopio.com)
Julie M. Murphy (via email: jmmurphy@stradley.com)