WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF SETH PEREZ IN SUPPORT OF REORGANIZED DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING THE SETTLEMENT AGREEMENT WITH SANTA CLARA DBA SILICON VALLEY POWER AND (II) GRANTING RELATED RELIEF**<br><br>Date: January 10, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court,<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Seth Perez, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Strategic Agreement Consultant in the Power Generation department of Pacific Gas and Electric Company (the "**Utility**"). The Utility is a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**" and, together with the Utility, "**PG&E,**" the "**Debtors**" or "**Reorganized Debtors**"). In 2013, I joined PG&E as a land agent. In 2020, I was promoted to Hydro Support Supervisor, and in 2021, I was promoted to Strategic Agreement Consultant. I have a bachelor's degree in economics, and a master's degree in business administration. In my current role as Strategic Agreement Consultant, I am responsible for overseeing PG&E's portfolio of hydro generation assets and managing PG&E's hydro generation partnership and coordinated operations agreements with water agencies, irrigation districts, and the City of Santa Clara. Consequently, I am the person at PG&E who is chiefly responsible for managing the relationship with the City of Santa Clara involving the Grizzly Powerhouse Development ("**Grizzly**").

2. I am authorized to submit this Declaration (the "**Declaration**") on behalf of the Reorganized Debtors in support of the *Motion of the Reorganized Debtors Pursuant to Fed. R. Bankr. P. 9019 for Entry of an Order (I) Approving the Settlement Agreement with Santa Clara DBA Silicon Valley Power Resolving Santa Clara's Cure Dispute and Motion to Compel and (II) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith. The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Reorganized Debtors' other employees. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. The Motion seeks approval of the settlement agreement entered into by and among the Reorganized Debtors and the City of Santa Clara DBA Silicon Valley Power ("**SVP**" and together with the Reorganized Debtors, the "**Parties**") attached as **Exhibit 1** to the Motion (the "**Settlement Agreement**"). The Settlement Agreement resolves all disputes between the Parties relating to Grizzly

and the *Grizzly Development and Mokelumne Settlement Agreement* (the "**GDMSA**"), which governs, among other things, the Parties' respective rights and obligations with respect to delivery of electric power generated by Grizzly. The Settlement Agreement resolves disputes include those arising out of or relating to (a) the *Objection to Cure Amount and Request for Adequate Assurance of Future Performance by Counterparty City of Santa Clara DBA Silicon Valley Power* [Docket No. 7208] (the "**Initial Cure Objection**"), (b) the *Supplemental Objection to Cure Amount and Request for Adequate Assurance of Future Performance by Counterparty City of Santa Clara dba Silicon Valley Power* [Docket No. 7691] (the "**Supplemental Cure Objection**" and, together with the Initial Cure Objection, the "**Cure Dispute**"), and (c) the *City of Santa Clara dba Silicon Valley Power's Motion to Compel Assumption or Rejection of Executory Contract Concerning the Grizzly Development and Mokelumne Settlement Agreement* [Docket No. 10998] (the "**Motion to Compel**").

Specifically, pursuant to the Settlement Agreement the Reorganized Debtors have agreed to (i) assume the GDMSA; (ii) make a cash payment to SVP in the amount of $2,000,000 within thirty days of the Bankruptcy Court's entry of a Final Order approving the Settlement Agreement under Bankruptcy Rule 9019 (the "**Settlement Effective Date**"); (iii) reconnect Grizzly to PG&E's transmission system (the "**Grid**"); and (iv) act as the project manager for the repair of the transmission line and the other facilities necessary for interconnection of Grizzly with the Grid as described under and defined in Section 1.1.33(f) of the GDMSA (the "**Grizzly Tap Line**"). The Settlement Agreement benefits the Debtors' estates by resolving outstanding litigation in the Chapter 11 Cases and providing a release of any and all claim arising out of or relating to Grizzly that the Parties may have asserted prior to the date of the Settlement Agreement, including, without limitation, any claims arising under or relating to the GDMSA, any and all agreements related to, referenced, or incorporated in the GDMSA, the Grizzly Tap Line, the Motion to Compel, the Cure Dispute, and any fires that occurred before the Settlement Effective Date. Further, reconnecting Grizzly to the Grid, and resuming the transmission of electricity generated by Grizzly, would benefit the Reorganized Debtors, the Debtors' estates and creditors.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

4. The Settlement Agreement is the product of months of extensive good faith, arm's length negotiations between the Parties. I actively participated in several formal and informal mediation sessions before former Chief Bankruptcy Judge, the Hon. Randall Newsome, and the negotiations with SVP. Senior members of management evaluated the disputes concerning Grizzly and PG&E has received advice concerning the Settlement Agreement from experienced counsel. After considering this advice and the benefits of the Settlement Agreement, including those set forth above, PG&E has determined it would be more cost-efficient to resolve all disputes related to Grizzly consensually than to engage in further discussion, mediation, or litigation. Further, the decision to enter into the Settlement Agreement was considered and approved through an extensive process involving PG&E's Portfolio Strategy Team (which I am a part), Electric Transmission Contract Management Team, and senior members of PG&E's management including the Senior Vice President of Electric Operations. The Portfolio Strategy Team, Electric Transmission Contract Management Team, and the Senior Vice President of Electric Operations were consulted throughout the course of negotiations with SVP and there were numerous communications between and among those persons concerning those negotiations.

5. The entry into the Settlement Agreement represents a sound exercise of the Debtors' business judgment. The Settlement Agreement fully resolves all of the Parties' disputes related to Grizzly, eliminates the costs and uncertainties associated with further litigation, and establishes the path forward for reconnecting Grizzly to the Grid. For the above reasons, the Settlement Agreement is fair and reasonable and in the best interests of the Reorganized Debtors, the Debtors' estates, creditors, and all other parties in interest, and should be approved.

6. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 16, 2022
Oakland, California

/s/*Seth Perez*
Seth Perez