William B. Abrams
end2endconsulting@gmail.com
2041 Stagecoach Rd.
Santa Rosa, CA, 95404
Tel: 707 397 5727

*Pro Se Fire Victim Claimant and Party to related proceedings before the California Public Utilities Commission and the California Office of Energy Infrastructure Safety*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*  All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administrated)<br><br><br><br>**STATEMENT OF WILLIAM B. ABRAMS IDENTIFYING CUSIP SEARCH RESULTS RELATED TO FIRE VICTIM CLAIM AND CASE NUMBER 19-30088(DM)** |

## STATEMENT

William B. Abrams ("**Abrams**") files this statement to inform the Court and core parties regarding certain information obtained through the attached Committee on Uniform Securities Identification Procedures ("CUSIP") search results (*See* **Exhibit A**). **Abrams draws no conclusions from these search results but is very concerned regarding the potential implications from the seemingly undisclosed and unauthorized "securitization" of Fire Victim Claims.** Abrams hopes that this statement will be viewed as it is intended as a good faith effort to encourage voluntary disclosures and transparency and/or Court ordered disclosures and discovery relative to these types of investments adverse to the interests of victims. Abrams has attached an affidavit and associated CUSIP search (*See* **Exhibit A**) which states that "*The CUSIP number(s) attached for William Abrams, for court case bearing number 19-30088(DM), were searched through independent databases, confirmed with trading desks, and at least one interest was confirmed as per the reports issued and attached as a result… The Fund Manager, or other custodian(s) of the accounts have access to internal records indicating detailed data about the percentage of interest as held for the account of WILLIAM ABRAMS.*" This report produced the following results:

> *William Abrams (CC 19-30088[DM])*
> *PGIM Income Builder Fund*
> *Symbol: PCLRX*
> *CUSIP: 74442X405*

Abrams and other victims have not been informed and therefore are unaware if their claims may have been securitized more broadly in this manner and associated with funds like the PGIM Income Builder Fund (PCLRX). Given that Abrams has not yet received a determination from the Fire Victim Trust, he is unsure how some party or parties unbeknownst to Abrams seemingly predetermined a value and securitized his claim. Moreover, given that Abrams is pro se and without representation from an attorney, there was certainly no such authorization provided for this type of investment.

The Court and core parties should also consider the degree to which similar securitization or related investments may have occurred without the informed consent and written authorization of other Fire Victim Trust beneficiaries. If through added disclosures, it is discovered that these types of investments have been broadly leveraged by certain parties, the Court should ascertain (1) the degree to which these types of investments have delayed or obstructed the claims administration

process and/or (2) the extent to which these transactions undermined the value of fire victim claims and/or (3) how financial incentives stemming from these types of investments may have drove unjust stipulations within the Plan and Trust documents such as the "Parties' Joint Stipulation Regarding the Registration Rights Agreement and Related Agreements of the Fire Victim Trust" [Dkt. 7913]. As the Court and core parties evaluate the potential impact of these investments, consider the type of investment which is identified through the attached CUSIP search and the following description of this PGIM Income Builder Fund:

> "*PGIM Income Builder Fund seeks income and **long-term capital growth** by investing in a diversified portfolio consisting of a wide variety of income-oriented investments and strategies within the equity and fixed income market segments...*" (emphasis added)

Based upon this information, it may reasonably be assumed that the primary investors that seem to have securitized victim claims through this case appear to be parties with adverse interests to those of victims that had trust-driven assurances and/or directed claims to be held for the "long-term." Clearly, these savvy investors did not have the same post-confirmation expectations communicated to victims regarding the near-term monetization of victim stock and expedited processing of claims. **That said and despite these reasonable concerns, Abrams draws no conclusions regarding these search results. Moreover, he does not have the financial expertise or resources to understand who or how these claims were securitized.** Abrams hopes that through this statement, other parties with greater expertise in these financial matters may be motivated to voluntarily provide answers regarding how this fund and/or other similar funds may have been leveraged within this case and how they may have adversely affected the value of the Fire Victim Trust.

Indeed, how and why victim claims are associated with this "long-term" fund is unclear and Abrams welcomes information to assuage his fears and concerns regarding the use of victim claims in this manner. More importantly we must ask… Who is building income from this "PGIM Income Builder Fund" and other similarly situated funds? While the answers to these questions are unclear from the minimal information provided within this statement, there is certainly sufficient "good cause" for the Court to independently order broad disclosures and discovery relative to understanding why and how victims' claims have been securitized. The Court should also consider that this securitization if done with the knowledge or direction of certain core parties appears to be a clear violation of the Fire Victim Trust Agreement and in particular Exhibit 6 which states the following:

> *"Except as may be determined by the Trustee in consultation with the Trust's Investment Advisors with respect to New HoldCo Common Stock, as set forth herein, the borrowing of funds or securities for the purpose of purchasing and the lending of any investments held in the Trust is prohibited."*

This point was also reiterated and emphasized within the "Declaration of Cathy Yanni in Response to the Court's Directives in the Memorandum Decision Regarding William B. Abrams' Requests for Discovery Under Federal Rule of Bankruptcy Procedure 2004" [Dkt. 13126] which stated the following:

> *"The Trust's cash and investment assets are held under an Institutional Cash Advisory Program at Morgan Stanley Wealth Management, a division of Morgan Stanley Smith Barney LLC, subject to written investment guidelines which are set forth in Exhibit 6 to the Trust Agreement."*

Given this statement by Ms. Yanni, it is Abrams' hope that the Trustee and the members of the Trust Oversight Committee (TOC) will also actively support disclosures and complete transparency regarding these apparent issues effecting the integrity of the Trust. These parties responsible for the management and oversight of the Fire Victim Trust should consider that upon receiving the attached CUSIP search results, Abrams was only able to identify one mention of this type of securitization on the Court docket. On September 9, 2021, Victor Weber represented by Genova, Malin and Trier LLP withdrew a claim in the amount of $50,000 with CUSIP# 694308HM2 [Dkt. 11212]. Other than this oblique reference, there appears to be no other indication of how victim claims are being securitized or why such CUSIP numbers would be assigned and leveraged. Certainly, PG&E Fire Victims and other parties associated with these investments have the right to know if and how their claims have been securitized and by whom.

## CONCLUSION

Over the past few months, Abrams has filed motions for disclosures and discovery to shed light on financial conflicts and other issues undermining the integrity of the Plan and the value of the Fire Victim Trust. These motions have uniformly been opposed by certain core parties that overly rely upon confidentiality protocols, undisclosed terms and exculpations to further their own financial interests. Unfortunately, these same good faith motions have also been largely denied by the Court despite the bankruptcy laws designed to enforce disclosure requirements, protect the vulnerable and promote justice. Where does this pattern leave victims looking for answers?

Here, Abrams was presented with CUSIP search results that appear to point to an investment pattern that violates the Fire Victim Trust Agreement and undermines victim claims. Therefore, Abrams puts forward this statement as an alternative approach to the prior discovery motions that have been opposed by core parties and discouraged by the Court. Respectfully, Abrams asks the Trustee to investigate and disclose the source and manner of these types of investments and requests that the Court order disclosures from any and all parties that have securitized or otherwise leveraged victim claims in the manner demonstrated by the attached CUSIP search results (*see* **Exhibit A**). Abrams hopes that these disclosures will shed light on good faith actions by parties representing the best interests of victims within this case or allow us to learn that such securitization occurred unbeknownst to the Trustee, TOC Members, the Tort Claimant Committee and Fire Claimant Professionals. However, if these disclosures are not forthcoming and/or demonstrate a pattern that violates the Trust Agreement or applicable law, Abrams hopes that the Court will take further action to promote justice within this case.

As the Trustee and the Court consider if and how to respond to this statement, Abrams asks parties to consider the plight of victims this holiday season. Will this New Year bring "make whole" funds to rebuild our lives or just more PR spin from the Fire Victim Trust as victims figure out how to budget for 2023?[1] Did certain parties invest in "long-term" capital growth funds by leveraging our hardships, our pain and our claims while undermining our children's interests and our children's futures this holiday season? Abrams sincerely hopes that "goodwill towards men" governed the securitization of claims. However, if this is not the case, this new year should bring new actions from the Court and the Trustee to ensure investigations into these matters and to ensure justice and just settlements are forthcoming for PG&E victims.

Executed on December 19, 2022, at Santa Rosa, CA.

Respectfully submitted,

William B. Abrams
Pro Se Claimant

---

[1] See Business Wire "Fire Victim Trust Closes Out 2022 with Major Wins for CA Fire Survivors", December 15, 2022, https://www.businesswire.com/news/home/20221215005983/en/Fire-Victim-Trust-Closes-out-2022-With-Major-Wins-for-CA-Fire-Survivors

# EXHIBIT A

## AFFIDAVIT OF FACT

**STATE: OHIO**
**COUNTY: FAIRFIELD**

The undersigned, Wesley Jarvis, Trustee for CUSIPONE Trust, hereby states and confirms that he is of legal age and competent to state on belief and personal knowledge that the facts set forth herein, as duly noted below are true, correct, complete and presented in good faith, establish that:

1.     The CUSIP numbers attached for WILLIAM ABRAMS, for a court case bearing number *19-30088 [DM]*, were searched through independent databases, confirmed with trading desks, and at least one interest was confirmed as per the reports issued and attached as a result.

2.     The Fund Manager, or other custodian(s) of the accounts of the fund(s) may have access to internal records indicating detailed data about the percentage of interest as held for the account of WILLIAM ABRAMS.

3.     More than one fund may have an interest in the accounts of WILLIAM ABRAMS.

FURTHER AFFIANT SAYETH NOT.

Signed and sealed this ___27ʰ___ day of ___September___ , in the Year of our Lord, two thousand twenty-two (2022).

All Rights Reserved.

For WESLEY JARVIS

_____

Wesley J. Jarvis, Trustee

# JURAT

State of _Ohio_ )

Subscribed and Affirmed )

County of _Fairfield_ )

On _September 27_, 2022 before me, _Brandon James_ (notary public) personally appeared **Wesley J. Jarvis** [✓] personally known to me or [ ] proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to above and acknowledged to me that he executed the same in his authorized capacity.

I now affix my signature and official seal to these affirmations.

_Brandon James_ (Signature)

Notary Public State of _Ohio_

My Commission Expires: _04/07/2025_

Seal:

**BRANDON JAMES**
**NOTARY PUBLIC**
**STATE OF OHIO**
My Commission
Expires
April 7, 202:

## Your CUSIP Results are as follows:

**WILLIAM ABRAMS (CC 19-30088 [DM])**
**PGIM Income Builder Fund**
Symbol:                    PCLRX
CUSIP:                     **74442X405**

Inception Date:            10/4/2004
Net Assets:                $254,516,000.00 as of
                           8/17/2022
Portfolio Assets:          $254,516,000.00 as of
                           8/17/2022

**A little about the Fund:**

PGIM Income Builder Fund seeks income and long-term capital growth by investing in a diversified portfolio consisting of a wide variety of income-oriented investments and strategies within the equity and fixed income market segments. The Fund's comparative indices are S&P 500 Index and Bloomberg U.S. Aggregate Bond Index.

