

Signed and Filed: December 20, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTIONS TO ALLOW LATE CLAIMS

On November 30 and December 12, 2022, the court held hearings on the following: *Motion to Extend Time Pursuant to Fed. F. Bankr. Pro. 7015 and 7018 to File Proof of Claim Pursuant to Fed. R. Bankr. Pro. 9006(b)(1)* filed by Yuonne Phillips et al (Dkt. 13088); *Motion Pursuant to Fed. R. Bankr. 9006(b)(1) to Deem Justine Larsen-Bernedo's Claim Timely Filed* filed by Justine Larsen-Bernedo (Dkt. 13080); *Motion to File*

-1-

*Claim After Claims Bar Date* filed by Taryn Scott (Dkt. 13099); *Motion to File Claim After Claims Bar Date* filed by Alexandra Dougherty (Dkt. 13109); *Amended Consolidated Motion to Allow/Deem Timely Late Filing of Claimants* filed by Lesa Bushby et al. (Dkt. 13137); *Motion to File Claim After Claims Bar Date* filed by Michael Freeland (Dkt. 13155); *Consolidated Motion to Allow/Deem Timely Late Filing of Claimants* filed by Darla O'Connor (Dkt. 13161); and *Motion to Allow/Deem Timely Filing of Proof of Claim* filed by Davin and Debbie Abrahamian (Dkt. 13249) (together, the "Late Claim Motions"). The individual claimants' information associated with the Late Claim Motions is attached to this Order as an Exhibit.

All movants are Wildfire Claimants, as defined below. While the Fire Victim Trust ("FVT") objected to each of the Late Claim Motions individually (Dkts. 13139; 13131; 13144; 13147; 13157; 13246; 13254; 13281) ("Objections"); the court issues this Order addressing all of the Late Claim Motions in the style of an omnibus objection. See Fed. R. Bankr. Pro. 3007(d)(4) and (f). For the reasons explained below, the court sustains the FVT's Objections and denies the Late Claim Motions.

**I. History of Claims Bar Date**

No claims bar date was set for any creditor at the outset of these bankruptcy cases, which were initiated on January 29, 2019. On May 1, 2019, now-Reorganized Debtors PG&E Corporation and Pacific Gas and Electric Company ("Debtors") originally proposed a claims bar date of September 16, 2019 for victims of the wildfires that ravaged various parts of Northern California in 2015, 2017, and 2018 ("Wildfire Claimants") (Dkt. 1784).

Debtors also proposed a robust supplemental notice plan starting at least 95 days prior to that bar date to ensure that Wildfire Claimants, many of whom had almost certainly been displaced by the wildfires, would receive notice of the claims bar date.

The proposed claims bar date was hotly contested (See objections to the proposed claims bar date at Dkts. 2043, 2238, 2239, 2240, 2242, 2248, 2306, 2307, 2308, 2316, 2321, 2324, 2326, 2346, 2453), with the Tort Claimants Committee requesting an alternative claims bar date of January 31, 2020. Debtors subsequently amended the proposed claims bar date to October 21, 2019.

At a hearing on June 26, 2019, the court granted the Debtors' modified claims bar date proposal. The court's Order (Dkt. 2806) establishing the bar date incorporated the Debtors' Revised Notice Procedures that included: mailed notices (as is typical and required in all bankruptcy cases); email notices; notice via a variety of print media publications; online advertisements; social media advertisements; local television and radio advertisements in both English and Spanish; national television advertisements to reach those who may have moved out of state; a dedicated website for Wildfire Claimants; and a toll-free phone number for Wildfire Claimants. This multi-pronged approach targeted, in descending order of intensity of the targeting: those still living in affected areas of Northern California, the rest of California, and the rest of the nation.

On November 11, 2019, the court entered the *Order Extending Bar Date for Wildfire Claimants and Appointing Claims Representative* (Dkt. 4672), extending the bar date specifically

for Wildfire Claimants to December 31, 2019, and appointing a Claims Representative to conduct further outreach and assist Wildfire Claimants in filing claims. By the end of the extended claims bar date, 82,692 Wildfire Claimants filed timely proofs of claim.

After the extended bar date passed, the FVT took an apparent stance of acquiescence or non-opposition to requests from Wildfire Claimants to allow late claims. In 2020, 55 late claims were filed and were not opposed. In 2021, 22 late claims were filed and were not opposed.

This year, the number of late claims has dramatically increased, which, per the FVT's Objections, prompted its response. That response, made in open court and in several filings, was that the FVT would no longer take a liberal non-opposition stance to late claims filed after September 30, 2022, and that "[t]he Trust's policy of non-opposition was never a guarantee that every late claim motion would be unopposed, and the Trustee's statements regarding the need to reconsider that policy were intended to clarify this and alert claimants and counsel to the Trust's transition to stricter review of late claim motions."

**II. Discussion**

A bankruptcy court may, on motion of a claimant, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

-4-

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395. Some circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

There is no question regarding the good faith of any of the parties who filed the Late Claim Motions. Nor does the court or the FVT doubt the nature and extent of the injuries that have prompted the Late Claim Motions. The proceeding that may be impacted by allowance the late claims is the general administration of the FVT in determining claims and making distributions thereon.

The only equitable factors the court considers here are the prejudice to the FVT[1], and whether the delay was in reasonable control of the movants.

First, the court finds that granting the Late Claim Motions would prejudice the FVT. According to the FVT, the Trust simply is not fully funded, the stock contributed to the FVT by the Debtors is not performing as well as expected (despite recent increases in value), and there may not be enough money in the Trust to administer 100% payments to Wildfire Claimants who timely filed proofs of claim, let alone those requesting to have their late claims deemed timely now. The FVT may also be

---

[1] The FVT is the representative of each of the Debtors' estates regarding administering, objecting to, and settling the claims of Wildfire Claimants pursuant to the Paragraph 18(e)(iii) of the court's Confirmation Order (Dkt. 8053)

-5-

prejudiced by the additional expenditures of time and effort required of the FVT and its administrators to recalculate the projections and calculations made to ensure an equal pro rata distribution to all Wildfire Claimants, including those already paid. While each of the Late Claim Motions stresses the minimal impact any individual claim may have on the administration of the FVT, the court must balance the equities affecting the FVT as a whole. Taking the Late Claim Motions in the aggregate, combined with the thousands of timely claims, and the discretionary allowance of hundreds of previous late claims unopposed by the FVT, the impact on administration is more than de minimis and would prejudice the FVT.

Next, the court finds that no Wildfire Claimant has described circumstances that would explain why the failure to file a claim for over two and a half years constitutes excusable neglect. Almost uniformly, each claimant describes circumstances that amount to a lack of realization that their particular circumstances could be compensated, but not lack of notice regarding the claims bar date, or of the claims process writ large. One claimant outside of Northern California, who claims she "was not indirectly made aware of the POC deadline and obligation prior to the [proof of claim] deadline" fares no differently. That she did not reside in Northern California is not sufficient, as the Debtors engaged in a robust and legally sufficient state and nationwide notice process. Due process requires notice of the opportunity to file a claim. That was provided here and generally to thousands of Wildfire Claimants.

Case: 19-30088    Doc# 13376    Filed: 12/20/22    Entered: 12/20/22 15:23:16    Page 6 of 11

Due process does not require the awareness of the type of claim that might have been filed.

While the *Consolidated Motion to Allow/Deem Timely Late Filing of Claimants* (Dkt. 13161) first attempts to argue that all or some of the claimants included in that Motion "received absolutely no notice of their **potential entitlement** to file claims," (emphasis added) that does not mean they did not have notice of the claims process or the claims bar date, only that the claimants believed that they should not file claims for the types of damages they incurred.

The Consolidated Motion also asserts that "there was little to no substantial effort by any interested party (the Debtors not the Fire Victims Trust) in this case to alert prospective claimants of their right and entitlement to file a claim – other than third-party advertisements." The court notes that the FVT did not exist prior to confirmation of the Debtors' bankruptcy plan more than six months after the expiration of the claims bar date, and those third-party advertisements were legitimate, court-approved means of providing notice to those Wildfire Claimants who may not have received mail notices, and only some of the means utilized by the Debtors to give notice regarding the bar date and claims process for Wildfire Claimants. The Debtors could not control whether claimants chose not to heed those notices in favor of disinformation, nor was it the Debtors' duty to ensure every known and unknown Wildfire Claimant's full understanding of every type of injury that could be compensated via the proof of claim process. It also does not appear there was a widespread misunderstanding regarding what

types of injury could be compensated via a proof of claim: every type of injury described in the Late Claim Motions is listed as a checkbox on the Proof of Claim form for Wildfire Claimants, and were listed as injuries by Wildfire Claimants who timely filed proofs of claim.

Finally, the court addresses the argument made by some Wildfire Claimants that the FVT's decision to oppose only late claims, like the Late Claim Motions, filed after September 30, 2022 is an arbitrary position and therefore should be disregarded by the court. Such argument has no merit. The discretion of the FVT to object, waive objection via non-action, or stipulate to any motion to allow a late claim is the FVT's alone. Nor is it appropriate for any of the parties to the Late Claim Motions to compare prior motions or orders on those motions. The Late Claims Motions stand or fall on their own.

**III. Conclusion**

For the reasons stated above, the court hereby SUSTAINS the Objections of the FVT and DENIES the Late Claim Objections. The Late Claim Objections shall not be deemed timely filed and are thus disallowed.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

Taryn Skott
P.O. Box 6233
Santa Rosa, CA 95406

Alexandra Dougherty
683 Matson Drive
Napa, CA 94558

Michael Scott Freeland
50 Diogenes Drive
Angwin, CA 94508

# EXHIBIT TO ORDER DENYING MOTIONS TO ALLOW LATE CLAIMS

| Motion Dkt. No. | Claimant(s) | POC No. | POC Filing Date |
|---|---|---|---|
| 13080 | Justine Larsen-Bernedo | 109629 | 10/10/22 |
| 13088 | Rick Hallen et al. | 109631 | 10/11/22 |
| 13088 | Yuonne Phillips | 109633 | 10/12/22 |
| 13116 13137 (Amended) | Joseph Pickett et al. | 109638 | 10/24/22 |
| 13116 13137 (Amended) | Lesa Bushby | 109656 | 10/31/22 |
| 13099 | Taryn Skott | 109644 | 10/26/22 |
| 13109 | Alexandra Dougherty | 109628 | 10/8/22 |
| 13155 | Michael Scott Freeland | 109634 | 10/14/22 |
| 13161 | Greg Windisch et al. | 109647 | 10/28/22 |
| 13161 | Alan Biggi et al. | 109652 | 10/28/22 |
| 13161 | Jason Kessler et al. | 109651 | 10/28/22 |
| 13161 | Jason Wolcott et al. | 109653 | 10/28/22 |
| 13161 | Justin Richardson et al. | 109676 | 10/28/22 |
| 13161 | Jonathan Graves et al. | 109654 | 10/28/22 |
| 13161 | Thomas Jordan et al. | 109649 | 10/28/22 |
| 13161 | Casey Costello et al. | 109650 | 10/28/22 |
| 13161 | Eric Negrevski et al. | 109665 | 11/3/22 |
| 13161 | Chad Moll et al. | 109648 | 10/28/22 |
| 13161 | Brian Desmond et al. | 109633 | 11/3/22 |
| 13161 | Michael S. Henderson et al. | 109659 | 10/31/22 |

| Motion Dkt. No. | Claimant(s) | POC No. | POC Filing Date |
|---|---|---|---|
| 13161 | Christine Fitzpatrick Souza et al. | 109658 | 11/3/22 |
| 13161 | Scott Bagala et al. | 109664 | 11/3/22 |
| 13161 | Eric Walton et al. | 109669 | 11/3/22 |
| 13161 | Vincent Bagala et al. | 109662 | 11/3/22 |
| 13161 | Cheri Shoults and Alysse Galde | 109661 | 11/4/22 |
| 13161 | Brian T. Flahavan et al. | 109655 | 10/28/22 |
| 13161 | Darla O'Connor | 109645 | 10/27/22 |
| 13249 | Davin Abrahamian and Debbie Abrahamian | 109640 | 10/26/22 |