1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Seven Times Square
3  New York, New York 10036
   Telephone: (212) 209-4800
4  Facsimile: (212) 209-4801

5
   BROWN RUDNICK LLP
6  Joel S. Miliband (SBN 077438)
   (JMiliband@brownrudnick.com)
7  2211 Michelson Drive, Seventh Floor
   Irvine, California 92612
8  Telephone: (949) 752-7100
   Facsimile: (949) 252-1514
9

10 *Attorneys for Fire Victim Trustee*

11           **UNITED STATES BANKRUPTCY COURT**
12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
13

| | |
|---|---|
| 14  **In re:** | Bankruptcy Case No. 3:19-bk-30088 (DM) |
| 15  **PG&E CORPORATION,** | Chapter 11 (Lead Case) (Jointly Administered) |
| 16                          -and- | |
| 17  _____ | **RESPONSE OF FIRE VICTIM TRUSTEE TO STATEMENT OF** |
| 18  **PACIFIC GAS AND ELECTRIC COMPANY,** | **WILLIAM B. ABRAMS IDENTIFYING CUSIP SEARCH RESULTS RELATED TO FIRE VICTIM CLAIM AND CASE** |
| 19              **Debtors.** | **NUMBER 19-30088 (DM)** |
| 20  _____ | |
| 21  ☐ **Affects PG&E Corporation** | [Relates to Docket No. 13374] |
| 22  ☐ **Affects Pacific Gas and Electric Company** | |
| 23  ☒ **Affects both Debtors** | **Hearing to be Determined by the Court** |
| 24  *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

25

26

27

28

Cathy Yanni, in her capacity as the Trustee of the PG&E Fire Victim Trust (respectively, the "**Trustee**" and the "**Fire Victim Trust**"), hereby respectfully submits this Response to the *Statement of William B. Abrams Identifying CUSIP Search Results Related to Fire Victim Claim and Case Number 19-30088 (DM)* [Docket No. 13374] (the "**CUSIP Search Statement**"),

## RESPONSE[1]

By filing the CUSIP Search Statement, Mr. Abrams wrongfully and without any factual basis accuses the Fire Victim Trust of securitizing Fire Victims' claims and of breaching the Trust's investment guidelines. The Fire Victim Trust has done neither, and the CUSIP Search Statement is an irresponsible and offensive filing. Mr. Abrams did not investigate his inaccurate assumptions or reach out to counsel for the Fire Victim Trust with his questions (as he has done countless times in the past) before filing the erroneous statement. Had he made either of those efforts, he may have learned that his latest conspiracy theory is baseless. If the CUSIP Search Statement were not in a court pleading, it would be a libelous allegation. The two pieces of information that Mr. Abrams provides to support his CUSIP Search Statement are: (1) a "CUSIP" search that he procured for his own name; and (2) the withdrawal of a securities claim docketed at Docket No. 11212.

We address these two pieces of information in turn. First, an executed CUSIP search entitled, "William Abrams, for court case bearing number 19-30088(DM)," returned a result for PGIM Income Builder Fund. The Fire Victim Trust, however, has never invested in or otherwise had any affiliation with this Prudential fund. Mr. Abrams correctly quotes from the Trustee's Declaration [Dkt. No. 13126] in the CUSIP Search Statement:

---

[1] The Trustee, through counsel, asked Mr. Abrams to withdraw the CUSIP Search Statement after explaining that the Trust does not and did not pledge, securitize, or hypothecate his or any Fire Victim Claim, does not invest in the Prudential Account, and has no further information on his CUSIP search. In response, Mr. Abrams indicated that he would not withdraw the CUSIP Search Statement and instead provided counsel with a copy of a supplement to his statement that has been filed with the Court today. The supplement does not remedy any of the inaccuracies, conspiracies or innuendo in the CUSIP Search Statement other than to acknowledge the Trustee's statement to Mr. Abrams through counsel and to reiterate Mr. Abrams cursory caveat in the CUSIP Search Statement that he was not drawing any conclusions. As the supplement amplifies the unfounded concerns expressed in the CUSIP Search Statement the CUSIP Search Statement has not been withdrawn as requested, the Trustee believes that this response is necessary to correct the record created by Mr. Abrams.

*The Trust's cash and investment assets are held under an Institutional Cash Advisory Program at Morgan Stanley Wealth Management, a division of Morgan Stanley Smith Barney LLC, subject to written investment guidelines which are set forth in Exhibit 6 to the Trust Agreement.*"

That quote was accurate when it was included in the Trustee's Declaration and is accurate today. The Fire Victim Trust does not invest through Prudential (the "P" in PGIM) or in any of its funds. More to the point, the Fire Victim Trust has not and does not pledge, securitize, or hypothecate **any** Fire Victim Claims or any assets of the Fire Victim Trust.[2]  Mr. Abrams' CUSIP search result is apparently a search with respect to his fairly common name, William Abrams.  Apparently, there may be a William Abrams somewhere in the country who has an interest in a public investment fund managed by Prudential. The Trustee cannot provide any further information regarding the CUSIP search result or its relationship to Mr. Abrams or another William Abrams other than to affirm that the Trust has no connection to the referenced fund.

Second, Mr. Abrams' alleges as a basis for his faulty conclusions[3] that the term "CUSIP" is in a claim withdrawal notice he found at Docket No. 11212.  Had Mr. Abrams done the slightest amount of diligence – such as accessing the freely accessible claims portal made available by the Debtors' claims agent – he would have learned that the claim withdrawn in Docket No. 11212 asserted a "Debt Claim" under one of the Debtor's funded debt securities that was barred by the statute of limitation, not a Fire Victim Claim. A review of the underlying proof of claim – and you do not need counsel to understand or interpret this – would identify that the claim arose under the Debtors' issued 3.5% security due 6/15/2025, which had an associated CUSIP number.

Mr. Abrams apparently made no effort to determine whether the withdrawn claim was a Fire Victim Claim. Nor, apparently, did he contact the fund manager of the PGIM Income Builder Fund to determine whether the "William Abrams" who has an interest in that fund is him or whether the

---

[2] Another accurate statement in Mr. Abrams's statement is a second quote by Ms. Yanni: "Except as may be determined by the Trustee in consultation with the Trust's Investment Advisors with respect to New HoldCo Common Stock, as set forth herein, the borrowing of funds or securities for the purpose of purchasing and the lending of any investments held in the Trust is prohibited."  The Trust has not violated this prohibition.

[3] The Fire Victim Trust recognizes that Mr. Abrams states that he has reached no conclusions in his CUSIP Search Statement, but the balance of the statement belies that precatory caveat.

Case: 19-30088   Doc# 13379   Filed: 12/21/22   Entered: 12/21/22 14:40:07   Page 3 of 4

interest is connected to the Fire Victim Trust in any way. He did not contact the Fire Victim Trust prior to filing the CUSIP Search Statement to ask his questions. Instead, Mr. Abrams, who acknowledges in the CUSIP Search Statement that he does not have financial expertise, jumped to the baseless conclusion that the Fire Victim Trust is securitizing Fire Victim Claims despite the fact that his search result does not reference the Fire Victim Trust in any way. Rather than attempting to confirm any of his specious speculations, Mr. Abrams filed an inflammatory and baseless statement, once again seeking disclosures regarding non-existent deficiencies or violations of duty by the Fire Victim Trust without any proof. Once again, Fire Victim Trust resources must be diverted from the Fire Victims to respond to yet another set of meritless accusations.

The Fire Victim Trust knows no more about Mr. Abrams's CUSIP search results than he does because they have nothing whatsoever to do with the Fire Victim Trust. The Trust does not pledge, securitize, or hypothecate Fire Victim Claims or any Fire Victim Trust assets. The Trust invests in accordance with the Court approved guidelines. Any implication or allegation to the contrary is baseless and offensive. Other Fire Victims should not bear the cost of responding to Mr. Abrams's outlandish accusations and we respectfully request the relief set forth below.

## **CONCLUSION**

WHEREFORE, for good cause shown and the reasons presented herein, the Fire Victim Trustee respectfully requests that the Court strike the CUSIP Search Statement from the docket in its entirety and grants the Trust such other and further relief as may be just.

DATED: December 21, 2022

BROWN RUDNICK LLP

By: */s/David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*

4