BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S OBJECTION TO MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY FERN ELIZABETH FISHER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALICIA ZIMMERMAN IN SUPPORT**<br><br>[Relates to Docket Number 13324]<br><br>Hearing Date: January 10, 2023<br>Hearing Time: 10:00 a.m.<br>Place: Hearing will be conducted telephonically or by video |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the *Motion to Allow/Deem Timely Late Filing of Proof of Claim by Fern Elizabeth Fisher; Memorandum of Points and Authorities; Declaration of Alicia Zimmerman in Support Thereof* [Docket No. 13324] (the "**Motion**") filed on December 7, 2022 seeking to have proof of claim 109639 (the "**Proof of Claim**") filed October 26, 2022 on behalf of Fern Elizabeth Fisher ("**Movant**") deemed "timely" for the purpose of administration by the Trust. In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Fire Victim Trust understands that the Fires caused by PG&E in 2015, 2017 and 2108 made it hard for survivors to undertake many everyday tasks due displacement, trauma and other factors. The Trust has been extremely accommodating with respect to late claims and has made every effort to allow as many Fire Victims as possible to present their claims to the Trust for consideration. Nevertheless, the Trustee must balance the Trust's efforts to address as many Fire Victim Claims as possible against the fact that 82,692 Fire Victims – many of whom suffered horrific losses – were able to file timely proofs of claim and are prejudiced by the acceptance of late claims.

The Trust had awarded determination notices for more than 90% of all claim questionnaires that have been submitted to the Trust as of December 15, 2022. The awards associated with those determination notices total $14.53 billion. Until all claims are determined, all determinations are accepted and all of the Trust's PG&E Stock is fully monetized, the Trust is unable to predict with certainty the amount of funds available to pay Fire Victim Claims. The economic prejudice to the Trust's beneficiaries of allowing more late claims into the Trust is manifold, as an increasing number of claims leads to increased administrative expenses and unanticipated adjustments to the Trust's economic modeling and payments. In addition, all late claims serve to delay final payment to Fire Victims who filed timely proofs of claim because the Trust (and other Fire Victims) must wait for late claimants to submit their claims questionnaires and supporting documentation to the Trust before the Trust can begin to administer those claims.

1

Now, nearly three years past the Extended Bar Date, the Trust must be allowed to focus on the claims already submitted and administered and work toward providing closure to those Fire Victims. Absent exceptional circumstances, no further claims should be channeled to the Trust.

**RELEVANT BACKGROUND**

1. On January 29, 2019, PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**").

3. On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672] (the "**Extended Fire Victims Bar Date Order**")

4. The Extended Fire Victims Bar Date Order was entered in response to a motion filed by the TCC. The TCC argued that the Bar Date "should be extended for the fire victims on the ground that evidence filed herewith establishes that a large number of victims are not filing claims in these chapter 11 cases because they are impaired from filing. Their impairments include emotional distress, suffering from trauma caused by the wildfire that destroyed everything they own, confusion caused by the trauma, a lack of awareness of the fire claims bar date, and a belief that a claimant needs to be insured to file a claim." [Docket No. 4293 at 5:2-8]. In considering the TCC motion and approving the resulting stipulation between the TCC and the Debtors, this Court has already considered and addressed the adequacy of notice to Fire Victims. Movants' allegation

that "in this case, there was no widely distributed notice to residents impacted by the subject fires" is contrary to the facts well-known by this Court. The Debtors provided a well-publicized notice of the Extended Bar Date – the ***second notice*** provided to Fire Victims of the claims bar date – and coordinated with TCC for the appointment of a Claims Representative who designed and implemented with his team an expansive outreach effort designed to identify, locate, and assist Fire Victims who were eligible to file claims but failed to do so by the original bar date. As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than 82,000 claimants filed their claims in a timely manner.

## OBJECTION

5.  Movant filed her Proof of Claim 1,030 days after the Extended Bar Date. Although the Motion attributes the delay in filing to Movant's homelessness, it also states that Movant "was unaware of PG&E's bankruptcy and her ability to file a proof of claim for her damages leading to her homelessness" prior to September, 2022 [Dkt. No. 13324, Exhibit 1 at 18-19]. The Trustee does not wish to minimize the difficult circumstances forced upon Movant by the North Bay Fires. However, it appears that the reason for Movant's failure to file a timely proof of claim was not related to her homelessness but instead was due to the fact that she was not aware that her claims against PG&E might be compensable. As the Court has recognized, this reason does not sufficiently "explain why the failure to file a claim for over two and a half years constitutes excusable neglect." [Dkt. No. 13376 6:14-16].

**Equity Favors the Fire Victims who Filed Timely Claims**

1.  The Supreme Court has opined that "that the determination [of whether to allow a late-filed claim to be deemed timely] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 123 L. Ed. 2d 74 (1993). The interests the Court is being asked to balance here are not those of Movant versus those of the Debtors as framed in the Motion, but those of Movant versus those of the Trust and its beneficiaries, the more than 82,000 Fire Victims who filed proofs of claim by the Extended Bar

3

Case: 19-30088    Doc# 13380    Filed: 12/21/22    Entered: 12/21/22 15:26:31    Page 4 of 8

Date despite often seemingly insurmountable odds. All of those timely Fire Victims must wait until *all* claims – including the claim the Motion now requests this Court to deem timely – have been determined before they will find out how much of their claims can be paid. It would be inequitable to allow Movant's late claim to dilute and delay the payment of timely filed claims held by Fire Victims who have engaged with the Trust from its inception.

2. The Motion relies primarily upon the Supreme Court opinion in *Pioneer*. Notably, in *Pioneer*, counsel had filed the claimant's proof of claim only 20 day after the bar date and the Supreme Court found that the bar date notice in that case contained a "dramatic ambiguity" regarding the bar date. By contrast, the Proof of Claim was filed nearly three years after the Extended Bar Date. In addition, the notice of the Extended Bar Date was the *second* notice provided to potential Fire Victims and it was carefully crafted to inform that group of the deadline to file any claims arising from a Fire.

3. While courts have decided that there is no harm to *the debtor* in allowing late claims to be considered when a solvent debtor is paying all claims in full in a bankruptcy case, in this case the Debtors are not paying any additional consideration to the Trust no matter how many late claims are added. Pursuant to Section 6.8(b) of the Plan and Paragraph 18(e)(iii) of the Confirmation Order, the Trustee has stepped into the Debtors' shoes with respect to Fire Victim Claims. The relevant inquiry in a request to deem a late Fire Victim Claim timely is how the requested relief will affect the Trust rather than the Debtors, and specifically the effect on the Trust's beneficiaries, the Fire Victims. Every late claim accepted by the Trust – even those that are ultimately deemed non-compensable – takes time and money from Fire Victims who have met all deadlines and are waiting for their final payments.

4. As this Court has recognized, claimants who file late proofs of claim bear "the burden of presenting facts demonstrating excusable neglect." *In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 89 (2004) (citing *Key Bar Invs., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627 (9th Cir. BAP 1995)). The assertion that Movant was not aware she may have a compensable claim does not meet this burden. In discussing the "excusable neglect" standard of Bankruptcy Rule 9006(b)(1), the Supreme Court referred to the interpretation of Rule 6(b) of the Federal Rules of Civil

4

Procedure and acknowledged that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392, 113 S. Ct. at 1496.

### Application of Pioneer Factors

5. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498.

### Deeming Movant's Late Claim "Timely" Will Prejudice Other Fire Victims

6. The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor. This factor is irrelevant in the present case because the Trust has taken the place of the Debtors with respect to Fire Victim Claims. While it is true that the relief requested in the Motion will not prejudice the *Debtors*, which have already satisfied their funding obligations to the Trust under the Plan, it most certainly prejudices the Trust and its Fire Victim who timely filed proofs of claim arising from Fires in these cases.

7. The *Pioneer* Court noted that "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Equity does not support the filing of a late claim because the claimant has only recently become that others are being paid by the Trust for similar claims. This Court already considered and confirmed the adequacy of the notice of the Extended Bar Date and thousands of Fire Victims with similar claims filed timely claims. For these reasons, the first factor does not support allowing Movants' late claims.

/ / /

/ / /

/ / /

**The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration**

8. The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings. The Proof of Claim was filed 1,030 days after the Extended Bar Date. As noted above, the Trust has a limited fund from which to pay all Fire Victim Claims. As such, the Trust cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates every Fire Victim Claim.

9. The continued addition of claims to the Fire Victim Trust prevents the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with delay. As noted in a recent letter to this Court from a Fire Victim, these delays "are holding up the rest of us!" [Dkt. No. 13365]. The extreme length of Movant's delay and the impact of a nearly three-year delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming the Proof of Claim timely.

**Timely Filing of the Proof of Claim was not Beyond Movant's Control**

10. The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Motion. As explained above, the Motion does not provide any basis for a finding of excusable neglect. While the Motion explains Movant's housing challenges, those challenges do not appear to be the reason the Proof of Claim was not filed until recently. Rather, it appears that the Proof of Claim was not filed timely because Movant was not aware until recently that her claims may be compensable. Ignorance of the need to file a claim is not a sufficient excuse. *See Pioneer*, 507 U.S. at 392, 113 S. Ct. at 1496.

11. Although the Trust does not minimize Movant's claims in any way, tens of thousands of other claimants with similar claims arising from the North Bay Fires were able file timely proofs of claim. This Court determined that notice to all potential Fire Victims was sufficient in connection with both bar orders. The third *Pioneer* factor therefore must also be decided in favor of the Trust and the Fire Victims who have made the effort to engage with the Trust.

6

**Even Without Bad Faith, Equity Does Not Favor Movant Over Other Fire Victims**

12. While the Trustee does not believe that Movant lacks the good faith that comprises the final consideration listed by the *Pioneer* court, the Motion fails to state any facts that justify Movant's nearly three-year delay in filing the Proof of Claim.

13. In addition, as is evidenced by overwhelming number of late claim motions filed within the last two weeks alone, allowing the Proof of Claim to be deemed timely filed without extenuating circumstances would encourage other latecomers to file similar motions.

14. For the foregoing reasons, Movant fails to meet her burden for establishing "excusable neglect" for filing the Proof of Claim nearly three years after the Extended Bar Date. The Proof of Claim therefore should not be deemed timely for the purpose of administration by the Trust.

## CONCLUSION

The Trustee respectfully requests that this Court deny the relief requested in the Motion and grant the Trust such other and further relief as may be just.

DATED: December 21, 2022      BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*