1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Seven Times Square
3  New York, New York 10036
   Telephone:    (212) 209-4800
4  Facsimile:    (212) 209-4801

5  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
6  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
7  Irvine, California 92612
   Telephone:    (949) 752-7100
8  Facsimile:    (949) 252-1514

9  *Attorneys for the Fire Victim Trustee*

10

11                    **UNITED STATES BANKRUPTCY COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
12                     **SAN FRANCISCO DIVISION**

13  In re:                                    Case No. 19-30088 (DM)
                                              Chapter 11
14  **PG&E CORPORATION,**                      (Lead Case)
                                              (Jointly Administered)
15              **- and –**

16  **PACIFIC GAS AND ELECTRIC**              **FIRE VICTIM TRUSTEE'S OBJECTION**
                                              **TO CONSOLIDATED MOTION TO**
17  **COMPANY,**                              **ALLOW/DEEM TIMELY LATE FILING**
    **Debtors.**                              **OF CLAIMANTS, AND MEMORANDUM**
18                                            **OF POINTS AND AUTHORITIES AND**
                                              **DECLARATION OF MICHAEL S.**
19                                            **HENDERSON IN SUPPORT THEREOF**
    ☐ Affects PG&E Corporation
20  ☐ Affects Pacific Gas and Electric Company
    ☑ Affects both Debtors                   [Relates to Docket Number 13327]
21

22                                            Hearing Date:     January 10, 2023
                                              Hearing Time:     10:00 a.m.
23  *All papers shall be filed in the Lead Case,*  Place: Hearing will be conducted telephonically or
    *No. 19-30088 (DM).*                               by video
24

25

26

27

28

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the *Motion to Allow/Deem Timely Late Filing of Claimants, and Memorandum of Points and Declaration* of *Michael S. Henderson in Support Thereof* [Docket No. 13327] (the "**Motion**") filed on December 9, 2022 regarding thirty-nine separate proofs of claim filed between November 30, 2022 and December 7, 2022 on behalf of one hundred seven (107) individual claimants (all claimants collectively, "**Movants**") listed on Exhibit 1 hereto. In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Motion seeks to have the claims of more than one hundred individual claimants deemed timely for the purpose of administration by the Trust with little concern for the Fire Victims who largely filed their proofs of claim **more than three years** before Movants. Once again, this Motion parrots the exact language used by prior late claim motions down to the boiler plate statements of "particular circumstances" for all Movants. As Movants' claims of excusable neglect for their extremely long delays in filing their proofs of claim all are based on the fact that they only recently learned that their claims might be compensable, the Court should deny the Motion for the reasons cited in the Court's December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**").

## RELEVANT BACKGROUND

1.      On January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2.      On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By

1

1  Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the

2  "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3       3.     As a result of the Court's careful consideration of this issue and the thoughtful

4  manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than

5  82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely

6  manner.

7  **OBJECTION**

8       4.     Movants assert that their delays in filing their proofs of claim – between 1,065 and

9  1,072 days after the Extended Bar Date – were "reasonable" because they only recently learned that

10 their claims were compensable.  Yet there are more than 1,700 Fire Victims who filed claims for

11 injuries similar to those asserted by Movants – emotional distress claims that were not associated

12 with a submitted property claim – before the Extended Bar Date, without waiting to see if they

13 would receive compensation for those claims.  Importantly, this figure does not include claimants

14 (for example, children) whose claims were submitted on the same proof of claim as another

15 claimant who asserted property-related claims (such as a parent). Clearly, Movants' claim that they

16 "received absolutely no notice whatsoever of their entitlement to file claim" is overstated at best.

17 As the Court noted in the Late Claim Order, "[d]ue process requires notice of the opportunity to file

18 a claim. That was provided here and generally to thousands of Wildfire Claimants.  Due process

19 does not require the awareness of the type of claim that might have been filed."  Late Claim Order

20 at 6:28-7:4.

21 **Application of Pioneer Factors**

22      1.     In *Pioneer* the Supreme Court applied the majority of what was then the Ninth

23 Circuit test for determining whether a failure to timely file a proof of claim was due to excusable

24 neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its

25 impact on efficient court administration; (3) whether the delay was beyond the reasonable control

26 of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Id.,*

27 507 U.S. at 395, 113 S. Ct. at 1498.

28 / / /

2

**Deeming Movants' Late Claims "Timely" Will Prejudice the Trust**

2.       The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor.  This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims.  As noted in the Late Claim Motion with respect to fewer total claimants than the number represented by Movants, "the impact on administration is more than de minimis and would prejudice the FVT."  Late Claim Motion at 6:14-15.

**The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration**

1.       The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings.  Movants filed their proofs of claim between **1,065 and 1,072 days after the Extended Bar Date** yet claim that their nearly three-year delays were "reasonable."  As noted above, the Trust has a limited fund from which to pay all Fire Victim Claims.  As such, the Trust cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates every Fire Victim Claim.

2.       The continued addition of claims to the Fire Victim Trust prevents the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with delay.  The extreme length of Movants' delay and the impact of a nearly three-year delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming Movants' claims timely.

**Timely Filing Proofs of Claim was not Beyond Movants' Control**

3.       The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Motions.  As explained above, the Motion does not provide any basis for a finding of excusable neglect.  The boiler plate statements used to describe Movants' circumstances – the very same statements used by claimants in the late claim motions recently denied by the Court – fail to explain what prevented Movants from filing proofs of claim earlier.  The third *Pioneer* factor therefore must also be decided in favor of the Trust and the Fire Victims who have made the effort to engage with the Trust.

3

**Even Without Bad Faith, Equity Does Not Favor Movants Over Other Fire Victims**

4.     While the Trustee does not believe that Movants lack the good faith that comprises the final consideration listed by the *Pioneer* court, it is clear from the Motion that Movants were not prevented from filing timely claims by any circumstances.  None of Movants' neighbors who filed timely proof claims knew whether the Trust would compensate them for every claim they asserted against PG&E, yet they filed their claims before the Extended Bar Date rather than waiting to hear what others had received from the Trust.  Many filed without the benefit of counsel to guide them through the process.  The Motion fails to state any facts that justify Movants' nearly three-year delays in filing their proof of claim.

5.     In addition, as is evidenced by overwhelming number of late claim motions filed within the two weeks alone, allowing Movants' proof of claim to be deemed timely filed without extenuating circumstances would encourage other latecomers to file similar motions.  The Trustee provided notice that the Trust would begin strictly reviewing all late claim motions filed after September 30, 2022.  The September 30 "deadline" was widely disseminated by social media and other "word of mouth" sources that Movants claim gave them notice their claims were compensable.

6.     For the foregoing reasons, Movants fail to meet their burden for establishing "excusable neglect" for filing their proofs of claim nearly three years after the Extended Bar Date. Movants' proofs of claim listed on Exhibit 1 hereto should not be deemed timely for the purpose of administration by the Trust.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

## CONCLUSION

The Trustee respectfully requests that this Court deny the relief requested in the Motion and grant the Trust such other and further relief as may be just.

DATED:  December 22, 2022          BROWN RUDNICK LLP


By:   /s/ *David J. Molton*

David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

List Of Movants' Proofs Of Claim

| | CLAIMANT(S) | POC NUMBER | POC FILING DATE |
|---|---|---|---|
| 1. | Kelly Back<br>Laura Thibodean-Back<br>Ryle Back<br>L.B., a minor (parent, Kelly Back) | 109804 | 11/30/2022 |
| 2. | Ralph Barnes<br>Darryn Chandler | 109785 | 12/01/2022 |
| 3. | Rebecca Black | 109805 | 11/30/2022 |
| 4. | John Brodey<br>Cristine Marcus | 109793 | 12/01/2022 |
| 5. | Matthew G. Burtch<br>Mineko Burtch | 109814 | 11/30/2022 |
| 6. | Linda Citti<br>Luca Citti<br>Daniele Citti<br>Isabella Citti | 109784 | 12/01/2022 |
| 7. | David Clawson<br>Tristan Clawson | 109800 | 12/01/2022 |
| 8. | Mary Coscia<br>Anthony Coscia<br>I.C., a minor (parent, Mary Coscia)<br>E.C., a minor (parent, Mary Coscia) | 109811 | 11/30/2022 |
| 9. | Amanda Cream | 109790 | 12/01/2022 |
| 10. | Susan Davis<br>Clifford Davis | 109786 | 12/01/2022 |
| 11. | Dante Digiacomo<br>Gina Digiacomo | 109824 | 12/05/2022 |
| 12. | Michele Donnelly<br>Keith Williams | 109795 | 12/02/2022 |
| 13. | Patricia Donnelly | 109812 | 11/30/2022 |
| 14. | Alexis Wright | 109819 | 12/03/2022 |
| 15. | Jacob Dorosz | 109820 | 12/03/2022 |
| 16. | Tara Duenas<br>Tracy Duenas<br>Dallas Duenas<br>Dylan Duenas<br>D.D., a minor (parent, Tara Duenas) | 109813 | 11/30/2022 |

7

| | CLAIMANT(S) | POC NUMBER | POC FILING DATE |
|---|---|---|---|
| 17. | Kila Gomer<br>Ryan Gomer<br>W.G., a minor (parent, Kila Gomer) | 109797 | 12/02/2022 |
| 18. | Jill Gromm<br>Daniel Gromm<br>Trenton Gromm<br>M.G., a minor (parent, Jill Gromm) | 109796 | 12/03/2022 |
| 19. | Lisa Hartley | 109802 | 12/01/2022 |
| 20. | Marcus Hartley<br>P.H., a minor (parent, Marcus Hartley)<br>A.H., a minor (parent, Marcus Hartley) | 109801 | 12/01/2022 |
| 21. | Ron Kamler<br>Sheree Kamler<br>Tyler Cato<br>B.K., a minor (parent, Ron Kamler) | 109810 | 11/30/2022 |
| 22. | Tracy Kline<br>Sean Baron<br>C.B., a minor (parent, Tracy Kline)<br>P.B., a minor (parent, Tracy Kline) | 109782 | 11/30/2022 |
| 23. | Art Kononuk<br>Soleil Kononuk | 109788 | 11/30/2022 |
| 24. | Kevin Landrus<br>Yanisa Landrus | 109809 | 11/30/2022 |
| 25. | Matthew Lightner<br>Deja Lightner<br>Jonae Arias<br>S.L., a minor (parent, Matthew Lightner) | 109807 | 11/30/2022 |
| 26. | Greg Newton<br>Amy Newton<br>G.N., a minor (parent, Greg Newton)<br>E.N., a minor (parent, Greg Newton)<br>A.N., a minor (parent, Greg Newton) | 109826 | 12/05/2022 |
| 27. | Nicole Poole<br>Joseph Poole<br>L.P., a minor (parent, Nicole Poole)<br>K.P., a minor (parent, Nicole Poole) | 109798 | 12/02/2022 |
| 28. | Deva Proto<br>Mark Proto | 109799 | 12/02/2022 |

| | CLAIMANT(S) | POC NUMBER | POC FILING DATE |
|---|---|---|---|
| 29. | Malcolm Robertson<br>Julia Robertson<br>F.R., a minor (parent, Malcolm Robertson)<br>C.R., a minor (parent, Malcolm Robertson) | 109787 | 11/30/2022 |
| 30. | Margaret Russell<br>Blaine Russell | 109822 | 12/02/2022 |
| 31. | Steve Schofield<br>Shelly Schofield | 109834 | 12/01/2022 |
| 32. | Loren Soukup<br>Jared Soukup<br>B.S., a minor (parent, Loren Soukup)<br>C.S., a minor (parent, Loren Soukup) | 109821 | 12/03/2022 |
| 33. | Gregory Tomko<br>Patricia Tomko | 109789 | 12/01/2022 |
| 34. | Jennifer Tusa | 109794 | 12/01/2022 |
| 35. | Jenifer Week<br>Ben Week<br>Suzanne Week<br>J.W., a minor (parent, Jenifer Week)<br>K.W., a minor (parent, Jenifer Week) | 109808 | 11/30/2022 |
| 36. | Constance Weichel | 109806 | 11/30/2022 |
| 37. | Laureen Barnes<br>Steve Tuor<br>Tanner Seaton<br>Evan Seaton<br>Skylar Tuor | 109837 | 12/7/2022 |
| 38. | Rubi Cordova<br>Cody Cordova<br>Gregg Cordova<br>Marcus Cordova<br>B.C., a minor (parent, Rubi Cordova) | 109835 | 12/07/22 |
| 39. | Diana Kline<br>Earl James Kelly Kline | 109836 | 12/07/22 |