Jacob M. Faircloth, Esq. (SB No. 305390)
Bluestone Faircloth & Olson, LLP
1825 Fourth Street
Santa Rosa, CA 95404
Telephone: (707) 526-4250
Facsimile: (707) 526-0347
Email: jacob@bfolegal.com

Attorneys for Movants/Claimants
[See Exhibit 1's, attached to Docket No. 13318]

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | Case No. 19-30088-DM |
| PG&E CORPORATION, | Chapter 11 |
| and | (Lead Case–Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY | **CLAIMANTS' REPLY MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, DOCKET NO. 13318** |
| Debtors. | |
| _____/ | |
| Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Hearing Date: January 10, 2023<br>Time: 10:00 a.m.<br>Location: Via ZOOM |
| *All papers shall be filed in the Lead Case, No. 19-30088-DM | |
| _____/ | |

Movants/Claimants (as set forth in Exhibits 1 to the Consolidated Motion to Allow/Deem Timely Late Filings of Proofs of Claims (the "Motion"), as Docket No. 13318) file this Reply Memorandum in Support of the Motion and in Response to the PG&E Fire Victim Trust's (the "FVT") Objection to the Motion.

## I.

## **AUTHORITY AND ARGUMENT**

**A.      The FVT Has Failed to Provide Any Evidence Regarding its Objection and its Assertions.**

Local Bankruptcy Rule ("LBR") 9013-1(d) sets forth that factual contentions made in support of, or in opposition to, any motion, application or objection should be

Case: 19-30088    Doc# 13402    Filed: 01/03/23    Entered: 01/03/23 18:34:38    Page 1
of 5

supported by affidavit or declarations and appropriate references to the record.

Here, the primary thrust of the FVT's Objection is twofold: (a) that the late claims will prejudice other fire victims and (b) that the late claims will "dilute" other claims that are being administered. However, the FVT has not engaged in any substantial or substantive discussion regarding the extent (if any) of this prejudice and/or dilution, nor has the FVT provided any evidence/declaration whatsoever regarding these claims. These omissions are fatal to the FVT's Objection.

Moreover, even if the FVT had provided evidence in support of these claims, the mere existence of prejudice, in and of itself, is insufficient. The requisite inquiry is the extent of the prejudice (and also to be carefully weighted with the other *Pioneer* factors). Obviously the mere existence of any prejudice in a case like this would automatically foreclose on all such claims ever being admitted as timely–which is clearly not the case (and discussed more fully in the Claimants' Motion). Therefore, on this issue, some courts have looked at the prejudice through the eyes of the "estate" and/or creditors, wherein they look at the size of the late claim(s) in relation to the estate, as a consideration in determining prejudice. *In re Keene Corp*., 188 B.R. 903, 910 (bankr. S.D.N.Y. 1995). Here, PCG (stock ticker for PG&E) closed 2022 at $16.26–greatly exceeding the FVT's original concerns from 2+ years ago and likely exceeding their wildest expectations. Moreover, the FVT has not engaged in any substantive discussion regarding the extent of possible prejudice, nor has it provided any evidence whatsoever regarding its claim of increased insolvency (particularly in the context of the increasing value of stock and the substantial selling of shares over the last several months).

Based on the foregoing, the Court should grant the Motion. Additionally, the Claimants have already preemptively and thoroughly attempted to delve into the extent of possible prejudice in their Motion–which is wholly unrebutted by the FVT. It's clear that 110 additional claims (compared to the tens of thousands of timely filed claims) is, in fact, *di minimus*–being less than 1% both in number of timely claims and in their aggregate value compared to the *current* (not original) value of the FVT. Even adding

costs of administration of such claims does not substantially increase these values or get close to even being 1%. Notably, we're talking about no more than $20 million in claim values, compared to approximately $5 billion in combined unliquidated stock and cash. This is less than half a percent of the *current* value and an even small amount of the original total value.

**B.    The FVT Asserts More Than 1,700 Timely Emotional Distress Claims Were Filed, But This Fact Supports the Motion.**

The FVT raises the 1,700 figure because the Court previously inquired on the figure at a hearing on a like-Motion. There are two issues that cut against the FVT on this topic. First, the figure is notably low in comparison to the total number of claimants (1,700 of 82,000—or 2%). Given these figures, it's clear that these non-property damage and emotional distress claims likely flew under the radar for everyone—particularly possible claimants.   Second, the FVT bootstraps this discussion to conclude that "[c]learly, Movants' claim that they "received absolutely no notice whatsoever of their entitlement to file a claim" is overstated at best." This is both a non-sequitur and is not rooted in evidence or fact. And, if anything, the low figure actually portrays the exact issue that Movants' have articulated: they were not aware of their claims—which is also supported by the Declaration submitted with the Motion.

**C.    The FVT Incorrectly States that Movants' "have not provided any facts that would support a finding of excusable neglect."**

First, the FVT's assertion is not based in evidence and overlooks the 4-page Declaration of Robert M. Bone submitted with the Motion, which substantially details exactly what the FVT incorrectly asserts is not present in the Motion. The FVT does not respond whatsoever to any of these discussions or claims (with evidence or otherwise), including impact of COVID, knowledge of the claims (and reasoning for why, including impact of other non-compensable fires), and so on.  The FVT also incorrectly asserts that Claimants stated they did not file claims simply because they "were unaware that their claims were compensable".  Again, this is simply not the case and overlooks the Declaration submitted in support of the Motion, which goes into very specific details on

**CLAIMANTS' REPLY MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE-FILING OF CLAIMANTS, DOCKET NO. 13318 -** Page 3

Case: 19-30088   Doc# 13462   Filed: 01/03/23   Entered: 01/03/23 18:34:38   Page 3 of 5

this topic. This Declaration is also far more comprehensive than prior Declarations, which might explain how it was overlooked by the FVT. The Declaration was expanded to give additional details, facts, and context, given that the FVT stated it intended to look harder at (not foreclose on) late claims motions after September 30, 2022.

Second, the additional brief statements are per the Court's 8/28/22 Order and the Court has granted (and the FVT has accepted) like-claims without requiring anything beyond what the Court has asked for on those Motions and with respect to those brief statements (and a supporting Declaration)–nor has the Court amended its Order to clarify.

On this topic, the FVT lacks the following: (1) substantive discussion, and specific responses, regarding the facts and Declaration of Robert M. Bone, and (2) any evidence whatsoever on this topic. Like the above, these omissions are fatal to the FVT's Objection, as the FVT has failed to provide any evidence and has failed to rebut the facts presented by the Claimants.

Based on the foregoing, the Motion should be granted.

WHEREFORE, the Claimants respectfully request that the Court:

1.      Grant the Claimants' Motion;

2.      Grant the Claimants such other and further relief, at law or in equity, to which they may be justly entitled.

DATED: January 3, 2023           BLUESTONE FAIRCLOTH & OLSON, LLP

                                 */S/ Jacob M. Faircloth*
                                 By_____
                                       Jacob M. Faircloth
                                 ATTORNEY FOR THE CLAIMANTS

**CLAIMANTS' REPLY MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, DOCKET NO. 13318** Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation fo the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system or by contacting counsel of record.

DATED: January 3, 2023        BLUESTONE FAIRCLOTH & OLSON, LLP

*/S/ Jacob M. Faircloth*

By_____
        Jacob M. Faircloth
ATTORNEY FOR THE CLAIMANTS

CLAIMANTS' REPLY MEMORANDUM IN SUPPORT OF CONSOLIDATED MOTION TO ALLOW/DEEM TIMELY LATE FILING OF CLAIMANTS, DOCKET NO. 13318 - Page 5