RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
Gary LoCurto, SBN 270372
SINGLETON SCHREIBER LLP
591 Camino del la Reina, Ste. 1025
San Diego, CA 92108
Tel:  (619) 333-7479
Email:  gsingleton@singletonschreiber.com
        glocurto@singletonschreiber.com

Attorneys for SLF Fire Victim Claimants

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>　　and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>　　Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>\* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>REPLY IN SUPPORT OF MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY FERN ELIZABETH FISHER<br><br>Hearing Date: January 10, 2023<br>Hearing Time: 10:00 a.m.<br>Location:　　Via Zoom or Telephone |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF")[1] and Marshack Hays LLP, together with several other firms, represent thousands of victims ("SLF Claimants") of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire" and "LaFayette Fire").

Singleton Schreiber respectfully files this reply ("Reply") in support of the motion on behalf of Fern Elizabeth Fisher ("Movant" or "Ms. Fisher") to deem timely late filed proof of claim ("Motion").[2]

## I. Summary of Argument

The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95.

Here, to say that Ms. Fisher has been living under a rock since 2017 is almost literally true. As a result of the North Bay Fires, she was forced to evacuate from her residence in Clearlake, and she has since resided in a severely burned property with no running water or electricity, or at a campsite (and on the road every seventh day). Any notice of the bar date by mail, television, radio, internet, and other publications would therefore be unlikely to reach her. And, in fact, before September 2022, Ms. Fisher was unaware of PG&E's bankruptcy and her ability to file a proof of claim for her damages. Once Ms. Fisher learned of the bankruptcy, she promptly sought counsel and filed her claim. Ms. Fisher's late-filed claim is attributable to excusable neglect, and she respectfully requests that the Court grant her Motion to deem the claim timely.

/ / /

---

[1] Now known as Singleton Schreiber LLP ("Singleton Schreiber").

[2] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to them in the Motion.

## II. Factual Background

On December 7, 2022, Ms. Fisher filed the Motion, with a supporting "Declaration of Alicia Zimmerman" ("Zimmerman Declaration"). Docket No. 13324. The Motion contains a statement of facts that need not be repeated here.

On December 21, 2022, the Court entered an "Amended Order Denying Motions to Allow Late Claims" regarding several other motions to allow late claims ("Dec. 21 Order"). Docket No. 13377.

That same day, the Fire Victim Trustee ("FVT") filed an "Objection to Motion to Allow/Deem Timely Late Filing of Proof of Claim by Fern Elizabeth Fisher" ("Objection"). Docket No. 13380.

On January 3, 2023, the Court entered an Order Regarding January 10, 2023, Hearing on Motions to File Late Claims. Docket No. 13401.

## III. Legal Argument

As indicated in the Motion, in a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

Here, Ms. Fisher excusably neglected to file a timely claim given that the fires rendered her homeless and severely affected her mental health. *See* Zimmerman Decl. Ex. 1 (statement of Fern Elizabeth Fisher's circumstances). Ms. Fisher was also hospitalized in September and October 2022 due to congestive heart failure. *Id.* And, while Ms. Fisher acknowledges that notice may have been

given by mail, e-mail, print media publications, online advertisements, social media advertisements, local and national television and radio advertisements, a dedicated website, and a toll-free phone number, *See* Docket No. 13377 at 3 (Dec. 21 Order, describing notice procedures), these methods of notice would not necessarily reach a potential claimant like her who has, since the fire, resided in a severely burned property without running water or electricity, or at a campsite and on the road.

Ms. Fisher's circumstances are therefore distinguishable from those of the claimants whose motions were denied in the Dec. 21 Order. Specifically, in the Dec. 21 Order, the Court highlighted that "each claimant describe[d] circumstances that amount to a lack of realization that their particular circumstances could be compensated, but not lack of notice regarding the claims bar date, or of the claims process writ large." Docket No. 13377 at 6. And, while the FVT claims that Ms. Fisher did not submit a timely claim "due to the fact that she was not aware that her clams against PG&E might be compensable" rather than her homelessness, Objection at 4, 7, this argument overlooks Ms. Fisher's statement, that before September 2022, she was unaware of PG&E's bankruptcy and her ability to file a proof of claim for her damages. Zimmerman Decl. Ex. 1.

Further, although allowance of Ms. Fisher's claim may affect administration of the Debtors' estates, the same can be said of any late-filed claim, yet the Federal Rules of Bankruptcy Procedure still allow late-filed claims in instances of excusable neglect, which Ms. Fisher has shown here. Moreover, and as noted by the Court in its Dec. 21 Order, the "[t]rust simply is not fully funded" as stock remains outstanding to be reduced to cash. So while Movant acknowledges allowance of her claim may affect administration of the Trust, calculations and forecasting will need to be adjusted regardless of whether this Motion is granted as currently the stock's cash value remains an unknown variable. In fact, in other cases where there has been a set amount of funds placed in trust to pay victims, claims brought by victims over two years after the filing of bankruptcy have been allowed depending on the individual claimant's reasons for delay.[3]

/ / /

/ / /

---

[3] E.g., as recently as November 30, 2022, the court in *In re Boy Scouts of America*, case filed in February 2020, entered an "Order Authorizing J.M. to File Proof of Claim." Case No. 20-10343-LSS, Docket No. 10725.

## IV. Conclusion

For the reasons set forth above and in the Motion, Ms. Fisher respectfully requests that this Court enter an order pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure as follows:

1. Granting the Motion;
2. Overruling the Objection;
3. Finding that the Subject Proof of Claim filed by Movant is to be allowed as having been timely filed; and
4. Granting such other or further relief as the Court deems just and proper.

Dated: January 3, 2023               MARSHACK HAYS LLP

                                     By: */s/ Laila Masud*
                                         RICHARD A. MARSHACK
                                         LAILA MASUD
                                         BRADFORD N. BARNHARDT
                                         Attorneys for SLF CLAIMANTS

Dated: January 3, 2022               SINGLETON SCHREIBER LLP

                                     By: */s/ Gerald Singleton*
                                         GERALD SINGLETON
                                         GARY LOCURTO
                                         Attorneys for the SINGLETON LAW
                                         FIRM FIRE VICTIM CLAIMANTS