BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S OBJECTION TO LETTER REQUEST OF AARA VIOLA PEDERSEN TO DEEM LATE PROOF OF CLAIM TIMELY FOR THE PURPOSE OF ADMINISTRATION BY THE FIRE VICTIM TRUST**<br><br>[Relates to Docket Number 13404]<br><br>Hearing Date: January 25, 2023<br>Hearing Time: 10:00 a.m.<br>Place: Hearing will be conducted telephonically or by video |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust ("**Trust**"), by and through her undersigned counsel, hereby submits this objection to the letter request of Aara Viola Pedersen ("**Movant**") filed on January 3, 2023 [Dkt. 13404] (the "**Pedersen Letter**"). In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Pedersen Letter seeks to have proof of claim 109843 (the "**Proof of Claim**"), filed on December 28, 2022, deemed timely for the purpose of administration by the Trust with no mention of the impact such relief might have on the Fire Victims who largely filed their proofs of claim more than three years before Movant. As Movant does not provide any basis for a finding of excusable neglect for the extremely long delay in filing the Proof of Claim, the Court should deny the relief requested in the Pedersen Letter for the reasons cited in the Court's December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**").

## RELEVANT BACKGROUND

1. On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806]. The majority of the 82,692 timely filed Fire Victim Claims were filed *before* the Bar Date. By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3. As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than 82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely

1

manner. This number includes in excess of 1,700 claimants who submitted claims substantially similar to those asserted in the Proof of Claim.

### **OBJECTION**

4. As this Court has recognized, claimants who file late proofs of claim bear "the burden of presenting facts demonstrating excusable neglect." *In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 89 (2004) (citing *Key Bar Invs., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627 (9th Cir. BAP 1995)). The Pedersen Letter does not provide any explanation for Movant waiting just under three years after the Extended Bar Date to file the Proof of Claim.

5. In *Pioneer* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Id.,* 507 U.S. at 395, 113 S. Ct. at 1498.

6. The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor. This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims. As noted in the Late Claim Order, when considered together with all of the Fire Victim Claims being administered by the Trust "the impact [of adding additional late claims to the Trust] on administration is more than de minimis and would prejudice the FVT." Late Claim Order at 6:14-15.

7. The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings. The Proof of Claim was filed 1,093 days after the Extended Bar Date – more than three years after others with similar claims filed proofs of claim. As noted above, the Trust has a limited fund from which to pay all Fire Victim Claims. As such, the Trust cannot finally determine how much it can pay on account of ***any*** Fire Victim Claim until it adjudicates ***every*** Fire Victim Claim. Before the Trust can begin to adjudicate a claim, the claimant must submit all necessary documentation to the Trust.

2

1  8. The continued addition of claims to the Fire Victim Trust prevents the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with delay.  The extreme length of Movant's delay and the impact of this three-year delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming the Proof of Claim timely.

  9. The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested by Movant.  The Pedersen Letter states that Movant did not file earlier because she thought that their particular claims were not compensable.  As the Late Claim Order notes, "Due process does not require the awareness of the type of claim that might have been filed." Late Claim Order at 7:3-4.  Nothing in the Pedersen Letter provides a basis for finding that Movant was unable to file the Proof of Claim before the Extended Bar Date for any reason beyond her control.

  10. While the Trustee does not believe that Movant lacks the good faith that comprises the final consideration listed by the *Pioneer* court, Movant fails to provide any justification for the late filing.  There are no exceptional circumstances that warrant adding the Proof of Claim to the Trust for administration with the tens of thousands of timely Fire Victim Claims.

  11. In addition, as is evidenced by overwhelming number of late claim motions filed within December alone, as well as the continuing filing of proofs of claim, allowing the Proof of Claim to be deemed timely filed at this stage would encourage other latecomers to file similar motions.  Such a result would be grossly inequitable to those holding timely filed Fire Victim Claims, who have been waiting years for closure that cannot come until the Trust is able to administer the last Fire Victim Claim.

  12. Movant therefore fails to meet the standard for establishing "excusable neglect" for filing the Proof of Claim nearly three years after the Extended Bar Date.  The relief requested in the Pedersen Letter should be denied.

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that this Court deny the relief requested in the Pedersen Letter and grant such other and further relief as may be just.

DATED: January 4, 2023

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for the Fire Victim Trustee*