KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' OBJECTION TO AMENDED PROOF OF CLAIM NO. 108715 FILED BY DAVID P. ADDINGTON**<br><br>**[Related to Docket No. 12948]**<br><br>Date:   January 10, 2023<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  Zoom Videoconference Appearances Only<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the January 10, 2023, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation and Pacific Gas and Electric Company ("**PG&E**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this status conference statement in connection with their objection to the claim of David P. Addington (Claim No. 108715) (the "**Addington Claim**") through the *Reorganized Debtors' Objection to Amended Proof of Claim No. 108715 Filed by David P. Addington* [Docket No. 12948] filed on September 12, 2022 (the "**Objection**").

The Reorganized Debtors have attempted to reach an agreement with Mr. Addington with respect to the process and timing of litigating his claims since the December 13, 2022 status conference and through the holidays. Although, after much time and effort, the parties had reached the point of exchanging execution copies over the weekend of January 7-8, 2023, they were unable to enter into a stipulation regarding the scheduling of (i) the *Reorganized Debtors' Motion for Summary Judgment on Proof of Claim No. 108715 Filed by David P. Addington*, filed on December 6, 2022 [Docket No. 13320] (the "**Motion for Summary Judgment**"), currently set for hearing on January 25, 2023, and (ii) Mr. Addington's potential motion seeking permission to file a second amended proof of claim (the "**Motion to Amend**"). As discussed below, the Reorganized Debtors believe that clarity on whether Mr. Addington will be filing a Motion to Amend and, if so, resolution of that motion, and finality as to Mr. Addington's claim, is a prerequisite to any further litigation with Mr. Addington. The Reorganized Debtors' proposed schedule for the Motion for Summary Judgment and Motion to Amend is outlined in Section IV, below. In the interim, the Reorganized Debtors have agreed to suspend Mr. Addington's January 11, 2023 deadline to respond to the Motion for Summary Judgment until it is reset by the Court after the Hearing or by agreement of the parties.

## II. PREVIOUS STATUS CONFERENCES

On May 16, 2022, the Court entered the *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392], which (i) disallowed Mr. Addington's Proof of Claim No. 3093, (ii) provided a schedule for Mr. Addington to file an amended proof of claim for damages that occurred after Mr. Addington's signed release of claims

arising from PG&E's revised work agreement, and for the Reorganized Debtors to file an objection to such amended claim, and (iii) set a status conference on the matter for September 13, 2022. On July 5, 2022, through his newly-retained counsel, Mr. Addington filed Proof of Claim No. 108715.

A status conference was held on September 13, 2022, where counsel for Mr. Addington and the Reorganized Debtors agreed to undertake informal discovery of documents potentially relevant to the Addington Claim. That discovery is described in the Motion for Summary Judgment.

A continued status conference was held on December 13, 2022, where Mr. Addington, his former counsel, and counsel for the Reorganized Debtors appeared. At this status conference, (i) Mr. Addington's counsel disclosed to the Court his imminent withdrawal, (ii) Mr. Addington stated for the first time his intention to amend his claim once again,[1] and (iii) the Court and the parties discussed events at Mr. Addington's property on December 2, 2022, where he prevented a PG&E maintenance crew from performing work on PG&E's towers. At this status conference, the Court directed Mr. Addington either to seek to stipulate with the Reorganized Debtors regarding amendment of his claim, or to promptly file the Motion to Amend.[2]

## III.    MATTERS TO BE DISCUSSED AT THE JANUARY 10, 2023 HEARING

### A.    Briefing Schedules on Motion for Summary Judgment and Motion to Amend

As the Reorganized Debtors have stated to this Court and to Mr. Addington, they are willing to provide a reasonable extension to give Mr. Addington sufficient time to respond to the Motion for Summary Judgment. If, as he stated during the December 13 status conference, Mr. Addington intends to amend his claim (for the second time), then he must do so expeditiously, and before there is any further litigation on the pending Motion for Summary Judgment.

---

[1] Mr. Oliner: "I believe, and were Mr. Addington to be added to this call, he would say it, that based on the documents that were produced by PG&E and new evidence, it is his intention to amend his claim . . . ." Dec. 13, 2022, Hr'g Tr. 6:3-6; *see also id.* at 10:7-18 (Mr. Addington confirming he intended to amend his claim).

[2] The Court: "Mr. Addington, I'll just say this to you, you need to get Mr. Rupp's consent to your filing an amended claim, or you need to file a motion to amend the claim and get on with that." *Id.* 8:18-21. Although, shortly after the hearing, Mr. Addington agreed to provide the Reorganized Debtors with his proposed amended claim promptly, in later correspondence he seemed to anticipate that he would file a motion instead because he thought that PG&E's approval of the amendment would be unlikely. Rupp Decl., Ex. C.

During scheduling discussions between the parties, Mr. Addington would not provide any information as to what his second amended claim against PG&E would be. Although Mr. Addington initially reiterated that he would amend his claim and proposed that he would do so by January 16 (Rupp Decl., ¶ 4, Ex. B), subsequently, he suggested that he had not yet decided whether he would "seek to amend [his] claim such that the issues raised in the summary judgment motion are no longer applicable or attempt to refute the rational[e](s) for dismissal or some combination of those two things." Rupp Decl., Ex. C. It is a waste of the Reorganized Debtors' resources, as well as the Court's time, for Mr. Addington to require the Reorganized Debtors to litigate his pending claim when he has already stated his intention to amend that same claim. Moreover, as discussed below, it is inappropriate for Mr. Addington to use the pending Motion for Summary Judgment as an opportunity to engage in pre-amendment discovery. For this reason, although the Reorganized Debtors are keen to bring an end to this litigation that has been ongoing for 18 months (since they filed their objection to Mr. Addington's original claim, which objection the Court sustained nearly eight months ago), if Mr. Addington files his Motion to Amend promptly, the Reorganized Debtors are willing to suspend briefing on the Motion for Summary Judgment until after the Motion to Amend is decided. Also, in the event that Mr. Addington declines to file the Motion to Amend, the Reorganized Debtors have offered an extension to the deadline by which he must file a response to the Motion for Summary Judgment.

On Friday, January 6, the Reorganized Debtors and Mr. Addington reached an agreement on the schedule set forth in Section IV, below, and execution copies of a stipulation were sent to Mr. Addington on the morning of Saturday, January 7. However, on the evening of Sunday, January 8, Mr. Addington e-mailed counsel for the Reorganized Debtors to express his objection to the condition that he would not seek to file any further amended claims in these Chapter 11 Cases except pursuant to the stipulated schedule, despite his not previously raising this issue when the same term was included in every previous draft stipulation shared with him. As discussed above, the litigation on Mr. Addington's claim cannot proceed until there is some finality as to what his claim is. The Reorganized Debtors have been litigating with Mr. Addington since May 2021, have obtained an order disallowing his first claim, and have a pending summary judgment motion to disallow his second. Mr. Addington

1  has not provided any indication as to what his next amended claim will be, but if he is going to seek
2  to amend his claim yet another time, he should be subject to a deadline by which to do so, and that
3  should be his final opportunity.  Enough time has passed, and there has been enough litigation between
4  the parties, that Mr. Addington should be able to finalize his claim and proceed with the litigation.

5  **B.    Discovery**

6  As discussed in the Motion for Summary Judgment, the parties undertook some informal
7  discovery pursuant to a specific agreement between counsel for the Reorganized Debtors and
8  Mr. Addington's former counsel.  The Reorganized Debtors have provided hundreds of documents
9  responsive to the requested discovery under this agreement, while Mr. Addington has yet to produce
10  anything beyond a handful of nonresponsive documents.[3]  Notwithstanding this, during the parties'
11  discussions regarding possible stipulation to a briefing schedule, Mr. Addington sought a wide range
12  of additional discovery from the Reorganized Debtors, without committing to complete his already
13  agreed-upon production.  *See* Rupp Decl., Ex. C.

14  The Reorganized Debtors are not *per se* opposed to providing additional, reasonable, discovery
15  relevant to their objection to a pending claim (provided that Mr. Addington respond to any discovery
16  sought from him), and, but for his stated intention to amend his claim, they would meet and confer
17  with Mr. Addington with respect to the reasonable scope of any further discovery.  However, until
18  Mr. Addington submits his amended claim, the Reorganized Debtors are unable to determine the
19  relevance and appropriateness of any discovery request or take additional discovery from
20  Mr. Addington.  Rather than permit Mr. Addington to use the pending Motion for Summary Judgment
21  as a backdoor to a fishing expedition for a further amendment of his claim, the Reorganized Debtors
22  respectfully submit that any further discovery be stayed until there is clarification on the question of
23  <u>what</u> claim is to be litigated.

24

25

26  [3] In particular, the Reorganized Debtors requested that Mr. Addington provide (during an agreed-upon subject period of November 4, 2016 to June 1, 2017) "all reports, plans, proposals, estimates,
27  etc. prepared by any person that are in his possession concerning the landscaping or other renovation of his yard during the relevant period, as well as any correspondence between Mr. Addington or
28  anyone acting as his representative and any contractor, landscaper designer, engineer, etc. regarding his yard."

**C.     PG&E Work at Addington Property**

Finally, counsel for the Reorganized Debtors understands—and Mr. Addington has confirmed—that the PG&E work originally scheduled for December 2, 2022, at Mr. Addington's property is now scheduled to take place on January 25, 2023.  If this work goes forward without incident, it is unlikely that the parties will need to seek any further guidance from the Court on this matter.

**IV.     PROPOSED SCHEDULE**

The Reorganized Debtors believe that the following schedule will best resolve their concerns and allow Mr. Addington adequate time to either seek amendment of his claim or respond to the Motion for Summary Judgment.

1.     The January 25 Hearing is vacated, and all briefing on the Motion for Summary Judgment is suspended, subject to Paragraph 5 herein.

2.     Mr. Addington shall have until February 1, 2023, to file the Motion to Amend.  Any opposition by the Reorganized Debtors to the Motion to Amend shall be filed and served on or before February 15, 2023. The Motion to Amend shall be heard on February 22, 2023, at 10:00 a.m. (prevailing Pacific time).

3.     If Mr. Addington does not file the Motion to Amend by February 1, 2023, the parties shall thereafter meet and confer with respect to the scope of any further discovery in connection with the Motion for Summary Judgment.  Otherwise, any discovery by the parties shall be stayed until the earlier of (i) disposition of the Motion to Amend, or (ii) further order of the Court.

4.     Mr. Addington shall not seek to file any further amended claims in these Chapter 11 Cases except as set forth in paragraph 2.

5.     If Mr. Addington does not file the Motion to Amend pursuant to Paragraph 2 herein, the Motion for Summary Judgment shall be heard on March 22, 2023, at 10:00 a.m. (prevailing Pacific Time).  Mr. Addington shall file and serve by e-mail on counsel for the Reorganized Debtors any opposition to the Motion for Summary Judgment by February 22, 2023.  Any reply brief by the Reorganized Debtors shall be filed and served by March 15, 2023.

The Reorganized Debtors look forward to discussing these issues at the status conference.

Dated: January 9, 2023

KELLER BENVENUTTI KIM LLP

/s/ *Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for Debtors and Reorganized Debtors*