# EXHIBIT A

**(December 16, 2022 Letter to David Addington)**



December 16, 2022

**BY E-MAIL ONLY**

Mr. David P. Addington
298 Saint James Drive
Piedmont, CA 94611
dpapiedmont@gmail.com

Re: *In re PG&E Corporation*, Case Nos. 19-30088, *et al.* (Bankr. N.D. Cal.); Proof of Claim No. 108715

Dear Mr. Addington:

I write on behalf of PG&E Corporation and Pacific Gas and Electric Company, debtors and reorganized debtors in the above-referenced chapter 11 cases (together, "**PG&E**") currently pending in the United States Bankruptcy Court for the Northern District of California ("**Bankruptcy Court**").

I am writing to follow up on a number of issues raised at the December 13, 2022 status conference before the Bankruptcy Court at which you, I, and your former counsel, Mr. Ron Oliner, appeared (the "**Status Conference**").

Second Amended Proof of Claim
At the Status Conference, you indicated that you intend to file a second amended proof of claim, and the Bankruptcy Court held that you must obtain either PG&E's consent or an order of the Bankruptcy Court before doing so. The deadline to file proofs of claim in PG&E's bankruptcy case was October 21, 2019—over three years ago. The Bankruptcy Court has already permitted you one amendment. Your original proof of claim was disallowed after nearly a year of litigation, and, as stated in PG&E's motion for summary judgment, PG&E contends that your amended proof of claim is also deficient. Both of your proofs of claim related to specific events in 2016–2017, and there is no reason that you could not have asserted any further amended claims arising from these events prior to this late juncture. PG&E therefore expects that another amended claim would do nothing more than prolong this litigation and cause PG&E to incur unnecessary legal expense. For all of these reasons, PG&E is disinclined to consent to your filing a second amended claim and would likely oppose any motion seeking to do so. Nonetheless, if you would like PG&E to consider stipulating to the amendment of your claim to avoid the time and expense of a motion, please send me a draft second amended proof of claim as soon as possible so that PG&E may review it.

Thomas B. Rupp
Direct: 415.364.6745
Cell: 415.636.9015
Email: trupp@kbkllp.com

650 California Street, Suite 1900
San Francisco, CA 94108

Motion for Summary Judgment

As you are aware, PG&E has filed a motion for summary judgment on its objection to your amended proof of claim—Proof of Claim No. 108715. PG&E's motion for summary judgment on your claim is currently set for hearing on January 25, 2023, at 10:00 a.m. Your response deadline for this motion is currently **January 11, 2023, at 4:00 p.m.** Prior to the Status Conference, I discussed with Mr. Oliner the possibility of a reasonable extension of time for you to respond to the motion, given the circumstances of his withdrawal and the holidays. Please let me know as soon as possible if you would like to discuss a new briefing schedule and hearing date for the motion, possibly in conjunction with a briefing schedule for a motion by you to amend your claim.

Outstanding Discovery

At the Status Conference, I noted for the Bankruptcy Court that you still owe discovery to PG&E pursuant to the agreement memorialized in my September 26, 2022 e-mail with Mr. Oliner regarding informal discovery. PG&E completed its production under this agreement on November 23, 2022. Through your counsel, you agreed to produce:

> all reports, plans, proposals, estimates, etc. prepared by any person that are in [your] possession concerning the landscaping or other renovation of [your] yard during the relevant period, as well as any correspondence between [you] or anyone acting as [your] representative and any contractor, landscaper designer, engineer, etc. regarding [your] yard.

On November 2, 2022, Mr. Oliner sent me an e-mail attaching a total of seven (7) documents: a record of your invalid easement termination (which had already been filed with the Court and is not responsive to PG&E's request), four attorney invoices, and two pages of architect drawings. On November 10, Mr. Oliner e-mailed me and stated that you would be getting him a "thumb drive" soon. Please advise as to when PG&E can expect the balance of your production.

Events on December 2, 2022

Finally, let me reiterate PG&E's grave concerns regarding the events at your property on December 2, 2022, which were briefly described in the statement PG&E filed the day before the Status Conference. As you are aware, the Bankruptcy Court has already ruled that your June 2017 notice of termination was legally ineffective and did not terminate PG&E's easement. Yet I understand that you falsely represented to PG&E workers and officers from the Piedmont Police Department that the easement had been terminated.

A PG&E representative will contact you separately regarding the rescheduling of the work. PG&E reserves all of its rights to proceed against you in any manner it deems appropriate, including by seeking sanctions against you in the Bankruptcy Court for willfully violating its May 16, 2022 order.

David P. Addington
December 16, 2022
Page 3

We request your prompt attention to this letter, and a response by no later than December 23, 2022.

Very Truly Yours,

Thomas B. Rupp