# EXHIBIT C

**(December 30, 2022 E-mail from David Addington)**

# Thomas Rupp

| | |
|---|---|
| **From:** | David Addington <dpapiedmont@gmail.com> |
| **Sent:** | Friday, December 30, 2022 6:52 PM |
| **To:** | Thomas Rupp |
| **Subject:** | Re: PG&E / Addington - RE: Client Discussions |

Mr. Rupp,

I certainly do not have a thumb drive worth of material responsive from the dates of November 4, 2016 to June 1, 2017.   I am not sure what the significance of the June 1, 2017 date is - especially in light of the Judge's ruling that my termination notice was invalid.  It seems to me that the more apt end date is the date of your clients Bankruptcy filing.   Do you disagree?

David

On Fri, Dec 30, 2022 at 11:01 AM David Addington <dpapiedmont@gmail.com> wrote:
> Mr. Rupp,
>
> I had not seen the email you have attached.  In fact, this email answers a number of the questions I had recently raised.  I would like to read it more carefully and get back to you as soon as possible with a response.  I am blocking out two hours this afternoon for this specific task.
>
> I do intend to amend my claim and I intend to ask your client for its approval of my amendment.  As PG&E's approval seems unlikely, and I am unfamiliar with the process to gain approval, an answer to your motion might be required due to timing.  Your email seems to imply that these two paths are mutually exclusive for reasons I am not aware of.  I can't imagine how my intentions, alter what the court procedure requires.
>
> I have a claim filed.  PG&E has filed a motion for summary judgment to dismiss that claim.  I need to file a response to that motion.  My response could seek to amend my claim such that the issues raised in the summary judgement motion are no longer applicable or attempt to refute the rational(s) for dismissal or some combination of these two things.  Given the circumstances of our diametrically opposed interests, I need to present my response fully crafted before opening it up to your well reasoned critique.  I am not hiding the ball.  As soon as I am able, I will provide you a response.
>
> How many claims remain unresolved in the PG&E bankruptcy?  If I am the last remaining, I understand the urgency, but otherwise a think a 30 day extension to respond to your motion - filed before even voluntary production is completed - is a reasonable request.
>
> As you can certainly understand, I would not want to commit to filing an amended claim if that intention alone foreclosed the rights for discovery available under the existing claim.
>
> I will be back to you this afternoon regarding the voluntary production due from me.
>
>
> On Thu, Dec 29, 2022 at 8:03 PM Thomas Rupp <trupp@kbkllp.com> wrote:
>>
>> Mr. Addington,

1

My agreement with Mr. Oliner regarding informal discovery is attached.  PG&E has met its obligations under this informal agreement, but you have not met yours.  I am surprised that you have not seen the agreement, but I must assume that Mr. Oliner advised you as to its contents, since I spoke with him about your production on numerous occasions and have a November 10 e-mail from him indicating that you would be getting him a "thumb drive" soon.

Regarding the draft stipulation:  You represented to the Court at the status conference on December 13 that you intended to amend your claim.  However, you declined to provide detail regarding any amendment when I spoke with you by telephone on December 19, and your most recent e-mail does not mention amendment.  Instead, you now are asking for an additional 30 days to respond to PG&E's motion for summary judgment.   PG&E is thus left confused:  do you intend to respond to the motion for summary judgment, or do you intend to amend your claim?  We are happy to continue working with you on a stipulated schedule for either path, but in order to do so we need to understand which path you plan to take.

If you are on the fence, it may be best to have a status conference where we can flesh this out with Judge Montali's help.  Please advise.

_____

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com



*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

**From:** David Addington <dpapiedmont@gmail.com>
**Sent:** Thursday, December 29, 2022 10:46 AM
**To:** Thomas Rupp <trupp@kbkllp.com>
**Subject:** Re: PG&E / Addington - RE: Client Discussions

Mr. Rupp,

As we have discussed, I want to produce those documents subject to the agreement for specific informal discovery with Mr. Oliner.  Unfortunately, the specifics of the informal discovery agreement are unknown to me.  As I asked previously, can you please inform me as to those specifics?  As you may recall, I layed out some suggested dates for my compliance in a prior email.  What do you want and when do you want it?

I did not reiterate my objection to suspension of discovery in my December 26 email.  I made the objection in my email of December 22.  You responded that the suspension was for my benefit as the only items outstanding were those I owed to PG&E.

I am available to speak with you any time this afternoon or as your schedule permits regarding the existing, but unknown to me, informal discovery agreement as well as modifications to the same.

I am not willing to sign the extension agreement as drafted.  A suspension of discovery will hinder my ability to respond to the filed motion for summary judgement.  Moreover, I do not want to confuse the issues.  My response to the Motion of Summary Judgement is due Jan 11, 2023.  I am requesting an additional **30 days** for this response.  Nothing more is needed.  I believe the request is reasonable.  I am not comfortable with tying this extension request with these other issues.  I have only taken over the case recently.  The unknown informal discovery agreement is but one item that some additional time will serve to clarify.

I have agreed, in writing, to facilitate the work at 298 Saint James planned for Jan 25.  I can give you a copy of the email correspondence with PG&E should you not be able to get it from them.

I look forward to speaking with you.

On Thu, Dec 29, 2022 at 7:08 AM Thomas Rupp <trupp@kbkllp.com> wrote:

Mr. Addington,

I understand that you have had positive communications with Mr. Mike Sample of PG&E regarding the January 25 work on the towers. Please let me know if Paragraph 8 in the draft stipulation is now acceptable to you.

Your request for new discovery in your December 27 e-mail is surprising, since you have not yet completed your response to PG&E's outstanding request from September, and your e-mail on December 26 indicated that you would agree to a term in the scheduling stipulation that suspended discovery (Paragraph 7). It was our intention to suspend discovery so that we could address the issue of your amendment to your claim without distraction. If it is your intention to seek new discovery from PG&E with regard to your current claim, then we insist that you comply with PG&E's outstanding requests first.

Furthermore, the agreement that I had with Mr. Oliner for specific informal discovery was solely for that production. There are rules regarding formal written discovery, and I expect you to comply with them absent any new agreement between us going forward. *See* Fed. R. Bankr. P. 7026 *et seq.* (e.g., number of requests for each type of discovery, signature requirement, time to respond, objections, etc.). If you would like to reach a new agreement for more informal discovery, I am happy to discuss it with you, but no discussion would be productive until you have either complied with PG&E's previous request or shared a draft of your proposed second amended claim.

Please let me know if you will be able to sign the last version of the stipulation and proposed order, attached here. Thank you.

_____

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com

KBK | KELLER BENVENUTTI KIM
www.kbkllp.com

*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

---

**From:** Thomas Rupp
**Sent:** Wednesday, December 28, 2022 7:03 AM
**To:** David Addington <dpapiedmont@gmail.com>
**Subject:** RE: PG&E / Addington - RE: Client Discussions

Mr. Addington,

Thank you for your e-mail. I will review with my client and get back to you.

_____

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com



*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

---

**From:** David Addington <dpapiedmont@gmail.com>
**Sent:** Tuesday, December 27, 2022 4:29 PM
**To:** Thomas Rupp <trupp@kbkllp.com>
**Subject:** Re: PG&E / Addington - RE: Client Discussions

Mr. Rupp,

I have completed the review of the document production from PG&E.

I realize that we are working under the guise of a voluntary production and that likely has any number of ramifications - all unknown to me. But, given the plain meaning of voluntary, I thought it reasonable to start by making this straight forward request.

I have the following requests for documentation and confirmations:

1. PGE-ADDINGTON-00002202    Please provide the source of this document.
2. PGE-ADDINGTON-00000709    Please provide the agreement/communications with ASEC, Inc. that resulted in the Possible Soil Removal Report of March 3, 2017.
3. PGE-ADDINGTON-00000420    Please provide the mentioned "recon package" and a working link or other access to the photos referenced showing the pre-work conditions.
4. PGE-ADDINGTON-00001853    Please provide the referenced Final Invoice.
5. No agreement with ARCADIS regarding the work at 298 Saint James, Towers 30/32 was produced. Please confirm that no such agreement from 298 Saint James is in PG&E possession or control
6. PGE-ADDINGTON-00002192    Given the requirement for an educated guess, please confirm that no topographic data from 298 Saint James is in PG&E possession or control.
7. Please confirm that no as-built drawings of the towers at 298 Saint James are in PG&E possession or control.
8. Please confirm that no geotechnical information from 298 Saint James is in PG&E possession or control.
9. Please confirm that no compaction report from 298 Saint James is in PG&E possession or control.
10. Please confirm that no engineering study from 298 Saint James is in PG&E possession or control other than the March 3, 2017, ASEC, Inc. report.
11. Please confirm that no information regarding the retaining walls at 298 Saint James is in PG&E possession or control.

I am available as suits your schedule to discuss these requests as well as what you may have heard from PG&E regarding the extension language modifications.

Sincerely,

David P. Addington

415 606 6552

On Mon, Dec 26, 2022 at 4:04 PM Thomas Rupp <trupp@kbkllp.com> wrote:

Mr. Addington,

Thank you. I have reached out to my client on your question and will get back to you as soon as I hear back from them.

_____

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com



*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

---

**From:** David Addington <dpapiedmont@gmail.com>
**Sent:** Monday, December 26, 2022 9:17 AM
**To:** Thomas Rupp <trupp@kbkllp.com>
**Subject:** Re: PG&E / Addington - RE: Client Discussions

Mr. Rupp,

These changes look acceptable to me with the exception on #8.

Before I agree to the work, I want to know what the work is and a few details. Could someone at PG&E reach out to me to discuss their plans? If I am deemed too unruly to speak with in person or on the phone, an email exchange will suffice.

On Fri, Dec 23, 2022 at 1:16 PM Thomas Rupp <trupp@kbkllp.com> wrote:

Mr. Addington,

I did not get a call from you yesterday. Attached are new drafts I have prepared (and redlines) that will make your deadline January 21. I have not yet confirmed with my client yet, but I believe this timing would work for them.

Since all of the current outstanding discovery is owed by you, the suspension of discovery we proposed is for your benefit.

I am in and out the rest of the afternoon, but around next week. Thanks.

_____

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com



*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

---

**From:** David Addington <dpapiedmont@gmail.com>
**Sent:** Thursday, December 22, 2022 12:56 PM

**To:** Thomas Rupp <trupp@kbkllp.com>
**Subject:** Re: PG&E / Addington - RE: Client Discussions

I don't know if it makes a difference to your client, but I am removing the recorded notice of termination from the property.

On Thu, Dec 22, 2022 at 12:52 PM David Addington <dpapiedmont@gmail.com> wrote:

> I like the date to be January 21, 2023. Your proposal allows me only 2 child free days to respond or amend my claim. It is not sufficient.
>
> If I am to respond to the summary judgement motion, I can't agree to suspend discovery. What is the purpose of this suspension anyway? I thought I owed items to you.
>
> I am unaware of any scheduled work on the towers. I am available to discuss the work with you or a PG&E representative. Given the past deceptions, I think it prudent that I have a clear understanding of what is proposed before agreeing carte blanc.
>
> I'll give you a call later this afternoon to discuss further. If you feel your client can not accommodate the additional time, let me know as soon as possible.
>
> Sincerely,
>
> David P. Addington
>
> On Thu, Dec 22, 2022 at 11:09 AM Thomas Rupp <trupp@kbkllp.com> wrote:
>
>> Mr. Addington,
>>
>> Your timing is good. Please see the attached draft stipulation and proposed order that should address the issues we discussed on Monday. Let me know if you have any questions. Thanks.

THOMAS RUPP

650 California Street, Suite 1900

San Francisco, CA 94108

Direct: 415.364.6745

Cell: 415.636.9015

Email: trupp@kbkllp.com



*This e-mail and any attachment may contain communications or information that is privileged and confidential. If you have received this e-mail in error, please notify the sender and destroy it immediately.*

---

**From:** David Addington <dpapiedmont@gmail.com>
**Sent:** Thursday, December 22, 2022 10:33 AM
**To:** Thomas Rupp <trupp@kbkllp.com>
**Subject:** Client Discussions

Mr. Rupp,

Have you been able to obtain your client's approval for an extension for my response to your pending motion?

My kids are out of school from this afternoon until January 9. I'd like to spend some of this time chasing the balls down the hill with them, but I need an extension of time to allow for this.

Sincerely,

David P Addington