1    UNITED STATES BANKRUPTCY COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    -oOo-

4    In Re:                          ) Case No. 19-30088
                                     ) Chapter 11
5    PG&E CORPORATION AND PACIFIC    )
     GAS AND ELECTRIC COMPANY        ) San Francisco, California
6                                    ) Tuesday, January 10, 2023
              Reorganized Debtors.   ) 10:00 AM
7    _____   )
                                     OMNIBUS OBJECTION TO CLAIMS
8                                    (ONE HUNDRED EIGHTEENTH)
                                     (CHARMBURY CLAIMS) FILED BY
9                                    PG&E CORPORATION [13117]

10                                   STATUS CONFERENCE REGARDING
                                     REORGANIZED DEBTORS' MOTION
11                                   FOR SUMMARY JUDGMENT ON PROOF
                                     OF CLAIM NO. 108715 FILED BY
12                                   DAVID P. ADDINGTON [13320]

13                                   FIRE VICTIM TRUSTEE'S
                                     OBJECTION TO CONSOLIDATED
14                                   MOTION TO ALLOW/DEEM TIMELY
                                     LATE FILING OF CLAIMANTS
15                                   FILED BY CATHY YANNI [13385]
                                     (RELATED TO MOTION 13327)
16
                                     CONSOLIDATED MOTION TO
17                                   ALLOW/DEEM TIMELY LATE
                                     FILING OF CLAIMANTS FILED BY
18                                   CONSOLIDATED MOTION CLAIMANTS
                                     [13327]
19
                                     FIRE VICTIM TRUSTEE'S
20                                   OBJECTION TO MOTION TO
                                     ALLOW/DEEM TIMELY LATE FILING
21                                   OF PROOF OF CLAIM BY FERN
                                     ELIZABETH FISHER [13380]
22                                   (RELATED TO MOTION 13324)

23                                   MOTION TO ALLOW/DEEM TIMELY
                                     LATE FILING OF PROOFS OF
24                                   CLAIM BY FERN ELIZABETH
                                     FISHER FILED BY SLF FIRE
25                                   VICTIM CLAIMANTS [13324]

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1

2  FIRE VICTIM TRUSTEE'S
   OBJECTION TO LETTER REQUEST
   OF PATRICK CORY SMITHSON TO
3  DEEM LATE PROOF OF CLAIM
   TIMELY FOR THE PURPOSE OF
4  ADMINISTRATION BY THE FIRE
   VICTIM TRUST. FILED BY CATHY
5  YANNI [13353] (RELATED TO
   MOTION 13317)

6

7  MOTION TO FILE CLAIM AFTER
   CLAIMS BAR DATE. FILED BY
   PATRICK SMITHSON [13317]

8

9  FIRE VICTIM TRUSTEE'S
   OBJECTION TO LETTER REQUEST
   OF MEJIA HOUSEHOLD TO DEEM
10 LATE PROOF OF CLAIM TIMELY
   FOR THE PURPOSE OF
11 ADMINISTRATION BY THE FIRE
   VICTIM TRUST FILED BY CATHY
12 YANNI [13351] (RELATED TO
   MOTION 13305)

13

14 MOTION TO FILE CLAIM AFTER
   CLAIMS BAR DATE. FILED BY
   ONESIMO GONZALEZ, MABEL PAZ,
15 VICTORIA MEJIA, RICARDO MEJIA
   SR., REICARDO MEJIA JR.
16 [13305]

17 FIRE VICTIM TRUSTEE'S
   OBJECTION TO LETTER REQUEST
18 OF DANIEL AND JULIANNE ERDMAN
   TO DEEM LATE PROOF OF CLAIM
19 TIMELY FOR THE PURPOSE OF
   ADMINISTRATION BY THE FIRE
20 VICTIM TRUST [13388] (RELATED
   TO MOTION 13341)

21

22 MOTION TO FILE CLAIM AFTER
   CLAIMS BAR DATE. FILED BY
   DANIEL AND JULIANNE ERDMAN
23 [13341]

24 FIRE VICTIM TRUSTEE'S
   OBJECTION TO LETTER REQUEST
25 OF FREWOINI GARCIA TO DEEM

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

```
 1                                    LATE PROOF OF CLAIM TIMELY
                                      FOR THE PURPOSE OF
 2                                    ADMINISTRATION BY THE FIRE
                                      VICTIM TRUST FILED BY CATHY
 3                                    YANNI [13336] (RELATED TO
                                      MOTION 13291)
 4
                                      MOTION TO FILE CLAIM AFTER
 5                                    CLAIMS BAR DATE FILED BY
                                      RUBYANA GARCIA [13291]
 6
                                      FIRE VICTIM TRUSTEES
 7                                    OBJECTION TO CONSOLIDATED
                                      MOTION TO ALLOW/DEEM TIMELY
 8                                    LATE FILING OF CLAIMANTS.
                                      FILED BY CATHY YANNI [13372]
 9                                    (RELATED TO MOTION 13318)

10                                    MOTION TO ALLOW CLAIMS /DEEM
                                      TIMELY CLAIM. FILED BY
11                                    CONSOLIDATED MOTION CLAIMANTS
                                      [13318]
12
                       TRANSCRIPT OF PROCEEDINGS
13               BEFORE THE HONORABLE DENNIS MONTALI
                    UNITED STATES BANKRUPTCY JUDGE
14
      APPEARANCES (All present by video or telephone):
15    For the Reorganized         THOMAS B. RUPP, ESQ.
      Debtors:                    Keller Benvenutti & Kim LLP
16                                650 California Street
                                  Suite 1900
17                                San Francisco, CA 94108
                                  (415)636-9015
18
      For Fire Victim Trust:      SUSAN SIEGER-GRIMM, ESQ.
19                                Brown Rudnick LLP
                                  Seven Times Square
20                                New York, NY 10036
                                  (212)209-4800
21
      For Claimants of Law        PAUL M. JAMOND, ESQ.
22    Offices of Michael S.       Law Office of Paul M. Jamond
      Henderson:                  718 Orchard Street
23                                Santa Rosa, CA 95404
                                  (707)526-4550
24

25
```

```
 1   For Fern Elizabeth Fisher:   LAILA MASUD, ESQ.
                                  Marshack Hays LLP
 2                                780 Roosevelt
                                  Irvine, CA 92620
 3                                (949)333-7777

 4   For Fire Claimants:          JACOB M. FAIRCLOTH, ESQ.
                                  Blueston Faircloth & Olson, LLP
 5                                1825 Fourth Street
                                  Santa Rosa, CA 95404
 6                                (707)526-4250

 7
     Also Present:                David P. Addington
 8                                Individual Claimant

 9                                Patrick Smithson
                                  Individual Claimant
10
                                  Ricardo Mejia
11                                Individual Claimant

12                                Daniel Erdman
                                  Individual Claimant
13
                                  Frewoini Garcia
14                                Individual Claimant

15

16

17

18   Court Recorder:             LORENA PARADA/ANKEY THOMAS
                                  United States Bankruptcy Court
19                                450 Golden Gate Avenue
                                  San Francisco, CA 94102
20

21   Transcriber:                MICHAEL DRAKE
                                  eScribers, LLC
22                                7227 N. 16th Street
                                  Suite #207
23                                Phoenix, AZ 85020
                                  (973)406-2250
24
     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.
```

PG&E Corp. & Pacific Gas And Electric Co.

1

-oOo-

2

(Call to order of the Court.)

3

THE CLERK:  Court is now in session.  The Honorable

4

Dennis Montali presiding.  Calling the matter of PG&E

5

Corporation.  I'll bring in Mr. Addington and Mr. Rupp in now.

6

THE COURT:  All right.  Good morning.  Mr. Rupp, make

7

your appearance, please.

8

MR. RUPP:  Good morning, Your Honor.  Thomas Rupp of

9

Keller Benvenutti Kim on behalf of the reorganized debtors.

10

THE COURT:  Mr. Addington, you need to turn on a

11

camera or at least a microphone.

12

MR. ADDINGTON:  And I'm happy to turn on a camera too.

13

Let me see if I can do that.

14

THE COURT:  All right.  Good morning.

15

MR. ADDINGTON:  Good morning.  How are you, sir?

16

THE COURT:  Just state your name for the record, Mr.

17

Addington.

18

MR. ADDINGTON:  David Preston Addington.

19

THE COURT:  Okay.  I've read the papers.  What is it

20

that you're concerned about, Mr. Addington, about amending

21

again?  I mean, you've got an awful lot of times to amend.  But

22

what's your concern about the stipulation?

23

MR. ADDINGTON:  My only concern there, sir, is when

24

I -- I do intend to file an amendment.  And if the Court finds

25

PG&E Corp. & Pacific Gas And Electric Co.

1    that I have missed some minor element of it and want me to add

2    that element, that would be, I would assume, an additional

3    amendment, and I'd like to have the right to do that.

4            THE COURT:  Well, I mean, I don't independently do

5    these things.  If you file an amendment and the other side

6    either agrees or opposes, if they agree, that's done.  It's

7    amended.

8            MR. ADDINGTON:  Sure.

9            THE COURT:  If they oppose, then I make a decision on

10   whether you're allowed that amendment or not.

11           MR. ADDINGTON:  Yes, sir.  But if I go ahead -- if I

12   sign an agreement that I will not make another amendment, then

13   that point would be moot.

14           THE COURT:  No, of course.  I understand.  Bu what if

15   you amend and there's no objection and then the summary

16   judgment is granted?  You know, then it's over.  Then the

17   party's over.  You understand that, don't you?

18           MR. ADDINGTON:  Yes, sir.  Yes, sir, I do.

19           THE COURT:  Okay.  I mean, if it's --

20           MR. ADDINGTON:  And I understand if I chose to file

21   some amendment that had no application, the Court would dismiss

22   it, as they rightly should.  I understand that, sir.

23           THE COURT:  Well, having said what if I granted the

24   summary judgment, if I denied the summary judgment, I could

25   revisit the question of whether there should be an amendment or

of 64
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    not.  That's for another day.

2         MR. ADDINGTON:  Yes.

3         THE COURT:  Mr. Rupp, I don't -- I understand that the

4    company probably wants to put some finality to this and Mr.

5    Addington has had several bites at the apple.  But if he -- he

6    doesn't seem to want a free ride for a second amendment if he

7    chooses.  If you file an opposition or I have a problem with it

8    and I give him leave to amend -- it seems to me if I give him

9    leave to amend again, then you might not like that.  But it

10   seems like it's not unusual.

11        MR. RUPP:  Yes, Your Honor.  I mean, just to be clear

12   about what we're talking about here, at the last status

13   conference and since then, Mr. Addington has expressed his

14   intention to amend his claim.  And --

15        THE COURT:  Right.

16        MR. RUPP:  Well, we may oppose that; we may not.  But

17   we may oppose that.  We tried to work out a schedule and a

18   structure to set aside our motion for summary judgment while we

19   addressed the amendment of his claim, his third claim.  And

20   where we got hung up on was, you know, in our draft

21   stipulation, we wanted some assurance that this would be the

22   last amendment.  He's had another chance.  He'll seek to amend

23   his claim.  Whether that amendment is allowed or not, we'll

24   proceed from there.  But we just wanted some more finality than

25   that rather than risk leaving open the door to a fourth or

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    fifth claim down the road.

2          THE COURT:  I fully understand your desire for

3    finality.  I have to -- I have to play a role here, too,

4    though.  And if there is a challenge to the amendment and Mr.

5    Addington has a proposed amendment that I approve of or I even

6    over your objection it seems to me I have to reserve that

7    objection, I'd give him a heads-up.  Mr. Addington has been in

8    this case for a long time.  He's with counsel, without counsel,

9    with counsel, without counsel.

10          If I stick with your stipulation and just leave it no

11   further amendment without court order, then it seems to me

12   you're protected.  I'm not going to let him amend every month

13   for the next six -- year and a half.  And if your summary

14   judgment is well-taken, it's over.  You can't amend after that.

15          So it seems to me that the simple solution is to stick

16   with your stipulation of a February 1 amendment date and the

17   other times in there and just leave the fact that there's no

18   free ride, no -- Mr. Addington doesn't have a free ride for

19   further amendments, but he can seek permission from the Court

20   to amend.  And again, Mr. Rupp, you know that I'll listen to

21   any opposition to any such request.

22          MR. RUPP:  Thank you, Your Honor.  That's --

23          THE COURT:  That's not -- listen.  That's not what

24   you'd like, but it's not unfair.  I want to put this thing

25   behind all of you. I'm sorry that that we're at this point.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    But Mr. Addington should have gotten the message he can't just

2    file amendment after amendment.  He's got to take his best shot

3    on this February 1 deadline.  And  then he'll either win or

4    lose it on the summary judgment motion.  And if he wins the

5    summary judgment motion, I'm not sure where we go next, but I'm

6    not going to decide that.  There's no summary judge motion to

7    act on at the moment.

8         MR. RUPP:  Thank you, Your Honor.

9         THE COURT:  Okay.  So Mr. Rupp, if you just put -- I

10   mean, essentially the only thing that is in the proposed

11   schedule that you both submitted is that just keeping open

12   notes further amendments without leave of Court or consent of

13   PG&E.  So why don't you just make sure the order reflects that?

14   And I will look forward to -- I'll assume that I'll be hearing

15   this on February 22nd on Mr. Addington's amended motion -- I

16   mean, his amended claim and -- excuse me, I should rephrase

17   that.  If you consent to the amendment, then we go straight to

18   the schedule for the summary judgment.  Right?  Isn't that

19   right, Mr. Rupp?

20        MR. RUPP:  Well, no, Your Honor.

21        THE COURT:  If he --

22        MR. RUPP:  If there's an amended claim, we need to

23   look at what that amended claim is.

24        THE COURT:  Yes, yes, no.  I misspoke.

25        MR. RUPP:  If it's very different, then maybe our

PG&E Corp. & Pacific Gas And Electric Co.

1   motion for summary judgment would not apply or would need to be

2   amended to fit the new claim.

3         THE COURT:  I may have misspoke.  If Mr. Addington

4   files an amended -- excuse me, a motion to amend by February 1

5   1 and PG&E does not oppose that motion, then you two gentlemen

6   go straight to paragraph 4 of your stipulation to meet and

7   confer and agree on a schedule for the summary judgment.  If he

8   files on a motion to amend and you oppose it, then that'll be

9   argued on February 22nd.  Right?

10         MR. RUPP:  Yes.

11         THE COURT:  Okay.  Mr. Addington, you're clear on

12   that, right?

13         MR. ADDINGTON:  Yes, sir, I am.

14         THE COURT:  Okay.  So Mr. Rupp, just make sure the

15   form of order is completely consistent.  I think the three of

16   us are in agreement, but let's make sure that the written

17   record reflects that as well.

18         MR. RUPP:  Thank you, Your Honor.  I'll prepare --

19         THE COURT:  Okay.  Good luck, gentlemen.

20         MR. RUPP:  -- a written order, and I'll share it with

21   Mr. Addington.

22         MR. ADDINGTON:  Thank you.

23         THE COURT:  I guess there's no hope of trying to

24   mediate this again, right, at this point?

25         MR. RUPP:  Not at this time, Your Honor.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1      THE COURT:  Okay.  All right.  I will see you either

2  on February 22nd or sometime after that.

3      MR. ADDINGTON:  Thank you, sir.

4      THE COURT:  Thank you very much.

5      MR. RUPP:  Thank you, Your Honor.

6      THE COURT:  All right.  Ms. Parada, for the motions,

7  do we got any late claims?  Do we have some of the pro se

8  parties who want to be heard?

9      THE CLERK:  I believe so, Your Honor.  I'll bring in

10  Ms. Sieger-Grimm in now.

11      THE COURT:  Okay.

12      MS. SIEGER-GRIMM:  Good morning, Your Honor.

13      THE COURT:  Good morning.  Let's get your appearance

14  there, please, Ms. --

15      MS. SIEGER-GRIMM:  Yes.  this is Susan Sieger-Grimm of

16  Brown Rudnick for the trustee of the fire victim trust.

17      THE COURT:  Okay.  Mr. Parada, let's bring in all the

18  counsel who want to be heard.  They can turn their cameras off

19  if they don't want to be on the screen.  I see there's a

20  Ricardo Mejia, his hand up.

21      THE CLERK:  I'll bring him in now.

22      THE COURT:  Oh, he's one of our pro se parties.

23  That's right.  And have you heard from the others did you say

24  or not?

25      THE CLERK:  No, I have not, Your Honor.  I see some

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

                PG&E Corp. & Pacific Gas And Electric Co.

1    other hands raised.  Would you like me to bring them over?

2          THE COURT:  Well, I -- yes, I see Mr. Erdman and Mr.

3    Smithson.  They should have been in touch with you if they

4    wanted to be heard.  But -- and then Mr. Jamond and Ms. Masud.

5    They are counsel.

6          THE CLERK:  I'll bring in the parties.

7          THE COURT:  And then there's a Mr. Garcia.  Well, it

8    appears that the pro se parties who were raising their hand

9    didn't alert you ahead of time.  Let me bring them in anyway,

10   please.

11         Okay.  We'll start with the counsel.  For the

12   nonlawyers, the pro se parties, just wait for a moment for the

13   lawyers who are being brought in.  When you're on the screen,

14   just state your appearance for the record.  And then I'll call

15   upon the other parties.

16         Okay.  Mr. Masud, you can stage your appearance,

17   please.

18         MS. MASUD:  Good morning, Your Honor.  Laila Masud of

19   Marshack Hays on behalf of Elizabeth Fern Fisher.

20         THE COURT:  And Mr. Faircloth?

21         MR. FAIRCLOTH:  Good morning, Your Honor.  Jacob

22   Faircloth appearing for claimants in relation to docket Number

23   13318.

24         THE COURT:  And Mr. Ms. Parada, you bringing Mr.

25   Jamond in?

PG&E Corp. & Pacific Gas And Electric Co.

1      THE CLERK:  Yes, Your Honor.

2      THE COURT:  Okay.  Well, while we're waiting, I'll say

3  to Mr. Smithson and Mr. Mejia and Mr. Erdman -- you don't have

4  a mic or a camera activated, Mr. Erdman.  But all of you, as

5  parties representing yourselves, were told to contact my

6  courtroom deputy if you wanted to be heard.  Apparently, you

7  didn't all do that.  But let's move on.

8      Mr. Mejia, do you wish to be heard this morning?

9      MR. MEJIA:  Good morning, Your Honor.  Yes, I do.

10      THE COURT:  Okay.  You'll have five minutes when we

11  when we come to you.

12      Mr. Erdman, you'll have to -- if you want to be heard,

13  you need to turn your microphone on.

14      MR. ERDMAN:  Good morning, Your Honor.

15      THE COURT:  Do you want to be heard this morning also?

16      MR. ERDMAN:  Yes, sir.

17      THE COURT:  All right.  Mr. Garcia, is that your case

18  as well?

19      MS. GARCIA:  Yes, please.

20      THE COURT:  Oh, I'm sorry.  Ms. Garcia.  Pardon me.

21      And Mr. Smithson, did you come yet or not?  Oh, there

22  you are.  Do you want -- yeah, your microphone is muted.

23      MR. SMITHSON:  Thank you.  Yes, I would like to be

24  heard today, Your Honor.

25      THE COURT:  Okay.  Again, for all for me, it would

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   have been helpful if you'd let us know ahead of time.

2         I'm going to proceed with the counsel first, and then

3   I'll hear from the pro se parties.  So for Mr. Faircloth, Mr.

4   Jamond, and Ms. Masud, my scheduling order indicates you each

5   have ten minutes.  The other four individual pro se parties

6   have five minutes.  And then after that, I'll hear from counsel

7   for the fire victim trust.

8         Let me tell you that I've read the papers.  As you

9   know, I've issued at least two orders in this case already that

10  are relevant.

11        I will tell you also that I'm going to listen

12  carefully to your arguments this morning, but I am not going to

13  make a ruling on the hearing, during the hearing today.  We

14  have on schedule in a couple of weeks some more similar

15  motions.  And I'm going to wait until I hear them and then I'll

16  make a ruling on today's motions and those motions together.

17        So with that, I will proceed.  And I'll just go in

18  alphabetical order, which starts with you, Mr. Faircloth, and

19  then Mr. Jamond, and then Ms. Masud.  So you have ten minutes,

20  Mr. Faircloth.

21        MR. FAIRCLOTH:  Thank you, Your Honor.  Hopefully I

22  won't go the entire ten minutes.

23        We've read the Court's order from January 3.  We'd

24  like to thank the Court for the opportunity to differentiate

25  the present motion with -- in comparison to the other like

PG&E Corp. & Pacific Gas And Electric Co.

1  motions that were recently denied.  We'd also like to take the

2  opportunity to point out a couple of issues that we believe

3  exist with the trust's objection, which are more thoroughly set

4  forth in the reply brief, which the Court has read.

5       I think there's no doubt that the Court has broad,

6  equitable powers with respect to the motion.  We do believe

7  there are some reasons which this motion should be granted,

8  despite those prior motions which are similar to ours having

9  been recently denied.  In the Court's order denying those like

10  motions, the Court did find that good faith had existed.  But

11  they were denied largely due to, first, unreasonable delay and

12  second, prejudice to the trust.

13       With respect to the issue of reasonableness of delay,

14  the Court stated that the following was absent, which is the,

15  quote, lack of notice regarding the claims bar date or of the

16  claims process at large, all of which plays into a

17  reasonableness of delay.

18       On that issue, Your Honor, such details were discussed

19  and unrebutted in our motion and the declaration in support of

20  the motion.  For example, paragraph 9 of Mr. Bowen's (ph.)

21  declaration states, here in particular, none of the claimants

22  had knowledge of their entitlement to file a claim within the

23  extended bar date, nor were they aware of the existence of the

24  FVT or that their particular damages from the 2017 North Bay

25  fires were even actionable.  Outside of word of mouth from the

PG&E Corp. & Pacific Gas And Electric Co.

1   other fire victim claimants, no such notice or alert was

2   provided, and many such parties had no good way of knowing that

3   their -- about their claims or of the claims process.

4           Additionally, the evidence in support of the present

5   motion more substantially addresses the substantive issues on

6   reasonableness of delay and under the circumstances we believe

7   shows that the delay was reasonable.  This is more

8   substantively stated than our prior motions and the motions

9   which were denied.

10          And if I could draw the Court's attention to again,

11  Mr. Bowen's declaration.  In particular paragraphs 5 through 9

12  go into these issues in some detail.  These statements were not

13  rebutted by the trust in their objection and are more

14  comprehensive and substantive than again what we previously

15  submitted on other motions.

16          As another example, one of the things we get into and

17  try to detail is to add some context, which is that all of

18  these families have suffered from numerous other wildfires.

19  It's not just the case where they were in a car -- someone was

20  in a car accident once.  And you know from a car accident you

21  suffered some damages.  The only question is liability.  These

22  people have suffered from numerous fires, many of which were

23  natural.  And while they suffer damages, those damages,

24  particularly noneconomic ones, were not actionable.  So --

25          THE COURT:  Where do I find evidentiary support for

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    the broad statement that all of the claimants suffered from the

2    numerous fires?  That's an awful broad statement.

3         MR. FAIRCLOTH:  Well, it's in Mr. Bowen's declaration.

4    And we've looked at where the claimants resided and have

5    resided and where evacuation orders have been issued .  And all

6    of us, Mr. Bowen and myself, have also been subject to these

7    evacuation orders and experienced the same thing.

8         THE COURT:  Okay.

9         MR. FAIRCLOTH:  And again, it's something that's

10   unrebutted.  Surely no one is questioning that numerous

11   wildfire evacuations, which are all the matter of public

12   knowledge in the area -- the point being, Your Honor, is we

13   think the larger context which discusses those things and other

14   things presents sufficient evidence of why many people would

15   not know that their claims were actionable despite things like

16   third-party ads, which, again, there's no evidence presented on

17   that issue.  But the Court has taken note of the existence of

18   those ads.

19        And the second thing, other than reasonableness of

20   delay is diminution and prejudice.  With respect to those

21   matters, our reply brief raises issues with the trust's failure

22   to comply with Rule 9013 whereby the trust did not present any

23   evidence on the issues of dilution and/or prejudice, nor did

24   the trust present any evidence largely rebutting anything as to

25   the other factors that we've discussed in our papers?.  This

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   argument was apparently not raised in the prior like motions.

2   But it's nevertheless particularly important.

3          On the issue of diminution and prejudice, we believe

4   we have presented persuasive argument and evidence that it is

5   in fact de minimis as opposed to largely eroding or something

6   greater than that.  This is unlike the trust which has

7   presented no evidence on this topic.  Here the necessary

8   inquiry, we believe, is to analyze the actual percent decrease

9   of future pro-rata distributions were  the current claimants

10  subject to our motions to be admitted.  I think were the trust

11  who have engaged in these calculations, which it could provide

12  and do based on various hypotheticals and analyses, possibly

13  even an expert, it would almost certainly reflect the decrease

14  in future pro-rata distributions were these claimants to be

15  admitted would likely not decrease more than one to two percent

16  at most.

17         And with respect to the trust's kind of stated

18  position in its papers, it has largely stated throughout these

19  objections that committing additional late claims might prevent

20  the trust from making further pro-rata distributions

21  whatsoever.  There's no evidence of that.  That's simply not

22  the case, nor has -- it just seemed like that -- I would love

23  to see the numbers would reflect that that is the case.  We

24  understand the argument of there's some delay and

25  administrative costs.  But even where those to be included and

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1  analyzed with respect to prejudice, we believe it would

2  nevertheless reflect that it's de minimis.

3      And then I have only two more points.  Hopefully, I'm

4  not getting close to my time, Your Honor.

5      THE COURT:  You'll have three or four more minutes.

6  Sure.

7      MR. FAIRCLOTH:  The third thing is the trust has

8  recently provided the number of timely noneconomic claims which

9  were filed and did not have a property damage component.  This

10  was due to the Court inquiring on that subject at a prior

11  hearing December 10, I believe.  And it was done in an effort

12  to show that these types of tardy claims, which are

13  noneconomic, could have been timely submitted.

14      I think though that the number given, it was somewhere

15  around 1,700 of 82,000 timely claimants excluding children I

16  believe, that that number in the larger context gives credence

17  to our evidence and arguments raised in our motion.  The number

18  of such claimants is somewhere around 2.1 percent of the total

19  number of timely claimants.

20      It also makes sense that those claims without property

21  damage would be latent and delayed, given that emotional

22  distress is something that is often dormant, particularly in

23  children.  And I believe we got into some of that in Mr.

24  Bowen's declaration.  It too was an unrebutted factual

25  statement.

PG&E Corp. & Pacific Gas And Electric Co.

1    Finally, the last point, Your Honor, I would just like

2    to -- it has to do with this 930 deadline in the liberal

3    nonopposition policy.  The trust filings earlier stated it

4    would abandon its liberal nonopposition policy, but it would do

5    so in favor of a stricter review for those post-September

6    motions.  I think what has happened though is that instead of a

7    more strict review, what the trust has done is just take

8    blanket opposition to all such motions.  I don't really think

9    that's within the spirit of what it was submitted, nor do I

10   think -- and one example of that is the trust had even objected

11   to pro se motions which were timely submitted but were docketed

12   in early October.  It was apparent to me, Your Honor, that

13   those pro se claims had been received by the clerk in time and

14   the trust nevertheless took this -- it altered its policy from

15   to more strictly review things to just a blanket opposition

16   policy.  I think that's led to confusion and now in numerous

17   vested proceedings.

18            THE COURT:  So your point is that -- someone else is

19   talking.  Someone else, just mute your mics, please.

20            So Mr. Faircloth, if I understand you correctly,

21   you're saying that the blanket policy is inconsistent with this

22   notion of looking at it more carefully, more specifically on a

23   case-by-case basis.  Is that the point?

24            MR. FAIRCLOTH:  Yes, Your Honor.

25            THE COURT:  Okay.  All right.  Thank you very much,

PG&E Corp. & Pacific Gas And Electric Co.

1    Mr. Faircloth. Appreciate it.

2            MR. FAIRCLOTH: Thank you, Your Honor. I appreciate

3    the opportunity to speak.

4            THE COURT: Mr. Jamond, your turn.

5            MR. JAMOND: Well, thank you, Your Honor. Can you

6    hear me?

7            THE COURT: Yes, I can.

8            MR. JAMOND: I have -- I read your previous order in

9    this matter. And I would like to suggest something to you for

10   you to consider. But first, I'd like to tell you a story. If

11   I take my take a few minutes to do this, but I --

12           THE COURT: You've got ten minutes.

13           MR. JAMOND: I got ten minutes. I'm watching my

14   clock.

15           I live in Santa Rosa. In 2017, on the second or third

16   night of the fire, my wife and I were woken up by the police

17   with loudspeakers, emergency vehicles. They told us we were in

18   imminent danger, we had to leave our house. This was about

19   3:30 in the morning. Both of us had planned for this

20   contingency. We had put clothing and other items in our

21   vehicles. We got dressed. We left with our go-bags. Both of

22   us took our vehicles. Of course, everybody else was doing this

23   at the same time. And we -- it took about an hour to go two

24   miles. It was that much traffic there.

25           But I left the house. I went to my downtown central

of 64 | operations@escribers.net | www.escribers.net
(973) 406-2250

PG&E Corp. & Pacific Gas And Electric Co.

1  office in Santa Rosa, which is a converted house.  It's an

2  old -- maybe you can see it in the background.  It's an old

3  1920s house.  It's converted.  It has a kitchen, a full

4  kitchen, a full bath with a shower.

5          My wife and I stayed here in my office for three days.

6  We were prohibited from going back to our house.  We slept on

7  the floor of the conference room.  It has a big rug.  We slept

8  there.  Went back to the house.  The house was not damaged.

9  There was no damage to the house.  But the power had been off,

10  and all of the food in the refrigerator was spoiled.  And also

11  the house was filled with smoke.

12          So I contacted my insurance company, Farmers

13  Insurance, and they said, well, two things.  Number 1, we had a

14  500-dollar deductible on the food in the refrigerator.  They

15  would not pay that.  The smoke damage, only if the damage

16  persisted for another thirty days would they pay something on

17  that.  As it turned out, the smoke eventually dissipated after

18  about two weeks.  So as a result, we really had no claim with

19  our insurance company.

20          PG&E filed bankruptcy.  I filed a claim personally

21  with the Court.  How to evaluate that claim?  I put down, I

22  came up with this number, 5,000 dollars for myself and my wife

23  for having to go through this.  That's what I came up with.

24  Plan was confirmed.  I get a notice from the claims

25  administrator that I now have to submit a detailed

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1  questionnaire, which I did, took a long time to fill out, and I

2  submitted it to him online.  And then about a year later, I

3  heard nothing from them.

4       About a year later, I contacted them and said what's

5  the status of my claim and then was informed that your claim

6  was incomplete because you hadn't filled out a W-9 request for

7  social security number validation.  I did that again.

8       About nine months later, I contacted them again.  And

9  they said, well, what's the status of this.  We're not going to

10  pay you anything unless you submit -- that's what they told me.

11  We're not going to pay you anything unless you first submit a

12  claim to your insurance company.  And then I proceeded to

13  explain to them online to the email I'd already done that.

14  They were not going to compensate me for anything.  And then I

15  was told, well, please provide us with a full copy of your

16  insurance policy.

17       So I spent about half an hour trying to find the

18  Farmers Insurance policy.  I finally found it, it was in a

19  booklet form, to provide them a copy, but I had to make a hand

20  copy of the policy and photocopies and then submit it through

21  the scanner to them in a PDF format.  The upshot of all this is

22  in November, a couple of months ago, I received an email

23  communication from the claims people.  They said we have made

24  you a settlement offer.  And I looked online.  And the

25  settlement offer was we're denying all of your claims for

PG&E Corp. & Pacific Gas And Electric Co.

1    tangible personal property lost because of insufficient proof

2    of documentation, I couldn't prove the cost of it, apparently

3    the food, but we are allowing you and your wife a tier 4

4    emotional distress claim in the amount of 10,000 dollars each,

5    which if you accept, we will pay you 4,500 dollars cash up

6    front.  I immediately accepted that.

7              THE COURT:  I'm not surprised.

8              MR. JAMOND:  Here's the point of the story.  Here's

9    the point of the story.  After two and a half years of going

10   through this, I felt stupid for even bothering to file a claim.

11   They put me through all the stuff.  It wasn't worth my time.  I

12   was -- I read all this stuff online about how the

13   administrative professionals are taking advantage of this.

14   There's nobody.  PG&E was slow-walking these claims.  I read

15   all that stuff.  If they had offered me 1,000 dollars cash, I

16   would have taken that.

17             So here is my suggestion.  I know that you are

18   probably not inclined to revisit your earlier ruling in this

19   matter.  But maybe you should consider modifying it somewhat,

20   especially for people who have no tangible personal property

21   claims, whose claims are basically for these kind of emotional

22   distress.  Most people, I believe -- it never occurred to most

23   people who didn't have a physical loss that they potentially

24   could have a claim against PG&E for the hassle and the distress

25   that was caused by the fires.  Most people didn't even think

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   that way.

2           But perhaps in your order, if you want to think about

3   this some more, you could say, well, look, I'm going to

4   disallow claims except for with the proviso that those

5   individuals who have emotional distress claims, if they choose

6   to file a claim, get an amount not more than X dollars, X

7   dollars is a number you could come up with, those claims will

8   be allowed.  That way, it's very easy, as I understand it, for

9   PG&E to determine who was evacuated.  They have a --

10          THE COURT:  Well, let's -- hold on.  Hold on.  Let's

11  take PG&E out of the discussion.  It's the fire trust.

12          MR. JAMOND:  The fire trust.

13          THE COURT:  That's the only respondent here.  Okay.

14          MR. JAMOND:  All right.  The fire trust, I think it's

15  very easy for them to determine who was evacuated, who was

16  under a mandatory evacuation.  And if the cap allowed claims at

17  a certain dollar amount, most people would be happy with that.

18  In other words, it doesn't have to be an all-or-nothing

19  situation.  You don't have to basically say I'm not going to

20  allow -- I'm not going to allow any claims whatsoever or allow

21  all the claims.  You might be able to craft some kind of device

22  wherein some kind of claims could be allowed to a certain cap

23  for those people on an equitable basis who didn't subjectively

24  realize that they potentially had a claim.  That's my take.

25          Obviously, we would prefer that you allow all these

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    late filed claims, but as a fallback position, I think that

2    might be something you could consider as you review all these

3    other issues.

4         THE COURT:  Well, Mr. Jamond, it may be a very

5    creative suggestion, but where do I have the authority to do

6    it?  I mean, if the trust -- if the trust wishes to announce a

7    policy of emotional distress only at a cap it will allow,

8    that's fine.  Where do I get the authority to retool the trust?

9         MR. JAMOND:  Because it's the right thing to do.  I

10   mean, when in doubt, do the right thing.  I don't think anyone

11   is going to object to your decision.  PG&E -- or the trust will

12   not be objecting to your decision.

13        THE COURT:  I don't know whether they will or not.  I

14   think --

15        MR. JAMOND:  I don't think anybody in the BAP or the

16   circuit would object to your decision on such a matter.  You

17   are very highly respected.  I think you could craft this on

18   your own, and it would float.  And I think it's the right thing

19   to do.  It's just the right --

20        THE COURT:  Let me just -- well, it may be the right

21   thing to do under the circumstances.  But one more question for

22   you.  You got the 4,500 dollars for each of you and your wife,

23   right?

24        MR. JAMOND:  Right.

25        THE COURT:  But you're still in line to get fifty-five

PG&E Corp. & Pacific Gas And Electric Co.

1    percent more in the future, right?

2         MR. JAMOND:  I would discount that heavily at this

3    time, Your Honor.  Potentially, yes, but --

4         THE COURT:  No.  But seriously, I'm not -- this hasn't

5    turned into a make Jamond get money back.  The point is that

6    whether it -- whether the trust should have done this earlier

7    or shouldn't is the point.  You filed a claim for you and your

8    wife for 10,000 dollars, and you've been paid a good portion of

9    it already.  And you will get paid more in the future.  And

10   you're not complaining about that, right?

11        MR. JAMOND:  No, I'm not complaining about it.

12        THE COURT:  Okay.

13        MR. JAMOND:  But on behalf of other people, there are

14   a lot -- I happen to know, for example, Your Honor, that one of

15   your retired colleagues whose fire -- the fire came within 200

16   yards of this house did not bother to file a claim.

17        THE COURT:  Well, then we -- that's his choice.  I

18   understand that.  And I don't make light of the people that

19   suffered any losses in these fires.  Anyway, Mr. Jamond, I

20   appreciate your presentation.  And I will take your matter into

21   consideration.  And I'll ask the counsel for the trust to

22   respond during her time in a few minutes.

23        But -- and let me say to you, Mr. Jamond, and also

24   you, Mr. Faircloth, you're welcome to stay on the screen after

25   you've made your argument, but you can also turn your cameras

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    off if you want.  It's up to you.  I don't mind looking at you.

2    And you have to look at me.  But you can you can turn your

3    cameras off if you want.

4              MR. JAMOND:  I don't want to turn my camera off,

5    Judge.

6              THE COURT:  Okay.  Ms. Masud, it's your turn.  And you

7    have ten minutes also.

8              MS. MASUD:  Thank you, Your Honor.  Can you hear me,

9    Your Honor?

10             THE COURT:  Yes.  Yes, I can.

11             MS. MASUD:  All right.  Great.

12             So before moving to my legal argument, I'd like to

13   start with some background.  My firm, Marshack Hays, and the

14   Singleton Law Firm have been involved in this case since the

15   early days.  And we had the privilege and honor of being a part

16   of the mediation that basically took over a San Francisco

17   building with about ninety or so people, as well as Judge

18   Trotter in order to try to get to a plan.

19             As for me personally, aside from being involved in the

20   early days of this case, over the last couple of years, if you

21   take a simple overview of the docket, I'm no stranger to having

22   filed late claim motions.  I've filed dozens, and I've worked

23   with previously debtors' counsel, Mr. Kramer, Mr. Rupp, Mr.

24   Goren, and then I've also worked with Ms. Sieger-Grimm of Brown

25   Rudnick, who's here today representing the fire victim trust.

PG&E Corp. & Pacific Gas And Electric Co.

1       So to that end, I have been monitoring all the

2   objections that have been brought by the fire victim trustee.

3   I went through and created a spreadsheet that's slowly growing

4   and growing of all of the motions that have been filed, the

5   objections, the grounds for the -- the basis of the objections.

6   And on top of that, I reviewed all the Court's orders that have

7   been entered for all of the late claimed motions.

8       What I've gathered from all of that background

9   research is, if I may, is that what's abundantly clear is

10  absent circumstances that are extraordinary, a late claim

11  motion is unlikely at this juncture to be granted.

12  Specifically, when I saw the court's order prior to what is

13  known as the September 13th informal deadline where the fire

14  victim trustee no longer was going to be taking a liberal

15  policy towards these motions, when I saw those orders come in

16  from the Court, I went through them in great detail, discussed

17  it with our fire victim team, and made sure that anyone who

18  would contact our firm would provide us details of what they

19  went through and demonstrate that there were some extraordinary

20  circumstances as well as we needed confirmation that there was

21  a lack of knowledge about the bankruptcy and the bar date.

22      That additional instruction and step that our firms

23  undertook was to ensure that we would not file any motion with

24  the Court that would fall within the objections or the orders

25  that have previously been filed on the Court's docket.  This is

PG&E Corp. & Pacific Gas And Electric Co.

1  why the motion that I'm here on today involves one claimant,

2  only one, because after asking those questions of anyone who

3  called us, the one claimant that met the standard for

4  extraordinary circumstances was Ms. Elizabeth Fern Fisher.

5        So that's kind of the background that I'm walking into

6  this with, Your Honor, is I understand all the orders that have

7  been filed.  I understand all the objections that have been

8  filed.  I have taken them seriously, Your Honor, as all other

9  counsel I'm sure have.  And I've made sure that the only motion

10  that I am filing is one that meets that standard.

11        So moving to the legal argument, the interesting thing

12  that's kind of happened between the filing of my motion and

13  this hearing is that Rule 3002(c)(6) has actually been amended.

14  So on December 1, the language was changed to say on motion

15  filed by a creditor before or after the expiration of the time

16  to file a proof of claim, the court may extend the time by not

17  more than sixty days from the date of the order granting the

18  motion.  It says the motion may be granted if the court finds

19  that the notice was insufficient under the circumstances to

20  give the creditor a reasonable time to file a proof of claim.

21        According to the advisory committee notes, this

22  amendment now provides a single standard for granting or

23  denying an extension of time to file a proof of claim.  Because

24  it's only been about two weeks since these revisions, there's

25  no case law in the Ninth Circuit construing the changes.  In

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1  fact, there's no real authority that has construed any of the

2  2008 post-revisions.  But if you take a look at the revisions

3  of the rule, what started as a very strict standard where you

4  could only seek a claim -- you can only file one of these

5  motions to seek to have -- to seek -- excuse me, to seek your

6  claim being deemed timely for purposes of distributions.  In

7  '96 it was only if there was a surplus. Forward to 2008, it was

8  only if for some reason the creditor listed and listed you out.

9        So as with the evolution of the rule in the amendments

10 to the rule, what's become abundantly clear is that the policy

11 is a very liberal policy.  It takes into account fairness and

12 as a Bankruptcy Court, all equitable factors.

13        So as this Court previously stated in its December

14 20th order, each late claim motion stands or falls on its own.

15 So the question becomes, under what circumstances is it

16 appropriate to grant or deny this motion?

17        So the circumstances in Ms. -- and I'll call her Fern

18 because that's what she goes by -- in Fern's case is that she

19 was rendered homeless as a result of the fire.  And since being

20 evicted, she took refuge in a residence where there was no

21 running water, there was no electricity.  And then when she

22 found a location where there was some type of running water,

23 which happened to be a campsite, she shifted over to that

24 location and began to reside there for a period of six days.

25 The six days -- six days at a time I should say.  The reason

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   being is that the campsite has a rule that on the seventh day

2   you have to leave, and then you can come back.  They don't

3   allow continuous residency.

4          So Ms. Fern, as a result of suffering the trauma of

5   the fires, was rendered homeless where she was either living,

6   if you can call it living, in a dilapidated property on -- for

7   one day out of the week.  And then on the other six days she

8   was living at a campsite and making do.

9          So the extraordinary circumstances here in this case

10  is that the notice that was very fulsome by the debtors wasn't

11  and did not reach Fern.  And the evidence that we have of that

12  is that in the motion, Fern stated through her counsel that

13  there -- she did not know there was a bankruptcy in place and

14  she did not know about a bar date.  Because of those

15  circumstances, she did not file a proof of claim.

16         Moving forward, when she developed various health

17  issues where she was hospitalized, she was not aware of the

18  Court's orders that there is this balance of equities that I

19  need to consider for the fire victim trust and current victims

20  who have timely filed claims.  And I'm not challenging the good

21  faith of the victims who are now filing these motions.  What I

22  am in a difficult position of doing is taking a look at each

23  motion, because each motion stands and falls on its own.

24         And so we went through and provided the information to

25  address the Court order about why should these motions or this

PG&E Corp. & Pacific Gas And Electric Co.

1  particular motion, Fern's motion be granted.  Why doesn't the

2  reasoning of my earlier orders apply?  And so the answer is

3  twofold.

4          In the December 21st order, the Court highlighted that

5  each claimant has described circumstances that basically amount

6  to a lack of realization that their particular circumstances

7  could be compensate but not the lack of notice regarding the

8  claims bar date.  The fire victim trustee also responded and

9  said that it appears that Mr. Fisher did not submit a timely

10 claim due to the fact that she was not aware of her claims

11 being compensable.  But that argument overlooks the fact that

12 Ms. Fisher statement was that before September 2022, she was

13 unaware of PG&E's bankruptcy and her ability to file a proof of

14 claim.

15         The second issue that I believe warrants a response is

16 the trust itself is a little bit unique in terms of its

17 funding.  Everybody is aware that the trust is not fully funded

18 because stock remains outstanding to be reduced to cash.  And

19 so the calculus and the numbers are going to change.  Those

20 variables because -- are going to result in a pot of money

21 that, as we stand here today, we don't know what that exact

22 amount is.  Adding Fern's claim, however minuscule it may be,

23 is not going to mean that the calculations have to be adjusted

24 just for her.  The calculations will have to be adjusted

25 regardless because of the variable factor of the stock.

PG&E Corp. & Pacific Gas And Electric Co.

1    And so we understand the concerns raised by the Court.

2    We understand the concerns raised by the fire victim trustee.

3    And as another counsel has stated, the policy now is a stricter

4    review of each motion and each claimant's circumstances.  We

5    believe that Fern meets that criteria.  And that is why we have

6    brought that motion.  And unless the Court has any questions,

7    that's my argument.  Oh --

8    THE COURT:  Thank you very much, Ms. Masud.  I

9    appreciate your argument.  And --

10    MS. MASUD:  My apologies, Your Honor.  In the

11    alternative, if the Court is inclined not to grant the motion

12    what we are requesting that it at least be allowed as a

13    late-filed claim.  If it's --

14    THE COURT:  Well, but as you know, I mean, late-filed

15    claims work in certain circumstances.  But I think --

16    MS. MASUD:  Correct.

17    THE COURT:  -- what you know from your monitoring of

18    the case, after we get the fire victims out of the way, we have

19    FEMA right behind.  So it's very tempting to take the Chapter

20    7 rule and have a late claim procedure ahead of equity.  But

21    that doesn't work here.  I mean, if I thought that would work,

22    I might pursue it because it's one of these things where --

23    well, it's one of these things that doesn't appear to be an

24    option.  If the trust believes that that is an option, I hope

25    that I'll hear from counsel on that subject.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    Anyway, thank you for your presentation.  I make you

2   the same offer I made to the other counsel.  You can stay with

3   us if you want, or you can turn your camera off or you can do

4   whatever.  As I say, I'm going to -- I'm not going to make a

5   ruling today, and I'm not going to come back for a rebuttal

6   argument.  So after the oral argument from the other parties

7   and the trustee, I'm going to be done.  But it's up to you.

8   Thank you very much.

9    MS. MASUD:  Thank you, Your Honor.

10    THE COURT:  Okay.  Now for the pro se parties, I just

11   follow the same procedure.  I'll just be arbitrary but

12   alphabetical.  So I'll call on Ms. Garcia first and then -- I'm

13   sorry, Mr. Erdman first, then Ms. Garcia, then Mr. Mejia, then

14   Mr. Smithson.

15    So Mr. Erdmann, I see you -- there are two of you

16   there.  One of you -- one of you going to make the argument?  I

17   need one person to make the argument.  So state your name.  And

18   you have five minutes, Mr. Erdman.

19    MR. ERDMAN:  Good morning, Your Honor.  This is Daniel

20   Erdman.

21    THE COURT:  And by the way, your colleague or your

22   companion can be on the screen.  I don't mean to be rude.  I

23   just want -- I only want to hear argument from one person.

24    MR. ERDMAN:  Sure, of course.  Understood.

25    Thank you for the opportunity to speak with you as

PG&E Corp. & Pacific Gas And Electric Co.

1  victims who are greatly affected by the 2017 Northern

2  California wildfires.  We apologize to the fire victims trust

3  for the tardiness of our claim, and we sincerely hope that we

4  can convince you to accept our late claim.

5       During the 2017 Tubbs fire, we were evacuated from our

6  Rincon Valley home in the middle of the night without warning

7  or notification.  As we watched the flames come down the hill

8  behind our house, we quickly packed a few essentials and rushed

9  to evacuate to family an hour and a half away.  While evacuated

10  for nearly two weeks, we had no idea we returned to our home

11  intact.  We're very blessed that our property ended up

12  surviving, unlike so many others.

13       Stress, displacement, and smoke had a significant

14  impact on my wife, who at the time was seven months pregnant.

15  Shortly after the fires, Julianne was diagnosed with prenatal

16  hypertension, pre-eclampsia, and our unborn daughter with

17  intrauterine growth restriction.  These are serious,

18  life-threatening conditions requiring frequent and specialized

19  medical care for the remainder of the pregnancy, culminating an

20  emergency C-section and a baby who was born early with

21  extremely low birth weight.  This was due to the effects of the

22  fire, as evidenced by our health care provider and corroborated

23  with several medical studies.

24       I understand that we're late to file a claim.  We did

25  see billboard ads, TV ads, and hear radio ads from various

PG&E Corp. & Pacific Gas And Electric Co.

1   legal firms offering to submit claims on our behalf.  But given

2   today's identity theft and scam prevalence, we generally

3   thought these ads to be malicious.  We're not active on social

4   media.  We received dozens of spam and malicious emails posing

5   as legitimate fire victims emails which casts serious doubt on

6   the legitimacy of any official emails we may have received.

7   None of the publications that we saw explained our eligibility

8   requirements.  And as a result, we were unaware that we're

9   eligible to submit a claim.

10           In addition to this, we moved to another home in May

11  2019 and thus did not receive any mail that may have been sent

12  to our home -- old home indicating our eligibility to submit a

13  claim.

14           In early December 2022, a neighbor from our previous

15  neighborhood stopped by and asked if we had submitted a claim

16  for the 2017 fires.  We hadn't.  He explained that he found out

17  about the process to file a claim through a friend who heard it

18  from his brother and so on down the line, thus confirming that

19  word of mouth is how many people heard of their eligibility.

20  He continues to educate us on the eligibility requirements and

21  roughly explained the process to file the claim as he had filed

22  a claim in late June of 2022.  We had no idea that we were

23  eligible.  We filed the claim days later after determining the

24  claims process.

25           From the fire victims trust website, the fire victims

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   trust is, and I quote, ever focused on resolving the fire

2   victims' claims to help them recover and move on successfully

3   with their lives, unquote.  If this mission statement is true

4   and they're ever focused on this, then we should be allowed to

5   file a claim.  And time should not be a stipulation for having

6   our claim accepted.

7           Are we any less of a victim because we filed our claim

8   late?  We lived through these fires and were greatly affected.

9   I understand the trust has the discretion to establish a

10  deadline, which, by the way, wasn't conspicuously posted on the

11  trust's website.  Instead of disallowing our late claim

12  altogether, perhaps the trust can weigh this factor when

13  determining compensation:  In other words, if you filed a late

14  claim, you should receive less restitution.  This would be fair

15  to earlier claimants as well as to the trust.

16          Your Honor, thank you and the Court for this

17  opportunity to speak.  And I urge the fire victim trust to

18  stand by their mission statement and allow my wife and I to

19  file a claim so that we can move on with our lives.  Thank you.

20          THE COURT:  Okay.  Thank you for your presentation,

21  Mr. Erdman.  I appreciate your comments.

22          Ms. Garcia, you are up next, please.  And you have

23  five minutes.

24          MS. GARCIA:  Okay.

25          THE COURT:  Again, I don't mind if multiple people on

PG&E Corp. & Pacific Gas And Electric Co.

1    the camera.  I just only want one to make the speech.  Just

2    make -- state your name.

3            MS. GARCIA:  Okay, Your Honor.  This is Frewoini

4    Garcia.  Thank you for taking my claim.

5            I just wanted to start saying that all these claim

6    that it was out there that we -- I didn't know anything until

7    recently.  And me and my kids and with asthma, in the house,

8    the house was a smoke full.  And work, I did not work for a

9    long time.  And the food that we had in the freezer was out.

10   We had two, one refrigerator, one freezer.  The food was just

11   spoiled very badly.

12           And school for the kids, no school.  And emotional

13   distress with the kids.  And -- and we had worried about the

14   kids splitting everywhere.  And I have asthma, and I needed

15   insulin.  My insulin was out, very expensive.  And I didn't

16   have anything because I had to keep it in the refrigerator.

17           And our house -- and we couldn't come back.  We were

18   kicked out our -- from our house.  And we were in a hotel.  And

19   kids were really stressed out.

20           I was -- I am actually a single mother with them.  It

21   was very stressful for me and to deal with.  But thank you for

22   today taking my case.  And I hope you consider looking at this.

23   And lastly, thank you.  I appreciate it.  And I -- this is my

24   second language, English.  And excuse me with not pronouncing

25   things right.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    THE COURT:  Thank you, Ms. Garcia.  Your English is

2 fine, and I appreciate your comments.  And I appreciate your

3 explaining the circumstances you've been subjected to.  And as

4 I said with the others, I will listen to your arguments.  I'll

5 listen to the trust's arguments.  And then I'll be issuing a

6 decision not today but sometime in the near future.  So I

7 appreciate your comments.  Again, you're welcome to stay on the

8 camera and watch or turn it off.  It's up to you.  Thank you

9 for your time.

10    MS. GARCIA:  Thank you.

11    THE COURT:  All right.  Mr. Mejia, I believe it's your

12 turn under the arrangement.  And you have five minutes, sir.

13    MR. MEJIA:  Thank you, Your Honor.

14    So yeah, I was just here to basically -- not an

15 argument, but more so to explain my reasoning for filing late.

16 And it was just basically just simply being unaware of the --

17 unaware that I was actually able to file a claim if I didn't

18 have any physical damage that was done.  I didn't realize that

19 there was a lawsuit in play.  So me filing wasn't because of,

20 lik4, negligence or I forgot to place a claim or anything.  Had

21 I known earlier, I would have acted right away and filed that,

22 being that I myself and -- as well as my family were all, you

23 know, fire victims as well as everyone else here on that

24 morning of October 2017, which was just full of confusion,

25 fear, and you know, emotional and mental distress, being

                PG&E Corp. & Pacific Gas And Electric Co.

1    displaced on top of, you know, losing food or, you know,

2    missing work and whatnot, which is why even though I am filing

3    late, I was hoping to still be held in consideration for any

4    compensation that was in play.

5              THE COURT:  Okay.  Thank you very much, Mr. Mejia.

6              MR. MEJIA:  That's all I have.

7              THE COURT:  Again, same to you.  I appreciate your

8    presentation.  And I'm sorry about the circumstances you

9    described.  And I'll take the matter under advisement, as I

10   said, with the others.

11             MR. MEJIA:  Okay.  Thank you for your -- thank you --

12             THE COURT:  Thank you.

13             MR. MEJIA:  -- for the opportunity to speak.  Thank

14   you, Your Honor.

15             THE COURT:  Thank you.  Mr. Smithson?

16             MR. SMITHSON:  Hello.  Can you hear me?

17             THE COURT:  Yes, I can.

18             MR. SMITHSON:  Excellent.

19             THE COURT:  Good morning.

20             MR. SMITHSON:  Good morning.

21             First, I'd like to say thank you for taking the time

22   to hear my appeal today to file a late claim.  On the night of

23   October 8th, 2007 (sic), I was driving home from work, Vertex

24   Climbing Center, where I had just gotten off work.  My drive

25   took me along the Found Grove Parkway to Rincon Valley, where I

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   lived at the time with my family at 6293 Melita Road.  And like

2   many Santa Rosa residents, I will never forget that night or

3   the many days following.  My home, my work, and even the

4   commute between them were all in evacuation zones.  Are my

5   friends and family safe?  Do I still have a place to live?  And

6   what about where I work?  Do I still have a job to return to?

7   These were all questions burning to be answered.

8        I also remember reading and listening to the news the

9   following year and a half as PG&E's court case was being

10  decided.  And the last thing I remember seeing regarding this

11  case were scammy-looking billboards along Highway 101 and radio

12  commercials that felt the same, third parties, or that just --

13  it sounded like people trying to take advantage of fire

14  victims.  And I nor anyone in my family living at 6293 Melita

15  Road received any kind of notification regarding this that we

16  were able to file claims against PG&E, let alone how or when to

17  do so.  Similarly, my place of work did not receive any

18  information regarding this claim either.

19       In the past five years since then, I have moved.  And

20  there's been a global pandemic.  And I've only just learned of

21  the fire relief claim through word of mouth, like many others

22  here today.  And if it was not for a friend of the family

23  informing them and then them telling me, I never would have

24  known that I qualified to be a part of this.  As it is, I found

25  out too late to file a claim in time by the deadline with the

PG&E Corp. & Pacific Gas And Electric Co.

1  rest of my family still living at Melita Road.  And everyone

2  who lives there currently and filed late claims in time were

3  approved through the Court to receive compensation.  And I

4  believe if I had been informed in time and filed by the

5  deadline, I would have also been approved.

6        And in closing, I would just like to thank you for

7  your time today and for providing one last opportunity for fire

8  victims to file late claims.

9        THE COURT:  Well, thank you for your time also, Mr.

10  Smithson.  You've committed your time as well.  And I

11  appreciate your comments.  And as with the others, I will take

12  them under consideration.

13        MR. SMITHSON:  Thank you, Your Honor.

14        THE COURT:  And you'll hear -- you'll get a written

15  decision from the Court sometime, although not immediately.

16  Thank you for your time.  And you're welcome to stay on the

17  camera or decline if you wish -- or depart rather if you wish.

18        Okay.  Ms. Sieger-Grimm, you've been here before.  You

19  know the drill.  You've heard from -- new suggestions today, so

20  you have twenty minutes to do your thing, if you'd please.

21        MS. SIEGER-GRIMM:  Thank you, Your Honor.  Again, this

22  is Susan Sieger-Grimm from Brown Rudnick.  And we represent the

23  fire victim trustee.

24        I believe the trustee has addressed the majority of

25  the statements in prior filings or they were addressed in your

PG&E Corp. & Pacific Gas And Electric Co.

1    December 20th order.

2         Just a couple of things.  The trust has never disputed

3    the late claims.  We're not judging them.  We're not saying

4    they're not valid.  It's is all a matter of late claims

5    process.  And that's a matter that has to be considered

6    obviously in equity.  And we're looking at a three-year

7    deadline.  So that's what we're -- we're looking at that.  And

8    we're also looking at the people who have already filed claims.

9         The trust is run pursuant to the trust documents that

10   were approved by the Court.  A lot of this was done before the

11   trust was even in existence.  So to the extent that there's

12   issues about sufficiency of notice, that's before the trust.

13   And that matter was decided by the Court, so we're not going to

14   address that.

15        I do just want to point out that while there are only

16   seven motions before the Court today, the motions represent 154

17   separate claims and 421 separate claimants, which is not an

18   insignificant number.

19        But I do want to point out to the Court some things

20   that you might not have seen if you hadn't looked at the trust

21   website.  First of all, as of December 30th, the trust had

22   issued determination notices on account of more than ninety

23   percent of claims questionnaires that have been submitted.

24   It's awarded 14.71 billion dollars in determination notices so

25   far.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1    THE COURT:  Fourteen -- I'm sorry.  How much?

2  Fourteen?

3    MS. SIEGER-GRIMM:  14.71.

4    THE COURT:  14.71.

5    MS. SIEGER-GRIMM:  Yes.  And has paid at this point

6  nearly six billion dollars to claimants.  These numbers are

7  going to be updated again a little earlier.  Usually it's the

8  15th and 30th.  But because of the holiday and the 15th being a

9  Sunday, we're going to post this on January 13th, which is

10  Friday.  So there will be an update then.

11    The bottom line for the trust right now is that the

12  claims determinations are more than ninety percent complete at

13  this point.  And it's time for the trust to move forward and

14  try to bring closure to people who have been waiting not only

15  since 2017 or earlier based on their fires, but since the trust

16  has been in existence.  And balancing the equity of the people,

17  80,000-plus people who filed timely, including people who had

18  similar claims that people presented today, balancing that

19  against people who are learning about this three years later,

20  trying to get everything -- everyone paid as much as we can,

21  doing it as quickly as possible, and do it in an efficient way.

22    Not judging people's claims, not trying to be unfair,

23  the September 30th deadline, that wasn't a guarantee that

24  anything prior to that deadline would be allowed or anything

25  after the deadline would be disallowed.  It's a matter of we've

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   looked at things prior to September 30th a little more lax and

2   just trying to let in a lot of people.  Unfortunately, the

3   numbers got huge.  And the press was getting overwhelmed with

4   claims compared to the limited amount we have.  That doesn't

5   mean that the claims all before are all better claims or better

6   circumstances that there are now.  We had -- a line had to be

7   drawn so that we could start trying to move forward.

8        Again, nobody disputes the claims.  And we really

9   appreciate everyone who has shared their stories and understand

10  that people were put through a lot of terrible circumstances.

11       And again, this isn't PG&E deciding your claims.  The

12  trust has these.  We were handed them by PG&E.  And we're

13  trying to do the best thing for everybody involved.  And that's

14  all.

15       THE COURT:  And what do you have -- do we have any

16  suggestion on what I do about either Mr. Jamond's suggestion

17  for a discount for late claims or Ms. Masud's suggestion of

18  simply allowing late claims?

19       MS. SIEGER-GRIMM:  Well, as you recognize, Your Honor,

20  if, in fact, all current claims are paid in full, there's a

21  rather large plan that goes to FEMA.

22       In addition, some of the requests were to rewrite the

23  claims process.

24       THE COURT:  But FEMA hasn't taken a position on this.

25  I mean, FEMA hasn't come in and joined or opposed any of the

PG&E Corp. & Pacific Gas And Electric Co.

1  late claims.  So FEMA seems to be acting the way FEMA's

2  supposed to be, letting the victims get paid before it gets

3  paid.

4         MS. SIEGER-GRIMM:  I don't know if they have --

5         THE COURT:  What I'm saying -- let me state it

6  differently.  Let me state it differently.  If I allow today's

7  claims or next week's claim, whatever, even one late claim

8  theoretically might impact whoever is next in the waterfall.

9  But FEMA is next.  And they haven't -- that's the federal

10 government.  The federal government has come in and said stop

11 allowing late claims.  They seem to be acquiescing.  It seems

12 to be acquiescing in the decisions, at least consistent with

13 what the trust has made prior to September 30th to allow

14 hundreds of late claims.

15        And now today if I were to accept these or to go back

16 and revisit the ones that I disallowed last month, it's hard

17 for me to imagine that FEMA is taking a legal position that

18 that's the wrong outcome.  That's all I'm saying.  You don't

19 have to agree with me.  It's just an observation.

20        MS. SIEGER-GRIMM:  I'm not going to guess what they're

21 thinking or if they've even considered it.  But I will

22 reiterate that the trust is already awarded to the current

23 claimants in the trust 14.71 million dollars.

24        THE COURT:  Well, and at least are you still confident

25 that as of now, there is no reason to believe that there's a

PG&E Corp. & Pacific Gas And Electric Co.

1    hundred percent payout to the allowed claims?

2            MS. SIEGER-GRIMM:  I can't -- I mean, I don't know

3    what's going to happen.  We don't know what's going to happen

4    with the stock.  At this point --

5            THE COURT:  No, I admit --

6            MS. SIEGER-GRIMM:  --  we're beyond what we -- the

7    corpus of the trust originally.

8            THE COURT:  Ms. Sieger-Grimm, if the stock suddenly

9    went up to twenty dollars, we would have a different

10   discussion.  If the stock dropped down to eight dollars, we'd

11   have a much different discussion.  I and I'm not asking you to

12   predict the stock.  I'm just saying, based upon the amount

13   that's been distributed in value and the allowed

14   determinations, it seems to me it's a stretch to think that the

15   timely allowed claims are going to get paid in full.

16           So whether it's a de minimis impact or something other

17   than de minimis, allowing a late claim now does affect the

18   outcome for the timely claims.  That's still a true statement,

19   isn't it?

20           MS. SIEGER-GRIMM:  Absolutely correct.

21           THE COURT:  Okay.

22           MS. SIEGER-GRIMM:  Both in value of claim and in the

23   time that they have to wait until they can even find out what

24   they're going to get in the end.

25           THE COURT:  Are you familiar with Ms. Masud's pointing

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1   out that the rules got changed?  And does that rule change

2   suggest any different result for this case?  I don't know.  I

3   don't -- I hadn't thought about it until she mentioned it.

4       MS. SIEGER-GRIMM:  Well, extension of time to file a

5   claim versus file it -- allowing the filing a claim.  But in

6   most cases, the overwhelming majority of cases are dealing with

7   small -- the Supreme Court case that most people take, there's

8   a twenty-day delay.  It's a very different thing than what

9   we're talking about now, for the most part, three years.  We're

10  now past three years, past the deadline.  And it's not just a

11  matter of the deadline having been passed three years, but we

12  have people waiting in the trust that we are waiting to see --

13  we can't pay them in full.  We can't even tell them what

14  they're going to get in the end until all the claims are

15  determined and adjudicated.

16      THE COURT:  Okay.  I accept your answer.  All right.

17  Thank you for your time and presentation.

18      Again, I'll repeat what I said at the outset for those

19  who are staying listening in.  I've taken the matter under

20  advisement.  I am not going to make a ruling until at least a

21  couple of weeks because there are some -- a few other --

22  another group of claims that are going to be coming up on the

23  calendar very shortly.  And I don't want to do this in a

24  piecemeal fashion.

25      So for all of you, both lawyers and nonlawyers who

(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. & Pacific Gas And Electric Co.

1  participated today, I appreciate your time and effort.  Thank

2  you for participating.  And the matter stands submitted.  And

3  we'll conclude the hearing now.  Thank you for your time.

4      (Whereupon these proceedings were concluded at 11:07 AM)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                C E R T I F I C A T I O N

 2

 3    I, Michael Drake, certify that the foregoing transcript is a

 4    true and accurate record of the proceedings.

 5

 6

 7

 8    _____

 9    /s/ MICHAEL DRAKE, CER-513, CET-513

10

11    eScribers

12    7227 N. 16th Street, Suite #207

13    Phoenix, AZ 85020

14

15    Date:   January 11, 2023

16

17

18

19

20

21

22

23

24

25
```

(973) 406-2250 | operations@escribers.net | www.escribers.net

## A

**abandon** 20:4
**ability** 33:13
**able** 25:21 40:17
  42:16
**absent** 15:14
  29:10
**Absolutely**
  48:20
**abundantly** 29:9
  31:10
**accept** 24:5 36:4
  47:15 49:16
**accepted** 24:6
  38:6
**accident** 16:20
  16:20
**account** 31:11
  44:22
**accurate** 51:4
**acquiescing**
  47:11,12
**act** 9:7
**acted** 40:21
**acting** 47:1
**actionable** 15:25
  16:24 17:15
**activated** 15:24
**active** 37:3
**actual** 18:8
**add** 6:1 16:17
**Adding** 33:22
**Addington** 1:12
  4:7 5:6,11,13
  5:16,18,19,19
  5:21,24 6:8,11
  6:18,20 7:2,5
  7:13 8:5,7,18
  9:1 10:3,11,13
  10:21,22 11:3
**Addington's**
  9:15
**addition** 37:10
  46:22
**additional** 6:2
  18:19 29:22
**Additionally**
  16:4

**address** 32:25
  44:14
**addressed** 7:19
  43:24,25
**addresses** 16:5
**adjudicated**
  49:15
**adjusted** 33:23
  33:24
**ADMINISTR...**
  2:4,11,19 3:2
**administrative**
  18:25 24:13
**administrator**
  22:25
**admit** 48:5
**admitted** 18:10
  18:15
**ads** 17:16,18
  36:25,25,25
  37:3
**advantage** 24:13
  42:13
**advisement** 41:9
  49:20
**advisory** 30:21
**affect** 48:17
**ago** 23:22
**agree** 6:6 10:7
  47:19
**agreement** 6:12
  10:16
**agrees** 6:6
**ahead** 6:11 12:9
  14:1 34:20
**alert** 12:9 16:1
**all-or-nothing**
  25:18
**allow** 3:10 25:20
  25:20,20,25
  26:7 32:3
  38:18 47:6,13
**ALLOW/DE...**
  1:14,17,20,23
  3:7
**allowed** 6:10
  7:23 25:8,16
  25:22 34:12

38:4 45:24
  48:1,13,15
**allowing** 24:3
  46:18 47:11
  48:17 49:5
**alphabetical**
  14:18 35:12
**altered** 20:14
**alternative**
  34:11
**altogether** 38:12
**amend** 5:22 6:15
  7:8,9,14,22
  8:12,14,20
  10:4,8
**amended** 6:7
  9:15,16,22,23
  10:2,4 30:13
**amending** 5:21
**amendment**
  5:25 6:3,5,10
  6:12,21,25 7:6
  7:19,22,23 8:4
  8:5,11,16 9:2,2
  9:17 30:22
**amendments**
  8:19 9:12 31:9
**amount** 24:4
  25:6,17 33:5
  33:22 46:4
  48:12
**analyses** 18:12
**analyze** 18:8
**analyzed** 19:1
**and/or** 17:23
**announce** 26:6
**answer** 33:2
  49:16
**answered** 42:7
**anybody** 26:15
**anyway** 12:9
  27:19 35:1
**apologies** 34:10
**apologize** 36:2
**apparent** 20:12
**apparently** 13:6
  18:1 24:2
**appeal** 41:22

**appear** 34:23
**appearance** 5:8
  11:13 12:14,16
**APPEARAN...**
  3:14
**appearing** 12:22
**appears** 12:8
  33:9
**apple** 7:5
**application** 6:21
**apply** 10:1 33:2
**appreciate** 21:1
  21:2 27:20
  34:9 38:21
  39:23 40:2,2,7
  41:7 43:11
  46:9 50:1
**appropriate**
  31:16
**approve** 8:5
**approved** 43:3,5
  44:10
**arbitrary** 35:11
**area** 17:12
**argued** 10:9
**argument** 18:1,4
  18:24 27:25
  28:12 30:11
  33:11 34:7,9
  35:6,6,16,17
  35:23 40:15
**arguments**
  14:12 19:17
  40:4,5
**arrangement**
  40:12
**aside** 7:18 28:19
**asked** 37:15
**asking** 30:2
  48:11
**assume** 6:2 9:14
**assurance** 7:21
**asthma** 39:7,14
**attention** 16:10
**authority** 26:5,8
  31:1
**Avenue** 4:19
**awarded** 44:24

47:22
**aware** 15:23
  32:17 33:10,17
**awful** 5:22 17:2
**AZ** 4:23 51:13

## B

**B** 3:15
**baby** 36:20
**back** 22:6,8 27:5
  32:2 35:5
  39:17 47:15
**background**
  22:2 28:13
  29:8 30:5
**badly** 39:11
**balance** 32:18
**balancing** 45:16
  45:18
**bankruptcy** 1:1
  3:13 4:18
  22:20 29:21
  31:12 32:13
  33:13
**BAP** 26:15
**bar** 2:7,14,22
  3:5 15:15,23
  29:21 32:14
  33:8
**based** 18:12
  45:15 48:12
**basically** 24:21
  25:19 28:16
  33:5 40:14,16
**basis** 20:23
  25:23 29:5
**bath** 22:4
**Bay** 15:24
**began** 31:24
**behalf** 5:10
  12:19 27:13
  37:1
**believe** 11:9
  15:2,6 16:6
  18:3,8 19:1,11
  19:16,23 24:22
  33:15 34:5
  40:11 43:4,24

Case: 19-30088    Doc# 13442    Filed: 01/11/23    Entered: 01/11/23 15:28:36    Page 52
of 64

47:25
believes 34:24
Benvenutti 3:15
  5:10
best 9:2 46:13
better 46:5,5
beyond 48:6
big 22:7
billboard 36:25
billboards 42:11
billion 44:24
  45:6
birth 36:21
bit 33:16
bites 7:5
blanket 20:8,15
  20:21
blessed 36:11
Blueston 4:4
booklet 23:19
born 36:20
bother 27:16
bothering 24:10
bottom 45:11
Bowen 17:6
Bowen's 15:20
  16:11 17:3
  19:24
brief 15:4 17:21
bring 5:6 11:9
  11:17,21 12:1
  12:6,9 45:14
bringing 12:24
broad 15:5 17:1
  17:2
brother 37:18
brought 12:13
  29:2 34:6
Brown 3:19
  11:16 28:24
  43:22
Bu 6:14
building 28:17
burning 42:7

        C
C 51:1,1
C-section 36:20

CA 3:17,23 4:2
  4:5,19
calculations
  18:11 33:23,24
calculus 33:19
calendar 49:23
California 1:2,5
  3:16 5:1 36:2
call 5:3 12:14
  31:17 32:6
  35:12
called 30:3
Calling 5:5
camera 5:12,13
  13:4 28:4 35:3
  39:1 40:8
  43:17
cameras 11:18
  27:25 28:3
campsite 31:23
  32:1,8
cap 25:16,22
  26:7
car 16:19,20,20
care 36:19,22
carefully 14:12
  20:22
case 1:4 8:8
  13:17 14:9
  16:19 18:22,23
  28:14,20 30:25
  31:18 32:9
  34:18 39:22
  42:9,11 49:2,7
case-by-case
  20:23
cases 49:6,6
cash 24:5,15
  33:18
casts 37:5
CATHY 1:15
  2:4,11 3:2,8
caused 24:25
Center 41:24
central 21:25
CER-513 51:9
certain 25:17,22
  34:15

certainly 18:13
certify 51:3
CET-513 51:9
challenge 8:4
challenging
  32:20
chance 7:22
change 33:19
  49:1
changed 30:14
  49:1
changes 30:25
Chapter 1:4
  34:19
CHARMBURY
  1:8
children 19:15
  19:23
choice 27:17
choose 25:5
chooses 7:7
chose 6:20
circuit 26:16
circumstances
  16:6 26:21
  29:10,20 30:4
  30:19 31:15,17
  32:9,15 33:5,6
  34:4,15 40:3
  41:8 46:6,10
claim 1:11,21,24
  2:3,6,10,13,18
  2:21 3:1,4,10
  7:14,19,19,23
  8:1 9:16,22,23
  10:2 15:22
  22:18,20,21
  23:5,5,12 24:4
  24:10,24 25:6
  25:24 27:7,16
  28:22 29:10
  30:16,20,23
  31:4,6,14
  32:15 33:10,14
  33:22 34:13,20
  36:3,4,24 37:9
  37:13,15,17,21

37:22,23 38:5
  38:6,7,11,14
  38:19 39:4,5
  40:17,20 41:22
  42:18,21,25
  47:7,7 48:17
  48:22 49:5,5
claimant 4:8,9
  4:11,12,14
  30:1,3 33:5
claimant's 34:4
claimants 1:14
  1:17,18,25 3:8
  3:11,21 4:4
  12:22 15:21
  16:1 17:1,4
  18:9,14 19:15
  19:18,19 38:15
  44:17 45:6
  47:23
claimed 29:7
claims 1:7,8 2:7
  2:14,22 3:5,10
  11:7 15:15,16
  16:3,3 17:15
  18:19 19:8,12
  19:20 20:13
  22:24 23:23,25
  24:14,21,21
  25:4,5,7,16,20
  25:21,22 26:1
  32:20 33:8,10
  34:15 37:1,24
  38:2 42:16
  43:2,8 44:3,4,8
  44:17,23 45:12
  45:18,22 46:4
  46:5,5,8,11,17
  46:18,20,23
  47:1,7,11,14
  48:1,15,18
  49:14,22
clear 7:11 10:11
  29:9 31:10
clerk 5:4 11:9
  11:21,25 12:6
  13:1 20:13
Climbing 41:24

clock 21:14
close 19:4
closing 43:6
closure 45:14
clothing 21:20
colleague 35:21
colleagues 27:15
come 13:11,21
  25:7 29:15
  32:2 35:5 36:7
  39:17 46:25
  47:10
coming 49:22
comments 38:21
  40:2,7 43:11
commercials
  42:12
committed
  43:10
committee
  30:21
committing
  18:19
communication
  23:23
commute 42:4
companion
  35:22
company 1:5 7:4
  22:12,19 23:12
compared 46:4
comparison
  14:25
compensable
  33:11
compensate
  23:14 33:7
compensation
  38:13 41:4
  43:3
complaining
  27:10,11
complete 45:12
completely
  10:15
comply 17:22
component 19:9
comprehensive

16:14
**concern** 5:23,24
**concerned** 5:21
**concerns** 34:1,2
**conclude** 50:3
**concluded** 50:4
**conditions** 36:18
**confer** 10:7
**conference** 1:10
7:13 22:7
**confident** 47:24
**confirmation**
29:20
**confirmed** 22:24
**confirming**
37:18
**confusion** 20:16
40:24
**consent** 9:12,17
**consider** 21:10
24:19 26:2
32:19 39:22
**consideration**
27:21 41:3
43:12
**considered** 44:5
47:21
**consistent** 10:15
47:12
**CONSOLIDA...**
1:13,16,18 3:7
3:11
**conspicuously**
38:10
**construed** 31:1
**construing**
30:25
**contact** 13:5
29:18
**contacted** 22:12
23:4,8
**context** 16:17
17:13 19:16
**contingency**
21:20
**continues** 37:20
**continuous** 32:3
**converted** 22:1

22:3
**convince** 36:4
**copy** 23:15,19
23:20
**Corporation** 1:5
1:9 5:6
**corpus** 48:7
**correct** 34:16
48:20
**correctly** 20:20
**corroborated**
36:22
**CORY** 2:2
**cost** 24:2
**costs** 18:25
**counsel** 8:8,8,9,9
11:18 12:5,11
14:2,6 27:21
28:23 30:9
32:12 34:3,25
35:2
**couple** 14:14
15:2 23:22
28:20 44:2
49:21
**course** 6:14
21:22 35:24
**court** 1:1 4:18
4:18 5:3,4,7,11
5:15,17,20,25
6:4,9,14,19,21
6:23 7:3,15 8:2
8:11,19,23 9:9
9:12,21,24
10:3,11,14,19
10:23 11:1,4,6
11:11,13,17,22
12:2,7,20,24
13:2,10,15,17
13:20,25 14:24
15:4,5,10,14
16:25 17:8,17
19:5,10 20:18
20:25 21:4,7
21:12 22:21
24:7 25:10,13
26:4,13,20,25
27:4,12,17

28:6,10 29:16
29:24 30:16,18
31:12,13 32:25
33:4 34:1,6,8
34:11,14,17
35:10,21 38:16
38:20,25 40:1
40:11 41:5,7
41:12,15,17,19
42:9 43:3,9,14
43:15 44:10,13
44:16,19 45:1
45:4 46:15,24
47:5,24 48:5,8
48:21,25 49:7
49:16
**court's** 14:23
15:9 16:10
29:6,12,25
32:18
**courtroom** 13:6
**craft** 25:21
26:17
**created** 29:3
**creative** 26:5
**credence** 19:16
**creditor** 30:15
30:20 31:8
**criteria** 34:5
**culminating**
36:19
**current** 18:9
32:19 46:20
47:22
**currently** 43:2

**D**

**damage** 19:9,21
22:9,15,15
40:18
**damaged** 22:8
**damages** 15:24
16:21,23,23
**danger** 21:18
**Daniel** 2:18,22
4:12 35:19
**date** 2:7,14,22
3:5 8:16 15:15

15:23 29:21
30:17 32:14
33:8 51:15
**daughter** 36:16
**David** 1:12 4:7
5:19
**day** 7:1 32:1,7
**days** 22:5,16
28:15,20 30:17
31:24,25,25
32:7 37:23
42:3
**de** 18:5 19:2
48:16,17
**deadline** 9:3
20:2 29:13
38:10 42:25
43:5 44:7
45:23,24,25
49:10,11
**deal** 39:21
**dealing** 49:6
**debtors** 1:6 3:15
5:10 32:10
**debtors'** 1:10
28:23
**December** 19:11
30:14 31:13
33:4 37:14
44:1,21
**decide** 9:6
**decided** 42:10
44:13
**deciding** 46:11
**decision** 6:9
26:11,12,16
40:6 43:15
**decisions** 47:12
**declaration**
15:19,21 16:11
17:3 19:24
**decline** 43:17
**decrease** 18:8,13
18:15
**deductible**
22:14
**DEEM** 2:3,9,18
2:25 3:10

**deemed** 31:6
**delay** 15:11,13
15:17 16:6,7
17:20 18:24
49:8
**delayed** 19:21
**demonstrate**
29:19
**denied** 6:24 15:1
15:9,11 16:9
**Dennis** 3:13 5:5
**deny** 31:16
**denying** 15:9
23:25 30:23
**depart** 43:17
**deputy** 13:6
**described** 33:5
41:9
**desire** 8:2
**despite** 15:8
17:15
**detail** 16:12,17
29:16
**detailed** 22:25
**details** 15:18
29:18
**determination**
44:22,24
**determinations**
45:12 48:14
**determine** 25:9
25:15
**determined**
49:15
**determining**
37:23 38:13
**developed** 32:16
**device** 25:21
**diagnosed** 36:15
**different** 9:25
48:9,11 49:2,8
**differentiate**
14:24
**differently** 47:6
47:6
**difficult** 32:22
**dilapidated** 32:6
**dilution** 17:23

Case: 19-30088   Doc# 13442   Filed: 01/11/23   Entered: 01/11/23 15:28:36   Page 54
of 64

diminution 17:20 18:3
disallow 25:4
disallowed 45:25 47:16
disallowing 38:11
discount 27:2 46:17
discretion 38:9
discussed 15:18 17:25 29:16
discusses 17:13
discussion 25:11 48:10,11
dismiss 6:21
displaced 41:1
displacement 36:13
disputed 44:2
disputes 46:8
dissipated 22:17
distress 19:22 24:4,22,24 25:5 26:7 39:13 40:25
distributed 48:13
distributions 18:9,14,20 31:6
DISTRICT 1:2
docket 12:22 28:21 29:25
docketed 20:11
documentation 24:2
documents 44:9
doing 21:22 32:22 45:21
dollar 25:17
dollars 22:22 24:4,5,15 25:6 25:7 26:22 27:8 44:24 45:6 47:23 48:9,10
door 7:25

dormant 19:22
doubt 15:5 26:10 37:5
downtown 21:25
dozens 28:22 37:4
draft 7:20
Drake 4:21 51:3 51:9
draw 16:10
drawn 46:7
dressed 21:21
drill 43:19
drive 41:24
driving 41:23
dropped 48:10
due 15:11 19:10 33:10 36:21

**E**

E 51:1
earlier 20:3 24:18 27:6 33:2 38:15 40:21 45:7,15
early 20:12 28:15,20 36:20 37:14
easy 25:8,15
educate 37:20
effects 36:21
efficient 45:21
effort 19:11 50:1
eight 48:10
EIGHTEENTH 1:8
either 6:6 9:3 11:1 32:5 42:18 46:16
ELECTRIC 1:5
electricity 31:21
electronic 4:24
element 6:1,2
eligibility 37:7 37:12,19,20
eligible 37:9,23
Elizabeth 1:21 1:24 4:1 12:19

30:4
email 23:13,22
emails 37:4,5,6
emergency 21:17 36:20
emotional 19:21 24:4,21 25:5 26:7 39:12 40:25
ended 36:11
engaged 18:11
English 39:24 40:1
ensure 29:23
entered 29:7
entire 14:22
entitlement 15:22
equitable 15:6 25:23 31:12
equities 32:18
equity 34:20 44:6 45:16
Erdman 2:18,22 4:12 12:2 13:3 13:4,12,14,16 35:13,18,19,20 35:24 38:21
Erdmann 35:15
eroding 18:5
eScribers 4:21 51:11
especially 24:20
ESQ 3:15,18,21 4:1,4
essentially 9:10
essentials 36:8
establish 38:9
evacuate 36:9
evacuated 25:9 25:15 36:5,9
evacuation 17:5 17:7 25:16 42:4
evacuations 17:11
evaluate 22:21
eventually 22:17

everybody 21:22 33:17 46:13
evicted 31:20
evidence 16:4 17:14,16,23,24 18:4,7,21 19:17 32:11
evidenced 36:22
evidentiary 16:25
evolution 31:9
exact 33:21
example 15:20 16:16 20:10 27:14
Excellent 41:18
excluding 19:15
excuse 9:16 10:4 31:5 39:24
exist 15:3
existed 15:10
existence 15:23 17:17 44:11 45:16
expensive 39:15
experienced 17:7
expert 18:13
expiration 30:15
explain 23:13 40:15
explained 37:7 37:16,21
explaining 40:3
expressed 7:13
extend 30:16
extended 15:23
extension 30:23 49:4
extent 44:11
extraordinary 29:10,19 30:4 32:9
extremely 36:21

**F**

F 51:1

fact 8:17 18:5 31:1 33:10,11 46:20
factor 33:25 38:12
factors 17:25 31:12
factual 19:24
failure 17:21
fair 38:14
Faircloth 4:4,4 12:20,21,22 14:3,18,20,21 17:3,9 19:7 20:20,24 21:1 21:2 27:24
fairness 31:11
faith 15:10 32:21
fall 29:24
fallback 26:1
falls 31:14 32:23
familiar 48:25
families 16:18
family 36:9 40:22 42:1,5 42:14,22 43:1
far 44:25
Farmers 22:12 23:18
fashion 49:24
favor 20:5
fear 40:25
February 8:16 9:3,15 10:4,9 11:2
federal 47:9,10
felt 24:10 42:12
FEMA 34:19 46:21,24,25 47:1,9,17
FEMA's 47:1
Fern 1:21,24 4:1 12:19 30:4 31:17 32:4,11 32:12 34:5
Fern's 31:18 33:1,22

**fifth** 8:1
**fifty-five** 26:25
**file** 2:6,13,21 3:4
5:25 6:5,20 7:7
9:2 15:22
24:10 25:6
27:16 29:23
30:16,20,23
31:4 32:15
33:13 36:24
37:17,21 38:5
38:19 40:17
41:22 42:16,25
43:8 49:4,5
**filed** 1:8,11,15
1:17,24 2:4,7
2:11,14,22 3:2
3:5,8,10 19:9
22:20,20 26:1
27:7 28:22,22
29:4,25 30:7,8
30:15 32:20
37:21,23 38:7
38:13 40:21
43:2,4 44:8
45:17
**files** 10:4,8
**filing** 1:14,20,23
3:8 30:10,12
32:21 40:15,19
41:2 49:5
**filings** 20:3
43:25
**fill** 23:1
**filled** 22:11 23:6
**FILLING** 1:17
**finality** 7:4,24
8:3
**finally** 20:1
23:18
**find** 15:10 16:25
23:17 48:23
**finds** 5:25 30:18
**fine** 26:8 40:2
**fire** 1:13,19,24
2:1,4,8,11,17
2:19,24 3:2,6
3:18 4:4 11:16

14:7 16:1
21:16 25:11,12
25:14 27:15,15
28:25 29:2,13
29:17 31:19
32:19 33:8
34:2,18 36:2,5
36:22 37:5,25
37:25 38:1,17
40:23 42:13,21
43:7,23
**fires** 15:25 16:22
17:2 24:25
27:19 32:5
36:15 37:16
38:8 45:15
**firm** 28:13,14
29:18
**firms** 29:22 37:1
**first** 14:2 15:11
21:10 23:11
35:12,13 41:21
44:21
**Fisher** 1:21,24
4:1 12:19 30:4
33:9,12
**fit** 10:2
**five** 13:10 14:6
35:18 38:23
40:12 42:19
**flames** 36:7
**float** 26:18
**floor** 22:7
**focused** 38:1,4
**follow** 35:11
**following** 15:14
42:3,9
**food** 22:10,14
24:3 39:9,10
41:1
**foregoing** 51:3
**forget** 42:2
**forgot** 40:20
**form** 10:15
23:19
**format** 23:21
**forth** 15:4
**forward** 9:14

31:7 32:16
45:13 46:7
**found** 23:18
31:22 37:16
41:25 42:24
**four** 14:5 19:5
**Fourteen** 45:1,2
**fourth** 4:5 7:25
**Francisco** 1:5
3:17 4:19 5:1
28:16
**free** 7:6 8:18,18
**freezer** 39:9,10
**frequent** 36:18
**Frewoini** 2:25
4:13 39:3
**Friday** 45:10
**friend** 37:17
42:22
**friends** 42:5
**front** 24:6
**full** 22:3,4 23:15
39:8 40:24
46:20 48:15
49:13
**fully** 8:2 33:17
**fulsome** 32:10
**funded** 33:17
**funding** 33:17
**further** 8:11,19
9:12 18:20
**future** 18:9,14
27:1,9 40:6
**FVT** 15:24

**G**
**Garcia** 2:25 3:5
4:13 12:7
13:17,19,20
35:12,13 38:22
38:24 39:3,4
40:1,10
**GAS** 1:5
**Gate** 4:19
**gathered** 29:8
**generally** 37:2
**gentlemen** 10:5
10:19

**getting** 19:4
46:3
**give** 7:8,8 8:7
30:20
**given** 19:14,21
37:1
**gives** 19:16
**global** 42:20
**go** 6:11 9:5,17
10:6 14:17,22
16:12 21:23
22:23 47:15
**go-bags** 21:21
**goes** 31:18 46:21
**going** 8:12 9:6
14:2,11,12,15
22:6 23:9,11
23:14 24:9
25:3,19,20
26:11 29:14
33:19,20,23
35:4,4,5,7,16
44:13 45:7,9
47:20 48:3,3
48:15,24 49:14
49:20,22
**Golden** 4:19
**GONZALEZ**
2:14
**good** 5:7,9,15,16
10:19 11:12,13
12:18,21 13:9
13:14 15:10
16:2 27:8
32:20 35:19
41:19,20
**Goren** 28:24
**gotten** 9:1 41:24
**government**
47:10,10
**grant** 31:16
34:11
**granted** 6:16,23
15:7 29:11
30:18 33:1
**granting** 30:17
30:22
**great** 28:11

29:16
**greater** 18:6
**greatly** 36:1
38:8
**grounds** 29:5
**group** 49:22
**Grove** 41:25
**growing** 29:3,4
**growth** 36:17
**guarantee** 45:23
**guess** 10:23
47:20

**H**
**half** 8:13 23:17
24:9 36:9 42:9
**hand** 11:20 12:8
23:19
**handed** 46:12
**hands** 12:1
**happen** 27:14
48:3,3
**happened** 20:6
30:12 31:23
**happy** 5:13
25:17
**hard** 47:16
**hassle** 24:24
**Hays** 4:1 12:19
28:13
**he'll** 7:22 9:3
**heads-up** 8:7
**health** 32:16
36:22
**hear** 14:3,6,15
21:6 28:8
34:25 35:23
36:25 41:16,22
43:14
**heard** 11:8,18
11:23 12:4
13:6,8,12,15
13:24 23:3
37:17,19 43:19
**hearing** 9:14
14:13,13 19:11
30:13 50:3
**heavily** 27:2

Case: 19-30088    Doc# 13442    Filed: 01/11/23    Entered: 01/11/23 15:28:36    Page 56
of 64

**held** 41:3
**Hello** 41:16
**help** 38:2
**helpful** 14:1
**Henderson** 3:22
**highlighted** 33:4
**highly** 26:17
**Highway** 42:11
**hill** 36:7
**hold** 25:10,10
**holiday** 45:8
**home** 36:6,10
37:10,12,12
41:23 42:3
**homeless** 31:19
32:5
**honor** 5:9 7:11
8:22 9:8,20
10:18,25 11:5
11:9,12,25
12:18,21 13:1
13:9,14,24
14:21 15:18
17:12 19:4
20:1,12,24
21:2,5 27:3,14
28:8,9,15 30:6
30:8 34:10
35:9,19 38:16
39:3 40:13
41:14 43:13,21
46:19
**Honorable** 3:13
5:4
**hope** 10:23
34:24 36:3
39:22
**Hopefully** 14:21
19:3
**hoping** 41:3
**hospitalized**
32:17
**hotel** 39:18
**hour** 21:23
23:17 36:9
**house** 21:18,25
22:1,3,6,8,8,9
22:11 27:16

36:8 39:7,8,17
39:18
**HOUSEHOLD**
2:9
**huge** 46:3
**hundred** 1:8
48:1
**hundreds** 47:14
**hung** 7:20
**hypertension**
36:16
**hypotheticals**
18:12

**I**
**idea** 36:10 37:22
**identity** 37:2
**imagine** 47:17
**immediately**
24:6 43:15
**imminent** 21:18
**impact** 36:14
47:8 48:16
**important** 18:2
**inclined** 24:18
34:11
**included** 18:25
**including** 45:17
**incomplete** 23:6
**inconsistent**
20:21
**independently**
6:4
**indicates** 14:4
**indicating** 37:12
**individual** 4:8,9
4:11,12,14
14:5
**individuals** 25:5
**informal** 29:13
**information**
32:24 42:18
**informed** 23:5
43:4
**informing** 42:23
**inquiring** 19:10
**inquiry** 18:8
**insignificant**

44:18
**instruction**
29:22
**insufficient** 24:1
30:19
**insulin** 39:15,15
**insurance** 22:12
22:13,19 23:12
23:16,18
**intact** 36:11
**intend** 5:25
**intention** 7:14
**interesting**
30:11
**intrauterine**
36:17
**involved** 28:14
28:19 46:13
**involves** 30:1
**Irvine** 4:2
**issue** 15:13,18
17:17 18:3
33:15
**issued** 14:9 17:5
44:22
**issues** 15:2 16:5
16:12 17:21,23
26:3 32:17
44:12
**issuing** 40:5
**items** 21:20

**J**
**Jacob** 4:4 12:21
**Jamond** 3:21,22
12:4,25 14:4
14:19 21:4,5,8
21:13 24:8
25:12,14 26:4
26:9,15,24
27:2,5,11,13
27:19,23 28:4
**Jamond's** 46:16
**January** 1:6 5:1
14:23 45:9
51:15
**job** 42:6
**joined** 46:25

**JR** 2:15
**judge** 3:13 9:6
28:5,17
**judging** 44:3
45:22
**judgment** 1:11
6:16,24,24
7:18 8:14 9:4,5
9:18 10:1,7
**Julianne** 2:18,22
36:15
**juncture** 29:11
**June** 37:22

**K**
**keep** 39:16
**keeping** 9:11
**Keller** 3:15 5:10
**kicked** 39:18
**kids** 39:7,12,13
39:14,19
**Kim** 3:15 5:10
**kind** 18:17
24:21 25:21,22
30:5,12 42:15
**kitchen** 22:3,4
**know** 6:16 7:20
8:20 14:1,9
16:20 17:15
24:17 26:13
27:14 32:13,14
33:21 34:14,17
39:6 40:23,25
41:1,1 43:19
47:4 48:2,3
49:2
**knowing** 16:2
**knowledge**
15:22 17:12
29:21
**known** 29:13
40:21 42:24
**Kramer** 28:23

**L**
**lack** 15:15 29:21
33:6,7
**Laila** 4:1 12:18
**language** 30:14

39:24
**large** 15:16
46:21
**largely** 15:11
17:24 18:5,18
**larger** 17:13
19:16
**lastly** 39:23
**late** 1:14,17,20
1:23 2:3,10,18
3:1,8 11:7
18:19 26:1
28:22 29:7,10
31:14 34:20
36:4,24 37:22
38:8,11,13
40:15 41:3,22
42:25 43:2,8
44:3,4 46:17
46:18 47:1,7
47:11,14 48:17
**late-filed** 34:13
34:14
**latent** 19:21
**law** 3:21,22
28:14 30:25
**lawsuit** 40:19
**lawyers** 12:13
49:25
**lax** 46:1
**learned** 42:20
**learning** 45:19
**leave** 7:8,9 8:10
8:17 9:12
21:18 32:2
**leaving** 7:25
**led** 20:16
**left** 21:21,25
**legal** 28:12
30:11 37:1
47:17
**legitimacy** 37:6
**legitimate** 37:5
**let's** 10:16 11:13
11:17 13:7
25:10,10
**LETTER** 2:2,9
2:17,24

Case: 19-30088    Doc# 13442    Filed: 01/11/23    Entered: 01/11/23 15:28:36    Page 57
of 64

**letting** 47:2
**liability** 16:21
**liberal** 20:2,4
  29:14 31:11
**life-threatening**
  36:18
**light** 27:18
**lik4** 40:20
**limited** 46:4
**line** 26:25 37:18
  45:11 46:6
**listed** 31:8,8
**listen** 8:20,23
  14:11 40:4,5
**listening** 42:8
  49:19
**little** 33:16 45:7
  46:1
**live** 21:15 42:5
**lived** 38:8 42:1
**lives** 38:3,19
  43:2
**living** 32:5,6,8
  42:14 43:1
**LLC** 4:21
**LLP** 3:15,19 4:1
  4:4
**location** 31:22
  31:24
**long** 8:8 23:1
  39:9
**longer** 29:14
**look** 9:14,23
  25:3 28:2 31:2
  32:22
**looked** 17:4
  23:24 44:20
  46:1
**looking** 20:22
  28:1 39:22
  44:6,7,8
**LORENA** 4:18
**lose** 9:4
**losing** 41:1
**loss** 24:23
**losses** 27:19
**lost** 24:1
**lot** 5:22 27:14

  44:10 46:2,10
**loudspeakers**
  21:17
**love** 18:22
**low** 36:21
**luck** 10:19

**M**

**M** 3:21,22 4:4
**MABEL** 2:14
**mail** 37:11
**majority** 43:24
  49:6
**making** 18:20
  32:8
**malicious** 37:3,4
**mandatory**
  25:16
**Marshack** 4:1
  12:19 28:13
**Masud** 4:1 12:4
  12:16,18,18
  14:4,19 28:6,8
  28:11 34:8,10
  34:16 35:9
**Masud's** 46:17
  48:25
**matter** 5:5 17:11
  21:9 24:19
  26:16 27:20
  41:9 44:4,5,13
  45:25 49:11,19
  50:2
**matters** 17:21
**mean** 5:22 6:4
  6:19 7:11 9:10
  9:16 26:6,10
  33:23 34:14,21
  35:22 46:5,25
  48:2
**media** 37:4
**mediate** 10:24
**mediation** 28:16
**medical** 36:19
  36:23
**meet** 10:6
**meets** 30:10
  34:5

**Mejia** 2:9,15,15
  2:15 4:10
  11:20 13:3,8,9
  35:13 40:11,13
  41:5,6,11,13
**Melita** 42:1,14
  43:1
**mental** 40:25
**mentioned** 49:3
**message** 9:1
**met** 30:3
**mic** 13:4
**Michael** 3:22
  4:21 51:3,9
**microphone**
  5:12 13:13,22
**mics** 20:19
**middle** 36:6
**miles** 21:24
**million** 47:23
**mind** 28:1 38:25
**minimis** 18:5
  19:2 48:16,17
**minor** 6:1
**minuscule** 33:22
**minutes** 13:10
  14:5,6,19,22
  19:5 21:11,12
  21:13 27:22
  28:7 35:18
  38:23 40:12
  43:20
**missed** 6:1
**missing** 41:2
**mission** 38:3,18
**misspoke** 9:24
  10:3
**modifying** 24:19
**moment** 9:7
  12:12
**money** 27:5
  33:20
**monitoring** 29:1
  34:17
**Montali** 3:13 5:5
**month** 8:12
  47:16
**months** 23:8,22

  36:14
**moot** 6:13
**morning** 5:7,9
  5:15,16 11:12
  11:13 12:18,21
  13:8,9,14,15
  14:12 21:19
  35:19 40:24
  41:19,20
**mother** 39:20
**motion** 1:10,14
  1:15,16,18,20
  1:22,23 2:5,6
  2:12,13,20,21
  3:3,4,7,9,10,11
  7:18 9:4,5,6,15
  10:1,4,5,8
  14:25 15:6,7
  15:19,20 16:5
  19:17 29:11,23
  30:1,9,12,14
  30:18,18 31:14
  31:16 32:12,23
  32:23 33:1,1
  34:4,6,11
**motions** 11:6
  14:15,16,16
  15:1,8,10 16:8
  16:8,15 18:1
  18:10 20:6,8
  20:11 28:22
  29:4,7,15 31:5
  32:21,25 44:16
  44:16
**mouth** 15:25
  37:19 42:21
**move** 13:7 38:2
  38:19 45:13
  46:7
**moved** 37:10
  42:19
**moving** 28:12
  30:11 32:16
**multiple** 38:25
**mute** 20:19
**muted** 13:22

**N**

**N** 4:22 51:1,12
**name** 5:17 35:17
  39:2
**natural** 16:23
**near** 40:6
**nearly** 36:10
  45:6
**necessary** 18:7
**need** 5:11 9:22
  10:1 13:13
  32:19 35:17
**needed** 29:20
  39:14
**negligence**
  40:20
**neighbor** 37:14
**neighborhood**
  37:15
**never** 24:22 42:2
  42:23 44:2
**nevertheless**
  18:2 19:2
  20:14
**new** 3:20 10:2
  43:19
**news** 42:8
**night** 21:16 36:6
  41:22 42:2
**nine** 23:8
**ninety** 28:17
  44:22 45:12
**Ninth** 30:25
**noneconomic**
  16:24 19:8,13
**nonlawyers**
  12:12 49:25
**nonopposition**
  20:3,4
**North** 15:24
**Northern** 1:2
  36:1
**note** 17:17
**notes** 9:12 30:21
**notice** 15:15
  16:1 22:24
  30:19 32:10
  33:7 44:12
**notices** 44:22,24

Case: 19-30088   Doc# 13442   Filed: 01/11/23   Entered: 01/11/23 15:28:36   Page 58
of 64

notification 36:7
42:15
notion 20:22
November
23:22
number 12:22
19:8,14,16,17
19:19 22:13,22
23:7 25:7
44:18
numbers 18:23
33:19 45:6
46:3
numerous 16:18
16:22 17:2,10
20:16
NY 3:20

**O**

O 51:1
object 26:11,16
objected 20:10
objecting 26:12
objection 1:7,13
1:20 2:2,9,17
2:24 3:7 6:15
8:6,7 15:3
16:13
objections 18:19
29:2,5,5,24
30:7
observation
47:19
obviously 25:25
44:6
occurred 24:22
October 20:12
40:24 41:23
offer 23:24,25
35:2
offered 24:15
offering 37:1
office 3:22 22:1
22:5
Offices 3:22
official 37:6
Oh 11:22 13:20
13:21 34:7

Okay 5:20 6:19
9:9 10:11,14
10:19 11:1,11
11:17 12:11,16
13:2,10,25
17:8 20:25
25:13 27:12
28:6 35:10
38:20,24 39:3
41:5,11 43:18
48:21 49:16
old 22:2,2 37:12
Olson 4:4
OMNIBUS 1:7
once 16:20
ones 16:24 47:16
ONESIMO 2:14
online 23:2,13
23:24 24:12
oOo- 1:3 5:2
open 7:25 9:11
opportunity
14:24 15:2
21:3 35:25
38:17 41:13
43:7
oppose 6:9 7:16
7:17 10:5,8
opposed 18:5
46:25
opposes 6:6
opposition 7:7
8:21 20:8,15
option 34:24,24
oral 35:6
Orchard 3:22
order 5:3 8:11
9:13 10:15,20
14:4,18,23
15:9 21:8 25:2
28:18 29:12
30:17 31:14
32:25 33:4
44:1
orders 14:9 17:5
17:7 29:6,15
29:24 30:6
32:18 33:2

originally 48:7
outcome 47:18
48:18
outset 49:18
Outside 15:25
outstanding
33:18
overlooks 33:11
overview 28:21
overwhelmed
46:3
overwhelming
49:6

**P**

P 1:12 4:7
PACIFIC 1:5
packed 36:8
paid 27:8,9 45:5
45:20 46:20
47:2,3 48:15
pandemic 42:20
papers 5:20 14:8
17:25 18:18
Parada 11:6,17
12:24
PARADA/AN...
4:18
paragraph 10:6
15:20
paragraphs
16:11
Pardon 13:20
Parkway 41:25
part 28:15 42:24
49:9
participated
50:1
participating
50:2
particular 15:21
15:24 16:11
33:1,6
particularly
16:24 18:2
19:22
parties 11:8,22
12:6,8,12,15

13:5 14:3,5
16:2 35:6,10
42:12
party's 6:17
passed 49:11
Patrick 2:2,7
4:9
Paul 3:21,22
pay 22:15,16
23:10,11 24:5
49:13
payout 48:1
PAZ 2:14
PDF 23:21
people 16:22
17:14 23:23
24:20,22,23,25
25:17,23 27:13
27:18 28:17
37:19 38:25
42:13 44:8
45:14,16,17,17
45:18,19 46:2
46:10 49:7,12
people's 45:22
percent 18:8,15
19:18 27:1
44:23 45:12
48:1
period 31:24
permission 8:19
persisted 22:16
person 35:17,23
personal 24:1,20
personally
22:20 28:19
persuasive 18:4
PG&E 1:5,9 5:5
9:13 10:5
22:20 24:14,24
25:9,11 26:11
42:16 46:11,12
PG&E's 33:13
42:9
ph 15:20
Phoenix 4:23
51:13
photocopies

23:20
physical 24:23
40:18
piecemeal 49:24
place 32:13
40:20 42:5,17
plan 22:24 28:18
46:21
planned 21:19
play 8:3 40:19
41:4
plays 15:16
please 5:8 11:14
12:10,17 13:19
20:19 23:15
38:22 43:20
point 6:13 8:25
10:24 15:2
17:12 20:1,18
20:23 24:8,9
27:5,7 44:15
44:19 45:5,13
48:4
pointing 48:25
points 19:3
police 21:16
policy 20:3,4,14
20:16,21 23:16
23:18,20 26:7
29:15 31:10,11
34:3
portion 27:8
posing 37:4
position 18:18
26:1 32:22
46:24 47:17
possible 45:21
possibly 18:12
post 45:9
post-revisions
31:2
post-September
20:5
posted 38:10
pot 33:20
potentially
24:23 25:24
27:3

power 22:9
powers 15:6
pre-eclampsia 36:16
predict 48:12
prefer 25:25
pregnancy 36:19
pregnant 36:14
prejudice 15:12 17:20,23 18:3 19:1
prenatal 36:15
prepare 10:18
present 3:14 4:7 14:25 16:4 17:22,24
presentation 27:20 35:1 38:20 41:8 49:17
presented 17:16 18:4,7 45:18
presents 17:14
presiding 5:5
press 46:3
Preston 5:19
prevalence 37:2
prevent 18:19
previous 21:8 37:14
previously 16:14 28:23 29:25 31:13
prior 15:8 16:8 18:1 19:10 29:12 43:25 45:24 46:1 47:13
privilege 28:15
pro 11:7,22 12:8 12:12 14:3,5 20:11,13 35:10
pro-rata 18:9,14 18:20
probably 7:4 24:18
problem 7:7

procedure 34:20 35:11
proceed 7:24 14:2,17
proceeded 23:12
proceedings 3:12 4:24 20:17 50:4 51:4
process 15:16 16:3 37:17,21 37:24 44:5 46:23
professionals 24:13
prohibited 22:6
pronouncing 39:24
proof 1:11,21 2:3,10,18 3:1 24:1 30:16,20 30:23 32:15 33:13
PROOFS 1:23
property 19:9 19:20 24:1,20 32:6 36:11
proposed 8:5 9:10
protected 8:12
prove 24:2
provide 18:11 23:15,19 29:18
provided 4:25 16:2 19:8 32:24
provider 36:22
provides 30:22
providing 43:7
proviso 25:4
public 17:11
publications 37:7
PURPOSE 2:3 2:10,19 3:1
purposes 31:6
pursuant 44:9
pursue 34:22

put 7:4 8:24 9:9 21:20 22:21 24:11 46:10

**Q**

qualified 42:24
question 6:25 16:21 26:21 31:15
questioning 17:10
questionnaire 23:1
questionnaires 44:23
questions 30:2 34:6 42:7
quickly 36:8 45:21
quote 15:15 38:1

**R**

R 51:1
radio 36:25 42:11
raised 12:1 18:1 19:17 34:1,2
raises 17:21
raising 12:8
reach 32:11
read 5:20 14:8 14:23 15:4 21:8 24:12,14
reading 42:8
real 31:1
realization 33:6
realize 25:24 40:18
really 20:8 22:18 39:19 46:8
reason 31:8,25 47:25
reasonable 16:7 30:20
reasonableness 15:13,17 16:6 17:19
reasoning 33:2

40:15
reasons 15:7
rebuttal 35:5
rebutted 16:13
rebutting 17:24
receive 37:11 38:14 42:17 43:3
received 20:13 23:22 37:4,6 42:15
recognize 46:19
record 5:17 10:17 12:14 51:4
recorded 4:24
Recorder 4:18
recording 4:24
recover 38:2
reduced 33:18
reflect 18:13,23 19:2
reflects 9:13 10:17
refrigerator 22:10,14 39:10 39:16
refuge 31:20
regarding 1:10 15:15 33:7 42:10,15,18
regardless 33:25
REICARDO 2:15
reiterate 47:22
RELATED 1:15 1:22 2:5,12,20 3:3,9
relation 12:22
relevant 14:10
relief 42:21
remainder 36:19
remains 33:18
remember 42:8 42:10
rendered 31:19 32:5

reorganized 1:6 1:10 3:15 5:10
repeat 49:18
rephrase 9:16
reply 15:4 17:21
represent 43:22 44:16
representing 13:5 28:25
request 2:2,9,17 2:24 8:21 23:6
requesting 34:12
requests 46:22
requirements 37:8,20
requiring 36:18
research 29:9
reserve 8:6
reside 31:24
resided 17:4,5
residence 31:20
residency 32:3
residents 42:2
resolving 38:1
respect 15:6,13 17:20 18:17 19:1
respected 26:17
respond 27:22
responded 33:8
respondent 25:13
response 33:15
rest 43:1
restitution 38:14
restriction 36:17
result 22:18 31:19 32:4 33:20 37:8 49:2
retired 27:15
retool 26:8
return 42:6
returned 36:10
review 20:5,7,15

Case: 19-30088   Doc# 13442   Filed: 01/11/23   Entered: 01/11/23 15:28:36   Page 60 of 64

26:2 34:4
**reviewed** 29:6
**revisions** 30:24
32:2
**revisit** 6:25
24:18 47:16
**rewrite** 46:22
**Ricardo** 2:15
4:10 11:20
**ride** 7:6 8:18,18
**right** 5:7,15 6:3
7:15 9:18,19
10:9,12,24
11:1,6,23
13:17 20:25
25:14 26:9,10
26:18,19,20,23
26:24 27:1,10
28:11 34:19
39:25 40:11,21
45:11 49:16
**rightly** 6:22
**Rincon** 36:6
41:25
**risk** 7:25
**road** 8:1 42:1,15
43:1
**role** 8:3
**room** 22:7
**Roosevelt** 4:2
**Rosa** 3:23 4:5
21:15 22:1
42:2
**roughly** 37:21
**RUBYANA** 3:5
**rude** 35:22
**Rudnick** 3:19
11:16 28:25
43:22
**rug** 22:7
**rule** 17:22 30:13
31:3,9,10 32:1
34:20 49:1
**rules** 49:1
**ruling** 14:13,16
24:18 35:5
49:20
**run** 44:9

**running** 31:21
31:22
**Rupp** 3:15 5:6,7
5:9,9 7:3,11,16
8:20,22 9:8,9
9:19,20,22,25
10:10,14,18,20
10:25 11:5
28:23
**rushed** 36:8

————————
**S**
————————
**S** 3:22
**s/** 51:9
**safe** 42:5
**San** 1:5 3:17
4:19 5:1 28:16
**Santa** 3:23 4:5
21:15 22:1
42:2
**saw** 29:12,15
37:7
**saying** 20:21
39:5 44:3 47:5
47:18 48:12
**says** 30:18
**scam** 37:2
**scammy-looki...**
42:11
**scanner** 23:21
**schedule** 7:17
9:11,18 10:7
14:14
**scheduling** 14:4
**school** 39:12,12
**screen** 11:19
12:13 27:24
35:22
**se** 11:7,22 12:8
12:12 14:3,5
20:11,13 35:10
**second** 7:6 15:12
17:19 21:15
33:15 39:24
**security** 23:7
**see** 5:14 11:1,19
11:25 12:2
18:23 22:2

35:15 36:25
49:12
**seeing** 42:10
**seek** 7:22 8:19
31:4,5,5,5
**seen** 44:20
**sense** 19:20
**sent** 37:11
**separate** 44:17
44:17
**September**
29:13 33:12
45:23 46:1
47:13
**serious** 36:17
37:5
**seriously** 27:4
30:8
**service** 4:25
**session** 5:4
**set** 7:18 15:3
**settlement** 23:24
23:25
**seven** 3:19 36:14
44:16
**seventh** 32:1
**share** 10:20
**shared** 46:9
**shifted** 31:23
**shortly** 36:15
49:23
**shot** 9:2
**show** 19:12
**shower** 22:4
**shows** 16:7
**sic** 41:23
**side** 6:5
**Sieger-Grimm**
3:18 11:10,12
11:15,15 28:24
43:18,21,22
45:3,5 46:19
47:4,20 48:2,6
48:8,20,22
49:4
**sign** 6:12
**significant**
36:13

**similar** 14:14
15:8 45:18
**Similarly** 42:17
**simple** 8:15
28:21
**simply** 18:21
40:16 46:18
**sincerely** 36:3
**single** 30:22
39:20
**Singleton** 28:14
**sir** 5:16,24 6:11
6:18,18,22
10:13 11:3
13:16 40:12
**situation** 25:19
**six** 8:13 31:24
31:25,25 32:7
45:6
**sixty** 30:17
**slept** 22:6,7
**SLF** 1:24
**slow-walking**
24:14
**slowly** 29:3
**small** 49:7
**Smithson** 2:2,7
4:9 12:3 13:3
13:21,23 35:14
41:15,16,18,20
43:10,13
**smoke** 22:11,15
22:17 36:13
39:8
**social** 23:7 37:3
**solution** 8:15
**somewhat** 24:19
**sorry** 8:25 13:20
35:13 41:8
45:1
**sound** 4:24
**sounded** 42:13
**spam** 37:4
**speak** 21:3
35:25 38:17
41:13
**specialized**
36:18

**specifically**
20:22 29:12
**speech** 39:1
**spent** 23:17
**spirit** 20:9
**splitting** 39:14
**spoiled** 22:10
39:11
**spreadsheet**
29:3
**Square** 3:19
**SR** 2:15
**stage** 12:16
**stand** 33:21
38:18
**standard** 30:3
30:10,22 31:3
**stands** 31:14
32:23 50:2
**start** 12:11
28:13 39:5
46:7
**started** 31:3
**starts** 14:18
**state** 5:17 12:14
35:17 39:2
47:5,6
**stated** 15:14
16:8 18:17,18
20:3 31:13
32:12 34:3
**statement** 17:1,2
19:25 33:12
38:3,18 48:18
**statements**
16:12 43:25
**states** 1:1 3:13
4:18 15:21
**status** 1:10 7:12
23:5,9
**stay** 27:24 35:2
40:7 43:16
**stayed** 22:5
**staying** 49:19
**step** 29:22
**stick** 8:10,15
**stipulation** 5:23
7:21 8:10,16

10:6 38:5
**stock** 33:18,25
  48:4,8,10,12
**stop** 47:10
**stopped** 37:15
**stories** 46:9
**story** 21:10 24:8
  24:9
**straight** 9:17
  10:6
**stranger** 28:21
**Street** 3:16,22
  4:5,22 51:12
**Stress** 36:13
**stressed** 39:19
**stressful** 39:21
**stretch** 48:14
**strict** 20:7 31:3
**stricter** 20:5
  34:3
**strictly** 20:15
**structure** 7:18
**studies** 36:23
**stuff** 24:11,12
  24:15
**stupid** 24:10
**subject** 17:6
  18:10 19:10
  34:25
**subjected** 40:3
**subjectively**
  25:23
**submit** 22:25
  23:10,11,20
  33:9 37:1,9,12
**submitted** 9:11
  16:15 19:13
  20:9,11 23:2
  37:15 44:23
  50:2
**substantially**
  16:5
**substantive** 16:5
  16:14
**substantively**
  16:8
**successfully**
  38:2

**suddenly** 48:8
**suffer** 16:23
**suffered** 16:18
  16:21,22 17:1
  27:19
**suffering** 32:4
**sufficiency**
  44:12
**sufficient** 17:14
**suggest** 21:9
  49:2
**suggestion**
  24:17 26:5
  46:16,16,17
**suggestions**
  43:19
**Suite** 3:16 4:22
  51:12
**summary** 1:11
  6:15,24,24
  7:18 8:13 9:4,5
  9:6,18 10:1,7
**Sunday** 45:9
**support** 15:19
  16:4,25
**supposed** 47:2
**Supreme** 49:7
**sure** 6:8 9:5,13
  10:14,16 19:6
  29:17 30:9,9
  35:24
**Surely** 17:10
**surplus** 31:7
**surprised** 24:7
**surviving** 36:12
**Susan** 3:18
  11:15 43:22

—— **T** ——
**T** 51:1,1
**take** 9:2 15:1
  20:7 21:11,11
  25:11,24 27:20
  28:21 31:2
  34:19 41:9
  42:13 43:11
  49:7
**taken** 17:17

24:16 30:8
  46:24 49:19
**takes** 31:11
**talking** 7:12
  20:19 49:9
**tangible** 24:1,20
**tardiness** 36:3
**tardy** 19:12
**team** 29:17
**telephone** 3:14
**tell** 14:8,11
  21:10 49:13
**telling** 42:23
**tempting** 34:19
**ten** 14:5,19,22
  21:12,13 28:7
**terms** 33:16
**terrible** 46:10
**thank** 8:22 9:8
  10:18,22 11:3
  11:4,5 13:23
  14:21,24 20:25
  21:2,5 28:8
  34:8 35:1,8,9
  35:25 38:16,19
  38:20 39:4,21
  39:23 40:1,8
  40:10,13 41:5
  41:11,11,12,13
  41:15,21 43:6
  43:9,13,16,21
  49:17 50:1,3
**theft** 37:2
**theoretically**
  47:8
**thing** 8:24 9:10
  17:7,19 19:7
  26:9,10,18,21
  30:11 42:10
  43:20 46:13
  49:8
**things** 6:5 16:16
  17:13,14,15
  20:15 22:13
  34:22,23 39:25
  44:2,19 46:1
**think** 10:15 15:5
  17:13 18:10

19:14 20:6,8
  20:10,16 24:25
  25:2,14 26:1
  26:10,14,15,17
  26:18 34:15
  48:14
**thinking** 47:21
**third** 7:19 19:7
  21:15 42:12
**third-party**
  17:16
**thirty** 22:16
**Thomas** 3:15
  4:18 5:9
**thoroughly** 15:3
**thought** 34:21
  37:3 49:3
**three** 10:15 19:5
  22:5 45:19
  49:9,10,11
**three-year** 44:6
**tier** 24:3
**time** 8:8 10:25
  12:9 14:1 19:4
  20:13 21:23
  23:1 24:11
  27:3,22 30:15
  30:16,20,23
  31:25 36:14
  38:5 39:9 40:9
  41:21 42:1,25
  43:16 45:13
  48:23 49:4,17
  50:1,3
**timely** 1:14,17
  1:20,23 2:3,10
  2:19 3:1,7,10
  19:8,13,15,19
  20:11 31:6
  32:20 33:9
  45:17 48:15,18
**times** 3:19 5:22
  8:17
**today** 13:24
  14:13 28:25
  30:1 33:21
  35:5 39:22

40:6 41:22
  42:22 43:7,19
  44:16 45:18
  47:15 50:1
**today's** 14:16
  37:2 47:6
**told** 13:5 21:17
  23:10,15
**top** 29:6 41:1
**topic** 18:7
**total** 19:18
**touch** 12:3
**traffic** 21:24
**Transcriber**
  4:21
**transcript** 3:12
  4:25 51:3
**transcription**
  4:25
**trauma** 32:4
**tried** 7:17
**Trotter** 28:18
**true** 38:3 48:18
  51:4
**trust** 2:4,11,20
  3:2,18 11:16
  14:7 15:12
  16:13 17:22,24
  18:6,10,20
  19:7 20:3,7,10
  20:14 25:11,12
  25:14 26:6,6,8
  26:11 27:6,21
  28:25 32:19
  33:16,17 34:24
  36:2 37:25
  38:1,9,12,15
  38:17 44:2,9,9
  44:11,12,20,21
  45:11,13,15
  46:12 47:13,22
  47:23 48:7
  49:12
**trust's** 15:3
  17:21 18:17
  38:11 40:5
**trustee** 11:16
  29:2,14 33:8

Case: 19-30088    Doc# 13442    Filed: 01/11/23    Entered: 01/11/23 15:28:36    Page 62
of 64

34:2 35:7 43:23,24
**TRUSTEE'S** 1:13,19 2:1,8 2:17,24
**TRUSTEES** 3:6
**try** 16:17 28:18 45:14
**trying** 10:23 23:17 42:13 45:20,22 46:2 46:7,13
**Tubbs** 36:5
**Tuesday** 1:6 5:1
**turn** 5:11,13 11:18 13:13 21:4 27:25 28:2,4,6 35:3 40:8,12
**turned** 22:17 27:5
**TV** 36:25
**twenty** 43:20 48:9
**twenty-day** 49:8
**two** 10:5 14:9 18:15 19:3 21:23 22:13,18 24:9 30:24 35:15 36:10 39:10
**twofold** 33:3
**type** 31:22
**types** 19:12

**U**

**unaware** 33:13 37:8 40:16,17
**unborn** 36:16
**understand** 6:14 6:17,20,22 7:3 8:2 18:24 20:20 25:8 27:18 30:6,7 34:1,2 36:24 38:9 46:9
**Understood** 35:24

**undertook** 29:23
**unfair** 8:24 45:22
**Unfortunately** 46:2
**unique** 33:16
**United** 1:1 3:13 4:18
**unquote** 38:3
**unreasonable** 15:11
**unrebutted** 15:19 17:10 19:24
**unusual** 7:10
**update** 45:10
**updated** 45:7
**upshot** 23:21
**urge** 38:17
**Usually** 45:7

**V**

**valid** 44:4
**validation** 23:7
**Valley** 36:6 41:25
**value** 48:13,22
**variable** 33:25
**variables** 33:20
**various** 18:12 32:16 36:25
**vehicles** 21:17 21:21,22
**versus** 49:5
**Vertex** 41:23
**vested** 20:17
**victim** 1:13,19 1:25 2:1,4,8,11 2:17,20,24 3:2 3:6,18 11:16 14:7 16:1 28:25 29:2,14 29:17 32:19 33:8 34:2 38:7 38:17 43:23
**victims** 32:19,21 34:18 36:1,2

37:5,25,25 40:23 42:14 43:8 47:2
**victims'** 38:2
**VICTORIA** 2:15
**video** 3:14

**W**

**W-9** 23:6
**wait** 12:12 14:15 48:23
**waiting** 13:2 45:14 49:12,12
**walking** 30:5
**want** 6:1 7:6 8:24 11:8,18 11:19 13:12,15 13:22 25:2 28:1,3,4 35:3 35:23,23 39:1 44:15,19 49:23
**wanted** 7:21,24 12:4 13:6 39:5
**wants** 7:4
**warning** 36:6
**warrants** 33:15
**wasn't** 24:11 32:10 38:10 40:19 45:23
**watch** 40:8
**watched** 36:7
**watching** 21:13
**water** 31:21,22
**waterfall** 36:17
**way** 16:2 25:1,8 34:18 35:21 38:10 45:21 47:1
**we'll** 7:23 12:11 50:3
**we're** 7:12 8:25 13:2 23:9,11 23:25 36:11,24 37:3,8 44:3,3,6 44:7,7,8,13 45:9 46:12 48:6 49:9,9

**we've** 14:23 17:4 17:25 45:25
**website** 37:25 38:11 44:21
**week** 32:7
**week's** 47:7
**weeks** 14:14 22:18 30:24 36:10 49:21
**weigh** 38:12
**weight** 36:21
**welcome** 27:24 40:7 43:16
**well-taken** 8:14
**went** 21:25 22:8 29:3,16,19 32:24 48:9
**whatnot** 41:2
**whatsoever** 18:21 25:20
**wife** 21:16 22:5 22:22 24:3 26:22 27:8 36:14 38:18
**wildfire** 17:11
**wildfires** 16:18 36:2
**win** 9:3
**wins** 9:4
**wish** 13:8 43:17 43:17
**wishes** 26:6
**woken** 21:16
**word** 15:25 37:19 42:21
**words** 25:18 38:13
**work** 7:17 34:15 34:21,21 39:8 39:8 41:2,23 41:24 42:3,6 42:17
**worked** 28:22 28:24
**worried** 39:13
**worth** 24:11
**written** 10:16,20 43:14

**wrong** 47:18

**X**

**X** 25:6,6

**Y**

**YANNI** 1:15 2:5 2:12 3:3,8
**yards** 27:16
**yeah** 13:22 40:14
**year** 8:13 23:2,4 42:9
**years** 24:9 28:20 42:19 45:19 49:9,10,11
**York** 3:20

**Z**

**zones** 42:4

**0**

**1**

**1** 8:16 9:3 10:4,5 22:13 30:14
**1,000** 24:15
**1,700** 19:15
**10** 1:6 5:1 19:11
**10,000** 24:4 27:8
**10:00** 1:6 5:1
**10036** 3:20
**101** 42:11
**108715** 1:11
**11** 1:4 51:15
**11:07** 50:4
**13117** 1:9
**13291** 3:3,5
**13305** 2:12,16
**13317** 2:5,7
**13318** 3:9,11 12:23
**13320** 1:12
**13324** 1:22,25
**13327** 1:15,18
**13336** 3:3
**13341** 2:20,23
**13351** 2:12
**13353** 2:5

**13372** 3:8
**13380** 1:21
**13385** 1:15
**13388** 2:20
**13th** 29:13 45:9
**14.71** 44:24 45:3
  45:4 47:23
**154** 44:16
**15th** 45:8,8
**16th** 4:22 51:12
**1825** 4:5
**19-30088** 1:4
**1900** 3:16
**1920s** 22:3

**2**

**2.1** 19:18
**200** 27:15
**2007** 41:23
**2008** 31:2,7
**2017** 15:24
  21:15 36:1,5
  37:16 40:24
  45:15
**2019** 37:11
**2022** 33:12
  37:14,22
**2023** 1:6 5:1
  51:15
**207** 4:22 51:12
**20th** 31:14 44:1
**212)209-4800**
  3:20
**21st** 33:4
**22nd** 9:15 10:9
  11:2

**3**

**3** 14:23
**3:30** 21:19
**3002(c)(6)** 30:13
**30th** 44:21 45:8
  45:23 46:1
  47:13

**4**

**4** 10:6 24:3
**4,500** 24:5 26:22
**415)636-9015**

  3:17
**421** 44:17
**450** 4:19

**5**

**5** 16:11
**5,000** 22:22
**500-dollar** 22:14

**6**

**6293** 42:1,14
**650** 3:16

**7**

**7** 34:20
**707)526-4250**
  4:6
**707)526-4550**
  3:23
**718** 3:22
**7227** 4:22 51:12
**780** 4:2

**8**

**80,000-plus**
  45:17
**82,000** 19:15
**85020** 4:23
  51:13
**8th** 41:23

**9**

**9** 15:20 16:11
**9013** 17:22
**92620** 4:2
**930** 20:2
**94102** 4:19
**94108** 3:17
**949)333-7777**
  4:3
**95404** 3:23 4:5
**96** 31:7
**973)406-2250**
  4:23

Case: 19-30088   Doc# 13442   Filed: 01/11/23   Entered: 01/11/23 15:28:36   Page 64
of 64