**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>      - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' OPPOSITION TO BAUPOST GROUP SECURITIES, L.L.C'S MOTION FOR ORDER DEEMING SUPPLEMENT TO ITS PROOFS OF RECISSION OR DAMAGE CLAIMS TIMELY**<br><br>[Related to Docket No. 13393]<br><br>Date:    January 25, 2023<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   **(Tele/Videoconference Only)**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this opposition to the *Motion for Order Deeming Baupost Group Securities, L.L.C's Supplement to its Proofs of Rescission or Damage Claims Timely*, dated December 28, 2022 [Docket No. 13393] (the "**Motion**"). In support of their opposition, the Reorganized Debtors submit the Declaration of Herb Baer (the "**Baer Declaration**"), filed concurrently herewith.

## PRELIMINARY STATEMENT

The Motion is wholly unnecessary and premature. It is unnecessary because the amended proofs of claim (the "**Supplements**") filed by Baupost Group Securities, L.L.C ("**Baupost**") on December 28, 2022, have already been accepted for filing by the Court appointed claims and noticing agent (the "**Claims Administrator**")[1] and designated as amendments on the claims register. While Baupost states that it supposedly filed its Motion "out of an abundance of caution" to "foreclose" any argument that the Supplements are "untimely" [Docket No. 13393 at 2:26-28], as discussed below, there is no bar date under any Order of the Court or the Bankruptcy Code for the filing of an amendment or supplement to an existing proof of claim. There is nothing more that needs to be done by the Court at this time. Indeed, counsel for the Reorganized Debtors conferred with counsel for Baupost prior to the filing of the Motion and confirmed that there is no objection to the Supplements being filed with the Claims Administrator and designated as amendments on the claims register, consistent with the practice of the Claims Administrator in this case and subject to any objections to be made by the Reorganized Debtors at the appropriate time by the objection deadline set by the Court. [Docket No. 13122].[2]

---

[1] Prime Clerk LLC, now known as Kroll Restructuring Administration LLC, was appointed pursuant to the Court's *Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Dkt. No. 245].

[2] The Motion incorrectly asserts that Baupost asked the Debtors to stipulate to the relief requested herein and the Debtors declined to do so. [Motion at 3]. This never happened. Rather, the Reorganized Debtors, through counsel, informed Baupost that PG&E did not object with respect to the timing of

Case: 19-30088    Doc# 13443    Filed: 01/11/23    Entered: 01/11/23 16:21:22    Page 2 of 6

1

There have been more than 1,500 amendments to Securities Claims submitted in this case and all have been treated the exact same way as the Supplements: they have been logged on the claims register, assigned claim numbers and designated as amendments. All of these amendments are then subject to potential objections by the Reorganized Debtors consistent with the objection deadline set by the Court.

The Motion is also premature. There has been no objection filed yet by the Reorganized Debtors with respect to Baupost's claims or the Supplements and, as noted above, no such objection is required to be filed until the end of the objection period set by the Court. To the extent that Baupost seeks more than having its claim logged into the claims register and designated as an amendment, consistent with the more than 1,500 other amendments by securities claimants, any such relief is premature. The litigation of any potential objection should await the filing of such an objection by the Reorganized Debtors; Baupost is not entitled to special treatment or to have the resolution of any objection accelerated in the guise of a motion to allow an amendment.

## **ARGUMENT**

### I. THE MOTION IS WHOLLY UNNECESSARY AND A WASTE OF RESOURCES

Baupost's Supplements have been submitted, processed, and registered by the Claims Administrator, rendering this Motion wholly unnecessary and any further litigation surrounding it a waste of judicial resources.

There is no timing requirement for the filing of an amendment or supplement to a party's existing proof of claim nor does Baupost pretend to be fulfilling any such requirements by filing the Motion. The rules established by this Court do not set a timing requirement for the filing of an amendment [*see* Docket No. 5943] nor does the Bankruptcy Code or the Bankruptcy Rules and therefore the Reorganized Debtors have not contended and do not contend that the Supplements themselves were untimely filed. Indeed, Baupost states that it filed the Motion "out of an abundance of caution," essentially admitting that it is unnecessary. [Docket No. 13393 at 2:4-5]. Until such time

---

the filing of the Supplements themselves or their being logged in by the Claims Administrator, but would reserve all rights to object on any and all substantive grounds, including whether the Supplements were actually proper amendments.

that an objection is filed, a proof of claim (and its corresponding amendment) is presumed valid and no further action on the part of the claimant is necessary. Fed. R. Bankr. P. 3001(f); *see* 11 U.S.C. § 502(a).

The unnecessary nature of this Motion is clear when viewed in context of amendments filed in connection with other Securities Claims. Over 1,500 amendments have been submitted to date related to the Securities Claims. [Baer Declaration, ¶ 11]. In the last 12 months alone, approximately 268 such amendments have been submitted. [Baer Declaration, ¶ 12]. None of these amendments needed to obtain permission to file a "timely" amendment and instead followed the established procedure for submitting an amendment or supplement through the Claims Administrator. The process itself is simple. Claimants may submit an amendment or supplement to the Claims Administrator either electronically or in hard copy. Once the amendment is received, the Claims Administrator processes it, assigns the amendment a new claim number, and notes in the register that the claim is an amendment to an existing proof of claim. [Baer Declaration, ¶¶ 5-8]. The designation of a submission as an amendment is entirely dependent on the claimant self-identifying it as such through Question 5 of the Rescission or Damage Claim Proof of Claim. [Baer Declaration, ¶ 8]. Once submitted, the claim is subject to any and all objections by the Reorganized Debtors, none of which need to be made until the objection deadline under established procedures of the Court. [Fed. R. Bankr. P. 3007; Dkt. No. 5943; *see also* 4 Collier on Bankruptcy P 502.02 (16th 2022); *see also* 9 Collier on Bankruptcy P. 3001.04 (stating that no provision of the Bankruptcy Code or Rules addresses amendments).]

Baupost has completed all of these steps with regard to the Supplements. Baupost has submitted the Supplements to the Claims Administrator and, following standard procedure, on January 3, 2023, the Claims Administrator assigned the Supplements new claim numbers, registered the Supplements, and noted in the register that the new claim numbers were amendments to prior proofs of claim. [*see* Kroll Declaration ¶¶ 13-17; Claim Nos. 109847, 109848].

The Motion should be denied.

## II. THE MOTION SHOULD BE DENIED BECAUSE BAUPOST'S MOTION IS PREMATURE.

Given that the amendment has been accepted by the Claims Administrator and designated an amendment on the claims register there is no more relief necessary. To the extent that Baupost is seeking something more than allowing its claim to be filed on the claims register and designated as an amendment, it is premature. The current Baupost claims and Supplements are currently deemed valid until the Reorganized Debtors object to them. Nothing more needs to be done until such time as one or more objections are filed. Therefore, to the extent that Baupost seeks to litigate in some way the validity of the claims or Supplements, including the substance of whether the claims set forth in the Supplements are new claims, such litigation on the merits is premature as the Reorganized Debtors have yet to file an objection to either the claims or Supplements and have another six months to decide whether to do so. The Reorganized Debtors are permitted to object on any or all proper grounds at that time. Baupost is not entitled to accelerate litigation of any potential objection now and indeed has failed to cite to a single case that would support such a position.

In fact, none of the cases cited by Baupost support the notion that a claimant is entitled to litigate the merits of an amendment prior to the filing of an objection. *Robert Farms*, which Baupost heavily relies on, was decided in the context of an ongoing litigation as to the timeliness of the claimant's original proof of claim. *Roberts Farms Inc. v. Bultman (In re Roberts Farms Inc.)*, 980 F.2d 1248, 1250 (9th Cir. 1992). The amendment filed by the claimant was in direct response to the objection. *Id*. The overwhelming majority of the other cases cited by Baupost exist in the same procedural posture – after an objection had already been filed – and are similarly inapplicable here. *See also In re Med Equity, LLC*, 2022 WL 2719838 (B.A.P. 9th Cir. July 13, 2022) (after objection had been filed, claimant sought leave to amend the proof of claim in the event the bankruptcy court sustained the debtor's objection to his claim); *In re JSJF Corp.*, 344 B.R. 94, 103 (B.A.P. 9th Cir. 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008) (after the debtor's objection had been sustained by the bankruptcy court, claimant sought leave to have a claim allowed as late filed or, in the alternative, to be considered as an amendment to an earlier proof of claim); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 679-80 (Bankr. C.D. Cal. 2022) (debtors filed an objection to the

claimant's amendment on grounds that the amendment was futile, that the claimant was asserting a new claim, and that the amendment would unfairly prejudice the debtors).

None of these cases provide that claimants may accelerate the resolution of potential objections, and accordingly, the Motion should also be denied as premature.[3]

### CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court deny the Motion.

Dated: January 11, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*/s/ Richard W. Slack*
Richard W. Slack
*Attorneys for the Debtors and Reorganized Debtors*

---

[3] To the extent that the Court is inclined to address any potential objection on the merits or any related issue at this time, the Court should do so after a full record, and the Reorganized Debtors should be permitted to file a brief addressing that issue.