BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:	(212) 209-4800
Facsimile:	(212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:	(949) 752-7100
Facsimile:	(949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S STATEMENT AND RESERVATION OF RIGHTS TO RESPONSE OF WILLIAM B. ABRAMS TO MOTION FOR ORDER DEEMING BAUPOST GROUP SECURITIES, L.L.C.'S SUPPLEMENT TO ITS PROOFS OF RESCISSION OR DAMAGE CLAIMS TIMELY**<br><br>[Relates to Docket Numbers 13440, 13393]<br><br>Hearing Date:	January 25, 2023<br>Hearing Time:	10:00 a.m.<br>Place: Hearing will be conducted telephonically or by video |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust ("**Trust**"), by and through her undersigned counsel, hereby submits this Statement and Reservation of Rights in response to the *Response of William B. Abrams to Motion for Order Deeming Baupost Group Securities, L.C. C.'s Supplement to its Proofs of Recission or Damage Claims Timely* to the letter request of Eric Pedersen ("**Movant**") filed on January 4, 2023 [Dkt. 13440] (the "**Abrams' Response**"). In support of this Statement, the Trustee respectfully states as follows:

## INTRODUCTION

On December 28, 2022, Baupost Group Securities, L.L.C. ("**Baupost**") filed its *Motion for Order Deeming Baupost Group Securities, L.L.C.'s Supplement to its Proofs of Rescission or Damage Claims Timely* [Dkt. No. 13393] (the "**Baupost Motion**").

On January 4, 2023, Mr. Abrams' filed the Abrams' Response. The Abrams' Response opposes entry of an Order in favor of Baupost deeming its supplemented securities and recission damages claims timely, but also goes beyond the instant issue by including statements and requests for relief that – in a vacuum – may be construed as impacting the Trust. So that silence cannot be construed as assent, the Trustee files this Statement and Reservation of Rights to address these statements and correct improper characterizations. The Trustee does not take a position on the merits of the Baupost Motion.

## STATEMENT

1. The Abrams' Response asks the Court for a process for "victims, ratepayers and residents living within PG&E service territory to supplement their existing claims or to file new claims" based on allegedly newly disclosed evidence of fraudulent statements and misrepresentations by the Debtors (pre-petition) that Baupost identified as supporting further *sale or recission* securities claims. *See Abrams' Response*, at p. 2-3 (emphasis added). The Abrams' Response admits that such new or supplemented claims should be filed (if at all) and thereafter addressed "without negatively impacting the corpus of the Trust" or "without undermining the value or impeding the administration of the Fire Victim Trust" *Id* at 2, 6. The Trustee is compelled

1

Case: 19-30088    Doc# 13461    Filed: 01/18/23    Entered: 01/18/23 12:07:20    Page 2 of 5

to fill in the gaps left in the Abrams' Response, lest the Trust be saddled with such claims by what would otherwise amount to an inappropriate, sweeping and prejudicial post-effective date Plan[1] amendment.

2.  The claims that Mr. Abrams' appears to want to assert, like the *sale or recission* securities claims, do not "aris[e] out of or result[] from" the Fires[2] but on purportedly material misstatements, omissions, and at bottom, fraud alleged to be committed by the Debtors in the pre-petition period. The Abrams' Response says as much, stating that the Baupost Motion "mistakenly attributes this '*pattern of misstatements and incomplete disclosures about their safety practices*' as uniquely injurious to Baupost." *Id.* at 2. This purportedly newly disclosed evidence, according to Mr. Abrams' support claims for: (1) fraudulently higher rates that were paid by ratepayers; (2) fraud by PG&E which has led to insurance scarcity pre-petition; (3) post-petition sale and recission claims (actually, if any, held by the Trust) for stock held by the Trust under the Plan. Categories (1) and (2) are, in character, plainly the flip side of the coin of the allegations that form the basis of the Baupost Motion. They allege fraudulent misstatements and omissions by PG&E that led to pre-petition damages. In the same way the Trust is not responsible for *sale or recission* claims, it is not responsible for the claims raised by Mr. Abrams, if they are ever determined to be legitimate or timely. Such claims are not "Fire Victim Claims."[3]

3.  While the Trustee makes no arguments in support of such claims, *i.e.*, the Trustee is not stating that such claims are viable or can be made timely at this point, the Trustee simply states that any such claims and any procedural process that the Court adopts in connection with them must solely rest with the Reorganized Debtors, and not the Trust. To intimate or do otherwise, would be a Plan amendment (and channeling injunction amendment) broadening – to the detriment of all Fire Victims – the Trust's liability by including liability for non-Fire Victim Claims. Merely addressing and objecting to new or new late-filed claims such as the ones raised by Mr. Abrams

---

[1] *See* Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (the "**Plan**"), at Art. 1.78.

[2] *See* Plan, at Art. 1.78-79.

[3] *See* Plan, at Art. 1.79.

2

will place a substantial and unwarranted burden on the Trust – and resultant material cost to Fire Victims – as the Trust works every day towards concluding its claims resolution process. The Trustee and all Fire Victims have an interest in making sure that this does not happen, and for that reason, the Trustee is compelled to respond to the Abrams' Response.

4. Category (3) appears to be one of two things. It could either be a recast of Mr. Abrams' long-standing objections to the settlements in the Plan, more plainly the stock deal that was voted on and approved in 2020. An objection to the Baupost Motion is not the appropriate vehicle to raise this argument, even if it had merit.

5. On the other hand, category (3) could be suggesting a new claim held by the Trust against PG&E for allegedly providing it with fraudulently inflated stock. Putting aside the fact that the Disclosure Statement and the confirmation process made clear that the stock was of uncertain value, the history of the Reorganized Debtors' stock price to date speaks for itself. In any event, that claim would be a post-petition claim held by the Trust and not pre-petition creditors.

6. The Trustee does not weigh in here on the balance of the allegations in the Abrams' Response. The Trustee and the Trust work within the mandates of the Plan and Confirmation Order, at all times. The simple fact is that "Fire Victim Claims" (as defined in the Plan) are with the Trust and everything else (including the claims, if any, brought in issue by the Abrams' Response) is addressed in some other fashion by the Plan. Mr. Abrams and others similarly situated have all of their rights under the Plan and the law by which they can pursue these arguments before this Court. Again, the Trustee does not opine on whether any such rights exist at this time or whether such rights are now untimely or waived.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

## RESERVATION OF RIGHTS

The Trustee reserves all rights in connection with the relief sought in the Abrams' Response, including all procedural and substantive rights, defenses, arguments, claims, in respect of the foregoing.

DATED: January 18, 2023

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for the Fire Victim Trustee*