WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **STIPULATION RESOLVING MOTION OF BAUPOST GROUP SECURITIES, L.L.C. FOR ORDER DEEMING SUPPLEMENT TO ITS PROOFS OF RESCISSION OR DAMAGE CLAIMS TIMELY** <br><br> [Related to Dkt. No. 13393] <br><br> [No Hearing Requested] |

This stipulation and agreement for order ("**Stipulation and Agreement for Order**") is entered into by PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and Baupost Group Securities, L.L.C. ("**Baupost**"), on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of Debtors' equity securities at issue herein. The Reorganized Debtors and Baupost are referred to in this Stipulation and Agreement for Order collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On April 15, 2020, Baupost filed Rescission or Damage Claim Proof of Claim Forms (the "**2020 POCs**") against the Debtors, which were assigned Claim Nos. 100269 and 100309.

B. On December 28, 2022, Baupost filed two supplemental Proof of Claim Forms (the "**Supplemental POCs**") against the Debtors that state that they are amendments to the 2020 POCs by submitting the Supplemental POCs to the Court-appointed claims and noticing agent (the "**Claims Administrator**").

C. On December 28, 2022, Baupost filed with the Court its *Motion for Order Deeming Baupost Group Securities, L.L.C. Supplement to its Proofs of Rescission or Damage Claims Timely* [Dkt. No. 13393] (the "**Motion**"). The Motion is currently set for hearing on January 25, 2023 (the "**Hearing**").

D. On January 3, 2023, the Claims Administrator assigned to the Supplemental POCs Claim Nos. 109847 and 109848.

E. On January 11, 2023, the Reorganized Debtors filed their *Opposition to Baupost Group Securities, L.L.C.'s Motion for Order Deeming Supplement to its Proofs of Recission or Damage Claims Timely* [Dkt. 13443].

F. Baupost and the Reorganized Debtors seek to avoid the time and expense of further litigating the Motion, for both themselves and for the Court, while preserving their substantive rights.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. The Supplemental POCs were submitted to the Claims Administrator on December 28, 2022.

2. Baupost shall promptly withdraw the Motion, without prejudice, and may re-file the Motion only after such time, if any, as the Reorganized Debtors and/or Debtors object to the 2020 POCs and/or the Supplemental POCs. Baupost shall not be prejudiced in any way by either the withdrawal of its Motion or by the passage of time from December 28, 2022, through the date the Motion is re-filed.

3. To the extent Baupost was required to seek leave of Court to file the Supplemental POCs, Baupost shall be deemed to have sought such leave on December 28, 2022, the date the Motion was filed.

4. Subject to paragraphs 2 and 3 above, the 2020 POCs and the Supplemental POCs remain subject to objection and the Reorganized Debtors and Debtors reserve all of their rights to object to the 2020 POCs and the Supplemental POCs on any and all grounds, including that such Supplemental POCs are not valid amendments and therefore are not timely under the applicable Bar Dates for filing proofs of claim set by the Court in these Chapter 11 cases.

5. Baupost reserves all of its rights to dispute or contest any objections asserted by Reorganized Debtors and/or Debtors.

6. Upon the withdrawal of the Motion by Baupost, the Hearing shall be dropped from the Court's calendar.

7. This Stipulation shall constitute the entire agreement and understanding of the parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: January 20, 2023

| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | PACHULSKI, STANG, ZIEHL & JONES LLP<br>FRIEDMAN KAPLAN SEILER & ADELMAN, LLP |
|---|---|
| */s/ Jessica Liou*<br>Jessica Liou | */s/ Debra I. Grassgreen*<br>Debra I. Grassgreen |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Securities Claimant Baupost Group Securities, L.L.C.* |