LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**<br><br>Date: April 11, 2023<br>Time: 10:00 a.m.<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**                    1

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 1 of 16

**Table of Contents**

I.   INTRODUCTION........................................................ 5
  A.   Relief Sought .................................................... 5
  B.   Procedural Status ................................................ 6
II.  THE SUMMARY JUDGMENT ISSUE ......................................... 8
III. STATEMENT OF FACTS ................................................. 8
  A.   The Location of The Komir Property At Freeway Intersection ....... 8
  B.   The Condemnation of Property for Freeway Purposes by the State of California
       ................................................................. 9
IV.  LEGAL ANALYSIS .................................................... 10
  A.   Legal Standard for Granting Summary Judgment .................... 10
  B.   The Condemnation of the Komir Property for Freeway Purposes Extinguished All Prior Interests in the Komir Property.
       ................................................................ 11
  C.   By the Director's Deed from the State, Komir's Predecessor Acquired Fee Title Unencumbered by any Pre-Condemnation Interests. ..... 14
CONCLUSION .............................................................. 15

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO                 2

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 2 of 16

## Table of Authorities

**Cases**

*Burkhart v United States* (1955) 227 F.2d 659 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Chelates Corp. v. Citrate* (1986) 477 US 317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Delbon Radiology v. Turlock Diagnostic Ctr.* (E.D. Cal. 1993) 839 F. Supp. 1388 . . . . . . . . . . . 11

*Duckett & Co. v. United States*, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924) . . . . . . . . . . . . 13

*Linda Vista Village San Diego Homeowners Assn., Inc., v Tecolote Investors, LLC,* (2015) 234 Cal.App. 4th 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Meadows v. United States*, 4 Cir., 144 F.2d 751 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. 32.42 Acres of Land* (2012) 683 F.3d 1030 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Burkhart v United States* (1955) 227 F.2d 659 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Chelates Corp. v. Citrate* (1986) 477 US 317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Delbon Radiology v. Turlock Diagnostic Ctr.* (E.D. Cal. 1993) 839 F. Supp. 1388 . . . . . . . . . . . 10

*Duckett & Co. v. United States*, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924) . . . . . . . . . . . . 11

*Linda Vista Village San Diego Homeowners Assn., Inc., v Tecolote Investors, LLC,* (2015) 234 Cal.App. 4th 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Meadows v. United States*, 4 Cir., 144 F.2d 751 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. 32.42 Acres of Land* (2012) 683 F.3d 1030 . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

**Statutes**

California Civil Code § 811 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Code of Civil Procedure § 472(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure, Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

**Texts**

11 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 30A:4, p. 30A-8 (rel. 9/2011); *id.* (2014–2015 supp.) § 30A:4, p. 53 (rel. 9/2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**     3

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 3 of 16

*Restatement of Property,* Section 57A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Wisconsin Law Review 1945-1, *Measure of Compensation for Extinguishment of Easement by Condemnation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 4

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 4 of 16

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following points and authorities in support of Claimant's Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and In Claimant's Response Thereto ("Claimant's Summary Judgment Motion").

## I. INTRODUCTION

### A. Relief Sought

By this Motion for Partial Summary Judgment, Claimant seeks this Court's determination that, as a matter of law, the 100 year old easements upon which PG&E relies for its placement of electrical transmission lines across Claimant's Property (as defined below) were fully, completely and permanently extinguished by a Judgment of Condemnation and Final Order of Condemnation by which the State of California (the "State") acquired property for construction of Highway 380 connecting Highway 101 and Highway 280 free of all prior interests for any other purpose or use.

Stated differently, once the State acquired title to Claimant's Property by eminent domain for Freeway purposes, all prior easements or other interests were gone and not susceptible to springing back into existence.

No factual issues exist regarding the legal effect of the extinguishment of all prior interests, including any easements or rights of way of PG&E, as the State obtained its rights through the sequential pleadings in the condemnation action, including the Complaint in Eminent Domain that identifies "Parcel 2" wherein Komir's Property is located (Exhibit 3, page 31 of 32), the Order of Possession that granted to the State the exclusive use and possession of Parcel 2 (Exhibit 5, page 11 of 28, in the Exhibit Compendium), the Final Judgment of Condemnation that determined the States' right to acquire title to Parcel 2 (Exhibit 6, page 24 of 54, in the Exhibit Compendium) and the Final Order of Condemnation that vested title to Parcel 2 in the State (Exhibit 7, page 13 of 43, in the Exhibit Compendium).

After the State completed the condemnation and the construction of the Freeway, the State sold a portion of the condemned property to Claimant, i.e., Claimant's Property, likewise free of all

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 5

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 5 of 16

prior interests.

The Komir Property that Claimant so acquired from the State, which is located at the address commonly known as 800 Walnut Avenue, San Bruno, CA, (the "Komir Property" or "Claimant's Property") is more specifically described and illustrated on the following Exhibits contained in the Exhibit Compendium in Support of Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and Claimant's Response Thereto (the "Exhibit Compendium") submitted herewith:

- Exhibit 3, page 11 of 32, Complaint in Condemnation;
- Exhibit 5, page 11 of 28, Order for Possession;
- Exhibit 6, page 24 of 54, Judgment in Condemnation, and
- Exhibit 8, Director's Deed to Hildebrand.
- Exhibit 9, Plat Maps of the State of California, Department of Transportation
- Exhibit 10, Plat Maps marked in yellow to depict location of Komir Property.

<u>In these descriptions, the Komir Property is identified and located in a portion of *"Parcel 2."*</u>

**B.  Procedural Status**

Claimant filed its Proof of Claim herein on March 20, 2019 (Claim Docket 65-1) asserting a claim for continuing trespass by the unauthorized placement of three (3) sets of electric transmission lines (the "Trespassing Transmission Lines") across the Komir Property.

The Proof of Claim states the Basis of the Claim as "Lawsuit for trespass and related causes of action." Claimant's Summary Judgment Motion addresses Debtors' lack of authority under any recorded document to place the Trespassing Transmission Lines on the Komir Property and the consequential trespass by the placement of them over the Komir Property.

The lawsuit referenced in Claimant's Proof of Claim is that action entitled *"Amir Shahmirza, an individual, and Komir, Inc., a business entity, vs. PG&E, a business entity"* in the Superior Court of San Mateo County, California, as Case No. 18-CIV-06064 (the "Lawsuit") that was filed on November 9, 2018.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**　6

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 6 of 16

On January 11, 2019, PG&E, as the defendant (referred to herein as "PG&E" or "Debtors" as referenced in these Bankruptcy Cases) responded to the Complaint in the Lawsuit by filing a Demurrer challenging the legal sufficiency of the Complaint with hearing set for March 13, 2019.

On January 29, 2019, prior to the hearing on the Demurrer, the Debtors commenced the Chapter 11 cases. As a result of the filing of the bankruptcy cases, the Lawsuit was stayed, Komir did not file an amended Complaint which it was statutorily entitled to do pursuant to California Code of Civil Procedure § 472(a), and the State Court did not rule upon the Demurrer.

On September 15, 2021, the parties engaged in a mediation pursuant to the ADR Order in these Chapter 11 cases, but the matter did not settle.

On April 8, 2022, the Reorganized Debtors filed the pending Objection to Claim.

On October 11, 2022, the Court conducted a Status Conference. As a result of the discussion between and among the Court and the Parties, the Court made a Status Conference Order providing that the Court would hear a motion for partial summary judgment with the parties to determine the briefing and hearing schedule.

On November 23, 2022, the parties filed their Stipulation to Modify Schedule Regarding Reorganized Debtors' Objection to Proof of Claim No. 2090 Filed by Amir Shahmirza setting the current schedule with respect to the Motion for Summary Judgment, i.e., filing of the motion by Claimant by December 31, 2022, filing of a response by Reorganized Debtors by January 31, 2023, filing of a Reply by Claimant by February 15, 2023, and hearing on March 7, 2023. On November 23, 2022, the Court made its order approving the stipulation and setting the dates as specified in the Stipulation.

On December 28, 2022, the parties filed a further stipulation regarding scheduling and the Court made its order approving the stipulation and setting January 31, 2023, as the date for Claimant to file a motion for partial summary judgment; March 3, 2023, as the date for Debtors to file a response; March 20, 2023, as the date for Claimant to file a Reply; and April 11, 2023, at 10:00 a.m. as the date and time for hearing Claimant's Summary Judgment Motion.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**  7

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 7 of 16

Claimant now files its Motion for Partial Summary Judgment and supporting pleadings.

## II. THE SUMMARY JUDGMENT ISSUE

The issue presented for partial summary judgment (the "Summary Judgment Issue") is as follows:

**Summary Judgment Issue:**

PG&E Corporation and PG&E Electrical Company (each and both entities referred to herein as "Debtors") do not hold any easement or other grant of interest of record entitling Debtors to place Transmission Lines across the Komir Property.

While Debtors contend that they hold easements and/or rights of way from 1909 and 1923 entitling them to place Trespassing Transmission Lines across the Komir Property, any such purported interests were extinguished by the exercise of rights of eminent domain by the State of California in that condemnation action entitled *THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Public Works, Plaintiff, vs. CITY AND COUNTY OF SAN FRANCISCO et al.*, San Mateo County Superior court Case No. 175581 (See Complaint in Eminent Domain, Exhibit 3), filed on May 7, 1973.[1]

## III. STATEMENT OF FACTS

### A. The Location of The Komir Property At Freeway Intersection

The Komir Property that is the subject of this contested matter consists of approximately 2.214 acres at the current intersection of the Bayshore Freeway/Highway 101 (running generally northerly/southerly) and Interstate 380 (running generally easterly/westerly) in the southwestern quadrant of the intersection as depicted in the Record of Survey No. 3259-A, copy attached as Exhibit 1 to the Exhibit Compendium, and in the annotated aerial photo, copy attached as Exhibit 2

---

[1] Claimant submits that the issue presented is dispositive. Therefore Claimant does not present for determination in this Motion for Summary Judgment other issues involving factual disputes such as (a) the original validity or invalidity of the documents upon which PG&E relies, (b) any alteration or destruction of any rights under any such documents, or any pre-condemnation extinguishment, (c) any survey-based issues concerning the location of any purported easements or rights of way, (d) non-compliance with the terms of any purported easements or rights of way and consequences thereof, (e) the effect of Records of Survey, or (f) the relocation of the lines in 2018.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**       8

Case: 19-30088   Doc# 13478-1   Filed: 01/31/23   Entered: 01/31/23 20:09:30   Page 8 of 16

to the Exhibit Compendium.

**B.  The Condemnation of Property for Freeway Purposes by the State of California**

On February 15, 1973, the State of California made its Condemnation Resolution whereby the California Highway Commission No. C-10572 stated its need to acquire property for freeway purposes, namely the construction of the east–west auxiliary Interstate Highway 380 connecting I-280 in San Bruno to the Bayshore Freeway, US 101, near San Francisco International Airport.

The ensuing chronology of events concerning the acquisition of the Komir Property, as part of an acquisition of property by the State under its powers of eminent domain for freeway purposes at Highways 101 and 380, demonstrates without factual dispute the taking and acquisition of full unencumbered fee ownership of the Komir Property by the State:

<u>May 7, 1973</u>: The State of California filed its Complaint in Eminent Domain that included Pacific Gas and Electric Company as a defendant. (See Exhibit 3 to the Exhibit Compendium)

<u>September 13, 1974</u>: The State obtained an Order Fixing Security to Permit Plaintiff to Take Immediate Possession of Parcels, including possession of the Komir Property as part of a large acquisition, for purposes of freeway construction, with the amount of deposit representing the fair value of the Parcel 2 that includes the Komir Property established as the amount of $91,000. (See Exhibit 4 to the Exhibit Compendium)

<u>October 2, 1974</u>: The State obtained an Order for Possession (See Exhibit 5 to the Exhibit Compendium) that provided that:

"IT IS ORDERED that **plaintiff is authorized and empowered to enter upon and take possession and use of said property, and plaintiff is authorized and empowered to remove therefrom any and all persons, obstacles, improvements, or structures of every kind or nature thereon situate, and to fully possess and use the said property** as of the indicated dates set out below, or on the thirtieth day following the date of service of this Order, whichever is later." (Emphasis added)

<u>February 11, 1983</u>: The Court made and entered its Judgment of Condemnation (See Exhibit 6 to the Exhibit Compendium).

<u>February 11, 1983</u>: The Court made its Final Order of Condemnation (See Exhibit 7 to the Exhibit Compendium) referencing the taking of pre-judgment possession and decreeing that:

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**  9

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 9 of 16

> "*NOW*, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the real property situated in the County of San Mateo, State of California, and more particularly described in Exhibit "A" attached hereto and made a part hereof, be condemned to plaintiff for State highway purposes, in fee simple absolute, unless a lesser estate is described." (Page 2, lines 8-13)

Accordingly, on the dates and by the processes described above, the State accomplished the following:

(a) Obtained the statutory pre-judgment right of possession (Order of Possession, Exhibit 5) to the exclusion of all other persons, property, and uses, and to the exclusion of any alleged prior interests of PG&E in Parcel 2 as identified in the condemnation pleadings, including the Final Order of Condemnation, that includes Parcel 2 in which the Komir Property is situated with no reservation of any interests of PG&E. (See for illustration Exhibits 9 and 10)

(b) Obtained fee ownership with all other interests in the Komir Property terminated

Whatever factual and legal arguments may exist with respect to creation of any easements, pre-condemnation relinquishment or elimination of any easements or rights of way (as reflected on pre-condemnation Records of Survey), the exercise of the powers of eminent domain for freeway purposes extinguished any easements or rights of way and provided the State with full fee ownership unencumbered by any prior interests.

## IV. LEGAL ANALYSIS

### A. Legal Standard for Granting Summary Judgment

The summary judgment procedure provides a means for disposition of claims as to which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Federal Rules of Civil Procedure, Rule 56).

The Court may decide any issue as to any party regarding their respective claims and defenses:

> "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

10

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 10 of 16

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (*Id*).

In this instance, the Claimant is a moving party asserting a claim of trespass and related causes of action, albeit commenced in the state court lawsuit and brought before the Court by the filing of the Proof of Claim. The Debtors who are asserting the objection are the defendants in the Lawsuit and, by their objection, challenge the claims of the Claimant.

A motion for summary judgment moves beyond the liberality of pleading, forcing the opposing party to provide evidentiary and legal support for their contentions. (*Chelates Corp. v. Citrate* (1986) 477 US 317, 325). Summary judgment is not a disfavored remedy, but rather is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" (*Id*).

Summary judgment is appropriate where there is no issue of material fact, and the moving party is entitled to judgment as a matter of law. (FRCP 56(c)). In the event that the Court does not grant summary judgment, it may in the alternative adjudicate certain claims and/or issues within a claim. Summary Judgment focuses on allegations contained in the pleadings, and the opposing party cannot avoid summary judgment by asserting matters not contained in the pleadings. (*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271, 1291).

In the present case, the facts regarding the Summary Judgment Issue are undisputed and the issue is of a legal nature. Determination of issues of law is an appropriate use of the summary judgment procedure. (*Delbon Radiology v. Turlock Diagnostic Ctr.* (E.D. Cal. 1993) 839 F. Supp. 1388, 1391).

**B.  The Condemnation of the Komir Property for Freeway Purposes Extinguished All Prior Interests in the Komir Property.**

Condemnation of property for a public use extinguishes all interests inconsistent with the purpose for which the condemned property is acquired.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    11

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 11 of 16

Civil Code § 811 provides in part as follows:

"A servitude is extinguished:

...

2. By the destruction of the servient tenement; ..."

In this instance, the servient tenement (the Komir Property) was destroyed by its acquisition by the State for public freeway purposes. (See Complaint in Eminent Domain, Exhibit 3 at page 2 of 32, Judgment in Condemnation, Exhibit 6, at page 6 of 54).

The extinguishment of easements upon acquisition of the fee title by a condemning agency has been a longstanding principle as discussed in the <u>Wisconsin Law Review 1945-1</u>, *Measure of Compensation for Extinguishment of Easement by Condemnation* by Professor Ralph W. Aigler as follows:

> "More commonly, however, the extinguishment results from a 'taking' of the servient land. This situation is covered by Section 57A of the *Restatement of Property.* which declares:
>
> 'An easement is extinguished by a taking by eminent domain of the servient tenement, or of an interest therein, to the extent to which the taking permits a use inconsistent with the continuance of the use authorized by the easement.'"

In this instance, the taking permitted construction of the Freeway for public use for vehicular traffic on the condemned property which rendered any other use inconsistent with the public use for which the Komir Property was acquired.

In 1955, fairly shortly after Professor Aigler's Law Review Article, the Ninth Circuit Court of Appeals adopted the same principle in *Burkhart v United States* (1955) 227 F.2d 659 stating:

> "If appropriate measures have been taken to establish acquisition of this property, a necessity in the public interest, the only question remaining is the amount of just compensation."

After observing that the condemning agency had taken the appropriate measures, the Court held that:

> "The declaration of taking wipes out all interests. Just compensation must be paid for the whole."

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

12

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 12 of 16

In reaching this decision, the Court in *Burkhardt* referred to and quoted *Duckett & Co. v. United States*, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924) for the following statement of extinguishment of easements by condemnation:

> "The taking was not of the rights of designated persons in the property but of the property itself. '* * * an unqualified taking in fee by eminent domain takes all interests and as it takes the *res* is not called upon to specify the interests that happen to exist.' *Duckett & Co. v. United States*, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216. * * *.' Quoted from *Meadows v. United States*, 4 Cir., 144 F.2d 751, 752-753.
>
> **'Consequently when the Government took the fee simple title subject only to highway easements, it took all the lesser estates * * *.'** *United States v. Sunset Cemetery Co.*, 7 Cir., 132 F.2d 163, 165." (Emphasis in bold supplied)

More recently, in *United States v. 32.42 Acres of Land* (2012) 683 F.3d 1030, the Ninth Circuit Court of Appeals reaffirmed the holdings in *Burkhardt* and *Duckett* stating:

> "Eminent domain is a proceeding *in rem* that permits the United States to take all interests in a property. *A.W. Duckett & Co. v. United States*, 266 U.S. 149, 151, 45 S. Ct. 38, 69 L. Ed. 216, 60 Ct. Cl. 1019 (1924). **Through eminent domain, the United States takes not just the rights of designated persons in the property, but the property itself, establishing a new title and obliterating previous interests not specifically excepted.** *Burkhart v. United States, 227 F.2d 659, 661-62 (9th Cir. 1955)*." (Emphasis added)

In *Linda Vista Village San Diego Homeowners Assn., Inc., v Tecolote Investors, LLC*, (2015) 234 Cal.App. 4th 166, a group of homeowners argued that a land use restriction survived a condemnation or, if extinguished, remained "quiescent" and would be re-established upon a subsequent transfer from the condemnor to a third party.

The Court rejected both contentions.

Regarding the extinguishment of all interests in property upon condemnation and acquisition by the condemning agency, the Court in *Linda Vista Village San Diego Homeowners Assn., Inc.* applied the holdings of *U.S. v 32.42 Acres* and *Burkhart* stating:

> "**The authorities establish that when a complete taking of a property interest pursuant to federal eminent domain occurs, it establishes new title and extinguishes previous interests not specifically excepted by the taker.** (*U.S. v. 32.42 Acres of Land, supra*, 683 F.3d 1030, 1034; *Burkhart v. U.S.* (9th Cir. 1955) 227 F.2d 659, 661–662 *United States v. Carmack* (1946) 329 U.S. 230, 240–242 [91 L.Ed. 209, 67 S.Ct. 252]." (Emphasis supplied)

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO    13

Case: 19-30088   Doc# 13478-1   Filed: 01/31/23   Entered: 01/31/23 20:09:30   Page 13 of 16

Regarding the contention that upon sale by the condemning agency to a third party the "quiescent" status of the pre-condemnation restrictions would be re-instated, the Court referred to and adopted the holding in *Burkhardt* stating:

> **"The court concluded any such state rights were extinguished, and no such 'quiescent' rights would reemerge for the Commission, such as if the United States later sought to transfer the property to a private party.** (*Id. at p. 1038*; see 11 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 30A:4, p. 30A-8 (rel. 9/2011); *id.* (2014–2015 supp.) § 30A:4, p. 53 (rel. 9/2014).)" (Emphasis supplied)

The situation in the present case is the same:

- The State condemned the Property for a public Freeway;
- All previous interests, including any interests of PG&E, were extinguished; and
- No interests of PG&E could have, or did, resurrect after the transfer to Claimant who owns the Property free and clear of all pre-condemnation interests.

The undisputed facts and the applicable law presented above warrant the granting of partial summary judgment determining that Debtors have no easements or rights of way based on any pre-condemnation interests entitling them to place the electrical transmission lines across the Komir Property.

**C.     By the Director's Deed from the State, Komir's Predecessor Acquired Fee Title Unencumbered by any Pre-Condemnation Interests.**

Komir acquired its ownership from the transferee from the State of California.

As the owner of the Komir Property as a portion of Parcel 2 by condemnation, the State transferred the Komir Property to the Niel F. Hildebrand, Jr., and Melanie M. Hildebrand (the "Hildebrands") by a Director's Deed, and the Hildebrands transferred title to Komir.

Director's Deeds are unique in that Directors Deeds specify any limitations on the extent of title being transferred pursuant to the instrument.

In this instance, Hildebrands acquired title to the Komir Property from the State by a "Director's Deed" recorded on June 30, 1987, i.e., approximately four (4) years after the State had acquired title by condemnation. (See Exhibit 8 of the Exhibit Compendium).

The Director's Deed to Hildebrands specifies certain interests affecting title, including only

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**     14

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 14 of 16

an easement of 10 feet in width on the northerly side of the lot comprising 0.055 acres to Pacific Bell for a telephone line, an easement to the City of San Bruno for maintenance of a sewer line comprising 0.126 acres, and an easement to PG&E for landscaping maintenance (only) on the far northerly side of the lot comprising 0.180 acres, all of which arose in 1987 after the completion of the condemnation of the Komir Property.

The lack of any reference to any pre-condemnation interests is consistent with, and warranted by, the extinguishment of all prior interests as discussed above.

## CONCLUSION

While disputes of fact may exist regarding other issues involved in this controversy, the undisputed facts discussed above, when analyzed under applicable law, dictate the granting of partial summary judgment on the issue presented for determination.

The State of California, by the Department of Transportation, condemned Parcel 2 (and other property in the intersection area) for public freeway purposes, acquired full fee title to Parcel 2 free of any prior interests, and thereafter transferred the Komir Property, a portion of Parcel 2, to Komir's predecessor (Hildebrands) likewise free of any prior interests, including free of any interests claimed by Debtors.

The Director's Deed to Hildebrands identified the only easements or rights of way to which the Komir Property was or would be subject as being the post-condemnation rights providing, as to Debtors, only a right to landscape an area of 0.180 acres on the far northerly side of the Komir Property.

Komir acquired its title and ownership from Hildebrands who transferred the same ownership rights to Komir, i.e., full fee ownership unaffected by any rights of Debtors to place Trespassing Transmission Lines across the Komir Property.

///

///

///

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**   15

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 15 of 16

Respectfully submitted.

Dated: January 31, 2023

COHEN AND JACOBSON, LLP

By: _____
Lawrence A. Jacobson
Attorneys for Claimant

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO    16

Case: 19-30088    Doc# 13478-1    Filed: 01/31/23    Entered: 01/31/23 20:09:30    Page 16 of 16