Entered on Docket
February 03, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 3, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING MOTIONS TO ALLOW LATE CLAIMS**

On January 10 and 25, 2023, the court held hearings on a number of motions to deem late filed proofs of claim as timely ("Late Claim Motions"). The individual claimants' information associated with the Late Claim Motions are attached to this Order as an Exhibit.

All movants are Wildfire Claimants, as defined below. While the Fire Victim Trust ("FVT") objected to each of the Late

Claim Motions individually (Dkts. 13385; 13353; 13351; 13388; 13336; 13372; 13407; 13399; 13424; 13429; 13431; 13433; 13435) ("Objections"), the court issues this Order addressing all of the Late Claim Motions in the style of an omnibus objection. See Fed. R. Bankr. Pro. 3007(d)(4) and (f). For the reasons explained below, the court sustains the FVT's Objections and denies the Late Claim Motions.

I. **History of Claims Bar Date**

No claims bar date was set for any creditor at the outset of these bankruptcy cases, which were initiated on January 29, 2019. On May 1, 2019, now-Reorganized Debtors PG&E Corporation and Pacific Gas and Electric Company ("Debtors") originally proposed a claims bar date of September 16, 2019 for victims of the wildfires that ravaged various parts of Northern California in 2015, 2017, and 2018 ("Wildfire Claimants") (Dkt. 1784). Debtors also proposed a robust supplemental notice plan starting at least 95 days prior to that bar date to ensure that Wildfire Claimants, many of whom had almost certainly been displaced by the wildfires, would receive notice of the claims bar date.

The proposed claims bar date was hotly contested (See objections to the proposed claims bar date at Dkts. 2043, 2238, 2239, 2240, 2242, 2248, 2306, 2307, 2308, 2316, 2321, 2324, 2326, 2346, 2453), with the Tort Claimants Committee requesting an alternative claims bar date of January 31, 2020. Debtors subsequently amended the proposed claims bar date to October 21, 2019.

At a hearing on June 26, 2019, the court granted the Debtors' modified claims bar date proposal. The court's Order

-2-

(Dkt. 2806) establishing the bar date incorporated the Debtors' Revised Notice Procedures that included: mailed notices (as is typical and required in all bankruptcy cases); email notices; notice via a variety of print media publications; online advertisements; social media advertisements; local television and radio advertisements in both English and Spanish; national television advertisements to reach those who may have moved out of state; a dedicated website for Wildfire Claimants; and a toll-free phone number for Wildfire Claimants. This multi-pronged approach targeted, in descending order: those still living in affected areas of Northern California, the rest of California, and the rest of the nation.

On November 11, 2019, the court entered the *Order Extending Bar Date for Wildfire Claimants and Appointing Claims Representative* (Dkt. 4672), extending the bar date specifically for Wildfire Claimants to December 31, 2019, and appointing a Claims Representative to conduct further outreach and assist Wildfire Claimants in filing claims. By the end of the extended claims bar date, 82,692 Wildfire Claimants filed timely proofs of claim.

After the extended bar date passed, the FVT took an apparent stance of acquiescence or non-opposition to requests from Wildfire Claimants to allow late claims. In 2020, 55 late claims were filed and were not opposed. In 2021, 22 late claims were filed and were not opposed.

Beginning in late 2022, the number of late claims dramatically increased, which prompted the FVT's Objections. That response, made in open court and in several filings, was

that the FVT would no longer take a liberal non-opposition stance to late claims filed after September 30, 2022, and that "[t]he Trust's policy of non-opposition was never a guarantee that every late claim motion would be unopposed, and the Trustee's statements regarding the need to reconsider that policy were intended to clarify this and alert claimants and counsel to the Trust's transition to stricter review of late claim motions."

## II. Discussion

A bankruptcy court may, on motion of a claimant, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Some circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

There is no argument regarding the good faith of any of the parties who filed the Late Claim Motions. Nor does either the court or the FVT question the nature and extent of the damages alleged by movants. The proceeding that may be impacted by allowance of the Late Claims Motions is the general

-4-

administration of the FVT in determining claims and making distributions thereon.

The only equitable factors the court considers here are the prejudice to the FVT[1] and whether the delay was in reasonable control of the movants.[2,3]

First, the court finds that granting the Late Claim Motions would prejudice the FVT and other Wildfire Claimants who have timely filed proofs of claim. According to the FVT, the Trust simply is not fully funded, the stock contributed to the FVT by the Debtors is not performing as well as expected (despite recent increases in value), and there may not be enough money in the Trust to administer 100% payments to Wildfire Claimants who timely filed proofs of claim, let alone those requesting to have their late claims deemed timely now. The FVT may also be prejudiced by the additional expenditures of time and effort required of the FVT and its administrators to recalculate the

---

[1] The FVT is the representative of each of the Debtors' estates regarding administering, objecting to, and settling the claims of Wildfire Claimants pursuant to the Paragraph 18(e)(iii) of the court's Confirmation Order (Dkt. 8053).

[2] An additional argument presented at the hearing on January 10, 2023 posited that a recent amendment to Federal Rule of Bankruptcy Procedure 3002(c)(3) may more easily allow for the allowance of late-filed claims. The amended Rule does not apply to claims in chapter 11 cases—only those claims filed bankruptcies filed under chapters 7, 12, or 13. Late claims filed in bankruptcies filed under chapter 11 are governed by Federal Rule of Bankruptcy Procedure 3003, which has not been recently amended.

[3] Another suggestion also presented at the hearing on January 10, 2023 proposed the creation of a new "pool" with cap on distributions for late claimants. The court has no authority to append the process of the FVT, which was created as part of a hard-fought confirmation process, in such a manner.

-5-

Case: 19-30088    Doc# 13490    Filed: 02/03/23    Entered: 02/03/23 17:55:04    Page 5 of 9

projections and calculations made to ensure an equal pro rata distribution to all Wildfire Claimants, including those already paid.  While each of the Late Claim Motions stresses the minimal impact any individual claim may have on the administration of the FVT, the court must balance the equities affecting the FVT as a whole.  Taking the Late Claim Motions in the aggregate, the impact on administration is more than de minimis and would prejudice the FVT.

Next, the court finds that no movant has described circumstances that would explain why the failure to file a claim for over two and a half years constitutes excusable neglect. Almost uniformly, each movant describes circumstances that amount to a lack of realization that their particular circumstances could be compensated, or skepticism regarding the claims process generally, but not lack of notice regarding the extended bar date.

Due process requires notice of the opportunity to file a claim.  That notice was provided to movants and has not been shown to be deficient under the law or in the context of these cases.  Due process does not require that each claimant be made aware that his or her particular damages may constitute the type of claim that might have been filed.

One movant who chose to speak at the hearing on January 25 described potential medical issues that did not manifest themselves until after the extended claims bar date had passed. However, the underlying claim and motion (Dkt. 13404) allege injuries, such as smoke damage that were felt immediately after the fire and also describe the same issue detailed by most other

-6-

movants as to why a claim was not timely filed; a belief that the particular damages suffered by movant and her family would not have been compensated.[4]

The court reiterates, as it explained in its prior Order Denying Motions to Allow Late Claims (Dkt. 13377), that the Debtors engaged in a comprehensive campaign to provide notice to Wildfire Claimants in the North Bay, California, and across the United States. The Debtors could not control whether claimants chose not to believe or to heed those notices, nor was it the Debtors' duty to ensure every known and unknown Wildfire Claimant's full understanding of every type of injury that could be compensated via the proof of claim process. It also does not appear there was a widespread misunderstanding regarding what types of injury could be compensated via a proof of claim: every type of injury described in the Late Claim Motions is listed as a checkbox on the Proof of Claim form for Wildfire Claimants, and all were listed as injuries by Wildfire Claimants who timely filed proofs of claim.

### III. Conclusion

For the reasons stated above the court hereby SUSTAINS the Objections of the FVT and DENIES the Late Claim Motions. The

---

[4] In the Ninth Circuit, even potential claims that might be in the fair contemplation of the parties represents a contingent claim subject to the established claims bar date of a bankruptcy. *See In re Jensen,* 995 F.2d 925, 929-30 (9th Cir. 1993). While the court makes no determination whether the issues described by movant would be deemed a pre-petition contingent claim, the court still notes that injuries that do not become apparent until much later are not necessarily excused from the extended claims bar date.

-7-

Late Claim Motions shall not be deemed timely filed and are thus disallowed.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

| | |
|---|---|
| Frewoini Garcia<br>1785 Las Pravadas Ct.<br>Santa Rosa, CA 95409<br>lmsmithson@hotmail.com | Aara Pedersen<br>1025 Calistoga Rd<br>Santa Rosa, CA 95409<br>pedersenrealty@gmail.com |
| Ricardo Mejia, Jr. et al.<br>512 Jacklondon Dr.<br>Santa Rosa, CA 95409<br>Rcharms87@gmail.com | Brandon Boone<br>5550 Marit Dr<br>Santa Rosa, CA 95409<br>boonebrando@hotmail.com |
| Patrick Cory Smithson<br>6293 Melita Road<br>Santa Rosa, CA 95409<br>ptrcksmithson@gmail.com | Amanda Hackett<br>806 Bennett Valley Rd<br>Santa Rosa, CA 95404<br>Amandavh86@gmail.com |
| Daniel Erdman<br>Julianne Erdman<br>5960 Erland Road<br>Santa Rosa, CA 95404<br>dcerdman@gmail.com | Eric Pedersen<br>806 Bennett Valley Rd<br>Santa Rosa, CA 95404<br>Whatsuperic2002@yahoo.com |
| Shannon Palmer<br>1385 Baird Road<br>Santa Rosa, CA 95409<br>Shanpalm18@gmail.com | Patrick Pedersen<br>5511 Monte Verde Drive<br>Santa Rosa, CA 95409<br>pjpracer@yahoo.com |
| | Jennifer Perkins<br>539 Calistoga Road<br>Santa Rosa, CA 95409<br>jenniferleighperkins@gmail.com |