| | |
|---|---|
| 1 | **WEIL, GOTSHAL & MANGES LLP** |
| 2 | Theodore E. Tsekerides (*pro hac vice*) |
|   | (theodore.tsekerides@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) |
|   | (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) |
|   | (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue |
|   | New York, NY 10153-0119 |
| 6 | Tel: (212) 310-8000 |
|   | Fax: (212) 310-8007 |

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **STIPULATION BY AND AMONG REORGANIZED DEBTORS AND SANTIAGO GATTO, ANASTASIA TKAL, AND THE COUNTY OF TUOLUMNE** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Santiago Gatto ("**Gatto**"), Anastasia Tkal ("**Tkal**"), and the County of Tuolumne (the "**County**," and together with Gatto and Tkal, the "**Claimants**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit the Claimants to litigate a pending lawsuit to liquidate their claims against the Utility. The Reorganized Debtors and the Claimants (collectively, the "**Parties**"), hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On September 24, 2018, Gatto and Tkal filed in the Superior Court of California, County of Tuolumne (the "**State Court**") a second amended complaint (the "**Complaint**") in which they asserted personal injury claims against the County, the Utility, and others. The Complaint is currently pending in the State Court, and is captioned *Santiago Gatto and Anastasia Tkal v. County of Tuolumne, et al.*, Case No. CV 61711 (the "**State Court Action**").

C. On October 16, 2019, Gatto filed Proof of Claim No. 64067 (the "**Gatto Proof of Claim**") and Tkal filed Proof of Claim No. 64048 (the "**Tkal Proof of Claim**"), both on account of the claims asserted against the Utility in the Complaint.

D. On October 21, 2019, the County filed Proof of Claim No. 78970 (the "**County Proof of Claim**"), on account of claims that may be asserted by the County against the Utility in the State Court Action.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

E. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

F. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

G. Claimants acknowledge that the claims that are the subject of the Gatto Proof of Claim, the Tkal Proof of Claim, and the County Proof of Claim (collectively, the "**Proofs of Claim**") are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases; and (iii) currently enjoined by the Plan Injunction from prosecution in the State Court Action or any forum other than the Bankruptcy Court.

H. On December 9, 2022, the Parties attempted to resolve the claims that are the subject of the Proofs of Claim through a mediation pursuant to the Bankruptcy Court's September 25, 2020 *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148]. The mediation was unsuccessful.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, to the extent necessary, solely to permit Claimants to liquidate claims against the Utility asserted in the Proofs of Claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2.  Upon the date of the entry of an order approving this Stipulation, this Stipulation shall be deemed an objection by the Reorganized Debtors to the Proofs of Claim, and each Proof of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) sixty (60) days after a Party files notice in the Bankruptcy Court that a judgment liquidating the claim underlying the Proof of Claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 3(a) hereof, the Reorganized Debtors further object to the Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

3.  Nothing herein is intended, nor shall it be construed, to be:

   a.  a waiver by the Reorganized Debtors or any other party in interest, of any right to object to any Proofs of Claim on any grounds not precluded by a final judgment in the State Court Action, or

   b.  a waiver by Claimants of their rights to oppose any asserted challenge to any Proof of Claim, or

   c.  a waiver by any Party of any claim or defense in the State Court Action.

4.  In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

5.  For the avoidance of doubt, this Stipulation shall not apply to any component of the County Proof of Claim that cannot be litigated in the State Court Action.

6.  This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: February 7, 2023

KELLER BENVENUTTI KIM LLP

*/s/ David A. Taylor*
David A. Taylor

*Attorneys for Debtors
and Reorganized Debtors*

Dated: February 7, 2023

YOUNG WARD & LOTHERT

*/s/ Scott Ward*
Scott Ward

*Attorneys for Santiago Gatto and
Anastasia Tkal*

Dated: February 7, 2023

SPINELLI, DONALD AND NOTT

*/s/ Lynn Garcia*
Lynn Garcia

*Attorney for the County of Tuolumne*