AARON J. MOHAMED (SBN 245915)
EMILY HUMY (SBN 335816)
**BRERETON, MOHAMED, & TERRAZAS LLP**
1362 Pacific Avenue
Santa Cruz, CA 95060
Tel: (831) 429-6391
Fax: (831) 459-8298
ajm@brereton.law
eh@brereton.law

Attorneys for Plaintiff
CHARLES MAIER

## THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>Federal I.D. No. 94-0742640<br>Federal I.D. No. 94-3234914 | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>Superior Court Case No.: 18CV01718<br><br>**DECLARATION OF AARON J. MOHAMED IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY.**<br><br>HEARING DATE<br>DATE:  MARCH 7, 2023<br>TIME:  10:00 AM<br>PLACE: 235 Pine Street, 22nd Floor<br>            San Francisco, CA |

I, Aaron J. Mohamed, hereby declare as follows:

1.      I am an attorney licensed to practice before all the courts of this state. I am counsel for Charles Maier in this matter. The contents of this declaration are true and correct, as to my own personal knowledge.  As to those matters stated on information and belief, I am informed and believe them to be true.  If called to testify regarding these matters, I could do so competently.

1

2. This declaration is submitted in support of Plaintiff's Motion for Relief from Automatic Stay.

3. Plaintiff filed this action in October of 2018. This upcoming October will mark five years since the action was initiated. My office served discovery shortly after and my client was deposed on December 19, 2018. Debtor's employee, Daniel Waters, was deposed on December 20, 2018.

4. Debtor filed and served their Motion for Summary Judgment on January 10, 2018. A true and correct copy of Debtor's Motion is attached hereto as Exhibit A.

5. Plaintiff served and filed his Motion for Summary Judgment on January 14, 2018. A true and correct copy of Plaintiff's Motion is attached hereto as Exhibit B. The motions were scheduled to be heard on March 28, 2019.

6. Debtor filed for bankruptcy on January 29, 2019, and the hearing for both Motions for Summary Judgment was taken off calendar pursuant to the automatic stay.

7. On March 27, 2019, I emailed counsel for Debtors requesting that Debtors stipulate to lift the automatic bankruptcy stay as it relates to this action and allow the action to proceed to judgment in Santa Cruz Superior Court. I never received a response to this letter. A true and correct copy of this letter is attached hereto as Exhibit C.

8. On June 14, 2019, Plaintiff filed his proof of claim. On June 25, 2021, the court issued an Order Disallowing and Expunging his claim no. 1896.

9. Cause exists to grant relief from the automatic stay in this matter. This case is a simple prescriptive easement case, seeking non-monetary damages. Proceeding in Santa Cruz Superior Court would resolve all of the issues in the matter, it would not interfere with the bankruptcy case, and financial and judicial economy weigh in favor of relief from stay.

10. The five-year anniversary of the complaint's filing is coming up this October. It is likely the case will be set for trial or resolved in or around that month if the

2

1 case is allowed to proceed in the Santa Cruz Superior Court. For the foregoing

2 reasons, we request relief from the automatic stay.

3      I declare under penalty of perjury under the laws of the State of California that

4 the foregoing is true and correct.

7 Dated: February 14, 2023

                         Aaron J. Mohamed, Esq.

# Exhibit A

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/10/2019 11:56 AM
Alex Calvo, Clerk
By Deelan Salsedo, Deputy

**GOUGH & HANCOCK LLP**
GAYLE L. GOUGH (SBN 154398)
gayle.gough@ghcounsel.com
SARA N. DUNCAN (SBN 262122)
sara.duncan@ghcounsel.com
Two Embarcadero Center, Suite 640
San Francisco, CA 94111
Telephone: 415-848-8900

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CRUZ

| | |
|---|---|
| CHARLES MAIER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California Corporation, and DOES 1 - 50,<br><br>Defendants. | CASE NO. 18CV01718<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE AND MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: June 18, 2018<br>Trial Date: April 29, 2019<br><br>Date: March 28, 2019<br>Time: 8:30 a.m.<br>Dept: 5<br>Judge: Hon. Paul Burdick<br><br>Filed Herewith: Memorandum of Points and Authorities; Separate Statement of Undisputed Facts; Evidence in Support; Request for Judicial Notice |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in this proceeding on March 28, 2019 at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 5 of the Superior Court of the State of California, County of Santa Cruz, located at 701 Ocean Street, Santa Cruz, CA 95060, Defendant Pacific Gas and Electric Company ("PG&E") will, and hereby does, move the Court for an order entering summary judgment on Plaintiff Charles Maier's (Plaintiff's) complaint in favor of PG&E pursuant to Code of Civil Procedure section 437c. The motion is made on the grounds

-1-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S
NOTICE OF MOTION FOR SUMMARY JUDGMENT

that the undisputed material facts establish that Plaintiff's claims are barred by Civil Code section 1007, which provides that land owned by a public utility and dedicated to a public use is not subject to title by prescription. All of the elements are satisfied in this case and PG&E is entitled to summary judgment as a matter of law.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Separate Statement of Undisputed Material Facts, Evidence in Support of Motion for Summary Judgment, Request for Judicial Notice and all exhibits attached thereto, the pleadings and papers filed in this case, and such other argument and evidence as may be presented to the Court.

DATED: January 10, 2019                         GOUGH & HANCOCK LLP


By: _____
    GAYLE L. GOUGH
    SARA N. DUNCAN
    Attorneys for Defendant
    PACIFIC GAS AND ELECTRIC COMPANY

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Gough & Hancock LLP, Two Embarcadero Center, Suite 640, San Francisco, CA 94111. On January 10, 2019, I served the within document(s):

### DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| ☐ | FACSIMILE – by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date. |
| ☐ | MAIL – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. |
| ☐ | PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below. |
| ☑ | OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via **FEDERAL EXPRESS**. |

| | |
|---|---|
| Brad C. Brereton<br>Aaron J. Mohamed<br>**BRERETON LAW OFFICE**<br>1362 Pacific Avenue, Suite 220<br>Santa Cruz, CA 95060 | Attorney for Plaintiff<br>**CHARLES MAIER**<br>Tel: (831) 429-6391 \| Fax: (831) 459-8298<br>ajm@brereton.law |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 10, 2019, at San Francisco, California.

Jennifer McNeil

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/10/2019 11:56 AM
Alex Calvo, Clerk
By Declan Salsedo, Deputy

1

**GOUGH & HANCOCK LLP**
GAYLE L. GOUGH (SBN 154398)

2
gayle.gough@ghcounsel.com
SARA N. DUNCAN (SBN 262122)

3
sara.duncan@ghcounsel.com
Two Embarcadero Center, Suite 640

4
San Francisco, CA 94111
Telephone: 415-848-8900

5

Attorneys for Defendant

6
PACIFIC GAS AND ELECTRIC COMPANY

7

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
COUNTY OF SANTA CRUZ

10

11
CHARLES MAIER, an individual,

CASE NO. 18CV01718

12
Plaintiff,

**DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S**

13
v.

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF**

14
PACIFIC GAS AND ELECTRIC COMPANY,
a California Corporation, and DOES 1 - 50,

**MOTION FOR SUMMARY JUDGMENT**

15
Defendants.

Complaint Filed: June 18, 2018
Trial Date: April 29, 2019

16

17
Date: March 28, 2019
Time: 8:30 a.m.

18
Dept: 5
Judge: Hon. Paul Burdick

19

20
Filed Herewith: Notice of Motion;
Separate Statement of Undisputed Facts;
Evidence in Support; Request for Judicial

21
Notice

22

23
**I.      INTRODUCTION**

24
        Defendant Pacific Gas and Electric Company ("PG&E") moves for summary judgment

25
on Plaintiff's complaint for declaratory and injunctive relief.  Plaintiff Charles Maier alleges that

26
he obtained a prescriptive easement over the PG&E Araña Substation in the County of Santa

27
Cruz, California.  The Araña Substation delivers electricity to approximately 1,200 members of

28
the public in the Santa Cruz area.  The substation abuts Plaintiff's backyard and includes

-1-

1   enclosed, energized electrical equipment, as well as an unimproved buffer zone adjacent to the

2   equipment.  The unimproved buffer zone is necessary and incidental to the delivery of electricity,

3   serving as an important safety buffer as well as a location for onsite substation meetings,

4   substation storage and potential equipment expansion.  Plaintiff alleges he used the unimproved

5   buffer zone of the Araña Substation for ingress and egress to the backyard of his residential

6   property in an open and hostile manner, under claim of right, for over five years prior to the

7   commencement of this action.

8          Civil Code section 1007 bars Plaintiff's claims in their entirety, providing that property

9   owned by a public utility and dedicated to a public use may never ripen into an easement by

10  prescription.  The Araña Substation is owned and operated by PG&E, an investor-owned public

11  utility for purposes of California law.  The entire Araña Substation, including both the enclosed,

12  energized electrical equipment and the unimproved buffer zone adjacent to the equipment, is

13  dedicated to public use for the delivery of electricity to the public.  PG&E respectfully requests

14  that the Court grant its motion for summary judgment on Plaintiff's complaint.

15  **II.      STATEMENT OF UNDISPUTED FACTS**

16         PG&E is an investor-owned public utility regulated by the California Public Utilities

17  Commission ("CPUC"), providing natural gas and electric service to approximately 16 million

18  people throughout a 70,000-square-mile service area in northern and central California.

19  (*Pegastaff v. Public Utilities* Commission (2015) 236 Cal.App.4th 374, 378; UMF 1.)  PG&E is

20  the owner of record title to the parcel of real property located on Bostwick Lane within the

21  County of Santa Cruz, now designated as Assessor's Parcel Number ("APN") 026-022-05.

22  (County of Santa Cruz Assessor's Map No. 26-02; UMF 2.)[1]  This parcel has functioned as an

23  electric substation known as the Araña Substation since in or around 1952.  (UMF 3.)

24         The Araña Substation is zoned "PF" for "Public and Community Facilities" within the

25  County of Santa Cruz.  (Santa Cruz County Parcel Information Detail Report for APN 026-022-

26

27

28
_____
[1] The County of Santa Cruz Assessor's Map No. 26-02 is attached as Exhibit A to the Request for
Judicial Notice ("RJN") filed herewith.

-2-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

05; Basic Zone Districts – Summary of Uses; UMF 4.)[2]  The Araña Substation serves the public and facilitates PG&E's operation as a public utility by supplying approximately 1,200 customers with electricity.  (UMF 5.)  The parcel contains not only an area of enclosed, energized electrical equipment, but an unimproved buffer zone to the east of the equipment.  (UMF 6.)  The buffer zone of the Araña Substation serves as a safety buffer between the energized electrical equipment and the public.  (UMF 7.)  PG&E utilizes the buffer zone of the Araña Substation for storage and laydown of materials, onsite parking and substation meetings.  (UMF 8.)  The electrical equipment situated at the Araña Substation will expand to the buffer zone when the load in the area increases.  (UMF 9.)

Plaintiff Charles Maier is the current holder of record title to the residential parcel designated as APN 026-022-10, located at 2521 Seventh Avenue in the County of Santa Cruz, California.  (Santa Cruz County Parcel Information Detail Report for APN 026-022-10; Basic Zone Districts – Summary of Uses; UMF 10.)[3]  The backyard of the residential parcel owned by Plaintiff abuts the eastern portion of the unimproved buffer zone of the Araña Substation.  (UMF 11.)  Plaintiff alleges that since he acquired the residential property in 2004, he used the unimproved buffer zone of the Araña Substation to access his backyard.  (UMF 12.)  PG&E received complaints from neighbors regarding trespassing on the unimproved buffer zone of the Araña Substation in or around 2016.  (UMF 13.)  The trespassing was of great concern to PG&E due to safety issues and the possibility of contaminants, as PG&E substations have specific soil requirements.  (UMF 14.)  PG&E constructed a fence around the unimproved buffer zone of the Araña Substation in or around May 2018.  (UMF 15.)  PG&E plans to use the newly secured area to store materials related to repair of electrical equipment at the substation in the first quarter of 2019.  (UMF 16.)

//

[2] The Santa Cruz County Parcel Information Detail Report for APN 026-022-05 is attached as Exhibit B to the RJN filed herewith.  Basic Zone Districts – Summary of Uses by the Santa Cruz Planning Department is attached as Exhibit D to the RJN filed herewith.
[3] The Santa Cruz County Parcel Information Detail Report for APN 026-022-10 is attached as Exhibit C to the RJN filed herewith.  Basic Zone Districts – Summary of Uses by the Santa Cruz Planning Department is attached as Exhibit D to the RJN filed herewith.

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

For purposes of orienting the Court, the Santa Cruz County Assessor's Map depicting both the Araña Substation (APN 026-022-05) and the residential property owned by Plaintiff (APN 026-022-10) is included below.[4]



III. **PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

On June 15, 2018, Plaintiff Charles Maier filed the complaint in this action against Defendant PG&E. Plaintiff alleged three causes of action: (1) declaratory relief; (2) injunctive relief; and (3) private nuisance. Plaintiff agreed to dismiss his third cause of action for private nuisance at the October 12, 2018 Case Management Conference. (Plaintiff's Response to Defendant PG&E's Special Interrogatories, Set One, No. 16, attached as Exhibit K to the Declaration of Sara N. Duncan.)

Plaintiff claims that he obtained a prescriptive easement over the unimproved buffer zone of the Araña Substation, as he used that portion of the parcel for ingress and egress to his residential property, in an open and hostile manner, under claim of right, for over five years prior

---

[4] The County of Santa Cruz Assessor's Map No. 26-02 is attached as Exhibit B to the RJN filed herewith. The text boxes and arrows have been added to provide context.

-4-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

to the commencement of this action. (Complaint, ¶ 9.) Plaintiff alleges that the fencing installed by PG&E in or around May 2018 impedes his access to and use of the unimproved buffer zone of the Araña Substation. (Complaint, ¶ 10.) Plaintiff seeks a declaration establishing his alleged rights in the unimproved buffer zone of the Araña Substation; a preliminary and permanent injunction ordering PG&E to remove all fencing surrounding unimproved buffer zone of the Araña Substation, and enjoining PG&E from all further acts and omissions which interfere with Plaintiff's access to the buffer zone; and damages according to proof, including costs of suit. (Complaint, Relief Sought, ¶¶ 1-5.) PG&E filed an answer, denied Plaintiff's allegations, and asserted that Civil Code section 1007 bars Plaintiff's claims. (Answer, ¶¶ 2-16.)

## IV. LEGAL DISCUSSION

### A. SUMMARY JUDGMENT IS PROPER BECAUSE THERE IS NO TRIABLE ISSUE OF MATERIAL FACT

The Court properly grants summary judgment where there is no disputed question of material fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843; *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 67 [matters at issue determined by pleadings].) "[T]he complaint provides the framework within which to determine the motion" for summary judgment." (*Bro v. Glaser* (1994) 22 Cal.App.4th 1398, 1406.) "The burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability as alleged in the complaint." (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342, emphasis omitted.) The purpose of the summary judgment motion is to expedite litigation by avoiding needless trials and to "penetrate through evasive language and inept pleading and to ascertain the existence or absence of triable issues." (*Chern v. Bank of America* (1976) 15 Cal.3d 866.)

"[A]ll that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action…. [T]he defendant need not himself conclusively negate any such element…." (*Aguilar, supra*, 25 Cal.4th at p. 853.) The burden then shifts to the plaintiff to show the existence of a triable issue of fact with respect to that cause of action. (Code Civ.

-5-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1  Proc., § 437c, subd. (p)(2); *Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261; see also

2  *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780 ["[T]he moving defendant may ...

3  point to the absence of evidence to support the plaintiff's case.  When that is done, the burden

4  shifts to the plaintiff to present evidence showing there is a triable issue of material fact."].)  To

5  carry its burden the non-moving party must "do more than simply show that there is some

6  metaphysical doubt as to the material facts."  (*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

7  *Corp.* (1986) 475 U.S. 574, 586; *Aguilar*, *supra*, 25 Cal.4th at p. 848 [finding that Code Civ.

8  Proc. section 437c was amended to bring California law into conformity with the standards in

9  *Matsushita*.].)

10       PG&E's motion for summary judgment must be granted because the undisputed material

11  facts show that the entire Araña Substation is dedicated to a public use by a public utility.  Such

12  property is not subject to acquisition of title by prescription pursuant to Civil Code section 1007.

13  **B.       CIVIL CODE SECTION 1007 BARS PLAINTIFF'S CLAIMS AGAINST**
14  **       PG&E**

15       The entire Araña Substation is immune from prescription under Civil Code section 1007.

16  In California, a user of land may establish a prescriptive easement by proving that his or her use

17  of another's land was: (1) continuous and uninterrupted for five years; (2) open and notorious;

18  and (3) hostile.  (*Warsaw v. Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564, 570-72;

19  *Felgenhauer v. Soni* (2004) 121 Cal.App.4th 445, 449-50; see also Civ. Code, § 1007; Code Civ.

20  Proc., § 321).  However, under Civil Code section 1007, property owned by a public utility and

21  dedicated to a public use is not subject to acquisition of prescriptive rights.  This statute

22  provides:

23            … *no possession by any person,* firm or corporation *no matter how*
            *long continued of any land,* water, water right, easement, or other
24            property whatsoever *dedicated to a public use by a public utility*, or
            dedicated to or owned by the state or any public entity, *shall ever*
25            *ripen into any title, interest or right against the owner thereof*.

26  (Civ. Code § 1007; emphasis added.)

27       PG&E is a public utility under California law, and the entire Araña Substation is

28  dedicated to a public use for the delivery of electricity to the public.  Plaintiff is not entitled to a

-6-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

prescriptive easement over any portion of the Araña Substation, despite any alleged open, notorious, and hostile use of the unimproved buffer zone for a five-year period. For these reasons, judgment should be entered in favor of PG&E.

### 1. PG&E is a Public Utility Under California Law

PG&E is a public utility under California law. (UMF 1.) Article XII, section 3 of the California Constitution provides the following definition of public utilities:

> *Private corporations* and persons *that own, operate, control, or manage* a line, plant, or system for the transportation of people or property, the transmission of telephone and telegraph messages, or *the production, generation, transmission, or furnishing of heat, light, water, power, storage, or wharfage directly or indirectly to or for the public,* and common carriers, *are public utilities subject to control by the Legislature.* The Legislature may prescribe that additional classes of private corporations or other persons are public utilities. (Emphasis added.)

The statutory definition of a public utility established by the Public Utilities Code is similar: "(a) 'Public utility' includes every … electrical corporation … where the service is performed for, or the commodity is delivered to, the public or any portion thereof." (Pub. Util. Code, § 216, subd. (a).) PG&E, an investor-owned utility regulated by the CPUC which provides natural gas and electric service to approximately 16 million people (UMF 1), clearly meets the definition of a public utility articulated by both the California Constitution and the Public Utilities Code. As such, any property owned by PG&E and dedicated to a public use may not ripen into an easement by prescription.

### 2. The Unimproved Buffer Zone of the Araña Substation is Dedicated to a Public Use

Despite Plaintiff's claims regarding his use of the unimproved buffer zone of the Araña Substation, the entire Araña Substation is dedicated to a public use by PG&E, and therefore no portion of the property may ripen into a prescriptive easement under Civil Code section 1007. It is well-established that land such as the unimproved buffer zone is dedicated to a public use. The "public use" of the unimproved buffer zone is similar to that of property owned by railroads adjacent to tracks and adjoining stations, in that such property is necessary and incidental to the function of the utility. Railroads that perform a service for, or deliver a commodity to, the public

-7-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case 19-30088 Doc# 13511 Filed: 03/14/23 Entered: 03/14/23 15:41:06 Page 14 of 97

or any portion thereof for which any compensation or payment whatsoever is received are also considered public utilities under California law. (See Pub. Util. Code, §§ 211, 216.)

In *Central Pac. Ry. Co. v. Droge* (1915) 171 Cal. 32, 39-40, the California Supreme Court held that an unfenced strip of land owned by a railroad surrounding a fenced railroad track was not subject to adverse possession. While the claimant in *Central Pac. Ry. Co.* alleged that he held possession of the land surrounding the fenced railroad track adversely, under claim of title, uninterruptedly for 41 years prior to the action, and that he had paid the taxes for that period, the Court noted that the entire strip of land owned by the railroad, both the fenced track and the area outside the fencing, was necessary for public use. (*Id*. at p. 41.) Therefore, no portion of the land owned by the railroad and necessary for public use could ripen into any title against the railroad. In a second case, the Court of Appeal noted that Southern Pacific Railroad Company's use of an uncultivated strip adjoining its railroad station as a place to turn freight trucks and other vehicles, and as a means of access to the depot and loading platforms was "a public use" necessary and incidental to its shipping service. (*Churchill v. Kellstrom* (1943) 58 Cal.Ap.2d 84, 88-89.)

Courts also consider the delivery of electricity through facilities owned by a public utility to be a public use in the context of eminent domain. The power of eminent domain may be exercised to acquire property only for a public use. (Cal. Const. art. I § 19.) Investor-owned public utilities such as PG&E have been given the power by the Legislature to exercise eminent domain under Public Utilities Code section 612, which states: "An electrical corporation may condemn any property necessary for the construction and maintenance of its electric plant." Public Utilities Code section 217 defines electrical plant as:

> *[A]ll real estate*, fixtures and personal property *owned, controlled, operated, or managed in connection with or to facilitate the production, generation, transmission, delivery, or furnishing of electricity* for light, heat, or power, and all conduits, ducts, or other devices, materials, apparatus, or property for containing, holding, or carrying conductors used or to be used for the transmission of electricity for light, heat, or power. (Emphasis added.)

-8-
DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Both the energized electrical equipment and unimproved buffer zone of the Araña Substation are real estate owned to facilitate the delivery of electricity and would clearly qualify as a public use for eminent domain purposes.[5]

As evidenced by case law, PG&E is a public utility and the entire Araña Substation is undoubtedly dedicated to a public use. The Araña Substation currently supplies approximately 1,200 of the public with electricity. (UMF 5.) The unimproved buffer zone of the Araña Substation serves not only as a safety buffer between the energized electrical equipment and the public (UMF 7) but is also utilized by PG&E for purposes necessary and incidental to the delivery of electricity, such as lay-down or storage of materials, onsite parking and substation meetings. (UMF 8.) In addition, the electrical equipment on the Araña Substation Property will expand to the unimproved buffer zone when the load in the area increases to a level that necessitates such expansion. (UMF 9.) As both the electrical equipment and the unimproved buffer zone of the Araña Substation are dedicated to a public use, i.e. the provision of electricity to the public, Plaintiff is barred from prescriptive rights to any portion of the Araña Substation under Civil Code section 1007 despite any alleged use of the parcel.

## V. CONCLUSION

The Araña Substation is land owned by a public utility and dedicated to a public use. Such property is not subject to acquisition of title by prescription under Civil Code section 1007, and PG&E is well within its rights to install fencing around the unimproved buffer zone. For these reasons, this motion should be granted, and judgment should be entered in favor of PG&E.

DATED: January 10, 2019                    GOUGH & HANCOCK LLP


By: _____
GAYLE L. GOUGH
SARA N. DUNCAN
Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

---

[5] Courts have also held that an improvement used for the delivery of electricity satisfies the public use requirement for inverse condemnation purposes. (*See Barham v. Southern California Edison Co.* (1999) 74 Cal.App.4th 744, 751.)

-9-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Gough & Hancock LLP, Two Embarcadero Center, Suite 640, San Francisco, CA 94111. On January 10, 2019 I served the within document(s):

**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| ☐ | FACSIMILE – by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date. | |
| ☐ | MAIL – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. | |
| ☐ | PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. | |
| ☐ | ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below. | |
| ☑ | OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via **FEDERAL EXPRESS**. | |

| | |
|---|---|
| Brad C. Brereton<br>Aaron J. Mohamed<br>**BRERETON LAW OFFICE**<br>1362 Pacific Avenue, Suite 220<br>Santa Cruz, CA 95060 | Attorney for Plaintiff<br>**CHARLES MAIER**<br>Tel: (831) 429-6391 \| Fax: (831) 459-8298<br>ajm@brereton.law |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 10, 2019 at San Francisco, California.

_____
Jennifer McNeil

PROOF OF SERVICE

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/10/2019 11:56 AM
Alex Calvo, Clerk
By Declan Salsedo, Deputy

**GOUGH & HANCOCK LLP**
GAYLE L. GOUGH (Bar No. 154398)
gayle.gough@ghcounsel.com
SARA N. DUNCAN (SBN 262122)
sara.duncan@ghcounsel.com
Two Embarcadero Center, Suite 640
San Francisco, CA 94111
Telephone: 415-848-8900

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CRUZ

| | |
|---|---|
| CHARLES MAIER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>a California Corporation, and DOES 1 - 50,<br><br>Defendants. | CASE NO. 18CV01718<br><br>**PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed:   June 18, 2018<br>Trial Date:         April 29, 2019<br><br>Date:   March 28, 2019<br>Time:   8:30 a.m.<br>Dept:   5<br>Judge:  Hon. Paul Burdick<br><br>Filed Herewith: Notice of Motion;<br>Memorandum of Points and Authorities;<br>Evidence in Support; Request for Judicial<br>Notice |

Pursuant to Code of Civil Procedure section 437c, subdivision (b), and California Rules of Court, Rule 3.1350, Defendant Pacific Gas and Electric Company ("PG&E") submits the following separate statement of undisputed material facts in support of its motion for summary judgment, as to the Complaint and each cause of action therein, filed by Plaintiff Charles Maier. The supporting evidence referenced herein is attached as exhibits to PG&E's Evidence in Support of Motion for Summary Judgment and Declaration of Sara N. Duncan submitted

-1-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

herewith.

**UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**

PG&E identifies the following undisputed facts, nos. 1 through 16, in support of PG&E's

request for summary judgment on Plaintiff's complaint and each cause of action therein.

| **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|
| 1. PG&E is an investor-owned public utility regulated by the California Public Utilities Commission ("CPUC"), providing natural gas and electric service to approximately 16 million people throughout a 70,000-square-mile service area in northern and central California.<br><br>**S        E**    : Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶¶ 2, 7, attached to the declaration of Sara N. Duncan as **E        G**; Declaration of Alexandro Soria, ¶ 3; Excerpts from the Deposition of Daniel Waters, taken on December 20, 2018, at pp. 59:25-60:6, attached to the Declaration of Sara N. Duncan as **E        I**. | |
| 2. PG&E is the owner of record title to the parcel of real property located on Bostwick Lane within the County of Santa Cruz, now designated as Assessor's Parcel Number ("APN") 026-022-05<br><br>**S        E**        : 1952 Grant Deed Conveying property to Coast County Gas and Electric, attached to the Declaration of Alexandro Soria as **E        A**; County of Santa Cruz Assessor's Map 26-02, attached as **E        A** to Request for Judicial Notice ("RNJ") and attached to the Declaration of Alexandro Soria as **E        C**; Declaration of Alexandro Soria, ¶¶ 4, 6; Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶ 6, attached to the declaration of Sara N. Duncan as **E G**; Exhibit A to Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, attached to the declaration of Sara N. Duncan as **E        G**. | |

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 3. | This parcel has functioned as an electric substation known as the Araña Substation since in or around 1952.<br><br>**S        E        **: 1953 map maintained in PG&E's records of the Araña Substation property, attached as **E        B** to the Declaration of Alexandro Soria; Declaration of Alexandro Soria, ¶ 5. | |
| 4. | The Araña Substation is zoned "PF" for "Public Facility" within the County of Santa Cruz.<br><br>**S        E        **: Santa Cruz County Parcel Information Detail Report for APN 026-022-05, attached as **E B** to RJN and **E        D** to the Declaration of Alexandro Soria; Basic Zone Districts – Summary of Uses, attached as **E        D** to RJN and **E        F** to the Declaration of Alexandro Soria; Declaration of Alexandro Soria, ¶¶ 7, 9. | |
| 5. | The Araña Substation serves the public and facilitates PG&E's operation as a public utility by supplying approximately 1,200 customers with electricity.<br><br>**S        E        **: Excerpts from the deposition of Daniel Waters, taken on December 20, 2018 at pp. 59:25-60:6 and 62:1-10, attached to the declaration of Sara N. Duncan as **E        I** Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶ 7, attached to the Declaration of Sara N. Duncan as **E        G**. | |
| 6. | The parcel contains not only an area of enclosed, energized electrical equipment, but an unimproved buffer zone to the east of the equipment.<br><br>**S        E        **: Excerpts from the deposition of Daniel Waters taken on December 20, 2018 at pp. 17:10-20; attached to the declaration of Sara N. Duncan as **E        I**; Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶¶ 7,8. | |

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case 19-30088    Doc# 13511    Filed 02/14/23    Entered 02/14/23 15:41:06    Page 20 of 97

| | **MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** |
|---|---|---|
| 7. | The buffer zone of the Araña Substation serves as a safety buffer between the energized electrical equipment and the public.<br><br>**S         E         **: Excerpts from the deposition of Daniel Waters, taken on December 20, 2018 at p. 60:7-17, attached to the declaration of Sara N. Duncan as **E         I.** | |
| 8. | PG&E utilizes the buffer zone of the Araña Substation for storage and laydown of materials, onsite parking and substation meetings.<br><br>**S         E         **: Excerpts from the deposition of Daniel Waters, taken on December 20, 2018 at p. 60:7-17, attached to the declaration of Sara N. Duncan as **E         I.** | |
| 9. | The electrical equipment situated at the Araña Substation will expand to the buffer zone when the load in the area increases.<br><br>**S         E         **: Excerpts from the deposition of Daniel Waters, taken on December 20, 2018 at p. 60:7-17, attached to the declaration of Sara N. Duncan as **E         I.** | |
| 10. | Plaintiff Charles Maier is the current holder of record title to the residential parcel designated as APN 026-022-10, located at 2521 Seventh Avenue in the County of Santa Cruz, California.<br><br>**S         E         **: Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶ 5, attached to the declaration of Sara N. Duncan as **E         G**; Excerpts from the deposition of Plaintiff Charles Maier, taken on December 19, 2018 at p. 21:2-7, attached to the Declaration of Sara N. Duncan as **E         J** Santa Cruz County Parcel Information report for APN 026-022-10, attached as **E         C** to RJN and **E         E** to the Declaration of Alexandro Soria; Basic Zone Districts – Summary of Uses, attached as **E         D** to RJN and **E         F** to the Declaration | |

-4-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF
UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | of Alexandro Soria; Declaration of Alexandro Soria, ¶¶ 8, 9. | |
| 11. | The backyard of the residential parcel owned by Plaintiff abuts the eastern portion of the unimproved buffer zone of the Araña Substation.<br><br>S          E          : Excerpts from the deposition of Plaintiff Charles Maier taken on December 19, 2018 at p. 16:14-16, attached to the Declaration of Sara N. Duncan as E      J  Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶ 8, attached to the declaration of Sara N. Duncan as E          G. | |
| 12. | Plaintiff alleges that since he acquired the residential property in 2004, he used the unimproved buffer zone of the Araña Substation to access his backyard.<br><br>S          E          : Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶¶ 5, 9, attached to the declaration of Sara N. Duncan as E          G. | |
| 13. | PG&E received complaints from neighbors regarding trespassing on the unimproved buffer zone of the Araña Substation in or around 2016.<br><br>S          E          : Excerpts from the deposition of Daniel Waters taken on December 20, 2018 at pp. 17:21-18:7 attached to the declaration of Sara N. Duncan as E          I. | |
| 14. | The trespassing was of great concern to PG&E due to safety issues and the possibility of contaminants, as PG&E substations have specific soil requirements.<br><br>S          E          : Excerpts from the deposition of Daniel Waters, taken on December 20, 2018 at pp. 44:11-45:4 and pp. 64:24-65:10, attached to the declaration of Sara N. Duncan as E          I. | |

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | MOVING PARTY'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 15. | PG&E constructed a fence around the unimproved buffer zone of the Araña Substation in or around May 2018.<br><br>**S        E**        : Plaintiff's Complaint, Santa Cruz County Superior Court Case No. 18CV01718, ¶ 10, attached to the declaration of Sara N. Duncan as **E        G**. | |
| 16. | PG&E plans to use the newly secured area to store materials related to repair of electrical equipment at the substation in the first quarter of 2019.<br><br>**S        E**        : Excerpts from the deposition of Daniel Waters taken on December 20, 2018 at pp. 60:18-61:8, attached to the declaration of Sara N. Duncan as **E        I.** | |

DATED: January 10, 2019                    GOUGH & HANCOCK LLP

By: _____
GAYLE L. GOUGH
SARA N. DUNCAN
Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

-6-

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case: 19-30088    Doc# 13511    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 23 of 97

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Gough & Hancock LLP, Two Embarcadero Center, Suite 640, San Francisco, CA 94111. On January 10, 2019, I served the within document(s):

### PACIFIC GAS AND ELECTRIC COMPANY'S
### SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| ☐ | FACSIMILE – by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date. |
| ☐ | MAIL – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. |
| ☐ | PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below. |
| ☑ | OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via **FEDERAL EXPRESS**. |

| | |
|---|---|
| Brad C. Brereton<br>Aaron J. Mohamed<br>**BRERETON LAW OFFICE**<br>1362 Pacific Avenue, Suite 220<br>Santa Cruz, CA 95060 | Attorney for Plaintiff<br>**CHARLES MAIER**<br>Tel: (831) 429-6391 \| Fax: (831) 459-8298<br>ajm@brereton.law |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 10, 2019, at San Francisco, California.

Jennifer McNeil

PROOF OF SERVICE

# Exhibit B

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

1   BRAD C. BRERETON (SBN 111266)
    AARON J. MOHAMED (SBN 245915)
2   **BRERETON LAW OFFICE**
    1362 Pacific Avenue, Suite 220
3   Santa Cruz, CA 95060
    Tel: (831) 429-6391
4   Fax: (831) 459-8298
    ajm@brereton.law
5
    Attorney for Plaintiff
6   CHARLES MAIER

7           THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SANTA CRUZ

9                   UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,          CASE NO. 18CV01718

11                  Plaintiff.
                                           **PLAINTIFF CHARLES MAIER'S**
12  v.                                     **NOTICE OF MOTION AND MOTION**
                                           **FOR SUMMARY JUDGMENT OR IN**
13  PACIFIC GAS AND ELECTRIC               **THE ALTERNATIVE SUMMARY**
    COMPANY, a California Corporation, and **ADJUDICATION**
14  DOES 1-50,
                                           Date: March 28, 2019
15                  Defendants.            Time: 8:30am
                                           Dept: 5
16

17

18          NOTICE IS HEREBY GIVEN that at the above stated date and time, or as soon

19  thereafter as this matter may be heard in Department 5 of this court, Plaintiff Charles

20  Maier will and hereby does move this court, pursuant to California Code of Civil

21  Procedure sections 437(c) and 437(f)  for an order granting Summary Judgment or in

22  the alternative, Summary Adjudication in favor of Plaintiff and against Defendant Pacific

23  Gas and Electric Company.  This motion is made on the grounds that there are no

24  material facts in dispute and Plaintiff is entitled to Judgment as a matter of law.

25

26  Date: _1-11-19_

27                                         BERERTON LAW OFFICE, APC
                                           By: Aaron J. Mohamed
28                                         Attorney for Plaintiff Charles Maier

                                    1

---

Plaintiff Charles Maier's Notice of Motion and Motion for Summary Judgment or in the Alternative
Summary Adjudication

BRAD C. BRERETON (SBN 111266)
AARON J. MOHAMED (SBN 245915)
**BRERETON LAW OFFICE**
1362 Pacific Avenue, Suite 220
Santa Cruz, CA 95060
Tel: (831) 429-6391
Fax: (831) 459-8298
ajm@brereton.law

Attorney for Plaintiff
CHARLES MAIER

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLES MAIER, an individual, <br><br> Plaintiff. <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, a California Corporation, and DOES 1-50, <br><br> Defendants. | CASE NO. 18CV01718 <br><br> **PLAINTIFF CHARLES MAIER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION** <br><br> Date: March 28, 2019 <br> Time: 8:30am <br> Dept: 5 |

Plaintiff Charles Maier hereby submits this Memorandum of Points and

Authorities supporting his Motion for Summary Judgment or in the alternative Summary

Adjudication before the court.

///
///
///
///
///
///
///
///

# **TABLE OF CONTENTS**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       STANDARD OF SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . 5

       PLAINTIFF IS ENTITLED TO A PRESCRIPTIVE \
       EASEMENT OVER THE PG&E PROPERTY . . . . . . . . . . . . . . . . . . . 5

       BECAUSE PG&E HAS NOT DEDICATED THE \
       EASEMENT AREA TO A PUBLIC USE, \
       CIVIL CODE SECTION 10007 DOES NOT APPLY. . . . . . . . . . . . . . . 8

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

-i-

## TABLE OF AUTHORITIES

**CASES:**

*Aaron v. Dunham* (2006)
137 Cal.App.4th 1244 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Aguilar v. Atlantic Richfield Co. (2001)
25 Cal.4th 826 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Automobile Antitrust Cases I and II* (2016)
1 Cal.App.5th 127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Connolly v. McDermott* (1984) 162
Cal.App.3d 973 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Felgenhauer v. Soni* (2004)
121 C.A. 4th 445. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Gion v. City of Santa Cruz* (1970)
2 Cal.3d 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Hails v. Martz* (1946)
28 Cal.2d 775 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Harrison v. Bouris* (1956)
139 Cal.App.2d 170. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Palos Verdes Corp. v. Housing Authority* (1962)
202 C.A.2d 827 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*People v. Sayig* (1951)
101 Cal.App.2d 890 at p. 896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Scher v. Burke* (2017)
3 Cal.5th 136 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sylva v. Kuck* (1966)
240 Cal.App.2d 127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Twin Peaks Land Co. v. Briggs* (1982)
130 Cal.App.3d 587 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Union Trans. Co. v. Sacramento* (1954)
42 C.2d 235 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Weideman v. Staheli* (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
88 Cal.App.2d 613

*Zimmer v. Dykstra* (1974)
39 C.A.3d 422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Zunino v. Gabriel* (1960)
182 C.A.2d 613 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Case: 19-30088    Doc# 13511    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 29
of 97

**CALIFORNIA CODES & STATUTES:**

California Civil Code § 1007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9, 10

Code Civ. Proc., § 437c, subd. C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Code Civ. Proc., § 437f, subds. (1),(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Civil Code section 1009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.   INTRODUCTION

This is a simple prescriptive easement case, the facts of which are not in dispute. Plaintiff Charles Maier has been the owner of real property located on 7th Avenue in the City of Santa Cruz since 2004. Defendant Pacific Gas and Electric Company has been the owner of real property located on Bostwick Lane in the City of Santa Cruz since the 1950s. The two properties share a common boundary.

Since Plaintiff became the owner of his property, he has regularly used a portion of Defendant's property for parking and access to his back yard. Such use has been continuous, in an open and notorious manner, under claim of right, for over five years. Defendant does not genuinely dispute the fact of Plaintiff's use of their property.

In 2016, Defendant received complaints from a neighbor about local use of the disputed property. Therefore Defendant determined to fence off the disputed portion of its property and close it to all further use by Plaintiff, or any other members of the public. Plaintiff filed this action, seeking to confirm his right to use of the property.

It is anticipated that Defendant will claim that their property is immune from claims of prescription under Civil Code section 1007, which states that property dedicated to a public use by a public utility is immune from prescription. However, Defendant misapplies this statute, and there is no evidence that the property in question has been dedicated to a public use. Therefore Civil Code 1007 does not apply. Even if the property in question were dedicated to a public use, *such dedication should actually prevent Defendant from denying access to the public, not allow them to exclude the public.* Either way Plaintiff must prevail on his claims and be given access to use the disputed section of Defendant's property.

There are no disputed issues of material fact herein. Plaintiff's use of Defendant's property meets the standards for recognition of a prescriptive easement over Defendant's property. Therefore the Court must grant Summary Judgment.

/ / /

1

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088   Doc# 1351   Filed: 02/14/23   Entered: 02/14/23 15:41:06   Page 31 of 97

## II.   FACTUAL SUMMARY

### A.   Identity of Real Property in Dispute

The properties in question are two parcels near the "midtown" area of the City of Santa Cruz (Complaint, ¶7-8).  Plaintiff Charles Maier is current holder of record title to that parcel of real property commonly known as 2521 7th Avenue, Santa Cruz, California 95062, with Accessor's Parcel Number 026-022-10 (the "Maier Property").  (Statement of Undisputed Material Facts ("SUMF") 1).  Plaintiff has owned the Maier Property since 2004.  (*Id.*)  Defendant Pacific Gas and Electric Company ("PG&E") is the current holder of record title to that parcel of real property located on Bostwick Lane, Santa Cruz, California 95062, with Accessor's Parcel Number 026-22-05 (the "PG&E Property").  (SUMF 2).  Defendant, through a predecessor entity, acquired the PG&E Property via grant deed in 1952.  (SUMF 3).

The Maier Property and the PG&E Property are situated very close to one another and share a common boundary.  (SUMF 2, 5).  The Maier Property is located just around the 7th / Bostwick corner from the PG&E Property; the North-East boundary of the PG&E Property touches the South-West boundary of the Maier Property (SUMF 4-7).  Approximately one half of the PG&E Property (the western portion) has been surrounded by walls and fencing for many years.  (SUMF 6).  This portion houses an electrical substation known as the Arana Substation.  (SUMF 4).  The disputed portion of the PG&E Property is the other half of it - the eastern portion of the PG&E Property (the "Easement Area").  (SUMF 4-5, 7).  The Easement Area is undeveloped and contains no electrical equipment or other PG&E property.  (SUMF 4-5).  The Easement Area does contain several large trees but otherwise appears as a vacant lot, having been used by Plaintiff and other members of the public since time immemorial.  (SUMF 5, 9-12).

///

///

2

Case: 19-30088    Doc# 13510    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 32 of 97

## B. History of Plaintiff's Use of the Easement Area

When Plaintiff purchased the Maier Property, the Easement Area was largely overgrown and unused. (SUMF 10). PG&E has claimed that they were only obligated to maintain "four feet" from the walls of the substation. (SUMF 10). Plaintiff spent time and resources clearing out vegetation from the Easement Area so that it could be used to access his backyard. (SUMF 10). Since Plaintiff purchased the Maier Property in 2004 he and his agents have continually used the Easement Area to access the backyard of the Maier Property. (SUMF 10-12, 15-17). The manner and scope of use has varied since 2004, but it was continuous until the Easement Area was fenced off by Defendant. (SUMF 11-12). Plaintiff used the Easement Area to park vehicles, store personal property, and for ingress and egress into his backyard. (SUMF 12). Further, other neighbors to the parcels in question used the Easement Area for storage, parking, and for access to the rear of their properties. (SUMF 11, 17). Neighbors to the Easement Area previously installed play equipment onto the Easement Area (including a tree-house and tire-swing) and neighborhood children would play in the Easement Area on a regular basis. (SUMF 9).

In 2011, Plaintiff converted the Maier Property into a rental unit and moved out. (SUMF 15). However, Plaintiff continued to regularly use the Easement Area in order to access the backyard of the Maier Property for storage and access to personal property. (SUMF 16). Plaintiff's rental tenants at the Maier Property also continuously used the Easement Area until it was fenced off by Defendant (SUMF 17).

## C. Defendant's Treatment of the Easement Area

Plaintiff never received nor did Defendant ever offer Plaintiff permission to use the Easement Area. (SUMF 13). In fact, at all times since Plaintiff has owned the Maier Property, Defendant has maintained a sign displayed prominently at the edge of the Easement Area which reads "Public Parking Prohibited." (SUMF 8). Further, PG&E representatives repeatedly told Plaintiff to cease and desist using the Easement Area (SUMF 14).

3

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 1351    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 33 of 97

In or around 2016, PG&E responded to complaints from a neighbor about the continued use of the Easement Area. (SUMF 18). PG&E went through an internal process to address this issue. (SUMF 19) During part of that process, Plaintiff requested that he be able to rent the Easement Area from PG&E, and be given access via a gate installed in the new fence. (SUMF 19-20). PG&E representatives even provided Plaintiff with a form which *they* completed, requesting a lease over the Easement Area. (SUMF 20) However, PG&E ultimately determined not to lease the Easement Area to Plaintiff. (SUMF 21) Rather, Defendant decided to fence off the Easement Area and prevent Plaintiff's use, as well as any public access to the Easement Area. (SUMF 21).

## III.  LEGAL ANALYSIS

### A.  Standard for Summary Judgment

"A trial court *must* grant a motion for summary judgment 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (*In re Automobile Antitrust Cases I and II* (2016) 1 Cal.App.5th 127 at p. 150, emphasis added, citing Code Civ. Proc., § 437c, subd. (c)).

"A party may move for summary adjudication as to one or more causes of action within an action ... [a] motion for summary adjudication may be made my itself ... and shall proceed in all procedural respects as a motion for summary judgment." (Code Civ. Proc., § 437f, subds. (1),(2)).

"In moving for summary judgment, a 'plaintiff ... has met' his 'burden of showing that there is no defense to a cause of action if' he 'has proved each element of the cause of action entitling' him 'to judgment on that cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 ("*Aguilar*") at p. 849, citing  Code Civ. Proc., § 437c, subd. (p)(1)).

Once the plaintiff has met his burden, the burden shifts to the defendant to show that a triable issue of one or more material facts exists as to that cause of action or a

4

defense thereto. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th 826 at p. 849)  The defendant may not rely upon the mere allegations or denials of his pleadings to show that a triable issue of material facts exists but instead must set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto. (*Ibid*).

Here there are no triable issues of material fact as to Plaintiff's cause of action, nor to Defendant's affirmative defense of Civil Code section 1007.  Plaintiff is entitled to judgment as a matter of law.

## B.   Plaintiff is Entitled to a Prescriptive Easement over the PG&E Property

Plaintiff is entitled to a prescriptive easement over the Easement Area portion of the PG&E Property.  Plaintiff has evinced all of the necessary elements for a claim for prescription - continuous, open and notorious use, for a period of over five years, under claim of right.  The fact of Plaintiff's use is not disputed.  Therefore Plaintiff is entitled to a prescriptive easement over the PG&E property.

"To acquire an easement by prescription one must prove actual, open, notorious, continuous and peaceable use for the statutory period" (*Sylva v. Kuck* (1966) 240 Cal.App.2d 127 at p. 133 - [finding all elements of prescription for roadway used by neighbor]. *See also Zunino v. Gabriel* (1960) 182 C.A.2d 613 [finding prescriptive right to use of road for purposes of traversing neighboring property]; *Zimmer v. Dykstra* (1974) 39 C.A.3d 422 [finding all elements - granting prescriptive right to use nondedicated alley]; *Twin Peaks Land Co. v. Briggs* (1982) 130 Cal.App.3d 587 [finding all elements - granting prescriptive right to use of roadway]).

"[T]he two broad elements required to create a prescriptive easement are (1) an adverse use for (2) the five-year prescriptive period. [Civ.Code, § 1007; Code Civ.Proc., § 321.]" (*Zimmer v. Dykstra, supra*, 39 C.A.3d 422 at p.428).

/ / /

/ / /

5

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 1351    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 35 of 97

### i. Plaintiff Used the PG&E Property Continuously, for Over Five Years

Plaintiff used the Easement Area of the PG&E Property continuously for over five years. Therefore Plaintiff meets this requirement for establishing a prescriptive right.

'A use may be continuous (emphasis added) though there are periods of time more or less extended between the specific acts of use. Many easements, such as rights of way and rights of hunting or fishing, which are periodical or only occasional in use may be acquired by prescription. The requirement means that there be no break in the essential attitude of mind required for adverse use rather than that the use be constant.' (*Zimmer v. Dykstra, supra,* 39 Cal.App.3d 422 at p. 432; *See also Weideman v. Staheli* (1948) 88 Cal.App.2d 613 [occasional use sufficient to qualify as "continuous"]; *Harrison v. Bouris* (1956) 139 Cal.App.2d 170 [use of road no less than 10 times per year qualifies as "continuous"]).

Here, Plaintiff used the PG&E property from approximately 2004, when he moved into the property, through 2011 when he leased it, and even afterwards, as he would continue to store goods in the back yard of the property and continue to access said storage via the Easement Area. Further, Plaintiff's agents (his rental tenants) also continued to use the Easement Area for the same purposes; storage, parking, ingress and egress. Neighborhood children continued to play in the tree house and on the tire swing. The photographic evidence is replete with photos of the Easement Area in use by neighbors to the PG&E Property. There was never a "break in the essential attitude of mind" regarding Plaintiff or his agents' use of the Easement Area. Even when challenged by representatives of PG&E, Plaintiff continued to make use of the Easement Area. Plaintiff's use from 2004 through 2011 qualifies for prescriptive rights. Plaintiff's use after renting the Property from 2011 through 2018 qualifies as well. Use of the Easement Area by Plaintiff's tenants further qualifies. There is no meaningful dispute as to Plaintiff's continuous use of the Easement Area for over five years.

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 13511    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 36 of 97

Based on the foregoing, Plaintiff has made continuous use of the Easement Area for a period in excess of five years. Therefore he is entitled to prescriptive easement over the Easement Area.

### ii. Plaintiff's use of the PG&E Property has been open and notorious

Plaintiff's use of the PG&E Property was open and notorious. Therefore Plaintiff meets this requirement for establishing a prescriptive right.

Use of property is "open and notorious" when it provides actual or constructive notice to the owner that the property is being used. (*Connolly v. McDermott* (1984) 162 Cal.App.3d 973 at p. 977 - [upholding prescriptive claim over mountain road]; *See also Hails v. Martz* (1946) 28 Cal.2d 775 - [reversing the denial of a prescription claim for diversion of water over Defendant's property]).

Here, the use by Plaintiff was clear for all to see. It is not disputed that Plaintiff, his agents, as well as other locals used the Easement Area on a regular basis. The record is replete with photographs of the Easement Area containing vehicles belonging to various private parties, as well as other items of a personal nature being stored on the Easement Area, as well as an established tree house and tire swing, visible to all. Plaintiff has provided three witness declarations speaking to the regularity of his use. It was for common, everyday purposes and in no way hidden from Defendant. This is open and notorious use, qualifying for prescriptive rights.

Based on the foregoing, Plaintiff's use of the Easement Area was open and notorious and qualifies for prescriptive rights.

### iii. Plaintiff's Use of the Easement Area Was Hostile and Under Claim of Right.

Plaintiff's use of the Easement Area was hostile and under claim of right. Therefore Plaintiff meets this requirement for establishing a prescriptive right.

"Claim of right does not require belief or claim that use is legally justified, but rather ir requires property to be used without permission of landowner." (*Felgenhauer v.*

7

*Soni* (2004) 121 C.A. 4th 445 at p. 450 - [upholding prescriptive claim without claimant belief that use was legally justified]). "Hostile means adverse to the interests of the landowner." (*Aaron v. Dunham* (2006) 137 Cal.App.4th 1244 at p. 1249 - [affirming prescriptive claim where no permission by landowner was given for use]).

Here, the undisputed material facts establish that PG&E never gave permission for Plaintiff to use the property. In fact, PG&E instructed Plaintiff on multiple occasions to cease from using the property. Further, PG&E maintained a "Public Parking Prohibited" sign at the front of the property, seeking to prevent members of the public from using the Easement Area (which they did anyway). By the same token, Plaintiff's use of the Easement Area was hostile. PG&E was the landowner and could have maintained a trespass action against Plaintiff based on his undisputed use of the property. Therefore the undisputed material facts establish that Plaintiff's use of the PG&E property was hostile, and under claim of right.

Based on the foregoing, Plaintiff has demonstrated that he is entitled to a prescriptive easement over the Easement Area. He has made continuous, open and notorious, hostile use under claim of right to the Easement Area for over five years. The material facts establish this use and are not in dispute. Therefore the Court should grant Summary Judgment in favor of Plaintiff and enjoin Defendant from fencing off the Easement Area.

## C. Because PG&E Has Not Dedicated the Easement Area to a Public Use, Civil Code Section 1007 Does Not Apply.

Defendants have raised California Civil Code section 1007 as an affirmative defense to Plaintiff's claims herein. Civil Code 1007 states that prescriptive rights do not accumulate against property which is dedicated to a public use by a public utility. In this case, there is no evidence that the Easement Area has been dedicated to any use whatsoever, let alone a public use. Therefore Civil Code section 1007 does not apply and the court should rule for Plaintiff.

/ / /

8

"Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all, but no possession by any person, firm or corporation no matter how long continued of any land, water, water right, easement, or other property whatsoever *dedicated to a public use by a public utility*, or dedicated to or owned by the state or any public entity, shall ever ripen into any title, interest or right against the owner thereof." (Civil Code § 1007, *emphasis added*).

### i.    The Easement Area is Not Dedicated to a Public Use

PG&E's anticipated defense is the Easement Area is immune from prescription claims under Civil Code section 1007. However, in order for this statute to apply, it requires that the Easement Area be dedicated to a public use. There is absolutely no evidence that the Easement Area has been dedicated to a public use.

"Under the common law, a dedication may be made either expressly or by implication." (*Scher v. Burke* (2017) 3 Cal.5th 136 at p. 141). There is neither explicit nor implicit dedication in this case.

### a.    The Easement Area is Not Explicitly Dedicated to a Public Use

There is no evidence that the Easement Area was explicitly dedicated to a public use.

Explicit dedication "requires an intent on the part of the owner to dedicate and acceptance by the public". (*Palos Verdes Corp. v. Housing Authority* (1962) 202 C.A.2d 827 - [finding no dedication where deed did not unequivocally voice intent do dedicate]).

"Dedication has been described as 'a voluntary transfer of an interest in land (which) partakes both of a nature of a grant and of gift, and is governed by the fundamental principles which control, such transactions." (*Union Trans. Co. v. Sacramento* (1954) 42 C.2d 235 at p. 240 - [finding no dedication of a bridge to a County body without formal necessities]). "Essential to such a dedication are an offer by the owner of the land, clearly and unequivocally indicated by his words or acts, to

9

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 13511    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 39 of 97

dedicate the land to a public use and an acceptance by the public of the offer". (*Id.* at p. 240).

Here, there is no evidence whatsoever of dedication. In responses to written discovery, Defendant produced only the 1952 Grant Deed as a document which supports their contention that the property is dedicated to a public use. The 1952 Grant Deed conveys the PG&E Property, from private party Cecil and Alice Searle to Coast Counties Gas and Electric Company, a predecessor entity of PG&E. This deed contains no mention of any dedication whatsoever. The record does not contain any other dedication deed or instrument of any kind. There is no public recognition of such a document. There is no dedication in this case.

> ### b. The Easement Area is Not Implicitly Dedicated to a Public Use

There is no evidence of implied dedication.

"In order to constitute such dedication, or such abandonment, by the owner, his intention to that effect must appear. Such intent need not be manifested by any contract, writing, or express declaration of the owner. *It may be implied from his conduct.*" (*People v. Sayig* (1951) 101 Cal.App.2d 890 at p. 896, *emphasis added*).

"Whether a dedication of land...has occurred in any instance is a conclusion of fact to be drawn from the circumstances of the particular case; that *such circumstances must clearly show an unequivocal intention*, manifested by appropriate words or conduct, or both, on the part of the owner, to devote his land to the wayfaring uses of that somewhat vague entity called 'the public.'" (*Ibid.*, at pp. 896-897).

"Litigants seeking to establish dedication to the public must show that various groups of persons have used the land for if only a limited and definable number of persons have used the land, those persons may be able to claim a personal easement but not dedication to the public." (*Gion v. City of Santa Cruz* (1970) 2 Cal.3d 29 at p. 39).

///

*Gion v City of Santa Cruz, supra,* was superceded by the passing of Civil Code section 1009 in 1972. Indeed, Civil Code section 1009 substantially limits what can qualify as public dedication:

> *"(b) Regardless of whether or not a private owner of real property has recorded a notice of consent to use of any particular property ... no use of such property by the public after the effective date of this section shall ever ripen to confer upon the public or any governmental body or unit a vested right to continue to make such use permanently, in the absence of an express written irrevocable offer of dedication of such property to such use"*

(Civil Code § 1009).

Here, there is no evidence of implied intent to dedicate the Easement Area to a public use. PG&E has only used the western half of the PG&E Property as an electrical substation. This is a walled off and fenced off portion of the property which is not accessible to the public at all. As to the Easement Area portion of the property, to the extent that PG&E has considered it whatsoever, it has been to keep the public out, not to dedicate it to a public use. PG&E has maintained a "NO PUBLIC PARKING" sign on the Easement Area for many years, and PG&E representative instructed Plaintiff to stop using the Easement Area on several occasions. PG&E allowed the Easement Area to become overgrown and untended, even claiming that they were only obligated to maintain "four feet" around the edge of the substation.

PG&E has nullified any claim that they have dedicated the Easement Area to public use by their latest action - fencing the area off to the public. It is directly contradictory to the notion of public use that PG&E now excludes the public from using the Easement Area.

Therefore it is beyond question that the Easement Area is not dedicated to a public use.

/ / /

11

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088   Doc# 13511   Filed: 02/14/23   Entered: 02/14/23 15:41:06   Page 41 of 97

## IV.    CONCLUSION

The court should grant Summary Judgment in favor of Plaintiff and against Defendant. There are no material facts in dispute. The undisputed material facts establish that Plaintiff has used the Easement Area continuously for over five years, in an open and notorious way, under claim of right. Therefore Plaintiff is entitled to a prescriptive easement over the Easement Area. Further, the undisputed material facts establish that Defendant did not dedicate the Easement Area to a public use, either explicitly or implicitly. Therefore Civil Code section 1007 does not apply.

For the foregoing reasons, the court should grant Summary Judgment in favor of Plaintiff and against Defendant.

Respectfully Submitted,

Date: _1-11-19_

BRERETON LAW OFFICE, APC
By: Aaron J. Mohamed
Attorney for Plaintiff Charles Maier

12

Plaintiff Charles Maier's Memorandum of Points and Authorities in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 1351    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 42 of 97

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

1  BRAD C. BRERETON (SBN 111266)
   AARON J. MOHAMED (SBN 245915)
2  **BRERETON LAW OFFICE**
   1362 Pacific Avenue, Suite 220
3  Santa Cruz, CA 95060
   Tel: (831) 429-6391
4  Fax: (831) 459-8298
   ajm@brereton.law
5
   Attorney for Plaintiff
6  CHARLES MAIER

7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             IN AND FOR THE COUNTY OF SANTA CRUZ

9                    UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,          CASE NO. 18CV01718

11                  Plaintiff.            **PLAINTIFF CHARLES MAIER'S**
                                          **SEPARATE STATEMENT OF**
12  v.                                    **MATERIAL FACTS IN SUPPORT OF**
                                          **MOTION FOR SUMMARY JUDGMENT**
13  PACIFIC GAS AND ELECTRIC              **OR IN THE ALTERNATIVE SUMMARY**
    COMPANY, a California Corporation, and **ADJUDICATION**
14  DOES 1-50,
                                          Date: March 28, 2019
15                  Defendants.           Time: 8:30 am
                                          Dept: 5
16

17

18

19

20

21                                        Respectfully submitted,

22

23  Date: _1-11-19_

24                                        BRERETON LAW OFFICE, APC
                                          By: Aaron J. Mohamed
25                                        Attorney for Plaintiff Charles Maier

26

27

28

                                    1

Plaintiff Charles Maier's Separate Statement of Material Facts in Support of Motion for Summary
Judgment or in the Alternative Summary Adjudication

Case: 19-30088   Doc# 13571   Filed: 02/14/23   Entered: 02/14/23 15:41:00   Page 43 of 97

# UNDISPUTED MATERIAL FACTS SUPPORTING SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
| --- | --- |
| 1. Plaintiff Charles Maier is holder of record title to the property commonly known as 2521 7th Ave., Santa Cruz, California 95062 (the "Maier Property"). Plaintiff has owned the Maier Property since 2004.<br><br>(Declaration of Charles Maier ¶2). | |
| 2. Defendant Pacific Gas and Electric Company is the holder of record title to property directly west of and bordering the Maier Property with Assessor's Parcel Number (the "PG&E Property").<br><br>(Defendant PG&E's Responses to Form Interrogatories, Set One, Page 4, Lines 22-24 [Exhibit A to Declaration of Aaron Mohamed]). | |
| 3. In 1952, Cecil and Alice Searle granted the PG&E Property to Coast Counties Gas and Electric Company, a predecessor entity to PG&E.<br><br>(Defendant PG&E's Responses to Form Interrogatories, Set One, Page 4, Lines 22-24). | |
| 4. The PG&E Property contains an electrical substation (the "Arana Substation") on the western half of the PG&E Property.<br><br>(Deposition of Defendant's Person Most Knowledgeable Page 17 [Exhibit C to Declaration of Aaron Mohamed], Declaration of Charles Maier, Exhibit A). | |

2

Plaintiff Charles Maier's Separate Statement of Material Facts in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088   Doc# 14922-25   Filed: 05/14/25   Entered: 05/14/25   Page 44 of 97

| | |
|---|---|
| 5.  The eastern half of the PG&E Property is undeveloped and contains at least two trees (the "Easement Area").  It contains no PG&E property or electrical equipment. This portion of the PG&E Property shares it's east/west border with the Maier property.<br><br>(Deposition of Defendant's Person Most Knowledgeable, Page 17, Declaration of Charles Maier, Exhibit A). | |
| 6.  Since at least 2004, the electrical substation portion of the PG&E Property has been enclosed on all sides.<br><br>(Deposition of Defendant's Person Most Knowledgeable, Page 17, Declaration of Charles Maier, Exhibit A). | |
| 7.  Until approximately March 2018, the Easement Area was unfenced and accessible directly from Bostwick Ave.<br><br>(Deposition of Defendant's Person Most Knowledgeable, Page 17, Declaration of Charles Maier, ¶¶8,9,14, Exhibit A) | |
| 8.  Since at least 2004, PG&E maintained a sign on the Easement Area, which stated "PUBLIC PARKING PROHIBITED."<br><br>(Declaration of Charles Maier, ¶ 11, Exhibit A, Declaration of Nathan Carroll ¶ 8) | |
| 9.  For many years, the Easement Area contained a tree-house, a tire-swing, and periodically other play equipment.<br><br>(Declaration of Scott Vitali, ¶ 7, Declaration of Nathan Carroll, ¶ 4, Declaration of Charles Maier Exhibit A) | |

3

| | |
|---|---|
| 10. When Plaintiff purchased the Maier Property in 2004, the Easement Area was overgrown and not in use. Defendant only maintained four feet around the walls of the substation. Plaintiff spent time clearing and maintaining the Easement Area so that he could use it for ingress, egress, and parking.<br><br>(Declaration of Charles Maier, ¶ 8 Declaration of Scott Vitali, ¶ 5-6). | |
| 11. Since at least 2004, local individuals would used the Easement Area for parking, ingress and egress, and other uses.<br><br>(Declaration of Charles Maier ¶s 9-10, Exhibit A, Declaration of Nathan Carroll ¶ 4, Declaration of Scott Vitali, ¶ 6). | |
| 12. Since at least 2004, Plaintiff Charles Maier regularly used the Easement Area for parking, ingress and egress, and other uses.<br><br>(Declaration of Charles Maier ¶s 9-10, Exhibit A, Declaration of Nathan Carroll ¶ 4, Declaration of Scott Vitali, ¶ 6). | |
| 13. Defendant PG&E never gave Plaintiff Charles Maier permission to use the Easement Area for any purpose.<br><br>(Declaration of Charles Maier, ¶ 3, Declaration of Nathan Carroll, ¶ 8 Deposition of Defendant's Person Most Knowledgeable, Page 36). | |

4

Plaintiff Charles Maier's Separate Statement of Material Facts in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

| | |
|---|---|
| 14. On multiple occasions, Defendant's employee Dennis Ben instructed Plaintiff Charles Maier not to make use of the Easement Area.<br><br>(Declaration of Charles Maier, ¶ 3). | |
| 15. Plaintiff Charles Maier lived at the Maier Property until around 2011, whereupon he moved to another home and began renting the Maier Property to third parties.<br><br>(Declaration of Charles Maier, ¶ 9) | |
| 16. Even after renting the Maier Property to third parties, Plaintiff continued to use the Easement Area as he had in the past.<br><br>(Declaration of Charles Maier, ¶ 10, Declaration of Nathan Carroll, ¶ 7). | |
| 17. Plaintiff's rental tenants also continued to use the Easement Area for ingress, egress, and parking purposes.<br><br>(Declaration of Charles Maier, ¶ 10, Declaration of Nathan Carroll, ¶ 7). | |
| 18. In or around 2016, a neighbor complaint to Defendant PG&E about use of the Easement Area by local parties.<br><br>(Declaration of Charles Maier, ¶ 12, Deposition of Defendant's Person Most Knowledgeable [Daniel Waters] Pages 25-26) | |
| 19. After receiving the neighbor complaints, PG&E representative Alex Soria informed Plaintiff Charles Maier that PG&E intended to fence off the Easement Area.<br><br>(Declaration of Charles Maier, ¶ 12) | |

5

Plaintiff Charles Maier's Separate Statement of Material Facts in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication

Case: 19-30088    Doc# 13931    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 47 of 97

| | |
|---|---|
| 20. Plaintiff told Mr. Soria that he would like continued access to the Easement Area. Mr. Soria informed Mr. Maier that he believed Mr. Maier would be allowed to lease the property from PG&E, and advised that Mr. Maier fill out a "request to use PG&E Property" form<br><br>(Declaration of Charles Maier, ¶ 13, Exhibit B). | |
| 21. Mr. Soria later informed Plaintiff that PG&E had determined not to lease the property to him, and was proceeding with fencing off the property. PG&E ultimately fenced off the property in around May, 2018.<br><br>(Declaration of Charles Maier, ¶ 14, Exhibit A). | |

6

1  BRAD C. BRERETON (SBN 111266)
   AARON J. MOHAMED (SBN 245915)
2  **BRERETON LAW OFFICE**
   1362 Pacific Avenue, Suite 220
3  Santa Cruz, CA 95060
   Tel: (831) 429-6391
4  Fax: (831) 459-8298
   ajm@brereton.law
5
   Attorney for Plaintiff
6  CHARLES MAIER

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

7            THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SANTA CRUZ

9                      UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,          CASE NO.

11                Plaintiff.               **DECLARATION OF AARON
                                           MOHAMED IN SUPPORT OF
12  v.                                     PLAINTIFF'S MOTION FOR
                                           SUMMARY JUDGMENT**
13  PACIFIC GAS AND ELECTRIC
    COMPANY, a California Corporation, and Date: March 28, 2019
14  DOES 1-50,                             Time: 8:30 am
                                           Dept: 5
15                Defendants.

16

17

18

19
    I, Aaron J. Mohamed, hereby declare as follows:
20
        1.    I am counsel for Plaintiff Charles Maier in this action. I have personal
21
    knowledge of the matters set forth in this declaration. As to those matters stated on
22
    information and belief I am informed and believe them to be true. If called to testify
23
    regarding these matters, I could do so competently.
24
        2.    On October 31, 2018, Defendant PG&E served responses to Plaintiff's
25
    First Set Form Interrogatories. A true and correct copy of a portion of those responses
26
    is attached hereto as Exhibit A.
27
    / / /
28

                                           1

3. On December 4, 2018 Plaintiff noticed the deposition of Defendant PG&E's Person Most Knowledgeable. A true and correct copy of that Notice of Deposition is attached hereto as Exhibit B.

4. On December 20, 2018, Plaintiff Charles Maier took the deposition of Defendant PG&E's Person Most Knowledgeable. PG&E designated Mr. Daniel Waters as the person most knowledgeable to give testimony about the subject(s) identified in the Notice of Deposition. Attached hereto as Exhibit C are true and correct copies of portions of the transcript of Mr. Waters' deposition.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Date: _1-11-19_

AARON J. MOHAMED

Declaration of Scott Vitali in Support of Plaintiff's Motion for Summary Judgment

# EXHIBIT A

**PACIFIC GAS AND ELECTRIC COMPANY**
BARBARA J. DAMLOS (SBN 118201)
77 Beale Street, B30A
P.O. Box 7442
San Francisco, CA 94105

**DIRECT CORRESPONDENCE TO:**

**GOUGH & HANCOCK LLP**
GAYLE L. GOUGH (SBN 154398)
*gayle.gough@ghcounsel.com*
SARA N. DUNCAN (SBN 262122)
*sara.duncan@ghcounsel.com*
Two Embarcadero Center, Suite 640
San Francisco, CA 94111
Telephone:     (415) 848-8900

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CRUZ

| | |
|---|---|
| CHARLES MAIER, an individual<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California Corporation, and DOES 1 through 50,<br><br>Defendants. | Case No. 18CV01718<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S AMENDED RESPONSES TO PLAINTIFF CHARLES MAIER'S FORM INTERROGATORIES, SET ONE**<br><br>Complaint Filed:     June 18, 2018<br>Trial Date:             Not Set |

REQUESTING PARTY:     Plaintiff, CHARLES MAIER

RESPONDING PARTY:     Defendant, PACIFIC GAS AND ELECTRIC COMPANY

SET NUMBER:     ONE

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S AMENDED RESPONSES TO
PLAINTIFF CHARLES MAIER'S FORM INTERROGATORIES, SET ONE

1    request on the grounds that the information is equally available to Plaintiff.

2    PG&E responds that Plaintiff's claim of prescription is barred by statute. PG&E's

3    predecessor in interest, Coast Counties Gas and Electric, acquired the PG&E Arana

4    Substation property (APN 026-022-005) in 1952. At all times since 1952, all portions

5    of the Arana Substation property have been used for PG&E's electric operations.

6    PG&E's operations precede any alleged use of the property by Plaintiff. Under Civil

7    Code section 1007, PG&E's use of the Arana Substation property to distribute

8    electricity to the public constitutes dedication to a public use by a public utility. Any

9    alleged use of the property by Plaintiff for ingress or egress, no matter how long

10   continued, will never ripen into a prescriptive easement on the Arana Substation

11   property.

12   (c) Alex Soria, Grant Guerra, Dennis Ben, Daniel Waters, Dave Alonso and Tom

13   McCullough. PG&E employees may only be contacted through counsel for PG&E.

14   (d) Pursuant to Code of Civil Procedure section 2030.230, PG&E refers Plaintiff to

15   documents produced herewith in response to Plaintiff's Requests for Production of

16   Documents, Set One, specifically PG&E0001-0009 and. PG&E0015-16.

17

18   (a) 4

19   (b) PG&E objects to this request on the grounds that it is vague, ambiguous, and

20   overbroad. PG&E objects to the term "EASEMENT AREA" on the grounds that no

21   easement exists on the PG&E Arana Substation property. PG&E responds that

22   Plaintiff's claim of prescription is barred by statute. PG&E's predecessor in interest,

23   Coast Counties Gas and Electric, acquired the PG&E Arana Substation property

24   (APN 026-022-005) in 1952. At all times since 1952, all portions of the Arana

25   Substation property have been used for PG&E's electric operations. PG&E's

26   operations precede any alleged use of the property by Plaintiff. Under Civil Code

27   section 1007, PG&E's use of the Arana Substation property to distribute electricity to

28   the public constitutes dedication to a public use by a public utility. Any alleged open

4

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S AMENDED RESPONSES TO
PLAINTIFF CHARLES MAIER'S FORM INTERROGATORIES, SET ONE

*Charles Maier v. Pacific Gas and Electric Company*
Santa Cruz Superior Court, Case No. 18CV01718

## VERIFICATION

I, the undersigned, say:

I am an officer, to wit, Assistant Corporate Secretary of PACIFIC GAS AND

ELECTRIC COMPANY, a corporation, and am authorized, pursuant to Code of Civil Procedure

Section 446(a), to make this verification for and on behalf of said corporation, and I make this

verification for that reason; I have read the foregoing document, **DEFENDANT PACIFIC GAS**

**AND ELECTRIC COMPANY'S AMENDED RESPONSES TO PLAINTIFF CHARLES**

**MAIER'S FORM INTERROGATORIES, SET ONE,** and I am informed and believe the

matters therein are true and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31 , 2018, at San Francisco, California.

VERIFICATION

# EXHIBIT B

1    BRAD C. BRERETON (SBN 111266)
     AARON J. MOHAMED (SBN 245915)
2    **BRERETON LAW OFFICE APC**
     1362 Pacific Ave., Ste. 221
3    Santa Cruz, California 95060
     Tel: (831)429-6391
4    Fax: (831)459-8298
     ajm@brereton.law
5

     Attorneys for Plaintiff
6    CHARLES MAIER

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                COUNTY OF SANTA CRUZ

9                 UNLIMITED JURISDICTION

10

11    CHARLES MAIER,            CASE NO. 18CV01718

12          Plaintiff,           **AMENDED NOTICE OF DEPOSITION OF PERSON MOST**
13    vs.                      **KNOWLEDGEABLE**

14    PACIFIC GAS AND ELECTRIC
     COMPANY, a California corporation; and
15    DOES 1 to 50, inclusive;

16

17          Defendants.

18

19       PLEASE TAKE NOTICE that Plaintiff Charles Maier will take the

20    deposition upon oral examination of the Person(s) Most Knowledgeable of Defendant

21    Pacific Gas and Electric Company on December 20, 2018 at 9:30am before a certified

22    court reporter in and for the State of California, at the office of Uccelli & Associates,

23    1243 Mission Rd., South San Francisco, CA 94080. Said deposition shall continue

24    from day to day, excluding Sundays and holidays, until completed.

25    ///

26    ///

27    ///

28    ///

1

Amended Notice of Deposition of Person Most Knowledgeable of Defendant Pacific Gas and Electric Company

The deponent is not a natural person. The deponent is obligated to designate and produce the officers and employees most knowledgeable about the subject matters set forth in **"Exhibit A"** attached hereto.

Dated: December 4, 2018

BRERETON LAW OFFICE, APC
By: Aaron J. Mohamed, Esq.
Attorney for Plaintiff Charles Maier

2

**EXHIBIT A to NOTICE OF DEPOSITION of PERSON MOST KNOWLEDGEABLE**

As used herein, the "PG&E PROPERTY" shall be construed to mean the parcel of real property within the County of Santa Cruz, located on Bostwick Lane, Santa Cruz, CA 95062 with Assessor's Parcel Number 026-022-05.

As used herein, the "EASEMENT AREA" shall be construed to mean the easterly portion of the PG&E PROPERTY, which is the subject of this lawsuit.

The deponents shall be the person(s) most knowledgeable and most qualified to give testimony as to the use and maintenance of the EASEMENT AREA between the years 2004 and the present day.

3

# PROOF OF SERVICE BY U.S. MAIL

I, the undersigned, declare:

I am now and at all times herein mentioned have been over the age of eighteen years, a resident of and employed in the County of Santa Cruz, California, and not a party of the within entitled action or cause. My business address is **BRERETON LAW OFFICE, 1362 Pacific Avenue, Suite 221, Santa Cruz, California 95060.**

On December 4, 2018, I served a true copy of the foregoing:

## AMENDED NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE

by placing said copy in the United States mail with postage prepaid and addressed as follows:

Gayle Gough, Esq.
Gough & Hancock LLP
Two Embarcadero Center, Suite 640
San Francisco, CA 94111

**X**  (By U.S. Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service and that this document with postage fully prepaid will be deposited with the United States Postal Service this date in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   December 4, 2018

Nathania Ramirez

# EXHIBIT C

1　visit personally the parcel we have here?

2　　　A.　Yes, I did.

3　　　Q.　Did you notice a portion of land adjacent to

4　the fenced-off substation that was undeveloped?

5　　　　　MS. GOUGH:　Vague.

6　　　　　THE WITNESS:　At that time in my career I

7　don't think I noticed which parts of the substation

8　were developed or un.　The purpose of my visit was to

9　go into the fenced area and look at equipment.

10　　　　　MR. MOHAMED:　Q.　So your testimony is that

11　there was a fenced area and that enclosed electrical

12　equipment?

13　　　A.　Yes, sir.

14　　　Q.　It is bordered on two sides by Bostwick Lane,

15　correct?

16　　　A.　Correct.

17　　　Q.　Then to the east of the fenced-in area, there

18　is a portion that is undeveloped with trees.　Are you

19　aware of that portion?

20　　　A.　Yes, I am aware of that portion.

21　　　Q.　In 2010 when you first became aware of the

22　stubstation, were you aware that that portion of

23　property was also owned by PG&E?

24　　　A.　I don't recall if that was part of what I was

25　being taught about the substation or not.

Uccelli & Associates
408.275.1122　Reporters@UccelliReporting.com　650.952.0774

Case: 19-30088　Doc# 13511　Filed: 02/14/23　Entered: 02/14/23 15:41:06　Page 61
of 97

1      Q.   What's Dennis Ben's position with PG&E?

2      A.   I am under the impression that Dennis Ben has

3  recently retired.

4      Q.   Okay.

5      A.   Before his retirement he was a land planner, I

6  believe is the title.

7      Q.   Do you know what department that's in?

8      A.   The name is very likely land planning.

9      Q.   Land planning, okay.  Is it your understanding

10 that Alex Soria is also in the land planning

11 department?

12     A.   That is my understanding.

13     Q.   Do you ever speak to Alex Soria about this

14 matter?

15     A.   I do on occasion.

16     Q.   About -- okay.  All right.

17          When was the first time you spoke with him

18 about it?

19     A.   I would place that in the year 2016.

20     Q.   Please describe the content of that

21 conversation.

22     A.   I was seeking his professional assistance for

23 the land ownership for the substation.

24     Q.   How did it come up that you reached out to

25 him?

Uccelli & Associates
408.275.1122    Reporters@UccelliReporting.com    650.952.0774

1   A. I was asked to help with a problem that was

2 brought up by the neighbors, which was trespassing on

3 the PG&E substation property.

4   MS. GOUGH: Let me just remind you that if

5 there is a discussion with anyone in PG&E's law

6 department, whether it be the lawyer or an investigator

7 for the law department, those are attorney/client

8 privileged communications or potentially work product.

9   THE WITNESS: Understood. Thank you.

10   MR. MOHAMED: Q. Do you know what neighbor

11 made the complaints?

12   A. I don't.

13   Q. What was the nature of the complaints?

14   A. My understanding was the neighbor was

15 complaining about vehicles parking, about property

16 being stored.

17   Q. Do you know who he complained to?

18   A. I don't know that.

19   Q. Do you know if he ever complained to county

20 supervisor John Leopold?

21   A. I don't know.

22   Q. Do you know if John Leopold ever contacted

23 PG&E with regard to this issue?

24   A. I also don't know that.

25   Q. Do you know -- I am sorry. Did I ask if you

Uccelli & Associates
408.275.1122 Reporters@UccelliReporting.com 650.952.0774

Case: 19-30088 Doc# 13511 Filed: 02/14/23 Entered: 02/14/23 15:41:06 Page 63 of 97

1  asked to erect a exclusion fence.  It was at that time

2  that I agreed.

3      Q.  Did any of the people in this team, in this

4  group ever dispute the fact of the trespass?

5      A.  I don't know.

6      Q.  Did they ever tell you that they didn't think

7  the trespass was actually going on?

8      A.  No, no one told me that.

9      Q.  Did they ever tell you why they believed that

10  a fence was necessary?

11      A.  The fence was necessary to exclude trespassers

12  and to exclude the litter and other belongings that

13  were being placed on the property.

14          MR. MOHAMED:  I think I'll just mark a couple

15  exhibits here.  No, I guess -- what did we set up here?

16  We set up some stuff, okay.

17          Can we mark this next in order, please, I

18  believe it's 23.

19          (Deposition Exhibit No. 23 marked.)

20          MR. MOHAMED:  Q.  We've marked 23.  Take a

21  look at these photographs.  It's seven photographs.  Do

22  you all have seven?  I compiled these at the end of the

23  day yesterday, and I hope I counted everything

24  correctly.

25          MS. GOUGH:  I actually have eight.

Uccelli & Associates
408.275.1122    Reporters@UccelliReporting.com    650.952.0774

Case: 19-30088   Doc# 13511   Filed: 02/14/23   Entered: 02/14/23 15:41:06   Page 64
of 97

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By Helena Hanson, Deputy

1  BRAD C. BRERETON (SBN 111266)
   AARON J. MOHAMED (SBN 245915)
2  **BRERETON LAW OFFICE**
   1362 Pacific Avenue, Suite 220
3  Santa Cruz, CA 95060
   Tel: (831) 429-6391
4  Fax: (831) 459-8298
   ajm@brereton.law
5
   Attorney for Plaintiff
6  CHARLES MAIER

7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SANTA CRUZ

9                      UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,        | CASE NO.

11                     Plaintiff.         | **DECLARATION OF CHARLES MAIER
                                          | IN SUPPORT OF PLAINTIFF'S
12  v.                                    | MOTION FOR SUMMARY JUDGMENT**

13  PACIFIC GAS AND ELECTRIC             | Date: March 28, 2019
    COMPANY, a California Corporation, and| Time: 8:30 am
14  DOES 1-50,                            | Dept: 5

15                     Defendants.

16

17

18

19  I, Charles Maier, hereby declare as follows:

20          1.      I am the Plaintiff in this matter.  I have personal knowledge of the

21  information state in this Declaration.  As to those facts stated on information and

22  believe I am informed and believe them to be true.  If called to testify regarding these

23  matters I could do so competently.

24          2.      I have been the owner of real property located on 7th Avenue in the City of

25  Santa Cruz since 2004.  This is the real property with address of 2521 7th Avenue,

26  Santa Cruz, California 95062, and Accessor's Parcel Number 026-022-10 (the "Maier

27  Property")

28  ///

Case: 19-30088   Doc# 13511   Filed: 02/14/23   Entered: 02/14/23 15:41:06   Page 65
of 97

3.     I am informed and believe that Defendant Pacific Gas and Electric Company ("PG&E") is the current holder of record title to that parcel of real property located on Bostwick Lane, Santa Cruz, California 95062, with Accessor's Parcel Number 026-22-05 (the "PG&E Property").

4.     The Maier Property and the PG&E Property are situated very close to one another and share a common boundary. The Maier Property is located just around the 7th / Bostwick corner from the PG&E Property. The North-East boundary of the PG&E Property touches the South-West boundary of the Maier Property. (See Exhibit A - various photographs of the Easement Area taken from "Google" maps - including photographs evidencing my use of the same).

5.     Approximately one half of the PG&E Property (the western portion) has been surrounded by walls and fencing for many years. This portion houses an electrical substation known as the Arana Substation. The disputed portion of the PG&E Property is the other half of it - the eastern portion of the PG&E Property (the "Easement Area").

6.     The Easement Area is undeveloped and contains no electrical equipment or other PG&E property. The Easement Area does contain several large trees but otherwise appears as a vacant lot. This is the lot that I used for many years, for ingress and egress onto my property. PG&E fenced the lot off in 2018 prompting me to file this action.

7.     The main driveway from my property exits onto a very busy and highly trafficked 7th Ave. There is a large tree situated to the north of my property which partially obscures vision as one is trying to pull out of the driveway.

8.     When I purchased my property, I noticed that the Easement Area would allow me to access the back-yard of my property, which would be a substantial convenience. I undertook to clear a large amount of overgrowth that had been allowed to establish on the Easement Area.

/ / /

2

Declaration of Charles Maier in Support of Plaintiff's Motion for Summary Judgment

9. From 2004 until I began renting the Maier Property to third parties in or around 2011, I regularly used the Easement Area for parking, ingress, and egress to my property. I know that other locals also used the Easement Area for these purposes.

10. After I started renting out the Maier Property, I continued to store items in the back-yard of the Maier Property, and continued to use the Easement Area for the same purposes. I am also aware that my rental tenants continued to use the Easement Area for these purposes until it was fenced off in 2018.

11. At all times I am aware of, PG&E maintained a sign which stated "PUBLIC PARKING PROHIBITED" on the edge of the Easement Area. Further, I was told multiple times by a PG&E representative named Dennis Ben that I was not able to use the Easement Area, as it belonged to PG&E.

12. In or around 2017 PG&E representative Alex Soria informed me that PG&E had received complaints from a neighbor about continued use of the Easement Area. Further, he informed me that due to these complaints, PG&E was considering fencing off the Easement Area.

13. I told Mr. Soria that I would like continued access to the Easement Area, so that I could continue the ingress and egress onto my property. Mr. Soria informed me that he believed I would be allowed to lease the property from PG&E, and advised that I fill out a "request to use PG&E Property" form. My letter to Mr. Soria, as well as the request form, are attached hereto as Exhibit B.

14. Mr. Soria later informed me that PG&E had determined not to lease the property to me, and was proceeding with fencing off the property. PG&E ultimately fenced off the property in around May, 2018.

15. I am not aware of PG&E ever using the Easement Area for any purpose related to the maintenance of their electrical installations to the west of the Easement Area, or for any other purpose.

/ / /

/ / /

Declaration of Charles Maier in Support of Plaintiff's Motion for Summary Judgment

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Date: 1/8/19

CHARLES MAIER

4

# EXHIBIT A



Google Maps    2521 7th Ave



A = Electrical Substation
B = Easement Area
C = Maier Property



★ - Electrical substation          +-Easement Area



- EASEMENT AREA

Case: 19-30088    Doc# 13511    Filed: 02/14/23    Entered: 02/14/23 15:41:06    Page 73 of 97



- MAIER PROPERTY (green)
- PG&E PROPERTY (orange)
- EASEMENT AREA (blue)

**Google** Maps    640 Bostwick Ln



Santa Cruz, California

 Google, Inc.

Street View - Feb 2014

Image capture: Feb 2014    © 2018 Google

 Oak Way



Image capture: Feb 2014   © 2018 Google

Santa Cruz, California

 Google, Inc.

Street View - Feb 2014





PG&E0017





PG&E0019


Case: 19-30088   Doc# 13511   Filed: 02/14/23   Entered: 02/14/23 15:41:06   Page 80 of 97





PG-LS-0022



PG&F0023

# EXHIBIT B

Charles Maier
2521 7th Ave
Santa Cruz
September 27, 2017


Alex Soria
Pacific Gas and Electric
356 E. Alisa street
Salinas, Ca 93091


Dear Alex Soria:

I am writing to request a lease/license for the "Ariana Substation Lot in Bostwick Lane, Santa Cruz county, Parcel ID#818608812. APN#026-022-05". The use would be only to access the Property adjacent to the named lot. I would pay for any extra costs in the fencing that would be required for such request. I would also maintain the lot at my own expense and follow any and all requirements/requests of PG&E.

The positive points for PG&E to allow the use of the land would be as follows:

- Collecting revenue on an idle piece of land

- Not having costs associated for any maintenance to the lot

- No worries of homeless people or homeless camps using the lot. Even though its fenced it doesn't stop them, I see lots of homeless camps inside fenced areas all around the county. I think the fence sometimes makes them more comfortable and hidden.

- It would be insured by me releasing PG&E of liability.


I would like to add I have spent uncountable man hours and thousands of dollars keeping the weeds, ivy and trees from taking over the lot over the years. I have also chased countless homeless people and High school kids from spending time there. In closing, I would like to say I am requesting the use for access, as well as, to keep the area behind my home(property) safe and clean. If for some reason the access is not possible I would still like to lease it as open space.

I would like to thank you for your consideration in reviewing this request.

Sincerely,

Charles Maier

| From: | Soria, Alexandro |
| To: | charlez7000@yahoo.com |
| Subject: | 2521 7th Ave Santa Cruz |
| Attachments: | image002.png |
| | REQUEST TO USE PGE COMPANY PROPERTY.pdf |

Charles,

Attached is the "Request form to use PGE Company Property." Please review and verify that all of your contact information is correct , and get back to me before the end of the week. If you have any questions feel free to give me a call.

Sincerely,

**Alex D. Soria**
**Land Agent**
**South Coast**
**(831).784.3309**


*Pacific Gas and*
*Electric Company*

## THIRD PARTY REQUEST TO USE PG&E REAL PROPERTY

**READ THE FOLLOWING BEFORE COMPLETING AND SUBMITTING THIS FORM**: PG&E occasionally allows the use of its real property by a third party when the proposed use meets certain criteria, including non-interference with PG&E's utility operations and facilities, and non-endangerment to persons, property, and the environment. PG&E may, at its sole and absolute discretion, consider other factors in evaluating a request for such use, including whether any benefit to PG&E or to the local community may be provided by allowing the use. PG&E charges a non-refundable administrative fee of $1,000.00 for evaluating and processing a request for use of its real property, and will not process a request until this completed form and the administrative fee is received by PG&E. Depending on the nature and complexity of the proposed use, PG&E may require the additional submittal of a formal Work Plan and/or Health and Safety plan detailing the proposed activities on PG&E's land. Absent a request for such information, this completed form will serve as the Work Plan for the proposed use. The form of instrument used to authorize any use of PG&E's land (e.g. license, lease, or grant of easement) will be determined by PG&E in its sole and absolute discretion. If PG&E determines that the instrument to be used is a Grant of Easement, the requesting party will be required to provide a legal description and map of the proposed easement area, signed and stamped by a surveyor licensed in the State of California, and also an offer of consideration, supported by an appraisal prepared by a certified appraiser. In some circumstances, including for any grant of easement, PG&E is required to obtain the permission of the California Public Utility Commission (CPUC) before allowing the use, in which case, the processing time and cost may be significantly increased. If PG&E determines your use requires the approval of the CPUC, PG&E will advise you accordingly. Provision of this request by PG&E to any third party is in no way intended to be an offer to use PG&E's land, and PG&E makes no representation or warranty that submission of your request to PG&E will lead to permission to use PG&E's real property. PG&E has the right to cease consideration of your request at any time for any reason prior to the execution and delivery of a written agreement by both parties. **By signing and submitting this request form to PG&E, you hereby acknowledge and agree to these terms.**

| REQUESTOR INFORMATION | | | IF APPLICABLE, CONTACT/ ATTORNEY INFORMATION | |
|---|---|---|---|---|
| Charles | | Maier | | |
| First | M | Last | Contact / Attorney Name | Position / Title |
| 331 Henry Cowell Dr. | | Santa Cruz, CA 95060 | | |
| Address | | City, St., Zip | Contact / Attorney Firm Name | |
| 831-334-7000 | | | | |
| Telephone Number | | Fax Number | Telephone Number | Fax Number |
| charlez7000@yahoo.com | | | | |
| E-mail Address | | | E-mail Address | |

Legal status of Requestor *(e.g. California corporation, individual dba [Business Name], individual, public body of the state of California, etc.)*

---

**LOCATION OF PG&E REAL PROPERTY WHICH REQUESTOR DESIRES TO USE**
(Be as complete as possible, i.e. city, county, street, cross-street, assessor's parcel no., township, range, section, location sketch)

Arana Substation Lot in Bostwick Lane , Santa Cruz CA., Santa Cruz County, Parcel ID# 818608812, APN# 026-022-05.

**DETAILED DESCRIPTION OF PROPOSED USE OF PG&E'S REAL PROPERTY**
(Be as complete as possible. As applicable, include the time frame for the proposed use, number of people/animals as well as any employees or contractors, a description of crops proposed, vehicular use, and a description of any personal property to be brought onto the property or structures to be erected, including fencing. Also, include existing improvements and condition of the area to be used.)

Request driveway access on PG&E's property to ingress/egress the property located at 2521 7Th Avenue, Santa Cruz CA 95062.

**CLEARLY DESCRIBE ANY FACILITIES PROPOSED TO BE INSTALLED ON PG&E'S REAL PROPERTY**
(type, size, number, measurements, materials, include plan/profile drawings)

Not Applicable

**DESCRIBE THE PROPERTY'S CULTURAL AND ENVIRONMENTAL RESOURCES**
(% wooded, vacant land, wetlands, creeks, waterways etc.):

20% Lightly wooded & vacant land. Arana substation yard (80%)

**DESCRIBE ANY POTENTIAL ECONOMIC, SOCIAL OR POLITICAL ISSUES OF CONTENTION**
(e.g., project funding issues, scheduling, environmental liabilities):

Not Applicable

**WILL PG&E NEED TO MAKE ANY PHYSICAL CHANGES TO THE REAL PROPERTY OR FACILITIES TO ACCOMMODATE THIS REQUEST (I.E., SOIL EXCAVATIONS, INCREASE/DECREASE OF GRADE)?**
☐ YES. DESCRIBE BELOW    ☒ NO

**LIST AND ATTACH FEDERAL, STATE, AND LOCAL PERMITS GRANTED OR APPLIED FOR. IF DOCUMENTS ARE NOT YET AVAILABLE, LIST DATES OF AVAILABILITY AND CONTACT INFO.**

Not Applicable

**SCHEDULE FOR PROCESS:**

Requestor needs transactional document by (Date): Before July 24,2017

*Note: Date should include contingency for obtaining CPUC approval of requestor's proposed use in the event PG&E determines such regulatory approval is required.*

Reason(s) for completion and approval timeline. If the request for proposed use is part of a larger project, describe how obtaining use of PG&E's real property fits into the overall project schedule. If contingency for obtaining CPUC approval is not realistic, explain why request for proposed use was not completed earlier or in a timely manner and why expedited treatment may be required.

PG&E is extending existing fence around the entire property.

SUBMIT THIS REQUEST ALONG WITH A CHECK PAYABLE TO PG&E IN THE AMOUNT OF $1,000.00, TO:
Pacific Gas and Electric Company
Attn: Alex Soria
356 E. Alisal St.
Salinas, CA 93901

Call Alex Soria at 831.784.3309 if you have any questions.

_____          _____
Signature of Requestor                              Date

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

1   BRAD C. BRERETON (SBN 111266)
    AARON J. MOHAMED (SBN 245915)
2   **BRERETON LAW OFFICE**
    1362 Pacific Avenue, Suite 220
3   Santa Cruz, CA 95060
    Tel: (831) 429-6391
4   Fax: (831) 459-8298
    ajm@brereton.law
5
    Attorney for Plaintiff
6   CHARLES MAIER

7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SANTA CRUZ

9                     UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,              CASE NO.

11             Plaintiff.                      **DECLARATION OF NATHAN
                                               CARROLL IN SUPPORT OF
12  v.                                         PLAINTIFF'S MOTION FOR
                                               SUMMARY JUDGMENT**
13  PACIFIC GAS AND ELECTRIC
    COMPANY, a California Corporation, and     Date: March 28, 2019
14  DOES 1-50,                                 Time: 8:30 am
                                               Dept: 5
15             Defendants.

16

17

18

19      I, Nathan Carroll, hereby declare as follows:

20      1.      I am an individual above the age of eighteen, residing in the City of Santa

21  Cruz, California. I have personal knowledge of the matters set forth in this declaration.

22  As to those matters stated on information and belief I am informed and believe them to

23  be true. If called to testify regarding these matters, I could do so competently.

24      2.      My current residence address is 2521 7ᵗʰ Ave., Santa Cruz, CA 95062. I

25  rent this residence from Plaintiff Charles Maier (the "Maier Property"). I have rented this

26  house from Mr. Maier for approximately the past five years.

27      3.      Upon moving into the Maier Property home on 7ᵗʰ Ave., I noticed that the

28

1

backyard of the home bordered on what appeared to be an empty lot directly west of the Maier Property (the "Easement Area"). The Easement Area opened onto Bostwick Lane, around the corner from the Maier Property.

4.    I am aware of multiple people in the neighborhood regularly using the Easement Area for parking vehicles, ingress and egress, and for storage of personal items. I also noticed a tree-house and tires swing had been erected on the Easement Area and I am aware of children playing on these structures. I am aware that Charles Maier used the Easement Area in such a manner.

5.    Upon moving into the Maier Property, I determined that it was much easier to access the Property via the Easement Area on Bostwick Lane than via the driveway on 7th Ave. The regular driveway on the 7th Ave. side of the Maier Property is a rather dangerous pull-out onto 7th Ave. where cars drive quickly after getting off of Soquel Ave. Furthermore, the nature of the road and the existence of a large tree to the north of the Maier property partially obscure the view as you attempt to pull out onto 7th Ave.

6.    Therefore, since moving into the Maier Property I regularly used the Easement Area for parking, ingress, and egress, instead of the 7th Ave. driveway. I'm not that saying I never used the driveway, but I always considered that I could park in the Easement Area and regularly did so before it was fenced off by PG&E.

7.    Even after renting the Maier Property to me, I know that Charles Maier maintained storage of items in the back-yard of the Maier property, which he would regularly access via use of the Easement Area.

8.    At all times since I moved into the Maier Property, I noticed that PG&E maintained a sign at the edge of the Easement Area which stated "NO PUBLIC PARKING." No representative of PG&E ever gave permission for me or, to my knowledge, anyone else to use the Easement Area.

/ / /

/ / /

2

1    I declare under penalty of perjury under the Laws of the State of California that

2    the foregoing is True and Correct.

3

4    Date: 1-9-19

5                                                    NATHAN CARROLL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    3

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
1/14/2019 3:57 PM
Alex Calvo, Clerk
By: Helena Hanson, Deputy

1  BRAD C. BRERETON (SBN 111266)
   AARON J. MOHAMED (SBN 245915)
2  **BRERETON LAW OFFICE**
   1362 Pacific Avenue, Suite 220
3  Santa Cruz, CA 95060
   Tel: (831) 429-6391
4  Fax: (831) 459-8298
   ajm@brereton.law
5
   Attorney for Plaintiff
6  CHARLES MAIER

7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SANTA CRUZ

9                     UNLIMITED JURISDICTION

10  CHARLES MAIER, an individual,          CASE NO.

11            Plaintiff.                   **DECLARATION OF SCOTT VITALI IN
                                           SUPPORT OF PLAINTIFF'S MOTION
12  v.                                     FOR SUMMARY JUDGMENT**

13  PACIFIC GAS AND ELECTRIC               Date: March 28, 2019
    COMPANY, a California Corporation, and Time: 8:30 am
14  DOES 1-50,                             Dept: 5

15            Defendants.

16

17

18

19      I, Scott Vitali, hereby declare as follows:

20      1.      I am an individual above the age of eighteen, residing in the City of Santa

21  Cruz, California. I have personal knowledge of the matters set forth in this declaration.

22  As to those matters stated on information and belief I am informed and believe them to

23  be true. If called to testify regarding these matters, I could do so competently.

24      2.      My current residence address is 641 Bostwick Lane, Santa Cruz, CA

25  95062. My home is next-door to the home owned by Plaintiff Charles Maier located at

26  2521 7th Ave, directly north of my home. I have lived at this residence for seventeen

27  years.

28  ///

1

3.     My family has actually owned the property on Bostwick Lane since approximately 1978. Therefore I have been aware of and familiar with the neighborhood for decades.

4.     Directly to the west of my home is a vacant lot owned by Defendant PG&E (the "Easement Area"). To the west of the vacant lot is a walled off electrical installation, which I am informed and believe is also owned and operated by PG&E.

5.     I am informed and believe that prior owners of the 2521 7th Ave. property actually leased the Easement Area from PG&E.

6.     Until approximately 2004, the Easement Area was largely untended to by PG&E. I remember a PG&E representative once telling me that they were only obligated to maintain four-feet beyond the walls of the electrical installation. I remember having to chase homeless people away who were camping on the Easement Area - it appeared abandoned by PG&E.

7.     Charles Maier purchased the 2521 7th Ave. property in or around 2004. Shortly thereafter, he began to clear away substantial vegetation that had completely overgrown the Easement Area. Mr. Maier spent many hours maintaining the Easement Area over the years. Thanks to Mr. Maier, the Easement Area became clear enough that it could be used for parking, ingress and egress by neighborhood residents. I know that Mr. Maier regularly used the Easement Area for such purposes. I did as well.

8.     I eventually constructed a tree-house and tire swing on one of the trees in the Easement Area. This was there for many years and local children would regularly play on these structures. I took the tree house down when PG&E determined to fence off the Easement Area.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is True and Correct.

Date: 1/10/19

SCOTT VITALI

2

Declaration of Scott Vitali in Support of Plaintiff's Motion for Summary Judgment

Case: 19-30088     Doc# 13511     Filed: 02/14/23     Entered: 02/14/23 15:41:06     Page 94 of 97

# Exhibit C

**BRAD C. BRERETON**
bcb@brereton.law

**PAUL PETERSON**
pdp@brereton.law

**AARON J. MOHAMED**
ajm@brereton.law

**DAVID J. TERRAZAS**
djt@brereton.law

**SASHA SHAHABI**
ss@brereton.law

**LISA L. COWAN**
llc@brereton.law

**The Neary Building**
**1362 Pacific Avenue, Suite 221**
**Santa Cruz, California 95060**

**Tel: (831) 429-6391**
**Fax: (831) 459-8298**

**A**
**PROFESSIONAL**
**CORPORATION**

March 27, 2019

*via U.S. Mail, Facsimile, (650) 636-9251, and email: tkeller@kellerbenvenuitti.com*

Mr. Tobias S. Keller
Keller & Benevenutti LLP
650 California St., Suite 1900
San Francisco, CA 94108

> re:  *Charles Maier v. PG&E*
> *Santa Cruz County Superior Court Case #18CV01718*
> *Stipulation for Relief from Automatic Stay*

Dear Mr. Keller:

This office represents Charles Maier, Plaintiff in the above referenced matter.

This matter relates to an easement over a portion of property owned by PG&E in Santa Cruz, California. The property in question is a vacant lot bordering on the Arana Substation on Bostwick Lane., Santa Cruz, California, 95062.

My client filed this action on June 14, 2018 after PG&E determined to fence off the vacant lot in question. Prior to the 2018 fencing, my client and many other neighboring homes and business had made open, hostile, and regular use of the vacant lot, arising to an easement by prescription. Further, there is no evidence that this vacant lot was ever dedicated to a public use.

The parties in this matter conducted discovery and have both posed summary judgment motions before the court. Those motions were set for hearing on March 28, 2019. PG&E's Bankruptcy filing of January 29, 2019 has caused the court to stay this matter entirely.

My client is prejudiced by this delay as he is continually without the right to use and enjoy his property. The nature of this matter is not predominately a damage claim, rather, it seeks to vindicate my client's right to use and enjoyment of the vacant lot.

Therefore I request that you agree to stipulate to lift the automatic bankruptcy stay as it relates to this action, and allow the action to proceed to judgment in Santa Cruz Superior Court. Please contact me to discuss the same.

Alternatively, I always counsel my clients to consider entering into settlement negotiations if such are forthcoming. Therefore please contact me if your client is interested in exploring a settlement to this matter.

Thank you for contacting me to discuss this situation.

Very Truly Yours,

Aaron J. Mohamed