AARON J. MOHAMED (SBN 245915)
EMILY HUMY (SBN 335816)
**BRERETON, MOHAMED, & TERRAZAS LLP**
1362 Pacific Avenue
Santa Cruz, CA 95060
Tel: (831) 429-6391
Fax: (831) 459-8298
ajm@brereton.law
eh@brereton.law

Attorneys for Plaintiff
CHARLES MAIER

THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>Federal I.D. No. 94-0742640<br>Federal I.D. No. 94-3234914<br><br>CLAIM No. 1896 | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>Superior Court Case No.: 18CV01718<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>HEARING DATE<br>DATE: MARCH 7, 2023<br>TIME: 10:00 AM<br>PLACE: 235 Pine Street, 22nd Floor<br>San Francisco, CA |

**I. INTRODUCTION**

The underlying matter relates to an easement over a portion of property owned by PG&E in Santa Cruz, California. The property in question is a vacant lot bordering on the Arana Substation on Bostwick Lane, Santa Cruz, California, 95062.

Charles Maier filed his action for private nuisance, injunction and declaratory relief on June 14, 2018 after PG&E determined to fence off the vacant lot in question.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 19-30088    Doc# 13512    Filed: 02/14/23    Entered: 02/14/23 15:42:55    Page 1 of 7

Prior to the 2018 fencing, my Client and many other neighboring homes and businesses had made open, hostile, and regular use of the vacant lot, arising to an easement by prescription. Further, there is no evidence that this vacant lot was ever dedicated to a public use.

The parties in this matter conducted discovery and have both posed summary judgment motions before the Court. Those motions were set for hearing on March 28, 2019, prior to the automatic stay that intervened before the motions could be heard.

Charles Maier moves for relief from the automatic stay on the grounds that relief from the stay would resolve Plaintiff Maier's dispute with Defendant PG&E, the resolution would not interfere with the bankruptcy case and would not adversely impact other creditors, and lifting the automatic stay to this claim would relieve the bankruptcy court of an additional creditor proceeding. Therefore, cause exists to grant relief from the automatic stay in PG&E's Chapter 11 bankruptcy as to Plaintiff Maier and allow the claim to proceed in the Santa Cruz Superior Court instead of this Court.

## II. FACTUAL SUMMARY

### A. MOVING PARTY'S CLAIMS.

Plaintiff Charles Maier has a simple prescriptive easement case, the facts of which are not in dispute. Plaintiff Charles Maier has been the owner of real property located on Seventh Avenue in the City of Santa Cruz since 2004. Defendant Pacific Gas and Electric Company has been the owner of real property located on Bostwick Lane in the City of Santa Cruz since the 1950s. The two properties share a common boundary.

Since Plaintiff became the owner of his property, he has regularly used a portion of Defendant's property for parking and access to his back yard. Such use has been continuous, in an open and notorious manner, under claim of right, for over five years. Defendant does not genuinely dispute the fact of Plaintiff's use of their property.

In or around 2016, PG&E responded to complaints from a neighbor about the continued use of the Easement Area. PG&E went through an internal process to

address this issue. During part of that process, Plaintiff requested that he be able to rent the Easement Area from PG&E, and be given access via a gate installed in the new fence. PG&E representatives even provided Plaintiff with a form which they completed, requesting a lease over the Easement Area. However, PG&E ultimately determined not to lease the Easement Area to Plaintiff. Rather, Defendant decided to fence off the Easement Area and prevent Plaintiff's use, as well as any public access to the Easement Area.

Plaintiff filed this action, seeking to confirm his right to use of the property. Discovery in this matter began in October 2018 with both sides serving discovery. Charles Maier was deposed on December 19, 2018 and Daniel Waters, an employee of PG&E was deposed on December 20, 2018. Defendant PG&E fied and served their Motion for Summary Judgment on January 10, 2018. Plaintiff Charles Maier filed and served his Motion for Summary Judgment on January 14, 2018. The motions were set to be heard on March 28, 2019.

**B. BANKRUPTCY PROCEEDINGS.**

PG&E filed for bankruptcy on January 29, 2019. The bankruptcy filing has caused the court to continue this matter entirely. On March 27, 2019, Counsel for Charles Maier requested that PG&E stipulate to lift the automatic bankruptcy stay as it relates to this action and allow the action to proceed to judgment in Santa Cruz Superior Court. Counsel for PG&E never responded to said letter.

On June 14, 2019, Charles Mair filed his proof of claim. On June 25, 2021, the court issued an Order Disallowing and Expunging Charles Maier's proof of claim no. 1896.

Debtor has estimated in its Order Disallowing and Expunging Proofs of Claim filed on June 25, 2021 that its total liability stemming from Charles Maier will be around $100,000. (See Exhibit 1, page 1, of the Order.)

/ / /

/ / /

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 19-30088    Doc# 13512    Filed: 02/14/23    Entered: 02/14/23 15:42:55    Page 3 of 7

# III. ARGUMENT

## A. CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY

In general, the bankruptcy court may grant relief where a requesting party demonstrates "cause" to lift the automatic stay:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §362(d)(1). Section 362(d)(1) includes "lack of adequate protection," but "lack of adequate protection" is not the exclusive ground for finding "cause." (*In re Elmore*, 94 B.R. 670, 678 (B.C. C.D. C.A. 1988).) The term "cause" is not defined within Section 362 nor the legislative history. (*In re Touloumis*, 170 B.R. 825 (S.D. N.Y. 1994).) "Cause" is an intentionally broad and flexible concept to be determined on a case-by-case basis. (*In re Brown*, 311 B.R. 409, 412-13 (E.D. P.A. 2004).) Whether "cause" exists is determined on a case by case basis and has been found in circumstances where the interests of justice and judicial economy weigh in favor of the liquidation of state law claims against a debtor in a state forum and not in the Bankruptcy Court. (See *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986).)

In determining whether the stay should be modified or terminated for cause, courts generally (1) analyze twelve factors enumerated in *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (1990); (2) engage in fact-intensive inquiries which are loosely based on the Sonnax factors; or (3) both. (See *In re Bison Res., Inc.,* 230 B.R. 611, 613 (N.D. O.K. 1999).) The *Sonnax* factors are as follows:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

(*Id*. at 1286.) The Sonnax court made a determination by placing emphasis on the most applicable factors in that case. (*Id*. at 1287-89.)

Application of the relevant *Sonnax* factors weigh in favor of granting relief from the stay.

**I. RELIEF WOULD RESULT IN COMPLETE RESOLUTION OF THE ISSUES.**

The underlying case is simple prescriptive easement case that would be completely resolved by allowing the case to proceed in Santa Cruz Superior Court. Plaintiff Maier has sought declaratory relief, injunctive relief, and has asserted a cause of action for private nuisance, which will be definitively resolved by determination in the Santa Cruz Superior Court.

**II. RELIEF WOULD NOT INTERFERE WITH THE BANKRUPTCY CASE.**

Proceeding with the underlying prescriptive easement case in the Santa Cruz Superior Court will not prejudice the interests of other creditors because Movant now is

not seeking monetary relief. Movant is seeking merely to continue using the property pursuant to their prescriptive easement with a judgment indicating as such.

### III. FINANCIAL BURDEN TO DEFENDANT FROM STAY.

There will be no additional significant financial burden on Debtor caused by allowing the matters to be litigated in the Santa Cruz Superior Court. The property in question is located in Santa Cruz, CA. Moreover, Debtor has counsel that has been participating in the Santa Cruz litigation following the commencement of its case. The parties in this matter conducted discovery and have both posed summary judgment motions before the Santa Cruz court. Those motions were set for hearing on March 28, 2019, prior to the automatic stay that intervened before the motions could be heard. Accordingly, there is no additional financial burden imposed on the Debtor by allowing the state court action to proceed.

### IV. PROGRESS OF LITIGATION IN STATE FORUM INVOLVING EXCLUSIVELY STATE LAW ISSUES.

Plaintiff Maier brought suit against Defendant PG&E on or about June 14, 2018. Defendant PG&E filed for bankruptcy over a year and a half later on or about January 29, 2019. Defendant PG&E has not filed for bankruptcy because of Plaintiff Maier's civil complaint. The civil complaint filed in the Santa Cruz Superior Court had already notably progressed, with the parties conducting discovery and a motion for summary judgment pending resolution of the bankruptcy court's automatic stay.

The property at the heart of this dispute is situated in Santa Cruz County in the State of California. As such, the causes of action will be decided by California law. In this dispute Plaintiff Maier has sought declaratory relief, injunctive relief, and has asserted a cause of action for private nuisance. Since state law governs the interpretation of these causes of action the state court and bankruptcy court will reach the same conclusion.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## V. JUDICIAL ECONOMY WEIGHS IN FAVOR OF RELIEF FROM STAY.

Justice would be best served by having the parties litigate in the pending civil action in the Santa Cruz Superior Court. As stated above, this case solely involves state law and has progressed to the point of motions for summary judgment. The presiding judge in the Santa Cruz Court is familiar with the facts of this case and cases similar. Trying this matter in Bankruptcy Court or District Court would not further judicial economy in that a new judge would have to become familiar with these state law issues and it is likely that the trial of the case would be delayed for a lengthy period of time. Charles Maier is seeking non-monetary relief in the underlying case which would not interfere with the bankruptcy case if it proceeded in Santa Cruz Superior Court.

## IV. CONCLUSION

An evaluation of Plaintiff Maier's claims against Debtor in view of the factors set forth above and a balancing of the hardships weighs heavily in favor of granting relief from stay. Relief from the automatic stay would completely resolve Plaintiff Maier's dispute with Defendant PG&E. Resolution of Plaintiff Maier's complaint would not interfere with the bankruptcy case and would not adversely impact other creditors. PG&E is engaged in a highly complex Chapter 11 Bankruptcy and lifting the automatic stay as to Plaintiff Maier would relieve the bankruptcy court of an additional creditor proceeding. Last, deferring this matter to the Santa Cruz Superior Court would not impose any financial hardship on Defendant PG&E.

Therefore, cause exists to grant relief from the automatic stay in PG&E's Chapter 11 bankruptcy as to Plaintiff Maier and to allow the case to proceed in the Santa Cruz Superior Court.

Dated: February 14, 2023

BRERETON, MOHAMED, & TERRAZAS
By: Emily Humy, Esq.
Attorney for Plaintiff Charles Maier