KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>         - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                         Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' STATEMENT AND RESERVATION OF RIGHTS REGARDING CREDITOR DAVID P. ADDINGTON'S MOTION FOR QUIET TITLE, DECLARATORY RELIEF AND TO AMEND CLAIM NO. 108715**<br><br>**[Related to Docket No. 13481]**<br><br>Date: February 22, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

## I. PRELIMINARY STATEMENT

In advance of the February 22, 2023, 10:00 a.m. omnibus hearing (the "**Hearing**"), PG&E Corporation and Pacific Gas and Electric Company ("**PG&E**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this statement and reservation of rights in connection with *Creditor David P. Addington's Motion for Quiet Title, Declaratory Relief and to Amend Claim No. 108715* [Dkt. No. 13481] (together with its exhibits filed around that date at Dkt. Nos. 13480 and 13487 the "**Motion to Amend**").

The Reorganized Debtors had previously brought a motion for summary judgment (the "**MSJ**"), which sought to disallow Mr. Addington's Proof of Claim No. 108715 (the "**First Amended Claim**") in its entirety. *See* Dkt. No. 13320. The Reorganized Debtors do not believe that the claims Mr. Addington seeks to add through the Motion to Amend present any additional bases for liability. Regardless, rather than impose upon the Court to adjudicate a series of motions, and to try to avoid the procedural complications that would arise if certain of Mr. Addington's claims were adjudicated through an adversary proceeding, the Reorganized Debtors believe that all of Mr. Addington's combined claims in the First Amended Claim and the Motion to Amend can be disposed of through an amended motion for summary judgment that the Reorganized Debtors are preparing to file within the next few weeks (the "**Amended MSJ**").

Counsel for the Reorganized Debtors attempted to work with Mr. Addington to stipulate to a process for litigating all of his claims together. Although the parties exchanged several draft stipulations, ultimately Mr. Addington would not agree to any briefing schedule that would address all of the issues set forth in his Motion to Amend. The Reorganized Debtors therefore submit this statement as a preliminary response and reservation of rights with respect to all of Mr. Addington's claims, and to propose a schedule going forward.

## II. BACKGROUND

On May 16, 2022, the Court entered the *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* [Docket No. 12392] (the "**May 16 Order**"), which (i) disallowed Mr. Addington's Proof of Claim No. 3093, (ii) provided a schedule for Mr.

Addington to "amend his Proof of Claim . . . to state a claim for damages ***stemming from damage that occurred after the date of payment following Mr. Addington's signed release of claims arising from Debtors' revised work agreement***," and for the Reorganized Debtors to file an objection to such amended claim, and (iii) set a status conference on the matter for September 13, 2022. Dkt. No. 12392 (emphasis added). On July 5, 2022, through his newly-retained counsel, Mr. Addington filed the First Amended Claim.

A status conference was held on September 13, 2022, where counsel for Mr. Addington and the Reorganized Debtors agreed to undertake informal discovery of documents potentially relevant to the First Amended Claim. That discovery is described in the MSJ, which was filed on December 6, 2022.

A continued status conference was held on December 13, 2022, where Mr. Addington, his now-former counsel, and counsel for the Reorganized Debtors appeared. At this status conference, Mr. Addington stated for the first time his intention to amend his claim once again. At this status conference, the Court directed Mr. Addington either to seek to stipulate with the Reorganized Debtors regarding amendment of his claim, or to promptly file the Motion to Amend.

After a continued status conference held on January 10, 2023, the Court entered the *Scheduling Order Regarding Proof of Claim of David P. Addington* on January 12, 2023 [Dkt. No. 13466] (the "**Scheduling Order**"). Pursuant to the Scheduling Order, on January 31, 2023, Mr. Addington filed the Motion to Amend.

## III. PRELIMINARY RESPONSE AND RESERVATION OF RIGHTS

The Motion to Amend is styled as a three-headed request for quiet title, declaratory relief, and to amend the First Amended Claim. The Scheduling Order did not contemplate that Mr. Addington would file any motions other than the Motion to Amend or seek any other relief beyond an amended proof of claim. Although Mr. Addington maintains that these other requests for relief are necessarily intertwined with the amendment of his claim, the Motion to Amend is the first time he has raised these issues, and he never previously brought these requests for relief before the Court.

Mr. Addington seeks quiet title over PG&E's towers that support its electrical transmission equipment, even though the Court has already ruled against Mr. Addington on his purported

termination of PG&E's easement. He also seeks various forms of declaratory relief relating to the easement. The Reorganized Debtors do not believe that any of these purported causes of action have any merit, or that it is appropriate for Mr. Addington to raise them at this late juncture, after over a year and a half of litigation. Moreover, to the extent that Mr. Addington seeks affirmative relief regarding the property interests of the Reorganized Debtors, such relief should have been sought in a separate properly noticed motion or through an adversary proceeding subject to Bankruptcy Rule 7001 *et seq*.

Nevertheless, the Reorganized Debtors believe that the quiet title and declaratory relief causes of action can be disposed of summarily, together with Mr. Addington's new amended claim and the First Amended Claim, in a single motion through the Amended MSJ. Accordingly, in the interest of efficiency for both the Court and the parties, provided that the Reorganized Debtors are permitted to oppose all of the newly-raised legal issues simultaneously in the Amended MSJ, the Reorganized Debtors will not oppose the inclusion of such requested relief in Mr. Addington's amended claim for purposes of adjudicating those claims through the Amended MSJ. Mr. Addington has rejected the Reorganized Debtors' proposal to set a briefing schedule with respect to all of the issues raised in the Motion to Amend, and he has failed to propose any timeline or procedure by which all of the issues raised in the Motion to Amend can be resolved. It is well past time to bring this protracted dispute to a conclusion. The Reorganized Debtors believe that the schedule they propose will allow the parties and the Court to do so.

The Reorganized Debtors reserve the right to object in the future to, as applicable, the First Amended Claim, the additional or amended claims and causes of action raised in the Motion to Amend, or any future amended proof of claim by Mr. Addington on any grounds whatsoever, including on the grounds that any such amendment is untimely. The Reorganized Debtors also reserve the right to assert any counterclaims or affirmative defenses (including, without limitation, mitigation of damages, waiver, equitable estoppel, unclean hands, election of remedies, and laches), whether in connection with any claim objection or in an adversary proceeding or other litigation, which counterclaims and defenses are expressly reserved.

## IV. PROPOSED SCHEDULE

The Reorganized Debtors believe that the following schedule represents an efficient use of the Court's and the parties' time and resources to bring the litigation surrounding this claim to a speedy resolution.

1. The Motion to Amend shall be deemed to be a supplement to the First Amended Claim (the "**Supplement**").

2. The Reorganized Debtors shall file the Amended MSJ on or before March 22, 2023. For the avoidance of doubt, the Amended MSJ shall include any opposition of the Reorganized Debtors to the claims raised in the Supplement for quiet title and declaratory relief, and Mr. Addington shall not be required to file a separate adversary proceeding with respect to such claims solely for purposes of the Amended MSJ.

3. Any opposition by Mr. Addington to the Amended MSJ shall be filed with the Court and served on the Reorganized Debtors so as to be received by April 19, 2023.

4. Any reply in support of the Amended MSJ shall be filed with the Court and served on Mr. Addington so as to be received by May 17, 2023.

5. The Court shall hear the Amended MSJ on May 24, 2023, at 10:00 a.m. (Pacific Time).

6. All available rights, arguments, and defenses of the Parties with respect to the First Amended Claim and its Supplement are reserved.

The Reorganized Debtors look forward to discussing these issues at the hearing.

Dated: February 15, 2023

**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for Debtors and Reorganized Debtors*