David P. Addington
298 Saint James Drive
Piedmont, CA  94611
415-606-6552
dpapiedmont@gmail.com

In Pro Per Claim No 108715

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>Affects both Debtors.<br><br>*All papers shall be filled in the Lead Case, No 19-90088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**CREDITOR DAVID P. ADDINGTON'S SCHEDULING STATEMENT FOR CLAIM NO. 108715**<br><br>[Related to Docket No. 13481]<br><br>Date: February 22, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Videoconference Appearance Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco  CA 94102 |

In advance of the February 22, 2023, 10:00 a.m. omnibus hearing (the "Hearing"), Addington, Creditor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits this statement in connection with Motion for Quiet Title, Declaratory Relief and to Amend Claim No. 108715 [Dkt. No. 13481] (together with its exhibits filed around that date at Dkt. Nos. 13480 and 13487 the "Motion to Amend").

The Reorganized Debtors believe that Mr. Addington's combined claims in the First Amended Claim and the Motion to Amend can be disposed of through an Amended Motion for Summary Judgment. However, the courts have found that it is an error to enter a summary judgement where declaratory relief is sought.

> *Where complaint is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is appropriate, it is an error to enter a judgment for defendants on the pleadings. Chas. L. Harney, Inc. v. Contractors' State License Board (Cal. 1952), 39 Cal. 2d 561, 247 P.2d 913, 1952 Cal. LEXIS 285*

As Summary Judgement is not appropriate in this instance, Addington proposed a schedule that would address his Quite Title and Declaratory Relief actions separately. Reorganized Debtors did not agree with his proposed schedule.

Addington mistakenly thought that the Motion to Amend as drafted would trigger an Adversarial Proceeding. The Court's tentative scheduling ruling and the Reorganized Debtors' scheduling statement agree that Addington's action for Quiet Title and Declaratory Relief should have been filed as an Adversarial Proceeding.

Addington has just prior to filing this scheduling statement, filed his action as an Adversarial Proceeding. Addington and the Reorganized Debtors' conflicts and claims emanate from the their respective, and vastly different, understandings of the easements rights and responsibilities. The parties must have a single understanding on these issues before the Court can dispose of the claims now pending, which understanding requires resolution of the Declaratory Relief and Quiet Title actions.

> *Declaratory relief has for its purpose an éclaircissement or a liquidation of doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation. Jackson v. Lacy (Cal. App. 1940), 37 Cal. App. 2d 551, 100 P.2d 313, 1940 Cal. App. LEXIS 565.*

**PROPOSED SCHEDULE**

      Addington believes that the following schedule represents an efficient use of the Court's and the parties' time and resources to bring the litigation surrounding my claim to a considered resolution.

1. The Motion to Amend shall be deemed to be a supplement to the First Amended Claim (the "Supplement").

2. The Parties will conduct the Adversarial Proceeding according to a scheduling order in keeping with such proceedings.

3. The Parties will meet and confer within 7 days of Court order and submit scheduling statement(s) to resolve Addington's claim as amended.

4. All available rights, arguments, and defenses of the Parties with respect to the First Amended Claim and its Supplement are reserved.

Addington looks forward to discussing these issues at the hearing.

                                          */s/ David Preston Addington*
                              By:    David Preston Addington