KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
Gabrielle Albert (#190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

LITTLER MENDELSON P.C.
Elisa Nadeau (#199000)
(enadeau@littler.com)
50 West San Fernando Street, 7th Floor
San Jose, CA 95113
Tel: 408 961 7119
Fax: 408 516 8313

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>          **Reorganized Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OPPOSITION TO CLAIMANT'S OMNIBUS MOTION FOR RELIEF FROM FINAL ORDER, MOTION FOR RELIEF FROM STAY, AND RESPONSE TO REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO. 58462, FILED OCTOBER 17, 2019**<br><br>**Related to Docket Nos.:** 13455, 13456 & 13464<br><br>**Hearing Information:**<br>Date: March 7, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition (the "**Opposition**") to *Claimant's Omnibus Motion for Relief from Final Order, Motion for Relief from Stay, and Response to Reorganized Debtor's Objection to Claim No. 58462, Filed October 17, 2019* [Docket No. 13455] (the "**Second Reconsideration Motion**"), filed by Spiro Jannings ("**Jannings**") on January 13, 2023.[1] By the Second Reconsideration Motion, Jannings seeks relief pursuant to Rule 60(b) ("**Rule 60(b)**") of the Federal Rules of Civil Procedure (the "**Civil Rules**") (made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")), from the *Order Disallowing and Expunging Claim No. 58462, Filed October 17, 2019, of Spiro Jannings* [Docket No. 11829] (the "**Disallowance Order**") entered on January 14, 2022, and the *Order Denying Relief from Order Filed by Spiro Jannings* [Docket No. 12009] entered on March 14, 2022 (the "**Reconsideration Order**" and jointly with the Disallowance Order, the "**Jannings Orders**"). The Disallowance Order disallowed and expunged Jannings' proof of claim number 58462 (the "**Jannings Claim**"), pursuant to the *Reorganized Debtors' Objection to Claim (Claim No. 58462, Filed October 17, 2019, of Spiro Jannings)* [Docket No. 11388] (the "**Claim Objection**").[2] The Reconsideration Order denied Jannings' *Motion for Relief from Order* [Docket No. 11871] seeking to overturn the Disallowance Order pursuant to Civil Rules 59(e) and 60(b) (the "**First Reconsideration Motion**"). In support of this Opposition, the Reorganized Debtors submit the declaration of Elisa Nadeau (the "**Nadeau Declaration**"), filed contemporaneously herewith, and the accompanying Memorandum of Points and Authorities.

---

[1] The Second Reconsideration Motion incorrectly set the response deadline as February 1, 2023. Under Rule 9014-1 of this Court's Local Bankruptcy Rules, responses to the Second Reconsideration Motion are due no later than 14 days before the scheduled hearing date. The hearing for the Second Reconsideration Motion is scheduled for March 7, 2023. The response deadline is therefore February 21, 2023, and this Opposition is timely filed.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Claim Objection.

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

By the Second Reconsideration Motion, Jannings seeks to reopen a matter that the Court—twice—closed, nearly one year ago. In so doing, Jannings treats Rule 60(b) as giving disappointed litigants an absolute right to a one-year period during which they may seek to revisit the merits of a decision. But the one-year outside limit of Rule 60(b) is not an appeals period; Civil Rule 60(c) requires that a Rule 60(b) motion must be made within a "reasonable time." Jannings fails to make any argument that the timing of his Second Reconsideration Motion is reasonable, and that failure is fatal to his motion.

Indeed, the timing of the Second Reconsideration Motion is patently unreasonable. Even if Jannings could disavow his attorneys' actions—and he cannot—he acknowledges that he knew of the Disallowance Order and Reconsideration Order by at least April 14, 2022. He makes no attempt to explain why it took him nine months to file the Second Reconsideration Motion and fails to identify a single fact discovered between April 14 and the date of the filing of the Second Reconsideration Motion that might justify the substantial passage of time.

Nor can Jannings distance himself from his attorneys' earlier actions and inactions on his behalf—including their decisions not to respond to the Claim Objection, to allow the Disallowance Order to be entered on the merits of the Claim, and to file a Rule 60(b) motion on the heels of the Disallowance Order—or shield himself from the Court's Reconsideration Order that rejected his attorneys' excusable neglect arguments. He is bound by his attorneys' actions, regardless of whether he knew of or expressly agreed with them at the time.

Finally, Jannings' allegations that the Claim Objection constitutes "fraud" entitling him to Rule 60(b)(3) relief are merely an improper effort to have the Court consider the merits of the Jannings Claim and the Claim Objection one year after this Court adjudicated them. Consideration of the merits is outside of the bounds of a Rule 60(b) motion filed after the expiration of the appeal period, and Jannings cannot bring the merits of the Claim Objection before the Court now simply by calling the Claim Objection itself "misleading."

The Disallowance Order was properly entered after Jannings failed to respond to the Claim Objection. The Reconsideration Order was properly entered after the Court found his failure to respond

was not excusable neglect. There is nothing new in the Second Reconsideration Motion that justifies reviving the Jannings Claim. The time for Jannings to support his claim against PG&E has long since passed; his motion must be denied.

## FACTUAL BACKGROUND

### A. The Claim Objection

The Reorganized Debtors filed the Claim Objection on October 8, 2021. The Notice of Hearing with respect to the Objection [Docket No. 11393] stated in clear, bold type: "If there is no timely Response, the Bankruptcy Court may enter an order granting the Objection and disallowing and expunging the Proof of Claim by default without a hearing." The Claim Objection was served on Jannings, through his counsel in the State Court Action, as described in the *Certificate of Service of Sonia Akter*, filed on October 13, 2021 [Docket No. 11417].

After Jannings' counsel received the Claim Objection, counsel for the Reorganized Debtors agreed to give Jannings a three-month extension of the deadline to respond to the Claim Objection, to January 4, 2022. At the eleventh hour—on December 30, 2022—Jannings sought to continue indefinitely and vacate the response deadline and hearing date with respect to the Claim Objection, after filing a motion requesting that the Court abstain from adjudicating the Jannings Claim. [Docket No. 11768]. On December 31, 2022, the Court denied Jannings' request to vacate the response deadline and hearing on the Claim Objection.

### B. Entry of the Disallowance Order

On January 11, 2022, seven days after the response deadline, having received no response from Jannings to the Objection, the Reorganized Debtors filed the *Request for Order by Default as to Reorganized Debtors' Objection to Claim (Claim No. 58462, Filed October 17, 2019, of Spiro Jannings* [Docket No. 11806] (the "**Request for Order**"). The Request for Order was served on Jannings' bankruptcy counsel by ECF and on his state court counsel by e-mail and first-class mail. *See* Docket No. 11838.

On January 13, 2022, the Court's judicial assistant, Ankey Thomas, e-mailed counsel for Jannings, copying counsel for the Reorganized Debtors. Ms. Thomas wrote, regarding the Request for Order: "Judge Montali has been asked to sign the default order disallowing Mr. Spiro Jannings' claim

and taking the matter off the January 18 calendar. Please advise if you have any objection." Only seven minutes later, counsel for Jannings responded: "Following the entry of a default Order, we intend to move for relief under Rules 60 and 59." *See* Docket No. 11940. The Disallowance Order was signed and filed by the Court that same day and entered on the docket in the Chapter 11 Cases the next day, January 14, 2022.

**C.  Entry of the Reconsideration Order**

Shortly after the entry of the Disallowance Order, on January 27, 2022, Jannings filed the First Reconsideration Motion [Docket No. 11871], which PG&E opposed (the "**First Reconsideration Opposition**")[3] [Docket No. 11939]. On March 14, 2022, after evaluating the First Reconsideration Motion under Rule 60(b), using the Ninth Circuit's four-factor framework "to determine whether missing a filing deadline constitutes 'excusable' neglect," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), the Court found that Rule 60(b) relief was not available to Jannings. The Court concluded the Reconsideration Order by stating that "[n]o argument supporting the basis of Jannings' Proof of Claim has been made in any court, and the extended opportunity to do so has long since passed." [Docket No. 12009].

**D.  Jannings' Refusal to Dismiss State Court Litigation**

After the Court entered the Reconsideration Order, Jannings continued to prosecute the State Court Litigation. Jannings attaches two letters from counsel to the Reorganized Debtors as exhibits to his declaration in support of the Second Reconsideration Motion. Those letters, dated June 14, 2022, and October 3, 2022, explain to Jannings and his counsel that the State Court Litigation is barred as a result of entry of the Jannings Orders and demand that Jannings dismiss the State Court Litigation. Jannings ignored the letters, and his counsel continued to appear in front of the Superior Court at hearings and represented that he had remedies available with respect to the Jannings Claim before this Court. Faced with Jannings' actions in contravention of the Jannings Orders, the Reorganized Debtors filed a motion to dismiss (the "**Motion to Dismiss**") before the Superior Court on January 10, 2023, informing

---

[3] Rather than include a duplicative recitation of facts here, PG&E incorporates by reference the factual background in the First Reconsideration Opposition and relies on the two supporting declarations that accompanied the First Reconsideration Opposition in support of the arguments set forth herein.

the Superior Court of this Court's entry of the Jannings Orders. Three days later, Jannings filed the Second Reconsideration Motion. The hearing on the Motion to Dismiss has been set for April 18, 2023.

As recently as February 9, 2023, Jannings continued to prosecute the State Court Litigation. At a case management conference on that date, Jannings' attorney, Scott Furstman ("**Furstman**"), appeared on his behalf. Furstman represented to the State Court that Jannings had filed an "appeal" in the Bankruptcy Court. Ms. Nadeau corrected that characterization and informed the State Court Jannings had filed the Second Reconsideration Motion which seeks the same relief that was denied in the First Reconsideration Motion.

## ARGUMENT

### I. THE COURT SHOULD DENY JANNINGS' REQUEST FOR RELIEF FROM THE JANNINGS ORDERS

Jannings seeks relief from the Jannings Orders under three subsections of Rule 60(b): (i) Rule 60(b)(1), arguing that the Court made a mistake in sustaining the objection because PG&E misled the Court about the facts surrounding his Claim; (ii) Rule 60(b)(3), arguing that the Court was prejudiced by PG&E's alleged "fraud"; and (iii) Rule 60(b)(6), arguing that Jannings' attorneys acted without his authority. Each of these arguments fails, for the reasons discussed below, but the Court can dispose of the Second Reconsideration Motion without even reaching those issues, because Jannings fails to show that it was filed within a reasonable time—a prerequisite to any relief under Rule 60(b).

### A. The Second Reconsideration Motion is Untimely

As a gating matter, the Court should deny the Second Reconsideration Motion because it was not "made within a reasonable time," as required under Civil Rule 60(c). Fed. R. Civ. P. 60(c)(1). The one-year limitation (applicable to Rule 60(b)(1), (2), and (3)) is an outside date; a court may deny a Rule 60(b) motion, even if it is filed within the one-year period, if the moving party 'was guilty of laches or unreasonable delay.'" *Franklin v. Tate*, 2022 U.S. Dist. LEXIS 217566, at *2-3 (E.D. Cal. Dec. 1, 2022). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citations omitted). Here, each of the *Lemoge* factors weighs in favor of a finding that the Second Reconsideration Motion is untimely.

The time for Jannings to appeal the Reconsideration Order expired on March 28, 2022, when the Disallowance Order and Reconsideration Order became final. Entertaining Jannings' Second Reconsideration Motion now, filed ten months after the Disallowance Order and devoid of a single fact or discovery made after April 14, 2022, would render meaningless the interest of finality identified in *Lemoge*. *See Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ("Because the time for appeal had passed in this case, the interest in finality must be given great weight. No reason is suggested for the failure to timely challenge the ruling by direct appeal or 60(b) motion.") (affirming denial of Rule 60(b) motion as untimely).

Jannings makes no argument as to how his delay of 364 days after the Disallowance Order—nine months after he admits he personally learned of the Reconsideration Order on April 14, 2022 (*see* Second Reconsideration Motion at 2:23, 4:8)—to file the Second Reconsideration Motion could be reasonable.[4] Nor does he rely on any grounds for his Second Reconsideration Motion that were unknown to Jannings at the time that the Claim Objection was filed or when the Court sustained the Claim Objection. As such, the Court should consider the prejudice to the Reorganized Debtors that would result from the reinstatement of a claim that has long been resolved on a final basis.

Accordingly, under each of the *Lemoge* factors, the Court should deny the Second Reconsideration Motion as untimely.

**B.     Jannings Is Bound by His Counsel's Actions.**

Jannings attempts to insulate himself from the Jannings Orders by arguing that his attorneys acted without his authority. He claims that he was not aware of what his attorneys were doing and so should not be held to accountable to their actions. This argument does not hold water. "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1). . . . This is especially the case where a party has waited a year to complain about the failings of [his] lawyers." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004).

Jannings does not deny that Mr. Furstman and Mr. St. James were his attorneys. Attorneys are

---

[4] To the extent that Jannings' argument is that the reason for the delay is the inaction of his replacement counsel, as explained below, Jannings is bound by the actions, omissions, and delay of his chosen counsel.

their clients' agents, and clients are bound by the actions and statements of their counsel. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel"). Jannings' attorneys' litigation strategy—to default intentionally on the response deadline to the Claim Objection, consent to entry of the Disallowance Order, and fail to appeal either of the Jannings Orders— is attributable to Jannings regardless of whether the strategy was successful or whether or not they informed him of their strategy. *See, e.g.*, *Casey*, 362 F.3d at 1259; *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("attorney error is insufficient grounds for relief under . . . Rule 60(b)(1)"). Jannings cannot come to the Court a year later and distance himself from his attorneys' actions by claiming that he did not know of or agree to that strategy. His disagreement with his counsel's approach does not constitute the extraordinary circumstances that must exist to warrant Rule 60(b)(6) relief.[5]

C. **Jannings' Allegations of "Fraud" Do Not Entitle Him to Rule 60(b) Relief**

Jannings alleges that PG&E committed "fraud" against the Court by embellishing, misrepresenting, or omitting facts in the Claim Objection. Although PG&E denies these allegations, they do not give rise to relief under Rule 60(b)(3) in any event, because Rule 60(b)(3) requires that the fraud at issue "not be discoverable by due diligence before or during the proceedings." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

Jannings fails to identify any alleged misrepresentation or omission that was not discoverable during the pendency of the Claim Objection. Indeed, his allegation is that the Claim Objection itself is the "fraud" at issue, and that all of the "accurate facts" were contained in the "Jannings Amended Complaint," which he swears in his declaration was ready to be filed by December 2018—prior to the commencement of the Chapter 11 Cases and years before the filing of the Claim Objection and entry of the Jannings Orders. *See* Second Reconsideration Motion at 7:2-5, 8:1-2; Jannings Declaration at ¶ 8

---

[5] *See Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.").

1 | [Docket No. 13456]. This type of alleged fraud does not constitute grounds for relief under Rule
2 | 60(b)(3).

3 | Nor does Jannings' argument that the Court erred as a result of the alleged "fraud" in the Claim
4 | Objection entitle him to relief under Rule 60(b)(1). Although "Rule 60(b)(1)'s use of 'mistake'
5 | includes mistake on the part of the court, . . . a 'motion for relief on grounds of judicial error must be
6 | filed within a reasonable time *not exceeding the time for appeal*.'" *Adams v. Ziebarth (In re Adams)*,
7 | 2019 Bankr. LEXIS 3684, *10 (9th Cir. BAP Nov. 26, 2019) (citing *Atkins v. Fiberglass Representatives,*
8 | *Inc. (In re Atkins)*, 134 B.R. 936, 939 (9th Cir. BAP 1992)) (other internal citations omitted) (emphasis
9 | added).

10 | Jannings' arguments regarding alleged "fraud" and judicial error are, in reality, nothing more
11 | than an attempt to revisit the merits of the Claim Objection. But because Jannings failed to file the
12 | Second Reconsideration Motion within the fourteen-day appeal period following entry of the
13 | Disallowance Order (*see* Fed. R. Bankr. P. 8002(a)), the Second Reconsideration Motion is "not
14 | permitted to revisit the merits of the underlying judgment or argue that the [Bankruptcy Court]
15 | committed some legal error in arriving at that judgment." *See United Student Funds, Inc. v. Wylie (In re*
16 | *Wylie)*, 349 B.R. 204, 209-10 (B.A.P. 9th Cir. 2006) (After the appeal period has run, "the merits of the
17 | claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable
18 | under FRCP 60(b), for its failure to timely contest the objection.").

19 | In other words, the merits of the underlying Claim Objection are "no longer fair game" for relief
20 | under Rule 60(b); instead, Jannings is "limited to the narrow grounds enumerated in FRCP 60(b)." *See*
21 | *id.* at 209. As discussed above, those narrow grounds provide no basis for relief here. Accordingly, the
22 | Second Reconsideration Motion should be denied in its entirety.

23 | Should the Court find in its favor, PG&E expressly reserves its right to bring a motion for
24 | sanctions against Jannings if he fails to dismiss the State Court Litigation.

25 | **II.  THE COURT SHOULD DENY JANNINGS' REQUEST FOR RELIEF FROM STAY**

26 | The title of the Second Reconsideration Motion includes "Motion for Relief from Stay," and
27 | Jannings filed a relief from stay coversheet with the motion; however, he makes no argument in support
28 | of his request for relief from stay in the body of Second Reconsideration Motion. Because the Court

disallowed the Jannings Claim, Jannings is not allowed to prosecute that same claim in Superior Court or any other court. Therefore, his motion for relief from stay should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Reorganized Debtors respectfully request that the Court deny the Second Reconsideration Motion and enter such other and further relief as the Court may deem just and appropriate.

Dated: February 21, 2023

**KELLER BENVENUTTI KIM LLP**
**LITLER MENDELSON P.C.**

By: /s/ Gabrielle L. Albert
     Jane Kim
     Gabrielle L. Albert
*Attorneys for the Reorganized Debtors*