Thomas Tosdal
TOSDAL LAW FIRM
991 Lomas Santa Fe Drive, Ste C 439
Solana Beach CA 92075
Telephone: (858) 704-4709
Facsimile: (858) 367-5524
Email: tom@tosdallaw.com

Michael S. Feinberg SBN 81867
Michael S. Feinberg APLC
41911 Fifth Street, Ste. 300
Temecula, CA 92590
Tel: (951) 698-9909
feinberg@feinbergfitchlaw.com

Angela Jae Chun SBN 248571
Law Office of Angela Jae Chun
10680 Treena Street, Ste 160A
San Diego, CA 92131
Tel: (619) 719-5757
Email: ajc@cglaw.com

David S. Casey, Jr. SBN 60768
Casey Gerry Schenk Francavilla
Blatt & Penfield, LLP
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
Fax: (619) 544-9432
Email: dcasey@cglaw.com

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re: <br><br> PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY, <br><br> Debtors. <br><br><br> Affects Both Debtors | Bankr. Case No. 19-30088-DM <br><br> **JOINDER IN ABRAMS MOTION TO FILE SUPPLEMENTS TO CLAIMS AGAINST PGE** <br><br> Date: March 10, 2023 <br><br> Place: U.S. Bankruptcy Court <br> Courtroom 17, 16th <br> Floor San Francisco, <br> CA 94102 |

This joinder is filed on behalf of Camp Fire Victim Kirk Trostle and the 1,046

other clients of the above attorneys, all of whom filed timely Proofs of Claim with this Court.

Kirk Trostle is a victim of the Camp Fire, which destroyed his home and his belongings and nearly killed his daughter. Mr. Trostle was a duly appointed member of the Tort Claimants Committee, who resigned in early 2020 over his opposition to the then proposed bankruptcy plan as being too risky to provide the promised $13.5 billion compensation to fire victims. The undersigned Thomas Tosdal is his attorney, who files this joinder on behalf of Mr. Trostle and his group's 1,046 other clients.

These parties join in that part of Mr. Abrams' motion seeking leave for fire victims to supplement their claims against PGE for knowingly making false and material misstatements about its safety practices, which artificially inflated the market value of PGE stock in the runup to approval of the Plan. The value of the stock later fell markedly when the falsity of the misstatements was publicly revealed. As a consequence, the fire victims did not get the benefit of their bargain contemplated by the Plan for $6.75 billion in stock. No one knowledgeable about the assets of the Fire Victims Trust believes the stock component of the Trust assets will come close to the $6.75 billion promised in the Plan or that fire victims will be compensated 100% for their losses, as was contemplated by the Plan's total number of $13.5 billion, half in cash and half in stock. This Court has acknowledged as much in prior orders.

One can say "too bad, those are the breaks," which is no solace to the many thousands of people who have suffered at PGE's hands. Justice must not give way to

the small and arcane. This Court can and must take the remedial measure of permitting Mr. Trostle, Mr. Tosdal's other clients, and the fire victims, *en masse,* to supplement their claims against PGE in the same way this Court has permitted Baupost to do by way of approving its stipulation with PGE. In this regard, what is good for Baupost is good for the fire victims. It is the intention of these joining parties to seek compensation directly from PGE and not from the Trust.

These joining parties oppose that part of the Abrams motion seeking judicial review of individual Trust awards, as that could unravel the entire Trust process.

Dated: February 22, 2023  /s/ *Thomas Tosdal*
Thomas Tosdal