1  HOLLAND & KNIGHT LLP
   Thomas D. Leland (pro hac vice)
2  Leah E. Capritta (pro hac vice)
   1801 California Street, Suite 5000
3  Denver, Colorado 80202
   Telephone (303) 974-6660
4  Facsimile (303) 974-6659
   Email: thomas.leland@hklaw.com
5          leah.capritta@hklaw.com

6

7  HOLLAND & KNIGHT LLP
   Vito Costanzo (SBN 132754)
   400 South Hope Street, 8th Floor
8  Los Angeles, CA 90071
   Telephone: (213) 896-2400
9  Facsimile: (213) 896-2450
   Email: vito.costanza@hklaw.com

10
   Attorneys for
11 TIGER NATURAL GAS, INC.

12

13                  UNITED STATES BANKRUPTCY COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                     SAN FRANCISCO DIVISION

16
   In re                            )   CASE NO. 19-30089 (DM)
17                                   )
   PACIFIC GAS AND ELECTRIC          )   Chapter 11
18 COMPANY,                          )
                                     )   **TIGER NATURAL GAS, INC.'S**
19         -and-                     )   **MOTION TO ENFORCE SETTLEMENT**
                                     )
20 PACIFIC GAS AND ELECTRIC          )   Date:    April 11, 2023
   COMPANY,                          )   Time:    10:00 AM
21                                   )   Judge:   Hon. Dennis Montali
                    Debtors.         )   Ctrm:    17
22                                   )
   □ Affects PG&E Corporation        )
23 ■ Affects Pacific Gas and Electric)
   Company                          )
24 □ Affects both Debtors            )
                                     )
25 *All papers shall be filed in the Lead Case,*
   *No. 19-30088 (DM)*
26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## BACKGROUND FACTS AND

## THE PARTIES' STIPULATION BEFORE THE DISTRICT COURT

On January 29, 2019, PG&E, together with its parent company PG&E Corporation (collectively, the "Debtors"), filed for chapter 11 bankruptcy with the United States Bankruptcy Court for the Northern District of California, which cases were consolidated for procedural purposes under the lead case styled *PG&E Corp. and Pacific Gas and Electric Company*, Case No. 19-30088 (the "Chapter 11 Cases"). Debtor Pacific Gas & Electric is the traditional utility in Northern California.

Tiger Natural Gas is a Core Transport Agent providing retail gas service to residents and businesses throughout Northern California. CTAs deliver volumes of gas to PG&E's Citygate for use by the CTAs' customers, and PG&E then delivers the gas to homes and businesses throughout Northern California.

In 2016, Tiger filed a Complaint before the District Court for the Northern District of California alleging a series of torts committed by PG&E in connection with PG&E's billing and collections activities on Tiger's behalf. (Declaration of Leah E. Capritta ("Capritta Decl.") ¶ 2, Ex. A.) Specifically, Tiger alleges three fraudulent schemes giving rise to claims under RICO, the Sherman Act, intentional and negligent misrepresentation, intentional interference with contract, breach of contract, breach of fiduciary duty and violation of the California Unfair Competition Law. (*Id*., ¶¶ 90-184.) The Complaint also names three PG&E employees individually as defendants: Albert Torres; William Chen; and Tanisha Robinson. (*See id*., Ex. A.)

Tiger's Complaint followed lawsuits filed by three other CTAs, including one filed by United Energy Trading LLC, Case No. 3:15-CV-2382, in 2015. (*Id.* ¶ 4.)

Neither Tiger nor UET had settled their cases by the date PG&E filed for bankruptcy.[1] Accordingly, Tiger and UET each timely filed a proof of claim in the Chapter 11 Cases.

On September 10, 2019, the Bankruptcy Court entered an order [Docket No. 3855] (the "Claims Procedures Order") allowing PG&E to settle certain claims asserted against it without further Bankruptcy Court approval in accordance with the procedures set forth in that order.

---

[1] Prior to the bankruptcy petition, UET had made several operational concessions to PG&E and had agreed to a dollar amount, but the parties did not have an enforceable settlement.

On July 17, 2020, the Bankruptcy Court approved the Debtors' bankruptcy plan (the "Plan"), which again permitted Debtors to settle Disputed Claims. (Docket No. 8053.) Neither UET nor Tiger, as Unimpaired Creditors, voted on the Plan. (Capritta Decl. ¶ 7.)

On December 22, 2021, the Bankruptcy Court granted Tiger relief from the Plan Injunction to litigate its Complaint in before the District Court. (Docket No. 11748.)

On November 29, 2022, following a conference with the Honorable Thomas S. Hixson, PG&E and Tiger entered a settlement on record, which included:

- 

(Capritta Decl. ¶ 10, Ex. D at 4:16-5:24.)

PG&E's representatives included Laurie Edelstein (its outside counsel), Shari Hollis-Ross (Chief Counsel, Litigation & Commercial Transactions), and David Gutierrez (PG&E's Senior Manager for Core Gas Aggregation). Lori Johnson (Tiger's President), and undersigned counsel, among others, represented Tiger at the conference. (*Id*. ¶ 9.) Each stipulated orally on the record

to these terms. (*Id.* ¶ 11.)



Case: 19-30088   Doc# 13544   Filed: 02/23/23   Entered: 02/23/23 16.31.05   Page 4
of 8

## JURISDICTION

Although "[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it," the Plan contains an expansive section under which the Bankruptcy Court retains jurisdiction over the settlement of claims. (Plan, at Article XI). *See also In re City of Equities Anaheim v. Lincoln Plaza Dev. Co., Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). The Plan provides that the Bankruptcy Court shall retain jurisdiction "of all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan," including:

- "[D]istributions to holders of Allowed Claims are accomplished as provided herein (art. XI(c));"

- "Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim, including any Administrative Expense Claims" (art. XI(d));"

- "[D]isputes arising in connection with or related to the interpretation, implementation, or enforcement of the Plan, the Confirmation Order, any transactions or payments contemplated herein, or any agreement, instrument, or other document governing or relating to any of the foregoing" (art. XI(i));

- "[A]ny action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation" (art. XI(i));

- "[A]ny other matters related hereto and not inconsistent with the Bankruptcy Code and title 28 of the United States Code" (art. XI(p)); and

- "[A]ny other matter not inconsistent with the Bankruptcy Code" (art. XI(v)).

Accordingly, because enforcement of the parties' settlement implicates one or more of the foregoing provisions of the Plan, this Court possesses the requisite jurisdiction to enforce it.

## ARGUMENT

### 1.      The Court Should Enforce the Settlement Agreement

Where the parties have appeared in open court, announced that they have settled, and placed the material terms of the settlement on the record, the court can thereafter enforce that

settlement via a judgment." *Majestics Car Club Inc. v. Headley*, CV1509803DSFAFMX, 2017 WL 11634504, at *3 (C.D. Cal. June 19, 2017), report and recommendation adopted, CV1509803DSFAFMX, 2017 WL 11634503 (C.D. Cal. July 25, 2017) (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138-39 (9th Cir. 2002)).

In *Doi*, the parties stated the material terms on the record, indicated that the terms accurately reflected the agreement, and confirmed their agreement to those terms. 276 F.3d at 1140. The defendant's counsel in *Doi* subsequently prepared a written settlement agreement, which plaintiff refused to sign. *Id*. at 1135-36. The Ninth Circuit held that the oral settlement agreement was binding – regardless of the lack of a written agreement – because the parties had answered affirmatively on record when asked if they agreed to the material terms. *Id*. at 1137-38. The Ninth Circuit also stated that the parties' intent to be bound was clear when they appeared in open court, listened to the terms of the agreement, and agreed to those terms. *Id*. at 1138. Applying *Doi*, courts have similarly enforced oral settlement agreements placed on the record. *See Sehic v. Anderson*, 668 F. App'x 271 (9th Cir. 2016); *Gastile v. Virga*, 670 F. App'x 526 (9th Cir. 2016); *Drescher v. Baby It's You LLC*, No. CV 10-685 PSG (PLAx), 2011 WL 13142639, at *5 (C.D. Cal. Dec. 21, 2011), aff'd, 544 F. App'x 783 (9th Cir. 2013).

Here, Tiger and PG&E entered a settlement on the record, which expressly captured the material terms of the parties' agreement, which included:



- ███████████████████████████████████████.

The oral stipulation contains all the information the Court needs, even absent a written agreement. Here, the record contains the amount of money PG&E was to pay and that Tiger would have an Allowed Claim under the Plan. Further, because the Plan itself classifies and identifies the treatment of all claims, the Court does not require a written agreement to enforce the settlement.

Nevertheless, this motion also encloses the settlement agreement in PG&E's standard form, which mirrors the UET Agreement. (Capritta Decl. ¶ 16, Ex. F.) It provides PG&E with a general release and establishes that Tiger will dismiss the District Court case within days of execution. That is, the signed agreement resolves Tiger's Proof of Claim.

5

For all these reasons, the Court should enforce the settlement reached by the parties and entered on the record, and require PG&E to pay Tiger as set forth in the Plan.

**2. Nothing in the Plan or the Stipulation on the Record Requires Tiger to Agree to the Other Provisions in either of the Proffered Forms**

[redacted].

[redacted].

[redacted].

Accordingly, the Court should enforce the agreement on the record or, alternatively, enter the signed document as the agreement of the parties.

Case: 19-30088 Doc# 13544 Filed: 02/23/23 Entered: 02/23/23 16:31:05 Page 7 of 8

**3.** **Tiger's Claim Should Be Treated the Same as UET's Claim**

The Court should further reject PG&E's demands since its actions demonstrate an intent to give preferential treatment to similarly-situated claims without any legitimate reason. UET and Tiger both had active litigation against PG&E on the date of the Petition. Both claimants alleged similar (if not identical) causes of action against the utility. Both UET and Tiger submitted timely Proofs of Claims, and PG&E disputed both claims. Both UET and Tiger were considered Unimpaired Creditors, and neither entity was permitted to vote for the Plan. ███████████████████████████████████████████████████████████████████████████████████████████████. In other words, no material difference exists between UET's claims and Tiger's claims.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See, e.g., In re Rexford Props.*, 558 B.R. 352, 361 (Bankr. C.D. Cal. 2016) ("Substantially similarly claims may be classified separately [only] if there is a 'legitimate business or economic justification' for doing so.")

## CONCLUSION

For all these reasons, Tiger respectfully requests the Court grant the motion, order PG&E to pay Tiger ███████████████████████████████████.

DATED: January 13, 2023

Resubmitted as redacted: February 10, 2023

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: _____/s/ *Leah E. Capritta*_____
          Leah E. Capritta

*Attorneys for Tiger Natural Gas, Inc.*