Wilma Dye
217 Lakeland Drive
Lakeside, OR 97449
Phone: 541-759-1140

February 27, 2023

Judge Montali, Courtroom 17
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

Case # 19-30088
Docket #13518

**Please Post to the Courtroom Docket**

I am writing to express my support for Docket #13518 **MOTION FOR ORDER DEEMING WILLIAM B. ABRAMS SUPPLEMENT TO DAMAGE CLAIMS TIMELY.**

This motion seeks to apply rules that apply to hedge funds and stockholders claims that allow them to seek additional damages in the Bankruptcy Case of PG&E (Debtor) and apply them to claimants in the Fire Victims Trust (FVT) and others. At present, the claimants in FVT will only receive 70-80% of their claims per sources at the FVT. These claims are to be funded by 50% stock and are tied to stock valuations. The stocks are undervalued due to the material misstatements and nondisclosures made by PG&E.

Ratepayers also have damage claims due to billing for erroneous costs. It is now apparent that customers of PG&E paid for the Debtor's misrepresented and misdirected wildfire mitigation activities as well as other Debtor falsehoods through increased rates over a substantial period of time. These damages were incurred by ratepayers during the same "relevant period" (April, 2015 - November, 2018) identified within the Baupost Motion and through much of the preceding time period.

Additionally, residents have damage claims due to insurance scarcity and property values. The clear evident effects of the Debtor's falsehoods, misrepresentations and incomplete disclosures during the Baupost described "relevant period" have driven hikes in resident insurance rates and general insurance scarcity across PG&E territory and particularly within the PG&E defined High Fire Threat Districts (**HFTD**) where residents are now subjected to a lack of insurance as carriers increasingly deny insurance to those who rebuild within these PG&E services are.

This Motion (13518) is being put forward in keeping with the direction set by the Court through the **Order Granting Stipulation Resolving Motion of Baupost Group Securities, L.L.C. for Order Deeming Supplement to its Proofs of Rescission or Damage Claims Timely** [Dkt. 13467].

Baupost submitted **MOTION FOR ORDER DEEMING BAUPOST GROUP SECURITIES, L.L.C.'s SUPPLEMENT TO ITS PROOFS OF RESCISSION OR DAMAGE CLAIMS TIMELY** (**Baupost Motion**)

Baupost's Motion asserts that the Debtor's stock valuation was "artificially inflated because of the Debtor's material misstatements and nondisclosures concerning their safety practice" and that Baupost "later suffered significant losses when the value of those securities fell as the falsity of Debtor's earlier misstatements came to light."

Baupost seeks additional damages from the Debtor (PG&E). Similarly, a successful Class Action lawsuit against the Debtor was filed February 16, 2021 in the United States District Court, Case 4:19-cv-06998-HSG, Document 81:

> *3. WHEREAS, in the initial complaint, PG&E and certain individual defendants violated Sections 10(b)*
> *of the Securities Exchange Act, making certain public misrepresentations or omissions:*
>
> > ***B. Settlement Consideration***
> > 1. *Subject to the terms of this stipulation, PG&E shall pay on behalf of the Defendants, the settlement amount of $10,000,000.00.*

Both the Baupost additional claims and the Class Action lawsuit came after the PG&E bankruptcy and after the formation of the Fire Victim Trust (FVT) on July 1, 2020.

Fire survivors in the FVT along with ratepayers and residents of California in the jurisdiction where PG&E provides utility services want the same treatment as Baupost and stockholders in the Class Action lawsuit; the ability to file subsequent claims due to damage caused by the material misstatements and nondisclosures made by PG&E.

Thank you for your consideration.

Sincerely,

Wilma Dye
Camp fire survivor