KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY OF CHARLES MAIER**<br><br>**Related to Docket Nos.:** 13509<br><br>**Hearing Information:**<br>Date: March 7, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## I. INTRODUCTION

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this opposition (the "**Opposition**") to the *Notice of Motion and Motion for Relief from Automatic Stay Under 11 U.S.C. § 362* [Docket No. 13509] (the "**Motion**")[1] filed by Charles Maier ("**Maier**") on February 14, 2023. The Motion seeks relief for Mr. Maier to pursue his prepetition claims in a state court action against the Utility. But those same claims have already been adjudicated: Mr. Maier included his entire complaint in the proof of claim that he filed in these Chapter 11 Cases, thereby submitting those claims to this Court's jurisdiction, and the entire proof of claim was disallowed and expunged in June 2021.[2] Accordingly, the Court should deny the Motion and order Mr. Maier to dismiss his state court action with prejudice.

## II. FACTUAL BACKGROUND

### A. The State Court Action

On June 14, 2018, Mr. Maier filed a *Complaint for Private Nuisance, Injunction & Declaratory Relief* (the "**Complaint**") in the Superior Court of California for the County of Santa Cruz (the "**State Court**") in case number 18CV01718 (the "**State Court Action**"). The Complaint alleges that Mr. Maier had been using a portion of real property owned by the Utility in Santa Cruz, California, that housed a substation for delivery of electricity to the local community. Mr. Maier wanted to cross the substation property to gain access to the rear of a residential property that he owned, even though he had a driveway at the front of the residential property that accessed the street. In 2016, the Utility fenced off the entire substation property for public and operational safety, after which Mr. Maier could no longer trespass on the property. The Utility rejected a subsequent proposal from Mr. Maier to lease or license access through the property. The Complaint asserts that Mr. Maier is entitled to a prescriptive easement and money damages from the Utility.

---

[1] Although styled as a motion for relief from the automatic stay, the Reorganized Debtors respond to the Motion as if it were a motion to modify the plan injunction.

[2] A copy of Proof of Claim No. 1896 filed by Mr. Maier (the "**Proof of Claim**") is attached hereto as **Exhibit A**.

On January 10, 2019, the Utility filed *Defendant Pacific Gas and Electric Company's Notice and Motion for Summary Judgment* in the State Court Action. *Declaration of Aaron J. Mohamed in Support of Plaintiff's Motion for Relief from the Automatic Stay* [Docket No. 13511] ("**Mohamed Decl.**"), Ex. A. The Utility argued that Maier's claims fail as a matter of law because, under California law, a prescriptive easement cannot occur on property dedicated to public service by a public utility:

> [N]o possession by any person, firm or corporation no matter how long continued of any land, water, water right, easement, or other property whatsoever dedicated to a public use by a public utility, or dedicated to or owned by the state or any public entity, shall ever ripen into any title, interest or right against the owner thereof.

Cal. Civil Code § 1007.

On January 14, 2019, Mr. Maier filed *Plaintiff Charles Maier's Notice of Motion and Motion for Summary Judgment or in the Alternative Summary Adjudication*. Mohamed Decl., Ex. B. The two motions were set to be heard in the State Court on March 28, 2019.

**B.     PG&E Bankruptcy**

On January 29, 2019, the Debtors filed voluntary cases for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). Upon the filing of the Chapter 11 Cases, the automatic stay under Section 362(a) of the Bankruptcy Code stayed the State Court Action. *See* 11 U.S.C. § 362(a).

On June 20, 2020, the Bankruptcy Court entered its *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**") approving the terms of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (together with any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 (the "**Effective Date**") [Docket No. 8252].

Section 10.6 of the Plan sets forth the plan injunction (the "**Plan Injunction**"), which specifies, in pertinent part:

> as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Entities who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in

> a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor[.]

Plan § 10.6(a)(i); Confirmation Order ¶ 52(a)(i).

C.  **Maier's Proof of Claim and Its Disallowance**

Mr. Maier filed Proof of Claim No. 1896 against the Utility on March 29, 2019,[3] asserting an unsecured nonpriority claim with a liquidated claim amount of $100,000.00[4] and attaching the Complaint. On the Proof of Claim, Mr. Maier describes the basis for his claim as: "Conversion of Property. Creditor holds easement over Debtor's property. Debtor has fenced and excluded Creditor."

On March 4, 2021, the Reorganized Debtors delivered an offer to settle the Proof of Claim (the "**Settlement Offer**") to Mr. Maier's counsel listed on the Proof of Claim, pursuant to the procedures (the "**Offer Procedures**") set forth in the *Order Approving ADR and Related Procedures for Resolving General Claims*, entered on September 25, 2020 [Docket No. 9148] (the "**ADR Procedures Order**"). Pursuant to the Offer Procedures, Mr. Maier had 21 days to respond to the Settlement Offer—but he did not respond. After that time had elapsed, the Reorganized Debtors sent Mr. Maier (through counsel) a reminder notice (the "**Offer Reminder Notice**") on April 8, 2021, allowing him an additional 14 days to respond (for a total of 49 days)—but he still failed to respond to the Offer Reminder Notice.

Given Mr. Maier's failure to participate in the Offer Procedures, the Reorganized Debtors objected to the Proof of Claim through the *Reorganized Debtors' Eighty-Fifth Omnibus Objection to Claims (ADR No Liability Claims)* [Docket No. 10691] (the "**Omnibus Objection**"), filed on May 20, 2021. Mr. Maier (through counsel) was served with, and never responded to, the Omnibus Objection. *See* Certificate of Service [Docket No. 10717] at 46 (e-mail) and 66 (first class mail); Request for Default [Docket No. 10847]. On June 25, 2021, the Court disallowed and expunged the Proof of Claim in the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Eighty-Fifth*

---

[3] Mr. Maier also filed a duplicate proof of claim against PG&E Corp., which was disallowed and expunged as a duplicate claim. *See* Proof of Claim No. 1898; Docket Nos. 8759 and 9088.

[4] This was the face amount set forth by Mr. Maier on the Proof of Claim as filed, not the Reorganized Debtors' "estimate" as described in Maier's Memorandum of Points and Authorities. *Cf.* Docket No. 13512 at 3.

*Omnibus Objection to Claims (ADR No Liability Claims)* [Docket No. 10864] (the "**Disallowance Order**"). *See also* Certificate of Service [Docket No. 10881] at 43 (e-mail and first class mail).

Nearly twenty months later, Mr. Maier filed the Motion.

### III.     ARGUMENT

The Motion acknowledges that the Proof of Claim has been disallowed and does not seek to alter or otherwise set aside the Disallowance Order. Instead, Maier appears to argue that portions of the Complaint were not captured by the Proof of Claim, were not discharged, and are amenable to litigation in the State Court Action: "Neither the District Court nor the Bankruptcy Court should exercise jurisdiction over Charles Maier's claim for private nuisance, injunction, and declaratory relief since the claim is capable of being timely adjudicated in the Santa Cruz Superior Court." (Motion at 2.) However, it was Mr. Maier himself who attached the entire Complaint (without any reservation or qualification) to his filed Proof of Claim; by so doing, Mr. Maier made the claims therein part of the Proof of Claim and subjected those claims to the jurisdiction of the Bankruptcy Court. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[F]iling a claim against a bankruptcy estate . . . triggers the process of allowance and disallowance of claims, thereby subjecting [the litigant] to the bankruptcy court's equitable power." (internal quotation marks omitted); *Durkin v. Benedor Corp. (In re G.I. Indus.)*, 204 F.3d 1276, 1280 (9th Cir. 2000) (proof of claim attaching a contract necessary for determining claim submits the contract to bankruptcy court jurisdiction); *MacGibbon v. MacGibbon (In re MacGibbon)*, No. WW-05-1411-DMcK, 2006 Bankr. LEXIS 4903, at *29 (B.A.P. 9th Cir. Oct. 4, 2006) (claimant "willingly subjected himself to the bankruptcy court's jurisdiction by filing his claims"); *Davis v. M&M Developer, LLC (In re MBM Entm't, LLC)*, 531 B.R. 363, 374 (Bankr. S.D.N.Y. 2015) (claimant attaching complaints in state court lawsuits to proof of claim "submitted all of those claims to the jurisdiction" of bankruptcy court).

Moreover, after affirmatively subjecting the claims asserted in his Complaint to the jurisdiction of the Bankruptcy Court by filing the Proof of Claim with the Complaint nearly four years ago, Mr. Maier had a full opportunity to either resolve his claims in the Bankruptcy Court or timely seek relief from the automatic stay or Plan Injunction to have those claims adjudicated in the State Court. Yet he failed to do so at any time during the first four years of these Chapter 11 Cases, including: (i) when he

received the Offer Letter, (ii) when he received the Offer Notice Reminder, and (iii) when he was served with the Omnibus Objection. After "fail[ing] to comply with the General ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the General ADR Procedures," Omnibus Obj. at 4, and then failing to respond to the Omnibus Objection, or, indeed, doing anything else in these Chapter 11 Cases to assert his claims, Mr. Maier cannot now—twenty months after the Proof of Claim was disallowed, and over four years since the State Court Action was stayed—seek to have some subset of his claims revived and re-adjudicated. Nor can he retract the submission of his claims to the jurisdiction of this Court and evade the Plan discharge and the Plan Injunction at this late date.

The Proof of Claim has been disallowed, the State Court Action cannot go forward, and there is no basis on which to modify the Plan Injunction. The Motion should be denied.

## IV.  RESERVATION OF RIGHTS

The Reorganized Debtors reserve all rights with respect to the Proof of Claim and the State Court Action, which include the right to assert any counterclaims or affirmative defenses (including, without limitation, mitigation of damages, waiver, equitable estoppel, unclean hands, election of remedies, and laches), whether in connection with the Proof of Claim, the State Court Action, or any other litigation, which counterclaims and defenses are expressly reserved.

## V.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Reorganized Debtors respectfully request that the Court (i) deny the Motion, (ii) order Maier to dismiss the State Court Action with prejudice, and (iii) enter such other and further relief as the Court may deem just and appropriate.

Dated:  February 28, 2023

**KELLER BENVENUTTI KIM LLP**

By:  */s/ Thomas B. Rupp*
Thomas B. Rupp
*Attorneys for the Reorganized Debtors*