# EXHIBIT A

**(Maier Proof of Claim)**

Fill in this information to identify the case:

Debtor 1   Pacific Gas and Electric Company
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   Northern District of California
Case number: **19–30089**

FILED
**U.S. Bankruptcy Court**
**Northern District of California**
3/29/2019

**Edward J. Emmons, Clerk**

# Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Charles Maier

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Charles Maier

Name

Aaron J. Mohamed, Esq.
Brereton Law Office, APC
1362 Pacific Ave., Suite 221
Santa Cruz, CA 95060

Contact phone  (831) 429–6391
Contact email  ajm@brereton.law

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                Proof of Claim                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: \_\_\_\_ | |

7. **How much is the claim?** $ 100000.00

   **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as healthcare information.

   Conversion of property. Creditor holds easement over Debtor's property. Debtor has fenced and excluded Creditor.

9. **Is all or part of the claim secured?**

   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $ _____
   **Amount of the claim that is secured:** $ _____
   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $ _____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410            Proof of Claim            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 3/29/2019
MM / DD / YYYY

/s/ Aaron J. Mohamed
Signature

Print the name of the person who is completing and signing this claim:

Name: Aaron J. Mohamed
First name   Middle name   Last name

Title: Attorney for Creditor

Company: Brereton Law Office, APC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 1362 Pacific Ave., Suite 221
Number   Street
Santa Cruz, CA 95060
City   State   ZIP Code

Contact phone: (831) 429–6391   Email: ajm@brereton.law

Official Form 410   Proof of Claim   page 3

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
6/14/2018 11:38 AM
Alex Calvo, Clerk
By: Declan Salsedo, Deputy

BRAD C. BRERETON (SBN 111266)
AARON J. MOHAMED (SBN 245915)
**BRERETON LAW OFFICE**
1362 Pacific Avenue, Suite 220
Santa Cruz, CA 95060
Tel: (831) 429-6391
Fax: (831) 459-8298
ajm@brereton.law

Attorney for Plaintiff
CHARLES MAIER

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLES MAIER, an individual,<br><br>Plaintiff.<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California Corporation, and DOES 1-50,<br><br>Defendants. | CASE NO. 18CV01718<br><br>**COMPLAINT FOR PRIVATE NUISANCE, INJUNCTION & DECLARATORY RELIEF** |

Plaintiff alleges as follows:

**IDENTITY AND CAPACITY OF PARTIES**

1. Plaintiff Charles Maier is, and at all times herein concerned has been, an individual residing in the County of Santa Cruz.

2. Defendant Pacific Gas and Electric Company ("PG&E") is, and at all times herein concerned has been, a California Corporation, doing business in the County of Santa Cruz.

3. The true names and capacities, whether individual, corporate or otherwise, of Defendants Does 1 through 50, are unknown to Plaintiff at this time. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated as a Doe is responsible in some manner for the events and

happenings herein referred to, and caused injury and damage proximately thereby to plaintiffs as herein alleged.

4. At all times mentioned herein, each of the defendants, including the defendants served as DOE herein, was the agent and/or employee of each of the remaining defendants and in doing the things herein mentioned was acting within the scope of such agency and/or employment.

## FACTUAL SUMMARY

5. Plaintiff is the current holder of record title to that parcel of real property located within the County of Santa Cruz with Assessor's Parcel Number 026-022-10, and more commonly known as 2521 Seventh Ave., Santa Cruz, California, 95062 (the "Maier Property"). Plaintiff purchased the Maier Property in or around 2004.

6. Defendant is the current holder of record title to that parcel of real property within the County of Santa Cruz located on Bostwick Lane, Santa Cruz, CA 95062 with Assessor's Parcel Number 026-022-05 (the "PG&E Property").

7. The westerly portion of the PG&E Property has been fenced off for an unknown amount of time, and contains electrical equipment and other fixtures. Plaintiff is informed and believes that PG&E has used said electrical fixtures in furtherance of its business of providing utility services to the public. Plaintiff is informed and believes that said portion of the PG&E Property is used as an electrical substation, known as the "Arana Substation."

8. This action concerns a claim of prescriptive easement over an easterly portion of the PG&E Property (the "Easement Area"). The Easement Area borders with Bostwick Lane to the south, and with the back yard of the Maier Property to the northeast (see **Exhibit A**, parcel map and ariel view Google Map of the Properties). The Easement Area is outside of the fenced in area comprising the Arana Substation.

9. Until recently, the Easement Area was unfenced and could be accessed via Bostwick Lane, and provided access to the back yard of the Maier Property. Plaintiff regularly used the Easement Area for a variety of purposes, including but not limited to

2
Complaint for Private Nuisance, Injunction and Declaratory Relief

Case: 19-30088    Doc# 13553-1    Filed: 02/28/23    Entered: 02/28/23 15:34:20    Page 2 of 10
Case: 19-30088    Claim 17-1 Part 2    Filed 05/22/19    Entered    Attachment 3    Page 6 of 14

ingress and egress to his property, in an open and hostile manner, under claim of right, for over five years prior to the commencement of this action.

10.     In or around May 2018, Defendant erected fencing around the Easement Area, thereby impeding Plaintiff's access and interfering with Plaintiff's rights in the Easement Area.

## FIRST CAUSE OF ACTION
### Declaratory Relief

11.     Plaintiff hereby realleges and incorporates herein by reference each and every prior allegation of this complaint.

12.     An actual controversy has arisen and now exists between Plaintiff and Defendant, and each of them, concerning their respective rights and duties in regards to their respective interests in the Properties and specifically, in the Easement Area. Plaintiff contends that he is entitled to use and enjoyment of the Easement Area. Defendant disputes this claim.

13.     Plaintiff desires a judicial determination of his rights in the Easement Area and the PG&E Property. Plaintiff also desires a judicial determination that the action taken by Defendant, in fencing off the Easement Area and preventing Plaintiff's access, constitutes a wrongful act, in violation of Plaintiff's rights.

14.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights.

## SECOND CAUSE OF ACTION
### Injunctive Relief

15.     Plaintiff hereby realleges and incorporates herein by reference each and every prior allegation of this complaint.

16.     As set forth above, Defendant's fencing infringes upon and interferes with Plaintiff's rights in the PG&E Property, and more specifically, in the Easement Area.

17.     Plaintiff has been and will continue to be irreparably harmed, damaged and injured if Defendant is allowed to continue to violate Plaintiff's rights, as set forth above.

3

Case: 19-30088    Doc# 13553-1 Part 2    Filed: 02/28/23    Entered: 02/28/23 15:34:20    Page 7 of 14
Complaint for Private Nuisance, Injunction and Declaratory Relief

18. Plaintiff has no adequate remedy at law since monetary damages cannot fully or adequately compensate for the permanent and ongoing interference with Plaintiff's rights, as set forth above.

19. Plaintiff requests that this court issue a preliminary and permanent injunction ordering Defendant to remove all fencing which prevents Plaintiff's access to the Easement Area, and enjoining Defendant from all further acts and omissions which operate to infringe upon, interfere in, wrongfully benefit from, or otherwise adversely affect Plaintiff's rights. Plaintiff requests such other and further relief necessary and proper for the purposes of protecting Plaintiff's easement and other rights as alleged herein.

### THIRD CAUSE OF ACTION
#### Private Nuisance

20. Plaintiff hereby realleges and incorporates herein by reference each and every prior allegation of this complaint.

21. In doing the above mentioned acts, Defendant has caused a condition to exist that is an obstruction to the free use of Plaintiff's property and interferes with Plaintiff's comfortable enjoyment of the same.

22. Plaintiff did not consent to Defendant's erection of the fencing, as set forth above, and has been harmed by Defendant's erection of the fencing. A reasonable person would be similarly annoyed or disturbed by Defendant's conduct.

23. The harm to Plaintiff outweighs any alleged public benefit of Defendant's conduct.

24. In doing the aforementioned acts, Defendants and each of them knowingly, intentionally, and wilfully engaged in the foregoing conduct which they knew was substantially certain to wrongfully harm Plaintiff, and Defendants knowingly, wilfully, and intentionally exposed Plaintiff to unjust hardship through such conduct, all of which amounts to "oppression" within the meaning of Civil Code Section 3294. In engaging in the aforementioned conduct, Defendants consciously disregarded the rights of Plaintiff, all of which amounts to "malice" within Civil Code Section 3294. All of the

4

aforementioned conduct of Defendants amounts to "despicable conduct" within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiff should be awarded punitive damages against the Defendants and each of them.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

1. For a declaration establishing Plaintiff's rights in the PG&E Property and specifically, in the Easement Area; and,

2. For a preliminary and permanent injunction ordering Defendant to remove all fencing which prevents Plaintiff's access to the Easement Area, and enjoining Defendant from all further acts and omissions which operate to infringe upon, interfere in, wrongfully benefit from, or otherwise adversely affect Plaintiff's rights; and,

3. For damages according to proof, including attorneys' fees to the extent available under applicable law; and,

4. For costs of suit; and,

5. For an award of punitive damages; and,

6. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

Date: June 11, 2018

AARON J. MOHAMED
Attorney for Plaintiff
CHARLES MAIER

5

Complaint for Private Nuisance, Injunction and Declaratory Relief

Case: 19-30088   Doc# 13553-1   Filed: 02/28/23   Entered: 02/28/23 15:34:20   Page 9 of 14
Claim# 3755 Part 2 Filed 03/25/19 Desc Attachment 1 Page 5 of 10

# Exhibit A









Santa Cruz, California

 Google, Inc.

Street View - Feb 2014

