# EXHIBIT 2

**LATHAM & WATKINS LLP**
  James E. Brandt (*pro hac vice*)
  *james.brandt@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

**LATHAM & WATKINS LLP**
  Michael J. Reiss (Bar No. 275021)
  *michael.reiss@lw.com*
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Defendant PG&E Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PG&E CORPORATION SECURITIES LITIGATION | Case No. 5:18-cv-03509-EJD<br><br>**PG&E CORPORATION'S RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO THE COURT'S NOTICE OF INTENT TO STAY** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

PG&E'S RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088   Doc# 13557-2   Filed: 02/28/23   Entered: 02/28/23 16:20:44   Page 2 of 7

1    Named Defendant PG&E Corporation ("**PG&E**") is no longer a proper defendant in this
2    matter. Indeed, under the injunction set forth in Section 10.6 of the *Debtors' and Shareholder*
3    *Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (the "**Plan**"), plaintiffs
4    are prohibited from "commencing, conducting, or ***continuing in any manner***, directly or
5    indirectly" this lawsuit against PG&E. *See* N.D. Cal. Bankr. Case No. 19-30088, ECF No. 8048,
6    § 10.6 (emphasis added). This prohibition, of course, precludes seeking any relief against PG&E.
7    PG&E submits this response (the "**Response**") to the Objection to the Court's Notice of Intent to
8    Stay (ECF No. 203, the "**Objection**"), filed by the Public Employees Retirement Association of
9    New Mexico, York County on behalf of the County of York Retirement Fund, City of Warren
10   Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension
11   Fund (collectively, "**Lead Plaintiffs**"), to emphasize that seeking any relief against PG&E in this
12   lawsuit is in direct violation of the Plan and to ensure that the Court is fully informed on the lengthy
13   Bankruptcy Court history of the specific issue raised by Lead Plaintiffs—specifically, whether
14   Lead Plaintiffs and their counsel must have a role representing claimants in PG&E's Chapter 11
15   Cases who may also have a claim against the remaining defendants here stemming from the same
16   events and transactions.

17   As noted above, the request by the Lead Plaintiffs for relief against PG&E is in direct
18   violation of the Plan injunction which prevents the continuation of this lawsuit against PG&E. The
19   request for relief against PG&E in connection with the claims process also violates the separate
20   injunction against interference with the Plan, including the claims resolution process. *See* N.D.
21   Cal. Bankr. Case No. 19-30088, ECF No. 8048, § 10.5 ("Upon entry of the Confirmation Order,
22   all holders of Claims against or Interests in the Debtors and other parties in interest, along with
23   their respective present or former employees, agents, officers, directors, principals, and affiliates,
24   shall be enjoined from taking any actions to interfere with the implementation or consummation
25   of the Plan.").

26   Even if, *arguendo*, Lead Plaintiffs were not barred from seeking any relief against PG&E
27   here, Lead Plaintiffs' request for relief against PG&E should be denied on the merits. Indeed, this
28   is now the *fourth time* Lead Plaintiffs have made the argument that claimants in the bankruptcy

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PG&E'S RESPONSE TO LEAD PLAINTIFFS'
OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088   Doc# 13557-2   Filed: 02/28/23   Entered: 02/28/23 16:20:44   Page 3 of 7

need the protection of the Lead Plaintiffs in connection with the resolution of their claims in the bankruptcy proof of claim process. *See generally* Obj. at 15-24. All three of Lead Plaintiffs' prior attempts properly failed.

1. On December 9, 2019, Lead Plaintiffs moved to apply Bankruptcy Rule 7023 to treat their proofs of claim as "class proofs of claim." On February 27, 2020, Judge Montali denied Lead Plaintiffs' motion, and extended the bar date for putative class members in this Action to file a proof of claim in the Chapter 11 Cases.

2. On March 6, 2020, Lead Plaintiffs appealed Judge Montali's order denying their motion, which the District Court dismissed on March 8, 2021.

3. On September 28, 2020, Lead Plaintiffs filed a "second" motion to apply Bankruptcy Rule 7023 to certify a class of securities claimants who filed proofs of claim in the Chapter 11 Cases. On January 26, 2021, Judge Montali denied that motion.

When Judge Montali denied Lead Plaintiffs' second motion seeking to apply Bankruptcy Rule 7023, Judge Montali expressly rejected Lead Plaintiffs' argument—which they now recycle here—that the alternative dispute resolution ("**ADR**") process (individual claims resolution) ordered by Judge Montali prejudices securities claimants who filed proofs of claim in the Chapter 11 Cases ("**Claimants**") because, according to Lead Plaintiffs, Claimants are incapable of representing themselves with respect to their securities claims:

> I reject [Lead Plaintiffs'] arguments that somehow the reorganized debtors will pick off unrepresent[ed] parties, like shooting fish in a barrel. There are several reasons why I reject that argument. First, many of those parties have counsel, some of who joined in opposing the ADR motion, and quite adequately represented their client's interest. There's no reason why they can't and won't continue to do so if appropriate under the ADR procedures.
>
> I further reject the notion that somehow investors, whether they be individuals or institutions, who were able to make their own investment choices for purchasing the company's stock or debt years ago, are somehow unable to make their own decisions whether to accept a recovery on some portion of what they spent when they made those investment decisions. Then they either made their own decisions or took the advice of investment advisors, stock brokers, investment committees, or otherwise. I am not going to assume that they are so unsophisticated, innocent babes in the woods who can't make their own decisions now. . . .

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PG&E'S RESPONSE TO LEAD PLAINTIFFS'
OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088   Doc# 13557-2   Filed: 02/28/23   Entered: 02/28/23 16:20:14   Page 4 of 7

> If they want the benefit of counsel, either at the outset of the offer acceptance process or later, when faced with mediation, nothing prevents them from organizing collectively in selecting counsel on a group basis to represent their interests.

Dec. 4, 2020 Tr. at 7:11 - 8:11 (N.D. Cal. Bankr. Case No. 19-30088, ECF No. 9752).

Lead Plaintiffs' Objection effectively seeks to re-litigate Judge Montali's rulings by arguing that those Claimants, who of course may also be members of the putative class here (though no class has been certified), will not be competent to decide whether to settle their claims if PG&E asks them to release all of their claims related to their investment decisions in PG&E securities, since those latter claims would also include any claims against the remaining defendants here. PG&E may well make that ask in connection with any settlement, since, if the Claimants are to receive compensation for their securities claims against PG&E in the bankruptcy, PG&E would want to extinguish any further liability, including potential indemnity liability to the remaining defendants here, in connection with those very same investment decisions. That sensible scenario should not, however, be a basis for this Court to revise or in any way interfere in the ADR process approved and supervised by Judge Montali, which sets out three separate mechanisms for the potential settlement of the Claimants' asserted claims "without the need for expensive and protracted litigation." (*See* N.D. Cal. Bankr. Case No. 19-30088, ECF No. 8964 at 2.)

First, Lead Plaintiffs' argument rests on the false contention that Claimants "will be unaware of their claims in this proceeding" and, therefore, unable to negotiate fair value for them. *See* Obj. at 16. In fact, PG&E's motion seeking approval of the proposed ADR process in the Chapter 11 Cases—which was sent to every Claimant and to which every securities claimant was entitled to object—expressly informs the securities claimants that this Action is pending in this District against the officer, director, and underwriter defendants. (*See* N.D. Cal. Bankr. Case No. 19-30088, ECF No. 8964 at 5 n.4.) Accordingly, every Claimant has the very information PERA claims they lack, and as Judge Montali recognized, the securities claimants may use that information to value their claims, against PG&E or otherwise, as they (and in many cases, their

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3
PG&E'S RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088   Doc# 13557-2   Filed: 02/28/23   Entered: 02/28/23 16:20:44   Page 5 of 7

1 counsel) see fit.[1]

2       Second, Lead Plaintiffs' attempt to equate Claimants with the "typical" putative class member who is "less likely than a typical litigant to be aware that he or she even has *any* claim" (Obj. at 18-19; emphasis in original) is just plain wrong, as it conflates proofs of claim in a bankruptcy with a putative class action. Unlike a putative class member, ***every single Claimant affirmatively filed his or her own proof of claim***. Indeed, any claimant filing a proof of claim is deemed to know and understand the basis for their claims since they are submitted under penalty of perjury. In other words, every Claimant who negotiates with PG&E is more akin to the "typical litigant" than he or she is to the "typical putative class member" who may be unaware of his or her own claims. Indeed, putative class members in this Action who have not affirmatively filed a proof of claim in the Chapter 11 Cases are not participants in the ADR process ordered by Judge Montali.

3       Third, Lead Plaintiffs' requests that this Court enjoin PG&E from obtaining releases for the defendants in this Action or "condition its stay upon the non-occurrence of such releases" (Obj. at 21) would undermine the entire ADR process in the Chapter 11 Cases. According to Lead Plaintiffs, PG&E should be forced to decide between (1) settling securities claims against only PG&E, which could leave PG&E exposed to further claims by the same person stemming from the same events and transactions (via indemnification), and (2) not settling at all—a choice that would discourage PG&E from pursuing *any* settlements with the Claimants. Moreover, the injunction Lead Plaintiffs request would deprive Claimants, many of whom are represented by counsel, of the right and opportunity to decide for themselves what their claims against PG&E and the defendants in this Action are worth to them. To be 100% clear, each of these Claimants has the right not to settle and to rely on the litigation here, just like they had the right to choose not to file a proof of claim in the first instance. The point being addressed here is not whether these

---

[1] Additionally, PG&E mailed a copy of the Disclosure Statement, which contains a comprehensive discussion of this action (*see* N.D. Cal. Bankr. Case No. 19-30088, ECF No. 6353 at 11-12) to every equity claimant who filed a proof of claim for damages on or before May 11, 2020—*i.e.*, twenty-five days after the claims bar date in the Bankruptcy Court. Further, each of PG&E's annual and quarterly filings since July 26, 2018 have disclosed the existence of this action and of the non-debtor defendants. *See, e.g.*, PG&E Corp. 10-Q (July 26, 2018) at 39.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PG&E'S RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088    Doc# 13557-2    Filed: 02/28/23    Entered: 02/28/23 16:20:14    Page 6 of 7

Claimants are somehow being barred from pursuing a remedy in this Court; it is rather whether Lead Plaintiffs here can bar them from settling proofs of claim they determined to file on terms to which they wish to agree.

Lead Plaintiffs ask this Court to enjoin PG&E or impose requirements on PG&E that would undercut the ADR process—a process that was ordered by Judge Montali after PG&E filed a noticed motion, after securities claimants had an opportunity to object (which Lead Plaintiffs and others did), and after a full and fair hearing. Regardless of whether this Court stays this Action, to which PG&E is no longer a proper defendant, Lead Plaintiffs' request that this Court interfere with and potentially undermine the ADR process ordered by Judge Montali should be rejected both because the mere request by Lead Plaintiffs violates various injunctions in the Plan as well as because the request fails on the merits.

Dated: June 10, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ James E. Brandt
James E. Brandt (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Michael J. Reiss (Bar No. 275021)
michael.reiss@lw.com
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for PG&E Corporation*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

PG&E'S RESPONSE TO LEAD PLAINTIFFS' OBJECTION TO NOTICE OF INTENT TO STAY
CASE NO. 5:18-cv-03509-EJD

Case: 19-30088   Doc# 13557-2   Filed: 02/28/23   Entered: 02/28/23 16:20:14   Page 7 of 7