1  **SPIRO JANNINGS**
   1304 Shortridge Ave. Unit C
2  San Jose, CA 95116
   408-292-0646
3  Spiro@redlineracingcams.com

4  CREDITOR/CLAIMANT, *In Propria Persona*

5

6              UNITED STATES BANKRUPTCY COURT
               NORTHERN DISTRICT OF CALIFORNIA
7               SAN FRANCISCO DIVISION

8  In re:                                    )    Bankruptcy Case No.: **19-30088 (DM)**
                                             )
9  PG&E CORPORATION,                         )    Chapter 11
                                             )
10     - and -                               )    (Lead Case) (Jointly Administered)
                                             )
11 PACIFIC GAS AND ELECTIC                   )    **DECLARATION OF**
   COMPANY,                                  )    **SPIRO JANNINGS IN SUPPORT OF**
12                                           )    **CLAIMANT`S RESPONSE TO**
       Debtors.                              )    **DEBTOR'S OPPOSITION TO**
13                                           )    **CREDITOR'S OMNIBUS MOTION**
                                             )    **FOR RELIEF FROM FINAL ORDER**
14 Affects both Debtors                      )    **DISMISSING CREDITO'S CLAIM**
                                             )    **NO. 58462, FILED OCTOBER 17, 2019**
15     * *All papers shall be filed in the*  )
       *Lead Case, No. 19-30088 (DM)*        )    Reference to Docket Entries:
16                                           )    13455, 13456, 13464 and **13524**
                                             )
17                                           )    Hearing:
                                             )    Date:  March 7, 2023
18                                           )    Time:  10:00 AM (Pacific)
                                             )    Place: Tele/Video-conference Only
19                                           )    United States Bankruptcy Court
                                             )    Courtroom 17, 16th Floor
20 _____)    San Francisco, CA 94102

21

22

23

24

                                                                                    1

I, Spiro G. Jannings, hereby declare and state:

1. I am over the age of 18, a natural born U.S. Citizen, and resident of Santa Clara County, California, and of sound mind and health. I have personal knowledge of the facts stated herein, and will testify under oath upon being called to do so.

2. I am the plaintiff in a still active civil law suit against Pacific Gas and Electric Company; a.k.a. PG&E, filed on August 24, 2017, in Santa Clara County Superior Court, case number 17CV315033, alleging several cause of actions for unlawful termination.

3. On December 6, 2018, I retained Mr. Scott Furstman as my attorney, after representing myself *pro* se, following the sudden illness of my original attorney, Mr. Gerald A. Emanuel, who became gravely ill in early 2018 and succumbed in February of 2022.

4. On October 17, 2019, I filed a claim against PG&E as claim number 58462, citing 17CV315033, following PG&E's filing of Chapter 11 bankruptcy in U.S. Bankruptcy Court, Northern District of California on January 29, 2019, under case number 19-30088-DM.

5. On or about October 1 of 2021, my attorney Mr. Furstman told me he had retained another attorney specialized in Bankruptcy rules, which was the last direct communication I had with Mr. Furstman; and I never heard from or communicated with the attorney he hired, whom I'd later come to know as Mr. Michael St. James.

6. During the period of time between October 2021, and April 14, 2022, I had no communication with my attorney/s. I had sent text, emails, and left voice message calls for Mr. Furstman on a regular weekly or bi-weekly basis, but received no replies.

7. I was aware through my Uncle, who is an attorney, and the landlord for Mr. Furstman's office, that Mr. Furstman was going through rough medical issues, and I attributed his lack of response to these matters. I lent further patience to the silence of my claim in this

2

1 Court's jurisdiction to what I was previously told by Mr. Furstman, often took a long time with

2 cases as large as companies like PG&E required.

3       8.      On April 14, 2022, I became aware through my Uncle that my case had been

4 dismissed, and only then, was all the case history of my claim and the details of hearings,

5 appearances, and failings by Mr. Furstman and Mr. St. James made aware to me.

6       9.      In discussions with a paralegal friend, and communications with Mr. St. James, I

7 was advised to immediately seek new counsel and did. I learned in the process of calling

8 attorneys from Los Angeles to San Francisco, that the risk of "sanctions" upon them was a

9 major deterrent for taking what they called "another bite at the apple." I was told by several, that

10 my case record showed considerable negligence by prior counsel that would be hard for them to

11 explain, and they did not wish to risk the sanctions coming from that.

12       10.      On or about May 8, 2022, I was directed by my cousin, Mike Kasolas, to contact

13 Mr. Mark Bostick, whom Mike knew and had already spoke to about my case; which I did.

14       11.      After several weeks of looking into the case history, Mr. Bostick agreed to take

15 my case, and on July 14, 2022, I paid Mr. Bostick the first half of the agreed amount to file

16 motions for relief from the January 13, 2022 Order and grant relief from stay.

17       12.      On September 8, 2022, I paid Mr. Bostick the second half of the agreed sum to

18 complete his motions for my relief in PG&E's Ch-11 case.

19       13.      Between September and late December holidays, I spoke with Mr. Bostick

20 several times, as did my paralegal friend on my behalf, to inquire why he and his assigned in-

21 house counsel had not filed motions on my claim with this Court, and got no adequate response,

22 other than they were working on it, and it was going to be difficult, and it might cost more

23 money, even though I had a fixed cost they were paid up-front for completing.

24

3

14.     On or about late November, 2022, I became suspicious Mr. Bostick was not going to complete our agreement to file motions for vacating the January 13, 2022 Order, and chose to proceed *pro se*.

15.     There was no possible way to anticipate that Mr. Bostick would renege on a "timely" completion of our agreement, which I expected to be fulfilled with his September 8, 2022 payment. Furthermore, more than six or eight firms had looked at this case and were convinced the "mess" that was left by prior counsel's failures, required too much time to undo.

16.     Mr. Bostick was acquired, tentatively, within a few weeks of my learning on April 14, 2022, of my claim's disposition of dismissal. Mr. Bostick was formally retained on July 14, 2022, only after several weeks of his firms due diligence I could not accelerate.

17.     I had acted as fast as possible, given the attorney hunting environment, which is especially jaded in acquiring when asked to take over for the mistakes of prior counsel, and could not have evolved into a resolution for filing my own *pro se* Motion any quicker than I did.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at San Jose, California, this 28th Day of February, 2023.

Date: 2/28/23

SPIRO JANNINGS, *Claimant*

SPIRO JANNINGS
*Pro Se*