Exhibit A
to Sullivan
Declaration

is a correct transcript therefrom, and of the whole of said original.

WITNESS my hand and the seal of said Superior Court affixed at my office in the City of Santa Rosa, County of Sonoma, State of California, this 27th day of July 1923

(SEAL) W. W. FELT, JR., County Clerk.

By Chas T Byington Deputy Clerk.

RECORDED at request of H. W. McComas Sep 12 1923 at 35 min. past 9 o'clock, A.M., San Mateo County Records, T. C. Rice, Recorder, By Edna Y. Clayton, Deputy Recorder. 9982A-D. Compared by

---oOo---

Standard-Bay P/L. G M-O- L 15498 F 4634 X
43

T J S
E H S
RIGHT OF WAY GRANT

$10.00 Doc.U.S.I.R.Stamps Cancelled.

MILLS ESTATE INCORPORATED

to PACIFIC GAS AND ELECTRIC COMPANY

THIS INDENTURE AND AGREEMENT made and entered into this 4th day of September 1923, by and between MILLS ESTATE INCORPORATED, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Estate Company", and PACIFIC GAS AND ELECTRIC COMPANY, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Electric Company",

WITNESSETH that

WHEREAS said Estate Company is the owner and in possession of the following described tract of land (hereinafter referred to as said tract of land) lying and being situate in the County of San Mateo, State of California, described as follows, to-wit:

All that certain portion of Swamp and Overflowed Lands Survey No.54 granted by the State of California to D. O. Mills by grant dated March 1, 1862, and recorded in the office of the County Recorder of San Mateo County, California, June 2, 1862 in Book 1 of Patents, Page 62, and more particularly described as follows:

Beginning at the point where the line between Townships 3 and 4 South intersects the East line of the Buri Buri Rancho, thence East 25.64 chains to the ¼ section corner on line between sections 3 and 34, thence East 20 chains, thence South 40 chains, thence West 20 chains to the center of Section 3, thence West 4.9 chains to the eastern boundary of the Buri Buri Rancho, thence along said boundary North 16½ degrees East 2.87 chains, North 52¼ degrees West 4 chains, North 80 degrees West 8 chains, North 33¼ degrees West 5.5 chains, North 1 degree West 5 chains, North 56½ degrees West 15 chains, North 27 degrees East 4.5 chains, North 14½ degrees West 11.9 chains to the point of beginning containing 149.18 acres of land more or less.

And also, adjoining the foregoing on the North, that certain portion of Swamp and Overflowed Lands Survey No.57 conveyed by John A. Stanley and John H.Wise, as executors of the will of Charles M. Hitchcock, deceased, to D. O.Mills by deed dated October 8, 1886, and recorded in the office of the County Recorder of San Mateo County, California, October 15, 1886, in Book 40 of Deeds, Page 332 and more particularly described as follows:

Beginning at a stake on line between Townships 3 and 4 South, Range 5 West, M.D.M., 14.36 chains East from the corner to Sections 3, 4, 33 and 34 and at the intersection of line of the Buri Buri Rancho, thence on line of said Rancho North 14 degrees 30 minutes West 6.60 chains, North 9 degrees 30 minutes West 13.80 chains, thence East 79.57 chains to the shore of San Francisco Bay, thence along said shore South 4 degrees East 41.23 chains to a stake, thence West 40 chains, thence North 20 chains to Township line, thence West 45.64 chains to the point of beginning containing 235.60 acres of land more or less.

And also, adjoining the last mentioned foregoing tract on the North, that certain portion of Swamp and Overflowed Lands Survey #7 granted by the State of California to Stephen S. Tilton and conveyed through chain of title to D. O. Mills by deed dated January 3, 1898, and recorded in the office of the County Recorder of San Mateo County, California, January 10, 1898 in Book 76 of Deeds, page 573 records of said county and more particularly described as follows:

Beginning at a point on the East boundary of the Buri Buri Rancho 20 chains North and 8.4 chains East of the corner to Sections 33, 34, 3 and 4 on the South boundary of Township 3 South, Range 5 West, M.D.M., thence East 31.60 chains to a post, thence North 20 chains to a post for a ¼ section corner in the center of section 34, thence North 20 chains to a post, thence East 33.30 chains to the shore of the Bay of San Francisco and meander post, thence along the shore North 41 degrees West 15 chains to mouth of Slough, North 10 degrees East 8.80 chains, thence West on line between sections 27 and 34, 25.0 chains to a ¼ section post, 63.93 chains to a post at the intersection of the East boundary of the Buri Buri Rancho, thence along said Rancho line South 24¾ degrees West 2.42 chains, South 12¼ degrees East 16.0 chains, South 58 degrees West 9.50 chains, South 9¾ degrees West 9.50 chains, South 32 degrees East 26.0 chains, South 9½ degrees East 5.80 chains to the point of beginning, containing 289.83 acres of land, more or less; excepting and excluding therefrom that certain tract of land conveyed by D. O. Mills to the West Shore Realty Company by deed dated March 26, 1906 and recorded in the office of the County Recorder of San Mateo County, California,

WHEREAS said Estate Company by indenture dated February 14, 1923 (recorded in Volume 64 of Official Records of San Mateo County Records, at page 406) conveyed to said Electric Company a certain right of way for the construction, maintenance and operation of electric light, heat and power lines, consisting of towers, crossarms, wires, insulators and incidental fixtures, across a portion of said tract of land; and

WHEREAS said Electric Company desires to acquire from said Estate Company an additional right of way which is hereafter described across said tract of land;

NOW, THEREFORE, in consideration of the premises and the payment to it of the sum of One (1) Dollar, the receipt whereof is hereby acknowledged, said Estate Company does hereby grant unto said Electric Company, its successors and assigns, an easement and right of way for the purposes hereinafter stated, in, on, across and along that certain strip of said tract of land which is more particularly described and bounded as follows, to-wit:

> By a line commencing at a point in the Northerly line of said tract of land from which the Northwest corner of Section 34, Township 3 South, Range 5 West, M.D. & M., (said corner being marked by a granite monument which purports to identify the same) bears North 89 degrees 51½ minutes West 237.6 feet distant and running thence along said Northerly boundary line South 89 degrees 51½ minutes East 55.4 feet; thence parallel with and fifty-five feet Easterly from the Easterly boundary line of that certain right of way granted by Mills Estate Incorporated, to the Pacific Gas and Electric Company by Indenture and Agreement dated February 14, 1923 and recorded in Volume 68 of Official Records at page 208, San Mateo County Records, South 6 degrees 42 minutes East 2405.3 feet; thence South 5 degrees 07¾ minutes West 670.7 feet; thence South 6 degrees 42 minutes East 81.5 feet; thence South 83 degrees 18 minutes West 57.5 feet to a point from which an 8"x8" post marking the intersection of the Southerly boundary line of said tract of land with the Northeasterly boundary line of the right of way of the Southern Pacific Railroad Company bears South 14 degrees 20¼ minutes East 4946.4 feet distant; thence North 6 degrees 42 minutes West 2.1 feet; thence North 5 degrees 07¾ minutes East 682.9 feet; thence coinciding with the Easterly boundary line of said last mentioned grant of right of way, North 6 degrees 42 minutes West 2479.4 feet, more or less, to the point of commencement.

Said right of way thus granted to said Electric Company is for the use of said Electric Company, its successors and assigns, for the construction, reconstruction, maintenance and operation thereon by said Electric Company, its successors and assigns, of electric light, heat and power lines, consisting of one line of steel towers and, suspended upon and supported by such towers, all wires which said Electric Company may from time to time deem to be reasonably required for the transmission and distribution of electricity, and telephone and telegraph wires for the private use of said Electric Company, and also all necessary and proper crossarms, braces, connections, fastenings and other appliances and fixtures for use in connection with said towers and wires.

Said Estate Company, for the consideration aforesaid, does further grant unto said Electric Company, its successors and assigns, the right, easement or servitude of using said strip of land as a right of way for any and all purposes connected with the erection, construction, reconstruction, replacement, repair, maintenance and use for the purposes aforesaid of such towers, wires and appurtenant structures, and also the right of ingress to and egress from said strip of land by a practicable route or routes across said tract of land.

In exercising the right of ingress and egress hereby granted, the Electric Company shall, whenever practicable, use existing roads or lanes, and shall repair and compensate any damage which may be caused by its use thereof.

Said Electric Company will pay to said Estate Company all damages of every kind and nature which may be caused to or suffered by said Estate Company, and to any or all of its property of every kind, except said strip of land herein described, by reason of the erection and maintenance of said transmission lines and appurtenances, or any part thereof, or by reason of the electric current conducted thereby, which said damages the Electric Company, by the acceptance of this grant of right of way hereby promises and agrees to pay. The benefit of this undertaking by the Electric Company shall be limited to said Estate

Company only, and shall not inure to its successors or assigns.

The Electric Company, in the exercise and enjoyment of the rights hereby granted, shall avoid unreasonable interference with such use by the Estate Company and its successors in estate of the aforesaid strip of land for mining, oil, and agricultural purposes as is not inconsistent with the Electric Company's full enjoyment of the right hereby granted.

The Electric Company agrees that the respective towers to be constructed on said right of way shall be of standard design, and the foundation of each of said towers shall not exceed in area twenty-five (25) feet square, and said towers shall be placed as nearly as practicable opposite the existing towers now maintained by the Sierra and San Francisco Power Company on its said right of way, and that all transmission wires to be suspended on Electric Company's said towers shall be maintained at least thirty feet and all telephone and telegraph wires at least twenty-five feet, above the average natural surface of the ground at the lowest part of such respective wires.

The Electric Company, upon notice and request therefor from said Estate Company, agrees to raise the wires that may be suspended and maintained upon said towers so as not to obstruct or interfere with the use of any railway or trams operated by electric trolley, or other means, or roadway that may be constructed across said right of way.

If said Electric Company shall cease to use said transmission lines on said right of way for the purposes, or in the manner herein specified, for a period of one year after the original construction thereof, it shall upon notice of one month in writing given it by said Estate Company, remove said transmission lines and appurtenances from said right of way, and the right hereby conveyed shall at once terminate and be of no further effect; and if said Electric Company shall neglect for the period of two months after receipt of such notice to remove such transmission lines, and all appurtenances thereunto belonging, said Estate Company shall have the right to remove same and the cost of such removal shall be borne and paid by said Electric Company.

Said Electric Company agrees that upon request therefor by said Estate Company it will furnish, sell and deliver to said Estate Company, its successors and assigns, at the then prevailing rates, as fixed by the Railroad Commission of the State of California, and subject to the Electric Company's then prevailing rules and regulations, such electric power and energy as said Estate Company may desire for use on any of its land in said county lying on the east side of the existing state highway known as the Peninsula Great Highway or El Camino Real.

This grant and all its terms, covenants and conditions, except as herein otherwise stated, shall apply to, bind and benefit the parties hereto, their respective successors and assigns.

The Electric Company shall have the right to erect, maintain and use gates in all fences which now cross or hereafter shall cross said strip of land, and to cut and clear away trees and brush whenever, in its judgment, the cutting and clearing away of the same shall be necessary for the convenient and safe exercise of the rights granted; provided, however, that all trees which the Electric Company is hereby authorized to cut or remove, if valuable for either timber or wood, shall continue to be the property of the Estate Company, but all tops, lops, brush and refuse wood and timber shall be burned or removed by the Electric Company.

The Estate Company and its successors in estate shall not erect or construct, or permit to be erected or constructed, any building, improvement or structure on said right of way which may interfere with the full enjoyment by the Electric Company of the rights hereby granted.

IN WITNESS WHEREOF the Estate Company has signed these presents the day and year first

Case: 19-30088    Doc# 13570-1    Filed: 03/03/23    Entered: 03/03/23 13:40:05    Page 4 of 5

above written.

MILLS ESTATE INCORPORATED,

By A. B. Davis   Its President    ((CORP.SEAL))

And By   M. R Kenefick  Its Secretary.

Signed in the Presence of

A. P. Henson

Approved as to Form:

Duncan A McLeod
     Attorney.

Form O K.
I.J.S.
9/15/23.

Approved G H. Canfield
     A Mgr.Land Dept.

Correct as to Description
     JHP

STATE OF CALIFORNIA

City and County of San Francisco (SS.

On this 4th day of September in the year one thousand nine hundred and twenty-three before me, FLORA HALL, a Notary Public in and for the City and County of San Francisco, State of California, residing therein, duly commissioned and sworn, personally appeared A. B. Davis and M. R. Kenefick known to me to be the President and Secretary respectively of the Corporation described in and that executed the within instrument, and also known to me to be the persons who executed it on behalf of the corporation therein named, and they acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in the City and County of San Francisco, the day and year in this certificate first above written.

(SEAL)   Flora Hall Notary Public in and for the City and
         County of San Francisco, State of California

RECORDED at request of American Railway Exp Co. Sep 12 1923 at 50 min. past 1 o'clock, P. M., San Mateo County Records, T. C. Rice, Recorder. By Edna Y. Clayton, Deputy Recorder. 10017A-D. Compared by

----------oOo----------

| | |
|---|---|
| IDA F. McCAIN | DEED OF TRUST |
| to | $1.20 Internal Revenue Stamps, duly cancelled and attached to promissory note secured by this instrument. |
| STOCKHOLDERS AUXILARY CORPORATION | |

THIS DEED OF TRUST, made the 11th day of September A. D. 1923, between IDA F. McCAIN (an unmarried woman), of the City of San Mateo, County of San Mateo, State of California, as trustor, and Stockholders Auxiliary Corporation, a corporation duly organized and existing under and by virtue of the laws of the State of California, as trustee, and BANK OF ITALY, a corporation duly incorporated under and by virtue of the laws of the State of California, as beneficiary; (It is distinctly understood that the word "Trustor" and the word "his" referring to the trustor, as herein used, are intended to and do include the masculine, feminine and neuter genders and the singular and plural numbers).

WITNESSETH: That said trustor hereby grants, conveys and confirms unto said trustee the following described real property situated in the City of San Mateo, County of San Mateo, State of California, to-wit:

   Portion of Lot numbered One Hundred ninety-two (192), as designated on the map entitled "Map of Sub-division No 2, San Mateo Park, San Mateo County, Calif.", which map was filed in the office of the Recorder of the County of San Mateo, State of California on July

Case: 19-30088    Doc# 13570-1    Filed: 03/03/23    Entered: 03/03/23 13:40:05    Page 5 of 5