Exhibit B
to Sullivan
Declaration

highway known as the Peninsual Great Highway or El Camino Real.

This grant and all its terms, covenants and conditions, except as herein otherwise stated, shall apply to, bind and benefit the parties hereto, their respective successors and assigns.

The Grantee shall have the right to erect, maintain and use gates in all fences which now across or shall hereafter cross said strip of land, and to cut and clear away trees and brush whenever, in its judgment, the cutting and clearing away of the same shall be necessary for the convenient and safe exercise of the rights hereby granted; provided, however, that all trees which the Grantee is hereby authorized to cut or remove, if valuable for either timber or wood, shall continue to be the property of the Grantor, but all tops, lops, brush and refuse wood and timber shall be burned or removed by the Grantee.

The Grantor and its successors in estate shall not erect or construct, or permit to be erected or constructed, any building, improvement or structure on said right of way which may interfere with the full enjoyment by the Grantee of the rights hereby granted.

IN WITNESS WHEREOF the Grantor has signed these presents the day and year first above written.

((CORP.SEAL)) BAYSIDE COMPANY

Approved as to form
  Duncan A McLeod
  Form O.K
  T J Straub

By Frances Easton Taylor
  Its  President.
and By W^m T Medina
  It Secty

Signed in the presence of:

STATE OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO )SS.

On this 23rd day of February in the year One Thousand Nine Hundred and enty-three before me, JAMES MASON, a Notary Public in and for said City and County, residing therein, duly commissioned and sworn, personally appeared Frances Easton Taylor and W. T. Medina known to me to be the President and Secretary respectively of Bayside Company the Corporation described in and that executed the within instrument, and also known to me to be the persons who executed in on behalf of the Corporation therein named, and they acknowledged to me that such Corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the said City and County of San Francisco, the day and year last above written.

((SEAL)) James Mason
    NOTARY PUBLIC.
In and for the City and County of San Francisco, State of
California. My Commission will expire December 4th, 1923.

Recorded at request of American Rway Exp. Co. Mar 3 1923 at 30 min. past 11 o'clock, A.M. San Mateo County Records, T. C. Rice, Recorder. 2327A - T. Compared by

--------oOo----------

AGREEMENT

MILLS ESTATE INCORPORATED
  and
PACIFIC GAS AND ELECTRIC COMPANY

$17.00 Doc. U.S.I.R. Stamps Cancelled.

THIS INDENTURE AND AGREEMENT made and entered into this 14th day of February, 1923, by and between MILLS ESTATE INCORPORATED, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Grantor", and PACIFIC GAS AND ELECTRIC COMPANY, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Grantee", WITNESSETH that

WHEREAS said Grantor is the owner and in possession of that certain tract of land (hereinafter referred to as said tract of land) lying and being situate in the County of San Mateo, State of California, more particularly described as follows, to-wit:

All that certain portion of Swamp and Overflowed Lands Survey No. 54 granted by the State of California to D.O. Mills by grant dated March 1, 1862, and recorded in the office of the County Recorder of San Mateo County, California, June 2, 1862 in Book 1 of patents, Page 62, and more particularly described as follows:

Beginning at the point where the line between Townships 3 and 4 South intersects the East line of the Buri Buri Rancho, thence East 25.64 chains to the ¼ section corner on line between sections 3 and 34, thence East 20 chains, thence South 40 chains, thence West 20 chains to the center of section 3, thence west 4.9 chains to the eastern boundary of the Buri Buri Rancho, thence along said boundary North 16½ degrees East 2.87 chains, North 52¼ degrees West 4 chains, North 80 degrees West 8 chains, North 33¼ degrees East 5.5 chains, North 1 degree West 5 chains, North 56½ degrees West 15 chains, North 27 degrees East 4.5 chains, North 14½ degrees West 11.9 chains to the point of beginning containing 149.18 acres of land more or less.

And also, adjoining the foregoing on the north, that certain portion of Swamp and Overflowed Lands Survey No. 57 conveyed by John A. Stanley and John H. Wise, as executors of the will of Charles M. Hitchcock, deceased, to D.O. Mills by deed dated October 8, 1886, and recorded in the office of the County Recorder of San Mateo County, California, October 15, 1886, in Book 40 of Deeds, Page 332 and more particularly described as follows:

Beginning at a stake on line between Townships 3 and 4 South, Range West, M.D.B. & M., 14.36 chains east from the corner to sections 3, 4, 33 and 34 and at the intersection of line of the Buri Buri Rancho, thence on line of said Rancho North 14 degrees 30 minutes West 6.60 chains, North 9 degrees 30 minutes West 13.80 chains, thence East 79.57 chains to the shore of San Francisco Bay, thence along said shore South 4 degrees East 41.23 chains to a stake, thence West 40 chains, thence North 20 chains to Township line, thence West 45.64 chains to the point of beginning containing 235.60 acres of land more or less.

And also, adjoining the foregoing on the north, that certain portion of Swamp and Overflowed Lands Survey #7 granted by the State of California to Stephen S. Tilton and conveyed through chain of title to D.O. Mills by deed dated January 3, 1898, and recorded in the office of the County Recorder of San Mateo County, California, January 10, 1898 in Book 76 of Deeds, page 573 records of said County and more particularly described as follows:

Beginning at a point on the east boundary of the Buri Buri Rancho 20 chains North and 8.4 chains East of the corner to sections 33, 34, 3 and 4 on the south boundary of Township 3 South, Range 5 West, M.D.B & M., thence East 31.60 chains to a post, thence North 20 chains to a post for a ¼ section corner in the center of section 34, thence North 20 chains to a post, thence East 33.30 chains to the shore of the Bay of San Francisco and meander post, thence along the shore North 41 degrees West 15 chains to mouth of Slough, North 10 degrees East 8.80 chains, thence West on line between sections 27 and 34, 25.0 chains to a ¼ section post, 63.93 chains to a post at the intersection of the east boundary of the Buri Buri Rancho, thence along said Rancho line South 24 3/4 degrees West 2.42 chains, South 12¼ degrees East 16.0 chains, South 58 degrees West 9.50 chains, South 9 3/4 degrees West 9.50 chains, South 32 degrees East 26.0 chains, South 9½ degrees East 5.80 chains to the point of beginning, containing 289.83 acres of land, more or less, excepting and excluding therefrom that certain tract of land conveyed by D.O. Mills to the West Shore Realty Company by deed dated March 26, 1906 and recorded in the office of the County Recorder of San Mateo County, California, June 4, 1906 in Volume 129 of Deeds, Page 164 records of said County; and

WHEREAS, D.O Mills, predecessor in estate of said Grantor in said tract of land, by indenture bearing date December 7, 1909, (recorded in Book 177 of Deeds, at page 395, in the County Recorder's office of said San Mateo County) conveyed to the Sierra and San Francisco Power Company, a corporation, its successors and assigns, a right of way sixty (60) feet in width across said tract of land for the construction, maintenance, and operation thereon by said last named company of electric light, heat and power lines consisting of two parallel lines of towers, with wires, crossarms, and incidental fixtures and appliances, which said right of way lies equally on each side of that certain line which was in said indenture described as follows, to-wit;-

Beginning at a point on the boundary line between the land of D.O. Mills at San Bruno and the land of H.H. Taylor and near the center line of Section Three (3) Township Four (4) South, Range Five (5) West, Mount Diablo Base and Meridian, distant six hundred and two (602) feet, more or less, due east of the northeasterly line of the right of way of the Southern Pacific Railroad Company (and sixty-seven and seven tenths (67.7) feet due east of

> the center line of the right of way of Standard Electric Company of California); thence parallel with the right of way of said Standard Electric Company of California north thirty-four degrees, thirteen minutes (34° 13') west three hundred and fifty-three feet, more or less; thence parallel with the right of way of said Standard Electric Company of California north twenty-one degrees, twenty-eight minutes (21° 28') west thirty-nine hundred and forty-six (3946) feet, more or less; thence diverging from the right of way of said Standard Electric Company of California north six degrees, fifty-five minutes (6° 55') west thirty-nine hundred and eighty-three (3983) feet, more or less, to a point on the north boundary of the said land of D.O. Mills distant thirty and two tenths (30.2) feet due east from the northwest corner of said land and one hundred and eighty-four and two tenths (184.2) feet due east of the corner of Sections 27,28,33 and 34; all as shown and delineated upon Map No. 2 hereto attached and made a part hereof.

WHEREAS said Sierra and San Francisco Power Company thereafter constructed one of its said tower lines across said tract of land, but, in so doing, instead of constructing it along the right of way so granted constructed it on and within the westerly one-half of that certain sixty (60) foot strip of said tract of land which lies equally on each side of that certain line which is described as follows, to-wit:

> Commencing at a point in the southerly boundary line of said tract of land from which a point marking the intersection of said boundary line with the northeasterly boundary line of the right of way of the Southern Pacific Railroad Company (which said point of intersection is marked by an 8" x 8"post which purports to identify same) bears north 89 degrees 50½ minutes west 599 feet distant, and running thence north 34 degrees 01½ minutes west 370.4 feet; thence north 21 degrees 18 minutes west 3945.5 feet; thence north 6 degrees 42 minutes west 3982.8 feet; more or less, to a point in the northerly boundary line of said tract of land; and

WHEREAS said Sierra and San Francisco Power Company has heretofore granted to said Grantee all of the former's right, title and interest in and to the northeasterly one-half of said last mentioned sixty (60) foot right of way, and said Grantee is now the owner and in possession thereof; and

WHEREAS said Grantee desires that said Grantor shall confirm, and said Grantor hereby agrees to confirm, unto said Grantee, its successors and assigns, full right, title and interest in and to said northeasterly one-half of said sixty (60) foot strip or right of way for the purposes hereinafter stated; and

WHEREAS said Grantee desired that its rights and obligations with respect to the use and enjoyment of said northeasterly one-half of said sixty (60) foot strip or right of way for the purposes hereinafter mentioned shall be measured solely by the terms and provisions of this indenture, and in nowise by the provisions of said indenture of December 7, 1909, and said Grantor agrees that it may be so understood; and

WHEREAS said Grantee in order properly to use said thirty (30) foot strip or right of way so acquired by it from said Sierra and San Francisco Power Company, as aforesaid, for the purposes hereinafter stated, desires to acquire from said Grantor an additional right of way twenty-two and one-half (22½) feet in width across said tract of land, lying alongside and northeasterly of, and contiguous to, said thirty (30) foot strip or right of way.

NOW, THEREFORE, in consideration of the premises and the payment to it of the sum of One (1) Dollar, the receipt whereof is hereby acknowledged, said Grantor does hereby confirm unto said Grantee, its successors and assigns, for the purposes and uses hereinafter stated, an easement in and to the northeasterly one-half of said last mentioned sixty (60) foot strip or right of way, and agrees that the rights and obligations of said Grantee with respect to the use and enjoyment thereof shall be measured by the terms and provisions of this indenture only, and that said indenture of December 7, 1909, shall be deemed modified accordingly,

and does also hereby grant and convey unto said Grantee, its successors and assigns, an easement and right of way for the purposes hereinafter stated, in, on, across and along that certain twenty-two and one-half (22½) foot strip of land situated in the County of San Mateo, State of California, more particularly described and bounded as follows, to-wit:

>  Commencing at a point in the southerly boundary line of said tract of land from which a point marking the intersection of said boundary line with the northeasterly boundary line of the right of the Southern Pacific Railroad Company (which said point of intersection is marked by an 8" x 8" post which purports to identify same) bears north 89 degrees 50½ minutes west 635.3 feet distant, and running thence north 34 degrees 01½ minutes west 387.4 feet; thence north 21 degrees 18 minutes west 3938.3 feet; thence north 6 degrees 42 minutes west 3975.4 feet to a point in the northerly boundary line of said tract of land; thence along said last mentioned boundary line south 89 degrees 51½ minutes east 22.66 feet; thence south 6 degrees 42 minutes east 3969.8 feet; thence south 21 degrees 18 minutes east 3932.9 feet; thence south 34 degrees 01½ minutes east 400.2 feet to a point in said first mentioned boundary line; thence along said last mentioned boundary line north 89 degrees 50½ minutes west 27.20 feet, more or less, to the point of commencement.

The aforesaid easements, to-wit, said northeasterly one-half of said sixty (60) foot right of way which is hereby confirmed in said Grantee, as aforesaid, and said additional twenty-two and one-half (22½) foot right of way which is hereby granted to said Grantee, comprise a single strip of land fifty-two and one-half (52½) feet in width across said tract of land and are for the use of said Grantee, its successors and assigns, in the construction, reconstruction, maintenance and operation thereon, by said Grantee, its successors and assigns, of electric light, heat and power lines, consisting of one line of steel towers, and, suspended upon and supported by such towers, all wires which said Grantee may from time to time deem to be reasonably required for the transmission and distribution of electricity, and telephone and telegraph wires for the private use of said Grantee, and also all necessary and proper cross-arms, braces, connections, fastenings and other appliances and fixtures for use in connection with said towers and wires.

Said Grantor, for the consideration aforesaid, does further grant unto said Grantee, its successors and assigns, the right, easement or servitude of using said fifty-two and one-half foot strip of land as a single right of way for any and all purposes connected with the erection, construction, reconstruction, replacement, repair, maintenance and use, for the purposes aforesaid, of such towers, wires and appurtenant structures; and also the right of ingress to, and egress from, said strip of land by a practicable route or routes across said tract of land.

In exercising the right of ingress and egress hereby granted, the Grantee shall, whenever practicable, use existing roads or lanes, and shall repair and compensate any damage which may be caused by its use thereof.

Said Grantee will pay to said Grantor all damages of every kind and nature which may be caused to or suffered by said Grantor, and to any or all of its property of every kind, except said strip of land herein described, by reason of the erection and maintenance of said transmission lines and appurtenances, or any part thereof, or by reason of the electric current conducted thereby, which said damages the Grantee, by the acceptance of this grant of right of way hereby promises and agrees to pay. The benefit of this undertaking by the Grantee shall be limited to said Grantor only, and shall not inure to its successors or assigns.

The Grantee, in the exercise and enjoyment of the rights hereby granted, shall avoid unreasonable interference with such use by the Grantor and its successors in estate of the aforesaid strip of land for mining, oil, and agricultural purposes as is not inconsistent with the Grantee's full enjoyment of the rights hereby granted.

The Grantee agrees that the respective towers to be constructed on said right of way shall be standard design, and the foundation of each of said towers shall not exceed in area twenty-five feet square, and said towers shall be placed as nearly as practicable opposite the existing towers now maintained by the Sierra and San Francisco Power Company on

its said right of way, and that all transmission wires to be suspended on Grantee's said towers shall be maintained at least thirty feet, and all telephone and telegraph wires at least twenty-five feet, above the average natural surface of the ground at the lowest part of such respective wires.

The Grantee, upon notice and request therefor from said Grantor, agrees to raise the wires that may be suspended and maintained upon said towers so as not to obstruct or interfere with the use of any railway or trams operated by electric trolley, or other means, or roadway that may be constructed across said right of way.

If said Grantee shall cease to use said transmission lines on said right of way for the purposes, or in the manner herein specified, for a period of one year after the original construction thereof, it shall upon notice of one month in writing given it by said Grantor, remove said transmission lines and appurtenances from said right of way, and the right hereby conveyed shall at once terminate and be of no further effect; and if said Grantee shall neglect for the period of two months after receipt of such notice to remove such transmission lines, and all appurtenances thereunto belonging, said Grantor shall have the right to remove same and the cost of such removal shall be borne and paid by said Grantee.

Said Grantee agrees that upon request therefor by said Grantor it will furnish, sell and deliver to said Grantor, its successors and assigns, at the then prevailing rates, as fixed by the Railroad Commission of the State of California, and subject to the Grantee's then prevailing rules and regulations, such electric power and energy as said Grantor may desire for use on any of its land in said county lying on the east side of the existing state highway known as the Peninsula Great Highway, or El Camino Real.

This grant and all its terms, covenants and conditions, except as herein otherwise stated, shall apply to, bind and benefit the parties hereto, their respective successors and assigns.

The Grantee shall have the right to erect, maintain and use gates in all fences which now cross or shall hereafter cross said strip of land, and to cut and clear away trees and brush whenever, in its judgment, the cutting and clearing away of the same shall be necessary for the convenient and safe exercise of the rights hereby granted; provided, however, that all trees which the Grantee is hereby authorized to cut or remove, if valuable for either timber or wood, shall continue to be the property of the Grantor, but all tops, lops, brush and refuse wood and timber shall be burned or removed by the Grantee.

The Grantor and its successors in estate shall not erect or construct, or permit to be erected or constructed, any building, improvement or structure on said right of way which may interfere with the full enjoyment by the Grantee of the rights hereby granted.

IN WITNESS WHEREOF the Grantor has signed these presents the day and year first above written.

    ((CORP.SEAL)) MILLS ESTATE INCORPORATED,

        By A.B. Davis
          Its President

        and by M.R. Kenefich
          Its Secretary

Signed in the Presence of
  Duncan A McLeod

Approved as to form
  Duncan A McLeod

STATE OF CALIFORNIA
City and County of San Francisco )SS.

On this 23rd day of February in the year One Thousand Nine Hundred and twenty three before me, FLORA HALL, a Notary Public in and for the City and County of San Francisco, State of California, residing therein, duly commissioned and sworn, personally appeared