Exhibit D
to Sullivan
Declaration

State of California.

(My commission expires July 26, 1926)

RECORDED at request of California Pacific Title Insurance Company Mar 2 1923 at 29 min. past 4 o'clock, P.M. San Mateo County Records. T. C. Rice, Recorder. By Edna Young, Deputy Recorder. 2286A S Compared by

------oOo--------

RIGHT OF WAY

MILLS ESTATE INCORPORATED

to

PACIFIC GAS AND ELECTRIC COMPANY

THIS INDENTURE AND AGREEMENT made and entered into this 14th day of February, 1923, by and between MILLS ESTATE INCORPORATED, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Estate Company", and PACIFIC GAS AND ELECTRIC COMPANY, a corporation duly organized and existing under and by virtue of the laws of the State of California, hereinafter called "Electric Company", WITNESSETH that

WHEREAS said Estate Company is the owner and in possession of that certain tract of land (hereinafter referred to as said tract of land) lying and being situate in the County of San Mateo, State of California, more particularly described as follows, to-wit:

All that certain portion of Swamp and Overflowed Lands Survey No. 54 granted by the State of California to D. O. Mills by grant dated March 1, 1862, and recorded in the office of the County Recorder of San Mateo County, California, June 2, 1862 in Book 1 of patents, page 62, and more particularly described as follows:

Beginning at the point where the line between Townships 3 and 4 South intersects the East line of the Buri Buri Rancho, thence East 25.64 chains to the ¼ section corner on line between sections 3 and 34, thence East 20 chains, thence South 40 chains, thence West 20 chains to the center of section 3, thence west 4.9 chains to the eastern boundary of the Buri Buri Rancho, thence along said boundary North 16½ degrees east 2.87 chains, North 52¼ degrees West 4 chains, North 80 degrees West 8 chains, North 33¼ degrees East 5.5 chains, North 1 degree West 3 chains, North 56¼ degrees West 15 chains, North 27 degrees East 4.5 chains, North 14½ degrees West 11.9 chains to the point of beginning containing 149.18 acres of land more or less.

And also, adjoining the foregoing on the north, that certain portion of Swamp and Overflowed Lands Survey No. 57 conveyed by John A. Stanley and John H. Wise, as executors of the will of Charles M. Hitchcock, deceased, to D. O. Mills by deed dated October 8, 1886, and recorded in the office of the County Recorder of San Mateo County, California, October 15, 1886, in Book 40 of Deeds, Page 332 and more particularly described as follows:

Beginning at a stake on line between Townships 3 and 4 South, Range 5 West, M. D. M., 14.36 chains east from the corner to Sections 3, 4, 33 and 34 and at the intersection of line of the Buri Buri Rancho, thence on line of said Rancho North 14 degrees 30 minutes West 6.60 chains, North 9 degrees 30 minutes West 13.80 chains, thence East 79.57 chains to the shore of San Francisco Bay, thence along said shore South 4 degrees East 41.23 chains to a stake, thence West 40 chains, thence North 20 chains to Township line, thence West 45.64 chains to the point of beginning containing 235.60 acres of land more or less.

And also, adjoining the last mentioned foregoing tract on the north, that certain portion of Swamp and Overflowed Lands Survey #7 granted by the State of California to Stephen S. Tilton and conveyed through chain of title to D. O. Mills by deed dated January 3, 1898, and recorded in the office of the County Recorder of San Mateo County, California, January 10, 1898 in Book 76 of Deeds, page 573 records of said County and more particularly described as follows:

Beginning at a point on the east boundary of the Buri Buri Rancho 20 chains North and 8.4 chains East of the corner to sections 33, 34, 3 and 4 on the South boundary of Township 3 South, Range 5 West, N. D. M., thence East 31.60 chains to a post, thence North 20 chains to a post for a ¼ section corner in the center of Section 34, thence North 20 chains to a post, thence East 33.30 chains to the shore of the Bay of San Francisco and meander post, thence along the shore North 41 degrees West 15 chains to mouth of Slough, North 10 degrees East 8.80 chains, thence West on line between sections 27 and 34, 25.0 chains to a ¼ section post, 63.93 chains to a post at the intersection of the east boundary of the Buri Buri Rancho, thence along said Rancho line South 24 3/4 degrees West 2.42 chains, South 12¼ degrees East 16.0 chains, South 58 degrees West 9.50 chains, South 5 3/4 degrees West 9.50 chains, South 32 degrees East 26.0 chains, South 9½ degrees East 5.80 chains to the point of beginning, containing 289.85 acres of land,

Case: 19-30088   Doc# 13570-4   Filed: 03/03/23   Entered: 03/03/23 13:40:05   Page 2 of 5

conveyed by D. A. Mills to the West Shore Realty Company by deed dated March 26, 1906 and recorded in the office of the County Recorder of San Mateo County, California, June 4, 1906 in Volume 129 of Deeds, page 164 records of said County; and

WHEREAS D. O. MILLS, predecessor in estate of said Estate Company in said tract of land, by indenture bearing date October 16, 1901 (recorded in Book 96 of Deeds, at page 6, in the County Recorder's office of said San Mateo County) conveyed to the Standard Electric Company, a corporation, its successors and assigns, a right of way across said tract of land for the construction, maintenance and operation thereon by said last named company of electric light, heat and power lines, consisting of two parallel lines of poles, with wires, crossarms, insulators, and incidental fixtures and appliances, which said right of way lies equally on each side of that certain line which was in said indenture described as follows, to-wit:

> Beginning at a stake marked T. S M. 1 standing on Section line dividing lands of the first party from lands of H. H. Taylor in Section three (3) Township four (4) south range five (5) west, said stake being east distant five hundred and thirty three and sixty hundredths (533.60) feet from the easterly line of the present right of way of the Southern Pacific Railroad, running thence north thirty four degrees twenty six minutes (34 degrees 26 minutes) west three hundred and twenty one and seventy one hundredths (321.70) feet to angle and stake marked M.2, thence north twenty one degrees, forty one minutes (21 degrees 41 minutes) west thirty nine hundred and fifty six and twenty five hundredths (3956.25) feet to angle at stake marked M.3 standing in a fence in section thirty four (34) township three (3) south range five (5) west, Mount Diablo Base and Meridian, said stake standing east distant eleven hundred and eighty five and seventy hundredths (1185.70) feet from the easterly line of the present right of way of the Southern Pacific Railroad, thence north seven degrees forty minutes (7 degrees 40 minutes) west four thousand and two and eight eight hundredths (4002.88) feet to angle at stake marked M 4 E standing twenty three (23) feet east of a granite monument, said monument standing sixty seven and ten hundredths (67.10) feet east of corner to sections 28 1 27 / 33 1 34 and marking the boundary line between sections twenty-seven (27) and thirty-four (34) and lands of the first party, and lands of the South San Francisco Land and Improvement Company; and

WHEREAS said Standard Electric Company thereafter constructed said two pole lines on said right of way; and

WHEREAS title to said right of way, together with said two electric light, heat and power lines thereon, was thereafter conveyed and transferred by mesne conveyances to said Electric Company, and said Electric Company is now the owner and in possession thereof; and

WHEREAS said Electric Company desires and proposes to dismantle and remove said two pole lines from said right of way, and to construct and use instead thereof one line of steel towers, together with wires, crossarms and incidental fixtures and appliances, and thereafter to maintain and operate such tower line in the place and stead of said two pole lines; and

WHEREAS in order properly to construct, maintain and operate such tower line in the place and stead of said two pole lines said Electric Company desires to acquire from said Estate Company a right of way as hereinafter described fifty-seven and one-half feet in width lying alongside and southwesterly of, and contiguous to, the existing electric tower line right of way of the Sierra and San Francisco Power Company; and

WHEREAS said Estate Company proposes to grant said right of way for such tower line to said Electric Company for the purposes above mentioned, provided that said Electric Company shall construct said tower line and remove said two pole lines within five (5) years from date hereof.

NOW, THEREFORE, in consideration of the premises and the payment of it of the sum of one (1) Dollar, the receipt whereof is hereby acknowledged, Said Estate Company does hereby grant unto said Electric Company, its successors and assigns, an easement and right of way for the purposes hereinafter stated, in, on, across and along

that certain fifty-seven and one-half foot strip of said tract of land which is more particularly described and bounded as follows, to-wit:

By a line commencing at a point in the southerly boundary line of said tract of land from which a point marking the intersection of said boundary line with the northeasterly boundary line of the right of way of the Southern Pacific Railroad Company (which said point marking said extension is marked by an 8" x 8" post which purports to indentify same) bears north 89 degrees 50½ minutes west 493.3 feet distant, and running thence north 34 degrees 01½ minutes west 320.7 feet; thence north 21 degrees 18 minutes west 3966.5 feet; thence north 6 degrees 42 minutes west 4004.5 feet to a point in the northerly boundary line of said tract of land; thence along said last mentioned boundary line south 89 degrees 51½ minutes east 59.9 feet; thence south 6 degrees 42 minutes east 3990.2 feet; thence south 21 degrees 18 minutes east 3952.7 feet; thence south 34 degrees 01½ minutes east 353.4 feet to a point in said first mentioned boundary line; thence along said last mentioned boundary line north 89 degrees 50½ minutes west 69.5 feet, more or less, to the point of commencement.

Said fifty-seven and one-half foot right of way thus granted to said Electric Company is for the use of said Electric Company, its successors and assigns, in the construction, reconstruction, maintenance and operation thereon by said Electric Company, its successors and assigns, of electric light, heat and power lines, consisting of one (1) line of steel towers and, suspended upon and supported by such towers, all wires which said Electric Company may from time to time deem to be reasonably required for the transmission and distribution of electricity, and telephone and telegraph wires for the private use of said Electric Company, and also all necessary and proper crossarms, braces, connections, fastenings, and other appliances and fixtures for use in connection with said towers and wires.

Said Estate Company, for the consideration aforesaid, does further grant unto said Electric Company, its successors and assigns, the right, easement or servitude of using said fifty-seven and one-half foot strip of land as a right of way for any and all purposes connected with the erection, construction, reconstruction, replacement, repair, maintenance and use, for the purposes aforesaid, of such towers, wires and appurtenant structures; and also the right of ingress to, and egress from, said strip of land by a practicable route or routes across said tract of land.

In exercising the right of ingress and egress hereby granted, the Electric Company shall, whenever practicable, use existing roads or lands, and shall repair and compensate any damage which may be caused by its use thereof.

A.E.D
M.R.K.

Said Electric Company will pay to said Estate Company all damages of every kind and nature which may be caused to or suffered by said Estate Company, and to any or all of its property of every kind, except said strip of land herein described, by reason of the erection and maintenance of said transmission lines and appurtenances, or any part thereof, or by reason of the electric current conducted thereby, which said damages the Electric Company, by the acceptance of this grant of right of way hereby promises and agrees to pay. The benefit of this undertaking by the Electric Company shall be limited to said Estate Company only, and shall not inure to its successors or assigns.

The Electric Company, in the exercise and enjoyment of the rights hereby granted, shall avoid unreasonable interference with such use by the Estate Company and its successors in estate of the aforesaid strip of land for mining, oil, and agricultural purposes as is not inconsistent with the Electric Company's full enjoyment of the rights hereby granted.

The Electric Company agrees that the respective towers to be constructed on said right of way shall be of standard design, and the foundation of each of said towers shall not exceed in area twenty-five (25) feet square, and said towers shall be placed as nearly as practicable opposite the existing towers now maintained by the Sierra and San Francisco Power Company on its said right of way, and that all transmission wires to be

Case: 19-30088    Doc# 13570-4    Filed: 03/03/23    Entered: 03/03/23 13:40:05    Page 4 of 5

telephone and telegraph wires at least twenty-five feet, above the average natural surface of the ground at the lowest part of such respective wires.

The Electric Company, upon notice and request therefor from said Estate Company, agrees to raise the wires that may be suspended and maintained upon said towers so as not to obstruct or interfere with the use of any railway or trams operated by electric trolley, or other means, or roadway that may be constructed across said right of way.

Said Electric Company agrees, and this indenture is made and accepted upon the condition, that it will within five (5) years from date hereof construct said electric light, heat and power lines consisting of one line of steel towers and wires, as aforesaid, on the right of way hereby granted, and within said time remove all poles, wires and other fixtures now comprising said two pole transmission lines.

If said Electric Company shall cease to use said transmission lines on said right of way for the purposes, or in the manner herein specified, for a period of one year after the original construction thereof, it shall upon notice of one month in writing given it by said Estate Company, remove said transmission lines and appurtenances from said right of way, and the right hereby conveyed shall at once terminate and be of no further effect; and if said Electric Company shall neglect for the period of two months after receipt of such notice to remove such transmission lines, and all appurtenances thereunto belonging, said Estate Company shall have the right to remove same and the cost of such removal shall be borne and paid by said Electric Company.

Said Electric Company agrees that upon request therefor by said Estate Company it will furnish, sell and deliver to said Estate Company, its successors and assigns, at the then prevailing rates, as fixed by the Railroad Commission of the State of California, and subject to the Electric Company's then prevailing rules and regulations, such electric power and energy as said Estate Company may desire for use on any of its land in said county lying on the east side of the existing state highway known as the Peninsula Great Highway or El Camino Real.

This grant and all its terms, covenants and conditions, except as herein otherwise stated, shall apply to, bind and benefit the parties hereto, their respective successors and assigns.

The Electric Company shall have the right to erect, maintain and use gates in all fences which now cross or shall hereafter cross said strip of land, and to cut and clear away trees and brush whenever, in its judgment, the cutting and clearing away of the same shall be necessary for the convenient and safe exercise of the rights hereby granted; provided, however, that all trees which the Electric Company is hereby authorized to cut or remove, if valuable for either timber or wood, shall continue to be the property of the Estate Company, but all tops, lops, brush and refuse wood and timber shall be burned or removed by the Electric Company.

The Estate Company and its successors in estate shall not erect or construct, or permit to be erected or constructed, any building, improvement or structure on said right of way which may interfere with the full enjoyment by the Electric Company of the rights hereby granted.

IN WITNESS WHEREOF the Estate Company has signed these presents the day and year first above written.

            MILLS ESTATE INCORPORATED,
(( _____ ))       By A. B. Davis Its President
            and by N. A. Kenefick
            Its Secretary

Signed in the Presence of Duncan A McLeod