| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | ROVENS LAMB LLP<br>STEVEN A. LAMB (SBN 132534)<br>slamb@rovenslamb.com<br>Telephone: (310) 536.7830<br>Facsimile: (310) 872.5489<br>2601 Airport Drive, Suite 370<br>Torrance, California 90505<br><br>LAW OFFICES OF JENNIFER L. DODGE INC.<br>Jennifer L. Dodge (#195321)<br>(jdodgelaw@jenniferdodgelaw.com)<br>2512 Artesia Blvd., Suite 300D<br>Redondo Beach, California 90278<br>Tel: (310) 372.3344<br>Fax: (310) 861.8044 |

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM)* | Case Nos. 19-30088 (DM)<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROGER LEATHERMAN IN SUPPORT OF PG&E'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND COUNTER-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 11, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Roger Leatherman, declare:

1. I am a Principal Land Agent, Land Rights Support, for Pacific Gas and Electric Company. I have had served in this function since June, 2021. Prior to being promoted to Principal Land Agent, I was a Senior Land Agent and held that position since April 2013 and have held various positions within Pacific Gas and Electric Company's Land Department since 2005.

2. I have personal knowledge of the facts set forth herein and can and do competently testify regarding the facts set forth in this declaration.

3. One of my duties and responsibilities at Pacific Gas and Electric Company is to prepare, file, record and retain records of various real property interests of Pacific Gas and Electric Company, including easements and rights of way.

4. PG&E retains records related to its land rights over third party property. These records are maintained in the ordinary course of business in a database known as the Land Rights Library. I have researched PG&E's land rights within the Land Rights Library with respect to its facilities located on the property referred to in this action as the Komir Property. PG&E or its predecessors in interest have multiple separate easements for the Transmission Lines that traverse the Komir Property. The easements were acquired over a period of time beginning in 1909. PG&E's Transmission Lines and the associated easements pertaining to the Komir Property all predate the purchase of the Komir Property by Komir, Inc. in 2000, which was by a grant deed recorded as Document Number 2000-160010 in the Official Records of the San Mateo County Recorder.

5. According to my research, PG&E has acquired the following easements related to the Komir property:

    a. Exh A – Easement recorded on September 12, 1923 as depicted in Volume 87 of Official Records at Page 328 in the Office of the San Mateo Recorder.

    b. Exh B – Easement recorded on March 3, 1923 as depicted in Volume 68 of Official Records at Page 208 in the Office of the San Mateo Recorder.

ROVENS LAMB LLP
2601 AIRPORT DRIVE
SUITE 370
TORRANCE CA 90505

DECLARATION OF ROGER LEATHERMAN
- 1 -

Case: 19-30088    Doc# 13571    Filed: 03/03/23    Entered: 03/03/23 13:46:30    Page 2 of 4

  c. Exh C – Easement recorded on May 21, 1910 as depicted in Volume 177 of Deeds at Page 393 in the Office of the San Mateo Recorder.

  d. Exh D – Easement recorded on March 3, 1923 as depicted in Volume 64 of Official Records at Page 406 in the Office of the San Mateo Recorder

6. The Judgment in Condemnation for Case No. 175581 (Exhibit 6 in the Claimant's Motion) states all costs for relocation of PG&E transmission lines and appurtenances and natural gas lines and their appurtenances, as required for freeway construction on the airport property, shall be pursuant to applicable State law and/or Master Contracts in effect between the State and Pacific Gas and Electric Company. In my experience, the reference to Master Contracts refers to that certain Freeway Master Contract entered into between the State Department of Transportation (Caltrans) and PG&E in 1952, a true and correct copy of which is attached hereto as Exhibit H. This Freeway Master Contract governs the work to accomplish the relocation of PG&E's existing utility facilities that are necessitated by Caltrans' freeway projects. Under the Freeway Master Contract Caltrans may order the relocation of PG&E's utility facilities to new locations to accommodate freeway projects, and the relocation cost is allocated between the parties in accordance to the nature of PG&E's land rights.

7. In reviewing PG&E's business records, I determined that Caltrans requested a relocation of certain Transmission Lines that were in conflict with the freeway project, but the location of these facilities were on other portions of the property described in the condemnation action. Specifically, the transmission facilities relocated were on Parcels 5A and 5B as shown on Exhibit B to the Order of Possession, which is attached as Exhibit 5 of the Claimant's Motion for Summary Judgment in this action. However, based on my review of the drawings in the Order of Possession and PG&E's records that are described below, I determined the Transmission Lines that extend over the Komir Property were not relocated to a new location.

8. Attached as Exhibit F is a PG&E Line Review Drawing 202957 dated 7-29-1946 which is a business record of the Land Department kept in the ordinary course of business. Sheet 7 of this drawing depicts the tower lines that extend across what is identified in the Complaint as the Komir Property. This drawing has been modified since it was created in

DECLARATION OF ROGER LEATHERMAN
- 2 -

1946 to depict changes to PG&E's land rights associated with the Transmission Lines depicted on the drawing. The date of revisions to the drawing are identified in the revision block at the bottom of the drawing. The Komir Property is immediately south of the location of the PG&E Southerly Terminal identified on the drawing and colored in yellow.

9. Attached as Exhibit G is Plan and Profile Drawing 377636 dated 7/26/2000 which is a PG&E business record that is kept in the ordinary course of business. Sheet 7 of 13 of this drawing depicts the plan and profile of the tower lines that extend across what is identified in this action as the Komir Property. This Plan and Profile Drawing has been modified since it was created in 2000 to depict changes to PG&E's Transmission Lines and related facilities depicted on the drawing. The date of revisions to the drawing are identified in the revision block at the bottom of the drawing. The Komir Property is immediately south of tower number 006/052 depicted on the drawing. The 2000 Plan and Profile Drawing identifies the tower lines in the same alignment as the 1946 Line Review Drawing.

10. I have reviewed the Declaration of Brian Smith and Exhibits 1 and 2 to his declaration depicting photographs of the Transmission Lines and related facilities on the Komir Property. I have also reviewed the Declaration of Rob Sullivan and Exhibits A-E, reflecting the recorded PG&E easements at issue and the easement map at Exhibit E that depicts the placement of those easements on the Komir Property. The Transmission Lines at issue within the recorded PG&E easements are permanent structures that have been in place for several decades and would require heavy equipment to remove those Transmission Lines and facilities.

Executed at Oakland, California on the 1st of March 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Roger Leatherman*

Roger Leatherman