Exhibit H
to Leatherman
Declaration




P. G. & E. CO
COPY

1-10A

XXMA010070

~~M.A. 0070~~
XXMA010070

THIS AGREEMENT, made and entered into this 16th day of April, 1952, by and between the STATE OF CALIFORNIA, acting through the Department of Public Works, hereinafter designated "Department" and the PACIFIC GAS AND ELECTRIC COMPANY, a corporation, hereinafter designated "Utility",

W I T N E S S E T H:

In consideration of the respective promises of the parties hereto, it is hereby mutually agreed as follows:

Section 1. This contract is made and executed by the parties hereto pursuant and subject to the provisions of Section 707.5 of the Streets and Highways Code of the State of California as said section now exists. It is in compromise and settlement of the diverse disputes between the parties hereto in respect to the subject matter covered hereby. It is not intended to, and shall not, establish any precedent, principle, rule or guide to interpretation, as between the parties hereto after its termination or as between either of the parties hereto and any third party at any time.

Sec. 2. This contract may be amended, changed or altered by mutual consent of the parties hereto in writing.

Sec. 3. Unless sooner automatically terminated as provided by law, this contract shall terminate not less than one (1) year after notice of termination in writing given by one party hereto to the other; and in the event of either such termination, the laws applicable to the subject matter of this contract as existing at the time

0300

20-35

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 2 of 31

0020

MICROFILMED FEBRUARY 1958

of such termination shall thereafter govern, save as to removals or relocations, hereinafter referred to as rearrangements, of utility facilities of Utility theretofore required of Utility by the Department under notice mailed or delivered to Utility prior to such termination, whether work upon such rearrangement has theretofore commenced, is in progress, or has been completed.

Sec. 4. This contract shall govern exclusively the determination of the obligations and costs to be borne by each party hereto in regard to every rearrangement hereunder of utility facilities of Utility to be undertaken or completed by Utility as required by notice given by Department to Utility on or subsequent to April 1, 1952, in lieu of the determination thereof under the provisions of Sections 700 to 707, inclusive, of said Streets and Highways Code as now or hereafter existing and all other laws which would be applicable to said subject matter but for this contract.

Sec. 5. As used in this contract, the following terms have the following meanings:

(A) (i) "Freeway" means a highway under the jurisdiction of the Department in respect to which, and along the right of way of which, the owners of abutting lands have no right or easement of access to or from their abutting lands or only limited or restricted right or easement of such access. It also includes a like contemplated highway where the California Highway Commission has selected, adopted and determined the location of the same and declared the same to be a State freeway, and Department has delineated on its records the right of way thereof along which the

Read 5 A i of Suppl. Agmt.

1200

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 4 of 31

0021

...FILMED FEBRUARY 1958

owners of abutting lands have or are to have no or only limited or restricted right of access as aforesaid.

(ii) "Service road" means a highway or contemplated highway while under the jurisdiction of Department and which was or is about to be established along or adjacent to a freeway to provide ingress and egress to and from said freeway to the owners of abutting lands along such freeway, and Department or other proper public authority has delineated on its records the right of way thereof.

(iii) "Public road" includes freeways, service roads, and all other highways and streets, whether under the jurisdiction of Department or of any county, city, district or other public authority within this State, with right of way as delineated on the records of the public authority having jurisdiction thereof.

(B) (i) "Utility facilities" include every pole, tower, pipe, conduit, manhole, line transformer, support, pit, aqueduct, or other structure, and all cable, wire, or other equipment or appurtenances to any thereof, constituting a part of an electric, gas, water or steam transmission or distribution line owned by Utility, or a part of a communication line owned by Utility and used in aid, in whole or in part, of any transmission or distribution line aforesaid. The term "utility facilities" does not include: (a) any buildings of Utility nor any utility facilities therein; nor (b) any penstock, tunnel, aqueduct, water ditch or conduit, spur track, or fuel, water or other service line, connecting with and appurtenant to the operation of a powerhouse or a gas generating plant; nor (c) any other property

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 6 of 31

0022

MICROFILMED FEBRUARY 1954

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 7 of 31

of Utility, whether or not devoted to public use, not included within "utility facilities" as above defined.

(ii) Where Utility is the owner of a part of, or of a present undivided part interest in, any such utility facilities, this agreement shall apply to the extent of such interest of Utility.

(iii) Where Utility is lessor or licensor of any such utility facilities or any part thereof or of space thereon or therein, this agreement shall also apply to those utility facilities owned by or under the control of the lessee or licensee unless Utility notifies Department of the interest of such lessee or licensee not later than thirty (30) days after receipt from Department of a notice of a rearrangement hereunder; and in such case the parties hereto shall thereupon endeavor to make satisfactory arrangements with such lessee or licensee; and failing such arrangements, Department shall proceed as to said interest of such lessee or licensee pursuant to law or any contract between Department and such lessee or licensee.

(iv) Where Utility is the lessee or licensee of any such utility facilities not owned by Utility, this agreement shall not apply and Utility shall have no claim against Department in respect to any rearrangement thereof unless Utility notifies Department of its said interest at its earliest opportunity after knowledge of any such rearrangement affecting said interest; and in such case, this agreement shall apply to the extent of such interest of Utility unless other satisfactory arrangements be made by the parties hereto in respect thereto.

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 8 of 31

0023

MICROFILMED FEBRUARY 1958

(C) "Rearrangement of utility facilities" includes the following as required by a notice given by Department to Utility:

(i) It must include expenditures in respect to existing utility facilities necessary to accommodate a freeway. The work involved therein must consist of the dismantling of, or other work upon, existing utility facilities within the right of way of a freeway or any other public road or on other real property where such work is occasioned by, and of benefit to, the construction, improvement, maintenance, operation or use of a freeway.

(ii) It also includes any other expenditures in respect to other utility facilities occasioned by the work specified in subdivision (i) hereof and where necessary to furnish Utility with utility facilities of corresponding standards and usefulness and to enable Utility to continue a corresponding service.

(iii) It may also include additional expenditures upon utility facilities, commonly known as "betterments", added at the instance of Utility for its purposes.

Further, the work involved within said term "rearrangement of utility facilities" includes the dismantling of, or other work upon, existing utility facilities, with or without reinstallations to continue the service, whether such reinstallations are of the dismantled or other utility facilities; and may be temporary or permanent in nature or both; and may be performed within or without the right of way of a freeway or other public road; and may be performed within, over or across real property owned in whole or in

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 10 of 31

0024

MICROFILMED FEBRUARY 1958

part by Department, Utility or a third party.

(D) "Cost of a rearrangement" includes the actual and reasonable (or, if indeterminable, the estimated) cost of:

(a) all necessary labor and transportation, and all necessary materials exclusive of any dismantled utility facilities used in any of the reinstallations, involved in the rearrangement, together with reasonable and usual indirect and overhead charges attributable to any thereof, exclusive of the cost, computed in like manner, attributable to any betterments hereinbefore mentioned involved in the rearrangement, and less: (i) the value as salvage of all dismantled utility facilities not used in any of the reinstallations; (ii) the accrued depreciation, as ascertained under the regular accounting practices of Utility for its depreciation reserve purposes, of all dismantled utility facilities not used in any of the reinstallations; and (iii) any charges appertaining to the rearrangement paid or required to be paid by any customer of Utility (including Department where a customer of Utility) pursuant to law or agreement between such customer and Utility (or an agreement between Department and such customer for the express benefit of Utility); and

(b) any necessary new private right of way of Utility for any of the reinstallations involved in the rearrangement, exclusive of such right of way for such of said reinstallations as may reasonably be located within the right of way of a public road, or on other real property under the jurisdiction of Department, not under joint use

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 12 of 31

0025

MICROFILMED FEBRUARY 1958

agreement or other easement, without charge to Utility or credit to Department.

Sec. 6. Whenever Utility claims reimbursement for the cost, in whole or in part, of any rearrangement hereunder, Utility shall, upon the completion of such a rearrangement, submit to Department an itemized statement of such cost; and, Utility shall upon request, make available for inspection or audit its books and records appertaining thereto; provided, that the parties hereto may estimate and agree in advance upon the amount of such reimbursement where not exceeding one thousand dollars ($1,000) and where specified in the notice given by Department to Utility or an amendment thereof.

Sec. 7. (a) It is contemplated that Utility will submit to Department plans and specifications of a rearrangement; and that the parties will endeavor to agree in respect thereto prior to the giving of notice by Department to Utility of a rearrangement required by Department.

This subdivision (a) is directory only and compliance therewith or agreement upon plans and specifications as aforesaid shall not be a condition precedent to the giving of notice by Department to Utility of rearrangement required by Department.

(b) The parties hereto may implement this contract in the foregoing or other particulars by procedures to be agreed upon between them.

Sec. 8. Department will give Utility notice in writing (in form, identical with or similar to present right of way forms 40 or 41 of Department) of each rearrangement

8500

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 14 of 31

0026

MICROFILMED FEBRUARY 1958

of utility facilities of Utility pursuant to an agreed plan; or, if none, as may reasonably be required by Department. Utility will thereupon undertake, or cause to be undertaken, the rearrangement of its utility facilities pursuant thereto with reasonable dispatch. Further, Utility shall permit Department immediate entry upon, and use of, all right of way of Utility for utility facility purposes whenever necessary for a freeway purpose which occasioned such notice and where not inconsistent in time or manner of exercise with the due discharge by Utility of its said undertaking with respect to said rearrangement, and with its discharge of its duty as a public utility.

Sec. 9. (A) The cost of each rearrangement under a notice given by Department to Utility shall be divided and borne equally by the parties hereto, except as hereinafter provided.

(B) Where a rearrangement includes the dismantling of, or other work upon, existing utility facilities situate on "private right of way of Utility" and within the right of way of a freeway or a service road, the Department will pay in entirety that portion of the cost of such rearrangement attributable to said work on said existing utility facilities so situated, and to any reinstallations corresponding thereto.

This obligation of Department includes and shall require Department, at its sole expense, to convey, or cause to be conveyed, to Utility new private right of way for such of said reinstallations as will correspond to the private right of way of Utility on which was situate any

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 16 of 31

0027

MICROFILMED FEBRUARY 1958

dismantled existing utility facilities which were included in that portion of the cost of such rearrangement which Department is so obligated to pay in entirety; provided, that in discharge, in whole or in part, of this requirement of Department, Department may issue, or cause to be issued, to Utility, without charge to Utility or credit to Department, a joint use agreement (in form, identical with or similar to present Right of Way Form 38 of Department) within the right of way of a public road or similar easement on other real property under the jurisdiction of Department or other public authority; and provided further, that said Utility shall convey to Department said private right of way of Utility on which was situate any dismantled existing utility facilities as aforesaid corresponding to said new private right of way which Department is so obligated to convey to Utility.

The remainder of the cost of such rearrangement, including any work upon or dismantling of existing utility facilities situated outside of the right of way of a freeway or a service road, and any reinstallations corresponding thereto, shall be divided and borne equally by the parties hereto.

For the purposes of this subdivision (B), said "private right of way of utility" must at the time of the notice given by Department to Utility consist of the ownership by Utility of superior rights for utility facility purposes in a "defined area" of real property then situate within the right of way of a freeway or a service road, which rights must then be vested or confirmed in Utility

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 18 of 31

0028

MICROFILMED FEBRUARY 1956

under: (a) a joint use agreement (in form, identical with or similar to present Right of Way Form 38 of Department) heretofore or hereafter executed by Department or other public authority having jurisdiction, at the time of the issuance of said agreement, of the public road or other real property within which said defined area was then situate; or (b) a grant deed in the usual form, or a similar instrument issued and delivered by the United States or the State of California and not the grant or delivery of a privilege, license or permit to Utility, or a final judgment of a court of competent jurisdiction, where (1) such deed was not acquired, nor the action looking towards such judgment commenced, by Utility in contemplation of any previously publicly announced intention of Department to include the same area within the right of way of a freeway or a service road, provided that this exclusion shall have no application where such deed was acquired or such action was commenced by Utility after such announcements of Department of necessity in the due discharge by Utility of its duty as a public utility; and (2) where in any event such deed was acquired, or such action was commenced, by Utility at a time; (i) when said defined area was not situate within the right of way of any public road, or on other real property under the jurisdiction of Department; and (ii) prior to the acquisition of any deed, or commencement of an action looking toward a judgment, vesting or confirming the same area in Department as a part of the right of way of a freeway or a service road.

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 20 of 31

0029

MICROFILMED FEBRUARY 1958

Further, said "defined area" to constitute private right of way of Utility must have: (i) all outer boundaries defined; (ii) a defined longitudinal line with a specified width in reference thereto; or (iii) in any other case, been delineated by the installation of utility facilities at the location as existing at the time of notice given by Department to Utility; but in such case the time of the acquisition of the instrument by Utility for the above purposes shall be the date of such instrument or the time of the installation of said utility facilities at said location, whichever is later; and further, the width of right of way for various types of utility facilities so installed shall be deemed as follows on either side of the center line of such utility facilities:

Pole lines and underground duct lines, up to and including 15 KV - 5 feet

Overhead pole lines 17 KV to 33 KV - 10 feet

Overhead pole lines and tower lines 44 KV to 70 KV - 20 feet

Overhead pole lines and tower lines 100 KV to 110 KV - 40 feet

Overhead tower lines 165 KV to 220 KV - 50 feet

Gas and water pipe lines, up to and including 4 inch I. D. - 2½ feet

Pipe lines 6 inch O. D. to and including 10 inch O. D. - 5 feet

Pipe lines 12 inch O. D. and over - 7½ feet

Open ditches - the area occupied by the ditch

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 22 of 31

[illegible]

0030

MICROFILMED FEBRUARY 1958

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 23 of 31

and berm combined and $2\frac{1}{2}$ feet along each side of the outer edges thereof or five feet along one such side only

Flumes - 5 feet on each side measured from the outer edges of the flume structure.

At such points as any of such utility facilities extends beyond such width, such defined area shall encompass such utility facilities.

(C) Where a rearrangement includes the dismantling of, or other work upon, existing utility facilities initially installed within the right of way of a freeway or service road, Utility will pay in entirety that portion of the cost of such rearrangement attributable to said work on said existing utility facilities so initially installed and situated, and to any reinstallations corresponding thereto.

This obligation of Utility includes and shall require Utility, at its sole expense, to furnish any necessary new private right of way for all of said reinstallations included in that portion of the cost of such rearrangement which Utility is so obligated to pay in entirety.

The remainder of the cost of such rearrangement, including work upon or dismantling of existing utility facilities not so initially installed and situated, and any reinstallation corresponding thereto shall be divided and borne equally by the parties hereto.

For the purposes of this subdivision (C) "initially installed" refers to the first placement of utility facilities within the right of way of a freeway, or service

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 24 of 31

0031

MICROFILMED FEBRUARY 195[illegible]

road, upon issuance of an encroachment permit by the Department, stating thereon "Freeway Permit". It does not include any maintenance, repair, replacement, reconstruction, improvement or betterment of any utility facilities of like type existing at substantially the same location prior to the time such location became situate within the right of way of a freeway or service road, nor to any reinstallations of utility facilities under a "rearrangement of utility facilities" under a joint use agreement, or where the dismantled existing utility facilities were situate within the right of way of a freeway or service road other than where an encroachment permit had been issued therefor as above specified, to wit, stating thereon "Freeway Permit".

(D) If Department, by amended, revised or new notice given to Utility, changes a rearrangement under a prior notice given by Department to Utility before the completion of such rearrangement or of the work on that portion of the freeway or service road which occasioned such prior notice, Department will pay in entirety that portion of the cost of the rearrangement expended by Utility before such change to the extent such expenditures are rendered useless or wasted by reason of such change; and the remainder of the cost of the rearrangement shall be borne by the parties hereto pursuant to the foregoing subdivisions of this section.

(E) If Department after notice of a rearrangement given to Utility changes the right of way of the freeway or the service road which occasioned such notice, or if the

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 26 of 31

0032

MICROFILMED FEBRUARY 1958

highway or contemplated highway in respect to which a notice of a rearrangement hereunder was given ceases to be a freeway or service road (with or without amended, revised or new notice given to Utility), before the completion of such rearrangement or of the work on that portion of the public road which occasioned such notice, Department will pay in entirety that portion of the cost of the rearrangement expended by Utility before such change or happening to the extent Utility would have received a greater reimbursement in respect to said portion of the cost of the rearrangement under the foregoing subdivisions hereof had such change or happening not occurred; and the remainder of the cost of the rearrangement shall be borne by the parties hereto pursuant to the foregoing subdivisions of this section.

Sec. 10. In addition to the obligation of Utility to convey its private right of way to Department under Section 9 (B) hereof, upon completion of each rearrangement of utility facilities hereunder, and the discharge by Department of its obligations to Utility hereunder in respect thereto, Utility shall quitclaim to Department or its nominee upon demand an easement for public road purposes within the right of way of a freeway or any other public road or in any other real property on which was situate any utility facilities all of which were entirely dismantled under a rearrangement of utility facilities hereunder.

Sec. 11. Whenever a rearrangement includes the dismantling of existing utility facilities not located within the right of way of a public road or on private right of way of Utility as defined in Section 9 (B) hereof, and any

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 28 of 31

0033

MICROFILMED FEBRUARY 1986

reinstallations corresponding thereto are located within the right of way of a public road, there shall automatically vest in Utility upon the termination of this agreement like rights in real property, if any, in and to such corresponding new location of such reinstallations as Utility may have had, if any, in its corresponding old location on which was situate such utility facilities entirely dismantled under a rearrangement of utility facilities hereunder.

Sec. 12. Notwithstanding this contract, the State of California hereby reserves all its sovereign powers and any exercise thereof shall be superior and alternative to this contract.

IN WITNESS WHEREOF the parties hereto have executed this agreement the day and year first above written.

APPROVED

State Highway Engineer

APPROVED

Chief Right of Way Agent

Approved as to Form and Procedure

Attorney

STATE OF CALIFORNIA
DEPARTMENT OF PUBLIC WORKS

FRANK B. DURKEE
Director of Public Works

By________________

PACIFIC GAS AND ELECTRIC COMPANY

By
Its Vice President and General Manager

By
Its Secretary

| P G & E CO.—APPROVED | |
|---|---|
| DIV'N. | LAND |
| DESC. | OPER. |
| LAW P.E.S. | ENG'R. |
| | V.P. & E.E. |

P. G. & E. CO COPY

4-29-52

Case: 19-30088 Doc# 13571-7 Filed: 03/03/23 Entered: 03/03/23 13:46:30 Page 30 of 31

0034

MICROFILMED FEBRUARY 1958