Kathleen Connors
422 Larkfield Center #254
Santa Rosa CA, 95403
Ph 707 295 9409 Email connors1929@hotmail.com



Judge Montali, Courtroom 17
450 Golden Gate Ave.
Mail Box 36099
San Francisco, CA 94102

Case #19-30088
Docket #13518

March 4, 2023

"Please Post to the Courtroom Docket"

I am writing to express my support for Docket #13518 **MOTION FOR ORDER DEEMING WILLIAM B. ABRAMS SUPPLEMENT TO DAMAGE CLAIMS TIMELY.**

This motion seeks to apply rules that apply to Hedgefunds and Stockholder claims that allow them to seek additional damages in the Bankruptcy Case of PG&E (Debtor) and apply them to Claimants in the Fire Victims Trust (FVT) and others. At present the Claimants in FVT will only receive 70-80% of their claims, per sources at the FVT. These claims are to be funded by 50% stock and are tied to stock valuations. The stocks are undervalued due to the material misstatements and nondisclosures made by PG&E

Ratepayers also have damage claims due to billing for erroneous costs. It is now apparent that customers of PG&E paid for the Debtors' misrepresented and misdirected wildfire mitigation activities as well as other Debtor falsehoods through increased rates over a substantial period of time. Certainly, these damages were incurred by ratepayers during the same "Relevant Period" (April, 2015 through November, 2018) identified within the Baupost Motion and through much of the preceding time-period.

Additionally, Residents have Damage Claims due to insurance scarcity and property values – The clearly evident effects of the Debtors' falsehoods, misrepresentations and incomplete disclosures during the Baupost described "Relevant Period" have driven hikes in resident insurance rates and general insurance scarcity across PG&E territory and particularly within the PG&E defined High Fire Threat Districts ("**HFTD**") where residents are now subjected to a lack of insurance as carriers increasingly deny insurance to those who rebuild within these PG&E service areas.

This Motion (13518) is being put forward in keeping with the direction set by the Court through the "**Order Granting Stipulation Resolving Motion of Baupost Group Securities, L.L.C. for Order Deeming Supplement to its Proofs of Rescission or Damage Claims Timely**" [Dkt. 13467]

Baupost submitted "**MOTION FOR ORDER DEEMING BAUPOST GROUP SECURITIES, L.L.C.'S SUPPLEMENT TO ITSPROOFS OF RESCISSION OR DAMAGE CLAIMS TIMELY** (the "**Baupost Motion**") [Dkt. 13393]. It is this motion (#13393) that is the driving force behind Motion #13518.

Baupost Motion asserts that the Debtors' stock valuation was "*artificially inflated because of the Debtors' material misstatements and nondisclosures concerning their safety practice*" and that Baupost "*later suffered significant losses when the value of those securities fell as the falsity of Debtors' earlier misstatements came to light…*"

Baupost, a Hedgefund seeks additional damages from the Debtor (PG&E). Similarly, a successful Class Action against the Debtor was filed in February 16, 2021 in the United States District Court, Case 4:19-cv-06996-HSG, Document 81:

*3. WHERFEAS, in the Initial Complaint…PG&E and certain of the Initial Individual Defendants violated Sections 10(b) of the Securities Exchange Act…making certain public misrepresentations or omissions…*
  ***B. Settlement Consideration***
  *1. Subject to the terms of this Stipulation, PG&E shall pay on behalf of Defendents…the Settlement Amount of $10,000,000.00 (Ten Million Dollars.)*

Both the Baupost additional claims and the Class Action suit came after the PG&E Bankruptcy and after the formation of the Fire Victim Trust (July 1, 2020).

Fire Victims in the FVT, along with Ratepayers and Residents of California in the jurisdiction where PG&E provides utilities services, want the same treatment as Hedgefunds (Baupost) and Stockholders in the Class Action suit: the ability to file subsequent claims due to damage caused by the material misstatements and nondisclosures made by PG&E

Thanks for considering the plight of the residents of California impacted PG&E's behaviors.

Sincerely

Kathleen Connors