BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S STATEMENT AND RESERVATION OF RIGHTS IN RESPONSE TO MOTION FOR ORDER DEEMING WILLIAM B. ABRAMS SUPPLEMENT TO DAMAGE CLAIMS TIMELY**<br><br>[Relates to Docket Number 13518]<br><br>Hearing Date:    March 22, 2023<br>Hearing Time:    10:00 a.m.<br>Place: Hearing will be conducted telephonically or by video |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust ("**Trust**"), by and through her undersigned counsel, hereby submits this Statement and Reservation of Rights in response to the *Motion for Order Deeming William B. Abrams Supplement to Damage Claims Timely* filed on February 16, 2023 [Dkt. 13518] (the "**Abrams Motion**"). In support of this Statement, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Trustee whole-heartedly supports Fire survivors being fully compensated for losses they have incurred. As Mr. Abrams and other survivors seek compensation from the Debtors for fraud-based claims that **are not** Fire Victim Claims – because they do not "arise out of" or "result from" any Fire[1] – the Trustee seeks to ensure that these claims do not in any way adversely impact the administration or corpus of the Fire Victim Trust or the disposition of fire victim claims.[2]

Mr. Abrams filed the Abrams Motion in an effort to have this Court deem timely his amendment of certain timely filed proofs of claim.[3] While Mr. Abrams's timely filed claims are Fire

---

[1] *See* Plan, at Art. 1.78-79.

[2] The Trustee incorporates by reference all arguments made in her earlier statement on these issues at Dkt. 13461, in their entirety, as if they were made herein. The Trustee is compelled to correct Mr. Abrams's mischaracterization that "these characterizations of the Debtors' misstatements and incomplete disclosures as "fraud" or "fraudulent" **were put forward by the Trustee** in reference to the evidence put forward by Baupost." (Abrams Motion 6:17-19) (emphasis supplied). If the phrases attributed to the Trustee in the Abrams Motion are instead read within the context in which they are used and were offered by the Trustee in the *Fire Victim Trustee's Statement and Reservation of Rights to Response of William B. Abrams to Motion for Order Deeming Baupost Group Securities, LLC's Supplement to its Proofs of Rescission or Damage Claims Timely* (the "**Trustee Statement**"), it is clear that the Trustee is merely describing and paraphrasing Mr. Abrams's assertions in *Response of William B. Abrams to Motion for Order Deeming Baupost Group Securities, L.C.C.'s Supplement to its Proofs of Recission or Damage Claims Timely*. As was clearly noted in the Trustee Statement, "[t]he Trustee does not take a position on the merits of the [Mr. Abrams's] Baupost Motion." (Trustee Statement at 1:16-17).

[3] The Trustee notes that Proof of Claim 20057 was filed by William *E.* Abrams in respect of a claim at a different loss location that is unrelated to any loss location or claim asserted by the movant, William *B.* Abrams. Of the remaining two claims listed in the Abrams Motion, Proof of Claim 54799 was timely filed on behalf of Mr. Abrams and his family as an amendment to Proof of Claim 16425. Both of these Proofs of Claim, as filed, presently assert only Fire Victim Claims that were channeled to Trust pursuant to Section 4.26 of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (the "**Plan**").

1

Case: 19-30088    Doc# 13594    Filed: 03/08/23    Entered: 03/08/23 11:56:26    Page 2 of 4

Victim Claims, the relief he seeks in his motion and the claims he seeks to add to his Proofs of Claim do not relate to any Fire and, if this Court grants the Abrams Motion or any part thereof, the Trust hereby submits and this Court should make clear that any amended, supplemental or additional claims of Mr. Abrams that this Court deems timely **are not** Fire Victim Claims to be channeled to and administered by the Trust.[4] Indeed, Mr. Abrams explicitly states in his motion that "[t]hese claim supplements are direct claims against the Debtor's estate and will not affect the corpus of the Fire Victim Trust or the processing of claims in accordance with the existing victim Claims Resolution Procedures." (Abrams Motion 2:16-18). The joinders to the Abrams Motion that have been filed have made it clear that it is their authors' intention to seek compensation directly from the Debtors and not from the Trust. The Trust notes for the Court that as of February 28, 2023, the Trust has issued Determination Notices for 94% of the Claims Questionnaires submitted to the Trust. With Claimants now having accepted awards for over 81% of all Claims Questionnaires, the Trust has paid more than $8.5 billion to over 53,000 Claimants.

The Trust respectfully submits that this Court should not take any action with respect to Mr. Abrams's motion that would impede, interfere with, or delay the Trust's work or create a new class of Fire Victim Claims that would dilute the Trust's limited fund for payment of Fire Victims.

## OBJECTION TO REQUEST FOR JUDICIAL REVIEW

The Trustee objects to Mr. Abrams's request that the Court grant him judicial review of his Fire Victim Claims. As this Court is well aware, Mr. Abrams did not timely file an objection to the judicial review provisions in the Trust Documents, and therefore, as this Court has held, Mr. Abrams waived his right to object.[5] For the reasons cited by the court in its orders denying Mr. Abrams's

---

[4] *See* Plan, at Art. 1.79.

[5] None of Mr. Abrams's pre-confirmation filings with this Court assert an objection to the lack of de novo judicial review under the Trust's Claims Resolution Procedures (the "**CRP**"). Mr. Abrams's confirmation objections related only to alleged violations of Bankruptcy Code §§1129 (a)(3) and 1129(a)(11) and did not raise any issue with the Fire Victim Trust Agreement or the CRP. *See William B. Abrams Objection to Debtors Plan of Reorganization Pursuant to 11 U.S.C. 1129(a)* [Dkt. No. 7230].

2

Case: 19-30088    Doc# 13594    Filed: 03/08/23    Entered: 03/08/23 11:56:26    Page 3 of 4

previous requests for judicial review, the Court should once again deny this request.[6]

**RESERVATION OF RIGHTS**

The Trustee reserves all rights in connection with the relief sought in the Abrams Motion, including all procedural and substantive rights, defenses, arguments, claims, in respect of the foregoing.

DATED: March 8, 2023                BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for the Fire Victim Trustee*

---

[6] *See, e.g., Order Denying Motions for Reconsideration* [Dkt. No. 8247] (noting the voting to reject a plan is not the same as objecting to confirmation of the plan); *Order Denying Motion by William B. Abrams and Request by Kenneth Roy Viney* [Dkt. 10738] (explaining that Mr. Abrams' request failed to comply with substantive and procedural requirements for such a request); *Order Denying William B. Abrams' Motion to Enforce the Victim Trust Agreement and Replace All Members of the Fire Victim Trust Oversight Committee, Etc.* [Dkt. 10768] ("The court will not set for further hearing any similar motion Mr. Abrams decides to file unless he first requests permission from the court to do so after a preliminary review of what he wants and his basis for doing so.").