**THE WAGNER LAW GROUP PC**
  **(formerly known as Wagner Jones**
  **Kopfman & Artenian, LLP**
Nicholas J.P. Wagner (Bar No. 109455)
David D. Doyle (Bar No.100595)
1111 E. Herndon Avenue, Suite 317
Fresno, California 93720
(559) 449-1800
(559) 449-0749 Fax
Email: bwagner@wagnerjones.com
Email: doyle@ddmslaw.com

Attorney for Brenda Wright and numerous Wildfire Claimants

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY<br><br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric<br>■ Affects Both Debtors | Case No. 19-30088-DM<br><br>**JOINDER IN ABRAMS MOTION TO FILE SUPPLEMENTS TO CLAIMS AGAINST PGE**<br><br>**Jointly Administered**<br><br>**Judge:** Hon. Dennis Montali<br>**Date:** March 22, 2023<br>**Time:** 10:00 a.m.<br>**Location;** Via Video/Teleconference or refer to<br>**www.canbuscourts.gov/calendars**<br><br>**US Bankruptcy Court<br>Courtroom 17<br>450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA 94102** |

This joinder is filed on behalf of Camp Fire victim Brenda Wright and the approximately 660 other fire victims we also represent, and who have filed Proofs of Claim in this Court.

These parties join in the part of Mr. Abrams' motion seeking leave for fire victims to supplement their claims against PG&E for knowingly making false and material misstatements about its safety practices, which artificially inflated the market value of PG&E stock in the runup to approval of the Plan. The value of the stock later fell markedly

1

when the falsity of the misstatements was publicly revealed. As a consequence, the fire victims did not get the benefit of their bargain contemplated by the Plan for $6.75 billion in stock. No one knowledgeable about the assets of the Fire Victims Trust believes the stock component of the Trust assets will come close to the $6.75 billing promised in the Plan for that fire victims will be compensated 100% for their losses, as was contemplated by the Plan's total number of $13.5 billion, half in cash and half in stock. This Court has acknowledged as much in prior orders.

One can say, "too bad, those are the breaks," which is no solace to the many thousands of people who have suffered at PG&E's hands. Justice must not give way to the small and arcane. This Court can and must take the remedial measure of permitting our clients, Mr. Tosdal's clients, and the fire victims, *en masse,* to supplement their claims against PG&E in the same way this Court has permitted Baupost to do by way of approving its stipulation with PG&E. In this regard, what is good for Baupost is good the for the fire victims. It is the intention of these joining parties to seek compensation directly from PG&E and not from the Trust.

These joining parties oppose the part of the Abrams' motion seeking judicial review of individual Trust awards, as that could unravel the entire Trust process.

March 8, 2023                               */s/ Nicholas J.P. Wagner*
                                                    Nicholas J.P. Wagner

Case: 19-30088    Doc# 13597    Filed: 03/08/23    Entered: 03/08/23 12:40:23    Page 3 of 3