BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUST'S**<br>**NOTICE OF FINAL**<br>**RESOLUTION OF**<br>**ASSIGNED CLAIMS**<br><br>[Relates to Docket Numbers 12682 and 12884] |

TO FIRE VICTIMS AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that the PG&E Fire Victim Trust (the "**Trust**") has settled claims (the "**Assigned Claims**") against Western Environmental Consultants, LLC, ArborMetrics Solutions, LLC, Trees, LLC, and Utility Tree Service, LLC (the "**Settling Vegetation Defendants**") that the Trust held as part of the Assigned Rights and Causes of Action transferred to the Trust pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Dkt. No. 8048]. A complete copy of the settlement and release agreement that was fully executed on March 7, 2023 (the "**Settlement Agreement**") is attached hereto as **Exhibit 1** and will be posted on the Fire Victim Trust Website at www.firevictimtrust.com.

The Settlement Agreement provides, inter alia, for the Settling Vegetation Defendants to remit to the Trust the total lump sum of one hundred seventy-one million dollars ($171,000,000.00) (the "**Settlement Amount**") and for mutual releases to be executed by the Trust and the Settling Vegetation Defendants.

PLEASE TAKE FURTHER NOTICE that a redacted[1] copy of the engagement letter (the "**VM Firms' Engagement Letter**") effective January 27, 2021, between the Trust and the firms Cotchett, Pitre & McCarthy, LLP, Corey, Luzaich, de Ghetaldi & Riddle, LLP, Walkup, Melodia, Kelly & Schoenberger, Dreyer, Babich, Buccola, Wood & Campora, LLP, Andrews & Thornton, A Law Corporation, and Greenberg Gross LLP (together, "**VM Firms**") in connection with the Assigned Claims is attached hereto as **Exhibit 2**[2] and will be posted on the Fire Victim Trust Website at www.firevictimtrust.com. The Trust will file a supplemental notice disclosing the

/ / /

---

[1] The VM Firms' Engagement Letter remains redacted in accordance with the *Order Granting Motion of the Fire Victim Trustee to File Redacted Versions of Certain Retention Agreements Until Litigation Related to Such Retention Agreements is Finally Resolved* [Dkt. No. 12884], which provides, among other things, that the unredacted copy of the retention agreement is confidential, shall remain under seal, and shall not be made available to anyone without the express written consent of the Trustee or order of the Court until such time as the litigation to which the retention agreement applies has been finally resolved by judgment, arbitration, mediation, or otherwise. The litigation to which the VM Firms' Engagement Letter applies has not yet been finally resolved with respect to certain other entities.

[2] The Trust previously filed a redacted copy of the VM Firms' Engagement Letter as Exhibit B to *Fire Victim Trustee's Responses in Connection with the Court's August 2, 2022 Discovery Order* [Dkt. No. 12931].

Case: 19-30088    Doc# 13607    Filed: 03/10/23    Entered: 03/10/23 10:45:13    Page 2
of 36

1   amounts of its costs, expenses, and attorneys' fees and disclosing the net benefit received by the

2   Trust as a result of the Settlement Agreement.

3

4   DATED:  March 10, 2023                    BROWN RUDNICK LLP

5

6                                             By: */s/ David J. Molton*
                                                  David J. Molton (SBN 262075)
7                                                 (DMolton@brownrudnick.com)
                                                  Seven Times Square
8                                                 New York, New York 10036
                                                  Telephone:      (212) 209-4800
9                                                 Facsimile:      (212) 209-4801

10                                                and

11
                                                  Joel S. Miliband (SBN 077438)
12                                                (JMiliband@brownrudnick.com)
                                                  2211 Michelson Drive
13                                                Seventh Floor
                                                  Irvine, California 92612
14                                                Telephone:      (949) 752-7100
                                                  Facsimile:      (949) 252-1514
15

16                                                *Attorneys for Fire Victim Trustee*

17

18

19

20

21

22

23

24

25

26

27

28

3

# **EXHIBIT 1**

SETTLEMENT AGREEMENT

4

DocuSign Envelope ID: D78621FC-C6F7-4E9D-8950-95AFC635F52F

## SETTLEMENT AND MUTUAL GENERAL RELEASE AGREEMENT

This Settlement and Mutual General Release Agreement ("Agreement") is entered into as of December 19, 2022, by and among the following parties (collectively, "the parties"): Cathy Yanni, trustee of the PG&E Fire Victim Trust ("FVT") on the one hand, and Western Environmental Consultants, LLC ("WECI"), ArborMetrics Solutions, LLC ("ArborMetrics"), Trees, LLC ("TLLC") and Utility Tree Service, LLC ("UTSLLC") (collectively, "the Settling Vegetation Defendants") on the other hand.

## RECITALS

This Agreement is entered into on the basis of the following facts:

A.　　On January 28, 2021, John K. Trotter, Jr., as the then trustee of the FVT, filed a complaint (the "Complaint") against WECI and others in that certain action entitled *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.;* San Francisco Superior Court Case No. CGC-21-589438 (the "Action").

B.　　The Action was coordinated with various other lawsuits in the coordinated proceeding entitled *California North Bay Fire Cases,* Judicial Council Coordination Proceeding (JCCP) No. 4955 (the "JCCP").

C.　　In addition to the Action, the JCCP includes the following lawsuits (the "Individual Vegetation Contractor Lawsuits") brought against one or more of the Settling Vegetation Defendants by various plaintiffs: (i) *Abram, et al. v. ACRT Inc., et al.,* San Francisco Superior Court Case No. CGC-19-579861; (ii) *Antone, et al. v. ACRT, Inc., et al.,* Sacramento Superior Court Case No. 34-2019-266662; and (iii) *Bennett, et al. v. ACRT, Inc., et al.,* Sacramento Superior Court Case No. 34-2019-00266501.

D.　　Without admitting any liability or wrongdoing whatsoever, the Parties now wish to settle and resolve all claims between them, whether known or unknown, under the terms and conditions specified herein.

E.　　Where referenced herein, the California North Bay Fires that occurred in or around October 2017 refer to the 2017 fires known as: 37, Adobe, Atlas, Blue, Cascade, Cherokee, Honey, LaPorte, Lobo, Maacama/Youngs, McCourtney, Norrbom,

Nuns, Partrick, Pocket, Point, Pressley, Pythian/Oakmont, Redwood/Potter Valley, Sulphur and Tubbs.

<u>**AGREEMENT**</u>

NOW, THEREFORE, in light of the foregoing Recitals which the Parties agree are incorporated herein as part of this Agreement, and in consideration of the representations, warranties, promises, and releases contained herein, the Parties agree to the following terms and conditions:

1.     <u>SETTLEMENT PAYMENT</u>.  Subject to the terms of this Agreement, the Settling Vegetation Defendants shall pay or cause to be paid to the FVT the total amount of ONE HUNDRED SEVENTY-ONE MILLION DOLLARS AND ZERO CENTS (US $171,000,000.00) (the "Settlement Payment").

2.     <u>TIME FOR PAYMENT; GOOD FAITH SETTLEMENT</u>.  The Settlement Payment is due thirty (30) days after entry of an order by the Superior Court in the JCCP determining this Agreement to be a good faith settlement under section 877.6 of the California Code of Civil Procedure.  The Settling Vegetation Defendants shall move for such determination promptly and in no event later than January 31, 2023, and shall seek the first possible hearing date.  The FVT shall support and cooperate in such motion.

3.     <u>DISMISSAL OF ACTIONS AGAINST SETTLING VEGETATION DEFENDANTS</u>.  As a condition of  making the Settlement Payment, the FVT shall first deliver or cause to be delivered to counsel of record for the Settling Vegetation Defendants:  (a) a Request for Dismissal, with prejudice, of the Action as against the Settling Vegetation Defendants, and (b) requests for dismissal with prejudice of the Settling Vegetation Defendants from the Individual Vegetation Contractor Lawsuits by all plaintiffs in the Individual Vegetation Contractor Lawsuits.  All of the foregoing requests for dismissal of the Settling Vegetation Defendants from the Action and from the Individual Vegetation Contractor Lawsuits shall be held by counsel of record for the Settling Vegetation Defendants until after the Settlement Payment is made in full, whereupon such counsel shall file and serve the requests.

As a condition of making the Settlement Payment, the parties shall jointly request an order from the court which states that this Agreement resolves any and all claims or

DocuSign Envelope ID: D78621FC-C6F7-4E9D-8950-95AFC635F52F

possible claims against the Settling Vegetation Defendants that arise out of or are in any way connected, directly or indirectly, with the California North Bay Fires that occurred in or around October 2017, and ends the Settling Vegetation Defendants involvement in the JCCP. Should any action thereafter be filed against the Settling Vegetation Defendants with respect to any claims arising out of the California North Bay Fires that occurred in or around October 2017 that are the subject of this Agreement, the FVT will support and cooperate with any motion filed by the Settling Vegetation Defendants seeking to dismiss any claims that may be filed after execution of this Agreement.

       4.     <u>MUTUAL RELEASES OF ALL CLAIMS</u>.

          a.     Except with respect to the obligations set forth in this Agreement, effective immediately, the FVT releases and forever discharges each of the Settling Vegetation Defendants and their current and former attorneys, parents, subsidiaries, affiliated companies, shareholders, members, agents, representatives, insurers, employees, officers, directors, partners, owners, from any and all claims, demands, causes of action, damages, debts, injuries, liabilities, accounts, costs, expenses, and liens, of any kind or nature, whether now known or unknown, fixed or contingent, suspected or unsuspected, which arise out of or are in any way connected, directly or indirectly, with the California North Bay Fires that occurred in or around October 2017, the Action and/or the Individual Vegetation Contractor Lawsuits, the allegations contained in the Action and/or the Individual Vegetation Contractor Lawsuits, or any allegations that could have been contained therein. For avoidance of doubt, the release set forth in this paragraph operates as a release by the FVT, and, by operation of Pacific Gas and Electric Company and PG&E Corporation's rights having been legally assigned to the FVT, release of the same claims by Pacific Gas and Electric Company, and PG&E Corporation of any and all actual or potential claims arising out of the California North Bay Fires that occurred in or around October 2017, whether or not heretofore asserted, against the Settling Vegetation Defendants. Such released claims include without limitation any and all claims against for full or partial indemnification or contribution and for the expenses incurred in connection with the Action or the JCCP. For further clarity, and notwithstanding any provisions of this Agreement, the FVT is not releasing its claims against any defendants in the Action or the JCCP other than the Settling Vegetation

DocuSign Envelope ID: D78621FC-C6F7-4E9D-8950-95AFC635F52F

Defendants.

b.       Except with respect to the obligations set forth in this Agreement, effective immediately, each of the Settling Vegetation Defendants hereby releases and forever discharges the FVT, Pacific Gas and Electric Company, and PG&E Corporation and each of their current and former trustees, attorneys, shareholders, members, agents, representatives, insurers, employees, officers, directors, partners, and owners, from any and all claims, demands, causes of action, damages, debts, injuries, liabilities, accounts, costs, expenses, and liens, of any kind or nature, whether now known or unknown, fixed or contingent, suspected or unsuspected, which arise out of or are in any way connected, directly or indirectly, with the California North Bay Fires that occurred in or around October 2017, the Action and/or the Individual Vegetation Contractor Lawsuits, the allegations contained therein, or any allegations that could have been contained therein. For avoidance of doubt, there exist bilateral indemnity obligations between the Settling Vegetation Defendants on the one hand, and Pacific Gas and Electric Company and PG&E Corporation on the other. Pursuant to the Plan of Reorganization, Pacific Gas and Electric Company and PG&E Corporation assigned rights held by these entities to pursue those indemnity obligations to the FVT, whereas the Settling Vegetation Defendants maintained their indemnity rights. Under this agreement, the FVT is releasing all such assigned indemnity rights against the Settling Vegetation Defendants. The release set forth in this paragraph operates as a release by the Settling Vegetation Defendants of any and all actual or potential claims arising out of the California North Bay Fires that occurred in or around October 2017, including the aforementioned indemnity rights, whether or not heretofore asserted, against the foregoing releasees.  Such released claims include without limitation any and all claims against such releasees for full or partial indemnification for the Settlement Payment and for the expenses incurred to defend the Action and/or the Individual Vegetation Contractor Lawsuits.

c.       Each of the signatories to this release expressly **waives** the provisions of Section 1542 of the Civil Code of the State of California, and acknowledges that such party is familiar with and understands that section, which provides as follows:

**A general release does not extend to the claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing**

**the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.**

In connection with such waiver and the releases in Section 4.a., 4.b., and 4.c., each signatory acknowledges that such signatory is aware that such signatory may hereafter discover facts in addition to or different from those which such signatory now knows or believes to be true, but that it is such signatory's intention hereby to fully, finally, and forever settle and release all such claims, matters, disputes, and differences, known or unknown, fixed or contingent, suspected or unsuspected, except as specifically set forth in this Agreement. The releases given herein shall be and remain in effect as full and complete releases notwithstanding the discovery or existence of any such additional or different facts.

d. Each of the signatories to this Agreement covenants and agrees that such signatory will not make, assert, or maintain any claim, demand, action, suit, or proceeding that is released in this Agreement.

5. <u>NO ADMISSIONS</u>.

Nothing in this Agreement shall constitute or be construed as an admission by any of the parties of any wrongdoing or legal liability of any kind. The terms and conditions of this Agreement constitute a compromise and settlement of disputed claims and an accord and satisfaction of contested matters.

6. <u>NOTICES</u>.

Any notice under this Agreement shall be made by both email and by personal delivery or overnight courier, addressed as follows or at any other street address (no post office boxes) as the parties may later designate in writing:

To the FVT:

Cathy Yanni, Trustee of the Fire Victim Trust,
c/o
David Molton
DMolton@brownrudnick.com
Brown Rudnick LLP
7 Times Square
New York, NY 10036

with a copy to:

Khaldoun Baghdad
kbaghdadi@WalkupLawOffice.com
Walkup, Melodia, Kelly & Schoenberger
650 California St, 26th Floor
San Francisco, CA 94108

and

Sean Higgins
shiggins@andrewsthornton.com
Andrews & Thornton
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660

To the Settling Vegetation Defendants:

Jim Hines
Utility Tree Service, LLC
708 Blair Mill Road
Willow Grove, PA, 19090-1701

with a copy to:

David Bona
dbona@ccplaw.com
Carlson Calladine & Peterson, LLP
One Post Street, Suite 500
San Francisco, CA 94104


7.      SUCCESSORS AND ASSIGNS.

This Agreement, together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest, and assignees of the respective parties.

8.      ENTIRE AGREEMENT.

This Agreement contains the entire agreement and understanding concerning the subject matter hereof and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral.  Each of the signatories hereto acknowledges and represents that it has not made, nor has its respective agents or attorneys made, any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the other signatory to execute this

DocuSign Envelope ID: D78621FC-C6F7-4E9D-8950-95AFC635F52F

Agreement, and acknowledges and warrants that it is not executing this Agreement in reliance on any promise, representation, or warranty not contained herein.

9.      <u>AMENDMENTS AND MODIFICATIONS</u>.

This Agreement may not be amended, modified, terminated, or superseded, other than by an instrument in writing, signed by the party against whom enforcement of the amendment, modification, termination, or supersession is sought.

10.    <u>NO WAIVER</u>.

A waiver by a party of a breach of any of the terms of this Agreement shall not be construed as a waiver of any subsequent breach of the same or any other term of this Agreement.

11.    <u>GOVERNING LAW; VENUE</u>.

This Agreement is to be governed by, and construed in accordance with, the laws of the State of California.  Any action arising out of or relating to this Agreement shall be brought in a court of competent jurisdiction located in the County of San Francisco, State of California.

12.    <u>ATTORNEYS' FEES</u>.

In the event any litigation or other proceeding is brought to enforce the terms of this Agreement, or in the event of any litigation or other proceeding involving, arising out of, or in connection with this Agreement, including any litigation or other proceeding in pursuit of claims released under this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, expenses and costs.

13.    <u>EACH PARTY TO BEAR OWN FEES AND COSTS</u>.

Each party hereto shall bear its own costs and attorneys' fees incurred in connection with the Action, the matters released by this Agreement, and the negotiation, documentation, and execution of this Agreement.

14.    <u>FURTHER DOCUMENTS</u>.

The Parties agree to execute promptly all additional documents necessary to complete and effectuate this Agreement.

15.    <u>DISCLOSURE OF SETTLEMENT OR SETTLEMENT AGREEMENT</u>

The Parties consent to the FVT's disclosure of the Settlement Payment and this Agreement, to the public; however, any press release or public statement issued by the

FVT concerning the Settlement Payment or this Agreement will include a statement that "the claims resolved by the settlement are allegations only and there has been no determination of liability. The Settling Vegetation Defendants deny the allegations in the Action and in the Individual Vegetation Contractor Lawsuits and deny any liability for the 2017 California North Bay Fires."

16. REPRESENTATIONS AND WARRANTIES.

Each of the signatories to this Agreement represents, warrants, and agrees as follows:

a. This Agreement in all respects has been voluntarily and knowingly executed by such signatory.

b. Such signatory has had an opportunity to seek and has sought legal advice from legal counsel of such party's choice with respect to the advisability, including tax consequences, of executing this Agreement.

c. Such signatory has made such investigation of the facts pertaining to this Agreement as such party deems necessary.

d. The terms of this Agreement are the result of negotiations among the parties and are entered into in good faith by the parties in accordance with California law.

e. This Agreement has been carefully read by such signatory and the contents hereof are known and understood by such signatory.

f. The FVT has been authorized to deliver executed Requests for Dismissals, with prejudice of the Settling Vegetation Defendants from the Individual Vegetation Contractor Lawsuits by all plaintiffs in the Individual Vegetation Contractor Lawsuits.

g. Such signatory has not heretofore assigned or transferred any matter released by this Agreement or any part or portion thereof. Such signatory agrees to indemnify and hold harmless the opposing signatory(ies) from any claims resulting from any such assignment or transfer by such signatory, or asserted by any assignee or transferee from such signatory.

h. Such signatory does not believe that any covenant, provision, or term of this Agreement is invalid for any reason.

17. INTERPRETATION.

This document was mutually negotiated and drafted by the parties. No provision

DocuSign Envelope ID: D78621FC-C6F7-4E9D-8950-95AFC635F52F

of this Agreement shall be interpreted for, or against, a party because such party drafted or requested such provision.

18. <u>HEADINGS</u>.

The headings on paragraphs and subparagraphs of this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.

19. <u>COUNTERPARTS</u>.

This Agreement may be signed in counterparts, each of which shall be deemed an original for all purposes. Facsimile signatures to this Agreement shall for all purposes be deemed originals and shall bind the signatories delivering such signatures via fax or email.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first set forth above.

Dated: __March 8, 2023__

Cathy Yanni, trustee of the PG&E
Fire Victim Trust

Dated: 3/6/2023 | 11:28 AM PST
_____

Western Environmental Consultants,
LLC

By: _____
Name: __Brian R. Bauer__
Title: __Secretary-Treasurer__

Dated: 3/6/2023 | 11:28 AM PST
_____

ArborMetrics Solutions, LLC

By: _____
Name: __Brian R. Bauer__
Title: __Secretary-Treasurer__

Dated: 3/6/2023 | 11:28 AM PST
_____

Trees, LLC

By: _____
Name: Brian R. Bauer
Title: Secretary-Treasurer

Dated: 3/6/2023 | 11:28 AM PST
_____

Utility Tree Service, LLC

By: _____
Name: Brian R. Bauer
Title: Secretary-Treasurer

# **EXHIBIT 2**

VM FIRMS' ENGAGEMENT LETTER

15

**PG&E Fire Victim Trust**
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
www.firevictimtrust.com

January 27, 2021

Hon. John K. Trotter (Ret.)
Trustee of the PG&E Fire Victim Trust
PG&E Fire Victim Trust
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:    <u>Representation of PG&E Fire Victim Trust in Litigation of Claims Against Certain Third-Party Vegetation Management Contractors</u>

Dear Judge Trotter:

       This letter of engagement ("**Engagement Letter**") is to confirm the retention of the Firms (as defined below) by the PG&E Fire Victim Trust (the "**Trust**") as of the date set forth above.

       The Firms consist of the following six law firms: (1) Cotchett, Pitre & McCarthy LLP; (2) Walkup, Melodia, Kelly & Schoenberger; (3) Dreyer Babich Buccola Wood Campora, LLP; (4) Corey, Luzaich, De Ghetaldi & Riddle LLP; (5) Andrews & Thornton, a Law Corporation; and (6) Greenberg Gross LLP (each a "**Firm**" and collectively, the "**Firms**").

    **1.  Scope of Representation; Communications with the Trust.**





(b)     The Firms agree to keep the trustee of the Trust (the "**Trustee**") and the Trust's consultant, ████████████ (the "**Authorized Agent**"), reasonably informed as to the progress ████████████████████. The Firms also agree to provide either written or oral explanations of work performed if requested to do so by the Trustee or the Authorized Agent.

(c)     Prior to commencing any court proceeding as contemplated by the Representation, the Firms will provide the Trustee and the Authorized Agent with a draft complaint. The Firms shall not file or serve any initiating complaint, or make any demand for payment from a prospective defendant without the prior written approval of the Trustee or the Authorized Agent.

(d)     The Firms shall not retain or otherwise engage the services of any electronic discovery platforms, databases, consultants, or other similar vendors and service providers ("**Discovery Services**") without the prior written consent of the Trustee or the Authorized Agent

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

(e)     The Firms shall not retain or employ any third-party investigators or other experts ("**Experts**") without the prior written consent of the Trustee or the Authorized Agent ,

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

(f)     The Firms shall not retain or employ any third-party bankruptcy or insurance counsel ("**Special Counsel**") without the prior written consent of the Trustee or the Authorized Agent,

██████████████████████████████████████

2



## 2. Relationship of the Firms.

(a)     The Trust acknowledges that the Firms, pursuant to separate agreement by and between the Firms, have determined to organize themselves into the following consortiums:

(i)     The "**Walkup Consortium**" consists of Cotchett, Pitre & McCarthy LLP; Walkup, Melodia, Kelly & Schoenberger; Dreyer Babich Buccola Wood Campora, LLP; and Corey, Luzaich, De Ghetaldi & Riddle LLP.

(ii)    The "**Andrews Consortium**" consists of Andrews & Thornton, a Law Corporation; and Greenberg Gross LLP.

(b)     Notwithstanding anything to the contrary herein, the Firms shall represent the Trust collectively without regard to their affiliation with either of the Walkup Consortium or the Andrews Consortium. The extent to which work performed in furtherance of the Representation hereunder is allocated to any of the Firms or either of the above mentioned consortiums shall be governed by separate agreement by and between the Firms, which agreement shall have no impact or effect on the terms set forth in this Engagement Letter. The parties hereto agree that the Trust shall incur no loss in connection with the separate agreement by and between the Firms, and the Trust shall be entitled to recover any costs or expenses incurred by the Trust with respect thereto.



3



4

## 4. Confidential Information.

The Firms recognize that certain of their partners, associates and staff members may be provided with confidential and proprietary information belonging to the Trust ("**Confidential Information**"). None of the Firms will disclose to any third parties any Confidential Information obtained in the course of the Representation unless the Trust consents to such disclosure. Confidential Information will not include: (i) information made public other than as a result of breach of this Engagement Letter; (ii) information any or all of the Firms acquire from a third party with no known obligations of confidence regarding the information; or (iii) information already known to any or all of the Firms prior to disclosure by the Trust. If any or all of the Firms receive a request for disclosure of Confidential Information or are otherwise required by law to disclose any Confidential Information, the Firms will, to the extent practicable, notify the Trust of the disclosure request or requirement, and will discuss an appropriate response with the Trust. The Firms also agree to take reasonable steps to avoid the disclosure, obtain an appropriate protective order, or secure other safeguards to help preserve confidentiality. For clarity, any and all Confidential Information known by any Firm individually shall be conclusively deemed to be known individually and collectively by each and all of the Firms.

## 5. Records.

All materials prepared by the Firms for the Trust in connection with the Representation shall be the property of the Trust.

## 6. Cooperation.

The Trust agrees that its authorized representatives will (i) be reasonably available to confer with the Firms upon request, (ii) provide the Firms with such documents and information as the Trust may possess relating to the Representation, (iii) disclose all facts and circumstances of which the Trust is are aware that may bear upon the Firms' handling of the Representation, and (iv) otherwise assist the Firms' efforts as reasonably requested to do so by the Trustee or the Authorized Agent.

## 7. Dispute Resolution; Governing Law.

(a)     Notwithstanding anything to the contrary in this Engagement Letter, the parties hereto agree that any disputes between them in connection with this Engagement Letter shall, in the first instance, be sought to be resolved by an alternative dispute resolution ("**ADR**") process mutually agreeable to the parties as follows: the parties involved agree to meet and confer in good faith to agree upon and proceed with a mutually acceptable ADR process, and any party

5

that is dissatisfied with the final outcome of the ADR process set forth in this paragraph shall be entitled to commence an arbitration proceeding in accordance with Section 7(b) of this Engagement Letter.

(b)     The parties further agree that any dispute that is not resolved by the ADR process shall be submitted to binding arbitration administered by the American Arbitration Association, in accordance with its Commercial Arbitration Rules. Such claims shall be heard by a panel of three arbitrators, to be chosen as follows: within fifteen (15) days after the commencement of arbitration, each party shall select one person to act as arbitrator; thereafter, the two individually selected arbitrators shall select a third arbitrator within ten days of their appointment. If the arbitrators selected by the parties are unable or fail to agree upon the third arbitrator, the third arbitrator shall be selected by the American Arbitration Association. The arbitration panel shall have the power to rule upon its own jurisdiction and authority. The place of arbitration shall be San Francisco, California, unless the parties agree in writing to a different location. Regardless of where the arbitration proceeding actually takes place, all aspects of the arbitration shall be governed by the laws of the State of California, without regard to its conflicts of law provisions that would apply the laws of another jurisdiction. The parties shall bear their own legal fees and costs in connection with any arbitration proceedings brought pursuant to this Section 7. The award of the arbitrators shall be accompanied by a reasoned opinion, and judgment on the award rendered by the arbitration panel may be entered in any court having jurisdiction thereof. Except as may be required by law or to enforce an award, neither a party to an arbitration proceeding nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of the parties to this Engagement Letter. The parties to this Engagement Letter acknowledge that by agreeing to this arbitration provision, they are giving up the right to litigate claims against each other in the judicial system, and important rights that would be available in litigation, including the right to trial by judge or jury, to extensive discovery and to appeal an adverse decision. The parties acknowledge that they have read and understand this arbitration provision, and that they voluntarily agree to binding arbitration in accordance with the foregoing.

(c)     This Engagement Letter shall be governed by the laws of the State of California, without regard to its conflicts of law provisions that would apply the laws of another jurisdiction.

## 8.   Termination.

The Trust has the right to terminate this engagement at any time upon delivery of written notice (including by email) to the Receivers. In the event of termination by the Trust, the Firms shall provide cooperation in any transition, including return of materials provided to the Firms by the Trust and providing copies of any work product created under this Engagement Letter or in connection with the Representation. The Firms also have the right, subject to certain responsibilities under applicable ethical rules, to terminate this engagement by giving the Trust written notice if the Trust fails to cooperate with the Firms or if the Firms determine that continuing to represent the Trust would be unethical, impractical or improper.

## 9. Indemnification.

The Firms acknowledge that the operation of the Trust is governed by a Trust Agreement which provides for the indemnification of certain advisors and consultants to the Trust. Notwithstanding such provisions of the Trust Agreement, the Firms acknowledge and agree that, except as to the Trust's indemnity obligations arising out of or related to the Trust's fraud or intentional misconduct, the Trust shall not be obligated to satisfy any indemnity obligations if and to the extent that at the time a demand for indemnity is made and would otherwise by payable by the Trust, the amount of such indemnity claim exceeds the amount of maximum aggregate limit of liability insurance coverage then available to satisfy such indemnity claim at that time, ███████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████

## 10. Agreement Applicable Until Changed in Writing.

The scope of this engagement may be modified by the Trust in writing at any time and from time to time by advance written notice to the Receivers. If the scope of engagement is modified, this Engagement Letter will apply to any additional matters the Firms agree to undertake upon the Trust's behalf unless the parties hereto enter into an express written agreement reflecting an alternate arrangement.

## 11. Notices.

Any notice given pursuant to this Engagement Letter shall be sent by FedEx or other commercial courier and electronically (by email) as follows:

**For the Walkup Consortium, to:**

Michael A. Kelly
Khaldoun Baghdadi
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Email: mkelly@walkuplawoffice.com

**For the Andrews Consortium, to:**

Anne Andrews
Sean Higgins
Andrews & Thornton, a Law Corporation
4701 Von Karman Ave, Suite 300
Newport Beach, CA 92660

7

Email: aa@andrewsthornton.com
Email: shiggins@andrewsthornton.com

**For the Trust, to:**

Hon. John K. Trotter (Ret.), Trustee
PG&E Fire Victim Trust
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

With copies to:



David J. Molton
Brown Rudnick LLP
7 Times Square
New York, New York 10036
Email: dmolton@brownrudnick.com

## 12. Effectiveness.

This Engagement Letter shall not become effective until it has been executed and delivered by all the parties hereto.

## 13. Counterpart Signatures.

This Engagement Letter may be executed in any number of counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute and be deemed one and the same agreement.

## 14. Headings.

The headings contained in this Engagement Letter are for reference purposes only and shall not in any way affect the meaning or interpretation of this Engagement Letter.

*(Signature page follows)*

8

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

COTCHETT, PITRE & McCARTHY,
LLP

COREY, LUZAICH, de GHETALDI
& RIDDLE, LLP

WALKUP, MELODIA, KELLY &
SCHOENBERGER

DREYER, BABICH, BUCCOLA, WOOD
& CAMPORA, LLP

GREENBERG GROSS LLP

ANDREWS & THORNTON, A LAW
CORPORATION

ACCEPTED AND AGREED

PG&E FIRE VICTIM TRUST

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

COTCHETT, PITRE & McCARTHY, LLP

COREY, LUZAICH, de GHETALDI & RIDDLE, LLP

WALKUP, MELODIA, KELLY & SCHOENBERGER

DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP

GREENBERG GROSS LLP

ANDREWS & THORNTON, A LAW CORPORATION

ACCEPTED AND AGREED

PG&E FIRE VICTIM TRUST

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

| | |
|---|---|
| _____ | _____ |
| **COTCHETT, PITRE & McCARTHY, LLP** | **COREY, LUZAICH, de GHETALDI & RIDDLE, LLP** |

| | |
|---|---|
| _____ | _____ |
| **WALKUP, MELODIA, KELLY & SCHOENBERGER** | **DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP** |

| | |
|---|---|
| **GREENBERG GROSS LLP** | _____ |
| | **ANDREWS & THORNTON, A LAW CORPORATION** |

ACCEPTED AND AGREED


_____

**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

| | |
|---|---|
| _____<br>**COTCHETT, PITRE & McCARTHY, LLP** | _____<br>**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP** |
| _____<br>**WALKUP, MELODIA, KELLY & SCHOENBERGER** | _____<br>**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP** |
| _____<br>**GREENBERG GROSS LLP** | _____<br>**ANDREWS & THORNTON, A LAW CORPORATION** |

ACCEPTED AND AGREED


_____
**PG&E FIRE VICTIM TRUST**

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____
**GREENBERG GROSS LLP**

_____
**ANDREWS & THORNTON, A LAW CORPORATION**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*





1



2



















