**Entered on Docket**
**March 13, 2023**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: March 13, 2023**

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|         - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|      Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| _* All papers shall be filed in_ | ) |
| _the Lead Case, No. 19-30088 (DM)._ | ) |
| | ) |
| | ) |
| | ) |

### ORDER ON THE RKS CLAIMANTS' MOTION TO ENFORCE THE ADR PROCEDURES ORDER

The court, and perhaps the parties themselves, regret that
an attempt at mediation of Securities Claims held by 699
claimants represented by one law firm (the "RKS Claimants")[1]

---

[1] The RKS Claimants are identified in Schedule 1 attached to _The
RKS Claimants' Motion to Enforce the ADR Procedures Order and_

-1-

failed earlier this year.  Each side faults the other, yet each side properly respects and honors the mediation privilege.  As a result, the court cannot and will not lay blame on either side.  Instead, the court will treat the failed mediation as simply a lost cause and move on.

The court will defer the question of when and/or whether to bypass the court-approved mediation procedures[2] (the "Securities ADR Procedures") and will implement the procedure followed earlier for other securities claimants who resisted the Reorganized Debtors' attempt to extend the bar date by 270 days.[3]

The court directs that the Reorganized Debtors and counsel for the RKS Claimants follow the same procedures as ordered for the parties identified as the "Objectors" in Para. 5 of the December Order, modified as follows:

The deadline is April 17, 2023 for Reorganized Debtors to make a Settlement Offer to all RKS Claimants.  Whether there is one Settlement Offer to all of the RKS Claimants or separate one-on-one offers to individual RKS Claimants, is for the Reorganized Debtors to decide.  Any rules or protocols to apply for calculating requisite acceptances (in number and dollar amounts of the RKS Claimants) are also up to the Reorganized Debtors, ideally after meeting and conferring with counsel for

_Establish a March 20, 2023 Deadline to Object to the RKS Claimants' Claims_ (Dkt. 13492).

[2] See _Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims_ (Dkt. 10015).

[3] See _Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and Granted Related Relief_ (Dkt. 13363) (the "December Order").

-2-

the RKS Claimants.  Any Settlement Offer(s) are subject to same procedures set forth in the December Order if a class action motion is filed before or after the April 17 deadline.  If such a class action motion is filed after any Settlement Offer(s), the offer(s) stays on the table.

The RKS Claimants will have the same 35-day Settlement Offer Deadline set forth in The Offer Procedures to accept, reject or counter any Settlement Offer.  If accepted, the matter is moot; for Counteroffers, the Reorganized Debtors will have the 21-day deadline for a Counteroffer Response.  If rejected, the court will decide whether to bypass, enforce or modify Securities ADR Procedures and fix a deadline other than the automatic 60-days (See Dkt 10015-1, p. 24 of 35) for objections to the claims of the RKS Claimants.[4]

It is likely Reorganized Debtors will move to extend the June 20, 2023 deadline to object to claims that is set forth in the December Order.  The court has a regular PG&E calendar on June 7, 2023, at 10:00 AM.  That will be the date for the hearing on that expected motion, to be filed and noticed by the Reorganized Debtors in accordance with the normal procedures.

The current situation with the RKS Claimants, together with the long time the court and the parties have awaited progress on the Securities Claims Procedures, compels the court to consider whether to alter those procedures in some way.  For example, should the Reorganized Debtors be required to object to

---

[4] For the RKS Claimants, the Abbreviated Mediation Process is not an acceptable option.  Only the Standard Mediation Process will even be considered.

-3-

Securities Claims before the time to complete mediation has run? Should any unsuccessful attempt at mediation, for whatever reason, be sufficient cause to bypass the approved mediation alternatives? As for the RKS Claimants specifically, in view of the current dispute, should the court bypass the Securities ADR Procedures completely and fix a prompt deadline for the Reorganized Debtors to object to the RKS Claimants' claims? No doubt there are other alternatives to streamline these procedures.

To that end, the Reorganized Debtors are directed, in their motion to extend the claims bar date generally, to propose any suggested changes they have to the Securities Claims Procedures, to note specifically if they have no suggested changes and to address specifically the RKS Claimants' issues just mentioned. They must also include in their Notice of Motion that holders of Subordinated Securities Claims, and specially the RKS Claimants, will have the normal time to respond to that motion, including any suggestions they have for streamlining or otherwise facilitating the Securities Claims Procedures, and responding to any suggestions by the Reorganized Debtors, with any reply by the Reorganized Debtors also in accordance with the normal procedures.

The court will hear the forgoing matters, oppositions and replies on June 7, 2023 at 10:00 AM.

**\*\*END OF ORDER\*\***

-4-

1    **<u>COURT SERVICE LIST</u>**

2    ECF Recipients
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28