Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2600
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile:  (619) 236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for Karen Gowins, Richard Gowins
and numerous Wildfire Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:* | Case No. 19-30088-DM |
| PG&E CORPORATION | (Lead Case) |
| -and- | (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY | **KAREN AND RICHARD GOWINS' REPLY IN SUPPORT OF ABRAMS' MOTION FOR ORDER DEEMING SUPPLEMENTS TO CLAIMS TIMELY** |
| Debtors. | |
| ☐ Affects PG&E Corporation | Judge:  Honorable Dennis Montali |
| ☐ Affects Pacific Gas & Electric | Date:  March 22, 2023 |
| ■ Affects Both Debtors | Time:  10:00 A.M. |
| | Place:  Via Video/Teleconference or refer to: www.canb.uscourts.gov/calendars |
| | U.S. Bankruptcy Court |
| | Courtroom 17 |
| | 450 Golden Gate Avenue |
| | 16th Floor |
| | San Francisco, CA  94102 |

Karen Gowins, a victim of the Camp Fire and represented by her counsel, Bonnie E. Kane and Steven S. Kane, join in the Reply of William Abrams to the opposition by Debtor to his Motion for Leave to File a Supplemental Claim.

The most cogent fact in support of Mr. Williams Motion is that the Court has previously granted a nearly identical motion by Baupost requesting the same relief. The Debtor has presented opposition consisting of irrelevancies and distractions, but has cited no facts or law to

justify unequal treatment of Mr. Abrams. It is difficult to imagine that Baupost would enjoy a remedy denied to tens of thousands of fire victims.

This is particularly true for the simple reason that Baupost, a very sophisticated investor was able to freely investigate regarding the value of PG&E stock. The Fire Victims, on the other hand, were tens of thousands of displaced persons struggling to survive, who were forced to accept stock as part of their compensation from the Bankruptcy.

Even more importantly, the most detailed history of PG&E's "run-to-failure" policy did not come to light until <u>after the deadline for the Fire Victims to vote on the plan</u>. The deadline to vote was May 15, 2020. It was not until June 16, 2020, that <u>The Camp Fire Public Report: A Summary of the Camp Fire Investigation, Butte County District Attorney</u> was issued. This report is by far the most comprehensive in detailing PG&E's misleading actions and non-disclosure with regard to safety. And, it was not until the same date, June 16, 2020, that PG&E pled to 84 individual counts of involuntary manslaughter in a sealed case. How could the Fire Victims know that the value of the securities was overinflated in the first place and would fall as the Debtors' undisclosed and grossly deficient safety practices came to light? There was ample expert testimony in the damages case referred by this Court that the value of the shares at the time of the vote was 2.1 billion dollars short of the 6.75 billion promised in the Restructuring Support Agreement and the Plan. Even beyond that issue, PG&E's behavior of non-disclosure of risks and abhorrent safety practices it engaged in to maximize dividends, executive bonuses and campaign contributions led to lower stock prices than a similar company emerging from bankruptcy.

/ / / /

/ / /

/ /

We request that the Court not deny to the Fire Victims the remedy enjoyed by Baupost. Granting the Abrams' motion will provide a potential opportunity for the Fire Victims to receive enhanced compensation for the losses in the fires, entirely consistent with the Bankruptcy Code and cases interpreting it.

Dated: March 15, 2023                    Respectfully submitted,

                                         THE KANE LAW FIRM


                                         By: */s/ Steven S. Kane*
                                             STEVEN S. KANE