Entered on Docket
March 22, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PG&E CORPORATION,<br><br>　　　　　Defendant. | Case No. 22-cv-06367-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

In October 2022, Ricky-Dean Horton filed a notice of appeal regarding an order entered by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). Dkt. No. 1. Pending before the Court is PG&E Corporation's and Pacific Gas and Electric Company's (collectively, "PG&E") motion to dismiss the appeal for lack of jurisdiction. *See* Dkt. No. 5. The Court agrees that it lacks jurisdiction to hear this appeal and accordingly **GRANTS** the motion.

Mr. Horton filed a claim in the underlying bankruptcy case, asserting damages from the alleged wrongful death of his brother in September 2016. *See* Dkt. No. 1 at 70. The Bankruptcy Court found that Mr. Horton's claims were barred by the statute of limitations, and disallowed and expunged his claims. *See id.* at 67, 70. Mr. Horton filed a motion for reconsideration, requesting that the Court reconsider the order disallowing his claims. *See In re PG&E Corporation*, Bankruptcy Case No. 19-30088 (N.D. Cal.), Dkt. No. 11031. The Bankruptcy Court denied the motion for reconsideration on October 7, 2021. *Id.*, Dkt. No. 11386. Mr. Horton then filed several documents with the Bankruptcy Court, suggesting that the court's order denying his motion for reconsideration was somehow improper. *See id.*, Dkt. Nos. 11416, 11434, 11435. The last appears to have been filed on October 15, 2021. *Id.*, Dkt. No. 11435. But Mr. Horton did not

1   file a notice of appeal until almost a year later on October 14, 2022.  *Id.*, Dkt. No. 13084.

2   Bankruptcy Rule 8002(a)(1) states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  It is well settled that the deadlines imposed by Bankruptcy Rule 8002 are "mandatory and jurisdictional."  *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (quotation omitted); *see also Canyon Cap. Advisors LLC v. PG&E Corp.*, No. 20-CV-04949-HSG, 2020 WL 7342683, at *3 (N.D. Cal. Dec. 14, 2020), *aff'd sub nom. Matter of PG&E Corp.*, No. 21-15025, 2021 WL 5985027 (9th Cir. Dec. 6, 2021).  Because Mr. Horton filed his notice of appeal 372 days after the Bankruptcy Court's order denying his motion for reconsideration, and 358 days after the deadline, his appeal was untimely under Bankruptcy Rule 8002(a)(1), and it must be dismissed for lack of jurisdiction.  *See In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").  The Court acknowledges that Mr. Horton disagrees with the Bankruptcy Court's findings, but that is not a basis to toll the deadline to file an appeal.  The Court therefore **GRANTS** the motion to dismiss.  The Clerk is directed to close the case and terminate this appeal.

**IT IS SO ORDERED.**

Dated:   3/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge