

**Signed and Filed: March 27, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Hearing Held**<br>Date: March 7, 2023<br>Time: 10:00 a.m<br>Via video/teleconference |

ORDER DENYING MOTION FOR RECONSIDERATION
BY SPIRO JANNINGS

On January 13, 2022, the court signed an Order Disallowing and Expunging Claim No. 58462, Filed October 17, 2019, of Spiro Jannings ("Order Disallowing Claim") (Dkt. 11829). On January 26, 2022, Creditor Spiro Jannings ("Jannings") filed the Motion for Relief From Order ("First Motion") (Dkt. 11871) seeking to vacate the Order Disallowing Claim pursuant to Fed. R. Civ. P.

-1-

60(b) or 59(e)("Rule"), as applied to bankruptcy matters by Fed. R. Bankr. P. 9023 and 9024. On March 14, 2022, the court entered an Order Denying the Motion ("Order Denying Reconsideration") (Dkt. 12009).

Ten months later, on January 13, 2023, Jannings filed the Claimant's Omnibus Motion for Relief from Final Order, Motion for Relief from Stay, and Response to Reorganized Debtor's Objection to Claim No. 58462, Filed October 17, 2019 ("Renewed Motion") (Dkt. 13455). The Renewed Motion seeks to vacate the Order Disallowing Claim, nullify the Order Denying Reconsideration, and obtain relief from the discharge injunction to allow Jannings' underlying disallowed claim against the Debtors continue apace in state court pursuant to Rule 60(b)(1) or (b)(3). For the reasons set forth below, the court will DENY the Renewed Motion.

A motion for reconsideration of an allowed or disallowed claim may be filed pursuant to Rule 60 if the motion is "made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c).

Whether a reconsideration motion has been filed in a reasonable amount of time "requires a case-by-case analysis. Such determination takes into consideration 'the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *In re Williams*, 287 B.R. 787, 793 (B.A.P. 9th Cir. 2002) (quoting *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981)).

Case: 19-30088    Doc# 13646    Filed: 03/27/23    Entered: 03/27/23 14:28:41    Page 2 of 6

Here, Jannings waited exactly one year from the entry of the court's Order Disallowing Claim to file the Renewed Motion. Jannings explains that he sought new counsel after the court's entry of the Order Denying Consideration that was based in part of the inactions of his then-counsel, Scott Furstman and Michael St. James. However, Jannings was unable to find new counsel easily, and then the counsel he did hire, Mark Bostick, failed to timely file a motion for reconsideration.

Jannings presents two different timelines of his travails. In the first timeline, found in the Renewed Motion, Jannings immediately sought new counsel in March 2022, "directly after this Court's 3/14/22 Decision," and eventually hired attorney Mark Bostick. Then, "Mr. Bostick failed to perform as agreed and fecklessly dragged Jannings along; representation ended 01/12/23," leaving Jannings with less than one day to file the Renewed Motion and accompanying Declaration.

In the second timeline, found in Jannings' Declaration in Support of Reply (Dkt. 13562), Jannings was not even aware of the Court's Order Denying Reconsideration until a month after entry of the order, on April 14, 2022. After being advised to seek new counsel, Jannings spent a few weeks contacting firms but was repeatedly turned away. He chose to hire Mr. Bostick within weeks, and officially retained Mr. Bostick as counsel in July 2022 after due diligence was completed. Then around late November 2022, Jannings "became suspicious Mr. Bostick was not going to complete [the] agreement to file motions for vacating the January 13, 2022 order, and chose to proceed *pro se*."

The story of each timeline is the same—Jannings' delay in filing the Renewed Motion is reasonable because the counsel he hired as soon as he was able gave him the run-around until it was almost too late. However, in a matter in which the court must analyze timing, a discrepancy of a month or months on both the front and back-end on Jannings' timelines is notable, along with the fact that Mr. St. James was counsel of record for Jannings until January 12, 2023. The court simply does not find Jannings shifting narrative to be credible. With such uncertainty surrounding the timeline, the court cannot conclude that the basis for the delay is reasonable.

As for the other factors for determining whether a delay in filing a motion for reconsideration is reasonable, Reorganized Debtors have been able to rely on the court's decision for more than 10 months, and while the court maintains that the prejudice to Reorganized Debtors in simply continuing state court litigation is minimal, there is an overriding interest in finality that prevails. The court does not weigh whether Jannings could have learned of the grounds for the Renewed Motion earlier, as his argument is that he learned of the need to file the Renewed Motion quickly, but the delay is not attributable to him.

Much of the Renewed Motion is spent on the merits of Jannings' underlying claim, and an argument that Reorganized Debtors committed fraud under Rule 60(b)(3) by presenting an incomplete narrative of Jannings' underlying claim, which he hopes to challenge via an amended complaint in state court. The fraud or misrepresentation described in Rule 60(b)(3) is not

about the court, but about the movant who must show "an order was obtained through fraud, misrepresentation, or other misconduct that prevented the losing party from fully and fairly representing its defense. Also, the fraud must not have been discoverable with the exercise of due diligence." *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 213 (B.A.P. 9th Cir. 2006) (citations omitted). As the court has discussed at length, the only factor that prevented Jannings' opposition to Reorganized Debtors' request to disallow Jannings' proof of claim was Jannings' (through his former counsel's) own failure to respond to the request, despite a three-month period to do so. The court finds no basis to reconsider its prior orders under Rule 60(b)(3).

Accordingly, the Renewed Motion is DENIED.

**END OF ORDER**

```
 1                         COURT SERVICE LIST

 2   Spiro Jannings
     1304 Shortridge Ave. Unit C
 3   San Jose, CA 95116

 4
```