LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
*laj@cohenandjacobson.com*

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO COUNTER-MOTION FOR SUMMARY JUDGMENT BY PG&E** |
| Debtors. | |
| G Affects PG&E Corporation G Affects Pacific Gas and Electric Company O Affects both Debtors | **Date: April 11, 2023** **Time: 10:00 a.m.** **Place: (Tele/Videoconference Appearances Only) United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102** |

I, Amir Shahmirza, declare:

1.     I am a licensed civil engineer and I am, and at all times relevant to the pending Motion and Counter-Motion for Summary Judgment, have been, the sole shareholder, officer and director of Komir, Inc., a California corporation ("Komir") that is the owner of the real property located at 800 Walnut Street, San Bruno, California, (the "Property") that is more particularly described in the Director's Deed and the Grant Deed attached as Exhibit 8 and 11 in the Compendium of Exhibits submitted in support of Komir's Motion for Summary Judgment (the "Compendium"). The Property is the subject of the pending objection to Claim No. 2090.

2.     I am, and at all relevant times have been, authorized to act on behalf of Komir, Inc., and to do so in my own name.

3.     On December 18, 2000 ("Acquisition Date") Komir, Inc., acquired title to the Property by Grant Deed from the Neil Hildebrand and Melanie Hildebrand ("Hildebrand"), copy attached to the Compendium as Exhibit 11. Hildebrand had acquired title by Director's Deed, copy attached to the Compendium as Exhibit 8 from the State of California, that had acquired the Property by condemnation.

2.     The Property consists of 2.214 acres and is configured as depicted in the Aerial Map and the Record of Survey, copies attached as Exhibits 1and 2 of the Exhibit Compendium.

3.     Prior to the Acquisition Date, PG&E had installed on the adjacent parcel on the immediate southerly side of the Property and on the adjacent parcel on the northerly side of the Property certain Transmission Poles (the "Original Transmission Poles") for the mounting of High Voltage Electrical Transmission Lines.

4.     Prior to the Acquisition Date, PG&E had installed certain High Voltage Electrical Transmission Lines with 115KV of electricity (the "Original Transmission Lines") extending from the Original Transmission Poles across the Property.

5.     At the Acquisition Date, and continuing until dates in 2018, on behalf of Komir Inc., I consented to, and did not object to, the Original Transmission Lines crossing the Property because

Case: 19-30088   Doc# 13654-1   Filed: 04/03/23   Entered: 04/03/23 16:38:58   Page 2 of 32

1    (a) Komir was not developing the Property during that period, (b) I understood that at the existing

2    height of the transmission lines Komir could construct a building on the Property, (c) the

3    transmission lines were movable and could be relocated as I had observed in other development

4    projects, and (d) the transmission lines were not interfering with the use of the Property by Komir

5    during that period.

6          6.     In approximately February, 2018, PG&E contacted me and requested that Komir enter

7    into a temporary construction easement ("TCE") for PG&E to obtain access to the northerly section

8    of the Property.  In soliciting the TCE, PG&E formally represented to me that the purpose of the the

9    TCE was to "ensure the safety and reliability of the electric transmission system" through

10    "improvement projects near your property" as stated in PG&E's letter dated February 20, 2018, to

11    Komir, copy attached as Exhibit A.  The written communications concerning the discussions about

12    the TCE are contained in the emails attached as Exhibit B hereto that were exchanged during the

13    period February 26, 2018, through March 7, 2018.  Some of these emails are directed to Shaheen

14    Shahmirza ("Shaheen") who is my son and who was also an authorized representative of Komir.

15    The emails to Shaheen refer to his "brother."  I understand those references to be to me as no other

16    "Shahrmiza" was involved in the communications.

17          7.     At no time did PG&E inform me that it actually intended, or further intended, to

18    affect the height or location of the transmission lines that Komir had allowed across the Property.

19          8.     On February 20, 2018, PG&E, by its Right of Way Agent P. Lauren Ruby, sent to

20    Shaheen a Temporary Construction Easement for our review (PG&E Proposed TCE"), copy attached

21    hereto as Exhibit C.

22          9.     The Proposed TCE contained the following provision:

23    "1. **Existing Rights -** Grantee has the right of ingress and egress across your property for
     access to its transition station on the adjoining property by virtue of the director's deed

24    executed by the State of California dated November 28, 1988, and recorded as ID number
     88171343 in the Official Records of the County of San Mateo. Grantee also has rights

25    covering the existing transmission lines across the property by virtue of three easements
     recorded in the Official Records of the County of San Mateo. The first easement is dated

26    March 3, 1923 and recorded in Volume 68, Page 208, the second is dated September 12,
     1923 and recorded in Volume 87, page 328, and the third is dated March 21, 1910 and

1    recorded in Volume 177, Page 393."

2        10.    Komir objected to the content of paragraph 1 above and sent its email on February 26,

3    2018, stating:

4        "After reviewing the TCE we have a few concerns & ask you to please make a few
         modifications so we can get this agreement finalized.

5
         1) Paragraph 1: "This TCE is to be used in connection with Grantee's electric transmission
6        line projects, upon, over, under, and across that certain real property…" Please remove the
         words Upon & Over. Also add the following language:

7
         **"This TCE shall not be interpreted or construed to mean that KOMIR, Inc is granting
8        any easement to PG&E for transmission lines over any portion of KOMIR, Inc's
         property. Any Easement for transmission lines and any work to transmission lines
9        including but not limited to modifications, adding, changing or upgrading, etc. shall
         require a separate written agreement between KOMIR, Inc. & PG&E."** (Emphasis
10       original)

11       11.    On March 5, 2018, Shaheen and I discussed with Right of Way Agent Ruby the

12   invalidity of the easements referenced by PG&E as reflected by the email from Agent Ruby on

13   March 6, 2018, which is contained in Exhibit B.

14       12.    On March 7, 2018, Right of Way Agent Ruby sent to Komir a revised form of TCE

15   with the message stating:

16       "Thank you for your patience on this.  I have attached for your signature the final TCE with
         paragraph 1 removed; that is the only change."

17

18       13.    Following receipt of the revised TCE that eliminated any reference to any purported

19   rights under any prior recorded easements, Komir signed and returned the executed TCE, copy

20   attached as Exhibit D, (the "Final TCE Agreement") that granted to PG&E the limited and temporary

21   rights of ingress, egress and use for making the safety improvements described in Exhibit A in

22   exchange for a payment of $9,000 per month.

23       14.    The Final TCE Agreement also contains the following provision that was not subject

24   to any objection or controversy:

25       "11.  Temporary Rights - This TCE shall not be interpreted or construed to mean that Grantor
         is granting any easement to Grantee for transmission lines over any portion of the Property."
26
         15.    In approximately May, 2018, PG&E began construction work at its northerly Original

**DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF**
**OPPOSITION TO COUNTER-MOTION FOR SUMMARY JUDGMENT BY PG&E**                    4

Transmission Towers by construction fencing and delivery of gravel. Construction activity continued thereafter.

16. In approximately September, 2018, PG&E began construction involving the dismantling of the Original Transmission Poles and the construction of new, differently situated, new transmission poles (the "New Transmission Poles") that (a) were significantly closer to the Boundary of the Property than the Original Transmission Poles had been located and (b) were significantly altered size and height.

17. In connection with the construction of the New Transmission Towers in the new locations, PG&E removed the Original Transmission Lines from the Original Transmission Towers and placed the New Transmission Lines on the New Transmission Towers in the new location of the New Transmission Towers (the "Relocation of Transmission Lines").

18. The Relocation of the Transmission Lines caused the lines to cross the Property at a different location than the Original Transmission Lines.

19. The Relocation of the Transmission Lines as placed on the New Transmission poles caused the lines to cross the Property at a significantly lower height as, according to statements made by PG&E representatives to me on-site, the New Transmission Lines crossed the Property at a lowest height of approximately sixty two feet (62') (the "New Transmission Line Height").

20. As I observed these alterations, I objected to the representatives of PG&E who were performing the work. The on-site contractors refused my demand that they cease and desist and they instead continued the installation to completion.

21. On September 18, 2018, on behalf of Komir, Inc., I made written demand on PG&E, by communication to Scott Brady, who identified himself as a PG&E Land Agent, that PG&E cease its installation of the New Transmission Towers and New Transmission Lines, copy attached as Exhibit E hereto ("Written Cessation Demand"). I included in my Written Cessation Demand several photos including the following:



These photos depict the rear row of the Old Transmission Towers and the first massive New Tower in the right front foreground of the photo (which is on the left side of the lot). For further identification, the New Tower is the one next to the bucket on the crane with the workers. This visual depiction demonstrates the facts that the New Transmission Towers differ from the Original Transmission Towers in (1) location (moved to the edge of Komir's Property which is just to the right of the New Tower in the photos), (2) height, (3) size and bulk), and (4) location of the transmission line attachments. While the photo may suggest that the lines are located in a higher position, due to the relocation, redirection, and positioning, the New Transmission Lines are significantly closer to the ground at their lowest levels.

22. PG&E refused my Written Cessation Demand and instead continued the installation to completion.

23. The differential between the Original Transmission Line Height and the New Transmission Line Height and the resulting diminution in use results in a significant loss of value of the Property to Komir and, in turn, to me as its shareholder.

24. PG&E did not request consent by Komir Inc or me to relocate the Original Transmission Lines to the Location of the New Transmission Lines.

25. PG&E did not request consent by Komir Inc or me to the lowering of the height of the transmission lines from the Original Transmission Line Height to the New Transmission Line Height.

26. Komir and I did not consent to the relocation of the Original Transmission Lines to the Location of the New Transmission Lines.

27. Komir and I did not consent to the lowering of the height of the transmission lines from the Original Transmission Line Height to the New Transmission Line Height.

28. Komir cannot occupy the space through which PG&E placed its high voltage transmission lines in any manner or for any purpose.

29. PG&E has asserted an exclusive right to use the Property for the New Transmission Lines in the Location of the New Transmission Lines as attached to the New Transmission Poles.

30. On November 9, 2018, within approximately two (2) months of learning of the relocation and height alteration, Komir filed its Complaint for Equitable Relief and Damages, copy attached as Exhibit 3 to the Compendium.

31. At all times after the Acquisition Date, Komir paid all real property taxes assessed against the Property.

32. At no time did PG&E, or any person on its behalf, pay any real property taxes assessed against the Property.

I have personal knowledge of the facts set forth herein and can competently testify thereto.

Executed at San Mateo, California, on the 3rd day of April, 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Amir Shahmirza

# EXHIBIT A



P. Lauren Ruby – Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, N10A   San Francisco, CA 94105
lauren.ruby@pge.com | O: 415.973.9630 | C: 415.635.4471

February 20, 2018

***Via Email***

Komir Inc.
Attn: Shaheen Shahmirza
Phone:  (650) 455-9221; (650) 697-7101
Attn: Amir Shahmirza
Phone:  (650) 444-5374
Email: asiengr@aol.com

**RE:     PG&E San Bruno Electric Transmission Projects**
        **APN 020-155-030, San Mateo County**

Dear Sirs:

As part of the effort to ensure the safety and reliability of its electric transmission system, Pacific Gas and Electric Company (PG&E) is currently conducting improvement projects near your property at 800 Walnut Street in San Bruno – San Mateo County Assessor's Parcel Number 020-155-030.  To facilitate this work, PG&E is proposing to acquire a temporary construction easement that would allow the team to stage materials, equipment, vehicles, and other items on a portion of your property.  The enclosed Temporary Construction Easement includes a map detailing the location of the proposed staging area on your property.

PG&E hereby offers to pay you a total of One Hundred Twenty-Six Thousand Dollars ($126,000.00), comprising the following payments, as compensation for the proposed temporary construction easement for a period of twenty-one months, beginning April 1, 2018:

| | |
|---|---|
| Easement offer, based on a valuation estimate completed by PG&E: | $85,050.00 |
| Settlement amount, per our prior negotiations: | $40,950.00 |
| **Total compensation (Easement + Settlement):** | **$126,000.00** |

If you find the terms acceptable, please sign and return the enclosed Temporary Construction Easement.  A W-9 has also been included and will need to be completed and returned in order to process payment.  Please insure the W-9 form that you provide to me is signed and dated within the last 6 months.

Please don't hesitate to contact me at 415-973-9630 or by email at lauren.ruby@pge.com, if you have any further questions about this offer.  PG&E will make every effort to accommodate and address any concerns about this project as they may arise.  Thank you for your cooperation and consideration.

Sincerely,

Lauren Ruby, Right of Way Agent

*Enclosures:     Temporary Construction Easement; W-9*

# EXHIBIT B

**Komir, Inc.**
10 Rollins Road #217
Millbrae, CA 94030
Ph: (650) 455-9221


-----Original Message-----
From: Asiengr <asiengr@aol.com>
To: PLR9 <PLR9@pge.com>
Sent: Mon, Feb 26, 2018 5:51 pm
Subject: Re: PG&E's San Bruno Electric Transmission Projects - TCE

Good Afternoon Lauren,


Thank you for all of your work & cooperation to prepare this agreement. After reviewing the TCE we have a few concerns & ask you to please make a few modifications so we can get this agreement finalized.

1) Paragraph 1: "This TCE is to be used in connection with Grantee's electric transmission line projects, upon, over, under, and across that certain real property…"
Please remove the the words **Upon & Over**. Also add the following language:
   **"This TCE shall not be interpreted or construed to mean that KOMIR, Inc is granting any easement to PG&E for transmission lines over any portion of KOMIR, Inc's property. Any Easement for transmission lines and any work to transmission lines including but not limited to modifications, adding, changing or upgrading, etc. shall require a seperate written agreement between KOMIR, Inc. & PG&E.**

2) Item 3: Please correct to read as follows: **Compensation - Grantee shall pay Grantor Nine Thousand Dollars ($9,000.00)per month for a total amount of One Hundred and Eighty-Nine Thousand Dollars ($189,000.00)**

3) Item 4: During the term of this instrument, Grantee shall have the exclusive right to use the easement area, along with the right of ingress and egress thereto. Please add **"Except landlord shall have the right to maintain & install utilites including but not limited to electricity, telephone, & internet as deemed nessasary by landloard to service the entire property."**


Thank you,

Shaheen Shahmirza
**Komir, Inc.**
10 Rollins Road #217
Millbrae, CA 94030
Ph: (650) 455-9221

Case: 19-30088    Doc# 13654-1    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 11 of 32

-----Original Message-----
From: Ruby, Lauren <PLR9@pge.com>
To: Asiengr <asiengr@aol.com>
Sent: Tue, Mar 6, 2018 1:46 pm
Subject: RE: PG&E's San Bruno Electric Transmission Projects - TCE

Hi Shaheen – Thank you again for the call yesterday with you and Amir.  I really appreciate you both walking me through your understanding of the existing easements.  I appreciate also you agreeing that we can separate the two conversations (temporary laydown v. permanent rights) by simply removing the first paragraph of the temporary construction easement.   I've been approved by legal to take out that paragraph, and so the TCE document will now only refer to the temporary rights we've been discussing for laydown/staging/parking on the 16k+ sf easement area on your property.

That said, I'm waiting to send you an updated easement agreement until I hear back from the construction manager about whether we can work through the potential trenching in the easement area .  If approved, they may want to change the reference to it in the agreement, but perhaps not.  I will keep you posted.

In the meantime, the PM is asking whether we can shift the dates forward by one month.  So, the agreement would run from 4/30/18-1/30/20.  It would still be 21 months total, just starting one month later than we'd originally intended.  Is that okay with you both?

Thank you again,

Lauren

**P. Lauren Ruby**
Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, Room 1058A
San Francisco, CA 94105
plr9@pge.com | O: 415.973.9630 | C: 415.635.4471

-----Original Message-----
From: Ruby, Lauren <PLR9@pge.com>
To: Asiengr <asiengr@aol.com>
Sent: Mon, Mar 19, 2018 9:28 am
Subject: RE: PG&E's San Bruno Electric Transmission Projects - TCE

Good morning Shaheen,

You should have received today by UPS the attached documents: transaction summary letter, your check and a fully executed copy of the TCE agreement.

Please let me know if you have any questions.  And thank you again for working with me over the last month to get this done!

Best regards,

Lauren

**P. Lauren Ruby**
Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, Room 1058A
San Francisco, CA 94105
plr9@pge.com | O: 415.973.9630 | C: 415.635.4471

**From:** Ruby, Lauren
**Sent:** Wednesday, March 07, 2018 12:14 PM
**To:** 'Asiengr'
**Subject:** RE: PG&E's San Bruno Electric Transmission Projects - TCE

Thank you for your quick response, Shaheen! I will submit this for signature and payment today. It does take up to a month to get the checks cut, but recently I've been getting them in a few weeks. I will keep you posted.

Best regards,

Lauren

**P. Lauren Ruby**
Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, Room 1058A
San Francisco, CA 94105
plr9@pge.com | O: 415.973.9630 | C: 415.635.4471

---

**From:** Asiengr [mailto:asiengr@aol.com]
**Sent:** Wednesday, March 07, 2018 11:47 AM
**To:** Ruby, Lauren
**Subject:** Re: PG&E's San Bruno Electric Transmission Projects - TCE

*****CAUTION**: This email was sent from an EXTERNAL source. Think before clicking links or opening attachments.*****
Good Morning Lauren,

Please find the signed TCE. Please have it signed and sent back to us. I have also attached the W9. Please make the payment in the full amount.

Thank you,


Shaheen Shahmirza
**Komir, Inc.**
10 Rollins Road #217
Millbrae, CA 94030
Ph: (650) 455-9221


-----Original Message-----
From: Ruby, Lauren <PLR9@pge.com>
To: Asiengr <asiengr@aol.com>
Sent: Wed, Mar 7, 2018 10:03 am
Subject: RE: PG&E's San Bruno Electric Transmission Projects - TCE

Hi Shaheen,

I received word from the construction manager that they will be able to work around your revised proposed electric power installation plan (attached) with the appropriate notice (as noted in the agreement). Thank you for your patience on this. I have attached for your signature the final TCE with paragraph 1 removed; that is the only change. Please also complete and sign as many W-9s as are appropriate for payment and let me know how/if you'd like the payment to be split. I've attached a blank W-9 here.

Please let me know if you have any questions. Thank you both for working with me so diligently over the past month to get this done.

Best regards,

Lauren

**P. Lauren Ruby**
Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, Room 1058A
San Francisco, CA 94105
plr9@pge.com | O: 415.973.9630 | C: 415.635.4471

**From:** Ruby, Lauren
**Sent:** Tuesday, March 06, 2018 1:46 PM
**To:** 'Asiengr'
**Subject:** RE: PG&E's San Bruno Electric Transmission Projects - TCE

Hi Shaheen – Thank you again for the call yesterday with you and Amir.  I really appreciate you both walking me through your understanding of the existing easements.  I appreciate also you agreeing that we can separate the two conversations (temporary laydown v. permanent rights) by simply removing the first paragraph of the temporary construction easement.   I've been approved by legal to take out that paragraph, and so the TCE document will now only refer to the temporary rights we've been discussing for laydown/staging/parking on the 16k+ sf easement area on your property.

That said, I'm waiting to send you an updated easement agreement until I hear back from the construction manager about whether we can work through the potential trenching in the easement area .  If approved, they may want to change the reference to it in the agreement, but perhaps not.  I will keep you posted.

In the meantime, the PM is asking whether we can shift the dates forward by one month.  So, the agreement would run from 4/30/18-1/30/20.  It would still be 21 months total, just starting one month later than we'd originally intended.  Is that okay with you both?

Thank you again,

Lauren

**P. Lauren Ruby**
Right of Way Agent
Pacific Gas and Electric Company
245 Market Street, Room 1058A
San Francisco, CA 94105
plr9@pge.com | O: 415.973.9630 | C: 415.635.4471

**From:** Asiengr [mailto:asiengr@aol.com]
**Sent:** Monday, March 05, 2018 4:00 PM
**To:** Ruby, Lauren
**Subject:** Re: PG&E's San Bruno Electric Transmission Projects - TCE

*****CAUTION**: This email was sent from an EXTERNAL source. Think before clicking links or opening attachments.*****
Good Afternoon Lauren,

# EXHIBIT C

# TEMPORARY CONSTRUCTION EASEMENT

KOMIR, INC., a California corporation, hereinafter called Grantor, hereby grants to PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called Grantee, a temporary construction easement, as defined below and hereinafter referred to as "TCE." This TCE is to be used in connection with Grantee's electric transmission line projects occurring near that certain real property in the unincorporated area of the County of San Mateo, State of California, identified as 800 Walnut Street, San Bruno, CA 94066, San Mateo County Assessor's Parcel Number 020-155-030 (the "Property").

The purposes of the TCE are defined as follows:

to use the area outlined in red on the map attached hereto as Exhibit A and made a part hereof as a working, laydown and staging area, including the right to park vehicles belonging to Grantee and its employees and contractors, and the right to locate related construction equipment, materials, temporary buildings, portable restrooms and cargo containers thereon. Grantee, its employees and contractors may also provide security to the area during the term of use.

The area designated above and in Exhibit A is hereafter referred to as the "easement area."

1. **Existing Rights -** Grantee has the right of ingress and egress across your property for access to its transition station on the adjoining property by virtue of the director's deed executed by the State of California dated November 28, 1988, and recorded as ID number 88171343 in the Official Records of the County of San Mateo. Grantee also has rights covering the existing transmission lines across the property by virtue of three easements recorded in the Official Records of the County of San Mateo. The first easement is dated March 3, 1923 and recorded in Volume 68, Page 208, the second is dated September 12, 1923 and recorded in Volume 87, page 328, and the third is dated March 21, 1910 and recorded in Volume 177, Page 393.

2. **Term -** The term of this TCE shall be for a period of twenty-one (21) months, commencing on April 1, 2018 and terminating on December 31, 2019. Grantee shall have the right, subject to the terms herein, to extend the term of this TCE for up to three (3) months by giving the Grantor written notice of its intention to do so not less than thirty (30) days prior to the expiration of the initial term.

3. **Compensation -** Grantee shall pay Grantor Nine Thousand Dollars ($9,000.00) per month for a total amount of One Hundred and Eighty-Nine Thousand Dollars ($189,000.00) as compensation for the TCE, within 30 days of the execution of this document and upon Grantee's receipt from Grantor of an executed IRS W-9 Form. Owner shall provide a completed IRS W-9 Form for processing payment of the compensation at the same time it executes the TCE document. If Grantee extends the term of the TCE, Grantee will pay Grantor Ten Thousand Five Hundred Dollars ($10,500.00) per month and shall continue thereafter per month or for any portion thereof.

4. **Ingress/Egress, Fencing -** During the term of this instrument, Grantee shall have the exclusive right to use the easement area, along with the right of ingress and egress thereto, except Grantor shall have the right to maintain and install utilities including but not limited to electricity,

Case: 19-30088    Doc# 13654-1    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 17 of 32

telephone, and internet as deemed necessary by Grantor to service the entire property. If Grantor needs to enter the easement area to install or maintain utilities, Grantor agrees to provide no fewer than fourteen (14) days' advance notice to Grantee. Grantee shall have the further right to erect and maintain temporary fencing and gates with a locking device to enclose the easement area, and shall either remove such fencing and gates at the end of the term of this TCE or coordinate with Grantor to leave any fencing or gates in place via a separate agreement. The TCE hereunder will be irrevocable during the term of this agreement, except in the case of a material breach of the terms of this agreement.

5. **Indemnification -** Grantee agrees to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of Grantee or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

6. **Compliance with Laws -** In exercising the rights granted under this TCE, Grantee shall comply with    all laws, ordinances, and regulations pertaining to its use. Grantee is required under State and local law to re-stabilize any disturbed project location in order to control soil erosion and sediment runoff, in accordance with applicable project permits. Interpretation and enforcement of the TCE shall be governed by the laws of the State of California.

7. **Restoration** - Upon completion of its electric transmission projects, Grantee shall repair and mitigate any damage and restore the easement area to a condition as nearly as practicable to its condition prior to its use by Grantee. Grantee shall remove all personal property.

8. **Entire Agreement -** This TCE supersedes all previous oral and written agreements between and representation by or on behalf of the parties and constitutes the entire agreement of the parties with respect to the subject matter hereof.

9. **Authority of Signatory** - Each party to this TCE warrants to the other that it has the right and authority to enter into and consummate this Temporary Easement and all related documents.

10. **Successors, Heirs, and Assigns -**The Rights provided for herein shall inure to successors, heirs and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

11. **Execution in Counterparts -** This TCE may be signed in identical counterpart copies, (including copies sent to a party by facsimile transmission or as a "pdf" file attached to an electronic mail transmission) each of which shall be an original, but all of which taken together shall constitute one and the same agreement.

12. **Temporary Rights -** This TCE shall not be interpreted or construed to mean that Grantor is granting any easement to Grantee for transmission lines over any portion of the Property.

*Remainder of page intentionally left blank; signature page to follow.*

**IN WITNESS WHEREOF,** the parties have executed this instrument as of the date set forth below each signature, effective upon the date first written above.

Dated this _____ day of _____, 2018.

KOMIR, INC.                                    PACIFIC GAS AND ELECTRIC COMPANY


By: _____              By: _____


Name: _____            Name: ___Emad Gholami_____


Its: _____             Its: __Supervisor, Land Acquisition__


Date: _____            Date: _____

# EXHIBIT A

**San Mateo County Assessor's Parcel Number 020-155-030**
**800 Walnut Street, San Bruno, CA 94066**
**Shaheen Shahmirza – (650) 455-9221; (650) 697-7101**
**Amir Shahmirza – (650) 444-5374**
**asiengr@aol.com**

Easement Area; approx. 16,200 square feet



Case: 19-30088    Doc# 13654-1    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page
20 of 32

# EXHIBIT D

# TEMPORARY CONSTRUCTION EASEMENT

KOMIR, INC., a California corporation, hereinafter called Grantor, hereby grants to PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called Grantee, a temporary construction easement, as defined below and hereinafter referred to as "TCE." This TCE is to be used in connection with Grantee's electric transmission line projects occurring near that certain real property in the unincorporated area of the County of San Mateo, State of California, identified as 800 Walnut Street, San Bruno, CA 94066, San Mateo County Assessor's Parcel Number 020-155-030 (the "Property").

The purposes of the TCE are defined as follows:

to use the area outlined in red on the map attached hereto as Exhibit A and made a part hereof as a working, laydown and staging area, including the right to park vehicles belonging to Grantee and its employees and contractors, and the right to locate related construction equipment, materials, temporary buildings, portable restrooms and cargo containers thereon. Grantee, its employees and contractors may also provide security to the area during the term of use.

The area designated above and in Exhibit A is hereafter referred to as the "easement area."

1. **Term -** The term of this TCE shall be for a period of twenty-one (21) months, commencing on April 1, 2018 and terminating on December 31, 2019. Grantee shall have the right, subject to the terms herein, to extend the term of this TCE for up to three (3) months by giving the Grantor written notice of its intention to do so not less than thirty (30) days prior to the expiration of the initial term.

2. **Compensation** - Grantee shall pay Grantor Nine Thousand Dollars ($9,000.00) per month for a total amount of One Hundred and Eighty-Nine Thousand Dollars ($189,000.00) as compensation for the TCE, within 30 days of the execution of this document and upon Grantee's receipt from Grantor of an executed IRS W-9 Form. Owner shall provide a completed IRS W-9 Form for processing payment of the compensation at the same time it executes the TCE document. If Grantee extends the term of the TCE, Grantee will pay Grantor Ten Thousand Five Hundred Dollars ($10,500.00) per month and shall continue thereafter per month or for any portion thereof.

3. **Ingress/Egress, Fencing -** During the term of this instrument, Grantee shall have the exclusive right to use the easement area, along with the right of ingress and egress thereto, except Grantor shall have the right to maintain and install utilities including but not limited to electricity, telephone, and internet as deemed necessary by Grantor to service the entire property. If Grantor needs to enter the easement area to install or maintain utilities, Grantor agrees to provide no fewer than fourteen (14) days' advance notice to Grantee. Grantee shall have the further right to erect and maintain temporary fencing and gates with a locking device to enclose the easement area, and shall either remove such fencing and gates at the end of the term of this TCE or coordinate with Grantor to leave any fencing or gates in place via a separate agreement. The TCE hereunder will be irrevocable during the term of this agreement, except in the case of a material breach of the terms of this agreement.

4. **Indemnification -** Grantee agrees to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of Grantee or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

5. **Compliance with Laws -** In exercising the rights granted under this TCE, Grantee shall comply with   all laws, ordinances, and regulations pertaining to its use.  Grantee is required under State and local law to re-stabilize any disturbed project location in order to control soil erosion and sediment runoff, in accordance with applicable project permits.  Interpretation and enforcement of the TCE shall be governed by the laws of the State of California.

6. **Restoration** - Upon completion of its electric transmission projects, Grantee shall repair and mitigate any damage and restore the easement area to a condition as nearly as practicable to its condition prior to its use by Grantee. Grantee shall remove all personal property.

7. **Entire Agreement -** This TCE supersedes all previous oral and written agreements between and representation by or on behalf of the parties and constitutes the entire agreement of the parties with respect to the subject matter hereof.

8. **Authority of Signatory** - Each party to this TCE warrants to the other that it has the right and authority to enter into and consummate this Temporary Easement and all related documents.

9. **Successors, Heirs, and Assigns -**The Rights provided for herein shall inure to successors, heirs and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

10. **Execution in Counterparts -** This TCE may be signed in identical counterpart copies, (including copies sent to a party by facsimile transmission or as a "pdf" file attached to an electronic mail transmission) each of which shall be an original, but all of which taken together shall constitute one and the same agreement.

11. **Temporary Rights -** This TCE shall not be interpreted or construed to mean that Grantor is granting any easement to Grantee for transmission lines over any portion of the Property.

*Remainder of page intentionally left blank; signature page to follow.*

**IN WITNESS WHEREOF,** the parties have executed this instrument as of the date set forth below each signature, effective upon the date first written above.

Dated this 7th day of March , 2018.

KOMIR, INC.                                              PACIFIC GAS AND ELECTRIC COMPANY

By: _Shaheen Shehmina_                      By: _CC=Mall_

Name: _Shaheen Shehmina_                 · Christopher Medders
                                                        Name: ~~Emad Gholami~~

Its: _Managing Member_                      Its: Manager,
                                                            ~~Supervisor,~~ Land Acquisition

Date: _3/7/2018_                                  Date: _3/13/2018_

3 of 4

# EXHIBIT A

**San Mateo County Assessor's Parcel Number 020-155-030**
**800 Walnut Street, San Bruno, CA 94066**
**Shaheen Shahmirza – (650) 455-9221; (650) 697-7101**
**Amir Shahmirza – (650) 444-5374**
**asiengr@aol.com**

Easement Area; approx. 16,200 square feet



# EXHIBIT E


## RE: Stop work 800 Walnut San Bruno/ Overhead power lines
1 message

**Brady, Scott** <S5BP@pge.com>
To: Amir Shahmirza <asiengr@gmail.com>

Amir,

At this juncture, PG&E stands by its position, as submitted in its letter dated June 5, 2018, i.e. that it has existing land righ

Just recently, September 17, 2018, you provided me some partial documents (see my 9/25/18 e-mail message with which

Thank you,

Scott

Scott Brady

Land Agent

PG&E Land Management

111 Almaden Blvd., Rm 814

San Jose, CA 95113

Phone: 408-282-7543

S5BP@pge.com

**From:** Amir Shahmirza <asiengr@gmail.com>
**Sent:** Tuesday, September 18, 2018 10:03 AM
**To:** Brady, Scott <S5BP@pge.com>
**Subject:** Stop work 800 Walnut San Bruno/ Overhead power lines

*****CAUTION: This email was sent from an EXTERNAL source. Think before clicking links or opening attachments.*****

Mr. Scott Brady
Please  stop work on overhead lines over 800 walnut San Bruno.  New tower installed without Komir's permission is close
As previously discussed PG&E does not have any easement for overhead lines and existing lines shall not be modified wi
Pictures are attached.
Best regards,
Amir Shahmirza
Komir Inc.









