LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** |
| Debtors. | |
| G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | |
| | **[Response to Counter-Motion Filed Separately]** |
| | **Date: April 11, 2023**<br>**Time: 10:00 a.m.**<br>**Place: (Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES**
**IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 1 of 19

# Table of Contents

I. PG&E's RESPONSE TO CLAIMANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FAILED TO PRESENT ANY LEGAL AUTHORITIES IN OPPOSITION TO ISSUE PRESENTED FOR DETERMINATION, I.E., THAT CONDEMNATION OF THE FEE SIMPLE EXTINGUISHED ALL LESSER INTERESTS, INCLUDING PG&E'S EASEMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. PG&E Failed to Provide Any Authority Whatsoever to Attempt to Negate the Extinguishment of its Easements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B. PG&E's Failure to Oppose the Issue of the Legal Effect of Condemnation as Extinguishing its Easement the Issue, Concedes the Issue. . . . . . . . . . . . . . . . . . 2

II. PG&E'S RESPONSE TO THE EXTINGUISHMENT OF ITS EASEMENTS BY THE CONDEMNATION IS BASED SOLELY UPON A MISINTERPRETATION OF THE LANGUAGE OF THE JUDGMENT OF CONDEMNATION AND THE ORDER OF CONDEMNATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. AN EXAMINATION OF THE INTERESTS TAKEN BY THE CONDEMNATION DEMONSTRATES THAT THE PHRASE "LESSER INTERESTS" DESCRIBED IN THE LEGAL DESCRIPTION REFERS THE EASEMENTS TAKEN UPON SOME OF THE PARCELS AS DISTINGUISHED FROM THE TAKING OF FEE SIMPLE OWNERSHIP OF SOME PARCELS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV. THE DIRECTOR'S DEED FROM THE STATE TO KOMIR'S PREDECESSOR IN INTEREST REFLECTS THE FEE SIMPLE UNENCUMBERED TITLE ACQUIRED BY THE STATE AND T RANSFERRED TO KOMIR'S PREDECESSOR. . . . . . . . 10

V. THE PROVISION IN THE JUDGMENT CONCERNING COST OF RELOCATION ASSUMES THE EXTINGUISHMENT OF THE EASEMENT. . . . . . . . . . . . . . . . . . 11

VII. PG&E'S LEGAL ARGUMENT REGARDING THE EXTINGUISHMENT OF THE EASEMENTS, ALBEIT WITH NO CITATION OF LEGAL AUTHORITIES, APPEARS ONLY ON PAGE 2, LINES 4 THROUGH 18, AND PAGE 3, LINE 25 THROUGH PAGE 4, LINE 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES**
**IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

i

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 2 of 19

**Table of Authorities**

**Cases**

*City of Los Angeles v. Hughes*, (1927) 202 Cal 731, 262 P 737 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Burkhart v United States* (9th Cir., 1955) 227 F.2d 659 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*County of Kern v. Galatas*, (1962) 200 Cal App 2d 353, 19 Cal Rptr 348. . . . . . . . . . . . . . . . . . . . 5

*Duckett & Co. v. United States, (1924) 266 U.S. 149*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Emery v. San Francisco Gas Co.*, 28 Cal 346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Estate of Rea vs. City of Los Angeles*, (2021, C.D. CA) 2021 U.S. Dist. LEXIS 200490, 2021 WL9699494 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Foster v. City of Fresno, 392 F.Supp.2d 1140 (E.D. Cal.2005)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Online DVD Rental Antitrust Litig.*, 2011 U.S. Dist. LEXIS 150312, 2011 WL 5883772 (N.D. Cal. Nov. 23, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 (9th Cir.2005). . . . . . . . . . . . . . . . . . . . . . . . 2

*Linda Vista Village San Diego Homeowners Assn., Inc., v Tecolote Investors, LLC*, (2015) 234 Cal.App. 4th 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Maryland Casualty Co. v. Industrial Acci. Com*. (1930) 209 Cal. 394 . . . . . . . . . . . . . . . . . . . . . 11

*Meadows v. United States*, (4th Cir., 1944), 144 F.2d 751. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Murphy v. DirecTV, Inc*., 724 F.3d 1218, 1234 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Northern Light etc. Co. v. Stacher*, (1910) 13 Cal App 404, 109 P 896. . . . . . . . . . . . . . . . . . . . . . 5

*People v. Superior Court*, (1962) 208 Cal App 2d 659, 25 Cal Rptr 363. . . . . . . . . . . . . . . . . . . . . 5

*Qureshi v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 21843, 2010 WL 841669, (N.D. Cal. Mar. 10, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ramirez v. Ghilotti Bros. Inc.*, (2013) 941 F.Supp. 2d 1197 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rosenthal-Zuckerman v. Epstein, Becker & Green Long Term Disability Plan*, (C.D.Cal. 2014) 39 F. Supp. 3d 1103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Scott v. City of Phoenix*, 2011 U.S. Dist. LEXIS 81826, 2011 WL 3159166, (D.Ariz. Jul. 26, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sportscare of America, P.C. v. Multiplan, Inc.*, 2011 U.S. Dist. LEXIS 14253, 2011 WL 589955, (D.N.J. Feb. 10, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** ii

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 3 of 19

*United States v. 32.42 Acres of Land* (9th Cir., 2012) 683 F.3d 1030 . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Sunset Cemetery Co.*, (7th Cir., 1942), 132 F.2d 163 . . . . . . . . . . . . . . . . . . . . . 1

**Statutes**

California Civil Code § 3534 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

California Civil Code §Section 811 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

California Constitution, Article I, Section 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CCP § 1235.125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Code of Civil Procedure § 1235.170 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Code of Civil Procedure § 1240.030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Code of Civil Procedure § 1240.110(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

California Civil Code § 3534 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

California Civil Code §Section 811 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

California Constitution, Article I, Section 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CCP § 1235.125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Code of Civil Procedure § 1235.170 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Code of Civil Procedure § 1240.030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Code of Civil Procedure § 1240.110(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Texts**

11 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 30A:4, p. 30A-8 (rel. 9/2011); *id.* (2014–2015 supp.) § 30A:4, p. 53 (rel. 9/2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Black's Law Dictionary (9th ed. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Restatement of Property, Section 57A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Taylor, The Right to Take—The Right to Take a Fee or Any Lesser Interest, 1 Pac LJ 555 (1970) . 5

Wisconsin Law Review 1945-1, *Measure of Compensation for Extinguishment of Easement by Condemnation* ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 4 of 19

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following points and authorities in reply to PG&E's Opposition to of Claimant's Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and In Claimant's Response Thereto ("PG&E Opposition"). Claimant separately responds to the Counter-Motion contained within the PG&E Opposition.

**I. PG&E's RESPONSE TO CLAIMANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FAILED TO PRESENT ANY LEGAL AUTHORITIES IN OPPOSITION TO ISSUE PRESENTED FOR DETERMINATION, I.E., THAT CONDEMNATION OF THE FEE SIMPLE EXTINGUISHED ALL LESSER INTERESTS, INCLUDING PG&E'S EASEMENTS.**

**A. PG&E Failed to Provide Any Authority Whatsoever to Attempt to Negate the Extinguishment of its Easements.**

The State of California condemned multiple parcels of land in the area of the intersection of Highways 101 and 380 in San Bruno, California, for highway construction purposes.

PG&E admits that "The Judgment in Condemnation provided that certain parcels of land 'shall be condemned to [the State] for state highway purposes, **in fee simple absolute**, unless a lesser estate is described.'" (PG&E Opposition, 2:4-6, emphasis supplied)

In its moving and supporting papers, Claimant established that the condemnation of a fee interest in real property extinguishes all dependent interests derived from the fee ownership and, in this instance, extinguished PG&E's prior easements.

In support of that conclusion Claimant cited and discussed the application of a seminal law review article (Wisconsin Law Review 1945-1, *Measure of Compensation for Extinguishment of Easement by Condemnation*); the Restatement of Property, Section 57A; the California Civil Code §Section 811 regarding extinguishment of servitude), a seminal cases issued by the United States Supreme Court (*Duckett & Co. v. United States, (1924) 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216* and *United States v. Sunset Cemetery Co.*, (7th Cir., 1942), 132 F.2d 163 ), multiple United States District Court cases (*Meadows v. United States*, (4th Cir., 1944), 144 F.2d 751, *Burkhart v United States* (9th Cir., 1955) 227 F.2d 659 , and *United States v. 32.42 Acres of Land* (9th Cir., 2012) 683 F.3d 1030);

REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO     1

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 5 of 19

an recent opinion of a California Court of Appeal based upon the foregoing authorities (*Linda Vista Village San Diego Homeowners Assn., Inc., v Tecolote Investors, LLC*, (2015) 234 Cal.App. 4th 166); and the most widely recognized treatise concerning real property issues explaining the concepts and conclusions ( 11 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 30A:4, p. 30A-8 (rel. 9/2011); *id.* (2014–2015 supp.) § 30A:4, p. 53 (rel. 9/2014).)

PG&E chose to ignore all of those authorities.

Indeed, PG&E's Opposition does not mention any of those authorities - not one of them - and contains no argument concerning the extinguishment of easements upon condemnation of the servient tenement.

Not only did PG&E choose to ignore the authorities that uphold the extinguishment of its easements, but PG&E also failed to cite any authority in any attempt to negate the extinguishment.

The only authorities that PG&E did mention in its Opposition pertain to its contentions regarding alleged prescriptive easement (that assumes the extinguishment of rights under recorded easements), and statute of limitations and bankruptcy discharge pertaining to damages arising from trespass to which Claimant responds in Claimant's Response to Debtors' Counter-Motion for Summary Judgment.

**B.     PG&E's Failure to Oppose the Issue of the Legal Effect of Condemnation as Extinguishing its Easement the Issue, Concedes the Issue.**

When a party fails to oppose an issue in a summary judgment motion, that party concedes the issue.

In *Estate of Rea vs. City of Los Angeles*, (2021, C.D. CA) 2021 U.S. Dist. LEXIS 200490, 2021 WL9699494, the Court recently explained this concept as follows:

> "In addition, Jaylene did not oppose and, thus, concedes Defendants' arguments with respect to her tenth claim for relief for false imprisonment and eleventh claim for relief for violation of the *Bane Act*.11 See *Ramirez v. Ghilotti Bros. Inc., 941 F.Supp. 2d 1197* (holding that argument was conceded where the defendant failed to address it in its opposition); *see also, Qureshi v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 21843, 2010 WL 841669, (N.D. Cal. Mar. 10, 2010)* (holding that plaintiff's failure to address in opposition brief claims challenged in a motion to dismiss, an 'abandonment of those claims') (*citing Jenkins*

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**     2

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 6 of 19

*v. County of Riverside*, 398 F.3d 1093, 1095 (9th Cir.2005)); *Sportscare of America, P.C. v. Multiplan, Inc.*, 2011 U.S. Dist. LEXIS 14253, 2011 WL 589955, (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix*, 2011 U.S. Dist. LEXIS 81826, 2011 WL 3159166, (D.Ariz. Jul. 26, 2011) (holding that failure to oppose statute of limitations argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n. 7 (E.D. Cal.2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust Litig.*, 2011 U.S. Dist. LEXIS 150312, 2011 WL 5883772, at (N.D. Cal. Nov. 23, 2011) (holding that, absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument"). As a result, all claims alleged by Jaylene in this case have been resolved."

Based on these authorities, and the same factual situation, Claimant urges that PG&E has conceded the legal issue with respect to the condemnation having extinguished PG&E's easements.

## II. PG&E'S RESPONSE TO THE EXTINGUISHMENT OF ITS EASEMENTS BY THE CONDEMNATION IS BASED SOLELY UPON A MISINTERPRETATION OF THE LANGUAGE OF THE JUDGMENT OF CONDEMNATION AND THE ORDER OF CONDEMNATION.

PG&E's entire opposition to the Claimant's contention that the condemnation of the Property extinguished all dependent or derivative interests (including PG&E's easements) is based on the fallacy that the phrase "unless a lesser estate is described" somehow excluded its easements from the condemnation of the fee simple absolute thereby allowing its easements to survive.

To the contrary, the phrase "unless a lesser estate is described" does not refer to any reservation of rights to any holder of an interest derived from the fee holder but rather refers to the type of interest being acquired by the condemnor.

The condemnor can acquire not only a fee simple absolute ownership interest but also can alternatively acquire any other "lesser" form interest such as an easement. Indeed, the condemnor is required to limit its taking to only that interest that is required for "public use." (See CCP § 1240.110(a) and discussion of Law Revision Comment below.)

The California Eminent Domain Law is codified in Title 7 of the Code of Civil Procedure, Sections 1230.000 through 1273.050.

CCP § 1235.170 defines "Property" as follows:

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**   3

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 7 of 19

"Property" includes real and person property and any interest therein."

CCP § 1235.125 defines "Interest" as follows:

"When used with reference to property, 'interest' includes any right, title, or estate in property."

CCP § 1240.110(a) specifies the interests in property which may be acquired by condemnation as follows:

"(a) Except to the extent limited by statute, any person authorized to acquire property for a particular use by eminent domain may exercise the power of eminent domain to acquire any interest in property necessary for that use including, but not limited to, submerged lands, rights of any nature in water, subsurface rights, airspace rights, flowage or flooding easements, aircraft noise or operation easements, right of temporary occupancy, public utility facilities and franchises, and franchises to collect tolls on a bridge or highway."

This statute enables the condemning authority "to acquire any interest in property necessary" for the specified use. Further, the statute provides non-exclusive examples of differing specific types of interests that may serve particular limited purposes.

The Law Commission Comments explain that the statutory enactment of the Eminent Domain Law expanded the types of interests that can be taken by condemnation, i.e., a condemning agency is not limited to acquiring a "lesser interest" such as an easement but can acquire full fee ownership, provided however that the "greater interest" cannot be acquired if acquisition of a lesser interest would serve the public purpose.

The Law Commission Comments state in part as follows:

"Section 1240.110 is both an authorization and a limitation on the power of condemnation. It provides that a person authorized to condemn may take any type of property and any interest in such property but limits this grant only to property that is necessary for the purpose for which the condemnation is authorized. See Sections 1235.170 ("property" includes any interest in property) and 1240.030 (necessity to acquire particular property must be established). It should be noted that the resolution of necessity of a public entity may be conclusive evidence of the necessity for the acquisition of the particular property and interest therein. See Section 1245.250 and Comment thereto.

The authorization to take any interest is generally consistent with the former law that permitted a public entity to take a fee rather than merely an easement. See former Code Civ Proc § 1239(4) (local public entities). However, under former law, most privately owned public utilities and some local public entities were permitted to acquire only an easement

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

4

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 8 of 19

except in certain circumstances. See former Code Civ Proc § 1239. Moreover, under former law, the distinction generally made was between taking a fee or an easement. See generally, Taylor, The Right to Take—The Right to Take a Fee or Any Lesser Interest, 1 Pac LJ 555 (1970). Section 1240.110 permits taking of the fee or any other interest in property. See Sections 1235.125 (defining "interest") and 1235.170 (defining "property").

...

**The authorization to take any interest in property necessary for a particular use supersedes former Code of Civil Procedure Section 1240 which attempted to list the various types of property interests that might be taken. The broad authorization in Section 1240.110 codifies cases holding that inherent in the right to condemn property is the right to take all interests and all rights appurtenant**. See, e.g., *City of Los Angeles v. Hughes*, 202 Cal 731, 262 P 737 (1927) (nursery plants and trees); *People v. Superior Court*, 208 Cal App 2d 659, 25 Cal Rptr 363 (1962) (dredger tailings); *County of Kern v. Galatas*, 200 Cal App 2d 353, 19 Cal Rptr 348 (1962) (oil, gas, mineral rights); *Northern Light etc. Co. v. Stacher*, 13 Cal App 404, 109 P 896 (1910) (water). It should be noted, however, that money is not subject to the power of eminent domain. *Emery v. San Francisco Gas Co.*, 28 Cal 346 (1865).

**It should be noted that the listing of types of property or property interests in subdivision (a) is intended for the sole purpose of illustrating the breadth of scope of a condemnor's acquisition authority. The illustrative listing is not intended as complete; a condemnor may acquire, for example, rights to limit the use or development of property in order to preserve land in an open or natural condition**. Nor is the listing intended to create compensable interests in inverse condemnation actions that are not otherwise compensable under Article I, Section 19, of the Constitution." (Emphasis supplied)

Thus, the statutory framework provides that the interests that can be taken by eminent domain include the full fee simple ownership, or any form of "lesser interest" that can serve the public purpose that warrants the taking with the corollary that the condemnor can only take that interest that will serve the public purpose, e.g., taking of an easement rather than fee simple ownership if the easement will serve the purpose of the taking.

As discussed below, in the State's Eminent Domain action, the State carefully crafted its Complaint, and the parties and the Court likewise carefully crafted the Judgment of Condemnation and the Order of Condemnation, in stating the various interests to be taken by condemnation. Numerous interests taken by the condemnation were significantly limited to those "lesser interests" that served specific use purposes with <u>only four of twenty two interests being acquisition of fee simple ownership and all others being acquisition of lesser interests of temporary or permanent easements</u> designed for particular uses.

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

5

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 9 of 19

The phrase "unless a lesser interest is described" relates to this distinction between the taking of a full fee simple interest and the taking of the "lesser interests" of easements.

The phrase does not mean that existing easements dependent upon the fee interest survive but rather the contrary, i.e., the taking that extinguishes existing easements may occur by acquisition of fee simple ownership or the creation of a new easement in favor of the condemning agency.

Stated differently, the qualification phrase relates to the extent of the interest being taken, not to the survival of interests dependent upon the interest being taken.

### III. AN EXAMINATION OF THE INTERESTS TAKEN BY THE CONDEMNATION DEMONSTRATES THAT THE PHRASE "LESSER INTERESTS" DESCRIBED IN THE LEGAL DESCRIPTION REFERS THE EASEMENTS TAKEN UPON SOME OF THE PARCELS AS DISTINGUISHED FROM THE TAKING OF FEE SIMPLE OWNERSHIP OF SOME PARCELS.

The fallacy that the phrase "unless a lesser estate is described" results in the survival of PG&E's easements is dispelled by a reading of the Judgment of Condemnation and the Final Order of Condemnation, (Compendium, Volume 4, Exhibits 6 and 7) that define the interests being taken, i.e., full fee ownership of the Parcel, a permanent easement, a temporary construction easement, an easement for a specific and limited purpose (e.g., for "cut and fill"), or an aerial easement.

The qualification that provides that the condemnation shall effect an acquisition of fee simple absolute unless a lesser estate is described relates to the greater or lesser interests being acquired by the State is demonstrated by the language of the Judgment and the Order that specifically tailors the interests being taken to those necessary to accomplish only the public purpose for which the taking was necessary, not to survival of interests in the properties being acquired by the State.

The Judgment and the Order effectuate the taking by condemnation of interests in twenty two (22) distinct, separately described parcels. An analysis of the varying greater and lesser interests acquired by the State by this condemnation in those twenty two parcels emphatically demonstrates the meaning of "lesser interests" being acquired as indicated by the following:

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**  6

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 10 of 19

A. Fee Simple Absolute

Fee Simple Absolute without restriction: *Four* (1A, 2, 5A, 7B)

Fee Simple Absolute with restriction: *Five* (3A, 6A, 7A, 7C, 7D)

B. Lesser Interests

Permanent Easement Without Reservation: *Six* (1C, 1D, 3B, 3C, 5B, 8)

Permanent Easement With Reservation or Restriction: *Two* (1B, 6B)

Temporary Easement: *Five* (1E, 4, 6C, 6D, 7E)

The Judgment defines the interests being acquired by condemnation by reference to the attached Legal Description. A review of the "estates" being taken by condemnation demonstrates the various "fee simple absolute" interests and the "lesser interests" that include the following types:

(a) <u>fee absolute interests with no reservations</u> including Claimant's Property,

(b) <u>fee absolute interests with reservations</u>,

(c) <u>permanent easements</u> for "cut and fill slope purposes, utility purposes, roadway purposes, channel purposes, and aerial purposes, and

(d) <u>temporary easements</u> for construction purposes, roadway purposes, construction purposes, and drainage purposes.

Though lengthy and tedious to review, the "fee simple absolute" interests and the "lesser interests" are specifically defined in the Legal Description as follows:[1]:

Parcel 1A: "For freeway purposes that real property described as follows" with a full legal description of the entire Parcel with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 10 of 96, lines 2-3)

Parcel 1B: "AN EASEMENT for cut and fill slope purposes and incidents thereto, upon, over and across the following described parcel of land" with a reservation in favor of the owners to certain rights regarding sloping. (Exhibit Compendium, Volume 4, Exhibit 6, page 13, lines 1-4, page 14 of 96, lines 21-28).

Parcel 1C: "AN EASEMENT for utility purposes for the P.T. & T. incidents thereto, upon, over, under and across the following described parcel of land" with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 13, lines 1-4, page 16

---

[1] All capitalization is original, not for emphasis.

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

7

Case: 19-30088   Doc# 13654-4   Filed: 04/03/23   Entered: 04/03/23 16:38:58   Page 11 of 19

| | | |
|---|---|---|
| 1 | | of 96) |
| 2 | Parcel 1D: | AN EASEMENT for channel purposes and incidents thereto, upon, over and across the following described parcel of land" with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 18, lines 1-2, page 18 of 96). |
| 4 | Parcel 1E: | "A TEMPORARY EASEMENT to terminate on December 31, 1977, for construction purposes and incidents thereto, upon, over, under and across the following described parcel of land" with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 13, lines 1-4, page 19 of 96). |
| 6 | Parcel 2[2]: | "For freeway purposes, that real property described as follows" with a full legal description of the entire Parcel with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 20 of 96, lines 1-3) |
| 8 | Parcel 3A: | "For freeway purposes, that real property described as follows" with two reservations including: |
| | | "RESERVING unto City, TWO EASEMENTS described as follows: |
| | | (1) A TEMPORARY EASEMENT 5.00 feet in width, across the above-described PARCEL 3A for underground conduits and existing street lights ..." and |
| | | (2) A TEMPORARY EASEMENT 60.00 Feet in width, across the above-described PARCEL 3A for roadway purposes, existing utilities and roadway appurtenances connecting South Airport Boulevard with the Airport's North access Road ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 21, lines 1-3, page 22 of 96, lines 1-4, and page 22, line 27 to page 23, line3). |
| 15 | Parcel 3B: | "AN EASEMENT for roadway purposes and incidents thereto, upon, over and across the following described parcel of land ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 24 of 96, lines 1-3) |
| 17 | Parcel 3C: | "AN EASEMENT for roadway purposes and incidents thereto, upon, over and across the following described parcel of land ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 25 of 96, lines 1-3) |
| 19 | Parcel 4: | "A TEMPORARY EASEMENT to terminate on December 31, 1977, for roadway purposes and incidents thereto, upon, over, under and across the following described parcel of land". (Exhibit Compendium, Volume 4, Exhibit 6, page 26, lines 1-4, page 19). |
| 22 | Parcel 5A: | "For freeway purposes, that real property described as follows" with a full legal description of the entire Parcel with no reservations or limitations. (Exhibit Compendium, Volume 4, Exhibit 6, page 27 of 96, lines 1-3) |
| 24 | Parcel 5B: | "AN EASEMENT for channel purposes and incidents thereto, upon, over and across the following described parcel of land." (Exhibit Compendium, Volume 4, Exhibit 6, |

---

[2] Claimant's Property is within Parcel 2.

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

8

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 12 of 19

| | | |
|---|---|---|
| 1 | | page 18 of 96, lines 1-3). |
| 2 | Parcel 6A: | "For freeway purposes, that real property described as follows" with a full legal description of the entire Parcel with two reservations including: |
| 3 | | |
| 4 | | 1) RESERVING unto the City, an EASEMENT 50.00 feet in width, across the above-described PARCEL 6A for subsurface drainage structures and drainage ditches (said drainage ditches to be located only outside highway slope areas), said easement being described as follows ..." and |
| 5 | | |
| 6 | | 2) RESERVING unto City, an UNDERGROUND EASEMENT 50.00 feet in width, across the above described PARCEL 5A and PARCEL 6A for existing and future underground utilities ..."   (Exhibit Compendium, Volume 4, Exhibit 6, page 30 of 96, lines 1-3; page 31 of 96, lines 12 to page 32, line 4; page 32, lines 2-8) |
| 7 | | |
| 8 | | |
| 9 | Parcel 6B: | "AN EASEMENT for utility purposes for the construction, operation, inspection, maintenance and reconstruction of the P.G. & E. pipe lines and incidents thereto, upon, over and across a strip of land 15.00 feet wide, being more particularly described as follows ..." including a restriction on the ability of the Owner to construct buildings or other obstructions on the property: |
| 10 | | |
| 11 | | |
| 12 | | "OWNER SHALL NOT erect, construct or place any building or other structure or obstruction or material upon, over, or under the above-described PARCEL 6B ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 33 of 96, lines 1-6; page 34, lines 17-22) |
| 13 | | |
| 14 | Parcel 6C: | "A TEMPORARY EASEMENT to terminate on December 31, 1977, for roadway construction purposes ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 35 of 96). |
| 15 | | |
| 16 | Parcel 6D: | "A TEMPORARY EASEMENT to terminate on December 31, 1977, for drainage purposes ..."  (Exhibit Compendium, Volume 4, Exhibit 6, page 37 of 96). |
| 17 | | |
| 18 | Parcel 7A: | "For freeway purposes that real property ..." with reservations: |
| 19 | | 1)     RESERVING unto City, an UNDERGROUND EASEMENT 30.00 feet in width ... for subsurface power ducts..." and |
| 20 | | 2)     RESERVING unto City, an UNDERGROUND EASEMENT 50.00 feet in width ... for utility tunnels and conduits ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 38 of 96 lines 1-3; page 39, lines 6-8; page 39, lines 25-28). |
| 21 | | |
| 22 | Parcel 7B: | "For freeway purposes that real property ..." with no reservations or restrictions. (Exhibit Compendium, Volume 4, Exhibit 6, page 35 of 96, lines 1-3). |
| 23 | | |
| 24 | Parcel 7C: | "For freeway purposes that real property ..." with one reservation: |
| 25 | | RESERVING unto City an UNDERGROUND EASEMENT 50.00 feet in width ... for existing utilities, utility tunnels and future utilities to be constructed ..."   (Exhibit Compendium, Volume 4, Exhibit 6, page 43 of 96, lines 1-3; page 44, lines 6-10). |
| 26 | | |

**REPLY TO PG&E'S OPPOSITION TO  MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

9

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 13 of 19

| | | |
|---|---|---|
| 1 | Parcel 7D: | "For freeway purposes that real property ..." with one reservation: |
| 2 | | "RESERVING unto owners of the above-described parcel of land, their successors or assigns, the right at any time to remove such slopes or portions therefor upon removing the necessity for maintaining such slopes or portions thereof." (Exhibit Compendium, Volume 4, Exhibit 6, page 4 of 96, lines 1-3; page 46, line 22 to page 47, line2). |
| 5 | Parcel 7E: | "A TEMPORARY EASEMENT to terminate on December 31, 1986, for drainage purposes ..." (Exhibit Compendium, Volume 4, Exhibit 6, page 47 of 96, lines 1-3). |
| 6 | Parcel 8: | "AN AERIAL EASEMENT for the construction of freeway structure and incidents thereto .." (Exhibit Compendium, Volume 4, Exhibit 6, page 49 of 96, lines 1-3). |

Accordingly, the Judgment and the Order demonstrate on their face a careful analysis by the State as to the extent of the interests it had determined to take in fee (with and without restrictions), to take in easements (permanent and temporary).

With respect to Parcel 2 in which Claimant's Property is located, the State's determination was that it acquire the full fee ownership with no reservation of any interest in favor of the City or persons deriving interests from the City. All prior interests in Parcel 2 were extinguished and the State became the owner of Parcel 2 free and clear of all prior easements.

### IV. THE DIRECTOR'S DEED FROM THE STATE TO KOMIR'S PREDECESSOR IN INTEREST REFLECTS THE FEE SIMPLE UNENCUMBERED TITLE ACQUIRED BY THE STATE AND T RANSFERRED TO KOMIR'S PREDECESSOR.

The Director's Deed from the State reflects the extinguishment of PG&E's prior easements as that Deed specifically delineates the easements imposed on the Property.

While PG&E argues that the language "Subject to special assessments, if any, restrictions, reservations, and easements of record" reflected survival of its prior easements, that argument fails as (a) the Easements of PG&E had been extinguished as discussed above and (b) the Deed specifically identifies the "easements of record" to which the Property would be subject and the Deed does not include any easements for transmission lines.

In view of the delineation of the specific easements that would burden the Property, the broad language to which PG&E refers must be construed in light of the more specific language.

REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

10

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 14 of 19

In this regard, California Civil Code § 3534 provides as a matter of document interpretation that:

"Particular expressions qualify those which are general."

In *Maryland Casualty Co. v. Industrial Acci. Com.* (1930) 209 Cal. 394, 395, the Court referred to Civil Code § 3534 stating the rule of interpretation as follows:

"The above interpretation is further strengthened by the familiar rule of construction that when general and particular provisions of a contract deal with the same subject matter, the specific provisions are of controlling force. (Civ. Code, sec. 3534; 6 Cal. Jur. 282, and cases there cited.)"

The Director's Deed specifies the Easements that affected, or would affect, the Property as follows:

...

"(a) subject to AN EASEMENT, granted or to be granted to the City of San Bruno, for the maintenance of the existing 24-inch diameter sewer line ...

(b) Subject to AN EASEMENT, granted or to be granted to Pacific Gas and Electric Company, a California corporation, for the right to landscape and access and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height ...

(c) Subject to AN EASEMENT, granted or to be granted to the PACIFIC BELL, a corporation, for the right from time to time to construct, place, inspect, maintain and replace communication facilities, consisting of aerial and under round wires, cables and the electrical conductors with associated poles, crossarms, anchors, guys, fixtures, conduits, manholes, marker posts and other appurtenances ..." (Exhibit Compendium, Volume 5, Exhibit 8, pages 5 and 6 of 20, Capitalization original)

While the Director's Deed could have referred to the prior (extinguished) easements of PG&E, the Deed referred only to the specific Easements that actually did or would affect the Property.

The Director's Deed supports the extinguishment of PG&E's prior easements and recognizes a post-condemnation landscaping easement in its favor.

### V. THE PROVISION IN THE JUDGMENT CONCERNING COST OF RELOCATION ASSUMES THE EXTINGUISHMENT OF THE EASEMENT.

The inclusion of a provision in the Judgment concerning cost for relocating the lines from the Property pertains only to the payment obligation for relocation, not to any legal right to maintain the

REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

11

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 15 of 19

lines.

The paragraph concerning relocation could have provided that in the event that relocation was not physically necessary for the construction purposes, then the City and its derivative interest holders could continue to maintain the lines.

The parties to the Stipulation for Entry of Judgment, and the Court, chose not to include any language that would have recognized any continuing right to maintain the lines pursuant to easements that had been extinguished as a matter of law.

Demonstrably, in the Judgment, the Court included a provision for the cost of relocation and could have, but did not, include any provision regarding any survival of the extinguished easements. Likewise, in the subsequent Director's Deed, the State did specify the interests, including the PG&E landscaping easement, that would continue to affect the Property but did not specify any easement for transmission lines.

The principle of *Expresio Unius Est Exclusio Alterius* instructs regarding the inclusion of one term and the exclusion of other terms related to the topic.

In *Rosenthal-Zuckerman v. Epstein, Becker & Green Long Term Disability Plan*, (C.D.Cal. 2014) 39 F. Supp. 3d 1103, 1104.), the Court explained this concept as follows:

> "Plaintiff argues the principle of *expressio unius est exclusio alterius* resolves this case in her favor. This rule of contract interpretation states that 'to express or include one thing implies the exclusion of the other, or of the alternative.' Black's Law Dictionary (9th ed. 2009); *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1234 (9th Cir. 2013) ("the rule of construction *expressio unius est exclusio alterius*; i.e., that mention of one matter implies the exclusion of all others is an aid to resolve the ambiguities of a contract.") (citation and quotation marks omitted).

The continued physical occupation of the Property means only that PG&E maintained its lines with no legal authority to do so.

**VII. PG&E'S LEGAL ARGUMENT REGARDING THE EXTINGUISHMENT OF THE EASEMENTS, ALBEIT WITH NO CITATION OF LEGAL AUTHORITIES, APPEARS ONLY ON PAGE 2, LINES 4 THROUGH 18, AND PAGE 3, LINE 25 THROUGH PAGE 4, LINE 24.**

Claimant presented for partial summary adjudication the following issue:

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

12

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 16 of 19

"PG&E Corporation and PG&E Electrical Company (each and both entities referred to herein as "Debtors") do not hold any easement or other grant of interest of record entitling Debtors to place Transmission Lines across the Komir Property."

In its Points and Authorities, Claimant discussed the issue and the basis therefor as follows:

"By this Motion for Partial Summary Judgment, Claimant seeks this Court's determination that, as a matter of law, the 100 year old easements upon which PG&E relies for its placement of electrical transmission lines across Claimant's Property (as defined below) were fully, completely and permanently extinguished by a Judgment of Condemnation and Final Order of Condemnation by which the State of California (the "State") acquired property for construction of Highway 380 connecting Highway 101 and Highway 280 free of all prior interests for any other purpose or use.

Stated differently, once the State acquired title to Claimant's Property by eminent domain for Freeway purposes, all prior easements or other interests were gone and not susceptible to springing back into existence."

PG&E submitted no legal argument concerning extinguishment by condemnation other than as discussed above, and provided no legal authorities in support of its contentions, in the portions of its Opposition identified in the heading above.

Rather, PG&E included in its Response a Counter-Motion for Summary Judgment based upon (1) its statement of alleged undisputed material facts (Opposition, 3:5-23), (2) its assertion of a claim of prescription (Opposition, 4:25 - 5:12), (3) its assertion of a bar by a Statute of Limitations, and (4) its claim of bar by discharge in PG&E's 2001 Chapter 11 case (Opposition, 6:3-27).

Claimant responds to the Counter-Motion and to the issues presented therein in Claimant's Response to PG&E's Counter-Motion for Summary Judgment filed concurrently herewith.

**Conclusion**

PG&E submitted no legal authorities in opposition to the sole issue presented by Claimant for summary adjudication, namely, that the condemnation of the Property for freeway purposes extinguished all existing easements.

PG&E presented only two arguments regarding the extinguishment by condemnation, both of which are based only upon a mis-reading and mis-interpretation of documents.

First, PG&E argued that the phrase in the Judgment of Condemnation stating that the State was condemning the Property "in fee simple absolute unless a lesser estate is described" resulted in a

REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

13

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 17 of 19

reservation of a "lesser estate" being PG&E's easements.

The "lesser estate" argument is baseless as the reference to "lesser estate" means an estate less than "fee simple absolute" that would be taken by the State as sufficient to accomplish the public purpose for which the taking occurred, e.g., easements for cut and fill slope purposes, utility purposes, roadway purposes, channel purposes, and aerial purposes, such being the "lesser estates" acquired by the State. To the extent that any "lesser estate" was provided to the owner from whom the property was taken, that lesser estate is specified in the Judgment of Condemnation as a "Reservation."

Although the Judgment does contain a reservation as to some Parcels (3A, 6A, 7A, 7C, 7D), the Judgment contains no reservation of anything for PG&E.

Secondly, PG&E argued that the Director's Deed by which the State transferred its ownership to Neil Hildebrand and Melanie Hildebrand, Claimant's predecessor, contains a phrase stating that the transfer was "subject to special assessments, if any, restrictions, reservations and easements of record."

This argument fails for two reasons:

(a) The easements of record in favor of PG&E had been extinguished as a matter of law by the prior condemnation by which the state acquired its ownership that it was transferring to Claimant's predecessor; and

(b) The Director's Deed specifically identifies the "easements of record" to which the property was or would be subject thereby not only specifying the operative easements but emphasizing the lack of existence of any other easements.

As with the "lesser estates" argument, PG&E provided no legal authorities in support of its Director's Deed argument.

PG&E's easements from 1901, 1910, and 1923 were extinguished by the condemnation of the interests of its grantor of those easements by the State of California.

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 14

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 18 of 19

Claimant separately responds to the "even assuming, arguendo..." arguments by PG&E as to its claim that even if the easements were extinguished by condemnation, as occurred, that PG&E is entitled to occupy the Property "by prescription." As demonstrated in Claimant's response to the Counter-Motion, PG&E has no rights by prescription either.

Respectfully submitted.

Dated: April 3, 2023                                       COHEN AND JACOBSON, LLP

                                                           By: /s/ Lawrence A. Jacobson
                                                               Attorneys for Claimant

**REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES
IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**  15

Case: 19-30088    Doc# 13654-4    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 19 of 19