LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>        - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors.<br><br>G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROGER LEATHERMAN IN SUPPORT OF**<br>**(1) CLAIMANT'S REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO AND**<br>**(2) CLAIMANT'S RESPONSE TO THE COUNTER-MOTION FOR SUMMARY JUDGMENT BY DEBTORS**<br><br>**[Response to Counter-Motion Filed Separately]**<br><br>**Date: April 11, 2023**<br>**Time: 10:00 a.m.**<br>**Place: (Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following Evidentiary Objections to the Declaration of Roger Leatherman in Support of (1) Claimant's Reply to PG&E's Opposition to Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and Claimant's Response Thereto and (2) Claimant's Response to the Counter-Motion for Summary Judgment by Debtors.

For the reasons and on the grounds stated below, Claimant objects to and seeks the exclusion of the statements in and exhibits to the Declaration of Roger Leatherman as follows:

**1. Paragraph 4**

    (a) Paragraph 4, page 1, lines 12-20, in its entirety on grounds of lack of relevance. The "certain records" that PG&E maintains in its database in a "Land Rights Library" are irrelevant as the only potentially operative documents concerning the issue presented for Summary Judgment are (a) Easements that were recorded in the Office of the County Recorder of San Mateo County and (b) the recorded Judgment of Condemnation and the Order of Condemnation.

    (b) The statement at page 1, lines 16-17, that "PG&E or its predecessors in interest have multiple separate easements for the Transmission Lines that traverse the Komir Property" is inadmissable on the grounds that:

        (i) lacks foundation with respect to the undefined "Transmission Lines" as to identification of any particular "Transmission Line," as to the location of any particular "Transmission Line," and as to the date of installation or alteration of any "Transmission Line."

        (ii) to the extent that the statement purports to present the content of any document, the document speaks for itself.

        (iii) constitutes a statement or opinion or conclusion by a witness not qualified as an expert pursuant to Rule 701 of the Federal Rules of Evidence (although the Declarant describes his employment functions, the fact of his job duties does

|   | | | not render the Declarant competent to express expert opinions). |
|---|---|---|---|
|   | | (iv) | constitutes a conclusion of law as stating or implying in the present tense that "PG&E or its predecessors in interest have multiple separate easements for the Transmission Lines..." |
|   | | (v) | the statement at page 1, lines 18-19, that "PG&E's Transmission Lines ... all predate the purchase of the Komir Property by Komir, Inc., in 2000" is contradicted by PG&E's judicial admissions that in 2018 transmission lines across Claimant's Property were reconstituted, relocated, and situated at heights different than any prior occupation of the Property. |

**2. Paragraph 5**

(a) Paragraph 5, page 1, line 22, through page 2, line 4, in its entirety on the grounds that the paragraph constitutes a conclusion of law as stating or implying that the documents identified in the subparts presently have any legal effect.

(b) Paragraph 5 in its entirety on the grounds of lack of relevance with respect to any "research" performed by the Declarant.

**3. Paragraph 6**

(a) The first sentence on page 2, lines 5-9 purports to summarize, characterize or restate the content of the Judgment in Condemnation that speaks for itself.

(b) Paragraph 6, page 2, lines 5 through 16, in its entirety as speculation, rather than personal knowledge, with respect to the matters stated therein including without limitation the identity of any "Freeway Master Contract," the date and terms of any Freeway Master Contract purportedly being the reference in the Judgment in Condemnation (that does not identify any Master Contract).

(c) Paragraph 6, page 2, lines 5 through 16, in its entirety as the testimony in the paragraph is based upon the Declarant's interpretation and summary of a document that speaks for itself.

1  (d)  Paragraph 6, page 2, lines 5 through 16, in its entirety on the grounds that the paragraph constitutes a conclusion of law with respect to operation of a Freeway Master Contract, the legal effect of a Freeway Master Contract with respect to the issues presented for Summary Judgment, and speculation with respect to the actions that parties to a Freeway Master Contract may take with respect to one another.

4. **Paragraph 7**

   (a)  Paragraph 7, page 2, lines 17 through 24, in its entirety as a hearsay statement with respect to the purported content of unspecified "business records" and double-hearsay with respect to purported statements by Caltrans as ostensibly contained in the hearsay business records.

   (b)  Paragraph 7, page 2, lines 17 through 24, in its entirety as a statement of expert opinion without foundation, including without limitation the statements as to what the Declarant "determined" and the Declarant's statements as to what was or was not relocated, all as based upon hearsay documents that themselves lack foundation.

   (c)  Paragraph 7, page 2, lines 17 through 24, in its entirety on the grounds of lack of relevance in that the relocation or not of transmission lines has no legal effect on the extinguishment of easements by condemnation.

5. **Paragraph 8.**

   (a)  Exhibit F to the Leatherman Declaration is a hearsay document in that the Declaration lacks foundation with respect to the Exhibit being a business record (Rule 803(A) through (D)), including the lack of any competent showing that the document was made at or near the time of an event, lack of competent showing that the document was kept "in the course of a regularly conducted activity," and that the making of the document "was a regular practice of that activity."

   (b)  Exhibit F to the Leatherman Declaration lacks authentication as the Declarant fails to provide any foundation to satisfy the require that the document is what proponent

claims it is. (Rule 901, Federal Rules of Evidence). In paragraph 8, at page 2, lines 27-28, the Declarant states only the conclusion that Exhibit F is a business record that "depicts the tower lines that extend across what is identified in the Complaint as the Komir Property" with no showing that the "drawing" does so, no testimony as to the preparer of the documents or that person's qualifications, the manner of preparation, the reliability, or any other detail.

(c) Exhibit F to the Leatherman Declaration lacks sufficient clarity to provide any probative value with respect to the matter as to which it is offered.

(d) Exhibit F to the Leatherman Declaration is in the form of a Record of Survey but fails to conform with the requirements of the Land Surveyor Act (California Business & Professions Code Sections 8726, 8761, and 8762), including without limitation the lack of a Stamp by Licensed Surveyor, and is therefor inadmissable as such.

(e) The Declarant lacks competence to testify with respect to the interpretation of Exhibit F or to testify with respect to the Exhibit having "been modified" or to testify regarding any "changes to PG&E's land rights ..." (Paragraph 8, page 2, line 28 to page 3, line 2) The Declaration lacks any testimony with respect to any qualifications of the Declarant to interpret the document or to testify as to time or manner of "modifications."

(f) The testimony in Paragraph 8 at page 3, lines 1-2, regarding Exhibit F having been modified "to depict changes to P&E's land rights associated with the Transmission Lines depicted on the drawing" constitute statements of expert opinion without foundation.

(g) The testimony in Paragraph 8 regarding Exhibit 7 having been modified "to depict changes to P&E's land rights associated with the Transmission Lines depicted on the drawing" constitute statements of legal opinions and conclusions to the extent that those statements are offered to state or imply the existence of any particular legal

1 | rights.

**6. Paragraph 9.**

    (a) Exhibit G to the Leatherman Declaration is a hearsay document in that the Declaration lacks foundation with respect to the Exhibit being a business record (Rule 803(A) through (D), including the lack of any competent showing that the document was made at or near the time of an event, lack of competent showing that the document was kept "in the course of a regularly conducted activity," and that the making of the document "was a regular practice of that activity."

    (b) Exhibit G to the Leatherman Declaration lacks authentication as the Declarant fails to provide any foundation to satisfy the require that the document is what proponent claims it is. (Rule 901, Federal Rules of Evidence). In paragraph 9, at page 3, lines 5-8, the Declarant states only the conclusion that Exhibit G is a business record that is a "Plan and Profile Drawing" and that the "drawing depicts the plan and profile of the tower lines that extend across what is identified in this action as the Komir Property" (page 3, lines 8-10) with no showing that the "drawing" does so, no testimony as to the preparer of the documents or that person's qualifications, the manner of preparation, the reliability, or any other detail.

    (c) Exhibit G to the Leatherman Declaration lacks sufficient clarity to provide any probative value with respect to the matter as to which it is offered.

    (d) The Declarant lacks competence to testify with respect to the interpretation of Exhibit G or to testify with respect to the Exhibit having "been modified." The Declaration lacks any testimony with respect to any qualifications of the Declarant to interpret the document or to testify as to time or manner of "modifications." (Page 3, lines 8-10)

    (e) The Declarant lacks competence to testify with respect to the interpretation of Exhibit G or to testify that "The 2000 Plan and Profile Drawing identifies the tower lines in the same alignment as the 1946 Line Review Drawing." (Page 3, lines 12-13)The

Declaration lacks any testimony with respect to any qualifications of the Declarant to interpret the document or to testify as to the comparative alignment stated in the Declaration.

    (f) The testimony in Paragraph 9, page 3, lines 6-8, regarding Exhibit F having been modified "to depict the plan and profile of the tower lines that extend across what is identified in this action as the Komir Property" constitute statements of expert opinion without foundation.

    (g) The testimony in Paragraph 9, page 3, lines 8-10, regarding Exhibit G having been modified "to depict changes to P&E's Transmission Lines and related facilities depicted on the drawing" constitute statements of legal opinions and conclusions to the extent that those statements are offered to state or imply the existence of any particular legal rights.

**7. Paragraph 10.**

    (a) Paragraph 10, page 3, lines 14-20, in its entirety as based upon the hearsay statements of the individuals identified therein and as based upon documents not authenticated by the Declarant. In Objections to the Declarations of the two individuals referenced in Paragraph 10 Claimant objects to the testimony and documents in those Declarations.

    (b) Paragraph 10 lacks foundation for any competence of the Declarant to make the statements that:

        (i) "The Transmission Lines at issue within the recorded PG&E easements..." as the statement implies that the Transmission Lines are properly situated within an undefined "easement" and the Declaration does not provide any foundational testimony as to any personal knowledge for this Declarant to make that statement or any foundational testimony for this Declarant to offer any expert opinion with respect to the content of the statement. (Page 3, lines

| | | |
|---|---|---|
| 1 | | 14-16) |
| 2 | (ii) | The Transmission Lines "... are permanent structures that have been in place for several decades" as the Declaration does not provide any foundational testimony as to any personal knowledge for this Declarant to make that statement or any foundational testimony for this Declarant to offer any expert opinion with respect to the content of the statement. (Page 3, lines 8-10) |
| 7 | (iii) | "... and would require heavy equipment to remove those Transmission Lines and facilities" (Page 3, line 20) as the Declaration does not provide any foundational testimony as to any personal knowledge for this Declarant to make that statement or any foundational testimony for this Declarant to offer any expert opinion with respect to the content of the statement. Further, the statement is (a) internally contradictory as the Transmission Lines are not permanent if they can be removed with heavy equipment and (b) contradicted by the admission in Exhibit G wherein PG&E admits that four (4) "TSP"s were removed and two "TSP"s installed. |

Respectfully submitted.

Dated: April 3, 2023                    COHEN AND JACOBSON, LLP

                                        By: /s/ Lawrence A. Jacobson
                                        Attorneys for Claimant

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROGER LEATHERMAN**   8

Case: 19-30088    Doc# 13654-5    Filed: 04/03/23    Entered: 04/03/23 16:38:58    Page 8 of 8