```
LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROB SULLIVAN IN SUPPORT OF**<br>**(1) CLAIMANT'S REPLY TO PG&E'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO AND**<br>**(2) CLAIMANT'S RESPONSE TO THE COUNTER-MOTION FOR SUMMARY JUDGMENT BY DEBTORS**<br><br>**[Response to Counter-Motion Filed Separately]**<br><br>**Date: April 11, 2023**<br>**Time: 10:00 a.m.**<br>**Place: (Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROB SULLIVAN**     1

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following Evidentiary Objections to the Declaration of Rob Sullivan in Support of (1) Claimant's Reply to PG&E's Opposition to Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and Claimant's Response Thereto and (2) Claimant's Response to the Counter-Motion for Summary Judgment by Debtors.

For the reasons and on the grounds stated below, Claimant objects to and seeks the exclusion of the statements in and exhibits to the Declaration of Rob Sullivan as follows:

**1.      Paragraph 4**

(a) Paragraph 4, page 1, lines 17-20, in its entirety on grounds of lack of relevance to Claimant's Motion for Partial Summary Judgment.

The entire content of this paragraph lacks relevance to the Claimant's Motion for Partial Summary Judgment in that the motion seeks adjudication of the extinguishment of all easements referenced in Sullivan Declaration such that the location of any area described in any of the extinguished easements is irrelevant.

(b) Paragraph 4, page 1, lines 17-20, in its entirety on grounds of lack of relevance to Claimant's Motion for Partial Summary Judgment.

The entire content of this paragraph lacks relevance to the Debtors' Counter Motion for Summary Judgment in that the location of easement areas in recorded documents is irrelevant to any claim of entitlements based upon actual occupancy of whatever portion of Claimant's Property the Debtors contend that they have acquired rights based of prescriptive easement.

(c) Exhibit E is inadmissible as lacking foundation as to the manner of its preparation, i.e., the Declarant may be a licensed surveyor but the Declaration lacks foundation as to the procedures followed by him to properly and accurately prepare the Exhibit.

(d) Exhibit E is inadmissible as a form of Survey for which the Debtors and the Declarant failed to comply with the requirements of the Land Surveyor's Act, Business &

Professions Code § 8762(b)(2) through (b)(5) that require the submission of the Survey to the County Surveyor for review and authorization or refusal of authorization for recordation, and as lacking a statement of purpose and Surveyor's stamp required by B&P § 8760(c) and (d), respectively.

Respectfully submitted.

Dated: April 3, 2023　　　　　　　　　　　　COHEN AND JACOBSON, LLP

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Lawrence A. Jacobson
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Claimant