PATRICIA A. SAVAGE (SBN 236235)
SAVAGE & LAMB, PC
1550 Humboldt Road, Suite 4
Chico, CA 95928
Telephone: (530) 809-1851
Fax: (530) 592-3865
Email: psavesq@gmail.com

Attorneys for Movants,
MATTHEW RICCA, DIANNE S. GINGERICH
NIELS BRINGSJORD, KENDRA BRINGSJORD
AND LOGAN BRINGSJORD

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E Corporation, | Chapter 11 |
| | Lead Case, Jointly Administered |
| and | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)** |
| Debtors. | |

[x] Affects both Debtors

*All paper shall be filed in the Lead Case, No. 19-30088-DM

Date: May 9, 2023
Time: 10:00 a.m. (Pacific Time)
Place: Telephonic/Video Appearances Only
United States Bankruptcy Court
Courtroom 17,
450 Golden Gate Ave., 16th Floor
San Francisco, CA
Judge: Hon. Dennis Montali
Objection Date: April 24, 2023

## BACKGROUND

Pursuant to Rules 015 and 7017 of Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), MATTHEW RICCA, DIANNE S. GINGERICH, NIELS BRINGSJORD, KENDRA BRINGSJORD and LOGAN

BRINGSJORD ("Movants") move this Court for an order expanding the time to file a Proof of Claim, and allow, Claim Numbers (not yet assigned), attached to the declaration of Patricia A. Savage as Exhibits 1 and 2, to be considered timely filed. Claim Numbers (not yet assigned) were filed on February 9, 2023.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Heating in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## SUMMARY OF RELIEF REQUESTED

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the Camp Fire, the impact of the Covid 19 pandemic, as well as a misunderstanding as to the legitimacy of his claim, Movants were unable to timely file their proof of claim. Claimants RICCA and LOGAN BRINGSJORD were both minors at the time of the Camp Fire and were unable to perfect their claims. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claims deemed timely. This Court must determine whether to grant the Motion.

## FACTUUAL BACKGROUND

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific

Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

MATTHEW RICCA is a survivor of the Camp Fire that occurred on November 8, 2018. Specifically, Movant lived at the property located at 6087 Marty Court, Paradise, CA 95969 (RICCA Property). The property was destroyed by the Camp Fire. Movant was forced to evacuate due to the dangers of the fire, was displaced, and had to begin rebuilding his life in the town of Paradise that was forever changed by the fire.

DIANNE GINGERICH is a survivor of the Camp Fire that occurred on November 8, 2018. Specifically, Movant lived at the property located at 1522, Unit B, Yeshua Way, Paradise, CA 95969 (GINGERICH Property). While the property was not destroyed by the Camp Fire, certain personal property belonging to Movant was destroyed. Movant was displaced and had to begin rebuilding her lives in the town of Paradise that was forever changed by the fire.

NIELS BRINGSJORD, KENDRA BRINGSJORD and LOGAN BRINGSJORD are survivors of the Camp Fire that occurred on November 8, 2018. Specifically, Movants lived at the property located at 4356 Cherokee Road, Oroville CA 95965 (BRINGSJORD Property). While the property was not destroyed by the Camp Fire, certain personal property belonging to Movants was destroyed. Movants were forced to evacuate due to the dangers of the fire and were temporarily displaced.

Due to multiple traumas, the immense pressure on Movants to reestablish their lives following the fire, medical conditions and other incapacities, they did not contact and retain counsel until recently. Therefore, no proof of claim was timely filed on behalf of Movants. It was not until after the extended bar date and Claims Questionnaire deadline that Movants discovered they should file a Proof of Claim for their losses. Therefore, it is respectfully requested the Court grant such relief.

## LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." Id., at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." Id. at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395; see also Corning v. Corning (In re Zilog, Inc.), 450 F.3d 996 (9th Cir. 2006) (noting Pioneer's non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. See, e.g., Zilog Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the Pioneer factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the

party's control." Pioneer, 507 U.S. at 381. Here, consideration of all four Pioneer factors—as well as a fifth engrafted onto the Pioneer analysis by some courts—weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first Pioneer factor weighs overwhelmingly in Movants' favor. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering the traumas claimant has suffered since the fire. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not yet been made; and (b) the value of Movant's claims relative to the value of Debtors' estates is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of the Movant, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7015. It is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

## **CONCLUSION**

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that Exhibit 1, the Proof of Claim, Claim Number (not yet assigned), be deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.

Dated: April 7, 2023

_Patricia Savage_
Patricia A. Savage
Attorney for Movants

PATRICIA A. SAVAGE (SBN 236235)
SAVAGE & LAMB, PC
1550 Humboldt Road, Suite 4
Chico, CA 95928
Telephone: (530) 809-1851
Fax: (530) 592-3865
Email: psavesq@gmail.com

Attorneys for Movants,
MATTHEW RICCA, DIANNE S. GINGERICH
NIELS BRINGSJORD, KENDRA BRINGSJORD
AND LOGAN BRINGSJORD

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088-DM |
| | ) |
| PG&E Corporation, | ) Chapter 11 |
| | ) Lead Case, Jointly Administered |
| and | ) |
| | ) **DECLARATION OF PATRICIA A.** |
| PACIFIC GAS AND ELECTRIC | ) **SAVAGE IN SUPPORT OF MOTION** |
| COMPANY, | ) **PURSUANT TO FED. R. BANKR. PROC.** |
| | ) **7015 AND 7017 TO ENLARGE TIME TO** |
| Debtors. | ) **FILE PROOF OF CLAIM PURSUANT** |
| | ) **TO FED. R. BANKR. PROC. 9006(b)(1)** |

[x] Affects both Debtors

*All paper shall be filed in the Lead Case, No. 19-30088-DM

Date: May 9, 2023
Time: 10:00 a.m. (Pacific Time)
Place: Telephonic/Video Appearances Only
    United States Bankruptcy Court
    Courtroom 17,
    450 Golden Gate Ave., 16th Floor
    San Francisco, CA
Judge: Hon. Dennis Montali
Objection Date: April 24, 2023

    I, Patricia A. Savage, declare as follows:

    1.    I am an attorney at law duly licensed to practice before all state and federal courts of the State of California.

___

2. My firm represents wildfire victims who sustained losses from the Camp Fire in 2018. My firm has timely filed on behalf of approximately 55 claimants with Prime Clerk for losses our clients suffered as a result of the Northern California Fires in 2018.

3. MATTHEW RICCA is a survivor of the Camp Fire that occurred in 2018. MATTHEW RICCA was residing at 6087 Marty Court, Paradise, CA 95969.

4. MATTHEW RICCA was a minor at the time of the Camp Fire. Mr. RICCA reports he was residing at the "Marty Court" address essentially as a long-term guest of the homeowner, who at the time was Mr. RICCA's girlfriend's grandmother. Mr. RICCA reports that before and since the fire, he was a minor surviving on his own until the age of majority, suffering from the attendant hardships of that circumstance. Mr. RICCA's date of birth is October 8, 2002. Due to incapacity as a minor, and due to lack of support and guidance regarding her rights to file a claim, Mr. RICCA did not file a timely proof of claim, and only recently contacted counsel.

5. Attached hereto as Exhibit A is a true and correct copy of the Proof of Claim we prepared for Mr. RICCA on April 6, 2023.

6. DIANNE S. GINGERICH is a survivor of the Camp Fire that occurred on November 8, 2018. DIANNE GINGERICH residence was 1522, Unit B, Yeshua Way, Paradise, CA 95969. At the time of the fire, Ms. GINGERICH was in chico at a hostiptal stay. She was unable to return to her property due to many causes, and when she was able to return, several of her personal items were destroyed or missing.

7. Attached hereto as Exhibit B is a true and correct copy of the Proof of Claim we prepared for Ms. GINGERICH on April 6, 2023.

8. NIELS BRINGSJORD, KENDRA BRINGSJORD and LOGAN BRINGSJORD are survivors of the Camp Fire that occurred on November 8, 2018.

Specifically, Movants lived at the property located at 4356 Cherokee Road, Oroville CA 95965. Since Movants' property was not destroyed, they report that they were unaware that they may be eligible to file a claim for damages. As such, they only recently retained counsel to bring this motion.

9. Attached hereto as Exhibit C is a true and correct copy of the Proof of Claim we prepared for the BRINGSJORD Family on April 6, 2023.

10. All Statements in this declaration are based on my own personal knowledge and observation from my review of the court and other records in this case, or upon information and belief as indicated. If called to testify on these matters, I can and would competently testify as to the matters set forth in this declaration.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of April 2023, in Chico, California.

*Patricia Savage*
_____
Patricia A. Savage
Attorney for Movants