BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for the Fire Victim Trustee*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: **PG&E CORPORATION,** - and – **PACIFIC GAS AND ELECTRIC COMPANY,** **Debtors.** ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) **FIRE VICTIM TRUSTEE'S OBJECTION TO MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 900(6)(1)** [Relates to Docket Number 13658] Hearing Date:   May 9, 2023 Hearing Time:   10:00 a.m. Place: Hearing will be conducted telephonically or by video |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the *Motion to Pursuant To Fed. R. Bankr. Proc. 7015 Ans 7017 To Enlarge Time To File Proof Of Claim Pursuant To Fed. R. Bankr. Proc. 900(6)(1)* [Docket No. 13658] (the "**Motion**") filed on April 7, 2022 regarding three separate proofs of claim allegedly filed[1] on behalf of Matthew Ricca, Dianne S. Gingerich, Niels Bringsjord, Kendra Bringsjord and Logan Bringsjord, (all claimants collectively, "**Movants**"). In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

As an initial matter, the Trustee notes that the Motion fails to comply with the *Order Consolidating Motions to File Late Claims* (the "**Consolidation Order**") [Docket No. 12875] although it consolidates three unrelated late-filed proofs of claim into a single motion. Nevertheless, this Objection is submitted in accordance with the Consolidation Order and the subsequent *Order Re Supplemental Exhibit to Order Consolidating Motions to File Late Claims* [Docket No. 12923] and *Revised Order Consolidating Motions to File Late Claims* [Docket No. 13010].

The Motion seeks to have the claims of five individual claimants deemed timely for the purpose of administration by the Trust with little concern for the Fire Victims who filed their proofs of claim ***more than three years*** before Movants. The Motion copies the same language used by prior late claim motions including the reason for the delay in filing their proofs of claim. As Movants' claims of excusable neglect for their extremely long delays in filing their proofs of claim all are based on the fact that they did not know they should file proofs of claim until after the Extended Bar Date, the Court should deny the Motion for the reasons cited in the Court's

---

[1] While the Motion states that true and correct copies of proofs of claim filed on behalf of each of the Movants are attached as exhibits, the motion docketed as 13658 attaches only one proof of claim for the Bringsjord family. A review of the Kroll claims docket revealed a proof of claim filed on behalf of Mathew Ricca on April 6, 2023, but there is no record of a proof of claim on the Kroll claims docket for Dianne Gingerich as of April 12, 2023. A table of Movants' proof of claim numbers and filing dates is attached hereto as **Exhibit 1**.

1

December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**").

## RELEVANT BACKGROUND

1. On January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3. As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than 82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely manner.

## OBJECTION

4. Movants assert that their delays in filing their proofs of claim – three years and 96 days after the Extended Bar Date – were "reasonable" because they did not discover they needed to file proofs of claim until after the Extended Bar Date and only recently contacted and retained counsel. As the Court noted in the Late Claim Order, "[d]ue process requires notice of the opportunity to file a claim. That was provided here and generally to thousands of Wildfire Claimants. Due process does not require the awareness of the type of claim that might have been filed." Late Claim Order at 6:28-7:4.

/ / /

/ / /

## Application of Pioneer Factors

5. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498.

### **Deeming Movants' Late Claims "Timely" Will Prejudice the Trust**

6. The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor. This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims. As noted in the Late Claim Order, "the impact on administration is more than de minimis and would prejudice the FVT." Late Claim Order at 6:14-15.

### **The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration**

7. The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings. Movants filed their proofs of claim **1,092 days after the Extended Bar Date[2]** yet claim that their well past three-year delays were "reasonable." As noted above, the Trust has a limited fund from which to pay all Fire Victim Claims. As such, the Trust cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates *every* Fire Victim Claim.

/ / /

/ / /

/ / /

/ / /

---

[2] As noted above, there is no record of a proof of claim having been filed by or on behalf of Ms. Gingerich at this time.

8. As of March 31, 2023,[3] the Trust had issued Determination Notices to 95% of all claimants who have submitted claims questionnaire to the Trust, awarding over $16 billion to these claimants. Nearly $9 billion has been paid to holders of Fire Victim Claims as of March 31, 2023.

9. The continued addition of claims to the Fire Victim Trust prevents the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with delay. The extreme length of Movants' delay and the impact of a more than three-year filing delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming Movants' claims timely.

**Timely Filing Proofs of Claim was not Beyond Movants' Control**

10. The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Motions. As explained above, the Motion does not provide any basis for a finding of excusable neglect. The boiler plate statements used to describe Movants' circumstances in the Motion fail to explain what prevented Movants from filing proofs of claim earlier. The third *Pioneer* factor therefore must also be decided in favor of the Trust and the Fire Victims who have made the effort to engage with the Trust.

**Even Without Bad Faith, Equity Does Not Favor Movants Over Other Fire Victims**

11. While the Trustee does not believe that Movants lack the good faith that comprises the final consideration listed by the *Pioneer* court, it is clear from the Motion that Movants were not prevented from filing timely claims by any circumstances. None of Movants' neighbors who filed timely proof claims knew whether the Trust would compensate them for every claim they asserted against PG&E, yet they filed their claims before the Extended Bar Date. Many filed without the benefit of counsel to guide them through the process. The Motion fails to state any facts that justify Movants' delays of well over three years in filing their proofs of claim.

---

[3] The latest statistics can be found on the Fire Victim Trust website at https://www.firevictimtrust.com. The Trust will update the program statistics again on or about April 15, 2023.

4

12. In addition, as is evidenced by overwhelming number of late claim motions filed over the last several months, allowing Movants' proof of claim to be deemed timely filed without extenuating circumstances would encourage other latecomers to file similar motions.

13. For the foregoing reasons, Movants fail to meet their burden for establishing "excusable neglect" for filing their proofs of claim nearly three years after the Extended Bar Date. Movants' proofs of claim listed on Exhibit 1 hereto should not be deemed timely for the purpose of administration by the Trust.

## CONCLUSION

The Trustee respectfully requests that this Court deny the relief requested in the Motion and grant the Trust such other and further relief as may be just.

DATED: April 13, 2023					BROWN RUDNICK LLP

By: /s/ *DAVID J. MOLTON*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*

# EXHIBIT 1

## TABLE OF MOVANTS AND PROOFS OF CLAIM

| CLAIMANT(S) | POC NUMBER | DATE POC FILED |
|---|---|---|
| Matthew Ricca | 109868 | April 6, 2023 |
| Niels Bringsjord<br>Kendra Bringsjord<br>Logan Bringsjord | 109869 | April 6, 2023 |
| Dianne S. Gingerich | No record of proof of claim | No record of filing |