KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**May 10, 2023, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  May 24, 2023<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Tele/Videoconference Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this One Hundred Twentieth Omnibus Objection (the "**Objection**") to the claims identified in the columns headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** hereto (the "**No Liability Claims**").

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under Chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving*

*Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date Order also approved a special form of Proof of Claim for Fire Claimants, defined therein as the "**Fire Victim Proof of Claim Form**." The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672].[1]

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

Sections 4.7 and 4.26 of the Plan provide that any Fire Victim Claim[2] shall be "permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust . . . ." Certain of the No Liability Claims were filed on Fire Victim Proof of Claim Forms and/or asserted Fire-related damage and were thus preliminarily identified as Fire Victim Claims to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid by the Fire Victim Trust in accordance with its governing documents. However, based on further review of these No Liability Claims, other information provided by the claimants, and the Reorganized Debtors' books and records, the Fire Victim Trustee and the Reorganized Debtors jointly determined that the No Liability Claims did not arise from one of the specific Fires defined in Section 1.86 of the Plan and thus

---

[1] The Fire Victim Claims will be administered through the Fire Victim Trust and the Subrogation Wildfire Claims through the Subrogation Wildfire Trust in accordance with the Plan.

[2] Capitalized terms used in this Section II but not otherwise defined shall have the meanings ascribed to them in the Plan.

do not constitute Fire Victim Claims under Section 1.79 of the Plan. Instead, they are general unsecured claims against the Reorganized Debtors, subject to all of the Reorganized Debtors' legal and equitable rights with respect thereto.[3]

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**") seeking entry of an order disallowing and expunging the No Liability Claims.

### IV. ARGUMENT

#### A. The No Liability Claims Should be Disallowed and Expunged

The Omnibus Objections Procedures Order and Bankruptcy Rule 3007(d) permit the Reorganized Debtors to file objections to more than one Proof of Claim if, among other reasons, "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). In accordance with Bankruptcy Rule 3007(e), each of the Claimants on **Exhibit 1** is listed alphabetically, and the claim number and amount are identified. Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of the No Liability Claims.

The No Liability Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Disallowed and Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as one or more of the following:

1. <u>Barred by Statute of Limitations</u>. These Proofs of Claim fail to state a legal basis for recovery against the Reorganized Debtors because the underlying causes of action are barred by the applicable statute of limitations (the "**Barred by Statute of Limitations Claims**"). All of the Barred by

---

[3] On March 29, 2023, the Fire Victim Trustee notified the affected Claimants that the Fire Victim Trustee and the Reorganized Debtors had determined that their Claims were not Fire Victim Claims, as defined in Section 1.79 of the Plan, and instead were general unsecured claims against the Reorganized Debtors, subject to all claims, rights, defenses to, or setoffs or recoupments against such claim that may be available at law or in equity to the Reorganized Debtors.

Statute of Limitations Claims are governed by California law. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. An action for injury to real or personal property must be commenced within three years, Cal. Code Civ. P. § 338(b)-(c), and actions for personal injury and wrongful death, respectively, must be commenced within two years. *Id*. at §§ 335.1 and 377.60. An action for relief on the ground of fraud has a three-year statute of limitations. *Id*. at § 338(d). Finally, any action upon a liability created by statute also must be brought within three years. *Id*. at § 338(a).

The Barred by Statute of Limitations Claims seek damages for injury to property or person,[4] fraud, or statutory violations.[5] However, in all cases the dates of the incidents alleged were more than three years before the Petition Date. Claimants did not commence any actions within the limitations period. Accordingly, under the applicable California statutes of limitations, the Claimants' right to bring each of the Barred by Statute of Limitations Claims against the Reorganized Debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable for the Barred by Statute of Limitations Claims, and they should be disallowed and expunged.

2. <u>Amended and Superseded</u>. The Reorganized Debtors seek to disallow and expunge Claim No. 59027 (the **Amended and Superseded Claim**"), filed on October 17, 2019 by Manuel Cord Jiminez-Padgett. Claim No. 106627 (the "**Surviving Claim**"), also filed by Mr. Jiminez-Padgett on October 29,

---

[4] The other categories of damages (*e.g.* business loss, agricultural loss, economic and noneconomic damages) indicated on the Fire Victim Proof of Claim Form are all derivative of property damage and/or personal injury and are subject to the same statutes of limitations.

[5] Claim No. 72390, filed by Synergy Project Management, Inc., seeks damages arising from alleged fraud and statutory violations by PG&E relating to 2015 gas strikes in the course of excavation and utilities work in San Francisco. Under either theory, the statute of limitations ran in 2018. Synergy argues that its claim is not time-barred because the cause of action did not accrue until Synergy discovered the alleged fraud in December 2018. However, to invoke this discovery rule, a plaintiff must plead facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir. 1994). In other words, plaintiff must affirmatively excuse its failure to discover the fraud within three years by showing that it had not been negligent in failing to make the discovery sooner nor had it had actual or presumptive knowledge of facts sufficient to put it on inquiry. *Bedolla v. Logan & Frazer* 52 Cal. App. 3d 118, 129 (1975). Synergy fails to satisfy this requirement because it does not make any showing, let alone a credible one, excusing its delay.

2020 in the same amount, states on its face that it amends the Amended and Superseded Claim. Accordingly, the Reorganized Debtors are not liable for the Amended and Superseded Claim. The Objection does not affect the Surviving Claim, which was settled on March 24, 2021.

3. <u>Rule 2</u>. Pacific Gas and Electric Company Tariff Electric Rule 2 ("**Rule 2**") sets forth the general contours of the voltage provided to consumers. Rule 2(E) states that customers are responsible for furnishing, installing, inspecting, and keeping in good and safe condition, at their own risk and expense, all protective devices required to protect customers' property. Rule 2(E) further provides that "PG&E shall not be responsible for any loss or damage occasioned or caused by the negligence, or wrongful act of the applicant or of any of his agents, employees or licensees in omitting, installing, maintaining, using, operating or interfering with any such protective devices." The Reorganized Debtors seek to disallow and expunge one No Liability Claim that asserts amounts for damages caused to electronics (the "**Rule 2 Claim**") by a power surge. The Reorganized Debtors are not liable for such damages under Rule 2, and therefore the Rule 2 Claim should be disallowed and expunged.

4. <u>No Liability Based on Investigation</u>. These are Proofs of Claim for which the Reorganized Debtors conducted a thorough review and concluded that there was no basis for liability. The Reorganized Debtors' review of each Proof of Claim consisted of (i) analysis of their books and records and any information submitted in connection with the Proofs of Claim, and (ii) investigation of the facts alleged by the Claimant. In each instance, the Reorganized Debtors discovered no basis for the Claim and therefore determined that it was not valid. Furthermore, all but one[6] of these Claimants filed claims with PG&E's Law Claims Department in advance of the Petition Date. These claims were denied on the basis that PG&E was not liable for the alleged harm.[7]

---

[6] Claim No. 2306, filed by David Mitchell, relates to alleged injuries incurred by Claimant on January 25, 2018. Mr. Mitchell did not contact PG&E prior to filing his Proof of Claim on April 15, 2019. However, on January 24, 2020, he filed a complaint against PG&E in the Superior Court of California, Kern County (the "**State Court Action**"), in violation of the automatic stay. On April 27, 2021, PG&E filed a *Notice of Effective Date of Chapter 11 Plan and Imposition of Plan Injunction* in the State Court Action.

[7] Two of these Proofs of Claim, Nos. 2676 and 8599, both filed by or on behalf of "Hedger Rameriz," are substantively identical to Claim No. 8584, filed by "Hedgar Ramirez." Claim No. 8584 was disallowed and expunged pursuant to the *Order Disallowing and Expunging Proofs of Claim Pursuant*

B.  **The Claimants Bear the Burden of Proof**

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[8] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As discussed above, the Reorganized Debtors submit that the No Liability Claims should be disallowed and expunged because the Reorganized Debtors are not liable for the amounts requested therein. If not disallowed and expunged, No Liability Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled.

---

*to Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 9866] on the basis that the damage alleged had not been caused by PG&E.

[8] On December 15, 2022, the Court entered the *Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and Granting Related Relief* [Docket No. 13363], which extended the Reorganized Debtors' deadline under Section 7.1 of the Plan to bring objections to Claims through and including June 20, 2023. As set forth in the *Order on the RKS Claimants' Motion to Enforce the ADR Procedures Order* [Docket No. 13612], the Reorganized Debtors' forthcoming request for a further extension of this deadline will be heard on June 7, 2023.

## VI. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VII. NOTICE

Notice of this Objection will be provided to (i) holders of the No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 14, 2023

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*