KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Dara L. Silveira (#274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF RENEE RECORDS IN SUPPORT OF REORGANIZED DEBTORS' ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**May 10, 2023, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: May 24, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

I, Renee Records, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Claims Manager at Pacific Gas and Electric Company (the "**Utility**" or "**PG&E**," and, with PG&E Corporation, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the Reorganized Debtors' One Hundred Twentieth Omnibus Objection to Claims (No Liability Claims) (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. As part of my job duties, I manage, administer, and monitor third-party claims, investigations, and incidents for final determination of property damage, bodily injury, and business interruption. I oversee department caseload to ensure integrity and regulatory compliance. I develop and present key analysis and reporting to enterprise officers, operations managers, and clients regarding third-party incidents.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E personnel working under and alongside me on this matter, my discussions with the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

4. The No Liability Claims are identified in the columns headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed to the Omnibus Objection. **Exhibit 1** was prepared by the AlixPartners, LLP ("**AlixPartners**") team charged with the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors from information provided by me, and I have reviewed them to confirm their accuracy. I am familiar with **Exhibit 1**, its contents, and the process under which it was prepared.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Case: 19-30088    Doc# 13671    Filed: 04/14/23    Entered: 04/14/23 09:24:46    Page 2 of 5

5.  The No Liability Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Disallowed and Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as one or more of the following:

a.  Barred by Statute of Limitations. These Proofs of Claim fail to state a legal basis for recovery against the Reorganized Debtors because the underlying causes of action are barred by the applicable statute of limitations (the "**Barred by Statute of Limitations Claims**"). All of the Barred by Statute of Limitations Claims are governed by California law. Pursuant to section 350 of the California Code of Civil Procedure, an action is commenced when a complaint is filed. An action for injury to real or personal property must be commenced within three years, Cal. Code Civ. P. § 338(b)-(c), and actions for personal injury and wrongful death, respectively, must be commenced within two years. *Id*. at §§ 335.1 and 377.60. An action for relief on the ground of fraud has a three-year statute of limitations. *Id*. at § 338(d). Finally, any action upon a liability created by statute also must be brought within three years. *Id*. at § 338(a).

The Barred by Statute of Limitations Claims seek damages for injury to property or person,[2] fraud, or statutory violations.[3] However, in all cases the dates of the incidents alleged were more than three years before the Petition Date. Claimants did not commence any actions within the limitations period. Accordingly, under the applicable California statutes of limitations, the Claimants' right to

---

[2] The other categories of damages (*e.g.* business loss, agricultural loss, economic and noneconomic damages) indicated on the Fire Victim Proof of Claim Form are all derivative of property damage and/or personal injury and are subject to the same statutes of limitations.

[3] Claim No. 72390, filed by Synergy Project Management, Inc., seeks damages arising from alleged fraud and statutory violations by PG&E relating to 2015 gas strikes in the course of excavation and utilities work in San Francisco. Under either theory, the statute of limitations ran in 2018. Synergy argues that its claim is not time-barred because the cause of action did not accrue until Synergy discovered the alleged fraud in December 2018. However, to invoke this discovery rule, a plaintiff must plead facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir. 1994). In other words, plaintiff must affirmatively excuse its failure to discover the fraud within three years by showing that it had not been negligent in failing to make the discovery sooner nor had it had actual or presumptive knowledge of facts sufficient to put it on inquiry. *Bedolla v. Logan & Frazer* 52 Cal. App. 3d 118, 129 (1975). Synergy fails to satisfy this requirement because it does not make any showing, let alone a credible one, excusing its delay.

bring each of the Barred by Statute of Limitations Claims against the Reorganized Debtors expired prior to the Petition Date. Therefore, the Reorganized Debtors are not liable for the Barred by Statute of Limitations Claims, and they should be disallowed and expunged.

      b.    <u>Amended and Superseded</u>. The Reorganized Debtors seek to disallow and expunge Claim No. 59027 (the **Amended and Superseded Claim**"), filed on October 17, 2019 by Manuel Cord Jiminez-Padgett. Claim No. 106627 (the "**Surviving Claim**"), also filed by Mr. Jiminez-Padgett on October 29, 2020 in the same amount, states on its face that it amends the Amended and Superseded Claim. Accordingly, the Reorganized Debtors are not liable for the Amended and Superseded Claim. The Objection does not affect the Surviving Claim, which was settled on March 24, 2021.

      c.    <u>Rule 2</u>. Pacific Gas and Electric Company Tariff Electric Rule 2 ("**Rule 2**") sets forth the general contours of the voltage provided to consumers. Rule 2(E) states that customers are responsible for furnishing, installing, inspecting, and keeping in good and safe condition, at their own risk and expense, all protective devices required to protect customers' property. Rule 2(E) further provides that "PG&E shall not be responsible for any loss or damage occasioned or caused by the negligence, or wrongful act of the applicant or of any of his agents, employees or licensees in omitting, installing, maintaining, using, operating or interfering with any such protective devices." The Reorganized Debtors seek to disallow and expunge one No Liability Claim that asserts amounts for damages caused to electronics (the "**Rule 2 Claim**") by a power surge. The Reorganized Debtors are not liable for such damages under Rule 2, and therefore the Rule 2 Claim should be disallowed and expunged.

      d.    <u>No Liability Based on Investigation</u>. These are Proofs of Claim for which the Reorganized Debtors conducted a thorough review and concluded that there was no basis for liability. The Reorganized Debtors' review of each Proof of Claim consisted of (i) analysis of their books and records and any information submitted in connection with the Proofs of Claim, and (ii) investigation of the facts alleged by the Claimant. In each instance, the Reorganized Debtors discovered no basis for the

Claim and therefore determined that it was not valid. Furthermore, all but one[4] of these Claimants filed claims with PG&E's Law Claims Department in advance of the Petition Date. These claims were denied on the basis that PG&E was not liable for the alleged harm.[5]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this thirteenth day of April, 2023, in San Ramon, California.

/s/ *Renee Records*
Renee Records

---

[4] Claim No. 2306, filed by David Mitchell, relates to alleged injuries incurred by Claimant on January 25, 2018. Mr. Mitchell did not contact PG&E prior to filing his Proof of Claim on April 15, 2019. However, on January 24, 2020, he filed a complaint against PG&E in the Superior Court of California, Kern County (the "**State Court Action**"), in violation of the automatic stay. On April 27, 2021, PG&E filed a *Notice of Effective Date of Chapter 11 Plan and Imposition of Plan Injunction* in the State Court Action.

[5] Two of these Proofs of Claim, Nos. 2676 and 8599, both filed by or on behalf of "Hedger Rameriz," are substantively identical to Claim No. 8584, filed by "Hedgar Ramirez." Claim No. 8584 was disallowed and expunged pursuant to the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fortieth Omnibus Objection to Claims (No Liability / Passthrough Claims)* [Docket No. 9866] on the basis that the damage alleged had not been caused by PG&E.