KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
STEVEN A. LAMB (SBN 132534)
slamb@rovenslamb.com
Telephone: (310) 536.7830
Facsimile: (310) 872.5489
2601 Airport Drive, Suite 370
Torrance, California 90505

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM)* | Case Nos. 19-30088 (DM)<br><br>(Lead Case) (Jointly Administered)<br><br>**PG&E'S REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 9, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Only)<br>   United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102 |

PG&E Corporation ("**Holdco**") and Pacific Gas and Electric Company ("**PG&E**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this Reply Brief in Support of PG&E's Counter-Motion for Summary Judgment.

Notwithstanding the shifting contentions and inapposite law cited by Amir Shahmirza and Komir, Inc. (together, "**Claimant**" or "**Komir**"), the undisputed facts establish that PG&E is entitled to judgment as a matter of law for the following reasons:

1. The PG&E Easements are duly recorded and have not been extinguished.
2. In any event, PG&E has established all necessary elements of a prescriptive easement.
3. Komir's claim was not asserted within the applicable statute of limitations.
4. Komir's claim was discharged in PG&E's 2001 chapter 11 case.

## I. THE PG&E EASEMENTS ARE DULY RECORDED AND HAVE NOT BEEN EXTINGUISHED

Claimant appears to concede that the PG&E Easements are duly recorded. They are attached to the Sullivan Declaration, and Claimant has not objected to them. Accordingly, the PG&E Easements remain in full force and effect unless expressly extinguished.

Claimant argues in response that the Judgment in Condemnation transferred all of what is now the Komir Property to the State in fee simple absolute, without reservation, and then the Hildebrands (having acquired the property from the State) transferred all of the Komir Property to Claimant in fee simple absolute, without reservation. This position is inconsistent with both the available documentation and the irrefutable fact that the transmission lines over the PG&E Easements have been in place for several decades.

The Judgment in Condemnation transferred what is now referred to as the Komir Property to the State "**for state highway purposes, in fee simple absolute, unless a lesser estate is described**." (Dkt. No. 13478-8, at 6 (emphasis added).) The Judgment in Condemnation did not contain similar language condemning PG&E's interest in the PG&E Easements. Instead, it merely provided that any PG&E transmission lines that were in physical conflict with further freeway construction must be relocated in

accordance with state law or PG&E's Master Agreements with the State: "[a]ll cost for relocation of Pacific Gas and Electric Company transmission lines and their appurtenances, as required for freeway construction on the SFO airport property, shall be pursuant to applicable State Law and/or Master Agreements in effect between the State and Pacific Gas and Electric Company." (Dkt. No. 13478-8, at 4.)

Clearly, the transmission lines contained within the PG&E Easements were not in conflict with the freeway construction because it is undisputed that those lines were not relocated from the Komir Property. The June 30, 1987 Director's Deed conveying the Komir Property from the State to the Hildebrands (Claimant's predecessor) states that the conveyance was "[s]ubject to special assessments, if any, restrictions, reservations and easements of record." (Dkt. No. 13478-9, at 8.) It is undisputed that the PG&E Easements were duly recorded and are "easements of record."

Moreover, Claimant is incorrect to assert that the absence of specific reference to the PG&E Easements in the Director's Deed from the State to the Hildebrands somehow proves that the PG&E Easements were extinguished. It is black letter law that recorded easements are enforceable irrespective of whether they are specifically referenced in a deed. Recorded easements pass with the transfer of property, ***irrespective of whether the easements are reflected in the subsequent title conveyance document***. Cal. Civ. Code § 1104[1]; *Kosich v. Braz*, 247 Cal. App. 2d 737 (1967) (where easement is in use and is open and apparent, the subsequent purchaser of the fee is put on notice and takes subject to the easement); *St. Louis v. DeBon*, 204 Cal. App. 2d 464 (1962) (easements appurtenant to land conveyed pass with land without specific mention). A transfer of real property passes all easements attached thereto unless expressly excepted by terms of the deed. *Bartholomae Corp. v. W. B. Scott Inv. Co.*, 119 Cal. App. 2d 41 (1953). The Director's Deed to the Property does not expressly except or even mention any easements. Accordingly, PG&E has been granted the express right to keep and maintain the subject overhead Transmission Lines.

---

[1] "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." Cal. Civ. Code § 1104.

Again, the same surveyor who filed a declaration in support of Claimant's Motion for Summary Judgment acknowledged the existence of the PG&E Easements by attaching to its response to PG&E's Information Request a Chicago Title Plat Map dated March 18, 2018, that expressly refers to the easements for Transmission Lines that traverse the Komir Property. (Dkt. No. 12131-4, at 59.) Tellingly, Claimant fails to address this fact. This admission by Claimant is fatal to Claimant's Motion for Summary Judgment and supports PGE's Counter-Motion for Summary Judgment.

## II. PG&E HAS ESTABLISHED A PRESCRIPTIVE EASEMENT

As PG&E explained in its Motion, even assuming the Judgment in Condemnation extinguished PG&E's interest in the recorded easements (which it did not), PG&E's continued use of the Transmission Lines on the Komir Property for the past 40 years is more than sufficient to establish a claim of prescription. In response, Claimant addresses the requirements of adverse possession, which are irrelevant, rather than those for prescription, which apply here. A prescriptive right to an easement over the real property of another person may be acquired by a showing of an open, continuous, notorious and peaceable use, adverse and under a claim of right, for the statutory period of five years. *Guerra v. Packard*, 236 Cal. App. 2d 272, 288 (1965) (citing *Dooling v. Dabel*, 82 Cal. App. 2d 417, 421 (1947)); *Smith v. Skrbek*, 71 Cal. App. 2d 351, 358 (1945); *O'Banion v. Borba*, 32 Cal. 2d 145, 149-50 (1948); Cal. Civil Code §§ 100, 1006, 1007; Cal. Code Civ. Proc. § 325). Those requirements have been met, *see* PG&E Mot. at 4-5, and Claimant makes no compelling argument otherwise.

## III. THE CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

Claimant concedes that its complaint was not filed within the three-year statute of limitations, but it asserts that it has elected to deem the purported trespass as temporary and abatable, rather than permanent and unabatable. As with Claimant's constantly shifting legal theories and factual assertions, Claimant's decision to "elect" a temporary trespass is inconsistent with Claimant's complaint, which seeks injunctive relief. *See* Complaint at ¶ 55, Dkt. No. 12131-1.

Moreover, Claimant fails to address PG&E's cited authority providing that such an election is not available where, as here, the subject of the purported trespass involves a public utility. *See Spar v. Pac. Bell*, 235 Cal. App. 3d 1480, 1485 (1991) (three-year statute of limitations barred complaint concerning underground telephone lines upon finding of permanent nuisance rather than continuing

nuisance); *see also Spaulding v. Cameron*, 38 Cal. 2d 265, 267 (1952) (Traynor, J.) ("The clearest case of a permanent nuisance or trespass is the one where the offending structure or condition is maintained as a necessary part of the operations of a public utility"); *Capogeannis v. Superior Court*, 12 Cal. App. 4th 668, 678 (1993) ("Regardless of literal abatability, where as a practical matter either abatement or successive lawsuits would be inappropriate or unfair then the nuisance may be regarded as permanent and the plaintiff relegated to a single lawsuit, subject to a single limitation period, for all past and anticipated future harms.").

### IV. KOMIR'S CLAIM WAS DISCHARGED IN THE 2001 CHAPTER 11 CASE

Given that Komir acquired the property prior to the filing of PG&E's first chapter 11 case in 2001 (Case No. 01-30923, the "**2001 Chapter 11 Case**"), any claim for trespass against PG&E has long since been discharged and enjoined. Komir responds that it did not file a proof of claim and was not listed on the schedules of the 2001 Chapter 11 Case. But Komir was an "unknown creditor" that received effective notice of that case through publication. While "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date," courts define this group narrowly. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). A debtor "does not have a 'duty to search out each conceivable or possible creditor and urge that person or entity to make a claim against it.'" *Id.* Rather, a known creditor is only one "whose identity is either known" to the debtor or "can be identified through reasonably diligent efforts." *Id.* (quotation omitted). And reasonable diligence does not require "a vast, open-ended investigation." *Id.* Instead, "[t]he requisite search instead focuses on the debtor's own books and records" and requires nothing beyond "a careful examination of these documents." *Id.* at 347. An unknown creditor, by contrast, is "one whose 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" *Id.* at 346 (alteration in original) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

PG&E would have had no suspicion of a potential claim for trespass or nuisance by Komir at the time of the 2001 Chapter 11 Case, because, as already shown, PG&E's power lines had been in that same location for many years before Komir's purchase of the property. Komir does not present any argument that it or its predecessors the Hildebrands ever raised a potential dispute over PG&E's easement with

PG&E prior to 2018, or that PG&E would have any other reason to believe such claims would exist. Komir was therefore an unknown creditor.

The 2001 Chapter 11 Case remains one of the largest bankruptcy cases in history, and it was the subject of widespread local and national news coverage. While *known* creditors received notice by mail of the claims bar date, the case management order in the 2001 Chapter 11 Case provided that *unknown* creditors like Komir would receive notice by publication, including in the *Wall Street Journal*, the *San Francisco Chronicle*, and the *San Jose Mercury News*, all three of which have a circulation that spans the San Francisco Bay Area. *See Case Management Order (revised June 14, 2001)*, 2001 Chapter 11 Case, Dkt. No. 873. All unknown creditors who received such publication notice, including Komir, would have been under the same obligation as known creditors to file proofs of claim by the bar date in that case. Komir did not do so. The discharge from the 2001 Chapter 11 Case therefore applies to Komir's claims in these Chapter 11 Cases.

## V. CONCLUSION

For all the foregoing reasons, PG&E respectfully requests that the Court (i) deny the Claimant's Motion, (ii) grant PG&E's motion for summary judgment, and (iii) disallow and expunge Proof of Claim Nos. 2090 and 109855.

Dated: April 19, 2023

**KELLER BENVENUTTI KIM LLP**
**ROVENS LAMB LLP**
**LAW OFFICES OF JENNIFER L. DODGE, INC.**

By: _____/s/____Steven A. Lamb_____
Steven A. Lamb

*Attorneys for Debtors and Reorganized Debtors*