```
LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors.<br><br>G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**SUPPLEMENTAL PRE-HEARING EVIDENTIARY OBJECTIONS TO PG&E'S REPLY BRIEF**<br><br>**Date:   May 9, 2023**<br>**Time:  10:00 a.m.**<br>**Place: (Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

Komir, Inc., ("Komir") submits this Supplementary Evidentiary Objection, requests that the Court consider this objection, and hereby objects to the purported evidentiary statements contained in PG&E's Reply to Opposition to Counter-Motion to the Objection (the "Reply") at page 3, lines 1 through 6, and to substantive content of the document referenced therein.

Subject Matter of Objection:

"Again, the same surveyor who filed a declaration in support of Claimant's Motion for Summary Judgment acknowledged the existence of the PG&E Easements by attaching to its response to PG&E's Information Request a Chicago Title Plat Map dated March 18, 2018, that expressly refers to the easements for Transmission Lines that traverse the Komir Property. (Dkt. No. 12131-4, at 59.) Tellingly, Claimant fails to address this fact. This admission by Claimant is fatal to Claimant's Motion for Summary Judgment and supports PG&E's Counter-Motion for Summary Judgment." (Reply, page 3, lines 1 through 6)

Grounds of Objection:

1. The referenced document (Dkt. No. 12131-4, at 59), a plot map type drawing with colored highlighting, is inadmissible for all purposes for the following reasons relating to the form, content and presentation of the document:

    (a) The document is not part of any Policy of title insurance, does not reflect any insured interests, and is not recorded anywhere.

    (b) The document disclaims its content as being any authoritative statement such as attributed to the document by the Reply as the document contains a disclaimer in small print in the lower left-hand corner as follows:

    **"This map/plat is being furnished as an aid in locating the herein described land in relation to adjoining streets, natural boundaries, and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage, or other matters shown thereon."** (Emphasis supplied)

    (c) The document is unauthenticated as none of the pleadings filed by PG&E provides any foundation to satisfy the requirement that the document is what proponent claims it to be and none of PG&E's pleadings contain any testimony as to the preparer of the documents or that person's qualifications, the manner of preparation, the reliability, or any other detail (Rule 901, Federal Rules of Evidence).

    (d) If and to the extent that PG&E refers to the document as expressing any expert opinion, PG&E has not provided any foundation for use of the document as a

**SUPPLEMENTAL PRE-HEARING EVIDENTIARY OBJECTIONS TO PG&E'S REPLY BRIEF** 2

statement of expert opinion as no evidence demonstrates any special knowledge, skill, training or experience of the preparer, whoever that may have been. (Rule 701, Federal Rules of Evidence).

 (e) The document is not stamped by a surveyor, not approved by the County Surveyor, and not eligible for recording.

 (f) If and to the extent that the document would purport to be a survey, which it disclaims, or to the extent that PG&E may be offering document as being a survey, the document fails to conform with the requirements of the Land Surveyor Act (California Business & Professions Code Sections 8726, 8761, and 8762), including without limitation the lack of a Stamp by Licensed Surveyor, and is therefor inadmissable as such.

2. The statement in the Reply mischaracterizes the evidence in that the Reply, while acknowledging that the document was presented as an attachment to a report by Surveyor Mahoney, argues that the inclusion of the (inadmissible) document that references easements constitutes an admission of legal enforceability of easements without disclosing the disclaimer by Surveyor Mahoney regarding inclusion which states:

"NOTE: A folder containing a listing and reproduction of all documents and maps utilized in the analysis for this Report on Title is submitted with this LAND SURVEYOR'S REPORT ON TITLE FOR KOMIR, INC."

Stated differently, contrary to the statement in the Reply, Surveyor Mahoney did not attribute any significance to the document but only stated that he reviewed it as part of a large compilation of materials that he evaluated in concluding that the Property is not subject to any easements in favor of PG&E for transmission lines. Surveyor Mahoney was never the proponent of the drawing for any substantive purpose; rather, Mahoney and his partner prepared, and the County Surveyor approved, adopted, and recorded Record of Survey No. 3259 and 3259-A as the County's survey that

indicates no easements for PG&E transmission lines.  Surveyor Mahoney never acknowledged or "admitted" the existence of PG&E easements.

Respectfully submitted.

Dated: April 26, 2023                                       COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Attorneys for Claimant