| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Richard W. Slack (*pro hac vice*) |
| 2 | (richard.slack@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 3 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 4 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 5 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 6 | Fax: 212 310 8007 |
| 7 | KELLER BENVENUTTI KIM LLP |
| | Jane Kim (#298192) |
| 8 | (jkim@kbkllp.com) |
| | David A. Taylor (#247433) |
| 9 | (dtaylor@kbkllp.com) |
| | Thomas B. Rupp (#278041) |
| 10 | (trupp@kbkllp.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 12 | Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' OMNIBUS MOTION TO ENFORCE THE DISCHARGE AND INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER AGAINST CERTAIN PENDING ACTIONS**<br><br>Date: May 24, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **(Tele/Videoconference Only)**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:**<br>**May 10, 2023, 4:00 pm (Pacific Time)** |

PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E, the "**Debtors**" or "**Reorganized Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105, 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), Sections 4.7, 4.26, 10.3, 10.6, and 10.7 of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be further modified, amended or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**"), and Paragraphs 48, 49, 52, and 53 of the Order dated June 20, 2020, confirming the Plan [Docket No. 8053] (the "**Confirmation Order**"), for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), (i) enforcing the discharge and injunction provisions of the Plan and the Confirmation Order to prohibit certain holders of Fire Victim Claims (as such term is defined in the Plan)[1] from continuing to prosecute such claims against the Debtors or Reorganized Debtors in nineteen actions that remain pending in California state courts as of the date of this Motion (the "**Pending Actions**"); (ii) permitting the

---

[1] A "**Fire Victim Claim**" is defined in Section 1.79 of the Plan to mean "any Fire Claim that is not a Public Entities Wildfire Claim, Subrogation Wildfire Claim, or a Subrogation Butte Fire Claim." A "**Fire Claim**" is defined in Section 1.78 of the Plan as "any Claim against the Debtors in any way arising out of the Fires, including, but not limited to, any Claim resulting from the Fires for (a) general and/or specific damages, including any Claim for personal injury, wrongful death, emotional distress and similar claims, pavement fatigue, damage to culverts, ecosystem service losses, municipal budget adjustments/reallocation, lost revenue and tax impacts, local share of reimbursed fire clean-up costs, future estimated infrastructure costs, water service losses, lost landfill capacity, costs related to unmet housing (e.g., housing market impact due to the Fires and adjustments for increased homeless population), and/or hazard mitigation costs (including, watershed restoration and hazardous tree removal expenses); (b) damages for repair, depreciation and/or replacement of damaged, destroyed, and/or lost personal and/or real property; (c) damages for loss of the use, benefit, goodwill, and enjoyment of real and/or personal property; (d) damages for loss of wages, earning capacity and/or business profits and/or any related displacement expenses; (e) economic losses; (f) damages for wrongful injuries to timber, trees, or underwood under California Civil Code § 3346; (g) damages for injuries to trees under California Code of Civil Procedure § 733; (h) punitive and exemplary damages under California Civil Code §§ 733 and 3294, California Public Utilities Code § 2106, or otherwise, (i) restitution; (j) fines or penalties; (k) any and all costs of suit, including all attorneys' fees and expenses, expert fees, and related costs, including all attorneys and other fees under any theory of inverse condemnation; (l) for prejudgment and/or postpetition interest; (m) other litigation costs stemming from the Fires; and (n) declaratory and/or injunctive relief. For avoidance of doubt and without prejudice to the Debtors' right to object to any such Claim, "Fire Claim" shall not include any (x) Claim for substantial contribution under section 503(b) of the Bankruptcy Code, (y) Subordinated Debt Claim, HoldCo Common Interest or HoldCo Rescission or Damage Claim, or (z) Ghost Ship Fire Claim. The Fire Claims shall not include claims arising from any fire other than the Fires (including, without limitation, the Kincade Fire or any postpetition fire) or any Administrative Expense Claims." "**Fires**" means the fires that occurred in Northern California, listed on Exhibit A to the Plan, which includes the 2018 Camp Fire and the 2017 North Bay Fires.

Reorganized Debtors to seek sanctions in the event the plaintiff in a Pending Action (a "**State Court Plaintiff**")[2] fails to dismiss a Pending Action in accordance with the Proposed Order; and (iii) permitting the Reorganized Debtors, upon entry of the Proposed Order, to file a notice in a form substantially similar to that attached hereto as **Exhibit 3** (the "**Enforcement Order Notice**") in each Pending Action, which notice would include a description of the Proposed Order and reserve the Reorganized Debtors' right to seek sanctions.

In support of the Motion, the Reorganized Debtors submit the Declaration of Keith E. Eggleton (the "**Eggleton Declaration**"), filed contemporaneously herewith.

---

[2] A table of Pending Actions is attached hereto as **Exhibit 2**, which includes (i) each State Court Plaintiff and their counsel of record in their respective Pending Action, (ii) the caption, case number, and court of the relevant Pending Action, (iii) the claims asserted by the State Court Plaintiff, and (iv) the dates on which the Reorganized Debtors sent correspondence requesting dismissal of the claims asserted against the Debtors.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The channeling injunction set forth in Sections 4.6, 4.7, 4.25, 4.26, and 10.7 of the confirmed Plan and Paragraph 53 of the Confirmation Order (collectively, the "**Channeling Injunction**") expressly provides that holders of all Fire Victim Claims "shall have no recourse to or Claims whatsoever against the Debtors or the Reorganized Debtors or their assets and properties" and are permanently enjoined from "commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Debtor or Reorganized Debtor, or any property or interests in property of any Debtor or Reorganized Debtor with respect to any such Fire Claim."

Pursuant to the Plan and Confirmation Order, the Reorganized Debtors funded a trust (the "**Fire Victim Trust**") to satisfy, release, and discharge all claims asserted against the Debtors arising from certain fires, including the 2017 North Bay Fires and the 2018 Camp Fire, other than those held by certain subrogation claimants or public entities. The Channeling Injunction provides that the Fire Victim Trust is the sole source of recovery for Fire Victim Claims. Pursuant to the Plan, Confirmation Order, and Channeling Injunction, Fire Victim Claims, such as those asserted by the State Court Plaintiffs in the Pending Actions, were fully assumed by, and became the sole responsibility of, the Fire Victim Trust, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the court-approved procedures of the Fire Victim Trust. The Channeling Injunction permanently enjoins the State Court Plaintiffs from continuing in any manner whatsoever the Pending Actions against the Debtors.

After the Effective Date of the Plan, the Reorganized Debtors sent correspondence and made multiple efforts to obtain the voluntary dismissal of the actions that remain pending in California state courts in accordance with the Channeling Injunction. As a result of these efforts, many plaintiffs voluntarily dismissed their actions, and the vast majority of the approximately 900 cases relating to the 2017 North Bay Fires and approximately 200 cases relating to the 2018 Camp Fire that were filed in various California Superior Courts throughout Northern California have been dismissed. Some State

Court Plaintiffs, however, have affirmatively refused to dismiss their Pending Actions. Yet others have ignored repeated requests by the Reorganized Debtors and have not responded to correspondence notifying them of their obligation to dismiss their actions pursuant to the Channeling Injunction.

As a result of the failure of the State Court Plaintiffs to abide by the plain terms of the Channeling Injunction, the Plan, and the Confirmation Order, despite repeated correspondence from the Reorganized Debtors and ample opportunity to comply, the Reorganized Debtors have no other option but to bring this Motion.

The dismissal of the Pending Actions pursuant to and consistent with the Channeling Injunction does not leave the State Court Plaintiffs who have filed valid and timely claims in the Chapter 11 Cases without a potential remedy. Specifically, pursuant to the Plan and the procedures governing the Fire Victim Trust, these Fire Victim Claims are being administered and resolved by the Fire Victim Trust, and if the Fire Victim Trust deems such claims entitled to distribution, such Fire Victim Claims will be liquidated, satisfied, and/or paid by the Fire Victim Trust. In any event, pursuant to the Plan and Confirmation Order, there is no further recourse against the Debtors or Reorganized Debtors with respect to the Fire Victim Claims. Accordingly, the Pending Actions must be dismissed.

## II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and Article XI of the Plan. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(d), 524, and 1141 of the Bankruptcy Code and Bankruptcy Rules 1015(c), 3020(d), and 9007.

## III. BACKGROUND

### A. The Chapter 11 Cases

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors filed these Chapter 11 Cases with the goal

of achieving a fair, equitable, and expeditious resolution of billions of dollars in liabilities arising from the 2017 and 2018 Northern California fires and the 2015 Butte Fire. The multitude of pending claims and lawsuits, and the thousands of additional claims that eventually would be asserted, made it abundantly clear that the Utility could not continue to address those claims and potential liabilities in the California state court system, continue to deliver safe and reliable service to its 16 million customers, and remain economically viable. *See Amended Decl. of Jason P. Wells in Support of First Day Motions and Related Relief*, Dkt. No. 263 at 3.

The Court entered the Confirmation Order confirming the Plan on June 20, 2020. The Plan became effective on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

### B. The Fire Victim Trust and Channeling Injunction

Pursuant to the Plan and Confirmation Order, the Debtors funded the Fire Victim Trust, which was created to satisfy, release, and discharge all claims asserted by claimants arising from certain fires, including the 2017 North Bay Fires and the 2018 Camp Fire.

To ensure the Fire Victim Trust would provide fair and equal treatment for all Fire Victim Claims, the Plan and Confirmation Order also imposed the Channeling Injunction, which stayed and enjoined all actions against the Debtors and Reorganized Debtors for Fire Victim Claims, and required that such claims be determined only in accordance with the Plan, Confirmation Order and Fire Victim Trust's procedures and such claimants only receive distributions on their claims from the Fire Victim Trust.

The Plan and Confirmation Order also include other injunctions, including the injunction against *all* holders of claims and interests in the Debtors, who are similarly enjoined from commencing, conducting, or continuing actions on their claims against the Debtors. *See* Plan § 10.6; Confirmation Order ¶ 52.

Section 10.3 of the Plan governs the discharge of Claims against and Interests in the Debtors (the "**Plan Discharge**"), and provides, among other things:

> [u]pon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, the Debtors shall be discharged to the fullest extent permitted by section 1141 of the Bankruptcy Code . . . . Upon the Effective Date, all holders of Claims against or Interests in the Debtors shall be forever precluded

and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or Interest in the Debtors.

Plan § 10.3; Confirmation Order ¶ 49. All Fire Victim Claims were discharged upon the funding of the Fire Victim Trust pursuant to the terms of the Plan and Confirmation Order. Plan §§ 4.7, 4.26; Confirmation Order ¶ 18.

This Court also retained jurisdiction over "all matters arising under, arising out of, and related to the Chapter 11 Cases," specifically including "[t]o issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any Entity with the consummation, implementation, or enforcement of the Plan, the Confirmation Order, or any other order, judgment or ruling of the Bankruptcy Court, including enforcement of the releases, exculpations, and the Channeling Injunction[.]" Plan § 11(f).

C. **The Reorganized Debtors' Efforts to Dismiss the Pending Actions**

Before the Petition Date, approximately 900 cases relating to the 2017 North Bay Fires, and approximately 200 cases relating to the 2018 Camp Fire, were filed against the Debtors in various California Superior Courts in Northern California. Eggleton Decl. ¶ 4. On January 20, 2021, the Honorable Andrew Y.S. Cheng entered an Order dismissing all 559 of those cases that had been coordinated in the complex department of the San Francisco Superior Court as a result of the Channeling Injunction. *Id*. ¶ 4 and Ex. A. With respect to the non-coordinated actions related to the 2017 North Bay Fires and 2018 Camp Fire,[3] over 500 have been voluntarily dismissed in light of the Channeling Injunction. *Id*. ¶ 5. Nineteen Pending Actions arising out of the North Bay Fires and Camp Fire that remain open and pending are the subjects of this motion. *Id.*

Pursuant to the Channeling Injunction, the Reorganized Debtors and their counsel have sent correspondence to counsel for the State Court Plaintiffs in eighteen of the nineteen Pending Actions[4] to

---

[3] The Camp Fire actions were filed shortly before the Reorganized Debtors filed their petitions for bankruptcy and, therefore, were not coordinated.

[4] The nineteenth case is *Sims v. Pacific Gas & Electric Co.*, pending in Butte County Superior Court. *Id*. ¶ 8. Counsel for the plaintiffs in the *Sims* case (Jane Luciano) is also counsel for plaintiff in *Gardner v. Pacific Gas & Electric Co.*, which is one the eighteen cases in which the correspondence described herein was sent. *Id.*

inform them of the Channeling Injunction and made repeated requests to consensually dismiss their respective Pending Actions. *Id*. ¶ 7. A sample of such correspondence is attached hereto as **Exhibit 4**. Efforts by the Reorganized Debtors to help facilitate the State Court Plaintiffs' voluntary dismissal of the Pending Actions included: drafting a voluntary dismissal form for counsel to a State Court Plaintiff; offering to file a signed voluntary dismissal form with authorization from a State Court Plaintiff's counsel; and multiple emails (and sometimes telephone calls) following up with counsel for the State Court Plaintiffs. *Id*. Despite these efforts, the State Court Plaintiffs have either failed to respond or affirmatively refused to dismiss their claims.

On April 19, 2023, the Butte County Superior Court held a case management conference in six of the remaining Pending Actions relating to the 2018 Camp Fire, including the *Sims* and *Gardner* cases. *Id.* ¶ 9. In connection with those conferences, counsel for the State Court Plaintiffs in the *Sims* and *Gardner* cases filed case management statements stating that: "Plaintiff[s] [Sims/Gardner] intend to pursue their case for punitive damages despite threats from Wilson Sonsini demanding that the claim against it be dismissed. Punitive damages are not dischargeable in bankruptcy."[5] *Id.* ¶ 9 and Ex. B.

At the case management conferences, the Butte County Superior Court continued the conferences to August 23, 2023. *Id.* ¶ 10. The court indicated that the Reorganized Debtors could file motions to dismiss the cases. *Id.* Counsel for the Reorganized Debtors informed the court that the Reorganized Debtors would likely file this Motion to address all outstanding actions. *Id.*

## IV. RELIEF REQUESTED

Pursuant to sections 105, 524 and 1141 of title 11 of the Bankruptcy Code, Rules 1015(c), 3020(d), and 9007 of the Bankruptcy Rules, Sections 4.7, 4.26, 10.3, 10.6, and 10.7 of the Plan (defined below) and Paragraphs 48, 49, 52, and 53 of the Confirmation Order, the Reorganized Debtors seek entry of the Proposed Order (i) enforcing the discharge and injunction provisions of the Plan and the

---

[5] This assertion is incorrect. The position of Sims and Gardner is untenable for several reasons, including (a) because "punitive and exemplary damages" are expressly included in the definition of "Fire Claim" (and therefore "Fire Victim Claim" as well) in the Plan and therefore these claims were channeled to the Fire Victim Trust; and (b) the claims were properly discharged as against the Debtors under the Plan.

Confirmation Order to prohibit the State Court Plaintiffs from continuing to prosecute any Fire Victim Claims against the Debtors or Reorganized Debtors in the Pending Actions; (ii) permitting the Reorganized Debtors to seek sanctions in the event a State Court Plaintiff fails to dismiss a Pending Action in accordance with the Proposed Order; and (iii) permitting the Reorganized Debtors, upon entry of the Proposed Order, to file the Enforcement Order Notice in each Pending Action, which notice would include a description of the Proposed Order and reserve the Reorganized Debtors' right to seek sanctions.

## V. BASIS FOR RELIEF REQUESTED

As set forth above, the Plan, which addressed all claims against, and interests in, the Debtors, was confirmed by the Confirmation Order on June 20, 2020, and became effective on the Effective Date of July 1, 2020. The Plan and Confirmation Order, including, without limitation, all discharge, injunction, exculpation, and release provisions contained therein, are binding on all holders of claims against, and interests in, the Debtors and Reorganized Debtors, including the State Court Plaintiffs, regardless of whether the claimant or interest holder voted in favor of the Plan or filed a proof of claim in the Chapter 11 Cases. On the Effective Date, Fire Victim Claims, including those of the State Court Plaintiffs, were channeled via the Channeling Injunction to the Fire Victim Trust, to be administered in accordance with the Fire Victim Trust's court-approved procedures. The Channeling Injunction provides that the Fire Victim Trust is the sole source of recovery for Fire Victim Claims and permanently enjoins holders of such claims, including the State Court Plaintiffs, from taking any action against the Debtors or Reorganized Debtors on account of such claims, including for claims or losses sustained as a result of the October 2017 North Bay Fires or the November 2018 Camp Fire.

The plain terms of the Channeling Injunction preclude the continued prosecution of the Pending Actions. The Channeling Injunction, in pertinent part, provides:

> *[A]ll Entities that have held or asserted, or that hold or assert any . . . Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action* for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Debtor or Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:
>
> (i) *commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim*, against or affecting any Debtor or Reorganized Debtor, or any

property or interests in property of any Debtor or Reorganized Debtor with respect to any such Fire Claim . . .

Plan at § 10.7 and Confirmation Order ¶ 53 (emphasis added).

Because the Channeling Injunction provides that the sole source of recovery for Fire Victim Claims shall be the Fire Victim Trust, and because it permanently enjoins the State Court Plaintiffs from continuing in any manner whatsoever any suit against the Debtors or Reorganized Debtors asserting Fire Victim Claims, all of the Pending Actions must be dismissed with respect to the Debtors and Reorganized Debtors.

Given the number of pending litigations in various courts whose continued prosecution would violate the Channeling Injunction, the Reorganized Debtors submit that an omnibus motion in this Court is the most efficient mechanism through which to enforce this Court's Channeling Injunction.

The injunction provisions of the Plan and Confirmation Order, as well as the relief requested in the Proposed Order, are supported by the Court's broad equitable powers under section 105(a) of the Bankruptcy Code, which authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code (11 U.S.C. § 105(a)), including "to issue both preliminary and permanent injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate." *Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.)*, 885 F.2d 621, 624–25 (9th Cir. 1989).

The Reorganized Debtors further submit that the approval of the Proposed Order is in accordance with the relevant provisions of the Plan and Confirmation Order, and is in the best interests of the Reorganized Debtors, the Debtors' estates, creditors, and all parties in interest.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Cameron M. Gulden, Esq.); (ii) the counsel of record for the State Court Plaintiffs in their respective Pending Action; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in

these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit no further notice is required.

**VII. CONCLUSION**

For the reasons stated above, the Reorganized Debtors respectfully request that this Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 26, 2023

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*