# Exhibit 4

**(Form of Letter)**



Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

October 26, 2022

Larry Peluso
Peluso Law Group, PC
P.O. Box 1971
Newport Beach, CA 92659
pelusolaw@gmail.com

  **Re: Rickaby, et al. v. PG&E Corp., et al.**

Dear Counsel:

  I am writing in connection with the above-referenced litigation against PG&E Corporation and Pacific Gas and Electric Company (collectively "PG&E").

  As you are aware, PG&E filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). By Order dated June 20, 2020 (the "Confirmation Order"), the Bankruptcy Court confirmed the Chapter 11 Plan of Reorganization Dated Date June 19, 2020 (the "Plan"). The Effective Date of the Plan occurred on July 1, 2020, and as a result, the Plan has been substantially consummated.

  Pursuant to section 6.7 of the Plan, PG&E funded a trust for the benefit of holders of Fire Victim Claims (the "Fire Victim Trust"). Section 10.7 of the Plan and paragraph 53 of the Confirmation Order provide that the Fire Victim Trust is the sole source of recovery for your clients. Further, pursuant to Sections 10.6 and 10.7, and paragraphs 52 and 53, holders of Fire Victim Claims are "permanently and forever . . . enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from PG&E" (the "Channeling Injunction").

  In recognition of the terms of PG&E's confirmed Plan and the Channeling Injunction, the vast majority of the cases relating to the Camp Fire already have been voluntarily dismissed. Specifically, there were 184 cases filed in the Superior Courts of Northern California and over 150 cases have been voluntarily dismissed, as they should be, because further prosecution of these actions is prohibited by the Channeling Injunction.

  We have previously sought your clients' voluntary dismissal of this case. On June 1, 2021, we provided your firm with a prepared dismissal form to be executed and filed. Unfortunately, we have still not received a filed copy of the dismissal and, as a result, the Court continues to set Case Management Conferences.

AUSTIN BEIJING BOSTON BOULDER BRUSSELS HONG KONG LONDON LOS ANGELES NEW YORK PALO ALTO
SALT LAKE CITY SAN DIEGO SAN FRANCISCO SEATTLE SHANGHAI WASHINGTON, DC WILMINGTON, DE

Case: 19-30088 Doc# 13685-4 Filed: 04/26/23 Entered: 04/26/23 16:35:45 Page 2 of 8

   To facilitate dismissal of this case, without the need to further burden the Court, we are once again providing a fully prepared dismissal form. Please execute and file it. Thank you.

        Very truly yours,

        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation

        */s/ David A. McCarthy*

        David A. McCarthy



Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

November 30, 2022

Christian Krankemann
Michael Li
Krankemann Law Offices P.C.
420 E St Ste. 100
Santa Rosa, CA 95404-4342

Re:   **North Bay Fire Litigation**

Dear Counsel:

I am writing in connection with the North Bay Fire litigation against PG&E Corporation and Pacific Gas and Electric Company (collectively "PG&E"). Your law office still has numerous open litigation matters. *See* Exhibit A.

As you are aware, PG&E filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). By Order dated June 20, 2020 (the "Confirmation Order"), the Bankruptcy Court confirmed the Chapter 11 Plan of Reorganization Dated Date June 19, 2020 (the "Plan"). The Effective Date of the Plan occurred on July 1, 2020, and as a result, the Plan has been substantially consummated.

Pursuant to section 6.7 of the Plan, PG&E funded a trust for the benefit of holders of Fire Victim Claims (the "Fire Victim Trust"). Section 10.7 of the Plan and paragraph 53 of the Confirmation Order provide that the Fire Victim Trust is the sole source of recovery for your clients. Further, pursuant to Sections 10.6 and 10.7, and paragraphs 52 and 53, holders of Fire Victim Claims are "permanently and forever . . . enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from PG&E" (the "Channeling Injunction").

In recognition of the terms of PG&E's confirmed Plan and the Channeling Injunction, the vast majority of the cases relating to the North Bay Fires have already been dismissed. There were 889 cases filed in the Superior Courts of Northern California. On January 20, 2021, the Honorable Andrew Y.S. Cheng, pursuant to the Plan and Confirmation Order, entered an Order dismissing all 559 of the coordinated lawsuits. If your cases had been coordinated, as your firm was attempting to do prior to the bankruptcy, these cases would be dismissed already. In any event, even with respect to the 330 non-coordinated North Bay Fires actions, over 260 have been voluntarily dismissed, as they should be, because further prosecution of these actions is prohibited by the Channeling Injunction. Indeed, courts have started issuing Orders to Show Cause why remaining cases have not been dismissed. *See*, *e.g.*, Exhibit B.

AUSTIN    BEIJING    BOSTON    BOULDER    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SALT LAKE CITY    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

Case: 19-30088    Doc# 13685-4    Filed: 04/26/23    Entered: 04/26/23 16:35:45    Page 4 of 8

WILSON SONSINI

Christian Krankemann
Michael Li
November 30, 2022
Page 2

      Your law firm has the greatest number of remaining North Bay Fire cases (by far). We are now two-and-a-half years past the Effective Date of the Plan and your law firm's remaining cases need to be dismissed. We have previously sought your clients' voluntary dismissal of these cases. Unfortunately, we have still not received dismissals and these cases continue to sit on the Court's docket notwithstanding the Channeling Injunction.

      Provided herewith is a zip file containing editable pre-prepared dismissal forms to be executed and filed. Please confirm you will handle filing these dismissals. Thank you.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ David A. McCarthy*

David A. McCarthy

| Case Number | Case Name |
|---|---|
| SCV-263250 | Max Salkin |
| SCV-263261 | Catherine Dale-Jablonowski; Michael Jablonowski |
| SCV-263267 | Maurine Killough |
| SCV-263314 | Ian Norstad |
| SCV-263317 | Bryan Butler |
| SCV-263331 | Brian and Buffi Frazier |
| SCV-263332 | Chris and Sarah Keys |
| SCV-263333 | Luis Pena |
| SCV-263334 | Mike and Shannon Griffith |
| SCV-263335 | David Barnes, Carrie Barnes |
| SCV-263336 | Jennifer and Christopher Ross |
| SCV-263337 | Gurcharan Singh and Kulwant Kaur |
| SCV-263338 | Gary Warren |
| SCV-263339 | Ryan and Daniella Beach |
| SCV-263340 | Michael Hammer, Sr. |
| SCV-263341 | Tiffany Jacobs |
| SCV-263342 | Santa Rosa Chandi Pizza, Inc. |
| SCV-263343 | Robin Bailey and Sawitree Matrtrai |
| SCV-263344 | Gregory Moore |
| SCV-263345 | Florence Fay |
| SCV-263346 | Jennifer Tunzi and Gregory Tunzi |
| SCV-263347 | John Martinez |
| SCV-263348 | James Provost |
| SCV-263351 | Todd Barnes and Penelope Barnes |
| SCV-263353 | Rachel Adams |
| SCV-263355 | Martin and Mary Beth Reilley |

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| KEVIN BURNETT et al<br><br>PLAINTIFF (S)<br><br>VS.<br><br>PG&E CORPORATION, A CALIFORNIA CORPORATION et al<br><br>DEFENDANT (S) | **Case Management Department 610<br>Case Management Order**<br><br>**NO.: CGC-18-571849**<br><br>**Order To Show Cause** |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Nov-09-2022 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Dec-20-2022 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file a case management statement prior to the case management conference regarding bankruptcy status or to file dismissal.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: OCT-14-2022                    SAMUEL K. FENG
                                      _____
                                      JUDGE OF THE SUPERIOR COURT

Order To Show Cause
Form 000001