Attachment 1

**ROVENS LAMB LLP**

2601 Airport Drive, Suite 370
Torrance, CA 90505
Telephone: 310.536.7830
Facsimile: 310.872.5026

slamb@rovenslamb.com
310.536.7830

May 1, 2023

<u>By Electronic Mail Only</u>

Lawrence A. Jacobson
COHEN & JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
laj@cohenandjacobson.com

RE: Proof of Claim of Amir Shahmirza in *PG&E Corporation*, Case No. 19-30088 (DM), U.S. Bankruptcy Court, N. D. Cal.

Dear Mr. Jacobson:

I represent PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") in connection with their chapter 11 bankruptcy cases pending before the U.S. Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). I write to set forth PG&E's position regarding Mr. Shahmirza's denial of access to the site.

We have been advised that Mr. Shahmirza has cut and removed the PG&E lock attached to the gate that allows access from Walnut Street to the PG&E Easement for Landscape and Access. Additionally, Mr. Shahmirza has parked buses/limousines up against the gate and throughout the PG&E Easement and denied PG&E access to the easement and the adjacent PG&E substation property.

    Attached is:
1. The Record of Survey prepared by and Mr. Shahmirza's surveyor that clearly reflects the PG&E Easement for Landscape and Access;
2. The PG&E Easement for Landscape and Access (Director's Deed) that provides "the right to use and ingress thereto and access therefrom, and as an appurtenance to the parcel of land described in the deed from the State of California to Pacific Gas and Electric Company dated April 3, 1997 [the PG&E substation property]";
3. Photo blocking access to the gate and parking buses/limousines blocking the gate and throughout the PG&E Easement for Landscape and Access; and
4. Overhead photo of the above.

Demand is hereby made that you ensure that Mr. Shahmirza immediately: (1) allow PG&E to replace the double lock mechanism on the gate so it has full access to the gate; (2) remove all vehicles that block PG&E's vehicular access through the PG&E Easement for Landscape and Access to the appurtenant substation; and (3) confirm that Mr. Shahmirza will not in the future interfere with PG&E's Easement for Landscape and Access to the appurtenant PG&E substation.

The actions of Mr. Shahmirza that currently block access through the PG&E Easement for Landscape and Access present a substantial safety risk by precluding emergency access to the PG&E substation. PG&E requires full access to the substation at all times for safe and reliable substation operations. Interfering with access to the substation poses a risk to PG&E's operations and subjects your client to liability for any damages PG&E may incur as a result of being unable to access the substation.

Kindly confirm this and ensure that this is accomplished no later than May 3, 2023. Refusal to comply will require us to bring this matter to the attention of the Court. All rights are reserved.

        Best regards,

        *S.A. Lamb*

        Steven A. Lamb

cc: David Taylor

Attachment 2



Attachment 3

RECORDING REQUESTED BY
State of California

WHEN RECORDED RETURN TO
Department of Transportation
P. O. Box 7791
San Francisco, California 94120

ATTN: R/W EXCESS LANDS

88171343

RECORDED AT REQUEST OF

DEC 16 12 48 PM '88

WARREN SLOCUM RECORDER
SAN MATEO COUNTY
OFFICIAL RECORDS

3 pp

— SPACE ABOVE THIS LINE FOR RECORDER'S USE —

Documentary Stamp Tax: $0.00

| DISTRICT | COUNTY | ROUTE | POST MILE | NUMBER |
|---|---|---|---|---|
| 4 | SM | 101 | 20.6 | DE-38103-1 |

**DIRECTOR'S DEED**

NOV 1988 03

The STATE OF CALIFORNIA, acting by and through its Director of Transportation, does hereby grant to

PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, AN

EASEMENT for the purposes described herein, upon, over and across

partly

all that real property in the _____ City of San Bruno and all in the _____,

County of _____ San Mateo _____, State of California, described as:

AN EASEMENT (1) with the right to landscape within and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height, together with (2) the right to use for ingress thereto and egress therefrom, and as an appurtenance to the parcel of land described in the deed from State of California to Pacific Gas and Electric Company dated April 3, 1986, and recorded on April 18, 1986, as Recorder's Serial Number 86041007, Official Records of San Mateo County, described as follows:

COMMENCING at the northeasterly corner of the 0.377-acre parcel of land conveyed to City of San Bruno by Director's Deed recorded April 20, 1977 in Volume 7448 at page 455, Official Records of San Mateo County; thence along the easterly line of said parcel S. 05°34'07" E., 111.50 feet to the course with the length of 0.81 of a foot described in said deed; thence along said course and the easterly prolongation thereof N. 84°25'53" E., 115.00 feet; thence S. 17°58'05" W., 88.46 feet; thence S. 85°13'30" W.,

MAIL TAX STATEMENTS TO:
Pacific Gas and Electric Co.
77 Beale Street
San Francisco, CA 94106
FORM RW 02-19 (REV. 3-82)

DOCUMENTARY TRANSFER TAX $ 0.00
☒ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
☐ COMPUTED ON FULL VALUE LESS LIENS & ENCUMBRANCES REMAINING THEREON AT TIME OF SALE.

_____
Signature of declarant or agent determining tax—firm name

CITY OF San Bruno    ☐ Unincorporated

Case: 19-30088   Doc# 13695-1   Filed: 05/04/23   Entered: 05/04/23 13:54:56   Page 7 of 19

80.16 feet to the easterly boundary line of that certain map entitled "Amended Plan of Belle Air Park, San Bruno Station, San Mateo County, California," filed in the Office of the County Recorder of San Mateo County on June 24, 1907, in Book 5 of Maps at page 10; thence along last said line N. 04°38'43" W., 24.52 feet to the southerly line of said 0.377 acre parcel; thence along last said line S. 85°21'17" W., 24.92 feet to the westerly line of that 0.096 acre easement described in said deed; thence along last said line N. 05°34'07" W., 166.57 feet to the northerly line of said parcel; thence along said northerly line, N. 84°25'53" E., 25.00 feet to the point of commencement.

CONTAINING 12,026 square feet, more or less.

There shall be no abutter's rights of access appurtenant to the above-described real property in and to the adjacent State freeway.

The bearings and distances used in the above description are on the California Coordinate System, Zone 3. Multiply the above distances by 1.0000790 to obtain ground level distances.

Grantor, its successors or assigns, shall have the right to use said parcel for purposes not inconsistent with grantee's full enjoyment of the rights hereby granted, provided that grantor, its successors or assigns, shall not erect or construct any building or other structure, or drill or operate any well, within said parcel.

Grantee shall have the further right to install, maintain and use gates in all fences which now cross or shall hereafter cross said parcel.

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto.

Subject to special assessments if any, restrictions, reservations, and easements of record.

This conveyance is executed pursuant to the authority vested in the Director of Transportation by law and, in particular, by the Streets and Highways Code.

WITNESS my hand and the seal of the Department of Transportation of the State of California, this _28th_ day of _November_, 1988.

STATE OF CALIFORNIA
DEPARTMENT OF TRANSPORTATION

APPROVED AS TO FORM AND PROCEDURE

ATTORNEY
DEPARTMENT OF TRANSPORTATION

**ROBERT K BEST**
Director of Transportation

By _Eugene C Burleson_

**EUGENE C. BURLESON**
*Attorney in Fact*

STATE OF CALIFORNIA }
COUNTY OF SACRAMENTO } ss.

On this _28th_ day of _November_, in the year 1988 before me **AGNES M. BOJORQUES**, a Notary Public in and for the State of California, residing therein, duly commissioned and sworn, personally appeared _____**EUGENE C. BURLESON**_____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this instrument as the Attorney in Fact of _____**ROBERT K BEST**_____ Director of Transportation of the State of California, and that he (she) subscribed the name of _____**ROBERT K BEST**_____ as Director of Transportation, and his (her) own name as Attorney in Fact, and that the State of California executed the same.

WITNESS my hand and official seal.



OFFICIAL SEAL
AGNES M. BOJORQUES
Notary Public-California
SACRAMENTO COUNTY
My Comm. Exp. June 21, 1992

_Agnes M. Bojorques_
Notary Public

THIS IS TO CERTIFY That the California Transportation Commission has authorized the Director of Transportation to execute the foregoing deed at its meeting regularly called and held on the 18th day of November, 1988, in the City of Sacramento.

Dated this 23rd day of November, 1988.

for ROBERT I. REMEN
Chief Deputy Director
CALIFORNIA TRANSPORTATION COMMISSION

Case: 19-30088    Doc# 13695-1    Filed: 05/04/23    Entered: 05/04/23 13:54:56    Page 9 of 19

Attachment 4


Case: 19-30088   Doc# 13696-1   Filed: 05/04/23   Entered: 05/04/23 13:54:56   Page 11 of 19

Attachment 5



Attachment 6

# Steven A. Lamb

| | |
|---|---|
| **From:** | Larry Jacobson <laj@cohenandjacobson.com> |
| **Sent:** | Wednesday, May 3, 2023 2:46 PM |
| **To:** | Steven A. Lamb |
| **Cc:** | David Taylor; Thomas Rupp; Larry Jacobson |
| **Subject:** | RE: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Lamb

Yes, I read your email in approximately late morning on Monday, May 1, 2023, while participating in a charity golf event that consumed the entire day.

Yesterday I began drafting a detailed and comprehensive response that explains that PG&E holds no rights as you assert in your letter.

Compare the easement reservation in the State's Deed to Neil and Melanie Hildebrand recorded on June 30, 1987 (easement for landscaping only) with the Director's Deed recorded thereafter on December 16, 1988, to which you refer for your assertions regarding entry for purposes other than landscaping. The State had no ingress/egress rights to transfer to PG&E in December 1988, having transferred the entire fee interest to Hildebrands in June 1987.

When PG&E wanted access for other purposes in April 2018, PG&E leased the area at the rate of $11,500 per month which arrangement it chose to terminate on September 30, 2022. Communications concerning renewal continued in February 2023, but that did not occur. Now, by the demand in your letter, PG&E apparently wants to obtain that access without continuing to pay for it.

This morning I had a doctor appointment so I have a partial day to attempt to complete the response that I will more likely send you tomorrow morning by approximately 10:30 a.m.

Larry Jacobson

Lawrence A. Jacobson
Cohen and Jacobson, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Office Phone: (650) 261-6280
Cell Phone: (650) 642-4906
Fax: (650) 745-0720
Email: laj@cohenandjacobson.com

---

**From:** Steven A. Lamb <slamb@rovenslamb.com>
**Sent:** Wednesday, May 3, 2023 1:06 PM

**To:** Larry Jacobson <laj@cohenandjacobson.com>
**Cc:** David Taylor <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.

Mr. Jacobson:

See email and letter to you of May 1st.

You received and read this email on May 1, 2023 at 1145 a.m.

> Your message
>
> To: Larry Jacobson
> Subject: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.
> Sent: Monday, May 1, 2023 10:55:29 AM (UTC-08:00) Pacific Time (US & Canada)
>
> was read on Monday, May 1, 2023 11:44:45

I subsequently sent you a voicemail asking that you respond and confirm that you would comply with PG&E's request.

As you know, you have not responded.

As I explained, this is a health and safety issue and your client is impermissibly blocking access to the gate that allows access to the PG&E Easement for landscape and access and the appurtenant access to the PG&E substation.

We reserve all rights and trust that you will respond and comply immediately so we can avoid alerting the Court.

Regards
lamb




**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

2

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies. Thank you.

**From:** Steven A. Lamb <slamb@rovenslamb.com>
**Sent:** Monday, May 1, 2023 10:55 AM
**To:** Lawrence A. Jacobson (laj@cohenandjacobson.com) <laj@cohenandjacobson.com>
**Cc:** David Taylor <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.

# Mr. Jacobson:
# See below and attached. Pleaase contact me at your earliest convenience so we can resolve this.

By Electronic Mail Only

Lawrence A. Jacobson
COHEN & JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
laj@cohenandjacobson.com

RE:   Proof of Claim of Amir Shahmirza in *PG&E Corporation*, Case No. 19-30088 (DM), U.S. Bankruptcy Court, N. D. Cal.

Dear Mr. Jacobson:

I represent PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") in connection with their chapter 11 bankruptcy cases pending before the U.S. Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). I write to set forth PG&E's position regarding Mr. Shahmirza's denial of access to the site.

We have been advised that Mr. Shahmirza has cut and removed the PG&E lock attached to the gate that allows access from Walnut Street to the PG&E Easement for Landscape and Access. Additionally, Mr. Shahmirza has parked buses/limousines up against the gate and throughout the PG&E Easement and denied PG&E access to the easement and the adjacent PG&E substation property.

    Attached is:
1. The Record of Survey prepared by and Mr. Shahmirza's surveyor that clearly reflects the PG&E Easement for Landscape and Access;
2. The PG&E Easement for Landscape and Access (Director's Deed) that provides "the right to use and ingress thereto and access therefrom, and as an appurtenance to the parcel of land described in the deed from the State of California to Pacific Gas and Electric Company dated April 3, 1997 [the PG&E substation property]";
3. Photo blocking access to the gate and parking buses/limousines blocking the gate and throughout the PG&E Easement for Landscape and Access; and
4. Overhead photo of the above.

Demand is hereby made that you ensure that Mr. Shahmirza immediately: (1) allow PG&E to replace the double lock mechanism on the gate so it has full access to the gate; (2) remove all vehicles that block PG&E's vehicular access through the PG&E Easement for Landscape and Access to the appurtenant substation; and (3) confirm that Mr. Shahmirza will not in the future interfere with PG&E's Easement for Landscape and Access to the appurtenant PG&E substation.

The actions of Mr. Shahmirza that currently block access through the PG&E Easement for Landscape and Access present a substantial safety risk by precluding emergency access to the PG&E substation. PG&E requires full access to the substation at all times for safe and reliable substation operations. Interfering with access to the substation poses a risk to PG&E's operations and subjects your client to liability for any damages PG&E may incur as a result of being unable to access the substation.

Kindly confirm this and ensure that this is accomplished no later than May 3, 2023. Refusal to comply will require us to bring this matter to the attention of the Court. All rights are reserved.

    Best regards,


    Steven A. Lamb

cc: David Taylor




**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

4

Case: 19-30088    Doc# 13695-1    Filed: 05/04/23    Entered: 05/04/23 13:54:56    Page 18 of 19

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

============================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies. Thank you.