**SULLIVAN HILL REZ & ENGEL**
A Professional Law Corporation
James P. Hill, SBN 90478
Gary B. Rudolph, SBN 101921
Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-4100
Facsimile: (619) 231-4372
E-mail: hill@sullivanhill.com;
  rudolph@sullivanhill.com
  hawkins@sullivanhill.com
Counsel for Certain Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(lead case)<br>(jointly administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY CERTAIN CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Place: Telephonic/Video Appearances Only: United States Bankruptcy Court<br>  450 Goldengate Avenue<br>  Courtroom 16, 17th Flr<br>  San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br>**Objection Deadline:**<br>**May 19, 2023**<br><br>(May 22, 2023 if served by mail– FRBP 9006(f)) |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES**:

Frantz Law Group, APLC, represents thousands of victims of the fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire"). This motion is filed on behalf of the claimants (collectively, "Claimants") listed on **Exhibit "A"** to the Declaration of Regina Bagdasarian filed concurrently herewith ("Bagdasarian Declaration") to deem timely the late filing of their Proofs of Claim ("Motion").

## I. FACTUAL BACKGROUND

Each of the Claimants is a victim of one of the fires listed above. Each of the Claimants suffered enormously as a result of the fires. Each holds a claim against the Fire Victims Trust ("Trust") and is clearly deserving of compensation.

On September 20, 2022, the Court entered an order (ECF 12983) providing that certain claimants, including the Claimants at issue in this Motion, had until September 30, 2022 to file Proofs of Claim and notify the Fire Victim Trustee ("Trustee") about such filing.

On the same date, the Court entered another order (ECF 12985) providing that certain other of the Claimants had until September 30, 2022 to file Proofs of Claim and notify the Trustee about such filing.

Despite the foregoing, the proofs of claim were not filed with the Court timely. This was purely a result of inadvertence. The law firm representing the Claimants at the time DID file Proofs of Claim as exhibits in connection with the pleadings that led to the two orders described above.[1] The law firm did NOT, however, file the Proofs of Claim properly–as stand-alone Proofs of Claim on the claims register. See the Declaration of

---

[1] Proofs of Claims were filed as exhibits for all Claimants except Michael and Sharan Keene.

Regina Bagdasarian filed concurrently herewith ("Bagdasarian Declaration"), ¶ 2.

That filing and notice is now complete. <u>See</u> the Bagdasarian Declaration, ¶ 3

Because the late filing of the claims was a consequence of excusable neglect and made in good faith, and because the delay will cause no prejudice to these fully solvent debtors or the Trust, this Motion should be granted and the Court should enter an order in substantially the form attached as Exhibit 1 hereto deeming the Claimants' Proofs of Claim to have been timely filed. <u>See</u> the Bagdasarian Declaration, ¶ 4.

Pursuant to this Court's Revised Order Consolidating Motions to File Late Claims [ECF 13010], **the deadline for any party, including the Fire Victims Trust ("FVT"), to oppose this Motions is May 19, 2023** (*i.e.*, "within 14 days of the filing of the motion"), or by May 22, 2023 if served by mail pursuant to FRBP 9006(f).

> If the FVT objects to any such motion(s), it needs to file its objection as required by the Consolidation Orders, including a brief statement of the nature of the objection. The objection(s) should be filed and served on the movant or counsel, and should include a notice that the objection(s) will be heard on the next regular PG&E all-purpose calendar date that is at least fifteen (15) days from the date of the objection. Available dates in 2022 are: November 2, 15, 30, December 13, 20 and later dates are posted on the court's website. The hearings will be governed by B.L.R. 9014-1(b)(3)(C).

ECF 1310, ¶ 3.

## II. LEGAL AUTHORITY

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 388 (1993). Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." <u>Id</u>. at 394–95 ("Had

respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

Courts considering whether a creditor's failure was the product of "excusable neglect," should take into "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395; see also Corning v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1006 (9th Cir. 2006) (noting the non-exhaustive list of relevant factors set forth in Pioneer). A proof of claim filed late is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. See Zilog Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the Pioneer factors). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, as well as those caused by intervening circumstances beyond the party's control." Pioneer, 507 U.S. at 381. The test for excusable neglect is "at bottom an equitable [inquiry]." Pioneer Inv. Servs. Co., 507 U.S. at 395.

### III. ARGUMENT

Here, all four Pioneer factors weigh in favor of deeming the claims to be timely filed.

**No Prejudice**

First, doing so will not prejudice these debtors or the Trust. The value of the claims is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors will be paid. See the Bagdasarian Declaration,¶ 5. See In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is

solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Making this point of no prejudice abundantly clear, counsel for the Trust has informed the Claimants that the Trust will be filing a certificate of nonopposition. See the Bagdasarian Declaration,¶ 6.

### No Impact on the Proceedings

Second, despite the late filing, allowing the claims will have essentially zero impact on the judicial proceedings and will not change the debtors' reorganization process or the administration of the Trust. There are tens of thousands of similarly situated claimants. The Claimants' claims will be placed among them, resulting in no noticeable impact upon the distribution process. See the Bagdasarian Declaration, ¶ 7; see also In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

### Claimants Should Not Be Penalized for Firm's Inadvertence

Third, as to the reason for the delay, the law firm's failure to file the claims timely was purely a result of inadvertence–for which the Claimants should not suffer a result as draconian as disallowance. It was clearly not within the control of the Claimants. See the Bagdasarian Declaration, ¶ 8.

### Claims in Good Faith

Fourth, the claims were made in good faith. There is no allegation otherwise, and as described above, the Claimants have been informed by counsel for the Trust that the Trust will be filing a certificate of nonopposition to the Motion. See the Bagdasarian Declaration,¶ 9.

It is abundantly clear that the four Pioneer factors weigh strongly in favor of deeming the claims to be timely filed.

Case: 19-30088    Doc# 13701    Filed: 05/05/23    Entered: 05/05/23 11:36:24    Page 5 of 11
#5468723v4

## IV. CONCLUSION

For the foregoing reasons, this Motion should be granted, and the Court should enter an order in substantially the form attached as **Exhibit "1"** hereto deeming the Claimants' Proofs of Claim to have been timely filed.

Dated: May 5, 2023

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By: */s/ Christopher V. Hawkins*
James P. Hill
Christopher V. Hawkins
Counsel for Certain Claimants

**Exhibit 1**

**SULLIVAN HILL REZ & ENGEL**
**A Professional Law Corporation**
James P. Hill, SBN 90478
Gary B. Rudolph, SBN 101921
Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-4100
Facsimile:   (619) 231-4372
E-mail:  hill@sullivanhill.com;
          rudolph@sullivanhill.com
          hawkins@sullivanhill.com
Counsel for Certain Claimants

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION

-and-

PACIFIC GAS AND ELECTRIC COMPANY,

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric Company

■ Affects both Debtors

) Case No. 19-30088 (DM)
) Chapter 11
) (lead case)
) (jointly administered)
)
) **ORDER ON MOTION TO**
) **ALLOW/DEEM TIMELY LATE**
) **FILING OF PROOF OF CLAIM**
) **BY CERTAIN CLAIMANTS**

/ / /
/ / /
/ / /
/ / /

1   The Court having considered the *Motion to Allow/Deem Timely Late Filing of*
2   *Proof of Claim* filed by those claimants listed on **Exhibit "A"** hereto ("Claimants");
3   and good cause appearing therefor,
4       IT IS HEREBY ORDERED THAT the claims of the Claimants are deemed
5   timely filed with the Court and noticed to the Fire Victims Trust.

** END OF ORDER**

EXHIBIT "A"

| Name as it will appear in the Motion | Claim No. |
|---|---|
| Bryan Navarro | ASHVP27402[[CSLT# 4025#CF]] |
| Jason Navarro | ASHVP27402[[CSLT# 4025#CF]] |
| Heather Navarro | ASHVP27402[[CSLT# 4025#CF]] |
| Kelly Navarro | ASHVP27402[[CSLT# 4025#CF]] |
| Vincent Raczynski | FOSOL27402[[CSLT# 4025#CF]] |
| Lisa Raczynski | FOSOL27402[[CSLT# 4025#CF]] |
| Linnise Maria Montgomery | EOSZE27402[[CSLT# 4025#CF]] |
| David Montgomery | EOSZE27402[[CSLT# 4025#CF]] |
| Jesse McCord | GFRED27402[[CSLT# 4025#CF]] |
| Christa McCord | GFRED27402[[CSLT# 4025#CF]] |
| Tenli McCord | GFRED27402[[CSLT# 4025#CF]] |
| Viggo McCord | GFRED27402[[CSLT# 4025#CF]] |
| Luke McCord | GFRED27402[[CSLT# 4025#CF]] |
| Jason McCord | SCVLT27402[[CSLT# 4025#CF]] |
| Jordan McCord | SCVLT27402[[CSLT# 4025#CF]] |
| Taylor McCord | SCVLT27402[[CSLT# 4025#CF]] |
| Maria McCord | SCVLT27402[[CSLT# 4025#CF]] |
| Atilavea Togafau | SCVLT27402[[CSLT# 4025#CF]] |
| Kealia McCord | !***F27402[[CSLT#4025#CF]] |
| Gary Lynn Koch | FZUXO27402[[CSLT# 4025#CF]] |
| Lorraine Gail Koch | FZUXO27402[[CSLT# 4025#CF]] |
| Michael Keene | UE*AN27402[[CSLT# 4025#CF]] |
| Sharan Keene | UE*AN27402[[CSLT# 4025#CF]] |
| Tyler Allen Dwelle | VVUWZ27402[[CSLT #4025#CF]] |