1 | LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
2 | COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
3 | San Mateo, CA 94402
Telephone: (650) 261-6280
4 | laj@cohenandjacobson.com

5 | Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **CLAIMANT'S OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT** |
| Debtors. | |
| G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | **Date:** May 9, 2023<br>**Time:** 10:00 a.m.<br>**Place:** (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following Opposition to PG&E's Supplemental Reply Brief in Support of Counter-motion for Summary Judgment.

I. **THE "PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT":**

   A. **IS NOT A "REPLY" TO ANYTHING AT ISSUE IN EITHER KOMIR'S MOTION FOR SUMMARY JUDGMENT OR PG&E'S COUNTER MOTION,**

   B. **IS UNTIMELY, AND**

   C. **IS WHOLLY UNSUPPORTED.**

Claimant submits that the "Reply" brief should be stricken and disregarded for each and all of the reasons discussed below.

   A. **The "Reply" Brief Concerns a Purported Land Access to Cross the Komir Property and Has No Relation to the Issue of Electricity Transmission Lines.**

By its Motion for Partial Summary Judgment, Claimant seeks this Court's order determining that a Judgment of Condemnation and an Order of Condemnation extinguished any prior easements for electricity transmission lines. See Claimant's Points and Authorities in Support of Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and Claimant's Response Thereto, page 5, line 6 through page 6, line 14 (Docket No. 13695).

By their Counter-Motion for Summary Judgment, Debtors seek an order determining a right of Debtors to maintain electricity transmission lines across Claimant's property based upon a purported "prescriptive easement." See PG&E's Opposition to Motion for Partial Summary Judgment and Counter-motion for Summary Judgment; Memorandum of Points and Authorities, page 4, line 25 through page 5, line 12 (Docket No. 13567).

Although the "Reply" brief does not seek any relief, the subject matter of that pleading is the assertion that PG&E has a "right to travel over and through the PG&E Easement for Landscaping and Access and into the PG&E Substantion" that is located on adjacent property. (Reply Brief, page 2, lines 15-17). The "Reply" complains that Claimant is not allowing PG&E across Claimant's

property and disputes (with no authorities cited) Claimant's contention that PG&E has no right to do so.

The legal issue, discussed further below, arises from PG&E's faulty assertion that it holds rights purportedly transferred to it by the State of California after the State had previously transferred its entire fee interest to Komir, Inc.'s predecessor in interest by Director's Deed to Neil and Melanie Hildebrand (the "Hildebrand Deed"). Whereas the Hildebrand Deed transferred the State's entire fee interest except for a small, limited landscaping-only easement for PG&E, PG&E now apparently claims that after the State's conveyance to Hildebrand it obtained from the State an entirely different easement covering a larger area of land for the different purpose of access to its adjacent substation. The State held no such broader interests to convey to PG&E.

If a dispute exists regarding that issue, that dispute in not the subject of the pending Motion or Counter-Motion.

### B. The "Reply" Brief Is Untimely.

The last day for PG&E to file any briefs was April 19, 2023, on which day PG&E filed its Reply Brief. See Order Approving Stipulation to Modify Schedule Regarding Motions for Summary Judgment on Claim of Amir Shahmirza, page 2, lines 12-13 (Docket No. 13630).

The unilateral filing of the "Reply" brief on May 4, 2023, five (5) days prior to the hearing, is untimely.

Claimant requests that the Court strike the Reply Brief.

### C. The "Reply" Brief's Erroneous Statements Are Unsupported.

Debtors have not filed any declarations or other form of competent evidence to support its contentions.

### II. THE FACTUAL ASSERTIONS IN THE "REPLY" BRIEF ARE INCORRECT.

Claimant submits the Declaration of Amir Shahmirza in Support of Opposition to PG&E's Supplemental Reply Brief in Support of Counter-motion for Summary Judgment Filed on May 4,

2023.

The Shahmirza Declaration and exhibits referenced therein establish the following:

1. PG&E did not use Komir's Property "for decades" for access to its substation but, to the contrary, PG&E leased a portion of the Komir Property when it sought access to its substation.

2. PG&E paid to Komir the sum of $11,500 per month for the ability to use a portion of Komir's property for access to its substation from April, 2018, to August 30, 2022.

3. When Shahmirza discovered that PG&E had a lock on the access gate on September 1, 2022, and complained, PG&E responded that it would immediately send a mechanic to remove the lock and authorizing Shahmirza to cut the lock off the gate. PG&E did send a mechanic who did remove the lock.

4. PG&E's representative engaged in discussion with Shahmirza after August, 2022, regarding entering into a new agreement for access to its substation but, aware that Komir would other rent to a third party, declined to do so.

5. PG&E has access to its substation across property owned by the City of San Bruno.

6. PG&E also has the alternative of accessing on the North and East sides.

7. PG&E has no need to access the Komir Property for landscaping because it paved the entire area.

8. PG&E has existing access to the Substation through a gate that PG&E installed on the Seventh Avenue side of the Substation (not Komir Property). The Substation is otherwise open terrain accessible from the West, North, and East, excepting only the Komir Property on the South side.

While no motion is presently pending in this Court, or in any other court, concerning these issues, Komir submits its statement of the basic facts as a matter of caution and to negate any mis-impression that the "Reply" brief might otherwise create.

## III. PG&E HOLDS NO LEGAL RIGHTS TO CROSS CLAIMANT'S PROPERTY TO ACCESS ITS SUBSTATION FOR MAINTENANCE.

Notwithstanding the time constraints presented by Debtors' demand regarding access, Claimant's counsel promptly responded to the request from Debtor's counsel to provide a response concerning Claimant's refusal to allow access across its property on demand and without a continuing agreement as discussed above. See Declaration of Lawrence A. Jacobson in Support of Opposition to PG&E's Supplemental Reply Brief in Support of Counter-motion for Summary Judgment Filed on May 4, 2023 filed herewith.

The response by Claimant's counsel is copied below and sets forth a detailed and comprehenisve response as follows:

"Dear Mr. Lamb:

I write to you on behalf of Komir, Inc., owner of the property commonly known as 800 Walnut Street, San Bruno, California (the "Property"), and on behalf of Amir Shahmirza to whom you also refer, to respond to your letter dated May 1, 2023.

### No "Landscaping" Required for Asphalt Paving

Your letter is perplexing as it states a demand for access pursuant to a Landscaping Easement to a small (approximately 7,840 square feet) portion of the Property (the "Landscaping Area") from which PG&E previously removed all vegetation and then covered it with asphalt as depicted in the photograph attached to your letter. In this response, Komir, Inc., does not address the issue of abandonment of the easement for landscaping purposes but rather focuses on the fundamental invalidity of any rights under the Landscaping Easement for any other purpose.

There is no need to perform any landscaping on the asphalt.

Correspondingly, there is no need for ingress or egress to the asphalt.

### The Purported Easement for Ingress/Egress to the Substation Is Invalid Because The State Had Transferred All Rights Other Than for Landscaping Prior the Date of the Director's Deed to Which You Refer.

At best, the Director's Deed is a contrived document that purports to grant rights no longer owned by the grantor and to do so with respect to an area of physical dimensions in excess of the area as to which the grantor retained any limited landscaping rights.

With respect to the "Easement" referenced in the Director's Deed that you attached to your correspondence, the scope of that Easement is constrained by the reservation in the prior Director's Deed from the State to Neil and Melanie Hildebrand (the "Hildebrand Deed"), the predecessors in interest to Komir, Inc., that was recorded on June 30, 1987.

**CLAIMANT'S OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT** 5

Case: 19-30088   Doc# 13704   Filed: 05/08/23   Entered: 05/08/23 19:09:59   Page 5 of 8

The <u>Hildebrand Deed</u> contains a reservation of easement for grant to PG&E to the following extent:

> "(b) Subject to **AN EASEMENT**, granted or to be granted to Pacific Gas and Electric Company, a California corporation, **for the right to landscape and access and in connection therewith to plant, grow and care for shrubs and trees , not to exceed fifteen (15) feet in height, within the following described parcel of land**:
>
> COMMENCING at the northwesterly corner of that 2. 214-acre parcel of land described above; thence along the northerly line of said 2.214-acre parcel, N. 84° 25' 53" E., 114.19 feet; thence s. 17°58'05" W., 88.46 feet; thence S. 85°13' 30" W., 80.16 feet to the westerly line of said 2.214-acre parcel; thence along last said line N. 4°38' 43 " W., 80,00 feet to the point of commencement.
>
> **CONTAINING <u>0.180</u> of an acre**, more or less." (Emphasis supplied)

Any grant of any other, further, or different interests relating to the easement described immediately above could only be granted by the Hildebrands who did not make any grants to PG&E.

The "Easement" which you reference in your letter dated May 1, 2023, does not conform to the Hildebrand Deed and the State had no authority to expand the language of the "Easement" as purports to appear in the illusory Director's Deed recorded on December 16, 1988. The surplusage is ineffectual.

The Director's Deed to which you refer exceeds the scope of rights retained by the State for granting any easement to PG&E to the extent of the language striken in red as follows:

> "AN EASEMENT ~~(1) with the~~ right to landscape within and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height, ~~together with (2) the right to use for ingress thereto and egress therefrom, and as an appurtenance to the parcel of land described in the deed from State of California to Pacific Gas and Electric Company dated April 3, 1986, and recorded on April 18, 1986, as Recorder's Serial Number 86041007, Official Records of San Mateo County, described as follows:~~
>
> ~~COMMENCING at the northeasterly corner of the 0.377- acre parcel of land conveyed to City of San Bruno by Director's Deed recorded April 20, 1977 in Volume 7448 at page 455, Official Records of San Mateo County; thence along the easterly line of said parcel S. 05°34'07" E., 111.50 feet to the course with the length of 0.81 of a foot described in said deed; thence along said course and the easterly prolongation thereof N. 84°25'53" E., 115.00 feet; thence S. 17°58'05" W., 88.46 feet; thence S. 85°13'30" W., 80.16 feet to the easterly boundary line of that certain map entitled "Amended Plan of Belle Air Park, San Bruno Station, San Mateo County, California," filed in the Office of the County Recorder of San Mateo County on June 24, 1907, in Book 5 of Maps at page 10; thence along last said line N. 04°38'43" W., 24.52 feet to the southerly line of said 0.377 acre parcel; thence along last said lines. 85°21'17" W., 24.92 feet to the westerly line of that 0.096 acre easement described in said deed; thence along last said line N. 05°34'07" W., 166.57 feet to the northerly line of said parcel; thence along said northerly line, N. 84°25'53" E., 25.00 feet to the point of commencement.~~
>
> ~~CONTAINING 12,026 square feet, more or less.~~

The Director's Deed is ineffectual to the extent that it (a) purports to grant to PG&E rights that the State of California did not hold as all interests other than the limited retention for landscaping (only) had been conveyed to the Hildebrands and (b) purports to grant an interest in 12,026 square feet whereas the State had retained for grant of landscaping easement only 7,840 square feet (acre = 43,560 square feet x .18 = 7,840).

### PG&E's Demand Exceeds the Scope of Landscaping Activities and Seeks Access for Other Purposes for Which PG&E Knows It Has No Entitlement

Your letter makes demand for entry for an entirely different purpose that you state as being access for maintenance of the adjacent PG&E substation with a corresponding demand that Komir, Inc., "remove all vehicles that block PG&E's access to the appurtenant substation..."

Again, the easement is just what you describe it to be and that the name bespeaks: a right to perform landscaping activities on an area that is covered with asphalt. The easement does not provide any rights for the use that you describe, namely some form of permanent entry for utility maintenance on adjacent property.

The history of PG&E's use of this Landscaping Area is informative.

Previously, i.e., during the period from April, 2018, to December, 2019, when PG&E desired the type access that you describe in your letter of May 1, 2023, PG&E leased the area under a Temporary Construction Easement ("TCE") at the rental rate of $11,500 per month. PG&E requested and obtained extensions of the TCE and then chose to terminate its lease of the Landscaping Area effective September 30, 2022 (sic)[1].

Now, apparently, PG&E wants to use the Property for non-landscaping substation maintenance or improvement purposes free of charge. Komir, Inc., declines to allow that non-compensatory use.

PG&E has been aware of its limited landscaping rights as recently as the exchange of emails between Mr. Shahmirza and Ms. Vanessa Brown, a PG&E land agent in September, 2022, and again in February, 2023.

Ms. Brown, being aware of the termination of the prior TCE, communicated with Mr. Shahmirza in September, 2022, concerning the possibility of PG&E entering into a new TCE sometime in mid-2023. Ms. Brown indicated in her email of February 27, 2023, that she did not think that PG&E would be renting the Landscaping Area but that she was not sure and would let Mr. Shahmirza know if PG&E did desire to lease the Landscaping Area again.

Their exchange of correspondence included reference to Komir, Inc.'s alternative use of renting the Landscaping Area to a third party that would render the area unavailable for another TCE for PG&E. PG&E chose not to enter into another TCE and Komir, Inc., rented the Landscaping Area to the third party that has placed vehicles on the Landscaping Area.

Having chosen not to continue to pay for maintenance access to its substation, PG&E now sends your letter demanding the free use of the Landscaping Area for access to which Komir, Inc., having offered PG&E the opportunity to continue to lease, does not consent.

---

[1] The letter erroneously refers to a termination date of September 30, 2022, whereas the arrangement terminated on August 31, 2022.

Aware of its limited landscaping easement, PG&E's recent activity at the substation reflects its plan to obtain maintenance access through an arrangement with the City of San Bruno that appears to be in progress.

          Sincerely,

          Lawrence A. Jacobson"

**Conclusion**

The "Reply" Brief is untimely, unsupported, and factually incorrect and its "demand" is legally unsustainable.

Respectfully submitted.

Dated: May 8, 2023            COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Lawrence A. Jacobson
Attorneys for Claimant.

**CLAIMANT'S OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF**
**IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT**    8

Case: 19-30088    Doc# 13704    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 8 of 8