LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
*laj@cohenandjacobson.com*

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **DECLARATION OF LAWRENCE A. JACOBSON IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023** |
| Debtors. | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ■ Affects both Debtors | |
| | **Date:** May 9, 2023 **Time:** 10:00 a.m. **Place:** (Tele/Videoconference Appearances Only) **United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102** |

DECLARATION OF LAWRENCE A. JACOBSON IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

1

Case: 19-30088   Doc# 13704-1   Filed: 05/08/23   Entered: 05/08/23 19:09:59   Page 1 of 23

I, Lawrence A. Jacobson, declare:

1.     I am one of the attorneys for Claimant, Komir, Inc., herein.

2.     On Monday morning, May 1, 2023, while away from my office for personal reasons for the entire day, I received an email from counsel for Debtors, copy attached as Exhibit A.

3.     On Monday afternoon, May 1, 2023, I received a further email from counsel for Debtors, copy attached as Exhibit B.

4.     As requested, on Wednesday, May 3, 2023, I responded to counsel for Debtors with a substantive statement of response, by email, copy attached as Exhibit C, in which I advised I would provide a detailed and comprehensive response the following day.

5.     On Thursday afternoon, May 4, 2023, I transmitted to counsel for Debtors my letter attached as Exhibit D providing the further detailed, comprehensive response that I incorporate in this Declaration as opposition to PG&E's Supplemental Reply Brief that I received in the afternoon of May 4, 2023.

I have personal knowledge of the facts stated herein and can competently testify thereto.

Executed at Burlingame, California, on the 8th day of May, 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                             */s/ Lawrence A. Jacobson*
                             Lawrence A. Jacobson

DECLARATION OF LAWRENCE A. JACOBSON IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF
IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

2

# EXHIBIT A

| From: | Steven A. Lamb |
|---|---|
| To: | Larry Jacobson |
| Cc: | David Taylor; Thomas Rupp |
| Subject: | Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S. |
| Date: | Monday, May 1, 2023 10:55:38 AM |
| Attachments: | 20230501.ltr to Jacobson re access.pdf |
| | 1.Record of Survey 3259.pdf |
| | 2.PG&E Landscape Easement - Director"s Deed.pdf |
| | 4.overhead photo.pdf |

## Mr. Jacobson:

## See below and attached. Pleaase contact me at your earliest convenience so we can resolve this.

-
-
-

**By Electronic Mail Only**

Lawrence A. Jacobson
COHEN & JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
laj@cohenandjacobson.com

RE:  Proof of Claim of Amir Shahmirza in *PG&E Corporation*, Case No. 19-30088 (DM), U.S.
    Bankruptcy Court, N. D. Cal.

Dear Mr. Jacobson:

I represent PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") in connection with their chapter 11 bankruptcy cases pending before the U.S. Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). I write to set forth PG&E's position regarding Mr. Shahmirza's denial of access to the site.

We have been advised that Mr. Shahmirza has cut and removed the PG&E lock attached to the gate that allows access from Walnut Street to the PG&E Easement for Landscape and Access. Additionally, Mr. Shahmirza has parked buses/limousines up against the gate and throughout the PG&E Easement and denied PG&E access to the easement and the adjacent PG&E substation property.

   Attached is:
   1. The Record of Survey prepared by and Mr. Shahmirza's surveyor that clearly reflects the PG&E Easement for Landscape and Access;
   2. The PG&E Easement for Landscape and Access (Director's Deed) that provides "the right to use and ingress thereto and access therefrom, and as an appurtenance to the parcel of land described in the deed from the State of California to Pacific Gas and Electric Company dated April 3, 1997 [the PG&E substation property]";
   3.  Photo blocking access to the gate and parking buses/limousines blocking the gate and throughout the PG&E Easement for Landscape and Access; and

4. Overhead photo of the above.

Demand is hereby made that you ensure that Mr. Shahmirza immediately: (1) allow PG&E to replace the double lock mechanism on the gate so it has full access to the gate; (2) remove all vehicles that block PG&E's vehicular access through the PG&E Easement for Landscape and Access to the appurtenant substation; and (3) confirm that Mr. Shahmirza will not in the future interfere with PG&E's Easement for Landscape and Access to the appurtenant PG&E substation.

The actions of Mr. Shahmirza that currently block access through the PG&E Easement for Landscape and Access present a substantial safety risk by precluding emergency access to the PG&E substation. PG&E requires full access to the substation at all times for safe and reliable substation operations. Interfering with access to the substation poses a risk to PG&E's operations and subjects your client to liability for any damages PG&E may incur as a result of being unable to access the substation.

Kindly confirm this and ensure that this is accomplished no later than May 3, 2023. Refusal to comply will require us to bring this matter to the attention of the Court. All rights are reserved.

Best regards,

Steven A. Lamb

cc: David Taylor

**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

==========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot

be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

============================================================

CONFIDENTIALITY NOTICE:

This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.  Thank you.

# EXHIBIT B

| From: | Steven A. Lamb |
|-------|----------------|
| To: | Larry Jacobson |
| Cc: | David Taylor; Thomas Rupp |
| Subject: | RE: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S. |
| Date: | Wednesday, May 3, 2023 1:05:47 PM |

Mr. Jacobson:

See email and letter to you of May 1st.

You received and read this email on May 1, 2023 at 1145 a.m.

Your message

> To: Larry Jacobson
> Subject: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.
> Sent: Monday, May 1, 2023 10:55:29 AM (UTC-08:00) Pacific Time (US & Canada)

was read on Monday, May 1, 2023 11:44:45

I subsequently sent you a voicemail asking that you respond and confirm that you would comply with PG&E's request.

As you know, you have not responded.

As I explained, this is a health and safety issue and your client is impermissibly blocking access to the gate that allows access to the PG&E Easement for landscape and access and the appurtenant access to the PG&E substation.

We reserve all rights and trust that you will respond and comply immediately so we can avoid alerting the Court.

Regards

lamb

**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

==========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
==========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies. Thank you.

**From:** Steven A. Lamb <slamb@rovenslamb.com>
**Sent:** Monday, May 1, 2023 10:55 AM
**To:** Lawrence A. Jacobson (laj@cohenandjacobson.com) <laj@cohenandjacobson.com>
**Cc:** David Taylor <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.

# Mr. Jacobson:
# See below and attached. Pleaase contact me at your earliest convenience so we can resolve this.

-
-
-
**By Electronic Mail Only**

Lawrence A. Jacobson
COHEN & JACOBSON, LLP

66 Bovet Road, Suite 285
San Mateo, CA 94402
laj@cohenandjacobson.com

RE: Proof of Claim of Amir Shahmirza in *PG&E Corporation*, Case No. 19-30088 (DM), U.S.
    Bankruptcy Court, N. D. Cal.

Dear Mr. Jacobson:

I represent PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") in connection with their chapter 11 bankruptcy cases pending before the U.S. Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). I write to set forth PG&E's position regarding Mr. Shahmirza's denial of access to the site.

We have been advised that Mr. Shahmirza has cut and removed the PG&E lock attached to the gate that allows access from Walnut Street to the PG&E Easement for Landscape and Access. Additionally, Mr. Shahmirza has parked buses/limousines up against the gate and throughout the PG&E Easement and denied PG&E access to the easement and the adjacent PG&E substation property.

    Attached is:
    1. The Record of Survey prepared by and Mr. Shahmirza's surveyor that clearly reflects the PG&E Easement for Landscape and Access;
    2. The PG&E Easement for Landscape and Access (Director's Deed) that provides "the right to use and ingress thereto and access therefrom, and as an appurtenance to the parcel of land described in the deed from the State of California to Pacific Gas and Electric Company dated April 3, 1997 [the PG&E substation property]";
    3. Photo blocking access to the gate and parking buses/limousines blocking the gate and throughout the PG&E Easement for Landscape and Access; and
    4. Overhead photo of the above.

Demand is hereby made that you ensure that Mr. Shahmirza immediately: (1) allow PG&E to replace the double lock mechanism on the gate so it has full access to the gate; (2) remove all vehicles that block PG&E's vehicular access through the PG&E Easement for Landscape and Access to the appurtenant substation; and (3) confirm that Mr. Shahmirza will not in the future interfere with PG&E's Easement for Landscape and Access to the appurtenant PG&E substation.

The actions of Mr. Shahmirza that currently block access through the PG&E Easement for Landscape and Access present a substantial safety risk by precluding emergency access to the PG&E substation. PG&E requires full access to the substation at all times for safe and reliable substation operations. Interfering with access to the substation poses a risk to PG&E's operations and subjects your client to liability for any damages PG&E may incur as a result of being unable to access the substation.

Kindly confirm this and ensure that this is accomplished no later than May 3, 2023. Refusal to comply will require us to bring this matter to the attention of the Court. All rights are reserved.

Best regards,


Steven A. Lamb

cc: David Taylor


**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

===========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies. Thank you.

# EXHIBIT C

| | |
|---|---|
| **From:** | Larry Jacobson |
| **Sent:** | Wednesday, May 3, 2023 2:46 PM |
| **To:** | 'Steven A. Lamb' |
| **Cc:** | David Taylor; Thomas Rupp; Larry Jacobson |
| **Subject:** | RE: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S. |

Mr. Lamb

Yes, I read your email in approximately late morning on Monday, May 1, 2023, while participating in a charity golf event that consumed the entire day.

Yesterday I began drafting a detailed and comprehensive response that explains that PG&E holds no rights as you assert in your letter.

Compare the easement reservation in the State's Deed to Neil and Melanie Hildebrand recorded on June 30, 1987 (easement for landscaping only) with the Director's Deed recorded thereafter on December 16, 1988, to which you refer for your assertions regarding entry for purposes other than landscaping. The State had no ingress/egress rights to transfer to PG&E in December 1988, having transferred the entire fee interest to Hildebrands in June 1987.

When PG&E wanted access for other purposes in April 2018, PG&E leased the area at the rate of $11,500 per month which arrangement it chose to terminate on September 30, 2022. Communications concerning renewal continued in February 2023, but that did not occur. Now, by the demand in your letter, PG&E apparently wants to obtain that access without continuing to pay for it.

This morning I had a doctor appointment so I have a partial day to attempt to complete the response that I will more likely send you tomorrow morning by approximately 10:30 a.m.

Larry Jacobson

Lawrence A. Jacobson
Cohen and Jacobson, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Office Phone: (650) 261-6280
Cell Phone: (650) 642-4906
Fax: (650) 745-0720

Email: laj@cohenandjacobson.com

**From:** Steven A. Lamb <slamb@rovenslamb.com>
**Sent:** Wednesday, May 3, 2023 1:06 PM
**To:** Larry Jacobson <laj@cohenandjacobson.com>
**Cc:** David Taylor <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
**Subject:** RE: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.

Mr. Jacobson:

See email and letter to you of May 1st.

You received and read this email on May 1, 2023 at 1145 a.m.

Your message

To: Larry Jacobson
Subject: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.
Sent: Monday, May 1, 2023 10:55:29 AM (UTC-08:00) Pacific Time (US & Canada)

was read on Monday, May 1, 2023 11:44:45

I subsequently sent you a voicemail asking that you respond and confirm that you would comply with PG&E's request.

As you know, you have not responded.

As I explained, this is a health and safety issue and your client is impermissibly blocking access to the gate that allows access to the PG&E Easement for landscape and access and the appurtenant access to the PG&E substation.

We reserve all rights and trust that you will respond and comply immediately so we can avoid alerting the Court.

Regards

lamb

**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

<u>Attention</u>: This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.  Thank you.

**From:** Steven A. Lamb <slamb@rovenslamb.com>
**Sent:** Monday, May 1, 2023 10:55 AM
**To:** Lawrence A. Jacobson (laj@cohenandjacobson.com) <laj@cohenandjacobson.com>

Cc: David Taylor <dtaylor@kbkllp.com>; Thomas Rupp <trupp@kbkllp.com>
Subject: Proof of Claim of Amir Shahmirza in PG&E Corporation, Case No. 19-30088 (DM), U.S.

Mr. Jacobson:
See below and attached. Pleaase contact me at your earliest convenience so we can resolve this.

By Electronic Mail Only

Lawrence A. Jacobson
COHEN & JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
laj@cohenandjacobson.com

RE: Proof of Claim of Amir Shahmirza in *PG&E Corporation*, Case No. 19-30088 (DM), U.S.
Bankruptcy Court, N. D. Cal.

Dear Mr. Jacobson:

I represent PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") in connection with their chapter 11 bankruptcy cases pending before the U.S. Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). I write to set forth PG&E's position regarding Mr. Shahmirza's denial of access to the site.

We have been advised that Mr. Shahmirza has cut and removed the PG&E lock attached to the gate that allows access from Walnut Street to the PG&E Easement for Landscape and Access. Additionally, Mr. Shahmirza has parked buses/limousines up against the gate and throughout the PG&E Easement and denied PG&E access to the easement and the adjacent PG&E substation property.

Attached is:
1. The Record of Survey prepared by and Mr. Shahmirza's surveyor that clearly reflects the PG&E Easement for Landscape and Access;
2. The PG&E Easement for Landscape and Access (Director's Deed) that provides "the right to use and ingress thereto and access therefrom, and as an appurtenance to the parcel of land described in the deed from the State of California to Pacific Gas and Electric Company dated April 3, 1997 [the PG&E substation property]";
3. Photo blocking access to the gate and parking buses/limousines blocking the gate and throughout the PG&E Easement for Landscape and Access; and
4. Overhead photo of the above.

Demand is hereby made that you ensure that Mr. Shahmirza immediately: (1) allow PG&E to replace the double lock mechanism on the gate so it has full access to the gate; (2) remove all vehicles that block PG&E's vehicular access through the PG&E Easement for Landscape and Access to the appurtenant substation; and (3) confirm that Mr. Shahmirza will not in the future interfere with PG&E's Easement for Landscape and Access to the appurtenant PG&E substation.

The actions of Mr. Shahmirza that currently block access through the PG&E Easement for Landscape and Access present a substantial safety risk by precluding emergency access to the PG&E substation. PG&E requires full access to the substation at all times for safe and reliable substation operations. Interfering with access to the substation poses a risk to PG&E's operations and subjects your client to liability for any damages PG&E may incur as a result of being unable to access the substation.

Kindly confirm this and ensure that this is accomplished no later than May 3, 2023. Refusal to comply will require us to bring this matter to the attention of the Court. All rights are reserved.

Best regards,

Steven A. Lamb

cc: David Taylor

**STEVEN A. LAMB**
**Rovens Lamb LLP**
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

==============================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
==============================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.  Thank you.

# EXHIBIT D

**COHEN AND JACOBSON, LLP**
ATTORNEYS AT LAW
66 BOVET ROAD
SUITE 285
SAN MATEO, CALIFORNIA 94402

TELEPHONE: (650) 261-6280
FACSIMILE: (650) 368-6221

HENRY COHEN (RETIRED)
LAWRENCE A. JACOBSON
SEAN M. JACOBSON

LAJ@COHENANDJACOBSON.COM
SEAN@COHENANDJACOBSON.COM

May 4, 2023

Steven A. Lamb                                   By email only to:
Rovens Lamb LLP                                  slamb@rovenslamb.com
2601 Airport Drive, Suite 370
Torrance, CA 90505

      Re:    Response to Letter from S. Lamb Dated May 1, 2023
               Landscaping Easement

Dear Mr. Lamb:

      I write to you on behalf of Komir, Inc., owner of the property commonly known as 800 Walnut Street, San Bruno, California (the "Property"), and on behalf of Amir Shahmirza to whom you also refer, to respond to your letter dated May 1, 2023.

**No "Landscaping" Required for Asphalt Paving**

      Your letter is perplexing as it states a demand for access pursuant to a Landscaping Easement to a small (approximately 7,840 square feet) portion of the Property (the "Landscaping Area") from which PG&E previously removed all vegetation and then covered it with asphalt as depicted in the photograph attached to your letter. In this response, Komir, Inc., does not address the issue of abandonment of the easement for landscaping purposes but rather focuses on the fundamental invalidity of any rights under the Landscaping Easement for any other purpose.

      There is no need to perform any landscaping on the asphalt.

      Correspondingly, there is no need for ingress or egress to the asphalt.

**The Purported Easement for Ingress/Egress to the Substation Is Invalid Because
The State Had Transferred All Rights Other Than for Landscaping Prior the
Date of the Director's Deed to Which You Refer.**

      At best, the Director's Deed is a contrived document that purports to grant rights no longer owned by the grantor and to do so with respect to an area of physical dimensions in excess of the area as to which the grantor retained any limited landscaping rights.

      With respect to the "Easement" referenced in the Director's Deed that you attached to your correspondence, the scope of that Easement is constrained by the reservation in the prior

Director's Deed from the State to Neil and Melanie Hildebrand (the "Hildebrand Deed"), the predecessors in interest to Komir, Inc., that was recorded on June 30, 1987.

The <u>Hildebrand Deed contains a reservation of easement for grant to PG&E to the following extent</u>:

"(b) Subject to **AN EASEMENT**, granted or to be granted to Pacific Gas and Electric Company, a California corporation, **<u>for the right to landscape and access and in connection therewith to plant, grow and care for shrubs and trees</u>**, not to exceed fifteen (15) feet in height, within the following described parcel of land:

COMMENCING at the northwesterly corner of that 2. 214-acre parcel of land described above;  thence along the northerly line of said 2.214-acre parcel, N. 84° 25' 53" E., 114.19 feet; thence s. 17°58'05" W., 88.46 feet; thence S. 85°13' 30" W., 80.16 feet to the westerly line of said 2.214-acre parcel; thence along last said line N. 4°38' 43 " W., 80,00 feet to the point of commencement.

**CONTAINING <u>0.180</u> of an acre**, more or less." (Emphasis supplied)

Any grant of any other, further, or different interests relating to the easement described immediately above could only be granted by the Hildebrands who did not make any grants to PG&E.

The "Easement" which you reference in your letter dated May 1, 2023, does not conform to the Hildebrand Deed and the State had no authority to expand the language of the "Easement" as purports to appear in the illusory Director's Deed recorded on December 16, 1988.  The surplusage is ineffectual.

The <u>Director's Deed to which you refer exceeds the scope of rights retained by the State for granting any easement to PG&E to the extent of the language striken in red as follows</u>:

"AN EASEMENT ~~(1) with the~~ right to landscape within and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height, ~~together with (2) the right to use for ingress thereto and egress therefrom; and as an appurtenance to the parcel of land described in the deed from State of California to Pacific Gas and Electric Company dated April 3, 1986, and recorded on April 18, 1986, as Recorder's Serial Number 86041007, Official Records of San Mateo County, described as follows:~~

~~COMMENCING at the northeasterly corner of the 0.377- acre parcel of land conveyed to City of San Bruno by Director's Deed recorded April 20, 1977 in Volume 7448 at page 455, Official Records of San Mateo County; thence along the easterly line of said parcel S. 05°34'07" E., 111.50 feet to the course with the length of 0.81 of a foot described in said deed; thence along said course and the easterly prolongation thereof N. 84°25'53" E., 115.00 feet; thence S. 17°58'05" W., 88.46 feet; thence S. 85°13'30" W., 80.16 feet to the~~

~~easterly boundary line of that certain map entitled "Amended Plan of Belle Air Park, San Bruno Station, San Mateo County, California," filed in the Office of the County Recorder of San Mateo County on June 24, 1907, in Book 5 of Maps at page 10; thence along last said line N. 04°38'43" W., 24.52 feet to the southerly line of said 0.377 acre parcel; thence along last said lines. 85°21'17" W., 24.92 feet to the westerly line of that 0.096 acre easement described in said deed; thence along last said line N. 05°34'07" W., 166.57 feet to the northerly line of said parcel; thence along said northerly line, N. 84°25'53" E., 25.00 feet to the point of commencement.~~

~~CONTAINING 12,026 square feet, more or less.~~

The Director's Deed is ineffectual to the extent that it (a) purports to grant to PG&E rights that the State of California did not hold as all interests other than the limited retention for landscaping (only) had been conveyed to the Hildebrands and (b) purports to grant an interest in 12,026 square feet whereas the State had retained for grant of landscaping easement only 7,840 square feet (acre = 43,560 square feet x .18 = 7,840).

### PG&E's Demand Exceeds the Scope of Landscaping Activities and Seeks Access for Other Purposes for Which PG&E Knows It Has No Entitlement

Your letter makes demand for entry for an entirely different purpose that you state as being access for maintenance of the adjacent PG&E substation with a corresponding demand that Komir, Inc., "remove all vehicles that block PG&E's access to the appurtenant substation..."

Again, the easement is just what you describe it to be and that the name bespeaks: a right to perform landscaping activities on an area that is covered with asphalt. The easement does not provide any rights for the use that you describe, namely some form of permanent entry for utility maintenance on adjacent property.

The history of PG&E's use of this Landscaping Area is informative.

Previously, i.e., during the period from April, 2018, to December, 2019, when PG&E desired the type access that you describe in your letter of May 1, 2023, PG&E leased the area under a Temporary Construction Easement ("TCE") at the rental rate of $11,500 per month. PG&E requested and obtained extensions of the TCE and then chose to terminate its lease of the Landscaping Area effective September 30, 2022.

Now, apparently, PG&E wants to use the Property for non-landscaping substation maintenance or improvement purposes free of charge. Komir, Inc., declines to allow that non-compensatory use.

PG&E has been aware of its limited landscaping rights as recently as the exchange of emails between Mr. Shahmirza and Ms. Vanessa Brown, a PG&E land agent in September, 2022, and again in February, 2023.

      Ms. Brown, being aware of the termination of the prior TCE, communicated with Mr. Shahmirza in September, 2022, concerning the possibility of PG&E entering into a new TCE sometime in mid-2023.  Ms. Brown indicated in her email of February 27, 2023, that she did not think that PG&E would be renting the Landscaping Area but that she was not sure and would let Mr. Shahmirza know if PG&E did desire to lease the Landscaping Area again.

      Their exchange of correspondence included reference to Komir, Inc.'s alternative use of renting the Landscaping Area to a third party that would render the area unavailable for another TCE for PG&E.  PG&E chose not to enter into another TCE and Komir, Inc., rented the Landscaping Area to the third party that has placed vehicles on the Landscaping Area.

      Having chosen not to continue to pay for maintenance access to its substation, PG&E now sends your letter demanding the free use of the Landscaping Area for access to which Komir, Inc., having offered PG&E the opportunity to continue to lease, does not consent.

      Aware of its limited landscaping easement, PG&E's recent activity at the substation reflects its plan to obtain maintenance access through an arrangement with the City of San Bruno that appears to be in progress.

Sincerely,

Lawrence A. Jacobson