```
LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **DECLARATION OF SURVEYOR MICHAEL S. MAHONEY IN RESPONSE TO SUPPLEMENTAL DECLARATION OF ROGER LEATHERMAN IN OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED BY DEBTORS ON MAY 3, 2023.** |
| Debtors. | |
| G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | |
| | Date: May 9, 2023<br>Time: 10:00 a.m.<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

DECLARATION OF SURVEYOR MICHAEL S. MAHONEY CONCERNING
SUPPLEMENTAL DECLARATION OF ROGER LEATHERMAN (FILED MAY 3, 2023)   1

Case: 19-30088    Doc# 13704-2    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 1 of 5

I, Michael S. Mahoney, declare:

1. I am a licensed California Surveyor and I previously filed a Declaration in Support of Motion for Summary Judgment (Docket No. 13478-4) ("MSJ Declaration").

2. In my MSJ Declaration I testified regarding my qualifications as an expert witness with special knowledge regarding the property located at 800 Walnut Street, San Bruno, California, (the "Komir Property") that is generally the subject of the Motion for Summary Judgment, as well as with respect to the adjacent and nearby properties, and the condemnation action affecting the Komir Property. I refer to and adopt by incorporation my testimony in my MSJ Declaration as my foundational testimony in this Declaration.

3. I have read the Supplemental Declaration of Roger Leatherman in Opposition to Partial Motion for Summary Judgement and in Support of Counter-Motion for Summary Judgment (Docket No. 13692) and make the following statements with respect to (i) the lack of licensure status of Mr. Leatherman to enable him to provide testimony regarding matters of deeds and easements that are regulated by the Land Surveyors' Act (Business and Professions Code § 8700 et seq. and (ii) certain content of his Declaration:

    (a) The internally prepared documents referenced by Mr. Leatherman in his Declarations, such as PG&E's unrecorded maps or diagrams, Line Review Drawings, Plan and Profile Drawings, and Route Line drawings, and his testimony concerning those documents, lack any relevance for determining the existence of easements, the location of easements, the mapping of easements, or the interpretation of maps or surveys for the following reasons:

        (i) Based upon the Declarations of Mr. Leatherman, he is a "Land Agent" who performs administrative functions and is not a licensed Surveyor.

        (ii) Only a licensed Surveyor can locate, establish, and retrace boundaries of easements per the California Land Surveyor's Act. (Business & Professions Code § 8726(a) 3).

**DECLARATION OF SURVEYOR MICHAEL S. MAHONEY CONCERNING
SUPPLEMENTAL DECLARATION OF ROGER LEATHERMAN (FILED MAY 3, 2023)**

2

Case: 19-30088   Doc# 13704-2   Filed: 05/08/23   Entered: 05/08/23 19:09:59   Page 2 of 5

(iii) Only a licensed Surveyor can determine the information shown or to be shown on any map or documents in connection with easements. (B& P § 8726 (a)7).

(iv) Only licensed Surveyors may practice land surveying. (B&P § 8726(a)8).

(v) Only licensed Surveyors can determine the information shown or to be shown within the description of any deed or title documents with easement. (B&P § 8726(a)12).

(vi) Only licensed Surveyors may sign and stamp land surveying documents. (B&P §§ 8750 and 8761).

(vii) A licensed Surveyor must submit to the Official County Surveyor a field survey and file a Record of Survey upon ascertaining material evidence or material discrepancies. (B&P § 8762 (b))

(b) The property to which Mr. Leatherman refers in the Joint Use Agreement ("JUA") attached to his Declaration is not the Komir Property but is a parcel to the north of the PG&E substation that is north of the Komir Property. The establishment or termination of easements on the property that is the subject of the JUA has no relevance to the determination of the existence of easements on the Komir Property.

(c) In paragraph 6 of the JUA at page 6 of 11, the document contains a provision that limits the effect of the JUA to only the area of termination and relocation, i.e., the area outside the Komir Property. My opinion is that Mr. Leatherman is incorrect in stating that paragraph 6 "acknowledged that PG&E continued to own at least three of the easements;" rather, for the purposes of determining the existence or not of three easements on the Komir Property, that language indicates only that those documents had been recorded and were unimpaired by "<u>this agreement</u>" (emphasis added) without commenting upon impairment by other agreements, actions or events (such as the condemnation).

4. On April 16, 1986, the State transferred fee ownership of the PG&E Substation area

DECLARATION OF SURVEYOR MICHAEL S. MAHONEY CONCERNING
SUPPLEMENTAL DECLARATION OF ROGER LEATHERMAN (FILED MAY 3, 2023)    3

Case: 19-30088    Doc# 13704-2    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 3 of 5

to PG&E.

5. On June 30, 1987, the State transferred fee ownership of the Komir Property to Neil and Melanie Hildebrand by Director's Deed (Exhibit 8, Exhibit Compendium Volume 5, Docket No. 13478-8) that recited the existence of only a landscaping easement described as follows:

> "(b) Subject to AN EASEMENT, granted or to be granted to Pacific Gas and Electric Company, a California corporation, for the right to landscape and access and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height, within the following described parcel of land:
>
> COMMENCING at the northwesterly corner of that 2. 214-acre parcel of land described above; thence along the northerly line of said 2.214-acre parcel, N. 84° 25' 53" E., 114.19 feet; thence s. 17°58'05" W., 88.46 feet; thence S. 85°13' 30" W., 80.16 feet to the westerly line of said 2.214-acre parcel; thence along last said line N. 4°38' 43 " W., 80,00 feet to the point of commencement.
>
> CONTAINING 0.180 of an acre, more or less."

6. The recitation of the landscaping easement in the Director's Deed is consistent with the customary practice of stating in Director's Deeds the limitations on the ownership being transferred that, in this instance, included only the landscaping easement.

7. Consistent therewith, the Record of Survey No. 3259-A (Exhibit 1, Exhibit Compendium Volume 1, Docket No. 13478-5) that was approved and recorded by the County Surveyor of San Mateo County, reflects only the landscaping easement. <u>Note 5 in the Record of Survey specifies that the scope of the landscaping easement is as stated in the language reserved by the State in the Director's Deed to Hildebrands as quoted above</u>, i.e., with rights of ingress and egress only to the landscaping area on the Komir Property and only for the purpose of landscaping.

8. The recorded Record of Survey No. 3259-A (Exhibit 1, Exhibit Compendium Volume 1, Docket No. 13478-5) depicts the only easements that affect the Komir Property.

I have personal knowledge of the facts set forth herein and can competently testify thereto.

Executed at San Bruno, California, on the 7th day of May, 2023.

///

///

DECLARATION OF SURVEYOR MICHAEL S. MAHONEY CONCERNING
SUPPLEMENTAL DECLARATION OF ROGER LEATHERMAN (FILED MAY 3, 2023)      4

Case: 19-30088   Doc# 13704-2   Filed: 05/08/23   Entered: 05/08/23 19:09:59   Page 4 of 5

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Michael S. Mahoney*
Michael S. Mahoney