LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

PG&E CORPORATION,

- and -

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023**

Date: May 9, 2023
Time: 10:00 a.m.
Place: (Tele/Videoconference Appearances Only)
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

1

Case: 19-30088    Doc# 13704-3    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 1 of 5

I, Amir Shahmirza, declare:

1. I am a licensed civil engineer and am, and at all relevant times have been, the sole shareholder, officer and director of Komir, Inc., a California corporation ("Komir") that is the owner of the real property located at 800 Walnut Street, San Bruno, California, ("Komir Property") that is the subject of the pending proceedings, and have actively managed the Property on a regular, continuing and on-site basis.

2. I make this Declaration to state facts responsive to the argument contained in PG&E's Supplemental Reply Brief in Support of Counter-motion for Summary Judgment ("Debtors' Supplemental Reply Brief") that PG&E filed on May 4, 2023.

3. The Debtors' Supplemental Reply Brief contains the following statement:

"PG&E has had a lock on the gate providing access to and through the PG&E Easement for Landscaping and Access to the PG&E Substation. That lock had been in place for years and PG&E has accessed the PG&E Substation through the PG&E Easement for Landscaping and Access for decades."

4. None of the statements quoted above are correct. The facts pertaining to that subject matter are as follows:

    (a) PG&E never had a lock on the gate. I communicated extensively with Vanessa Brown and Elouise Jadhav both PG&E "Land Agents," and me concerning:

        (i) access to the Property,

        (ii) unauthorized placing of a lock on the gate by PG&E,

        (iii) PG&E's representation that a mechanic would immediately remove the lock or, failing immediate removal, PG&E's authorization for me to cut the lock off the gate (PG&E removed), and

        (v) the procedures for PG&E to gain entrance by permission for specific entries.

    (b) Though I frequently visited the Property, I have no recollection of observing either personnel or PG&E trucks on or going through the Komir Property to access the Substation from acquisition in 2000 until a lease arrangement was made for an

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

2

Case: 19-30088    Doc# 13704-3    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 2 of 5

interim period commencing in 2018 (discussed below), and PG&E did not unilaterally access the Property "for decades" at will or otherwise.

(c) The subject of PG&E requiring access through the Komir Property purportedly for maintenance of the Substation arose only by the email sent by PG&E's counsel on Monday, May 1, 2023. As indicated, any PG&E maintenance personnel can enter the Substation Area through the gate installed on the 7th Avenue side of the station. The Substation is accessible from the three sides of its perimeter excluding only the Komir Property on the fourth side.

(d) When PG&E desired a right of entry for access to its substation in 2018, PG&E entered into a Temporary Construction Easement ("TCE") whereby PG&E paid to Komir, Inc., the sum of $11,500 per month continuing to August 31, 2022.

(e) In and after September, 2022, I continued to communicate with PG&E regarding whether it wanted to use the Komir Property for access to the substation and whether it intended to enter into a new agreement for doing so. Ms. Brown indicated that PG&E might want to enter into a new TCE in mid-2023 for 1 to 2 years but she recognized that Komir might rent to a third party absent an agreement with PG&E. Ultimately, PG&E did not enter into a new agreement and Komir, Inc., entered into a lease agreement with a third party.

(f) The PG&E substation is located on open terrain and is accessible and open on 3 sides (East, north and the west side). The Komir Property is located only on the south side of substation. All fences and gates enclosing the Substation have been installed by PG&E.

(g) Currently PG&E uses the gate that PG&E installed in its Seventh Street side fence for its access, any day, any time, to its Substation. The gate has a lock that PG&E, only, controls.

(h) PG&E has a minimum 25' wide access through the adjacent park where it has

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

3

installed an entry gate. In her communications with me, Ms. Brown referred to the ongoing process of PG&E's negotiating with the City of San Bruno to install additional underground transmission lines on the Seventh Avenue side of the Substation (not on Komir Property) and for line maintenance of the new facilities. PG&E had been negotiating with Komir, Inc., for installation of those underground transmission lines and maintenance but terminated those negotiations with Komir and instead entered into negotiations with the City of San Bruno.

5. Komir, Inc., obtained ownership from Neil and Melanie Hildebrand who had obtained fee title to the Komir Property from the State on June 30, 1987, (Exhibit 8, Exhibit Compendium, Volume 5) subject only to the following easement rights of PG&E:

> "(b) Subject to AN EASEMENT, granted or to be granted to Pacific Gas and Electric Company, a California corporation, for the right to landscape and access and in connection therewith to plant, grow and care for shrubs and trees, not to exceed fifteen (15) feet in height, within the following described parcel of land:
>
> COMMENCING at the northwesterly corner of that 2.214-acre parcel of land described above; thence along the northerly line of said 2.214-acre parcel, N. 84° 25' 53" E., 114.19 feet; thence s. 17°58'05" W., 88.46 feet; thence S. 85°13' 30" W., 80.16 feet to the westerly line of said 2.214-acre parcel; thence along last said line N. 4°38' 43 " W., 80,00 feet to the point of commencement.
>
> CONTAINING 0.180 of an acre, more or less." (the "Landscaping Area")

The "access" referenced in this provision relates to accessing the Landscaping Area being landscaped, not to access for maintenance of a substation on adjacent property. I have consistently stated this position to PG&E.

6. PG&E has never performed landscaping in the Landscaping Area. Rather, in 2018 PG&E imported base rock paving materials and compacted them for driving heavy cranes and machinery in the TCE lot. When construction was completed PG&E did not want to remove the base rock materials so instead placed asphalt materials on the surface and used the TCE space as a parking lot during the term of the TCE.

7. The "Director's Deed" to which PG&E refers for its claim right to enter for

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

4

Case: 19-30088    Doc# 13704-3    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 4 of 5

maintenance (not landscaping) was recorded on December 16, 1988, after the State had divested itself of all rights in the Komir Property (reserving only the landscaping easement quoted above) by its Director's Deed to Hildebrands that had been recorded previously on June 30, 1987. I have also consistently stated this position to PG&E.

I have personal knowledge of the facts stated herein and can competently testify thereto.

Executed at San Mateo, California, on the 8th day of May, 2023.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Amir Shahmirza*

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF OPPOSITION TO PG&E'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT FILED ON MAY 4, 2023

5

Case: 19-30088    Doc# 13704-3    Filed: 05/08/23    Entered: 05/08/23 19:09:59    Page 5 of 5