Jane Luciano, Esq. CA. SBN 124263
Luciano Law
9000 Crow Canyon Road
Suite S #168
Danville, CA 94506
(925) 216-6030

William D. McCann, Esq  SBN NV 12038
P.O. Box 370
Genoa, Nevada 89411
*Pro Haec Vice in Butte County Superior Court Cases*

Attorneys for Plaintiffs and Claimants Liza Sims, individually and Thomas and Jaydene Gardner

# UNTIED STAES BANKRUPCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

PG&E CORPOIRATION,

-and-

PACIFIC GAS AND ELECTRIC COMPANY

Debtors.

**X** Affects Both Debtors

Bankr. Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**DECLARATION OF JANE LUCIANO IN SUPPORT OF PLAINTIFFS OBJECTION TO PG AND E MOTION TO DEFEAT PLAINTIFFS CLAIMS FOR PUNITIVE DAMAGES; EXHIBITS 1 THROUGH 3.**

Hearing: May 24, 2023
Time: 10:00 am
Via Tele-video conference

US Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102
[Relates to Dkt. 13685, both Liza Sims and Thomas and Jaydene Gardner case

# DECLARATION OF JANE LUCIANO, ESQ IN SUPPORT OF PLAINTIFFS' OBJECTION

I, Jane Luciano, declare:

1. I am competent to make this declaration and have actual knowledge of the facts which follow.

2. I am counsel of record with William D. McCann, Esq, co-counsel po haec vice in *Liza Sims v. PG and E;* Butte County Superior Court Case No. 19CV01700 and *Thomas and Jaydene Gardner v. PG and E;* Butte County Superior Court Case No. 19CV00379.

3. On behalf of these Plaintiffs, we have asserted claims for punitive damages against PG and E arising from the violations of three separate California statutes providing for such damages.

4. I personally handled the filing of the proofs of claims for Ms. Sims, individually, on behalf of her deceased mother Edna Gleason, and on behalf of Thomas and Jaydene Gardner. Each of the proofs of claims included an Exhibit "A" (depicted in the accompanying Objection as Exhibits "2" and "3", which indicated Plaintiffs did not waive and would not waive, expressly or by implication, their respective claims for punitive damages against PG and E because of applying for or receiving benefits from the so-called Fire Victim Trust.

5. Attached hereto as Exhibit "1" is a true and correct copy of the Butte County District Attorney Press Release of March 23, 2020.

6. Attached hereto as Exhibit "2" is a true and correct copy of the Exhibit "A" form which was attached to Thomas and Jaydene Gardner's proofs of claims as referenced in paragraph 4 above.

7. Attached hereto as Exhibit "3" is a true and correct copy of the Exhibit "A" which was attached to Ms. Gleason and Ms. Sims proofs of claim as referenced in paragraph 4 above.

8. The Proof of Claims along with Exhibit "A" were submitted on behalf of these Plaintiffs. And the Trustee processed these forms without any objection thereto.

I declare under penalty of perjury pursuant to the laws of the State of California the foregoing is true and correct.

May 10, 2023

/s/Jane Luciano/s/
Jane Luciano
Declarant

**EXHIBIT '1'**



**BUTTE COUNTY DISTRICT ATTORNEY**

MICHAEL L. RAMSEY
District Attorney

MARK MURPHY
Chief Deputy District Attorney

JUAN DIAZ
Chief Investigator

# PRESS RELEASE
For Immediate Release
March 23, 2020

## DA RAMSEY CONFIRMS PG&E FILING ABOUT PLEADING GUILTY TO 85 COUNT CRIMINAL INDICTMENT ON CAMP FIRE DEATHS

Butte County District Attorney Mike Ramsey today confirmed that a Pacific Gas and Electric Company (PG&E) filing in both the US Bankruptcy Court and before the Security and Exchange Commission correctly states the company was recently **indicted** by a Butte County Grand Jury and the utility plans to **plead guilty as charged** to all 85 felony counts in that indictment.

Ramsey said the indictment consists of 84 individual counts of Involuntary Manslaughter[i] (a violation of California Penal Code section 192(b)) naming each of the persons killed in the Camp Fire by PG&E's criminal negligence. The indictment also has a count of Unlawfully Causing a Fire (a violation of California Penal Code section 452) which includes three special allegations for PG&E's causing great bodily injury to a firefighter; causing great bodily injury to more than one surviving victim; and causing multiple structures to burn (listed as approximately 18,804 structures).

Ramsey noted when the indictment was returned, it was sealed by a Butte County Superior Court judge per standard grand jury procedure. As a result of the sealing, Ramsey said he could not disclose the specifics of the evidence that lead to the indictment until such time as PG&E is arraigned and pleads guilty to the indictment.[ii] The District Attorney said it was initially expected PG&E would appear and plead guilty through its CEO/Director William Johnson this Friday, March 27, 2020 in North Butte County Superior Court in Chico. However, the recent confirmation of COVID-19 virus cases in Butte County has led to the courthouse being closed this week for the protection of the public and staff. A new date of April 24, 2020 for the guilty pleas and sentencing on the indictment has now been selected in consultation with the court.

Ramsey noted that when PG&E is sentenced, it will have to pay the maximum fine allowed under California law for the 85 felony counts, which court staff calculated at $3,486,950. (The calculation is derived from the statutory maximum fine of $50,000 on the fire count and the statutory maximum fine of $10,000 for each manslaughter count plus various court fees statutorily added to those maximums.) Ramsey noted this fine was separate and apart from the negotiated $25.5 billion set aside for fire victims in PG&E's bankruptcy proceedings [$13.5 billion for private claims; $11 billion for insurance companies' claims; and $1 billion for government entity claims (including $270 million to the Town of Paradise; $253 million to the County of Butte; and $47.5 million to the Paradise Recreation and Park District)]. Ramsey said PG&E's plea will also include a payment of $500,000 to his office for costs of the investigation.

25 County Center Drive • Suite 245 • Oroville, California 95965-3370
Tel: (530) 538-7411 • Fax: (530) 538-7071 • www.buttecounty.net/da

Other agreements with the company included having a federally-appointed court monitor of PG&E's safety performance report to the Butte County District Attorney for the next two years and a commitment to rewater the Miocene Canal.

Ramsey said his staff had worked late last week and into the weekend to notify the next-of-kin of the Camp Fire deceased victims, with Ramsey holding a confidential Facebook Live briefing with them ahead of the expected PG&E bankruptcy/SEC disclosure today so they would not be surprised.

Ramsey noted the 16-member Grand Jury that returned the indictment was specially and secretly empaneled under a provision of the California Penal Code in March of 2019 at the Butte County Superior Court to pursue a criminal investigation into the utility's role in the Camp Fire. Per the penal code, such grand juries have a limit of one-year in which to complete their investigation. Ramsey had high praise for this assemblage of ordinary citizens who were selected from over 100 summoned potential jurors. Ramsey noted the extraordinary sacrifice of the initial 19 finally selected, who worked steadily for nearly a year without being able to tell employers, family or friends what they were working on due to the secrecy oath of Grand Jurors. "They carefully listened to nearly 100 witnesses, examined over 1400 exhibits and produced many thousands of pages of transcript," Ramsey noted.

Ramsey also acknowledged the help of many allied agencies in pursuit of the criminal investigation, including the California Attorney General's Office, Cal Fire, the FBI, the Eastern District of California U.S. Attorney's Office; and the San Mateo County District Attorney's Office.

Ramsey said by pleading guilty to each of the 85 felony counts, the utility will admit the evidence establishes its criminal responsibility for causing the Camp Fire and the deaths of 84 victims "beyond a reasonable doubt." Ramsey said the guilty plea also waives any jury or other trial; and waives any appeal, bringing finality to the victims and hopefully a bit of a sense of "justice done" for the Butte Strong community.

---

[i] The official Butte County Sheriff-Coroner count of deceased Camp Fire victims was 85. However during the subsequent investigation more information was developed which cast doubt that one of those deaths was a direct result of the Camp Fire.

[ii] Although prevented at this time from going into the details of the evidence supporting Pacific Gas and Electric Company's criminal responsibility for the Camp Fire and the 84 deaths, Ramsey did provide an example of **California Jury Instructions** which outlines the evidence and law necessary for a criminal jury to find guilt:

**Unlawfully Causing a Fire (Pen Code § 452)**
To find a corporation guilty of this crime the evidence must prove that:
1. The corporation caused the burning of a structure/forest land/property;
2. The corporation did so recklessly; AND
3. The fire caused great bodily injury to another person.

A corporation acts recklessly when:
1. It is aware that its actions present a substantial and unjustifiable risk of causing a fire,
2. It ignores that risk, AND
3. Ignoring the risk is a gross deviation from what a reasonable person would have done in the same situation.

To set fire to or burn means to damage or destroy with fire either all or part of something, no matter how small the part.

Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm. Death constitutes great bodily injury.

A structure is any building.

Forest land means brush-covered land, cut-over land, forest, grasslands, or woods.

Property means personal property or land other than forest land.

### Involuntary Manslaughter: Failure to Perform Legal Duty (Pen. Code, § 192(b))

To find a corporation guilty of involuntary manslaughter in violation of Penal Code section 192(b) based on failure to perform a legal duty the evidence must prove that:

1. The corporation had a legal duty to the decedent;
2. The corporation failed to perform that legal duty;
3. The corporation's failure was criminally negligent; AND
4. The corporation's failure caused the death of decedent.

A public utility has a legal duty to construct, maintain, and operate its electrical lines and equipment in a manner that will minimize the risk of catastrophic wildfire posed by those electrical lines and equipment.

*Criminal negligence* involves more than ordinary carelessness, inattention, or mistake in judgment. A corporation acts with criminal negligence when:

1. It acts in a reckless way that creates a high risk of death or great bodily injury; and
2. A reasonable person would have known that acting in that way would create such a risk.

In other words, a corporation acts with criminal negligence when the way it acts is so different from how an ordinarily careful person would act in the same situation that its act amounts to disregard for human life or indifference to the consequences of that act.

An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.

There may be more than one cause of death. An act causes death, only if it is a substantial factor in causing the death. A *substantial factor* is more than a trivial or remote factor. However, it does not need to be the only factor that causes the death.

**EXHIBIT '2'**

Exhibit "A"

1. Claimants Thomas Gardner and Jaydene Gardner submit themselves to the jurisdiction of the Bankruptcy Court for the Northern District of California for the limited purpose of submitting this claim.

2. This claim is submitted without prejudice to claimants Thomas and Jaydene Gardner's right to a jury trial on the issues of liability and damages arising from the Camp Fire on November 8, 2018 pursuant to the ruling of the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2595 (2011).

3. This claim is submitted individually on behalf of claimants Thomas Gardner and Jaydene Gardner and should not be construed as, nor it is a joinder with, any of the so-called 'committees' that purport to represent the California fire victims.

4. Claimant Thomas Gardner is within those class of senior citizens protected by California Code of Civil Procedure § 36 and California Civil Code 3345, and the filing of this claim should not be construed, nor is it, a waiver of those code sections, and it is the position of claimants that such state statutes *pre-empt* any federal statute or case ruling that impairs claimant's rights under said state statutes.

5. The filing this claim is without prejudice to any adversary procedures that claimants may choose to file in this case, or other bankruptcy cases, pursuant to the Federal Bankruptcy Rules and Statutes.

6. The filing of this claim is without prejudice to any claims claimants Thomas Gardner and Jaydene Gardner may chose to assert or advance against the officers, directors, and/or shareholders of debtor in this bankruptcy case, and should not be construed as, nor it is a release of, said officers, directors, and/or shareholders.

7. It is the position of claimants Thomas Gardner and Jaydene Gardner that the filing of this Chapter 11 proceeding by the debtor represents a tolling of the statute of limitations of any claims that claimants may have against the State of California and/or the Public Utility Commission of the State of California.

8. The filing of this claim by claimants Thomas Gardner and Jaydene Gardner should not be construed as nor is it a waiver of any right claimants may have to initiate criminal proceedings against any corporation or individual who violated the criminal laws of either the State of California or of the United States of America prefatory to the fires which caused claimants Thomas Gardner and Jaydene Gardner damage, or, to initiate criminal proceedings arising from acts/errors/omissions/concealments *post* said fires.

# EXHIBIT '3'

Exhibit "A"

1. Claimants Liza Sims and Edna Gleason submit themselves to the jurisdiction of the Bankruptcy Court for the Northern District of California for the limited purpose of submitting this claim.

2. This claim is submitted without prejudice to Claimants Liza Sims and Edna Gleason's right to a jury trial on the issues of liability and damages arising from the Camp Fire on November 8, 2018 pursuant to the ruling of the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2595 (2011).

3. This claim is submitted individually on behalf of claimants Liza Sims and Edna Gleason should not be construed as, nor it is a joinder with, any of the so-called 'committees' that purport to represent the California fire victims.

4. Claimant Edna Gleason is within those class of senior citizens protected by California Code of Civil Procedure § 36 and California Civil Code 3345, and the filing of this claim should not be construed, nor is it, a waiver of those code sections, and it is the position of claimants that such state statutes *pre-empt* any federal statute or case ruling that impairs claimant's rights under said state statutes.

5. The filing this claim is without prejudice to any adversary procedures that claimants may choose to file in this case, or other bankruptcy cases, pursuant to the Federal Bankruptcy Rules and Statutes.

6. The filing of this claim is without prejudice to any claims claimants Liza Sims and Edna Gleason may chose to assert or advance against the officers, directors, and/or shareholders of debtor in this bankruptcy case, and should not be construed as, nor it is a release of, said officers, directors, and/or shareholders.

7. It is the position of claimants Liza Sims and Edna Gleason that the filing of this Chapter 11 proceeding by the debtor represents a tolling of the statute of limitations of any claims that claimants may have against the State of California and/or the Public Utility Commission of the State of California.

8. The filing of this claim by claimants Liza Sims and Edna Gleason should not be construed as nor is it a waiver of any right claimants may have to initiate criminal proceedings against any corporation or individual who violated the criminal laws of either the State of California or of the United States of America prefatory to the fires which caused claimants Liza Sims and Edna Gleason damage, or, to initiate criminal proceedings arising from acts/errors/omissions/concealments *post* said fires.