William B. Abrams
end2endconsulting@gmail.com
2041 Stagecoach Rd.
Santa Rosa, CA, 95404
Tel: 707 397 5727

*Pro Se Fire Victim Claimant and Party to related proceedings before the California Public Utilities Commission and the California Office of Energy Infrastructure Safety*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                       Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**WILLIAM B. ABRAMS OBJECTION TO THE REORGANIZED DEBTORS' OMNIBUS MOTION TO ENFORCE THE DISCHARGE AND INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER AGAINST CERTAIN PENDING ACTIONS**<br><br>**Relates To:** [Dkt. 13685]<br><br>**Objection Deadline:**<br>May 10, 2023 (Pacific Time)<br><br>**Hearing Date:** May 24, 2023<br>**Time:** 10:00am (Pacific Time) |

William B. Abrams ("**Abrams**") as a PG&E fire victim claimant and Northern California resident, submits this "William B. Abrams Objection to the Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "**Objection**"). This Objection is filed in direct response to the "Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "**Motion**"). While Abrams is not a named "State Court Plaintiff," he has standing to file this Objection given that the Debtors' have stated within the Motion that they plan to enforce this channeling injunction and prevent appeals and other legal actions for "all holders of claims" including Abrams and other similarly situated victims whom were never provided sufficient notice in accordance with Federal Rules of Bankruptcy Procedure 9019 and 2002. Given Abrams prior objections to the inequitable application of judicial review and the continued unjust manner in which the Debtor continues to wield the channeling injunction to undermine the interests of victims, Abrams respectfully submits the following:

## BACKGROUND

1) On February 6, 2020 The Court filed the "Order Establishing Scheduling for Disclosure Statement Approval and Plan Confirmation" [Dkt. 5673]. Subsequently, on February 11, 2020 the Court filed the "Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation" [Dkt. 5732]. Within these Court orders it established March 6, 2020 as the "*Deadline for any other parties (e.g., parties other than the Core Parties) to file and serve any Disclosure Statement or Solicitation Objections, which shall be in short, concise bullet points*" and established March 10, 2020 as the "*Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.*" While many objection deadlines were established within these orders, nowhere within these orders or any other Court orders did it identify how a fire victim could retain access to judicial review or object to an unknown waiver of their rights to further legal actions like those represented with the Motion. Similarly, the Debtors and other core parties NEVER provided notice or identified a process or procedure for victims to timely object to the waiver of their legal rights and remedies. Therefore, it is clear that the parties identified within the "Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" were never given the opportunity to preserve their legal rights or to object to the waiver of their rights to pursue

subsequent court actions separate and apart from those accommodated through the Fire Victim Trust (the "**FVT**").

2) On May 15, 2020, there was a hearing held and the following question was posed by the Court to the Debtors and other core parties:

> "*Is there anything in the plan or the disclosure statement that tells the thousands and thousands of people that were solicited, by the way, it doesn't matter what you do, we're going to stick this down your throat under 9019(b)?*"

In response to this very astute and pertinent question by the Court, Mr. MacConaghy on behalf of the Official Committee of Tort Claimants stated "*Well, 9019(b) isn't referenced...*" It was clear from this statement and others that NO timely notice was provided to victim claimants by the Court or by the Debtors to inform them of their rights to object to the unknown waiver of judicial review or procedures to preserve their rights to appeal. This lack of due process includes a lack of notice to those individual fire victims listed within the Debtors' Motion "Exhibit 2" as "State Court Plaintiffs." Now, after these plaintiffs and others undoubtedly incurred considerable costs to pursue these "pending actions," the Debtor would like to retroactively notice victims that their rights were stripped away through an unspecified hearing and/or through some non-existent notice. This is NOT informed consent or consent of any type. This is NOT due process and this is NOT just. The later inclusion of these waivers within provisions of the Channeling Injunction are a clear violation of victim rights, clearly not a product of common-sense due process and should not be upheld by the Court.

3) On June 19, 2020, the "Order Confirming Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization" (the "**Plan**") [Dkt.8053] indicated, within obscure footnote 7 on page 26, "*the parties that timely submitted objections to the Fire Victim Trust Documents* are as follows…" **However, nowhere within this footnote nor anywhere else within the Plan or Trust Documents is there any indication of when, how or in accordance with what procedures victims were provided timely notice regarding their opportunity to retain their rights to judicial review and appeal.** This was not cited here or anywhere because no such prior notice was provided by the Debtors and no related informed consent or waiver was provided by victims. This after-the-fact footnote is the only vague indication of what the Debtors must now contort and rely upon to further undermine the rights of their victims.

# OBJECTION

Abrams is a holder of Damage Claims under the Debtors' confirmed "Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020" [Dkt. 8048] (the "**Plan**") and has actively engaged as a pro se claimant within this bankruptcy case through letters to the Court [Dkt. 3828, 3906, 4468], an initial objection to the TCC Restructuring Support Agreement [Dkt. 5139] and through subsequent papers seeking just and fair remedies and outcomes. Abrams finds the Debtors' efforts through this motion to push the resolution of these actions onto the already beleaguered and underfunded Fire Victim Trust to be unjust and not consistent with the facts of this case. Specifically, the Debtor has stated that "*the dismissal of the Pending Actions pursuant to and consistent with the Channeling Injunction does not leave the State Court Plaintiffs who have filed valid and timely claims in the Chapter 11 Cases without a potential remedy… if the Fire Victim Trust deems such claims entitled to distribution,* **such Fire Victim Claims will be liquidated, satisfied, and/or paid by the Fire Victim Trust**" (emphasis added).

The Debtors are well aware that these plaintiffs along with the vast majority of individual fire victim claimants were never informed of any Court process or schedule where they could retain their rights to an appeal. The post-facto removal of fire victim rights that was pursued by the Debtors in close collaboration and consultation with certain victim attorneys does not in any way satisfy Federal Rules of Bankruptcy Procedure 9019 or Rule 2002. These rules require that notice must be provided **to all affected parties.** In re UAL Corporation, 412 F. 3d775 (7th Cir. 2005), the court held that a **waiver of the right to judicial review must be knowing and voluntary** and that notice of the **waiver must be adequate to satisfy due process**. The court found that the notice provided in that case was inadequate because it did not clearly inform the parties of the waiver of their right to appeal or provide them with a meaningful opportunity to object. Also, the Court should consider In re Indiana Harbor Belt Railroad Co. 666 F.3d 540 (7th Cir. 2011). In that case the court held that a waiver of the right to appeal must be **knowing and voluntary** and that notice of the waiver must be **reasonably calculated to reach interested parties.** The court found that the notice provided in that case was inadequate because it did not provide sufficient information to allow the parties to make an informed decision about whether or not to waive their right to appeal.

Here, within this Case there was (1) NO notice to victims regarding their "opportunity to object" to the waiver of their legal rights (2) NO information provided to victims that would allow

them to make an "informed decision" about waiving judicial review and (3) NO information about how they could retain their "rights to appeal." Indeed, there was no notice provided within the context of this case that would provide a schedule, a process or a procedure for upholding and/or retaining their rights to appeal or to pursue the types of legal action the Debtors' now seem intent on directing to the FVT through this Motion. Given these facts, it is not surprising that these plaintiffs and many others filed actions against the Debtors. They were simply never noticed regarding an opportunity to retain these legal rights prior to bankruptcy plan confirmation and the execution of the channeling injunction. Instead, the Debtors rely on a post-facto footnote within the Plan that reserved these legal rights and remedies for a "handful of victims" that "objected to Trust Documents" and in so doing stripped these same rights away from all other victims. Indeed, the Debtors now seem intent on taking away the rights of victims who were first devastated by the PG&E fires and are now subjected to injustices that no other parties would tolerate.

## CONCLUSION

There was no notice provided to PG&E victims in any way, shape or form that informed them of the process or procedure to retain their rights to appeal or to maintain their rights to pursue the types of legal actions that the Debtor references and attempts to block through their Motion. Neither the Court, the Tort Claimant Committee nor Official Fire Claimant Professionals informed individual victims about any process or procedure to retain their rights. Through the Debtors' Motion, it now seems clear that this lack of judicial notice was by design so the rights of unsuspecting victims could be trampled upon. Moreover, there was no schedule or hearing noticed by the Debtors that would reasonably inform victims of the time or place to be heard to retain these rights. Now, the Debtors are attempting to strip victims of their rights through a channeling injunction to apparently establish unjust precedent that might be considered a "notice of retroactive due process" by stating within the Motion that "*after the effective date of the Plan, the Reorganized Debtors sent correspondence and made multiple efforts to obtain the voluntary dismissal of the actions...*"

"Informed Consent" is a judicial standard for all lawful agreements and rightfully supported through the American Bar Associations Rules of Professional Conduct. The Court should not set aside this ethical standard for the sake of legal expediency. **However, if there is any timely notice anywhere and in any form that was provided to individual victim claimants informing them of the process or procedure to retain their rights to appeal or any Court order indicating when or**

**how to retain their rights to judicial review more broadly, the Debtors or any other party should produce it.** If this notice is produced, Abrams will gladly withdraw this Objection. Otherwise, the Court should deny this Motion with prejudice and all subsequent Motions by the Debtors that are intent on retroactively stripping away the rights of victims and further diluting the value of the Fire Victim Trust that wildfire survivors like Abrams and his family have relied upon to rebuild their homes and their lives.

Executed on May 10, 2023, at Santa Rosa, CA.

Respectfully submitted,

William B. Abrams
Pro Se Claimant