```
1  JOHNNY D. KNADLER (SBN 220942)
2  LAW OFFICE OF JOHNNY D. KNADLER
   280 Summergrove Cir.
3  Roseville, CA  95678
   Telephone:  (310) 564-6695
4  Email:  SPM.PGE@gmail.com
5
   Attorney for Creditor
6
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| | Chapter 11 |
| **PG&E Corporation,** | |
| | Judge: Hon. Dennis Montali |
| - and – | Date: May 24, 2023 |
| | Time: 10:00 a.m. |
| **Pacific Gas and Electric Company** | Courtroom: (Tele/Videoconf. Appearance) |
| | United States Bankruptcy Court |
| Debtor | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |

**DECLARATION OF JAVAD MIRSAIDI IN SUPPORT OF OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368)**
**(ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS – NO LIABILITY CLAIMS )**

I, Javad Mirsaidi, do hereby declare:

    1.    I am the President of Synergy Project Management, Inc. ("SPM"), a creditor of the debtor and reorganized debtor Pacific Gas and Electric Company ("PG&E").  I have personal knowledge of the matters stated herein except as to those matters stated on information and belief, and as to those matters, I am informed and believe them to be true.  If called as a witness, I could and would testify as to those facts.

    2.    This declaration is made in support of the OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) filed concurrently herewith.

1   DECLARATION OF JAVAD MIRSAIDI ISO OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) (120TH OMNIBUS OBJ)

Case: 19-30088    Doc# 13719-1    Filed: 05/10/23    Entered: 05/10/23 14:28:46    Page 1 of 5

3. The City and County of San Francisco ("City") and PG&E have had a long history of working together given PG&E's status as a utility provider. As a result, multiple agreements, local ordinances, and state regulations have existed that regulated PG&E's conduct as a utility.

4. In December 1939, the City's Board of Supervisors approved Ordinance No. 413, which granted PG&E its rights to install gas lines as a utility ("Franchise Agreement"). A copy of the Franchise Agreement is attached as **Exhibit "A"**. Pursuant to Section 7, "The grantee shall (a) construct, install and maintain all pipes and appurtenances in conformity with all the lawful ordinances, rules and regulations heretofore or hereafter adopted by the Board of Supervisors, or other legislative body of the city, in the exercise of the police powers of the city."

5. Government Code 4216 establishes the 811 protocol where excavators are required to contact utilities prior to digging. Utilities are to mark their facilities and excavators are to work around them. This generally sets forth requirements for how accurate the utility markings have to be to allow excavators to find said utilities. Failure to comply would result in liability to the other party. Related to this, Order No. 176,707 issued by the City covers "Regulations for Excavating and Restoring Streets in San Francisco." This generally sets forth the code requirements for underground utilities (i.e., markings and how far deep it needs to be).

6. Given the numerous underground utilities installed by various utilities throughout the decades, the City has entered into multiple Support and Work-Around Agreements to address how the City and its contractors are to treat encounters with various crossings and the mitigation or relocation of such lines.

7. In 2015, SPM was a subcontractor of Ghilotti Brothers, Inc. to the PAVEMENT RENOVATION, SEWER REPLACEMENT, AND WATER MAIN INSTALLATION – HAIGHT STREET AND HAYES STREET project ("Haight Project") issued by the City. Pursuant to General Condition 4.02 on Subcontractual Relations, all subcontractors are bound by the Project Manual. A true and correct copy of Volume 1 of the Haight Project is attached as **Exhibit "B"**.

8. The Haight Project itself has numerous provisions regarding underground utilities. Section 00 73 20 covers "Existing Utility Facilities" and any special requirements for utilities

2 DECLARATION OF JAVAD MIRSAIDI ISO OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) (120TH OMNIBUS OBJ)

Case: 19-30088    Doc# 13719-1    Filed: 05/10/23    Entered: 05/10/23 14:28:46    Page 2 of 5

encountered by contractors while performing the work. Subsection 1.1.B explicitly states "The Utility Crossings Specifications is based on agreements with non-governmental agencies for removal, support and relocation of privately-owned utility facilities." Meanwhile, Subsection D states, "For Work which physically conflicts with existing non-City owned utilities that were not indicated in the Contract Documents, the Contractor shall seek reimbursement for additional cost incurred from the non-City Utility Operator." Second, Section 00 73 21 covers "Support, Work Around, and Protect Existing Utility Company Facilities-General Specifications." To the extent a workaround would have been required, this section would have governed the applicable reimbursement rates and reimbursements.

9. PG&E was required to mark and bury all of its underground gas lines in accordance with regulations so that contractors would avoid striking its lines. PG&E failed to do so. SPM struck five PG&E lines which disrupted construction and local businesses. Due to the number of strikes, the City had SPM removed from the Haight Project. PG&E denied all wrongdoing and blamed SPM for all of the strikes. On May 9, 2017, PG&E denied all of SPM's claims for costs incurred due to the strikes. Copies of the denied claims are attached as **Exhibit "C"**. SPM requested an explanation and received none.

10. On July 10, 2017, SPM filed suit in San Francisco Superior Court, case CGC-17-560034, against the City and DOES 1-10 for various torts relating to being wrongfully removed from the Haight Project and being effectively barred from future work. A copy of the lawsuit is attached as **Exhibit "D"**. After SPM amended its complaint to add federal claims, the City had the claim removed to federal court around November 27, 2017.

11. In 2019, SPM received from the City several reports on the Haight Project. This was after years of protracted delays in the production of documents. The scheduling order in federal court did not allow for discovery until 2019. Even then the City delayed its responses. Ultimately, SPM had to do a public records request for some of the information that the City ultimately turned over. The information regarding PG&E's knowledge was concerning. For example, in the August 27, 2015 strike, SPM crews were removing the surface asphalt when they struck a gas line that was located about 11 inches from the surface, while the asphalt itself was

3    DECLARATION OF JAVAD MIRSAIDI ISO OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) (120TH OMNIBUS OBJ)

Case: 19-30088   Doc# 13719-1   Filed: 05/10/23   Entered: 05/10/23 14:28:46   Page 3 of 5

about 10 inches thick. This was inconsistent with regulations that require underground utilities to be buried at least 24 inches from the surface, which made striking the surface unavoidable. However, evidence showed PG&E's own assessment that "The damaged gas line was determined to be approximately 8-9 inches deep." In an email dated September 1, 2015, the City assessed the situation as "PG&E representatives have confirmed the shallow installation of their gas line and are not holding the contractor responsible for this incident." Evidence of the August 27 strike are attached as **Exhibit "E"**. Nonetheless, PG&E had denied SPM's claim on May 9, 2017. PG&E and the City jointly concealed evidence that would have exonerated SPM's work on the Haight Project, denied SPM any compensation, and allowed SPM's business to be ruined as a city contractor. Until that evidence was turned over, SPM did not have any hard evidence of PG&E's deceitful conduct.

12. Prior to the City turning over evidence, SPM's only other hint of fraudulent conduct was from the California Public Utilities Commission ("CPUC")'s ORDER INSTITUTING INVESTIGATION AND ORDER TO SHOW CAUSE ON THE COMMISSION'S OWN MOTION INTO THE OPERATIONS AND PRACTICES OF PACIFIC GAS AND ELECTRIC COMPANY WITH RESPECT TO LOCATE AND MARK PRACTICES AND RELATED MATTERS (I.18-12-007) ("OII") in December 2018. The crux of the investigation was whether or not PG&E's locate and mark program of natural gas facilities violated various legal requirements. This was based on a report from the CPUC's Safety and Enforcement Division's report of various violations. However, that was primarily focused on the submission of tickets related to the Locate and Mark program and not the actual investigations themselves. In 2020, the CPUC adopted D.20-02-36, where the parties settled and agreed as part of the findings of fact: "4. PG&E's top management was often unaware of problems with PG&E's Locate and Mark program, even though PG&E staff was aware of the problems. 5. Even when it became aware of problems with its Locate and Mark program, PG&E's top management failed to resolve the problems." This Court approved the settlement on April 24, 2020, docket entry 6932.

13. SPM is concurrently filing an amended claim to provide additional details for the timeliness of its claim. SPM is not changing the amount of its claim at this time as PG&E

4    DECLARATION OF JAVAD MIRSAIDI ISO OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) (120TH OMNIBUS OBJ)

Case: 19-30088    Doc# 13719-1    Filed: 05/10/23    Entered: 05/10/23 14:28:46    Page 4 of 5

objected on an absolute no-liability basis.

I declare the foregoing to be true under penalty of perjury. Executed on May 9, 2023 in the City and County of San Francisco, State of California.

_____
Javad Mirsaidi

5   DECLARATION OF JAVAD MIRSAIDI ISO OPPOSITION TO OBJECTION TO CLAIM – SYNERGY PROJECT MANAGEMENT, INC. (POC #368) (120TH OMNIBUS OBJ)

Case: 19-30088   Doc# 13719-1   Filed: 05/10/23   Entered: 05/10/23 14:28:46   Page 5 of 5