JOHN T. RICHARDS, ESQ. SBN 159875
john@richardswillispc.com
EVAN WILLIS, ESQ. SBN 314797
evan@richardswillispc.com
RICHARDS WILLIS PC
750 B Street, Suite 1760
San Diego, CA 92101
T:(619) 237-9800

*Attorneys for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| EFREN ROBINSON, et al.<br><br>*Plaintiffs,*<br><br>v<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | CASE NO: 19-30088(DM)<br><br>[State Court Case No.: CGC-19-580073]<br><br>**EFREN ROBINSON, ET AL.'S OBJECTION TO THE REORGANIZED DEBTORS' OMNIBUS MOTION TO ENFORCE THE DISCHARGE AND INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER AGAINST CERTAIN PENDING ACTIONS**<br><br>**Relates To:** [Dkt. 13685]<br><br>**Hearing Date:** May 24, 2023<br><br>**Time:** 10:00am (Pacific Time) |

1

Efren Robinson ("Robinson") as a PG&E fire victim claimant and Northern California resident, submits this "Efren Robinson Objection to the Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "Objection"). This Objection is filed in direct response to the "Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "Motion"). Robinson, et al. is a named "State Court Plaintiff," he has standing to file this Objection given that the Debtors' have stated within the Motion that they plan to enforce this channeling injunction and prevent appeals and other legal actions for "all holders of claims" including Robinson and other similarly situated victims. Robinson respectfully submits the following:

## BACKGROUND

1) On February 6, 2020 The Court filed the "Order Establishing Scheduling for Disclosure Statement Approval and Plan Confirmation" [Dkt. 5673]. Subsequently, on February 11, 2020 the Court filed the "Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation" [Dkt. 5732]. Within these Court orders it established March 6, 2020 as the "Deadline for any other parties (e.g., parties other than the Core Parties) to file and serve any Disclosure Statement or Solicitation Objections, which shall be in short, concise bullet points" and established March 10, 2020 as the "Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures." To date, victims have only received 60% of their determinations from the Fire Victim Trust. Additionally, while the settlement was for $13.5billion, the Trust has already issued over $16billion in awards.

/ / / /

# OBJECTION

Robinson is a holder of Damage Claims under the Debtors' confirmed "Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020" [Dkt. 8048] (the "**Plan**"). Robinson, et al. finds the Debtors' efforts through this motion to push the resolution of these actions onto the already beleaguered and underfunded Fire Victim Trust to be unjust and not consistent with the facts of this case. Specifically, the Debtor has stated that *"the dismissal of the Pending Actions pursuant to and consistent with the Channeling Injunction does not leave the State Court Plaintiffs who have filed valid and timely claims in the Chapter 11 Cases without a potential remedy… if the Fire Victim Trust deems such claims entitled to distribution,* **such Fire Victim Claims will be liquidated, satisfied, and/or paid by the Fire Victim Trust**" (emphasis added). Robinson, et al. has an active lawsuit they do not wish to have dismissed for any purpose until the Fire Victim Trust has completed their determination and compensation to victims. Robinson, et al. respectfully requests to reserve their claim in the state court until the matter has been completely resolved. As stated earlier, it has not yet: to date, victims have only received 60% of their determinations from the Fire Victim Trust. Additionally, while the settlement to victims was for $13.5billion, the Trust has already issued over $16billion in awards, which begs the question how or when all the victims will be fully compensated.

The Debtors are well aware that these plaintiffs along with the vast majority of individual fire victim claimants were never informed of any Court process or schedule where they could retain their rights to an appeal. The post-facto removal of fire victim rights that was pursued by the Debtors in close collaboration and consultation with certain victim attorneys does not in any way satisfy Federal Rules of Bankruptcy Procedure 9019 or Rule 2002. These rules require that notice must be provided to all affected parties. *In re UAL Corporation*, 412 F. 3d775 (7th Cir.

2005), the court held that a waiver of the right to judicial review must be knowing and voluntary and that notice of the waiver must be adequate to satisfy due process. The court found that the notice provided in that case was inadequate because it did not clearly inform the parties of the waiver of their right to appeal or provide them with a meaningful opportunity to object. Also, the Court should consider. *In re Indiana Harbor Belt Railroad Co*. 666 F.3d 540 (7th Cir. 2011). In that case the court held that a waiver of the right to appeal must be knowing and voluntary and that notice of the waiver must be reasonably calculated to reach interested parties. The court found that the notice provided in that case was inadequate because it did not provide sufficient information to allow the parties to make an informed decision about whether or not to waive their right to appeal. It is too early to discharge all claims/pending litigation when only 60% has been paid to victims as of May, 2023.

    Here, within this Case there was (1) NO notice to victims regarding their "opportunity to object" to the waiver of their legal rights (2) NO information provided to victims that would allow them to make an "informed decision" about waiving judicial review and (3) NO information about how they could retain their "rights to appeal." Indeed, there was no notice provided within the context of this case that would provide a schedule, a process or a procedure for upholding and/or retaining their rights to appeal or to pursue the types of legal action the Debtors' now seem intent on directing to the FVT through this Motion. Given these facts, it is not surprising that these plaintiffs and many others filed actions against the Debtors. They were simply never noticed regarding an opportunity to retain these legal rights prior to bankruptcy plan confirmation and the execution of the channeling injunction. Instead, the Debtors rely on a post-facto footnote within the Plan that reserved these legal rights and remedies for a "handful of victims" that "objected to Trust Documents" and in so doing stripped these same rights away

from all other victims. Indeed, the Debtors now seem intent on taking away the rights of victims who were first devastated by the PG&E fires and are now subjected to injustices that no other parties would tolerate. It is too early to discharge all claims/pending litigation when only 60% has been paid to victims as of May, 2023 and the final outcome is unclear when over $16billion has been awarded for a $13.5billion settlement.

## CONCLUSION

It is still unclear what the final result for victims will be in this matter. It is too early to discharge all claims/pending litigation when only 60% has been paid to victims as of May, 2023 and the final outcome is unclear when over $16billion has been awarded for a $13.5billion settlement. Further, there was no notice provided to PG&E victims in any way, shape or form that informed them of the process or procedure to retain their rights to appeal or to maintain their rights to pursue the types of legal actions that the Debtor references and attempts to block through their Motion. Neither the Court, the Tort Claimant Committee nor Official Fire Claimant Professionals informed individual victims about any process or procedure to retain their rights. Through the Debtors' Motion, it now seems clear that this lack of judicial notice was by design so the rights of unsuspecting victims could be trampled upon. Moreover, there was no schedule or hearing noticed by the Debtors that would reasonably inform victims of the time or place to be heard to retain these rights. Now, the Debtors are attempting to strip victims of their rights through a channeling injunction to apparently establish unjust precedent that might be considered a "notice of retroactive due process" by stating within the Motion that "*after the effective date of the Plan, the Reorganized Debtors sent correspondence and made multiple efforts to obtain the voluntary dismissal of the actions...*" This is inequitable and unfair to the victims, who have not been fully compensated yet.

The Court should deny this Motion with prejudice and all subsequent Motions by the Debtors that are intent on retroactively stripping away the rights of victims and further diluting the value of the Fire Victim Trust that wildfire survivors like Robinson and his family have relied upon to rebuild their homes and their lives. It is simply too early for such a draconian action when the final results for the victims is unclear at best.

DATED: May 10, 2023          RICHARDS WILLIS PC

By: *[signature]*
JOHN T. RICHARDS, ESQ.
EVAN WILLIS, ESQ.
*Attorneys for Plaintiff*