# EXHIBIT C:
# Disclosure Statements for Proposed Mediators

## Disclosure of Potential Conflicts – Judge William Cahill (Ret.)

The below is a list of potential conflicts provided by Hon. William Cahill (Ret.).

1. To the best of Judge Cahill's knowledge and records, Judge Cahill has not had any relationship with Cravath, Swaine & Moore LLP, Keller Benvenutti Kim LLP, or Weil, Gotshal & Manges LLP over the last five years.

2. To the best of Judge Cahill's knowledge and records, over the last five years, Judge Cahill has performed work as mediator for the Debtors and Reorganized Debtors in two mediations between April 2018 and April 2023.

3. To the best of Judge Cahill's knowledge and records, over the last five years, Judge Cahill has performed work as mediator in five mediations between April 2018 and April 2023 in which Latham & Watkins LLP served as counsel for the defendants.

4. To the best of Judge Cahill's knowledge and records, over the last five years, Judge Cahill has performed work as an arbitrator in one arbitration between April 2018 and April 2023 in which Latham & Watkins LLP served as counsel for the defendants.

Slack, Richard vs.

This report includes General Disclosure of Client Activity from 04/10/2018 to 04/10/2023. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

| Panelist: William J. Cahill | Reference #: 1100115707 | 4/10/2023 |
|---|---|---|

## Debtor(s)

**Cravath, Swaine & Moore LLP**

No Address Listed

**Cases heard with Cravath, Swaine & Moore LLP**

No Cases to Report

**Latham & Watkins LLP**

No Address Listed

**Cases heard with Latham & Watkins LLP**

Arbitration
- Arbitration(s) - Closed cases                 1

Mediations\Neutral Analysis\Other
- Mediation(s) - Closed cases                 5

**PG&E Corporation**

No Address Listed

**Cases heard with PG&E Corporation**

Mediations\Neutral Analysis\Other
- Mediation(s) - Closed cases                 2

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

This report includes General Disclosure of Client Activity from 04/10/2018 to 04/10/2023. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: William J. Cahill          Reference #: 1100115707          4/10/2023

## Counsel for Debtor

**Tobias S. Keller**
**Keller & Benvenutti**

650 California St.
Suite 1900
San Francisco, CA 94108

**Cases heard with Tobias S. Keller**

> No Cases to Report

**Cases heard with Keller & Benvenutti**

> No Cases to Report

**Jessica  Liou**
**Weil Gotshal & Manges LLP**

767 Fifth Ave.
New York, NY 10153

**Cases heard with Jessica  Liou**

> No Cases to Report

**Matthew  Goren**
**Weil Gotshal & Manges LLP**

767 Fifth Ave.
New York, NY 10153

**Cases heard with Matthew  Goren**

> No Cases to Report

**Richard W. Slack**
**Weil Gotshal & Manges LLP**

767 Fifth Ave.
New York, NY 10153

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

This report includes General Disclosure of Client Activity from 04/10/2018 to 04/10/2023. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: William J. Cahill          Reference #: 1100115707          4/10/2023

**Cases heard with Richard W. Slack**

> No Cases to Report

**Cases heard with Weil Gotshal & Manges LLP**

> No Cases to Report

**Theodore  Tsekerides**

**Weil Gotshal & Manges LLP**

767 Fifth Ave.
New York, NY 10153

**Cases heard with Theodore  Tsekerides**

> No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

Slack, Richard vs.

This report includes General Disclosure of Client Activity from 04/10/2018 to 04/10/2023. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: William J. Cahill          Reference #: 1100115707          4/10/2023

## Other Disclosures

N/A

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

## **Disclosure of Potential Conflicts – Ambassador David Carden (Ret.)**

The below is a list of potential conflicts by the Hon. David Carden (Ret.).

1. To the best of Ambassador Carden's knowledge and records, Ambassador Carden has not performed any work for the Debtors or Reorganized Debtors over the last five years.

2. To the best of Ambassador Carden's knowledge and records, Ambassador Carden has not performed any work for or with Cravath, Swaine & Moore LLP or Keller Benvenutti Kim LLP in the last five years.

3. Ambassador Carden previously served as a mediator in a 2022 mediation in which Weil, Gotshal & Manges LLP served as counsel for the defendant. A settlement was achieved as a result of this mediation.

4. Ambassador Carden previously served as a mediator in two mediations in which Latham & Watkins LLP served as counsel for the defendants in 2019 and 2021. A settlement was achieved as a result of this mediation.

## **Disclosure Statement – Michael D. Cooper, Esq.**

Below are disclosures provided by Michael D. Cooper, Esq.

1. Mr. Cooper has worked with counsel for PG&E, as well as counsel for numerous claimants, in his capacity as a mediator of general unsecured claims arising out of PG&E's Chapter 11 bankruptcy cases currently pending in the United States Bankruptcy Court for the Northern District of California.

2. Aside from the above, Mr. Cooper has done no work for, or on behalf of, any of the following entities in the past five years:  PG&E Corporation; Pacific Gas and Electric Company; Weil, Gotshal & Manges LLP; Keller Benvenutti Kim LLP; Cravath, Swaine & Moore LLP; and Latham & Watkins LLP.  In 2020, Mr. Cooper mediated a dispute in which Keller Benvenutti Kim LLP was representing parties.

3. Mr. Cooper is unaware of any other matters that could create a reasonable inference of bias with respect to mediation of Securities Claims.

## Disclosure Statement – Lizbeth Hasse, Esq.

Below are disclosures provided by Lizbeth Hasse, Esq.

1. Ms. Hasse mediated a matter involving Latham & Watkins LLP in July 2019, and she mediated a matter involving Weil, Gotshal & Manges LLP in November 2014.

2. Aside from the above, Ms. Hasse has done no work for, or on behalf of, any of the following entities in the past five years: PG&E Corporation; Pacific Gas and Electric Company; Weil, Gotshal & Manges LLP; Keller Benvenutti Kim LLP; Cravath, Swaine & Moore LLP; and Latham & Watkins LLP.

3. Ms. Hasse is unaware of any other matters that could create a reasonable inference of bias with respect to mediation of Securities Claims.

## <u>Disclosure of Potential Conflicts – Mark Helm</u>

The below is a list of potential conflicts provided by Mark Helm.

1.  To the best of Mr. Helm's knowledge and records, Mr. Helm has not had any relationship with Weil, Gotshal & Manges LLP, Latham & Watkins LLP, Cravath, Swaine & Moore LLP, or Keller Benvenutti Kim LLP over the last five years.

2.  To the best of Mr. Helm's knowledge and records, Mr. Helm has not performed any work for the Debtors or Reorganized Debtors over the last five years.

3.  Mr. Helm's prior law firm, Munger Tolles & Olson LLP, did perform work for Pacific Gas and Electric Company ("PG&E") in certain wildfire cases in the last five years while Mr. Helm was still a partner. Mr. Helm did not perform work on any of these matters.

## Disclosure Statement – Frederick D. Holden, Jr., Esq.

Below are disclosures provided by Frederick D. Holden, Jr., Esq.

1. Mr. Holden has done no work for, or on behalf of, any of the following entities in the past five years: PG&E Corporation; Pacific Gas and Electric Company; Weil, Gotshal & Manges LLP; Keller Benvenutti Kim LLP; Cravath, Swaine & Moore LLP; and Latham & Watkins LLP.

2. Over 10 years ago, while he was a partner at Orrick, Herrington & Sutcliffe LLP ("Orrick"), Mr. Holden handled a matter for PG&E, in which PG&E pursued claims for diverted charitable contributions. While Orrick handled numerous other matters for PG&E while Mr. Holden was a partner there, to the best of his recollection, Mr. Holden did not work on any other matter for PG&E or any affiliate.

3. Mr. Holden is unaware of any other matters that could create a reasonable inference of bias with respect to mediation of Securities Claims.

## Disclosure of Potential Conflicts – Judge Randall J. Newsome (Ret.)

The below is a list of potential conflicts provided by the Hon. Randall J. Newsome (Ret.).

1. In 2019, Judge Newsome was appointed as mediator by Judge Montali of the United States Bankruptcy Court, Northern District of California, to oversee the reorganization plan in the Pacific Gas and Electric Company's ("PG&E") Chapter 11 bankruptcy cases. In the course of assisting the parties to arrive at a consensual plan of reorganization, Judge Newsome interacted with counsel from Weil, Gotshal & Manges LLP, Latham & Watkins LLP, Cravath, Swaine & Moore LLP, Keller Benvenutti Kim LLP ("PG&E Counsel Firms"), and many other law firms.

2. Judge Newsome also worked with counsel for PG&E in connection with mediations of general unsecured claims and contested matters arising out of these cases. One notable contested matter involved the City of Santa Clara and the Debtors, who were represented by Weil. A settlement was achieved as a result of this mediation and the settlement was approved by Judge Montali.

3. To the best of Judge Newsome's knowledge and records, other than matters arising in or related to these bankruptcy proceedings, Judge Newsome has no connections to the PG&E Counsel Firms and has not had any other relationship with them over the last five years.

4. To the best of Judge Newsome's knowledge and records, other than the matters arising in or related to these bankruptcy proceedings, Judge Newsome has not performed any other work for the Debtors or Reorganized Debtors over the last five years.

5. To the best of Judge Newsome's knowledge and records, insofar as he has been able to ascertain after reasonable inquiry, Judge Newsome is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## <u>Disclosure Statement – Hon. Winifred Y. Smith (Ret.)</u>

Below are disclosures provided by Hon. Winifred Y. Smith (Ret.).

1.  Judge Smith has done no work for, or on behalf of, any of the following entities in the past five years:  PG&E Corporation; Pacific Gas and Electric Company; Weil, Gotshal & Manges LLP; Keller Benvenutti Kim LLP; Cravath, Swaine & Moore LLP; and Latham & Watkins LLP.

2.  Judge Smith is unaware of any other matters that could create a reasonable inference of bias with respect to mediation of Securities Claims.