**JOHNSON INJURY LAW, APC**
Boyd C. Johnson, State Bar No. 305834
eservice@johnsoninjurylawyers.com
33 Brookline
Aliso Viejo, California 92656
Telephone: (714) 656-2400
Facsimile: (714) 646-6743

Attorneys for Creditor, DAVID MITCHELL

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION. | Chapter 11 |
| - and - | **RESPONSE OF CREDITOR DAVID MITCHELL TO DEBTOR'S ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (ADR NO LIABILITY CLAIMS) RELATING TO CLAIM NO. 2306** |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |

Pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, Creditor DAVID MITCHELL ("MITCHELL") submits this response to the One Hundred Twentieth Omnibus Objection to Claims (ADR NO LIABILITY CLAIMS) (the "Objection"), filed by PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility") [collectively, "Debtors"], as it relates to Claim No. 2306 (the "Claim"). (Dkt. No. 13670).

This response is submitted in accordance with the Court's Order Approving (A) Procedures For Filing Omnibus Objections to Claims And (B) The Form And Manner Of Notice Of Omnibus Objections filed in this case on June 30, 2020 (Dkt. No. 8228) (the "June 30, 2020 Order").

CREDITOR RESPONSE TO OMNIBUS OBJECTION – CLAIM NO. 2306

## I. BACKGROUND

MITCHELL's personal injury claim arises from a January 25, 2018 incident in Bakersfield, California where PG&E negligently failed to sufficiently insulate live electrical conductors, leading to an arc explosion that caused severe injuries to MITCHELL. MITCHELL timely filed his Proof of Claim on April 15, 2019. As shown herein (*See,* Exhibit 1), MITCHELL suffered personal injury damages in the amount of $482,000.00 because of said incident. Debtors' objection to the Claim fails both procedurally and substantively as (1) the Claim is statutorily presumed valid under the Federal Rule of Bankruptcy Procedure Rule 3001(f), (2) Debtors' Objection fails to rebut said presumption, and (3) Debtors' negligence and MITCHELL's injuries are supported by witnesses with firsthand knowledge and documentation.

## II. APPLICABLE LEGAL AUTHORITIES

Under Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f): "A proof of claim executed and filed in accordance with these rules shall constitute prima face evidence of the validity and amount of the claim." An omnibus objection to a proof of claim must "state the grounds of the objection". FRBP, Rule 3007 (e)(3). One ground of objection, as approved by the Court in its June 30, 2020, is that: "The claims seek recovery of amounts for which the Debtors are not liable *for the reason or reasons* stated in the objection" (emphasis added). Only when the objector raises "***facts*** tending to defeat the [creditor's] claim" will the burden revert to the claimant. *Wright v. Holm (In re Holm)* 931 F.2d 620, 623 (9th Cir. 1991) (emphasis added).

## III. ARGUMENT AND ANALYSIS

Here, Debtors' do not attack Claim No. 2306 on any ground other than that they "are not liable" to MITHCELL for the incident (*See*, Dkt. No. 13670, p. 8, "No Liability Based on Investigation"). Debtors' stated ground for this objection is paltry, however. It is conclusory and devoid of substance. Debtors offer <u>no facts</u> whatsoever about MITCHELL's Claim. Rather, Debtors only claim, generally and vaguely, that they "analyzed" their "books and records" and "investigated the facts" and concluded

2

CREDITOR RESPONSE TO OMNIBUS OBJECTION – CLAIM NO. 2306

"no liability" on their part. This careless approach belies the procedural rules and authorities outlined in Debtors' very own Objection. The rule Debtors declared was: "Once the objector raises '**facts** tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves', then 'the burden reverts to the claimant'" (*Id*., p. 7, lines 5-9, citations omitted) (emphasis added). Here, Debtors offered **no facts** at all about MITCHELL's claim, let alone any facts that were probative to tell a different story other than what occurred on January 25, 2018.

By stark contrast, MITCHELL hereby declares and explains, under penalty of perjury, that PG&E was negligent because they failed to sufficiently insulate the top of the conductor and leaving the neutral bare, they left the wires insufficiently wrapped, and as a direct result of this the arc explosion occurred. Exhibit 1, Attached hereto, ¶¶ 2-4.

The Court's own June 30, 2020 Order states that the Debtors' Omnibus Objection needed to provide a "reason" or "reasons" why Debtors are not liable. But, here, Debtors provided no reasons at all. Only conclusions. Accordingly, the Court should not sustain the Objection as Debtors have failed to rebut the presumption of the Claim's validity. Debtors' Objection lacks any specific facts or evidence that would call into question the validity of MITCHELL's Claim.

Regarding MITCHELL's damages and an explanation for the amount of his Claim, as a result of the incident, MITCHELL sustained severe, lifelong, and permanent injuries. *See*, Exhibit 1. His medical bills total $22,098.05, and he has suffered wage loss in the minimum amount of $92,463.09.

### IV. MITCHELL'S COUNSEL'S CONTACT INFORMATION

Boyd Johnson, Esq. and Craig E. Johnson, Esq. both have authority to reconcile, settle, or otherwise resolve Claim 2306 on MITCHELL's behalf. Boyd Johnson's contact information is as follows: 33 Brookline, Aliso Viejo, CA 92656 (Address), 714-656-2400 (telephone number), and boyd@johnsoninjurylawyers.com (email address). Craig Johnson's contact information is as follows: 5401 Business

Park South, Suite 206 Bakersfield, CA 93309 (Address), (661) 631-1713 (telephone number), and craig@cjinjurylaw.com (email address).

V. **CONCLUSION**

For these reasons, MITCHELL respectfully requests the Court to overrule the Objection and allow the Claim in full.

DATED:                      JOHNSON INJURY LAW, APC

_____
BOYD C. JOHNSON
Attorney for DAVID MITCHELL, Creditor

DATED:                      LAW OFFICES OF CRAIG E. JOHNSON

_____
CRAIG E. JOHNSON
Attorney for DAVID MITCHELL, Creditor

# EXHIBIT 1

**EXHIBIT 1 – DECLARATION OF DAVID MITCHELL**

I, David Mitchell, under penalty of perjury, declare as follows:

1. My name is David Mitchell. I am over the age of 18 and I am fully competent to make this declaration.

2. On January 25, 2018, I was at 7609 Calle Nobleza, in the City of Bakersfield, County of Kern, State of California, to perform a Residential Electrical Panel Upgrade. During this task, an employee of Pacific Gas and Electric Company (PG&E) disconnected power at the panel and used electrical tape to cap the live conductors. However, the employee negligently used an insufficient amount of tape on the top of the conductor and the neutral was left bare.

3. As I lifted the new panel over the service conductor, the bare neutral was touching the side of the panel, and the top of one of the hot conductors touched part of the panel. The insufficient insulation on the top of the live terminal and the bare neutral created a circuit, causing the hot terminal to arc. Consequently, an explosion occurred, damaging the electrical panel, and causing me to fall back onto the ground.

4. The employee of PG&E was negligent in failing to sufficiently insulate the top of the conductor and leaving the neutral bare. I had no reason to suspect that the top of the conductor was insufficiently wrapped. When I encountered the wires, the left wire was not cut but the arc burned a hole in the tape on the top of the conductor. I could not have known whether the top was sufficiently wrapped. The occurrence of the arc indicates that the top was not sufficiently insulated.

5. As a direct result of this accident, I sustained severe, lifelong, and permanent injuries. I was initially diagnosed with a sprain of the right wrist and hand. Over time, my condition worsened, and I was subsequently diagnosed with thoracic sprain/strain, lumbar sprain/strain, lumbosacral sprain, wrist sprain/strain, and myospasms. I also suffered from capsulitis, a small effusion of the MCP of the long finger, mild canal stenosis, low back pain/herniated disc, lumbar strain, lumbar spine multilevel disk bulging symptomatic with partial annular fissure at the L4-L5 level,

and several disc protrusions in the lumbar regions. At LS-S1, a very large 14.2 mm disc extrusion was seen with bone marrow edema, indicating acute trabecular bone injury or degenerative change.  My doctors have confirmed my continuing back pain will be lifelong.

6. My medical bills to date total $22,098.05, detailed as follows: Accelerated Urgent Care $ 635.00, Dr. Kubo $ 237.00, Core Chiropractic & Wellness $ 3,740.00, Dr. Ghol B. Ha'Eri S 1,400.00, Truxtun Radiology $ 2,337.00, Dr. Ian Armstrong $ 402.00, Grossman Imaging $ 1,422.06, Glinn & Giordano Physical Therapy $ 1,880.00, Dr. Michael Price $ 2,350.00, Expert MRI $ 1,695.00, Costco (Massage chair) $ 5,999.99, for a total of $22,098.05.

7. At the time of the accident, I was self-employed by Mitchell Security, Inc. dba MSI Electric as an electrical installer.  Due to my injuries, I was unable to perform my job duties for 27 months and continuing.  I had to hire Mr. Joshua Hicks-Peralta and Brian K. Chaidez to perform my job duties.  As such, I have suffered a wage loss in the amount of $92,463.09 and counting.  Both Mr. Hicks-Peralta's and Brian K. Chaidez's payroll summaries, verifying this wage loss, have been provided to counsel for PG&E.

8. It is my belief, as well as the opinion of my treating doctors, that my condition will be lifelong and necessitate additional medical care. The estimated cost for this treatment is $2,000.00 per year.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 10th day of May, 2023, at Bakersfield, California.

_____
DAVID MITCHELL

2

EXHIBIT 1 – DECLARATION OF DAVID MITCHELL