Entered on Docket
May 17, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: PG&E CORPORATION; PACIFIC GAS & ELECTRIC COMPANY,<br><br>           Debtors,<br><br>------------------------------<br><br>PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO; YORK COUNTY ON BEHALF OF THE COUNTY OF YORK RETIREMENT FUND; CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM; MID-JERSEY TRUCKING INDUSTRY & LOCAL NO. 701 PENSION FUND,<br><br>           Appellants,<br><br> v.<br><br>PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY; OFFICIAL COMMITTEE OF TORT CLAIMANTS; OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>           Appellees. | No.   21-16507<br><br>D.C. No. 4:20-cv-04567-HSG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California

---

      *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted May 5, 2023
San Francisco, California

Before:  WARDLAW, NGUYEN, and KOH, Circuit Judges.

The Public Employees Retirement Association of New Mexico, York County on Behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively, "PERA") appeal the district court's affirmance of the bankruptcy court's order confirming the Chapter 11 Reorganization Plan ("Plan") for PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E").  PERA challenges only the part of the Confirmation Order approving an Insurance Deduction for Class 10A-II.  PG&E and the Official Committee of Tort Claimants ("TCC") oppose the appeal.  We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

1. The TCC has failed to meet its burden for dismissal under the doctrine of equitable mootness.  *See In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012).  We find that the balance of the four *Thorpe* factors weighs against a finding of equitable mootness.  First, although PERA failed to seek a stay of the confirmation order, this fact does not require dismissal because the court can still fashion effective relief.  *See Suter v. Goedert*, 504 F.3d 982, 990 (9th Cir. 2007) (holding that the failure to seek a stay did not equitably moot an appeal because

2

circumstances would still permit the court to grant relief to the parties); *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002) (holding that an appeal is not moot despite failure to seek a stay because it was still possible to fashion effective relief). Second, the Plan has been substantially consummated, which weighs in favor of equitable relief. Third, the TCC has failed to show how innocent third parties would be unduly affected by the appeal. The relief requested would not change PERA's or Fire Victims' ability to pursue PG&E's Side B Insurance Coverage outside of bankruptcy, and the TCC's argument that the relief would affect the dilution of Fire Victims' stock is speculative. Finally, and most importantly, the requested relief—a modification of the Insurance Deduction affecting only Class 10A-II—would not require unwinding "complex or difficult" transactions on which other parties are entitled to rely. *See In re Mortgs. Ltd.*, 771 F.3d 1211, 1215 (9th Cir. 2014). Thus, the TCC's pending motion to dismiss the appeal as equitably moot, **Dkt 50**, is DENIED.

2. Considering the particular circumstances of this case and the terms of the Plan, the bankruptcy court did not err in concluding that the Insurance Deduction is consistent with *Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243 (1935). *Ivanhoe* stands for the proposition that a creditor who may also recover from a third party to satisfy its claim against the debtor may file a proof of claim in bankruptcy for the total amount the creditor is owed, but the sum

of the creditor's recovery from the debtor and any third party may not exceed the full value of the creditor's claim. *Id.* at 246.

The bankruptcy court plausibly concluded that the Insurance Deduction is necessary to prevent double recovery (i.e., recovery in excess of the full value of a creditor's claim) because Class 10A-II claimants would be "paid in full in shares" under the Plan, so a claimant who received money from a third party on account of his claim "can't get the full payment of [shares]." We review the bankruptcy court's factual determination for clear error. "[A] factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010). The bankruptcy court noted that the parties negotiated, and PERA agreed to, the formula in Section 1.109, which provides that "with respect to an Allowed HoldCo Rescission or Damage Claim," a Class 10A-II claimant will receive a certain number of shares of New HoldCo Common Stock. Furthermore, Section 4.14 states that Class 10A-II claimants would receive payment constituting "full and final satisfaction, settlement, release, and discharge" of their Allowed Claim. The reasonable inference that the bankruptcy court drew from these facts is that Section 1.109 sets forth a conversion formula that fully compensates a Class 10A-II claimant for their Allowed Claim, and PERA agreed to this conversion formula. Under *Ivanhoe*, if Class 10A-II will be fully compensated under the Plan, it follows that the Insurance Deduction is

necessary to ensure that Class 10A-II will not receive more than that for which they bargained. Thus, we are not "left with a definite and firm conviction that a mistake has been committed." *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013) (quoting *in re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003)).

**AFFIRMED.**