| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Richard W. Slack (*pro hac vice*) |
| 2 | (richard.slack@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 3 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 4 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 5 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 6 | Fax: 212 310 8007 |
| 7 | KELLER BENVENUTTI KIM LLP |
| | Jane Kim (#298192) |
| 8 | (jkim@kbkllp.com) |
| | David A. Taylor (#247433) |
| 9 | (dtaylor@kbkllp.com) |
| | Thomas B. Rupp (#278041) |
| 10 | (trupp@kbkllp.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 12 | Fax: 650 636 9251 |
| 13 | *Attorneys for Debtors and Reorganized Debtors* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| | Chapter 11 (Lead Case) (Jointly Administered) |
| **PG&E CORPORATION,** | |
| - and - | **REORGANIZED DEBTORS' REPLY IN SUPPORT OF OMNIBUS MOTION TO ENFORCE THE DISCHARGE AND INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER AGAINST CERTAIN PENDING ACTIONS** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | [Related to Dkt. No. 13685] |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: May 24, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **(Tele/Videoconference Only)**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E, the "**Debtors**" or "**Reorganized Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply in support of the *Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions* filed on April 26, 2023 [Dkt. No. 13685] (the "**Motion**")[1] and in response to the oppositions submitted by Efren Robinson [Dkt. No. 13721] (the "**Richards Willis Plaintiffs**")[2]; Liza Sims, individually and on behalf of Edna Gleason, Thomas Gardner, and Jaydene Gardner (the "**Luciano Plaintiffs**") [Dkt. Nos. 13710–13713]; and the opposition submitted by William B. Abrams[3] [Dkt. Nos. 13714–13715] (collectively with the Richards Willis Plaintiffs and the Luciano Plaintiffs, the "**Responding Parties**"). Additional support for the Motion is provided in the *Supplemental Declaration of Keith E. Eggleton in Support of Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions* (the "**Supplemental Eggleton Declaration**"), filed concurrently herewith.

I.  **INTRODUCTION**

The Responding Parties, by opposing the Motion, seek to undo the key provision at the center of the Plan: the Channeling Injunction, which was heavily litigated before this Court during a weeks-long evidentiary hearing that culminated in the Court's entry of the Confirmation Order approving the Plan. The Channeling Injunction channeled to the Fire Victim Trust all Fire Victim Claims—defined in the Plan to include claims of any nature in any way arising out of the Fires (as defined in the Plan)—and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] It is unclear why the opposition of the Richards Willis Plaintiffs only names Mr. Robinson as a party. The table of Pending Actions attached as Exhibit 2 to the Motion included four Pending Actions where Richards Willis PC was counsel of record. The action involving Mr. Robinson also included two other named plaintiffs. Out of an abundance of caution, this reply refers to the Richards Willis Plaintiffs in plural, and the Reorganized Debtors intend to seek the relief requested in the Motion against all of the Richards Willis Plaintiffs, including those in the recently-discovered *Johnson* case, discussed below.

[3] In the *Order Regarding Hearing on May 24, 2023* [Dkt. No. 13736], the Court held that Mr. Abrams lacked standing to oppose the Motion and would not be permitted to argue at the hearing on the Motion. The Reorganized Debtors agree that Mr. Abrams lacks standing. Because the arguments raised by Mr. Abrams duplicate those made by the Richards Willis Plaintiffs, the Reorganized Debtors submit that Mr. Abrams' opposition also would fail on its merits, even if he were permitted to be heard.

barred any further prosecution or litigation of any such Fire Victim Claims against the Reorganized Debtors.

The Responding Parties offer three arguments—all of which attempt to challenge and unwind the Channeling Injunction provisions of the Plan long after the time to appeal confirmation of the Plan has elapsed. None of these arguments has any merit. <u>First</u>, the Richards Willis Plaintiffs argue that the waiver of certain rights to appeal under the Fire Victim Claims Resolution Procedures violates their due process, without acknowledging that this issue has been litigated <u>multiple</u> times—including by Mr. Abrams—with a full and fair opportunity for parties to voice their concerns, and the Court has repeatedly held that the opportunity to raise this challenge to the Confirmation Order has long since passed. <u>Second</u>, the Richards Willis Plaintiffs argue that the discharge of their Fire Victim Claims should not be effective because the Fire Victim Trust has not completed the distribution of its trust assets to all holders of Fire Victim Claims. This directly contradicts the Channeling Injunction and the language of the Plan and Confirmation Order, which make clear that the Channeling Injunction and Plan discharge are effective upon the Effective Date of the Plan—which occurred nearly three years ago. <u>Finally</u>, the Luciano Plaintiffs argue that their theories of PG&E's liability for punitive and exemplary damages lie beyond the scope of the Channeling Injunction. This is simply incorrect, as the Plan's definition of "Fire Claims" expressly includes punitive and exemplary damages.

In sum, the Responding Parties' arguments boil down to a plea that the plain language of the Confirmation Order—which requires that they dismiss their Pending Actions—should be altered or disregarded. It should not. The Confirmation Order was extensively negotiated and long ago approved by the Court; the Plan it approves was consummated almost three years ago and a countless number of parties have since relied on the Plan's approved terms. The Responding Parties' efforts to relitigate the Plan and Confirmation Order must not be permitted. The Motion should be granted, and the Responding Parties should be required to dismiss their Pending Actions, and if they do not promptly comply, the Reorganized Debtors should be permitted to seek sanctions.

## II. DEVELOPMENTS SINCE FILING THE MOTION

Since filing the Motion, counsel for the Reorganized Debtors received positive informal responses

from two attorneys for State Court Plaintiffs. The first was from Christian Krankemann, counsel in eleven known Pending Actions in Sonoma County Superior Court. (Suppl. Eggleton Decl. ¶ 4.) Plaintiffs in those actions have now filed requests for dismissal, and the dockets reflect that those eleven Pending Actions in Sonoma County Superior Court have been dismissed. (*Id*.) The second response was from Larry Peluso, counsel in one known Pending Action pending in San Francisco Superior Court. (*Id*. ¶ 5.) Mr. Peluso has informed counsel for the Reorganized Debtors that he is attempting to file papers requesting dismissal of his Pending Action in San Francisco County Superior Court.[4] (*Id*.) Two other attorneys (John Meyer and Cecelia Fusich)—co-counsel in one known Pending Action in Butte County Superior Court—did not respond formally or informally to the Motion. (*Id*. ¶ 6.)

After the Motion was filed, while preparing for a court hearing in the *Robinson* Pending Action involving some of the Richards Willis Plaintiffs, counsel for the Reorganized Debtors discovered a new action against the Debtors that appears to assert what would be Fire Victim Claims as defined in the Plan. (*Id*. ¶ 7.) The plaintiffs are represented by Richards Willis PC, and the case is pending in the San Francisco Superior Court as *Johnson, et al. v. PG&E Corporation, et al.*, Case No. CGC-19-579965. (*Id*.) Counsel for the Reorganized Debtors does not believe the Debtors were ever served with a summons in the *Johnson* action. (*Id*.)

The *Robinson and Johnson* cases were both scheduled for order to show cause hearings on May 2, 2023, concerning potential dismissal of the cases. (*Id*. ¶ 8.) Shortly before the hearings, the plaintiffs in those cases filed the statements attached as Exhibit A to the Supplemental Eggleton Declaration. (*Id*. ¶ 9, Ex. A.) In response, the San Francisco County Superior Court canceled the order to show cause hearings and scheduled case management conferences "for status report re bankruptcy" for September 6, 2023. (*Id*. ¶ 10.)

Because counsel of record in the *Robinson* action—who has received notice of the Motion and

---

[4] Out of an abundance of caution, the Reorganized Debtors will not amend the Proposed Order to remove these Pending Actions but recognize that the necessity of the Order will be mooted as to these Pending Actions once dismissed. The Reorganized Debtors reserve their rights to file the Enforcement Order Notice and take any other action authorized by the Proposed Order should these Pending Actions not be finally dismissed or if they are subsequently reopened for any reason.

had an opportunity to file a response to it—is also counsel of record in the *Johnson* action, the Reorganized Debtors request that the *Johnson* action be added to the final version of the table of Pending Actions to be annexed to the Proposed Order.

III. ARGUMENT

    A. **The Waiver of Judicial Review in the Confirmation Order Does Not Invalidate the Channeling Injunction**

The Richards Willis Plaintiffs argue that the Channeling Injunction should not be enforced against them because they were allegedly wrongly deprived of their certain appellate rights by the Plan and Confirmation Order.[5] The Richards Willis Plaintiffs cite no legal principle that permits them to set aside or modify a Confirmation Order that was entered three years ago—nor do they acknowledge that the Court heard and disposed of these same arguments—made by Mr. Abrams, among others—in July 2020, and then <u>numerous</u> times thereafter. *See, e.g.*, Order Denying Motions for Reconsideration, entered July 22, 2020 [Dkt. No. 8478]; Order Denying Motion to Recuse, entered December 8, 2022, at 8-9 [Dkt No. 13326] ("Some portion of almost every motion [Mr. Abrams] filed post-confirmation has called into question the fairness of the judicial review procedure . . . and has requested that judicial review be expanded to more claimants. Mr. Abrams has not appealed the Confirmation Order or the rulings on any of his prior motions.").

The fact that they disagree with—but no longer have the right to challenge or appeal—an aspect of the Confirmation Order does not permit the Richards Willis Plaintiffs simply to disregard the Confirmation Order and the Channeling Injunction.

    B. **The Plan Permanently Discharged All Fire Victim Claims on the Effective Date**

The Richards Willis Plaintiffs argue that it is premature to discharge the Fire Victim Claims

---

[5] The *UAL* case cited by the Richards Willis Plaintiffs does not support the proposition that they are advancing regarding due process rights, and counsel for the Reorganized Debtors has been unable to determine if there is another opinion concerning the UAL case that the Richards Willis Plaintiffs may be referring to. *See In re UAL Corporation*, 412 F. 3d 775 (7th Cir. 2005) (bankruptcy court injunction by forbidding the sale of certain employee stocks of the debtor). The citation offered for the *Indiana Harbor Belt Railroad Co.* case leads to a totally unrelated Ninth Circuit case, and counsel for the Reorganized Debtors has been unable to determine which case the Richards Willis Plaintiffs are referring to.

asserted in the Pending Actions because the Fire Victim Trust has not made full distributions on all Fire Victim Claims. *See* Richards Willis Plfs Opp'n 3, Dkt. No. 13721. They are wrong. The Plan is clear that the Channeling Injunction, and the accompanying discharge, became effective on the Effective Date (which occurred on July 1, 2020):

> <u>Treatment</u>: **On the Effective Date**, all HoldCo Fire Victim Claims shall be deemed satisfied, settled, released and discharged through the treatment provided to Utility Fire Victim Claims. Pursuant to the Channeling Injunction, each holder of a HoldCo Fire Victim Claim shall have its Claim permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust in accordance with its terms, ***with no recourse to the Debtors, the Reorganized Debtors, or their respective assets and properties***.

Plan § 4.7(a) (emphasis added).

> **On the Effective Date**, the Debtors' liability for all Utility Fire Victim Claims shall be fully assumed by, and be the sole responsibility of the Fire Victim Trust, and all such Claims shall be satisfied solely from the assets of the Fire Victim Trust. Pursuant to the Channeling Injunction, each holder of a Utility Fire Victim Claim shall have its Claim permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust in accordance with its terms, ***with no recourse to the Debtors, the Reorganized Debtors, or their respective assets and properties***.

Plan § 4.26(c) (emphasis added).

The status of distributions to be made by the Fire Victim Trust thus has no bearing on the validity or permanence of the Channeling Injunction or the other discharge and injunction provisions of the Plan and Confirmation Order. The Reorganized Debtors received a discharge of all Fire Victim Claims by virtue of their funding of the Fire Victim Trust and by operation of the Plan upon the Effective Date. *See* Plan § 4.26(b) ("Funding of the Fire Victim Trust as provided above shall be in restitution and full and final satisfaction, release, and discharge of all Fire Victim Claims. Each holder of a Fire Victim Claim shall receive payment as determined in accordance with the Fire Victim Claims Resolution Procedures.").

### C. The Claims of the Luciano Plaintiffs Are Fire Victim Claims, Including Their Demand for Punitive or Exemplary Damages

The Luciano Plaintiffs employ a different tactic than the Richards Willis Plaintiffs, arguing that the Channeling Injunction does not apply because they seek punitive damages, which they assert are outside the scope of a Fire Claim subject to the Channeling Injunction. They are wrong. The opposition filed by the Luciano Plaintiffs explicitly states that their claims against the Debtors in both of their

Pending Actions arose directly from the 2018 Camp Fire.[6] *See* Luciano Plfs. Opp'n at 2, Dkt. No. 13710; Luciano Decl., Ex. 2, ¶ 2, and Ex. 3, ¶ 2, Dkt. No. 13711. As such, they fall within the definition of Fire Victim Claims under the Plan.

The definition of "Fire Claims" that are covered by the Channeling Injunction include: "any Claim against the Debtors ***in any way arising out of the Fires***, including, but not limited to, any Claim resulting from the Fires for . . . (h) ***punitive and exemplary damages*** under California Civil Code §§ 733 and 3294, California Public Utilities Code § 2106, or otherwise."[7] Plan § 1.78 (emphasis added).

The Luciano Plaintiffs assert that their Fire Victim Claims, for punitive or exemplary damages, cannot fall within the scope of the Channeling Injunction because they are not dischargeable in bankruptcy. They offer no support for this proposition, which is perhaps a misinterpretation of section 523(a)(6) of the Bankruptcy Code, which excludes, subject to a timely-filed adversary proceeding, claims arising from willful or malicious injury from the discharge of an ***individual*** debtor, and is therefore not relevant to these Chapter 11 Cases. More importantly, again, the time to challenge the plain language of the Channeling Injunction has long expired. The Luciano Plaintiffs provide no basis—and there is none—to modify or amend the terms of the Channeling Injunction years after approval of the Plan and entry of the Confirmation Order.

## IV. CONCLUSION

For the reasons stated above and in the Motion, the Reorganized Debtors respectfully request that this Court overrule the objections of the Responding Parties and enter an order substantially in the form of the Proposed Order (as amended to include the *Johnson* case discussed above), granting the relief requested in the Motion and granting such other relief as is just and proper.

---

[6] "**Fires**," as defined in the Plan, means the fires that occurred in Northern California, listed on Exhibit A to the Plan, which includes the 2018 Camp Fire. Plan § 1.86.

[7] The Luciano Plaintiffs refer specifically to California Civil Code § 3294 and California Public Utilities Code § 2106 as bases for their claims.

Dated: May 17, 2023

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
          Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*