# EXHIBIT A

**(Statements Filed in Johnson and Robinson Pending Actions)**

JOHN T. RICHARDS, ESQ. (SBN 159875)
John@richardswillispc.com
EVAN WILLIS, ESQ. (SBN 314797)
Evan@richardswillispc.com
RICHARDS WILLIS PC
750 B Street, Suite 1760
San Diego, California 92101
T: (619) 237-9800

*Attorneys for Plaintiffs*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARK JOHNSON, et al. | Case No.: CGC-19-579965 |
| *Plaintiffs,* | **PLAINTIFFS' CASE MANAGEMENT STATEMENT REGARDING BANKRUPTCY STATUS; REQUEST FOR CONTINUANCE** |
| v. | |
| PG&E CORPORATION, et al. | Hearing Date: May 2, 2023<br>Hearing Time: 10:20a.m.<br>Dept. 610<br>Trial Date: [None] |
| *Defendants.* | |

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiffs Mark Johnson, et al. hereby oppose the Order to Show Cause regarding dismissal and request a continuance of this matter for 120 days and hereby files this Case Management Statement with respect to the pending PG&E bankruptcy cases.

## I.  INTRODUCTION

Plaintiffs' filed suit against PG&E arising from the 2018 Camp Fire which PG&E admittedly caused. They filed bankruptcy as a result of causing numerous wildfires in Northern California, including the subject Camp Fire giving rise to this litigation. On January 29, 2019, PG&E filed bankruptcy and soon thereafter, settled with invidual fire victims, including all Plaintiffs to this action, for $13.5Billion Dollars. However, to date, fire victims have only received 60% of their settlement proceeds. Because they have only received 60% of their settlement proceeds, mainly because half of the $13.5Billion settlement was in stock, Plaintiffs' respectfully request a continuance of this matter for approximately 120 days as the Trustee for the fire victims and Plaintiffs, the Fire Victim Trust, continues to sell stock to compensate Plaintiffs. Because of this uncertainty as to whether or not Plaintiffs will be made whole or not, Plaintiffs request a continuance of this matter until the bankruptcy has resolved.

## II. ARGUMENT

**1.  Pending Bankruptcy Proceedings**

As the Court is aware, Defendant Pacific Gas & Electric Company ("PG&E") is currently undergoing bankruptcy proceedings, which resulted in a settlement agreement with the fire

victims, including the Plaintiffs. These bankruptcy proceedings have necessitated a stay of this civil litigation.

2.     **Partial Settlement Payment**

The bankruptcy settlement stipulated payment of $13.5 billion to the fire victims. However, Plaintiffs have only received 60% of their due settlement proceeds, largely due to the fact that half of the settlement was in the form of stock. The Fire Victim Trust is in the process of selling stock to compensate the Plaintiffs fully.

3.     **Continuance is Justified**

In accordance with case law such as *In re Whitaker*, 514 F.2d 922 (10th Cir. 1975), *Matter of Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988), and *In re Collins*, 173 F.3d 924 (4th Cir. 1999), a continuance of this civil case is not only justified due to the ongoing bankruptcy proceedings, but it is also in line with principles of judicial economy and fairness.

4.     **Risk of Inconsistent Judgments**

Dismissing this case could lead to inconsistent judgments and might prevent Plaintiffs from receiving the full compensation to which they are entitled under the settlement. A stay or continuance would avoid this risk.

5.     **The Interest of Justice**

In *City of Fresno v. Superior Court* (2007) 153 Cal.App.4th 590, the court noted that the interest of justice is a paramount concern in determining whether a continuance should be granted. Here, the interest of justice is served by ensuring that the Plaintiffs have sufficient time to be made whole, and to determine the full extent of their damages before proceeding to trial.

/ / / /

/ / / /

For these reasons, Plaintiffs respectfully request that the Court deny the Order to Show Cause regarding dismissal and grant a continuance of 120 days to allow for the resolution of the bankruptcy proceedings and the receipt of the full settlement compensation.

Additionally, a key case is *In re Whitaker*, 514 F.2d 922 (10th Cir. 1975), where the court stated that "although a bankruptcy filing imposes an automatic stay on the commencement or continuation of judicial proceedings against the debtor, a bankruptcy court may exercise its discretion to stay proceedings that are not subject to the automatic stay." Moreover, in *Matter of Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988), the court ruled that a bankruptcy court has the power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the bankruptcy laws. This has been interpreted to include the power to stay civil litigation pending in other forums. Furthermore, the case of *In re Collins*, 173 F.3d 924 (4th Cir. 1999) is also relevant. Here, the court held that it could impose a stay of civil litigation where "unique circumstances" suggested that a stay would be in the interest of justice. The ongoing bankruptcy proceedings and the delay in the full payment of the settlement in the present case could be considered such "unique circumstances."

In the interest of justice and fairness, the court should consider granting a continuance in this case due to the unfortunate circumstance of attorney illness. It is well established that an attorney's physical or mental incapacity to proceed with scheduled legal proceedings can constitute "good cause" for a continuance. Courts, in exercising their discretion, often grant continuances when a party's attorney is seriously ill, recognizing the fundamental importance of competent representation to the integrity of the legal process. See, e.g., *Smith v. Ayer* (1985) 101 Cal.App.3d 1003, 1009. Indeed, forcing a party to proceed without their chosen counsel due to circumstances beyond their control could significantly prejudice their case, infringe upon their

right to counsel of choice, and potentially deny them a fair opportunity to present their case. Therefore, given the gravity of the illness faced by the attorney in this case, a continuance would allow for their recovery and ensure that the Plaintiff receives the effective and vigorous representation that they are entitled to under the law.

Given these precedents, a continuance of the civil case due to PG&E's ongoing bankruptcy proceedings is not only reasonable but also aligns with principles of judicial economy and fairness to the parties involved.

## III. REQUEST FOR CONTINUANCE

The bankruptcy case is still pending and ongoing. All fire victims have only received .60 cents to the dollar for their settlement with PG&E thus far and have not been made whole. Therefore, Plaintiffs' respectfully request a continuance for approximately **120 days** to allow for the Fire Victim Trust to continue to process claims and pay victims. This will allow more time for the Trustee to sell the remaining PG&E stock and for Plaintiffs to evaluate their claims as well, as they have only been paid 60% of their settlements.

Dated: May 1, 2023                  RICHARDS WILLIS PC

By: _____
JOHN T. RICHARDS, ESQ.
EVAN WILLIS, ESQ.
*Attorneys for Plaintiffs*

RICHARDS WILLIS PC
750 B Street, Suite 1760
San Diego, California 92101
T: (619) 237-9800

**PROOF OF SERVICE
STATE OF CALIFORNIA**
SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN FRANCISCO

<u>*Mark Johnson, et al. v. PG&E Corporation, et al.*</u>
CASE NO. CGC-19-579965
      I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is 750 B Street, Suite 1760, San Diego, California 92101.

On <u>May 1, 2023,</u> I served the foregoing documents, described as:
**PLAINTIFFS' CASE MANAGEMENT STATEMENT REGARDING BANKRUPTCY STATUS; REQUEST FOR CONTINUANCE**

on all interested parties in this action by placing a true and correct copy thereof into the mail to:

    Keith Eggleton, Esq.
    Wilson Sonsini Goodrich & Rosati, PC
    650 Page Mill Road
    Palo Alto, CA 94304

    _____    **(By Mail)** As follows:

    _____    I placed such envelope with postage thereon prepaid in the United States mail at San Diego, California.

    _____    I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with the postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after the date of deposit for mailing in affidavit.

  **XX**    **(By ELECTRONIC MAIL)** I sent such document via electronic mail to:

    _____    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    _____    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: May 1, 2023, San Diego California.        ___*/s/ Connie Magat*___
                                                                       Connie Magat

JOHN T. RICHARDS, ESQ. (SBN 159875)
John@richardswillispc.com
EVAN WILLIS, ESQ. (SBN 314797)
Evan@richardswillispc.com
RICHARDS WILLIS PC
750 B Street, Suite 1760
San Diego, California 92101
T: (619) 237-9800

*Attorneys for Plaintiffs*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| EFREN ROBINSON, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>PG&E CORPORATION, et al.<br><br>*Defendants.* | Case No.: CGC-19-580073<br><br>**PLAINTIFFS' CASE MANAGEMENT STATEMENT REGARDING BANKRUPTCY STATUS; REQUEST FOR CONTINUANCE**<br><br>Hearing Date: May 2, 2023<br>Hearing Time: 10:20a.m.<br>Dept. 610<br>Trial Date: [None] |

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

PLAINTIFFS' CASE MANAGEMENT STATEMENT REGARDING BANKRUPTCY STATUS; REQUEST FOR CONTINUANCE

Case: 19-30088    Doc# 13742-1    Filed: 05/17/23    Entered: 05/17/23 15:14:49    Page 8 of 13

TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that Plaintiffs Efren Robinson, et al. hereby oppose the Order to Show Cause regarding dismissal and request a continuance of this matter for 120 days and hereby files this Case Management Statement with respect to the pending PG&E bankruptcy cases.

## I. INTRODUCTION

Plaintiffs' filed suit against PG&E arising from the 2018 Camp Fire which PG&E admittedly caused. They filed bankruptcy as a result of causing numerous wildfires in Northern California, including the subject Camp Fire giving rise to this litigation. On January 29, 2019, PG&E filed bankruptcy and soon thereafter, settled with invidual fire victims, including all Plaintiffs to this action, for $13.5Billion Dollars. However, to date, fire victims have only received 60% of their settlement proceeds. Because they have only received 60% of their settlement proceeds, mainly because half of the $13.5Billion settlement was in stock, Plaintiffs' respectfully request a continuance of this matter for approximately 120 days as the Trustee for the fire victims and Plaintiffs, the Fire Victim Trust, continues to sell stock to compensate Plaintiffs. Because of this uncertainty as to whether or not Plaintiffs will be made whole or not, Plaintiffs request a continuance of this matter until the bankruptcy has resolved.

## II. ARGUMENT

**1. Pending Bankruptcy Proceedings**

As the Court is aware, Defendant Pacific Gas & Electric Company ("PG&E") is currently undergoing bankruptcy proceedings, which resulted in a settlement agreement with the fire

victims, including the Plaintiffs. These bankruptcy proceedings have necessitated a stay of this civil litigation.

**2.      Partial Settlement Payment**

The bankruptcy settlement stipulated payment of $13.5 billion to the fire victims. However, Plaintiffs have only received 60% of their due settlement proceeds, largely due to the fact that half of the settlement was in the form of stock. The Fire Victim Trust is in the process of selling stock to compensate the Plaintiffs fully.

**3.      Continuance is Justified**

In accordance with case law such as *In re Whitaker*, 514 F.2d 922 (10th Cir. 1975), *Matter of Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988), and *In re Collins*, 173 F.3d 924 (4th Cir. 1999), a continuance of this civil case is not only justified due to the ongoing bankruptcy proceedings, but it is also in line with principles of judicial economy and fairness.

**4.      Risk of Inconsistent Judgments**

Dismissing this case could lead to inconsistent judgments and might prevent Plaintiffs from receiving the full compensation to which they are entitled under the settlement. A stay or continuance would avoid this risk.

**5.      The Interest of Justice**

In *City of Fresno v. Superior Court* (2007) 153 Cal.App.4th 590, the court noted that the interest of justice is a paramount concern in determining whether a continuance should be granted. Here, the interest of justice is served by ensuring that the Plaintiffs have sufficient time to be made whole, and to determine the full extent of their damages before proceeding to trial.

/ / / /

/ / / /

For these reasons, Plaintiffs respectfully request that the Court deny the Order to Show Cause regarding dismissal and grant a continuance of 120 days to allow for the resolution of the bankruptcy proceedings and the receipt of the full settlement compensation.

Additionally, a key case is *In re Whitaker*, 514 F.2d 922 (10th Cir. 1975), where the court stated that "although a bankruptcy filing imposes an automatic stay on the commencement or continuation of judicial proceedings against the debtor, a bankruptcy court may exercise its discretion to stay proceedings that are not subject to the automatic stay." Moreover, in *Matter of Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988), the court ruled that a bankruptcy court has the power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the bankruptcy laws. This has been interpreted to include the power to stay civil litigation pending in other forums. Furthermore, the case of *In re Collins*, 173 F.3d 924 (4th Cir. 1999) is also relevant. Here, the court held that it could impose a stay of civil litigation where "unique circumstances" suggested that a stay would be in the interest of justice. The ongoing bankruptcy proceedings and the delay in the full payment of the settlement in the present case could be considered such "unique circumstances."

In the interest of justice and fairness, the court should consider granting a continuance in this case due to the unfortunate circumstance of attorney illness. It is well established that an attorney's physical or mental incapacity to proceed with scheduled legal proceedings can constitute "good cause" for a continuance. Courts, in exercising their discretion, often grant continuances when a party's attorney is seriously ill, recognizing the fundamental importance of competent representation to the integrity of the legal process. See, e.g., *Smith v. Ayer* (1985) 101 Cal.App.3d 1003, 1009. Indeed, forcing a party to proceed without their chosen counsel due to circumstances beyond their control could significantly prejudice their case, infringe upon their

right to counsel of choice, and potentially deny them a fair opportunity to present their case. Therefore, given the gravity of the illness faced by the attorney in this case, a continuance would allow for their recovery and ensure that the Plaintiff receives the effective and vigorous representation that they are entitled to under the law.

      Given these precedents, a continuance of the civil case due to PG&E's ongoing bankruptcy proceedings is not only reasonable but also aligns with principles of judicial economy and fairness to the parties involved.

### III. REQUEST FOR CONTINUANCE

The bankruptcy case is still pending and ongoing. All fire victims have only received .60 cents to the dollar for their settlement with PG&E thus far and have not been made whole. Therefore, Plaintiffs' respectfully request a continuance for approximately **120 days** to allow for the Fire Victim Trust to continue to process claims and pay victims. This will allow more time for the Trustee to sell the remaining PG&E stock and for Plaintiffs to evaluate their claims as well, as they have only been paid 60% of their settlements.

Dated: May 1, 2023                                   RICHARDS WILLIS PC

                                        By: _____
                                                JOHN T. RICHARDS, ESQ.
                                                EVAN WILLIS, ESQ.
                                                *Attorneys for Plaintiffs*

                                                RICHARDS WILLIS PC
                                                750 B Street, Suite 1760
                                                San Diego, California 92101
                                                T: (619) 237-9800

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN FRANCISCO

<u>*Efren Robinson, et al. v. PG&E Corporation, et al.*</u>
CASE NO. CGC-19-580073

I am employed in the County of San Diego, State of California. I am over the age of 18 and am not a party to the within action; my business address is 750 B Street, Suite 1760, San Diego, California 92101.

On <u>May 1, 2023,</u> I served the foregoing documents, described as:
**PLAINTIFFS' CASE MANAGEMENT STATEMENT REGARDING BANKRUPTCY STATUS; REQUEST FOR CONTINUANCE**

on all interested parties in this action by placing a true and correct copy thereof into the mail to:

    Keith Eggleton, Esq.
    Wilson Sonsini Goodrich & Rosati, PC
    650 Page Mill Road
    Palo Alto, CA 94304

    _____    **(By Mail)** As follows:

    _____    I placed such envelope with postage thereon prepaid in the United States mail at San Diego, California.

    _____    I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with the postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    <u>**XX**</u>    **(By ELECTRONIC MAIL)** I sent such document via electronic mail to:

    _____    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    _____    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: May 1, 2023, San Diego California.      <u>  /s/ *Connie Magat*  </u>
                                                                                             Connie Magat