**Exhibit A**

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Gabrielle L. Albert (#190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND GRANTING RELATED RELIEF**<br><br>[Related to Dkt. No. [•]]<br><br>Date:   June 7, 2023<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  **(Tele/videoconference Only)**<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

Upon the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief*, dated May 17, 2023 [Docket No. [•]] (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases, in accordance with Section 7.1 of the Plan, sections 105(a) and 1142 of title 11 of the United States Code, and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, for entry of an order extending the deadline for the Reorganized Debtors to object to claims, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof, approving certain amendments to the Securities Procedures in substantially the form attached as Exhibit B to the Motion, and approving the procedures attached as Exhibit C to the Motion (the "**Securities Claims Merits Litigation Procedures – Part 1**") for facilitating the timely submission of the factual and legal basis for the Securities Claims and providing for the efficient litigation thereof; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Declarations of Richard Slack, Robb McWilliams, and Angela Ferrante submitted in support thereof; and the Court having held a hearing to consider the relief requested in the Motion at the above-captioned date and time, with appearances as noted on the record (the "**Hearing**"); and upon the record of the Hearing and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief granted herein is in the best interests of the Debtors and Reorganized Debtors, their estates, creditors, shareholders, and all parties in interest; and after

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**"), as applicable.

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. All objections and responses received to the Motion that have not been resolved are overruled other than as expressly provided herein.

3. The deadline for the Reorganized Debtors to object to Claims under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) which was extended by prior orders to June 20, 2023 is further extended by one hundred eighty (180) days (after application of Bankruptcy Rule 9006(a)) to December 18, 2023, without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

4. The Securities Procedures are amended as provided in Exhibit B to the Motion and the Reorganized Debtors are authorized to implement the Securities Procedures as amended by this Order.

5. The Securities Claims Merits Litigation Procedures – Part 1 attached as Exhibit C to the Motion are approved, and the Reorganized Debtors are authorized to implement the Securities Claims Merits Litigation Procedures – Part 1 as set forth therein.

6. Consistent with the Plan and Confirmation Order, the Debtors and Reorganized Debtors shall have no obligation to object to Fire Victim Claims or Subrogation Wildfire Claims, nor shall any such non-objection constitute an allowance or deemed allowance of any Fire Victim Claim or Subrogation Wildfire Claim. Pursuant to the Plan and the Confirmation Order, all Fire Victim Claims and Subrogation Wildfire Claims have been channeled to the Fire Victim Trust or the Subrogation Wildfire Trust, as applicable, and shall be resolved by the applicable Fire Victim Trust or Subrogation Wildfire Trust, in each case, without any recourse to or Claims whatsoever against the Debtors or Reorganized Debtors or their assets and properties.

7. For the avoidance of doubt, the relief granted herein does not apply to the existing deadline for the Reorganized Debtors to object to the remaining United States Claims.[2]

---

[2] As used here, "United States Claims" means Class 4B Utility General Unsecured Claims of the

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

---

United States that are identified by claim number and amount in Docket No. 9718 as required by the Initial Extension Order.