# Exhibit C

## Securities Claims Merits Litigation Procedures — Part I

The following procedures (the "**Securities Claims Merits Litigation Procedures — Part I**") have been adopted and approved by Order of the Bankruptcy Court, dated [   ], 2023 [Dkt. No. [   ]] (the "**Sixth Motion to Extend Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I.  THE SECURITIES CLAIMS MERITS LITIGATION PROCEDURES

The Securities Claims Merits Litigation Procedures – Part I are designed to be an initial first step in facilitating the orderly litigation and resolution of the Subordinated Securities Claims that remain unresolved after the Offer Procedures and Securities Mediation Procedures (as defined in the Court's *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015]) ("**Securities Procedures**"), of the Securities Procedures have been exhausted.[1] The Bankruptcy Court approved the Securities Claims Merits Litigation Procedures — Part I in order to provide a simple and expedient way for Subordinated Securities Claimants to have a full and fair opportunity to assert or adopt a complaint setting forth the legal and factual basis of their claims necessary to begin the process of adjudicating them on the merits, to the extent necessary.

### A.  The Pleading Notice

Within the first sixty (60) days of the additional extension period provided by the Sixth Motion to Extend Order, or no later than August 21, 2023, the Reorganized Debtors shall send to each Subordinated Securities Claimant a notice (the "**Pleading Notice**") that will require Subordinated Securities Claimants to provide the factual and legal basis for their unresolved Subordinated Securities Claims. Subordinated Securities Claimants who receive a Pleading Notice will be able to elect to (a) provide the basis of their claims in a complaint or similar disclosure that sets forth the specific causes of action being asserted against the Debtors and the facts which support those causes of action, including

---

[1] Capitalized terms used not herein defined have the meanings ascribed to such terms in the Securities Procedures.

but not limited to all of the elements of their claims and consistent with the applicable heightened pleading standard for fraud, if applicable; or (b) avoid the cost and expense of drafting and submitting their own complaint or similar pleading by affirmatively adopting the PERA Complaint as their own.[2]

To promote efficiency, the Pleading Notice will inform Subordinated Securities Claimants that by electing to adopt the PERA Complaint, they will be subject to any motions, objections, or filings made by the Reorganized Debtors relating to the PERA Complaint, regardless of the claimant who makes or opposes the motion, objection, or filing. The Pleading Notice will further provide that any Subordinated Securities Claimant who adopts the PERA Complaint will be bound by any determination by the Bankruptcy Court of the law or facts with respect to the resolution of any merits issues relating to the PERA Complaint. The Pleading Notice will inform the Subordinated Securities Claimants that failure to respond to the Pleading Notice will likely result in a motion by the Reorganized Debtors to disallow and expunge their claims on the basis that such claims do not meet the pleading standard required to properly plead or otherwise assert such claims.

Subordinated Securities Claimants shall be required to respond to the Pleading Notice within forty (40) days of the mailing of the Pleading Notice by either submitting a complaint or similar disclosure setting forth the legal and factual basis for their claims, or adopting the PERA Complaint, as described above.

**B. Status Report**

By October 13, 2023 (within 115 days of the beginning of the extension period provided for in the Extension Order), the Reorganized Debtors will file with the Bankruptcy Court a status report updating the Court with respect to (a) the status of the resolutions of Subordinated Securities Claims; including the number of Subordinated Securities Claims resolved by settlements or otherwise; the number of individual claimants or groups of claimants holding Subordinated Securities Claims that

---

[2] The PERA Complaint is the third amended complaint filed by the Public Employees Retirement Association of New Mexico ("**PERA**") in *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal.) (the "**Securities Litigation**") at Dkt. No. 121.

remain unresolved, the number of Abbreviated and Standard Mediations that have been commenced; the number of Abbreviated and Standard Mediations that have resulted in Subordinated Securities Claims being resolved; and the number of Abbreviated and Standard Mediations that have been terminated by the Mediators and thereby have been unsuccessful; (b) the number of individual claimants or groups of claimants holding Subordinated Securities Claims who chose to file a separate pleading or disclosure setting forth the basis for their Subordinated Securities Claims, and (c) the number of individual claimants or groups of claimants that chose to adopt the PERA Complaint

**C. Motions**

By November 7, 2023 (within 140 days of the beginning of the extension period provided for in the Extension Order), the Reorganized Debtors will make two motions:

(1) A substantive motion to dismiss directed at the PERA Complaint similar to the motions to dismiss the PERA Complaint filed by the Directors, Officers, and Underwriters in the Securities Litigation; and

(2) A motion to dismiss the claims of any claimant who fails to timely respond to the Pleading Notice.

**D. Complaints or Similar Disclosures Filed by Securities Claimants of Unresolved Claims**

After reviewing all pleadings received from Subordinated Securities Claimants who have unresolved Subordinated Securities Claims and, contemporaneous with any further extension of the objection deadline beyond that provided for in the Sixth Motion to Extend Order, the Reorganized Debtors will propose procedures to resolve these Subordinated Securities Claims (which remain unresolved) in an efficient and coordinated manner.