CHARLES L. HASTINGS
CA State Bar No.: 88599
NATALI A. RON
CA State Bar No.: 302927
Law Office of Hastings & Ron
PMB 270, 4719 Quail Lakes Drive, Suite G
Stockton, CA 95207
(209) 476-1010

Attorneys for JACKSON RANCHERIA DEVELOPMENT CORP

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| In re: | Case No: 19-30088 (DM) |
|---|---|
| PG&E CORPORATION | Chapter 11 |
| - and - | EX PARTE APPLICATION TO FILE LATE OPPOSITION TO REORGANIZED DEBTORS' ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS – BY JACKSON RANCHERIA DEVELOPMENT CORP (CLAIM NO. 3002) |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |
| | Date: May 24, 2023<br>Time: 10:00 a.m.<br>Location: (Video/Teleconference Only)<br>U.S. Bankruptcy Court<br>Courtroom 17, 16th floor<br>San Francisco, CA 94102<br>Judge: Honorable Dennis Montali |

Creditor, JACKSON RANCHERIA DEVELOPMENT CORP (hereinafter referred to as "Jackson"), by and through its undersigned counsel, opposes the Reorganized Debtors', PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY'S (hereinafter collectively referred to as the "PG&E") ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS as set forth herein.  However, for reasons more fully stated herein, and as set forth in the supporting Declaration of counsel, Jackson inadvertently did not timely file this opposition, which was due to be filed on May 10, 2023, in accordance with this Court's ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND

(B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS. [Docket No. 8228]. Accordingly, Claimant respectfully requests this court to consider the late filed opposition.

## I. INTRODUCTION

Jackson's claim arises out of fire damage caused by an electrical malfunction of PG&E's power pole and grade transformer which caused a fire to erupt damaging Jackson's property. The fire perimeter was approximately five acres and burned a barn causing it to collapse, damaging its contents and other surrounding property, including an adjacent fence, graze land, and cattle. The estimated cost to repair the barn is approximately $142,988. The cost to repair and/or replace the fence, the cattle, the grazing land, and clean-up costs is $17,525. Jackson's total claim is $160,513.

As set forth in the Reorganized Debtors' One Hundred Twentieth Omnibus Objection to Claims, Jackson's claim was originally channeled to the Fire Victim Claims, and preliminarily identified as a Fire Victim Claim to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid by the Fire Victim Trust in accordance with its governing documents. However, upon the discovery that this was not an appropriate Fire Victim Claim, counsel notified the Fire Victim Claims administrator. After months of waiting and follow-up, the claim was finally re-channeled to the appropriate General Unsecured Claims. Approximately two weeks later, the subject Reorganized Debtors' One Hundred Twentieth Omnibus Objection to Claims was filed.

This Court's Order Approving (A) Procedures for Filing Omnibus Objections To Claims And (B) the Form and Manner of the Notice of Omnibus Objections sets forth the Omnibus Claim Objection Notice procedure (paragraph F), which requires "[t]he Omnibus Claim Objection Notice [to] be served on the individual Claimant **by mail**, not less than 37 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim." However, Jackson's counsel, whose address is on file as specified in the Proof of Claim, has no record of having received the One Hundred Twentieth Omnibus Objection to Claims via mail. Upon review of the certificate of service, it appears Counsel's office address is listed;

however, there is a change of address on file with the Post Office, and mail should be delivered to Counsel' Post Mail Box; however, there have been many instances of mailing issues and mail being returned to sender.

Counsel for Jackson appears to have received the filings via email on April 14, 2023, at 1:21 p.m.; however, at that time, Counsel was preparing for and commencing a deposition in the matter if *Irrigation Design & Construction, LLC v. Parker Technical Sales*, Monterey County Superior Court case no.: 20CV003182, which was scheduled for and proceeded to trial on May 8, 2023, and is still in trial set to resume May 22, 2023. Moreover, the Monday following e-service, which was April 17, 2023, Counsel for Jackson had an all-day binding arbitration in the matter of *Jaspreet Singh v. Reedy Mechanical Inc.*, San Joaquin County Superior Court case no.: STK-CV-UCC-2021-11339, which took place at ADR Services in Oakland, California. The week of April 17, 2023, counsel also had two retained expert witness depositions, and two non-retained expert witness depositions in the matter of *Irrigation Design & Construction, LLC v. Parker Technical Sale*s. Between the five depositions in that two-week period, preparation for and appearance at arbitration, and continued preparation for the Monterey County Court trial, Counsel inadvertently did not see the service email come through on the Reorganized Debtors' One Hundred Twentieth Omnibus Objection to Claims. Counsel received the Reorganized Debtors' Report on Responses to One Hundred Twentieth Omnibus Objection to Claims and Request for Order by Default as to Unopposed Objections [Doc. No. 13738] in today's service email, and immediately undertook review to discover the motion to which this document applied, only to discover the service email of April 14, 2023. Counsel immediately prepared the Opposition to the Objection with the supporting Declaration, this Ex Parte Application, and the Declaration in support hereof.

Federal Rules of Bankruptcy Procedure, Rule 9006, provides "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion

made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." (*Fed. Rules Bankruptcy Proc. Rule 9006(b)(1)*.)

Accordingly, and based on this inadvertent and excusable neglect, Counsel for Jackson respectfully request this Court to allow the late filing of Jackson's Opposition to the Omnibus Objection, to consider it prior to the hearing scheduled for May 24, 2023, and to hear oral argument on said matter.

Furthermore there is no danger of prejudice to the Reorganized Debtors or their bankruptcy estate in deeming the Creditor's Opposition to Objection to its claim as timely filed because there has been no plan confirmation, and no distributions have been made to general unsecured creditors.

## II.     CONCLUSION

For the foregoing reasons, Jackson respectfully request this Court to allow the filing of its Opposition to Objection to Claim, based on counsel's inadvertent, excusable neglect resulting in the untimely filing of said Opposition.

Dated: May 18, 2023

LAW OFFICE OF
HASTINGS & RON

BY: /s/Natali A. Ron
NATALI A. RON Attorney for JACKSON RANCHERIA DEVELOPMENT CORP