William B. Abrams
end2endconsulting@gmail.com
2041 Stagecoach Rd.
Santa Rosa, CA, 95404
Tel: 707 397 5727

*Pro Se Fire Victim Claimant and Party to related proceedings before the California Public Utilities Commission and the California Office of Energy Infrastructure Safety*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\*  *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**WILLIAM B. ABRAMS MOTION FOR RECONSIDERATION AND RELIEF FROM THE ORDER REGARDING HEARING ON MAY 24, 2023 [Dkt. No. 13736]**<br><br>**Relates To:** [Dkt. 13685, 13714, 13736]<br><br>**Hearing Date:** May 24, 2023<br>**Time:** 10:00am (Pacific Time) |

# PRELIMINARY STATEMENT AND BACKGROUND

William B. Abrams ("**Abrams**") as a PG&E fire victim claimant and Northern California resident, respectfully submits this "William B. Abrams Motion for Reconsideration and Relief from the Order Regarding Hearing on May 24, 2023" (the "**Motion for Reconsideration**") and provides the following background for the Courts' consideration:

1) On April 26, 2023 The Debtors filed the "Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "**Motion**") [Dkt. 13685]. Within this Motion the Debtors stated their intent to enforce the channeling injunction on "**all holders of claims**" indicating an objection deadline of May 10, 2023 with a hearing on the Motion scheduled for May 24, 2023. On May 10, 2024, and in keeping with this schedule and the procedures of the Court, Abrams filed the "William B. Abrams Objection to the Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "**Abrams Objection**") [Dkt. 13714]. Within this Objection Abrams presented arguments and outlined the following facts which he had planned to further evidence at hearing:

- *"the Debtors and other core parties NEVER provided notice or identified a process or procedure for victims to timely object to the waiver of their legal rights and remedies."*
- *"nowhere within these orders or any other Court orders did it identify how a fire victim could retain access to judicial review or object to an unknown waiver of their rights to further legal actions like those represented with the Motion."*
- *"if there is any timely notice anywhere and in any form that was provided to individual victim claimants informing them of the process or procedure to retain their rights to appeal or any Court order indicating when or how to retain their rights to judicial review more broadly, the Debtors or any other party should produce it."*

2) On May 10, 2023 and following the Abrams Objection, certain plaintiffs filed the "Objections of Plaintiffs and Claimants Liza Sims, Individually and on Behalf of Thomas and Jaydene Gardner Pursuant to PG&E Motion to Obtain Coverage of Channeling Injunction to Defeat Plaintiffs Various Claims for Punitive Damages Pursuant to LR 9014-1" (the "**Sims and Gardner Objection**") [Dkt. 13710]. Within this objection it was stated among other assertions that these plaintiffs *"refused to participate in any fire-victim Plaintiff's cartel that purported to 'vote' for PG&E's plan of reorganization."*

3) On May 10, 2023 and following the Sims and Gardner Objection, certain plaintiffs filed the "Efron Robinson, Et Al.'s Objection to the Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions" (the "**Robinson Objection**") [Dkt. 13721]. Within this objection, the plaintiffs correctly reiterated Abrams' arguments by stating "*The Debtors are well aware that these plaintiffs along with the vast majority of individual fire victim claimants were never informed of any Court process or schedule where they could retain their rights to an appeal. The post-facto removal of fire victim rights that was pursued by the Debtors in close collaboration and consultation with certain victim attorneys does not in any way satisfy Federal Rules of Bankruptcy Procedure 9019 or Rule 2002… Here, within this Case there was (1) NO notice to victims regarding their "opportunity to object" to the waiver of their legal rights (2) NO information provided to victims that would allow them to make an "informed decision" about waiving judicial review and (3) NO information about how they could retain their "rights to appeal." Indeed, there was no notice provided within the context of this case that would provide a schedule, a process or a procedure for upholding and/or retaining their rights to appeal or to pursue the types of legal action the Debtors' now seem intent on directing to the FVT through this Motion. Given these facts, it is not surprising that these plaintiffs and many others filed actions against the Debtors. They were simply never noticed regarding an opportunity to retain these legal rights prior to bankruptcy plan confirmation and the execution of the channeling injunction.*"

4) On May 16, 2023 and following these three timely filed objections, the Court issued the "Order Regarding Hearing on May 24, 2023." (the "**Order**"). Within this Order, the Court set a schedule and stated that "*the court will hear **first** from each of the named respondents*" and then "***followed by** the Reorganized Debtors*" as the moving party. After defining a process where the movant would present after the objecting parties, the Order went further to clarify that "*the court has read and considered the filing (Dkts. 13714 and 13715) by Mr. William B. Abrams in response to the Motion. The court concludes that **Mr. Abrams lacks standing, and therefore, he will not be permitted to argue***" (emphasis added).

# ARGUMENT

On December 4, 1770 John Adams famously stated *"facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passions, they cannot alter the state of facts or evidence."* The Court should consider that Adams characterized "facts" in this way because he understood that the facts and arguments put forward by ordinary citizens within the courtroom were critical to ensure justice. Abrams, not unlike the citizens that presented to the court in 1770, is an ordinary person trying to shed light and make arguments within this case to ensure the rights of victims are not further trampled upon by Pacific Gas and Electric Company or undermined by certain parties that would prefer to game the bankruptcy processes and procedures to advance their own financial interests at the expense victims' due process rights. Abrams respectfully argues within this Motion for Reconsideration that neither Chief Justice Benjamin Lynde, Jr. in 1770 nor the Honorable Dennis Montali in 2023, regardless of their profound wisdom, would be able to "bend the arc of the moral universe towards justice"[1] if they excluded citizen voices within the courtroom that would bear witness and present facts relevant to matters before the court. Here, Abrams has facts, evidence and arguments that are materially and directly relevant to the Debtors' Motion and respectfully asks the Court to reconsider and allow Abrams to present these facts at the hearing scheduled for May 24, 2023.

In response to Abrams prior filed papers, the Court has rightly highlighted how US Bankruptcy laws and court procedures are different from other courts like the district courts where the named plaintiffs filed lawsuits. Despite these differences, I ask the Court to consider if the bankruptcy court is so different in terms of an orientation towards justice as to exclude those individuals that timely file objections and are able to share first-hand accounts of the facts within this case? Are the rights of pro se litigants like Abrams valued by the Court when the proper procedures and laws are followed? If there is any doubt that Abrams has the case background and knowledge of the facts to contribute to the evidentiary record relative to this Motion, I would remind the Court of the last hearing where Abrams was also prevented from speaking in support of his own motion. Within the hearing On March 24, 2023, the Court stated the following when preventing Abrams from speaking in support of his own motion:

---

[1] Dr. Martin Luther King Jr. "Remaining Awake Through a Great Revolution" Speech given at the National Cathedral, March 31, 1968

> *"I'm not critical of Mr. Abrams. I'm simply saying that he brings the history, tremendous familiarity with that he probably knows more about this case than any of us in terms of the events."*[2]

Respectfully, Abrams requests that the Court consider this statement within the context of the Debtors' Motion and the related objections filed in response. Among the three parties that timely filed objections, Abrams is the only objector that has actively engaged at the significant turning points within the case that are central to the Debtors' Motion. The Court is aware that Abrams actively engaged in the disclosure statement hearings, confirmation hearings and within other hearings where there were material misrepresentations by the Debtors relative to their Motion and the enforcement of the channeling injunction. These experiences allow Abrams to provide first-hand accounts and refute the misguided and unjust arguments made by the Debtors. These facts are not to take away from the rights of the other victims and plaintiffs' counsel that notably and effectively objected to the Debtors' Motion but to add context and provide a stronger basis in support of their rights and remedies.

Abrams, if permitted to do so by the Court, is able to present evidence that certain parties, unlawfully and without providing victims with sufficient due process, designed dead-end unnoticed and unidentified processes to strategically prevent "judicial review." **These efforts to avoid the equitable application of judicial review directly led to the dead-end channeling injunction that the Debtors now enforce to prevent the plaintiffs identified within the Debtors' Motion and other victims from seeking punitive damages.** These strategic efforts to game bankruptcy processes and to trample upon the due process rights of victims are inextricably linked. When victims are unable to seek compensatory damages for their injuries, they naturally seek the types of punitive damages sought by the named plaintiffs within the Motion. **Of course, the Debtors would like to pretend that the lack of due process and lack of notice relative to judicial review is unrelated to the types of litigation unlawfully blocked by the channeling injunction. However, this is simply false.**

In support of this Motion for Reconsideration, Abrams requests that the Court consider the following additional facts that were not considered with the prior Order that excluded Abrams from participating in the hearing:

---

[2] See Hearing Transcript [Dkt. 13641, 13645], US Bankruptcy Court, Case#19-30088(DM), March 24, 2023

1. **Trustee and TOC Request for Support** – Given that the Debtors have argued within their Motion that the damages asserted by the plaintiffs should be redirected and asserted against the Fire Victim Trust, Abrams sent an email to Trustee counsel imploring both the Trustee and the Trust Oversight Committee to file an objection to the Debtors' Motion. This May 10, 2023, correspondence from Abrams stated the following:

   > "I am hoping that the Trustee and members of the TOC will weigh-in and similarly file an objection to PG&E's latest efforts to enforce the channeling injunction and direct these actions against the Fire Victim Trust. **I am very concerned that these latest moves by PG&E will further dilute the Trust's assets and limit the Trustee's ability to get victims paid in full.** Additionally, I am very concerned that PG&E is leveraging the channeling injunction to **strip victims of their legal rights.** Through my objection, I focus on the lack of due process and lack of notice relative to the perceived waiver of judicial review, right to an appeal and to seek remedies outside the confines of the bankruptcy court. **No other parties would allow this type of circumvention of their legal rights and it would be horrible precedent to set that victims legal rights can be strategically trampled upon without sufficient notice regarding the process and procedures to retain their rights.** I hope you agree that this maneuver to seemingly provide "retroactive due process" by informing victims after-the-fact that they missed an opportunity to "object to trust documents" as a pathway and retain their rights should not be tolerated. Assuming that this "objection to trust documents" was the standard for retaining judicial review, there was no notice or court order anywhere that provides victims with this information to preserve their rights. This is what the Trustee and members of the TOC consider "due process?" (emphasis added).

   This email was sent with the recognition that the Trustee and members of the Trust Oversight Committee had the legal expertise and the responsibility to file an objection to the Debtors' Motion but inexplicably remained silent. Given that these parties which are paid quite substantially to represent the interests of victims continued to sit on the sidelines, Abrams was compelled to file an objection and this Motion for Reconsideration. The Court recognized the lack of notice and lack of adequate victim representation in the hearing on May 15, 2020 by stating "*Is there anything in the plan or the disclosure statement that tells the thousands and thousands of people that were solicited, by the way, it doesn't matter what you do, we're going to stick this down your throat under 9019(b)?*" The TCC answer to that question was inadequate in 2020 and it is inadequate now given that the attorneys representing the "thousands and thousands of people" are bound by similar unjust provisions that keep them from adequately defending the rights of the victims.

2. **Debtors' Continued Pattern of Material Misstatements, Omissions and Nondisclosures** – On May 2, 2023 and just days after the Debtors filed their Motion to Enforce the Channeling Injunction, the California Public Utilities Commission released the Second *"PG&E Independent Safety Monitor Status Update Report… In conjunction with California Public Utilities Commission (CPUC) Decision 20-05-053,* **the Bankruptcy Plan of Reorganization for Pacific Gas and Electric Company (PG&E)** *and the findings included in the Kirkland & Ellis LLP Federal Monitorship Final Report dated November 19, 2021 (Federal Monitorship Report)."* Within this report it stated that *"In meetings attended by the ISM, concern was expressed by PG&E leadership that the magnitude of capital needed for asset replacement programs was far in excess of the amount of capital believed to be available… Due to the combination of reduced spending on reliability related capital programs in order to shift spending more towards wildfire mitigation programs (as was noted earlier in this report) and the introduction of EPSS, PG&E's average unplanned distribution SAIDI has more than doubled over the last five years, placing PG&E in the fourth quartile for reliability in comparison to other U.S. based electric utilities."* These and other findings of fact by the Independent Safety Monitor once again demonstrate a continued pattern of misrepresentations by the Debtors within and outside this case. While the findings of the monitor related to PG&E's misrepresented safety performance, misrepresented capital expenditures and misrepresented focus on reliability may not be directly relevant to this Motion, **the pattern of falsehoods and misrepresentations by the Debtors is absolutely relevant to the degree to which statements by the Debtor can be trusted by the Court.** Specifically, the Court should have the reasonable expectation that the Debtors' pattern of false statements will continue if left unchecked. Abrams through his objection and this Motion for Reconsideration is requesting that the Court allow him to provide arguments that refute the Debtors' statements to date and those that will undoubtedly arise again during the May 24, 2023 hearing on the Debtors' Motion.

///

**CONCLUSION**

Abrams reassures the Court that he will continue to adhere to courtroom decorum and to follow the proper processes and procedures to the best of his ability as a pro se claimant and victim. That said, there are inconvenient facts that Abrams intends to bring to light at the May 24, 2023 hearing if permitted to do so by the Court. These facts are material and central to the Court's reasonable consideration of the Motion and the Debtors' stated intent to enforce the channeling injunction on "all holders of claims" including Abrams. Given the Debtors' position, Abrams timely filed objection and the additional facts provided herein, Abrams respectfully requests that the Court approve this Motion for Reconsideration and allow Abrams to present his arguments at the hearing on May 24, 2023.

Dated: May 19, 2023

Respectfully submitted,

William B. Abrams
Pro Se Claimant