1          UNITED STATES BANKRUPTCY COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3                    -oOo-

4   In Re:                          ) Case No. 19-30088
                                    ) Chapter 11
5   PG&E CORPORATION AND PACIFIC    )
    GAS AND ELECTRIC COMPANY        ) San Francisco, California
6                                   ) Wednesday, May 24, 2023
              Reorganized Debtors.  ) 10:00 AM
7   _____ )
                                    ) REORGANIZED DEBTORS' ONE
8                                   ) HUNDRED TWENTIETH OMNIBUS
                                      OBJECTION TO CLAIMS (NO
9                                     LIABILITY CLAIMS) FILED BY
                                      PG&E CORPORATION [13670]
10
                                      REORGANIZED DEBTORS' OMNIBUS
11                                    MOTION TO ENFORCE THE
                                      DISCHARGE AND INJUNCTION
12                                    PROVISIONS OF PLAN AND
                                      CONFIRMATION ORDER AGAINST
13                                    CERTAIN PENDING ACTIONS FILED
                                      BY PG&E CORPORATION [13685]
14

15             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE DENNIS MONTALI
16           UNITED STATES BANKRUPTCY JUDGE

17   APPEARANCES (All present by video or telephone):
     For Reorganized Debtors:   THOMAS B. RUPP, ESQ.
18                              Keller Benvenutti Kim LLP
                                650 California Street
19                              Suite 1900
                                San Francisco, CA 94108
20                              (415)636-9015

21                              KEITH EGGLETON, ESQ.
                                Wilson Sonsini Goodrich &
22                              Rosati, PC
                                650 Page Mill Road
23                              Palo Alto, CA 94304

24

25

**eScribers, LLC**

```
 1   For Thomas and Jaydene      JANE LUCIANO, ESQ.
     Gardener; Liza Sims and     9000 Crow Canyon Road
 2   Edna Gleason:               Suite S #168
                                  Danville, CA 94506
 3                                (925)216-6030

 4                               WILLIAM D. MCCANN, ESQ.
                                  P.O Box 370
 5                                Genoa, NV 89411

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18   Court Recorder:            LORENA PARADA/ANKEY THOMAS
                                 United States Bankruptcy Court
19                               450 Golden Gate Avenue
                                 San Francisco, CA 94102
20

21   Transcriber:               CATHY L. KLEINBART
                                 eScribers, LLC
22                               7227 N. 16th Street
                                 Suite #207
23                               Phoenix, AZ 85020
                                 (800) 257-0885
24
     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.
```

1    SAN FRANCISCO, CALIFORNIA, WEDNESDAY, MAY 24, 2023, 10:00 AM

2                                  -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  Court is now in session, the Honorable

5    Dennis Montali presiding.  Calling the matter of PG&E

6    Corporation.  I'll bring counsel in now, Your Honor.

7            THE COURT:  All right.  Mr. Rupp and Mr. Eggleton,

8    state you appearances?

9            MR. RUPP:  Good morning, Your Honor.  Thomas Rupp of

10   Keller Benvenutti Kim for the reorganized debtors.  With me

11   today is Mr. Keith Eggleton of Wilson Sonsini Goodrich &

12   Rosati, who is counsel of record in the pending actions and

13   referenced in the motion.

14           THE COURT:  And we have Ms. Luciano and Mr. McCann.

15   Would you turn on your camera and your mics and state your

16   appearance and --

17           Ms. Parada, did we have a request for an appearance by

18   Mr. Willis (phonetic)?

19           THE CLERK:  No, Your Honor.

20           THE COURT:  Okay.

21           THE CLERK:  I do not see him on the list.

22           THE COURT:  All right.  Ms. Luciano and Mr. McCann,

23   would you state your appearances, please?

24           MS. LUCIANO:  Yes.  Jane Luciano on behalf of Thomas

25   and Jaydene Gardner and Liza Sims and Edna Gleason.

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 3
of 35

1        MR. MCCANN:  Yes.  Good morning, Your Honor.  William

2   D. McCann on behalf of Liza Sims, the estate of her late

3   mother, and Mr. and Mrs. Gardner.  Thank you.

4        THE COURT:  Mr. Eggleton or Mr. Rupp, have you heard

5   from Mr. Willis?

6        MR. RUPP:  I have not, Your Honor.

7        THE COURT:  Mr. Eggleton?

8        MR. EGGLETON:  Nor have I, Your Honor.

9        THE COURT:  Okay.  Well, he's been given a time

10  allocation to make an argument today.

11        So Ms. Luciano and Mr. McCann, you're on.  You have

12  ten minutes to open.  How are you going to divide it up?

13        MS. LUCIANO:  Your Honor, I was noting that your order

14  has claimants going first, and I understand that PG&E is the

15  moving party.  We would respectfully request that they go first

16  and that we respond to their argument.  If that's not

17  acceptable to Your Honor, then I will proceed accordingly to

18  your order.

19        THE COURT:  Well, I mean, I issued the order for a

20  reason.

21        MS. LUCIANO:  Okay.

22        THE COURT:  I've read the brief from PG&E a million

23  times.  I don't need to have them make the same argument.  I

24  actually wanted to give you an opportunity to respond and then

25  give you a chance to rebuttal.

1       MS. LUCIANO:  Okay.

2       THE COURT:  So I'm going to stick with my order.  If

3   you'd like to waive your opening argument, then you won't get

4   any closing argument.  So let's assume that you want to take

5   advantage of ten minutes, but are you and Mr. McCann going to

6   share it, or are you going to make the argument?

7       MS. LUCIANO:  I'm going to start, Your Honor, and if

8   need be, I'll refer to something to Mr. McCann, but I'm going

9   to start the argument, and I may finish it, too.

10      THE COURT:  Okay.  Before we do that, I want to make a

11  statement for the record.  There was also a request for a

12  motion for reconsideration of my earlier order from Mr. William

13  Abrams.  Mr. Abrams was the subject of an order that -- the

14  same order that set the argument for schedule for today that

15  said I was -- he lacked standing, and I was not going to permit

16  him to argue.  He filed a motion for reconsideration on May

17  19th.  I'm going to deny that motion for reconsideration as

18  well.

19          Coincidentally, only on May 8th, just two-and-a-half

20  weeks ago, the Ninth Circuit issued the decision Clifton

21  Capital Group, LLC v. Sharp, In Re:  The Matter of East Coast

22  Foods, Inc.  It's case number 21-55967, reported at 2023

23  Westlaw, 3296746, on May 8th, and the court extensively lays

24  out an analysis of the doctrine of standing, 109th Circuit

25  precedent.  Persons are not aggrieved and are not in a position

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 5
of 35

1   to argue standing, and that case couldn't be closer to on point

2   to all fours from point of view and the reason why I did not

3   and will not hear from Mr. Abrams.

4        So for that reason, when I issue an order following

5   today's hearing, I will formally, in written form, dispose of

6   Mr. Abram's motion for reconsideration.  I was going to make an

7   observation actually addressed to Mr. Willis, who's not

8   participating, that to some extent many of the arguments that

9   Mr. Abrams has advanced -- although I don't believe he has

10   standing -- I think are similar to the arguments argued by Mr.

11   Willis.  But at least for now, Mr. Willis doesn't appear to

12   want to argue.

13        So Ms. Luciano, with that background, I will tell you

14   that I've read your papers, and as promised, I give you ten

15   minutes for your opening argument.

16        MS. LUCIANO:  Thank you, Your Honor.  Procedurally, we

17   do not understand why PG&E has three sets of lawyers working on

18   this issue.  We --

19        THE COURT:  Well, you've got two sets of lawyers for

20   your side.  So we're not counting lawyers here.  You're not

21   paying the bills.  So it's really not relevant.

22        MS. LUCIANO:  Okay.  Nor do we understand that the

23   legal rulings in this matter are majority rule.  None of the

24   plaintiffs' lawyers who have decided to give up ghost, either

25   Sonoma or Butte County, represent our clients.  Plaintiffs'

1  organized lawyer group in the PG&E fire cases, and this

2  Court -- as this Court -- strike that.  I'm sorry, Your Honor.

3      We constantly refused to join any of the plaintiffs'

4  lawyers' organized groups in the PG&E fire cases.  And as this

5  Court may be aware, we made that abundantly clear in one Plumas

6  County case wherein a Southern California lawyer tried to

7  dictate our choice of venue.  Therefore, we ask that the Court

8  strike pursuant to Federal Rule of Civil Procedure 12(f), the

9  various declarations of Counsel Eggleton, who we know from

10 personal experience is the cutting edge of the concept at PG&E

11 could get enough plaintiffs' lawyers to dismiss their claims

12 for punitive damages and win the day.

13     Both Eggleton declarations are both irrelevant and

14 plaintiffs' claims for punitive damages and to the Court's

15 determination as to whether the so-called channeling

16 instruction authorized by Section 105(a) is sufficiently broad

17 to dismiss plaintiffs' claim for punitive damages.

18     THE COURT:  So your point is that you're -- I know you

19 said this, you're essentially challenging the channeling

20 injunction?

21     MS. LUCIANO:  Yes.

22     THE COURT:  Okay.

23     MS. LUCIANO:  And we have read the reply to our

24 objection.  The moving party would have this Court believe that

25 Section 523(a)(6) of the Bankruptcy Code only applies to

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 7
of 35

1  dischargeability of punitive damages of individuals debtors.

2  That is not the case.  In a recent --

3        THE COURT:  Ms. Luciano, you think that PG&E is

4  subject 523(a)(6)?

5        MS. LUCIANO:  Yes.

6        THE COURT:  Under what authority?

7        MS. LUCIANO:  I'm coming right up.

8        THE COURT:  Okay.

9        MS. LUCIANO:  In a recent ruling by the Fourth Circuit

10 Court of Appeals, it was held that Section 523(a)(6) applies to

11 corporations.  See In re:  Cleary Packaging, 36 F.4th 509

12 (2022), W.L. 2032296 (4th Cir. June 7th, 2022).

13       And one would think that with the many bankruptcy

14 lawyers in this case on PG&E's side, they would have cited

15 Cleary case.  That is ordinarily what is done.  The moving

16 party has the burden of proof that the channeling instruction

17 prohibits the litigation of punitive damages of my clients, but

18 nowhere in the moving papers or the reply is there a citation

19 to any precedent that would allow a bankruptcy court to stretch

20 Section 105(a) to in effect nullify an act of congress, to wit,

21 Section 523(a)(6) of the Bankruptcy Code.

22       As quoted in our brief from the Annual Survey of

23 Bankruptcy Law, one thing is evident, an appellate court,

24 mindful of the restrictions -- restriction, that's Section

25 105(a) cannot trump specific provisions of the Bankruptcy Code

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 8
of 35

1 and must exercise injunctive discretion within the parameters

2 of the Code, itself.

3        THE COURT: So let me go back for a minute. I'm

4 looking at your brief. Where did you cite the Fourth Circuit

5 case that you rely on?

6        MS. LUCIANO: Actually, we have -- it's for the

7 research, Your Honor, in preparation for this argument.

8        THE COURT: Oh, so you're faulting PG&E for not citing

9 a case that you didn't cite. What am I supposed to make of

10 that?

11        MS. LUCIANO: Well, I mean --

12        THE COURT: Well, what am I supposed to make of that,

13 Counsel? You fault them for not citing it, but you didn't cite

14 it, and yet, you apparently rely on it as your principal case.

15 So but --

16        MS. LUCIANO: Okay.

17        THE COURT: Let me just tell you, if you try to throw

18 PG&E in a hole, you've going to go in a hole with them. So

19 what is the holding of that Fourth Circuit case?

20        MS. LUCIANO: That Section 523(a)(6) applies to

21 corporations, not just individuals --

22        THE COURT: Is it binding on the Ninth Circuit? Am I

23 bound by a Fourth Circuit decision that I don't even know

24 about?

25        MS. LUCIANO: I think it's persuasive, and I've now

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 9
of 35

1   brought it to the Court's attention and --

2           THE COURT:  Okay.

3           MS. LUCIANO:  -- you can do with it what you will.

4           THE COURT:  Okay.  One question for you, did your

5   clients -- you said that you want to hang on -- preserve your

6   jury right, but did your clients participate in the trust?  In

7   other words, have their claims been estimated and determined

8   for preliminary distribution?

9           MS. LUCIANO:  Partially.

10          THE COURT:  Well, but I mean, has the calculation of

11  the claims been completed?

12          MS. LUCIANO:  Yes.

13          THE COURT:  Okay.  So what would you appeal?  If you

14  didn't challenge that -- and I understand.  I'm not making

15  light of the fact that your clients haven't been paid in full,

16  but the trust determined a claim for them, and they've received

17  some of that money.  So what would I make of that if I were to

18  say the channeling injunction doesn't apply?  Do I toss out

19  that determination?

20          MS. LUCIANO:  No.  I think that participation in the

21  Fire Victim Trust goes to trying to make them whole from a

22  property perspective, and when we started this whole Fire

23  Victim Trust endeavor, we objected to the language regarding

24  the channeling instruction, the vague language of the

25  channeling --

1          THE COURT:  Did you object to confirmation?

2          MS. LUCIANO:  I don't believe we objected to

3    confirmation because it --

4          THE COURT:  Your proof of claim to me -- your proof of

5    claim does indeed, as you say in your brief, it does

6    acknowledge that you don't waive your right to the punitive

7    damages, but the confirmation order is where the channeling

8    injunction became viable, and you didn't appeal that, and it's

9    final by three years ago.

10         But more importantly, you then had your clients'

11   claims were determined and they have received some payments.

12   So if I were toss out the channeling injunction, I guess I

13   start by unraveling those determinations and the payments back;

14   is that right or not?  I mean, the channel injunction either

15   channels or it doesn't.  So if it doesn't channel, what do we

16   do with it?

17         MS. LUCIANO:  Well, we have an issue of punitive

18   damages in a civil court.  That's all we're trying to address

19   is our right to have a -- nowhere has a judge and a jury

20   considered this matter, and --

21         THE COURT:  Okay.

22         MS. LUCIANO:  -- we don't believe that we are bound by

23   that channeling instruction by the law or by the fact that we

24   objected to it, even thought the language in that particular

25   document was very vague.

1          THE COURT:  Well, whether it was vague or not, it's

2    final.  It was an order of the Court three years ago, and you

3    didn't appeal it.  So what do I do with it?  In other words,

4    even if I believe your argument is valid, how do I set aside an

5    order that was entered three years ago?

6          MS. LUCIANO:  Well, because it was not in conformity

7    with the law.

8          THE COURT:  Well, that isn't what I asked.  Do I have

9    authority to set it aside?

10          MS. LUCIANO:  I would think you do.

11          THE COURT:  Well, then what happens to all the things

12    that followed from it?  Don't you have to --

13          MS. LUCIANO:  We're only talking about our client.

14          THE COURT:  -- undo --

15          MS. LUCIANO:  I'm only talking about our client.

16          THE COURT:  Okay.

17          MS. LUCIANO:  I can't --

18          THE COURT:  So your client would not --

19          MR. EGGLETON:  I can't --

20          THE COURT:  Your clients would not be bound by the

21    channeling injunction under this construction of the theory of

22    this argument?

23          MS. LUCIANO:  Yes.

24          THE COURT:  Okay.

25          MS. LUCIANO:  Okay.

1    THE COURT:  I've asked you a number of questions.  So

2 go ahead and take a couple more minutes, and then I'll give Mr.

3 Eggleton a chance to respond, and then you'll have a chance to

4 reply.

5    MS. LUCIANO:  Okay.  If I may -- okay.  All right.

6 Okay.  The moving party in its reply does not contradict

7 plaintiffs' argument that the document of willful blindness

8 applies to PG&E's conduct, particularly referenced to the grand

9 jury report in Butte County.

10    THE COURT:  Well, what does the doctrine -- I

11 understand that the doctrine says what it says, but what do I

12 do with that willful blindness argument in a context of a

13 statute that in my mind doesn't apply even to PG&E, and

14 therefore, your case depends upon my acceptance of 523(a)(6)

15 even being applicable, citing no authority, other than your

16 oral statement, and but I don't know what to -- so what does

17 the willful blindness doctrine do if 523(a)(6) is not

18 available?

19    MS. LUCIANO:  Well, it gives us the right to a jury

20 trial on that issue, and it gives us that through the grand

21 jury findings, Your Honor.

22    THE COURT:  Okay.

23    MS. LUCIANO:  And so if I may walk through this

24 because I need to -- certain points, I'd like to cover, please?

25 Well, I'll save my response to what PG&E goes ahead and offers

1   now.

2           THE COURT:  Okay.  Mr. Eggleton?

3           MR. EGGLETON:  Your Honor, I think Mr. McCann will

4   handle the bankruptcy aspects of this, and I'm happy to answer

5   any questions the Court has about the underlying cases in the

6   superior courts.

7           THE COURT:  I just want to know for PG&E, do you or

8   Mr. Rupp want to argue and respond to --

9           MR. EGGLETON:  Yes, Your Honor.  I misspoke.  Mr.

10  Rupp, sorry.

11          MR. RUPP:  Thank you, Your Honor.  Thomas Rupp again

12  from Keller Benvenutti Kim on behalf of the reorganized

13  debtors.  Your Honor, I did want to start with one update for

14  the Court.  We do have some good news.  Mr. Eggleton tells me

15  that counsel for one claimant, Larry Peluso has in fact filed a

16  dismissal.  So that makes one more, in addition to the eleven

17  actions dismissed by the Krankemann firm in response to the

18  motion.  The dismissal was --

19          THE COURT:  Okay.  But that was anticipated from

20  your --

21          MR. RUPP:  Yes, it was.

22          THE COURT:  -- reply.

23          THE COURT:  Yeah.  Okay.

24          MR. RUPP:  Turning back to this motion, as Your Honor

25  observed, the confirmation order was entered nearly three years

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 14
of 35

1 ago.  Three years ago today, we were on the eve of the
2 confirmation hearing.  The first day of trial was May 27th.
3 And as Your Honor points out, the time to appeal or challenge
4 it has long since passed.  And counsel here has not appealed or
5 challenged it.  So it is final.  And the reorganized debtors
6 are able to rely on it as much as any other party-in-interest
7 can rely on it.

8         Now, this motion is not general, but it was specific.
9 It's purpose was not to reopen any issues previously decided,
10 but to seek this Court's assistance in enforcing its order
11 against specific parties who are in violation of the channeling
12 injunction.  Now, counsel raised the Cleary Packaging case, and
13 it's an interesting case, Your Honor, however, it is not
14 applicable here.  As Your Honor points out, it's a Fourth
15 Circuit case, not binding on this circuit, but more
16 importantly, it is a case involving around Section 1192 of the
17 Bankruptcy Code, which is --

18         THE COURT:  That's Subchapter V, right?

19         MR. RUPP:  Absolutely, Your Honor.

20         THE COURT:  Okay.  And so that case concerns the issue
21 of whether the language in 1192 about its Subchapter V
22 discharge renders 523(a) to apply not to just individuals, but
23 to corporate debtors as well.

24         THE COURT:  So I gather what you're telling me is even
25 if I were to say that Cleary is a good law, it doesn't apply

1 here because PG&E isn't in Subchapter V?

2          MR. RUPP:  Exactly, Your Honor.

3          THE COURT:  Never was, and never could be.

4          MR. RUPP:  No.

5          THE COURT:  Okay.

6          MR. RUPP:  So that's Cleary Packaging in the Fourth

7 Circuit.  For what it's worth, I believe there are other

8 circuits have ruled the other way, but it doesn't apply here in

9 any event.

10          So where does that leave us?  I think in our papers

11 we've made pretty clear that the claims brought by Ms.

12 Luciano's clients are fire claims as defined under the plan,

13 including any request for punitive or exemplary damages, which

14 was included in the definition of fire claims under the plan,

15 and therefore, they are subject to the discharge, the

16 channeling injunction, and those claims are to be resolved,

17 adjudicated, and paid through the Fire Victim Trust.

18          THE COURT:  The proof of claim that Ms. Luciano

19 filed -- there are two claims for her clients, two on the face

20 of them purport to reserve the exemplary or punitive damage

21 aspect.  Do I ignore that?  Does it mean anything that she

22 reserved that?  I mean, there wasn't an affirmative waiver, in

23 fact, the reverse.  That was an affirmative reservation of that

24 right in her proof of claim.

25          MR. RUPP:  I don't think it does, Your Honor.  I think

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 16
of 35

1  the plan and the confirmation order is what controls those

2  claims, and as we've previously discussed, there was no

3  objection to the plan or confirmation order brought by these

4  claimants, and it is binding on every holder of the fire victim

5  claim whether they voted for the plan, or did not or objected

6  and did not.

7       THE COURT:  Does it matter if her clients participated

8  in an accepted determinations made by the Fire Trust because no

9  doubt -- I mean, I didn't look and do not know what the Fire

10  Trust did with her clients' claims.  Presumably, it allowed

11  them in some amount for the nonpunitive aspects of the claims.

12  Does that change the outcome here?

13       MR. RUPP:  I don't think it does, Your Honor.  I think

14  the channeling injunction is very clear.  The definition of

15  fire claim and fire victim claim is very clear, and the

16  channeling injunction makes clear that the sole source of

17  recovery for fire claims -- for fire victim claims is the Fire

18  Victim Trust.

19       THE COURT:  Okay.  Anything further?

20       MR. RUPP:  No, Your Honor.

21       THE COURT:  And so Mr. Eggleton, sorry for the

22  confusion.  I thought from -- although I hadn't seen you before

23  in this case that I recall, I thought you were going to make

24  the argument.  Do you want to add anything further or --

25       MR. EGGLETON:  I do not, Your Honor.  Just again, if

1    you have any questions about the underlying cases, I'm happy to

2    answer them.

3                THE COURT:  No, no.  I have none.

4                Okay.  Ms. Luciano, you have at least five minutes.

5                MR. MCCANN:  With Ms. Luciano's permission, I'm going

6    to rejoin this, if I might, Your Honor?

7                THE COURT:  This is Mr. McCann?

8                MR. MCCANN:  It is, indeed, sir.

9                THE COURT:  Okay.

10               MR. MCCANN:  So I would like to --

11               THE COURT:  Well, do you want five minutes?  Is that

12   what you're asking for, Mr. McCann?

13               MR. MCCANN:  Thank you, sir, yes.

14               THE COURT:  Okay.

15               MR. MCCANN:  First, the Cleary case arose upon a

16   representation by the opposition in their reply that Section

17   523 does not apply to PG&E.  I didn't include it in the initial

18   moving papers because that argument was not made.  So that's

19   why it was not cited in the moving papers.

20               If the challenging injunction --

21               THE COURT:  Well, Mr. McCann, stop there.  Do you

22   agree that the Cleary case is confined to debtors in Subchapter

23   V?

24               MR. MCCANN:  No, I do not.

25               THE COURT:  Are you familiar with Subchapter V?

1            MR. MCCANN:  I'm not a bankruptcy lawyer --

2            THE COURT:  That isn't what I asked you.

3            MR. MCCANN:  No.  I'm not familiar with it.

4            THE COURT:  Well, it's a section that came into

5    existence during -- well, about 2000, after PG&E filed

6    bankruptcy, and it's available for small businesses, very small

7    businesses.  PG&E couldn't even qualify in a tenth of a

8    percentage of eligibility, but it's very, very narrowly

9    confined.  It was increased somewhat for COVID by congress, but

10   I mean, it isn't even the slightest bit relevant.

11           And so to the extent that that case that I'm still not

12   familiar with might stand for a proposition that 523(a)(6)

13   applies in Sub V, that's of no consequence here.  Sub V didn't

14   even exist when PG&E filed bankruptcy, and it never was

15   eligible, even after the fact, and were never there.  So take

16   that off the table.

17           MR. MCCANN:  May it please the Court, I would be

18   pleased to know, not being a bankruptcy lawyer, if the Ninth

19   Circuit has decided that 523 does not apply to corporations?  I

20   don't think that's the case.  I do believe that --

21           THE COURT:  Well, I think, sir, I think it is the case

22   so --

23           MR. MCCANN:  Well --

24           THE COURT:  So and I am a bankruptcy specialist.

25           MR. MCCANN:  Yes, I see.

1          THE COURT:  But go ahead.

2          MR. MCCANN:  With due respect, could you name me the

3     case, please?  Would you be gracious enough to tell me what

4     case the Ninth Circuit holds that 523 doesn't apply to

5     corporations?

6          THE COURT:  Mr. McCann, this isn't a quiz.  You are

7     allowed to make argument.  I've been liberal by letting you

8     make an argument.  Your cocounsel faulted PG&E for not citing a

9     case that she didn't even cite.  You then cite the case, and

10    think that maybe there's a Ninth Circuit authority on it.

11    Well, if there's a Ninth Circuit authority that is dispositive,

12    it would have been up to you or Ms. Luciano to cite it.  I'm

13    not aware of anything even close to suggest that 523(a)(6) is

14    available to any debtor at all, and particularly not for PG&E,

15    who filed bankruptcy before Subchapter V was passed by

16    congress.  So go ahead.

17         MR. MCCANN:  You know, I just do not see any

18    precedent, though we looked for it, that says that 523 doesn't

19    apply to corporations in the Ninth Circuit --

20         THE COURT:  Well, Mr. McCann, you might consider

21    looking at Section 1141 becusae Section 1141 says what is the

22    effect of a discharge, but go ahead with the rest of your time.

23         MR. MCCANN:  And I also want to put on the -- I

24    believe that if the channeling injunction was used to defeat

25    the rights of my plaintiffs to punitive damages in three

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 20
of 35

1  separate state statutory bases, then it's void in its face.  It
2  was void in its face when it was written, and we --
3          THE COURT:  Mr. McCann, I'm sorry.  I'm sorry --
4          MR. MCCANN:  And we did not --
5          THE COURT:  I just didn't hear what --
6          MS. LUCIANO:  I said it was void on its face when it
7  was written, and we did not have any compulsion to appeal it
8  because we had --
9          THE COURT:  So what would I do -- then I asked Ms.
10 Luciano the same question, I'll ask you, what would you have me
11 do?
12         MR. MCCANN:  Excise it from the channeling injunction.
13         THE COURT:  For everybody, or just for your clients?
14         MR. MCCANN:  I don't care whether you do it for
15 everyone, but I do care if you do it for our clients, Your
16 Honor, with due respect.  And so that basically -- those are my
17 remarks.  I still do not -- I would like to understand as a
18 civil litigant -- civil lawyer, rather, what the relevance is
19 of stacking up plaintiffs who have succumbed to the requests of
20 Wilson Sonsini to dismiss punitive damages cases.
21         THE COURT:  I don't understand your question.  Wilson
22 Sonsini is a law firm.  PG&E is its client, and so I don't
23 understand your question.  Say it again?
24         MR. MCCANN:  We try to be more articulate, Your Honor.
25 Forgive me.  I do not understand the relevance of Mr.

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 21
of 35

1  Eggleton's declarations that state that he, through Wilson

2  Sonsini, on behalf of his client, PG&E, has persuaded X, Y, and

3  Z plaintiffs to dismiss their punitive damages cases.

4      THE COURT:  Well, they all have except your clients.

5      MR. MCCANN:  What is the relevance to me?  I'm not

6  going to join a Pied Piper of Hamelin, rush to judgment

7  defeating the rights of my client to punitive damages.  I'm not

8  going to join that.

9      THE COURT:  Mr. McCann, I'm not going to turn this

10  into a debate with you.  I am going to conclude the oral

11  argument, and I'm going to overrule your objections, and I'm

12  going to sustain PG&E's motion for the reasons that I'll come

13  to.

14      I'm going to just give you just a free -- some free

15  advice to a nonbankruptcy lawyer.  Lots of times, the first

16  time I see something like happened here is when I'm asked to

17  decide a motion for contempt because someone who decides that

18  he or she isn't going to follow the bankruptcy law decides to

19  proceed state court, and I give PG&E and its counsel

20  compliments and credit for doing this much more deliberately,

21  much more orally, and much more unconfrontationally in

22  suggesting that state court plaintiffs' dismiss.

23      And you'll recall when this motion was filed, there

24  were nineteen of them mentioned.  Mr. Rupp just brought me up

25  to date on the number of them that have gone away voluntarily.

1    There's nothing pending today for me to do other than deal with

2    today's motions, but I encourage you to get out your bankruptcy

3    code, or you and Ms. Luciano to put your heads together and

4    decide what you want to do if you don't like the ruling here

5    because I would rather not have to adjudicate a motion for

6    contempt if there's an unwillingness to abide by the rule.  So

7    that's my free advice for the day.  The --

8            MR. MCCANN:  I thank you for that.

9            THE COURT:  The bankruptcy law very well established

10   channeling injunctions have been around for decades, and the

11   court has authority to divert from one source to another

12   categories of claims.  In this case, PG&E chose to identify

13   twenty fires -- or twenty-one, I think was the original count,

14   only one of -- I mean, all but one of which was a wildfire.

15   The other one was unrelated, and to put into a trust, which it

16   funded with billions of dollars and entitlements and to let

17   PG&E have the benefit of the discharge of Section 1141 and to

18   let the victims of the fire seek recourse through the trust.

19           It is unfortunate -- it's a fact, but it's unfortunate

20   that that trust hasn't paid the claims in full, but it has paid

21   them substantially, and they hopefully will pay it some more.

22   And we're down to a handful of claims that are still pending in

23   state court, which are stayed by the Bankruptcy Code and are

24   discharged by the Bankruptcy Code.

25           And if lawyers such as you and Ms. Luciano accept the

1  ruling that I'm going to make, then you'll voluntarily dismiss

2  them.  If you don't accept it, you're obviously, you're free to

3  appeal.  I'm not trying to talk you out of appeal, but I'm

4  saying I hope that I don't meet you again on the receiving end

5  of a contempt motion because I don't like contempt motions.

6  They're unpleasant, and anyone who knows me knows that I don't

7  hand them out very frequently.  So this is not a threat.  It's

8  just a heads-up about frankly a legal argument that is not well

9  established and not well founded that you and Ms. Luciano have

10 made.

11       I appreciate the emotion for your clients.  I'm sorry

12 of the loss of your clients, but unfortunately the Bankruptcy

13 Code and Section 1141 and the confirmation order, which is

14 final, the channeling injunction, which is final, cannot be set

15 aside, even for, in my opinion, for a claimant such as yours,

16 your clients who are objecting to it at this point.

17       And so for those reasons, I'm going to overrule your

18 objections and also the objections of what we'll call the

19 Willis parties, Richard Willis P.C. representing an Attorney

20 named Robinson, (phonetic) and I believe another party.

21       Mr. Eggleton can help me with the name of the other

22 party that's also represented by the same firm.  Mr. Eggleton,

23 what's the name of that party.

24       MR. EGGLETON:  Yeah, Your Honor.  They represent

25 plaintiff Robinson and plaintiff Johnson (phonetic).

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 24
of 35

1          THE COURT:  Johnson, yes.  Robinson and Johnson, yes.

2          MR. EGGLETON:  They also represent Beegler Cook and

3     Beorglin (phonetic), which are pending in a different court.

4     I'm not entirely sure which of those plaintiffs they brought

5     this objection on behalf of, but those are the people they

6     represent.

7          THE COURT:  Well, you're entitled to -- I can't give

8     you more than you asked for.  And if there's another party that

9     can't be swept up in today's order, you'll have to bring

10    another matter before me, but perhaps --

11         MR. RUPP:  Well, Your Honor --

12         THE COURT:  -- you can agreement by party --

13         Yes, sir, Mr. Rupp?

14         MR. RUPP:  Your Honor, the order, the proposed order

15    indicated that it would include the chart of the nineteen

16    actions attached to the order.  So all those actions were

17    noticed with the exception of I think the Johnson case, which

18    we newly discovered and included in our reply.  So with that

19    modification of adding the Johnson case as the twentieth

20    action, that's what we'll be uploaded to Your Honor.

21         THE COURT:  Okay.  Again, Mr. McCann and Ms. Luciano,

22    again, I want to say that I am not faulting you for your

23    advocacy or for your spirited argument in favor of your

24    clients, and I am sympathetic to their losses as I have been as

25    I've presided over this case since its outset and the thousands

1  of fire victims.  I simply cannot accept the legal argument

2  that you're advancing and relying on grand jury arguments or

3  not-on-point cases that are completely distinguishable and so

4  on.  I simply, your positions are not well taken.  So your

5  motives are legit, your arguments are rejected, and for those

6  reasons the record will reflect that I'm overruling your

7  objections and sustaining PG&E's omnibus motion to enforce the

8  discharge and the injunction as sought in the plan -- excuse

9  me, in the motion, and I hope you'll take seriously what my

10  advice to you is, but that's for another day.

11          So unless anybody wants to say anything further, I'm

12  going to conclude the hearing.

13          MR. MCCANN:  I have one comment.  I'd like to thank

14  the Court for its courtesy.  You need to know, I'm not

15  sufficiently brave to face contempt orders in bankruptcy

16  courts, but I did, in researching this, know that I would have

17  to be in an appellate court sooner or later.  So that is what

18  will happen here.  But thank you for your professionalism and

19  courtesy, Your Honor.

20          MS. LUCIANO:  Thank you, Your Honor.

21          THE COURT:  All right.  Thank you, both.  All right.

22  We're going to conclude the hearing.  Thank you.

23          MR. EGGLETON:  Thank you, Your Honor.

24          MR. RUPP:  Thank you, Your Honor.

25      (Whereupon these proceedings were concluded at 10:34 AM)

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 26
of 35

1                    I N D E X

2    RULINGS:                                    PAGE LINE

3    Motion denied for reconsideration           5     18

4    PG&E's omnibus motion sustained             26    7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3   I, Cathy L. Kleinbart, certify that the foregoing transcript is

4   a true and accurate record of the proceedings.

5

6

7

8

9   *[signature: Cathy L. Kleinbart]*

10  _____

    /s/ CATHY L. KLEINBART

11

12

    eScribers

13

    7227 N. 16th Street, Suite #207

14

    Phoenix, AZ 85020

15

16

    Date:  May 25, 2023

17

18

19

20

21

22

23

24

**eScribers, LLC**

**A**

**abide (1)**
23:6
**able (1)**
15:6
**Abrams (4)**
5:13,13;6:3,9
**Abram's (1)**
6:6
**Absolutely (1)**
15:19
**abundantly (1)**
7:5
**accept (3)**
23:25;24:2;26:1
**acceptable (1)**
4:17
**acceptance (1)**
13:14
**accepted (1)**
17:8
**accordingly (1)**
4:17
**acknowledge (1)**
11:6
**act (1)**
8:20
**action (1)**
25:20
**actions (4)**
3:12;14:17;25:16,
16
**actually (3)**
4:24;6:7;9:6
**add (1)**
17:24
**adding (1)**
25:19
**addition (1)**
14:16
**address (1)**
11:18
**addressed (1)**
6:7
**adjudicate (1)**
23:5
**adjudicated (1)**
16:17
**advanced (1)**
6:9
**advancing (1)**
26:2
**advantage (1)**
5:5
**advice (3)**
22:15;23:7;26:10
**advocacy (1)**
25:23
**affirmative (2)**
16:22,23
**again (6)**

14:11;17:25;21:23;
24:4;25:21,22
**against (1)**
15:11
**aggrieved (1)**
5:25
**ago (6)**
5:20;11:9;12:2,5;
15:1,1
**agree (1)**
18:22
**agreement (1)**
25:12
**ahead (5)**
13:2,25;20:1,16,22
**allocation (1)**
4:10
**allow (1)**
8:19
**allowed (2)**
17:10;20:7
**although (2)**
6:9;17:22
**amount (1)**
17:11
**analysis (1)**
5:24
**Annual (1)**
8:22
**anticipated (1)**
14:19
**apparently (1)**
9:14
**appeal (7)**
10:13;11:8;12:3;
15:3;21:7;24:3,3
**appealed (1)**
15:4
**Appeals (1)**
8:10
**appear (1)**
6:11
**appearance (2)**
3:16,17
**appearances (2)**
3:8,23
**appellate (2)**
8:23;26:17
**applicable (2)**
13:15;15:14
**applies (5)**
7:25;8:10;9:20;
13:8;19:13
**apply (9)**
10:18;13:13;15:22,
25;16:8;18:17;19:19;
20:4,19
**appreciate (1)**
24:11
**argue (4)**
5:16;6:1,12;14:8
**argued (1)**
6:10

**argument (22)**
4:10,16,23;5:3,4,6,
9,14;6:15;9:7;12:4,
22;13:7,12;17:24;
18:18;20:7,8;22:11;
24:8;25:23;26:1
**arguments (4)**
6:8,10;26:2,5
**arose (1)**
18:15
**around (2)**
15:16;23:10
**articulate (1)**
21:24
**aside (3)**
12:4,9;24:15
**aspect (1)**
16:21
**aspects (2)**
14:4;17:11
**assistance (1)**
15:10
**assume (1)**
5:4
**attached (1)**
25:16
**attention (1)**
10:1
**Attorney (1)**
24:19
**authority (6)**
8:6;12:9;13:15;
20:10,11;23:11
**authorized (1)**
7:16
**available (3)**
13:18;19:6;20:14
**aware (2)**
7:5;20:13
**away (1)**
22:25

**B**

**back (3)**
9:3;11:13;14:24
**background (1)**
6:13
**Bankruptcy (21)**
7:25;8:13,19,21,23,
25;14:4;15:17;19:1,6,
14,18,24;20:15;
22:18;23:2,9,23,24;
24:12;26:15
**bases (1)**
21:1
**basically (1)**
21:16
**became (1)**
11:8
**becusae (1)**
20:21
**Beegler (1)**

25:2
**behalf (5)**
3:24;4:2;14:12;
22:2;25:5
**benefit (1)**
23:17
**Benvenutti (2)**
3:10;14:12
**Beorglin (1)**
25:3
**billions (1)**
23:16
**bills (1)**
6:21
**binding (3)**
9:22;15:15;17:4
**bit (1)**
19:10
**blindness (3)**
13:7,12,17
**Both (3)**
7:13,13;26:21
**bound (3)**
9:23;11:22;12:20
**brave (1)**
26:15
**brief (4)**
4:22;8:22;9:4;11:5
**bring (2)**
3:6;25:9
**broad (1)**
7:16
**brought (5)**
10:1;16:11;17:3;
22:24;25:4
**burden (1)**
8:16
**businesses (2)**
19:6,7
**Butte (2)**
6:25;13:9

**C**

**calculation (1)**
10:10
**CALIFORNIA (2)**
3:1;7:6
**Call (2)**
3:3;24:18
**Calling (1)**
3:5
**came (1)**
19:4
**camera (1)**
3:15
**can (4)**
10:3;15:7;24:21;
25:12
**Capital (1)**
5:21
**care (2)**
21:14,15

**case (30)**
5:22;6:1;7:6;8:2,14,
15;9:5,9,14,19;13:14;
15:12,13,15,16,20;
17:23;18:15,22;
19:11,20,21;20:3,4,9,
9;23:12;25:17,19,25
**cases (7)**
7:1,4;14:5;18:1;
21:20;22:3;26:3
**categories (1)**
23:12
**certain (1)**
13:24
**challenge (2)**
10:14;15:3
**challenged (1)**
15:5
**challenging (2)**
7:19;18:20
**chance (1)**
4:25;13:3,3
**change (1)**
17:12
**channel (2)**
11:14,15
**channeling (18)**
7:15,19;8:16;10:18,
24,25;11:7,12,23;
12:21;15:11;16:16;
17:14,16;20:24;
21:12;23:10;24:14
**channels (1)**
11:15
**chart (1)**
25:15
**choice (1)**
7:7
**chose (1)**
23:12
**Cir (1)**
8:12
**Circuit (15)**
5:20,24;8:9;9:4,19,
22,23;15:15,15;16:7;
19:19;20:4,10,11,19
**circuits (1)**
16:8
**citation (1)**
8:18
**cite (1)**
9:4,9,13;20:9,9,12
**cited (2)**
8:14;18:19
**citing (4)**
9:8,13;13:15;20:8
**Civil (4)**
7:8;11:18;21:18,18
**claim (9)**
7:17;10:16;11:4,5;
16:18,24;17:5,15,15
**claimant (2)**
14:15;24:15

Case: 19-30088    Doc# 13774    Filed: 05/25/23    Entered: 05/25/23 07:39:52    Page 29
of 35

**claimants (2)**
4:14;17:4
**claims (18)**
7:11,14;10:7,11;
11:11;16:11,12,14,16,
19;17:2,10,11,17,17;
23:12,20,22
**clear (5)**
7:5;16:11;17:14,15,
16
**Cleary (7)**
8:11,15;15:12,25;
16:6;18:15,22
**CLERK (3)**
3:4,19,21
**client (6)**
12:13,15,18;21:22;
22:2,7
**clients (16)**
6:25;8:17;10:5,6,
15;12:20;16:12,19;
17:7;21:13,15;22:4;
24:11,12,16;25:24
**clients' (2)**
11:10;17:10
**Clifton (1)**
5:20
**close (1)**
20:13
**closer (1)**
6:1
**closing (1)**
5:4
**Coast (1)**
5:21
**cocounsel (1)**
20:8
**Code (9)**
7:25;8:21,25;9:2;
15:17;23:3,23,24;
24:13
**Coincidentally (1)**
5:19
**coming (1)**
8:7
**comment (1)**
26:13
**completed (1)**
10:11
**completely (1)**
26:3
**compliments (1)**
22:20
**compulsion (1)**
21:7
**concept (1)**
7:10
**concerns (1)**
15:20
**conclude (3)**
22:10;26:12,22
**concluded (1)**
26:25

**conduct (1)**
13:8
**confined (2)**
18:22;19:9
**confirmation (8)**
11:1,3,7;14:25;
15:2;17:1,3;24:13
**conformity (1)**
12:6
**confusion (1)**
17:22
**congress (3)**
8:20;19:9;20:16
**consequence (1)**
19:13
**consider (1)**
20:20
**considered (1)**
11:20
**constantly (1)**
7:3
**construction (1)**
12:21
**contempt (5)**
22:17;23:6;24:5,5;
26:15
**context (1)**
13:12
**contradict (1)**
13:6
**controls (1)**
17:1
**Cook (1)**
25:2
**corporate (1)**
15:23
**Corporation (1)**
3:6
**corporations (5)**
8:11;9:21;19:19;
20:5,19
**counsel (8)**
3:6,12;7:9;9:13;
14:15;15:4,12;22:19
**count (1)**
23:13
**counting (1)**
6:20
**County (3)**
6:25;7:6;13:9
**couple (1)**
13:2
**Court (104)**
3:3,4,7,14,20,22;
4:4,7,9,19,22;5:2,10,
23;6:19;7:2,2,5,7,18,
22,24;8:3,6,8,10,19,
23;9:3,8,12,17,22;
10:2,4,10,13;11:1,4,
18,21;12:1,2,8,11,14,
16,18,20,24;13:1,10,
22;14:2,5,7,14,19,22,
23;15:18,20,24;16:3,

5,18;17:7,19,21;18:3,
7,9,11,14,21,25;19:2,
4,17,21,24;20:1,6,20;
21:3,5,9,13,21;22:4,9,
19,22;23:9,11,23;
25:1,3,7,12,21;26:14,
17,21
**courtesy (2)**
26:14,19
**courts (2)**
14:6;26:16
**Court's (3)**
7:14;10:1;15:10
**cover (1)**
13:24
**COVID (1)**
19:9
**credit (1)**
22:20
**cutting (1)**
7:10

**D**

**damage (1)**
16:20
**damages (12)**
7:12,14,17;8:1,17;
11:7,18;16:13;20:25;
21:20;22:3,7
**date (1)**
22:25
**day (4)**
7:12;15:2;23:7;
26:10
**deal (1)**
23:1
**debate (1)**
22:10
**debtor (1)**
20:14
**debtors (6)**
3:10;8:1;14:13;
15:5,23;18:22
**decades (1)**
23:10
**decide (2)**
22:17;23:4
**decided (3)**
6:24;15:9;19:19
**decides (2)**
22:17,18
**decision (2)**
5:20;9:23
**declarations (3)**
7:9,13;22:1
**defeat (1)**
20:24
**defeating (1)**
22:7
**defined (1)**
16:12
**definition (2)**

16:14;17:14
**deliberately (1)**
22:20
**Dennis (1)**
3:5
**deny (1)**
5:17
**depends (1)**
13:14
**determination (2)**
7:15;10:19
**determinations (2)**
11:13;17:8
**determined (3)**
10:7,16;11:11
**dictate (1)**
7:7
**different (1)**
25:3
**discharge (5)**
15:22;16:15;20:22;
23:17;26:8
**dischargeability (1)**
8:1
**discharged (1)**
23:24
**discovered (1)**
25:18
**discretion (1)**
9:1
**discussed (1)**
17:2
**dismiss (6)**
7:11,17;21:20;22:3,
22;24:1
**dismissal (2)**
14:16,18
**dismissed (1)**
14:17
**dispose (1)**
6:5
**dispositive (1)**
20:11
**distinguishable (1)**
26:3
**distribution (1)**
10:8
**divert (1)**
23:11
**divide (1)**
4:12
**doctrine (4)**
5:24;13:10,11,17
**document (2)**
11:25;13:7
**dollars (1)**
23:16
**done (1)**
8:15
**doubt (1)**
17:9
**down (1)**
23:22

**due (2)**
20:2;21:16
**during (1)**
19:5

**E**

**earlier (1)**
5:12
**East (1)**
5:21
**edge (1)**
7:10
**Edna (1)**
3:25
**effect (2)**
8:20;20:22
**Eggleton (20)**
3:7,11;4:4,7,8;7:9,
13;12:19;13:3;14:2,3,
9,14;17:21,25;24:21,
22,24;25:2;26:23
**Eggleton's (1)**
22:1
**either (2)**
6:24;11:14
**eleven (1)**
14:16
**eligibility (1)**
19:8
**eligible (1)**
19:15
**emotion (1)**
24:11
**encourage (1)**
23:2
**end (1)**
24:4
**endeavor (1)**
10:23
**enforce (1)**
26:7
**enforcing (1)**
15:10
**enough (2)**
7:11;20:3
**entered (2)**
12:5;14:25
**entirely (1)**
25:4
**entitled (1)**
25:7
**entitlements (1)**
23:16
**essentially (1)**
7:19
**established (2)**
23:9;24:9
**estate (1)**
4:2
**estimated (1)**
10:7
**eve (1)**

Case: 19-30088    Doc# 13774    Filed: 05/25/23    Entered: 05/25/23 07:39:52    Page 30
of 35

15:1
**even (13)**
9:23;11:24;12:4;
13:13,15;15:24;19:7,
10,14,15;20:9,13;
24:15
**event (1)**
16:9
**everybody (1)**
21:13
**everyone (1)**
21:15
**evident (1)**
8:23
**Exactly (1)**
16:2
**except (1)**
22:4
**exception (1)**
25:17
**Excise (1)**
21:12
**excuse (1)**
26:8
**exemplary (2)**
16:13,20
**exercise (1)**
9:1
**exist (1)**
19:14
**existence (1)**
19:5
**experience (1)**
7:10
**extensively (1)**
5:23
**extent (2)**
6:8;19:11

**F**

**F4th (1)**
8:11
**face (5)**
16:19;21:1,2,6;
26:15
**fact (6)**
10:15;11:23;14:15;
16:23;19:15;23:19
**familiar (3)**
18:25;19:3,12
**fault (1)**
9:13
**faulted (1)**
20:8
**faulting (2)**
9:8;25:22
**favor (1)**
25:23
**Federal (1)**
7:8
**filed (7)**
5:16;14:15;16:19;

19:5,14;20:15;22:23
**final (5)**
11:9;12:2;15:5;
24:14,14
**findings (1)**
13:21
**finish (1)**
5:9
**fire (17)**
7:1,4;10:21,22;
16:12,14,17;17:4,8,9,
15,15,17,17,17;23:18;
26:1
**fires (1)**
23:13
**firm (3)**
14:17;21:22;24:22
**first (5)**
4:14,15;15:2;18:15;
22:15
**five (2)**
18:4,11
**follow (1)**
22:18
**followed (1)**
12:12
**following (1)**
6:4
**Foods (1)**
5:22
**Forgive (1)**
21:25
**form (2)**
6:5
**formally (1)**
6:5
**founded (1)**
24:9
**fours (1)**
6:2
**Fourth (6)**
8:9;9:4,19,23;
15:14;16:6
**FRANCISCO (1)**
3:1
**frankly (1)**
24:8
**free (4)**
22:14,14;23:7;24:2
**frequently (1)**
24:7
**full (2)**
10:15;23:20
**funded (1)**
23:16
**further (3)**
17:19,24;26:11

**G**

**Gardner (2)**
3:25;4:3
**gather (1)**

15:24
**general (1)**
15:8
**ghost (1)**
6:24
**given (1)**
4:9
**gives (2)**
13:19,20
**Gleason (1)**
3:25
**goes (2)**
10:21;13:25
**Good (4)**
3:9;4:1;14:14;
15:25
**Goodrich (1)**
3:11
**gracious (1)**
20:3
**grand (3)**
13:8,20;26:2
**Group (2)**
5:21;7:1
**groups (1)**
7:4
**guess (1)**
11:12

**H**

**Hamelin (1)**
22:6
**hand (1)**
24:7
**handful (1)**
23:22
**handle (1)**
14:4
**hang (1)**
10:5
**happen (1)**
26:18
**happened (1)**
22:16
**happens (1)**
12:11
**happy (2)**
14:4;18:1
**heads (1)**
23:3
**heads-up (1)**
24:8
**hear (2)**
6:3;21:5
**heard (1)**
4:4
**hearing (4)**
6:5;15:2;26:12,22
**held (1)**
8:10
**help (1)**
24:21

**holder (1)**
17:4
**holding (1)**
9:19
**holds (1)**
20:4
**hole (2)**
9:18,18
**Honor (38)**
3:6,9,19;4:1,6,8,13,
17;5:7;6:16;7:2;9:7;
13:21;14:3,9,11,13,
24;15:3,13,14,19;
16:2,25;17:13,20,25;
18:6;21:16,24;24:24;
25:11,14,20;26:19,20,
23,24
**Honorable (1)**
3:4
**hope (2)**
24:4;26:9
**hopefully (1)**
23:21

**I**

**identify (1)**
23:12
**ignore (1)**
16:21
**importantly (2)**
11:10;15:16
**Inc (1)**
5:22
**include (2)**
18:17;25:15
**included (2)**
16:14;25:18
**including (1)**
16:13
**increased (1)**
19:9
**indeed (2)**
11:5;18:8
**indicated (1)**
25:15
**individuals (3)**
8:1;9:21;15:22
**initial (1)**
18:17
**injunction (15)**
7:20;10:18;11:8,12,
14;12:21;15:12;
16:16;17:14,16;
18:20;20:24;21:12;
24:14;26:8
**injunctions (1)**
23:10
**injunctive (1)**
9:1
**instruction (4)**
7:16;8:16;10:24;
11:23

**interesting (1)**
15:13
**into (3)**
19:4;22:10;23:15
**involving (1)**
15:16
**irrelevant (1)**
7:13
**issue (5)**
6:4,18;11:17;13:20;
15:20
**issued (2)**
4:19;5:20
**issues (1)**
15:9

**J**

**Jane (1)**
3:24
**Jaydene (1)**
3:25
**Johnson (5)**
24:25;25:1,1,17,19
**join (3)**
7:3;22:6,8
**judge (1)**
11:19
**judgment (1)**
22:6
**June (1)**
8:12
**jury (6)**
10:6;11:19;13:9,19,
21;26:2

**K**

**Keith (1)**
3:11
**Keller (2)**
3:10;14:12
**Kim (2)**
3:10;14:12
**knows (2)**
24:6,6
**Krankemann (1)**
14:17

**L**

**lacked (1)**
5:15
**language (4)**
10:23,24;11:24;
15:21
**Larry (1)**
14:15
**late (1)**
4:2
**later (1)**
26:17
**Law (7)**

Case: 19-30088    Doc# 13774    Filed: 05/25/23    Entered: 05/25/23 07:39:52    Page 31
of 35

8:23;11:23;12:7;
15:25;21:22;22:18;
23:9
**lawyer (6)**
7:1,6;19:1,18;
21:18;22:15
**lawyers (7)**
6:17,19,20,24;7:11;
8:14;23:25
**lawyers' (1)**
7:4
**lays (1)**
5:23
**least (2)**
6:11;18:4
**leave (1)**
16:10
**legal (3)**
6:23;24:8;26:1
**legit (1)**
26:5
**letting (1)**
20:7
**liberal (1)**
20:7
**light (1)**
10:15
**list (1)**
3:21
**litigant (1)**
21:18
**litigation (1)**
8:17
**Liza (2)**
3:25;4:2
**LLC (1)**
5:21
**long (1)**
15:4
**look (1)**
17:9
**looked (1)**
20:18
**looking (2)**
9:4;20:21
**loss (1)**
24:12
**losses (1)**
25:24
**Lots (1)**
22:15
**Luciano (50)**
3:14,22,24,24;4:11,
13,21;5:1,7;6:13,16,
22;7:21,23;8:3,5,7,9;
9:6,11,16,20,25;10:3,
9,12,20;11:2,17,22;
12:6,10,13,15,17,23,
25;13:5,19,23;16:18;
18:4;20:12;21:6,10;
23:3,25;24:9;25:21;
26:20
**Luciano's (2)**

16:12;18:5

**M**

**majority (1)**
6:23
**makes (2)**
14:16;17:16
**making (1)**
10:14
**many (2)**
6:8;8:13
**matter (6)**
3:5;5:21;6:23;
11:20;17:7;25:10
**MAY (10)**
3:1;5:9,16,19,23;
7:5;13:5,23;15:2;
19:17
**maybe (1)**
20:10
**McCann (37)**
3:14,22;4:1,2,11;
5:5,8;14:3;18:5,7,8,
10,12,13,15,21,24;
19:1,3,17,23,25;20:2,
6,17,20,23;21:3,4,12,
14,24;22:5,9;23:8;
25:21;26:13
**mean (9)**
4:19;9:11;10:10;
11:14;16:21,22;17:9;
19:10;23:14
**meet (1)**
24:4
**mentioned (1)**
22:24
**mics (1)**
3:15
**might (3)**
18:6;19:12;20:20
**million (1)**
4:22
**mind (1)**
13:13
**mindful (1)**
8:24
**minute (1)**
9:3
**minutes (6)**
4:12;5:5;6:15;13:2;
18:4,11
**misspoke (1)**
14:9
**modification (1)**
25:19
**money (1)**
10:17
**Montali (1)**
3:5
**more (10)**
11:10;13:2;14:16;
15:15;21:24;22:20,

21,21;23:21;25:8
**morning (2)**
3:9;4:1
**mother (1)**
4:3
**motion (15)**
3:13;5:12,16,17;
6:6;14:18,24;15:8;
22:12,17,23;23:5;
24:5;26:7,9
**motions (2)**
23:2;24:5
**motives (1)**
26:5
**moving (7)**
4:15;7:24;8:15,18;
13:6;18:18,19
**Mrs (1)**
4:3
**much (4)**
15:6;22:20,21,21
**must (1)**
9:1

**N**

**name (3)**
20:2;24:21,23
**named (1)**
24:20
**narrowly (1)**
19:8
**nearly (1)**
14:25
**need (4)**
4:23;5:8;13:24;
26:14
**newly (1)**
25:18
**news (1)**
14:14
**nineteen (2)**
22:24;25:15
**Ninth (7)**
5:20;9:22;19:18;
20:4,10,11,19
**nonbankruptcy (1)**
22:15
**None (2)**
6:23;18:3
**nonpunitive (1)**
17:11
**Nor (2)**
4:8;6:22
**noticed (1)**
25:17
**noting (1)**
4:13
**not-on-point (1)**
26:3
**nowhere (2)**
8:18;11:19
**nullify (1)**

8:20
**number (3)**
5:22;13:1;22:25

**O**

**object (1)**
11:1
**objected (4)**
10:23;11:2,24;17:5
**objecting (1)**
24:16
**objection (3)**
7:24;17:3;25:5
**objections (4)**
22:11;24:18,18;
26:7
**observation (1)**
6:7
**observed (1)**
14:25
**obviously (1)**
24:2
**off (1)**
19:16
**offers (1)**
13:25
**omnibus (1)**
26:7
**one (12)**
7:5;8:13,23;10:4;
14:13,15,16;23:11,14,
14,15;26:13
**only (5)**
5:19;7:25;12:13,15;
23:14
**oOo- (1)**
3:2
**open (1)**
4:12
**opening (2)**
5:3;6:15
**opinion (1)**
24:15
**opportunity (1)**
4:24
**opposition (1)**
18:16
**oral (2)**
13:16;22:10
**orally (1)**
22:21
**order (21)**
3:3;4:13,18,19;5:2,
12,13,14;6:4;11:7;
12:2,5;14:25;15:10;
17:1,3;24:13;25:9,14,
14,16
**orders (1)**
26:15
**ordinarily (1)**
8:15
**organized (2)**

7:1,4
**original (1)**
23:13
**out (8)**
5:24;10:18;11:12;
15:3,14;23:2;24:3,7
**outcome (1)**
17:12
**outset (1)**
25:25
**over (1)**
25:25
**overrule (2)**
22:11;24:17
**overruling (1)**
26:6

**P**

**Packaging (3)**
8:11;15:12;16:6
**paid (4)**
10:15;16:17;23:20,
20
**papers (5)**
6:14;8:18;16:10;
18:18,19
**Parada (1)**
3:17
**parameters (1)**
9:1
**Partially (1)**
10:9
**participate (1)**
10:6
**participated (1)**
17:7
**participating (1)**
6:8
**participation (1)**
10:20
**particular (1)**
11:24
**particularly (2)**
13:8;20:14
**parties (2)**
15:11;24:19
**party (9)**
4:15;7:24;8:16;
13:6;24:20,22,23;
25:8,12
**party-in-interest (1)**
15:6
**passed (2)**
15:4;20:15
**pay (1)**
23:21
**paying (1)**
6:21
**payments (2)**
11:11,13
**PC (1)**
24:19

Case: 19-30088   Doc# 13774   Filed: 05/25/23   Entered: 05/25/23 07:39:52   Page 32
of 35

**Peluso (1)**
14:15
**pending (4)**
3:12;23:1,22;25:3
**people (1)**
25:5
**percentage (1)**
19:8
**perhaps (1)**
25:10
**permission (1)**
18:5
**permit (1)**
5:15
**personal (1)**
7:10
**Persons (1)**
5:25
**perspective (1)**
10:22
**persuaded (1)**
22:2
**persuasive (1)**
9:25
**PG&E (25)**
3:5;4:14,22;6:17;
7:1,4,10;8:3;9:8,18;
13:13,25;14:7;16:1;
18:17;19:5,7,14;20:8,
14;21:22;22:2,19;
23:12,17
**PG&E's (4)**
8:14;13:8;22:12;
26:7
**phonetic (4)**
3:18;24:20,25;25:3
**Pied (1)**
22:6
**Piper (1)**
22:6
**plaintiff (2)**
24:25,25
**plaintiffs (3)**
20:25;21:19;22:3;
25:4
**plaintiffs' (8)**
6:24,25;7:3,11,14,
17;13:7;22:22
**plan (6)**
16:12,14;17:1,3,5;
26:8
**please (4)**
3:23;13:24;19:17;
20:3
**pleased (1)**
19:18
**Plumas (1)**
7:5
**point (4)**
6:1,2;7:18;24:16
**points (3)**
13:24;15:3,14
**position (1)**

5:25
**positions (1)**
26:4
**precedent (3)**
5:25;8:19;20:18
**preliminary (1)**
10:8
**preparation (1)**
9:7
**preserve (1)**
10:5
**presided (1)**
25:25
**presiding (1)**
3:5
**Presumably (1)**
17:10
**pretty (1)**
16:11
**previously (2)**
15:9;17:2
**principal (1)**
9:14
**Procedurally (1)**
6:16
**Procedure (1)**
7:8
**proceed (2)**
4:17;22:19
**proceedings (1)**
26:25
**professionalism (1)**
26:18
**prohibits (1)**
8:17
**promised (1)**
6:14
**proof (5)**
8:16;11:4,4;16:18,
24
**property (1)**
10:22
**proposed (1)**
25:14
**proposition (1)**
19:12
**provisions (1)**
8:25
**punitive (13)**
7:12,14,17;8:1,17;
11:6,17;16:13,20;
20:25;21:20;22:3,7
**purport (1)**
16:20
**purpose (1)**
15:9
**pursuant (1)**
7:8
**put (3)**
20:23;23:3,15

**Q**

**qualify (1)**
19:7
**quiz (1)**
20:6
**quoted (1)**
8:22

**R**

**raised (1)**
15:12
**rather (2)**
21:18;23:5
**Re (2)**
5:21;8:11
**read (3)**
4:22;6:14;7:23
**really (1)**
6:21
**reason (3)**
4:20;6:2,4
**reasons (3)**
22:12;24:17;26:6
**rebuttal (1)**
4:25
**recall (2)**
17:23;22:23
**received (2)**
10:16;11:11
**receiving (1)**
24:4
**recent (2)**
8:2,9
**reconsideration (4)**
5:12,16,17;6:6
**record (3)**
3:12;5:11;26:6
**recourse (1)**
23:18
**recovery (1)**
17:17
**refer (1)**
5:8
**referenced (2)**
3:13;13:8
**reflect (1)**
26:6
**refused (1)**
7:3
**regarding (1)**
10:23
**rejected (1)**
26:5
**rejoin (1)**
18:6
**relevance (3)**
21:18,25;22:5
**relevant (2)**
6:21;19:10
**rely (4)**
9:5,14;15:6,7
**relying (1)**
26:2

**remarks (1)**
21:17
**renders (1)**
15:22
**reopen (1)**
15:9
**reorganized (3)**
3:10;14:12;15:5
**reply (7)**
7:23;8:18;13:4,6;
14:22;18:16;25:18
**report (1)**
13:9
**reported (1)**
5:22
**represent (4)**
6:25;24:24;25:2,6
**representation (1)**
18:16
**represented (1)**
24:22
**representing (1)**
24:19
**request (4)**
3:17;4:15;5:11;
16:13
**requests (1)**
21:19
**research (1)**
9:7
**researching (1)**
26:16
**reservation (1)**
16:23
**reserve (1)**
16:20
**reserved (1)**
16:22
**resolved (1)**
16:16
**respect (2)**
20:2;21:16
**respectfully (1)**
4:15
**respond (4)**
4:16,24;13:3;14:8
**response (2)**
13:25;14:17
**rest (1)**
20:22
**restriction (1)**
8:24
**restrictions (1)**
8:24
**reverse (1)**
16:23
**Richard (1)**
24:19
**right (13)**
3:7,22;8:7;10:6;
11:6,14,19;13:5,19;
15:18;16:24;26:21,21
**rights (2)**

20:25;22:7
**Robinson (3)**
24:20,25;25:1
**Rosati (1)**
3:12
**rule (3)**
6:23;7:8;23:6
**ruled (1)**
16:8
**ruling (3)**
8:9;23:4;24:1
**rulings (1)**
6:23
**Rupp (23)**
3:7,9,9;4:4,6;14:8,
10,11,11,21,24;15:19;
16:2,4,6,25;17:13,20;
22:24;25:11,13,14;
26:24
**rush (1)**
22:6

**S**

**same (4)**
4:23;5:14;21:10;
24:22
**SAN (1)**
3:1
**save (1)**
13:25
**saying (1)**
24:4
**schedule (1)**
5:14
**Section (14)**
7:16,25;8:10,20,21,
24;9:20;15:16;18:16;
19:4;20:21,21;23:17;
24:13
**seek (2)**
15:10;23:18
**separate (1)**
21:1
**seriously (1)**
26:9
**session (1)**
3:4
**set (4)**
5:14;12:4,9;24:14
**sets (2)**
6:17,19
**share (1)**
5:6
**Sharp (1)**
5:21
**side (2)**
6:20;8:14
**similar (1)**
6:10
**simply (2)**
26:1,4
**Sims (2)**

Case: 19-30088    Doc# 13774    Filed: 05/25/23    Entered: 05/25/23 07:39:52    Page 33
of 35

3:25;4:2
**slightest (1)**
19:10
**small (2)**
19:6,6
**so-called (1)**
7:15
**sole (1)**
17:16
**someone (1)**
22:17
**somewhat (1)**
19:9
**Sonoma (1)**
6:25
**Sonsini (4)**
3:11;21:20,22;22:2
**sooner (1)**
26:17
**sorry (6)**
7:2;14:10;17:21;
21:3,3;24:11
**sought (1)**
26:8
**source (2)**
17:16;23:11
**Southern (1)**
7:6
**specialist (1)**
19:24
**specific (3)**
8:25;15:8,11
**spirited (1)**
25:23
**stacking (1)**
21:19
**stand (1)**
19:12
**standing (4)**
5:15,24;6:1,10
**start (4)**
5:7,9;11:13;14:13
**started (1)**
10:22
**state (8)**
3:8,15,23;21:1;
22:1,19,22;23:23
**statement (2)**
5:11;13:16
**statute (1)**
13:13
**statutory (1)**
21:1
**stayed (1)**
23:23
**stick (1)**
5:2
**still (3)**
19:11;21:17;23:22
**stop (1)**
18:21
**stretch (1)**
8:19

**strike (2)**
7:2,8
**Sub (2)**
19:13,13
**Subchapter (6)**
15:18,21;16:1;
18:22,25;20:15
**subject (3)**
5:13;8:4;16:15
**substantially (1)**
23:21
**succumbed (1)**
21:19
**sufficiently (2)**
7:16;26:15
**suggest (1)**
20:13
**suggesting (1)**
22:22
**superior (1)**
14:6
**supposed (2)**
9:9,12
**sure (1)**
25:4
**Survey (1)**
8:22
**sustain (1)**
22:12
**sustaining (1)**
26:7
**swept (1)**
25:9
**sympathetic (1)**
25:24

**T**

**table (1)**
19:16
**talk (1)**
24:3
**talking (2)**
12:13,15
**telling (1)**
15:24
**tells (1)**
14:14
**ten (3)**
4:12;5:5;6:14
**tenth (1)**
19:7
**theory (1)**
12:21
**Therefore (3)**
7:7;13:14;16:15
**Thomas (3)**
3:9,24;14:11
**though (1)**
20:18
**thought (3)**
11:24;17:22,23
**thousands (1)**

25:25
**threat (1)**
24:7
**three (7)**
6:17;11:9;12:2,5;
14:25;15:1;20:25
**throw (1)**
9:17
**times (2)**
4:23;22:15
**today (5)**
3:11;4:10;5:14;
15:1;23:1
**today's (3)**
6:5;23:2;25:9
**together (1)**
23:3
**toss (2)**
10:18;11:12
**trial (2)**
13:20;15:2
**tried (1)**
7:6
**trump (1)**
8:25
**trust (11)**
10:6,16,21,23;
16:17;17:8,10,18;
23:15,18,20
**try (2)**
9:17;21:24
**trying (3)**
10:21;11:18;24:3
**turn (2)**
3:15;22:9
**Turning (1)**
14:24
**twentieth (1)**
25:19
**twenty (1)**
23:13
**twenty-one (1)**
23:13
**two (3)**
6:19;16:19,19
**two-and-a-half (1)**
5:19

**U**

**unconfrontationally (1)**
22:21
**Under (4)**
8:6;12:21;16:12,14
**underlying (2)**
14:5;18:1
**undo (1)**
12:14
**unfortunate (2)**
23:19,19
**unfortunately (1)**
24:12
**unless (1)**

26:11
**unpleasant (1)**
24:6
**unraveling (1)**
11:13
**unrelated (1)**
23:15
**unwillingness (1)**
23:6
**up (7)**
4:12;6:24;8:7;
20:12;21:19;22:24;
25:9
**update (1)**
14:13
**uploaded (1)**
25:20
**upon (2)**
13:14;18:15
**used (1)**
20:24

**V**

**vague (3)**
10:24;11:25;12:1
**valid (1)**
12:4
**various (1)**
7:9
**venue (1)**
7:7
**viable (1)**
11:8
**Victim (7)**
10:21,23;16:17;
17:4,15,17,18
**victims (2)**
23:18;26:1
**view (1)**
6:2
**violation (1)**
15:11
**void (3)**
21:1,2,6
**voluntarily (2)**
22:25;24:1
**voted (1)**
17:5

**W**

**waive (2)**
5:3;11:6
**waiver (1)**
16:22
**walk (1)**
13:23
**wants (1)**
26:11
**way (1)**
16:8
**WEDNESDAY (1)**

3:1
**weeks (1)**
5:20
**Westlaw (1)**
5:23
**what's (1)**
24:23
**wherein (1)**
7:6
**Whereupon (1)**
26:25
**whole (2)**
10:21,22
**who's (1)**
6:7
**wildfire (1)**
23:14
**willful (3)**
13:7,12,17
**William (2)**
4:1;5:12
**Willis (7)**
3:18;4:5;6:7,11,11;
24:19,19
**Wilson (4)**
3:11;21:20,21;22:1
**win (1)**
7:12
**wit (1)**
8:20
**within (1)**
9:1
**WL (1)**
8:12
**words (2)**
10:7;12:3
**working (1)**
6:17
**worth (1)**
16:7
**written (3)**
6:5;21:2,7

**Y**

**years (5)**
11:9;12:2,5;14:25;
15:1

**1**

**10:00 (1)**
3:1
**10:34 (1)**
26:25
**105a (3)**
7:16;8:20,25
**109th (1)**
5:24
**1141 (4)**
20:21,21;23:17;
24:13
**1192 (2)**

Case: 19-30088     Doc# 13774     Filed: 05/25/23     Entered: 05/25/23 07:39:52     Page 34
of 35

15:16,21
**12f (1)**
7:8
**19th (1)**
5:17

**2**

**2000 (1)**
19:5
**2022 (2)**
8:12,12
**2023 (2)**
3:1;5:22
**2032296 (1)**
8:12
**21-55967 (1)**
5:22
**24 (1)**
3:1
**27th (1)**
15:2

**3**

**3296746 (1)**
5:23
**36 (1)**
8:11

**4**

**4th (1)**
8:12

**5**

**509 (1)**
8:11
**523 (4)**
18:17;19:19;20:4,
18
**523a (1)**
15:22
**523a6 (9)**
7:25;8:4,10,21;
9:20;13:14,17;19:12;
20:13

**7**

**7th (1)**
8:12

**8**

**8th (2)**
5:19,23

Case: 19-30088    Doc# 13774    Filed: 05/25/23    Entered: 05/25/23 07:39:52    Page 35 of 35