**Entered on Docket**
**May 26, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: May 26, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER ENFORCING DISCHARGE AND INJUNCTION PROVISIONS OF PLAN AND CONFIRMATION ORDER AGAINST CERTAIN PENDING ACTIONS**

[Related to Docket No. 13685]

The Court, having considered the *Reorganized Debtors' Omnibus Motion to Enforce the Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions*, dated April 26, 2023 [Docket No. 13685] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105, 524 and 1141 of title 11 of the United States Code, Rules 1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, Sections 4.7, 4.26, 10.3 10.6, and 10.7 of the Plan and Paragraphs 48, 49, 52, and 53 of the Confirmation Order, for entry of an order enforcing the discharge and injunction provisions set forth the Plan and Confirmation Order as more fully described in the Motion, and other related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the other papers submitted by the Reorganized Debtors in support of the Motion [Docket Nos. 13686, 13741, and 13742]; and this Court having considered (i) the opposition submitted by Efren Robinson, et al. [Docket No. 13721]; (ii) the opposition submitted by Liza Sims, individually and on behalf of Edna Gleason, Thomas Gardner, and Jaydene Gardner [Docket Nos. 13710–13713]; and (iii) the opposition submitted by William B. Abrams [Docket Nos. 13714–13715] (the three oppositions collectively, the "**Oppositions**"); and this Court having issued the *Order Regarding Hearing on May 24, 2023* [Dkt. No. 13736] with respect to the opposition filed by William B. Abrams; and this Court having held a hearing to consider the Motion at the above-captioned date and time, with appearances as noted on the record; and this Court having determined that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtors, the Debtors' estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein, for the reasons stated on the record. The Oppositions are overruled.

2. No later than fourteen days after entry of this Order, the State Court Plaintiffs listed in **Annex A** shall have taken all appropriate actions to dismiss their Pending Actions and otherwise comply with the discharge and injunction provisions of the Plan and the Confirmation Order, including but not limited to filing a Request for Dismissal in each of the Pending Actions.

3. If a State Court Plaintiff fails to comply with Paragraph 2 above, this Court, upon further motion of the Reorganized Debtors, may issue an order holding such State Court Plaintiff in contempt of this Court for violating the terms of this Order and the discharge and injunction provisions of the Plan and the Confirmation Order.

4. Further, in connection with any contempt proceeding against a State Court Plaintiff, the Reorganized Debtors shall be permitted to seek sanctions against such State Court Plaintiff in this Court for reasonable fees and costs incurred by the Reorganized Debtors in connection with further enforcement of the discharge and injunction provisions of the Plan and the Confirmation Order after the fourteen-day period in Paragraph 2 above has elapsed.

5. This Court approves the form of notice attached hereto as **Annex B**, which the Reorganized Debtors may file in each Pending Action, consisting of a description of this Order and the ability of the Reorganized Debtors to seek sanctions in the event of non-compliance with this Order.

6. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **