# Annex B

**(Enforcement Order Notice)**

**[Caption]**

**NOTICE OF BANKRUPTCY COURT ORDER**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), by and through their undersigned counsel, respectfully submit this *Notice of Bankruptcy Court Order*, and state as follows:

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). PG&E's chapter 11 cases are being jointly administered as case number 19-30088 (DM).

On June 20, 2020, the Bankruptcy Court entered its *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**") approving the terms of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (together with any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 (the "**Effective Date**") [Docket No. 8252].

The Plan and Confirmation Order contain discharge and injunction provisions that expressly provide that the holders of all Fire Victim Claims[1] against the Debtors "shall have no recourse to or Claims whatsoever against the Debtors or the Reorganized Debtors or their assets and properties" and are permanently enjoined from "commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Debtor or Reorganized Debtor, or any property or interests in property of any Debtor or Reorganized Debtor with respect to any such Fire Claim."

On [*Date*], the Bankruptcy Court entered the attached *Order Enforcing Discharge and Injunction Provisions of Plan and Confirmation Order Against Certain Pending Actions* (the "**Enforcement Order**") which (i) orders [*State Court Plaintiff*] to take all appropriate actions within fourteen days of entry of the Enforcement Order to dismiss this action and otherwise comply with the discharge and

injunction provisions of the Plan and the Confirmation Order, including but not limited to filing a Request for Dismissal in this action, (ii) permits the Reorganized Debtors to request an order from the Bankruptcy Court holding [*State Court Plaintiff*] in contempt of the Bankruptcy Court for violating the terms of the Enforcement Order and the discharge and injunction provisions of the Plan and the Confirmation Order, and (iii) permits the Reorganized Debtors to seek sanctions against [*State Court Plaintiff*] in the Bankruptcy Court for reasonable fees and costs incurred by the Reorganized Debtors in connection with further enforcement of the discharge and injunction provisions of the Plan and the Confirmation Order after the fourteen-day period in part (i) has elapsed.

Respectfully submitted this_____day of_____, 2023.

---

[1] A "**Fire Victim Claim**" is defined in Section 1.79 of the Plan to mean "any Fire Claim that is not a Public Entities Wildfire Claim, Subrogation Wildfire Claim, or a Subrogation Butte Fire Claim." A "**Fire Claim**" is defined in Section 1.78 of the Plan as "any Claim against the Debtors in any way arising out of the Fires, including, but not limited to, any Claim resulting from the Fires for (a) general and/or specific damages, including any Claim for personal injury, wrongful death, emotional distress and similar claims, pavement fatigue, damage to culverts, ecosystem service losses, municipal budget adjustments/reallocation, lost revenue and tax impacts, local share of reimbursed fire clean-up costs, future estimated infrastructure costs, water service losses, lost landfill capacity, costs related to unmet housing (e.g., housing market impact due to the Fires and adjustments for increased homeless population), and/or hazard mitigation costs (including, watershed restoration and hazardous tree removal expenses); (b) damages for repair, depreciation and/or replacement of damaged, destroyed, and/or lost personal and/or real property; (c) damages for loss of the use, benefit, goodwill, and enjoyment of real and/or personal property; (d) damages for loss of wages, earning capacity and/or business profits and/or any related displacement expenses; (e) economic losses; (f) damages for wrongful injuries to timber, trees, or underwood under California Civil Code § 3346; (g) damages for injuries to trees under California Code of Civil Procedure § 733; (h) punitive and exemplary damages under California Civil Code §§ 733 and 3294, California Public Utilities Code § 2106, or otherwise, (i) restitution; (j) fines or penalties; (k) any and all costs of suit, including all attorneys' fees and expenses, expert fees, and related costs, including all attorneys and other fees under any theory of inverse condemnation; (l) for prejudgment and/or postpetition interest; (m) other litigation costs stemming from the Fires; and (n) declaratory and/or injunctive relief. For avoidance of doubt and without prejudice to the Debtors' right to object to any such Claim, "Fire Claim" shall not include any (x) Claim for substantial contribution under section 503(b) of the Bankruptcy Code, (y) Subordinated Debt Claim, HoldCo Common Interest or HoldCo Rescission or Damage Claim, or (z) Ghost Ship Fire Claim. The Fire Claims shall not include claims arising from any fire other than the Fires (including, without limitation, the Kincade Fire or any postpetition fire) or any Administrative Expense Claims." "**Fires**" means the fires that occurred in Northern California, listed on Exhibit A to the Plan, which includes the 2018 Camp Fire and the 2017 North Bay Fires.