ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick (*pro hac vice*)
lrolnick@rksllp.com
Marc B. Kramer (*pro hac vice*)
mkramer@rksllp.com
Michael J. Hampson (*pro hac vice*)
mhampson@rksllp.com
Richard A. Bodnar (*pro hac vice*)
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF RICHARD A. BODNAR IN SUPPORT OF THE RKS CLAIMANTS' OBJECTION TO REORGANIZED DEBTORS' SIXTH EXTENSION MOTION**<br><br>**Hearing Information:**<br>Date: June 7, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephone or Video Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline:<br>May 31, 2023, 4:00 p.m. (Pacific Time) |

Pursuant to 28 U.S.C. § 1746, I, Richard A. Bodnar, under penalty of perjury, hereby declare as follows:

1. I am a Partner at the law firm Rolnick Kramer Sadighi LLP (**"RKS"** or **"Claimants' Counsel"**), counsel to the claimants listed on Schedule 1 to the accompanying objection (collectively, the **"RKS Claimants"**). I submit this declaration in support of the RKS Claimants' Objection to Reorganized Debtors' Sixth Extension Motion (the **"Objection"**).[1]

2. Only five of the RKS Claimants' claims have been resolved pursuant to the ADR Procedures, which represent 0.0001% of the RKS Claimants' aggregate damages claim against Reorganized Debtors.

3. Each of the RKS Claimants filed a Recission or Damage Proof of Claim Form and provided the information requested by the claim form concerning their purchases and sales of PG&E securities.

4. Approximately 99% of RKS Claimants responded fully to the Trading Information Request Forms they received from Reorganized Debtors.

5. No fewer than 279 RKS Claimants had submitted their complete sets of Trading Data by November 2021, and virtually all RKS Claimants submitted their complete sets of Trading Data to Reorganized Debtors no later than November 2022.

6. Reorganized Debtors did not make a single settlement offer to, or request to mediate with, any of the RKS Claimants for over two years from the time the ADR Procedures were put in place in January 2021.

7. Prior to the hearing date on the Fifth Extension Motion, the Kingstown Claimants (and other joining RKS Claimants) agreed to withdraw their objections and joinders in exchange for Reorganized Debtors' agreement to mediate in good faith with the RKS Claimants.

8. Following their filing of the Enforcement Motion, 25 RKS Claimants received settlement offers from Reorganized Debtors. These were the first settlement offers received by any of the RKS Claimants from Reorganized Debtors. I personally reviewed those offers. Each

---

[1] Capitalized terms that are not defined herein have the same meaning as in the Objection.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

offer contained the amount of the offer in a PDF file attached to an email with a link to an online portal. Neither I nor any claimant had to access the online portal in order to view the amount of the offer. If a claimant found the offer unreasonable, it could simply ignore the offer and not view it on the online portal, and the offer would be deemed rejected by its terms. I personally conveyed the 25 offers to the RKS Claimants who received them. The terms of the 25 offers were deemed unreasonable, and those RKS Claimants rejected them.

9. After Reorganized Debtors submitted 571 settlement offers to the RKS Claimants in response to the Enforcement Order, counsel for the RKS Claimants promptly conveyed those individual offers to each of their clients who received an offer. Five of those RKS Claimants accepted the offers they received, and another five sent counteroffers to Reorganized Debtors, to which they have not received responses. The vast majority of the offers, however, were deemed unreasonable, and those RKS Claimants who received them rejected them without a counteroffer.

10. The 571 settlement offers received by the RKS Claimants from Reorganized Debtors were similarly sent both by email and by link to an online portal. The RKS Claimants voluntarily responded within the online portal in advance of the offer expiration date to each offer received, with minor exceptions. The RKS Claimants understand that when Reorganized Debtors refer to "viewed" offers in the Motion, they mean those offers for which claimants accessed the online portal.

11. Between May 12, 2023 and May 17, 2023, the RKS Claimants rejected the vast majority of the individual settlement offers they received, such that 527 of 571 offers they received were rejected by the filing date of the Motion.

12. Subject to the Court's decision on the Sixth Extension Motion, the RKS Claimants intend to file an omnibus amended proof of claim within 30 days of the hearing date on the Motion—*i.e.*, by July 7, 2023.

13. Attached hereto as **Exhibit 1** is a true and correct copy of the Recission or Damage Proof of Claim Form.

14. Attached hereto as **Exhibit 2** is a true and correct copy of the Transcript of

1  Proceedings Before the Honorable Dennis Montali, U.S.B.J., dated March 7, 2023.

2   15.   Attached hereto as **Exhibit 3** is a true and correct copy of the Transcript of Proceedings Before the Honorable Dennis Montali, U.S.B.J., dated November 30, 2022.

   16.   Attached hereto as **Exhibit 4** is a true and correct copy of Defendants' Opposition to Movant's Motion to Intervene filed in *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal.), filed on March 14, 2023.

   17.   Attached hereto as **Exhibit 5** is a true and correct copy of the Transcript of Proceedings Before the Honorable Dennis Montali, U.S.B.J., dated November 18, 2020.

   18.   Attached hereto as **Exhibit 6** is a true and correct copy of the Transcript of Proceedings Before the Honorable Dennis Montali, U.S.B.J., dated December 4, 2020.

   19.   Attached hereto as **Exhibit 7** is a true and correct copy of PG&E Corporation's Response to Lead Plaintiffs' Objection to the Court's Notice of Intent to Stay filed in *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD (N.D. Cal.), filed on June 10, 2022.

   I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

   Executed on May 31, 2023.

                                    By:    */s/ Richard A. Bodnar*
                                           Richard A. Bodnar

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020