# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**EXPERT DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN** |

1.  I am the Bruce Bromley Professor of Law at Harvard Law School and have been recognized as a leading national expert on complex litigation. Lead Counsel[1] in the district court securities action, *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509 (N.D. Cal.), have retained me to provide my opinion as to the Debtors'[2] motion, filed May 17, 2023, asking the

---

[1] By order dated Sept. 10, 2018, the District Court for the Northern District of California held that "[Lead Plaintiff] PERA's selection of Labaton Sucharow LLP as Lead Counsel . . . for the Class in the Action is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v)." Order Granting Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, *In re PG&E Corp. Securities Litigation*, No. 5:18-cv-03509 (N.D. Cal. Sept. 10, 2018), ECF No. 62 at 4.

[2] "Debtors" refers to PG&E Corporation and Pacific Gas and Electric Company.

Court to adopt certain procedures to resolve the outstanding securities claims against the Debtors.[3]

Specifically, Lead Counsel have asked for my opinion regarding this passage in the Debtors' proposal:

> The notice will further provide that those Securities Claimants who adopt the PERA Complaint will agree to be bound by any determination by this Court of the law and facts with respect to any motion, objection, or other filing made to any proof of claim that incorporates or adopts the PERA Complaint, regardless of the claimant who makes or opposes the motion, objection, or filing.[4]

After setting forth my qualifications to serve as an expert and briefly describing my understanding of the factual setting (Part I, *infra*), I state the following four opinions regarding this proposal:

- ***The proposal violates the Due Process Clause's central premise.*** (Part II, *infra*). This passage aims to have ***any*** individual securities claimant's litigation bind ***every other*** securities claimants' case, even if those other claimants are not joined as parties to the individual claimant's litigation and given notice and an opportunity to be heard there. That effort violates the central tenet of American adjudication – the "day in court" ideal – which guarantees that no one can be bound to the outcome of an adjudication to which he is not a party.

- ***The class action exception to non-party preclusion is illuminating but inapplicable.*** (Part III, *infra*). The class action is the most important exception to the day-in-court ideal, as it binds absent class members to the adjudication of the class representative's claims. But the Supreme Court has long held that the class

---

[3] *See* Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, *In re: PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. May 17, 2023), ECF No. 13745 at 2 [hereinafter "Nonparty Preclusion Motion"].

[4] *Id.* at 6. Similar language appears in Exhibit C to the Proposed Order accompanying the motion. *Id.*, Ex. C at 3 ("To promote efficiency, the Pleading Notice will inform Subordinated Securities Claimants that by electing to adopt the PERA Complaint, they will be subject to any motions, objections, or filings made by the Reorganized Debtors relating to the PERA Complaint, regardless of the claimant who makes or opposes the motion, objection, or filing. The Pleading Notice will further provide that any Subordinated Securities Claimant who adopts the PERA Complaint will be bound by any determination by the Bankruptcy Court of the law or facts with respect to the resolution of any merits issues relating to the PERA Complaint.").

While the language focuses the proposal specifically on those claimants who adopt the PERA complaint, for simplicity purposes I use the phrase "securities claimant" in place of "PERA-adopting securities claimant" throughout this Declaration.

action can only accomplish this end if a series of key conditions are met – most importantly, that the class representative and its counsel are adequate – none of which are present here. Indeed, this Court has twice rejected a class action procedure and the constitutional protections it would provide.

- ***The consent exception to non-party preclusion does not save the proposal as it is legally and factually inapplicable.*** (Part IV, *infra*). A non-party can consent to be bound to another party's adjudication, but there are few cases that fall into this exception, and all are distinct in fact from this situation. Even in mass tort multidistrict litigations (MDLs), where courts employ so-called "bellwether" or "test" cases, those cases are carefully chosen for their exemplary qualities by mutual consent of the court, and court-appointed lead counsel for the plaintiffs and defendants, and yet they typically have no preclusive effect on any litigant other than the test case plaintiff. In a few airplane crash cases, parties have agreed to be bound by a test case, but only in the presence of a series of protective factors, all missing here. In fact, the motion does not even propose an exemplary test case, to be litigated by court-appointed counsel, as it solicits a general and blanket consent to be bound on any issue, litigated by any securities litigant, represented by any counsel or none whatsoever. Thus, the "consent" solicited here is a factual fiction, as claimants are given no information whatsoever about the facts, law, or lawyers in the specific case to which they are consenting to be bound: they are being asked to consent to a mirage.

- ***This situation is complicated by other factors of constitutional weight cautioning against novel and fictive procedures.*** (Part V, *infra*). The preclusion sought here is not just as to claims against the Debtors, but as to claims not before the Bankruptcy Court against the Debtors' officers and directors as well, a fact that argues for caution. As importantly, though, there is a putative class action pending in federal court against those third parties, governed by an intricate and specific federal statute, according to the terms of which Lead Counsel have been appointed to represent the security claimants' interests. And, perhaps most importantly, the parties being asked to waive their day in court here are entitled to a jury trial on their damages claims in federal court. Yet, none of this information is provided in the notice soliciting "consent."

2. In sum, it is my expert opinion that the proposal before the Court is a constitutionally deficient effort to generate preclusion through a fictive consent process. The proposal is so constitutionally problematic that it would give rise to endless appeals of, and collateral attacks on, any final judgment purporting to be based upon it. The Court should reject

it.  If the parties want a process whereby a representative case binds other cases, there is a clear, oft-used, constitutionally-valid manner to achieve that end:  the class action.

# I.
## BACKGROUND AND QUALIFICATIONS[5]

3.      I am the Bruce Bromley Professor of Law at Harvard Law School.  I graduated from Yale College, *magna cum laude*, in 1982 and from Harvard Law School, *magna cum laude*, in 1986.  I clerked for the Hon. Stanley Sporkin in the U.S. District Court for the District of Columbia following my graduation from law school.  Before joining the Harvard faculty as a tenured professor in 2007, I was a law professor at the UCLA School of Law for a decade, and an adjunct faculty member at Harvard, Stanford, and Yale Law Schools while a litigator in private practice during the preceding decade.  I am admitted to practice law in the Commonwealth of Massachusetts, the State of California, the Commonwealth of Pennsylvania (inactive), the District of Columbia (inactive), the U.S. Supreme Court, six U.S. Courts of Appeals, and four U.S. District Courts.

4.      My principal area of scholarship is complex civil litigation, with a special emphasis on class action law.  I am the author, co-author, or editor of five books and more than a dozen scholarly articles, as well as many shorter publications (a fuller bibliography appears in my appended c.v.).  Much of this work concerns various aspects of class action law.  Since 2008, I have been the sole author of the leading national treatise on class action law, *Newberg on Class Actions*.  Between 2008 and 2017, I re-wrote the entire multi-volume treatise from scratch as its Fifth Edition and, subsequently, produced the treatise's Sixth Edition – *Newberg and Rubenstein*

---

[5] My full c.v. is attached as Exhibit A.

4

*on Class Actions* – which was published in 2022. As part of this effort, I wrote and published a 259-page chapter (chapter 18 of volume 6 of the Sixth Edition) on preclusion; this is one of the most sustained scholarly treatments of preclusion in complex litigation and it is regularly relied on in federal appellate and district court opinions throughout the country. Outside of the Treatise, I have also written about preclusion, including non-party preclusion, in my scholarship.[6] My work has been excerpted in casebooks on complex litigation, as noted on my c.v.

5. My expertise in complex litigation has been recognized by judges, scholars, and lawyers in private practice throughout the country for whom I regularly provide consulting advice and educational training programs. Since 2010, the Judicial Panel on Multidistrict Litigation (JPML) has annually invited me to give a presentation on the current state of class action law at its MDL Transferee Judges Conference, and I have lectured on the topic of preclusion to the MDL judges. The Federal Judicial Center invited me to participate as a panelist (on the topic of class action settlement approval) at its March 2018 judicial workshop celebrating the 50th anniversary of the JPML, *Managing Multidistrict and Other Complex Litigation Workshop*. The Ninth Circuit invited me to moderate a panel on class action law at the 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop. The American Law Institute selected me to serve as an Adviser on a Restatement-like project developing the *Principles of the Law of Aggregate Litigation*. In 2007, I was the co-chair of the Class Action Subcommittee of the Mass Torts Committee of the ABA's Litigation Section. I am on the Advisory Board of the publication *Class Action Law Monitor*. I

---

[6] *See, e.g.*, William B. Rubenstein, *Finality in Class Action Litigation: Lessons From Habeas*, 82 N.Y.U. L. Rev. 791 (2007).

Case: 19-30088   Doc# 13791-1   Filed: 05/31/23   Entered: 05/31/23 15:55:12   Page 5 of 45

have often presented continuing legal education programs on class action law at law firms and conferences.

6.     My teaching focuses on procedure and complex litigation. I regularly teach the basic civil procedure course to first-year law students, and I have taught a variety of advanced courses on complex litigation, remedies, and federal litigation – all of which cover the topic of preclusion in significant detail. I have received honors for my teaching activities, including: the Albert M. Sacks-Paul A. Freund Award for Teaching Excellence, as the best teacher at Harvard Law School during the 2011–2012 school year; the Rutter Award for Excellence in Teaching, as the best teacher at UCLA School of Law during the 2001–2002 school year; and the John Bingham Hurlbut Award for Excellence in Teaching, as the best teacher at Stanford Law School during the 1996–1997 school year.

7.     My academic work on class action law follows a significant career as a litigator. For nearly eight years, I worked as a staff attorney and project director at the national office of the American Civil Liberties Union (ACLU) in New York City. In those capacities, I litigated dozens of cases on behalf of plaintiffs pursuing civil rights matters in state and federal courts throughout the United States. I also oversaw and coordinated hundreds of additional cases being litigated by ACLU affiliates and cooperating attorneys in courts around the country. I therefore have personally initiated and pursued complex litigation, including class actions.

8.     I have been retained as an expert witness in about 100 cases and as an expert consultant in about another 30 or so cases. These cases have been in state and federal courts throughout the United States, most have been class actions and other complex matters, and many have been MDL proceedings. I have been retained to testify as an expert witness on issues ranging

6

from the propriety of class certification, to the reasonableness of settlements and fees, to the preclusive effect of class action judgments. I have been retained by counsel for plaintiffs, for defendants, for objectors.

9. Courts have appointed me to serve as an expert in complex litigation matters:

- In 2015, the United States Court of Appeals for the Second Circuit appointed me to argue for affirmance of a district court order that significantly reduced class counsel's fee request in a large, complex securities class action, a task I completed successfully when the Circuit summarily affirmed the decision on appeal.[7]

- In 2017, the United States District Court for the Eastern District of Pennsylvania appointed me to serve as an expert witness on certain attorney's fees issues in the National Football League (NFL) Players' Concussion Injury Litigation (MDL 2323).

- In 2018, the United States District Court for the Northern District of Ohio appointed me to serve as an expert consultant to the Court on complex class action and common benefit fees issues in the National Prescription Opiate Litigation (MDL 2804).

- The United States District Courts for the Southern District of New York and the Eastern District of Pennsylvania have both appointed me to serve as a mediator to resolve complex matters in class action cases.

10. Courts have often relied on my expert witness testimony in complex litigation matters.[8]

---

[7] *See In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 F. App'x 87 (2d Cir. 2016).

[8] *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at *7 (E.D. Va. Nov. 8, 2022); *Reed v. Light & Wonder, Inc.*, No. 18-CV-565-RSL, 2022 WL 3348217, at *1-2 (W.D. Wash. Aug. 12, 2022); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972 (S.D.N.Y. June 15, 2021); *In re Facebook Biometric Info. Priv. Litig.*, No. 15-CV-03747-JD, 2021 WL 757025, at *10-*12 (N.D. Cal. Feb. 26, 2021); *Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *1-*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *1-*2 (W.D. Wash. Feb. 11,

Case: 19-30088    Doc# 13791-1    Filed: 05/31/23    Entered: 05/31/23 15:55:12    Page 7 of 45

11.     I have been retained in this case to provide an opinion concerning the issues set forth in ¶ 13, below.  I am being compensated for providing this expert opinion.  I was paid a flat fee in advance of rendering my opinion, so my compensation is in no way contingent upon the content of my opinion.

12.     In analyzing these issues, I have discussed the case with the counsel who retained me.  I have also reviewed documents from this litigation, a list of which is attached as Exhibit B, and I have reviewed the applicable case law and scholarship relevant to the issues herein.

\* \* \*

13.     Lead Counsel contacted me on Thursday, May 25, 2023, provided me a copy of the Debtors' Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief (Dkt. No. 13745) filed on May 17, and asked if I could review this and related documents and provide an opinion on the proposed procedure over the long holiday weekend.  Given the short time frame, they asked that I focus on the Debtors' request that

---

2021); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at \*1-\*2 (W.D. Wash. Feb. 11, 2021); *Amador v. Baca*, No. 210CV01649SVWJEM, 2020 WL 5628938, at \*13 (C.D. Cal. Aug. 11, 2020); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at \*10 (S.D. Ill. Dec. 16, 2018); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at \*5 (M.D.N.C. Dec. 3, 2018); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at \*4 (E.D. Pa. Apr. 5, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at \*3 (N.D. Cal. July 21, 2017); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, 2017 WL 1369741, at \*5 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at \*9 (N.D. Cal. Sept. 2, 2015); *Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-CV-02529 MMM, 2015 WL 12732462, at \*44 (C.D. Cal. May 29, 2015); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 2165341, at \*5 (D. Kan. May 8, 2015); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010); *Commonwealth Care All v. Astrazeneca Pharm. L.P.*, No. CIV.A. 05-0269 BLS 2, 2013 WL 6268236, at \*2 (Mass. Super. Aug. 5, 2013).

the "Securities Claimants who adopt the PERA Complaint" consent to be bound by "any determination by this Court of the law and facts with respect to any motion, objection, or other filing made to any proof of claim that incorporates or adopts the PERA Complaint, regardless of the claimant who makes or opposes the motion, objection, or filing."[9]

14.     The way I read that passage, any securities claimant in the bankruptcy that adopts the PERA complaint (even a claimant who holds or purchased one share) could litigate any factual or legal issue or claim within her case, using any lawyer (or even no lawyer), and the Court's decision as to that legal or factual issue or claim would then bind every other claimant in the bankruptcy who had adopted the PERA complaint, regardless of whether those other claimants had any notice or opportunity to be heard in the adjudication.  The litigated issue need not even pertain to the securities claim itself.  Although I have practiced, researched, and written about complex litigation for nearly four decades, I have never seen lawyers propose anything like this and I do not know of a single case approving a procedure anything like this.  It is such a startling disjuncture from the principles of American adjudication that if merely describing it does not suffice to refute it, our constitutional jurisprudence has achieved terminal silliness.[10]  The succeeding sections explain why.

---

[9] Nonparty Preclusion Motion, *supra* note 3, at 6.

[10] *Cf. Romer v. Evans*, 517 U.S. 620, 639 (1996) (Scalia, J., dissenting) ("If merely stating this alleged 'equal protection' violation does not suffice to refute it, our constitutional jurisprudence has achieved terminal silliness.").

9

## II.
## THE PROPOSAL VIOLATES THE DAY-IN-COURT IDEAL

15.     The governing principle of American litigation is that a person cannot be bound to the outcome of an adjudication to which he is not a party.[11]  This is often referred to as the "day in court" ideal because "[a] person who was not a party to a suit generally has not had a full and fair opportunity to litigate the claims and issues settled in that suit.  The application of claim and issue preclusion to nonparties thus runs up against the deep-rooted historic tradition that everyone should have his own day in court."[12]

16.     The current proposal aims to use the judgment in any proceeding herein litigated by any claimant that adopted the PERA complaint to bind all claimants who adopt the PERA complaint, regardless of whether they were parties to the specific adjudication.  This is precisely the form of non-party preclusion that the Due Process Clause clearly forbids.

## III.
## THE CLASS ACTION EXCEPTION TO THE NON-PARTY PRECLUSION
## IS ILLUMINATING BUT INAPPLICABLE

17.     The primary exception to the rule against non-party preclusion is the class action.[13] In a class action, a representative plaintiff litigates her claims and the absent class members who have not opted out are bound to the outcome of that adjudication.  The Supreme Court has long

---

[11] *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

[12] *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (cleaned up).

[13] *Id.* at 894.  In *Sturgell*, the Court identified six sets of exceptions, *id.* at 893–95, but the class action is by far the category in which non-party preclusion most often operates.  The Court views this as "non-party preclusion" because the absent class members are not named as parties to the case nor provided the full procedural protections available to formal parties.

held that the class action is constitutionally permissible if, but only if, certain core features are guaranteed: class members must be given notice, an opportunity to be heard and participate, a right to opt out, and adequate representation at all times.[14] To these constitutional guarantees, Rule 23 protects absent class members by ensuring their claims will not be precluded unless a court has found that the claims are common across the class, that the representative's claims are typical of the class's, and that the class representative and class counsel meet the constitutional requirement of adequate representation.[15]

18. The proposal at issue is not for a class action and embodies none of the class action protections that would justify non-party preclusion: there is no guarantee that the preclusive judgment will be of common claims, litigated by a representative whose claims are typical, and represented by adequate claimant or counsel. The proposal would even enable a collusive suit between any securities claimant who purchased even one share of stock and the Debtors to bind the non-parties. The class action constitutional protections accordingly highlight the many deficiencies of the proposal.

## IV.
## THE CONSENT EXCEPTION TO NON-PARTY PRECLUSION IS LEGALLY INAPPLICABLE AND FACTUALLY FICTIONAL

19. The Supreme Court has recognized that a non-party can agree to be bound by another party's adjudication.[16] But the example the Court provided is again both illuminating and inapplicable: "if separate actions involving the same transaction are brought by different plaintiffs

---

[14] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985).

[15] Fed. R. Civ. P. 23(a)(2)-(4); Fed. R. Civ. P. 23(g).

[16] *Sturgell,* 553 U.S. at 893.

Case: 19-30088   Doc# 13791-1   Filed: 05/31/23   Entered: 05/31/23 15:55:12   Page 11 of 45

against the same defendant, all the parties to all the actions may agree that the question of the defendant's liability will be definitely determined, one way or the other, in a 'test case.'"[17]

20. The proposal at issue is not for a test, or bellwether, case – on the contrary, it asks those adopting the PERA complaint to consent to be being bound by *any* adjudication by *any* other claimant adopting the PERA complaint of *any* issue.

21. A legitimate test case has completely different qualities, although even in situations in which test cases are typically employed, they rarely preclude non-parties. Most centrally, in mass tort MDLs, courts often proceed by having the parties try several test, or "bellwether," cases. The bellwether cases are carefully selected by mutual agreement between the plaintiffs, defendants, and courts; they are then litigated by lead counsel appointed by the court, after careful scrutiny, for this very purpose.[18] Yet at least four circuit courts, relying in part on the constitutional concerns discussed above, have held that a bellwether case in an MDL has no preclusive effect on the other cases in the MDL;[19] no circuit or trial court has held otherwise. MDL courts generally understand that bellwether trials are not meant to produce preclusion but rather, "the purpose of bellwether trials is to provide information to the parties and court about the strengths and

---

[17] *Id.* (quoting D. Shapiro, Civil Procedure: Preclusion in Civil Actions 77–78 (2001)).

[18] *See generally* William B. Rubenstein, 4 *Newberg and Rubenstein on Class Actions* §§ 11:11 to 11:20 (6th ed. 2022) [hereinafter "*Newberg and Rubenstein on Class Actions*"].

[19] *Id.* at § 11:20 n.13 (collecting cases). *See also* Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2367 n.27 (2008) (collecting cases recognizing that "bellwether trials are not properly binding on related claimants unless those claimants expressly agree to be bound by the bellwether proceedings").

Case: 19-30088    Doc# 13791-1    Filed: 05/31/23    Entered: 05/31/23 15:55:12    Page 12 of 45

weaknesses of the cases in order to help the parties create a framework for a global settlement of the matter."[20]

22. While test cases generally are not binding on non-parties – even on non-parties whose cases have been consolidated into the same action or MDL – non-parties may nonetheless consent to be bound by test cases. There are but a few such cases in the reported case law,[21] and they have qualities so distinct from this situation that they help illuminate the unconstitutionality of the present proposal. Specifically, I am aware of three federal court cases arising out of airplane crashes – one from 1949,[22] one from 1972,[23] and the third from 1987[24] – in which non-parties agreed to be bound by test cases.[25] These situations share certain key characteristics:

---

[20] 4 *Newberg and Rubenstein on Class Actions*, *supra* note 18, at § 11:20.

[21] Edward Sherman, *Segmenting Aggregate Litigation: Initiatives and Impediments for Reshaping the Trial Process*, 25 Rev. Litig. 691, 697 (2006) ("The parties can agree to have a bellwether trial be binding on all cases, ***but this is rare***.") (emphasis added) (citation omitted); *cf. Dunson v. Cordis Corp.*, 854 F.3d 551, 555 (9th Cir. 2017) (noting, in a jurisdictional decision, that bellwether trials may or may not have preclusive effect and labelling the second type "far more common").

[22] *Doherty v. Bress*, 262 F.2d 20, 21 (D.C. Cir. 1958) (stating, in case involving "mid-air collision of two airplanes over the Washington National Airport November 1, 1949," that "[t]o save time and expense of separate and multiple trials, [an insurer] together with other plaintiffs, stipulated with appellee to be bound by the decision of 'test' cases").

[23] *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1009 (5th Cir. 1977) ("On suggestion of counsel, the court attempted to secure consent of all parties to be bound by trial of two test cases. . . . Not all plaintiffs joined in the stipulation."). The case ultimately settled before the trial. *See id.* at 1010.

[24] *In re Air Crash Disaster at Stapleton Intern. Airport, Denver, Colo., on Nov. 15, 1987*, 720 F. Supp. 1505 (D. Colo. 1989), *rev'd on other grounds*, 964 F.2d 1059 (10th Cir. 1992) (giving effect to agreement between parties in a mass accident case that an exemplar trial would be binding on all consenting litigants with respect to common issues such as negligence liability and punitive damages).

[25] Occasionally, multiple cases pending in Tax Court have similar qualities and the parties to them agree to be bound by a single determination of the Tax Court. *See, e.g.*, *Acute Care Specialists II v. United States*, 727 F.3d 802, 804–05 (7th Cir. 2013), *as amended on denial of reh'g and reh'g*

Case: 19-30088    Doc# 13791-1    Filed: 05/31/23    Entered: 05/31/23 15:55:12    Page 13 of 45

(1) the consolidated actions are relatively few in number;

(2) all of the claimants are represented, typically by a small number of lawyers;

(3) the court appoints a lead counsel or lead counsel group to coordinate the plaintiffs' legal work, including conducting the test case trial;

(4) the court and parties jointly select the case(s) that would serve as the test case(s);

(5) in so doing, the court and the parties assess whether the test case has characteristics that enable it to stand in for other cases, in ways that would legitimate binding non-parties to its outcome, even with their consent;

(6) at the point of deciding whether to agree to be bound, the non-party has the benefit of her counsel, who is likely coordinating with lead counsel, in making the consent decision;  and

(7) the consent is not general but specific to the particular test case, with the non-parties knowing the identity of the test case plaintiffs, the nature of the claims in the test case, the lawyers that will serve as the test case counsel, etc.

23.    Each of these seven characteristics helps make the agreement to be bound more legitimate and each of these seven characteristics is absent here:

(1) there are thousands of securities claimants in this bankruptcy, as opposed to the handful or scores of plaintiffs in the airplane crash cases;

(2) many, if not most, of the securities claimants are not represented by any counsel;

(3) this Court has not appointed a lead counsel to coordinate the securities claims – on the contrary, it has rebuffed efforts by Lead Counsel in the federal case to serve in this capacity and there is no Claimants Committee in place serving this purpose; literally no one here is charged specifically with safeguarding the interests of the securities claimants;

---

*en banc* (Nov. 5, 2013) (noting agreement by many related partnerships to be bound by one adjudication where they all shared a general partner who had intervened in the tax proceeding); *see also Gollin v. Comm'r*, 72 T.C.M. (CCH) 897 (T.C. 1996) ("The *Estate of Satin* and *Fisher* cases [both filed in the Tax Court] involved Stipulation of Settlement agreements (piggyback agreements) made available to taxpayers in the Plastics Recycling project, whereby taxpayers could agree to be bound by the results of three test cases."); *cf.* Clayton v. United States, 33 Fed. Cl. 628, 633 (1995), *aff'd*, 91 F.3d 170 (Fed. Cir. 1996) (noting similar agreement to be bound in tax-related proceeding held in Court of Federal Claims).

14

(4) neither the Court nor the parties, much less all in coordination with one another, have identified a "test" case – indeed, the proposal is that anyone's case can be binding on all;

(5) because any case can be binding, there has been no assessment that the exemplary case has any qualities that would legitimate binding non-parties to its outcome, even with their consent – indeed, in this case, the parties proposing this procedure have themselves opposed class certification on the very grounds that representative claims are unlikely to be exemplary;[26]

(6) most of the claimants being asked to "consent" to be bound do not have the benefit of counsel in making that decision, much less of counsel closely coordinating with lead counsel in the case itself and hence knowledgeable enough to make a knowing recommendation; and

(7) perhaps most importantly, the consent sought here is general, not specific, with no test case being identified, no test case plaintiff being named, no test case lawyers being appointed – claims holders are simply being asked to give a blanket consent to an empty shell.

What are lacking here, in sum, are precisely those elements that legitimate the representative litigation of a class action – commonality, typicality, and adequacy of representation – and instead those qualities are replaced by a totally illusory notion of "consent."

24. Not only is the consent exception to non-party preclusion *legally* inapplicable here, but as a matter of *fact*, any finding of "consent" on this record would be fictional. Securities claimants cannot give true, informed consent as there is no notice of what, precisely, they are being asked to agree to in this proposal other than to be bound by any case, involving any issues, litigated by anyone, with or without any lawyer – even a fully collusive suit would be binding. Courts have

---

[26] *See* Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, *In re: PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. Oct. 29, 2020), ECF No. 9375 at 15-21.

not hesitated to reject thin notions of consent in this very context.[27]  While bankruptcy often requires some forms of representative process, it nonetheless remains bound by the Constitution.[28]

## IV.
### THIS SITUATION IS COMPLICATED BY OTHER FACTORS OF CONSTITUTIONAL WEIGHT CAUTIONING AGAINST NOVEL PROCEDURES

25.    The proposal would fail under any circumstances, but the present circumstances call for special caution for three distinct reasons.  *First*, the Debtors in bankruptcy are aiming to curtail claims against other parties (officers and directors) through this process, not just against themselves; that extension of the bankruptcy protection is troubling.  *Second*, it is especially troubling when, as here, there is a parallel action against the directors and officers, pending in a federal court and governed by a very specific federal statutory framework, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.  This proposal is something of a bait and switch, whereby securities claimants are asked to consent to one thing, but the effect of that consent may curtail another.  *Third*, the situation is especially grievous in that the securities claimants would likely be entitled to a jury trial on their damages claims in federal court against the officers and

---

[27] *See, e.g.*, *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc*., 193 F.3d 415, 426 (6th Cir. 1999) (rejecting notion that some plaintiffs in multi-party litigation acquiesced to abide by the judgment in other plaintiffs' cases, noting that otherwise those plaintiffs "would be held hostage to litigation that they could not control").

[28] The Supreme Court has recognized that bankruptcy can be an exception to non-party preclusion, but not in the way proposed here:  *first*, the Court has specifically said a statutory scheme like bankruptcy may "expressly foreclose successive litigation by nonlitigants if the scheme is ***otherwise consistent with due process***."  *Sturgell*, 553 U.S. at 895 (emphasis added) (cleaned up).  Thus, that this forum is a bankruptcy court does not mean it can eschew the Due Process protections of non-party preclusion.  More centrally, though, all the Court means is that once a bankruptcy judgment is final, it precludes any creditor anywhere, whether the creditor actually litigated a claim in bankruptcy or not.  The bankruptcy exception to non-party preclusion is at the statutory scheme level, not as to fictive procedures invented to end run constitutional protections.

Case: 19-30088    Doc# 13791-1    Filed: 05/31/23    Entered: 05/31/23 15:55:12    Page 16 of 45

directors.[29]  The proposal therefore not only aims to trump their constitutional Due Process protections against non-party preclusion – it simultaneously aims to trump their Seventh Amendment right to a jury trial against the officers and directors.

\* \* \*

26.     If the Court were to approve this notice and later bar securities claimants from litigating claims based on one claimant's litigation, it is certain that numerous appeals of, and collateral attacks on, that judgment would follow, all challenging the constitutionality of the process.  These collateral attacks would hold up the finalization of the bankruptcy indefinitely and unnecessarily squander public and private resources.

27.     For these reasons, it is my expert opinion that the proposal before the Court should be rejected.  It is a constitutionally deficient, indeed almost cynical, approach to what are alleged to be quite significant securities claims.  If the Court's goal as to these claims is to adjudicate them efficiently, there is a clear and obvious way of hitting that mark:  the class action.  The class action exists for the specific purpose of setting forth the criteria that enable a representative's case to bind absent parties in a constitutionally valid manner.  Bankruptcy rules encompass a class action procedure, bankruptcy courts have employed the procedure in the past, and this Court can do so here.  Given the existence of a constitutional process – well known and oft-used – the current proposal is especially troubling.

May 31, 2023                                   _____
                                               William B. Rubenstein

---

[29] *See* U.S. Const. amend. VII.

# EXHIBIT A

# PROFESSOR WILLIAM B. RUBENSTEIN

Harvard Law School - AR323                                    (617) 496-7320
1545 Massachusetts Avenue                          rubenstein@law.harvard.edu
Cambridge, MA 02138

## ACADEMIC EMPLOYMENT

**HARVARD LAW SCHOOL, CAMBRIDGE MA**

| | |
|---|---|
| Bruce Bromley Professor of Law | 2018-present |
| Sidley Austin Professor of Law | 2011-2018 |
| Professor of Law | 2007-2011 |
| Bruce Bromley Visiting Professor of Law | 2006-2007 |
| Visiting Professor of Law | 2003-2004, 2005-2006 |
| Lecturer in Law | 1990-1996 |

    *Courses*:    Civil Procedure; Class Action Law; Remedies
    *Awards*:    2012 Albert M. Sacks-Paul A. Freund Award for Teaching Excellence
    *Membership*:    American Law Institute; American Bar Foundation Fellow

**UCLA SCHOOL OF LAW, LOS ANGELES CA**

| | |
|---|---|
| Professor of Law | 2002-2007 |
| Acting Professor of Law | 1997-2002 |

    *Courses*:    Civil Procedure; Complex Litigation; Remedies
    *Awards*:    2002 Rutter Award for Excellence in Teaching
                 Top 20 California Lawyers Under 40, *Calif. Law Business* (2000)

**STANFORD LAW SCHOOL, STANFORD CA**

| | |
|---|---|
| Acting Associate Professor of Law | 1995-1997 |

    *Courses*:    Civil Procedure; Federal Litigation
    *Awards*:    1997 John Bingham Hurlbut Award for Excellence in Teaching

**YALE LAW SCHOOL, NEW HAVEN CT**

| | |
|---|---|
| Lecturer in Law | 1994, 1995 |

**BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK NY**

| | |
|---|---|
| Visiting Professor | Summer 2005 |

## LITIGATION-RELATED EMPLOYMENT

**AMERICAN CIVIL LIBERTIES UNION, NATIONAL OFFICE, NEW YORK NY**

| | |
|---|---|
| Project Director and Staff Counsel | 1987-1995 |

-Litigated impact cases in federal and state courts throughout the United States.
-Supervised a staff of attorneys at the national office, oversaw work of ACLU attorneys
around the country and coordinated work with private cooperating counsel nationwide.
-Significant experience in complex litigation practice and procedural issues; appellate
litigation; litigation coordination, planning and oversight.

**HON. STANLEY SPORKIN, U.S. DISTRICT COURT, WASHINGTON DC**

| | |
|---|---|
| Law Clerk | 1986-87 |

**PUBLIC CITIZEN LITIGATION GROUP, WASHINGTON DC**

| | |
|---|---|
| Intern | Summer 1985 |

EDUCATION

HARVARD LAW SCHOOL, CAMBRIDGE MA
  J.D., 1986, *magna cum laude*

YALE COLLEGE, NEW HAVEN CT
  B.A., 1982, *magna cum laude*
   Editor-in-Chief, YALE DAILY NEWS

SELECTED COMPLEX LITIGATION EXPERIENCE

*Professional Service and Highlighted Activities*

◊ *Author,* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019))

◊ *Speaker,* Judicial Panel on Multidistrict Litigation, Multidistrict Litigation (MDL) Transferee Judges Conference, Palm Beach, Florida (invited to present to MDL judges on recent developments in class action law and related topics (2010-2022))

◊ *Panelist,* Federal Judicial Center, *Managing Multidistrict Litigation and Other Complex Litigation Workshop* (for federal judges) (March 15, 2018)

◊ *Amicus curiae,* authored *amicus* brief on proper approach to incentive awards in class action lawsuits in conjunction with motion for rehearing *en banc* in the United States Court of Appeals for the Eleventh Circuit (*Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020))

◊ *Amicus curiae,* authored *amicus* brief in United States Supreme Court on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, 139 S. Ct. 1041 (2019))

◊ *Amicus curiae,* authored *amicus* brief in California Supreme Court on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 687 (Cal. 2016) (noting reliance on *amicus* brief))

◊ *Amicus curiae,* authored *amicus* brief in the United States Supreme Court filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊ *Adviser,* American Law Institute, *Project on the Principles of the Law of Aggregate Litigation*, Philadelphia, Pennsylvania

◊ *Advisory Board, Class Action Law Monitor* (Strafford Publications), 2008-

◊ *Co-Chair,* ABA Litigation Section, Mass Torts Committee, Class Action Sub-Committee, 2007

◊ *Planning Committee,* American Bar Association, Annual National Institute on Class Actions Conference, 2006, 2007

◊   *"Expert's Corner"* (Monthly Column)*, Class Action Attorney Fee Digest,* 2007-2011

## Judicial Appointments

◊   *Co-Mediator.*   Appointed by the United States District Court for the Eastern District of Pennsylvania to help mediate a complex attorney's fees issue (*In re National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323 (E.D. Pa. June-September 2022))

◊   *Meditator.*   Appointed by the United States District Court for the Southern District of New York to mediate a set of complex issues in civil rights class action (*Grottano v. City of New York*, Civil Action No. 15-cv-9242 (RMB) (May 2020-January 2021))

◊   *Expert consultant.*   Appointed by the United States District Court for the Northern District of Ohio, and Special Master, as an expert consultant on class certification and attorney's fees issues in complex multidistrict litigation (*National Prescription Opiate Litigation,* MDL 2804, Civil Action No. 1:17-md-2804 (N.D. Ohio Aug. 13, 2018; June 29, 2019; March 10, 2020))

◊   *Expert witness.*   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D. Pa. April 5, 2018))

◊   *Appellate counsel.*   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016))

## Expert Witness

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Health Republic Insurance Company v. United States,* Civil Action No. 1:16-cv-0259C (Ct. Fed. Cl. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Benson, et al. v. DoubleDown Interactive, LLC, et al.,* Civil Action No. 2:18-cv-00525 (W.D. Wash. 2023))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fees request (*In re Twitter Inc. Securities Litigation,* Case No. 4:16-cv-05314 (N.D. Cal. October 13, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Ferrando v. Zynga Inc.,* Civil Action No. 2:22-cv-00214 (W.D. Wash. 2022))

◊   Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Lyft, Inc. Securities Litigation,* Case No. 4:19-cv-02690 (N.D. Cal. August 19, 2022))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee

request (*In re: Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836, 2:18-md-2836 (E.D. Va. July 12, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Reed v. Scientific Games Corp.,* Civil Action No. 2:18-cv-00565 (W.D. Wash. 2022))

◊ Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Micro Focus International PLC Securities Litigation,* Master File No. 1:18-cv-06763 (S.D.N.Y., May 4, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Americredit Financial Services, Inc., d/b/a/ GM Financial v. Bell,* No. 15SL-AC24506-01 (Twenty-First Judicial Circuit Court, St. Louis County, Missouri, March 13, 2022))

◊ Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Marjory Stoneman Douglas High School Shooting FTCA Litigation*, Case No. 0:18-cv-62758 (S.D. Fla. February 7, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc*., No. 12-CV-0256 (LAK), 2021 WL 2453972(S.D.N.Y. June 15, 2021))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Kater v. Churchill Downs,* Civil Action No. 2:15-cv-00612 (W.D. Wash. 2020))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Playtika, LTD,* Civil Action No. 3:18-cv-05277 (W.D. Wash. 2020))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Huuuge,* Civil Action No. 3:18-cv-005276 (W.D. Wash. 2020))

◊ Submitted expert witness declarations and testified at fairness hearing concerning (1) reasonableness of attorney's fee request and (2) empirical data confirming robustness of class claims rate (*In re Facebook Biometric Information Privacy Litigation,* Civil Action No. 3:15-cv-03747-JD (N.D. Cal. (2020))

◊ Retained as an expert witness on issues regarding the Lead Plaintiff/Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA) (*In re Apple Inc. Securities Litigation.,* Civil Action No. 4:19-cv-02033-YGR (N.D. Cal. (2020))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Amador v. Baca*, Civil Action No. 2:10-cv-01649 (C.D. Cal. February 9, 2020))

◊ Submitted an expert witness declaration concerning reasonableness of class action settlement (*In re: Columbia Gas Cases*, Civil Action No. 1877CV01343G (Mass. Super. Ct., Essex County, February 6, 2020))

◊ Submitted an expert witness declaration, and reply declaration, concerning reasonableness of attorney's

fee request (*Hartman v. Pompeo*, Civil Action No. 1:77-cv-02019 (D.D.C. October 10, 2019; February 28, 2020))

◊    Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:   Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-MD-2724 (E.D. Pa. May 15, 2019))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, relied upon by court in awarding fees (*Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018))

◊    Submitted expert witness affidavit and testified at fairness hearing concerning second phase fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294 (New Hampshire Superior Court, Merrimack County (2018))

◊    Submitted expert witness report – and rebutted opposing expert – concerning class certification issues for proposed class action within a bankruptcy proceeding (*In re Think Finance,* Case No. 17-33964 (N.D. Tex. Bankrpt. 2018))

◊    Submitted expert witness declaration concerning specific fee issues raised by Court at fairness hearing and second declaration in response to report of Special Master (*In re Anthem, Inc. Data Breach Litigation,* Case No. 15-MD-02617-LHK (N.D. Cal. 2018))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request following plaintiffs' verdict at trial in consumer class action (*Krakauer v. Dish Network, L.L.C.,* Civil Action No. 1:14-cv-00333 (M.D.N.C. 2018))

◊    Submitted three expert witness declarations and deposed by/testified in front of Special Master in investigation concerning attorney's fee issues (*Arkansas Teacher Ret. Sys. v. State St. Bank & Trust Co.*, Civ. Action No. 1:11-cv-10230 (D. Mass. 2017-18))

◊    Retained as an expert witness on issues regarding the preclusive effect of a class action judgment on later cases (*Sanchez v. Allianz Life Insurance Co. of N. Amer.,* Case No. BC594715 (California Superior Court, Los Angeles County (2018))

◊    Retained as an expert witness and submitted report explaining meaning of the denial of a motion to dismiss in American procedure to foreign tribunals (*In re Qualcomm Antitrust Matter,* declaration submitted to tribunals in Korea and Taiwan (2017))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 3.0-liter settlement, referenced by court in awarding fees (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 3175924 (N.D. Cal. July 21, 2017))

◊    Retained as an expert witness concerning impracticability of joinder in antitrust class action (*In re Celebrex (Celecoxib) Antitrust Litigation,* Civ. Action No. 2-14-cv-00361 (E.D. Va. (2017))

◊    Submitted an expert witness declaration and deposed concerning impracticability of joinder in antitrust class action (*In re Modafinil Antitrust Litigation,* Civ. Action No. 2-06-cv-01797 (E.D. Pa. (2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 2.0-liter settlement (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 1047834 (N.D. Cal., March 17, 2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Aranda v. Caribbean Cruise Line, Inc.,* 2017 WL 1368741 (N.D. Ill., April 10, 2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*McKinney v. United States Postal Service*, Civil Action No. 1:11-cv-00631 (D.D.C. (2016))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Geancopoulos v. Philip Morris USA Inc.,* Civil Action No. 98-6002-BLS1 (Mass. Superior Court, Suffolk County))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Gates v. United Healthcare Insurance Company,* Case No. 11 Civ. 3487 (S.D.N.Y. 2015))

◊ Retained as an expert trial witness on class action procedures and deposed prior to trial in matter that settled before trial (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015))

◊ Retained as an expert witness concerning adequacy of putative class representatives in securities class action (*Medoff v. CVS Caremark Corp.,* Case No. 1:09-cv-00554 (D.R.I. (2015))

◊ Submitted an expert witness declaration concerning reasonableness of proposed class action settlement, settlement class certification, attorney's fees, and incentive awards (*Fitzgerald Farms, LLC v. Chespeake Operating, L.L.C.,* Case No. CJ-2010-38, Dist. Ct., Beaver County, Oklahoma (2015))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Asghari v. Volkswagen Grp. of Am., Inc*., 2015 WL 12732462 (C.D. Cal. May 29, 2015))

◊ Submitted an expert witness declaration concerning propriety of severing individual cases from class action and resulting statute of repose ramifications (*In re: American International Group, Inc. 2008 Securities Litigation,* 08-CV-4772-LTS-DCF (S.D.N.Y. (2015))

◊ Retained by Fortune Global 100 Corporation as an expert witness on fee matter that settled before testimony (2015)

◊ Submitted an expert witness declaration and testified at Special Master proceeding concerning reasonableness of attorney's fee allocation in sealed fee mediation (2014-2015)

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*In re: Hyundai and Kia Fuel Economy Litigation,* MDL 13-02424 (C.D. Cal. (2014))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Ammari Electronics v. Pacific Bell Directory*, Case No. RG0522096, California Superior Court, Alameda County (2014))

◊ Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc.,* Case No. CGC-10-497839, California Superior Court, San Francisco County (2014))

◊ Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Credit Suisse Securities (USA) LLC,* Case No. CGC-10-497840, California Superior Court, San Francisco County (2014))

◊ Retained as expert witness on proper level of common benefit fee in MDL (*In re Neurontin Marketing and Sales Practice Litigation,* Civil Action No. 04-10981, MDL 1629 (D. Mass. (2014))

◊ Submitted an expert witness declaration concerning Rule 23(g) selection of competing counsel, referenced by court in deciding issue (*White v. Experian Information Solutions, Inc.,* 993 F. Supp. 2d 1154 (C.D. Cal. (2014))

◊ Submitted an expert witness declaration concerning proper approach to attorney's fees under California law in a statutory fee-shifting case (*Perrin v. Nabors Well Services Co.,* Case No. 1220037974, Judicial Arbitration and Mediation Services (JAMS) (2013))

◊ Submitted an expert witness declaration concerning fairness and adequacy of proposed nationwide class action settlement (*Verdejo v. Vanguard Piping Systems,* Case No. BC448383, California Superior Court, Los Angeles County (2013))

◊ Retained as an expert witness regarding fairness, adequacy, and reasonableness of proposed nationwide consumer class action settlement (*Herke v. Merck,* No. 2:09-cv-07218, MDL Docket No. 1657 (*In re Vioxx Products Liability Litigation*) (E. D. La. (2013))

◊ Retained as an expert witness concerning ascertainability requirement for class certification and related

issues (*Henderson v. Acxiom Risk Mitigation, Inc.,* Case No. 3:12-cv-00589-REP (E.D. Va. (2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and performing analysis of Anet expected value@ of settlement benefits, relied on by court in approving settlement (*In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 10545508 (N.D. Ill. July 3, 2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and attorney's fee request (*Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, 2013 WL 6268236 (Mass. Super. Aug. 5, 2013))

◊   Submitted an expert witness declaration concerning propriety of preliminary settlement approval in nationwide consumer class action settlement (*Anaya v. Quicktrim, LLC,* Case No.  CIVVS 120177, California Superior Court, San Bernardino County (2012))

◊   Submitted expert witness affidavit concerning fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294, New Hampshire Superior Court, Merrimack County (2012))

◊   Submitted expert witness declaration and deposed concerning class certification issues in nationwide fraud class action, relied upon by the court in affirming class certification order (*CVS Caremark Corp. v. Lauriello,* 175 So. 3d 596, 609-10 (Ala. 2014))

◊   Submitted expert witness declaration in securities class action concerning value of proxy disclosures achieved through settlement and appropriate level for fee award (*Rational Strategies Fund v. Jhung,* Case No. BC 460783, California Superior Court, Los Angeles County (2012))

◊   Submitted an expert witness report and deposed concerning legal malpractice in the defense of a class action lawsuit (*KB Home v. K&L Gates, LLP,* Case No. BC484090, California Superior Court, Los Angeles County (2011))

◊   Retained as expert witness on choice of law issues implicated by proposed nationwide class certification (*Simon v. Metropolitan Property and Cas. Co.,* Case No. CIV-2008-1008-W (W.D. Ok. (2011))

◊   Retained, deposed, and testified in court as expert witness in fee-related dispute (*Blue, et al. v. Hill,*Case No. 3:10-CV-02269-O-BK (N.D. Tex. (2011))

◊   Retained as an expert witness in fee-related dispute (*Furth v. Furth*, Case No. C11-00071-DMR (N.D. Cal. (2011))

◊   Submitted expert witness declaration concerning interim fee application in complex environmental class action (*DeLeo v. Bouchard Transportation,* Civil Action No. PLCV2004-01166-B, Massachusetts Superior Court (2010))

◊   Retained as an expert witness on common benefit fee issues in MDL proceeding in federal court (*In re Vioxx Products Liability Litigation*, MDL Docket No. 1657 (E.D. La. (2010))

◊   Submitted expert witness declaration concerning fee application in securities case, referenced by court in awarding fee (*In re AMICAS, Inc. Shareholder Litigation,* 27 Mass. L. Rptr. 568 (Mass. Sup. Ct. (2010))

◊   Submitted an expert witness declaration concerning fee entitlement and enhancement in non-common fund class action settlement, relied upon by the court in awarding fees (*Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172-74 (C.D. Cal. 2010))

◊   Submitted an expert witness declaration concerning class action fee allocation among attorneys (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in wage and hour class action settlement (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning objectors' entitlement to attorney's fees (*Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 (C.D. Cal. (2010))

◊   Submitted an expert witness declaration concerning fairness of settlement provisions and processes, relied upon by the Ninth Circuit in reversing district court's approval of class action settlement (*Radcliffe v. Experian Inform. Solutions Inc.*, 715 F.3d 1157, 1166 (9th Cir. 2013))

◊   Submitted an expert witness declaration concerning attorney's fees in class action fee dispute, relied upon by the court in deciding fee issue (*Ellis v. Toshiba America Information Systems, Inc.*, 218 Cal. App. 4th 853, 871, 160 Cal. Rptr. 3d 557, 573 (2d Dist. 2013))

◊   Submitted an expert witness declaration concerning common benefit fee in MDL proceeding in federal court (*In re Genetically Modified Rice Litigation*, MDL Docket No. 1811 (E.D. Mo. (2009))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in national MDL class action proceeding (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL Docket No.1735 (D. Nev. (2009))

◊   Submitted an expert witness declaration concerning fee application in national MDL class action proceeding, referenced by court in awarding fees (*In re Dept. of Veterans Affairs (VA) Data Theft Litigation*, 653 F. Supp.2d 58 (D.D.C. (2009))

◊   Submitted an expert witness declaration concerning common benefit fee in mass tort MDL proceeding in federal court (*In re Kugel Mesh Products Liability Litigation*, MDL Docket No. 1842 (D. R.I. (2009))

◊   Submitted an expert witness declaration and supplemental declaration concerning common benefit fee in consolidated mass tort proceedings in state court (*In re All Kugel Mesh Individual Cases*, Master Docket No. PC-2008-9999, Superior Court, State of Rhode Island (2009))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Warner v. Experian Information Solutions, Inc.*, Case No.  BC362599, California Superior Court, Los Angeles County (2009))

◊ Submitted an expert witness declaration concerning process for selecting lead counsel in complex MDL antitrust class action (*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Docket No. 1869 (D. D.C. (2008))

◊ Retained, deposed, and testified in court as expert witness on procedural issues in complex class action (*Hoffman v. American Express*, Case No. 2001-022881, California Superior Court, Alameda County (2008))

◊ Submitted an expert witness declaration concerning fee application in wage and hour class action (*Salsgiver v. Yahoo! Inc.*, Case No. BC367430, California Superior Court, Los Angeles County (2008))

◊ Submitted an expert witness declaration concerning fee application in wage and hour class action (*Voight v. Cisco Systems, Inc.*, Case No. 106CV075705, California Superior Court, Santa Clara County (2008))

◊ Retained and deposed as expert witness on fee issues in attorney fee dispute (*Stock v. Hafif,* Case No. KC034700, California Superior Court, Los Angeles County (2008))

◊ Submitted an expert witness declaration concerning fee application in consumer class action (*Nicholas v. Progressive Direct*, Civil Action No. 06-141-DLB (E.D. Ky. (2008))

◊ Submitted expert witness declaration concerning procedural aspects of national class action arbitration (*Johnson v. Gruma Corp.,* JAMS Arbitration No. 1220026252 (2007))

◊ Submitted expert witness declaration concerning fee application in securities case (*Drulias v. ADE Corp.,* Civil Action No. 06-11033 PBS (D. Mass. (2007))

◊ Submitted expert witness declaration concerning use of expert witness on complex litigation matters in criminal trial (*U.S. v. Gallion, et al*., No. 07-39 (E. D. Ky. (2007))

◊ Retained as expert witness on fees matters (*Heger v. Attorneys' Title Guaranty Fund, Inc.,* No. 03-L-398, Illinois Circuit Court, Lake County, IL (2007))

◊ Retained as expert witness on certification in statewide insurance class action (*Wagner v. Travelers Property Casualty of America*, No. 06CV338, Colorado District Court, Boulder County, CO (2007))

◊ Testified as expert witness concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corporate Derivative Litigation*, Case No. 01098905, California Superior Court, Santa Barbara Cty, CA (2006))

◊ Submitted expert witness declaration concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corp. Corporate Derivative Litigation*, Case No. CV-03-11 RSWL (C.D. Cal. (2006))

◊ Retained as expert witness as to certification of class action (*Canova v. Imperial Irrigation District*, Case No. L-01273, California Superior Court, Imperial Cty, CA (2005))

◊   Retained as expert witness as to certification of nationwide class action (*Enriquez v. Edward D. Jones & Co.,* Missouri Circuit Court, St. Louis, MO (2005))

◊   Submitted expert witness declaration on procedural aspects of international contract litigation filed in court in Korea (*Estate of Wakefield v. Bishop Han & Jooan Methodist Church* (2002))

◊   Submitted expert witness declaration as to contested factual matters in case involving access to a public forum (*Cimarron Alliance Foundation v. The City of Oklahoma City,* Case No. Civ. 2001-1827-C (W.D. Ok. (2002))

◊   Submitted expert witness declaration concerning reasonableness of class certification, settlement, and fees (*Baird v. Thomson Elec. Co.*, Case No. 00-L-000761, Cir. Ct., Mad. Cty, IL (2001))

*Expert Consultant*

◊   Retained as an expert in confidential matter pending in international arbitration forum concerning litigation financing issues in complex litigation (2022-2023)

◊   Retained as an expert in matter pending in several federal courts concerning attorney's fees in class action setting (2022-2023)

◊   Retained as an expert witness on class action issues in complex mass tort MDL (*In re Roundup Products Liability Litigation,* Civil Action No. 3:16-md-02741-VC (N.D. Cal. (2020))

◊   Provided expert consulting services to Harvard Law School Predatory Lending and Consumer Protection Clinic concerning complex class action issues in bankruptcy (*In re: ITT Educational Services Inc.,* Case No. 16-07207-JMC-7A (Bank. S.D. Ind. 2020))

◊   Provided expert consulting services to law firm concerning complex federal procedural and bankruptcy issues (*Homaidan v. Navient Solutions, LLC*, Adv. Proc. No. 17-1085 (Bank. E.D.N.Y 2020))

◊   Provided expert consulting services to the ACLU on multi-district litigation issues arising out of various challenges to President Trump's travel ban and related policies (*In re American Civil Liberties Union Freedom of Information Act Requests Regarding Executive Order 13769,* Case Pending No. 28, Judicial Panel on Multidistrict Litigation (2017); *Darweesh v. Trump*, Case No. 1:17-cv-00480-CBA-LB (E.D.N.Y. (2017))

◊   Provided expert consulting services to law firm regarding billing practices and fee allocation issues in nationwide class action (2016)

◊   Provided expert consulting services to law firm regarding fee allocation issues in nationwide class action (2016)

◊   Provided expert consulting services to the ACLU of Southern California on class action and procedural issues arising out of challenges to municipality's treatment of homeless persons with disabilities (*Glover v. City of Laguna Beach*, Case No. 8:15-cv-01332-AG-DFM (C.D. Cal. (2016))

A-11

◊ Retained as an expert consultant on class certification issues (*In re: Facebook, Inc., IPO Securities and Derivative Litigation*, No. 1:12-md-2389 (S.D.N.Y. 2015))

◊ Provided expert consulting services to lead class counsel on class certification issues in nationwide class action (2015)

◊ Retained by a Fortune 100 Company as an expert consultant on class certification issues

◊ Retained as an expert consultant on class action and procedure related issues (*Lange et al v. WPX Energy Rocky Mountain LLC*, Case No. 2:13-cv-00074-ABJ (D. Wy. (2013))

◊ Retained as an expert consultant on class action and procedure related issues (*Flo & Eddie, Inc., v. Sirius XM Radio, Inc.*, Case No. CV 13-5693 (C.D. Cal. (2013))

◊ Served as an expert consultant on substantive and procedural issues in challenge to legality of credit card late and over-time fees (*In Re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953 (N.D. Cal. 2007), *aff'd*, 741 F.3d 1022 (9th Cir. 2014))

◊ Retained as an expert on Class Action Fairness Act (CAFA) removal issues and successfully briefed and argued remand motion based on local controversy exception (*Trevino, et al. v. Cummins, et al.*, No. 2:13-cv-00192-JAK-MRW (C. D. Cal. (2013))

◊ Retained as an expert consultant on class action related issues by consortium of business groups (*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 (E.D. La. (2012))

◊ Provided presentation on class certification issues in nationwide medical monitoring classes (*In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, Case No. 2:12-md-02323-AB (E.D. Pa. (2012))

◊ Retained as an expert consultant on class action related issues in mutli-state MDL consumer class action (*In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Prod. Liability Litig.*, MDL No. 2102 (S.D. N.Y. (2009))

◊ Retained as an expert consultant on class action certification, manageability, and related issues in mutli-state MDL consumer class action (*In re Teflon Prod. Liability Litig.*, MDL No. 1733 (S.D. Iowa (2008))

◊ Retained as an expert consultant/co-counsel on certification, manageability, and related issues in nationwide anti-trust class action (*Brantley v. NBC Universal*, No.- CV07-06101 (C.D. Cal. (2008))

◊ Retained as an expert consultant on class action issues in complex multi-jurisdictional construction dispute (*Antenucci, et al., v. Washington Assoc. Residential Partner, LLP, et al.*, Civil No. 8-04194 (E.D. Pa. (2008))

◊ Retained as an expert consultant on complex litigation issues in multi-jurisdictional class action litigation (*McGreevey v. Montana Power Company*, No. 08-35137, U.S. Court of Appeals for the Ninth Circuit (2008))

◊   Retained as an expert consultant on class action and attorney fee issues in nationwide consumer class action (*Figueroa v. Sharper Image*, 517 F.Supp.2d 1292 (S.D. Fla. 2007))

◊   Retained as an expert consultant on attorney's fees issue in complex class action case (*Natural Gas Anti-Trust Cases Coordinated Proceedings*, D049206, California Court of Appeals, Fourth District (2007))

◊   Retained as an expert consultant on remedies and procedural matters in complex class action (*Sunscreen Cases*, JCCP No. 4352, California Superior Court, Los Angeles County (2006))

◊   Retained as an expert consultant on complex preclusion questions in petition for review to California Supreme Court (*Mooney v. Caspari,* Supreme Court of California (2006))

◊   Retained as an expert consultant on attorney fee issues in complex common fund case (*In Re DietDrugs (Phen/Fen) Products Liability Litigation* (E. D. Pa. (2006))

◊   Retained as an expert consultant on procedural matters in series of complex construction lien cases (*In re Venetian Lien Litigation*, Supreme Court of the State of Nevada (2005-2006))

◊   Served as an expert consultant on class certification issues in countywide class action (*Beauchamp v. Los Angeles Cty. Metropolitan Transp. Authority*, (C.D. Cal. 2004))

◊   Served as an expert consultant on class certification issues in state-wide class action (*Williams v. State of California*, Case No. 312-236, Cal. Superior Court, San Francisco)

◊   Served as an exert consultant on procedural aspects of complex welfare litigation (*Allen v. Anderson*, 199 F.3d 1331 (9th Cir. 1999))

*Ethics Opinions*

◊   Retained to provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2017))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2013))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2011))

◊   Provided expert opinion on issues of professional ethics in implicated by nationwide class action practice (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics implicated by complex litigation matter (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional*

*Responsibility Inquiries* (2007))

### Publications on Class Actions & Procedure

◊ NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019)

◊ *Deconstitutionalizing Personal Jurisdiction: A Separation of Powers Approach,* Harvard Public Law Working Paper No. 20-34, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3715068.

◊ *The Negotiation Class: A Cooperative Approach to Class Actions Involving Large Stakeholders,* 99 TEXAS L. REV. 73 (2020) (with Francis E. McGovern)

◊ *Profit for Costs*, 63 DEPAUL L. REV. 587 (2014) (with Morris A. Ratner)

◊ *Procedure and Society: An Essay for Steve Yeazell,* 61 U.C.L.A. REV. DISC. 136 (2013)

◊ *Supreme Court Round-Up – Part II*, 5 CLASS ACTION ATTORNEY FEE DIGEST 331 (September 2011)

◊ *Supreme Court Round-Up – Part I*, 5 CLASS ACTION ATTORNEY FEE DIGEST 263 (July-August 2011)

◊ *Class Action Fee Award* Procedures, 5 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2011)

◊ *Benefits of Class Action Lawsuits*, 4 CLASS ACTION ATTORNEY FEE DIGEST 423 (November 2010)

◊ *Contingent Fees for Representing the Government: Developments in California Law*, 4 CLASS ACTION ATTORNEY FEE DIGEST 335 (September 2010)

◊ *Supreme Court Roundup*, 4 CLASS ACTION ATTORNEY FEE DIGEST 251 (July 2010)

◊ *SCOTUS Okays Performance Enhancements in Federal Fee Shifting Cases – At Least In Principle,* 4 CLASS ACTION ATTORNEY FEE DIGEST 135 (April 2010)

◊ *The Puzzling Persistence of the AMega-Fund@ Concept*, 4 CLASS ACTION ATTORNEY FEE DIGEST 39 (February 2010)

◊ *2009: Class Action Fee Awards Go Out With A Bang, Not A Whimper*, 3 CLASS ACTION ATTORNEY FEE DIGEST 483 (December 2009)

◊ *Privatizing Government Litigation: Do Campaign Contributors Have An Inside Track?*, 3 CLASS ACTION ATTORNEY FEE DIGEST 407 (October 2009)

◊ *Supreme Court Preview*, 3 CLASS ACTION ATTORNEY FEE DIGEST 307 (August 2009)

◊ *Supreme Court Roundup*, 3 CLASS ACTION ATTORNEY FEE DIGEST 259 (July 2009)

◊ *What We Now Know About How Lead Plaintiffs Select Lead Counsel (And Hence Who Gets Attorney's*

◊  *Fees!) in Securities Cases*, 3 CLASS ACTION ATTORNEY FEE DIGEST 219 (June 2009)

◊  *Beware Of Ex Ante Incentive Award Agreements*, 3 CLASS ACTION ATTORNEY FEE DIGEST 175 (May 2009)

◊  *On What a "Common Benefit Fee" Is, Is Not, and Should Be*, 3 CLASS ACTION ATTORNEY FEE DIGEST 87 (March 2009)

◊  *2009: Emerging Issues in Class Action Fee Awards*, 3 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2009)

◊  *2008: The Year in Class Action Fee Awards*, 2 CLASS ACTION ATTORNEY FEE DIGEST 465 (December 2008)

◊  *The Largest Fee Award – Ever!*, 2 CLASS ACTION ATTORNEY FEE DIGEST 337 (September 2008)

◊  *Why Are Fee Reductions Always 50%?: On The Imprecision of Sanctions for Imprecise Fee Submissions*, 2 CLASS ACTION ATTORNEY FEE DIGEST 295 (August 2008)

◊  *Supreme Court Round-Up*, 2 CLASS ACTION ATTORNEY FEE DIGEST 257 (July 2008)

◊  *Fee-Shifting For Wrongful Removals: A Developing Trend?*, 2 CLASS ACTION ATTORNEY FEE DIGEST 177 (May 2008)

◊  *You Cut, I Choose: (Two Recent Decisions About) Allocating Fees Among Class Counsel*, 2 CLASS ACTION ATTORNEY FEE DIGEST 137 (April 2008)

◊  *Why The Percentage Method?*, 2 CLASS ACTION ATTORNEY FEE DIGEST 93 (March 2008)

◊  *Reasonable Rates: Time To Reload The (*Laffey*) Matrix*, 2 CLASS ACTION ATTORNEY FEE DIGEST 47 (February 2008)

◊  *The "Lodestar Percentage" A New Concept For Fee Decisions?*, 2 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2008)

◊  *Class Action Practice Today: An Overview, in* ABA SECTION OF LITIGATION, CLASS ACTIONS TODAY 4 (2008)

◊  *Shedding Light on Outcomes in Class Actions*, *in* CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM 20-59 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras eds. 2008) (with Nicholas M. Pace)

◊  *Finality in Class Action Litigation: Lessons From Habeas*, 82 N.Y.U. L. REV. 791 (2007)

◊  *The American Law Institute's New Approach to Class Action Objectors' Attorney's Fees*, 1 CLASS ACTION ATTORNEY FEE DIGEST 347 (November 2007)

◊ *The American Law Institute's New Approach to Class Action Attorney's Fees*, 1 CLASS ACTION ATTORNEY FEE DIGEST 307 (October 2007)

◊ *"The Lawyers Got More Than The Class Did!": Is It Necessarily Problematic When Attorneys Fees Exceed Class Compensation?*, 1 CLASS ACTION ATTORNEY FEE DIGEST 233 (August 2007)

◊ *Supreme Court Round-Up*, 1 CLASS ACTION ATTORNEY FEE DIGEST 201 (July 2007)

◊ *On The Difference Between Winning and Getting Fees*, 1 CLASS ACTION ATTORNEY FEE DIGEST 163 (June 2007)

◊ *Divvying Up The Pot: Who Divides Aggregate Fee Awards, How, and How Publicly?*, 1 CLASS ACTION ATTORNEY FEE DIGEST 127 (May 2007)

◊ *On Plaintiff Incentive Payments*, 1 CLASS ACTION ATTORNEY FEE DIGEST 95 (April 2007)

◊ *Percentage of What?*, 1 CLASS ACTION ATTORNEY FEE DIGEST 63 (March 2007)

◊ *Lodestar v. Percentage: The Partial Success Wrinkle*, 1 CLASS ACTION ATTORNEY FEE DIGEST 31 (February 2007) (with Alan Hirsch)

◊ *The Fairness Hearing: Adversarial and Regulatory Approaches*, 53 U.C.L.A. L. REV. 1435 (2006) (excerpted in THE LAW OF CLASS ACTIONS AND OTHER AGGREGATE LITIGATION 447-449 (Richard A. Nagareda ed., 2009))

◊ *Why Enable Litigation? A Positive Externalities Theory of the Small Claims Class Action*, 74 U.M.K.C. L. REV. 709 (2006)

◊ *What a "Private Attorney General" Is – And Why It Matters*, 57 VAND. L. REV. 2129(2004) (excerpted in COMPLEX LITIGATION 63-72 (Kevin R. Johnson, Catherine A. Rogers & John Valery White eds., 2009)).

◊ *The Concept of Equality in Civil Procedure*, 23 CARDOZO L. REV. 1865 (2002) (selected for the Stanford/Yale Junior Faculty Forum, June 2001)

◊ *A Transactional Model of Adjudication*, 89 GEORGETOWN L.J. 371 (2000)

◊ *The Myth of Superiority*, 16 CONSTITUTIONAL COMMENTARY 599 (1999)

◊ *Divided We Litigate: Addressing Disputes Among Clients and Lawyers in Civil Rights Campaigns*, 106 YALE L. J. 1623 (1997) *(*excerpted in COMPLEX LITIGATION 120-123 (1998))

## *Selected Presentations*

◊ *Opioid Litigation: What's New and What Does it Mean for Future Litigation?*, RAND Institute for Civil Justice and RAND Kenneth R. Feinberg Center for Catastrophic Risk Management and

Compensation, RAND Corporation, October 22, 2020

◊ *The Opioid Crisis: Where Do We Go From Here?"* Clifford Symposium 2020, DePaul University College of Law, Chicago, Illinois, May 28-29, 2020)

◊ *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2019

◊ *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 31, 2018

◊ *Attorneys' Fees Issues,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2018

◊ *Panelist,* Federal Judicial Center, Managing Multidistrict Litigation and Other Complex Litigation Workshop (for federal judges) (March 15, 2018)

◊ *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 1, 2017

◊ *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2016

◊ *Judicial Power and its Limits in Multidistrict Litigation,* American Law Institute, Young Scholars Medal Conference, *The Future of Aggregate Litigation*, New York University School of Law, New York, New York, April 12, 2016

◊ *Class Action Update & Attorneys' Fees Issues Checklist,* MDL Transferee Judges Conference, Palm Beach, Florida, October 28, 2015

◊ *Class Action Law,* 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop, Tucson, Arizona, January 26, 2015

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2014

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2013

◊ *Class Action Remedies,* ABA 2013 National Institute on Class Actions, Boston, Massachusetts, October 23, 2013

◊ *The Public Life of the Private Law: The Logic and Experience of Mass Litigation – Conference in Honor of Richard Nagareda,* Vanderbilt Law School, Nashville, Tennessee, September 27-28, 2013

◊ *Brave New World: The Changing Face of Litigation and Law Firm Finance*, Clifford Symposium 2013, DePaul University College of Law, Chicago, Illinois, April 18-19, 2013

◊ *Twenty-First Century Litigation: Pathologies and Possibilities: A Symposium in Honor of Stephen Yeazell,* UCLA Law Review, UCLA School of Law, Los Angeles, California, January 24-25, 2013

◊ *Litigation's Mirror: The Procedural Consequences of Social Relationships,* Sidley Austin Professor of

Law Chair Talk, Harvard Law School, Cambridge, Massachusetts, October 17, 2012

◊ *Alternative Litigation Funding (ALF) in the Class Action Context – Some Initial Thoughts*, Alternative Litigation Funding: A Roundtable Discussion Among Experts, George Washington University Law School, Washington, D.C., May 2, 2012

◊ *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Brooklyn Law School Faculty Workshop, Brooklyn, New York, April 2, 2012

◊ *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Loyola Law School Faculty Workshop, Los Angeles, California, February 2, 2012

◊ *Recent Developments in Class Action Law and Impact on MDL Cases,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2011

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 26, 2010

◊ *A General Theory of the Class Suit*, University of Houston Law Center Colloquium, Houston, Texas, February 3, 2010

◊ *Unpacking The "Rigorous Analysis" Standard,* ALI-ABA 12th Annual National Institute on Class Actions, New York, New York, November 7, 2008

◊ *The Public Role in Private Law Enforcement: Visions from CAFA*, University of California (Boalt Hall) School of Law Civil Justice Workshop, Berkeley, California, February 28, 2008

◊ *The Public Role in Private Law Enforcement: Visions from CAFA*, University of Pennsylvania Law Review Symposium, Philadelphia, Pennsylvania, Dec. 1, 2007

◊ *Current CAFA Consequences: Has Class Action Practice Changed?,* ALI-ABA 11th Annual National Institute on Class Actions, Chicago, Illinois, October 17, 2007

◊ *Using Law Professors as Expert Witnesses in Class Action Lawsuits,* ALI-ABA 10th Annual National Institute on Class Actions, San Diego, California, October 6, 2006

◊ *Three Models for Transnational Class Actions*, Globalization of Class Action Panel, International Law Association 2006 Conference, Toronto, Canada, June 6, 2006

◊ *Why Create Litigation?: A Positive Externalities Theory of the Small Claims Class Action*, UMKC Law Review Symposium, Kansas City, Missouri, April 7, 2006

◊ *Marks, Bonds, and Labels: Three New Proposals for Private Oversight of Class Action Settlements*, UCLA Law Review Symposium, Los Angeles, California, January 26, 2006

◊ Class Action Fairness Act, Arnold & Porter, Los Angeles, California, December 6, 2005

◊   ALI-ABA 9th Annual National Institute on Class Actions, Chicago, Illinois, September 23, 2005

◊   Class Action Fairness Act, UCLA Alumni Assoc., Los Angeles, California, September 9, 2005

◊   Class Action Fairness Act, Thelen Reid & Priest, Los Angeles, California, May 12, 2005

◊   Class Action Fairness Act, Sidley Austin, Los Angeles, California, May 10, 2005

◊   Class Action Fairness Act, Munger, Tolles & Olson, Los Angeles, California, April 28, 2005

◊   Class Action Fairness Act, Akin Gump Strauss Hauer Feld, Century City, CA, April 20, 2005


SELECTED OTHER LITIGATION EXPERIENCE

*United States Supreme Court*

◊   Served as *amicus curiae* and authored *amicus* brief on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, No. 17-961, October Term 2018)

◊   Co-counsel on petition for writ of *certiorari* concerning application of the voluntary cessation doctrine to government defendants (*Rosebrock v. Hoffman*, 135 S. Ct.1893 (2015))

◊   Authored *amicus* brief filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011)

◊   Co-counsel in constitutional challenge to display of Christian cross on federal land in California's Mojave preserve (*Salazar v. Buono*, 130 S. Ct. 1803 (2010))

◊   Co-authored *amicus* brief filed on behalf of constitutional law professors arguing against constitutionality of Texas criminal law (*Lawrence v. Texas*, 539 U.S. 558 (2003))

◊   Co-authored *amicus* brief on scope of *Miranda* (*Illinois v. Perkins*, 496 U.S. 292 (1990))

*Attorney's Fees*

◊   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D.Pa. April 5, 2018))

◊   Appointed by the United States District Court for the Northern District of Ohio as an expert consultant on common benefit attorney's fees issues in complex multidistrict litigation, with result that the Court adopted recommendations (*In re: Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2020 WL 8675733 (N.D. Ohio June 3, 2020))

◊   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016)).

◊   Co-counsel in appeal of common benefit fees decision arising out of mass tort MDL (*In re Roundup Prod. Liab. Litig.,* Civil Action No. 21-16228, 2022 WL 16646693 (9th Cir, 2022)

◊   Served as *amicus curiae* and co-authored *amicus* brief on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504, 376 P.3d 672, 687 (2016)).

### Consumer Class Action

◊   Co-counsel in challenge to antenna-related design defect in Apple's iPhone4 (*Dydyk v. Apple Inc.,* 5:10-cv-02897-HRL, U.S. Dist. Court, N.D. Cal.) (complaint filed June 30, 2010)

◊   Co-class counsel in $8.5 million nationwide class action settlement challenging privacy concerns raised by Google's Buzz social networking program (*In re Google Buzz Privacy Litigation,* 5:10-cv-00672-JW, U.S. Dist. Court, N.D. Cal.) (amended final judgment June 2, 2011)

### Disability

◊   Co-counsel in successful ADA challenge ($500,000 jury verdict) to the denial of health care in emergency room (*Howe v. Hull*, 874 F. Supp. 779, 873 F. Supp 72 (N.D. Ohio 1994))

### Employment

◊   Co-counsel in challenges to scope of family benefit programs (*Ross v. Denver Dept. of Health*, 883 P.2d 516 (Colo. App. 1994)); *(Phillips v. Wisc. Personnel Com'n*, 482 N.W.2d 121 (Wisc. 1992))

### Equal Protection

◊   Co-counsel in (state court phases of) successful challenge to constitutionality of a Colorado ballot initiative, Amendment 2 (*Evans v. Romer*, 882 P.2d 1335 (Colo. 1994))

◊   Co-counsel (and *amici*) in challenges to rules barring military service by gay people (*Able v. United States*, 44 F.3d 128 (2d Cir. 1995); *Steffan v. Perry*, 41 F.3d 677 (D.C. Cir. 1994) (*en banc*))

◊   Co-counsel in challenge to the constitutionality of the Attorney General of Georgia' firing of staff attorney (*Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997))

### Fair Housing

◊   Co-counsel in successful Fair Housing Act case on behalf of group home (*Hogar Agua y Vida En el Desierto v. Suarez-Medina*, 36 F.3d 177 (1st Cir. 1994))

### *Family Law*

◊ Co-counsel in challenge to constitutionality of Florida law limiting adoption (*Cox v. Florida Dept. of Health and Rehab. Srvcs.*, 656 So.2d 902 (Fla. 1995))

◊ Co-authored *amicus* brief in successful challenge to Hawaii ban on same-sex marriages (*Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993))

### *First Amendment*

◊ Co-counsel in successful challenge to constitutionality of Alabama law barring state funding foruniversity student groups (*GLBA v. Sessions*, 930 F.Supp. 1492 (M.D. Ala. 1996))

◊ Co-counsel in successful challenge to content restrictions on grants for AIDS education materials (*Gay Men's Health Crisis v. Sullivan*, 792 F.Supp. 278 (S.D.N.Y. 1992))

### *Landlord / Tenant*

◊ Lead counsel in successful challenge to rent control regulation (*Braschi v. Stahl Associates Co.*, 544 N.E.2d 49 (N.Y. 1989))

### *Police*

◊ Co-counsel in case challenging DEA brutality (*Anderson v. Branen*, 27 F.3d 29 (2d Cir. 1994))

### *Prison Conditions*

◊ Co-counsel in appeal of class certification decision in damages class action arising out of conditions in St. Louis City Jail, *Cody, et al v. City of St. Louis,* Civil Action No. 22-2348 (8th Cir. 2023) (pending)

### *Racial Equality*

◊ Co-authored *amicus* brief for constitutional law professors challenging constitutionality of Proposition 209 *(Coalition for Economic Equity v. Wilson*, 110 F.3d 1431 (9th Cir. 1997))

### SELECTED OTHER PUBLICATIONS

### *Editorials*

◊ *Follow the Leaders*, NEW YORK TIMES, March 15, 2005

◊ *Play It Straight*, NEW YORK TIMES, October 16, 2004

◊ *Hiding Behind the Constitution*, NEW YORK TIMES, March 20, 2004

◊ *Toward More Perfect Unions,* NEW YORK TIMES, November 20, 2003 (with Brad Sears)

◊ *Don't Ask, Don't Tell, Don't Believe It*, NEW YORK TIMES, July 20, 1993

◊ *AIDS: Illness and Injustice*, WASH. POST, July 26, 1992 (with Nan D. Hunter)

BAR ADMISSIONS

◊ Massachusetts (2008)

◊ California (2004)

◊ District of Columbia (1987) (inactive)

◊ Pennsylvania (1986) (inactive)

◊ U.S. Supreme Court (1993)

◊ U.S. Court of Appeals for the First Circuit (2010)

◊ U.S. Court of Appeals for the Second Circuit (2015)

◊ U.S. Court of Appeals for the Fifth Circuit (1989)

◊ U.S. Court of Appeals for the Ninth Circuit (2004)

◊ U.S. Court of Appeals for the Eleventh Circuit (1993)

◊ U.S. Court of Appeals for the D.C. Circuit (1993)

◊ U.S. District Courts for the Central District of California (2004)

◊ U.S. District Court for the District of the District of Columbia (1989)

◊ U.S. District Court for the District of Massachusetts (2010)

◊ U.S. District Court for the Northern District of California (2010)

# EXHIBIT B

*In re: PG&E Corporation*
Case No. 3:19-bk-30088
U.S. Bankruptcy Court for the Northern District of California,
San Francisco Division

## EXPERT REPORT OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT B
Partial List of Documents Reviewed by Professor Rubenstein
(other than case law and scholarship on the relevant issues)

**A. *In re: PG&E Corporation*, Case No. 3:19-bk-30088 (Bankr. N.D. Cal.)**

1. Transcript of Proceedings Held Jun. 26, 2019, ECF No. 2871
2. Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim, ECF No. 5042
3. Notice of Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim, ECF No. 5043
4. Declaration of Christina Pullo (I) Regarding Implementation of the Debtors' Notice Procedures and (II) In Support of the Debtors' Objection to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Proof of Claim, ECF No. 5370
5. Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline, ECF No. 5604
6. Securities Lead Plaintiff's Supplemental Brief in Support of Motion to Apply Bankruptcy Rule 7023 to Class Proofs of Claim, ECF No. 5786
7. Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline, ECF No. 5787
8. Supplemental Brief and Reservation of Rights of Official Committee of Tort Claimants' to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim (Dkt. No. 5042), ECF No. 5788
9. Declaration of Christina Pullo in Support of the Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline, ECF No. 5789
10. Individual Officers' (I) Joinder to Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline [Dkt. No. 5787], and (II) Response to Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline [Dkt. No. 5604], ECF No. 5795
11. Memorandum Decision Regarding Motion to Apply Rule 7023, ECF No. 5887
12. Order (I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (II) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages, ECF No. 5943
13. Exhibit A, Order (I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (II) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages, ECF No. 6135-1
14. Memorandum Decision Regarding Motion to Apply Rule 7023, ECF No. 6135-2

15. Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, ECF No. 8964

16. Securities Lead Plaintiff's Memorandum of Points and Authorities in Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9152

17. Notice of Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9154

18. Securities Lead Plaintiff's Request for Judicial Notice in Support of Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9156

19. Declaration of Chad Coffman, CFA in Support of Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9157

20. Securities Lead Plaintiff's Objection to Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, ECF No. 9189

21. Debtors' Letter Regarding the Securities Lead Plaintiff's Memorandum of Points and Authorities in Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9245

22. Objection of Baupost Group Securities, L.L.C. to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9374

23. Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9375

24. Declaration of Michael A. Keable in Support of the Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9376

25. Declaration of Pamela E. Herlich in Support of the Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify Limited Class, ECF No. 9377

26. Reorganized Debtors' Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures for Resolving Submitted Securities Claims, ECF No. 9378

27. Declaration of Edward J. Radetich, Jr. in Support of the Reorganized Debtors' Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, ECF No. 9379

28. *Ex Parte* Application for Order Pursuant to L.B.R. 9013-1(c) Authorizing Oversize Briefing for (1) Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class and (2) Reorganized Debtors' Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, ECF No. 9380

29. Declaration of Robb McWilliams in Support of Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9381

30. Securities Lead Plaintiff's Reply in Further Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9492

31. Order Regarding Motions (1) To Approve Securities ADR Procedures and (2) To Apply FRBP 7023, ECF No. 9527

32. Stipulation as to the Public Employees Retirement Association of New Mexico's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9529

33. Order Approving Stipulation as to the Public Employees Retirement Association of New Mexico's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class, ECF No. 9562

34. Transcript of Proceedings Held Nov. 18, 2020, ECF No. 9582

35. Transcript of Proceedings Held Dec. 4, 2020, ECF No. 9752

36. Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, ECF No. 10015

37. Transcript of Proceedings Held Mar. 7, 2023, ECF No. 13591

38. Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, ECF No. 13745

39. Declaration of Angela Ferrante in Support of the Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, ECF No. 13746

40. Declaration of Robb McWilliams in Support of Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, ECF No. 13747

41. Declaration of Richard W. Slack in Support of Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, ECF No. 13748

42. Notice of Hearing on Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief, ECF No. 13749

**B.** ***Public Employees Retirement Ass'n of New Mexico, et al v. Anthony Earley, Jr., et al***, **Case No. 22-16711 (9th Cir.)**

43. Appellants Opening Brief Against Stay, ECF No. 12

44. Respondents Answering Brief to Appellants Opening Brief Against Stay, ECF No. 30

**C.** ***In re: PG&E Corporation Securities Litigation***, **Case No. 5:18-cv-03509 (N.D. Cal.)**

45. Order Granting Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, ECF No. 62

46. Consolidated Class Action Complaint for Violation of the Federal Securities Laws, ECF No. 83

47. Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, ECF No. 95

48. Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, ECF No. 121

49. Brief in Support of the Officer Defendants' Motion to Dismiss the Third Amended Consolidated Class Action Complaint, ECF No. 149

50. Memorandum of Points and Authorities in Support of Defendant Directors and Underwriters' Motion to Dismiss Third Amended Consolidated Class Action Complaint, ECF No. 155-1

51. Memorandum in Opposition to Officer Defendants' Motion to Dismiss Third Amended Consolidated Class Action Complaint, ECF No. 160
52. Plaintiffs' Opposition to the Defendant Directors and Underwriters' Motion to Dismiss Third Amended Complaint and the Officer Defendants' Joinder to Said Motion, ECF No. 161
53. Reply Brief in Support of the Officer Defendants' Motion to Dismiss the Third Amended Consolidated Class Action Complaint, ECF No. 169
54. Reply Memorandum of Points and Authorities in Further Support of Defendant Directors and Underwriters' Motion to Dismiss Third Amended Consolidated Class Action Complaint, ECF No. 171
55. Reply in Support of Request for Judicial Notice and Consideration of Documents in Support of Defendant Directors and Underwriters' Motion to Dismiss Third Amended Consolidated Class Action Complaint, ECF No. 172
56. Notice of Appeal of Stay, ECF No. 218
57. Securities Plaintiffs' Representation Statement, ECF No. 218-1
58. Movant Plaintiffs' Motion to Intervene and Memorandum of Points and Authorities in Support Thereof, ECF No. 229
59. Defendants' Opposition to Movants' Motion to Intervene, ECF No. 242
60. Plaintiffs' Opposition to Movants' Motion to Intervene, ECF No. 243
61. Movant Plaintiffs' Reply Memorandum in Further Support of Motion to Intervene, ECF No. 244