**CARLSON, CALLADINE & PETERSON, LLP**
Colin C. Munro (SBN 195520)
1 Post St., Suite 500
San Francisco, California 94104
T: (415) 901-0967 / F: (415) 391-3898
cmunro@ccplaw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Mark McKane, P.C. (SBN 230552)
Michael Esser (SBN 268634)
555 California Street
San Francisco, California 94104
T: (415) 439-1400 / F: (212) 439-1500
mark.mckane@kirkland.com
michael.esser@kirkland.com
-and-
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
T: (212) 446-4800 / F: (212) 446-4900
aparna.yenamandra@kirkland.com

*Attorneys for Calpine*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN THE REORGANIZED DEBTORS AND CALPINE REGARDING THE REORGANIZED DEBTORS' SIXTH EXTENSION MOTION AND THE MCCABE AND SAWMILL FIRE CLAIMS**<br><br>Re: Docket No. 13745 |

This stipulation and agreement for order (this "Stipulation") is entered into by Calpine Corporation and its subsidiaries (collectively, "Calpine"), on the one hand, and PG&E Corporation ("HoldCo") and Pacific Gas and Electric Company ("Utility"), as debtors and reorganized debtors (HoldCo and Utility, collectively, the "Debtors," and after the Effective Date of their Plan,[1] the "Reorganized Debtors"), on the other hand. Calpine and the Reorganized Debtors are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. In November 2013, one or more wildfires broke out in Sonoma County (collectively, for purposes of this Stipulation only, the "McCabe Fire"), which burned thousands of acres and destroyed, among other property, a cooling tower at Calpine subsidiary Geysers Power Company, LLC's ("Geysers") power plant.

B. In September 2016, another wildfire broke out in Sonoma County (the "Sawmill Fire"), which burned approximately 1,500 acres of land, including portions of Geysers' geothermal field, equipment, and infrastructure.

C. Geysers alleges that Utility is responsible for the McCabe and Sawmill Fires. The Debtors deny liability for these fires.

D. In November 2018, the Debtors and Calpine engaged in a mediation regarding the McCabe Fire. This mediation did not result in resolution of Calpine's claims.

E. Therefore, on December 31, 2018, Calpine filed a lawsuit in Sonoma County against the Debtors for damages allegedly incurred as a result of the McCabe Fire titled *Geysers Power Co. v. PG&E Corp.*, No. SCV-263728 (Cal. Sup. Ct. Dec. 31, 2018).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as amended, modified, or supplemented and together with any exhibits or schedules thereto, the "Plan") or the Sixth Extension Motion (as defined herein), as applicable.

F. On January 29, 2019 (the "Petition Date"), the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court").

G. On July 1, 2019, the Court entered an order [Docket No. 2806] (the "Bar Date Order"), setting October 21, 2019, at 5:00 p.m. (prevailing Pacific Time) as the last date and time for filing proofs of claim against the Debtors.

H. Prior to the deadline set forth in the Bar Date Order, Calpine filed certain proofs of claim against the Debtors related to the McCabe and Sawmill Fires (Claim Nos. 63478, 66457, 68749, 78792, 79229, 79254, 79291, 79886, and 82574, collectively, the "McCabe and Sawmill Fire Claims").

I. On June 20, 2020, the Court entered an order [Docket No. 8053] confirming the Plan. The Plan became effective on July 1, 2020 [Docket No. 8252].

J. Pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Court.

K. On December 14, 2020, Geysers and the Reorganized Debtors entered into an agreement (the "Cure Settlement"), which (i) resolved cure disputes related to the Reorganized Debtors' assumption of certain Calpine contracts under the Plan and (ii) requires Geysers and the Reorganized Debtors to use commercially reasonable efforts to consensually resolve the McCabe and Sawmill Fire Claims.[2]

L. Calpine has provided to the Reorganized Debtors damages information regarding the Sawmill Fire. However, the Parties have not yet participated in a mediation, or engaged in settlement discussions, regarding the Sawmill Fire.

---

[2] Pursuant to the Cure Settlement, the McCabe and Sawmill Fire Claims are not governed by the general mediation procedures adopted by the Court on September 25, 2020 [Docket No. 9148].

M. Pursuant to section 7.1 of the Plan, the Reorganized Debtors' original deadline to object to claims was December 28, 2020. Following five extensions, the current deadline for the Reorganized Debtors to object to claims is June 20, 2023 [Docket No. 13363].

N. On May 17, 2023, the Reorganized Debtors filed the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 13745] (the "<u>Sixth Extension Motion</u>"), which seeks to further extend their deadline to object to claims to December 18, 2023. The Sixth Extension Motion is set for a hearing before the Court at 10:00 a.m. (prevailing Pacific Time) on June 7, 2023.

O. On May 31, 2023, the Reorganized Debtors filed the *Stipulation Between the Reorganized Debtors and Calpine Extending Time to Respond to the Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 13789], whereby the Reorganized Debtors and Calpine agreed to extend Calpine's deadline to file any response or opposition to the Sixth Extension Motion to 4:00 p.m. (prevailing Pacific Time) on June 1, 2023.

P. As of the date hereof, the Reorganized Debtors have not objected to, or otherwise resolved, the McCabe and Sawmill Fire Claims.

Q. The Parties wish to document the resolution of Calpine's objection to the Sixth Extension Motion and establish a schedule for the settlement of the McCabe and Sawmill Fire Claims, and a deadline for the Reorganized Debtors to object to the McCabe and Sawmill Fire Claims if a consensual resolution is not reached.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. Calpine shall not object to the Sixth Extension Motion, *provided that* the Parties comply with the terms of this Stipulation.

2. The Reorganized Debtors shall provide a good faith settlement offer regarding the McCabe and Sawmill Fire Claims to Calpine by no later than 4:00 p.m. (prevailing Pacific Time) on June 16, 2023.

3. The Parties shall re-engage in good faith settlement discussions through July 31, 2023, unless the McCabe and Sawmill Fire Claims are settled earlier.

4. Absent further agreement of the Parties to continue settlement discussions, if no settlement is reached on or before July 31, 2023, then the Reorganized Debtors shall file objections to the McCabe and Sawmill Fire Claims no later than August 30, 2023, or such later date as the Parties shall agree.

5. This Stipulation shall be binding on the Parties and each of their successors in interest.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving the terms of this Stipulation.

Dated: June 1, 2023

| WEIL, GOTSHAL & MANGES LLP<br>KELLER & BENVENUTTI LLP | CARLSON, CALLADINE &<br>PETERSON, LLP |
|---|---|
| /s/ Jane Kim<br>Jane Kim | /s/ Colin C. Munro<br>Colin C. Munro |
| *Attorneys for the Debtors*<br>*and Reorganized Debtors* | *Attorneys for Calpine* |