| | |
|---|---|
| 1 | **WEIL, GOTSHAL & MANGES LLP** |
| 2 | Richard W. Slack (*pro hac vice*) |
|   | (richard.slack@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) |
|   | (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) |
|   | (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue |
|   | New York, NY 10153-0119 |
| 6 | Tel:     (212) 310-8000 |
|   | Fax:    (212) 310-8007 |
| 7 | **KELLER BENVENUTTI KIM LLP** |
| 8 | Jane Kim (#298192) |
|   | (jkim@kbkllp.com) |
| 9 | David A. Taylor (#247433) |
|   | (dtaylor@kbkllp.com) |
| 10 | Gabrielle L. Albert (#190895) |
|    | (galbert@kbkllp.com) |
| 11 | 650 California Street, Suite 1900 |
|    | San Francisco, CA 94108 |
| 12 | Tel: (415) 496-6723 |
|    | Fax: (650) 636 9251 |
| 13 | *Attorneys for the Debtors and Reorganized Debtors* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
|   | (Lead Case) (Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR THE REORGANIZED DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND FOR RELATED RELIEF** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | [No hearing requested] |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Reorganized Debtors to file an oversized brief in connection with the *Reorganized Debtors' Omnibus Reply in Further Support of Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and For Related Relief* (the "**Reply**"),[1] which the Reorganized Debtors filed on the date hereof.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      JURISDICTION**

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

**II.      BACKGROUND**

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Reply.

## III. ISSUES ADDRESSED IN THE REPLY

As the Court is aware, although there are only five objections[2] to the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief*, dated May 17, 2023 [Dkr. No. 13745] (the "**Motion**"), these objections comprise sixty-eight pages of argument and over eight hundred pages in total, including exhibits. The Reply responds to a number of legal and factual issues raised in the Objections, including: (i) setting forth an update regarding the success of the Reorganized Debtors' efforts pursuant to the Securities Procedures; (ii) responding to the RKS Claimants' proposed alternative expedited litigation procedures for resolving the RKS Claimants' Securities Claims; (iii) demonstrating that the Merits Litigation Procedures proposed in the Motion do not violate the due process rights of the Securities Claimants; and (iv) other factual and legal arguments raised in the objections. These matters being presented to the Court are important to the Reorganized Debtors' efforts to efficiently resolve proofs of claim filed in the Chapter 11 cases.

## IV. OVERSIZE BRIEFING FOR THE REPLY IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Reorganized Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Reply. As set forth above, additional briefing is necessary to thoroughly address the legal and factual issues raised in the Objections. Moreover, were the Reorganized Debtors to file separate replies to each objection, the Bankruptcy Local Rules would afford each Reply up to fifteen pages of briefing, totaling seventy-five pages. Accordingly, the limited extension to the page limit requested in this Application to twenty-five pages is reasonable and the Reorganized Debtors respectfully submit that no party will be prejudiced by this request.

---

[2] The five objections responded to in the Reply are: (i) the RKS Claimants [Dkt. No. 13785] (the "**RKS Objection**"), (ii) the BLA Schwartz Clients [Dkt. No. 13787] (the "**BLA Objection**"), (iii) Chevron [Dkt. No. 13788] (the "**Chevron Objection**"), (iv) PERA [Dkt. No. 13791] (the "**PERA Objection**"), and (v) the State of Oregon [Dkt. No. 13794] (the "**Oregon Objection**") (together, the "**Objections**").

The Court has granted similar relief, including for reply briefs, to the Reorganized Debtors and other parties in these Chapter 11 Cases. *See e.g.*, Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 4410 (Debtors' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (Debtors' Wildfire Claims Estimation Motion). Further, in consideration of the paramount interests of all creditors in these Chapter 11 Cases, the Court has regularly allowed oversize briefing for matters involving the claims resolution process. *See* Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 2718 (Debtors' Bar Date Motion); Dkt. No. 5461 (PERA Rule 7023 Motion).

Accordingly, the Reorganized Debtors believe it is appropriate to request authority for the Reply to exceed the fifteen pages allowed under Bankruptcy Local Rule 9013-1(c).

### V. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who filed Objections; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (i) authorizing the Reorganized Debtors to file and serve the Reply in excess of fifteen pages, but not to exceed twenty-five pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith) and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 5, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*
　　　Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*