

**CHANGES MADE BY COURT**

Signed and Filed: June 23, 2023

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Gabrielle L. Albert (#190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND GRANTING RELATED RELIEF**<br><br>[Related to Dkt. No. 13745]<br><br>Date: June 7, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **(Zoom Videoconference)**<br>    United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

Upon the *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief*, dated May 17, 2023 [Docket No. 13745] (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), in accordance with Section 7.1 of the Plan, sections 105(a) and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the deadline for the Reorganized Debtors to object to claims, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and the McWilliams, Ferrante, and Slack Declarations submitted in support thereof [Dkt. Nos. 13746–13748]; and the Court having reviewed and considered all objections and responses to the Motion, including the objections filed by (i) the RKS Claimants [Dkt. No. 13785], (ii) the BLA Schwartz Clients [Dkt. No. 13787], (iii) Chevron [Dkt. No. 13788], (iv) PERA [Dkt. No. 13791], and (v) the State of Oregon [Dkt. No. 13794] (collectively, the "**Objections**" and the parties who filed such Objections, the "**Objectors**"), and the statement and reservation of rights filed by Baupost Group Securities, L.L.C. ("**Baupost**") [Dkt. No. 13792]; and the Court having reviewed and considered the Reorganized Debtors' reply [Dkt. No. 13813] (the "**Reply**") and supplemental McWilliams Declaration [Dkt. No. 13811] in support of the Motion; and the Court having held a hearing to consider the Motion, the Reply, and the Objections at the above-captioned

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the Reply (as defined below), the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**"), as applicable.

2

date and time, with appearances as noted on the record (the "**Hearing**"); and upon the record of the Hearing and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons stated on the record at the Hearing, the Motion is granted in part as provided herein.

2. All objections received to the Motion that have not been resolved are overruled other than as expressly provided herein.

3. The deadline for the Reorganized Debtors to object to General Claims (as defined in the Motion) under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is further extended by one-hundred eighty (180) days to December 18, 2023 (after application of Bankruptcy Rule 9006(a)), without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

4. The deadline for the Reorganized Debtors to object to Securities Claims (as defined in the Motion) under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is further extended to August 30, 2023, subject to additional discussions and negotiations with the Objectors' and Baupost's counsel, and without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

5. The Securities Procedures are amended in substantially the form attached hereto as **Exhibit A** which permit the Reorganized Debtors (a) to allow up to five contemporaneous Abbreviated Mediations before a Mediator on the same day, and (b) to allow for the addition of Mediators to both the Panel of Mediators for Standard Mediations and the Panel of Mediators for Abbreviated Mediations upon submission to the Court without further Court order.

6. For the reasons stated on the record at the Hearing, the Motion is denied insofar as it seeks entry of the Securities Claims Merits Litigation Procedures – Part 1, as defined in the Motion.

7. The Reorganized Debtors, the Objectors, and Baupost will meet and confer regarding an agreement setting forth (a) a reasonable time for at least the Objectors and Baupost to voluntarily amend their proofs of claim if they choose to do so; (b) procedures for the Reorganized Debtors to

1. object to the Securities Claims; and (c) case management procedures for matters arising from the Reorganized Debtors' objections to Securities Claims.

8. On July 11, 2023, at 10:00 a.m. (Pacific Time),** the Reorganized Debtors, the Objectors, and Baupost (and any other securities claimants that wish to participate) will appear at a status conference before the Court regarding the status of the meet and confer process referred to above in the immediately preceding paragraph.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**The court reviewed the transcript of the discussions with counsel at the conclusion of the June 7 hearing. It has decided that submission of this order late on Friday, June 23, has not left sufficient time for meaningful meet and confer opportunities before the suggested June 27 hearing. Accordingly, that hearing has been rescheduled for July 11, 2023, at 10:00 AM.