**Exhibit A**

III. THE SECURITIES MEDIATION PROCEDURES

The Securities Mediation Procedures are designed to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation or the need for claimants to hire attorneys or incur attorneys' fees.

The Securities Mediation Procedures create two separate processes for mandatory, non-binding mediation: (i) the Abbreviated Mediation Process, presumptively for claims where the amounts at issue do not justify a more comprehensive mediation process; and (ii) the Standard Mediation Process, typically for larger claims. Each process involves specified procedures appropriate to the size of the claim at issue. The Reorganized Debtors, in their sole discretion, may designate a Subordinated Securities Claim for mandatory participation in either mediation process.

The Abbreviated Mediation Process is described in Section III.A, below. The Standard Mediation Process is described in Section III.B below. For the avoidance of doubt, Section IV below applies to all aspects of the Securities ADR Procedures.

A. The Abbreviated Mediation Process

The Abbreviated Mediation Process is meant to be more efficient and less costly than formal mediation and briefing. The Abbreviated Mediation Process begins when the Reorganized Debtors, in their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Abbreviated Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Abbreviated Mediation Process (a "**Notice of Abbreviated Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim and; and (iii) a copy of these Securities ADR Procedures.[1]

  1. *The Notice of Abbreviated Mediation*

The Notice of Abbreviated Mediation shall provide the applicable Subordinated Securities Claimant with notice of the date, time, identity of the Mediator and a reference or link to the posted biographical information regarding the Mediator, and the estimated duration of the mediation (the

---

[1] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

"**Abbreviated Mediation**") at least twenty-eight (28) days prior to the mediation date, unless otherwise agreed to by the parties.

If the chosen date and/or time of the Abbreviated Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

All Abbreviated Mediations shall be conducted virtually via videoconference over Zoom. Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Abbreviated Mediation via telephonic conference.

A Mediator conducting an Abbreviated Mediation shall be permitted to conduct up to five (5) Abbreviated Mediations concurrently on any given day.

2. *Appointment of Mediator*

The Reorganized Debtors will, upon notice, present to the Bankruptcy Court for approval a panel of qualified and experienced mediators (the "**Panel of Mediators for Abbreviated Mediations**"). As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors and their primary legal counsel (Weil, Gotshal & Manges LLP, Keller Benvenutti Kim LLP, or Cravath, Swaine & Moore LLP) in the past five years, and other potential conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias. The Reorganized Debtors will work with the Panel of Mediators for Abbreviated Mediations to develop a process of fair distribution of Abbreviated Mediations among the Mediators. The Reorganized Debtors will also post biographical information regarding each Mediator on Prime Clerk's website.

Following approval by the Bankruptcy Court of the Panel of Mediators for Abbreviated Mediations, the Reorganized Debtors shall be permitted to submit a notice for the addition of Mediators to the Panel of Mediators for Abbreviated Mediations without need for further Court Order.

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) disclose any circumstances likely to create a reasonable inference of bias. In the event

a Mediator discloses any circumstances likely to create a reasonable inference of bias with respect to a particular Abbreviated Mediation, such Mediator shall withdraw from the assignment and shall be replaced prior to the commencement of the Abbreviated Mediation.

       3.     *Fees and Costs*

The Reorganized Debtors shall pay the Mediator's fees and expenses. The parties shall each bear their own costs of the Abbreviated Mediation Process.

       4.     *Appearance at Abbreviated Mediation*

The Subordinated Securities Claimant and any counsel must appear at the Abbreviated Mediation. The Reorganized Debtors shall make all arrangements for the Abbreviated Mediation to be held over Zoom (or a similar web-based video interface) and/or telephone conference and advise the Subordinated Securities Claimant and any of the Subordinated Securities Claimant's representatives of such arrangements. The Subordinated Securities Claimant shall make arrangements to ensure that the Subordinated Securities Claimant will be able to participate in the Abbreviated Mediation, including by ensuring a proper internet connection is available. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending an Abbreviated Mediation, the Reorganized Debtors, the Subordinated Securities Claimant, and the Mediator will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Abbreviated Mediation. If the Subordinated Securities Claimant is not a natural person, an authorized representative must appear at the Abbreviated Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Abbreviated Mediation.

       5.     *Abbreviated Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Abbreviated Mediation**. The Reorganized Debtors must e-mail the Mediator and the Subordinated Securities Claimant the following:

- A settlement offer (the "Abbreviated Mediation Settlement Offer"); and
- A confidential background statement (the "**Background Statement**"). The Background Statement must not exceed five (5) pages.

**Seven (7) days before the Abbreviated Mediation**. The Subordinated Securities Claimant may, but is not required to, e-mail the Mediator and the Reorganized Debtors with a response. For example, the Subordinated Securities Claimant may accept the Abbreviated Mediation Settlement Offer, in which case the Reorganized Debtors shall notify the Mediator and the Subordinated Securities Claimant that the Abbreviated Mediation Settlement Offer has been accepted and that the Subordinated Securities Claim(s) at issue will be paid promptly.

If the Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, the claimant may include the following:

- A counteroffer to the Abbreviated Mediation Settlement Offer; and
- A confidential response to the Background Statement (the "**Response Statement**"), which should include a short and plain statement of the facts and law upon which the Subordinated Securities Claimant relies for recovery and maintains entitle it to relief. The Subordinated Securities Claimant may, but is not required to, attach to the Response Statement exhibits, annexes, or other documents that the Subordinated Securities Claimant believes support its claim. The Response Statement must not exceed five (5) pages, excluding any attachments.

If a Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, but elects not to make a counteroffer, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counteroffer at the Abbreviated Mediation.

6. *Termination of the Abbreviated Mediation*

The Abbreviated Mediation may only be terminated by the Mediator. Subject to Section IV.B, *infra*, either the Reorganized Debtors or the Subordinated Securities Claimant may request the Mediator to terminate the Abbreviated Mediation, and the Mediator shall do so if the Mediator believes an impasse has been reached with respect to the Subordinated Securities Claim(s) at issue and, in the judgment of the Mediator, there is no reasonable opportunity to settle the claim in mediation.

7. *Next Steps*

If any Subordinated Securities Claims is not settled through the Abbreviated Mediation Process, the Reorganized Debtors may (i) only with the written consent of the Subordinated Securities Claimant, designate the Subordinated Securities Claim(s) for the Standard Mediation Process, or (ii) seek to resolve the claim in the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

The Reorganized Debtors reserve the right, at any time, to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as pursuant to the Securities Omnibus Objection Procedures set forth in the Securities Claims Procedures Order.

### B. The Standard Mediation Process

The Standard Mediation Process begins when the Reorganized Debtors send a Subordinated Securities Claimant the following materials (collectively, the "**Standard Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Standard Mediation Process (a "**Notice of Standard Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim; and (iii) a copy of these Securities ADR Procedures.[2]

#### 1. Notice of Standard Mediation

The Reorganized Debtors shall provide the applicable Subordinated Securities Claimant with notice of the date, time, location, identity of the Mediator and a reference or link to the posted biographical information regarding the Mediator, and the estimated duration of the mediation (the "**Standard Mediation**") at least forty-two (42) days prior to the mediation date (the "**Standard Mediation Scheduling Notice**"), unless otherwise agreed to by the parties.

If the chosen date and/or time of the Standard Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

Absent further order from the Bankruptcy Court, all Standard Mediations shall be conducted virtually via videoconference over Zoom. Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Standard Mediation via telephonic conference.

#### 2. Appointment of Mediator

The Reorganized Debtors will, upon notice, present to the Bankruptcy Court for approval a panel of qualified and experienced mediators for the Standard Mediations (the "**Panel of Mediators for Standard Mediations**"). As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors and other potential

---

[2] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

Case: 19-30088    Doc# 13849-1    Filed: 06/23/23    Entered: 06/26/23 11:18:19    Page 7 of 10

conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias. The Reorganized Debtors will work with the Panel of Mediators for Standard Mediations to develop a process of fair distribution of Standard Mediations among the Mediators. The Reorganized Debtors will also post biographical information regarding each Mediator on Prime Clerk's website.

Following approval by the Bankruptcy Court of the Panel of Mediators for Standard Mediations, the Reorganized Debtors shall be permitted to submit a notice for the addition of Mediators to the Panel of Mediators for Standard Mediations without need for further Court Order.

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) disclose any circumstances likely to create a reasonable inference of bias. In the event a Mediator discloses any circumstances likely to create a reasonable inference of bias with respect to a particular Standard Mediation, such Mediator shall withdraw from the assignment and shall be replaced prior to the commencement of the Standard Mediation.

3. *Fees and Costs*

The Reorganized Debtors shall pay the mediator's fees and expenses. The parties shall each bear their own costs of the Standard Mediation Process.

4. *Appearance at Standard Mediation*

The Subordinated Securities Claimant and any counsel must appear at the Standard Mediation. The Reorganized Debtors shall make all arrangements for the Standard Mediation to be held over Zoom (or a similar web-based video interface) and/or telephonic conference and advise the Subordinated Securities Claimant and any of the Subordinated Securities Claimant's representatives of such arrangements. The Subordinated Securities Claimant shall make arrangements to ensure that the Subordinated Securities Claimant will be able to participate in the Standard Mediation, including by ensuring a proper internet connection is available. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending a Standard Mediation, the Reorganized Debtors, the Subordinated Securities Claimant, and the Mediator will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Standard Mediation. If the Subordinated Securities Claimant is not a natural person, an authorized representative must appear at the Standard Mediation (the "**Authorized Representative**").

Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Standard Mediation.

5. *Standard Securities Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Standard Mediation.** The Subordinated Securities Claimant must e-mail the Mediator and the Reorganized Debtors the following:

- A settlement demand (the "**Settlement Demand**"); and
- A confidential pre-mediation statement (the "**Opening Statement**"). The Opening Statement must not exceed fifteen (15) pages, excluding any attachments, and identify each cause of action or theory the Subordinated Securities Claimant asserts, including a short and plain statement of the facts and law upon which the Subordinated Securities Claimant relies for recovery and maintains entitle it to relief. The Opening Statement shall include, as exhibits or annexes, all documents (or summaries of voluminous documents), affidavits, and other materials on which the Subordinated Securities Claimant relies.

**Seven (7) days before the Standard Mediation**. The Reorganized Debtors must e-mail the mediator and the Subordinated Securities Claimant the following:

- A response to the settlement demand (the "**Settlement Demand Response**"); and
- A confidential response statement (the "**Rebuttal Statement**"). The Rebuttal Statement must not exceed fifteen (15) pages, excluding any attachments.

If the Settlement Demand Response contains a counteroffer to the Settlement Demand, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counter-counteroffer at the Standard Mediation.

### 6. *Mediators-Eyes-Only*

At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator that will not be exchanged with each other, which shall receive "Mediator's-eyes-only" treatment.

### 7. *Termination of the Standard Mediation*

The Standard Mediation may only be terminated by the Mediator. Subject to Section IV.B below, either the Reorganized Debtors or the Subordinated Securities Claimant may request the Mediator to terminate the Standard Mediation, and the Mediator shall do so if the Mediator believes an impasse has been reached with respect to the Subordinated Securities Claim(s) at issue and, in the judgment of the Mediator, there is no reasonable opportunity to settle the claim in mediation.

### 8. *Next Steps*

If any Subordinated Securities Claims is not settled through the Standard Mediation Process and the mediation is terminated by the Mediator, then the Subordinated Securities Claim shall be resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

## C. Extension of Claim Objection Deadline

In the event that these Securities ADR Procedures have been invoked as to a Subordinated Securities Claim but have not resolved the Subordinated Securities Claim, the deadline to object to the Subordinated Securities Claim under Section 7.1 of the Plan shall be automatically extended until sixty (60) days after the termination of the Securities ADR Procedures. For the avoidance of doubt, this provision in no way shortens the deadline to object to Subordinated Securities Claims under Section 7.1 of the Plan.