KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' STATUS CONFERENCE STATEMENT REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR INC.**<br><br>[Related to Dkt. No. 12130]<br><br>Date: July 11, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Zoom Videoconference Appearances Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**") hereby submit their status conference statement in advance of the July 11, 2023 status conference on their pending *Reorganized Debtors' Objection to Proof of Claim No. 2090 Filed by Amir Shahmirza* (Dkt. No. 12130).

## I. CURRENT STATUS

On June 12, 2023, the Court issued its *Memorandum Decision on Motion for Partial Summary Judgment and Counter-Motion for Summary Judgment* (Dkt. No. 13832) (the "**Memorandum Decision**") and corresponding *Order Granting Motion for Partial Summary Judgment* (Dkt. No. 13833) and *Order Denying Counter-Motion for Summary Judgment* (Dkt. No. 13834).

While these are interlocutory orders and are preserved for appeal, the Court ruled that PG&E does not hold recorded easements over the Komir Property. Accordingly, PG&E submits that the following legal and factual issues remain for the Court to determine in this contested matter:

(1) What is the nature of PG&E's right to occupy the Komir Property with the aerial transmission lines during the relevant period of Komir's claim?
    A. Was PG&E's occupation under a consensual easement?
    B. Was PG&E's occupation under a claim of prescription?
    C. Was PG&E's occupation under some other legal cognizable right?
(2) What is the applicable statute of limitations relating to any claim challenging PG&E's occupation under (1)?
(3) What is the remedy for the claim PG&E lacked any land right over the Komir Property? PG&E submits that the remedy is not removal or relocation of the aerial transmission lines but money damages under a theory of inverse condemnation. *See Kachadoorian v. Calwa County Water Dist.*, 96 Cal. App. 3d 741 (1979).

## II. ANTICIPATED DISCOVERY

To address the factual issues raised in Section I, PG&E will need to conduct written discovery regarding (i) Shahmirza's knowledge of the use of the property and existence of the transmission lines prior to the purchase of the Komir Property from the Hildebrands, (ii) Shahmirza's contentions regarding loss of use and valuation, and (iii) Shahmirza's use of the Komir Property and plans

regarding building and other potential future uses on the Komir Property. PG&E expects that written discovery will include interrogatories, requests for admission, and requests for production and will take 120-150 days. Thereafter, PG&E expects to depose Mr. Shahmirza and other principals of Komir who have knowledge regarding the foregoing. PG&E anticipates that Shahmirza will seek written discovery and depositions from PG&E regarding the viability of removing and relocating the transmission lines over the Komir Property and the necessity of PG&E to maintain the transmission lines and access to the adjacent substation as critical infrastructure necessary to service a public utility.

PG&E expects that it will thereafter require another 60-90 days to prepare expert reports regarding these matters, to exchange and review these reports, and to thereafter schedule expert depositions.

Counsel for PG&E has met and conferred with counsel for Shahmirza and understands that Shahmirza believes the Memorandum Decision addressed issues beyond the narrow question of whether PG&E holds an easement by grant over the Komir Property, and Shahmirza intends to file an additional motion for summary judgment that will finally adjudicate the dispute. It is not clear to PG&E why Shahmirza could not then have prepared his prior summary judgment motion to completely dispose of the matter instead of only seeking adjudication of one discrete issue. PG&E believes that discovery is required to address the remaining factual disputes.

### III. PROPOSED DISCOVERY SCHEDULE

PG&E proposes the following discovery schedule:

1. Written discovery completed by December 4, 2023.
2. Percipient depositions completed by February 1, 2024.
3. Expert reports issued by April 5, 2024.
4. Expert depositions by May 24, 2024.

Based on this schedule, PG&E anticipates trial being set in June or July 2024.

///

///

Dated: July 7, 2023

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
LAW OFFICES OF JENNIFER L. DODGE, INC.

*/s/ Steven A. Lamb*
Steven A. Lamb
*Attorneys for Debtors and
Reorganized Debtors*