ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone: (916) 641-2288
Facsimile: (916) 244-0989

Attorneys for Dreyer Babich Buccola Wood Campora, LLP

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>In re:<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the lead case, No. 19-30088(DM) | Case Nos. 19-30088 (DM)<br><br>Chapter 11<br><br>**MOTION FOR ORDER EXCUSING DREYER BABICH BUCCOLA WOOD CAMPORA, LLP FROM TRANSMITTING DOCUMENTS RELATED TO THE BANKRUPTCY CASES TO: MICHAEL RAMEY; MICHAEL RAMEY AND ASSOCIATES, INC.; AND MICHAEL RAMEY AS TRUSTEE OF THE RAMEY COLBY 2007 TRUST**<br><br>DATE: August 8, 2023<br>TIME: 10:00 a.m.<br>PLACE: **Tele/Videoconference only**<br>450 Golden Gate Avenue,<br>Courtroom 17, 16th Floor<br>San Francisco, California<br><br>JUDGE: Hon. Dennis Montali<br><br>OBJECTION DEADLINE: **July 25, 2023 (4:00 P.M. Prevailing Pacific Time)** |

Dreyer Babich Buccola Wood Campora, LLP (hereinafter referred to as "Dreyer Babich") by and through its attorneys of record, respectfully submits as follows in support of this Motion for Order Excusing Dreyer Babich Buccola Wood Campora, LLP from Transmitting Documents Related to the Bankruptcy Cases to: Michael Ramey; Michael Ramey and Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter referred to as the "Motion").

## EVIDENTIARY SUPPORT

This Motion is supported by the Declaration of Steve Campora, which is filed concurrently herewith.

## FACTUAL BACKGROUND

1. On January 29, 2019, PG&E Corporation and Pacific Gas & Electric Company filed petitions for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court, in and for the Northern District of California (hereinafter referred to as the "Court"), commencing case numbers 2019-30088 (DM) and 2019-30089 (DM) (hereinafter collectively referred to as the "Bankruptcy Cases"). *Declaration of Steve Campora*, ¶4.

2. The Court set a Claims Bar Date for October 21, 2019, which was later extended up to and including December 31, 2019.

3. Dreyer Babich was retained by Michael Ramey; Michael Ramey and Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter collectively referred to as the "Creditors") to represent them in the Bankruptcy Cases. *Declaration of Steve Campora*, ¶2.

4. On October 2, 2019, Dreyer Babich timely filed three (3) separate Proofs of Claim in the Bankruptcy Cases on behalf of the Creditors, which were assigned claim numbers: 27325; 30710; and 30720 (hereinafter collectively referred to as the "Proofs of Claim"), seeking damages on behalf of Creditors from the Camp Fire. *Declaration of Steve Campora*, ¶5.

5. On May 10, 2022, due to irreconcilable differences with the Creditors, which led to a breakdown of the attorney-client relationship, Dreyer Babich, by and through its counsel, filed a Motion for Order Authorizing Withdrawal of Counsel to: Michael Ramey; Michael Ramey and

Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter referred to as the "Motion to Withdraw as Counsel") (Dkt. No. 12349). *Declaration of Steve Campora*, ¶6.

6. On May 10, 2022, along with the Motion to Withdraw as Counsel, Dreyer Babich, by and through its counsel, filed with the Bankruptcy Court and served on the Creditors a Notice and Opportunity for Hearing on Motion for Order Authorizing Withdrawal of Counsel to: Michael Ramey; Michael Ramey and Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter referred to as the "Notice Re Motion to Withdraw as Counsel") (Dkt. No. 12350).

7. Creditors did not file an opposition to the Motion to Withdraw as Counsel. Accordingly, on June 8, 2022, Dreyer Babich filed a Request for Relief Upon Default Re: Motion for Order Authorizing Withdrawal of Counsel to: Michael Ramey; Michael Ramey and Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter referred to as the "Request for Relief") (Dkt. No. 112496), informing the Court that the Motion to Withdraw as Counsel and supporting documents, including but not limited to Notice Re Motion to Withdraw as Counsel, were served on the Creditors and no opposition was filed in connection with the Motion to Withdraw as Counsel. Within the Request for Relief, Dryer Babich requested that the Court grant the relief requested within the Motion to Withdraw as Counsel. *Declaration of Steve Campora*, ¶7.

8. On June 17, 2022, the Court issued an Order Authorizing Withdrawal of Counsel to: Michael Ramey; Michael Ramey and Associates, Inc.; and Michael Ramey as Trustee of the Ramey Colby 2007 Trust (hereinafter referred to as the "Order Authorizing Withdrawal of Counsel") (Dkt. No. 12522). A true and correct copy of the Order Authorizing Withdrawal of Counsel is attached as

**Exhibit 1** to the Declaration of Steve Campora, filed concurrently herewith. *Declaration of Steve Campora*, ¶8.

9. Pursuant to the Order Authorizing Withdrawal of Counsel, the Court also ordered Dreyer Babich to, ". . . continue to forward all notices and papers in connection with Proof of Claim numbers 27325, 30710, and 30720 to the Creditors, until the Creditors appear in the above-captioned bankruptcy cases via counsel or pro se." *Order Authorizing Withdrawal of Counsel (Dkt. No. 12522)*, Pg. 2 (ln. 22-24) (Exhibit 1 to Declaration of Steve Campora, filed concurrently herewith). *Declaration of Steve Campora*, ¶9.

10. It is has been over one (1) year since the Order Authorizing Withdrawal of Counsel was issued by the Court in the Bankruptcy Cases. However, none of the Creditors have appeared through counsel nor have they appeared *pro se* in the Bankruptcy Cases. *Declaration of Steve Campora*, ¶10.

11. Since the entry of the Order Authorizing Withdrawal of Counsel, Dreyer Babich, as ordered by the Court, has been reviewing the docket of the Bankruptcy Cases on a regular basis and has been transmitting to the Creditors, by and through Michael Ramey (hereinafter referred to as "Mr. Ramey"), all documents filed in the Bankruptcy Cases, which could possibly affect the claims of the Creditors. *Declaration of Steve Campora*, ¶11.

12. During this time, the relationship with the Creditors has further deteriorated. After the Motion to Withdraw as Counsel was granted, Mr. Ramey requested that Dreyer Babich stop communicating with him. Steve Campora of Dreyer Babich (hereinafter referred to as "Mr. Campora") advised Mr. Ramey that Dreyer Babich wanted to stop, but pursuant to the Order Authorizing Withdrawal of Counsel, Dreyer Babich is required to forward information to him. Mr.

Campora told Mr. Ramey that Dreyer Babich would stop communicating with him as soon as it received notice that Mr. Ramey, on behalf of the Creditors, had appeared in the Bankruptcy Cases, either individually or through counsel. *Declaration of Steve Campora*, ¶14. To date, although, Mr. Ramey has had more than sufficient opportunity to appear in the Bankruptcy Cases on behalf of the Creditors, he has failed to do so. *Declaration of Steve Campora*, ¶14.

13. Dreyer Babich understands that in connection with their claims under the Bankruptcy Cases, the Creditors are registered with the Fire Victim's Portal and are working with the Fire Victim Trust established for claims arising out of the Camp Fire. *Declaration of Steve Campora*, ¶13.

14. Based on these circumstances, good cause exists for the Court to enter an order excusing Dreyer Babich from transmitting documents filed in the Bankruptcy Cases relating to the Proofs of Claim to the Creditors.

**ARGUMENT**

It has been over one (1) years since the Court issued the Order Authorizing Withdrawal of Counsel. The Creditors have failed to make an appearance in the Bankruptcy Cases as *pro se* and/or via counsel.

Dreyer Babich has punctiliously followed the Court's mandate by reviewing the Bankruptcy Cases' docket on a regular basis and forwarding to Mr. Ramey, on behalf of the Creditors, documents filed in the Bankruptcy Cases, which are related to the Proofs of Claim. *Declaration of Steve M. Campora*, ¶11. In fact, out of an abundance of caution, and in order to ensure that it provides all documents as ordered by the Court, Dreyer Babich has even been over inclusive in its transmittal of documents to the Creditors. *Declaration of Steve M. Campora*, ¶12.

However, over the last year the relationship between the Creditors and Dreyer Babich has further deteriorated and continues to deteriorate. Communications with Mr. Ramey are very difficult. *Declaration of Steve M. Campora*, ¶14. Continued communication with the Creditors, through Mr. Ramey, are unsustainable. Accordingly, it is respectfully requested that the Court enter an Order excusing Dreyer Babich from transmitting any documents related to the Proofs of Claim and/or the Bankruptcy Cases to the Creditors.

## **CONCLUSION**

For the reasons set forth herein, it is respectfully requested that the Court enter an Order:

1. Granting this Motion; and

2. Excusing Dreyer Babich from transmitting documents filed in the Bankruptcy Cases, including but not limited to the documents related to the Proofs of Claim, to the Creditors; and

3. For such further relief as is fair, just, and equitable, whether or not specifically requested herein.

Date: July 11, 2023            **PINO & ASSOCIATES**

By: _____
Estela O. Pino, Counsel for
Dreyer Babich Buccola
Wood Campora, LLP