Matthew H. Welty, Esq. (SBN 248092)
(matt@weltyweaver.com)
Jack W. Weaver, Esq. (SBN 278469)
(jack@weltyweaver.com)
Aaron D. Currie, Esq. (SBN 245348)
(aaron@weltyweaver.com)
WELTY WEAVER & CURRIE, PC
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: 707-433-4842

*Attorneys for Fire Victim Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors<br><br>Affects:<br>____ PG&E Corporation<br>____ Pacific Gas & Electric Company<br>_X_ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088<br><br>**MOTION TO ALLOW / DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY AGUSTIN AGUILERA OROZCO, ARACELI HERNANDEZ, SARAHI AGUILERA, JACQUELINE AGUILERA, BRAULIO AGUILERA, AND SOCORRO OROZCO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AGUSTIN AGUILERA OROZCO IN SUPPORT**<br><br>Hearing:   Only if requested<br>Location:   Via Zoom or Telephone |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The law firm of Welty, Weaver & Currie ("WWC"), together with several other firms, represent hundreds of victims ("Claimants") of the fires started by PG&E in 2017 (the twenty fires generally referred to as the "North Bay Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire").

WWC respectfully files this consolidated motion on behalf of Agustin Aguilera Orozco, Araceli Hernandez, Sarahi Aguilera, Jacqueline Aguilera, Braulio Aguilera, and Socorro Orozco (hereinafter collectively referred to as the "Aguilera Family" or "Claimants") to deem timely their late filed Proof of Claim.

This Motion is brought pursuant to the Court's Order Consolidating Motions to File Late Claims entered on August 24, 2022 as Docket No. 12875 ("Order 1"), Order Re: Supplemental Exhibit to Order Consolidating Motions to File Late Claims entered on September 1, 2022 as Docket No. 12923 ("Order 2"), and Revised Order Consolidating Motions to File Late Claims entered on September 28, 2022 as Docket No. 13010 ("Order 3") (collectively referred to as "Consolidation Orders").

***Pursuant to the Consolidation Orders and in accordance with the procedures set forth therein, the Fire Victim Trust ("FVT") must either (a) file any opposition it has to any specific Claimants set forth herein within fourteen (14) days of the filing of this Motion or (b) submit an order to the Court including any specific Claimants set forth herein as having had their proofs of claim deemed "timely."***

## I. Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the North Bay Fires, the language barrier (the family's primary language is Spanish), and being unaware of their ability to file a proof of claim in the bankruptcy until recently, the Aguilera Family was unable to timely file their Proof of Claim. Because there is no danger of prejudice to the Debtors, as Debtors' estates are solvent, and all creditors stand to be paid, this Motion should be granted to allow these survivors of the 2017 North Bay Fires to have their claims deemed timely. This Court must determine whether to grant the Motion. Attached hereto as Exhibit A is a Declaration signed by Agustin Aguilera Orozco, detailing the circumstances of his family's inability to file their Proof of Claim by the deadline.

## II. Pertinent Bankruptcy Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019, at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not file Proofs of Claim by the General Bar Date. See, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. See, Dk. No. 8053.

On August 24, 2022, the Court entered its Order Consolidating Motions to File Late Claims, outlining the procedure for future motions to deem timely late filed proofs of claim. See, Dk. No. 12875. On September 1, 2022, the Court entered its Order Re: Supplemental Exhibit to Order Consolidating Motions to File Late Claims. See, Dk. No. 12923. On September 28, 2022, the Court entered its Revised Order Consolidating Motions to File Late Claims. See, Dk. No. 13010. It is pursuant to these Orders that WWC files this Motion. The Claimants herein are survivors of the North Bay Fires which occurred in October 2017 and have claims for damages arising from that fire.

### III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id*. at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395; see also *Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the

4
Case: 19-30088    Doc# 13886    Filed: 07/12/23    Entered: 07/12/23 09:38:38    Page 4 of 20

bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that it had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of the Aguilera Family.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Claimants' favor. Debtors' estates are solvent, and creditors stand to be paid. See, e.g., I*n re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately upon receiving all the necessary information, Claimants' proof of claim was filed. Thirdly, the delay in filing Claimants' proof of claim is reasonable considering the fire caused the Aguilera Family to move multiple times in the months after the fire, staying in temporary housing, with lack of access to the internet or other utilities, compounded by a language barrier and being misinformed as to their eligibility to file a proof of claim. Claimants' specific factual circumstances and reasons for delay in filing their proof of claim are detailed in the Declaration of Agustin Aguilera Orozco (Exhibit A).

After WWC was retained in this matter, a proof of claim was filed on behalf of the Aguilera Family. A true and correct copy of Claimants' proof of claim ("Subject Proof of Claim") is attached as Exhibit B. Lastly, any prospect of significant prejudice beyond solvency is unlikely given (a) all distributions have not yet been made; and (b) the value of Claimants' claims relative to the value of Debtors' estates is low. *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Claimants recognize that the Fire Victim Trustee has raised certain objections to other

motions where claimants seeking to have their claim deemed timely. Said objections are raised in equity and range from the length of delay to the impact on other fire victims. Respectfully, the intervening circumstances surrounding Claimants' lack of timely filed claim outweighs the negligible impact on other claimants.

**IV.** **Conclusion**

For the reasons set forth above, Claimants respectfully request that this Court enter an order pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure as follows:

1. Granting the Motion;
2. Finding that the Subject Proof of Claim is to be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Respectfully submitted,

WELTY, WEAVER & CURRIE, P.C.

Dated: May 25, 2023         By:_____
                                                   Jack W. Weaver, Esq.
                                                   Attorneys for Claimants

# EXHIBIT A

Jack W. Weaver (SBN 278469)
**WELTY, WEAVER & CURRIE, PC**
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707)433-4842

Attorneys for Agustin Aguilara Orozco

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SONOMA**

)
) **DECLARATION OF AGUSTIN**
) **AGUILERA OROZCO**
)
)
)
)

I, Agustin Aguilera Orozco, declare as follows:

1. I have personal knowledge of the matters set forth herein. If called as a witness, I could and would competently testify thereto. This Declaration is submitted in support of my claim against Pacific Gas and Electric Company. My primary language is Spanish and I have a very limited ability to speak, understand, or read English. This Declaration has been translated for me.

2. I have been a resident of Sonoma County for over twenty years. In October 2017, my family and I rented a home located at 1560 Riebli Road, Santa Rosa, California. The property was owned by a family who needed help maintaining their 10-acre property.

3. This area of Riebli Road usually has no phone signal until you reach the main road, which is Old Redwood Highway at Mark West Springs Road. The Riebli-Wallace neighborhood has only one way to get to Old Redwood Highway and that is via Mark West Springs Road.

4. My family includes myself, my wife, Araceli Hernandez, and our three children. My oldest daughter Sarahi Aguilera, 18 at the time of the fire, had just graduated from Windsor High School. She was entering her freshman year at Sonoma State University and working part-time at Raley's Supermarket while living at home and commuting to school. My second daughter, Jacqueline

Aguilera, 14, had just begun her sophomore year at Windsor High School and was kept busy during the summer with her Upward Bound college readiness program. Finally, my youngest and only son, Braulio Aguilera, 12 and entering 7th grade, was busy at home with his mother.

5. On October 8, 2017, my older sister, Socorro Orozco, was visiting from Yuba City. Our landlords were away from home celebrating their wedding anniversary. They left behind their two dogs in our care, two big Rhodesian ridgebacks. Our family was busy preparing for my daughter Jackie's quinceanera, a celebration of young girls transitioning from a little girl to a teen in Mexican culture.

6. My oldest daughter had just gotten home from her closing shift at Raley's, and was doing homework late on our kitchen table. Everything was normal, the rest of my family and sister had gone to bed. Around 1:00 or 2:00 in the morning I was woken up by the wind knocking down large branches from the backyard into our home. I went outside to check and that was when I realized that everything was on fire.

7. I told my wife to wake up the kids and put them in the car right away. The power was out. The property entrance had an electric gate controlled by sensors and was not working because there was no electricity. The sounds of the wind howling, the fire crackling and everybody trying to get out onto the main road were placing a lot of pressure on me. My mind was racing, where do I take my family? Clearly when your mind is muddled with all these thoughts you are not thinking straight and forget important things. We had our 2 small dogs, the landlords' two 80+ pound dogs, my family of five, and my sister. We had to save our landlords' dogs so I ran into their home grabbing the keys to their vehicle– the only vehicle big enough to carry both their dogs and part of my family. My wife and I made the decision to split into two cars, one of our vehicles and our landlord's vehicle.

8. My kids were so anxious, my poor sister just confused and lost, we were all terrified. We drove down the driveway using the lights from our phone and the glow from the fire. The driveway was dark and the lights attached to the electric gate were out. Adrenaline had me out of the vehicle in seconds. I literally ripped and broke the gate, board by board, kicking and breaking just to escape. Once the gate was open, we made our way out into the chaotic traffic. Everyone in the area was trying to leave but no one was letting us get out. We had to force ourselves into the traffic and by doing so I lost sight of my wife who was supposed to be right behind me. With no cellphone reception at all, I was left

praying that my wife and kids would make it out safely. I was filled with horror as I saw houses burning while driving out of there.

9. Within a few hours, our home, along with all personal property contained inside, was destroyed, with nothing left but ash and memories.

10. As a father and husband, I had to be strong for my family's well-being but even then I had some rough moments. It was heartbreaking to see how the trauma we experienced as a family affected each of us differently. In the days after the fire, I could see my kids and wife struggle to cope with our new reality. The weeks after that were extremely difficult, especially for my kids. Their grades were dipping, attendance was difficult to maintain, and my eldest had to leave SSU for personal issues. My son, unable to comprehend everything that had happened, was still in shock.

11. I lost all my tools and equipment that I used in my job to earn the income to feed my family. For me everything felt like a challenge since my carpentry work was the only source of income to provide for my family. I didn't know what I was going to do to take care of them. I didn't have any type of home insurance or anything. With everything gone the sense of anxiety of how I would provide for my family made me kind of sick.

12. We moved often during the first few months after the fire, living in unsecured, shared housing. My priority was obtaining basics for my family, such as food and shelter. Transportation was a challenge with only one vehicle for the whole family. We did not have access to the internet, and I did not know about the Fire Victim Trust or its role in providing compensation to those of us who had been affected by the fire.

13. I was misinformed by close acquaintances that I did not qualify for most legal assistance since none of the services were under my name during the fire. As a result, I did not seek additional help and I did not know about he Fire Victims Trust and that it could help uninsured non-owners like myself and my family.

14. I feel blessed that my family and I were not physically hurt, but the 2017 Tubbs fire affected our lives greatly and we will never be the same. We sometimes think about what we should have done in the moment, like perhaps trying to save some of our belongings, if fear hadn't paralyzed

3

DECLARATION OF AGUSTIN AGUILERA OROZCO

us. Even today, we all remember things we lost in the fire like all my kids' baby photos, and other things that will be impossible to replace.

15. The trauma and financial loss from experiencing a natural disaster of that scale up close has affected both my family and myself in ways that we will probably not ever recover from. We experienced PTSD symptoms in following when we had similar fire evacuations. Anytime the wind picks up is just a reminder of that horrific night that will last forever in our minds.

.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May \_\_\_\_, 2023 at _____, California.

_____
AGUSTIN AGUILERA OROZCO

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2023 at Santa Rosa, California.

_AGUSTIN AGUILERA OROZCO_
AGUSTIN AGUILERA OROZCO

WELTY, WEAVER & CURRIE, PC
3554 Round Barn Blvd, Suite 300
Telephone: (707) 433-4842   Facsimile (707) 473-9778

# EXHIBIT B

| In re: | Bankruptcy Case |
|---|---|
| PG&E CORPORATION, <br> - and - <br> PACIFIC GAS AND ELECTRIC COMPANY, <br> Debtors. | No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Agustin Aguilera Orozco
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☐ No
☒ Yes

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

- Agustin Aguilera Orozco
- Sarahi Aguilera
- Braulio Aguilera
- Araceli Hernandez
- Jacqueline Aguilera
- Socorro Orozco

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Agustin Aguilera Orozco
Attorney Name (if applicable): c/o Jack Weaver; Welty, Weaver & Currie, PC
Attorney Bar Number (if applicable): 278469
Street Address: 3554 Round Barn Blvd., Suite 300
City: Santa Rosa
State: CA
Zip Code: 95403
Phone Number: 7074334842
Email Address: jack@weltyweaver.com

Where should payments to the creditor be sent? (if different)
Name: 
Attorney Name (if applicable): 
Attorney Bar Number (if applicable): 
Street Address: 
City: 
State: 
Zip Code: 
Phone Number: 
Email Address: 

**5. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

# Part 2: Give Information About the Claim as of the Date this Claim Form is Filed

| | | |
|---|---|---|
| 7. | What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 1560 Riebli Road, Santa Rosa, CA 95404 |
| 9. | How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☐ Owner ☑ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☑ Other (Please specify): any/all damages recoverable under CA law |
| 10. | What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. | How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

# Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Jack W. Weaver*
Jack W. Weaver (May 25, 2023 11:37 PDT)

Email: jenn@weltyweaver.com

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: Jack W. Weaver
       First name    Middle name    Last name

Title: Attorney for Claimants

Company: Welty Weaver & Currie, PC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 3554 Round Barn Blvd., Suite 300
         Number    Street
         Santa Rosa                CA        95403
         City                      State     ZIP Code

Contact phone: 7074334842      Email: jack@weltyweaver.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
(attach below)

☒ I do not have supporting documentation.

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.
- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

# Electronic Proof of Claim_SMUVZ27402[[CSLT#4025#CF]]

Final Audit Report 2023-05-25

| | |
|---|---|
| Created: | 2023-05-25 |
| By: | Kroll (efiling@ra.kroll.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAWQumVXVpzclw6H6-NIHYHmh1_WI1A2Hm |

## "Electronic Proof of Claim_SMUVZ27402[[CSLT#4025#CF]]" History

- Web Form created by Kroll (efiling@ra.kroll.com)
  2023-05-25 - 5:04:46 PM GMT

- Web Form filled in by Jack W. Weaver (jenn@weltyweaver.com)
  2023-05-25 - 6:37:03 PM GMT- IP address: 96.64.247.46

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/113.0.0.0 Safari/537.36)
  2023-05-25 - 6:37:05 PM GMT- IP address: 96.64.247.46

- Agreement completed.
  2023-05-25 - 6:37:05 PM GMT

KROLL | Powered by Adobe Acrobat Sign