1  Irwin B. Schwartz (Cal. Bar No. 141140)
   ischwartz@blaschwartz.com
2  BLA Schwartz, P.C.
   515 S. Flower Street 18th Floor
3  Los Angeles, California 90071
   Phone:  213-785-3683
4  Fax:    213-785-3684

*Counsel for California State Teachers Retirement System;
New York State Common Retirement Fund;
Teachers Retirement System of Texas;
Pension Reserves Investment Management Board of Massachusetts;
38 Securities Claimants owned or managed by entities
associated with The Hartford*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>           Debtors.<br><br>• Affects PG&E Corporation<br>• Affects Pacific Gas and Electric Company<br>• Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**JOINDER IN THE SECURITIES PLAINTIFFS' MOTION FOR APPLICATION OF BANKRUPTCY RULE 7023**<br><br>**Hearing Information:**<br>Date:   August 8, 2023<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  (Phone/Videoconference Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

**INTRODUCTION**

The California State Teachers Retirement System ("CalSTRS"), the New York State Comptroller, as Administrative Head of the New York State Local Retirement System and Trustee of the New York State Common Retirement Fund ("NYSCRF"), the Teacher Retirement System of Texas ("Texas TRS"); the Pension Reserves Investment Management Board of Massachusetts ("Mass PRIM") and the Hartford Accounts[1] (together, the "BLA Schwartz Clients") hereby respectfully join in support of the Securities Plaintiffs' Motion and Memorandum of Points and Authorities In Support Of Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants (the "Rule 7023 Motion") [Dkt. No. 13865].

While the Securities Procedures [Dkt. No. 10015-01][2] were well intentioned to efficiently resolve thousands of expected Securities Claims, in practice they have been inefficient and unfair, used by Debtors to divide and conquer Securities Claimants through omnibus objections and low-ball settlement offers. For those Securities Claimants that remain, including the BLA Schwartz Clients, Debtors evidently intend to impose additional pleading burdens and motion practice that will ramp up costs to the Securities Claimants holding claims of undetermined value with no end in sight. Indeed, under the Court's most recent order that requires objections by August 30, 2023 [Dkt. No. 13849], Debtors evidently intend to file sufficiency objections to each of the remaining proofs of claims, which could be as many as 4000, leading to an undetermined number of briefing schedules for those that are able to defend their proofs of claim, but imposing more costs under

---

[1] The Hartford Accounts are 38 Securities Claimants owned or managed by entities associated with The Hartford, a Connecticut-based financial services company. A list of the applicable claim numbers for each of the Hartford Accounts, CalSTRS, NYSCRF, Texas TRS and Mass PRIM is attached hereto as Appendix A.

[2] We adopt the defined terms in the Securities Procedures and the Rule 7023 Motion.

1

what was supposed to be a streamlined, inexpensive process. For those that do not have resources to protect their claims or are simply unaware of the process, the Debtors will likely seek blanket dismissals akin to the Twenty-Second Securities Claims Omnibus Objection [Dkt. No. 13781].

That could not have been the Court's intent in adopting the Securities Procedures. Indeed, as the Court noted at the end of the June 7, 2023, hearing, it is not the Court's intent to impose more burdens on the Securities Claimants, especially for doing only what was required of them in filing the proof of claim forms and twice submitting trading data. The Rule 7023 Motion, although not perfect, offers a better way. As discussed more fully below, the BLA Schwartz Clients respectfully urge the Court to recognize that a collective adjudication process under Fed. R. Bankr. P. 7023 is a superior process to resolve the myriad legal and factual issues that arise from Debtors' expected *en masse* objections to potentially contested matters as to the outstanding proofs of claim. The BLA Schwartz Clients respectfully request that the Court grant the Rule 7023 Motion, permit the Securities Plaintiffs to file a unified complaint on behalf of all class members that filed proofs of claim, require Debtors to make their objections thirty days thereafter, and then resolve the sufficiency, discovery and merits issues on a collective basis without burdening the Court, each and every Securities Claimant and the Debtors with hundreds, if not thousands, of contested matters. *See In re Mortgage & Realty Trust,* 125 B.R. 575, 581 (C. D. Cal. 1991) (Rule 7023 motion allowed).

**ARGUMENT**

I. COLLECTIVE RESOLUTION IS THE BEST WAY TO ADJUDICATE DEBTORS' OBJECTIONS

The Securities Procedures have taken too long, have led to unintended consequences, and accomplished too little. Accordingly, the Court set an objection deadline for August 30, 2023, notwithstanding the Debtors' failure. Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and Granting Related Relief [Dkt. No 13849]. Left undecided was

2

how to efficiently resolve the expected sufficiency objections to approximately 4000 pending Securities Claimants' proofs of claim. While a small group of Securities Claimants' counsel, the undersigned included, negotiated with Debtors' counsel over protocols for resolution of the expected objections to their clients' proofs of claim, the Rule 7023 Motion filed during the pendency of those negotiations provides the Court with a better, comprehensive solution, that will protect the due process rights of all Securities Claimants, including the BLA Schwartz Clients.[3] Nothing in the Rule 7023 Motion displaces the Securities Procedures' settlement and ADR processes, but it offers an efficient alternative to the Debtors' expressed intent to "move to dismiss" all the outstanding proofs of claim, the inevitable procedural and merits challenges involved in those objections, coordinating whatever discovery follows thereafter, and the corresponding merits resolutions, which could number in the hundreds if not thousands.

II.  RULE 7023 IS INTENDED TO BE USED IN THIS KIND OF CASE

Fed. R. Bankr. P. 7023 incorporates, without change, Rule 23 of the Federal Rules of Civil Procedure, making it applicable in adversary proceedings. Fed. R. Bankr. P. 9014 gives the court discretion to apply Rule 7023 to a contested matter. *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988) (class proofs of claim for contested matters permissible within bankruptcy court's discretion). The application of a bankruptcy court's discretion removes the possibility of abuse and allows the bankruptcy court to review each case on its particular facts. *Matter of Ret. Builders, Inc.*, 96 B.R. 390, 391-92 (Bankr. S.D. Fla. 1988).

Under the traditional Rule 23 factors, the Rule 7023 Motion should be allowed. As of the Court's August 30, 2023, deadline Debtors must assert sufficiency objections as to all the

---

[3] Following the June 7, 2023 hearing, Debtors' counsel and counsel for the "Objectors" that opposed the Motion for Entry of Order Further Extending the Reorganized Debtors to Object to Claims and for Related Relief [Doc. No. 13745] engaged in discussions as to a proposed protocol for handling the Objectors' proofs of claims, but none of the others.

3

unresolved proofs of claim, subjecting each of the Securities Claimants to having to defend its proof of claim and forcing the Court to resolve up to 4000 objections, with associated discovery and potentially separate trials; there can be no dispute that the requisite numerosity exists here. Likewise, there can be no dispute that there are common issues of fact and law with respect to each of the Securities Claimants, the resolution of which on a collective basis will be more efficient for the Court, Debtors and the Securities Claimants. The Rule 7023 Motion sets forth a compelling list of common issues of law and fact, particularly with respect to the expected class-wide sufficiency objections. [Dkt. No. 13865 at 12 & n.7]. As discussed below, the Securities Plaintiffs and their counsel will adequately and fairly represent the proposed bankruptcy classes.

In addition to these factors, a bankruptcy court determining whether to exercise discretion to appoint a class representative for contested matters may consider:

- (1) whether the class was certified pre-petition;
- (2) whether the members of the putative class received notice of the bar date; and
- (3) whether class certification will adversely affect the administration of the estate.

*In re Chaparral Energy, Inc.*, 571 B.R. 642, 646 (Bankr. D. Del. 2017). All these factors also weigh in favor of the Rule 7023 Motion. Indeed, prior to the Debtors' bankruptcy petition, the Securities Action had already been filed as a putative class action for the benefit of investors in PG&E, the Securities Plaintiffs had been appointed as putative class representatives, and their counsel appointed putative class counsel. [Dkt. No. 13865 at 6:22-7:7]. The BLA Schwartz Clients know of no dispute that the Securities Plaintiffs filed their proofs of claim ahead of the bar date or that they will be inadequate representatives of the proposed classes, subject to the discussion in Section III below. There is no plausible argument that the Rule 7023 Motion will adversely affect the administration of the Debtors' estate.

Most importantly, however, is the undisputed fact that the Securities Procedures did not

work as the Court intended. In *In re Think Fin, LLC*, 2018 WL 9801454 (Bankr. N.D. Tex. 2018), the court considered a motion under Fed. R. Bankr. P. 7023 to certify a class of alleged victims of an illegal payday lending scheme. Noting that there was insufficient time for the class to be certified pre-petition, as here, the court then examined the second factor of adequate notice. *Id.* at *4. The *Think Finance* court noted that there was extensive and effective distribution of the court-approved notice to potential creditors, similar to what the Court approved here. However, in retrospect, the *Think Finance* court observed that "while the Notice Procedures may have been constitutionally sufficient, they were not successful in facilitating creditor participation. *Id.* at *2, *5 (5000 proofs of claim were filed out of 1.13 million borrowers). Ultimately, the *Think Finance* court noted that, even under the court-approved notice procedures, there was substantial risk of prejudice to the putative class members that filed proof of claim forms:

> even the consumer borrowers who filed proofs of claim are not guaranteed recoveries because they may not have properly articulated the basis for their claims or may not be equipped or incentivized to defend their proofs of claim. Filing a claim may have been relatively easy for consumer borrowers who were familiar with their causes of action, but defending against an objection could be significantly more difficult and costly.

*Id.* at *5. After finding no significant adverse impact on the administration of the estate, the *Think Finance* court ordered that Fed. R. Bankr. P. 7023 would apply to the proofs of claim submitted by the putative class representatives. *Id.* at *6-*7. *See also In re Kaiser Grp. Int'l, Inc.*, 278 B.R. 58, 67 (Bankr. D. Del. 2002) (no better way to resolve claims of 47 shareholders).

For the same reasons, this Court should adopt Fed. R. Bankr. P. 7023 class resolution here. While the Debtors' notice was extensive and thousands of Securities Claimants submitted proofs of claim and associated trading data, the implementation of the Securities Procedures has led to unintended and burdensome consequences. Here, (i) the proof of claims forms provided no guidance in how to calculate claim value, (ii) the data submission process was difficult and cumbersome leading to mistaken duplicate and omitted claims, (iii) and the claims settlement

process has been slow or non-existent, and (iv) evidently numerous Securities Claimants have not responded to the Debtors' settlement offers as set forth in the Debtors' Twenty-Second Securities Claims Omnibus Objection. [Dkt. No. 13871 at 3:13-4:11]. This could not have been what the Court intended in approving the Securities Procedures.

The BLA Schwartz Clients respectfully contend that the benefits to the Court and the Securities Claimants of collective resolution of the common issues of law and fact arising from the Securities Claimants' proofs of claim under Fed. R. Bankr. P. 7023 greatly outweigh any perceived burdens associated with Debtors failing to complete the Securities Procedures after almost three years, especially given the Court has required objections by August 30, 2023. [Dkt. No. 13849]. Moreover, nothing in the Rule 7023 Motion precludes the Debtors from continuing to make settlement offers and engaging in ADR procedures with individual Securities Claimants.

### III. THE COURT CAN MITIGATE ANY THEORETICAL CONFLICT OF INTEREST

The BLA Schwartz clients agree with the Rule 7023 Motion that the Securities Plaintiffs will adequately represent the class of Securities Claimants and that their counsel are well suited to defend the legal sufficiency of the proof of claim form, engage in discovery, and prosecute the Securities Claims on behalf of the Securities Claimants as a class. Indeed, the Securities Plaintiffs' counsel authored the Third Amended Complaint in the Securities Action, which Debtors held up as the intended basis for their attack on the sufficiency of the proofs of claim. The Securities Plaintiffs and their counsel are perhaps uniquely suited to run the collective resolution of the common issues of fact and law arising from such a sufficiency objection.

The BLA Schwartz Clients acknowledge that the proposed bankruptcy class is a subset of the putative class in the Securities Action as to which the Securities Plaintiffs already owe fiduciary duties. If Debtors later propose a global settlement, a theoretical conflict may arise as to the appropriate allocation between the class of Securities Claimants here and the putative class in

6

the Securities Action. Nevertheless, these potential theoretical conflicts are not disabling because the Court can implement procedures under Fed. R. Civ. P. 23 to protect the rights of all parties. To that end, the Court should require the Securities Plaintiffs and Debtors to provide notice to the Court and Securities Claimants of any global settlement negotiations, including mediation, involving the claims in the Securities Action. At that juncture, this Court has discretion to appoint a representative of the Securities Claimants sub-classes to protect their interests as to issues as to which a conflict arises. Fed. R. Civ. P. 23(c)(5). In addition, as provided in Fed. R. Civ. P. 23(e)(4), the Court may allow bankruptcy class members the right to exclude themselves from the settlement.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Securities Plaintiffs' Motion and Memorandum of Points and Authorities in Support of Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants, the BLA Schwartz Clients join in support of the Rule 7023 Motion.

**RESERVATION OF RIGHTS**

The BLA Schwartz Clients reserve all their respective rights, claims, defenses and remedies, including without limitation, the right to amend, modify, or supplement this Joinder in accordance with the applicable rules.

Dated: July 18, 2023

> Respectfully Submitted,
>
> BLA Schwartz, P.C.
>
> /s/ Irwin B. Schwartz
> Irwin B. Schwartz (Cal. Bar No. 141140)
> ischwartz@blaschwartz.com
> BLA Schwartz, P.C.
> 515 S. Flower Street, 18th Floor
> Los Angeles, California 90071
> Phone:  213-785-3683
> Fax:     213-785-3684
>
> *Counsel for CalSTRS, NYSCRF, Texas TRS, Mass. PRIM, and the Hartford Accounts*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the |
| 3 | United States Bankruptcy Court for the Northern District of California by using CM/ECF system |
| 4 | on July 18, 2023. I further certify that all participants in the case are registered CM/ECF users and |
| 5 | that service will be accomplished by the CM/ECF system. |
| 6 | I certify under penalty of perjury that the foregoing is true and correct. Executed on July 18, |
| 7 | 2023. |
| 8 | /s/ Irwin B. Schwartz<br>Irwin B. Schwartz |

# Appendix A

| Hartford, HIMCO, & Hartford-associated entity claims by Case. | |
|---|---|
| 30088 (PG&E) | 30089 (Pacific Gas and Electric) |
| 100853 | 108501 |
| 108500 | 101963 |
| 101156 | 100313 |
| 108142 | 108396 |
| 108394 | 108404 |
| 108405 | 101182 |
| 100755 | 101917 |
| 102076 | 101981 |
| 100767 | 100877 |
| 108147 | 108143 |
| 100957 | 100939 |
| 100864 | 100916 |
| 108146 | 108144 |
| 108149 | 108145 |
| 108152 | 108148 |
| 108151 | 108150 |
| 108154 | 108160 |
| 108157 | 108153 |
| 108156 | 108158 |
| 108155 | 108162 |
| 108159 | 108163 |
| 101294 | 101264 |
| 101960 | 101161 |
| 102081 | 101383 |

| Hartford, HIMCO, & Hartford-associated entity claims by Case. | |
|---|---|
| 30088 (PG&E) | 30089 (Pacific Gas and Electric) |
| 102076 | 101189 |
| 101281 | 101204 |
| 102029 | 101225 |
| 101192 | 101165 |
| 100960 | 101781 |
|  | 101161 |
|  | 101964 |
|  | 101227 |
|  | 102109 |
|  | 101993 |
|  | 101264 |
|  | 101168 |
|  | 102015 |
|  | 108161 |

For NYSCRF, CalSTRS, PRIM and Texas TRS (and excluding withdrawn claims)

| Client | 30088 (PG&E) | 30089 (Pacific Gas and Electric) |
|---|---|---|
| New York State Common Retirement Fund | 99987 | |
| California State Teachers Retirement System | 101135 | 101178 |
| Pension Reserves Investment Board of Massachusetts | 101139 | 101131 |
| Teachers Retirement System of Texas | 100890 | |