**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Gabrielle L. Albert (#190895)
(galbert@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT REGARDING REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND FOR RELATED RELIEF**<br><br>[Related to Docket No. 13745]<br><br>Date: July 19, 2023<br>Time: 11:00 a.m. (Pacific Time)<br>Place: **(Videoconference Only)**<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

## PRELIMINARY STATEMENT

In advance of the omnibus hearing scheduled for July 19, 2023, at 11:00 a.m. PT, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),[1] respectfully submit this status conference statement to describe proposed procedures for Securities Claims in these Chapter 11 Cases (the "**Amendment and Objection Procedures**" or "**Proposal**"), attached hereto as **Exhibit A**, that have been jointly agreed to by the Reorganized Debtors, the RKS Claimants, the Oregon Claimants and Chevron.

The Reorganized Debtors and the Objectors[2] have engaged in a robust and productive meet and confer process that allowed the parties to reach a compromise that can be presented to the Court. The parties exchanged multiple proposals and engaged in a number of meet and confer sessions.

The Reorganized Debtors, the RKS Claimants, the Oregon Claimants and Chevron respectfully jointly ask the Court to approve and implement the proposed Amendment and Objection Procedures, which will provide for an orderly and efficient process to allow securities claimants to amend proofs of claim, allow the settlement procedures of the Securities Procedures to continue, and then, as is customary in securities litigation, allow the Court to determine whether the unresolved Securities Claims are sufficient to state legally cognizable claims against the Debtors under the federal securities laws before requiring the Reorganized Debtors and the Objectors to engage in discovery. The proposed Amendment and Objection Procedures can be broken up into two parts:

- <u>Confirmation of the Reorganized Debtors' commitment to promptly either make settlement offers or file an omnibus objection to any unresolved securities claim that</u>

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reorganized Debtors' *Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Dkt. No. 13745].

[2] The Objectors include: (i) the RKS Claimants [Dkt. No. 13785]; (ii) the BLA Schwartz Clients [Dkt. No. 13787]; (iii) Chevron [Dkt. No. 13788]; and (iv) the State of Oregon [Dkt. No. 13794]. Baupost, Vanguard and PERA, although not Objectors to the extension of the objection deadline, also participated in the meet and confer process. The BLA Schwartz clients have chosen not to join in the submission of these Amendment and Objection Procedures.

has not yet received a settlement offer pursuant to the Securities Procedures (Paragraph 1 of the Proposal). Although the Reorganized Debtors viewed this section as unnecessary given prior statements to the Court, the Reorganized Debtors have no problem reconfirming their intention to essentially finish making offers promptly and no later than August 15, 2023.

- Amendment and Objection Procedures (Paragraphs 4-10 of the Proposal). The Reorganized Debtors view this section of the Proposal as the heart of the matters upon which the Court requested the parties meet and confer. The parties have agreed to a schedule for amendments and objections that continues to allow for the Securities Procedures to be effectively used by the Reorganized Debtors and claimants to resolve claims.

The Amendment and Objection Procedures work as follows:

First, all Securities Claimants will have an opportunity to amend their claims by **October 13, 2023**. This can be an additional submission, or a claimant can adopt the PERA complaint[3], or adopt another claimant's submission.

Second, the time for the Reorganized Debtors to object to a securities proof of claim is as follows:

    a. For the Objectors: 60 days after an amendment is filed, the Reorganized Debtors will object to the proof of claim by filing the bankruptcy equivalent of a motion to dismiss (a "**Sufficiency Objection**"). This will allow the Court to have a Sufficiency Hearing on that proof of claim. This 60-day period to object to the Objectors' claims will not be tolled by the tolling provisions set forth in Section F of the Offer Procedures and Section C of the Mediation Procedures under the Securities Procedures. If an Objector does not file an amended pleading or

---

[3] Permitting Claimants to make this election was the source of significant discussion at our last hearing, much of it missing the point. Rather than requiring Claimants to research and write their own complaint or the Reorganized Debtors to take the step of moving to dismiss claims for lack of content, this election permits Claimants to say they are relying on the statements alleged to be false in another pleading or submission. Providing the election is a benefit to Claimants.

adopt another pleading by October 13, 2023, the time for the Reorganized Debtors to object to that proof of claim by filing a Sufficiency Objection will be **December 13, 2023**.

b. <u>For Securities Claimants other than the Objectors</u>: the same objection deadlines as for the Objectors apply, except that the deadlines may be tolled by Section F of the Offer Procedures and Section C of the Mediation Procedures under the Securities Procedures. Thus, if a claimant who is not an Objector amends its claim, then the Reorganized Debtors will have 60 days to file a Sufficiency Objection to that amended claim, but this 60-day period would be tolled if the claimant is either in the offer or mediation process of the Securities Procedures. Similarly, if a claimant does not file an amended pleading or adopt another pleading by October 13, 2023, the last day for the Reorganized Debtors to object to that proof of claim and file a Sufficiency Objection will be December 13, 2023; but again, this deadline would be tolled if the claimant is either in the offer or mediation process of the Securities Procedures with the Reorganized Debtors.

As a practical matter, the above procedures set an objection deadline for securities claims of December 13, 2023, subject to the tolling provisions set forth in Section F of the Offer Procedures and Section C of the Mediation Procedures under the Securities Procedures for all claimants other than the Objectors.

Third, the Court will hold a status conference at the Court's earliest available date after December 14, 2023, to set a coordinated schedule for the response by claimants to any Sufficiency Objection filed by the Reorganized Debtors on or before December 13, 2023, as well as replies and a date for a Sufficiency Hearing with respect to those claims.

Fourth, after briefing on the Sufficiency Objections, the Court will hold a Sufficiency Hearing to determine whether the Securities Claims at issue are sufficient to state legally cognizable Securities Claims against the Reorganized Debtors.

Fifth, if the Court finds that any Securities Claims survive a Sufficiency Objection, the Court will hold a case management conference to set a discovery schedule.

Sixth, for any Securities Claims that survive a Sufficiency Objection, the Reorganized Debtors will serve a supplemental objection that is the bankruptcy equivalent of an answer, and Federal Rule 26(a)(1) initial disclosures, within 30 days after the Court's decision on the Sufficiency Objection.

These Amendment and Objection Procedures will facilitate the just and expeditious resolution of Securities Claims.

## DISCUSSION

This Court may implement the Amendment and Objection Procedures pursuant to section 105(a) of the Bankruptcy Code, which grants this Court expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. 11 U.S.C. § 105(a) (providing, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.") (citation omitted); *see also In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) ("Section 105(a) empowers bankruptcy courts and district courts sitting in bankruptcy to fashion orders in furtherance of Bankruptcy Code provisions."); *In re Kapinos*, 243 B.R. 271, 276 (W.D. Va. 2000) ("Section 105(a) essentially allows a bankruptcy court to tailor an equitable solution around the facts of a particular case."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization proceedings"). This Court has previously approved claims procedures in these Chapter 11 Cases, including procedures specifically tailored to Securities Claims, pursuant to Section 105(a) of the Bankruptcy Code. *See Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* (Dkt. No. 10015); *see also Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* (Dkt. No. 8228).

Accordingly, the Reorganized Debtors respectfully request the Court adopt the Amendment and Objection Procedures jointly proposed by the Reorganized Debtors, the RKS Claimants, the Oregon Claimants and Chevron.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 18, 2023 | **WEIL, GOTSHAL & MANGES LLP** |
| 3 | | **KELLER BENVENUTTI KIM LLP** |
| 4 | | */s/ Richard W. Slack* |
| 5 | | Richard W. Slack |
| | | *Attorneys for the Debtors and Reorganized Debtors* |