MORGAN, LEWIS & BOCKIUS LLP
Melissa Y. Boey (SBN 292276)
Jennifer Feldsher (*pro hac vice*)
Susan F. DiCicco (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:  +1.650.843.4001
melissa.boey@morganlewis.com

*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| *In re* <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **NOTICE OF JOINDER OF THE OREGON CLAIMANTS IN THE SECURITIES PLAINTIFFS' MOTION FOR THE APPLICATION OF BANKRUPTCY RULE 7023 AND THE CERTIFICATION OF A CLASS OF SECURITIES CLAIMANTS** <br><br> Date:  August 8, 2023 <br> Time: 10:00 a.m. (Pacific Time) <br> Before:   Video Conference <br><br> **Objection Deadline:** July 25, 2023, 4:00 p.m. (Pacific Time) |

The State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund (the "**Oregon Claimants**"), prepetition holders of the Reorganized Debtors' publicly traded debt and equity securities, through the undersigned counsel, submits this Notice of Joinder (the "**Joinder**") to *Securities Plaintiffs' Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants* (the "**Rule 7023 Motion**") [ECF No. 13865].[1]

## BACKGROUND

1. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company ("**Utility**", and together with HoldCo, the "**Reorganized Debtors**") commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

2. On April 16, 2020, the Oregon Claimants timely filed six Recission or Damages Proof of Claim Forms on account of certain of its represented funds' prepetition holdings of the Reorganized Debtors' debt and equity securities – Claim Nos. 101073, 100806, 100930, 100931, 102005, and 101850 (collectively, the "**Oregon Securities Claims**").

3. On September 1, 2020, the Reorganized Debtors filed a *Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims*, seeking to establish additional procedures for resolving Securities Claims (the "**ADR Procedures**") which the Debtors specifically "designed to facilitate prompt settlements with individual claimants." *See* ECF No. 8964 at 3-4. The ADR Procedures provided for the Debtors to submit individual settlement offers to claimants and/or proceed by mandatory non-binding mediation. *Id.* at 2. The Court approved the ADR Procedures by order dated January 25, 2021. ECF No. 10015.

4. On December 15, 2022, nearly two years after the ADR Procedures were approved by the Court with the intention of expediting resolution of the securities claims, and only after this Court entered an order requiring the Reorganized Debtors to make an offer to the Oregon Claimants

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Rule 7023 Motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

(*see* ECF No. 13363), did the Reorganized Debtors make their first offer to the Oregon Claimants under the ADR Procedures on February 28, 2023. The offer and counter-offer process was unsuccessful, and the Oregon Securities Claims remain unresolved. Unfortunately, the Oregon Claimants also have no better understanding today of the Reorganized Debtors' purported defenses or how they value the Oregon Securities Claims than it did a year ago.

5. On July 7, 2023, claimant Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**" or "**PERA**"), the court-appointed lead plaintiff in the securities class action pending in the U.S. District Court for the Northern District of California (*In re PG&E Corporation Securities Litigation*, Case No. 18-03509, the "**Securities Action**"), filed the Rule 7023 Motion, seeking the Court's application of Rule 7023 and the certification of a class of Securities Claimants with pending unresolved securities claims.

## **JOINDER**

6. The Oregon Claimants join in the Rule 7023 Motion, and hereby adopt and incorporate by reference the arguments therein. For the reasons explained in the Rule 7023 Motion, the Oregon Claimants submit that class certification would ameliorate the obvious inefficiencies that will arise if all Securities Claimants with pending Securities Claims must pursue the merits of their claims individually.

7. Securities claims are prohibitively expensive to litigate. Experienced securities class action attorneys are best able to pursue the claims efficiently on behalf of all unresolved securities claimants (other than those that may decide to opt out). The class mechanism for any pending unresolved securities claims promotes judicial economy, and it also fosters equal treatment of similarly-situated securities claims, consistent with the confirmed Plan.

8. The Oregon Claimants believe that the Securities Plaintiffs, along with their counsel, have demonstrated their willingness and ability to serve as class representatives and class counsel. At this stage, it would be inefficient, expensive and a waste of Court and party resources to require multiple claimants and counsel to simultaneously litigate the same factual, legal and expert issues. Rather, the firms that have already researched and prepared a comprehensive complaint identifying

the Debtors' numerous misrepresentations and omissions and the other necessary elements of federal securities law claims should proceed with those claims on behalf of all unresolved claimants. Accordingly, the Rule 7023 Motion should be granted.

## AT THIS STAGE, THE CLASS ACTION MECHANISM IS THE FAR SUPERIOR PROCESS FOR THE REMAINING UNRESOLVED CLAIMS

9. After the June 7, 2023 hearing before this Court, counsel for the "Objectors" (including the Oregon Claimants) considered and proposed various procedures designed, among other things, to litigate the Objectors' proofs of claim. The Objectors met and conferred in good faith with the Reorganized Debtors. Although the agreed-upon proposed procedures are a modest improvement over the original Litigation Procedures the Reorganized Debtors included in their prior motion [ECF No. 13745], the proposed procedures are, at best, a partial and poor substitute for the certified class mechanism available to the Court and the parties pursuant to the Rule 7023 Motion.

10. First, the proposed procedures – which contemplate that unresolved securities litigation will be litigated individually – impose significant costs on the Oregon Claimants and other securities claimants because they each need to have their own counsel. The Reorganized Debtors have indicated they intend to make sufficiency objections akin to a motion to dismiss as to <u>every</u> claim of <u>every</u> unresolved securities claimant. Even where securities claimants' counsel attempt to coordinate on the opposition briefing, there will undoubtedly be numerous opposition briefs filed by perhaps dozens of law firms. Similarly, in discovery there will be substantial costs for multiple law firms to pursue discovery against the Reorganized Debtors and the Debtors' current and former directors and officers and other fact witnesses. A certified class on behalf of unresolved securities claimants eliminates these costs and inefficiencies (including duplication of effort and costs), and only claimants who expressly opt out of the class would need to adjudicate their claims individually.

11. Second, under the proposed procedures, in the event the Court granted (even in part) the Reorganized Debtors' motion to dismiss any securities claimants' claims, every affected securities claimant would need to appeal the decision to preserve its rights. As such, the parties

would potentially have multiple, unwieldy appeals to the District Court. A certified class on behalf of unresolved securities claimants eliminates the risk of multiple overlapping or conflicting appeals.

12. Third, the proposed procedures address <u>only</u> the Objectors' claims and leave unaddressed any efficient or timely way for the Court to adjudicate all other securities claims that remain unresolved after mediation. Other unresolved claims may impact the Objectors' claims in several ways. If the Objectors' claims proceed before other unresolved claims, then the other claimants may "free-ride" on the efforts of the Objectors. Conversely, if certain of the other unresolved claims proceed before the Objectors' claims, then the Objectors may be negatively impacted if Debtors seek rulings on common issues of fact or law without the benefit of briefing by the Objectors or other parties with sizable claims. A certified class on behalf of unresolved securities claimants puts all securities claimants on equal footing and treats them similarly.

13. The Oregon Claimants have waited years under the existing ADR Procedures and incurred significant legal expenses before the Reorganized Debtors have even submitted their objections to the Objectors' claims. The Oregon Claimants respectfully submit that class treatment of pending, unresolved Securities Claims is the far superior way to resolve fairly and efficiently the myriad common issues of fact and law necessary to adjudicate the underlying Securities Claims.

## **CONCLUSION**

14. For all of the foregoing reasons and the reasons set forth in the Rule 7023 Motion, the Oregon Claimants respectfully join the Rule 7023 Motion and request such other and further relief as is just and proper. The Oregon Claimants reserve all of their rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Joinder under applicable law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

5

Case: 19-30088    Doc# 13908    Filed: 07/19/23    Entered: 07/19/23 07:19:02    Page 5 of 7

Dated: July 19, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Melissa Y. Boey*
　　Melissa Y. Boey (SBN 292276)
　　*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund*

# CERTIFICATE OF SERVICE

I, Melissa Y. Boey, declare as follows:

I am a resident of the United States, over the age of eighteen (18) years, and not a party to the above-captioned action. My business address is at 1400 Page Mill Road, Palo Alto, CA 94304.

On **July 19, 2023**, I caused the above document, described as:

**NOTICE OF JOINDER OF THE OREGON CLAIMANTS IN THE SECURITIES PLAINTIFFS' MOTION FOR THE APPLICATION OF BANKRUPTCY RULE 7023 AND THE CERTIFICATION OF A CLASS OF SECURITIES CLAIMANTS,** to be served on the interested parties in this action as follows:

[ ] BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth above.

[X] BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("**NEF**") for all parties and counsel who are registered ECF Users.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on July 19, 2023 in Palo Alto, CA.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Melissa Y. Boey*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Melissa Y. Boey