# EXHIBIT B

**(Redline Comparison)**

**DRAFT Procedures relating to Securities Claims to be submitted as a proposed Order**

1. Objectors and Baupost support Reorganized Debtors' efforts to continue to resolve as many securities claims as possible (as expeditiously as possible) through the ADR Procedures. These efforts are essential to identifying how many unresolved securities claims there are to be addressed by the Bankruptcy Court. To that end:
   a. Reorganized Debtors advised the Court that as to securities claims that have not received offers, Reorganized Debtors will either file an omnibus objection as to such securities claims or make offers with respect to such securities claims by **August 15, 2023**.
2. For the avoidance of doubt, Section F of the Offer Procedures and section C of the Mediation Procedures under the Securities Procedures shall continue to be applicable to all claimants other than the Objectors and Baupost.
3. By **August 1, 2023**, any unresolved securities claims of the Objectors (not including the RKS Claimants) or Baupost that have not already been submitted to mediation shall be scheduled for mediations to begin on or before **September 29, 2023**.
4. Any securities claimant may amend its previously filed Proof of Claim by filing an amended Proof of Claim on or before **October 6, 2023** without leave of Court; provided, however, that any securities claimant may file an amended Proof of Claim adopting, in whole or in part, the allegations set forth in any other securities claimants' amended Proof of Claim and/or the allegations set forth in the Third Amended Consolidated Class Action Complaint for the Violation of the Federal Securities Laws (ECF No. 121) filed in *In re PG&E Corp. Secs. Litig.*, No. 3:18-cv-03509 (N.D. Cal.) (the "PERA Complaint"), on or before **October 13, 2023** without leave of Court. The Reorganized Debtors and Debtors reserve their rights to object to any such amendment, including on the basis of timeliness. Nothing herein shall preclude the right of any securities claimant to seek leave of the Court to file a subsequent amendment to its Proof of Claim.
5. The objection deadline for the Reorganized Debtors to object to any Proof of Claim that was not amended by the **October 13, 2023** deadline for securities claimants to amend their claims shall be **December 13, 2023, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors and Baupost**.
6. The deadline for the Reorganized Debtors to object to any amended Proof of Claim shall be within **60 days** of the filing date of the amended Proof of Claim**, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors and Baupost**.
7. Any securities claimant may stipulate with the Reorganized Debtors or seek leave of the Court to amend the above deadlines as to its claims, including (a) a later objection deadline (whether for purposes of allowing negotiations, mediation or otherwise); or (b) a later date to file an amended proof of claim pursuant to the schedule set forth in paragraph 4 above.
8. A securities claimant's (or its counsel's) adoption or incorporation of allegations as described above shall not constitute conduct that violates Rule 11 of the Federal Rules of Civil Procedure or Rule 9011 of the Federal Rules of Bankruptcy Procedure.

9. The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim. In addition, the objections filed by the Reorganized Debtors shall be consistent with any applicable rules with respect to setting forth legal objections and defenses (including affirmative defenses) to the claim.
10. All objections filed on or before December 13, 2023 to securities claims shall be governed by the procedures outlined below.
    a. At the Court's earliest availability beginning on **December 14, 2023**, the Court will hold an initial case management conference at which the Court will set a coordinated briefing schedule and a hearing date for the motions to dismiss filed on or prior to December 13, 2023. The parties agree to an expeditious schedule to hear the above motions to dismiss, consistent with the Court's schedule.  In the event a motion to dismiss described above is denied in whole or in part by the Bankruptcy Court, Reorganized Debtors will not seek a stay of these procedures or an extension of any agreed-upon deadlines in these procedures or discovery-related deadlines set by the Court pursuant to Paragraph 10(b) below on the basis of a pending appeal of that decision.
    b. While the motions to dismiss set forth in the above paragraph are pending, the parties will agree to meet and confer on certain procedures for coordination of discovery should such discovery be necessary after the motions to dismiss are decided by the Court. At the Court's earliest convenience after the motions to dismiss are decided (if such claims are not wholly dismissed), the Court will hold a case management conference to, among other things, set a discovery schedule. In accordance with Bankruptcy Rule 9014(c) and in order to minimize duplicative discovery against the Reorganized Debtors, the Court will direct Reorganized Debtors to serve Federal Rule 26(a)(1) initial disclosures within **30** days after the Court issues an order with respect to the motions to dismiss (if such claims are not wholly dismissed).
    c. The Reorganized Debtors will serve a supplemental objection within **30** days after the Court issues an order with respect to the motions to dismiss (if such claims are not wholly dismissed) akin to and providing the typical information set forth in an answer to an adversary proceeding.
    d. If discovery is permitted by the Court to proceed, the Reorganized Debtors shall make available on an electronic database or portal all discovery documents that it produces to any securities claimant, subject to reasonable procedures and any necessary confidentiality requirements.
    e. If discovery is permitted by the Court to proceed, any case management plan shall provide at least 9 months for fact discovery and 3 months for any expert discovery.