BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:     (212) 209-4800
Facsimile:     (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:     (949) 752-7100
Facsimile:     (949) 252-1514

*Attorneys for the Fire Victim Trustee*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S OBJECTION TO MOTION TO ALLOW / DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY AGUSTIN AGUILERA OROZCO, ARACELI HERNANDEZ, SARAHI AGUILERA, JACQUELINE AGUILERA, BRAULIO AGUILERA, AND SOCORRO OROZCO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AGUSTIN AGUILERA OROZCO IN SUPPORT**<br><br>[Relates to Docket Number 13886]<br><br>Hearing:  Only if requested |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the *Motion To Allow / Deem Timely Late Filing Of Proof Of Claim By Agustin Aguilera Orozco, Araceli Hernandez, Sarahi Aguilera, Jacqueline Aguilera, Braulio Aguilera, And Socorro Orozco; Memorandum Of Points And Authorities; Declaration Of Agustin Aguilera Orozco In Support* [Docket No. 13886] (the "**Motion**") filed on July 12, 2022 regarding the proof of claim numbered 109886 filed on May 25, 2023 (the "**Proof of Claim**") on behalf of Agustin Aguilera Orozco, Araceli Hernandez, Sarahi Aguilera, Jacqueline Aguilera, Braulio Aguilera and Socorro Orozco (collectively, "**Movants**"). In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Motion seeks to have the claims of six claimants deemed timely for the purpose of administration by the Trust along with Fire Victims who filed their proofs of claim well over three years before Movants. The Motion follows the form of earlier-filed late claim motions including the primary reason for the delay in filing the Proof of Claim. As Movants' assertion of excusable neglect for their in filing the Proof of Claim is based on the fact that they were unaware of their ability to file a proof of claim until recently, the Court should deny the Motion for the reasons cited in the Court's December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**").

## RELEVANT BACKGROUND

1.     On January 29, 2019, PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2.     On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By

1

Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3.      The Debtors provided a well-publicized notice of the Extended Bar Date – the second notice provided to Fire Victims of the claims bar date – and coordinated with Official Committee of Tort Claimants for the appointment of a Claims Representative who designed and implemented with his team an expansive outreach effort designed to identify, locate, and assist Fire Victims who were eligible to file claims but failed to do so by the original bar date.

4.      As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than 82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely manner.

## OBJECTION

5.      Movants assert that their long delay in filing the Proof of Claim was reasonable because they did not discover they needed to file a proof of claim until after the Extended Bar Date and only recently contacted and retained counsel.  As the Court noted in the Late Claim Order, "[d]ue process requires notice of the opportunity to file a claim. That was provided here and generally to thousands of Wildfire Claimants.  Due process does not require the awareness of the type of claim that might have been filed."  Late Claim Order at 6:28-7:4.

6.      To the extent that the Movants assert that the fact that English is not their primary language also contributed to their delay in filing the Proof of Claim, this Court has already ruled on the adequacy of the notice provided to claimants in this case.

## Application of Pioneer Factors

7.      In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498.

**Deeming Movants' Late Claims "Timely" Will Prejudice the Trust**

8.      The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor.  This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims.  As noted in the Late Claim Order, "the impact on administration is more than de minimis and would prejudice the FVT."  Late Claim Order at 6:14-15.

**The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration**

9.      The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings.  Movants filed the Proof of Claim more than 40 months days after the Extended Bar Date.  The Trust has a limited fund from which to pay all Fire Victim Claims and cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates *every* Fire Victim Claim.

10.      As of July 14, 2023,[1] the Trust had issued Determination Notices to 97% of all claimants who have submitted claims questionnaire to the Trust, awarding nearly $17.8 billion to these claimants.  Nearly $10 billion has been paid to holders of Fire Victim Claims as of July 14, 2023.

11.      The continued addition of claims to the Fire Victim Trust would prevent the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with further delay.  The length of Movants' delay and the impact of a more than three-year filing delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming Movants' claims timely.

/ / /

---

[1] The latest statistics can be found on the Fire Victim Trust website at https://www.firevictimtrust.com.  The Trust will update the program statistics again on or about July 31, 2023.

**Timely Filing Proofs of Claim was not Beyond Movants' Control**

12.     The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Motions.  As explained above, the Motion does not provide any basis for a finding of excusable neglect.  The description of Movants' circumstances in the Motion fail to explain what prevented them from filing the Proof of Claim until May, 2023.  The third *Pioneer* factor therefore must also be decided in favor of the Trust.

**Even Without Bad Faith, Equity Does Not Favor Movants Over Other Fire Victims**

13.     The Trustee does not believe that Movants lack the good faith that comprises the final consideration listed by the *Pioneer* court, but it does not appear that Movants were prevented from filing the Proof of Claim earlier by any circumstances.

14.     As is evidenced by overwhelming number of late claim motions filed over the last several months, allowing the Proof of Claim to be deemed timely filed without extenuating circumstances would encourage other latecomers to file similar motions to the detriment of Fire Victim who have already been waiting years to learn how much of their claims can be paid.

15.     For the foregoing reasons, Movants fail to meet their burden for establishing "excusable neglect" for filing the Proof of Claim more than three years after the Extended Bar Date.  The Proof of Claim should not be deemed timely for the purpose of administration by the Trust.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

## CONCLUSION

The Trustee respectfully requests that this Court deny the relief requested in the Motion and grant the Trust such other and further relief as may be just.

DATED: July 25, 2023

BROWN RUDNICK LLP

By: /s/ DAVID J. MOLTON

David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square,
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*

5