**Exhibit A**

Paula L. Zecchini, AZ Bar No. 031880
Aaron M. McKown (admitted *pro hac vice*)
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: 206.340.1000
Facsimile: 206.621.8783
Email:     pzecchini@cozen.com
           amckown@cozen.com

Attorneys for Defendant
GODADDY.COM, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GODADDY.COM, LLC,<br><br>    Defendant. | Case No.: 2:16-cv-03908-DLR<br><br>**JOINT CASE MANAGEMENT REPORT** |

Plaintiff, Jason Bennett ("Plaintiff"), and Defendant, GoDaddy.com, LLC ("Defendant") (together, the "Parties"), by and through their respective counsel, hereby submit the following joint initial case management report pursuant to Fed. R. Civ. P. 26(f) and the Court's Scheduling Order dated November 15, 2016 [D.E. 26].

**1.     List of Parties who attended the Rule 26(f) Planning Conference:**

The following attorneys conferred regarding proposed deadlines in this case:

> John R. Cox, representing the Plaintiff; and
>
> Aaron M. McKown and Paula L. Zecchini, representing the Defendant.

**2.     Nature of the Case:**

    a.     <u>Plaintiff's Statement</u>

This is a class action on behalf of a class consisting of all persons who received a telephone call to a cellular telephone that included or introduced an advertisement or constituted telemarketing from Defendant, that was placed by an automatic telephone dialing system, absent the prior express written consent of the contacted party in violation of the Telephone Consumer Protection Act ("TCPA").

Plaintiff and putative class members were contacted on their cellular telephones by Defendant after service agreements regarding specific domain names had ended. When connected, a representative of Defendant would inform the called party that his or her service had recently expired. The calls were intended to ensure customer retention by "notifying" the customer that his or her contract term had ended, then encouraging/facilitating the execution of a new service contract for Defendant's service. The calls placed to Plaintiff were each a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4). Each call was placed to promote Defendant's business. Alternatively,

each call served a dual purpose in that each call was placed to inform Plaintiff that the subject service had ended, and to encourage Plaintiff to purchase additional services from Defendant, and were each motivated by Defendant's desire to sell additional services to Plaintiff.

The calls placed to Plaintiff's cellular telephone were initiated by Defendant using an automatic telephone dialing system (ATDS), as defined in 47 U.S.C. §227(a)(1). The telemarketing calls made to Plaintiff's phone were made by, on behalf of, and/or at the direction of Defendant. Plaintiff has not provided his prior express written consent, as defined by 47 C.F.R. §64.1200, to be contacted by Defendant for telemarketing purposes using an ATDS or an artificial or prerecorded voice. The calls placed to Plaintiff's telephone by Defendant were made intentionally, without Plaintiff's prior express written consent, and in violation of the TCPA.

b. <u>Defendant</u>

Plaintiff asserts a sole claim for violation of the TCPA based on the receipt of five (5) phone calls from Defendant. As an initial matter, Defendant contends that Plaintiff's claim for violation of the TCPA fails because the calls at issue were not placed via an ATDS. The TCPA defines an ATDS as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers" without human intervention. 47 U.S.C. § 227(a)(1). Defendant anticipates that discovery will show the alleged calls were placed using a dialing system that does not qualify as an ATDS and that human intervention was required to place the alleged calls. Given these facts, Defendant contends the TCPA does not apply to the calls at issue.

///

Even assuming *arguendo* that the TCPA does apply to the calls at issue, Defendant denies that it negligently or willfully violated the TCPA. Defendant denies that (a) each of the challenged calls was made for a telemarketing purpose and (b) the calls at issue were "unsolicited," as alleged. Defendant also denies that Plaintiff or the putative class members suffered or are entitled to any damages and question Plaintiff's Article III standing to maintain this claim. *See Spokeo, Inc. v. Robins,* 136 U.S. 1540 (2016).

With regard to Plaintiff's proposed class treatment of his TCPA claim, Defendant denies that class members are ascertainable or identifiable, denies that questions of law or fact common to class members predominate over any questions affecting individual members, denies that Plaintiff's claims are typical of or common to those belonging to the putative class, and denies that this action is appropriate for class treatment. Moreover, Defendant denies that Plaintiff's claim is suitable for class determination due to the inherently individualized issues of (a) the nature of each alleged phone call and (b) consent. *See Newhart v. Quicken Loans, Inc.,* 2016 U.S. Dist. LEXIS 168721 at *6 (S.D. Fla. Oct. 13, 2016) (denying class certification after finding that "resolving the consent issue will depend upon multiple layers of individualized evidence about each call and the circumstances that preceded it").

**3.     Statement of Legal and Factual Issues**

The Parties anticipate the following legal and factual issues, among others, will need to be decided by the Court:

    a.     Whether Plaintiff has Article III standing to maintain his claim for violation of the TCPA.

///

///

b. Whether the dialing equipment utilized by Defendant to place the alleged calls at issue constitutes an automatic telephone dialing system as that term is defined by the TCPA.

c. Whether (i) the TCPA applies to the alleged calling activity about which Plaintiff complains (i.e., whether the alleged calls were made for a telemarketing purpose) and if so, (ii) whether Defendant had "consent" to place the alleged calls to Plaintiff's mobile telephone, as the term "consent" has been interpreted by courts and the FCC.

d. Whether Defendant negligently or willfully violated the TCPA.

e. Whether Plaintiff suffered or is entitled to damages as a result of the alleged calls made by Defendant.

f. Whether this action is appropriate for class treatment, including whether (i) the proposed class members are ascertainable or identifiable, (ii) questions of law or fact common to proposed class members predominate over any questions affecting individual members, (iii) Plaintiff's claims are typical of or common to those belonging to the putative class, and (iv) whether individual issues predominate.

**4.   Jurisdictional Basis**

As alleged, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

**5.   Service/Appearance of Parties**

All parties to the action have been served.  Defendant filed its answer to the complaint on September 20, 2016 [D.E. 9] but will file an amended answer prior to January 25, 2017, pursuant to the stipulation of the Parties.

///

### 6. Anticipated Amendments to Pleadings

The Parties recently stipulated to Defendant's filing of an Amended Answer, which will be filed prior to January 25, 2017. The Parties do not otherwise anticipate the need to add additional parties or amend or supplement the pleadings; however, subject to information identified during the discovery process, the Parties may request leave to amend or supplement the pleadings.

### 7. Contemplated Motions and Statement of Issues

Plaintiff contemplates filing a motion for class certification, pursuant to Fed. R. Civ. P. 23, as soon as practicable after conducting the discovery necessary to support the motion. The Parties expect to file dispositive and/or non-dipositive motions for summary judgment depending on the results of discovery and class certification. The Parties also expect to file motions *in limine* and *Daubert* motions depending on the results of discovery as well as rulings on the Parties' contemplated dispositive and/or non-dispositive motions for summary judgment.

Although the Parties will endeavor to resolve any discovery disputes that may arise through a good faith meet and confer process, the parties foresee the possibility of filing discovery motions.

### 8. Non-Consent to a Magistrate Judge

The Parties do not currently believe that the case is suitable for reference to a United States Magistrate Judge for a settlement conference, but will revisit this issue as discovery progresses. The Parties do not agree to reference for trial.

### 9. The status of any pending related cases

None.

### 10. Exchange of Fed. R. Civ. P. 26(a) Initial Disclosures

The Parties exchanged initial disclosures on January 6 and 9, 2017.

///

**11.     Issues relating to disclosure or discovery of ESI**

The Parties agree that the majority of discovery likely would be in the possession, custody, or control of Defendant or third parties. For that reason, the Parties believe that a discussion regarding electronically stored information would be more efficient after Defendant has an opportunity to review Plaintiff's initial Rule 34 requests. The Parties intend to revisit this item once Defendant has examined Plaintiff's initial Rule 34 requests.

**12.     Issues relating to Privilege or Work Product**

The Parties did not identify any issues relating to claims of privilege or work product, at least not at this time. However, the Parties anticipate the need for a protective order to address anticipated confidentiality issues, as well as any privilege issues that may arise. The Parties will continue that discussion, and if necessary, will submit a proposed protective order.

**13.     Order under Fed. R. Evid. 502(d) Not Warranted**

The Parties do not believe that an order under Fed. R. Evid. 502(d) is warranted in this case, at least not at this time.

**14.     Necessary Discovery:**

a.     **The extent, nature, and location of discovery**: The Parties agree that the majority of discovery likely would be in the possession, custody, or control of Defendant or third parties. The Parties believe an eight (8) month fact discovery period for class certification is appropriate, with a shorter time frame in which to complete any merits discovery, as necessary.

b.     **The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues**: The Parties propose to prioritize class discovery before proceeding to discovery on the

merits.  Class discovery would, however, include merits into the adequacy of the named plaintiff and expert discovery.

       c.     **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**:  None at this time.

       d.     **The number of hours permitted for each deposition, unless modified by agreement of the parties**:  The Parties believe that 7 hours is appropriate.  If the Parties feel any changes are necessary, they will attempt to resolve these issues and bring them to the attention of the Court if necessary.

**15.**    **Proposed Case Scheduling Dates**

     a.     **Completion of Class Fact Discovery**:  August 30, 2017

     b.     **Completion of Expert Discovery related to Class Discovery pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A)-(E)**:

         i.     **Initial Expert Disclosure**:  September 29, 2017

         ii.     **Rebuttal Expert Disclosure**: October 31, 2017

         iii.     **Expert Deposition Deadline**: November 30, 2017

     c.     **Deadline for filing Rule 23 Motion**:  December 15, 2017

     d.     **Completion of Merits Fact Discovery**:  April 13, 2018

     e.     **Completion of Expert Discovery related to Merits pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A)-(E)**:

         iv.     **Initial Expert Disclosure**:  May 18, 2018

         v.     **Rebuttal Expert Disclosure**: June 15, 2018

         vi.     **Expert Depositions Deadline**: July 18, 2018

     f.     **Deadline for filing of Dispositive Motions**:  August 14, 2018

     g.     **Date by which the parties will have engaged in settlement discussions**:  November 15, 2017.

///

### 16. Jury Trial Requested and Contested

Plaintiff requested a jury trial. Defendant anticipates filing a motion to strike Plaintiff's request for trial by jury in light of Plaintiff's express contractual waiver of the right to a jury trial.

### 17. Estimated Length of Trial

The Parties anticipate a 5-day trial.

### 18. Prospects for settlement

The Parties believe that some discovery and disclosures must take place before settlement efforts would be productive. The Parties will revisit this issue as the case progresses.

### 19. Other Matters

As referenced above, the Parties intend to request entry of a mutually agreed Protective Order and will submit same to the Court once the Parties have agreed to the breadth and scope of the discovery to be adduced in this matter.

Dated: January 20, 2017

Respectfully submitted,

By: /s/ Paula L. Zecchini

*Attorneys for Defendant*
Paula L. Zecchini
Aaron M. McKown
COZEN O'CONNOR PC
999 3rd Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206-340-1000
Fax: 206-621-8783
Email: pzecchini@cozen.com
       amckown@cozen.com

By: /s/ John R. Cox

*Attorney for Plaintiff*
John R. Cox
9786-A Timber Circle
Spanish Fort, AL 36527
Telephone: 251-517-4753
Email: jrc@jrcoxlaw.com