**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br>     - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>                              **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) (Jointly Administered) <br><br> ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR REORGANIZED DEBTORS' OBJECTION TO SECURITIES PLAINTIFFS' MOTION FOR THE APPLICATION OF BANKRUPTCY RULE 7023 AND THE CERTIFICATION OF A CLASS OF SECURITIES CLAIMANTS** <br><br> [No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Reorganized Debtors to file an oversized brief in connection with the *Reorganized Debtors' Objection to Securities Plaintiffs' Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants* (the "**Objection**"),[1] which the Reorganized Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### II.    BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

### III. ISSUES ADDRESSED IN THE OBJECTION

The Objection responds to the arguments raised in the *Securities Plaintiffs' Memorandum of Points and Authorities in Support of Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants* (the "**Third 7023 Motion**" or "**Motion**"), filed by the Public Employees Retirement Association of New Mexico ("**PERA**"), as well as the numerous joinders to the Motion (the "**Joinders**").[2]

The Objection responds to a number of legal and factual issues raised in the Motion, including: (i) updating the Court regarding the success of the efforts by the Reorganized Debtors and Securities Claimants pursuant to the Securities Procedures; (ii) detailing PERA's failure to satisfy the *Musicland* factors; (iii) demonstrating that the class claim process proposed by PERA would cause significant delay compared to the Securities Procedures; (iv) demonstrating that under United States Supreme Court authority the consideration of Civil Rule 23 in a securities class action requires significant discovery and expert testimony regarding whether there is a presumption of reliance; (v) demonstrating that the current record fails to meet the requirements under Civil Rule 23; and (vi) responding to other factual and legal arguments raised in the Motion and Joinders. As discussed in the Objection, these matters being presented to the Court are important to the Reorganized Debtors' efforts to efficiently resolve proofs of claim filed in the Chapter 11 Cases.

### IV. OVERSIZE BRIEFING FOR THE REPLY IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Reorganized Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Objection. As set forth above, additional briefing is necessary to thoroughly address the legal and factual issues raised in the Motion and Joinders. Accordingly, the limited extension to the page limit requested in this Application by three (3) pages to twenty-eight (28) pages is

---

[2] The Joinders were filed at Dkt. Nos. 13869, 13895-13901, 13904-13906, 13908, 13913, and 13916.

reasonable and the Reorganized Debtors respectfully submit that no party will be prejudiced by this request.

The Court has granted similar relief to the Reorganized Debtors and other parties in these Chapter 11 Cases. *See e.g.*, Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 4410 (Debtors' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (Debtors' Wildfire Claims Estimation Motion). Further, in consideration of the paramount interests of all creditors in these Chapter 11 Cases, the Court has regularly allowed oversize briefing for matters involving the claims resolution process. *See* Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 2718 (Debtors' Bar Date Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 13812 (Reorganized Debtors' Reply in Support of Sixth Motion to Extend Time to Object to Claims).

Accordingly, the Reorganized Debtors believe it is appropriate to request authority for the Objection to exceed the twenty-five pages allowed under Bankruptcy Local Rule 9013-1(c).

**V.    NOTICE**

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who filed the Motion and the Joinders; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (i) authorizing the Reorganized Debtors to file and serve the Objection in excess of twenty-five pages, but not to exceed twenty-eight pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith) and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: July 25, 2023

                    **WEIL, GOTSHAL & MANGES LLP**
                    **KELLER BENVENUTTI KIM LLP**

        By:  <u>/s/ *Richard W. Slack*</u>
                      Richard W. Slack

        *Attorneys for Debtors and Reorganized Debtors*