

**Signed and Filed: August 2, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTION TO ALLOW LATE CLAIMS

**I.  Introduction**

On July 12, 2023, Movants filed the *Motion to Allow/Deem Timely Late Filing of Proof of Claim by Agustin Aguilera Orozco, Araceli Hernandez, Sarahi Aguilera, Jacqueline Aguilera, Braulio Aguilera, and Socorro Orozco; Memorandum of Points and*

-1-

*Authorities; Declaration of Agustin Aguilera Orozco in Support* ("Late Claim Motion") (Dkt. 13886). On July 25, 2023, Cathy Yanni, in her capacity as the Fire Victim Trustee ("Trustee"), filed an Objection to the Late Claim Motion (Dkt. 13917). No hearing on the Late Claim Motion has been scheduled.

For the reasons explained below, the court sustains the Trustee's Objection and denies the Late Claim Motion.

## II. Discussion

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. The court may weigh each these factors in its discretion.

Neither the Trustee nor the court doubt the Movants' good faith. The court considers the remaining *Pioneer* factors below and incorporates in this Order its reasoning from its previous Orders Denying Motions to File Late Claims (Dkts. 13377, 13490, 13691) ("Orders Denying Motions").

-2-

First, the court finds that granting the Late Claim Motion would prejudice the FVT.[1] According to the Trustee, the FVT simply is not fully funded, the stock contributed to the FVT by the Debtors is not performing as well as expected (despite recent increases in value), and there may not be enough money in the Trust to administer 100% payments to Wildfire Claimants who timely filed proofs of claim, let alone those, such a Movants, requesting to have their late claims deemed timely now. The FVT may also be prejudiced by the additional expenditures of time and effort required of the FVT and its administrators to recalculate the projections and calculations made to ensure an equal pro rata distribution to all Wildfire Claimants, including those already partially paid. Taking the Late Claim Motion in aggregate with the large number of similar motions made in the past, and may be made in the future, the impact on administration is more than *de minimis* and would prejudice the FVT.

Next, the court finds that the Movants have not described circumstances that would explain why the failure to file a claim for over three and a half years constitutes excusable neglect. The Movants acknowledge both notice of the Debtors' bankruptcy and Claims Bar Dates. Instead, the Movants argue that the

---

[1] The Late Claim Motion focuses only on the potential prejudice to the Debtors. The FVT is the representative of each of the Debtors' estates regarding administering, objecting to, and settling the claims of Wildfire Claimants pursuant to the Paragraph 18(e)(iii) of the court's Confirmation Order (Dkt. 8053) and is thus the proper party to consider regarding prejudice under the *Pioneer* factors.

-3-

stress of displacement, a language barrier, and most of all, reliance on incorrect information from friends all amount to excusable neglect.

The court reiterates, as it explained in its prior Orders Denying Motions, that the Debtors engaged in a comprehensive campaign to provide notice to Wildfire Claimants in the North Bay, California, and across the United States in both English and Spanish (the primary language of Movants). The Debtors could not control whether Movants chose not to believe or to heed those notices, nor was it the Debtors' duty to ensure every known and unknown Wildfire Claimant's full understanding of every type of injury that could be compensated via the proof of claim process. It also does not appear there was a widespread misunderstanding regarding what types of injury could be compensated via a proof of claim: every type of injury described in the Late Claim Motion is listed as a checkbox on the Proof of Claim form for Wildfire Claimants, and all were listed as injuries by Wildfire Claimants of all ages who timely filed proofs of claim.

**III. Conclusion**

For the reasons stated above the court hereby SUSTAINS the Trustee's Objection and DENIES the Late Claim Motion. The Proofs of Claim associated with the Late Claim Motion shall not be deemed timely filed and are thus disallowed.

**\*\*END OF ORDER\*\***

Case: 19-30088    Doc# 13945    Filed: 08/02/23    Entered: 08/02/23 10:32:09    Page 4 of 6

COURT SERVICE LIST

Jack W. Weaver, Esq.
Welty Weaver & Currie, PC
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403

-5-

Case: 19-30088    Doc# 13945    Filed: 08/02/23    Entered: 08/02/23 10:32:09    Page 6 of 6