

**Signed and Filed: August 8, 2023**

_____  
**DENNIS MONTALI**  
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: August 23, 2023<br>Time: 10:00 AM<br>Via Video/Teleconference<br>www.canb.uscourts.gov/calendars |

**ORDER REGARDING CONTINUED HEARING ON MOTION FOR THE APPLICATION OF BANKRUPTCY RULE 7023**

    On August 2, 2023, the court issued a Docket Text Order continuing the hearing on the *Securities Plaintiffs' Motion and Memorandum of Points and Authorities in Support of Motion for the Application of Bankruptcy Rule 7023 and the Certification of*

-1-

*a Class of Securities Claimants* (Dkt. 13865) (the "Motion") from August 8, 2023, to August 23, 2023, at 10:00 AM.

Reorganized Debtors (and the RKS Claimants if they choose to join), as opponents of the Motion, and Securities Lead Plaintiff ("PERA") (and any other party that has previously filed a joinder who choose to join in support of the Motion) shall file simultaneous briefs on August 18, 2023. The briefs should not exceed 20 pages.

The supplemental briefs should not repeat the arguments made in the Motion, the Reorganized Debtors' objection (Dkt. 13922) and the RKS Claimants' objection (Dkt. 13918). In particular, the court does not need any further discussion of *In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr. S.D.N.Y. 2007).

Reorganized Debtors should not spend time or argument dealing with the cost to them to have to deal with the Motion if the court grants it.

Similarly, the parties should not spend time either criticizing PERA's counsel, the fact that counsel may recover attorney fees if the Motion is granted and ultimately successful, nor whether PERA's counsel has a conflict of interest because some members of the class PERA represents in the district court action did not file claims in this Chapter 11 case. The same with any further discussion of law of the case. As to any aspect of those issue, counsel can address them during oral argument at the hearing.

What the court is looking for from the parties' supplemental briefs is the most practical and legally permissible way of bringing an end to the seemingly never-ending efforts by alleged

securities fraud victims, and the Reorganized Debtors' defenses to those claims and achieving some reasonable closure and final resolution in this court.

When the Reorganized Debtors file their supplemental brief, they should also file a separate, current report setting forth the total number of securities fraud claims that were filed, the total number that have been resolved by either withdrawal, objection, consensual resolution or otherwise, the total number (but not dollar amount) of claims remaining, and the total number that are presently the subject of scheduled mediation under the ADR procedures.

The following are specific questions to be addressed in the briefing:

- Whether PERA's proposed Rule 7023 procedure have an adverse effect on the pending ADR procedures and on the Reorganized Debtors apart from their cost to defend all of the matters (See PERA Reply, (Dkt 13940 at p.10) if the Motion is granted?
- If the court provides an opt-out option under Rule 7023, do specific claimants have the right to opt back in if the ADR procedures are unsuccessful as to them?
- What is the harm to permitting an opt-in option instead of what PERA proposes? The authorities cited suggest only the opt-out option appears in FRCP 23, but nothing appears to prohibit it.
- Is there any bankruptcy case other than this one where a class action has been considered at the same time something akin to the ADR procedures here (which clearly

has its own "opt-out" option available to claimants by who reject the best settlement offer of the Reorganized Debtors?
- If the court grants the Motion, what happens after class certification, notice and the opt-out deadline? More specifically, assuming there is no consensual resolution between PERA and the Reorganized Debtors via efforts to settle any class action, on what timeline would the court expect to set pre-trial and trial scheduling matters?
- If the ADR procedures are unsuccessful, what would be the estimated pre-trial and trial scheduling for adjudication of the remaining claims under the traditional claims objection process?
- Assume parallel tracks for ADR and Rule 7023 procedures, neither of which are entirely successful, when will it be appropriate to consolidate matters to avoid duplication of matters such as expert testimony? For example, will the question of market price (Reply, at p. 10 and footnote 14) or other similar matters need to be dealt with even without the Motion being granted?
- Other concerns Reorganized Debtors have that arose in the PERA Reply that have not been dealt with in the Opposition.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

ECF Recipients