WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' TWENTY-THIRD SECURITIES CLAIMS OMNIBUS OBJECTION (SECURITIES ACQUIRED OUTSIDE SUBJECT PERIOD)** <br><br> **Response Deadline: September 12, 2023, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: September 26, 2023 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this twenty-third securities claims omnibus objection (the "**Objection**") to the claims identified in the column headed "Claim to be Disallowed/Expunged" on <u>Exhibit 1</u> and <u>Exhibit 2</u> annexed hereto. Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Angela Ferrante, dated **August 7, 2023** (the "**Ferrante Declaration**"), in support of this Objection.

This Objection seeks to expunge certain proofs of claim that were filed by PG&E security holders who do not purport in their proofs of claim or otherwise to have purchased or acquired PG&E securities during the period April 29, 2015 through November 15, 2018 (the "**Subject Period**") and who did not file a claim prior to the original bar date of October 21, 2019. The Court extended the bar date to April 16, 2020 only with respect to claims arising from securities purchased or acquired during the Subject Period. As set out in further detail below, these claims are subject to disallowance as late-filed claims because they were filed after the original bar date and are not within the class of claims to which the Extended Securities Bar Date applies. This Court has already granted the requested relief with respect to similarly situated claims in the third, fourth, sixth, tenth, and fifteenth securities claims omnibus objections, each of which also sought to disallow and expunge claims where they were based on securities acquired outside of the subject period. *See* Docket Nos., 10584, 10856, 10909, 11105, and 11531.

I. **JURISDICTION**

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

**II. BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors. The Bar Date Order required any person who had a prepetition claim to file that claim by the Initial Bar Date. Notice of the Initial Bar Date was disseminated widely pursuant to the Bar Date Order, including, to all record holders of the Debtors' securities based on a record date of July 1, 2019. In total, approximately 111,000 holders of the Debtors' common equity, 11,300 noteholders, and all 1,352 brokerage nominees who held the Debtors' securities on behalf of their clients received notice of the Initial Bar Date.

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") solely with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**"), who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**"). The Subject Period is the same as the putative class period alleged in the Third Amended Complaint filed in the securities class action pending in the U.S. District Court for the Northern District of California (the "**Securities Complaint**"). *See In re PG&E Corp. Sec. Litig.*, No. 3:18-cv-03509-EJD (N.D. Cal. May 28, 2019) [Sec. Litig. Docket

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

No. 121]. In entering the Extended Securities Bar Date Order, the Court determined that "the putative class members here are known creditors entitled to actual written notice." *Memorandum Decision Regarding Motion to Apply Rule 7023*, dated February 24, 2020 [Docket No. 5887] (the "**Rule 7023 Opinion**") at 4. The Extended Securities Bar Date extended the submission deadline only for claimants who purchased or acquired the Debtors' publicly traded debt and/or equity securities during the Subject Period. The Extended Securities Bar Date did not apply to claimants who purchased or acquired the Debtors' publicly traded securities *outside of the Subject Period* and, accordingly, those claims were subject to the Initial Bar Date set by the Court.

Pursuant to the Extended Securities Bar Date Order, the Court approved a customized proof of claim form for Securities Claims and a form of notice of the Extended Securities Bar Date.

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities ADR Procedures Order**"). Pursuant to the Securities ADR Procedures Order, the Court approved, among other things, procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"), including permitting the Reorganized Debtors to file omnibus objections to claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C.1. There were no objections filed to that portion of the Securities Omnibus Objection Procedures that authorized the filing of this omnibus objection.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003(c)(2) and 3007(d)(4), Bankruptcy Local Rule 3007-1, and the Securities Claims Procedures Order, seeking entry of an order disallowing and/or expunging certain claims that (i) were

not subject to the Extended Bar Date Order because they do not relate to any transactions for the purchase or acquisition of the Debtors' securities within the Subject Period; and (ii) were filed after the Initial Bar Date (the "**Claims**"). The Claims are identified on **Exhibit 1** and **Exhibit 2** hereto. For the reasons set forth herein, the Reorganized Debtors request that the Claims be disallowed and expunged.

IV. ARGUMENT

    A. The Claims Should be Disallowed and Expunged

The Bankruptcy Court entered the Extended Securities Bar Date for one very specific reason: in this Court's view, the Securities Complaint placed the Debtors on notice that the Securities Claimants— the putative class in that litigation—were "known creditors" entitled to actual notice of the Initial Bar Date. *See* Rule 7023 Opinion at 3–4. The Extended Bar Date Order therefore does *not* apply to claimants who purport to have purchased or acquired PG&E securities *outside* the Subject Period—*i.e.*, to claimants who the Court did not identify as "known creditors." Thus, each of the Claims is subject to the Initial Bar Date and each of the holders of the Claims received proper notice thereof, actual or constructive, in accordance with the procedures approved by the Court in the Bar Date Order. The Claims set forth in **Exhibit 1** have submitted trading data clearly showing that the claimants did not purchase or otherwise acquire PG&E securities within the Subject Period.

Based on the information submitted by the holders of the Claims set forth in **Exhibit 2**, the Reorganized Debtors have been unable to determine whether those claimants purchased or acquired PG&E securities within the Subject Period and therefore whether there is any basis for liability. The Reorganized Debtors have already made significant efforts to gather more information from the holders of the Claims listed in **Exhibit 2**. Consistent with the Securities ADR Procedures Order, the Reorganized Debtors sent each Securities Claimant – including those with Claims listed in **Exhibit 2** – a Trading Information Request Form ("**TIRF**") in order to acquire necessary trading information. In accordance with the Securities ADR Procedures Order, each TIRF was required to be returned no later than forty-five (45) days after the mailing. In the event a Securities Claimant failed to return the TIRF by the deadline, the Reorganized Debtors sent such Securities Claimant an information reminder. The Reorganized Debtors have also made efforts to identify those claimants with trading information deficiencies and perform outreach to collect more data. The information provided by the holders of the

Claims set forth in **Exhibit 2** fails to establish that the claimants purchased or otherwise acquired PG&E securities within the Subject Period.

As set forth in both **Exhibit 1** and **Exhibit 2**, each of the Outside of the Subject Period Claims was filed after the Initial Bar Date, and is untimely and subject to disallowance, a specifically recognized proper basis for objection in Paragraphs I.C.1 and I.C.4 of the Securities Omnibus Objection Procedures. Should any holder of the Claims set forth in **Exhibit 2** come forward in response to this Objection with trading data sufficient to show that the PG&E securities which are the subject of their Securities Claim were purchased or otherwise acquired within the Subject Period, the Reorganized Debtors will withdraw the Objection as to that Claim.

Section 502(b)(9) of the Bankruptcy Code provides that untimely filed claims are to be disallowed, unless an applicable exception applies. Bankruptcy Rule 3003(c)(2) provides further that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time [fixed by the Court] . . . shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2); *see also Warner Angle Hallam Jackson & Formanek, P.L.C. v. Lock (In re LMM Sports Mgmt., LLC)*, BAP No. AZ-15-1195-KuJaJu, 2016 WL 3213829, at *5 (B.A.P. 9th Cir. June 1, 2016) ("[Rule 3003(c)(2)] compliments and effectuates § 502(b)(9) and § 1111(a), which when read together provide that creditors in chapter 11 cases whose claims are scheduled as disputed, contingent or unliquidated must timely file a proof of claim or else their claims are subject to disallowance."); *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1147 (9th Cir. 2000) ("Timely filing of a proof of claim is important because under § 502, a creditor's claim will be disallowed if an objection to the claim is made and if proof of the claim is not timely filed"). Further, Bankruptcy Rule 3007(d)(4) provides, and the Court recognized in Paragraph I.C.4 of the Securities Omnibus Objection Procedures, that a failure to file timely claims is a proper basis for an omnibus objection by the Reorganized Debtors. Indeed, the Court has already granted motions with respect to similarly situated claims. *See* Docket Nos. 10584, 10856, 10909, 11105, and 11531.

The Reorganized Debtors' securities claims analyst has reviewed the Claims and related records, and has determined with oversight by the Reorganized Debtors that each of the Claims (i) do not set

forth any transactions for the purchase or acquisition of the Debtors' securities within the Subject Period and (ii) were filed after the Initial Bar Date. Ferrante Decl. ¶¶ 6-7. None of the holders of the Outside the Subject Period Claims has obtained relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim.

The Reorganized Debtors, therefore, request that the Court disallow and expunge each of the Outside the Subject Period Claims in **<u>Exhibit 1</u>** and **<u>Exhibit 2</u>** in their entirety.

### B. No Exemption to Disallowance is Applicable

None of the exemptions in Section 502(b)(9) are applicable to the Claims.

### C. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting 3 L. King, *Collier on Bankruptcy, supra*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid. Holding Co.)*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the claims identified in **<u>Exhibit 1</u>** and **<u>Exhibit 2</u>** are not subject to the Extended Securities Bar Date Order and, as they were not timely filed prior to the expiration of the Initial Bar Date, they should be disallowed and expunged. If any Claim

holder believes that its Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

### D. The Claims May Be Objected to by an Omnibus Objection

Bankruptcy Rules 3007(d) and (e) and the Securities Omnibus Objections Procedures Order govern omnibus objections to claims based on the purchase or acquisition of PG&E securities in these Chapter 11 Cases. *See* Securities Omnibus Objection Procedures ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Bankruptcy Rule 3007(d)(4) and Paragraph I.C.1 of the Securities Omnibus Objections Procedures, objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed because they are based on purchases of securities outside the Subject Period. Pursuant to Paragraph I.B of the Securities Omnibus Objections Procedures, the Reorganized Debtors may object to up to 250 claims per Omnibus Objection.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** and **Exhibit 2** hereto provide the following information: (i) an alphabetized list of the claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; (iv) the date each proof of claim was filed; and (v) the grounds for this Objection. The Reorganized Debtors will give notice to the holders of each of the Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the

Reorganized Debtors reserve the right to object to the Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate. *See* Securities Omnibus Objection Procedures, ¶ I.J.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 8, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: *s/ Richard W. Slack*
      Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119