**Exhibit 2**

**PERA Confirmation Demonstrative Extracts**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   **LABATON SUCHAROW LLP**           **LOWENSTEIN SANDLER LLP**
    Thomas A. Dubbs                    Michael S. Etkin *(pro hac vice)*
2   Carol C. Villegas                  Andrew Behlmann *(pro hac vice)*
    Jeffrey A. Dubbin (SBN 287199)     Scott Cargill
3   140 Broadway                       Colleen Maker
    New York, New York 10005           One Lowenstein Drive
4                                      Roseland, New Jersey 07068
    *Lead Counsel to Lead Plaintiff and the*   *Bankruptcy Counsel to Lead Plaintiff*
5   *Proposed Class*                   *and the Proposed Class*

6   **MICHELSON LAW GROUP**
    Randy Michelson (SBN 114095)
7   220 Montgomery Street, Suite 2100
    San Francisco, California 94104
8
    *Bankruptcy Counsel to Lead Plaintiff*
9   *and the Proposed Class*

10              **UNITED STATES BANKRUPTCY COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11                 **SAN FRANCISCO DIVISION**

12  | In re: | |
13  |        | Case No. 19-30088 (DM) (Lead Case) |
    | PG&E CORPORATION | |
14  |        | Chapter 11 |
    | - and – | |
15  |        | (Jointly Administered) |
    | PACIFIC GAS AND ELECTRIC |
16  | COMPANY, |
17  |                         Debtors. | |
    | ☒ Affects Both Debtors | **SECURITIES LEAD PLAINTIFF'S** |
18  | ☐ Affects PG&E Corporation | **SUBMISSION OF ARGUMENT** |
    | ☐ Affects Pacific Gas and Electric Company | **DEMONSTRATIVE FOR USE DURING** |
19  | | **ORAL ARGUMENT AT CONFIRMATION** |
    | | **HEARING** |
20

21

22

23

24

25

26

27

28

Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the United States District Court for the Northern District of California, on behalf of itself and the class that it seeks to represent in the Securities Litigation, together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, hereby submit this demonstrative document to be utilized during the hearing held on June 5, 2020, attached hereto as Exhibit B.

Dated: June 5, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By:   */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

**EXHIBIT A**
**COUNSEL**

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin *(pro hac vice)*
Andrew Behlmann *(pro hac vice)*
Scott Cargill
Nicole Fulfree
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone   973-597-2500
Facsimile   973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone   415-512-8600
Facsimile   415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone   212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone   415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Lead Counsel to Lead Plaintiff and the Class*

*Liaison Counsel for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone   619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone   415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

**VANOVERBEKE, MICHAUD &
TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone   313-578-1200
tmichaud@vmtlaw.com

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B

# Securities Plaintiffs' Demonstratives
# For Objection to Confirmation

# Four Primary Issues

- Plan Injunction
- Classification and Treatment of Rescission or Damage Claims Against the Utility
- Distribution Formula
- Cramdown

# Plan Injunction

- Issue: Injunction appears to create a "back-door" nonconsensual third-party release of certain creditors' claims against non-debtor parties

# Plan Injunction

- Issue: Injunction appears to create a "back-door" nonconsensual third-party release of certain creditors' claims against non-debtor parties

- Fix: Expressly carve the securities litigation claims out of the injunction in Article 10.6 through the Confirmation Order

# Plan Injunction

- Issue: Injunction appears to create a "back-door" nonconsensual third-party release of certain creditors' claims against non-debtor parties

- Fix: Expressly carve the securities litigation claims out of the injunction in Article 10.6 through the Confirmation Order

For the avoidance of doubt, nothing in the Plan, any Plan Document, or this Confirmation Order shall enjoin or otherwise impact the continued prosecution of *In re PG&E Corp. Securities Litigation*, No. 18-3509 (N.D. Cal.), against any non-Debtor defendant now or hereafter named therein.

# Claims Against the Utility

- Issue: The plan does not classify or treat the separate claims against the Utility arising from purchases of Holdco common stock

# Claims Against the Utility

- Issue: The plan does not classify or treat the separate claims against the Utility arising from purchases of Holdco common stock

- Fix: Add the Utility to the definition of "HoldCo Rescission or Damage Claims"

# Claims Against the Utility

- Issue: The plan does not classify or treat the separate claims against the Utility arising from purchases of Holdco common stock

- Fix: Add the Utility to the definition of "HoldCo Rescission or Damage Claims"

  1.108 **HoldCo Rescission or Damage Claim** means any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

# Claims Against the Utility

- Issue: The plan does not classify or treat the separate claims against the Utility arising from purchases of Holdco common stock

- Fix: Add the Utility to the definition of "HoldCo Rescission or Damage Claims"

1.108 **HoldCo Rescission or Damage Claim** means any Claim against HoldCo **or the Utility** subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

# Distribution Formula



As of January 29, 2019
(Petition Date)

(Allowed Claim Amount – Insurance Recoveries)

$35,905,153,932

x  526,118,408 shares

PG&E Corp. Market Share
As of October 12, 2017

Fully Diluted Shares
As of January 29, 2019
(Petition Date)

Art.  1.109 - HoldCo Rescission or Damage Claim Share

# Distribution Formula

- Issue #1: Use of the PG&E Corporation market capitalization <span style="color:red">as of October 12, 2017</span> is arbitrary and has no basis other than to artificially dilute recoveries by holders of Allowed Class 10A-II HoldCo Rescission or Damage Claims

# Proponents' Demonstrative #1

## PG&E Market Capitalization





# PG&E's Market Capitalization As Actually Alleged – Loss 1



$2,389,044,785

$33,516,113,932

- 10/12/17 Remaining Value
- First Loss (10/12/2017)

# PG&E's Market Capitalization As Actually Alleged – Loss 2



$2,389,044,785

$5,404,892,717

$28,111,216,430

- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)

# PG&E's Market Capitalization As Actually Alleged – Loss 3



- $2,389,044,785
- $5,404,892,717
- $3,405,478,976
- $24,705,737,454

Legend:
- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)

# PG&E's Market Capitalization As Actually Alleged – Loss 4



- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)

$2,389,044,785

$5,404,892,717

$3,405,478,976

$23,507,625,649

$1,198,111,805

# PG&E's Market Capitalization
## As Actually Alleged – Loss 5



$2,389,044,785

$5,404,892,717

$3,405,478,976

$22,634,863,171

$1,198,111,805

$872,762,478

- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)
- Fifth Loss (6/11/2018)

# PG&E's Market Capitalization
## As Actually Alleged – Loss 6



$2,389,044,785

$5,404,892,717

$18,547,709,876

$3,405,478,976

$1,198,111,805

$872,762,478

$4,087,153,295

- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)
- Fifth Loss (6/11/2018)
- Sixth Loss (11/9/2018)

# PG&E's Market Capitalization As Actually Alleged – Loss 7



$2,389,044,785

$5,404,892,717

$14,948,110,401

$3,405,478,976

$1,198,111,805

$872,762,478

$4,087,153,295

$3,599,599,475

- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)
- Fifth Loss (6/11/2018)
- Sixth Loss (11/9/2018)
- Seventh Loss (11/12/2018)

# PG&E's Market Capitalization As Actually Alleged – Loss 8



$2,389,044,785

$5,404,892,717

$11,249,962,813

$3,405,478,976

$3,698,147,588

$4,087,153,295

$3,599,599,475

$1,198,111,805

$872,762,478

- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)
- Fifth Loss (6/11/2018)
- Sixth Loss (11/9/2018)
- Seventh Loss (11/12/2018)
- Eighth Loss (11/14/2018)

# PG&E's Opening Market Capitalization as of 10/12/17 - Less All Fraud-Related Losses



- $2,389,044,785
- $7,178,369,746
- $5,404,892,717
- $3,405,478,976
- $4,071,593,067
- $3,698,147,588
- $3,599,599,475
- $4,087,153,295
- $1,198,111,805
- $872,762,478

Legend:
- 10/12/17 Remaining Value
- First Loss (10/12/2017)
- Second Loss (10/16/2017)
- Third Loss (12/21/2017)
- Fourth Loss (5/29/2018)
- Fifth Loss (6/11/2018)
- Sixth Loss (11/9/2018)
- Seventh Loss (11/12/2018)
- Eighth Loss (11/14/2018)
- Ninth Loss (11/15/2018)

# Nine Fraud-Related Disclosures



# Class Period Stock Price



Case: 19-30088   Doc# 13963-2 Filed: 06/08/23   Entered: 06/08/23 08:30:28   Page 27
of 33

# Distribution Formula

- Issue #1: Use of the PG&E Corporation market capitalization as of October 12, 2017 is arbitrary and has no basis other than to artificially dilute recoveries by holders of Allowed Class 10A-II HoldCo Rescission or Damage Claims

- Fix (Option 1): Petition Date market capitalization

- Fix (Option 2): Market capitalization as of the end of the class period

- Fix (Option 3): Share price (based on multiple of NENI or otherwise) to be determined in mediation with Judge Newsome

# Distribution Formula

- Issue #2: Insurance Offset is improper to the extent it deducts insurance proceeds paid on account of claims against parties other than the debtors

# Distribution Formula

- Issue #2: Insurance Offset is improper to the extent it deducts insurance proceeds paid on account of claims against parties other than the debtors

- Fix: Limit the insurance offset to proceeds paid on account of Allowed HoldCo Rescission or Damage Claims (claims against the debtors), <u>not</u> claims against non-debtor third parties

# Cramdown

- Issue: Class 10A-II **rejected** the plan, but the plan unfairly discriminates against Class 10A-II.

# Cramdown

- Issue: Class 10A-II **rejected** the plan, but the plan unfairly discriminates against Class 10A-II.
- Fixes:
  - Correct the distribution formula to create true pari passu treatment between Class 10A-I
  - Correct the insurance offset in the distribution formula
  - Provide value to Class 10A-II equivalent to the value of the subscription rights being provided to Class 10A-I