WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' TWENTY-FIFTH SECURITIES CLAIMS OMNIBUS OBJECTION (NOTEHOLDER SECURITIES CLAIMS)**<br><br>**Response Deadline:**<br>September 19, 2023, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: October 3, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this omnibus objection based on the release of claims by certain claimants (the "**Objection**") to the proofs of claim identified in the column headed "Released Noteholder Securities Claims" on **Exhibit 1** annexed hereto (the "**Noteholder Securities Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Angela Ferrante, dated August 17, 2023 (the "**Ferrante Declaration**"), in support of this Objection.

The release provisions of the Plan and Confirmation Order (as defined herein) resolve the Noteholder Securities Claims[1] filed by the holders of Utility Senior Note Claims (as defined in Section 1.245 of the Plan). The Plan expressly provides in Section 1.180 (the definition of "Releasing Parties") that the holders of "Utility Senior Note Claims" are Releasing Parties under the Plan. The release set forth in Section 10.9(b) of the Plan and Paragraph 56 of the Confirmation Order (the "**Plan Release**"), then expressly provide that these parties release the Debtors and Reorganized Debtors from "any and all claims . . . based on or relating to . . . the purchase, sale or rescission of the purchase or sale of any security of the Debtors . . . ." Thus, the Noteholder Securities Claims have been expressly released under the Plan. Accordingly, all such claims should be expunged and disallowed, as requested herein.

**I.    JURISDICTION**

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern

---

[1] The Noteholder Securities Claims are proofs of claims filed by holders of Utility Senior Notes (as defined in the Plan) for alleged rescission and/or damage claims arising from the purchase or sale or rescission of Utility Senior Notes. § 1.245.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Court entered an order setting a bar date to file proofs of claim. *See Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code).

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 solely with respect to certain claimants (their claims, the "**Securities Claims**") who the Court determined were "known creditors" that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive, and who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943].

By Order dated June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**"), the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

## III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Bankruptcy Local Rule 3007-1, seeking entry of an order disallowing and expunging the Noteholder Securities Claims.

## IV. Basis For the Objection

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures (as well as Bankruptcy Rule 3007(d)), objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed on some common basis under applicable bankruptcy or non-bankruptcy law. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

This objection sets forth the straightforward application of the release set forth in the Plan and Confirmation Order. There are two questions, both of which are answered by the plain language of the Plan and Confirmation Order. First, are the holders of Utility Senior Note Claims in the Chapter 11 Cases "Releasing Parties" under the Plan such that they have granted the releases set forth in Section 10.9(b) of the Plan and ¶ 56 of the Confirmation Order? Second, does the scope of the release in Section 10.9(b) of the Plan and ¶ 56 of the Confirmation Order cover the Noteholder Securities Claims? The answer to both questions is "yes."

### A. Holders of Utility Senior Note Claims are Releasing Parties

The claimants identified on **Exhibit 1** are all holders of Utility Senior Notes as defined in Section 1.246 of the Plan. Each such claimant held such notes at the time of both the Petition Date and the Effective Date. Each such claimant therefore was afforded the treatment of the Utility Senior Note Claims under the Plan. Notably, pursuant to the Plan all Utility Senior Note Claims either have been reinstated or are otherwise being paid in full, with pre- and post-petition interest.

Section 1.180 of the Plan defines the term "Releasing Parties" to include "(m) the holders of

Utility Senior Note Claims." Utility Senior Note Claims are defined by the Plan as, "collectively, Utility Impaired Senior Note Claims, Utility Reinstated Senior Note Claims, and Utility Short-Term Senior Note Claims." Plan § 1.245. Each of these is in turn very broadly defined as "any Claim arising under, or related to" the specific senior debt instrument under which the specific type of note (Utility Impaired Senior Note, Utility Reinstated Senior Note and Utility Short-Term Senior Notes) was issued and which governs those notes. Plan §§ 1.227, 1.238, 1.250. All of the claimants on **Exhibit 1** are holders of Utility Senior Note Claims under the Plan and are "Releasing Parties."

B. <u>The Plan Release Expressly Covers Securities Claims</u>

The Plan Release provides, in relevant part, that:

> **[T]he Released Parties, are deemed forever released** and discharged, to the maximum extent permitted by law and unless barred by law, **by the Releasing Parties from any and all claims,** interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, **based on or relating to, or in any manner arising from**, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors,** the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan . . . .

Plan § 10.9(b) (emphasis added). These provisions could not be clearer that they cover the Noteholder Securities Claims. The Plan Release states that the Reorganized Debtors and Debtors are released "by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever . . . based on or relating to, or in any manner arising from . . . the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan." Indeed, as this Court has previously found, Section 10.9(b) does not have any "limitation on the extent and breadth of what has

been released." *In re PG&E Corp.*, No. 19-30088, 2020 WL 9211213, at *3 (Bankr. N.D. Cal. Oct. 22, 2020). As stated above, the Noteholder Securities Claims plainly fall within the broad purview of claims released under the Plan and Confirmation Order.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the Claimants whose Noteholder Securities Claims are subject to this Objection; (ii) the claim numbers of the Noteholder Securities Claims that are the subject of this Objection; (iii) the amount of the claim asserted in each Noteholder Securities Claim, or a statement that the Noteholder Securities Claim seeks an unliquidated amount; and (iv) the grounds for this Objection. The Reorganized Debtors will give notice to the holder(s) of each of the Noteholder Securities Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

The Reorganized Debtors and Kroll have reviewed the Noteholder Securities Claims. *See* Ferrante Decl. ¶ 2. Accordingly, the Reorganized Debtors submit that the Claimants identified in **Exhibit 1** have released their Claims against the Debtors and Reorganized Debtors.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Noteholder Securities Claims listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Noteholder Securities Claims on any other grounds. *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.J.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Noteholder Securities Claims listed in **Exhibit 1**; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron

M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) disallowing and expunging the Noteholder Securities Claims listed on **Exhibit 1** hereto, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: August 17, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*

*Attorneys for Debtors and Reorganized Debtors*