Kizzy L. Jarashow (*pro hac vice*)
Stacy Dasaro (*pro hac vice*)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
The New York Times Building
New York, NY 10018
Tel.: +1 212 813 8800
Fax.: +1 212 355 3333
Email: kjarashow@goodwinlaw.com
      sdasaro@goodwinlaw.com

*Attorneys for MML Investment Advisers, LLC on behalf of the MassMutual Funds*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,<br><br>            Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>Date:    August 23, 2023<br>Time:   10:00 a.m. (PT)<br>Before: (Telephonic Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, California 94102 |

**JOINDER OF MML INVESTMENT ADVISERS, LLC
ON BEHALF OF THE MASSMUTUAL FUNDS TO THE
SUPPLEMENTAL BRIEF REGARDING THE SECURITIES
PLAINTIFFS' MOTION FOR THE APPLICATION OF BANKRUPTCY
RULE 7023 AND CERTIFICATION OF A CLASS OF SECURITIES CLAIMANTS**

MML Investment Advisers, LLC ("MML Advisers") hereby submits this joinder (the "Joinder") on behalf of MM S&P 500® Index Fund; MM Select Equity Asset Fund[1]; MassMutual Select Diversified Value Fund[2]; MassMutual Select Equity Opportunities Fund[3]; MassMutual Select Mid-Cap Value Fund[4]; MassMutual Select T. Rowe Price Large Cap Blend Fund;

---

[1] MM Select Equity Asset Fund has been renamed MM Equity Asset Fund.
[2] MassMutual Select Diversified Value Fund has been renamed MassMutual Diversified Value Fund.
[3] MassMutual Select Equity Opportunities Fund has been renamed MassMutual Equity Opportunities Fund.
[4] MassMutual Select Mid-Cap Value Fund has been renamed MassMutual Mid Cap Value Fund.

MassMutual Select T. Rowe Price Small and Mid-Cap Blend Fund; MassMutual Premier Disciplined Value Fund[5]; MassMutual Premier Main Street Fund[6]; MML Blend Fund; MML Equity Fund; MML Equity Income Fund; MML Equity Index Fund; MML Income & Growth Fund; MML Managed Volatility Fund; MML Mid Cap Value Fund; MassMutual Select Strategic Bond Fund[7]; MassMutual Premier Balanced Fund[8]; and MML Dynamic Bond Fund (collectively, the "MassMutual Funds"), to the *Supplemental Brief Regarding The Securities Plaintiffs' Motion For The Application Of Bankruptcy Rule 7023 And Certification Of A Class Of Securities Claimants* (the "PERA Statement") in response to the *Order Regarding Continued Hearing On Motion For The Application Of Bankruptcy Rule 7023* dated August 8, 2023 (the "August 8 Order") [ECF No. 13952]. In support hereof, MML Advisers respectfully states as follows:

## BACKGROUND

**A.     The MassMutual Claims**

1.     Each MassMutual Fund is a Securities Claimant[9] who timely filed proofs of claims against the Debtors in accordance with the Extended Bar Date Order.[10] Specifically, on April 14 and April 15, 2020, the MassMutual Funds filed forty (40) proofs of claim (the "MassMutual Claims") against PG&E Corporation ("PG&E") and Pacific Gas and Electric Company ("Pacific Gas and Electric", and together with PG&E, the "Debtors").[11] In addition, MassMutual timely submitted all supplemental trading information requested by the Debtors on April 28, 2021 and June 8, 2021, in compliance with the *Order Approving Securities ADR and Related Procedures For Resolving Subordinated Securities Claims* (the "ADR Procedures Order").

2.     The MassMutual Funds are among the 4,000 securities claimants whose claims remain unresolved. The MassMutual Claims went unaddressed for over two and a half years.

---

[5] MassMutual Premier Disciplined Value Fund has been renamed MassMutual Disciplined Value Fund.
[6] MassMutual Premier Main Street Fund has been renamed MassMutual Main Street Fund.
[7] MassMutual Select Strategic Bond Fund has been renamed MassMutual Strategic Bond Fund.
[8] MassMutual Premier Balanced Fund has been renamed MassMutual Balanced Fund.
[9] For purposes of this Joinder, a "Securities Claimant" is a holder of claims against the Debtors based on allegations set forth in the case captioned *In re PG&E Corp. Sec. Litig.*, Case No. 18-03509 pending in the United States District Court for the Northern District of California (the "Securities Litigation").
[10] *See Order (I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (II) Extending Bar Date For Certain Holders of Securities Claims For Rescission or Damages* (ECF No. 5943) (the "Extended Bar Date Order").
[11] Annexed hereto as Exhibit A is a complete list of the MassMutual Claims.

3. On August 14, 2023—and only after MassMutual made repeated efforts to have its claims addressed—the Reorganized Debtors made an initial offer to resolve the MassMutual Claims under the ADR Procedures Order.[12] MassMutual has until September 18, 2023 to provide the Reorganized Debtors a response. If the offer-counteroffer process is unsuccessful, then the MassMutual Claims will proceed to mediation. If the mediation is unsuccessful, then the MassMutual Claims will be subject to further litigation on an uncertain timeline which may or may not be coordinated with other similarly situated Securities Claimants.

**B.    The Rule 7023 Motion**

4. On July 7, 2023 PERA filed the Rule 7023 Motion. (ECF No. 13865) MML Advisers joined the Rule 7023 Motion. (ECF No. 13869) On July 25, 2023, the Reorganized Debtors and the RKS Claimants opposed the Rule 7023 Motion. (ECF Nos. 13922, 13918) On August 1, 2023, PERA filed its reply in further support of the Rule 7023 Motion. (ECF No. 13940)

5. On August 8, 2023, the Court issued the August 8 Order directing simultaneous supplemental briefing with respect to eight questions. The Court specifically requested that the parties not repeat arguments set forth in the Rule 7023 Motion or the oppositions.

## JOINDER

6. In further support of the Rule 7023 Motion and in response to the questions raised in the August 8 Order, MML Advisers respectfully submits that a parallel process, where class certification proceeds in tandem with the ADR Procedures, is the "most practical and legally permissible way" to resolve the Securities Claims. (August 8 Order at 2-3)

*I.    Whether PERA's Proposed Rule 7023 Procedure Has An Adverse Effect On The Pending ADR Procedures And On The Reorganized Debtors Apart From Their Cost To Defend All Of the Matters If the Motion Is Granted.*

7. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question I, and adopts and incorporates them herein by reference.

8. Furthermore, MML Advisers submits that the Reorganized Debtors will not suffer an adverse effect if the proposed Rule 7023 Procedures are granted. To the contrary, the

---

[12] The MassMutual Funds and the Reorganized Debtors agreed to certain modifications of the ADR Procedures Order with respect to the timing of any settlement offer and/or continued litigation with respect to the MassMutual Claims.

Reorganized Debtors will benefit from the consolidated briefing and related cost efficiencies resulting from litigating common legal and factual issues through the Rule 7023 process.

9. The MassMutual Funds are themselves an example. Under PERA's proposal, the MassMutual Funds will continue in the ADR Procedures settlement process until the earlier to occur of a consensual settlement or the proposed opt-out deadline. The timeline proposed by PERA provides for ample time between now and the proposed opt-out deadline for the MassMutual Funds to continue efforts to resolve their claims via the ADR Procedures within a reasonable time. If no resolution is reached under the ADR Procedures before the opt-out deadline, the MassMutual Claims could be resolved in a single coordinated process under the Rule 7023 Procedures. Of particular benefit to the Reorganized Debtors is the fact that, under the Rule 7023 Procedures, a coordinated class-wide mediation could resolve a substantial portion of the Securities Claims before any party, including the Debtors, expends significant time and resources on litigation.

10. A facile transition between the ADR process and the Rule 7023 Procedures alleviates a burden on the Reorganized Debtors to determine when and how to proceed with litigation on Securities Claims that could not be resolved under the ADR Procedures, and allows the Reorganized Debtors to avoid the costs and delays attendant to briefing and litigating common factual and legal issues numerous times with thousands of different claimants.

11. Undoubtedly, if the Rule 7023 Procedures are approved, the Reorganized Debtors will be left with a smaller pool of Securities Claimants with which it must litigate on an individual basis, which creates efficiencies and cost benefits for the Reorganized Debtors not available under the ADR Procedures.[13]

12. While MML Advisers remains hopeful a resolution of the MassMutual Claims can be reached prior to the opt-out deadline, it must also consider the possibility that the claims will not be resolved consensually. In the event that a consensual resolution cannot be reached,

---

[13] If the Court denies the Rule 7023 Motion, the MassMutual Funds respectfully submits that consolidated briefing on common issues should be ordered with respect to any Securities Claimant who wishes to participate in such consolidated briefing, regardless of such Securities Claimant's posture under the ADR Procedures.

MassMutual strongly prefers that any post-ADR litigation occur in the context of the consolidated Rule 7023 Procedures.

***II. If the Court provides an opt-out option under Rule 7023, do specific claimants have the right to opt back in if the ADR Procedures are unsuccessful as to them?***

13. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question II, and adopts and incorporates them herein by reference.

***III. What is the harm to permitting an opt-in option instead of what PERA proposes? The authorities cited suggest the only opt-out option appears in FRCP 23, but nothing appears to prohibit it.***

14. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question III, and adopts and incorporates them herein by reference.

***IV. Is there any bankruptcy case other than this one where a class action has been considered at the same time something akin to the ADR procedures here (which clearly has its own "opt-out" option available to claimants who reject the best settlement offer of the Reorganized Debtors?***

15. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question IV, and adopts and incorporates them herein by reference.

***V. If the court grants the Motion, what happens after class certification, notice and the opt-out deadline? More specifically, assuming there is no consensual resolution between PERA and the Reorganized Debtors via efforts to settle any class action, on what timeline would the court expect to set pre-trial and trial scheduling matters?***

16. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question V, and adopts and incorporates them herein by reference.

***VI. If the ADR procedures are unsuccessful, what would be the estimated pre-trial and trial scheduling for adjudication of the remaining claims under the traditional claims objection process?***

17. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question VI, and adopts and incorporates them herein by reference.

18. Additionally, MML Advisers submits that absent a class process, resolution of its claims under the ADR Procedures is likely to take years. Indeed, it took more than two years for the Reorganized Debtors to provide an initial offer under the ADR Procedures. It is therefore unrealistic that the Reorganized Debtors could resolve the thousands of unresolved claims on a

more accelerated timeline, or more efficiently, than under a class-wide procedure that would streamline all stages of litigation from dispositive motions to fact discovery, depositions, and expert discovery, and all disputes that would arise in that context.

> ***VII. Assume parallel tracks for ADR and Rule 7023 procedures, neither of which are entirely successful, when will it be appropriate to consolidate matters to avoid duplication of matters such as expert testimony?***

19. MML Advisers hereby joins in all of the arguments contained in the PERA Statement with respect to Question VII, and adopts and incorporates them herein by reference.

20. Additionally MML Advisers submits that if the proposed class-wide mediation fails, then all pre-trial matters and trial can and should be coordinated. In addition to all of the benefits and justifications set forth in the PERA Statement, early consolidation of issues will ensure that all Securities Claimants have an opportunity to participate in all aspects of the litigation without the downside risk of potential preclusion or law of the case doctrines if a particular claim by another Securities Claimant is adjudicated to finality on a different timeline.

## **CONCLUSION**

For the reasons set forth herein and in the PERA Statement, MML Advisers strongly believes that a single, coordinated process for the resolution of all remaining Securities Claimants is the only workable, efficient solution and is in the best interest of the estates and each of their constituents, and therefore reiterates its support for, and request that the Court grant the Rule 7023 Motion and such other and further relief as may be just and proper.

Dated: August 18, 2023

Respectfully submitted,

By: /s/ *Kizzy L. Jarashow*

Kizzy L. Jarashow (*pro hac vice*)
Stacy Dasaro (*pro hac vice*)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
The New York Times Building
New York, NY 10018
Tel.: +1 212 813 8800
Fax.: +1 212 355 3333
Email: kjarashow@goodwinlaw.com
       sdasaro@goodwinlaw.com

*Attorneys for MML Investment Advisers LLC, on behalf of the MassMutual Funds*

**Exhibit A**

| | Fund Name | Equity / Debt | PG&E Claim No. | Pac. Gas & Elec. Claim No. |
|---|---|---|---|---|
| 1 | MM S&P 500® Index Fund | Equity | 99486 | 99516 |
| 2 | MM Select Equity Asset Fund[14] | Equity | 99723 | 99683 |
| 3 | MassMutual Select Diversified Value Fund[15] | Equity | 100099 | 99773 |
| 4 | MassMutual Select Equity Opportunities Fund[16] | Equity | 99525 | 99528 |
| 5 | MassMutual Select Mid-Cap Value Fund[17] | Equity | 100395 | 100452 |
| 6 | MassMutual Select T. Rowe Price Large Cap Blend Fund | Equity | 100363 | 100181 |
| 7 | MassMutual Select T. Rowe Price Small and Mid Cap Blend Fund | Equity | 99529 | 99531 |
| 8 | MassMutual Premier Balanced Fund[18] | Equity | 100489 (Amended) | 100501 (Amended) |
| 9 | MassMutual Premier Disciplined Value Fund[19] | Equity | 99706 | 99544 |
| 10 | MassMutual Premier Main Street Fund[20] | Equity | 100197 | 100254 |
| 11 | MML Blend Fund | Equity | 100038 | 100036 |
| 12 | MML Equity Fund | Equity | 99804 | 99801 |
| 13 | MML Equity Income Fund | Equity | 100457 | 100456 |
| 14 | MML Equity Index Fund | Equity | 100291 | 100186 |
| 15 | MML Income & Growth Fund | Equity | 100222 | 100102 |
| 16 | MML Managed Volatility Fund | Equity | 100462 | 100425 |
| 17 | MML Mid Cap Value Fund | Equity | 100164 | 100423 |
| 18 | MassMutual Select Strategic Bond Fund[21] | Debt | 100454 | 100453 |
| 19 | MML Dynamic Bond Fund | Debt | 100374 | 100404 |

---

[14] MM Select Equity Asset Fund has been renamed MM Equity Asset Fund.
[15] MassMutual Select Diversified Value Fund has been renamed MassMutual Diversified Value Fund.
[16] MassMutual Select Equity Opportunities Fund has been renamed MassMutual Equity Opportunities Fund.
[17] MassMutual Select Mid-Cap Value Fund has been renamed MassMutual Mid Cap Value Fund.
[18] MassMutual Premier Balanced Fund has been renamed MassMutual Balanced Fund.
[19] MassMutual Premier Disciplined Value Fund has been renamed MassMutual Disciplined Value Fund.
[20] MassMutual Premier Main Street Fund has been renamed MassMutual Main Street Fund.
[21] MassMutual Select Strategic Bond Fund has been renamed MassMutual Strategic Bond Fund.