**LABATON SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF FILING ADDITIONAL CASE LAW PURSUANT TO AUGUST 23, 2023 OMNIBUS HEARING** |

Movant Public Employees Retirement Association of New Mexico ("Securities Lead Plaintiff" or "PERA") hereby submits the Civil Case Management Plan from *City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't, Inc.*, No. 1:20-cv-02031-JSR (S.D.N.Y. Aug. 19, 2020), attached hereto as **Exhibit A**, which was referenced by counsel for PERA during the August 23, 2023 Omnibus Hearing before the Court in connection with PERA's motion for the application of Bankruptcy Rule 7023 and the certification of a class of Securities Claimants (ECF 13865).

Dated: August 23, 2023

Respectfully submitted,

**MICHELSON LAW GROUP**

By: */s/ Randy Michelson*
Randy Michelson (SBN 114095)
*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and –

**LABATON SUCHAROW LLP**
*Lead Counsel to Securities Lead Plaintiff and the Class*

- and -

**LOWENSTEIN SANDLER LLP**
*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, Individually and On Behalf of All Others Similarly Situated,

   Plaintiff,

vs.

WORLD WRESTLING ENTERTAINMENT, INC., VINCENT K. McMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON,

   Defendants.

No. 1:20-cv-02031-JSR

---

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN

**This Court requires that this case shall be ready for trial on February 22, 2021.**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.   The case is to be tried to a jury.

B.   Defendants shall file their Answer to the Consolidated Amended Class Action Complaint (ECF 57) by **August 28, 2020**.

C.   Joinder of additional parties must be accomplished by **September 23, 2020**.

D.   Amended pleadings may be filed without leave of Court until **October 8, 2020**.

E.   Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

  1.   <u>Initial Disclosures</u>: Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be served by **August 24, 2020**.

  2.   <u>Documents</u>. First request for production of documents, if any, must be served by **August 26, 2020**. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of

discovery as set forth in item 7 below. The parties shall substantially complete document productions by **October 16, 2020**, except Lead Plaintiff shall complete its production of documents for class certification by **October 6, 2020**, and documents shall be produced on a rolling basis.

3. Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days prior to the date of the close of fact discovery. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

4. Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **December 11, 2020** and shall disclose the type of any such expert by **November 11, 2020**. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **December 30, 2020** and shall disclose the type of any such expert by **November 30, 2020**. Rebuttal expert reports shall be submitted **by January 13, 2021**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

5. Depositions. All depositions (including any expert depositions, see item 4 above) must be completed by **January 19, 2021**. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court. Fact depositions shall be completed by **December 4, 2020** and expert depositions shall be completed by **January 19, 2021**.

6. Requests to Admit. Requests to Admit, if any, must be served no later than 30 days prior to the date of the close of fact discovery.

7. All discovery is to be completed by **January 19, 2021**. Interim deadlines for items 1–6 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date of January 19, 2021. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

F.  Class Certification:

1. Lead Plaintiff shall file its motion for class certification and serve supporting expert reports, if any, by **October 6, 2020**. The deadline for Defendants to take depositions of Lead Plaintiff related to class certification and any expert supporting class certification is **October 23, 2020**.

2. Defendants shall file their opposition and serve supporting expert reports, if any, by **November 3, 2020**.

3. All class certification discovery and depositions shall be completed by **November 20, 2020**.

4. Lead Plaintiff shall file its reply by **November 24, 2020**.

5. *[handwritten]* The Court will hear oral argument on class certification on December 3, 2020 at 4pm.

G.  Post-discovery summary judgment motions and any Daubert motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed <u>no later than one week following the close-of-discovery date (item E-7 above)</u> and provided that the moving papers are served by **January 25, 2021**, answering papers by **February 8, 2021**, and reply papers by **February 15, 2021** [the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

H.  A final pre-trial conference, as well as oral argument on any post-discovery summary judgment and/or Daubert motions, shall be held on *2/22/21 at 4pm* [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

I.  All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:   New York, New York

         8/19/20