WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' TWENTY-SIXTH SECURITIES CLAIMS OMNIBUS OBJECTION (SECURITIES ADR NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**October 3, 2023, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: October 17, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br>       United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this twenty-sixth securities claims omnibus objection (the "**Objection**") to the proofs of claims identified in the column headed "Claim(s) to be Disallowed and Expunged" on **Exhibit 1** annexed hereto. Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Robb McWilliams (the "**McWilliams Declaration**"), in support of this Objection.

This Objection seeks to disallow and expunge proofs of claim filed by Securities Claimants only where those Securities Claimants have failed to respond to settlement offers made pursuant to this Court's Securities Procedures (as defined below) notwithstanding multiple efforts by the Reorganized Debtors and their advisors to notify those Claimants of the offers and to encourage them to respond as contemplated by the procedures approved by this Court. This objection provides another, last, opportunity for a claimant to comply with the Court-ordered procedures by responding to the offers made by the Reorganized Debtors: for any claimant who responds to the outstanding offer prior to a court order disallowing and expunging their proof of claim, the Reorganized Debtors will withdraw the Objection as to their claim.

The Court has already granted nearly identical relief with respect to the twenty-second omnibus objection [Dkt No.13981] and the general unsecured claims on multiple occasions. [Dkt. Nos. 10864, 11321, 11431].

## I. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Court entered an order setting a bar date to file proofs of claim. *See Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code).

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 (the "**Extended Securities Bar Date**") solely with respect to certain claimants (the "**Securities Claimants**," and their claims, the "**Securities Claims**") who the Court determined were "known creditors" that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive, and who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities [Docket No. 5943] (the "**Extended Securities Bar Date Order**").

By Order dated June 20, 2020 [Docket No. 8053], the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 10015] (the "**Securities ADR**

**Procedures Order**"). As discussed in more detail below, the Securities ADR Procedures Order contemplates both settlement offer and mediation procedures in aid of the resolution of Securities Claims. Pursuant to the Securities ADR Procedures Order, the Bankruptcy Court incorporated Bankruptcy Rule 3007(d). *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.C. The Bankruptcy Court also approved, among other things, procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"), including Securities Claims that are "objectionable under applicable bankruptcy or non-bankruptcy law." Securities ADR Procedures Order, Ex. A-3 ¶ I.C.4.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Securities ADR Procedures Order, seeking entry of an order disallowing and/or expunging the proofs of claims identified in the column headed "Claim(s) to be Disallowed and Expunged" on **Exhibit 1** annexed hereto (the "**Securities ADR No Liability Claims**").

The holders of the Securities ADR No Liability Claims (the "**Claimants**") have failed to respond to multiple attempts by the Reorganized Debtors to alert them of the offers, and they therefore have failed to comply with the Securities ADR Procedures and under Section IV.E of the Securities ADR Procedures Order, the Bankruptcy Court may "disallow and expunge" such Securities Claims. Specifically, the Claimants have failed to comply with Section II of the Securities ADR Procedures Order (the "**Offer Procedures**") by not responding to settlement offers, despite multiple follow-up attempts by the Reorganized Debtors.

The Reorganized Debtors sent each of the Claimants that are the subject of this Motion a Settlement Offer pursuant to the Offer Procedures, and specifically the Securities Procedures at Section II.A. The Settlement Offer provided each Claimant with detailed instructions on how to respond to the Settlement Offer, including through the Securities Claims Settlement Portal, by email, or by mail. The Settlement Offer notified each Claimant that the Securities ADR Procedures Order requires the Claimant to accept, reject, or make a counteroffer by the Settlement Response Deadline. After the Settlement Offers were issued, if a Claimant listed in **Exhibit 1** set forth a valid telephone number in their proof of

claim, AlixPartners attempted a reminder call to each such Claimant by phone to notify them of the Settlement Offer.

Where a Claimant failed to respond to the Settlement Offer by the Settlement Response Deadline, the Reorganized Debtors sent such Claimant an offer reminder (the "**Offer Notice Reminder**") by email. The Reorganized Debtors provided all Claimants listed in **Exhibit 1** with at least one reminder email notifying the Claimant of the pendency of the Settlement Offer. In addition, on or about June 30, 2023, a hardcopy mailing was sent to each Claimant listed in **Exhibit 1** to inform them of their outstanding settlement offer. These reminder communications provided each Claimant with detailed instructions on how to respond to the Settlement Offer, including through the Securities Claims Settlement Portal, by email, or by mail. These reminder communications also notified each Claimant that the Securities ADR Procedures Order requires the Claimant to accept, reject, or make a counteroffer by the Settlement Response Deadline.

The Reorganized Debtors did not receive an acceptance, rejection, or counteroffer, by the Settlement Response Deadline, nor have they received any acceptance, rejection, or counteroffer up until the date of the filing of this Objection, with respect to any of the Claims identified in **Exhibit 1** hereto.

Each of the Claimants identified in **Exhibit 1** received Settlement Offers in early 2023 and have had their Settlement Offers outstanding for over six months. These Claimants have not accepted, rejected or provided a counteroffer to their Settlement Offers on the Securities Claims Settlement Portal that the Reorganized Debtors' professionals have established to streamline a Claimant's ability to resolve their Claims and these Claimants have not provided an acceptance, rejection, or counteroffer to the Settlement Offer by other means. Thus, these Claimants are in violation of the Securities ADR Procedures Order. Of equal importance, as part of their efforts to move the securities claims resolution process ahead, the Reorganized Debtors need, as a practical matter, resolution of these outstanding claims. The Reorganized Debtors have provided ample opportunity for these Claimants to respond. The Reorganized Debtors thus request that the Securities ADR No Liability Claims be disallowed and expunged. As noted above, the Court has previously disallowed and expunged claims on this precise basis in connection with the twenty-second omnibus objection [Dkt No. 13981] and on numerous

instances under the General ADR Procedures [Dkt Nos. 10864, 11321, 11431] and should do so here as well. Should any Claimant come forth in response to this Objection by responding to their Settlement Offer by accepting the offer by the Reorganized Debtors, rejecting the offer by the Reorganized Debtors, or providing a counteroffer, the Reorganized Debtors are willing to withdraw the Objection as to that Claim.

## IV. ARGUMENT

### A. The Securities ADR No Liability Claims Should be Disallowed and Expunged

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities Claims Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures (as well as Bankruptcy Rule 3007(d)), objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed on some common basis under applicable bankruptcy or non-bankruptcy law. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection. Under Section IV.E of the Securities ADR Procedures Order, the Bankruptcy Court may "disallow and expunge" Securities Claims for failure to comply with the Securities ADR Procedures Order.

In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the Claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each proof of claim, or a statement that the claim seeks an unliquidated amount; and (iv) the grounds for this Objection. The Reorganized Debtors will give notice to the holder(s) of each of the Securities ADR No Liability, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

The Reorganized Debtors and AlixPartners, LLP have reviewed the Securities ADR No Liability Claims, and have identified those claims where Claimants have failed to timely respond to their Settlement Offer. *See* McWilliams Decl. ¶ 2. Accordingly, the Reorganized Debtors submit that the

Claimants identified in **Exhibit 1** have failed to comply with the Securities ADR Procedures Order and whose Claims should be disallowed and expunged in their entirety. If any Claimant believes that it has properly complied with the ADR Procedures Order, it must present affirmative evidence demonstrating that compliance.

V.   **RESERVATION OF RIGHTS**

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Securities ADR No Liability Claims on any other grounds. *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.J.

VI.   **NOTICE**

Notice of this Objection will be provided to (i) holder(s) of the Securities ADR No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) disallowing and expunging the claims listed on **Exhibit 1** hereto, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: August 31, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
      Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*