```
 1  LAWRENCE A. JACOBSON, SBN 057393
    SEAN M. JACOBSON, SBN 227241
 2  COHEN AND JACOBSON, LLP
    66 Bovet Road, Suite 285
 3  San Mateo, CA 94402
    Telephone: (650) 261-6280
 4  laj@cohenandjacobson.com

 5  Attorneys for Amir Shahmirza
    (Agent for Komir, Inc.) and Komir, Inc.
 6
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | |
| | **Date:** December 5, 2023<br>**Time:** 10:00 a.m.<br>**Place:** **(Tele/Videoconference Appearances Only)**<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 1 of 16

Table of Contents

I.    INTRODUCTORY STATEMENT OF THE ISSUE TO BE DETERMINED. . . . . . . . 1

II.   THE MEMORANDUM DECISION ON CLAIMANT'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND PG&E'S COUNTER-MOTION DETERMINED THAT:
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      (1)   PG&E HOLDS NO RIGHTS UNDER ANY RECORDED EASEMENTS . . . . 2

      (2)   PG&E FAILED TO ESTABLISH ITS CLAIM OF PRESCRIPTIVE EASEMENT.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            A.   Debtors Hold No Rights under Any Recorded Document Entitling Debtors to Place Their Transmission Lines Across Claimant's Property. . . . . . . . . . . . . . . 2

            B.   By Their Prior Counter-Motion to Summary Judgment #1, Debtors Failed to Establish Their Alternative Claim That They Held a Prescriptive Right for its Transmission Lines. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            C.   The Memorandum Decision Recognized That Prior to 2018 PG&E Occupied the Space above the Property by Consent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  LEGAL STANDARD FOR GRANTING SUMMARY JUDGMENT . . . . . . . . . . . . . . . 3

IV.   THE RELEVANT OPERATIVE FACTS COMPEL DETERMINATIONS THAT: . . . 4

      (1)   PG&E CANNOT, UNDER ANY THEORY, OBTAIN ANY "PRESCRIPTIVE EASEMENT" FOR ITS CLAIM OF EXCLUSIVE USE OF THE AREA OCCUPIED BY ITS TRANSMISSION LINES DUE TO NON-PAYMENT OF REAL PROPERTY TAXES

            AND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      (2)   PG&E CANNOT ESTABLISH, AND THE RELEVANT FACTS PRECLUDE, ANY PRESCRIPTIVE EASEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.    THE APPLICABLE LAW COMPELS A DETERMINATION THAT PG&E DOES NOT HOLD ANY PRESCRIPTIVE RIGHTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.   Summary of Legal Conclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B.   PG&E Holds No Prescriptive Rights to Exclusive Use of the Area Occupied by the Old Transmission Lines or the New Transmission Lines Because it Failed to Pay the Real Property Taxes Assessed Against the Property or the Area of Claimed Exclusive Use. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      C.   No Prescriptive Rights Arise When the Occupancy Is Permissive. . . . . . . . . . 9

      D.   Komir Terminated its Consent to the Transmission Lines and Filed its Lawsuit

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**      i

Case: 19-30088   Doc# 14007-1   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 2 of 16

**Contesting the Transmission Lines Within less than One Year after the Dispute Regarding Them Arose.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** ii

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 3 of 16

**Table of Authorities**

**Cases**

*Ajax Magnolia One Corp. v. So. Cal. Edison Co.* (1959) 167 Cal.App.2d 743 . . . . . . . . . . . . . . . . 8

*Blackmore v. Powell* (2007) 150 Cal.App.4th 1593 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chelates Corp. v. Citrate* (1986) 477 US 317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*City of Los Angeles v. Igna* (1962) 208 Cal.App.2d 338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Delbon Radiology v. Turlock Diagnostic Ctr.* (E.D. Cal. 1993) 839 F. Supp. 1388 . . . . . . . . . . . . 4

*Gray v. McCormick* (2008) 167 Cal.App.4th 1019. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Guerra v Packard* (1965) 236 CA2d 272 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hansen v Sandridge Partners, L.P.* (2018) 22 CA 5th 1020 . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Jones v. Tierney-Sinclair* (1945) 71 Cal.App.2d 366 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kapner v. Meadowlark Ranch Assn.* (2004) 116 Cal.App.4th 1182. . . . . . . . . . . . . . . . . . . . . . . 8

*Los Angeles Brick etc. Co. v.City of Los Angeles* (1943) 60 Cal.App.2d 478 . . . . . . . . . . . . . . . . 9

*Mehdizadeh v Mincer* (1996) 46 Cal.App.4th 1296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pasadena v. California-Michigan etc. Co.* (1941) 17 Cal.2d 576 . . . . . . . . . . . . . . . . . . . . . . . . 7

*Raab v Casper* (1975) 51 Cal.App.3d 866,. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Silacci v. Abramson* (1996) 45 Cal.App.4th 558son (1996) 45 . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Smith v Skrbek* (1945) 71 CA2d 351, 358. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes**

California Civil Code § 325 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 10

Federal Rules of Civil Procedure, Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Texts**

*Corpus Juris Secundum*, 28 C.J.S. 668, § 18 (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    iii

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 4 of 16

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits the following points and authorities in support of Claimant's Second Motion for Partial Summary Judgment of Issues in Reorganized Debtors Objection to Claim #2090 and Claimant's Response Thereto ("Summary Judgment #2).

## I. INTRODUCTORY STATEMENT OF THE ISSUE TO BE DETERMINED.

In PG&E's prior pleadings in this case, including the Objection to Claim #2090, as well as Debtors' pleadings in response to Claimant's first Motion for Partial Judgment and in its Counter-Motion, PG&E asserted that (1) it held rights under recorded documents which allowed it to locate High Voltage Transmission Lines across Komir's Property or, alternatively, (2) it held prescriptive rights.

By the Court's Memorandum Decision and Orders pertaining to the first round of competing Motions for Summary Judgment, discussed below, the Court determined that PG&E has no such rights under recorded documents and that PG&E failed to establish prescriptive rights in that, *inter alia*, occupation prior to 2018 occurred by consent (and, hence, not by prescriptive easement).

Komir's consent terminated in 2018 when PG&E altered the configuration that had previously existed. Upon ascertaining the occurrence of the reconfiguration, Komir's officer Amir Shahmirza wrote to PG&E's "land agent" on September 18, 2018, as follows:

> "Mr. Scott Brady
>
> Please stop work on overhead lines over 800 walnut San Bruno. New tower installed without Komir's permission is closer to Komir's lot line and the overhead wires are lower to ground than previous lines.
>
> As previously discussed PG&E does not have any easement for overhead lines and existing lines shall not be modified without written permission from Komir Inc. Please stop work on overhead lines over 800 walnut San Bruno until PG&E obtains a written agreement from Komir.
> Pictures are attached.
> Best regards,
> Amir Shahmirza
> Komir Inc."

Upon PG&E's refusal to stop work and seek permission, on November 9, 2018 Komir filed its

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**  1

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 5 of 16

lawsuit against PG&E for trespass and other relief.

By this Motion, Claimant seeks this Court's order finding that PG&E holds no prescriptive rights because (1) occupation only became "hostile" in or about September, 2018, with the lawsuit filed on November 9, 2018, and, (2) regardless of any claim of prescription by hostile occupation, PG&E never paid the real property taxes that is a statutory prerequisite to any claim of easement.

**II. THE MEMORANDUM DECISION ON CLAIMANT'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND PG&E'S COUNTER-MOTION DETERMINED THAT:**

    **(1) PG&E HOLDS NO RIGHTS UNDER ANY RECORDED EASEMENTS AND**

    **(2) PG&E FAILED TO ESTABLISH ITS CLAIM OF PRESCRIPTIVE EASEMENT.**

Claimant discusses below the effect of the Orders entered pursuant to the Memorandum Decision as well as the effect of the Court's comments in the Memorandum Decision on the facts and circumstances.

    **A. Debtors Hold No Rights under Any Recorded Document That Would Entitle Debtors to Place Their Transmission Lines Across Claimant's Property.**

Claimant previously filed its Motion for Partial Summary Judgment ("Summary Judgment #1) that presented for summary adjudication one issue, namely that any and all easement rights under documents recorded in 1901, 1910, and in 1923 were extinguished by a prior condemnation of the Property.

On June 12, 2023, the Court entered its Memorandum Decision on Motion for Partial Summary Judgment and Counter-motion for Summary Judgment in which the Court stated its determination that all easements provided to PG&E under recorded documents had been extinguished by the condemnation process described in the moving and supporting pleadings for Summary Judgment #1. See Request for Judicial Notice, Exhibit 1.

Also on June 12, 2023, based upon the Memorandum Decision, the Court entered its Order Granting Motion for Summary Judgment on Claimant's Motion. See Request for Judicial Notice,

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 2

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 6 of 16

Exhibit 2.

    **B.    By Their Prior Counter-Motion to Summary Judgment #1, Debtors Failed to Establish Their Alternative Claim That They Held a Prescriptive Right for its Transmission Lines.**

By their Counter-Motion for Partial Summary Judgment, the Debtors asserted their argument in the alternative that, if the Court determined that PG&E held no rights under recorded documents, PG&E is nonetheless entitled to place transmission lines (at some location and at some height) across Claimant's Property under a right of prescriptive easement.

By its Order Denying Motion for Summary Judgment entered on June 12, 2023, with respect to PG&E's Counter-Motion, the Court also determined that PG&E could not hold, and did not hold, the prescriptive rights asserted by it. *See* Request for Judicial Notice, Exhibit 3.

    **C.    The Memorandum Decision Recognized That Prior to 2018 PG&E Occupied the Space above the Property by Consent.**

As set forth in the moving and supporting pleadings related to Summary Judgment #1, and as discussed in the Facts section below, the circumstances pertaining to the Transmission Lines changed in 2018; a controversy developed in 2018 concerning the changes to the Transmission Lines; and Claimant filed a state court lawsuit against debtors in 2018 concerning the controversy.

The Court observed in its Memorandum Decision that:

> "Between 2000 and 2018 there were no disputes between PG&E and Komir that are relevant to the present controversies. In fact, Komir consented to PG&E activities, leading to the court's conclusion that PG&E's easement rights were at most via a consensual easement."

Accordingly, in this Summary Judgment #2, Claimant presents the facts and applicable law relevant to determination of whether PG&E acquired any prescriptive rights in or after 2018, i.e., after Claimant's consent terminated upon the occurrence of the disputes in 2018.

**III.    LEGAL STANDARD FOR GRANTING SUMMARY JUDGMENT**

The summary judgment procedure provides a means for disposition of claims as to which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56.

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    3

Case: 19-30088   Doc# 14007-1   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 7 of 16

The Court may decide any issue as to any party regarding their respective claims and defenses:

> "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*.

A motion for summary judgment moves beyond the liberality of pleading, forcing the opposing party to provide evidentiary and legal support for their contentions. *Chelates Corp. v. Citrate* (1986) 477 US 317, 325. Summary judgment is not a disfavored remedy, but rather is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id*.

Summary judgment is appropriate where there is no issue of material fact, and the moving party is entitled to judgment as a matter of law. FRCP 56(c). In the event that the Court does not grant summary judgment, it may in the alternative adjudicate certain claims and/or issues within a claim. Summary Judgment focuses on allegations contained in the pleadings, and the opposing party cannot avoid summary judgment by asserting matters not contained in the pleadings. *Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271, 1291.

In the present case, the facts regarding the Summary Judgment Issue are undisputed and the issue is of a legal nature. Determination of issues of law is an appropriate use of the summary judgment procedure. (*Delbon Radiology v. Turlock Diagnostic Ctr.* (E.D. Cal. 1993) 839 F. Supp. 1388, 1391).

**IV.    THE RELEVANT OPERATIVE FACTS COMPEL DETERMINATIONS THAT**:

**(1)    PG&E CANNOT, UNDER ANY THEORY, OBTAIN ANY "PRESCRIPTIVE EASEMENT" FOR ITS CLAIM OF EXCLUSIVE USE OF THE AREA OCCUPIED BY ITS TRANSMISSION LINES DUE TO NON-PAYMENT OF REAL PROPERTY TAXES**

**AND**

**(2)    PG&E CANNOT ESTABLISH, AND THE RELEVANT FACTS PRECLUDE, ANY PRESCRIPTIVE EASEMENT.**

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    4

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 8 of 16

The undisputed facts that require a determination that PG&E does not hold any prescriptive right to occupy space above the Property for Transmission Lines on either of the grounds stated above are as follows:

1. On December 18, 2000 ("Acquisition Date") Komir, Inc., acquired title to the Property by the Grant Deed. (See Exhibit A hereto).

2. The Property consists of 2.214 acres and is configured as depicted in the Real Estate Summary Aerial Map, copy attached as Exhibit B to the Declaration of Amir Shahmirza ("Shahmirza Declaration").

3. Prior to the Acquisition Date, PG&E had installed on the adjacent parcel on the immediate southerly side of the Property and on the adjacent parcel on the immediate northerly side of the Property certain Transmission Towers (the "Original Transmission Towers") for the mounting of High Voltage Electrical Transmission Lines.

4. Prior to the Acquisition Date, PG&E had installed certain High Voltage Electrical Transmission Lines with 115kV of electricity (the "High Voltage Electrical Transmission Lines") extending from the Original Transmission Towers across the Property.

5. The space occupied by the High Voltage Transmission Lines cannot be used by any other person in any manner for any purpose, and no other use can co-exist in the same space.

6. Based upon No. 6 above, any claim of right to use the space above the Property is, and can only be, for the exclusive use of such space.

7. Only Komir has paid the real property taxes assessed against the Property for the entire period of Komir's ownership and, as a corollary, PG&E has never paid any real property taxes assessed against the Property. *See* California Code of Civil Procedure § 325.

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**   5

Case: 19-30088   Doc# 14007-1   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 9 of 16

8. Komir consented to, and did not object to, PG&E's occupation of the Property to the extent and for the transmission lines that existed at the Acquisition Date until 2018.

9. In 2018, PG&E informed Komir that it intended to "ensure the safety and reliability of the electric transmission system" through "improvement projects near your [Komir's] property."

10. PG&E did not inform Komir that the "improvement projects" would result in alteration to the Transmission Lines as those lines previously existed.

11. In 2018, PG&E removed the Transmission Towers located on the immediately adjacent northerly boundary of the Property and constructed new towers of different size at different locations (the "New Towers") and connected the Transmission Lines (the "New Transmission Lines") to the differently constituted and situated New Towers.

12. During 2018, at a time when Shahmirza ascertained that the New Towers were being constructed in a manner such that the New Transmission Lines would be situated at different locations and heights across the Property, Shahmirza objected by oral communications with on-site personnel and by a written cease and desist communication to PG&E's Land Agent. *See* Shahmirza Declaration, Exhibit C.

13. PG&E representatives responded in part stating that the reconfiguration of the New Towers and the New Transmission Lines resulted in a reduction of the line height by approximately eleven feet (11') but refused to cease and desist and, instead, constructed three larger New Transmission Towers at new locations and placed New Transmission Lines attached to the New Transmission Towers at the new locations.

14. The new occupancy that commenced in May, 2018, was not permissive and with consent as had been the Original Transmission Lines, Komir promptly objected to the New Transmission Lines, and upon PG&E's refusal to cease the installation of the New Transmission Lines, Komir filed its Complaint for Equitable Relief and

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    6

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 10 of 16

Damages in the San Mateo County Superior Court on November 9, 2018.  *See* Shahmirza Declaration, Exhibit D.

The analysis of the legal issues and conclusions based upon these facts is set forth below.

## V. THE APPLICABLE LAW COMPELS A DETERMINATION THAT PG&E DOES NOT HOLD ANY PRESCRIPTIVE RIGHTS.

### A. Summary of Legal Conclusions

PG&E holds no prescriptive easement rights, based upon the facts above, for the following reasons:

1. PG&E holds no prescriptive rights because PG&E claims entitlement to the exclusive use of the area occupied by the New Transmission Lines that are incompatible with any other concurrent occupation of the same space but has failed to pay the real property taxes.  Claims of exclusive use are deemed tantamount to a claim of ownership of an estate by adverse possession requiring payment of real property taxes by the adverse claimant which PG&E did not pay.

2. PG&E holds no prescriptive rights because prior to 2018, PG&E did not occupy the Property under an assertion of hostile, adverse occupancy but rather Claimant consented to the occupation.

3. PG&E holds no prescriptive rights because it could not, and did not, occupy the space adversely for five (5) years as the dispute as to occupation of the space did not occur until 2018 and the lawsuit based upon the facts of the dispute commenced in 2018.  *See* Shahmirza Declaration, Exhibit D.

### B. PG&E Holds No Prescriptive Rights to Exclusive Use of the Area Occupied by the Old Transmission Lines or the New Transmission Lines Because it Failed to Pay the Real Property Taxes Assessed Against the Property or the Area of Claimed Exclusive Use.

Courts routinely hold that a claim to the exclusive use of an area of property of another effectively constitutes an effort to acquire an estate by change in title that requires satisfaction of all

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**   7

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 11 of 16

elements of adverse possession, including the payment of real property taxes as required by California Code of Civil Procedure § 325.

In *Hansen v Sandridge Partners, L.P.* (2018) 22 CA 5th 1020, the Court discussed the reoccurring effort of litigants to mischaracterize a claim of adverse possession as being a prescriptive easement to avoid the requirement of the payment of the real property taxes.

Initially, the Court in *Hansen* quoted CCP § 325 as follows:

> "In no case shall adverse possession be considered established under the provision of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, *and the party or persons, their predecessors and grantors, have timely paid all state, county, or municipal taxes that have been levied and assessed upon the land for the period of five years during which the land has been occupied and claimed.*" (<u>Code Civ. Proc., § 325, subd. (b)</u>, italics added.) (Emphasis in original)

In articulating its ruling denying a claim of exclusive prescriptive easement by a claimant who had not paid the property taxes, the Court in *Hansen* stated the underlying concept as follows:

> "The Hansens also cite to cases involving express easements. (E.g., *Pasadena v. California-Michigan etc. Co.* (1941) 17 Cal.2d 576 [110 P.2d 983] (Pasadena); *Gray v. McCormick* (2008) 167 Cal.App.4th 1019, 1031 [84 Cal. Rptr. 3d 777]; *Blackmore v. Powell* (2007) 150 Cal.App.4th 1593 [59 Cal. Rptr. 3d 527]; *City of Los Angeles v. Igna* (1962) 208 Cal.App.2d 338 [25 Cal. Rptr. 247]; *Ajax Magnolia One Corp. v. So. Cal. Edison Co.* (1959) 167 Cal.App.2d 743 [334 P.2d 1053].) But such cases are inapposite because express easements do not raise the same concerns as prescriptive exclusive easements. **Because the statutory tax requirement applies to prescriptive estates but not prescriptive easements, it is especially important to maintain the distinction between easements and estates in the context of prescription. (See Code Civ. Proc., § 325, subd. (b).) That is, if courts allowed claimants to obtain by prescription a functional estate without satisfying the statutory requirements of adverse possession, then Code of Civil Procedure section 325, subdivision (b)'s tax requirement would be nullified. In contrast, that statute's tax requirement does not apply to express easements (e.g., easement by a written grant), so permitting express exclusive easements does not create the same statutory nullification issue that prescriptive exclusive easements do.**" (Emphasis supplied)

More colorfully, the Court in *Hansen* described litigant's efforts to disguise a claim of exclusive use that is tantamount to ownership as follows:

> "Because of the taxes element, it is more difficult to establish adverse possession than a prescriptive easement. The reason for the difference in relative difficulty is that a successful adverse possession claimant obtains ownership of the land (i.e., an estate), while a successful prescriptive easement claimant merely obtains the right to *use* the land in a particular way (i.e., an easement). (*Mehdizadeh, supra,* 46 Cal.App.4th at p. 1300.)

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**   8

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 12 of 16

**Unsurprisingly, claimants have often tried to obtain the fruits of adverse possession under the guise of a prescriptive easement to avoid having to satisfy the tax element. (***Kapner v. Meadowlark Ranch Assn.* (2004) 116 Cal.App.4th 1182, 1187 [11 Cal. Rptr. 3d 138]*.***) That is, they seek judgments "employing the nomenclature of easement but … creat[ing] the practical equivalent of an estate." (***Raab, supra,* 51 Cal.App.3d at p. 877***.***) Such judgments "pervert[] the classical distinction in real property law between ownership and use**." (*Silacci, supra,* 45 Cal.App.4th at p. 564.) The law prevents this sophistry with the following rule: If the prescriptive interest sought by a claimant is so comprehensive as to supply the equivalent of an estate, the claimant must establish the elements of adverse possession, not those of a prescriptive easement. (*Raab,* at pp. 876–877.) In other words, the law simply "does not allow parties who have possessed land to ignore the statutory requirement for paying taxes by claiming a prescriptive easement." (*Kapner, at p. 1187*.)" (Emphasis supplied)

Such is the situation with PG&E's claim of exclusive use easement.

The Old Transmission Lines and New Transmission Lines are just what the name states, i.e., enormous high voltage transmission lines placed in an area of the Property that can only be occupied by those lines, i.e., Komir cannot use that space, cannot build in it, cannot "share" it, or have any other use by it.

Absent payment of taxes as required by CCP § 325, which Komir paid and PG&E did not pay, PG&E had, and has, no prescriptive easement entitling it to use Komir's Property for transmission lines.

The failure of PG&E's claim on this ground also has the secondary effect of defeating all other contentions by PG&E with respect to its holding any prescriptive rights as, without payment of the taxes, PG&E cannot have any easement rights regardless of the theory upon which PG&E may contend it would be entitled to obtain prescriptive rights, i.e., without the payment of the taxes PG&E could not have obtained prescriptive rights based upon any theory. The law simply forbids the acquisition of the private property of another without proof of all elements of the taking, including the payment of the real property taxes.

C. **No Prescriptive Rights Arise When the Occupancy Is Permissive.**

A multitude of cases have consistently held that prescriptive rights may arise upon "open, notorious and hostile" occupancy by a non-owner of the property, and, conversely, no prescriptive rights can arise from a permissive use.

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 9

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 13 of 16

The opinion in *Smith v Skrbek* (1945) 71 CA2d 351, 358, one of two cases previously cited by PG&E, illustrates this point. In *Smith*, the Court of Appeal affirmed a trial court's judgment determining that no prescriptive easement had been established because the occupancy by the plaintiff was permissive, not hostile

Citing *Corpus Juris Secundum*, 28 C.J.S. 668, § 18 (2), the Court in *Smith* discussed the concept as follows:

> "Where a landowner opens up a way on his own land for his own use and convenience, the mere use thereof by another, under circumstances which do not injure the road nor interfere with the owner's use of it, will not in the absence of circumstances indicating a claim of right be considered as adverse, and will not ripen into a prescriptive right no matter how long continued."

Similarly, the Court in *Guerra v Packard* (1965) 236 CA2d 272, the other case cited by PG&E, stated this principle as follows:

> "Defendants' second contention is that plaintiffs proved only a permissive use, which is insufficient to establish a prescriptive right. The principle of law which defendants state is, of course, correct. (*Los Angeles Brick etc. Co. v.City of Los Angeles, 60 Cal.App.2d 478, 489 [141 P.2d 46]*; *Jones v. Tierney-Sinclair, 71 Cal.App.2d 366, 371 [162 P.2d 669]*.)"

Such is the situation with respect to PG&E's occupation of the Komir's Property until 2018. Komir was not developing the Property during that prior period, the Old Transmission Lines were not interfering with Komir's use and could be relocated, so Komir did not object to, but consented without objection to, the continued traverse of the Old Transmission Lines until PG&E altered them with the New Transmission Towers and the New Transmission Lines whereupon Komir immediately objected and filed suit.

Accordingly, the claim of establishment of prescriptive rights after December 18, 2000, and prior to the events in 2018, also fails due to the permissive occupancy without any recognition of any legal right in favor of PG&E.

### D. Komir Terminated its Consent to the Transmission Lines and Filed its Lawsuit Contesting the Transmission Lines Within less than One Year after the Dispute Regarding Them Arose.

The dispositive fact regarding the alterations that occurred in 2018 is that those changes

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 10

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 14 of 16

caused Komir to terminate its consent to PG&E's occupation of the Property for Transmission Lines.

The measurement or characterization of the alterations is not relevant to the determination on this Summary Judgment #2.

PG&E effectuated alterations, Komir objected and issued its cease-and-desist demand, PG&E refused and completed its alterations, and Komir filed its lawsuit based upon its termination of consent. These facts are all indisputable.

PG&E cannot establish a five (5) year period of hostile possession, not only as matter of fact as to whether occupation was hostile, but also because no five (5) year period elapsed between the commencement of any adverse possession and the filing of the lawsuit. The lawsuit was filed within months, not years, of the commencement of non-consensual occupation.

**Conclusion**

Since PG&E claims an exclusive prescriptive right to the use of the space occupied by its transmission lines, PG&E necessarily must prove that it paid the real property taxes assessed against the Property. Cal. Code Civil Proc. § 325(b). Therefore, the claim of prescriptive can be defeated by establishing that PG&E did not pay the real property taxes, as the failure of that element is fatal to the claim of prescriptive easement.

PG&E never paid any real property taxes assessed against the Property. Komir paid all the real property taxes. These facts alone warrant the granting of Summary Judgment #2.

Moreover, PG&E's use of the space occupied by the Original Transmission Lines was permissive which precludes the establishment of any prescriptive rights.

PG&E did not occupy the Property under any adverse claim for five years. Therefore, the requisite five year period could not have expired between the initiation of any non-consensual possession and the filing of the state court lawsuit.

For each of the separate foregoing reasons, PG&E has no prescriptive rights.

The Court's Order granting this Motion for Partial Summary Judgment is not only appropriate in view of the facts and the law set forth above but is the fair and just result as PG&E

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** 11

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 15 of 16

acted unilaterally and proceeded over the objections of the Owner with no regard for the Owner or its rights while using the 230 kV lines to service all the customers to whom PG&E sold the power delivered across Claimant's Property, presumably to the Airport and to the Northern Peninsula and San Francisco.

Respectfully submitted.

Dated: September 5, 2023                        COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Attorneys for Claimant

**POINTS AND AUTHORITIES IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**    12

Case: 19-30088    Doc# 14007-1    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 16 of 16