LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
*laj@cohenandjacobson.com*

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | **DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ■ Affects both Debtors | |

**Date: December 5, 2023**
**Time: 10:00 a.m.**
**Place: (Tele/Videoconference Appearances Only)**
**United States Bankruptcy Court**
**Courtroom 17, 16th Floor**
**San Francisco, CA 94102**

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

1

Case: 19-30088    Doc# 14007-2    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 1 of 25

I, Amir Shahmirza, declare:

1. I am a licensed civil engineer and I am, and at all times relevant to the pending Motion, have been, the sole shareholder, officer and director of Komir, Inc., a California corporation ("Komir") that is the owner of the real property located at 800 Walnut Street, San Bruno, California, (the "Property") which property is more particularly described in the Grant Deed (the "Grant Deed") from Neil F. Hildebrand, Jr., and Melanie M. Hildebrand to Komir, Inc., recorded on December 18, 2000, copy attached as Exhibit A. The Property is the subject of the pending objection to Claim No. 2090.

2. I am, and at all relevant times have been, authorized to act on behalf of Komir, Inc., and to do so in my own name.

3. On December 18, 2000 ("Acquisition Date") Komir, Inc., acquired title to the Property by the Grant Deed. (See Exhibit A hereto).

4. The Property consists of 2.214 acres and is configured as depicted in the Real Estate Summary Aerial Map, copy attached as Exhibit B.

5. Prior to the Acquisition Date, PG&E had installed on the adjacent parcel on the immediate southerly side of the Property and on the adjacent parcel on the immediate northerly side of the Property certain Transmission Towers (the "Original Transmission Towers") for the mounting of High Voltage Electrical Transmission Lines.

6. Prior to the Acquisition Date, PG&E had installed certain High Voltage Electrical Transmission Lines with 115kV of electricity (the "Original Transmission Lines") extending from the Original Transmission Towers across the Property.

7. At the Acquisition Date, and continuing until dates in 2018, on behalf of Komir Inc., I consented to, and did not object to, the Original Transmission Lines crossing the Property because (a) Komir was not developing the Property during that period, (b) I understood that at the existing height of the transmission lines Komir could construct a building on the Property, (c) the transmission lines were movable and could be relocated, and (d) the transmission lines were not

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION PARTIAL SUMMARY JUDGMENT
OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO

2

Case: 19-30088    Doc# 14007-2    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 2
of 25

interfering with the use of the Property by Komir during that period.

8. In 2018, PG&E informed me that it intended to "ensure the safety and reliability of the electric transmission system" through "improvement projects near your [Komir's] property."

9. At no time did PG&E inform me that it actually intended to also affect the height or location of the Original Transmission Lines that Komir had previously allowed across the Property.

10. In approximately May, 2018, PG&E began construction work at its northerly Original Transmission Towers by construction fencing and delivery of gravel and baserock materials. Construction activity continued thereafter.

11. In approximately September, 2018, PG&E began dismantling of the Original Transmission Towers and constructing new, differently situated, new transmission Towers (the "New Transmission Towers") that (a) were significantly closer to the Boundary of the Property than the Original Transmission Towers had been located and (b) were significantly altered size and height.

12. In connection with the construction of the New Transmission Towers in the new locations, PG&E moved the Original Transmission Lines from their prior point of connection on the Original Transmission Towers to new point of connection on the relocated New Transmission Towers (the "Relocation of Transmission Lines").

13. The Relocation of the Transmission Lines caused the lines to cross the Property at a different location than the Original Transmission Lines.

14. The Relocation of the Transmission Lines as placed on the New Transmission Towers also caused the lines to cross the Property at a significantly lower height as, according to statements made by PG&E representatives to me on-site, the New Transmission Lines crossed the Property at a lowest height of approximately sixty two feet (62') (the "New Transmission Line Height") rather than a prior height of approximately seventy three feet (73'). A representatives of PG&E also stated to me that the capacity of the Transmission Lines was increased from 115kV to 230kV, i.e., doubling the high voltage that would cross the Property.

**DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

3

Case: 19-30088    Doc# 14007-2    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 3 of 25

15.     As I observed these alterations, I objected to the representatives of PG&E who were performing the work.  The on-site contractors refused my demand that they cease and desist and they instead continued the installation to completion.

16.     On September 18, 2018, on behalf of Komir, Inc., I made written demand on PG&E, by email communication that I sent to Scott Brady, who identified himself as a PG&E Land Agent, that PG&E cease its installation of the New Transmission Towers and New Transmission Lines, copy attached as Exhibit C ("Written Cessation Demand").

17.     PG&E refused my Written Cessation Demand and instead continued the installation to completion.

18.     PG&E did not request consent by Komir, Inc., or me to relocate the Original Transmission Lines to the Location of the New Transmission Lines or to make any other change of the use that existed prior to the alterations in 2018.

19.     PG&E did not request consent by Komir Inc or me to the lowering of the height of the transmission lines from the Original Transmission Line Height to the New Transmission Line Height or to any other alteration.

20.     Komir and I did not consent to the relocation of the Original Transmission Lines to the Location of the New Transmission Lines.

21.     Komir and I did not consent to the lowering of the height of the transmission lines from the Original Transmission Line Height to the New Transmission Line Height.

22.     Komir cannot occupy the space through which PG&E placed its high voltage transmission lines in any manner or for any purpose.

23.     On November 9, 2018, within approximately two (2)  months of learning of the relocation and height alteration, Komir filed its Complaint for Equitable Relief and Damages, copy attached as Exhibit D hereto.

24.     At all times after the Acquisition Date, Komir paid all real property taxes assessed against the Property.

**DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO**

4

Case: 19-30088   Doc# 14007-2   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 4 of 25

1        25.    At no time did PG&E, or any person on its behalf, pay any real property taxes

2  assessed against the Property.

3        26.    At no time has PG&E paid, or offered to pay, any sum or sums for locating its New

4  Transmission Lines across the Property.

5        I have personal knowledge of the facts set forth herein and can competently testify thereto.

6        Executed at San Mateo, California, on the 5th day of September, 2023.

7        I declare under penalty of perjury under the laws of the State of California that the foregoing

8  is true and correct.

9

                                         Amir Shahmirza

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF AMIR SHAHMIRZA IN SUPPORT OF CLAIMANT'S SECOND MOTION PARTIAL SUMMARY JUDGMENT OF ISSUES IN REORGANIZED DEBTORS OBJECTION TO CLAIM #2090 AND CLAIMANT'S RESPONSE THERETO    5

Case: 19-30088   Doc# 14007-2   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 5 of 25

# EXHIBIT A

Recording Requested by:
Commonwealth Land Title Company

WHEN RECORDED MAIL TO:
KOMIR, INC.

10 ROLLINS ROAD
SUITE 217
MILLBRAE, CA 94030

DOC # 2000-160010
12/18/2000 01:24P DE  Fee:13.00
Page 1 of 3
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder
Recorded By KOMIR INC



THIS SPACE FOR RECORDER'S USE ONLY:

# GRANT DEED

APN: 020-155-030
JPN: 092-001-010-32A
TITLE NO.: 79530297
ESCROW NO: 79530297

The undersigned Grantor(s) declare(s) that the DOCUMENTARY TRANSFER
TAX IS: $ 0          County  $ _____  City
X   Computed on the consideration or value of property conveyed; OR
___ Computed on the consideration or value less or encumbrances
      remaining at time of sale.
DEED ONLY TO CORRECT LEGAL-NO CONSIDERATION

3

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

NIEL F. HILDEBRAND JR. & MELANIE M. HILDEBRAND, HUSBAND AND WIFE, AS COMMUNITY PROPERTY

hereby GRANT(S) to

KOMIR, INC.

all the real property situated in the City of San Bruno, County of San Mateo, State of California, described as:

SEE ATTACHED EXHIBIT "A"

DEED ONLY BEING RECORDED TO CORRECT LEGAL DISCRIPTION OF THE GRANT DEED RECORDER JULY 5,
2000 SERIS NO. 200081861

Dated: December 15, 2000

STATE OF CALIFORNIA          } ss
COUNTY OF _____ SAN MATEO
On DEC. 18, 2000 before me KRISTIN A. SMITH

personally appeared NIEL F. HILDEBRAND JR.
AND MELANIE M. HILDEBRAND
personally known to me or proved to me on this basis of
satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

NIEL F. HILDEBRAND JR.

MELANIE M. HILDEBRAND

KRISTIN A. SMITH
COMM. # 1162316
NOTARY PUBLIC-CALIFORNIA
SAN MATEO COUNTY
COMM. EXP. MAY 3, 2002

(This area for official notarial seal)

MAIL TAX
STATEMENTS TO:          KOMIR, INC., SAME AS ABOVE

# EXHIBIT "A"

Parcel One:

Commencing at the Northeasterly terminus of the course described as "North 84° 25' 53" East, 0.81 of a foot" in that 0.377 acre parcel of land conveyed to the City of San Bruno by Director's Deed No. DD-038619-01, recorded April 20, 1977 in Volume 7448 at page 455, Official Records of San Mateo County; said terminus being also on the San Bruno City Limits Line; thence along the Easterly prolongation of said course North 84° 25' 53" East, 114.19 feet; thence North 47° 43' 02" East, 36.80 feet; thence North 30° 41' 14" East, 9.30 feet; thence South 54° 44' 20" East, 122.08 feet; thence from a tangent that bears South 2° 45' 48" East, along a curve to the right with a radius of 499.96 feet, through an angle of 30° 28' 30", an arc length of 265.92 feet; thence South 27° 42' 42" West, 308.26 feet to the Southeasterly line of that certain parcel of land described as Parcel II, conveyed to City and County of San Francisco, a municipal corporation, by Director's Deed No. 2293-DD, recorded October 28, 1953, in Volume 2487, at page 143, Official Records of San Mateo County; thence along last said line and the general Westerly line of last said Parcel II (2293-DD) South 24° 50' 32" West, 101.57 feet, North 4° 38' 43" West, 190.93 feet, North 85° 21' 17" East, 15.33 feet and North 10° 51' 17" East, 129.71 feet to said San Bruno City Limits Line; thence along last said line North 4° 38' 43" West, 330.46 feet to the point of beginning.

Parcel Two:

Those certain rights as granted in that certain deed executed by State of California to Niel F. Hildebrand Jr. and Melanie M. Hildebrand, as community property, dated June 25, 1987 and recorded June 30, 1987, as Document No. 87101925, more particularly described as follows:

"Grantor further grants to grantee the right of ingress to and egress from said strip over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to grantor, provided that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said strip by any public road or highway, now crossing or hereafter crossing said lands.

Grantor shall have the right to use said strip for purposes not inconsistent with grantee's full enjoyment of the rights hereby granted, provided that grantor shall not erect or construct any building or other structure, or drill or operate any well, within said strip.

Grantee shall have the further right to install, maintain and use gates in all fences which now cross or shall hereafter cross said strip.

Grantee shall also have the right to mark the location of said strip by suitable markers, but said markers when set in the ground shall be placed in fences or other location which will not interfere with any reasonable use grantor shall make of said strip.

(legal description continued)

Grantee shall indemnify grantor against any loss and damage which shall be caused by the exercise of said ingress and egress, or by any wrongful or negligent act or omission of grantee or its agents or employees in the course of their employment.

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto."

APN:  020-155-030
JPN:  092-001-010-32A



2000-160010
12/18/2000 01:24P
DE Page: 3 of 3

When embossed, this is certified to be a true copy of the
records of the San Mateo Assessor-County Clerk- Recorder.

JAN 3 0 2023

Mark Church, Assessor-County Clerk-Recorder

By_____

# EXHIBIT B



HWY 101

I-380 RAMP

STATE OF CALIFORNIA

SAN BRUNO CREEK FLOOD CONTROL NORTH CHANNEL (N2)

PROPOSED ACCESS (N1)

10' CITY OF SAN BRUNO SEWER EASEMENT 24" RCP SANITARY SEWER PER 87101925 O.R.

PUMP STATION (N3)

SAN BRUNO AVE.

PG&E EASEMENT FOR LANDSCAPE AND ACCESS PER 87101925 O.R.

10' PACBELL COMMUNICATIONS EASEMENT WITH ACCESS RIGHTS, PER 87101925 O.R.

OVERHEAD POWER LINES (N4)

ACCESS ROAD (N1)

"BELLE AIRE PARK" 5 MAPS 10 BLOCK 33

WALNUT ST. (50.00' WIDE)

"BELLE AIRE PARK" 5 MAPS 10 BLOCK 32

PORTION OF LOT 23 APN: 020-161-110

DRIVEWAY IN CONCRETE SIDEWALK

7th AVENUE (60.00' WIDE)

LOT 33 LOT 34 LOT 35 LOT 36 LOT 37 LOT 38

LOT 1 LOT 2 LOT 3 LOT 4 LOT 5 LOT 6 LOT 7 LOT 8

SCALE: 1" = 40'
JANUARY 2018




NO. 5077
Exp. 12/31/19

PREPARED BY:

MICHAEL S. MAHONEY, PLS

### LEGEND

KOMIR INC. OWNERSHIP
BOUNDARY OF EASEMENT AS NOTED
ADJOINING PROPERTY LINES
ORIGINAL LOT LINES PER SUBDIVISION

### NOTES

(N1) ONSITE ACCESS ROAD CONNECTS WALNUT STREET RIGHT-OF-WAY WITH LANDS OF THE STATE OF CALIFORNIA. THE PROPOSED ACCESS ACROSS THE LANDS OF THE CALIFORNIA WOULD CONNECT THE LAND LOCKED PORTION OF THE KOMIR, INC. PROPERTY WITH THE EXISTING ACCESS ROAD AND THE CITY RIGHT OF WAY FOR 7TH AVENUE AT THE EXISTING CONCRETE DRIVEWAY.

(N2) NO RECORD DOCUMENTATION FOUND FOR THE RIGHT-OF-WAY FOR THE SAN BRUNO FLOOD CONTROL NORTH CHANNEL.

(N3) NO RECORD DOCUMENTATION FOUND FOR THE LANDS COMPRISING OF THE EXISTING PUMP STATION.

(N4) NO RECORD DOCUMENTATION FOR THE EXISTING OVERHEAD POWER LINES LYING 11± EASTERLY OF THE WESTERLY PROPERTY LINE OF KOMIR, INC.

### NOTES (CONT.)

(N5) DEED FROM THE STATE OF CALIFORNIA TO NEIL & MELANIE HILDEBRAND PROVIDES ACCESS FROM THE GRANTOR (STATE OF CALIFORNIA) WHO OWNS THE ADJACENT LANDS TO THE GRANTEE (NEIL & MELANIE HILDEBRAND).

(N6) THE FLOOD CONTROL CHANNEL AND PUMP HOUSE (ITEMS 1 & 2) ARE MAINTAINED BY THE CITY OF SAN BRUNO THROUGH AN AGREEMENT WITH COUNTY OF SAN MATEO FLOOD CONTROL DEPARTMENT.

| NO. | REVISIONS | DATE | JOB#: 2018.1001 | DESIGNED: JKD | PREPARED FOR: ASI CONSULTING ENGINEERS 10 ROLLINS ROAD, #217 MILLBRAE, CA 94030 | TITLE: REAL ESTATE SUMMARY MAP WITH AERIAL 0 WALNUT STREET SAN BRUNO, CA 94066 | SHEET 1 OF 1 |
| | | | DATE : 01/15/18 | DRAWN: JKD | | | |
| | | | 100% SUBMITTAL | APPROVED: MSM | | | |

Professional Land Services
LAND DEVELOPMENT SPECIALISTS

(650) 244-9687
jjgmahoney@jpls-corp.com
901 Sneath Ln, Suite 117
San Bruno, CA 94066

Plotted on: 02/02/18 @ 04:47:54 PM
F:\ASI\2018.1001 CALTRANS 3 B\Realestate summary map.dwg\[2] 04:47:54 PM

Case: 19-30088   Doc# 14007-2   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 12 of 25

# EXHIBIT C

---------- Forwarded message ---------
From: **Amir Shahmirza** <asiengr@gmail.com>
Date: Tue, Sep 18, 2018 at 10:05 AM
Subject: Stop work 800 Walnut San Bruno/ Overhead power lines
To: <S5BP@pge.com>


Mr. Scott Brady
Please  stop work on overhead lines over 800 walnut San Bruno.  New tower installed without
Komir's permission is closer to Komir's lot  line and the overhead wires are lower to ground
than previous lines.
As previously discussed PG&E does not have any easement for overhead lines and existing
lines shall not be modified without written permission from Komir Inc. Please stop  work on
overhead lines over 800 walnut San Bruno until PG&E obtains a written agreement from
Komir.
Pictures are attached.
Best regards,
Amir Shahmirza
Komir Inc.




Sent from my iPhone

# EXHIBIT D

1  Matthew Mellen (Bar No. 233350)
   Duncan McGee Nefcy (Bar No. 315142)
2  MELLEN LAW FIRM
   One Embarcadero Center, Fifth Floor
3  San Francisco, CA 94111
   Telephone:     (415) 315-1653
4  Facsimile:     (415) 276-1902
   Email:         email@mellenlawfirm.com
5
6  Attorney for Plaintiff,
   AMIR SHAHMIRZA
7  KOMIR, INC.

**FILED**
**SAN MATEO COUNTY**
NOV 09 2018
Clerk of the Superior Court
By _____
DEPUTY CLERK

8
9                  **SUPERIOR COURT OF CALIFORNIA**

10                     **COUNTY OF SAN MATEO**

11  AMIR SHAHMIRZA, an individual; KOMIR,        Case No.:        **18CIV06064**
    INC., a business entity;
12                                                **COMPLAINT FOR DAMAGES AND**
13                  Plaintiffs,                    **EQUITABLE RELIEF**

14          v.                                     1.  Trespass;
                                                   2.  Interference with Prospective
15                                                     Economic Advantage;
16  PG&E CORPORATION, a business entity; and     3.  Violation of Bus. & Prof. Code §
    DOES 1 through 10, inclusive                     17200 et seq. (Unfair Business
17                                                     Practices)
18                  Defendants.
                                                  **BY FAX**
19                                                **DEMAND FOR JURY TRIAL**
20
21      COMES NOW PLAINTIFFS, AMIR SHAHMIRZA and KOMIR, INC.;
22
23                          18-CIV-06064
                            CMP
24                          Complaint
                            1486350
25
26
27
28
                                    1
                   COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | |
|---|---|
| 1 | **PRELIMINARY ALLEGATIONS** |
| 2 | 1.      Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. (hereinafter and collectively, |
| 3 | "Plaintiffs") bring suit for Defendant PG&E CORPORATION's (hereinafter, "Defendant") |
| 4 | Trespass onto Plaintiffs' property and related causes of action. Specifically, Defendant has |
| 5 | without authorization lowered powerlines by eleven (11) feet into the airspace above Plaintiffs' |
| 6 | property thereby interfering with Plaintiffs' ability to develop this land. |
| 7 | **JURISDICTION AND VENUE** |
| 8 | 2.      This is an action asserting violations of California State Law. Plaintiffs bring this lawsuit |
| 9 | due to Defendant's intentional and illegal interference with Defendants' interest in real property |
| 10 | that they own located at 800 Walnut Street, San Bruno, CA 94066. Venue is proper in this Court |
| 11 | because a substantial part of the events giving rise to the claims herein occurred in the City of San |
| 12 | Bruno within the County of San Mateo. Venue is therefore proper in the County of San Mateo. |
| 13 | **PARTIES** |
| 14 | 3.      Plaintiff AMIR SHAHMIRZA is, and all times mentioned herein, a California resident of |
| 15 | San Mateo County, CA and an owner of the property which is the subject of this lawsuit. |
| 16 | Furthermore, Plaintiff AMIR SHAHMIRZA is the principal member, officer, and owner of |
| 17 | Plaintiff KOMIR, INC.. |
| 18 | 4.      Plaintiff KOMIR, INC. is, and at all times mentioned herein, a California Corporation |
| 19 | located at 10 Rollins Road #217, Millbrae, CA 94030 doing some or part of its business in |
| 20 | commercial real estate. Plaintiff KOMIR, INC. is an owner and beneficial interest holder of title |
| 21 | of the property subject which is the subject of this lawsuit. Plaintiff KOMIR, INC. is managed by |
| 22 | Plaintiff AMIR SHAHMIRZA, an individual. |
| 23 | 5.      At all times relevant herein, Plaintiff is informed, believes, and thereon alleges that |
| 24 | Defendant PG&E CORPORATION (hereinafter, "Defendant") is a diversified power, electric, |
| 25 | and gas companies that is in the business of providing power, electric, and gas products and |
| 26 | services to consumers. Plaintiff is informed, believes, and thereon alleges that Defendant |
| 27 | |
| 28 | |

2

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  currently and at all relevant times owned, maintained, or controlled powerlines that run over

2  Plaintiffs' property which is the subject of this lawsuit.

3  6.    Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under

4  the fictitious names DOES 1 through 10, inclusive, and Plaintiff will amend this complaint to

5  allege such names and capacities as soon as they are ascertained. Each of said fictitiously named

6  Defendants is responsible in some manner for the wrongful acts for which Plaintiff has

7  complained herein.

8  7.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was

9  acting as an agent and/or employee of each of the other Defendants and was acting within the

10  course and scope of said agency and/or employment with the full knowledge and consent of each

11  of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions

12  complained of herein was made known to, and ratified by, each of the other Defendants

13  8.    This court has personal jurisdiction over the parties as all Defendants engage in business

14  within the State of California and the property making up the subject matter of this lawsuit is

15  located in the County of San Mateo, CA.

16                              **STATEMENT OF FACTS**

17  9.    On or about December 18, 2000, Plaintiffs acquired title the property located at 800

18  Walnut Street, San Bruno, CA 94066 ("the Property") by Grant Deed from Neil & Melanie

19  Hildebrand. The conveyance from Neil & Melanie Hildebrand is recorded as Doc. No. 2000-

20  160019.

21  10.   Plaintiffs rightfully own the land as well as all features appurtenant thereto including

22  without limitation rights to the soil beneath the Property and the column of space above the

23  Property.

24  11.   Plaintiffs allege herein that Defendant has substantially deprived or interfered with

25  Plaintiffs' use, enjoyment, and interest in a significant portion of this Property.

26  12.   Over the summer of this year, Defendant constructed or modified powerlines that run over

27  Plaintiffs' property, namely the Property which is the subject of this lawsuit.

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

13.     The powerlines that Defendant constructed over the Property were lower by at least eleven (11) feet from where they were previously. Specifically, the powerlines were previously, as well as at the time Plaintiffs acquired the Property, approximately seventy-three (73) feet above the ground, but around late September or early October of this year, Defendant lowered the powerlines to around sixty-two (62) feet above ground from the base of the new towers, which were built closer to the Property's borders.

14.     Defendant was not authorized by Plaintiff to lower the powerlines as herein described.

15.     In fact, on or about September 18, 2018, Plaintiff AMIR SHAHMIRZA notified Defendant's agent and employee Scott Brady via email that Defendant does not have Plaintiffs' permission to lower the powerlines as described herein and that they are to cease construction on them until they obtain authorization from Plaintiffs.

16.     Plaintiffs are informed and believe and thereon allege that as per County of San Mateo codes, ordinances, regulations, and law, they are not allowed to build structures on their land within a certain number of feet of the powerlines.

17.     By lowering its powerlines, Defendant has made it impossible for Plaintiffs to build a multi-story structure on the Property as allowed by the County of San Mateo.

18.     Defendant has thereby deprived Plaintiffs of their right to improve their land and have significantly stifled their ability to use the Property.

19.     At no time did Defendant have any right or permission to lower its powerlines as described herein.

20.     Furthermore, Defendant was on notice that it did not have permission to lower its powerlines as described herein.

21.     Defendant now occupies and possess a portion of Plaintiffs' property, and they do not have any right to occupy and possess said portion of Plaintiffs' property.

22.     Plaintiffs' purchase and sale agreement with the former owners Neil & Melanie Hildebrand constituted a written contract which included as its consideration the ability to improve the Property and build structures thereon that exceed a height of approximately thirty-

4

five (35) feet or at least two stories. By interfering with Plaintiffs' possession and use of the Property as described herein, Defendant has substantially interfered with Plaintiffs' reasonably anticipated and expected benefit of the agreement between Plaintiffs and Neil & Melanie Hildebrand.

23.     This suit follows.

### FIRST CAUSE OF ACTION
**Tresp ss**
(Against Defendant PG&E CORPORATION)

24.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

25.     The elements of a cause of action for Trespass are as follows: 1) plaintiffs owned the property; 2) defendant intentionally entered the property; 3) plaintiffs did not give defendant permission to enter the property; 4) plaintiffs were harmed; and 5) defendant's conduct, namely entering plaintiffs' property, was a substantial factor in causing plaintiffs' harm.

26.     Plaintiffs owned the Property.

27.     Defendant intentionally entered the Property when they built powerlines on Plaintiffs' property and lowered the powerlines by several feet thereby entering, occupying, and possessing a portion of Plaintiffs' Property that they had not previously entered, occupied, or possessed.

28.     Plaintiffs did not give Defendant permission to enter, possess, or occupy the portion of their property that is several feet lower than the previous position of the powerlines.

29.     Plaintiffs were harmed because as a result of Defendant's conduct, they were deprived of the use of their land. Their harm includes without limitation not being able to build a structure on their property that is higher than one story or approximately twenty-four (24) feet which significantly reduces the value and use of the Property.

30.     The harm that Plaintiffs suffered is a direct, actual, foreseeable, and legal consequence of Defendant's conduct as described herein. Therefore, Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

31.     As a result of Plaintiffs' reasonable reliance, they have suffered, and continue to suffer,

actual damages including, but not limited to, the loss of their Property, incurred attorneys' fees, a

loss of reputation and goodwill, destruction of credit, emotional distress, loss of appetite,

frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression,

according to proof at trial but within the jurisdiction of this Court.

32.     Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code

§ 3294. Defendant's actions were malicious and willful in conscious disregard of the rights and

safety of Plaintiffs in that Defendant carried out its conduct without regard to Plaintiffs'

wellbeing. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive

damages to punish Defendant and to deter them from engaging in future misconduct.

## SECOND CAUSE OF ACTION
### Interference With Prospective Econo ic Adv nt e
(Against Defendant PG&E CORPORATION)

33.     Plaintiffs incorporate all allegations of this complaint and re-allege them as though they

were fully set forth herein.

34.     The elements of a cause of action for Interference With Prospective Economic Advantage

are as follows: 1) plaintiff and a third party were in an economic relationship that probably would

have resulted in an economic benefit to plaintiff; 2) defendant knew about the relationship; 3)

defendant engaged in wrongful conduct; 4) by engaging in said wrongful conduct, defendant

intended to disrupt the relationship or knew that disruption of the relationship was certain or

substantially certain to occur; 5) plaintiff was harmed; and 6) defendant's wrongful conduct was a

substantial factor in causing plaintiff's harm.

35.     Neil & Melanie Hildebrand are third parties.

36.     Plaintiffs and Neil & Melanie Hildebrand were engaged in an economic relationship,

namely an exchange of valuable consideration for real property for anticipated commercial use.

37.     Plaintiffs' consideration for transacting with Neil & Melanie Hildebrand was that Neil &

Melanie Hildebrand were transferring title to commercially viable real property to Plaintiffs

which included as well as the land itself but also the airspace above the land.

38. When Plaintiffs transacted with Neil & Melanie Hildebrand, they reasonably expected to receive real property upon which they could construct a building that stands at least two stories.

39. Defendant had knowledge of this relationship because they were on notice at all relevant times by the properly recorded documents recorded in the County of San Mateo as Doc. No. 2000-160019 that Neil & Melanie Hildebrand transferred their interest in the Property to Plaintiffs in or around late 2000. Furthermore, Plaintiffs reasonably informed Defendant that they do not have consent to lower their powerlines and that by doing so, they are interfering with their ability to build a structure upon the Property.

40. By taking possession of and occupying a portion of Plaintiffs' column of space above the land making up a portion of the Property without Plaintiffs' consideration and against their express instructions not to do so, Defendant wrongfully trespassed on the Property and thereby engaged in wrongful conduct.

41. By engaging in the aforementioned wrongful conduct, namely non-consensually possessing and occupying part of Plaintiffs' Property, Defendant has deprived Plaintiffs of the ability to legally construct a structure upon their land that exceeds approximately one story. Limiting Plaintiffs to a structure upon the Property that does not exceed one story significantly stifles the economic viability of the Property. Such limitation means that Plaintiffs cannot realize benefit of their relationship with Neil & Melanie Hildebrand.

42. Defendant knew that such conduct would disrupt the relationship between Plaintiffs and Neil & Melanie Hildebrand because Plaintiffs informed Defendant that their conduct is interfering with their ability to construct a structure on the Property as well as the fact that Defendant was at all relevant times on notice of said relationship.

43. Plaintiffs were harmed because they are no longer able to build a structure upon the Property that exceeds one story, and such limitation severely limits, if not eliminates entirely, the economic viability of the Property.

44. There are laws that specifically limit the physical proximity of structures upon property to powerlines, so the severe limitation on construction of a structure upon the Property is exactly the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Case: 19-30088    Doc# 14007-2    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 22 of 25

1  kind of thing that Defendant should reasonably expect to result from lowering the powerlines the

2  as described herein, and such a consequence is exactly the kind of thing that makes Defendant's

3  conduct harmful. The resultant loss in economic viability from lowering the powerlines is

4  reasonably foreseeable. It is the kind of thing that makes Defendant's conduct harmful and likely

5  to lead to loss of value for Plaintiffs because a multi-story structure is more valuable and useful

6  than a single-story structure. Defendant's conduct is therefore a substantial factor in causing

7  Plaintiffs' harm.

8  45.     As a result of Defendant's conduct as herein described, Plaintiffs have suffered, and

9  continues to suffer, actual damages and various expenses including without limitation loss of use

10  of the Property, loss of marketability of the Property, attorney fees, and various other costs and

11  expenses. Plaintiffs therefore seek from the Court an injunction against Defendant as well as any

12  and all other legal and equitable remedies subject to proof as well as those the Court deems due

13  and proper.

14  46.     Defendant is guilty of malice, fraud and/or oppression, as defined in California Civil Code

15  § 3294. Defendant's actions were malicious and willful; in conscious disregard of the rights and

16  safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are

17  entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to

18  deter them from engaging in future misconduct.

19                              **T  IRD CAUSE OF ACTION**
                        **Viol  tion of Bus.    Prof. Code   17200 et seq.**
20                        (Against Defendant PG&E CORPORATION)

21  47.     Plaintiffs incorporate all allegation of this complaint and re-allege them as though they

22  were fully set forth herein.

23  48.     Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent

24  business practices, as defined in the California Business and Professions Code      § 17200 *et seq*.

25  California Business and Professions Code § 17200 *et seq*. borrows violations from other statutes

26  and laws and makes them unlawful to engage in as a business practice. Plaintiffs' California

27  Business and Professions Code § 17200 allegations are tethered to the following laws:

28
                                            8

49.     Defendant's Trespass constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*

50.     Defendant's Intentional Interference With Plaintiffs' Prospective Economic Advantage constitutes unfair business practices in violation of California Business and Professions Code § 17200 *et seq.*

51.     Defendant's conduct as described herein was also unlawful and fraudulent because it violated the law and was likely to deceive others.

52.     As a result of Defendant's wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial, including but not limited to the imminent loss of the Property.

53.     As an actual and proximate result of Defendant's conduct as herein described, Plaintiffs lost actual property.

54.     Likewise, Plaintiffs were injured and are entitled to actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

55.     Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

56.     Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

57.     Defendant is also guilty of malice, fraud and/or oppression, as defined in the California Civil Code § 3924. Defendant's actions were in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter it from engaging in future misconduct and attorney's fees.

///

///

Case: 19-30088    Doc# 14007-2    Filed: 09/05/23    Entered: 09/05/23 18:20:34    Page 24 of 25

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs AMIR SHAHMIRZA and KOMIR, INC. demands a trial by jury. Plaintiffs prays for judgment and order against Defendant, as follows:

1. For an order requiring Defendant to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

2. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from constructing more powerlines on the Property or further lowering any powerlines and for transferring any rights thereto;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from maintaining the powerlines that were lowered or transferring rights thereto;

4. For a preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from continuing to occupy the Property and evicting them therefrom:

5. For an order stating that Defendant engaged in unfair business practices;

6. For damages, disgorgement, and injunctive relief;

7. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

8. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

9. That judgment is entered in Plaintiffs' favor and against Defendant, and each of them;

10. For such other and further relief as the Court may deem just and proper.


DATED: November 1, 2018                    Respectfully submitted,

                                           MELLEN LAW FIRM



                                           ▶ _Duncan McGee Nefcy_
                                           Duncan McGee Nefcy
                                           Attorney for Plaintiffs
                                           AMIR SHAHMIRZA
                                           KOMIR, INC.

10

Case: 19-30088   Doc# 14007-2   Filed: 09/05/23   Entered: 09/05/23 18:20:34   Page 25 of 25