BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S OBJECTION TO LETTER REQUEST OF JORGE HERNANDEZ RUIZ TO DEEM LATE PROOF OF CLAIM TIMELY**<br><br>[Relates to Docket Number 14011] |

Case: 19-30088   Doc# 14022   Filed: 09/19/23   Entered: 09/19/23 12:07:44   Page 1 of 6

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the letter request filed on September 6, 2023 by Jorge Hernandez Ruiz [Docket No. 14011] (the "**Hernandez Letter**") to deem timely the proof of claim numbered 109890 filed on July 17, 2023 (the "**Proof of Claim**") on behalf of Jorge Hernandez Ruiz, Virginia Hernandez, Abran Hernandez, YaJaira Hernandez, Tania Hernandez, Brian Hernandez and Jorge Pedroza (collectively, "**Movants**"). In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

The Hernandez Letter seeks to have the claims of seven claimants deemed timely for the purpose of administration by the Trust along with Fire Victims who filed their proofs of claim nearly four years before Movants did so. Unfortunately, the letter fails to provide any reason the Proof of Claim was not filed until July 17, 2023. As the only possible assertion of excusable neglect for the late filing of the Proof of Claim is based on a statement in the Proof of Claim that Movants didn't know they could file a proof of claim until recently, the Court should deny the relief requested in the Hernandez Letter for the reasons cited in the Court's December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**").

## RELEVANT BACKGROUND

1. On January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By

1

Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3. The Debtors provided a well-publicized notice of the Extended Bar Date – the second notice provided to Fire Victims of the claims bar date – and coordinated with Official Committee of Tort Claimants for the appointment of a Claims Representative who designed and implemented with his team an expansive outreach effort designed to identify, locate, and assist Fire Victims who were eligible to file claims but failed to do so by the original bar date.

4. As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional Fire Victims, more than 82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely manner.

## **OBJECTION**

5. As noted above, the Hernandez Letter does not provide any reason that this Court should overlook the fact that they filed the Proof of Claim more than three years and seven months after the Extended Bar Date. As the Court noted in the Late Claim Order, "[d]ue process requires notice of the opportunity to file a claim. That was provided here and generally to thousands of Wildfire Claimants. Due process does not require the awareness of the type of claim that might have been filed." Late Claim Order at 6:28-7:4.

6. In addition, Movants' loss location is outside of the perimeter of the North Bay Fires, as determined by CAL FIRE.

## **Application of Pioneer Factors**

7. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498.

///

2

### Deeming Movants' Late Claims "Timely" Will Prejudice the Trust

8. The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor. This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims. As noted in the Late Claim Order, "the impact on administration is more than de minimis and would prejudice the FVT." Late Claim Order at 6:14-15.

### The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration

9. The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings. Movants filed the Proof of Claim more than 43 months days after the Extended Bar Date. The Trust has a limited fund from which to pay all Fire Victim Claims and cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates *every* Fire Victim Claim.

10. As of August 31, 2023,[1] the Trust had issued Determination Notices to 98% of all claimants who have submitted claims questionnaire to the Trust, awarding $18.25 billion to these claimants. More than $10 billion has been paid to holders of Fire Victim Claims as of August 31, 2023.

11. The continued addition of claims to the Fire Victim Trust would prevent the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with further delay. The length of Movants' delay and the impact of a nearly four-year filing delay on the final payment of timely filed Fire Victim Claims weighs heavily against deeming Movants' claims timely.

///

---

[1] The latest statistics can be found on the Fire Victim Trust website at https://www.firevictimtrust.com. The Trust will update the program statistics again on or about September 15, 2023.

### Timely Filing Proofs of Claim was not Beyond Movants' Control

12. The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Hernandez Letter. As explained above, the Hernandez Letter does not provide any basis for a finding of excusable neglect. Nothing in the letter explains what prevented Movants from filing the Proof of Claim until July, 2023. The third *Pioneer* factor therefore must also be decided in favor of the Trust.

### Even Without Bad Faith, Equity Does Not Favor Movants Over Other Fire Victims

13. The Trustee does not believe that Movants lack the good faith that comprises the final consideration listed by the *Pioneer* court, but it does not appear that Movants were prevented from filing the Proof of Claim earlier by any circumstances.

14. As is evidenced by overwhelming number of late claim motions filed over the last several year, allowing the Proof of Claim to be deemed timely filed without extenuating circumstances would encourage other latecomers to file similar motions to the detriment of Fire Victim who have already been waiting years to learn how much of their claims can be paid.

15. For the foregoing reasons, Movants fail to meet their burden for establishing "excusable neglect" for filing the Proof of Claim nearly four years after the Extended Bar Date. The Proof of Claim should not be deemed timely for the purpose of administration by the Trust.

### Even If Movants Could Establish Excusable Neglect Their Claims Cannot be Administered by the Trust

16. The Trustee announced on July 15, 2023 that effective Friday, September 15, the Trust will no longer accept new Claims Questionnaires. No claim can be administered without a filed Claims Questionnaire. The initial deadline to submit Claims Questionnaires to the Trust for timely filed claims and claims deemed timely by the Bankruptcy Court was February 26, 2021. The Trust wanted to be generous with fire survivors and was intentionally flexible over the last two and a half years in accepting claims past the deadline. It now is time for the Fire Victim Trust to impose a final cutoff date for all Claims Questionnaires from fire survivors with timely Proofs of Claim. This, along with not deeming any further late-filed proofs of claim timely absent extenuating

///

4

circumstances, will help all fire survivors by eliminating the financial uncertainty associated with outstanding and unresolved claims.

17. Movants have not filed a Claims Questionnaire with the Trust as of the date of this Objection. As the Deadline for filing Claims Questionnaires has passed, Movants' claims cannot be administered by the Trust.

## **CONCLUSION**

The Trustee respectfully requests that this Court deny the relief requested in the Motion and grant the Trust such other and further relief as may be just.

DATED: September 19, 2023  BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square,
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*

5