```
 1                UNITED STATES BANKRUPTCY COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                           -oOo-

 4   In Re:                       ) Case No. 19-30088
                                  ) Chapter 11
 5   PG&E CORPORATION AND PACIFIC )
     GAS AND ELECTRIC COMPANY     ) San Francisco, California
 6                                ) Tuesday, September 12, 2023
                         Debtor.  ) 10:00 AM
 7   _____
                                    ORAL RULING ON SECURITIES
 8                                  PLAINTIFFS' MOTION FOR THE
                                    APPLICATION OF BANKRUPTCY
 9                                  RULE 7023 AND
                                    THE CERTIFICATION OF A CLASS
10                                  OF SECURITIES CLAIMANTS FILED
                                    BY SECURITIES LEAD PLAINTIFF
11                                  AND THE
                                    PROPOSED CLASS [13865]
12
                     TRANSCRIPT OF PROCEEDINGS
13             BEFORE THE HONORABLE DENNIS MONTALI
                  UNITED STATES BANKRUPTCY JUDGE
14
     APPEARANCES (All present by video or telephone):
15   For the Debtor:          RICHARD W. SLACK, ESQ.
                              Weil, Gotshal & Manges LLP
16                            767 Fifth Avenue
                              New York, NY 10153-0119
17                            (212)310-8000

18   For PERA:                THOMAS A. DUBBS, ESQ.
                              MICHAEL S. ETKIN, ESQ.
19                            Labaton Sucharow LLP
                              140 Broadway
20                            New York, NY 10005
                              (212)907-0700
21
     For PERA:                MICHAEL S. ETKIN, ESQ.
22                            Lowenstein Sandler LLP
                              One Lowenstein Drive
23                            Roseland, NJ 07068
                              (973)597-2500
24
     For The State of Oregon: SUSAN F. DICICCO, ESQ.
25                            Morgan, Lewis & Bockius LLP
```

```
 1                              1400 Page Mill Road
                                Palo Alto, CA 94304
 2                              (650)843-4000

 3    For MML Investment        STACY DASARO, ESQ.
      Advisers LLC:             Goodwin Procter LLP
 4                              620 8th Ave.
                                New York, NY 10018
 5                              (212)813-8800

 6    For RKS Claimants:        JEFFREY RITHOLTZ, ESQ.
                                Rolnick Kramer Sadighi LLP
 7                              1251 Avenue of the Americas
                                New York, NY 10020
 8                              (212)597-2800

 9

10

11

12

13

14

15

16

17
      Court Recorder:          LORENA PARADA/ANKEY THOMAS
18                             United States Bankruptcy Court
                               450 Golden Gate Avenue
19                             San Francisco, CA 94102

20
      Transcriber:             DEANNA HINCHY
21                             eScribers, LLC
                               7227 N. 16th Street
22                             Suite #207
                               Phoenix, AZ 85020
23                             (800) 257-0885

24    Proceedings recorded by electronic sound recording;
      transcript provided by transcription service.
25
```

1    SAN FRANCISCO, CALIFORNIA, TUESDAY, SEPTEMBER 12, 2023, 10:00

2                                      AM

3                                     -oOo-

4        (Call to order of the Court.)

5            THE CLERK:  Court is now in session.  The Honorable

6    Dennis Montali presiding.  Calling the matter of PG&E

7    Corporation.  Your Honor, which matter would you like to start

8    with?

9            THE COURT:  I will take the 723 motion first.  Not the

10   Synergy one.  That comes second.

11           THE CLERK:  The submitted matter?

12           THE COURT:  Pardon?  Yes.

13           THE CLERK:  Okay.  I'll start bringing counsel in now.

14           THE COURT:  Why don't we get appearances as counsel

15   show up on the screen.  Mr. (sic) DiCicco, you're first and

16   then Mr. Etkin.

17           MS. DICICCO:  Good morning, Your Honor.  Susan DiCicco

18   from Morgan Lewis, for the Oregon Securities Claimants.

19           THE COURT:  Mr. Etkin?

20           MR. ETKIN:  Good morning, Your Honor.  Michael Etkin

21   for PERA, (indiscernible) Slack.

22           THE COURT:  Good morning.

23           Good morning, Mr. Slack.

24           MR. SLACK:  Good morning, Your Honor.  Richard Slack,

25   Weil, Gotshal & Manges for PG&E.

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 3
of 34

1          THE COURT:  Ms. Dasarao, you wish to make an

2     appearance?

3          MS. DASARO:  Yes.  Good morning, Your Honor.  Stacey

4     Dasaro, on behalf of MML Advisors, investment advisor to the

5     mass mutual funds.

6          THE COURT:  Mr. Ritholtz?

7          MR. RITHOLTZ:  Good morning, Your Honor.  Jeffrey

8     Ritholtz from Rolnick Kramer Sadighi for the RKS Claimants.

9          THE COURT:  All right.  I'm going to limit the

10    appearances to that and announcements because you're the major

11    participants.  This is a ruling and I'm not expecting to hear

12    from you very much, but I'll certainly hear from you at the end

13    of the ruling, if anybody has some -- wants to raise anything.

14    So --

15          MR. ETKIN:  Your Honor?

16          THE COURT:  Yes?

17          MR. ETKIN:  I apologize.  Ms. Parada, could you see if

18    Mr. Dubbs is on?  I would respectfully ask that he be included.

19    He may -- maybe a phone number, Ms. Parada, the same issue we

20    had the last time, as opposed to his name?

21          THE CLERK:  I don't see Mr. Dubbs, and I have several

22    phone numbers, so it's hard to distinguish.

23          MR. ETKIN:  It would likely be an either an 860 number

24    or a 212 number.  And I --

25          THE COURT:  There's a 212-310-8329.  But he should

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 4
of 34

1 raise his hand if he wants to join the hearing.

2       THE CLERK:  If he's joined by telephone, Your Honor,

3 he cannot raise a hand.

4       THE COURT:  Okay.

5       THE CLERK:  Oh, I see what happened.  He used the ID

6 number.

7       THE COURT:  Okay.

8       MR. DUBBS:  Bearing with us.

9       THE COURT:  Okay.  If Mr. 2181914, Mr. Dobbs good

10 morning.  Are you there?

11       MR. DUBBS:  Good morning, Your Honor.  Sorry for the

12 confusion.  I'm here.

13       THE COURT:  Okay.  Well anyway, as you all know, I

14 mean this is a ruling rather than an argument and so I'm just

15 going to go ahead and make my ruling, and then if there's any

16 reason to take discussions, I will.

17       And so as I've done before, Mr. Dobbs and Mr. Slack,

18 and if you want, you can turn your camera off.  It's up to you.

19 I see Mr. Etkin isn't even on the camera.  But that okay.

20       So as you all know, on August 23rd of this year, I

21 held a hearing on the securities Plaintiff's motion and

22 memoranda points in authorities, et cetera, regarding

23 bankruptcy, Rule 7023, and the long title of the motion, you're

24 familiar with.  For now I'm going to call it the 723 motion at

25 Docket 13865.

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 5
of 34

1      It was filed by PERA through counsel.  And then I'm

2  going to refer to PERA by name just because that's convenient.

3  There were at least twelve joinders filed by various parties

4  supporting the motion, and they are all identified in the

5  docket.  Some of you, your representatives are on the on the

6  call.  They were joinders, filed and then withdrawn by the

7  International Brotherhood of Teamsters Local 282 and related

8  entities.

9      And of course, on the other side, the Debtors and the

10  RKS Claimants objected to the motion and opposed it.  I've

11  chosen an oral ruling, excuse me, as I have before, for

12  efficiency sake.  I'm sorry that it even took this long, but

13  that's what happens.

14      But for the reasons I'll set forth below, I'm going to

15  grant the motion and move forward on a parallel track with the

16  pending ADR procedures that were approved years ago.  And while

17  everyone here participating in the hearing knows how and why we

18  are here, I'm going to give a brief history as a means of

19  setting it in context, and for the record.

20      So this is the third time I've been presented with a

21  Rule 723 motion by PERA and its counsel.  The first one was

22  filed pre-confirmation, docket 5042 and sought to apply Rule 23

23  of the Federal Rules and 723 of the Bankruptcy Rules to class

24  proof of claim and begin the certification process.

25      I denied that motion in favoring a more efficient

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 6
of 34

1 track towards confirmation as the clock for AB 1054 was running

2 and frankly confirmation could not wait.

3       The second motion by PERA was filed post-confirmation

4 docket 9152, and initially sought outright certification of

5 limited class, quote, consisting of all those who purchased or

6 otherwise acquired PG&E's publicly traded securities from April

7 29th, 2015 through November 15th, 2018, with a valid securities

8 claims.

9       I denied that motion, as I was, at that point,

10 confident that the alternative, the Debtors proposed ADR

11 procedures again, that you're all familiar with, were adequate

12 and that the second motion was not necessary.

13       You may recall, and the record reflects that I noted

14 specifically, quote, if it turns out that the offer and

15 acceptance mediation and related procedures failed

16 significantly, we can revisit the question of whether remaining

17 securities fraud claimants would be better served by some

18 variation of a Rule 723 process.

19       After three years in now, it has not gone as smoothly

20 or as quickly as I hoped.  And now this third 723 motion has

21 been filed.  And PERA again, narrows its request a bit, seeks

22 to certify a class, quote, consisting of all those who

23 purchased or otherwise acquired the publicly traded debt or

24 equity securities of PG&E Corporation, Pacific Gas And Electric

25 Company, or both, from April 29th, 2015 through November 15th,

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 7
of 34

1  2018, inclusive and who timely submitted securities claims in

2  these Chapter 11 cases, in which securities claims have not

3  otherwise been resolved.

4        So while PERA's initial motion sought certification of

5  a class, as the briefing has evolved, it appears that both PERA

6  and PG&E agree that the choice I make here today is whether to

7  stick with the ADR process as the sole resolution option for

8  the securities claimants, or to allow a simultaneous Rule 723

9  process to move forward on a parallel track while the ADR

10  procedures continue.

11        So I'm not presently certifying a class on a final

12  basis.  And I will allow the parties to work out a consensual

13  timetable for discovery and pre-certification briefing.  It

14  does appear to me, on the face of PERA's motion, that at least

15  the prerequisites of Rule 7023(a) will be satisfied.  I

16  understand that PG&E feels it will be able to challenge whether

17  commonality and adequate representation are satisfied.  But

18  we'll leave those challenges to further class discovery

19  briefing and an eventual certification hearing.

20        Rule 723 -- excuse me, 7023 sets forth the standards

21  and procedures for certifying a class.  Movants, PERA, seek

22  certification under Rule 7023(a) and 7023(b)(3).

23        First, under 7023(a), prerequisites of class

24  certification are as follows:  Numerosity, the class is so

25  numerous, that joinder of all members is impractical.

1  Commonality, there are questions of law or fact, common to the

2  class.  Typicality, the claims or defenses of the

3  representative parties are typical of the claims and defenses

4  of the class.  And fourth, adequate representation, the

5  representation -- representative parties will be fairly and

6  adequately protect the interests of the class.

7        As to numerosity, I agree that the number of claimants

8  in the proposed class is so numerous that joinder of the

9  members would be impractical.  At the time Movants filed the

10 motion, close to 4,000 claims were outstanding; and the

11 proposed class would number in the thousands.  While an

12 impressive 571 claims were settled between the filing of the

13 motion and the hearing, and perhaps more have been settled

14 since, but nearly 1,000 of the so called RKS Claimants would

15 likely opt out of the class.  So there is a potential class

16 that numbers still in the thousands.  As it is evident from the

17 significant number of joinders that have been filed and remain

18 operative.

19        The PG&E argues that the Claimants could easily join

20 in collective action via joinder or hiring the same counsel for

21 their own.  This is not a credible argument.  The very point of

22 a class action is about the impracticality of joinder, not the

23 mere possibility.  Courts have generally found that even forty

24 class members can be, so thousands of claims certainly do

25 satisfy that element here.

1       As to commonality, I agree that this element appears

2  satisfied.  The ultimate issue of liability, were class members

3  misled into purchasing or acquiring stock or equity in PG&E due

4  PG&E's misleading statements?  And did those class members

5  suffer a loss due to the misleading statements?  While there

6  may be challenging -- that may be challenging to prove and may

7  ultimately not prove -- may not be proven as to the same in

8  each potential class, even if some of the issues of PG&E debt

9  are not held by the class representatives.

10       I'm sorry, I confused that a little bit.  I accept

11  that PERA has to carry its burden and that's not something I'm

12  deciding today.  But what I'm indicating is that I don't

13  believe that the fact that some issues, particularly of PG&E

14  debt, are not held by current class representatives.  That

15  doesn't constitute any kind of a failure.

16       As to whether the claims or defenses of the

17  representative parties are typical of the claims, I also agree

18  that Movant's share the same question of law and fact, common

19  to the class.  And aside from leading the charge in the

20  Securities Act in the District Court, the notion that the

21  situation presently disqualifies Movants from being

22  representatives of the proposed class as a whole is simply not

23  persuasive.

24       So I agree that, for now, the representative parties

25  and their counsel will adequately represent the class.  PG&E,

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 10
of 34

1 the RKS Claimants, claim that Movants' counsel are inadequate
2 because there is a conflict of interest due to Movants' status
3 as lead Plaintiff and counsel for the putative class in the
4 District Court securities litigation, which is currently on
5 hold.  And that proposed class counsel has and holds economic
6 interest adverse to the class, due to representative of --
7 representation -- pardon me, of putative representative class
8 in the District Court.

9          Further, that the proposed class is internally
10 conflicted between debt Claimants and equity Claimants.  And
11 that is not a problem for now, as I see, and may never be a
12 problem.

13          The timing of the 723 motion and the potential
14 certification is unprecedented, as both parties agree.  No one
15 has quoted any case, any Chapter 11 post-confirmation matter as
16 developed as this case is, that then was presented with the
17 class option.  But so what?  That doesn't mean we can't do it.
18 The Code and the Rules do not prohibit it.  And I'm satisfied
19 that I need to let that play out.

20          So PG&E also puts into issue a gating issue of
21 presumed reliance and market impact, which is likely to be
22 addressed pre-certification akin but not -- akin to a 12(b)(6)
23 motion, but for the necessary factual determinations that must
24 be made.  I accept that.  And whether or not those
25 determinations lead to a denial of class certification, expert

1  discovery appears to be mandatory and must be permitted to go

2  forward before certification.

3          PG&E also warns that it may utilize appellate rights

4  unique to securities litigation in the class action process.  I

5  cannot let the potential for a party to exercise their possible

6  appellate rights in the event of an adverse ruling, pre-

7  certification be the determining factor in whether the class

8  action proceeds.

9          It is a possibility as the possibility of hundreds of

10  thousands of individual trials of security claims are not

11  resolved through the ADR process.  Those are another

12  possibility.

13          So ultimately, I agree with PERA that -- and the

14  parties who have joined it, that the motion and the class

15  action will serve as a -- excuse me -- that the motion, the

16  class action procedure as I summarized, serve as a sufficient

17  backstop to the ongoing ADR process.  There are still thousands

18  of claims which are unresolved.  For all of those Claimants who

19  come out on the other end of an unsuccessful mediation process,

20  the Court will need to deal with them via further fact

21  intensive litigation.  Those Claimants will present the same

22  issues of fact and law to the Court and do so via the process

23  already coordinated underway is the most efficient path

24  forward.

25          PG&E argues that the supplemental track for Claimants

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 12
of 34

1  will chill the ADR process, but its resolution of as many

2  claims in such a short time after the motion's filing belies

3  that fact.  If anything, this motion and my decision about it,

4  and the class action process going forward, may light a higher

5  fire under PG&E to resolve even more claims that have not been

6  resolved three years into the process.

7          Otherwise, the ADR process appeared very recently, to

8  be reaching an endpoint.  Perhaps, as pointed out at the

9  hearing in August, that due to nonnegotiable requirements by

10 PG&E that were simply unacceptable to some of the Claimants,

11 such as third-party releases for officers and directors, well,

12 I say that PG&E has the right to include those releases as part

13 of any settlement position.  But so too, the securities

14 Claimants have the right to refuse those elements.  And

15 therefore that suggests all the more reason for them to use the

16 alternative of the path to a possible consensual resolution.

17         And as PERA points out, it is almost a certainty that

18 a mediated class settlement will push forward resolution as

19 many Claimants are not currently served by the ADR process.

20 Even with a dual track process, the class action offers a time

21 tested procedure, a resolution, familiar, if not so much to

22 bankruptcy attorneys and judges, but quite familiar to

23 experienced class action practitioners on both sides.  And the

24 vehicle to achieve what the ADR procedures were meant to

25 achieve, and apparently will not at this point, fully achieve

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 13
of 34

1   them.  And that is necessary to avoid the thousands of trials

2   that the process might help us avoid.

3           So what's next?  PERA proposes a fast moving timetable

4   for class discovery certification and mandatory class mediation

5   wrapping up by the end of February of next year.  After the

6   class has been certified and the opt outs are received, the

7   case management plan would continue apace, according to PERA.

8   The most recent example after -- provided to the Court after

9   the hearing in August, was the WWD matter that PERA's described

10  with a timeline that was, in fact, concluded on a very

11  expedited basis.

12          In contrast, PG&E presents examples on its post

13  hearing filings of class actions with much longer time

14  timetables to certification, an indeterminate amount of time

15  for a motion to dismiss than four to eleven months for fact and

16  expert discovery, and then two to twelve months for

17  certification briefing, and then six months for the Court to

18  render a decision.  So at least seven months at the optimistic

19  end, and maybe two and a half years on the most pessimistic

20  end.

21          Well, neither of those choices is acceptable to me.  I

22  don't need to be overly optimistic or doomsday scenarios --

23  present doomsday scenarios to the parties.  What I need is a

24  prompt, realistic timetable.  And while the timetable may not

25  be -- need not be at breakneck speed as presented by PERA, I

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 14
of 34

1  note that this is an admitted closed universe of Claimants in
2  the sense that we are dealing only with Claimants who filed
3  claims in the bankruptcy, and whose claims have not been
4  resolved.  And the facts that are relevant to them should be no
5  reason for prolonged discovery or the briefing process.
6          I made a commitment early in this bankruptcy.  The
7  Court will not be an impediment to resolution of issues.  And
8  to the extent that I can move this along, I will.  And the same
9  procedures will not be a further impediment to attempting,
10  finally, to resolve hundreds, if not thousands, of unresolved
11  securities claims.
12          So before I set my own timetable, what I'm going to
13  direct is counsel for PERA, and PG&E, and RKS, certainly if
14  they wish to participate, or any of the joining parties, if
15  they choose to participate -- that's for them and their counsel
16  to work out.  But I want the principals to meet and confer
17  jointly to attempt to set specific benchmarks on an agreed
18  schedule for pre-certification, expert reports, expert
19  discovery, and whatever else is needed in order to move to a
20  conference -- excuse me, a certification hearing.
21          And if the parties cannot agree, then I guess I --
22  they should simply propose alternatives and I'll make a
23  decision.
24          So to that end, I'm going to set a hearing quickly on
25  our PG&E calendar for October 3rd at 10:00.  And I'm going to

1  direct the lead counsel to meet and confer before then,

2  promptly and four days prior, by September 29th, file a

3  joint -- either a joint agreed schedule between -- again,

4  between PERA and the debtor, but joined by others if

5  appropriate.  Or, if they cannot agree on one, to indicate at a

6  status conference the issues that are separated.  And I'll

7  simply make a commitment on this record, that I'll make a

8  decision at that hearing and fix the schedule.  I would

9  obviously prefer to do it -- have it be consensual.  We've

10 managed to get lots of other things consensually resolved, and

11 I don't know why we can't do that here.

12       So with that, I don't see a need -- well, I guess, I

13 guess for the record purposes, I will issue a simple order that

14 states for the reasons stated on the record at this hearing,

15 the 723 motion is granted.  But I want to make sure there's no

16 misunderstanding.  It's granted subject to a timetable.  That

17 means, it may not be granted, it may be denied, because

18 certification is not appropriate.

19       So with that, I will ask if anyone has any questions.

20       Mr. Slack?

21       MR. SLACK:  Your Honor, just a point of clarification.

22 There was some discussion by the Court in its rulings on a

23 number of the factors for class certification.  And I viewed

24 those as the Court's preliminary views, because obviously,

25 discovery, which we haven't had yet, would impact those.  And

1  I'm assuming the Court is not ruling that we can't -- and

2  others can't take discovery on those points, and raise those in

3  the pre-certification process and then have those briefed at

4  the end of that that period.

5        THE COURT:  And that's what I intended.  And Mr.

6  Slack, I guess, to me, when I read about what's numerosity, it

7  seems like a no brainer.  If you believe that there are fact

8  issues that would defeat numerously, I'm not here to say you

9  can't raise it.  So then I'll concede to you that, the other

10  elements may be less precise.  And yes.  So the answer is to

11  the extent that you believe discovery is appropriate for any of

12  those elements, you have a right to preserve that time.  And

13  I'm not ruling again on the merits.

14        MR. SLACK:  Yeah, thank you, Your Honor.  I mean, in

15  particular, because I think you have it exactly right.  I mean,

16  the idea of whether there are common issues of fact and law, I

17  think part of the expert discovery we're going to put in and

18  part of the discovery we're going to take, is going to go to

19  the fact that that's just not the case here.

20        THE COURT:  Fine.  I've got it.  But Mr. Slack, the

21  flip side, again, I'm not asking you to roll over and give up

22  any point.  Numerosity seemed like the easiest one.

23        What I think is a little more troublesome, but I -- at

24  least in my comments, believe I came out on the other side, is

25  this notion that there may be some debt securities that were

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 17
of 34

1   purchased not by a class representatives.  Well, I mean, I

2   don't think that's a big deal.  Because if they were purchased

3   by class members, those members, it seems to me, can be

4   represented.

5         But if I'm wrong about that and you think as a legal

6   matter, there's a flaw in that, then of course.  I'm not ruling

7   that you have lost on those issues or the other ones.  So call

8   it a tentative thinking in terms of, as I said in an earlier

9   time, I'm tired of hearing criticism apparent that it's got a

10  conflict.  But if there's a legal conflict, obviously, you need

11  to preserve that.  So I hope I've answered your question.

12        MR. SLACK:  Yeah, we appreciate that, Your Honor,

13  because as we said, I think -- we think that that discovery

14  here, both on the expert side and the other and regular

15  discovery, will be illuminating.  And we look forward to the

16  opportunity to raise those with the Court.

17        THE COURT:  Okay.

18        Mr. Dubbs, any questions?

19        MR. DUBBS:  No, Your Honor.  We get the message loud

20  and clear, and we'll abide by it and confer with counsel from

21  PG&E as to an appropriate time schedule.

22        THE COURT:  Ms. DiCicco, you put your camera back on.

23  So you want to say anything?

24        MS. DICICCO:  I would like to.  Yes, Your Honor.

25  Thank you.  I want just one question, which is under the

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 18
of 34

1    Court's existing order, which is the July 28th order, there's
2    currently a deadline in -- there are two deadlines in October
3    for the securities Claimants to file new proofs of claim where
4    they either adopt other allegations or otherwise.  Obviously,
5    for some of our clients, they may want to just be part of the
6    class and not do that.  For those who are opting out, they
7    obviously could continue -- I assume, could continue along that
8    path and file their claims.

9           So what I'd like to just make sure I understand is,
10   whether the parties who were intending to opt out, even though
11   it's not yet the time to opt out, whether they could simply
12   just advise the Debtors that we're going to do that.  And we
13   just want to have some assurance that if we don't file
14   something by the October deadlines, that our claims are
15   preserved for inclusion in the class.

16          MR. SLACK:  Your Honor, if I could be heard on that?
17          THE COURT:  Yes, please.
18          MR. SLACK:  So I think the whole idea of saying there
19   are parallel processes are, we have ADR procedures and those
20   ADR procedures have deadlines.  Those ADR procedures are going
21   to, we think, resolve all these.  And so we don't think that
22   the Court, after saying that these should be on parallel
23   tracks, should be revising any of the dates or any of those,
24   and in fact, should allow those dates to hold and to see how
25   many claims that can be resolved using that.

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 19
of 34

1           And we don't know whether this -- whether a class is
2    going to be certified until whatever time the Court ultimately
3    decides that issue.  But we all know it's going to be sometime
4    down the road.  And until then, those ADR procedures, I think
5    the Court said, this is supposed to be in parallel.  So none of
6    those we think should be altered.  Those dates should all hold.
7           THE COURT:  Well, I think at a prior hearing I asked,
8    and somebody had all of you probably persuaded me, I was crazy
9    to say that people could opt out and then opt back in again.
10   And I realized that based upon what you persuaded me, Mr.
11   Slack, I can't today make a decision that certifies the class.
12   If I were doing that, we could have an opt out deadline that's
13   for real.  But what happens -- let's take Ms. DiCicco's one of
14   her group.  And that group says to you, I'm not going to go
15   with the ADR.  I'm going to go with the class option -- I mean,
16   the class action option.  And then six months from now, there
17   is no class action.  What's the fate of those Claimants?
18   They're not left out in the lurch -- in the cold, are they?
19          MR. SLACK:  So Your Honor, I think the way all of this
20   would work is, if there ends up being no class certified by the
21   Court for whatever reason.  And there's a whole host of reasons
22   that could be.  You know, folks are going to have the ability
23   to prosecute their claims according to the procedures that have
24   been put in place by the Court.  And we actually think those
25   are likely to be sufficient to get resolved most of the claims

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 20
of 34

1 as we go. So we -- I don't think that's really an issue.

2 There are good procedures that are in place. And if, in fact,

3 when the Court addresses the class certification issue, and if

4 the Court decides to go with a class, we'll see what number of

5 claims are outstanding at that point. And if the Court denies

6 the class at that point, whatever claims are outstanding will

7 get resolved by the normal process in the bankruptcy.

8 THE COURT: Well, Ms. DiCicco, I don't know if that

9 answers your question, but I don't know that I can answer it

10 today. I think that I -- look, we've got this deadline that

11 was worked out by you and others, and it shouldn't become an

12 offensive weapon.

13 But on the other hand, if I denied today's motion

14 across the board, you'd be facing that dilemma, wouldn't you?

15 And I don't think it's fair to PG&E to say that over PG&E's

16 objection, I'm going to allow the 723 process to go forward,

17 but at the same time, not stick with what I approved on a basis

18 consistent with that July 28th order that you refer to.

19 So I guess the short answer is I understand that it's

20 September 12th. You can't -- maybe can't make a decision over

21 your clients today, but maybe by the next hearing, if you

22 believe that there's something that ought to be done, I'll take

23 it up with you. But I don't think I can make a decision today

24 other than to say we've got this track running, and now I've

25 created a second track.

1          MS. DICICCO:  Right.

2          THE COURT:  Okay?

3          MS. DICICCO:  Your Honor, I think just what I want to

4   make clear with one thing, we're not talking about jettisoning

5   the mediation process or the ADR procedures.  The paragraph

6   that I'm talking about, the deadlines in October, are not about

7   the parties trying to settle via mediation.  It's the process

8   for claims objection that presumes that there's not been a

9   settlement by that date, right?

10          THE COURT:  That's fine.

11          MS. DICICCO:  So --

12          THE COURT:  That's fine.

13          MS. DICICCO:  So it's really a function of if that's

14   the claims objection process, where there is no settlement,

15   then it seems unfair to impose upon my clients and any other

16   Claimants, the expense of having to create a document, amend a

17   complaint, when this motion has been granted and we'd otherwise

18   prefer to proceed in the class process.  And that's the reason

19   for -- we can address it at the October 1st hearing.  But then

20   it puts a lot of the parties pretty close to that deadline.

21   And I think that --

22          THE COURT:  Oh, I understand that.

23          MS. DICICCO:  -- creates an unfairness in that respect

24   that.

25          THE COURT:  But Ms. DiCicco, imagine a couple of

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 22
of 34

1   things. Imagine if I didn't approve today and I denied the

2   motion across the board. And it would seem to me your clients

3   would have to fish or cut bait. And you're right, it's -- of

4   course it's all solved by any creditor who settles. So we're

5   only talking about the non-settling parties. And if there were

6   no 723 option, they'd have to make a decision.

7           The flip side is true too. If there is a 723 option,

8   and just suppose there were no ADR procedures and we just had a

9   claims objection. And excuse me, let me rephrase that. The

10   ADR procedures as modified as late as July, were the product of

11   careful negotiation among experienced counsel to have some

12   procedure in place to deal with the kind of things we talked

13   about.

14           Along comes the PERA motion to say, okay, folks,

15   you're going to have another option. My point is that, I don't

16   think I can take away from PG&E, the ability to make you fish

17   or cut bait. But I also raise the question just for my own

18   purposes. If at some point, I disapprove the class action,

19   then what do I do? The answer is, I deal with the claims

20   process.

21           I mean, look, what if I just shut down the whole ADR

22   process and shut down the 723 process? Guess who'd be trying

23   the next 2000 cases?

24           Anyway, I don't have an answer.

25           MS. DICICCO: I understand.

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 23
of 34

1  THE COURT:  I encourage you together to work on it.

2  MS. DICICCO:  Okay.

3  THE COURT:  Mr. Ritholtz, you've raised your hand a

4  couple of times, but now you take it down again.  Do you wish

5  we heard?

6  MR. RITHOLTZ:  No, Your Honor, I think what you just

7  said is consistent with our position.  So nothing else to add

8  to that.

9  THE COURT:  Okay.  Thank you all for your time.  I'm

10  going to conclude the hearing.

11  And I'm going to go to the second matter on our

12  calendar.

13  Ms. Parada, I'm going to take about a three-minute

14  break.  I'm going to turn my camera off.  I'll be back in three

15  or four minutes.

16  Mr. Slack and Mr. Dubbs is the only one left on the

17  screen.  Thank you for your presentation.  I mean, your

18  presence -- your participation and your argument.  And as I say

19  that I will try to make sure that the order that I issued will

20  be bland and not controversial, because I'm clearly not

21  branding the motion as filed.  I'm doing it as I tried to

22  explain it in my ruling.  Okay?  Thank you for your time.

23  MR. SLACK:  Your Honor, I assume that those of us for

24  the 723 can be excused?

25  THE COURT:  Yes, of course.  Yeah.  I don't think any

1  of you are involved in the other matter on the calendar, so

2  thank you.  Thank you, all.  I'm going to go off the camera for

3  a moment.

4            MR. DUBBS:  Thank you, Your Honor.

5            THE COURT:  Thank you, Mr. Dubbs.

6       (Whereupon these proceedings were concluded at 10:35 AM)

1                           I N D E X

2    RULINGS:                                    PAGE  LINE

3    Ruling on Motion                             16    18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           C E R T I F I C A T I O N

2

3   I, Deanna Hinchy, certify that the foregoing transcript is a

4   true and accurate record of the proceedings.

5

6

7   _Deanna M. Hinchy_

8   _____

9   /s/ DEANNA HINCHY, CDLT-254

10

11  eScribers

12  7227 N. 16th Street, Suite #207

13  Phoenix, AZ 85020

14

15  Date:  September 13, 2023

16

17

18

19

20

21

22

23

24

25

Case: 19-30088   Doc# 14023   Filed: 09/20/23   Entered: 09/20/23 05:12:37   Page 27 of 34

## A

**AB (1)**
7:1
**abide (1)**
18:20
**ability (2)**
20:22;23:16
**able (1)**
8:16
**accept (2)**
10:10;11:24
**acceptable (1)**
14:21
**acceptance (1)**
7:15
**according (2)**
14:7;20:23
**achieve (3)**
13:24,25,25
**acquired (2)**
7:6,23
**acquiring (1)**
10:3
**across (2)**
21:14;23:2
**Act (1)**
10:20
**action (12)**
9:20,22;12:4,8,15,
16;13:4,20,23;20:16,
17;23:18
**actions (1)**
14:13
**actually (1)**
20:24
**add (1)**
24:7
**address (1)**
22:19
**addressed (1)**
11:22
**addresses (1)**
21:3
**adequate (3)**
7:11;8:17;9:4
**adequately (2)**
9:6;10:25
**admitted (1)**
15:1
**adopt (1)**
19:4
**ADR (19)**
6:16;7:10;8:7,9;
12:11,17;13:1,7,19,
24;19:19,20,20;20:4,
15;22:5;23:8,10,21
**adverse (2)**
11:6;12:6
**advise (1)**
19:12
**advisor (1)**

**Advisors (1)**
4:4
**again (7)**
7:11,21;16:3;17:13,
21;20:9;24:4
**ago (1)**
6:16
**agree (9)**
8:6;9:7;10:1,17,24;
11:14;12:13;15:21;
16:5
**agreed (2)**
15:17;16:3
**ahead (1)**
5:15
**akin (2)**
11:22,22
**allegations (1)**
19:4
**allow (4)**
8:8,12;19:24;21:16
**almost (1)**
13:17
**along (3)**
15:8;19:7;23:14
**altered (1)**
20:6
**alternative (2)**
7:10;13:16
**alternatives (1)**
15:22
**amend (1)**
22:16
**among (1)**
23:11
**amount (1)**
14:14
**announcements (1)**
4:10
**answered (1)**
18:11
**apace (1)**
14:7
**apologize (1)**
4:17
**apparent (1)**
18:9
**apparently (1)**
13:25
**appear (1)**
8:14
**appearance (1)**
4:2
**appearances (2)**
3:14;4:10
**appeared (1)**
13:7
**appears (3)**
8:5;10:1;12:1
**appellate (2)**
12:3,6
**apply (1)**

4:4
**Advisors (1)**
4:4

6:22
**appreciate (1)**
18:12
**appropriate (4)**
16:5,18;17:11;
18:21
**approve (1)**
23:1
**approved (2)**
6:16;21:17
**April (2)**
7:6,25
**argues (2)**
9:19;12:25
**argument (3)**
5:14;9:21;24:18
**aside (1)**
10:19
**assume (2)**
19:7;24:23
**assuming (1)**
17:1
**assurance (1)**
19:13
**attempt (1)**
15:17
**attempting (1)**
15:9
**attorneys (1)**
13:22
**August (3)**
5:20;13:9;14:9
**authorities (1)**
5:22
**avoid (2)**
14:1,2
**away (1)**
23:16

## B

**back (3)**
18:22;20:9;24:14
**backstop (1)**
12:17
**bait (2)**
23:3,17
**bankruptcy (6)**
5:23;6:23;13:22;
15:3,6;21:7
**based (1)**
20:10
**basis (3)**
8:12;14:11;21:17
**Bearing (1)**
5:8
**become (1)**
21:11
**begin (1)**
6:24
**behalf (1)**
4:4
**belies (1)**

13:2
**below (1)**
6:14
**benchmarks (1)**
15:17
**better (1)**
7:17
**big (1)**
18:2
**bit (2)**
7:21;10:10
**bland (1)**
24:20
**board (2)**
21:14;23:2
**both (4)**
7:25;8:5;11:14;
13:23;18:14
**brainer (1)**
17:7
**branding (1)**
24:21
**break (1)**
24:14
**breakneck (1)**
14:25
**brief (1)**
6:18
**briefed (1)**
17:3
**briefing (5)**
8:5,13,19;14:17;
15:5
**bringing (1)**
3:13
**Brotherhood (1)**
6:7
**burden (1)**
10:11

## C

**calendar (3)**
15:25;24:12;25:1
**CALIFORNIA (1)**
3:1
**Call (4)**
3:4;5:24;6:6;18:7
**called (1)**
9:14
**Calling (1)**
3:6
**came (1)**
17:24
**camera (5)**
5:18,19;18:22;
24:14;25:2
**can (11)**
5:18;7:16;9:24;
15:8;18:3;19:25;21:9,
23;22:19;23:16;24:24
**careful (1)**
23:11

**carry (1)**
10:11
**case (2)**
11:15,16;14:7;
17:19
**cases (2)**
8:2;23:23
**certainly (3)**
4:12;9:24;15:13
**certainty (1)**
13:17
**certification (17)**
6:24;7:4;8:4,19,22,
24;11:14,25;12:2,7;
14:4,14,17;15:20;
16:18,23;21:3
**certified (3)**
14:6;20:2,20
**certifies (1)**
20:11
**certify (1)**
7:22
**certifying (2)**
8:11,21
**cetera (1)**
5:22
**challenge (1)**
8:16
**challenges (1)**
8:18
**challenging (2)**
10:6,6
**Chapter (2)**
8:2;11:15
**charge (1)**
10:19
**chill (1)**
13:1
**choice (1)**
8:6
**choices (1)**
14:21
**choose (1)**
15:15
**chosen (1)**
6:11
**claim (3)**
6:24;11:1;19:3
**Claimants (22)**
3:18;4:8;6:10;7:17;
8:8;9:7,14,19;11:1,10,
10;12:18,21,25;13:10,
14,19;15:1,2;19:3;
20:17;22:16
**claims (28)**
7:8;8:1,2;9:2,3,10,
12,24;10:16,17;12:10,
18;13:2,5;15:3,3,11;
19:8,14,25;20:23,25;
21:5,6;22:8,14;23:9,
19
**clarification (1)**
16:21

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37
of 34

**class (61)**
6:23;7:5,22;8:5,11,
18,21,23,24;9:2,4,6,8,
11,15,15,22,24;10:2,
4,8,9,14,19,22,25;
11:3,5,6,7,9,17,25;
12:4,7,14,16;13:4,18,
20,23;14:4,4,6,13;
16:23;18:1,3;19:6,15;
20:1,11,15,16,17,20;
21:3,4,6;22:18;23:18
**clear (2)**
18:20;22:4
**clearly (1)**
24:20
**CLERK (6)**
3:5,11,13;4:21;5:2,
5
**clients (4)**
19:5;21:21;22:15;
23:2
**clock (1)**
7:1
**close (2)**
9:10;22:20
**closed (1)**
15:1
**Code (1)**
11:18
**cold (1)**
20:18
**collective (1)**
9:20
**comments (1)**
17:24
**commitment (2)**
15:6;16:7
**common (3)**
9:1;10:18;17:16
**commonality (3)**
8:17;9:1;10:1
**Company (1)**
7:25
**complaint (1)**
22:17
**concede (1)**
17:9
**conclude (1)**
24:10
**concluded (2)**
14:10;25:6
**confer (3)**
15:16;16:1;18:20
**conference (2)**
15:20;16:6
**confident (1)**
7:10
**confirmation (2)**
7:1,2
**conflict (3)**
11:2;18:10,10
**conflicted (1)**
11:10

**confused (1)**
10:10
**confusion (1)**
5:12
**consensual (3)**
8:12;13:16;16:9
**consensually (1)**
16:10
**consistent (2)**
21:18;24:7
**consisting (2)**
7:5,22
**constitute (1)**
10:15
**context (1)**
6:19
**continue (4)**
8:10;14:7;19:7,7
**contrast (1)**
14:12
**controversial (1)**
24:20
**convenient (1)**
6:2
**coordinated (1)**
12:23
**Corporation (2)**
3:7;7:24
**counsel (14)**
3:13,14;6:1,21;
9:20;10:25;11:1,3,5;
15:13,15;16:1;18:20;
23:11
**couple (2)**
22:25;24:4
**course (4)**
6:9;18:6;23:4;
24:25
**Court (52)**
3:4,5,9,12,14,19,22;
4:1,6,9,16,25;5:4,7,9,
13;10:20;11:4,8;
12:20,22;14:8,17;
15:7;16:22;17:1,5,20;
18:16,17,22;19:17,22;
20:2,5,7,21,24;21:3,4,
5,8;22:2,10,12,22,25;
24:1,3,9,25;25:5
**Courts (1)**
9:23
**Court's (2)**
16:24;19:1
**crazy (1)**
20:8
**create (1)**
22:16
**created (1)**
21:25
**creates (1)**
22:23
**credible (1)**
9:21
**creditor (1)**

23:4
**criticism (1)**
18:9
**current (1)**
10:14
**currently (3)**
11:4;13:19;19:2
**cut (2)**
23:3,17

**D**

**Dasarao (1)**
4:1
**DASARO (2)**
4:3,4
**date (1)**
22:9
**dates (3)**
19:23,24;20:6
**days (1)**
16:2
**deadline (4)**
19:2;20:12;21:10;
22:20
**deadlines (4)**
19:2,14,20;22:6
**deal (4)**
12:20;18:2;23:12,
19
**dealing (1)**
15:2
**debt (5)**
7:23;10:8,14;11:10;
17:25
**debtor (1)**
16:4
**Debtors (3)**
6:9;7:10;19:12
**decides (2)**
20:3;21:4
**deciding (1)**
10:12
**decision (8)**
13:3;14:18;15:23;
16:8;20:11;21:20,23;
23:6
**defeat (1)**
17:8
**defenses (3)**
9:2,3;10:16
**denial (1)**
11:25
**denied (5)**
6:25;7:9;16:17;
21:13;23:1
**denies (1)**
21:5
**Dennis (1)**
3:6
**described (1)**
14:9
**determinations (2)**

11:23,25
**determining (1)**
12:7
**developed (1)**
11:16
**DiCicco (14)**
3:15,17,17;18:22,
24;21:8;22:1,3,11,13,
23,25;23:25;24:2
**DiCicco's (1)**
20:13
**dilemma (1)**
21:14
**direct (2)**
15:13;16:1
**directors (1)**
13:11
**disapprove (1)**
23:18
**discovery (14)**
8:13,18;12:1;14:4,
16;15:5,19;16:25;
17:2,11,17,18;18:13,
15
**discussion (1)**
16:22
**discussions (1)**
5:16
**dismiss (1)**
14:15
**disqualifies (1)**
10:21
**distinguish (1)**
4:22
**District (3)**
10:20;11:4,8
**Dobbs (2)**
5:9,17
**Docket (4)**
5:25;6:5,22;7:4
**document (1)**
22:16
**done (2)**
5:17;21:22
**doomsday (2)**
14:22,23
**down (4)**
20:4;23:21,22;24:4
**dual (1)**
13:20
**Dubbs (9)**
4:18,21;5:8,11;
18:18,19;24:16;25:4,
5
**due (5)**
10:3,5;11:2,6;13:9

**E**

**earlier (1)**
18:8
**early (1)**
15:6

**easiest (1)**
17:22
**easily (1)**
9:19
**economic (1)**
11:5
**efficiency (1)**
6:12
**efficient (2)**
6:25;12:23
**either (3)**
4:23;16:3;19:4
**Electric (1)**
7:24
**element (2)**
9:25;10:1
**elements (3)**
13:14;17:10,12
**eleven (1)**
14:15
**else (2)**
15:19;24:7
**encourage (1)**
24:1
**end (7)**
4:12;12:19;14:5,19,
20;15:24;17:4
**endpoint (1)**
13:8
**ends (1)**
20:20
**entities (1)**
6:8
**equity (3)**
7:24;10:3;11:10
**et (1)**
5:22
**Etkin (8)**
3:16,19,20,20;4:15,
17,23;5:19
**even (7)**
5:19;6:12;9:23;
10:8;13:5,20;19:10
**event (1)**
12:6
**eventual (1)**
8:19
**everyone (1)**
6:17
**evident (1)**
9:16
**evolved (1)**
8:5
**exactly (1)**
17:15
**example (1)**
14:8
**examples (1)**
14:12
**excuse (5)**
6:11;8:20;12:15;
15:20;23:9
**excused (1)**

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 29
of 34

24:24
**exercise (1)**
12:5
**existing (1)**
19:1
**expecting (1)**
4:11
**expedited (1)**
14:11
**expense (1)**
22:16
**experienced (2)**
13:23;23:11
**expert (6)**
11:25;14:16;15:18,
18;17:17;18:14
**explain (1)**
24:22
**extent (2)**
15:8;17:11

**F**

**face (1)**
8:14
**facing (1)**
21:14
**fact (13)**
9:1;10:13,18;12:20,
22;13:3;14:10,15;
17:7,16,19;19:24;
21:2
**factor (1)**
12:7
**factors (1)**
16:23
**facts (1)**
15:4
**factual (1)**
11:23
**failed (1)**
7:15
**failure (1)**
10:15
**fair (1)**
21:15
**fairly (1)**
9:5
**familiar (4)**
5:24;7:11;13:21,22
**fast (1)**
14:3
**fate (1)**
20:17
**favoring (1)**
6:25
**February (1)**
14:5
**Federal (1)**
6:23
**feels (1)**
8:16
**file (4)**

16:2;19:3,8,13
**filed (10)**
6:1,3,6,22;7:3,21;
9:9,17;15:2;24:21
**filing (2)**
9:12;13:2
**filings (1)**
14:13
**final (1)**
8:11
**finally (1)**
15:10
**Fine (3)**
17:20;22:10,12
**fire (1)**
13:5
**first (4)**
3:9,15;6:21;8:23
**fish (2)**
23:3,16
**fix (1)**
16:8
**flaw (1)**
18:6
**flip (2)**
17:21;23:7
**folks (2)**
20:22;23:14
**follows (1)**
8:24
**forth (2)**
6:14;8:20
**forty (1)**
9:23
**forward (8)**
6:15;8:9;12:2,24;
13:4,18;18:15;21:16
**found (1)**
9:23
**four (3)**
14:15;16:2;24:15
**fourth (1)**
9:4
**FRANCISCO (1)**
3:1
**frankly (1)**
7:2
**fraud (1)**
7:17
**fully (1)**
13:25
**function (1)**
22:13
**funds (1)**
4:5
**further (4)**
8:18;11:9;12:20;
15:9

**G**

**Gas (1)**
7:24

**gating (1)**
11:20
**generally (1)**
9:23
**Good (10)**
3:17,20,22,23,24;
4:3;7;5:9,11;21:2
**Gotshal (1)**
3:25
**grant (1)**
6:15
**granted (4)**
16:15,16,17;22:17
**group (2)**
20:14,14
**guess (6)**
15:21;16:12,13;
17:6;21:19;23:22

**H**

**half (1)**
14:19
**hand (4)**
5:1,3;21:13;24:3
**happened (1)**
5:5
**happens (2)**
6:13;20:13
**hard (1)**
4:22
**hear (2)**
4:11,12
**heard (2)**
19:16;24:5
**hearing (17)**
5:1,21;6:17;8:19;
9:13;13:9;14:9,13;
15:20,24;16:8,14;
18:9;20:7;21:21;
22:19;24:10
**held (3)**
5:21;10:9,14
**help (1)**
14:2
**higher (1)**
13:4
**hiring (1)**
9:20
**history (1)**
6:18
**hold (3)**
11:5;19:24;20:6
**holds (1)**
11:5
**Honor (20)**
3:7,17,20,24;4:3,7,
15;5:2,11;16:21;
17:14;18:12,19,24;
19:16;20:19;22:3;
24:6,23;25:4
**Honorable (1)**
3:5

**hope (1)**
18:11
**hoped (1)**
7:20
**host (1)**
20:21
**hundreds (2)**
12:9;15:10

**I**

**ID (1)**
5:5
**idea (2)**
17:16;19:18
**identified (1)**
6:4
**illuminating (1)**
18:15
**imagine (2)**
22:25;23:1
**impact (2)**
11:21;16:25
**impediment (2)**
15:7,9
**impose (1)**
22:15
**impractical (2)**
8:25;9:9
**impracticality (1)**
9:22
**impressive (1)**
9:12
**inadequate (1)**
11:1
**include (1)**
13:12
**included (1)**
4:18
**inclusion (1)**
19:15
**inclusive (1)**
8:1
**indeterminate (1)**
14:14
**indicate (1)**
16:5
**indicating (1)**
10:12
**indiscernible (1)**
3:21
**individual (1)**
12:10
**initial (1)**
8:4
**initially (1)**
7:4
**intended (1)**
17:5
**intending (1)**
19:10
**intensive (1)**
12:21

**interest (2)**
11:2,6
**interests (1)**
9:6
**internally (1)**
11:9
**International (1)**
6:7
**into (3)**
10:3;11:20;13:6
**investment (1)**
4:4
**involved (1)**
25:1
**issue (8)**
4:19;10:2;11:20,20;
16:13;20:3;21:1,3
**issued (1)**
24:19
**issues (8)**
10:8,13;12:22;15:7;
16:6;17:8,16;18:7

**J**

**Jeffrey (1)**
4:7
**jettisoning (1)**
22:4
**join (2)**
5:1;9:19
**joinder (4)**
8:25;9:8,20,22
**joinders (3)**
6:3,6;9:17
**joined (3)**
5:2;12:14;16:4
**joining (1)**
15:14
**joint (2)**
16:3,3
**jointly (1)**
15:17
**judges (1)**
13:22
**July (3)**
19:1;21:18;23:10

**K**

**kind (2)**
10:15;23:12
**knows (1)**
6:17
**Kramer (1)**
4:8

**L**

**last (1)**
4:20
**late (1)**
23:10

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 30
of 34

**law (4)**
9:1;10:18;12:22;
17:16
**lead (3)**
11:3,25;16:1
**leading (1)**
10:19
**least (4)**
6:3;8:14;14:18;
17:24
**leave (1)**
8:18
**left (2)**
20:18;24:16
**legal (2)**
18:5,10
**less (1)**
17:10
**Lewis (1)**
3:18
**liability (1)**
10:2
**light (1)**
13:4
**likely (4)**
4:23;9:15;11:21;
20:25
**limit (1)**
4:9
**limited (1)**
7:5
**litigation (3)**
11:4;12:4,21
**little (2)**
10:10;17:23
**Local (1)**
6:7
**long (2)**
5:23;6:12
**longer (1)**
14:13
**look (3)**
18:15;21:10;23:21
**loss (1)**
10:5
**lost (1)**
18:7
**lot (1)**
22:20
**lots (1)**
16:10
**loud (1)**
18:19
**lurch (1)**
20:18

**M**

**major (1)**
4:10
**managed (1)**
16:10
**management (1)**

14:7
**mandatory (2)**
12:1;14:4
**Manges (1)**
3:25
**many (3)**
13:1,19;19:25
**market (1)**
11:21
**mass (1)**
4:5
**matter (8)**
3:6,7,11;11:15;
14:9;18:6;24:11;25:1
**may (15)**
4:19;7:13;10:6,6,6,
7;11:11;12:3;13:4;
14:24;16:17,17;
17:10,25;19:5
**maybe (4)**
4:19;14:19;21:20,
21
**mean (8)**
5:14;11:17;17:14,
15;18:1;20:15;23:21;
24:17
**means (2)**
6:18;16:17
**meant (1)**
13:24
**mediated (1)**
13:18
**mediation (5)**
7:15;12:19;14:4;
22:5,7
**meet (2)**
15:16;16:1
**members (7)**
8:25;9:9,24;10:2,4;
18:3,3
**memoranda (1)**
5:22
**mere (1)**
9:23
**merits (1)**
17:13
**message (1)**
18:19
**Michael (1)**
3:20
**might (1)**
14:2
**minutes (1)**
24:15
**misleading (2)**
10:4,5
**misled (1)**
10:3
**misunderstanding (1)**
16:16
**MML (1)**
4:4
**modified (1)**

23:10
**moment (1)**
25:3
**Montali (1)**
3:6
**months (5)**
14:15,16,17,18;
20:16
**more (5)**
6:25;9:13;13:5,15;
17:23
**Morgan (1)**
3:18
**morning (9)**
3:17,20,22,23,24;
4:3,7;5:10,11
**most (4)**
12:23;14:8,19;
20:25
**motion (29)**
3:9;5:21,23,24;6:4,
10,15,21,25;7:3,9,12,
20;8:4,14;9:10,13;
11:13,23;12:14,15;
13:3;14:15;16:15;
21:13;22:17;23:2,14;
24:21
**motion's (1)**
13:2
**Movants (3)**
8:21;9:9;10:21
**Movants' (2)**
11:1,2
**Movant's (1)**
10:18
**move (4)**
6:15;8:9;15:8,19
**moving (1)**
14:3
**much (3)**
4:12;13:21;14:13
**must (2)**
11:23;12:1
**mutual (1)**
4:5

**N**

**name (2)**
4:20;6:2
**narrows (1)**
7:21
**nearly (1)**
9:14
**necessary (3)**
7:12;11:23;14:1
**need (7)**
11:19;12:20;14:22,
23,25;16:12;18:10
**needed (1)**
15:19
**negotiation (1)**
23:11

**neither (1)**
14:21
**new (1)**
19:3
**next (4)**
14:3,5;21:21;23:23
**none (1)**
20:5
**nonnegotiable (1)**
13:9
**non-settling (1)**
23:5
**normal (1)**
21:7
**note (1)**
15:1
**noted (1)**
7:13
**notion (2)**
10:20;17:25
**November (2)**
7:7,25
**number (9)**
4:19,23,24;5:6;9:7,
11,17;16:23;21:4
**numbers (1)**
4:22;9:16
**Numerosity (4)**
8:24;9:7;17:6,22
**numerous (2)**
8:25;9:8
**numerously (1)**
17:8

**O**

**objected (1)**
6:10
**objection (4)**
21:16;22:8,14;23:9
**obviously (5)**
16:9,24;18:10;19:4,
7
**October (5)**
15:25;19:2,14;22:6,
19
**off (3)**
5:18;24:14;25:2
**offensive (1)**
21:12
**offer (1)**
7:14
**offers (1)**
13:20
**officers (1)**
13:11
**one (9)**
3:10;6:21;11:14;
16:5;17:22;18:25;
20:13;22:4;24:16
**ones (1)**
18:7
**ongoing (1)**

12:17
**only (3)**
15:2;23:5;24:16
**oOo- (1)**
3:3
**operative (1)**
9:18
**opportunity (1)**
18:16
**opposed (2)**
4:20;6:10
**opt (7)**
9:15;14:6;19:10,11;
20:9,9,12
**optimistic (2)**
14:18,22
**opting (1)**
19:6
**option (7)**
8:7;11:17;20:15,16;
23:6,7,15
**oral (1)**
6:11
**order (7)**
3:4;15:19;16:13;
19:1,1,21;18:24;19
**Oregon (1)**
3:18
**others (3)**
16:4;17:2;21:11
**otherwise (6)**
7:6,23;8:3;13:7;
19:4;22:17
**ought (1)**
21:22
**out (16)**
7:14;8:12;9:15;
11:19;12:19;13:8,17;
15:16;17:24;19:6,10,
11;20:9,12,18;21:11
**outright (1)**
7:4
**outs (1)**
14:6
**outstanding (3)**
9:10;21:5,6
**over (3)**
17:21;21:15,20
**overly (1)**
14:22
**own (3)**
9:21;15:12;23:17

**P**

**Pacific (1)**
7:24
**Parada (3)**
4:17,19;24:13
**paragraph (1)**
22:5
**parallel (5)**
6:15;8:9;19:19,22;

20:5
**Pardon (2)**
3:12;11:7
**part (4)**
13:12;17:17,18;
19:5
**participants (1)**
4:11
**participate (2)**
15:14,15
**participating (1)**
6:17
**participation (1)**
24:18
**particular (1)**
17:15
**particularly (1)**
10:13
**parties (15)**
6:3;8:12;9:3,5;
10:17,24;11:14;
12:14;14:23;15:14,
21;19:10;22:7,20;
23:5
**party (1)**
12:5
**path (3)**
12:23;13:16;19:8
**pending (1)**
6:16
**people (1)**
20:9
**PERA (17)**
3:21;6:1,2,21;7:3,
21;8:5,21;10:11;
12:13;13:17;14:3,7,
25;15:13;16:4;23:14
**PERA's (3)**
8:4,14;14:9
**perhaps (2)**
9:13;13:8
**period (1)**
17:4
**permitted (1)**
12:1
**persuaded (2)**
20:8,10
**persuasive (1)**
10:23
**pessimistic (1)**
14:19
**PG&E (22)**
3:6,25;7:24;8:6,16;
9:19;10:3,8,13,25;
11:20;12:3,25;13:5,
10,12,14;12:15:13,
25;18:21;21:15;23:16
**PG&E's (3)**
7:6;10:4;21:15
**phone (2)**
4:19,22
**place (3)**
20:24;21:2;23:12

**Plaintiff (1)**
11:3
**Plaintiff's (1)**
5:21
**plan (1)**
14:7
**play (1)**
11:19
**please (1)**
19:17
**point (9)**
7:9;9:21;13:25;
16:21;17:22;21:5,6;
23:15,18
**pointed (1)**
13:8
**points (3)**
5:22;13:17;17:2
**position (2)**
13:13;24:7
**possibility (4)**
9:23;12:9,9,12
**possible (2)**
12:5;13:16
**post (1)**
14:12
**post-confirmation (2)**
7:3;11:15
**potential (4)**
9:15;10:8;11:13;
12:5
**practitioners (1)**
13:23
**pre- (1)**
12:6
**pre-certification (4)**
8:13;11:22;15:18;
17:3
**precise (1)**
17:10
**pre-confirmation (1)**
6:22
**prefer (2)**
16:9;22:18
**preliminary (1)**
16:24
**prerequisites (2)**
8:15,23
**presence (1)**
24:18
**present (2)**
12:21;14:23
**presentation (1)**
24:17
**presented (3)**
6:20;11:16;14:25
**presently (2)**
8:11;10:21
**presents (1)**
14:12
**preserve (1)**
17:12;18:11
**preserved (1)**

19:15
**presiding (1)**
3:6
**presumed (1)**
11:21
**presumes (1)**
22:8
**pretty (1)**
22:20
**principals (1)**
15:16
**prior (2)**
16:2;20:7
**probably (1)**
20:8
**problem (2)**
11:11,12
**procedure (3)**
12:16;13:21;23:12
**procedures (16)**
6:16;7:11,15;8:10,
21;13:24;15:9;19:19,
20,20;20:4,23;21:2;
22:5;23:8,10
**proceed (1)**
22:18
**proceedings (1)**
25:6
**proceeds (1)**
12:8
**process (27)**
6:24;7:18;8:7,9;
12:4,11,17,19,22;
13:1,4,6,7,19,20;14:2;
15:5;17:3;21:7,16;
22:5,7,14,18;23:20,
22,22
**processes (1)**
19:19
**product (1)**
23:10
**prohibit (1)**
11:18
**prolonged (1)**
15:5
**prompt (1)**
14:24
**promptly (1)**
16:2
**proof (1)**
6:24
**proofs (1)**
19:3
**propose (1)**
15:22
**proposed (6)**
7:10;9:8,11;10:22;
11:5,9
**proposes (1)**
14:3
**prosecute (1)**
20:23
**protect (1)**

9:6
**prove (2)**
10:6,7
**proven (1)**
10:7
**provided (1)**
14:8
**publicly (2)**
7:6,23
**purchased (4)**
7:5,23;18:1,2
**purchasing (1)**
10:3
**purposes (2)**
16:13;23:18
**push (1)**
13:18
**put (3)**
17:17;18:22;20:24
**putative (2)**
11:3,7
**puts (2)**
11:20;22:20

**Q**

**quickly (2)**
7:20;15:24
**quite (1)**
13:22
**quote (3)**
7:5,14,22
**quoted (1)**
11:15

**R**

**raise (7)**
4:13;5:1,3;17:2,9;
18:16;23:17
**raised (1)**
24:3
**rather (1)**
5:14
**reaching (1)**
13:8
**read (1)**
17:6
**real (1)**
20:13
**realistic (1)**
14:24
**realized (1)**
20:10
**really (2)**
21:1;22:13
**reason (5)**
5:16;13:15;15:5;
20:21;22:18
**reasons (3)**
6:14;16:14;20:21
**recall (1)**
7:13

**received (1)**
14:6
**recent (1)**
14:8
**recently (1)**
13:7
**record (5)**
6:19;7:13;16:7,13,
14
**refer (2)**
6:2;21:18
**reflects (1)**
7:13
**refuse (1)**
13:14
**regarding (1)**
5:22
**regular (1)**
18:14
**related (2)**
6:7;7:15
**releases (2)**
13:11,12
**relevant (1)**
15:4
**reliance (1)**
11:21
**remain (1)**
9:17
**remaining (1)**
7:16
**render (1)**
14:18
**rephrase (1)**
23:9
**reports (1)**
15:18
**represent (1)**
10:25
**representation (4)**
8:17;9:4,5;11:7
**representative (6)**
9:3,5;10:17,24;
11:6,7
**representatives (5)**
6:5;10:9,14,22;18:1
**represented (1)**
18:4
**request (1)**
7:21
**requirements (1)**
13:9
**resolution (6)**
8:7;13:1,16,18,21;
15:7
**resolve (3)**
13:5;15:10;19:24
**resolved (8)**
8:3;12:11;13:6;
15:4;16:10;19:25;
20:25;21:7
**respect (1)**
22:23

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 32
of 34

**respectfully (1)**
4:18
**revising (1)**
19:23
**revisit (1)**
7:16
**Richard (1)**
3:24
**right (8)**
4:9;13:12,14;17:12,
15;22:1,9;23:3
**rights (2)**
12:3,6
**Ritholtz (5)**
4:6,7,8;24:3,6
**RKS (5)**
4:8;6:10;9:14;11:1;
15:13
**road (1)**
20:4
**roll (1)**
17:21
**Rolnick (1)**
4:8
**Rule (8)**
5:23;6:21,22;7:18;
8:8,15,20,22
**Rules (3)**
6:23,23;11:18
**ruling (10)**
4:11,13;5:14,15;
6:11;12:6;17:1,13;
18:6;24:22
**rulings (1)**
16:22
**running (2)**
7:1;21:24

**S**

**Sadighi (1)**
4:8
**sake (1)**
6:12
**same (7)**
4:19;9:20;10:7,18;
12:21;15:8;21:17
**SAN (1)**
3:1
**satisfied (4)**
8:15,17;10:2;11:18
**satisfy (1)**
9:25
**saying (2)**
19:18,22
**scenarios (2)**
14:22,23
**schedule (4)**
15:18;16:3,8;18:21
**screen (2)**
3:15;24:17
**second (5)**
3:10;7:3,12;21:25;

24:11
**Securities (16)**
3:18;5:21;7:6,7,17,
24;8:1,2,8;10:20;
11:4;12:4;13:13;
15:11;17:25;19:3
**security (1)**
12:10
**seek (1)**
8:21
**seeks (1)**
7:21
**seem (1)**
23:2
**seemed (1)**
17:22
**seems (3)**
17:7;18:3;22:15
**sense (1)**
15:2
**separated (1)**
16:6
**SEPTEMBER (3)**
3:1;16:2;21:20
**serve (2)**
12:15,16
**served (2)**
7:17;13:19
**session (1)**
3:5
**set (4)**
6:14;15:12,17,24
**sets (1)**
8:20
**setting (1)**
6:19
**settle (1)**
22:7
**settled (2)**
9:12,13
**settlement (4)**
13:13,18;22:9,14
**settles (1)**
23:4
**seven (1)**
14:18
**several (1)**
4:21
**share (1)**
10:18
**short (2)**
13:2;21:19
**show (1)**
3:15
**shut (2)**
23:21,22
**sic (1)**
3:15
**side (5)**
6:9;17:21,24;18:14;
23:7
**sides (1)**
13:23

**significant (1)**
9:17
**significantly (1)**
7:16
**simple (1)**
16:13
**simply (5)**
10:22;13:10;15:22;
16:7;19:11
**simultaneous (1)**
8:8
**situation (1)**
10:21
**six (2)**
14:17;20:16
**Slack (17)**
3:21,23,24,24;5:17;
16:20,21;17:6,14,20;
18:12;19:16,18;
20:11,19;24:16,23
**smoothly (1)**
7:19
**sole (1)**
8:7
**solved (1)**
23:4
**somebody (1)**
20:8
**sometime (1)**
20:3
**Sorry (3)**
5:11;6:12;10:10
**sought (3)**
6:22;7:4;8:4
**specific (1)**
15:17
**specifically (1)**
7:14
**speed (1)**
14:25
**Stacey (1)**
4:3
**standards (1)**
8:20
**start (2)**
3:7,13
**stated (1)**
16:14
**statements (2)**
10:4,5
**states (1)**
16:14
**status (2)**
11:2;16:6
**stick (2)**
8:7;21:17
**still (2)**
9:16;12:17
**stock (1)**
10:3
**subject (1)**
16:16
**submitted (2)**

3:11;8:1
**suffer (1)**
10:5
**sufficient (2)**
12:16;20:25
**suggests (1)**
13:15
**summarized (1)**
12:16
**supplemental (1)**
12:25
**supporting (1)**
6:4
**suppose (1)**
23:8
**supposed (1)**
20:5
**sure (3)**
16:15;19:9;24:19
**Susan (1)**
3:17
**Synergy (1)**
3:10

**T**

**talked (1)**
23:12
**talking (3)**
22:4,6;23:5
**Teamsters (1)**
6:7
**telephone (1)**
5:2
**tentative (1)**
18:8
**terms (1)**
18:8
**tested (1)**
13:21
**therefore (1)**
13:15
**thinking (1)**
18:8
**third (2)**
6:20;7:20
**third-party (1)**
13:11
**though (1)**
19:10
**thousands (7)**
9:11,16,24;12:10,
17;14:1;15:10
**three (3)**
7:19;13:6;24:14
**three-minute (1)**
24:13
**timeline (1)**
14:10
**timely (1)**
8:1
**times (1)**
24:4

**timetable (6)**
8:13;14:3,24,24;
15:12;16:16
**timetables (1)**
14:14
**timing (1)**
11:13
**tired (1)**
18:9
**title (1)**
5:23
**today (7)**
8:6;10:12;20:11;
21:10,21,23;23:1
**today's (1)**
21:13
**together (1)**
24:1
**took (1)**
6:12
**towards (1)**
7:1
**track (7)**
6:15;7:1;8:9;12:25;
13:20;21:24,25
**tracks (1)**
19:23
**traded (2)**
7:6,23
**trials (2)**
12:10;14:1
**tried (1)**
24:21
**troublesome (1)**
17:23
**true (1)**
23:7
**try (1)**
24:19
**trying (2)**
22:7;23:22
**TUESDAY (1)**
3:1
**turn (2)**
5:18;24:14
**turns (1)**
7:14
**twelve (2)**
6:3;14:16
**two (3)**
14:16,19;19:2
**typical (2)**
9:3;10:17
**Typicality (1)**
9:2

**U**

**ultimate (1)**
10:2
**ultimately (3)**
10:7;12:13;20:2
**unacceptable (1)**

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 33
of 34

13:10
**under (4)**
8:22,23;13:5;18:25
**underway (1)**
12:23
**unfair (1)**
22:15
**unfairness (1)**
22:23
**unique (1)**
12:4
**universe (1)**
15:1
**unprecedented (1)**
11:14
**unresolved (2)**
12:18;15:10
**unsuccessful (1)**
12:19
**up (6)**
3:15;5:18;14:5;
17:21;20:20;21:23
**upon (2)**
20:10;22:15
**use (1)**
13:15
**used (1)**
5:5
**using (1)**
19:25
**utilize (1)**
12:3

**V**

**valid (1)**
7:7
**variation (1)**
7:18
**various (1)**
6:3
**vehicle (1)**
13:24
**via (4)**
9:20;12:20,22;22:7
**viewed (1)**
16:23
**views (1)**
16:24

**W**

**wait (1)**
7:2
**wants (2)**
4:13;5:1
**warns (1)**
12:3
**way (1)**
20:19
**weapon (1)**
21:12
**Weil (1)**

3:25
**what's (3)**
14:3;17:6;20:17
**Whereupon (1)**
25:6
**who'd (1)**
23:22
**whole (4)**
10:22;19:18;20:21;
23:21
**whose (1)**
15:3
**wish (3)**
4:1;15:14;24:4
**withdrawn (1)**
6:6
**work (4)**
8:12;15:16;20:20;
24:1
**worked (1)**
21:11
**wrapping (1)**
14:5
**wrong (1)**
18:5
**WWD (1)**
14:9

**Y**

**year (2)**
5:20;14:5
**years (4)**
6:16;7:19;13:6;
14:19

**1**

**1,000 (1)**
9:14
**10:00 (2)**
3:1;15:25
**10:35 (1)**
25:6
**1054 (1)**
7:1
**11 (2)**
8:2;11:15
**12 (1)**
3:1
**12b6 (1)**
11:22
**12th (1)**
21:20
**13865 (1)**
5:25
**15th (2)**
7:7,25
**1st (1)**
22:19

**2**

**2000 (1)**
23:23
**2015 (2)**
7:7,25
**2018 (2)**
7:7;8:1
**2023 (1)**
3:1
**212 (1)**
4:24
**212-310-8329 (1)**
4:25
**2181914 (1)**
5:9
**23 (1)**
6:22
**23rd (1)**
5:20
**282 (1)**
6:7
**28th (2)**
19:1;21:18
**29th (3)**
7:7,25;16:2

**3**

**3rd (1)**
15:25

**4**

**4,000 (1)**
9:10

**5**

**5042 (1)**
6:22
**571 (1)**
9:12

**7**

**7023 (2)**
5:23;8:20
**7023a (3)**
8:15,22,23
**7023b3 (1)**
8:22
**723 (15)**
3:9;5:24;6:21,23;
7:18,20;8:8,20;11:13;
16:15;21:16;23:6,7,
22;24:24

**8**

**860 (1)**
4:23

**9**

**9152 (1)**
7:4

Case: 19-30088    Doc# 14023    Filed: 09/20/23    Entered: 09/20/23 05:12:37    Page 34
of 34