**Signed and Filed: September 22, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
|       - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
|     Reorganized Debtors. | ) |
| | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
|     Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * _All papers shall be filed in_ | ) |
| _the Lead Case, No. 19-30088 (DM)._ | ) |
| | ) |

### ORDER DENYING MOTION TO ALLOW LATE CLAIM

On September 6, 2023, Movant Jorge Hernandez Ruiz

("Movant") filed a letter to the court that the court will deem

to be a Motion to File Late Claim ("Late Claim Motion") (Dkt.

14011). The Late Claim Motion seeks to have Proof of Claim

Number 109890, filed on July 17, 2023, to be timely filed.

On September 19, 2023, Cathy Yanni, in her capacity as the

Fire Victim Trustee ("Trustee"), filed an Objection to the Late

-1-

Claim Motion ("Objection") (Dkt. 14022). No hearing on the Late Claim Motion has been scheduled. For the reasons set forth below, the court SUSTAINS the Objection and DENIES the Late Claim Motion.

## I.  Discussion

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Trustee nor the court doubt the Movant's good faith. The court considers the remaining *Pioneer* factors below and incorporates in this Order its reasoning from its previous Orders Denying Motions to File Late Claims (Dkts. 13377, 13490, 13691, 13945) ("Orders Denying Motions"). Those four Orders Denying Motions make clear that the Fire Victim Trust ("FVT") would be prejudiced by the granting of the Late Claim Motion and that the length of Movant's delay in filing the Proof of Claim

-2-

is extreme (here, more than 43 months after the Extended Bar Date).

Specific to this Late Claim Motion, Movant provides no reason why he was unable to file the Proof of Claim until July 2023 or how this delay constitutes excusable neglect. The only explanation Movant provides is that he "wasn't aware of PG&E bankruptcy case No. 19-30088." The court reiterates, as it explained in its prior Orders Denying Motions, that the Debtors engaged in a comprehensive campaign to provide notice to Wildfire Claimants in the North Bay, California, and across the United States in both English and Spanish. The Debtors could not control whether Movants chose not to believe or to heed those notices, and creditors are deemed to have received notice of the bankruptcy. Movant's general statement that he was not aware of the bankruptcy is insufficient to overcome that notice.

Finally, and also specific to this case, the Trustee's Objection states that "[t]he Trustee announced on July 15, 2023 that effective Friday, September 15, the Trust will no longer accept new Claims Questionnaires. No claim can be administered without a filed Claims Questionnaire." While the court is unclear whether the Movant's failure to submit a Claims Questionnaire by the September 15, 2023 deadline would be fatal to his Proof of Claim had the court granted this Late Claim Motion, it also need not reach the question, as Movant has not met his burden of persuasion to deem his Proof of Claim timely.

## II.   Conclusion

For the reasons stated above, the court hereby SUSTAINS the Trustee's Objection and DENIES the Late Claim Motion. The Proof

-3-

1  of Claim associated with the Late Claim Motion shall not be

2  deemed timely filed and is thus disallowed.

3                    **END OF ORDER**

-4-

1

2  Jorge Hernandez Ruiz
1507 Dutton Avenue
3  Santa Rosa, CA 95407

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28