

**IRWIN B. SCHWARTZ**
ISCHWARTZ@BLASCHWARTZ.COM
TEL 781.636.5032

September 27, 2023

By ECF

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM) (Jointly Administered)*

Dear Judge Montali:

      Our firm represents The California State Teachers Retirement System, the New York State Comptroller, as Administrative Head of the New York State Local Retirement System and Trustee of the New York State Common Retirement Fund, the Teacher Retirement System of Texas, the Pension Reserves Investment Management Board of Massachusetts and 38 Securities Claimants owned or managed by entities associated with The Hartford, a Connecticut-based financial services company. Our clients joined the Securities Plaintiffs' Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants (the "Rule 7023 Motion") [Dkt. No. 13904]. I write to respectfully request clarification of the interplay between the Court's ruling on the Rule 7023 Motion, as announced in a hearing on September 12, 2023, and the Order Authorizing Amendment and Objection Procedures for Securities Claims, entered on July 28, 2023 ("Securities Procedures Amendment Order") [Dkt. No. 13934] for those Securities Claimants that did not join in proposing the Securities Procedures Amendment Order.

      As the Court may recall, the Securities Procedures Amendment Order was proposed by the Reorganized Debtors and a limited group of Securities Claimants defined as the "Objectors" and included Baupost Group Securities, LLC, which contained an accelerated process for them to engage in mediation and excepted them from the Offer Procedures and the Mediation Procedures as provided in the Court's Securities ADR and Related Procedures for Resolving Subordinated Securities Claims ("Securities Procedures") [Dkt. No. 10015-1]. The Securities Procedures Amendment Order also adjusted procedural deadlines applicable to all other Securities Claimants, in particular, providing deadlines of October 6, 2023, to file amended proofs of claim without Court approval or October 13, 2023, to adopt the New Mexico Public Employees Retirement Association's securities fraud allegations in *In re PG&E Corp. Secs. Litig.*, No. 3:18-cv-03509 (N.D. Cal.). [Dkt. No. 13934-1 ¶ 4]. The Securities Procedures Amendment Order makes clear that the



**IRWIN B. SCHWARTZ**
ISCHWARTZ@BLASCHWARTZ.COM
TEL 781.636.5032

Reorganized Debtors intend to make sufficiency objections akin to motions to dismiss as to the Securities Claimants' proofs of claim (other than Objectors and Baupost), whether amended or not, by December 13, 2023. [Id. ¶¶ 9, 10]. Of course, the Securities Procedures Amendment Order was adopted before the Court allowed the Rule 7023 Motion.

Importantly, our clients explicitly declined to be "Objectors" for the purposed Securities Procedures Amendment Order and joined the Rule 7023 Motion because, as I said at oral argument on the Rule 7023 Motion, the burdens and costs of individually litigating PSLRA-style pleading and motion practice are inconsistent with their duties as prudent fiduciaries. Under the Rule 7023 Motion, the movants and their counsel to seek to absorb those burdens and costs, which is consistent with the way almost all public securities fraud cases proceed in Federal courts. Based on the Court's reasoning announced during the September 12, 2023, hearing, it appeared that the Court accepted that premise and allowed the Rule 7023 Motion, subject to class certification on a schedule to be set in October. In the classic PSLRA class action context, our clients and all the other Securities Claimants would be members of a putative class and all procedural deadlines as to them would be stayed pending a ruling on class certification. Please understand, however, that our clients agree with and fully support the Court's observation that the *Securities ADR Procedures* [Dkt. No. 10015-1 at 12-27] should continue on "dual tracks" with the class procedures and stand ready to engage in good faith negotiations and, if necessary, mediation, to attempt to resolve their claims during the pendency of the class certification process.

I write, however, to request that the Court address the implications of its Order the on the Rule 7023 Motion for Securities Claimants like our clients that did not agree to the proposed Securities Procedures Amendment Order, especially with respect to the pleading and motion practice deadlines. [Dkt. No. 13934-1 ¶¶ 4-6, 9, 10]. In joining the Rule 7023 Motion, our clients' expectation was, just like in a PSLSRA securities fraud class action, that the procedural deadlines in this case would be stayed pending the Court's ruling on the forthcoming class certification motion. On the other hand, I've met and conferred with Mr. Slack by email on this point and he believes that the Court intended to preserve those procedural deadlines, requiring our clients and all other Securities Claimants (other than the Objectors and Baupost) to file amended proofs of claim, presumably in the nature of the full-on PSLRA complaints. Mr. Slack evidently contemplates objections in the nature of motions to dismiss as to all pending proofs of claims, followed by full merits briefing on those objections. As I said at oral argument on the Rule 7023 Motion, that not only imposes a significant additional burden on our clients to take steps to preserve their securities claims, but also could lead to literally thousands of motions to dismiss at the same time as the Court is considering class certification discovery and briefing. We believe

ONE UNIVERSITY AVE., SUITE 302B WESTWOOD, MA 02090  TEL 781.636.5000  FAX 781.636.5090  WWW.BLASCHWARTZ.COM

 

that, in allowing the Rule 7023 Motion, the Court did not intend to, nevertheless, impose those procedural burdens on the Securities Claimants and itself.

      Accordingly, our clients request that the Court clarify its September 12, 2023, Order on the Rule 23 Motion to hold that, while the Securities ADR Procedures remain in effect, the pleading and motion practice deadlines in the Securities Procedures Amendment Order are stayed pending the Court's decision on the class certification motion. We request that the Court hear argument on this request at the October 3, 2023, hearing already on calendar.

      Respectfully submitted,

      /s/ Irwin B. Schwartz
      Irwin B. Schwartz