BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

*Attorneys for the Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S CONSOLIDATED OBJECTIONS TO LETTER REQUESTS OF RICHARD PETERSEN AND ADRIENNE COLLINS FOR LEAVE TO FILE LATE PROOFS OF FIRE VICTIM CLAIMS**<br><br>[Relates to Docket Numbers 14018 and 14026] |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust, by and through her undersigned counsel, hereby submits this Objection to the letter requests filed on September 14, 2023 by Richard Petersen[1] [Docket No. 14018] (the "**Petersen Letter**") and September 20, 2023 by Adrienne Collins [Docket No. 14026] (the "**Collins Letter**"). In support of this Objection, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

Both the Petersen Letter and the Collins Letter request that the Court provide the claimant with direction for filing a claim against the Debtors related to the 2017 North Bay Fires. Neither Mr. Peterson nor Ms. Collins has filed a proof of claim in these cases. Neither the Petersen Letter nor the Collis Letter provide any information about purported claims or loss locations, much less any reason a proof of claim could not have been timely filed. Moreover, neither Mr. Peterson nor Ms. Collins has filed a Claims Questionnaire with the Trust. The long-extended deadline to file Claims Questionnaires (which require the timely filing of a proof of claim as a prerequisite) passed on September 15, 2023, and the Trust is no longer accepting Claims Questionnaires. Pursuant to the Court-approved terms of the Trust's Claims Resolution Procedures, a Claimant must submit a Claims Questionnaire to be eligible to receive compensation from the Trust. Due to the lack of any basis to excuse the claimants' nearly four-year delay in filing proofs of claim and the inability of both claimants to establish their eligibility to receive compensation from the Trust, the Court should not permit either Mr. Petersen or Ms. Collins to file a late proof of claim.

## RELEVANT BACKGROUND

1. On January 29, 2019, PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the

---

[1] The docket lists the author of the handwritten note as "Richard Petersen" although the claimant's surname may be spelled "Pedersen."

1

billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On March 14, 2019, the Debtors filed their schedules of assets and liabilities. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806] (the "**Bar Date Order**"). By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3. The Debtors provided a well-publicized notice of the Extended Bar Date – the second notice provided to fire survivors of the claims bar date – and coordinated with Official Committee of Tort Claimants for the appointment of a Claims Representative who designed and implemented with his team an expansive outreach effort designed to identify, locate, and assist fire survivors who were eligible to file claims but failed to do so by the original bar date.

4. As a result of the Court's careful consideration of this issue and the thoughtful manner in which the Debtors redoubled their efforts to reach additional fire survivors, more than 82,000 claimants, some of whom suffered unfathomable losses, filed their claims in a timely manner.

## OBJECTION

5. As noted above, neither the Petersen Letter nor the Collins Letter provides any reason that this Court should excuse their failures to file proofs of claim prior until now, three years and nine months after the Extended Bar Date. As the Court noted in its December 21, 2022 *Amended Order Denying Motions to Allow Late Claims* [Docket No. 13377] (the "**Late Claim Order**"), "[d]ue process requires notice of the opportunity to file a claim. That was provided here and generally to thousands of Wildfire Claimants. Due process does not require the awareness of the type of claim that might have been filed." Late Claim Order at 6:28-7:4.

6. In addition, both Mr. Petersen and Ms. Collins have not engaged with the Trust in any way and did not file Claims Questionnaires prior to the September 15, 2023 deadline. It would be inequitable to require more than 82,000 fire survivors who filed timely proofs of claim four years ago to wait even longer for their final pro rata payments while Mr. Petersen and Ms. Collins begin the claims administration process despite a lack of excusable neglect for not doing so sooner.

## Application of Pioneer Factors

7. In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* the Supreme Court applied the majority of what was then the Ninth Circuit test for determining whether a failure to timely file a proof of claim was due to excusable neglect: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498.

### Deeming Movants' Late Claims "Timely" Will Prejudice the Trust

8. The first consideration in determining whether a late claim filing was the result of "excusable neglect" under *Pioneer* is the danger of prejudice to the debtor. This factor is irrelevant in the present case with respect to the Debtors because the Trust has taken the place of the Debtors with respect to Fire Victim Claims. As noted in the Late Claim Order, "the impact on administration is more than de minimis and would prejudice the FVT." Late Claim Order at 6:14-15.

### The Length of Movants' Delay is Extreme and Negatively Impacts Trust Administration

9. The second consideration under *Pioneer* is the length of delay and its potential impact on judicial proceedings. Here, Mr. Petersen and Ms. Collins have not yet even filed proofs of claim, despite the fact that the Extended Bar Date passed nearly four years ago. The Trust has a limited fund from which to pay all Fire Victim Claims and cannot finally determine how much it can pay on account of any Fire Victim Claim until it adjudicates *every* Fire Victim Claim.

10. As of September 15, 2023,[2] the Trust had issued Determination Notices to 97% of all claimants who have submitted claims questionnaires to the Trust, awarding $18.38 billion to these claimants. More than $10 billion has been paid to holders of Fire Victim Claims as of September 15, 2023.

///

---

[2] The latest statistics can be found on the Fire Victim Trust website at https://www.firevictimtrust.com. The Trust will update the program statistics again on or about September 30, 2023.

11. The continued addition of claims to the Fire Victim Trust would prevent the Trust from allocating its limited funds and further extends the time that claimants who timely filed their Fire Victim Claims must wait for final payments, thus delaying the administration of Fire Victim Claims and prejudicing those who hold timely filed Fire Victim Claims with further delay. The failure of Mr. Petersen and Ms. Collins to assert any claims against the Trust or to provide any information about their potential claims in the nearly four years since the Extended Bar Date, and the impact of their significant delay on the final payment of timely filed Fire Victim Claims weighs heavily against allowing them to file proofs of claim now.

**Timely Filing Proofs of Claim was not Beyond Movants' Control**

12. The third *Pioneer* factor, whether the delay was beyond the late claimant's control, also weighs against granting the relief requested in the Petersen Letter and the Collins Letter. As explained above, neither letter provides any basis for a finding of excusable neglect. Mr. Petersen and Ms. Collins have made no effort to file proofs of claim in these cases, choosing instead to petition the Court for direction in so doing. Nothing in either the Petersen Letter or the Collins Letter explains what prevented either claimant from taking any action until now. The third *Pioneer* factor therefore must also be decided in favor of the Trust.

**Even Without Bad Faith, Equity Does Not Favor Movants Over Other Fire Survivors**

13. The Petersen Letter and the Collins Letter do not provide any information to determine whether these claimants have claims they can assert in good faith, though the Trustee does not have any reason to believe that either Mr. Petersen or Ms. Collins lack the good faith that comprises the final consideration listed by the *Pioneer* court. However, there is absolutely no evidence that either Mr. Petersen or Ms. Collins were prevented by any circumstances beyond their control from pursuing their potential claims earlier.

14. As is evidenced by overwhelming number of late claim motions and the even greater number of late proofs of claim filed over the last several years, allowing Mr. Petersen and Ms. Collins to file proofs of claim nearly four years late without extenuating circumstances would encourage other latecomers to similarly assert claims to the detriment of fire survivors who have already been waiting years to learn how much of their claims can be paid.

4

15. For the foregoing reasons, both Mr. Petersen and Ms. Collins do not meet the burden for establishing "excusable neglect" for their failure to file proofs of claim over the nearly four years since the Extended Bar Date. Mr. Petersen and Ms. Collins should not be permitted to file proofs of claim to be administered by the Trust.

**Even If Movants Could Establish Excusable Neglect**
**Their Claims Cannot be Administered by the Trust**

16. The Trustee announced on July 15, 2023 that effective Friday, September 15, the Trust would no longer accept new Claims Questionnaires. The Trust has been strictly adhering to this rule since that time.

17. Claims Questionnaires are used by the Trust to verify the claimant's identity, identify and support the claimed damages and demonstrate that the claimant has the authority to assert the claims. No claim can be administered without a filed Claims Questionnaire.

18. The initial deadline to submit Claims Questionnaires to the Trust for timely filed claims and claims deemed timely by the Bankruptcy Court was February 26, 2021. The Trust has been generous with fire survivors and was intentionally flexible over the last two and a half years in accepting claims past the deadline. However, it has been necessary for the Trust to impose a final cutoff date for all Claims Questionnaires in order to continue the Trust's progress toward completion. This, along with not deeming any further late-filed proofs of claim timely absent extenuating circumstances, will help all fire survivors by eliminating the financial uncertainty associated with outstanding and unresolved claims.

19. As noted above, neither Mr. Peterson nor Ms. Collins has filed a Claims Questionnaire with the Trust or made any attempt to engage with the Trust as of the date of this Objection. As the deadline for filing Claims Questionnaires has passed, any yet-to-be-filed claims they may have had cannot be administered by the Trust. They simply waited far too long to act while other fire survivors have been waiting years for closure after timely filing their claims.

/ / /

/ / /

/ / /

# **CONCLUSION**

The Trustee respectfully requests that this Court deny the relief requested in the Petersen Letter and the Collins Letter and grant the Trust such other and further relief as may be just.

DATED: September 27, 2023

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square,
New York, New York 10036

And

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612

*Attorneys for Fire Victim Trustee*