| | |
|---|---|
| **LABATON SUCHAROW LLP** | **LOWENSTEIN SANDLER LLP** |
| Thomas A. Dubbs (*pro hac vice*) | Michael S. Etkin (*pro hac vice*) |
| Carol C. Villegas (*pro hac vice*) | Andrew Behlmann (*pro hac vice*) |
| Michael P. Canty (*pro hac vice*) | Scott Cargill |
| Thomas G. Hoffman, Jr. (*pro hac vice*) | Colleen Restel |
| 140 Broadway | One Lowenstein Drive |
| New York, New York 10005 | Roseland, New Jersey 07068 |
| | |
| *Lead Counsel to Securities Lead Plaintiff and the Class* | *Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class* |

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

*Additional counsel listed on Exhibit A*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>Jointly Administered)<br><br>**SECURITIES LEAD PLAINTIFF'S STATEMENT WITH RESPECT TO REORGANIZED DEBTORS' TWENTY-SIXTH SECURITIES CLAIMS OMNIBUS OBJECTION (SECURTIES ADR NO LIABILITY CLAIMS)**<br><br>Date: October 17, 2023<br>Time: 10:00 a.m. Pacific Time<br>Place: Tele/Videoconference Appearances Only<br><br>**Response Deadline:** Oct. 3, 2023, 4:00 p.m. (PT) |

Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**"), pending in the U.S. District Court for the Northern District of California (the "**District Court**"), as lead plaintiff for the proposed class it represents in the Securities Litigation (the "**Class**") and as a creditor in the Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned reorganized debtors (the "**Reorganized Debtors**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (together with Securities Lead Plaintiff, "**Securities Plaintiffs**"), submits this statement (the "**Statement**") regarding the *Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* (the "**Omnibus Objection**") [ECF No. 14001] and respectfully states as follows:

## RESPONSE

1. Although Lead Plaintiff's individual claims are not subject to the Omnibus Objection, Lead Plaintiff is concerned that the relief requested through the Omnibus Objection is inappropriate and inconsistent with this Court's recent decision, on September 12, 2023, to grant relief pursuant to Lead Plaintiff's *Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants* [ECF No. 13865] (the "**Rule 7023 Motion**").

2. The Omnibus Objection alleges that the holders of 235 securities claims did not respond to settlement offers made to them by the Reorganized Debtors. There are a number of legitimate reasons why a claimant did not respond to an "offer" by the Reorganized Debtors, but rather than deeming those securities claimants simply to have rejected the Reorganized Debtors' settlement offers, the Omnibus Objection proposes to summarily disallow and expunge their claims, irrespective of the merits. Putting aside whether a failure to respond to a settlement offer is a proper basis for disallowance of prima facie valid claims, the relief requested in the Omnibus Objection is generally in conflict with the relief this Court granted in connection with the Rule

7023 Motion and the potential certification of a class of securities claimants which will include these that are subject to the Omnibus Objection.[1]

3. The Omnibus Objection seeks the disallowance of 235 claims with an average asserted claim value of approximately $62,374.[2] Approximately 86% of the claims the Reorganized Debtors seek to have expunged through the Omnibus Objection appear to be held by individuals, trusts, and individual retirement accounts. The Court's decision to grant the Rule 7023 Motion was driven in part by concern that collective representation of individual securities claimants—particularly small, individual claimants who would benefit from the efficiency of a class mechanism—would assist in the efficient resolution of the thousands of pending claims.[3]

4. While Lead Plaintiff agrees that the Securities ADR Procedures should work in tandem with the pending certification of a class, the Omnibus Objection goes further by specifically targeting claims of predominantly small investors for simply not responding to a settlement offer. Permitting an objection on such grounds would be contrary to the relief just granted by the Court in the Rule 7023 Motion and is highly prejudicial to the rights of individual

---

[1] This is not the first time the Reorganized Debtors have sought disallowance of securities claims on this basis (which relief was previously granted). Lead Plaintiff did not object to this relief previously, because the Court had previously denied Lead Plaintiff's request to act on behalf of the Class. However, now that the Court has applied Bankruptcy Rule 7023 to the pending securities claims, Lead Plaintiff's intervention in this matter on the limited basis set forth herein is appropriate and warranted.

[2] Some of the claims subject to the Omnibus Objection were filed in unliquidated amounts. The average above reflects the total liquidated amount asserted in the claims subject to the Omnibus Objection divided by the number of claims ($14,657,942.08 / 235).

[3] A similar situation has arisen which was raised by certain securities claimants directly with the Court in connection with confusion regarding the interplay between the *Order Authorizing Amendment and Objection Procedures for Securities Claimants*, entered on July 28, 2023 [ECF No. 13934] (the "**Securities Procedures Amendment Order**") and the Court's oral ruling on the Rule 7023 Motion. As we advised the Court in our email to chambers on September 29, 2023, numerous other securities claimants have raised similar concerns especially regarding whether securities claimants who did not sign on to the Securities Procedures Amendment Order are nevertheless required to file either amended proofs of claim akin to a separate complaint or to formally adopt PERA's complaint in order to maintain their claims in the Chapter 11 Cases by October 13, 2023. Rather than risk the same fate as those claimants who are the subject of the Omnibus Objection, we respectfully ask the Court to consider providing that, where a securities claimant does not file its own complaint, it shall be deemed to have adopted PERA's complaint without formally filing anything additional to that effect.

securities claimants who are beneficiaries of potential common representation to protect their rights.

WHEREFORE, Lead Plaintiff respectfully requests that the Court deny the Omnibus Objection and grant such further and other relief as is just and proper.

Dated: October 3, 2023

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

# EXHIBIT A
# COUNSEL

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
140 Broadway
New York, New York 10005
Telephone     212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com

*Lead Counsel to Lead Plaintiff and the Proposed Class*

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone     415-512-8600
Facsimile     415-512-8601
randy.michelson@michelsonlawgroup.com

*Local Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone     619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone     313-578-1200
tmichaud@vmtlaw.com

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone     973-597-2500
Facsimile     973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com

*Special Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone     415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone     415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

*Additional Counsel for the Securities Act Plaintiffs*