**Entered on Docket**
**October 04, 2023**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: October 4, 2023**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT

              NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTIONS TO ALLOW LATE CLAIMS

On September 14, 2023, Movant Richard Petersen filed a letter to the court that the court will deem to be a Motion to File Late Claim ("Petersen Motion") (Dkt. 14018). Mr. Petersen seeks direction regarding filing a late proof of claim related to the 2017 North Bay Fires.

On September 20, 2023, Movant Adrienne Collins (together with Richard Petersen, "Movants") filed a similar letter to the

court ("Collins Motion") (Dkt. 14026) (together with the Petersen Motion, the "Late Claim Motions"). Ms. Collins' also seeks direction regarding filing a late proof of claim related to the 2017 North Bay Fires.

On September 27, 2023, Cathy Yanni, in her capacity as the Fire Victim Trustee ("Trustee"), filed Consolidated Objections to the Late Claims Motions ("Objection") (Dkt. 14034). No hearing on the Late Claim Motions has been scheduled. For the reasons set forth below, the court SUSTAINS the Objection and DENIES the Late Claim Motions.

I. **Discussion**

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect." Fed. R. Bankr. Pro. 9006(b)(1). The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Neither the Trustee nor the court doubt the Movants' good faith. The court considers the remaining *Pioneer* factors below and incorporates in this Order its reasoning from its previous

-2-

Orders Denying Motions to File Late Claims (Dkts. 13377, 13490, 13691, 13945, 14031) ("Prior Orders"). Those Prior Orders make clear that the Fire Victim Trust ("FVT") would be prejudiced by the granting of the Late Claim Motions and that the length of Movant's delay in filing the proof of claim is extreme (here, more than 43 months after the Extended Bar Date). Neither of the Movants has filed a proof of claim.

Specific to these Late Claim Motions, neither Movant provides any reason for the delay in seeking to file claims. Each of Movants' letters is a scant paragraph, only requesting what the steps would be to file a late claim. The Petersen Motion states "I recently found out about the PG&E settlement payouts" and refers to a September 15, 2023 deadline, while the Collins Motion does not give any sort of explanation for the request to file a late claim.

The court reiterates, as it explained in its Prior Orders that the Debtors engaged in a comprehensive campaign to provide notice to Wildfire Claimants in the North Bay, California, and across the United States in both English and Spanish. The Debtors could not control whether Movants chose not to believe or to heed those notices, or to wait until payouts were actually being made by the FVT. Creditors are deemed to have received notice of the bankruptcy. Here, Movants do not assert any lack of awareness of the bankruptcy. The Petersen Motion asserts only a lack of awareness of the potential for compensation.

Finally, the Trustee's Objection states that "[t]he Trustee announced on July 15, 2023 that effective Friday, September 15, the Trust will no longer accept new Claims Questionnaires. No

Case: 19-30088    Doc# 14047    Filed: 10/04/23    Entered: 10/04/23 13:16:23    Page 3 of 5

claim can be administered without a filed Claims Questionnaire." This Claims Questionnaire deadline appears to be the deadline referred to by the Petersen Motion. While the Petersen Motion was submitted prior to the deadline, Mr. Petersen did not submit a Claims Questionnaire to the FVT by the deadline. Ms. Collins similarly did not submit a Claims Questionnaire.

While the court is unclear whether the Movants' not submitting a Claims Questionnaire by the September 15, 2023 deadline would be fatal to a later filed proof of claim had the court granted the Late Claim Motions, it also need not reach the question, as the Movants have not met the burden of persuasion to allow for a late proof of claim to be deemed timely.

## II. Conclusion

For the reasons stated above the court hereby SUSTAINS the Trustee's Objection and DENIES the Late Claim Motions. Neither Mr. Petersen nor Ms. Collins may file a late proof of claim.

**\*\*END OF ORDER\*\***

-4-

COURT SERVICE LIST

```
Richard Petersen
970 Kingwood St.
Santa Rosa, CA 95401

Adrienne Collins
951 Petaluma Blvd. S, #310
Petaluma, CA 94952
```