ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

| | |
|---|---|
| 1 | ROLNICK KRAMER SADIGHI LLP |
| | Lawrence M. Rolnick *(pro hac vice)* |
| 2 | lrolnick@rksllp.com |
| | Marc B. Kramer *(pro hac vice)* |
| 3 | mkramer@rksllp.com |
| | Michael J. Hampson *(pro hac vice)* |
| 4 | mhampson@rksllp.com |
| | Richard A. Bodnar *(pro hac vice)* |
| 5 | rbodnar@rksllp.com |
| | Frank T.M. Catalina (*pro hac vice*) |
| 6 | fcatalina@rksllp.com |
| | Jeffrey Ritholtz *(pro hac vice)* |
| 7 | jritholtz@rksllp.com |
| | 1251 Avenue of the Americas |
| 8 | New York, NY 10020 |
| | Telephone: (212) 597-2800 |
| 9 | Facsimile: (212) 597-2801 |
| 10 | ST. JAMES LAW, P.C. |
| | Michael St. James, CSB No. 95653 |
| 11 | 22 Battery Street, Suite 810 |
| | San Francisco, California 94111 |
| 12 | (415) 391-7566 Telephone |
| | (415) 391-7568 Facsimile |
| 13 | michael@stjames-law.com |
| 14 | *Attorneys for the RKS Claimants* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) (Lead Case) (Jointly Administered) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | **RKS CLAIMANTS' RESPONSE TO PERA'S STATEMENT WITH RESPECT TO REORGANIZED DEBTORS' TWENTY-SIXTH SECURITIES CLAIMS OMNIBUS OBJECTION** |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |
| ☐ Affects PG&E Corporation | **Hearing Information:** |
| ☐ Affects Pacific Gas and Electric Company | Date: October 17, 2023 |
| ☒ Affects both Debtors | Time: 10:00 a.m. (Pacific Time) |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Place: (Telephone or Video Only) United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |

The RKS Claimants, by and through their undersigned counsel, respectfully submit this limited response (the "Response") to Public Employment Retirement Association of New Mexico's ("PERA") Statement (the "PERA Statement") With Respect to Reorganized Debtors' Twenty-Sixth Omnibus Objection (the "26th Omnibus Objection").

**RESPONSE**

The RKS Claimants submit this Response to object to PERA's attempt, without notice or an opportunity for securities claimants to object or be heard, to forcibly and without their consent "deem[]" potentially thousands of securities claimants "to have adopted PERA's complaint[.]" This sweeping request, relegated to a footnote in the PERA Statement, is not made on motion to the Court, and has no basis in law or in the Federal Rules of Bankruptcy Procedure.

PERA – who admits its claims are not implicated in the objection – opposes the 26th Omnibus Objection nonetheless. But PERA goes much further than simply seeking denial of the Objection (on which the RKS Claimants take no position except insofar as an RKS Claimant is implicated). Rather, in Footnote 3 of the PERA Statement, PERA asks the Court to "provid[e] that, where a securities claimant does not file its own complaint, it shall be deemed to have adopted PERA's complaint without formally filing anything additional to that effect." (Dkt. No. 14043 at 2, n.3.) The Court should not entertain this broad, impermissible request for foreclosed relief.

*First*, this request – raised in a footnote to a statement filed by a party that is unaffected by the omnibus objection – would amount to a significant amendment of the Court's July 28, 2023 Order Authorizing Amendment and Objection Procedures for Securities Claims (the "July 28 Order"), without notice to the thousands of parties that would be affected by it. The July 28 Order merely allows, but does not require, securities claimants to amend their proofs of claim, or to adopt the amendment of another claimant or PERA's District Court complaint (the "PERA Complaint"). (*See* Dkt. No. 13934-1 ¶ 4.) Nowhere does the July 28 Order call for, or provide notice of, an automatic and unintentional adoption of PERA's Complaint. Thus, PERA's request would be contrary to, and amount to an amendment of, the July 28 Order – an order no claimant, including PERA, objected to or even asked to be heard on.

Further, the July 28 Order required that notice of the order be served "on all holders of Securities Claims that have not been settled, satisfied, disallowed or expunged." That notice has gone out and securities claimants are now proceeding under the belief the July 28 Order applies to their claims, which would be untrue if the Court granted PERA's request. Making matters worse, PERA is asking the Court to enter an order following the **October 17** hearing deeming securities claimants to have adopted the PERA Complaint on **October 13**. Thus, not only would claimants be left to learn following the hearing that the rules were changed without notice to them, but that the rules were retroactively changed four days before the hearing, leaving claimants no opportunity to act in accordance with the new rules requested by PERA. It would be fundamentally unfair, and contrary to the Rules of Bankruptcy Procedure, for the Court to amend the July 28 Order – and to *ex-post-facto* amend claimants' claims without their consent – without PERA so much as having filed a motion on notice requesting such relief. *See* Fed. R. Bankr. P. 9013 ("A request for an order, except when an application is authorized by these rules, shall be by written motion unless made during a hearing.").[1]

*Second*, PERA's purported concern, "whether securities claimants who did not sign on the [July 28 Order] are nevertheless required to file either amended proofs of claim akin to a separate complaint or to formally adopt PERA's complaint in order to maintain their claims …," (Dkt. No. 14043 at 2, n.3) is answered by the July 28 Order itself. It contains no such requirement. While the July 28 Order provides that securities claimants "may amend" their proofs of claim, or adopt another's amendment or pleading, it does *not* require claimants to amend their proofs of claim already submitted on the forms drafted by Reorganized Debtors, and with the trading data requested by Reorganized Debtors. As things stand today, whether to amend, and how to do so, is entirely up to each claimant per the July 28 Order.

---

[1] PERA simply ignores that thousands of claimants are in varied stages of the ADR procedures. There is no basis to upset the applecart for these claimants without their consent. The July 28 Order provided every claimant the optionality as to how to proceed – PERA now suggests that optionality be taken away.

*Third*, PERA points to no law or rule – because there is none – allowing the Court to force securities claimants to amend their proofs of claim by adopting the PERA Complaint. Further, PERA, who does not lead a certified class in these Chapter 11 cases, has no standing ask the Court to unilaterally amend the proofs of claim of parties it does not represent. The Court has acknowledged it cannot certify a class, or appoint PERA as a class representative, absent a fact record developed through a discovery process that has not yet even begun. PERA's request thus appears geared toward forcing claimants to "opt into" its complaint without their consent, improperly establishing it as a *de facto* class representative before the Court has an opportunity to consider a motion to appoint PERA as class representative on a fully developed fact record. The Court should not grant PERA's request, which would have the effect of rendering the forthcoming class discovery and class certification motion practice a mere formality. PERA's request has no basis in the law, rules, or the July 28 Order. Each provides for the securities claimants to continue to exercise authority over their own claims – as they are continuing to do through the ADR Procedures in significant numbers.

*Finally*, to the extent PERA continues to file pleadings and/or "statements" on behalf of claimants other than itself, the RKS Claimants reserve the right to challenge its standing to act on behalf of the RKS Claimants.

## **CONCLUSION**

The RKS Claimants respectfully request the Court deny PERA's improper request to deem securities claimants' proofs of claim amended to adopt the PERA Complaint.

Dated: October 10, 2023  ROLNICK KRAMER SADIGHI LLP

By:  */s/ Richard A. Bodnar*

*Attorneys for the RKS Claimants*