KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEVEN A. LAMB IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**<br><br>[Related to Dkt. Nos. 12130, 13920, 13921] |

I, Steven A. Lamb, declare as follows:

1. I am an attorney with the law firm of Rovens Lamb LLP and am one of the attorneys representing the Reorganized Debtors and am counsel of record on behalf of the Reorganized Debtors in *Amir Shahmirza and Komir, Inc. v. PG&E Corporation*, San Mateo Superior Court Case 18CIV06064, filed November 9, 2018. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I make this Declaration in support of the Reorganized Debtors' *Ex Parte Application Pursuant to Local Bankruptcy Rule 9006-1(c) for an Order Modifying Dates and Deadlines Regarding Objection to Claim of Amir Shahmirza and Komir, Inc*. (the "Application").[1]

3. On September 29, 2023, I contacted Shahmirza's counsel and requested that Shahmirza agree to continue the current schedule by 60-90 days. In furtherance of this request, I have had several discussions with Shahmirza's counsel. This included discussions regarding mediation and we discussed and agreed on engaging Bradley Bening as a mediator and discussed potential mediation dates. On October 5, 2023, Shahmirza's counsel informed me that Shahmirza would not agree to the requested continuance. On October 9, 2023, I informed Shahmirza's counsel that the Reorganized Debtors would file an *ex parte* application to request the continuance set forth herein.

4. Although the Parties have tentatively agreed on Bradley Bening as the mediator, we never agreed on a date for the mediation.[2] Mr. Bening had advised the Parties that he is not available to mediate this matter in the month of December. Mr. Bening previously advised the Parties that his available dates for mediation of this matter were November 30, 2023, or sometime in January 2024.

5. I informed Shahmirza's counsel that the Reorganized Debtors are offering to pay the fee for the mediation and that there would be no cost to Shahmirza for the mediator if Shahmirza agrees to a 60-90 day continuance to allow for the mediation to proceed by their chosen mediator's schedule. Shahmirza's counsel noted that the mediation would likely take more than one day. Additionally, while the Parties have conducted a site survey of the property with an appraiser, I anticipate that the mediator

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

[2] Mr. Bening has extensive expertise in complex construction, real estate and business litigation matters.

will likely ask for a session that would include a site survey so the Mediator can fully appreciate the nature and qualities of the Komir property. The earliest date Shahmirza's counsel could schedule the site survey for the appraiser was September 22, 2023. The site survey took about two hours and was completed on September 22, 2023. Because counsel for Shahmirza has not agreed to the requested continuance, I was not able to reserve the November 30, 2023, date with Mr. Bening and now he is no longer available. Mr. Bening has available dates for mediation in January 2024.

6. The Reorganized Debtors have agreed to every prior request by Shahmirza for a continuance of scheduling pretrial matters.

7. The Reorganized Debtors' proposed revised dates and deadlines are as follows:

| Current Date | Event | Proposed Date |
|---|---|---|
| October 6, 2023 | Written Discovery Completion Deadline | October 6, 2023 (no change) |
| October 12, 2023 | Deposition of Amir Shahmirza and Komir, Inc. | October 12, 2023 (no change) |
| October 15, 2023 | Percipient Witness Deposition Deadline | October 15, 2023 (no change) |
| October 20, 2023 | Reorganized Debtors' Deadline to Respond to Second MSJ | January 22, 2024 |
| November 17, 2023 | Deadline for Shahmirza to file Reply | February 12, 2024 |
| November 18, 2023 | Deadline to Exchange Expert Reports | November 18, 2023 (no change) |
| December 19, 2023 (Per Dkt. No. 13935) | Hearing on Second MSJ | Week of March 19, 2024, subject to the Court's calendar |
| TBD | Further Status Conference to set trial and pre-trial matters | TBD (no change) |
| December 31, 2023 | Deadline to complete expert depositions | December 31, 2023 (no change) |
| Late Jan. or early Feb. 2024 (subject to agreement by Parties or court approval) | TRIAL | Early April 2024 or thereafter, subject to the Court's calendar |

8. The current dates and deadlines do not allow adequate time to:

    a. Complete percipient discovery and obtain a transcript from the court reporter in order to respond to the Second MSJ, if necessary;

    b. Complete expert reports, exchange expert reports, and complete expert discovery;

    c. Conduct a mediation according to Mr. Bening's schedule;

    d. Allow the Reorganized Debtors to evaluate whether the Reorganized Debtors should file a separate action in state court for eminent domain. Based on the

Court's prior ruling on the first summary judgment motion, the Reorganized Debtors are considering filing an eminent domain action in State Court, in order to resolve the issue of the easement for the continued rights to keep and maintain the overhead transmission lines over the Komir Property once and for all, and ensure that any determined taking of property is awarded just compensation. Such an action would have the potential to moot the second motion for summary judgment. But, in order to proceed on this path, Reorganized Debtors must first secure an appraisal, provide a statutory offer to the landowner, and then, after a fixed period, would it be able to proceed with the condemnation action. After meaningful consideration of this Court's prior ruling, Debtor has retained an expert to conduct the appraisal that is essential to the evaluation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this tenth day of October 2023 at Torrance, California.

By: */s/ Steven A. Lamb*

Steven A. Lamb