WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPLY IN SUPPORT OF TWENTY-SIXTH SECURITIES CLAIMS OMNIBUS OBJECTION (SECURITIES ADR NO LIABILITY CLAIMS)**<br><br>[Related to Dkt. No. 14001]<br><br>Date:   October 17, 2023<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  **(Tele/Videoconference Only)**<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**" the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply in support of the *Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)*, dated August 31, 2023 [Dkt. No. 14001] (the "**Omnibus Objection**") and in response to *Securities Lead Plaintiff's Statement With Respect To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)*, dated October 3, 2023 [Dkt. No. 14043] (the "**PERA Response**").[1]

## PRELIMINARY STATEMENT

The Omnibus Objection asks the Court to expunge certain Securities ADR No Liability Claims which are listed on Exhibit 1 to the Omnibus Objection. The claimants holding these claims (for purposes of this reply, the "**Claimants**") have filed securities proofs of claim, but have failed to comply with this Court's order requiring that they respond to the Reorganized Debtors' offers to resolve their claims, despite multiple communications from the Reorganized Debtors informing them of the opportunity to resolve their claims and the obligation to respond to the offers (including by rejecting the offers). *See Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities ADR Procedures Order**"). Moreover, the Omnibus Objection served on each of the Claimants expressly stated that the Claimants had yet another opportunity to respond to the offers and avoid the disallowance of their claims. The deadline to respond to the Omnibus Objection was October 3, 2023, at 4:00 P.M. PT. No Claimant filed an opposition to the Omnibus Objection. This Court has already granted similar omnibus objections with respect to both general unsecured claims and securities claims.[2] The Court should similarly grant the Omnibus Objection here.

---

[1] Capitalized terms used but not defined herein shall have the same meanings as in the Omnibus Objection.

[2] *See Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Second Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 13981] (the "**Twenty-Second Securities Claims Omnibus Objection Order**"); *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' One Hundred Sixteenth Omnibus*

1

Public Employees Retirement Association of New Mexico ("**PERA**") by its own admission does not hold claims "subject to the Omnibus Objection," but nonetheless opposed the Omnibus Objection. PERA Response at 2:14-15. PERA argues that the Claimants should not be required to comply with the Securities ADR Procedures because of the Court's recent ruling to institute a process for determining whether there will ultimately be a class, as determined by the Court several months from now, consisting of securities claimants (if any) whose claims have not yet been expunged or otherwise resolved. This argument is flawed for several reasons.

First, as the Court recognized, the Court cannot determine whether a class should be certified without considering the parties' evidence and briefing. Thus, there is currently no class and PERA represents no claimant other than itself. Second, the Court has expressly stated its intent that the Bankruptcy Rule 7023 ruling not upset the Securities ADR Procedures Order or stall the Reorganized Debtors' considerable progress in resolving claims. As the Court described the process, *if* a class is certified, it will consist of those securities claimants, if any, whose claims remain unresolved as of when the Court decides the class certification issue. See September 12, 2023 Hr'g Tr. at 8:2-3, 15:3-4. The PERA Response seeks to upend that process by treating securities claimants as if they were part of a class that does not yet, and likely will never, exist. Third, the Court has previously held, citing recent, controlling precedent, that neither PERA nor any other non-Claimant has standing to challenge an Omnibus Objection with respect to other claimants. See May 24, 2023 Hr'g Tr. at 5:25-6:1 ("Persons [who] are not aggrieved are not in a position to argue standing") (citing *Clifton Cap. Corp. v. Sharp (In re E. Coast Foods, Inc.),* 66 F.4th 1214 (9th Cir.)*, amended and superseded,* 80 F.4th 901 (9th Cir. 2023)); see also June 11, 2021 *Order Overruling PERA's Opposition to Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10769] (the "**First Securities Claims**

---

*Objection to Claims (ADR No Liability Claims)* [Dkt. No. 12652]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' One Hundred Fourth Omnibus Objection to Claims (ADR No Liability Claims)* [Dkt. No. 11431]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' One Hundred Third Omnibus Objection to Claims (ADR No Liability Claims)* [Dkt. No. 11321]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Eighty-Fifth Omnibus Objection to Claims (ADR No Liability Claims)* [Dkt. No. 10864].

**Omnibus Objection Order**") at 4:1-4 ("it is up to the claimant, not a third party with no or questionable standing, to assert . . . [an] opposition to the objection"). Indeed, as the Court has already reminded PERA, it "is neither an *amicus* nor a private attorney general carrying forth positions not advanced by real parties in interest. *Id.* at 9:27-28, n. 8.[3] The Bankruptcy Rule 7023 ruling does not change that analysis.

      Notwithstanding the above dispositive, threshold issue, PERA's implied argument on the merits that "a failure to respond to a settlement offer is [not] a proper basis for disallowance of prima facie valid claims" is both untimely and wrong. PERA Response at 2:24-25. PERA had its opportunity to challenge Section IV.E of the Securities ADR Procedures Order in connection with the properly noticed *Reorganized Debtors' Motion To Approve Securities ADR And Related Procedures For Resolving Subordinated Securities Claims* [Dkt. No. 8964]. The Court deemed the very relief sought in the Omnibus Objection proper in its Securities ADR Procedures Order and, as noted above, has since granted near-identical relief on five previous occasions – once pursuant to the Securities ADR Procedures Order and four times pursuant to the Court's *Order Approving ADR And Related Procedures For Resolving General Claims* [Dkt. No. 9148]. Moreover, PERA provides no basis for a securities claimant who has filed its own proof of claim to be able to ignore its obligations under the Securities ADR Procedures after being given numerous opportunities to comply.[4]

      Footnote 3 of the PERA Response reveals PERA's true objectives here. PERA seeks extraordinary relief, without a motion and without notice to claimants. PERA seeks to have the Court order that securities claimants who have filed their own proofs of claim and have **chosen not to adopt the PERA complaint** shall be deemed nonetheless to have adopted the PERA complaint. *See* PERA

---

[3] The Court has already "sen[t] a clear 'heads up' to PERA and its counsel that future insertion of arguments" on behalf of other securities claimants it does not represent "might result in consequences to PERA that the [C]ourt prefers to avoid." *Id.* at 9:25-26.

[4] "I prefer litigants having the opportunity to determine their own outcomes. . . . I further reject the notion that somehow investors . . . are somehow unable to make their own decisions [in the claims settlement process]. . . . I am not going to assume that they are so unsophisticated, innocent babes in the woods who can't make their own decisions now. . . . Simply stated, they said yes or no to a choice [] whether to invest years ago. Now they can say yes or no to an offer . . . under the proposed procedures." December 4, 2020 Hr'g Tr. at 6:18-20; 7:19-8:17.

Case: 19-30088   Doc# 14056   Filed: 10/10/23   Entered: 10/10/23 19:33:29   Page 4 of 11

Response at 3:22-28, n. 3. PERA's request, without standing, and without a motion, seeks relief not just for Claimants, but for all securities claimants. In sum, PERA in effect asks the Court to pre-certify PERA as lead plaintiff of a hypothetical class, derail the Securities ADR Procedures, and modify its July 28, 2023 *Order Authorizing Amendment and Objection Procedures for Securities Claims* (the "**Amendment and Objection Procedures**") [Dkt. No. 13934] to eliminate the claim amendment deadlines included therein.

The relief sought by PERA is both substantively and procedurally improper. Indeed, PERA argued in prior filings that the very relief it now seeks is improper. The Court should decline to consider this manifestly infirm request on procedural grounds and, to the extent necessary, deny it on substantive grounds.

## ARGUMENT

### I. PERA LACKS STANDING TO RESPOND TO THE OMNIBUS OBJECTION

As a threshold matter, PERA lacks standing to oppose the Omnibus Objection. *Horne v. Flores*, 557 U.S. 433, 445 (2009) ("The question of whether a party has standing is a threshold issue that must be addressed before turning to the merits of a case"). The Court has considered this issue with respect to PERA and other claimants and has determined that a claimant whose claims are not affected by the Reorganized Debtors' omnibus objection does not have standing to challenge that objection. *See, e.g.*, May 24, 2023 Hr'g Tr. at 5-6 (denying motion for reconsideration for lack of standing); First Securities Claims Omnibus Objection Order at 3, 8, 9, n. 8 (overruling PERA's opposition to the omnibus objection for, among other things, lack of standing).

These decisions were correct and are directly in line with controlling Ninth Circuit precedent on bankruptcy court and Article III standing. To have standing, PERA must "satisfy the statutory requirements of the Bankruptcy Code and qualify as a 'party of interest' under 11 U.S.C. § 1109(b)." *In re Tower Park Properties, LLC*, 803 F.3d 450, 452, 456 (9th Cir. 2015) ("party-in-interest status is a necessary prerequisite to bankruptcy standing"). By definition, a party in interest "has a 'legally protected interest that could be affected by a bankruptcy proceeding.'" *Id.* at 457 (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992)) (emphasis in original). "Thus, an entity 'that may suffer collateral damage, but does not have a legally protected interest does not have standing under §

4

1109(b)." Such interests are "too remote" to entitle the entity to participate in the adjudication of that issue. *Id.* (quoting *In re C.P. Hall Co.*, 750 F.3d 659, 661 (7th Cir. 2014)).

For example, in *Tower Park Properties*, the Ninth Circuit held that a trust beneficiary was not a "party in interest" with standing to object to the bankruptcy court's approval of a settlement agreement to which the beneficiary was not a party, even though the settlement could have detrimentally affected trust assets, because the beneficiary had no right to claim any "direct ownership interest in the Trust assets, nor any legal entitlement to control or manage those assets at th[at] time." *Id.* at 460.[5] PERA, here, has even less of an interest than the beneficiary in *Tower Park Properties*. PERA's interest in the Omnibus Objection adjudication is not even "remote": PERA admits its "claims are not subject to the Omnibus Objection" at all and that expunging such claims would not prejudice its rights or claims, but rather "the rights of [other] individual securities plaintiffs." PERA Response at 2:14-15; 3:14-4:1.[6]

PERA's apparent argument that it somehow now has acquired standing because "the relief requested in the Omnibus Objection is generally in conflict with the relief this Court granted in connection with the Rule 7023 Motion," is wrong and unsupported. PERA Response at 2:25-3:1. In its September 12, 2023 ruling on the Bankruptcy Rule 7023 Motion, the Court expressly did "not certify[] a class on a final basis," could not have done so, and may never do so. September 12, 2023 Hr'g Tr. at 8:11. As such, PERA's position with respect to a putative, post-confirmation class has not changed: it does not now represent a class of securities claimants in these Chapter 11 Cases, and such a class may never be certified at all.

---

[5] *See also In re C.P. Hall Co.*, 750 F.3d at 661-662 (holding that an excess creditor that "may suffer collateral damage from a ruling in a bankruptcy proceeding" lacked standing under Bankruptcy Code § 1109(b)).

[6] Citing the Ninth Circuit's recent decision in *East Coast Foods*, the Court previously denied a fire claimant's motion for reconsideration (*see William B. Abrams Motion For Reconsideration And Relief From the Order Regarding Hearing On May 24, 2023* [Dkt. No. 13755]) on the very same ground, noting that *East Coast Foods* stands for the proposition that "persons [] not aggrieved are not in a position to argue standing" and that "that case couldn't be closer to on point to all fours from [my] point of view." May 24, 2023 Hr'g Tr. at 5:25-6:2.

5

Allowing third parties such as PERA to interpose arguments not otherwise before the Court is precisely what the "party in interest" barrier is designed to foreclose. See *Tower Park Properties*, 803 F.3d at 460-61 (creditor was not "party in interest" that could object to approval of settlement agreement because basis for objection was "collateral to the resolution of claims between the debtor . . . and its creditors"). Accordingly, the Court should preclude PERA from being heard unless and until it has a legitimate, protectable interest with respect to its own claim, and should abstain from issuing an impermissible advisory opinion based on the PERA Response. *See In re Frye*, 2009 WL 7751434, at *8 (B.A.P. 9th Cir. Apr. 7, 2009) (affirming bankruptcy court's decision to decline to issue advisory opinion regarding post-bankruptcy collection activities where "it was within the bankruptcy court's discretion to determine that the matter was not ripe for adjudication"). The Court should sustain the Omnibus Objection because PERA, the only securities claimant to oppose it, has no standing to do so.

## II. THE PERA RESPONSE TO THE OMNIBUS OBJECTION IS WITHOUT MERIT

While there is no basis for the Court to reach the merits of the PERA Response, PERA's arguments are also wrong and unavailing. Here, the Claimants have failed to comply with the Securities ADR Procedures Order by not responding to the Reorganized Debtors' settlement offers, despite multiple follow-up attempts and even after service of the Omnibus Objection seeking to expunge and disallow the claims provided a final opportunity to respond to the offers.[7] The result of such failures to comply is plainly set out in the Securities ADR Procedures Order:

> "**If a Subordinated Securities Claimant or the Reorganized Debtors fail to comply with the Securities ADR Procedures**, negotiate in good faith, or cooperate as may be necessary to effectuate the Securities ADR Procedures, the Bankruptcy Court may, after notice and hearing, find such conduct to be in violation of the Securities Claims Procedures Order or, with respect to a Subordinated Securities Claimant, an abandonment of or failure to prosecute the Subordinated Securities Claim, or both. Upon such findings**, the Bankruptcy Court may, among other things, disallow and expunge the Subordinated Securities Claim**, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party."

---

[7] A detailed summary of the offer and notice procedures undertaken by the Reorganized Debtors is set out in the Omnibus Objection at 4-6.

Section IV.E (emphasis added).[8]

While not actually making or preserving the argument, PERA invites the inference that Section IV.E of the Securities ADR Procedures Order "is a[n im]proper basis for disallowance of prima facie valid claims." PERA Response at 2:25. This argument ignores that the Court ordered the current Securities ADR Procedures into effect over the very same objection by PERA. *See Securities Lead Plaintiff's Objection To Reorganized Debtors' Motion To Approve Securities ADR And Related Procedures For Resolving Subordinated Securities Claims* [Dkt. No. 9189] at 10:9-12 ("If the information requested is not provided by the Reorganized Debtors' deadline . . . , Reorganized Debtors will object to the claim on those summary grounds, undermining the purpose of the presumption of validity and the bankruptcy claims process"). As noted above, the Court has also granted the relief sought in the Omnibus Objection on five prior occasions. *See*, *e.g.*, Twenty-Second Securities Claims Omnibus Objection Order (expunging claims based on identical request for relief).[9] Denying identical relief here would be patently unfair to the Reorganized Debtors and other claimants, which are both obliged and entitled to rely on the consistent application of the Securities ADR Procedures ordered by the Court.

The Court's ruling on the Rule 7023 Motion plainly does not "conflict" with or otherwise displace the established Securities ADR Procedures, which the Court should continue to apply consistent with its prior orders.[10]

---

[8] Section IV.E tracks a near-identical procedure the Court endorsed in Section IV.E of its *Order Approving ADR And Related Procedures For Resolving General Claims* [Dkt. No. 9148].

[9] "The holders of the Securities ADR No Liability Claims (the 'Claimants') have failed to respond to multiple attempts by the Reorganized Debtors to alert them of the offers, and they therefore have failed to comply with the Securities ADR Procedures and under Section IV.E of the Securities ADR Procedures Order, the Bankruptcy Court may 'disallow and expunge' such Securities Claims. Specifically, the Claimants have failed to comply with Section II of the Securities ADR Procedures Order (the 'Offer Procedures') by not responding to settlement offers, despite multiple follow-up attempts by the Reorganized Debtors." *Reorganized Debtors' Twenty-Second Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 13871].

[10] PERA's argument that the Omnibus Objection "specifically target[s] claims of predominantly small investors for simply not responding to a settlement offer" is just wrong. PERA Response at 3:12-13. The Claimants are simply those that failed to comply with the Securities ADR Procedures, without regard to claim size.

7

### III. PERA'S FOOTNOTE REQUEST FOR THE COURT TO MODIFY THE SECURITIES ADR AND AMENDMENT AND OBJECTION PROCEDURES WITHOUT A MOTION AND PROPER NOTICE SHOULD BE DENIED

*A. The Court's September 12, 2023 Bankruptcy Rule 7023 Ruling Requires No Clarification*

In Footnote 3, PERA claims there is "confusion regarding the interplay between the *Order Authorizing Amendment and Objection procedures for Securities Claimants*," entered on July 28, 2023 [Dkt. No. 13934] (the "**Amendment and Objection Procedures**") and "the Court's Oral ruling on the Rule 7023 Motion." PERA Response at 3:22-24, n. 3. Yet PERA does not actually point to any conflict. In the Court's September 12, 2023 ruling, the Court twice stated that the class certification process would not displace the procedures adopted by the Court. September 12, 2023 Hr'g Tr. at 6:15, 8:9-10. The Court also held that the class process would be a "backstop" for the procedures already put in place by the Court. *Id*. at 12:17. The Court was thus clear that the procedures – which were the product of substantial negotiations by experienced counsel for claimants and the Reorganized Debtors, and were ordered by the Court (over the objection of PERA) – must remain in effect.[11]

A critical part of the Amendment and Objection Procedures is the timing for claimants to amend securities claims. The Amendment and Objection Procedures provide that securities claimants can amend claims by October 6, 2023, or adopt the PERA complaint or another filed complaint or proof of claim by October 13, 2023. The Court expressly ordered that the Reorganized Debtors serve the Amendment and Objection Procedures, with these deadlines to amend or adopt the PERA complaint, on all securities claimants. By the time of the hearing on this omnibus objection, each securities claimant will have already made a choice whether to adopt the PERA complaint. Those

---

[11] The ADR Procedures continue to work. At the time of last report on the progress of the Securities ADR Procedures, the Reorganized Debtors had resolved 5,639 securities claims. Less than two months later, the Reorganized Debtors have resolved approximately 6,412 claims – an additional 773 claims. Over 72% of the securities claims filed have now been resolved. Of the remaining approximately 2,500 unresolved claims, RKS Group represents approximately 700 claimants, and Vanguard has filed 220 claims. Excluding those claims leaves just approximately 1,600 unresolved claims. Since many claimants filed multiple proofs of claim, there are now, at most, only a few hundred unique claimants who have filed proofs of claim, and the procedures are working to narrow those numbers every day, whether through settlement, withdrawal, or omnibus objection.

securities claimants that do not adopt the PERA complaint will have chosen, after notice, not to do so. It would be improper for the Court to order that claimants who, after notice, expressly chose not to adopt the PERA complaint should be retroactively forced to adopt it.

### B. Granting PERA's Requests Would Impair The Substantive Rights Of All Securities Claimants

PERA's requested relief is remarkably and directly inconsistent with PERA's prior arguments against precisely this same relief. In its *Partial Objection To Motion Of Reorganized Debtors For Entry Of Order Further Extending Deadline For The Reorganized Debtors To Object To Claims And For Related Relief* [Dkt. No. 13791], PERA argued that even on notice and with a choice to adopt the PERA complaint or not, the securities claimants "cannot 'adopt' the PERA Complaint" for a slew of substantive reasons: the (1) PERA complaint includes claims against so-called "Non-Debtor Defendants" not subject to this Court's jurisdiction; (2) securities claimants that adopt the PERA complaint cannot possibly sufficiently allege the Securities Act claims in the PERA complaint against the Reorganized Debtors because the PERA complaint does not allege Securities Act allegations against the Reorganized Debtors; (3) securities claimants cannot certify that, in adopting the PERA complaint, they made the reasonable inquiries and performed the requisite diligence as required by FRCP 11 and Bankruptcy Rule 9011(b), or affirm that the PERA complaint contains what they believe to be true and correct representations, as required by Official Bankruptcy Form B410; (4) PERA complaint includes claims that some securities claimants have no basis to allege; and (5) adjudication of claims by this Court could prejudice PERA and impact the jurisdiction or adjudication of claims by the district court in the securities litigation. *See id.* at 14-18. PERA even submitted the declaration of an expert arguing that it would be improper and constitutionally infirm for securities claimants to adopt the PERA complaint, especially without notice and affirmative adoption by such claimants. *See Declaration of Professor William B. Rubenstein* [Dkt. No. 13791-1].

PERA, in an extraordinary reversal, now asks the Court, without notice to securities claimants and after the claim amendment deadlines have passed, to force securities claimants who elected not to adopt the PERA complaint to retroactively adopt the PERA complaint. As the Court has previously

9

stated, this approach is not tenable: "I think to lock people into a pleading that may get dismissed[,] doesn't actually involve the debtor, but involves people who aren't before the Court is just an invitation to confusion and disaster." June 7, 2023 Hr'g Tr. at 71:25-72:4. The Bankruptcy Rule 7023 ruling does not change this analysis because it expressly did not certify a class, which this Court may never certify. It is one thing to allow securities claimants to choose to adopt the PERA complaint and quite another to force them to do so – especially where those claimants may very well decline to do so by the October 13 deadline. The Court should deny PERA's extraordinary request.[12]

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court grant the relief requested in the Omnibus Objection, and such other relief as the Court deems just and proper.

Dated: October 10, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*/s/ Richard W. Slack*
Richard W. Slack
*Attorneys for the Debtors and Reorganized Debtors*

---

[12] *See* June 7, 2023 Hr'g Tr. at 32:8-11 ("[I]t's completely voluntary. If a creditor doesn't either clone the PERA complaint or file essentially the equivalent of a new one, the creditor has the option to stand on its existing proof of claim").