1  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
2  (DMolton@brownrudnick.com)
   Seven Times Square
3  New York, New York 10036
   Telephone:    (212) 209-4800
4  Facsimile:    (212) 209-4801

5  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
6  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
7  Irvine, California 92612
   Telephone:    (949) 752-7100
8  Facsimile:    (949) 252-1514

9  *Attorneys for Fire Victim Trustee*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,** **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRE VICTIM TRUSTEE'S STATEMENT OF NON-OPPOSITION TO LETTER REQUEST OF JASON PARKER**<br><br>[Relates to Docket Number 14035] |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust (the "**Trust**"), by and through her undersigned counsel, respectfully states as follows:

1. On January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Reorganized Debtors filed the Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. By Order dated July 1, 2019, the Court established October 21, 2019 (the "**Bar Date**") as the last date to file proofs of claim in the Chapter 11 Cases [Docket No. 2806]. By Order dated November 11, 2019, the Court extended the Bar Date to December 31, 2019 (the "**Extended Bar Date**") for unfiled, non-governmental Fire Claimants [Docket No. 4672].

3. By Order dated June 20, 2020 [Docket No. 8053] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

4. Pursuant to the Plan, the Trustee was appointed as the representative of each of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code was vested with the authority and power (subject to the Fire Victim Trust Agreement[1] and the Plan) to, among other things: (i) administer, object to or settle Fire Victim Claims; (ii) make distributions to holders of Fire Victim Claims in accordance with the terms of the Plan and the Fire Victim Trust Agreement, and (iii) carry out the provisions of the Plan related to the Trust and the Fire Victim Claims. *See* Plan § 6.8(b).

///

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Plan.

2

5. Also pursuant to the Plan, all Fire Victim Claims were channeled to the Trust on the Effective Date and are subject to the Channeling Injunction, and any liabilities of the Debtors or the Reorganized Debtors, as applicable, for any Fire Victim Claims have been fully assumed by, and are the sole responsibility of, the Trust, and shall be satisfied solely from the assets of the Trust. *See* Plan §§ 4.7(a), 4.26(c), 6.7(a).

6. To be eligible for compensation from the Trust a holder of a Fire Victim Claim must have timely filed a proof of claim. *See* Dkt. No. 8057-1.

7. On March 4, 2020, Jason Parker filed proof of claim number 97098 (the "**Proof of Claim**"). No other proof of claim for Mr. Parker has been channeled to the Trust.

8. On January 28, 2021, Mr. Parker timely submitted a Claims Questionnaire to the Trust.

9. On August 1, 2022 the Trust sent an email (the "**Late Claim Email**") to all claimants, including Mr. Parker, who had submitted Claims Questionnaires to the Trust based on proofs of claims filed after the Extended Bar Date. The Late Claim Email informed these claimants that their proofs of claim would need to be deemed timely filed by the Bankruptcy Court in order for their Fire Victim Claims to be eligible for compensation by the Trust.

10. On September 28, 2023, Mr. Parker filed a letter with the Court seeking to have the Proof of Claim deemed timely [Docket No. 14035] (the "**Late Claim Letter**").

11. Given Mr. Parker's engagement with the Trust and the status of his claims within the Trust's claims administration process, the Trustee does not object to this Court deeming the Proof of Claim timely for the purpose of administration by the Trust.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Fire Victim Trust, or any other party in interest of any right to object to the Proof of Claim on any grounds other than the untimely filing thereof.

DATED: October 11, 2023       BROWN RUDNICK LLP

By: /s/ David J. Molton
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:     (212) 209-4800
Facsimile:     (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:     (949) 752-7100
Facsimile:     (949) 252-1514

*Attorneys for Fire Victim Trustee*