LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | **CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.** |
| G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | |
| | **Summary Adjudication Hearing Date:** |
| | Date: December 19, 2023<br>Time: 10:00 a.m.<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

1

Amir Shahmirza, as agent and acting on behalf of Komir, Inc., (Komir referred to herein as the "Claimant" or "Komir") submits the following opposition to the *ex Parte* Application Pursuant to Local Bankruptcy Rule 9006-1(c) for an Order Modifying Dates and Deadlines Regarding Objection to Claim of Amir Shahmirza and Komir, Inc. ("Rescheduling Motion") filed by Debtors ("Debtors" or jointly "PG&E").

The most critical points of analysis regarding this Rescheduling Motion are the following:

1. PG&E itself formulated and proposed the existing schedule.
2. Komir has already complied with its obligation under the existing Scheduling Order by filing its moving papers.
3. Nothing has changed since the Court entered the Scheduling Order that adopted PG&E's schedule.
4. Though no apparent reason exists for any scheduling alterations, Komir offered to restructure the scheduling in any manner that would accommodate PG&E, including:
   (a) extending Debtors' Response filing deadline,
   (b) postponing Shahmirza's deposition, and
   (c) shortening the time for filing Komir's Reply by half,
   provided only that the hearing date does not change from December 19. 2023.
5. PG&E rejected any restructure that did not conform with what is now the relief sought by its *ex parte* motion.

This Rescheduling Motion should also be analyzed in the context of PG&E having previously filed its Counter Summary Adjudication Motion, that was fully briefed and argued, in which PG&E already presented its arguments concerning prescriptive easement claims.

Stated differently, responding to the pending 2nd Summary Adjudication Motion is not PG&E's first encounter with the issue of whether PG&E holds any prescriptive easement rights (and, while perhaps stating the obvious, the issue of alleged prescriptive easement rights is an issue which has been raised and pursued by PG&E).

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

2

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 2 of 10

The only reasonable conclusion to be drawn from the Rescheduling Motion is that PG&E lacks confidence in presenting any opposition to the 2nd Motion for Summary Adjudication and seeks to obtain exaggerated and totally unnecessary extensions and postponements.

**I.      SUMMARY OF RELIEF REQUESTED**

By its Rescheduling Motion, PG&E seeks to the following changes for its benefit:

1. Extend its time to file its opposition to the 2nd Motion for Summary Adjudication by three (3) months from October 20, 2023 (next week) to January 24, 2024 (96 day extension).

2. Postpone the hearing on the 2nd Motion for Summary Adjudication by three months from December 19, 2023, to March 19, 2024 (96 day postponement).

3. Postpone the trial date from January or February to June or July 2024 (at least 5 months).

The existing schedule was established by stipulation entered on July 25, 2023 (Docket # 13920) to dates proposed by PG&E. A corresponding Order was entered on the same day (Docket #13921). Komir has complied with the Order by filing its moving papers on September 5, 2023.

According to its own schedule PG&E, was provided eighty seven (87) days from the entry of the Scheduling Order on July 25, 2023, to perform factual and legal research prior to its response date of October 20, 2023, and forty five (45) days from its receipt of the moving and supporting papers on September 5, 2023, to its response date of October 20, 2023.

By its Rescheduling Motion, PG&E now seeks to extend the agreed-upon 45 day period by an additional 96 days for a total period for preparing and filing its response to 141 days.

Nothing has changed since the parties entered into their Stipulation on July 25, 2023.

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

3

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 3 of 10

## II. PG&E FORMULATED THE CURRENT SCHEDULING ORDER AS ITS ALTERNATIVE TO A MUCH MORE ABBREVIATED SCHEDULE PROPOSED BY KOMIR.

### A. PG&E Formulated and Proposed the Existing Schedule

Upon granting the 1st Motion for Summary Adjudication that determined that PG&E holds no easement rights under recorded documents, the Court set a Status Conference to determine scheduling of further proceedings.

Claimant submitted a Status Conference Statement that proposed a schedule that contemplated the filing of a 2nd Motion for Summary Adjudication challenging any claim of prescriptive easement rights.

Claimant's schedule provided for filing of pleadings and discovery with a starting date for filing the Motion on August 4, 2023, to an ending date of October 4, 2023, for the hearing of the 2nd Motion for Summary Adjudication.

PG&E proposed a schedule that did not contemplate a 2nd Motion for Summary Adjudication and proposed an initial discovery cutoff date of December 4, 2023, for non-expert discovery with trial in June or July 2024.

At the Status Conference on July 11, 2023, the Court and parties discussed the related sequencing of discovery and summary adjudication pleadings with Claimant advocating earlier dates and PG&E advocating its much later dates.

In view of the discussion at the Status Conference, the Court continued the Status Conference hearing from July 11, 2023 to July 26, 2023 and urged the parties to meet and confer to agree upon a schedule and avoid the continued Status Conference hearing.

By email dated July 12, 2023, counsel for PG&E proposed the existing schedule as follows:

> "From: Steven A. Lamb <slamb@rovenslamb.com>
> Sent: Wednesday, July 12, 2023 11:34 AM
> To: Lawrence A. Jacobson (laj@cohenandjacobson.com) <laj@cohenandjacobson.com>
> Subject: Shahmirza

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

4

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 4 of 10

Mr. Jacobson:

Below are the differing schedule proposal dates per the last Status Conference. I look forward to hearing from you after you review this and hope we can come to a mutually agreeable schedule.

| Event | Shahmirza Date | PG&E Date |
|---|---|---|
| File Motion for MSJ | 8/4/23 | 9/5/23 |
| Response | 9/5/23 | 10/20/23 |
| Reply | 9/19/23 | 11/17/23 |
| Hearing | 10/3/23 | First week in December 2023 |
| Complete Written Discovery | 9/15/23 | 10/06/23 |
| Complete Percipient Deposition | 10/15/23 | 10/15/23 |
| Submit Expert Reports | | 11/18/23 |
| Complete Expert Depositions | 11/10/23 | December 2023 |
| Trial | First week of December 2023 | 2nd or 3rd week in January or February 2024 |

STEVEN A. LAMB
Rovens Lamb LLP
2601 Airport Drive, Suite 370
Torrance, CA 90505
Main Line/ 310.536.7830
Facsimile/310.872.5489
slamb@rovenslamb.com/ www.rovenslamb.com"

**B.      Komir Agreed to PG&E's Proposed Schedule Without Adjustment**

By email dated July 21, 2023, Claimant agreed to PG&E's proposed schedule:

"Steven

In order to move forward smoothly and cooperatively with the further summary judgment proceeding and discovery without disagreement regarding scheduling, my client agrees to the schedule you propose.

Please include in the Stipulation and Order a provision such as the following:

'The schedule set forth herein is subject to adjustment by agreement between the parties with Court approval, or by order of the Court upon good cause shown.'

Thanks.
Larry"

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

5

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 5 of 10

The schedule that PG&E seeks to change is exactly the schedule that PG&E prepared, proposed, and presented to the Court by the Stipulation between the parties.[1]

## III. DEBTORS HAVE NOT PRESENTED ANY LEGAL AUTHORITY IN SUPPORT OF THEIR RESCHEDULING MOTION.

### A. Citation to Local Bankruptcy Rule 9006-1(c)

The only legal authority cited in the Rescheduling Motion is Local Bankruptcy Rule 9006-1(c) that provides as follows:

"(c) Requests for Changing Time.

Any request to enlarge or shorten time may be made by stipulation or motion. Absent exigent circumstances, any motion shall be heard on at least 72 hours notice to the respondent.

Any request, whether made by stipulation or motion, shall be accompanied by a declaration stating:

(1) The reason for the particular enlargement or shortening of time requested;

(2) Previous time modifications related to the subject of the request, whether by stipulation or Court order;

(3) The effect of the requested time modification on the schedule for the case or proceeding; and

(4) Where the request is not made by stipulation, the efforts made to speak with the respondent and, if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

Accordingly, Responding Party discusses below the facts and circumstances responsive to the provisions of Rule 9006-1(c) given PG&E's lack of citation to any other legal authority.

### B. Analysis of Rule 9006-1(c) Factors by PG&E

PG&E did not analyze the factors to be considered by the topics set forth in the Rule.

### C. Analysis of Rule 9006-1(c) Factors by Komir

Claimant reviews the factors to be considered by the Court as discussed below.

---

[1] After entry of the Order based on the Stipulation that contemplated a hearing during the first week of December or other date convenient to the Court, the Court made a separate order (Docket No. 13935) specifying the hearing date of December 19, 2023, and Claimant filed an amended notice of hearing.

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

6

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 6 of 10

1. <u>The reason for the particular enlargement or shortening of time requested.</u>

PG&E provides no particular reasons, and no compelling reasons.

Except for references to scheduling a mediation session with one mediator, PG&E has not even attempted to show good cause for any change much less the dramatic alteration now proposed.

The proposed mediator is not available.

Komir has expressed its willingness to participate in mediation with any well-recognized mediator at any reasonable time on short notice.

Sixty seven (67) days remain from today's date (October 13, 2023) to the hearing date.

Mediation can be accomplished within that 67 day period.

No deadline has been set for completion of mediation and therefore completion of mediation is not a basis for altering existing deadlines.

No extensions or postponements are necessary to engage in a mediation prior to the hearing on December 19, 2023.

(b) <u>Alternative Litigation Strategy by PG&E</u>

PG&E also alludes to the possibility that it may reevaluate its litigation strategy and commence some other state court proceeding.

PG&E has had years to develop and reevaluate its litigation strategy.

More recently, PG&E has had the period after the Court's Memorandum Decision and Orders regarding the 1st Summary Adjudication Motion to perform its reevaluation, i.e., from June 12, 2023, to the filing of its Ex Parte Motion on October 10, 2023, i.e., 120 days or 4 months.

Further, critically, whether PG&E wants to ponder some other litigation strategy is no reason to change the existing dates on the 2nd Summary Adjudication Motion that were proposed by PG&E in the first instance.

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

7

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 7 of 10

### 2. Previous Time Modifications Related to the Subject of the Request, Whether by Stipulation or Court Order

This factor is significant as discussed above.

While there are no "previous time modifications" in the literal sense of this schedule having been previously modified or not, the existing scheduling was the product of negotiation of competing positions of the parties that were modified to achieve the existing schedule that, ultimately, is as proposed by PG&E.

### 3. The effect of the requested time modification on the schedule for the case or proceeding

As discussed above, the modifications requested by PG&E are radical.

PG&E does not seek minor adjustments to allow for resolution of any particular difficulty (as Komir offered to accommodate), but rather a wholesale, massive set of changes, e.g., to change the date of its filing of its Response for 96 days from October 20, 2023 (next week) to January 24, 2024, to change the date of the hearing on the 2nd Motion for Summary Adjudication from December 19, 2023, to March 24, 2024, and to change the trial date from late January/early February to June/July 2024.

No calamity has occurred and no party or counsel has suffered any trauma.

PG&E simply seeks a tactical change to the schedule that precludes the owner of the property from obtaining resolution that directly affects the use, enjoyment, and financial return from the property.

Moreover, the proposed changes would be fundamentally unfair to Komir. Komir has complied with the Scheduling Order and timely filed its moving papers. Consistent with the existing discovery deadlines, Mr. Shahmirza sat for deposition on October 12, 2023. The agreed upon scheduling provided PG&E with a 45 day period to file its Opposition (already longer than a regularly noticed motion for summary adjudication), yet the current request would provide an

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

8

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 8 of 10

additional 96 days such that PG&E would have the exorbitant amount of 141 days to file its Opposition.

    4.    <u>Where the Request Is Not Made by Stipulation, the Efforts Made to Speak with the Respondent And, If the Movant Has Spoken with the Respondent, the Reasons Given for Any Refusal to Agree to the Request.</u>

On Tuesday, October 3, 2023 counsel for PG&E requested a telephone conversation to discuss unspecified subjects.

Pursuant to that request, Claimant's counsel participated in a call on the same day.

During the call, PG&E's counsel made its request to alter the scheduling order for extensions and postponements for 60 to 90 days. No request for alteration of scheduling had been made prior to that phone call.

The reason expressed for the requested extensions and postponements related to scheduling a mediation prior to the hearing on the 2nd Summary Adjudication Motion.

During this call, and later conversations, Claimant's counsel offered the following accommodations:

- engage a mediator other than the original person suggested by PG&E, and accepted by Claimant without objection, as both parties expressed willingness to engage an alternate mediator;
- revise the briefing schedule to the extent appropriate to accommodate any mediation scheduling provided only that the hearing date not change;
- revise the schedule for briefing and taking the deposition of Mr. Shahmirza and shorten the period for Claimant's reply to PG&E's response from 28 days (October 20 to November 17, 2023) as provided in the Scheduling Order to fourteen (14) days (October 20 to November 3, 2023).

PG&E refused any adjustment that did not alter its date to file its Response and did not change the hearing date by 60 to 90 days.

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

9

Case: 19-30088   Doc# 14062   Filed: 10/13/23   Entered: 10/13/23 10:46:21   Page 9 of 10

1 | Without further discussion regarding resolution, PG&E filed its Rescheduling Motion on the following Tuesday, October 10, 2023.

As such Mr. Shahmirza's deposition went forward and was taken on October 12, 2023.

## CONCLUSION

PG&E has not demonstrated the "good cause shown" required by the Scheduling Order and has not presented any substantive grounds for restructuring the schedule pursuant to the provisions of Rule 9006-1(c).

Komir, Inc. requests that the Court deny the Ex Parte Application.

Dated: October 13, 2023          COHEN AND JACOBSON, LLP

By: /s/ Lawrence A. Jacobson
Lawrence A. Jacobson
Attorneys for Claimant

**CLAIMANT'S OPPOSITION TO *EX PARTE* APPLICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(C) FOR AN ORDER MODIFYING DATES AND DEADLINES REGARDING OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**

10

Case: 19-30088    Doc# 14062    Filed: 10/13/23    Entered: 10/13/23 10:46:21    Page 10 of 10