WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

LATHAM & WATKINS LLP
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

LATHAM & WATKINS LLP
James E. Brandt (*pro hac vice* forthcoming)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for Debtors and Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br> * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE** |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "PG&E," the "Debtors" or the "Reorganized Debtors"), hereby submit the below proposed schedule for discovery and briefing on the Public Employees Retirement Association of New Mexico's ("PERA") anticipated motion for class certification, in response to this Court's September 12, 2023 oral ruling and October 2, 2023 order continuing the status conference to October 17, 2023. Counsel for PG&E met and conferred with counsel for PERA regarding a proposed schedule, but the parties were not able to come to an agreement.

### I.     PG&E'S PROPOSED SCHEDULE

At the September 12, 2023 oral ruling regarding class certification briefing and discovery, the Court discussed the differing views between the Reorganized Debtors and PERA about the appropriate length of a class certification procedure. The Court asked the parties to meet and confer and expressed the view that the two-plus year schedule cited by the Reorganized Debtors was too long and the four month schedule cited by PERA was too quick. In short, the Court asked the parties to come back with a compromise. On September 22, 2023, the Reorganized Debtors proposed to PERA a substantively standard, expedited securities class certification procedure that contemplated a streamlined six month process from beginning to end. In response, on September 27, PERA countered with a proposed two-month schedule that was entirely disconnected from not only the Court's September 12, 2023 ruling and decades of securities class certification jurisprudence, but also from numerous stipulated securities class action case management schedules in which PERA's counsel has served as lead counsel. The Reorganized Debtors and PERA jointly requested, and were granted, a two week adjournment to further meet and confer, but PERA did not provide Reorganized Debtors with a revised proposed schedule until this morning. And PERA's revised schedule is not within the realm of reasonableness or possibility. As just one example, PERA's proposed schedule has class discovery, document productions, discovery motions, expert discovery, expert reports, expert depositions, fact witness depositions, rebuttal reports, rebuttal expert depositions, and briefing on class certification issues all take place within a 91-day period. Reorganized Debtors file this short statement to conform to the Court's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule
2

Case: 19-30088    Doc# 14070    Filed: 10/13/23    Entered: 10/13/23 20:31:44    Page 2
of 12

order and succinctly demonstrate why, respectfully, the Court should adopt their proposal and reject PERA's proposal.

Of course, the adjudication of securities class certification motions is not new news. The class certification process has been developed based on the Private Securities Law Reform Act of 1995 ("PSLRA), 15 U.S.C. § 78u-4, adopted by Congress and the hundreds, if not thousands of courts (and the sophisticated counsel, including counsel to PERA and the Reorganized Debtors who have appeared in those courts), which have presided over class certification proceedings. Although there are a number of nuances to the class certification process, two key factors stand out:

(1) the PSLRA requires courts to resolve a motion to dismiss on the pleadings before starting the class certification process. Until then, the practical reality is that neither the parties nor the Court can determine the operative claims and, as a result, who is potentially in the class;

(2) the schedule must leave ample time to discover and litigate the complex issues relating to class certification, which have been the subject of four United States Supreme Court cases over the last approximately ten years, and relate to an evolving body of law that continues to be the subject of litigation in district and circuit courts. As the Supreme Court has noted (including recently in a case involving PERA's counsel), the Reorganized Debtors may make "any" evidentiary showing to rebut the fraud-on-the-market theory set forth by PERA. *See Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1963 (2021).

The Reorganized Debtors' schedule is consistent with the points above. To demonstrate the reasonableness of the Reorganized Debtors' proposal, attached hereto are 20 examples of scheduling orders through class certification in federal securities actions. Each example is consistent with the Reorganized Debtors' proposed approach; none are consistent with PERA's. *See* Exs. 1-20; Appendix A. Moreover, the Reorganized Debtors' proposal leaves unaltered the Court's current schedule for motions to dismiss as set forth in the Order Authorizing Amendment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule

3

Case: 19-30088   Doc# 14070   Filed: 10/13/23   Entered: 10/13/23 20:31:44   Page 3 of 12

and Objection Procedures for Securities Claims, Dkt. No. 13934-1.[1] The Reorganized Debtors' proposed schedule is provided below:

| DATE | DEADLINE |
|---|---|
| **December 5, 2023** | PG&E's deadline to file motions to dismiss to any proofs of claim amended on the October 6 deadline—including PERA's proofs of claim |
| **December 12, 2023** | PG&E's deadline to file motions to dismiss to any proofs of claim amended to incorporate others' allegations on October 13[2] |
| **January 15, 2024 [or at another date set by the Court at the CMC]** | Claimants' deadline to respond to PG&E's motions to dismiss |
| **March 1, 2024 [or at another date set by the Court at the CMC]** | PG&E's deadline to file reply briefs in support of its motions to dismiss[3] |
| **March 12, 2024 [or at a later date convenient for the Court]** | Hearing on motions to dismiss |
| If motions to dismiss the PERA allegations are denied in their entirety or in part, then the parties proceed to class certification discovery and briefing as set forth below. If the motions to dismiss are granted in full with respect to PERA's allegations, no class certification process will proceed. ||
| **May 12 through August 26, 2024 [or 0 to 105 days after Court issues ruling on motions to dismiss]** | PG&E conducts discovery on PERA, PERA's experts, and any other parties relevant to class certification |
| **June 26, 2024 [or 45 days after Court issues ruling on motions to dismiss]** | PERA files motion for class certification and any expert reports |

---

[1] PG&E's position is further bolstered by the schedule proposed by the RKS Claimants, who propose the same basic case milestones (e.g., discovery taken only after the Court determines which claims, if any, survive PG&E's forthcoming motions to dismiss), albeit on a slightly different timeline.

[2] The deadlines through December 12, 2023 key off of the existing deadlines already set by the Court on July 28, 2023 without any modifications. (Dkt. No. 13934.) Under the Amendment and Objection Procedures adopted by the Court, the Court will then agree to hold a case management conference ("CMC") on or after December 14, 2023 to, among other things, set a schedule for the motions to dismiss.

[3] PG&E recognizes that, in most cases, a moving party will have less time to prepare its reply brief than the opposing party had to prepare it opposition brief. However, this is not a usual case: PG&E will be filing replies to *multiple* opposition briefs simultaneously whereas PERA, the RKS Claimants and other claimants will only file a single opposition brief. This justifies additional time for PG&E to prepare its replies.

| | |
|---|---|
| **August 26, 2024 [or 105 days after Court issues ruling on motions to dismiss]** | PG&E files opposition to PERA's motion for class certification and any expert reports |
| **August 26 through October 10, 2024 [or 0 to 45 days after PG&E files its opposition]** | PERA conducts discovery on PG&E's expert(s) |
| **October 10, 2024 [or 45 days after PG&E files its opposition]** | PERA files reply in support of its motion for class certification and any responding expert reports |
| **At the Court's convenience thereafter** | Hearing on PERA's motion for class certification |

In contrast to PG&E's reasonable schedule, PERA's proposed schedule implies that litigating securities claims in the Bankruptcy Court somehow justifies a complete departure from virtually every securities litigation schedule since Congress passed the PSLRA, including numerous cases where PERA's counsel here stipulated to a schedule for class certification similar to the one PG&E now proposes. *See* Exs. 1 to 10 (cases involving PERA's counsel); Appendix A (summarizing cases involving PERA's counsel and other firms). PERA's proposed schedule (Ex. 21) is deficient in the following two significant respects:

- PERA's schedule requires the Court to rule on class certification before it assesses the sufficiency of the allegations in PERA's complaint, which will be addressed shortly in the Reorganized Debtors' motion to dismiss. This is not only contrary to principles underlying the schedule Congress provided for in the PSLRA, but also creates numerous substantive and procedural obstacles in the class certification process;

- PERA's fact discovery, expert discovery, and briefing schedule is 91 days from start to finish. This timeline provides grossly inadequate opportunity for PG&E's experts to be retained, familiarize themselves with the pleadings and necessary market and trading information, and then assess the market efficiency and price impact of 67 separate securities – each of which must be separately analyzed. It also fails to afford the parties sufficient time to challenge the admissibility of any experts and expert opinions, as permitted in the Ninth Circuit.[4]

---

[4] "In evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*." *Grodzitsky v. Am. Honda Motor*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule
5

Case: 19-30088    Doc# 14070    Filed: 10/13/23    Entered: 10/13/23 20:31:44    Page 5 of 12

In short, the Court should adopt the Reorganized Debtors' efficient and sound proposed schedule.

## II. WHY THE COURT SHOULD ADOPT PG&E'S SCHEDULE

### A. Motions to Dismiss Should Be Decided Before Any Briefing or Discovery for Class Certification

PERA's counsel is well aware of the orderly and efficient schedule for litigating alleged federal securities class actions, often serving as counsel for lead plaintiffs in these cases and authoring articles describing the process for litigating these same Exchange Act claims, and the pleading hurdles necessary to survive a motion to dismiss. *See* Ex. 22 (article by PERA's counsel describing the importance of detailed pleading in order to withstand a motion to dismiss under the heightened pleading standards for claims under the Exchange Act). Moreover, as reflected by the attached examples, PERA's counsel's stipulations in other federal securities actions provide for a staggered approach, whereby the motions to dismiss are decided before class certification briefing or discovery begins. *See* Exs. 1 to 10; Appendix A. This is not surprising considering the heightened requirements for pleading federal securities law claims under the PSLRA, and its requirement that "[a]ll discovery **and other proceedings** shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added); *see also* Ex. 23. Indeed, this Court has already recognized that a class cannot be certified while a motion to dismiss is pending. *In re PG&E Corp.*, No. 19-30088-DM, 2020 WL 5626038, at *2 (Bankr. N.D. Cal. Feb. 24, 2020) ("Because a motion to dismiss is currently pending in the [District Court], [PERA is] unable to certify [the] class at this point."). And it previously ordered that discovery would not commence until "after the motions to dismiss are decided (if [plaintiffs'] claims are not wholly dismissed)." ECF No. 13934-1 ¶ 10(b).

---

*Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (affirming district court's denial of class certification where plaintiff's expert supporting class certification was deficient under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)) (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

As the examples provided to the Court by PG&E show:

- Prior to any other proceedings in the case, the Court must address a defendant's motions to dismiss to determine if the plaintiff has stated a claim—and if so, which alleged misstatements or omissions remain at issue;
- Discovery is stayed pending the outcome of the motions to dismiss; and
- Only after the complaint survives a pleading challenge can the Court set a schedule for class certification briefing and class discovery.

*See* Exs. 1-20; Appendix A.

Unlike PERA's schedule, PG&E's proposed schedule follows the precedent recognized by courts in the Northern District of California and throughout the country. PG&E's proposal is streamlined, and adjudicating the motions to dismiss prior to briefing on class certification will result in greater efficiency and is required by law.

PERA alleges that PG&E made nineteen false statements during the three-year period from April 29, 2015 through November 15, 2018. PG&E intends to challenge these statements for failure to plead, among other things, both falsity and scienter. And PG&E's motion to dismiss will be bolstered by the recent Ninth Circuit opinion in *Barnes v. Edison International*, which affirmed the district court's dismissal, with prejudice, of a securities complaint alleging that a Southern California utility made false and misleading statements about its fire safety practices prior to causing multiple wildfires in 2017 and 2018. 2022 WL 822191 (9th Cir. Mar. 18, 2022). If PERA's complaint is not dismissed, which PG&E believes it will be, the misstatements that remain will drive the contours of any class, since they will cabin the timing of buyers and sellers who could have a claim. Accordingly, it would be logistically inefficient and impractical (if not impossible) to move the case towards class certification before the alleged false statements actually at issue are settled. Both the claims *and* potential class members depend on the outcome of the motion to dismiss.

There are no legitimate countervailing factors that would weigh against postponing class certification discovery and briefing until after decisions on the motions to dismiss. At this time, the deadline for PERA to file a new complaint or stand on its last filing has already passed (PERA

stood on its prior proof of claim), and the deadline for other claimants to adopt PERA's or another security claimant's complaint is today. PG&E is two months away from filing motions to dismiss as to these complaints, and the Securities ADR Procedures are continuing to resolve securities claims in the meantime.

### B. PERA's Proposed Class Certification Schedule Does Not Provide Sufficient Time for PG&E to Conduct Adequate Discovery

PG&E's proposed schedule allows sufficient time for the parties to conduct discovery necessary for class certification briefing, while PERA's does not. Under Supreme Court precedent, a securities plaintiff has the burden to establish the propriety of class treatment by showing compliance with Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (requiring "evidentiary proof" that Rule 23(b) is satisfied). In a securities case, this requires a plaintiff to prove that common questions predominate over individual ones on the issue of reliance. Under *Basic v. Levinson*, reliance can be presumptively established on a class-wide basis only if the plaintiff first establishes market efficiency for each of the disputed securities, which is generally done through expert testimony. *See, e.g., Brokop v. Farmland Partners Inc.*, 2021 WL 4913970, at *5 (D. Colo. Sept. 30, 2021) (limiting class to only purchasers for which plaintiff met its burden to show market efficiency). This will be particularly complex here because PERA purports to bring claims on behalf of *all* holders of PG&E securities. PERA must therefore provide evidence regarding 67 separate PG&E securities, many of which are thinly traded debt securities that PG&E will contend did not trade in efficient markets. And importantly, the debt securities cannot be treated collectively in this analysis. *See In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 621 (C.D. Cal. 2009) (analyzing each security separately and holding that some, but not all, qualified for the *Basic* presumption). An expert will have to provide evidence about each security based upon, among other things, the level and frequency of trading of that particular security.

Even if PERA can establish a prima facie presumption of reliance, PG&E can rebut that presumption, and thereby defeat class certification. As the Supreme Court recently explained, "a court has an obligation before certifying a class to determine[e] that Rule 23 is satisfied, even when

that requires inquiry into the merits," and "under *Halliburton II*, a court [in a securities case] cannot conclude that Rule 23's requirements are satisfied without considering *all* evidence relevant to price impact." *Goldman*, 141 S. Ct. at 1960-61 (citations omitted) (emphasis in original). Further, "[i]n most securities-fraud class actions, as in this one, the plaintiffs and defendants submit competing expert evidence on price impact. The district court's task is simply to assess all the evidence of price impact—direct and indirect—and determine whether it is more likely than not that the alleged misrepresentations had a price impact." *Id.* at 1963. This analysis is conducted on a statement-by-statement basis. *Halliburton II*, 573 U.S. at 284 ("[T]o maintain the consistency of the presumption [of reliance] with the class certification requirements of Federal Rule of Civil Procedure 23, defendants must be afforded an opportunity before class certification to defeat the presumption through evidence that an alleged misrepresentation did not actually affect the market price of the stock."). A defendant can rebut the *Basic* presumption of reliance for a challenged statement by "[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price," such as by examining the stock price reaction on the date of the alleged misstatement and/or the date of the alleged corrective disclosure. *Basic*, 485 U.S. at 248; *see Goldman*, 141 S. Ct. at 1961 (vacating and remanding order certifying class to make price impact determination).

The importance of the price impact analysis cannot be overstated, as reflected in the judicial history of the *Goldman Sachs* case that was the subject of the Supreme Court's 2021 decision. There, the defendants filed three interlocutory appeals challenging the district court's price impact analysis on class certification. Even after the Supreme Court's instructive opinion, the Second Circuit again reversed and remanded the district court's certification of a class on the basis that the court failed to conduct a proper price impact analysis, holding that defendants properly rebutted *Basic's* presumption of reliance. *Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc*, 77 F.4th 74, 105 (2d Cir. 2023).

The process of determining whether a securities plaintiff's allegations are proper for class treatment is a fact-intensive and complicated inquiry that typically permits defendants to conduct extensive discovery—including document discovery and depositions of plaintiffs, their investment

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule
9

Case: 19-30088  Doc# 14070  Filed: 10/13/23  Entered: 10/13/23 20:31:44  Page 9 of 12

advisors, and analysts—and expert testimony, as this Court has recognized. Sept. 12, 2023 Hr'g Tr. 11:25-12:2 ("[E]xpert discovery appears to be mandatory and must be permitted to go forward before certification."). And this discovery will be especially significant here as PERA's putative class runs the gamut from individuals who purchased PG&E's securities before the fires in 2017, to sophisticated, risk-taking hedge funds who purchased while the North Bay Fires and Camp Fires were burning. PERA will have to provide evidence connecting the investment decisions of these diverse claimants to show that each class member relied on the same allegedly misleading disclosures, and the Reorganized Debtors' due process rights allow them to challenge that evidence.

All of the factors explained above compel a schedule consistent with the schedule PG&E has proposed. Indeed, federal courts almost uniformly impose class certification schedules similar to PG&E's proposal and vastly different from what PERA has proposed. Attached as Appendix A is a chart summarizing case management orders for securities class action proceedings providing a schedule from the start of discovery through class certification. PG&E's proposed schedule is within the normal range for these types of cases. PERA's schedule is not.[5]

|  | **Days For Class Certification Discovery & Briefing** |
|---|---|
| **Median (Cases Where PERA's Counsel Represents Lead Plaintiff)** | 182 |
| **Median (All Cases)** | 198 |
| **PERA Proposal** | 91 |
| **PG&E Proposal** | 150 |

---

[5] PG&E understands that the RKS Claimants have likewise presented the Court with a proposed schedule. The RKS Claimants' proposed schedule also comports with the legal requirements of hearing the motion for class certification after the motion to dismiss. And PG&E's proposed schedule would resolve the class certification issue quicker than the RKS Claimants' proposed schedule.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule

Case: 19-30088    Doc# 14070    Filed: 10/13/23    Entered: 10/13/23 20:31:44    Page 10 of 12

C. **Additional Issues With PERA's Proposed Schedule**

If adopted, PERA's proposed schedule would prevent PG&E from fully exercising its substantive and procedural rights to defend itself against these highly disputed claims. PERA's schedule is inequitable and unworkable for the following additional reasons:

- PERA's schedule assumes that the parties would jointly move to withdraw the reference, and that the District Court would grant this motion.

- PERA's schedule attempts to circumvent the mandatory discovery stay in the PSLRA by having the District Court decide motions to dismiss, while this Court proceeds with discovery.

- PERA's schedule imposes enormous discovery obligations on Reorganized Debtors, without affording them any opportunity to object to discovery requests. PERA's schedule mandates that Reorganized Debtors produce "all documents produced in related derivative action[s]," (a massive number of documents) without any showing that these would be relevant to class certification, and which is contrary to PERA's prior representations about the scope of class discovery. PERA has previously argued that, "extensive document discovery on [class certification] is unnecessary," because the evidence needed by the parties' anticipated experts is "publicly available." *See* PERA Reply iso 7023 Motion, ECF No. 13940 at 9.

- As mentioned above, PERA's class certification motion would be heard before a motion to dismiss is decided and the at-issue statements, securities, and corrective disclosures are determined. But PERA's schedule also means that fact discovery would commence (and possibly conclude) prior to a decision on PG&E's forthcoming motion to dismiss. And, theoretically, trial could happen before the Court rules on PG&E's motion to dismiss.

- PERA's schedule eliminates PG&E's opportunity to file a motion for summary judgment. Summary judgment is a significant milestone in securities cases, and PERA should have its evidence tested before trial just like any other plaintiff or claimant.

11

Reorganized Debtors' Proposed Class Certification
Briefing and Discovery Schedule

Case: 19-30088    Doc# 14070    Filed: 10/13/23    Entered: 10/13/23 20:31:44    Page 11 of 12

## III. **CONCLUSION**

For the foregoing reasons, PG&E respectfully requests that the Court adopt its proposed schedule.

Dated: October 13, 2023

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**
**LATHAM & WATKINS LLP**

By: */s/ Richard W. Slack*

Richard W. Slack

Attorneys for Debtors and Reorganized Debtors