# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE
INTUITIVE SURGICAL SECURITIES
LITIGATION

Case No.  5:13-cv-01920 EJD

**CASE MANAGEMENT ORDER**

This case is scheduled for a Case Management Conference on January 8, 2015.  Based on the parties' Joint Case Management Statement and proposed schedule, the court has determined an appearance is unnecessary at this time.  Accordingly, the Case Management Conference is VACATED and the parties are ordered to comply with the following schedule.

IT IS HEREBY ORDERED that the court adopts the parties' statement of disputed factual and legal issues as set forth in the Case Management Statement.

IT IS FURTHER ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days after entry of this order. The parties are instructed to comply with Federal Rule of Civil Procedure 15 in seeking joinder of parties or amendments to the pleadings prior to expiration of the deadline. Amendments sought after the deadline must comply with Federal Rule of Civil Procedure 16.

IT IS FURTHER ORDERED that, unless ordered otherwise, the parties shall comply with the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge.

IT IS FURTHER ORDERED that the court adopts the parties' joint proposals with regard to discovery, as described in Section VIII of the joint statement.

IT IS FURTHER ORDERED that, pursuant to an agreement, this action is referred to

Case: 19-80038    Doc# 140-2   Filed: 10/13/23   Entered: 10/13/23 20:31:44   Page 2 of 88

*United States District Court*
Northern District of California

private ADR.  The ADR shall be completed no later than December 31, 2015, unless this deadline
is extended by the court.

      IT IS FURTHER ORDERED that Defendants' request to bifurcate discovery between
class certification and merits issues is DENIED, and that discovery on all issues shall now
commence.  Accordingly, the following schedule shall apply to this case:

| EVENT | DEADLINE |
|---|---|
| Deadline for Filing Anticipated Motion for Class Certification | June 1, 2015 |
| Deadline for Filing Opposition to Motion for Class Certification | July 15, 2015 |
| Deadline for Filing Reply to Opposition to Motion for Class Certification | August 14, 2015 |
| Hearing on Motion for Class Certification | 9:00 a.m. on October 8, 2015 |
| Fact Discovery Cutoff | December 15, 2015 |
| Designation of Opening Experts with Reports | January 19, 2016 |
| Designation of Rebuttal Experts with Reports | February 23, 2016 |
| Expert Discovery Cutoff | March 22, 2016 |
| Deadline(s) for Filing Discovery Motions | See Civil Local Rule 37-3 |
| Deadline for Filing Dispositive Motions[1] | April 19, 2016 |
| Deadline for Filing Opposition to Dispositive Motions | May 19, 2016 |
| Deadline for Filing Reply to Opposition to Dispositive Motions | June 17, 2016 |
| Hearing on Dispositive Motions | 9:00 a.m. on July 28, 2016 |
| Trial Setting Conference *(see Section III(C)(1) of Standing Order for Civil Cases)* | 11:00 a.m. on November 19, 2015 |
| Joint Trial Setting Conference Statement *(see Section III(C)(2) of Standing Order for Civil Cases)* | November 9, 2015 |

      IT IS FURTHER ORDERED that the parties shall comply with the Standing Order for

---

[1]    This is the last date for *filing* dispositive motions.  The actual hearing on the motion may
be noticed for a date subsequent after contacting Judge Davila's courtroom deputy.

2

Case No.: 5:13-cv-01920 EJD
CASE MANAGEMENT ORDER

1   Civil Cases, a copy of which is available from the Clerk of the Court,[2] with regard to the timing

2   and content of the Joint Trial Setting Conference Statement and all other pretrial submissions.

3

4        **IT IS SO ORDERED**.

5   Dated: January 2, 2015

6                                                    EDWARD J. DAVILA
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25   [2]     A copy of Judge Davila's standing order is also available on the court's website at
26   www.cand.uscourts.gov by clicking first on the "Judges" button, then on Judge Davila's name,
      then on the link for "Judge Davila's Standing Orders," and finally on the link for "Standing Order
27   for Civil Cases."

28   Case No.: 5:13-cv-01920 EJD
      CASE MANAGEMENT ORDER

3

# EXHIBIT 2

1   LABATON SUCHAROW LLP
    Carol C. Villegas (*pro hac vice*)
2   Alec T. Coquin (*pro hac vice*)
    140 Broadway
3   New York, NY 10005
    Telephone: (212) 907-0700
4   (212) 818-0477 (fax)
    Email:  cvillegas@labaton.com
5           acoquin@labaton.com

6   *Attorneys for Lead Plaintiff and Lead Counsel*
    *for the Class*
7
    DLA PIPER LLP (US)
8   Shirli Fabbri Weiss (Bar No. 079225)
    David Priebe (Bar No. 148679)
9   2000 University Avenue
    East Palo Alto, CA 94303-2214
10  Telephone: (650) 833-2000
    Facsimile: (650) 833-2001
11  Email:  shirli.weiss@dlapiper.com
            david.priebe@dlapiper.com
12
    *Attorneys for Defendants*
13
    [Additional counsel on signature page]
14
                    **UNITED STATES DISTRICT COURT**
15
                    **NORTHERN DISTRICT OF CALIFORNIA**
16
17  In re EXTREME NETWORKS, INC.    ) Master File No. 5:15-cv-04883-BLF-HRL
    SECURITIES LITIGATION          )
18                                 ) CLASS ACTION
                                   )
19  This Document Relates to:      ) **REVISED JOINT CASE MANAGEMENT**
                                   ) **STATEMENT AND** [~~PROPOSED~~]
20  All Actions.                   ) **ORDER, INCLUDING HEARING DATES**
                                   ) **ASSIGNED BY THE COURT ON APRIL**
21                                 ) **27, 2018**
                                   )
22                                 ) JUDGE: Hon. Beth Labson Freeman
                                   )
23  _____   )
24
25
26
27
28

Lead Plaintiff Arkansas Teacher Retirement System ("Arkansas Teacher"), together with Defendants Extreme Networks, Inc. ("Extreme Networks" or the "Company"); Charles W. Berger, Kenneth B. Arola, and John T. Kurtzweil (collectively, "Defendants"), respectfully submit this Revised Joint Case Management Statement and proposed Order ("Revised CMC Statement") in accordance with Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California dated January 17, 2017, and Civil Local Rule 16-9. This Revised CMC Statement includes the hearing dates and deadlines assigned by the Court in its Case Management Order dated April 27, 2018 (ECF No. 141) as well as the stipulation and proposed order setting forth a briefing schedule on dispositive motions ordered by the court to be filed by May 11, 2018.  It also contains an extension for Defendants to file an Answer to June 21, 2018, except for a statement of affirmative defenses, which shall be served by May 21, 2018, and minor revisions of discovery cut off dates.

## I.        JURISDICTION & SERVICE

The initial complaint in this action was filed on October 23, 2015. ECF No. 1. The PSLRA provides a process for the Court to appoint a lead plaintiff and the lead plaintiff's counsel. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Pursuant to the PSLRA, the Court appointed Arkansas Teacher as Lead Plaintiff, Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel, and Berman Tabacco as Liaison Counsel. ECF No. 75. On September 26, 2016, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). ECF No. 87. On April 27, 2017, the Court granted Defendants' motion to dismiss the Consolidated Complaint with leave to amend. ECF No. 102.

On June 2, 2017, Lead Plaintiff filed their Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). ECF No. 105. The Amended Complaint alleges that Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that jurisdiction is conferred by § 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331 and 1337(a). On March 21, 2018, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the

1   Amended Complaint ("March 2018 Order"). ECF No. 130. The Court has personal jurisdiction

2   over Defendants and venue is proper in this judicial district pursuant to Section 27 of the

3   Exchange Act and 28 U.S.C. § 1391(b). Extreme Networks has operations in this district and

4   division, including its principal place of business at 6480 Via Del Oro, San Jose, California

5   95119. All of the Defendants waived service. ECF Nos. 13-16. There are no additional parties to

6   be joined at this time. However, the parties reserve the right to move to join and to object to any

7   motion to join additional parties in the future, and to file motions to dismiss based on the joinder

8   of any new parties.

9   **II.      FACTS**

10  **Lead Plaintiff's Statement**

11         Plaintiffs incorporate by reference the facts as set forth in the Amended Complaint and

12  the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF No.

13  130. Generally, Plaintiffs allege that Defendants violated the securities laws when they made

14  false and misleading statements to the market concerning the success of Extreme's post-

15  acquisition integration with its former competitor, Enterasys Networks, Inc.

16  **Defendants' Statement**

17         Defendants deny all allegations made against them, and assert that they made no

18  actionable misstatements or omissions and lacked the requisite scienter to give rise to a claim

19  under Sections 10(b) and 20(a) of the Exchange Act, or under Rule 10b-5 promulgated

20  thereunder. Defendants further deny that any alleged misstatements or omissions caused

21  Plaintiffs to sustain damages.  In its March 2018 Order, the Court ruled, *inter alia*, that certain

22  challenged statements and alleged omissions failed to state a claim on which relief may be

23  granted.  Defendants incorporate by reference the portion of the March 2018 Order granting their

24  motion to dismiss portions of the Amended Complaint.

25  **III.     LEGAL ISSUES**

26         The parties' identification of legal issues in dispute is as follows:

27

28

---

(a)     Whether Defendants' acts violated the federal securities laws, specifically Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, as alleged in the Amended Complaint;

(b)     Whether Defendants misrepresented material facts or omitted to state any material facts that were necessary to make their statements not misleading in light of the circumstances under which they were made;

(c)     Whether Defendants had a duty to disclose any alleged material omission;

(d)     Whether any Defendant acted with scienter in making any alleged misrepresentations or omissions;

(e)     Whether the market price of the Company's common stock during the Class Period was artificially inflated due to the alleged material omissions and/or misrepresentations complained of in the Amended Complaint;

(f)     Whether Lead Plaintiff and putative class members relied on Defendants' alleged misrepresentations and/or omissions;

(g)     Whether the Safe Harbor precludes liability for Defendants' alleged misstatements to the extent they are forward-looking statements;

(h)     Whether Defendants acted in good faith with respect to all matters alleged in the Amended Complaint as narrowed by the March 2018 Order, and did not directly or indirectly induce any act or acts constituting a violation of, or cause of action based on, Section 10(b) of the Exchange Act and Rule 10b-5;

(i)     Whether the members of the Class have sustained damages, and if so, the proper measure of any such damages;

(j)     Whether any of the acts or omissions alleged against Defendants caused damages to plaintiffs;

(k)     Other legal issues arising from any affirmative defenses that may be included in Defendants' Answer to be filed by May 21, 2018.

1    (l)    Whether this action is properly maintained as a class action, whether the Lead

2    Plaintiff is a proper representative of such a class, and the scope of such a class.

3    **IV.    MOTIONS**

4        The following motions have been filed in this action:

5        (a)    Four motions for appointment as lead plaintiff were filed on December 22, 2015.

6    ECF Nos. 19, 23, 27, 28. On June 28, 2016, the Court entered an Order appointing Arkansas

7    Teacher as Lead Plaintiff, and appointing Labaton Sucharow as Lead Counsel and Berman

8    Tabacco as Liaison Counsel for the proposed class. ECF No. 75.

9        (b)    Lead Plaintiff filed a Consolidated Complaint on September 26, 2016. Defendants

10   filed a motion to dismiss the Consolidated Complaint on November 10, 2016. ECF No. 89. After

11   briefing on the motion, on April 27, 2017, the Court granted the motion to dismiss the

12   Consolidated Complaint with leave to amend. ECF No. 102.

13       (c)    Lead Plaintiff filed an Amended Complaint on June 2, 2017. Defendants filed a

14   motion to dismiss the Amended Complaint on July 10, 2017. ECF No. 107. After briefing on the

15   motion, on March 21, 2018, the Court denied in part the motion to dismiss the Amended

16   Complaint. ECF No. 130.

17       (d)    There are currently no motions pending before the Court. Lead Plaintiff intends to

18   file a Motion for Class Certification under Rule 23 as set forth below. Otherwise, the Parties

19   believe that, absent the benefit of discovery, it is too early to determine whether they will file any

20   additional motions.

21   **V.    AMENDMENT OF PLEADINGS**

22       Lead Plaintiff filed the Consolidated Complaint on September 26, 2016, ECF No. 87, and

23   the Amended Complaint on June 2, 2017, ECF No. 105. Lead Plaintiff reserves the right to move

24   to amend the Amended Complaint to conform to the evidence uncovered in the course of

25   discovery pursuant to the deadlines set forth below.  Defendants reserve the right in the event

26   that Plaintiff moves to amend the Amended Complaint, to move to dismiss or strike any such

27   amended complaint and to seek reformation of this Case Management Order.

28

## VI.     EVIDENCE PRESERVATION

Lead Plaintiff and Defendants certify that their counsel have reviewed the Guidelines for the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) and will continue to confer regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    DISCLOSURES

By agreement of the parties, initial disclosures pursuant to Rule 26(a)(1) shall be exchanged as set forth in ¶XVII, below.

## VIII.   DISCOVERY

The Parties satisfied their meet-and-confer obligations under Rule 26(f) and Civil Local Rule 16-3 beginning on April 6, 2018 and continue to discuss the contours and scope of merits discovery.

(a)     **Depositions and Interrogatories**: The parties agree to meet and confer to determine whether additional depositions are necessary beyond the limits mandated by Federal Rule of Civil Procedure 30. The parties likewise agree to meet and confer if either party believes in good faith that it is necessary to exceed the number of written interrogatories provided under Rule 33.

(b)     **Fact Discovery Cutoff**: The cutoff for fact discovery is set forth in ¶XVII, below.

(c)     **Protective Order**: The Parties shall continue to meet and confer on the appropriateness of an order regarding the confidentiality and protection of discovery in this action.

(d)     **Electronic Discovery**: Document production shall be made, so far as practicable, in electronic, searchable format. The Parties shall continue to confer on protocols for production of ESI. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's guidelines for the discovery of ESI.

1    IX.      CLASS ACTIONS

2    **Lead Plaintiff's Statement**

3           Lead Plaintiff brings this federal securities class action on behalf of itself and all persons

4    and entities that, during the period from February 5, 2014 through April 9, 2015, inclusive (the

5    "Class Period"), purchased the publicly traded common stock of Extreme and/or exchange-

6    traded options on such common stock, and were damaged thereby (the "Class"). Excluded from

7    the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an

8    individual; (iii) any person who was an officer or director of Extreme during the Class Period;

9    (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling

10   interest; (v) Extreme's employee retirement and benefit plan(s); and (vi) the legal

11   representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

12          The members of the Class are so numerous that joinder of all members is impracticable.

13   During the Class Period, Extreme had approximately 94 to 100 million shares of common stock

14   outstanding and actively trading on the NASDAQ with the ticker symbol "EXTR." While the

15   exact number of Class members is unknown to Lead Plaintiff at this time, and can only be

16   ascertained through appropriate discovery, Lead Plaintiff believes that the proposed Class

17   numbers in the thousands and is geographically widely dispersed. Record owners and other

18   members of the Class may be identified from records maintained by Extreme or its transfer agent

19   and may be notified of the pendency of this action by mail, using a form of notice similar to that

20   customarily used in securities class actions.

21          Lead Plaintiff's claims are typical of the claims of the members of the Class. All

22   members of the Class were similarly affected by Defendants' allegedly wrongful conduct in

23   violation of the Exchange Act.

24          Lead Plaintiff will fairly and adequately protect the interests of the members of the Class.

25   Lead Plaintiff has retained counsel competent and experienced in class and securities litigation.

26

27

28

REVISED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
MASTER FILE NO. 5:15-CV-04883-BLF-HRL

Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. The questions of law and fact common to the Class include:

(a)     Whether the federal securities laws were violated by Defendants' acts and omissions as alleged herein;

(b)     Whether the statements made to the investing public during the Class Period contained material misrepresentations or omitted to state material information;

(c)     Whether and to what extent the market price of Extreme's common stock and exchange-traded options on such common stock was artificially inflated during the Class Period because of the material misstatements alleged herein;

(d)     Whether Defendants acted with the requisite level of scienter;

(e)     Whether the Individual Defendants were controlling persons of Extreme;

(f)     Whether reliance may be presumed pursuant to the fraud-on-the-market doctrine and/or the presumption of reliance afforded by *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972); and

(g)     Whether the members of the Class have sustained damages as a result of the conduct complained of herein and, if so, the proper measure of damages.

A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other things, joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**Defendants' Statement**

Defendants dispute whether this case may be maintained as a class action for the alleged Class Period.

**Parties' Joint Statement**

Case: 19-30088   Doc# 14070-2   Filed: 10/13/23   Entered: 10/13/23 20:31:44   Page
13 of 88

Defendants will make all reasonable efforts to subpoena documents from and depose Lead Plaintiff's financial advisor related to its trades in Extreme in sufficient time to file their opposition to class certification pursuant to this schedule. Plaintiff will cooperate and help facilitate this effort. However, Defendants reserve the right to seek a modification of the schedule in the event that the relevant documents held by the financial advisor cannot be obtained or its deposition cannot be taken sufficiently prior to the date due for Defendants' opposition to allow Defendants to challenge Lead Plaintiff's adequacy, typicality or other grounds to serve as Lead Plaintiff.

The parties anticipate that the Motion to Certify a Class will be a contested Motion and that each side will file expert witness reports on one or more topics. The following schedule, which was granted by the Court on April 27, 2018, ECF No. 141, is intended to allow each side the opportunity to take depositions of each others' expert and possibly file *Daubert* motions, and allow Defendants the opportunity to take Lead Plaintiff's deposition and that of its financial advisor, all related to class certification. The parties respectfully reserve the right to seek a modification of the schedule.

| | |
|---|---|
| Lead Plaintiff's Motion for Class Cert. re Market Efficiency | 9.10.18 |
| Defendants' Omnibus Opp. to Class Cert. re Market Efficiency and Price Impact | 12.10.18 |
| Lead Plaintiff's Omnibus Reply re Market Efficiency and Opp. re Price Impact | 2.8.19 |
| Defendants' Reply re Price Impact | 4.9.19 |
| Last day to file *Daubert* Brief (if any) | 5.24.19 |
| *Daubert* Oppositions | 6.24.19 |
| *Daubert* Replies | 7.24.19 |
| Last Day to Hear Class Certification Motion | 9.5.19 |

## X.      RELATED CASES

There is a related derivative action titled *Shaffer v. Kispert, et al.*, No. 16-cv-291726, pending in Santa Clara Superior Court (the "Derivative Action"). The Derivative Action has

been stayed pursuant to stipulation and order pending the outcome of the Motion to Dismiss but the stay has ended. The parties to that litigation are discussing how to proceed.

## XI.     RELIEF

Lead Plaintiff requests the following relief: (i) declaring this action to be a proper class action pursuant to Rule 23; (ii) awarding damages, including interest; (iii) awarding reasonable costs and expenses, including attorneys' fees; and (iv) awarding such other relief as the Court may deem proper. The calculation of damages in this complex securities fraud class action will be the subject of expert opinion.

## XII.    SETTLEMENT AND ADR

Defendants and Lead Plaintiff filed certifications pursuant to ADR Local Rule 3-5(b). ECF Nos. 133, 135. The parties agree this case is best suited for Private ADR and are in the process of selecting a provider and conferring on dates. ECF No. 134.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge.

## XIV.    OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.     NARROWING OF ISSUES

At this stage of the proceedings, the parties believe that the narrowing of issues, suggestions to expedite the presentation of evidence at trial, and requests to bifurcate issues, claims or defenses, whether by agreement or stipulation, are premature.

## XVI.    EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII.   SCHEDULING

The parties' proposed schedule and discovery plan is set forth as follows:

| Initial Disclosures | 5.21.18 |
|---|---|
| Defendants' Statement of Affirmative Defenses | 5.21.18 |
| Defendants' Answer | 6.21.18 |
|  |  |
| Initial Written Discovery Served | 4.30.18 |
| Last Day to Amend Pleadings or Attempt to Join New Parties | 6.28.18.  Defendants reserve the right to move to dismiss any amended pleading or added party and seek modification of this Order |
| Agreement on search parameters | 5.30.18 |
| Initial Document Production Substantially Complete | 10.15.18 |
| Follow Up Written Discovery Served | 12.17.18 |
| Follow Up Production Substantially Complete | 3.15.19, provided that follow-up document requests do not require extensive searches. Parties will meet and confer regarding any dispute. |
| Fact Discovery Cutoff | 9.16.19 |
|  |  |
| Expert Reports on Issues Where Party Has Burden of Proof | 4.30.20 |
| Responsive Expert Reports | 6.15.20 |
| Rebuttal Expert Reports | 7.15.20 |
| Expert Discovery Cut-off | 9.15.20 |
| Motion(s) for Summary Judgment, Partial Summary Judgment, or Summary Adjudication | 1.7.21 |
| Opposition Briefs (including evidentiary challenges) | 3.11.21 |
| Reply Briefs (including response to evidentiary challenges) | 4.29.21 |
|  |  |
| Last Day to Hear Dispositive Motions | 6.24.21 9:00 am |

REVISED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
MASTER FILE NO. 5:15-CV-04883-BLF-HRL    10

| Final Pretrial Conference | 12.16.21 1:30 pm |
| Trial | 2.7.22  9:00 am |

## XVIII.   TRIAL

Plaintiffs have requested a jury trial. The parties agree that at this time it is premature to predict the length of trial. The parties further agree to meet and confer regarding any unscheduled matters within 7 days of the close of expert discovery.

## XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lead Plaintiffs and Defendants have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. ECF Nos. 9, 31. In their statements, the parties stated that other than the named parties, there are no interested entities or persons to report.

## XX.    PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.    OTHER

(a)    **Modifications to the Schedule**: All schedules proposed herein are premised on discovery proceeding expeditiously and without protracted disputes over, inter alia, production of documents and witnesses or issues with regard to class certification. In the event of such protracted disputes, all parties reserve the right to seek to modify the schedules set forth herein.

(b)    **Electronic Service**: The Parties shall serve documents, including pleadings, discovery requests, and trial materials on each other through e-mail or ECF, except to the extent that transmission of any such documents electronically is impractical, in which event service shall be made by hand or through overnight delivery. Service by e-mail shall be by 11:59 pm PT on the date of service or shall count as service on the next business day and shall be considered the same as service by hand.

Respectfully submitted,

Date:  May 11, 2018                    **LABATON SUCHAROW LLP**

_/s/ Carol C. Villegas_
Carol C. Villegas (*pro hac vice*)

Case: 19-30088   Doc# 14070-2   Filed: 10/13/23   Entered: 10/13/23 20:31:44   Page
17 of 88

1   Alec T. Coquin (*pro hac vice*)
    140 Broadway
2   New York, NY 10005
    Telephone: (212) 907-0700
3   Facsimile: (212) 818-0477
    Email:   cvillegas@labaton.com
4            acoquin@labaton.com

5   *Counsel for Lead Plaintiff and Lead Counsel*
    *for the Class*

6
    **BERMAN TABACCO**
7   Nicole Lavallee (SBN 165755)
    A. Chowning Poppler (SBN 272870)
8   44 Montgomery Street, Suite 650
    San Francisco, CA 94104
9   Telephone: (415) 433-3200
    Facsimile: (415) 433-6382
10  Email:   nlavallee@bermantabacco.com
             cpoppler@bermantabacco.com
11
    *Liaison Counsel for the Class*
12

13  Date: May 11, 2018          **DLA PIPER LLP (US)**
14
                                */s/ Shirli Fabbri Weiss*
15                              Shirli Fabbri Weiss (Bar No. 079225)
                                David Priebe (Bar No. 148679)2000
16                              University Avenue
                                East Palo Alto, CA 94303-2214
17                              Telephone: (650) 833-2000
                                Facsimile: (650) 833-2001
18                              Email:   shirli.weiss@dlapiper.com
                                         david.priebe@dlapiper.com
19
                                *Attorneys for Defendants*
20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____May 11, 2018_____

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 3

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

IN RE THE HONEST COMPANY,
INC. SECURITIES LITIGATION

Case No. 2:21-cv-07405-MCS-PLA

11

**SCHEDULING ORDER**

12
13
14
15
16
17

The Court has reviewed the parties' Joint Rule 26(f) Report and sets the dates

18

below. The Court will set additional dates, including pretrial and trial dates, after a

19

ruling on class certification is issued. To the extent applicable, the Court orders the

20

parties to comply with the Order Re: Jury/Court Trial available on the Court's

21

website, https://www.cacd.uscourts.gov/honorable-mark-c-scarsi.

22

///

23
24
25
26
27
28

1

| Event | Date |
|---|---|
| Non-Expert Discovery Cut-Off | August 18, 2023 |
| Expert Disclosure (Initial) | August 1, 2023 |
| Expert Disclosure (Rebuttal) | September 2, 2023 |
| Expert Discovery Cut-Off | September 18, 2023 |
| Deadline to File a Motion for Class Certification | February 13, 2023 |
| Deadline to File an Opposition to the Motion for Class Certification | March 6, 2023 |
| Deadline to File a Reply in Support of the Motion for Class Certification | March 27, 2023 |
| Hearing Date on Motion for Class Certification | April 17, 2023, at 9:00 a.m. |

**IT IS SO ORDERED.**

Dated: October 26, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 22-02249-FWS (RAOx)                              Date: April 27, 2023
Title: Sylebra Capital Partners Master Fund Ltd et al v. Everbridge, Inc. et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|:---:|:---:|
| Not Present | Not Present |

**PROCEEDINGS:     SCHEDULING ORDER**

     The Court, having reviewed the pleadings and the parties' submissions pursuant to Federal Rule of Civil Procedure 26(f), **VACATES** the Scheduling Conference set for May 11, 2023, and sets the following schedule:

| | |
|---|---|
| Check one: [x] Jury Trial  or  [ ] Bench Trial<br>**Tuesday at 8:30 a.m.** | **3/19/2024** |
| *Parties' Estimated* Trial Length | **10-15 days** |
| Final Pretrial Conference & Hearing on Motions in Limine<br>**[Thursday at 8:30 a.m., at least 12 days before trial]** | **2/29/2024** |
| Last Date to File Motion for Class Certification | **7/7/2023** |
| Last Date to File Opposition to Motion for Class Certification | **8/7/2023** |
| Last Date to File Reply to Motion for Class Certification | **8/21/2023** |
| Last Date to Hear Motion to Amend Pleadings /Add Parties **[Thursday]** | **9/21/2023** |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for filing dispositive motions)** | **8/31/2023** |
| Expert Disclosure (Initial) | **9/14/2023** |
| Expert Disclosure (Rebuttal) | **9/28/2023** |
| Expert Discovery Cut-Off | **10/12/2023** |
| Last Date to **Hear** Motions **[Thursday]**<br>• Motion for Summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | **12/7/2023** |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>  Select one: | **12/21/2023** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 22-02249-FWS (RAOx)                    Date: April 27, 2023

Title: Sylebra Capital Partners Master Fund Ltd et al v. Everbridge, Inc. et al

| | |
|---|---|
| [ ] 1. Magistrate Judge (with Court approval)<br>[ ] 2. Court's Mediation Panel<br>[x] 3. Private Mediation | |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52](bench trial only)<br>Declarations containing Direct Testimony, if ordered<br>(bench trial only) | **2/8/2024** |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | **2/15/2024** |

**cc: ADR**                                   Initials of Deputy Clerk:  mku

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| *In re SCANA Corporation Securities Litigation* | Civil Action No. 3:17-CV-2616-MBS |
| | CLASS ACTION |

<u>SCHEDULING ORDER</u>

  Currently before the Court is the Parties' joint request for entry of a Scheduling Order (the "Joint Stipulation"). Pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the Parties' Joint Stipulation, the following schedule is established for this case:

1. Discovery shall commence upon the Court's entry of this Scheduling Order.

2. No later than June 12, 2019, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.

3. Lead Plaintiffs shall file their motion for class certification on or before June 28, 2019. Defendants shall file their opposition to Lead Plaintiffs' motion for class certification on or before September 11, 2019. Lead Plaintiffs' class certification reply shall be on or before October 28, 2019.

4. Motions to join other parties or amend the pleadings shall be filed no later than November 20, 2019.[1]

5. Fact discovery shall be completed no later than March 27, 2020. All discovery requests shall be served in time for the responses thereto to be served by this date. Defendants agree to make every effort to substantially complete document discovery on or before November 29, 2019.[2] Fact depositions must be completed by the fact discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

6. Mediation, pursuant to Local Civil Rules 16.03 - 16.11, shall be completed in this case on or before April 27, 2020. At least thirty (30) days prior to this mediation deadline, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the Mediation Order; (2) discussed the availability of mediation with

---

[1] Lead Plaintiffs expressly reserve their right to seek leave of the Court to amend their pleadings and/or add parties after this deadline based on any later-developed discovery.

[2] Defendants agree to make a good-faith effort to produce readily-available documents on a rolling basis notwithstanding the substantial completion deadline.

the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

7.    Any Party filing an affirmative expert report shall file and serve a document identifying by full name, address, and telephone number each person whom the Party expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including and all information required by Fed. R. Civ. P. 26(a)(2)(B) has been served on the other Parties no later than May 11, 2020.

8.    Rebuttal expert reports shall be served on the other Parties no later June 25, 2020.

9.    Expert discovery, including expert depositions, shall be completed no later than July 24, 2020, provided, however, that no expert depositions occur until after the service of expert rebuttal reports.

10.   The Parties shall serve affidavits of records custodians that a party intends to offer for authentication in lieu of live testimony pursuant to Local Civil Rule 16.02(D)(3) no later than February 27, 2020.  Objections to such affidavits must be made on or before March 12, 2020.

11.   The Parties shall file a status report with the Court on or before August 7, 2020.

12.   All other motions, except those to complete discovery, those non-waivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before August 24, 2020.  Fed. R. Civ. P. 16(b)(3)(A).  If either of the Parties files an affirmative motion, the opposing Party shall file an opposition brief on or before October 24, 2020.  The Party that filed the affirmative motion shall file a reply brief on or before December 1, 2020.

13.   No later than December 8, 2020, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).  **Deposition designations and counter-designations must specifically identify the portions to be offered, including page and line citations**.

14.   This case is subject to being called for jury selection and/or trial beginning on January 4, 2021.  The Parties believe that a schedule for pretrial motions (including motions in limine) and other trial-related matters can be set once the trial date is set.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 6, 2019

2

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED

MAY 1 6 2019

DOUGLAS E. ARPERT
MAGISTRATE JUDGE

IN RE DR. REDDY'S LABORATORIES
LIMITED SECURITIES LITIGATION

Civil Action No.  3:17-cv-06436-PGS-DEA

17-CV-6436(PGS)

[~~PROPOSED~~] SCHEDULING ORDER

This matter having come before the Court during an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 14, 2019, and the Court having conferred with counsel concerning the timely completion of discovery and other deadlines, and good cause appearing for the entry of the within Order:

IT IS on this day of *May 22, 2019*

ORDERED THAT:

1.      **Service of Written Discovery Requests.**  The parties may begin serving requests for production of documents, specifying those that pertain to class certification, on or after June 3, 2019.

2.      **Motions to Amend to Add New Parties.**  Any motion to add new parties must be filed no later than June 17, 2019.[1]

3.      **Answer to Amended Complaint.**  Defendants' Answer to Plaintiff's Amended Complaint (ECF 36) must be filed no later than July 19, 2019.  This supersedes the deadline so-ordered by the Court on April 4, 2019 (ECF 61).

---

[1] Defendants do not consent (by stipulation or otherwise) to any amendment of the Amended Complaint, and their agreement to a deadline for a *motion to amend* is not to be interpreted as such.  Defendants believe that leave of the Court is required to further amend the Amended Complaint.  Defendants reserve all rights to oppose any attempted amendment of the Amended Complaint by Plaintiff.

**4.     Motion for Class Certification.**  Plaintiff's Motion for Class Certification must be filed no later than July 19, 2019.

**5.     Class Certification Document Discovery.**  The parties shall complete all class certification document discovery no later than August 22, 2019.

**6.     Opposition to Motion for Class Certification.**  Defendants' Opposition to Lead Plaintiff's Motion for Class Certification must be filed no later than September 17, 2019.

**7.     Class Certification Depositions.**  The parties shall complete all class certification depositions no later than October 21, 2019.[2]

**8.     Substantial Completion of Document Discovery.**  The parties shall substantially complete all document productions by November 8, 2019.[3]

**9.     Reply in Support of Class Certification.**  Plaintiff's Reply in Support of its Motion for Class Certification must be filed no later than November 18, 2019.

**10.     Fact Discovery Deadline.**  Fact discovery is to remain open through March 13, 2020.  All fact witness depositions must be completed by the close of fact discovery.

**11.     Expert Reports.**  All affirmative expert reports shall be delivered by April 2, 2020.  All rebuttal expert reports shall be delivered by May 12, 2020.  Depositions of all experts shall be completed by June 1, 2020.

**12.     Dispositive Motions.**  All dispositive motions shall be filed by July 7, 2020.

**13.     Oppositions to Dispositive Motions.**  All oppositions to dispositive motions shall be filed by August 14, 2020.

---

[2] Plaintiff does not object to Defendants noticing and completing Plaintiff class certification depositions reasonably in advance of September 17, 2019.

[3] Defendants agree to make a good faith effort to produce readily-available documents on a rolling basis notwithstanding the substantial completion deadline.

2

14.     **Replies in Support of Dispositive Motions.** All replies in support of dispositive motions shall be filed by September 15, 2020.

15.     **Trial.**  Trial shall begin on October 26, 2020. *at 10:00 A.M.*

16.     **Telephone Status Conferences.**   The Court will conduct telephone status conferences on August 26th, 2019 and [November / December] 7th, 2019. *at 10 30 AM* *at 3:00 P.M.*

*Counsel for Dr. Reddy's must initiate the calls to (609) 989-2144.*

_____
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**

3

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALAN HALL AND JAMES DEPALMA,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **Case No. 4:16-CV-978-ALM-CMC** |
| | § | |
| **RENT-A-CENTER, INC., ROBERT D.** | § | |
| **DAVIS, AND GUY J. CONSTANT,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**AGREED SCHEDULING ORDER**

On January 4, 2018, the parties filed a Revised Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure, which included a joint proposed Agreed Scheduling Order (Doc. 65). The parties presented the Court with this Agreed Scheduling Order, which the Court finds is well-taken and should be and is hereby GRANTED as modified.

Accordingly, the Court hereby ORDERS that the following schedule of deadlines are in effect until further order of this Court:

1. Deadline for Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") to be exchanged: January 8, 2018

2. Deadline for substantial completion of document discovery: July 12, 2018

3. Deadline for Plaintiffs' Class Certification Motion: March 14, 2018

4. Deadline for Defendants' Opposition to Plaintiffs' Class Certification Motion: May 14, 2018

5. Deadline for Plaintiffs' Reply in Further Support of Plaintiffs' Class Certification Motion: July 12, 2018

6. Deadline for Defendants' Surreply in Opposition to Plaintiffs' Class Certification Motion: August 13, 2018

7.  Deadline to designate witnesses, exhibits, and deposition designations by page and line for class certification hearing[1]: September 5, 2018

8.  Hearing on Plaintiffs' Motion for Class Certification: September 19, 2018, at 10:00 a.m.

The Court will address the need for further deadlines at a later date.

**SIGNED this 9th day of January, 2018.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties need additional time or relief from this request, please contact the Court well in advance of the set deadline.

# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF WARREN POLICE AND FIRE
RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,
Individually and On Behalf of All Others Similarly
Situated,

        Plaintiff,

    vs.

WORLD WRESTLING ENTERTAINMENT,
INC., VINCENT K. McMAHON, GEORGE A.
BARRIOS, and MICHELLE D. WILSON,

        Defendants.

No. 1:20-cv-02031-JSR

---

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN

### This Court requires that this case shall be ready for trial on February 22, 2021.

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case is to be tried to a jury.

B.    Defendants shall file their Answer to the Consolidated Amended Class Action Complaint (ECF 57) by **August 28, 2020**.

C.    Joinder of additional parties must be accomplished by **September 23, 2020**.

D.    Amended pleadings may be filed without leave of Court until **October 8, 2020**.

E.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1.    <u>Initial Disclosures</u>: Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be served by **August 24, 2020**.

    2.    <u>Documents</u>. First request for production of documents, if any, must be served by **August 26, 2020**. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of

discovery as set forth in item 7 below. The parties shall substantially complete document productions by **October 16, 2020**, except Lead Plaintiff shall complete its production of documents for class certification by **October 6, 2020**, and documents shall be produced on a rolling basis.

3.    <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days prior to the date of the close of fact discovery. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

4.    <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **December 11, 2020** and shall disclose the type of any such expert by **November 11, 2020.** Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **December 30, 2020** and shall disclose the type of any such expert by **November 30, 2020**. Rebuttal expert reports shall be submitted **by January 13, 2021.** No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below.</u>

5.    <u>Depositions</u>. All depositions (<u>including any expert depositions, see item 4 above</u>) must be completed by **January 19, 2021**. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court. Fact depositions shall be completed by **December 4, 2020** and expert depositions shall be completed by **January 19, 2021**.

6.    <u>Requests to Admit</u>. Requests to Admit, if any, must be served no later than 30 days prior to the date of the close of fact discovery.

7.    All discovery is to be completed by **January 19, 2021**. <u>Interim deadlines for items 1–6 above may be extended by the parties on consent without application to the Court</u>, provided the parties are <u>certain</u> they can still meet the discovery completion date of January 19, 2021. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

F.   Class Certification:

1.   Lead Plaintiff shall file its motion for class certification and serve supporting expert reports, if any, by **October 6, 2020**. The deadline for Defendants to take depositions of Lead Plaintiff related to class certification and any expert supporting class certification is **October 23, 2020**.

2.   Defendants shall file their opposition and serve supporting expert reports, if any, by **November 3, 2020**.

3.   All class certification discovery and depositions shall be completed by **November 20, 2020**.

4.   Lead Plaintiff shall file its reply by **November 24, 2020**.

*5. The Court will hear oral argument on class certification on December 3, 2020 at 4pm.*

G.   Post-discovery summary judgment motions and any Daubert motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item E-7 above) and provided that the moving papers are served by **January 25, 2021**, answering papers by **February 8, 2021**, and reply papers by **February 15, 2021** [the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

H.   A final pre-trial conference, as well as oral argument on any post-discovery summary judgment and/or Daubert motions, shall be held on *2/22/21 at 4pm* [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

I.   All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:   New York, New York

_____ 8/19/20 _____.

# EXHIBIT 9

Pauley, W.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Virtus Investment Partners, Inc. Securities Litigation;* | Case No. 15-cv-1249 (WHP) |

| | |
|---|---|
| *Youngers, et al.*<br><br>          *v.*<br><br>*Virtus Investment Partners, Inc. et al.* | Case No. 15-cv-8262 (WHP) |

## [PROPOSED] SCHEDULING ORDER

WILLIAM H. PAULEY III, District Judge:

The following schedule is established in the above captioned actions:

1.     Discovery shall commence immediately.

2.     In the Youngers Action, Defendants shall serve and file any motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings with respect to the remaining claim under Section 12(a)(2) of the Securities Act of 1933 (the "Rule 12(c) Motion") no later than August 19, 2016.

3.     Plaintiffs in the Youngers Action shall serve and file any opposition to Defendants' Rule 12(c) Motion no later than September 2, 2016.

4.     Defendants shall serve and file any reply brief in further support of their Rule 12(c) Motion no later than September 12, 2016.

5.     All disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed no later than September 12, 2016.

6.    Defendants shall produce substantially all documents previously produced in government investigations concerning Virtus's AlphaSector funds by September 12, 2016.

7.    The Court shall hear oral argument on Defendants' Rule 12(c) Motion on September 23, 2016 at 10:30 a.m.

8.    Plaintiffs shall serve and file their motions for class certification, and serve any accompanying expert report(s) and materials required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, no later than November 7, 2016.

9.    Defendants shall depose the proposed class representatives and Plaintiffs' class certification expert(s) no later than December 19, 2016, absent agreement of the parties to a mutually agreeable later date.

10.   Defendants shall serve and file any opposition to Plaintiffs' motions for class certification, and serve any accompanying expert report(s) and materials required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, no later than January 16, 2017.

11.   Plaintiffs shall depose Defendants' class certification expert(s) no later than January 30, 2017, absent agreement of the parties to a mutually agreeable later date.

12.   Plaintiffs shall serve and file their reply briefs on class certification no later than February 17, 2017.

13.   The Court shall hear oral argument on Plaintiffs' motions for class certifications on March 3, 2017 at 11:00 a.m.

14.   All fact discovery shall be completed by May 17, 2017.

15.   The parties shall produce all materials required by Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before May 31, 2017.

2

16.     The parties shall submit any rebuttal expert materials regarding issues raised in

the opposing parties' expert materials, pursuant to Rule 26(a)(2) of the Federal Rules of Civil

Procedure on or before July 10, 2017.

17.     Expert discovery shall be completed by August 11, 2017.

18.     The parties will appear for a ~~final~~ status pre-trial conference on _August 18, 2017 at 11:00a.m._

WHP

Dated:  August 17, 2016

New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

3

# EXHIBIT 10

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re Resideo Technologies, Inc. Securities Litigation | Case No. 19-cv-2863-WMW-KMM |
| | **PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified upon a showing of good cause as required by Local Rule 16.3.

## FACT DISCOVERY: DEADLINES AND LIMITATIONS

The below limitations have been adopted in an effort to keep discovery proportional to the needs of this litigation. If they prove unworkable despite the parties' best efforts to keep discovery narrowly tailored and reasonable, the parties may seek to raise these caps through stipulation or the Court's informal dispute resolution process.

1.   All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **July 1, 2021**. If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **July 29, 2021**.

Case: 19-30088   Doc# 14070-2   Filed: 10/13/23   Entered: 10/13/23 20:31:44   Page 45 of 88

2.     Fact discovery shall be <u>commenced in time to be completed on or before</u> **April 29, 2022**.

3.     No more than a total of **30 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **75 document requests** and no more than **30 requests for admissions** shall be served by each side.

4.     No more than **20** depositions, excluding expert witness depositions, shall be taken by each side.

5.     Discovery of Electronically Stored Information.

The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

## EXPERT DISCOVERY: DEADLINES AND LIMITATIONS

1.     Each side may call expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

a.  Initial experts.

    i.  The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **June 10, 2022**.

    ii.  The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **June 10, 2022**.

b.  Rebuttal experts.

    i.  The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **July 29, 2022**.

    ii.   Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **July 29, 2022**.

2.    Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **August 26, 2022**.

## CLASS CERTIFICATION DISCOVERY AND BRIEFING

1.    Counsel should call Judge Wright's Courtroom Deputy at 651-848-1640 to get a hearing date for the class certification motion on or before **September 2, 2021**.

2.    Any motion for class certification motion must be filed and served on or before **September 2, 2021**.

3.    Discovery from Plaintiffs related to class certification is due on or before **September 2, 2021**.

4.    Opposition to class certification shall be filed on or before **October 21, 2021.**

5.    Discovery from Defendants related to class certification is due on or before **December 1, 2021**.

6.    Any reply in support of class certification shall be filed by **December 21, 2021.**

## DEADLINES FOR FILING MOTIONS

1.    All motions which seek to amend the pleadings or to add parties must be filed and served on or before **January 31, 2022**.

2.    Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **May 16, 2022**.

3.    Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **September 15, 2022**.

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Courtesy copies for Judge Menendez are not welcome, unless the motions contain or refer to documents that are not filed on ECF.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Menendez, at 612-664-5140, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an

4

already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact, rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

## DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES

All dispositive motions shall be filed, served and scheduled on or before **October 26, 2022**. Counsel shall first schedule the hearing <u>at least 42 days in the future</u> by calling Judge Wright's Courtroom Deputy at 651-848-1640. After the moving party has secured a hearing date, the moving party shall promptly inform all parties of the nature of the motion and the date, time, and location of the hearing. The parties should direct their request for additional time for the filing of briefs in opposition to summary judgment and reply briefs to District Judge Wright.

All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, <u>except</u> that any reply memorandum or notice stating that no reply will be filed must be filed and served within <u>7 days after</u> the filing of any response. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of

5

the pleading and all supporting documents shall be mailed to the Courtroom Deputy or delivered to the clerk of court.

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

## **TRIAL**

This case shall be ready for a **jury** trial on **February 27, 2023.**

Date: May 25, 2021

_____
Katherine Menendez
United States Magistrate Judge

6

# EXHIBIT 11

1

2

3

4

5  UNITED STATES DISTRICT COURT

6  NORTHERN DISTRICT OF CALIFORNIA

7

8  JONNIE HOMYK, et al.,                Case No. 21-cv-03343-JST

9            Plaintiffs,

10     v.                               **SCHEDULING ORDER**

11  CHEMOCENTRYX, INC., et al.,

12           Defendants.

13

14       The parties have filed a joint case management statement.  ECF No. 65.  The Court hereby

15  sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local

16  Rule 16-10:

17

18

| Event | Deadline |
|-------|----------|
| Deadline to add parties or amend the pleadings[1] | April 28, 2023 |
| Class certification motion due | August 25, 2023 |
| Class certification opposition due | October 24, 2023 |
| Class certification reply due | December 18, 2023 |

23       Counsel may not modify these dates without leave of court.  The parties shall comply with

24  the Court's standing orders, which are available https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

25

26

27

28  _____

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause.  Fed. R.
Civ. P. 16(b)(4).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    The parties must take all necessary steps to conduct discovery, compel discovery, hire

2    counsel, retain experts, and manage their calendars so that they can complete discovery in a timely

3    manner and comply with the deadlines set by the Court.  All counsel must arrange their calendars

4    to accommodate these dates, or arrange to substitute or associate in counsel who can.

5    Requests for continuance are disfavored.  The Court will not consider any event

6    subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with

7    the above dates as good cause to grant a continuance.  The Court will not consider the pendency of

8    settlement discussions as good cause to grant a continuance.

9    **IT IS SO ORDERED.**

10   Dated:  April 10, 2023

11   
12   _____
     JON S. TIGAR
     United States District Judge

# EXHIBIT 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA PAVLOVA-COLEMAN, et al., | Case No. 20-cv-08600-JST |
| Plaintiffs, | |
| v. | **SCHEDULING ORDER** |
| SPLUNK INC., et al., | |
| Defendants. | |

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings[1] | March 30, 2022 |
| Defendants' answer due | May 13, 2022 |
| Class certification motion due | July 22, 2022 |
| Class certification opposition due | October 13, 2022 |
| Substantial completion of document production | January 10, 2023 |
| Class certification reply due | January 24, 2023 |
| Class certification motion hearing | February 16, 2023 at 2:00 p.m. |

United States District Court
Northern District of California

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause.  Fed. R. Civ. P. 16(b)(4).

1       Counsel may not modify these dates without leave of court.  The parties shall comply with

2   the Court's standing orders, which are available https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

3       The parties must take all necessary steps to conduct discovery, compel discovery, hire

4   counsel, retain experts, and manage their calendars so that they can complete discovery in a timely

5   manner and comply with the deadlines set by the Court.  All counsel must arrange their calendars

6   to accommodate these dates, or arrange to substitute or associate in counsel who can.

7       Requests for continuance are disfavored.  The Court will not consider any event

8   subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with

9   the above dates as good cause to grant a continuance.  The Court will not consider the pendency of

10  settlement discussions as good cause to grant a continuance.

11      **IT IS SO ORDERED.**

12  Dated:  May 3, 2022

13  _____

14  JON S. TIGAR
    United States District Judge

_United States District Court_
_Northern District of California_

# EXHIBIT 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION | Case No.  15-cv-01455-VC |
|  | **SCHEDULING ORDER** |

The Court adopts the following schedule:

- Exchange of initial disclosures:  August 14, 2017

- Initial requests for production to be served:  August 21, 2017

- Completion of document production in response to initial requests for production (subject to any discovery dispute):  October 31, 2017

- Lead plaintiffs' class certification motion and supporting expert reports:  December 15, 2017

- Defendants' opposition to lead plaintiffs' class certification motion and supporting expert reports:  January 16, 2018

- Lead plaintiffs' reply in support of class certification and supporting rebuttal expert reports:  February 15, 2018

- Hearing on lead plaintiffs' motion for class certification:  February 22, 2018

- Fact discovery cutoff:  May 30, 2018

- Lead plaintiffs' and defendants' merits expert designations and reports:  June 29, 2018

- Lead plaintiffs' and defendants' rebuttal expert reports:  July 16, 2018

- Expert discovery cutoff:  August 16, 2018

- Summary judgment and *Daubert* motions:  September 17, 2018

- Oppositions to summary judgment and *Daubert* motions:  October 17, 2018

- Replies in support of summary judgment and *Daubert* motions:  October 31, 2018

- Hearing on summary judgment motions:  November 8, 2018

- Pretrial conference:  December 3, 2018

- Jury selection:  December 10, 2018

- Trial:  December 12, 2018

**IT IS SO ORDERED.**

Dated:  August 14, 2017

_____
VINCE CHHABRIA
United States District Judge

# EXHIBIT 14

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11  In re APPLE INC. SECURITIES          )   Case No. 4:19-cv-02033-YGR
    LITIGATION                           )
12  ─────────────────────────────────────)   CLASS ACTION
                                         )
13  This Document Relates To:            )   [~~PROPOSE~~D] CASE MANAGEMENT
                                         )   ORDER
14          ALL ACTIONS.                 )
    ─────────────────────────────────────)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4817-5058-8884.v1

On December 14, 2020, counsel for Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Defendants Apple Inc., Timothy D. Cook and Luca Maestri (collectively, the "Parties"), appeared before the Court for a Case Management Conference.  Having considered the Parties' Joint Case Management Conference Statement (ECF No. 126) and discussion with the Parties' counsel at the Case Management Conference, the Court orders as follows:

| EVENT | DEADLINES |
|---|---|
| Rule 26(a)(1) Initial Disclosures | December 18, 2020 |
| Plaintiff's Motion for Class Certification | May 5, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Class Certification | June 30, 2021 |
| Plaintiff's Reply in Support of Motion for Class Certification | August 13, 2021 |
| Hearing on Motion for Class Certification | September 14, 2021 (2:00 p.m.) |
| Substantial Completion of Document Discovery | January 14, 2022 |
| Fact Discovery Deadline | March 16, 2022 |
| Last Day to File a Motion to Amend Pleadings | May 5, 2021 |
| Rule 26(a)(2) Expert Disclosures | April 27, 2022 |
| Rebuttal Expert Disclosures | June 10, 2022 |
| Expert Depositions | June 24, 2022-July 22, 2022 |
| Last Day to File Request for Pre-filing Conference in Connection with Summary Judgment Motions | July 29, 2022 |
| Last Day to File Summary Judgment and *Daubert* Motions | September 9, 2022 |

\*   \*   \*

**O R D E R**

IT IS SO ORDERED.

DATED: _December 22, 2022_

_____

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

4817-5058-8884.v1

# EXHIBIT 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

BABAK HATAMIAN and LUSSA DENNJ
SALVATORE, individually and on behalf of
all others similarly situated,

         Plaintiffs,

   v.

ADVANCED MICRO DEVICES, INC.,
RORY P. READ, THOMAS J. SEIFERT,
RICHARD A. BERGMAN AND LISA T.
SU,,

         Defendants

**CASE NO. 4:14-cv-00226-YGR**

**[~~PROPOSED~~] CASE MANAGEMENT
ORDER**

1    On June 17, 2015, Lead Plaintiffs KBC Asset Management NV and Arkansas Teacher

2  Retirement System, together with Defendants Advanced Micro Devices, Inc.; Rory P. Read;

3  Thomas J. Seifert; Richard A. Bergman; and Dr. Lisa T. Su (collectively, the "Parties"),

4  appeared before the Court for a Case Management Conference.  Having considered the Parties'

5  Amended Joint Case Management Conference Statement (Dkt #123) and statements of counsel

6  at the Case Management Conference, the Court orders as follows:

7    **1. CLASS CERTIFICATION**

8    Lead Plaintiffs will move for class certification in accordance with the schedule set forth

9  below.  Failure to make class representatives available pursuant to this Order may result in

10  monetary and/or evidentiary sanctions.

11

| Event | Date |
|---|---|
| Class Certification Motion Deadline | September 7, 2015 |
| Deposition of Class Representative(s) | Between September 14 and 25, 2015 |
| Response to Class Certification Motion | October 22, 2015 |
| Class Certification Motion Reply | December 7, 2015 |

15    As an alternative, the Court may extend the deadline for Defendants' Response to Lead

16  Plaintiffs' Class Certification Motion proportionately if the class representatives are not available

17  for deposition by September 25, 2015.

18    **2. SETTLEMENT AND ADR**

19    Defendants and Lead Plaintiffs filed certifications pursuant to ADR Local Rule 3-5(b).

20  (ECF Nos. 91, 96, 97.)  The parties agree to conduct private mediation by January 31, 2016.

21  The parties further agree to submit to the Court the name of a mutually agreed mediator by July

22  3, 2015.  A compliance hearing regarding the parties' selection of a mediator shall be held on

23  **Friday, July 10, 2015** on the Court's 9:01 a.m. calendar, in the Federal Courthouse, 1301 Clay

24  Street, Oakland, California, Courtroom 1.

25    Five (5) business days prior to the date of the compliance hearing, the parties shall file

26  either: (a) statement identifying their selected mediator and the status of their scheduling

27  mediation;  or (b) a one-page JOINT STATEMENT setting forth an explanation for their failure to

28

comply.  If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar.

Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion.  Failure to do so may result in sanctions.

**3.  SCHEDULING**

The parties' proposed schedule and discovery plan is set forth as follows:

| Event | Date |
|---|---|
| Initial Disclosures | May 21, 2015 |
| Defendants' Answer | May 14, 2015 |
| Initial Written Discovery Served | June 1, 2015 |
| Lead Plaintiffs Disclose Identities of Confidential Witnesses | June 24, 2015 |
| Initial Document Production Substantially Complete | October 23, 2015 |
| Follow Up Written Discovery Served | November 6, 2015 |
| Follow Up Production Substantially Complete | February 5, 2015 |
| Joinder of Other Parties and Pleading Amendments | February 19, 2016 |
| Close of Fact Discovery | June 15, 2016 |
| Expert Reports on Issues Where Party Has Burden of Proof | July 6, 2016 |
| Responsive Expert Reports | August 11, 2016 |
| Rebuttal Expert Reports | September 15, 2016 |
| Expert Discovery Cut-off | October 31, 2016 |
| Summary Judgment and *Daubert* Motions | November 17, 2016 |
| Summary Judgment and *Daubert* Oppositions | January 16, 2017 |
| Summary Judgment and *Daubert* Replies | February 16, 2017 |

The AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: June 29, 2015

THE HON. YVONNE GONZALEZ ROGERS
United States District Judge

1

**ECF ATTESTATION**

2          I, Melanie M. Blunschi, am the ECF User whose ID and Password are being used to file

3    this:

4

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

5          In compliance with General Order 45, X.B., I hereby attest that William H. Narwold has

6    concurred in this filing.

7          Executed on the 22nd day of June 2015.

8                                        By:    _/s/ Melanie M. Blunschi_____

9                                               Melanie M. Blunschi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 16

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS MELUCCI, et al., | Case No. 19-CV-01372-LHK |
| Plaintiffs, | **CASE MANAGEMENT ORDER;** |
| v. | **ORDER LIFTING STAY** |
| CORCEPT THERAPEUTICS INCORPORATED, et al., | |
| Defendants. | |

The parties filed their joint case management statement on December 8, 2021. ECF No. 151. The Court continues the December 15, 2021 case management conference to March 16, 2022 at 2:00 p.m. The parties shall file their joint case management statement by March 9, 2022.

The Court hereby lifts the stay. The Court GRANTS the parties' request to increase the number of depositions, and the number of interrogatories, per side to 30. The parties are directed to follow the Court's Guidelines for Final Pretrial Conferences in Bench Trials, available at https://www.cand.uscourts.gov/judges/koh-lucy-h-lhk/, for all pre-trial deadlines.

The Court sets the following case schedule:

| Scheduled Event | Date |
|---|---|
| Exchange Initial Disclosures | January 7, 2022 |
| Exchange Initial Document Requests | January 21, 2022 |
| File Stipulated and Proposed Protective Order | January 21, 2022 |

1

Case No. 19-CV-01372-LHK
CASE MANAGEMENT ORDER; ORDER LIFTING STAY

| | |
|---|---|
| Last Day to Amend the Pleadings/Add Parties | January 21, 2022 |
| Filing Defendants' Answer | February 4, 2022 |
| Further Case Management Conference | March 16, 2022 at 2:00 p.m. |
| Last Day to File Class Certification Motion and Plaintiffs' Class Certification Expert Reports | May 4, 2022 |
| Opposition to Class Certification Motion and Defendants' Class Certification Expert Reports | June 17, 2022 |
| Reply in Further Support of Class Certification Motion and Plaintiffs' Rebuttal Class Certification Expert Reports | July 18, 2022 |
| Hearing on Class Certification | August 18, 2022 at 1:30 p.m. |
| Substantial Completion of Document Production | December 26, 2022 |
| Service of Privilege Log | January 26, 2023 |
| Close of Fact Discovery | April 28, 2023 |
| Opening Expert Reports | June 29, 2023 |
| Rebuttal Expert Reports | July 31, 2023 |
| Close of Expert Discovery | October 2, 2023 |
| Last Day to File Dispositive Motions (one per side in the entire case) | December 1, 2023 |
| Opposition to Dispositive Motions | February 1, 2024 |
| Reply in Further Support of Dispositive Motions | March 1, 2024 |
| Hearing on Dispositive Motions | April 4, 2024 at 1:30 p.m. |
| Final Pretrial Conference | May 30, 2024 at 1:30 p.m. |
| Jury Trial | July 1, 2024 at 9:00 a.m. |
| Length of Trial | 15 days |

**IT IS SO ORDERED.**

Dated: December 9, 2021

LUCY H. KOH
United States District Judge

# EXHIBIT 17

1  NINA F. LOCKER (SBN 123838)
   IGNACIO E. SALCEDA (SBN 164017)
2  EVAN L. SEITE (SBN 274641)
   LAURA G. AMADON (SBN 321524)
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone:   (650) 493-9300
   Facsimile:   (650) 565-5100
6  Email:       nlocker@wsgr.com
                isalceda@wsgr.com
7               eseite@wsgr.com
                lamadon@wsgr.com
8
9
   *Attorneys for Defendants Nutanix, Inc.,*
10 *Dheeraj Pandey, and Duston M. Williams*

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN FRANCISCO DIVISION**

15

16

17                                          Case No. 3:19-cv-01651-WHO

18                                          <u>**CLASS ACTION**</u>

19 IN RE NUTANIX, INC.                      **JOINT STIPULATION AND**
   SECURITIES LITIGATION                    **[~~PROPOSED~~] ORDER REGARDING**
20                                          **CASE SCHEDULE**

21

22

23

24

25

26

27

28

1    Lead Plaintiff California Ironworkers Field Pension Trust ("Lead Plaintiff") and

2  Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey, and Duston Williams (together,

3  Defendants) (collectively, the "Parties"), by and through their counsel, hereby stipulate and

4  request as follows:

5    WHEREAS, on March 1, 2021, this Court granted the withdrawal of the former lead

6  plaintiff, Shimon Hedvat, and reopened the lead plaintiff application process (*see* Dkt. No. 171);

7    WHEREAS, on March 4, 2021, the Court entered a Stipulation and Order Modifying

8  Class Certification Deadlines and Case Management Conference (the "Scheduling Order") (*see*

9  Dkt. No. 173);

10    WHEREAS, under the Scheduling Order, the Parties shall submit a proposed case

11  schedule for further proceedings in this action to the Court within ten days of the Court's order

12  appointing a new lead plaintiff;

13    WHEREAS, on June 10, 2021, this Court appointed California Ironworkers Field Pension

14  Trust as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel (*see* Dkt. No.

15  224);

16    WHEREAS, on June 21, 2021, this Court granted the Parties' Joint Stipulation for an

17  extension of time to further meet and confer regarding the case schedule (*see* Dkt. No. 226);

18    WHEREAS, on July 6, 2021, this Court granted the Parties' Joint Stipulation whereby

19  Lead Plaintiff would file a Motion for Leave to Supplement and within ten (10) days following

20  an order from the Court on Lead Plaintiff's Motion to Supplement, the Parties shall meet and

21  confer to file a joint submission regarding a proposed case schedule for further proceedings (*see*

22  Dkt. No. 228);

23    WHEREAS, on August 16, 2021, after briefing by the Parties, this Court granted Lead

24  Plaintiff's Motion for Leave to Supplement the Second Amended Complaint (*see* Dkt. No. 237);

25    WHEREAS, the Parties have met and conferred regarding the case schedule for further

26  proceedings in this matter;

27

28

1   **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by Lead

2   Plaintiff and Defendants and their undersigned counsel, subject to Court approval, as follows:

3           1.      The Parties hereby submit to the Court for approval this joint proposed case

4   schedule:

| EVENT | (PROPOSED) DEADLINE |
| --- | --- |
| Lead Plaintiff's Initial Disclosures | September 3, 2021 |
| Lead Plaintiff and Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust's ("City of Miami") Substantial Completion of Document Production | January 21, 2022 |
| Lead Plaintiff's Motion for Class Certification | January 21, 2022 |
| Deadline to Amend Without Leave of Court | January 21, 2022 |
| Deposition Period for Lead Plaintiff and City of Miami's Representatives | January 21, 2022 to March 23, 2022 |
| Defendants' Response to Lead Plaintiff's Motion for Class Certification | April 1, 2022 |
| Defendants' Substantial Completion of Document Production | April 8, 2022 |
| Lead Plaintiff's Reply in Support of Class Certification | May 4, 2022 |
| Hearing on Class Certification | May 25, 2022 |
| Fact Discovery Cutoff | August 26, 2022 |
| Affirmative Expert Reports | September 30, 2022 |
| Rebuttal Expert Reports | November 2, 2022 |
| Reply Expert Reports | December 2, 2022 |
| Expert Discovery Cutoff | January 31, 2023 |
| Deadline to File Dispositive Motions | February 24, 2023 |
| Oppositions to Dispositive Motions | April 26, 2023 |
| Replies in Support of Dispositive Motions | May 26, 2023 |
| Dispositive Motions Heard by Court | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

        2.      Nothing in this Stipulation shall be construed as a waiver of any party's rights or

positions in law or equity.

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING CASE SCHEDULE
CASE: 3:19-cv-01651-WHO

1    **IT IS SO STIPULATED.**

2    Dated: August 26, 2021                **WILSON SONSINI GOODRICH & ROSATI**
                                           Professional Corporation
3
                                           _/s/  Ignacio E. Salceda_
4                                             Ignacio E. Salceda

5                                          650 Page Mill Road
                                           Palo Alto, CA  94304
6                                          Tel: (650) 493-9300
                                           Email: isalceda@wsgr.com
7
                                           _Attorneys for Defendants Nutanix, Inc.,_
8                                          _Dheeraj Pandey, and Duston M. Williams_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 1 | Dated:  August 26, 2021 | **ROBBINS GELLER RUDMAN** |
| 2 | | **& DOWD LLP** |
| 3 | | /s/ *Kenneth J. Black* |
| | | Kenneth J. Black |
| 4 | | |
| 5 | | SHAWN A. WILLIAMS (213113) |
| | | KENNETH J. BLACK (291871) |
| 6 | | Post Montgomery Center |
| | | One Montgomery Street, Suite 1800 |
| 7 | | San Francisco, CA 94104 |
| | | Telephone: 415/288-4545 |
| 8 | | 415/288-4534 (fax) |
| | | shawnw@rgrdlaw.com |
| 9 | | – and – |
| 10 | | JAMES E. BARZ (admitted pro hac vice) |
| | | FRANK A. RICHTER (admitted pro hac vice) |
| 11 | | 200 South Wacker Drive, 31st Floor |
| | | Chicago, IL  60606 |
| 12 | | Telephone:  312/674-4674 |
| | | 312/674-4676 (fax) |
| 13 | | jbarz@rgrdlaw.com |
| | | frichter@rgrdlaw.com |
| 14 | | – and – |
| 15 | | DANIELLE S. MYERS (259916) |
| | | 655 West Broadway, Suite 1900 |
| 16 | | San Diego, CA 92101 |
| | | Telephone: 619/231-1058 |
| 17 | | 619/231-7423 (fax) |
| | | dmyers@rgrdlaw.com |
| 18 | | |
| 19 | | *Attorneys for Lead Plaintiff California Ironworkers Field Pension Trust* |
| 20 | | |
| 21 | | **LEVI & KORSINSKY, LLP** |
| 22 | | SHANNON L. HOPKINS (admitted pro hac vice) |
| | | GREGORY POTREPKA (admitted pro hac vice) |
| 23 | | ANDREW ROCCO (admitted pro hac vice) |
| | | 1111 Summer Street, Suite 403 |
| 24 | | Stamford, CT 06905 |
| 25 | | Tel: (203) 992-4523 |
| | | Email: shopkins@zlk.com |
| 26 | | Email: gpotrepka@zlk.com |
| | | Email: arocco@zlk.com |
| 27 | | |
| 28 | | *Attorneys for Named Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust* |

1   **IT IS SO ORDERED as modified below.**

2

3   | Dispositive Motions Heard by Court | June 21, 2023 |
    |---|---|
4   | Pretrial Conference | September 11, 2023 at 2 p.m. |
    | Trial | October 9, 2023 at 8:30 a.m. |

5

6

7

8   Dated:  August 27, 2021

9                                                    Honorable William H. Orrick
                                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## __ATTESTATION__

2
I, Ignacio E. Salceda, am the ECF User whose identification and password are being used to

3
file this Joint Stipulation and Proposed Order Regarding Case Schedule.

4
In compliance with Local Rule 5-1(i)(3), I hereby attest that Lead Counsel, Robbins Geller

5
Rudman & Dowd, LLP, concurs in this filing.

6

7
Dated:  August 27, 2021

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

8

9
/s/  *Ignacio E. Salceda*
Ignacio E. Salceda

10

11

*Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TWITTER INC. SECURITIES
LITIGATION

Case No. 16-cv-05314-JST

**SCHEDULING ORDER**

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil

Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|-------|----------|
| Deadline to add parties or amend the pleadings[1] | August 1, 2018 |
| Class certification motion due | February 15, 2018 |
| Class certification opposition due | April 12, 2018 |
| Class certification reply due | May 24, 2018 |
| Class certification motion hearing | June 14, 2018 at 2:00 p.m. |

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause.  Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Deadline for parties to complete rolling production of non-privileged documents responsive to document requests served by November 15, 2017 | To be determined[2] |
| Fact discovery deadline | December 14, 2018 |
| Expert disclosures | February 8, 2019 |
| Expert rebuttal | March 22, 2019 |
| Expert discovery cut-off | April 19, 2019 |
| Deadline to file dispositive motions | May 3, 2019 |
| Dispositive motion oppositions due | June 14, 2019 |
| Dispositive motion replies due | July 12, 2019 |
| Dispositive motion hearing | August 1, 2019 at 2:00 p.m. |
| Pretrial conference statement due | October 1, 2019 |
| Pretrial conference | October 11, 2019 at 2:00 p.m. |
| Trial | November 4, 2019 at 8:30 a.m. |
| Estimate of trial length (in days) | 16 |

The Court also adopts the additional deadlines set forth in the parties' joint case management statement, ECF No. 125, as to events not described above.

The Court will conduct a further case management conference on March 21, 2018 at 2:00 p.m.  A joint case management statement is due March 14, 2018 by 5:00 p.m.  For that statement only, the parties should disregard the local rules concerning the content of case management statements.  Instead, the statement should be divided into two sections.  The first section will address the status of the parties' discovery.  The parties will first list any discovery propounded by

---

[2] As discussed at the Case Management Conference held on January 17, 2018, the Court will set this deadline at the Conference scheduled for March 21, 2018 if the parties still disagree as what the deadline should be.

1    the Plaintiffs, the status of that discovery, and any next steps required to complete the discovery or

2    conclude any dispute regarding that discovery.  The parties will then provide the same information

3    regarding any discovery propounded by Defendants.  The parties' statement must include

4    completed discovery as well as open discovery, and should list any discovery that has been

5    discussed between the parties, even if it has not yet been propounded.  The second section of the

6    statement will include a discussion of any other issues requiring the Court's attention or that bear

7    on the progress of the case.  The parties must also comply with the instructions set forth in the

8    minutes of the January 17, 2018 Case Management Conference.  See ECF No. 127 ¶ 2.

9        Counsel may not modify these dates without leave of court.  The parties shall comply with

10    the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

11        The parties must take all necessary steps to conduct discovery, compel discovery, hire

12    counsel, retain experts, and manage their calendars so that they can complete discovery in a timely

13    manner and appear at trial on the noticed and scheduled dates.  All counsel must arrange their

14    calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

15        Trial dates set by this Court should be regarded as firm.  Requests for continuance are

16    disfavored.  The Court will not consider any event subsequently scheduled by a party, party-

17    controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant

18    a continuance.  The Court will not consider the pendency of settlement discussions as good cause

19    to grant a continuance.

20        **IT IS SO ORDERED.**

21    Dated: January 22, 2018

22

23    _____

24    JON S. TIGAR
     United States District Judge

25

26

27

28

# EXHIBIT 19

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE ALTA MESA RESOURCES, INC. SECURITIES LITIGATION | CASE NO. 4:19-CV-00957 |

**SCHEDULING**
**ORDER**

The disposition of this case will be controlled by the following schedule:

1.  April 30, 2021 — **RULE 26(f) CONFERENCE**

2.  May 14, 2021 — **ANSWER TO COMPLAINT**

3.  July 30, 2021 — **MOTION TO CERTIFY CLASS** Lead Plaintiffs will file a motion and supporting memorandum by this date. No pre-motion conference is required.

4.  October 20, 2021 — **COMPLETION OF DEPOSITIONS IN CONNECTION WITH CLASS CERTIFICATION** Any depositions in connection with class certification must be complete by this date.

5.  November 18, 2021 — **OPPOSITIONS TO CLASS CERTIFICATION MOTION** Any oppositions to class certification motions must be filed by this date.

6.  December 15, 2021 — **MOTIONS FOR LEAVE TO AMEND PLEADINGS AND ADD NEW PARTIES** Party requesting joinder will furnish a copy of this scheduling order to new parties and non-moving parties reserve their rights to oppose motion.

1

| 7. | January 17, 2022 | **REPLIES TO CLASS CERTIFICATION OPPOSITIONS** Lead Plaintiffs will file their reply to any oppositions to class certification. |
|----|------------------|----|
| 8. | February 7, 2022 | **SUBSTANTIAL COMPLETION OF PARTY DOCUMENT DISCOVERY** Document requests seeking broad categories of documents are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline. |
| 9. | July 1, 2022 | **COMPLETION OF FACT DISCOVERY** Fact discovery must be completed. Written discovery and document requests are not timely if they are served at a time where the recipient would not be required under the Federal Rules of Civil Procedure to respond until after this deadline. |
| 10. | August 18, 2022 | **EXPERT REPORTS DUE** |
| 11. | October 1, 2022 | **REBUTTAL EXPERT REPORTS DUE** |
| 12. | November 11, 2022 | **EXPERT DISCOVERY CUT-OFF** |
| 13. | On or Before February 6, 2023 | **SUMMARY JUDGMENT AND DAUBERT MOTIONS** |
| 14. | 35 Days After Filing of Summary Judgment / Daubert Motion | **OPPOSITIONS TO SUMMARY JUDGMENT AND DAUBERT MOTIONS** |
| 15. | 30 Days After Filing of Opp. to Summary Judgment / Daubert Motion | **REPLIES IN FURTHER SUPPORT OF SUMMARY JUDGMENT AND DAUBERT MOTIONS** |

Estimated Trial Time: TBD

SIGNED at Houston, Texas, this __10th__ day of ____June__, 2021.

_George C. Hanks Jr_

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT 20

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| IN RE CONN'S, INC. SECURITIES LITIGATION | § Civil Action No. 4: 14-cv-00548 (KPE) § (Consolidated Action) § § |

## AGREED SCHEDULING AND DOCKET CONTROL ORDER

### DISCOVERY

1a.   July 22, 2016   Initial Disclosures under Rule 26(a) of the Federal Rules of Civil Procedure ("FRCP").

1b.   September 30, 2016   Substantial completion of document discovery.

1c.   April 17, 2017   Completion of fact discovery.

### CLASS CERTIFICATION

2a.   November 10, 2016   Plaintiffs' Class Certification Motion and any Expert Report submitted by Plaintiffs in support of class certification.

2b.   January 6, 2017   Defendants' Opposition to Class Certification and any expert report submitted by Defendants opposing class certification.

2c.   February 16, 2017   Plaintiffs' Reply for Class Certification and any expert report that rebuts Defendants' opposing expert report(s).

### POST CLASS CERTIFICATION EXPERTS

3a.   June 1, 2017   Plaintiffs (or the party with the burden of proof on an issue) will designate expert witnesses in writing and provide the report(s) required by Rule 26(a)(2) of the FRCP.

3b.   July 14, 2017   The opposing party will designate expert witnesses in writing and provide the report(s) required by Rule 26(a)(2) of the FRCP.

3c.        August 15, 2017         Plaintiffs (or the party with the burden of proof on an issue) may file any reply expert report(s).

## DISPOSITIVE AND NON-DISPOSITIVE MOTIONS

4a.        September 15, 2017      Motions Deadline.

4b.        November 15, 2017      Oppositions to Motions.

4c.        December 15, 2017      Replies to Opposition Motions.

## DEADLINE FOR JOINT ORDER AND MOTIONS IN LIMINE

5.         March 19, 2018         The Joint Pretrial Order and Motions in Limine will contain the pretrial disclosures required by Rule 26(a)(3) of the FRCP.

### Trial

6.         March 26, 2018         Trial will be held at 9:00 a.m. in Courtroom 3A, United States Courthouse, 515 Rusk, Houston, Texas.

Signed on September 13, 2016, at Houston, Texas.

_____
HON. KEITH P. ELLISON
United States District Judge

2