Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
  ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant*
*Baupost Group Securities, L.L.C.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**OBJECTION AND RESERVATION OF RIGHTS OF BAUPOST GROUP SECURITIES, L.L.C. TO PG&E'S PROPOSED SCHEDULE FOR LITIGATION OF SECURITIES CLAIMS**<br><br>Date: October 17, 2023<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Tele/Videoconference |

Baupost Group Securities, L.L.C. ("**Baupost**"), on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of the Debtors' equity securities at issue herein, hereby submits this objection and reservation of rights in

connection with the hearing scheduled for October 17, 2023 and the submissions and contemplated schedules for the litigation of securities claims against the Reorganized Debtors filed or proposed by various parties, specifically:

- Reorganized Debtors' Proposed Class Certification Briefing and Discovery Schedule [Dkt. No. 14070] (the "**PG&E Schedule**");
- The "Proposed Schedule for Litigation of Securities Claims," offered by PERA, which is attached as Exhibit 21 to the PG&E Schedule [Dkt. No. 14070-3]; and
- The RKS Claimants' Proposed Schedule for ADR Track and 7023 Track [Dkt. No. 14071].

Baupost is a Securities Claimant, as that term is defined in the Court's *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943] and a substantial holder of subordinated Securities claims, having filed Rescission or Damage Claim Proofs of Claim on April 15, 2020 [Claim Nos. 100269 and 100309] and on December 28, 2022 [Claim Nos. 109847 and 109848].

Baupost objects to the PG&E Schedule's proposed timeline for sufficiency objections/motions to dismiss on the grounds that it is unreasonable and to the detriment of Baupost and other Securities Claimants. Under the PG&E Schedule, the Reorganized Debtors have until either December 5, 2023 (for claims amended by October 6) or December 12, 2023 (for claims amended by October 13) to move to dismiss securities proofs of claim. Securities Claimants would then have barely a month to oppose those motions—with the Christmas and New Year's holidays intervening—and the Reorganized Debtors would then have approximately six weeks to file reply briefs.[1] Baupost's and the other Securities Claimants' time to oppose the Reorganized Debtors' motions to dismiss is far too short under the PG&E Schedule and there is no reason, other than PG&E's attempt to gain a litigation advantage, to impose an unreasonable and unbalanced schedule

---

[1] Although the PG&E Schedule provides that the Court may set a different briefing schedule at the Case Management Conference scheduled for December 14, 2023 or later, *see Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934], Baupost respectfully submits that any default schedule should provide sufficient time (*i.e.*, 60 days or more) for Securities Claimants to oppose PG&E's objections/motions to dismiss.

on Securities Claimants when PG&E has waited years to bring objections to pending Securities Claims.

*First*, PG&E's objections/motions to dismiss are likely to be lengthy and complex. As a result, Baupost and the other Securities Claimants will likely require more time to research and draft their oppositions than the month allotted to them under the PG&E Schedule. Indeed, when the former PG&E officers moved to dismiss the PERA Complaint in the related District Court securities action, their brief was over 40 pages long and contained dozens of exhibits, and the District Court gave PERA over two months to prepare its opposition papers. *See In re PG&E Securities Litigation*, No. 18-cv-3509-EJD (N.D. Cal.), Dkt. Nos. 126, 148-55, 160-61. We would expect that the issues to be addressed in connection with PG&E's objections/motions to dismiss here will be no less complex and they require sufficient time to be researched and briefed.

*Second*, the PG&E Schedule is unfair in light of the amount of time that the Reorganized Debtors have already had to prepare their objections/motions to dismiss. Baupost filed its most recent proofs of claims in December 2022—meaning that, by the time the Reorganized Debtors' objections/motions to dismiss will be due, the Reorganized Debtors will have had almost a year to prepare their submissions. Moreover, the PERA Complaint, which has been adopted (in whole or in part) by Baupost and numerous other Securities Claimants was first filed in May 2019—***four and half years*** before the Reorganized Debtors' objections/motions to dismiss are due. Given that the Reorganized Debtors have had years to prepare their objections, it would be unfair to limit the Securities Claimants to only a month, over the winter holidays, to prepare their oppositions to such objections/motions to dismiss. Accordingly, Baupost respectfully submits that it and other Securities Claimants should receive no less than 60 days to oppose any objections to or motions to dismiss their claims.

In addition, although not directly before the Court at this time, Baupost reiterates the reservation of rights it previously made, *see* Dkt. No. 13792, to seek modification of any objection/motion to dismiss briefing schedule to allow Baupost or other Securities Claimants to seek to intervene in motions by the Reorganized Debtors addressed to the legal sufficiency of the PERA

Complaint's claims or other complaints filed by Securities Claimants that assert common claims or allegations.

Respectfully submitted,

Dated: October 16, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Debra Grassgreen*
Isaac M. Pachulski
Debra I. Grassgreen

- and -

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
 ADELMAN & ROBBINS LLP

*Attorneys for Securities Claimant*
*Baupost Group Securities, L.L.C.*