| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs (*pro hac vice*)<br>Carol C. Villegas (*pro hac vice*)<br>Michael P. Canty (*pro hac vice*)<br>Thomas G. Hoffman, Jr. (*pro hac vice*)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Securities Lead Plaintiff and the Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Colleen Restel<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*<br><br><br>*(additional counsel on Exhibit A)* |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE**<br><br>Date:    October 17, 2023<br>Time:   10:00 a.m. (PT)<br>Before: (Telephonic Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, California 94102 |

Securities Plaintiffs' Response to Reorganized Debtors' Proposed Class Certification Briefing and Discovery Schedule [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088   Doc# 14074   Filed: 10/16/23   Entered: 10/16/23 14:29:52   Page 1 of 8

Lead Plaintiff Public Employees Retirement Association of New Mexico ("PERA") and the Securities Act Plaintiffs (collectively, the "Securities Plaintiffs") hereby submit the below schedule for discovery and briefing on Securities Plaintiffs' anticipated motion for class certification, in response to the Reorganized Debtors' Proposed Class Certification Briefing and Discovery Schedule (ECF No. 14070).[1]

## I. PERA's Proposed Schedule

As an initial matter, PERA takes issue with the numerous unsupported assertions Reorganized Debtors made regarding the meet-and-confer process regarding the class certification schedule. *See* ECF No. 14070 at 1. Reorganized Debtors unilaterally terminated that process by filing their proposal late Friday night before any party had declared an impasse in the negotiations.[2]

However, rather than complain about process, PERA will instead address the substance of Reorganized Debtors' proposal, which would unnecessarily delay the class certification process and the ultimate resolution of the Securities Claims for years.[3]

First, Reorganized Debtors repeatedly argue these bankruptcy proceedings are governed by the Private Securities Law Reform Act of 1995 ("PSLRA"). *See* ECF No. 14070 at 5, 6, 11. They are not. The PSLRA is explicitly limited to private actions "brought as a plaintiff class action pursuant to the Federal Rules of ***Civil Procedure***." 15 U.S.C.A. § 78u-4(a)(1) (emphasis added); *see also* ECF No. 14071 at 4 n.5 (RKS Claimants agreeing these proceedings not governed by the PSLRA). These proceedings are governed by the Federal Rules of ***Bankruptcy Procedure***. Reorganized Debtors cite no authority for the proposition that applying Bankruptcy Rule 7023 changes that. To the extent the PSLRA applies to a class proceeding in bankruptcy, modification of

---

[1] Capitalized terms used but not defined herein have the same meanings as in Securities Plaintiffs' Motion and Memorandum of Points and Authorities in Support of Motion for the Application of Bankruptcy Rule 7023 and the Certification of a Class of Securities Claimants (ECF No. 13865).

[2] Moreover, Reorganized Debtors' counsel improperly filed PERA's confidential scheduling proposal, which was clearly stamped "Confidential Negotiation Communication" and "Subject to FRE 408." ECF 14070, Ex. 21.

[3] The RKS Claimants' proposed schedule (ECF No. 14071) is worse because, as Reorganized Debtors note (ECF No. 14070 at 10 n.5), it would resolve the class certification issue even more slowly than Reorganized Debtors' proposal. As opt-outs, the RKS Claimants have no standing to assert arguments on behalf of the putative class.

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 2 of 8

the discovery stay is warranted to facilitate discovery for the purpose of class certification. Given the procedural posture of these proceedings, it would cause undue prejudice to the putative class of Securities Claimants if the class procedures were not able to at least start now. *See* 15 U.S.C. § 78u-4(b)(3)(B).

<u>Second</u>, Reorganized Debtors claim that PERA's proposed schedule does not provide them with sufficient time "to discover and litigate the complex issues relating to class certification," ECF No. 14070 at 3, attaching 20 cherry-picked examples of scheduling orders from federal securities class actions. PERA has already provided an example of a scheduling order from a federal securities class action that proposed class counsel litigated on a much faster track—indeed, much faster than even the schedule that PERA proposes here. *See* ECF No. 13989 (Civ. Case Mgmt. Plan, *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent., Inc.*, No. 1:20-cv-02031-JSR (S.D.N.Y. Aug. 19, 2020)). PERA respectfully suggests that a fast track is entirely appropriate, given the Reorganized Debtors' lack of progress in resolving the Securities Claims to date and this Court's desire to resolve the hundreds if not thousands of unresolved Securities Claims as quickly as possible.[4]

However, in the spirit of compromise, PERA has lengthened its proposed schedule and addressed certain of Reorganized Debtors' other arguments in the below version of the schedule.[5] PERA has also included in the schedule its proposed motion to withdraw the reference with respect to Reorganized Debtors' anticipated motion to dismiss PERA's class complaint (*i.e.*, sufficiency motion), pursuant to 28 U.S.C. § 157(d) (*see* Section II, *infra*, for further discussion).

---

[4] Reorganized Debtors repeatedly, erroneously claim that PERA's class complaint alleges claims based on transactions in 67 separate securities. Rather, it alleges claims based only on transactions in PG&E common stock and eight debt securities. Therefore, PERA's proposed schedule allows plenty of time for Reorganized Debtors to retain appropriate experts.

[5] For example, any challenges to the admissibility of expert testimony of class certification experts may be brought on the same schedule as that for the class certification briefing. Indeed, that is precisely what happened in the case Reorganized Debtors cite. *See Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-01142-SVW-PLA (C.D. Cal. Mar. 31, 2017), at ECF No. 304 (entering proposed schedule under which class certification was briefed simultaneously with *Daubert* challenges against class certification experts).

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)] 2

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 3 of 8

| Event | Deadline |
|---|---|
| Motion to withdraw the reference regarding motion to dismiss PERA class complaint (to District Court)[6] | No later than December 20, 2023 |
| First mandatory class mediation | 30 days after the motion to withdraw the reference is fully submitted to the District Court, or as soon thereafter as practicable |
| Initial disclosures; requests for production re: class certification to PERA | 14 days after first mandatory mediation |
| Motion for class certification and expert reports | 28 days after initial disclosures |
| Depositions of PERA and its expert(s) | 14-21 days after motion for class certification and expert reports |
| Reorganized Debtors' opposition to motion for class certification, expert report(s) on price impact, etc., and any motions to exclude expert testimony | 28 days after motion for class certification |
| Deposition(s) of Reorganized Debtors' expert(s) | 14-21 days after Reorganized Debtors' opposition to PERA's motion for class certification |
| Reply in support of motion for class certification, responding expert reports, any motions to exclude expert testimony, and any oppositions to any motion to exclude expert testimony | 35 days after Reorganized Debtors' opposition to motion for class certification |
| Reorganized Debtors' oppositions to any motions to exclude expert testimony | 14 days after any motions to exclude expert testimony |
| Class certification hearing | 21-28 days after PERA's reply in support of motion for class certification, or as soon thereafter as is convenient for the Court |
| Motion for class notice and appointment of Class Administrator | 14 days after order granting class certification |
| Hearing on class notice | 21 days after motion for class notice, or as soon thereafter as is convenient for the Court |
| Kroll provides the Securities Claimants' email and mailing | 7 days after the Court approves class notice |

---

[6] This Court would not hear the motion to withdraw the reference. Instead, the Clerk of the Bankruptcy Court transfers the motion to the District Court. *See* B.L.R. 5011-2(B).

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)]

3

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 4 of 8

| | |
|---|---|
| addresses to the Class Administrator | |
| Class notice issued to the Securities Claimants via ECF, email, and U.S. mail | 10 days after the Class Administrator's receipt of the Securities Claimants' email and mailing addresses |
| Opt-out deadline | 30 days after issuance of class notice |
| Second mandatory class mediation | 7-14 days after opt-out deadline, or as soon thereafter as practicable |

**II. PERA Intends to Seek Withdrawal of the Reference with Respect to Reorganized Debtors' Anticipated Motion to Dismiss the Claims Alleged in PERA's Class Complaint**

As this Court is aware, the District Court must withdraw a proceeding on a timely motion of a party if the District Court determines that its resolution requires consideration of legal issues arising under both the Bankruptcy Code and other laws of the United States regulating organizations or activities affecting interstate commerce, including the Securities Exchange Act of 1943 and the Securities Act of 1933 (the "Securities Act"). *See* 28 U.S.C. § 157(d).

Here, the Order Authorizing Amendment and Objection Procedures for Securities Claimants anticipate that Reorganized Debtors will file "motions to dismiss." ECF No. 13934-1. Indeed, Reorganized Debtors explicitly state they intend to challenge all 19 misstatements alleged in PERA's class complaint for failure to plead falsity and scienter and that:

> PG&E's motion to dismiss will be bolstered by the recent Ninth Circuit opinion in *Barnes v. Edison International*, which affirmed the district court's dismissal, with prejudice, of a securities complaint alleging that a Southern California utility made false and misleading statements about its fire safety practices prior to causing multiple wildfires in 2017 and 2018.

ECF No. 14070 at 7 (citing *Barnes v. Edison Int'l,* No. 21-55589, 2022 WL 822191 (9th Cir. Mar. 18, 2022)).[7]

---

[7] *Barnes* is distinguishable in several ways. For example, the plaintiffs' falsity theory there relied on previously disclosed CPUC investigation results, creating a "truth-on-the-market" issue that defeated materiality. *See Barnes v. Edison Int'l*, No. CV 18-09690 CBM, 2021 WL 2325060, at *11 (C.D. Cal. Apr. 27, 2021) ("Edison Defendants cannot be found to have materially omitted the risks posed by its infrastructure when that information was publicly available through its filings with CPUC."), *aff'd*, No. 21-55589, 2022 WL 822191 (9th Cir. Mar. 18, 2022). Indeed, the District Court denied the Non-Debtor Defendants' request to submit *Barnes* as supplemental authority. *See In re PG&E Corp. Sec. Litig.*, No. 5:18-cv-03509 (N.D. Cal. Mar. 24, 2023), at ECF No. 212.

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)]

4

Case: 19-30088   Doc# 14074   Filed: 10/16/23   Entered: 10/16/23 14:29:52   Page 5 of 8

If *Barnes* is any guide, this Court will be called on to consider numerous thorny issues of substantive federal securities law in connection with Reorganized Debtors' motion to dismiss PERA's class complaint. None of these issues arise under the Bankruptcy Code.

Similarly, if the motions to dismiss filed in the District Court by Non-Debtor Defendants are any guide, this Court will be called on to consider novel issues regarding the element of falsity, such as whether investigative findings regarding PG&E's probation violations are sufficient to render the alleged misstatements materially false and misleading when made. In addition, the Non-Debtor Defendants have raised numerous other substantive issues of federal securities law, such as:

- Scienter, including whether California's inverse condemnation law's imposition of strict liability for property damage from the wildfires caused by PG&E, can support an inference of scienter pursuant to the Supreme Court's ruling in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007);

- Whether PERA's class complaint sufficiently alleges the "maker" of the alleged misstatements under *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011);

- Whether Items 303 (17 C.F.R. § 229.303) and 105 (17 CFR § 229.105) of SEC Regulation S-K create a duty to disclose pursuant to Section 11 of the Securities Act;

- When the statute of limitations period begins to run for Section 11 claims under the Securities Act; and

- Loss causation.

It also remains to be seen what, if any, impact the logic of the Supreme Court's decision in *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1963 (2021), will have at the pleading stage.[8]

Securities Plaintiffs believe it would be appropriate to withdraw the reference with respect to any motion to dismiss the claims alleged in PERA's class complaint if its resolution would require

---

[8] Reorganized Debtors misconstrue the *Goldman* decision, hyperbolically arguing that class certification discovery will be especially significant here because "PERA will have to provide evidence connecting the investment decisions of [] diverse claimants to show that each class member relied on the same allegedly misleading disclosures, and the Reorganized Debtors' due process rights allow them to challenge that evidence." ECF No. 14070 at 10. But that is an egregious misstatement of the law, as neither *Goldman* nor any other case requires a class representative to prove reliance on each alleged misstatement by each member of the putative class. Such a rule would defeat the purpose of class actions in the securities context.

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)] 5

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 6 of 8

this Court engage in such "substantial and material consideration of the federal securities laws rather than a simple application thereof." *See In re Rannd Res., Inc.*, 175 B.R. 393, 396 (D. Nev. 1994) (finding that withdrawal of an adversary proceeding was mandated where it would "require application of the federal securities laws" and where, "[a]fter a review of the Complaint, as well as the on the record adduced, the Court finds that consideration of these issues will likely require substantial and material consideration of the federal securities laws rather than a simple application thereof"); *see also In re Daisy Sys. Sec. Litig.*, 132 B.R. 752, 755–56 (N.D. Cal. 1991) (reasoning that, where the bankruptcy court "must evaluate the relative merits of the lawsuits" and "this evaluation cannot be accomplished without considering federal securities laws, this court must withdraw the reference").[9]

In light of these considerations, PERA's proposed schedule contemplated that PERA and Reorganized Debtors would move jointly for withdrawal of the reference with respect to Reorganized Debtors' motion to dismiss the claims alleged in PERA's class complaint before Reorganized Debtors prematurely terminated the meet and confer process. However, PERA intends to move to withdraw the reference with respect to any such claims.

Meanwhile, while Reorganized Debtors' motion to dismiss PERA's class complaint is decided, whether by this Court or the District Court, nothing requires this Court to await the outcome of that motion before briefing and adjudication of class certification. Rather than delay class certification as the Reorganized Debtors suggest, the law provides that a court "must" determine class certification at "an early practicable time." *See* Bankruptcy Rule 7023 (providing for the application of Federal Rule of Civil Procedure 23).[10] PERA respectfully suggests that time is now.

---

[9] In addition, the District Court has the discretion to withdraw the reference *sua sponte*. 28 U.S.C. § 157(d) (authorizing district court to withdraw reference on its own motion or motion of any party for cause); *see also In re Harrah's Ent., Inc. Sec. Litig.*, No. CIV.A. 95-3925, 1996 WL 684463, at *3 (E.D. La. Nov. 26, 1996) (holding, in a federal securities case against non-debtor defendants, that the district court "would be the more appropriate forum for resolution of the underlying dispute rather than the bankruptcy court").

[10] *See also* Fed. R. Civ. P. 23 (c)(1)(A) ("*Time to Issue.* At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.").

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)]

6

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 7 of 8

### III. Conclusion

For the foregoing reasons, PERA respectfully requests that the Court adopt its proposed schedule.

Dated: October 16, 2023

Respectfully submitted,

**MICHELSON LAW GROUP**

By: /s/ Randy Michelson
Randy Michelson (SBN 114095)
*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and –

**LABATON SUCHAROW LLP**
*Lead Counsel to Securities Lead Plaintiff and the Class*

- and -

**LOWENSTEIN SANDLER LLP**
*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**
*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**
*Additional Counsel for the Securities Act Plaintiffs*

SECURITIES PLAINTIFFS' RESPONSE TO REORGANIZED DEBTORS' PROPOSED CLASS CERTIFICATION BRIEFING AND DISCOVERY SCHEDULE [CASE NO. 19-30088 (DM) (LEAD CASE)]  7

Case: 19-30088    Doc# 14074    Filed: 10/16/23    Entered: 10/16/23 14:29:52    Page 8 of 8