KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION TO MODIFY SCHEDULE FOR DISCOVERY AND MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO CLAIM OF AMIR SHAHMIRZA AND KOMIR, INC.**<br><br>[Related to Dkt. Nos. 12130 and 13921] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), on the one hand, and Creditors Amir Shahmirza (Agent for Komir, Inc.) and Komir, Inc. (together, "**Shahmirza**," and, collectively with the Reorganized Debtors, the "**Parties**" and each, a "**Party**") on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On March 20, 2019, Amir Shahmirza filed proof of claim number 2090 in the Chapter 11 Cases.

B. On April 8, 2022, the Reorganized Debtors filed the *Reorganized Debtors' Objection to Proof of Claim No. 2090 Filed by Amir Shahmirza* (the "**Objection**") [Docket No. 12130].

C. On January 31, 2023, Amir Shahmirza (as agent of, and acting on behalf of, Komir, Inc.) filed proof of claim number 109855 in the Chapter 11 Cases, amending proof of claim number 2090.

D. On June 12, 2023, the Court issued its *Memorandum Decision on Motion for Partial Summary Judgment and Counter-Motion for Summary Judgment* [Dkt. No. 13832] and corresponding *Order Granting Motion for Partial Summary Judgment* [Dkt. No. 13833] and *Order Denying Counter-Motion for Summary Judgment* [Dkt. No. 13834].

E. On July 11, 2023, the Court held a status conference on the Objection.

F. On July 25, 2023, upon the stipulation filed by the Parties [Dkt. No. 13920], the Court entered the *Order Approving Stipulation Regarding Schedule for Discovery and Motion for Summary Judgment on Objection to Claim of Amir Shahmirza and Komir, Inc.* [Dkt. No. 13921] (the "**Scheduling Order**") setting forth a schedule for discovery and briefing for a second motion for summary judgment by Shahmirza.

G. On September 5, 2023, Shahmirza filed the *Claimant's Second Motion for Partial Summary Judgment of Issues in Reorganized Debtors['] Objection to Claim #2090 and Claimant's Response Thereto* (the "**Shamirza MSJ**") [Dkt. No. 14007].

H. The Parties have conferred further regarding discovery and briefing for the Shahmirza MSJ and agree to modify the schedule as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Scheduling Order is modified, as provided herein:

    a. The Reorganized Debtors shall file a response to the Shahmirza MSJ by November 3, 2023.

    b. Shahmirza shall file a reply in support of the Shahmirza MSJ by December 1, 2023.

2. The Scheduling Order, as modified in any Order approving this Stipulation, remains subject to adjustment by agreement between the parties with Court approval, or by order of the Court upon good cause shown.

3. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

4. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect.

Dated: October 24, 2023

| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>ROVENS & LAMB LLP<br>LAW OFFICES OF JENNIFER L. DODGE, INC. | COHEN AND JACOBSON, LLP |
| */s/ Thomas B. Rupp*<br>Thomas B. Rupp<br>*Attorneys for Debtors and Reorganized Debtors* | */s/ Lawrence A. Jacobson*<br>Lawrence A. Jacobson<br>*Attorneys for Amir Shahmirza (Agent for Komir, Inc.) and Komir, Inc.* |