WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' TWENTY-SEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (VOLUNTARY RELEASE AND SECURITIES ADR NO LIABILITY CLAIMS)**<br><br>**Response Deadline: November 21, 2023, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: **December 5, 2023, 10:00 a.m. (PT)**<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release And Securities ADR No Liability Claims)* (the "**Objection**") based on two independent grounds with respect to each of the proofs of claim identified in **Exhibit 1** annexed hereto (the "**Released and No Liability Claims**"): (1) each of the securities claimants listed in **Exhibit 1** (the "**Claimants**") voluntarily released their Securities Claims by voting to opt into the release in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (together with any exhibits or schedules thereto, the "**Plan**"), as confirmed by the Court's June 20, 2020 Order (the "**Confirmation Order**") [Dkt. No. 8053]; and (2) each of the Claimants have failed to respond to settlement offers pursuant to the Court's ADR Procedures Order (as defined below). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Robb McWilliams and Craig E. Johnson, each dated October 24, 2023, in support of the Objection (the "**McWilliams Declaration**" and "**Johnson Declaration**," respectively).

As part of the voting on the Plan, holders of claims[1] and/or interests[2] in PG&E had the opportunity to separately vote on accepting or rejecting the Plan as well as whether to voluntarily opt into the release provisions of the Plan. The Plan expressly provides in Section 1.180 (the definition of "Releasing Parties") that the holders of "a Claim or Interest that is solicited and voluntarily indicates on

[1] Section 1.25 of the Plan defines "Claim" to have the same meaning set forth in Section 101(5) of the Bankruptcy Code.

[2] Section 1.130 of the Plan defines "Interest" to mean "(a) any equity security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, including all units, shares, common stock, preferred stock, partnership interests, or other instrument evidencing any fixed or contingent ownership interest in any Debtor, including any option, warrant, or other right, contractual or otherwise, to acquire any such interest in a Debtor, whether or not transferable and whether fully vested or vesting in the future, that existed immediately before the Effective Date and (b) any Claim against any Debtor subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to any of the foregoing."

a duly completed Ballot submitted on or before the Voting Deadline that such holder opts into granting the releases set forth in Section 10.9(b) of the Plan to the extent permitted by applicable law," are Releasing Parties under the Plan. The release set forth in Section 10.9(b) of the Plan and Paragraph 56 of the Confirmation Order (the "**Plan Release**") then expressly provides that these parties release the Debtors and Reorganized Debtors from "any and all claims . . . based on or relating to . . . the purchase, sale or rescission of the purchase or sale of any security of the Debtors . . . ." Each of the Claimants voluntarily completed a ballot in connection with the vote on the Plan and elected to opt into Section 10.9(b) of the Plan. *See* Johnson Declaration at ¶ 8. Thus, the Released and No Liability Claims have been expressly released under the Plan.

In addition, the Released and No Liability Claims should be independently expunged and disallowed on the ground that the Claimants have failed to respond to settlement offers made pursuant to the Court's January 25, 2021 *Order Approving Securities ADR And Related Procedures For Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities ADR Procedures Order**") notwithstanding multiple efforts by the Reorganized Debtors and their advisors to notify the Claimants of the offers and to encourage them to respond as contemplated by the procedures approved by the Court. The Objection provides another, and final, opportunity for Claimants to accept the offers made by the Reorganized Debtors: for any claimant who accepts an outstanding offer prior to a court order disallowing and expunging their proof of claim, the Reorganized Debtors will withdraw the Objection as to their claim.[3] Regarding the failure to respond to settlement offers, the Court has twice granted nearly identical relief with respect to securities claims. *See Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Second Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 13981]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection*

[3] Even though the Objection seeks disallowance on the separate and independent ground of release, if a Claimant accepts the outstanding offer, the Reorganized Debtors will withdraw the entire Objection as to that claim or those claims. However, if a Claimant responds to the offer, but does not accept it, the Reorganized Debtors will withdraw the Objection based on failure to respond to the offer, but will continue to press the grounds of release.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*(Securities ADR No Liability Claims)* [Dkt. No. 14080]. The Court has also on multiple occasions granted the same relief with respect to the general unsecured claims. *See* Dkt. Nos. 10864, 11321, 11431, 12652.

Accordingly, all Released and No Liability Claims should be expunged and disallowed, as requested herein.

## I. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Court entered an order setting a bar date to file proofs of claim. *See Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time (the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code).

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 solely with respect to certain claimants (their claims, the "**Securities Claims**") who the Court determined were "known creditors" that purchased or acquired certain of the Debtors' publicly held debt and equity

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

securities during the period from April 29, 2015 through November 15, 2018, inclusive, and who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities. *See* Dkt No. 5943.

The Court approved, among other things, by Order dated March 17, 2020, comprehensive voting and Plan solicitation procedures. *See Debtors' Plan Solicitation And Voting Procedures [And] . . . Forms Of Ballots, Solicitation Packages, And Related Notices* [Dkt. No. 6340] (the "**Plan Solicitation Order**"). Specifically, the Plan Solicitation Order approved the procedures for soliciting and tabulating votes, the form of the ballots, and confirmed that "all voting procedures provided therein, . . . comply with the requirements of Bankruptcy Rule 3017(d) . . . ." The Plan Solicitation Order required Debtors to distribute to all claimants who held "Claims and Interests in the Voting Classes," solicitation packages containing "i. [a] copy of th[e March 17, 2020] Order; ii. [t]he Confirmation Hearing Notice; iii. [t]he Disclosure Statement (with the Plan annexed thereto); and iv. [a]n appropriate form of Ballot(s) with respect to the Plan and appropriate return envelope with prepaid postage." Debtors' solicitation agent distributed copies of the solicitation packages, including applicable ballots, to claimants who held claims and interests in the voting classes. *See* Johnson Declaration at ¶ 5. The ballot process commenced on March 30, 2020, and was substantially completed on or about April 8, 2020. *See id.* The solicitation packages included ballots titled "Optional Release Election" (the "**Optional Release Election Ballot**"). The Optional Release Election Ballot offered claimants the opportunity to opt into the releases contained in Section 10.9(b) of the Plan. *Id.* at ¶ 6. The solicitation agent then validated and tabulated the Optional Release Election Ballots returned by claimants pursuant to the vote tabulation procedures. *See Declaration Of Christina Pullo Of Prime Clerk LLC Regarding Solicitation Of Votes And Tabulation Of Ballots Cast With Respect To the Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization* [Dkt. No. 7507].

By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

## III. RELIEF REQUESTED

The Reorganized Debtors file the Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Bankruptcy Local Rule 3007-1, and the Securities ADR Procedures Order, seeking entry of an order disallowing and/or expunging the proofs of claims identified in the column headed "Claim(s) to be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## IV. ARGUMENT

Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.C (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures (as well as Bankruptcy Rule 3007(d)), objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed on some common basis under applicable bankruptcy or non-bankruptcy law. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection.

The Objection sets forth two independent and individually sufficient bases for expunging and/or disallowing the Released and No Liability Claims: first, Claimants who opted into the releases set forth in Section 10.9(b) of the Plan are "Releasing Parties" under the Plan and ¶ 56 of the Confirmation Order, and therefore released their Securities Claims under the plain language of the Plan release; second, Claimants, despite receiving notice on multiple occasions from the Reorganized Debtors, have failed to engage in the offer and settlement process approved by the Court and set forth in the Securities ADR Procedures Order.

### A. Claimants Released Their Securities Claims

The Claimants all voluntarily indicated on a duly completed ballot, submitted on or before the Voting Deadline, that they were opting into the releases in Section 10.9(b) of the Plan. *See* Johnson Declaration at ¶ 8. Section 1.180 of the Plan defines the term "Releasing Parties" to include "(c) any

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

holder of a Claim or Interest that is solicited and voluntarily indicates on a duly completed Ballot submitted on or before the Voting Deadline that such holder opts into granting the releases set forth in Section 10.9(b) of the Plan to the extent permitted by applicable law." Thus, all the Claimants are "Releasing Parties" under the Plan.

Releasing Parties released the Reorganized Debtors under the Plan. *See* Section 1.179 of the Plan (defining "Released Parties" as, among others, "the Debtors and Reorganized Debtors"). Pursuant to Section 10.9(b) of the Plan and ¶ 56 of the Confirmation Order:

> "**the Released Parties, are deemed forever released** and discharged, to the maximum extent permitted by law and unless barred by law, **by the Releasing Parties from any and all claims,** interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, **based on or relating to, or in any manner arising from**, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors,** the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan . . . ."

(emphasis added). The Plan Release states that the Reorganized Debtors and Debtors are released "by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever . . . based on or relating to, or in any manner arising from . . . the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan." Indeed, as this Court has previously found, Section 10.9(b) does not have any "limitation on the extent and breadth of what has been released." *In re PG&E Corp.*, No. 19-30088, 2020 WL 9211213, at *3 (Bankr. N.D. Cal. Oct. 22, 2020). As such, stated above, the Released and No Liability Claims plainly fall within the broad purview of the release under the Plan and Confirmation Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Claimants, identified in **Exhibit 1**, have released their claims against the Debtors and Reorganized Debtors and the Court should disallow and expunge the claims that are subject to the Objection.

**B. Claimants Have Failed to Comply With the Securities ADR Procedures Order**

Though the above basis for the Objection is sufficient for the Court to expunge the Released and No Liability Claims, there is an alternative and independently sufficient basis for the Court to expunge the claims. Under Section IV.E of the Securities ADR Procedures Order, the Bankruptcy Court may "disallow and expunge" securities claims for failure to comply with the Securities ADR Procedures Order. The Claimants have failed to respond to offers to settle made by the Reorganized Debtors pursuant to the Securities ADR Procedures.

Specifically, the Claimants have failed to comply with Section II of the Securities ADR Procedures Order (the "**Offer Procedures**") by not responding to settlement offers, despite multiple follow-up attempts by the Reorganized Debtors. The Reorganized Debtors sent each Claimant an "Offer Notice", including a settlement offer, pursuant to the Offer Procedures, and specifically the Securities ADR Procedures at Section II.A. The Offer Notice provided each Claimant with detailed instructions on how to respond to the settlement offer, including through the Securities Claims Settlement Portal, by email, or by mail. The Offer Notice also instructed each Claimant that the Securities ADR Procedures Order requires the Claimant to accept or reject the settlement offer, or make a counteroffer, by the Settlement Response Deadline, which is "no later than thirty-five (35) days after the mailing of the Offer Notice." *Id.* After the settlement offers were issued, if a Claimant set forth a valid telephone number in their proof of claim, AlixPartners attempted reminder calls to each such Claimant to notify them of the settlement offer.

Where a Claimant failed to respond to the Settlement Offer by the Settlement Response Deadline, if the Claimant listed a valid email on their proof or proofs of claim, AlixPartners sent such Claimant an offer reminder (the "**Offer Notice Reminder**") by email. AlixPartners sent, to 18 of the 21 Claimants, at least two email reminders notifying those Claimants of the pendency of their settlement offers. AlixPartners made follow-up phone calls to 15 of the Claimants, including the three who did not receive

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

email reminders, to notify those Claimants of the pendency of their settlement offers.[4] In addition, AlixPartners sent a hardcopy mailing to 12 Claimants notifying them of the pendency of their settlement offers.[5] These reminder communications provided each Claimant with detailed instructions on how to respond to the settlement offer, including through the Securities Claims Settlement Portal, by email, or by mail. These reminder communications also notified each Claimant that the Securities ADR Procedures Order requires the Claimant to accept or reject the settlement offer, or make a counteroffer to the settlement offer.

The Reorganized Debtors did not receive an acceptance, rejection, or counteroffer, by the Settlement Response Deadline, nor have they received any acceptance, rejection, or counteroffer up until the date of the filing of this Objection, with respect to any of the Released and No Liability Claims. The Reorganized Debtors have provided ample opportunity for these Claimants to respond to settlement offers. The Reorganized Debtors thus request that, on this basis alone, the Released and No Liability Claims be disallowed and expunged. As noted above, the Court has previously disallowed and expunged claims on this precise basis (*see* Dkt Nos. 13981, 14080) and on numerous instances under the General ADR Procedures (*see* Dkt Nos. 10864, 11321, 11431, 12652) and should do so here as well. Should any Claimant come forth in response to this Objection by accepting the offer by the Reorganized Debtors, the Reorganized Debtors will withdraw the entire Objection as to that Claim.[6]

---

[4] The six Claimants who did not receive a follow-up call from AlixPartners, received at least four reminder emails. Three of these Claimants also received hardcopy mailings of their settlement offers.

[5] Nine Claimants did not receive a hardcopy mailing because their offers were already at least one year old and AlixPartners had already provided these Claimants multiple reminders of the pendency of their Settlement Offers.

[6] In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto provides the following information: (i) an alphabetized list of the Claimants whose Released and No Liability Claims are subject to this Objection; (ii) the claim numbers of the Released and No Liability Claims that are the subject of this Objection; (iii) the amount of the claim asserted in each Released and No Liability Claim, or a statement that the Released and No Liability Claim seeks an unliquidated amount; and (iv) the grounds for this Objection. The Reorganized Debtors will provide notice to the Claimants, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Released and No Liability Claims listed in the Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claim filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Reorganized Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Released and No Liability Claims on any other grounds. *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.J.

## VI. NOTICE

Notice of this Objection will be provided to (i) the Claimants; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) disallowing and expunging the Released and No Liability Claims listed on **Exhibit 1** hereto, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: October 24, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119