1

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

2

3

4

5

6

7

*Attorneys for Debtors and Reorganized Debtors*

8

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

9

10

11

12

**In re:**

13

**PG&E CORPORATION,**

14

**- and -**

15

**PACIFIC GAS AND ELECTRIC COMPANY,**

16

**Debtors.**

17

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

18

19

20

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

21

22

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' TWENTY-SEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (VOLUNTARY RELEASE AND SECURITIES ADR NO LIABILITY CLAIMS)**

Date:     December 5, 2023
Time:    10:00 a.m. (Pacific Time)
Place:    (Tele/Videoconference Appearances Only)
             United States Bankruptcy Court
             Courtroom 17, 16th Floor
             San Francisco, CA 94102

23

24

25

26

27

28

I, Robb McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Partner and Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release And Securities ADR No Liability Claims)* (the "Omnibus Objection"), filed contemporaneously herewith.[1]

2. In my current position, I am responsible for overseeing the bankruptcy case management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My areas of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims, and (b) providing support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel and the Reorganized Debtors' various advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Reorganized Debtors.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

WEIL:\99392458\3\67613.0015

3.     The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4.     As part of the claims review and reconciliation process, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which Claimants have not complied with the Securities ADR Procedures Order by failing to respond to offers made pursuant to the Offer Procedures of the Securities ADR Procedures – even after a significant number of reminders and outreach by the Reorganized Debtors and their advisors.

5.     The Omnibus Objection is directed to Proofs of Claim identified in **Exhibit 1** attached thereto, in the column headed "Claims to Be Disallowed and Expunged," and referred to in the Omnibus Objection as "Voluntary Release and Securities ADR No Liability Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

6.     The Reorganized Debtors sent each of the Claimants listed in **Exhibit 1** a Settlement Offer pursuant to the Offer Procedures, and specifically the Securities Procedures at Section II.A. The Settlement Offer provided each Claimant with detailed instructions on how to respond to the Settlement Offer, including through the Securities Claims Settlement Portal, by email, or by mail. The Settlement Offer notified each Claimant that the Securities ADR Procedures Order requires the Claimant to accept, reject, or make a counteroffer by the Settlement Response Deadline. After the Settlement Offers were issued, if a Claimant set forth a valid telephone number in their proof of claim, AlixPartners attempted a reminder call to most such Claimants by phone to notify them of the settlement offers. Of the 21 Claimants listed in **Exhibit 1**, AlixPartners was

WEIL:\99392458\3\67615.0015

unable to reach six Claimants by phone. Each of these six Claimants received at least four reminder email notifications and three also received a hardcopy mailing of the settlement offer.

7. Also, if a Claimant listed a valid email address on their proof of claim, AlixPartners sent the Claimant an offer reminder (the "Offer Notice Reminder") by email. AlixPartners sent at least two reminder emails regarding the pendency of the settlement offers to 18 of the Claimants listed in **Exhibit 1**. The three Claimants who did not receive a reminder email, received a follow up phone call. Further, 12 Claimants received hardcopy mailings to inform them of their outstanding settlement offers.[2] These reminder communications provided each Claimant with detailed instructions on how to respond to the Settlement Offer, including through the Securities Claims Settlement Portal, by email, or by mail. These reminder communications also informed each Claimant that the Securities ADR Procedures Order requires the Claimant to accept, or reject the offer, or make a counteroffer, no later than thirty-five (35) days after the mailing of the Offer Notice (the "**Settlement Response Deadline**").

8. In accordance with the Securities ADR Procedures Order, the response to the settlement offer must be received by the Reorganized Debtors by the Settlement Response Deadline. The Reorganized Debtors did not receive an acceptance, rejection, or counteroffer by the Settlement Response Deadline, nor have they received any acceptance, rejection, or counteroffer up until the date of the filing of this Objection, with respect to any of the Claims identified on **Exhibit 1**.

*[Remainder of Page Intentionally Left Blank]*

---

[2] Nine Claimants listed in **Exhibit 1** did not receive a hardcopy mailing because their offers were already at least one year old and AlixPartners had already provided these Claimants multiple reminders of the pendency of their Settlement Offers.

WEIL:\99392458\3\67815.0015

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

2    and correct to the best of my knowledge, information, and belief.

3

4    Executed October 24, 2023 in Dallas, Texas.

5

6                                         */s/ Robb McWilliams*
                                          Robb McWilliams
7                                          Managing Director

WEIL:\99392458\3\67815.0015