Exhibit C

Recording Requested by:
Commonwealth Land Title Company

WHEN RECORDED MAIL TO:
KOMIR, INC.
10 ROLLINS ROAD
SUITE 217
MILLBRAE, CA 94030

```
DOC # 2000-150010
12/18/2000 01:24P DE  Fee:13.00
           Page 1 of 3
Recorded in Official Records
    County of San Mateo
      Warren Slocum
Assessor-County Clerk-Recorder
Recorded By KOMIR INC
```

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

APN: 020-155-030
JPN: 092-001-010-32A
TITLE NO.: 79530297
ESCROW NO: 79530297

The undersigned Grantor(s) declare(s) that the DOCUMENTARY TRANSFER TAX IS: $ 0    County $ _____ City
X Computed on the consideration or value of property conveyed; OR
__ Computed on the consideration or value less or encumbrances remaining at time of sale.
DEED ONLY TO CORRECT LEGAL-NO CONSIDERATION

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
NIEL F. HILDEBRAND JR. & MELANIE M. HILDEBRAND, HUSBAND AND WIFE, AS COMMUNITY PROPERTY
hereby GRANT(S) to
KOMIR, INC.
all the real property situated in the City of San Bruno, County of San Mateo, State of California, described as:
SEE ATTACHED EXHIBIT "A"

DEED ONLY BEING RECORDED TO CORRECT LEGAL DISCRIPTION OF THE GRANT DEED RECORDER JULY 5, 2000 SERIS NO. 200081861

Dated: December 15, 2000

STATE OF CALIFORNIA       }ss
COUNTY OF  SAN MATEO      }
On DEC. 18, 2000 before me KRISTIN A SMITH

personally appeared  NIEL F. HILDEBRAND JR.
AND MELANIE H. HILDEBRAND
personally known to me or proved to me on this basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature  _____

MAIL TAX
STATEMENTS TO:  KOMIR, INC., SAME AS ABOVE

NIEL F. HILDEBRAND JR.

MELANIE M. HILDEBRAND

KRISTIN A. SMITH
COMM. # 1182315
NOTARY PUBLIC-CALIFORNIA
SAN MATEO COUNTY
COMM. EXP. MAY 3, 2002

(This area for official notarial seal)



## EXHIBIT "A"

Parcel One:

Commencing at the Northeasterly terminus of the course described as "North 84° 25' 53" East, 0.81 of a foot" in that 0.377 acre parcel of land conveyed to the City of San Bruno by Director's Deed No. DD-038619-01, recorded April 20, 1977 in Volume 7448 at page 455, Official Records of San Mateo County; said terminus being also on the San Bruno City Limits Line; thence along the Easterly prolongation of said course North 84° 25' 53" East, 114.19 feet; thence North 47° 43' 02" East, 36.80 feet; thence North 30° 41' 14" East, 9.30 feet; thence South 54° 44' 20" East, 122.08 feet; thence from a tangent that bears South 2° 45' 48" East, along a curve to the right with a radius of 499.96 feet, through an angle of 30° 28' 30", an arc length of 265.92 feet; thence South 27° 42' 42" West, 308.26 feet to the Southeasterly line of that certain parcel of land described as Parcel II, conveyed to City and County of San Francisco, a municipal corporation, by Director's Deed No. 2293-DD, recorded October 28, 1953, in Volume 2487, at page 143, Official Records of San Mateo County; thence along last said line and the general Westerly line of last said Parcel II (2293-DD) South 24° 50' 32" West, 101.57 feet, North 4° 38' 43" West, 190.93 feet, North 85° 21' 17" East, 15.33 feet and North 10° 51' 17" East, 129.71 feet to said San Bruno City Limits Line; thence along last said line North 4° 38' 43" West, 330.46 feet to the point of beginning.

Parcel Two:

Those certain rights as granted in that certain deed executed by State of California to Niel F. Hildebrand Jr. and Melanie M. Hildebrand, as community property, dated June 25, 1987 and recorded June 30, 1987, as Document No. 87101925, more particularly described as follows:

"Grantor further grants to grantee the right of ingress to and egress from said strip over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to grantor, provided that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said strip by any public road or highway, now crossing or hereafter crossing said lands.

Grantor shall have the right to use said strip for purposes not inconsistent with grantee's full enjoyment of the rights hereby granted, provided that grantor shall not erect or construct any building or other structure, or drill or operate any well, within said strip.

Grantee shall have the further right to install, maintain and use gates in all fences which now cross or shall hereafter cross said strip.

Grantee shall also have the right to mark the location of said strip by suitable markers, but said markers when set in the ground shall be placed in fences or other location which will not interfere with any reasonable use grantor shall make of said strip.

(legal description continued)

Grantee shall indemnify grantor against any loss and damage which shall be caused by the exercise of said ingress and egress, or by any wrongful or negligent act or omission of grantee or its agents or employees in the course of their employment.

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto."

APN: 020-155-030
JPN: 092-001-010-32A



2000-150010
12/18/2000 01:24P
DE Page 3 of 3