David Edward Martin, In Pro Se

3108 Aloha Lane

Chico, California, 95973

UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

Case No. 19 -30088 (DM) Chapter 11 (Lead Case) (Jointly Administered)

| In re: PG&E CORPORATION, | Case No.: 19 -30088 (DM) Chapter 11 |
|---|---|
| - and - | (Lead Case) (Jointly Administered) . |
| PACIFIC GAS AND ELECTRIC COMPANY, Bankruptcy Debtors. | [Assigned to: Judge Dennis Montali] |
| | Judicial Notice |
| | To the clerk of the Court: File on Demand' |
| | APPEARANCE BY AFFIDAVIT |
| | **Date:** 3 November, 2023 |

Affects PG&E Corporation  Affects Pacific Gas and Electric Company  Affects both Debtors

* All papers shall be filed in the Lead Case, No. 19-30088 (DM)

COMES NOW David Edward Martin to demand that the clerk perform only a

ministerial function, that the clerk not perform any tribunal

functions, and that the clerk refer the Judicial Notice

to the court for tribunal determination regarding the filing of

Said Judicial Notice.

I am a party in this action. I declare under penalty of perjury under

the laws of the State of California and Federal Government that the foregoing

allegations and statements are true and correct, except as to matters that are

stated on my information and belief, and as to those matters, I believe them

To be true.

This demand is made on the following authority of law:

The rules are clear that the clerk "must not refuse to file a paper solely because it is

not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5

(d)(4). The Fifth Circuit has held that "the clerk does not possess the power to reject a

pleading for lack of conformity with form requirements, and a pleading is considered

filed when placed in the possession of the clerk of the court." McClellon v. Lone Star

Gas Co., 66 F.3d 98, 101 (5th Cir. 1995). The Court has discretion, in the interest of

justice Fed. R. Bankr. P. 5005(c).

In re the Heritage Organization (Bankr. N.D. Tex., 2011)
"The actions of the court clerk's office are quite troubling. 'It is difficult enough to
practice law without having the clerk's office as an adversary.' (*Rojas v. Cutsforth*
(1998) 67 Cal.App.4th 774, 777 (*Rojas*).) Whether Voit's motion has legal merit is a
determination to be made by a judge, not the clerk's office. No statute, rule of court,
or case law gives the court clerk's office the authority to demand that a petitioner cite
or quote precedent before his motion will be filed.

"If a document is presented to the clerk's office for filing in a form that complies with the rules of court, the clerk's office has a ministerial duty to file it. (See *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1276.) Even if the document {Slip Opn. Page 3} contains defects, the clerk's office should file it and notify the party that the defect should be corrected. (See *Rojas, supra*, 67 Cal.App.4th at p. 777.) … By unilaterally refusing to file Voit's motion, the clerk's office prevented the court from applying this precedent, or any other relevant law, to Voit's particular circumstances. The clerk's office's actions violated Voit's rights under both the federal and state Constitutions to access the courts. (U.S. Const., 1st Amend.; Cal. Const., art. I, § 3.)" Voit v. Superior Court of Santa Clara Cnty. (Cal. App., 2011)

**November 3, 2023**

BY *David Edward Martin* (signature)
David Edward Martin