WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO TWENTY-SEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (VOLUNTARY RELEASE AND SECURITIES ADR NO LIABILITY CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>**[Related to Docket No. 14091]**<br><br>Date: December 5, 2023, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>  United States Bankruptcy Court<br>  Courtroom 17, 16th Floor<br>  San Francisco, CA 94102 |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release and Securities ADR No Liability Claims)* [Docket No. 14091] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim filed by Claimants who both (a) voluntarily released their Securities Claims[1] by electing to opt into the release in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (together with any exhibits or schedules thereto, the "**Plan**"), as confirmed by the Court's June 20, 2020 Order (the "**Confirmation Order**") [Dkt. No. 8053] and (b) failed to respond to settlement offers made by the Reorganized Debtors pursuant to the Court's ADR Procedures Order. The claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

Two Claimants whose claims are subject to the Objection filed responses to the Objection—one formally and one informally. Neither Claimant's response addressed the release ground of the Objection. On November 17, 2023, Claimant James M. Koury filed his response to the Objection. *See Response To Reorganized Debtors Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release And Securities ADR No Liability Claims)* [Dkt. No. 14141]. The Reorganized Debtors and Mr. Koury have now resolved his Securities Claim, Claim No. 98860. The Reorganized Debtors have therefore withdrawn the Objection as to Mr. Koury's Claim. On November 20, 2023, Claimant DuVal F. Dickey, Jr. copied counsel for the Reorganized Debtors on a letter addressed to the Court responding to the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings given to them in the Objection.

Objection. As of this filing, Mr. Dickey's letter has not been entered on the docket. Although Mr. Dickey's letter did not respond to the argument that he voluntarily released his Securities Claims against the Reorganized Debtors by electing to opt into the release in the Plan in connection with the confirmation of the Plan, the Reorganized Debtors are adjourning the Objection as to Mr. Dickey's Securities Claim to provide the Reorganized Debtors and Mr. Dickey the opportunity to resolve the claim.

In addition to the two Claimants who submitted formal or informal responses, a number of other Claimants have contacted the Reorganized Debtors with respect to either their Claim or the Objection. The Reorganized Debtors have now resolved certain of these Claims and the Reorganized Debtors are withdrawing the Objection with respect to these now-resolved Claims. Other Claimants have contacted the Reorganized Debtors in connection with the offers made pursuant to the ADR Procedures, but their Claims are not yet resolved. The Reorganized Debtors are adjourning the Objection with respect to these Claims.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Noteholder Securities Claims)* [Docket No. 14094] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release and Securities ADR No Liability Claims)* [Docket No. 14092] (the "**McWilliams Declaration**") and the *Declaration of Craig E. Johnson in Support of Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release and Securities ADR No Liability Claims)* [Docket No. 14093] (the "**Johnson Declaration**"). The Objection, the Notice of Hearing, and the McWilliams and Johnson Declarations were served as described in the Certificate of Service of Liz Santodomingo, filed on November 15, 2023 [Docket No. 14140] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received the following responses:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Koury, James M. | 98860 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Dickey Jr, DuVal F | 98864 | Claimant has informally responded to the Objection. The Reorganized Debtors are adjourning the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The adjournment is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

In addition, the following Claims are being withdrawn or adjourned for the reasons stated below:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Metzbower, Sarah | 100888 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Thomas and Julie Doyle Trust | 100516 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Simpson Jr., Melvin | 99833 | Claimant has contacted the Reorganized Debtors in response to the Objection but the claim has not yet been resolved. The Reorganized Debtors are adjourning the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The adjournment is without prejudice to the Reorganized Debtors' right to pursue the Objection on the basis that the Claimant voluntarily released the Claim. |
| Phillips, Cecilia J. | 99241 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Ashcraft, Nam | 97770 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Ruth Bragman Living Trust dated June 28, 1999 Ruth Bragman Trustee | 100196 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

| Claimant | Claim No. | Resolution |
|---|---|---|
| Doss, Michael P. | 99676 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Padgham, Richard C | 102903 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Spangler, Gary W | 103343 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Dorothy L. Freeman TTEE | 99698 | Claimant has contacted the Reorganized Debtors in response to the Objection but the claim has not yet been resolved. The Reorganized Debtors are adjourning the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The adjournment is without prejudice to the Reorganized Debtors' right to pursue the Objection on the basis that the Claimant voluntarily released the Claim. |
| The Sherwood Community Property Trust | 99705 | Claimant has contacted the Reorganized Debtors in connection with this claim but the claim has not yet been resolved. The Reorganized Debtors are adjourning the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The adjournment is without prejudice to the Reorganized Debtors' right to pursue the Objection on the basis that the Claimant voluntarily released the Claim. |
| Edward K. F. de Beixedon Trustees | 98518 | Claimant and Reorganized Debtors have resolved the claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

## **DECLARATION OF NO OPPOSITION RECEIVED**

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated December 1, 2023

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ Richard W. Slack
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*