| | |
|---|---|
| 1 | LAWRENCE A. JACOBSON, SBN 057393 |
| | SEAN M. JACOBSON, SBN 227241 |
| 2 | COHEN AND JACOBSON, LLP |
| | 66 Bovet Road, Suite 285 |
| 3 | San Mateo, CA 94402 |
| | Telephone: (650) 261-6280 |
| 4 | *laj@cohenandjacobson.com* |

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.) and Komir, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
|    - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES IN SUPPORT OF PG&E'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY ADJUDICATION** |
|    Debtors. | |
| G Affects PG&E Corporation | |
| G Affects Pacific Gas and Electric Company | |
| O Affects both Debtors | |
| | Date: **December 19, 2023** |
| | Time: **10:00 a.m.** |
| | Place: **(Tele/Videoconference Appearances Only)** |
| | **United States Bankruptcy Court** |
| | **Courtroom 17, 16th Floor** |
| | **San Francisco, CA 94102** |

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES**

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits below evidentiary objections to the Declaration of John Raines in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment. ("Raines Declaration").

Claimant submits the following Evidentiary Objections to both the entirety of the substantive portion of the Raines Declaration and to the specific statements presented below.

**A.    General Objections**

Claimant makes a general objection of relevancy to the evidence submitted, and specifically objects that nearly the entirety of the proffered evidence relates to ostensible distance measurements concerning an undefined "alignment" of the New Transmission Lines that is both without foundation as to the purported measurements and not relevant to the fact of the changes constituting the basis for Komir's revocation of consent.

With respect to the objection of relevance, the extensive testimony in the Raines Declaration concerning the general locational direction of the New Transmission Lines does not provide any genuine issue of factual dispute with regard to the total destruction of the Old Transmission Lines, the detachment of all six "circuits" and lines previously attached to those Old Transmission Lines, the relocation of the New Transmission Towers laterally and 15' to 20' closer to the Komir Property, and the attachment of lines to the new towers at new locations at new heights.

With respect to lack of foundation, Declarant Raines does not state that he has ever visited the site or actually conducted any measurements of any heights, whether of towers, bars, or transmission lines, but states only that he examined unauthenticated LiDaR "scans" from 2012 and 2022 with no predicate foundation as to the purpose of those "scans," the qualifications of the persons preparing them, the purpose of the "scans," the acceptable degree of error for whatever may have been its purpose, or any other informative data.

With respect to the Raines Declaration being offered in violation of the Sham Affidavit Rule, Claimant notes the following:

1. Mr. Raines has not performed any prior role relative to the controversy between Claimant and PG&E. This is his first appearance.

2. Mr. Raines was not employed by PG&E until March, 2020, i.e., 2 years after the removal and reconfiguration of the towers and lines, when he began working as a field engineer.

3. Only in January, 2023, did Mr. Raines begin working as a Transmission Line Design Engineer with duties concerning 3D modeling.

4. Mr. Raines earned his Bachelor's degree in 2008, i.e., five years ago.

5. Mr. Raines does not state that he ever visited the Komir Property or performed any measurements at the property so presumably he did neither.

6. Notwithstanding the foregoing, Mr. Raines expresses opinions such as "there has been virtually no change in the alignment of the Transmission Lines as it extends across the Komir Property," albeit without any definition of "alignment," and without foundation to testify pursuant to Federal Rules of Evidence, Rules 701 and 702.

These attributes of the Raines Declaration indicate its submission as being an attempt to create the appearance of disputed facts for the purpose of avoiding summary adjudication.

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES** 3

B. **Specific Objections**

| Objection | Ground for Objection |
|---|---|
| 1. Entire Declaration of John Raines | (a) The content of the Declaration is irrelevant. Federal Rules of Evidence, Rules 401 and 402. (The Federal Rules of Evidence shall be referred to as "FRE")<br><br>(b) The Declaration violates the Sham Affidavit Rule and may be ignored. (See accompanying Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |
| 2. Declaration of John Raines, paragraphs 9 through 16 in their entirety including the exhibits referenced in those paragraphs. | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401 and 402)<br><br>(b) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(c) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3))<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(d) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES**

4

| | |
|---|---|
| 3. Declaration of John Raines, paragraphs 9 through 12, inclusive, and Exhibit A. | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines.<br><br>(b) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(c) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(e) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| 4. Declaration of John Raines, paragraph 13. | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401 and 402)<br><br>(b) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(c) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(e) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| 5. Declaration of John Raines, paragraph 13, pate 3, lines 21 through 24. | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401, 402)<br><br>(b) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(c) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(e) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| 6. Declaration of John Raines, paragraph 14 | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401, 402)<br><br>(b) The statements in this paragraph concerning the lowest height of the line have no foundation and conflict with matters that may be judicially noticed, namely that the transmission lines attached on bars on the towers with lower heights would themselves be lower to the ground. (FRE 201)<br><br>(c) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(e) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(f) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br>Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| Declaration of John Raines, paragraph 14, page 4, lines 14 through 18 | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines.(FRE 401, 402)<br><br>(b) The statements in this paragraph concerning the lowest height of the line have no foundation and conflict with matters that may be judicially noticed, namely that the transmission lines attached on bars on the towers with lower heights would themselves be lower to the ground, and not higher from the ground. (FRE 201)<br><br>(c) Declarant Raines makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon unauthenticated 2012 and 2022 "scans" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property. (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(e) The statements of Declarant Raines lack foundation as they rely upon 2012 and 2022 "scans" as being business records without compliance with the hearsay exception therefor. FRE 803(6)<br><br>(f) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities) |

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES**  9

| | |
|---|---|
| Declaration of John Raines, paragraph 16 | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401, 402)<br><br>(b) Declarant Raines makes the statements therein as expression of expert opinions without foundation. (FRE 701, 702).<br><br>(c) Declarant Raines makes the statements of expert opinion concerning "general alignment" with no foundation as to the meaning of "general alignment."  (FRE 701, 702).<br><br>(d) The statements of Declarant Raines lack foundation as they rely upon unauthenticated "engineering drawings" with no testimony concerning the preparation or reliability of those reference documents and with no personal knowledge of the towers, lines, or Komir Property.  (FRE 601 and California Evidence Code §702), FRE 901, including 901(b)(3)).<br><br>(e)  The statements of Declarant Raines lack foundation as they rely upon engineering drawings as being business records without compliance with the hearsay exception therefor.  FRE 803(6)<br><br>(f) The statements therein are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities) |
| Declaration of John Raines, all references to the location of the High Voltage Transmission Lines, including paragraphs 13, 14, and 16 as purportedly plotted on the respective Exhibits. | Declarant Raines is not a licensed surveyor and not competent to prepare surveys of real property or the incidents thereof. (Business & Professions Code §8761) |

Respectfully submitted.

Dated: December 1, 2023                         COHEN AND JACOBSON, LLP


By:   /s/ Lawrence A. Jacobson
          Lawrence A. Jacobson

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOHN RAINES**       10

Case: 19-30088    Doc# 14157-3    Filed: 12/01/23    Entered: 12/01/23 14:46:13    Page 10 of 10