| | |
|---|---|
| 1 | LAWRENCE A. JACOBSON, SBN 057393 |
| 2 | SEAN M. JACOBSON, SBN 227241<br>COHEN AND JACOBSON, LLP |
| 3 | 66 Bovet Road, Suite 285<br>San Mateo, CA 94402 |
| 4 | Telephone: (650) 261-6280<br>laj@cohenandjacobson.com |
| 5 | Attorneys for Amir Shahmirza |
| 6 | (Agent for Komir, Inc.) and Komir, Inc. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL SOSINSKI FILED IN SUPPORT OF PG&E'S OPPOSITION TO CLAIMANT'S SECOND MOTION FOR PARTIAL SUMMARY ADJUDICATION** |
| Debtors. | |
| G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | |
| | **Date:** December 19, 2023<br>**Time:** 10:00 a.m.<br>**Place:** (Tele/Videoconference Appearances Only)<br>**United States Bankruptcy Court**<br>**Courtroom 17, 16th Floor**<br>**San Francisco, CA 94102** |

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL SOSINSKI**

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits below evidentiary objections to the Declaration of Michael Sosinski in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment. ("Sosinski Declaration").

Claimant submits the following Evidentiary Objections to both the entirety of the substantive portion of the Raines Declaration and to the specific statements presented below.

### A.     General Objections

Claimant makes a general objection of relevancy to the evidence submitted, and specifically states that nearly the entirety of the proffered evidence relates to the subject of undefined "alignment" and to speculative opinions and conclusions expressed without foundation and without any qualification of the witness to testify pursuant to Federal Rules of Evidence, Rules 701 and 702.

While the Declarant recites that he has personal knowledge of the "facts set forth in this declaration," the Sosinski Declaration states as to the Declarant's personal knowledge only that he is "familiar with the transmission facilities at the PG&E San Bruno Transmission Station and the transmission lines..." Mr. Sosinski does not state that he had or has any personal involvement in any aspect of the destruction of the Old Transmission Towers and the detachment of the lines therefrom, the construction of the New Transmission Towers at new locations, or the attachment of the New Transmission Lines to the New Transmission Towers.

Claimant further objects to the Sosinski Declaration on the grounds of relevance with respect to the statements concerning the "significance" of the High Voltage Transmission Lines, of ostensible "engineering and construction challenges," or cost of relocation as those statements do not provide any probative value as to whether PG&E has any legal right to occupy the space.

Claimant further objects to the Sosinski Declaration as constituting vague speculation concerning the purported consequences of relocation with no foundational basis for such statements that are unsupported by any facts.

As to both the rendering of purported expert opinions without foundation and to the

speculative nature of the statements in the Sosinski Declaration, Claimant further objects for lack of competence as the Declarant describes his role with PG&E as being an engineer "overseeing the execution of all Transmission design aspects..." of project portfolios and not as being risk management, public safety or disaster recovery.

With respect to the Sosinski Declaration being offered in violation of the Sham Affidavit Rule, Claimant notes the following:

1. As with Mr. Raines, the filing of the Sosinski Declaration is the first appearance of Mr. Sosinski in any respect with regard to the issues concerning the transmission lines.

2. The Sosinski Declaration is inherently contradictory in two respects:

    (a) it ignores the fact that in 2018 PG&E did exactly what Mr. Sosinski posits as the basis for his parade of horribles, namely, "interrupted" the circuits and "fractur[ed]" the infrastructure with the destruction of the Old Transmission Towers and

    (b) The exhibit refutes the statement that the "Caltrans right-of-way to the east (Highway 101) is fully occupied with infrastructure ..." as the graphic shows substantial unimproved areas to the east of the Komir Property.

3. More specifically, while the Sosinski Declaration states that "Fracturing the transmission infrastructure at this location would create maintenance and disaster recovery complications that would have untold implications to system security, reliability and customers," the Sosinski Declaration ignores the admitted fact that in 2018 PG&E "fractur[ed] the transmission infrastructure..." by destroying the Old Transmission Towers and detaching the Old Transmission Lines.

4. While Mr. Sosinski styles himself as an engineer "overseeing the execution of all Transmission design aspects," Mr. Sosinski provides no facts regarding personal involvement and no facts that would provide foundation for his opinions.

5. Nearly the entirety of the Sosinski Declaration consists of vague speculation such as:

    (a) "Any interruption of any single circuit would have security implications..."
    (b) "... there would be substantial engineering and construction challenges..."
    (c) "Horizontal and vertical clearance requirements would limit many options..."
    (d) "... environmental constraints ... would limit options...
    (e) "I would expect costs for each relocation to exceed $1M..."

    None of those vague comments is relevant to whether PG&E has any legal right to occupy the space.

6. Mr. Sosinski provides no factual basis whatsoever for either him to render his "expert" opinions or any basis for the opinions themselves such as:

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL SOSINSKI** 3

(a) "Any interruption of any single circuit ... would impact the public's safety..."

(b) "The Caltrans right-of-way to the east (Highway 101) is fully occupied with infrastructure and Caltran requirements would not allow a longitudinal installation for safety reasons."

(c) "The steps necessary to affect a massive relocation effort on this scale would only serve to unjustifiably endanger the public both during and after construction."

These characteristics of the Sosinski Declaration suggests that the declaration was interposed for the purpose of attempting to create the appearance of factual disputes, albeit regarding matters irrelevant to the determination of the pending issue.

**B.     Specific Objections**

| Objection | Ground for Objection |
|---|---|
| 1. Entire Declaration of Michael Sosinski | (a) The content of the Declaration is irrelevant.  (FRE 401, 402) <br><br> (b) The Declaration violates the Sham Affidavit Rule and may be ignored.  (See accompanying Points and Authorities) <br><br> Sustained: _____ <br><br> Overruled: _____ |

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL SOSINSKI**     4

| | |
|---|---|
| 2. Declaration of Michael Sosinski, paragraphs 5 and 6 in their entirety including the exhibit referenced in those paragraphs. | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. ((The Federal Rules of Evidence shall be referred to as "FRE") FRE 401, 402) <br><br> (b) Declarant Sosinski makes the statements therein as expression of expert opinions without foundation (FRE 701, 702). <br><br> (c) The statements of Declarant Sosinski lack foundation as they lack foundation to establish the competence of the witness with respect to the statements contained therein. (FRE 601, California Evidence Code §702) <br><br> (d) The statements constitute vague speculation. (FRE 401, 402; also FRE 403 regarding confusion) <br><br> (e) The statements are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities) <br><br> Sustained: _____ <br><br> Overruled: _____ |

| | |
|---|---|
| 3. Declaration of Michael Sosinski, statements made in paragraphs 5 and 6 at<br><br>1:26-27 ("Any interruption" to "public's safety");<br><br>2:3-6 ("There are several" to "limit many options");<br><br>2:9-11 ("The Caltrans" to "safety reasons");<br><br>2:13-15 ("I would expect" to "$1.M each");<br><br>2:16-22: ("Third it would" to "after construction") | (a) The content of the statements is irrelevant to the issue of whether PG&E holds any prescriptive rights for the exclusive use of the space occupied by the High Voltage Transmission Lines. (FRE 401, 402)<br><br>(b) Declarant Sosinski makes the statements therein as expression of expert opinions without foundation (FRE 701, 702).<br><br>(c) The statements of Declarant Sosinski lack foundation as they lack foundation to establish the competence of the witness with respect to the statements contained therein. . (FRE 601, California Evidence Code §702)<br><br>(d) The statements constitute vague speculation. (FRE 401, 402; also FRE 403 regarding confusion)<br><br>(e) The statements are presented in violation of the Sham Affidavit Rule and may be ignored. (See Points and Authorities)<br><br><br>Sustained: _____<br><br>Overruled: _____ |

Respectfully submitted.

Dated: December 1, 2023              COHEN AND JACOBSON, LLP


                                     By: /s/ Lawrence A. Jacobson
                                         Lawrence A. Jacobson

**CLAIMANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL SOSINSKI** 6