**LABATON SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

*(additional counsel on Exhibit A)*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: January 9, 2024<br>Time: 10:00 a.m. (PT)<br>Before: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, California 94102<br><br>**Objection Deadline:** December 26, 2023, 4:00 PM (PT) |

Case: 19-30088   Doc# 14169-2   Filed: 12/08/23   Entered: 12/08/23 09:37.04   Page 1 of 12

Claimant Public Employees Retirement Association of New Mexico (**"PERA"**), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the **"Securities Action"**) pending in the U.S. District Court for the Northern District of California, hereby submits this motion (the **"Motion"**) for entry of an order, pursuant to this Court's prior determination to apply Rule 7023 to the Proposed Class (defined below) in the Chapter 11 Cases (defined below), 11 U.S.C. § 105(a), and Rule 9014(a) and (c) of the Federal Rules of Bankruptcy Procedure, substantially in the form submitted herewith as **Exhibit C**:

- Appointing PERA as Lead Plaintiff to represent the Proposed Class in these Chapter 11 proceedings (the **"Chapter 11 Cases"**)[1]; and

- Approving PERA's selection of counsel, Labaton Sucharow LLP ("**Labaton**"), as Lead Counsel.[2]

## INTRODUCTION

Now that the Court has determined that Rule 23 should apply, a lead plaintiff should be appointed to protect the interests of the Proposed Class.[3]

In its oral ruling granting PERA's motion, this Court already determined that PERA has made at least a *prima facie* showing that Rule 23(a) is satisfied. Sept. 12, 2023 Hr'g Tr. at 8:11–19 ("It does appear to me, on the face of PERA's motion, that at least the prerequisites of Rule 7023(a) will be satisfied.").

Accordingly, PERA respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Labaton as Lead Counsel.

---

[1] The proposed class includes all securities claimants with unresolved Rescission or Damage Claims classified as Classes 9A, 10A-II, and 10B (the "**Securities Claimants**" and their claims the "**Securities Claims**") who purchased or otherwise acquired the publicly traded debt or equity securities of PG&E Corporation, Pacific Gas and Electric Company, or both, from April 29, 2015 through November 15, 2018 (inclusive), and who timely submitted Securities Claims (the "**Proposed Class**").

[2] *See* FRCP 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.").

[3] Herein, "[a]ll discussion about FRCP 23 and FRBP 7023 will be referred to as 'Rule 23.'" *Teran v. Navient Solutions, LLC* (*In re Teran*), 649 B.R. 794, 800 n.2 (Bankr. N.D. Cal. 2023).

1

Case: 19-30088   Doc# 14169-2   Filed: 12/08/23   Entered: 12/08/23 09:37:04   Page 2 of 12

1

**ARGUMENT**

2     The adequacy and typicality requirements of Rule 23(a) "focus on the desired attributes of

3 the class's representative." 1 Newberg & Rubenstein on Class Actions § 3:28 (6th ed. Nov. 2023

4 Update). As set forth below, the Court already determined that PERA and Labaton satisfy these

5 requirements.[4]

6     **A.**     **The Court Already Determined that Typicality Is Satisfied**

7     Under Rule 23(a)(3)'s "permissive standards" for typicality, "representative claims are

8 'typical' if they are reasonably coextensive with those of absent class members; they need not be

9 substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). "The test of typicality

10 is whether other members have the same or similar injury, whether the action is based on conduct

11 which is not unique to the named plaintiffs, and whether other class members have been injured by

12 the same conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011).

13     Here, the Court already determined that PERA has satisfied the typicality requirement. Sept.

14 12, 2023 Hr'g Tr. at 10:16-19 ("As to whether the claims or defenses of the representative parties

15 are typical of the claims, I also agree that [PERA's] share the same question of law and fact,

16 common to the class."). Moreover, the proof of claim form approved by this Court on February 27,

17 2020 for Securities Claims has as its bases the structure and allegations of PERA's class action

18 complaint. *See* ECF Nos. 5943, 5943-3.[5]

19     Since the claims that PERA asserts are based on the same legal theories and arise "from the

20 same event or practice or course of conduct that gives rise to the claims of other class members,"

21

---

22 [4] The other two Rule 23(a) requirements, numerosity and commonality, "identify the characteristics of a class that make representative litigation appropriate, namely that many individuals share common legal or factual questions." 1 Newberg & Rubenstein on Class Actions § 3:28 (6th ed. Nov. 2023 Update). The Court also determined those requirements are satisfied here. *See* Sept. 12, 2023 Hr'g Tr. at 9:7-9 ("As to numerosity, I agree that the number of claimants in the proposed class is so numerous that joinder of the members would be impractical."); *id.* at 10:1-2 ("As to commonality, I agree that this element appears satisfied.").
[5] Exhibit D submitted herewith lists the 27 Securities Claimants of which PERA is aware that affirmatively adopted PERA's class action complaint pursuant to the Court's Order Authorizing Amendment and Objection Procedures for Securities Claims. *See* ECF No. 13934; ECF No. 13934-1 ¶4. PERA and Labaton do not seek to represent the Securities Claimants represented by Rolnick Kramer Sadighi LLP or any other Securities Claimants that have retained their own counsel and seek to proceed individually with respect to their Securities Claim.

23

24

25

26

27

28

2

typicality is satisfied. *See* 1 Newberg & Rubenstein On Class Actions § 3:29 (6th ed. Nov. 2023 Update); *see also id.* ("The test for typicality is not demanding.").

## B. The Court Already Determined that Adequacy Is Satisfied

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The test for adequacy of representation for the class is two-pronged: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985.

Here, the Court already determined that PERA and Labaton "will adequately represent the class." Sept. 12, 2023 Hr'g Tr. at 10:24–25; *see also id.* at 11:1–4.

PERA has the sophistication and resources to effectively litigate this matter and supervise counsel. PERA was established in 1947 and manages a retirement system for state, county, and municipal employees including police, firefighters, judges, magistrates, legislators and volunteer firefighters. PERA oversees assets of $16.7 billion on behalf of its members, retirees, and beneficiaries. PERA understands the fiduciary duties attendant upon a lead plaintiff and is willing to provide testimony at deposition and trial, if necessary.

Labaton is highly-qualified, with significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. For example, Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors. *See also In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-cv-5295 (C.D. Cal.) ($624 million recovery); *In re Bear Stearns Cos., Inc. Secs., Derivative, & ERISA Litig.*, No. 08-md-1963 (S.D.N.Y.) ($294.9 million recovery). Furthermore, Labaton has retained the qualified, experienced, and capable bankruptcy counsel of Lowenstein Sandler LLP, whose expertise is well known to this Court.[6]

---

[6] In addition, the Proposed Order provides that Lead Counsel may associate with additional counsel, such as bankruptcy counsel, counsel for special groups of Securities Claimants, as well as other specialized counsel.

Case: 19-30088    Doc# 14169-2    Filed: 12/08/23    Entered: 12/08/23 09:37:04    Page 4 of 12

As the Court is aware, PERA and Labaton have demonstrated their willingness and ability to serve as Lead Plaintiff and Lead Counsel on behalf of the Proposed Class in these Chapter 11 Cases since their commencement, through plan confirmation and throughout the post-confirmation period to date. Indeed, PERA, through its counsel, has already been determined to have made a substantial contribution to the Chapter 11 Cases. PERA's and Labaton's substantial involvement demonstrates they have been and continue to be willing to commit considerable resources to representing the interests of the Proposed Class. Moreover, the District Court has already determined that the appointment of PERA and Labaton as its counsel was appropriate in the Securities Actions. There is no reason to doubt they will continue to do so on behalf of the Proposed Class.

Thus, adequacy is also satisfied.

## CONCLUSION

For the foregoing reasons, the Court should appoint PERA as Lead Plaintiff and approve PERA's selection of Labaton as Lead Counsel.

Dated:   December 8, 2023                    Respectfully submitted,

**LABATON SUCHAROW LLP**

By: */s/ Thomas A. Dubbs*
Thomas A. Dubbs (*pro hac vice*)
*Lead Counsel to Securities Lead
Plaintiff and the Class*

- and –

**MICHELSON LAW GROUP**
*Local Bankruptcy Counsel to Securities Lead
Plaintiff and the Class*

- and -

**LOWENSTEIN SANDLER LLP**

*Special Bankruptcy Counsel to Securities Lead
Plaintiff and the Class*

- and -

4

PERA's Memorandum of Points and Authorities in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088   Doc# 14169-2   Filed: 12/08/23   Entered: 12/08/23 09:37:04   Page 5 of 12

1

2
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

3
*Liaison Counsel for the Class*

4
- and -

5
**ROBBINS GELLER RUDMAN & DOWD LLP**

6
*Counsel for the Securities Act Plaintiffs*

7
- and -

8

9
**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

10
*Additional Counsel for the Securities Act Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

PERA's Memorandum of Points and Authorities in Support of Motion for Appointment as Lead Plaintiff
and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088   Doc# 14169-2   Filed: 12/08/23   Entered: 12/08/23 09:37:04   Page 6 of 12

1                                                   **EXHIBIT B**

2                                     **RESERVATION OF RIGHTS**

3         PERA, on behalf of itself and the putative class in the Securities Action, do not, and will not

4 impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor

5 Defendants now or hereafter named in the Securities Action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

**PROPOSED ORDER**

PERA'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14169-2    Filed: 12/08/23    Entered: 12/08/23 09:37:04    Page 8
of 12

**LABATON SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and
the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead
Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities
Lead Plaintiff and the Class*

*(additional counsel on Exhibit A)*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>            Debtors. | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER GRANTING PERA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088   Doc# 14169-2   Filed: 12/08/23   Entered: 12/08/23 09:37:04   Page 9 of 12

1  Upon the motion, dated December 8, 2023, of PERA[1] for entry of an order, pursuant to the

2  prior determination of this Court to apply Rule 7023 to the Securities Claims, 11 U.S.C. § 105(a)

3  and Rules 9014(a) and (c) of the Federal Rules of Bankruptcy Procedure; and this Court having

4  jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

5  1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order

6  24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the

7  requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

8  before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and

9  determined that notice of the Motion was reasonable and sufficient, and it appearing that no other or

10  further notice need be provided; and this Court having reviewed the Motion and held a hearing to

11  consider the Motion; and this Court having determined that the legal and factual bases set forth in

12  the Motion establish just cause for the relief granted herein; and it appearing that the relief

13  requested in the Motion is appropriate under the circumstances; and upon the record of all of the

14  proceedings had on the Motion before this Court, and after due deliberation and sufficient cause

15  appearing therefor,

16  **IT IS HEREBY ORDERED THAT:**

17  1.  The Motion is granted as set forth herein.

18  2.  The Court hereby finds that the factors enumerated in Federal Rule of Civil

19  Procedure 23(a)(3)-(4) are preliminarily satisfied as set forth in the Court's September 12, 2023 oral

20  ruling;

21  3.  PERA is appointed Lead Plaintiff to represent the Proposed Class of Securities

22  Claimants; and

23  4.  PERA's selection of counsel, Labaton Sucharow LLP, is approved as Lead Counsel.

24  ** END OF ORDER **

25

26

27

---

28  [1] Capitalized terms used but not defined herein have the meanings given thereto in the Motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

## LIST OF AMENDED SECURITIES CLAIMS ADOPTING PERA COMPLAINT

| Securities Claimant | Amended Claim No. | Previous Claim No. |
|---|---|---|
| Northern Funds Claimants | 110034 | 100372 |
| Vanguard Claimants | 110033 | Various |
| Northern Trust Funds Claimants | 110032 | 101014 |
| Dimensional Claimants | 110031 | 99838 |
| Vanguard Claimants | 110030 | Various |
| Dimensional Claimants | 110029 | 99436 |
| Southern Nevada Culinary and Bartender Pension Trust Fund | 110028 | 101957 |
| Minnesota State Board of Investment | 110027 | 101117 |
| Minnesota State Board of Investment | 110026 | 101042 |
| New York City Retirement Systems | 110024 | 108353 99838 |
| Iowa Public Employees' Retirement System | 110022 | 100198 |
| Lehigh County Employee Pension Board | 110021 | 100243 |
| Iowa Public Employees' Retirement System | 110020 | 100147 |
| Lehigh County Employee Pension Board | 110019 | 100268 |
| Lehigh County Employee Pension Board | 110018 | 100243 |
| New York City Retirement Systems | 110017 | 108352 |
| California Public Employees' Retirement System | 110016 | 101607 |
| California Public Employees' Retirement System | 110015 | 102265 |
| City of Austin Employees' Retirement System | 110014 | 101047 |
| Louisiana Sheriffs Pension & Relief Fund | 110013 | 100740 |
| abrdn Global Infrastructure Income Fund (successor to MacQuarie Global Infrastructure Return Fund) | 110012 | 99311 100321 |
| The Johnson & Johnson Pension and Savings Plan Master Trust | 110011 | 101506 |
| The Johnson & Johnson Pension and Savings Plan Master Trust | 110010 | 101852 |
| Central States, Southeast and Southwest Areas Pension Fund | 110004 | 102263 |
| Central States, Southeast and Southwest Areas Pension Fund | 110003 | 102288 |
| San Francisco City & County Employees' Retirement System | ECF. No. 14068 | 101127 |
| San Francisco City & County Employees' Retirement System | ECF. No. 14068 | 101140 |