WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' THIRTIETH SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND NOTEHOLDER SECURITIES CLAIMS)** <br><br> **Response Deadline: February 13, 2024, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: **February 27, 2024, 10:00 a.m. (PT)** <br> Place: (Tele/Videoconference Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (together, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Noteholder Securities Claims) (the "**Objection**") to the proofs of claims identified in the column headed "Claims to be Disallowed and Expunged" on **Exhibit 1** annexed hereto (the "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declarations of Robb McWilliams and Angela Ferrante (the "**McWilliams Declaration**" and "**Ferrante Declaration**," respectively), in support of the Objection.

## I. INTRODUCTION

The Objection seeks to disallow and expunge the Claims filed by certain securities claimants in the Chapter 11 Cases (the "**Claimants**") based on two independent grounds, set forth below, with respect to each of the Claims.

First, the Claims do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. Indeed, the Claims do not even identify what securities causes of action they purport to assert. The Claims fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a) and, to the extent the claims seek to raise securities claims, the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (the "**PSLRA**"). The Claims should thus be expunged and disallowed.

A proof of claim is functionally equivalent to a complaint in a civil action. The failure to plead facts sufficient to demonstrate an entitlement to relief under the relevant non-bankruptcy law subjects the proof of claim to dismissal. Here, the Claimants have failed to plead facts in support of *any* claim, much less a claim under the heightened pleading standards of the federal securities laws. For example, the most common claim brought under securities laws is a claim under Section 10(b) of the Securities and Exchange Act of 1934 (the "**Exchange Act**"). A claim under Section 10(b) requires a claimant to

plead with particularity (1) a material misrepresentation or omission; (2) scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). A Section 10(b) claim must also meet the heightened pleading standard set forth in the PSLRA, which requires a claimant "to state with particularity . . . the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, and n.12 (1976)). The claim must plead a "strong inference" of scienter that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 314. Here, none of the Claims allege a cognizable cause of action under any pleading standard, and certainly not under the heightened pleading requirements applicable to securities fraud clams. As a result, each of the Claims should be disallowed and expunged.

Expunging the Claims for failure to plead a claim is particularly appropriate here. In July 2023, PG&E conferred with a group of securities claimants and proposed deadlines to the Court by which the Claimants, and all other securities claimants, would have the opportunity to amend their proofs of claim to assert their own allegations and causes of action, amend their proofs of claim to adopt the allegations and claims of another securities claimant, or rely on their existing proof of claim. On July 28, 2023, this Court issued an *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934] (the "**Amendment and Objection Procedures Order**"), implementing an October 6, 2023 deadline for securities claimants to amend their proofs of claim to include their own factual allegations, and an October 13, 2023 deadline to amend their proofs of claim to adopt the factual allegations of another securities claimant. The Court expressly required that the Amendment and Objection Procedures Order be served on all securities claimants, including the Claimants. Despite notice, the Claimants have failed to amend their proofs of claim to allege any claims whatsoever.

Second, each of the Claimants held Utility Senior Note Claims and thus were Releasing Parties under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (together with any exhibits or schedules thereto, the "**Plan**"), as confirmed by the Court's June

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

20, 2020 Order (the "**Confirmation Order**") [Dkt. No. 8053]. The Plan Release expressly releases any claims arising from the purchase or sale or rescission of PG&E's securities. Specifically, as the holders of Utility Senior Note Claims, the Claimants are "Releasing Parties" (as defined in Section 1.180 of the Plan). Pursuant to the release set forth in Section 10.9(b) of the Plan and Paragraph 56 of the Confirmation Order (the "**Plan Release**"), the Claimants released the Debtors and Reorganized Debtors from "any and all claims . . . based on or relating to . . . the purchase, sale or rescission of the purchase or sale of any security of the Debtors," as well as "the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan." Thus, any securities claims have been expressly released under the Plan. Accordingly, all such claims should be expunged and disallowed.

## II. <u>JURISDICTION</u>

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## III. <u>BACKGROUND</u>

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. On July 1, 2019, the Court entered an order setting a bar date to file proofs of claim. *See Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 at 5:00 p.m. Pacific Time

(the "**Initial Bar Date**") as the deadline to file all proofs of claim (each, a "**Proof of Claim**") with respect to any prepetition claim (as defined in section 101(5) of the Bankruptcy Code).

On February 27, 2020, the Court entered an order extending the Initial Bar Date to April 16, 2020 solely with respect to certain claimants (their claims, the "**Securities Claims**") who the Court determined were "known creditors" that purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015 through November 15, 2018, inclusive, and who believed they may have claims against the Debtors under the securities laws for rescission or damages arising out of their trading in those securities. *See* Dkt. No. 5943.

By Order dated June 20, 2020, the Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Docket No. 8252.

On January 25, 2021, the Court entered the Securities ADR Procedures Order. Among other things, the Bankruptcy Court approved procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"), including those seeking to expunge securities claims that are "objectionable under applicable bankruptcy or non-bankruptcy law." Securities ADR Procedures Order, Ex. A-3 ¶ I.C.4.

Pursuant to the Amendment and Objection Procedures Order, all claimants purporting to assert securities claims against PG&E were afforded until October 6, 2023 to submit their own substantive facts establishing a securities claim against PG&E and until October 13, 2023 to adopt the substantive securities allegations of another claimant:

> Any securities claimant may amend its previously filed Proof of Claim by filing an amended Proof of Claim on or before October 6, 2023 without leave of Court; provided, however, that any securities claimant may file an amended Proof of Claim adopting, in whole or in part, the allegations set forth in any other securities claimants' amended Proof of Claim and/or the allegations set forth in the [PERA Complaint] on or before October 13, 2023 without leave of Court.

Dkt. 13934-1 ¶ 4. Thereafter, it was expressly disclosed in the Amendment and Objection Procedures Order that PG&E would object on the basis that securities claimants failed to allege securities claims, whether by failure to allege sufficient facts to state a claim or by failure to allege proper causes of action or both, under a standard akin to Federal Rule of Civil Procedure 12(b)(6).

> The objection deadline for the Reorganized Debtors to object to any Proof of Claim that was not amended by the October 13, 2023 deadline for securities claimants to amend their claims shall be December 13, 2023, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors and Baupost. . . .
>
> The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim.

Dkt. 13934-1 ¶¶ 5 and 9.

## IV. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Securities ADR Procedures Order, seeking entry of an order disallowing and/or expunging the Claims, which are identified in the column headed "Claims to be Disallowed and Expunged" on **Exhibit 1** annexed hereto. Bankruptcy Rule 3007(d) and the Securities Omnibus Objection Procedures govern omnibus objections to Securities Claims in these Chapter 11 Cases. See Securities Claims Procedures, Ex. A-3 ¶ I.C of Securities ADR Procedures Order (incorporating Bankruptcy Rule 3007(d)). Pursuant to Paragraph I.C.4 of the Securities Omnibus Objection Procedures (as well as Bankruptcy Rule 3007(d)), objections to more than one claim may be joined if the objections are based on the grounds that the claims should be disallowed on some common basis under applicable bankruptcy or non-bankruptcy law. The October 6, 2023 and October 13, 2023 deadlines to amend has passed, and none of the Claimants have submitted substantive allegations even attempting to establish an entitlement to relief under the securities laws, either by asserting their own substantive allegations or incorporating the allegations of another securities claimant. Additionally, pursuant to the release set forth in Section 10.9(b) of the Plan and Paragraph 56 of the Confirmation Order, Claimants, who each held Utility Senior Note Claims, expressly released the Debtors and Reorganized Debtors from "any and all claims . . . based on or relating to . . . the purchase, sale or rescission of the purchase or sale of any security of the Debtors," as well as "the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan." Therefore, PG&E respectfully requests that the Claims be disallowed and expunged.[1]

---

[1] In accordance with Paragraph I.E of the Securities Omnibus Objection Procedures, **Exhibit 1** hereto

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## V. ARGUMENT

The Objection sets forth two independent and individually sufficient bases for expunging and/or disallowing the Claims. First, the Claims are insufficient in that there are no causes of action asserted and no facts to support any allegations against PG&E as a matter of law. Second, Claimants, who each held Utility Senior Note Claims, released PG&E pursuant to Section 10.9(b) of the Plan and paragraph 56 of the Confirmation Order.

### A. Claimants' Proofs Of Claim Are Insufficient

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall not be allowed if it is "unenforceable against the debtor" under applicable non-bankruptcy law. Thus, where a proof of claim—the functional equivalent of a complaint—fails to state a cause of action under applicable non-bankruptcy law, it should be disallowed. *See In re Brosio*, 505 B.R. 903, 912 (B.A.P. 9th Cir. 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case."); *In re MacGibbon*, 2006 Bankr. LEXIS 4903, at *36 (B.A.P. 9th Cir. Oct. 4, 2006) ("The claimant must allege facts sufficient to support a legal liability to the claimant in the proof of claim . . . [and f]or a proof of claim to have prima facie validity, it must comply with the rules and set forth all the necessary facts to establish the claim"); *In re Consolidated Pioneer Mortg.*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (disallowing claim and holding that "the claimant must allege facts sufficient to support the claim") (quoting *In re Allegheny International Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Theos Fedro Holdings, LLC,* 2022 WL 17581985, at *2 (B.A.P. 9th Cir. Dec. 12, 2022) ("[W]e must assess whether the complaint presents a cognizable legal theory and whether it contains sufficient factual allegations to support that theory").

---

provides the following information: (i) an alphabetized list of the Claimants whose proofs of claim are subject to this Objection; (ii) the claim numbers of the proofs of claim that are the subject of this Objection; (iii) the amount of claim asserted in each Subject Claim, or a statement that the claim seeks an unliquidated amount; and (iv) the grounds for this Objection. The Reorganized Debtors will give notice to the holder(s) of each of the Subject Claims, the form of which satisfies the requirements set forth in Paragraph I.F of the Securities Omnibus Objection Procedures.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Claimants' proofs of claim—which are entirely devoid of factual allegations—fail to meet any pleading standard, regardless of what causes of action they purport to advance. To the extent Claimants purport to assert securities claims under Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and/or Rule 10b-5 (17 C.F.R. § 240.10b-5) they have failed to plead any of the necessary elements of a Section 10(b) claim: (1) a material misrepresentation or omission; (2) scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). Moreover, a securities plaintiff must plead a "strong inference" of scienter that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent" (*Tellabs,* 551 U.S. at 314) and meet Federal Rule of Civil Procedure 9(b)'s requirement that every element of a securities fraud claim be pled with particularity to survive a motion to dismiss. *Oregon Pub. Employees Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) ("Rule 9(b) applies to all elements of a securities fraud action . . ."); *In re Rigel Pharms., Inc. Secs. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012) (Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud," and to explain "why the statements were false or misleading at the time they were made").[2] The Claims here do not even attempt to allege facts establishing any element of a securities claim.

A bankruptcy proof of claim that fails to allege any claim whatsoever is deficient and must be expunged and disallowed. This is particularly true here where the claims rest on the trading of securities and therefore must satisfy the demanding pleading standards for securities fraud claims. *See* Fed. R. Bankr. P. 9014(c) (applying Bankruptcy Rule 7009, which incorporates Civil Rule 9(b) to contested matters, and permitting courts to apply any other Bankruptcy Rules from Part VII); *Morse v. ResCap Borrower Claims Tr.*, 2015 U.S. Dist. LEXIS 9646, at *10-11, *20 (Bankr. S.D.N.Y. Jan. 26, 2015) (applying Federal Rules of Civil Procedure 8 and 9 to proof of claim and dismissing it as insufficiently

---

[2] The importance of requiring every element of a securities fraud claim to be pled with particularity was highlighted by Congress in passing the PSLRA. *See* 15 U.S.C. § 78u-4(b)(1)(B), (2)(A) (a plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading[]" and "state with particularity facts giving rise to a strong inference that the defendant" acted with scienter); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (Rule 9(b) and the PSLRA together require plaintiffs to plead their case "with a high degree of meticulousness").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

pled pursuant to governing substantive law); *In re DJK Residential LLC*, 416 B.R. 100, 106-07 (Bankr. S.D.N.Y. 2009) (finding that proof of claim should be analyzed under Rule 8 and Rule 9, and concluding that the claim failed under either standard as "too general and conclusory to be allowed"); *Shah v. Motors Liquidation Co. GUC Tr.*, 2013 U.S. Dist. LEXIS 191827, at *7 (S.D.N.Y. June 3, 2013) (noting that "in determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure" (citation omitted)); *see also* June 7, 2023 Transcript at 46:14-19, 56:2 ("much of what I do by way of first screening out [a] claims objection is the same as a 12(b)(6) motion" and "[t]he motion to dismiss is no different from an objection to the claim.").

Pursuant to the Amendment and Objection Procedures Order, the Claimants had until October 13, 2023 to allege or adopt facts supporting their purported securities claims against PG&E, and thereafter their claims would be subject to a sufficiency objection under a standard akin to Federal Rule of Civil Procedure 12(b)(6). Because the Claims are devoid of factual allegations to support any cause of action, much less specific facts pled with sufficient particularity to state a securities fraud claim under Federal Rule of Civil Procedure 9(b) and the PSLRA, they are deficient and should be disallowed and expunged.[3]

### B. The Claim Are Subject To The Plan Release

Though the above basis for the Objection is sufficient for the Court to expunge the Claims, there is an alternative and independently sufficient basis for the Court to expunge the Claims. Section 10.9(b) of the Plan and ¶ 56 of the Confirmation Order bar the Claimants from recovering on their securities claims. There are two questions, both of which are answered by the plain language of the Plan and the Confirmation Order. First, are the Claimants "Releasing Parties" under the Plan? Second, does the scope of the release in Section 10.9(b) of the Plan and ¶ 56 of the Confirmation Order cover their securities claims? The answer to both questions is "yes" for the same reasons articulated by this Court

---

[3] The Reorganized Debtors and AlixPartners, LLP have reviewed the Claims and have identified that the Claims fail to allege any causes of action. *See* McWilliams Declaration at ¶ 8. Accordingly, the Reorganized Debtors submit that the Claims should be disallowed and expunged in their entirety on the basis of sufficiency.

and the appellate Courts with respect to other claims asserted by Releasing Parties. *See In re PG&E Corp.*, No. 19-30088, 2020 WL 9211213, at *3 (Bankr. N.D. Cal. Oct. 22, 2020) ("*Elliott I*"), *aff'd sub nom.*, No. 20-CV-07865-HSG, 2022 WL 794815 (N.D. Cal. Mar. 15, 2022 (N.D. Cal. Mar. 15, 2022) ("*Elliott II*"), *aff'd sub nom.*, No. 22-15560, 2023 WL 2064520 (9th Cir. Feb. 17, 2023) ("*Elliott III*").

1. <u>The Noteholder Claimants are "Releasing Parties" under the Plan</u>

Section 1.180 of the Plan defines the term "Releasing Parties" to include "the holders of Utility Senior Note Claims." Utility Senior Note Claims are defined by the Plan as, "collectively, Utility Impaired Senior Note Claims, Utility Reinstated Senior Note Claims, and Utility Short-Term Senior Note Claims." Plan § 1.245. Each of these is in turn very broadly defined as "any Claim arising under, or related to" the specific senior debt instrument under which the specific type of note (Utility Impaired Senior Note, Utility Reinstated Senior Note and Utility Short-Term Senior Notes) was issued and which governs those notes. Plan §§ 1.227, 1.238, 1.250.

The Claimants are all holders of Utility Senior Notes as defined in Section 1.246 of the Plan. Specifically, each Claimant held one or more Utility Senior Notes at the time of both the Petition Date and the Effective Date. *See* Ferrante Declaration ¶ 6. Each Claimant, therefore, was eligible to receive the treatment of the Utility Senior Note Claims under the Plan. Notably, under the Plan Utility Senior Notes either have been reinstated or are otherwise being paid in full, with pre-and-post-petition interest, pursuant to the Plan.

Because the Claimants all are "holders of Utility Senior Note Claims," they are "Releasing Parties" under the Plan.

2. <u>The Plan Release Expressly Covers Securities Claims</u>

Section 10.9(b) of the Plan provides, in relevant part, that:

> As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents . . . and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed **forever released and discharged**, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties **from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> **liabilities whatsoever** . . . that such holders . . . would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, **based on or relating to, or in any manner arising from** . . . the **purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors,** the subject matter of, or the transactions or events giving rise to, **any Claim or Interest that is treated in the Plan** . . . .

Plan § 10.9(b) (emphasis added).[4]

Section 10.9(b) plainly covers securities claims. It covers "any and all" claims against the Debtors and Reorganized Debtors "based on or relating to, or in any manner arising from . . . the purchase, sale, or rescission of the purchase or sale of *any Security* of the Debtors or the Reorganized Debtors," as well as "the subject matter of, or the transactions or events giving rise to, *any Claim or Interest* that is treated in the Plan." *Id.* (emphasis added). The broad definition of "Security" includes both debt and equity securities. *See* 11 U.S.C. § 101(49); *see also* Plan § 1.194 (defining "Security" to have "the meaning set forth in section 101(49) of the Bankruptcy Code"). Indeed, as this Court has previously found, Section 10.9(b) of the Plan does not have any "limitation on the extent and breadth of what has been released." *Elliott I*, 2020 WL 9211213, at *3. The Claims asserted by the Claimants based on transactions in the Debtors' debt and equity securities thus plainly fall within the broad purview of claims released under the Plan and Confirmation Order.

Accordingly, the Claims should be expunged and disallowed because they are barred by the release provisions of the Plan and the Confirmation Order.

## VI. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the proofs of claim listed in the Objection on any ground not previously ruled upon, and to amend, modify, or supplement the Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether

---

[4] The Plan defines "Released Parties" to include both the Debtors and the Reorganized Debtors. Plan § 1.179. In addition, Section 10.9(b) of the Plan has a corresponding provision in the Confirmation Order. *See* Bankr. Dkt. No. 8053 ¶ 56.

such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds. *See* Securities ADR Procedures Order, Ex. A-3 ¶ I.J.

**VII. NOTICE**

Notice of this Objection will be provided to (i) holder(s) of the Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) disallowing and expunging the Claims listed on **Exhibit 1** hereto, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: December 13, 2023                                        Respectfully submitted,

 

                                                                               **WEIL, GOTSHAL & MANGES LLP**
                                                                               **KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119