WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' THIRTY-SECOND SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND VOLUNTARY RELEASE CLAIMS )**<br><br>Date: February 27, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br><br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Partner and Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Thirty-Second Securities Claims Omnibus Objection (Insufficient Substantive Allegations And Voluntary Release Claims)* (the "**Omnibus Objection**"), filed contemporaneously herewith.[1]

2. In my current position, I am responsible for overseeing the bankruptcy case management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My areas of responsibility include (a) the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than Fire Claims and Subrogation Wildfire Claims, and (b) providing support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel and the Reorganized Debtors' various advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Reorganized Debtors.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, identified a number of filed proofs of claim for which Claimants fail to allege a cause of action against PG&E or allege or adopt facts supporting securities claims against PG&E – even after receiving notice of the claims amendment deadline set forth in the Amendment and Objection Procedures Order.

5. In addition, the AlixPartners team coordinated with Kroll Restructuring Administration LLC and identified Claimants who voted to affirmatively and voluntarily opt into the releases contained in Section 10.9(b) of the Plan. The identification of these Claimants is discussed at greater length in the Johnson Declaration filed herewith.

6. The Omnibus Objection is directed to the Claims identified in **Exhibit 1** attached thereto, in the column headed "Claims to Be Disallowed and Expunged." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

7. On July 28, 2023, the Reorganized Debtors served notice of the Amendment and Objection Procedures Order on all Securities Claimants, as described in the August 17, 2023 *Certificate of Service of Victor Wong Regarding Order Authorizing Amendment And Objection Procedures For Securities Claims* [Dkt. No. 13960] and the October 9, 2023 *Certificate of Service of Alain B. Francoeur Regarding Order Authorizing Amendment And Objection Procedures For Securities Claims* [Dkt. No. 13973].

8. In accordance with the Amendment and Objection Procedures Order, Claimants had until October 6, 2023 to amend their proofs of claim to allege facts supporting their purported securities claims against PG&E, and until October 13, 2023 to adopt allegations from a complaint

already filed with another claimant's proof of claim. In the event that a claimant failed to amend their proof of claim or adopt the allegations of a complaint, their claims would be subject to a sufficiency objection under a standard akin to Federal Rule of Civil Procedure 12(b)(6). None of the Claims identified on **Exhibit 1** contain allegations or facts to support purported securities claims against PG&E.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed December 13, 2023 in Dallas, Texas.

                                              */s/ Robb McWilliams*
                                              Robb McWilliams
                                              Partner and Managing Director