**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California  90067
Tel: 424 653 5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>        - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**OMNIBUS REQUEST FOR INCORPORATION OF DOCUMENTS BY REFERENCE OR JUDICIAL NOTICE IN SUPPORT OF REORGANIZED DEBTORS' THIRTY-THIRD, THIRTY-FOURTH, AND THIRTY-FIFTH SECURITIES CLAIMS OMNIBUS OBJECTIONS** |

Pursuant to Federal Rule of Evidence 201, applicable in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 9017, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Reorganized Debtors**" or "**PG&E**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") respectfully request that the Court take judicial notice of the documents attached as Exhibits 1 through 113. These documents are submitted in support of the Reorganized Debtors' Thirty-Third Securities Claims Omnibus Objection To PERA's TAC, Including To Certain Claimants That Adopted The TAC; Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection To Claims Adopting RKS Allegations; and Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection To The Baupost Amendment (the "**Claims Objections**").

## I. LEGAL STANDARD

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall not be allowed if it is "unenforceable against the debtor" under applicable non-bankruptcy law. Thus, where a proof of claim—the functional equivalent of a complaint—fails to state a cause of action under applicable non-bankruptcy law, it is disallowed. *In re MacGibbon*, No. BAP WW-05-1411-DMCK, 2006 WL 6810964, at *11 (B.A.P. 9th Cir. Oct. 4, 2006) ("The claimant must allege facts sufficient to support a legal liability to the claimant in the proof of claim . . . [and] [f]or a proof of claim to have prima facie validity, it must comply with the rules and set forth all the necessary facts to establish the claim."). Here, this Court has already recognized that PG&E will file sufficiency objections "akin to a motion to dismiss" against all unresolved securities proofs of claim. *See* July 28, 2023, Order Authorizing Amendment and Objection Procedures for Securities Claim. ECF No. 13934.

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Documents that are subject to judicial notice may be considered "without converting a motion to

dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

**Incorporation by Reference.** Incorporation by reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citation omitted); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or doom their claims." *In re Ocera Therapeutics*, 2018 WL 7019481, at *4 (citation omitted). Incorporation by reference "treats certain documents as though they are part of the complaint itself," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), even though they are not physically attached to the pleading. *See Tellabs, Inc.*, 551 U.S. at 322; *see also In re Diamond Foods, Inc. Sec. Litig.*, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012) ("Under the incorporation by reference doctrine, a court may also consider documents submitted by defendants that were referenced in the complaint and whose authenticity has not been questioned." (internal quotation marks and citation omitted)).

**Judicial Notice.** Under Rule 201 of the Federal Rules of Evidence, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The need for judicial notice of undisputed public matters and disclosures is underscored when adjudicating motions to dismiss federal securities claims. The reforms Congress adopted in the Private Securities Litigation Reform Act were prompted by "significant evidence of abuse in private securities lawsuits." H.R. Rep. No. 104-369, at 31 (1995) (Conf. Rep.), as reprinted in 1995 U.S.C.C.A.N. 730. Claims brought under the federal securities laws are frequently based on alleged omissions and misrepresentations in publicly available documents. Judicial notice of documents referenced in the complaint and other publicly available matters ensures that a plaintiff bringing a meritless claim cannot overcome a motion to dismiss, and gain the right to engage in

extensive discovery, simply by selectively citing portions of the defendant's public statements out of context. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based").

For this reason, in addition to considering documents incorporated by reference in the complaint, courts frequently take judicial notice of SEC filings, transcripts of investor conference calls, market analyst reports, news articles, court filings and government reports or proceedings when ruling on motions to dismiss in securities litigation. These documents are not accepted for the truth of the matters asserted in them, but rather to "show what was available to the market." *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) (Tigar, J.) (citations omitted); *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1004 (N.D. Cal. 2017) (taking judicial notice of articles "purposes of showing that the market was [already] aware of the information contained in new articles") (internal quotations omitted); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) (considering, on a motion to dismiss, documents referenced and relied upon in plaintiffs' complaint, SEC filings, earnings call transcripts, news reports, and press releases).

## II.  ARGUMENT

### A.  The Court Should Consider Materials That Are Incorporated By Reference Into TAC, The RKS Amendment, And Baupost's Supplemental POC Which Form The Basis Of The Securities Fraud Claims

Documents that form the basis for a plaintiff's claims are properly considered by the Court in determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Khoja*, 899 F.3d at 1002 (9th Cir. 2018) (judicial notice appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *In re Plantronics, Inc. Secs. Litig.*, 2021 WL 8572663, at *2-3 (N.D. Cal. Mar. 29, 2021); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014).

1 Here, public documents form the basis of the claims in the TAC, RKS Amendment ("**RKS Am.**"), and Baupost's Supplemental Proofs of Claim (collectively the "**Securities Claims**").

PG&E's SEC filings, press releases and publications form the basis of the claims here where they contain or accompanied allegedly false statements, alleged corrective disclosures, or describe the risk of wildfire and liability that PERA, RKS and Baupost (collectively "**Claimants**") allege was understated or the severity of which was concealed. CPUC regulations and orders are referenced throughout the complaint and form the basis for claims that PG&E misrepresented its compliance with state law. Similarly, government agency investigations, audits, proceedings and reports are referenced in the Securities Claims and form the basis of claims where they contain alleged misrepresentations, alleged corrective disclosures, and underly Claimants' overarching theory that PG&E knowingly concealed widespread safety deficiencies. Claimants rely on court documents and proceedings after the relevant period in alleging that PG&E's statements were false and misleading.

Accordingly, PG&E requests that the Court take consider the following documents incorporated into PERA's TAC (Exhibit 92):

- **SEC Filings & Public Statements:** Exhibit 4 (TAC ¶ 630), Exhibit 5 (TAC ¶ 566), Exhibit 6 (TAC ¶¶ 630, 665), Exhibit 11 (TAC ¶ 241), Exhibit 12 (TAC ¶¶ 335, 337), Exhibit 15 (TAC ¶¶ 339, 576), Exhibit 16 (TAC ¶ 357), Exhibit 17 (TAC ¶ 583), Exhibit 18 (TAC ¶¶ 381, 589), Exhibit 19 (TAC ¶¶ 565, 630, 634), Exhibit 20 (TAC ¶¶ 572, 630), Exhibit 21 (TAC ¶¶ 573, 630), Exhibit 22 (TAC ¶¶ 578, 630)

- **CPUC Regulations & Orders:** Exhibit 24 (TAC ¶ 280), Exhibit 25 (TAC ¶¶ 26, 66, 67, 141, 175, 299, 448, 560), Exhibit 26 (TAC ¶¶ 63, 64, 560) Exhibit 27 (TAC ¶ 106), Exhibit 28 (TAC ¶ 64 n.11), Exhibit 29 (TAC ¶¶ 65, 65, 560)

- **Government Agency Investigations, Citations, Proceedings & Reports:** Exhibits 34, 37-39, 41- 45, 47-51, 55, 56, 59-63 (*E.g.* TAC ¶¶ 74, 93, 105, 108, 140, 188, 197, 227, 244, 254, 575, 639, 669); Exhibit 66 (TAC ¶¶ 106, 106 n.29), Exhibit 67 (TAC ¶ 73-74, 640-641), Exhibit 68 (TAC ¶¶ 109 n.32, 452 n.146), Exhibit 74 (TAC ¶ 19, 101, 392, 563, 564, 566), Exhibit 75 (TAC ¶¶ 101, 566), Exhibit 76 (TAC ¶¶ 199, 213, 224, 251, 273, 346, 347, 357, 579), Exhibit 77 (TAC ¶¶ 25, 199, 213, 224, 251, 273, 281, 287, 353, 357, 580), Exhibit 78 (TAC ¶¶ 30, 303, 584), Exhibit 79 (TAC ¶ 103, 586, 599), Exhibit 80 (TAC ¶¶ 33, 113, 114, 121, 147, 190, 191, 629), Exhibit 81 (TAC ¶ 71-72, 87), Exhibit 84 (TAC ¶ 280), Exhibit 86 (TAC ¶¶ 82, 88, 89, 398)

- **Court Filings:** Exhibit 95 (TAC ¶¶ 402, 404, 647), Exhibit 96 (TAC ¶¶ 76 n.14, 423, 568)

- **PG&E's Statements:** Exhibit 105 (TAC ¶¶ 270, 271), Exhibit 106 (TAC ¶¶ 146, 314, 364) Exhibit 108 (TAC ¶¶ 26, 36, 37, 38, 88 n.23, 141, 142, 143, 145, 175, 176, 184, 191, 297, 300, 301, 310, 315, 319, 443, 444, 447, 448, 450, 451, 453, 590)
- **News Articles:** Exhibit 110 (TAC ¶¶ 271)

Similarly, PG&E requests that the Court consider the following documents incorporated by reference into the RKS Amendment as they form the basis for RKS's claims:

- **SEC Filings & Public Statements:** Exhibit 4 (RKS Am. ¶¶ 373, 377, 421), Exhibit 5 (RKS Am. ¶¶ 373, 377, 380, 383, 385, 422), Exhibit 6 (RKS Am. ¶¶ 373, 377, 378, 380, 381, 387, 388, 389, 391, 402, 403, 405, 409, 422), Exhibit 7 (RKS Am. ¶ 423), Exhibit 8 (RKS Am. ¶ 423), Exhibit 9 (RKS Am. ¶ 423), Exhibit 11 (RKS Am. ¶ 450), Exhibit 12 (RKS Am. ¶¶ 441, 445), Exhibit 13 ((RKS Am. ¶ 283), Exhibit 15 (RKS Am. ¶¶ 447, 258, 266, 271, 447), Exhibit 16 (RKS Am. ¶ 470), Exhibit 18 (RKS Am. ¶ 504, 523-24), Exhibits 19-22 (RKS Am. ¶ 373)
- **CPUC Regulations & Orders:** Exhibit 24 (RKS Am. ¶ 320), Exhibit 25 (RKS Am. ¶¶ 37, 71-72, 174, 210, 342), Exhibits 26-28 (RKS Am. ¶¶ 68-69, 239, 250, 256, 281, 285, 292, 299, 304, 318, 370), Exhibit 29 (RKS Am. ¶¶ 70, 238, 249, 262, 267, 272, 288, 295, 323, 370)
- **Government Agency Investigations, Citations, Proceedings & Reports:** Exhibit 76 (RKS Am. ¶¶ 35, 320, 455, 470), Exhibit 77 (RKS Am. ¶¶ 36, 326, 466, 470), Exhibit 78 (RKS Am. ¶¶ 42, 353), Exhibit 80 (RKS Am. ¶¶ 113, 114, 120, 180-81), Exhibit 82 (RKS Am. ¶ 346), Exhibit 83 (RKS Am. ¶ 349), Exhibit 84 (RKS Am. ¶ 320), Exhibit 86 (RKS Am. ¶¶ 92-94, 103, 242-43, 543), Exhibit 87 (RKS Am. ¶¶ 15, 113, 119, 127, 137-171, 208, 209, 238, 249, 262, 267, 272, 288, 295, 308, 315, 323, 344, 347, 350, 360, 370, 540, 611-12)
- **Court Filings:** Exhibit 95 (RKS Am. ¶¶ 138, 227, 391, 401, 547, 549, 580), Exhibit 96 (RKS Am. ¶¶ 81, 588), Exhibit 98 (RKS Am. ¶¶ 221, 613), Exhibit 99 (RKS Am. ¶¶ 14, 27, 137, 221, 613-614)
- **PG&E's Statements:** Exhibit 105 (RKS Am. ¶ 298), Exhibit 106 (RKS Am. ¶¶ 179, 366, 480), Exhibit 107 (RKS Am. ¶¶ 32, 306), Exhibit 108 (RKS Am. ¶¶ 15, 37, 47-48, 175-78, 205-11, 336, 340, 343, 344, 360, 365, 367-68, 427, 559).

Finally, with respect to Baupost's Supplemental POC (Ex. 113) (**"Supp. POC"**) PG&E requests the Court consider all documents incorporated by reference into the TAC, along with the following documents that contain additional alleged misrepresentations and otherwise form the basis for Baupost's additional theories of falsity and scienter:

- **Baupost's SEC Filings:** Exhibit 23 (Supp. POC ¶ 2-3, 5)

- **Government Agency Investigations, Citations, Proceedings & Reports:** Exhibit 73 (Supp. POC ¶ 18), Exhibit 82 (Supp. POC ¶ 23), Exhibit 83 (Supp. POC ¶ 24), Exhibit 87 (Supp. POC ¶¶ 11-15, 27, 30, 36-37)
- **PG&E's Statements:** Exhibit 107 (Supp. POC ¶ 19-20)
- **Court Filings and Proceedings:** Exhibit 98 (Supp. POC ¶ 11), Exhibit 99 (Supp. POC ¶ 11)

B. **Judicial Notice Of Public Filings, Articles and Publications Is Warranted**

1. **The Court Should Take Judicial Notice of Public Filings With The Securities And Exchange Commission**

All of the listed Exhibits were publicly available and are appropriate for judicial notice, as their contents are not subject to reasonable dispute. PG&E respectfully requests that the Court take judicial notice of documents in the following categories. This request is made in the alternative for documents that are incorporated into the Securities Claims by reference.

Courts may properly take judicial notice of materials that were publicly filed with the U.S. Securities and Exchange Commission ("**SEC**"), both for the fact that the filings were made and that the statements included within those filings were publicly disclosed. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (explaining that judicial notice of defendant's SEC filings proper); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Robinhood Order Flow Litig.*, 2022 WL 9765563, at *1 n.1 (N.D. Cal. Oct. 13, 2022); *In re Twitter, Inc. Secs. Litig.*, 2020 WL 4187915, at *2-3 (N.D. Cal. Apr. 17, 2020). Courts may also take notice of matters of public record. *Lee*, 250 F.3d at 688-89.

Accordingly, PG&E requests that the Court take judicial notice of the following documents that were publicly filed with the SEC:[1]

*Annual Reports*

1. PG&E 2012 Form 10-K Annual Report (filed Feb. 21, 2013) ("**2012 Form 10-K**")
2. PG&E 2013 Form 10-K Annual Report (filed Feb. 11, 2014) ("**2013 Form 10-K**")
3. PG&E 2014 Form 10-K Annual Report (filed Feb. 10, 2015) ("**2014 Form 10-K**")

---

[1] Documents are numbered by their Exhibit number. The Claims Objections refer to certain exhibits using the bolded language that follows those exhibits' descriptions.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

4. PG&E 2015 Form 10-K Annual Report (filed Feb. 18, 2016) ("**2015 Form 10-K**")

5. PG&E 2016 Form 10-K Annual Report (filed Feb. 16, 2017) ("**2016 Form 10-K**")

6. PG&E 2017 Form 10-K Annual Report (filed Feb. 9, 2018) ("**2017 Form 10-K**")

*Quarterly Reports*

7. PG&E Form 10-Q Quarterly Report for First Quarter Ending March 31, 2015 (filed Apr. 29, 2015) ("**Q1 2015 Form 10-Q**")

8. PG&E Form 10-Q Quarterly Report for First Quarter Ending March 31, 2016 (filed on May 4, 2016) ("**Q1 2016 Form 10-Q**")

9. PG&E Form 10-Q Quarterly Report for Third Quarter Ending September 30, 2016 (filed on Nov. 4, 2016) ("**Q3 2016 Form 10-Q**")

*Current Reports*

10. PG&E Form 8-K Current Report (filed Sept. 16, 2015) ("**Sept. 16, 2015 Form 8-K**")

11. PG&E Form 8-K Current Report (filed May 31, 2017) ("**May 31, 2017 Form 8-K**")

12. PG&E Form 8-K Current Report (filed Oct. 13, 2017) ("**Oct. 13, 2017 Form 8-K**")

13. PG&E Form 8-K Current Report (filed Nov. 2, 2017) ("**Nov. 2, 2017 Form 8-K**")

14. PG&E Form 8-K Current Report (filed Nov. 27, 2017) ("**Nov. 27, 2017 Form 8-K**")

15. PG&E Form 8-K Current Report (filed Dec. 20, 2017) ("**Dec. 20, 2017 Form 8-K**")

16. PG&E Form 8-K Current Report (filed June 11, 2018) ("**June 11, 2018 Form 8-K**")

17. PG&E Form 8-K Current Report (filed June 21, 2018) ("**June 21, 2018 Form 8-K**")

18. PG&E Form 8-K Current Report (filed Nov. 13, 2018) ("**Nov. 13, 2018 Form 8-K**")

*Notes Offerings and Exchange Offer*

19. Form 424B2 Prospectus Supplement to Form S-3 Shelf Registration Statement dated February 11, 2014 for the March 2016 Offering (filed Feb. 24, 2016) ("**Feb. 24, 2016 Pro. Supp.**")

20. Form 424B2 Prospectus Supplement to Form S-3 Shelf Registration Statement dated February 11, 2014 for the December 2016 Offering (filed Nov. 29, 2016) ("**Nov. 29, 2016 Pro. Supp.**")

21. PG&E Form 424B2 Prospectus Supplement to Form S-3 Shelf Registration Statement dated January 25, 2017 for the March 2017 Offering (filed Mar. 8, 2017) ("**Mar. 7, 2017 Pro. Supp.**")

22. PG&E Form 424B3 Offer to Exchange (filed Apr. 13, 2018) ("**Apr. 13, 2018 S-3**")

*Baupost's SEC Filings*

23. Baupost Form ADV Part 2A (filed Mar. 29, 2023)

### 2. The Court Should Take Judicial Notice Of Government Agency Regulations, Orders, Proceedings and Records That Are Publicly Available

Courts may properly take judicial notice of documents, decisions, and records that appear publicly on government agency websites. *See, e.g.*, *Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) ("We may take judicial notice of 'official information posted on a governmental website, the accuracy of which is undisputed.'" (alteration omitted) (quoting *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011))); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (taking judicial notice of "all of the documents at issue [because they] appear on the FDA's public website"); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. 2008) (noting "information on government websites [has] often been treated as [a] proper subject[] for judicial notice").

Accordingly, PG&E requests that the Court take judicial notice of the following publicly available regulations, orders, decisions, public proceedings and records:

*California Public Utility Commission ("CPUC") Regulations*

The following documents were published on CPUC website, www.cpuc.ca.gov and otherwise available in the public domain.

24. Safety and Enforcement Division ("SED"), CPUC, Resolution ESRB-4 (June 16, 2014) ("**ESRB-4**")

25. SED, CPUC, Resolution ESRB-8 (July 16, 2018) ("**ESRB-8**")

26. Relevant Excerpts of CPUC, General Order 95 (Jan. 2016) ("**Jan. 2016 GO 95**")

27. Relevant Excerpts of CPUC, Decision Adopting Regulations to Reduce the Fire Hazards Associated with Overhead Electric Utility Facilities and Aerial Communications Facilities, Decision 17-12-024, Rulemaking 15-05-006 (Dec. 21, 2017) ("**Dec. 2017 GO 95**")

28. Relevant Excerpts of CPUC, General Order 95 (May 2018) ("**May 2018 GO 95**")

29. CPUC, General Order 165 (Jan 12, 2012) ("**GO 165**")

*CPUC Citations & Audit Reports*

The following documents were published on CPUC website, www.cpuc.ca.gov. PERA previously requested that documents published by CPUC be judicially noticed in connection with a motion to dismiss in *In re PG&E Corporation Securities Litigation*, No. 3:18-cv-03509-RS, ECF No. 162 (N.D. Cal. Dec.. 12, 2018)

30. CPUC, Electric Safety Citations, https://www.cpuc.ca.gov/regulatory-services/enforcement-and-citations/electric-safety-citations (last visited Dec. 8, 2023) ("**CPUC Citations List**")

31. CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-001 (Jan. 23, 2015) ("**Jan. 2015 $100,000 Fine**")

32. CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-002 (Jan. 23, 2015) ("**Jan. 2015 $430,000 Fine**")

33. CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-004 (Jan. 30, 2015) ("**Jan. 2015 $150,000 Fine**")

34. CPUC, Audit of PG&E's Sacramento Division, EA2014-30 (Feb. 9, 2015) ("**2015 Sacramento Audit**")

35. CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-03-001 (Mar. 20, 2015) ("**Mar. 2015 $200,000 Fine**")

36. CPUC, Decision on Fines and Remedies To Be Imposed on Pacific Gas and Electric Company for Specific Violations in Connection With the Operation and Practices of Its Natural Gas Transmission System Pipelines, Decision 15-04-024 (Apr. 9, 2015) ("**Apr. 2015 $1.6 Billion Fine**")

37. CPUC, Audit of PG&E's Eureka Headquarters – Electric Transmission, TA2015-001 (Apr. 13, 2015) ("**2015 Eureka Audit**")

38. CPUC, Audit of PG&E's East Bay Division, EA2014-032 (June 5, 2015) ("**2015 East Bay Audit**")

39. CPUC, Audit of PG&E's Fresno Division, EA2015-01 (July 13, 2015) ("**2015 Fresno Audit**")

40. CPUC, Citation for Violations of General Order 128 Issued Pursuant to Decision 14-12-001, Citation No. D.14-12-001 15-07-001 (July 21, 2015) ("**July 2015 $450,000 Fine**")

41. CPUC, Audit of PG&E's Peninsula Division, EA2015-0088 (Aug. 10, 2015) ("**2015 Peninsula Audit**")

42. CPUC, Audit of PG&E's Hayward Headquarters – Electric Substation, SA2015-006 (Sept. 8, 2015) ("**2015 Hayward Audit**")

43. CPUC, Audit of PG&E's Metcalf Division – Electric Transmission, TA2015-002 (Sept. 14, 2015) ("**2015 Metcalf Audit**")

44. CPUC, Audit of PG&E's Sonoma Division, EA2015-018 (Dec. 31, 2015) ("**2015 Sonoma Audit**")

45. CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) ("**2016 Central Coast Audit**")

46. CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 16-03-001 (Mar. 29, 2016) ("**Mar. 2016 $200,000 Fine**")

47. CPUC, Audit of PG&E's De Anza Division, EA2016-004 (Apr. 15, 2016) ("**2016 De Anza Audit**")

48. CPUC, Audit of PG&E's San Jose Division, EA2016-002 (Apr. 22, 2016) ("**2016 San Jose Audit**")

49. CPUC, Audit of PG&E's Moss Landing Headquarter, TA2016-003 (May 19, 2016) ("**2016 Moss Landing Audit**")

50. CPUC, Audit of PG&E's Midway Division, TA2016-05 (Sept. 21, 2016) ("**2016 Midway Audit**")

51. CPUC, Audit of PG&E's Victor Division, TA2016-006 (Nov. 7, 2016) ("**2016 Victor Audit**")

52. CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 G.16-12-001 (Dec. 23, 2016) ("**Dec. 2016 $5.45 Million Fine**")

53. CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 E.17-04-001 (Apr. 25, 2017) ("**Apr. 2017 $8 Million Fine**")

54. CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 E.17-04-002 (Apr. 25, 2017) ("**Apr. 2017 $300,000 Fine**")

55. CPUC, Electric Distribution Audit of PG&E's Yosemite Division, EA2017-748 (May 4, 2017) ("**2017 Yosemite Audit**")

56. CPUC, Audit of PG&E's Diablo Division, EA2017-750 (May 30, 2017) ("**2017 Diablo Audit**")

57. CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 E.17-06-001 (June 6, 2017) ("**June 2017 $400,000 Fine**")

58. CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 G.18-02-001 (Feb. 16, 2018) ("**Feb. 2018 $100,000 Fine**")

59. CPUC, Audit of PG&E's North Bay Division, EA2018-811 (May 30, 2018) ("**2018 North Bay Audit**")

60. CPUC, Audit of PG&E's Sierra Division, EA2018-799 (June 11, 2018) ("**2018 Sierra Audit**")

61. CPUC, Electric Distribution Audit of PG&E's Sonoma Division, EA2018-800 (July 31, 2018) ("**2018 Sonoma Audit**")

62. CPUC, Audit of PG&E's Humboldt Division, EA2018-801 (Sept. 6, 2018) ("**2018 Humboldt Audit**")

63. CPUC, Audit of PG&E's Los Padres Division, EA2018-814 (Oct. 25, 2018) ("**2018 Los Padres Audit**")

*CPUC Reports, Submissions and Proceedings*

The following reports, testimony, and application were published by on CPUC website, www.cpuc.ca.gov and/or published on the CPUC website, and republished by news sources.

64. SED Investigation Report on the December 4, 2017 Wildfire in Santa Paula, California Involving Southern California Edison Facilities That Came to be Known as the Thomas Fire (undated) ("**SED Investigation Report of the Thomas Fire**")

65. SED Investigation Report of the Woolsey Fire (undated)

66. CPUC, Pacific Gas and Electric Company - Fire Incident Data Collection Plan: Report Data Compiled from 2014-2017 (2018) ("**Fire Incident Data Report**")

67. PG&E, Application of Pacific Gas and Electric Company to Recover Costs Recorded in the Catastrophic Event Memorandum Account Pursuant to Public Utilities Code Section 454.9 and Forecasted Pursuant to Resolution ESRB-4 (Mar. 30, 2018) ("**CEMA Application**")

68. CPUC, PG&E's Response to Safety and Enforcement Divisions' 10/14/17 Questions (Oct. 17, 2017) ("**PG&E's Oct. 17, 2017 Response to SED's Questions**")

69. SED Incident Investigation Report of the Camp Fire (Nov. 8, 2019) ("**SED Investigation Report of the Camp Fire**")

70. CPUC, Incident Investigation Report (Mar. 29, 2017) ("**SED Butte Fire Report**")

71. PG&E's (U 39 E) Report in Response to Attachment B of the Commission's Order Instituting Investigation and Order to Show Cause, No. I.19-06-015 (CPUC Aug. 5, 2019) ("**Aug. 5, 2019 Report to CPUC**")

72. Comments of the Utility Reform Network on the Request for Safety Certification by Pacific Gas and Electric Company, Rulemaking 18-10-007 (CPUC Aug. 12, 2020) ("**Utility Reform Network Comments**")

73. PG&E, Nickolas Stavropoulos, Safety Culture and Governance OII: Prepared Testimony (Jan. 8, 2018) ("**Stavropoulos Testimony**")

*California Department of Forestry and Fire Protection ("Cal Fire") Press Releases and Reports*

The following press releases and reports were published by California Department of Forestry and Fire Protection on their website https://www.fire.ca.gov/ and/or published on the CPUC website, and republished by news sources.

74. Cal Fire, Investigation Report: Butte Incident (Apr. 28, 2016),

75. News Release, Cal Fire, CAL FIRE Investigators Determine Cause of Destructive Butte Fire (Apr. 28, 2016)

76. News Release, Cal Fire, CAL FIRE Investigators Determine Cause of Four Wildfires in Butte and Nevada Counties (May 25, 2018)

77. News Release, Cal Fire, CAL FIRE Investigators Determine Causes of 12 Wildfires in Mendocino, Humboldt, Butte, Sonoma, Lake and Napa Counties (June 8, 2018)

78. News Release, Cal Fire, CAL FIRE Investigators Determine the Cause of the Cascade Fire (Oct. 9, 2018)

79. News Release, Cal Fire, CAL FIRE Investigators Determine the Cause of the Tubbs Fire (Jan. 24, 2019)

80. News Release, Cal Fire, CAL FIRE Investigators Determine Cause of the Camp Fire (May 15, 2019)

81. 2016 California Department of Forestry and Fire Protection Redbook ("**2016 Cal Fire Redbook**")

*Federal Energy Regulatory Commission* (FERC) *Public Filings*

The following documents are provided for public notice and available for comment as part of electric transmission rate cases and related proceedings. These documents are available on FERC's website and in its online archives.

82. Prepared Testimony of David P. Gabbard on Transmission Risk Management and Project Management Improvements, attached as Exhibit PGE-0003 to FERC Application ("**Gabbard Testimony**")

83. Prepared Testimony of Jessica Tsang on Transmission Operation and Maintenance Expenses, attached as Exhibit PGE-0006 to FERC Application ("**Tsang Testimony**")

*Other Government and Agency Publications*

84. Press Release, State of California, *Governor Brown Declares Drought State of Emergency* (Jan. 17, 2014)

85. Association of California Water Agencies, *2014 Droughts: Impacts and Strategies for Resilience* (June 2014) ("**2014 Drought Report**"), published by ACWA on its website, *www.acwa.com*, and republished by various news sources

86. Opening Statement for Pat Hogan, Wildfire Hearing – Senator Hill, Subcommittee on Gas, Electric, and Transportation Safety (Nov. 18, 2015) https://seuc.senate.ca.gov/sites/seuc.senate.ca.gov/files/11-18-15_pge_testimony.pdf ("**Hogan Senate Hearing Statement**").

87. Butte County District Attorney, The Camp Fire Public Report: A Summary of the Camp Fire Investigation (June 16, 2020) https://seuc.senate.ca.gov/sites/seuc.senate.ca.gov/files/11-18-15_pge_testimony.pdf ("**Butte County DA Report**")

### 3. **The Court Should Take Judicial Notice Of Pleadings And Court Filings In Relevant Cases**

Courts may properly take judicial notice of public filings made in proceedings in other courts. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *In re JUUL Labs, Inc., Mktg., Sales Practices & Prods. Liability Litig.*, 497 F. Supp. 3d 552, 606 n.28 (N.D. Cal. 2020) (same); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1086 (N.D. Cal. 2017) (same).

Accordingly, PG&E requests that the Court take judicial notice of the following public court filings:

*In re PG&E Corporation Securities Litigation*

88. Class Action Complaint for Violation of the Federal Securities Laws, *Moretti v. PG&E Corporation et al.*, No. 3:18-cv-03545 (N.D. Cal. June 14, 2018) ("**Moretti Complaint**")

89. Class Action Complaint for Violation of Federal Securities Law, *Weston v. PG&E Corporation et al.*, No. 3:18-cv-03509-RS (N.D. Cal. June 12, 2018) ("**Weston Complaint**")

90. Consolidated Class Action Complaint for Violation of the Federal Securities Laws, *In re PG&E Corporation Securities Litigation*, No. 3:18-cv-03509-RS, ECF No. 83 (N.D. Cal. Nov. 9, 2018) ("**FAC**")

91. Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, *In re PG&E Corporation Securities Litigation*, No. 3:18-cv-03509-RS, ECF No. 95 (N.D. Cal. Dec. 14, 2018) ("**SAC**")

92. Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, *In re PG&E Corporation Securities Litigation*, No. 3:18-cv-03509-EJD, ECF No. 121 (N.D. Cal. May 28, 2019) ("**TAC**")

93. Memorandum of Points and Authorities in Support of Defendant Directors and Underwriters' Motion to Dismiss Third Amended Consolidated Class Action Compliant, *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD, ECF No. 155-1 (N.D. Cal. Oct. 4, 2019) ("**Directors and Underwriters' Opening Brief**")

94. Brief in Support of the Officer Defendants' Motion to Dismiss the Third Amended Consolidated Class Action Complaint *In re PG&E Corporation Securities Litigation*, No. 5:18-cv-03509-EJD, ECF No. 149 (N.D. Cal. Oct. 4, 2019) ("**Officer Defendants' Opening Brief**")

*San Bruno Criminal Action*

95. Order, *United States of America v. Pacific Gas & Electric Company*, No. 3:14-cr-00175-TEH, ECF No. 916 (N.D. Cal. Jan. 26, 2017) ("**Order Instituting Monitor**")

96. Pacific Gas and Electric Company's Response to Request for Information, *United States of America v. Pacific Gas & Electric Company*, No. 3:14-cr-00175-WHA, ECF No. 1015 (Feb. 22, 2019) ("**PG&E Response to Request for Information**")

97. Comments of the California Public Utilities Commission in Response to Order to Show Cause, *United States of America v. Pacific Gas & Electric Company*, No.

3:14-cr-00175-WHA, ECF No. 987 (Jan. 28, 2019) ("**CPUC Response to Order to Show Cause**")

*Camp Fire Criminal Action*

98. Indictment, *California v. Pacific Gas and Electric Company*, No. 20-cf-01422 (Mar. 27, 2020) ("**Camp Fire Indictment**")

99. Plea Agreement and Settlement, *California v. Pacific Gas and Electric Company*, No. 20-cf-01422 (Mar. 17, 2020) ("**Camp Fire Plea Agreement**")

*State Court Actions*

100. Class Action Complaint, *Lore OLDS, d/b/a Sky Vineyards v. PG&E Corp.*, No. CGC-17-562791, 2017 WL 6451625 (Cal. Super. Nov. 30, 2017) ("**Lore OLDS Complaint**")

101. Complaint, *Lentine v. Williams*, No. CGC-17-562553, 2017 WL 6451623 (Cal. Super. Ct. Nov. 16, 2017) ("**Lentine Complaint**")

102. Complaint, *Firemen's Ret. Sys. of St. Louis v. Williams*, No. CGC-17-562591, 2017 WL 6451626 (Cal. Super. Ct. Nov. 20, 2017) ("**Firemen's Ret. Sys. Complaint**")

*Bankruptcy Action*

113. Baupost Supplemental Proof of Claim, *In re PG&E Corporation*, No. 19-30088, Claim No. 109847 (Dec. 28, 2022) **("Supplemental POC")**

### 4. The Court Should Take Judicial Notice Of PG&E Corp.'s Historical Stock Price

Courts regularly take judicial notice of the historical stock prices of publicly traded companies. *See, e.g., In re Atossa Genetics Inc. Secs. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (taking judicial notice of historical stock price); *Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d at 1064 n.7; *In re Copper Mountain Secs. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004); *In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008); *Morgan v. AXT, Inc.*, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005).

Accordingly, PG&E requests that the Court take judicial notice of PG&E Corp.'s historical stock prices as of the following dates based on publicly available historical records and data available from public finance websites:

103. PG&E's (PCG) historical stock prices from April 29, 2015, through November 15, 2018. Yahoo Finance ("**PCG Historical Price**")

### 5. The Court Should Take Judicial Notice of News Articles, Press Releases and Online Publications

Courts may properly take judicial notice of publicly available articles, news releases, and reports, when such documents are being offered for the fact that the articles and the statements therein were publicly available at the time the articles were published (*i.e.*, that the documents state what they state). *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "the fact that various newspapers, magazines, and books have published information . . . as an indication of what information was in the public realm at the time"); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920-21 (N.D. Cal. 2020) (same); *In re Twitter, Inc. Secs. Litig.*, 2020 WL 4187915, at *2-3 (N.D. Cal. Apr. 17, 2020) (same); *In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d at 1004 (same). That content is not subject to reasonable dispute and appropriate for judicial notice.

The following articles, releases, and reports were published publicly on PG&E's website, PG&E's social media account, and by various news outlets. Accordingly, PG&E requests that the Court take judicial notice of the following publicly available articles, releases, and reports:

104. PG&E, Company Profile, https://www.pge.com/en/about/company-information/company-profile.html **("PG&E Company Profile")**

105. PG&E, Facts About PG&E's Wildfire and Prevention Safety Efforts, PG&E Currents, Nov. 5, 2017, http://www.pgecurrents.com. ("**Facts About PG&E's Wildfire and Prevention Safety Efforts**")

106. @PGE4Me, Twitter (Nov. 8, 2018, 3:14 PM), https://x.com/PGE4Me/status/1060672000929267713?s=20 ("**Nov. 2018 Tweet**")

107. Press Release, PG&E, In Advance of 2018 Wildfire Season, PG&E Takes Action with Comprehensive Community Wildfire Safety Program (March 22, 2018)

108. PG&E, Public Safety Power Shutoff Policies and Procedures (Sept. 27, 2018) ("**Shutoff Protocol**")

109. Sam Stanton, *Wave of lawsuits blames PG&E for deadly California fires*, Sacramento Bee (Nov. 14, 2017) ("**Nov. 14, 2017 Sacramento Bee Article**")

110. Jaxon Van Derbeken, *PG&E Risk Assessment at Issue in North Bay Wildfires*, NBC Bay Area (Nov. 14, 2017) ("**Nov. 14, 2017 NBC Article**")

111. Julie Johnson, *Cal Fire: PG&E equipment caused 12 wildfires*, Sonoma Index-Tribune (June 12, 2018) ("**June 12, 2018 Sonoma Index-Tribune Article**")

112. Alex Wolf, *PG&E Liability Has Calif. Considering Ch. 11 Alternative*, Law360 (Aug. 17, 2018) ("**Aug. 17, 2018 Law360 Article**")

## III. CONCLUSION

As set forth above, PG&E respectfully requests that the Court consider the foregoing Exhibits incorporated by reference or otherwise take judicial notice of them when considering the Reorganized Debtors' Claims Objections.

Dated: December 13, 2023

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP
LATHAM & WATKINS LLP**

By: */s/ Joshua G. Hamilton*

Joshua G. Hamilton

Attorneys for Debtors and Reorganized Debtors