**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR REORGANIZED DEBTORS' OBJECTIONS TO CERTAIN SECURITIES CLAIMS, AND RELATED RELIEF**<br><br>**[Related to Docket Nos. 14200, 14203, 14206]**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**") (a) for an order, pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), authorizing the Reorganized Debtors to file an oversized brief in connection with (i) the *Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection To PERA and Securities Act Plaintiffs' TAC, Including To Certain Claimants That Adopted The TAC* [Dkt. No. 14200] (the "**PERA Objection**"), (ii) the *Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection To Claims Adopting RKS Amendment* [Dkt. No. 14203] (the "**RKS Objection**"), and (iii) the *Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection To The Baupost Amendment*[1] [Dkt. No. 14206] (the "**Baupost Objection**," and collectively with the PERA Objection and the RKS Objection, the "**Objections**"),[2] which the Reorganized Debtors filed on the date hereof; and (b) for an order relieving the Reorganized Debtors of the 250-claim limit for omnibus objections set forth in the Securities Omnibus Objection Procedures for purpose of the RKS Objection, thereby allowing the Reorganized Debtors to object to more than 250 claims by way of that objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.        JURISDICTION**

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

---

[1] Although the Baupost Objection is under 25 pages, the Reorganized Debtors are requesting this relief because it incorporates the PERA Objection.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objections.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

## III. ISSUES ADDRESSED IN THE OBJECTIONS

The Objections address the merits of lengthy allegations in pleadings incorporated into proofs of claim filed by certain holders of securities claims.

The Objections describe the factual and procedural background of these securities claims, and present detailed arguments showing the claimants' failure to state claims under both the Securities Exchange Act of 1934 (the "**Exchange Act**") and the Securities Act of 1933 (the "**Securities Act**"). These include arguments relating to falsity, scienter, loss causation, reliance, statutory damages, statutes of limitations, and other areas of securities law. Each issue requires close analysis and detailed application of the law to the facts asserted by the claimants—especially considering that the allegations implicate PG&E's public disclosures over a 3.5 year period.

The RKS Objection and the Baupost Objection, which incorporate the PERA Objection, address additional allegations and/or claims raised in the RKS Amendment and the Baupost Supplemental Proof of Claim, respectively.

## IV. OVERSIZED BRIEFING FOR THE OBJECTIONS IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Reorganized Debtors submit that sufficient cause exists for the Court to allow oversized briefing for the Objections. As set forth above, additional briefing is necessary to thoroughly address the relevant legal and factual issues. PERA's Third Amended Complaint, which is the subject of the

PERA Objection, is 216 pages long and contains 706 paragraphs of allegations and claims. The RKS Amendment that is the subject of the RKS Objection is 194 pages long and contains 673 paragraphs of allegations and claims. And the Baupost Supplemental Proof of Claim, which is the subject of the Baupost Objection, is 26 pages long and contains 42 paragraphs of allegations.

Oversized briefs for motions to dismiss complaints of similar length are common in securities actions, and particularly so where the claimants assert securities claims based on both equity and debt that require analysis of both the Exchange Act and the Securities Act, respectively. The District Court Action is informative here. There, the officer defendants filed a 35-page motion to dismiss that addressed only the equity claims brought under the Exchange Act, *in re PG&E Corp. Sec. Litig.*, 5:18-cv-03509-EJD, ECF No. 149, and the director and underwriter defendants filed a separate 35-page motion to dismiss that addressed only claims brought under the Securities Act, *id.*, ECF No. 155. In other words, briefing both the Exchange Act and Securities Act claims required 70 pages. Here, given that the Reorganized Debtors are moving as to *both* Exchange Act and Securities Act claims, some of which are new claims not previously asserted in the District Court Action, and that the Reorganized Debtors are raising certain claimant-specific defenses (while the officers, directors, and underwriters raised defenses as to a single putative class), it is appropriate for the Reorganized Debtors to receive relief to file briefs of lengths greater than those filed by the officer, director, and underwriter defendants in the District Court Action. Accordingly, the extension to the page limit requested in this Application is necessary and reasonable and the Reorganized Debtors respectfully submit that no party will be prejudiced by this request.

The Court has granted similar relief to the Reorganized Debtors and other parties in these Chapter 11 Cases. *See e.g.*, Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 4410 (Debtors' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (Debtors' Wildfire Claims Estimation Motion). Further, in consideration of the paramount interests of all creditors in these Chapter 11 Cases, the Court has regularly allowed oversize briefing for matters involving the claims resolution process. *See* Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 2718 (Debtors' Bar Date Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt.

No. 13812 (Reorganized Debtors' Reply in Support of Sixth Motion to Extend Time to Object to Claims).

Accordingly, the Reorganized Debtors believe it is appropriate to request authority for the Objections to exceed the twenty-five pages allowed under Bankruptcy Local Rule 9013-1(c).

## V. RELIEF FROM THE LIMIT OF 250 CLAIMS PER OMNIBUS OBJECTION IS WARRANTED

The RKS Objection seeks the disallowance of 761 claims that all adopted the RKS Amendment. Pursuant to Paragraph I.B of the Securities Omnibus Objection Procedures, the Reorganized Debtors may object to up to 250 Securities Claims per Omnibus Objection. In this case, the interests of the parties and the Court will be served by granting the Reorganized Debtors relief from that 250-claim limit, and allowing the RKS Objection to seek disallowance of the greater than 250 claims that adopted the RKS Amendment. The majority of the arguments set forth in the RKS Objection apply to all such claims, and there is no reason to require the filing of multiple identical omnibus objections. Counsel for the Reorganized Debtors confirmed that counsel for the RKS group of claimants do not object to this request, and the handful of non-RKS claimants that adopted the RKS Amendment will suffer no prejudice from granting the requested relief.

## VI. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who are respondents to the Objections; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (a) authorizing the Reorganized Debtors to file and serve the following, in excess of twenty-five pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith):

(i) the PERA Objection, not to exceed ninety-five pages, (ii) the RKS Objection, not to exceed thirty-five pages, and (iii) the Baupost Objection, not to exceed twelve pages; (b) authorizing the Reorganized Debtors to object to more than 250 claims by way of the RKS Objection; and (c) awarding such other and further relief as the Court may deem just and appropriate.

Dated: December 13, 2023

**WEIL, GOTSHAL & MANGES LLP**
**LATHAM & WATKINS LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Joshua G. Hamilton*
Joshua G. Hamilton

*Attorneys for Debtors and Reorganized Debtors*