WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' THIRTY-EIGHTH SECURITIES CLAIMS OMNIBUS OBJECTION TO CLAIMS FILED BY ISS (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND ADR NO LIABILITY CLAIMS)**<br><br>Date: April 9, 2024<br>Time: 4:00 p.m. (Pacific Time)<br>Place: (Tele/Videoconference Appearances Only)<br><br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Partner and Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection To Claims Filed By ISS (Insufficient Substantive Allegations and ADR No Liability Claims)* (the "**Objection**"), filed contemporaneously herewith.[1]

2. In my current position, I am responsible for overseeing the bankruptcy case management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My areas of responsibility include (a) the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than Fire Claims and Subrogation Wildfire Claims, and (b) providing support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel and the Reorganized Debtors' various advisors and counsel, and my review of relevant documents and information. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Reorganized Debtors.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

3.      The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4.      As part of the claims review and reconciliation process, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which Claimants have not complied with the Securities ADR Procedures Order by failing to respond to offers made pursuant to the Offer Procedures of the Securities ADR Procedures—even after a significant number of reminders and outreach by the Reorganized Debtors and their advisors.

5.      The Omnibus Objection is directed to Proofs of Claim identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims to Be Disallowed and Expunged," and referred to in the Omnibus Objection as the "ISS Claims" or the "Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with the document, its contents, and the process under which it was prepared.

6.      The Reorganized Debtors sent ISS a Settlement Offer pursuant to the Offer Procedures on August 15, 2023. The settlement offer provided detailed instructions on how to respond to the settlement offer, including through the Securities Claims Settlement Portal, by email, or by mail. The settlement offer notified ISS that the Securities ADR Procedures Order requires ISS to accept, reject, or make a counteroffer by the Settlement Response Deadline.

7.      On or about August 24, 2023, a follow up email correspondence was sent to ISS, which, again, provided ISS with detailed instructions on how to respond to the settlement offer, including through the Securities Claims Settlement Portal, by email, or by mail. This reminder email also notified ISS that the Securities ADR Procedures Order requires ISS to accept, reject, or make a counteroffer by the Settlement Response Deadline.

8.      On August 25, 2023, ISS was called and a voicemail message was left. An

additional call was placed to ISS on September 29, 2023, and an AlixPartners employee spoke with an ISS employee regarding the settlement offer.

9. In accordance with the Securities ADR Procedures Order, the response to the Settlement Offer must be received by the Reorganized Debtors by the Settlement Response Deadline. The Reorganized Debtors did not receive an acceptance, rejection, or counteroffer by the Settlement Response Deadline, or any time past that date, with respect to any of the Claims identified on **Exhibit 1**.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed December 13, 2023 in Dallas, Texas.

                                        */s/ Robb McWilliams*
                                        Robb McWilliams
                                        Partner and Managing Director