Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
    ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PG&E CORPORATION, | Case No. 19-30088 (DM) |
| -and- | (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **STATEMENT OF BAUPOST GROUP SECURITIES, L.L.C. IN CONNECTION WITH DECEMBER 19, 2023 STATUS CONFERENCE** |
| Debtors. | |
| ☐ Affects PG&E Corporation | Date: December 19, 2023 |
| ☐ Affects Pacific Gas and Electric Company | Time: 10:00 a.m. (Pacific Time) |
| ☒ Affects both Debtors | Place: (Tele/Videoconference Only) United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

      Baupost Group Securities, L.L.C. ("**Baupost**"), on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of the Debtors' equity securities at issue herein, hereby submits this status conference statement

(the "**Statement**") in advance of the December 19, 2023 conference.  Baupost is a Securities Claimant, as that term is defined in the Court's *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943] and a substantial holder of Securities Claims, having filed Rescission or Damage Claim Proofs of Claim on April 15, 2020 [Claim Nos. 100269 and 100309] and on December 28, 2022 [Claim Nos. 109847 and 109848].

Pursuant to the Docket Text Order entered by the Court on November 5, 2023, the deadlines governing briefing on PG&E's recently-filed objection to Baupost's proofs of claim [Dkt. No. 14206] (the "**Objection**") will be set at the status conference scheduled for December 19, 2023.  Baupost submits this Statement to set forth its suggested scheduling on the Objection, which will afford Baupost sufficient time and opportunity to respond to the Objection and to pursue limited discovery relating thereto.

As the Court is aware, "the filing of an objection to a proof of claim . . . creates a dispute which is a contested matter," *see* Adv. Comm. Notes to FED. R. BANKR. P. 9014, and Rule 9014(c) provides for discovery in contested matters.  To that end, Baupost has served document requests on PG&E, which are returnable on January 15, 2024, and is also seeking five depositions—one of a current PG&E employee and four of former PG&E officers who are defendants in the District Court Action.[1]  This is not plenary discovery concerning all of the factual issues presented by Baupost's proofs of claim and the Objection, but rather, targeted discovery addressed to specific questions raised by PG&E in the Objection.[2]

The process of obtaining discovery from PG&E and its current and former officers will necessarily take time.  In the event that PG&E objects to such discovery, it will take additional time to resolve any such objection.  It was for this reason that Baupost previously suggested that it be granted 90 days to respond to the Objection.  *See* Dkt. No. 14119.

---

[1] The "**District Court Action**" refers to *In re PG&E Corp. Secs. Litig.*, No. 3:18-cv-03509-EJD (N.D. Cal.).

[2] Baupost reserves its right to seek plenary discovery at the appropriate time.

Irrespective of whether Baupost were seeking discovery, however, granting Baupost 90 days to respond to the Objection would be warranted by the sheer volume of PG&E's related submissions. Although the Objection to Baupost's Supplemental Proofs of Claim is 18 pages long, it incorporates and references arguments that PG&E makes in its 95-page objection to PERA's claims and its 35-page objection to RKS's claims.[3] Moreover, despite asking the Court to treat its objections under a motion to dismiss standard, PG&E also asks the Court to take judicial notice of 113 exhibits, totaling nearly 4,500 pages. See Dkt Nos. 14200, 14203, 14208. Thus, in responding to the Objection, Baupost must consider and address almost 150 pages of briefing and 113 exhibits filed by PG&E.

Although the Court previously questioned whether a 90-day response deadline would be appropriate, Baupost respectfully submits that, in light of the considerations described above, the Court should approve a 90-day response deadline, subject to reasonable extension if required to complete the limited discovery Baupost is pursuing.

Respectfully submitted,

Dated: December 15, 2023     PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Debra Grassgreen*
     Isaac M. Pachulski
     Debra I. Grassgreen

     - and -

     Eric Seiler (admitted *pro hac vice*)
     Jason C. Rubinstein (admitted *pro hac vice*)
     Michael S. Palmieri (admitted *pro hac vice*)
     FRIEDMAN KAPLAN SEILER
        ADELMAN & ROBBINS LLP

     *Attorneys for Securities Claimant,
     Baupost Group Securities, L.L.C.*

---

[3] "**PERA**" refers to the Public Employees Retirement Association of New Mexico and "**RKS**" refers to the Securities Claimants represented by Rolnick Kramer Sadighi LLP.