WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

LATHAM & WATKINS LLP
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

LATHAM & WATKINS LLP
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case Nos. 19-30088 (DM) <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' PRE-HEARING STATEMENT REGARDING THE DECEMBER 19, 2023 HEARING** <br><br> Date: December 19, 2023 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Tele/Videoconference Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**"), hereby submit this pre-hearing statement for the December 19, 2023 conference.

At the October 17, 2023 hearing, the Court set the December 19, 2023 conference, pursuant to the *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934] (the "**Amendment and Objection Procedures**"), to discuss the schedule for briefing the sufficiency objections / Motions to Dismiss (the "**Motions to Dismiss**") filed by the Reorganized Debtors for the proofs of claim filed by PERA, claimants represented by Rolnick Kramer Sadighi LLP ("**RKS**"), and Baupost, as well as certain claimants that adopted the allegations and claims asserted in those proofs of claim. The Reorganized Debtors filed the Motions to Dismiss, consistent with the schedule set forth in the Amendment and Objection Procedures, on December 13, 2023. *See* Amendment and Objection Procedures at ¶¶ 5, 9.

As the Court is aware, PERA has indicated that it may file a motion to withdraw the reference but has not made clear if or when that motion will be filed, the grounds and bases for the proposed withdrawal, and the scope of any such requested withdrawal. PG&E asked PERA for clarity on these points again Friday. If PERA does intend to file a motion to withdraw, interested parties and the Court need to review that motion before setting a schedule for the Motions to Dismiss. There are a number of ways such a motion could impact the schedule going forward, including how matters could efficiently and appropriately proceed in this Court when the possibility exists that related or similar matters might proceed in another court.

Notwithstanding the above, if the Court determines it should set a schedule for the Motions to Dismiss now, the parties have largely agreed on a joint schedule. Indeed, prior to the last status conference scheduled for November 7, 2023 (but which was cancelled by the Court), PG&E, PERA, and RKS agreed on 60 days for the oppositions to the Motions to Dismiss and, assuming there are oppositions from only PERA, RKS, and Baupost, 45 days for the replies. Baupost took the position that there should be at least 90 days for the oppositions. PG&E does not object to this 90-day period for oppositions to the Motions to Dismiss—although as discussed below, PG&E objects to the taking of discovery prior to the Motions to Dismiss being decided—subject to (a) the same deadline applying for oppositions to all

Motions to Dismiss, and (b) a 60-day period for replies (assuming that only Baupost, PERA and RKS submit oppositions).

PG&E also provides the following update and report on a few additional topics for the Court's benefit.

### A. The Tremendous Progress in Resolving Claims Pursuant to the ADR Procedures

The Securities ADR Procedures and the related Amendment and Objection Procedures have continued to work to facilitate the resolution of the Securities Claims, with the result that the Reorganized Debtors have now resolved over 79% of all Securities Claims: of the 8,975 Securities Claims (which includes amendments as separate Securities Claims until the prior claim is expunged as a duplicate),[1] over 7,100 have now been resolved, including approximately 4,450 claims resolved by settlement. Settlements have been consummated with small and large claimants, including many large and sophisticated institutions and funds, often represented by counsel (some of whom have appeared before the Court). The unsupported narrative by some that settlements have only been reached with small claimants is incorrect. **Excluding the RKS Claimants, the Reorganized Debtors have settled with 17 of the 25 claimants that have the largest claims**.

As of the date of this submission, only approximately 1,875 Securities Claims remain unresolved, and even that number understates PG&E's substantial progress in resolving the Securities Claims. Of the 1,875 unresolved Securities Claims, approximately 760 are claims represented by RKS and another approximately 200 claims have been filed by Vanguard or its affiliates. In other words, RKS and Vanguard alone account for more than half of the unresolved Securities Claims. Thus, there are now only about 900 unresolved Securities Claims other than those represented by RKS or filed by Vanguard. Because many claimants or affiliated groups of claimants often filed multiple proofs of claim, these 900 proofs of claims represent only approximately 370 unique filers of proofs of claim—and the Reorganized Debtors expect that this number will continue to be significantly reduced by objections and settlements

---

[1] The total number of Securities Claims treats amendments to Securities Claims as separate Securities Claims until the earlier claim is expunged as a duplicate.

in the coming months, before the Motions to Dismiss are decided. To put this 370 figure in context, at the beginning of 2023, there were approximately 2,760 unique filers of proofs of claim.

Moreover, the progress of the ADR Securities Procedures this year is impressive and as the Reorganized Debtors had predicted. For example, the chart below shows the increase in resolved claims throughout 2023 from 3,045 as of January 1, 2023 to over 7,100 resolved claims as of the filing of this status report:



Similarly, the chart below shows that settlements have increased from 1,026 as of January 1, 2023 to 4,455 as of the date of this status report:



In short, the ADR Securities Procedures are working and show there is no need for a class mechanism here. Indeed, the existence of the RKS claimants—which represent nearly as many claims as otherwise remain unresolved—demonstrate that joinder of claimants absent a class is feasible. Claimants have now had an opportunity to adopt the PERA complaint and the few who wanted to do so have done so. By the time the Court hears the 7023 motion, if ever, after discovery on class issues, it is likely that the unresolved securities claims will be decreased substantially more by objections and settlements. Not only is a "class" of Securities Claims unnecessary, but a class could not be certified at this point for lack of numerosity – a failure that will continue to become increasingly stark.

### B. The Filing of Additional Omnibus Sufficiency Objections

In addition to the filing of the Motions to Dismiss, on December 12, 2023 and December 13, 2023, PG&E also filed a number of additional omnibus objections. These objections all seek to dismiss claims where the claimants did not allege any substantive facts or causes of action in their proofs of claim and did not later amend their claims or adopt the allegations of a complaint filed by another claimant by October 13, 2023, as permitted by the Amendment and Objection Procedures. *Id.* at ¶ 4.[2] As such, these claimants do not adequately allege any causes of action or allege any supporting facts against the Debtors and their claims should therefore be disallowed and expunged. The filing of these omnibus objections is consistent with the disclosure in the Amendment and Objections Procedures that the Reorganized Debtors intended to make such sufficiency objections with respect to all unresolved claims. *Id.* at ¶ 9. In addition, the Reorganized Debtors added (where appropriate) other grounds for an omnibus objection. For example, in addition to not adequately pleading any claims, certain claimants also were Releasing Parties under the Plan and, therefore, released their securities claims against the Debtors. This provides an independent ground for dismissal of their claims. Similarly, in addition to not adequately pleading any claims, certain claimants also did not comply with the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Claims* (the "**Securities ADR Procedures**") [Dkt. No. 10015] by failing to respond to settlement offers and, consistent with other securities claimants who

---

[2] By contrast, 21 claimants representing 280 claims chose to adopt the PERA complaint and 4 claimants representing 6 claims chose to adopt the RKS complaint.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

did the same and have already had their claims expunged by the Court, these claimants also should have their claims disallowed and expunged. *See, e.g., Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Second Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 13981]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 14080]; *Order Disallowing And Expunging Proofs Of Claim Pursuant To Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release And Securities ADR No Liability Claims)* [Dkt. No. 14091]. In total, the Reorganized Debtors made the following omnibus objections:

- *Reorganized Debtors' Twenty-Eighth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Dkt. No. 14183], seeking to disallow and expunge proofs of claim, filed by certain securities claimants, that fail to assert basic legal and factual allegations required to plead a claim under the federal securities laws. The hearing date for this objection is February 13, 2024. The deadline to respond to this objection is January 30, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Twenty-Ninth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Dkt. No. 14186], seeking to disallow and expunge proofs of claim, filed by certain securities claimants, that fail to assert basic legal and factual allegations required to plead a claim under the federal securities laws. The hearing date for this objection is February 27, 2024. The deadline to respond to this objection is February 13, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors; Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Noteholder Securities Claims)*, [Dkt. No. 14189], seeking to disallow and expunge proofs of claim filed by certain securities claimants on two independent grounds: first, that the claimants have failed to assert basic legal and factual allegations required to plead a claim under the federal securities laws, and second, that each of the securities claimants were Releasing Parties under the Plan and released their securities claims. The hearing date for this objection is February 27, 2024. The deadline to respond to this omnibus objection is February 13, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Thirty-First Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Securities ADR No Liability Claims)* [Dkt. No. 14193], seeking to disallow and expunge proofs of claim filed by certain claimants on two independent grounds: first, that the claimants have failed to assert basic legal and factual allegations required to plead a claim under the federal securities laws, and second, that these claimants failed to comply with the Securities ADR Procedures by failing to respond to settlement offers. The hearing date for this objection is February 27, 2024. The deadline to respond to this omnibus objection is February 13, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Thirty-Second Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Voluntary Release Claims)* [Dkt. No. 14196], seeking to disallow and expunge proofs of claim filed by certain claimants on two independent grounds: first, that the claimants have failed to assert basic legal and factual allegations required to plead a claim under the federal securities laws, and second, that these claimants were Releasing Parties under the Plan and released their securities claims. The hearing date for this objection is February 27, 2024. The deadline to respond to this omnibus objection is February 13, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Thirty-Sixth Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Voluntary Release Claims)* [Dkt. No. 14210] seeking to disallow and expunge the claims of five securities claimants that have included with their proofs of claim certain bare-bones allegations that do not set forth the basic legal and factual bases for a securities claim. The hearing date for this objection is February 27, 2024. The deadline to respond to this omnibus objection is February 13, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Voluntary Release Claims)* [Dkt. No. 14213]*,* seeking to disallow and expunge proofs of claim filed by certain claimants that fail to assert basic legal and factual allegations required to plead a claim under the federal securities laws. The hearing date for this objection is March 12, 2024. The deadline to respond to this omnibus objection is February 27, 2024, at 4:00 P.M. Pacific.

- *Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection to Claims filed by ISS (Insufficient Substantive Allegations and ADR No Liability Claims)* [Dkt. No. 14219] seeking to disallow and expunge proofs of claim filed by ISS on two grounds: first, the Reorganized Debtors assert that the ISS claims fail to assert basic legal and factual allegations required to plead a claim under the federal securities laws, and second, that the claims should be independently expunged and disallowed because ISS failed to respond to settlement offers pursuant to the Court's January 25, 2021 Securities ADR Procedures. The hearing date for this objection is April 9, 2024. The deadline to respond to this omnibus objection is March 26, 2024, at 4:00 P.M. Pacific.

C.      **Baupost Discovery Issues**

In Baupost's conference Statement, Baupost asserts that the Motions to Dismiss create a contested matter that allows for discovery. Baupost's position lacks merit for a number of reasons, including, but not limited to that (a) the Court already decided this issue in its July 28, 2023 Order, determining in the Amendment and Objection Procedures, which were expressly negotiated with Baupost's input, that no discovery shall take place until *after* the Court decides the Motions to Dismiss (*see* Amendment and Objection Procedures at ¶¶ 9, 10(b) ("The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss . . . . While the motions to dismiss [] are pending, the

parties will agree to meet and confer on certain procedures for coordination of discovery ***should such discovery be necessary after the motions to dismiss are decided by the Court***," and "***after the motions to dismiss are decided*** . . . , the Court will hold a case management conference to, among other things, set a discovery schedule") (emphasis added); (b) discovery to oppose a Motion to Dismiss is particularly inappropriate in securities cases where defendants have challenged the sufficiency of the pleadings and rely on matters either incorporated by reference into the complaint or subject to judicial notice because the Private Securities Litigation Reform Act of 1995 expressly prohibits discovery before a Motion to Dismiss is decided in securities cases (*see* 15 U.S.C. § 78u–4(b)(3)(B) ("[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss")); and (c) given the number of claims and claimants, and the significant overlap of the claims (for example, Baupost has adopted PERA's Third Amended Complaint), discovery of the Reorganized Debtors and witnesses should take place in a coordinated fashion and only after the Motions to Dismiss are decided, if such discovery is still necessary.

If Baupost continues to improperly seek discovery pending the Motions to Dismiss, the parties should work out a briefing schedule for the Court to decide the issue and report back to the Court.

Dated: December 18, 2023

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**
**LATHAM & WATKINS LLP**

By: */s/ Richard W. Slack*

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*