| | |
|---|---|
| 1<br>2<br>3<br>4 | LAWRENCE A. JACOBSON, SBN 057393<br>SEAN M. JACOBSON, SBN 227241<br>COHEN AND JACOBSON, LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Telephone: (650) 261-6280<br>*laj@cohenandjacobson.com* |
| 5<br>6 | Attorneys for Amir Shahmirza<br>(Agent for Komir, Inc.) and Komir, Inc. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | ***EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS AFTER HEARING (TWO PAGE LIMIT)**<br><br>**Date: Ex Parte**<br>**Time: Ex Parte**<br>**Place: Ex Parte** |

---

Amir Shahmirza, as agent of, and acting on behalf of, Komir, Inc. ("Komir" or "Claimant"), submits this *Ex Parte* Motion for Leave to File Supplemental Materials after Hearing (Two Page Limit) pursuant to Local Civil Rule 7-3(d) and Bankruptcy Local Rule 1001-2 and represents as follows:

1. While the Court solicited evidentiary references during the hearing regarding the alignment, angles and height of the reconstructed lines, for purposes of this Motion only, Komir refers to the Declaration of John Raines, particularly Exhibit A-4 thereto, for the admission by PG&E that it lowered the repositioned lines by 5 feet at the tower and 4.9 feet at Komir's property with the lines lowered continuously across Komir's property for a distance of 304 feet to the edge of the flood channel, i.e., the entire north side of the Komir's property with a length of 304 feet has been affected by lowering of transmission lines affecting Komir's intended use, i.e., to erect or construct any building, improvement or structure` which caused Komir to objected and to revoke his consent. Komir seeks leave to file supplemental material that demonstrably depicts the amount of lowered height over the distance indicated in the Raines Declaration to eliminate confusion and uncertainty as to PG&E's admitted reduction of line height.

2. Prior to the hearing, no pleading indicated any need for clarification of the nature of Komir's use of the land, or proof of limitations on Komir's surface use, or proof of limitations on Komir's use of the space between the surface of the land and the Transmission Lines that PG&E now asserts must remain clear of buildings or other structures or tall items and cannot be used for construction or development, as relevant to the determination of the "exclusivity" of PG&E's use of the air space occupied by the Transmission Lines.

3. A primary issue presented in Claimant's Second Motion for Partial Summary Judgment is whether PG&E's use of the airspace occupied by its Transmission Lines was sufficiently exclusive of any shared use by Claimant as to require that

1. PG&E pay real property taxes as a prerequisite to obtaining any prescriptive rights to occupy Komir's airspace.

4. Responding Parties PG&E Corporation and Pacific Gas & Electric Company ("Debtors") presented in PG&E'S Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment ("Opposition") the argument that Debtors' use of the space occupied by the Transmission Lines was not exclusive because Komir would be able to use the surface land and the subterranean portions of the Property unaffected by the Transmission Lines above the surface without comment on the use of the Komir Property above the land under and adjacent to the Transmission Lines. (Opposition: 11:25-27). Claimant argues that Komir's use of the land is not determinative of exclusivity of PG&E's occupation of the airspace.

5. At the hearing, the Court made inquiries regarding potential uses of the surface area of the Komir Property and regarding proof of limitations on Komir's use of the surface area as reflected in these non-exclusive sections of the transcript:

62:9-11 "But is there any evidence that in all the years that your client owned the property, that he didn't have access to and some use of the property;"

63:3 and 9-10 "But is there proof that he can't use it? ... is there any proof, rather, that he can't use the property for anything?";

65:19-21 "And even though PG&E argues that your client can use the property – and you haven't proven that he can't"; and

68:19-25 "If Komir wanted to grow flowers on the property, tulips ... could he prevent him from growing tulips on the property? No. right. they might say we don't think that's a good idea to grow tulips under the power lines. But they couldn't prevent him from doing it, could they?"

6. The Court also commented on potential unfairness of a requirement that PG&E pay real property taxes to obtain prescriptive rights while Komir might construct a building, generate income, not be required to pay any real property taxes, and not be required to share income (Transcript at 70:22 - 71:7).

7. In view of the foregoing, the extent, if any, that PG&E would, or would not, authorize or oppose use of the land to erect or construct any building, improvement or structure presents an undetermined factor in the analysis of the requirement for payment of real property taxes that could not have been anticipated in view of the legal issues submitted for Summary Adjudication.

8. Komir seeks this Court's leave to file a two page supplemental brief and/or declaration concerning the limitations imposed on Komir's use of the land and the space between the land and the Transmission Lines as a consequence of PG&E's occupation of Komir's airspace and, for offer of proof, states:

    (a) PG&E has communicated to Amir Shahmirza that PG&E considers that Komir may not erect or construct any building, improvement or structure under or near the Transmission Lines for reasons relating to the characteristics of the Transmission Lines,[1] i.e., PG&E would not approve and would oppose any use of the space between the land and the Transmission Lines for those purposes and

    (b) As a consequence of not being able to erect or construct any building, improvement or structure between the land and the Transmission Lines, PG&E would never be in situation of being required to pay the real property taxes as a prerequisite to obtaining prescriptive rights while Komir would enjoy non-shared income from a building under the Transmission Lines (conversely, PG&E generates substantial income from the sale to the entire airport and northern Peninsula of the electricity that crosses Komir's property).

WHEREFORE, Komir prays that the Court authorize the filing of supplemental materials by both sides not to exceed two pages concerning the matters set forth above with filing to occur

---

[1] By letter dated December 27, 2023, to Messrs. Steven Lamb and Thomas Rupp, Komir has requested that PG&E confirm its position as to whether it considers that Komir may erect or construct any building, improvement or structure under the Transmission Lines, or not, and whether PG&E would oppose such construction but has not yet received a response. To date, PG&E has not responded.

*EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS AFTER HEARING (TWO PAGE LIMIT)

3

Case: 19-30088    Doc# 14253    Filed: 01/03/24    Entered: 01/03/24 19:14:10    Page 4 of 5

1 | no later than Friday, January 5, 2024.
2 | Respectfully submitted.
3 | Dated: January 3, 2024                    COHEN AND JACOBSON LLP

By: /s/ Lawrence A. Jacobson
         Attorneys for Claimant