ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick *(pro hac vice)*
lrolnick@rksllp.com
Marc B. Kramer *(pro hac vice)*
mkramer@rksllp.com
Richard A. Bodnar *(pro hac vice)*
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
Jeffrey Ritholtz *(pro hac vice)*
jritholtz@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*



**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**THE RKS CLAIMANTS' OBJECTION TO PERA'S LEAD PLAINTIFF MOTION**<br><br>**Hearing Information:**<br>Date: January 24, 2024<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephone Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. No Law Or Rule Allows For the Appointment of a "Lead Plaintiff" For an Uncertified Proposed Class in a Bankruptcy Claims Allowance Process .......... 2

II. The Court Has Not "Already Determined" the Typicality and Adequacy Prongs of Rule 23(a) Have Been Satisfied .......... 6

CONCLUSION .......... 7

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Tea Station Investment, Inc.*, 2021 WL 4988436 (Bankr. C.D. Cal. Oct. 26, 2021) ........ 2

*Pollar v. Judson Steel Corp.*, 1984 WL 161273 (N.D. Cal. Feb. 3, 1984) ........ 5

*Quezada v. Schneider Logistics Transloading & Dist.*, 2013 WL 1296761 (C.D. Cal. March 25, 2013) ........ 4

**Statutes**

15 U.S.C. 78u-4(a) ........ 2, 3

**Rules**

Fed. R. Civ. P. 23 ........ 2

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

The RKS Claimants[1] hereby submit this objection (the "**Objection**") to Public Employees Retirement Association of New Mexico's (**"PERA"**) Motion for entry of an order:

- Appointing PERA as Lead Plaintiff to represent the Proposed Class in these Chapter 11 proceedings (the **"Chapter 11 Cases"**); and
- Approving PERA's selection of counsel, Labaton Sucharow LLP (**"Labaton"**), as Lead Counsel.

(the **"Lead Plaintiff Motion,"** or **"Motion"**) [Dkt. No. 14169]. Contemporaneously herewith, the RKS Claimants submit the Declaration of Richard A. Bodnar, dated January 10, 2024, in support of this Objection ("**Bodnar Decl.**").

**INTRODUCTION**

The Lead Plaintiff Motion seeks to obtain for PERA an unavailable remedy granting it undefined powers. No statute or rule authorizes the appointment of a "lead plaintiff" in a bankruptcy claims allowance process, and PERA cites no authority for the proposition that a bankruptcy court can appoint a lead plaintiff prior to certifying a class. Given that the concept of a "lead plaintiff" for an uncertified class does not exist in bankruptcy proceedings (indeed, there are no *plaintiffs* in these proceedings, only claimants), it is unclear what powers PERA believes will flow from its appointment as "lead plaintiff," a question that PERA ignores in its Motion. Will PERA be empowered to negotiate on behalf of claimants who did not adopt its complaint and who are engaged in the ADR process? Will it be obligated or empowered to oppose PG&E's objections to these claims? Will it be empowered to move to withdraw the reference of such claims, as it has expressed interest in doing after its appeal is decided? May it withdraw claims if it determines they are duplicative of other claims? PERA addresses none of these questions in its Lead Plaintiff Motion, but rather asks the Court to grant it whatever undefined and amorphous powers it believes accompanies the title of lead plaintiff – a concept foreign to the bankruptcy claims allowance process. The Lead Plaintiff Motion is thus simply a backdoor attempt by PERA to act as though a class has been certified when one has not been certified. Critically, PERA's

[1] The RKS Claimants are set forth on Schedule 1 attached hereto.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

failure to define the role it seeks through this motion will lead to confusion and further litigation, which is certain to further delay the ongoing ADR Procedures and claims allowance process.

In addition, the Lead Plaintiff Motion – which focuses solely on the typicality and adequacy requirements of Fed. R. Civ. P. 23(a)(3), and (4) – mischaracterizes the Court's findings as to those prongs of the Rule 23 analysis. PERA incorrectly argues that "the Court already determined that PERA has satisfied" these requirements. This is incorrect. The Court, in its September 12, 2023 decision cited by PERA, acknowledged it was "not ruling [] on the merits" and that its decision was in the nature of a "tentative thinking." The Court acknowledged the parties are entitled to take discovery as to those issues and it would not make a ruling on the merits until after such discovery is taken. That PERA does not want to wait until such discovery is taken to act as though it is leading a certified class is irrelevant. Absent the certification of a class in these claims allowance proceedings, PERA is simply one claimant directing its own claim, and should not be designated as "lead plaintiff" in these proceedings.

## ARGUMENT

### I. No Law Or Rule Allows For the Appointment of a "Lead Plaintiff" For an Uncertified Proposed Class in a Bankruptcy Claims Allowance Process

The concept of a "lead plaintiff" does not exist in the bankruptcy claims allowance process where no class has been certified. In its Motion, PERA points to no authority allowing for such relief. That is because none exists. While bankruptcy courts have the discretion to apply Federal Rule of Civil Procedure 23 in a contested matter to certify a class of claimants (*see, e.g.*, *In re Tea Station Investment, Inc.*, 2021 WL 4988436, at *5 (Bankr. C.D. Cal. Oct. 26, 2021)), there is no rule or procedure allowing for the designation of a claimant as "lead plaintiff" for an uncertified proposed class. The closest possible corollary, which PERA does not rely on (because it cannot) would be the provisions regarding selection of a securities class action lead plaintiff in the Private Securities Litigation Reform Act (**"PSLRA"**). *See* 15 U.S.C. 78u-4(a)(3) (setting forth procedures for appointing lead plaintiff in securities class actions brought pursuant to 1934 Securities Exchange Act). But the PSLRA, on its face, applies only to a "private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure,"

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

not to a bankruptcy claims allowance process proceeding under the Federal Rules of Bankruptcy Procedure. *See* 15 U.S.C. 78u-4(a)(1).

In addition, the PSLRA's lead plaintiff procedures require a plaintiff who files a securities class action to publish notice to putative class members of the pendency of the action and of the opportunity for other putative class members to seek appointment as lead plaintiff. *See* 15 U.S.C. 78u-4(a)(3)(A). Here, PERA did not even serve the Lead Plaintiff Motion on the vast majority of claimants that may be affected by PERA's appointment as lead plaintiff. [*See* Dkt. No. 14171.] Thus, the PSLRA concept of a lead plaintiff motion does not even apply to this process, and, even if it did, PERA failed to provide proper notice to potentially affected parties that it was seeking appointment as lead plaintiff.

Even more concerning, and given the fact that no law or rule allows for the appointment of a lead plaintiff in a bankruptcy claims allowance process where no class has been certified, it is entirely unclear what PERA believes it will be empowered to do as lead plaintiff, or what its obligations would be. Presumably, PERA seeks appointment as lead plaintiff in order to be deemed to have standing relating to claims other than its own. But the Court has already rejected PERA's standing as to matters affecting such claims, even after its September 12, 2023 tentative decision allowing the parties to proceed to class certification discovery. Following that ruling, PERA opposed PG&E's 26th Omnibus Objection and sought extraordinary relief in doing so – asking the Court in a footnote to deem all claimants who did not amend their claim or adopt an amended claim to have adopted PERA's District Court complaint. [*See* Dkt. No. 14043.] In a Docket Text order, the Court overruled PERA's opposition, noting "[t]he gratuitous positions advanced by PERA are out of line." [10/15/2023 Docket Text Order.] The Court recognized then, as it must now, that it has not certified a class, and PERA, therefore, lacks standing to take action with regard to any claims but its own.

Indeed, the lack of definition of a "lead plaintiff" in this context – and PERA's failure to address this in its Motion – means that granting the relief sought by PERA will result in more questions than answers. *First*, it is unclear for which claimants PERA would be designated "lead

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

plaintiff."[2] Footnote 1 in the Lead Plaintiff Motion repeats the class definition proposed in its third motion for class certification (including "all securities claimants with unresolved Rescission or Damage Claims … who timely submitted Securities Claims"). [Dkt. No. 14169 at 1, n.1.] But its footnote 5 purports to exempt the RKS Claimants and any others who "have retained their own counsel and seek to proceed individually with respect to their Securities Claim." [Motion at 2, n.5.] But the Motion does not explain how this would work in practice. If a claimant disagrees with PERA's litigation decisions as lead plaintiff after-the-fact, can the claimant retain its own counsel and render itself exempt from the consequences of those decisions? And what of claimants who have not "retained their own counsel" but do "seek to proceed individually with respect to their Securities Claim[s]?"[3] The Motion does not say.

More importantly, what would be the extent of PERA's obligations and powers as lead plaintiff? The Motion does not say. Is PERA obligated to oppose *any* objection affecting a claim that falls within its proposed class definition? Does PERA intend to do that? Can PERA attempt to withdraw the reference as to those claims that fall within its proposed class definition (and which definition controls, footnote 1 or footnote 5 in its Motion)? Will it, or must it, act on behalf of putative class members in negotiating with PG&E under the ADR Procedures? Will PERA's designation as lead plaintiff require the Court to scrutinize more closely PG&E's settlement communications with individual claimants? *See Quezada v. Schneider Logistics Transloading & Dist.*, 2013 WL 1296761, at *4 (C.D. Cal. March 25, 2013) (noting that while defendants are not generally "barred from pre-certification communications with prospective members of the plaintiff class," courts will restrict such communications where they find the communications "misleading, coercive, or improper"). Is PERA now entitled to attend mediations PG&E schedules with

---

[2] Also disquieting is the gap between the current motion and the Third 7023 motion filed. The Third 7023 motion was brought by the "Securities Claimants" – not one, but *four* entities – who asserted they *collectively* met the relevant standards for certification. The current motion is brought by only *one* of those four claimants, PERA.

[3] This is not hypothetical. Several claimants have adopted the RKS Amendment but are not clients of RKS and, to counsel's knowledge, have not retained other counsel. Are those claimants included in PERA's definition? Should they expect PERA to oppose PG&E's objection targeted at their claims – i.e., the 34th Omnibus Objection?

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

claimants under the ADR procedures? Must the ADR procedures stop as to those claimants? *See Pollar v. Judson Steel Corp.*, 1984 WL 161273, at *1 (N.D. Cal. Feb. 3, 1984) (granting temporary restraining order against defense counsel communications with members of putative class where defendant was promulgating resolution process outside of the putative class action process). PERA's Lead Plaintiff Motion is deliberately silent as to all of these issues (and the myriad more that may arise). In essence, PERA asks the Court to give it a blank check, with the payee and amount to be filled in at its counsel's discretion.

This unprecedented and improper procedure will inevitably lead to continuous litigation at this critical point in the claims resolution process about what exactly PERA can and cannot do with its undefined designation as "lead plaintiff." These delays will further prejudice the RKS Claimants and all other claimants who seek the prompt resolution of their claims. PG&E has reported significant process in resolving claims through the ADR Procedures, and its sufficiency objections are currently pending. The prompt resolution of those sufficiency objections, however the Court rules, will materially advance the resolution of those claims that are not resolved through the initial ADR Procedures efforts. If PERA is designated as an undefined "lead plaintiff," any efforts it undertakes that may derail these processes will inevitably result in litigation about the definition of its role, itself delaying progress toward claims resolution. PERA has already informed the Court of its intention to take several actions that will delay resolution of the Securities Claims, such as moving to withdraw the reference and forcing PG&E into a class mediation. If it attempts to do so cloaked with the undefined authority of "lead plaintiff" on behalf of others, the claims resolution process will be needlessly bogged down in litigation relating to a class that has not even been certified.

As explained in Section II below, the Court has not certified a class of securities claimants in these Chapter 11 Cases or even made final determinations as to the criteria for deciding a class certification motion. PERA's Lead Plaintiff Motion is a transparent backdoor attempt to proceed as though a class has been certified without having to make the necessary showings to obtain certification. The Court should not endorse this nonexistent undefined procedure.

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

### II. The Court Has Not "Already Determined" the Typicality and Adequacy Prongs of Rule 23(a) Have Been Satisfied

The Lead Plaintiff Motion relies exclusively on a mischaracterization of the Court's September 12, 2023 ruling to argue that the Court should appoint PERA lead plaintiff. These mischaracterizations are succinctly summed up in PERA's point headings: "The Court Already Determined that Typicality Is Satisfied," and "The Court Already Determined that Adequacy Is Satisfied." [Dkt. No. 14169, A., B.] The Court did neither of those things. In fact, the Court provided its preliminary view on those requirements, but acknowledged that it would not make a final determination until after discovery as to class certification issues.

Following the Court's initial discussion of the class certification factors at the September 12, 2023 hearing, counsel for PG&E sought clarification that the Court's discussion stated its "preliminary views, because obviously, discovery, which we haven't had yet, would impact those." (Bodnar Decl., Ex. A at 16:21-25.) The Court confirmed it had not made a determination as to the various class certification factors, explaining "to the extent that you believe discovery is appropriate for any of those elements, you have a right to preserve that time. And I'm not ruling on the merits." (*Id.* at 17:10-13.) The Court later added, "I'm not ruling that you have lost on those issues or the other ones. So call it a tentative thinking …" (*Id.* at 18:6-8.) And ultimately the Court charged PERA with proposing a workable class certification schedule, which never ultimately occurred.

In short, not only is there no basis in the law or rules for conferring the undefined title of "lead plaintiff" on PERA, but the factual bases it relies on – that the Court has "already determined" PERA satisfies the typicality and adequacy requirements for class certification – is factually incorrect. That determination can only be made, as the Court has already determined, following discovery as to class certification issues. If PERA wishes to lead a class, it should follow the Court's direction and move to certify a class following the required discovery. Accordingly, the Court should deny the Lead Plaintiff Motion.

**CONCLUSION**

For the foregoing reasons, the RKS Claimants respectfully request that the Court deny the Lead Plaintiff Motion.

Dated: January 10, 2024

ROLNICK KRAMER SADIGHI LLP

By: */s/ Richard A. Bodnar*

*Attorneys for the RKS Claimants*

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020