| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | LATHAM & WATKINS LLP<br>Joshua G. Hamilton (#199610)<br>(joshua.hamilton@lw.com)<br>Michael J. Reiss (#275021)<br>(michael.reiss@lw.com)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, California 90067<br>Tel: 424 653 5500<br><br>LATHAM & WATKINS LLP<br>James E. Brandt (*pro hac vice*)<br>(james.brandt@lw.com)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212 906 1200 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>  - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**<br><br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*All papers shall be filed in the lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>**REORGANIZED DEBTORS' OBJECTION TO PERA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: January 24, 2024<br>Time: 10:00 a.m. (PT)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................5

    A.    The Court Adopts The Securities ADR Procedures ..........................................5

    B.    The Court Holds For The First Time That PERA Lacks Standing To Respond To Omnibus Objections On Behalf Of Other Securities Claimants ..................6

    C.    The Court Adopts The Amendment And Objection Procedures Over Pera's Objection ..............................................................................................................7

    D.    Following The Court's 7023 Ruling The Court Holds For the Second Time That PERA Lacks Standing To Respond To Omnibus Objections On Behalf Of Other Securities Claimants ..............................................................................8

ARGUMENT ..................................................................................................................................9

I.    There Is No Basis Under the Bankruptcy Code Or BankRuptcy Rules For Appointment Of A Lead Plaintiff ..................................................................................9

    A.    The Bankruptcy Code And Bankruptcy Rules Do Not Provide For And Are Inconsistent With Appointment Of A Lead Plaintiff ........................................9

    B.    To The Extent PERA Seeks To Use The PSLRA To Support The Motion, The Motion Fails To Meet The Requirements And Policy Objectives Of The PSLRA ..............................................................................................................9

II.    The Relief Sought In the Motion Is Inconsistent With The Court-Approved Procedures And This Court's Stated Intent That The Procedures Continue In Parallel With Any Class Certification Process ........................................................................11

III.    The Court Already Has Ruled That PERA Does Not Have Standing To Respond To Omnibus Objections To Claims Other Than Its Own Claims ....................................12

IV.    The Premise Of the Motion Is False: The Court Has Neither Certified A Class Nor Ruled That Federal Rule Of Civil Procedure 23 Is Satisfied ......................................12

V.    The Motion Fails To Adequately Provide Notice Of The Implications Of The Relief Sought ..............................................................................................................................13

CONCLUSION ..............................................................................................................................14

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re PG&E Corp. Sec. Litig.*,
  No. 5:18-cv-03509 (N.D. Cal.) ...................................................................................10

*Ravens v. Iftikar*,
  174 F.R.D. 651 (N.D. Cal. 1997) ................................................................................10

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................3

15 U.S.C. § 78u-4(a)(3)(A)(i) .....................................................................................3, 9, 10

**Rules**

Bankruptcy Rule 3007(d) .....................................................................................................6

Bankruptcy Rule 7023 .............................................................................................. *passim*

Federal Rule of Civil Procedure 23(a) ..........................................................................12, 13

Federal Rule of Civil Procedure 23(a)(2) ..........................................................................13

Federal Rule of Civil Procedure 23(a)(3) ..........................................................................13

Federal Rule of Civil Procedure 23(a)(4) ..........................................................................13

**Non-Periodical Publications**

Francis P. McConville and Charles Wood, Labaton Sucharow, *Commencing a Securities Class Action: Lead Plaintiff and Lead Counsel Appointments*, Westlaw Practical Law Practice Note w-024-2694 .........................................................................10

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this opposition in response to claimant Public Employees Retirement Association of New Mexico's ("**PERA**") *Motion For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel*, dated December 8, 2023 [Dkt. No. 14169] ("the "**Motion**").

## PRELIMINARY STATEMENT

Without any support from the Bankruptcy Code, Bankruptcy Rules, or otherwise, PERA seeks to be appointed as "lead plaintiff" where a class has not been certified (and the complaint has not even survived a motion to dismiss). This Motion is not only premature, it is wholly improper. The Motion appears to be for the purpose of manufacturing standing for PERA to file responses to the Reorganized Debtors' omnibus objections on behalf of other securities claimants who have filed proofs of claim in the bankruptcy.[1] The Motion thus seeks relief that is in direct conflict with the Court's recent October 17, 2023 Order that, despite the Court's September 12, 2023 ruling on PERA's Rule 7023 motion,[2] PERA does not have standing to respond to omnibus objections on behalf of any other claimant. *See October 17, 2023 Order Overruling PERA's Objection To Reorganized Debtors' Twenty Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 14081] (the "**Standing Ruling**"); *see also October 15, 2023 Docket Text Order* (the "**Docket Text Order**").

Moreover, the Court, in announcing its 7023 Ruling, expressly stated that the Securities ADR Procedures and Amendment and Objection Procedures (each defined herein) should proceed

---

[1] Although not set forth in the Motion itself, in a December 21, 2023 email to the Court concerning scheduling on the Motion, PERA asserted that "the relief sought in the motion is important and relevant from a timing perspective ***given the pendency of the omnibus claim objections and the status in which we will be opposing those objections***" – a clear indication that PERA seeks somehow to use the Motion to manufacture standing to oppose omnibus objections on behalf of other claimants. A true and correct copy of PERA's email is attached hereto as **Exhibit 1**.

[2] September 12, 2023 Bankruptcy Rule 7023 Hearing (the "**7023 Ruling**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

in "parallel" with any class certification proceedings. Since the ruling on the Rule 7023 motion, the Reorganized Debtors have continued to resolve claims under the Securities ADR and Amendment and Objection Procedures at a rate that undermines the need for, and ability to, certify a class at all. As of the date of this response, the Reorganized Debtors have resolved nearly 80% of all filed securities claims, with more than 4,450 claims settled and 2,375 claims disallowed as a result of omnibus objections.[3] The Reorganized Debtors expect there will be additional settlements and claims expunged as a result of the pending omnibus objections. Through the Motion, PERA's aim is to halt the progress of the Reorganized Debtors in resolving claims, as each such resolution shrinks an already significantly diminished potential class.

The Motion should be rejected for numerous independent reasons. First, as noted above, there is no basis under the Bankruptcy Code or Bankruptcy Rules for appointment of a "lead plaintiff" in connection with proofs of claim filed by separate claimants. Indeed, PERA does not even attempt to cite any rule or other precedent for post-petition appointment of a bankruptcy class lead plaintiff. There is no need to file a "lead plaintiff" motion in the bankruptcy context where there is no mechanism designed to encourage competition among claimants to act as class representative (in contrast to the class process in securities cases outside of bankruptcy). Instead, under Rule 7023, the Bankruptcy Court determines whether a specific proof of claim brought by a specific claimant should be allowed to proceed as a class claim. The Court here has already held that class certification issues should be addressed only after the motions to dismiss the proofs of claim filed by PERA and others are decided and, if those claims survive, after the parties have taken discovery concerning class certification. Sept. 12, 2023 Hr'g Tr. at 8:13 (the Court will not rule on class certification until after "discovery and pre-certification briefing"). PERA has no basis to seek a ruling that allows it to act like a class representative before the Court decides whether to certify a class.

Outside of bankruptcy, the appointment of a lead plaintiff in connection with securities class actions is governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "**PSLRA**"). The Court does not need to decide whether the PSLRA applies to the PERA complaint

---

[3] Since the 7023 Ruling, 1,082 claims have been settled, withdrawn, or expunged.

to deny this Motion because, to the extent PERA will seek to use the PSLRA as support for the Motion, the Motion fails to meet the PSLRA's lead plaintiff notice requirements. The intent behind the PSLRA's lead counsel process is to allow the court, where there are multiple class actions brought by separate plaintiffs (as is typical), to select, after consolidation of those actions, one "lead plaintiff" to prosecute the actions – but only after providing all class members the opportunity to appear and seek to be lead plaintiff (or oppose the lead plaintiff designation). The PSLRA's process is clear: once a securities class action is filed, the counsel that filed the initial action must publish a notice that the action is commenced and that anyone who owns stock in the company during the relevant period may file, within 60 days of such notice, an application to be lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). The court then entertains those motions, consolidates actions if there are multiple of them, and appoints a lead plaintiff and class counsel based on the factors set forth in the PSLRA. *See id.* § 78u-4(a)(3)(B). PERA has satisfied none of those requirements here. Thus, to the extent PERA seeks authority under the PSLRA for its Motion, it has not met the PSLRA's notice requirements for such a motion. *See* Point I, *infra*.

Second, the Motion is inconsistent with the Securities ADR Procedures[4] and the Amendment and Objection Procedures[5] (together, the "**Procedures**") adopted by the Court. The Procedures provide a roadmap for the resolution of all securities proofs of claim. They have indisputably been working and will continue working if PERA is not permitted to disrupt them. In its 7023 Ruling, the Court made clear its intent for the Procedures to proceed in parallel with any class certification process. To the extent PERA's Motion seeks to allow PERA to interfere with settlements or omnibus objections provided for in the Procedures, the Motion is flatly inconsistent with the Court's prior rulings. *See* Point II, *infra*.

Third, the Motion is inconsistent with the Court's decision that PERA does not have standing to appear on behalf of other claimants notwithstanding the Court's earlier 7023 Ruling. After the

---

[4] *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities ADR Procedures**").

[5] *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934] (the "**Amendment and Objection Procedures**").

Court's 7023 Ruling, PERA filed a response on behalf of claimants in connection with the Twenty-Sixth Securities Claims Omnibus Objection, which objection sought to disallow and expunge securities claims held by claimants that failed to comply with the Securities ADR Procedures Order. The Court expressly held PERA does not have standing to appear for, and respond to, objections made with respect to other claimants. *See* Standing Ruling at 2 ("PERA does not hold any of the claims objected to in the Twenty-Sixth Securities Claims Omnibus Objection and lacks standing to oppose the Twenty-Sixth Securities Claims Omnibus Objection"). PERA did not appeal or seek reconsideration of that decision. PERA now seeks to collaterally attack that decision through this Motion. The Court should not allow it. *See* Point III, *infra*.

Fourth, the Motion is based on the false premise that the Court has already approved a class. There is no class and PERA represents no claimant other than itself. As noted, the Court expressly stated the determination whether to certify a class would require discovery and briefing after the motions to dismiss are decided, and only in the event the motions to dismiss are denied. Moreover, the Court similarly held that it was not making any ruling on the "merits" of PERA's Rule 7023 Motion absent a full evidentiary record. Sept. 12, 2023 Hr'g Tr. at 17:10-13. Indeed, as the Court described the process, ***if*** a class is certified, it would consist of those securities claimants, if any, whose claims remain unresolved as of when the Court decides the class certification issue. *See Id.* at 8:2-3, 15:3-4. *See* Point IV, *infra*.

Fifth, the Motion does not describe what PERA contends being named "lead plaintiff" actually means in the context of these Chapter 11 Cases, especially if PERA later moves to withdraw the reference. Even if the Court were to grant the Motion, there is no support in any statute or otherwise that would allow PERA to act on behalf of proofs of claim separately filed by other claimants. Indeed, the Motion raises far more practical questions than it answers as to how such a ruling would be implemented or what impact it would have on these Chapter 11 Cases – other than impeding the claims resolution process and undoubtedly bringing about additional motion practice requiring Court intervention. *See* Point V, *infra*.

The Court should deny the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# BACKGROUND

## A.   THE COURT ADOPTS THE SECURITIES ADR PROCEDURES

On September 1, 2020, the Reorganized Debtors filed the *Motion To Approve Securities ADR And Related Procedures For Resolving Subordinated Securities Claims* [Dkt. No. 8964]. The motion included, among other things, procedures "to allow the Reorganized Debtors to lodge objections on an omnibus basis to Subordinated Securities Claims that are not otherwise settled or are procedurally defective". *Id.* at 1, Ex. A-3. PERA opposed the motion and objected to the adoption of the Securities ADR Procedures, including the settlement and omnibus objection procedures, on the ground that, in its view, a class mechanism was necessary to protect claimants. See *Securities Lead Plaintiff's Objection To Reorganized Debtors' Motion To Approve Securities ADR And Related Procedures For Resolving Subordinated Securities Claims* [Dkt. No. 9189] at 12-13 ("[i]t is incompatible with due process for Reorganized Debtors to adjudicate their objections in an omnibus manner, without the procedural protections afforded by class certification"). At the first hearing on the Securities ADR Procedures, the Court engaged in the following discussion with PERA's counsel:

> "THE COURT: [B]ut tell me why it's detrimental to the class members to go with the company's propos[ed Securities ADR Procedures] here?
>
> MR. DUBBS: Because many of the people who will be given offers to will not be represented, will not have the tools to analyze whether it's a good offer or a bad offer, will have no idea what their damages could be if they fought or if they didn't fight. They're going to pick off a lot of small fish and they're probably going to give premiums to some big fish. That's not equity --
>
> THE COURT: What is wrong with that? As a philosophical matter, what is wrong with a negotiation and a compromise? . . . We just had 150 million people vote and they voted. Whether they voted intelligently or emotionally, they voted. So why shouldn't I just let 7,000 people or some subset of them make a choice first, before I take it away from them and tell them that I'm going to let you do it for them? . . . [Y]our argument is, well, some of these people will be picked off as rubes. Well, maybe they will be. But they also will be given a chance up front to get money. And they can make that decision, can't they? We don't – this isn't a paternalistic society. We say, would you like some money or not?"

Nov. 18, 2020 Hr'g Tr. at 28:22-30:15.

Over PERA's objection, on January 25, 2021, the Court entered an order approving the

Securities ADR Procedures. *See* Securities ADR Procedures. As part of its oral ruling approving the Securities ADR Procedures, the Court specifically rejected PERA's argument, stating:

> "THE COURT: . . . The omnibus claims objection procedure is also well established in the Federal Rules of Bankruptcy Procedure, and particularly Rule 3007(d). . . . I would add that the pleas by the securities lead plaintiffs that somehow due process is being denied are simply not persuasive. . . . I reject the opposition's arguments that somehow the reorganized debtors will pickoff [*sic*] unrepresent[ed] parties, like shooting fish in a barrel. . . . First, many of those parties have counsel, some of who[m] joined in opposing the ADR motion, and quite adequately represented their client's interest. There's no reason why they can't and won't continue to do so if appropriate under the ADR procedures. I further reject the notion that somehow investors, whether they be individuals or institutions, who were able to make their own investment choices for purchasing the company's stock or debt years ago, are somehow unable to make their own decisions whether to accept a recovery on some portion of what they spent when they made those investment decisions. . . . I am not going to assume that they are so unsophisticated, innocent babes in the woods who can't make their own decisions now."

Dec. 4, 2020 Hr'g Tr. at 6:20-8:4.

### B. THE COURT HOLDS FOR THE FIRST TIME THAT PERA LACKS STANDING TO RESPOND TO OMNIBUS OBJECTIONS ON BEHALF OF OTHER SECURITIES CLAIMANTS

The Reorganized Debtors' filed their first securities omnibus objection on March 17, 2021, which objected to 194 proofs of claim where claimants sold all of their PG&E securities before a purported corrective disclosure and therefore suffered no loss that would be recoverable under the federal securities laws. *See Reorganized Debtors' First Securities Claims Omnibus Objection (No Loss Causation – Securities Sold Prior To The First Purported "Corrective Disclosure")* [Dkt. No. 10411] (the "**First Omnibus Objection**"). The response deadline for the First Omnibus Objection was April 14, 2021. No responses were filed by any of the 194 securities claimants subject to the omnibus objection. Instead, PERA, whose securities claims were not subject to the First Omnibus Objection, responded. In its response, PERA argued:

> "although [PERA's] claims are not listed in the First Omnibus Securities Objection, [PERA], as the court-appointed lead plaintiff in the Securities Litigation representing the putative Class, has fiduciary duties to the stock and bond claimants whose claims are, or in the future may be, objected to on this basis. Accordingly, Securities Plaintiffs submit this Opposition to protect those.

Class members whose rights and claims may be prejudiced by the First Omnibus Securities Objection."

*Securities Lead Plaintiff's Opposition, Request For Clarification, And Reservation Of Rights To Reorganized Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10524] at 1, n.1. The Court considered the issue and held that PERA does not have standing to speak on behalf of any securities claims other than its own. *June 11, 2021 Order Overruling PERA's Opposition To Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10769] (the "**First Standing Ruling**") at 5 ("it is up to the claimant, not a third party with no or questionable standing, to assert any affirmative defense or opposition to the objection"). In its First Standing Ruling, the Court "sen[t] a clear 'heads up' to PERA and its counsel that future insertion of arguments such as occurred here might result in consequences to PERA that the court prefers to avoid. **<u>PERA is neither an amicus nor a private attorney general carrying forth positions not advanced by real parties in interest.</u>**" *Id.* at 9:27-28, n.8 (emphasis added).

### C. THE COURT ADOPTS THE AMENDMENT AND OBJECTION PROCEDURES OVER PERA'S OBJECTION

On May 17, 2023, the Reorganized Debtors filed a motion to further extend the claims objection deadline, which motion included an initial draft of certain Amendment and Objection Procedures. *See Motion For Entry Of An Order Further Extending Deadline For The Reorganized Debtors To Object To Claims And For Related Relief* [Dkt. No. 13745]. The Court asked certain parties to meet and confer concerning the proposed procedures in an attempt to reach a consensual proposal for the Court. The Reorganized Debtors and certain claimants then engaged in a robust and productive meet and confer process that allowed the parties to reach a compromise the Court approved.

The Amendment and Objection Procedures provide for an orderly and efficient process to allow securities claimants to amend proofs of claim, the settlement procedures of the Securities ADR Procedures to continue, and then, as is customary in securities litigation, the Court to determine whether the unresolved securities claims are sufficient to state legally cognizable claims against the Debtors under the federal securities laws before requiring the Reorganized Debtors to engage in discovery. The Amendment and Objection Procedures explicitly provide that the

Reorganized Debtors intend to file sufficiency objections with respect to claims where the claimants did not choose to amend their proofs of claim or adopt the complaint of another securities claimant. *See* Amendment and Objection Procedures at Ex. A, p. 2. Because the Amendment and Objection Procedures require individual claimants to meet deadlines and act for themselves with respect to objections discussed therein, the Court expressly required the Amendment and Objection Procedures to be served on all claimants whose securities claims were then unresolved. Jul. 19, 2023 Hr'g Tr. at 27:7-13.

### D. FOLLOWING THE COURT'S 7023 RULING THE COURT HOLDS FOR THE SECOND TIME THAT PERA LACKS STANDING TO RESPOND TO OMNIBUS OBJECTIONS ON BEHALF OF OTHER SECURITIES CLAIMANTS

On July 7, 2023, PERA filed a third motion to apply Rule 7023 to its proof of claim. *See Securities Plaintiffs' Motion And Memorandum Of Points And Authorities In Support Of Motion For The Application Of Bankruptcy Rule 7023 And The Clarification Of A Class Of Securities Claimants* [Dkt. No. 13865] (the "**Rule 7023 Motion**"). Following briefing, this Court issued its 7023 Ruling on the motion, which set forth certain views of the Court, but made clear the Court was not "ruling [] on the merits" of class certification and that class certification and the Rule 7023 Motion "may not be granted, it may be denied, because certification is not appropriate." Sept. 12, 2023 Hr'g Tr. at 16:12-18, 17:13. The Court clarified it "[wa]s not presently certifying a class" because it "w[ould need to] allow the parties to work out a consensual timetable for discovery and pre-certification briefing" before any such decision could be rendered. *Id.* at 8:12-13.

After the 7023 Ruling, pursuant to the Securities ADR Procedures, the Reorganized Debtors filed the *Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)*, dated August 31, 2023 [Dkt. No. 14001] (the "**Twenty-Sixth Omnibus Objection**"), to proofs of claims filed by securities claimants that had failed to comply with the Court's order requiring them to respond to the Reorganized Debtors' offers to resolve their claims. Despite admitting that none of its securities claims were "subject to the [Twenty-Sixth] Omnibus Objection," PERA nonetheless responded to the objection on behalf of securities claims other than its own. *See Securities Lead Plaintiff's Statement With Respect To Reorganized Debtors' Twenty-Sixth Securities Claims*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Omnibus Objection (Securities ADR No Liability Claims)*, dated October 3, 2023 [Dkt. No. 14043] at 2:14-15.

Following briefing, the Court overruled PERA's objection to the Twenty-Sixth Omnibus Objection, holding, among other things, that PERA did not have standing to speak on behalf of other securities claims. *See* Standing Ruling. In so doing the Court called PERA's position on standing "gratuitous," "[in]correct, both on procedural and substantive grounds," and "out of line." Docket Text Order. Since the Court's Standing Ruling, nothing has changed. To date, no class has been certified and PERA can only represent its own claims in the Chapter 11 Cases.

**ARGUMENT**

**I.    THERE IS NO BASIS UNDER THE BANKRUPTCY CODE OR BANKRUPTCY RULES FOR APPOINTMENT OF A LEAD PLAINTIFF**

**A.    The Bankruptcy Code And Bankruptcy Rules Do Not Provide For And Are Inconsistent With Appointment Of A Lead Plaintiff**

There is no support in the Bankruptcy Code or Bankruptcy Rules for appointment of a lead plaintiff in connection with Bankruptcy Rule 7023 or otherwise. PERA's Motion cites no authority whatsoever authorizing the appointment of a lead plaintiff in the Chapter 11 context. As a result, the Motion should be denied on this ground alone.

**B.    To The Extent PERA Seeks To Use The PSLRA To Support The Motion, The Motion Fails To Meet The Requirements And Policy Objectives Of The PSLRA**

As demonstrated above, while the Chapter 11 process does not authorize a "lead plaintiff" motion at all, PERA may nonetheless seek to use the PSLRA as support for the Motion. The PSLRA's lead plaintiff process addresses the non-bankruptcy situation in which multiple securities plaintiffs file competing federal class action complaints requiring the court in which the actions were filed to consolidate the actions and then appoint a "lead plaintiff" – presumptively the plaintiff with the largest financial stake in the outcome of the case – so the defendants and putative class members know which counsel will be prosecuting the action. The PSLRA also requires any plaintiff making a lead plaintiff motion to publish notice at least 60 days ***prior to filing a lead plaintiff motion***, so that any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i) ("[n]ot later than 20 days after the date on which the complaint is filed,

the plaintiff or plaintiffs shall cause to be published . . . a notice advising members of the purported plaintiff class . . . that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class"). This mandatory notice is designed to create lead plaintiff competition among potential class members and encourage plaintiffs with the highest alleged loss amount to move to be appointed lead plaintiff. In so doing, it serves the core legislative intent of the PSLRA: to "empower investors" and not plaintiffs lawyers and repeat-player-plaintiffs. S. Rep. No. 104-98, at 6 (1995) ("S. 240 [the PSLRA] is intended to empower investors so that they, not their lawyers, control securities litigation. . . . [I]nvestors in the class usually have great difficulty exercising any meaningful direction over the case brought on their behalf. The lawyers can decide when to sue and when to settle, based largely on their own financial interests, not the interests of their purported clients"). "[I]t is expected that the most adequate representative of the class will emerge from a competition among all qualified investors. To ensure that all such investors make an informed decision whether to throw their hats into the ring, Congress implemented the [PSLRA's] notice requirements. . . ." *Ravens v. Iftikar*, 174 F.R.D. 651, 654 (N.D. Cal. 1997) (denying lead plaintiff motion), *on reconsideration* (July 16, 1997) (same). PERA, having engaged in lead plaintiff proceedings in the parallel district court action, is well aware of the PSLRA's notice requirement. *See* Motion for Lead Plaintiff & Lead Counsel, *In re PG&E Corp. Sec. Litig.*, No. 5:18-cv-03509-EJD (N.D. Cal. Aug. 13, 2018), ECF No. 29.[6]

Here, however, PERA did not provide any of the notice that the PSLRA requires. Indeed, it did not even provide notice of the Motion itself to all the claimants it seeks to represent in these Chapter 11 Cases. *See Certificate of Service*, filed on December 8, 2023 by "Interested Party

---

[6] PERA's proposed class counsel is not only aware of the PSLRA's notice requirement, but published a practice note describing it: "the PSLRA requires plaintiffs . . . [to] publish notice to members of the putative class containing certain information about the action, including: . . . [a] statement that any putative class member can move to serve as lead plaintiff." Francis P. McConville and Charles Wood, Labaton Sucharow, *Commencing a Securities Class Action: Lead Plaintiff and Lead Counsel Appointments*, Westlaw Practical Law Practice Note w-024-2694 at 1, https://www.labaton.com/hubfs/Commencing%20a%20Securities%20Class%20Action%20Lead%20Plaintiff%20and%20Lead%20Counsel%20Appointments%20(W-024-2694).pdf.

Securities Lead Plaintiff and the Proposed Class" [Dkt. No. 14171]. By failing to notice the securities claimants whose claims would be affected by the Motion, PERA has failed to provide the notice required by the Bankruptcy Rules and to comply with the requirements of the PSLRA. PERA's Motion should be denied on this ground alone.

## II. THE RELIEF SOUGHT IN THE MOTION IS INCONSISTENT WITH THE COURT-APPROVED PROCEDURES AND THIS COURT'S STATED INTENT THAT THE PROCEDURES CONTINUE IN PARALLEL WITH ANY CLASS CERTIFICATION PROCESS

As discussed above, though it is not expressly stated in the Motion itself, PERA intends to attempt to use its position as "lead plaintiff" to appear in the claims process on behalf of other claimants, including by opposing omnibus objections not directed at claims filed by PERA. Indeed, in its December 21, 2023 email to the Court, PERA revealed its true motive for the Motion, asserting that "the relief sought in the [M]otion is important and relevant from a timing perspective ***given the pendency of the omnibus claim objections and the status in which we will be opposing those objections***." *See* Ex. 1 at 1. Notwithstanding that the Court has already expressly determined that PERA cannot appear on behalf of claims other than its own, it is clear that PERA intends to use the lead plaintiff label to attempt to intercede in the settlement and omnibus objection process with respect to claims other than its own.

In the 7023 Ruling, the Court twice stated that the class certification process would not displace the Procedures adopted by the Court. *See* Sept. 12, 2023 Hr'g Tr. at 6:15, 8:9-10. The Court also held that the class process would be a "backstop" for the procedures already put in place by the Court. *Id*. at 12:17. The Court was clear that the Securities ADR Procedures, including the omnibus objection process and the settlement and mediation procedures, will remain in effect until the Court decides whether to certify a class.

The Securities ADR Procedures adopted by the Court expressly permit omnibus objections, and the Amendment and Objection Procedures provided notice to claimants that the Reorganized Debtors intended to file sufficiency objections with respect to all claims and provided specific procedures and deadlines for doing so. The Court also has allowed the omnibus objection process to proceed and has required claimants to respond to those objections on an individual basis,

consistent with the procedures of other Chapter 11 Cases. Indeed, the Court expressly required the Amendment and Objection Procedures to be served on individual claimants precisely because each individual claimant is responsible for the prosecution of its own claim. PERA's Motion, to the extent it seeks to create standing to appear on behalf of other claimants, should be denied.

### III. THE COURT ALREADY HAS RULED THAT PERA DOES NOT HAVE STANDING TO RESPOND TO OMNIBUS OBJECTIONS TO CLAIMS OTHER THAN ITS OWN CLAIMS

The Court has already twice ruled PERA does not represent other securities claimants and does not have standing to appear and respond to objections filed as to claims held by such claimants. *See* Standing Ruling at 2 ("PERA does not hold any of the claims objected to in the Twenty-Sixth Securities Claims Omnibus Objection and lacks standing to oppose the Twenty-Sixth Securities Claims Omnibus Objection"); First Standing Ruling at 9:27-28, n.8 ("[PERA] is neither an *amicus* nor a private attorney general carrying forth positions not advanced by real parties in interest").

Most recently, after PERA sought to oppose the Twenty-Sixth Omnibus Objection (to which none of its proofs of claim were subject) based on its assertion that the Court's 7023 Ruling now allowed PERA to do so, the Court rejected PERA's efforts to appear on behalf of other claimants "*again*," calling PERA's position "gratuitous," "[in]correct, both on procedural and substantive grounds," and "out of line." Docket Text Order (emphasis added). Because, among other reasons, no opposition had "been filed by any respondent with standing" (*id.*), the Court granted the omnibus objection and disallowed the claims (*see* Standing Ruling). PERA neither appealed from nor sought reconsideration of this ruling. PERA is barred from again re-litigating this issue.

### IV. THE PREMISE OF THE MOTION IS FALSE: THE COURT HAS NEITHER CERTIFIED A CLASS NOR RULED THAT FEDERAL RULE OF CIVIL PROCEDURE 23 IS SATISFIED

The Motion asserts that at the September 12, 2023 hearing on PERA's third 7023 motion, the Court "grant[ed] PERA's motion" and "determined" PERA had satisfied each of Rule 23(a)'s requirements for class certification. Motion at 1:16-17, 2:6, 2 n.4, 3:3. Not so. The Court made clear that it was only expressing "tentative thinking" and that it was "not ruling . . . on the merits." Sept. 12 Hr'g Tr. at 17:13, 18:8. "That means, [the 7023 Motion] *may not be granted, it may be*

*denied, because certification is not appropriate.*" *Id.* at 16:12-18 (emphasis added). Specifically, as to commonality under Federal Rule of Civil Procedure 23(a)(2), the Court ruled that "PERA has to carry its burden ***and that's not something I'm deciding today***." *Id.* at 10:10-12 (emphasis added). And, as to typicality and adequacy under Federal Rules of Civil Procedure 23(a)(3) and (4), the Court "le[ft] those challenges to further class discovery briefing and an eventual certification hearing." *Id.* at 8:18-19. Indeed, any final determination of whether PERA has met Bankruptcy Rule 7023's prerequisites would come after the parties "work out a consensual timetable for discovery and pre-certification briefing" and after the parties then complete that discovery and briefing. *Id.* at 8:11-13. To date, in part due to PERA's desire to seek to withdraw the reference if the stay is lifted in the District Court with respect to the securities class action pending against the directors and officers, this Court has not ordered any discovery timetable or pre-certification briefing schedule. In short, nothing has changed since the Rule 7023 Ruling – no class has been certified and PERA represents no securities claims other than its own.

## V. THE MOTION FAILS TO ADEQUATELY PROVIDE NOTICE OF THE IMPLICATIONS OF THE RELIEF SOUGHT

Although the Motion seeks to have PERA appointed "lead plaintiff," it fails to disclose or describe what PERA actually contends that means in the context of the Chapter 11 Cases. Indeed, while the Reorganized Debtors believe that the Motion is intended to be a backdoor attempt to manufacture standing for PERA to oppose the omnibus objections the Reorganized Debtors recently filed as to claims held by claimants not represented by PERA's counsel, the Motion itself is completely silent as to what PERA believes the implications of the Motion are. This is especially problematic since, as set forth above, neither the Bankruptcy Code nor the Bankruptcy Rules provide for appointment of a lead plaintiff, and therefore there is no rule or precedent in the bankruptcy context for such an appointment. There is simply no basis (a) for PERA to represent other claimants for purposes of settlement discussions; (b) for PERA to have the right to appear on behalf of claimants in response to omnibus objections; and/or (c) for PERA's counsel to have any authority regarding securities claimants' individual proofs of claim. Put simply, no support exists for PERA's request and it is unworkable as a practical matter in light of the governing Procedures.

The Court should also deny the Motion on this ground alone.

## CONCLUSION

For all the reasons discussed herein, the Court should deny the Motion.

Dated: January 10, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*