ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick *(pro hac vice)*
lrolnick@rksllp.com
Marc B. Kramer *(pro hac vice)*
mkramer@rksllp.com
Michael J. Hampson *(pro hac vice)*
mhampson@rksllp.com
Richard A. Bodnar *(pro hac vice)*
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
Jeffrey Ritholtz *(pro hac vice)*
jritholtz@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**RKS CLAIMANTS' STATEMENT OF POSITION WITH REGARD TO TAKING DISCOVERY WHILE THE SECURITIES CLAIMANT SUFFICIENCY OBJECTIONS ARE PENDING**<br><br>**Hearing Information:**<br>Date:     No Hearing Set |

The RKS Claimants, by and through their undersigned counsel, respectfully submit this statement of position (the "Statement") as to whether the Court should allow discovery during the pendency of the sufficiency objections (the "Sufficiency Objections") as to the Securities Claimants. The RKS Claimants submit this Statement in response to the Court's request for briefing on the issue of whether to allow discovery during the pendency of the Sufficiency Objections. To avoid duplication, as the Court instructed, the RKS Claimants focus succinctly on Claimant-centric issues.

## STATEMENT

The RKS Claimants oppose mandating discovery while the Sufficiency Objections are pending. The RKS Claimants' position is that the July 28, 2023 Order Authorizing Amendment and Objection Procedures For Securities Claimants (the "Objection Procedures Order" or the "Order") [Dkt. No. 13934], does not permit discovery during the pendency of the Sufficiency Objections and that this was a specifically considered and negotiated point. There is no reason to change course now and bring about the certain delay that discovery will occasion; no less forfeit the efficiencies provided by the Objection Procedures Order. Critically, no discovery is necessary to adjudicate the Sufficiency Objections.

*First*, the negotiated and agreed-upon Objection Procedures Order does not allow for discovery during the pendency of the Sufficiency Objections. Indeed, the Order expressly calls for the parties to "meet and confer on certain procedures for coordination of discovery ***should such discovery be necessary after the [Sufficiency Objections] are decided by the Court***." [Dkt. No. 13934-1 ¶ 10.b. (emphasis added)]. The Order further provides for the parties to exchange initial disclosures and for the Court to "hold a case management conference to, among other things, ***set a discovery schedule***" only ***after*** it decides the Sufficiency Objections and does not fully dismiss the claims. [*Id.* (emphasis added)]. Counsel for the RKS Claimants participated in the negotiations that led to this agreed-upon and so-ordered procedure, and at all times understood that the Objection Procedures Order would provide for the Sufficiency Objections to be resolved prior to any discovery being taken. Declaration of Richard A. Bodnar ¶ 3. Accordingly, the parties who

were involved in the negotiations were aware that Sufficiency Objections would be adjudicated before discovery was taken, and any party-in-interest who wished to proceed with discovery sooner had notice and an opportunity to object before entry of the Order.[1]

*Second*, proceeding with mandatory discovery now will eliminate the efficiencies the parties sought through negotiating the objection procedures. Via objections, PG&E has challenged effectively all securities claims, as well as various portions of claims. The Court's decisions, therefore, may obviate the need for certain discovery and bring into focus those factual issues that will be hotly contested. This is true for discovery of PG&E and for discovery *of claimants*. It would be the height of unfair and inefficient use of resources for a claimant, for example, who only had bond claims to be subject to discovery only for the Court to determine the bond claims are not cognizable. There is no reason for any such inefficiency. Discovery being paused during the pendency of the Sufficiency Objections solves this issue.

It is also unclear how the parties that are seeking discovery envision the discovery being used in the Sufficiency Objection process. Both the scope of allowed discovery and the extent to which it may be used in the Sufficiency Objection process will likely be contested and litigated, leading to further delay of the Court's adjudication of the Sufficiency Objections.[2] The more efficient and expeditious way to advance resolution of the securities claims is to follow the path laid out in the Objection Procedures Order. Prompt resolution of the Sufficiency Objections will

---

[1] No claimant objected to this language. Insofar as PERA contends it is not subject to the ADR procedures and thus not subject to the amendment procedures the Court ordered, that is of no moment as to the efficiencies gained via a single-track process. Indeed PERA, and the Court, were previously concerned about a multi-track discovery process. The Amendment Procedures solved that issue. No claimant, including PERA, should be able to go back to suggesting a multi-track process. And since all claimants besides PERA (and select other claimants who are lead plaintiffs in the uncertified putative district court class action) are subject to the ADR procedures, and the amendment procedures, the few non-ADR procedure claimants should not have their own track, no matter their atypical posture.

[2] This issue is of heightened import given other issues before this Court. May a claimant who adopted no set of factual allegations participate in discovery and then seek to file an amendment now? May PERA, who seeks "Lead Plaintiff" status, get discovery and then amend other claimants' claims? There is no need for any of this. The Objection Procedures Order was clear: securities claimants could amend, adopt, or do nothing, PG&E would file Sufficiency Objections, and, following a ruling, the remaining and not-settled parties would engage in discovery and litigate the claims.

give both Reorganized Debtors and the securities claimants more information about the strengths and weaknesses of their claims and defenses, as well as the litigation risks faced by each, which will likely lead to the prompt resolution of additional yet-unsettled claims. For those continuing to litigate their claims, discovery can be efficiently coordinated and molded to fit the scope of viable issues and claims. This will reduce the need for unnecessary and wasteful discovery while putting the securities claims on the best path to resolution.

*Third*, because discovery is unnecessary to adjudicate the Sufficiency Objections, there is no counter-vailing benefit to moving forward with discovery at this time. As the Objection Procedures Order makes clear, the Sufficiency Objections are "akin to a motion to dismiss," meaning the Court need only evaluate the legal sufficiency of the Securities Claimants' claims as pled in their proofs of claim, taking all allegations as true, and need not determine whether the claimants will ultimately be able to prove their claims with evidence obtained in discovery. Engaging in discovery now will unnecessarily muddy the waters as to what the Court may consider in deciding the Sufficiency Objections and slow down the process of adjudicating them.[3]

## CONCLUSION

The RKS Claimants respectfully request the Court enforce the Objection Procedures Order and not allow discovery during the pendency of the Sufficiency Objections.

Dated: January 16, 2024        ROLNICK KRAMER SADIGHI LLP

By:  /s/ Richard A. Bodnar

*Attorneys for the RKS Claimants*

---

[3] Doing so will blur the line between the Sufficiency Objections and the evidentiary hearings that will follow. The Sufficiency Objections should not require the Court to weigh evidence, but should instead only resolve whether, taking the well-pled allegations of the various securities claimants as true, they plausibly state a claim that may be allowed.