Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
Gabriel I. Glazer (CA Bar No. 246384)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
Matthew Tharp (*pro hac vice* pending)
FRIEDMAN KAPLAN SEILER ADELMAN AND ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant*
*Baupost Group Securities, L.L.C.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case,*<br>*NO. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**BAUPOST GROUP SECURITIES, L.L.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS REQUESTS FOR OBJECTION-RELATED DISCOVERY** |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ...................................................................................................................... 2

    The Securities Claim Order and Baupost's Proofs of Claim ............................................ 2

    The Securities Claim Procedures Order and the Objections ............................................ 4

ARGUMENT ........................................................................................................................... 5

I.      THE JULY 2023 ORDER DOES NOT PRECLUDE FRBP 9014 DISCOVERY ............. 5

II.    THE PSLRA DISCOVERY STAY IS INAPPLICABLE ................................................. 7

III.   EVEN IF THE PSLRA DISCOVERY STAY APPLIED, IT SHOULD BE LIFTED ..... 11

IV.   PG&E'S DESIRE FOR COORDINATION DOES NOT JUSTIFY OVERRIDING

      FRBP 9014 ........................................................................................................... 13

CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

*In re Apple Comput. Sec. Litig.*,
   886 F.2d 1109 (9th Cir. 1989) ................................................................. 8

*ASARCO, LLC v. Union Pac. R. Co.*,
   765 F.3d 999 (9th Cir. 2014) ................................................................. 13

*In re Asyst Techs., Inc. Deriv. Litig.*,
   2008 WL 916883 (N.D. Cal. Apr. 3, 2008) ........................................... 11

*In re Brosio*,
   505 B.R. 903 (B.A.P. 9th Cir. 2014) .................................................. 8, 9

*Courter v. CytoDyn, Inc.*,
   2022 WL 621535 (W.D. Wash. Mar. 3, 2022) ..................................... 11

*In re Cruisephone, Inc.*,
   278 B.R. 325 (Bankr. E.D.N.Y. 2002) .................................................. 9

*In re Edwards Theatres Circuit, Inc.*,
   281 B.R. 675 (Bankr. C.D. Cal. 2002) .................................................. 9

*In re JDS Uniphase Corp. Sec. Litig.*,
   238 F. Supp. 2d 1127 (N.D. Cal. 2002) ............................................... 11

*In re Juniper Networks, Inc. Sec. Litig.*,
   542 F. Supp. 2d 1037 (N.D. Cal. 2008) ................................................. 8

*Khachikyan v. Hahn (In re Khachikyan)*,
   335 B.R. 121 (B.A.P. 9th Cir. 2005) ..................................................... 5

*Korneff v. Downey Reg'l Med. Ctr.-Hosp., Inc. (In re Downey Reg'l Med. Ctr. Hosp., Inc.)*, 441 B.R. 120 (B.A.P. 9th Cir. 2010) ................................... 5

*Lundell v. Anchor Const. Specialists, Inc.*,
   223 F.3d 1035 (9th Cir. 2000) ............................................................... 8

*In re Malek*,
   591 B.R. 420 (Bankr. N.D. Cal. 2018) .................................................. 5

*In re Metro. Sec. Litig.*,
   2005 WL 940898 (E.D. Wash. Mar. 31, 2005) .................................... 12

*In re MGM Mirage Sec. Litig.*,
   2012 WL 2367567 (D. Nev. June 21, 2012) ........................................ 11

| | Page(s) |
|---|---|

*In re Mulvania,*
214 B.R. 1 (B.A.P. 9th Cir. 1997) ........................................................................ 8

*In re Myers,*
2023 WL 8047842 (9th Cir. Nov. 21, 2023) ........................................................ 7

*In re New Century,*
2009 WL 9568860 (C.D. Cal. July 8, 2009) .................................................. 11, 12

*In re Ninety-Five/Two Fifteen Ctr. Part II, LLC,*
2020 WL 6600062 (Bankr. D. Nev. June 16, 2020) ............................................. 5

*In re Pivotal Software, Inc. Sec. Litig.,*
2021 WL 841299 (Cal. Super. Ct. Mar. 4, 2021) .............................................. 10

*In re Recoton Corp.,*
307 B.R. 751 (Bankr. S.D.N.Y. 2004) ................................................................. 9

*In re Refco, Inc.,*
2006 WL 1379616 (S.D.N.Y. May 16, 2006) ....................................................... 9

*Roberts Farms Inc. v. Bultman (In re Roberts Farms Inc.),*
980 F.2d 1248 (9th Cir. 1992) ........................................................................... 13

*In re Royal Ahold N.V. Sec. & ERISA Litig.,*
220 F.R.D. 246 (D. Md. 2004) .......................................................................... 12

*Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.),*
754 F.2d 811 (9th Cir. 1985) ............................................................................. 13

*Smith v. Dowden,*
47 F.3d 940 (8th Cir. 1995) ................................................................................. 9

*Switzer v. Hambrecht & Co., L.L.C.,*
2018 WL 4704776 (Cal. Super. Sept. 19, 2018) ............................................... 10

*In re Teter,*
2024 WL 28864 (6th Cir. Jan. 3, 2024) ............................................................ 10

*In re Thoratec Corp. Sec. Litig.,*
220 F.R.D. 246 (D. Md. 2004) ............................................................................. 8

*In re Tronox Inc.,*
2010 WL 1849394 (Bankr. S.D.N.Y. May 6, 2010) ............................................ 9

*U.S. v. Levoy (In re Levoy)*,
    182 B.R. 827 (9th Cir. BAP 1995) ........................................................................... 9

*Van Buskirk v. Cable News Network, Inc.*,
    284 F.3d 977 (9th Cir. 2002) ................................................................................... 8

*In re Vaxart, Inc. Sec. Litig.*,
    2022 WL 2297535 (N.D. Cal. June 22, 2022) ......................................................... 9

*Willis v. Big Lots, Inc.*,
    2014 WL 12656500 (S.D. Ohio Apr. 16, 2014) ....................................................... 9

**Statutes**

11 U.S.C. § 501 ................................................................................................................. 7

11 U.S.C. § 502 ............................................................................................................. 7, 8

15 U.S.C. § 78u–4 ....................................................................................................... 7, 11

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

**Rules**

Fed .R. Bankr. P. 3001 ............................................................................................ 7, 8, 11

Fed .R. Bankr. P. 7026 ..................................................................................................... 4

Fed .R. Bankr. P. 7034 ..................................................................................................... 4

Fed .R. Bankr. P. 9014 ............................................................................................. *passim*

Fed .R. Civ. P. 12 ................................................................................................... 1, 7, 8

Fed .R. Civ. P. 15 ............................................................................................................. 9

Fed. R. Evid. 201 ............................................................................................................. 8

# TABLE OF DEFINITIONS

| Defined Term | Meaning |
|---|---|
| "2020 Proofs of Claim" | The Rescission or Damage Claim Proofs of Claim, submitted by Baupost as Claim Nos. 100269 and 100309 on or around April 15, 2020 |
| "Baupost" | Securities Claimant Baupost Group Securities, L.L.C., on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of the PG&E equity securities at issue herein |
| "District Court Action" | *In re PG&E Corp. Sec. Litig.*, No. 3:18-cv-03509-EJD (N.D. Cal.) |
| "FRBP" or "Bankruptcy Rules" | The Federal Rules of Bankruptcy Procedure |
| "FRCP" | The Federal Rules of Civil Procedure |
| "July 2023 Order" | The Court's July 28, 2023 *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934], including Exhibit A thereto |
| "MML" | Securities Claimant MML Investment Advisers, LLC |
| "Objections" | Collectively, PG&E's December 13, 2023 objections to: (i) Baupost's proofs of claim [Dkt. No. 14206] (a/k/a "Reorganized Debtors' Thirty-Fifth Securities Claim Omnibus Objection to the Baupost Amendment"); (ii) the proofs of claim filed by Securities Claimants adopting the allegations in the PERA Complaint [Dkt. No. 14200] (a/k/a "Reorganized Debtors' Thirty-Third Securities Claim Omnibus Objection to PERA and Securities Act Plaintiffs' TAC, Including to Certain Claimants That Adopted the TAC"); and (iii) the proofs of claim filed by Securities Claimants adopting the RKS Amendment [Dkt. No. 14203] (a/k/a "Reorganized Debtors' Thirty-Fourth Securities Claim Omnibus Objection to Claims Adopting RKS Amendment") |
| "PERA" | The Public Employees Retirement Association of New Mexico |
| "PERA Complaint" | The Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Law filed by PERA in the District Court Action [Dkt. No. 121] |
| "PG&E" | Reorganized Debtors PG&E Corporation and Pacific Gas and Electric Company collectively, unless otherwise specified herein |

| Defined Term | Meaning |
|---|---|
| "PSLRA" | The Private Securities Litigation Reform Act of 1995 |
| "RJN" | PG&E's December 13, 2023 Omnibus Request for Incorporation of Documents by Reference or Judicial Notice in Support of the Objections [Dkt. No. 14208] |
| "RKS" | Rolnick Kramer Sadighi LLP |
| "RKS Amendment" | The Amended Statement of Claim submitted by Securities Claimants represented by RKS, dated October 6, 2023 |
| "Securities Claim Order" | The Court's February 27, 2020 *Order (I) Denying Securities Lead Plaintiff's Motion To Apply Bankruptcy Rule 7023 To Class Proof Of Claim And (II) Extending Bar Date For Certain Holders Of Securities Claims For Rescission Or Damages* [Dkt. No. 5943] |
| "Securities Claimant" | As defined in the Court's February 27, 2020 *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943] |
| "Securities Claim Procedures Order" | The Court's January 25, 2021 *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt No. 10015] |
| "Supplemental Proofs of Claim" | Supplemental Rescission or Damage Claim Proofs of Claim, submitted by Baupost as Claim Nos. 109847 and 109848 on or around December 28, 2022 |

## PRELIMINARY STATEMENT

Baupost filed securities rescission or damages proofs of claim to recover for over $400 million in losses it incurred as the direct result of PG&E's misrepresentations to the market, which PG&E continued to make until late 2018, about its efforts to inspect and maintain its transmission infrastructure—misrepresentations that the Camp Fire revealed to be false. PG&E's Chapter 11 Plan (which imposes a conversion formula on Securities Claimants that devalues their claims—in some cases by as much as approximately 75%) provided that such claims would be resolved through the Bankruptcy Rules' claims objection process—through a contested matter in the bankruptcy court initiated by an objection to a proof of claim, not a civil action in the District Court initiated by a complaint. Now, having initiated a contested matter under the Bankruptcy Rules by objecting to Baupost's proofs of claims, PG&E insists that the Court should jettison the Bankruptcy Rules applicable to contested matters (under which discovery is the default, not the exception); treat PG&E's FRBP 3007 Objection as if it were a FRCP 12(b)(6) motion to dismiss in a civil action in District Court; and deny Baupost any discovery, despite PG&E's decision to file Objections spanning 150 pages and append to those Objections and rely on 113 exhibits totaling nearly 4,500 pages. The superficial similarities between claims objections and motions to dismiss do not justify this harsh and counter-textual result. FRBP 9014 gives Baupost the unqualified right to level this uneven playing field by taking the limited, Objection-related discovery it now seeks. None of PG&E's arguments to the contrary withstands scrutiny.

PG&E argues that the Court's July 2023 Order concerning the scheduling of claim objections bars Baupost and other Securities Claimants from seeking Objection-related discovery. Not so. The July 2023 Order does not address Objection-related discovery under FRBP 9014 at all. The only provisions concerning discovery address the coordination of plenary discovery—*i.e.*, the discovery that Baupost and other Securities Claimants will take to prove their claims after the Court denies PG&E's Objections—not the limited discovery Baupost now seeks to respond to PG&E's sufficiency objection. *See infra* Pt. I.

PG&E next asserts that the PSLRA's provision staying discovery in a District Court action during the pendency of a FRCP 12(b)(6) motion to dismiss applies during the pendency of a proof

of claim objection in the bankruptcy court. It has never cited any authority for this novel proposition, and no court has ever concluded that the PSLRA's discovery stay applies to a bankruptcy claim objection or overrides the provisions of FRBP 9014. To the contrary, every court to have considered the issue has opined that the PSLRA discovery stay applies to actions pending in District Courts under the FRCP, but not to bankruptcy proceedings governed by the FRBP. The terms of the PSLRA itself—which refers specifically to a "complaint" and a "motion to dismiss"—compel this limitation. So do the fundamental differences between a motion to dismiss under the FRCP—which examines the face of the complaint—and a claim objection under the Bankruptcy Rules—which involves shifting evidentiary burdens. *See infra* Pt. II. Moreover, even if the PSLRA discovery stay applies (it does not), Baupost respectfully submits that the Court should exercise its discretion to lift the stay. *See infra* Pt. III.

Finally, PG&E argues that the need for discovery coordination compels the denial of Objection-related discovery. PG&E's argument offends logic. There is nothing stopping the Securities Claimants from coordinating Objection-related discovery—other than PG&E's refusal to entertain any such discovery, however targeted. *See infra* Pt. IV.

Accordingly, Baupost respectfully submits that the Court should permit Baupost to proceed with limited discovery relating to PG&E's Objections to Baupost's proofs of claim.

## **BACKGROUND**

### **The Securities Claim Order and Baupost's Proofs of Claim**

In 2020, the Court entered the Securities Claim Order, which, among other things, directed Securities Claimants to file a "customized" proof of claim form—the "Rescission or Damage Claim Proof of Claim Form"—in support of their claims. *See* Securities Claim Order ¶ 4. The form required Securities Claimants to provide enumerated categories of data concerning their claims, *e.g.*, details concerning their purchases and sales of specified PG&E securities. Moreover, the Court-approved notice that PG&E sent to Securities Claimants explained that they need only attach to their proofs of claim "a summary" of "any documents on which the claim is based."[1]

---

[1] *Notice of Extended Deadline for Filing Certain Securities Claims for Rescission or Damages* [Dkt. No. 7053].

Thus, the Court's Securities Claim Order and the related notice approved by the Court were clear that, in filing proofs of claim, Securities Claimants only needed to submit a limited description of their claims, not a full-blown complaint.

In accordance with the Securities Claim Order, Baupost filed its 2020 Proofs of Claim in April 2020. The 2020 Proofs of Claim adopted the allegations in the PERA Complaint—which alleged that PG&E's share price was artificially inflated from 2015 until after the Camp Fire broke out in November 2018 because of 19 misstatements made by PG&E and its senior executives that falsely assured the public about PG&E's safety practices, including its compliance with regulations that required PG&E to clear vegetation from around its lines.

Then, after PG&E pleaded guilty to 84 counts of manslaughter in connection with the Camp Fire, Baupost submitted its Supplemental Proofs of Claim in December 2022. Building off the Butte County District Attorney's findings, Baupost's Supplemental Proofs of Claim alleged that, in the years leading up to the Camp Fire, PG&E was aware that its high-voltage transmission infrastructure—such as tower components and connector hooks—was at or near the end of its useful life, had dangerously deteriorated because of wind-related corrosion and other factors, and presented an imminent risk of sparking a catastrophic wildfire. Baupost's Supplemental Proofs of Claim point to seven misstatements (not included in the PERA Complaint) in which, following the 2017 North Bay Fires and throughout 2018, PG&E and its executives falsely reassured the public that it was hardening its transmission infrastructure, replacing worn-out equipment, performing frequent inspections, and otherwise operating its electrical system in a safe and prudent manner, when, in fact, PG&E delayed replacing and maintaining its transmission infrastructure under its "run to failure" strategy and dramatically reduced both the frequency and the quality of its transmission line inspections, such as by discontinuing formal inspector training. Thus, Baupost alleges, PG&E knowingly misled the market about its inspection practices and materially under-disclosed the risks presented by its aged, decrepit, and un-inspected high-voltage transmission line

infrastructure.[2] Baupost's proofs of claim are *prima facie* evidence that Baupost suffered over $400 million in losses when, in November 2018, the Camp Fire finally revealed the truth concerning PG&E's reckless practices and PG&E's stock price collapsed—falling over 62%.

**The Securities Claim Procedures Order and the Objections**

In January 2021, the Court entered the Securities Claim Procedures Order. That Order repeatedly and uniformly described PG&E's opposition to Securities Claims as claim objections and made no reference to a "motion to dismiss" any proof of claim. Significantly, Section H of Exhibit A-3 to the Securities Claim Procedures Order stated clearly that: "Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate ***contested matter as contemplated by Bankruptcy Rule 9014***" (emphasis added). Dkt. No. 10015-1 at 3.

On December 13, 2023, PG&E filed its Objections to Baupost's proofs of claim, the PERA Complaint, and the RKS Amendment. PG&E also filed the RJN, which appended 113 exhibits totaling nearly 4,500 pages. On December 15, 2023, in response to the Objections, Baupost served PG&E with Requests for Production pursuant to FRBP Rules 7026, 7034, and 9014, Ex. A; and sought the depositions of four former PG&E officers—each a defendant in the District Court Action—and one current PG&E employee. Exs. B-F.

In the lead-up to a December 19, 2023 conference at which the Court addressed the briefing schedule for the Objections, Baupost and other Securities Claimants, including PERA and MML, filed statements requesting that the Court fashion a briefing schedule that would allow them—consistent with typical practice in any contested matter—to take targeted discovery in responding to the Objections.[3] PG&E opposed this request and insisted that Baupost was "improperly seek[ing] discovery." During the December 19 conference, the Court ordered the parties to submit briefs in support of their respective positions on the availability of discovery relating to the Objections. Dec. 19 Hr'g Tr. at 8:8-9:18.

---

[2] PG&E erroneously asserts that Baupost parroted allegations in the RKS Amendment. *See* Dkt. No. 14200 at 2. To the contrary, RKS substantially adopted the allegations set forth in Baupost's Supplemental Proofs of Claim, which preceded the RKS Amendment by over 9 months.

[3] *See* Dkt. No. 14225 (Baupost) at 2-3; Dkt. No.14228 (PERA) at 2; Dkt. No. 14233 (MML) at 2.

## ARGUMENT

The conclusion that Baupost is entitled to take discovery in responding to PG&E's Objections follows from three unassailable premises:

- By filing the Objections, PG&E created contested matters under FRBP 9014. *See* Adv. Comm. Notes to Fed. R. Bankr. P. 9014 ("[T]he filing of an objection to a proof of claim . . . creates a dispute which is a contested matter[.]").[4]

- The federal discovery rules apply in contested matters. *See* FRBP 9014(c) (making FRCP 26 through 37 applicable to contested matters).[5]

- Courts in this Circuit permit parties to seek discovery immediately upon the commencement of a contested matter. *See, e.g.*, *Korneff v. Downey Reg'l Med. Ctr.-Hosp., Inc. (In re Downey Reg'l Med. Ctr. Hosp., Inc.)*, 441 B.R. 120, 129 (B.A.P. 9th Cir. 2010) (because "Rule 9014 makes discovery available in contested matters," party "could have initiated discovery as soon as" the matter was commenced).[6]

The Court should see PG&E's decision to bifurcate the claims objection process—*i.e.*, asking the Court to consider purported threshold questions of legal sufficiency now and address whether PG&E satisfied its *prima facie* evidentiary burden later—for what it is: a gambit to circumvent this established body of law and divest Baupost of its FRBP 9014 discovery rights.

## I. THE JULY 2023 ORDER DOES NOT PRECLUDE FRBP 9014 DISCOVERY

PG&E argues that Objection-related discovery is inappropriate because the July 2023 Order provides that "no discovery shall take place until *after* the Court decides" the Objections. Dkt. No. 14227 at 6 (emphasis in original). False. Nothing in the July 2023 Order purports to strip Securities Claimants of their right under FRBP 9014 to take Objection-related discovery. The July 2023 Order is silent on Objection-related discovery and makes no mention of FRBP 9014.

Paragraph 9 of Exhibit A to the July 2023 Order provides that PG&E "intend[s] to make sufficiency objections *akin to* a motion to dismiss . . ." (emphasis added). But conspicuously absent from Paragraph 9 is any suggestion that FRBP 9014 discovery would be inapplicable to the

---

[4] *See also* Dkt. No. 14200 at 8.

[5] *See also In re Ninety-Five/Two Fifteen Ctr. Part II, LLC*, 2020 WL 6600062, at *6 (Bankr. D. Nev. June 16, 2020) (same).

[6] *See also Khachikyan v. Hahn (In re Khachikyan)*, 335 B.R. 121, 126 (B.A.P. 9th Cir. 2005) (same); *In re Malek*, 591 B.R. 420, 432 (Bankr. N.D. Cal. 2018) (same).

claims objection process. Nor does the July 2023 Order state that the PSLRA discovery stay would apply to such "sufficiency objections."

The only mention of discovery in the July 2023 Order is in Paragraph 10 of Exhibit A. Paragraph 10(b) provides that, during the pendency of the Objections, "the parties will agree to meet and confer on . . . procedures for coordination of discovery should such discovery be necessary after the [Objections] are decided . . . ." Paragraphs 10(d) and (e) set forth procedures that apply "[i]f discovery is permitted by the Court to proceed." Read in context, these references to "discovery" concern **plenary** discovery—*i.e.*, full discovery into the merits of Baupost's and the other Securities Claimants' proofs of claim. They do not address, let alone preclude, targeted discovery under FRBP 9014 while the Objections are pending. The distinction is critical. The Objection-related discovery Baupost seeks is focused on PG&E's arguments that Baupost pleaded its claims with inadequate particularity—in particular, PG&E's contention that Baupost failed to plead specific facts to support its allegation that PG&E's senior executives knew or recklessly disregarded that PG&E's inspection and maintenance regime for PG&E's transmission infrastructure was dangerously inadequate even while saying the opposite to the public. *See, e.g.*, Ex. A at Request Nos. 1-2. Discovery addressed to such purported pleading gaps is not plenary discovery, which will be far more involved and encompass fact- and expert-intensive inquiries into all the elements of Baupost's claims and PG&E's defenses.

Unable to point to anything in the July 2023 Order supporting its position, PG&E resorts to arguing that it was the "intent" of the Order to override FRBP 9014 and bar Objection-related discovery. Tellingly, PG&E offers no evidence supporting this resort to the parties' supposed intent—and none exists. PG&E also argues that Baupost was involved in negotiating the July 2023 Order. Dec. 19 Hr'g Tr. 7:8-18. Its argument is misdirected. *First*, regardless of whether Baupost was involved in negotiating the Order, the fact of the matter is that the Order is silent on the matter of Rule 9014 discovery. *Second*, Baupost's involvement in the negotiation of the July 2023 Order was peripheral. *Third*, nothing in the negotiating history of the Order addresses FRBP 9014, let alone implies that the Order was intended to strip Securities Claimants of their right to Rule 9014 discovery.

For all of these reasons, the Court should reject PG&E's eleventh-hour attempt to graft a bar on Rule 9014 discovery onto the July 2023 Order.

## II. THE PSLRA DISCOVERY STAY IS INAPPLICABLE

The PSLRA explicitly applies to "complaints" and motions to dismiss in a "private action." *See, e.g.*, 15 U.S.C. § 78u-4(b)(1), (3)(A) ("***the complaint*** shall specify each statement alleged to have been misleading;" "[i]n any private action arising under this chapter, the court shall, on the ***motion*** of any defendant, ***dismiss the complaint*** if the [PSLRA's] requirements . . . are not met") (emphases added). The PSLRA does not address the required contents of a proof of claim under 11 U.S.C. §§ 501(a), 502(a) and FRBP 3001. Nor does it prescribe the required contents of the customized Rescission or Damage Claim Proof of Claim Form that the Court (with PG&E's support) directed Securities Claimants to use.

Consistent with the PSLRA's focus on "complaints," the PSLRA's discovery stay applies in the context of "motion[s] to dismiss" in "private action[s]":

> In any ***private action*** arising under this chapter, all discovery and other proceedings shall be stayed during the ***pendency of any motion to dismiss***, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B). The PSLRA's discovery stay does not apply to these proceedings because the Objections are not "motions to dismiss" a complaint in a "private action." As the July 2023 Order recognized, they are merely "akin" to motions to dismiss. But this analogy between Objections and motions to dismiss is, at best, imperfect.

Unlike motions to dismiss, but like all proof of claim objections, PG&E's Objections gave rise to contested matters governed by FRBP 3001, 3007, and 9014. *See* Adv. Comm. Notes to FRBP 9014. *See also In re Myers*, 2023 WL 8047842, at *1 (9th Cir. Nov. 21, 2023) ("Rule 3001 . . . governs the requirements for a proof of claim"). FRBP 3001, FRBP 3007, and FRBP 9014 make no mention of "motions to dismiss" or FRCP 12(b)(6); nor does the Securities Claim Order or the Securities Claim Procedures Order.

Moreover, the procedures and standards governing proof of claim objections are fundamentally distinct from, and incompatible with, motions to dismiss under FRCP 12(b)(6).

- FRCP 12(b)(6) motions are generally confined to the matters alleged in the complaint and do not consider outside evidence. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Further, on a FRCP 12(b)(6) motion, a court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *In re Juniper Networks, Inc. Sec. Litig.*, 542 F. Supp. 2d 1037, 1045 (N.D. Cal. 2008).

- By contrast, proofs of claim "constitute prima facie evidence of the validity and amount of the claim" and will be "deemed allowed" unless a party in interest objects. FRBP 3001(f); 11 U.S.C. § 502(a); 502(b). To "defeat [a] claim, the objector must come forward with sufficient ***evidence*** and 'show ***facts*** tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," and, if the objector meets this "initial burden of ***proof***" then, and only then, does "the burden revert[] to the claimant to ***prove*** the validity of the claim by a preponderance of the ***evidence***." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (emphases added and citations omitted).

PG&E's own conduct confirms that it appreciates the distinction between motions to dismiss and claims objections. In an apparent attempt to meet its burden of proof as a claim objector, PG&E seeks judicial notice of 113 exhibits totaling nearly 4,500 pages—many of which are not judicially noticeable under FED. R. EVID. 201(b), and go to fact-intensive inquiries, not to questions of legal sufficiency.[7] *See* RJN. Whether the evidence cherry-picked by PG&E has a "probative force equal to that of the allegations" in Baupost's proofs of claim is not a question that the Court can fairly resolve by accepting PG&E's self-serving characterization of its Objections as "motions to dismiss" and denying Baupost the opportunity to develop its own evidence. *See In re Mulvania*, 214 B.R. 1, 6-7 (B.A.P. 9th Cir. 1997) (bankruptcy court abused discretion in denying debtor discovery in connection with objection to proof of claim where evidentiary burden was on debtor).

PG&E's attempt to shoehorn its Objections into the Rule 12(b)(6) framework is also inconsistent with the decisional authority in this Circuit, which holds that the filing of "a claim objection by the debtor is analogous to an answer"—not a motion to dismiss. *In re Brosio*, 505

---

[7] For example, PG&E relies on its RJN exhibits to mount a "truth on the market" defense, Dkt. No. 14206 at 8, which requires the truth to be "transmitted to the public with a degree of intensity and credibility sufficient to effectively counter-balance any misleading impression" from PG&E's misstatements, *In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989). This is a fact-intensive inquiry, *see In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006), one that cannot be resolved on the pleadings, where, as here, Baupost disputes that the RJN exhibits are sufficient to support PG&E's attempt to avail itself of that defense.

B.R. 903, 912 (B.A.P. 9th Cir. 2014) (collecting cases).  It also holds that an answer by a defendant in a securities action in District Court lifts the PSLRA discovery stay.  *See, e.g.*, *In re Vaxart, Inc. Sec. Litig.*, 2022 WL 2297535, at *2 (N.D. Cal. June 22, 2022) (ruling that the PSLRA discovery stay is lifted after "a defendant answers").

PG&E relies on *Brosio* to argue that "[t]he filing of a proof of claim is analogous to filing a complaint in the bankruptcy case."  Dkt. No. 14200 at 7.  PG&E overstates the holding of *Brosio* and similar decisions.  Those cases recognize that a proof of claim is analogous to a complaint for limited purposes (which are not relevant here)—*e.g.*, assessing which party was "in the role of" the plaintiff under a fee shifting statute, 505 B.R. at 912-13.[8]  But "analogous" does not mean "identical."  That a proof of claim is similar to a complaint in some respects does not justify PG&E's attempt to displace the Bankruptcy Rules applicable to the Objections and supplant them with FRCP 12(b)(6) and the PSLRA stay.

Indeed, in other contexts, PG&E has itself insisted that the Securities Claims be resolved according to the FRBP, and resisted attempts to apply the FRCP.  PG&E objects to PERA's motion for appointment as lead plaintiff on the grounds that the Securities Claims are governed by the "Bankruptcy Code or Bankruptcy Rules," not the FRCP.  Dkt. No. 14268 at 9.  The Court should reject PG&E's self-serving effort to pick and choose when the Securities Claims should be subject to the FRBP and when they should proceed subject to the FRCP.

In light of the differing procedural regimes at play, it comes as no surprise that numerous courts have opined that the PSLRA's discovery stay "does not apply to . . . bankruptcy proceedings[.]"  *Willis v. Big Lots, Inc.*, 2014 WL 12656500, at *2 (S.D. Ohio Apr. 16, 2014); *In re Tronox Inc.*, 2010 WL 1849394, at *2 (Bankr. S.D.N.Y. May 6, 2010) (same); *In re Recoton Corp.*, 307 B.R. 751, 757-58 (Bankr. S.D.N.Y. 2004) (same).  As the court recognized in *In re Refco, Inc.*:

> Discovery in the bankruptcy proceeding will go forward to the extent allowed under the bankruptcy rules. . . . The PSLRA's stay

---

[8] *See also Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) (effect of the withdrawal of a claim); *In re Cruisephone, Inc.*, 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002) (describing claim amendment standard by reference to FRCP 15(a)); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002) (concerning claim amendment standard); *U.S. v. Levoy (In re Levoy)*, 182 B.R. 827, 833 n.5 (9th Cir. BAP 1995) (concerning jurisdiction).

> provision prevents plaintiffs in securities class actions from imposing discovery burdens on defendants prior to a judicial determination that the plaintiffs' claims have a basis in the law. The PSLRA does not, however, build a wall around defendants' documents and officials for all purposes in all other proceedings.

2006 WL 1379616, at *3 (S.D.N.Y. May 16, 2006). Because proofs of claim and complaints are different legal animals, it should also come as no surprise that PG&E has failed to identify any decisional law holding that (i) a proof of claim is a "complaint" under the PSLRA; (ii) an objection to a proof of claim constitutes a "motion to dismiss" under PSLRA; or (iii) the PSLRA discovery stay applies to claim objections and overrides FRBP 9014.

Nothing about this result is extraordinary. In other contexts, federal courts have recognized that federal statutory provisions that apply to District Court civil actions do not invariably apply in bankruptcy court proceedings. *See, e.g.*, *In re Teter*, 2024 WL 28864, at *1, 4 (6th Cir. Jan. 3, 2024) (holding that fee shifting provision of federal statute that applies "in any civil action . . . brought by or against the United States in any court having jurisdiction of that action," applies to actions under the FRCP, not bankruptcy proceedings under the FRBP). Further, state courts addressing federal securities claims have held that the PSLRA discovery stay is inapplicable to such claims in state court because the PSLRA incorporates, and is intertwined with, the FRCP and procedures that are themselves inapplicable in state court actions. As the California Superior Court reasoned when denying an application to impose the PSLRA's discovery stay in a securities action pending in state court:

> The Court finds the plain language of the discovery stay's surrounding provisions evidences that the provision only applies to federal court. The complete absence of any reference to state courts stands in contrast to other provisions in the PSLRA that do make explicit reference to state courts. . . . Not only is the full provision itself silent on application to state court, *but the statute as a whole consistently limits its procedural provisions to action[s] under the Federal Rules of Civil Procedure* . . . .

*In re Pivotal Software, Inc. Sec. Litig.*, 2021 WL 841299, at *2-3 (Cal. Super. Ct. Mar. 4, 2021) (emphasis added).[9] The same logic applies here. Congress could have made the PSLRA's

---

[9] *See also Switzer v. Hambrecht & Co., L.L.C.*, 2018 WL 4704776 (Cal. Super. Sept. 19, 2018) (denying application for a discovery stay because "the PSLRA's provision for a discovery stay is of a procedural nature, and therefore only applies to actions filed in federal court, not state court").

1  provisions, including the discovery stay, applicable to bankruptcy proceedings, including to claim

2  objections.  That it did not, combined with the fact that bankruptcy claim objections are governed

3  by a different body of procedures and rules than motions to dismiss in District Court civil actions,

4  confirms that the PSLRA's discovery stay does not apply here.

5      In urging the Court to extend the PSLRA's discovery stay to this contested matter—which

6  involves neither a "complaint" nor a "motion to dismiss"—PG&E is inviting the Court to make

7  new law that expands the PSLRA beyond its plain terms, override FRBP 3001 and 9014, and

8  impose a statutory scheme that Congress never intended to apply to bankruptcy proceedings.

9  Baupost respectfully submits that the Court should reject PG&E's invitation.

10  **III.    EVEN IF THE PSLRA DISCOVERY STAY APPLIED, IT SHOULD BE LIFTED**

11      Even if the PSLRA discovery stay applied here to proof of claim objections (it does not),

12  the Court would be free to lift the stay to permit limited, targeted discovery.  The PSLRA "was not

13  intended to provide defendants with the means to bar all investigation into their conduct" or

14  "provide defendants with immunity from suit[.]"  *In re JDS Uniphase Corp. Sec. Litig.*, 238 F.

15  Supp. 2d 1127, 1134 (N.D. Cal. 2002).  For this reason, courts have discretion to lift the PSLRA

16  stay for "particularized discovery . . . necessary to . . . prevent undue

17  prejudice . . . ."  15 U.S.C. § 78u-4(b)(3)(B).  Relief from the PSLRA stay would be warranted

18  here because the "particularized discovery" sought by Baupost would not unduly burden PG&E

19  (which has already provided much of the disclosure sought by Baupost in other proceedings),

20  while the denial of such disclosure would unduly prejudice Baupost.

21      "A discovery request is 'particularized' . . . if it seeks a 'clearly defined universe of

22  documents' and other information."  *In re MGM Mirage Sec. Litig.*, 2012 WL 2367567, at *2 (D.

23  Nev. June 21, 2012) (citations omitted).  For example, *In re Asyst Techs., Inc. Deriv. Litig.*, 2008

24  WL 916883, at *1 (N.D. Cal. Apr. 3, 2008), ruled that the requested disclosure of documents that

25  the defendants had already produced to regulators was "sufficiently particularized and not unduly

26  burdensome."[10]  Here, Baupost seeks limited, particularized discovery of documents such as

27
---
28  [10] *See also Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022) ("Courts have regularly held that requests seeking documents produced to regulatory agencies or produced in other proceedings were particularized.") (collecting cases); *In re New Century*, 2009 WL 9568860, at *6 (C.D. Cal. July 8, 2009) ("[T]here is

(1) materials PG&E already produced to the Butte County District Attorney; (2) documents prepared, sent, or received by makers of the alleged misstatements; and (3) reports, presentations, and other materials prepared or received by the short list of PG&E committees charged with transmission line safety and oversight.  Ex. A.  Baupost also noticed the depositions of the five individuals who made the misstatements alleged in its proofs of claim—four of whom are defendants in the District Court Action.  These are not sweeping discovery requests for "all documents or communications relating to" the many fact and expert issues presented by Baupost's proofs of claim.

Nor can PG&E credibly argue that it will be unduly prejudiced by such particularized discovery.  PG&E has already been the "target of numerous civil and criminal actions, none of which," apart from the District Court Action, "are subject to the PSLRA discovery stay."  *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251–52 (D. Md. 2004) (lifting stay for securities plaintiffs because "[w]ithout access to key documents that have already been produced to government investigators . . . , the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy.").  Having already produced (in other contexts) documents and communications about many of the matters put at issue by its Objections, any argument by PG&E that it would be prejudiced by re-producing largely the same or similar information to Baupost would ring hollow.

Finally, the Court could—and Baupost respectfully submits should—lift the PSLRA discovery stay (assuming, *arguendo*, it applies) because doing so would tend to promote settlement.  The prompt disclosure of evidence relating to PG&E's Objection would likely have a clarifying effect on Baupost's and PG&E's respective settlement positions and, by exposing some of the strengths and weaknesses in their respective cases, potentially promote settlement and short circuit years of grinding litigation.[11]

---

virtually no burden that will be placed on defendant since the requested documents have already been found, compiled, and indexed[.]").

[11] *See In re Metro. Sec. Litig.*, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005) (ruling that a "partial lifting of the discovery stay" would "prevent undue prejudice within the meaning of the PSLRA" by assisting the parties "in evaluating the worth of any potential settlements and in bringing an efficient and economic resolution to all claims").

**IV. PG&E'S DESIRE FOR COORDINATION DOES NOT JUSTIFY OVERRIDING FRBP 9014**

PG&E asserts that "discovery of the Reorganized Debtors and witnesses should take place in a coordinated fashion[.]" *See* Dkt. No. 14227 at 7. While the coordination of discovery is a valid concern, it is a concern that goes to "how," not "if," discovery is conducted. If the Court authorizes limited Objection-related discovery, there is no reason why such discovery could not be coordinated. The only reason that such discovery has not been coordinated already is that PG&E refuses to brook any discussion about discovery.

## CONCLUSION

For the foregoing reasons, the Court should permit the limited Objection-related discovery sought by Baupost. Alternatively, if the Court cannot resolve whether Objection-related discovery is necessary or appropriate until it has had the opportunity to consider the Objections and decide whether PG&E has met its *prima facie* evidentiary burden, Baupost respectfully requests that the Court grant it the opportunity to take limited discovery to address and cure any pleading or evidentiary deficiencies that the Court might identify, and then supplement or further amend its proofs of claim. Such supplementation or amendment would be consistent with the Ninth Circuit's liberal policy on amending proofs of claim.[12]

---

[12] *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014); *Roberts Farms Inc. v. Bultman (In re Roberts Farms Inc.)*, 980 F.2d 1248, 1251 (9th Cir. 1992); *Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.)*, 754 F.2d 811, 816-17 (9th Cir. 1985).

Respectfully submitted,

Dated:   January 16, 2024

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Debra I. Grassgreen*

Isaac M. Pachulski
Debra I. Grassgreen
Gabriel I. Glazer

- and -

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
Matthew Tharp (*pro hac vice* pending)
FRIEDMAN KAPLAN SEILER
   ADELMAN & ROBBINS LLP

*Attorneys for Securities Claimant*
*Baupost Group Securities, L.L.C.*

# EXHIBIT A

1  Isaac M. Pachulski (CA Bar No. 62337)
   Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
   One Sansome Street, 34th Floor, Suite 3430
3  San Francisco, California 94104-4436
   Telephone: 415-263-7000
4  Facsimile:  415-263-7010
   Email: dgrassgreen@pszjlaw.com
5
6  Eric Seiler (admitted *pro hac vice*)
   Jason C. Rubinstein (admitted *pro hac vice*)
7  Michael S. Palmieri (admitted *pro hac vice*)
8  FRIEDMAN KAPLAN SEILER
       ADELMAN & ROBBINS LLP
9  7 Times Square
   New York, NY 10036-6516
10 Telephone (212) 833-1103
   Facsimile (212) 373-7903
11 Email: eseiler@fklaw.com
12
   *Attorneys for Securities Claimant,*
13 *Baupost Group Securities, L.L.C.*

14                    **UNITED STATES BANKRUPTCY COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
15                         **SAN FRANCISCO DIVISION**

16 | In re: | Chapter 11 |
17 | PG&E CORPORATION, | Case No. 19-30088 (DM) |
18 | -and- | (Jointly Administered) |
19 | PACIFIC GAS AND ELECTRIC COMPANY, | **BAUPOST GROUP SECURITIES, L.L.C.'s** |
20 | Debtors. | **REQUESTS FOR PRODUCTION TO REORGANIZED DEBTORS** |
21 | ☐ Affects PG&E Corporation | |
22 | ☐ Affects Pacific Gas and Electric Company | |
23 | ☒ Affects both Debtors | |
24 | * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |
25
26
27
28

Pursuant to Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 34 of the Federal Rules of Civil Procedure ("**FRCP**"), Securities Claimant[1] Baupost Group Securities, L.L.C. ("**Baupost**"), on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of the PG&E equity securities at issue herein, by and through its undersigned attorneys, hereby address these Requests for Production (the "**Requests**") to the Reorganized Debtors, and request that the Reorganized Debtors produce for inspection and copying the documents and other tangible things set forth below that are in its possession, custody, or control, at the offices of Baupost's undersigned attorneys within thirty (30) days of service hereof.

## **DEFINITIONS**

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and are hereby incorporated into these Requests.

2. "PG&E" means, collectively, the Reorganized Debtors PG&E Corporation and Pacific Gas and Electric Company, including each of their predecessors, successors, divisions, subsidiaries, and affiliates; each other person directly or indirectly, wholly or in part, owned or controlled by them; each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting on their behalf.

3. "Board" refers to the Boards of Directors of PG&E Corporation or Pacific Gas and Electric Company.

4. "Board Committees" refers to the following committees of the Board: (i) the Audit Committee, (ii) the Finance Committee, and (iii) the Safety and Nuclear Oversight Committees.

5. "Butte Report" means the June 16, 2020 Camp Fire Public Report issued by the Butte County District Attorney's office.

---

[1] 'Securities Claimant' is used as defined in the Court's *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943].

SF 4879-2532-0343.1 08442.030

6.     "Document" or "Documents" refers to documents broadly defined in FRCP 34 and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, or any other use of ephemeral communications services, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.

7.     "Individual Defendants" means Anthony F. Early, Jr., Geisha J. Williams, Nickolas Stavropoulos, Julie M. Kane, Christopher P. Johns, and Patrick M. Hogan.

8.     "Integrated Planning Process" means PG&E's "enterprise wide process that organizes the functions and processes used to assess risk," as described on pages 23-31 of the Staff Report concerning PG&E's 2017-2019 General Rate Case, prepared by the Risk Assessment Section of the California Public Utilities Commission's Safety and Enforcement Division, *available at*: https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/safety-policy-division/reports/pge-2017-grc-report-final-030716.pdf, including but not limited to the Executive Guidance forum and the Session D – Line of Business (LOB) Risk and Compliance Mitigation plan.

9.     "Kane" means Julie M. Kane.

10.    "Relevant Period" means April 9, 2015 through November 15, 2018.

11.    "Senior Executives" means PG&E's President, Chief Executive Officer, Chief Operational Officer, Chief Financial Officer, Chief Ethics and Compliance Officer, Chief Risk Officer, Chief Safety Officer, the President and Vice Presidents of Electric Operations, the President and Vice Presidents of Enterprise and Operational Risk and any other PG&E officer or

1  employee with authority as to public statements made by PG&E pertaining to its electrical

2  transmission and distribution infrastructure inspection, maintenance, and safety practices.

3      12.     "Supplemental POC" refers to Claim Nos. 109847 and 109848 filed by Baupost on

4  or around December 28, 2022.

5      13.     "TAC" means the Third Amended Consolidated Class Action Complaint for

6  Violation of the Federal Securities Laws filed in *In re PG&E Corp. Secs. Litig.,* No. 3:18-cv-

7  03509-EJD (N.D. Cal.) [Dkt. No. 121].

8      14.     To bring within the scope of these Requests all materials that might otherwise be

9  construed to be outside of their scope, the following rules of construction apply: (i) reference to

10  any Person that is not a natural person and is not otherwise defined herein refers to and includes

11  any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor,

12  successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact,

13  attorney, nominee, agent or representative of such Person, whether current or former; (ii)

14  "including" shall mean including without limitation; (iii) neither the inclusion or exclusion of

15  capital letters nor the use of punctuation shall be construed to limit the scope of these Requests;

16  (iv) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as

17  necessary to bring within the scope of these Requests all materials that might otherwise be

18  construed to be outside of their scope; (v) the use of the singular form of any word includes the

19  plural and vice versa; and (vi) verbs in the past tense shall be interpreted to include the present

20  tense and *vice versa*.

21                                    **<u>INSTRUCTIONS</u>**

22      1.      Each Request herein should be construed independently and not with reference to

23  any other Request for the purposes of limitation.

24      2.      In addition to original and final versions of documents, all draft, alterations,

25  modifications, changes and amendments of documents should be produced, as well as all copies

26  non-identical to the original in any respect, including any copy bearing non-identical markings or

27  notations of any kind.

28

3. All documents are to be produced in the form they are maintained in the usual course of business.

4. If, in responding to the Requests, PG&E encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5. Where an objection is made to any Request or subpart thereof, the objection shall state with specificity all grounds therefor, as required by FRCP 34(b)(2)(B). The objection shall also state whether any responsive information is being withheld on the basis of the objection, as required by FRCP 34(b)(2)(C).

6. If You object to any portion of a Request, You shall produce documents responsive to the remainder of the Request.

7. In accordance with FRCP 34(b)(2)(B), the production must be completed either by 30 days of the date of service of the Requests (plus additional time for service by mail) or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

8. In accordance with FRCP 26(b)(5), where a claim of privilege is asserted in objecting to any Request or part thereof, and information is not provided on the basis of such assertion:

(a) in asserting the privilege, PG&E shall, in the objection to the Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

(b) the following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(i) for documents:

1. the type of document;

2. the general subject matter of the document;

3. the date of the document; and

4. the author of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the author, addressees, and any other recipients to each other.

9.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, please clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.  It is intended that the Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible to a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to FRCP 26(b)(5) will be required as to such material.

10.      If any document that would be responsive to the Requests has been destroyed or is no longer in Your possession, custody, or control, provide the following information:

(a)      the date of the document;

(b)      the names and job titles of the preparer(s), sender(s), and recipient(s) of the document;

(c)      the date of and the identity of the person responsible for its destruction, loss, transfer, or other act or omission by which the document left PG&E's possession, custody, or control; and

(d)      the circumstances surrounding the loss of the document or the reason for its destruction.

11.      The Requests constitute a continuing demand for the production of documents and things described herein.  If at some point after the service of the Requests upon PG&E, a document is located or is created which is responsive to one of the Requests herein, the Request is to be interpreted as requesting production of that document.

12.      All e-mails responsive to these Requests should be produced with .msg or .pst file extensions.  All hard copies of e-mails shall be produced with a full header.  All other electronically stored information should be produced in native electronic format, with all available

metadata, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk, unless the parties agree to produce in another format, such as .tif.

<u>**REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**</u>

1.      Documents sufficient to show the membership of the following PG&E committees during the Relevant Period:

(a)      The Compliance and Public Policy Committee of PG&E Corporation;

(b)      The Executive Officer Risk and Compliance Committee referenced in paragraph 401 of the TAC;

(c)      The committee "formed" in 2013 "to explore opportunities to reduce costs by reducing the frequency of inspections and patrols and examine . . . 'unit costs'" referenced on page 26 of the Butte Report;

(d)      The committee formed in 2010 "to review and comment on the Quanta reports," referenced on page 62 of the Butte Report;

(e)      The "T Lines Patrols and Inspection Continuous Improvement Charter" committee referenced on page 50 of the Butte Report;

(f)      The "Enterprise Risk Management Committee" referenced on page 73 of the Butte Report;

(g)      The "Executive Management Committee" referenced on page 73 of the Butte Report; and

(h)      The "TLine Structures Committee" referenced on page 77 of the Butte Report.

2.      All documents, including agendas, meeting minutes, meeting summaries, notes, PowerPoints, and reports, concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including the components of said transmission lines and towers, prepared in connection with (i) meetings of the committees identified in Request No. 1 or the meetings of the Board or of any of the Board Committees or (ii) the Integrated Planning Process, during the Relevant Period.

3.      All reports (whether in draft or final form) prepared by, on behalf of, or at the request of any of the committees identified in Request No. 1 or of the Board or of any of the Board

1  Committees or otherwise provided to any of the members of those committees or prepared in

2  connection with the Integrated Planning Process during the Relevant Period concerning the

3  maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the

4  frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines

5  and towers, including the components of said transmission lines and towers.

6      4.    The following documents referenced in the Butte Report:

7  (a)    The 2012 Quanta Technology "Transmission Line Inspection Procedures Final
8      Report" referenced on pages 23 and 26 of the Butte Report;

9  (b)    The 1987 PG&E Laboratory Test Report referenced on page 24 of the Butte
    Report;

10  (c)    The "2013 internal PG&E PowerPoint" referenced on page 26 of the Butte Report;

11  (d)    The Lab Test Report entitled "Analysis of bolted aluminum transmission
12      connectors from various PG&E sites," prepared by PG&E Applied Technology
    Services (ATS) and dated November 10, 2009, referenced on page 32 of the Butte
13      Report;

14  (e)    The "Request for Advance Authorization of Expenditures in Accordance with
15      Capital Expenditures Policy" document referenced on page 34 of the Butte Report;

16  (f)    Event reports for the Caribou-Palermo line since 2002 referenced on page 34 of the
    Butte Report;

17  (g)    The 2017 Electric Transmission Overhead Steel Structure Strategy Overview
18      referenced on pages 56-57 of the Butte Report;

19  (h)    The 2018 TD-8101 – Transmission Line Overhead Asset Management Plan
20      referenced on pages 57-59 and 64 of the Butte Report;

21  (i)    The internal PG&E draft report entitled "Transmission Overhead Conductors"
    referenced on page 63 of the Butte Report;

22  (j)    The report entitled "EO118 Transmission OH119 White Paper" referenced on page
23      63 of the Butte Report;

24  (k)    The November 2017 Risk Assessment and Mitigation Phase Report referenced on
    pages 63-64 of the Butte Report;

25  (l)    The 2009 Enterprise Risk Management Urban Wildland Fire Risk Review
26      referenced on pages 73-74 of the Butte Report;

27  (m)    Enterprise Risk Management Reports for 2010 through 2018 as referenced on page
28      74 of the Butte Report

(n) The "EMC: Electric T&D Asset Road Map" referenced on page 74 of the Butte Report;

(o) The Transmission Line Component Management Report that PG&E received from Quanta Technologies in 2010, including the "Structures" report, referenced on pages 27 and 75 of the Butte Report; and

(p) The report entitled "Metallurgical Evaluation of Insulator Suspension Plates from the Parkway-Moraga 230 kV line at structure 020/115" dated June 20, 2018, referenced on page 78 of the Butte Report.

5. Documents sufficient to show whether the Individual Defendants or other PG&E Senior Executives received, commented on, or provided information or input on any of the documents identified in Request No. 4 or any summaries thereof, and the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

6. All documents that PG&E produced to the Butte County District Attorney, including but not limited to the grand jury convened in the proceedings with the docket number BCSC-2019-GJ-01 in the Superior Court of California for the County of Butte, in connection with its investigation into the Camp Fire and/or preparation of the Butte Report.

7. Documents sufficient to show the categories of "inspection data" concerning the "condition of [PG&E] power lines" maintained in the database described in paragraph 420 of the TAC, including a key, glossary, or other document describing or explaining the meanings of those categories.

8. All records, reports, or data concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers on the Caribou-Palermo line, including the components of said transmission lines and towers, entered or recorded in the database described in paragraph 420 of the TAC during the Relevant Period.

9. Documents sufficient to identify all Individual Defendants or other PG&E Senior Executives who received, commented on, or provided information or input on any of the documents responsive to Request No. 8 or any summaries thereof, including the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

SF 4879-2532-0343.1 08442.030

10.     Documents sufficient to show all instances in which any Individual Defendant or other PG&E Senior Executive accessed or used the database described in paragraph 420 of the TAC or PG&E's Mobile Asset Inspection application described in paragraph 421 of the TAC during the Relevant Period, disaggregated by Individual Defendant or Senior Executive.

11.     Documents sufficient to show the policies and practices encompassed by the Corrective Action Program, as described in paragraph 427 of the TAC.

12.     Documents sufficient to show any notifications, complaints, or reports submitted to or prepared in connection with the Corrective Action Program, as described in paragraph 427 of the TAC, concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including the components of said transmission lines and towers, during the Relevant Period.

13.     Documents sufficient to identify all Individual Defendants or other PG&E Senior Executives who received, commented on, or provided information or input on any of the documents responsive to Request No. 12 or any summaries thereof and the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

14.     Documents sufficient to show the duties and responsibilities of Kane during the Relevant Period.

15.     Documents sufficient to show the PG&E employees directly reporting to Kane, and to whom Kane directly reported, during the Relevant Period.

16.     Documents sufficient to show any reports that Kane received, commented on, or provided information or input on concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including but not limited to the Caribou-Palermo line, and including the components of said transmission lines and towers during the Relevant Period.

17.     All documents or communications sent or received by any Individual Defendant or other PG&E Senior Executive concerning the maintenance, repair, inspection (including but not

SF 4879-2532-0343.1 08442.030

limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including but not limited to the Caribou-Palermo line, and including the components of said transmission lines and towers during the following time periods: December 21, 2012 through February 21, 2013; October 19, 2016 through November 19, 2016; and March 1, 2018 through July 20, 2018.

18.     All documents or communications sent or received by any Individual Defendant or other PG&E Senior Executive concerning the truth or falsity of the misstatements alleged in paragraphs 16 and 18 through 25 of the Supplemental POC during the Relevant Period.

19.     All equity analyst reports concerning (i) the sufficiency, or lack thereof, of PG&E's maintenance, repair, or inspection practices, including but not limited to its training of inspectors and the frequency and methodology of inspections or patrols, with respect to its transmission lines and towers or the condition of its transmission lines and towers, including but not limited to the Caribou-Palermo line, and including the components of said transmission lines and towers; or (ii) the cause(s) of the Camp Fire.

Dated:  December 15, 2023          PACHULSKI STANG ZIEHL & JONES LLP


                                   By     /s/ Debra Grassgreen
                                          Isaac M. Pachulski
                                          Debra I. Grassgreen

                                          - and -

                                          Eric Seiler (admitted *pro hac vice*)
                                          Jason C. Rubinstein (admitted *pro hac vice*)
                                          Michael S. Palmieri (admitted *pro hac vice*)
                                          FRIEDMAN KAPLAN SEILER
                                            ADELMAN & ROBBINS LLP

                                          *Attorneys for Securities Claimant,*
                                          *Baupost Group Securities, L.L.C.*

# EXHIBIT B

1  Isaac M. Pachulski (CA Bar No. 62337)
   Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
   One Sansome Street, 34th Floor, Suite 3430
3  San Francisco, California 94104-4436
   Telephone: 415-263-7000
4  Facsimile: 415-263-7010
5  Email: ipachulski@pszjlaw.com
          dgrassgreen@pszjlaw.com
6

7  Eric Seiler (admitted *pro hac vice*)
   Jason C. Rubinstein (admitted *pro hac vice*)
8  Michael S. Palmieri (admitted *pro hac vice*)
   FRIEDMAN KAPLAN SEILER
9     ADELMAN & ROBBINS LLP
   7 Times Square
10 New York, NY 10036-6516
   Telephone (212) 833-1103
11 Facsimile (212) 373-7903
   Email: eseiler@fklaw.com
12        jrubinstein@fklaw.com
          mpalmieri@fklaw.com
13

14 *Attorneys for Securities Claimant,*
   *Baupost Group Securities, L.L.C.*
15

16        **UNITED STATES BANKRUPTCY COURT**

17        **NORTHERN DISTRICT OF CALIFORNIA**

          **SAN FRANCISCO DIVISION**
18

19 | In re: | Case No. 19-30088 (DM) |

20 | PG&E CORPORATION, | Chapter 11 |

           -and-
21                                   **BAUPOST GROUP SECURITIES, LLC'S**
   PACIFIC GAS AND ELECTRIC          **NOTICE OF DEPOSITION SUBPOENA**
22 COMPANY,                          **OF NICKOLAS STAVROPOULOS**

23           Debtors.

24 ☐ Affects PG&E Corporation        Date:  January 12, 2024
                                     Time:  9:00 AM
25 ☐ Affects Pacific Gas and Electric Place: 800 Boylston Street
      Company                                Boston, MA 02199
26    ☒ Affects both Debtors

27 *\* All papers shall be filed in the lead case,*
   *No. 19-30088 (DM)*
28

**TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Nickolas Stavropoulos on January 12, 2024, at 9:00 a.m. at the offices of Ropes & Gray LLP, located at 800 Boylston Street, Boston, MA 02199 pursuant to the attached subpoena. The deposition shall continue from day to day thereafter until completed.  The time and date of this deposition are subject to meet and confer under N.D. Cal. Local Rule 30.1.

**PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter authorized to administer oaths and will be recorded stenographically and by sound and video recording. The deposition may be recorded using real time instant visual display of testimony. Baupost reserves the right to use the recorded deposition at trial.

Dated:  December 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ Debra Grassgreen
      Isaac M. Pachulski
      Debra I. Grassgreen

      *Attorneys for Securities Claimant,*
      *Baupost Group Securities, L.L.C.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

EXHIBIT A (SUBPOENA)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

3

# UNITED STATES BANKRUPTCY COURT

_Northern_ District of _California_

In re __PG&E Corporation and Pacific Gas and Electric Company__
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. __19-30088__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Nickolas Stavropoulos__

_(Name of person to whom the subpoena is directed)_

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Ropes & Gray LLP 800 Boylston Street, Boston, MA 02199 | DATE AND TIME January 12, 2024    9:00am |
|---|---|

The deposition will be recorded by this method:
__Stenographic and videographic means__

[ ] _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/15/2023__

CLERK OF COURT

OR

_____           __/s/ Debra Grassgreen__
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Baupost Group Securities, L.L.C._ , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszjlaw.com, 415.217.5102

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

  I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                        *Server's signature*

_____
                        *Printed name and title*

_____
                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT C

1  Isaac M. Pachulski (CA Bar No. 62337)
   Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
   One Sansome Street, 34th Floor, Suite 3430
3  San Francisco, California 94104-4436
   Telephone: 415-263-7000
4  Facsimile: 415-263-7010
5  Email: ipachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
6

7  Eric Seiler (admitted *pro hac vice*)
   Jason C. Rubinstein (admitted *pro hac vice*)
8  Michael S. Palmieri (admitted *pro hac vice*)
   FRIEDMAN KAPLAN SEILER
9      ADELMAN & ROBBINS LLP
10 7 Times Square
   New York, NY 10036-6516
11 Telephone (212) 833-1103
   Facsimile (212) 373-7903
12 Email: eseiler@fklaw.com
           jrubinstein@fklaw.com
13         mpalmieri@fklaw.com

14 *Attorneys for Securities Claimant,*
   *Baupost Group Securities, L.L.C.*
15

16              **UNITED STATES BANKRUPTCY COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

                **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  In re: | Case No. 19-30088 (DM) |
| 19  PG&E CORPORATION, | Chapter 11 |
| 20  -and- | **BAUPOST GROUP SECURITIES, LLC'S** |
| 21  PACIFIC GAS AND ELECTRIC | **NOTICE OF DEPOSITION SUBPOENA** |
|     COMPANY, | **OF PATRICK M. HOGAN** |
| 22 | |
| 23  Debtors. | |
| 24  ☐ Affects PG&E Corporation | Date:   January 12, 2024 |
|     ☐ Affects Pacific Gas and Electric | Time:   9:00 AM |
| 25     Company | Place:  7 Times Square, 28th Fl. |
| 26     ☒ Affects both Debtors | New York, NY 10036 |
| 27  * *All papers shall be filed in the lead case,* | |
|     *No. 19-30088 (DM)* | |
| 28 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1

**TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

2  **PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of

3 Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group

4 Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Patrick M. Hogan on January

5 12, 2024, at 9:00 a.m. at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, located at

6 7 Times Square, 28th Floor, New York, NY 10036 pursuant to the attached subpoena. The deposition

7 shall continue from day to day thereafter until completed.  The time and date of this deposition are

8 subject to meet and confer under N.D. Cal. Local Rule 30.1.

9  **PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter

10 authorized to administer oaths and will be recorded stenographically and by sound and video

11 recording. The deposition may be recorded using real time instant visual display of testimony.

12 Baupost reserves the right to use the recorded deposition at trial.

13 Dated:  December 15, 2023   PACHULSKI STANG ZIEHL & JONES LLP

14

15       By /s/ Debra Grassgreen

16         Isaac M. Pachulski

          Debra I. Grassgreen

17

18         *Attorneys for Securities Claimant,*

          *Baupost Group Securities, L.L.C.*

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A (SUBPOENA)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __PG&E Corporation and Pacific Gas and Electric Company__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. ____19-30088_____

Chapter ____11____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Patrick M. Hogan__

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Friedman Kaplan Seiler Adelman & Robbins LLP  7 Times Square, 28th Floor New York, NY 10036 | DATE AND TIME  January 12, 2024      9:00am |
|---|---|

The deposition will be recorded by this method:
Stenographic and videographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/15/2023__

CLERK OF COURT

OR

_____       __/s/ Debra Grassgreen__
Signature of Clerk or Deputy Clerk        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Baupost Group Securities, L.L.C.__ , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszlaw.com, 415.217.5102

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT D

1  Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
3  San Francisco, California 94104-4436
Telephone: 415-263-7000
4  Facsimile: 415-263-7010
5  Email: ipachulski@pszjlaw.com
       dgrassgreen@pszjlaw.com
6

7  Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
8  Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
9     ADELMAN & ROBBINS LLP
7 Times Square
10  New York, NY 10036-6516
Telephone (212) 833-1103
11  Facsimile (212) 373-7903
12  Email: eseiler@fklaw.com
      jrubinstein@fklaw.com
13      mpalmieri@fklaw.com

14  *Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*
15

16         **UNITED STATES BANKRUPTCY COURT**

17         **NORTHERN DISTRICT OF CALIFORNIA**

           **SAN FRANCISCO DIVISION**
18

19  In re:                 Case No. 19-30088 (DM)

20  PG&E CORPORATION,     Chapter 11

21       -and-           **BAUPOST GROUP SECURITIES, LLC'S**
                         **NOTICE OF DEPOSITION SUBPOENA**
  PACIFIC GAS AND ELECTRIC  **OF GEISHA J. WILLIAMS**
  COMPANY,
22

23        Debtors.

24  ☐ Affects PG&E Corporation    Date:  January 12, 2024
                          Time:  9:00 AM
25  ☐ Affects Pacific Gas and Electric  Place:  1450 Brickell Avenue, Suite 1900
    Company                          Miami, FL 33131
26    ☒ Affects both Debtors

27  * *All papers shall be filed in the lead case,*
*No. 19-30088 (DM)*
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Geisha J. Williams on January 12, 2024, at 9:00 a.m. at the offices of Berger Singerman LLP, located at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131 pursuant to the attached subpoena. The deposition shall continue from day to day thereafter until completed. The time and date of this deposition are subject to meet and confer under N.D. Cal. Local Rule 30.1.

**PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter authorized to administer oaths and will be recorded stenographically and by sound and video recording. The deposition may be recorded using real time instant visual display of testimony. Baupost reserves the right to use the recorded deposition at trial.

Dated: December 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ Debra Grassgreen
     Isaac M. Pachulski
     Debra I. Grassgreen

*Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# **EXHIBIT A (SUBPOENA)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

3

# UNITED STATES BANKRUPTCY COURT

_Northern_ _____ District of _California_ _____

In re ___PG&E Corporation and Pacific Gas and Electric Company___
_____
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. ____19-30088_____

Chapter _____11_____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Geisha J. Williams_____

_(Name of person to whom the subpoena is directed)_

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Berger Singerman LLP<br>    1450 Brickell Avenue, Suite 1900 Miami, FL 33131 | DATE AND TIME<br><br>   January 12, 2024    9:00am |
|---|---|

The deposition will be recorded by this method:
 Stenographic and videographic means

[ ] _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _12/15/2023_____

            CLERK OF COURT

                        OR

_____          __/s/ Debra Grassgreen_____
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Baupost Group Securities, L.L.C._ , who issues or requests this subpoena, are:
 Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszlaw.com, 415.217.5102

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                      *Server's signature*

                                        _____
                                                      *Printed name and title*

                                        _____
                                                      *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT E

1   Isaac M. Pachulski (CA Bar No. 62337)
    Debra I. Grassgreen (CA Bar No. 169978)
2   PACHULSKI STANG ZIEHL & JONES LLP
    One Sansome Street, 34th Floor, Suite 3430
3   San Francisco, California 94104-4436
    Telephone: 415-263-7000
4   Facsimile: 415-263-7010
    Email: ipachulski@pszjlaw.com
5        dgrassgreen@pszjlaw.com
6
7   Eric Seiler (admitted *pro hac vice*)
    Jason C. Rubinstein (admitted *pro hac vice*)
8   Michael S. Palmieri (admitted *pro hac vice*)
    FRIEDMAN KAPLAN SEILER
9       ADELMAN & ROBBINS LLP
    7 Times Square
10  New York, NY 10036-6516
    Telephone (212) 833-1103
11  Facsimile (212) 373-7903
    Email: eseiler@fklaw.com
12       jrubinstein@fklaw.com
         mpalmieri@fklaw.com
13
14  *Attorneys for Securities Claimant,*
    *Baupost Group Securities, L.L.C.*
15

16                  **UNITED STATES BANKRUPTCY COURT**

17                  **NORTHERN DISTRICT OF CALIFORNIA**

18                      **SAN FRANCISCO DIVISION**

19   In re:                              Case No. 19-30088 (DM)

20   PG&E CORPORATION,                   Chapter 11

21          -and-                        **BAUPOST GROUP SECURITIES, LLC'S**
                                         **NOTICE OF DEPOSITION SUBPOENA**
22   PACIFIC GAS AND ELECTRIC            **OF JULIE M. KANE**
     COMPANY,
23
            Debtors.
24                                       Date:   January 12, 2024
     ☐ Affects PG&E Corporation          Time:   9:00 AM
25   ☐ Affects Pacific Gas and Electric  Place:  7 Times Square, 28th Fl.
        Company                                  New York, NY 10036
26        ☒ Affects both Debtors
27   * *All papers shall be filed in the lead case,*
     *No. 19-30088 (DM)*
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  **TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of

3  Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group

4  Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Julie M. Kane on January 12,

5  2024, at 9:00 a.m. at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, located at 7

6  Times Square, 28th Floor, New York, NY 10036 pursuant to the attached subpoena. The deposition

7  shall continue from day to day thereafter until completed.  The time and date of this deposition are

8  subject to meet and confer under N.D. Cal. Local Rule 30.1.

9      **PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter

10  authorized to administer oaths and will be recorded stenographically and by sound and video

11  recording. The deposition may be recorded using real time instant visual display of testimony.

12  Baupost reserves the right to use the recorded deposition at trial.

13  Dated:  December 15, 2023          PACHULSKI STANG ZIEHL & JONES LLP

14

15                  By  /s/ Debra Grassgreen

16                      Isaac M. Pachulski

17                      Debra I. Grassgreen

18                      *Attorneys for Securities Claimant,*
                    *Baupost Group Securities, L.L.C.*

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A (SUBPOENA)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

_Northern_      District of   _California_

In re   **PG&E Corporation and Pacific Gas and Electric Company**
<br>Debtor

_(Complete if issued in an adversary proceeding)_

_____

Plaintiff
<br>v.
<br>_____
<br>Defendant

Case No. _____19-30088_____

Chapter _____11_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    __Julie M. Kane_____

_(Name of person to whom the subpoena is directed)_

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Friedman Kaplan Seiler Adelman & Robbins LLP<br>7 Times Square, 28th Floor New York, NY 10036 | DATE AND TIME<br><br>January 12, 2024      9:00am |
|---|---|

The deposition will be recorded by this method:
<br>Stenographic and videographic means

[ ] _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _12/15/2023____

CLERK OF COURT

OR

_____     __/s/ Debra Grassgreen_____
<br>_Signature of Clerk or Deputy Clerk_         _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
<br>_Baupost Group Securities, L.L.C._ , who issues or requests this subpoena, are:
<br>Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszlaw.com, 415.217.5102

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                      _____
                                              *Server's signature*

                                      _____
                                             *Printed name and title*

                                      _____
                                             *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# EXHIBIT F

| From: | Palmieri, Michael S. |
|---|---|
| Sent: | Friday, December 15, 2023 7:11 PM |
| To: | Slack, Richard William (External); jessica.liou@weil.com; matthew.goren@weil.com; Jane Kim; dtaylor@kbkllp.com; 'Thomas Rupp'; joshua.hamilton@lw.com; Michael.Reiss@lw.com; JAMES.BRANDT@lw.com |
| Cc: | ipachulski@pszjlaw.com; Debra Grassgreen - Pachulski Stang Ziehl & Jones (dgrassgreen@pszjlaw.com); Gabriel I. Glazer; Seiler, Eric; Rubinstein, Jason C.; Tharp, Matt |
| Subject: | In re PG&E Corp., No. 19-30088 (DM) (Bankr. N.D. Cal) – Requests for Production and Deposition Subpoenas |
| Attachments: | Baupost - Request for Production to Debtors.pdf; 2023.12.15 N. Stavropoulos Deposition Subpoena Notice.pdf; 2023.12.15 P. Hogan Deposition Subpoena Notice.pdf; 2023.12.15 G. Williams Deposition Subpoena Notice.pdf; 2023.12.15 J. Kane Deposition Subpoena Notice.pdf |

Counsel:

We represent Securities Claimant Baupost Group Securities, L.L.C. ("Baupost") in these proceedings.

Pursuant to Fed. R. Bankr. P. 9014, attached hereto is a copy of Baupost's Requests for Production to the Reorganized Debtors.

Additionally, please be advised that Baupost is seeking the deposition of four non-parties by subpoena pursuant to Fed. R. Bankr. P. 9014: Geisha J. Williams, Nickolas Stavropoulos, Patrick M. Hogan, and Julie M. Kane. Attached hereto are notices of deposition subpoena for these witnesses.

Finally, we write to advise you that Baupost is seeking the deposition of David Gabbard, the Vice President of Pacific Generation at Pacific Gas and Electric Company under Fed. R. Bankr. P. 9014. Pursuant to Bankruptcy Local Rule 1001-2 and District Court Civil Rule 30-1, we request a time to meet and confer with you concerning the scheduling of Mr. Gabbard's deposition on Monday, December 18, before we notice his deposition.

Hard copies of the requests for production and the notices of subpoenas will follow by FedEx.

Thank you,


**Michael S. Palmieri**



**Friedman Kaplan Seiler Adelman & Robbins LLP**
7 Times Square
New York, NY 10036-6516
mpalmieri@fklaw.com
212.833.1194
**fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this

communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.