**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (pro hac vice)
(richard.slack@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636-9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: (424) 653-5500

**LATHAM & WATKINS LLP**
James E. Brandt (pro hac vice)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case Nos. 19-30088 (DM)<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' BRIEF REGARDING DISCOVERY STAY** |

# TABLE OF CONTENTS

| | | |Page|
|---|---|---|---|
|I.|Introduction|...................................................................................................................|1|
|II.|The Objections Procedures Order Is The Result Of A Weeks-Long Negotiation And Compromise|...........................................................................................|3|
|III.|The Objections Procedures Order Prohibits Discovery While The Motions To Dismiss Are Pending|..............................................................................................|5|
| |A.|The Plain Language Of The Objections Procedures Order Prohibits Discovery Until After The Motions To Dismiss Are Decided. ..............................|5|
| |B.|PERA And Baupost Have No Basis To Strip Away A Material Term Of The Objections Procedures Order. ......................................................................|5|
| | |1. Permitting Discovery Would Delay Resolution Of The Motions To Dismiss, Increase Costs For All Parties, And Distract From The Claims Resolution Process. ..............................................................|6|
| | |2. Neither Baupost Nor PERA Is Entitled To Discovery To Oppose The Pending Motions To Dismiss. ..............................................................|7|
| |C.|Bankruptcy Rule 9014(c) Does Not Support Discovery Here. ...............................|9|
|IV.|The PSLRA Mandates A Discovery Stay While The Motions To Dismiss Are Pending|..........................................................................................................................|10|
| |A.|The Mandatory Discovery Stays Imposed For Claims Brought Under The Exchange Act And Securities Act Apply To This Action. ..................................|10|
| |B.|PERA And Baupost Have Not Shown, And Cannot Show, That Exceptional Circumstances Justify Lifting The Mandatory PSLRA Stay. ............|13|
|V.|Conclusion|........................................................................................................................|14|

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Alfahel*,
  651 B.R. 381 (B.A.P. 9th Cir. 2023) ...........................................................................................10

*In re Ditech Holding Corp.*,
  No. 19-10412 (JLG), 2021 WL 2690315 (Bankr. S.D.N.Y. June 29, 2021) ............................7

*In re Eventbrite, Inc. Sec. Litig.*,
  No. 5:18-CV-02019-EJD, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ................................8

*In re Facebook, Inc. S'holder Derivative Priv. Litig.*,
  411 F. Supp. 3d 649 (N.D. Cal. 2019) ....................................................................................14

*In re Jackson*,
  184 F.3d 1046 (9th Cir. 1999) .................................................................................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .....................................................................................................9

*Khoja v. Orexigen Therapeutics, Inc.*,
  498 F. Supp. 3d 1296 (S.D. Cal. 2020) .....................................................................................9

*M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*,
  No. CV 17-1479 PA, 2017 WL 5642326 (C.D. Cal. Aug. 18, 2017) .....................................13

*Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
  99 F.3d 325 (9th Cir. 1996) ...............................................................................................10, 14

*Mishkin v. Ageloff*,
  220 B.R. 784 (S.D.N.Y. 1998) .............................................................................................3, 12

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ...................................................................................................8

*In re Roman Cath. Diocese of Rockville Ctr.*,
  650 B.R. 765 (Bankr. S.D.N.Y. 2023) .......................................................................................7

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. Of Cal.*,
  189 F.3d 909 (9th Cir. 1999) ..............................................................................................12, 13

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .....................................................................................................8

*In re Vinh Chau*,
  No. ADV 12-01307-MKN, 2014 WL 643726 (B.A.P. 9th Cir. Feb. 19, 2014) .......................8

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    No. 15-6167, 2016 WL 11796891 (N.D. Cal. June 23, 2016) .................................................. 13

**STATUTES**

15 U.S.C.
    § 77a ............................................................................................................................. 1, 11
    § 77k ................................................................................................................................. 11
    § 77o ................................................................................................................................. 11
    § 77z ...................................................................................................................... 3, 11, 12
    § 78a ............................................................................................................................. 1, 11
    § 78j .................................................................................................................................. 10
    § 78t .................................................................................................................................. 10
    § 78u-4 ................................................................................................................ 3, 11, 12, 13

**REGULATIONS**

17 C.F.R. § 240.10b-5 ............................................................................................................. 10

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104–369, 104th Cong. 1st Sess. (1995) ................................................. 13

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**"), hereby submit this brief in response to this Court's December 19, 2023 oral ruling and December 22, 2023 order [ECF No. 14247] permitting briefing addressing the question of whether discovery concerning *Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection To PERA And Securities Act Plaintiffs' TAC, Including To Certain Claimants That Adopted The TAC* [ECF No. 14200] (the "**PERA Motion to Dismiss**"), *Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection To Claims Adopting RKS Amendment* [ECF No. 14203] (the "**RKS Motion to Dismiss**"), and *Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection To The Baupost Amendment* [ECF No. 14206] (the "**Baupost Motion to Dismiss**," and, collectively with the PERA Motion to Dismiss and the RKS Motion to Dismiss, the "**Motions to Dismiss**") may proceed before the Court renders decisions on the Motions to Dismiss.

I.  **INTRODUCTION**

The request by Baupost and PERA for discovery while the Reorganized Debtors' Motions to Dismiss are pending directly contradicts this Court's Objections Procedures Order and is contrary to the PSLRA, the statute that governs resolution of the securities claims at issue here (all of which are pled under the Exchange Act and Securities Act) and which requires that discovery be stayed during the pendency of the Motions to Dismiss.[1]

Approximately six months ago, the Court instructed the Reorganized Debtors and certain securities claimants to meet and confer on how to manage the remaining securities claims. Counsel for the Reorganized Debtors negotiated with counsel for the RKS Claimants and other claimants, and the parties ultimately compromised on a detailed ten-paragraph step-by-step procedure—*i.e.*, the "Amendment and Objection Procedures." The Amendment and Objection Procedures, which were ultimately approved by the Court, covered several important issues, including a deadline for amendments to proofs of claim (October 13), an objection deadline for

---

[1] "**PSLRA**" refers to the Private Securities Litigation Reform Act of 1995, 15 U.S. Code §§ 77z-1, 78u-4, the "**Exchange Act**" refers to the Securities Exchange Act of 1934, 15 U.S. Code § 78a, *et seq.*, and the "**Securities Act**" refers to the Securities Act of 1933, 15 U.S. Code § 77a, *et seq.*

the Reorganized Debtors (December 13), the type of objection the Reorganized Debtors could file (objections akin to a motion to dismiss), and how to coordinate discovery as well as when it would commence ("the parties will agree to meet and confer on certain procedures for coordination of discovery should such discovery be necessary after the motions to dismiss are decided by the Court"). The stay of all discovery until after the motions to dismiss were decided, which is required by statute in all private securities litigation alleging the claims made here, was a critical part of the agreement. The stay promotes efficiency by permitting the parties to get the Court's ruling on important legal issues—potentially facilitating settlement and either eliminating or narrowing the issues for discovery, among other things—while avoiding the expense and delay of discovery. Of course, if the Court dismisses the claims, interim discovery would have been a waste.

On July 28, 2023, without any objection by Baupost, PERA or any other claimant to the discovery provisions in the proposed Amendment and Objection Procedures, the Court adopted the agreed-upon procedures and entered the *Order Authorizing Amendment and Objection Procedures for Securities Claims* [ECF No. 13934] (the "**Objections Procedures Order**"). Baupost stated its express agreement to the Amendment and Objections Procedures on the record. July 19, 2023, Hr'g Tr. 4:1–5. Consistent with the Objections Procedures Order, several securities claimants amended their proofs of claim by the October 13 deadline and the Reorganized Debtors filed Motions to Dismiss on December 13 challenging the legal sufficiency of the securities claims based solely on pleadings and documents that are appropriately considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Nonetheless, on December 15, 2023—nearly half a year after the Court entered the Objections Procedures Order that Baupost expressly agreed to and on which all parties have relied—Baupost reversed course and served discovery on the Reorganized Debtors and certain non-parties in direct contravention of the Order. PERA joined Baupost's request. If this discovery is permitted, the carefully negotiated deal among the Reorganized Debtors and a number of claimants will be vitiated, the efficiency provided by the Objections Procedures Order will be squandered, and resolution of the Motions to Dismiss will be significantly delayed. In fact, if

discovery were opened, the Reorganized Debtors may pursue it as well. Accordingly, it is no surprise that the RKS Claimants, who actively participated in the negotiations, oppose discovery while the Motions to Dismiss are pending.

To be clear, Baupost's discovery gambit would be barred by statute even if there were no Objections Procedures Order. The PSLRA prohibits discovery while a motion to dismiss securities claims is pending and is applicable to the securities claims made here. *See* 15 U.S.C. § 77z-1(b)(1); 15 U.S.C. § 78u-4(b)(3)(B). Importantly, the PSLRA applies regardless of whether the securities claims are asserted in a district court or in a bankruptcy court. *See Mishkin v. Ageloff*, 220 B.R. 784, 789 (S.D.N.Y. 1998) (applying the PSLRA discovery stay to securities claims in bankruptcy).

There is no basis to disregard this Court's Order and applicable law to permit Baupost and PERA to derail negotiated procedures that have successfully governed the securities claims to date. Respectfully, the Court should deny the request and send the parties back to continue the process that they negotiated in the first place.

## II. THE OBJECTIONS PROCEDURES ORDER IS THE RESULT OF A WEEKS-LONG NEGOTIATION AND COMPROMISE

In June 2023, the Reorganized Debtors and counsel for several claimants, including counsel for Baupost, PERA, and the RKS Claimants, started Court-ordered negotiations about how resolution of the securities proofs of claim should proceed. ECF No. 13849. In a June 26, 2023 email, counsel for the Reorganized Debtors proposed procedures that expressly included: "Discovery with respect to a claim will not be permitted until after a sufficiency hearing has been conducted and the Court has found the claim to be sufficient to proceed and thereafter the parties would seek a conference with the Court to set a schedule with respect to that Claim." *See* Declaration of Richard Slack, Ex. A; *see also id.* Ex. B (explaining that the Reorganized Debtors' proposal would "require a claim to get by a sufficiency hearing before discovery could proceed"), Ex. C (email confirming that "Baupost supports th[e] implementation [of the Amendment and Objection Procedures]").

Over the next three weeks, there were additional negotiations among the Reorganized Debtors and counsel for several claimants, culminating in a July 18, 2023 status conference statement. *See* ECF No. 13907 (the "**Status Conference Statement**"). At no time during the negotiations did PERA or Baupost object to the stay of discovery during the pendency of the Motions to Dismiss. In the Status Conference Statement, the Reorganized Debtors informed the Court about the "robust and productive meet and confer process that allowed the parties to reach a compromise," noted that "Baupost, Vanguard, and PERA . . . also participated in the meet and confer process," and specified that "if the Court finds that any Securities Claims survive a Sufficiency Objection, the Court will hold a case management conference to set a discovery schedule." *Id*. at 2–4. The Reorganized Debtors attached the Amendment and Objection Procedures as Exhibit A to the Status Conference Statement which, as described in detail below, expressly prohibited discovery until the motions to dismiss were decided. *See* ECF No. 13907-1.

One day later, the Reorganized Debtors filed the "Revised Amendment and Objection Procedures." *See* ECF No. 13909. As reflected in the redline attached to that submission (ECF No. 13909-2), the only revisions consisted of adding "and Baupost" five times to the Amendment and Objection Procedures.[2] To the extent there could be any doubt about whether Baupost signed on to the discovery prohibition, the Revised Amendment and Objection Procedures confirmed that it did. No claimant—including Baupost and PERA[3]—objected to the discovery prohibition, and on July 28, 2023, the Court signed and entered the Objections Procedures Order. ECF No. 13934. Consistent with that Order, certain securities claimants filed amended proofs of claim by October 13, 2023, and the Reorganized Debtors filed their Motions to Dismiss on December 13, 2023.

---

[2] At the July 19, 2023 status conference, Baupost's counsel acknowledged Baupost's agreement to the revised proposal. Transcript of July 19, 2023 *Status Conference Regarding Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief Filed by PG&E Corporation [13745]* at 4:1–5.

[3] At the July 19, 2023 status conference, PERA's counsel acknowledged PERA's involvement in early negotiations and raised objections to the proposal, but did not contest the discovery stay. *Id*. at 15:18–29:9. The Objections Procedures Order expressly governs all "securities claimants," including PERA. While PERA is excluded from the ADR Procedures Order, PERA is not excluded from the Objections Procedures Order.

## III. THE OBJECTIONS PROCEDURES ORDER PROHIBITS DISCOVERY WHILE THE MOTIONS TO DISMISS ARE PENDING

### A. The Plain Language Of The Objections Procedures Order Prohibits Discovery Until After The Motions To Dismiss Are Decided.

The Objections Procedures Order precludes Baupost and PERA's request for discovery. The Order unequivocally provides that discovery will not commence until *after* the Motions to Dismiss are decided, and only if the claims are not wholly dismissed:

> ***While the motions to dismiss set forth in [Paragraph 10(a)] are pending, the parties will agree to meet and confer on certain procedures for coordination of discovery should such discovery be necessary after the motions to dismiss are decided by the Court. At the Court's earliest convenience after the motions to dismiss are decided (if such claims are not wholly dismissed), the Court will hold a case management conference to, among other things, set a discovery schedule***. In accordance with Bankruptcy Rule 9014(c) and in order to minimize duplicative discovery against the Reorganized Debtors, the Court will direct Reorganized Debtors to serve Federal Rule 26(a)(1) initial disclosures within 30 days after the Court issues an order with respect to the motions to dismiss (if such claims are not wholly dismissed).

Objections Procedures Order, Ex. A ¶ 10(b) (emphasis added). A discovery stay while motions to dismiss are pending was an essential piece of the bargain, and no party objected to the discovery stay despite several opportunities to do so. The parties further agreed that the Reorganized Debtors would not "seek a stay" of "discovery-related deadlines" while an appeal is pending, thus ensuring that discovery would proceed without delay if the motions were not wholly granted. *Id.* ¶ 10(a). These were carefully negotiated and balanced provisions, and Baupost and PERA should not be allowed to renege on the bargain and violate the terms of this Court's Order. The Court should therefore enforce its Order, and on this basis alone, Baupost and PERA's improper discovery request should be denied.

### B. PERA And Baupost Have No Basis To Strip Away A Material Term Of The Objections Procedures Order.

On December 15, 2023, Baupost disregarded the Court's Order and served discovery on the Reorganized Debtors and non-parties anyway. Slack Decl. Ex. D. Unsurprisingly, PERA now also seeks to serve its own discovery. ECF No. 14228 at 2. As demonstrated above, the Court's Objections Procedures Order that effected the Reorganized Debtors' and securities claimants' heavily negotiated compromise should be enforced, and on that basis alone Baupost and PERA's

request should be denied. But even if the Court were to entertain Baupost and PERA's improper discovery request, it is clear that even "limited" discovery would cause significant delays, increased costs, and a distraction from the claims resolution process. Additionally, any hypothetical discovery would be irrelevant to the pending Motions to Dismiss.

        1.        <u>Permitting Discovery Would Delay Resolution Of The Motions To Dismiss, Increase Costs For All Parties, And Distract From The Claims Resolution Process.</u>

Allowing discovery now would undermine one of the central purposes of the Objections Procedures Order—to facilitate an expedient determination of whether securities claimants have stated a viable securities claim in the first place. The Court already recognized that discovery would cause delay at the December 19 conference. *See* ECF No. 14269 at 8:19–9:2. But that is only the start of the problem.

**Discovery Would Cause Significant Delays.** Oppositions to the Motions to Dismiss are currently due on March 15, 2024. If discovery were permitted, then that date will need to be extended out, potentially by several months, to allow the parties to negotiate the scope of discovery, to produce documents, and to secure and prepare witnesses, if any, for depositions. There will also be inevitable disputes over the scope of discovery, potentially requiring briefing and argument, and the Reorganized Debtors may decide that discovery should (and must) work both ways, thus further delaying resolution by extending out the due date for the Reorganized Debtors' replies.

**Discovery Now Would Create Severe Inefficiencies.** As part of the robust negotiations and discussions that culminated in the Objections Procedures Order, the parties contemplated how best and most efficiently to proceed with discovery. The parties agreed to meet and confer for "coordination of discovery" while the motions to dismiss are pending to work out a comprehensive framework in advance of discovery commencing, if at all, *after* the motions are decided. *Id.* ¶ 10(b). Baupost and PERA's request is antithetical to that agreement, as it would compel the parties to engage in piecemeal (likely duplicative) and iterative discovery.

**Discovery Would Improperly Be Imposed On All Securities Claimants.** The discovery stay also benefits any securities claimant that desired or relied on the schedule that ensures a swift

6

Case: 19-30088    Doc# 14276    Filed: 01/16/24    Entered: 01/16/24 21:54:15    Page 10 of 18

resolution of the Motions to Dismiss without the attendant costs of having to participate in discovery while the Court issues decisions on the viability of the claims. Claimants may prefer to know whether this Court will find that they have stated a viable securities claim before being forced to participate in costly and time-consuming offensive and defensive discovery. Indeed, the RKS Claimants are opposing Baupost and PERA's request for this very reason.[4] Other claimants will be faced with the difficult choice of participating in discovery and incurring costs and expenses that could be entirely unnecessary or sitting out and foregoing any later discovery, unless the Court allows duplicative discovery to occur later in the proceedings.

The above complications and delays would prejudice both the securities claimants and the Reorganized Debtors, while continuing to enforce the Objections Procedures Order would prejudice no one, particularly in light of the fact that Baupost expressly agreed to these procedures and PERA failed to object to the discovery stay. The Court should enforce the Objections Procedures Order.

    2. <u>Neither Baupost Nor PERA Is Entitled To Discovery To Oppose The Pending Motions To Dismiss.</u>

Baupost and PERA's discovery requests are not appropriate to oppose the Reorganized Debtors' Motions to Dismiss. As counsel for the RKS Claimants explained at the December 19, 2023 hearing, the Objections Procedures Order provides for an efficient process by which the Court will decide the "legal sufficiency" of the securities law claims, followed by further proceedings on the "claims as they remain after that process." ECF No. 14269 at 11:7–11; Objections Procedures Order, Ex. A ¶ 9 ("The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim.").[5] Indeed, the Reorganized Debtors specifically limited their claim

---

[4] In addition, discovery would be a distraction at a time when the claims resolution process is unquestionably working. As the Court is aware, the Reorganized Debtors have now resolved approximately 80% of all securities claims.

[5] This framework for resolving claim objections—considering "sufficiency" or "non-evidentiary" objections before "merits" or "evidentiary" ones—is consistent with the claim objections procedures issued in other bankruptcy cases. *See, e.g.*, *In re Roman Cath. Diocese of Rockville Ctr.*, 650 B.R. 765, 774–77 (Bankr. S.D.N.Y. 2023) (applying Rule 12(b)(6) to a sufficiency

objections to those matters properly raised on a Rule 12(b)(6) motion, a threshold question that does not contemplate any discovery. Binding case law establishes that permitting bankruptcy claimants to conduct discovery before their claims survive a sufficiency objection akin to a motion to dismiss is inappropriate. *In re Vinh Chau*, No. ADV 12-01307-MKN, 2014 WL 643726, at *8 (B.A.P. 9th Cir. Feb. 19, 2014) (rejecting argument that lack of discovery rendered dismissal under Fed R. Civ. P. 12(b)(6), made applicable through Fed. R. Bankr. P. 7012 and 9014, inappropriate because "[t]he plausibility requirement . . . appropriately serves as a barrier to discovery when not established").

The Reorganized Debtors' request that the Court incorporate by reference or take judicial notice of various documents in support of the Motions to Dismiss is not a basis to open discovery. As the Objections Procedures Order contemplates, the Motions to Dismiss challenge the legal sufficiency of the pleading of the securities law claims using the same materials that any Rule 12(b)(6) motion would: the allegations in the proofs of claim, documents incorporated by reference into those proofs of claims, matters of public record, and matters otherwise subject to judicial notice. All of those are properly submitted for consideration on a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding that considering such materials does not convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." (citation omitted)); *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (J. Davila) (considering judicially noticeable documents and

---

objection where the "Claims Objection Procedures Order" defined a "Sufficiency Hearing" as "[a] non-evidentiary hearing to address whether a Contested Claim has failed to state a claim against the Debtor which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012(b)"); *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 WL 2690315, at *5 (Bankr. S.D.N.Y. June 29, 2021) ("Under the Claims Procedures Order, the legal standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted.").

documents incorporated by reference when granting motion to dismiss).[6] In other words, the Reorganized Debtors did not submit extrinsic evidence in support of the Motions to Dismiss that would provide any basis to permit discovery at this stage. Moreover, if Baupost or PERA believes that any document submitted by the Reorganized Debtors is not properly considered on a Rule 12(b)(6) motion, then they can oppose the request for judicial notice by asking the Court not to consider that exhibit in deciding the Motions to Dismiss. As regularly occurs in the context of motions to dismiss in securities litigation, the Court can determine which exhibits it can properly consider for the Motion to Dismiss, and disregard any other exhibits in issuing its decision. Courts routinely address this very issue in ruling on motions to dismiss without taking the drastic measure of converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99, 1002–03 (9th Cir. 2018) (clarifying when it is proper to take judicial notice and incorporate documents by reference in ruling on motion to dismiss); *Khoja v. Orexigen Therapeutics, Inc.*, 498 F. Supp. 3d 1296, 1305–08 (S.D. Cal. 2020) (following remand, granting in part and denying in part request to consider ancillary documents in ruling on motion to dismiss). Put simply, there is no justification to convert the Motions to Dismiss into summary judgment motions that could serve as a basis for conducting discovery while the Motions are pending.[7]

C. **Bankruptcy Rule 9014(c) Does Not Support Discovery Here.**

In its December 15, 2023 statement prior to the December 19 status conference, Baupost argues for the first time that "'the filing of an objection to a proof of claim . . . creates a dispute which is a contested matter,' *see* Adv. Comm. Notes to FED. R. BANKR. P. 9014, and Rule 9014(c) provides for discovery in contested matters." ECF No. 14225 at 2. Rule 9014(c) certainly does not require discovery prior to resolution of the Motions to Dismiss here. Rule 9014(c) merely

---

[6] S*ee generally* ECF No. 14208 (explaining bases for taking judicial notice and incorporation by reference of each document referenced in the Motions to Dismiss).

[7] In any event, the breadth of Baupost's discovery requests belies its argument that the Motions to Dismiss raised "questions" warranting discovery. *See* Slack Decl. Ex. D. Baupost's requests are not distinguishable from the plenary discovery Baupost would seek if the Baupost Motion to Dismiss were ultimately denied.

9

Case: 19-30088    Doc# 14276    Filed: 01/16/24    Entered: 01/16/24 21:54:15    Page 13 of 18

provides that certain rules in Part VII to the Federal Rules of Bankruptcy Procedure regarding discovery in adversary proceedings apply to contested matters "unless the court directs otherwise." Thus, because the Objections Procedures Order precludes such discovery, the Court here has directed otherwise. *In re Alfahel*, 651 B.R. 381, 388, n.6 (B.A.P. 9th Cir. 2023) ("Bankruptcy courts have discretion to limit the application of rules incorporated by Rule 9014(c)").

Indeed, the Objections Procedures Order—approved by this Court with Baupost's consent—provides that discovery will commence only after the Motions to Dismiss are decided, "*[i]n accordance with Bankruptcy Rule 9014(c)* and in order to minimize duplicative discovery against the Reorganized Debtors." Objections Procedures Order, Ex. A ¶ 10(b) (emphasis added). Moreover, as noted below, because the proofs of claim raise certain securities claims, the PSLRA's automatic stay precludes discovery while motions to dismiss those claims are pending, even if the Objections Procedures Order did not exist. In addition, the rules in Part VII incorporate analogous Rules of Civil Procedure, and Rule 9014(c) specifically contemplates discovery proceeding pursuant to Fed. R. Civ. P. 26. Just as a court order and a mandatory statutory discovery stay override the default discovery deadlines and initial disclosure requirements of Fed. R. Civ. P. 26, so too do the Court's Objections Procedures Order and the PSLRA's discovery stay override the default provisions of Rule 9014(c) in this action. *See Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328–29 (9th Cir. 1996) (holding that the initial disclosure requirements of Fed. R. Civ. P. 26(a) are "discovery" or "other proceedings" for purposes of the PSLRA's stay provision and must be stayed pending the disposition of a motion to dismiss). The Court should enforce the Objections Procedures Order.

IV. **THE PSLRA MANDATES A DISCOVERY STAY WHILE THE MOTIONS TO DISMISS ARE PENDING**

A. <u>**The Mandatory Discovery Stays Imposed For Claims Brought Under The Exchange Act And Securities Act Apply To This Action.**</u>

Baupost, PERA and the RKS Claimants all unequivocally assert that their claims arise under the Exchange Act and/or the Securities Act. *See* TAC ¶ 11 ("This is a federal securities class action brought pursuant to the Securities Exchange Act of 1934 . . . ."); *id.* ¶ 12 ("The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15

U.S.C. §§ 78j(b) and § 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), as well as Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o)."); RKS Am. ¶ 23 ("Claimant's and Adopting Claimants' claims against PG&E arise under Section 10(b) of the Securities Exchange Act of 1934 (the 'Exchange Act') and Rule 10b-5 promulgated thereunder, Section 20(a) of the Exchange Act, and for certain Adopting Claimants, Sections 11 and 15 of the Securities Act of 1933 (the 'Securities Act')."); Baupost Supp. POC ¶¶ 1–2 (bringing a claim "for obligations owing to [Baupost] by Debtors under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*" and "adopt[ing] and incorporat[ing] in full . . . the allegations set forth in the [TAC]"). Discovery as to any claims arising under the Exchange Act or the Securities Act are statutorily stayed pending a decision on any motion to dismiss. With respect to the Exchange Act, the PSLRA provides that:

> In **any private action** arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The "chapter" referenced above—15 U.S. Code Chapter 2B (§§ 78a–78rr)—is the Exchange Act. Thus, the discovery stay applies in any private action arising under the Exchange Act.

With respect to the Securities Act, the PSLRA provides that:

> In **any private action** arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1) (emphasis added). The "subchapter" referenced above—15 U.S. Code Chapter 2A, Subchapter I (§§ 77a–77aa)—is the subchapter of the Securities Act that governs domestic securities. Thus, the discovery stay applies in any private action arising under the Securities Act in connection with a domestic security.

The plain text of these statutes shows that discovery must be stayed pending a determination of the Motions to Dismiss. "Statutory interpretation begins with the plain meaning of the statute's language. When the statutory language is clear and consistent with the statutory

scheme at issue, the statute's plain language is conclusive and this Court need not inquire beyond the plain language of the statute." *In re Jackson*, 184 F.3d 1046, 1051 (9th Cir. 1999) (citations omitted). Further, the Objections Procedures Order recognized that the Reorganized Debtors would file "sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim." Objections Procedures Order, Ex. A ¶ 9. As the Reorganized Debtors have filed their Motions to Dismiss, the mandatory discovery stay is in effect. *See SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. Of Cal.*, 189 F.3d 909, 912–13 (9th Cir. 1999) ("The 'Stay of Discovery' provision of the [Exchange] Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'" (quoting S. Rep. No. 104–98, at 14 (1995) *reprinted in* U.S.C.C.A.N. 693) (emphasis in original)).

In private litigation alleging violations of the Exchange Act or Securities Act, the first step in nearly every case is for defendants to challenge the sufficiency of the pleadings with a motion to dismiss. In every one of those cases, as the sophisticated counsel representing PERA and Baupost know, the PSLRA stay applies, and PERA and Baupost would never argue otherwise. While the claims in this case are being adjudicated in bankruptcy court, the nature of the claims is no different than those brought in district court alleging securities law violations, and the Reorganized Debtors' Motions to Dismiss follow the same rules for motions to dismiss brought in a district court—they rely solely on the allegations in the complaint, or matters incorporated by reference into the complaint or subject to judicial notice.

That these securities claims are brought in the Bankruptcy Court does not exempt them from the PSLRA's discovery stay. *Mishkin v. Ageloff*, 220 B.R. 784 (S.D.N.Y. 1998), is on point. In *Mishkin*, the defendant appealed the bankruptcy judge's order granting the trustee's motion for relief from the automatic stay provision of 15 U.S.C. § 78u-4(b)(3)(B). *Id.* at 787. Reversing this order, the district court held that "[b]y virtue of having filed a motion to dismiss, [the defendant] triggered an automatic stay of all discovery in the [bankruptcy] Proceeding." *Id.* at 789. The court agreed with the bankruptcy judge that "[t]his litigation plainly falls within the scope of the [PSLRA]" and rejected the trustee's argument that "the act [is] inapplicable on the basis of the

peculiar facts of this case." *Id.* at 794 (citations omitted). The court noted that "other courts have rejected similar arguments from litigants seeking to carve out special exceptions, based upon arguably unique circumstances, from the broad language ('any private action') adopted by Congress." *Id.* at 794–95.

Accordingly, the PSLRA applies to private actions in bankruptcy cases. On this basis alone, Baupost and PERA's request for premature discovery must fail.

**B.     PERA And Baupost Have Not Shown, And Cannot Show, That Exceptional Circumstances Justify Lifting The Mandatory PSLRA Stay.**

Neither PERA nor Baupost can show that the single, narrow exception to the mandatory discovery stay applies here. The relevant statutes provide that "all discovery . . . *shall* be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is *necessary* to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B) (emphasis added). A court may only make such a finding when "exceptional circumstances exist," such as when "the terminal illness of an important witness might require the deposition of the witness prior to the ruling on the motion to dismiss." H.R. Conf. Rep. No. 104–369, 104th Cong. 1st Sess. at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. Sess. 731, 736.

Baupost and PERA have not shown that such "exceptional circumstances exist." Nor can they, because the circumstance here—*i.e.*, seeking discovery in direct response to motions to dismiss—is precisely what the mandatory discovery stay prohibits. Indeed, the very purpose of the discovery stay is to prevent plaintiffs from conducting discovery to avoid dismissal for failure to state a claim, which "would contravene the purpose of the [PSLRA's] heightened pleading standards." *SG Cowen Sec. Corp.*, 189 F.3d at 913. In the Ninth Circuit, "as a matter of law, failure to muster facts sufficient to meet the [PSLRA's] pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under § 78u-4(b)(3)(B)." *Id.* at 913.[8] Thus, the discovery Baupost and PERA seek is not only unnecessary,

---

[8] *See, e.g., M & M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, No. CV 17-1479 PA (MRWX), 2017 WL 5642326, at *3 (C.D. Cal. Aug. 18, 2017) (discovery into issues raised by declarations filed

but explicitly prohibited as a basis for lifting the mandatory discovery stay, and their request must be denied.

## V. CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Court adhere to the Objections Procedures Order and deny any request to conduct discovery prior to the issuance of decisions on the Reorganized Debtors' Motions to Dismiss.

Dated: January 16, 2024

          **WEIL, GOTSHAL & MANGES LLP**
          **LATHAM & WATKINS LLP**
          **KELLER BENVENUTTI KIM LLP**

          By: /s/ *Joshua G. Hamilton*
               Joshua G. Hamilton
          *Attorneys for Debtors and Reorganized Debtors*

---

in support of the motion to dismiss was "a fishing expedition of the sort the PSLRA discovery stay was designed to avoid"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-6167, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) (plaintiff was not unduly prejudiced by its purported inability to formulate its litigation strategy without access to the documents the other parties had already received); *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 411 F. Supp. 3d 649, 653–54 (N.D. Cal. 2019) (holding that "an 'informational disadvantage,' without more, does not justify lifting a PSLRA discovery stay" and "[t]hat Plaintiffs are seeking discovery for purposes of repleading [an element of their claim] weighs against a finding that the PSLRA discovery stay should be lifted"); *see also Medhekar v. United States Dist. Ct.*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.").