# EXHIBIT B

| | |
|---|---|
| **From:** | Slack, Richard |
| **Sent:** | Sunday, July 9, 2023 8:59 PM |
| **To:** | DiCicco, Susan F.; James Brandt (james.brandt@lw.com); Karotkin, Stephen; Liou, Jessica; Gordan, Anna; Nolan, Jack; Michael.Reiss@lw.com |
| **Cc:** | Irwin Schwartz; dgrassgreen@pszjlaw.com; Doolittle, Jonathan; Richard Bodnar; Murphy, Julie; Michael Hampson; Frank Catalina; metkin@lowenstein.com; abehlmann@lowenstein.com; randy.michelson@michelsonlawgroup.com; Jeffrey Ritholtz; Michael Palmieri; Feldsher, Jennifer; Boey, Melissa Y.; Cummings, Kyle |
| **Subject:** | RE: PG&E -- Draft Procedures re Securities Claims |
| **Attachments:** | Redline - DRAFT Procedures re Securities Claims and further Comments to DRAFT Procedures re Securities Claims (003) copy.docx; Comments to DRAFT Procedures re Securities Claims (003) [Clean].DOCX |

Attached are our comments on your proposal, consistent with our discussions on Friday. These are still subject to internal review and review and approval by the client, but we wanted to get these out to you.

We have largely agreed to your structure. In that regard, our proposal adopts provisions that confirm our intention to either make an offer or file an omnibus objection with respect to all claims which have not yet received an offer; we have largely adopted the timing of amendments and objections in your proposal (except that we have provide a more reasonable 60 days to file what is the equivalent of a motion to dismiss after we receive an amendment); and we have also largely adopted the discovery points you raised.

As discussed, we did make it clear that that we were proposing a sufficiency hearing procedure that would first require a claim to get by a sufficiency hearing before discovery could proceed. We also clarified a point upon which we all agreed on the call that the tolling provisions of the Securities Procedures would apply to the objection deadline applicable to all claims, except those made by the Objectors.

Let us know if you would like discuss.

**From:** DiCicco, Susan F. <susan.dicicco@morganlewis.com>
**Sent:** Thursday, July 6, 2023 10:26 AM
**To:** Slack, Richard <richard.slack@weil.com>; James Brandt (james.brandt@lw.com) <james.brandt@lw.com>; Karotkin, Stephen <stephen.karotkin@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Gordan, Anna <Anna.Gordan@weil.com>; Nolan, Jack <Jack.Nolan@weil.com>; Michael.Reiss@lw.com
**Cc:** DiCicco, Susan F. <susan.dicicco@morganlewis.com>; Irwin Schwartz <ischwartz@blaschwartz.com>; dgrassgreen@pszjlaw.com; Doolittle, Jonathan <jonathan.doolittle@pillsburylaw.com>; Richard Bodnar <rbodnar@rksllp.com>; Murphy, Julie <Jmmurphy@stradley.com>; Michael Hampson <mhampson@rksllp.com>; Frank Catalina <fcatalina@rksllp.com>; metkin@lowenstein.com; abehlmann@lowenstein.com; randy.michelson@michelsonlawgroup.com; Jeffrey Ritholtz <JRitholtz@rksllp.com>; Michael Palmieri

<mpalmieri@fklaw.com>; Feldsher, Jennifer <jennifer.feldsher@morganlewis.com>; Boey, Melissa Y. <Melissa.Boey@morganlewis.com>
**Subject:** PG&E -- Draft Procedures re Securities Claims
**Importance:** High

Reorganized Debtors' team:
Following up from our initial meet and confer call on Friday, please find attached draft procedures from the Objectors for your consideration. We suggest an additional meet and confer call for tomorrow afternoon or Monday in advance of the call with the Court. Please suggest some available times.

Regards,
Susan

**Susan F. DiCicco**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY10178-0060
Direct: +1.212.309.6640 | Main:+1.212.309.6000 | Fax: +1.212.309.6001 | Mobile: +1.914.715.3358
susan.dicicco@morganlewis.com| www.morganlewis.com

7/6/2023 DRAFT FROM OBJECTORS FOR DISCUSSION PURPOSES ONLY

### DRAFT Procedures relating to Securities Claims

1. Objectors support Reorganized Debtors' efforts to continue to resolve as many securities claims as possible (as expeditiously as possible) through the ADR Procedures. These efforts are essential to identifying how many unresolved securities claims there are to be addressed by the Bankruptcy Court. To that end:
    a. Reorganized Debtors advised the Court that as to securities claim~~ants~~s that have not received offers, the Reorganized Debtors will ~~make~~either file an omnibus objection~~s~~ as to ~~some (300 or so claims)~~such securities claims or make offers with respect to such securities claims by August 15, 2023.
2. For the avoidance of doubt, Section F of the Offer Procedures and Section C of the Mediation Procedures under the Securities Procedures shall continue to be applicable to all claimants other than the Objectors.
    i. ~~Reorganized Debtors to promptly confirm that these omnibus objections do not relate to any of the Objectors.~~
    ii. ~~Reorganized Debtors shall file their omnibus motion as to securities claimants that have not yet received offers by **July 21, 2023**.~~
    ~~b. Reorganized Debtors shall make offers to the remaining 1200 or so securities claimants that have not received offers by **July 14, 2023**.~~
2. ~~ADR Procedures shall continue as to securities claimants with pending offers (including offers made by July 14).~~
3. By **August 1, 2023**, any unresolved securities claims of the Objectors (not including the RKS Claimants) that have not already been submitted to mediation shall be scheduled for mediations to ~~occur~~begin on or before **September 22̶29, 2023**.
4. ~~All securities claims remain deemed allowed unless and until Reorganized Debtors object to the claim.~~
4. ~~5.~~ Any securities claimant may amend its previously filed Proof of Claim by filing an amended Proof of Claim on or before ~~October 6~~**September 13, 2023** without leave of Court; provided, however, that any securities claimant may file an amended Proof of Claim adopting, in whole or in part, of the allegations set forth in any other securities claimants' amended Proof of Claim and/or the allegations ~~of~~set forth in the Third Amended Consolidated Class Action Complaint for the Violation of the Federal Securities Laws (ECF No. 121) filed in *In re PG&E Corp. Secs. Litig.*, No. 3:18-cv-03509 (N.D. Cal.) (the "PERA Complaint"), on or before ~~October~~**September 13, 2023** without leave of Court. The Debtors reserve all rights to object to any amendment on any or all grounds. Nothing herein shall preclude ~~the right of any~~a securities claimant ~~to~~from seek~~ing~~ leave ~~for~~of the Court to file a subsequent amendment to its Proof of Claim.
5. ~~6.~~ The objection deadline for the Reorganized Debtors to object to any Proof of Claim that was not amended by the ~~October~~**September 13, 2023** deadline for securities claimants to amend their claims shall be **November 13, 2023**, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors. The deadline for the Reorganized Debtors to object to any amended Proof of Claim shall be within ~~30~~**60 days** of the filing date of the amended Proof of

1

WEIL:\99244473\1\67615.0014

Case: 19-30088    Doc# 14277-2    Filed: 01/16/24    Entered: 01/16/24 21:57:56    Page 4 of 9

Claim**, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors**.

6. ~~7.~~ Any securities claimant may stipulate with the Reorganized Debtors or seek leave of the Court to amend the above deadlines as to its claims, including **(a)** a later objection deadline (whether for purposes of allowing negotiations, mediation or otherwise) ~~without having~~**; or (b) a later date** to file an amended proof of claim pursuant to the schedule **set forth** in paragraph ~~5~~**4** above.

> **Commented [SR1]:** Deleted only for redundancy

~~8. Reorganized Debtors agree that all amended Proofs of Claim for securities claims relate back to the first date such claim was filed.~~

7. ~~9. For the purposes of amending their Proofs of Claim, as set forth in Paragraph 5 above, securities claimants reserve the right to adopt (by incorporation by reference or otherwise) in whole or in part the allegations filed by any other securities claimant in support of its pending securities claims in this Court, and/or the allegations of the PERA Complaint.~~ A securities claimant's (or its counsel's) adoption or incorporation of allegations as described ~~in the immediately preceding sentence~~**above** shall not constitute conduct that violates Rule 11 of the Federal Rules of Civil Procedure or Rule 9011 of the Federal Rules of Bankruptcy Procedure.

8. ~~10.~~ All objections to securities claims ~~and matters arising from such objections~~**of the Objectors** shall be governed by the procedures outlined below.

    ~~a. Any objection to a securities claim shall identify the specific grounds on which legal objections and defenses (including affirmative defenses) to the claim arise, and not merely assert that the claim fails to state a claim for relief. Reorganized Debtors' identification of these objections and defenses – such as those that would be included in an answer to a complaint after a motion to dismiss is denied – is essential for the parties to develop an efficient and realistic case management plan for fact and expert discovery.~~

    a. ~~b.~~ **The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in unresolved securities proofs of claim at the time it is required to object to a claim.** At the Court's earliest availability beginning on **November 27, 2023**, the Court will hold an initial case management conference at which the Court will ~~determine which issues arising from the objections to all securities claims for which there are pending objections can be decided only as a matter of law (and set a hearing date for those issues), and which issues arising from the objections contain factual disputes and are ripe for discovery (and set a case management plan for such discovery). Only securities claimants that are subject to pending objections by the time of the initial status conference may participate.~~**set a coordinated briefing schedule for the responses and replies to the sufficiency objections (i.e., motions to dismiss) as well as a hearing date for the sufficiency objections filed prior to the date of the conference pursuant to paragraph 5 above. The parties agree to a prompt schedule to hear the above motions to dismiss, consistent with the Court's schedule.**

    b. ~~c.~~ **While the motions to dismiss set forth in the above paragraph are pending, the parties will agree to meet and confer on certain procedures for coordination of**

2

<p style="margin-left:2em">discovery should such discovery be necessary after the motions to dismiss are decided by the Court. At the Court's earliest convenience after the motions to dismiss are decided (if such claims are not wholly dismissed), the Court will hold a case management conference to, among other things, set a discovery schedule. In accordance with Bankruptcy Rule 9014(c) and in order to minimize duplicative discovery against the Reorganized Debtors, the Court will direct Reorganized Debtors to serve Federal Rule 26(a)(1) initial disclosures within **30** days after ~~the initial~~such case management conference ~~is held~~after the Court decides the motions to dismiss.</p>

c. ~~d. For issues for which the Court determines~~If discovery is ~~appropriate,~~permitted by the Court to proceed, the Reorganized Debtors shall make available on an electronic database or portal all discovery documents that it produces to any securities claimant ~~for which there is a pending objection and all securities claimants for which there is a pending objection shall be granted access~~, subject to reasonable procedures and any necessary confidentiality requirements.

d. ~~e. For issues for which~~If discovery is permitted by the Court ~~determines discovery is appropriate~~to proceed, the securities claimants that are subject to then pending objections shall meet and confer in an attempt to prepare a comprehensive list of Rule 30(b)(6) topics for the Reorganized Debtors' corporate deposition so that Reorganized Debtors are not subject to multiple notices for Rule 30(b)(6) depositions. The ~~Rule~~parties each reserve all their rights with respect to whether such 30(b)(6) deposition ~~shall not~~ precludes the ability of any securities claimant that is subject to a pending objection to take a deposition or seek other discovery from any person currently or formerly associated with the Debtors or Reorganized Debtors.

e. ~~f. For issues for which~~If discovery is permitted by the Court ~~determines discovery is appropriate~~to proceed, any case management plan shall provide at least 9 months for fact discovery and 3 months for expert discovery~~, and the Court will direct the Reorganized Debtors and securities claimants subject to pending objections to comply with Federal Rule 26(a)(3) regarding expert disclosures~~.

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 7/9/2023 5:29:25 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** DRAFT Procedures re Securities Claims.DOCX ||
| **Modified filename:** further Comments to DRAFT Procedures re Securities Claims (003) copy.DOCX ||
| **Changes:** ||
| Add | 59 |
| Delete | 57 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 116 |

## DRAFT Procedures relating to Securities Claims

1. Objectors support Reorganized Debtors' efforts to continue to resolve as many securities claims as possible (as expeditiously as possible) through the ADR Procedures. These efforts are essential to identifying how many unresolved securities claims there are to be addressed by the Bankruptcy Court. To that end:
    a. Reorganized Debtors advised the Court that as to securities claims that have not received offers, Reorganized Debtors will either file an omnibus objection as to such securities claims or make offers with respect to such securities claims by August 15, 2023.
2. For the avoidance of doubt, Section F of the Offer Procedures and section C of the Mediation Procedures under the Securities Procedures shall continue to be applicable to all claimants other than the Objectors. The following procedures set forth in paragraphs 3-8 below apply to the claims of the Objectors, including the objection deadlines set forth below.
3. By **August 1, 2023**, any unresolved securities claims of the Objectors (not including the RKS Claimants) that have not already been submitted to mediation shall be scheduled for mediations to begin on or before **September 29, 2023**.
4. Any securities claimant may amend its previously filed Proof of Claim by filing an amended Proof of Claim on or before **September 13, 2023** without leave of Court; provided, however, that any securities claimant may file an amended Proof of Claim adopting, in whole or in part, of the allegations set forth in any other securities claimants' amended Proof of Claim and/or the allegations set forth in the Third Amended Consolidated Class Action Complaint for the Violation of the Federal Securities Laws (ECF No. 121) filed in *In re PG&E Corp. Secs. Litig.*, No. 3:18-cv-03509 (N.D. Cal.) (the "PERA Complaint"), on or before **September 13, 2023** without leave of Court. The Debtors reserve all rights to object to any amendment on any or all grounds. Nothing herein shall preclude the right of any securities claimant to seek leave of the Court to file a subsequent amendment to its Proof of Claim.
5. The objection deadline for the Reorganized Debtors to object to any Proof of Claim that was not amended by the **September 13, 2023** deadline for securities claimants to amend their claims shall be **November 13, 2023, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors**. The deadline for the Reorganized Debtors to object to any amended Proof of Claim shall be within **60 days** of the filing date of the amended Proof of Claim, **subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors**.
6. Any securities claimant may stipulate with the Reorganized Debtors or seek leave of the Court to amend the above deadlines as to its claims, including (a) a later objection deadline (whether for purposes of allowing negotiations, mediation or otherwise); or (b) a later date to file an amended proof of claim pursuant to the schedule set forth in paragraph 4 above.

7. A securities claimant's (or its counsel's) adoption or incorporation of allegations as described above shall not constitute conduct that violates Rule 11 of the Federal Rules of Civil Procedure or Rule 9011 of the Federal Rules of Bankruptcy Procedure.
8. All objections to securities claims of the Objectors shall be governed by the procedures outlined below.
    a. The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim. At the Court's earliest availability beginning on **November 27, 2023**, the Court will hold an initial case management conference at which the Court will set a coordinated briefing schedule and a hearing date for the motions to dismiss with respect to any objection filed prior to the date of the conference pursuant to paragraph 5 above. The parties agree to an expeditious schedule to hear the above motions to dismiss, consistent with the Court's schedule.
    b. While the motions to dismiss set forth in the above paragraph are pending, the parties will agree to meet and confer on certain procedures for coordination of discovery should such discovery be necessary after the motions to dismiss are decided by the Court. At the Court's earliest convenience after the motions to dismiss are decided (if such claims are not wholly dismissed), the Court will hold a case management conference to, among other things, set a discovery schedule. In accordance with Bankruptcy Rule 9014(c) and in order to minimize duplicative discovery against the Reorganized Debtors, the Court will direct Reorganized Debtors to serve Federal Rule 26(a)(1) initial disclosures within **30** after the Court decides the motions to dismiss (if such claims are not wholly dismissed).
    c. If discovery is permitted by the Court to proceed, the Reorganized Debtors shall make available on an electronic database or portal all discovery documents that it produces to any securities claimant, subject to reasonable procedures and any necessary confidentiality requirements.
    d. If discovery is permitted by the Court to proceed, the securities claimants that are subject to pending objections shall meet and confer in an attempt to prepare a comprehensive list of Rule 30(b)(6) topics for the Reorganized Debtors' corporate deposition so that Reorganized Debtors are not subject to multiple notices for Rule 30(b)(6) depositions. The parties each reserve all their rights with respect to whether such 30(b)(6) deposition precludes the ability of any securities claimant that is subject to a pending objection to take a deposition or seek other discovery from any person currently or formerly associated with the Debtors or Reorganized Debtors.
    e. If discovery is permitted by the Court to proceed, any case management plan shall provide at least 9 months for fact discovery and 3 months for expert discovery.