# EXHIBIT D

| | |
|---|---|
| **From:** | Palmieri, Michael S. <mpalmieri@fklaw.com> |
| **Sent:** | Friday, December 15, 2023 7:11 PM |
| **To:** | Slack, Richard; Liou, Jessica; Goren, Matthew; Jane Kim; dtaylor@kbkllp.com; 'Thomas Rupp'; joshua.hamilton@lw.com; Michael.Reiss@lw.com; JAMES.BRANDT@lw.com |
| **Cc:** | ipachulski@pszjlaw.com; dgrassgreen@pszjlaw.com; Gabriel I. Glazer; Seiler, Eric; Rubinstein, Jason C.; Tharp, Matt |
| **Subject:** | In re PG&E Corp., No. 19-30088 (DM) (Bankr. N.D. Cal) – Requests for Production and Deposition Subpoenas |
| **Attachments:** | Baupost - Request for Production to Debtors.pdf; 2023.12.15 N. Stavropoulos Deposition Subpoena Notice.pdf; 2023.12.15 P. Hogan Deposition Subpoena Notice.pdf; 2023.12.15 G. Williams Deposition Subpoena Notice.pdf; 2023.12.15 J. Kane Deposition Subpoena Notice.pdf |

Counsel:

We represent Securities Claimant Baupost Group Securities, L.L.C. ("Baupost") in these proceedings.

Pursuant to Fed. R. Bankr. P. 9014, attached hereto is a copy of Baupost's Requests for Production to the Reorganized Debtors.

Additionally, please be advised that Baupost is seeking the deposition of four non-parties by subpoena pursuant to Fed. R. Bankr. P. 9014: Geisha J. Williams, Nickolas Stavropoulos, Patrick M. Hogan, and Julie M. Kane. Attached hereto are notices of deposition subpoena for these witnesses.

Finally, we write to advise you that Baupost is seeking the deposition of David Gabbard, the Vice President of Pacific Generation at Pacific Gas and Electric Company under Fed. R. Bankr. P. 9014. Pursuant to Bankruptcy Local Rule 1001-2 and District Court Civil Rule 30-1, we request a time to meet and confer with you concerning the scheduling of Mr. Gabbard's deposition on Monday, December 18, before we notice his deposition.

Hard copies of the requests for production and the notices of subpoenas will follow by FedEx.

Thank you,


**Michael S. Palmieri**



**Friedman Kaplan Seiler Adelman & Robbins LLP**
7 Times Square
New York, NY 10036-6516

mpalmieri@fklaw.com
212.833.1194
**fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.

Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
    ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PG&E CORPORATION, | Case No. 19-30088 (DM) |
| -and- | (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **BAUPOST GROUP SECURITIES, L.L.C.'s REQUESTS FOR PRODUCTION TO REORGANIZED DEBTORS** |
| Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

Pursuant to Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 34 of the Federal Rules of Civil Procedure ("**FRCP**"), Securities Claimant[1] Baupost Group Securities, L.L.C. ("**Baupost**"), on behalf of itself and as trading nominee for certain funds managed by The Baupost Group, L.L.C. that are the beneficial owners of certain of the PG&E equity securities at issue herein, by and through its undersigned attorneys, hereby address these Requests for Production (the "**Requests**") to the Reorganized Debtors, and request that the Reorganized Debtors produce for inspection and copying the documents and other tangible things set forth below that are in its possession, custody, or control, at the offices of Baupost's undersigned attorneys within thirty (30) days of service hereof.

## **DEFINITIONS**

1.      The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and are hereby incorporated into these Requests.

2.      "PG&E" means, collectively, the Reorganized Debtors PG&E Corporation and Pacific Gas and Electric Company, including each of their predecessors, successors, divisions, subsidiaries, and affiliates; each other person directly or indirectly, wholly or in part, owned or controlled by them; each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting on their behalf.

3.      "Board" refers to the Boards of Directors of PG&E Corporation or Pacific Gas and Electric Company.

4.      "Board Committees" refers to the following committees of the Board:  (i) the Audit Committee, (ii) the Finance Committee, and (iii) the Safety and Nuclear Oversight Committees.

5.      "Butte Report" means the June 16, 2020 Camp Fire Public Report issued by the Butte County District Attorney's office.

---

[1] 'Securities Claimant' is used as defined in the Court's *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943].

SF 4879-2532-0343.1 08442.030

1

6.     "Document" or "Documents" refers to documents broadly defined in FRCP 34 and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, or any other use of ephemeral communications services, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.

7.     "Individual Defendants" means Anthony F. Early, Jr., Geisha J. Williams, Nickolas Stavropoulos, Julie M. Kane, Christopher P. Johns, and Patrick M. Hogan.

8.     "Integrated Planning Process" means PG&E's "enterprise wide process that organizes the functions and processes used to assess risk," as described on pages 23-31 of the Staff Report concerning PG&E's 2017-2019 General Rate Case, prepared by the Risk Assessment Section of the California Public Utilities Commission's Safety and Enforcement Division, *available at*: https://www.cpuc.ca.gov/-/media/cpuc-website/divisions/safety-policy-division/reports/pge-2017-grc-report-final-030716.pdf, including but not limited to the Executive Guidance forum and the Session D – Line of Business (LOB) Risk and Compliance Mitigation plan.

9.     "Kane" means Julie M. Kane.

10.    "Relevant Period" means April 9, 2015 through November 15, 2018.

11.    "Senior Executives" means PG&E's President, Chief Executive Officer, Chief Operational Officer, Chief Financial Officer, Chief Ethics and Compliance Officer, Chief Risk Officer, Chief Safety Officer, the President and Vice Presidents of Electric Operations, the President and Vice Presidents of Enterprise and Operational Risk and any other PG&E officer or

2

employee with authority as to public statements made by PG&E pertaining to its electrical transmission and distribution infrastructure inspection, maintenance, and safety practices.

12.     "Supplemental POC" refers to Claim Nos. 109847 and 109848 filed by Baupost on or around December 28, 2022.

13.     "TAC" means the Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed in *In re PG&E Corp. Secs. Litig.,* No. 3:18-cv-03509-EJD (N.D. Cal.) [Dkt. No. 121].

14.     To bring within the scope of these Requests all materials that might otherwise be construed to be outside of their scope, the following rules of construction apply:  (i) reference to any Person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent or representative of such Person, whether current or former; (ii) "including" shall mean including without limitation; (iii) neither the inclusion or exclusion of capital letters nor the use of punctuation shall be construed to limit the scope of these Requests; (iv) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all materials that might otherwise be construed to be outside of their scope; (v) the use of the singular form of any word includes the plural and vice versa; and (vi) verbs in the past tense shall be interpreted to include the present tense and *vice versa*.

## INSTRUCTIONS

1.     Each Request herein should be construed independently and not with reference to any other Request for the purposes of limitation.

2.     In addition to original and final versions of documents, all draft, alterations, modifications, changes and amendments of documents should be produced, as well as all copies non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind.

3

3.     All documents are to be produced in the form they are maintained in the usual course of business.

4.     If, in responding to the Requests, PG&E encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5.     Where an objection is made to any Request or subpart thereof, the objection shall state with specificity all grounds therefor, as required by FRCP 34(b)(2)(B). The objection shall also state whether any responsive information is being withheld on the basis of the objection, as required by FRCP 34(b)(2)(C).

6.     If You object to any portion of a Request, You shall produce documents responsive to the remainder of the Request.

7.     In accordance with FRCP 34(b)(2)(B), the production must be completed either by 30 days of the date of service of the Requests (plus additional time for service by mail) or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

8.     In accordance with FRCP 26(b)(5), where a claim of privilege is asserted in objecting to any Request or part thereof, and information is not provided on the basis of such assertion:

(a)     in asserting the privilege, PG&E shall, in the objection to the Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed; and

(b)     the following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(i)     for documents:

1.     the type of document;

2.     the general subject matter of the document;

3.     the date of the document; and

4.     the author of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the author, addressees, and any other recipients to each other.

SF 4879-2532-0343.1 08442.030
4

9.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, please clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.  It is intended that the Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible to a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to FRCP 26(b)(5) will be required as to such material.

10.     If any document that would be responsive to the Requests has been destroyed or is no longer in Your possession, custody, or control, provide the following information:

(a)     the date of the document;

(b)     the names and job titles of the preparer(s), sender(s), and recipient(s) of the document;

(c)     the date of and the identity of the person responsible for its destruction, loss, transfer, or other act or omission by which the document left PG&E's possession, custody, or control; and

(d)     the circumstances surrounding the loss of the document or the reason for its destruction.

11.     The Requests constitute a continuing demand for the production of documents and things described herein.  If at some point after the service of the Requests upon PG&E, a document is located or is created which is responsive to one of the Requests herein, the Request is to be interpreted as requesting production of that document.

12.     All e-mails responsive to these Requests should be produced with .msg or .pst file extensions.  All hard copies of e-mails shall be produced with a full header.  All other electronically stored information should be produced in native electronic format, with all available

SF 4879-2532-0343.1 08442.030

metadata, which could include any of the following formats: .doc, .docx, .txt, .rtf, .dot, .htm, .pptx, .pps, .xlxs, .xls, .csv, .xml, .txt, .mht, .prn, .dif and/or .slk, unless the parties agree to produce in another format, such as .tif.

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

1.     Documents sufficient to show the membership of the following PG&E committees during the Relevant Period:

(a)     The Compliance and Public Policy Committee of PG&E Corporation;

(b)     The Executive Officer Risk and Compliance Committee referenced in paragraph 401 of the TAC;

(c)     The committee "formed" in 2013 "to explore opportunities to reduce costs by reducing the frequency of inspections and patrols and examine . . . 'unit costs'" referenced on page 26 of the Butte Report;

(d)     The committee formed in 2010 "to review and comment on the Quanta reports," referenced on page 62 of the Butte Report;

(e)     The "T Lines Patrols and Inspection Continuous Improvement Charter" committee referenced on page 50 of the Butte Report;

(f)     The "Enterprise Risk Management Committee" referenced on page 73 of the Butte Report;

(g)     The "Executive Management Committee" referenced on page 73 of the Butte Report; and

(h)     The "TLine Structures Committee" referenced on page 77 of the Butte Report.

2.     All documents, including agendas, meeting minutes, meeting summaries, notes, PowerPoints, and reports, concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including the components of said transmission lines and towers, prepared in connection with (i) meetings of the committees identified in Request No. 1 or the meetings of the Board or of any of the Board Committees or (ii) the Integrated Planning Process, during the Relevant Period.

3.     All reports (whether in draft or final form) prepared by, on behalf of, or at the request of any of the committees identified in Request No. 1 or of the Board or of any of the Board

6

1    Committees or otherwise provided to any of the members of those committees or prepared in

2    connection with the Integrated Planning Process during the Relevant Period concerning the

3    maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the

4    frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines

5    and towers, including the components of said transmission lines and towers.

6         4.    The following documents referenced in the Butte Report:

7    (a)    The 2012 Quanta Technology "Transmission Line Inspection Procedures Final
            Report" referenced on pages 23 and 26 of the Butte Report;
8
9    (b)    The 1987 PG&E Laboratory Test Report referenced on page 24 of the Butte
            Report;
10
      (c)    The "2013 internal PG&E PowerPoint" referenced on page 26 of the Butte Report;
11
12   (d)    The Lab Test Report entitled "Analysis of bolted aluminum transmission
            connectors from various PG&E sites," prepared by PG&E Applied Technology
            Services (ATS) and dated November 10, 2009, referenced on page 32 of the Butte
13          Report;

14   (e)    The "Request for Advance Authorization of Expenditures in Accordance with
            Capital Expenditures Policy" document referenced on page 34 of the Butte Report;
15
16   (f)    Event reports for the Caribou-Palermo line since 2002 referenced on page 34 of the
            Butte Report;
17
18   (g)    The 2017 Electric Transmission Overhead Steel Structure Strategy Overview
            referenced on pages 56-57 of the Butte Report;
19
20   (h)    The 2018 TD-8101 – Transmission Line Overhead Asset Management Plan
            referenced on pages 57-59 and 64 of the Butte Report;
21
      (i)    The internal PG&E draft report entitled "Transmission Overhead Conductors"
            referenced on page 63 of the Butte Report;
22
23   (j)    The report entitled "EO118 Transmission OH119 White Paper" referenced on page
            63 of the Butte Report;
24
      (k)    The November 2017 Risk Assessment and Mitigation Phase Report referenced on
            pages 63-64 of the Butte Report;
25
26   (l)    The 2009 Enterprise Risk Management Urban Wildland Fire Risk Review
            referenced on pages 73-74 of the Butte Report;
27
      (m)    Enterprise Risk Management Reports for 2010 through 2018 as referenced on page
28          74 of the Butte Report

SF 4879-2532-0343.1 08442.030    7

(n) The "EMC: Electric T&D Asset Road Map" referenced on page 74 of the Butte Report;

(o) The Transmission Line Component Management Report that PG&E received from Quanta Technologies in 2010, including the "Structures" report, referenced on pages 27 and 75 of the Butte Report; and

(p) The report entitled "Metallurgical Evaluation of Insulator Suspension Plates from the Parkway-Moraga 230 kV line at structure 020/115" dated June 20, 2018, referenced on page 78 of the Butte Report.

5. Documents sufficient to show whether the Individual Defendants or other PG&E Senior Executives received, commented on, or provided information or input on any of the documents identified in Request No. 4 or any summaries thereof, and the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

6. All documents that PG&E produced to the Butte County District Attorney, including but not limited to the grand jury convened in the proceedings with the docket number BCSC-2019-GJ-01 in the Superior Court of California for the County of Butte, in connection with its investigation into the Camp Fire and/or preparation of the Butte Report.

7. Documents sufficient to show the categories of "inspection data" concerning the "condition of [PG&E] power lines" maintained in the database described in paragraph 420 of the TAC, including a key, glossary, or other document describing or explaining the meanings of those categories.

8. All records, reports, or data concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers on the Caribou-Palermo line, including the components of said transmission lines and towers, entered or recorded in the database described in paragraph 420 of the TAC during the Relevant Period.

9. Documents sufficient to identify all Individual Defendants or other PG&E Senior Executives who received, commented on, or provided information or input on any of the documents responsive to Request No. 8 or any summaries thereof, including the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

10.     Documents sufficient to show all instances in which any Individual Defendant or other PG&E Senior Executive accessed or used the database described in paragraph 420 of the TAC or PG&E's Mobile Asset Inspection application described in paragraph 421 of the TAC during the Relevant Period, disaggregated by Individual Defendant or Senior Executive.

11.     Documents sufficient to show the policies and practices encompassed by the Corrective Action Program, as described in paragraph 427 of the TAC.

12.     Documents sufficient to show any notifications, complaints, or reports submitted to or prepared in connection with the Corrective Action Program, as described in paragraph 427 of the TAC, concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including the components of said transmission lines and towers, during the Relevant Period.

13.     Documents sufficient to identify all Individual Defendants or other PG&E Senior Executives who received, commented on, or provided information or input on any of the documents responsive to Request No. 12 or any summaries thereof and the documents and/or information received by the Individual Defendants or other PG&E Senior Executives.

14.     Documents sufficient to show the duties and responsibilities of Kane during the Relevant Period.

15.     Documents sufficient to show the PG&E employees directly reporting to Kane, and to whom Kane directly reported, during the Relevant Period.

16.     Documents sufficient to show any reports that Kane received, commented on, or provided information or input on concerning the maintenance, repair, inspection (including but not limited to PG&E's training of inspectors and the frequency and methodology of inspections or patrols), or condition, of PG&E's transmission lines and towers, including but not limited to the Caribou-Palermo line, and including the components of said transmission lines and towers during the Relevant Period.

17.     All documents or communications sent or received by any Individual Defendant or other PG&E Senior Executive concerning the maintenance, repair, inspection (including but not

1  limited to PG&E's training of inspectors and the frequency and methodology of inspections or

2  patrols), or condition, of PG&E's transmission lines and towers, including but not limited to the

3  Caribou-Palermo line, and including the components of said transmission lines and towers during

4  the following time periods:  December 21, 2012 through February 21, 2013; October 19, 2016

5  through November 19, 2016; and March 1, 2018 through July 20, 2018.

6          18.     All documents or communications sent or received by any Individual Defendant or

7  other PG&E Senior Executive concerning the truth or falsity of the misstatements alleged in

8  paragraphs 16 and 18 through 25 of the Supplemental POC during the Relevant Period.

9          19.     All equity analyst reports concerning (i) the sufficiency, or lack thereof, of PG&E's

10  maintenance, repair, or inspection practices, including but not limited to its training of inspectors

11  and the frequency and methodology of inspections or patrols, with respect to its transmission lines

12  and towers or the condition of its transmission lines and towers, including but not limited to the

13  Caribou-Palermo line, and including the components of said transmission lines and towers; or (ii)

14  the cause(s) of the Camp Fire.

15

16  Dated:  December 15, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

17

18                                        By    /s/ Debra Grassgreen
                                               Isaac M. Pachulski
19                                             Debra I. Grassgreen

20                                             - and -

21                                             Eric Seiler (admitted *pro hac vice*)
22                                             Jason C. Rubinstein (admitted *pro hac vice*)
                                               Michael S. Palmieri (admitted *pro hac vice*)
23                                             FRIEDMAN KAPLAN SEILER
                                                  ADELMAN & ROBBINS LLP
24
                                               *Attorneys for Securities Claimant,*
25                                             *Baupost Group Securities, L.L.C.*

26

27

28

SF 4879-2532-0343.1 08442.030
10

1  Isaac M. Pachulski (CA Bar No. 62337)
   Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
3  One Sansome Street, 34th Floor, Suite 3430
   San Francisco, California 94104-4436
4  Telephone: 415-263-7000
   Facsimile: 415-263-7010
5  Email: ipachulski@pszjlaw.com
          dgrassgreen@pszjlaw.com
6
7  Eric Seiler (admitted *pro hac vice*)
   Jason C. Rubinstein (admitted *pro hac vice*)
8  Michael S. Palmieri (admitted *pro hac vice*)
   FRIEDMAN KAPLAN SEILER
9      ADELMAN & ROBBINS LLP
10 7 Times Square
   New York, NY 10036-6516
11 Telephone (212) 833-1103
   Facsimile (212) 373-7903
12 Email: eseiler@fklaw.com
          jrubinstein@fklaw.com
13        mpalmieri@fklaw.com
14
   *Attorneys for Securities Claimant,*
15 *Baupost Group Securities, L.L.C.*

16              **UNITED STATES BANKRUPTCY COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

                **SAN FRANCISCO DIVISION**
18

19 | In re: | Case No. 19-30088 (DM) |

20 | PG&E CORPORATION, | Chapter 11 |

   | -and- | **BAUPOST GROUP SECURITIES, LLC'S** |
21
   | PACIFIC GAS AND ELECTRIC | **NOTICE OF DEPOSITION SUBPOENA** |
   | COMPANY, | **OF NICKOLAS STAVROPOULOS** |
22
23 |        Debtors. |

24 | ☐ Affects PG&E Corporation | Date:  January 12, 2024 |
                                   Time:  9:00 AM
25 | ☐ Affects Pacific Gas and Electric | Place: 800 Boylston Street
   |    Company |              Boston, MA 02199 |
26 |    ☒ Affects both Debtors |

27 | * *All papers shall be filed in the lead case,* |
   | *No. 19-30088 (DM)* |
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   **TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

2   **PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of

3   Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group

4   Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Nickolas Stavropoulos on

5   January 12, 2024, at 9:00 a.m. at the offices of Ropes & Gray LLP, located at 800 Boylston Street,

6   Boston, MA 02199 pursuant to the attached subpoena. The deposition shall continue from day to

7   day thereafter until completed.  The time and date of this deposition are subject to meet and confer

8   under N.D. Cal. Local Rule 30.1.

9   **PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter

10  authorized to administer oaths and will be recorded stenographically and by sound and video

11  recording. The deposition may be recorded using real time instant visual display of testimony.

12  Baupost reserves the right to use the recorded deposition at trial.

13  Dated:  December 15, 2023            PACHULSKI STANG ZIEHL & JONES LLP

14

15                                              By    /s/ Debra Grassgreen

16                                                    Isaac M. Pachulski
                                                      Debra I. Grassgreen
17
                                                      *Attorneys for Securities Claimant,*
18                                                    *Baupost Group Securities, L.L.C.*

19

20

21

22

23

24

25

26

27

28

1                         **EXHIBIT A (SUBPOENA)**

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __PG&E Corporation and Pacific Gas and Electric Company__
_____
Debtor

Case No. __19-30088__

_(Complete if issued in an adversary proceeding)_

Chapter __11__

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Nickolas Stavropoulos__

_(Name of person to whom the subpoena is directed)_

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Ropes & Gray LLP<br>800 Boylston Street, Boston, MA 02199 | DATE AND TIME<br>January 12, 2024   9:00am |
|---|---|

The deposition will be recorded by this method:
__Stenographic and videographic means__

[ ] _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/15/2023__

CLERK OF COURT

OR

_____        __/s/ Debra Grassgreen__
_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Baupost Group Securities, L.L.C.__ , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszjlaw.com, 415.217.5102

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: ipachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
FRIEDMAN KAPLAN SEILER
    ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com
         jrubinstein@fklaw.com
         mpalmieri@fklaw.com

*Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>     ☒Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>**BAUPOST GROUP SECURITIES, LLC'S NOTICE OF DEPOSITION SUBPOENA OF PATRICK M. HOGAN**<br><br><br>Date:  January 12, 2024<br>Time:  9:00 AM<br>Place:  7 Times Square, 28th Fl.<br>        New York, NY 10036 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Patrick M. Hogan on January 12, 2024, at 9:00 a.m. at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, located at 7 Times Square, 28th Floor, New York, NY 10036 pursuant to the attached subpoena. The deposition shall continue from day to day thereafter until completed. The time and date of this deposition are subject to meet and confer under N.D. Cal. Local Rule 30.1.

**PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter authorized to administer oaths and will be recorded stenographically and by sound and video recording. The deposition may be recorded using real time instant visual display of testimony. Baupost reserves the right to use the recorded deposition at trial.

Dated: December 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ Debra Grassgreen
    Isaac M. Pachulski
    Debra I. Grassgreen

    *Attorneys for Securities Claimant,*
    *Baupost Group Securities, L.L.C.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1                                 **EXHIBIT A (SUBPOENA)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

<u>Northern</u> _____ District of <u>California</u>

In re __<u>PG&E Corporation and Pacific Gas and Electric Company</u>__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. ___<u>19-30088</u>___

Chapter _____<u>11</u>_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___<u>Patrick M. Hogan</u>_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Friedman Kaplan Seiler Adelman & Robbins LLP<br>7 Times Square, 28th Floor New York, NY 10036 | DATE AND TIME<br><br>January 12, 2024    9:00am |
|---|---|

The deposition will be recorded by this method:
Stenographic and videographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _<u>12/15/2023</u>___

CLERK OF COURT

OR

_____   __<u>/s/ Debra Grassgreen</u>___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_<u>Baupost Group Securities, L.L.C.</u>_  , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszlaw.com, 415.217.5102

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1   Isaac M. Pachulski (CA Bar No. 62337)
2   Debra I. Grassgreen (CA Bar No. 169978)
    PACHULSKI STANG ZIEHL & JONES LLP
3   One Sansome Street, 34th Floor, Suite 3430
    San Francisco, California 94104-4436
4   Telephone: 415-263-7000
    Facsimile:  415-263-7010
5   Email: ipachulski@pszjlaw.com
            dgrassgreen@pszjlaw.com
6
7   Eric Seiler (admitted *pro hac vice*)
    Jason C. Rubinstein (admitted *pro hac vice*)
8   Michael S. Palmieri (admitted *pro hac vice*)
    FRIEDMAN KAPLAN SEILER
9       ADELMAN & ROBBINS LLP
    7 Times Square
10  New York, NY 10036-6516
    Telephone (212) 833-1103
11  Facsimile (212) 373-7903
12  Email: eseiler@fklaw.com
            jrubinstein@fklaw.com
13          mpalmieri@fklaw.com
14  *Attorneys for Securities Claimant,*
    *Baupost Group Securities, L.L.C.*
15

16                 **UNITED STATES BANKRUPTCY COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

                        **SAN FRANCISCO DIVISION**
18

19  | In re:                          | Case No. 19-30088 (DM)          |

20  | PG&E CORPORATION,               | Chapter 11                       |

21  | -and-                           | **BAUPOST GROUP SECURITIES, LLC'S** |
    | PACIFIC GAS AND ELECTRIC        | **NOTICE OF DEPOSITION SUBPOENA** |
22  | COMPANY,                        | **OF GEISHA J. WILLIAMS**        |

23  | Debtors.                        |                                  |

24  | ☐ Affects PG&E Corporation      | Date:   January 12, 2024         |
    | ☐ Affects Pacific Gas and Electric | Time:   9:00 AM               |
25  |    Company                      | Place:  1450 Brickell Avenue, Suite 1900 |
    |    ☒ Affects both Debtors        |         Miami, FL 33131           |
26

27  *\* All papers shall be filed in the lead case,*
    *No. 19-30088 (DM)*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Geisha J. Williams on January 12, 2024, at 9:00 a.m. at the offices of Berger Singerman LLP, located at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131 pursuant to the attached subpoena. The deposition shall continue from day to day thereafter until completed. The time and date of this deposition are subject to meet and confer under N.D. Cal. Local Rule 30.1.

**PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter authorized to administer oaths and will be recorded stenographically and by sound and video recording. The deposition may be recorded using real time instant visual display of testimony. Baupost reserves the right to use the recorded deposition at trial.

Dated: December 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Debra Grassgreen
Isaac M. Pachulski
Debra I. Grassgreen

*Attorneys for Securities Claimant,*
*Baupost Group Securities, L.L.C.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**EXHIBIT A (SUBPOENA)**

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __PG&E Corporation and Pacific Gas and Electric Company__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. ___19-30088___

Chapter ___11___

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Geisha J. Williams__
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Berger Singerman LLP<br>1450 Brickell Avenue, Suite 1900 Miami, FL 33131 | DATE AND TIME<br>January 12, 2024     9:00am |
|---|---|

The deposition will be recorded by this method:
Stenographic and videographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/15/2023__

CLERK OF COURT

OR

_____     __/s/ Debra Grassgreen__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Baupost Group Securities, L.L.C.__ , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszjlaw.com, 415.217.5102

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

  (i) is a party or a party's officer; or

  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*

 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*

 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*

 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1  Isaac M. Pachulski (CA Bar No. 62337)
   Debra I. Grassgreen (CA Bar No. 169978)
2  PACHULSKI STANG ZIEHL & JONES LLP
   One Sansome Street, 34th Floor, Suite 3430
3  San Francisco, California 94104-4436
   Telephone: 415-263-7000
4  Facsimile:  415-263-7010
5  Email: ipachulski@pszjlaw.com
          dgrassgreen@pszjlaw.com
6
7  Eric Seiler (admitted *pro hac vice*)
   Jason C. Rubinstein (admitted *pro hac vice*)
8  Michael S. Palmieri (admitted *pro hac vice*)
   FRIEDMAN KAPLAN SEILER
9     ADELMAN & ROBBINS LLP
   7 Times Square
10 New York, NY 10036-6516
   Telephone (212) 833-1103
11 Facsimile (212) 373-7903
12 Email: eseiler@fklaw.com
          jrubinstein@fklaw.com
13         mpalmieri@fklaw.com
14
   *Attorneys for Securities Claimant,*
15 *Baupost Group Securities, L.L.C.*

16              **UNITED STATES BANKRUPTCY COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

                **SAN FRANCISCO DIVISION**
18

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| -and- | **BAUPOST GROUP SECURITIES, LLC'S NOTICE OF DEPOSITION SUBPOENA OF JULIE M. KANE** |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |
| ☐ Affects PG&E Corporation | Date:   January 12, 2024 |
| ☐ Affects Pacific Gas and Electric Company | Time:   9:00 AM |
| ☒ Affects both Debtors | Place:  7 Times Square, 28th Fl. |
| | New York, NY 10036 |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  **TO: THE DEBTORS AND THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that pursuant to Rules 9014 and 9016 of the Federal Rules of

3  Bankruptcy Procedure and Rules 30 and 45 of the Federal Rules of Civil Procedures, Baupost Group

4  Securities, L.L.C. ("**Baupost**"), will take the deposition of non-party Julie M. Kane on January 12,

5  2024, at 9:00 a.m. at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, located at 7

6  Times Square, 28th Floor, New York, NY 10036 pursuant to the attached subpoena. The deposition

7  shall continue from day to day thereafter until completed. The time and date of this deposition are

8  subject to meet and confer under N.D. Cal. Local Rule 30.1.

9      **PLEASE TAKE FURTHER NOTICE** the deposition will be before a court reporter

10  authorized to administer oaths and will be recorded stenographically and by sound and video

11  recording. The deposition may be recorded using real time instant visual display of testimony.

12  Baupost reserves the right to use the recorded deposition at trial.

13  Dated: December 15, 2023      PACHULSKI STANG ZIEHL & JONES LLP

14

15       By    /s/ Debra Grassgreen

16              Isaac M. Pachulski
            Debra I. Grassgreen

17

18              *Attorneys for Securities Claimant,*
            *Baupost Group Securities, L.L.C.*

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A (SUBPOENA)

# UNITED STATES BANKRUPTCY COURT

__Northern__ _____ District of __California__ _____

In re ___PG&E Corporation and Pacific Gas and Electric Company___
_____ Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ____19-30088____

Chapter ____11____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ____Julie M. Kane_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Friedman Kaplan Seiler Adelman & Robbins LLP<br>7 Times Square, 28th Floor New York, NY 10036 | DATE AND TIME<br><br>January 12, 2024     9:00am |
|---|---|

The deposition will be recorded by this method:
Stenographic and videographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/15/2023____

CLERK OF COURT

OR

_____     __/s/ Debra Grassgreen____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Baupost Group Securities, L.L.C.__ , who issues or requests this subpoena, are:
Debra Grassgreen, Pachulski Stang Ziehl & Jones LLP, 1 Sansome St., San Francisco CA 94104, dgrassgreen@pszlaw.com, 415.217.5102

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)