**MCDERMOTT WILL & EMERY LLP**
Jason D. Strabo (SBN 246426)
jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:   +1 310 277 4110
Facsimile:   +1 310 277 4730

*Attorneys for Third-Party Deponents Geisha Williams, Nickolas Stavropoulos, Patrick Hogan, and Julie Kane*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | CASE NO. 19-30088 (DM)<br><br>CHAPTER 11<br><br>**FORMER OFFICERS' BRIEF IN RESPONSE TO ORDER SETTING DEADLINES IN CONNECTION WITH REORGANIZED DEBTORS' MOTIONS TO DISMISS** |

Third-Party Deponents Geisha Williams, Nickolas Stavropoulos, Patrick Hogan, and Julie Kane, all former officers (the "Former Officers") of PG&E Corporation and/or Pacific Gas and Electric Company ("PG&E," the "Debtors," or the "Reorganized Debtors"), [1] submit this brief in response to the Court's December 19, 2023 oral ruling and December 22, 2023 order [ECF No. 14247]. Each of the Former Officers is a defendant in the pending securities class action filed by the Public Employees Retirement Association of New Mexico ("PERA") entitled *In re PG&E Corp. Securities Litigation*, No. 3:18-cv-03509-EJD (N.D. Cal.) (the "District Court Action"), and each of the Former Officers has moved to dismiss all the allegations against him or her pursuant to Federal Rule of Civil Procedure 12(b)(6). Their motions to dismiss are currently pending. In the meantime, the Private Securities Litigation Reform Act ("PSLRA") imposes an automatic stay of proceedings of the District Court Action. 15 U.S.C. § 78u-4(b)(3)(B); *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 912-13 (9th Cir. 1999) ("The 'Stay of Discovery' provision of the [Exchange] Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'" (quoting S.Rep. No. 104–98, at 14 (1995) *reprinted in* U.S.C.C.A.N. 693) (emphasis in original)).

In these proceedings, Baupost Group. L.L.C. ("Baupost") has provided counsel to each of the Former Officers a subpoena for a deposition in connection with the *Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection To The Baupost Amendment* [ECF No. 14206] (the "Baupost Motion to Dismiss").[2]

The Former Officers join in PG&E's objection to discovery with respect to discovery generally and with respect to the deposition subpoenas in particular. [Dkt. No. 14276]. Any discovery of the Former Officers, including depositions, would constitute a circumvention of the mandatory stay of discovery imposed by the PSLRA when a defendant files a motion to dismiss, as the Former Officers have done in the District Court Action. Further, independent of the discovery stay in the District Court Action, the PSLRA's discovery stay applies to bankruptcy proceedings.

---

[1] PG&E Corporation and Pacific Gas and Electric Company are the Debtors and Reorganized Debtors in the above-captioned chapter 11 cases.

[2] None of the Former Officers has been served with a deposition subpoena to date.

*Mishkin v. Ageloff*, 220 B.R. 784, 789 (S.D.N.Y. 1998). If allowed to proceed, discovery in this case would vitiate the protections of the PSLRA's discovery stay provisions, would impose on the Former Officers the substantial time, cost, and burden that the PSLRA's stay provisions during the pendency of motions to dismiss that the PSLRA stay provisions were enacted to prevent, and risk imposing on the Former Officers a multiplicity of uncoordinated depositions in a circumstance where there is no judicial decision that a viable claim has been alleged against any of them.

For these reasons, and the reasons set forth more fully in PG&E's brief, the Former Officers respectfully request that the Court hold discovery in abeyance until after it has ruled on the sufficiency of the pending securities proofs of claim as to which PG&E has filed objections.

Dated: January 16, 2024

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: _____
JASON D. STRABO

*Attorneys for Third-Party Deponents Geisha Williams, Nickolas Stavropoulos, Patrick Hogan, and Julie Kane*