**LABATON KELLER SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill (*pro hac vice*)
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

*(additional counsel on Exhibit A)*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: January 24, 2024<br>Time: 10:00 a.m. (PT)<br>Before: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, California 94102 |

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 1 of 12

Claimant Public Employees Retirement Association of New Mexico (**"PERA"**), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the **"Securities Litigation"**) pending in the U.S. District Court for the Northern District of California, hereby submits this reply in further support of its motion (the "**Motion**") for entry of an order appointing PERA as Lead Plaintiff to represent the Proposed Class[1] in these Chapter 11 Cases and approving Labaton Keller Sucharow LLP ("**Labaton**") as Lead Counsel, and in opposition to *The RKS Claimants' Objection to PERA's Lead Plaintiff Motion* [ECF No. 14266] (the "**RKS Objection**") and *Reorganized Debtors' Objection to PERA's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel* [ECF No. 14268] ("**Reorganized Debtors' Objection**" and, together with the RKS Objection, the "**Objections**").[2]

## INTRODUCTION

PERA's Motion flows naturally from the Court's prior rulings applying Rule 23 to these Chapter 11 Cases and holding that Securities Claimants should be permitted to adopt PERA's pleading, the Third Amended Consolidated Class Action Complaint (the "**TAC**") [Securities Litigation ECF No. 121].[3] Those rulings would serve no purpose if Securities Claimants, as members of the Proposed Class, would have to individually defend the TAC or elements of the TAC.

As stated in detail below, the Reorganized Debtors' arguments to the contrary are meritless and are intended to maintain a leg up on the hundreds of remaining Securities Claimants. Indeed,

---

[1] The proposed class includes all securities claimants with unresolved Rescission or Damage Claims classified as Classes 9A, 10A-II, and 10B (the "**Securities Claimants**" and their claims the "**Securities Claims**") who purchased or otherwise acquired the publicly traded debt or equity securities of PG&E Corporation, Pacific Gas and Electric Company, or both, from April 29, 2015 through November 15, 2018 (inclusive), and who timely submitted Securities Claims (the "**Proposed Class**"). Motion at 1 n.1. Excluded from the proposed class are the RKS Claimants and "any other Securities Claimants that have retained their own counsel and seek to proceed individually with respect to their Securities Claim." Motion at 2 n.5.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[3] Herein, "[a]ll discussion about FRCP 23 and FRBP 7023 will be referred to as Rule 23." *Teran v. Navient Sols., LLC (In re Teran)*, 649 B.R. 794, 800 n.2 (Bankr. N.D. Cal. 2023).

1

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 2 of 12

one of the purposes behind the Court applying Rule 23 in connection with the Securities Claims is to level the otherwise tilted playing field. The Motion seeks to accomplish this.

## ARGUMENT

### A. The Reorganized Debtors' Objection Should Be Rejected

#### 1. Rule 23 and the Bankruptcy Code Provide the Court with the Authority to Appoint a Lead Plaintiff and Lead Counsel

In exercising its discretion to apply Rule 23, a bankruptcy court performs a "two-step analysis." *In re Verity Health Sys. of Cal., Inc.*, No. 2:18-BK-20151-ER, 2019 WL 2461688, at *7 (Bankr. C.D. Cal. June 11, 2019) (quoting *In re Chaparral Energy, Inc.*, 571 B.R. 642, 646 (Bankr. D. Del. 2017), *aff'd*, No. BR 16-11144 (LSS), 2019 WL 4643849 (D. Del. Sept. 24, 2019)). The first step is to decide whether it is beneficial to apply Bankruptcy Rule 7023 and Rule 23 (via Bankruptcy Rule 9014(c)) to the claims administration process. *See id.* The second step is to determine whether the requirements of Rule 23 have been satisfied. *See id.*

Here, this Court already took the first step when, in its September 12, 2023 oral ruling, the Court held that it would apply Rule 23 to the unresolved Securities Claims. *See* ECF No. 14023.

Rule 23 explicitly provides, "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As noted in the Norton Journal of Bankruptcy Law and Practice:

> The Advisory Committee Notes to Rule 23 recognize that prior to a decision on certification, class counsel may be needed to engage in discovery, motion practice, and settlement talks. As with respect to issues of certification, ***whomever would be chosen as interim class counsel in a bankruptcy likely will be governed by who was chosen as interim class counsel in the prepetition period or in a concomitant class action involving nondebtor defendants that is pending in another court***.

17 J. Bankr. L. & Prac. 6 Art. 2 (Norton J. of Bankr. L. & Prac. Sept. 2008).[4]

While Rule 23 does not explicitly reference a "lead plaintiff," under the unique circumstances presented here—where PERA has already been appointed Lead Plaintiff in the related Securities Litigation and has long sought to represent a class of Securities Claimants in these Chapter 11 Cases—it would defy common sense and be antithetical to Rule 23 to appoint Labaton

---

[4] Herein, all emphasis is added and all internal citations and quotations are omitted.

2

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 3 of 12

as Lead Counsel without also appointing PERA as Lead Plaintiff. *See, e.g.*, *Taylor v. Schneider Nat'l Carriers, Inc.*, No. ED CV 10-923-GHK (JEMx), 2010 WL 11515254, at *2 (C.D. Cal. Oct. 27, 2010) (appointing interim lead plaintiffs and interim class counsel before class certification); *In re Wachovia Corp. Erisa Litig.*, No. 08 CIV. 5320 (NRB), 2008 WL 5459852, at *2 (S.D.N.Y. Dec. 24, 2008) (same).[5]

In appointing "interim" class counsel, a court must consider the same factors applicable to choosing class counsel—specifically:

- the work counsel has done in identifying or investigating potential claims;
- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources that counsel will commit to representing the class.

*See* 6 Newberg and Rubenstein on Class Actions (Appointment of interim class counsel) § 20:57 (6th ed.). In addition, the Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the proposed class. *See id.*; *see also Four In One Co. v. SK Foods, L.P.*, No. 2:08-CV-03017-MCE-EFB, 2009 WL 747160, at *1-2 (E.D. Cal. Mar. 20, 2009) ("Courts have held that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel.").

As set forth in the Motion, PERA and Labaton easily satisfy these standards. *See* Motion at 3-4. Not only did PERA and Labaton conduct an extensive investigation and draft the TAC and the class claim, they have also demonstrated their willingness and ability to serve as Lead Plaintiff and Lead Counsel on behalf of the Proposed Class in these Chapter 11 Cases since their commencement. *See id.* at 4. Their substantial involvement through plan confirmation and throughout the post-confirmation period demonstrates that they have been and continue to be

---

[5] The Reorganized Debtors complain, "Although the Motion seeks to have PERA appointed 'lead plaintiff,' it fails to disclose or describe what PERA actually contends that means in the context of the Chapter 11 Cases." Reorganized Debtors' Objection at 13. But what PERA intends to do is no secret. Pursuant to Rule 23(g)(3), PERA seeks to defend the TAC and otherwise represent the interests of the Proposed Class as a fiduciary until class certification is granted.

3

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 4 of 12

willing to commit considerable resources to representing the interests of the Proposed Class. *See id.* at 4; *see also In re PG&E Corp.*, No. 19-30088-DM, 2021 WL 666333, at *1 (Bankr. N.D. Cal. Feb. 17, 2021) (allowing a significant award to PERA and its professionals in recognition of their "substantial contribution" to these Chapter 11 Cases). There is no reason to doubt they will continue to do so. *See* Motion at 4. Indeed, the Court already determined that PERA and Labaton "will adequately represent the class." *Id.* at 3 (quoting Sept. 12, 2023 Hr'g Tr. at 10:24–25).

Tellingly, although PERA cited Rule 23(g)(3) on the first page of the Motion (*see* ECF No. 14169 at 1 n.2), the Reorganized Debtors completely ignore it. The Reorganized Debtors argue, "PERA's Motion cites no authority whatsoever authorizing the appointment of a lead plaintiff in the Chapter 11 context." Reorganized Debtors' Objection at 9. But the Court has the authority to appoint a lead plaintiff under both Rule 23, which the Court has now applied here, and Bankruptcy Code § 105(a). Section 105(a)—*i.e.*, the "All Writs" provision of the Bankruptcy Code (*In re G-1 Holdings, Inc.)*, 318 B.R. 66, 69 n.1 (D. N.J. 2004)—authorizes this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code (11 U.S.C. § 105(a)). *See also* 2 Collier on Bankruptcy, ¶ 105.01 (15th Ed. Rev'd) ("The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 874 (9th Cir. 2005) ("[T]he bankruptcy court may use its inherent equitable power to fashion relief, so long as the remedy is consistent with the objectives of the Bankruptcy Code").[6]

---

[6] The Reorganized Debtors spill much ink arguing that PERA has not complied with the lead plaintiff appointment process under the Private Securities Litigation Reform Act of 1995 ("**PSLRA**"). *See* Reorganized Debtors' Objection at 5-6, 12-14. But that is a red herring. PERA does not seek appointment pursuant to the PSLRA, which is not applicable to these Chapter 11 Cases. The PSLRA is explicitly limited to private actions "brought as a plaintiff class action pursuant to the Federal Rules of ***Civil*** Procedure." 15 U.S.C.A. § 78u-4(a)(1). These Chapter 11 Cases were brought and are governed by the Federal Rules of ***Bankruptcy*** Procedure, including Bankruptcy Rule 7023 (and therefore Rule 23), which the Court has made applicable here. Indeed, nowhere does the Motion mention the PSLRA. *See also* ECF No. 14071 at 4 n.5 (RKS Claimants agreeing these Chapter 11 Cases are not governed by the PSLRA).

4

PERA's Memorandum of Points and Authorities in Further Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 5 of 12

Similarly, the Reorganized Debtors' argument that PERA was required to serve the Motion on all Securities Claimants (*see* Reorganized Debtors' Objection at 10-11) is misguided and ignores the procedural posture of these Chapter 11 Cases. As an initial matter, the Motion was served in accordance with this Court's local rules and received by all parties appearing in the Chapter 11 Cases.[7] In addition, unlike other provisions of Rule 23, Rule 23(g)(3) does not contain any notice requirement. In any event, as part of the Rule 23 process, all Securities Claimants will be provided with a right to opt-out of any class certified at a later date. Indeed, there is no *harm* to Securities Claimants by having PERA serve as Lead Plaintiff and Labaton as Class Counsel and advocating on their behalf in support of the allegations contained in the TAC, which allegations the Securities Claimants directly or indirectly adopted. Moreover, nothing in the Motion precludes Securities Claimants from participating in the ADR Procedures or otherwise settling their claims with the Reorganized Debtors. Accordingly, the relief requested in the Motion is entirely consistent with the Court's ruling to allow the ADR Procedures to continue in parallel with the Rule 23 process.

PERA's most recent motion to apply Rule 23 to the unresolved Securities Claims in the Chapter 11 Cases expressly provided, "To be clear, granting this Motion will not prevent resolution of Securities Claims via the ADR Procedures. Those Securities Claimants who would rather go it alone and expend the costly resources to pursue their claims may do so, while allowing potentially thousands of other Securities Claimants to resolve their claims under the standard process for litigating class claims under the federal securities laws: the certification of a class under Rule 23." ECF No. 13865 at 2. Accordingly, in its oral ruling granting that motion, the Court stated that the ADR Procedures would proceed in "parallel" with any class procedures. *See* Reorganized Debtors' Objection at 1-2. Nothing in the instant Motion changes that.

The Reorganized Debtors argue "it is clear" that PERA intends to "use the lead plaintiff label to attempt to intercede" in the settlement process with respect to claims other than its own. Reorganized Debtors' Objection at 11. But PERA does not intend to improperly intercede in the

---

[7] *See* Local Bankruptcy Rule 9013-3(c) (Service by Electronic Filing).

5

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 6 of 12

ADR Procedures and there is zero evidence that PERA would do so.[8] Rather, what is clear is that the Reorganized Debtors, by opposing the Motion, seek to deny putative class members (Securities Claimants with unresolved claims) the representation to which they are entitled.

2. **The Motion Is Not Based on the False Premise that the Court Has Already Certified the Proposed Class**

The Reorganized Debtors argue that the premise of the Motion is "false" because "no class has been certified and PERA represents no securities claims other than its own." Reorganized Debtors' Objection at 9, 13. But the Reorganized Debtors have it backwards. The Motion is explicitly premised on the fact that the proposed class has **not** yet been certified. For example, it defines and repeatedly refers to the "Proposed Class," acknowledging that the class has not yet been certified. *See* Motion at 1 (repeatedly referring to the "Proposed Class") and n.1 (defining the "Proposed Class"). Indeed, the appointment of a lead plaintiff and lead counsel to represent the Proposed Class is particularly appropriate where, as here, the Reorganized Debtors insist that the Court will not rule on class certification until after "discovery and pre-certification briefing," which will likely be months from now. *See* Reorganized Debtors' Objection at 13 (quoting Sept. 12, 2023 Hr'g Tr. at 8:13).

B. **The RKS Objection Should Be Rejected**

The RKS Claimants' arguments largely overlap with the Reorganized Debtors' meritless arguments. Moreover, the RKS Objection should be rejected for the independent reason that they lack standing to object to the Motion. To have standing to object, the RKS Claimants "must meet three requirements: (1) they must meet statutory 'party in interest' requirements under § 1109(b) of the bankruptcy code; (2) they must satisfy Article III constitutional requirements; and (3) they must

---

[8] In contrast, the omnibus objection process is not a creature of the ADR Procedures. Rather, as the Reorganized Debtors themselves note, the omnibus objection process is "well established" in the Federal Rules of Bankruptcy Procedure. Reorganized Debtors' Objection at 6. As such, PERA reserves all rights to object to the Reorganized Debtors' omnibus objections, consistent with its fiduciary duties to the Proposed Class. Although, as the Reorganized Debtors note, this Court has previously ruled that PERA does not have standing to respond to omnibus objections as to claims other than its own (*see* Reorganized Debtors' Objection at 12), that was before PERA moved for lead plaintiff appointment. If the Court grants the Motion, then PERA will have representative standing to "to act on behalf of" members of the Proposed Class (Fed. R. Civ. P. 23(g)(3)) and respond to the objections that the Reorganized Debtors assert against them, including the Sufficiency Objection challenging the TAC [ECF No. 14200].

6

PERA's Memorandum of Points and Authorities in Further Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 7 of 12

meet federal court prudential standing requirements." *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012). The RKS Claimants bear the burden of proving they meet all three requirements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The RKS Claimants cannot show an entitlement to object to the Motion under any of these requirements.

First, the RKS Claimants do not qualify as parties in interest with respect to the Motion under Bankruptcy Code § 1109, and any relief the Court grants regarding the Motion will not affect the RKS Claimants' rights or interests. Indeed, not only are the RKS Claimants unaffected by the relief requested through the Motion because of their presumptive opt-out status, but also because they are explicitly excluded from the Proposed Class. *See* note 2, *supra*. As such, the RKS Claimants are not parties-in-interest and do not have standing to object to the Motion.[9]

For the same reasons, the RKS Claimants do not hold a financial stake in the outcome of the Motion and will not be impacted by any relief granted in connection with the Motion under any circumstances. Accordingly, the RKS Claimants cannot meet the second or third requirements for standing. *See Thorpe*, 677 F.3d at 887 ("Article III standing exists where the participant holds a financial stake in the outcome of the proceeding such that the participant has an appropriate incentive to participate in an adversarial form to protect his or her interests."); *see also In re Chiu*, 266 B.R. 743, 749 (B.A.P. 9th Cir. 2001) (noting prudential standing requires "an interest that is arguably within the zone of interests protected or regulated by the statute in question" which is "analogous to statutory standing").

## CONCLUSION

For the foregoing reasons, the Court should reject the Objections and grant the Motion.

Dated: January 17, 2024

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: */s/ Thomas A. Dubbs*
Thomas A. Dubbs (*pro hac vice*)

---

[9] The Court should apply the same reasoning to the RKS Claimants' standing to object to the Motion as it has previously in determining that PERA cannot respond to objections to securities claims where PERA's individual claim is not objected to. *See* Section A(2), *infra*.

7

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 8 of 12

*Lead Counsel to Securities Lead Plaintiff and the Class*

- and –

**MICHELSON LAW GROUP**
*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**LOWENSTEIN SANDLER LLP**

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

8

PERA's Memorandum of Points and Authorities in Further Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088    Doc# 14281    Filed: 01/17/24    Entered: 01/17/24 15:41:06    Page 9 of 12

<u>**EXHIBIT A**</u>

**COUNSEL**

| | |
|---|---|
| **LABATON KELLER SUCHAROW LLP**<br>Thomas A. Dubbs (*pro hac vice*)<br>Carol C. Villegas (*pro hac vice*)<br>Michael P. Canty (*pro hac vice*)<br>Thomas G. Hoffman, Jr. (*pro hac vice*)<br>140 Broadway<br>New York, New York 10005<br>Telephone 212-907-0700<br>tdubbs@labaton.com<br>cvillegas@labaton.com<br>mcanty@labaton.com<br>thoffman@labaton.com<br><br>*Lead Counsel to Securities Lead Plaintiff and the Class* | **ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**<br>James M. Wagstaffe (SBN 95535)<br>100 Pine Street, Suite 2250<br>San Francisco, California 94111<br>Telephone 415-254-8615<br>wagstaffe@ammcglaw.com<br><br>*Liaison Counsel for the Class* |
| **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill (*pro hac vice*)<br>Colleen Restel<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone 973-597-2500<br>Facsimile 973-597-2333<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com<br>scargill@lowenstein.com<br>crestel@lowenstein.com<br><br>*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class* | **MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone 415-512-8600<br>Facsimile 415-512-8601<br>randy.michelson@michelsonlawgroup.com<br><br>*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class* |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Darren J. Robbins (SBN 168593)<br>Brian E. Cochran (SBN 286202)<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>Telephone 619-231-1058<br>darrenr@rgrdlaw.com<br>bcochran@rgrdlaw.com | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Willow E. Radcliffe (SBN 200089)<br>Kenneth J. Black (SBN 291871)<br>Hadiya K. Deshmukh (SBN 328118)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, California 94104<br>Telephone 415-288-4545<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com<br>hdeshmukh@rgrdlaw.com |

| | |
|---|---|
| 1 | **VANOVERBEKE, MICHAUD &** |
| 2 | **TIMMONY, P.C.**<br>Thomas C. Michaud |
| 3 | 79 Alfred Street<br>Detroit, Michigan 48201 |
| 4 | Telephone 313-578-1200<br>tmichaud@vmtlaw.com |
| 5 | *Counsel for the Securities Act Plaintiffs* |

2

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

# EXHIBIT B

# RESERVATION OF RIGHTS

PERA, on behalf of itself and the putative class in the Securities Action, do not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Action.