**Signed and Filed: January 22, 2024**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Date: January 24, 2024<br>Time: 10:00 AM<br>Via Video/Teleconference<br>www.canb.uscourts.gov/calendars |

**TENTATIVE RULING ON PERA'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

The court is satisfied by PERA's citation to and reliance upon FRCP 23(g)(3), incorporated by FRBP 7023. Neither Reorganized Debtors nor the RKS Claimants cited that rule. It states that the court "may designate interim class counsel . . .

-1-

before determining whether to certify the action as a class action." The court will rely on that authority.

While the Motion is silent in explaining authority for appointment of "lead plaintiff", it falls back on 11 U.S.C. § 105(a). It would seem anomalous to appoint an interim counsel without empowering that counsel's client to act in some consistent manner. For that reason, the Motion will be GRANTED in its entirety.

That said, it is important to restate the following. First, the Private Securities Litigation Reform Act does not apply specifically. Second, the court has twice ruled that PERA lacks standing to act on behalf of other claimants who are respondents on any of the other Reorganized Debtors' omnibus claims objections.

But it is also worth repeating that the invocation of the Rule 23 class action procedures in parallel with the very complicated and well-established claims review, objection and allowance process in this enormous case is virtually unprecedented. For that reason, the court needs further assistance on the question of just what PERA and its counsel expect to be able to do as "interim" class representatives, consistent with PERA's commitment that it does not intend "to improperly intercede in the ADR Procedures" (Dkt. 14281, at 5:25-6:1). That statement seems at odds with the accompanying statement at footnote 8 that PERA "reserves all rights to object to the Reorganized Debtors' omnibus objections."

To that end, counsel should be prepared to focus their comments at the hearing on January 24, 2024, not on the

semantics of whether or how PERA could be "lead plaintiff" and its counsel as "lead counsel" when there is no adversary proceeding, but rather on the substance of whether and what role that PERA'S counsel will have going forward before class certification in the administration of this two-track process. At the same time, counsel should not waste time reminding the court again that it has not made a final determination as to the basic elements of FRCP 23(a), none of which appear to be relevant to the question currently presented.

At that hearing, each side will have twenty minutes for oral argument. The court expects counsel for PERA to argue first and to reserve a portion of the allotted time, and expects counsel for the Reorganized Debtors and the RKS Claimants to meet and confer to decide how to divide their time.

**\*\*END OF TENTATIVE RULING\*\***

**COURT SERVICE LIST**

ECF Recipients