| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: 415 496 6723<br>Fax: 650 636 9251 | LATHAM & WATKINS LLP<br>Joshua G. Hamilton (#199610)<br>(joshua.hamilton@lw.com)<br>Michael J. Reiss (#275021)<br>(michael.reiss@lw.com)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, California 90067<br>Tel: 424 653 5500<br><br>LATHAM & WATKINS LLP<br>James E. Brandt (*pro hac vice*)<br>(james.brandt@lw.com)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212 906 1200 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*All papers shall be filed in the lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>**REORGANIZED DEBTORS' SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PERA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: January 24, 2024<br>Time: 10:00 a.m. (PT)<br>Place: (Tele/Videoconference Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit these supplemental authorities at the request of the Court at the January 24, 2024 hearing and in opposition to claimant Public Employees Retirement Association of New Mexico's ("**PERA**") *Motion For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel*, dated December 8, 2023 [Dkt. No. 14169] ("the "**Motion**").[1]

## SUPPLEMENTAL AUTHORITY

**Cases From The United States District Court For The Northern District of California**

- *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (Whyte, J.)[1] (denying interim class counsel motion, stating that ***"[w]here there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel***.") (internal quotation omitted).

- *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1-2 (N.D. Cal. Aug. 18, 2014) (Freeman, J.) (denying interim class counsel motion because appointment of such counsel is only appropriate in "***special circumstances***" and the "typical situation requiring appointment of interim counsel is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court.") (emphasis added) (citation omitted).

- *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (Alsup, J.) (denying motion to appoint interim class counsel because "there is a single action and a single law firm who has moved

---

[1] As requested by the Court, these authorities address only the issue of whether applying Rule 23(g)(3) is appropriate here, but for the reasons stated in the Reorganized Debtors' papers and at the January 24, 2024 hearing, even if the Court were to find that Rule 23(g)(3) applies, there is no basis in law to allow PERA to respond to the Reorganized Debtors' sufficiency objections on behalf of other securities claimants.

to be appointed as interim counsel. There are not multiple complaints, ***nor is there a gaggle of law firms jockeying to be appointed class counsel.*** No consolidation with other actions is on the horizon.") (emphasis added).

- *Bielski v Coinbase, Inc.*, No. C 21-07478 WHA, 2022 WL 17650535, at *2–3 (N.D. Cal. Dec. 13, 2022) (Alsup, J.) (denying interim class counsel motion and holding that "the typical situation requiring appointment of interim class counsel is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court.").

- *In re LinkedIn Advert. Metrics Litig.*, No. 20-cv-08324-SVK, 2021 WL 1599289, at *1 (N.D. Cal. Apr. 23, 2021) (Van Keulen, J.) (denying motion because case "does not present ***special circumstances*** warranting the appointment of interim class counsel" and "the Court sees no danger to the interests of the putative class that appointment of interim counsel will remedy") (emphasis added).

- *In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14, 2020) (Freeman, J.) (denying motion where only one law firm sought interim class counsel appointment and the "parties have not identified any other related lawsuits or the potential for additional attorneys to enter the fray.").

- *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-cv-03184-HSG, 2020 WL 6081722, at *1 (N.D. Cal. Oct. 15, 2020) (Gilliam Jr., J.) (denying motion, noting that "[a]lthough counsel credibly address the four factors under Rule 23(g)(1)(A), they fail to explain, as a threshold matter, why the appointment of interim counsel is necessary at this stage to protect the interests of the putative class. Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel.").

- *Imran v. Vital Pharms., Inc.*, No. 18-cv-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (Tigar, J.) (denying motion where "Plaintiffs do not indicate that these appointments are required to resolve any rivalry between the involved firms, nor any uncertainty as to their respective roles.") (internal quotation omitted).

- *In re Nissan N. Am., Inc. Litig.*, No. 18-cv-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (Gilliam, Jr., J.) (denying motion because "there is no conflict or discord among counsel" and "[t]here is no rivalry between the firms or signs that a rivalry exists").

- *Letizia v. Facebook Inc.*, No. 16-cv-06232-TEH, 2017 WL 1477158, at *3 (N.D. Cal. Apr. 25, 2017) (Henderson, J.) (denying interim class counsel motion and distinguishing cases that granted motions, holding after "closer examination" that "[w]here there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel") (citation omitted).

- *Kristin Haley v. Macy's, Inc.*, No. 15-cv-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) (Gilliam, Jr., J.) (denying interim class counsel motion because "there exists a single consolidated action for which Plaintiffs intend to file a consolidated complaint" and "there is no gaggle of law firms jockeying to be appointed class counsel…, no rivalry between the firms") (internal quotations omitted).

- *Ramirez v. Trans Union, LLC*, No. 3:12-cv-00632 JSC, 2013 U.S. Dist. LEXIS 37186, at *3 (N.D. Cal. Mar. 13, 2013) (Corley, M.J.) (denying motion, holding "that appointment of interim class counsel is unnecessary" where "neither counsel for Plaintiff nor counsel for Defendant are aware of any suits challenging Trans Union's

OFAC practice other than those brought by Plaintiffs' counsel," citing the Manual for Complex Litigation § 21.11).

- *Wang v. OCZ Tech. Group, Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (Grewal, M.J.) (denying motion over plaintiff's argument that Rule 23(g)(3) does not require "competing counsel" and holding that "[i]nstances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court").

- *Nutz for Candy v. Ganz, Inc.,* No. C 08-2873 JSW, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008) (White, J.) (denying motion because "this Court has a single action and a single firm seeking to be appointed interim lead counsel").

- *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003) (Illston, J.) (denying motion because "appointment of lead counsel is premature" where "[n]o competition exists among counsel that requires refereeing by the Court, and no class has yet been certified").

**Select Cases From Other Courts Within The Ninth Circuit**

- *Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-TLN, JDP, 2022 WL 956872, at *1 (E.D. Cal. Mar. 30, 2022) (denying motion because "there is no indication rival cases exist that might justify appointing interim counsel.").

- *Tokarski v. Med-Data, Inc.*, No. 2:21-cv-00631-TL, 2022 WL 815882, at *3–4 (W.D. Wash. Mar. 17, 2022) (denying interim class counsel motion and recognizing that "appointment of interim class counsel usually occurs where suits may or have been consolidated").

- *White v. TransUnion, LLC.,* 239 F.R.D. 681, 683-84 (C.D. Cal. 2006) (denying interim class counsel motion and recognizing that "those cases in which interim

counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court.").

**Select Cases From Outside The Ninth Circuit Finding The Appointment Of "Interim Counsel" Inappropriate Under Similar Circumstances**

- *Mey v. Patriot Payment Group, LLC*, No. 5:15-cv-27, 2016 WL 11501481, at *1–3 (N.D.W.V. Jan. 5, 2016) (denying motion because "only one firm is competing for interim class counsel appointment[, t]hus *the requisite rivalry or uncertainty does not exist*," and explaining that "[f]or the *plaintiff's counsel to essentially commandeer* another firm's case in another court when there is no apparent need and there has been no coordination pertaining thereto would be inappropriate." And further stating that "courts that have addressed the question of interim class counsel *have generally deemed it necessary that consolidation of multiple actions take place prior to appointment of interim class counsel*") (emphases added) (collecting cases).

- *Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (denying interim class counsel motion because "appointment of interim counsel is not appropriate where, as here, a single law firm has brought a class action and seeks appointment as class counsel") (emphasis added) (collecting cases).

- *Sullivan v. Barclays PLC,* No. 13 cv 2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (denying interim lead counsel motion because "courts will appoint interim class counsel *only in the event that there are* a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, with *multiple attorneys vying for class counsel appointment*," and "[w]hen a putative class action consists of a single case brought by two law firms

working in apparent harmony, . . . ***[s]uch an appointment could also preemptively limit a full airing and evaluation of the appointment of class counsel***") (emphases added) (collecting cases) (internal quotation removed).

**The Three 23(g)(3) Cases That PERA Cited In Its Reply Brief In Support Of Appointment Of "Interim Counsel"**

- *Taylor v. Schneider Nat'l Carriers, Inc.,* No. 10-cv-923-GHK (JEMx), 2010 WL 11515254, at *2 (C.D. Cal. Oct. 27, 2010) (granting interim class counsel motion where counsel for plaintiffs in two, separately filed, class actions "both filed Applications concerning which of them should be appointed interim class counsel" and in connection with a plan to "file a consolidated amended class action complaint").

- *Four In One Co. v. SK Foods, L.P.,* No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *1–2 (E.D. Cal. Mar. 20, 2009) (granting interim class counsel motion where the court consolidated four class action complaints and, after asking the parties to "jointly come to a representational consensus," "no such uniform consensus arose as a result of discussion between counsel").

- *In re Wachovia Corp. ERISA Litig.,* No. 08-cv-5320 (NRB), 2008 WL 5459852, at *1–2 (S.D.N.Y. Dec. 24, 2008) (granting interim class counsel motion where at least four different plaintiffs who had filed complaints in an ERISA action each moved to appoint a different interim class counsel in the consolidated action).

**Rules and Secondary Sources On "Interim Counsel"**

- Fed. R. Civ. P. 23 Advisory Committee Notes to 2003 Amend. (explaining the reason for Rule 23(g)(3), stating: "In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- *Procedures governing appointment of class counsel under Rule 23(g)—Appointment of interim counsel*, Newberg and Rubenstein on Class Actions § 3:85 (6th ed. 2023) (noting that appointment of interim counsel may be "appropriate when there is rivalry or uncertainty because multiple lawyers are competing to represent the class. Thus, when only one set of lawyers represents the putative class, or only one case has been filed, courts tend to deny motions for appointment as interim counsel").

- *Initial Case-Management Orders*, Manual for Complex Litig. § 21.11 (4th ed. 2004) ("If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment").

Dated: January 26, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*

Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*