**LABATON KELLER SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

*(additional counsel on Exhibit A)*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**PERA'S SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date: January 24, 2024<br>Time: 10:00 a.m. (PT)<br>Before: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, California 94102 |

PERA'S SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088   Doc# 14297   Filed: 01/29/24   Entered: 01/29/24 13:13:48   Page 1 of 7

Claimant Public Employees Retirement Association of New Mexico (**"PERA"**), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Action**") pending in the U.S. District Court for the Northern District of California, hereby submits these supplemental authorities in further support of its motion for entry of an order appointing PERA as Interim Lead Plaintiff to represent the Proposed Class in connection with the unresolved Securities Claims and the pending sufficiency objections related thereto in these Chapter 11 proceedings and appointing Labaton as Interim Class Counsel.

## SUPPLEMENTAL AUTHORITY

PERA submits the below supplemental authorities in response to the Reorganized Debtors' statements that it is "completely unheard of" for interim counsel to be appointed under Rule 23(g)(3) where there is no rivalry among counsel and "there's no support in the Federal Rules for that." (Transcript of Oral Argument at 18:21, 23:16 (Jan. 24, 2024)). Far from "zero" authority (*id.* at 22:6-14), there is substantial authority from this Circuit and others for the relief requested.

**Select Cases From The United States District Court For The Northern District of California Appointing Interim Counsel Under Rule 23(g)(3) Where There Was No Counsel Rivalry**

- *Barrett v. Apple Inc.*, No. 20-CV-04812-EJD, 2023 WL 4335292, at *1 (N.D. Cal. Feb. 17, 2023) (Davila, J.) (appointing interim counsel based on "their skill shown to date, and knowledge and experience in the kind of case before the Court," as well as the court's finding "that the resources their firms possess [are] adequate").
- *Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-CV-04303-WHO, 2020 WL 10964876, at *4 (N.D. Cal. Oct. 2, 2020) (Orrick, J.) (appointing interim counsel, stating "I am not persuaded by PHH's argument that interim class counsel may only be appointed where there is rivalry between counsel").
- *Bartling v. Apple Inc.*, No. 5:18-CV-00147-EJD, 2018 WL 4804735, at *2-3 (N.D. Cal. Apr. 27, 2018) (Davila, J.) (appointing interim counsel to, *inter alia*, "negotiate with defense counsel with respect to settlement and other matters," noting that

1

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14297    Filed: 01/29/24    Entered: 01/29/24 13:13:48    Page 2 of 7

- "[n]othing herein shall limit Defendant's right to oppose the certification of any class or the final appointment of any class representative or class counsel").

- *Gallagher v. Bayer AG*, No. 14-04601-WHO, 2015 WL 4932292, at *7-8 (N.D. Cal. Aug. 18, 2015) (Orrick, J.) (appointing interim counsel, rejecting the defendant's argument that there were "no other suits involving these claims pending before another court, and thus no concerns of overlapping duplicative, or competing class suits," citing "several cases in which courts have appointed interim class counsel in the absence of other class suits").

- *Flores v. Velocity Express, Inc.*, No. 12-CV-05790-JST, 2013 WL 2468362, at *10 (N.D. Cal. June 7, 2013) (Tigar, J.) (appointing interim counsel where "counsel have already committed resources to representing the class, and there is no suggestion that this will not continue to be the case").

**Select Cases From Other Courts Within The Ninth Circuit Appointing Interim Counsel Under Rule 23(g)(3) Where There Was No Counsel Rivalry**

- *Razo v. AT&T Mobility Servs., LLC*, No. 120CV00172NONEHBK, 2021 WL 4988866, at *1 (E.D. Cal. Oct. 27, 2021) (appointing interim counsel, noting that "Judge Orrick declined to limit the reach of Rule 23(g) only to those cases where there is rivalry among competing class counsel," citing *Torliatt*, 2020 WL 10964876 at *4); *see also id.* at *2 (citing *Gallagher*, 2015 WL 4932292, at *7-8).

- *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *2 (W.D. Wash. Sept. 22, 2020) ("The Court does not find the absence of any competing cases or applications for appointment of counsel particularly helpful to the resolution of plaintiff's motion. As reflected in the parties' briefing, district courts routinely reach opposite conclusions under these same circumstances."); *see also id* at *3 ("Microsoft also states an appointment would imply the propriety of class litigation and suggests it would improperly "cloak" a case subject to arbitration with a 'veneer of class status.' Yet, Microsoft does not identify any tangible

2

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14297    Filed: 01/29/24    Entered: 01/29/24 13:13:48    Page 3 of 7

prejudice it would suffer through the appointment of interim lead and liaison counsel.") (citing *Gallagher*, 2015 WL 4932292 at *7-8).

- *Cardoza v. Bloomin' Brands Inc.*, No. 13-cv-1820-JAD-NJK, 2014 WL 5454178, at *7 n.43 (D. Nev. Oct. 24, 2014) (appointing interim counsel, rejecting the defendants' argument that "no other counsel is attempting to litigate the same or overlapping claims," reasoning, "I do not respond to these objections in the main script because they are patently thin arguments, which seem to exist more for the sake of making some objection than because the defense really believes they are grounds for refusing interim appointment to plaintiffs' law firms").

**Select Cases From Outside The Ninth Circuit Appointing Interim Counsel Under Rule 23(g)(3) Where There Was No Counsel Rivalry**

- *Chen v. Target Corp.*, No. CV 21-1247 (DWF/DTS), 2021 WL 6063632, at *1-2 (D. Minn. Dec. 22, 2021) (appointing interim counsel, rejecting the defendant's argument that there was "no apparent reason to protect the class when there is no rivalry or uncertainty" among counsel, finding there was "no downside to appointing interim class counsel at this stage in the proceedings."
- *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 WL 3159875, at *1, (D. N.J. Mar. 27, 2018) (appointing interim counsel, reasoning that "neither the Advisory Notes nor the Rule provide that 'rivalry or uncertainty' is a requirement for appointment of interim class counsel; rather it is included as one of several circumstances that may require appointment of interim class counsel").
- *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146 (DMC)(JAD), 2010 U.S. Dist. LEXIS 151733 at *6-7 (D. N.J. Nov. 1, 2010) (same).

**Rules and Secondary Sources On "Interim Counsel"**

- Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.").

3

- "Designation of interim counsel pending certification determination," 6A Fed. Proc., L. Ed. § 12:290 (Nov. 2023 Update) ("[T]he appointment of interim class counsel may be helpful in clarifying responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlements.").

**The Rule 23(g)(3) Cases That PERA Cited In Its Reply Brief**

- PERA previously cited *Taylor v. Schneider National Carriers, Inc.,* No. 10-cv-923-GHK (JEMx), 2010 WL 11515254, at *2 (C.D. Cal. Oct. 27, 2010), and *In re Wachovia Corp. ERISA Litig.,* No. 08-cv-5320 (NRB), 2008 WL 5459852, at *1–2 (S.D.N.Y. Dec. 24, 2008), for the proposition that the Court should appoint PERA as interim lead plaintiff if it appointed Labaton as interim lead counsel. *See* ECF 14281 at 2-3.

- PERA previously cited *Four In One Co, Inc.*, *v. SK Foods, L.P.,* No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *1–2 (E.D. Cal. Mar. 20, 2009), for the non-controversial proposition that "[c]ourts have held that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel." *See* ECF No. 14281 at 3.

Dated: January 29, 2024                    Respectfully submitted,

**LABATON SUCHAROW LLP**

By: /s/ Thomas A. Dubbs
Thomas A. Dubbs (*pro hac vice*)
*Lead Counsel to Securities Lead Plaintiff and the Class*

- and –

**MICHELSON LAW GROUP**
*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

4

PERA's Memorandum of Points and Authorities in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel [Case No. 19-30088 (DM) (Lead Case)]

Case: 19-30088    Doc# 14297    Filed: 01/29/24    Entered: 01/29/24 13:13:48    Page 5 of 7

- and -

**LOWENSTEIN SANDLER LLP**

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

5

PERA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL [CASE NO. 19-30088 (DM) (LEAD CASE)]

Case: 19-30088    Doc# 14297    Filed: 01/29/24    Entered: 01/29/24 13:13:48    Page 6 of 7

**EXHIBIT A**

**COUNSEL**

| | |
|---|---|
| **LABATON KELLER SUCHAROW LLP**<br>Thomas A. Dubbs (*pro hac vice*)<br>Carol C. Villegas (*pro hac vice*)<br>Michael P. Canty (*pro hac vice*)<br>Thomas G. Hoffman, Jr. (*pro hac vice*)<br>140 Broadway<br>New York, New York 10005<br>Telephone 212-907-0700<br>tdubbs@labaton.com<br>cvillegas@labaton.com<br>mcanty@labaton.com<br>thoffman@labaton.com<br><br>*Lead Counsel PERA and the Proposed Class in the Securities Action* | **ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**<br>James M. Wagstaffe (SBN 95535)<br>100 Pine Street, Suite 2250<br>San Francisco, California 94111<br>Telephone 415-254-8615<br>wagstaffe@ammcglaw.com<br><br>*Liaison Counsel for PERA and the Proposed Class in the Securities Action* |
| **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin *(pro hac vice)*<br>Andrew Behlmann *(pro hac vice)*<br>Scott Cargill<br>Colleen Restel<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone 973-597-2500<br>Facsimile 973-597-2333<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com<br>scargill@lowenstein.com<br>crestel@lowenstein.com<br><br>*Special Bankruptcy Counsel for PERA* | **MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone 415-512-8600<br>Facsimile 415-512-8601<br>randy.michelson@michelsonlawgroup.com<br><br>*Local Bankruptcy Counsel for PERA* |