Signed and Filed: January 30, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                         ) Bankruptcy Case
                                               ) No. 19-30088-DM
PG&E CORPORATION,                              )
                                               ) Chapter 11
        - and -                                )
                                               ) Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,              )
                                               )
        Reorganized Debtors.                   )
                                               )
☐ Affects PG&E Corporation                     )
☐ Affects Pacific Gas and                      )
    Electric Company                           )
☒ Affects both Debtors                         )
                                               )
* *All papers shall be filed in                )
the Lead Case, No. 19-30088 (DM).*             )
                                               )
                                               )

**ORDER GRANTING MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

By its tentative ruling on PERA's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (the "Motion"), the court indicated its tentative approval of PERA and its counsel even though there has not yet been class certification and notwithstanding the decision to preclude

-1-

discovery for now (See *Order Denying Requests for Limited Discovery* at Dkt. 14292).

At the conclusion of the hearing on January 24, 2024, the court authorized supplemental briefs from both sides. It has now considered the *Reorganized Debtors' Supplemental Authorities in Opposition to PERA's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel* (Dkt. 14296) and *PERA's Supplemental Authorities in Further Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel* (Dkt. 14297). It will adhere to the tentative ruling.

The plain language of Fed. R. Civ. P. 23(g)(3) states that the power to appoint interim counsel is permissive and within the discretion of the court. There is no support for the suggestion that this power is only available in situations where there are multiple counsel competing for the position. Finally, the use of the term "plaintiff" rather than something like "claimant" is nothing more than semantics given that class actions such as this are so rare in bankruptcy.

Perhaps the most telling argument here is found in decisions by several different judges in this district. Some cited by Debtors in their most recent filing acknowledge that interim class status may be "only appropriate in special circumstances" (*Next Labs Litig*); "case does not present special circumstances" (*LinkedIn Advert. Metrics Litig*); "necessary at this stage to protect the interests of the putative class" (*S.C. Johnson & Son, Inc. Windex Non-Toxic Litig*), and referring to the "typical situation requiring interim appointment of interim class counsel" (*Bielski v. Coinbase, Inc.*).

The unusual situation presented here is a fully underway bankruptcy claims objection process with nearly 2000 unresolved claims (many of which are held by *pro se* parties), running parallel to a Rule 23 class action proceeding. This is the quintessential poster child presenting the special circumstances that require the Motion to be granted so that the interests of a substantial group of claimants can be served more efficiently and effectively.

The Motion is GRANTED.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

ECF Recipients