WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO TWENTY-EIGHTH SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>**[Related to Docket No. 14183]**<br><br>Date: February 13, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>    United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Twenty-Eighth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14183] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim (the "**Claims**") that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. The Claimants whose claims are subject to the Objection had the opportunity, after notice, to amend their Claims or adopt the pleadings of other claimants. None of the Claimants whose Claims are subject to the Objection did so. The Claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

Nine Claimants whose claims are subject to the Objection responded to the Objection (the "**Responding Claimants**")—six formally and three informally.[1] One of the Responding Claimants and

---

[1] One Claimant whose Claim is subject to the Objection filed a letter on the docket responding to the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], but which was docketed as a response to the Objection (*see* Docket No. 14299). Regardless, Claimant's letter asserts that she no longer wishes to prosecute her Claim. *Id.* at 1 ("I am not interested in pursuing any litigation against PG&E. . . ."). Therefore, the Court should expunge and disallow this Claim for the reasons set forth in the Objection. Further, and as noted below, one Claimant filed a response on behalf of three unique, but apparently related Claimants. *See* Docket No. 14294. For purposes of this report, the Reorganized Debtors treat this as a single response to the objection and not three separate responses.

a number of other Claimants whose Claims are subject to the Objection contacted the Reorganized Debtors in connection with the settlement offers made pursuant to the ADR Procedures and have resolved their Claims with the Reorganized Debtors. The Reorganized Debtors are withdrawing the Objection with respect to these now-resolved Claims. Certain of the Responding Claimants have contacted the Reorganized Debtors in connection with the outstanding offers made by the Reorganized Debtors pursuant to the ADR Procedures, but those Claims are not resolved. The Reorganized Debtors are continuing the Objection with respect to those Claims to allow the parties the further opportunity to reach a settlement.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Twenty-Eighth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14185] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Twenty-Eighth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14184] (the "**McWilliams Declaration**"). The Objection, the Notice of Hearing, and the McWilliams Declaration were served as described in the Certificate of Service of Nathan Chien, filed on January 6, 2024 [Docket No. 14255] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received the following formal and informal responses:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Morgan, Joseph P. | 98799 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Madden, Michael D. D. | 104054 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

| Claimant | Claim No. | Resolution |
|---|---|---|
| Oberndorfer, Ron H. | 103585; 103535 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Oberndorfer, Eric, I. TTEE | 104040 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Cookson, Carole B. | 98699 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Rowins, James A. & Dorothy A.[2] | 105374 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| James A. Rowins CUST[2] | 105375 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Rowins, Dorothy A.[2] | 105188 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Canepa, Gordon | 102165 | Claimant informally responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Rossi, Anthony L. | 100855 | Claimant informally responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

---

[2] Claimant James A. Rowins filed a single response with respect to three Claims filed by three unique, but apparently related, Claimants. *See* Docket No. 14294.

| Claimant | Claim No. | Resolution |
|---|---|---|
| Moeller, Justin | 103702 | Claimant informally responded to the Objection. Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

In addition, the Reorganized Debtors are withdrawing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Tolsdorf, Judith C. | 104387; 104516 | Claimant and Reorganized Debtors have resolved the Claims that are subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Dudelston, Bonnie L. | 105149 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Margaret L Carvelli Trust | 104597 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Downsbrough, Tamara Arpaszew | 101555 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Frank F. Tolsdorf Credit Shelter Trust | 104514 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Brown, Bill | 103062 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Robert F & Joan L Miller Rev Trust Joan L Miller Trustee Robert F Miller Trustee | 103232 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Ng, Freddy S. | 102932 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

| Claimant | Claim No. | Resolution |
|---|---|---|
| Hamberg, Gilbert L. & Elizabeth G. | 98222 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Norton, Barbara L. | 101522 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Berkelhammer, Jonathan | 106150 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Gerald E. Anderson TTEE | 105254 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated: February 2, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*