**Michael S. Etkin**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**:  973 597 2312
**F**:  973 597 2313
**E**:  metkin@lowenstein.com

February 7, 2024

<u>VIA ECF</u>

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re:  *In re PG&E Corporation and Pacific Gas and Electric Co.*
(the "Reorganized Debtors")/Case No. 19-30088 (DM) (Jointly Administered)

Dear Judge Montali:

As you know, we serve as lead counsel and bankruptcy counsel, respectively, to the Public Employees Retirement Association of New Mexico ("<u>PERA</u>"), which is the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "<u>Securities Ligation</u>"), pending in the U.S. District Court for the Northern California, on behalf of itself and the proposed class it represents in the Securities Litigation.

Now that the Court has entered its *Order Granting Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel*, dated January 31, 2023 (Dkt. No. 14300) (the "<u>Appointment Order</u>"), we write to request that the Court schedule a status conference to discuss revising the current briefing schedule with respect to various omnibus objections filed by the Reorganized Debtors challenging the merits of hundreds of securities claims (the "<u>Sufficiency Objections</u>").  We respectfully submit that in order to properly fulfill the Court's mandate "so that the interest of a substantial group of claimants can be served more efficiently and effectively," an adjustment to the schedule is required. To be clear, we do not intend to extend the current briefing schedule beyond the current April 30, 2024, deadline for the Reorganized Debtors to file a reply to the last Sufficiency Objection.

The chart below sets forth the Sufficiency Objections to which PERA seeks to file responses, as well as the current response deadline and currently scheduled hearing date for each of the Sufficiency Objections:

| Sufficiency Objections | Response Deadline | Hearing Date |
|---|---|---|
| 28th Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)[1] | Jan. 20, 2024 | Feb. 13, 2024 (Order entered Feb. 5, 2024) |
| 29th Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)[2] | Feb. 13, 2024 | Feb. 27, 2024 |
| 30th Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Noteholder Securities Claims)[3] | Feb. 13, 2024 | Feb. 27, 2024 |
| 31st Securities Claims Omnibus Objection (Insufficient Substantive Allegation and Securities ADR No Liability Claims)[4] | Feb. 13, 2024 | Feb. 27, 2024 |
| 32nd Securities Claims Omnibus Objection (insufficient Substantive Allegations and Voluntary Release Claims)[5] | Feb. 13, 2024 | Feb. 27, 2024 |
| 33rd Securities Omnibus Claims Objection to PERA and Securities Act Plaintiffs' TAC, Including to Certain Claimants That Adopted the TAC[6] | March 15, 2024[7] | TBD |
| 36th Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)[8] | Feb. 13, 2024 | Feb. 27, 2024 |
| 37th Securities Claims Omnibus Objection (Insufficient Substantive | Feb. 27, 2024 | March 12, 2024 |

---

[1] Dkt. No. 14183.
[2] Dkt. No. 14186.
[3] Dkt. No. 14189.
[4] Dkt. No. 14193.
[5] Dkt. No. 14196.
[6] Dkt. No. 14200.
[7] Response deadline established pursuant to *Order Setting Deadlines in Connection with Reorganized Debtors' Motions to Dismiss* [Dkt. No. 14247].
[8] Dkt. No. 14210.

| | | |
|---|---|---|
| *Allegations Claims)*[9] | | |
| *38th Securities Claims Omnibus Objection to Claims Filed by ISS (Insufficient Substantive Allegations and ADR No Liability Claims)*[10] | April 9, 2024[11] | March 26, 2024 |

Given the Court's recent appointment of PERA as Interim Class Plaintiff, and Labaton as Interim Class Counsel, we respectfully submit that a uniform and efficient schedule be considered. PERA intends to file substantive responses to each of the Sufficiency Objections that will apply to all remaining claimants, such as claims that allegedly fail to assert the legal and factual allegations required to plead a claim under the federal securities laws.[12]

As the Court found in the Appointment Order, "[t]he unusual situation present here is a fully underway bankruptcy claims objection process with nearly 2000 unresolved claims (many of which are held by *pro se* parties), running parallel to a Rule 23 class action proceeding. This is the quintessential poster child presenting the special circumstances that require the [appointment] Motion to be granted so that the interests of a substantial group of claimants can be serve more efficiently and effectively."[13]

Consistent with the Court's reasoning and direction, PERA seeks to serve the hundreds of *pro se* securities claimants "efficiently and effectively" by requesting that the Court find that all securities claimants are similarly situated insofar as asserting the claims set forth in PERA's Third Amended Complaint (the "TAC") are concerned, unless they have expressly indicated otherwise, and allow PERA to respond to the Sufficiency Objections on their behalf.[14] Such an omnibus response is consistent with, and a natural consequence of, the Court's finding that Bankruptcy Rule 7023 applies to the unresolved securities claims in these Chapter 11 proceedings and the entry of the Appointment Order.

---

[9] Dkt. No. 14213.
[10] Dkt. No. 14216.
[11] Appears to be an error in the notice.
[12] As discussed during prior hearings before the Court, PERA does not seek to respond to Sufficiency Objections on behalf of securities claimants who are separately represented by counsel in these Chapter 11 proceedings. Nor does PERA seek to represent securities claimants with respect to specific non-securities law related objections (e.g., failure to respond to settlement offers, voluntary release of claims, failure to participate in mediation).
[13] Appointment Order, at p. 3:1-8.
[14] "The sine qua non of managing complex litigation is defining the issues in the litigation." Manual for Complex Litigation, Fourth, § 11.31. "The starting place is a consolidated master complaint. Such a document can help streamline the claims." Master pleadings and dispositive motions, 3 Newberg and Rubenstein on Class Actions § 10:15 (6th ed.); *see also id*. ("The purpose of the master complaint is to enable the court to more efficiently manage pretrial proceedings.").

Permitting PERA to respond to the Sufficiency Objections on behalf of unrepresented securities claimants is particularly appropriate under the circumstances because the *Rescission or Damage Claim Proof of Claim* form completed by each of the securities claimants is based upon the TAC, requiring securities claimants to provide the relevant securities trading information based upon allegations contained in the TAC for the class period defined in the TAC. Accordingly, unrepresented securities claimants, (who are effectively absent class members) should not be required to affirmatively adopt the TAC in order to benefit from the filing of PERA's omnibus opposition.[15]

Given that the Sufficiency Objections raise, in whole or in part, substantive objections under federal securities laws to the adequacy of the allegations contained in the TAC, it is only proper for all of the Sufficiency Objections to be placed on the same briefing schedule as the sufficiency objection relating to PERA's claims (*i.e.*, a response deadline of March 15, 2024, with the Reorganized Debtors' reply brief due by April 30, 2024). Relatedly, because the response deadline for the 28th Securities Claims Omnibus Objection lapsed on January 30th (prior to the entry of the Appointment Order), PERA respectfully requests that the Court reconsider the entry of its order granting the 28th Omnibus Objection and extend the response deadline to March 15th, so that all securities claimants with pending claims are treated equitably. Indeed, the 28th Omnibus Objection targets the claims of securities claimants, many of whom are individual investors, the vast majority of whom hold claims under $100,000,[16] with claims as small as $123.00. Moreover, PERA acting on behalf of such securities claimants is aligned with the wishes of both individual and institutional investors who are not otherwise represented.[17]

We therefore respectfully request that the Court schedule a status conference at the Court's earliest convenience, preferably prior to the current February 13th response deadline for certain of the Sufficiency Objections as noted in the above chart, to address the issues raised above as we move forward into the merits-based securities claims adjudication phase of these Chapter 11 proceedings.

Due to the imminent upcoming response deadlines with respect to some of the Sufficiency Objections, we have not yet engaged in a meet and confer process with

---

[15] As the U.S. Supreme Court has held, "an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985); *see also id.* at 809 ("Unlike a defendant in a civil suit, a class-action plaintiff is not required to fend for himself. The court and named plaintiffs protect his interests.").

[16] Of the more than 200 claims on the 28th Omnibus Objection, fewer than 10 claims are for more than $100,000.

[17] *See, e.g.*, Dkt. No. 14295 (letter from individual securities claimant included in the 28th Omnibus Objection). The undersigned counsel have received numerous telephone calls and emails from securities claimants.

counsel to the Reorganized Debtors concerning the issues raised above. However, we are willing and prepared to have such discussions with counsel for the Reorganized Debtors, or any other party in interest, prior to any status conference scheduled by the Court.

Respectfully submitted,

/s/ *Thomas A. Dubbs*

Thomas A. Dubbs

/s/ *Michael S. Etkin*

Michael S. Etkin

/s/ *Randy Michelson*

Randy Michelson