# EXHIBIT 2



**FILED**
05/04/18
04:59 PM

| | |
|---|---|
| Application of Pacific Gas and Electric Company of Recover Costs Recorded in the Catastrophic Event Memorandum Account Pursuant to Public Utilities Code Section 454.9 and Forecasted Pursuant to ESRB-4. (U39E) | Application 18-03-015 (Filed March 30, 2018) |

# PROTEST
# OF THE OFFICE OF RATEPAYER ADVOCATES

## I.  INTRODUCTION

Pursuant to Rule 2.6 of the California Public Utilities Commission's Rules of Practice and Procedure, the Office of Ratepayer Advocates (ORA) hereby protests Pacific Gas and Electric Company's (PG&E) Application (A.) 18-03-015 to recover $588.296 million in costs recorded in the Catastrophic Event Memorandum Account (CEMA). PG&E additionally seeks $263 million and $291.8 million for 2018 and 2019 tree mortality and fire risk reduction activities for revenue requirement recovery. PG&E requests these amounts be subject to a two-way balancing account that would be effective starting January 1, 2018.[1]

PG&E filed its Application on March 30, 2018 and notice of the Application's filing first appeared in the Commission's Daily Calendar on April 4, 2018. This Protest is timely filed within thirty days after that date, which would be May 4, 2018.

## II.  BACKGROUND

### A.  CEMA Events

The Commission authorized the CEMA following the 1989 Loma Prieta Earthquake with Resolution E-3238 and pursuant to Public Utilities Code Section 454.9 to recover costs recorded for declared catastrophic emergencies. On June 12, 2014,

---

[1] PG&E Application, p. 4.

the Commission adopted Resolution ESRB-4, which authorized utilities to recover incremental costs for drought-mitigation efforts through the CEMA after February 18, 2014.

  B.  **Requested Recovery**

PG&E requests authorization to recover $588.296 million in revenue requirement or $528.5 million in CEMA-eligible incremental expense-related costs and $114.2 million in CEMA-eligible incremental capital costs for nine historic catastrophic events incurred in 2016 – 2017 as shown below.[2]

| PG&E - Nine Historic Catastrophic Events (Thousands of Dollars) | | |
|---|---|---|
| Event # | Description | Total Revenue Requirement |
| 1 | 2016 Tree Mortality & Fire Risk Reduction | $254,309 |
| 2 | 2016 Soberanes Fire | $4,622 |
| 3 | 2016 Clayton Fire | $5,753 |
| 4 | 2016 Chimney Fire | $560 |
| 5 | 2016 December Severe Storms | $1,334 |
| 6 | 2017 Tree Mortality & Fire Risk Reduction | $140,215 |
| 7 | 2017 January Severe Storms (set 1) | $55,996 |
| 8 | 2017 January Severe Storms (set 2) | $35,426 |
| 9 | 2017 February Severe Storms | $74,768 |
| | Subtotal | $572,983 |
| | Interest (2016-2018) | $15,312 |
| | Total with interest | **$588,296** |

In addition, PG&E requests authorization to recover forecasted revenue requirements of $263 million and $291.8 million for 2018 and 2019 tree mortality and fire risk reduction activities, respectively, through a two-way balancing account that would be effective January 1, 2018.[3]

---

[2] PG&E Application, p .4 & p. 3.

[3] PG&E Application, p. 4-5.

### III. ISSUES

ORA has preliminarily identified several issues to be considered, which are discussed briefly below. First, PG&E should file separate applications to obtain authorization for future recovery of any costs associated with tree mortality and fire risk activities to be incurred in 2018 and 2019.[4] ORA also opposes PG&E's proposed two-way balancing account.

Pursuant to Resolution ESRB-4, the Commission should select an independent auditor to review the costs associated with PG&E's drought mitigation activities, with audit costs reimbursed by PG&E through rates.[5] An independent auditor should determine whether the accounting methods used for booking the drought mitigation activity costs for CEMA events are reasonable, justified, and consistent with the law.

ORA has begun its review of the Application, and might identify other issues in addition to those listed below that require further discovery and analysis as the proceeding develops.

- Whether the 2016 and 2017 storm and fire costs associated with the CEMA events were associated with government agency orders resulting from declared disasters;
- Are the expenses and capital expenditures for which the PG&E seeks rate recovery related to the declared disasters, both in terms of geography and the nature of impacts covered by the disaster declarations?
- For each event for which CEMA cost recovery is eligible, are the expenses and capital expenditures for which PG&E seeks rate recovery reasonable, prudently incurred, and incremental to costs included or recoverable in other utility accounts?
- Whether PG&E's proposed recovery of $178.460 million in revenue requirement associated with fire and storms based on CEMA-eligible cost is incremental, reasonable, and recoverable;
- Whether PG&E's request to recover $248.178 million for fire and storm related CEMA events is associated with: 1) restoring utility services to customers; 2) repairing, restoring, or replacing damaged

---

[4] Id.

[5] CPUC Res. ESRB-4, OP 5.

3

214036682
Case: 19-30088    Doc# 14343-3    Filed: 03/15/24    Entered: 03/15/24 18:13:46    Page 4 of 6

utility facilities; and 3) complying with governmental agency orders;

- Whether the accounting method(s) used for booking the costs for fire and storm related CEMA events is reasonable, justified, and consistent with the law;

- Whether PG&E's proposed amortization of CEMA costs in rates or any other proposed recovery methods is reasonable, justified, and consistent with the law; and,

- Whether the independent auditor finds the costs associated with PG&E's drought mitigation activities for 2016 and 2017 to be reasonable, incremental, and recoverable.

## IV. CATEGORIZATION OF PROCEEDING

ORA agrees with PG&E's categorization of this proceeding as ratesetting.

## V. NEED FOR DISCOVERY AND HEARING

ORA requests that the Commission schedule evidentiary hearings and allow time for ORA's discovery. This would include (but is not limited to) an audit and propounding data requests. Based on its discovery, ORA reserves the right to change and/or supplement the issues listed above.

## VI. APPLICATION PROPOSED SCHEDULE

PG&E proposes a schedule for processing its CEMA application that would have Intervenor Testimony submitted on July 9, 2018. ORA opposes PG&E's proposed date for Intervenor Testimony because it does not provide ORA adequate time to perform its CEMA audit for PG&E's proposed recovery associated with the fire and storms and does not provide time for the Commission to select an independent auditor to develop its report related to PG&E's 2016 and 2017 drought mitigation activities.

PG&E's CEMA Application is a significant filing comprised of nine separate CEMA events totaling $588.296 million in incremental costs[6] and two specific 2018 and 2019 tree mortality and fire risk activities PG&E proposes having a two-way balancing account for totaling $554.496 million.[7] Thus, this Application

---

[6] PG&E Application, p. 4.

[7] Id. at 5.

requires a significant dedication of resources given the high number of events and significant level of incremental costs. The Commission may consider establishing separate phases in this proceeding – Phase 1 would be for the submittal of ORA and other intervenors' testimony, and Phase 2 would be for the submittal and evaluation of the independent auditor's report.

ORA will propose specific dates at the pre-hearing conference (PHC) after it has more thoroughly reviewed PG&E's CEMA application.

## VI. CONCLUSION

ORA respectfully requests that this proceeding be categorized as ratesetting; that the scope of this proceeding include, but not be limited to, the issues identified in this Protest; and that the Commission establish a schedule for this proceeding that provides adequate time for ORA to conduct a thorough CEMA audit.

Respectfully submitted,

/s/ SELINA SHEK
_____
Selina Shek
Attorney

Office of Ratepayer Advocates

California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 703-2423
May 4, 2018             Email: sel@cpuc.ca.gov