# EXHIBIT 3



**FILED**
07/01/19
04:59 PM

BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA

| | |
|---|---|
| Application of Pacific Gas and Electric Company to Recover Costs Recorded in the Catastrophic Event Memorandum Account Pursuant to Public Utilities Code Section 454.9 and Forecasted Pursuant to Resolution ESRB-4.<br><br>(U39E) | A.18-03-015<br>(Filed March 30, 2018) |

**MOTION OF PACIFIC GAS AND ELECTRIC COMPANY
(U 39 E) FOR REISSUING ITS 2018 CEMA TESTIMONY
AND WORKPAPERS AND AUDITOR SELECTION
PROCESS**

STEVEN W. FRANK
SHARI HOLLIS-ROSS
JENNIFER REYES LAGUNERO

Pacific Gas and Electric Company
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-2361
E-Mail: Jennifer.ReyesLagunero@pge.com

Attorneys for
PACIFIC GAS AND ELECTRIC COMPANY

July 1, 2019

BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA

| | |
|---|---|
| Application of Pacific Gas and Electric Company to Recover Costs Recorded in the Catastrophic Event Memorandum Account Pursuant to Public Utilities Code Section 454.9 and Forecasted Pursuant to Resolution ESRB-4.<br><br>(U39E) | A.18-03-015<br>(Filed March 30, 2018) |

**MOTION OF PACIFIC GAS AND ELECTRIC COMPANY
(U 39 E) FOR REISSUING ITS 2018 CEMA TESTIMONY
AND WORKPAPERS AND AUDITOR SELECTION
PROCESS**

**I.  INTRODUCTION**

Pursuant to Rule 11.1 of the Rules of Practice and Procedure of the California Public Utilities Commission (Commission or CPUC), Public Utilities Code Sections 451 and 701, and direction by Administrative Law Judges (ALJ) Peter Allen and Jason Jungreis,[1] PG&E files this motion regarding its 2018 Catastrophic Event Memorandum Account (CEMA) Application (A.)18-03-015 (2018 CEMA or current CEMA Application). PG&E respectfully requests that the Commission permit PG&E to:

1. Reissue its 2018 CEMA testimony and workpapers to remove forecast costs and to make other revisions, described herein;

2. Include recorded 2018 tree mortality costs in its current CEMA application as one of these revisions; and

3. Assist with hiring an independent auditor for the tree mortality and fire reduction costs included in its 2018 CEMA.

---

[1] June 24, 2019 email from ALJ Jason Jungreis to PG&E and the A.18-03-015 service list in response to PG&E's June 7, 2019 email to ALJs Jungreis and Allen.

1

PG&E has consulted with the other parties, the Public Advocates Office at the CPUC (the Public Advocates), The Utility Reform Network (TURN), and Southern California Edison (SCE) on these items. The three parties have not objected to PG&E's proposed approach on these three items. Therefore, PG&E respectfully requests the Commission waive the comment period for this motion.

## II. PROCEDURAL BACKGROUND

In Decision (D.)19-04-039, the Commission denied PG&E's inclusion of forecast tree mortality and fire risk reduction costs (forecast tree mortality costs) in PG&E's 2018 CEMA Application.[2] On May 9, 2019, PG&E spoke with the Public Advocates, TURN, and SCE to propose the most efficient approach in complying with the Commission's decision. The Public Advocates, TURN, and SCE raised no objections to PG&E's proposal, as described in Section III.1. below.

On May 24, 2019, the Public Advocates, TURN, and PG&E met and conferred regarding outstanding items in PG&E's CEMA application. The Public Advocates and TURN informed PG&E they would not oppose the inclusion of 2018 recorded tree mortality costs if subsequent deadlines were revised as described below. PG&E also discussed the audit selection process, to which the parties indicated they were neutral on this item.

On June 7, 2019, PG&E emailed ALJs Peter Allen and Jason Jungreis and the 2018 CEMA service list discussing these three items and requesting Commission guidance. No parties commented on PG&E's June 7, 2019 email. On June 24, 2019, ALJ Jason Jungreis replied to PG&E and the 2018 CEMA service list, instructing PG&E to prepare and submit a motion regarding two of the three items raised in PG&E's email. (The ALJ's June 24, 2019 email did not address the third item).

PG&E submits this motion in compliance with the ALJ's instruction. For completeness, PG&E has also included the third item from its June 7, 2019 email.

---

[2] D.19-04-039, Ordering Paragraph (OP) 3.

### III. DISCUSSION

### 1. The Commission should permit PG&E to submit clean testimony and workpapers to remove forecast tree mortality and fire risk reduction costs from PG&E's 2018 CEMA Application.

As stated above, in D.19-04-039, the Commission denied PG&E's inclusion of forecast tree mortality and fire risk reduction costs (forecast tree mortality costs) in PG&E's 2018 CEMA Application.[3]

On May 9, 2019, to identify the most efficient approach for PG&E to effectuate the removal of the forecast costs from its 2018 CEMA Application, PG&E spoke to the Public Advocates, TURN, and SCE. PG&E proposed, and the parties raised no objections, to reissue the following in its 2018 CEMA Application:

- Clean testimony to remove the forecast tree mortality costs, with redlined tracked testimony to show the changes, and
- Clean workpapers, along with accompanying material identifying the major changes.

Besides the removal of the forecast tree mortality costs from its testimony and workpapers, PG&E will also incorporate certain errata and updates. These include: a removal of approximately $5 million (for errant 2017 tree mortality costs) and $22 million (for errant revenue requirement assumptions related to taxes), and other updated calculations for interest (for example, an approximate increase of $16 million due to the lengthened proceeding timeframe), and other items.

PG&E expects to be able to submit updated testimony and workpapers: (i) by July 19, 2019 or within seven (7) calendar days after a ruling adopting this motion without modification, whichever is later, or (ii) within 30 days after a ruling adopting a modified version of its motion.

---

[3] D.19-04-039, OP 3.

## 2. The Commission should permit PG&E to submit 2018 Recorded CEMA tree mortality and fire risk reduction costs.

PG&E understands that D.19-04-039 denies PG&E's inclusion of 2018 and 2019 forecast tree mortality and fire risk reduction costs in A.18-03-015. Given the passage of time, recorded costs for 2018 tree mortality and fire risk reduction work are now available. PG&E thus faces the decision as to whether to include these recorded costs in an upcoming CEMA application or seek to recover them in A.18-03-015. Recovering these costs in A.18-03-015 could help to speed recovery and increase efficiencies with the hiring of an independent auditor.

On May 24, 2019, the Public Advocates and TURN informed PG&E they would not oppose the inclusion of PG&E's 2018 recorded tree mortality costs if subsequent deadlines were revised as follows:

- Audit time is extended from 120 days to 180 days (additional 60 days), and
- Intervenor testimony due dates are extended from 30 days to 45 days (additional 15 days).

PG&E supports these extensions of time to enable consideration of the 2018 recorded tree mortality costs in the current CEMA proceeding. If the Commission agrees, PG&E would then include these recorded costs in its updated testimony and workpapers described above.

## 3. The Commission should permit PG&E to facilitate the hiring of an independent auditor for the tree mortality costs.

D.19-04-039 made no reference to PG&E's proposal to facilitate the hiring of an independent auditor for the tree mortality costs.

PG&E respectfully requests that the Commission identify a Division within the CPUC that will select and hire the independent auditor. PG&E remains ready and willing to help with the contracting process if desired. On May 24, 2019, PG&E discussed with the Public Advocates and TURN PG&E's proposal to assist with the contracting process for the hiring of an independent auditor. The Public Advocates and TURN were neutral on this item.

Given the parties' lack of opposition, PG&E renews its request to assist with the hiring of an independent auditor. As part of this effort, PG&E respectfully requests that the Commission select a Division to be responsible for this effort. PG&E requests the Commission undertake a process similar to the recent Rule 20A audit that was a follow-on effort from PG&E's test year 2017 General Rate Case, wherein the Commission ordered PG&E to hire the auditor but ordered the Commission to make the selection and oversee the independent auditor.[4] In this "Auditor Selection Process" the selection was made by the Commission via a competitive bidding process administered by PG&E.

## IV. CONCLUSION

For the foregoing reasons, PG&E respectfully requests that the Commission permit PG&E to:

1. Reissue its 2018 CEMA testimony and workpapers to remove forecast costs and to make other revisions, described herein;
2. Include recorded 2018 tree mortality costs in its current CEMA application as one of these revisions; and
3. Assist with hiring an independent auditor for the tree mortality and fire reduction costs included in its 2018 CEMA.

As the three parties have not objected to PG&E's proposed approach on these three items, PG&E respectfully requests the Commission waive the comment period for this motion.

---

[4] D.18-03-022, OP 2.

Respectfully submitted,

JENNIFER REYES LAGUNERO


By: /s/ *Jennifer Reyes Lagunero*
      JENNIFER REYES LAGUNERO

Pacific Gas and Electric Company
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-2631
E-Mail: jennifer.reyeslagunero@pge.com

Attorney for
PACIFIC GAS AND ELECTRIC COMPANY

July 1, 2019

6

Case: 19-30088    Doc# 14343-4    Filed: 03/15/24    Entered: 03/15/24 18:13:46    Page 8 of 8