# EXHIBIT 4



FILED
03:00 PM

**BEFORE THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| Application of Pacific Gas and Electric Company to Recover Costs Recorded in the Catastrophic Event Memorandum Account Pursuant to Public Utilities Code Section 454.9 and Forecasted Pursuant to Resolution ESRB-4. (U39E) | Application 18-03-015 |

## ASSIGNED COMMISSIONER'S REVISED RULING GRANTING PACIFIC GAS AND ELECTRIC COMPANY MOTION TO FACILITATE THE HIRING OF AN INDEPENDENT AUDITOR FOR RESOLUTION ESRB-4 PURPOSES

This is a revised Ruling of that Ruling dated July 31, 2019 by this assigned Commissioner addressing similar subject matter. This Revised Ruling is the result of the October 1, 2019 status conference in which all parties participated. This Revised Ruling fully supplants the July 31, 2019 Ruling for all purposes.

Pacific Gas and Electric Company (PG&E) has moved, pursuant to Rule 11.1 and Public Utilities (Pub. Util.) Code §§ 451 and 701, for leave to facilitate the hiring of an independent auditor for this proceeding's Resolution ESRB-4 purposes as requiring under the Scoping Memo and Ruling in this proceeding (regarding PG&E's tree mortality and fire risk reduction activities, also known in this proceeding as vegetation management).

The history of this issue finds that the Commission, due to a variety of circumstances, eventually determined that it was unable to hire an independent auditor in the "expedited" manner required by Pub. Util. Code § 454.9(b). Attached to this Ruling as Exhibit 1 is the final effort of the Commission to define and describe the necessary independent auditor skillsets and tasks. Parties are to

Case: 19-30088   Doc# 14343-5   Filed: 03/15/24   Entered: 03/15/24 18:13:46   Page 2 of 4

review Exhibit 1 as a necessary part of this revised Ruling, and as with all Rulings, parties are responsible to know its full contents.

PG&E asserted in its Motion that, with the Commission's identification of a Division that will select and hire the independent auditor, it is "ready and willing to help with the contracting process." The Commission must now grant PG&E's Motion so as to be able to proceed.

**IT IS RULED** as follows:

1. Audit time from the hiring of the independent auditor contractor to the production of the final audit report shall be 120 days (as originally set in the Scoping Memo).

2. The Energy Division will be responsible for overseeing the audit, and shall have authority for each of the following items:

    a. The drafting of the auditor contractor request for proposal.

    b. The selection of the auditor contractor.

    c. The design of the audit plan to be executed by the audit contractor.

    d. The form of the audit findings and related audit workpapers and supporting documentation prepared by the audit contractor.

    e. The form of the drafting and final audit report.

    f. Receipt and distribution of the final audit report.

    g. All communications with the auditor contractor, except for contracting with and payment to the auditor contractor for its service, regarding which Energy Division will be copied.

3.  Pacific Gas and Electric (PG&E) shall have the following responsibilities regarding the management of the audit:

    a.  The issuance of the auditor contractor request for proposal.

    b.  Entering into the contract with the selected auditor contractor.

    c.  Payment of the auditor contractor for its services (for which PG&E is entitled to ratepayer-funded reimbursement, in accordance with Resolution ESRB-4 Ordering Paragraph 5).

4.  At no time and in no way shall Pacific Gas and Electric exercise any element of control over the design, conduct, or conclusions of the audit.

If practical efforts to obtain audit services reveals that the audit activities must be split into separate "financial" and "technical" audits, these Ruling determinations shall be maintained for each audit.

Dated October 16, 2019 at San Francisco, California.

/s/  LIANE RANDOLPH

Liane Randolph
Assigned Commissioner