Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
1 Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
Matthew Tharp (*pro hac vice* pending)
FRIEDMAN KAPLAN SEILER ADELMAN AND ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant Baupost Group Securities, L.L.C*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* *All papers shall be filed in the lead case, NO. 19-30088 (DM)* | Chapter 11<br><br>Bankr. Case No. 19-30088 (DM)<br><br>(Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(C) AUTHORIZING OVERSIZED BRIEFING FOR BAUPOST'S OPPOSITION TO THE REORGANIZED DEBTORS' THIRTY-FIFTH SECURITIES CLAIMS OMNIBUS OBJECTION TO THE BAUPOST AMENDMENT**<br><br>[No hearing requested] |

Baupost Group Securities, L.L.C. ("**Baupost**")[1] hereby submits this *ex parte* Application (the "**Application**") for an order, pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), authorizing Baupost to file an oversized brief in opposition (the "**Opposition**") to the Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection to The Baupost Amendment [Dkt. No. 14206] (the "**Baupost Objection**").

The Court granted the Reorganized Debtors leave to file 142 pages of briefing (not including 4,500 pages of exhibits) in connection with its objections to Baupost's Securities Claims. For its response to such objections, Baupost requests that the Court permit it to submit *less than half* of the number of pages of briefing that composed—or were incorporated into—the Reorganized Debtors' objections. This relief is justified given the complexity of the issues presented, and volume of briefing and exhibits submitted by the Reorganized Debtors.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**," and as reorganized under the Plan,[2] the "**Reorganized Debtors**") commenced cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

---

[1] Baupost is a Securities Claimant, as that term is defined in the Court's *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943] (the "**Securities Order**").

[2] The "**Plan**" means Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated June 19, 2020 [Dkt. No. 8048].

On April 15, 2020, Baupost submitted its Rescission or Damage Claim Proofs of Claims as Claim Nos. 100269 and 100309 (the "**2020 POC**") in accordance with Securities Order. The 2020 POC incorporated the allegations against the Reorganized Debtors set forth in the Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Law (the "**TAC**"), filed by The Public Employees Retirement Association of New Mexico ("**PERA**") in *In re PG&E Corp. Securities Litigation*, Civil Action No. 3:18-cv-03509-EJD (N.D. Cal.) [Dkt. No. 121].

On December 28, 2022, Baupost submitted its Supplemental Rescission or Damage Claim Proofs of Claim as Claim Nos. 109847 and 109848 ("**Supplemental POC**" and with the 2020 POC, "**Baupost POCs**"). The Supplemental POC contains allegations based on seven additional misstatements, not identified in the TAC, and incorporates detailed findings from the Butte County (California) District Attorney's Office's report, *The Camp Fire Public Report: A Summary of the Camp Fire Investigation*, dated June 16, 2020 (the "**Butte Report**")[3] that are also not included in the TAC. Over nine months later, claimants represented by Rolnick Kramer Sadighi LLP ("**RKS**") incorporated six of the seven additional misstatements identified in Baupost's Supplemental POC as well as the additional findings from the Butte Report that Baupost had identified into the Amended Statement of Claim submitted by Securities Claimants represented by RKS, dated October 6, 2023 (the "**RKS Amendment**").

On December 13, 2023, the Reorganized Debtors submitted (i) the Baupost Objection; (ii) the Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection to PERA and Securities Act Plaintiffs' TAC, Including to Certain Claimants That Adopted the TAC [Dkt. No. 14200] (the "**PERA Objection**"), and (iii) the Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection to Claims Adopting RKS Amendment [Dkt. No. 14203] (the "**RKS Objection,**" and collectively with the Baupost Objection and the PERA Objection, the "**Objections**").

In connection with the Objections, Reorganized Debtors filed an *ex parte* application for oversized briefing [Dkt. No. 14209] (the "**PG&E Application**"). The PG&E Application sought,

---

[3] *Available at*: https://www.buttecounty.net/DocumentCenter/View/1881/Camp-Fire-Public-Report---Summary-of-the-Camp-Fire-Investigation-PDF.

among other things, leave to submit: (1) the 95-paged PERA Objection; (2) the 35-page RKS Objection; and (3) the 12-page Baupost Objection. In other words, the Reorganized Debtors sought 142 pages, in total, of opening briefing in support of their Objections. *See* PG&E Application, at 5-6. The Reorganized Debtors also asked the Court to take judicial notice of 113 exhibits, spanning nearly 4,500 pages in support of their Objections,[4] and submitted a 17-page brief in connection with their RJN.

The Court granted the PG&E Application on December 18, 2023 [Dkt. No. 14232]. The Court also ordered Baupost, PERA, and RKS to file their respective briefs in opposition to the Objections by March 15, 2024 [Dkt. No. 14247].

### III.     ISSUES ADDRESSED IN THE OPPOSITION

Baupost's Opposition will address the lengthy factual background of the securities claims set out in the Baupost POCs, including those incorporated from the TAC, and will present detailed legal arguments demonstrating that—contrary to the arguments set forth in the Objections—the Baupost POCs sufficiently state claims against the Reorganized Debtors for violations of Section 10(b) Securities Exchange Act of 1934 and Rule 10b-5. These arguments will address, among other things, the falsity, scienter, loss causation, and reliance elements of Baupost's claims.

Of necessity, Baupost's Opposition will not be limited to the arguments set forth in the 12-page Baupost Objection. The 95-page PERA Objection and 35-page RKS Objection include arguments that also apply to the Baupost POCs, and the Baupost Objection expressly incorporates such arguments. Indeed, in the Baupost Opposition, the Reorganized Debtors repeatedly acknowledge the substantial overlap between the allegations in the Baupost POCs and those in the TAC and/or the RKS Amendment, *see, e.g.*, Baupost Objection at 2-4 (asserting that Baupost's claims "fail for the same reasons that PERA's and the RKS Claimants' claims fail, and for . . . additional reasons"). Moreover, for each element of Baupost's claims, the Reorganized Debtors reference and seek to apply arguments that they made in the PERA Objection and/or the RKS

---

[4] *See* Omnibus Request for Incorporation of Documents by Reference or Judicial Notice in Support of Reorganized Debtors' Thirty-Third, Thirty-Fourth, and Thirty-Fifth Securities Claims Omnibus Objections [Dkt. No. 14208] (the "**RJN**").

Objection. *See id*. at 7-8 (applying "truth-on-the-market" argument from PERA Objection), *id*. at 9-11 (applying falsity arguments from PERA Objection and RKS Objection); *id*. at 11 (applying scienter arguments from PERA Objection and RKS Objection); *id*. at 12 (applying loss causation arguments from PERA Objection).[5] In short, to respond to the Reorganized Debtors' challenge to the legal sufficiency of the Baupost POCs, Baupost will need to respond to the arguments made by the Reorganized Debtors in the lengthy PERA Objection and the RKS Objection, not only in the Baupost Opposition.

## IV. OVERSIZED BRIEFING FOR THE OPPOSITION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

Baupost submits that sufficient cause exists for the Court to allow oversized briefing of no more than fifty-two pages for the Opposition. As set forth above, additional briefing is necessary for Baupost to reasonably address the relevant, and complex, legal and factual matters at issue in the Baupost POCs and the Reorganized Debtors' Objections.

*First*, the pleadings at issue are lengthy and complex. Baupost's 2020 POC incorporates the TAC, which is a 216-page, 706-paragraph pleading, and presents additional information concerning Baupost's acquisition of the shares at issue. Baupost's Supplemental POC is a 26-page, 42-paragraph pleading that also incorporates and extensively references the 92-page Butte Report and the voluminous evidence summarized therein.

*Second*, the Reorganized Debtors' expansive Objections necessitate oversized responsive briefing. Although the Baupost Objection is 12 pages long, it expressly "incorporates by reference" the 95-page PERA Objection and repeatedly cites and applies arguments from both the PERA Objection and the 35-page RKS Objection. Thus, in its Opposition, Baupost must respond to Objections that are, collectively, over 140 pages long, as well as the 113 exhibits (totaling nearly 4,500 pages) attached to the RJN. The fifty-two pages requested by Baupost for the

---

[5] *See also* PG&E Application, at 1 n.1 (acknowledging that that "the Baupost Objection . . . incorporates the PERA Objection.").

Opposition amount to less than half of the total briefing submitted by PG&E.

*Third*, as the Reorganized Debtors observe, "[o]versized briefs for motions to dismiss complaints of similar length are common in securities actions" and "[t]he Court has granted similar relief to the Reorganized Debtors and other parties in these Chapter 11 Cases." *See* PG&E Application, at 4; *see also* Dkt. No. 2718 (PG&E's Bar Date Motion); Dkt. No. 44210 (PG&E' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (PG&E's Wildfire Claims Estimation Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); *In re PG&E Corp. Sec. Litig.*, 5:18-cv-03509-EJD (N.D. Cal.), Dkt. Nos. 149 & 160 (40-page motion to dismiss opening and opposition briefs).

Accordingly, the extension to the page limit requested in this Application is necessary and reasonable and Baupost respectfully submits that no party will be prejudiced by this request.

## V.   NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the Reorganized Debtors; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. Baupost respectfully submits that no further notice is required.

WHEREFORE, Baupost respectfully requests entry of an order (a) authorizing Baupost to file and serve the Opposition in excess of twenty-five pages but not to exceed fifty-two pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith) and (b) awarding such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: March 15, 2024    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Debra I. Grassgreen*
Isaac M. Pachulski
Debra I. Grassgreen

- and -

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
Matthew Tharp (*pro hac vice* pending)
FRIEDMAN KAPLAN SEILER
  ADELMAN & ROBBINS LLP

*Attorneys for Securities Claimant
Baupost Group Securities, L.L.C.*

# EXHIBIT A

**(Proposed Order)**

Isaac M. Pachulski (CA Bar No. 62337)
Debra I. Grassgreen (CA Bar No. 169978)
PACHULSKI STANG ZIEHL & JONES LLP
1 Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
Email: dgrassgreen@pszjlaw.com

Eric Seiler (admitted *pro hac vice*)
Jason C. Rubinstein (admitted *pro hac vice*)
Michael S. Palmieri (admitted *pro hac vice*)
Matthew Tharp (*pro hac vice* pending)
FRIEDMAN KAPLAN SEILER ADELMAN AND ROBBINS LLP
7 Times Square
New York, NY 10036-6516
Telephone (212) 833-1103
Facsimile (212) 373-7903
Email: eseiler@fklaw.com

*Attorneys for Securities Claimant*
*Baupost Group Securities, L.L.C*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case, NO. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**ORDER GRANTING BAUPOST'S APPLICATION PURSUANT TO L.B.R. 9013-1(C) AND AUTHORIZING OVERSIZED BRIEFING FOR BAUPOST'S OPPOSITION TO THE REORGANIZED DEBTORS' OBJECTIONS TO CERTAIN SECURITIES CLAIMS**<br><br>[No hearing requested] |

Upon the *ex parte* application (the "**Application**"), of Baupost Group Securities, L.L.C. ("**Baupost**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the Northern District of California, for an order authorizing Baupost to file an oversized brief in opposition to the Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection to The Baupost Amendment (the "**Baupost Objection**") [Dkt. No. 14206]; and the Court having found it has jurisdiction over this matter; and the Court having found and determined that notice of the Application is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted as provided herein.

2. Baupost is authorized to file and serve an oversized brief in opposition to the Baupost Objection in excess of twenty-five pages but not to exceed fifty-two pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith).

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***

# APPENDIX A

## Summary of Pre-Camp Fire PG&E Violations Found by CPUC

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 31 | CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-001 (Jan. 23, 2015) | • Poor Recordkeeping | PERA Objection at 37, 38, 68, and 75 |
| 32 | CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-002 (Jan. 23, 2015) | • Gas Pipeline Issue | PERA Objection at 37, 38, 68, and 75 |
| 33 | CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-01-004 (Jan. 30, 2015) | • Gas Pipeline Issue | PERA Objection at 37, 38, 68, and 75 |
| 34 | CPUC, Audit of PG&E's Sacramento Division, EA2014-30 (Feb. 9, 2015) | • Late Work Orders<br>• Late Inspections<br>• Poor Recordkeeping | PERA Objection at 37, 38, 68, and 75 |
| 35 | CPUC, Citation for Violation(s) Issued Pursuant to Resolution ALJ-274 of General Order 112-E, Citation No. ALJ 274 15-03-001 (Mar. 20, 2015) | • Poor Recordkeeping | PERA Objection at 37, 38, 68, and 75 |
| 36 | CPUC, Decision on Fines and Remedies To Be Imposed on Pacific Gas and Electric Company for Specific Violations in Connection With the Operation and Practices of Its Natural Gas Transmission System Pipelines, Decision 15-04-024 (Apr. 9, 2015) | • Gas Pipeline Issue | PERA Objection at 37, 38, 68, and 75 |
| 37 | CPUC, Audit of PG&E's Eureka Headquarters – Electric Transmission, TA2015- 001 | • Late Work Orders<br>• Unsafe Communication Line Contact<br>• Vegetation Management | PERA Objection at 37, 38, 68, and 75 |

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 38 | CPUC, Audit of PG&E's East Bay Division, EA2014-032 (June 5, 2015) | <ul><li>Late Work Orders</li><li>Late Inspections</li><li>Unsafe Communication Line Contact</li><li>Pole Issues</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 39 | CPUC, Audit of PG&E's Fresno Division, EA2015-01 (July 13, 2015) | <ul><li>Late Inspections</li><li>Late Work Orders</li><li>Poor Recordkeeping</li><li>Miscellaneous (Sign Issue)</li><li>Miscellaneous (Tripping Hazard)</li><li>Miscellaneous (Unsecured Vault Cover)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 40 | CPUC, Citation for Violations of General Order 128 Issued Pursuant to Decision 14-12-001, Citation No. D.14-12-001 15-07-001 (July 21, 2015) | <ul><li>Miscellaneous (Failure to Mark Underground Equipment)</li><li>Miscellaneous (Underground Equipment Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 41 | CPUC, Audit of PG&E's Peninsula Division, EA2015-0088 (Aug. 10, 2015) | <ul><li>Late Inspections</li><li>Late Work Orders</li><li>Miscellaneous (Failure to Notify Other Party About Equipment Issue)</li><li>Miscellaneous (Sign Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 42 | CPUC, Audit of PG&E's Hayward Headquarters – Electric Substation, SA2015- 006 (Sept. 8, 2015) | <ul><li>Late Work Orders</li><li>Poor Recordkeeping</li><li>Miscellaneous (Leaking Oil)</li><li>Miscellaneous (Damaged Substation)</li></ul> | PERA Objection at 37, 38, 68, and 75 |

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 43 | CPUC, Audit of PG&E's Metcalf Division – Electric Transmission, TA2015-002 (Sept. 14, 2015) | • Miscellaneous (Ground Wire Issue)<br>• Unsafe Communication Line Contact | PERA Objection at 37, 38, 68, and 75 |
| 44 | CPUC, Audit of PG&E's Sonoma Division, EA2015-018 (Dec. 31, 2015) | • Late Inspections<br>• Late Work Orders<br>• Pole Issues<br>• Vegetation Management<br>• Miscellaneous (Sign Issue)<br>• Miscellaneous (Ground Wire Issue) | PERA Objection at 37, 38, 68, and 75 |
| 45 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | • Late Inspections<br>• Late Work Orders<br>• Pole Issues<br>• Unsafe Communication Line Contact<br>• Vegetation Management<br>• Poor Documentation | PERA Objection at 37, 38, 68, and 75 |
| 46 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | • Gas Pipeline Issue | PERA Objection at 37, 38, 68, and 75 |

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 47 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | <ul><li>Late Inspections</li><li>Late Work Orders</li><li>Miscellaneous (Sign Issue)</li><li>Pole Issue</li><li>Miscellaneous (Failure to Notify Other Party About Equipment Issue)</li><li>Miscellaneous (Ground Wire Issue)</li><li>Vegetation Management</li><li>Miscellaneous (Underground Equipment Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 48 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | <ul><li>Late Inspections</li><li>Late Work Orders</li><li>Pole Issue</li><li>Miscellaneous (Sign Issue)</li><li>Miscellaneous (Ground Wire Issue)</li><li>Vegetation Management</li><li>Miscellaneous (Manhole Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 49 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | <ul><li>Late Inspections</li><li>Late Work Orders</li><li>Pole Issue</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 50 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | <ul><li>Pole Issue</li><li>Miscellaneous (Ground Wire Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |
| 51 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | <ul><li>Miscellaneous (Fence Issue)</li></ul> | PERA Objection at 37, 38, 68, and 75 |

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 52 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | • Gas Pipeline Issue | PERA Objection at 37, 38, 68, and 75 |
| 53 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | • Vegetation Management | PERA Objection at 37, 38, 68, and 75 |
| 54 | CPUC, Audit of PG&E's Central Coast Division, EA2015-016 (Jan. 13, 2016) | • Vegetation Management | PERA Objection at 37, 38, 68, and 75 |
| 55 | CPUC, Electric Distribution Audit of PG&E's Yosemite Division, EA2017-748 (May 4, 2017) | • Late Inspections<br>• Late Work Orders | PERA Objection at 37, 38, 68, and 75 |
| 56 | CPUC, Audit of PG&E's Diablo Division, EA2017-750 (May 30, 2017) | • Late Inspections<br>• Late Work Orders<br>• Pole Issues<br>• Miscellaneous (Ground Wire Issue)<br>• Miscellaneous (Sign Issue) | PERA Objection at 37, 38, 68, and 75 |
| 57 | CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 E.17-06-001 (June 6, 2017) | • Miscellaneous (Tower Foundation Issue) | PERA Objection at 37, 38, 68, and 75 |
| 58 | CPUC, Citation Issued Pursuant to Decision 16-09-055, Citation No. D.16-09-055 G.18-02-001 (Feb. 16, 2018) | • Miscellaneous (Failure to Mark Underground Equipment) | PERA Objection at 37, 38, 68, and 75 |
| 59 | CPUC, Audit of PG&E's North Bay Division, EA2018-811 (May 30, 2018) | • Late Work Orders<br>• Late Inspections<br>• Pole Issue<br>• Vegetation Management<br>• Miscellaneous (Sign Issue)<br>• Miscellaneous (Ground Wire Issue) | PERA Objection at 37, 38, 68, and 75 |

| RJN Ex. | Document | Violation(s) Found by CPUC | Cited In Objections |
|---|---|---|---|
| 60 | CPUC, Audit of PG&E's Sierra Division, EA2018-799 (June 11, 2018) | • Late Work Orders<br>• Late Inspections | PERA Objection at 37, 38, 68, and 75 |
| 61 | CPUC, Electric Distribution Audit of PG&E's Sonoma Division, EA2018-800 (July 31, 2018) | • Late Work Orders<br>• Late Inspections<br>• Pole Issue<br>• Vegetation Management<br>• Miscellaneous (Sign Issue) | PERA Objection at 37, 38, 68, and 75 |
| 62 | CPUC, Audit of PG&E's Humboldt Division, EA2018-801 (Sept. 6, 2018) | • Late Work Orders<br>• Late Inspections<br>• Pole Issue<br>• Miscellaneous (Vegetation Management)<br>• Miscellaneous (Sign Issue) | PERA Objection at 37, 38, 68, and 75 |
| 63 | CPUC, Audit of PG&E's Los Padres Division, EA2018-814 (Oct. 25, 2018) | • Late Work Orders<br>• Late Inspection<br>• Pole Issue<br>• Unsafe Communication Line Contact | PERA Objection at 37, 38, 68, and 75 |