ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick (*pro hac vice*)
lrolnick@rksllp.com
Marc B. Kramer (*pro hac vice*)
mkramer@rksllp.com
Michael J. Hampson (*pro hac vice*)
mhampson@rksllp.com
Richard A. Bodnar (*pro hac vice*)
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>● Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZED BRIEFING FOR RKS CLAIMANTS' OPPOSITION TO REORGANIZED DEBTORS' THIRTY-FOURTH SECURITIES CLAIMS OMNIBUS OBJECTION TO CLAIMS ADOPTING THE RKS AMENDMENT**<br><br>[No hearing requested] |

The RKS Claimants hereby submit this *Ex Parte* Application (the "Application") for an order, pursuant to Rule 9013-1(c) of the Bankruptcy Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), authorizing the RKS Claimants to file an oversized brief in connection with the RKS Claimants' Opposition to Reorganized Debtors Thirty-Fourth Securities Claims Omnibus Objection to the Claims Adopting the RKS Amendment (the "**Opposition**" to the "**RKS Objection**").[1]

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019, PG&E commenced voluntary cases for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order (Dkt. No. 8053) confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (Dkt. No. 8048) (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "Plan"). The Plan became effective on July 1, 2020 (Dkt. No. 8252).

On July 28, 2023, the Court entered the Order Authorizing Amendment and Objection Procedures for Securities Claims (Dkt. 13934). That Order was later modified on November 15, 2023. (Dkt. No. 14139) (the July 28, 2023, Order and its modification, together the "Objection Order"). Pursuant to the Objection Order, the RKS Claimants filed their Amended Statement of Claim on Behalf of the RKS Claimants (Dkt. No. 14049) and a notice adopting that filing (Dkt.

---

[1] Capitalized terms not otherwise defined herein retain their definitions as set forth in the RKS Claimants' Opposition to Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection to Claims Adopting the RKS Amendment.

-1-

No. 14061) (the statement of claim and adoption, together, the "RKS Amendment").

As relevant here, pursuant to the Objection Order, on December 13, 2023, PG&E filed (i) the Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection to PERA and Securities Act Plaintiffs' TAC, Including To Certain Claimants That Adopted the TAC (Dkt. No. 14200) (the "PERA Objection"), and (ii) the RKS Objection, which incorporates in its entirety the PERA Objection by reference.

### III. ISSUES ADDRESSED IN THE OPPOSITION

The RKS Objection, which fully incorporates the PERA Objection, is akin to a motion to dismiss. It makes arguments about the legal sufficiency of the RKS Amendment. The PERA Objection and the RKS Objection describe the factual and procedural background of the claims stated in the RKS Amendment under the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act"), and present arguments in opposition thereto. The Opposition therefore responds to the issues raised in the both the PERA Objection and the RKS Objection, presenting a counterstatement of the factual and procedural background of the claims stated in the RKS Amendment, and counterarguments to the points and authorities raised in the PERA Objection and RKS Objection in opposition to the RKS Amendment's Exchange Act and Securities Act claims. These include counterarguments relating to falsity, scienter, loss causation, reliance, statutory damages, statutes of limitations, and other complex areas of securities law. Each issue requires careful analysis and detailed application of the law to the facts asserted in the RKS Amendment and the PERA Objection and RKS Objection, which facts implicate PG&E's public statements over a 3.5-year period.

### IV. OVERSIZED BRIEFING FOR THE OPPOSITION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The RKS Claimants respectfully submit that sufficient cause exists for the Court to allow oversized briefing for the Opposition. As set forth above, additional briefing is necessary to

thoroughly address the relevant legal and factual issues raised in the RKS Objection. The PERA Objection, which is incorporated by reference in the RKS Objection, is 95 pages long and contains several Appendices and Exhibits attached thereto. The RKS Objection is 35 pages long and also contains several Appendices and Exhibits attached thereto. Thus, in opposing the two relevant objections, the RKS Claimants are opposing 130 pages of briefing.

As PG&E stated in its *Ex Parte* Application for Order Pursuant to L.B.R. 9013-1(c) Authorizing Oversize Briefing For Reorganized Debtors' Objection to Certain Securities Claims, and Related Relief (Dkt. No. 14209) ("PG&E's *Ex Parte* Application"), "[o]versized briefs for motions to dismiss complaints of similar length are common in securities actions, and particularly so where the claimants assert securities claims based on both equity and debt that require analysis of both" Exchange Act claims and Securities Act claims, as is the case with the RKS Amendment. (PG&E's *Ex Parte* Application at 4.) Given that PG&E is moving as to both the RKS Claimants' Exchange Act claims and Securities Act claims, it is appropriate for the RKS Claimants to receive relief to file a brief of a greater length than would be generally permissible under Bankruptcy Local Rule 9013-1(c). Further, given that PG&E was granted oversized briefing, and ultimately filed objections to the RKS Claimants' claims totaling 130 pages of briefing, a corresponding extension for the Opposition is necessary to avoid prejudice to the RKS Claimants. Accordingly, the extension of the page limit requested in this Application is necessary and reasonable and the RKS Claimants respectfully submit that no party will be prejudiced by this request.

As PG&E has previously stated to the Court, this Court has granted similar relief in these Chapter 11 cases. (PG&E's *Ex Parte* Application at 4-5.) Further, the RKS Claimants did not object to the relief sought in PG&E's *Ex Parte* Application. (*See* Order Pursuant to L.B.R. 9013-1(c) Authorizing Oversized Briefing For Reorganized Debtors' Objections To Certain Securities Claims, And Granting Related Relief (Dkt. 14232).) Accordingly, the RKS Claimants request permission for the Opposition to exceed the twenty-five page limit otherwise allowed under Bankruptcy Local Rule 9013-1(c).

## V. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for PG&E; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Federal Rule of Bankruptcy Procedure 2002. The RKS Claimants respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the RKS Claimants to this or any other court.

**WHEREFORE,** the RKS Claimants respectfully request entry of an order (a) authorizing the RKS Claimants to file and serve, in excess of twenty-five pages (exclusive of any schedules, appendices, or exhibits thereto and/or any declaration filed in connection therewith), the Opposition, not to exceed 90 pages; and (b) such other and further relief as the Court may deem just and appropriate.

Dated: March 15, 2024

ROLNICK KRAMER SADIGHI LLP

By: */s/ Richard A. Bodnar*

*Attorneys for the RKS Claimants*

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020