ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick *(pro hac vice)*
lrolnick@rksllp.com
Marc B. Kramer *(pro hac vice)*
mkramer@rksllp.com
Michael J. Hampson *(pro hac vice)*
mhampson@rksllp.com
Richard A. Bodnar *(pro hac vice)*
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>• Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**THE RKS CLAIMANTS' OPPOSITION TO PG&E'S OMNIBUS REQUEST FOR INCORPORATION OF DOCUMENTS BY REFERENCE OR JUDICIAL NOTICE IN SUPPORT OF REORGANIZED DEBTORS' THIRTY-THIRD, THIRTY-FOURTH, AND THIRTY-FIFTH SECURITIES CLAIMS OMNIBUS OBJECTIONS** |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. The Court Should Decline To Exercise Its Discretion To Review Documents Beyond the Pleadings ........................................................................................ 3

    B. Numerous Proffered Exhibits Were Not Incorporated by Reference ............... 4

    C. The Court Should Deny the Entire Request for Judicial Notice As Improper .. 6

    D. The Court Should Not Consider Any of The Exhibits For the Truth of the Purported Facts Contained Therein ................................................................. 7

III. CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**Cases**

*AliveCor, Inc. v. Apple Inc.*,
    592 F. Supp. 3d 904 (N.D. Cal. 2022) .................................................................................. 6

*Brnovich v. Biden*,
    630 F. Supp. 3d 1157 (D. Ariz. 2022) .................................................................................. 4

*Capaci v. Sports Rsch. Corp.*,
    445 F. Supp. 3d 607 (C.D. Cal. 2020) .................................................................................. 6

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) .............................................................................................. 5

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) .............................................................................................. 3

*In re Tracht Gut, LLC*,
    836 F.3d 1146 (9th Cir. 2016) .............................................................................................. 6

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ........................................................................................ passim

*Reina-Rodriguez v. United States*,
    655 F.3d 1182 (9th Cir. 2011) .............................................................................................. 8

*Riley v. Chopra*,
    2020 WL 5217154 (C.D. Cal. June 19, 2020) .................................................................. 4, 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ........................................................................................................... 2, 3

*United States v. Bychak*,
    2021 WL 734371 (S.D. Cal. Feb. 25, 2021) ....................................................................... 6

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................................................ 4

*Williams v. Cnty. of Alameda*,
    26 F.Supp.3d 925 (N.D. Cal. 2014) ..................................................................................... 3

**Other Authorities**

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366 ................................................................ 3

**Rules**

Fed. R. Civ. Pro. 12(b)(6) .......................................................................................................... 2

Fed. R. Evid. 201(b)..................................................................................................................... 7

The RKS Claimants hereby submit this Opposition to PG&E's Omnibus Request for Incorporation of Documents by Reference or Judicial Notice in Support of Reorganized Debtors' Thirty-Third, Thirty-Fourth, and Thirty-Fifth Securities Claims Omnibus Objections ("Omnibus Request" or "Request for Judicial Notice" or "RJN") (Dkt. No. 14208).[1]

I. **INTRODUCTION**

Despite the Court's warning to PG&E during a January 24, 2024 hearing that it would be "a waste of time" for PG&E "to try to rebut" the well-pled allegations of the RKS Amendment with collateral documents introduced through its sufficiency objection "because that's not the inquiry," the Omnibus Request seeks to expand the record on which this Court will decide the RKS Objection by adding *113* exhibits, totaling more than *4,000* pages. This request is not only improper, but also is a waste of judicial resources. Rather than heed the Court's advice, the RJN seeks to improperly expand the already-voluminous materials for the Court's review, which are the detailed RKS Amendment, the 130 pages of moving briefing by PG&E with respect to the RKS Objection, the RKS Claimants' opposition, and PG&E's forthcoming reply. PG&E's attempt to add so many documents outside of the pleadings and to distract from the well-pled factual allegations of the RKS Amendment should be rejected. The Omnibus Request is a blatant attempt "to pile on numerous documents" to "improperly [] defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This Court should decline to exercise its discretion to review documents beyond the pleadings and should determine the legal sufficiency of the RKS Amendment based on the four corners of the pleading.

If this Court determines to engage in a document-by-document review of the tower of irrelevant paper put in front of it by PG&E, the vast majority of the documents cannot be considered on this motion either through incorporation by reference or based on judicial notice.

---

[1] Capitalized terms not otherwise defined herein retain their definition as set forth in the RKS Claimants' Opposition to Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection to Claims Adopting the RKS Amendment. References to "Ex." are to the exhibits attached to the Omnibus Request and referenced in the RKS Objection. References to "¶" are to paragraphs of the RKS Amendment.

PG&E fails to identify, in literally thousands of pages of documents, what *facts* it seeks the Court to judicially notice. Furthermore, barely any of the documents PG&E seeks to introduce are incorporated by reference in the RKS Amendment. And even among those documents that *might* be considered at the pleading stage (if the Court chooses to exercise its discretion to do so), their purpose must be limited to a noticing of their existence or their contents (as opposed to accepting the truth of the matters asserted therein).

## II. ARGUMENT

As this Court has recognized, the RKS Objection will be analyzed "akin to a motion to dismiss." (July 28, 2023, Order Authorizing Amendment and Objection Procedures for Securities Claim (Dkt. No. 13934).) In deciding a motion to dismiss under Rule 12(b)(6), "[g]enerally, district courts may not consider material outside the pleadings[.]" *Khoja*, 899 F.3d at 998. There are two limited exceptions: (1) judicial notice under Federal Rule of Evidence 201, applicable in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 9017; and (2) the incorporation by reference doctrine. *Id.* "Properly used, this practice has support," because courts must consider the pleading "in its entirety." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). However, as the Ninth Circuit has made clear, "the unscrupulous use of extrinsic documents to resolve competing theories" at the pleading stage "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* When abused, this "concerning pattern in securities cases" gives defendants an undeserved opportunity "to present their own version of the facts at the pleading stage[.]" *Id.* at 998-99.

PG&E selectively quotes *Tellabs* to imply that this Court *must* consider every page of every document that PG&E asserts is incorporated by reference or subject to judicial notice. But the quoted portion of *Tellabs* on which PG&E relies is not a mandate allowing, no less requiring, the Court to review entire documents in order to dispute the well-pleaded factual allegations of the RKS Amendment. In fact, the opposite is true. In examining how a court should assess whether a complaint sufficiently pleads a strong inference of scienter under the PSLRA, the Supreme Court in *Tellabs* instructed that, first, "courts must, as with any motion to dismiss for failure to plead a

claim on which relief can be granted, accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Second, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322-23. Only then can a court determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter," as opposed to "whether any individual allegation, scrutinized in isolation, meets that standard." *Id. Tellabs* does not stand for the proposition for which PG&E cites it. To the contrary, it confirms that unless the documents are those that are ordinarily examined by courts on a motion to dismiss because they are incorporated by reference in the pleading or subject to judicial notice, they should not be considered. PG&E cites numerous improper exhibits for the sole purpose of creating impermissible disputes of material fact at the pleading stage – failing the first of the Supreme Court' instructions. PG&E's attempt to smuggle in more than 4,000 pages of extrinsic documents should be denied.[2]

### A. The Court Should Decline To Exercise Its Discretion To Review Documents Beyond the Pleadings.

Whether to consider extrinsic materials offered in connection with a motion to dismiss is a matter for this Court's discretion. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012); *Williams v. Cnty. of Alameda*, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings); *see* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). PG&E consistently attempts to use the exhibits provided for the prohibited purpose of disputing the well-pleaded facts in the RKS Amendment. Where reviewing the documents would not aid the Court's

---

[2] Appendices 1 and 2, attached hereto, contain more thorough analyses of the exhibits and why they were not incorporated by reference or should not be judicially noticed, as the case may be.

decision-making process because the parties assert conflicting interpretations of the underlying law and the "facts" the moving party seeks to notice are contradicted by the alleged facts in the relevant pleading, it is appropriate to decline to review such documents. *See Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1175 (D. Ariz. 2022) ("The Court will not exercise its discretion to consider the remainder of the parties' exhibits. Even though such documents are public records, the Court does not find they aid the Court's decisional process where the parties assert conflicting interpretations of the underlying law and the facts therein are contradicted by the pleaded facts in the [complaint]."); *Riley v. Chopra*, 2020 WL 5217154, at *3 (C.D. Cal. June 19, 2020) (declining to review voluminous materials because "[g]iven the number of documents defendants ask the court to consider in connection with their Motion, the court is persuaded that consideration of such documents and the arguments raised in the pending Motion would be more appropriate at summary judgment"). The pleadings and briefing are the proper documents for the Court to review here, and the Court should not entertain PG&E's attempted distraction.

### B.  Numerous Proffered Exhibits Were Not Incorporated by Reference

Insofar as the Court decides to exercise its discretion to consider matters extrinsic to the pleadings, numerous exhibits lack any basis for proper consideration. The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint" only where: (1) "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); and (2) "when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage," *id.* at 1002. Many of the exhibits filed by PG&E fail this test.

PG&E asserts that, in effect, *any* document even fleetingly referenced in the RKS Amendment (even once, or in passing) is necessarily incorporated by reference. Not so. The Ninth Circuit has been clear that for incorporation by reference to apply, the document must be "refer[enced] extensively," meaning that it must be referenced – at minimum – "more than once" or in a "relatively lengthy" manner. *Id.* at 1002-03 (citing *Coto Settlement v. Eisenberg*, 593 F.3d

1031, 1038 (9th Cir. 2010)). "Otherwise, the rule would simply require a complaint to 'refer' to the document." *Id.* at 1003.

PG&E posits that exhibits 7, 8, 9, 11, 13, 16, 24, 82, 83, 84, and 105 were incorporated by reference in the RKS Amendment, but as PG&E concedes (Omnibus Request at 5), each of these exhibits was referenced in only one paragraph of the RKS Amendment – often citing a single sentence of the document. As but one example, PG&E cites Exhibit 84, which is a press release issued by former Governor Brown in January 2014 that declared a state of emergency due to persistent drought conditions in California. PG&E points to Paragraph 320 of the RKS Amendment and suggests that its reference to the press release is sufficient to conclude that Exhibit 84 is incorporated by reference. But Paragraph 320 does not quote this press release at all; rather, it quotes a completely different document that tangentially *mentions* the press release. Paragraph 320 states and supports the noncontroversial fact that Governor Brown had declared a state of emergency. Nevertheless, PG&E cites Exhibit 84 *offensively* in its PERA Objection (which is incorporated by reference in the RKS Objection) for the (contested) factual proposition that the "rising, unprecedented wildfire risk in California was publicized and disclosed . . . both before and during" the Relevant Period. (PERA Obj. at 47.) This is both an improper attempt at incorporation by reference of Exhibit 84 and an improper use of the doctrine to contradict the numerous well-pleaded facts in the RKS Amendment that the specific risks of PG&E's deficient wildfire and vegetation management programs were not disclosed.

Given the volume of documents PG&E has sought to incorporate by reference, the RKS Claimants respectfully submit as Appendix 1 a chart of the exhibits PG&E seeks incorporation of, where they are cited (if at all) in the RKS Amendment, and the summary basis of the RKS Claimants' objection to the incorporation, as applicable.[3]

---

[3] Insofar as the Court determines, in its discretion, to consider any document beyond the pleadings (and it should not do so), the RKS Claimants do not oppose the consideration under the doctrine of incorporation by reference of Exhibits 6, 12, 15, 18, 25, 26, 27, 28, 29, 76, 77, 80, 86, 87, 95, 96, 98, 99, and 108.

Finally, to the extent the Court concludes that any of these exhibits are incorporated by reference, it should not assume the truth of the contents of those incorporated documents "if such assumptions only serve to dispute facts stated in" the RKS Amendment. *Khoja*, 899 F.3d at 1003 ("This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016))); *see also AliveCor, Inc. v. Apple Inc.*, 592 F. Supp. 3d 904, 913 (N.D. Cal. 2022) (finding certain documents incorporated by reference but refusing to "interpret the incorporated documents to contradict well-pled factual allegations").

### C. The Court Should Deny the Entire Request for Judicial Notice As Improper

PG&E improperly seeks judicial notice of entire documents and not specific facts from those documents. As the Ninth Circuit explained in *Khoja*: "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." 899 F.3d at 999. While a court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (citation and quotation marks omitted). "A court therefore must identify what facts it is judicially noticing from a document." *United States v. Bychak*, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021). Accordingly, "the requesting party should . . . identify what facts within the document it seeks to have judicially noticed." *Id.* Failure to do so is a proper basis for denying the request for judicial notice. *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially notice nor does it explain why the court can judicially notice those facts, the court denies defendant's request for judicial notice."); *see also Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (finding requesting party's arguments "unpersuasive" given party's failure to identify what facts were to be judicially noticed). PG&E runs afoul of this standard, and therefore its request for judicial notice should be denied.

Given the volume of documents of which PG&E has asked this Court to take judicial notice, the RKS Claimants respectfully submit as Appendix 2 a chart of the exhibits PG&E seeks judicial notice of, and the summary basis of the RKS Claimants' objection to judicial notice, as applicable.

### D. The Court Should Not Consider Any of The Exhibits For the Truth of the Purported Facts Contained Therein

Even if this Court decides to take judicial notice of any specific exhibit, it should not consider the exhibit for the truth of any of the purported facts contained therein. Federal Rule of Evidence 201, applicable in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 9017, permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).

Here, PG&E seeks judicial notice of a wide range of documents, purportedly because they "were publicly available" and "their contents are not subject to reasonable dispute." (Omnibus Request at 6.) Under applicable law, this would be permissible if PG&E limited its use of the exhibits to the basic factual assertion that, for example, the document exists and contains a certain statement. Apparently desperate "to present [its] own version of the facts at the pleading stage," *Khoja*, 899 F.3d at 998-99, PG&E asks the Court to take judicial notice of these documents not simply for their existence but rather in an effort to improperly undermine the RKS Amendment's well-pled factual allegations. That request is improper.

For example, PG&E asks the court to take judicial notice of Exhibit 83, which contains the FERC testimony of Jessica Tsang, a Principal Regulatory Analyst at PG&E, concerning PG&E's Transmission and Maintenance Operation Expenses. The RKS Amendment alleges that Tsang's testimony – stating that PG&E was "in compliance with all applicable rules, standards and regulations" – was "materially false and/or misleading because it created the false impression that

PG&E was sufficiently investing in its electrical system infrastructure to reduce fires, including by replacing equipment that was antiquated, worn, or otherwise at or near the end of its useful life." (¶¶ 349-50.) Attempting to infuse the Tsang testimony with a completely different meaning, PG&E asserts that Tsang's testimony must be interpreted as concerning certain specific "funds incurred for a particular account," as opposed to whether the statement should be interpreted "as a representation that PG&E was in full compliance with all regulations at all times across the entirety of its operations." (RKS Obj. at 14-15.) In doing so, PG&E improperly asks the Court to accept its interpretation of the Tsang testimony, and thus its version of the facts at the pleading stage. *Khoja*, 899 F.3d at 999-1000 (taking judicial notice of document's existence but not the truth of its contents because it was "subject to varying interpretations") (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

Accordingly, even if the Court takes judicial notice of any exhibit, the Court should not review or use the noticed documents for the improper purpose of contradicting the factual allegations of the RKS Amendment, in particular because "there is a reasonable dispute as to what" these documents actually establish (if anything). *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez*, 655 F.3d 1182, 1193).

### III. <u>CONCLUSION</u>

The Omnibus Request should be denied. The request for judicial notice should be denied in its entirety. If incorporation by reference is granted, it should be granted only in part as to the exhibits identified in Appendix 1. If the request for judicial notice is entertained, then each of the exhibits identified in Appendix 2 should be denied judicial notice for the reasons stated herein and in Appendix 2. To the extent the Court decides to take judicial notice of any exhibits, the matters and facts asserted in such exhibits cannot be taken as true for purposes of deciding the RKS Objection.

Dated: March 15, 2024

ROLNICK KRAMER SADIGHI LLP

By: */s/ Richard A. Bodnar*

*Attorneys for the RKS Claimants*