**APPENDIX 2**[1]

**Exhibits That the Court
Should Not Judicially Notice For Their Truth**

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 1: 2012 Form 10-K | The 2012 Form 10-K is offered by PG&E to demonstrate the sufficiency of PG&E's risk disclosures, which is a disputed issue of fact. As such, the 2012 Form 10-K should not be judicially noticed for the truth of the matters asserted therein, which should be determined at summary judgment or at trial after the development of a full fact record through discovery and expert testimony.<br><br>PG&E also fails to identify the specific fact or facts it seeks to have judicially noticed. Instead, PG&E states that the Court may take notice "that the [SEC] filings were made and that the statements included within those filings were publicly disclosed." (Omnibus Request at 6.) What was "disclosed" is a matter of dispute in this case. At best, the Court may take notice that the filings contained numerous statements, including the statements PG&E cites and many other statements PG&E does not cite.<br><br>Judicial notice of this kind does not advance the determination of this proceeding at this stage. |
| Exhibit 2: 2013 Form 10-K | Same as Exhibit 1. |
| Exhibit 3: 2014 Form 10-K | Same as Exhibit 1. |
| Exhibit 4: 2015 Form 10-K | Same as Exhibit 1. |
| Exhibit 5: 2016 Form 10-K | Same as Exhibit 1. |
| Exhibit 7: Q1 2015 Form 10-Q | Exhibit 7 is not cited in the RKS Objection or the PERA Objection. There is no basis for the Court to take judicial notice of this document (or any facts therein) as to the RKS Claimants. |
| Exhibit 8: Q1 2016 Form 10-Q | Same as Exhibit 1. |
| Exhibit 9: Q3 2016 Form 10-Q | Same as Exhibit 1. |
| Exhibit 10: Sept. 16, 2015 Form 8-K | Same as Exhibit 1. |
| Exhibit 11: May 31, 2017 Form 8-K | Same as Exhibit 1. |

---

[1] Capitalized terms not otherwise defined herein retain their meanings as set forth in PG&E's Omnibus Objection.

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 13: Nov. 2, 2017 Form 8-K | Same as Exhibit 1. |
| Exhibit 14: Nov. 27, 2017 Form 8-K | Same as Exhibit 1. |
| Exhibit 16: June 11, 2018 Form 8-K | Same as Exhibit 1. |
| Exhibit 17: June 21, 2018 Form 8-K | Same as Exhibit 1. |
| Exhibit 19: Feb. 24, 2016 Pro. Supp. | Same as Exhibit 1. |
| Exhibit 20: Nov. 29, 2016 Pro. Supp. | Same as Exhibit 1. |
| Exhibit 21: Mar. 7, 2017 Pro. Supp. | Same as Exhibit 1. |
| Exhibit 22: Apr. 13, 2018 S-3 | Same as Exhibit 1. |
| Exhibit 23: Baupost Form ADV Part 2A (filed Mar. 29, 2023) | Exhibit 23 is not cited in the RKS Objection or the PERA Objection. There is no basis for the Court to take judicial notice of this document (or any facts therein) as to the RKS Claimants. |
| Exhibit 24: ESRB-4 | PG&E asks the Court to take judicial notice of the ESRB-4 document, but what facts from the document it seeks notice of is left unclear and thus notice should not be given. In particular, PG&E cites Exhibit 24 as confirmatory of statements in the TAC – for which notice is not necessary – or for propositions not contained in the document itself, such as "[t]he rising, unprecedented wildfire risk in California was publicized and disclosed by PG&E (and others) both before and during the Alleged Relevant Period." (PERA Obj. at 47.) But the ESRB-4 is not quoted and in fact never uses the terms "unprecedented" or even "rising" anywhere in it. How the ESRB-4 can be used to judicially notice a "fact" that does not appear in the document is never explained.

Even if the "facts" associated to the ESRB-4 were actually in the document, this "fact" is irrelevant and does not assist the Court in adjudicating the motion before it. Insofar as this "fact" is being used by PG&E to attempt to establish as "fact" that the market was aware of PG&E's vast safety failings, that would be an inappropriate use of judicial notice by attempting to contradict the well-pled factual allegations of the RKS Amendment. |
| Exhibit 30: CPUC Citations List | PG&E asks the Court to take judicial notice of a list of CPUC Citations under the auspices that it is a relevant fact that a fine levied April 8, 2017, of $8 million is the largest number on the list. (PERA Obj. at 15.)

This "fact" is irrelevant and does not assist the Court in adjudicating the |

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| | motion before it. Insofar as this "fact" is being used by PG&E to attempt to establish as "fact" that the market was aware of PG&E's vast safety failings, that would be an inappropriate use of judicial notice by attempting to contradict the well-pled factual allegations of the RKS Amendment. |
| Exhibit 31: Jan. 2015 $100,000 Fine | Same as Exhibit 30.<br><br>In addition, PG&E asks the Court to take judicial notice of this fine, but never specifies what fact or facts it actually seeks judicial notice of. PG&E's citations to this exhibit leave it even more unclear.<br><br>PG&E cites this exhibit (alongside 30 others, in a single block) four times:<br><br>First: "Throughout 2018, lawsuits were filed, and publicly available reports of deficiencies in PG&E's safety practices, regulatory scrutiny, and publications of audit and investigation results, increased." (PERA Obj. at 19.) This exhibit cannot possibly support a "fact" about 2018 when it comes from 2015.<br><br>Second: "Government agencies identified violations from vegetation management practices, delayed work orders, failing poles, and more." (PERA Obj. at 20.) PG&E fails to specify what part, or "fact," from this exhibit supports this sentence – or what they even wish to be judicially noticed.<br><br>Third: "Here, the alleged 'omissions' about compliance could not have been material in light of the public reports by Cal Fire, the CPUC, and the ESRB detailing their investigation of PG&E's compliance issues." (PERA Obj. at 50.) This sentence is pure argument – legal argument at that, focusing on the materiality standard. But materiality focuses on what would affect the total mix of information for a reasonable investor, and PG&E fails to specify what "fact" from this exhibit supports such an argument.<br><br>Fourth: "But PERA misses the key point that the presence of unworked trees was public knowledge, which wholly undermines an inference of scienter." (PERA Obj. at 57.) This is again pure argument and, again, PG&E has failed to specify what "fact" it seeks to be judicially noticed from this exhibit that supports this contention. If it is the mere statement that the public may have been aware that PG&E had at least one unworked tree, then judicial notice is irrelevant as PG&E makes no claim that it misrepresented having *no* unworked trees.<br><br>For the above reasons, and those discussed in the Opposition to the Omnibus Request, this exhibit should not be judicially noticed. |
| Exhibit 32: Jan. 2015 $430,000 Fine | Same as Exhibits 30 and 31. |

4

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 33: Jan. 2015 $150,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 34: 2015 Sacramento Audit | Same as Exhibits 30 and 31. |
| Exhibit 35: Mar. 2015 $200,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 36: Apr. 2015 $1.6 Billion Fine | Same as Exhibits 30 and 31. |
| Exhibit 37: 2015 Eureka Audit | Same as Exhibits 30 and 31. |
| Exhibit 38: 2015 East Bay Audit | Same as Exhibits 30 and 31. |
| Exhibit 39: 2015 Fresno Audit | Same as Exhibits 30 and 31. |
| Exhibit 40: July 2015 $450,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 41: 2015 Peninsula Audit | Same as Exhibits 30 and 31. |
| Exhibit 42: 2015 Hayward Audit | Same as Exhibits 30 and 31. |
| Exhibit 43: 2015 Metcalf Audit | Same as Exhibits 30 and 31. |
| Exhibit 44: 2015 Sonoma Audit | Same as Exhibits 30 and 31. |
| Exhibit 45: 2016 Central Coast Audit | Same as Exhibits 30 and 31. |
| Exhibit 46: Mar. 2016 $200,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 47: 2016 De Anza Audit | Same as Exhibits 30 and 31. |
| Exhibit 48: 2016 San Jose Audit | Same as Exhibits 30 and 31. |
| Exhibit 49: 2016 Moss Landing Audit | Same as Exhibits 30 and 31. |
| Exhibit 50: 2016 Midway Audit | Same as Exhibits 30 and 31. |
| Exhibit 51: 2016 Victor Audit | Same as Exhibits 30 and 31. |
| Exhibit 52: Dec. 2016 $5.45 Million Fine | Same as Exhibits 30 and 31. |
| Exhibit 53: Apr. 2017 $8 Million Fine | Same as Exhibits 30 and 31. |
| Exhibit 54: Apr. 2017 $300,000 Fine | Same as Exhibits 30 and 31. |

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 55: 2017 Yosemite Audit | Same as Exhibits 30 and 31. |
| Exhibit 56: 2017 Diablo Audit | Same as Exhibits 30 and 31. |
| Exhibit 57: June 2017 $400,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 58: Feb. 2018 $100,000 Fine | Same as Exhibits 30 and 31. |
| Exhibit 59: 2018 North Bay Audit | Same as Exhibits 30 and 31. |
| Exhibit 60: 2018 Sierra Audit | Same as Exhibits 30 and 31. |
| Exhibit 61: 2018 Sonoma Audit | Same as Exhibits 30 and 31. |
| Exhibit 62: 2018 Humboldt Audit | Same as Exhibits 30 and 31. |
| Exhibit 63: 2018 Los Padres Audit | Same as Exhibits 30 and 31. |
| Exhibit 64: SED Investigation Report of the Thomas Fire | By PG&E's own admission, this exhibit does not concern PG&E or the allegations in the RKS Amendment.  Instead, it concerns an entirely different utility company – Edison.<br><br>This exhibit does not assist the Court in adjudicating the motion before it.  Whether Edison was investigated by SED is not an issue in this matter.  PG&E was investigated by numerous governing bodies and ultimately pled guilty to numerous felony counts – which is not true of Edison.<br><br>This exhibit should not be subject to judicial notice as no "fact" in the report is relevant to the adjudication of the motion with respect to PG&E's conduct. |
| Exhibit 65: SED Investigation Report of the Woolsey Fire (undated) | Same as Exhibit 64. |
| Exhibit 66: Fire Incident Data Report | PG&E fails to identify the specific fact or facts it seeks to have judicially noticed.  Insofar as this document is cited as confirmatory of one of the allegations of the RKS Amendment, it is superfluous as the Court must take as true all well-pleaded allegations.  Insofar as it is cited to contradict the well-pleaded allegations, it is improper.<br><br>Judicial notice of this kind does not advance the determination of this proceeding at this stage. |
| Exhibit 67: CEMA Application | Same as Exhibit 66. |

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 68: PG&E's Oct. 17, 2017 Response to SED's Questions | Same as Exhibit 66. |
| Exhibit 69: SED Investigation Report of the Camp Fire | Same as Exhibit 66. |
| Exhibit 70: SED Butte Fire Report | Same as Exhibit 66. |
| Exhibit 71: Aug. 5, 2019 Report to CPUC | Same as Exhibit 66. |
| Exhibit 72: Utility Reform Network Comments | Same as Exhibit 66. |
| Exhibit 73: Stavropoulos Testimony | Same as Exhibit 66. |
| Exhibit 74: Cal Fire, Investigation Report: Butte Incident (Apr. 28, 2016) | Same as Exhibit 66. |
| Exhibit 75: News Release, Cal Fire, *CAL FIRE Investigators Determine Cause of Destructive Butte Fire* (Apr. 28, 2016) | Same as Exhibit 66. |
| Exhibit 78: News Release, Cal Fire, *CAL FIRE Investigators Determine the Cause of the Cascade Fire* (Oct. 9, 2018) | Same as Exhibit 66. |
| Exhibit 79: News Release, Cal Fire, *CAL FIRE Investigators Determine the Cause of the Tubbs Fire* (Jan. 24, 2019) | Same as Exhibit 66. |
| Exhibit 81: 2016 Cal Fire Redbook | Same as Exhibit 66. |
| Exhibit 82: Gabbard Testimony | Same as Exhibit 66. |
| Exhibit 83: Tsang Testimony | Same as Exhibit 66. |
| Exhibit 84: Press Release, State of California, *Governor Brown Declares Drought State of Emergency* (Jan. 17, 2014) | Same as Exhibit 66. |
| Exhibit 85: 2014 Drought Report | Same as Exhibit 66. |

7

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 88: Moretti Complaint | Same as Exhibit 66. |
| Exhibit 89: Weston Complaint | Same as Exhibit 66. |
| Exhibit 90: FAC | Same as Exhibit 66. |
| Exhibit 91: SAC | Same as Exhibit 66. |
| Exhibit 92: TAC | Same as Exhibit 66. |
| Exhibit 93: Directors and Underwriters' Opening Brief | Same as Exhibit 66. |
| Exhibit 94: Officer Defendants' Opening Brief | Same as Exhibit 66. |
| Exhibit 97: CPUC Response to Order to Show Cause | Same as Exhibit 66. |
| Exhibit 100: Lore OLDS Complaint | Same as Exhibit 66. |
| Exhibit 101: Lentine Complaint | Same as Exhibit 66. |
| Exhibit 102: Firemen's Ret. Sys. Complaint | Same as Exhibit 66. |
| Exhibit 103: PCG Historical Price | While it is generally appropriate for courts to take judicial notice of historical stock prices, PG&E's use of this exhibit is improper.<br><br>PG&E cites this exhibit for the "fact" that "PG&E's stock price did not react at all to these disclosures, just as the stock price did not react significantly to the Butte Fire." (PERA Obj. at 15.) Of course, what information PG&E stock reacted to on any given day is a heavily disputed issue of fact. Such issues are generally determined only after expert testimony in securities cases. PG&E's ipse dixit about what did not cause a stock price reaction – bereft of an event study or any scientific analysis – does not carry any weight.<br><br>Perhaps more egregiously, PG&E cites this exhibit for the "fact" that "PERA's new purchases were an obvious attempt to capitalize on a decreased stock price after the North Bay Fires, and not in reliance on any purported efforts by PG&E to falsely reassure investors about its safety practices." (PERA Obj. at 70.) PERA's motivations are irrelevant to the RKS Claimants. The Court cannot judicially notice this "fact" from this exhibit against the RKS Claimants in any instance.<br><br>This use highlights the problem with PG&E's attempt to smuggle in entire documents via judicial notice instead of properly laying out what *facts* they seek the Court to notice. |

| Exhibit Number and Document Title | Reasons for Objection |
|---|---|
| Exhibit 104: PG&E Company Profile | PG&E cites this exhibit for the fact that "[d]uring the relevant time period and currently, PG&E provides natural gas and electricity to approximately 16 million people across a 70,000 square mile service area in Northern and Central California." (PERA Obj. at 9.)<br><br>This fact is irrelevant to the adjudication of this motion and this Court should not take judicial notice of an entire document for the purposes of considering an irrelevant fact. |
| Exhibit 105: Facts About PG&E's Wildfire and Prevention Safety Efforts | Same as Exhibit 66. |
| Exhibit 106: Nov. 2018 Tweet | The relevant facts about this tweet, including that it occurred and its contents, are pled in the RKS Amendment. The same objection as to Exhibit 66 applies. |
| Exhibit 107: Press Release, PG&E, *In Advance of 2018 Wildfire Season, PG&E Takes Action with Comprehensive Community Wildfire Safety Program* (March 22, 2018) | Same as Exhibit 66. |
| Exhibit 109: Nov. 14, 2017 Sacramento Bee Article | Same as Exhibit 66. |
| Exhibit 110: Nov. 14, 2017 NBC Article | Same as Exhibit 66. |
| Exhibit 111: June 12, 2018 Sonoma Index-Tribune Article | Same as Exhibit 66. |
| Exhibit 112: Aug. 17, 2018 Law360 Article | Same as Exhibit 66. |
| Exhibit 113: Supplemental POC | Same as Exhibit 66. |

Insofar as the Court determines, in its discretion, to consider any document beyond the pleadings (and it should not do so), the RKS Claimants do not oppose the consideration – under incorporation by reference – of Exhibits 6, 12, 15, 18, 25, 26, 27, 28, 29, 76, 77, 80, 86, 87, 95, 96, 98, 99, and 108; further, if the Court determines to consider any documents beyond the pleadings under incorporation by reference, the January 9, 2017 Sentencing Memorandum is incorporated by reference in the RKS Amendment and is properly considered.