WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO TWENTY-NINTH SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>[Related to Docket No. 14186]<br><br>Date: March 26, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>   United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Twenty-Ninth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14186] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim (the "**Claims**") that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. The claimants whose Claims are subject to the Objection had the opportunity, after notice of the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], as later amended on November 15, 2023 [Docket No. 14139], which set a deadline of October 13, 2023 to amend their Claims or adopt the pleadings of other claimants. None of the claimants whose Claims are subject to the Objection timely filed an amendment or adopted the complaint of another claimant. The Claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

Two claimants whose Claims are subject to the Objection responded to the Objection (the "**Responding Claimants**") informally. A number of other claimants whose Claims are subject to the Objection have now resolved their Claims with the Reorganized Debtors. The Reorganized Debtors are withdrawing the Objection with respect to these now-resolved Claims. Certain other claimants, although not responding to the Objection, have contacted the Reorganized Debtors in connection with the

outstanding offers made by the Reorganized Debtors pursuant to the ADR Procedures, but those Claims are not yet resolved. Additionally, the Reorganized Debtors are continuing the Objection with respect to certain other Claims to allow the parties the further opportunity to reach a resolution.

Also, on Sunday March 10, just two days before the deadline for claimants to respond to the Objection, claimant Public Employees Retirement Association of New Mexico ("**PERA**") filed the *Motion Of Lead Plaintiff Pursuant to B.L.R. 9006-1 To Extend Time To File Response To Certain Claim Objections*, dated March 10, 2024 [Dkt. No. 14330] ("**PERA's Motion**"). PERA's Motion sought to extend the March 12, 2024 response deadline for PERA to file responses to the Objection with respect to certain claimants who have belatedly sought to adopt the PERA complaint. Although the Court has now ruled several times that PERA does not have standing to file responses to omnibus objections on behalf of other claimants,[1] the Reorganized Debtors have reached an agreement to not raise lateness as an objection to PERA's proposed filing just because PERA files a pleading on March 15, 2024 instead of March 12, 2024 with respect to certain claimants, including **ten claimants** whose Claims are subject to the Objection. However, the Reorganized Debtors reserve the right to oppose PERA's filing on all grounds other than the timeliness of PERA's filing, including that PERA does not have standing to file any responses to the Objection and that any attempt to adopt the PERA complaint by claimants after the October 13, 2023 deadline is untimely. The Reorganized Debtors are continuing the Objection as to nine of these ten claimants and the above issues will be resolved at the appropriate time. The Objection as to one of these ten claimants is being withdrawn without prejudice based on an agreement with the claimant while the parties continue to engage in the ADR process.

**NOTICE AND SERVICE**

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Twenty-Ninth*

---

[1] *See, e.g.*, Feb. 9, 2024 Hr'g Tr. at 8:4-11 ("THE COURT: Well, look, I understand that – what you want to do, but Mr. Slack takes issue with the consequences that you're essentially revisiting my ruling – two rulings about standing. I'm the one that accepted your argument, and over PG&E's objection, I allowed your firm and your colleagues to be class counsel on a noncertified class basis. But I didn't revisit and didn't decide to revisit the standing question"); *see also* October 17, 2023 *Order Overruling PERA's Objection To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 14081]; October 15, 2023 *Docket Text Order*; June 11, 2021 *Order Overruling PERA's Opposition To Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10769].

*Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14188] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Twenty-Ninth Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14187] (the "**McWilliams Declaration**"). The Objection, the Notice of Hearing, and the McWilliams Declaration were served as described in the Certificate of Service of Liz Santodomingo, filed on January 8, 2024 [Docket No. 14256] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received the following informal responses:

| Claimant | Claim Nos. | Resolution |
| --- | --- | --- |
| Berger, Sandra | 104592 | Claimant informally responded to the Objection and Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Deutsche Bank | 108187 | Claimant informally responded to the Objection. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

In addition, the Reorganized Debtors are continuing the Objection as to the following Claimants:

| Claimant | Claim Nos. | Resolution |
| --- | --- | --- |
| Morando, James | 99104 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Mary Ellen Heller Marital Trust #2 | 98483 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Covarrubias Federico P & Maria | 100515 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Carroll, Mickey M. | 100524; 100532 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| McLean, Malcolm | 99424 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Irby, Jessica Lea | 100037 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Michael Keenan Charles Schwab & Co Cust IRA Contributory | 105460 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Schooler, Robert | 97765 | Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| All Country World Low Volatility Equity Fund, L.P. | 109907 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to later seek a default or pursue the Objection. |
| Tennessee Consolidated Retirement System | 100570 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Tennessee Consolidated Retirement System | 100594 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

In addition, the Reorganized Debtors are withdrawing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Lucent Technologies Inc. Master Pension Trust-PORTLC | 101104 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Independent Portfolio Consultants | 108235 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Stratton Management | 108373 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Sendero Wealth Management | 108423 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Silver Creek CS SAV - Nantahala | 104062 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Miller, Gloria | 99728 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Franken, Charles | 99143 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Dorothy L Freeman TTEE | 99698 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Taal Master Fund LP | 99979 | Claimant and the Reorganized Debtors are engaged in the ADR process and the Reorganized Debtors have agreed to withdraw the Objection, without prejudice, as to Claimant as a result. As noted above, the withdrawal is without prejudice to the Reorganized Debtors' right to refile the Objection as to the Claim or object to the Claim on the basis of the Objection or any other basis at a later date. In addition, Claimant is among the ten claimants subject to the Objection who the Reorganized Debtors understand has indicated a desire to late-adopt the PERA complaint, but the Reorganized Debtors had already agreed to withdraw the Objection as to this claimant without prejudice. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated: March 21, 2024

      **WEIL, GOTSHAL & MANGES LLP**
      **KELLER BENVENUTTI KIM LLP**

      By: */s/ Richard W. Slack*
      Richard W. Slack
      *Attorneys for Debtors and Reorganized Debtors*