WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO THIRTIETH SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND NOTEHOLDER SECURITIES CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>**[Related to Docket No. 14189]**<br><br>Date: March 26, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>  United States Bankruptcy Court<br>  Courtroom 17, 16th Floor<br>  San Francisco, CA 94102 |

# REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations And Noteholder Securities Claims)* [Docket No. 14189] (the "**Objection**").

# RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim (the "**Claims**") on two independent grounds. First, the Objection seeks to disallow and expunge Claims that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the Claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. The Claimants whose Claims are subject to the Objection had the opportunity, after notice of the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], as later amended on November 15, 2023 [Docket No. 14139], which set a deadline of October 13, 2023 to amend their Claims or adopt the pleadings of other claimants. None of the claimants whose Claims are subject to the Objection timely filed an amendment or adopted the complaint of another claimant.

Second, the Objection seeks to disallow and expunge Claims that were filed by securities claimants who held Utility Senior Note Claims, as defined by *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (together with any exhibits or schedules thereto, the "**Plan**"), confirmed by the Court's June 20, 2020 Order [Docket No. 8053], at the time of the July 1, 2020 Effective Date [see Docket No. 8252]. These Claimants are Releasing Parties under the Plan and therefore released the Reorganized Debtors from "any and all claims, interests, obligations,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever . . . based on or relating to, or in any manner arising from . . . the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is Treated in the Plan." Plan § 10.9(b).

The Claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

No claimants whose Claims are subject to the Objection responded to the Objection either formally or informally. A number of claimants whose Claims are subject to the Objection contacted the Reorganized Debtors in connection with the settlement offers made pursuant to the ADR Procedures and have now resolved their Claims with the Reorganized Debtors. The Reorganized Debtors are withdrawing the Objection with respect to these now-resolved Claims. Additionally, the Reorganized Debtors are continuing the Objection with respect to one other Claim to allow the parties the further opportunity to reach a resolution.

Also, on Sunday March 10, just two days before the deadline for claimants to respond to the Objection, claimant Public Employees Retirement Association of New Mexico ("**PERA**") filed the *Motion Of Lead Plaintiff Pursuant to B.L.R. 9006-1 To Extend Time To File Response To Certain Claim Objections*, dated March 10, 2024 [Dkt. No. 14330] ("**PERA's Motion**"). PERA's Motion sought to extend the March 12, 2024 response deadline for PERA to file a response to the Objection with respect to certain claimants, including four claimants whose Claims are subject to the Objection, who have belatedly sought to adopt the PERA complaint. Although the Court has now ruled several times that PERA does not have standing to file responses to omnibus objections on behalf of other claimants,[1] the

---

[1] *See, e.g.*, Feb. 9, 2024 Hr'g Tr. at 8:4-11 ("THE COURT: Well, look, I understand that – what you want to do, but Mr. Slack takes issue with the consequences that you're essentially revisiting my ruling – two rulings about standing. I'm the one that accepted your argument, and over PG&E's objection, I allowed your firm and your colleagues to be class counsel on a noncertified class basis. But I didn't revisit and didn't decide to revisit the standing question"); *see also* October 17, 2023 *Order Overruling PERA's Objection To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 14081]; October 15, 2023 *Docket Text Order*; June 11, 2021 *Order Overruling PERA's Opposition To Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10769].

Reorganized Debtors have reached an agreement to not raise lateness as an objection to PERA's proposed filing just because PERA files a pleading on March 15, 2024 instead of March 12, 2024 with respect to the these certain claimants, including the four claimants whose Claims are subject to the Objection. However, the Reorganized Debtors reserve the right to oppose PERA's filing on all grounds other than the timeliness of PERA's filing, including that PERA does not have standing to file any response to the Objection and that any attempt to adopt the PERA complaint after the October 13, 2023 deadline is untimely. The Reorganized Debtors are continuing the Objection as to these four claimants and the above issues will be resolved at the appropriate time.[2]

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations And Noteholder Securities Claims)* [Docket No. 14192] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Angela Ferrante in Support of Reorganized Debtors' Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Noteholder Securities Claims)* [Docket No. 14191] (the "**Ferrante Declaration**"), and the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Thirtieth Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Noteholder Securities Claims)* [Docket No. 14190] (the "**McWilliams Declaration**") The Objection, the Notice of Hearing, and the Ferrante and McWilliams Declarations were served as described in the Certificate of Service of Liz Santodomingo, filed on January 8, 2024 [Docket No. 14256] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received no responses to the Objection. However, the Reorganized Debtors are continuing the Objection as to the following claimants:

---

[2] The PERA response only relates to the "sufficiency" ground of the Objection. None of the four claimants who have belatedly sought to adopt the PERA complaint have responded to the "release" ground of the Objection. Although the Objection is being continued as to these four claimants on both grounds, the Reorganized Debtors intend to move forward with the "release" portion of the Objection at a later date.

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Lucent Technologies Inc. Defined Contribution Plan Master Trust | 99724 | The Reorganized Debtors understand Claimant has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Lucent Technologies Inc. Master Pension Trust | 99426 | The Reorganized Debtors understand Claimant has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| Mason Tenders District Council Annuity Fund | 98871 | The Reorganized Debtors understand Claimant has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| State of Idaho Endowment Fund Investment Board | 104701 | The Reorganized Debtors understand Claimant has indicated a desire to late-adopt the PERA complaint. The Reorganized Debtors are continuing the Objection to a future hearing date. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |
| MUFG Union Bank, N.A. Retirement Plan | 101417 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

In addition, the Reorganized Debtors are withdrawing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| B.C. Ziegler and Company | 108227 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| BP Master Trust for Employee Pension Plans | 103046 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Oakland County Employees Retirement System | 101265; 101440 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated: March 21, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*