WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO THIRTY-FIRST SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND SECURITIES ADR NO LIABILITY CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>[Related to Docket No. 14193]<br><br>Date: March 26, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Thirty-First Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Securities ADR No Liability Claims)* [Docket No. 14193] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim (the "**Claims**") on two independent grounds. First, the Objection seeks to disallow and expunge Claims that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the Claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. The Claimants whose Claims are subject to the Objection had the opportunity, after notice of the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], as later amended on November 15, 2023 [Docket No. 14139], which set a deadline of October 13, 2023 to amend their Claims or adopt the pleadings of other claimants. None of the claimants whose Claims are subject to the Objection timely filed an amendment or adopted the complaint of another claimant.

Second, the Objection seeks to disallow and expunge Claims where the claimants have failed to respond to settlement offers made by the Reorganized Debtors pursuant to the Court's ADR Procedures Order notwithstanding multiple communications from the reorganized Debtors seeking a response from these claimants. The Claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

No claimants whose Claims are subject to the Objection responded to the Objection either

formally or informally. The Reorganized Debtors are withdrawing the Objection as to a claimant whose Claim is subject to the Objection, Bruce Allen Davis, IRA, which has now resolved its Claim with the Reorganized Debtors. The Reorganized Debtors are also continuing the Objection as to one other claimant to allow the parties the further opportunity to resolve the claim.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Thirty-First Securities Claims Omnibus Objection (Insufficient Substantive Allegations And Securities ADR No Liability Claims)* [Docket No. 14195] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Thirty-First Securities Claims Omnibus Objection (Insufficient Substantive Allegations and Securities ADR No Liability Claims)* [Docket No. 14197] (the "**McWilliams Declaration**"). The Objection, the Notice of Hearing, and the McWilliams Declaration were served as described in the Certificate of Service of Liz Santodomingo, filed on January 8, 2024 [Docket No. 14256] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received no responses to the Objection. However, the Reorganized Debtors are withdrawing or continuing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim Nos. | Resolution |
|---|---|---|
| Bruce Allen Davis, IRA | 99852 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Manulife Investment Management | 100620; 101020; 101114 | Claimant has contacted the Reorganized Debtors pursuant to the offer process, but the Claim has not yet been resolved. The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated: March 21, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*