WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO THIRTY-SEVENTH SECURITIES CLAIMS OMNIBUS OBJECTION (INSUFFICIENT SUBSTANTIVE ALLEGATIONS CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>**[Related to Docket No. 14213]**<br><br>Date: March 26, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>    United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14213] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim (the "**Claims**") that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. The claimants whose claims are subject to the Objection had the opportunity, after notice of the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], as later amended on November 15, 2023 [Docket No. 14139], which set a deadline of October 13, 2023 to amend their Claims or adopt the pleadings of other claimants. None of the claimants whose Claims are subject to the Objection timely filed an amendment or adopted the complaint of another claimant. The Claims subject to the Objection are listed in **Exhibit 1** thereto.

## REPORT ON RESPONSES

One claimant, Duval F. Dickey, Jr., whose claim is subject to the Objection appeared to respond to the Objection by letter to the Court, dated February 28, 2024, and filed on the Docket on March 7, 2024. *See* Docket No. 14325 (the "**Dickey Letter**"); *see also* March 13, 2024 *Order Sealing Pro Se Letters* [Docket No. 14336]. Although the Dickey Letter states that it is directed to the Twenty-Seventh Securities Omnibus Objection, given the timing and content of the Dickey Letter, the Reorganized

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors treat the Dickey Letter as a response to the Objection.[1] Mr. Dickey has also sought to belatedly adopt the complaint of claimant Public Employees Retirement Association of New Mexico ("**PERA**"), discussed below.

On Sunday March 10, just two days before the deadline for claimants to respond to the Objection, PERA filed the *Motion Of Lead Plaintiff Pursuant to B.L.R. 9006-1 To Extend Time To File Response To Certain Claim Objections*, dated March 10, 2024 [Dkt. No. 14330] ("**PERA's Motion**"). PERA's Motion sought to extend the March 12, 2024 response deadline for PERA to file a response to the Objection with respect to certain claimants who have belatedly sought to adopt the PERA complaint, including Mr. Dickey. Although the Court has now ruled several times that PERA does not have standing to file responses to omnibus objections on behalf of other claimants,[2] the Reorganized Debtors have reached an agreement to not raise lateness as an objection to PERA's proposed filing just because PERA files a pleading on March 15, 2024 instead of March 12, 2024 with respect to these expressly identified claimants whose claims are subject to certain of the omnibus objections. However, the Reorganized Debtors reserve the right to oppose PERA's filing on all grounds other than the timeliness of PERA's filing, including that PERA does not have standing to file any response to the Objection and that any attempt to adopt the PERA complaint after the October 13, 2023 deadline is untimely. Because the Reorganized Debtors are continuing the Objection as to Mr. Dickey because of the Dickey Letter, the Reorganized Debtors are taking no additional actions at this time as a result of PERA's Motion as it

---

[1] Mr. Dickey's claim was also subject to the Reorganized Debtors' Twenty-Seventh Securities Claims Omnibus Objection (Voluntary Release and Securities ADR No Liability Claims) [Docket No. 14091], which was based on Mr. Dickey's failure to respond to the Reorganized Debtors' offer to settle and his voluntary release of the claim as part of the Plan approval process. Mr. Dickey also filed an informal response letter to that objection and the objection was continued subject to the Reorganized Debtors' right to set the objection to Mr. Dickey's claim at a later date.

[2] *See, e.g.*, Feb. 9, 2024 Hr'g Tr. at 8:4-11 ("THE COURT: Well, look, I understand that – what you want to do, but Mr. Slack takes issue with the consequences that you're essentially revisiting my ruling – two rulings about standing. I'm the one that accepted your argument, and over PG&E's objection, I allowed your firm and your colleagues to be class counsel on a noncertified class basis. But I didn't revisit and didn't decide to revisit the standing question"); *see also* October 17, 2023 *Order Overruling PERA's Objection To Reorganized Debtors' Twenty-Sixth Securities Claims Omnibus Objection (Securities ADR No Liability Claims)* [Dkt. No. 14081]; October 15, 2023 *Docket Text Order*; June 11, 2021 *Order Overruling PERA's Opposition To Debtors' First Securities Claims Omnibus Objection* [Dkt. No. 10769].

relates to Mr. Dickey's claim.

One other Claimant whose Claim is subject to the Objection contacted the Reorganized Debtors in connection with the settlement offer made pursuant to the ADR Procedures and has now resolved its Claims with the Reorganized Debtors. The Reorganized Debtors are withdrawing the Objection with respect to this now-resolved Claim. Certain other claimants, although not responding to the Objection, have contacted the Reorganized Debtors in connection with the outstanding offers made by the Reorganized Debtors pursuant to the ADR Procedures, but those Claims are not yet resolved. The Reorganized Debtors are continuing the Objection with respect to those Claims to allow the parties the further opportunity to reach a resolution.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14215] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Docket No. 14214] (the "**McWilliams Declaration**"). The Objection, the Notice of Hearing, and the McWilliams Declaration were served as described in the Certificate of Service of Nathan Chen, filed on January 10, 2024 [Docket No. 14265] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received the following formal response:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Dickey Jr., DuVal F. | 98864 | Claimant responded to the Objection. The Reorganized Debtors are continuing the Objection as to Claimant to a future hearing date as a result of his response. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection. In addition, the Reorganized Debtors understand Claimant has indicated a desire to late-adopt the PERA complaint, but the Reorganized Debtors had already determined to continue the Objection as to this claimant without prejudice. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

In addition, the Reorganized Debtors are withdrawing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim No. | Resolution |
|---|---|---|
| NDSIB - Legacy Fund | 109891 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| North Dakota State Investment Board - Insurance Trust | 107296 | Claimant withdrew its Claim that is the subject of the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |
| Best Investment Corporation | 101927 | Claimant and Reorganized Debtors have resolved the Claim that is subject to the Objection, and the Reorganized Debtors have therefore withdrawn the Objection as to Claimant. |

In addition, the Reorganized Debtors are continuing the Objection as to the following Claims for the reasons stated below:

| Claimant | Claim No. | Resolution |
|---|---|---|
| Allspring Core Bond CIT | 109915 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Allspring Core Bond II CIT | 109916 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Allspring Factor Enhanced Large Cap Core CIT | 109918 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Claimant | Claim No. | Resolution |
|---|---|---|
| Allspring Global Long/Short Fund - Long | 109913 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Allspring Mid Cap Value Portfolio | 109938 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Allspring U.S. Long/Short Fund - Long | 109914 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Global Long Short Equity Fund Ii, L.P. | 109910 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Global Low Volatility Fund, L.P. | 109909 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |

| Claimant | Claim No. | Resolution |
|---|---|---|
| Kokusai Low Volatility | 109908 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| MEPT - Global Low Vol | 109920 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| Principal/Multi-Manager Liability Driven Solution CIT III | 109917 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| SEI Global Master Fund plc-Global Managed Volatility Fund | 109929 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| SEI Institutional Investments Trust-Global Managed Volatility Fund | 109930 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Claimant | Claim No. | Resolution |
|---|---|---|
| SEI Institutional Investments Trust-US Managed Volatility Fund | 109931 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| SEI Institutional Managed Trust-Global Managed Volatility Fund | 109928 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| SEI Institutional Managed Trust-US Managed Volatility Fund | 109932 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| US Low Volatility Fund LP | 109911 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |
| WF (LUX) Worldwide Fund - Global Low Volatility Equity Fund | 109912 | The Reorganized Debtors are continuing the Objection as to Claimant to allow the Reorganized Debtors and Claimant the opportunity to resolve the claim. The continuance is without prejudice to the Reorganized Debtors' right to pursue the Objection and the Reorganized Debtors reserve the right to move to default Claimant at any time for Claimant failing to timely respond to the Objection. |

# DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection, except as described herein.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed above.

Dated: March 21, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# Exhibit A

**Claims to be Disallowed and Expunged**