| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>**KELLER BENVENUTTI KIM LLP**<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: (415) 496-6723<br>Fax: (650) 636-9251 | **LATHAM & WATKINS LLP**<br>Joshua G. Hamilton (#199610)<br>(joshua.hamilton@lw.com)<br>Michael J. Reiss (#275021)<br>(michael.reiss@lw.com)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, California 90067<br>Tel: (424) 653-5500<br><br>**LATHAM & WATKINS LLP**<br>James E. Brandt (*pro hac vice*)<br>(james.brandt@lw.com)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: (212) 906-1200 |

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE*** **APPLICATION FOR ORDER PURSUANT TO L.B.R. 9006-1 EXTENDING TIME FOR REORGANIZED DEBTORS' REPLY IN SUPPORT OF OBJECTIONS TO CERTAIN SECURITIES CLAIMS**<br><br>**[Related to Docket Nos. 14200, 14203, 14206]**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**") for an order, pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), extending the time for the Reorganized Debtors to file one or more reply briefs in support of the (i) the *Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection To PERA and Securities Act Plaintiffs' TAC, Including To Certain Claimants That Adopted The TAC* [Dkt. No. 14200] (the "**PERA Objection**"), (ii) the *Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection To Claims Adopting RKS Amendment* [Dkt. No. 14203] (the "**RKS Objection**"), and (iii) the *Reorganized Debtors' Thirty-Fifth Securities Claims Omnibus Objection To The Baupost Amendment* [Dkt. No. 14206] (the "**Baupost Objection**," and collectively with the PERA Objection and the RKS Objection, the "**Objections**"),[1] which the Reorganized Debtors filed on December 13, 2023. The Reorganized Debtors seek a modest extension of 14 days to file one or more reply briefs in support of the Objections. Counsel for the Reorganized Debtors has conferred with counsel to the principal respondents of each of the Objections and, as described in the *Declaration of Michael J. Reiss in Support of* Ex Parte *Application for Order Pursuant to L.B.R. 9006-1 Extending Time for Reorganized Debtors' Reply in Support of Objections to Certain Securities Claims*, each of them has affirmatively stated that they do not object to or will not oppose the relief requested herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objections.

Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252].

## III. ISSUES ADDRESSED IN THE OBJECTIONS; RESPONSES RECEIVED

The Objections address the merits of lengthy allegations in pleadings incorporated into proofs of claim filed by certain holders of securities claims. The Objections describe the factual and procedural background of these securities claims, and present detailed arguments that the claimants failed to state claims under both the Securities Exchange Act of 1934 (the "**Exchange Act**") and the Securities Act of 1933 (the "**Securities Act**"). These include arguments relating to falsity, scienter, loss causation, reliance, statutory damages, statutes of limitations, and other areas of securities law. Each issue requires close analysis and detailed application of the law to the facts asserted by the claimants—especially considering that the allegations implicate PG&E's public disclosures over a 3.5 year period. The RKS Objection and the Baupost Objection, which incorporate the PERA Objection, address additional allegations and/or claims raised in the RKS Amendment and the Baupost Supplemental Proof of Claim, respectively.

On December 19, 2023, the Court held a conference to set a schedule on the briefing for the Objections. In a docket entry posted the same day, the Court set March 15, 2024, as the last day for parties to respond to the Objections, and April 30, 2024, as the last day for the Reorganized Debtors to reply.

On March 15, 2024, a number of parties filed responses to the Objections, joinders to those responses, and related motions and evidentiary objections. *See* Dkt. Nos. 14340, 14342, 14343, 14344, 14346, 14347, 14348, 14350, 14351, 14352, 14353, 14354, 14355, 14356, 14357, 14358, and 14359

(collectively, the "**Responses**").  The Responses and their supporting documents total many hundreds of pages.

## IV. AN EXTENSION OF TIME FOR THE REORGANIZED DEBTORS TO REPLY IS WARRANTED

Absent a stipulation, under Bankruptcy Local Rule 9006-1(a), "approval of the Court is required to enlarge or shorten time to perform any act or to file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Rules."  B.L.R. 9006-1(a); *see also* Fed. R. Bankr. P. 9006(b) ("[W]hen an act is required or allowed to be done at or within a specific period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . .").  Good cause exists here to approve an extension of two weeks, from April 30, 2024 to May 14, 2024, for the Reorganized Debtors to file their reply brief(s) in support of the Objections.

First, counsel to the Reorganized Debtors has already conferred with counsel to PERA, the RKS Claimants, and Baupost, who have agreed to or do not oppose this extension.

Second, the Responses and their supporting papers are lengthy and address many complex issues, requiring additional time to respond.

Third, at this time, no hearing has been set on the Objections, and no briefing is scheduled beyond the Reorganized Debtors' current reply deadline.  Therefore, the effect of the time modification requested herein will have no material effect on any scheduled matter for these Chapter 11 Cases generally.

Finally, the Reorganized Debtors have made no previous requests to modify the briefing schedule for reply brief(s) in support of the Objections.

Accordingly, the Reorganized Debtors believe it is appropriate for the Court to grant the modest two-week extension under Bankruptcy Local Rule 9006-1.

## V. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who are respondents to the Objections; (iii) all counsel and parties receiving electronic notice through the

Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (a) extending the time for the Reorganized Debtors to file one or more reply briefs in support of the Objections to May 14, 2024; and (b) awarding such other and further relief as the Court may deem just and appropriate.

Dated: March 29, 2024

**WEIL, GOTSHAL & MANGES LLP**
**LATHAM & WATKINS LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Michael J. Reiss*
      Michael J. Reiss

*Attorneys for Debtors and Reorganized Debtors*