| From: | Molton, David J. |
|---|---|
| To: | condote59@gmail.com |
| Cc: | Cicero, Gerard T.; Sieger-Grimm, Susan |
| Subject: | Sayegh Brothers Motion |
| Date: | Thursday, January 4, 2024 9:09:36 AM |
| Attachments: | [12-1-2023 Dkt 14156] Memorandum on Recent Correspondence from Fire Victims.pdf |

Mr. Bush,

We have received and considered your email of December 27, 2023.

It is unfortunate that, in response to my October 5, 2023 letter, which provides a thorough explanation of the reasons why we submit that your positions could not be successful in the BankruptcyCourt, you continue to threaten litigation against the Fire Victim Trust. As I explained in my earlier letter, Section 1123(a)(4) of the Bankruptcy Code addresses the content of a Chapter 11 plan and has no applicability to the administration of claims by the Trust.

As you know, the PG&E Chapter 11 plan was approved by the Court three-and-a-half years ago. It grants the Trust the exclusive authority, in accordance with the Trust's governing documents, to determine the proper compensation to be awarded on account of Fire Victim Claims. In fact, Judge Montali recently recognized: "[T]here is no recourse [in the Bankruptcy Court] for the claimants who have recently reached out to this court. Further, there is no recourse in this court for any dissatisfied Fire Victim Claimants aside from those who [preserved their rights by objecting to the terms of the Trust Agreement and Claims Resolution Procedures]." [Docket Entry No. 14156]. I have attached the Court's December 1, 2023 memorandum for your information.

We hope you reconsider your threatened litigation. If you decide to proceed with this course of action, the Trust, of course, reserves all rights and will respond accordingly.

Best,
David Molton



Signed and Filed: December 1, 2023

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>        - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>     Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**MEMORANDUM REGARDING RECENT CORRESPONDENCE**
**FROM FIRE VICTIM CLAIMANTS**

In recent weeks, the court has received correspondence from the following Fire Victim Claimants expressing dissatisfaction with the Fire Victim Trust's handling of their claims, and/or seeking the court's review and guidance regarding payment from the Fire Victim Trust: Thomas J. Kelly (Dkt. 14123); David Edward Martin (Dkt. 14125, 14126); Elizabeth Hess (Dkt. 14132);

Case: 19-30088   Doc# 14386   Filed: 12/01/23   Entered: 12/01/23 11:59:01   Page 1 of 5
Case: 19-30088   Doc# 14381   Filed: 12/00/23   Entered: 12/00/23 13:15:01   Page 2 of 4

and Daniel Skinner (Dkt. 14151).  The purpose of this Order is to explain and emphasize to those and other similarly situated claimants the court's limited role in these matters.

The court's *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (Dkt. 8053), which incorporates the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (Dkt. 8048); the *Ninth Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (Dkt. 8057); and the court's *Order on the Joint Statement of the TCC, Trustee, Debra Grassgreen and Karl Knight, and Eric and Julie Carlson, Joined, In Part, by Mary Wallace, Regarding Unresolved Objections to the Fire Victim Claims Resolution Procedures* (Dkt. 8235) established the Fire Victim Trust as an entity separate from the court in handling the resolution and payment of Fire Victim Claims.  Per those documents, Individual Eligible Claimants, as defined therein, who did not submit and file an Individual Election Notice by the specified deadline would be deemed to accept the Trustee Determination of his or her claim and that Trustee Determination is final, non-appealable, and not subject to review by any court.

Accordingly, there is no recourse here for the claimants who have recently reached out to this court.  Further, there is no recourse in this court for any dissatisfied Fire Victim Claimants aside from those who specifically preserved the right to do so, who are named in the above-mentioned documents.

To the extent that a claimant is aware that the attorney who has represented him or her in the filing and resolution of their Fire Victim Claim is acting inappropriately, that claimant may wish to file a complaint about that specific attorney with the California State Bar or consult counsel about other options.

The court continues to encourage the Fire Victim Trust to work with claimants not only to quickly resolve and pay out Fire Victim Claims but to help claimants, many of whom have been waiting many years for payment, to understand any Final Determination that is offered.

**\*\*END OF MEMORANDUM\*\***

**COURT SERVICE LIST**

Thomas J. Kelly
2665 Lakewest Drive
Chico, CA 95928

David Edward Martin
3108 Aloha Lane
Chico, CA 95973

Elizabeth Hess
c/o Joseph M. Earley
2561 California Park Dr. Suite 100
Chico, CA 95928
hesselizabeth481973@gmail.com

Daniel Skinner
c/o Levin Law Group PLC
2615 Forest Ave., Ste. 120
Chico, CA 95928
daniel.skinner85@gmail.com

-4-