**brown**rudnick

DAVID J. MOLTON
dmolton@brownrudnick.com

October 5, 2023

Michael Bush
Zink & Lenzi
250 Vallombrosa Avenue, Suite 175
Chico, California 95926

RE: <u>Fire Victim Trust CQ ID 10000857</u>

Dear Mr. Bush:

As you know, our firm represents Cathy Yanni, in her capacity as Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**"). We are in receipt of your letters dated September 13, 2023 and September 14, 2023 (the "**Letter Demands**") regarding the adjudication and resolution of your client's Fire Victim Claim, CQ ID 10000857 (the "**Claim**").

In your September 14, 2023 letter, you state that the Approved Claim Amount for your client's Claim, which Claim was afforded all appeals available under the Trust Documents and became a Final Determination upon the exhaustion of all appeals, "will not be accepted as payment for this claim." Instead, your Letter Demands threaten litigation against the Trust unless the Trust capitulates to your demands and treats your clients' claims inconsistent with – and more favorable than – the manner in which substantially similar claims have been treated, all in accordance with the governing Trust Documents. To be clear, the Trust has not compensated any claimant for the duration of loss you demand. For the reasons that follow we believe such a course of action is ill-advised.

The Trust evaluates all eligible Fire Victim Claims pursuant to established, consistently applied criteria developed in accordance with the Trust's Claims Resolution Procedures ("**CRP**"). The Fire Victim Trust Agreement (the "**Trust Agreement**"), approved by the Bankruptcy Court along with the CRP as part of the *Ninth Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 8057-1] provides: "The Claims Administrator shall have reasonable discretion in the means and methods in carrying out the duty of resolving Fire Victim Claims consistently with the CRP." Trust Agreement § 2.3. The Trust Agreement further grants the Claims Administrator, in conjunction with the Trustee, "the power and obligation to evaluate, disallow, resolve, settle, and approve any and all Fire Victim Claims in accordance with the CRP without the need to seek the approval of the Bankruptcy Court for any actions taken with respect to the determination of Fire Victim Claims." Trust Agreement § 2.3(b)(i).

Simply put, the Trust's determination of your clients' claims is not contrary to California law. The Bankruptcy Court's opinion regarding inverse condemnation to which you cite was concerned only with whether the doctrine of inverse condemnation is applicable to private owned utilities. It does not support the proposition that your suggested method of valuing your clients' claims is in fact the correct method. The Debtors argued that they were not subject to the inverse condemnation doctrine to avoid strict liability, not to dictate the method of valuing claims but to avoid paying them altogether. The Trust addressed this issue by providing that, for the purposes of claims determination, "PG&E's negligence and/or equipment

Case: 19-30088  Doc# 14388-2  Filed: 04/02/24  Entered: 04/02/24 13:59:11  Page 1 of 2



is deemed to be a substantial factor in causing all Fires." Additionally, the Court determined that attorneys' fees under the doctrine of inverse condemnation must be considered and applied by the Trust.

Your assertion that the Trust offers "preferential service to some law firms" in the form of "weekly advice sessions" similarly lacks merit. Unremarkably, the Trust has engaged with firms with large numbers of claims in an effort to ensure that the Trust could timely process more than two hundred and fifty thousand unique claims that were asserted in the Trust. Firms with large claim inventories were provided the same information made available to other claimants, including those without counsel. These meetings addressed logistical and process issues such as ensuring that the firms with large volumes of claims were submitting necessary documentation and other information in a timely and accurate fashion. By preventing bottle necks in claims processing, this effort benefitted all claimants, including your client, despite your expressed incredulity at the idea. To be clear, the Trust has steadfastly adhered to the Trust Documents and has consistently applied the eligibility criteria developed in accordance with the Trust Documents across all damage types, regardless of the claimant.

As explained above, there has been no disparity in the treatment of similarly situated claims and the Trust has at all times applied the same standards uniformly in the administration of all Fire Victim Claims. There has been no potential violation of the Bankruptcy Code as you claim in your September 14 letter. Moreover, 11 U.S. C. § 1123(a)(4) addresses the content of a Chapter 11 plan and has no applicability to the administration of claims by the Trust. The only provision regarding the administration of Fire Victim Claims in the Debtors' plan of reorganization is found in section 6.7(d), which states: "Fire Victim Claims shall be administered by a Fire Victim Trust and the Fire Victim Trust Oversight Committee independent of the Debtors." The Confirmation Order reiterates this statement.

The Letter Demands fail to establish any violation of the Debtors' plan of reorganization, the Confirmation Order, the Trust Agreement, the CRP or any California or federal law. Rather, the Letter Demands threaten specious litigation that amounts to no more than a request for judicial review of the Claim if the Trust does not provide your client with a higher damage award that it is due under the CRP. Section 105 of the Bankruptcy Code does not, and simply cannot, create a cause of action where one does not otherwise exist. The Bankruptcy Court approved the CRP and the Trustee's ability to adjudicate claims on a final basis; the Bankruptcy Court has also been clear and consistent in upholding the Trustee's final authority.

Your client has exhausted all appeals provided by the Court-approved CRP, and your client's Claim award has now become a Final Determination. That Final Determination is not subject to further review.

The Trust reserves all and does not waive any of its rights, including its right to seek reimbursement of its costs (which diminish the funds available to pay all Fire Victims) if you pursue frivolous litigation in the Bankruptcy Court in connection with this matter.

Sincerely,

**BROWN RUDNICK LLP**

David J. Molton