BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Fire Victim Trustee*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**EX PARTE MOTION OF THE FIRE VICTIM TRUSTEE TO FILE CONFIDENTIAL CLAIMANT SUBMISSION TO FIRE VICTIM TRUST UNDER SEAL**<br><br>[No Hearing Requested] |

Cathy Yanni, in her capacity as the Trustee (the "**Trustee**") of the Fire Victim Trust (the "**Trust**"), by and through her undersigned counsel, hereby submits this motion (the "**Sealing Motion**") pursuant to sections 105(a) and 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Trustee to file an unredacted copy of a certain claimant's confidential submission to the Fire Victim Trust (the "**Confidential Claimant Submission**") under seal, and (ii) directing that the unredacted copies of the Confidential Claimant Submission provided to the Court shall remain under seal and confidential and not be made available to anyone without the consent of the Trustee and the claimant or further order from the Court.

In support of the Sealing Motion, the Trustee submits the Declaration of Cathy Yanni, in her capacity as Trustee (the "**Yanni Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. RELEVANT BACKGROUND

1. On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors filed the

1  Chapter 11 Cases to address the billions of dollars of damage and loss relating to the devastating 2015, 2017 and 2018 California fires and to provide compensation to wildfire victims.

2. On June 19, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (together with all schedules and exhibits thereto, the "**Plan**").[1] The Plan, which, among other things, addresses the claims of more than 70,000 Fire Victim Claimants through the creation and funding of the Trust, was the product of months of vigorous and intense negotiations between various stakeholders and was overwhelmingly supported by Fire Victim Claimants.

3. On June 20, 2020, the Bankruptcy Court entered the *Order Confirming Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8053] (the "**Confirmation Order**") and the Effective Date of the Plan occurred on July 1, 2020. Pursuant to the Plan and Confirmation Order, the Trust was established on the Effective Date. The confirmation of the Plan avoided costly and time-consuming litigation and implemented a Fire Victim Trust designed to ensure the most equitable and efficient payment of Fire Victim Claims.

4. The terms of the Fire Victim Trust Agreement (the "**Trust Agreement**") and the Fire Victim Trust Claims Resolution Procedures (the "**CRP**," and together with the Trust Agreement, the "**Trust Documents**") were the product of vigorous negotiations, including the resolution of objections lodged by Fire Victim Claimants ranging from individual claimants proceeding *pro se* to large corporate claimants with robust legal representation. Nothing in the Trust Document was spared the close inspection and analysis of all parties.

5. The Trust Documents were contained in the *Ninth Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Dkt. 8057] (the "**Ninth Plan Supplement**"). The Confirmation Order incorporates the Ninth Plan Supplement.

6. On February 20, 2024, Sayegh Brothers, Inc. ("**Sayegh Brothers**") filed a *Motion To Determine If The Trustee Modification Of The Claim Resolution Procedure Was Approved By The*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Bankruptcy Court And If Not So Approved To Grant Requested Relief Under 11 U.S.C. § 105(a) and § 1142(a) B.L.R. 9014-1 (b)(3)* [Docket No. 14319] (the "**Sayegh Brothers Motion**").

7. The Trustee filed an objection (the "**Objection**") to the Sayegh Brothers Motion concurrently with the filing of this Sealing Motion. Counsel for the Trustee has determined that a document submitted to the Trust by Sayegh Brothers[2] (the "**Confidential Claimant Submission**") is relevant to the Court's consideration of the Sayegh Brothers Motion and the Objection.

### III. BASIS FOR RELIEF REQUESTED

8. The Trustee files this Motion to Seal out of an abundance of caution, based on requirements in the Trust Documents that the Trust keep confidential ***all*** submissions to the Trust by claimants in support of their Fire Victim Claims. Here, the Trustee seeks to attach the Confidential Claimant Submission as an Exhibit to the Objection. As the confidentiality provisions in the Trust Documents permit the Trust to disclose claimant submissions for the purpose of "necessary legal and judicial requirements or processes," the Trustee presents this issue to the Court.

9. The Confidential Claimant Submission sought to be protected here is a hybrid of the type of information that may be sealed from public review pursuant to Section 107 of the Bankruptcy Code. The Confidential Claimant Submission is both information that the Trust is required—by the Trust Documents incorporated into the Confirmation Order—to keep confidential, and information that identifies not only Sayegh Brothers, but its individual owners. Moreover, there is a general public interest in keeping confidential information that has been submitted to the Trust by Fire Victim Claimants in support of their Fire Victim Claims. This is especially true because, pursuant to the Plan, Confirmation Order and the Trust Documents, the administration of Fire Victim Claims is outside the purview of the Court and the Debtors.

10. Importantly, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107 further provides:

---

[2] Sayegh Brothers has waived the confidentiality of the Trust submissions attached to the Sayegh Motion as exhibits thereto by filing them publicly. The Confidential Claimant Submission was not among such documents and so there remains a reasonable expectation that the Confidential Claimant Submission will remain confidential in accordance with the terms of the Trust Documents, and the Trust is obligated to comply with the confidentiality provisions in the Trust Documents.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) Protect any entity with respect to a trade secret or confidential research, development, or commercial information;

. . .

(c) (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent that the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property;

    (A) any means of identification (as defined in section 1028 of title 18) contained in a paper filed, or to be filed, in a case under this title.

    (b) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107 (b)-(c)(1).

11. Courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Although Section 107(b) of the Bankruptcy Code does not require a movant to demonstrate "good cause" like its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, good cause does exist here, as the protection of the private information of a Fire Victim Claimant is at stake. As the Second Circuit has recognized, the weight to be given the presumption of public access to information must be balanced against the role of the information sought to be sealed in the bankruptcy court's determination of the issue before it. *See In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012). For example, terms of a settlement should not be sealed when the court is being asked to approve the settlement. *See Id.* Here, however, the information contained in the Confidential Claimant Submission does not go to the heart of the determination to be made by the Court and there is a significant public interest in upholding the confidentiality provisions in the Trust Documents that protect private claim-related information of more than 70,000 Fire Victims.

12. In these Chapter 11 Cases the Court has authorized the filing under seal of sensitive information in numerous instances. *See, e.g.,* Docket Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted contracts with Quanta Energy Services), 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters), 10626 ( authorizing the sealing

and redaction of documents filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand* and partial redaction of that objection itself), 10828 (authorizing the sealing and redaction of memorandum of law filed in support of the *Reorganized Debtors' Objection to Consolidated Edison, Inc.'s Amended Cure Payment Claim Demand*); 10914 (authorizing the sealing and redaction of documents the Court ordered the Trustee to file and post to the Fire Victim Trust Website to provide transparency with respect to the PG&E Fire Victim Trust Share Exchange and Tax Matters Agreement dated as of July 8, 2021), and 12884 (authorizing the sealing and redaction of certain retention agreements containing commercially sensitive information pending final resolution of actions for which counsel was retained by the Trust).

13. Here, the Trust is explicitly required by the Trust Documents to keep all documents filed by claimants, such as Sayegh Brothers, in support of their Fire Victim Claims confidential. Section 2.5 of the Fire Victim Trust Agreement provides in relevant part:

> **2.5 Confidentiality.** All facts and documents submitted in support of any Fire Victim Claim will be used and disclosed only for the following purposes: (a) processing the Claim, (b) legitimate business uses associated with administering the Trust, including the prevention of fraud and/or the resolution of liens, and (c) other necessary legal and judicial requirements or processes. Otherwise, the information submitted by Fire Victims shall be kept confidential and shall only be disclosed to the Trustee, the Claims Administrator, Claims Processor, the Neutrals, and in respect of the preceding entities, their employees, agents, professionals and advisors, the Fire Victim, the Fire Victim's authorized agent, or to any court of competent jurisdiction, and, in the latter case, only then in a document filed with the court under seal.

Similarly, Section XIII of the Fire Victim Claims Resolution Procedures provides:

> All personal information, facts, and documents submitted to the Trust by or regarding any Claimant or Claim shall be kept confidential and shall only be disclosed: (1) to the Trustee, Claims Administrator, Claims Processor, Neutrals, and Trust Professionals to the extent necessary to process and pay Claims; or (2) as may be required by applicable law, ethical requirements, or legitimate business uses associated with administering the Trust.

14. The Trustee submits that the only way to balance the Trust's interest in providing the Court with relevant information with which to consider the Sayegh Brothers Motion against Sayegh Brothers expectation that its submissions to the Trust in support of its claims will be kept confidential is to permit the Confidential Claimant Submission to be filed under seal.

15. Recognizing that the Local Procedures require that a request for seal be narrowly tailored to sealable materials, the Trust and its professionals have chosen to use only one of Sayegh

Brothers many submissions to the Trust as an exhibit to the Objection and will follow the Court's procedures to provide an unredacted copy to the Court, filed under seal, so the Court may conduct its own review of the confidential materials *in camera*.

16. For the reasons set forth herein, the Trustee respectfully requests this Court to grant the Trustee's request for entry of an order (i) authorizing the Trust to file an unredacted copy of the Confidential Claimant Submission under seal, and (ii) directing that the unredacted copies of the Confidential Claimant Submission provided to the Court shall remain under seal and confidential and not be made available to anyone without the consent of the Trustee and the claimant or further order from the Court.

## IV. NOTICE

17. Notice of this Motion will be provided to the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel for Sayegh Brothers; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

18. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

//
//
//
//
//
//
//
//
//
//
//
//

## V. CONCLUSION

WHEREFORE the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: April 2, 2024

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

and

Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for the Fire Victim Trustee*