| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com) |
| 3 | Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue<br>New York, NY 10153-0119 |
| 6 | Tel: 212 310 8000<br>Fax: 212 310 8007 |
| 7 | |
| 8 | KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192) |
| 9 | (jkim@kbkllp.com)<br>David A. Taylor (#247433) |
| 10 | (dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041) |
| 11 | (trupp@kbkllp.com)<br>425 Market Street, 26th Floor |
| 12 | San Francisco, CA 94105<br>Tel: 415 496 6723 |
| 13 | Fax: 650 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                   **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' REPORT ON RESPONSES TO THIRTY-EIGHTH SECURITIES CLAIMS OMNIBUS OBJECTION TO CLAIMS FILED BY ISS (INSUFFICIENT SUBSTANTIVE ALLEGATIONS AND SECURITIES ADR NO LIABILITY CLAIMS) AND REQUEST FOR ORDER BY DEFAULT**<br><br>[Related to Docket No. 14216]<br><br>Date:  April 9, 2024, 10:00 a.m. (PT)<br>Place: Zoom Videoconference<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996], that the Court enter an order by default on the *Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection To Claims Filed By ISS (Insufficient Substantive Allegations and Securities ADR No Liability Claims)* [Docket No. 14216] (the "**Objection**").

## RELIEF REQUESTED IN THE OBJECTION

The Objection seeks to disallow and expunge proofs of claim filed by ISS in the Chapter 11 Cases (the "**Claims**") on two independent grounds. First, the Objection seeks to disallow and expunge Claims that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. The Claims filed by ISS fail to identify what securities causes of action they purport to assert, fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a), and, to the extent the Claims seek to raise securities claims, fail to meet the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. ISS had the opportunity, after notice of the Court's July 28, 2023 *Order Authorizing Amendment And Objection Procedures For Securities Claims* [Docket No. 13934], as later amended on November 15, 2023 [Docket No. 14139], which set a deadline of October 13, 2023, to amend its Claims or adopt the pleadings of other claimants. ISS did not timely file an amendment or adopt the complaint of another claimant.

Second, the Objection seeks to disallow and expunge the ISS Claims because ISS has failed to respond to settlement offers made by the Reorganized Debtors pursuant to the Court's ADR Procedures Order notwithstanding multiple communications from the Reorganized Debtors seeking a response from

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

ISS. The Claims subject to the Objection are listed in **Exhibit 1** thereto. [1]

## REPORT ON RESPONSES

There were no responses, formal or informal, to the Objection.

## NOTICE AND SERVICE

The Reorganized Debtors filed the *Notice of Hearing on Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection To Claims Filed By ISS (Insufficient Substantive Allegations And Securities ADR No Liability Claims)* [Docket No. 14219] (the "**Notice of Hearing**"). The Objection was supported by the *Declaration of Robb McWilliams in Support of Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection To Claims Filed By ISS (Insufficient Substantive Allegations And Securities ADR No Liability Claims)* [Docket No. 14217] (the "**McWilliams Declaration**") and the *Declaration of Angela Ferrante in Support of Reorganized Debtors' Thirty-Eighth Securities Claims Omnibus Objection To Claims Filed By ISS (Insufficient Substantive Allegations And Securities ADR No Liability Claims)* [Docket No. 14218] (the "**Ferrante Declaration**"). The Objection, the Notice of Hearing, and the McWilliams and Ferrante Declarations were served as described in the Certificate of Service of Nathan Chien, filed on January 10, 2024 [Docket No. 14265] (the "**Certificate of Service**"). The deadline to file responses or oppositions to the Objection has passed. As noted above, the Reorganized Debtors have received no responses to the Objection.

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a member of the law firm of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Reorganized Debtors.

---

[1] ISS filed "bulk" claims on behalf of a number of underlying claimants (the "**Underlying Claimants**") based on its asserted authorization to file those claims and identified itself as the contact and notice party for these claims. Many of these Underlying Claimants have since retained separate counsel and filed amended claims. As set forth in the Objection, the Objection does not seek to expunge the claims of any claimant whose claims were originally set forth in an ISS claim, but who subsequently filed timely amended claims. These claimants are therefore expressly excluded from the proposed order.

2. The Court's docket in the Chapter 11 Cases has been reviewed and Weil has determined that no responses, formal or informal, have been submitted with respect to the Objection.

WHEREFORE, the Reorganized Debtors hereby request entry of an order disallowing and expunging the proofs of claim listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit A** to this Request, which lists claims identical to those in **Exhibit 1** to the Objection, except as otherwise discussed in footnote 1 above.

Dated: April 3, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*