| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | WEIL, GOTSHAL & MANGES LLP<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 |
| 7<br>8<br>9<br>10<br>11<br>12<br>13 | KELLER BENVENUTTI KIM LLP<br>Jane Kim (#298192)<br> (jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br>*Attorneys for Debtors and Reorganized Debtors* |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>Lead Case) (Jointly Administered)<br>**REORGANIZED DEBTORS' THIRTY-NINTH SECURITIES CLAIMS OMNIBUS OBJECTION TO CLAIMS OF MERRILL LYNCH (INSUFFICIENT SUBSTANTIVE ALLEGATIONS CLAIMS)**<br>**Response Deadline: May 7, 2024 at 4:00 p.m. (PT)**<br>**Hearing Information If Timely Response Made:**<br>Date: **May 21, 2024 at 10:00 a.m. (PT)**<br>Place: (Tele/Videoconference Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANT; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (together, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Thirty-Ninth Securities Claims Omnibus Objection To Claims Of Merrill Lynch (Insufficient Substantive Allegations Claims) (the "**Objection**") to the proofs of claim filed by or on behalf of Merrill Lynch ("**Merrill Lynch**" or "**Claimant**") on the ground that the claims fail to allege any substantive facts or causes of action against Debtors. The proofs of claim subject to the Objection are identified in the column headed "Claims to be Disallowed and Expunged" on **Exhibit 1** annexed hereto (the "**Merrill Lynch Claims**" or "**Claims**"). Contemporaneously herewith, the Reorganized Debtors submit the Declaration of Robb McWilliams (the "**McWilliams Declaration**") in support of the Objection.

## I. INTRODUCTION

The Objection seeks to disallow and expunge the Claims filed in the Chapter 11 Cases by Claimant that do not assert the basic legal and factual allegations required to plead a claim under the federal securities laws. Indeed, the Claims do not even identify what securities causes of action they purport to assert. The Claims fail to meet the pleading requirements for causes of action under Federal Rule of Civil Procedure 8(a) and, to the extent the claims seek to raise securities claims, the heightened requirements for pleading securities fraud under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (the "**PSLRA**"). The Claims should thus be expunged and disallowed.

A proof of claim is functionally equivalent to a complaint in a civil action. The failure to plead facts sufficient to demonstrate an entitlement to relief under the relevant non-bankruptcy law subjects the proof of claim to dismissal. Here, the Claims fail to plead facts in support of any claim, much less a

claim under the heightened pleading standards of the federal securities laws. For example, the most common claim brought under securities laws is a claim under Section 10(b) of the Securities and Exchange Act of 1934 (the "**Exchange Act**"). A claim under Section 10(b) requires a claimant to plead with particularity (1) a material misrepresentation or omission; (2) scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). A Section 10(b) claim must also meet the heightened pleading standard set forth in the PSLRA, which requires a claimant "to state with particularity . . . the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, and n.12 (1976)). The claim must plead a "strong inference" of scienter that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id*. at 314. None of the Claims allege a cognizable cause of action under any pleading standard, and certainly not under the heightened pleading requirements applicable to securities fraud clams. As a result, each of the Claims should be disallowed and expunged.

Expunging the Claims for failure to plead a claim is particularly appropriate here. In July 2023, PG&E conferred with a group of securities claimants and proposed deadlines to the Court by which Claimant, and all other securities claimants, would have the opportunity to amend their proofs of claim to assert their own allegations and causes of action, amend their proofs of claim to adopt the allegations and claims of another securities claimant, or rely on their existing proof of claim. On July 28, 2023, this Court issued an *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934] (the "**Amendment and Objection Procedures Order**") implementing an October 6, 2023 deadline for securities claimants to amend their proofs of claim to include their own factual allegations, and an October 13, 2023 deadline to amend their proofs of claim to adopt the factual allegations of another securities claimant. The Court expressly required that the Amendment and Objection Procedures Order be served on all securities claimants, including Claimant, and that Order was then

served on Claimant. Despite notice, the Claims have not been amended nor has another complaint been adopted. The Claims contain no substantive allegations whatsoever. Thus, the Claims do not satisfy the requirements to establish an entitlement to relief, and the Claims should be disallowed and expunged.[1]

## II. JURISDICTION

This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## III. BACKGROUND

On January 25, 2021, the Court entered the Securities ADR Procedures Order. Among other things, the Bankruptcy Court approved procedures for filing omnibus objections (the "**Securities Omnibus Objection Procedures**"), including those seeking to expunge securities claims that are "objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law." Securities ADR Procedures Order, Ex. A-3 ¶ I.C.4.

Pursuant to the Amendment and Objection Procedures Order, all claimants purporting to assert securities claims against PG&E were afforded until October 6, 2023 to submit their own substantive

---

[1] Although not relevant to the current Objection, the Claims are "bulk" claims, filed on behalf of thousands of underlying claimants. Four of the five Claims were filed by Institutional Shareholder Services on behalf of Merrill Lynch and the fifth was filed by Bank of America on behalf of Merrill Lynch. The Claims refer to files which were separately sent to accompany the proofs of claim that set forth the names of accounts that purportedly traded in the Debtors' securities and certain trading information.

facts establishing a securities claim against PG&E and until October 13, 2023 to adopt the substantive securities allegations of another claimant:

> Any securities claimant may amend its previously filed Proof of Claim by filing an amended Proof of Claim on or before October 6, 2023 without leave of Court; provided, however, that any securities claimant may file an amended Proof of Claim adopting, in whole or in part, the allegations set forth in any other securities claimants' amended Proof of Claim and/or the allegations set forth in the [PERA Complaint] on or before October 13, 2023 without leave of Court.

Dkt. No. 13934-1 ¶ 4. Thereafter, it was expressly disclosed in the Amendment and Objection Procedures Order that PG&E would object on the basis that securities claimants failed to allege securities claims, whether by failure to allege sufficient facts to state a claim or by failure to allege proper causes of action or both, under a standard akin to Federal Rule of Civil Procedure 12(b)(6).

> The objection deadline for the Reorganized Debtors to object to any Proof of Claim that was not amended by the October 13, 2023 deadline for securities claimants to amend their claims shall be December 13, 2023, subject to applicable provisions of the Securities Procedures that extend such time for all claimants other than the Objectors and Baupost. . . .
>
> The Reorganized Debtors intend to make sufficiency objections akin to a motion to dismiss with respect to all claims set forth in the unresolved securities proofs of claim.

Dkt. No. 13934-1 ¶¶ 5 and 9.

## IV. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the Securities ADR Procedures Order, seeking entry of an order disallowing and/or expunging the Claims, which are identified in the column headed "Claims to be Disallowed and Expunged" on **Exhibit 1** annexed hereto. The October 6, 2023 and October 13, 2023 deadlines to amend has passed, and Claimant has not submitted substantive allegations even attempting to establish an entitlement to relief under the securities laws, either by asserting its own substantive allegations or incorporating the allegations of another securities claimant.

Therefore, the Reorganized Debtors respectfully request that the Claims be disallowed and expunged as facially deficient under applicable law.

## V. ARGUMENT

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall not be allowed if it is "unenforceable against the debtor" under applicable non-bankruptcy law. Thus, where a proof of claim—the functional equivalent of a complaint—fails to state a cause of action under applicable non-bankruptcy law, it is disallowed. *See In re Brosio*, 505 B.R. 903, 912 (B.A.P. 9th Cir. 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case."); *In re MacGibbon*, 2006 Bankr. LEXIS 4903, at *36 (B.A.P. 9th Cir. Oct. 4, 2006) ("The claimant must allege facts sufficient to support a legal liability to the claimant in the proof of claim . . . [and f]or a proof of claim to have prima facie validity, it must comply with the rules and set forth all the necessary facts to establish the claim"); *In re Consolidated Pioneer Mortg.*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (disallowing claim and holding that "the claimant must allege facts sufficient to support the claim") (quoting *In re Allegheny International Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Theos Fedro Holdings, LLC*, 2022 WL 17581985, at *2 (9th Cir. B.A.P. Dec. 12, 2022) ("[W]e must assess whether the complaint presents a cognizable legal theory and whether it contains sufficient factual allegations to support that theory").

The Claims — which are entirely devoid of factual allegations — fail to meet any pleading standard for their securities claims, regardless of what causes of action they purport to advance. To the extent the Claims purport to assert securities claims under Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and/or Rule 10b-5 (17 C.F.R. § 240.10b-5) they have failed to plead any of the necessary elements of a Section 10(b) claim: (1) a material misrepresentation or omission; (2) scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). Moreover, a securities plaintiff must plead a "strong inference" of scienter that is "cogent and at least as compelling as any opposing

inference of nonfraudulent intent" (*Tellabs*, 551 U.S. at 314) and meet Federal Rule of Civil Procedure 9(b)'s requirement that every element of a securities fraud claim be pled with particularity to survive a motion to dismiss. *Oregon Pub. Employees Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) ("Rule 9(b) applies to all elements of a securities fraud action . . ."); *In re Rigel Pharms., Inc. Secs. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012) (Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud," and to explain "why the statements were false or misleading at the time they were made").[2] The Claims here do not even attempt to allege facts establishing any element of a securities claim.

A bankruptcy proof of claim that fails to allege any claim whatsoever is deficient and must be expunged and disallowed. This is particularly true here where the claims rest on the trading of securities and therefore must satisfy the demanding pleading standards for securities fraud claims. *See* Fed. R. Bankr. P. 9014(c) (applying Bankruptcy Rule 7009, which incorporates Civil Rule 9(b) to contested matters, and permitting courts to apply any other Bankruptcy Rules from Part VII); *see also Morse v. ResCap Borrower Claims Tr.*, 2015 U.S. Dist. LEXIS 9646, at *10-11, *20 (Bankr. S.D.N.Y. Jan. 26, 2015) (applying Federal Rules of Civil Procedure 8 and 9 to proof of claim and dismissing it as insufficiently pled pursuant to governing substantive law); *In re DJK Residential LLC*, 416 B.R. 100, 106-07 (Bankr. S.D.N.Y. 2009) (finding that proof of claim should be analyzed under Rule 8 and Rule 9, and concluding that the claim failed under either standard as "too general and conclusory to be allowed"); *Shah v. Motors Liquidation Co. GUC Tr.*, 2013 U.S. Dist. LEXIS 191827, at *7 (S.D.N.Y. June 3, 2013) (noting that "in determining whether a party has met their burden in connection with a

---

[2] The importance of requiring every element of a securities fraud claim to be pled with particularity was highlighted by Congress in passing the PSLRA. *See* 15 U.S.C. § 78u-4(b)(1)(B), (2)(A) (a plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading[]" and "state with particularity facts giving rise to a strong inference that the defendant" acted with scienter); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (Rule 9(b) and the PSLRA together require plaintiffs to plead their case "with a high degree of meticulousness").

proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure" (citation omitted)); *see also* June 7, 2023 Transcript at 46:14-19, 56:2 ("much of what I do by way of first screening out [a] claims objection is the same as a 12(b)(6) motion" and "[t]he motion to dismiss is no different from an objection to the claim").

Pursuant to the Amendment and Objection Procedures Order, Claimant had until October 6, 2023 to amend its proofs of claim or until October 13, 2023 to adopt a pleading filed by another claimant supporting purported securities claims against PG&E. If Claimant failed to allege or adopt allegations by October 13, 2023, the Claims would be subject to a sufficiency objection under a standard akin to Federal Rule of Civil Procedure 12(b)(6). Because the Claims are devoid of factual allegations to support any cause of action, much less specific facts pled with sufficient particularity to state a securities fraud claim under Federal Rule of Civil Procedure 9(b) and the PSLRA, they are deficient and should be disallowed and expunged.[3]

## VI. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to withdraw the Objection without prejudice, and to object, as applicable, in the future to any of the Claims listed in this Objection on any ground not previously ruled upon, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Claims on any other grounds.

---

[3] The Reorganized Debtors and AlixPartners, LLP have reviewed the Claims, and have identified claims that fail to allege any causes of action. *See* McWilliams Declaration ¶ 7. Accordingly, the Reorganized Debtors submit that the Claims identified in **Exhibit 1** should be disallowed and expunged in their entirety.

## VII. NOTICE

Notice of this Objection will be provided to (i) Claimant; (ii) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Cameron M. Gulden, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order (i) disallowing and expunging the Claims listed on **Exhibit 1** hereto, and (ii) granting such other and further relief as the Court may deem just and appropriate.

Dated: April 9, 2024

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*

Richard W. Slack

Attorneys for Debtors and Reorganized Debtors