KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: (310) 536-7830

HANSON BRIDGETT LLP
SHANNON M. NESSIER, (#267644)
(snessier@hansonbridgett.com)
MADISON D. DIZINNO, (#335052)
(mdizinno@hansonbridgett.com)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' STATUS CONFERENCE STATEMENT**<br><br>Date:  April 15, 2024<br>Time:  10:00 a.m.<br>(Tele/Videoconference Only) |

PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Reorganized Debtors**") hereby submit this statement in advance of the status conference to be held on April 15, 2024.

1. **Current Status of Claim Objection**

At the last status conference, the Court scheduled a three-day trial for June 24-26, 2024. The parties began in earnest to schedule expert depositions. However, issues have arisen in that process, discussed more below. The Reorganized Debtors have also continued to request mediation date availability from Claimant, but have yet to have dates provided. As part of meeting and conferring on expert and mediation issues, the parties agreed and jointly requested to the Court that the June trial date be continued to a date to be determined at this status conference. The Court granted that request on March 29, 2024. The parties now come to address the discovery and mediation issues, secure a continued trial date, and provide the Court with guidance on anticipated issues for trial.

2. **Parties' Meet and Confer On Trial-Setting**

On April 9, 2024, counsel for the parties met and conferred via teleconference to try to reach agreement on trial-setting and related scheduling issues. During that meeting, counsel for the parties each agreed to propose to their respective clients the following trial-setting timeline and related pre-trial deadlines and/or benchmarks:

- Continued trial date: September 10-12, 2024, subject to the Court's availability;
- Deadline of May 21, 2024, for <u>hearing</u> on any of the currently outstanding discovery disputes not resolved by the parties via meeting and conferring/the Court's informal resolution processes;
- Preference for reserving two potential dates for mediation sessions: (1) an early, pre-expert session, set after discovery disputes are resolved, likely early June, and (2) a second session, if needed and deemed appropriate by the parties, to occur after expert depositions, in approximately late July; and
- Agreement to re-set the six disclosed expert depositions (four noticed by Claimant, two noticed by the Reorganized Debtors) for mutually agreeable dates in

approximately mid-to-late June, pending witness availability. The parties intend these depositions to be set after the above referenced discovery disputes are resolved, and if proceeding with early mediation, after that has occurred.

Because the parties wished to provide the Court this report sufficiently ahead of the status conference, the above proposed timelines are not yet confirmed; however, counsel for the parties agreed to make best efforts to try to secure approval from their respective clients before appearing at the hearing.

3. **Discovery Issues**

After the January status conference, the parties moved forward with noticing each other's respective experts for deposition. Since then, several issues have arisen:

- Claimant-noticed depositions: Claimant noticed three PG&E employee experts for depositions on April 2, 4, and 9, respectively. Claimant noticed the Reorganized Debtors' retained expert (Michelle Patton) for April 12. Inexplicably, Claimant also issued a notice (without subpoena) *to the Reorganized Debtors* for the deposition of Melanie Brayton, a third-party fact witness not in the employ of or disclosed as an expert witness by the Reorganized Debtors.
  - Since then, as explained below, Claimant unilaterally continued the depositions of the three PG&E employee experts and one retained expert to a date to be determined. Counsel for the parties are in discussion on continued dates for these four experts, as part of their agreement on the continued trial date.
- Reorganized Debtors-noticed depositions: The Reorganized Debtors noticed Claimant's two disclosed experts, John Mateo and Amir Shahmirza, for deposition on April 16 and 17, respectively.
  - Claimant's counsel represented that if the Reorganized Debtors did not continue these depositions after he elected to

cancel his own unilaterally, Claimant's experts would refuse to appear. Though the Reorganized Debtors believe there is no basis for such refusal, as part of further meeting and conferring, the Reorganized Debtors have agreed to continue these depositions to the periods discussed above, in conjunction with the other negotiated trial and trial-related dates.

- o Claimant failed to provide any documents in response to the Reorganized Debtors' notices of deposition and request for production of documents; responsive documents to the notice were due March 29, pursuant to FRBP 7030 (adopting FRCP 30) and FRBP 7034 (adopting FRCP 34). Additionally, while Claimant has since agreed to produce responsive documents forthwith, should those not be timely produced, the Reorganized Debtors reserve the right to seek sanctions including exclusion at trial.

- <u>Document Requests</u>: Each party served with their deposition notices certain requests for documents. Of note, Claimant's requests to the PG&E employee experts were not limited to their expert opinions, but contained requests aimed at making an end-run around long closed fact discovery, demanding categories of documents none of the experts considered or relied on, and that have no part in their expert testimony.
  - o On March 21, 2024, the Reorganized Debtors timely provided responses and objections to Claimant's notices of all four disclosed experts (three employee and one retained), and the one fact witness not connected to the Reorganized Debtors. In doing so, the Reorganized Debtors requested the parties meet

- and confer on production of documents ahead of each expert's deposition.
  - In response to the timely served responses, Claimant issued two meet-and-confer letters. The first letter refused to meet and confer on a production date and demanded production the following business day of all responsive documents or else Claimant's depositions would be cancelled (which eventually happened anyway). Despite the one-sidedness, the Reorganized Debtors worked through the weekend to produce documents the following business day as a continued showing of good faith. Claimant then sent a second letter with more demands and confusing statements.
  - In the second letter, Claimant: (1) unilaterally cancelled the depositions of the three PG&E employee expert witnesses, which the parties had worked diligently to schedule; (2) made unfounded claims about entitlement to conduct fact discovery via expert deposition notices and in conflict with the Court's order regarding fact discovery, in that the Claimant's notice improperly seeks to require the production of a third party witness to a deposition after the percipient discovery has been closed by stipulation of the parties and Court Order (see Docket No. 13921); and (3) asserted, without any specifics, that certain unspecified documents produced in response to the document requests for the Reorganized Debtors' non-retained experts had been "corrupted." The claimed file corruption issue still has not been clarified or explained by Claimant, despite requests from the Reorganized Debtors.

- The Reorganized Debtors responded to the second letter, and confirmed that all but four of the hundreds of produced documents were PDFs and easily opened and viewable. They offered to assist Claimant if he had difficulties accessing the four non-PDF files. The Reorganized Debtors further offered to work with Claimant to understand any issue Claimant may have regarding any specific document that Claimant asserted had been corrupted, as none of the files appear corrupted after a review.

After their joint teleconference on April 9, 2024, the parties agreed to attempt to resolve the above discovery issues via further discussions, but should they not be able to, they will avail themselves of the Court's process for meeting and conferring and coordinating with the Court for an informal discovery conference with the Court and, if that is not successful, for seeking Court intervention through applicable motion practice , with a deadline of May 21, 2024 to have any hearing on currently existing issues not otherwise resolved by the parties or the Court's informal processes.

4. **Mediation**

As the parties have reported to the Court before, the parties have stated their agreement to mediate *in principle*. However, converting that to reality has been unsuccessful. The Reorganized Debtors identified mediators and all parties agreed that Mr. Brad Bening, of ADR Services, Inc., was the right choice. Though the Reorganized Debtors have been requesting dates from Mr. Bening's office repeatedly as time marched on, Claimant still has not identified any specific dates for the mediation. What is clear is that a mediation would be of great benefit to all the parties and the Court. There is a significant disconnect between the two appraisers, and fundamental disagreements remain about the rights at issue. The assistance of a mediator like Mr. Bening, who is experienced in such real property

disputes, would be invaluable. It would afford the mediator the opportunity to unpack those issues and educate the parties. A mediation would give the parties a chance to resolve this case ahead of trial.

As noted above, the parties made some progress on this issue via meeting and conferring, and it is agreed that the parties will seek dates for an early mediation, likely to occur in or around early June, while also reserving the option to seek a second session should that be needed, after expert discovery is completed, likely to be in late July.

5. **Trial**

Since the Court removed the June trial date from calendar at the parties' joint request, the parties request a new trial date be set. Given the above provided information and issues, the parties have discussed September 10-12 as the bench trial dates, subject to the Court's availability.

As Reorganized Debtors have disclosed for some time now, lead trial counsel in this matter has back-to-back trials in July and August: July 8, 2024 - August 2, 2024 (*King/Shull/Wasdin v. PJ Helicopters/PG&E* (consolidated trials)), San Francisco Superior Court and August 8, 2024 - August 30, 2024 (*CSAA v. SUNRUN/PG&E* (consolidated trials)), Santa Clara Superior Court. As such, a September trial date is the soonest that the parties will be able to call trial ready. This is especially true given the changed status and timing of expert depositions, the still unconfirmed mediation, and the pre-trial issues that need to be addressed.

6. **Other Trial Issues**

As to trial issues for this Court's consideration, the Reorganized Debtors note the following issues, either for discussion at this status conference, or a later one to be set sufficiently ahead of the trial date:

1. Daubert Motions: The Reorganized Debtors anticipate a Daubert motion as to Claimant's experts. That motion cannot occur until after expert depositions conclude, but it must occur sufficiently ahead of trial to allow the

1. Court's ruling to guide trial preparation. The Reorganized Debtors want to raise this issue to the Court at this early stage and ahead of setting the continued trial date.

2. <u>Demonstratives</u>: The Court's form trial order reflects that special permission is needed for demonstratives. The Reorganized Debtors believe, given the Court's prior feedback at a previous hearing on certain images related to the property and transmission lines in this case, that limited demonstratives would be of great benefit to the Court and the parties. Prior to undertaking the work and expense, however, the Reorganized Debtors want to secure approval from the Court to use them at time of trial.

Dated: April 11, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

/s/ *Steven A. Lamb*
_____

Steven A. Lamb
*Attorneys for Debtors and Reorganized Debtors*