LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(As Agent for Komir, Inc.)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>G Affects PG&E Corporation<br>G Affects Pacific Gas and Electric Company<br>O Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STATUS CONFERENCE STATEMENT OF KOMIR, INC.**<br><br>**Hearing Information**<br><br>**Date: April 15, 2024**<br>**Time: 10:00 AM**<br>Via Video/Teleconference<br>www.canb.uscourts.gov/calendars |

Claimant Komir, Inc., submits the following status conference statement in advance of the hearing set by the Court for review of the status of the matter with respect to mediation, discovery, and the issuance of a Trial Setting Order (See Docket Entry January 24, 2024)[1].

---

[1] Regarding the setting of the Status Conference for April 15, 2024, the Docket Entry states "A Trial Scheduling Order will be issued after the status conference is held."

**STATUS CONFERENCE STATEMENT OF KOMIR, INC.**     1

## I.  INTRODUCTION

The Court having granted Motion for Summary Adjudication No. 1 determining that PG&E's recorded easements have been extinguished,[2] having denied both PG&E's Counter-Motion to summarily establish prescriptive rights and Claimant's Motion for Summary Adjudication No. 2 to summarily determine the lack of any prescriptive rights, the matter now proceeds to trial on the issues of (1) PG&E's trespass by the relocation of the Transmission Lines and the economic damages caused thereby, (2) on PG&E's claim that in the absence of any rights under recorded documents it holds prescriptive rights, and (3) if PG&E holds any prescriptive rights, the location and extent of any portion of the Property subject to any such rights and the payment therefor.

Since the Status Conference on January 24, 2024, two issues have arisen, as discussed below, that have altered the discovery and trial schedule.

The parties have agreed to resolve certain procedural issues by agreement to continue the trial to a date in September, 2024 (September 10-12, 2024, as proposed dates), to reset depositions for dates in late June or early July, and to schedule two mediation dates, i.e., one session of mediation prior to the taking of the depositions to attempt resolution and one session after the dates of the depositions.  The details of this proposal are presented below.

The parties have not resolved substantive discovery disputes.

The discovery disputes relate primarily to PG&E's failure to produce the documents referenced in the Declarations of its purported experts who filed declarations in opposition to Summary Adjudication Motion #2.  The purported experts stated that they relied upon or referred to certain documents as either the basis of their expertise, as the business records of PG&E maintained with respect to the towers and lines that were referenced by the declarants/experts, or as specific documents that ostensibly supported their opinions.

Komir presented discovery demands for production of those documents, however the documents that were produced were (a) not identified as responsive to the particular requests but

---

[2] See Order Granting Motion for Partial Summary Judgment, Docket Entry 13833.

were presented only as an aggregation of unclassified documents, and (b) not presented in an manner that would reflect any maintenance in the ordinary course of business such as folder names, file names, topics, date ranges, numbering sequences, or persons.

The dispute also pertains to deposing declarant Melanie Brayton whose declaration PG&E presented in opposition to Summary Adjudication Motion No. 2.

Komir seeks resolution of those issues, discussed in further detail below, prior to the taking of other depositions.

## II. MEET AND CONFER

With respect to the discovery disputes, Komir, by its counsel, sent meet and confer letters to counsel for PG&E on February 28, 2024 (regarding Ms. Brayton), March 22, 2024 (regarding document production), and March 28, 2024 (regarding document production and depositions), and PG&E replied to those letters.

Pursuant to those exchanges, the parties agreed to a postponement of the trial as confirmed by emails to the court clerk on March 28, 2024.

Thereafter, on April 9, 2024, counsel engaged in a telephonic meet and confer session and agreed to the schedule proposed below.

## III. PROPOSED SCHEDULE OF DEPOSITIONS AND TRIAL.

The parties agree to the following scheduling alterations and to the submission of this schedule as an agreed statement:

"On April 9, 2024, counsel for the Parties met and conferred via teleconference to try to reach agreement on trial-setting and related scheduling issues. During that meeting, counsel for the Parties each agreed to propose to their respective clients the following trial-setting timeline and related pre-trial deadlines and/or benchmarks.

• Continued trial date: September 10-12, 2024, subject to the Court's availability;

• Deadline of May 21, 2024, for hearing on any of the currently outstanding discovery disputes not resolved by the Parties via meeting and conferring/the Court's informal resolution processes;

• Preference for reserving two potential dates for mediation sessions: (1) an early, pre-expert session, set after discovery disputes are resolved [insert: Komir would participate in mediation prior to resolution of the discovery disputes such that

mediation could occur in early May], likely early June, and (2) a second session, if needed and deemed appropriate by the Parties, to occur after expert depositions, in approximately late July; and

- Agreement to re-set the six disclosed expert depositions (four noticed by Claimant, two noticed by the Reorganized Debtors) for mutually agreeable dates in approximately mid-to-late June, pending witness availability. The Parties intend these depositions to be set after the above referenced discovery disputes are resolved, and if proceeding with early mediation, after that has occurred.

Because the Parties wished to provide the Court this report sufficiently ahead of the status conference, the above proposed timelines are not yet confirmed; however, counsel for the Parties agreed to make best efforts to try to secure approval from their respective clients before appearing at the hearing."

Komir agrees to this schedule.

## IV. MEDIATION

The parties are both agreeable to attempting resolution without the taking of the depositions and setting a pre-deposition mediation session, while also setting a date for a second session to occur after the depositions, if necessary.

PG&E has advocated utilizing a mediator of its selection and has agreed to pay the expense of that mediator.

Komir is willing to use the mediator of PG&E's selection.

## VI. DISCOVERY DISPUTES AND TRIAL POSTPONEMENT.

### A. Trial Date

At the Status Conference on January 24, 2024, PG&E advocated for the setting of trial dates in September, 2024.

Inasmuch as this controversy has been pending since 2018, Komir sought earlier dates and the Court tentatively set trial for June 24-26, 2024.

After the setting of those trial dates, counsel for PG&E continued to request that Komir agree to vacate the June dates in favor of resetting in September, 2024. Those requests were all unrelated to any disputes.

Initially, PG&E repeatedly urged that the dates should be postponed to provide opportunity for "the greatest possible success" at mediation.

On March 18, 2024, counsel for PG&E, while acknowledging that he told the court that he was free on the trial dates of June 24-26, communicated to Komir's counsel that he was committed to being in Vermont for professional activities through June 23, 2024, and indicated that commencement of trial on the scheduled dates would be a personal hardship. Counsel requested that Komir agree to the postponement on that basis.

The issue of PG&E's request for postponement remained pending at the time of PG&E's deficient document production discussed further below.

### B. Discovery Issues.

#### 1. Deficient Document Production

PG&E submitted three declarations by its non-retained, in-house, supposed experts in its effort to avoid a summary adjudication determination that it did not hold any prescriptive rights to maintain the transmission lines at their relocated positions, or at all.

PG&E has consistently offered to produce the declarants for deposition with respect to those declarations and to their designation as expert trial witnesses.

The three declarants, Mark Galacia, Michael Sosinski, and John Raines, all referred to various documents maintained by PG&E as its business records as sources of information that were considered by them in formulating the opinions that they stated in their declarations, and to documents specifically created by them in support of their opinions.

Komir served Notices of Taking Deposition that included a Request for Production of Documents ("Document Request") prior to the depositions.

The Document Request solicited documents described by specific reference to the content of each of the declarant/deponents which were stated by the declarant/deponents to be documents in existence in the business records of PG&E. That is, the Document Request did not seek delivery of documents outside the scope of the subject matter of the testimony of the declarants.

PG&E did not object to the form of the deposition notices with respect to the inclusion of the Document Request. Rather, PG&E produced documents ostensibly in response to the Document

Request.

Substantively, the Document Request sought documents relating to the declarants' testimony concerning the location of the towers to which the lines were attached prior to the removal and relocation of the towers and lines, and their location after the removal and relocation.

PG&E obviously possesses the construction and engineering drawings (referenced in the Declarations) that specifically identify the locations of the old towers, the new towers, and the locations of the lines as attached to the old towers and the new towers.

In order to express their opinions, the declarants necessarily needed to refer to PG&E's before and after records, including its construction and engineering drawings, and documents derived from those business records.

Komir contends that the opinions of each and all of the declarants are incorrect, incomplete, and misleading.

In order to assess the accuracy and completeness of the opinions proffered by the declarants based upon PG&E's records, Komir needs to obtain those records.

In its meet and confer correspondence, Komir described missing documents as including "the construction documents for new and old towers, including towers removed in 2018. These construction documents should include, without limitation, the coordinates of towers, height, and plans and drawings of towers from erection when they were first built to the present including any and all modifications and alterations."

Instead of producing those basic reference documents, PG&E produced hundreds of pages of papers that appear to Komir to be irrelevant as relating to lines south of the Property, relating to lines to the north of the Property past the 380 interchange, relating to lamp poles, and consisting of data printouts, with no documents relating to the height, location, or attachment points on the old towers.

With respect to the "LiDar scans" that featured prominently in the declarations, PG&E does not appear to have produced all of the LiDar scans or data for each line that exist in the business

records of PG&E as described in the Declarations. In order to determine the appropriate basis of comparison, all LiDar scans are necessary as the declarants appear to state that multiple scans exist other than those that the declarants selectively chose to use to make their comparisons. Komir needs all of the LiDar scans in order to determine the appropriate basis of comparison.

PG&E refers to certain CAD files but those documents were produced in an unuseable format that PG&E acknowledges requires a license for software to view.[3] In its lengthy and detailed meet and confer correspondence, Komir related the missing documents to specific statements by each of the declarants that warrant the production of specifically described documents.

PG&E has not agreed to produce any further documents or to organize the documents that it did produce as responsive to the individual requests.

Because Komir did not receive the documents required for complete, effective examination of the declarants/deponents, Komir advised that those depositions would be postponed until resolution of the issues concerning document production.

Due to the resulting delay, Komir acceded to PG&E's request for postponement of the trial to September, 2024.

**2.  Deposition of Melanie Brayton**

PG&E submitted the declaration of Ms. Brayton, a former owner of the Property, in opposition to Summary Adjudication Motion No. 2.

Ms. Brayton had not previously been involved in this proceeding and neither party had undertaken any discovery with respect to either Ms. Brayton, formerly Melanie Hildebrand, or her former husband, Neil Hildebrand.

While Ms. Brayton's declaration made statements concerning consent or lack of consent, she candidly acknowledged that she had no involvement in the acquisition or management of the Property.

Komir interposed evidentiary objections to the testimony of Ms. Brayton but the Court did

---

[3] PG&E has indicated that it may produce those documents in a viewable format.

not rule upon those objections.

Komir urges that since PG&E procured the declaration of Ms. Brayton, and submitted it as evidence to avoid summary adjudication, PG&E can present Ms. Brayton for deposition. Alternatively, Komir can subpoena her but PG&E appears to have access to Ms. Brayton for purposes of this litigation.

Komir had noticed Ms. Brayton's deposition but PG&E objected on the basis that discovery had closed.

If the closure of general percipient witness discovery would otherwise preclude Ms. Brayton's deposition, Komir seeks the limited reopening of discovery for a deposition of Ms. Brayton not to exceed two hours.

**Conclusion**

While counsel for the parties are meeting and conferring, and accomplishing resolution of procedural and scheduling issues, discovery issues must be resolved before the deposition dates may be specifically determined.

While Komir recognizes the Court's informal procedure for resolution of discovery disputes, Komir considers that, in view of the detailed analysis in Komir's meet and confer letters with respect to the missing documents, presentation of the issues by motion would be preferable to submission of short emails.

Respectfully submitted.

Dated: April 11, 2024　　　　　　　　　　　COHEN AND JACOBSON, LLP


　　　　　　　　　　　　　　　　　　　　　By: /s/ Lawrence A. Jacobson
　　　　　　　　　　　　　　　　　　　　　　　Lawrence A. Jacobson
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Claimant and Respondent