**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>       - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS AND FOR RELATED RELIEF**<br><br>Date:    May 21, 2024<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  **(Telephonic or Video Only)**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102<br><br>**Objection Deadline:**<br>**May 14, 2024, 4:00 p.m. (Pacific Time)** |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Section 7.1 of the Plan,[1] sections 105(a) and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) further extending the deadline established under the Plan for the Reorganized Debtors to object to General Claims (as defined below) by an additional one hundred eighty (180) days, through and including December 16, 2024,[2] without prejudice to the Reorganized Debtors' right to seek additional extensions thereof; and (ii) granting related relief. In support of the Motion, the Reorganized Debtors submit the Declaration of Robb C. McWilliams, filed concurrently herewith.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**").

[2] 180 days from the Current Objection Deadline (as defined below) is Saturday, December 14, 2024. The next day that is not a Saturday, Sunday, or legal holiday is December 16, 2024. *See* Fed. R. Bankr. P. 9006.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Over 15,230 General Claims[3] were scheduled or filed in these Chapter 11 Cases against the Debtors. The General Claims do not include the Securities Claims,[4] or the Fire Victim Claims and Subrogation Wildfire Claims, which were channeled to the Fire Victim Trust and the Subrogation Wildfire Trust, respectively. The Reorganized Debtors and their professionals have worked diligently to resolve the General Claims, and they are nearing completion of this herculean task. In the four years since the Effective Date, the Reorganized Debtors have successfully expunged through objection, reduced through settlement, reconciled and allowed, or otherwise resolved over 15,160 of the General Claims. This represents over $59.8 billion in the aggregate of the approximately $60.2 billion of General Claims filed in these Chapter 11 Cases—over 99.4% of the total dollar amount and over 99.5% of the total number of General Claims.

The Reorganized Debtors respectfully request that they be permitted to continue their substantial efforts to reconcile and resolve claims in these Chapter 11 Cases, and that the June 17, 2024 deadline to object to General Claims (the "**Current Objection Deadline**")[5] be extended an additional one hundred eighty (180) days, through and including December 16, 2024,[6] solely with respect to the General Claims, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof. While the Reorganized Debtors and their professionals have made good use of

---

[3] As used herein, "**General Claims**" means Claims scheduled by or filed against the Debtors that are not Securities Claims, Fire Victim Claims, or Subrogation Wildfire Claims. These General Claims include, but are not limited to, trade claims, customer claims, employment claims, regulatory claims, real property claims, and tort and other litigation claims that are unrelated to the Fires.

[4] "**Securities Claims**" means rescission or damages claims filed in the Chapter 11 Cases by claimants who have asserted that they purchased or acquired certain of the Debtors' publicly held debt and equity securities during the period from April 29, 2015, through November 15, 2018, inclusive. An update on the status of the Reorganized Debtors' efforts to resolve the remaining Securities Claims is included in Section III.C below.

[5] The period between December 18, 2023, the previous objection deadline, and the Current Objection Deadline is the "**Seventh Extension Period**."

[6] 180 days from the Current Objection Deadline (as defined below) is Saturday, December 14, 2024. The next day that is not a Saturday, Sunday, or legal holiday is December 16, 2024. *See* Fed. R. Bankr. P. 9006.

prior extensions granted by the Court, resolution of the Remaining General Claims[7] will require additional time beyond the Current Objection Deadline, because the Remaining General Claims (1) are subject to ongoing settlement and business discussions; (2) depend on the conclusion of proceedings in other fora; or (3) present various factual, legal, or procedural complexities.

This Motion does not seek to modify any dates or procedures with respect to the Securities Claims. As the Court is well aware, the Reorganized Debtors have been focused on resolving and addressing the Securities Claims through numerous omnibus objections, as well as settlements pursuant to the Securities ADR Procedures and the Court's Amendment and Objection Procedures, which set forth a roadmap for the resolution of unresolved Securities Claims.

The Reorganized Debtors submit that the relief sought in this Motion will benefit all parties in interest because it will provide the Reorganized Debtors with additional time to attempt to resolve the Remaining General Claims consensually, without burdening the Court with avoidable litigation or imposing avoidable litigation-related costs and expenses on the parties. Absent the relief requested, the Reorganized Debtors may be compelled to object to the Remaining General Claims to avoid a windfall to some Claimants from the "deemed allowance" of non-meritorious Claims under the Plan.

## II. JURISDICTION

This Court has jurisdiction to consider these issues pursuant to 28 U.S.C. sections 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States

---

[7] "**Remaining General Claims**" means the General Claims filed in these Chapter 11 cases, excluding (i) those to which the Reorganized Debtors have objected (or to which the Reorganized Debtors expect to object prior to the Current Objection Deadline), (ii) those for which the automatic stay has been lifted or the Plan Injunction modified (or as to which the Reorganized Debtors expect the Plan Injunction to be modified prior to the Current Objection Deadline), and (iii) those that the Reorganized Debtors have settled or otherwise resolved on a final basis. The Remaining General Claims do not include the "**United States Claims**," defined as the Class 4B Utility General Unsecured Claims of the United States of America identified by claim number and amount in Docket No. 14179. For the avoidance of doubt, the Motion does not seek any relief with respect to the United States Claims. The Reorganized Debtors and the United States of America have stipulated to a June 17, 2024, deadline for the Reorganized Debtors to object to the remaining United States Claims. The Reorganized Debtors will endeavor to stipulate with the United States to a further extension of this deadline.

District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before the Court pursuant to 28 U.S.C. sections 1408 and 1409.

### III. BACKGROUND

#### A. The Plan and the General Claims Procedures

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. Prior to the Effective Date, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set October 21, 2019 (the "**Bar Date**") as the deadline to file proofs of claim (each, a "**Proof of Claim**") for prepetition claims (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units, customers, secured claims and priority claims against either of the Debtors.[8]

On June 20, 2020, this Court entered the Order confirming the Plan [Docket No. 8053] (the "**Confirmation Order**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**"). Pursuant to Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order), the Reorganized Debtors may object to Claims until the later of (i) one-hundred

---

[8] The Bar Date was later extended to December 31, 2019, solely with respect to unfiled, non-governmental Fire Claims [Docket No. 4672]; and separately to April 16, 2020, solely with respect to persons or entities that purchased or acquired certain of the Debtors' publicly held debt and equity securities within the limited period from April 29, 2015, through November 15, 2018, inclusive, and that may have Securities Claims based on those purchases against the Debtors [Docket No. 5943].

and eighty (180) days after the Effective Date (*i.e.*, December 28, 2020) and (ii) such later date as may be fixed by the Bankruptcy Court for cause shown. Plan § 7.1. By subsequent orders, that deadline has been extended further and currently is June 17, 2024.[9]

On June 30, 2020, the Court entered the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [Docket No. 8228] (the "**General Claims Omnibus Objection Procedures Order**," and each objection filed pursuant thereto, a "**General Claims Omnibus Objection**"), which sets forth procedures for the Reorganized Debtors to file objections to General Claims on an omnibus basis.

On September 25, 2020, the Court entered the *Order Approving ADR and Related Procedures for Resolving General Claims* [Docket No. 9148] (the "**General Claims ADR Procedures Order**"). The General Claims ADR Procedures Order approved "**General Claims Procedures**" (as defined therein) that allow: (i) General Claimants (*i.e.*, holders of Claims other than Fire Victim Claims, Subrogation Wildfire Claims, or Securities Claims) to submit, by mail or via a secure online portal, information necessary to allow the Reorganized Debtors to evaluate their Claims and develop settlement proposals; and (ii) the parties to exchange settlement offers or engage in standard or abbreviated forms of mediation to resolve General Claims. The General Claims Procedures were designed to work together with the procedures set forth in the General Claims Omnibus Objection Procedures Order to form a comprehensive and efficient pre-litigation approach to resolving General Claims.

B.     **The Reorganized Debtors' Successful General Claims Reconciliation Progress**

The resolution of General Claims has required extensive efforts by the Reorganized Debtors' team of advisors, attorneys, and personnel. As more fully set forth below, since the Effective Date, the Reorganized Debtors have successfully expunged through objection, reduced through settlement,

---

[9] As is typical in large Chapter 11 cases with complicated and numerous claims, the Court has extended the Reorganized Debtors' deadline to object to claims under Section 7.1 of the Plan several times. The Reorganized Debtors' first such motion was made on October 27, 2020 [Docket No. 9355], which the Court granted, with some limited modifications, on November 17, 2020. [Docket No. 9563]. Most recently, the Court granted a seventh motion to extend the objection deadline [Docket No. 14135], which order [Docket No. 14153] set the Current Objection Deadline.

reconciled and allowed, or otherwise resolved over 99.4% of the total dollar amount and over 99.5% in number of the General Claims asserted in these Chapter 11 Cases.

General Claims Omnibus Objections. As of the date hereof, the Reorganized Debtors have filed 120 General Claims Omnibus Objections, which has led to the resolution of over 9,520 General Claims through modification, withdrawal, disallowance and/or expungement. This has reduced the amounts asserted against the Debtors by approximately $31.6 billion.

Settled Claims. The Reorganized Debtors have undertaken extensive efforts to resolve many of the General Claims through negotiated settlements, including through the General Claims Procedures further described below. These negotiation efforts have led to the settlement of over 2,420 General Claims, totaling over $5.8 billion in asserted claim amounts (plus unliquidated amounts), both within and separate from the General Claims Procedures discussed below. The Reorganized Debtors settled forty-seven of those General Claims during the Seventh Extension Period.

General Claims Procedures. The Reorganized Debtors have resolved a subset of the settled General Claims described above through the General Claims Procedures. Since the entry of the General Claims ADR Procedures Order, the Reorganized Debtors have sent formal information requests to the holders of over 410 General Claims, have initiated settlement offer exchanges on approximately 150 General Claims, and have noticed over ninety Abbreviated Mediations and over seventy Standard Mediations (each as defined in the General Claims ADR Procedures Order).[10] The General Claims Procedures have resulted in the resolution of over 150 General Claims by settlement, totaling over $220 million in asserted value (plus unliquidated amounts).

Claims Litigated Outside of Bankruptcy Court. As of the date of this Motion, thirty-one General Claims are being litigated in non-bankruptcy fora pursuant to orders of the Court modifying the automatic stay or Plan Injunction. Under the *Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 11533], such Claims are deemed to have been objected to for purposes of the Plan's definition of "Allowed." Plan § 1.7(f).

---

[10] The categories referenced in this sentence are not mutually exclusive; for example, the Reorganized Debtors may have sent an information request, initiated settlement offer exchanges, and noticed a mediation on the same General Claim.

Distributions on Claims. Since the Effective Date, the Reorganized Debtors have processed more than 106 rounds of distributions and made distributions on over 5,150 General Claims, totaling approximately $24.7 billion.

### C. The Securities ADR Procedures Continue to Work with Respect to the Resolution of the Securities Claims

The Court-ordered *Securities ADR and Related Procedures for Resolving Subordinated Claims* (the "**Securities ADR Procedures**"), which were attached as Exhibit A to the *Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 10015] (the "**Securities ADR Procedures Order**"), and the related *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934] (the "**Amendment and Objection Procedures**"), have continued to work to resolve the Securities Claims. The Reorganized Debtors have now resolved over 88% of all Securities Claims; of the 8,976 Securities Claims (which includes amendments as separate Securities Claims until the prior claim is expunged as a duplicate), approximately 7,940 have now been resolved, including nearly 4,900 claims resolved by settlement. Settlements have been consummated with small and large claimants, including sophisticated institutions and funds, often represented by counsel (some of whom have appeared before the Court). Excluding claimants represented by Rolnick Kramer Sadighi LLP ("**RKS**"), the Reorganized Debtors have resolved the claims of twenty-one of the twenty-five claimants that have the largest claims. Moreover, the Reorganized Debtors have also resolved the claims of more than half of the RKS claimants or groups of affiliated claimants.

As of April 29, 2024, there are only approximately 1,036 Securities Claims that remain unresolved, and even that number understates PG&E's substantial progress in resolving the Securities Claims. Of the approximately 1,036 unresolved Securities Claims, approximately 660 are claims represented by RKS and another 210 claims have been filed by Vanguard or its affiliates. In other words, RKS and Vanguard alone account for over 83% of the unresolved Securities Claims. Thus, there are now only about 166 unresolved Securities Claims outside of those represented by RKS or filed by Vanguard. Because many claimants or affiliated groups of claimants often filed multiple proofs of claim, these approximately 166 proofs of claim represent only approximately 59

unique filers of proofs of claim — and the Reorganized Debtors expect that this number will continue to be significantly reduced by omnibus objections and settlements in the coming months.

Pursuant to the Amendment and Objection Procedures, the deadline by which the Reorganized Debtors must have objected to any unresolved Securities Claims was December 13, 2023, except for those that are subject to the tolling provisions of the Securities ADR Procedures, *i.e.*, those claims that are the subjects of a settlement or mediation process. As of the filing of this Motion, all Securities Claims have either been objected to by the Reorganized Debtors or are subject to such tolling. This Motion does not seek any relief with respect to the deadlines applicable to the Securities Claims.

### D. The Remaining General Claims

The approximately thirty-five Remaining General Claims fall into three general groups. First, certain Claims are subject to active settlement negotiations and/or business discussions. Of these, the Reorganized Debtors have extended settlement offers to resolve two General Claims; if accepted, these settlements will reduce the unresolved asserted Claims pool by over $5.4 million. Second, certain of the General Claims do not require any immediate action by the Reorganized Debtors, but they cannot be resolved until the conclusion of certain disputes pending in other fora, including because the vast majority are indemnification/subrogation Claims that necessarily trail other matters. The remaining few General Claims present complicated legal, factual, or procedural issues that the Reorganized Debtors require more time to analyze in order to determine the best path to resolution.

## IV. BASIS FOR RELIEF REQUESTED

### A. The Court Has the Authority to Extend the Current Objection Deadline

The Court has the express authority to extend the Current Objection Deadline, as it has done previously at the Reorganized Debtors' request, and cause exists for it to do so again. Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) provides that the Current Objection Deadline may be extended by the Court for cause shown. Plan § 7.1. This provision anticipates and provides the necessary authority for the Motion.

Even in the absence of express authority, Bankruptcy Rule 9006(b) provides in relevant part that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b). The Plan and Confirmation Order provide that the Court retains jurisdiction over "all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code." Confirmation Order ¶ 78; Plan § 11.1. Finally, the Plan also provides that the Court retains jurisdiction for, *inter alia*, the following purposes:

> (d) To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim, including any Administrative Expense Claims;
>
> . . .
>
> (k) To take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation[.]

Plan § 11.1(d) and (k). These provisions underscore the Court's authority to extend the Current Objection Deadline.

Indeed, the Plan's express authority to extend the Current Objection Deadline is consistent with the Court's general authority under sections 105(a) and 1142(b) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); 11 U.S.C. § 1142(b) ("The court may direct the debtor . . . to perform any other act . . . that is necessary for the consummation of the plan."); *see also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *Nobel Grp., Inc. v. Bank (In re Nobel Grp., Inc.)*, 529 B.R. 284, 290-91 (Bankr. N.D. Cal. 2015) (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 165 (3d Cir. 2004) ("Post-confirmation jurisdiction is assumed by statute and rule: 11 U.S.C. § 1142(b)

authorizes the bankruptcy court to 'direct' the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan.").

Finally, the Court has the inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Further extension of the Current Objection Deadline is in line with relief granted in chapter 11 cases of similar size. *See, e.g.*, *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008), Docket Nos. 58842, 54122, 50165, 41286 (extending claims objection deadline four times, for a total of six years); *In re Motors Liquidation Corp.*, Case No. 09-50026 (Bankr. S.D.N.Y. June 1, 2009), Docket Nos. 10938, 11546, 12092, 12364, 12499, 12610 (extending claims objection deadline six times, for a total of nearly three years); *In re MF Global Holdings Ltd., et al.*, Case No. 11-15059 (Bankr. S.D.N.Y. Oct. 31, 2011), Docket Nos. 2290, 2247, 2200, 2160, 2102, 2028, 1869 (extending claims objection deadline seven times, for a total of two and a half years).

### B. Good Cause Exists to Extend the Current Objection Deadline

As more fully set forth above, the Reorganized Debtors have acted diligently to review and resolve the immense number of General Claims asserted in these Chapter 11 Cases. To date, the Reorganized Debtors have resolved over 15,160 General Claims with asserted amounts of over $59.8 billion, representing over 99.4% of the aggregate dollar amount and over 99.5% in number of the General Claims asserted in these Chapter 11 Cases. The Reorganized Debtors believe that the requested extension of 180 days is necessary and reasonable in light of the nature of the Remaining General Claims, but submit that additional time may be required to resolve certain Claims.

Extension of the Current Objection Deadline will benefit the estates as a whole, including creditors and other parties in interest. It will enable the Reorganized Debtors to continue to engage in meaningful negotiations to resolve Claims consensually, minimizing the need to file and litigate objections. Resolving a Claim without a formal objection benefits both the holder of the Claim and the Reorganized Debtors' other stakeholders by avoiding the burden and expense of litigation. Further, if the Current Objection Deadline is not extended, the Reorganized Debtors will be

compelled to divert their resources to supplement any pending objections to the Remaining General Claims and file new objections to those Remaining General Claims for which no objection has been filed. If the requested relief were not granted, the Reorganized Debtors would be forced to either (a) forego filing meritorious objections, thus creating a windfall for some holders of the Remaining General Claims, *or* (b) file rushed, expansive prophylactic objections to all of the Remaining General Claims to meet the Current Objection Deadline and preserve the Reorganized Debtors' rights, which would be inefficient and impose substantial burdens on the Court and the Reorganized Debtors and significant inconvenience and litigation expense on holders of the Remaining General Claims. Neither of these alternatives would be in the best interests of the Reorganized Debtors' stakeholders.

Extending the Current Objection Deadline will not prejudice holders of the Remaining General Claims for the reasons stated above, and because such an extension is contemplated by the Plan and is reasonable under the circumstances. Moreover, whether or not the Current Objection Deadline is extended, holders of the Remaining General Claims will have a full and fair opportunity to be heard if and when an objection is litigated.

For these reasons, the Reorganized Debtors submit that extending the Current Objection Deadline through and including December 16, 2024, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof, is appropriate under the circumstances.

**V.    NOTICE**

Notice of this Motion will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of the Proposed Order granting (i) the relief requested herein, and (ii) such other and further relief for the Reorganized Debtors as the Court may deem just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: April 30, 2024 | **WEIL, GOTSHAL & MANGES LLP** |
| 2 | | **KELLER BENVENUTTI KIM LLP** |
| 3 | | */s/ Thomas B. Rupp* |
| | | Thomas B. Rupp |
| 4 | | |
| 5 | | *Attorneys for the Debtors and Reorganized Debtors* |