**ROVENS LAMB LLP**

2601 Airport Drive, Suite 370
Torrance, CA 90505
Telephone: 310.536.7830
Facsimile: 310.872.5026

slamb@rovenslamb.com
310.536.7830

May 10, 2024

<u>By Electronic Mail Only</u>

Chambers of the Hon. Dennis Montali
Attn: Lorena Parada
Courtroom 17, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE:     Proof of Claim of Amir Shahmirza
           *In re PG&E Corporation*, Case No. 19-30088 (DM), U.S. Bankruptcy Court, N.D. Cal.
           Discovery Dispute Letter Brief

To the Honorable Dennis Montali:

This is a discovery dispute regarding expert discovery. Claimant impermissibly seeks to expand the scope of expert discovery to include percipient discovery. By stipulation of the parties and Court Order of July 25, 2023 (Docket #13921 at 2:12-13), written percipient discovery closed on October 6, 2023, and percipient discovery via depositions closed on October 15, 2023 (collective, "fact discovery"). Nevertheless, Claimant argues that he: 1) should be able to conduct fact discovery anyway; and 2) that he can use document requests to expert witnesses to seek documents he elected not to seek during fact discovery, and without regard to whether the experts considered/relied upon the documents in reaching their opinions. These arguments should not be sustained.

**I.**     **Claimant's Fact Discovery Demands Are Facially Improper.**

Despite PG&E identifying prescriptive easement claims and its statute of limitations defense in March 2023 in PG&E's Opposition to Claimant's First Motion for Summary Judgment and Counter-Motion for Summary Judgment (Docket #13567 at 5:25-7:2), Claimant elected to forego fact discovery on any of these issues. <u>Not a single interrogatory, document request, or deposition notice was issued at any time by Claimant prior to the close of fact discovery.</u> Instead, it was not until weeks after Claimant's Second Motion For Summary Judgment was denied, which was weeks after PG&E's opposition to that motion was filed in November 2023 (Docket #14111), that Claimant suddenly wished to conduct some fact discovery on these long-standing issues. This should not be allowed.

Claimant was on notice of these issues in March 2023, and chose to conduct no fact discovery. Further, Claimant could have sought this extraordinary relief with a good cause showing shortly

after PG&E's November 2023 Opposition was filed, if it was really a concern. He did not; instead, Claimant waited until weeks after the ruling it disagreed with to try to re-open fact discovery. This abuse of discovery should not be allowed.

**II.     Claimant's Improper Deposition Notices and Document Requests.**

On February 20, 2024, Claimant served deposition notices for: (1) Melanie Brayton (a lay witness not under PG&E's authority); (2) retained expert appraiser Michelle Patton; and (3) non-retained experts, John Raines, Mark Galicia, and Michael Sosinski. Copies of the Brayton and Patton notices are attached as Exhibits A and B. The Raines, Galicia, and Sosinski notices were already provided as Exhibit A to Claimant's brief.

On March 21, 2024, PG&E served Responses and Objections to the Deposition Notices of Brayton, Patton, Raines, Galicia, and Sosinski. Those objections are attached as Exhibits C, D, E, F, and G, and the key issues for the Court on each are highlighted below.[1]

- <u>Brayton</u>: Inexplicably, Claimant served only a notice on PG&E, purporting not only to require it to produce a third-party witness it does not control, and without a subpoena, but also that PG&E produce documents for *her* deposition. This is just not how depositions work. As already noted above, her deposition, even if properly subpoenaed, should not be allowed as she is a fact witness pursued after the close of fact discovery.

- <u>Raines, Galicia and Sosinski</u>:

    o  PG&E agreed to produce these witnesses; PG&E agreed to produce, and has produced, all documents the non-retained experts reviewed/relied upon in furtherance of their respective opinions, as set forth in their declarations. PG&E produced several batches of documents, both at the time they were due, and subsequently to address follow up questions from Claimant. In fact, PG&E went so far as to send a line by line email explanation of key documents to help Claimant understand them, though that would normally be what the depositions are for and is certainly not an obligation it has when producing documents.

    o  PG&E objected *in part* to some of the requests to the extent they sought documents and/or information that was not reviewed/relied upon by the experts. As one example, Claimant argues that when Mr. Sosinski declared, based on his <u>firsthand knowledge and experience</u>, that moving the transmission lines would be costly and disruptive, he should be required to dig though PG&E (not his) files to find documents to prove that. Mr. Sosinski did not say he relied on document X or document Y; it was based on his collective work history and experience. There are no documents for that. Similar issues were raised as to the other experts, demanding they produce documents that Claimant thinks PG&E has (which it may or may not not), even though these hypothetical

---

[1] PG&E has produced all responsive documents for Patton. Claimant has not raised any issues regarding that production.

- documents were not reviewed/relied upon in reaching the experts' opinions. These are expert witnesses, and discovery is proper as to their expert opinions and the documents reviewed/relied upon in reaching them. Claimant seeking documents beyond that scope is not contemplated by the expert discovery process and should not be allowed.

- PG&E produced LiDAR scans in CADD[2] files that contain information Claimant seeks in relation to the position of the towers and transmission lines before and after the 2018 project at issue. These files were produced as they are <u>ordinarily maintained and in their native form</u>, as required. The LiDAR scans are for 2012 and 2022, which are the before and after data sets Raines relied on for his declaration, and about which Raines is prepared to testify. Claimant has not confirmed whether Claimant, a civil engineer, can view the CADD files of the LiDAR data. Nor has Claimant provided alternative options for the information, despite requests for the same from PG&E. Even without any guidance from Claimant, PG&E is in the process of preparing screenshots to provide the information in the files *already produced*.

- <u>Benjamin Schuch and Eric Johnsrud</u>: Though no notices were issued, and Claimant **never** met and conferred about these names, Claimant seeks leave to take their depositions. These individuals are not PG&E employees. They are contractors and do not reside within the state. Claimant's request is well past the close of fact discovery, and is improper.

**III.    Claimant's Unreasonable Delay / Refusal To Address Document Requests.**

On February 28, 2024, PG&E served deposition notices and document requests for Claimant's retained expert John Mateo and non-retained expert Amir Shahmirza. Those notices are attached as Exhibits H and I. Responses and documents were due on March 29, 2024, to date Claimant has neither responded to the requests nor produced any documents for either expert. PG&E requests the Court order that be done in the next seven days. After many requests, Claimant has <u>today</u> represented that documents for will be forthcoming on May 13, 2024, more than six weeks after they were due. Because Claimant will only be producing documents <u>after</u> this brief is due, PG&E must reserve its rights to address any deficiencies in that production, including seeking exclusion for prejudicial delay, after the May 10 deadline.

For all the above reasons, and further oral argument as requested by the Court, PG&E respectfully requests that the Court deny Claimant's requests and order a date certain for its outstanding production of documents responsive to PG&E's duly issued notices.

Respectfully submitted,

*S.A. Lamb*
Steven A. Lamb

Enclosures

---

[2] LiDAR – Light Detection and Ranging; a remote sensing method for detecting and measuring the distances between objects. CADD – Computer-Aided Design and Drafting.