Exhibit A to Letter Brief

```
 1   LAWRENCE A. JACOBSON, SBN 057393
     SEAN M. JACOBSON, SBN 227241
 2   COHEN AND JACOBSON, LLP
     66 Bovet Road, Suite 285
 3   San Mateo, CA 94402
     Telephone: (650) 261-6280
 4   laj@cohenandjacobson.com

 5   Attorneys for Amir Shahmirza
     (Agent for Komir, Inc.)
 6

 7                    UNITED STATES BANKRUPTCY COURT

 8                    NORTHERN DISTRICT OF CALIFORNIA

 9                        SAN FRANCISCO DIVISION

10   In re                              Case No. 19-30088 (DM)

11   PG&E CORPORATION,                  Chapter 11

12        - and -                       (Lead Case) (Jointly Administered)

13   PACIFIC GAS AND ELECTRIC           Deposition Date:    April 10, 2024
14   COMPANY,                                               9:30 a.m.
                                                            Remote Video
15             Debtors.

16   ☐ Affects PG&E Corporation
     ☐ Affects Pacific Gas and Electric Company
17   ■ Affects both Debtors
     _____
18
```

19 **NOTICE OF DEPOSITION OF MELANIE BRAYTON WITH PRODUCTION OF DOCUMENTS IN CONTESTED MATTER ON OBJECTION TO PROOF OF CLAIM #2090 (KOMIR, INC., AS FILED BY AMIR SHAHMIRZA)**

21      NOTICE IS HEREBY GIVEN that, pursuant to FRCP 30 and FRBP 7030, and FRCP 34 and

22  FRBP 7034 as referenced in FRCP 30 and FRBP 7030, Komir, Inc., through its agent Amir

23  Shahmirza, as the Claimant having filed Proof of Claim #2090, ("Deposing Party"), will conduct the

24  deposition of Melanie Brayton ("Deponent"), as a Declarant whose Declaration in Opposition to

25  Claimant's Second Motion for Partial Summary Adjudication (Docket # 14114) (Deponent's

26  Declaration") was filed by PG&E as the proponent thereof, by remote video conference on April 10,

**NOTICE OF DEPOSITION OF MELANIE BRAYTON WITH PRODUCTION OF DOCUMENTS** 1

1    2024, commencing at 9:30 a.m. utilizing the remote facility of Veritext Legal Solutions.

2       Veritext Legal Solutions will host the deposition as a Zoom conference or similar video

3    technology. No later than the day prior to the deposition, Veritext Legal Solutions will provide to all

4    parties and the deponent by e-mail, text, or phone (at an email address or telephone number to be

5    provided by them more than one day prior to the deposition) the link to access to appear for the

6    deposition. If counsel or the deponent do not have a personal computer, laptop, or mobile device and

7    a quality Wi-Fi connection, these items will be provided for them at the date and time of the

8    deposition for use at the office of Veritext Legal Solutions at 101 Montgomery Street, Suite 450, San

9    Francisco CA 94104 (Phone: 415.274.9977 Fax: 415.274.9998) at which all applicable health and

10   safety protocols will be observed.

11      PG&E, the party that filed the Brayton Declaration, is represented by Steven A. Lamb of

12   Rovens Lamb LLP as its counsel in this matter and the address of the deponent is known to such

13   counsel.  Deposing Party is not aware of any attorneys representing the Deponent.

14      NOTICE IS FURTHER GIVEN that the deposition testimony shall be recorded

15   stenographically with the use of instant visual display of testimony.

16      NOTICE IS FURTHER GIVEN that the deponent, either personally or by Debtors, is

17   required to produce within 30 days after service of this Notice the following documents:

18      1.    All writings, recordings and photographs as defined by Rule 1001 of the Federal

19   Rules of Evidence ("Documents") constituting, concerning, evidencing or referring to any

20   communication between the Deponent and Debtors or any agents, employees, representatives,

21   investigators, or other persons acting on their behalf.

22      2.    All Documents constituting, concerning, evidencing or referring to any draft or other

23   version of the Deponent''s Declaration whether an original, duplicate or annotated version.

24      3.    All Documents constituting, concerning, evidencing or referring to any

25   communication between the Deponent and the person identified in the Deponent's Declaration as

26   John Kokas.

**NOTICE OF DEPOSITION OF MELANIE BRAYTON WITH PRODUCTION OF DOCUMENTS**   2

1    4.    All Documents concerning, evidencing or referring to any fact or facts supporting the
2    statement in Deponent's Declaration that "I have personal knowledge of the facts and circumstances
3    and can and do competently testify regarding the facts set forth in this declaration." (Page 2, lines 3-
4    4).

5    The deposition shall continue from day to day, Saturdays, Sundays and holidays excepted,
6    until completed.

7    A list of the attorneys involved in this action is enclosed on the Proof of Service.

8    Dated: February 20, 2024                    COHEN AND JACOBSON, LLP

9

10                                    By:   /s/ Lawrence A. Jacobson
                                     Lawrence A. Jacobson`

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**NOTICE OF DEPOSITION OF MELANIE BRAYTON WITH PRODUCTION OF DOCUMENTS**    3

Exhibit B to Letter Brief

LAWRENCE A. JACOBSON, SBN 057393
SEAN M. JACOBSON, SBN 227241
COHEN AND JACOBSON, LLP
66 Bovet Road, Suite 285
San Mateo, CA 94402
Telephone: (650) 261-6280
laj@cohenandjacobson.com

Attorneys for Amir Shahmirza
(Agent for Komir, Inc.)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, | **Deposition Date:**     **April 12, 2024** **9:30 a.m.** **Remote Video** |
| Debtors. | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ■ Affects both Debtors | |

**NOTICE OF DEPOSITION OF MICHELLE PATTON WITH PRODUCTION OF DOCUMENTS IN CONTESTED MATTER ON OBJECTION TO PROOF OF CLAIM #2090 (KOMIR, INC., AS FILED BY AMIR SHAHMIRZA)**

NOTICE IS HEREBY GIVEN that, pursuant to FRCP 30 and FRBP 7030, and FRCP 34 and FRBP 7034 as referenced in FRCP 30 and FRBP 7030, Komir, Inc., through its agent Amir Shahmirza, as the Claimant having filed Proof of Claim #2090, ("Deposing Party"), will conduct the deposition of Michelle Patton ("Deponent"), identified by PG&E as a designated non-party expert witness, by remote video conference on April 12, 2024, commencing at 9:30 a.m. utilizing the remote facility of Veritext Legal Solutions.

1    Veritext Legal Solutions will host the deposition as a Zoom conference or similar video

2 technology. No later than the day prior to the deposition, Veritext Legal Solutions will provide to all

3 parties and the deponent by e-mail, text, or phone (at an email address or telephone number to be

4 provided by them more than one day prior to the deposition) the link to access to appear for the

5 deposition. If counsel or the deponent do not have a personal computer, laptop, or mobile device and

6 a quality Wi-Fi connection, these items will be provided for them at the date and time of the

7 deposition for use at the office of Veritext Legal Solutions at 101 Montgomery Street, Suite 450, San

8 Francisco CA 94104 (Phone: 415.274.9977 Fax: 415.274.9998) at which all applicable health and

9 safety protocols will be observed.

10    PG&E, the party that designated Ms. Patton, is represented by Steven A. Lamb of Rovens

11 Lamb LLP as its counsel in this matter and the address of the deponent is known to such counsel.

12    NOTICE IS FURTHER GIVEN that the deposition testimony shall be recorded

13 stenographically with the use of instant visual display of testimony.

14    NOTICE IS FURTHER GIVEN that the deponent, either personally or by Debtors, is

15 required to produce within 30 days after service of this Notice the following documents:

16    1.    All writings, recordings and photographs as defined by Rule 1001 of the Federal

17 Rules of Evidence ("Documents") constituting, concerning, evidencing or referring to any

18 communication between the Deponent and Debtors or any agents, employees, representatives,

19 investigators, or other persons acting on their behalf.

20    2.    All Documents concerning, evidencing or referring to any other engagements between

21 Deponent, or any person, firm or entity on whose behalf Deponent acted as appraiser, and Debtors.

22    3.    All Documents, including time and billing records, concerning, evidencing or

23 referring to the time expended by Deponent in performing her function as a designated non-party

24 expert including without limitation performing her appraisal.

25    4.    All Documents reviewed, considered or referred to by Deponent in formulating the

26 opinions to be presented by the Deponent.

**NOTICE OF DEPOSITION OF MICHELLE PATTON WITH PRODUCTION OF DOCUMENTS**    2

Exhibit C to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

HANSON BRIDGETT LLP
Shannon M. Nessier (#267644)
snessier@hansonbridgett.com
Madison D. DiZinno (#335052)
mdizinno@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415 777 3200
Facsimile: 415 541 9366

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MELANIE BRAYTON** |

PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Debtors**" or the "**Reorganized Debtors**") hereby object to the Notice of Deposition of Melanie Brayton and Request for Production of Documents, noticed by Claimant for April 10, 2024; as follows:

1.     OBJECTION.  The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45.  The Notice does not contain a copy of the requisite subpoena that must be properly served on the deponent, Melanie Brayton, a non-party to this proceeding.

2.     OBJECTION.  The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45.  The Notice improperly seeks to require the production of a third-party to a deposition after the percipient discovery has been closed by stipulation of the parties and Court Order (see Docket # 13921).

3.     OBJECTION.  The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45.  The Notice at 2:16, improperly seeks the production of documents, "either personally [by the deponent Melanie Brayton] or by Debtors" (emphasis added), thereby improperly seeking to require a party to produce documents in response to a Notice of Deposition for a non-party, Melanie Brayton.  Ms. Brayton is not an employee of Debtors, nor do Debtors have authority over this non-party.  As such, they have no authority to produce the non-party witness or records in her possession, custody, or control.  Debtors will not produce any documents in response to the Notice.

////////////////////////////////////////////

Dated: March 20, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

*/ s /*
Steven A. Lamb
*Attorneys for Debtors and*
*Reorganized Debtors*

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On March 21, 2024, I served the following document(s), addressed as follows: **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MELANIE BRAYTON**

**( )     BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )     BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )     BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on March 21, 2024 at Los Angeles, California.

**(X)     FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
/S
Steven A. Lamb

**SERVICE LIST**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

| | |
|---|---|
| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| | |

Exhibit D to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

HANSON BRIDGETT LLP
Shannon M. Nessier (#267644)
snessier@hansonbridgett.com
Madison D. DiZinno (#335052)
mdizinno@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415 777 3200
Facsimile: 415 541 9366

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MICHELLE PATTON WITH PRODUCTION OF DOCUMENTS** |

20637667.1

PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Debtors**" or the "**Reorganized Debtors**") hereby object to the Notice of Deposition of Michelle Patton and Request for Production of Documents (the "**Notice**"), noticed by Claimant for April 12, 2024 as follows:

Objection to entire Notice: The Notice purports to require the production of documents within a specified time, but FRCP 34(b)(2)(B) allows for production of documents within the time specified or within another reasonable time and FRCP 30(b)(2) is intended to afford the responding party a reasonable time within which to review documents prior to the deposition. *See Devaney v. Continental Am. Ins.,* 989 F.2d 1154, 1156 (11th Cir. 1993). Reorganized Debtors will meet and confer with Claimant on an appropriate and reasonable time for production. Reorganized Debtors suggest the parties produce responsive documents to the respective notices of each side's expert witnesses within three business days of the date noticed for their depositions.

## **Objections and Responses to Individual Requests**

### **REQUEST FOR PRODUCTION NO. 1:**

All writings, recordings and photographs as defined by Rule 1001 of the Federal Rules of Evidence ("Documents") constituting, concerning, evidencing or referring to any communication between the Deponent and Debtors or any agents, employees, representatives, investigators, or other persons acting on their behalf.

### **RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy, including but not limited to those specifically protected by FRCP 26 (as incorporated by FRBP 7026). Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

/ / /

20637667.1

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning, evidencing or referring to any other engagements between Deponent, or any person, firm or entity on whose behalf Deponent acted as appraiser, and Debtors.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy, including but not limited to those specific protected by FRCP 26 (as incorporated by FRBP 7026). Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will identify all engagements of Deponent as a testifying expert by Debtors in the prior four years.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, including time and billing records, concerning, evidencing or referring to the time expended by Deponent in performing her function as a designated non-party expert including without limitation performing her appraisal.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents reviewed, considered or referred to by Deponent in formulating the opinions to be presented by the Deponent.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to

20637667.1

privacy.  Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents constituting, concerning, evidencing or referring to any instructions provided by Debtors or any of their agents, employees, representatives and attorneys concerning the performance of the appraisal by Deponent, or the manner or scope thereof, and/or any other actions performed or to be performed by Deponent in her capacity as expert witness.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy.  Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents provided by Debtors or any of their agents, employees, representatives and attorneys to the Deponent.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy.  Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents that identify any person, firm or entity consulted by Deponent in performing her functions as expert witness herein including without limitation persons consulted regarding risks, contingencies, conditions or requirements for the development of any structure on the property owned by Claimant that is the subject of this objection.

/ / /

/ / /

20637667.1

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents constituting, concerning, evidencing or referring to any written materials of any sort within the meaning of Rule 1001 of the Federal Rules of Evidence with respect to risks, contingencies, conditions or requirements for the development of any structure on the property owned by Claimant that is the subject of this objection that the Deponent reviewed, considered or referred to in formulating the opinions to be expressed by Deponent herein.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning, evidencing or referring to all opinions to be expressed by Deponent herein, and all supporting materials.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Deponent's entire file concerning Deponent's investigation andevaluation [sic] of the issues in this matter and the opinions to be expressed by Deponent, including all drafts and revisions.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to

20637667.1

privacy.  Responding Party further objects to the extent this request seeks information protected from disclosure by FRCP 26 (as incorporated by FRBP 7026).  Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

Dated: March 21, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

*/s/*
Steven A. Lamb
*Attorneys for Debtors and*
*Reorganized Debtors*

20637667.1

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA             )
                                         )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On March 21, 2024, I served the following document(s), addressed as follows: **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MICHELLE PATTON WITH PRODUCTION OF DOCUMENTS**

**( )**     **BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)**     **BY ELECTRONIC MAIL** I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )**     **BY OVERNIGHT COURIER** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )**     **BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

        Executed on March 21, 2024 at Los Angeles, California.

**(X)**     **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                     /S
                                     Steven A. Lamb

20637667.1

| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| --- | --- |
| | |

20637667.1

Exhibit E to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
slamb@rovenslamb.com
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

HANSON BRIDGETT LLP
Shannon M. Nessier (#267644)        )
snessier@hansonbridgett.com
Madison DiZinno (#335052)
mdizinno@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415 777 3200
Facsimile: 415 541 9366

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF JOHN RAINES** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation and Pacific Gas and Electric Company(collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Debtors**" or the "**Reorganized Debtors**") hereby objects to the Notice of Deposition of Mark Galicia and Request for Production of Documents, noticed by Claimant for April 2, 2024; as follows:

1.      OBJECTION: The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45. The deponent has been designated as a deponent prepared to provide testimony in deponent's capacity as a non-retained expert consistent with the Debtors' designation for the purpose of providing expert testimony regarding the declaration submitted by the deponent. The designation and the stipulation and order of the parties agrees to produce the deponent in his capacity as a non-retained expert and to produce documents that the non-retained expert reviewed and relied upon in furtherance of developing the opinions set forth in the deponent's declaration. The Notice and Request for Production of Documents improperly seeks to require the production of the deponent and the production of documents relating to matters beyond the scope of the non-retained expert's opinion and declaration. Percipient discovery has been closed by stipulation of the parties and Court Order (see Docket # 13921) and the deponent will not submit to deposition outside the scope of the opinions set forth in his declaration and documents on which the deponent did not rely in furtherance of developing the opinions set forth in his declaration.

2.      OBJECTION. The Notice purports to require the production of documents within a specified time, but FRCP 34(b)(2)(B) allows for production of documents within the time specified or within another reasonable time and FRCP30(b)(2) is intended to afford the reponding party a reasonable time within which to review documents prior to the deposition. *See Devaney v. Continental Am. Ins.,* 989 F.2d 1154, 1156 (11th Cir. 1993). Reorganized Debtors will meet and confer with Claimant on an appropriate and reasonable time for production. Reorganized Debtors suggest the parties produce responsive documents to the respective notices of each side's expert witnesses within three business days of the date noticed for their depositions.

Reorganized Debtors responds as follows to the corresponding Request for Production of Documents:

1.      All DOCUMENTS concerning, evidencing or referring to that project described in the Declaration of Mark Galicia in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment ("Galicia Declaration") at page 2, lines 18-21 as follows:

"The project involved the reconstruction of six poles that supported six separate 115 kV circuits in the Transition Station. These poles were replaced with three new tubular steel poles within the Transition Station, with each tubular steel pole supporting two 115 kV circuits." (the "PROJECT"), including without limitation the following:

(a)     All Construction Documents including Architectural, structural, civil, grading, surveying, electrical, mechanical and specifications of

(i)     each of the six towers as referred to in the Galicia Declaration and Exhibit 1 thereto as 6/52A, 6/52B, 5/38(2 each), and 5/39(2 each) that were "reconstructed" (the "REMOVED TOWERS") from the date of their erection to 2018;

(ii)    the three new tubular steel poles referred to in the Galicia Declaration as 6/52 and 004/037-039 (2 each)) that "replaced" the original six towers (the "REPLACEMENT TOWERS;" and

(iii)   the three southerly towers to which the transmission lines were attached near San Bruno Avenue referred to in the Galicia Declaration as 6/51 and 5/40 (2 each) (the "SOUTHERLY TOWERS") from the date of their erection to 2018,

including without limitation those complete sets of the drawings referenced by PG&E numbers 229394, 217643 and 229404 as stated in the Raines Declaration.

(b)     WRITINGS indicating the sizes and locations and coordinates of the bases and the height of each of the REMOVED TOWERS and each REPLACEMENT TOWERS. (see, Galicia Exhibit 1 page 4)

(c)     WRITINGS constituting or indicating aerial height, surveys, and transmission lines and towers attachment points on the REMOVED TOWERS and the REPLACEMENT TOWERS.

(d)     WRITINGS indicating the current and future electrical transmission capacity of

the transmission lines that were attached to the REMOVED TOWERS and to the REPLACEMENT TOWERS.

(e)    WRITINGS indicating the dimensions, weight, and conductor length of the REMOVED TOWERS and the REPLACEMENT TOWERS,

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

2.    All DOCUMENTS constituting, concerning, evidencing or referring to any application to the California Public Utilities Commission for erecting and for any alteration and modifications to the towers that support or supported the crossing transmission conductors across Komir's property referred to as 6/52A, 6/52B, 5/38, 5/39, 6/52, 004/037-039, 6/51 and 5/40 referred and shown in Galicia Declaration Exhibit 1, i.e., the REMOVED TOWERS, the REPLACEMENT TOWERS, and the SOUTHERLY TOWERS.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

3.    All DOCUMENTS constituting, concerning, evidencing or referring to any alteration, whether by increase in height, decrease in height, or otherwise, of the SOUTHERLY TOWERS in or after 2014.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

    4.      All DOCUMENTS constituting, concerning, evidencing or referring to any inspection of the work performed by PG&E or its subcontractors or others acting on its behalf on the PROJECT by any governmental agency, including but not limited to the California Public Utility Commission.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

    5.      All DOCUMENTS constituting, concerning, evidencing or referring to any type or form of notice published in any manner to inform the public, or any segment thereof, of the PROJECT.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

    6.      All DOCUMENTS that identify the persons who performed work on the PROJECT and their contact information whether through counsel or otherwise.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

7. All DOCUMENTS concerning, evidencing or referring to aerial views of the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines on or after June 30, 1987.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

8. All DOCUMENTS constituting, concerning, evidencing or referring to actions taken by PG&E with respect to the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines across the PROPERTY as described in the Declaration of John Raines in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "RAINES DECLARATION") at page 2, lines 22-26 as follows:

"My current responsibilities including checking ground clearance heights on existing structures and on future designs, designing new configurations (such as removing/moving poles or stringing new kinds of conductor with different sag characteristics), preparing structure check sheets (data sheets containing basic data about tower loads, span lengths, conductor characteristics, etc), among other technical duties."

The documents to be produced include all records of the type underlined that relate to the PROPERTY, namely, DOCUMENTS constituting, evidencing, concerning, specifying, requiring or referring to the required ground clearance heights; design configurations relating to removing/moving poles or stringing new kinds of conductor with different sag characteristics; and structure check sheets including data sheets containing basic data about tower loads, span lengths, conductor characteristics and specifications and requirements.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

9.    All DOCUMENTS constituting, concerning, evidencing or referring to LiDAR scans as described in the RAINES DECLARATION at page 2, lines 25-27 as follows:

"LiDAR scans kept and maintained in the ordinary course of business relating to the Transmission Towers on the Transition Station and the Transmission Lines that extend from the Transition Station over the Komir Property."

**OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

10.    All DOCUMENTS that reflect the gross revenue, as expressed in any convenient manner whether daily, monthly, quarterly, annually or otherwise, received by PG&E for the delivery of electricity as described in the following statement in the Declaration of

Michael Sosinski in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "SOSINSKI DECLARATION") at page 1, lines, 24-26:

"The six circuits are the primary south- north corridor that serves the San Francisco peninsula as well as massive public infrastructure such as BART and SFO airport."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party reponds that the deponent has no Documents responsive to this Request.

11. All DOCUMENTS concerning, evidencing including but not limited to Caltrans requirements and PG&E's clearance requirements and all aerial views of transmission lines and the towers from 1987 to present, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 9-11:

"The Caltrans right-of-way to the east (Highway 101) is fully occupied with infrastructure and Caltrans requirements would not allow a longitudinal installation for safety reasons."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

12. All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or

providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 13-15:

"I would expect costs for each relocation to exceed $1M just in temporary circuitry and construction logistics alone for each of the six circuits. Double circuit structures with constrained construction access could cost in excess of $1.M each."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

13.    All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 17-19:

"Fracturing the transmission infrastructure at this location would create future maintenance and disaster recovery complications that would have untold implications to system security, reliability, and customers."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy, including but not limited to those specifically protected by FRCP 26 (as incorporated by FRBP 7026). Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

14. All DOCUMENTS that indicate the height of transmission towers and the transmission lines, and/or any addition, alteration or modification of the towers and/or transmission lines, across the Property during the period from June 30, 1987 to July 1, 1992.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 6, lines 1-3 stating:

"Claimant's Motion focuses on events since 2018, but misses the fact that PG&E perfected its prescriptive easement against the prior owners in 1992, five years after they purchased the Komir Property."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 14:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

15. All DOCUMENTS that indicate the height of the towers and the transmission lines across the Property during the period from December 18, 2000 to April 30, 2018.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 8, lines 7-13 stating "Even if it is determined that PG&E did not acquire a prescriptive easement against the prior owners, PG&E can establish all elements of a prescriptive easement against Claimant. As established above, use of the Transmission Lines is open and notorious because the Transmission Lines are visible and hung over the Komir Property for decades prior to Claimant's purchase of the Property in 2000 and continued to be open and notorious for at least five years after Claimant purchased the property; use has been continuous and uninterrupted for decades, well beyond the five-year statutory period after Claimant purchased the property."

## ESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 15:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly

broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

16. All DOCUMENTS constituting, concerning, evidencing or referring to any notices of violations of statutes, rules or regulations pertaining to the maintenance of the REMOVED TOWERS and/or the REPLACEMENT TOWERS.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

Dated: March 21, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

_/ S /_
Steven A. Lamb
_Attorneys for Debtors and_
_Reorganized Debtors_

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA           )
                              )
COUNTY OF LOS ANGELES         )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On March 21, 2024, I served the following document(s), addressed as follows: **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF JOHN RAINES**

**( )      BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )      BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )      BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on March 21, 2024 at Los Angeles, California.

**(X)     FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
                    /S
                    Steven A. Lamb

**SERVICE LIST**
***Amir Shahmirza v. PG&E***
US Bankruptcy Case 19-30088 (DM)

| | |
|---|---|
| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| | |

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
slamb@rovenslamb.com
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

HANSON BRIDGETT LLP
Shannon M. Nessier (#267644)          )
snessier@hansonbridgett.com
Madison DiZinno (#335052)
mdizinno@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415 777 3200
Facsimile: 415 541 9366

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MARK GALICIA** |

PG&E Corporation and Pacific Gas and Electric Company(collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Debtors**" or the "**Reorganized Debtors**") hereby objects to the Notice of Deposition of Mark Galicia and Request for Production of Documents, noticed by Claimant for April 2, 2024; as follows:

1.      OBJECTION: The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45. The deponent has been designated as a deponent prepared to provide testimony in deponent's capacity as a non-retained expert consistent with the Debtors' designation for the purpose of providing expert testimony regarding the declaration submitted by the deponent. The designation and the stipulation and order of the parties agrees to produce the deponent in his capacity as a non-retained expert and to produce documents that the non-retained expert reviewed and relied upon in furtherance of developing the opinions set forth in the deponent's declaration. The Notice and Request for Production of Documents improperly seeks to require the production of the deponent and the production of documents relating to matters beyond the scope of the non-retained expert's opinion and declaration. Percipient discovery has been closed by stipulation of the parties and Court Order (see Docket # 13921) and the deponent will not submit to deposition outside the scope of the opinions set forth in his declaration and documents on which the deponent did not rely in furtherance of developing the opinions set forth in his declaration.

2.      OBJECTION. The Notice purports to require the production of documents within a specified time, but FRCP 34(b)(2)(B) allows for production of documents within the time specified or within another reasonable time and FRCP30(b)(2) is intended to afford the reponding party a reasonable time within which to review documents prior to the deposition. *See Devaney v. Continental Am. Ins.,* 989 F.2d 1154, 1156 (11th Cir. 1993). Reorganized Debtors will meet and confer with Claimant on an appropriate and reasonable time for production. Reorganized Debtors suggest the parties produce responsive documents to the respective notices of each side's expert witnesses within three business days of the date noticed for their depositions.

Reorganized Debtors responds as follows to the corresponding Request for Production of Documents:

1.    All DOCUMENTS concerning, evidencing or referring to that project described in the Declaration of Mark Galicia in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment ("Galicia Declaration") at page 2, lines 18-21 as follows:

        "The project involved the reconstruction of six poles that supported six separate 115 kV circuits in the Transition Station. These poles were replaced with three new tubular steel poles within the Transition Station, with each tubular steel pole supporting two 115 kV circuits." (the "PROJECT"), including without limitation the following:

(a)    All Construction Documents including Architectural, structural, civil, grading, surveying, electrical, mechanical and specifications of

    (i)    each of the six towers as referred to in the Galicia Declaration and Exhibit 1 thereto as 6/52A, 6/52B, 5/38(2 each), and 5/39(2 each) that were "reconstructed" (the "REMOVED TOWERS") from the date of their erection to 2018;

    (ii)    the three new tubular steel poles referred to in the Galicia Declaration as 6/52 and 004/037-039 (2 each)) that "replaced" the original six towers (the "REPLACEMENT TOWERS;" and

    (iii)    the three southerly towers to which the transmission lines were attached near San Bruno Avenue referred to in the Galicia Declaration as 6/51 and 5/40 (2 each) (the "SOUTHERLY TOWERS") from the date of their erection to 2018,

        including without limitation those complete sets of the drawings referenced by PG&E numbers 229394, 217643 and 229404 as stated in the Raines Declaration.

(b)    WRITINGS indicating the sizes and locations and coordinates of the bases and the height of each of the REMOVED TOWERS and each REPLACEMENT TOWERS. (see, Galicia Exhibit 1 page 4)

(c)    WRITINGS constituting or indicating aerial height, surveys, and transmission lines and towers attachment points on the REMOVED TOWERS and the REPLACEMENT TOWERS.

(d)    WRITINGS indicating the current and future electrical transmission capacity of

the transmission lines that were attached to the REMOVED TOWERS and to the REPLACEMENT TOWERS.

    (e)      WRITINGS indicating the dimensions, weight, and conductor length of the REMOVED TOWERS and the REPLACEMENT TOWERS,

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

2.      All DOCUMENTS constituting, concerning, evidencing or referring to any application to the California Public Utilities Commission for erecting and for any alteration and modifications to the towers that support or supported the crossing transmission conductors across Komir's property referred to as 6/52A, 6/52B, 5/38, 5/39, 6/52, 004/037-039, 6/51 and 5/40 referred and shown in Galicia Declaration Exhibit 1, i.e., the REMOVED TOWERS, the REPLACEMENT TOWERS, and the SOUTHERLY TOWERS.

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 2:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

3.      All DOCUMENTS constituting, concerning, evidencing or referring to any alteration, whether by increase in height, decrease in height, or otherwise, of the SOUTHERLY TOWERS in or after 2014.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

4.   All DOCUMENTS constituting, concerning, evidencing or referring to any inspection of the work performed by PG&E or its subcontractors or others acting on its behalf on the PROJECT by any governmental agency, including but not limited to the California Public Utility Commission.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

5.   All DOCUMENTS constituting, concerning, evidencing or referring to any type or form of notice published in any manner to inform the public, or any segment thereof, of the PROJECT.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

6.   All DOCUMENTS that identify the persons who performed work on the PROJECT and their contact information whether through counsel or otherwise.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

7.    All DOCUMENTS concerning, evidencing or referring to aerial views of the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines on or after June 30, 1987.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

8.    All DOCUMENTS constituting, concerning, evidencing or referring to actions taken by PG&E with respect to the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines across the PROPERTY as described in the Declaration of John Raines in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "RAINES DECLARATION") at page 2, lines 22-26 as follows:

"My current responsibilities including checking ground clearance heights on existing structures and on future designs, designing new configurations (such as removing/moving poles or stringing new kinds of conductor with different sag characteristics), preparing structure check sheets (data sheets containing basic data about tower loads, span lengths, conductor characteristics, etc), among other technical duties."

The documents to be produced include all records of the type underlined that relate to the PROPERTY, namely, DOCUMENTS constituting, evidencing, concerning, specifying, requiring or referring to the required ground clearance heights; design configurations relating to removing/moving poles or stringing new kinds of conductor with different sag characteristics; and structure check sheets including data sheets containing basic data about tower loads, span lengths, conductor characteristics and specifications and requirements.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

9.  All DOCUMENTS constituting, concerning, evidencing or referring to LiDAR scans as described in the RAINES DECLARATION at page 2, lines 25-27 as follows:

"LiDAR scans kept and maintained in the ordinary course of business relating to the Transmission Towers on the Transition Station and the Transmission Lines that extend from the Transition Station over the Komir Property."

**OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

10.  All DOCUMENTS that reflect the gross revenue, as expressed in any convenient manner whether daily, monthly, quarterly, annually or otherwise, received by PG&E for the delivery of electricity as described in the following statement in the Declaration of

Michael Sosinski in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "SOSINSKI DECLARATION") at page 1, lines, 24-26:

"The six circuits are the primary south- north corridor that serves the San Francisco peninsula as well as massive public infrastructure such as BART and SFO airport."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party reponds that the deponent has no Documents responsive to this Request.

11. All DOCUMENTS concerning, evidencing including but not limited to Caltrans requirements and PG&E's clearance requirements and all aerial views of transmission lines and the towers from 1987 to present, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 9-11:

"The Caltrans right-of-way to the east (Highway 101) is fully occupied with infrastructure and Caltrans requirements would not allow a longitudinal installation for safety reasons."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

12. All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or

providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 13-15:

"I would expect costs for each relocation to exceed $1M just in temporary circuitry and construction logistics alone for each of the six circuits. Double circuit structures with constrained construction access could cost in excess of $1.M each."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 12:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

13. All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 17-19:

"Fracturing the transmission infrastructure at this location would create future maintenance and disaster recovery complications that would have untold implications to system security, reliability, and customers."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 13:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy, including but not limited to those specifically protected by FRCP 26 (as incorporated by FRBP 7026). Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

14. All DOCUMENTS that indicate the height of transmission towers and the transmission lines, and/or any addition, alteration or modification of the towers and/or transmission lines, across the Property during the period from June 30, 1987 to July 1, 1992.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 6, lines 1-3 stating:

"Claimant's Motion focuses on events since 2018, but misses the fact that PG&E perfected its prescriptive easement against the prior owners in 1992, five years after they purchased the Komir Property."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

15. All DOCUMENTS that indicate the height of the towers and the transmission lines across the Property during the period from December 18, 2000 to April 30, 2018.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 8, lines 7-13 stating "Even if it is determined that PG&E did not acquire a prescriptive easement against the prior owners, PG&E can establish all elements of a prescriptive easement against Claimant. As established above, use of the Transmission Lines is open and notorious because the Transmission Lines are visible and hung over the Komir Property for decades prior to Claimant's purchase of the Property in 2000 and continued to be open and notorious for at least five years after Claimant purchased the property; use has been continuous and uninterrupted for decades, well beyond the five-year statutory period after Claimant purchased the property."

**ESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly

broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

16.    All DOCUMENTS constituting, concerning, evidencing or referring to any notices of violations of statutes, rules or regulations pertaining to the maintenance of the REMOVED TOWERS and/or the REPLACEMENT TOWERS.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

Dated: March 21, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

*/ S /*
_____        _____
Steven A. Lamb
*Attorneys for Debtors and*
*Reorganized Debtors*

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA              )
                                 )
COUNTY OF LOS ANGELES            )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On March 21, 2024, I served the following document(s), addressed as follows: **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MARK GALICIA**

**( )     BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )     BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )     BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on March 21, 2024 at Los Angeles, California.

**(X)     FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
/S
Steven A. Lamb

**SERVICE LIST**
***Amir Shahmirza v. PG&E***
US Bankruptcy Case 19-30088 (DM)

| | |
|---|---|
| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| | |

Exhibit G to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
slamb@rovenslamb.com
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

HANSON BRIDGETT LLP
Shannon M. Nessier (#267644)          )
snessier@hansonbridgett.com
Madison DiZinno (#335052)
mdizinno@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: 415 777 3200
Facsimile: 415 541 9366

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MICHAEL SOSINSKI** |

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

PG&E Corporation and Pacific Gas and Electric Company(collectively, "**PG&E**"), as debtors and reorganized debtors (the "**Debtors**" or the "**Reorganized Debtors**") hereby objects to the Notice of Deposition of Mark Galicia and Request for Production of Documents, noticed by Claimant for April 2, 2024; as follows:

1.     OBJECTION: The Notice fails to comply with the requirements under FRBP 7030, FRCP 30, 34, and 45. The deponent has been designated as a deponent prepared to provide testimony in deponent's capacity as a non-retained expert consistent with the Debtors' designation for the purpose of providing expert testimony regarding the declaration submitted by the deponent. The designation and the stipulation and order of the parties agrees to produce the deponent in his capacity as a non-retained expert and to produce documents that the non-retained expert reviewed and relied upon in furtherance of developing the opinions set forth in the deponent's declaration. The Notice and Request for Production of Documents improperly seeks to require the production of the deponent and the production of documents relating to matters beyond the scope of the non-retained expert's opinion and declaration. Percipient discovery has been closed by stipulation of the parties and Court Order (see Docket # 13921) and the deponent will not submit to deposition outside the scope of the opinions set forth in his declaration and documents on which the deponent did not rely in furtherance of developing the opinions set forth in his declaration.

2.     OBJECTION. The Notice purports to require the production of documents within a specified time, but FRCP 34(b)(2)(B) allows for production of documents within the time specified or within another reasonable time and FRCP30(b)(2) is intended to afford the reponding party a reasonable time within which to review documents prior to the deposition. *See Devaney v. Continental Am. Ins.,* 989 F.2d 1154, 1156 (11th Cir. 1993). Reorganized Debtors will meet and confer with Claimant on an appropriate and reasonable time for production. Reorganized Debtors suggest the parties produce responsive documents to the respective notices of each side's expert witnesses within three business days of the date noticed for their depositions.

Reorganized Debtors responds as follows to the corresponding Request for Production of Documents:

1.     All DOCUMENTS concerning, evidencing or referring to that project described in the Declaration of Mark Galicia in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment ("Galicia Declaration") at page 2, lines 18-21 as follows:

        "The project involved the reconstruction of six poles that supported six separate 115 kV circuits in the Transition Station. These poles were replaced with three new tubular steel poles within the Transition Station, with each tubular steel pole supporting two 115 kV circuits." (the "PROJECT"), including without limitation the following:

(a)     All Construction Documents including Architectural, structural, civil, grading, surveying, electrical, mechanical and specifications of

    (i)     each of the six towers as referred to in the Galicia Declaration and Exhibit 1 thereto as 6/52A, 6/52B, 5/38(2 each), and 5/39(2 each) that were "reconstructed" (the "REMOVED TOWERS") from the date of their erection to 2018;

    (ii)     the three new tubular steel poles referred to in the Galicia Declaration as 6/52 and 004/037-039 (2 each)) that "replaced" the original six towers (the "REPLACEMENT TOWERS;" and

    (iii)     the three southerly towers to which the transmission lines were attached near San Bruno Avenue referred to in the Galicia Declaration as 6/51 and 5/40 (2 each) (the "SOUTHERLY TOWERS") from the date of their erection to 2018,

        including without limitation those complete sets of the drawings referenced by PG&E numbers 229394, 217643 and 229404 as stated in the Raines Declaration.

(b)     WRITINGS indicating the sizes and locations and coordinates of the bases and the height of each of the REMOVED TOWERS and each REPLACEMENT TOWERS. (see, Galicia Exhibit 1 page 4)

(c)     WRITINGS constituting or indicating aerial height, surveys, and transmission lines and towers attachment points on the REMOVED TOWERS and the REPLACEMENT TOWERS.

(d)     WRITINGS indicating the current and future electrical transmission capacity of

the transmission lines that were attached to the REMOVED TOWERS and to the REPLACEMENT TOWERS.

(e)     WRITINGS indicating the dimensions, weight, and conductor length of the REMOVED TOWERS and the REPLACEMENT TOWERS,

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

2.     All DOCUMENTS constituting, concerning, evidencing or referring to any application to the California Public Utilities Commission for erecting and for any alteration and modifications to the towers that support or supported the crossing transmission conductors across Komir's property referred to as 6/52A, 6/52B, 5/38, 5/39, 6/52, 004/037-039, 6/51 and 5/40 referred and shown in Galicia Declaration Exhibit 1, i.e., the REMOVED TOWERS, the REPLACEMENT TOWERS, and the SOUTHERLY TOWERS.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

3.     All DOCUMENTS constituting, concerning, evidencing or referring to any alteration, whether by increase in height, decrease in height, or otherwise, of the SOUTHERLY TOWERS in or after 2014.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

4. All DOCUMENTS constituting, concerning, evidencing or referring to any inspection of the work performed by PG&E or its subcontractors or others acting on its behalf on the PROJECT by any governmental agency, including but not limited to the California Public Utility Commission.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

5. All DOCUMENTS constituting, concerning, evidencing or referring to any type or form of notice published in any manner to inform the public, or any segment thereof, of the PROJECT.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

6. All DOCUMENTS that identify the persons who performed work on the PROJECT and their contact information whether through counsel or otherwise.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

7.     All DOCUMENTS concerning, evidencing or referring to aerial views of the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines on or after June 30, 1987.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

8.     All DOCUMENTS constituting, concerning, evidencing or referring to actions taken by PG&E with respect to the REMOVED TOWERS, the REPLACEMENT TOWERS, and/or the transmission lines across the PROPERTY as described in the Declaration of John Raines in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "RAINES DECLARATION") at page 2, lines 22-26 as follows:

"My current responsibilities including checking ground clearance heights on existing structures and on future designs, designing new configurations (such as removing/moving poles or stringing new kinds of conductor with different sag characteristics), preparing structure check sheets (data sheets containing basic data about tower loads, span lengths, conductor characteristics, etc), among other technical duties."

The documents to be produced include all records of the type underlined that relate to the PROPERTY, namely, DOCUMENTS constituting, evidencing, concerning, specifying, requiring or referring to the required ground clearance heights; design configurations relating to removing/moving poles or stringing new kinds of conductor with different sag characteristics; and structure check sheets including data sheets containing basic data about tower loads, span lengths, conductor characteristics and specifications and requirements.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

9.      All DOCUMENTS constituting, concerning, evidencing or referring to LiDAR scans as described in the RAINES DECLARATION at page 2, lines 25-27 as follows:

"LiDAR scans kept and maintained in the ordinary course of business relating to the Transmission Towers on the Transition Station and the Transmission Lines that extend from the Transition Station over the Komir Property."

**OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

10.      All DOCUMENTS that reflect the gross revenue, as expressed in any convenient manner whether daily, monthly, quarterly, annually or otherwise, received by PG&E for the delivery of electricity as described in the following statement in the Declaration of

Michael Sosinski in Support of PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment (the "SOSINSKI DECLARATION") at page 1, lines, 24-26:

"The six circuits are the primary south- north corridor that serves the San Francisco peninsula as well as massive public infrastructure such as BART and SFO airport."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 10:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party reponds that the deponent has no Documents responsive to this Request.

11.     All DOCUMENTS concerning, evidencing including but not limited to Caltrans requirements and PG&E's clearance requirements and all aerial views of transmission lines and the towers from 1987 to present, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 9-11:

"The Caltrans right-of-way to the east (Highway 101) is fully occupied with infrastructure and Caltrans requirements would not allow a longitudinal installation for safety reasons."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 11:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

12.     All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or

providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 13-15:

"I would expect costs for each relocation to exceed $1M just in temporary circuitry and construction logistics alone for each of the six circuits. Double circuit structures with constrained construction access could cost in excess of $1.M each."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

13. All DOCUMENTS concerning, evidencing, referring to or otherwise supporting or providing any basis for the following statement in the SOSINSKI DECLARATION at page 2, lines 17-19:

"Fracturing the transmission infrastructure at this location would create future maintenance and disaster recovery complications that would have untold implications to system security, reliability, and customers."

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy, including but not limited to those specifically protected by FRCP 26 (as incorporated by FRBP 7026). Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

14. All DOCUMENTS that indicate the height of transmission towers and the transmission lines, and/or any addition, alteration or modification of the towers and/or transmission lines, across the Property during the period from June 30, 1987 to July 1, 1992.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 6, lines 1-3 stating:

"Claimant's Motion focuses on events since 2018, but misses the fact that PG&E perfected its prescriptive easement against the prior owners in 1992, five years after they purchased the Komir Property."

## RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 14:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

15. All DOCUMENTS that indicate the height of the towers and the transmission lines across the Property during the period from December 18, 2000 to April 30, 2018.

See PG&E's Memorandum of Points and Authorities in Opposition to Claimant's Second Motion for Partial Summary Judgment at page 8, lines 7-13 stating "Even if it is determined that PG&E did not acquire a prescriptive easement against the prior owners, PG&E can establish all elements of a prescriptive easement against Claimant. As established above, use of the Transmission Lines is open and notorious because the Transmission Lines are visible and hung over the Komir Property for decades prior to Claimant's purchase of the Property in 2000 and continued to be open and notorious for at least five years after Claimant purchased the property; use has been continuous and uninterrupted for decades, well beyond the five-year statutory period after Claimant purchased the property."

## ESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 15:

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly

broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party will produce non-privileged documents responsive to this Request.

16. All DOCUMENTS constituting, concerning, evidencing or referring to any notices of violations of statutes, rules or regulations pertaining to the maintenance of the REMOVED TOWERS and/or the REPLACEMENT TOWERS.

**RESPONSE AND OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or work product doctrine or by third parties' rights to privacy. Responding Party further objects to the Request on the grounds that the Request is overly broad, burdensome, and harassing because is not limited to this deponent's expert opinions or to this litigation, and seeks documents irrelevant to any party's claims or defenses in this matter. Subject to these objections, Responding Party responds that the deponent has no Documents responsive to this Request.

Dated: March 21, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
HANSON BRIDGETT LLP

*/ S /*
Steven A. Lamb
*Attorneys for Debtors and*
*Reorganized Debtors*

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On March 21, 2024, I served the following document(s), addressed as follows: **RESPONSE AND OBJECTIONS TO NOTICE OF DEPOSITION OF MICHAEL SOSINSKI**

**( )  BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)  BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )  BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )  BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on March 21, 2024 at Los Angeles, California.

**(X)  FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
/S
Steven A. Lamb

**SERVICE LIST**
***Amir Shahmirza v. PG&E***
US Bankruptcy Case 19-30088 (DM)

| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| --- | --- |
| | |

Exhibit H to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF DEPOSITION** |
| | Date: April 16, 2024<br>Time: 10:00 am<br>Location: Remote Video |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that, on April 16, 2024, beginning at 10:00 a.m., and thereafter by adjournment until such time as may be completed, PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E,**" the "**Debtors**" or the "**Reorganized Debtors**") will, pursuant to the date of availability provided by Claimant, take the deposition of Claimant's retained expert, John Mateo ("**Deponent**") in his capacity as a retained expert, by remote videoconference means, and continuing as permitted by law.

The deposition will be recorded stenographically and may be recorded by video recording.

The court reporting agency, Steno, will circulate links for attending the remote videoconference deposition. The deposition will occur through Steno's own videoconference platform (e.g., not ZOOM or Microsoft Teams). Counsel for Claimant are requested to provide Deponent's listed email and counsel's preferred email for these purposes.

NOTICE is FURTHER GIVEN that Deponent is required to produce the following documents within 30 days of this Notice:

1. All writings, recordings, and photographs as defined by Rule 1001 of the Federal Rules of Evidence ("**Documents**") constituting, concerning, evidencing, referring or relating to any communication between Deponent and Claimant, or any agents, employees, representatives, investigators or other persons acting on their behalf.

2. All Documents constituting, concerning, evidencing, referring or relating to any communications with Deponent from any other person or entity which refer or relate to this matter.

3. All Documents constituting, concerning, evidencing, referring or relating to any other engagements between Deponent, or any firm or entity on whose behalf Deponent acted as an expert, and Claimant.

4. All Documents, including time and billing records, constituting, concerning, evidencing, referring or relating to the time expended by Deponent in performing his functions as an expert in this matter.

5. All Documents reviewed, considered, or referred to by Deponent in formulating the opinions set forth in Deponent's Appraisal.

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

6. All Documents reviewed, considered or referred to by Deponent in formulating the opinions to be set forth by Deponent at trial in this matter.

7. All Documents reviewed, considered, or referred to by Deponent constituting, concerning, evidencing, referring or relating to any instructions, limitations, assumptions provided to Deponent by Claimant or Claimant's counsel.

8. All Documents reviewed, considered, or referred to by Deponent constituting, concerning, evidencing, referring or relating to any instructions, limitations, assumptions of Deponent in formulating Deponent's opinions. All Documents reviewed, considered, or referred to by Deponent constituting, concerning, evidencing, referring, or relating to any risks, contingencies, conditions, or requirements for the development of any structure on the property that is the subject of this matter.

9. All Documents constituting, concerning, evidencing, referring or relating to any opinions to be expressed by Deponent in relation to in this matter.

10. If any of the Deponent's opinions about any of the issues in this matter are based in whole or in substantial part on the opinions of persons other than the Deponent, all Documents constituting, concerning, evidencing, referring or relating to those persons, including name, business address, title of each, and the subject matter to which those persons' opinions relate.

11. Deponent's entire file concerning or relating to the evaluation of the issues in this matter or opinions to be expressed in this matter.

/////////////////////////////

Dated: February 28, 2024

KELLER BENVENUTTI KIM LLP
ROVENS & LAMB LLP
LAW OFFICES OF JENNIFER L. DODGE, INC.

/S/

Steven A. Lamb
*Attorneys for Debtors and*
*Reorganized Debtors*

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On February 28, 2024, I served the following document(s), addressed as follows: NOTICE OF DEPOSITION

**( )     BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )     BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )     BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on February 28, 2024 at Los Angeles, California.

**(X)     FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
/S/
Steven A. Lamb

*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| --- | --- |
|  |  |

Exhibit I to Letter Brief

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

ROVENS LAMB LLP
Steven A. Lamb (#132534)
(slamb@rovenslamb.com)
2601 Airport Drive, Suite 370
Torrance, CA 90505
Tel: 310 536 7830

LAW OFFICES OF JENNIFER L. DODGE INC.
Jennifer L. Dodge (#195321)
(jdodgelaw@jenniferdodgelaw.com)
2512 Artesia Blvd., Suite 300D
Redondo Beach, California 90278
Tel: (310) 372.3344
Fax: (310) 861.8044

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF DEPOSITION** |
|  | Date: April 17, 2024 |
|  | Time: 10:00am |
|  | Location: Remote Video |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors |  |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* |  |

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that, on April 17, 2024, beginning at 10:00 a.m., and thereafter by adjournment until such time as may be completed, PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**", the "**Debtors**" or the "**Reorganized Debtors**") will, pursuant to the date of availability provided by Claimant, take the deposition of Amir Shahmirza ("**Deponent**"), in his capacity as an expert, by remote videoconference means, and continuing as permitted by law.

The deposition will be recorded stenographically and may be recorded by video recording.

The court reporting agency, Steno, will circulate links for attending the remote videoconference deposition. The deposition will occur through Steno's own videoconference platform (*e.g.*, not ZOOM or Microsoft Teams). Counsel for Claimant are requested to provide Deponent's listed email and counsel's preferred email for these purposes.

NOTICE is FURTHER GIVEN that Deponent is required to produce the following documents within 30 days of this Notice:

1. All writings, recordings, and photographs as defined by Rule 1001 of the Federal Rules of Evidence ("**Documents**") constituting, concerning, evidencing, referring or relating to Deponent's opinion as to the valuation of the property that is the subject of this matter.

2. All Documents constituting, concerning, evidencing, referring or relating to any plans for development of the property that is the subject of this matter.

3. All Documents constituting, concerning, evidencing, referring or relating to any building plans or permits submitted by Deponent to any state, federal or local municipality or agency relating to the property that is the subject of this matter.

4. All Documents constituting, concerning, evidencing, referring or relating to any communication with any state, federal, or local municipality or agency referring or relating to any effort by Deponent to develop the property that is the subject of this matter.

5. All Documents constituting, concerning, evidencing, referring or relating to any environmental testing or evaluation of the property that is the subject of this matter.

6. All Documents constituting, concerning, evidencing, referring or relating to any effort by

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

1   Deponent to measure the height or horizontal alignment of any of the transmission lines that

2   located on the property that is the subject of this matter.

3   7.   All Documents constituting, concerning, evidencing, referring or relating to communications

4   between Deponent and John Mateo and/or his office.

5   Dated: February 28, 2024

6

7   KELLER BENVENUTTI KIM LLP
    ROVENS & LAMB LLP
8   LAW OFFICES OF JENNIFER L. DODGE, INC.

9   /S/
    _____          _____
10  Steven A. Lamb
    *Attorneys for Debtors and*
11  *Reorganized Debtors*

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**
*Amir Shahmirza v. PG&E*
US Bankruptcy Case 19-30088 (DM)

STATE OF CALIFORNIA                    )
                                       )
COUNTY OF LOS ANGELES                  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2601 Airport Drive, Suite 370, Torrance, CA 90505.

On February 28, 2024, I served the following document(s), addressed as follows: NOTICE OF DEPOSITION

**( )     BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I caused the above-referenced document to be mailed to counsel at the addresses listed on the attached service list.

**(X)     BY ELECTRONIC MAIL**  I hereby certify that I served the above-described document on the interested parties in this action by attaching an electronic copy of the document to an email addressed to the parties listed in the attached service list at their most recent e-mail address of record in this action. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

**( )     BY OVERNIGHT COURIER**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express/California Overnight Courier), for delivery to the address(es) in the attached service list and requested the delivery receipt.

**( )     BY FACSIMILE**. I caused the above-referenced documents(s) to be transmitted to the noted addressee(s) at the fax number as stated.

Executed on February 28, 2024 at Los Angeles, California.

**(X)     FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
/S
Steven A. Lamb

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

**SERVICE LIST**
***Amir Shahmirza v. PG&E***
US Bankruptcy Case 19-30088 (DM)

| Lawrence A. Jacobson<br>COHEN AND JACOBSON LLP<br>66 Bovet Road, Suite 285<br>San Mateo, CA 94402<br>Tel: (650) 261-6280<br>Fax: (650) 745-0720<br>Email: laj@cohenandjacobson.com | Attorneys for Plaintiff AMIR SHAHMIRZA |
| --- | --- |
|  |  |

NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS