Entered on Docket
May 13, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: May 13, 2024**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER ON DISCOVERY DISPUTE**

    The court has reviewed the letter briefs submitted on May 3 by counsel for Komir and May 10 by counsel for PG&E. This is the ruling on those disputed discovery matters.

    Despite the argument by PG&E that non-expert discovery has closed, there appears to be a changing of position by PG&E that justifies a limited reopening.

-1-

The company's position has moved from Komir's land being subject to a recorded easement, to a prescriptive easement, to a consensual one, and now back to a prescriptive one again. The parties will recall that after the court rejected the consensual easement theory, the focus was on events in 2018, and the court's rejection of the argument about a prescriptive easement after that. The oral ruling on the second motion for summary judgment explained the situation. See Dkts. 14261 (Order); 14263 (audio); 14264 (transcript).

The Komir position was consistent with a consensual easement beginning before it acquired the property from the Hildebrands, an easement that ceased being consensual when it objected to the relocation of the towers in 2018.

Now PG&E advocates a prescriptive easement going further back, an issue that justifies reopening fact discovery in a limited manner.

For these reasons, the court will permit a deposition of Ms. Brayton, limited to the two hours Komir requests, but subject to a proper subpoena of her unless she consents otherwise.

The court will also direct Komir to receive and review all of the documents referred to Exhibit A to Mr. Jacobson's May 3 letter before the deposition of Mr. Raines. For the depositions of Mr. Galicia and Mr. Sosinski, they do not need to produce what they did not review or relied on, although they can be required to confirm what they did and did not review and/or relied on.

The objections by PG&E to the depositions of Mr. Schuch and Mr. Johnsrud are well-taken and Komir's request as to them is DENIED.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

ECF Recipients