**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (pro hac vice)
(richard.slack@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636-9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: (424) 653-5500

**LATHAM & WATKINS LLP**
James E. Brandt (pro hac vice)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

*Attorneys for the Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case Nos. 19-30088 (DM)<br><br>(Lead Case) (Jointly Administered)<br><br>**REPLY IN SUPPORT OF OMNIBUS REQUEST FOR INCORPORATION OF DOCUMENTS BY REFERENCE OR JUDICIAL NOTICE OF REORGANIZED DEBTORS' THIRTY-THIRD, THIRTY-FOURTH, AND THIRTY-FIFTH SECURITIES CLAIMS OMNIBUS OBJECTIONS** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 2

    A.   The Identified Documents Are Incorporated By Reference In The
        Proofs Of Claim ................................................................................... 2

        1.   Claimants Misrepresent Their Extensive References To The
              Exhibits ....................................................................................... 3

        2.   All Of The Incorporation By Reference Documents Form
              The Bases Of Claimants' Claims ................................................ 5

        3.   PERA's Argument That Documents Incorporated By
              Reference Are "Unnecessary And Irrelevant"
              Impermissibly Seeks To Substitute Its Judgment For The
              Court's Judgment ....................................................................... 7

    B.   Every Document In PG&E's RJN Is Judicially Noticeable ................................. 8

        1.   Claimants' Semantic Attack On PG&E's Request To
              Notice "Documents" Is Not A Valid Basis To Deny
              PG&E's Request ......................................................................... 9

        2.   Judicial Notice To Support A Truth-On-The-Market
              Defense Is Appropriate At The Pleading Stage ......................... 10

        3.   The Judicially Noticeable Facts Are Not Subject To
              Dispute ...................................................................................... 11

    C.   The Court Should Consider The Exhibits Incorporated By
        Reference And/Or Subject To Judicial Notice................................... 13

III. CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ariz. Libertarian Party v. Reagan*,
  798 F.3d 723 (9th Cir. 2015) ................................................................12

*Avilez v. Garland*,
  69 F.4th 525 (9th Cir. 2023) ................................................................9

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988).................................................................1, 11

*Benton v. Cnty. of Los Angeles*,
  2023 WL 2340622 (9th Cir. Mar. 3, 2023).................................................9

*BNSF Ry. Co. v. Cnty. of Alameda*,
  7 F.4th 874 (9th Cir. 2021) ................................................................10

*Brnovich v. Biden*,
  630 F. Supp. 3d 1157 (D. Ariz. 2022) ......................................................14

*Coyoy v. City of Eloy*,
  859 F. App'x 96 (9th Cir. 2021) ...........................................................7

*Das v. Unity Software Inc.*,
  2024 WL 1141733 (N.D. Cal. Mar. 15, 2024)................................................10

*Davis v. HSBC*,
  691 F.3d 1152 (9th Cir. 2012) .............................................................14

*Dudum v. Arntz*,
  640 F.3d 1098 (9th Cir. 2011) .............................................................12

*Eidson v. Medtronic, Inc.*,
  981 F. Supp. 2d 868 (N.D. Cal. 2013) ......................................................12

*Ige v. Ndoh*,
  2023 WL 8517501 (9th Cir. Dec. 8, 2023) ...................................................9

*Immanuel Lake v. Zogenix, Inc.*,
  2020 WL 3820424 (N.D. Cal. Jan. 27, 2020)..........................................6, 8, 13

*In re Acadia Pharms. Inc. Sec. Litig.*,
  2021 WL 12103007 (S.D. Cal. Mar. 29, 2021) ...............................................10

*In re Eventbrite, Inc. Sec. Litig.*,
  2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ............................................8, 13

*In re Finjan Holdings, Inc. Sec. Litig.*,
  58 F.4th 1048 (9th Cir. 2023) ........................................................7, 11

*In re Kalobios Pharms., Inc. Sec. Litig.*,
  258 F. Supp. 3d 999 (N.D. Cal. 2017) ..................................................10

*In re Pivotal Sec. Litig.*,
  2020 WL 4193384 (N.D. Cal. July 21, 2020) ..........................................11

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ............................................................8

*In re SunPower Corp. Sec. Litig.*,
  2018 WL 4904904 (N.D. Cal. Oct. 9, 2018).............................................8

*In re Tibco Software, Inc.*,
  2006 WL 1469654 (N.D. Cal. May 25, 2006) .......................................4, 5

*Kang v. PayPal Holdings, Inc.*,
  620 F. Supp. 3d 884 (N.D. Cal. 2022) .............................................5, 6

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................3, 6, 9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...........................................................7

*Kong v. Fluidigm Corp.*,
  2021 WL 3409258 (N.D. Cal. Aug. 4, 2021) .........................................12

*Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*,
  829 F.3d 1048 (9th Cir. 2016) ..........................................................13

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
  722 F. Supp. 2d 1157 (C.D. Cal. 2010) ...........................................2, 7

*Masimo Corp. v. Wireless*,
  2020 WL 7260660 (S.D. Cal. Dec. 10, 2020)........................................12

*Mulquin v. Nektar Therapeutics*,
  510 F. Supp. 3d 854 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar
  Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022) ............................6

*Pampena v. Musk*,
  2023 WL 8588853 (N.D. Cal. Dec. 11, 2023) .....................................4, 6

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
  2015 WL 12747908 (C.D. Cal. Mar. 26, 2015)........................................11

*Smith v. NetApp, Inc.*,
2021 WL 1233354 (N.D. Cal. Feb. 1, 2021) ....................................................8, 13

*Stanco v. Internal Revenue Serv.*,
2020 WL 5107623 (E.D. Cal. Aug. 31, 2020)...........................................................7

*Steckman v. Hart Brewing Inc.*,
143 F.3d 1293 (9th Cir. 1998) ................................................................................11

*Strezsak v. Ardelyx Inc.*,
2024 WL 1160900 (N.D. Cal. Mar. 18, 2024)........................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007).............................................................................................1, 13

*United States v. Bychak*,
2021 WL 734371 (S.D. Cal. Feb. 25, 2021) ..........................................................10

*Vinson v. California Dep't of Corr. & Rehab.*,
2014 WL 4594208 (N.D. Cal. Sept. 15, 2014) .......................................................10

*Williams v. Cnty. of Alameda*,
26 F. Supp. 3d 925 (N.D. Cal. 2014) ......................................................................14

*Wozniak v. Align Tech., Inc.*,
850 F. Supp. 2d 1029 (N.D. Cal. 2012) ....................................................................4

*Yaron v. Intersect ENT, Inc.*,
2020 WL 6750568 (N.D. Cal. June 19, 2020) ........................................................10

**RULES**

Fed. R. Evid. 201(b)..............................................................................................2, 8

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**," the "**Debtors**" or the "**Reorganized Debtors**"), hereby submit this reply in support of the *Reorganized Debtors' Omnibus Request For Incorporation Of Documents By Reference Or Judicial Notice In Support Of Reorganized Debtors' Thirty-Third, Thirty-Fourth, And Thirty-Fifth Securities Claims Omnibus Objections* [ECF No. 14208] (the "RJN").[1]

## I.    INTRODUCTION

It is black letter law that a plaintiff cannot artfully plead a securities claim by omitting contemporaneous disclosures then known to investors.  To prevent the potential for this abuse, federal courts permit a defendant on a motion to dismiss to include documents incorporated by reference into the complaint or subject to judicial notice so that the court can consider the public information available to investors at the time of the alleged misstatements.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").  PG&E has done just that in its RJN in order to provide the Court with a full picture of "the total mix of information made available to investors" that the Court must evaluate in determining whether Claimants can state a claim for securities law violations for false or misleading disclosures.  *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988).

In opposing PG&E's RJN, Claimants want the Court to ignore the information available to the public regarding PG&E's exposure for the wildfires at the time of their investments.  PG&E's request that the Court consider the exhibits attached to the RJN (the "Exhibits") is not at all unusual; what *is* unusual, however, is the number of documents that provided context to investors for the alleged misstatements, but were omitted by Claimants.  Put simply, the Exhibits are necessary for the Court to understand the context in which the statements at issue were made and

---

[1] Unless otherwise indicated, internal citations and quotation marks are omitted and emphasis is added.

the abundance of information available to investors. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010) ("A court reads the complaint as a whole, together with matters appropriate for judicial notice, rather than isolating allegations and taking them out of context."). Accordingly, the Court should consider these Exhibits because they are incorporated by reference, judicially noticeable, or both.

*First*, a number of the Exhibits are incorporated by reference because (i) they are referred to extensively in the Proofs of Claim and/or (ii) form the bases of the claims. Claimants do not dispute that a substantial number of the Exhibits are properly incorporated by reference. Nor can Claimants reasonably maintain that the remaining Exhibits—many of which contain the alleged misstatements or serve as alleged corrective disclosures—are not incorporated by reference or are "unnecessary" or "irrelevant."

*Second*, the Exhibits are judicially noticeable because they can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice of the Exhibits is warranted to demonstrate the fact that the market was inundated with contemporaneous information that put investors on notice that PG&E may not be deemed a prudent manager and that it could be held liable for future wildfires. Importantly, the Exhibits and the information in them do not constitute "disputed facts," as Claimants contend, because it is irrelevant whether they were true. What matters is that the information—true or false—was in the public domain. Indeed, district courts handling securities litigations routinely take judicial notice of documents like the Exhibits here—namely, government regulations, agency decisions, public SEC filings, news, and filings in other matters.

Ultimately, each Exhibit offered by PG&E is properly before the Court because it is: (a) incorporated by reference into a proof of claim; (b) judicially noticeable; or (c) both, as detailed in **Appendices 1 and 2** hereto.

## II.     ARGUMENT

### A.     The Identified Documents Are Incorporated By Reference In The Proofs Of Claim

1    Several of the Exhibits are incorporated by reference into the Proofs of Claim, and therefore

2    may be properly considered by the Court in ruling on *Reorganized Debtors' Thirty-Third and*

3    *Thirty-Fourth Securities Claims Omnibus Objections* (ECF Nos. 14200 and 14203) (the "Claims

4    Objections").[2]  Claimants concede that a substantial number of Exhibits are properly incorporated

5    by reference.  *See* RKS RJN Opp. at 5 n.3 (noting "the RKS Claimants do not oppose the

6    consideration under the doctrine of incorporation by reference of Exhibits 6, 12, 15, 18, 25, 26, 27,

7    28, 29, 76, 77, 80, 86, 87, 95, 96, 98, 99, and 108"); PERA RJN Opp. at 3–5 (conceding that 19

8    exhibits are "arguably" incorporated by reference); *see also* ECF No. 14279 (same concession

9    from PERA).

10    With respect to the remaining Exhibits, Claimants argue that they are not incorporated by

11    reference because they (i) are not referred to extensively in the Proofs of Claim and/or (ii) do not

12    form the bases of their claims.[3]  However, even a cursory review of Claimants' allegations reveals

13    that Claimants have put these Exhibits squarely at issue.

14         1.    Claimants Misrepresent Their Extensive References To The Exhibits

15    Several of the Exhibits incorporated by reference are extensively referred to throughout the

16    Proofs of Claim, and the examples selectively chosen by Claimants to argue otherwise not only

17    mischaracterize the substance of their own allegations, but underscore the fact that the Exhibits

18    should be deemed incorporated.

19    For example, Claimants contend that Exhibits 4–6 (PG&E's 2015–2017 Form 10-Ks) are

20    cited only a few times in the TAC.  PERA RJN Opp. at 3, 3 n.4.; *see* RKS RJN Opp., Appx. 1 at

21    1.  However, both the TAC and RKS Amendment refer to these documents extensively and identify

22    numerous alleged omissions in each.  *See, e.g.*, TAC ¶¶ 634–35, 637–40, 641–47, 649, 660–73;

---

24    [2] Specifically, PG&E contends that Exhibits 4–6, 11, 12, 15–22, 24–29, 34, 37–39, 41–45, 47–51,
25    55, 56, 59–63, 66–68, 74–81, 84, 86, 95, 96, 105, 106, 108, and 110 are incorporated by reference
      into PERA's TAC; and Exhibits 4–9, 11–13, 15, 16, 18–22, 24–29, 76–78, 80, 82–84, 86, 87, 95,
26    96, 98, 99, and 105–08 are incorporated by reference into the RKS Amendment.

27    [3] The RKS Claimants misrepresent the operative standard, claiming that the "Ninth Circuit has
      been clear that for incorporation by reference to apply, the document must be 'refer[enced]
      extensively.'"  RKS RJN Opp. at 4 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,
28    1002-03 (9th Cir. 2018)).  Not so.  As stated in *Khoja*, a document may be incorporated by
      reference if it is "extensively referenced" *or* if it "forms the basis of the plaintiff's claims."  *Id.*

*see also* RKS Am. ¶¶ 376–77, 380–81, 383, 385, 387–89, 421 (identifying alleged omissions in Exhibit 4 (the 2015 Form 10-K); *id.* ¶¶ 376–77, 380–81, 383, 385, 387–89, 422 (referencing Exhibit 5)).[4]  Similarly, PERA argues that Exhibit 86 (Pat Hogan's November 18, 2015 Opening Statement in front of the Senate) was not cited at all in the TAC.  PERA RJN Opp. at 2.  However, PERA extensively cites Mr. Hogan's testimony from the same day in seven separate paragraphs of its Proof of Claim, TAC ¶¶ 82, 88, 89, 123, 208, 209, 398, and includes a block quote from that testimony as Misstatement No. 3, *id.* ¶¶ 208–09.  PERA cannot reasonably contend that Mr. Hogan's testimony from the same day, to the same committee, is not incorporated by reference.[5]  *Pampena v. Musk*, 2023 WL 8588853, at *7 (N.D. Cal. Dec. 11, 2023) (entire "tweet thread" that contained both a tweet the plaintiffs alleged was a misstatement and an additional tweet by defendant posted on the same day were incorporated by reference).[6]

The only incorporation by reference document the RKS Claimants directly take on in their RJN opposition is Exhibit 84—a January 2014 emergency proclamation issued by former Governor Brown.  RKS RJN Opp. at 5.  But the RKS Amendment quotes from this proclamation and alleges that the proclamation imposed obligations on utilities regarding tree mortality that PG&E failed to satisfy.  RKS Am. ¶¶ 82–83; *see also* TAC ¶¶ 77–78 (same).  Moreover, the RKS Amendment further alleges that PG&E's May 25, 2018 "press release to respond to Cal Fire's reports regarding some of the October 2017 North Bay Fires" was false.  RKS Am. ¶ 320.  The

---

[4] The RKS Claimants do not dispute that Exhibit 6 (PG&E's 2017 Form 10-K) was incorporated by reference in the RKS Amendment.

[5] The RKS Claimants' argument that Exhibit 13 (PG&E's November 2, 2017 Form 8-K) is not extensively referenced fails for the same reason.  RKS RJN Opp. at 5.  The RKS Claimants allege that statements made on a conference call the same day the Form 8-K was published, about the same information contained in the Form 8-K, were false.  The Form 8-K itself provides the necessary context for the RKS Claimants' selective quotations, including information about PG&E's response to the North Bay Fires and the financial results that were the subject of the call.  *Tibco Software*, 2006 WL 1469654, at *27 (considering, as part of cautionary statements, Form 10-Q incorporated by reference in conference call); *Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1039 (N.D. Cal. 2012) (same as to defendant's Form 10-K).

[6] As other examples, PERA erroneously contends that Exhibits 68 (TAC ¶¶ 109, 452-53), 74–75 (*id.* ¶¶ 19, 101, 392, 563, 564, 566), 79 (*id.* ¶¶ 324, 586, 599), 95 (*id.* ¶¶ 402, 404, 647), and 96 (*id.* ¶¶ 76 n.14, 423, 568) are not extensively referenced in the TAC.  The RKS Claimants erroneously contend that Exhibits 7–9 (RKS Am. ¶¶ 423–24), 11 (*id.* ¶¶ 258, 269–73, 450); 16 (*id.* ¶¶ 470–78), 19–22 (*id.* ¶¶ 373, 376–77), and 106 (*id.* ¶¶ 179, 366-69, 480) are not extensively referenced in the RKS Amendment.

RKS Claimants admit that the May 25 press release containing the alleged misstatement explicitly referenced "Governor Brown's January 2014 Drought State of Emergency Proclamation." *Id.* The RKS Claimants nonetheless suggest that the Court should review the alleged false statement without the context of the document itself and the documents referenced within the alleged false press release. RKS RJN Opp. at 5. But in deciding whether this cherry-picked alleged misstatement is actionably false or misleading, the Court must consider other documents cited therein in their entirety—context which was available to an investor. *See, e.g., In re Tibco Software, Inc.*, 2006 WL 1469654, at *27 (N.D. Cal. May 25, 2006) (cautionary statement was incorporated by reference in Form 10-Q that was incorporated by reference in conference call during which there was an alleged misstatement); *see also Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("[I]ncorporation by reference of this exhibit is necessary to assess the veracity of the challenged statement in context.").[7]

## 2. All Of The Incorporation By Reference Documents Form The Bases Of Claimants' Claims

The Exhibits at issue are also incorporated by reference for the additional reason that they form the bases of Claimants' claims.[8] Claimants spuriously contend that numerous documents containing alleged misstatements, or which serve as alleged corrective disclosures, somehow do not form the bases of their claims. *See* PERA RJN at 2–3.[9] As just one example, PERA argues that Exhibits 4–6, discussed above, do not form the bases of their claims. But Exhibits 4–6 contain specific alleged misstatements challenged in Claimants' Securities Act allegations and are cited extensively in the Proofs of Claim.[10] And PERA alleges that these very same documents are

---

[7] PERA's argument that PG&E's RJN "list[ed] 29 exhibits as being cited in the TAC even though they are not," PERA RJN Opp. at 2, misrepresents the RJN, which asserted that the documents were "incorporated into PERA's TAC." RJN at 5. As PERA concedes, documents are incorporated by reference either when they are cited extensively *or* when they form the basis for a plaintiff's claims. PERA RJN Opp. at 2. Numerous documents not explicitly cited in the TAC nevertheless clearly form the bases for PERA's claims, as discussed *infra*.

[8] *See supra* at 3 n.2.

[9] *See* Exs. 4–9, 11, 13, 17, 19–22, 82, 83, 86, 105–08, 110 (containing alleged misstatements or omissions); Exs. 12, 15, 16, 18, 76–77, 106 (containing alleged corrective disclosures).

[10] Exhibit 4 (2015 Form 10-K) is cited in TAC ¶¶ 634–35, 637–40, 642, 644–46, 649 and RKS

incorporated by reference into the Offering Documents for the notes offerings upon which the Securities Act claims are based. TAC ¶ 630. Exhibits that Claimants allege contained materially false statements or corrective disclosures necessarily form the bases of the Proofs of Claim and are subject to incorporation by reference.[11] *Khoja*, 899 F.3d at 1005.[12]

Claimants also argue that certain Exhibits do not form the bases for their claims because they do not support the allegations in Claimants' Proofs of Claim. *See* PERA RJN Opp. at 4–5; RKS RJN Opp. at 5–6. But this argument highlights the one-sidedness of Claimants' position: they rely on additional documents for "context" when advantageous, but ignore the context provided by additional documents when it undermines their position. The Ninth Circuit allows documents to be incorporated by reference to avoid this very outcome and to allow courts to read the rest of a document that provides context for the alleged misstatement. *See Pampena*, 2023 WL 8588853, at *8 (documents properly incorporated where they "do not dispute facts stated in a well-pleaded complaint, but instead provide a basis for Defendant's arguments that Plaintiffs

Am. ¶¶ 376–77, 380–81, 383, 385, 387–89, 421. Exhibit 5 (2016 Form 10-K) is cited in TAC ¶¶ 634–35, 637–40, 642, 644–46, 649 and RKS Am. ¶¶ 376–77, 380–81, 383, 385, 387–89, 422. Exhibit 6 (2017 Form 10-K) is cited in TAC ¶¶ 639, 641, 643–47, 649, 660–73 and RKS Am. ¶¶ 376–78, 380–81, 384, 386, 387–89, 391, 402–11, 422.

[11] Confusingly, the RKS Claimants state that these documents are "not necessary to 'assess[] the sufficiency' of the RKS Amendment because PG&E does not argue that the statement[s] [were] not made." RKS RJN Opp., Appx. 1 at 1. However, as discussed, *supra*, incorporation by reference of these exhibits is "necessary to assess the veracity of the challenged statement[s] in context." *Kang*, 620 F. Supp. 3d at 896.

[12] Several of the RKS Claimants' arguments against incorporation by reference fail for the same reason. For example, Exhibits 7–9—PG&E's Q1 2015, Q1 2016, and Q3 2016 Form 10-Qs—form the bases of the RKS Claimants' claims because the RKS Claimants allege statements within these exhibits were false or misleading. RKS Am. ¶¶ 423–24. The RKS Claimants argue that Exhibit 11—PG&E's May 31, 2017 Form 8-K—was not incorporated by reference because it is cited only once, but this document contains the very PG&E press release that the RKS Claimants allege is false. *Compare* RKS Am. ¶ 269 (alleging PG&E's "progress on safety," and "commitment to safety and operational excellence," were misleading), *with* Ex. 11 (statement that PG&E had made "progress on safety," and was "commit[ted] to safety and operational excellence"). Of course, a document containing the allegedly false statement that is the "basis" of a plaintiff's claim may be incorporated by reference, even if cited only once in the Proof of Claim. *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) ("Moreover, although exhibits 4 and 5 are referenced only once each in the FAC, they 'form the basis of [plaintiffs'] claims' and are therefore properly incorporated by reference"). Moreover, Exhibit 16—PG&E's June 11, 2018 Form 8-K—is the SEC filing that allegedly caused PG&E's share price to drop, and therefore is likewise incorporated by reference. RKS Am. ¶ 470–71; *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022) (corrective disclosure incorporated by reference).

inaccurately characterize the documents or portions of the documents"); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").  Indeed, the Ninth Circuit actually holds that if the document incorporated by reference contradicts the complaint, then the incorporated document is controlling.  *See In re Finjan Holdings, Inc. Sec. Litig.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint . . . those specific facts are controlling."); *Coyoy v. City of Eloy*, 859 F. App'x 96, 96 (9th Cir. 2021) (courts "need not credit as true allegations in the complaint that are contradicted by" specific information in incorporated documents).

Claimants' distortion of the law is especially egregious here because Claimants assert that PG&E concealed "the true state of PG&E's operations related to safety" from the public.  TAC ¶ 649.  Claimants cannot make this claim and then preclude the Court from considering documents incorporated by reference that were disclosed to the public during the Alleged Relevant Period. *See Maine State Ret. Sys.*, 722 F. Supp. 2d at 1162–63 (courts must consider the alleged misstatements in the complaint along with the context in which they were made).

### 3. PERA's Argument That Documents Incorporated By Reference Are "Unnecessary And Irrelevant" Impermissibly Seeks To Substitute Its Judgment For The Court's Judgment

After conceding that 19 documents are "arguably" incorporated by reference, PERA nonetheless maintains that these documents are "unnecessary and irrelevant."  PERA RJN Opp. at 3.  PERA cites no case in which a court found that a document was not properly incorporated by reference simply because the plaintiff maintained they were "unnecessary."  *See, cf.*, *Stanco v. Internal Revenue Serv.*, 2020 WL 5107623, at *5 n.7 (E.D. Cal. Aug. 31, 2020) (finding document to be incorporated by reference because it related to plaintiffs' allegations); *Knievel*, 393 F.3d at 1076–77 (considering webpage incorporated by reference where additional portions of website were relevant to and incorporated by the plaintiffs' allegations).  Whether or not those documents

provide context for the alleged misstatements, as PG&E contends, is for the Court to decide. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("alleged false statements 'must be analyzed in context.'") (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996)).

In any event, PERA's argument that the Exhibits are irrelevant is incorrect. PERA RJN Opp. at 3–4. As an example, according to PERA, the "News Release[s]" published by Cal Fire (Exhibits 76 and 77) "proximately caused PG&E's share price decline." TAC ¶¶ 346–54. While PERA argues that the news releases that allegedly caused its loss are "immaterial to the TAC's sufficiency," *see* PERA RJN Opp. at 4–5, these documents provide context for the alleged corrective disclosures and demonstrate how PERA mischaracterizes *allegations* as *facts*. *Compare* Ex. 76 (discussing "alleged violations"), *with* PERA RJN Opp. at 4 (mischaracterizing these "alleged violations" as actual "violations."); *see also Immanuel Lake*, 2020 WL 3820424, at *4 (sources that "served as a corrective disclosure" were incorporated by reference); *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) (documents that plaintiffs use to demonstrate falsity were appropriately incorporated by reference); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (documents referred to as the ground for plaintiff's false statements and scienter were appropriately incorporated by reference). PERA's argument that the Court should disregard these and similar documents incorporated by reference is meritless.

**B.      Every Document In PG&E's RJN Is Judicially Noticeable**

Each Exhibit is subject to judicial notice, whether or not the Court finds that the Exhibit is incorporated by reference. Courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." RJN at 2 (citing Fed. R. Evid. 201(b)). Claimants do not dispute that federal courts routinely take judicial notice of the exact types of documents and information that PG&E requests here, including SEC filings, government regulations, official government reports, citations, and publications, and filings in other litigations. *See* RJN at 3–16 (listing categories of documents to

be judicially noticed and case law supporting each). Instead, Claimants challenge (i) that PG&E requested the Court notice "documents" instead of "facts" within those documents; (ii) that judicial notice to support a truth-on-the-market defense is improper at the pleading stage; and (iii) that because Claimants have a different interpretation of the Exhibits, the facts within them are "disputed" and judicial notice is therefore improper. Each argument fails.[13]

1. Claimants' Semantic Attack On PG&E's Request To Notice "Documents" Is Not A Valid Basis To Deny PG&E's Request

Claimants first argue that the Court can only judicially notice "facts" and not documents as a whole. *See* PERA RJN Opp. at 5–7; RKS RJN Opp. at 6–7. This argument is belied by Claimants' own requests. For example, PERA asked this Court to judicially notice certain *documents* using the same document-by-document method of requesting judicial notice it argues is improper for PG&E. *See* PERA RJN Obj. at 18 ("Judicial notice of the following *documents* . . . is appropriate."); *id.* at 19 ("Judicial notice of the following four *documents* . . . is appropriate[.]"); *id.* at 20 ("Judicial notice of Exhibit 9 is appropriate because, as a *report* authored by a government agency, it is a matter of public record not subject to reasonable dispute."); *id.* ("Judicial notice of Exhibit 10 for the limited purpose of showing the public's awareness of information in the *article* is appropriate because it is a publicly available document, available on a publicly accessible website.").

Regardless, Claimants' argument is contrary to the weight of the case law, even after the Ninth Circuit's decision in *Khoja*, 899 F.3d 988, upon which Claimants heavily rely. Courts, including the Ninth Circuit itself, regularly take judicial notice of "documents." *See, e.g.*, *Avilez v. Garland*, 69 F.4th 525, 527 n.3 (9th Cir. 2023) ("We have discretion to take judicial notice of *documents* 'not subject to reasonable dispute.'"); discretion to take judicial notice of "*court filings* and other *documents* . . ."); *Ige v. Ndoh*, 2023 WL 8517501, at *1 n.1 (9th Cir. Dec. 8, 2023) (noting that the court "may take judicial notice of *documents* 'not subject to reasonable dispute . . . .'"); *Benton v. Cnty. of Los Angeles*, 2023 WL 2340622, at *1 (9th Cir. Mar. 3, 2023)

---

[13] The RKS Claimants request that "if this Court decides to take judicial notice of any specific exhibit, it should not consider the exhibit for the truth of any of the purported facts contained therein." RKS RJN Opp. at 7. PG&E agrees. *See* RJN at 3.

1   (no abuse of discretion to take judicial notice of "**court filings** and other **documents** . . ."); *BNSF*

2   *Ry. Co. v. Cnty. of Alameda*, 7 F.4th 874, 880 n.4 (9th Cir. 2021) (taking judicial notice "of several

3   publicly available **documents** explaining the taxation process . . ."); *Strezsak v. Ardelyx Inc.*, 2024

4   WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice "of all

5   the **documents** described above for the purpose of considering what was disclosed to the market");

6   *Das v. Unity Software Inc.*, 2024 WL 1141733, at *7 (N.D. Cal. Mar. 15, 2024) (holding that "[t]he

7   Court will take judicial notice of [] SEC filings as public **documents** whose accuracy cannot

8   reasonably be questioned").[14]  PG&E's request for judicial notice of documents was proper.

9               2.     Judicial Notice To Support A Truth-On-The-Market Defense Is
                        Appropriate At The Pleading Stage
10

11          PERA next argues that PG&E cannot use judicial notice to support a truth-on-the-market

12   defense at the pleading stage.  PERA RJN Opp. at 7–9.  However, courts routinely take judicial

13   notice of documents for this purpose.  *See In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp.

14   3d 999, 1008 (N.D. Cal. 2017) (defendant using judicial notice to support a truth-on-the-market

15   defense at the pleading stage); *see also Yaron v. Intersect ENT, Inc*., 2020 WL 6750568, at *4

16   (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice not for the truth of their

17   contents, but to determine the information available to the market."); *In re Acadia Pharms. Inc.*

18   *Sec. Litig.*, 2021 WL 12103007, at *8 (S.D. Cal. Mar. 29, 2021) (rejecting securities claim based

19   on alleged "'tout[ing]' [of] the safety profile of the drug" where defendants had disclosed the Phase

20   III clinical trial results in a peer-reviewed study in a medical journal three years prior to obtaining

21   FDA approval).

22          PERA claims that PG&E does not analyze whether any Exhibit counterbalanced any

23   misleading impression or what investors thought in light of the "total mix" of information.  PERA

24

25   [14] Even in the few cases Claimants cite for the proposition that courts may not judicially notice
     documents as a whole, the court *did* take judicial notice of entire documents.  *See* RKS RJN Opp.
26   at 6 (citing *United States v. Bychak*, 2021 WL 734371, at *5 (S.D. Cal. Feb. 25, 2021) ("Here, the
     Court can take notice of [Exhibit D] for the undisputed facts that it exists and contains whatever it
27   states.")); PERA RJN Opp. at 6 (citing *Vinson v. California Dep't of Corr. & Rehab.*, 2014 WL
     4594208, at *3 (N.D. Cal. Sept. 15, 2014) ("[Defendant] also requests the Court to take judicial
28   notice of several **documents**. . . .  These **documents** are all matters of public record, and thus are
     properly the subject of judicial notice.")).

RJN Obj. at 9. But it is *Claimants' burden* to plead facts showing that the challenged misstatements were actionably false in light of the total mix of publicly available information, and the Court is "'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice." *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 2015 WL 12747908, at *6 (C.D. Cal. Mar. 26, 2015) (citing *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998)); *see also Finjan Holdings*, 58 F.4th at 1052 n.1 ("When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling.").

### 3. The Judicially Noticeable Facts Are Not Subject To Dispute

Claimants next argue that the Court should not take judicial notice of the Exhibits because they "improperly dispute facts" pled in the Proofs of Claim. PERA RJN Opp. at 9–18; RKS RJN Opp. at 6–7. But Claimants confuse a "disputed fact" (of which, for purposes of the present Claims Objections, there are none), with an allegation that is contradicted by documents available to the public at the time the statements at issue were made. PERA Opp. at 9–18.

These Exhibits are being offered to demonstrate what information was available to the market, so that the Court can properly evaluate whether the alleged misstatements altered the "total mix" of information available to investors.[15] *Basic*, 485 U.S. at 232. A plaintiff cannot claim that investors were unaware of a fact by failing to identify documents in a complaint that made the public aware of that very fact. PERA's argument regarding Exhibit 67—PG&E's CEMA Application—is a good example. *See* PERA RJN Opp. at 11–14. PERA contends that PG&E lied about doubling its vegetation management spending, but the precise fact in Exhibit 67 for which PG&E seeks judicial notice—that "through the CEMA process, PG&E applied for retroactive recovery of $394.5 million in costs of vegetation management work that it performed over and above the pre-approved spending" (*see* PERA Obj. at 37)—shows that the precise information *was*

---

[15] To the extent the Court deems any Exhibit incorporated by reference (as opposed to merely subject to judicial notice), it may consider the truth of the contents therein. *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) ("Unlike documents subject to judicial notice, courts may properly assume the truth of documents incorporated by reference.").

1  *in fact* publicly disclosed.  PERA may gin up some disagreement about what the document means,

2  but that does not mean it is not judicially noticeable.  *See Kong v. Fluidigm Corp.*, 2021 WL

3  3409258, at *5 (N.D. Cal. Aug. 4, 2021) ("Plaintiff does not dispute the authenticity of these

4  documents.  Therefore, judicial notice [] is appropriate.").

5        PERA next takes issue with PG&E's use of Exhibit 69—the CPUC Safety and

6  Enforcement Division's Incident Investigation Report on the Camp Fire—which informed

7  investors that PG&E conducted inspections on its poles.  PERA RJN Opp. at 14–16.  PERA does

8  not dispute that the Incident Report is a government-issued report available on the CPUC website

9  and therefore properly subject to judicial notice.  *See, e.g., Ariz. Libertarian Party v. Reagan*, 798

10 F.3d 723, 727 n.3 (9th Cir. 2015) ("We may take judicial notice of 'official information posted on

11 a governmental website, the accuracy of which is undisputed.'") (*quoting Dudum v. Arntz*, 640

12 F.3d 1098, 1101 n.6 (9th Cir. 2011)); *Eidson v. Medtronic, Inc*., 981 F. Supp. 2d 868, 878–79

13 (N.D. Cal. 2013) (taking judicial notice of "all of the documents at issue [because they] appear on

14 the FDA's public website").  Instead, PERA "questions" the weight this Court should ascribe to

15 the document—but that is an issue for the Court to decide.[16]

16       Claimants' remaining arguments fail for similar reasons.  While PERA argues that PG&E

17 "mischaracterizes . . . Lead Plaintiff's prior superseded complaints," it is unable to offer any

18 precedent demonstrating that a litigant's prior filings may not be judicially noticed.  PERA RJN

19 Opp. at 17–18.  PERA is certainly entitled to argue about what its prior complaints do and do not

20 reveal about its shifting theories and factual allegations, but these arguments are irrelevant to the

21 question of whether the underlying documents are judicially noticeable.[17]  Moreover, the RKS

22

23 [16] While PERA questions whether the document is in fact public because it includes a Bates stamp, the mere fact that a document includes such a stamp does not mean the document was not publicly
24 available.  *See Masimo Corp. v. Wireless*, 2020 WL 7260660, at *6 (S.D. Cal. Dec. 10, 2020) (bates stamps indicate documents were produced in discovery).
25 [17] PERA also argues that Exhibit 96—PG&E's Response to Requests for Information—is not
26 subject to judicial notice, but it does not argue that Exhibit 96 is inauthentic, was not publicly filed in a federal court, or that it does not say what PG&E claims it does.  *See* PERA RJN Opp. at 17;
And while PERA argues the information contained within Exhibit 96 is "unreliable, self-serving
27 hearsay," it also relies on the same document as support for its claims.  *See id.*; TAC ¶¶ 104, 202, 216, 227, 239, 244, 254, 276, 284, 292, 394, 424.  In any event, Exhibit 96 is incorporated by
28 reference for the reasons discussed. *See supra* Section II.A.

Claimants contend that Exhibit 83—the testimony of Jessica Tsang before the Federal Energy Regulatory Commission ("FERC")—should not be judicially noticed because PG&E is using it to "infuse [an alleged false statement] with a completely different meaning."[18]  RKS RJN Opp. at 8.  PG&E is not using Exhibit 83 to dispute a factual allegation (*i.e.*, to argue that it did not make an at-issue statement); rather, it is using Exhibit 83 to provide the Court with the full *context* for Ms. Tsang's statement.[19]  *See* RJN at 16 (requesting judicial notice "that the documents state what they state"); *see generally* RKS RJN Opp. (arguing about the importance of context); *Eventbrite*, 2020 WL 2042078, at *7 ("[A]lleged false statements must be analyzed in context.").

## C.  The Court Should Consider The Exhibits Incorporated By Reference And/Or Subject To Judicial Notice

The RKS Claimants urge this Court to exercise its discretion and not review publicly known information during the Alleged Relevant Period.  RKS RJN Opp. at 3–4.  But "[t]he Supreme Court has instructed that courts ruling on a motion to dismiss 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs*, 551 U.S. at 322).  Because PG&E has demonstrated that the Exhibits are incorporated by reference, judicially noticeable, or both, for the reasons discussed in the RJN and *supra*, the Court should consider those documents

---

[18] Exhibit 83 contains one of the alleged misstatements, and therefore should be incorporated by reference.  *Immanuel Lake*, 2020 WL 3820424, at *4 (sources that "either contained a false or misleading statement or served as a corrective disclosure" were incorporated by reference); *NetApp*, 2021 WL 1233354, at *3 (documents that contain the allegedly actionable statements and that plaintiffs use to demonstrate falsity were appropriately incorporated by reference).

[19] If the RKS Claimants were allowed to stand on their pleading alone, the Court may think Ms. Tsang's statement to FERC (and PG&E's investors) that "PG&E was 'in compliance with all applicable rules, standards and regulations'" was a standalone sentence.  RKS RJN Opp. at 7.  But in context, Ms. Tsang's statement was as follows:

Q:  Please describe the allocation of expenses in Account 561 – Load Dispatching.

A: This account includes expenses incurred for operating the transmission system safely, reliably, and in compliance with all applicable rules, standards and regulations.  Some examples of activities for which expenses are incurred include . . . .

The RKS Claimants do not dispute that Ms. Tsang was asked to "describe the allocation of expenses," nor that her answer began with the words "[t]his account."  *See* RKS RJN Opp. at 7–8.

1  in evaluating the pending Claims Objections.

2      These Exhibits show what the market was aware of prior to the alleged corrective

3  disclosures.  None of the cases Claimants cite mandate that the Court deny PG&E's requests here.

4  *See Davis v. HSBC*, 691 F.3d 1152, 1160–61 (9th Cir. 2012) (affirming district court decision to

5  treat disclosures as incorporated by reference); *Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1175 (D.

6  Ariz. 2022) (declining to consider documents that did not "aid the Court's decisional process");

7  *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 935 (N.D. Cal. 2014) (declining to consider

8  deposition testimony that was not subject to judicial notice or incorporation by reference).

9  **III.**    **CONCLUSION**

10      For the foregoing reasons, PG&E respectfully requests that the Court consider the Exhibits

11  in its RJN incorporated by reference or otherwise take judicial notice of them when considering

12  the Reorganized Debtors' Claims Objections.

13

14  Dated:  May 14, 2024          Respectfully submitted,

15                   **WEIL, GOTSHAL & MANGES LLP**

16                   **LATHAM & WATKINS LLP**
                 **KELLER BENVENUTTI KIM LLP**

17                   By:  */s/ Joshua G. Hamilton*

18                       Joshua G. Hamilton

19                   Attorneys for Debtors and Reorganized Debtors

20

21

22

23

24

25

26

27

28