# APPENDIX 1[1]
## Exhibits Incorporated By Reference

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| **Incorporated By Reference In Both Proofs Of Claim** | | |
| Claimants argue Exhibits 4–6 are not extensively referenced in and do not form the basis of Claimants' Proofs of Claim. PERA RJN Opp. at 3; RKS RJN Opp., Appx. 1 at 1.[2] | These documents contain alleged omissions that form the basis of the Proofs of Claim and are extensively referenced in the Proofs of Claim. *See* RJN Reply at 3–4; TAC ¶¶ 634–35, 637–40, 642, 644–46, 649, RKS Am. ¶¶ 376–77, 380–81, 383, 385, 387–89, 421 (identifying alleged omissions in, or otherwise referencing, Ex. 4); TAC ¶¶ 634–35, 637–40, 642, 644–46, 649, RKS Am. ¶¶ 376–77, 380–81, 383, 385, 387–89, 422 (identifying alleged omissions in, or otherwise referencing, Ex. 5); TAC ¶¶ 639, 641, 643–47, 649, 660–73 and RKS Am. ¶¶ 376–78, 380–81, 384, 386, 387–89, 391, 402–11, 422 (identifying alleged omissions in, or otherwise referencing, Ex. 6). | Exs. 4–6 |

---

[1] Definitions for terms not otherwise defined herein can be found in PG&E's Omnibus Reply to PERA's TAC (the "**Omnibus Reply**").

[2] The RKS Claimants do not dispute that Exhibit 6 is incorporated by reference.

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA concedes Exhibits 11, 16, and 19–22 are incorporated by reference, ECF No. 14279 at 1–2, but argues incorporation by reference is unnecessary and irrelevant, PERA RJN Opp. at 3–5.<br><br>The RKS Claimants argue these exhibits are not extensively referenced in and do not form the basis of the RKS Amendment. RKS RJN Opp., Appx. 1 at 1–2. | PERA's argument is frivolous. The TAC alleges that these documents contain the alleged misstatements. TAC ¶¶ 241–45 (alleging Ex. 11 contains Stmt. 8), omissions, *id.* ¶¶ 565, 630, 634 (alleging Exs. 19–22 contain omissions), or serve as corrective disclosures, *id.* ¶¶ 357–58 (alleging Ex. 16 contains corrective disclosures). Therefore, the full documents provide necessary context for the Court. RJN Reply Section II.A.3.<br><br>Each document contains an alleged misstatement or corrective disclosure that forms the basis of the RKS Amendment. *See* RJN Reply at 5 n.9, 6 n.12; RKS Am. ¶¶ 269–73 (identifying a quote in Ex. 11 as Stmt. 8); *id.* ¶¶ 258, 450 (further quoting Ex. 11); *id.* ¶¶ 470–78 (identifying statements in Ex. 16 as corrective disclosures); *id.* ¶¶ 373, 376–77 (identifying statements in Exs. 19–22 as alleged omissions in support of the Securities Act claims). | Exs. 11, 16, 19–22 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA concedes Exhibits 12, 15, 18, 25–26, 29, 76–77, 80, 108 are incorporated by reference, ECF No. 14279 at 1–2, 6, 9, but argues incorporation by reference is unnecessary and irrelevant, PERA RJN Opp. at 3–5.<br><br>The RKS Claimants do not dispute that these exhibits are incorporated by reference. | PERA's argument is frivolous. The TAC alleges that these documents contain the alleged misstatements, TAC ¶¶ 209–302 (alleging Ex. 108 contains Stmt. 16), constitute corrective disclosures, TAC ¶¶ 335–37 (alleging Ex. 12 contains corrective disclosures), *id.* ¶¶ 339, 576 (same as to Ex. 15), *id.* ¶¶ 381, 589 (same as to Ex. 18), *id.* ¶¶ 346–52 (same as to Ex. 76), *id.* ¶¶ 199, 213, 224, 251, 273, 346, 347, 357, 579 (same as to Ex. 77), contain regulations PG&E allegedly violated, *id.* ¶¶ 26, 66, 67, 141, 175, 299, 448, 560 (referencing Ex. 25, which is ESRB-8), *id.* ¶¶ 63, 64, 560 (referencing Ex. 26, which is General Order 95 (2016)), *id.* ¶¶ 65, 560 (referencing Ex. 29, which is General Order 165), or contain findings of PG&E's wrongdoing, TAC ¶¶ 33, 113, 114, 121, 147, 190, 191, 629 (alleging Ex. 80 contains findings that PG&E's safety violations caused the Camp Fire). Therefore, the full documents provide necessary context for the Court. RJN Reply Section II.A.3. | Exs. 12, 15, 18, 25–26, 29, 76–77, 80, 108 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| Claimants argue Exhibit 24 is not extensively referenced in and does not form the basis of the Proofs of Claim. PERA RJN Opp. at 3; RKS RJN Opp., Appx. 1 at 2. | Exhibit 24 is ESRB-4. This regulation applied to PG&E's wildfire safety practices and budget during the class period, which are the subject of many of the alleged misstatements, and therefore forms the basis of Claimants' Proofs of Claim. *See* TAC ¶ 280 (reference to ESRB-4 in Stmt. 13); *id.* ¶ 660 (alleging PG&E misstated its ability to recover costs through a Catastrophic Event Memorandum Account, which is governed by ESRB-4); *id.* ¶¶ 5, 77–85, 195, 259, 269, 414, 622, 639, 652, 657, 681 (discussing PG&E's spending on vegetation management); RKS Am. ¶ 320 (reference to ESRB-4 in Stmt. 13); *id.* ¶ 402 (alleging PG&E misstated its ability to recover costs through a Catastrophic Event Memorandum Account, which is governed by ESRB-4); *id.* ¶¶ 82–88, 231–33, 382, 396, 400, 402, 577, 579 (discussing PG&E's spending on vegetation management). | Ex. 24 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA argues Exhibits 27 and 28 are not extensively referenced in and do not form the basis of the TAC. PERA RJN Opp. at 3.<br><br>The RKS Claimants do not dispute that these exhibits are incorporated by reference. | Exhibits 27 and 28 are regulations that applied to PG&E's wildfire safety practices during the purported class period, which are the subject of many of the alleged misstatements, and therefore form the basis of the TAC. TAC ¶¶ 63–64, 560 (extensively quoting General Order 95, which is contained in Exs. 27 and 28). | Exs. 27–28 |

5

Case: 19-30088    Doc# 14455-1    Filed: 05/14/24    Entered: 05/14/24 23:18:08    Page 5 of 12

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA concedes Exhibits 78, 105, and 106 are incorporated by reference, ECF No. 14279 at 6, but argues incorporation by reference is unnecessary and irrelevant, PERA RJN Opp. at 3–5.<br><br>The RKS Claimants argue these exhibits are not extensively referenced in and do not form the basis of the RKS Amendment. RKS RJN Opp., Appx. 1 at 2–3. | PERA alleges that these documents contain the alleged misstatements, TAC ¶¶ 30, 303, 584 (alleging Ex. 78 contains Stmts. 17 and 18); *id.* ¶¶ 270–71 (alleging Ex. 105 contains Stmt. 19); *id.* ¶ 314 (alleging Ex. 106 contains Stmt. 19) or serve as corrective disclosures *id.* ¶ 364 (alleging Ex. 106 contains a corrective disclosure). Therefore, the full documents provide necessary context for the Court. RJN Reply Section II.A.3.<br><br>As to the RKS Claimants, these documents form the basis of the RKS Amendment. RKS Am. ¶ 293 (quoting Ex. 78); RKS Am. ¶¶ 42, 353–63 (discussing Ex. 78 and identifying quotes from PG&E's response to Ex. 78 as Stmts. 17 and 18); *id.* ¶¶ 26, 297–300 (discussing Ex. 105 and identifying a quote from Ex. 105 as Stmt. 12); *id.* ¶¶ 179, 366–69 (discussing alleged falsity of statements within Ex. 106 and identifying a quote from Ex. 106 as Stmt. 19); *id.* ¶¶ 480 (identifying a quote from Ex. 106 as a corrective disclosure). | Exs. 78, 105, 106 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| Claimants argue Exhibit 84 is not extensively referenced in and does not form the basis of Claimants' Proofs of Claim. PERA RJN Opp. at 3; RKS RJN Opp., Appx. 1 at 3. | This document is explicitly referenced in Stmt. 13 and quoted in the Proofs of Claim. Therefore, it provides context for alleged misstatements and forms the basis for Claimants' Proofs of Claim. *See* RJN Reply at 4–5; TAC ¶¶ 77–78, RKS Am. ¶¶ 82–83 (discussing and quoting from Ex. 84); TAC ¶ 280, RKS Am. ¶ 320 (reference to Ex. 84 in Stmt. 13). | Ex. 84 |
| PERA argues Exhibit 86 is not extensively referenced in and does not form the basis of the TAC. PERA RJN Opp. at 2.<br><br>The RKS Claimants do not dispute that Exhibit 86 is incorporated by reference. | Exhibit 86 is Pat Hogan's November 18, 2015 Opening Statement in front of the Senate. Excerpts of Mr. Hogan's testimony at the same hearing are extensively quoted in Claimants' Proofs of Claim, and certain of his statements are alleged as Stmt. 3. TAC ¶¶ 82, 88, 89, 123, 208, 209, 398. Therefore, this exhibit provides context for alleged misstatements and forms the basis for Claimants' Proofs of Claim. *See* RJN Reply at 3–4. | Ex. 86 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA argues that Exhibits 95 and 96 are not extensively referenced in the TAC and do not form the basis of its claim. PERA RJN Opp. at 3.<br><br>The RKS Claimants do not dispute that these exhibits are incorporated by reference. | These documents form the basis of the TAC because the TAC alleges these documents show high-level PG&E executives had actual knowledge of noncompliance with safety regulations. *See* TAC ¶ 402 (alleging senior executives knew of PG&E's lack of compliance due to the monitorship imposed by the order contained in Ex. 95); *see also id.* ¶ 423 (alleging PG&E admitted in Ex. 96 that senior executives had access to real-time compliance information). Further, these documents are extensively referenced in the TAC. *See, e.g.*, TAC ¶¶ 404, 647 (discussing PG&E's retention of a monitor pursuant to the order contained in Ex. 95); *see also, e.g.*, TAC ¶¶ 76 n.14, 568 (citing statements in Ex. 96). | Exs. 95, 96 |
| **Incorporated By Reference In PERA's TAC** | | |
| PERA argues Exhibit 17 is not extensively referenced in and does not form the basis of the TAC. PERA RJN Opp. at 3. | PERA includes the publication of this document as a substantive allegation supporting its Securities Act claims. TAC ¶ 583. Thus, PERA itself admits this document forms the basis for its claims. | Ex. 17 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA argues Exhibits 34, 37–39, 41–45, 47–51, 55, 56, 59–63, 66, and 81 are not extensively referenced in and do not form the basis of the TAC. PERA RJN Opp. at 2. | These citations, audits, and public reports form the basis of and provide context for alleged misstatements regarding compliance and risk. *Compare, e.g.*, TAC ¶ 132 (alleging PG&E's statements regarding compliance misled investors because aging towers created an "undisclosed" risk of causing wildfires, including the Camp Fire), *with* Ex. 63 (public audit from less than three weeks before the Camp Fire detailing numerous safety violations, including failures to maintain poles); TAC ¶ 243 (alleging that May 31, 2017 statement regarding PG&E's commitment was misleading in light of "concealed safety risks" and pervasive noncompliance) *with* Ex. 56 (May 30, 2017 public audit detailing decayed, unsafe equipment and thousands of past due work orders). | Exs. 34, 37–39, 41–45, 47–51, 55, 56, 59–63, 66, 81 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| PERA argues Exhibit 67 is not extensively referenced in and does not form the basis of the TAC. PERA RJN Opp. at 2. | Exhibit 67 forms the basis of and provides context for alleged misstatements regarding vegetation management spending. *See* TAC ¶ 660 (alleging PG&E misstated its ability to recover costs through a Catastrophic Event Memorandum Account, which is governed by ESRB-4); *see also* TAC ¶¶ 5, 77–85, 195, 259, 269, 414, 622, 639, 652, 657, 681 (discussing PG&E's spending on vegetation management). | Ex. 67 |
| PERA argues Exhibits 68, 74, 75, and 79 are not extensively referenced in and do not form the basis of the TAC. PERA RJN Opp. at 2–3. | These documents form the basis of and provide context for alleged misstatements about compliance and alleged knowledge of noncompliance. These documents are also extensively referenced in the TAC. TAC ¶¶ 109, 452–53 (quoting or otherwise referencing Ex. 68); *id.* ¶¶ 19, 101, 392, 563, 564, 566 (discussing Exs. 74 and 75 or the findings contained therein); *id.* ¶¶ 324, 586, 599 (discussing Cal Fire's findings regarding the Tubbs Fire, which are contained in Ex. 79). | Exs. 68, 74, 75, 79 |
| PERA argues Exhibit 110 is not extensively referenced in and does not form the basis of the TAC. PERA RJN Opp. at 3. | Exhibit 110 contains an alleged misstatement regarding compliance and therefore forms the basis of the RKS Amendment. TAC ¶ 271 (alleging Ex. 110 repeats Stmt. 12). | Ex. 110 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| **Incorporated By Reference In RKS Amendment** | | |
| The RKS Claimants argue Exhibits 7–9 and 13 are not extensively referenced in and do not form the basis of the RKS Amendment. RKS RJN Opp., Appx. 1 at 1–2. | These documents contain alleged misstatements or omissions that form the basis of the RKS Amendment. RKS Am. ¶¶ 423–24 (alleging PG&E made material omissions regarding disclosure controls in Exs. 7–9); RJN Reply at 4 n.5 (discussing Ex. 13); RKS Am. ¶¶ 85, 293–96, 450 (identifying as Stmts. 11 and 12 quotes from a conference call about Ex. 13 on the same day). | Exs. 7–9, 13 |
| The RKS Claimants argue Exhibits 82, 83, and 107 are not extensively referenced in and do not form the basis of the RKS Amendment. RKS RJN Opp., Appx. 1 at 2–3. | These documents contain alleged misstatements and therefore forms the basis of the RKS Amendment. These documents are also extensively refenced in the RKS Amendment. *See* RKS Am. ¶¶ 346–48 (discussing Ex. 82 extensively and identifying a lengthy quote from Ex. 82 as Stmt. 27); *id.* ¶¶ 41, 349–52 (discussing Ex. 83 extensively and identifying a lengthy quote from Ex. 83 as Stmt. 28); *id.* ¶¶ 32, 306–11 (discussing Ex. 107 extensively and identifying two quotes from Ex. 107 as Stmt. 21). | Exs. 82, 83, 107 |

| Claimants' Arguments In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s) |
|---|---|---|
| The RKS Claimants do not dispute that Exhibits 87, 98, and 99 are incorporated by reference. | Undisputed. | Exs. 87, 98, 99 |