# APPENDIX 2[1]
# Exhibits Subject To Judicial Notice

| Claimants' Argument In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s)[2] |
|---|---|---|
| PG&E seeks judicial notice to dispute well-pleaded facts, PERA RJN Opp. at 7–11, including whether PG&E's risk disclosures were "sufficien[t]," RKS RJN Opp., Appx. 2 at 1.[3] | PG&E requests judicial notice of the fact that the statements in these documents were publicly disclosed, not to contradict any facts in the Proofs of Claim. RJN at 6–7. | Both Claimants:<br>Exs. 1–5, 8–11, 16–17, 31, 103<br><br>PERA Only:<br>Exs. 6, 7, 12, 15, 18–22, 29, 32–63, 66–71, 74–79, 84–86, 88–89, 90–91, 96, 100–02, 109, 111–12<br><br>The RKS Claimants Only:<br>Exs. 13, 14 |

---

[1] Definitions for terms not otherwise defined herein can be found in PG&E's Omnibus Reply to PERA's TAC (the "**Omnibus Reply**").

[2] This column lists the exhibits to which the Claimant(s) contend this argument applies and identifies which Claimant(s) made the argument with respect to each exhibit. No Claimant has objected specifically to the judicial notice of Exhibits 25–28, 80, 87, 95, 98–99, or 108. RKS makes no specific objection to the judicial notice of Exhibits 6, 12, 15, 18, 29, 76–77, 86, or 96. PERA makes no specific objection to the judicial notice of Exhibits 13, 14, 23, 64–65, 72–73, 81–83, 92–94, 97, 104–07, 110–11.

[3] RKS also argues that "[i]nsofar as [Exs. 24, 30, 32–63, 66–75, 78–79, 81–85, 88–94, 97, 100–02, 105–13 are] cited to contradict the well-pleaded allegations [they] are improper." RKS RJN Opp., Appx. 2 at 2–7.

| Claimants' Argument In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s)[2] |
|---|---|---|
| PG&E attempts to use certain Exhibits to support an improper truth-on-the-market defense that is unavailable at the pleading stage. PERA RJN Opp. at 7–9. | Courts in the Ninth Circuit routinely grant judicial notice of documents showing what information was available to investors during the purported class period at the pleading stage. RJN Reply at 10–11. The Court must consider information available to investors at the time of the alleged misstatements. | PERA Only: Exs. 1–6, 10, 17, 24, 30–63, 66, 68, 70, 74–79, 84, 88–89, 100–02, 112 |
| Certain of the Exhibits are superfluous to the extent they are confirmatory of allegations in the Proofs of Claim. RKS RJN Opp., Appx. 2 at 5. | The RKS Claimants do not dispute that these Exhibits are subject to judicial notice under the relevant standard (*i.e.*, the information therein is generally known within the trial court's jurisdiction and/or can be accurately and readily determined from sources whose accuracy cannot be reasonably questions). These Exhibits are not superfluous given that they provide necessary context regarding the alleged misstatements. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("alleged false statements must be analyzed in context"). | The RKS Claimants Only: Exs. 24, 66–75, 78–79, 81–85, 88–94, 97, 100–02, 105–07, 109–13 |

| Claimants' Argument In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s)[2] |
|---|---|---|
| PG&E failed to identify any facts it seeks to have judicially noticed. RKS RJN Opp. at 6; PERA RJN Opp. at 5–6 (raising this argument against every Exhibit). | PG&E requested judicial notice of the fact these documents (including SEC filings, government regulations, and government reports) and the information contained therein were publicly available, which Claimants do not dispute. RJN Reply Section II.B. In any event, courts in the Ninth Circuit routinely take judicial notice of "documents," and even PERA has sought to do the same here. RJN Reply at 9–10. | Both Claimants:<br>Exs. 1–11, 13–14, 16–17, 19–24, 31–63, 66–75, 78–79, 81–85, 88–94, 97, 100–03, 105–07, 109–13<br>PERA Only:<br>Exs. 12, 15, 18, 25–30, 64–65, 76–77, 80, 86, 95–96, 98–99, 104, 108 |
| Certain Exhibits are "not cited in the RKS Objection or the PERA Objection" and therefore the Court should not take judicial notice of those Exhibits. RKS RJN Opp., Appx. 2 at 1–2. | A document does not need to be cited in a pleading to be judicially noticed. Courts frequently take judicial notice of SEC filings and other public documents like these Exhibits. *See* RJN at 3–16. To hold otherwise would allow a plaintiff to benefit from omitting critical information from the complaint. | The RKS Claimants Only:<br>Exs. 7, 23 |
| PG&E seeks judicial notice of facts not contained in Exhibit 24. RKS RJN Opp., Appx. 2 at 2. | PG&E only seeks notice of the fact that Resolution ESRB-4 says what it says. While the RKS Claimants may disagree with PG&E's characterization of an indisputably relevant regulatory directive in its moving papers, that is not a basis to deny judicial notice of what the document itself says. | The RKS Claimants Only:<br>Ex. 24 |

| Claimants' Argument In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s)[2] |
|---|---|---|
| The facts of which PG&E seeks judicial notice are "irrelevant and do[] not assist the Court in adjudicating the motion before it." RKS RJN Opp., Appx. 2 at 2–3. | The RKS Claimants do not dispute that these Exhibits are properly subject to judicial notice.<br><br>In any event, these documents are relevant. Exhibits 30–63 consist of publicly available information regarding PG&E's safety practices, fines, and audits. Exhibits 64–65 show the same regarding Southern California Edison, another California utility. Finally, Exhibit 104 is PG&E's company profile, which provides judicially noticeable information about PG&E's business. | <u>The RKS Claimants Only</u>:<br>Ex. 30–65, 104 |
| Exhibits 64 and 65 do not concern PG&E or the allegations in the RKS Amendment. RKS RJN Opp., Appx. 2 at 5. | The RKS Claimants do not dispute the standard for judicial notice, which does not require a document to "concern PG&E or the allegations in the RKS Amendment" to be judicially noticeable. Courts frequently take judicial notice of government agency investigations like Exhibits 64–65. | <u>The RKS Claimants Only</u>:<br>Exs. 64, 65 |

| Claimants' Argument In Opposition To PG&E's RJN | PG&E's Reply In Support Of The RJN | Exhibit(s)[2] |
|---|---|---|
| PG&E uses Exhibit 103 as evidence of PERA's motivations and therefore cannot be subject to judicial notice against the RKS Claimants. RKS RJN Opp., Appx. 2 at 7. | The RKS Claimants do not dispute that Exhibit 103 is properly subject to judicial notice. Exhibit 103 shows PG&E's historical stock prices, which did not significantly change after news that PG&E was liable for causing the Butte Fire. Courts in the Ninth Circuit consistently grant judicial notice of historical stock prices because they can be readily ascertained and those prices are not subject to reasonable dispute. *See e.g., Bank of Stockton v. Verizon Commc'ns, Inc.*, 375 F. App'x 746, 747 (9th Cir. 2010); *Mehedi v. View, Inc.*, 2024 WL 1560009, at *5 (N.D. Cal. Apr. 9, 2024). | <u>The RKS Claimants Only</u>:<br><br>Ex. 103 |
| "What an earlier complaint says about the truth of PG&E's fraud emerging [] cannot be misconstrued into some judicially noticeable fact that even aspects of the 'truth' related to the Camp Fire were fully revealed before the Camp Fire." PERA RJN Opp. at 18. | PERA's arguments are irrelevant to the question of whether Exhibit 90 is judicially noticeable. PERA does not dispute that its prior complaint is subject to judicial notice under the relevant standard (*i.e.*, it is generally known within the trial court's jurisdiction and/or can be accurately and readily determined from sources whose accuracy cannot be reasonably questions). | <u>PERA Only</u>:<br><br>Ex. 90 |
| Exhibit 96 post-dates the class period, "says nothing about what was or was not 'public knowledge,'" and is "unreliable self-serving hearsay." PERA RJN Opp. at 17. | PERA does not challenge the authenticity of Exhibit 96 and, in fact, relies on Exhibit 96 to support its claims. RJN Reply at 12 n.17. | <u>PERA Only</u>:<br><br>Ex. 96 |