| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>**KELLER BENVENUTTI KIM LLP**<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 | **LATHAM & WATKINS LLP**<br>Joshua G. Hamilton (#199610)<br>(joshua.hamilton@lw.com)<br>Michael J. Reiss (#275021)<br>(michael.reiss@lw.com)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>Tel: 424 653 5500<br><br>**LATHAM & WATKINS LLP**<br>James E. Brandt (*pro hac vice*)<br>(james.brandt@lw.com)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212 906 1200 |

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>*EX PARTE* **APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR REORGANIZED DEBTORS' REPLIES IN SUPPORT OF OBJECTIONS TO CERTAIN SECURITIES CLAIMS, AND RELATED RELIEF**<br><br>**[Related to Docket Nos. 14200, 14203, and 14208]**<br><br>[No hearing requested] |

| | |
|---|---|
| 1 | PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company |
| 2 | (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized |
| 3 | under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 |
| 4 | cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**") for |
| 5 | an order, pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District |
| 6 | Court for the Northern District of California (the "**Bankruptcy Local Rules**"), authorizing the |
| 7 | Reorganized Debtors to file oversize briefs connection with (i) the *Reorganized Debtors' Thirty-* |
| 8 | *Third Securities Omnibus Claims Objection To PERA and Securities Act Plaintiffs' TAC, Including* |
| 9 | *To Certain Claimants That Adopted The TAC* [Dkt. No. 14200] (the "**PERA Objection**"); (ii) the |
| 10 | *Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection To Claims Adopting* |
| 11 | *RKS Amendment* [Dkt. No. 14203] (the "**RKS Objection**," and collectively with the PERA |
| 12 | Objection, the "**Objections**"); and (iii) the *Omnibus Request for Incorporation of Documents by* |
| 13 | *Reference or Judicial Notice of Reorganized Debtors' Thirty-Third, Thirty-Fourth, and Thirty-Fifth* |
| 14 | *Securities Claims Omnibus Objections* [Dkt. No. 14208] (the "**RJN**"),[1] which the Reorganized |
| 15 | Debtors filed December 13, 2023. |
| 16 | Through this Application, the Reorganized Debtors request authority to file the following |
| 17 | briefs exceeding 15 pages: (i) the *Omnibus Reply in Support of Reorganized Debtors' Thirty-Third* |
| 18 | *and Thirty-Fourth Securities Claims Omnibus Objections* (the "**Omnibus Reply**"); (ii) *Further* |
| 19 | *Reply in Support of Reorganized Debtors' Thirty-Fourth Securities Claims Omnibus Objection to* |
| 20 | *Claims Adopting RKS Amendment* (the "**RKS Reply**"); and (iii) *Reply in Support of Omnibus* |
| 21 | *Request for Incorporation of Documents by Reference or Judicial Notice of Reorganized Debtors'* |
| 22 | *Thirty-Third, Thirty-Fourth, and Thirty-Fifth Securities Claims Omnibus Objections* (the "**RJN** |
| 23 | **Reply**," and, together with the Omnibus Reply and the RKS Reply, the "**Reply Briefs**"). |

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objections.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

## III. ISSUES ADDRESSED IN THE OBJECTIONS AND REPLY BRIEFS

The Objections address the merits of lengthy allegations in pleadings incorporated into proofs of claim filed by certain holders of securities claims. The Objections describe the factual and procedural background of these securities claims, and present detailed arguments showing the claimants' failure to state claims under both the Securities Exchange Act of 1934 (the "**Exchange Act**") and the Securities Act of 1933 (the "**Securities Act**"). These include arguments relating to falsity, scienter, loss causation, reliance, statutory damages, statutes of limitations, and other areas of securities law. Each issue requires close analysis and detailed application of the law to the allegations asserted by the claimants—especially considering that the allegations address PG&E's public disclosures over a 3.5 year period. The RKS Objection, which incorporates the PERA Objection, addresses additional allegations and/or claims raised in the RKS Amendment.

Respondents to the Objections filed numerous lengthy and complex papers in response to the Objections. *See, e.g.*, Dkt. Nos. 14340, 14342–14359. The principal respondents to the PERA Objection and the RKS Objection each filed oversize response briefs that were 105 and 88 pages long,

respectively. *See* Dkt. Nos. 14342 and 14353. The same parties also filed lengthy objections to the Reorganized Debtors' request for judicial notice in support of the Objections. *See* Dkt. Nos. 14343 and 14351. The Reply Briefs succinctly respond to the arguments raised by the responses to the Objections, including the objections to the Reorganized Debtors request for judicial notice.

### IV. OVERSIZE BRIEFING FOR THE REPLY BRIEFS IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Reorganized Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Reply Briefs. As set forth above, additional briefing is necessary to thoroughly address the relevant legal and factual issues.

The Court has granted similar relief to the Reorganized Debtors and other parties in these Chapter 11 Cases. *See e.g.*, Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 4410 (Debtors' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (Debtors' Wildfire Claims Estimation Motion). Further, in consideration of the paramount interests of all creditors in these Chapter 11 Cases, the Court has regularly allowed oversize briefing for matters involving the claims resolution process, including the Reorganized Debtors' Objections and the Responses thereto. *See* Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 2718 (Debtors' Bar Date Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 13812 (Reorganized Debtors' Reply in Support of Sixth Motion to Extend Time to Object to Claims); Dkt. No. 14232 (the Objections); Dkt. No. 14382 (RKS Response) Dkt. No. 14386 (PERA Response).

Accordingly, the Reorganized Debtors believe it is appropriate to request authority for the Reply Briefs to exceed the page limits prescribed under Bankruptcy Local Rule 9013-1(c).

### V. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who are respondents to the Objections; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these

Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (a) authorizing the Reorganized Debtors to file and serve the following, in excess of fifteen pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith): (i) the Omnibus Reply, not to exceed 45 pages, (ii) the RKS Reply, not to exceed an additional 15 pages, and (iii) the RJN Reply, not to exceed an additional 15 pages; and (b) awarding such other and further relief as the Court may deem just and appropriate.

Dated: May 14, 2024

        **WEIL, GOTSHAL & MANGES LLP**
        **LATHAM & WATKINS LLP**
        **KELLER BENVENUTTI KIM LLP**

        By: /s/ *Joshua G. Hamilton*
             Joshua G. Hamilton

        *Attorneys for Debtors and Reorganized Debtors*