WATTS GUERRA LLP
Guy L. Watts II (*pro hac vice*)
Mikal C. Watts (*pro hac vice*)
Alicia O'Neill (*pro hac vice*)
Jon Givens (Cal. State Bar No. 332549)
811 Barton Springs Road, Ste. 725
Austin, TX 78704
Telephone: 512-479-0500
Email: guy@wattsllp.com
mikal@wattsllp.com
aoneill@guerrallp.com
jon@wattsllp.com

Roy Miller (Cal. State Bar No. 174821)
roy@hansenmiller.com
HANSEN & MILLER LAW FIRM
415 Russell Ave.
Santa Rosa, CA 95403
Office: (707) 575-1040

*Attorney for Numerous Wild Fire Claimants*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY IAN ALEXANDER, LISA ALEXANDER, KELLAN ALEXANDER, NOEL ALEXANDER AND PARI ALEXANDER; DECLARATION OF ROY MILLER; DECLARATION OF IAN ALEXANDER**<br><br>Date:<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br><br>Objection Deadline: June 6, 2024 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCH COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Watts Guerra LLP, together with several other firms, represent thousands of victims of the Fires started by Pacific Gas & Electric, Inc. ("PG&E") in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire") and 2019 ("Kincade Fire").

Watts Guerra LLP respectfully files this motion on behalf of Ian Alexander, Lisa Alexander, Kellan Alexander, Noel Alexander and Pari Alexander (collectively, "Movants") to deem timely late filing of proof of claim ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the Camp Fire, Movants were unable to timely file their proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claim deemed timely. This Court must determine whether to grant the Motion to deem Movants' proof of claim timely filed.

## II. FACTUAL BACKGROUND

### A. Movants' claims arise from the Tubbs Fire[1]

Creditors, Ian Alexander, Lisa Alexander, Kellan Alexander, Noel Alexander and Pari Alexander, are survivors of the Tubbs Fire that occurred in 2017.

Mr. Alexander was a *pro se* claimant to the Fire Victim Trust ("FVT"). On/or about December 2019, after reading and following the instructions on the Prime Clerk website, he filed a proof of claim for himself and his family. On or about January 2020, he attempted to locate his claim on the Prime Clerk website and could not, so in an abundance of caution, he re-filed the proof of claim for his family. *See* Exhibit 3.

Mr. Alexander then proceeded to file his family's Fire Victim Trust claim questionnaire. The FVT assigned CQ ID 10004476 with individual claimant assignments each family member.

---
[1] *See* Ex. 1, Declaration of Roy Miller.

*See* Exhibit 4. For the next two years, Mr. Alexander corresponded with the FVT about his claim. *See* Declaration of Ian Alexander.

In August 2022, Mr. Alexander's claims were denied by the FVT, as his proof of claim was deemed untimely. After the denial, Mr. Alexander hired undersigned counsel to represent his family in damages resulting from the October 2017 Tubbs Wildfire.

On January 26, 2023, Mr. Alexander submitted the required Update Attorney Representation Form in the FVT portal, at which time Watts Guerra LLP and Hansen&Miller received access. No Determination of Untimely POC was posted to the FVT portal at that time.

Watts Guerra LLP and Hansen&Miller began working the claim for the Movants and submitting supporting documentation to the FVT portal. On March 24, 2023, Watts Guerra LLP submitted a CQ ID 10050590 to the FVT.

On December 20, 2023, the Determination of Untimely POC was posted on the FVT portal – for the first time.

Movants now seek relief from this Court to deem their Proof of Claim timely filed, so they're rightful claim for damages are justly evaluated and compensated by the FVT. Watts Guerra now brings Motion to have the Subject Proof of Claim deemed timely. See Ex.5.

B. **General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

C. **Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31,

2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved. Since then, the Disclosure Statement and Plan have been circulated for votes.

**D. Extended Bar Date for Fire Victim Creditors**

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who had not filed Proofs of Claim by the General Bar Date.

**III. Legal Argument**

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim

notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

Movants mistakenly believed they had filed their proof of claim prior to the bar date, diligently attempted to confirm the timely filing, and dutifully re-filed their proof of claim - in the event of a mistake. Because the FVT worked with Movants for two years, and Movants' counsel throughout 2023, the FVT fully appreciated the nature and extent of Movants' claims. The FVT is solvent and capable of satisfying Movants' claims.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re*

*Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering the estrangement of Movants and the accompanying stress of relocating after the emotional trauma they experienced surviving the Camp Fire. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice). Finally, the FVT knew of Movants' claim in January of 2020, worked with Movants for over two years, and worked with undersigned counsel throughout 2023. Following an Order deeming Movants' Proof of Claim timely filed, the FVT has all information to evaluate Movants' claim and issue a Determination in a timely manner.

## IV. Conclusion

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed by Movants be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: May 16, 2024.

Respectfully submitted,

WATTS GUERRA LLP

By: */s/ Alicia O'Neill*
     Alicia O'Neill