**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND COUNTY OF FRESNO (LINE 118B)**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), and the County of Fresno ("**Claimant**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. Claimant is a cross-complainant in a consolidated action currently pending in the Fresno County Superior Court (the "**State Court**") under the lead case *Ouk, et al. v. Pacific Gas and Electric Company*, Case No. 15CECG01274 (the "**State Court Action**"). In the State Court Action, 14 plaintiffs (the "**Plaintiffs**") seek damages from the Utility in connection with an explosion that occurred in 2015 in the County of Fresno, California. As of the Petition Date, the State Court Action was subject to the automatic stay as to the Debtors pursuant to section 362(a) of the Bankruptcy Code.

C. Claimant filed proof of claim No. 78201 in the Chapter 11 Cases on account of the claims it asserts against the Utility in the State Court Action (the "**Proof of Claim**").

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").[1] The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F. On April 26, 2022, the Court entered the *Order Approving Stipulation by and Between Reorganized Debtors and Certain Claimants (Line 118B)* [Dkt. No. 12225] (the "**Line 118B Order**"), which, effective as of the date of the expiration of a State Court-ordered stay pending resolution of certain proceedings before the Workers' Compensation Appeals Board of the State of California (the "**WCAB Stay**"), modified the Plan Injunction solely to permit Plaintiffs and two cross-complainants in the State Court Action (Fresno County Peace Officers Association and Sheriffs Foundation for Public Safety, Inc.) to liquidate their proofs of claim by prosecuting the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

G. The WCAB proceedings and all appeals therefrom concluded on March 27, 2024 when the California Supreme Court denied a petition for review. The State Court has indicated that it intends to lift the WCAB stay.

H. Claimant was not subject to the Line 118B Order but now wishes to stipulate to modify the Plan Injunction as to the Proof of Claim.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Plan Injunction shall be modified solely to permit Claimant to liquidate the Proof of Claim by prosecuting its cross-claims against PG&E in the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which

judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proofs of Claim on any grounds, or

    b. a waiver by Claimant of its rights to assert any right in opposition of any asserted challenge to the Proof of Claim, or

    c. a waiver by any Party of any claim or defense in the State Court Action or proceedings before the Workers' Compensation Appeals Board of the State of California.

3. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

4. This Stipulation shall be binding on the Parties and each of their successors in interest.

5. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on Next Page*]

Dated: June 5, 2024

| KELLER BENVENUTTI KIM LLP | LITIGATION ENGINEERED |
|---|---|
| /s/ David A. Taylor | /s/ Chester Walls |
| David A. Taylor | Chester Walls |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for the County of Fresno* |