Michael S. Danko (SBN 111359)
Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
**COREY, LUZAICH
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

*Attorneys for Movants Julie Poincenot, Patrick Doolittle, Megan Van Mater Davidson, and Paul Lore*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>&<br><br>**PACIFIC GAS AND ELECTIC COMPANY,**<br><br>                        **Debtors.**<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br><br>**EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR A MOTION TO STAY PROCEEDINGS RE DISPUTED CLAIMS UNDER THE FIRE VICTIM TRUST AGREEMENT** |

This Ex Parte Application is brought on behalf of Julie Poincenot, Patrick Doolittle, Megan Van Mater Davidson, and Paul Lore (collectively, the "Movants" or "Claimants") who each submitted claims for compensation under the Fire Victim Trust ("FVT") established by the Debtor's Confirmed Plan, which were all denied on grounds that are not enumerated in any of the governing documents and procedures for the Trust's evaluation of claims. Movants have pursued all avenues for review of the denial of Movants' claims, including a hearing before an appointed neutral. Claimants' hearing before the appointed neutral must be completed by June 14, 2024, after which time the Trust will promptly issue a final Trustee's Determination as to the eligibility of the claims for compensation and no further review will be available to Claimants. Movants contend that the Trust is applying improper and arbitrary eligibility criteria when evaluating claims and that the Trust is inconsistently applying the alleged eligibility criteria.

Movants seek an Order Shortening Time for hearing for their Motion to Stay Proceedings re Disputed Claims Under the Fire Victim Trust Agreement to obtain an order from this Court that stays the issuance of the final Trustee's Determination on Movant's claims pending this Court's review of the standards and eligibility criteria that are being applied to the determination of Movants' claims to ensure compliance with the terms of state law, the Confirmed Plan, the FVT Agreement, the CRP and the Eligibility Criteria. Movants also seek an order from the Court that remands the claims to the Trustee for re-evaluation of the Movants' claims and issuance of any applicable Deficiency Notice or Notice of Determination using the standards and eligibility criteria properly stated in the FVT Trust Agreement, the Claims Resolution Procedure, the Eligibility Criteria published by the FVT and the Confirmed Plan. While the FVT and its consultant have discussed the case with Claimants' attorneys before, Claimants have never been issued a Deficiency Notice regarding damages or causation, thereby denying Claimants opportunity to further address the reasons for denials of their claims. Once the Trust issues a Trustee's Final Determination, Movants will have no further recourse for review of their claims or the eligibility criteria applied to their claims. For this

reason, Movants request that the Court hear their Motion to Stay Proceedings re Disputed Claims Under the Fire Victim on shortened time.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **Jurisdiction**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 N.D. Cal) and Bankruptcy Local Rules 5011-1(a) and Rule 9006-1. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

B. **Relief Requested**

The Movants seek an order from this Court that stays the issuance of the final Trustee's Determination on their claims made under the Fire Victim Trust, pending review of the standards and eligibility criteria that are being applied to the determination of the claims to ensure compliance with the terms of state law, the Confirmed Plan, the FVT Agreement, the CRP and the Eligibility Criteria. The most immediate relief requested is an order preventing the issuance of the Final Determination. Claimants are willing and able to address the underlying issue of the "perimeter rule" on either a standard or expedited timeline. The Movants request that this Court review the standards and eligibility criteria that are being applied to the determination of the Claims to ensure compliance with the terms of state law, the Confirmed Plan, the FVT Agreement, the CRP and the Eligibility Criteria. Movants assert that the Trust is denying claims for failure to meet a "fire perimeter" requirement that is not stated anywhere in the Confirmed Plan, the FVT Agreement, the CRP, the Eligibility Criteria or state law, and is not a reasonable or necessary rule for implementing the FVT Agreement or CRP. Movants further assert that the Trust is not uniformly applying criteria and procedures for determining eligibility for compensation from the Fire Victim Trust. The Movants seek an Order Shortening Time for Hearing on their underlying motion because the deadline the Movants concluded their appeals hearing before the neutral on June 14, 2024, meaning the Trustee could at any time issue a Trustee's Final Determination of the Movants claims, after

which time Movants may have no further recourse for reconsideration of their claims. Movant's through their attorney have attempted to discuss this topic with representatives of the FVT many times over the past months to no avail.

The Movants are jointly bringing this motion in lieu of four separate motions because four Movants and their respective Claims have a significant amount of overlap in the facts of their cases as it relates to causation, and their procedural treatment from the Fire Victim Trust. Their appeal hearing in front of the neutral was conducted jointly. In order to prioritize judicial efficiency and in an effort to conserve the resources of the FVT in only having to respond to one motion, the motion is being made jointly.

**B.     Shortening Time is Warranted**

Time is of the essence in this matter, as the Movants concluded their appeals hearing before the neutral is June 14, 2024, meaning the Trustee could at any time issue a Trustee's Final Determination of the Movants claims, after which time Movants may have no further recourse for reconsideration of their claims. Movants are satisfied with the conduct of appeals hearing as it relates to causation under the law, however don't believe that the appeal stage is the appropriate stage for this claim given the lack of engagement from the FVT about causation and damages compared to other claims. It is also unknown if the Appeals Neutral decision and final determination may ignore the causation evidence and testimony presented and issue on the unknown and unproduced "perimeter rule".

Movants request a hearing date that is no later than seventy-two hours from the granting of this Application for Order Shortening Time, with a deadline of forty eight hours for parties to respond. There have been no previous requests for an order shortening time.

Date: June 20, 2024

DANKO MEREDITH

_____
Michael Danko
Attorney for Movants