Michael S. Danko (SBN 111359)
Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
**COREY, LUZAICH
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

*Attorneys for Movants Julie Poincenot, Patrick Doolittle, Megan Van Mater Davidson, and Paul Lore*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>&<br><br>**PACIFIC GAS AND ELECTIC COMPANY,**<br><br>　　　　　　　Debtors.<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br><br>**MOTION TO STAY PROCEEDINGS RE DISPUTED CLAIMS UNDER THE FIRE VICTIM TRUST AGREEMENT & REVIEW OF FVT INTERPRETATION OF PLAN LANGUAGE**<br><br>**Date: July 30, 2024<br>Time: 10:00 a.m.<br>Location: Telephone/Videoconference**<br>https://www.canb.uscourts.gov/calendars |

## I. INTRODUCTION

Movants Julie Poincenot, Patrick Doolittle, Megan Van Mater Davidson, and Paul Lore (collectively, the "Movants" or "Claimants") each submitted claims for compensation under the Fire Victim Trust ("FVT") established by the Debtor's Confirmed Plan, which were all denied on grounds that are not enumerated in any of the governing documents and procedures for the Trust's evaluation of claims. Movants have pursued all avenues for review of the denial of Movants' claims, including a hearing before an appointed neutral. Claimants' hearing before the appointed neutral was completed by June 14, 2024, after which time the Trust may issue a final Trustee's Determination as to the eligibility of the claims for compensation. Upon the issuance of a final Trustee's Determination, no further review may be available to Claimants. Movants contend that the Trust is applying improper and arbitrary eligibility criteria when evaluating claims and that the Trust is inconsistently applying the alleged eligibility criteria. Movants therefore seek an order from this Court to stay the issuance of the final Trustee's Determination on Movant's claims and a subsequent review of the standards and eligibility criteria and their application to the determination of Movants' claims to ensure compliance with the terms of the Confirmed Plan, the FVT Agreement, the CRP, the Eligibility Criteria, and State law. Movants also seek an order from the Court to remand the claims to the Trustee for re-evaluation of the Movants' claims and issuance of any applicable deficiency notice or notice of determination using the standards and eligibility criteria properly stated in the Confirmed Plan, the FVT Agreement, the CRP, and the Eligibility Criteria. While the FVT and its consultant have discussed the case with Claimants' attorneys before, Claimants have never been issued a Deficiency Notice regarding damages or causation.

Claimants are not seeking to have this Court adjudicate the merits of the underlying claims.

## II. BACKGROUND

A. **The Plan**

The Debtors' Joint Chapter 11 Plan of Reorganization that was confirmed on June 20, 2020 ("Confirmed Plan") authorized the creation of the Fire Victim Trust ("FVT") to

administer funds designated for fire victims' claims related to damages for loss of property, personal injury, loss of income, and other claims caused by the fires. Declaration of Bradford Bowen in Support of Application to Stay Proceedings Re Disputed Claims Under the Fire Victim Trust ("Bowen Decl.") ¶ 7.

**B.** **The Trust Agreement, Claims Resolution Procedures and Eligibility Criteria, Claims Resolution Procedures and Eligibility Criteria**

The FVT is governed by the terms stated in the Fire Victim Trust Agreement, which lays out the procedures for bringing a claim, the claim resolution procedures, and the process for reconsideration of a disputed claim. Bowen Decl. ¶ 8.

The Fire Victim Trust Agreement sets forth Claims Resolution Procedures that define the various types of claims that can be filed, detail the specific information that would be required to show a valid claim, and describe the supporting documents required to support a valid claim. Bowen Decl. ¶ 9, Ex. 1.

In addition to the CRP, the Trust also issued Eligibility Criteria documents for each type of claim which describe in greater detail the supporting documents required to be submitted with each claim, as well as the standards the Trust will apply to evaluate each claim. Bowen Decl. ¶ 10, Ex. 2.

Section VIII of the CRP outlines the Dispute Resolution process for a claimant to dispute their determination of damages under the FVT and Trust Agreement. This process starts with the issuance of an initial Claim Determination. If the claimant rejects the initial determination, the claimant may submit additional documents to be reviewed by the Trust's Claims Administrator and Claims Processor who then issues a Reconsideration Determination with an updated award amount. If the claimant rejects the Reconsideration Determination, the claimant may request a hearing before an appointed Neutral for further appeal of their claims. The Neutral hears the arguments and issues an Appeals Determination to the Trustee who then has the discretion to modify or reject the Appeals Determination. The Trustee then issues a final Trustee Determination. Bowen Decl. ¶ 11, Ex. 1 at Sec. VIII.

Section (B), subsection (1)(a) of the Eligibility Criteria for a Personal Injury claim

details the causation standards that will be applied to claims, and states "The Personal Injury Consultant will determine whether the Fire was a 'substantial factor' in causing the injury. The Fire must be more than a 'remote' or 'trivial' factor." Bowen Decl. ¶ 12, Ex. 2 at Sec. B.1(a).

C. **The Claims and Reconsideration Determinations**

    1.    **Claimant 1**

Megan Davidson ("Claimant 1") submitted a timely claim to the FTV for Personal Injury relating to vision loss and the development of Leber Hereditary Optic Neuropathy ("LHON"), Personal Income Loss, Emotional Distress under the theory of Zone of Danger, Emotional Distress under the theory of Nuisance, and for Other Damages relating to vision loss (the "Claim"). Bowen Decl. ¶ 13.

Claimant 1 subsequently received notice that the claim was denied in the initial Claim Determination, and filed for a Reconsideration Determination pursuant to the CRP. Bowen Decl. ¶ 14.

The Trust issued a Reconsideration Determination Notice ("Reconsideration Determination") on March 1, 2024, wherein the Claim was again denied, with the Trustee noting that "[t]he Claimant's address at [REDACTED] is 133.4 miles outside of the Camp Fire Perimeter. Because the Claimant was not within the Camp Fire Perimeter at the time of the Fire, this Personal Injury Claim is not eligible for compensation from the Fire Victim Trust." Bowen Decl. ¶ 15, Ex. 3 at Sec. IV.

In response to the Reconsideration Determination, Claimant further appealed the decision pursuant to the CRP. A Notice of Appeals Neutral was posted on April 15, 2024, wherein a neutral was appointed and a deadline of June 14, 2024, was set for completion of the appeals hearing before the neutral. Pursuant to the CRP, after this June 14 deadline, the Trust's Final Determination may be binding and neither the Court nor the Trust would have further jurisdiction to review the Claim. Bowen Decl. ¶ 16.

//
//
//

### 2. Claimant 2

Patrick Doolittle ("Claimant 2") submitted a timely claim to the FTV for Personal Injury, Personal Income Loss, Emotional Distress under the theory of Zone of Danger, and for Other Damages relating to vision damage (the "Claim"). Bowen Decl. ¶ 17.

Claimant 2 subsequently received notice that the claim was denied in the initial Claim Determination, and filed for a Reconsideration Determination pursuant to the CRP. Bowen Decl. ¶ 18.

The Trust issued a Reconsideration Determination Notice ("Reconsideration Determination") on March 1, 2024, wherein the Claim was again denied, with the Trustee noting that "The Claimant's address at [REDACTED] is 18 miles outside of the nearest included Fire Perimeter. Because the Claimant was not within an included North Bay Fire Perimeter at the time of the Fires, this Personal Injury Claim is not eligible for compensation from the Fire Victim Trust." Bowen Decl. ¶ 18, Ex. 4 at Sec. IV.

In response to the Reconsideration Determination, Claimant further appealed the decision pursuant to the CRP. A Notice of Appeals Neutral was posted on April 15, 2024, wherein a neutral was appointed and a deadline of June 14, 2024, was set for completion of the appeals hearing before the neutral. Pursuant to the CRP, after this June 14th deadline, the Trust's Final Determination may be binding and neither the Court nor the Trust would have further jurisdiction to review the Claim. Bowen Decl. ¶ 19, Ex. 4.

### 3. Claimant 3

Paul Lore ("Claimant 3") submitted a timely claim to the FTV for Personal relating to vision loss, legal blindness secondary to Leber Hereditary Optic Neuropathy ("LHON"), optic atrophy, visual disturbance, and astigmatism; for Emotional Distress, for Personal Property damage, and for personal income loss as a result of the fires (the "Claim"). Bowen Decl. ¶ 20.

Claimant 3 subsequently received notice that the claim was denied in the initial Claim Determination, and filed for a Reconsideration Determination for all claims except Personal Property Loss pursuant to the CRP. Bowen Decl. ¶ 21.

1   The Trust issued a Reconsideration Determination Notice ("Reconsideration
2   Determination") on March 1, 2024, wherein the Claim was again denied, with the Trustee
3   noting that "[t]he Claimant's address at . . . is 130.8 miles outside of the Camp Fire Perimeter.
4   Because the Claimant was not within the Camp Fire Perimeter at the time of the Fire, this
5   Personal Injury Claim is not eligible for compensation from the Fire Victim Trust." Bowen
6   Decl. ¶ 22, Ex. 5 at Sec. IV.

In response to the Reconsideration Determination, Claimant further appealed the decision pursuant to the CRP. A Notice of Appeals Neutral was posted on April 15, 2024, wherein a neutral was appointed and a deadline of June 14, 2024, was set for completion of the appeals hearing before the neutral. Pursuant to the CRP, after this June 14th deadline, the Trust's Final Determination may be binding and neither the Court nor the Trust would have further jurisdiction to review the Claim. Bowen Decl. ¶ 23, Ex. 4.

### 4. Claimant 4

Julie Poincenot ("Claimant 4") submitted a timely claim to the FTV for Personal Injury relating to vision loss, the development of Leber Hereditary Optic Neuropathy ("LHON"), smoke inhalation, Personal Income Loss, Emotional Distress under the theory of Zone of Danger, Emotional Distress under the theory of Nuisance, and for Other Damages relating to vision loss (the "Claim"). Bowen Decl. ¶ 24.

Claimant 4 subsequently received notice that the Claim was denied in the initial Claim Determination, and filed for a Reconsideration Determination pursuant to the CRP. Bowen Decl. ¶ 25.

The Trust issued a Reconsideration Determination Notice ("Reconsideration Determination") on March 1, 2024, wherein the Claim was again denied, with the Trustee noting that "[t]he Claimant's address at [REDACTED] is 131.3 miles outside of the Camp Fire Perimeter. Because the Claimant was not within the Camp Fire Perimeter at the time of the Fire, this Personal Injury Claim is not eligible for compensation from the Fire Victim Trust." Bowen Decl. ¶ 26, Ex. 6 at Sec. IV.

In response to the Reconsideration Determination, Claimant further appealed the decision pursuant to the CRP. A Notice of Appeals Neutral was posted on April 15, 2024, wherein a neutral was appointed and a deadline of June 14, 2024, was set for completion of the appeals hearing before the neutral. Pursuant to the CRP, after this June 14th deadline, the Trust's Final Determination may be binding and neither the Court nor the Trust would have further jurisdiction to review the Claim. Bowen Decl. ¶ 27, Ex. 4.

Hereinafter, Claimant 1, Claimant 2, Claimant 3 and Claimant 4 may be referred to, collectively, as the "Claimants" or "Movants" and their respective claims may be referred to herein, collectively, as the "Claims."

### D. Correspondence with the FVT

In an attempt to receive clarification about the "fire perimeter" that was the grounds for denial of the Claims, Claimants' attorney, Bradford Bowen of Danko Meredith, contacted the Appeals Officer assigned to Claimants' cases via email on May 12, 2024, requesting a copy of the policy that establishes the "fire perimeter" as a prerequisite for eligibility for compensation under the FVT. In response to Mr. Bowen's inquiry, the Appeals Officer instructed Mr. Bowen to direct any questions to the Neutral assigned to Claimants' cases. Mr. Bowen did so, and the Neutral subsequently told Mr. Bowen that she was unable to provide that in her role. The FVT never provided Mr. Bowen with a substantive response to his inquiry and never provided Mr. Bowen with a copy of, or citation to the policy that defined or mentioned the "fire perimeter" requirement that was the basis for denial of the Claims. Bowen Decl. ¶ 29, Ex. 7.

The Appeals Officer and the Neutral assigned to the case were unable or unwilling to provide a copy of any policy that mentions a "fire perimeter" despite repeated requests from Mr. Bowen. Bowen Decl. ¶ 30, Ex. 7 at p. 1. Preceding the appeal, Claimants' attorney had orally requested a copy of the policy during meetings with the FVT and was never provided the policy. Bowen Decl. ¶ 31.

### III. JURISDICTION

The court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is to be considered a core proceeding under the statutory provisions of 28

U.S.C. § 157(b)(2)(B) as it relates to the allowance or disallowance of claims against the estate. This court has jurisdiction under 11 U.S.C. §§ 1123(a)(4) and 105 (a) to resolve unequal treatment of claims pursuant to a plan.

The court has jurisdiction under 11 U.S.C. § 1142(a) to resolve the adjudication of a claim is pursuant to a court order.

The court has jurisdiction under the provisions of Sections 11(j) and 11(u) of The Plan to hear and determine disputes arising in connection with Disputed Claims and to hear and determine disputes involving the FVT, including the interpretation of the FVT Trust Agreement.

## IV. RELIEF REQUESTED

Movants request first an order staying the issuance of a Trustee's Final Determination until the underlying motion is settled. Subsequent to the stay, Claimants ask that this Court review the standards and eligibility criteria that are being applied to the determination of their Claims to ensure compliance with state law, the Confirmed Plan, the FVT Agreement, the CRP, and the Eligibility Criteria. Movants seek an order from this Court to stay the issuance of the final Trustee's Determination on their Claims pending said review. Finally, Movants request that the Court remand the Claims to the Trustee or Neutral for further reconsideration consistent with the standards and eligibility criteria set forth in state law, the Confirmed Plan, the FVT Agreement, the CRP, and the Eligibility Criteria.

Movants assert that the Trust is denying claims for failure to meet a "fire perimeter" requirement that is directly opposed to the criteria stated in the Confirmed Plan, the FVT Agreement, the CRP, and the Eligibility Criteria, and is unsupported by state law.

If the "perimeter rule" were to function as a rebuttable presumption, that would allow the FVT and this Court to properly, fairly, and with consistent results and treatment of claims, maintain the denials of other Personal Injury Claims that, unlike the Claims at issue here, lacked substantial and credible evidence to rebut the presumption of no causation in injuries that occurred outside the fire perimeter. The implementation of a rebuttable "perimeter presumption" would permit Movants' cases to be returned to the initial or re-consideration

phase for the issuance of a determination on the merits of the case, or issuance of deficiency notices if needed. (Issuing an adverse final determination after issuing no deficiency notices does not align with FVT policies.)

If this narrow change to the enforcement of the perimeter rule were adopted, it would not change the outcome in any case that has already received a final determination without challenging the application of the Trust's "perimeter rule." It would not prejudice the FVT or, more importantly, the other claimants awaiting their final payments; and it would likely allow all prior determinations based on the rule to stand.

This motion is brought concurrently with an Application for Order Shortening Time for Hearing on this motion due to the June 14, 2024 deadline to complete the hearing before the neutral and the impending issuance of the Trustee's Final Determination under the CRP, after which time Movants may have no further recourse for reconsideration of the Claims.

The Movants are jointly bringing this motion in lieu of four separate motions because four Movants and their respective Claims have a significant amount of overlap in facts related to causation and in their procedural treatment from the Fire Victim Trust. Movants' appeal hearing in front of the Neutral was conducted jointly. In order to prioritize judicial efficiency and in an effort to conserve the resources of the FVT in only having to respond to one motion, the motion is being made jointly.

### V.     ARGUMENT

**A.     Claims Determinations are Governed by the Trust Agreement, Claims Resolution Procedures ("CRP") and Eligibility Criteria**

The Trust Agreement and the CRP are the controlling documents in this matter and include specific provisions for what constitutes a valid claim that is eligible to receive an award for damages through the FVT. See Bowen Decl. ¶¶ 9–10, Exs. 1, 2. Section 2.4 of the Trust Agreement outlines the process for Claim Approval and Denial, and subsection (a) states in part, "The CRP shall govern the process by which each Fire Victim Claim shall be evaluated, administered, processed, settled, expunged, determined and resolved on a final basis." Article I of the CRP, entitled "Claim Eligibility," provides that the "Trust will review each Claim and

apply *California law* or, if applicable, other non-bankruptcy law to determine the Approved Amount of the Claim [. . .]" Bowen Decl. ¶ 9, Ex. 1 at Art. 1 (emphasis added).

To establish causation for a personal injury claim under California law, including claims for emotional distress, the injured party must show that the negligent act was a "substantial factor" that caused the injuries. *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 968 (1997). Here, Movants contend that the Trust is applying criteria that dos not comport with the "substantial factor" test for causation and that the Trust has not properly or consistently applied the relevant criteria in its evaluation of claims and eligibility for compensation under the FVT documents.

Enforcing a procedural rule requiring a Personal Injury Claimant to be within the fire perimeter does not help the FVT enact the FVT Agreement nor CRP. In fact, it directly prevents the FVT from considering a personal injury case based on California law as required by the Trust documents. Therefore, such a rule is inherently *unreasonable* and prohibited under the Trust documents.

1. **Movant's Claims for Personal Injury, Emotional Distress, and Personal Income Loss were Denied on Grounds that are Contradictory to, and Not Specified in the Trust Agreement, the Eligibility Criteria, the CRP, nor the Confirmed Plan.**

Movants' timely filed Claims have been denied at every step of the claims process, including reconsideration, with the Trustee determining at each phase that the claims were denied on the grounds that the respective Claimant's home address was outside the "fire perimeter" at the time of injury. See Bowen Decl. ¶¶ 15, 18, 22, 26, Exs. 3–6. The stated grounds for denial of Movants' Claims are not identified as criteria for eligibility for compensation under the FVT and are inconsistent with the provisions of the terms of the FVT Trust Agreement, the CRP, the Eligibility Criteria, and applicable state law. (Hereinafter, the FVT Trust Agreement, the CRP and the Eligibility Criteria and applicable state law may be referred to collectively as the "Claims Criteria."). There are no provisions in the Claims Criteria that define the term "Fire Perimeter" or that expressly require a claimant's residence to be within the alleged "Fire Perimeter" to qualify for an award under the FVT.

Under Article II of the CRP, subsection (F), the description of a Personal Injury claim states only that "Wrongful Death and Personal Injury Claims include Claims relating to individuals who died or suffered personal injury <u>as a result of the Fires</u>." Bowen Decl. ¶ 9, Ex. 1. Article II, subsection (G) of the CRP states, "Emotional Distress Claims include claims for emotional distress the claimant suffered <u>as a result of the Fires, to the extent permitted by California law</u>." Bowen Decl. ¶ 9, Ex. 1 at Art. II, subsec. (G). There is statement within these sections of the CRP, nor any other section, that Claimants or their residences must be located within a specified geographical area when the injuries occur. Bowen Decl. ¶ 9, Ex. 1. Further, there is no mention of a "fire perimeter" or any other geographic boundary within the Eligibility Criteria promulgated under the FVT. See Bowen Decl. ¶ 10, Ex. 2. The Eligibility Criteria states that a Personal Injury Consultant will determine whether the Fire was a "substantial factor" in causing the injury by reviewing medical records, medical bills, the claimant's written narratives and photos/videos depicting the claimant's injury. Bowen Decl. ¶ 10, Ex. 2.

Again, there is no reference to or definition of a "fire perimeter" in the Claims Criteria and no requirement that a claimant must have a home address within the alleged fire perimeter to be eligible for compensation from the FVT. Nonetheless, the Trust cited failure to have a home address or be within the alleged "fire perimeter" as grounds for denial of each of the Movant's Claims. Denial of the Claims on these grounds is in direct contravention of the terms of the Claims Criteria. A rule requiring such prevents the enactment of the Trust documents and is inherently unreasonable. When Claimants' counsel pressed the Trust and the neutral to produce the specific document or provision that delineates the "fire perimeter" as a prerequisite for compensation under the FTV, neither the Trust nor the Neutral produced the relevant authority. Bowen Decl. ¶¶ 29–31, Ex. 7. This results in inherent unfairness to Movants, who are without adequate information to evaluate the validity of the Trust's determination of their claims. Forcing an appeal on a rule that the FVT refuses to produce is inherently unjust and unreasonable.

This is unlike other issues that have been brought before this Court with respect to the Fire Victim Trust's imposition of limitations on damages. Here, damages are not at issue because the Trust has categorically refused to consider Movants eligible Claims, pursuant to a policy that directly *prevents* the FVT from effectuating the procedures of the Trust documents. A rule that prevents the governing body from effectuating its other rules and procedures is oxymoronic and inherently unreasonable.

In short, the Trust is applying a standard of claim evaluation that is extraneous to and inconsistent with the Claims Criteria and applicable California law. There is no stated requirement that a claimant must be within a specified area or have a home address within a specified "fire perimeter" when the injuries occurred; the clear and stated requirement is only that the injuries "resulted from" the fires and that the fires were a "substantial factor" in causing the claimant's injuries. To impose an unpublished policy or requirement that a claimant reside within an undefined geographic area in order to be eligible for compensation from the FTV goes against the provisions of the Claims Criteria and results in the inconsistent application of the claims review process.

**2. The Claims Criteria Are Not Being Uniformly Applied by the Trust**

If the Court finds that the "fire perimeter" is in fact a stated eligibility criterion for an award under the FVT, the requested relief should still be granted, and issuance of the Trustee's Final Determination on the Claims should be stayed pending further re-evaluation of the Claims by the Trust, because it is evident that the standards for eligibility for compensation under the FVT are being applied to claims in a non-uniform and discretionary manner, resulting in inconsistent awards for claimants that are similarly situated in terms of injury and causation.

There are several instances of claims for personal injury that have been approved by the Trust and compensation has been awarded to numerous claimants who were not inside the fire perimeter at the time during the fires. For example, a Claimant on Claims Questionnaire ("CQ") 10045121, received a Personal Injury Determination despite being in Mexico at the time of the Camp Fire ignition. Bowen Decl. ¶ 33. A Claimant on CQ 10001774, received a Personal Injury Determination but reported she was in Carmel, CA, a distance of approximately

hundreds of miles away from the Butte Fire before returning to the general area of the fire but being stopped by roadblocks well outside the perimeter. Bowen Decl. ¶ 35. The fact that the claims of the above claimants were allowed despite being well outside an area reasonably expected to be considered within a "fire perimeter" shows the inconsistent application by the Trust of the purported "fire perimeter" requirement. It is evident from this sampling of factually similar claims approved by the Trust for a Personal Injury Award, that the Trust is inconsistently applying its eligibility criteria to all claims. The above claimants were awarded damages, while, here, the Claims submitted by Movants were denied. These decisions appear to be made on an arbitrary basis, and we ask the court to require the Trust to uniformly apply eligibility criteria to ensure the review of FVT claims in a consistent and fair manner.

A review of claims approved by the Trust makes clear that the Trust is not uniformly and consistently applying standards and criteria in determining claim eligibility and is instead imposing seemingly arbitrary policies or criteria for eligibility for compensation that are in conflict with not only the Trust's Claims Criteria, but also with California law. Similarly situated claimants have received compensation from the Trust while Movants have been denied compensation for legitimate and life-changing injuries caused by the fires on grounds that are in direct opposition to the controlling documents. In the interest of fairness to all claimants and to ensure compliance with the Confirmed Plan and Confirmation Order, the Trust should be required to *consistently* apply objective eligibility criteria to claims.

To be clear, Movants are not seeking a determination from the Court of the merits of the Claims; such a determination lies within the purview of the Trust. Rather, Movants seek the Court's assistance in ensuring the consistent and fair application of the eligibility requirements by the Trust in accordance with the terms of the Claims Criteria, and to verify that the plain language of the controlling documents does not allow for such a rule to be implemented that directly contradicts the plan language. Movants therefore request that the Court enter an order staying the issuance by the Trustee of a final Trustee's Determination of the Claims, and that the Court enter an order remanding the matter to the Trust for further review of the Claims in

accordance with the specifically stated terms of the Trust Agreement, the Eligibility Criteria, the CRP and the Confirmed Plan.

## VI. CONCLUSION

For the reasons stated herein, Movants request that the Court grant the relief requested.

DATED: June 20, 2024

DANKO MEREDITH

_____
MICHAEL DANKO
Attorney for Movants