**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STATUS REPORT REGARDING SECURITIES CLAIMS RESOLUTION AND IN RESPONSE TO MAY 30, 2024 MEMORANDUM**<br><br>**[Related to Docket No. 14469]**<br><br>[No hearing required] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Status Report regarding the Reorganized Debtors' considerable progress in resolving securities claims and in response to the Court's May 30, 2024 *Memorandum Regarding Submitted Omnibus Claims Objections* [Dkt. No. 14469].

The Securities ADR Procedures adopted by the Court have worked exceedingly well to resolve the securities claims:

- The Reorganized Debtors have now resolved[1] more than 93% of the securities claims filed in these Chapter 11 Cases – or 8,380 of the 8,976 total securities claims asserted.
- The 8,380 resolved claims break down as follows:
    - 5,320 claims have been settled;[2]
    - 2,761 claims have been expunged by the Court pursuant to omnibus objections; and
    - 299 claims have been withdrawn.
- The majority of this progress has been over the last 18 months. Since November 2022, the Reorganized Debtors have resolved more than 5,300 securities claims, including more than 4,100 by settlement—*i.e.*, nearly 300 securities claims a month.

---

[1] This Status Report treats fourteen recent settlements as resolved claims where agreements have been reached, but the settlement documents have not yet been executed.

[2] Settlements have been consummated with small and large claimants, including sophisticated institutions and funds, often represented by counsel (some of whom have appeared before the Court). As an illustration, putting aside claimants represented by RKS (as defined in the text), the Reorganized Debtors have settled the claims of each of the 25 claimants with the largest potential claims. Notably, every one of the settlements of these 5,320 securities claims also expressly resolves any potential claims by these same claimants against PG&E's directors and officers ("**D&Os**") and underwriters in the District Court class action. Thus, as is typical with these types of settlements, the settlements ensure that PG&E will not have any exposure, through potential indemnity obligations or otherwise, for liability based on related claims against its D&Os and underwriters.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- There are now only 596 unresolved securities claims (8,976 total claims less 8,380 resolved claims).

As the Reorganized Debtors have indicated in past filings, however, this 596 number of unresolved claims understates the substantial progress in resolving the securities claims. Of the 596 unresolved securities claims, 482 are claims brought by claimants represented by Rolnick Kramer Sadighi LLP ("**RKS**" and the "**RKS Claimants**"). There are now **only 114 unresolved non-RKS securities claims**. That number, too, understates the success the Reorganized Debtors and securities claimants have had in resolving claims. As the Court is aware, many claimants or affiliated groups of claimants filed multiple proofs of claim. Indeed, of the more than 5,000 claimants or claimant groups that filed proofs of claim, the Reorganized Debtors have resolved the claims of every claimant or claimant group except for just 92 claimants/claimant groups, 61 of which are represented by RKS. Thus, while there are 114 unresolved non-RKS proofs of claim, there are **only 31 unique non-RKS claimants or claimant groups remaining**. One of these 31 claimant groups is responsible for half of those 114 unresolved claims, having filed 57 proofs of claim.

A graphic reflecting the enormous progress in settling securities claims, and a breakdown of these 31 unique non-RKS claimants or claimant groups, is set forth below:

### Securities Claims Resolution Breakdown

**Total Securities Claims: 8,976**

8,380 Resolved (93.4%) | 596 Unresolved (6.6%)

**Unresolved Securities Claims Breakdown**

| Unresolved Population | Claimant Count | Claims |
|---|---|---|
| RKS Claimants | 61 | 482 |
| Non-RKS Claimants | 31 | 114 |
| Total Unresolved | 92 | 596 |

| Non-RKS Claimants Breakdown | Claimant Count | Claims |
|---|---|---|
| • PERA Plaintiffs | 5 | 10 |
| • PERA Complaint Adopters | 9 | 22 |
| • Late PERA Complaint Adopters | 4 | 4 |
| All Other Claimants | 13 | 78 |
| Total Non-RKS Claimants Unresolved | 31 | 114 |

The Reorganized Debtors are in settlement discussions with respect to and/or have initiated mediations to attempt to resolve the claims of almost all the remaining 31 claimants, other than the five PERA Plaintiffs. Thus, the Reorganized Debtors expect that the unresolved claims and claimants will continue to be reduced by settlements in the coming months.

The Reorganized Debtors have also continued to make considerable progress in resolving the claims of the RKS Claimants. There were originally 224 RKS Claimants with 869 proofs of claim. The Reorganized Debtors have now resolved the claims of 163 RKS Claimants, which asserted 387 claims. Thus, there are 61 RKS Claimants and 482 unresolved RKS proofs of claim. The Reorganized Debtors and RKS continue to have discussions to resolve these securities claims.

**Response to the Court's May 30 Memorandum**

There are very few unresolved claims that are not subject to the 33rd or 34th Omnibus Objections. To begin with, all the unresolved claims by the RKS Claimants are subject to the 34th Omnibus Objection.

Of the remaining 31 claimants not represented by RKS, 13 are subject to the 33rd Omnibus Objection directly. One claimant who timely adopted the PERA complaint was not named in the 33rd Omnibus Objection, but would have its claim resolved by the granting of that objection. Of the remaining 17 claimants, four are **"Late PERA Complaint Adopters"** who did not express an intent to adopt the PERA complaint until many months after the October 13, 2023 claim amendment deadline.[3] While the Reorganized Debtors did and continue to reserve their right to challenge the claim adoptions by the Late PERA Complaint Adopters as untimely, the Court granting the 33rd Omnibus Objection

---

[3] As the Court will recall, in connection with a status conference on February 2, 2024, the Court permitted PERA to "reach out and ask [all unrepresented claimants] if they want" PERA's counsel to represent them. Feb. 2, 2024 Hr'g Tr. at 27:14-15. Between February 2, 2024 and March 13, 2024 PERA did not do what the Court asked. Instead, PERA solicited claimants to adopt the PERA complaint (but not to engage PERA as counsel) in violation of the Court's prior order setting deadlines that expired 4 months earlier. The Claims Amendment Deadline was October 13, 2023, as set forth in the Court's *Order Authorizing Amendment and Objection Procedures for Securities Claims* [Dkt. No. 13934]. Of the many hundreds of securities claimants with unresolved claims at that time, just 18 responded to PERA's outreach seeking to late-adopt the PERA complaint. *See Stipulation Regarding Motion of Lead Plaintiff Pursuant to B.L.R. 9006-1 To Extend Time to File Response to Certain Claim Objections* [Dkt. No. 14341] at Exhibit A. In the three months since March 13, 2024, the Reorganized Debtors have resolved the securities claims of 14 of the 18 Late PERA Complaint Adopters, leaving just four Late PERA Complaint Adopters with unresolved claims.

would also resolve the claims of these four unresolved claimants (as the Reorganized Debtors would drop any objection to the late adoption of the PERA complaint).

Thus, there are just **13 claimants** whose securities claims are both unresolved and not subject to dismissal based on the 33rd or 34th Omnibus Objections. The claims of four of these 13 claimants are subject to other omnibus objections but were adjourned for the reasons set forth in the reports of those omnibus objections. If settlement discussions are unsuccessful with respect to those four claimants, the Reorganized Debtors expect to re-notice and/or re-commence those omnibus objections or otherwise object to those four claimants' claims. The path to resolution for each of the remaining nine claimants is essentially the same: the Reorganized Debtors will first exhaust efforts to resolve those claims through settlement. Indeed, mediations are either ongoing or being scheduled in the next few months for at least 12 of these 13 claimants.[4] If settlement efforts are not successful, then the Reorganized Debtors expect to file objections with respect to any unresolved claims. The timing for any additional objections or re-noticing of already filed omnibus objections will be on a rolling basis over the next few months, dependent on mediation schedules and the success of settlement negotiations.

**Next Steps**

The Reorganized Debtors continue to work with securities claimants to resolve the outstanding securities claims pursuant to the Court-approved Securities ADR Procedures. Presently, the Reorganized Debtors are in mediations with, or in the process of scheduling mediations, for 25 of the 31 unresolved non-RKS Claimants. The Reorganized Debtors are also in settlement discussions with RKS with respect to many of the remaining RKS Claimants.

As discussed above, the Reorganized Debtors expect to file a very limited number of additional claim objections over the coming months, the exact number of which will depend on the success of ongoing mediations and settlement negotiations.

As to one last matter, which time has rendered moot: it is plain at this point that a bankruptcy class should not and could not be certified given the success of the Securities ADR Procedures in

---

[4] Three of these claimants have participated in mediations which have so far been unsuccessful and, although the mediators have not terminated those mediations, the Reorganized Debtors expect to file objections to those three claimants in the near future.

resolving the securities claims and, among other things, the ability of the Bankruptcy Court to efficiently address any remaining claims without a class and the lack of sufficient numerosity. Accordingly, further activity regarding certification, including discovery and briefing, would be wasteful, expensive and a burden on the Reorganized Debtors, claimants with unresolved claims, and the Court.

Dated: June 21, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**
**LATHAM & WATKINS LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*