1                UNITED STATES BANKRUPTCY COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                          -oOo-

4   In Re:                      ) Case No. 19-30088
                                ) Chapter 11
5   PG&E CORPORATION AND PACIFIC )
    GAS AND ELECTRIC COMPANY     ) San Francisco, California
6                               ) Wednesday, June 26, 2024
                    Debtor.     ) 10:00 AM
7   _____ )
                                  MOTION TO STAY PROCEEDINGS RE
8                                 DISPUTED CLAIMS UNDER THE
                                  FIRE VICTIM TRUST AGREEMENT &
9                                 REVIEW OF FVT INTERPRETATION
                                  OF PLAN LANGUAGE FILED BY
10                                FIRE VICTIMS [14491]

11                  TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DENNIS MONTALI
12                UNITED STATES BANKRUPTCY JUDGE

13  APPEARANCES (All present by video or telephone):

14  For Cathy Yanni, fire       DAVID J. MOLTON, ESQ.
    victim trustee:             Brown Rudnick LLP
15                               Seven Times Square
                                New York, NY 10036
16                               (212)209-4800

17  For movant, fire victim     BRADFORD BOWEN, ESQ.
    trust:                      Danko Meredith
18                               333 Twin Dolphin Drive
                                Suite 145
19                               Redwood Shores, CA 94065
                                (650)453-3600

20
                                KIMBERLY LEDING, ESQ.
21                               Poniatowski Leding Parikh PC
                                21715 Redwood Road
22                               Castro Valley, CA 94546
                                (510)881-8700

23

24

25

**eScribers, LLC**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18 Court Recorder:                    LORENA PARADA/ ANKEY THOMAS
                                     United States Bankruptcy Court
19                                   450 Golden Gate Avenue
                                     San Francisco, CA 94102
20

21 Transcriber:                      Sharona Shapiro
                                     eScribers, LLC
22                                   7227 N. 16th Street
                                     Suite #207
23                                   Phoenix, AZ 85020
                                     (800) 257-0885
24

25 Proceedings recorded by electronic sound recording;
   transcript provided by transcription service.

1    SAN FRANCISCO, CALIFORNIA, WEDNESDAY, JUNE 26, 2024, 10:00 AM

2                  -oOo-

3     (Call to order of the Court.)

4        THE CLERK:  Court is now in session, the Honorable

5   Dennis Montali presiding.  Calling the matter of PG&E

6   Corporation.

7        THE COURT:  All right.  Good morning.  I see several

8   counsel for the fire victim trust.  Can I just get the

9   appearance from whomever is going to make the argument?

10       MR. MOLTON:  Good morning, Your Honor.  David Molton.

11  I hope you can hear me, Your Honor.

12       THE COURT:  I can.

13       MR. MOLTON:  Good.

14       THE COURT:  And who's appearing for the moving party?

15       MS. LEDING:  Good morning, Your Honor.  This is

16  Kimberly Leding, with Poniatowski Leding Parikh, specially

17  appearing on behalf of the moving parties.

18       THE COURT:  Well, what does "specially appearing"

19  mean?

20       MS. LEDING:  We are assisting counsel for the movants

21  with the underlying motion.  I understand that Brad Bowen, who

22  is the counsel for the moving parties, is also on the line.

23  But I think he may be having difficulty with his phone line.

24       MR. BOWEN:  That's correct, Your Honor.  This is Brad

25  Bowen, counsel for --

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 3
of 19

1        THE COURT:  Well, which one of you is going to make

2    the argument.  That's all.  Ms. Leding, are you?

3        MS. LEDING:  Yes, Your Honor.  And Mr. Bowen is

4    available for any additional information.

5        THE COURT:  I don't have any questions.  The reason --

6    I'll just make this very clear.  I'm not even sure -- and I was

7    inclined not even to put this on calendar.  The motion that I

8    was presented with a few days ago was extremely misleading

9    and -- confusing, rather, more than misleading.  Confusing,

10   because it sought a motion for an expedited hearing with no

11   real explanation as to why.

12        And to the extent -- I mean, I understand the

13   underlying issue, but there was no explanation that was fairly

14   persuasive as to why I'm hearing this on an expedited basis.

15   And there was no -- to the extent that the moving party --

16   parties, the four claimants, to the extent that they wanted

17   some sort of a stay, the motion in the papers doesn't even come

18   within ten miles of it being adequate to justify a stay.

19        I mean, a stay is an injunction, and injunctions

20   require likelihood of prevailing, and analysis, and irreparable

21   harm, and so on.  And so I set this hearing, notwithstanding

22   that confusion, to find out from the trust -- and now I have

23   Mr. Molton to say what do you want me to do about this.  And I

24   assume you're going to oppose it, but you tell me.

25        MR. MOLTON:  Your Honor, David Molton, for the fire

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 4
of 19

1 victim trust, on behalf of Cathy Yanni, the fire victim

2 trustee.

3         Yes, Your Honor, we're going to be opposing the

4 motion.  We too were mightily confused by the motion, taken by

5 its absence of any criteria established by competent evidence

6 showing, among other things, likelihood of success on the

7 merits, irreparable harm, balancing of interests, et cetera.

8         I do want to note, Your Honor, that what I was able to

9 glean from their papers -- and I'm looking at section --

10 document 14489, which is the motion for -- ex parte motion for

11 shortened notice, I believe, at -- I think it's page 3 of 4.

12         They're asking that this Court interject itself, stay

13 the claims administration process that's ongoing, that has been

14 ongoing with respect to 250,000 claims, well over 40,000

15 claimants, stay it for these particular four claimants so that

16 this Court can review the -- and I'm quoting "the standards and

17 eligibility criteria that are being applied to the

18 determination of the claims to ensure compliance with the terms

19 of state law", et cetera, et cetera, et cetera, and the plan

20 documents.

21         Judge, we believe there's no basis for that, for Your

22 Honor to interject yourself into a claims administration

23 process.  Your Honor has ruled on those claimants who had the

24 opportunity to partake of court intervention.  And I would

25 note, under Article 9, Your Honor, of the claims resolution

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 5
of 19

1 facility, that only occurs after all claims administrative

2 processes are exhausted, which --

3        THE COURT:  Wait.  Hold on.  Let me interrupt you.

4 You're kind of getting to the merits, and -- you're getting to

5 the merits --

6        MR. MOLTON:  Yeah, I'm not going to get to the merits.

7 Okay, Judge.  We don't believe --

8        THE COURT:  So let me ask, do I assume that, at least

9 as of today, June 26th, the hearing officer has not issued a

10 ruling?

11        MR. MOLTON:  Well, Judge --

12        THE COURT:  Or has that person --

13        MR. MOLTON:  Yes.  Let me go through that, because I

14 think it's important as to where we are.  There is a three-part

15 step process of review under --

16        THE COURT:  Right.  I'm aware of that.

17        MR. MOLTON:  -- the claims administration --

18        THE COURT:  I'm aware of that.

19        MR. MOLTON:  -- that you approved.  The first claims

20 administration process has been completed -- that's with the

21 claims administration processors -- and the four claimants'

22 claims were denied.  They then sought reconsideration under

23 Section VII-A of the CRP.  And as Your Honor knows, they have

24 an opportunity, on reconsideration, to submit anything they

25 want.  Any new submitted evidence will be considered.  That,

1    Your Honor, was denied, and their claims were denied.

2           They're in the midst of an appeals process under

3    Section B of Article VII of the CRP.  That, as Your Honor

4    knows, is a de novo process.  Under Section B(2), the claimants

5    can submit there any additional information or documents not

6    included in the record from the earlier determinations, as well

7    as a twenty-page brief.

8           All of that happened, Your Honor, and the hearing on

9    the appeal, before the neutral claim appeal officer, closed on

10   the 14th of June.  That appeals officer has thirty days, under

11   the CRP, to render its report to the trustee.  And the neutral

12   then submits the report to the trustee, who will then consider

13   the neutral's determination.  And pursuant to Section C, Your

14   Honor, of the CRP, the trustee may accept, reject, or revise

15   the appeal determination to ensure that all claims are treated

16   equitably, and then will issue a trustee determination that, as

17   Your Honor knows --

18          THE COURT:  So that trustee determination -- I take it

19   that trustee determination is the third step, and the second

20   step hasn't even been completed yet.

21          MR. MOLTON:  Yeah.  Actually, the trustee

22   determination is just the final fourth step.  I mean, the first

23   step is claims administration --

24          THE COURT:  No, I understand that.

25          MR. MOLTON:  Judge, we're --

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 7
of 19

1          THE COURT:  But the point is, as we are speaking now,

2    the hearing officer has not done what he or she has a thirty-

3    day time limit to act on.

4          MR. MOLTON:  Exactly, Your Honor.

5          THE COURT:  Right?  Okay.

6          MR. MOLTON:  And I do --

7          THE COURT:  Okay.

8          MR. MOLTON:  Thank you.

9          THE COURT:  All right.  So --

10         MR. MOLTON:  I --

11         THE COURT:  Well, go ahead, just go ahead, but stay

12   clear of the merits.

13         MR. MOLTON:  I'm staying totally clear of the merits.

14   But in terms of process and procedure, Your Honor may note

15   that, in their document 14490, at 6-4 to 6-5, that corroborates

16   the information concerning the causation issues that they're

17   raising were in front of the claims administrator as well as

18   the appeal officer.

19         And if you look at 14489, at page 4 -- and I'm going

20   to quote them -- the claimants say that they "are satisfied

21   with the conduct of the appeals hearing as it relates to

22   causation under the law".  They say that in their ex-parte

23   application.  And we're waiting now for the process to complete

24   itself, Judge.

25         THE COURT:  My observation is, to Mr. Bowen and Ms. --

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 8
of 19

1    I'm sorry.

2            MS. LEDING:  Leding.

3            THE COURT:  I lost your name.  I know, but you went

4    off the screen.  Did I lose your name on the screen?  I mean, I

5    wrote your name, Ms. Leding.  There you go.  I mean, I see the

6    names of the speakers.

7            Again, leaving aside the merits that you feel strongly

8    about, and I'm not here to second guess that at the moment, I

9    don't know where there'd be any reason why you even have to act

10    now.  You may win.  You may win the next round.  Even if those

11    two rounds go unsatisfactory, and Ms. Yanni herself makes a

12    final determination, I still don't know, if you have access to

13    the Court -- and I'm leaving open that issue -- I still don't

14    understand why we had to rush this.

15            So let's take this in reverse, what was the need to

16    have this hearing today when you filed a motion and you set it

17    on our calendar?  And I'm not questioning your right to do

18    that, but why the rush?

19            MS. LEDING:  Your Honor, our concern was that, if in

20    the intervening time, between now and the July 30th hearing,

21    the neutral issues a decision or a recommendation to the

22    trustee, and the trustee then issues a final determination, the

23    movants will no longer have access or any recourse --

24            THE COURT:  Well, why do you have more recourse today

25    than you would have on that day?  I mean, the trust isn't going

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 9
of 19

1  to distribute all of its money -- if there's a right, which is
2  debatable, but if you have a right to have the bankruptcy court
3  interfere, you have that right.  But that's my point.

4        Again, I don't mind doing what I'm supposed to do, but
5  I don't like having to line up a whole bunch of people, on an
6  expedited basis, for no apparent reason.  I still don't see a
7  reason.  So give me a short answer as to how's the sky going to
8  fall if I don't do anything today, or tomorrow, or until July
9  30th?

10       MS. LEDING:  Well, it's our understanding under the
11  rules that, in the event the trustee issues its final
12  determination that it's jurisdictional, that there would there
13  would be no further recourse for the movant, in terms of
14  seeking any sort of judicial review, or any further challenge
15  to the application of this perimeter rule, which is what the
16  crux of the argument is in the underlying motion.  So if
17  something is issued by the trustee, if that final determination
18  is issued between now and the hearing, then the underlying
19  motion is essentially moot.  And then --

20       THE COURT:  But do you have any law to support that?
21  I mean, again, I'm mystified because, if I don't have
22  jurisdiction after the trustee acts, I'm not sure where I've
23  gotten this jurisdiction before she acts.

24       So look, I'm not going to worry about this any
25  further.  I'm going to deny today's motion -- or let me

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 10
of 19

1    rephrase that.  I'm going to deny the request for any expedited

2    consideration of it.  You have not made a case to show the kind

3    of thing -- even leaving aside the procedural inadequacies, and

4    recognizing that this is a bit of an unusual procedure.  And so

5    overlooking the normal elements of a restraining order, which I

6    stated and Mr. Molton stated, still, I'm not going to do

7    anything.

8            And if the hearing officer rules adverse to your

9    position, Ms. Leding, and the trustee moves adverse to your

10   position, and if you believe there is jurisdiction in the

11   bankruptcy court to do anything, I don't imagine that Mr.

12   Molton is going to win his case by my saying it's too late, you

13   waited too long, and the decision of Ms. Yanni is final, and

14   the Court can't do anything about it.

15           I may say the decision is final.  And even if it

16   weren't final, I can't do anything about it.  But that's

17   different.  So you're not going to get -- I'm not going to be

18   persuaded that what I might have been able to do today or

19   tomorrow, I couldn't do if Ms. Yanni makes a ruling before the

20   hearing on the motion.

21           So I'm not going to act on it today.  This matter, I

22   understand, is important to your clients, but it's important to

23   me that the trustee have an opportunity to brief it in some

24   manner, the normal, traditional matter.

25           Mr. Molton, I would request that you not reinvent the

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 11
of 19

1   wheel.  You don't have to file a thirty-five page brief, the
2   first thirty pages of which are something that you and I have
3   been dealing with for the last several years.  You can make the
4   record and preserve all that, but I think you need to focus on
5   the question of whether there's any jurisdiction at all to do
6   anything.

7          And then secondly, whether if there is any, even if
8   there is any, whether it could be dealing with the rather
9   narrow and unusual, I guess, issue as to the perimeters.  And I
10  see, as to three of the four claimants, a substantial perimeter
11  differential.  At least one of the claimants is relatively much
12  different, but it still would strike me as the same issue.

13         So I don't see any need to have any further discussion
14  on the merits or even the procedural setting.  The matter is on
15  our July 30th calendar.

16         Ms. Parada, that's still on our regular calendar, or
17  is it on our -- is it on our PG&E calendar?  I don't even
18  remember.

19         THE CLERK:  Your Honor, it is on a PG&E all-purpose
20  calendar date.

21         THE COURT:  Okay.  And our rules -- Mr. Molton, I'm
22  sure you're aware of it, and I assume Ms. Leding knows about
23  it.  Our rules say when your response will be due, and any
24  reply due, and I'll take it up on the 30th, if it hasn't been
25  resolved in some fashion before then.

1    So any questions from anyone?

2    MR. MOLTON:  No, Judge.  Thank you.  We'll be

3  succinct.

4    THE COURT:  Okay.  Ms. Leding, any question?

5    MS. LEDING:  No questions, Your Honor.  Thank you.

6    THE COURT:  Okay.  For all of your benefit, I'm not

7  going to issue any kind of a formal order.  I'll have a minute

8  order on the docket that will reflect that the motion to stay

9  is denied for reasons stated on the record.  And then nothing

10  is definitive, obviously, beyond that.  So I will look forward

11  to dealing with it on the regular schedule that we just

12  discussed.  Thank you very much.  That will conclude the

13  hearing.

14    MS. LEDING:  Thank you, Judge.

15    MR. MOLTON:  Thank you.

16    (Whereupon these proceedings were concluded at 10:16 AM)

17

18

19

20

21

22

23

24

25

1

2                              I N D E X

3    RULINGS:                                        PAGE LINE

4    Motion for expedited consideration of            11     1

5    motion to stay proceedings is

6    denied.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 14
of 19

1

2                    C E R T I F I C A T I O N

3

4    I, Sharona Shapiro, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8    *Sharona Shapiro*

9    _____

10   /s/ SHARONA SHAPIRO, CET-492

11

12   eScribers

13   7227 N. 16th Street, Suite #207

14   Phoenix, AZ 85020

15

16   Date:  June 27, 2024

17

18

19

20

21

22

23

24

25

Case: 19-30088   Doc# 14510   Filed: 06/27/24   Entered: 06/27/24 09:00:41   Page 15
of 19

## A

**able (2)**
5:8;11:18
**absence (1)**
5:5
**accept (1)**
7:14
**access (2)**
9:12,23
**act (3)**
8:3;9:9;11:21
**acts (2)**
10:22,23
**Actually (1)**
7:21
**additional (2)**
4:4;7:5
**adequate (1)**
4:18
**administration (6)**
5:13,22;6:17,20,21;
7:23
**administrative (1)**
6:1
**administrator (1)**
8:17
**adverse (2)**
11:8,9
**Again (3)**
9:7;10:4,21
**ago (1)**
4:8
**ahead (2)**
8:11,11
**all-purpose (1)**
12:19
**among (1)**
5:6
**analysis (1)**
4:20
**apparent (1)**
10:6
**appeal (4)**
7:9,9,15;8:18
**appeals (3)**
7:2,10;8:21
**appearance (1)**
3:9
**appearing (3)**
3:14,17,18
**application (2)**
8:23;10:15
**applied (1)**
5:17
**approved (1)**
6:19
**argument (3)**
3:9;4:2;10:16
**Article (2)**
5:25;7:3
**aside (2)**
9:7;11:3
**assisting (1)**
3:20
**assume (3)**
4:24;6:8;12:22
**available (1)**
4:4
**aware (3)**
6:16,18;12:22

## B

**B2 (1)**
7:4
**balancing (1)**
5:7
**bankruptcy (2)**
10:2;11:11
**basis (3)**
4:14;5:21;10:6
**behalf (2)**
3:17;5:1
**benefit (1)**
13:6
**beyond (1)**
13:10
**bit (1)**
11:4
**Bowen (5)**
3:21,24,25;4:3;8:25
**Brad (2)**
3:21,24
**brief (3)**
7:7;11:23;12:1
**bunch (1)**
10:5

## C

**calendar (6)**
4:7;9:17;12:15,16,
17,20
**CALIFORNIA (1)**
3:1
**Call (1)**
3:3
**Calling (1)**
3:5
**Can (6)**
3:8,11,12;5:16;7:5;
12:3
**case (2)**
11:2,12
**Cathy (1)**
5:1
**causation (2)**
8:16,22
**cetera (4)**
5:7,19,19,19
**challenge (1)**
10:14
**claim (1)**
7:9
**claimants (8)**
4:16;5:15,15,23;
7:4;8:20;12:10,11
**claimants' (1)**
6:21
**claims (14)**
5:13,14,18,22,25;
6:1,17,19,21,22;7:1,
15,23;8:17
**clear (3)**
4:6;8:12,13
**CLERK (2)**
3:4;12:19
**clients (1)**
11:22
**closed (1)**
7:9
**competent (1)**
5:5
**complete (1)**
8:23
**completed (2)**
6:20;7:20
**compliance (1)**
5:18
**concern (1)**
9:19
**concerning (1)**
8:16
**conclude (1)**
13:12
**concluded (1)**
13:16
**conduct (1)**
8:21
**confused (1)**
5:4
**Confusing (2)**
4:9,9
**confusion (1)**
4:22
**consider (1)**
7:12
**consideration (1)**
11:2
**considered (1)**
6:25
**Corporation (1)**
3:6
**corroborates (1)**
8:15
**counsel (4)**
3:8,20,22,25
**Court (34)**
3:3,4,7,12,14,18;
4:1,5;5:12,16,24;6:3,
8,12,16,18;7:18,24;
8:1,5,7,9,11,25;9:3,
13,24;10:2,20;11:11,
14;12:21;13:4,6
**criteria (2)**
5:5,17
**CRP (4)**
6:23;7:3,11,14
**crux (1)**
10:16

## D

**date (1)**
12:20
**David (2)**
3:10;4:25
**day (2)**
8:3;9:25
**days (2)**
4:8;7:10
**de (1)**
7:4
**dealing (3)**
12:3,8;13:11
**debatable (1)**
10:2
**decision (3)**
9:21;11:13,15
**definitive (1)**
13:10
**denied (4)**
6:22;7:1,1;13:9
**Dennis (1)**
3:5
**deny (2)**
10:25;11:1
**determination (11)**
5:18;7:13,15,16,18,
19,22;9:12,22;10:12,
17
**determinations (1)**
7:6
**different (2)**
11:17;12:12
**differential (1)**
12:11
**difficulty (1)**
3:23
**discussed (1)**
13:12
**discussion (1)**
12:13
**distribute (1)**
10:1
**docket (1)**
13:8
**document (2)**
5:10;8:15
**documents (2)**
5:20;7:5
**done (1)**
8:2
**due (2)**
12:23,24

## E

**earlier (1)**
7:6
**elements (1)**
11:5
**eligibility (1)**
5:17
**ensure (2)**
5:18;7:15
**equitably (1)**
7:16
**essentially (1)**
10:19
**established (1)**
5:5
**et (4)**
5:7,19,19,19
**even (11)**
4:6,7,17;7:20;9:9,
10;11:3,15;12:7,14,17
**event (1)**
10:11
**evidence (2)**
5:5;6:25
**ex (1)**
5:10
**Exactly (1)**
8:4
**exhausted (1)**
6:2
**ex-parte (1)**
8:22
**expedited (4)**
4:10,14;10:6;11:1
**explanation (2)**
4:11,13
**extent (3)**
4:12,15,16
**extremely (1)**
4:8

## F

**facility (1)**
6:1
**fairly (1)**
4:13
**fall (1)**
10:8
**fashion (1)**
12:25
**feel (1)**
9:7
**few (1)**
4:8
**file (1)**
12:1
**filed (1)**
9:16
**final (8)**
7:22;9:12,22;10:11,
17;11:13,15,16
**find (1)**
4:22
**fire (3)**
3:8;4:25;5:1

Case: 19-30088    Doc# 14510    Filed: 06/27/24    Entered: 06/27/24 09:00:41    Page 16
of 19

**first (3)**
6:19;7:22;12:2
**focus (1)**
12:4
**formal (1)**
13:7
**forward (1)**
13:10
**four (4)**
4:16;5:15;6:21;
12:10
**fourth (1)**
7:22
**FRANCISCO (1)**
3:1
**front (1)**
8:17
**further (4)**
10:13,14,25;12:13

**G**

**glean (1)**
5:9
**Good (4)**
3:7,10,13,15
**guess (2)**
9:8;12:9

**H**

**happened (1)**
7:8
**harm (2)**
4:21;5:7
**hear (1)**
3:11
**hearing (13)**
4:10,14,21;6:9;7:8;
8:2,21;9:16,20;10:18;
11:8,20;13:13
**herself (1)**
9:11
**Hold (1)**
6:3
**Honor (22)**
3:10,11,15,24;4:3,
25;5:3,8,22,23,25;
6:23;7:1,3,8,14,17;
8:4,14;9:19;12:19;
13:5
**Honorable (1)**
3:4
**hope (1)**
3:11
**how's (1)**
10:7

**I**

**imagine (1)**
11:11
**important (3)**

6:14;11:22,22
**inadequacies (1)**
11:3
**inclined (1)**
4:7
**included (1)**
7:6
**information (3)**
4:4;7:5;8:16
**injunction (1)**
4:19
**injunctions (1)**
4:19
**interests (1)**
5:7
**interfere (1)**
10:3
**interject (2)**
5:12,22
**interrupt (1)**
6:3
**intervening (1)**
9:20
**intervention (1)**
5:24
**into (1)**
5:22
**irreparable (2)**
4:20;5:7
**issue (6)**
4:13;7:16;9:13;
12:9,12;13:7
**issued (3)**
6:9;10:17,18
**issues (4)**
8:16;9:21,22;10:11

**J**

**Judge (7)**
5:21;6:7,11;7:25;
8:24;13:2,14
**judicial (1)**
10:14
**July (3)**
9:20;10:8;12:15
**JUNE (3)**
3:1;6:9;7:10
**jurisdiction (4)**
10:22,23;11:10;
12:5
**jurisdictional (1)**
10:12
**justify (1)**
4:18

**K**

**Kimberly (1)**
3:16
**kind (3)**
6:4;11:2;13:7
**knows (4)**

6:23;7:4,17;12:22

**L**

**last (1)**
12:3
**late (1)**
11:12
**law (3)**
5:19;8:22;10:20
**least (2)**
6:8;12:11
**leaving (3)**
9:7,13;11:3
**LEDING (16)**
3:15,16,20;4:2,
3;9:2,2,5,19;10:10;
11:9;12:22;13:4,5,14
**likelihood (2)**
4:20;5:6
**limit (1)**
8:3
**line (3)**
3:22,23;10:5
**long (1)**
11:13
**longer (1)**
9:23
**look (3)**
8:19;10:24;13:10
**looking (1)**
5:9
**lose (1)**
9:4
**lost (1)**
9:3

**M**

**makes (2)**
9:11;11:19
**manner (1)**
11:24
**matter (4)**
3:5;11:21,24;12:14
**may (6)**
3:23;7:14;8:14;
9:10,10;11:15
**mean (8)**
3:19;4:12,19;7:22;
9:4,5,25;10:21
**merits (8)**
5:7;6:4,5,6;8:12,13;
9:7;12:14
**midst (1)**
7:2
**might (1)**
11:18
**mightily (1)**
5:4
**miles (1)**
4:18
**mind (1)**

10:4
**minute (1)**
13:7
**misleading (2)**
4:8,9
**Molton (24)**
3:10,10,13;4:23,25,
25;6:6,11,13,17,19;
7:21,25;8:4,6,8,10,13;
11:6,12,25;12:21;
13:2,15
**moment (1)**
9:8
**money (1)**
10:1
**Montali (1)**
3:5
**moot (1)**
10:19
**more (2)**
4:9;9:24
**morning (3)**
3:7,10,15
**motion (14)**
3:21;4:7,10,17;5:4,
4,10,10;9:16;10:16,
19,25;11:20;13:8
**movant (1)**
10:13
**movants (2)**
3:20;9:23
**moves (1)**
11:9
**moving (4)**
3:14,17,22;4:15
**much (2)**
12:11;13:12
**mystified (1)**
10:21

**N**

**name (3)**
9:3,4,5
**names (1)**
9:6
**narrow (1)**
12:9
**need (3)**
9:15;12:4,13
**neutral (3)**
7:9,11;9:21
**neutral's (1)**
7:13
**new (1)**
6:25
**next (1)**
9:10
**normal (2)**
11:5,24
**note (3)**
5:8,25;8:14
**notice (1)**

5:11
**notwithstanding (1)**
4:21
**novo (1)**
7:4

**O**

**observation (1)**
8:25
**obviously (1)**
13:10
**occurs (1)**
6:1
**off (1)**
9:4
**officer (6)**
6:9;7:9,10;8:2,18;
11:8
**one (2)**
4:1;12:11
**ongoing (2)**
5:13,14
**only (1)**
6:1
**oOo- (1)**
3:2
**open (1)**
9:13
**opportunity (3)**
5:24;6:24;11:23
**oppose (1)**
4:24
**opposing (1)**
5:3
**order (4)**
3:3;11:5;13:7,8
**out (1)**
4:22
**over (1)**
5:14
**overlooking (1)**
11:5

**P**

**page (3)**
5:11;8:19;12:1
**pages (1)**
12:2
**papers (2)**
4:17;5:9
**Parada (1)**
12:16
**Parikh (1)**
3:16
**partake (1)**
5:24
**parte (1)**
5:10
**particular (1)**
5:15
**parties (3)**

Case: 19-30088    Doc# 14510    Filed: 06/27/24    Entered: 06/27/24 09:00:41    Page 17
of 19

3:17,22;4:16
**party (2)**
3:14;4:15
**people (1)**
10:5
**perimeter (2)**
10:15;12:10
**perimeters (1)**
12:9
**person (1)**
6:12
**persuaded (1)**
11:18
**persuasive (1)**
4:14
**PG&E (3)**
3:5;12:17,19
**phone (1)**
3:23
**plan (1)**
5:19
**point (2)**
8:1;10:3
**Poniatowski (1)**
3:16
**position (2)**
11:9,10
**presented (1)**
4:8
**preserve (1)**
12:4
**presiding (1)**
3:5
**prevailing (1)**
4:20
**procedural (2)**
11:3;12:14
**procedure (2)**
8:14;11:4
**proceedings (1)**
13:16
**process (8)**
5:13,23;6:15;20;
7:2,4;8:14,23
**processes (1)**
6:2
**processors (1)**
6:21
**pursuant (1)**
7:13
**put (1)**
4:7

**Q**

**quote (1)**
8:20
**quoting (1)**
5:16

**R**

**raising (1)**

8:17
**rather (2)**
4:9;12:8
**real (1)**
4:11
**reason (4)**
4:5;9:9;10:6,7
**reasons (1)**
13:9
**recognizing (1)**
11:4
**recommendation (1)**
9:21
**reconsideration (2)**
6:22,24
**record (1)**
7:6;12:4;13:9
**recourse (3)**
9:23,24;10:13
**reflect (1)**
13:8
**regular (2)**
12:16;13:11
**reinvent (1)**
11:25
**reject (1)**
7:14
**relates (1)**
8:21
**relatively (1)**
12:11
**remember (1)**
12:18
**render (1)**
7:11
**rephrase (1)**
11:1
**reply (1)**
12:24
**report (2)**
7:11,12
**request (2)**
11:1,25
**require (1)**
4:20
**resolution (1)**
5:25
**resolved (1)**
12:25
**respect (1)**
5:14
**response (1)**
12:23
**restraining (1)**
11:5
**reverse (1)**
9:15
**review (3)**
5:16;6:15;10:14
**revise (1)**
7:14
**right (8)**
3:7;6:16;8:5,9;

9:17;10:1,2,3
**round (1)**
9:10
**rounds (1)**
9:11
**rule (1)**
10:15
**ruled (1)**
5:23
**rules (4)**
10:11;11:8;12:21,
23
**ruling (2)**
6:10;11:19
**rush (2)**
9:14,18

**S**

**same (1)**
12:12
**SAN (1)**
3:1
**satisfied (1)**
8:20
**saying (1)**
11:12
**schedule (1)**
13:11
**screen (2)**
9:4,4
**second (2)**
7:19;9:8
**secondly (1)**
12:7
**section (5)**
5:9;6:23;7:3,4,13
**seeking (1)**
10:14
**session (1)**
3:4
**set (2)**
4:21;9:16
**setting (1)**
12:14
**several (2)**
3:7;12:3
**short (1)**
10:7
**shortened (1)**
5:11
**show (1)**
11:2
**showing (1)**
5:6
**sky (1)**
10:7
**sorry (1)**
9:1
**sort (2)**
4:17;10:14
**sought (2)**
4:10;6:22

**speakers (1)**
9:6
**speaking (1)**
8:1
**specially (2)**
3:16,18
**standards (1)**
5:16
**state (1)**
5:19
**stated (3)**
11:6,6;13:9
**stay (3)**
4:17,18,19;5:12,15;
8:11;13:8
**staying (1)**
8:13
**step (5)**
6:15;7:19,20,22,23
**still (6)**
9:12,13;10:6;11:6;
12:12,16
**strike (1)**
12:12
**strongly (1)**
9:7
**submit (2)**
6:24;7:5
**submits (1)**
7:12
**submitted (1)**
6:25
**substantial (1)**
12:10
**success (1)**
5:6
**succinct (1)**
13:3
**support (1)**
10:20
**supposed (1)**
10:4
**sure (3)**
4:6;10:22;12:22

**T**

**ten (1)**
4:18
**terms (3)**
5:18;8:14;10:13
**there'd (1)**
9:9
**third (1)**
7:19
**thirty (2)**
7:10;12:2
**thirty- (1)**
8:2
**thirty-five (1)**
12:1
**three (1)**
12:10

**three-part (1)**
6:14
**today (6)**
6:9;9:16,24;10:8;
11:18,21
**today's (1)**
10:25
**tomorrow (2)**
10:8;11:19
**totally (1)**
8:13
**traditional (1)**
11:24
**treated (1)**
7:15
**trust (4)**
3:8;4:22;5:1;9:25
**trustee (15)**
5:2;7:11,12,14,16,
18,19,21;9:22,22;
10:11,17,22;11:9,23
**twenty-page (1)**
7:7
**two (1)**
9:11

**U**

**under (8)**
5:25;6:15,22;7:2,4,
10;8:22;10:10
**underlying (4)**
3:21;4:13;10:16,18
**unsatisfactory (1)**
9:11
**unusual (1)**
11:4;12:9
**up (2)**
10:5;12:24

**V**

**victim (3)**
3:8;5:1,1
**VII (1)**
7:3
**VII-A (1)**
6:23

**W**

**Wait (1)**
6:3
**waited (1)**
11:13
**waiting (1)**
8:23
**WEDNESDAY (1)**
3:1
**weren't (1)**
11:16
**wheel (1)**
12:1

Case: 19-30088    Doc# 14510    Filed: 06/27/24    Entered: 06/27/24 09:00:41    Page 18
of 19

**Whereupon (1)**
  13:16
**whole (1)**
  10:5
**whomever (1)**
  3:9
**who's (1)**
  3:14
**win (3)**
  9:10,10;11:12
**within (1)**
  4:18
**worry (1)**
  10:24
**wrote (1)**
  9:5

## Y

**Yanni (4)**
  5:1;9:11;11:13,19
**years (1)**
  12:3

## 1

**10:00 (1)**
  3:1
**10:16 (1)**
  13:16
**14489 (2)**
  5:10;8:19
**14490 (1)**
  8:15
**14th (1)**
  7:10

## 2

**2024 (1)**
  3:1
**250,000 (1)**
  5:14
**26 (1)**
  3:1
**26th (1)**
  6:9

## 3

**3 (1)**
  5:11
**30th (4)**
  9:20;10:9;12:15,24

## 4

**4 (2)**
  5:11;8:19
**40,000 (1)**
  5:14

## 6

**6-4 (1)**
  8:15
**6-5 (1)**
  8:15

## 9

**9 (1)**
  5:25

Case: 19-30088    Doc# 14510    Filed: 06/27/24    Entered: 06/27/24 09:00:41    Page 19
of 19