**PG&E Fire Victim Trust**
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
www.firevictimtrust.com

January 27, 2021

Hon. John K. Trotter (Ret.)
Trustee of the PG&E Fire Victim Trust
PG&E Fire Victim Trust
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:     Representation of PG&E Fire Victim Trust in Litigation of Claims Against Certain Third-Party Vegetation Management Contractors

Dear Judge Trotter:

        This letter of engagement ("**Engagement Letter**") is to confirm the retention of the Firms (as defined below) by the PG&E Fire Victim Trust (the "**Trust**") as of the date set forth above.

        The Firms consist of the following six law firms: (1) Cotchett, Pitre & McCarthy LLP; (2) Walkup, Melodia, Kelly & Schoenberger; (3) Dreyer Babich Buccola Wood Campora, LLP; (4) Corey, Luzaich, De Ghetaldi & Riddle LLP; (5) Andrews & Thornton, a Law Corporation; and (6) Greenberg Gross LLP (each a "**Firm**" and collectively, the "**Firms**").

1.  **Scope of Representation; Communications with the Trust.**





(b)   The Firms agree to keep the trustee of the Trust (the "**Trustee**") and the Trust's consultant, ████████████ (the "**Authorized Agent**"), reasonably informed as to the progress ██████████████████████ The Firms also agree to provide either written or oral explanations of work performed if requested to do so by the Trustee or the Authorized Agent.

(c)   Prior to commencing any court proceeding as contemplated by the Representation, the Firms will provide the Trustee and the Authorized Agent with a draft complaint. The Firms shall not file or serve any initiating complaint, or make any demand for payment from a prospective defendant without the prior written approval of the Trustee or the Authorized Agent.

(d)   The Firms shall not retain or otherwise engage the services of any electronic discovery platforms, databases, consultants, or other similar vendors and service providers ("**Discovery Services**") without the prior written consent of the Trustee or the Authorized Agent

████████████████████████████████████████████

(e)   The Firms shall not retain or employ any third-party investigators or other experts ("**Experts**") without the prior written consent of the Trustee or the Authorized Agent ,

████████████████████████████████████████████

(f)   The Firms shall not retain or employ any third-party bankruptcy or insurance counsel ("**Special Counsel**") without the prior written consent of the Trustee or the Authorized Agent,

████████████████████████████████████████████

2



### 2. Relationship of the Firms.

(a)     The Trust acknowledges that the Firms, pursuant to separate agreement by and between the Firms, have determined to organize themselves into the following consortiums:

     (i)     The "**Walkup Consortium**" consists of Cotchett, Pitre & McCarthy LLP; Walkup, Melodia, Kelly & Schoenberger; Dreyer Babich Buccola Wood Campora, LLP; and Corey, Luzaich, De Ghetaldi & Riddle LLP.

     (ii)     The "**Andrews Consortium**" consists of Andrews & Thornton, a Law Corporation; and Greenberg Gross LLP.

(b)     Notwithstanding anything to the contrary herein, the Firms shall represent the Trust collectively without regard to their affiliation with either of the Walkup Consortium or the Andrews Consortium. The extent to which work performed in furtherance of the Representation hereunder is allocated to any of the Firms or either of the above mentioned consortiums shall be governed by separate agreement by and between the Firms, which agreement shall have no impact or effect on the terms set forth in this Engagement Letter. The parties hereto agree that the Trust shall incur no loss in connection with the separate agreement by and between the Firms, and the Trust shall be entitled to recover any costs or expenses incurred by the Trust with respect thereto.



3



4

██████████████████

### 4. Confidential Information.

The Firms recognize that certain of their partners, associates and staff members may be provided with confidential and proprietary information belonging to the Trust ("**Confidential Information**"). None of the Firms will disclose to any third parties any Confidential Information obtained in the course of the Representation unless the Trust consents to such disclosure. Confidential Information will not include: (i) information made public other than as a result of breach of this Engagement Letter; (ii) information any or all of the Firms acquire from a third party with no known obligations of confidence regarding the information; or (iii) information already known to any or all of the Firms prior to disclosure by the Trust. If any or all of the Firms receive a request for disclosure of Confidential Information or are otherwise required by law to disclose any Confidential Information, the Firms will, to the extent practicable, notify the Trust of the disclosure request or requirement, and will discuss an appropriate response with the Trust. The Firms also agree to take reasonable steps to avoid the disclosure, obtain an appropriate protective order, or secure other safeguards to help preserve confidentiality. For clarity, any and all Confidential Information known by any Firm individually shall be conclusively deemed to be known individually and collectively by each and all of the Firms.

### 5. Records.

All materials prepared by the Firms for the Trust in connection with the Representation shall be the property of the Trust.

### 6. Cooperation.

The Trust agrees that its authorized representatives will (i) be reasonably available to confer with the Firms upon request, (ii) provide the Firms with such documents and information as the Trust may possess relating to the Representation, (iii) disclose all facts and circumstances of which the Trust is are aware that may bear upon the Firms' handling of the Representation, and (iv) otherwise assist the Firms' efforts as reasonably requested to do so by the Trustee or the Authorized Agent.

### 7. Dispute Resolution; Governing Law.

(a)     Notwithstanding anything to the contrary in this Engagement Letter, the parties hereto agree that any disputes between them in connection with this Engagement Letter shall, in the first instance, be sought to be resolved by an alternative dispute resolution ("**ADR**") process mutually agreeable to the parties as follows: the parties involved agree to meet and confer in good faith to agree upon and proceed with a mutually acceptable ADR process, and any party

Case: 19-30088   Doc# 14513-2   Filed: 07/02/24   Entered: 07/02/24 12:29:55   Page 5
of 21

that is dissatisfied with the final outcome of the ADR process set forth in this paragraph shall be entitled to commence an arbitration proceeding in accordance with Section 7(b) of this Engagement Letter.

(b)     The parties further agree that any dispute that is not resolved by the ADR process shall be submitted to binding arbitration administered by the American Arbitration Association, in accordance with its Commercial Arbitration Rules. Such claims shall be heard by a panel of three arbitrators, to be chosen as follows: within fifteen (15) days after the commencement of arbitration, each party shall select one person to act as arbitrator; thereafter, the two individually selected arbitrators shall select a third arbitrator within ten days of their appointment. If the arbitrators selected by the parties are unable or fail to agree upon the third arbitrator, the third arbitrator shall be selected by the American Arbitration Association. The arbitration panel shall have the power to rule upon its own jurisdiction and authority. The place of arbitration shall be San Francisco, California, unless the parties agree in writing to a different location. Regardless of where the arbitration proceeding actually takes place, all aspects of the arbitration shall be governed by the laws of the State of California, without regard to its conflicts of law provisions that would apply the laws of another jurisdiction. The parties shall bear their own legal fees and costs in connection with any arbitration proceedings brought pursuant to this Section 7. The award of the arbitrators shall be accompanied by a reasoned opinion, and judgment on the award rendered by the arbitration panel may be entered in any court having jurisdiction thereof. Except as may be required by law or to enforce an award, neither a party to an arbitration proceeding nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of the parties to this Engagement Letter. The parties to this Engagement Letter acknowledge that by agreeing to this arbitration provision, they are giving up the right to litigate claims against each other in the judicial system, and important rights that would be available in litigation, including the right to trial by judge or jury, to extensive discovery and to appeal an adverse decision. The parties acknowledge that they have read and understand this arbitration provision, and that they voluntarily agree to binding arbitration in accordance with the foregoing.

(c)     This Engagement Letter shall be governed by the laws of the State of California, without regard to its conflicts of law provisions that would apply the laws of another jurisdiction.

## 8.  Termination.

The Trust has the right to terminate this engagement at any time upon delivery of written notice (including by email) to the Receivers. In the event of termination by the Trust, the Firms shall provide cooperation in any transition, including return of materials provided to the Firms by the Trust and providing copies of any work product created under this Engagement Letter or in connection with the Representation. The Firms also have the right, subject to certain responsibilities under applicable ethical rules, to terminate this engagement by giving the Trust written notice if the Trust fails to cooperate with the Firms or if the Firms determine that continuing to represent the Trust would be unethical, impractical or improper.

## 9. Indemnification.

The Firms acknowledge that the operation of the Trust is governed by a Trust Agreement which provides for the indemnification of certain advisors and consultants to the Trust. Notwithstanding such provisions of the Trust Agreement, the Firms acknowledge and agree that, except as to the Trust's indemnity obligations arising out of or related to the Trust's fraud or intentional misconduct, the Trust shall not be obligated to satisfy any indemnity obligations if and to the extent that at the time a demand for indemnity is made and would otherwise by payable by the Trust, the amount of such indemnity claim exceeds the amount of maximum aggregate limit of liability insurance coverage then available to satisfy such indemnity claim at that time, ███████████████████████████████

████████████████████

## 10. Agreement Applicable Until Changed in Writing.

The scope of this engagement may be modified by the Trust in writing at any time and from time to time by advance written notice to the Receivers. If the scope of engagement is modified, this Engagement Letter will apply to any additional matters the Firms agree to undertake upon the Trust's behalf unless the parties hereto enter into an express written agreement reflecting an alternate arrangement.

## 11. Notices.

Any notice given pursuant to this Engagement Letter shall be sent by FedEx or other commercial courier and electronically (by email) as follows:

**For the Walkup Consortium, to:**

Michael A. Kelly
Khaldoun Baghdadi
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Email: mkelly@walkuplawoffice.com

**For the Andrews Consortium, to:**

Anne Andrews
Sean Higgins
Andrews & Thornton, a Law Corporation
4701 Von Karman Ave, Suite 300
Newport Beach, CA 92660

7

Email: aa@andrewsthornton.com
Email: shiggins@andrewsthornton.com

**For the Trust, to:**

Hon. John K. Trotter (Ret.), Trustee
PG&E Fire Victim Trust
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

With copies to:



David J. Molton
Brown Rudnick LLP
7 Times Square
New York, New York 10036
Email: dmolton@brownrudnick.com

### 12. Effectiveness.

This Engagement Letter shall not become effective until it has been executed and delivered by all the parties hereto.

### 13. Counterpart Signatures.

This Engagement Letter may be executed in any number of counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute and be deemed one and the same agreement.

### 14. Headings.

The headings contained in this Engagement Letter are for reference purposes only and shall not in any way affect the meaning or interpretation of this Engagement Letter.

*(Signature page follows)*

8

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____
**GREENBERG GROSS LLP**

_____
**ANDREWS & THORNTON, A LAW CORPORATION**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____
**GREENBERG GROSS LLP**

_____
**ANDREWS & THORNTON, A LAW CORPORATION**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____
**GREENBERG GROSS LLP**

_____
**ANDREWS & THORNTON, A LAW CORPORATION**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

 

 

_____

**COTCHETT, PITRE & McCARTHY, LLP**

 

 

_____

**WALKUP, MELODIA, KELLY & SCHOENBERGER**

 

 

_____

**GREENBERG GROSS LLP**

_____

**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

 

 

_____

**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____

**ANDREWS & THORNTON, A LAW CORPORATION**

 

 

ACCEPTED AND AGREED

 

 

_____

**PG&E FIRE VICTIM TRUST**

**IN WITNESS WHEREOF** the parties have caused this Engagement Letter to be duly executed as of the date first written above.

_____
**COTCHETT, PITRE & McCARTHY, LLP**

_____
**COREY, LUZAICH, de GHETALDI & RIDDLE, LLP**

_____
**WALKUP, MELODIA, KELLY & SCHOENBERGER**

_____
**DREYER, BABICH, BUCCOLA, WOOD & CAMPORA, LLP**

_____
**GREENBERG GROSS LLP**

_____
**ANDREWS & THORNTON, A LAW CORPORATION**

ACCEPTED AND AGREED

_____
**PG&E FIRE VICTIM TRUST**

*[Signature Page to Engagement Letter]*



Case: 19-30088    Doc# 14513-2    Filed: 07/02/24    Entered: 07/02/24 12:29:55    Page



1



2



















