**Entered on Docket**
**July 3, 2024**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: July 3, 2024**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTION TO ALLOW LATE CLAIM

On May 16, 2024, the below named movants filed a Motion to Allow/Deem Timely Late Filing of Proof of Claim by Ian Alexander, Lisa Alexander, Kellan Alexander, Noel Alexander, and Pari Alexander ("Motion") (Dkt. 14464). On June 6, 2024, Cathy Yanni, in her capacity as Fire Victim Trustee ("Trustee") filed an Objection to the Motion (Dkt. 14471). For the reasons set

-1-

forth below, the court SUSTAINS the Objection and DENIES the Motion.

I.  **Discussion**

A bankruptcy court may, on motion of a claimant filed after the applicable deadline, deem a late claim to be timely filed if the delay "was the result of excusable neglect."  Fed. R. Bankr. Pro. 9006(b)(1).  The decision regarding whether a late claim was the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The court may weigh each these factors in its discretion.

Here, the delay is not in the filing of the late claim, which was filed only a few weeks after the Extended Bar Date of December 31, 2019, but in seeking to have the claim deemed timely filed.

Neither the Trustee nor the court doubt the movants' good faith.  The court considers the remaining *Pioneer* factors below and incorporates in this Order its reasoning from its previous Orders Denying Motions to File Late Claims (Dkts. 13377, 13490, 13691, 13945, 14031, 14047) ("Prior Orders").  Those Prior Orders make clear that the Fire Victim Trust ("FVT") would be prejudiced by the granting of the Motion and that the length of

delay in seeking allowance of the late filed claim is extreme (here, nearly two years after movant Ian Alexander was first informed by the FVT that his claim would be denied for being untimely filed).

Both the Motion and Objection state that movants were notified via email in August 2022 that the claim was ineligible for compensation due to being untimely filed, and leave of the court must be sought in order to have the claim deemed timely filed.  The Declaration of Ian Alexander accompanying the Motion clarifies that he hired counsel within the same month he was notified via email that his claim was ineligible.  While the Motion describes the back-and-forth that he and counsel engaged in with the FVT's web portal, there are months-long gaps between each action undertaken by counsel, and the ultimate fact remains that no matter what documents were or were not made available in a web portal, movants and counsel had been aware of the need to seek leave of court to have the claims deemed timely filed since August 2022, and chose to wait until May 2024 to do so.  Taking these circumstances into account, the court cannot find excusable neglect for the belated filing of the Motion.

**II.  Conclusion**

For the reasons stated above, the court hereby SUSTAINS the Trustee's Objection and DENIES the Motion.

**\*\*END OF ORDER\*\***

COURT SERVICE LIST

Ian Alexander
5100 Montecito Drive
Santa Rosa, CA 95404