EXHIBIT 1

State Court Consolidation Orders

1  MICHAEL A. KELLY (State Bar #71460)
   mkelly@walkuplawoffice.com
2  KHALDOUN A. BAGHDADI (State Bar #190111)
   kbaghdadi@walkuplawoffice.com
3  **WALKUP, MELODIA, KELLY**
   **& SCHOENBERGER**
4  650 California Street, 26th Floor
   San Francisco, CA 94108
5  Telephone:   (415) 981-7210
   Facsimile:   (415) 391-6965
6
   ANNE ANDREWS (Bar No. 103280)
7  aandrews@andrewsthornton.com
   JOHN C. THORNTON (Bar No. 84492)
8  jct@andrewsthornton.com
   SEAN T. HIGGINS (Bar No. 266888)
9  shiggins@andrewsthornton.com
   ROBERT S. SIKO (Bar No. 312856)
10 rsiko@andrewsthornton.com
   **ANDREWS & THORNTON**
11 4701 Von Karman Ave, Suite 300
   Newport Beach, California 92660
12 Telephone:        (949) 748-1000
   Facsimile:        (949) 315-3540
13
   (ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGES)
14
15 **ATTORNEYS FOR PETITIONER JOHN K. TROTTER,**
   **JR., TRUSTEE OF THE PG&E FIRE VICTIM TRUST**
16
17            SUPERIOR COURT OF THE STATE OF CALIFORNIA
18                    COUNTY OF SAN FRANCISCO

FILED
San Francisco County Superior Cou.
MAY 18 2021
CLERK OF THE COURT
BY: _____
          Deputy Clerk

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550) | **JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4955** |
| | **Hon. Andrew Cheng, Dept. 613** |
| **CALIFORNIA NORTH BAY FIRE CASES** | Date: None Set |
| | Time: None Set |
| | Dept: 613 |
| | **STIPULATION AND [~~PROPOSED~~] ORDER GRANTING COORDINATION OF ADD-ON CASES TO JCCP 4955** |
| | **(California Code of Civil Procedure § 404.4)** |

STIPULATION AND [PROPOSED] ORDER GRANTING COORDINATION OF ADD-ON CASES TO JCCP
4955

Case: 19-30088    Doc# 14529-1    Filed: 07/15/24    Entered: 07/15/24 10:32:36    Page 2
of 18

## <u>STIPULATION</u>

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

1.     The following actions are appropriate for coordination with Judicial Council Coordination Proceeding No. 4955 – California North Bay Fire Cases ("JCCP No. 4955") under California Code of Civil Procedure § 404 *et seq.*, and California Rules of Court 3.520 *et seq.* and that consent is given by all parties to coordinate the following actions ("Included Actions"):

        a.     *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*, San Francisco County Superior Court Case No. CGC-21-589438 (complaint filed on January 28, 2021);

        b.     *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*, San Francisco County Superior Court Case No. CGC-21-589439 (complaint filed on January 28, 2021);

        c.     *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. ACRT Pacific, LLC, et al.*, San Francisco County Superior Court Case No. CGC-21-589441 (complaint filed on January 28, 2021)

2.     The Parties stipulate and agree that, as part of this coordination, the defendants in the Included Actions shall not be bound by or subject to any orders, including any case management orders, that were previously issued in JCCP No. 4955, or any deadlines established by statute or court rule that applied based on the complaints against PG&E that were previously included in JCCP 4955.

3.     The Parties agree that other actions that have been brought against the Defendants by numerous plaintiffs, which are pending in this Court and other Superior Courts, should be coordinated with the Included Actions and that no party to this stipulation will object to such coordination. Although the parties do not presently have a stipulation with the numerous plaintiffs for coordination of the other actions, a stipulation will be submitted if it is obtained. Otherwise, a motion will be brought to add-on the other cases for coordination.

4.     The Parties further stipulate and agree that the Defendants shall have full access to

---

STIPULATION AND [PROPOSED] ORDER GRANTING COORDINATION OF ADD-ON CASES TO JCCP
4955

1  any and all discovery, physical evidence, deposition transcripts, and related repositories for
2  discovery previously collected during the JCCP No. 4955 proceeding.

3      5.    The parties stipulate that the pending petition to coordinate the Included Actions
4  listed above should be granted subject to court approval without hearing, all parties to the actions
5  having so stipulated.

6      IT IS SO STIPULATED:

7

8  Dated: __May 13__, 2021          WALKUP, MELODIA, KELLY & SCHOENBERGER

9

10                                  By: _____
11                                  MICHAEL A. KELLY
                                    KHALDOUN A. BAGHDADI
12                                  650 California Street, 26th Floor
                                    San Francisco, CA 94108
13

14                                  ANDREWS & THORNTON
15
16                                  SEAN T. HIGGINS
                                    4701 Von Karman Ave., Suite 300
17                                  Newport Beach, CA 92660

18                                  GREENBERG GROSS LLP
19
20                                  ALAN A. GREENBERG
                                    WAYNE R. GROSS
21                                  EVAN C. BORGES
                                    601 South Figueroa Street, 30th Floor
22                                  Los Angeles, California 90017

23

24

25

26

27

28

- 3 -
STIPULATION AND [PROPOSED] ORDER GRANTING COORDINATION OF ADD-ON CASES TO JCCP
4955

COTCHETT PITRE & McCARTHY

FRANK M. PITRE
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

DREYER, BABICH, BUCCOLA, WOOD, CAMPORA

STEVEN M. CAMPORA
20 Bicentennial Circle
Sacramento, CA 95826

COREY, LUZAICH, DE GHETALDI & RIDDLE, LLP

DARIO de GHETALDI
700 El Camino Real
PO Box 669
Millbrae, CA 94030

**Attorneys for Petitioner John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust**

Dated: May 13, 2021

NIXON PEABODY, LLP

By: _____

ALDO E. IBARRA, ESQ.
ROBERT M. BLUM, ESQ.
PENNY AZIZI, ESQ.
One Embarcadero Center, 32nd Floor,
San Francisco, CA 94111

**Attorneys for Defendants Davey Resource Group, Inc., Davey Tree Expert Company, and Davey Tree Surgery Company**

- 4 -

Dated: May 14, 2021

VAN DE POEL, LEVY THOMAS & ARNEAL, LLP

By: _____

DAVID M. LEVY
JENNIFER M. LIM
Attorneys for Defendant
The Orginial Mowbrays Tree Service, Inc.

Dated: May 14, 2021

CARLSON CALLADINE & PETERSON LLP

By: _____

RANDY W. GIMPLE, ESQ.
A. DAVID BONA, ESQ.
353 Sacramento Street, 16th Floor
San Francisco, CA 94111

**Attorneys for Defendant Western Environmental Consultants, Inc.**

Dated: May 14 , 2021

BURNHAM BROWN

By: _____

DAVID S. WILGUS, ESQ.
1901 Harrison Street, 13th Floor
Oakland, CA 94612

**Attorneys for Defendant Osmose Utilities Services, Inc.**

Case: 19-30088    Doc# 14529-1    Filed: 07/15/24    Entered: 07/15/24 10:32:36    Page 6
of 18

# [PROPOSED] ORDER

1. The Court finds that the following actions are appropriate for coordination with JCCP 4955 under California Code of Civil Procedure § 404 *et seq.*, and California Rules of Court 3.520 *et seq.*:

   a. *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*, San Francisco County Superior Court Case No. CGC-21-589438 (complaint filed on January 28, 2021);

   b. *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. Davey Resource Group, Inc., et al.*, San Francisco County Superior Court Case No. CGC-21-589439 (complaint filed on January 28, 2021);

   c. *John K. Trotter, Jr., Trustee of the PG&E Fire Victim Trust v. ACRT Pacific, LLC, et al.*, San Francisco County Superior Court Case No. CGC-21-589441 (complaint filed on January 28, 2021)

2. It is further ORDERED that, as part of this coordination, the defendants in the Included Actions shall not be bound by or subject to any orders, including any case management orders, that were previously issued in JCCP No. 4955, or any deadlines established by statute or court rule that applied based on the complaints against PG&E that were previously included in JCCP 4955.

3. It is hereby ORDERED that the request to coordinate the above-entitled actions as add-on actions to JCCP 4955 is GRANTED and that the above-entitled actions are hereby coordinated actions under JCCP 4955.


IT IS SO ORDERED

Dated: _____5/18_____, 2021

Hon. Andrew Cheng
JUDGE OF THE SUPERIOR COURT

---

Case: 19-30088   Doc# 14529-1   Filed: 07/15/24   Entered: 07/15/24 10:32:36   Page 7 of 18



**F I L E D**

San Francisco County Superior Cou.

SEP 22 2021

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>CALIFORNIA NORTH BAY FIRE CASES | Case No. CJC-17-004955<br><br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4955<br><br>ORDER GRANTING PETITION FOR COORDINATION OF ADD-ON CASES |

## **INTRODUCTION**

This case came on for hearing on September 20, 2021 in Department 613 of San Francisco Superior Court, the Honorable Andrew Y.S. Cheng presiding. Khaldoun Baghdadi appeared for coordinated plaintiff Trotter. Peter P. Meringolo appeared for plaintiff Walker. David Bona appeared for Western Environmental Consultants, LLC. Robert M. Blum, Aldo Ibarra, and Penney P. Azizi appeared for The Davey Tree Expert Company, Davey Tree Surgery Co, and Davey Resource Group, Inc. Brendan P. Bradley specially appeared for ACRT, Inc. George T. Stiefel, James P. Frantz, M. Regina Bagdasarian, and Kristina Herbert appeared for plaintiff Bowman. J. Domenic Martini appeared for plaintiffs. Robert W. Jackson appeared for plaintiffs Barbara Bennett, et al. Natasha N. Serino appeared for plaintiffs Taylor Waldon. John C. Thornton and Sean T. Higgins appeared for plaintiffs Agajanian, et al. Jennifer Lim appeared for The Original Mowbray's Tree Service Incorporated.

|    | |
|----|---|
| 1  | Having reviewed and considered the arguments, pleadings, and written submissions of all parties, |
| 2  | the Court **GRANTS** Petitioners The Davey Tree Expert Company, Davey Tree Surgery Company, and |
| 3  | Davey Resource Group, Inc.'s ("Davey") petition to coordinate add-on cases. |

**BACKGROUND**

|    | |
|----|---|
| 5  | Plaintiffs in these actions allege that PG&E's vegetation management contractors bear |
| 6  | responsibility for their damages due to one or more of the North Bay Fires ignited on or about October 8, |
| 7  | 2017. |
| 8  | Davey filed a petition to add-on five cases[1], including *Walker, et al. v. Davey Tree Surgery Co.*, |
| 9  | Napa County Superior Court Case No. 19CV001194, (complaint filed on August 8, 2019), to this |
| 10 | coordinated proceeding which included a request to stay the *Walker* matter pending the petition to |
| 11 | coordinate *Walker* as an add-on case filed in this proceeding.  Plaintiff Walker opposes.  The Court |
| 12 | permitted reply briefing, and Davey and Trotter plaintiffs replied. |

**REQUEST FOR JUDICIAL NOTICE**

|    | |
|----|---|
| 14 | The Court **GRANTS** Davey's unopposed requests for judicial notice. (Defendants The Davey |
| 15 | Tree Expert Company Davey Resource Group Inc And Davey Tree Surgery Company's Request For |
| 16 | Judicial Notice in support of Reply in support of Petition For Coordination, Exs. A-I.) |

**STANDARD FOR COORDINATION**

|    | |
|----|---|
| 18 | A petition for coordination of civil actions must be supported by facts showing that the actions are |
| 19 | complex and that the actions meet the standards specified in section 404.1 of the Code of Civil |
| 20 | Procedure. (Code Civ. Proc. § 404.)  Coordination of civil actions sharing a common question of fact or |
| 21 | law is appropriate if it "will promote the ends of justice taking into account whether the common |
| 22 | question of fact or law is predominating and significant to the litigation; the convenience of parties, |
| 23 | witnesses, and counsel; the relative development of the actions and the work product of counsel; the |
| 24 | efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of |
| 25 | duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the |

---

[1] Plaintiffs in the *Abram, Adams, Antone*, and *Bennett* cases have stipulated to the petition. (Stipulation to Petition for Coordination of Add-On Cases.)

-2-

1  actions." (Code Civ. Proc. § 404.1.)

2  **I.      Davey's Add-On Petition**

3        The Court **GRANTS** Davey's Petition to Coordinate Add-On Case.

4        First, *Walker*[2] and actions in this coordinated proceeding[3] have common questions of fact or law

5  that predominate and/or are significant to the litigation. (Ibarra Decl., ¶¶ 7-8 & Ex. A ¶ 24, Ex. B ¶¶ 55-

6  63, Ex. C ¶¶ 32-33, Ex. D ¶ 32; Trotter Case No. 589438, Complaint ¶¶ 37, 39.) *Walker* and all included

7  actions involve negligence claims for one or more at-issue fires against PG&E's vegetation management

8  contractors. (Ibarra Decl., 6(a), 7-8 & Ex. A ¶ 24, Ex. B ¶¶ 55-63, Ex. C ¶¶ 32-33, Ex. D ¶ 32.) Both

9  *Walker* and one of the already coordinated *Trotter* actions involve claims arising from the same fire, the

10 Patrick Fire. (*Id.* ¶ 8.) At least three of the other actions Davey seeks to add-on here—*Adams, Antone,*

11 and *Bennett*—also involve the Patrick Fire. (*Id.*; see also Oppo., at 8.) There are also allegations that the

12 Patrick Fire merged with other California North Bay Fires at issue in this coordinated action, making the

13 Patrick Fire potentially relevant to all other at-issue fires. (Ibarra Decl., ¶ 8.) Causation is a central

14 question to the included actions and *Walker*, as is the question of indemnity for any damages sought by

15 all Patrick Fire claimants. This factor weighs in favor of coordination. (*Ford Motor Warranty Cases*

16 (2017) 11 Cal.App.5th 626, 641-646 [applying Code Civ. Proc. § 404.1 factors].)

17        Second, though *Walker* is a Napa County action, the convenience of the parties, witnesses, and

18 counsel—including the streamlining of discovery,[4] depositions, motion practice, and trial—weighs in

19 favor of coordination.

20        Third, coordination will promote judicial efficiency and obviate two separate courts deciding

21 substantially similar and overlapping issues regarding causation and/or the Patrick Fire. (*Id.* ¶ 6(d)-(e).)

22 This factor weighs in favor of coordination.

23        Fourth, coordination will likely promote settlement efforts, which are further complicated by

24 ─────────────────────────────
   [2] Because only plaintiff Walker opposes, and all other plaintiffs have consented to coordination, the
25 Court's analysis addresses the *Walker* case and plaintiff Walker's arguments in opposition only.

26 [3] Because they have stipulated to coordination, *Abram, Adams, Antone,* and *Bennett* are encompassed in
   the term "included actions" or "this coordinated proceeding."

27 [4] While Walker argues informal discovery coordination is sufficient, formal coordination is preferred and
28 more effective. (Davey Reply, 4:10-22.)

PG&E's Bankruptcy and the Fire Victim Trust Agreement's terms.  This factor weighs in favor of coordination.

Fifth, this JCCP and *Walker* are in similarly early phases of litigation.  (*Id.* ¶ 6(c).)  This factor weighs in favor of coordination.

Lastly, the doctrine of judicial estoppel also supports coordination, and the elements of the doctrine are met here. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183 ["In accordance with the purpose of judicial estoppel, we conclude that the doctrine should apply when: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."]; RFJN, Exs. A-E; Baghdadi Decl., Ex. D.)

For these reasons, the Court **GRANTS** the petition to coordinate *Walker* with this action.

## **CONCLUSION**

The Court **GRANTS** Davey's petition to coordinate add-on cases.  All five add-on cases are stayed in their home jurisdictions pursuant to CRC 3.529(b) and 3.544(d).


IT IS SO ORDERED.


Dated:  September 22, 2021

_____
ANDREW Y.S. CHENG
Judge of the Superior Court

-4-

**CERTIFICATE OF ELECTRONIC SERVICE**
(CCP 1010.6(6) & CRC 2.260(g))

I, KEITH TOM, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On September 22, 2021, I electronically served the ATTACHED DOCUMENT(S) via File&ServeXpress on the recipients designated on the Transaction Receipt located on the File&ServeXpress website.

Dated:   September 22, 2021

T. Michael Yuen, Clerk

By: _____
KEITH TOM, Deputy Clerk



F I L E D
Superior Court of California
County of San Francisco

DEC 16 2021

CLERK OF THE COURT
BY: _____
Deputy Clerk

1

2

3

4

5

6

7 SUPERIOR COURT OF CALIFORNIA

8 COUNTY OF SAN FRANCISCO

9 DEPARTMENT 613

10

| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] CALIFORNIA NORTH BAY FIRE CASES | Case No. CJC-17-004955 JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4955 AMENDED ORDER GRANTING PETITION FOR COORDINATION OF ADD-ON CASES |
|---|---|

## **INTRODUCTION**

This case came on for hearing on September 20, 2021 in Department 613 of San Francisco Superior Court, the Honorable Andrew Y.S. Cheng presiding. Khaldoun Baghdadi appeared for coordinated plaintiff Trotter. Peter P. Meringolo appeared for plaintiff Walker. David Bona appeared for Western Environmental Consultants, LLC. Robert M. Blum, Aldo Ibarra, and Penney P. Azizi appeared for The Davey Tree Expert Company, Davey Tree Surgery Co, and Davey Resource Group, Inc. Brendan P. Bradley specially appeared for ACRT, Inc. George T. Stiefel, James P. Frantz, M. Regina Bagdasarian, and Kristina Herbert appeared for plaintiff Bowman. J. Domenic Martini appeared for plaintiffs. Robert W. Jackson appeared for plaintiffs Barbara Bennett, et al. Natasha N. Serino appeared for plaintiffs Taylor Waldon. John C. Thornton and Sean T. Higgins appeared for plaintiffs Agajanian, et al. Jennifer Lim appeared for The Original Mowbray's Tree Service Incorporated.

-1-

1    Having reviewed and considered the arguments, pleadings, and written submissions of all parties,

2    the Court **GRANTS** Petitioners The Davey Tree Expert Company, Davey Tree Surgery Company, and

3    Davey Resource Group, Inc.'s ("Davey") petition to coordinate add-on cases.

4                                    **BACKGROUND**

5    Plaintiffs in these actions allege that PG&E's vegetation management contractors bear

6    responsibility for their damages due to one or more of the North Bay Fires ignited on or about October 8,

7    2017.

8    Davey filed a petition to add-on five cases[1], including *Walker, et al. v. Davey Tree Surgery Co.*,

9    Napa County Superior Court Case No. 19CV001194, (complaint filed on August 8, 2019), to this

10   coordinated proceeding which included a request to stay the *Walker* matter pending the petition to

11   coordinate *Walker* as an add-on case filed in this proceeding. Plaintiff Walker opposes. The Court

12   permitted reply briefing, and Davey and Trotter plaintiffs replied.

13                          **REQUEST FOR JUDICIAL NOTICE**

14   The Court **GRANTS** Davey's unopposed requests for judicial notice. (Defendants The Davey

15   Tree Expert Company Davey Resource Group Inc And Davey Tree Surgery Company's Request For

16   Judicial Notice in support of Reply in support of Petition For Coordination, Exs. A-I.)

17                          **STANDARD FOR COORDINATION**

18   A petition for coordination of civil actions must be supported by facts showing that the actions are

19   complex and that the actions meet the standards specified in section 404.1 of the Code of Civil

20   Procedure. (Code Civ. Proc. § 404.) Coordination of civil actions sharing a common question of fact or

21   law is appropriate if it "will promote the ends of justice taking into account whether the common

22   question of fact or law is predominating and significant to the litigation; the convenience of parties,

23   witnesses, and counsel; the relative development of the actions and the work product of counsel; the

24   efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of

25   duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the

26

27   [1] Plaintiffs in the *Abram*, *Adams*, *Antone*, and *Bennett* cases have stipulated to the petition. (Stipulation to
     Petition for Coordination of Add-On Cases.)

28

1      actions." (Code Civ. Proc. § 404.1.)

2 **I.    Davey's Add-On Petition**

3      The Court **GRANTS** Davey's Petition to Coordinate Add-On Case.

4      First, *Walker*[2] and actions in this coordinated proceeding[3] have common questions of fact or law

5 that predominate and/or are significant to the litigation. (Ibarra Decl., ¶¶ 7-8 & Ex. A ¶ 24, Ex. B ¶¶ 55-

6 63, Ex. C ¶¶ 32-33, Ex. D ¶ 32; Trotter Case No. 589438, Complaint ¶¶ 37, 39.) *Walker* and all included

7 actions involve negligence claims for one or more at-issue fires against PG&E's vegetation management

8 contractors. (Ibarra Decl., 6(a), 7-8 & Ex. A ¶ 24, Ex. B ¶¶ 55-63, Ex. C ¶¶ 32-33, Ex. D ¶ 32.) Both

9 *Walker* and one of the already coordinated *Trotter* actions involve claims arising from the same fire, the

10 Patrick Fire. (*Id.* ¶ 8.) At least three of the other actions Davey seeks to add-on here—*Adams, Antone,*

11 and *Bennett*—also involve the Patrick Fire. (*Id.*; see also Oppo., at 8.) There are also allegations that the

12 Patrick Fire merged with other California North Bay Fires at issue in this coordinated action, making the

13 Patrick Fire potentially relevant to all other at-issue fires. (Ibarra Decl., ¶ 8.) Causation is a central

14 question to the included actions and *Walker*, as is the question of indemnity for any damages sought by

15 all Patrick Fire claimants. This factor weighs in favor of coordination. (*Ford Motor Warranty Cases*

16 (2017) 11 Cal.App.5th 626, 641-646 [applying Code Civ. Proc. § 404.1 factors].)

17      Second, though *Walker* is a Napa County action, the convenience of the parties, witnesses, and

18 counsel—including the streamlining of discovery,[4] depositions, motion practice, and trial—weighs in

19 favor of coordination.

20      Third, coordination will promote judicial efficiency and obviate two separate courts deciding

21 substantially similar and overlapping issues regarding causation and/or the Patrick Fire. (*Id.* ¶ 6(d)-(e).)

22 This factor weighs in favor of coordination.

23      Fourth, coordination will likely promote settlement efforts, which are further complicated by

---

[2] Because only plaintiff Walker opposes, and all other plaintiffs have consented to coordination, the Court's analysis addresses the *Walker* case and plaintiff Walker's arguments in opposition only.

[3] Because they have stipulated to coordination, *Abram, Adams, Antone,* and *Bennett* are encompassed in the term "included actions" or "this coordinated proceeding."

[4] While Walker argues informal discovery coordination is sufficient, formal coordination is preferred and more effective. (Davey Reply, 4:10-22.)

-3-

1 | PG&E's Bankruptcy and the Fire Victim Trust Agreement's terms. This factor weighs in favor of
2 | coordination.
3 | Fifth, this JCCP and *Walker* are in similarly early phases of litigation. (*Id.* ¶ 6(c).) This factor
4 | weighs in favor of coordination.
5 | Lastly, the doctrine of judicial estoppel also supports coordination, and the elements of the
6 | doctrine are met here. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183 ["In
7 | accordance with the purpose of judicial estoppel, we conclude that the doctrine should apply when: (1)
8 | the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial
9 | administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal
10 | adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first
11 | position was not taken as a result of ignorance, fraud, or mistake."]; RFJN, Exs. A-E; Baghdadi Decl.,
12 | Ex. D.)
13 | For these reasons, the Court **GRANTS** the petition to coordinate *Walker* with this action.

### CONCLUSION

15 | The Court **GRANTS** Davey's petition to coordinate add-on cases. All five add-on cases are
16 | stayed in their home jurisdictions pursuant to CRC 3.529(b) and 3.544(d). The five add-on cases now
17 | coordinated include:
18 | 1. *Abram, et al. v. ACRT, Inc., et al.*, San Francisco Superior Court Case No.
19 | CGC-19-579861 (complaint filed on October 8, 2019);
20 | 2. *Adams, et al. v. Davey Resource Group, Inc., et al.*, San Francisco Superior
21 | Court Case No. CGC-19-579828 (complaint filed on October 7, 2019);
22 | 3. *Antone, et al. v. ACRT, Inc., et al.*, Sacramento Superior Court Case No. 34-
23 | 2019-00266662 (complaint filed on October 8, 2019);
24 | 4. *Bennett, et al. v. ACRT, Inc., et al.*, Sacramento Superior Court Case No. 34-
25 | 2019-00266501 (complaint filed on October 7, 2019); and
26 | 5. *Walker, et al. v. Davey Tree Surgery Co.*, Napa County Superior Court Case No.
27 | 19CV001194, (complaint filed on August 8, 2019).
28 |

-4-

IT IS SO ORDERED.

Dated: December 16, 2021

ANDREW Y.S. CHENG
Judge of the Superior Court

**CERTIFICATE OF ELECTRONIC SERVICE**
(CCP 1010.6(6) & CRC 2.251)

I, CLARK BANAYAD, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On December 16, 2021, I electronically served the ATTACHED DOCUMENT(S) via File&ServeXpress on the recipients designated on the Transaction Receipt located on the File&ServeXpress website.

Dated: December 16, 2021

T. Michael Yuen, Clerk

By: _____
CLARK BANAYAD, Deputy Clerk