FILED
JUL 15 2024
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Winifred M Grelis      3740 Lakebriar Place      Santa Rosa, CA 95403

PLEASE EXCUSE THE TYPO.
*WMG*

Judge Montali
Courtroom 17
450 Golden Gate Avenue/Mail Box 36099
San Francisco, CA 94102

WINIFRED GRELIS

FILED
JUL 10 2024
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Judge Montali,

RE: Case: 19-30088 - (Relates to Docket 14474, 14481)

Please accept this declaration of support of the motion filed by William B. Abrams Case: 19-30088 Doc# 14474 Filed: April 4, 2024. My name is ~~Brenda Gilchrist~~. I was a victim of the Tubb's Fire in Santa Rosa, CA (Oct 9, 2017). I filed a claim through my law firm in 2018. I would like the court to support the following requests made within Mr. Abrams recent motion:

I would like claimants like me to be provided with the same rights to discovery as those represented by counsel. Actual fire victims should be given discovery, especially because they were stripped of their right to judicial review, unlike other parties in the case.

Claimants deserve to know if the Trust Oversight Committee Members are self-dealing themselves financial benefits that may violate their fiduciary duties to victims; further, we deserve to know if the Trustee is managing the Trust in a responsible manner to maximize the corpus of the fire victim trust or to benefit those that work for the trust.

We want to ensure that the court's prior discovery order of the Trustee will be enforced. They need to provide the fully redacted retention agreements.

We want to know what the Trust Oversight Committee Members and the Trustee are or are not doing to lobby for AB1054 amendments or other things they may or may not be doing on behalf of victims to get the Trust to point where victims are 100% compensated for their losses.

Attorneys represented the trust was the fastest way to get us fully compensated prior to our vote on the plan and we deserve to know if this was a bait and switch. We want to know why attorneys litigating Davey Tree on our behalf are making sure that victims are equitably compensated from the $200M settlement like the Trustee has stated or if we are not being treated fairly.

It appears, based on the heavily redacted retention agreements shared with victims due to Abrams prior discovery motion, that there are "consortium agreements" which dictate the terms for which FVT monies are divided up among law firms particularly those serving as members of the Trust Oversight Committee. These agreements should be fully disclosed so we can understand if our monies are being managed fairly or if our monies are being managed to benefit these consortiums who are tied to the Trust Oversight Committee that should be representing the interests of victims and not these consortiums without financial conflicts.

I am hopeful that the Court will intervene and side in favor of William Abrams' motion.

Regards,

*Winifred M. Grelis*
Winifred M. Grelis

Case: 19-30088   Doc# 14531   Filed: 07/15/24   Entered: 07/15/24 13:42:14   Page 1 of 1
Case: 19-30088   Doc# 14523   Filed: 07/10/24   Entered: 07/10/24 17:10:25   Page 1 of 1