Michael S. Danko (SBN 111359)
Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
**COREY, LUZAICH
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

*Attorneys for Movants Julie Poincenot, Patrick Doolittle, Megan Van Mater Davidson, and Paul Lore*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>&<br><br>**PACIFIC GAS AND ELECTIC COMPANY,**<br><br>                            **Debtors.**<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br><br>**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS RE DISPUTED CLAIMS UNDER THE FIRE VICTIM TRUST AGREEMENT & REVIEW OF FVT INTERPRETATION OF PLAN LANGUAGE**<br><br>**Date: July 30, 2024**<br>**Time: 10:00 a.m.**<br>**Location: Telephone/Videoconference**<br>https://www.canb.uscourts.gov/calendars |

# I. PRELIMINARY STATEMENT

The Trust's Opposition to the Motion is without merit and is replete with mischaracterizations of the relevant Eligibility Criteria and terms of the FVT Trust and Claims Resolutions Procedure ("CRPs"). Contrary to the Trust's assertion, the Court has clear jurisdiction to interpret and enforce the terms of the Debtor's confirmed Joint Plan, including the agreements entered into pursuant to the Plan, and to take any actions needed to maintain the integrity of the Plan. Additionally, the Trust fails to cite to any authority or provision of the Joint Plan or FVT Agreement, CRPs or Eligibility Criteria supporting the use of the Fire Perimeter Rule in determining eligibility for compensation under the FVT. For these, and other reasons set forth herein, the Court should grant the Movant's request for an order requiring the Trust to apply the appropriate Eligibility Criteria to the Movants' Claims.

# II. LEGAL ARGUMENT

## A. The Court has Jurisdiction to Grant the Relief Requested

Contrary to the Trust's assertion that the Court lacks jurisdiction, the Debtor's Joint Plan specifically states that the Court retains jurisdiction to interpret and enforce the terms of the Plan and any agreements governing or related to the Plan, and more importantly, the Court retains jurisdiction to take actions necessary to maintain the integrity of the Plan. The Debtor's Joint Plan provides that on or after the Effective Date of the Plan, the Bankruptcy Court shall retain jurisdiction of all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan pursuant sections 105(a) and 1142 of the Bankruptcy Code to do the following:

> […]
> (i) To hear and determine disputes arising in connection with or related to the interpretation, implementation, or enforcement of the Plan, the Confirmation Order, […] or any agreement, instrument, or other document governing or relating to any of the foregoing;
> […]
> (k) to take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation.
> […]
> (r) To determine any other matters or adjudicate any disputes that may arise in connection with or are related to the Plan, the Disclosure Statement, the

Confirmation Order, the Plan Supplement, or any document related to the foregoing; […].

Debtor's Joint Plan, page 83-84, Section 11.1.

Under Section 10.5 of the Debtor's Joint Plan for Reorganization, the Movants are entitled to seek the intervention of the Court to "enforce the terms of the Plan, the Confirmation Order, *or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan*." Debtor's Joint Plan, Section 10.5 (emphasis added).

Here, the Movants are not asking the Court to adjudicate the merits of their claims. Movants are asking the Court to interpret and enforce the terms of the FVT Agreement, CRPs and Eligibility Criteria, all promulgated pursuant to the Plan, which require the Trust to apply state law in determining the eligibility of the Movants for compensation under the FVT. Movants are asking the Court to determine whether use of the Fire Perimeter Rules comports with the substantial factor standard for personal injury cases. Accordingly, the Court has jurisdiction to hear this matter and to grant the relief requested by the Movants. Additionally, if the Court agrees with the Movants that the application of the Fire Perimeter Rule to personal injury claims is not appropriate under the FVT Agreement, the CRPs and Eligibility Criteria for personal injury claims, the Court has jurisdiction under Section 11.1 of the Debtor's Joint Plan, as confirmed by this Court, to take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation, including ordering the Trustee to apply the appropriate criteria to the Movants claim for determining eligibility for compensation.

B. **Application of the Fire Perimeter Rule is Not in Accordance with the Claims Resolution Process.**

It is undisputed that the Trust Agreement authorizes the Claims Administrator and the Trustee "the power and obligation to evaluate, disallow, resolve, settle, and approve any and all Fire Victim Claims *in accordance with the CRP* without the need to seek the approval of the Bankruptcy Court for any action taken with respect to the determination of the Fire Victim Claims." Trust Agreement §2.3(b)(i) (emphasis added). Movants contend that the application of the Fire Perimeter Rule for determining eligibility for compensation under the FTV is not in

accordance with the CRP.  The CRP plainly states that claims will be adjudicated under California law, yet the Trust purportedly adopted a Fire Perimeter rule as a gating criterion for eligibility, when no such requirement exists under California law.  The prevailing law in California requires a showing that the subject fires were a substantial factor in causing the claimants' personal injuries.  There is no requirement under California law or even under published procedures under the FVT Agreement, or related documents, that claimants must first meet the requirements of the Fire Perimeter Rule for personal injury claims.   The Trustee's imposition of the Fire Perimeter Rule as a gating criterion before even reaching the "substantial factor" causation analysis is not consistent with California law, is not consistent with the published procedures for the evaluation of claims, and is not reasonable. In addition to imposing the unpublished Fire Perimeter Rule to personal injury matters, the Trustee also imposed upon the appeals process the unpublished policies/procedures of refusing to allow the parties to have a court reporter present to create a record of the expert testimony and relying upon expert consultants who were not privy to hours of expert testimony for determinations as to causation. The Trustee's pattern of adhering to unpublished policies and procedures disadvantages all claimants, including Movants, and is not consistent with the FVT Agreement and related documents.

### C. The Trust Fails to Cite to Any Specific Fire Perimeter Rule Relating to Personal Injury Claims

The Trust argues in its objection that the Movant's assertion that there is no mention of the fire perimeter rule within the Eligibility Criteria is "inaccurate" and that "[c]ontrary to the allegations in the Motion, the FVT Eligibility Criteria expressly reference the Fire Perimeter as a basis for denying *certain* claims.  Objection, page 10, paragraph 33 (emphasis added).   This is an overtly misleading statement.  While the Trust argues that the Fire Perimeter Rule is expressly referenced as a basis for denying *certain* claims, the Trust notably does not assert that the Fire Perimeter Rule is expressly referenced as a basis for denying *personal injury claims*, which are the types of claims submitted by the Movants.  This omission by the Trust is intentional because no such Fire Perimeter Rule is set forth in the Eligibility Criteria for personal injury claims.  The only mention of the Fire Perimeter Rule set forth in any of  Eligibility Criteria published by the

FVT is in on page 10, Section III of the Real Property and Personal Property Eligibility Criteria in the section addressing smoke and ash damage claim eligibility, which is not applicable to the Movants' claims for personal injury.

Also notably absent from the Trust's argument is any citation to the FVT Eligibility Criteria where the Fire Perimeter is expressly stated in relation to personal injury claims, again because no such requirement is enumerated in the Eligibility Criteria for personal injury claims. The reason for the omission is plain: a citation cannot be provided because the Fire Perimeter Rule is not set forth as a basis for denial of the personal injury claims. Accordingly, the Trust is applying to the evaluation of personal injury claims rules/policies/criteria that are not enumerated in the documents governing the determination of claims. The Movants therefore seek the Court's intervention to interpret the FVT Agreement, CRPs, Eligibility Criteria and the Plan to determine whether the use of the Fire Perimeter Rule is permissible under those documents and if it is not, the Movants seek an order directing the Trust to evaluate the Movants' claims in a manner that is consistent with the documents governing the determination of claims.

### D. The Trust's Argument That Causation Was Not Met Even Without the Fire Perimeter Rule is Disingenuous

The Trustee issued the Trustee's Final Determination for each of the Movants' claims on July 15, 2024. The Neutral evaluated voluminous documentary evidence of causation and heard six hours of expert testimony on the issue of whether the Fires caused the Movants' blindness. The Neutral's recommendation to the Trustee stated that the evidence as presented by the Movants could potentially be found by a jury to establish that the fires were a substantial factor in causing the Movant's injuries, but because the Movants were not within the fire perimeter, the Neutral recommended denying the claims. The Trustee adopted this recommendation. This flies in the face of the Trust's argument that even without the Fire Perimeter Rule, the Movants failed to establish causation. It is clear that the Fire Perimeter Rule played a significant role in the determination of the Movants' eligibility. Because the Fire Perimeter is not expressly listed as part of the Eligibility Criteria for personal injury claims, the Trust is not acting consistent with the terms of the FVT Agreement in determining the Movants' eligibility for compensation. The

mere fact that the issue has not been previously raised by any other claimants whose claims were denied due to the fire perimeter rule does not negate the fact that purported rule is not consistent with the express terms of the FVT Agreement and the confirmed Joint Plan.

### E. This Case is Distinguishable from the Relief Sought in Motion filed by Sayegh Brothers

The Trust argues that the Court has previously ruled in the Sayegh Brothers motion (Dkt. 14426 at 7:10-14) that California law governs the value of the types of claims asserted by Movants, but it does not dictate whether Movants' claims are compensable by the Trust, citing the Amended Order in the Sayegh Brothers Motion wherein the Court states "[w]hatever California law may fix as the amount of any claim…what must be paid on that claim in this federal proceeding governed by bankruptcy law and principals need not be the same." This is not applicable to the matter at hand.

The Movants' situation is distinguishable from the circumstances surrounding the Sayegh Brothers' Motion. The Sayegh Brothers sought determination of the applicability of certain rules <u>without the Court's approval</u> and only as they related to the determination of the amount of damages awarded to them. The Movants in this case are seeking the Court's assistance in interpreting the documents governing the FVT to determine whether the Trust properly denied the Movants' claims on the basis of a fire perimeter rule that is not stated anywhere in the applicable eligibility criteria for personal injury claims. Movants assert that the application of the Fire Perimeter Rule, which, notwithstanding Movants' repeated inquiries and requests for clarification, was not defined until it was discussed in the Trustee's Final Determination issued on July 15, 2024, is inconsistent with California law and with the documents governing the FVT.

### III. CONCLUSION

For the reasons set forth herein, the Trustee's objection should be overruled and the Movant's request for relief should be granted.

DATED: July 23, 2024                     DANKO MEREDITH

                                         _____
                                         MICHAEL DANKO
                                         Attorneys for Movants