# EXHIBIT B1

## 4/29/2024 Letters from Gerald Singleton Esq., Trust Oversight Committee

## $200M "Policy Limits Settlement"



591 Camino de la Reina, Suite 1025, San Diego, CA 92108
(619) 771-3473 | SingletonSchreiber.com

**PRIVILEGED/CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

April 29, 2024

Dear Clients,

We are writing to provide you with an update on a tentative settlement between third-party defendants Davey Tree Expert Company, Davey Tree Resource Group, Inc. and Davey Tree Surgery Company (collectively "Davey Tree"), the FVT and certain individual plaintiff.

## Proposed CONFIDENTIAL Settlement with Davey Tree

In October 2019 (immediately prior to statute of limitations expiring) four law firms, including ours, filed a complaint against Davey Tree for damages arising out of the North Bay Fires.

In January 2021, the FVT filed a complaint against Davey Tree. The FVT was able to do so this because, as part of the bankruptcy, all of PG&E's claims were transferred to the FVT. Accordingly, in filing this complaint, the FVT was essentially filing the claims that PG&E would have been able to file had it not declared bankruptcy. These cases were consolidated into a single action in San Francisco Superior Court.

Over the last several years, litigation has continued against Davey Tree in San Francisco Superior Court. The FVT has been spearheading the litigation efforts and, most recently, negotiated a tentative policy limits settlement with Davey Tree.

After extensive litigation, Davey Tree has agreed to pay its insurance policy limits to resolve all litigation against it. This poses a problem as the amount of Davey Tree's insurance is roughly $200 million; while this obviously is a lot of money, it is not enough to make a significant difference to the $14 billion trust. (To put it in context, $200 million is approximately 1.4% of the value of the Trust.) Per the Settlement Agreement, this approximately $200 million will not be disbursed until after all FVT claims have been paid.

As we have said, we believed that the result of the settlement with Davey Tree would be the same as the result of the other third-party settlements: that is, all of the money would go into the FVT and would be distributed to all plaintiffs on a pro rata basis.

In this particular settlement, however, the result was slightly different. While the vast majority of the funds recovered went to the FVT, as it had the largest claims, a small amount was allocated to each of the firms that filed suit, including our clients. The amount allocated to our group was $9,950,000 (gross), slightly less than 5% of the total amount of the settlement. As a reminder, this settlement is confidential and, as such, we must remind you not to discuss this settlement with anyone that is not your attorney.

Accordingly, we are writing the following letter to (1) advise you of your rights, and (2) obtain your informed consent as to how to proceed.

### What it means to have a "policy limits" settlement

Here, all of the various "Davey Tree" defendants against whom we filed suit submitted the claims to their insurance companies. Each defendant is insured by its own separate carrier, and each has a different amount of policy limits available. Accordingly, the most that each insurance company will pay to settle claims against its insured is the maximum amount that the insurance contract provides. The total amount of all of these policies is the aggregate "policy limits" of the case.

While it is possible to pursue claims against the third-party defendants in excess of the policy limits, we do not believe that makes sense in this case.

The amount of the damages will far exceed each company's ability to pay, and if we litigate the companies will seek to shift the blame to PG&E (which has declared bankruptcy and therefore cannot be forced to pay anything further).

Accordingly, all attorneys involved believe that the current, policy-limits settlement of roughly $200 million is the best thing for all plaintiffs (the FVT and the plaintiffs represented by the four individual firms).

### Participating in the Davey Tree Settlement

If you would like to participate in this settlement, you must sign and return the attached Release. You are not required to sign the attached Release, but if you do not sign and return the release, you will not be eligible to participate in the settlement.

While it is certainly your choice as to whether or not to participate in this settlement, we want to advise you that we believe it is in your best interest to do so as pursuing litigation against Davey Tree on an individual basis will be extremely costly and risky. Unfortunately, given the enormous amount of claimants and the extremely limited amount of money that is available to recover from, there simply is not enough money available to justify the costs of going forward with a trial against Davey Tree.

### Davey Tree Settlement Allocation

For those that elect to participate in the settlement, the funds will be allocated as follows:

***First***, rather than recover joint costs from your next pro rata payment, we will allocate these funds towards your percentage of global joint costs. Specifically, as you may recall, as part of our representation, our firm has been advancing costs on your behalf. This includes both individual costs (such as experts to establish individual damages) and joint costs incurred for the benefit of all of our clients (such as liability experts, depositions, bankruptcy costs, etc.). Under the fee agreement, these costs must be paid back at the conclusion of the case. Rather than collect these

out of the next pro rata payment—as we are doing with all other FVT clients—SSLLP will collect these funds from the Davey Tree settlement.

**To the extent you elect not to participate in the settlement, which, as we've said, is absolutely your right, you will be responsible for reimbursing our firm for these costs.**

*Second*, the remaining funds will be allocated to all eligible North Bay claimants on a pro rata basis calculated based on your damages. To assist with the allocation process, our firm will engage the assistance of an experienced Special Master.

### Disclaimer – Notification of Rights

Please understand that you are not compelled to agree to participate in this settlement. You have the absolute right to refuse to proceed with this settlement. **You also have the absolute right to consult with an attorney of your choosing, separate and apart from us, regarding this proposed settlement**.

### Conclusion

Please do not hesitate to contact us anytime if you have questions. You can contact any of our team members directly, email us at pgebksettlement@singletonschreiber.com, or contact our main line, (619) 771-3473, and we will put you in touch with the right team member.

Sincerely,

*Gerald Singleton*

Gerald Singleton

Encl: Authorization to enter settlement and for proposed disbursement