Mathew L. Tyler
550 Vallombrosa Ave # 6471
Chico, CA 95927
+1-262-757-8802
hi@tylerpresident.com
Petitioner

Clerk of the Court
Courtroom 17
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

**In re PG&E Corporation, et al.,**

**Debtors.**

**Case No. 19-30088 (DM)**

**Chapter 11**

**Respondent:** The Honorable Dennis Montali, United States Bankruptcy Judge

## PETITION FOR WRIT OF MANDAMUS

## RELIEF REQUESTED

Petitioner respectfully requests this Court to issue a Writ of Mandamus disqualifying Judge Dennis Montali from presiding over the above-captioned bankruptcy case pursuant to 28 U.S. Code § 455(a) and 28 U.S. Code § 455(b)(1), and ordering a retrial.

## STATEMENT OF FACTS

1. The 2018 "Camp Fire" happened from several federal and California agencies defrauding the government by not doing the job that they're paid to do;
   a) Agencies include: US Forest Service (USFS), National Park Service (NPS), Burearu of Land Management (BLM), California Department of Forestry and Fire Protection (CalFire), and California Public Utilities Commission (CPUC)
   b) Violations of law: California Public Resources Code § 714(a) and (d).
2. Every law enforcement agency that investigated the 2018 "Camp Fire" violated California Penal Code § 679.026(b) and California Penal Code § 679.026(c) by not telling the crime victims of their rights as required by law.
3. Petitioner is a crime victim of the 2018 "Camp Fire" as codified by California Constitution Article 1, section 28(e) and is a "creditor" in this matter; claim# 68827.

4. Petitioner was represented by George R. Corey, Michael S. Danko, and Eric Gibbs d/b/a Northern California Fire Lawyers ("NCFL").
5. The Debtor, PG&E, filed for Chapter 11 bankruptcy protection on January 29, 2019.
6. Judge Dennis Montali has been presiding over this case.
7. Petitioner contends that the Debtor is a commodity broker as defined by 11 U.S.C. § 101(6)[1], and as such, is prohibited from filing for Chapter 11 bankruptcy under 11 U.S.C. § 109(d).
   a) "futures commission merchant," 11 U.S.C. § 761(9)(A); and,
   b) "commodity options dealer," 11 U.S.C. § 761(6); and,
   c) "foreign futures commission merchant," 11 U.S.C. § 761(12)
8. Despite the statutory prohibition, "Judge" Montali has allowed Debtor to Chapter 11 previously before 2019, in 2001.
9. Despite this statutory prohibition, "Judge" Montali has allowed the case to proceed under Chapter 11.
10. By allowing Debtor, a commodity broker to Chapter 11 two different times, "Judge" Dennis Montali has demonstrated a personal bias for PG&E and a prejudice against Creditors / Crime victims.
11. Petitioner also contends that Petitioner received ineffective assistance of counsel, as their attorney failed to raise this issue and allowed the trial to proceed in violation of the law and against the instructions of Petitioner.
12. Petitioner further argues their counsel acted against their best interests, breached their contract, and violated California Rules of Professional Conduct, Rule 1.8.7.
    a) Verbatim from Petitioner and counsel's contract, "9. **AUTHORITY FOR ATTORNEYS TO ACT WITHOUT CLIENT'S EXPRESS CONSENT**. ATTORNEYS will not settle any portion of CLIENT's cause of action without CLIENT's authorization." Counsel settled Petitioner's cause of action WITHOUT Petitioner's authorization. Petitioner instructed counsel not to take settle for $6.75 billion dollar settlement with stock or to even allow Debtor to Chapter 11.
13. Petitioner states:
    a) Counsel (NCFL) is currently withholding 40%~ of Petitioner's monies, demanding that Petitioner commit fraud by stating in a legal contract, Petitioner has been made-whole when Petitioner hasn't been and requiring Petitioner to waive any and all rights against counsel whilst agreeing to be liable for costs and fees of defending counsel, if counsel is sued by anyone before Petitioner receives the remainder of monies owed; and,
    b) Counsel (NCFL) being bankruptcy petition preparers as codified by 11 U.S.C. § 110(a)(1), has violated 11 U.S.C. § 110(g) by charging and collecting "...filing fees, bankruptcy court-related fees, and expert costs..."[2] from Petitioner when any such monies are owed by Debtor pursuant to 28 U.S.C. § 1930(a) thereby violating 11 U.S.C. § 110(h)(3)(B); and,
    c) Counsel (NCFL) knew Petitioner has an income equal or less than 150 percent of the income official poverty line, Petitioner is exempt from fees pursuant to 28 U.S. Code § 1930(f)(1).
14. Violation of 11 U.S.C. § 1104(a)
15. Violation of 11 U.S.C. § 1104(c)

---

[1] * Page 31: "PG&E bought and sold physical natural gas on the Intercontinental Exchange (ICE) and the ICE Natural Gas Exchange (NGX) physical clearing service. ICE is an electronic system that matches buyers and sellers of natural gas products. Once buyer and seller are matched, ICE trades become bilateral trades. ICE/NGX trades are cleared by NGX rather than bilaterally. Transactions include forward transactions with deliveries starting within the next quarter and up to one quarter in duration, monthly, BOM, day-ahead, and same-day." https://www.pge.com/rates/tariffs/tm2/pdf/ELEC_3709-E.pdf

[2] NCFL Steve Lopez email from December 29, 2023 @ 09:59AM (attached)

16. Despite a history and pattern of blatant wanton and wilful conduct by Debtor, failure of the United States trustee to move for a trustee, 11 U.S.C. § 1104(e)
17. "Judge" Montali violated California Constitution Article 1, § 28(b)(13)(B) by failing to order restitution for all crimes victims as constitutionally required.
18. "Judge" Montali violated California Constitution Article 1, § 28(b)(13)(C) by failing to pay crime victims first as constitutionally required.
19. "Judge" Montali's actions constitute a violation of 18 U.S.C. § 242. As "Judge" Montali likely wasn't acting alone or on their own accord, a violation of 18 U.S.C. § 241 would likely be appropreiate too.
20. Petitioner is a recipient of: benefits, services, privileges, and programs actively provided or administered by the United States. "Judge" Montali's actions are interfering with Petitioner participating in and enjoying benefits, services, privileges, and programs actively provided or administered by the United States, violating 18 U.S.C. § 245(b)(1)(B)
21. "Judge" Montali's actions are interfering with Petitioner participating in or enjoying the benefits of any program or activity receiving Federal financial assistance, violating 18 U.S.C. § 245(b)(1)(E)
22. "Judge" Montali's actions constitute a violation of Petitioner's "due process" and equal protection rights afforded by the US Constitution.

## ARGUMENT

### I. MANDAMUS IS THE APPROPRIATE REMEDY

A Writ of Mandamus is an extraordinary remedy, but it is appropriate in this case where the judge has exceeded his jurisdiction and there is no other adequate remedy available. In this case, Judge Montali's failure to disqualify the Debtor from Chapter 11 protection based on the clear language of 11 U.S.C. § 109(d) represents a clear abuse of discretion, an act in excess of his judicial authority, and necessitates disqualification of the judge from further proceedings in this case. The error is fundamental, affecting the entire legitimacy of the case process.

In **In re Leslie Fay Cos.**, 168 B.R. 581 (S.D.N.Y. 1994), the court addressed disqualification due to fundamental procedural errors. The same principle applies here, as Judge Montali's action undermines statutory requirements and affect the entire legitimacy of the case process.

### II. THE DEBTOR IS A COMMODITY BROKER AND CANNOT FILE FOR CHAPTER 11

Under 11 U.S.C. § 101(6), a commodity broker is defined as a "futures commission merchant, foreign futures commission merchant, clearing organization, leverage transaction merchant, or commodity options dealer." The Debtor's activities fall within this definition. Furthermore, 11 U.S.C. § 109(d) explicitly states that a commodity broker cannot be a debtor under Chapter 11.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's counsel failed to raise the issue of the Debtor's ineligibility for Chapter 11, thereby depriving Petitioner of a fair trial. This constitutes ineffective assistance of counsel and warrants a new trial. Additionally, the counsel's actions in proceeding with the trial despite the legal prohibition constitute a breach of contract and a violation of California Rules of Professional Conduct, Rule 1.8.7.

### IV. FRUIT OF THE POISONOUS TREE

The entire bankruptcy proceeding is tainted by the initial illegal filing and the subsequent failure of the court to recognize and rectify this error. This is akin to the legal doctrine of the "fruit of the poisonous tree," where evidence obtained illegally is inadmissible in court. In this case, the entire proceeding is the "fruit" of the initial illegal filing.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court issue a Writ of Mandamus disqualifying "Judge" Dennis Montali from this case, ordering a retrial, and granting any other relief deemed just and equitable.

Dated: August 6, 2024

Respectfully submitted,

*/s/ Mathew Tyler*

Mathew Tyler, Petitioner
550 Vallombrosa Ave # 6471, Chico, CA 95927

**CERTIFICATE OF SERVICE**

I hereby certify that on August ___, 2024, a true and correct copy of the foregoing Petition for Writ of Mandamus was served upon the Court via hand delivering to court clerk.

Mathew Tyler

**APPLICABLE CASES AND LAWS**
- **11 U.S.C. § 101(6):** Definition of commodity broker
- **11 U.S.C. § 109(d):** Eligibility for Chapter 11
- **California Rules of Professional Conduct, Rule 1.8.7:** Conflicts of interest
- **Strickland v. Washington, 466 U.S. 668 (1984):** Ineffective assistance of counsel
- **Wong Sun v. United States, 371 U.S. 471 (1963):** Fruit of the poisonous tree

 Gmail                                                                              Mathew Tyler

# Determination Offer

**Steve Lopez** <sal@classlawgroup.com>                                         Fri, Dec 29, 2023 at 9:59 AM
To: Mathew Tyler
Cc: NorCal Fire Lawyers <contact@mail.norcalfirelawyers.com>, "alr@coreylaw.com" <alr@coreylaw.com>, "grc@coreylaw.com" <grc@coreylaw.com>

Mathew,

Section 2 of the representation agreement discusses costs (meaning out-of-pocket costs) as separate from attorney's fees. With respect to Epiq, their services are needed so that funds can be disbursed to your special needs trust without affecting the needs-based benefits that you receive.

$14.10 of the remaining costs are joint costs (or common costs). Basically there are certain costs needed to prosecute the case that are incorporated in this amount that are shared among clients. This can include things like filing fees, bankruptcy court-related fees, and expert costs (related to showing PG&E started the fire).

There is $50 that it appears you were mistakenly charged as part of the shared cost of an appraisal for your home. I will have Epiq send you a check for the $50 and we are not going to charge any other family members for that $50.

Not sure about the invoice date.

Steve Lopez | Attorney

he/him

**GIBBS LAW GROUP LLP**

1111 Broadway, Suite 2100

Oakland, California 94607

Phone: (510) 350-9712 (Direct)

Fax: (510) 350-9701

sal@classlawgroup.com
www.classlawgroup.com

Confidential Attachment H. PG&E Core Gas Supply conducts its auctions with many other market participants; any transactions with PG&E Electric Fuels Management are conducted at arm's length.

- <u>Electronic Exchanges - Commodity Purchases/Sales</u> – PG&E bought and sold physical natural gas on the Intercontinental Exchange (ICE) and the ICE Natural Gas Exchange (NGX) physical clearing service. ICE is an electronic system that matches buyers and sellers of natural gas products. Once buyer and seller are matched, ICE trades become bilateral trades. ICE/NGX trades are cleared by NGX rather than bilaterally. Transactions include forward transactions with deliveries starting within the next quarter and up to one quarter in duration, monthly, BOM, day-ahead, and same-day.

- <u>Electronic Exchanges - Gas Hedges</u> – PG&E executed hedges (swaps and options) directly on the ICE and cleared through the ICE Clear Europe clearinghouse. ICE provides access to anonymous bids and offers establishing both a liquid and robust market for financial products, and a benchmark for bilateral products. These products include Henry Hub swaps and options, and basis swaps against the industry benchmark indices, including Canadian Gas Price Reporter (CGPR), Gas Daily, Natural Gas Intelligence (NGI) and Inside FERC.

- <u>Bilateral - Commodity Purchases/Sales</u> – PG&E buys and sells some gas directly with counterparties in the bilateral market. Day-ahead gas is traded at fixed prices and Gas Daily index. Term gas (BOM and longer) is purchased at fixed prices, daily index (Gas Daily) or bidweek index (CGPR, NGI, and Inside FERC).

- <u>Bilateral - Gas Hedges</u> – PG&E executes hedges in the bilateral gas market for natural gas options and clears those trades through the NYMEX Clearport clearinghouse. PG&E calculates the live market value of the options using an option pricing tool offered by SuperDerivatives, Inc. (www.superderivatives.com). PG&E then uses a competitive process to solicit offers directly from several