Signed and Filed: August 12, 2024



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
Entered on Docket
August 12, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER DENYING PETITION FOR WRIT OF MANDAMUS**

On August 7, 2024, Mathew L. Tyler filed a Petition for Writ of Mandamus (Dkt. 14566). In that petition, Mr. Tyler seeks to disqualify this judge from presiding over the present bankruptcy case involving the above debtors. Mr. Tyler cites 28 U.S.C. § 455(a) and (b) as authority for his request. While a petition for a writ of mandamus is not the appropriate remedy to disqualify a bankruptcy judge, Section 455 is the correct

-1-

statutory authority to seek that relief.  Accordingly, the court will treat the petition as a motion to disqualify.

The principal argument presented in the petition to disqualify turns on his contention that debtor (presumably Pacific Gas and Electric Company, the utility), is a commodity broker as defined in 11 U.S.C. § 101(6) and as such is prohibited from filing chapter 11 under 11 U.S.C. § 109(d)).

Mr. Tyler's complaint about the presiding judge is that he previously presided over debtor's prior chapter 11 in 2001 and the present one in 2019.  Also that he allowed the case to proceed under chapter 11.  In doing so, Mr. Tyler alleges that the judge "demonstrated a personal bias for PG&E and prejudice against Creditors/Crime Victims."  There are no specific instances cited that support the bias allegations.

Apart from complaining about debtors' qualification to file chapter 11, Mr. Tyler cites the California Constitution and several provisions of Title 18, Crimes and Criminal Procedure, pertaining to his contention that the presiding judge failed to order restitution for crime victims, that he was not alone in acting, and that he also violated Mr. Tyler's due process and equal protection rights afforded by the United States Constitution.  There are no specifics or cited authority for this court to do anything for him here either.

Also in the petition, Mr. Tyler complains about conduct by his counsel, citing no authority for this court to do anything about those concerns.  His remedy, if there is one, is elsewhere, not the bankruptcy court.

Because there is a dearth of factual allegations supporting disqualification, this court sees no basis to recuse from this case.

As for the eligibility of Pacific Gas and Electric Company or its parent, PG&E Corporation, there has been no suggestion throughout the five and a half years of this case by the United States Trustee, any secured creditor group, any wildfire victim group, any securities fraud group, or any other party in interest that either of the debtors is disqualified as a commodity broker. Mr. Tyler's contention is novel but unsupported. His only citation is one page extracted from a 2010 Quarterly Procurement Transaction Compliance Report presumably filed by Pacific Gas and Electric Company. It makes some reference to commodity purchases and the like, but nowhere is there reason to suspect that a highly regulated public utility would at the same time be a commodity broker under any normal or reasonable definition. That is even more the case for its publicly owned holding company. More importantly, even if there was any merit to that contention, the matter has long ago been waived as statutory eligibility is not a jurisdictional matter, but rather a waivable contention. *See in re Mendez*, 367 B.R. 109, 116 (B.A.P. 9th Cir. 2007) (issue was eligibility under 11 U.S.C. § 109(h) specifically, but discussion references eligibility under § 109 generally, all concluding that eligibility is not jurisdictional and thus waivable); *In re Wenberg*, 94 B.R. 631, 636-37, aff'd, 902 F.2d 768 (9th Cir. 1990) (concluding that eligibility under § 109 is not jurisdictional).

Case: 19-30088    Doc# 14570    Filed: 08/12/24    Entered: 08/12/24 16:07:46    Page 3 of 5

For the foregoing reasons, the Petition for Writ of Mandamus is DENIED.

**END OF ORDER**

COURT SERVICE LIST

Mathew L. Tyler
550 Vallombrosa Ave #6471
Chico, CA 95927