Entered on Docket
August 16, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: August 16, 2024**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

PG&E CORPORATION,

 - and -

PACIFIC GAS AND ELECTRIC COMPANY,

  Reorganized Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and
   Electric Company
☒ Affects both Debtors

* All papers shall be filed in the Lead Case, No. 19-30088 (DM).

Bankruptcy Case No. 19-30088-DM

Chapter 11

Jointly Administered

**ORDER DENYING MOTION TO STAY PROCEEDINGS RE DISPUTED CLAIMS UNDER THE FIRE VICTIM TRUST AGREEMENT AND REVIEW OF FVT INTERPRETATION OF PLAN LANGUAGE**

The court has reviewed critical portions of the sealed and unsealed submissions relating to the Fire Victim Trustee's final determinations adverse to four claimants.[1] As discussed at the hearing on July 30, 2024, the record as of that date did not

---

[1] The documents include, *inter alia,* Dkt Nos. 14491, 14492, 14533, 14549, 14556-1 & 14560

-1-

include even a hint of the reasoning of the Trustee in her Final Determination disallowing the claims of those claimants. Now it does, and thus permits the court to reach the conclusion reached here.

During the oral argument, counsel for the claimants confirmed that the only issue before the court was the Trustee's application of the fire perimeter rule.[2] That rule, she argued, was the reason why their claims for personal injury claims based on wildfire smoke had been denied. She complained that the fire perimeter rule was a gating issue, and that if the court agreed and disallowed application of that rule, the claimants would then need to return to the Trustee for merits determinations of their particular personal injury claims.

The court complained that the record then presented did not permit it to understand the basis for that conclusion. Counsel for the Trustee reiterated the very firm and established policy prohibiting any judicial review of such determinations, but agreed, along with claimants' counsel that more of what he called the "fulsome" record would be submitted.

The court has now reviewed enough of that record before the Trustee to conclude that the fire perimeter rule was not such a gating issue, and that the record did in fact include four separate *de novo* merits reviews of the four claimants' particular situations by the Trustee herself.

---

[2] In short, the fire perimeter rule imposes geographical limits on claims based upon distances from the particular wildfire that caused the injury.

-2-

In the record as now presented, it is clear that claimants' counsel's contention that the Trustee only dealt with a gating issue, and not the merits, was incorrect and misleading. Their claims were considered on the merits, and the fire perimeter rule was not dispositive.

For the foregoing reasons, the court will not delve into the difficult issue of whether it can second-guess the Trustee's application of the fire perimeter rule, because to do so would serve no purpose other than to render a meaningless advisory opinion. The Motion to Stay Proceedings Re Disputed Claims Under the Fire Victim Trust Agreement & Review of FVT Interpretation of Plan Language (Dkt. 14491) is DENIED.

**END OF ORDER**