| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: (212) 310-8000<br>Fax: (212) 310-8007<br><br>**KELLER BENVENUTTI KIM LLP**<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>David A. Taylor (#247433)<br>(dtaylor@kbkllp.com)<br>Thomas B. Rupp (#278041)<br>(trupp@kbkllp.com)<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 | **LATHAM & WATKINS LLP**<br>Joshua G. Hamilton (#199610)<br>(joshua.hamilton@lw.com)<br>Michael J. Reiss (#275021)<br>(michael.reiss@lw.com)<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>Tel: 424 653 5500<br><br>**LATHAM & WATKINS LLP**<br>James E. Brandt (*pro hac vice*)<br>(james.brandt@lw.com)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212 906 1200 |

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AND MOTION FOR LEAVE TO APPEAL** |

PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E") file this unopposed motion asking this Court to extend the time within which PG&E may file a notice of appeal and motion for leave to appeal with respect to this Court's September 19, 2024, orders overruling in part and sustaining in part the Thirty-Third and Thirty-Fourth Omnibus Claims Objections. Dkt. Nos. 14594, 14595 (together, the "September 19 Orders"). Any notice of appeal (and any accompanying motion for leave to appeal) is currently due by October 3, 2024. PG&E respectfully requests that the time within which to file the notice of appeal be extended by 21 days, to October 24, 2024. Counsel for Lead Plaintiff PERA and the RKS Claimants have informed PG&E that they do not oppose PG&E's request.

A proposed order granting the relief requested herein has been submitted concurrently with this motion.

## ARGUMENT

On September 19, 2024, this Court entered two orders. The first order [Dkt. No. 14594], overruled in part and sustained in part PG&E's Thirty-Third Securities Claim Omnibus Objection [Dkt. No. 14200]. The second order [Dkt. No. 14595] overruled in part and sustained in part PG&E's Thirty-Fourth Securities Claim Omnibus Objection [Dkt. No. 14203]. By default, any notice of appeal from the September 19 Orders is due by October 3, 2024. Fed. R. Bank. P. 8002(a), 8004(a)(1) (deadline for notice of appeal from interlocutory order is governed by Rule 8002). The deadline for filing a motion for leave to appeal is tied to the deadline for filing the notice of appeal. Fed. R Bank. P. Rule 8004(a) (notice of appeal "must be accompanied by a motion for leave to appeal").

Save for exceptions not applicable here, "upon a party's motion," a bankruptcy court "may extend the time to file a notice of appeal" by up to 21 days. *Id.* 8002(d). Here, granting PG&E's unopposed request for a 21-day extension is reasonable and would not lead to any prejudice or undue delay. A 21-day extension would allow PG&E's counsel to more fully consider, research, and develop the merits of a request for leave to file an interlocutory appeal. *See In re Betacom of Phoenix, Inc.*, 250 B.R. 376, 381 (B.A.P. 9th Cir. 2000) (a desire "to conduct research into the merits of a possible appeal" is a "proper purpose" for an extension request). A short extension will not "unduly delay the administration of the bankruptcy case," *id.*, especially considering that PG&E stipulated (and the Court

ordered) that PG&E "will not seek a stay of . . . discovery-related deadlines . . . on the basis of a pending appeal," Dkt. 13934-1 ¶ 10(a). Moreover, PERA and the RKS Claimants will not be adversely affected by an extension; they have communicated that they do not oppose PG&E's request for an extension.[1] Finally, denying PG&E's extension request could potentially harm PG&E by adversely affecting its ability to properly consider, research, and develop the issues and explain to the district court why an interlocutory appeal is warranted under 28 U.S.C. § 158(a)(2).

Accordingly, this Court should grant PG&E's request for an extension.

Dated: September 26, 2024

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**
**LATHAM & WATKINS LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Joshua G. Hamilton*
　　　Joshua G. Hamilton

*Attorneys for Debtors and Reorganized Debtors*

---

[1] Counsel for PERA conditioned PERA's non-opposition on PG&E's agreement not to oppose PERA having reciprocal time to oppose PG&E's motion for leave to appeal, should PG&E file such a motion. PG&E agrees to that condition.