WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STATUS REPORT REGARDING SECURITIES CLAIMS RESOLUTION**<br><br>**[Related to Docket No. 14593]**<br><br>[No hearing required] |

In accordance with the Court's September 18, 2024 *Memorandum Decision On Thirty-Third And Thirty-Fourth Securities Omnibus Claims Objections* [Dkt. No. 14593], PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E,**" the "**Debtors,**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Status Report regarding their considerable progress in resolving securities claims.

The Reorganized Debtors' June 21, 2024 *Status Report Regarding Securities Claims Resolution And In Response To May 30, 2024 Memorandum* [Dkt. No. 14500] (the "**June 21 Status Report**") demonstrated that the Securities ADR Procedures adopted by the Court have worked exceedingly well to resolve the securities claims. The Reorganized Debtors reported that more than 93% of the securities claims had been resolved and that all of the largest potential claims not represented by Rolnick Kramer Sadighi LLP ("**RKS**" and the "**RKS Claimants**") had been resolved.[1] Since the June 21 Status Report was filed, the Reorganized Debtors have continued to settle claims:

- There are now only 586 unresolved securities claims (8,976 total claims less 8,390 resolved claims).
- Of the 586 unresolved securities claims, 479 are claims brought by RKS Claimants.
- There are now **only 107 unresolved non-RKS securities claims**.

The most important metric, however, is the number of unique claimants or groups of claimants that have filed proofs of claim whose claims remain unresolved. Thus, while there are 107 unresolved non-RKS proofs of claim, there are now **only 27 unique non-RKS Claimants or claimant groups remaining**.[2]

Additionally, 15 of these 27 claimant groups are represented by three law firms: five claimants are the PERA plaintiffs themselves; five claimants are represented by Bernstein Litowitz Berger & Grossman LLP; and five claimants are represented by BLA Schwartz PC. **Outside of these 3 groupings of claimants, there are only 12 unique non-RKS Claimants whose claims remain unresolved**. As

---

[1] This Status Report treats settlements as resolved claims where agreements have been reached, but the settlement documents have not yet been executed.

[2] One of these 27 claimant groups is responsible for more than half of those 107 unresolved claims, having filed 57 proofs of claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

discussed in the June 21 Status Report, the Reorganized Debtors continue to engage in settlement discussions (both in and outside of mediation) to resolve the few remaining non-RKS claims.

The Reorganized Debtors have also continued to make progress in resolving the claims of the RKS Claimants. There are now only 59 RKS Claimants or groups of affiliated claimants who have 479 unresolved RKS proofs of claims. The Reorganized Debtors and RKS also continue to have discussions to resolve securities claims. The resolution of those claims will be coordinated through and with RKS.

The 27 remaining unresolved non-RKS Claimants, as noted above, fall into 4 buckets.

- The claims of the five (5) PERA claimants.[3]
- The claims of the five (5) claimants represented by Bernstein Litowitz.
- The claims of the five (5) claimants represented by BLA Schwartz.
- Negotiations to resolve claims are ongoing with many of the remaining twelve (12) non-RKS claimants with unresolved claims. Of these 12 claimants, only six (6) have sought to adopt the PERA complaint, and only two (2) of those 12 claimants sought to adopt the PERA complaint in a timely fashion, according to this Court's schedule.

In short, there are very few remaining claimants and almost all are grouped such that the remaining claims can be easily coordinated and litigated, if necessary. We note that in *PERA's Response To The Court's Memorandum of May 30, 2024* [Dkt. No. 14497], it asserted that "107 claims have opted to align themselves with PERA." *Id.* at 1. Putting aside that PERA's intentionally chosen language attempts to obscure that PERA's counsel does not represent and has never represented the claimants that hold these claims, almost all of those 107 claims have been settled directly with the claimants. Of the "21 claims identified on Exhibit A to the Stipulation Regarding Motion of Lead Plaintiff Pursuant to B.L.R. 9006-1 to Extend Time to File Response to Certain Claim Objections" (*id.*), the Reorganized Debtors have resolved 17. Similarly, of the "82 claims [] listed in Exhibit A ('Claims to Be Disallowed and Expunged') to Reorganized Debtors' Thirty-Third Securities Omnibus Claims Objection to PERA

---

[3] The District Court referred the District Court action brought by PERA against the Debtors' former D&Os and underwriters to a mediator, Judge Margaret Morrow. A mediation session was held and the mediation process is continuing.

and Securities Act Plaintiffs' TAC" (*id.*), the Reorganized Debtors have resolved 53. Thus, of the 27 non-RKS claimants who have unresolved claims, only sixteen (16) have adopted or sought to adopt the PERA complaint – and 5 of those are the PERA claimants themselves.

As discussed in the June 21 Status Report, the Reorganized Debtors intend to file additional claim objections, but only if the Reorganized Debtors are unable to resolve the claims of the small handful of claimants who are not already subject to an omnibus objection, the exact number of which will depend on the success of ongoing mediations and settlement negotiations.

As also discussed in the June 21 Status Report, it is obvious and evident based on the small handful of claimants with unresolved claims remaining that a class should not and could not be certified here. The Securities ADR Procedures have proven to be an effective tool to resolve claims and the small number of claimants whose claims remain outstanding are largely grouped and represented by counsel. There are now fewer than 10 claimants with unresolved claims who are not represented by counsel.

Dated: October 15, 2024

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Richard W. Slack*
Richard W. Slack
*Attorneys for Debtors and Reorganized Debtors*