# EXHIBIT A

### (Claimants' Proposed Schedule)

## *In re PG&E Corp.*, Case No. 19-30088-DM

## RKS & PERA CLAIMANTS' JOINT PROPOSED SECURITIES CLAIMS RESOLUTION PLAN

Pursuant to the Court's September 18, 2024 Memorandum Decision on Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections, and in order to facilitate a good-faith meet-and-confer process regarding discovery relating to the unresolved securities claims, the RKS Claimants & the PERA Claimants present a joint proposal regarding a securities claims resolution plan. The RKS Claimants & PERA Claimants plan would proceed in two phases, with the first phase resolving substantive issues applicable to *all* claims submitted by remaining securities claimants, and the second phase addressing substantive individual claimant issues to the extent necessary following phase one.

### Discovery

### Phase I – Common Issues of Liability

The primary goal of this process must be efficiency. For example, Phase I of the Claimants' joint plan would address those issues that can be litigated common to all securities fraud claimants – falsity, scienter, loss causation, fraud on the market/market efficiency/presumption of reliance, and per share damages. With the benefit of PG&E's proposal we propose the following compromise schedule for Phase I:

- **Debtor Initial Disclosures & Claimant Service of "Prior Productions" Document Request** – November 14, 2024.[1]

---

[1] Claimants shall serve a "Prior Productions" request for documents limited to documents produced in these proceedings and related matters such as the Camp Fire Grand Jury and *In re Cal. N. Bay Fire Derivative Litig.*, No. CGC-17-562591 (Super. Ct. San Francisco Cty.)

1

- **All Other Written Discovery to Debtor** – November 21, 2024 (responses in the normal course)
- **Debtor to Produce Prior Productions** – December 4, 2024.
- **Substantial Completion of Document Production** – January 31, 2025
- **Fact Discovery Completion** – May 16, 2025
- **Affirmative Expert Reports** – June 27, 2025
- **Rebuttal Expert Reports** – July 30, 2025
- **Reply Expert Reports** – August 29, 2025
- **Expert Discovery Completion** – October 3, 2025
- **Parties to be Allowed to Move the Above Dates by Written Agreement**
- **PG&E may make new omnibus objections, limited to the original omnibus objection grounds, until the close of fact discovery.**
- **Evidentiary Hearing** – Set by the Court by Order for a date in December 2025.

**Phase II – Individual Reliance, Individual Damages Issues**

Phase II of the Claimants' joint plan would address any individual claimant issues, including any individual reliance and individual damages issues. The date of commencement for Phase II will depend on the timing of the Court's issuance of a decision on the issues addressed in Phase I. Following the issuance of a decision, the RKS Claimants propose the following:

- **Initial Conference re: Phase II** – TBD by the Court
- **Written Discovery to Claimants** – Two weeks after initial conference
- **Written Responses to Debtor** – 30 days after receipt of written discovery
- **Substantial Completion of Document Production** – 60 days after service of written responses

- **Completion of Discovery** – 120 days after substantial completion

- **Parties to be Allowed to Move the Above Dates by Written Agreement**

- **Evidentiary Hearings** – No later than September 2026.

### Ability to Use Discovery in Other Actions

- The RKS Claimants, including Orbis, will commit that witnesses will not be deposed more than once in their respective actions, absent good cause, including with respect to the Orbis District Court Action. Discovery produced in the Bankruptcy Cases can be used in the Orbis District Court Action only if the District Court Defendants file an Answer to the Orbis District Court Action. RKS Claimants and the parties in their respective proceedings shall enter into an agreement or protective order to memorialize this agreement.

- PERA does not agree to the terms of this agreement, and any such agreement reached by the RKS claimants and Debtors or the Defendants in the Orbis District Court Action, or any third parties with which they engage in discovery, in no way limits PERA's ability to conduct discovery in either the bankruptcy proceedings or the District Court action. PERA respectfully submits that it is for Judge Montali to decide what discovery may be taken or used in the District Court action. PERA reserves all rights as to this point.

### Class Certification

- PERA Claimants may elect to file a motion to certify a bankruptcy class.

- The motion may not delay any other discovery in the matter.

- **Class Certification Motion**: December 23, 2024

- **Class Certification Opposition Brief**: February 6, 2025

- **Class Certification Reply Brief**: March 22, 2025

### Other Contemplated Motions

This is a claims allowance process and/or a contested matter. Given that Judge Montali is both overseeing this matter and acts as the finder of fact, Claimants see no need for interim motion practice.

3

The schedule above does not contemplate motions, but instead contemplates an evidentiary hearing at the end of Phase I to decide issues (either agreed to by the parties, or as determined by the Judge), such as falsity, scienter, loss causation, fraud on the market/market efficiency/presumption of reliance, and per share damages for the fraud-based claims; and falsity for the negligence based claims.

## Mediation

The RKS Claimants and PG&E see no reason to tie mediation of their claims, if useful, to any other mediation. The PERA Claimants and the District Court Class Action defendants are engaged in a mediation.