| | |
|---|---|
| 1 | **LABATON KELLER SUCHAROW LLP** |
| | Thomas A. Dubbs (*pro hac vice*) |
| 2 | Michael P. Canty (*pro hac vice*) |
| | Carol C. Villegas (*pro hac vice*) |
| 3 | Thomas G. Hoffman, Jr. (*pro hac vice*) |
| | 140 Broadway |
| 4 | New York, New York 10005 |

**LABATON KELLER SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005

*Lead Counsel to Securities Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill (*pro hac vice*)
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

*(additional counsel listed in Exhibit A)*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) (Lead Case) |
| | Chapter 11 |
| PG&E CORPORATION | (Jointly Administered) |
| - and - | **STATEMENT IN SUPPORT OF THE** |
| PACIFIC GAS AND ELECTRIC COMPANY, | **CASE SCHEDULE JOINTLY PROPOSED** |
| | **BY PERA AND THE RKS CLAIMANTS** |
| Debtors. | |
| ☒ Affects Both Debtors | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |

Pursuant to the Court's September 18, 2024 Memorandum Decision on Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections, PERA and the RKS Claimants ("Claimants") present the below joint proposal for a securities claims resolution plan. Claimants' plan would proceed in two phases, with Phase I resolving substantive issues applicable to *all* remaining securities claims, and Phase II addressing substantive individual claimant issues to the extent necessary following Phase I, as set forth below.

Claimants' proposed schedule promotes efficiency throughout. <u>First</u>, Claimants' schedule is phased. Reorganized Debtors cannot reasonably dispute that there are issues common to all remaining securities claimants, or, at worst, common to significant subsets of claimants. Those issues can and should proceed first.[1] On the other hand, there remain *hundreds* of claims outstanding (and even if grouped in the manner Reorganized Debtors prefer, nearly 100 claimant "groups"). Reorganized Debtors propose that this Court effectively oversee hundreds of separate, ongoing litigations – in the form of an MDL – including inevitable discovery disputes on behalf of subsets of claimants (or even a single claim) – rather than phase the approach. Further, they ignore that in a phased approach all discovery of Reorganized Debtors is *done* in Phase I.

<u>Second</u>, Claimants' schedule does not call for summary judgment motions nor introduce the unnecessary delay of such motions. There is no jury in this claim allowance process. This Court acts as the finder of fact and has already been presented with not only hundreds of pages of briefing, but also thousands of pages of additional documents put into the record by Reorganized Debtors on its sufficiency objections. By the end of Phase I, the parties can and should move directly to an

---

[1] Reorganized Debtors should welcome this approach, not condemn it, on the basis of efficiency. It has been Reorganized Debtors' position, as recently as its filing of a motion for leave to appeal this Court's order on the sufficiency objection on October 24, 2024, that Claimants' claims fail on "virtually identical grounds" to the grounds raised in the objections, and the District Court motions to dismiss – which include arguments on falsity, scienter, loss causation, and damages. If Reorganized Debtors succeed in Phase I – a Phase which explicitly does *not* require dozens of trials – then Phase II never occurs.

evidentiary hearing before this Court and the common issues can be decided by this Court on a full record.  If this Court desires specific briefing, such as pre-hearing or post-hearing, it can of course order it.  Summary judgment is inefficient and unnecessary.

_Third_, Claimants schedule is efficient with the time allotted.  The RKS Claimants agreed to a discovery schedule of at least nine months for fact discovery and three months for expert discovery.  Claimants' schedule splits that time, appropriately, between Phase I and Phase II, ultimately providing for an evidentiary hearing in Phase I in December 2025 – more than a year for just Phase I.  For Phase II, Claimants provide for a hearing in September _**2026**_ – and thus a total discovery timeline of nearly 23 months – almost double the "at least" twelve months agreed to.  Claimants schedule is far more efficient than Reorganized Debtors' proposed schedule with the time allotted – in particular, by eliminating the unnecessary summary judgment motions.  Conversely, Reorganized Debtors' proposal would allow them to delay completing production of documents _**they have already produced**_ in closely related matters until June 18, 2025.

Claimants respectfully submit the below schedule for the Court's consideration.

### Claimants' Joint Proposed Schedule

**Phase I – Common Issues of Liability**

The primary goal of this process must be efficiency.  For example, Phase I of Claimants' joint plan would address those issues that can be litigated common to all securities claimants – falsity, scienter, loss causation, fraud on the market/market efficiency/presumption of reliance, and per share damages for the fraud-based claims; and falsity for the negligence-based claims:

- **Debtor Initial Disclosures & Claimant Service of "Prior Productions" Document Request** – November 14, 2024.[2]

---

[2] Claimants shall serve a "Prior Productions" request for documents limited to documents produced in these proceedings and related matters such as the Camp Fire Grand Jury and _In re Cal. N. Bay Fire Derivative Litig._, No. CGC-17-562591 (Super. Ct. San Francisco Cty.).

- **All Other Written Discovery to Debtor** – November 21, 2024 (responses in the normal course)

- **Debtor to Produce Prior Productions** – December 4, 2024.

- **Substantial Completion of Document Production** – January 31, 2025

- **Fact Discovery Completion** – May 16, 2025

- **Affirmative Expert Reports**– June 27, 2025

- **Rebuttal Expert Reports** – July 30, 2025

- **Reply Expert Reports** – August 29, 2025

- **Expert Discovery Completion** – October 3, 2025

- **Parties to be Allowed to Move the Above Dates by Written Agreement**

- **Reorganized Debtors may make new omnibus objections, limited to the original omnibus objection grounds, until the close of fact discovery.**

- **Evidentiary Hearing** – Set by the Court by Order for a date in December 2025.

**Phase II – Individual Reliance, Individual Damages Issues**

Phase II of Claimants' joint plan would address any individual claimant issues, including any individual reliance and individual damages issues. The date of commencement for Phase II will depend on the timing of the Court's issuance of a decision on the issues addressed in Phase I:

- **Initial Conference re: Phase II** – TBD by the Court

- **Written Discovery to Claimants** – Two weeks after initial conference

- **Written Responses to Debtor** – 30 days after receipt of written discovery

- **Substantial Completion of Document Production** – 60 days after service of written responses

- **Completion of Discovery** – 120 days after substantial completion

- **Parties to be Allowed to Move the Above Dates by Written Agreement**

- **Evidentiary Hearings** – No later than September 2026.

## Class Certification

- PERA Claimants may elect to file a motion to certify a bankruptcy class.

- **Class Certification Motion**: December 23, 2024

- **Class Certification Opposition Brief**: February 6, 2025

- **Class Certification Reply Brief**: March 22, 2025

- The motion may not delay any discovery in the matter.

## Ability to Use Discovery in Other Actions

The RKS Claimants, including Orbis, will commit that witnesses will not be deposed more than once in their respective actions, absent good cause, including with respect to the Orbis District Court Action. Discovery produced in the Bankruptcy Cases can be used in the Orbis District Court Action only if the District Court Defendants file an Answer to the Orbis District Court Action. The RKS Claimants and the parties in their respective proceedings shall enter into an agreement or protective order to memorialize this agreement.

PERA does not agree to the terms of this agreement, and any such agreement reached by the RKS claimants and Debtors or the Defendants in the Orbis District Court Action, or any third parties with which they engage in discovery, in no way limits PERA's ability to conduct discovery in either the bankruptcy proceedings or the District Court Action. PERA respectfully submits that it is for Judge Davila to decide what discovery may be taken or used in the District Court Action. PERA reserves all rights as to this point.

## Other Contemplated Motions

This is a claims allowance process and/or a contested matter. Given that the Court is both overseeing this matter and acts as the finder of fact, Claimants see no need for interim motion practice.

Therefore, the schedule above does not contemplate motions, but instead contemplates an evidentiary hearing at the end of Phase I to decide issues (either agreed to by the parties, or as determined by the Judge), such as falsity, scienter, loss causation, fraud on the market/market

efficiency/presumption of reliance, and per share damages for the fraud-based claims; and falsity for the negligence based claims.

**Mediation**

PERA, Reorganized Debtors, and the defendants in the District Court Action are engaged in a mediation. The RKS Claimants see no reason to tie mediation of their claims, if useful, to any other mediation.

Dated: October 29, 2024

Respectfully submitted,

*For the PERA Claimants*

**LABATON KELLER SUCHAROW LLP**

By: */s/ Michael P. Canty*

Michael P. Canty (*pro hac vice*)
*Lead Counsel to Securities*
*Lead Plaintiff and the Class*

- and -

**MICHELSON LAW GROUP**

*Local Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**LOWENSTEIN SANDLER LLP**

*Special Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

*For the RKS Claimants:*

**ROLNICK KRAMER SADIGHI LLP**

*Counsel for the RKS Claimants*

**EXHIBIT A**

**COUNSEL**

**LABATON KELLER SUCHAROW LLP**

Thomas A. Dubbs (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Thomas G. Hoffman, Jr. (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone 212-907-0700
Facsimile: 212 818-0477
tdubbs@labaton.com
cvillegas@labaton.com
mcanty@labaton.com
thoffman@labaton.com

*Lead Counsel PERA and*
*the Proposed Class in the Securities Action*

**ADAMSKI, MORISKI, MADDEN, CUMBERLAND & GREEN LLP**

James M. Wagstaffe (SBN 95535)
Mailing Address: P.O. Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990
Facsimile: (805) 543-0980
wagstaffe@ammcglaw.com

*Liaison Counsel for PERA and the Proposed*
*Class in the Securities Action*

**LOWENSTEIN SANDLER LLP**

Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill (*pro hac vice*)
Colleen Restel
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone 973-597-2500
Facsimile 973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com
crestel@lowenstein.com

*Special Bankruptcy Counsel for PERA*

**MICHELSON LAW GROUP**

Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone 415-512-8600
Facsimile 415-512-8601
randy.michelson@michelsonlawgroup.com

*Local Bankruptcy Counsel for PERA*

**ROLNICK KRAMER SADIGHI LLP**
Richard A. Bodnar (*pro hac vice*)
PENN 1, Suite 3401
One Pennsylvania Plaza
New York, NY 10119
Telephone 212.597.2800
Facsimile 212.597.2801

*Counsel for the RKS Claimants*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins
Brian E. Cochran
655 West Broadway, Suite 1900
San Diego CA 92101
Telephone (619) 231-1058
Facsimile (619) 231-7423

Willow E. Radcliffe
Kenneth J. Black
Hadiya K. Deshmukh
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco CA 94104
Telephone (415) 288-4545
Facsimile (415) 288-4534

*Counsel for Securities Act Plaintiffs*