

Signed and Filed: November 5, 2024

_____

**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Reorganized Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and | ) |
| Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in* | ) |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |

## ORDER SETTING SCHEDULE FOR PRE-TRIAL AND ADJUDICATION OF SECURITIES FRAUD CLAIMS

The court has considered the *Statement in Support of Reorganized Debtors' Proposed Case Schedule* (Dkt. 14628), the *Statement in Support of the Case Schedule Jointly Proposed by PERA and The RKS Claimants* (Dkt. 14629), and the argument of counsel at the hearing on October 30, 2024.

-1-

1     Early in this Chapter 11 case, the court declined to
2  certify a class action requested by PERA and chose to proceed,
3  at Debtors' urging, with a more traditional bankruptcy court
4  claims process that initially included over 7,000 claims. Since
5  then, a large number of claims have been resolved, either
6  consensually or by Reorganized Debtors' objections. As to the
7  remaining claims asserted or prosecuted by PERA and RKS, the
8  Reorganized Debtors filed their 33rd and 34th Securities Claims
9  Omnibus Objections (Dkts. 14200 and 14203) and thereafter made
10  their Sufficiency Objections (similar to motions to dismiss in
11  traditional civil or bankruptcy court litigation). From that
12  came the court's September 18, 2024 Memorandum Decision (Dkt.
13  14593); next, RKS filed its Second Amended Statement of Claim
14  (Dkt. 14603) and PERA stood on its Third Amended Complaint
15  pending in the parallel district court action.

16     Now, the court must consider an efficient schedule for
17  resolution of the 33rd and 34th Securities Claims Omnibus
18  Objections. In general, the court agrees with the Reorganized
19  Debtors' approach. The suggested schedule by PERA and RKS
20  stretches pre-trial discovery into two separate phases, and
21  their proposal puts the burden of production solely on the
22  Reorganized Debtors in phase one. Although the Reorganized
23  Debtors' approach may be more burdensome for the claimants, it
24  is more balanced in its imposition of effort and more
25  traditional in the way in which district courts and bankruptcy
26  courts adjudicate matters, albeit usually not as complicated or
27  extensive as the present ones.

28

Case: 19-30088   Doc# 14643   Filed: 11/05/24   Entered: 11/05/24 17:41:46   Page 2 of 6

As an additional comment, the court does not accept that summary judgments (or even partial adjudications under FRCP 52(c), incorporated by FRBP 7052) are either inefficient or unnecessary. They may be wholly dispositive in some instances. In that regard, it is highly likely that there will be a phasing of the evidentiary hearings, and more specifically, a bifurcation to avoid extensive inquiry into particular claimants' damages before first determining whether those claimants have sustained their individual burdens of proving reliance. For the same reason, there may be matters that bear upon Reorganized Debtors' liability that are case dispositive at some earlier point and support partial adjudication against them.

A further observation is that in December, 2023, there were substantially more claims, more separately represented claimants and a larger number of overall matters to be dealt with. Thus, the nine-month and three-month periods for fact discovery and expert discovery as established by the *Order Authorizing Amendment and Objection Procedures for Securities Claims* (Dkt. 13934) seems excessive. The court has stated many times over several years, that some claimants suffered their losses now nearly nine years ago and it is now time for resolution of these matters.

A further observation is that class certification may no longer be efficient or necessary. As stated at the hearing, the court will keep an open mind about this but has some doubts about the efficacy of proceeding on that track at this point. Whether it permits a class certification or not, it will keep in

-3-

mind and urges all the parties to remember, the statement made by PERA and RKS in Dkt. 14629 that "the motion [class certification] may not delay any discovery in the matter."

With that in mind, the court has decided to move more quickly and accept, with some modifications, the schedule proposed by Reorganized Debtors, as follows:

**November 21, 2024** – Parties may begin serving discovery requests

**December 5, 2024** – Parties to exchange initial disclosures

**December 23, 2024** – PERA Class Certification Motion (optional, but waived if not filed)

**January 10, 2025** – PG&E to begin producing, after meeting and conferring with PERA and RKS, relevant documents from among the *more than 5 million documents* produced in prior litigations related to the North Bay Fires and Camp Fire

**February 6, 2025** – Class Certification motion Opposition

**February 27, 2025** – Class Certification motion Reply

**March 11, 2025, 10:00 AM** – Hearing on Class Certification motion

**March 21, 2025** – Parties to substantially complete rolling document productions for document requests served on or before December 31, 2024

**August 29, 2025** – Fact discovery cutoff

**September 26, 2025** – Opening expert reports for the party bearing the burden of proof

**October 24, 2025** – Rebuttal expert reports. **No expert replies.**

-4-

**December 19, 2025** – Expert discovery cutoff

**January – March, 2026** – Summary judgment briefing and hearing

**April 2026** – Evidentiary hearing

**\*\*END OF ORDER\*\***

Case: 19-30088   Doc# 14643   Filed: 11/05/24   Entered: 11/05/24 17:41:46   Page 5 of 6

<u>COURT SERVICE LIST</u>

ECF Recipients