**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for the Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>             **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER AUTHORIZING REORGANIZED DEBTORS TO EXCEED THE 250 CLAIM PER OMNIBUS OBJECTION LIMIT**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**") for an order relieving the Reorganized Debtors of the 250-claim limit for omnibus objections set forth in the Securities Omnibus Objection Procedures [Dkt. No. 10015] for the purpose of the Reorganized Debtors' Fortieth Securities Claims Limited Supplemental Omnibus Objection to Claims Adopting the Second RKS Amendment (the "**Supplemental Omnibus Objection**"), thereby allowing the Reorganized Debtors to object to the 474 claims adopting the Second Amended Statement of Claim on Behalf of the RKS Claimants (the "**RKS SAC**") [Dkt. Nos. 14603, 14604] in a single omnibus objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

On October 6, 2023, the law firm Rolnick Kramer Sadighi LLP ("**RKS**") filed an Amended Statement of Claim on Behalf of the RKS Claimants (the "**RKS Amendment**") [Dkt. No. 14049-1]. More than 750 claims subsequently adopted the RKS Amendment (collectively, the "**RKS**

**Claimants**") [Dkt. No. 14061-1]. On December 13, 2023, the Reorganized Debtors filed their Thirty-Fourth Securities Claims Omnibus Objection to Claims Adopting the RKS Amendment (the "**34th Omnibus Objection**") [Dkt. No. 14203]. In connection with the 34th Omnibus Objection, the Reorganized Debtors requested (and the Court granted) relief from the rule limiting the Debtors to 250 claims per omnibus objection [Dkt. Nos. 10015, 14209, 14232]. The 34th Omnibus Objection objected to all 761 claims brought by the RKS Claimants in a single omnibus objection. *Id.*

On September 18, 2024, the Court issued an Order sustaining in part and overruling in part PG&E's 34th Omnibus Objection with leave to amend [Dkt. No. 14593]. On October 8, 2024, RKS filed the RKS SAC, which is directed to the allegations the Court previously dismissed.

### III. RELIEF FROM THE LIMIT OF 250 CLAIMS PER OMNIBUS OBJECTION IS WARRANTED

The Supplemental Omnibus Objection seeks the disallowance of 474 claims that adopted the RKS SAC. Although the Securities Omnibus Objection Procedures [Dkt. No. 10015] limit Reorganized Debtors to 250 Securities Claims per omnibus objection, the interests of the parties and the Court will be served by granting the Reorganized Debtors relief from that 250-claim limit. The arguments in the Supplemental Omnibus Objection apply to all claims that adopted the RKS SAC, and there is no reason to require the Reorganized Debtors to file two identical omnibus objections. The Court previously granted similar relief with respect to PG&E's 34th Omnibus Objection [Dkt. No. 14232]. The parties suffered no prejudice from that relief, and the parties will suffer no prejudice from the Court granting the requested relief here.

### IV. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Cameron M. Gulden, Esq.); (ii) counsel for the parties who are respondents to the Supplemental Omnibus Objection; (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to

this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order authorizing the Reorganized Debtors to object to more than 250 claims by way of the Supplemental Omnibus Objection and awarding such other and further relief as the Court may deem just and appropriate.

Dated: November 21, 2024

                                  **WEIL, GOTSHAL & MANGES LLP**
                                  **LATHAM & WATKINS LLP**
                                  **KELLER BENVENUTTI KIM LLP**

                            By: /s/ *Michael J. Reiss*
                                    Michael J. Reiss

                            *Attorneys for Debtors and Reorganized Debtors*