**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:     (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636-9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200

*Attorneys for the Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.** | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' SUPPLEMENTAL OBJECTION TO PERA'S THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Pursuant to the Court's July 28, 2023 order requiring that PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E") "serve a supplemental objection . . . akin to and providing the typical information set forth in an answer in an adversary proceeding" (ECF No. 13934), PG&E, by and through the undersigned counsel, respectfully submits this Supplemental Objection to the Third Amended Complaint for Violation of the Federal Securities Laws (ECF No. 121), which was filed on May 28, 2019 (the "TAC") and was incorporated into the Public Employees Retirement Association of New Mexico's ("PERA") proof of claim filed in the above captioned cases ("Chapter 11 Cases").[1] Importantly, the claims at issue in the TAC are based on allegations of securities fraud, which PERA cannot prove, and not whether PG&E or its equipment was responsible for the catastrophic wildfires that swept through Northern California in 2017 and 2018.

Beginning on October 8, 2017, multiple wildfires spread through Northern California, including Napa, Sonoma, Butte, Humboldt, Mendocino, Lake, Nevada, and Yuba Counties, as well as in the area surrounding Yuba City (the "North Bay Fires"). According to the California Department of Forestry and Fire Protection ("Cal Fire") California Statewide Fire Summary dated October 30, 2017, at the peak of the North Bay Fires, there were 21 major fires that, in total, burned over 245,000 acres and destroyed an estimated 8,900 structures. Then, on November 8, 2018, a fire ignited in Butte County that became the most destructive wildfire in California history, resulting in 85 confirmed fatalities and destroying approximately 18,804 structures (the "Camp Fire"). PG&E has provided its positions regarding PG&E's involvement in the wildfires in various forums.

The claims asserted in the TAC all fail because they rest on whether PG&E made material false statements with the intent to defraud the public, and whether those alleged false statements actually caused PERA to suffer damages. PERA cannot make that showing. Investment comes with risk. PERA is a sophisticated institutional investor who bet that a disclosed risk would not materialize; it is radically different from the fire victims who tragically lost their property, lives, or loved ones in the wildfires. Nonetheless, PERA now seeks to force PG&E's *current* shareholders to compensate

---

[1] This Supplemental Objection applies to PERA and any other securities claimant that has adopted the TAC.

them for their purported losses from speculative trading of PG&E securities.  PG&E will continue to vigorously defend itself against PERA's securities fraud claims.

PG&E generally objects to each and every claim made by PERA.  Each of the claims by PERA fails to set forth the elements to establish a valid securities claim, including the existence of a misrepresentation or actionable omission, scienter, reliance, causation, and damages.   This Supplemental Objection is not intended to set forth every fact or argument that PG&E will make during the litigation of these securities claims.  Except to the extent expressly admitted herein, PG&E denies each and every allegation in the TAC, including any allegation contained in its headings or footnotes.  To the extent the headings and subheadings in the TAC are intended to constitute factual allegations, PG&E denies the allegations.  The TAC is a long narrative and the absence of a specific denial to each sentence or factual recitation in specific paragraphs is not intended to be and is not an admission of that sentence or fact.  With respect to any purported document cited to or quoted in the TAC, PG&E does not admit that the quotes in the allegations or the underlying documents are accurate, relevant, or admissible in this litigation, and PG&E reserves all objections regarding admissibility.   PG&E Corporation and Pacific Gas and Electric Company are the only defendants in the Chapter 11 Cases.  To the extent the TAC identifies any other person or entity as a defendant, PG&E denies those allegations.  PG&E's Supplemental Objection is subject to further investigation.  Accordingly, PG&E expressly reserves the right to amend this Supplemental Objection to modify and/or assert any and all defenses permitted by law.  With respect to specific paragraphs in the TAC, PG&E responds as follows:

1.      PG&E denies the allegations in Paragraph 1.

2.      PG&E admits that (i) between October 2017 and November 2018, California experienced the North Bay Fires and the Camp Fire; (ii) the North Bay Fires and the Camp Fire were catastrophic wildfires that resulted in extensive loss and damage; and (iii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the Camp Fire.  PG&E otherwise denies the allegations in Paragraph 2.

3.      PG&E respectfully refers the Court to the document referenced in Paragraph 3 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 3.

4.     PG&E denies the allegations in Paragraph 4.

5.     PG&E denies the allegations in Paragraph 5.

6.     PG&E denies the allegations in Paragraph 6.

7.     PG&E denies the allegations in Paragraph 7.

8.     PG&E respectfully refers the Court to the document referenced in Paragraph 8 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 8.

9.     PG&E asserts that the potential liability associated with certain wildfires caused PG&E to file for bankruptcy, and that the bankruptcy filings included liabilities and potential liabilities. PG&E respectfully refers the Court to the bankruptcy filings for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 9.

10.     PG&E denies the allegations in Paragraph 10.

11.     PG&E admits that PERA purports to describe its asserted claims and the alleged class. PG&E otherwise denies the allegations in Paragraph 11.

12.     PG&E admits that PERA purports to describe its asserted claims.  PG&E otherwise denies the allegations in Paragraph 12.

13.     PG&E admits that PERA purports to base jurisdiction over the subject matter of this action on the statutory provisions cited.  PG&E otherwise denies the allegations in Paragraph 13.

14.     PG&E admits that its principal executive offices are located in Northern California. PG&E otherwise denies the allegations in Paragraph 14.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 15.

16.     PG&E denies the allegations in Paragraph 16.

17.     PG&E respectfully refers the Court to the documents referenced in Paragraph 17 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 17.

18.     PG&E denies the allegations in Paragraph 18.

19.     PG&E denies the allegations in Paragraph 19.

20.     PG&E denies the allegations in Paragraph 20.

21.     PG&E denies the allegations in Paragraph 21.

22.     PG&E admits that Richard Yarnell ("Yarnell") testified in a deposition in the coordination proceeding in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*, Case No. JCCP 4853, on April 10, 2017.   PG&E otherwise denies the allegations in Paragraph 22.

23.     PG&E denies the allegations in Paragraph 23.

24.     PG&E denies the allegations in Paragraph 24.

25.     PG&E respectfully refers the Court to the documents referenced in Paragraph 25 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 25.

26.     Paragraph 26 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 26 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 26.

27.     Paragraph 27 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that California enacted S.B. 901 on September 21, 2018.  PG&E otherwise denies the allegations in Paragraph 27.

28.     Paragraph 28 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 28.

29.     PG&E denies the allegations in Paragraph 29.

30.     PG&E respectfully refers the Court to the document referenced in Paragraph 30 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 30.

31.     PG&E denies the allegations in Paragraph 31.

32.     PG&E respectfully refers the Court to the document referenced in Paragraph 32 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 32.

33.     PG&E respectfully refers the Court to the documents referenced in Paragraph 33 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 33.

34.     PG&E admits that a C-hook broke on Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate.  PG&E otherwise denies the allegations in Paragraph 34.

1        35.    Paragraph 35 consists of legal conclusions to which no response is required.  To the

2  extent a response is required, PG&E denies the allegations in Paragraph 35.

3        36.    PG&E denies the allegations in Paragraph 36.

4        37.    PG&E denies the allegations in Paragraph 37.

5        38.    PG&E denies the allegations in Paragraph 38.

6        39.    PG&E denies the allegations in Paragraph 39.

7        40.    Paragraph 40 consists of legal conclusions to which no response is required.  To the

8  extent a response is required, PG&E denies the allegations in Paragraph 40.

9        41.    PG&E denies that PERA purchased PG&E securities "at artificially inflated prices

10  during the Class Period and was damaged as the result of Defendants' wrongdoing as alleged in this

11  Complaint."  PG&E admits that the District Court appointed PERA to serve as the lead plaintiff in the

12  action entitled, *In re PG&E Corporation Securities Litigation* (Case No. 3:18-cv-03509-EJD).  PG&E

13  lacks knowledge or information sufficient to form an opinion as to the truth of the remaining

14  allegations in Paragraph 41 and denies them on that basis.

15        42.    PG&E admits that PG&E's securities trade on the New York Stock Exchange under

16  the ticker symbol "PCG."  PG&E otherwise denies the allegations in Paragraph 42.

17        43.    PG&E admits that the Pacific Gas and Electric Company (i) is the primary operating

18  subsidiary of PG&E Corporation; (ii) operates as an investor-owned public utility in California; (iii)

19  generates revenue by selling and delivering electricity and natural gas to its customers; (iv) that, at

20  certain times, certain of PG&E Corporation's directors also sat on the board of Pacific Gas and Electric

21  Company; and (v) PG&E Corporation and Pacific Gas and Electric Company file joint annual reports

22  with the Securities and Exchange Commission ("SEC") on Form 10-K.  PG&E otherwise denies the

23  allegations in Paragraph 43.

24        44.    Paragraph 44 consists of legal conclusions to which no response is required.  To the

25  extent a response is required, PG&E admits that on January 29, 2019, PG&E commenced a voluntary

26  case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for

27  the Northern District of California.  PG&E otherwise denies the allegations in Paragraph 44.

28

45. PG&E admits that Anthony F. Earley, Jr. ("Earley") served as PG&E Corporation's President, Chief Executive Officer ("CEO"), and Chairman of the Board from September 13, 2011 to February 28, 2017, and as its Executive Chairman from March 1, 2017 to December 2017. PG&E otherwise denies the allegations in Paragraph 45.

46. PG&E admits that (i) Geisha J. Williams ("Williams") served as PG&E Corporation's CEO and President from March 1, 2017 until her resignation on January 13, 2019; (ii) Williams served as Pacific Gas and Electric Company's President of Electric from September 15, 2015 to February 28, 2017; (iii) Williams served as Pacific Gas and Electric Company's President of Electric Operations from August 17, 2015 to September 15, 2015; (iv) Williams served as Pacific Gas and Electric Company's Executive Vice President, Electric Operations from June 1, 2011 to August 16, 2015; (v) Williams served as a Director of PG&E Corporation from May 2017 to January 2019; and (vi) Williams served as a Director of Pacific Gas and Electric Company from August 2015 to January 2019. PG&E otherwise denies the allegations in Paragraph 46.

47. PG&E admits that (i) Nickolas Stavropoulos ("Stavropoulos") served as the President and Chief Operating Officer ("COO") of Pacific Gas and Electric Company from March 1, 2017 to September 2018; (ii) Stavropoulos served as Pacific Gas and Electric Company's President of Gas from September 15, 2015 to February 28, 2017; (iii) Stavropoulos served as Pacific Gas and Electric Company's President of Gas Operations from August 17, 2015 to September 15, 2015; (iv) Stavropoulos served as Pacific Gas and Electric Company's Executive Vice President of Gas Operations from June 13, 2011 to August 16, 2015; and (v) Stavropoulos served as a Director of Pacific Gas and Electric Company from August 2015 to September 2018. PG&E otherwise denies the allegations in Paragraph 47.

48. PG&E admits that (i) Julie M. Kane ("Kane") served as Senior Vice President and Chief Ethics and Compliance Officer for PG&E Corporation and Pacific Gas and Electric Company from May 18, 2015 to March 20, 2017; and (ii) Kane served as Senior Vice President, Chief Ethics and Compliance Officer, and Deputy General Counsel of PG&E Corporation and Pacific Gas and Electric Company from March 21, 2017 to September 2020. PG&E otherwise denies the allegations in Paragraph 48.

1    49.    PG&E admits the allegations in Paragraph 49.

2    50.    PG&E admits that (i) Patrick M. Hogan ("Hogan") served as Pacific Gas and Electric

3    Company's Senior Vice President, Electric Operations from February 1, 2017 to January 8, 2019 and

4    Hogan retired from Pacific Gas and Electric Company on January 28, 2019; (ii) Hogan served as

5    Pacific Gas and Electric Company's Senior Vice President, Electric Transmission and Distribution

6    from March 1, 2016 to January 31, 2017; (iii) Hogan served as Pacific Gas and Electric Company's

7    Vice President, Electric Strategy and Asset Management from September 8, 2015 to February 29,

8    2016; and (iv) Hogan served as Pacific Gas and Electric Company's Vice President, Electric

9    Operations, Asset Management from November 18, 2013 to September 7, 2015.  PG&E otherwise

10   denies the allegations in Paragraph 50.

11   51.    PG&E avers that no response is required to the allegations contained in Paragraph 51.

12   52.    PG&E denies the allegations in Paragraph 52.

13   53.    PG&E admits that electricity transmission and distribution is regulated in California.

14   PG&E otherwise denies the allegations in Paragraph 53.

15   54.    Paragraph 54 consists of legal conclusions to which no response is required.  To the

16   extent a response is required, PG&E admits that California regulates, among other things, the

17   placement of certain electrical equipment by utilities.  PG&E otherwise denies the allegations in

18   Paragraph 54.

19   55.    PG&E respectfully refers the Court to the provision referenced in Paragraph 55 for a

20   complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 55.

21   56.    PG&E respectfully refers the Court to the provision referenced in Paragraph 56 for a

22   complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 56.

23   57.    Paragraph 57 consists of legal conclusions to which no response is required.  To the

24   extent a response is required, PG&E respectfully refers the Court to the document referenced in

25   Paragraph 57 for a complete statement of its contents.  PG&E otherwise denies the allegations in

26   Paragraph 57.

27

28

1    58.    PG&E admits that California has laws and regulations related to electrical equipment,

2    and PG&E respectfully refers the Court to those laws and regulations for a complete statement of their

3    contents.  PG&E otherwise denies the allegations in Paragraph 58.

4    59.    PG&E respectfully refers the Court to the provision referenced in Paragraph 59 for a

5    complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 59.

6    60.    PG&E respectfully refers the Court to the provision referenced in Paragraph 60 for a

7    complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 60.

8    61.    PG&E admits that California has laws and regulations related to electrical equipment,

9    and PG&E respectfully refers the Court to those laws and regulations for a complete statement of their

10   contents.  PG&E otherwise denies the allegations in Paragraph 61.

11   62.    Paragraph 62 consists of legal conclusions to which no response is required.  To the

12   extent a response is required, PG&E admits that (i) the California Public Utilities Commission

13   ("CPUC") regulates PG&E; and (ii) the CPUC promulgates safety regulations and adjudicates

14   PG&E's annual General Rate Cases, determining which costs PG&E may pass on to rate-payers, and

15   which costs PG&E must bear.  PG&E otherwise denies the allegations in Paragraph 62.

16   63.    Paragraph 63 consists of legal conclusions to which no response is required.  To the

17   extent a response is required, PG&E respectfully refers the Court to the General Order referenced in

18   Paragraph 63 for a complete statement of its contents.  PG&E otherwise denies the allegations in

19   Paragraph 63.

20   64.    Paragraph 64 consists of legal conclusions to which no response is required.  To the

21   extent a response is required, PG&E respectfully refers the Court to the General Order referenced in

22   Paragraph 64 for a complete statement of its contents.  PG&E otherwise denies the allegations in

23   Paragraph 64.

24   65.    Paragraph 65 consists of legal conclusions to which no response is required.  To the

25   extent a response is required, PG&E respectfully refers the Court to the General Order referenced in

26   Paragraph 65 for a complete statement of its contents.  PG&E otherwise denies the allegations in

27   Paragraph 65.

28

66.     Paragraph 66 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 66 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 66.

67.     PG&E respectfully refers the Court to the provision referenced in Paragraph 67 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 67.

68.     Paragraph 68 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits the allegations in Paragraph 68.

69.     PG&E respectfully refers the Court to the provision referenced in Paragraph 69 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 69.

70.     PG&E respectfully refers the Court to the provision referenced in Paragraph 70 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 70.

71.     Paragraph 71 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) Cal Fire is an agency of the State of California; (ii) Cal Fire is in charge of the state's fire departments and its law enforcement related to state fire and forest laws; (iii) Cal Fire is responsible for both fighting fires as they occur and for investigating the causes of fires after they have been contained; and (iv) Cal Fire conducts official investigations to determine the causes of wildfires within the state, as well as any violations of state laws and regulations.  PG&E otherwise denies the allegations in Paragraph 71.

72.     Paragraph 72 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that Cal Fire is authorized to make fire cause and origin determinations for wildfires—such as the North Bay Fires and the Camp Fire—that fall within its jurisdiction.  PG&E otherwise denies the allegations of Paragraph 72.

73.     Paragraph 73 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 73 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 73.

74.     Paragraph 74 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 74 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 74.

75.     Paragraph 75 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 75 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 75.

76.     Paragraph 76 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 76 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 76.

77.     Paragraph 77 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits (i) the State of California declared a state of emergency due to drought conditions in January 2014, which ended in April 2017; (ii) in October 2015, California declared a state of emergency regarding tree mortality due to the ongoing effects of the drought and an epidemic of insect infestations causing millions of trees to die annually; and (iii) these conditions increased the danger of wildfires in the North Bay region of California.  PG&E respectfully refers the Court to the documents referenced in Paragraph 77 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 77.

78.     PG&E respectfully refers the Court to the documents referenced in Paragraph 78 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 78.

79.     PG&E respectfully refers the Court to the document referenced in Paragraph 79 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 79.

80.     PG&E respectfully refers the Court to the document referenced in Paragraph 80 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 80.

81.     PG&E respectfully refers the Court to the document referenced in Paragraph 81 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 81.

82.     PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.  PG&E respectfully refers the Court to the documents referenced in Paragraph 82 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 82.

83.     PG&E respectfully refers the Court to the document referenced in Paragraph 83 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 83.

84.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 84 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 84.

85.     PG&E respectfully refers the Court to the document referenced in Paragraph 85 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 85.

86.     PG&E admits that reclosers are affixed to power pole lines and send pulses of electricity into lines when service has become briefly interrupted.   PG&E otherwise denies the allegations in Paragraph 86.

87.     PG&E respectfully refers the Court to the documents referenced in Paragraph 87 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 87.

88.     PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.  PG&E respectfully refers the Court to the document referenced in Paragraph 88 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 88.

89.     PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.  PG&E otherwise denies the allegations in Paragraph 89.

90.     PG&E denies the allegations in Paragraph 90.

91.     PG&E respectfully refers the Court to the document referenced in Paragraph 91 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 91.

92.     PG&E respectfully refers the Court to the document referenced in Paragraph 92 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 92.

93.     PG&E respectfully refers the Court to the documents referenced in Paragraph 93 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 93.

94.     PG&E respectfully refers the Court to the document referenced in Paragraph 94 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 94.

95.     PG&E admits that (i) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in a 1994 wildfire in Nevada County, California (the "Trauner Fire"); and (ii) PG&E was convicted of 739 counts of criminal negligence and was required to pay $24 million in penalties in connection with the Trauner Fire.  PG&E otherwise denies the allegations in Paragraph 95.

96.     PG&E admits that (i) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in a 1999 wildfire in the Plumas and Tahoe National Forests (the "Pendola Fire"); (ii) PG&E paid a $14.75 million settlement to the U.S. Forest Services in connection with that fire; and (iii) PG&E paid a $22.7 million settlement to the CPUC in 1999.  PG&E otherwise denies the allegations in Paragraph 96.

97.     PG&E responds that the TAC does not cite a source for certain allegations in Paragraph 97.  PG&E is without sufficient information to admit or deny those allegations in Paragraph 97 and denies those allegations on that basis.  PG&E admits that on September 9, 2010, a natural gas pipeline in San Bruno, California (the "San Bruno pipeline") exploded, leading to the deaths of 8 people, injuries to over 50 more, and damage to 38 homes.  PG&E otherwise denies the allegations in Paragraph 97.

98.     PG&E admits that on August 9, 2016, a California federal jury found Pacific Gas and Electric Company guilty of five criminal felony counts of violating federal safety standards under the Natural Gas Pipeline Safety Act, as well as one count of obstructing an agency proceeding.  PG&E otherwise denies the allegations in Paragraph 98.

99.     PG&E admits that (i) on December 14, 2018, the CPUC opened a case against PG&E; and (ii) on December 21, 2018, the CPUC issued a Scoping Memo and Ruling.  PG&E respectfully refers the Court to the document referenced in Paragraph 99 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 99.

1    100.    PG&E admits that (i) the 2015 wildfire in Amador County, California (the "Butte Fire")
2  was a catastrophic wildfire that resulted in extensive loss and damage; and (ii) certain government
3  bodies investigated, and reached conclusions regarding, the role of PG&E in the Butte Fire.  PG&E
4  otherwise denies the allegations in Paragraph 100.

5    101.    PG&E respectfully refers the Court to the document referenced in Paragraph 101 for a
6  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 101.

7    102.    PG&E respectfully refers the Court to the document referenced in Paragraph 102 for a
8  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 102.

9    103.    PG&E denies the allegations in Paragraph 103.

10    104.    PG&E admits that (i) certain government bodies investigated, and reached conclusions
11  regarding, the role of PG&E in the North Bay Fires and the Camp Fire; and (ii) in connection with the
12  Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one
13  count of unlawfully causing a fire.  PG&E respectfully refers the Court to the documents referenced
14  in Paragraph 104 for a complete statement of their contents.  PG&E otherwise denies the allegations
15  in Paragraph 104.

16    105.    PG&E denies the allegations in Paragraph 105.

17    106.    PG&E respectfully refers the Court to the documents referenced in Paragraph 106 for
18  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 106.

19    107.    PG&E respectfully refers the Court to the document referenced in Paragraph 107 for a
20  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 107.

21    108.    PG&E respectfully refers the Court to the document referenced in Paragraph 108 for a
22  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 108.

23    109.    PG&E admits that, in PG&E's October 17, 2017 response to the Safety and
24  Enforcement Division's October 14, 2017 Questions, PG&E wrote "PG&E manages about 123 million
25  trees in our 70,000 square mile service area."  PG&E otherwise denies the allegations in Paragraph
26  109.

27    110.    PG&E denies the allegations in Paragraph 110.

28

111.     Paragraph 111 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that Cal Fire investigated and issued certain findings regarding the role of PG&E in the North Bay Fires.  PG&E otherwise denies the allegations in Paragraph 111.

112.     Paragraph 112 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits Cal Fire investigated and issued certain findings regarding the role of PG&E in the North Bay Fires.  PG&E otherwise denies the allegations in Paragraph 112.

113.     PG&E respectfully refers the Court to the document referenced in Paragraph 113 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 113.

114.     PG&E respectfully refers the Court to the documents referenced in Paragraph 114 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 114.

115.     PG&E respectfully refers the Court to the documents referenced in Paragraph 115 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 115.

116.     PG&E respectfully refers the Court to the documents referenced in Paragraph 116 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 116.

117.     PG&E respectfully refers the Court to the documents referenced in Paragraph 117 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 117.

118.     PG&E respectfully refers the Court to the documents referenced in Paragraph 118 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 118.

119.     PG&E respectfully refers the Court to the document referenced in Paragraph 119 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 119.

120.     Paragraph 120 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E otherwise denies the allegations in Paragraph 120.

121. Paragraph 121 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 121 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 121.

122. PG&E respectfully refers the Court to the documents referenced in Paragraph 122 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 122.

123. PG&E respectfully refers the Court to the document referenced in Paragraph 123 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 123.

124. Paragraph 124 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire. PG&E otherwise denies the allegations in Paragraph 124.

125. PG&E admits that Yarnell testified in a deposition in the coordination proceeding in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*, Case No. JCCP 4853, on April 10, 2017. PG&E otherwise denies the allegations in Paragraph 125.

126. PG&E respectfully refers the Court to the document referenced in Paragraph 126 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 126.

127. PG&E denies the allegations in Paragraph 127.

128. PG&E admits that a complaint was filed in Superior Court of the State of California, County of San Francisco, on December 5, 2018. PG&E respectfully refers the Court to the complaint referenced in Paragraph 128 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 128.

129. PG&E denies the allegations in Paragraph 129.

130. PG&E admits that (i) it understands Tower :27/222 on PG&E's Caribou-Palermo transmission powerline was initially installed during the 1919 to 1921 period or earlier; (ii) a C-hook ultimately broke on Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate; (iii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; and (iv) in connection with the Camp Fire,

on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 130.

131. PG&E respectfully refers the Court to the document referenced in Paragraph 131 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 131.

132. PG&E denies the allegations in Paragraph 132.

133. PG&E respectfully refers the Court to the documents referenced in Paragraph 133 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 133.

134. PG&E respectfully refers the Court to the documents referenced in Paragraph 134 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 134.

135. PG&E respectfully refers the Court to the document referenced in Paragraph 135 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 135.

136. PG&E respectfully refers the Court to the document referenced in Paragraph 136 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 136.

137. PG&E respectfully refers the Court to the document referenced in Paragraph 137 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 137.

138. PG&E admits that the Camp Fire started after a C-hook broke on Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate. PG&E otherwise denies the allegations in Paragraph 138.

139. PG&E denies the allegations in Paragraph 139.

140. PG&E denies the allegations in Paragraph 140.

141. PG&E admits that (i) the CPUC passed Resolution ESRB-8 on July 16, 2018; and (ii) PG&E published a summary of its policies and procedures related to power shutoff on September 27, 2018. PG&E otherwise denies the allegations in Paragraph 141.

142. PG&E respectfully refers the Court to the document referenced in Paragraph 142 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 142.

143. PG&E respectfully refers the Court to the document referenced in Paragraph 143 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 143.

1  144.  PG&E respectfully refers the Court to the document referenced in Paragraph 144 for a

2  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 144.

3  145.  PG&E admits that in an October 31, 2018 Public Safety Power Shutoff Report to the

4  CPUC, PG&E wrote that "[o]n October 14, 2018, PG&E made the difficult decision to proactively

5  de-energize portions of its service territory . . . Power was turned off for safety on Sunday, October 14

6  . . . By midnight Monday, October 15, power to approximately 40,000 customers had been safely

7  restored. On Tuesday, October 16, PG&E crews continued safety inspections and repairs to facilities

8  damaged during the wind event. Nearly all customers were restored by 23:00.  PG&E restored power

9  to the final approximately three dozen customers by 9:00 on Wednesday, October 17."  PG&E

10  otherwise denies the allegations in Paragraph 145.

11  146.  PG&E respectfully refers the Court to the document referenced in Paragraph 146 for a

12  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 146.

13  147.  PG&E responds that the TAC does not cite a source for certain allegations in Paragraph

14  147.  PG&E is therefore without information to admit or deny those allegations in Paragraph 147 and

15  denies the allegations on that basis.  PG&E respectfully refers the Court to the document referenced

16  in Paragraph 147 for a complete statement of its contents.  PG&E otherwise denies the allegations in

17  Paragraph 147.

18  148.  PG&E respectfully refers the Court to the documents referenced in Paragraph 148 for

19  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 148.

20  149.  PG&E denies the allegations in Paragraph 149.

21  150.  PG&E respectfully refers the Court to the documents referenced in Paragraph 150 for

22  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 150.

23  151.  PG&E respectfully refers the Court to the document referenced in Paragraph 151 for a

24  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 151.

25  152.  PG&E respectfully refers the Court to the document referenced in Paragraph 152 for a

26  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 152.

27  153.  PG&E respectfully refers the Court to the documents referenced in Paragraph 153 for

28  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 153.

154.    PG&E respectfully refers the Court to the document referenced in Paragraph 154 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 154.

155.    PG&E respectfully refers the Court to the document referenced in Paragraph 155 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 155.

156.    PG&E respectfully refers the Court to the document referenced in Paragraph 156 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 156.

157.    PG&E respectfully refers the Court to the document referenced in Paragraph 157 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 157.

158.    PG&E respectfully refers the Court to the document referenced in Paragraph 158 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 158.

159.    PG&E respectfully refers the Court to the document referenced in Paragraph 159 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 159.

160.    PG&E respectfully refers the Court to the document referenced in Paragraph 160 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 160.

161.    PG&E respectfully refers the Court to the document referenced in Paragraph 161 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 161.

162.    PG&E responds that the TAC does not cite a source for the allegations in Paragraph 162.   PG&E is without sufficient information to admit or deny the allegations in Paragraph 162 and denies the allegations on that basis.

163.    PG&E responds that the TAC does not cite a source for the allegations in Paragraph 163.   PG&E is without sufficient information to admit or deny the allegations in Paragraph 163 and denies the allegations on that basis.

164.    PG&E respectfully refers the Court to the documents referenced in Paragraph 164 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 164.

165.    PG&E respectfully refers the Court to the document referenced in Paragraph 165 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 165.

166.    PG&E respectfully refers the Court to the document referenced in Paragraph 166 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 166.

1   167.   PG&E responds that the TAC does not cite a source for the allegations in

2   Paragraph 167.   PG&E is without sufficient information to admit or deny the allegations in

3   Paragraph 167 and denies the allegations on that basis.

4   168.   PG&E responds that the TAC does not cite a source for the allegations in

5   Paragraph 168.   PG&E is without sufficient information to admit or deny the allegations in

6   Paragraph 168 and denies the allegations on that basis.

7   169.   PG&E respectfully refers the Court to the documents referenced in Paragraph 169 for

8   a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 169.

9   170.   PG&E respectfully refers the Court to the document referenced in Paragraph 170 for a

10  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 170.

11  171.   PG&E respectfully refers the Court to the documents referenced in Paragraph 171 for

12  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 171.

13  172.   PG&E respectfully refers the Court to the documents referenced in Paragraph 172 for

14  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 172.

15  173.   PG&E denies the allegations in Paragraph 173.

16  174.   PG&E admits that in an October 31, 2018 Public Safety Power Shutoff Report to the

17  CPUC, PG&E wrote that "[o]n October 14, 2018, PG&E made the difficult decision to proactively

18  de-energize portions of its service territory . . . Power was turned off for safety on Sunday, October 14

19  . . . By midnight Monday, October 15, power to approximately 40,000 customers had been safely

20  restored. On Tuesday, October 16, PG&E crews continued safety inspections and repairs to facilities

21  damaged during the wind event. Nearly all customers were restored by 23:00. PG&E restored power

22  to the final approximately three dozen customers by 9:00 on Wednesday, October 17."   PG&E

23  respectfully refers the Court to the document referenced in Paragraph 174 for a complete statement of

24  its contents.  PG&E otherwise denies the allegations in Paragraph 174.

25  175.   PG&E denies the allegations in Paragraph 175.

26  176.   PG&E denies the allegations in Paragraph 176.

27  177.   PG&E admits that (i) on August 9, 2016, a jury in the federal criminal trial against

28  Pacific Gas and Electric Company in connection with the San Bruno explosion in September 2010 in

the United States District Court for the Northern District of California, in San Francisco, found Pacific Gas and Electric Company guilty on five counts of violations of pipeline integrity management regulations of the Natural Gas Pipeline Safety Act; (ii) on January 26, 2017, the court sentenced Pacific Gas and Electric Company to a 5-year corporate probation period; and (iii) on November 27, 2018, the U.S. District Court presiding over PG&E's probation issued an order requiring that Pacific Gas and Electric Company, the United States Attorney's Office for the Northern District of California, and the third-party monitor provide written answers to a series of questions regarding Pacific Gas and Electric Company's compliance with the terms of its probation. PG&E otherwise denies the allegations in Paragraph 177.

178. PG&E respectfully refers the Court to the document referenced in Paragraph 178 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 178.

179. PG&E admits that on January 29, 2019, PG&E commenced a Chapter 11 bankruptcy proceeding, and that the bankruptcy filings included liabilities and potential liabilities. PG&E refers the Court to those bankruptcy filings for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 179.

180. PG&E respectfully refers the Court to the documents referenced in Paragraph 180 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 180.

181. PG&E respectfully refers the Court to the documents referenced in Paragraph 181 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 181.

182. PG&E respectfully refers the Court to the document referenced in Paragraph 182 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 182.

183. PG&E respectfully refers the Court to the document referenced in Paragraph 183 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 183.

184. PG&E respectfully refers the Court to the document referenced in Paragraph 184 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 184.

185. PG&E respectfully refers the Court to the document referenced in Paragraph 185 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 185.

186.     PG&E respectfully refers the Court to the document referenced in Paragraph 186 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 186.

187.     PG&E respectfully refers the Court to the document referenced in Paragraph 187 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 187.

188.     PG&E denies the allegations in Paragraph 188.

189.     Paragraph 189 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that Cal Fire investigated and issued certain findings regarding the role of PG&E in the North Bay Fires.  PG&E otherwise denies the allegations in Paragraph 189.

190.     Paragraph 190 consists of legal conclusions to which no response is required.  PG&E respectfully refers the Court to the documents referenced in Paragraph 190 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 190.

191.     Paragraph 191 consists of legal conclusions to which no response is required.  PG&E respectfully refers the Court to the document referenced in Paragraph 191 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 191.

192.     PG&E admits that (i) the CPUC investigated PG&E; and (ii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire report to the Butte County District Attorney.  PG&E otherwise denies the allegations in Paragraph 192.

193.     Paragraph 193 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 193.

194.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 194 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 194.

195.     PG&E denies the allegations in Paragraph 195.

196.     PG&E denies the allegations in Paragraph 196.

197.     PG&E respectfully refers the Court to the document referenced in Paragraph 197 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 197.

198.     Paragraph 198 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 198.

199.     PG&E respectfully refers the Court to the documents referenced in Paragraph 199 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 199.

200.     PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review.  PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 200.

201.     Paragraph 201 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney.  PG&E otherwise denies the allegations in Paragraph 201.

202.     PG&E respectfully refers the Court to the document referenced in Paragraph 202 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 202.

203.     PG&E denies the allegations in Paragraph 203.

204.     PG&E denies the allegations in Paragraph 204.

205.     PG&E respectfully refers the Court to the document referenced in Paragraph 205 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 205.

206.     PG&E respectfully refers the Court to the document referenced in Paragraph 206 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 206.

207.     PG&E denies the allegations in Paragraph 207.

208.     PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.  PG&E otherwise denies the allegations in Paragraph 208.

209.     PG&E denies the allegations in Paragraph 209.

210.     PG&E denies the allegations in Paragraph 210.

211.     PG&E respectfully refers the Court to the document referenced in Paragraph 211 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 211.

212.     Paragraph 212 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 212.

213.     PG&E respectfully refers the Court to the documents referenced in Paragraph 213 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 213.

214.     PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review.  PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 214.

215.     Paragraph 215 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney.  PG&E otherwise denies the allegations in Paragraph 215.

216.     PG&E respectfully refers the Court to the document referenced in Paragraph 216 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 216.

217.     PG&E denies the allegations in Paragraph 217.

218.     PG&E denies the allegations in Paragraph 218.

219.     PG&E respectfully refers the Court to the documents referenced in Paragraph 219 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 219.

220.     PG&E respectfully refers the Court to the document referenced in Paragraph 220 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 220.

221.     PG&E denies the allegations in Paragraph 221.

222. PG&E respectfully refers the Court to the document referenced in Paragraph 222 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 222.

223. Paragraph 223 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 223.

224. PG&E respectfully refers the Court to the documents referenced in Paragraph 224 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 224.

225. PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review. PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 225.

226. Paragraph 226 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney. PG&E otherwise denies the allegations in Paragraph 226.

227. PG&E respectfully refers the Court to the document referenced in Paragraph 227 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 227.

228. PG&E denies the allegations in Paragraph 228.

229. PG&E respectfully refers the Court to the documents referenced in Paragraph 229 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 229.

230. PG&E respectfully refers the Court to the document referenced in Paragraph 230 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 230 .

231. PG&E denies the allegations in Paragraph 231.

232. PG&E admits that it increased its dividend in 2016 and suspended its dividend on December 20, 2017. PG&E otherwise denies the allegations in Paragraph 232.

233.     PG&E respectfully refers the Court to the document referenced in Paragraph 233 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 233.

234.     PG&E denies the allegations in Paragraph 234.

235.     PG&E denies the allegations in Paragraph 235.

236.     PG&E denies the allegations in Paragraph 236.

237.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 237 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 237.

238.     PG&E denies the allegations in Paragraph 238.

239.     PG&E respectfully refers the Court to the document referenced in Paragraph 239 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 239.

240.     PG&E denies the allegations in Paragraph 240.

241.     PG&E respectfully refers the Court to the document referenced in Paragraph 241 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 241.

242.     PG&E denies the allegations in Paragraph 242.

243.     PG&E denies the allegations in Paragraph 243.

244.     PG&E respectfully refers the Court to the document referenced in Paragraph 244 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 244.

245.     PG&E denies the allegations in Paragraph 245.

246.     PG&E respectfully refers the Court to the document referenced in Paragraph 246 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 246.

247.     PG&E respectfully refers the Court to the document referenced in Paragraph 247 for a complete statement of its contents and public sources for the historical closing prices of PG&E's shares.  PG&E otherwise denies the allegations in Paragraph 247.

248.     PG&E denies the allegations in Paragraph 248.

249.     PG&E respectfully refers the Court to the document referenced in Paragraph 249 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 249.

250.     PG&E denies the allegations in Paragraph 250.

251.     PG&E respectfully refers the Court to the documents referenced in Paragraph 251 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 251.

252.     PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review.  PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 252.

253.     Paragraph 253 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney.  PG&E otherwise denies the allegations in Paragraph 253.

254.     PG&E respectfully refers the Court to the document referenced in Paragraph 254 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 254.

255.     PG&E denies the allegations in Paragraph 255.

256.     PG&E respectfully refers the Court to the documents referenced in Paragraph 256 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 256.

257.     PG&E denies the allegations in Paragraph 257.

258.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 258 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 258.

259.     PG&E denies the allegations in Paragraph 259.

260.     PG&E denies the allegations in Paragraph 260.

261.     PG&E denies the allegations in Paragraph 261.

262.     PG&E respectfully refers the Court to the document referenced in Paragraph 262 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 262.

263.     PG&E denies the allegations in Paragraph 263.

1    264.    PG&E respectfully refers the Court to the publicly available transcript for the earnings

2    call referenced in Paragraph 264 for a complete transcript of the earnings call.  PG&E otherwise denies

3    the allegations in Paragraph 264.

4    265.    PG&E denies the allegations in Paragraph 265.

5    266.    PG&E denies the allegations in Paragraph 266.

6    267.    PG&E admits that (i) PG&E submitted an incident report to the CPUC on November

7    8, 2018 and respectfully refers the Court to that document referenced in Paragraph 267 for a complete

8    statement of its contents; and (ii) Cal Fire investigated and issued certain findings regarding the role

9    of PG&E in the Camp Fire.  PG&E otherwise denies the allegations in Paragraph 267.

10   268.    PG&E denies the allegations in Paragraph 268.

11   269.    PG&E denies the allegations in Paragraph 269.

12   270.    PG&E admits that PG&E maintains a news website called "Currents" and respectfully

13   refers the Court to that website for a complete statement of its contents.  PG&E otherwise denies the

14   allegations in Paragraph 270.

15   271.    PG&E respectfully refers the Court to the document referenced in Paragraph 271 for a

16   complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 271.

17   272.    PG&E denies the allegations in Paragraph 272.

18   273.    PG&E respectfully refers the Court to the documents referenced in Paragraph 273 for

19   a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 273.

20   274.    PG&E admits that Cal Fire issued news releases stating that it had referred the

21   investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick,

22   Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review.   PG&E

23   respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete

24   statement of their contents.  PG&E otherwise denies the allegations in Paragraph 274.

25   275.    Paragraph 275 consists of legal conclusions to which no response is required.  To the

26   extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that

27   resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding

28   the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had

forwarded its Camp Fire investigative report to the Butte County District Attorney. PG&E otherwise denies the allegations in Paragraph 275.

276. PG&E respectfully refers the Court to the document referenced in Paragraph 276 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 276.

277. PG&E denies the allegations in Paragraph 277.

278. PG&E respectfully refers the Court to the documents referenced in Paragraph 278 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 278.

279. PG&E denies the allegations in Paragraph 279.

280. PG&E respectfully refers the Court to the document referenced in Paragraph 280 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 280.

281. PG&E denies the allegations in Paragraph 281.

282. Paragraph 282 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that (i) PG&E submitted an incident report to the CPUC on November 8, 2018 and respectfully refers the Court to that document referenced in Paragraph 282 for a complete statement of its contents; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney. PG&E otherwise denies the allegations in Paragraph 282.

283. PG&E denies the allegations in Paragraph 283.

284. PG&E respectfully refers the Court to the document referenced in Paragraph 284 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 284.

285. PG&E denies the allegations in Paragraph 285.

286. PG&E denies the allegations in Paragraph 286.

287. PG&E respectfully refers the Court to the document referenced in Paragraph 287 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 287.

288. Paragraph 288 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that (i) the Camp fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding

the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney. PG&E otherwise denies the allegations in Paragraph 288.

289. PG&E responds that the TAC does not cite a source for the allegations regarding the quoted language in Paragraph 289. PG&E is without sufficient information to admit or deny those allegations in Paragraph 289 and denies the allegations on that basis. PG&E otherwise denies the allegations in Paragraph 289.

290. PG&E respectfully refers the Court to the document referenced in Paragraph 290 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 290.

291. PG&E admits (i) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; (ii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 291.

292. PG&E respectfully refers the Court to the document referenced in Paragraph 292 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 292.

293. PG&E denies the allegations in Paragraph 293.

294. PG&E denies the allegations in Paragraph 294.

295. PG&E denies the allegations in Paragraph 295.

296. PG&E denies the allegations in Paragraph 296.

297. PG&E denies the allegations in Paragraph 297.

298. PG&E denies the allegations in Paragraph 298.

299. PG&E respectfully refers the Court to the document referenced in Paragraph 299 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 299.

300. PG&E respectfully refers the Court to the document referenced in Paragraph 300 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 300.

301. PG&E denies the allegations in Paragraph 301.

302. PG&E denies the allegations in Paragraph 302.

1    303.    PG&E respectfully refers the Court to the document referenced in Paragraph 303 for a

2    complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 303.

3    304.    PG&E denies the allegations in Paragraph 304.

4    305.    Paragraph 305 consists of legal conclusions to which no response is required.  To the

5    extent a response is required, PG&E admits that (i) PG&E submitted an incident report to the CPUC

6    on November 8, 2018 and respectfully refers the Court to that document referenced in Paragraph 305

7    for a complete statement of its contents; (ii) Cal Fire investigated and issued certain findings regarding

8    the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had

9    forwarded its Camp Fire investigative report to the Butte County District Attorney.  PG&E respectfully

10   refers the Court to the source of the alleged communications referenced in Paragraph 305 for a

11   complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 305.

12   306.    PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in

13   extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions

14   regarding, the role of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June 16,

15   2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing

16   a fire.  PG&E otherwise denies the allegations in Paragraph 306.

17   307.    PG&E denies the allegations in Paragraph 307.

18   308.    PG&E denies the allegations in Paragraph 308.

19   309.    PG&E denies the allegations in Paragraph 309.

20   310.    PG&E denies the allegations in Paragraph 310.

21   311.    PG&E denies the allegations in Paragraph 311.

22   312.    PG&E admits (i) the Camp Fire was a catastrophic wildfire that resulted in extensive

23   loss and damage; (ii) that certain government bodies investigated, and reached conclusions regarding,

24   the role of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020,

25   PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a

26   fire.  PG&E otherwise denies the allegations in Paragraph 312.

27   313.    PG&E denies the allegations in Paragraph 313.

28

314.    PG&E respectfully refers the Court to the document referenced in Paragraph 314 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 314.

315.    PG&E denies the allegations in Paragraph 315.

316.    PG&E denies the allegations in Paragraph 316.

317.    Paragraph 317 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that the doctrine of inverse condemnation can be applied to PG&E, holding PG&E strictly liable under certain circumstances, and that PG&E could be reimbursed for certain costs under certain circumstances after petitioning the CPUC. PG&E otherwise denies the allegations in Paragraph 317.

318.    PG&E respectfully refers the Court to the document referenced in Paragraph 318 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 318.

319.    PG&E denies the allegations in Paragraph 319.

320.    PG&E denies the allegations in Paragraph 320.

321.    PG&E denies the allegations in Paragraph 321.

322.    PG&E admits that Cal Fire investigated and issued certain findings regarding the role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in Paragraph 322.

323.    PG&E admits that (i) the North Bay Fires were catastrophic wildfires that resulted in extensive loss and damage; and (ii) Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review. PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 323.

324.    PG&E admits that (i) the North Bay Fires were catastrophic wildfires that resulted in extensive loss and damage; and (ii) Cal Fire did not refer certain of the North Bay Fires to a district attorney's office for review. PG&E otherwise denies the allegations in Paragraph 324.

325.    PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; (iii) in connection with the Camp Fire, on June 16,

2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire; and (iv) former PG&E Corporation CEO and President Bill Johnson stated during a court hearing, "[o]ur equipment started that fire." PG&E otherwise denies the allegations in Paragraph 325.

326. PG&E admits that (i) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (ii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney. PG&E otherwise denies the allegations in Paragraph 326.

327. PG&E admits that (i) the North Bay Fires were catastrophic wildfires that resulted in extensive loss and damage, including burning hundreds of thousands of acres; and (ii) the North Bay Fires began on October 8, 2017. PG&E otherwise denies the allegations in Paragraph 327.

328. PG&E avers that no response is required to the allegations in Paragraph 328 because they pertain solely to an allegation that the Court's Memorandum Decision on Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections (Dkt. 14593) ("Memorandum Decision") dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to the documents referenced in Paragraph 328 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 328.

329. PG&E avers that no response is required to the allegations in Paragraph 329 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 329 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 329.

330. PG&E avers that no response is required to the allegations in Paragraph 330 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 330.

331. PG&E avers that no response is required to the allegations in Paragraph 331 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in

Paragraph 331 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 331.

332.    PG&E avers that no response is required to the allegations in Paragraph 332 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 332 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 332.

333.    PG&E avers that no response is required to the allegations in Paragraph 333 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 333 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 333.

334.    PG&E avers that no response is required to the allegations in Paragraph 334 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 334 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 334.

335.    PG&E respectfully refers the Court to the document referenced in Paragraph 335 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 335.

336.    PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 336.

337.    PG&E respectfully refers the Court to the document referenced in Paragraph 337 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 337.

338.    PG&E denies the allegations in Paragraph 338.

339.    PG&E avers that no response is required to the allegations in Paragraph 339 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in

Paragraph 339 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 339.

340. PG&E avers that no response is required to the allegations in Paragraph 340 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 340.

341. PG&E denies the allegations in Paragraph 341.

342. PG&E avers that no response is required to the allegations in Paragraph 342 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E denies the allegations in Paragraph 342.

343. PG&E avers that no response is required to the allegations in Paragraph 343 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 343 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 343.

344. PG&E avers that no response is required to the allegations in Paragraph 344 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 344 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 344.

345. PG&E avers that no response is required to the allegations in Paragraph 345 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed. To the extent a response is necessary, PG&E denies the allegations in Paragraph 345.

346. PG&E respectfully refers the Court to the document referenced in Paragraph 346 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 346.

347. PG&E respectfully refers the Court to the document referenced in Paragraph 347 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 347.

348. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 348.

349. PG&E respectfully refers the Court to the document referenced in Paragraph 349 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 349.

350. PG&E respectfully refers the Court to the document referenced in Paragraph 350 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 350.

351. PG&E denies the allegations in Paragraph 351.

352. PG&E denies the allegations in Paragraph 352.

353. PG&E respectfully refers the Court to the document referenced in Paragraph 353 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 353.

354. PG&E respectfully refers the Court to the document referenced in Paragraph 354 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 354.

355. PG&E respectfully refers the Court to the document referenced in Paragraph 355 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 355.

356. PG&E respectfully refers the Court to the document referenced in Paragraph 356 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 356.

357. PG&E respectfully refers the Court to the document referenced in Paragraph 357 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 357.

358. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 358.

359. PG&E respectfully refers the Court to the documents referenced in Paragraph 359 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 359.

360. PG&E respectfully refers the Court to the document referenced in Paragraph 360 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 360.

361. PG&E denies the allegations in Paragraph 361.

362. PG&E denies the allegations in Paragraph 362.

363. PG&E admits the Camp Fire began in the early morning of November 8, 2018 and grew throughout the day. PG&E lacks knowledge or information sufficient to form an opinion as to

the truth of the allegations in the second sentence in Paragraph 363 and denies them on that basis. PG&E otherwise denies the allegations in Paragraph 363.

364. PG&E respectfully refers the Court to the document referenced in Paragraph 364 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 364.

365. PG&E respectfully refers the Court to the document referenced in Paragraph 365 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 365.

366. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 366.

367. PG&E denies the allegations in Paragraph 367.

368. PG&E respectfully refers the Court to the document referenced in Paragraph 368 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 368.

369. PG&E respectfully refers the Court to the document referenced in Paragraph 369 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 369.

370. PG&E respectfully refers the Court to the document referenced in Paragraph 370 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 370.

371. PG&E respectfully refers the Court to the document referenced in Paragraph 371 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 371.

372. PG&E denies the allegations in Paragraph 372.

373. PG&E lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 373 regarding the timing of reports by news outlets and denies them on that basis, except PG&E respectfully refers the Court to the document referenced in Paragraph 373 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 373.

374. PG&E respectfully refers the Court to the documents referenced in Paragraph 374 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 374.

375. PG&E respectfully refers the Court to the documents referenced in Paragraph 375 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 375.

376. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 376.

377.     PG&E respectfully refers the Court to the document referenced in Paragraph 377 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 377.

378.     PG&E respectfully refers the Court to the document referenced in Paragraph 378 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 378.

379.     PG&E respectfully refers the Court to the document referenced in Paragraph 379 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 379.

380.     PG&E respectfully refers the Court to the document referenced in Paragraph 380 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 380.

381.     PG&E avers that no response is required to the allegations in Paragraph 381 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 381 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 381.

382.     PG&E avers that no response is required to the allegations in Paragraph 382 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 382.

383.     PG&E avers that no response is required to the allegations in Paragraph 383 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E responds that the TAC does not cite a source for the allegations in Paragraph 383, and PG&E is therefore without sufficient information to admit or deny the allegations in Paragraph 383 and denies the allegations on that basis.

384.     PG&E avers that no response is required to the allegations in Paragraph 384 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 384 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 384.

385.     PG&E avers that no response is required to the allegations in Paragraph 385 because they pertain solely to an allegation that the Court's Memorandum Decision dismissed.  To the extent a response is necessary, PG&E respectfully refers the Court to the document referenced in Paragraph 385 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 385.

386.     PG&E respectfully refers the Court to the document referenced in Paragraph 386 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 386.

387.     PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 387.

388.     PG&E denies the allegations in Paragraph 388.

389.     PG&E respectfully refers the Court to the document referenced in Paragraph 389 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 389.

390.     PG&E denies the allegations in Paragraph 390.

391.     PG&E denies the allegations in Paragraph 391.

392.     PG&E admits that (i) the Butte Fire was a catastrophic wildfire that resulted in extensive loss and damage; and (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Butte Fire.   PG&E otherwise denies the allegations in Paragraph 392.

393.     PG&E admits that Yarnell testified in a deposition in the coordination proceeding in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*, Case No. JCCP 4853, on April 10, 2017.  PG&E otherwise denies the allegations in Paragraph 393.

394.     PG&E respectfully refers the Court to the document referenced in Paragraph 394 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 394.

395.     PG&E denies the allegations in Paragraph 395.

396.     PG&E respectfully refers the Court to the document referenced in Paragraph 396 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 396.

397.     PG&E respectfully refers the Court to the document referenced in Paragraph 397 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 397.

398.    PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.  PG&E respectfully refers the Court to the documents referenced in Paragraph 398 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 398.

399.    PG&E admits that PG&E officers spoke about PG&E's vegetation management procedures and results.  PG&E otherwise denies the allegations in Paragraph 399.

400.    Paragraph 400 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 400.

401.    PG&E respectfully refers the Court to the documents referenced in Paragraph 401 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 401.

402.    PG&E respectfully refers the Court to the documents referenced in Paragraph 402 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 402.

403.    PG&E denies the allegations in Paragraph 403.

404.    PG&E admits that (i) on August 9, 2016, a jury in the federal criminal trial against Pacific Gas and Electric Company in connection with the San Bruno explosion in September 2010 in the United States District Court for the Northern District of California, in San Francisco, found Pacific Gas and Electric Company guilty on five counts of violations of pipeline integrity management regulations of the Natural Gas Pipeline Safety Act; and (ii) on January 26, 2017, the court sentenced Pacific Gas and Electric Company to a 5-year corporate probation period, oversight by a third-party monitor for a period of five years, with the ability to apply for early termination after three years, a fine of $3 million to be paid to the federal government, certain advertising requirements, and community service.  PG&E otherwise denies the allegations in Paragraph 404.

405.    PG&E respectfully refers the Court to the document referenced in Paragraph 405 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 405.

406.    PG&E admits that on August 14, 2017, the case styled *United States v. Pacific Gas and Electric Company*, Case Number 3:14-cr-00175-TEH-1, was reassigned to the Honorable William H. Alsup ("Judge Alsup") for all further proceedings.  PG&E otherwise denies the allegations in Paragraph 406.

407. PG&E respectfully refers the Court to the document referenced in Paragraph 407 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 407.

408. PG&E respectfully refers the Court to the documents referenced in Paragraph 408 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 408.

409. PG&E respectfully refers the Court to the document referenced in Paragraph 409 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 409.

410. PG&E respectfully refers the Court to the document referenced in Paragraph 410 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 410.

411. PG&E respectfully refers the Court to the document referenced in Paragraph 411 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 411.

412. PG&E respectfully refers the Court to the document referenced in Paragraph 412 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 412.

413. PG&E respectfully refers the Court to the document referenced in Paragraph 413 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 413.

414. PG&E respectfully refers the Court to the document referenced in Paragraph 414 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 414.

415. PG&E denies the allegations in Paragraph 415.

416. PG&E respectfully refers the Court to the document referenced in Paragraph 416 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 416.

417. PG&E respectfully refers the Court to the document referenced in Paragraph 417 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 417.

418. PG&E respectfully refers the Court to the document referenced in Paragraph 418 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 418.

419. PG&E denies the allegations in Paragraph 419.

420. PG&E respectfully refers the Court to the document referenced in Paragraph 420 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 420.

421. PG&E respectfully refers the Court to the documents referenced in Paragraph 421 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 421.

42

422.     PG&E respectfully refers the Court to the documents referenced in Paragraph 422 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 422.

423.     PG&E respectfully refers the Court to the document referenced in Paragraph 423 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 423.

424.     PG&E respectfully refers the Court to the document referenced in Paragraph 424 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 424.

425.     PG&E denies the allegations in Paragraph 425.

426.     PG&E denies the allegations in Paragraph 426.

427.     PG&E respectfully refers the Court to the document referenced in Paragraph 427 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 427.

428.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 428 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 428.

429.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 429 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 429.

430.     PG&E denies the allegations in Paragraph 430.

431.     PG&E denies the allegations in Paragraph 431.

432.     PG&E admits that it employed Julie Kane as its Chief Ethics and Compliance Officer.  PG&E otherwise denies the allegations in Paragraph 432.

433.     PG&E respectfully refers the Court to the documents referenced in Paragraph 433 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 433.

434.     PG&E denies the allegations in Paragraph 434.

435.     PG&E denies the allegations in Paragraph 435.

436.     PG&E admits that Kane reported to the CEO.  PG&E otherwise denies the allegations in Paragraph 436.

437.     Paragraph 437 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that it recorded approximately $14 billion in pre-tax

charges related to the 2018 Camp Fire and the 2017 North Bay Fires. PG&E otherwise denies the allegations in Paragraph 437.

438. PG&E denies the allegations in Paragraph 438.

439. PG&E respectfully refers the Court to the documents referenced in Paragraph 439 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 439.

440. PG&E denies the allegations in Paragraph 440.

441. PG&E denies the allegations in Paragraph 441.

442. PG&E admits that (i) the San Bruno explosion resulted in extensive loss and property damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E equipment in the San Bruno explosion; and (iii) a federal jury found Pacific Gas and Electric Company guilty on six of twelve criminal charges, including obstruction of justice, related to the San Bruno explosion. PG&E otherwise denies the allegations in Paragraph 442.

443. PG&E admits that certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire. PG&E otherwise denies the allegations in Paragraph 443.

444. PG&E denies the allegations in Paragraph 444.

445. PG&E respectfully refers the Court to the document referenced in Paragraph 445 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 445.

446. PG&E respectfully refers the Court to the document referenced in Paragraph 446 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 446.

447. PG&E denies the allegations in Paragraph 447.

448. PG&E respectfully refers the Court to the documents referenced in Paragraph 448 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 448.

449. PG&E otherwise denies the allegations in Paragraph 449.

450. PG&E respectfully refers the Court to the documents referenced in Paragraph 450 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 450.

451. PG&E respectfully refers the Court to the documents referenced in Paragraph 451 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 451.

452.    PG&E respectfully refers the Court to the document referenced in Paragraph 452 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 452.

453.    PG&E denies the allegations in Paragraph 453.

454.    PG&E denies the allegations in Paragraph 454.

455.    PG&E respectfully refers the Court to the documents referenced in Paragraph 455 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 455.

456.    PG&E respectfully refers the Court to the document referenced in Paragraph 456 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 456.

457.    PG&E admits that (i) Earley retired as Executive Chairman of the Company in December 2017; (ii) Stavropoulos retired as COO in September 2018; and (iii) Hogan retired as Senior Vice President of Electric Operations in January 2019.  PG&E otherwise denies the allegations in Paragraph 457.

458.    PG&E respectfully refers the Court to the document referenced in Paragraph 458 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 458.

459.    PG&E denies the allegations in Paragraph 459.

460.    Paragraph 460 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 460 contain facts requiring a response, PG&E admits (i) PG&E stock was traded on the NYSE; (ii) PG&E filed public reports with the SEC and NYSE; (iii) PG&E communicated with investors; and (iv) securities analysts wrote reports regarding PG&E.  PG&E otherwise denies the allegations in Paragraph 460.

461.    Paragraph 461 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 461.

462.    Paragraph 462 consists of legal conclusions that are contrary to the Court's Memorandum Decision.  To the extent a response is required, PG&E denies the allegations in Paragraph 462.

463.    Paragraph 463 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 463.

464.    Paragraph 464 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 464.

465.    Paragraph 465 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 465.

466.    Paragraph 466 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 466.

467.    Paragraph 467 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 467 contain facts requiring a response, PG&E denies the allegations.

468.    Paragraph 468 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 468 contain facts requiring a response, PG&E denies the allegations.

469.    Paragraph 469 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 469 contain facts requiring a response, PG&E denies the allegations.

470.    Paragraph 470 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 470 contain facts requiring a response, PG&E denies the allegations in Paragraph 470.

471.    PG&E denies the allegations in Paragraph 471, and repeats and realleges each and every response contained above as if fully set forth herein.

472.    Paragraph 472 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that PERA purports to assert certain claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (the "Exchange Act").  PG&E otherwise denies the allegations in Paragraph 472.

473.    PG&E denies the allegations in Paragraph 473.

474.    PG&E denies the allegations in Paragraph 474.

475.    PG&E denies the allegations in Paragraph 475.

476.    PG&E denies the allegations in Paragraph 476.

477.     PG&E denies the allegations in Paragraph 477.

478.     PG&E denies the allegations in Paragraph 478.

479.     PG&E denies the allegations in Paragraph 479.

480.     PG&E denies the allegations in Paragraph 480.

481.     PG&E denies the allegations in Paragraph 481, and repeats and realleges each and every response contained above as if fully set forth herein.

482.     Paragraph 482 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that PERA purports to assert certain Exchange Act claims.  PG&E otherwise denies the allegations in Paragraph 482.

483.     PG&E admits that (i) Pacific Gas and Electric Company is the primary operating subsidiary of PG&E Corporation; and (ii) at certain times, certain of PG&E Corporation's directors also sat on the board of Pacific Gas and Electric Company.  PG&E otherwise denies the allegations in Paragraph 483.

484.     PG&E admits that it has a duty to disseminate materially accurate and truthful information to the public.  PG&E otherwise denies the allegations in Paragraph 484.

485.     PG&E denies the allegations in Paragraph 485.

486.     PG&E denies the allegations in Paragraph 486.

487.     PG&E denies the allegations in Paragraph 487, and repeats and realleges each and every response contained above as if fully set forth herein.

488.     PG&E admits that certain of the individual defendants to the Exchange Act claims have participated in the operation and management of PG&E.  PG&E otherwise denies the allegations in Paragraph 488.

489.     PG&E admits that certain of the individual defendants to the Exchange Act claims have participated in the operation and management of PG&E.  PG&E otherwise denies the allegations in Paragraph 489.

490.     PG&E denies the allegations in Paragraph 490.

491.     PG&E denies the allegations in Paragraph 491.

492. PG&E denies the allegations in Paragraph 492, and repeats and realleges each and every response contained above as if fully set forth herein.

493. PG&E denies the allegations in Paragraph 493.

494. PG&E denies the allegations in Paragraph 494.

495. PG&E denies the allegations in Paragraph 495.

496. PG&E admits that PERA purports to assert certain claims under the Securities Act of 1933, 15 U.S.C. § 77a et seq (the "Securities Act"). PG&E respectfully refers the Court to the document referenced in Paragraph 496 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 496.

497. Paragraph 497 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 497.

498. PG&E admits that (i) the Butte Fire, North Bay Fires, and Camp Fire were catastrophic wildfires that resulted in extensive loss and damage; and (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Butte Fire, North Bay Fires, and the Camp Fire. PG&E otherwise denies the allegations in Paragraph 498.

499. PG&E asserts that the potential liability associated with certain wildfires caused PG&E to file for bankruptcy, and that the bankruptcy filings included liabilities and potential liabilities. PG&E respectfully refers the Court to the documents cited in Paragraph 499 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 499.

500. PG&E respectfully refers the Court to the document referenced in Paragraph 500 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 500.

501. PG&E admits that (i) on March 1, 2016, Pacific Gas and Electric Company completed a sale of $600,000,000 aggregate principal amount of 2.95% senior notes due March 1, 2026; (ii) on December 1, 2016, Pacific Gas and Electric Company completed the sale of $250,000,000 aggregate principal amount of floating rate senior notes due November 30, 2017 and $400,000,000 aggregate principal amount of 4.00% senior notes due December 1, 2046; (iii) on March 10, 2017 Pacific Gas and Electric Company completed the sale of 3.30% senior notes due March 15, 2027 in the aggregate principal amount of $400,000,000 and 4.00% senior notes due December 1, 2046 in the aggregate

principal amount of $200,000,000; and (iv) on April 13, 2018 Pacific Gas and Electric Company commenced an offer to exchange up to $500 million worth of floating rate senior notes due November 28, 2018, $1.15 billion worth of 3.30% senior notes due December 1, 2027, and $850 million worth of 3.95% senior notes due December 1, 2047. PG&E respectfully refers the Court to the documents referenced in Paragraph 501 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 501.

502.     PG&E admits the allegations in Paragraph 502.

503.     PG&E denies the allegations in Paragraph 503.

504.     PG&E denies the allegations in Paragraph 504.

505.     PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E notes. PG&E otherwise denies the allegations in Paragraph 505.

506.     PG&E avers that no response is required to the allegations contained in Paragraph 506. To the extent a response is required, PG&E denies the allegations in Paragraph 506.

507.     PG&E avers that no response is required to the allegations contained in Paragraph 507. To the extent a response is required, PG&E denies the allegations in Paragraph 507.

508.     PG&E avers that no response is required to the allegations contained in Paragraph 508. To the extent a response is required, PG&E denies the allegations in Paragraph 508.

509.     PG&E admits that (i) Pacific Gas and Electric Company is a California public utility operating in northern and central California; (ii) Pacific Gas and Electric Company is the registrant and issuer of Pacific Gas and Electric Company's March 2016 public offering of senior notes (the "March 2016 Offering"), Pacific Gas and Electric Company's December 2016 public offering of senior notes (the "December 2016 Offering"), Pacific Gas and Electric Company's March 2017 public offering of senior notes (the "March 2017 Offering"), and Pacific Gas and Electric Company's April 2018 exchange offer (the "Exchange Offer" and together with the March 2016 Offering, the December 2016 Offering, and the March 2017 Offering, the "Offerings"); and (iii) Pacific Gas and Electric Company filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California on January 29, 2019. PG&E otherwise denies the allegations in Paragraph 509.

510.     PG&E admits that (i) PG&E Corporation conducts its operations primarily through its subsidiary, Pacific Gas and Electric Company; (ii) at certain times, certain of PG&E Corporation's directors also sat on the board of Pacific Gas and Electric Company; and (iii) PG&E Corporation filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California on January 29, 2019.  PG&E otherwise denies the allegations in Paragraph 510.

511.     PG&E avers that no response is required to the allegations contained in Paragraph 511.  To the extent a response is required, PG&E admits that PERA purports to assert certain Securities Act claims.  PG&E otherwise denies the allegations in Paragraph 511.

512.     PG&E admits that (i) Earley served as PG&E Corporation's President, CEO, and Chairman of the Board from September 13, 2011 to February 28, 2017, and as its Executive Chairman from March 1, 2017 to December 2017; and (ii) Earley signed the shelf registration statement used for the March 2016 Offering and the December 2016 Offering, and the registration statement for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 512.

513.     PG&E admits that (i) Williams served as PG&E Corporation's CEO and President from March 1, 2017 until her resignation on January 13, 2019; (ii) Williams served as Pacific Gas and Electric Company's President of Electric from September 15, 2015 to February 28, 2017; (iii) Williams served as Pacific Gas and Electric Company's President of Electric Operations from August 17, 2015 to September 15, 2015; (iv) Williams served as Pacific Gas and Electric Company's Executive Vice President, Electric Operations from June 1, 2011 to August 16, 2015; (v) Williams served as a Director of the PG&E Corporation from May 2017 to January 2019; (vi) Williams served as a Director of the Pacific Gas and Electric Company from August 2015 to January 2019; and (vii) Williams signed the registration statements for the March 2017 Offering and the Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 513.

514.     PG&E admits that (i) Stavropoulos served as the President and COO of Pacific Gas and Electric Company from March 1, 2017 to September 2018; (ii) Stavropoulos served as the Pacific Gas and Electric Company's President of Gas from September 15, 2015 to February 28, 2017; (iii) Stavropoulos served as Pacific Gas and Electric Company's President of Gas Operations from August 17, 2015 to September 15, 2015; (iv) Stavropoulos served as Pacific Gas and Electric Company's

Executive Vice President of Gas Operations from June 13, 2011 to August 16, 2015; (v) Stavropoulos served as a Director of Pacific Gas and Electric Company from August 2015 to September 2018; and (vi) Stavropoulos signed the registration statements for the March 2017 Offering and the Exchange Offer. PG&E otherwise denies the allegations in Paragraph 514.

515. PG&E admits that (i) Barbara L. Rambo ("Rambo") served as a director of Pacific Gas and Electric Company from January 1, 2005 until April 9, 2019; (ii) Rambo signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer; and (iii) on April 3, 2019, PG&E announced that Rambo would be replaced at the next Board meeting. PG&E otherwise denies the allegations in Paragraph 515.

516. PG&E admits that (i) David S. Thomason ("Thomason") served as the Chief Financial Officer, Vice President, and Controller of Pacific Gas and Electric Company from June 1, 2016 to January 9, 2023; (ii) prior to June 2016, Thomason worked in various other roles at PG&E beginning in 2001; and (iii) Thomason signed the registration statements for the March 2017 Offering and the Exchange Offer. PG&E otherwise denies the allegations in Paragraph 516.

517. PG&E admits that (i) Dinyar B. Mistry ("Mistry") served as PG&E's Senior Vice President of Human Resources, in addition to other roles, from March 1, 2016 to October 2020; (ii) prior to March 2016, Mistry worked in various roles at PG&E beginning in 1994; and (iii) Mistry signed the shelf registration statement for the March 2016 Offering and the December 2016 Offering. PG&E otherwise denies the allegations in Paragraph 517.

518. PG&E admits that (i) Lewis Chew ("Chew") served as a director of Pacific Gas and Electric Company from 2009 until April 9, 2019; (ii) Chew signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer; and (iii) on April 3, 2019, PG&E announced that Chew would be replaced at the next Board meeting. PG&E otherwise denies the allegations in Paragraph 518.

519. PG&E admits that (i) Fred J. Fowler ("Fowler") served as a director of Pacific Gas and Electric Company from March 1, 2012 until July 1, 2020; and (ii) Fowler signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer. PG&E otherwise denies the allegations in Paragraph 519.

520.     PG&E admits that (i) Maryellen C. Herringer ("Herringer") served as a director of Pacific Gas and Electric Company from October 19, 2005 until May 30, 2017; and (ii) Herringer signed the registration statements for the March 2016 Offering, the December 2016 Offering, and the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 520.

521.     PG&E admits that (i) Richard C. Kelly ("Kelly") served as a director of PG&E Corporation and Pacific Gas and Electric Company from June 2013 until April 22, 2019; (ii) Kelly served as Chairman of the Board of PG&E Corporation from December 15, 2017 until April 22, 2019; and (iii) Kelly signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 521.

522.     PG&E admits that (i) Roger H. Kimmel ("Kimmel") served as a director of PG&E Corporation and Pacific Gas and Electric Company from January 1, 2009 until January 14, 2019; and (ii) Kimmel signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 522.

523.     PG&E admits that (i) Richard A. Meserve ("Meserve") served as a director of PG&E Corporation and Pacific Gas and Electric Company from December 20, 2006 until April 9, 2019; (ii) Meserve signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer; and (iii) on April 3, 2019, PG&E announced that Meserve would be replaced at the next Board meeting.  PG&E otherwise denies the allegations in Paragraph 523.

524.     PG&E admits that (i) Forrest E. Miller ("Miller") served as a director of PG&E Corporation and Pacific Gas and Electric Company from January 1, 2009 until April 9, 2019; (ii) Miller served as Chairman of the Pacific Gas and Electric Company's Board from May 30, 2017 until April 9, 2019; (iii) Miller signed the registration statements for the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer; and (iv) on April 3, 2019, PG&E announced that Miller would be replaced at the next Board meeting.  PG&E otherwise denies the allegations in Paragraph 524.

525.    PG&E admits that (i) Barry Lawson Williams ("B. Williams") served as a director of Pacific Gas and Electric Company from September 1990 until May 30, 2017; (ii) B. Williams served as Chairman of Pacific Gas and Electric Company's Board from May 12, 2014 to May 30, 2017; and (iii) B. Williams signed the registration statements for the March 2016 Offering, the December 2016 Offering, and the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 525.

526.    PG&E admits that (i) Rosendo G. Parra ("Parra") served as a director of PG&E Corporation and Pacific Gas and Electric Company from September 16, 2009 until April 9, 2019; (ii) Parra signed the registration statements for the March 2017 Offering and the Exchange Offer; and (iii) on April 3, 2019, PG&E announced that Parra would be replaced at the next Board meeting.  PG&E otherwise denies the allegations in Paragraph 526.

527.    PG&E admits that (i) Anne Shen Smith ("Smith") served as a director of Pacific Gas and Electric Company from 2015 until April 9, 2019; (ii) Smith signed the registration statements for the March 2017 Offering and the Exchange Offer; and (iii) on April 3, 2019, PG&E announced that Smith would be replaced at the next Board meeting.  PG&E otherwise denies the allegations in Paragraph 527.

528.    PG&E admits that (i) Eric D. Mullins ("Mullins") served as a director of Pacific Gas and Electric Company from September 20, 2016 until July 1, 2020; and (ii) Mullins signed the registration statements for the March 2017 Offering and Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 528.

529.    PG&E admits that (i) Earley, Rambo, Miller, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, and B. Williams signed the shelf registration statement for the March 2016 Offering; (ii) Earley, Rambo, Miller, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, and B. Williams signed the shelf registration statement for the December 2016 Offering; (iii) Earley, Williams, Stavropoulos, Rambo, Thomason, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, B. Williams, Parra, Smith, and Mullins signed the registration statement for the March 2017 Offering; and (iv) Williams, Stavropoulos, Rambo, Thomason, Chew, Fowler, Kelly, Kimmel, Meserve, Miller, Parra, Smith, and Mullins signed the registration statement for the Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 529.

1   530.   PG&E avers that no response is required to the allegations contained in Paragraph 530.

2   To the extent a response is required, PG&E admits that PERA purports to assert certain Securities Act

3   claims.  PG&E otherwise denies the allegations in Paragraph 530.

4   531.   PG&E admits that Barclays Capital Inc. served as an underwriter for the March 2016

5   Offering.  PG&E otherwise denies the allegations in Paragraph 531.

6   532.   PG&E admits that BNP Paribas Securities Corp. served as an underwriter for the March

7   2016 Offering and the March 2017 Offering.   PG&E otherwise denies the allegations in

8   Paragraph 532.

9   533.   PG&E admits that Morgan Stanley & Co. LLC served as an underwriter for the March

10  2016 Offering.  PG&E otherwise denies the allegations in Paragraph 533.

11  534.   PG&E admits that MUFG Securities Americas, Inc. f/k/a Mitsubishi UFJ Securities

12  (USA), Inc. served as an underwriter for the March 2016 Offering.  PG&E otherwise denies the

13  allegations in Paragraph 534.

14  535.   PG&E admits that The Williams Capital Group, L.P. served as an underwriter for the

15  March 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 535.

16  536.   PG&E admits that Citigroup Global Markets Inc. served as an underwriter for the

17  December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 536.

18  537.   PG&E admits that J.P. Morgan Securities LLC served as an underwriter for the

19  December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 537.

20  538.   PG&E admits that Merrill Lynch, Pierce, Fenner & Smith Incorporated served as an

21  underwriter for the December 2016 Offering.   PG&E otherwise denies the allegations in

22  Paragraph 538.

23  539.   PG&E admits that Mizuho Securities USA LLC f/k/a Mizuho Securities USA Inc.

24  served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in

25  Paragraph 539.

26  540.   PG&E admits that Goldman, Sachs & Co. LLC f/k/a/ Goldman, Sachs & Co. served as

27  an underwriter for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 540.

28

541.     PG&E admits that RBC Capital Markets, LLC served as an underwriter for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 541.

542.     PG&E admits that Wells Fargo Securities, LLC served as an underwriter for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 542.

543.     PG&E admits that BNY Mellon Capital Markets, LLC served as an underwriter for the March 2016 Offering and the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 543.

544.     PG&E admits that TD Securities (USA) LLC served as an underwriter for the March 2016 Offering and the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 544.

545.     PG&E admits that C.L. King & Associates, Inc. served as an underwriter for the March 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 545.

546.     PG&E admits that Great Pacific Securities served as an underwriter for the March 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 546.

547.     PG&E admits that CIBC World Markets Corp. served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 547.

548.     PG&E admits that SMBC Nikko Securities America, Inc. served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 548.

549.     PG&E admits that U.S. Bancorp Investments, Inc. served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 549.

550.     PG&E admits that Lebenthal & Co., LLC served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 550.

551.     PG&E admits that Mischler Financial Group, Inc. served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 551.

552.     PG&E admits that Blaylock Van, LLC served as an underwriter for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 552.

553.     PG&E admits that Samuel A. Ramirez & Company, Inc. served as an underwriter for the December 2016 Offering.  PG&E otherwise denies the allegations in Paragraph 553.

554.     PG&E admits that MFR Securities, Inc. served as an underwriter for the March 2017 Offering.  PG&E otherwise denies the allegations in Paragraph 554.

555.     Paragraph 555 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) Barclays Capital Inc., BNP Paribas Securities Corp., Morgan Stanley & Co. LLC, Mitsubishi UFJ Securities (USA), Inc., The Williams Capital Group, L.P., Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Mizuho Securities USA Inc., Goldman, Sachs & Co., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, BNY Mellon Capital Markets, LLC, TD Securities (USA) LLC, C.L. King & Associates, Inc., Great Pacific Securities, CIBC World Markets Corp., SMBC Nikko Securities America, Inc., U.S. Bancorp Investments, Inc., Lebenthal & Co., LLC, Mischler Financial Group, Inc., Blaylock Beal Van, LLC, Samuel A. Ramirez & Company, Inc., and MFR Securities, Inc. (together, the "Underwriters") disseminated the documents used to effectuate each of the Offerings for which they served as underwriters; and (ii) the Underwriters received fees and commissions in connection with the Offerings.  PG&E otherwise denies the allegations in Paragraph 555.

556.     PG&E avers that no response is required to the allegations contained in Paragraph 556.

557.     PG&E denies the allegations in Paragraph 557.

558.     Paragraph 558 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referred to in Paragraph 558 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 558.

559.     Paragraph 559 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provisions referred to in Paragraph 559 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 559.

560.     Paragraph 560 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provisions and General Order

referred to in Paragraph 560 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 560.

561. Paragraph 561 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E (i) admits that certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the Camp Fire; and (ii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 561.

562. PG&E admits that it is required to adhere to certain laws and regulations. PG&E respectfully refers the Court to the document referenced in Paragraph 562 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 562.

563. PG&E admits that (i) the Butte Fire was a catastrophic wildfire that resulted in extensive loss and damage; and (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Butte Fire. PG&E otherwise denies the allegations in Paragraph 563.

564. PG&E respectfully refers the Court to the document referenced in Paragraph 564 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 564.

565. PG&E admits that (i) Pacific Gas and Electric Company filed a Preliminary Prospectus Supplement on February 23, 2016; (ii) Pacific Gas and Electric Company filed a Prospectus Supplement on February 24, 2016; and (iii) on March 1, 2016, Pacific Gas and Electric Company completed a sale of $600,000,000 aggregate principal amount of 2.95% senior notes due March 1, 2026. PG&E respectfully refers the Court to the documents referenced in Paragraph 565 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 565.

566. PG&E respectfully refers the Court to the documents referenced in Paragraph 566 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 566.

567. PG&E respectfully refers the Court to the document referenced in Paragraph 567 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 567.

568.     PG&E respectfully refers the Court to the document referenced in Paragraph 568 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 568.

569.     PG&E respectfully refers the Court to the document referenced in Paragraph 569 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 569.

570.     PG&E respectfully refers the Court to the documents referenced in Paragraph 570 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 570.

571.     PG&E respectfully refers the Court to the document referenced in Paragraph 571 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 571.

572.     PG&E admits that (i) Pacific Gas and Electric Company filed a Preliminary Prospectus Supplement on November 28, 2016; (ii) Pacific Gas and Electric Company filed a Prospectus Supplement on November 29, 2016; and (iii) on December 1, 2016, Pacific Gas and Electric Company completed the sale of $250,000,000 aggregate principal amount of floating rate senior notes due November 30, 2017 and $400,000,000 aggregate principal amount of 4.00% senior notes due December 1, 2046.  PG&E respectfully refers the Court to the documents referenced in Paragraph 572 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 572.

573.     PG&E admits that (i) Pacific Gas and Electric Company filed a Preliminary Prospectus Supplement on March 7, 2017; (ii) Pacific Gas and Electric Company filed a Prospectus Supplement on March 8, 2017; and (iii) on March 10, 2017, Pacific Gas and Electric Company completed the sale of 3.30% senior notes due March 15, 2027 in the aggregate principal amount of $400,000,000 and 4.00% senior notes due December 1, 2046 in the aggregate principal amount of $200,000,000.  PG&E respectfully refers the Court to the documents referenced in Paragraph 573 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 573.

574.     PG&E admits that the North Bay Fires were catastrophic wildfires that resulted in extensive loss and damage.  PG&E otherwise denies the allegations in Paragraph 574.

575.     PG&E respectfully refers the Court to the document referenced in Paragraph 575 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 575.

576.     PG&E respectfully refers the Court to the document referenced in Paragraph 576 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 576.

1  577.    PG&E respectfully refers the Court to the document referenced in Paragraph 577 for a

2  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 577.

3  578.    PG&E admits that (i) Pacific Gas and Electric Company filed a Form S-4 Registration

4  Statement on April 2, 2018; and (ii) Pacific Gas and Electric Company filed a preliminary prospectus

5  offering to exchange up to $500 million aggregate principal amount of its floating rate senior notes

6  due November 28, 2018, $1.15 billion aggregate principal amount of its 3.30% senior notes due

7  December 1, 2027, and $850 million aggregate principal amount of its 3.95% senior notes due

8  December 1, 2047 that were issued pursuant to a private offering on November 29, 2017, for a like

9  aggregate principal amount of floating rate senior notes due November 28, 2018, 3.30% senior notes

10  due December 1, 2027, and 3.95% senior notes due December 1, 2047, respectively.   PG&E

11  respectfully refers the Court to the documents referenced in Paragraph 578 for a complete statement

12  of their contents.  PG&E otherwise denies the allegations in Paragraph 578.

13  579.    PG&E respectfully refers the Court to the document referenced in Paragraph 579 for a

14  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 579.

15  580.    PG&E respectfully refers the Court to the document referenced in Paragraph 580 for a

16  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 580.

17  581.    PG&E respectfully refers the Court to the document referenced in Paragraph 581 for a

18  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 581.

19  582.    PG&E respectfully refers the Court to the document referenced in Paragraph 582 for a

20  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 582.

21  583.    PG&E admits that, on June 21, 2018, Pacific Gas and Electric Company stated in a

22  Form 8-K filing that PG&E had determined it was probable it would incur a loss for claims in

23  connection with 14 of the Northern California wildfires, and accordingly, PG&E intended to record

24  an estimated pre-tax charge in the amount of $2.5 billion for the quarter ending June 30, 2018.  PG&E

25  respectfully refers the Court to the June 21, 2018 Form 8-K for a complete statement of its contents.

26  PG&E otherwise denies the allegations in Paragraph 583.

27  584.    PG&E respectfully refers the Court to the document referenced in Paragraph 584 for a

28  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 584.

585. PG&E respectfully refers the Court to the document referenced in Paragraph 585 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 585 .

586. PG&E respectfully refers the Court to the document referenced in Paragraph 586 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 586.

587. PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in extensive loss and damage; and (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 587.

588. PG&E admits (i) that Cal Fire investigated and reached certain conclusions regarding the role of PG&E in the Camp Fire; and (ii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 588.

589. PG&E respectfully refers the Court to the document referenced in Paragraph 589 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 589.

590. PG&E admits (i) that Cal Fire investigated and reached certain conclusions regarding the role of PG&E in the Camp Fire; and (ii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the documents referenced in Paragraph 590 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 590.

591. PG&E respectfully refers the Court to the document referenced in Paragraph 591 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 591.

592. PG&E respectfully refers the Court to the document referenced in Paragraph 592 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 592.

593. PG&E admits that on August 14, 2017, Judge Alsup was assigned to preside over all further proceedings as to Pacific Gas and Electric Company in the case then-pending in the United States District Court for the Northern District of California, Case No. 3:14-cr-00175-WHA. PG&E

respectfully refers the Court to the document referenced in Paragraph 593 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 593.

594.    PG&E respectfully refers the Court to the documents referenced in Paragraph 594 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 594.

595.    PG&E respectfully refers the Court to the documents referenced in Paragraph 595 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 595.

596.    PG&E respectfully refers the Court to the document referenced in Paragraph 596 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 596.

597.    PG&E respectfully refers the Court to the document referenced in Paragraph 597 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 597.

598.    PG&E respectfully refers the Court to the document referenced in Paragraph 598 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 598.

599.    PG&E respectfully refers the Court to the document referenced in Paragraph 599 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 599.

600.    PG&E respectfully refers the Court to the document referenced in Paragraph 600 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 600.

601.    PG&E respectfully refers the Court to the document referenced in Paragraph 601 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 601.

602.    PG&E respectfully refers the Court to the document referenced in Paragraph 602 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 602.

603.    PG&E respectfully refers the Court to the document referenced in Paragraph 603 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 603.

604.    PG&E respectfully refers the Court to the documents referenced in Paragraph 604 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 604.

605.    PG&E respectfully refers the Court to the document referenced in Paragraph 605 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 605.

606.    PG&E respectfully refers the Court to the document referenced in Paragraph 606 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 606.

607. PG&E denies the allegations in Paragraph 607.

608. PG&E respectfully refers the Court to the document referenced in Paragraph 608 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 608.

609. PG&E respectfully refers the Court to the documents referenced in Paragraph 609 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 609.

610. PG&E respectfully refers the Court to the document referenced in Paragraph 610 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 610.

611. PG&E respectfully refers the Court to the document referenced in Paragraph 611 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 611.

612. PG&E respectfully refers the Court to the documents referenced in Paragraph 612 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 612.

613. PG&E respectfully refers the Court to the documents referenced in Paragraph 613 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 613.

614. PG&E respectfully refers the Court to the document referenced in Paragraph 614 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 614.

615. PG&E respectfully refers the Court to the document referenced in Paragraph 615 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 615.

616. PG&E respectfully refers the Court to the document referenced in Paragraph 616 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 616.

617. PG&E respectfully refers the Court to the document referenced in Paragraph 617 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 617.

618. PG&E respectfully refers the Court to the document referenced in Paragraph 618 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 618.

619. PG&E respectfully refers the Court to the document referenced in Paragraph 619 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 619.

620. PG&E respectfully refers the Court to the document referenced in Paragraph 620 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 620.

621.     PG&E respectfully refers the Court to the document referenced in Paragraph 621 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 621.

622.     PG&E respectfully refers the Court to the document referenced in Paragraph 622 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 622.

623.     PG&E respectfully refers the Court to the document referenced in Paragraph 623 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 623.

624.     PG&E respectfully refers the Court to the document referenced in Paragraph 624 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 624.

625.     PG&E respectfully refers the Court to the document referenced in Paragraph 625 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 625.

626.     PG&E respectfully refers the Court to the document referenced in Paragraph 626 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 626.

627.     PG&E respectfully refers the Court to the document referenced in Paragraph 627 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 627.

628.     PG&E respectfully refers the Court to the document referenced in Paragraph 628 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 628.

629.     PG&E respectfully refers the Court to the documents referenced in Paragraph 629 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 629.

630.     PG&E respectfully refers the Court to the documents referenced in Paragraph 630 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 630.

631.     PG&E avers that no response is required to the allegations contained in Paragraph 631. To the extent a response is required, PG&E denies the allegations in Paragraph 631.

632.     PG&E denies the allegations in Paragraph 632.

633.     PG&E admits that (i) the registration statements, prospectuses and prospectus supplements filed with the SEC in connection with the Offerings contained risk factors relating to, among other topics, warnings that droughts, climate change, and wildfires could cause a material impact on PG&E's financial results; and (ii) Cal Fire investigated and issued certain findings regarding

the role of PG&E in certain wildfires in 2015, 2017, and 2018. PG&E otherwise denies the allegations in Paragraph 633.

634. PG&E respectfully refers the Court to the document referenced in Paragraph 634 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 634.

635. PG&E respectfully refers the Court to the documents referenced in Paragraph 635 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 635.

636. PG&E respectfully refers the Court to the document referenced in Paragraph 636 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 636.

637. PG&E respectfully refers the Court to the documents referenced in Paragraph 637 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 637.

638. PG&E respectfully refers the Court to the documents referenced in Paragraph 638 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 638.

639. PG&E denies the allegations in Paragraph 639.

640. PG&E respectfully refers the Court to the documents referenced in Paragraph 640 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 640.

641. PG&E respectfully refers the Court to the document referenced in Paragraph 641 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 641.

642. PG&E respectfully refers the Court to the documents referenced in Paragraph 642 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 642.

643. PG&E respectfully refers the Court to the document referenced in Paragraph 643 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 643.

644. PG&E respectfully refers the Court to the documents referenced in Paragraph 644 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 644.

645. PG&E respectfully refers the Court to the documents referenced in Paragraph 645 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 645.

646. PG&E respectfully refers the Court to the documents referenced in Paragraph 646 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 646.

647.     PG&E respectfully refers the Court to the document referenced in Paragraph 647 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 647.

648.     PG&E respectfully refers the Court to the document referenced in Paragraph 648 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 648.

649.     PG&E denies the allegations in Paragraph 649.

650.     PG&E denies the allegations in Paragraph 650.

651.     Paragraph 651 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 651 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 651.

652.     PG&E respectfully refers the Court to the documents referenced in Paragraph 652 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 652.

653.     PG&E denies the allegations in Paragraph 653.

654.     PG&E denies the allegations in Paragraph 654.

655.     PG&E respectfully refers the Court to the documents referenced in Paragraph 655 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 655.

656.     PG&E denies the allegations in Paragraph 656.

657.     PG&E respectfully refers the Court to the documents referenced in Paragraph 657 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 657.

658.     PG&E denies the allegations in Paragraph 658.

659.     PG&E denies the allegations in Paragraph 659.

660.     PG&E respectfully refers the Court to the documents referenced in Paragraph 660 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 660.

661.     PG&E respectfully refers the Court to the document referenced in Paragraph 661 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 661.

662.     PG&E respectfully refers the Court to the document referenced in Paragraph 662 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 662.

663.     PG&E denies the allegations in Paragraph 663.

664.     Paragraph 664 consists of legal or accounting conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 664.

665.     PG&E respectfully refers the Court to the document referenced in Paragraph 665 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 665.

666.     Paragraph 666 consists of legal or accounting conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 666 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 666.

667.     Paragraph 667 consists of legal or accounting conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 667.

668.     Paragraph 668 consists of legal or accounting conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 668.

669.     Paragraph 669 consists of legal or accounting conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 669 for a complete statement of its contents.  PG&E further responds that the TAC does not cite a source for the analyst quote in Paragraph 669.  PG&E is without sufficient information to admit or deny the accuracy of the analyst quote in Paragraph 669 and denies the allegations on that basis.  PG&E otherwise denies the allegations in Paragraph 669.

670.     PG&E respectfully refers the Court to the document referenced in Paragraph 670 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 670.

671.     PG&E respectfully refers the Court to the document referenced in Paragraph 671 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 671.

672.     PG&E denies the allegations in Paragraph 672.

673.     PG&E denies the allegations in Paragraph 673.

674.     Paragraph 674 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 674 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 674.

675. PG&E respectfully refers the Court to the document referenced in Paragraph 675 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 675.

676. Paragraph 676 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 676 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 676.

677. PG&E denies the allegations in Paragraph 677.

678. PG&E denies the allegations in Paragraph 678.

679. PG&E denies the allegations in Paragraph 679.

680. Paragraph 680 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 680 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 680.

681. PG&E respectfully refers the Court to the documents referenced in Paragraph 681 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 681.

682. PG&E respectfully refers the Court to the documents referenced in Paragraph 682 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 682.

683. Paragraph 683 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 683.

684. Paragraph 684 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 684.

685. Paragraph 685 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 685.

686. PG&E denies the allegations in Paragraph 686.

687. Paragraph 687 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 687.

688. Paragraph 688 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 688.

689.     Paragraph 689 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 689.

690.     Paragraph 690 is not applicable in these Chapter 11 Cases, and on that basis PG&E denies the allegations in Paragraph 690.

691.     Paragraph 691 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 691 contain facts requiring a response, PG&E denies the allegations.

692.     Paragraph 692 consists of legal conclusions to which no response is required.  To the extent the allegations set forth in Paragraph 692 contain facts requiring a response, PG&E denies the allegations.

693.     Paragraph 693 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that PERA purports to assert certain Securities Act claims.  PG&E otherwise denies the allegations in Paragraph 693.

694.     Paragraph 694 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 694.

695.     PG&E denies the allegations in Paragraph 695, and repeats and realleges PG&E's responses to Paragraphs 12-15 and Paragraphs 496-694 contained above as if fully set forth herein.

696.     PG&E denies the allegations in Paragraph 696.

697.     PG&E admits that Pacific Gas and Electric Company (i) is the primary operating subsidiary of PG&E Corporation; and (ii) was the registrant of the March 2016 Offering, the December 2016 Offering, the March 2017 Offering, and the Exchange Offer.  Paragraph 697 is otherwise not applicable in these Chapter 11 Cases, and on that basis PG&E denies the remaining allegations in Paragraph 697.

698.     PG&E denies the allegations in Paragraph 698.

699.     PG&E denies the allegations in Paragraph 699.

700.     Paragraph 700 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 700 and denies them on that basis.

701.    PG&E denies the allegations in Paragraph 701.

702.    PG&E denies the allegations in Paragraph 702.

703.    Paragraph 703 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that PERA purports to assert certain Securities Act claims. PG&E otherwise denies the allegations in Paragraph 703.

704.    PG&E denies the allegations in Paragraph 704.

705.    PG&E denies the allegations in Paragraph 705, and repeats and realleges PG&E's responses to Paragraphs 12-15 and Paragraphs 496-704 contained above as if fully set forth herein.

706.    Paragraph 706 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) Earley, Rambo, Miller, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, and B. Williams signed the shelf registration statement for the March 2016 Offering; (ii) Earley, Rambo, Miller, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, and B. Williams signed the shelf registration statement for the December 2016 Offering; (iii) Earley, Williams, Stavropoulos, Rambo, Thomason, Chew, Fowler, Herringer, Kelly, Kimmel, Meserve, Miller, B. Williams, Parra, Smith, and Mullins signed the registration statement for the March 2017 Offering; and (iv) Williams, Stavropoulos, Rambo, Thomason, Chew, Fowler, Kelly, Kimmel, Meserve, Miller, Parra, Smith, and Mullins signed the registration statement for the Exchange Offer. PG&E otherwise denies the allegations in Paragraph 706.

PG&E states that no response to the TAC's prayer for relief is required.  To the extent that any response is required, PG&E denies the allegations of the prayer for relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on PERA or the securities claimants that have adopted, or will in the future adopt, the TAC (collectively, the "TAC Claimants"), PG&E asserts the following affirmative defenses as to the TAC:

## FIRST DEFENSE

The TAC's claims are not actionable to the extent the allegedly false or misleading statements made by PG&E fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

1

**SECOND DEFENSE**

2      The TAC Claimants are not entitled to any recovery from PG&E because the TAC Claimants

3 purchased PG&E securities with actual or constructive knowledge of the risks involved, and thus

4 assumed the risk that the value of the PG&E shares or bonds they purchased would decline if those

5 known risks materialized.

6

**THIRD DEFENSE**

7      If and to the extent the statements at issue herein are found to have been false or misleading

8 (which PG&E denies), the TAC Claimants either knew or should have known about the matters alleged

9 in the TAC, and their own negligence, actions, omissions, or other fault proximately contributed to

10 the losses allegedly suffered by the TAC Claimants from the purchase or sale of PG&E shares or

11 bonds, and bars any recovery to the extent thereof.

12

**FOURTH DEFENSE**

13      The TAC Claimants, at all relevant times, had a duty to take reasonable action to minimize any

14 damages allegedly sustained as a result of the purported facts alleged in the TAC.  To the extent that

15 the TAC Claimants failed to comply with that duty, they are barred from recovering any purported

16 damages that might reasonably have been avoided.

17

**FIFTH DEFENSE**

18      The TAC Claimants' alleged damages are reduced by the amounts they have recovered from

19 other defendants or third parties in connection with the claims alleged in the TAC and by the amounts

20 they received in connection with the sale of their PG&E securities or any distribution they have

21 received or will receive as a result of the bankruptcy proceedings.

22

**SIXTH DEFENSE**

23      The claims in the TAC are barred, in whole or in part, because they were not brought within

24 one year after "the untrue statement or the omission, or after such discovery should have been made

25 by the exercise of reasonable diligence," 15 U.S.C. § 77m, and are therefore untimely.

26

27

28

**SEVENTH DEFENSE**

The claims in the TAC are barred, in whole or in part, and/or subject to offset, because the TAC Claimants profited as a result of the allegedly false or misleading statements upon which PG&E's purported liability rests.

**EIGHTH DEFENSE**

Any recovery for damages allegedly incurred by the TAC Claimants, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by the TAC Claimants through their investments.

**NINTH DEFENSE**

The claims in the TAC are barred, in whole or in part, because the TAC Claimants released their claims under the Joint Chapter 11 Plan of Reorganization (Dkt. 8048).

**TENTH DEFENSE**

The claims in the TAC that are based on the purchase or sale of PG&E's debt securities (i.e., PG&E's notes) are barred, in whole or in part, because PG&E never missed a coupon payment, and PG&E's Bankruptcy Plan provided that the notes at issue would all be paid in full or reinstated.

**ELEVENTH DEFENSE**

The securities claims of every TAC Claimant that failed to properly file a proof of claim on or before the bar date, as applied specifically to the securities claims, are barred as untimely.

**TWELFTH DEFENSE**

PG&E reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

\*       \*       \*

PG&E has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses that are applicable. PG&E expressly reserves the right to plead additional affirmative and other defenses that may become available or apparent during this litigation and/or required by any amendments to the TAC.

Based upon the foregoing, PG&E prays that this Court deny any relief or request for judgment on behalf of the TAC Claimants, and dismiss this action against PG&E in its entirety, with prejudice and without further leave to amend. PG&E also prays for such other and further relief as may be appropriate or that the Court deems just and proper.

Dated: November 21, 2024    Respectfully submitted,


**WEIL, GOTSHAL & MANGES LLP**
**LATHAM & WATKINS LLP**
**KELLER BENVENUTTI KIM LLP**


By:  */s/ Michael J. Reiss*
  *Attorneys for Debtors and Reorganized Debtors*