1  **WEIL, GOTSHAL & MANGES LLP**
   Richard W. Slack (*pro hac vice*)
2  (richard.slack@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel:    (212) 310-8000
6  Fax:    (212) 310-8007

7  **KELLER BENVENUTTI KIM LLP**
   Jane Kim (#298192)
8  (jkim@kbkllp.com)
   David A. Taylor (#247433)
9  (dtaylor@kbkllp.com)
   Thomas B. Rupp (#278041)
10 (trupp@kbkllp.com)
   425 Market Street, 26th Floor
11 San Francisco, CA 94105
   Tel: (415) 496-6723
12 Fax: (650) 636-9251

   **LATHAM & WATKINS LLP**
   Joshua G. Hamilton (#199610)
   (joshua.hamilton@lw.com)
   Michael J. Reiss (#275021)
   (michael.reiss@lw.com)
   10250 Constellation Blvd., Suite 1100
   Los Angeles, CA 90067
   Tel: (424) 653-5500

   **LATHAM & WATKINS LLP**
   James E. Brandt (*pro hac vice*)
   (james.brandt@lw.com)
   1271 Avenue of the Americas
   New York, NY 10020
   Tel: (212) 906-1200

13 *Attorneys for the Debtors and Reorganized Debtors*

14

15                   **UNITED STATES BANKRUPTCY COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
16                       **SAN FRANCISCO DIVISION**

17 **In re:**                                    Bankruptcy Case No. 19-30088 (DM)

18 **PG&E CORPORATION,**

19    **- and -**                                Chapter 11

20 **PACIFIC GAS AND ELECTRIC**                  (Lead Case) (Jointly Administered)
   **COMPANY,**
21
                              **Debtors.**       **REORGANIZED DEBTORS'**
22                                               **SUPPLEMENTAL OBJECTION TO RKS**
   ☐ Affects PG&E Corporation                    **CLAIMANTS' SECOND AMENDED**
23 ☐ Affects Pacific Gas and Electric            **STATEMENT OF CLAIM**
   Company
24 ☑ Affects both Debtors

25 *\* All papers shall be filed in the Lead*
   *Case, No. 19-30088 (DM).*
26

27

28

1    Pursuant to the Court's July 28, 2023 order requiring that PG&E Corporation and Pacific

2 Gas and Electric Company (together, "PG&E") "serve a supplemental objection . . . akin to and

3 providing the typical information set forth in an answer in an adversary proceeding" (ECF No.

4 13934), PG&E, by and through the undersigned counsel, respectfully submits this Supplemental

5 Objection to the RKS Claimants' Second Amended Statement of Claim (ECF No. 14603) (the

6 "RKS SAC"), which was filed on October 8, 2024.  Importantly, the claims at issue in the RKS

7 SAC are based on allegations of securities fraud, which the RKS Claimants[1] cannot prove, and not

8 whether PG&E or its equipment was responsible for the catastrophic wildfires that swept through

9 Northern California in 2017 and 2018.

10    Beginning on October 8, 2017, multiple wildfires spread through Northern California,

11 including Napa, Sonoma, Butte, Humboldt, Mendocino, Lake, Nevada, and Yuba Counties, as

12 well as in the area surrounding Yuba City (the "North Bay Fires").  According to the California

13 Department of Forestry and Fire Protection ("Cal Fire") California Statewide Fire Summary dated

14 October 30, 2017, at the peak of the North Bay Fires, there were 21 major fires that, in total, burned

15 over 245,000 acres and destroyed an estimated 8,900 structures.  Then, on November 8, 2018, a

16 fire ignited in Butte County that became the most destructive wildfire in California history,

17 resulting in 85 confirmed fatalities and destroying approximately 18,804 structures (the "Camp

18 Fire").  PG&E has provided its positions regarding PG&E's involvement in the wildfires in various

19 forums.

20    The claims asserted in the RKS SAC all fail because they rest on whether PG&E made

21 material false statements with the intent to defraud the public, and whether those alleged false

22 statements actually caused the RKS Claimants to suffer damages.  The RKS Claimants cannot

23 make that showing.  Investment comes with risk.  The vast majority of the RKS Claimants are

24 sophisticated institutional investors who bet that a disclosed risk would not materialize; these

25 sophisticated investors are radically different from the fire victims who tragically lost their

26 property, lives, or loved ones in the wildfires.  Nonetheless, the RKS Claimants now seek to force

27

28

---

[1] This Supplemental Objection applies to the securities claimants represented by Rolnick Kramer Sadighi LLP and to all other securities claimants that adopted the RKS SAC.  For purposes solely of this Supplemental Objection, "RKS Claimants" refers to all such securities claimants.

PG&E's ***current*** shareholders to compensate them for their purported losses from speculative trading of PG&E securities. PG&E will continue to vigorously defend itself against the RKS Claimants' securities fraud claims.

PG&E generally objects to each and every claim made by the RKS Claimants. Each of the claims by the RKS Claimants fails to set forth the elements to establish a valid securities claim, including the existence of a misrepresentation or actionable omission, scienter, reliance, causation and damages. This Supplemental Objection is not intended to set forth every fact or argument that PG&E will make during the litigation of these securities claims. Except to the extent expressly admitted herein, PG&E denies each and every allegation in the RKS SAC, including any allegation contained in its headings or footnotes. To the extent the headings and subheadings in the RKS SAC are intended to constitute factual allegations, PG&E denies the allegations. The RKS SAC is a long narrative and the absence of a specific denial to each sentence or factual recitation in specific paragraphs is not intended to be and is not an admission of that sentence or fact. With respect to any purported document cited to or quoted in the RKS SAC, PG&E does not admit that the quotes in the allegations or the underlying documents are accurate, relevant, or admissible in this litigation, and PG&E reserves all objections regarding admissibility. PG&E's Supplemental Objection is subject to further investigation. Accordingly, PG&E expressly reserves the right to amend this Supplemental Objection to modify and/or assert any and all defenses permitted by law. With respect to specific paragraphs in the RKS SAC, PG&E responds as follows:

1.	PG&E admits that PG&E is a company that provides natural gas and electric service to residential and business customers in northern and central California, and that it charges certain rates for providing that natural gas and electricity. PG&E otherwise denies the allegations in Paragraph 1.

2.	PG&E admits that the market needs accurate information about PG&E to assess whether to invest in PG&E, but otherwise lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3.	PG&E denies the allegations in Paragraph 3.

4.	PG&E denies the allegations in Paragraph 4.

1    5.    PG&E denies the allegations in Paragraph 5.

2    6.    Paragraph 6 consists of legal conclusions to which no response is required.  To the

3 extent a response is required, PG&E admits that (i) PG&E's bankruptcy resulted in a Plan of

4 Reorganization; and (ii) the RKS Claimants purport to state the basis of their claims in the RKS

5 SAC.  PG&E otherwise denies the allegations in Paragraph 6.

6    7.    PG&E denies the allegations in Paragraph 7.

7    8.    PG&E denies the allegations in Paragraph 8.

8    9.    Paragraph 9 consists of legal conclusions to which no response is required.  To the

9 extent a response is required, PG&E admits that it is subject to certain federal and state laws and

10 regulations related to wildfire prevention.  PG&E otherwise denies the allegations in Paragraph 9.

11    10.    PG&E denies the allegations in Paragraph 10.

12    11.    Paragraph 11 consists of legal conclusions to which no response is required.  To

13 the extent a response is required, PG&E admits that (i) the North Bay Fires and Camp Fire were

14 catastrophic wildfires that resulted in extensive loss and damage; (ii) certain government bodies

15 investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the

16 Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84

17 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E otherwise

18 denies the allegations in Paragraph 11.

19    12.    PG&E denies the allegations in Paragraph 12.

20    13.    PG&E denies the allegations in Paragraph 13.

21    14.    PG&E denies the allegations in Paragraph 14.

22    15.    Paragraph 15 consists of legal conclusions to which no response is required.  To

23 the extent a response is required, PG&E admits (i) California imposed a mandate that utilities

24 formalize a protocol for proactively turning off power lines when certain extreme conditions were

25 met to prevent wildfires; and (ii) the Butte County District Attorney's investigation made certain

26 determinations about PG&E's shutoff protocol.  PG&E respectfully refers the Court to the

27 document referenced in Paragraph 15 for a complete statement of its contents.  PG&E otherwise

28 denies the allegations in Paragraph 15.

16. PG&E admits that (i) the North Bay Fires and Camp Fire were catastrophic wildfires that resulted in extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 16.

17. PG&E denies the allegations in Paragraph 17.

18. PG&E denies the allegations in Paragraph 18.

19. PG&E respectfully refers the Court to the documents referenced in Paragraph 19 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 19.

20. PG&E denies the allegations in Paragraph 20.

21. PG&E admits that the potential liability associated with certain wildfires caused PG&E to file for bankruptcy, and that the bankruptcy filings included liabilities and potential liabilities. PG&E respectfully refers the Court to the bankruptcy filings for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 21.

22. PG&E respectfully refers the Court to the document referenced in Paragraph 22 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 22.

23. PG&E admits that the RKS Claimants purport to assert certain claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (the "Exchange Act") and the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (the "Securities Act"). PG&E otherwise denies the allegations in Paragraph 23.

24. PG&E denies the allegations in Paragraph 24.

25. PG&E denies the allegations in Paragraph 25.

26. PG&E denies the allegations in Paragraph 26.

27. PG&E denies the allegations in Paragraph 27.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits Cal Fire investigated and issued certain findings

1     regarding the role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in
2     Paragraph 28.

3         29.     PG&E denies the allegations in Paragraph 29.

4         30.     PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in
5     extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions
6     regarding, the role of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June
7     16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully
8     causing a fire. PG&E otherwise denies the allegations in Paragraph 30.

9         31.     Paragraph 31 consists of legal conclusions to which no response is required. To
10     the extent a response is required, PG&E denies the allegations in Paragraph 31.

11         32.     PG&E denies the allegations in Paragraph 32.

12         33.     PG&E responds that the RKS SAC does not cite a source for the allegations in
13     Paragraph 33. PG&E is without sufficient information to admit or deny the allegations in
14     Paragraph 33 and denies the allegations on that basis.

15         34.     PG&E respectfully refers the Court to the publicly available transcript for the
16     earnings call referenced in Paragraph 34 for a complete transcript of the earnings call. PG&E
17     otherwise denies the allegations in Paragraph 34.

18         35.     PG&E admits that Cal Fire investigated, and reached conclusions regarding, the
19     role of PG&E in the North Bay Fires. PG&E respectfully refers the Court to the document
20     referenced in Paragraph 35 for a complete statement of its contents. PG&E otherwise denies the
21     allegations in Paragraph 35.

22         36.     PG&E admits that Cal Fire investigated, and reached conclusions regarding, the
23     role of PG&E in the North Bay Fires. PG&E respectfully refers the Court to the document
24     referenced in Paragraph 36 for a complete statement of its contents. PG&E otherwise denies the
25     allegations in Paragraph 36.

26         37.     PG&E admits that on July 16, 2018, the California Public Utilities Commission
27     ("CPUC") issued Resolution ESRB-8. PG&E respectfully refers the Court to the document

28

referenced in Paragraph 37 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 37.

38. PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 38. PG&E is without sufficient information to admit or deny the allegations in Paragraph 38 and denies the allegations on that basis.

39. Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that on September 21, 2018, Governor Brown signed into law Senate Bill 901, which addresses a number of wildfire-related items relating to utilities. PG&E respectfully refers the Court to Senate Bill 901 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 39.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that on September 21, 2018, Governor Brown signed into law Senate Bill 901, which addresses a number of wildfire-related items relating to utilities. PG&E respectfully refers the Court to Senate Bill 901 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 40.

41. PG&E respectfully refers the Court to the document referenced in Paragraph 41 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 41.

42. PG&E admits that Cal Fire investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires. PG&E respectfully refers the Court to the document referenced in Paragraph 42 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 42.

43. PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 43 for a complete transcript of the earnings call. PG&E otherwise denies the allegations in Paragraph 43.

44. PG&E denies the allegations in Paragraph 44.

45. PG&E denies the allegations in Paragraph 45.

46. Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that the Camp Fire started after a C-hook broke on

Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate. PG&E otherwise denies the allegations in Paragraph 46.

47.     PG&E denies the allegations in Paragraph 47.

48.     PG&E denies the allegations in Paragraph 48.

49.     PG&E admits that (i) PG&E took a $10.5 billion charge related to the Camp Fire; (ii) Cal Fire investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire; and (iv) former PG&E Corporation Chief Executive Officer ("CEO") and President Bill Johnson stated during a court hearing, "[o]ur equipment started that fire." PG&E otherwise denies the allegations in Paragraph 49.

50.     PG&E denies the allegations in Paragraph 50.

51.     Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 51.

52.     PG&E admits that Anthony F. Earley Jr. ("Earley") served as PG&E Corporation's President, CEO, and Chairman of the Board from September 13, 2011 to February 28, 2017, and as its Executive Chairman from March 1, 2017 to December 2017. PG&E otherwise denies the allegations in Paragraph 52.

53.     PG&E admits that (i) Geisha J. Williams ("Williams") served as PG&E Corporation's CEO and President from March 1, 2017 until her resignation on January 13, 2019; (ii) Williams served as Pacific Gas and Electric Company's President of Electric from September 15, 2015 to February 28, 2017; (iii) Williams served as Pacific Gas and Electric Company's President of Electric Operations from August 17, 2015 to September 15, 2015; (iv) Williams served as Pacific Gas and Electric Company's Executive Vice President, Electric Operations from June 1, 2011 to August 16, 2015; (v) Williams served as a Director of PG&E Corporation from May 2017 to January 2019; (vi) Williams served as a Director of Pacific Gas and Electric Company from August 2015 to January 2019; (vii) according to PG&E's 2018 annual report, PG&E awarded Williams total compensation in the form of salary, stock awards, and option awards, which PG&E

1  valued at approximately $9.29 million at the time the compensation was awarded in 2018; and

2  (viii) Williams received a severance payment of approximately $2.5 million. PG&E otherwise

3  denies the allegations in Paragraph 53.

4      54. PG&E admits that (i) Nickolas Stavropoulos ("Stavropoulos") served as the

5  President and Chief Operating Officer ("COO") of Pacific Gas and Electric Company from March

6  1, 2017 to September 2018; (ii) Stavropoulos served as Pacific Gas and Electric Company's

7  President of Gas from September 15, 2015 to February 28, 2017; (iii) Stavropoulos served as

8  Pacific Gas and Electric Company's President of Gas Operations from August 17, 2015 to

9  September 15, 2015; (iv) Stavropoulos served as Pacific Gas and Electric Company's Executive

10  Vice President of Gas Operations from June 13, 2011 to August 16, 2015; (v) Stavropoulos served

11  as a Director of Pacific Gas and Electric Company from August 2015 to September 2018; and (vi)

12  according to PG&E's 2018 annual report, PG&E awarded Stavropoulos total compensation in the

13  form of salary, stock awards, and option awards in 2017, which PG&E valued at approximately

14  $6.4 million. PG&E otherwise denies the allegations in Paragraph 54.

15      55. PG&E admits that (i) Julie M. Kane ("Kane") served as Senior Vice President and

16  Chief Ethics and Compliance Officer for PG&E Corporation and Pacific Gas and Electric

17  Company from May 18, 2015 to March 20, 2017; (ii) Kane served as Senior Vice President, Chief

18  Ethics and Compliance Officer, and Deputy General Counsel of PG&E Corporation and Pacific

19  Gas and Electric Company from March 21, 2017 to September 2020; and (iii) upon receiving the

20  offer for the position of Senior Vice President, Chief Ethics and Compliance Officer, Kane agreed

21  to a salary of $440,000, a sign on bonus of $250,000, and additional stock awards. PG&E

22  otherwise denies the allegations in Paragraph 55.

23      56. PG&E admits that (i) Patrick M. Hogan ("Hogan") served as Pacific Gas and

24  Electric Company's Senior Vice President, Electric Operations from February 1, 2017 to January

25  8, 2019 and Hogan retired from Pacific Gas and Electric Company on January 28, 2019; (ii) Hogan

26  served as Pacific Gas and Electric Company's Senior Vice President, Electric Transmission and

27  Distribution from March 1, 2016 to January 31, 2017; (iii) Hogan served as Pacific Gas and

28  Electric Company's Vice President, Electric Strategy and Asset Management from September 8,

1  2015 to February 29, 2016; (iv) Hogan served as Pacific Gas and Electric Company's Vice

2  President, Electric Operations, Asset Management from November 18, 2013 to September 7, 2015;

3  (v) according to PG&E's 2018 annual report, PG&E awarded Hogan total compensation in 2018,

4  which PG&E valued at approximately $1.3 million; and (vi) Hogan received a severance payment

5  of $699,400.  PG&E otherwise denies the allegations in Paragraph 56.

6          57.     PG&E avers that no response is required to the allegations contained in Paragraph

7  57.

8          58.     PG&E admits that electricity transmission and distribution is regulated in

9  California.  PG&E otherwise denies the allegations in Paragraph 58.

10         59.     Paragraph 59 consists of legal conclusions to which no response is required.  To

11 the extent a response is required, PG&E admits that California regulates, among other things, the

12 placement of certain electrical equipment by utilities.  PG&E otherwise denies the allegations in

13 Paragraph 59.

14         60.     PG&E respectfully refers the Court to the provision referenced in Paragraph 60 for

15 a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 60.

16         61.     PG&E respectfully refers the Court to the provision referenced in Paragraph 61 for

17 a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 61.

18         62.     Paragraph 62 consists of legal conclusions to which no response is required.  To

19 the extent a response is required, PG&E respectfully refers the Court to the document referenced

20 in Paragraph 62 for a complete statement of its contents.  PG&E otherwise denies the allegations

21 in Paragraph 62.

22         63.     PG&E admits that California has laws and regulations related to electrical

23 equipment.  PG&E respectfully refers the Court to those laws and regulations for a complete

24 statement of their contents.  PG&E otherwise denies the allegations in Paragraph 63.

25         64.     PG&E respectfully refers the Court to the provision referenced in Paragraph 64 for

26 a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 64.

27         65.     PG&E respectfully refers the Court to the provision referenced in Paragraph 65 for

28 a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 65.

1    66.    PG&E admits that California has laws and regulations related to electrical

2 equipment. PG&E respectfully refers the Court to those laws and regulations for a complete

3 statement of their contents. PG&E otherwise denies the allegations in Paragraph 66.

4    67.    Paragraph 67 consists of legal conclusions to which no response is required. To

5 the extent a response is required, PG&E admits that (i) the CPUC regulates PG&E; and (ii) the

6 CPUC promulgates safety regulations and adjudicates PG&E's annual General Rate Cases,

7 determining which costs PG&E may pass on to rate-payers, and which costs PG&E must bear.

8 PG&E otherwise denies the allegations in Paragraph 67.

9    68.    Paragraph 68 consists of legal conclusions to which no response is required. To

10 the extent a response is required, PG&E respectfully refers the Court to the General Order

11 referenced in Paragraph 68 for a complete statement of its contents. PG&E otherwise denies the

12 allegations in Paragraph 68.

13    69.    Paragraph 69 consists of legal conclusions to which no response is required. To

14 the extent a response is required, PG&E respectfully refers the Court to the General Order

15 referenced in Paragraph 69 for a complete statement of its contents. PG&E otherwise denies the

16 allegations in Paragraph 69.

17    70.    Paragraph 70 consists of legal conclusions to which no response is required. To

18 the extent a response is required, PG&E respectfully refers the Court to the General Order

19 referenced in Paragraph 70 for a complete statement of its contents. PG&E otherwise denies the

20 allegations in Paragraph 70.

21    71.    Paragraph 71 consists of legal conclusions to which no response is required. To

22 the extent a response is required, PG&E respectfully refers the Court to the provision referenced

23 in Paragraph 71 for a complete statement of its contents. PG&E otherwise denies the allegations

24 in Paragraph 71.

25    72.    PG&E respectfully refers the Court to the provision referenced in Paragraph 72 for

26 a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 72.

27    73.    Paragraph 73 consists of legal conclusions to which no response is required. To

28 the extent a response is required, PG&E admits the allegations in Paragraph 73.

74.    PG&E respectfully refers the Court to the provision referenced in Paragraph 74 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 74.

75.    PG&E respectfully refers the Court to the provision referenced in Paragraph 75 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 75.

76.    Paragraph 76 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) Cal Fire is an agency of the State of California; (ii) Cal Fire is in charge of the state's fire departments and its law enforcement related to state fire and forest laws; (iii) Cal Fire is responsible for both fighting fires as they occur and for investigating the causes of fires after they have been contained; and (iv) Cal Fire conducts official investigations to determine the causes of wildfires within the state, as well as any violations of state laws and regulations.  PG&E otherwise denies the allegations in Paragraph 76.

77.    Paragraph 77 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that Cal Fire is authorized to make fire cause and origin determinations for wildfires—such as the Camp Fire—that fall within its jurisdiction. PG&E otherwise denies the allegations in Paragraph 77.

78.    Paragraph 78 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 78 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 78.

79.    Paragraph 79 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 79 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 79.

80.    Paragraph 80 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 80 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 80.

81.     Paragraph 81 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 81 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 81.

82.     Paragraph 82 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits (i) California declared a state of emergency due to drought conditions in January 2014, which ended in April 2017; (ii) in October 2015, California declared a state of emergency regarding tree mortality due to the ongoing effects of the drought and an epidemic of insect infestations causing millions of trees to die annually; and (iii) these conditions increased the danger of wildfires in the North Bay region of California.  PG&E respectfully refers the Court to the documents referenced in Paragraph 82 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 82.

83.     PG&E admits that CPUC released information showing PG&E reported $194,094,406 in recorded expenses under the Vegetation Management Balancing Account Summary for 2015, $198,735,579 for 2016, and $201,456,193 for 2017.  PG&E respectfully refers the Court to the documents referenced in Paragraph 83 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 83.

84.     PG&E respectfully refers the Court to the document referenced in Paragraph 84 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 84.

85.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 85 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 85.

86.     PG&E denies the allegations in Paragraph 86.

87.     PG&E admits that, in December 2018, PG&E filed a Form 8-K that stated, "the Utility proposes to invest a total of approximately $5 billion (including approximately $3 billion for capital expenditures) between 2018 and 2022 on Community Wildfire Safety Program measures."  PG&E respectfully refers the Court to that Form 8-K and the document referenced in

1    Paragraph 87 for a complete statement of their contents. PG&E otherwise denies the allegations

2    in Paragraph 87.

3        88.    PG&E respectfully refers the Court to the document referenced in Paragraph 88 for

4    a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 88.

5        89.    PG&E admits that reclosers are affixed to power pole lines and send pulses of

6    electricity into lines when service has become briefly interrupted. PG&E otherwise denies the

7    allegations in Paragraph 89.

8        90.    PG&E lacks knowledge or information sufficient to form an opinion as to the truth

9    of the allegations in Paragraph 90 and denies them on that basis.

10        91.    PG&E respectfully refers the Court to the document referenced in Paragraph 91 for

11    a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 91.

12        92.    PG&E admits that Hogan testified before the California Senate Energy, Utilities

13    and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.

14    PG&E otherwise denies the allegations in Paragraph 92.

15        93.    PG&E denies the allegations in Paragraph 93.

16        94.    PG&E denies the allegations in Paragraph 94.

17        95.    PG&E respectfully refers the Court to the document referenced in Paragraph 95 for

18    a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 95.

19        96.    PG&E denies the allegations in Paragraph 96.

20        97.    PG&E admits that (i) certain government bodies investigated, and reached

21    conclusions regarding, the role of PG&E in a 1994 wildfire in Nevada County, California (the

22    "Trauner Fire"); and (ii) PG&E was convicted of 739 counts of criminal negligence and was

23    required to pay $24 million in penalties in connection with the Trauner Fire. PG&E otherwise

24    denies the allegations in Paragraph 97.

25        98.    PG&E admits that (i) certain government bodies investigated, and reached

26    conclusions regarding, the role of PG&E in a 1999 wildfire in the Plumas and Tahoe National

27    Forests (the "Pendola Fire"); (ii) PG&E paid a $14.75 million settlement to the U.S. Forest

28

Services in connection with that fire; and (iii) PG&E paid a $22.7 million settlement to the CPUC in 1999. PG&E otherwise denies the allegations in Paragraph 98.

99. PG&E responds that the RKS SAC does not cite a source for certain allegations in Paragraph 99. PG&E is without sufficient information to admit or deny those allegations in Paragraph 99 and denies those allegations on that basis. PG&E admits that on September 9, 2010, natural gas pipeline in San Bruno, California (the "San Bruno pipeline") exploded, leading to the deaths of 8 people, injuries to over 50 more, and damage to 38 homes. PG&E otherwise denies the allegations in Paragraph 99.

100. PG&E admits that (i) on August 9, 2016, a California federal jury found Pacific Gas and Electric Company guilty of five criminal felony counts of violating federal safety standards under the Natural Gas Pipeline Safety Act, as well as one count of obstructing an agency proceeding; (ii) as a result of that conviction, PG&E was placed on criminal probation for a period of five years; and (iii) during part of that probationary period, PG&E was supervised by U.S. District Judge William Alsup ("Judge Alsup"). PG&E otherwise denies the allegations in Paragraph 100.

101. PG&E (i) admits that on December 14, 2018, the CPUC opened a case against PG&E; and (ii) admits that on December 21, 2018, the CPUC issued a Scoping Memo and Ruling. PG&E respectfully refers the Court to the document referenced in Paragraph 101 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 101.

102. PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 102 for a complete transcript of the earnings call. PG&E otherwise denies the allegations in Paragraph 102.

103. PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015. PG&E otherwise denies the allegations in Paragraph 103.

104. PG&E respectfully refers the Court to the documents referenced in Paragraph 104 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 104.

105. PG&E denies the allegations in Paragraph 105.

106. PG&E denies the allegations in Paragraph 106.

107. PG&E admits that (i) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the Camp Fire; and (ii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the documents referenced in Paragraph 107 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 107.

108. PG&E denies the allegations in Paragraph 108.

109. PG&E respectfully refers the Court to the document referenced in Paragraph 109 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 109.

110. PG&E respectfully refers the Court to the document referenced in Paragraph 110 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 110.

111. Paragraph 111 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that Cal Fire investigated and issued certain findings regarding the role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in Paragraph 111.

112. PG&E admits that (i) the North Bay Fires were catastrophic wildfires that resulted in extensive loss and damage; and (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in Paragraph 112.

113. PG&E respectfully refers the Court to the document referenced in Paragraph 113 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 113.

114. PG&E respectfully refers the Court to the documents referenced in Paragraph 114 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 114.

1    115.    PG&E respectfully refers the Court to the documents referenced in Paragraph 115

2    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

3    115.

4    116.    PG&E respectfully refers the Court to the documents referenced in Paragraph 116

5    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

6    116.

7    117.    PG&E respectfully refers the Court to the documents referenced in Paragraph 117

8    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

9    117.

10    118.    PG&E respectfully refers the Court to the documents referenced in Paragraph 118

11    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

12    118.

13    119.    PG&E respectfully refers the Court to the documents referenced in Paragraph 119

14    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

15    119.

16    120.    Paragraph 120 consists of legal conclusions to which no response is required.  To

17    the extent a response is required, PG&E respectfully refers the Court to the document referenced

18    in Paragraph 120 for a complete statement of its contents.  PG&E otherwise denies the allegations

19    in Paragraph 120.

20    121.    PG&E respectfully refers the Court to the documents referenced in Paragraph 121

21    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

22    121.

23    122.    PG&E respectfully refers the Court to the document referenced in Paragraph 122

24    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 122.

25    123.    Paragraph 123 consists of legal conclusions to which no response is required.  To

26    the extent a response is required, PG&E admits that Cal Fire investigated and issued certain

27    findings regarding the role of PG&E in the Camp Fire.  PG&E otherwise denies the allegations in

28    Paragraph 123.

124. PG&E admits that Richard Yarnell ("<u>Yarnell</u>") testified in a deposition in the coordination proceeding in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*, Case No. JCCP 4853, on April 10, 2017. PG&E otherwise denies the allegations in Paragraph 124.

125. PG&E denies the allegations in Paragraph 125.

126. PG&E admits that a complaint was filed in Superior Court of the State of California, County of San Francisco, on December 5, 2018. PG&E respectfully refers the Court to the complaint referenced in Paragraph 126 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 126.

127. PG&E admits that (i) Cal Fire investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; and (ii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the document referenced in Paragraph 127 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 127.

128. PG&E admits that (i) it understands Tower :27/222 on PG&E's Caribou-Palermo transmission powerline was initially installed during the 1919 to 1921 period or earlier; (ii) a C-hook ultimately broke on Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate; (iii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; and (iv) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E otherwise denies the allegations in Paragraph 128.

129. PG&E respectfully refers the Court to the document referenced in Paragraph 129 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 129.

130. PG&E denies the allegations in Paragraph 130.

131. PG&E respectfully refers the Court to the documents referenced in Paragraph 131 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 131.

1        132.    PG&E respectfully refers the Court to the documents referenced in Paragraph 132 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 132.

133.    PG&E respectfully refers the Court to the document referenced in Paragraph 133 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 133.

134.    PG&E respectfully refers the Court to the document referenced in Paragraph 134 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 134.

135.    PG&E respectfully refers the Court to the document referenced in Paragraph 135 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 135.

136.    PG&E admits that the Camp Fire started after a C-hook broke on Tower :27/222 on the Caribou-Palermo 115 kV Transmission Line and became disconnected from its hanger plate. PG&E otherwise denies the allegations in Paragraph 136.

137.    PG&E respectfully refers the Court to the document referenced in Paragraph 137 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 137.

138.    PG&E admits it agreed to fund efforts to restore access to water for residents impacted by the loss of the Miocene Canal, which was destroyed by the Camp Fire.  PG&E respectfully refers the Court to the document referenced in Paragraph 138 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 138.

139.    PG&E respectfully refers the Court to the document referenced in Paragraph 139 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 139.

140.    PG&E respectfully refers the Court to the document referenced in Paragraph 140 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 140.

141.    PG&E respectfully refers the Court to the document referenced in Paragraph 141 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 141.

142.    PG&E respectfully refers the Court to the document referenced in Paragraph 142 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 142.

143.    PG&E respectfully refers the Court to the document referenced in Paragraph 143 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 143.

1      144.    PG&E respectfully refers the Court to the document referenced in Paragraph 144

2  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 144.

3      145.    PG&E respectfully refers the Court to the document referenced in Paragraph 145

4  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 145.

5      146.    PG&E respectfully refers the Court to the document referenced in Paragraph 146

6  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 146.

7      147.    PG&E respectfully refers the Court to the document referenced in Paragraph 147

8  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 147.

9      148.    PG&E respectfully refers the Court to the document referenced in Paragraph 148

10  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 148.

11      149.    PG&E respectfully refers the Court to the document referenced in Paragraph 149

12  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 149.

13      150.    PG&E respectfully refers the Court to the document referenced in Paragraph 150

14  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 150.

15      151.    PG&E respectfully refers the Court to the document referenced in Paragraph 151

16  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 151.

17      152.    PG&E respectfully refers the Court to the document referenced in Paragraph 152

18  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 152.

19      153.    PG&E respectfully refers the Court to the document referenced in Paragraph 153

20  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 153.

21      154.    PG&E respectfully refers the Court to the document referenced in Paragraph 154

22  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 154.

23      155.    PG&E respectfully refers the Court to the document referenced in Paragraph 155

24  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 155.

25      156.    PG&E respectfully refers the Court to the document referenced in Paragraph 156

26  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 156.

27      157.    PG&E respectfully refers the Court to the document referenced in Paragraph 157

28  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 157.

158.    PG&E respectfully refers the Court to the document referenced in Paragraph 158 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 158.

159.    PG&E respectfully refers the Court to the document referenced in Paragraph 159 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 159.

160.    PG&E respectfully refers the Court to the document referenced in Paragraph 160 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 160.

161.    PG&E respectfully refers the Court to the document referenced in Paragraph 161 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 161.

162.    PG&E respectfully refers the Court to the document referenced in Paragraph 162 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 162.

163.    PG&E respectfully refers the Court to the document referenced in Paragraph 163 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 163.

164.    PG&E respectfully refers the Court to the document referenced in Paragraph 164 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 164.

165.    Paragraph 165 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 165 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 165.

166.    Paragraph 166 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 166 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 166.

167.    PG&E respectfully refers the Court to the document referenced in Paragraph 167 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 167.

168.    PG&E respectfully refers the Court to the document referenced in Paragraph 168 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 168.

169.    PG&E respectfully refers the Court to the document referenced in Paragraph 169 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 169.

170. PG&E respectfully refers the Court to the document referenced in Paragraph 170 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 170.

171. PG&E respectfully refers the Court to the document referenced in Paragraph 171 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 171.

172. PG&E denies the allegations in Paragraph 172.

173. Paragraph 173 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 173.

174. PG&E admits that (i) the CPUC passed Resolution ESRB-8 on July 16, 2018; and (ii) PG&E published a summary of its policies and procedures related to power shutoff on September 27, 2018. PG&E otherwise denies the allegations in Paragraph 174.

175. PG&E respectfully refers the Court to the document referenced in Paragraph 175 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 175.

176. PG&E respectfully refers the Court to the document referenced in Paragraph 176 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 176.

177. PG&E respectfully refers the Court to the document referenced in Paragraph 177 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 177.

178. PG&E admits that in an October 31, 2018 Public Safety Power Shutoff Report to the CPUC, PG&E wrote that "[o]n October 14, 2018, PG&E made the difficult decision to proactively de-energize portions of its service territory . . . Power was turned off for safety on Sunday, October 14 . . . By midnight Monday, October 15, power to approximately 40,000 customers had been safely restored. On Tuesday, October 16, PG&E crews continued safety inspections and repairs to facilities damaged during the wind event. Nearly all customers were restored by 23:00. PG&E restored power to the final approximately three dozen customers by 9:00 on Wednesday, October 17." PG&E otherwise denies the allegations in Paragraph 178.

179. PG&E respectfully refers the Court to the document referenced in Paragraph 179 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 179.

180. PG&E responds that the RKS SAC does not cite a source for certain allegations in Paragraph 180. PG&E is therefore without information to admit or deny those allegations in

Paragraph 180 and denies the allegations on that basis. PG&E respectfully refers the Court to the document referenced in Paragraph 180 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 180.

181. PG&E respectfully refers the Court to the documents referenced in Paragraph 181 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 181.

182. PG&E denies the allegations in Paragraph 182.

183. PG&E respectfully refers the Court to the documents referenced in Paragraph 183 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 183.

184. PG&E respectfully refers the Court to the document referenced in Paragraph 184 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 184.

185. PG&E respectfully refers the Court to the document referenced in Paragraph 185 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 185.

186. PG&E respectfully refers the Court to the documents referenced in Paragraph 186 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 186.

187. PG&E respectfully refers the Court to the document referenced in Paragraph 187 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 187.

188. PG&E respectfully refers the Court to the document referenced in Paragraph 188 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 188.

189. PG&E respectfully refers the Court to the document referenced in Paragraph 189 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 189.

190. PG&E respectfully refers the Court to the document referenced in Paragraph 190 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 190.

191. PG&E respectfully refers the Court to the document referenced in Paragraph 191 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 191.

192.    PG&E respectfully refers the Court to the document referenced in Paragraph 192 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 192.

193.    PG&E respectfully refers the Court to the document referenced in Paragraph 193 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 193.

194.    PG&E respectfully refers the Court to the document referenced in Paragraph 194 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 194.

195.    PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 195. PG&E is without sufficient information to admit or deny the allegations in Paragraph 195 and denies the allegations on that basis.

196.    PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 196.  PG&E is without sufficient information to admit or deny the allegations in Paragraph 196 and denies the allegations on that basis.

197.    PG&E respectfully refers the Court to the documents referenced in Paragraph 197 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 197.

198.    PG&E respectfully refers the Court to the document referenced in Paragraph 198 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 198.

199.    PG&E respectfully refers the Court to the document referenced in Paragraph 199 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 199.

200.    PG&E responds that the RKS SAC does not cite a source for the allegations in the last sentence of Paragraph 200.  PG&E is without sufficient information to admit or deny that allegation and denies that allegation on that basis.  PG&E otherwise denies the allegations in Paragraph 200.

201.    PG&E responds that the RKS SAC does not cite a source for the allegations in the first sentence of Paragraph 201.  PG&E is without sufficient information to admit or deny that allegation and denies that allegation on that basis.  PG&E otherwise denies the allegations in Paragraph 201.

202.    PG&E respectfully refers the Court to the documents referenced in Paragraph 202 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 202.

203.    PG&E respectfully refers the Court to the document referenced in Paragraph 203 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 203.

204.    PG&E respectfully refers the Court to the documents referenced in Paragraph 204 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 204.

205.    PG&E respectfully refers the Court to the documents referenced in Paragraph 205 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 205.

206.    PG&E denies the allegations in Paragraph 206.

207.    PG&E denies the allegations in Paragraph 207.

208.    PG&E respectfully refers the Court to the document referenced in Paragraph 208 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 208.

209.    PG&E respectfully refers the Court to the document referenced in Paragraph 209 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 209.

210.    PG&E denies the allegations in Paragraph 210.

211.    PG&E denies the allegations in Paragraph 211.

212.    Paragraph 212 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 212 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 212.

213.    PG&E admits that (i) on August 9, 2016, a jury in the federal criminal trial against Pacific Gas and Electric Company in connection with the San Bruno explosion in September 2010 in the United States District Court for the Northern District of California, in San Francisco, found Pacific Gas and Electric Company guilty on five counts of violations of pipeline integrity management regulations of the Natural Gas Pipeline Safety Act; (ii) on January 26, 2017, the court

1   sentenced Pacific Gas and Electric Company to a 5-year corporate probation period; and (iii) on

2   November 27, 2018, the U.S. District Court presiding over PG&E's probation issued an order

3   requiring that Pacific Gas and Electric Company, the United States Attorney's Office for the

4   Northern District of California, and the third-party monitor provide written answers to a series of

5   questions regarding Pacific Gas and Electric Company's compliance with the terms of its

6   probation.  PG&E otherwise denies the allegations in Paragraph 213.

7          214.    PG&E respectfully refers the Court to the document referenced in Paragraph 214

8   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 214.

9          215.    PG&E admits that on January 29, 2019, PG&E commenced a Chapter 11

10  bankruptcy proceeding, and that the bankruptcy filings included liabilities and potential liabilities.

11  PG&E refers the Court to those bankruptcy filings for a complete statement of their contents.

12  PG&E otherwise denies the allegations in Paragraph 215.

13         216.    PG&E respectfully refers the Court to the document referenced in Paragraph 216

14  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 216.

15         217.    PG&E respectfully refers the Court to the documents referenced in Paragraph 217

16  for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

17  217.

18         218.    PG&E respectfully refers the Court to the document referenced in Paragraph 218

19  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 218.

20         219.    PG&E respectfully refers the Court to the document referenced in Paragraph 219

21  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 219.

22         220.    PG&E admits that, during proceedings on May 7, 2019, Judge Alsup stated, "I'm

23  going to direct the Federal Monitor and Probation to facilitate meetings between the . . . PG&E

24  directors and PG&E senior executive leadership and local officials in Paradise, California and San

25  Bruno, including tours of those communities, so that the leadership can see the gravity of what

26  happened up there.  And I want -- we can get a bus.  I think I'm going to go on this tour, too.  All

27  lawyers can go, but the Board of Directors ought to see firsthand the devastation."  PG&E

28  otherwise denies the allegations in Paragraph 220.

221.    PG&E (i) admits that on March 17, 2020, a Grand Jury in Butte County entered an indictment for 84 counts of manslaughter and one count of unlawfully causing a fire against Pacific Gas and Electric Company in connection with the Camp Fire; and (ii) admits that PG&E pleaded guilty on all counts.  PG&E respectfully refers the Court to the documents referenced in Paragraph 221 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 221.

222.    PG&E respectfully refers the Court to the document referenced in Paragraph 222 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 222.

223.    PG&E respectfully refers the Court to the document referenced in Paragraph 223 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 223.

224.    PG&E respectfully refers the Court to the document referenced in Paragraph 224 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 224.

225.    PG&E respectfully refers the Court to the document referenced in Paragraph 225 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 225.

226.    PG&E respectfully refers the Court to the document referenced in Paragraph 226 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 226.

227.    PG&E respectfully refers the Court to the document referenced in Paragraph 227 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 227.

228.    PG&E respectfully refers the Court to the document referenced in Paragraph 228 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 228.

229.    PG&E admits that certain former PG&E directors and officers reached a $117 million settlement agreement in connection with a lawsuit filed by a victim trust arising out of the North Bay Fires and Camp Fire.  PG&E otherwise denies the allegations in Paragraph 229.

230.    PG&E denies the allegations in Paragraph 230.

231.    PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 231 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 231.

232.    PG&E denies the allegations in Paragraph 232.

233. PG&E denies the allegations in Paragraph 233.

234. PG&E respectfully refers the Court to the document referenced in Paragraph 234 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 234.

235. Paragraph 235 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 235.

236. PG&E respectfully refers the Court to the documents referenced in Paragraph 236 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 236.

237. PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review. PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 237.

238. Paragraph 238 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the document referenced in Paragraph 238 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 238.

239. Paragraph 239 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 239 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 239.

240. PG&E denies the allegations in Paragraph 240.

241. PG&E denies the allegations in Paragraph 241.

242. PG&E admits that Hogan testified before the California Senate Energy, Utilities and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015. PG&E otherwise denies the allegations in Paragraph 242.

243. PG&E denies the allegations in Paragraph 243.

244. PG&E denies the allegations in Paragraph 244.

245. PG&E respectfully refers the Court to the document referenced in Paragraph 245 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 245.

246. Paragraph 246 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 246.

247. PG&E respectfully refers the Court to the documents referenced in Paragraph 247 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 247.

248. PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review. PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 248.

249. Paragraph 249 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the document referenced in Paragraph 249 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 249.

250. Paragraph 250 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 250 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 250.

251. PG&E denies the allegations in Paragraph 251.

252. PG&E respectfully refers the Court to the document referenced in Paragraph 252 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 252.

253. Paragraph 253 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 253.

254. PG&E respectfully refers the Court to the documents referenced in Paragraph 254 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 254.

255. PG&E admits that Cal Fire issued news releases stating that it had referred the investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick, Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review. PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 255.

256. Paragraph 256 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 256 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 256.

257. PG&E denies the allegations in Paragraph 257.

258. PG&E admits that it increased its dividend in 2016 and suspended its dividend on December 20, 2017. PG&E otherwise denies the allegations in Paragraph 258.

259. PG&E respectfully refers the Court to the document referenced in Paragraph 259 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 259.

260. PG&E denies the allegations in Paragraph 260.

261. Paragraph 261 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 261 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 261.

262. Paragraph 262 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire. PG&E respectfully refers the Court to the document referenced in Paragraph 262 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 262.

263. PG&E denies the allegations in Paragraph 263.

1  264.    PG&E respectfully refers the Court to the publicly available transcript for the
2  earnings call referenced in Paragraph 264 for a complete transcript of the earnings call.  PG&E
3  otherwise denies the allegations in Paragraph 264.

4  265.    PG&E denies the allegations in Paragraph 265.

5  266.    Paragraph 266 consists of legal conclusions to which no response is required.  To
6  the extent a response is required, PG&E admits that (i) the North Bay Fires were catastrophic
7  wildfires that resulted in extensive loss and damage; and (ii) certain government bodies
8  investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires.  PG&E
9  respectfully refers the Court to the documents referenced in Paragraph 266 for a complete
10  statement of their contents.  PG&E otherwise denies the allegations in Paragraph 266.

11  267.    Paragraph 267 consists of legal conclusions to which no response is required.  To
12  the extent a response is required, PG&E admits in connection with the Camp Fire, on June 16,
13  2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully
14  causing a fire.  PG&E respectfully refers the Court to the documents referenced in Paragraph 267
15  for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph
16  267.

17  268.    PG&E denies the allegations in Paragraph 268.

18  269.    PG&E respectfully refers the Court to the document referenced in Paragraph 269
19  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 269.

20  270.    PG&E denies the allegations in Paragraph 270.

21  271.    Paragraph 271 consists of legal conclusions to which no response is required.  To
22  the extent a response is required, PG&E admits that (i) the North Bay Fires were catastrophic
23  wildfires that resulted in extensive loss and damage; and (ii) certain government bodies
24  investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires.  PG&E
25  respectfully refers the Court to the document referenced in Paragraph 271 for a complete statement
26  of its contents.  PG&E otherwise denies the allegations in Paragraph 271.

27  272.    Paragraph 272 consists of legal conclusions to which no response is required.  To
28  the extent a response is required, PG&E admits PG&E pled guilty to 84 counts of manslaughter in

1  connection with the Camp Fire.  PG&E respectfully refers the Court to the documents referenced

2  in Paragraph 272 for a complete statement of their contents.  PG&E otherwise denies the

3  allegations in Paragraph 272.

4  273.  PG&E denies the allegations in Paragraph 273.

5  274.  PG&E avers that no response is required to the allegations in Paragraph 274

6  because they are the subject of PG&E's pending Thirty-Sixth Securities Omnibus Claim Objection

7  filed on November 21, 2024 (the "RKS SAC Claim Objection").  To the extent a response is

8  required, PG&E admits that the North Bay Fires began on October 8, 2017, but otherwise denies

9  the allegations in Paragraph 274.

10  275.  PG&E respectfully refers the Court to the document referenced in Paragraph 275

11  for a complete statement of its contents and public sources for the historical closing prices of

12  PG&E shares.  PG&E otherwise denies the allegations in Paragraph 275.

13  276.  PG&E denies the allegations in Paragraph 276.

14  277.  PG&E respectfully refers the Court to the document referenced in Paragraph 277

15  for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 277.

16  278.  PG&E denies the allegations in Paragraph 278.

17  279.  PG&E respectfully refers the Court to the documents referenced in Paragraph 279

18  for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

19  279.

20  280.  PG&E admits that Cal Fire issued news releases stating that it had referred the

21  investigations related to the McCourtney, Lobo, Honey, Sulphur, Blue, Norrbom, Adobe, Partrick,

22  Pythian, Pocket and Atlas fires to the appropriate county district attorney's offices for review.

23  PG&E respectfully refers the Court to Cal Fire's May 25, 2018 and June 8, 2018 news releases for

24  a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 280.

25  281.  Paragraph 281 consists of legal conclusions to which no response is required.  To

26  the extent a response is required, PG&E respectfully refers the Court to the documents referenced

27  in Paragraph 281 for a complete statement of their contents.  PG&E otherwise denies the

28  allegations in Paragraph 281.

1    282.    PG&E denies the allegations in Paragraph 282.

2    283.    PG&E respectfully refers the Court to the publicly available transcript for the

3    earnings call referenced in Paragraph 283 for a complete transcript of the earnings call. PG&E

4    otherwise denies the allegations in Paragraph 283.

5    284.    PG&E denies the allegations in Paragraph 284.

6    285.    Paragraph 285 consists of legal conclusions to which no response is required. To

7    the extent a response is required, PG&E respectfully refers the Court to the documents referenced

8    in Paragraph 285 for a complete statement of their contents. PG&E otherwise denies the

9    allegations in Paragraph 285.

10    286.    PG&E respectfully refers the Court to the documents referenced in Paragraph 286

11    for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph

12    286.

13    287.    PG&E denies the allegations in Paragraph 287.

14    288.    PG&E respectfully refers the Court to the document referenced in Paragraph 288

15    for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 288.

16    289.    PG&E denies the allegations in Paragraph 289.

17    290.    PG&E respectfully refers the Court to the publicly available transcript for the

18    earnings call referenced in Paragraph 290 for a complete transcript of the earnings call. PG&E

19    otherwise denies the allegations in Paragraph 290.

20    291.    PG&E denies the allegations in Paragraph 291.

21    292.    Paragraph 292 consists of legal conclusions to which no response is required. To

22    the extent a response is required, PG&E respectfully refers the Court to the documents referenced

23    in Paragraph 292 for a complete statement of their contents. PG&E otherwise denies the

24    allegations in Paragraph 292.

25    293.    PG&E denies the allegations in Paragraph 293.

26    294.    PG&E denies the allegations in Paragraph 294.

27    295.    PG&E respectfully refers the Court to the document referenced in Paragraph 295

28    for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 295.

1      296.    PG&E denies the allegations in Paragraph 296.

2      297.    PG&E admits that PG&E maintains a news website called "Currents" and respectfully refers the Court to that website for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 297.

298.    PG&E respectfully refers the Court to the document referenced in Paragraph 298 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 298.

299.    PG&E denies the allegations in Paragraph 299.

300.    PG&E denies the allegations in Paragraph 300.

301.    PG&E responds that the RKS SAC does not include a hyperlink or title for the YouTube video referenced Paragraph 301. PG&E is without sufficient information to admit or deny the allegations regarding the YouTube video in Paragraph 301 and denies the allegations on that basis. PG&E otherwise denies the allegations in Paragraph 301.

302.    PG&E responds that the RKS SAC does not include a hyperlink or title for the YouTube video referenced Paragraph 302. PG&E is without sufficient information to admit or deny the allegations regarding the YouTube video in Paragraph 302 and denies the allegations on that basis. PG&E otherwise denies the allegations in Paragraph 302.

303.    Paragraph 303 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that Yarnell testified in a deposition in the coordination proceeding in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*, Case No. JCCP 4853, on April 10, 2017. PG&E otherwise denies the allegations in Paragraph 303.

304.    Paragraph 304 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 304 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 304.

305.    PG&E denies the allegations in Paragraph 305.

306.    PG&E respectfully refers the Court to the document referenced in Paragraph 306 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 306.

307. PG&E respectfully refers the Court to the document referenced in Paragraph 307 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 307.

308. PG&E denies the allegations in Paragraph 308.

309. PG&E respectfully refers the Court to the document referenced in Paragraph 309 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 309.

310. PG&E respectfully refers the Court to the document referenced in Paragraph 310 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 310.

311. Paragraph 311 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 311 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 311.

312. PG&E respectfully refers the Court to the document referenced in Paragraph 312 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 312.

313. PG&E respectfully refers the Court to the document referenced in Paragraph 313 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 313.

314. Paragraph 314 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 314 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 314.

315. Paragraph 315 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E responds that the RKS SAC does not cite a source for the language quoted in the second sentence in Paragraph 315 regarding a lack of annual inspections. PG&E is without sufficient information to admit or deny those allegations in Paragraph 315 and denies the allegations on that basis. PG&E respectfully refers the Court to the document referenced in Paragraph 315 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 315.

316.    PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 316 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 316.

317.    Paragraph 317 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 317 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 317.

318.    Paragraph 318 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 318 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 318.

319.    PG&E denies the allegations in Paragraph 319.

320.    PG&E respectfully refers the Court to the document referenced in Paragraph 320 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 320.

321.    PG&E denies the allegations in Paragraph 321.

322.    Paragraph 322 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the North Bay Fires and Camp Fire were catastrophic wildfires that resulted in extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the North Bay Fires and the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E otherwise denies the allegations in Paragraph 322.

323.    Paragraph 323 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E respectfully refers the Court to the document referenced in Paragraph 323 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 323.

324.     PG&E respectfully refers the Court to the document referenced in Paragraph 324 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 324.

325.     PG&E denies the allegations in Paragraph 325.

326.     PG&E respectfully refers the Court to the document referenced in Paragraph 326 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 326.

327.     Paragraph 327 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; and (iii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney.  PG&E otherwise denies the allegations in Paragraph 327.

328.     PG&E responds that the RKS SAC does not cite a source for the allegations regarding the quoted language in Paragraph 328.  PG&E is without sufficient information to admit or deny those allegations in Paragraph 328 and denies the allegations on that basis.  PG&E otherwise denies the allegations in Paragraph 328.

329.     PG&E respectfully refers the Court to the document referenced in Paragraph 329 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 329.

330.     PG&E admits (i) Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; (ii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E otherwise denies the allegations in Paragraph 330.

331.     PG&E respectfully refers the Court to the document referenced in Paragraph 331 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 331.

332.     PG&E denies the allegations in Paragraph 332.

333.     PG&E denies the allegations in Paragraph 333.

334.     PG&E denies the allegations in Paragraph 334.

1    335.    PG&E denies the allegations in Paragraph 335.

2    336.    PG&E denies the allegations in Paragraph 336.

3    337.    PG&E denies the allegations in Paragraph 337.

4    338.    PG&E respectfully refers the Court to the document referenced in Paragraph 338

5    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 338.

6    339.    PG&E denies the allegations in Paragraph 339.

7    340.    PG&E respectfully refers the Court to the document referenced in Paragraph 340

8    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 340.

9    341.    PG&E respectfully refers the Court to the document referenced in Paragraph 341

10   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 341.

11   342.    PG&E denies the allegations in Paragraph 342.

12   343.    PG&E denies the allegations in Paragraph 343.

13   344.    PG&E respectfully refers the Court to the document referenced in Paragraph 344

14   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 344.

15   345.    PG&E denies the allegations in Paragraph 345.

16   346.    PG&E respectfully refers the Court to the document referenced in Paragraph 346

17   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 346.

18   347.    PG&E respectfully refers the Court to the document referenced in Paragraph 347

19   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 347.

20   348.    PG&E denies the allegations in Paragraph 348.

21   349.    PG&E respectfully refers the Court to the document referenced in Paragraph 349

22   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 349.

23   350.    PG&E denies the allegations in Paragraph 350.

24   351.    PG&E respectfully refers the Court to the document referenced in Paragraph 351

25   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 351.

26   352.    PG&E denies the allegations in Paragraph 352.

27   353.    Paragraph 353 consists of legal conclusions to which no response is required.  To

28   the extent a response is required, PG&E admits that (i) PG&E submitted an incident report to the

1    CPUC on November 8, 2018 and respectfully refers the Court to that document referenced in

2    Paragraph 353 for a complete statement of its contents; (ii) Cal Fire investigated and issued certain

3    findings that regarding the role of PG&E in the Camp Fire; (iii) Cal Fire stated in a May 15, 2019

4    news release that it had forwarded its Camp Fire investigative report to the Butte County District

5    Attorney; and (iv) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84

6    counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E respectfully

7    refers the Court to the source of the alleged communications referenced in Paragraph 353 for a

8    complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 353.

9        354.    PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in

10   extensive loss and damage; (ii) Cal Fire investigated and issued certain findings regarding the role

11   of PG&E in the Camp Fire; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E

12   pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.

13   PG&E otherwise denies the allegations in Paragraph 354.

14       355.    PG&E denies the allegations in Paragraph 355.

15       356.    PG&E denies the allegations in Paragraph 356.

16       357.    PG&E denies the allegations in Paragraph 357.

17       358.    PG&E denies the allegations in Paragraph 358.

18       359.    PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in

19   extensive loss and damage; (ii) that certain government bodies investigated, and reached

20   conclusions regarding, the role of PG&E in the Camp Fire; and (iii) in connection with the Camp

21   Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count

22   of unlawfully causing a fire.  PG&E otherwise denies the allegations in Paragraph 359.

23       360.    PG&E denies the allegations in Paragraph 360.

24       361.    PG&E respectfully refers the Court to the publicly available transcript for the

25   earnings call referenced in Paragraph 361 for a complete transcript of the earnings call.  PG&E

26   otherwise denies the allegations in Paragraph 361.

27       362.    PG&E denies the allegations in Paragraph 362.

28       363.    PG&E denies the allegations in Paragraph 363.

364.    PG&E respectfully refers the Court to the document referenced in Paragraph 364 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 364.

365.    PG&E denies the allegations in Paragraph 365.

366.    PG&E denies the allegations in Paragraph 366.

367.    PG&E denies the allegations in Paragraph 367.

368.    PG&E denies the allegations in Paragraph 368.

369.    PG&E denies the allegations in Paragraph 369.

370.    PG&E denies the allegations in Paragraph 370.

371.    PG&E admits PG&E's prospectuses filed on February 24, 2016, November 29, 2016, March 8, 2017, and April 13, 2018, incorporated by reference certain additional documents. PG&E otherwise denies the allegations in Paragraph 371.

372.    PG&E denies the allegations in Paragraph 372.

373.    PG&E admits that (i) the registration statements, prospectuses, and prospectus supplements filed with the Securities and Exchange Commission ("SEC") in connection with Pacific Gas and Electric Company's March 2016 public offering of senior notes (the "March 2016 Offering"), Pacific Gas and Electric Company's December 2016 public offering of senior notes (the "December 2016 Offering"), Pacific Gas and Electric Company's March 2017 public offering of senior notes (the "March 2017 Offering"), and Pacific Gas and Electric Company's April 2018 exchange offer (the "Exchange Offer," and together with the March 2016 Offering, the December 2016 Offering, and the March 2017 Offering, the "Offerings") contained risk factors relating to, among other topics, warnings that droughts, climate change, and wildfires could cause a material impact on PG&E's financial results; and (ii) Cal Fire investigated and issued certain findings regarding the role of PG&E in certain wildfires in 2015, 2017, and 2018. PG&E otherwise denies the allegations in Paragraph 373.

374.    PG&E respectfully refers the Court to the document referenced in Paragraph 374 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 374.

375. PG&E respectfully refers the Court to the documents referenced in Paragraph 375 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 375.

376. PG&E respectfully refers the Court to the document referenced in Paragraph 376 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 376.

377. PG&E respectfully refers the Court to the documents referenced in Paragraph 377 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 377.

378. PG&E respectfully refers the Court to the documents referenced in Paragraph 378 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 378.

379. PG&E respectfully refers the Court to the documents referenced in Paragraph 379 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 379.

380. PG&E denies the allegations in Paragraph 380.

381. PG&E respectfully refers the Court to the documents referenced in Paragraph 381 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 381.

382. PG&E respectfully refers the Court to the document referenced in Paragraph 382 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 382.

383. PG&E respectfully refers the Court to the documents referenced in Paragraph 383 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 383.

384. PG&E respectfully refers the Court to the document referenced in Paragraph 384 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 384.

385. PG&E respectfully refers the Court to the documents referenced in Paragraph 385 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 385.

1      386.    PG&E respectfully refers the Court to the documents referenced in Paragraph 386 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 386.

387.    PG&E respectfully refers the Court to the documents referenced in Paragraph 387 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 387.

388.    PG&E respectfully refers the Court to the documents referenced in Paragraph 388 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 388.

389.    PG&E respectfully refers the Court to the document referenced in Paragraph 389 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 389.

390.    PG&E respectfully refers the Court to the document referenced in Paragraph 390 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 390.

391.    PG&E denies the allegations in Paragraph 391.

392.    PG&E denies the allegations in Paragraph 392.

393.    Paragraph 393 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 393 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 393.

394.    PG&E respectfully refers the Court to the documents referenced in Paragraph 394 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 394.

395.    PG&E denies the allegations in Paragraph 395.

396.    PG&E respectfully refers the Court to the documents referenced in Paragraph 396 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 396.

397.    PG&E denies the allegations in Paragraph 397.

1       398.     PG&E respectfully refers the Court to the documents referenced in Paragraph 398 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 398.

399.     PG&E denies the allegations in Paragraph 399.

400.     PG&E respectfully refers the Court to the documents referenced in Paragraph 400 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 400.

401.     PG&E respectfully refers the Court to the document referenced in Paragraph 401 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 401.

402.     PG&E denies the allegations in Paragraph 402.

403.     Paragraph 403 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 403.

404.     PG&E respectfully refers the Court to the document referenced in Paragraph 404 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 404.

405.     Paragraph 405 consists of legal or accounting conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 405 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 405.

406.     Paragraph 406 consists of legal or accounting conclusions to which no response is required. To the extent a response is required, PG&E denies the allegations in Paragraph 406.

407.     Paragraph 407 consists of legal or accounting conclusions to which no response is required. To the extent a response is required, PG&E admits it cited in its 2017 Form 10-K a $10 billion estimate for the damages caused by the North Bay Fires. PG&E respectfully refers the Court to the document referenced in Paragraph 407 for a complete statement of its contents. PG&E further responds that the RKS SAC does not cite a source for the analyst quote in Paragraph 407. PG&E is without sufficient information to admit or deny the accuracy of the analyst quote in Paragraph 407 and denies the allegations on that basis. PG&E otherwise denies the allegations in Paragraph 407.

408. PG&E respectfully refers the Court to the document referenced in Paragraph 408 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 408.

409. PG&E denies the allegations in Paragraph 409.

410. Paragraph 410 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 410 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 410.

411. PG&E respectfully refers the Court to the document referenced in Paragraph 411 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 411.

412. Paragraph 412 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the provision referenced in Paragraph 412 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 412.

413. PG&E denies the allegations in Paragraph 413.

414. PG&E denies the allegations in Paragraph 414.

415. Paragraph 415 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 415 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 415.

416. Paragraph 416 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E admits that public companies are required to maintain disclosure controls and procedures designed to ensure that information required to be disclosed by the company in the reports that it files or submits under the Securities Exchange Act, as amended, is recorded, processed, summarized and reported, within the time period specified in the SEC's rules and forms. PG&E otherwise denies the allegations in Paragraph 416.

417. Paragraph 417 consists of legal conclusions to which no response is required. To the extent a response is required, PG&E respectfully refers the Court to the provision referenced

1 | in Paragraph 417 for a complete statement of its contents. PG&E otherwise denies the allegations
2 | in Paragraph 417.

3 | 418. PG&E denies the allegations in Paragraph 418.

4 | 419. PG&E respectfully refers the Court to the document referenced in Paragraph 419
5 | for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 419.

6 | 420. PG&E respectfully refers the Court to the documents referenced in Paragraph 420
7 | for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph
8 | 420.

9 | 421. PG&E respectfully refers the Court to the documents referenced in Paragraph 421
10 | for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph
11 | 421.

12 | 422. PG&E denies the allegations in Paragraph 422.

13 | 423. Paragraph 423 consists of legal conclusions to which no response is required. To
14 | the extent a response is required, PG&E admits that the doctrine of inverse condemnation can be
15 | applied to PG&E, holding PG&E strictly liable under certain circumstances, and that PG&E could
16 | be reimbursed for certain costs under certain circumstances after petitioning the CPUC. PG&E
17 | otherwise denies the allegations in Paragraph 423.

18 | 424. PG&E respectfully refers the Court to the document referenced in Paragraph 424
19 | for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 424.

20 | 425. PG&E denies the allegations in Paragraph 425.

21 | 426. PG&E denies the allegations in Paragraph 426.

22 | 427. PG&E denies the allegations in Paragraph 427.

23 | 428. PG&E admits that Cal Fire investigated and issued certain findings regarding the
24 | role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in Paragraph 428.

25 | 429. PG&E admits that (i) the North Bay Fires were catastrophic wildfires that resulted
26 | in extensive loss and damage; and (ii) that Cal Fire investigated and issued certain findings
27 | regarding the role of PG&E in the North Bay Fires. PG&E otherwise denies the allegations in
28 | Paragraph 429.

430.     PG&E admits that (i) the Camp Fire was a catastrophic wildfire that resulted in extensive loss and damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role of PG&E in the Camp Fire; (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire; and (iv) former PG&E Corporation CEO and President Bill Johnson stated during a court hearing, "[o]ur equipment started that fire"; and (v) certain news outlets stated that the Camp Fire was the costliest natural disaster in the world in 2018.  PG&E respectfully refers the Court to the document referenced in Paragraph 430 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 430.

431.     PG&E admits (i) that Cal Fire investigated and issued certain findings regarding the role of PG&E in the Camp Fire; (ii) Cal Fire stated in a May 15, 2019 news release that it had forwarded its Camp Fire investigative report to the Butte County District Attorney; and (iii) in connection with the Camp Fire, on June 16, 2020, PG&E pled guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire.  PG&E otherwise denies the allegations in Paragraph 431.

432.     PG&E denies the allegations in Paragraph 432.

433.     PG&E avers that no response is required to the allegations in Paragraph 433 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E denies the allegations in Paragraph 433.

434.     PG&E avers that no response is required to the allegations in Paragraph 434 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E respectfully refers the Court to the video and document referenced in Paragraph 434 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 434.

435.     PG&E avers that no response is required to the allegations in Paragraph 435 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 435 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 435.

436. PG&E avers that no response is required to the allegations in Paragraph 436 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 436 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 436.

437. PG&E avers that no response is required to the allegations in Paragraph 437 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E respectfully refers the Court to the documents referenced in Paragraph 437 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 437.

438. PG&E avers that no response is required to the allegations in Paragraph 438 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 438.

439. PG&E avers that no response is required to the allegations in Paragraph 439 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 439 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 439.

440. PG&E avers that no response is required to the allegations in Paragraph 440 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 440 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 440.

441. PG&E avers that no response is required to the allegations in Paragraph 441 because they are the subject of the RKS SAC Claim Objection. To the extent a response is required, PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 441. PG&E is without sufficient information to admit or deny the allegations regarding local media reporting in Paragraph 441 and denies the allegations on that basis. PG&E otherwise denies the allegations in Paragraph 441.

442. PG&E avers that no response is required to the allegations in Paragraph 442 because they are the subject of the RKS SAC Claim Objection. To the extent a response is

1   required, PG&E respectfully refers the Court to the document referenced in Paragraph 442 for a

2   complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 442.

3       443.    PG&E avers that no response is required to the allegations in Paragraph 443

4   because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

5   required, PG&E respectfully refers the Court to the document referenced in Paragraph 443 for a

6   complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 443.

7       444.    PG&E avers that no response is required to the allegations in Paragraph 444

8   because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

9   required, PG&E respectfully refers the Court to public sources for the historical closing prices of

10  PG&E shares.  PG&E otherwise denies the allegations in Paragraph 444.

11      445.    PG&E avers that no response is required to the allegations in Paragraph 445

12  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

13  required, PG&E respectfully refers the Court to public sources for the historical closing prices of

14  PG&E bonds.  PG&E otherwise denies the allegations in Paragraph 445.

15      446.    PG&E avers that no response is required to the allegations in Paragraph 446

16  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

17  required, PG&E denies the allegations in Paragraph 446.

18      447.    PG&E avers that no response is required to the allegations in Paragraph 447

19  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

20  required, PG&E respectfully refers the Court to the document referenced in Paragraph 447 for a

21  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 447.

22      448.    PG&E avers that no response is required to the allegations in Paragraph 448

23  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

24  required, PG&E denies the allegations in Paragraph 448.

25      449.    PG&E avers that no response is required to the allegations in Paragraph 449

26  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

27  required, PG&E respectfully refers the Court to the document referenced in Paragraph 449 for a

28  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 449.

450.     PG&E avers that no response is required to the allegations in Paragraph 450 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 450.

451.     PG&E avers that no response is required to the allegations in Paragraph 451 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E bonds.  PG&E otherwise denies the allegations in Paragraph 451.

452.     PG&E avers that no response is required to the allegations in Paragraph 452 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 452.  PG&E is without sufficient information to admit or deny the allegations regarding analysts' description of the dividend cut in Paragraph 452 and denies the allegations on that basis.  PG&E otherwise denies the allegations in Paragraph 452.

453.     PG&E denies the allegations in Paragraph 453.

454.     PG&E avers that no response is required to the allegations in Paragraph 454 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E respectfully refers the Court to the document referenced in Paragraph 454 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 454.

455.     PG&E avers that no response is required to the allegations in Paragraph 455 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E denies the allegations in Paragraph 455.

456.     PG&E avers that no response is required to the allegations in Paragraph 456 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E denies the allegations in Paragraph 456.

457.     PG&E avers that no response is required to the allegations in Paragraph 457 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

1  required, PG&E respectfully refers the Court to the document referenced in Paragraph 457 for a

2  complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 457.

3      458.    PG&E avers that no response is required to the allegations in Paragraph 458

4  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

5  required, PG&E denies the allegations in Paragraph 458.

6      459.    PG&E avers that no response is required to the allegations in Paragraph 459

7  because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

8  required, PG&E denies the allegations in Paragraph 459.

9      460.    PG&E avers that no response is required to the allegations in Paragraph 460

10 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

11 required, PG&E denies the allegations in Paragraph 460.

12     461.    PG&E avers that no response is required to the allegations in Paragraph 461

13 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

14 required, PG&E respectfully refers the Court to the document referenced in Paragraph 461 for a

15 complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 461.

16     462.    PG&E avers that no response is required to the allegations in Paragraph 462

17 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

18 required, PG&E respectfully refers the Court to the document referenced in Paragraph 462 for a

19 complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 462.

20     463.    PG&E avers that no response is required to the allegations in Paragraph 463

21 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is

22 required, PG&E denies the allegations in Paragraph 463.

23     464.    PG&E respectfully refers the Court to the document referenced in Paragraph 464

24 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 464.

25     465.    PG&E respectfully refers the Court to the document referenced in Paragraph 465

26 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 465.

27     466.    PG&E denies the allegations in Paragraph 466.

28

467. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 467.

468. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 468.

469. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E bonds. PG&E otherwise denies the allegations in Paragraph 469.

470. PG&E denies the allegations in Paragraph 470.

471. PG&E respectfully refers the Court to the document referenced in Paragraph 471 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 471.

472. PG&E respectfully refers the Court to the document referenced in Paragraph 472 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 472.

473. PG&E denies the allegations in Paragraph 473.

474. PG&E denies the allegations in Paragraph 474.

475. PG&E respectfully refers the Court to the document referenced in Paragraph 475 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 475.

476. PG&E respectfully refers the Court to the document referenced in Paragraph 476 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 476.

477. PG&E respectfully refers the Court to the document referenced in Paragraph 477 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 477.

478. PG&E respectfully refers the Court to the document referenced in Paragraph 478 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 478.

479. PG&E respectfully refers the Court to the document referenced in Paragraph 479 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 479.

480. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares. PG&E otherwise denies the allegations in Paragraph 480.

481. PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E bonds. PG&E otherwise denies the allegations in Paragraph 481.

482. PG&E denies the allegations in Paragraph 482.

483.    PG&E respectfully refers the Court to the documents referenced in Paragraph 483 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 483.

484.    PG&E respectfully refers the Court to the document referenced in Paragraph 484 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 484.

485.    PG&E denies the allegations in Paragraph 485.

486.    PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 486.  PG&E is without sufficient information to admit or deny the allegations regarding analysts' beliefs in Paragraph 486 and denies the allegations on that basis.  PG&E otherwise denies the allegations in Paragraph 486.

487.    PG&E denies the allegations in Paragraph 487.

488.    PG&E avers that no response is required to the allegations in Paragraph 488 because the allegations are the subject of the RKS Claim Objection.  To the extent a response is required, PG&E denies the allegations in Paragraph 488.

489.    PG&E admits the Camp Fire began in the early morning of November 8, 2018 and grew throughout the day.  PG&E lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the second sentence in Paragraph 489 and denies them on that basis.  PG&E otherwise denies the allegations in Paragraph 489.

490.    PG&E respectfully refers the Court to the document referenced in Paragraph 490 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 490.

491.    PG&E respectfully refers the Court to the document referenced in Paragraph 491 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 491.

492.    PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 492.

493.    PG&E denies the allegations in Paragraph 493.

494.    PG&E respectfully refers the Court to the document referenced in Paragraph 494 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 494.

495.     PG&E respectfully refers the Court to the document referenced in Paragraph 495 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 495.

496.     PG&E respectfully refers the Court to the document referenced in Paragraph 496 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 496.

497.     PG&E respectfully refers the Court to the document referenced in Paragraph 497 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 497.

498.     PG&E respectfully refers the Court to the document referenced in Paragraph 498 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 498.

499.     PG&E responds that the RKS SAC does not cite sources for the allegations in Paragraph 499.  PG&E is without sufficient information to admit or deny the accuracy of the allegations in Paragraph 499 and denies the allegations on that basis.  PG&E otherwise denies the allegations in Paragraph 499.

500.     PG&E denies the allegations in Paragraph 500.

501.     PG&E lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 501 regarding the timing of reports by news outlets and denies them on that basis, except PG&E respectfully refers the Court to the document referenced in Paragraph 501 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 501.

502.     PG&E respectfully refers the Court to the document referenced in Paragraph 502 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 502.

503.     PG&E respectfully refers the Court to the documents referenced in Paragraph 503 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 503.

504.     PG&E respectfully refers the Court to the document referenced in Paragraph 504 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 504.

505.     PG&E respectfully refers the Court to the documents referenced in Paragraph 505 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 505.

506.     PG&E respectfully refers the Court to the document referenced in Paragraph 506 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 506.

507.     PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 507.

508.     PG&E denies the allegations in Paragraph 508.

509.     PG&E respectfully refers the Court to the document referenced in Paragraph 509 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 509.

510.     PG&E respectfully refers the Court to the document referenced in Paragraph 510 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 510.

511.     PG&E respectfully refers the Court to the document referenced in Paragraph 511 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 511.

512.     PG&E respectfully refers the Court to the document referenced in Paragraph 512 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 512.

513.     PG&E respectfully refers the Court to the document referenced in Paragraph 513 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 513.

514.     PG&E avers that no response is required to the allegations in Paragraph 514 because they are the subject of the RKS SAC Claim Objection.  To the extent a response is required, PG&E denies the allegations in Paragraph 514.

515.     PG&E respectfully refers the Court to the document referenced in Paragraph 515 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 515.

516.     PG&E respectfully refers the Court to public sources for the historical closing prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 516.

517.     PG&E denies the allegations in Paragraph 517.

518.     PG&E respectfully refers the Court to the document referenced in Paragraph 518 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 518.

519.     PG&E respectfully refers the Court to the document referenced in Paragraph 519 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 519.

520.     PG&E denies the allegations in Paragraph 520.

1    521.    PG&E denies the allegations in Paragraph 521.

2    522.    PG&E denies the allegations in Paragraph 522.

3    523.    PG&E respectfully refers the Court to public sources for the historical closing

4    prices of PG&E shares.  PG&E otherwise denies the allegations in Paragraph 523.

5    524.    PG&E denies the allegations in Paragraph 524.

6    525.    Paragraph 525 consists of legal conclusions to which no response is required.  To

7    the extent a response is required, PG&E denies the allegations in Paragraph 525.

8    526.    PG&E admits that the Camp Fire started on November 8, 2018.  PG&E otherwise

9    denies the allegations in Paragraph 526.

10    527.    PG&E denies the allegations in Paragraph 527.

11    528.    PG&E respectfully refers the Court to public sources for the historical closing

12    prices of PG&E bonds.  PG&E otherwise denies the allegations in Paragraph 528.

13    529.    PG&E respectfully refers the Court to public sources for the historical closing

14    prices of PG&E bonds.  PG&E otherwise denies the allegations in Paragraph 529.

15    530.    PG&E denies the allegations in Paragraph 530.

16    531.    Paragraph 531 consists of legal conclusions to which no response is required.  To

17    the extent a response is required, PG&E denies the allegations in Paragraph 531.

18    532.    Paragraph 532 consists of legal conclusions to which no response is required.  To

19    the extent a response is required, PG&E denies the allegations in Paragraph 532.

20    533.    PG&E denies the allegations in Paragraph 533.

21    534.    PG&E admits that it was PG&E's responsibility to manage risk and ensure that

22    safety was a priority.  PG&E otherwise denies the allegations in Paragraph 534.

23    535.    PG&E admits that (i) the 2015 wildfire in Amador County, California (the "Butte

24    Fire") was a catastrophic wildfire that resulted in extensive loss and damage; and (ii) certain

25    government bodies investigated, and reached conclusions regarding, the role of PG&E in the Butte

26    Fire.  PG&E otherwise denies the allegations in Paragraph 535.

27    536.    PG&E admits that Yarnell testified in a deposition in the coordination proceeding

28    in the Superior Court for the State of California, County of Sacramento, styled *Butte Fire Cases*,

1   Case No. JCCP 4853, on April 10, 2017. PG&E otherwise denies the allegations in Paragraph

2   536.

3          537.    PG&E respectfully refers the Court to the document referenced in Paragraph 537

4   for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 537.

5          538.    PG&E respectfully refers the Court to the document referenced in Paragraph 538

6   for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 538.

7          539.    PG&E respectfully refers the Court to the document referenced in Paragraph 539

8   for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 539.

9          540.    PG&E respectfully refers the Court to the document referenced in Paragraph 540

10  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 540.

11         541.    PG&E respectfully refers the Court to the document referenced in Paragraph 541

12  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 541.

13         542.    PG&E respectfully refers the Court to the document referenced in Paragraph 542

14  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 542.

15         543.    PG&E denies the allegations in Paragraph 543.

16         544.    PG&E respectfully refers the Court to the document referenced in Paragraph 544

17  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 544.

18         545.    PG&E respectfully refers the Court to the document referenced in Paragraph 545

19  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 545.

20         546.    PG&E respectfully refers the Court to the document referenced in Paragraph 546

21  for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 546.

22         547.    PG&E admits that Hogan testified before the California Senate Energy, Utilities

23  and Communication Subcommittee on Safety & California's Electric Grid on November 18, 2015.

24  PG&E respectfully refers the Court to the documents referenced in Paragraph 547 for a complete

25  statement of their contents. PG&E otherwise denies the allegations in Paragraph 547.

26         548.    PG&E admits that PG&E officers spoke about PG&E's vegetation management

27  procedures and results. PG&E otherwise denies the allegations in Paragraph 548.

28

549.    Paragraph 549 consists of legal conclusions to which no response is required.  To the extent a response is required, PG&E denies the allegations in Paragraph 549.

550.    PG&E responds that the RKS SAC does not cite a source for the allegations in Paragraph 550.  PG&E is without sufficient information to admit or deny the allegations in Paragraph 550 and denies the allegations on that basis.

551.    PG&E respectfully refers the Court to the documents referenced in Paragraph 551 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 551.

552.    PG&E denies the allegations in Paragraph 552.

553.    PG&E admits that (i) on August 9, 2016, a jury in the federal criminal trial against Pacific Gas and Electric Company in connection with the San Bruno explosion in September 2010 in the United States District Court for the Northern District of California, in San Francisco, found Pacific Gas and Electric Company guilty on five counts of violations of pipeline integrity management regulations of the Natural Gas Pipeline Safety Act; and (ii) on January 26, 2017, the court sentenced Pacific Gas and Electric Company to a 5-year corporate probation period, oversight by a third-party monitor for a period of five years, with the ability to apply for early termination after three years, a fine of $3 million to be paid to the federal government, certain advertising requirements, and community service.  PG&E otherwise denies the allegations in Paragraph 553.

554.    PG&E respectfully refers the Court to the document referenced in Paragraph 554 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 554.

555.    PG&E admits that on August 14, 2017, the case styled *United States v. Pacific Gas and Electric Company*, Case Number 3:14-cr-00175-TEH-1, was reassigned to Judge Alsup for all further proceedings.  PG&E otherwise denies the allegations in Paragraph 555.

556.    PG&E respectfully refers the Court to the document referenced in Paragraph 556 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 556.

1    557.    PG&E respectfully refers the Court to the documents referenced in Paragraph 557

2    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

3    557.

4    558.    Paragraph 558 consists of legal conclusions to which no response is required.  To

5    the extent a response is required, PG&E respectfully refers the Court to the documents referenced

6    in Paragraph 558 for a complete statement of their contents.  PG&E otherwise denies the

7    allegations in Paragraph 558.

8    559.    PG&E respectfully refers the Court to the documents referenced in Paragraph 559

9    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

10   559.

11   560.    PG&E respectfully refers the Court to the documents referenced in Paragraph 560

12   for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

13   560.

14   561.    PG&E respectfully refers the Court to the document referenced in Paragraph 561

15   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 561.

16   562.    PG&E respectfully refers the Court to the document referenced in Paragraph 562

17   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 562.

18   563.    PG&E respectfully refers the Court to the document referenced in Paragraph 563

19   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 563.

20   564.    Paragraph 564 consists of legal conclusions to which no response is required.  To

21   the extent a response is required, PG&E respectfully refers the Court to the document referenced

22   in Paragraph 564 for a complete statement of its contents.  PG&E otherwise denies the allegations

23   in Paragraph 564.

24   565.    PG&E respectfully refers the Court to the documents referenced in Paragraph 565

25   for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

26   565.

27

28

1    566.    PG&E respectfully refers the Court to the documents referenced in Paragraph 566

2    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph

3    566.

4    567.    PG&E respectfully refers the Court to the document referenced in Paragraph 567

5    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 567.

6    568.    PG&E respectfully refers the Court to the document referenced in Paragraph 568

7    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 568.

8    569.    PG&E respectfully refers the Court to the document referenced in Paragraph 569

9    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 569.

10   570.    PG&E respectfully refers the Court to the document referenced in Paragraph 570

11   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 570.

12   571.    PG&E respectfully refers the Court to the document referenced in Paragraph 571

13   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 571.

14   572.    PG&E respectfully refers the Court to the document referenced in Paragraph 572

15   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 572.

16   573.    PG&E respectfully refers the Court to the document referenced in Paragraph 573

17   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 573.

18   574.    PG&E respectfully refers the Court to the document referenced in Paragraph 574

19   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 574.

20   575.    PG&E respectfully refers the Court to the document referenced in Paragraph 575

21   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 575.

22   576.    PG&E respectfully refers the Court to the document referenced in Paragraph 576

23   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 576.

24   577.    PG&E respectfully refers the Court to the document referenced in Paragraph 577

25   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 577.

26   578.    PG&E respectfully refers the Court to the document referenced in Paragraph 578

27   for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 578.

28

579. PG&E respectfully refers the Court to the document referenced in Paragraph 579 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 579.

580. PG&E respectfully refers the Court to the document referenced in Paragraph 580 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 580.

581. PG&E respectfully refers the Court to the document referenced in Paragraph 581 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 581.

582. PG&E respectfully refers the Court to the document referenced in Paragraph 582 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 582.

583. PG&E respectfully refers the Court to the document referenced in Paragraph 583 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 583.

584. PG&E denies the allegations in Paragraph 584.

585. PG&E respectfully refers the Court to the document referenced in Paragraph 585 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 585.

586. PG&E respectfully refers the Court to the document referenced in Paragraph 586 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 586.

587. PG&E respectfully refers the Court to the document referenced in Paragraph 587 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 587.

588. PG&E denies the allegations in Paragraph 588.

589. PG&E respectfully refers the Court to the document referenced in Paragraph 589 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 589.

590. PG&E respectfully refers the Court to the documents referenced in Paragraph 590 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 590.

591. PG&E respectfully refers the Court to the documents referenced in Paragraph 591 for a complete statement of their contents. PG&E otherwise denies the allegations in Paragraph 591.

592. PG&E respectfully refers the Court to the document referenced in Paragraph 592 for a complete statement of its contents. PG&E otherwise denies the allegations in Paragraph 592.

593.     PG&E respectfully refers the Court to the document referenced in Paragraph 593 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 593.

594.     PG&E denies the allegations in Paragraph 594.

595.     PG&E denies the allegations in Paragraph 595.

596.     PG&E respectfully refers the Court to the document referenced in Paragraph 596 for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 596.

597.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 597 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 597.

598.     PG&E respectfully refers the Court to the publicly available transcript for the earnings call referenced in Paragraph 598 for a complete transcript of the earnings call.  PG&E otherwise denies the allegations in Paragraph 598.

599.     PG&E denies the allegations in Paragraph 599.

600.     PG&E admits that it employed Kane as its Chief Ethics and Compliance Officer. PG&E otherwise denies the allegations in Paragraph 600.

601.     PG&E respectfully refers the Court to the documents referenced in Paragraph 601 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 601.

602.     PG&E denies the allegations in Paragraph 602.

603.     PG&E admits that Kane reported to the CEO.  PG&E otherwise denies the allegations in Paragraph 603.

604.     PG&E denies the allegations in Paragraph 604.

605.     PG&E respectfully refers the Court to the documents referenced in Paragraph 605 for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph 605.

606.     PG&E denies the allegations in Paragraph 606.

607.     PG&E denies the allegations in Paragraph 607.

1    608.    PG&E admits that (i) the San Bruno explosion resulted in extensive loss and
2    damage; (ii) certain government bodies investigated, and reached conclusions regarding, the role
3    of PG&E in the San Bruno explosion; and (iii) a federal jury found Pacific Gas and Electric
4    Company guilty on six of twelve criminal charges, including obstruction of justice, related to the
5    San Bruno explosion.  PG&E otherwise denies the allegations in Paragraph 608.

6    609.    PG&E denies the allegations in Paragraph 609.

7    610.    PG&E respectfully refers the Court to the documents referenced in Paragraph 610
8    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph
9    610.

10    611.    PG&E respectfully refers the Court to the document referenced in Paragraph 611
11    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 611.

12    612.    PG&E admits that (i) Earley left his position as Executive Chairman of the
13    Company in December 2017; (ii) Stavropoulos left his position as COO in September 2018; and
14    (iii) Hogan left his position as Senior Vice President of Electric Operations in January 2019.
15    PG&E otherwise denies the allegations in Paragraph 612.

16    613.    PG&E respectfully refers the Court to the documents referenced in Paragraph 613
17    for a complete statement of their contents.  PG&E otherwise denies the allegations in Paragraph
18    613.

19    614.    PG&E denies the allegations in Paragraph 614.

20    615.    PG&E admits the Butte County District Attorney investigated the causes of the
21    Camp Fire and issued The Camp Fire Public Report: A Summary of the Camp Fire Investigation
22    (the "Butte County DA Report").  PG&E otherwise denies the allegations in Paragraph 615.

23    616.    PG&E respectfully refers the Court to the document referenced in Paragraph 616
24    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 616.

25    617.    PG&E respectfully refers the Court to the document referenced in Paragraph 617
26    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 617.

27    618.    PG&E respectfully refers the Court to the document referenced in Paragraph 618
28    for a complete statement of its contents.  PG&E otherwise denies the allegations in Paragraph 618.

1      619.    PG&E denies the allegations in Paragraph 619.

2      620.    PG&E denies the allegations in Paragraph 620.

3      621.    PG&E denies the allegations in Paragraph 621.

4      622.    Paragraph 622 consists of legal conclusions to which no response is required.  To

5    the extent the allegations set forth in Paragraph 622 contain facts requiring a response, PG&E

6    admits (i) PG&E stock was traded on the New York Stock Exchange ("NYSE"); (ii) PG&E filed

7    public reports with the SEC and NYSE; (iii) PG&E communicated with investors; and (iv)

8    securities analysts wrote reports regarding PG&E.  PG&E otherwise denies the allegations in

9    Paragraph 622.

10      623.    Paragraph 623 consists of legal conclusions to which no response is required.  To

11    the extent a response is required, PG&E denies the allegations in Paragraph 623.

12      624.    Paragraph 624 consists of legal conclusions that are contrary to the Court's

13    Memorandum Decision on Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections

14    (Dkt. 14593).  To the extent a response is required, PG&E denies the allegations in Paragraph 624.

15      625.    PG&E denies the allegations in Paragraph 625.

16      626.    PG&E denies the allegations in Paragraph 626, and repeats and realleges each and

17    every response contained above as if fully set forth herein.

18      627.    Paragraph 627 consists of legal conclusions to which no response is required.  To

19    the extent a response is required, PG&E admits that the RKS Claimants purport to assert certain

20    Exchange Act claims.  PG&E otherwise denies the allegations in Paragraph 627.

21      628.    PG&E denies the allegations in Paragraph 628.

22      629.    PG&E denies the allegations in Paragraph 629.

23      630.    PG&E denies the allegations in Paragraph 630.

24      631.    PG&E denies the allegations in Paragraph 631.

25      632.    PG&E denies the allegations in Paragraph 632.

26      633.    PG&E denies the allegations in Paragraph 633.

27      634.    PG&E denies the allegations in Paragraph 634.

28      635.    PG&E denies the allegations in Paragraph 635.

1    636.   PG&E denies the allegations in Paragraph 636.

2    637.   PG&E denies the allegations in Paragraph 637.

3    638.   PG&E denies the allegations in Paragraph 638, and repeats and realleges each and

4    every response contained above as if fully set forth herein.

5    639.   Paragraph 639 consists of legal conclusions to which no response is required.  To

6    the extent a response is required, PG&E admits that the RKS Claimants purport to assert certain

7    Exchange Act claims.  PG&E otherwise denies the allegations in Paragraph 639.

8    640.   PG&E denies the allegations in Paragraph 640.

9    641.   PG&E denies the allegations in Paragraph 641.

10    642.   PG&E denies the allegations in Paragraph 642.

11    643.   PG&E denies the allegations in Paragraph 643.

12    644.   PG&E denies the allegations in Paragraph 644.

13    645.   PG&E denies the allegations in Paragraph 645.

14    646.   PG&E denies the allegations in Paragraph 646.

15    647.   PG&E denies the allegations in Paragraph 647.

16    648.   PG&E denies the allegations in Paragraph 648.

17    649.   PG&E denies the allegations in Paragraph 649, and repeats and realleges each and

18    every response contained above as if fully set forth herein.

19    650.   Paragraph 650 consists of legal conclusions to which no response is required.  To

20    the extent a response is required, PG&E admits that the RKS Claimants purport to assert certain

21    Exchange Act claims.  PG&E otherwise denies the allegations in Paragraph 650.

22    651.   PG&E denies the allegations in Paragraph 651.

23    652.   PG&E admits that Pacific Gas and Electric Company is the primary operating

24    subsidiary of PG&E Corporation.  PG&E otherwise denies the allegations in Paragraph 652.

25    653.   PG&E denies the allegations in Paragraph 653.

26    654.   PG&E denies the allegations in Paragraph 654.

27    655.   PG&E denies the allegations in Paragraph 655.

28    656.   PG&E denies the allegations in Paragraph 656.

1    657.    PG&E denies the allegations in Paragraph 657.

2    658.    PG&E denies the allegations in Paragraph 658, and repeats and realleges each and

3    every response contained above as if fully set forth herein.

4    659.    Paragraph 659 consists of legal conclusions to which no response is required.  To

5    the extent a response is required, PG&E admits that the RKS Claimants purport to assert certain

6    Securities Act claims.  PG&E otherwise denies the allegations in Paragraph 659.

7    660.    PG&E avers that no response is required to the allegations contained in Paragraph

8    660.

9    661.    PG&E denies the allegations in Paragraph 661.

10    662.    PG&E admits that Pacific Gas and Electric Company was the registrant and issuer

11    of the senior notes sold pursuant to the (1) March 2016 Offering; (2) December 2016 Offering; (3)

12    March 2017 Offering; and (4) Exchange Offer.  PG&E otherwise denies the allegations in

13    Paragraph 662.

14    663.    PG&E denies the allegations in Paragraph 663.

15    664.    PG&E denies the allegations in Paragraph 664.

16    665.    PG&E denies the allegations in Paragraph 665.

17    666.    PG&E denies the allegations in Paragraph 666.

18    667.    PG&E denies the allegations in Paragraph 667.

19    668.    PG&E denies the allegations in Paragraph 668.

20    669.    PG&E denies the allegations in Paragraph 669, and repeats and realleges each and

21    every response contained above as if fully set forth herein.

22    670.    Paragraph 670 consists of legal conclusions to which no response is required.  To

23    the extent a response is required, PG&E admits that the RKS Claimants purport to assert certain

24    Securities Act claims.  PG&E otherwise denies the allegations in Paragraph 670.

25    671.    PG&E avers that no response is required to the allegations contained in Paragraph

26    671.

27    672.    PG&E denies the allegations in Paragraph 672.

28

673.    PG&E admits that Pacific Gas and Electric Company is the primary operating subsidiary of PG&E Corporation.  PG&E otherwise denies the allegations in Paragraph 673.

674.    PG&E admits (i) Earley signed the shelf registration statement used for the March 2016 and December 2016 Offerings and the registration statement for the March 2017 Offering; (ii) Williams signed the registration statement for the March 2017 Offering and the registration statement for the Exchange Offer; and (iii) Stavropoulos signed the registration statement for the March 2017 Offering and the registration statement for the Exchange Offer.  PG&E otherwise denies the allegations in Paragraph 674.

675.    PG&E denies the allegations in Paragraph 675.

676.    PG&E denies the allegations in Paragraph 676.

677.    PG&E denies the allegations in Paragraph 677.

PG&E states that no response to the RKS SAC's prayer for relief is required.  To the extent that any response is required, PG&E denies the allegations of the prayer for relief.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest on the RKS Claimants, PG&E asserts the following affirmative defenses:

**<u>FIRST DEFENSE</u>**

The RKS SAC's claims are not actionable to the extent the allegedly false or misleading statements made by PG&E fall within one or both of the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

**<u>SECOND DEFENSE</u>**

The RKS Claimants are not entitled to any recovery from PG&E because the RKS Claimants purchased PG&E securities with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of the PG&E shares or bonds they purchased would decline if those known risks materialized.

**<u>THIRD DEFENSE</u>**

If and to the extent the statements at issue herein are found to have been false or misleading (which PG&E denies), the RKS Claimants either knew or should have known about the matters

alleged in the RKS SAC, and their own negligence, actions, omissions, or other fault proximately contributed to the losses allegedly suffered by the RKS Claimants from the purchase or sale of PG&E shares or bonds, and bars any recovery to the extent thereof.

### FOURTH DEFENSE

The RKS Claimants, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the purported facts alleged in the RKS SAC.  To the extent that the RKS Claimants failed to comply with that duty, they are barred from recovering any purported damages that might reasonably have been avoided.

### FIFTH DEFENSE

The RKS Claimants' alleged damages are reduced by the amounts they have recovered from other defendants or third parties in connection with the claims alleged in the RKS SAC and by the amounts they received in connection with the sale of their PG&E securities or any distribution they have received or will receive as a result of the bankruptcy proceedings.

### SIXTH DEFENSE

The claims in the RKS SAC are barred, in whole or in part, because they were not brought within one year after "the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence," 15 U.S.C. § 77m, and are therefore untimely.

### SEVENTH DEFENSE

The claims in the RKS SAC are barred, in whole or in part, and/or subject to offset, because certain RKS Claimants profited as a result of the allegedly false or misleading statements upon which PG&E's purported liability rests.

### EIGHTH DEFENSE

Any recovery for damages allegedly incurred by the RKS Claimants, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by the RKS Claimants through their investments.

### NINTH DEFENSE

The claims in the RKS SAC are barred, in whole or in part, because certain RKS Claimants released their claims under the Joint Chapter 11 Plan of Reorganization (Dkt. 8048).

1

**TENTH DEFENSE**

2     The claims in the RKS SAC that are based on the purchase or sale of PG&E's debt

3 securities (i.e., PG&E's notes) are barred, in whole or in part, because PG&E never missed a

4 coupon payment, and PG&E's Bankruptcy Plan provided that the notes at issue would all be paid

5 in full or reinstated.

6

**ELEVENTH DEFENSE**

7     The securities claims of every RKS Claimant that failed to properly file a proof of claim

8 on or before the bar date, as specifically applied to the securities claims, are barred as untimely.

9

**TWELFTH DEFENSE**

10     PG&E reserves the right to raise any additional defenses, cross-claims, and third-party

11 claims not asserted herein of which they may become aware through discovery or other

12 investigation, as may be appropriate at a later time.

13                 \*        \*        \*

14     PG&E has insufficient knowledge or information upon which to form a belief as to whether

15 there may be additional affirmative defenses that are applicable.  PG&E expressly reserves the

16 right to assert additional affirmative and other defenses that may become available or apparent

17 during this litigation and/or required by any amendments to the RKS SAC.

18     Based upon the foregoing, PG&E prays that this Court deny any relief or request for

19 judgment on behalf of the RKS Claimants, and dismiss this action against PG&E in its entirety,

20 with prejudice and without further leave to amend.  PG&E also prays for such other and further

21 relief as may be appropriate or that the Court deems just and proper.

22

23 Dated: November 21, 2024           Respectfully submitted,

24

25                     **WEIL, GOTSHAL & MANGES LLP**
                    **LATHAM & WATKINS LLP**

26                     **KELLER BENVENUTTI KIM LLP**

27                     By:    */s/ Michael J. Reiss*

28                     *Attorneys for Debtors and Reorganized Debtors*