ROLNICK KRAMER SADIGHI LLP
Lawrence M. Rolnick *(pro hac vice)*
lrolnick@rksllp.com
Marc B. Kramer *(pro hac vice)*
mkramer@rksllp.com
Michael J. Hampson *(pro hac vice)*
mhampson@rksllp.com
Richard A. Bodnar *(pro hac vice)*
rbodnar@rksllp.com
Frank T.M. Catalina (*pro hac vice*)
fcatalina@rksllp.com
PENN 1
1 Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

ST. JAMES LAW, P.C.
Michael St. James, CSB No. 95653
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

*Attorneys for the RKS Claimants*



**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re:

PG&E CORPORATION,

- and -

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

Affects PG&E Corporation

Affects Pacific Gas and Electric Company

☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)*

Case No. 19-30088 (DM) (Lead Case)
(Jointly Administered)

Chapter 11

**THE RKS CLAIMANTS' OBJECTION TO *EX PARTE* APPLICATION FOR ORDER AUTHORIZING REORGANIZED DEBTORS TO EXCEED THE 250 CLAIM PER OMNIBUS OBJECTION LIMIT**

[No Hearing Requested]

The RKS Claimants hereby submit this objection to the *Ex Parte* Application For Order Authorizing Reorganized Debtors to Exceed the 250 Claim Per Omnibus Objection Limit (the "*Ex Parte* Application") [Dkt. No. 14652].[1]

**INTRODUCTION**

Reorganized Debtors seek leave, *ex parte*, to file a fortieth omnibus objection [Dkt. No. 14649] (the "Supplemental Omnibus Objection") as to 474 claims which, unlike the 39 omnibus objections that came before it, would not eliminate a single claim if granted. The Court should not allow this wasteful and inefficient exercise. First, the Supplemental Omnibus Objection violates the Court's express instruction that, if the RKS claimants were to amend the RKS Amendment, "the court will not consider any renewed attempts by PG&E to dismiss at this stage." [Dkt. No. 14593 at 3]. Reorganized Debtors' Supplemental Omnibus Objection is a new attempt to challenge the sufficiency of the amendments to the RKS Amendment, which the Court has already stated it will not consider.

Second, and relatedly, the Supplemental Omnibus Objection is a wasteful and inefficient exercise, which is contrary to the very purpose of the Securities Omnibus Objection Procedures [Dkt. No. 10015-1] in the first place. The purpose of the Securities Omnibus Objection Procedures, and the Securities Claim ADR Procedures established in the same order [Dkt. No. 10015], was to create an efficient process to "facilitate prompt settlement and payment of the allowed Subordinated Securities Claims" and to "allow the Reorganized Debtors to file objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective." [Dkt. No. 10015-1 at 2]. The Supplemental Omnibus Objection is wasteful and inefficient as it will not eliminate a single claim if granted, and will require pointless motion practice while the parties should be directing their resources toward completing discovery.

The Court should deny the *Ex Parte* Application and allow discovery to proceed without hinderance.

[1] If the Court does grant the *Ex Parte* Application, the RKS Claimants will oppose the Supplemental Omnibus Objection separately, at the appropriate time.

ROLNICK KRAMER SADIGHI LLP
PENN 1
1 PENNSYLVANIA PLAZA
NEW YORK, NY 10119

# ARGUMENT

## I. The *Ex Parte* Application Should Be Denied Because It Seeks Leave to File an Objection That Violates the Court's Decision on the Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections

In its Memorandum Decision On Thirty-Third and Thirty-Fourth Securities Omnibus Claims Objections, the Court granted the RKS Claimants the ability to amend the RKS Amendment, and directed that, if the RKS Claimants did amend, "the court will not consider any renewed attempts by PG&E to dismiss at this stage." [Dkt. No. 14593 at 3]. Nonetheless, and directly contrary to the Court's clear order, following the RKS Claimants' filing of an amendment to their claims [Dkt. No. 14603] (the "RKS Second Amended Statement of Claim"), Reorganized Debtors now attempt to file the Supplemental Omnibus Objection—which is nothing more than a "renewed attempt[] by PG&E to dismiss" certain portions of the RKS Claimants' claims.

In doing so, Reorganized Debtors seek leave *ex parte* from the Securities Omnibus Objection Procedures' prohibition against filing an omnibus objection as to more than 250 claims at a time, because the Supplemental Omnibus Objection pertains to 474 claims. [*See* Dkt. No. 14652 at 1.] The Court should deny the *Ex Parte* Application because it seeks leave to file an omnibus objection that the Court has already prohibited—*i.e.*, an objection to the RKS Claimants' amended claims. Because the Court has already prohibited the filing of a subsequent sufficiency objection to any amended claim filed by the RKS Claimants, the Supplemental Omnibus Objection is futile, and granting the *Ex Parte* Application would not further any meritorious purpose. In short, because Reorganized Debtors' Supplemental Omnibus Objection is prohibited, the Court should not grant leave from the provisions of the Securities Omnibus Objection Procedures to further the consideration of the prohibited objection.

## II. The Relief Requested in the *Ex Parte* Application Is Contrary to the Underlying Purpose of the Securities Omnibus Objection Procedures

The Court should further deny the *Ex Parte* Application because the underlying objection Reorganized Debtors seek to file is contrary to the aims of the Securities Omnibus Objection Procedures. The Securities Omnibus Objection Procedures were ordered in tandem with the Securities ADR Procedures in an effort to streamline these proceedings and facilitate settlement

ROLNICK KRAMER SADIGHI LLP
PENN 1
1 PENNSYLVANIA PLAZA
NEW YORK, NY 10119

of as many claims as possible. The way that the Securities Omnibus Objection Procedures promote efficiency, is by allowing Reorganized Debtors to object to groups of claims that "are facially or procedurally defective[,] . . . eliminat[ing] the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims[.]" [Dkt. No. 10015-1 at 2]. In other words, the point of the Securities Omnibus Objection Procedures is to ***actually reduce the number of claims*** by weeding out large numbers of similarly defective claims. The Supplemental Omnibus Objection is thus unlike all other omnibus objections before it in that, even if granted, it will not eliminate ***a single claim***. Indeed, by only addressing the relatively minor amendments made in the RKS Second Amended Statement of Claim, all of the actual claims will continue to proceed regardless of whether the Court agrees with the Supplemental Omnibus Objection.

This is antithetical to the purpose of the Securities Omnibus Objection Procedures. Because the RKS Claimants' claims are proceeding largely intact into discovery, the Supplemental Omnibus Objection serves only to needlessly drain the Courts' and the parties' resources while the parties should be focusing their efforts on completing discovery in a timely manner. Given the relatively few amendments in the RKS Second Amended Statement of Claim, the Supplemental Omnibus Objection will have virtually no effect on the scope of discovery as to these claims. It is simply motion practice for the sake of motion practice. Reorganized Debtors will have the chance to again seek to disallow the entirety of the RKS Claimants' claims on a motion for summary judgment, in accordance with the current schedule entered by the Court. The Court should not grant Reorganized Debtors leave from the requirements of the Securities Omnibus Objections Procedures to subvert its very purpose by bogging these claims down in unnecessary and inefficient motion practice. The Court should deny the *Ex Parte* Application.

**CONCLUSION**

For the foregoing reasons, the RKS Claimants respectfully request that the Court deny the *Ex Parte* Application.

ROLNICK KRAMER SADIGHI LLP
PENN 1
1 PENNSYLVANIA PLAZA
NEW YORK, NY 10119

Dated: November 22, 2024

ROLNICK KRAMER SADIGHI LLP

By: */s/ Richard A. Bodnar*
Richard A. Bodnar

*Attorneys for the RKS Claimants*

ROLNICK KRAMER SADIGHI LLP
PENN 1
1 PENNSYLVANIA PLAZA
NEW YORK, NY 10119