**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (650) 636 9251

**LATHAM & WATKINS LLP**
Joshua G. Hamilton (#199610)
(joshua.hamilton@lw.com)
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: 424 653 5500

**LATHAM & WATKINS LLP**
James E. Brandt (*pro hac vice*)
(james.brandt@lw.com)
1271 Avenue of the Americas
New York, NY 10020
Tel: 212 906 1200

*Attorneys for the Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) (Jointly Administered) <br><br> **REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER AUTHORIZING REORGANIZED DEBTORS TO EXCEED THE 250 CLAIM PER OMNIBUS OBJECTION LIMIT** <br><br> [No hearing requested] |

PG&E hereby submits this reply in support of its *Ex Parte* Application for an order lifting the 250-claim limit for an omnibus objection (the "**Application**"). ECF No. 14652.[1]

I. ARGUMENT

The RKS Claimants have no real objection to the relief PG&E seeks in the Application, which is an administrative request to file one omnibus objection to the 474 claims asserted by the approximately 54 remaining RKS Claimants instead of pointlessly filing two identical objections, each directed to 250 or fewer of those claims.

The RKS Claimants' Opposition, ECF No. 14656, ignores this administrative relief entirely and instead argues that PG&E's Supplemental Omnibus Objection is procedurally improper. On that basis alone, the Application should be granted. The RKS Claimants' argument is not only misplaced—it has nothing to do with the relief sought in the Application (whether PG&E has to file two identical objections instead of one)—it is also asking the Court to adopt a position that would vitiate PG&E's due process rights and render meaningless the last year of motion practice regarding whether the RKS Claimants failed to state a claim. In substance, the RKS Claimants' position is that the Court granted the RKS Claimants carte blanche to amend the RKS Amendment in any way they deem fit—*i.e.*, to add allegations, claims, or in this case, add back in three corrective disclosures and stock drops that the Court already dismissed—without PG&E having any recourse to challenge whether these new allegations fail still to state a claim. In other words, the past year of briefing would have been a complete waste of the Parties' and the Court's time and effort because the RKS Claimants could plead anything to resuscitate their claims, and PG&E (and the Court) would be powerless to challenge those amended claims.

Of course, the RKS Claimants' backwards interpretation of the Court's Order is a self-serving maneuver to deprive PG&E of its right to challenge the RKS SAC's amended allegations. Importantly, and consistent with the Court's Order, PG&E's Supplemental Omnibus Objection was aimed only at the RKS Claimants' new allegations; PG&E does not seek to "renew" or re-litigate any of the arguments it previously made. *See* Order at 3 (noting that the Court would not consider

---

[1] Defined terms not defined herein have the meaning ascribed to them in the Application and in PG&E's Supplemental Omnibus Objection, ECF No. 14649.

"*renewed* attempts by PG&E to dismiss" the allegations in the RKS Amendment) (emphasis added).

Finally, allowing PG&E to file its Supplemental Omnibus Objection has absolutely no impact on the case schedule or discovery, which was the Court's main concern in its Order. Order at 3. If anything, sustaining PG&E's Supplemental Omnibus Objection will streamline discovery to focus only on the alleged corrective disclosures and stock drops that the Court deems sufficiently pled.

## II. CONCLUSION

The RKS Claimants' Opposition is procedurally improper and substantively wrong. The Application should be granted.

Dated: November 22, 2024

                                  **WEIL, GOTSHAL & MANGES LLP**
                                  **LATHAM & WATKINS LLP**
                                  **KELLER BENVENUTTI KIM LLP**

                                  By: /s/ *Michael J. Reiss*
                                          Michael J. Reiss

                                  *Attorneys for Debtors and Reorganized Debtors*