Entered on Docket
December 2, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALVEZ,<br><br>          Appellant,<br><br>   v.<br><br>PG&E CORPORATION,<br><br>          Appellee. | Case No.  23-cv-05555-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

Pending before the Court is a motion to dismiss pro se Appellant Enrique Galvez's purported bankruptcy appeal.  Dkt. No. 4.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

## I.      BACKGROUND

In January 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California.  PG&E's Plan of Reorganization was confirmed by the Bankruptcy Court in June 2020, and became effective on July 1, 2020.  As part of the Plan, all fire claims against PG&E were to be discharged pursuant to an injunction and adjudicated and paid through the Fire Victim Trust.  *See In re PG&E*, Bankruptcy Case No. 19-30088 (DM), Dkt. No. 8053-2 at 50, 57, 67–68, 83–89.[1]  Under the Plan, "only the parties who timely submitted an objection to the Fire Victim Trust Documents . . . have the right to seek court review" of a claim.  *See id.* at 26; *see also* Bankr. Dkt. No. 8057-1, Ex. A (Fire Victim Trust Agreement) at 63–67; Bankr. Dkt. No. 8235.

---

[1] For ease of reference, the Court refers to the PDF pages rather than the documents' internal pagination unless otherwise specified.

United States District Court
Northern District of California

1    Mr. Galvez did not submit such an objection.  *See* Bankr. Dkt. No. 8053 at 26, n.7.  His claim,

2    therefore, is governed by the Fire Victim Trust Agreement and its Claims Resolution Procedures

3    ("CRP").  *See id.* at 23–24; *see also* Bankr. Dkt. No. 8053-1 at 68; Bankr. Dkt. No. 8057-1, Ex. A

4    at 53–69 (CRP).

5            Under the CRP, after the Trust fully evaluates a claim, the claimant will receive a

6    "Determination Notice" explaining the result of the review, including an approved claim amount.

7    *See* Bankr. Dkt. No. 8057-1, Ex. A at 59–60.  If a claimant is dissatisfied with the determination,

8    he may dispute the determination and provide supplemental documentation.  *See id.* at 61–62.  The

9    Trust will then follow a three-tiered process for further review:

10           • **Reconsideration.**  The Claims Administrator and Claims Processor will review the

11              claim and any newly submitted documentation and issue a reconsideration

12              determination.

13           • **Appeal.**  A claimant may appeal the reconsideration determination, and the

14              Appeals Officer will review the claim *de novo*.  The Appeals Officer may

15              determine whether the appeal should be considered by a Neutral from the Complex

16              Panel.

17           • **Trustee Determination.**  The Neutral will submit an Appeals Determination to the

18              Trustee increasing, decreasing, or confirming the reconsideration determination.

19    *Id.* at 62.

20           Mr. Galvez availed himself of this process.  In October 2020 Mr. Galvez submitted a

21    claims questionnaire to the Fire Victims Trust based on the Tubbs wildfire in Santa Rosa,

22    California.  *See* Dkt. No. 3, Ex. Q at 374–395.  The Trust initially calculated an aggregate claim

23    amount of $8,121.06, which included $5,000 for loss of personal property in a storage unit, $3,000

24    for loss of income as a result of the fires, and $121.06 in statutory prejudgment interest.  *See id.*,

25    Ex. FF at 465–76.  Mr. Galvez disputed this claim determination.  On reconsideration, the Trust

26    calculated an aggregate claim of $79,828.07.  *See id.*, Ex. JJ at 499–510.  Mr. Galvez filed a notice

27    of appeal of the reconsideration determination.  Following review of the claim, a randomly chosen

28    neutral issued an appeals determination to the Trustee for consideration.  On October 10, 2023, the

United States District Court
Northern District of California

Trustee issued a Trustee Determination Notice, concluding that the reconsideration determination should remain in place. *See id.*, Ex. NN at 538–550. Consistent with the CRP, Section VI of the Trustee Determination Notice states: "The Trustee's Determination above is final, binding, and non-appealable and is not subject to review by any Court." *Id.* at 540. Nevertheless, Mr. Galvez filed a notice of appeal with the bankruptcy court shortly after receiving the Trustee Determination Notice. *See* Bankr. Dkt. No. 14098. A clerk for the bankruptcy court issued a "Notice of Deficiency" because Mr. Galvez failed to pay the filing fee. *See* Bankr. Dkt. No. 14099. Mr. Galvez does not appear to have cured this deficiency. Instead he filed this case, styled as a "Notice of Appeal from Bankruptcy Court." Dkt. No. 1. He later filed an appendix styled as the "designated record on appeal from bankruptcy court." Dkt. No. 3. The Fire Victim Trustee has moved to dismiss the appeal. Dkt. No. 4.

## II.    DISCUSSION

Since filing this purported appeal and appendix, Mr. Galvez has not responded to the motion to dismiss or this Court's orders. Pursuant to Civil L.R. 7-3(a), any opposition to the motion was due on January 23, 2024. But Mr. Galvez failed to file any opposition. The Court issued an order to show cause why the motion to dismiss should not be granted in light of Mr. Galvez's failure to respond. *See* Dkt. No. 8. But as of the date of this order, Mr. Galvez still has not responded to the order to show or the underlying motion to dismiss.

In any event, it is clear that Mr. Galvez is not appealing a final judgment, order, or decree of the bankruptcy court. *See* 28 U.S.C. § 158. There is no bankruptcy court order from which to appeal. Rather, Mr. Galvez is seeking judicial review of the final determination of his claim by the Fire Victim Trust. *See* Dkt. No. 1. As explained above, the Trust contains its own dispute resolution process. *See* Bankr. Dkt. No. 8053 at 26, n.7; Bankr. Dkt. No. 8057-1, Ex. A (Fire Victim Trust Agreement) at 63–67; Bankr. Dkt. No. 8235. Mr. Galvez appears to have exhausted his appeals under the Trust's CRP, and this Court has no jurisdiction to review his claim. *Id.*

//

//

//

3

### III.     CONCLUSION

Accordingly, the Court **GRANTS** the motion to dismiss and **DISMISSES** the appeal.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   7/30/2024

_____

HAYWOOD S. GILLIAM, JR.
United States District Judge

4