

Signed and Filed: December 3, 2024

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

PG&E CORPORATION,

- and -

PACIFIC GAS AND ELECTRIC COMPANY,

Reorganized Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088-DM

Chapter 11

Jointly Administered

**ORDER (1) GRANTING EX PARTE MOTION FOR ORDER AUTHORIZING REORGANIZED DEBTORS TO EXCEED THE 250 CLAIM PER OMNIBUS OBJECTION LIMIT AND (2) DENYING 40TH OMNIBUS OBJECTION TO CLAIMS ADOPTING THE SECOND RKS AMENDMENT WITHOUT PREJUDICE**

The court has reviewed Reorganized Debtors' Ex Parte Motion for Order Authorizing Reorganized Debtors to Exceed the 250 Claim Per Omnibus Objection Limit (Dkt. 14652); RKS Claimants' Objection to Ex Parte Motion for Order Authorizing Debtors to Exceed the 250 Claim Per Omnibus Objection Limit (Dkt. 14656);

and Reorganized Debtors' Reply in Support of Ex Parte Motion for Order Authorizing Debtors to Exceed the 250 Claim Per Omnibus Objection Limit (Dkt. 14659).

The court agrees with Reorganized Debtors that exceeding the 250 claim limit set forth in the Securities Omnibus Objection Procedures (Dkt. 10015) is a matter of efficiency, as Reorganized Debtors' Fortieth Securities Claims Limited Supplemental Omnibus Objection to Claims Adopting the Second RKS Amendment ("Fortieth Omnibus Objection") (Dkt. 14649) would remain the same as to all claims whether Reorganized Debtors had to split the Fortieth Omnibus Objection into two Omnibus Objections to encompass all claims. Doing in two omnibus objections makes even less sense because all of the claimants are represented by the same counsel.

The court also agrees with the RKS Claimants that the hearing set by Reorganized Debtors on the Fortieth Omnibus Objection for January 14, 2025, is an attempt to circumvent the court's clear directive that it would not entertain further motions to dismiss at this stage of the Securities Claims Objections process (See Dkt. 14593 at 3). While it is appropriate that the Reorganized Debtors preserve the objections contained in the Fortieth Omnibus Objections, those objections may be heard and disallowed on a motion for summary judgment pursuant to the current schedule entered by the court. They may not be challenged as a motion to dismiss, as is clear what Reorganized Debtors attempt by the prayer at the conclusion of Dkt. 14649: "PG&E respectfully requests that the Court dismiss or strike the RKS Claimants' allegations"

Accordingly, the court HEREBY ORDERS:

1. Ex Parte Motion for Order Authorizing Reorganized Debtors to Exceed the 250 Claim Per Omnibus Objection Limit is granted;
2. The Fortieth Omnibus Objection is denied without prejudice as it contravenes the Order Setting Schedule for Pre-Trial and Adjudication of Securities Fraud Claims (Dkt. 14643);
3. The hearing on the Fortieth Omnibus Objection set for January 14, 2025, is dropped from the court's calendar; and
4. The Reorganized Debtors' rights regarding the Fortieth Omnibus Objection are reserved.

**\*\*END OF ORDER\*\***