Entered on Docket
December 4, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICEWATERHOUSECOOPERS LLP,<br><br>Plaintiff,<br><br>v.<br><br>PG&E FIRE VICTIM TRUST,<br><br>Defendant. | Case No. 21-cv-07118-HSG<br><br>**ORDER DENYING LEAVE TO APPEAL**<br><br>Re: Dkt. No. 1 |

Before the Court is PricewaterhouseCoopers LLP's ("PwC") motion for leave to appeal an order of the Bankruptcy Court that compels PwC to comply with a subpoena. *See* Dkt. Nos. 1 ("Appeal Mot."), 4 ("Opp. Appeal Mot.").[1] This matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). PwC's Motion for Leave to Appeal is **DENIED.**

**I.   BACKGROUND**

**A.   PG&E's Bankruptcy and Chapter 11 Plan**

On January 29, 2019 PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company (together with PG&E Corp., "PG&E" or "Debtors") commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court"). Significantly, PG&E needed to propose a plan of reorganization that satisfied the requirements of A.B. 1054. In light of the "increased risk of catastrophic wildfires," A.B. 1054 created the "Go-Forward Wildfire Fund" as a multi-billion dollar safety-net to compensate future victims of public

---

[1] "BR Dkt. No." references are to the Bankruptcy Court's docket, Case No. 19-30088 (DM) (Bankr. N.D. Cal.). "Dkt. No." references are to this Court's docket.

utility fires by "reduc[ing] the costs to ratepayers in addressing utility-caused catastrophic wildfires," supporting "the credit worthiness of electrical corporations," like PG&E, and providing "a mechanism to attract capital for investment in safe, clean, and reliable power for California at a reasonable cost to ratepayers." A.B. 1054 § 1(a).

For PG&E to qualify for the Go-Forward Wildfire Fund, however, A.B. 1054 required, among other things, PG&E to obtain an order from the Bankruptcy Court confirming a plan of reorganization by June 30, 2020. *See* A.B. 1054 § 16, ch. 3, 3292(b). After more than sixteen months of negotiations among a variety of stakeholders, and following confirmation hearings that spanned several weeks, the Debtors' Plan of Reorganization dated June 19, 2020 ("Plan") was confirmed by the Bankruptcy Court on June 20, 2020, and became effective on July 1, 2020 ("Effective Date").

B. **Fire Victim Trust**

The Bankruptcy Court's Order confirming the Plan authorized the Plan proponents to establish a trust (the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay all claims of fire victims. *See* BR Dkt. No. 8053-1. PG&E accordingly assigned to the Trust its claims against third parties relating to the causes of the Fires and charged the Trustee with prosecuting or settling all such claims on behalf of the Trust. B R Dkt. No. 8048 §§ 1.6(d), 1.8, 6.7(a), 6.8(a). Specifically, PG&E assigned to the Trust its claims against, among others, "[p]ersons that provided services, directly or indirectly, to either of the Debtors in connection with budget or capital allocations" and "[p]ersons that provided services, directly or indirectly, to either of the Debtors in connection with compliance with laws, rules, or regulations governing distribution or transmission operations." BR Dkt. No. 7711-1 ¶ 1 (o) & (r).

C. **Rule 2004 Subpoena**

In March 2020, before the Plan was confirmed, the Official Committee of Tort Claimants (the "TCC") served a subpoena on PwC in accordance with Fed. R. Bankr. P. 2004 ("Rule 2004 Subpoena"), demanding production of certain documents. *See* BR Dkt. Nos. 6351 and 6473. After the Plan was confirmed, the Bankruptcy Court ordered that the Fire Victim Trust, through its Trustee, assume the TCC's rights and responsibilities to enforce the Rule 2004 Subpoena. *See* BR

Dkt. No. 8480.

PwC objected to the Rule 2004 Subpoena on overbreadth, burden, and privilege grounds, which resulted in several discovery conferences before the Bankruptcy Court. *See* Appeal Mot. at 4. On August 11, 2021, the Bankruptcy Court entered an order compelling PwC to comply with the Rule 2004 Subpoena and produce certain categories of documents requested by the Trustee. BR Dkt. No. 11055 ("August 11 Order"). The August 11 Order also directed the parties to submit letter briefs regarding the Trustee's request for PwC's documents "relating to the General Rate Case, meaning PwC's work product generated in connection with that engagement, including advice, recommendations, analysis, and/or reports to PG&E, during the time period 2013 through March 17, 2020" ("GRC Documents"). *See id.*

On August 24, 2021, the Bankruptcy Court entered an order compelling PwC to produce the GRC Documents ("August 24 Order"). BR Dkt. No. 11145. Shortly afterwards, PwC filed a motion for leave to appeal the August 24 Order and a motion for stay pending appeal. BR Dkt. Nos. 11200, 11201. The Bankruptcy Court denied PwC's Motion for Stay and directed PwC to comply with its August 24 Order. BR Dkt. No. 11285.

## II.     LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a). In the Ninth Circuit, "[t]he test for finality in bankruptcy typically asks two questions: (1) whether the bankruptcy court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it resolves and seriously affects substantive rights." *In re Liu*, 611 B.R. 864, 870 (B.A.P. 9th Cir. 2020) (citations and quotation marks omitted).

A non-final bankruptcy court order can be reviewed on appeal only if this Court grants leave to appeal under 28 U.S.C. § 158(a)(3). *See also* Fed. R. Bankr. P. 8002, 8004(a)(2)(b). As the Ninth Circuit has held, interlocutory appeals should be allowed "sparingly and only in exceptional circumstances." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Leave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists,

and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *See id.* In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. Section 1292(b) governing review of interlocutory district court orders by the courts of appeal. *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001); *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10, 2014).

### III.  DISCUSSION

For the Court to hear PwC's appeal one of two conditions must be met. Either the August 24 Order is a final order appealable as of right, or this Court must, in its discretion, grant leave to appeal an interlocutory order. *See* 28 U.S.C. § 158(a). Because neither of these conditions is met, the Court declines to hear PwC's appeal.

First, the August 24 Order is not a final order that PwC may appeal as of right. Rather, it is a run-of-the-mill discovery order that compels the production of documents but does not resolve or seriously affect substantive rights. *See In re Perez*, No. 21-CV-83 JLS (MSB), 2021 WL 1626335, at *3 (S.D. Cal. Apr. 27, 2021) ("The bankruptcy court's orders granting Appellee's discovery motions and awarding costs are not final orders that Appellant may appeal as of right."); *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) ("Discovery orders ... are interlocutory and thus not usually subject to immediate appeal."); *In re Tullius*, 500 F. App'x 286, 289 (5th Cir. 2012) ("[F]ederal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right.").

And there is no basis to grant interlocutory review because PwC's appeal plainly does not raise a controlling question of law as to which a substantial ground of difference of opinion exists. *Cement*, 673 F.2d at 1026. A substantial ground for difference of opinion exists, for instance, "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). PwC's challenge, by contrast, clearly turns on the granular and fact-intensive (but entirely routine) question of whether the documents sought are sufficiently related to the alleged

1  substantive claims to be discoverable. And far from serving judicial economy, granting PwC
2  leave to appeal would further delay an already prolonged discovery dispute. In short, this ordinary
3  discovery dispute does not present the kind of "exceptional circumstance" that warrants
4  interlocutory review. *See id.* The Court accordingly declines to exercise its discretion to hear
5  PwC's appeal.

## IV. CONCLUSION

The Motion for Leave is **DENIED.** The Clerk is directed to close this appeal and terminate the case.

**IT IS SO ORDERED.**

Dated: 2/2/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge