WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
David A. Taylor (#247433)
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
425 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CLAIMANTS WITH RESPECT TO CLAIM NOS. 109928, 109929, 109930, 109931, 109932**<br><br>[No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and SEI Global Master Fund plc-Global Managed Volatility Fund, SEI Institutional Investments Trust-Global Managed Volatility Fund, SEI Institutional Investments Trust-US Managed Volatility Fund, SEI Institutional Managed Trust-Global Managed Volatility Fund, and SEI Institutional Managed Trust-US Managed Volatility Fund (collectively, the "**Claimants**"), whose securities claims, Claim Nos. 109928, 109929, 109930, 109931, and 109932 (together, the "**Proofs of Claim**"), were filed on behalf of Claimants by Allspring Global Investments ("**Allspring**") as authorized, hereby submit this stipulation (the "**Stipulation**"). Claimants, by and through their authorized agent, Allspring, and the Reorganized Debtors (collectively, along with Allspring, the **"Parties"**) hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019, Debtors each commenced with the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") a voluntary case for relief under chapter 11 of title 11 of the United States Code, which Chapter 11 Cases have been consolidated for procedural purposes only under the lead case styled: *PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088*;

B. On June 20, 2020, the Bankruptcy Court entered an Order [Dkt No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt No. 8048] (as may be further modified, supplemented, or amended from time to time, and together with all schedules and exhibits thereto, the "**Plan**"). The Plan became effective on July 1, 2020;

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020.

C. Pursuant to the Bankruptcy Court's orders, securities claimants, including Claimants, were required to file proofs of claim on or before April 16, 2020 (*see, e.g.*, Dkt. No. 5943);

D. On September 15, 2023, Allspring filed the Proofs of Claim on behalf of Claimants, copies of which are attached hereto as **Exhibit A**. The Proofs of Claim amended proofs of claim numbers 100996, 101006, 101755, and 102420, each of which has been expunged [Dkt. No. 14378];

E. On December 13, 2023, Reorganized Debtors filed the *Reorganized Debtors' Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims)* [Dkt. No. 14213] (the "**Omnibus Objection**"), which included an objection to the Proofs of Claim on the ground that the Proofs of Claim did not "assert the basic legal and factual allegations required to plead a claim under the federal securities laws" (*id.* at 2);

F. On March 21, 2024, the Reorganized Debtors filed the *Reorganized Debtors' Report on Responses to Thirty-Seventh Securities Claims Omnibus Objection (Insufficient Substantive Allegations Claims) and Request for Order by Default* [Dkt. No. 14372], pursuant to which Reorganized Debtors continued the Omnibus Objection as to the Proofs of Claim to allow Reorganized Debtors and Claimants, including by and through Allspring, the opportunity to resolve the Proofs of Claim;

G. Claimants no longer wish to prosecute their securities claims as set forth in the Proofs of Claim; and

H. Allspring, which filed the Proofs of Claim, is authorized to prosecute and resolve the Proofs of Claim.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT**:

1. The Proofs of Claim are withdrawn with prejudice.

2. Claimants agree to release each of the Debtors and Reorganized Debtors and their respective estates, predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, and their respective current and former directors, officers, employees, representatives, insurers, underwriters, attorneys, and shareholders (including, but not limited to, the defendants in *In re PG&E Corp. Securities Litigation*, No. 18-3509 (N.D. Cal.) (the "**Securities Litigation**") (all of the foregoing being referred to collectively as the "**Released Parties**"), from the Securities Claims and from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, costs, judgments, liabilities, or causes of action of any kind whatsoever (including any claims for postpetition interest), whether at law or in equity, whether matured or unmatured, and whether now known or unknown, liquidated or unliquidated, that Claimants, and their estates, predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, and representatives, have, may have had, asserted or may have asserted, against the Released Parties on behalf of themselves or any other person or entity, related to the Securities Claims (including, but not limited to, claims arising under the federal securities laws, including Section 11 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934, as asserted in the Securities Litigation) or arising from or related to the purchase, sale, disposition, or holding of any of PG&E's securities up to and including the Effective Date.

3. This Stipulation shall be binding on the Parties and each of their successors in interest.

4. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

6. Allspring and the Claimants acknowledge and agree that the Reorganized Debtors or their agents are authorized to adjust the official claims register to reflect the withdrawal of the Proofs of Claim.

Dated: December 17, 2024

| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | ALLSPRING GLOBAL INVESTMENTS |
|---|---|
| /s/    Richard W. Slack<br>Richard W. Slack | /s/    Lloyd Lipsett<br>Lloyd Lipsett |
| *Attorneys for Debtors*<br>*and Reorganized Debtors* | *Allspring Global Investments and Claimants'*<br>*Authorized Representative* |