

**1**

**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)

**2**
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)

**3**
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)

**4**
(matthew.goren@weil.com)
767 Fifth Avenue

**5**
New York, NY 10153-0119
Tel:     (212) 310-8000

**6**
Fax:     (212) 310-8007

**7**
**KELLER BENVENUTTI KIM LLP**
Jane Kim (#298192)

**8**
(jkim@kbkllp.com)
David A. Taylor (#247433)

**9**
(dtaylor@kbkllp.com)
Thomas B. Rupp (#278041)

**10**
(trupp@kbkllp.com)
425 Market Street, 26th Floor

**11**
San Francisco, CA 94105
Tel:     (415) 496-6723

**12**
Fax:     (415) 636-9251

**13**
*Attorneys for Debtors and*
*Reorganized Debtors*

**14**

Signed and Filed: December 18, 2024

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**15**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**16**

**17**
In re:

**18**
**PG&E CORPORATION,**

**19**
- and -

**20**
**PACIFIC GAS AND ELECTRIC COMPANY,**

**21**
**Debtors.**

**22**
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company

**23**
☑ Affects both Debtors

**24**
* *All papers shall be filed in the Lead Case,*
*No. 19-30088 (DM).*

**25**

**26**

**27**

**28**

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CLAIMANTS WITH RESPECT TO CLAIM NOS. 109928, 109929, 109930, 109931, 109932**

The Court having considered the *Stipulation By And Between Reorganized Debtors And Claimants With Respect to Claims No. 109928, 109929, 109930, 109931, and 109932*, dated December 17, 2024 [Dkt. No. 14671] (the "**Stipulation**"), entered into by PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), on the one hand, and SEI Global Master Fund plc-Global Managed Volatility Fund, SEI Institutional Investments Trust-Global Managed Volatility Fund, SEI Institutional Investments Trust-US Managed Volatility Fund, SEI Institutional Managed Trust-Global Managed Volatility Fund, and SEI Institutional Managed Trust-US Managed Volatility Fund (collectively, the "**Claimants**"), whose securities claims, Claim Nos. 109928, 109929, 109930, 109931, and 109932 (together, the "**Proofs of Claim**"), were filed on behalf of Claimants by Allspring Global Investments ("**Allspring,**" and together with the Reorganized Debtors, the "**Parties**") as authorized, on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1.      The Proofs of Claim are deemed withdrawn with prejudice.

2.      Claimants release each of the Debtors and Reorganized Debtors and their respective estates, predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, and their respective current and former directors, officers, employees, representatives, insurers, underwriters, attorneys, and shareholders (including, but not limited to, the defendants in *In re PG&E Corp. Securities Litigation*, No. 18-3509 (N.D. Cal.) (the "**Securities Litigation**") (all of the foregoing being referred to collectively as the "**Released Parties**"), from the Securities Claims and from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, costs, judgments, liabilities, or causes of action of any kind

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020.

whatsoever (including any claims for postpetition interest), whether at law or in equity, whether matured or unmatured, and whether now known or unknown, liquidated or unliquidated, that Claimants, and their estates, predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, and representatives, have, may have had, asserted or may have asserted, against the Released Parties on behalf of themselves or any other person or entity, related to the Securities Claims (including, but not limited to, claims arising under the federal securities laws, including Section 11 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934, as asserted in the Securities Litigation) or arising from or related to the purchase, sale, disposition, or holding of any of PG&E's securities up to and including the Effective Date.

3. The Stipulation is binding on the Parties and each of their successors in interest.

4. The Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or any Order approving the terms of the Stipulation.

6. Reorganized Debtors or their agents are authorized to adjust the official claims register to reflect the withdrawal of the Proofs of Claim.

APPROVED AS TO FORM AND CONTENT:

Dated: December 17, 2024

ALLSPRING GLOBAL INVESTMENTS

/s/    *Lloyd Lipsett*
Lloyd Lipsett

*Allpring Global Investments and*
*Claimants' Authorized Representative*

** END OF ORDER **